QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. TO STRIKE CARTER BRYANT'S AFFIRMATIVE DEFENSES (NOS. 1, 2, 3, AND 5) UNDER FED. R. CIV. P. 12(F); AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of B. Dylan Proctor filed concurrently]<br><br>Date:    December 17, 2007<br>Time:   10:00 a.m.<br>Place:  Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:         May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2007, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will, and hereby does, move the Court, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking Carter Bryant's Affirmative Defense Nos. 1, 2, 3, and 5 to Mattel's Second Amended Answer and Counterclaims.

This Motion is made on the grounds that:  (1) Bryant's First, Second, Third, and Fifth Affirmative Defenses are insufficient as a matter of law; and (2) Bryant's affirmative defenses would prejudice Mattel if allowed to stand as currently pleaded.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the pleadings and other papers on file in this action, any matters of which this Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

### Certification of Local Rule 7-3 Compliance

The parties met and conferred on the matters in this motion on October 30, 2007, and thereafter, pursuant to Local Rule 7-3.


DATED: November 8, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                 By /s/ John B. Quinn
                                    John B. Quinn
                                    Attorneys for Plaintiff
                                    Mattel, Inc.

07209/2207460.10

MATTEL'S MOTION TO STRIKE BRYANT'S AFFIRMATIVE DEFENSES

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

PRELIMINARY STATEMENT .................................................................................. 1

BACKGROUND .......................................................................................................... 1

ARGUMENT ................................................................................................................ 6

I.       SEVERAL OF BRYANT'S AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW ................................................ 6

     A.       Bryant's Estoppel Defense Is Insufficient As A Matter of Law ............ 8

     B.       Bryant's Waiver Defense Is Insufficient As A Matter Of Law ............. 11

     C.       Bryant's Allegations Do Not Support A Consent Defense ................... 12

     D.       Bryant's Unclean Hands Defense Is Insufficient ................................. 13

II.      MATTEL WILL SUFFER PREJUDICE IF BRYANT'S AFFIRMATIVE DEFENSES ARE NOT STRICKEN ................................. 14

     A.       Mattel Need Not Show Prejudice ........................................................ 15

     B.       Mattel Will Be Prejudiced If The Defenses Are Not Stricken ............. 15

CONCLUSION ............................................................................................................ 16

# TABLE OF AUTHORITIES

**Page**

## Cases

A&M Records, Inc. v. Napster, Inc.,
239 F.3d 1004 (9th Cir. 2001) ................................................................. 11

April Enterprises, Inc. v. KTTV,
147 Cal. App. 3d 805 (1983) ...................................................................... 8

Bianchi v. State Farm Fire & Cas. Co.,
120 F. Supp. 2d 837 (N.D. Cal. 2000) ........................................................ 6

Bieter Co. v. Blomquist,
848 F. Supp. 1446 (D. Minn. 1994) ......................................................... 14

California Sch. Employees Ass'n v. Trustin Unified Sch. Dist.,
148 Cal. App. 4th 510 (2007) .................................................................. 13

California v. United States,
512 F. Supp. 36 (N.D. Cal. 1981) ............................................................ 15

Canadian St. Regis Band of Mohawk Indians v. New York,
278 F. Supp. 2d 313 (N.D.N.Y. 2003) ........................................................ 9

Couveau v. American Airlines, Inc.,
218 F.3d 1078 (9th Cir. 2000) ................................................................... 7

FSP, Inc. v. Societe Generale,
2005 WL. 475986 (S.D.N.Y. 2005) ............................................................ 9

F.T.C. v. Medicor LLC,
2001 WL. 765628 (C.D. Cal. 2001) ..................................................... 11, 12

Fantasy Inc. v. Fogerty,
984 F.2d 1524 (9th Cir. 1993) ................................................................. 15

Federal Deposit Ins. Corp. v. Crosby,
774 F. Supp. 584 (W.D. Wash. 1991) ........................................................ 6

Feezor v. Wal-Mart Stores, Inc.,
2006 WL. 220152 (S.D. Cal. 2006) ............................................................ 6

Fladeboe v. American Isuzu Motors, Inc.,
150 Cal. App. 4th 42 (2007) .................................................................... 13

Ganley v. County of San Mateo,
2007 WL. 902551 (N.D. Cal. 2007) .......................................................... 15

General Elec. Co. v. Superior Court,
45 Cal. 2d 897 (1955) ............................................................................ 13

Goehring v. Chapman Univ.,
   121 Cal. App. 4th 353 (2004) .......................................................................... 11, 12

Greenawalt v. Rogers,
   151 Cal. 630 (1907) ............................................................................................... 12

Heckler v. Community Health Servs.,
   467 U.S. 51 (1984) .................................................................................................. 9

Holden v. Hagopian,
   978 F.2d 1115 (9th Cir. 1992) ........................................................................... 9, 11

Jeong Soon v. Beckman,
   234 Cal. App. 2d 33 (1965) .................................................................................. 13

Kaiser Aluminum, Etc. v. Avondale Shipyards, Inc.,
   677 F.2d 1045 (5th Cir. 1982) ............................................................................... 6

Kendall-Jackson Winery, Ltd. v. Superior Court,
   76 Cal. App. 4th 970 (1999) ................................................................................. 13

Kling v. Hallmark Cards Inc.,
   225 F.3d 1030 (9th Cir. 2000) ................................................................................ 7

Kourtis v. Cameron,
   419 F.3d 989 (9th Cir. 2005) .................................................................................. 8

Los Angeles News Service v. Tullo,
   973 F.2d 791 (9th Cir. 1992) ................................................................................ 14

In re Napster, Inc. Copyright Litig.,
   191 F. Supp. 2d 1087 (N.D. Cal. 2002) ............................................................... 14

In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.,
   636 F. Supp. 1138 (C.D. Cal. 1986) ..................................................................... 14

Perma Life Mufflers, Inc. v. Int'l Parts Corp.,
   392 U.S. 134 (1968) .............................................................................................. 14

Qarbon.com Inc. v. eHelp Corp.,
   315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................................................................. 7

Ross v. CCS Intern. Ltd.,
   2000 WL. 1804103 (S.D.N.Y. 2000) ................................................................... 11

Scott v. Federal Life Ins. Co.,
   200 Cal. App. 2d 384 (1962) ............................................................................. 8, 10

Sidney-Vinstein v. A.H. Robins Co.,
   697 F.2d 880 (9th Cir. 1983) ................................................................................ 16

Skulnick v. Roberts Express, Inc.,
   2 Cal. App. 4th 884 (1992) ................................................................................ 9, 10

Smith v. Wal-Mart Stores,
   2006 WL. 2711468 (N.D. Cal. 2006) ................................................................... 16

Solano Concrete Co. v. Lund Constr. Co.,
    64 Cal. App. 3d 572 (1976) ................................................................. 11

Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors,
    786 F.2d 1400 (9th Cir. 1986) .............................................................. 14

Survivor Prod. LLC v. Fox Broadcasting Co.,
    2001 WL 35829270 (C.D. Cal. 2001) ................................................... 14

United States v. King Features Entm't, Inc.,
    843 F.2d 394 (9th Cir. 1988) ................................................................ 11

Western Mining Council v. Watt,
    643 F.2d 618 (9th Cir. 1981) (on a Rule 12(b)(6) ............................. 9, 11

## Statutes

Fed. R. Civ. P. 12(f) ............................................................... 2, 3, 6, 9, 10, 15

## Other Authorities

3 M. Nimmer, Nimmer on Copyright, § 13.09[B] at 13-145 (1988) ...................... 14

2 Schwing California Affirmative Defenses, § 32:3 (2007) .................................. 12

2 Schwing California Affirmative Defenses, § 32:5 (2007) .................................. 12

California Practice Guide:  Federal Civil Procedure Before Trial
    § 9:409 (The Rutter Group 2007) ........................................................ 15

Restatement (2d) of Torts § 892A(2) ................................................................ 12

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In his initial reply to Mattel's Counterclaims, Carter Bryant pled two dozen affirmative defenses without disclosing anything about those defenses other than their names, depriving Mattel of the fair notice to which it is entitled. After a conference of counsel, Bryant stipulated to amend that pleading and filed an amended reply on September 12, 2007. His amended reply, however, remained deficient, both because it still failed to provide fair notice of the basis of some defenses and because a number of the pleaded affirmative defenses were legally insufficient, including those that purported to resuscitate Bryant's already-rejected challenges to the enforceability of his Inventions Agreement with Mattel. Recognizing that, Bryant again stipulated to amend his pleading, including by withdrawing certain affirmative defenses, and filed a second amended reply on October 16, 2007.

Although the meet and confer process substantially narrowed the disputes between the parties, Bryant's reply continues to possess one glaring defect: Bryant pleads the equitable defenses of unclean hands, waiver, estoppel, and consent, but the facts he alleges in connection with these claimed defenses do not support them. Instead, Bryant essentially rehashes his laches allegations (which are themselves inadequate) to allegedly support these defenses. The allegations Bryant makes do not fit the defenses, and he clearly cannot allege anything more than he has (he has already amended twice). Therefore, the Court should strike these defenses as a matter of law, without leave to further amend.

### Background

Mattel's Second Amended Answer and Counterclaims. Mattel filed its Second Amended Answer and Counterclaims on July 12, 2007, asserting thirteen counterclaims against six named defendants, MGA Entertainment, Inc. ("MGA"), Isaac Larian, MGA Entertainment (HK) Ltd., MGAE de Mexico S.R.L. De C.V.,

Carlos Gustavo Machado Gomez ("Machado"), and Bryant.[1]  Mattel's counterclaims against Bryant include claims of copyright infringement, violation of RICO, conspiracy to violate RICO, breach of contract, breach of fiduciary duty, breach of duty of loyalty, conversion, and unfair competition.[2]  Mattel alleges, among other things, that Bryant conceived, created, and developed Bratz designs while employed by Mattel as a designer and wrongfully sold Bratz to MGA while he was a Mattel employee, and that, as the rightful owner of Bratz designs under the Inventions Agreement, Mattel is entitled to damages arising from Bryant's and other Defendants' infringement of copyrights in those designs.[3]

> Bryant's Reply.  Bryant filed his Reply to Mattel's Second Amended Answer and Counterclaims on August 13, 2007, denying Mattel's allegations and asserting twenty-two affirmative defenses.[4]  Bryant failed to provide any notice of the nature of his defenses beyond the mere labels of the defenses themselves in that Reply.[5]  Accordingly, Mattel requested a conference of counsel regarding a contemplated motion to strike the defenses pursuant to <u>Fed. R. Civ. P.</u> 12(f).[6] Following a conference of counsel, Bryant stipulated to amend his reply to Mattel's counterclaims.[7]

---

[1]   Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, Volume I, dated July 12, 2007 ("Mattel's Counterclaims"), attached as Exhibit 11 to the Declaration of B. Dylan Proctor, dated November 8, 2007 ("Proctor Dec.").

[2]   <u>Id</u>. at ¶¶ 82-105, 116-121, 129-135, 142-148, 155-166.

[3]   <u>Id</u>. at ¶¶ 82-87.

[4]   Carter Bryant's Reply to Mattel's Counterclaims, dated August 13, 2007, at 15-17, Proctor Dec., Exh. 1.

[5]   <u>See id</u>.

[6]   <u>See</u> Letter from Dylan Proctor to Michael Page, Diana Torres, and James Spertus, dated August 22, 2007, Proctor Dec., Exh. 2.

[7]   <u>See</u> Stipulation and Order Regarding Carter Bryant's Reply to Mattel's Counterclaims, dated September 5, 2007, Proctor Dec., Exh. 5.

Bryant filed his Amended Reply to Mattel's Second Amended Answer and Counterclaims on September 12, 2007, this time asserting seventeen instead of twenty-two affirmative defenses.[8]  However, a number of Bryant's affirmative defenses still were insufficient as a matter of law, including several which the Court had expressly rejected when Bryant raised them as counterclaims, and Bryant still did not provide fair notice of several of his defenses.[9]  Accordingly, Mattel again requested a conference of counsel regarding a contemplated Rule 12(f) motion to strike the defenses.[10]  Following the conference, Bryant again agreed to amend his reply to Mattel's counterclaims, including by withdrawing his challenges to the enforceability of his agreements with Mattel.[11]

Bryant filed his Second Amended Reply to Mattel's Second Amended Answer and Counterclaims on October 16, 2007.[12]  Bryant's Second Amended Reply denies Mattel's allegations and raises fourteen affirmative defenses.  Although Bryant has not withdrawn his estoppel, waiver, consent, and unclean hands defenses, he has amended the allegations allegedly supporting them in an attempt to substantiate the defenses.  As currently pleaded, Bryant's unclean hands, waiver, estoppel, laches, and consent defenses are listed below, verbatim:

- First Affirmative Defense (Unclean Hands)

   Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands.  Mattel's conduct

---

[8]   Carter Bryant's Amended Reply to Mattel's Counterclaims, dated September 12, 2007, Proctor Dec., Exh. 6.

[9]   See id.

[10]   See Letter from Dylan Proctor to Michael Page, dated September 26, 2007, Proctor Dec., Exh. 7.

[11]   See Stipulation and Order Regarding Carter Bryant's Amended Reply to Mattel's Counterclaims, dated October 5, 2007, Proctor Dec., Exh. 8.

[12]   Carter Bryant's Second Amended Reply to Mattel's Counterclaims, dated October 16, 2007, ("Bryant's Second Amended Reply"), Proctor Dec., Exh. 9.

1   towards Bryant and MGA regarding the matters at issue in this

2   litigation has been unfair, and Mattel is undeserving of any relief

3   against Bryant.  In particular, Mattel believed from the time that

4   Bryant left Mattel's employ that he was going to perform work

5   for a Mattel competitor, and Mattel shortly thereafter began

6   investigating what it suspected to be wrongdoing in connection

7   with the Bratz dolls.  Yet, Mattel waited and said nothing while

8   the dolls were successfully (and at great cost) developed,

9   manufactured and sold, and only filed suit years later.

10   •   <u>Second Affirmative Defense (Waiver)</u>

11   Mattel's counterclaims, and each claim for relief, are barred by

12   the equitable doctrine of waiver.  In particular, Mattel believed

13   from the time that Bryant left Mattel's employ that he was going

14   to perform work for a Mattel competitor, and Mattel shortly

15   thereafter began investigating what it suspected to be wrongdoing

16   in connection with the Bratz dolls.  Yet, Mattel waited and said

17   nothing while the dolls were successfully (and at great cost)

18   developed, manufactured and sold, and only filed suit years later.

19   Mattel was aware of the relevant facts regarding Mr. Bryant's

20   work for MGA, but intentionally waived and chose to forgo

21   asserting any rights over the Bratz dolls until years later.  Mattel

22   has also tolerated conduct by other employees similar to the

23   alleged conduct by Bryant on which Mattel now bases its contract

24   and related claims.

25   •   <u>Third Affirmative Defense (Estoppel)</u>

26   Mattel's counterclaims, and each claim for relief, are barred by

27   the equitable doctrine of estoppel.  In particular, Mattel believed

28   from the time that Bryant left Mattel's employ that he was going

to perform work for a Mattel competitor, Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls, and was thus apprised of the relevant facts.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.  Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended.  Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper. Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment.  Accordingly, Mattel should be estopped from belatedly raising its claims.

- Fourth Affirmative Defense (Laches)

    Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches.  In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls.  Mattel was thus apprised of the relevant facts.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Accordingly, laches should bar Mattel from belatedly raising its claims.

- Fifth Affirmative Defense (Consent)

    Mattel's counterclaims, and each claim for relief, are barred by

the equitable doctrine of consent.  In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls.  Mattel was thus apprised of the relevant facts.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.  Mattel has also tolerated conduct by other employees similar to the alleged conduct by Bryant on which Mattel now bases its contract and related claims.

Each of these purported defenses fail as a matter of law and should be stricken.

## Argument

## I.   SEVERAL OF BRYANT'S AFFIRMATIVE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW

Where an affirmative defense is insufficient as a matter of law, it should be stricken under Rule 12(f).  See Fed. R. Civ. P. 12(f) ("the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"); see also, e.g., Bianchi v. State Farm Fire & Cas. Co., 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000) (motion to strike is proper where defense is insufficient as a matter of law); Feezor v. Wal-Mart Stores, Inc., 2006 WL 220152, at *1 (S.D. Cal. 2006) ("A 12(f) motion is proper 'when the defense is insufficient as a matter of law.'") (citing Kaiser Aluminum, Etc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982)); Federal Deposit Ins. Corp. v. Crosby, 774 F. Supp. 584, 585 (W.D. Wash. 1991) ("An affirmative defense may be stricken pursuant to Federal Rule of Civil Procedure 12(f) if it is insufficient as a matter of law. . . . An affirmative defense is insufficient if as a

1  matter of law it cannot succeed under any circumstances.").  To plead a valid

2  defense, a defendant must plead facts showing that the required elements of the

3  defense are satisfied.  See Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046,

4  1049 (N.D. Cal. 2004) (defendant must allege the factual basis, and state the

5  elements, of a defense).

6          Here, Bryant alleges allege unclean hands, waiver, estoppel, laches, and

7  consent.  In asserting these theories, Bryant has essentially taken a single factual

8  allegation and repackaged it with five separate names.  As to each, Bryant alleges:

9          Mattel believed from the time that Bryant left Mattel's employ that he

10         was going to perform work for a Mattel competitor, and Mattel shortly

11         thereafter began investigating what it suspected to be wrongdoing in

12         connection with the Bratz dolls.  Yet, Mattel waited and said nothing

13         while the dolls were successfully (and at great cost) developed,

14         manufactured and sold, and only filed suit years later.[13]

15  For his waiver and consent defenses, he includes an additional, vague allegation that

16  Mattel has "tolerated conduct by other employees similar to the alleged conduct by

17  Bryant on which Mattel now bases its contract and related claims."[14]  Aside from

18  this, Bryant offers only conclusory averments that consist of legal conclusions rather

19  than factual allegations.

20         Bryant's claim that Mattel unreasonably delayed bringing legal action

21  against him is at most relevant to his purported laches defense.  See Kling v.

22  Hallmark Cards Inc., 225 F.3d 1030, 1036 (9th Cir. 2000) ("Laches is an equitable

23  time limitation on a party's right to bring suit."); Couveau v. American

24  Airlines, Inc., 218 F.3d 1078, 1083 (9th Cir. 2000) (to prevail on laches defense,

25  defendant must show "both an unreasonable delay by the plaintiff and prejudice to

26  _____

27  [13]  Bryant's Second Amended Reply, at 15-17, Proctor Dec., Exh. 9.
28  [14]  Id. at 15, 17.

1   itself").  While Mattel is confident that any asserted laches defense will fail, Bryant's

2   allegations at least bear on that defense.[15]  But his allegations cannot support his

3   alleged estoppel, waiver, unclean hands or consent defenses as a matter of law --

4   they are not even relevant to those defenses.

5       A.   **Bryant's Estoppel Defense Is Insufficient As A Matter of Law**

6           Bryant raises estoppel as his Third affirmative defense.  Equitable

7   estoppel "is based on the theory that the party estopped has by his declarations or

8   conduct misled another to his prejudice so that it would be inequitable to allow the

9   true facts to be used against the party misled."  <u>Scott v. Federal Life Ins. Co.</u>,

10  200 Cal. App. 2d 384, 391 (1962).  Here, Bryant's allegations fail to satisfy the

11  necessary elements of an estoppel defense, which require that:  "(1) The party to be

12  estopped must be apprised of the facts; (2) he must intend that his conduct shall be

13  acted upon, or must so act that the party asserting the estoppel had a right to believe

14  _____

15      [15]   It is clear that Bryant's claim that Mattel unreasonably delayed filing suit is
    wholly without merit and indeed disingenuous.  He alleges that "Mattel believed
    from the time that Bryant left Mattel's employ that he was going to perform work for
16  a Mattel competitor."  Bryant's Second Amended Reply at 15, Proctor Dec., Exh. 9.
17  Even setting aside that Bryant told Mattel the opposite when he left, that Bryant
    went to work for MGA *after* leaving Mattel is not the predicate of Mattel's claims.
18  Rather, Mattel's claims are based, among other things, on the fact that Bryant
    worked with MGA on Bratz *while* employed by Mattel.  Mattel's claims thus did not
19  accrue until Mattel learned *this* information -- a date which is conspicuously absent
20  from Bryant's pleading.  <u>See, e.g.</u>, <u>Kourtis v. Cameron</u>, 419 F.3d 989, 999 (9th Cir.
    2005) (cause of action for copyright infringement accrues when one has knowledge
21  of a violation or is chargeable with such knowledge); <u>April Enterprises, Inc. v.
22  KTTV</u>, 147 Cal. App. 3d 805, 827 (1983) (statute of limitations for claims based on
    breach of fiduciary duty does not begin to run until plaintiff discovered or should
23  have discovered the facts essential to the cause of action).  Notably, this Court has
24  already held that Mattel's claims only "became more than merely speculative and in
    fact became probable" on November 24, 2003.  <u>See</u> Order Denying Motion for
25  Terminating Sanctions, dated August 27, 2007, at 3, Proctor Dec., Exh. 12.  As
26  Mattel filed its complaint against Bryant shortly thereafter on April 27, 2004,
27  Bryant's laches defense will fail.

28

MATTEL'S MOTION TO STRIKE BRYANT'S AFFIRMATIVE DEFENSES

it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury."  <u>Skulnick v. Roberts Express, Inc.</u>, 2 Cal. App. 4th 884, 890 (1992); <u>see also</u> <u>Heckler v. Community Health Servs.</u>, 467 U.S. 51, 59 (1984) ("the party claiming the estoppel must have relied on its adversary's conduct 'in such a manner as to change his position for the worse,' and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading").

Bryant attempts to satisfy these elements by relying on conclusory legal assertions.  Tracking the elements, he alleges that Mattel was "apprised of the relevant facts;" that "Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended;" and that "[s]hould Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment."[16] However, such conclusory averments cannot support a defense.  <u>See</u> <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981) (on a <u>Rule</u> 12(b)(6) motion to dismiss, court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations"); <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1121 (9th Cir. 1992) (conclusory allegations, unsupported by the facts alleged, need not be accepted as true on motion to dismiss); <u>Canadian St. Regis Band of Mohawk Indians v. New York</u>, 278 F. Supp. 2d 313, 332 (N.D.N.Y. 2003) (standard for <u>Rule</u> 12(f) motion to strike is "mirror image" of motion to dismiss under <u>Rule</u> 12(b)(6)); <u>FSP, Inc. v. Societe Generale</u>, 2005 WL 475986, at *8 (S.D.N.Y. 2005) (a <u>Rule</u> 12(f) motion is governed by the same standard as a <u>Rule</u> 12(b)(6) motion).

Bryant's remaining allegations -- his only genuine factual allegations -- do not establish the required estoppel elements.  Nor could they.  Mattel's alleged

---

[16]   Bryant's Second Amended Reply, at 16, Proctor Dec., Exh. 9.

conduct -- "investigating what it suspected to be wrongdoing in connection with the Bratz dolls" and then "waiting" before filing suit[17] -- is not something that Bryant "could reasonably believe that [Mattel] intended" Bryant would "act[] upon." <u>Scott</u>, 200 Cal. App. 2d at 391.  Bryant also fails to allege facts showing he *did* act upon Mattel's conduct -- he cannot plead detrimental reliance.  Indeed, Bryant does not even allege that he *knew* Mattel was "investigating what it suspected to be wrongdoing in connection with the Bratz dolls," let alone facts showing both that Mattel intended he should rely on its conduct and that he actually relied on Mattel's conduct.[18]

Bryant also does not sufficiently allege that Mattel knew the "true state of facts." <u>Skulnick</u>, 2 Cal. App. 4th at 890.  Bryant alleges that Mattel knew as of the year 2000 that Bryant was going to work for an alleged competitor, but even assuming that were true (and it is not) that is not sufficient knowledge to give rise to an estoppel -- Mattel could not have filed suit based merely on that.  Indeed, the Court has held that Mattel's claims only "became more than merely speculative and in fact became probable" on November 24, 2003.[19]  Investigating and not immediately filing suit simply does not give rise to an estoppel defense, and certainly not based on Bryant's allegations.  This defense should be stricken.  <u>See</u>

---

[17]  <u>Id</u>. at 16.

[18]  Bryant alleges Bratz dolls were further developed while Mattel "waited" while it "investigated," but that is not detrimental reliance.  Bryant has not suffered, and does not allege facts demonstrating that he suffered, any harm as a result of Mattel's alleged conduct.  Quite the opposite, he has greatly profited, and been unjustly enriched, from the development of the Bratz dolls.  Moreover, Bryant began designing and developing the Bratz dolls with MGA long before Mattel even became aware of their joint venture, and Bryant and MGA continued manufacturing and selling the dolls even after Mattel learned of -- and disclosed its investigation into -- this unlawful activity.  Hence, there is no alleged actual reliance, let alone detrimental reliance.

[19]  <u>See</u> Order Denying Motion for Terminating Sanctions, dated August 27, 2007, at 3, Proctor Dec., Exh. 12.

1  F.T.C. v. Medicor LLC, 2001 WL 765628, at *4 (C.D. Cal. 2001) (striking

2  affirmative defense of estoppel where elements of estoppel were not alleged); see

3  also Ross v. CCS Intern. Ltd., 2000 WL 1804103, at *4 (S.D.N.Y. 2000) (striking

4  waiver and consent defenses where defendants failed to demonstrate all of the

5  requisite elements of the defenses).

6  **B.     Bryant's Waiver Defense Is Insufficient As A Matter Of Law**

7          Bryant's Second affirmative defense of waiver should also be stricken.

8  For waiver to apply, "it must be shown that the party had knowledge of the right and

9  the intent to waive or forego it."  Solano Concrete Co. v. Lund Constr. Co., 64 Cal.

10 App. 3d 572, 575 (1976); see also A&M Records, Inc. v. Napster, Inc., 239 F.3d

11 1004, 1026 (9th Cir. 2001) (waiver of copyright "occurs only if there is an intent by

12 the copyright proprietor to surrender rights in his work"); United States v. King

13 Features Entm't, Inc., 843 F.2d 394, 399 (9th Cir. 1988) ("Waiver is the intentional

14 relinquishment of a known right with knowledge of its existence and the intent to

15 relinquish it."); Goehring v. Chapman Univ., 121 Cal. App. 4th 353, 386 (2004) ("A

16 finding of waiver requires clear and convincing evidence of intentional

17 relinquishment of a known right with awareness of the relevant facts.").

18         Bryant again seeks to establish his defense by relying on conclusory

19 allegations, claiming that "Mattel was aware of the relevant facts regarding

20 Mr. Bryant's work for MGA, but intentionally waived and chose to forgo asserting

21 any rights over the Bratz dolls until years later."[20]  As set forth above, however,

22 reliance on such conclusory assertions is improper.  See Watt, 643 F.2d at 624;

23 Holden, 978 F.2d at 1121.  The facts that Bryant vaguely alleges -- that Mattel

24 improperly delayed filing suit and that it "tolerated conduct by other employees

25 similar to the alleged conduct by Bryant on which Mattel now bases its contract and

26

27  _____

28     [20]  Bryant's Second Amended Reply, at 15, Proctor Dec., Exh. 9.

1  related claims" -- simply do not support a waiver defense.[21]  Mattel's supposed

2  failure to pursue other disloyal employees does not effect a waiver as to Bryant.

3  Moreover, mere alleged delay is not "clear and convincing evidence of intentional

4  relinquishment of a known right."  Goehring, 121 Cal. App. 4th at 386.  Bryant

5  simply does not allege this.[22]  The Court should strike this defense.

6      **C.     Bryant's Allegations Do Not Support A Consent Defense**

7          For his Fifth affirmative defense, Bryant pleads consent.  However, he

8  improperly gives no indication as to what Mattel purportedly consented.  See

9  F.T.C. v. Medicor LLC, 2001 WL 765628, at *3 (C.D. Cal. 2001) (striking consent

10  affirmative defense where it "offer[ed] Plaintiff no indication as to how consent

11  would bar [Plaintiff's] claims").  To show consent, Bryant must show that Mattel

12  consented to the particular misconduct at issue; that Mattel did so absent any fraud,

13  duress, undue influence, or mistake; and that Mattel never terminated its purported

14  consent.  See 2 Schwing California Affirmative Defenses, § 32:3 at 195 (2007) ("To

15  be a defense, the consent given must have been to the very act or circumstance that

16  caused the harm giving rise to the action.") (citing Restatement (2d) of Torts

17  § 892A(2)); see also Greenawalt v. Rogers, 151 Cal. 630, 635 (1907) ("consent is

18  not real or free when obtained through:  (1) Duress; (2) menace; (3) fraud; (4) undue

19  influence; or (5) mistake"); 2 Schwing California Affirmative Defenses, § 32:5 at

20  206 (2007) ("Once given, consent is only effective until terminated").  Bryant again

21  alleges none of this -- he alleges no facts even suggesting that Mattel consented to

22  any of his unlawful conduct.  This defense should be stricken.

23  _____

24      [21]  Id. at 15.

25      [22]  Indeed, this entire defense is inconsistent with the allegations Bryant does

26  make.  Bryant alleges that, upon learning of Bryant's unlawful activities, Mattel
   "began investigating what it suspected to be wrongdoing in connection with the

27  Bratz dolls."  Id. at 15.  Such action demonstrates Mattel's desire to *protect* its

28  interests, not an intent to *waive* them.

### D.   Bryant's Unclean Hands Defense Is Insufficient

For his First Affirmative defense of unclean hands Bryant pleads that "Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant."[23] This also does not state a defense.  "Not every wrongful act constitutes unclean hands."  Kendall-Jackson Winery, Ltd. v. Superior Court, 76 Cal. App. 4th 970, 979 (1999).  Rather, "[t]he unconscionable conduct must be of such a nature that it would, if permitted to go unnoticed, result in prejudice to the other party."  Jeong Soon v. Beckman, 234 Cal. App. 2d 33, 36 (1965).

Here, Bryant has not alleged facts which constitute the type of bad faith conduct required to assert an unclean hands defense.  See Fladeboe v. American Isuzu Motors, Inc., 150 Cal. App. 4th 42, 56 (2007) (unclean hands demands conduct that is "unconscionable, bad faith, or inequitable"); California Sch. Employees Ass'n v. Trustin Unified Sch. Dist., 148 Cal. App. 4th 510, 523 (2007) ("The doctrine of unclean hands requires unconscionable, bad faith, or inequitable conduct by the plaintiff in connection with the matter in controversy.") (citing General Elec. Co. v. Superior Court, 45 Cal. 2d 897, 899-900 (1955)).  Bryant's vague, conclusory allegation that Mattel's conduct has been "unfair," and his allegation that Mattel engaged in misconduct by investigating Bryant's potential violations before taking legal action, simply does not give rise to the defense.  A decision to investigate wrongdoing before taking legal action cannot be described as "unconscionable, bad faith, or inequitable conduct."  The Court should strike the defense.

Independently, Bryant's unclean hands defense should be stricken as to Mattel's second and third counterclaims against Bryant for RICO and conspiracy to commit RICO because unclean hands is not a recognized defense to a RICO claim.

---

[23]  Id. at 15.

1  See In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.,

2  636 F. Supp. 1138, 1156 (C.D. Cal. 1986) (citing Perma Life Mufflers, Inc. v. Int'l

3  Parts Corp., 392 U.S. 134 (1968)) (unclean hands should not prohibit action that

4  "advances RICO's broad anti-racketeering policies"); see also Bieter Co. v.

5  Blomquist, 848 F. Supp. 1446, 1448-50 (D. Minn. 1994) (defenses of unclean hands

6  and in pari delicto are not valid in a RICO action).

7            The defense should also be stricken as to Mattel's copyright

8  infringement counterclaim for independent reasons.  The Ninth Circuit has

9  recognized that the unclean hands defense "is rarely effective" against a claim for

10  copyright infringement.  Los Angeles News Service v. Tullo, 973 F.2d 791, 799 (9th

11  Cir. 1992).  It is "recognized only rarely, when the plaintiff's transgression is of

12  serious proportions and relates directly to the subject matter of the infringement

13  action."  Survivor Prod. LLC v. Fox Broadcasting Co., 2001 WL 35829270, at *3

14  (C.D. Cal. 2001) (quoting 3 M. Nimmer, Nimmer on Copyright, § 13.09[B] at

15  13-145 (1988)).  Unclean hands is generally only deemed a defense to copyright

16  claims where the plaintiff has misused the copyrights at issue.  See, e.g.,

17  Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors, 786 F.2d 1400,

18  1408 (9th Cir. 1986) (recognizing copyright misuse as unclean hands defense); see

19  also In re Napster, Inc. Copyright Litig., 191 F. Supp. 2d 1087, 1102-05 (N.D. Cal.

20  2002) (discussing copyright misuse and unclean hands defense).  The doctrine of

21  copyright misuse applies to bar a plaintiff from recovery where the plaintiff has

22  (1) overreached in the protection of its copyright by licensing it on unduly restrictive

23  terms or (2) violated antitrust laws in a way that "offend[s] the public policy behind

24  the copyright grant."  Napster, 191 F. Supp. at 1102-05.  Bryant alleges none of this.

25  **II.    MATTEL WILL SUFFER PREJUDICE IF BRYANT'S**

26  **AFFIRMATIVE DEFENSES ARE NOT STRICKEN**

27            Defendants maintained at one point that Mattel should not move to

28  strike affirmative defenses, "the pleading of which does not expand the scope of the

1  case and causes no prejudice to Mattel."[24]  No showing of prejudice is required, and

2  in any event the prejudice to Mattel from Bryant's deficient pleading is apparent.

3       **A.      Mattel Need Not Show Prejudice**

4            No showing of prejudice is required in the Ninth Circuit.  Motions to

5  strike are the proper means to address an inadequate pleading of an affirmative

6  defense, regardless of prejudice.  See Fed. R. Civ. P. 12(f) ("upon motion made by a

7  party within 20 days after the service of a pleading upon the party or upon the

8  court's own initiative at any time, the court may order stricken from any pleading

9  any insufficient defense"); Ganley v. County of San Mateo, 2007 WL 902551, at *2

10 (N.D. Cal. 2007) ("In the Ninth Circuit, motions to strike are proper, even if the

11 material is not prejudicial to the moving party, if granting the motion would make

12 trial less complicated or otherwise streamline the ultimate resolution of the action.");

13 California v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (motion to strike is

14 proper where motion may have the "effect of making the trial of the action less

15 complicated or have the effect of otherwise streamlining the ultimate resolution of

16 the action"); California Practice Guide: Federal Civil Procedure Before Trial § 9:409

17 (The Rutter Group 2007) ("orders striking portions of pleadings are proper although

18 they are not shown to be prejudicial to the moving party, if granting the motion will

19 make the trial less complicated or otherwise streamline ultimate resolution of the

20 action") (citing Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd

21 on other grounds, 510 U.S. 517, 534-35 (1994)).

22      **B.      Mattel Will Be Prejudiced If The Defenses Are Not Stricken**

23           In any event, the prejudice to Mattel is clear given that a number of

24 Bryant's affirmative defenses are insufficient as a matter of law.  Mattel should not

25 have to spend its resources taking discovery on, preparing rebuttals to, and

---

26

27      [24]   Letter from Jennifer Glad to Dylan Proctor, dated August 29, 2007, Proctor

28 Dec., Exh. 3.

otherwise litigating legally insufficient defenses, and having to do so is prejudice. See, e.g., Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) (the "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"); Smith v. Wal-Mart Stores, 2006 WL. 2711468, at *4 (N.D. Cal. 2006).

<u>**Conclusion**</u>

For the foregoing reasons, Mattel respectfully requests that the Court strike Bryant's First, Second, Third, and Fifth affirmative defenses, without leave, as insufficient as a matter of law.

DATED:  November 8, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP



By /s/ John B. Quinn
   John B. Quinn
   Attorneys for Plaintiff
   Mattel, Inc.