# EXHIBIT 1

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
6  Facsimile:  (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13

14  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
15                        Plaintiff,       2727

16       v.                               CARTER BRYANT'S REPLY TO
                                          MATTEL'S COUNTERCLAIMS
17  MATTEL, INC. a Delaware
    Corporation,
18                                        DEMAND FOR JURY TRIAL
                          Defendant.
19                                        Dept:     Courtroom 1
                                          Judge:    Hon. Stephen G. Larson
20  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA
21  ENTERTAINMENT, INC. v.
    MATTEL, INC.                          Discovery Cut-Off: Jan. 14, 2008
22                                        Pre-Trial Conference:  April 7, 2008
                                          Trial Date:   April 29, 2008
23

24       Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27       As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions.  Bryant's denial of any allegation

                                        1

1  should be construed as a denial of both the allegation itself, and any of the

2  allegation's underlying, unsupported assumptions.

3      Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4  place of factual allegations that Mattel claimed to protest in responding to MGA's

5  claims against it.  Bryant denies all allegations not specifically admitted, including

6  Mattel's argument and innuendo.  Where Bryant admits any portion of an

7  allegation, Bryant admits only the specific facts admitted, and denies all of

8  Mattel's accompanying characterizations, conclusions, and speculation contained

9  in that allegation or in Mattel's counterclaims as a whole.

10      Bryant also submits that Mattel's use of headings throughout its

11  counterclaims is improper, and that therefore no response to Mattel's headings is

12  required.  If any response is required, Bryant denies all allegations contained in

13  Mattel's headings.

14      Finally, Bryant notes that many of the allegations in this complaint allege

15  nothing relating Bryant.  Although Bryant recognizes that he is nonetheless

16  required to answer them, Bryant lacks any knowledge or information concerning

17  these allegations.  In denying these allegations based on his lack of knowledge and

18  information regarding alleged events not involving him, as with all his other

19  denials, Bryant also denies Mattel's negative characterizations and innuendo about

20  all of the alleged events, including any events or facts that may in fact have

21  occurred (such as, for example, MGA's hiring of certain individuals previously

22  employed by Mattel).

### Responses

23

24  1.    Bryant denies the allegations of this paragraph.

25  2.    Bryant admits that he conceived, created and developed Bratz designs,

26  that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27  improperly sought to register copyrights for certain Bratz designs.  Bryant denies

28  all remaining allegations of this paragraph.

400554.01

EXHIBIT ____ PAGE __4__

3.      Bryant denies that MGA engaged in illegal conduct in entering the agreement with Bryant.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

4.      Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

5.      Bryant denies the allegations of this paragraph.

6.      Bryant admits that Mattel purports to seek relief under 17 U.S.C. § § 101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28 U.S.C. § 1367 for its purported state law claims.  Bryant admits that the Court has jurisdiction to hear claims against Bryant, based on those allegations, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

7.      Bryant admits that venue is proper in this District as to claims against Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

8.      Bryant admits the allegation of this paragraph.

9.      Bryant admits the allegations of the first and second sentences of this paragraph.  Bryant denies the remaining allegations of this paragraph.

10.     Bryant admits the allegations of this paragraph.

11.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

12.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

400554.01

EXHIBIT    1    PAGE   5

13.     Bryant admits that Isaac Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles. Bryant denies the remaining allegations of this paragraph.

14.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

15.     Bryant denies the allegations of this paragraph.

16.     Bryant admits that Mattel manufactures and markets toys, games, dolls and other consumer products. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of this paragraph, and on that basis denies them. Bryant admits that Mattel is a well-known company, and denies all remaining allegations of this paragraph.

17.     Bryant admits that Mattel maintains a large design center in El Segundo, California at which many designers, sculptors, painters and other artists work to create Mattel products. Bryant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of this paragraph, and on that basis denies them.

18.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

19.     Bryant admits that MGA is a toy manufacturer that launched a fashion doll line. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph, and on that basis denies them. Bryant denies that MGA stole a fashion doll that was owned by Mattel, and denies all remaining allegations of this paragraph.

20.     Bryant denies all allegations of this paragraph.

21.     Bryant admits that he is a former Mattel employee, that he began working for Mattel in September 1995 and worked in Mattel's Design Center as a Barbie product designer, and that he stopped working with Mattel in or about April

400554.01

EXHIBIT ____1____  PAGE ___6___

1    1998.  Bryant denies that he moved to Missouri to live with his parents in or about

2    April 1998.  Bryant admits that late in 1998, he applied to Mattel to be rehired, and

3    that on or about January 4, 1999, he began working at Mattel in Mattel's Design

4    Center as a product designer.  Bryant denies any remaining allegations of this

5    paragraph.

6         22.    Bryant admits that, upon his return to Mattel in January 1999, he

7    signed the document attached to Mattel's Counterclaims as Exhibit A, which is

8    titled "Employee Confidential Information and Inventions Agreement."  Bryant

9    denies all remaining allegations of this paragraph, explicit or implicit, including

10   Mattel's allegations regarding the legal significance of this document.

11        23.    Bryant denies the allegations of this paragraph.

12        24.    Bryant admits that, upon his return to Mattel in January 1999, he

13   signed the document attached to Mattel's Counterclaims as Exhibit B, which is

14   titled "Conflict of Interest Questionnaire."  Bryant admits that he disclosed on this

15   document freelance work he had performed while in Missouri for Ashton-Drake,

16   which is unrelated to Mattel's allegations here.  Bryant denies all remaining

17   allegations of this paragraph, explicit or implicit, including Mattel's allegations

18   regarding the legal significance of this document.

19        25.    Bryant denies the allegations of this paragraph.

20        26.    Bryant denies the allegations of this paragraph, including all the

21   allegations of each of its sub-paragraphs.

22        27.    Bryant denies the allegations of this paragraph.

23        28.    Bryant denies the allegations of this paragraph.

24        29.    Bryant denies the allegations of this paragraph.

25        30.    Bryant lacks knowledge or information sufficient to form a belief as

26   to the truth of the allegations of this paragraph, and on that basis denies them.

27        31.    Bryant admits that samples of the four original Bratz dolls were

28   shown at the Hong Kong Toy Fair in January 2001.  Bryant denies the remaining

400554.01

1   allegations of this paragraph.

2      32.   Bryant admits that MGA distributes and sells Bratz and Bratz-related

3   products in many countries throughout the world.  Bryant lacks knowledge or

4   information sufficient to form a belief as to the truth of the allegations of the

5   second sentence of this paragraph, and on that basis denies them.  Bryant admits

6   the allegations of the third sentence of this paragraph.  Bryant admits that MGA

7   claims current ownership of Bratz, including the copyrights and copyright

8   registrations attendant thereto.  Bryant admits the allegations of the fifth sentence

9   of this paragraph.  Bryant denies all remaining allegations of this paragraph

10     33.   Bryant denies the allegations of this paragraph.

11     34.   Bryant denies the allegations of this paragraph.

12     35.   Bryant denies the allegations of this paragraph.

13     36.   Bryant admits that he had an agreement with MGA and the terms of

14   that agreement speak for themselves.  Bryant denies all remaining allegations of

15   this paragraph.

16     37.   Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18     38.   Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20     39.   Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22     40.   Bryant lacks knowledge or information sufficient to form a belief as

23   to the truth of the allegations of this paragraph, and on that basis denies them.

24     41.   Bryant lacks knowledge or information sufficient to form a belief as

25   to the truth of the allegations of this paragraph, and on that basis denies them.

26     42.   Bryant lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of this paragraph, and on that basis denies them.

28     43.   Bryant lacks knowledge or information sufficient to form a belief as

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERC **EXHIBIT** **1** **PAGE** **8**
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

1  to the truth of the allegations of this paragraph, and on that basis denies them.

2        44.    Bryant lacks knowledge or information sufficient to form a belief as
3  to the truth of the allegations of this paragraph, and on that basis denies them.

4        45.    Bryant lacks knowledge or information sufficient to form a belief as
5  to the truth of the allegations of this paragraph, and on that basis denies them.

6        46.    Bryant lacks knowledge or information sufficient to form a belief as
7  to the truth of the allegations of this paragraph, and on that basis denies them.

8        47.    Bryant lacks knowledge or information sufficient to form a belief as
9  to the truth of the allegations of this paragraph, and on that basis denies them.

10       48.    Bryant lacks knowledge or information sufficient to form a belief as
11 to the truth of the allegations of this paragraph, and on that basis denies them.

12       49.    Bryant lacks knowledge or information sufficient to form a belief as
13 to the truth of the allegations of this paragraph, and on that basis denies them.

14       50.    Bryant lacks knowledge or information sufficient to form a belief as
15 to the truth of the allegations of this paragraph, and on that basis denies them.

16       51.    Bryant lacks knowledge or information sufficient to form a belief as
17 to the truth of the allegations of this paragraph, and on that basis denies them.

18       52.    Bryant lacks knowledge or information sufficient to form a belief as
19 to the truth of the allegations of this paragraph, and on that basis denies them.

20       53.    Bryant lacks knowledge or information sufficient to form a belief as
21 to the truth of the allegations of this paragraph, and on that basis denies them.

22       54.    Bryant lacks knowledge or information sufficient to form a belief as
23 to the truth of the allegations of this paragraph, and on that basis denies them.

24       55.    Bryant lacks knowledge or information sufficient to form a belief as
25 to the truth of the allegations of this paragraph, and on that basis denies them.

26       56.    Bryant lacks knowledge or information sufficient to form a belief as
27 to the truth of the allegations of this paragraph, and on that basis denies them.

28       57.    Bryant lacks knowledge or information sufficient to form a belief as

7

400554.01

EXHIBIT ___1___ PAGE __9__

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2       58.     Bryant lacks knowledge or information sufficient to form a belief as
3   to the truth of the allegations of this paragraph, and on that basis denies them.

4       59.     Bryant lacks knowledge or information sufficient to form a belief as
5   to the truth of the allegations of this paragraph, and on that basis denies them.

6       60.     Bryant lacks knowledge or information sufficient to form a belief as
7   to the truth of the allegations of this paragraph, and on that basis denies them.

8       61.     Bryant lacks knowledge or information sufficient to form a belief as
9   to the truth of the allegations of this paragraph, and on that basis denies them.

10      62.     Bryant lacks knowledge or information sufficient to form a belief as
11  to the truth of the allegations of this paragraph, and on that basis denies them.

12      63.     Bryant lacks knowledge or information sufficient to form a belief as
13  to the truth of the allegations of this paragraph, and on that basis denies them.

14      64.     Bryant lacks knowledge or information sufficient to form a belief as
15  to the truth of the allegations of this paragraph, and on that basis denies them.

16      65.     Bryant lacks knowledge or information sufficient to form a belief as
17  to the truth of the allegations of this paragraph, and on that basis denies them.

18      66.     Bryant lacks knowledge or information sufficient to form a belief as
19  to the truth of the allegations of this paragraph, and on that basis denies them.

20      67.     Bryant lacks knowledge or information sufficient to form a belief as
21  to the truth of the allegations of this paragraph, and on that basis denies them.

22      68.     Bryant lacks knowledge or information sufficient to form a belief as
23  to the truth of the allegations of this paragraph, and on that basis denies them.

24      69.     Bryant lacks knowledge or information sufficient to form a belief as
25  to the truth of the allegations of this paragraph, and on that basis denies them.

26      70.     Bryant lacks knowledge or information sufficient to form a belief as
27  to the truth of the allegations of this paragraph, and on that basis denies them.

28      71.     Bryant lacks knowledge or information sufficient to form a belief as

8

400554.01

EXHIBIT ___1___ PAGE ___10___

1 | to the truth of the allegations of this paragraph, and on that basis denies them.

2 |     72.    Bryant lacks knowledge or information sufficient to form a belief as

3 | to the truth of the allegations of this paragraph, and on that basis denies them.

4 |     73.    Bryant lacks knowledge or information sufficient to form a belief as

5 | to the truth of the allegations of this paragraph, and on that basis denies them.

6 |     74.    Bryant lacks knowledge or information sufficient to form a belief as

7 | to the truth of the allegations of this paragraph, and on that basis denies them.

8 |     75.    Bryant lacks knowledge or information sufficient to form a belief as

9 | to the truth of the allegations of this paragraph, and on that basis denies them.

10 |     76.    Bryant lacks knowledge or information sufficient to form a belief as

11 | to the truth of the allegations of this paragraph, and on that basis denies them.

12 |     77.    Bryant lacks knowledge or information sufficient to form a belief as

13 | to the truth of the allegations of this paragraph, and on that basis denies them.

14 |     78.    Bryant lacks knowledge or information sufficient to form a belief as

15 | to the truth of the allegations of this paragraph, and on that basis denies them.

16 |     79.    Bryant lacks knowledge or information sufficient to form a belief as

17 | to the truth of the allegations of this paragraph, and on that basis denies them.

18 |     80.    Bryant lacks knowledge or information sufficient to form a belief as

19 | to the truth of the allegations of this paragraph, and on that basis denies them.

20 |     81.    Bryant lacks knowledge or information sufficient to form a belief as

21 | to the truth of the allegations of this paragraph, and on that basis denies them.

22 | **Mattel's First Counterclaim**

23 |     82.    Bryant repeats and realleges his answers to paragraphs 1 through 81

24 | above, as though fully set forth here at length.  Bryant denies any allegations not

25 | expressly admitted.

26 |     83.    Bryant denies the allegations of this paragraph.

27 |     84.    Bryant denies the allegations of this paragraph.

28 |     85.    Bryant denies the allegations of this paragraph.

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT \_\_\_\_I\_\_\_\_ PAGE \_\_\_I'\_\_\_

86.   Bryant denies the allegations of this paragraph.

87.   Bryant denies the allegations of this paragraph.

### Mattel's Second Counterclaim

88.   Bryant repeats and realleges its answers to paragraphs 1 through 87 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

89.   Bryant denies the allegations of this paragraph.

90.   Bryant denies the allegations of this paragraph.

91.   Bryant denies the allegations of this paragraph.

92.   Bryant denies the allegations of this paragraph.

93.   Bryant denies the allegations of this paragraph, including the allegations of all of its sub-paragraphs.

94.   Bryant denies the allegations of this paragraph.

95.   Bryant denies the allegations of this paragraph.

96.   Bryant denies the allegations of this paragraph.

97.   Bryant denies the allegations of this paragraph.

### Mattel's Third Counterclaim

98.   Bryant repeats and realleges its answers to paragraphs 1 through 97 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

99.   Bryant denies the allegations of this paragraph.

100.   Bryant denies the allegations of this paragraph.

101.   Bryant denies the allegations of this paragraph.

102.   Bryant denies the allegations of this paragraph.

103.   Bryant denies the allegations of this paragraph.

104.   Bryant denies the allegations of this paragraph.

105.   Bryant denies the allegations of this paragraph.

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

EXHIBIT ___1___ PAGE _12_

**Mattel's Fourth Counterclaim**

106. Bryant repeats and realleges its answers to paragraphs 1 through 105 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

107. Bryant denies the allegations of this paragraph.

108. Bryant denies the allegations of this paragraph.

109. Bryant denies the allegations of this paragraph.

110. Bryant denies the allegations of this paragraph.

111. Bryant denies the allegations of this paragraph.

112. Bryant denies the allegations of this paragraph.

113. Bryant denies the allegations of this paragraph.

114. Bryant denies the allegations of this paragraph.

115. Bryant denies the allegations of this paragraph.

**Mattel's Fifth Counterclaim**

116. Bryant repeats and realleges its answers to paragraphs 1 through 115 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

117. Bryant denies the allegations of this paragraph.

118. Bryant denies the allegations of this paragraph.

119. Bryant denies the allegations of this paragraph.

120. Bryant denies the allegations of this paragraph.

121. Bryant denies the allegations of this paragraph.

**Mattel's Sixth Counterclaim**

122. Bryant repeats and realleges its answers to paragraphs 1 through 122 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

123. Bryant denies the allegations of this paragraph.

124. Bryant denies the allegations of this paragraph.

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___1___ PAGE _13_

125.  Bryant denies the allegations of this paragraph.

126.  Bryant denies the allegations of this paragraph.

127.  Bryant denies the allegations of this paragraph.

128.  Bryant denies the allegations of this paragraph.

### Mattel's Seventh Counterclaim

129.  Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

130.  Bryant denies the allegations of this paragraph.

131.  Bryant denies the allegations of this paragraph.

132.  Bryant denies the allegations of this paragraph.

133.  Bryant denies the allegations of this paragraph.

134.  Bryant denies the allegations of this paragraph.

135.  Bryant denies the allegations of this paragraph.

### Mattel's Eighth Counterclaim

136.  Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

137.  Bryant denies the allegations of this paragraph.

138.  Bryant denies the allegations of this paragraph.

139.  Bryant denies the allegations of this paragraph.

140.  Bryant denies the allegations of this paragraph.

141.  Bryant denies the allegations of this paragraph.

### Mattel's Ninth Counterclaim

142.  Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

143.  Bryant denies the allegations of this paragraph.

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

EXHIBIT ___1___ PAGE __14__

144.   Bryant denies the allegations of this paragraph.

145.   Bryant denies the allegations of this paragraph.

146.   Bryant denies the allegations of this paragraph.

147.   Bryant denies the allegations of this paragraph.

148.   Bryant denies the allegations of this paragraph

### Mattel's Tenth Counterclaim

149.   Bryant repeats and realleges its answers to paragraphs 1 through 148 above, as though fully set forth here at length.   Bryant denies any allegations not expressly admitted.

150.   Bryant denies the allegations of this paragraph.

151.   Bryant denies the allegations of this paragraph.

152.   Bryant denies the allegations of this paragraph.

153.   Bryant denies the allegations of this paragraph.

154.   Bryant denies the allegations of this paragraph.

### Mattel's Eleventh Counterclaim

155.   Bryant repeats and realleges its answers to paragraphs 1 through 154 above, as though fully set forth here at length.   Bryant denies any allegations not expressly admitted.

156.   Bryant denies the allegations of this paragraph.

157.   Bryant denies the allegations of this paragraph.

158.   Bryant denies the allegations of this paragraph.

159.   Bryant denies the allegations of this paragraph.

160.   Bryant denies the allegations of this paragraph.

161.   Bryant denies the allegations of this paragraph.

162.   Bryant denies the allegations of this paragraph.

### Mattel's Twelfth Counterclaim

163.   Bryant repeats and realleges its answers to paragraphs 1 through 162 above, as though fully set forth here at length.   Bryant denies any allegations not

400554.01

EXHIBIT ___1___ PAGE _15_

1   expressly admitted.

2       164.   Bryant admits the allegation of this paragraph regarding the contents

3   of section 17200 of the California Business and Professions Code, but denies that

4   Mattel is entitled to any relief or recovery whatsoever on its claims.

5       165.   Bryant denies the allegations of this paragraph.

6       166.   Bryant denies the allegations of this paragraph.

### Mattel's Thirteenth Counterclaim

8       167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9   above, as though fully set forth here at length.  Bryant denies any allegations not

10  expressly admitted.

11      168.   Bryant admits that an actual controversy exists between the parties,

12  because of Mattel's campaign of harassing litigation, but denies all other

13  allegations of this paragraph, and denies that Mattel is entitled to any relief or

14  recovery whatsoever.

15      169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17  to any relief or recovery whatsoever.

18      170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20  to any relief or recovery whatsoever.

### Prayer for Relief

22      This section of Mattel's counterclaims contains no factual allegations, and

23  requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24  and respectfully requests judgment dismissing Mattel's counterclaims with

25  prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26  and whatever other relief to Bryant the Court deems appropriate.

27      Except as specifically admitted above, Bryant denies each and every

28  allegation in Mattel's counterclaims.

400554.01

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __1__ PAGE __16__

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Failure to State a Claim)

Mattel's counterclaims, and each claim for relief, fail to state a claim upon which relief may be granted.

### Second Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands.

### Third Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver.

### Fourth Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches.

### Sixth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent.

### Seventh Affirmative Defense (Statute of Limitations)

Mattel's counterclaims, and each claim for relief, are barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure §§ 337, 339, 343, and 338(c).

400554.01

EXHIBIT ___1___ PAGE __17__

## Eighth Affirmative Defense (Failure to Mitigate Damages)

With respect to any alleged damages (the existence of which Bryant denies), Mattel failed to mitigate its damages.

## Ninth Affirmative Defense (Lack of Causation)

Any losses or harms allegedly sustained by Mattel resulted from causes other than any act or omission of Bryant, including but not limited to Mattel's own acts or omissions.

## Tenth Affirmative Defense (Failure of Contract)

Any alleged contract with Mattel fails for lack of consideration, is vague and uncertain, and is void, voidable, and/or unenforceable.

## Eleventh Affirmative Defense (Duress/Unconscionability)

Any alleged contract with Mattel was unconscionable and/or the result of duress, and is void, voidable, and/or unenforceable.

## Twelfth Affirmative Defense (Excuse of Performance)

Any alleged breaches of contract or duty are excused by Mattel's own acts or omissions.

## Thirteenth Affirmative Defense (Alleged Duties Contrary to Law)

Any alleged duties or obligations which Mattel claims are owed by Bryant are contrary to applicable law.

## Fourteenth Affirmative Defense (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

## Fifteenth Affirmative Defense (Good Faith)

Mattel's counterclaims fail because Bryant acted in good faith and in conformity with applicable laws.

## Sixteenth Affirmative Defense (Information Readily Ascertainable)

Bryant cannot be liable for alleged misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use.

400554.01

EXHIBIT _____1_____ PAGE____18

**Seventeenth Affirmative Defense (Res Judicata)**

Mattel's counterclaims are barred in whole or in part by the doctrine of res judicata.

**Eighteenth Affirmative Defense (Lack of Ownership)**

Mattel is neither the legal nor beneficial owner in the copyrights purportedly at issue.

**Nineteenth Affirmative Defense (Copyright Invalidity)**

Mattel's purported copyrights are invalid.

**Twentieth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

**Twenty-first Affirmative Defense (Innocent Infringement)**

If Bryant infringed any copyright interest held by Mattel (which Bryant denies), he did so without knowledge or intent.

**Twenty-Second Affirmative Defense (Joinder in Defenses of Co-Defendants)**

Bryant hereby adopts and incorporates by this reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including MGA) in this litigation to the extent that defendants may share in such affirmative defenses.

Bryant has not knowingly and intentionally waived any applicable affirmative defense and reserves the right to raise additional affirmative defenses as they become known to him through discovery in this litigation.  In stating the above affirmative defenses, Bryant also does not in any way waive or limit any defenses raised by its denials of Mattel's allegations above.  Bryant further reserves the right to amend his answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that he determines during later discovery are

1  not applicable.

2  **<u>Prayer for Relief</u>**

3  WHEREFORE, Bryant respectfully requests relief as follows:

4     1.     That Mattel's counterclaims be dismissed with prejudice;

5     2.     That Mattel take nothing by its counterclaims;

6     3.     That Mattel's request for injunctive and other equitable relief be

7  denied;

8     4.     That Bryant be awarded the cost of this litigation, including

9  reasonable attorneys' fees and interest; and

10     5.     That Bryant receive such other relief as the Court may deem proper.

11

12                                Respectfully submitted,

13

14

15  Dated: August 13, 2007                 KEKER & VAN NEST, LLP

16

17

18                             By:

19                             CHRISTA M. ANDERSON
                           Attorneys for Plaintiff
                           CARTER BRYANT

20

21

22

23

24

25

26

27

28

400554.01            CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
                 CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT  1  PAGE  20**

## DEMAND FOR JURY TRIAL

Bryant respectfully requests a trial by jury for all issues so triable.

Dated:  August 13, 2007

KEKER & VAN NEST, LLP

By:
CHRISTA M. ANDERSON
Attorneys for Plaintiff
CARTER BRYANT

19
CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

EXHIBIT ___1___ PAGE __21__

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On August 13, 2007, I served the following document(s):

### CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS

### DEMAND FOR JURY TRIAL

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:  213/443-3000
Fax:  213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel:  213/430-6000
Fax:  213/430-6407
dtorres@omm.com

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:   310/553-3000
Fax:   310/556-2920
pglaser@chrisglase.com

Executed on August 13, 2007, at San Francisco, California.

EXHIBIT ___1___  PAGE __22__

1    I declare under penalty of perjury under the laws of the State of California

2    that the above is true and correct.

3

4                          _____

5                    JULIE A. SELBY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _____ 1 PAGE 23

# EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**
WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

August 22, 2007

**VIA FACSIMILE AND U.S. MAIL**

Diana Torres, Esq.                         Michael H. Page, Esq.
O'Melveny & Meyers, LLP                    Keker & Van Nest, LLP
400 S. Hope Street                         710 Sansome Street
Los Angeles, CA 90071                      San Francisco, CA 94111-1704

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Ste. 620
Los Angeles, CA 90025

Re:    Mattel v. Bryant et al.

Dear Counsel:

I write pursuant to Local Rule 7-3 to request a prefiling conference regarding apparently
insufficient and inadequately pleaded affirmative defenses set forth in the Answers of Carter
Bryant, MGA Entertainment, Inc., MGA (HK) Limited, MGAE de Mexico S.R.L. de C.V., Isaac
Larian and Carlos Gustavo Machado to Mattel's Second Amended Answer and Counterclaims.

Collectively, defendants have listed dozens of affirmative defenses in these recent pleadings. In
nearly every case, they have done so without providing any details at all. Defendants are
obligated to plead each of their affirmative defenses with enough particularity to give Mattel fair
notice of the defense advanced. Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979).
They have not done so. Mattel should not be required to guess about what defendants believe
they have put at issue through their defenses. Indeed, this is especially true in this case, where
defendants have recently taken the position that Mattel cannot serve any further interrogatories
or even requests for admissions to attempt to discover defendants' contentions. Mattel is

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT ___2___ PAGE _24_

obviously entitled to know what defendants believe their actual affirmative defenses are and their alleged basis for these defenses.

Moreover, many of the listed affirmative defenses appear to be insufficient as a matter of law. Without limitation, these include the claimed affirmative defenses of: Innocent Intent; Innocent Infringement; Good Faith; Res Judicata; Lack Of Standing; Abandonment; De Minimus Use; Joint Authorship; Consent; Failure of Contract; Duress; Unconscionability; Excuse of Performance; Alleged Duties Contrary to Law; Unclean Hands; Laches; Statute of Limitations; Waiver; Estoppel; Acquiescence; and Invalid Copyrights. At the meet and confer, please be prepared to discuss the basis for each of these claimed affirmative defenses. If defendants are unwilling to or cannot provide an adequate factual and legal basis for them or are unwilling to plead their affirmative defenses with enough particularity to give Mattel fair notice, Mattel contemplates moving to strike the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

Please let me know of availability for a prefiling conference this week as soon as possible. I look forward to hearing from you.


Very truly yours,

B. Dylan Proctor
07209/2198025.2

2

EXHIBIT _2_ PAGE _25_

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**    August 21, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Diana Torres, Esq. O'Melveny & Meyers, LLP | (213) 430-6000 | (213) 430-6407 |
| Michael H. Page, Esq. Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |
| James W. Spertus Law Offices | (310) 826-4700 | (310) 826-4711 |

**FROM:**    B. Dylan Proctor
(213) 443-3112
dylanproctor@quinnemanuel.com

**RE:**    Attached Letter

**MESSAGE:**



| CLIENT # | 07209 | ROUTE/ RETURN TO: | Laura Kinsey | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? | ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT ___2___ PAGE __26__

```
06/21/2007 19:04 FAX  12134433    0            QEUQA-LAO-2                    @001

                        ***************************
                  ***      MULTI TX/RX REPORT    ***
                        ***************************

     TX/RX NO              3137
     PGS.                     3
     TX/RX INCOMPLETE

                              -----
     TRANSACTION OK
                        (1)   9414#007209#12134306407
                        (2)   9414#007209#14153977188
                        (3)   9414#007209#13108264711

     ERROR INFORMATION        -----
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**  August 21, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Diana Torres, Esq.<br>O'Melveny & Meyers, LLP | (213) 430-6000 | (213) 430-6407 |
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |
| James W. Spertus<br>Law Offices | (310) 826-4700 | (310) 826-4711 |

**FROM:**  B. Dylan Proctor
(213) 443-3112
dylanproctor@quinnemanuel.com

**RE:**  Attached Letter

**MESSAGE:**

EXHIBIT __2__ PAGE __27__

# EXHIBIT 3

O

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

August 29, 2007

OUR FILE NUMBER
527436-04

## VIA FACSIMILE AND ELECTRONIC MAIL

WRITER'S DIRECT DIAL
(213) 430-7631

Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street – 10th Floor
Los Angeles, California 90017

WRITER'S E-MAIL ADDRESS
jglad@omm.com

Re:    *Mattel, Inc. v Carter Bryant and Consolidated Cases*

Dear Dylan:

This letter is to memorialize discussions during our meet and confer of August 28, 2007, regarding Mattel's contemplated motion to strike MGA Entertainment, Inc.'s affirmative defenses to Mattel's Second Amended Answer and Counterclaims, and MGA's contemplated motion to dismiss Mattel's affirmative defenses to MGA's affirmative Complaint. Marc Feinstein and I met in person with Juan Pablo Alban and you in your office.

You acknowledged that Mattel, like MGA, had pled certain defenses as affirmative defenses even though the defense as a technical legal matter might be a defense to an underlying element of the plaintiff's claim rather than an affirmative defense. For example, Mattel acknowledged that its Second Affirmative Defense that MGA has no valid, enforceable or protectible rights or interests in its trade dress was not legally supportable at this time, and might be defenses to an underlying claim rather than an affirmative defense. Similarly, Mattel stated that its Fifth Affirmative Defense that MGA's claims are barred "by virtue of Mattel's prior-creation of the elements and other matters asserted in the Complaint" may not necessarily be an affirmative defense but rather a defense to a particular claim, and that Mattel was asserting the defense so as to preserve its rights to assert the defense. Mattel further conceded that its Fifth Affirmative Defense may not be sufficient on its face, but claimed that there may be elaboration elsewhere in Mattel's Answer so as to make the defense sufficient. You said that where MGA had pled as an affirmative defense a defense that was either an affirmative defense or a defense to an underlying element of Mattel's claims, Mattel did not object to the affirmative defense as legally insufficient.

However, you asserted that even if a matter pled as an affirmative defense is already encompassed by issues raised in the action (such as innocent intent), the affirmative defense should be stricken if the matter is technically neither an affirmative defense or a defense to an

EXHIBIT _3_ PAGE _28_

O'MELVENY & MYERS LLP
Dylan Proctor, Esq., August 29, 2007 - Page 2

underlying element of Mattel's claims. You did not point to any prejudice to Mattel resulting from the pleading of such a matter. Although we did not discuss this in the meeting, we believe that the proper time to address such a matter is at the time of entry of the pre-trial conference order, which as you should know sets forth the issues to be tried and replaces the pleadings. It would be an undue imposition on the Court, as well as MGA, for Mattel to move to strike an affirmative defense, the pleading of which does not expand the scope of the case and causes no prejudice to Mattel. *See Smith v. Wal-Mart Stores*, 2006 WL 2711468, *4 (N.D. Cal. Sept. 20, 2006) ("motions to strike are rarely granted in the absence of a showing of prejudice to the moving party.").

You took the position that pleading the legal ground for an affirmative defense is not sufficient to provide fair notice and that unless a factual basis is stated for a defense, the defense should be stricken. We disagreed with that position, which we believe is extreme, and noted that under the notice pleading standard it was generally sufficient to state the legal basis for the defense. You agreed that the purpose of this meet and confer was not for the parties to provide discovery regarding the factual basis for their affirmative defenses, but to discuss whether those defenses as pled were valid. We repeatedly asked you to provide the factual basis for Mattel's affirmative defenses, but you refused with the exception that in a few instances you referred us to other documents. Indeed, you stated that you would not provide the factual basis for Mattel's Second, Fifth, Sixth, Seventh, Eighth, and 11th Affirmative Defenses because MGA is not entitled to "free discovery."

You repeated your position that the time for MGA to challenge Mattel's affirmative defenses was governed exclusively by the 20-day requirement in Rule 12(f) and that MGA was now absolutely barred from seeking to challenge Mattel's affirmative defenses. However, we directed you to a party's right under Rule 12(h) to bring a motion for judgment on the pleadings at any time to challenge an invalid defense. We also cited several case authorities that support that position. I trust that it is now clear to you that for the same good reason that a party can move for judgment on the pleadings at any time with respect to a complaint that fails to state a claim, a party can move for judgment on the pleadings at any time with respect to an invalid affirmative defense.

I.   **Mattel's Contemplated Motion to Strike MGA's Affirmative Defenses to Mattel's Second Amended Answer and Counterclaims**

During the meet and confer, you claimed that certain of MGA's affirmative defenses were either insufficient as a matter of law, or that MGA had not provided fair notice of the basis for certain of its affirmative defenses. In particular, you claimed that MGA's 16th Affirmative Defense of Innocent Intent was legally insufficient because intent is not an element of a claim for copyright infringement. As we explained during the meet and confer, however, the issue of intent is raised as an affirmative defense to preserve the defense. Whether innocent intent should technically be raised as an affirmative defense, it is relevant to Mattel's claims for intentional wrongdoing, including Mattel's claims for intentional interference, criminal copyright infringement under RICO, as well as Mattel's claims for punitive damages, among other claims.

EXHIBIT __3__   PAGE __29__

O'MELVENY & MYERS LLP
Dylan Proctor, Esq., August 29, 2007 - Page 3

Similarly, you took the position that MGA's Sixth Affirmative Defense of Good Faith was legally insufficient and failed to provide Mattel with notice of the basis for the defense. Specifically, you claimed that Good Faith was not an affirmative defense to any of the claims asserted in MGA's counterclaims. However, as we mentioned, the defense of Good Faith is potentially relevant to many of Mattel's counterclaims and MGA is entitled to assert the defense in order to preserve its rights. For example, this defense includes 17 U.S.C. § 205(d), which allows a good faith acquirer of a copyright to assert its interests in a copyright over another. Additionally, the Good Faith defense encompasses MGA's defense that it was a *bona fide* purchaser for value of the drawings in which Mattel claims ownership in this litigation. Notably, when the issue of MGA's defense of Good Faith was again raised toward the end of the meet and confer, you stated that Mattel was not taking a position at this time as to whether MGA's affirmative defense of Good Faith was a valid affirmative defense to any of Mattel's counterclaims.

You also claimed that MGA's Ninth Affirmative Defense of *Res Judicata* was legally insufficient because Mattel's litigation with Ron Brawer was dismissed without prejudice and in your view no other basis for a defense of *res judicata* exists. You further argued that it is not permissible to assert an affirmative defense if at the time the defense is asserted there are no specific facts identified or known to support assertion of the affirmative defense. However, the authority provided by you during the meet and confer contradicts that argument. In *Smith*, 2006 WL 2711468, * 12, the court denied the plaintiff's motion to strike the defendant's affirmative defense that the claims were barred by the statute of limitations, even though the defendant could not state any facts that supported the defense of statute of limitations at the time. In so holding, the court accepted the defendant's argument that "[o]nly through discovery can Defendant determine if a plaintiff's claims are time barred." *Id.* Thus, Mattel's argument is unpersuasive.

You next claimed that MGA's Second Affirmative Defense of Lack of Standing was legally insufficient because MGA had already moved to dismiss Mattel's Counterclaims for lack of standing. As explained during the meet and confer, however, MGA's defense preserves its right to raise the defense of lack of standing in the future, particularly in light of ongoing discovery. Moreover, MGA's pleading is sufficient to place Mattel on notice of its affirmative defense.

You further claimed that MGA's 10th, 11th, 13th, 17th, 18th and 19th Affirmative Defenses for Estoppel, Acquiescence, Invalid Copyright, Waiver, Abandonment and *De Minimus* Use, respectively, are legally insufficient or fail to provide Mattel notice of the bases for MGA's defenses. As explained by us during the meet and confer, however, each of MGA's affirmative defenses is necessary to preserve MGA's right to assert the affirmative defense and, in any event, is relevant to Mattel's counterclaims in this litigation. We pointed out that the *de minimus* defense may be asserted to defeat a claim that MGA's Bratz dolls were copies of works claimed by Mattel.

You also claimed that MGA's 20th Affirmative Defense for Joint Authorship was legally insufficient. However, the issue of whether MGA contributed to the authorship of the Bratz

EXHIBIT __3__ PAGE __30__

O'MELVENY & MYERS LLP
Dylan Proctor, Esq., August 29, 2007 - Page 4

works is relevant to Mattel's claim for copyright infringement, regardless of whether it constitutes an affirmative defense or merely a defense to one of the elements of Mattel's claims. MGA has preserved its right to assert Joint Authorship as an affirmative defense in this litigation and Mattel is on notice of the defense.

Finally, you claimed that MGA's Third and Fourth Affirmative Defenses of Unclean Hands and Laches fail to provide sufficient notice of the bases for the defenses. You conceded, however, that MGA had provided additional facts supporting its affirmative defense of Unclean Hands, and that Mattel did have sufficient notice of the basis for MGA's affirmative defense of Laches as to some of Mattel's counterclaims. Additionally, as explained during the meet and confer, there have been many discussions as to MGA's affirmative defense of laches as well as pleadings filed related to the same. Thus, we believe that Mattel is on fair notice as to the basis for MGA's defense of laches and unclean hands.

As mentioned, you stated that Mattel did not object to MGA pleading what Mattel acknowledged are legally cognizable affirmative defenses, as well as defenses that go towards a particular element of Mattel's claims, so as to allow MGA to preserve its rights to assert the defenses in the future.

## II.   MGA's Contemplated Motion to Dismiss Mattel's Affirmative Defenses to MGA's Affirmative Complaint

Following the parties' discussion of MGA's affirmative defenses to Mattel's counterclaims, the parties discussed MGA's contemplated motion to dismiss Mattel's affirmative defenses to MGA's claims. You had refused to discuss Mattel's affirmative defenses in tandem with our discussion of the same affirmative defenses asserted by MGA. Before you would answer any questions on Mattel's affirmative defenses, you repeated your position that MGA had no right to challenge such defenses after the 20-day period specified by Rule 12(f) lapsed. As explained during the meet and confer, however, a party can move for judgment on the pleadings at any time with respect to an invalid affirmative defense. *See Raleigh v. Mid American National Bank & Trust Co.*, 131 B.R. 979, 981-82 (N.D. Ill. 1991) ("While Rule 12(f) provides that a motion to strike must be made within twenty days, it gives unrestricted authority to the district court to strike insufficient defenses. A court has authority to consider a plaintiff's motion even though it was not made within the time limits established by Rule 12(f)."); *Go-Tane Service Stations, Inc. v. Ashland Oil, Inc.*, 508 F. Supp. 200, 202 n.2 (N.D. Ill. 1981) (explaining that the district court has authority to consider plaintiff's motion to strike the defendant's affirmative defense even though it was not made within the time limits established under Rule 12(f)); *Lunsford v. United States*, 570 F.2d 221, 227 n.11 (8th Cir. 1977) (same); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630 n.3 (7th Cir. 1975) (same); *Graham v. Brown*, 1994 WL 456631 (M.D. Fla. Aug. 18, 1994) (considering a motion to strike a affirmative defenses even though the motion was filed more than twenty days after the Answer and affirmative defenses were filed).

After we presented you with the authorities allowing motions for judgment on the pleadings as to invalid affirmative defenses, we questioned you as to the legal and factual bases

EXHIBIT ___3___   PAGE __31__

O'MELVENY & MYERS LLP
Dylan Proctor, Esq., August 29, 2007 - Page 5

for Mattel's own affirmative defenses, many of which are substantively identical to those asserted by MGA. You claimed that all of Mattel's affirmative defenses were legally sufficient, and that Mattel had articulated some of the bases for its affirmative defenses in its Answer and unidentified other filings. In particular, you claimed that Mattel's Second, Fourth, Sixth, Seventh, Eighth, 10th, 11th, 12th, and 13th Affirmative Defenses were sufficiently stated and refused to provide additional factual bases for the defenses, stating that MGA was not entitled to "free discovery." As mentioned above, you also claimed that Mattel's Fifth Affirmative Defense was either an affirmative defense or was relevant to one of MGA's claims, and thus Mattel was pleading it so as to preserve its right to assert the defense. You further acknowledged that on its face this defense did not provide fair notice of the basis for the defense, but stated that elaboration on this defense is likely provided in Mattel's Answer.

You also claimed that Mattel's Ninth Affirmative Defense that MGA's claims are barred by Mattel's rights of free speech, petitioning and association is legally sufficient and provides notice as to the basis for the defense. You also claimed that this affirmative defense "probably" goes towards portions of each of the claims asserted by MGA and that Mattel was reserving the right to have the defense apply to all of the claims asserted by MGA. You further claimed that you had pleaded this defense as an affirmative defense in the event it is an affirmative defense to any of MGA's claims.

Finally, the parties agreed that they would review the authorities provided during the meet and confer and get back to each other on Thursday regarding whether any compromise is possible. As we mentioned during the meet and confer, however, we believe that the motion contemplated by Mattel to strike various of MGA's affirmative defenses is without basis and would serve no useful purpose. As such, any such motion would subject Mattel to sanctions. I look forward to hearing from you on Thursday.

Very truly yours,

Jennifer Glad
for O'MELVENY & MYERS LLP

EXHIBIT   3   PAGE   32

# EXHIBIT 4

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**
WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

August 30, 2007

**VIA FACSIMILE AND U.S. MAIL**

Marc Feinstein, Esq.
Jennifer Glad, Esq.
O'Melveny & Meyers, LLP
400 S. Hope Street
Los Angeles, CA 90071

John Trinidad, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Ste. 620
Los Angeles, CA 90025

Re:    Mattel v. Bryant et al.

Dear Counsel:

I write to correct the record on numerous inaccuracies in Ms. Glad's letter of yesterday purporting to memorialize the August 28, 2007 meet and confer regarding Mattel's contemplated motion to strike affirmative defenses, and MGA's contemplated counter-motion.

Mattel's Contemplated Motion

As we explained, several of defendants' affirmative defenses do not provide Mattel with fair notice as pleaded.  Indeed, defendants admit they do not currently have an factual basis for many of the defenses, and they generally refused to provide any basis they might have.  Defendants nevertheless contend that their affirmative defenses are properly pleaded because they raised them as "placeholders," should defendants learn facts to support them later.  As we explained, this is improper.  Contrary to the assertions in MGA's letter, Mattel never did and does not

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT _4_ PAGE _33_

acknowledge that an affirmative defense can be pleaded merely to "preserve the right to assert it in the future," without having any current factual basis, as defendants have here.

While Mattel agrees that the parties' meet and confer was not about "free discovery," as defendants also stated, that does not change the Rule 8 requirement of fair notice. It is improper to plead affirmative defenses simply on hopeful speculation. Mattel provided MGA and Bryant with specific authority as to why most of their affirmative defenses as pleaded do not provide fair notice, including F.T.C. v. Medicor LLC, 2001 WL 765628 (C.D.Cal. 2001), Smith v. Wal-Mart Stores, 2006 WL 2711468 (N.D.Cal. 2006), and SecuriMetrics, Inc. v. Hartford Cas. Ins. Co., 2005 WL 2463749 (N.D.Cal. 2005).

MGA's letter only addresses Smith, and even there its analysis is selective. The Smith court specifically held that a mere general averment of affirmative defenses is not sufficient to provide fair notice, and struck a number of affirmative defenses, including Waiver, Estoppel, Acquiescence, and Consent on that basis. 2006 WL 2711468 at *7-9. In SecuriMetrics, the Northern District likewise struck two inadequately pled contract-based affirmative defenses despite a contention that the defenses could not be alleged more precisely because of on-going discovery. 2005 WL 2463749 at *6.

Moreover, the prejudice to Mattel from defendants' deficient notice is apparent, and Mattel's August 22, 2007 meet and confer letter sets it out explicitly. Defendants' never-before raised affirmative defenses in their recent pleadings greatly expand the scope of the case. For example, defendants had never before asserted their purported Copyright Act Section 205(d) or bona fide purchaser defenses (discussed below), and this came to light only during yesterday's meet and confer (not in the pleading itself). Or, to take the example of the MGA Parties' purported Joint Authorship defense, defendants refused to identify which Bratz works they claim were jointly authored, stating instead that it "could be" the drawings and works Mattel claims it owns or "could be" the works Mattel claims are infringing works. Meanwhile, defendants have separately argued in recent weeks that Mattel has no further right to discovery of their contentions through either interrogatories or requests for admission. Defendants are attempting to unfairly deny Mattel any information about most of their new affirmative defenses to sandbag Mattel at trial. That constitutes prejudice.

While they generally refused to or could not do so, defendants did provide at least some explanation for a few of their affirmative defenses. Specifically, Defendants explained that their purported Res Judicata defense is based on the prior Brawer litigation, and confirmed that they are not presently aware of any other prior actions relevant here. However, as we explained, that declaratory relief case ended in a dismissal without prejudice. It does not have res judicata effect.

For the defenses of Innocent Intent and Innocent Infringement, defendants explained that they believe their purportedly benign intent is a defense not only to Mattel's RICO claim based on willful copyright infringement, where willfulness is an element, but also to Mattel's civil copyright infringement claim, where intent is not an element or a defense. Mattel explained that the affirmative defense is insufficient as a matter of law regarding a civil copyright claim.

2

EXHIBIT ___4___ PAGE ___34___

Defendants provided no contrary authority or reasoning, yet refused to abandon it as a defense to a civil copyright claim.

MGA explained that its defense of Good Faith is predicated, at least in part, on its assertion that its has priority over Mattel under Section 205(d) of the Copyright Act and was a *bona fide* purchaser in good faith under the Copyright Act. We do not agree that MGA can validly assert these defenses. On Bryant's Failure of Contract, Unconscionability and Duress defenses, Bryant refused to elaborate beyond the language of the defenses. However, Bryant did make clear that the factual basis for these affirmative defenses has been discussed in prior filings in the case. On the De Minimus Use defense, MGA stated only that the basis "could be" minimal use by MGA of Bryant's Bratz drawings in developing Bratz dolls. With respect to Statute of Limitations and Laches, defendants stated that the basis for the defense has been made clear in prior filings. However, defendants also confirmed that the defense "potentially applied" to all claims. As to many of Mattel's claims, such as its trade secret claims, Mattel has no idea what the purported basis is for the pleaded defense, as we explained.

As we also discussed, many of defendants' affirmative defenses, including defenses discussed above, are insufficient as a matter of law, which presents a separate basis for striking them. This is far from a "technical" issue as MGA describes it in its letter. If defendants' pleaded defense is neither a valid affirmative defense nor a valid defense to an element of a claim, the defense should be stricken. Mattel should not have to prepare a rebuttal case to a legally insufficient affirmative defense.

Defendants' Contemplated Motion

MGA's letter also contains a number of inaccuracies with respect to the scope of the meet and confer on defendants' contemplated motion. First, MGA alternatively refers to a possible motion to dismiss, a motion for judgment on the pleadings or a motion to strike. As the correspondence prior to the conference makes clear, however, the conference was about contemplated motions to strike, to which Rule 12(f) applies. At no point during the conference did MGA even *mention*, let alone discuss, possible motions to dismiss or for judgment on the pleadings.

MGA's letter appears to now suggest that it is improper to plead an affirmative defense where it is more properly a defense to an element of a claim than an affirmative defense. However, during the conference, the parties agreed that a party may assert an affirmative defense to a claim where the defense *either* is a valid affirmative defense to a claim *or* is a defense to an element of a claim – i.e., regardless of the party which is ultimately determined to bear the burden of proof. Please let us know immediately if you now dispute that.

Further, MGA's statement that MGA may bring a motion to address "legally insufficient" defenses is also completely new. During meet and confer, MGA did not point to a single affirmative defense of Mattel that it contends is neither an affirmative defense nor a defense to an element as a matter of law. Rather, MGA's only complaint was that Mattel's pleading was inadequate for purposes of notice. A party cannot move for judgment on the pleadings based on allegations of inadequate notice, which is all defendants purported to put at issue. If MGA truly

3

EXHIBIT **4** PAGE **35**

believes that any of Mattel's affirmative defenses are legally insufficient, regardless of the facts
which may be revealed in discovery, please let us know.

MGA's letter also misrepresents that Mattel "acknowledged" that its Second Affirmative Defense
is not "legally supportable" at this time. Mattel said no such thing. It only asserted the right to
pursue this either as an affirmative defense or as a defense to MGA's claims. Moreover, Mattel's
pleading sets forth specific factual allegations regarding MGA's lack of protectible rights or
interests.

Last, Mattel has reviewed the authority MGA provided to justify making the discussed motion to
strike at this late date. Mattel disagrees that these cases support the filing a Rule 12(f) motion
which is (i) filed more than two years after Mattel served its affirmative defenses, on May 13,
2005 (Mattel's affirmative defenses did not change when it amended its Counter-Claims), (ii)
based on the sufficiency of notice of Mattel's defenses and (iii) nothing more than a tactical, "me
too" response to Mattel's letter requesting a meet and confer on a *timely* Rule 12(f) motion.
MGA has been free to propound discovery on Mattel's affirmative defenses for years. We
believe that to complain about inadequate notice at this late date, as MGA has, is improper.

Please do not hesitate to contact us if you have any questions.

Very truly yours,

B. Dylan Proctor
07209/2206219.1

4

EXHIBIT __4__ PAGE __36__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   August 30, 2007         **NUMBER OF PAGES, INCLUDING COVER: 5**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Marc Feinstein, Esq. Jennifer Glad, Esq. **O'Melveny & Myers** | (213) 430-7631 | (213) 430-6407 |
| John Trinidad, Esq. **Keker & Van Nest** | (415) 391-5400 | (415) 397-7188 |
| James Spertus, Esq. **Law Offices of James W. Spertus** | (310) 826-4700 | (310) 826-4711 |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   *Bryant v. Mattel*

**MESSAGE:**

```
FAXED
AUG 3 0 2007
```

| 07209/2208171.1 | | | | |
|---|---|---|---|---|
| **CLIENT #** | 7209 | **ROUTE/ RETURN TO:** | Tiffany Garcia/3rd Floor | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
| **OPERATOR:** | | | **CONFIRMED?** ☐ No ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT __4__ PAGE __37__

```
                    *********************************
                    ***   MULTI TX/RX REPORT   ***
                    *********************************

TX/RX NO           3302
PGS.               5
TX/RX INCOMPLETE          ------

TRANSACTION OK
                   (1)   1*12134306407
                   (2)   1*14153977188
                   (3)   1*13108264711

ERROR INFORMATION         ------
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     August 30, 2007         **NUMBER OF PAGES, INCLUDING COVER: 5**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Marc Feinstein, Esq.<br>Jennifer Glad, Esq.<br>**O'Melveny & Myers** | (213) 430-7631 | (213) 430-6407 |
| John Trinidad, Esq.<br>**Keker & Van Nest** | (415) 391-5400 | (415) 397-7188 |
| James Spertus, Esq.<br>**Law Offices of James W. Spertus** | (310) 826-4700 | (310) 826-4711 |

**FROM:**     B. Dylan Proctor, Esq.

**RE:**     *Bryant v. Mattel*

**MESSAGE:**

EXHIBIT __4__ PAGE __38__

# EXHIBIT 5

RightFAX                9/7/2007 3:26    PAGE 002/005    . x Server

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Plaintiff Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

SEP - 6 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an              CASE NO. CV 04-9049 SGL (RNBx)
    individual,
14                                 Consolidated with Case Nos. CV 04-09059
              Plaintiff,           and CV 05-02727
15
         vs.                       Hon. Stephen G. Larson
16
    MATTEL, INC., a Delaware       STIPULATION AND [PROPOSED]
17  corporation,                   ORDER REGARDING CARTER
                                   BRYANT'S REPLY TO MATTEL'S
18            Defendant.           COUNTERCLAIMS

19  AND CONSOLIDATED               Phase 1
20  ACTIONS                        Discovery Cut-Off:    January 14, 2008
                                   Pre-Trial Conference: April 7, 2008
21                                 Trial Date:           April 29, 2008

22                                 Phase 2
                                   Discovery Cut-Off:    March 3, 2008
23                                 Pre-Trial Conference: June 2, 2008
                                   Trial Date:           July 1, 2008

24

25

26                                 DOCKETED ON CM

27                                 S - - 7 2007

28                                 BY

LODGED

EXHIBIT   5   PAGE   39

<u>**Stipulation**</u>

1

2          WHEREAS, on July 12, 2007, Mattel, Inc. ("Mattel") filed its Second

3    Amended Answer in Case No. 05-2727 and Counterclaims ("Counterclaims"),

4          WHEREAS, on August 13, 2007, Carter Bryant ("Bryant") filed his reply to

5    Mattel's Counterclaims and asserted twenty-two affirmative defenses,

6          WHEREAS, Mattel contends that Bryant's affirmative defenses are

7    inadequately pleaded and that certain of the defenses are insufficient as a matter of

8    law, and the parties met and conferred regarding Mattel's contemplated motion to

9    strike the defenses on these grounds, which motion is presently due for filing on

10   September 5, 2007,

11         WHEREAS, Bryant is willing to voluntarily amend his reply to eliminate at

12   least some of the disputes between the parties, and both Mattel and Bryant wish to

13   avoid needless motion practice regarding Bryant's affirmative defenses to the extent

14   it is possible to do so,

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

-1-

EXHIBIT __5__ PAGE __40__

1     NOW, THEREFORE, Mattel and Bryant hereby stipulate, by and through
2   their counsel of record and subject to the Court's approval, that Bryant will file an
3   amended reply to Mattel's Counterclaims on or before September 12, 2007.  Mattel
4   may then file a motion to strike Bryant's amended reply pursuant to the time limits
5   set forth in Fed. R. Civ. P. 12(f) as may be appropriate.
6        IT IS SO STIPULATED.
7
8   DATED:  September 4, 2007        QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
9
10
11                                   By
12                                      B. Dylan Proctor
                                        Attorneys for Mattel, Inc.
13
14  DATED:  September 4, 2007        O'MELVENY & MYERS LLP
15
16
17                                   By  Michael Page / ALTH
18                                      Michael Page
                                        Attorneys for Carter Bryant
19
20        IT IS SO ORDERED.
21
22  DATED:  September 5, 2007        By  S. S. Larson
23                                      Hon. Stephen G. Larson
24                                      United States District Court Judge
25
26
27
28

                              -2-

                              STIPULATION AND [PROPOSED] ORDER

EXHIBIT  5  PAGE  41

## PROOF OF SERVICE

1

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4      On September 5, 2007, I served true copies of the following document(s) described as
**STIPULATION AND [PROPOSED] ORDER REGARDING CARTER BRYANT'S REPLY**
5    **TO MATTEL'S COUNTERCLAIMS** on the parties in this action as follows:

6    Diana M. Torres, Esq.                    John W. Keker, Esq.
     **O'Melveny & Myers, LLP**              Michael H. Page, Esq.
7    400 S. Hope Street                       Christa M. Anderson, Esq.
     Los Angeles, CA 90071                    **Keker & Van Nest, LLP**
8                                             710 Sansome Street
                                             San Francisco, CA 94111
9

     Patricia Glaser, Esq.                    James Spertus
10   **Christensen, Glaser, Fink, Jacobs, Weil**   **Law Offices of James W. Spertus**
     **& Shapiro, LLP**                       12100 Wilshire Blvd., Suite 620
11   10250 Constellation Blvd., 19th Floor    Los Angeles, CA 90025
     Los Angeles, CA  90067
12

13   **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above. and I
     deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with
14   postage thereon fully prepaid.

15      I declare that I am employed in the office of a member of the bar of this Court at whose
     direction the service was made.
16

     Executed on September 5, 2007, at Los Angeles, California.
17

18                                          _Laura Kinsey_

19                                          Laura Kinsey

20

21

22

23

24

25

26

27

28

EXHIBIT __5__ PAGE __42__

# EXHIBIT 6

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Dept:     Courtroom 1<br>Judge:   Hon. Stephen G. Larson<br><br>Discovery Cut-Off: Jan. 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date:   April 29, 2008 |

Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-claims, set forth in Mattel's Second Amended Answer and Counterclaims, as follows:

As a preliminary matter, Bryant notes that many of Mattel's allegations implicitly include false premises or assumptions. Bryant's denial of any allegation

9-12

1

1  should be construed as a denial of both the allegation itself, and any of the

2  allegation's underlying, unsupported assumptions.

3      Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4  place of factual allegations that Mattel claimed to protest in responding to MGA's

5  claims against it. Bryant denies all allegations not specifically admitted, including

6  Mattel's argument and innuendo. Where Bryant admits any portion of an

7  allegation, Bryant admits only the specific facts admitted, and denies all of

8  Mattel's accompanying characterizations, conclusions, and speculation contained

9  in that allegation or in Mattel's counterclaims as a whole.

10      Bryant also submits that Mattel's use of headings throughout its

11  counterclaims is improper, and that therefore no response to Mattel's headings is

12  required. If any response is required, Bryant denies all allegations contained in

13  Mattel's headings.

14      Finally, Bryant notes that many of the allegations in this complaint allege

15  nothing relating Bryant. Although Bryant recognizes that he is nonetheless

16  required to answer them, Bryant lacks any knowledge or information concerning

17  these allegations. In denying these allegations based on his lack of knowledge and

18  information regarding alleged events not involving him, as with all his other

19  denials, Bryant also denies Mattel's negative characterizations and innuendo about

20  all of the alleged events, including any events or facts that may in fact have

21  occurred (such as, for example, MGA's hiring of certain individuals previously

22  employed by Mattel).

23                    **Responses**

24      1.    Bryant denies the allegations of this paragraph.

25      2.    Bryant admits that he conceived, created and developed Bratz designs,

26  that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27  improperly sought to register copyrights for certain Bratz designs. Bryant denies

28  all remaining allegations of this paragraph.

EXHIBIT __6__ PAGE __44__

1    3.    Bryant denies that MGA engaged in illegal conduct in entering the

2    agreement with Bryant.  Bryant lacks knowledge or information sufficient to form

3    a belief as to the truth of the remaining allegations of this paragraph, and on that

4    basis denies them.

5    4.    Bryant lacks knowledge or information sufficient to form a belief as

6    to the truth of the allegations of this paragraph, and on that basis denies them.

7    5.    Bryant denies the allegations of this paragraph.

8    6.    Bryant admits that Mattel purports to seek relief under 17 U.S.C. § §

9    101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28

10   U.S.C. § 1367 for its purported state law claims.  Bryant admits that the Court has

11   jurisdiction to hear claims against Bryant, based on those allegations, but denies

12   that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.

13   Bryant lacks knowledge or information sufficient to form a belief as to the truth of

14   the allegations of this paragraph regarding other defendants, and on that basis

15   denies them.

16   7.    Bryant admits that venue is proper in this District as to claims against

17   Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its

18   alleged claims.  Bryant lacks knowledge or information sufficient to form a belief

19   as to the truth of the allegations of this paragraph regarding other defendants, and

20   on that basis denies them.

21   8.    Bryant admits the allegation of this paragraph.

22   9.    Bryant admits the allegations of the first and second sentences of this

23   paragraph.  Bryant denies the remaining allegations of this paragraph.

24   10.   Bryant admits the allegations of this paragraph.

25   11.   Bryant lacks knowledge or information sufficient to form a belief as

26   to the truth of the allegations of this paragraph, and on that basis denies them.

27   12.   Bryant lacks knowledge or information sufficient to form a belief as

28   to the truth of the allegations of this paragraph, and on that basis denies them.

CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  6   PAGE  45

13.     Bryant admits that Isaac Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles.  Bryant denies the remaining allegations of this paragraph.

14.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

15.     Bryant denies the allegations of this paragraph.

16.     Bryant admits that Mattel manufactures and markets toys, games, dolls and other consumer products.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of this paragraph, and on that basis denies them.  Bryant admits that Mattel is a well-known company, and denies all remaining allegations of this paragraph.

17.     Bryant admits that Mattel maintains a large design center in El Segundo, California at which many designers, sculptors, painters and other artists work to create Mattel products.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of this paragraph, and on that basis denies them.

18.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

19.     Bryant admits that MGA is a toy manufacturer that launched a fashion doll line.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph, and on that basis denies them.  Bryant denies that MGA stole a fashion doll that was owned by Mattel, and denies all remaining allegations of this paragraph.

20.     Bryant denies all allegations of this paragraph.

21.     Bryant admits that he is a former Mattel employee, that he began working for Mattel in September 1995 and worked in Mattel's Design Center as a Barbie product designer, and that he stopped working with Mattel in or about April

4

ΕΧΗΙΒΙΙ ___6___   PAGE __46__

1998.  Bryant denies that he moved to Missouri to live with his parents in or about April 1998.  Bryant admits that late in 1998, he applied to Mattel to be rehired, and that on or about January 4, 1999, he began working at Mattel in Mattel's Design Center as a product designer.  Bryant denies any remaining allegations of this paragraph.

    22.    Bryant admits that, upon his return to Mattel in January 1999, he signed the document attached to Mattel's Counterclaims as Exhibit A, which is titled "Employee Confidential Information and Inventions Agreement."  Bryant denies all remaining allegations of this paragraph, explicit or implicit, including Mattel's allegations regarding the legal significance of this document.

    23.    Bryant denies the allegations of this paragraph.

    24.    Bryant admits that, upon his return to Mattel in January 1999, he signed the document attached to Mattel's Counterclaims as Exhibit B, which is titled "Conflict of Interest Questionnaire."  Bryant admits that he disclosed on this document freelance work he had performed while in Missouri for Ashton-Drake, which is unrelated to Mattel's allegations here.  Bryant denies all remaining allegations of this paragraph, explicit or implicit, including Mattel's allegations regarding the legal significance of this document.

    25.    Bryant denies the allegations of this paragraph.

    26.    Bryant denies the allegations of this paragraph, including all the allegations of each of its sub-paragraphs.

    27.    Bryant denies the allegations of this paragraph.

    28.    Bryant denies the allegations of this paragraph.

    29.    Bryant denies the allegations of this paragraph.

    30.    Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

    31.    Bryant admits that samples of the four original Bratz dolls were shown at the Hong Kong Toy Fair in January 2001.  Bryant denies the remaining

EXHIBIT _6_ PAGE _47_

1    allegations of this paragraph.

2         32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3    products in many countries throughout the world.  Bryant lacks knowledge or

4    information sufficient to form a belief as to the truth of the allegations of the

5    second sentence of this paragraph, and on that basis denies them.  Bryant admits

6    the allegations of the third sentence of this paragraph.  Bryant admits that MGA

7    claims current ownership of Bratz, including the copyrights and copyright

8    registrations attendant thereto.  Bryant admits the allegations of the fifth sentence

9    of this paragraph.  Bryant denies all remaining allegations of this paragraph

10        33.    Bryant denies the allegations of this paragraph.

11        34.    Bryant denies the allegations of this paragraph.

12        35.    Bryant denies the allegations of this paragraph.

13        36.    Bryant admits that he had an agreement with MGA and the terms of

14   that agreement speak for themselves.  Bryant denies all remaining allegations of

15   this paragraph.

16        37.    Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18        38.    Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20        39.    Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22        40.    Bryant lacks knowledge or information sufficient to form a belief as

23   to the truth of the allegations of this paragraph, and on that basis denies them.

24        41.    Bryant lacks knowledge or information sufficient to form a belief as

25   to the truth of the allegations of this paragraph, and on that basis denies them.

26        42.    Bryant lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of this paragraph, and on that basis denies them.

28        43.    Bryant lacks knowledge or information sufficient to form a belief as

CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___6___ PAGE __48__

1 | to the truth of the allegations of this paragraph, and on that basis denies them.

2 | 44.   Bryant lacks knowledge or information sufficient to form a belief as
3 | to the truth of the allegations of this paragraph, and on that basis denies them.

4 | 45.   Bryant lacks knowledge or information sufficient to form a belief as
5 | to the truth of the allegations of this paragraph, and on that basis denies them.

6 | 46.   Bryant lacks knowledge or information sufficient to form a belief as
7 | to the truth of the allegations of this paragraph, and on that basis denies them.

8 | 47.   Bryant lacks knowledge or information sufficient to form a belief as
9 | to the truth of the allegations of this paragraph, and on that basis denies them.

10 | 48.   Bryant lacks knowledge or information sufficient to form a belief as
11 | to the truth of the allegations of this paragraph, and on that basis denies them.

12 | 49.   Bryant lacks knowledge or information sufficient to form a belief as
13 | to the truth of the allegations of this paragraph, and on that basis denies them.

14 | 50.   Bryant lacks knowledge or information sufficient to form a belief as
15 | to the truth of the allegations of this paragraph, and on that basis denies them.

16 | 51.   Bryant lacks knowledge or information sufficient to form a belief as
17 | to the truth of the allegations of this paragraph, and on that basis denies them.

18 | 52.   Bryant lacks knowledge or information sufficient to form a belief as
19 | to the truth of the allegations of this paragraph, and on that basis denies them.

20 | 53.   Bryant lacks knowledge or information sufficient to form a belief as
21 | to the truth of the allegations of this paragraph, and on that basis denies them.

22 | 54.   Bryant lacks knowledge or information sufficient to form a belief as
23 | to the truth of the allegations of this paragraph, and on that basis denies them.

24 | 55.   Bryant lacks knowledge or information sufficient to form a belief as
25 | to the truth of the allegations of this paragraph, and on that basis denies them.

26 | 56.   Bryant lacks knowledge or information sufficient to form a belief as
27 | to the truth of the allegations of this paragraph, and on that basis denies them.

28 | 57.   Bryant lacks knowledge or information sufficient to form a belief as

7

CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 6 PAGE 49

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2        58.    Bryant lacks knowledge or information sufficient to form a belief as

3    to the truth of the allegations of this paragraph, and on that basis denies them.

4        59.    Bryant lacks knowledge or information sufficient to form a belief as

5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        60.    Bryant lacks knowledge or information sufficient to form a belief as

7    to the truth of the allegations of this paragraph, and on that basis denies them.

8        61.    Bryant lacks knowledge or information sufficient to form a belief as

9    to the truth of the allegations of this paragraph, and on that basis denies them.

10        62.    Bryant lacks knowledge or information sufficient to form a belief as

11    to the truth of the allegations of this paragraph, and on that basis denies them.

12        63.    Bryant lacks knowledge or information sufficient to form a belief as

13    to the truth of the allegations of this paragraph, and on that basis denies them.

14        64.    Bryant lacks knowledge or information sufficient to form a belief as

15    to the truth of the allegations of this paragraph, and on that basis denies them.

16        65.    Bryant lacks knowledge or information sufficient to form a belief as

17    to the truth of the allegations of this paragraph, and on that basis denies them.

18        66.    Bryant lacks knowledge or information sufficient to form a belief as

19    to the truth of the allegations of this paragraph, and on that basis denies them.

20        67.    Bryant lacks knowledge or information sufficient to form a belief as

21    to the truth of the allegations of this paragraph, and on that basis denies them.

22        68.    Bryant lacks knowledge or information sufficient to form a belief as

23    to the truth of the allegations of this paragraph, and on that basis denies them.

24        69.    Bryant lacks knowledge or information sufficient to form a belief as

25    to the truth of the allegations of this paragraph, and on that basis denies them.

26        70.    Bryant lacks knowledge or information sufficient to form a belief as

27    to the truth of the allegations of this paragraph, and on that basis denies them.

28        71.    Bryant lacks knowledge or information sufficient to form a belief as

CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __6__ PAGE __50__

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2       72.    Bryant lacks knowledge or information sufficient to form a belief as
3    to the truth of the allegations of this paragraph, and on that basis denies them.

4       73.    Bryant lacks knowledge or information sufficient to form a belief as
5    to the truth of the allegations of this paragraph, and on that basis denies them.

6       74.    Bryant lacks knowledge or information sufficient to form a belief as
7    to the truth of the allegations of this paragraph, and on that basis denies them.

8       75.    Bryant lacks knowledge or information sufficient to form a belief as
9    to the truth of the allegations of this paragraph, and on that basis denies them.

10      76.    Bryant lacks knowledge or information sufficient to form a belief as
11   to the truth of the allegations of this paragraph, and on that basis denies them.

12      77.    Bryant lacks knowledge or information sufficient to form a belief as
13   to the truth of the allegations of this paragraph, and on that basis denies them.

14      78.    Bryant lacks knowledge or information sufficient to form a belief as
15   to the truth of the allegations of this paragraph, and on that basis denies them.

16      79.    Bryant lacks knowledge or information sufficient to form a belief as
17   to the truth of the allegations of this paragraph, and on that basis denies them.

18      80.    Bryant lacks knowledge or information sufficient to form a belief as
19   to the truth of the allegations of this paragraph, and on that basis denies them.

20      81.    Bryant lacks knowledge or information sufficient to form a belief as
21   to the truth of the allegations of this paragraph, and on that basis denies them.

22                       **Mattel's First Counterclaim**

23      82.    Bryant repeats and realleges his answers to paragraphs 1 through 81
24   above, as though fully set forth here at length.  Bryant denies any allegations not
25   expressly admitted.

26      83.    Bryant denies the allegations of this paragraph.

27      84.    Bryant denies the allegations of this paragraph.

28      85.    Bryant denies the allegations of this paragraph.

9

EXHIBIT ___6___ PAGE__51_

1    86.    Bryant denies the allegations of this paragraph.

2    87.    Bryant denies the allegations of this paragraph.

3    **Mattel's Second Counterclaim**

4    88.    Bryant repeats and realleges its answers to paragraphs 1 through 87

5    above, as though fully set forth here at length.  Bryant denies any allegations not

6    expressly admitted.

7    89.    Bryant denies the allegations of this paragraph.

8    90.    Bryant denies the allegations of this paragraph.

9    91.    Bryant denies the allegations of this paragraph.

10    92.    Bryant denies the allegations of this paragraph.

11    93.    Bryant denies the allegations of this paragraph, including the

12    allegations of all of its sub-paragraphs.

13    94.    Bryant denies the allegations of this paragraph.

14    95.    Bryant denies the allegations of this paragraph.

15    96.    Bryant denies the allegations of this paragraph.

16    97.    Bryant denies the allegations of this paragraph.

17    **Mattel's Third Counterclaim**

18    98.    Bryant repeats and realleges its answers to paragraphs 1 through 97

19    above, as though fully set forth here at length.  Bryant denies any allegations not

20    expressly admitted.

21    99.    Bryant denies the allegations of this paragraph.

22    100.    Bryant denies the allegations of this paragraph.

23    101.    Bryant denies the allegations of this paragraph.

24    102.    Bryant denies the allegations of this paragraph.

25    103.    Bryant denies the allegations of this paragraph.

26    104.    Bryant denies the allegations of this paragraph.

27    105.    Bryant denies the allegations of this paragraph.

28

**CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)**

EXHIBIT ___6___ PAGE __52__

## Mattel's Fourth Counterclaim

106.   Bryant repeats and realleges its answers to paragraphs 1 through 105 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

107.   Bryant denies the allegations of this paragraph.

108.   Bryant denies the allegations of this paragraph.

109.   Bryant denies the allegations of this paragraph.

110.   Bryant denies the allegations of this paragraph.

111.   Bryant denies the allegations of this paragraph.

112.   Bryant denies the allegations of this paragraph.

113.   Bryant denies the allegations of this paragraph.

114.   Bryant denies the allegations of this paragraph.

115.   Bryant denies the allegations of this paragraph.

## Mattel's Fifth Counterclaim

116.   Bryant repeats and realleges its answers to paragraphs 1 through 115 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

117.   Bryant denies the allegations of this paragraph.

118.   Bryant denies the allegations of this paragraph.

119.   Bryant denies the allegations of this paragraph.

120.   Bryant denies the allegations of this paragraph.

121.   Bryant denies the allegations of this paragraph.

## Mattel's Sixth Counterclaim

122.   Bryant repeats and realleges its answers to paragraphs 1 through 122 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

123.   Bryant denies the allegations of this paragraph.

124.   Bryant denies the allegations of this paragraph.

11

402580.01

EXHIBIT ___6___ PAGE _53_

125. Bryant denies the allegations of this paragraph.

126. Bryant denies the allegations of this paragraph.

127. Bryant denies the allegations of this paragraph.

128. Bryant denies the allegations of this paragraph.

**Mattel's Seventh Counterclaim**

129. Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

130. Bryant denies the allegations of this paragraph.

131. Bryant denies the allegations of this paragraph.

132. Bryant denies the allegations of this paragraph.

133. Bryant denies the allegations of this paragraph.

134. Bryant denies the allegations of this paragraph.

135. Bryant denies the allegations of this paragraph.

**Mattel's Eighth Counterclaim**

136. Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

137. Bryant denies the allegations of this paragraph.

138. Bryant denies the allegations of this paragraph.

139. Bryant denies the allegations of this paragraph.

140. Bryant denies the allegations of this paragraph.

141. Bryant denies the allegations of this paragraph.

**Mattel's Ninth Counterclaim**

142. Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

143. Bryant denies the allegations of this paragraph.

12

144. Bryant denies the allegations of this paragraph.

145. Bryant denies the allegations of this paragraph.

146. Bryant denies the allegations of this paragraph.

147. Bryant denies the allegations of this paragraph.

148. Bryant denies the allegations of this paragraph

### Mattel's Tenth Counterclaim

149. Bryant repeats and realleges its answers to paragraphs 1 through 148 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

150. Bryant denies the allegations of this paragraph.

151. Bryant denies the allegations of this paragraph.

152. Bryant denies the allegations of this paragraph.

153. Bryant denies the allegations of this paragraph.

154. Bryant denies the allegations of this paragraph.

### Mattel's Eleventh Counterclaim

155. Bryant repeats and realleges its answers to paragraphs 1 through 154 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

156. Bryant denies the allegations of this paragraph.

157. Bryant denies the allegations of this paragraph.

158. Bryant denies the allegations of this paragraph.

159. Bryant denies the allegations of this paragraph.

160. Bryant denies the allegations of this paragraph.

161. Bryant denies the allegations of this paragraph.

162. Bryant denies the allegations of this paragraph.

### Mattel's Twelfth Counterclaim

163. Bryant repeats and realleges its answers to paragraphs 1 through 162 above, as though fully set forth here at length. Bryant denies any allegations not

CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _6_ PAGE _55_

1   expressly admitted.

2       164.   Bryant admits the allegation of this paragraph regarding the contents

3   of section 17200 of the California Business and Professions Code, but denies that

4   Mattel is entitled to any relief or recovery whatsoever on its claims.

5       165.   Bryant denies the allegations of this paragraph.

6       166.   Bryant denies the allegations of this paragraph.

### Mattel's Thirteenth Counterclaim

8       167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9   above, as though fully set forth here at length.  Bryant denies any allegations not

10  expressly admitted.

11      168.   Bryant admits that an actual controversy exists between the parties,

12  because of Mattel's campaign of harassing litigation, but denies all other

13  allegations of this paragraph, and denies that Mattel is entitled to any relief or

14  recovery whatsoever.

15      169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17  to any relief or recovery whatsoever.

18      170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20  to any relief or recovery whatsoever.

### Prayer for Relief

22      This section of Mattel's counterclaims contains no factual allegations, and

23  requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24  and respectfully requests judgment dismissing Mattel's counterclaims with

25  prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26  and whatever other relief to Bryant the Court deems appropriate.

27      Except as specifically admitted above, Bryant denies each and every

28  allegation in Mattel's counterclaims.

## Affirmative Defenses

1  Bryant states the following affirmative defenses, but does so without

2  assuming the burden of proof on any defense or issue for which that burden rests

3  with Mattel or any other party, and without admitting any wrongful conduct by any

4  defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands.  Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant.  In particular, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.  Mattel also seeks to impose on Bryant duties and obligations (such as the alleged duty to assign to Mattel all inventions by Bryant) that are contrary to applicable law, including the sources of law on which Mattel's claims rely, as well as the common-law principles of employment law in California and the California Labor Code, including particularly §§ 2870-2872.

### Second Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver.  In particular, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.  Mattel has also tolerated

15

EXHIBIT __6__ PAGE __57__

1   conduct by other employees similar to the alleged conduct by Bryant on which

2   Mattel now bases its contract and related claims.

### Third Affirmative Defense (Estoppel)

4       Mattel's counterclaims, and each claim for relief, are barred by the equitable

5   doctrine of estoppel. In particular, Mattel believed from the time that Carter

6   Bryant left Mattel's employ that he was going to perform work for a Mattel

7   competitor, and Mattel shortly thereafter began investigating what it suspected to

8   be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said

9   nothing while the dolls were successfully (and at great cost) developed,

10  manufactured and sold, and only filed suit years later. Accordingly, Mattel should

11  be estopped from belatedly raising its claims.

### Fourth Affirmative Defense (Laches)

13      Mattel's counterclaims, and each claim for relief, are barred by the equitable

14  doctrine of laches. In particular, Mattel believed from the time that Carter Bryant

15  left Mattel's employ that he was going to perform work for a Mattel competitor,

16  and Mattel shortly thereafter began investigating what it suspected to be

17  wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said

18  nothing while the dolls were successfully (and at great cost) developed,

19  manufactured and sold, and only filed suit years later. Accordingly, laches should

20  bar Mattel from belatedly raising its claims.

### Fifth Affirmative Defense (Consent)

22      Mattel's counterclaims, and each claim for relief, are barred by the equitable

23  doctrine of consent. In particular, Mattel believed from the time that Carter Bryant

24  left Mattel's employ that he was going to perform work for a Mattel competitor,

25  and Mattel shortly thereafter began investigating what it suspected to be

26  wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said

27  nothing while the dolls were successfully (and at great cost) developed,

28  manufactured and sold, and only filed suit years later. Mattel has also tolerated

16

EXHIBIT ___6___ PAGE ___58___

1  conduct by other employees similar to the alleged conduct by Bryant on which

2  Mattel now bases its contract and related claims.

3  **Sixth Affirmative Defense (Statute of Limitations)**

4  Mattel's counterclaims, and each claim for relief, are barred by the

5  applicable statutes of limitations, including but not limited to Code of Civil

6  Procedure §§ 337, 339, 343, and 338(c).

7  **Seventh Affirmative Defense (Failure to Mitigate Damages)**

8  With respect to any alleged damages (the existence of which Bryant denies),

9  Mattel failed to mitigate its damages.

10  **Eighth Affirmative Defense (Lack of Causation)**

11  Any losses or harms allegedly sustained by Mattel resulted from causes

12  other than any act or omission of Bryant, including but not limited to Mattel's own

13  acts or omissions.

14  **Ninth Affirmative Defense (Failure of Contract)**

15  Any alleged contract with Mattel fails for lack of consideration, and/or is

16  vague and uncertain; accordingly, the alleged contract is void, voidable, and/or

17  unenforceable.

18  **Tenth Affirmative Defense (Duress/Unconscionability)**

19  Any alleged contract with Mattel was unconscionable and/or the result of

20  duress; accordingly, the alleged contract is void, voidable, and/or unenforceable.

21  **Eleventh Affirmative Defense (Alleged Duties Contrary to Law)**

22  Any alleged duties or obligations which Mattel claims are owed by Bryant

23  (such as the alleged duty to assign to Mattel all inventions by Bryant) are contrary

24  to applicable law, including the sources of law on which Mattel's claims rely, as

25  well as the common-law principles of employment law in California and the

26  California Labor Code, including particularly §§ 2870-2872.

27  **Twelfth Affirmative Defense (Lack of Standing)**

28  Mattel's counterclaims are barred in whole or in part by its lack of standing,

402580.01

EXHIBIT __6__ PAGE __59__

1  in that Mattel does not own any valid copyright interests it seeks to assert against

2  Bryant.

### Thirteenth Affirmative Defense (Information Readily Ascertainable)

4  Bryant cannot be liable, either on his own account or by association with

5  MGA or other defendants, for alleged misappropriation of information that was

6  readily ascertainable by proper means at the time of the alleged acquisition or use.

7  Such information includes, but is not limited to, the identity of hair manufacturers.

### Fourteenth Affirmative Defense (Lack of Ownership)

9  Mattel is neither the legal nor beneficial owner in the copyrights purportedly

10  at issue.

### Fifteenth Affirmative Defense (Copyright Invalidity)

12  Mattel's purported copyrights are invalid.

### Sixteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)

14  Mattel is barred from recovering statutory damages and/or attorneys' fees

15  because it failed to register the copyrights that are purportedly at issue within the

16  time required by 17 U.S.C. § 412.

### Seventeenth Affirmative Defense (Joinder in Defenses of Co-Defendants)

18  Bryant hereby adopts and incorporates by this reference any and all other

19  affirmative defenses that have been or will be asserted by any other defendant

20  (including MGA) in this litigation to the extent that defendants may share in such

21  affirmative defenses.

22

23  Bryant has not knowingly and intentionally waived any applicable

24  affirmative defense and reserves the right to raise additional affirmative defenses

25  as they become known to him through discovery in this litigation.  In stating the

26  above affirmative defenses, Bryant also does not in any way waive or limit any

27  defenses raised by its denials of Mattel's allegations above.  Bryant further

28  reserves the right to amend his answer and/or affirmative defenses accordingly

EXHIBIT _6_ PAGE _60_

1    and/or to delete affirmative defenses that he determines during later discovery are

2    not applicable.

### Prayer for Relief

3

4    WHEREFORE, Bryant respectfully requests relief as follows:

5    1.    That Mattel's counterclaims be dismissed with prejudice;

6    2.    That Mattel take nothing by its counterclaims;

7    3.    That Mattel's request for injunctive and other equitable relief be

8    denied;

9    4.    That Bryant be awarded the cost of this litigation, including

10    reasonable attorneys' fees and interest; and

11    5.    That Bryant receive such other relief as the Court may deem proper.

12

13                                                Respectfully submitted,

14    Dated:  September 12, 2007                KEKER & VAN NEST, LLP

15

16                                        By:  _Christ Ander /AWN_

17                                              CHRISTA M. ANDERSON
                                                Attorneys for Plaintiff
18                                              CARTER BRYANT

19

20

21

22

23

24

25

26

27

28

402580.01

**CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**
**CASE NO. CV 04-09049 SGL (RNBx)**

EXHIBIT ___6___ PAGE ___61___

1

## DEMAND FOR JURY TRIAL

2

3      Bryant respectfully requests a trial by jury for all issues so triable.

4

5   Dated:  September 12, 2007                    KEKER & VAN NEST, LLP

6

7                                        By:  _Christ  Anderson  /AWH_

8                                             CHRISTA M. ANDERSON
                                              Attorneys for Plaintiff
9                                             CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

402580.01

EXHIBIT ___6___ PAGE ___62__

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On September 12, 2007, I served the following document(s):

**CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel:   213/430-6000
Fax:   213/430-6407
dtorres@omm.com

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil &
Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:   310/553-3000
Fax:   310/556-2920
pglaser@chrisglase.com

Executed on September 12, 2007, at San Francisco, California.

1     I declare under penalty of perjury under the laws of the State of California

2  that the above is true and correct.

3

4                        JULIE A. SELBY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT _6_ PAGE _64_

# EXHIBIT 7

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

September 26, 2007

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:   <u>Mattel v. Bryant et al.</u>

Dear Michael:

I write pursuant to <u>Local Rule</u> 7-3 to request a conference of counsel regarding a motion Mattel contemplates bringing to strike several of the affirmative defenses in Mr. Bryant's recently filed Amended Reply to Mattel's Counterclaims.

First, even after Mr. Bryant agreed to amend his original Reply to provide Mattel with fair notice of his defenses, Bryant's Amended Reply continues to fail to provide fair notice of a number of defenses, including the Seventh, Eighth, Twelfth, Fourteenth and Fifteenth defenses. The factual basis underlying these defenses, if any, remains unpleaded.

Second, a number of Mr. Bryant's defenses are legally insufficient, including his First, Second, Third, and Fifth affirmative defenses, alleging unclean hands, waiver, estoppel, and consent, and his Ninth, Tenth, and Eleventh affirmative defenses, alleging failure of contract, duress/unconscionability, and alleged duties contrary to law. Regarding the first group, the alleged facts center on allegations that Mattel improperly delayed filing suit after learning of Bryant's unlawful activities and tolerated similar conduct by other employees. These facts simply do no support the pleaded defenses. Regarding the latter group, the Court rejected the pleaded defenses when they were pleaded by Bryant as counterclaims. They remain legally insufficient now.

EXHIBIT __7__ PAGE __65__

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Please let me know when you are available for a pre-filing conference of counsel this week. I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

BDP:lak

2

EXHIBIT __7__ PAGE __66__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   September 26, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| Michael H. Page, Esq. **Keker & Van Nest, LLP** | (415) 391-5400 | (415) 397-7188 |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   *Bryant v. Mattel, Inc.*

**MESSAGE:**

FAXED
SEP 2 6 2007

EXHIBIT __7__ PAGE __67__

07209/2172399.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Tiffany Garcia/3rd Floor | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2282
RECIPIENT ADDRESS     76681#7209#14153977188
DESTINATION ID
ST. TIME              09/26 11:09
TIME USE              00'53
PAGES SENT            3
RESULT                OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:** September 26, 2007          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |

**FROM:**      B. Dylan Proctor, Esq.

**RE:**      *Bryant v. Mattel, Inc.*

**MESSAGE:**

EXHIBIT __7__ PAGE __68__

# EXHIBIT 8

COPY
LODGED

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      johnquinn@quinnemanuel.com
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemanuel.com)
5     Timothy L. Alger (Bar No. 160303)
      (timalger@quinnemanuel.com)
6   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
7   Telephone:   (213) 443-3000
    Facsimile:    (213) 443-3100
8
    Attorneys for Plaintiff Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

OCT - 9 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13   CARTER BRYANT, an                CASE NO. CV 04-9049 SGL (RNBx)
     individual,
14                                    Consolidated with Case Nos. CV 04-09059
              Plaintiff,             and CV 05-02727
15
         vs.                          Hon. Stephen G. Larson
16
     MATTEL, INC., a Delaware         STIPULATION AND [PROPOSED]
17   corporation,                     ORDER REGARDING CARTER
                                      BRYANT'S AMENDED REPLY TO
18            Defendant.              MATTEL'S COUNTERCLAIMS

19   ────────────────────────         **Phase 1**
     AND CONSOLIDATED                  Discovery Cut-Off:   January 14, 2008
20   ACTIONS                           Pre-Trial Conference: April 7, 2008
                                       Trial Date:          April 29, 2008
21
                                       **Phase 2**
22                                     Discovery Cut-Off:   March 3, 2008
                                       Pre-Trial Conference: June 2, 2008
23                                     Trial Date:          July 1, 2008

24

25

26

27

28

404050.01
07209/2211520.1

10-5

EXHIBIT ___8___ PAGE ___69___

## Stipulation

WHEREAS, on July 12, 2007, Mattel, Inc. ("Mattel") filed its Second Amended Answer in Case No. 05-2727 and Counterclaims ("Counterclaims"),

WHEREAS, on August 13, 2007, Carter Bryant ("Bryant") filed his reply to Mattel's Counterclaims and asserted twenty-two affirmative defenses,

WHEREAS, Mattel contended that Bryant's affirmative defenses were inadequately pleaded and that certain of the defenses were insufficient as a matter of law, and the parties met and conferred regarding a motion Mattel contemplated filing to strike the defenses on those grounds,

WHEREAS, Bryant agreed to voluntarily amend his reply to eliminate some of the disputes between the parties and, pursuant to a Stipulation and Order dated September 6, 2007, filed an amended reply to Mattel's Counterclaims on September 12, 2007, asserting seventeen affirmative defenses,

WHEREAS, Mattel believes that certain of Bryant's defenses remain inadequately pleaded and that certain of the defenses remain insufficient as a matter of law, and the parties have again met and conferred regarding Mattel's contemplated motion to strike the defenses on these grounds, and

WHEREAS, Bryant is willing to voluntarily amend his amended reply again in an attempt to eliminate further disputes between the parties, including by withdrawing his Ninth, Tenth, and Eleventh affirmative defenses of "failure of contract," "duress/unconscionability" and "alleged duties contrary to law," respectively,

///
///
///
///
///
///

1  ///

2         NOW, THEREFORE, Mattel and Bryant hereby stipulate, by and through

3  their counsel of record and subject to the Court's approval, that Bryant will file a

4  Second Amended Reply to Mattel's Counterclaims on or before October 15, 2007.

5  Mattel may then file a motion to strike Bryant's Second Amended Reply pursuant to

6  the time limits set forth in Fed. R. Civ. P. 12(f) as may be appropriate.

7         IT IS SO STIPULATED.

8

9  DATED:  October 4, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
10

11

12                                  By
                                    _____
13                                      B. Dylan Proctor
                                        Attorneys for Mattel, Inc.
14

15  DATED:  October 4, 2007          KEKER & VAN NEST, LLP

16

17                                  By

18                                  _____
                                    John Trinidad
19                                  Attorneys for Carter Bryant

20

21         IT IS SO ORDERED.

22

23  DATED:  October ___, 2007        By  STEPHEN G. LARSON
                                    UNITED STATES DISTRICT JUDGE
24                                  _____
25                                  Hon. Stephen G. Larson
                                    United States District Court Judge
26

27

28                                  EXHIBIT ___8___ PAGE __71__

404050.01
07209/2211520.1                    -2-

                                    STIPULATION AND [PROPOSED] ORDER

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 5, 2007, I served true copies of the following document(s) described as **STIPULATION AND [PROPOSED] ORDER REGARDING CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS** on the parties in this action as follows:

Diana Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

*Attorneys for MGA Entertainment, Inc.*

Patricia Glaser, Esq.
**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

*Attorneys for MGA Entertainment*

Michael H. Page, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

*Attorneys for Carter Bryant*

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**OVERLAND, BORENSTEIN, SCHEPER & KIM, LLP**
300 S. Grand Avenue, Suite 2750
Los Angeles, CA 90071

*Attorneys for Carlos Gustav Machado Gomez*

**BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 5, 2007, at Los Angeles, California.

Laura Kinsey

EXHIBIT __8__ PAGE __72__

07209/2243792.1

# EXHIBIT 9

CALENDARED

RECEIVED

OCT 1 7 2007

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    710 Sansome Street
5   San Francisco, CA 94111-1704
    Telephone: (415) 391-5400
6   Facsimile: (415) 397-7188

7   Attorneys for Plaintiff
    CARTER BRYANT
8

9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11
                            EASTERN DIVISION
12

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
15                          Plaintiff,   2727

16         v.                            CARTER BRYANT'S SECOND
                                         AMENDED REPLY TO MATTEL'S
17  MATTEL, INC. a Delaware              COUNTERCLAIMS
    Corporation,
18                          Defendant.   DEMAND FOR JURY TRIAL

19                                       Dept:    Courtroom 1
    CONSOLIDATED WITH MATTEL,            Judge:   Hon. Stephen G. Larson
20  INC., v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
21  MATTEL, INC.
                                         Discovery Cut-Off: Jan. 14, 2008
22                                       Pre-Trial Conference: April 7, 2008
                                         Trial Date: April 29, 2008
23

24         Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27         As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions.  Bryant's denial of any allegation

                            10-16            1

EXHIBIT    9    PAGE  73

1 | should be construed as a denial of both the allegation itself, and any of the
2 | allegation's underlying, unsupported assumptions.

3 | Mattel's counterclaims also contain just the sort of argumentative rhetoric in
4 | place of factual allegations that Mattel claimed to protest in responding to MGA's
5 | claims against it. Bryant denies all allegations not specifically admitted, including
6 | Mattel's argument and innuendo. Where Bryant admits any portion of an
7 | allegation, Bryant admits only the specific facts admitted, and denies all of
8 | Mattel's accompanying characterizations, conclusions, and speculation contained
9 | in that allegation or in Mattel's counterclaims as a whole.

10 | Bryant also submits that Mattel's use of headings throughout its
11 | counterclaims is improper, and that therefore no response to Mattel's headings is
12 | required. If any response is required, Bryant denies all allegations contained in
13 | Mattel's headings.

14 | Finally, Bryant notes that many of the allegations in Mattel's counterclaims
15 | allege nothing relating Bryant. Although Bryant recognizes that he is nonetheless
16 | required to answer them, Bryant lacks any knowledge or information concerning
17 | these allegations. In denying these allegations based on his lack of knowledge and
18 | information regarding alleged events not involving him, as with all his other
19 | denials, Bryant also denies Mattel's negative characterizations and innuendo about
20 | all of the alleged events, including any events or facts that may in fact have
21 | occurred (such as, for example, MGA's hiring of certain individuals previously
22 | employed by Mattel).

23 | **Responses**

24 | 1.      Bryant denies the allegations of this paragraph.

25 | 2.      Bryant admits that he conceived, created and developed Bratz designs,
26 | that he entered into an agreement with MGA regarding Bratz, and that Mattel has
27 | improperly sought to register copyrights for certain Bratz designs. Bryant denies
28 | all remaining allegations of this paragraph.

2

404479.01

EXHIBIT ___9___ PAGE __74__

3.    Bryant denies that MGA engaged in illegal conduct in entering the agreement with Bryant. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

4.    Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

5.    Bryant denies the allegations of this paragraph.

6.    Bryant admits that Mattel purports to seek relief under 17 U.S.C. § § 101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28 U.S.C. § 1367 for its purported state law claims. Bryant admits that the Court has jurisdiction to hear claims against Bryant, based on those allegations, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

7.    Bryant admits that venue is proper in this District as to claims against Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

8.    Bryant admits the allegation of this paragraph.

9.    Bryant admits the allegations of the first and second sentences of this paragraph. Bryant denies the remaining allegations of this paragraph.

10.   Bryant admits the allegations of this paragraph.

11.   Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

12.   Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __9__ PAGE 75

1    13.    Bryant admits that Isaac Larian is the President and CEO of MGA and

2  an individual residing in the County of Los Angeles.  Bryant denies the remaining

3  allegations of this paragraph.

4    14.    Bryant lacks knowledge or information sufficient to form a belief as

5  to the truth of the allegations of this paragraph, and on that basis denies them.

6    15.    Bryant denies the allegations of this paragraph.

7    16.    Bryant admits that Mattel manufactures and markets toys, games,

8  dolls and other consumer products.  Bryant lacks knowledge or information

9  sufficient to form a belief as to the truth of the allegations of the second, third, and

10  fourth sentences of this paragraph, and on that basis denies them.  Bryant admits

11  that Mattel is a well-known company, and denies all remaining allegations of this

12  paragraph.

13    17.    Bryant admits that Mattel maintains a large design center in El

14  Segundo, California at which many designers, sculptors, painters and other artists

15  work to create Mattel products.  Bryant lacks knowledge or information sufficient

16  to form a belief as to the truth of all remaining allegations of this paragraph, and on

17  that basis denies them.

18    18.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20    19.    Bryant admits that MGA is a toy manufacturer that launched a fashion

21  doll line.  Bryant lacks knowledge or information sufficient to form a belief as to

22  the truth of the allegations of the second sentence of this paragraph, and on that

23  basis denies them.  Bryant denies that MGA stole a fashion doll that was owned by

24  Mattel, and denies all remaining allegations of this paragraph.

25    20.    Bryant denies all allegations of this paragraph.

26    21.    Bryant admits that he is a former Mattel employee, that he began

27  working for Mattel in September 1995 and worked in Mattel's Design Center as a

28  Barbie product designer, and that he stopped working with Mattel in or about April

1998. Bryant denies that he moved to Missouri to live with his parents in or about April 1998. Bryant admits that late in 1998, he applied to Mattel to be rehired, and that on or about January 4, 1999, he began working at Mattel in Mattel's Design Center as a product designer. Bryant denies any remaining allegations of this paragraph.

22. Bryant admits that, upon his return to Mattel in January 1999, he signed the document attached to Mattel's Counterclaims as Exhibit A, which is titled "Employee Confidential Information and Inventions Agreement." Bryant denies all remaining allegations of this paragraph, explicit or implicit, including Mattel's allegations regarding the legal significance of this document.

23. Bryant denies the allegations of this paragraph.

24. Bryant admits that, upon his return to Mattel in January 1999, he signed the document attached to Mattel's Counterclaims as Exhibit B, which is titled "Conflict of Interest Questionnaire." Bryant admits that he disclosed on this document freelance work he had performed while in Missouri for Ashton-Drake, which is unrelated to Mattel's allegations here. Bryant denies all remaining allegations of this paragraph, explicit or implicit, including Mattel's allegations regarding the legal significance of this document.

25. Bryant denies the allegations of this paragraph.

26. Bryant denies the allegations of this paragraph, including all the allegations of each of its sub-paragraphs.

27. Bryant denies the allegations of this paragraph.

28. Bryant denies the allegations of this paragraph.

29. Bryant denies the allegations of this paragraph.

30. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

31. Bryant admits that samples of the four original Bratz dolls were shown at the Hong Kong Toy Fair in January 2001. Bryant denies the remaining

5

404479.01

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)   EXHIBIT ___9___ PAGE ___77___

1    allegations of this paragraph.

2        32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3    products in many countries throughout the world.  Bryant lacks knowledge or

4    information sufficient to form a belief as to the truth of the allegations of the

5    second sentence of this paragraph, and on that basis denies them.  Bryant admits

6    the allegations of the third sentence of this paragraph.  Bryant admits that MGA

7    claims current ownership of Bratz, including the copyrights and copyright

8    registrations attendant thereto.  Bryant admits the allegations of the fifth sentence

9    of this paragraph.  Bryant denies all remaining allegations of this paragraph

10        33.    Bryant denies the allegations of this paragraph.

11        34.    Bryant denies the allegations of this paragraph.

12        35.    Bryant denies the allegations of this paragraph.

13        36.    Bryant admits that he had an agreement with MGA and the terms of

14    that agreement speak for themselves.  Bryant denies all remaining allegations of

15    this paragraph.

16        37.    Bryant lacks knowledge or information sufficient to form a belief as

17    to the truth of the allegations of this paragraph, and on that basis denies them.

18        38.    Bryant lacks knowledge or information sufficient to form a belief as

19    to the truth of the allegations of this paragraph, and on that basis denies them.

20        39.    Bryant lacks knowledge or information sufficient to form a belief as

21    to the truth of the allegations of this paragraph, and on that basis denies them.

22        40.    Bryant lacks knowledge or information sufficient to form a belief as

23    to the truth of the allegations of this paragraph, and on that basis denies them.

24        41.    Bryant lacks knowledge or information sufficient to form a belief as

25    to the truth of the allegations of this paragraph, and on that basis denies them.

26        42.    Bryant lacks knowledge or information sufficient to form a belief as

27    to the truth of the allegations of this paragraph, and on that basis denies them.

28        43.    Bryant lacks knowledge or information sufficient to form a belief as

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2        44.    Bryant lacks knowledge or information sufficient to form a belief as

3    to the truth of the allegations of this paragraph, and on that basis denies them.

4        45.    Bryant lacks knowledge or information sufficient to form a belief as

5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        46.    Bryant lacks knowledge or information sufficient to form a belief as

7    to the truth of the allegations of this paragraph, and on that basis denies them.

8        47.    Bryant lacks knowledge or information sufficient to form a belief as

9    to the truth of the allegations of this paragraph, and on that basis denies them.

10       48.    Bryant lacks knowledge or information sufficient to form a belief as

11   to the truth of the allegations of this paragraph, and on that basis denies them.

12       49.    Bryant lacks knowledge or information sufficient to form a belief as

13   to the truth of the allegations of this paragraph, and on that basis denies them.

14       50.    Bryant lacks knowledge or information sufficient to form a belief as

15   to the truth of the allegations of this paragraph, and on that basis denies them.

16       51.    Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18       52.    Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       53.    Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22       54.    Bryant lacks knowledge or information sufficient to form a belief as

23   to the truth of the allegations of this paragraph, and on that basis denies them.

24       55.    Bryant lacks knowledge or information sufficient to form a belief as

25   to the truth of the allegations of this paragraph, and on that basis denies them.

26       56.    Bryant lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of this paragraph, and on that basis denies them.

28       57.    Bryant lacks knowledge or information sufficient to form a belief as

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

404479.01

EXHIBIT __9__ PAGE _79_

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2        58.   Bryant lacks knowledge or information sufficient to form a belief as

3   to the truth of the allegations of this paragraph, and on that basis denies them.

4        59.   Bryant lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegations of this paragraph, and on that basis denies them.

6        60.   Bryant lacks knowledge or information sufficient to form a belief as

7   to the truth of the allegations of this paragraph, and on that basis denies them.

8        61.   Bryant lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegations of this paragraph, and on that basis denies them.

10        62.   Bryant lacks knowledge or information sufficient to form a belief as

11   to the truth of the allegations of this paragraph, and on that basis denies them.

12        63.   Bryant lacks knowledge or information sufficient to form a belief as

13   to the truth of the allegations of this paragraph, and on that basis denies them.

14        64.   Bryant lacks knowledge or information sufficient to form a belief as

15   to the truth of the allegations of this paragraph, and on that basis denies them.

16        65.   Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18        66.   Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20        67.   Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22        68.   Bryant lacks knowledge or information sufficient to form a belief as

23   to the truth of the allegations of this paragraph, and on that basis denies them.

24        69.   Bryant lacks knowledge or information sufficient to form a belief as

25   to the truth of the allegations of this paragraph, and on that basis denies them.

26        70.   Bryant lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of this paragraph, and on that basis denies them.

28        71.   Bryant lacks knowledge or information sufficient to form a belief as

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT   9   PAGE   80

1  to the truth of the allegations of this paragraph, and on that basis denies them.

2      72.    Bryant lacks knowledge or information sufficient to form a belief as

3  to the truth of the allegations of this paragraph, and on that basis denies them.

4      73.    Bryant lacks knowledge or information sufficient to form a belief as

5  to the truth of the allegations of this paragraph, and on that basis denies them.

6      74.    Bryant lacks knowledge or information sufficient to form a belief as

7  to the truth of the allegations of this paragraph, and on that basis denies them.

8      75.    Bryant lacks knowledge or information sufficient to form a belief as

9  to the truth of the allegations of this paragraph, and on that basis denies them.

10     76.    Bryant lacks knowledge or information sufficient to form a belief as

11  to the truth of the allegations of this paragraph, and on that basis denies them.

12     77.    Bryant lacks knowledge or information sufficient to form a belief as

13  to the truth of the allegations of this paragraph, and on that basis denies them.

14     78.    Bryant lacks knowledge or information sufficient to form a belief as

15  to the truth of the allegations of this paragraph, and on that basis denies them.

16     79.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18     80.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20     81.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22                  **Mattel's First Counterclaim**

23     82.    Bryant repeats and realleges his answers to paragraphs 1 through 81

24  above, as though fully set forth here at length.  Bryant denies any allegations not

25  expressly admitted.

26     83.    Bryant denies the allegations of this paragraph.

27     84.    Bryant denies the allegations of this paragraph.

28     85.    Bryant denies the allegations of this paragraph.

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___9___ PAGE ___81___

86.     Bryant denies the allegations of this paragraph.

87.     Bryant denies the allegations of this paragraph.

### Mattel's Second Counterclaim

88.     Bryant repeats and realleges its answers to paragraphs 1 through 87 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

89.     Bryant denies the allegations of this paragraph.

90.     Bryant denies the allegations of this paragraph.

91.     Bryant denies the allegations of this paragraph.

92.     Bryant denies the allegations of this paragraph.

93.     Bryant denies the allegations of this paragraph, including the allegations of all of its sub-paragraphs.

94.     Bryant denies the allegations of this paragraph.

95.     Bryant denies the allegations of this paragraph.

96.     Bryant denies the allegations of this paragraph.

97.     Bryant denies the allegations of this paragraph.

### Mattel's Third Counterclaim

98.     Bryant repeats and realleges its answers to paragraphs 1 through 97 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

99.     Bryant denies the allegations of this paragraph.

100.    Bryant denies the allegations of this paragraph.

101.    Bryant denies the allegations of this paragraph.

102.    Bryant denies the allegations of this paragraph.

103.    Bryant denies the allegations of this paragraph.

104.    Bryant denies the allegations of this paragraph.

105.    Bryant denies the allegations of this paragraph.

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___9___ PAGE __82__

**Mattel's Fourth Counterclaim**

106.   Bryant repeats and realleges its answers to paragraphs 1 through 105 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

107.   Bryant denies the allegations of this paragraph.

108.   Bryant denies the allegations of this paragraph.

109.   Bryant denies the allegations of this paragraph.

110.   Bryant denies the allegations of this paragraph.

111.   Bryant denies the allegations of this paragraph.

112.   Bryant denies the allegations of this paragraph.

113.   Bryant denies the allegations of this paragraph.

114.   Bryant denies the allegations of this paragraph.

115.   Bryant denies the allegations of this paragraph.

**Mattel's Fifth Counterclaim**

116.   Bryant repeats and realleges its answers to paragraphs 1 through 115 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

117.   Bryant denies the allegations of this paragraph.

118.   Bryant denies the allegations of this paragraph.

119.   Bryant denies the allegations of this paragraph.

120.   Bryant denies the allegations of this paragraph.

121.   Bryant denies the allegations of this paragraph.

**Mattel's Sixth Counterclaim**

122.   Bryant repeats and realleges its answers to paragraphs 1 through 122 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

123.   Bryant denies the allegations of this paragraph.

124.   Bryant denies the allegations of this paragraph.

11

EXHIBIT  9  PAGE  83

125.   Bryant denies the allegations of this paragraph.

126.   Bryant denies the allegations of this paragraph.

127.   Bryant denies the allegations of this paragraph.

128.   Bryant denies the allegations of this paragraph.

**Mattel's Seventh Counterclaim**

129.   Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

130.   Bryant denies the allegations of this paragraph.

131.   Bryant denies the allegations of this paragraph.

132.   Bryant denies the allegations of this paragraph.

133.   Bryant denies the allegations of this paragraph.

134.   Bryant denies the allegations of this paragraph.

135.   Bryant denies the allegations of this paragraph.

**Mattel's Eighth Counterclaim**

136.   Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

137.   Bryant denies the allegations of this paragraph.

138.   Bryant denies the allegations of this paragraph.

139.   Bryant denies the allegations of this paragraph.

140.   Bryant denies the allegations of this paragraph.

141.   Bryant denies the allegations of this paragraph.

**Mattel's Ninth Counterclaim**

142.   Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

143.   Bryant denies the allegations of this paragraph.

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___9___ PAGE ___84___

144. Bryant denies the allegations of this paragraph.

145. Bryant denies the allegations of this paragraph.

146. Bryant denies the allegations of this paragraph.

147. Bryant denies the allegations of this paragraph.

148. Bryant denies the allegations of this paragraph

### Mattel's Tenth Counterclaim

149. Bryant repeats and realleges its answers to paragraphs 1 through 148 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

150. Bryant denies the allegations of this paragraph.

151. Bryant denies the allegations of this paragraph.

152. Bryant denies the allegations of this paragraph.

153. Bryant denies the allegations of this paragraph.

154. Bryant denies the allegations of this paragraph.

### Mattel's Eleventh Counterclaim

155. Bryant repeats and realleges its answers to paragraphs 1 through 154 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

156. Bryant denies the allegations of this paragraph.

157. Bryant denies the allegations of this paragraph.

158. Bryant denies the allegations of this paragraph.

159. Bryant denies the allegations of this paragraph.

160. Bryant denies the allegations of this paragraph.

161. Bryant denies the allegations of this paragraph.

162. Bryant denies the allegations of this paragraph.

### Mattel's Twelfth Counterclaim

163. Bryant repeats and realleges its answers to paragraphs 1 through 162 above, as though fully set forth here at length.  Bryant denies any allegations not

13

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __9__ PAGE __85__

1   expressly admitted.

2         164.   Bryant admits the allegation of this paragraph regarding the contents

3   of section 17200 of the California Business and Professions Code, but denies that

4   Mattel is entitled to any relief or recovery whatsoever on its claims.

5         165.   Bryant denies the allegations of this paragraph.

6         166.   Bryant denies the allegations of this paragraph.

7                       **Mattel's Thirteenth Counterclaim**

8         167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9   above, as though fully set forth here at length.  Bryant denies any allegations not

10  expressly admitted.

11        168.   Bryant admits that an actual controversy exists between the parties,

12  because of Mattel's campaign of harassing litigation, but denies all other

13  allegations of this paragraph, and denies that Mattel is entitled to any relief or

14  recovery whatsoever.

15        169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17  to any relief or recovery whatsoever.

18        170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20  to any relief or recovery whatsoever.

21                          **Prayer for Relief**

22        This section of Mattel's counterclaims contains no factual allegations, and

23  requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24  and respectfully requests judgment dismissing Mattel's counterclaims with

25  prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26  and whatever other relief to Bryant the Court deems appropriate.

27        Except as specifically admitted above, Bryant denies each and every

28  allegation in Mattel's counterclaims.

EXHIBIT ___9___ PAGE ___86___

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands. Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.

### Second Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel was aware of the relevant facts regarding Mr. Bryant's work for MGA, but intentionally waived and chose to forgo asserting any rights over the Bratz dolls until years later. Mattel has also tolerated conduct by other employees similar to the alleged conduct by Bryant on which Mattel now bases its contract and related claims.

EXHIBIT  9  PAGE  87

## Third Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls, and was thus apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended. Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper. Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment. Accordingly, Mattel should be estopped from belatedly raising its claims.

## Fourth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Mattel thus was apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Accordingly, laches should bar Mattel from belatedly raising its claims.

## Fifth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT ___9___ PAGE ___88___

1  Mattel shortly thereafter began investigating what it suspected to be wrongdoing in

2  connection with the Bratz dolls.   Mattel thus was apprised of the relevant facts.

3  Yet, Mattel waited and said nothing while the dolls were successfully (and at great

4  cost) developed, manufactured and sold, and only filed suit years later.  Mattel has

5  also tolerated conduct by other employees similar to the alleged conduct by Bryant

6  on which Mattel now bases its contract and related claims.

7  **Sixth Affirmative Defense (Statute of Limitations)**

8  Mattel's counterclaims, and each claim for relief, are barred by the

9  applicable statutes of limitations, including but not limited to Code of Civil

10  Procedure §§ 337, 339, 343, and 338(c).

11  **Seventh Affirmative Defense (Failure to Mitigate Damages)**

12  With respect to any alleged damages (the existence of which Bryant denies),

13  Mattel failed to mitigate its damages.  For example, Mattel believed from the time

14  that Bryant left Mattel's employ that he was going to perform work for a Mattel

15  competitor.  However, Mattel failed to take action to minimize any alleged

16  damages that arose from Bryant's work for said competitor.

17  **Eighth Affirmative Defense (Lack of Causation)**

18  Any losses or harms allegedly sustained by Mattel resulted from causes

19  other than any act or omission of Bryant, including but not limited to Mattel's own

20  acts or omissions.  For example, Mattel believed from the time that Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.

22  However, Mattel failed to take action to minimize any alleged damages that arose

23  from Bryant's work for said competitor.

24  **Ninth Affirmative Defense (Lack of Standing)**

25  Mattel's counterclaims are barred in whole or in part by its lack of standing,

26  in that Mattel does not own any valid copyright interests in the copyrights that it

27  seeks to assert against Bryant.  In particular, Mattel does not own any valid

28  copyright interest in the following copyrights it seeks to assert against Bryant:  VA

1 │ 1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

2 │ 378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

3 │ 378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

4 │ 715-273.

5 │       **Tenth Affirmative Defense (Information Readily Ascertainable)**

6 │      Bryant cannot be liable, either on his own account or by association with

7 │ MGA or other defendants, for alleged misappropriation of information that was

8 │ readily ascertainable by proper means at the time of the alleged acquisition or use.

9 │ Such information includes, but is not limited to, the identity of hair manufacturers.

10 │       **Eleventh Affirmative Defense (Lack of Ownership)**

11 │      Mattel is neither the legal nor beneficial owner in the copyrights purportedly

12 │ at issue, including the following copyrights which Mattel purports to own:  VA 1-

13 │ 378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

14 │ 378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

15 │ 378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

16 │ 715-273.

17 │       **Twelfth Affirmative Defense (Copyright Invalidity)**

18 │      Mattel's purported copyrights, including VA 1-378-648, VA 1-378-649, VA

19 │ 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-

20 │ 378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-

21 │ 378-660, VAu 715-270, VAu 715-271, and VAu 715-273, are invalid.

22 │   **Thirteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

23 │      Mattel is barred from recovering statutory damages and/or attorneys' fees

24 │ because it failed to register the copyrights that are purportedly at issue within the

25 │ time required by 17 U.S.C. § 412.

26 │   **Fourteenth Affirmative Defense (Joinder in Defenses of Co-Defendants)**

27 │      Bryant hereby adopts and incorporates by this reference any and all other

28 │ affirmative defenses that have been or will be asserted by any other defendant