QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. TO STRIKE AFFIRMATIVE DEFENSES (NOS. 3, 5, 8 AND 10) OF CARLOS GUSTAVO MACHADO GOMEZ UNDER FED. R. CIV. P. 12(F); AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of B. Dylan Proctor filed concurrently]<br><br>Date: December 17, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07975/2264719.3

MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2007, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will, and hereby does, move the Court pursuant to Federal Rule of Civil Procedure 12(f) for an order striking Carlos Gustavo Machado Gomez's Affirmative Defense Nos. 3, 5, 8 and 10 to Mattel's Second Amended Answer and Counterclaims.

This Motion is made on the grounds that: (1) Machado's Third Affirmative Defense is insufficient as a matter of law; (2) Machado's Fifth, Eighth, and Tenth Affirmative Defenses do not provide Mattel with fair notice of the alleged defenses, and (3) Machado's affirmative defenses would prejudice Mattel if allowed to stand as currently pleaded.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the pleadings and other papers on file in this action, any matters of which this Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

**Certification of Local Rule 7-3 Compliance**

The parties conferred on the matters in this motion on October 17, 2007, and thereafter, pursuant to Local Rule 7-3.

DATED: November 8, 2007         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
John B. Quinn
Attorneys for Plaintiff
Mattel, Inc.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ........................................................................................................ 1

ARGUMENT .............................................................................................................. 4

I.    MACHADO'S STATUTE OF LIMITATIONS DEFENSE IS LEGALLY INSUFFICIENT .............................................................................. 4

II.   OTHER AFFIRMATIVE DEFENSES ASSERTED BY MACHADO DO NOT PROVIDE FAIR NOTICE ................................................................ 7

III.  MATTEL WILL SUFFER PREJUDICE IF MACHADO'S AFFIRMATIVE DEFENSES ARE NOT STRICKEN .................................. 10

    A.    Mattel Need Not Show Prejudice ......................................................... 10

    B.    Mattel Will Be Prejudiced If The Defenses Are Not Stricken ............. 11

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

In re 2TheMart.com, Inc. Securities Litig.,
 114 F. Supp. 2d 955 (C.D. Cal. 2000) ............................................................... 5

Agency Holding Corp. v. Malley-Duff & Assoc.,
 483 U.S. 143 (1987) ........................................................................................... 5

April Enterprises, Inc. v. KTTV,
 147 Cal. App. 3d 805 (1983) ............................................................................. 7

Bianchi v. State Farm Fire & Casualty Co.,
 120 F. Supp. 2d 837 (N.D. Cal. 2000) ............................................................... 4

California v. United States,
 512 F. Supp. 36 (N.D. Cal. 1981) .................................................................... 10

Chalabi v. Hashemite Kingdom of Jordan,
 503 F. Supp. 2d 267 (D.D.C. 2007) .................................................................. 5

D.S. America (East), Inc. v. Chromagrafx Imaging Systems, Inc.,
 873 F. Supp. 786 (E.D.N.Y. 1995) ................................................................... 8

David Welch Co. v. Erskine & Tulley,
 203 Cal. App. 3d 884 (1988) ............................................................................. 6

Fantasy, Inc. v. Fogerty,
 984 F.2d 1524 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534-35
 (1994) ........................................................................................................... 5, 10

Federal Deposit Ins. Corp. v. British-American Corp.,
 744 F. Supp. 116 (E.D.N.C. 1990) .................................................................... 7

Federal Deposit Ins. Corp. v. Crosby,
 774 F. Supp. 584 (W.D. Wash. 1991) ............................................................... 4

Feezor v. Wal-Mart Stores, Inc.,
 2006 WL. 220152 (S.D. Cal. 2006) ................................................................... 4

Forcier v. Microsoft Corp.,
 123 F. Supp. 2d 520 (N.D. Cal. 2000) ............................................................... 7

Ganley v. County of San Mateo,
 2007 WL. 902551 (N.D. Cal. 2007) ............................................................ 7, 10

Grimmett v. Brown,
 75 F.3d 506 (9th Cir. 1996) ............................................................................... 7

Heller Financial, Inc. v. Midwhey Powder Co., Inc.,
 883 F.2d 1286 (7th Cir. 1989) ........................................................................... 8

Ivanhoe Fin., Inc. v. Highland Banc Corp.,
    2004 WL. 2091997 (N.D. Ill. 2004) .................................................................. 9

Kaiser Aluminum, Etc. v. Avondale Shipyards, Inc.,
    677 F.2d 1045 (5th Cir. 1982) ........................................................................... 5

Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A.,
    2005 WL. 975773 (S.D. Fla. 2005) ................................................................... 9

Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.,
    2003 WL. 1720073 (N.D. Ill. 2003) .................................................................. 9

Qarbon.com Inc. v. eHelp Corp.,
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ............................................................. 8

Renalds v. S.R.G. Restaurant Group,
    119 F. Supp. 2d 800 (N.D. Ill. 2000) ................................................................. 8

Rushing v. Time Warner, Inc.,
    2006 WL. 517674 (W.D.N.C. 2006) ................................................................. 7

Sidney-Vinstein v. A.H. Robins Co.,
    697 F.2d 880 (9th Cir. 1983) ........................................................................... 11

Smith v. Wal-Mart Stores,
    2006 WL. 2711468 (N.D. Cal. 2006) .......................................................... 8, 11

U.S. v. Hempfling,
    2007 WL. 1299262 (E.D. Cal. 2007) ................................................................ 8

Wyshak v. City Nat'l Bank,
    607 F.2d 824 (9th Cir. 1979) ............................................................................. 8

**Statutes**

17 U.S.C. § 507(b) ..................................................................................................... 5

18 U.S.C. § 1961 ........................................................................................................ 5

Cal. Bus. & Prof. Code § 17208 ................................................................................ 6

Cal. Civ. Code § 3426.6 ......................................................................................... 6, 7

Cal Code Civ. P. § 337 .......................................................................................... 5, 6

Cal Code Civ. P. § 338(c) ..................................................................................... 5, 6

Cal Code Civ. P. § 339 ............................................................................................... 5

Cal Code Civ. P. § 343 .......................................................................................... 5, 6

Fed. R. Civ. P. 12(f) .............................................................................. 1, 3, 4, 5, 10, 11

**Other Authorities**

California Practice Guide: Federal Civil Procedure Before Trial § 9:409
    (The Rutter Group 2007) .................................................................................. 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

In his initial Answer to Mattel's Counterclaims, defendant Carlos Gustavo Machado Gomez pleaded sixteen affirmative defenses without disclosing anything about the defenses beyond their names, thereby depriving Mattel of the fair notice to which it is entitled. Mattel moved to strike Machado's affirmative defenses under Fed. R. Civ. P. 12(f) in response. Belatedly recognizing that his pleading was improper, Machado then stipulated to amend his Answer and filed an Amended Answer on September 24, 2007. That amended pleading remains deficient in certain respects, and a number of Machado's affirmative defenses should be stricken.

Mr. Machado's statute of limitations defense fails as a matter of law. He pleads in conclusory fashion that Mattel's claims against him are barred by the applicable statutes of limitations, but that purported defense is wholly unsupported by any factual allegations. This is not surprising, since no facts supporting such a defense could even arguably be pled. Mattel moved to join Machado as a party to this action in November 2006, less than 3 years after he resigned his position at Mattel in April 2004 and, on his way out, stole Mattel's trade secrets -- indisputably well within the applicable limitations periods. Tellingly, when Mattel asked Mr. Machado to explain how the statute of limitations could be a defense for him, he refused to do so.

In addition, even after Mr. Machado amended his Answer, his pleading still fails to provide fair notice of the basis of certain of his defenses. These defenses should be stricken as inadequately pleaded.

## Background

Mattel's Original Complaint and the Consolidated Cases. Mattel filed its original complaint on April 27, 2004, alleging that a former employee, Carter

Bryant, breached his duties to Mattel by working with and assisting a Mattel competitor, MGA, while employed by Mattel.[1] While at Mattel, Bryant worked on the "Bratz" project, a line of fashion dolls, that MGA later marketed.[2] On December 7, 2004, MGA filed an answer in intervention to Mattel's complaint against Bryant claiming that the action put at issue MGA's rights in Bratz.[3]

Almost a year after Mattel's suit, MGA filed a complaint against Mattel on April 13, 2005 alleging that Mattel engaged in "serial copycatting" of the Bratz dolls.[4] Mattel's complaint and MGA's complaint were later consolidated along with a declaratory relief action filed by Bryant that was later dismissed.[5]

On November 19, 2006, Mattel moved for leave to amend its complaint. The Court granted Mattel's motion, allowing Mattel's new claims to be alleged as counterclaims to MGA's unfair competition complaint.[6]

<u>Mattel's Second Amended Answer and Counterclaims</u>. Mattel filed its Second Amended Answer in Case No. 05-2727 and Counterclaims on July 12, 2007, asserting thirteen counterclaims against six named Defendants: MGA Entertainment, Inc. ("MGA"), Isaac Larian ("Larian"), Carter Bryant ("Bryant"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), MGAE de Mexico S.R.L. De

---

[1] Mattel's Complaint in Case No. 04-9059 SGL (RNBx), dated April 27, 2004 ("Original Complaint"), attached as Exhibit 18 to the Declaration of B. Dylan Proctor, dated November 8, 2007 ("Proctor Dec.").
[2] <u>Id.</u>, ¶¶ 12-13.
[3] Stipulation Permitting MGA to Intervene as a Party to This Action, dated December 7, 2004, Proctor Dec., Exh. 19.
[4] MGA's Complaint in Case No. 05-02727 CBM (RZx), dated April 13, 2005, Proctor Dec., Exh. 20.
[5] Minute Order Re Consolidation dated June 19, 2006, Proctor Dec., Exh. 21.
[6] Order Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, Proctor Dec., Exh. 22. Mattel, Inc.'s Amended Answer in Case No. 05-2727 and Counterclaims, dated January 12, 2007, Proctor Dec., Exh. 15.

C.V. ("MGA Mexico") and Machado.[7] Mattel's counterclaims against Machado include claims for violations of RICO, conspiracy to violate RICO, misappropriation of trade secrets, unfair competition, conversion, breach of fiduciary duty, and breach of duty of loyalty.[8] Mattel alleges, among other things, that MGA has engaged in an ongoing, widespread pattern of illegal acts, including inducing Machado, a former Mattel employee, to steal Mattel's trade secrets, confidential information and other property to further MGA's business interests and harm Mattel.[9]

Machado's Answer. Previously, Machado had failed to respond to Mattel's Amended Answer and Counterclaims (ultimately filed on January 12, 2007 pursuant to the Court's order granting leave), and the Court entered a default judgment on May 11, 2007.[10] Mattel stipulated to relieve Machado of his default to avoid unnecessary delay and motion practice, and Machado agreed to respond to Mattel's Second Amended Answer and Counterclaims.[11] Machado served his Answer on August 10, 2007, denying Mattel's allegations and asserting sixteen affirmative defenses.[12]

On September 4, 2007, Mattel timely moved to strike Machado's affirmative defenses pursuant to Fed. R. Civ. P. 12(f) on the grounds that the

---

[7] Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, Volume I, dated July 12, 2007 ("Mattel's Counterclaims"), Proctor Dec., Exh. 11.

[8] Id., at ¶¶ 88-115; 129-135, 142-148, 155-166.

[9] Id., at e.g., ¶¶ 42-54.

[10] Default by Clerk -- Carlos Gustavo Machado Gomez, dated May 11, 2007, Proctor Dec., Exh. 12.

[11] Stipulation to Set Aside Default Entered Against Carlos Gustavo Machado Gomez and Time to Answer or Move, dated July 26, 2007, Proctor Dec., Exh. 13.

[12] Carlos Gustavo Machado Gomez's Answer to Mattel, Inc.'s Second Amended Answer and Counterclaims, dated August 10, 2007 ("Machado's Answer"), Proctor Dec., Exh. 1.

defenses, as pleaded, did not give Mattel fair notice.[13] The parties subsequently stipulated that Machado would amend his Answer, and Mattel withdrew its Rule 12(f) motion without prejudice to its right to file a motion to strike regarding the Amended Answer.[14] Machado filed his Amended Answer on September 24, 2007, again denying Mattel's allegations and now asserting twelve instead of sixteen affirmative defenses.[15]

**Argument**

**I.  MACHADO'S STATUTE OF LIMITATIONS DEFENSE IS LEGALLY INSUFFICIENT**

Pursuant to Rule 12(f), a Court "may order stricken from any pleading any insufficient defense." Courts grant motions to strike when an asserted defense is insufficient as a matter of law.  See, e.g., Bianchi v. State Farm Fire & Casualty Co., 120 F. Supp. 2d 837, 841 (N.D. Cal. 2000) (motion to strike is proper where defense is insufficient as a matter of law); Federal Deposit Ins. Corp. v. Crosby, 774 F. Supp. 584, 585 (W.D. Wash. 1991) ("An affirmative defense may be stricken pursuant to Federal Rule of Civil Procedure 12(f) if it is insufficient as a matter of law. . . .  An affirmative defense is insufficient if as a matter of law it cannot succeed under any circumstances."); Feezor v. Wal-Mart Stores, Inc., 2006 WL 220152, at *1 (S.D. Cal. 2006) ("A 12(f) motion is proper 'when the defense is

---

[13]  Mattel Inc.'s Motion to Strike Carlos Gustavo Machado Gomez's Affirmative Defenses Under Fed. R. Civ. P. 12(f), dated September 4, 2007, Proctor Dec., Exh. 3.

[14]  Stipulation and Order Regarding Carlos Gustavo Machado Gomez's Answer to Mattel's Second Amended Answer and Counterclaims, dated September 11, 2007, Proctor Dec., Exh. 4.

[15]  Carlos Gustavo Machado Gomez's Amended Answer to Mattel, Inc.'s Second Amended Answer and Counterclaims, dated September 24, 2007 ("Machado's Amended Answer"), Proctor Dec., Exh. 5.

1 insufficient as a matter of law.'") (citing Kaiser Aluminum, Etc. v. Avondale
2 Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982)).[16]

3     For his Third Affirmative Defense, Machado pleads that "Mattel's
4 counterclaims are barred by the applicable statute of limitations, including but not
5 limited to, 18 U.S.C. § 1961 et seq., 17 U.S.C. § 507(b), and Code of Civil
6 Procedure §§ 337, 339, 343, and 338(c)."[17]  This defense should be stricken.  The
7 earliest applicable limitations period for any of Mattel's claims against Mr. Machado
8 is three years, and Mattel clearly sued less than three years after its claims against
9 him accrued.

10     As an initial matter, Machado's reliance on 17 U.S.C. § 507(b) is
11 misplaced, as Mattel has not asserted civil copyright claims against Machado.  See
12 17 U.S.C. § 507(b) (3-year statute of limitations for civil copyright infringement
13 action).  The Court should strike the defense to the extent it relies on this statute.

14     Further, the defense fails because the claims which Mattel has asserted
15 against Machado cannot be time-barred.  Each of these claims is governed by either
16 a 3 or 4-year statute of limitations.  See Agency Holding Corp. v. Malley-Duff &
17 Assoc., 483 U.S. 143, 156 (1987) (4-year statute of limitations applies to civil RICO
18 claims); Chalabi v. Hashemite Kingdom of Jordan, 503 F. Supp. 2d 267, 273
19 (D.D.C. 2007) ("The statute of limitations for a civil conspiracy claim under RICO

---

[16] Rule 12(f) similarly permits the Court to strike "immaterial" or "impertinent" matter from an answer.  Fed. R. Civ. P. 12(f). "Immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534-35 (1994)). "Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." Id.; see also In re 2TheMart.com, Inc. Securities Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (defining impertinent matter to include allegations "which are inadmissible as evidence").

[17] Machado's Amended Answer, at 20, Proctor Dec., Exh. 5.

is four years."); Cal. Civ. Code § 3426.6 (3-year statute of limitations for misappropriation of trade secrets action); Cal Code Civ. P. § 343 (4-year statute of limitations; applies to Mattel's breach of fiduciary duty and breach of duty of loyalty claims); Cal. Code Civ. P. § 337 (4-year statute of limitations for an "action upon any contract, obligation or liability founded upon an instrument in writing"); David Welch Co. v. Erskine & Tulley, 203 Cal. App. 3d 884, 893 (1988) ("[W]here a cause of action is based on a defendant's breach of its fiduciary duties, the four-year catchall statute set forth in Code of Civil Procedure section 343 applies."); Cal. Code. Civ. P. § 338(c) (3-year statute of limitations for conversion claim); Cal. Bus. & Prof. Code § 17208 (4-year statute of limitations for unfair competition claim).

Mattel moved to join Machado as a party to this action on November 20, 2006, approximately two years and seven months after Machado resigned.[18] Machado does not and cannot allege an accrual date that would render any of Mattel's claims untimely. Indeed, Machado alleges no facts in support of this purported defense at all, and identified none at the conference of counsel or thereafter.[19] Nor could he, since Mattel sued less than three years after he left Mattel. The core of Mattel's claims against Machado is that he stole Mattel's proprietary and trade secret materials and provided them to MGA.[20] Mattel did not discover Machado's unlawful activities until *after* he had left the company.[21] Thus, the earliest date on which Mattel's claims even arguably accrued is April 19, 2004,

---

[18] Mattel, Inc.'s Notice of Motion and Motion for Leave to File Amended Complaint, dated November 20, 2006, Proctor Dec., Exh. 14.
[19] Letter from B. Dylan Proctor to Alexander Cote, dated October 18, 2007, Proctor Dec., Exh. 8.
[20] Mattel's Counterclaims, at e.g., ¶¶ 41-44, 48-54, 88-115, 129-130, 132-135, 142-148, 155-156, 158-166, Proctor Dec., Exh. 11.
[21] Id., at ¶¶ 42-43.

the date on which Machado admits he resigned his position with Mattel.[22]  See Grimmett v. Brown, 75 F.3d 506, 511 (9th Cir. 1996) (civil RICO limitations period begins to run when the plaintiff knows or should know of the injury underlying its cause of action); Cal. Civ. Code § 3426.6 (an "action for misappropriation must be brought within years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered"); April Enterprises, Inc. v. KTTV, 147 Cal. App. 3d 805, 827 (1983) (statute of limitations for claims based on breach of fiduciary duty does not begin to run until plaintiff discovered or should have discovered the facts essential to the cause of action); Forcier v. Microsoft Corp., 123 F. Supp. 2d 520, 527 (N.D. Cal. 2000) (plaintiff's unfair competition claim arising out of defendant's misappropriation of trade secrets accrued at same time as misappropriation claim, which accrued upon discovery of first act).

Because Machado's statute of limitations affirmative defense is insufficient as a matter of law, it should be stricken.  See Ganley v. County of San Mateo, 2007 WL 902551, at *7-8 (N.D. Cal. 2007) (striking statute of limitations defense as legally insufficient where action commenced within applicable limitations period); Rushing v. Time Warner, Inc., 2006 WL 517674, at *2 (W.D.N.C. 2006) (striking statute of limitations defense as insufficient as a matter of law); Federal Deposit Ins. Corp. v. British-American Corp., 744 F. Supp. 116, 119-20 (E.D.N.C. 1990) (striking statute of limitations affirmative defense where complaint filed within applicable time period).

## II. OTHER AFFIRMATIVE DEFENSES ASSERTED BY MACHADO DO NOT PROVIDE FAIR NOTICE

Three of Machado's affirmative defenses should also be stricken for failure to provide fair notice.  "The key to determining the sufficiency of pleading an

---

[22] See Machado's Amended Answer, at ¶ 41, Proctor Dec., Exh. 5.

affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).  "Affirmative defenses are governed by the same pleading standard as complaints."  Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).  Thus, courts require that affirmative defenses be more than "bare bones conclusory allegations." U.S. v. Hempfling, 2007 WL 1299262, at *4 (E.D. Cal. 2007) ("If an affirmative defense is insufficient on its face, or comprises no more than 'bare bones conclusory allegations,' it must be stricken."); see also Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294-95 (7th Cir. 1989) (striking affirmative defenses where they contained "nothing but bare bones conclusory allegations" and "failed totally to allege the necessary elements of the alleged claims").

        An affirmative defense must inform the opposing party of the nature of the defense, the relevant elements of the defense, and the factual basis for the defense.  See Qarbon, 315 F. Supp. 2d at 1050 (striking affirmative defenses where defenses did not include factual allegations); D.S. America (East), Inc. v. Chromagrafx Imaging Systems, Inc., 873 F. Supp. 786, 797 (E.D.N.Y. 1995) ("An affirmative defense must sufficiently apprise the opposing party of the nature of the defense, providing the opposing party with adequate notice of the relevant elements of the defense."); Smith v. Wal-Mart Stores, 2006 WL 2711468, at *8-9 (N.D. Cal. 2006) (striking affirmative defenses of waiver, estoppel, and consent because they did not provide fair notice and "could refer to any of several legal doctrines"); Renalds v. S.R.G. Restaurant Group, 119 F. Supp. 2d. 800, 803 (N.D. Ill. 2000) (striking affirmative defense that did not indicate how allegations were connected to the case at hand).

        Here, even after amending his Answer, certain of Machado's defenses still consist of a single, conclusory sentence which provides no notice as to the factual basis for the defenses, the claims to which the defenses apply or the required elements of the defenses.  For example, Machado's Tenth Affirmative Defense of

"lack of standing" consists merely of a conclusory averment that "Mattel's counterclaims are barred in whole or in part by its lack of standing."[23] Such conclusory pleading is improper. See Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc., 2003 WL 1720073, at *4 (N.D. Ill. 2003) (striking lack of causation affirmative defense where the defendant's allegations in support of the defense were mere bare bones legal conclusions). Likewise, Machado alleges for his Fifth Affirmative Defense that "Mattel's damages, if any, were not caused by Machado and are not attributable to the acts or omissions of Machado," but provides no facts whatsoever in support, such as what other acts or omissions are at issue or who committed them.[24] And, although Machado avers that "Mattel could have revoked the authorization it provided to Machado to make copies of materials for personal use" in support of his Eighth Affirmative Defense of "failure to mitigate," Machado does not purport to limit the defense to that allegation and indeed goes out of his way to deny Mattel fair notice of this vague defense's context by stating that this is only an "example."[25] His pleading is inadequate. See Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A., 2005 WL 975773, at *12 (S.D. Fla. 2005) (striking failure to mitigate defense where defendant did not include supporting facts); Ivanhoe Fin., Inc. v. Highland Banc Corp., 2004 WL 2091997, at *3-4 (N.D. Ill. 2004) (striking defense where defendant failed to state what measures plaintiff allegedly failed to take to mitigate damages).

The Court should strike these affirmative defenses for failing to provide Mattel with fair notice of the bases of the defenses, the claims Machado believes they apply to, or how they relate to the case at hand.

---

[23] Machado's Amended Answer, at 22, Proctor Dec., Exh. 5.
[24] Id., at 20.
[25] Id., at 21.

## III. MATTEL WILL SUFFER PREJUDICE IF MACHADO'S AFFIRMATIVE DEFENSES ARE NOT STRICKEN

Defendants maintained at one point that Mattel should not move to strike affirmative defenses, "the pleading of which does not expand the scope of the case and causes no prejudice to Mattel."[26] No showing of prejudice is required, and in any event the prejudice to Mattel from Machado's deficient pleading is apparent.

### A. Mattel Need Not Show Prejudice

Motions to strike are the proper means to address an inadequate pleading of an affirmative defense, regardless of prejudice. See Fed. R. Civ. P. 12(f) ("[U]pon motion made by a party within 20 days after the service of a pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense"); Ganley v. County of San Mateo, 2007 WL 902551, at *2 (N.D. Cal. 2007) ("In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action."); California v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (motion to strike is proper where motion may have the "effect of making the trial of the action less complicated or have the effect of otherwise streamlining the ultimate resolution of the action"); California Practice Guide: Federal Civil Procedure Before Trial § 9:409 (The Rutter Group 2007) ("orders striking portions of pleadings are proper although they are not shown to be prejudicial to the moving party, if granting the motion will make the trial less complicated or otherwise streamline ultimate resolution of the action") (citing Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534-35 (1994)).

---

[26] Letter from Jennifer Glad to B. Dylan Proctor, dated August 29, 2007, Proctor Dec., Exh. 16.

### B. Mattel Will Be Prejudiced If The Defenses Are Not Stricken

In any event, the prejudice to Mattel is clear given that Machado's statute of limitations defense is insufficient as a matter of law, and its continuing inclusion in the pleadings would expand the issues for discovery and trial in this case. Mattel should not have to spend its resources responding to discovery regarding and preparing rebuttals to a legally insufficient defense, and having to do so is prejudice. See, e.g., Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983) (the "function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial"); Smith v. Wal-Mart Stores, 2006 WL 2711468, at *4 (N.D. Cal. 2006). Moreover, other affirmative defenses do not provide Mattel with adequate notice as to the bases of the defenses or the claims they purport to rebut. Without this necessary information, Mattel can only guess how these defenses relate to the case, which also is prejudicial.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court strike Machado's Affirmative Defense Nos. 3, 5, 8 and 10.

DATED: November 8, 2007     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John B. Quinn
    John B. Quinn
    Attorneys for Plaintiff
    Mattel, Inc.