# EXHIBIT 1

1   James W. Spertus, Esq., State Bar No. 159825
    Leah C. Gershon, Esq., State Bar No. 242327
2   **LAW OFFICES OF JAMES W. SPERTUS**
    12100 Wilshire Blvd., Ste. 620
3   Los Angeles, California 90025
    (310) 826-4700-Telephone
4   (310) 826-4711-Facsimile
    jim@spertuslaw.com
5   leah@spertuslaw.com

6   Attorneys for
    Carlos Gustavo Machado Gomez

7

8

9                   **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11                      **EASTERN DIVISION**

12  CARTER BRYANT, an individual        CASE NO.  CV 04-09049 SGL (RNBx)

13              Plaintiff,              (Consolidated with CV 04-9059 and CV
                                        05-2727)
14          v.

15  MATTEL, INC., a Delaware            **CARLOS GUSTAVO MACHADO**
    Corporation,                        **GOMEZ'S ANSWER TO MATTEL**
16                                      **INC.'S SECOND AMENDED**
                Defendant.              **ANSWER AND COUNTERCLAIMS**
17
                                        Judge:      Hon. Steven G. Larson
18                                      Courtroom:  1

19  MGA ENTERTAINMENT, INC., A
    California corporation,
20
                Plaintiff,
21
22          v.

23  MATTEL, INC., a Delaware
    corporation, and DOES 1-10,
24
                Defendant
25

26

27

28

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

EXHIBIT ___1___ PAGE ___4 A

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826.4700 • FAX (310) 826.4711

Defendant Carlos Gustavo Machado Gomez ("Machado") hereby answers, for himself alone, the Second Amended Counterclaim of Counter-Claimant Mattel, Inc., as follows:

1.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 1, and on that basis denies the allegations set forth in paragraph 1.

2.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 2, and on that basis denies the allegations set forth in paragraph 2.

3.    Machado admits that he was hired by MGA Entertainment, Inc. ("MGA"), and denies the remaining allegations set forth in paragraph 3.

4.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 4, and on that basis denies the allegations set forth in paragraph 4.

5.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 5, and on that basis denies the allegations set forth in paragraph 5.

6.    Machado admits that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, denies that 17 U.S.C. §§ 101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims, and denies that Mattel is entitled to any relief on its Counterclaims.

7.    Machado admits that venue is proper in this District for Mattel's claims based on conduct alleged to have occurred within this District and denies that venue is proper in this District for acts alleged to have occurred in Mexico or other places outside of this District.

EXHIBIT ___1___ PAGE ___5___

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1       8.    Machado is without sufficient knowledge to admit or deny the

2   allegations set forth in paragraph 8, and on that basis denies the allegations set forth

3   in paragraph 8.

4       9.    Machado is without sufficient knowledge to admit or deny the

5   allegations set forth in paragraph 9, and on that basis denies the allegations set forth

6   in paragraph 9.

7       10.    Machado is without sufficient knowledge to admit or deny the

8   allegations set forth in paragraph 10, and on that basis denies the allegations set

9   forth in paragraph 10.

10      11.    Machado is without sufficient knowledge to admit or deny the

11  allegations set forth in paragraph 11, and on that basis denies the allegations set

12  forth in paragraph 11.

13      12.    Machado admits the allegations set forth in paragraph 12.

14      13.    Machado is without sufficient knowledge to admit or deny the

15  allegations set forth in paragraph 13, and on that basis denies the allegations set

16  forth in paragraph 13.

17      14.    Machado admits the allegations set forth in paragraph 14.

18      15.    Paragraph 15 is a statement of Mattel's legal position, to which no

19  response is necessary.  To the extent that a response is required, Machado denies the

20  allegations set forth in paragraph 15.

21      16.    Machado admits the allegations set forth in the first sentence of

22  paragraph 16.  Machado is without sufficient knowledge to admit or deny the

23  remaining allegations set forth in paragraph 16, and on that basis denies the

24  allegations set forth in paragraph 16.

25      17.    Machado is without sufficient knowledge to admit or deny the

26  allegations set forth in paragraph 17, and on that basis denies the allegations set

27  forth in paragraph 17.

28

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT __1__  PAGE __6__

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1    18.    Machado is without sufficient knowledge to admit or deny the

2 allegations set forth in paragraph 18, and on that basis denies the allegations set

3 forth in paragraph 18.

4    19.    Machado admits that MGA is a toy manufacturer, but is without

5 sufficient knowledge to admit or deny the remaining allegations set forth in

6 paragraph 19, and on that basis denies the remaining allegations set forth in

7 paragraph 19.

8    20.    Machado is without sufficient knowledge to admit or deny the

9 allegations set forth in paragraph 20, and on that basis denies the allegations set

10 forth in paragraph 20.

11    21.    Machado is without sufficient knowledge to admit or deny the

12 allegations set forth in paragraph 21, and on that basis denies the allegations set

13 forth in paragraph 21.

14    22.    Machado is without sufficient knowledge to admit or deny the

15 allegations set forth in paragraph 22, and on that basis denies the allegations set

16 forth in paragraph 22.

17    23.    Machado is without sufficient knowledge to admit or deny the

18 allegations set forth in paragraph 23, and on that basis denies the allegations set

19 forth in paragraph 23.

20    24.    Machado is without sufficient knowledge to admit or deny the

21 allegations set forth in paragraph 24, and on that basis denies the allegations set

22 forth in paragraph 24.

23    25.    Machado is without sufficient knowledge to admit or deny the

24 allegations set forth in paragraph 25, and on that basis denies the allegations set

25 forth in paragraph 25.

26

27

28

4

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT _____1_____ PAGE ___7___

26.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 26, and on that basis denies the allegations set forth in paragraph 26.

27.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 27, and on that basis denies the allegations set forth in paragraph 27.

28.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 28, and on that basis denies the allegations set forth in paragraph 28.

29.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 29, and on that basis denies the allegations set forth in paragraph 29.

30.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 30, and on that basis denies the allegations set forth in paragraph 30.

31.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 31, and on that basis denies the allegations set forth in paragraph 31.

32.   Machado admits that MGA distributes and sells Bratz and Bratz-related products in many countries throughout the world.  Machado is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 32, and on that basis denies the allegations set forth in paragraph 32.

33.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 33, and on that basis denies the allegations set forth in paragraph 33.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

5

EXHIBIT ___1___ PAGE ___8___

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

34.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 34, and on that basis denies the allegations set forth in paragraph 34.

35.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 35, and on that basis denies the allegations set forth in paragraph 35.

36.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 36, and on that basis denies the allegations set forth in paragraph 36.

37.     Machado is without sufficient knowledge to admit or deny the first two sentences set forth in paragraph 37, and on that basis denies the allegations set forth in the first two sentences of paragraph 37.  Machado admits that he was hired by MGAE de Mexico, and denies the remaining allegations set forth in paragraph 37.

38.     Machado admits that he was a Marketing Manager, Boys Division, for Mattel Mexico, admits that he was employed at Mattel Mexico from April 1997 until April 19, 2004, admits that his duties included short, medium, and long-term marketing planning, generating product sales projections, and assisting in creation of the media plan, and admits that he had an employment agreement with Mattel. Machado is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 38, and on that basis denies the remaining allegations set forth in paragraph 38.

39.     Machado admits that Mariana Trueba Almada ("Trueba") was a Marketing Manager, Girls Division, for Mattel Mexico, admits that Trueba was employed at Mattel Mexico until April 19, 2004, admits that her duties included market planning, generating product sales projections, and assisting in creation of the media plan.  Machado is without sufficient knowledge to admit or deny the

EXHIBIT ___ 1 ___  PAGE ___ 9 ___

1 | remaining allegations set forth in paragraph 39, and on that basis denies the
2 | remaining allegations set forth in paragraph 39.

3 |     40.    Machado admits that Pablo Vargas San Jose ("Vargas") was a Senior
4 | Trade Marketing Manager with Mattel Mexico, admits that Vargas was employed at
5 | Mattel Mexico until April 19, 2004, admits that his duties included ensuring that
6 | point-of-sale promotions were carried out and generally managing promotional
7 | activities.   Machado is without sufficient knowledge to admit or deny the remaining
8 | allegations set forth in paragraph 40, and on that basis denies the remaining
9 | allegations set forth in paragraph 40.

10 |     41.    Machado admits that in or about 2004, Machado, Trueba and Vargas
11 | discussed leaving Mattel Mexico, admits that he resigned from Mattel Mexico on
12 | April 19, 2004, admits that he did not identify his new employer, admits that he was
13 | offered and accepted employment at MGAE de Mexico, and denies the remaining
14 | allegations set forth in paragraph 41.

15 |     42.    Machado admits that he communicated with MGA personnel prior to
16 | his resignation from Mattel, admits that these communications included telephone
17 | communications and e-mail communications, and denies the remaining allegations
18 | set forth in paragraph 42.

19 |     43.    Machado admits that in or about March 2004, Machado, Trueba, and
20 | Vargas made plans to travel from Mexico to Los Angeles in April 2004, admits that
21 | in or about March 2004, Machado, Trueba and Vargas discussed with MGA
22 | personnel, including Larian, employment at MGAE de Mexico, states that the
23 | quoted plot04@aol.com emails speak for themselves, and denies the remaining
24 | allegations set forth in paragraph 43.

25 |     44.    Machado denies the allegations set forth in paragraph 44.
26 |     45.    Machado denies the allegations set forth in paragraph 45.
27 |     46.    Machado denies the allegations set forth in paragraph 46.
28 |

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

7

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT __1__   PAGE __10__

47.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 47, and on that basis denies the allegations set forth in paragraph 47.

48.    Machado denies the allegations set forth in paragraph 48.

49.    Machado denies the allegations set forth in paragraph 49.

50.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 50, and on that basis denies the allegations set forth in paragraph 50.

51.    Machado denies the allegations set forth in paragraph 51.

52.    Machado admits that during the week of April 26, 2004, Machado and Vargas traveled to Los Angeles to meet with MGA personnel, including Isaac Larian, in person.

53.    Machado admits that on October 27, 2005, Mexican authorities searched MGAE de Mexico, and otherwise is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 53.

54.    Machado admits that Machado was transferred from MGAE de Mexico to MGA's office in Van Nuys, California, admits that Machado resides in the County of Los Angeles, and denies the remaining allegations set forth in paragraph 54.

55.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 55, and on that basis denies the allegations set forth in paragraph 55.

56.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 56, and on that basis denies the allegations set forth in paragraph 56.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT ___ PAGE ___ 11

57.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 57, and on that basis denies the allegations set forth in paragraph 57.

58.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 58, and on that basis denies the allegations set forth in paragraph 58.

59.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 59, and on that basis denies the allegations set forth in paragraph 59.

60.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 60, and on that basis denies the allegations set forth in paragraph 60.

61.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 61, and on that basis denies the allegations set forth in paragraph 61.

62.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 62, and on that basis denies the allegations set forth in paragraph 62.

63.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 63, and on that basis denies the allegations set forth in paragraph 63.

64.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 64, and on that basis denies the allegations set forth in paragraph 64.

65.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 65, and on that basis denies the allegations set forth in paragraph 65.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

9

66.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 66, and on that basis denies the allegations set forth in paragraph 66.

67.    Machado admits that Brawer is the Executive Vice President of Sales and Marketing at MGA, and is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 67, and on that basis denies the allegations set forth in paragraph 67.

68.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 68, and on that basis denies the allegations set forth in paragraph 68.

69.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 69, and on that basis denies the allegations set forth in paragraph 69.

70.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 70, and on that basis denies the allegations set forth in paragraph 70.

71.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis denies the allegations set forth in paragraph 71.

72.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis denies the allegations set forth in paragraph 72.

73.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 73, and on that basis denies the allegations set forth in paragraph 73.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT ___1___ PAGE _13_

1   74.    Machado is without sufficient knowledge to admit or deny the

2   allegations set forth in paragraph 74, and on that basis denies the allegations set

3   forth in paragraph 74.

4   75.    Machado is without sufficient knowledge to admit or deny the

5   allegations set forth in paragraph 75, and on that basis denies the allegations set

6   forth in paragraph 75.

7   76.    Machado is without sufficient knowledge to admit or deny the

8   allegations set forth in paragraph 76, and on that basis denies the allegations set

9   forth in paragraph 76.

10   77.    Machado is without sufficient knowledge to admit or deny the

11   allegations set forth in paragraph 77, and on that basis denies the allegations set

12   forth in paragraph 77.

13   78.    Machado is without sufficient knowledge to admit or deny the

14   allegations set forth in paragraph 78, and on that basis denies the allegations set

15   forth in paragraph 78.

16   79.    Machado is without sufficient knowledge to admit or deny the

17   allegations set forth in paragraph 79, and on that basis denies the allegations set

18   forth in paragraph 79.

19   80.    Machado is without sufficient knowledge to admit or deny the

20   allegations set forth in paragraph 80, and on that basis denies the allegations set

21   forth in paragraph 80.

22   81.    Machado is without sufficient knowledge to admit or deny the

23   allegations set forth in paragraph 81, and on that basis denies the allegations set

24   forth in paragraph 81.

25   82.    Machado repeats his responses contained in paragraphs 1 through 81 of

26   this Answer and incorporates them by reference as though fully and completely set

27   forth herein.

28

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT __1__ PAGE _14_

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

83.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 83, and on that basis denies the allegations set forth in paragraph 83.

84.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 84, and on that basis denies the allegations set forth in paragraph 84.

85.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 85, and on that basis denies the allegations set forth in paragraph 85.

86.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 86, and on that basis denies the allegations set forth in paragraph 86.

87.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 87, and on that basis denies the allegations set forth in paragraph 87.

88.    Machado repeats his responses contained in paragraphs 1 through 87 of this Answer and incorporates them by reference as though fully and completely set forth herein.

89.    Machado denies the allegations set forth in paragraph 89.

90.    Machado denies the allegations set forth in paragraph 90.

91.    Machado denies the allegations set forth in paragraph 91.

92.    Machado denies the allegations set forth in paragraph 92.

93.    Machado denies the allegations set forth in paragraph 93.

94.    Machado denies the allegations set forth in paragraph 94.

95.    Machado denies the allegations set forth in paragraph 95.

96.    Machado denies the allegations set forth in paragraph 96.

97.    Machado denies the allegations set forth in paragraph 97.

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT ___1___ PAGE _15_

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

98.    Machado repeats his responses contained in paragraphs 1 through 97 of this Answer and incorporates them by reference as though fully and completely set forth herein.

99.    Machado denies the allegations set forth in paragraph 99.

100.    Machado denies the allegations set forth in paragraph 100.

101.    Machado denies the allegations set forth in paragraph 101.

102.    Machado denies the allegations set forth in paragraph 102.

103.    Machado denies the allegations set forth in paragraph 103.

104.    Machado denies the allegations set forth in paragraph 104.

105.    Machado denies the allegations set forth in paragraph 105.

106.    Machado repeats his responses contained in paragraphs 1 through 105 of this Answer and incorporates them by reference as though fully and completely set forth herein.

107.    Machado denies the allegations set forth in paragraph 107.

108.    Machado denies the allegations set forth in paragraph 108.

109.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 109, and on that basis denies the allegations set forth in paragraph 109.

110.    Machado denies the allegations set forth in paragraph 110.

111.    Machado denies the allegations set forth in paragraph 111.

112.    Machado denies the allegations set forth in paragraph 112.

113.    Machado denies the allegations set forth in paragraph 113.

114.    Machado denies the allegations set forth in paragraph 114.

115.    Machado denies the allegations set forth in paragraph 115.

116.    Machado repeats his responses contained in paragraphs 1 through 115 of this Answer and incorporates them by reference as though fully and completely set forth herein.

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT __1__  PAGE __16__

117.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 117, and on that basis denies the allegations set forth in paragraph 117.

118.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 118, and on that basis denies the allegations set forth in paragraph 118.

119.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 119, and on that basis denies the allegations set forth in paragraph 119.

120.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 120, and on that basis denies the allegations set forth in paragraph 120.

121.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 121, and on that basis denies the allegations set forth in paragraph 121.

122.   Machado repeats his responses contained in paragraphs 1 through 121 of this Answer and incorporates them by reference as though fully and completely set forth herein.

123.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 123, and on that basis denies the allegations set forth in paragraph 123.

124.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 124, and on that basis denies the allegations set forth in paragraph 124.

125.   Machado denies the allegations set forth in paragraph 125.

126.   Machado denies the allegations set forth in paragraph 126.

127.   Machado denies the allegations set forth in paragraph 127.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

14

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT ___1___ PAGE _17_

128.   Machado denies the allegations set forth in paragraph 128.

129.   Machado repeats his responses contained in paragraphs 1 through 128 of this Answer and incorporates them by reference as though fully and completely set forth herein.

130.   The first and fifth sentences of paragraph 130 are statements of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Machado denies the allegations set forth in the first and fifth sentences of paragraph 130.  Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 130 as they pertain to Bryant.  Machado admits that he had access to Mattel information, supervised the work of others, exercised discretion and worked independently in many of his job assignments and duties, represented Mattel in its dealings with third parties, and in actions in the course and scope of his relationship with Mattel, was an agent of Mattel.  Machado denies the allegations set forth in the fourth sentence of paragraph 130.  Machado denies the remaining allegations in paragraph 130.

131.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 131, and on that basis denies the allegations set forth in paragraph 131.

132.   Machado denies the allegations set forth in paragraph 132.

133.   Machado denies the allegations set forth in paragraph 133.

134.   Machado denies the allegations set forth in paragraph 134.

135.   Machado denies the allegations set forth in paragraph 135.

136.   Machado repeats his responses contained in paragraphs 1 through 135 of this Answer and incorporates them by reference as though fully and completely set forth herein.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

15

EXHIBIT____1____ PAGE _18_

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

137.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 137, and on that basis denies the allegations set forth in paragraph 137.

138.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 138, and on that basis denies the allegations set forth in paragraph 138.

139.   Machado denies the allegations set forth in paragraph 139.

140.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 140, and on that basis denies the allegations set forth in paragraph 140.

141.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 140, and on that basis denies the allegations set forth in paragraph 140.

142.   Machado repeats his responses contained in paragraphs 1 through 141 of this Answer and incorporates them by reference as though fully and completely set forth herein.

143.   Paragraph 143 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Machado denies the allegations set forth paragraph 143.

144.   Machado denies the allegations set forth in paragraph 144.

145.   Machado denies the allegations set forth in paragraph 145.

146.   Machado denies the allegations set forth in paragraph 146.

147.   Machado denies the allegations set forth in paragraph 147.

148.   Machado denies the allegations set forth in paragraph 148.

149.   Machado repeats his responses contained in paragraphs 1 through 148 of this Answer and incorporates them by reference as though fully and completely set forth herein.

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT   1   PAGE   19

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

150.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 150, and on that basis denies the allegations set forth in paragraph 150.

151.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 151, and on that basis denies the allegations set forth in paragraph 151.

152.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 152, and on that basis denies the allegations set forth in paragraph 152.

153.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 153, and on that basis denies the allegations set forth in paragraph 153.

154.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 154, and on that basis denies the allegations set forth in paragraph 154.

155.   Machado repeats his responses contained in paragraphs 1 through 154 of this Answer and incorporates them by reference as though fully and completely set forth herein.

156.   Machado denies the allegations set forth in paragraph 156.

157.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 157, and on that basis denies the allegations set forth in paragraph 157.

158.   Machado denies the allegations set forth in paragraph 158.

159.   Machado denies the allegations set forth in paragraph 159.

160.   Machado denies the allegations set forth in paragraph 160.

161.   Machado denies the allegations set forth in paragraph 161.

162.   Machado denies the allegations set forth in paragraph 162.

17

CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S AMENDED COUNTERCLAIMS

EXHIBIT __1__  PAGE __20__

163.   Machado repeats his responses contained in paragraphs 1 through 162 of this Answer and incorporates them by reference as though fully and completely set forth herein.

164.   Paragraph 164 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Machado denies the allegations set forth paragraph 164.

165.   Machado denies the allegations set forth in paragraph 165.

166.   Machado denies the allegations set forth in paragraph 166.

167.   Machado repeats his responses contained in paragraphs 1 through 166 of this Answer and incorporates them by reference as though fully and completely set forth herein.

168.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 168, and on that basis denies the allegations set forth in paragraph 168.

169.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 169, and on that basis denies the allegations set forth in paragraph 169.

170.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 170, and on that basis denies the allegations set forth in paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Machado or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, Machado alleges the following affirmative defenses to the Counterclaims. By designating the following as affirmative defenses, Machado does not in any way waive or limit any defenses which are or may be raised by his denials, allegations, and averments set forth herein.  Machado also does not, by alleging any affirmative

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

EXHIBIT ___ PAGE __21__

1  defense, admit that Mattel does not have the burden of proof for any or all facts

2  underlying any of those defenses.  These defenses are pled in the alternative, and are

3  raised to preserve the rights of Machado to assert such defenses, and are without

4  prejudice to his ability to raise other and further defenses.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State of Claim)

Mattel's counterclaims fail to state a claim against Machado upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

### THIRD AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Mattel's counterclaims are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

#### (Laches)

Mattel's counterclaims are barred by the equitable doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

#### (Information Readily Ascertainable)

• Machado cannot be liable for misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

EXHIBIT ___1___ PAGE ___22___

## SEVENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Mattel's damages, if any were not caused by Machado and are not attributable to the acts or omissions of Machado.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Mattel's counterclaims are barred in whole or in part by estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Mattel's counterclaims are barred in whole or in part by acquiescence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Invalid Copyrights)

Mattel is neither the legal nor beneficial owner in the copyrights purportedly at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent Mattel suffered any damages, Mattel failed to take reasonable steps to mitigate those purported damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

If Machado infringed any copyright interest held by Mattel, Machado did so without knowledge or intent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Undiscovered Defenses)

Machado has insufficient knowledge or information upon which to form a believe as to whether additional defenses are available. Machado reserves the right to any further or additional defense upon receiving more complete information regarding the matters alleged in the Counterclaim, through discovery or otherwise.

WHEREFORE, MACHADO prays for relief as follows:

a.      that the Counterclaims be dismissed with prejudice;

b.      that judgment be entered in favor or counter-defendants and against counterclaimant;

c.      that counter-defendants recover their costs and attorneys' fees; and

d.      that the Court award such other and further relief as is just and proper.

Dated: August _10_, 2007       **LAW OFFICES OF JAMES W. SPERTUS**

By: _____

James W. Spertus, Esq.
Leah C. Gershon, Esq.
Attorneys for
Carlos Gustavo Machado Gomez

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

21

**Proof of Service**

1

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

2

3      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 12100 Wilshire Blvd., Suite 620, Los

4  Angeles, CA 90025.

5  On the date indicated below, I served the foregoing documents described as:

6          **CARLOS GUSTAVO MACHADO GOMEZ' ANSWER
           TO MATTEL, INC.'S AMENDED COUNTERCLAIMS**

7

8  on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

9  **See attached list**

10

11

12

13  **BY MAIL**

14  [X]   I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.

15

16  [ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the

17        U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion

18        of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

19        affidavit.

20      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22      Executed on August 10, 2007, at Los Angeles, California.

23

24                                   Tierza Ac

25

26

27

28

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

22

**EXHIBIT** ___1___ **PAGE** _25_

EXHIBIT 2

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**
WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

August 22, 2007

## VIA FACSIMILE AND U.S. MAIL

Diana Torres, Esq.                     Michael H. Page, Esq.
O'Melveny & Meyers, LLP                Keker & Van Nest, LLP
400 S. Hope Street                     710 Sansome Street
Los Angeles, CA 90071                  San Francisco, CA 94111-1704

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Ste. 620
Los Angeles, CA 90025

Re:    Mattel v. Bryant et al.

Dear Counsel:

I write pursuant to Local Rule 7-3 to request a prefiling conference regarding apparently insufficient and inadequately pleaded affirmative defenses set forth in the Answers of Carter Bryant, MGA Entertainment, Inc., MGA (HK) Limited, MGAE de Mexico S.R.L. de C.V., Isaac Larian and Carlos Gustavo Machado to Mattel's Second Amended Answer and Counterclaims.

Collectively, defendants have listed dozens of affirmative defenses in these recent pleadings. In nearly every case, they have done so without providing any details at all. Defendants are obligated to plead each of their affirmative defenses with enough particularity to give Mattel fair notice of the defense advanced. Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979). They have not done so. Mattel should not be required to guess about what defendants believe they have put at issue through their defenses. Indeed, this is especially true in this case, where defendants have recently taken the position that Mattel cannot serve any further interrogatories or even requests for admissions to attempt to discover defendants' contentions. Mattel is

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT _2_ PAGE _26_

obviously entitled to know what defendants believe their actual affirmative defenses are and their alleged basis for these defenses.

Moreover, many of the listed affirmative defenses appear to be insufficient as a matter of law. Without limitation, these include the claimed affirmative defenses of: Innocent Intent; Innocent Infringement; Good Faith; Res Judicata; Lack Of Standing; Abandonment; De Minimus Use; Joint Authorship; Consent; Failure of Contract; Duress; Unconscionability; Excuse of Performance; Alleged Duties Contrary to Law; Unclean Hands; Laches; Statute of Limitations; Waiver; Estoppel; Acquiescence; and Invalid Copyrights. At the meet and confer, please be prepared to discuss the basis for each of these claimed affirmative defenses. If defendants are unwilling to or cannot provide an adequate factual and legal basis for them or are unwilling to plead their affirmative defenses with enough particularity to give Mattel fair notice, Mattel contemplates moving to strike the affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

Please let me know of availability for a prefiling conference this week as soon as possible. I look forward to hearing from you.


Very truly yours,

B. Dylan Proctor
07209/2198025.2


2

EXHIBIT ___2___ PAGE ___27___

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   August 21, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Diana Torres, Esq.<br>O'Melveny & Meyers, LLP | (213) 430-6000 | (213) 430-6407 |
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |
| James W. Spertus<br>Law Offices | (310) 826-4700 | (310) 826-4711 |

**FROM:**   B. Dylan Proctor
(213) 443-3112
dylanproctor@quinnemanuel.com

**RE:**   Attached Letter



**MESSAGE:**

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Laura Kinsey | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | *um* | CONFIRMED? | ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _2_   PAGE _28_

```
                    ********************************
                    ***   MULTI TX/RX REPORT   ***
                    ********************************

TX/RX NO              3137
PGS.                  3
TX/RX INCOMPLETE      ------

TRANSACTION OK
                     (1)    9414#007209#12134306407
                     (2)    9414#007209#14153877188
                     (3)    9414#007209#13108264711

ERROR INFORMATION    ------
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    August 21, 2007          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Diana Torres, Esq. O'Melveny & Meyers, LLP | (213) 430-6000 | (213) 430-6407 |
| Michael H. Page, Esq. Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |
| James W. Spertus Law Offices | (310) 826-4700 | (310) 826-4711 |

**FROM:**    B. Dylan Proctor
             (213) 443-3112
             dylanproctor@quinnemanuel.com

**RE:**      Attached Letter

**MESSAGE:**

EXHIBIT ___2___ PAGE _29_

# EXHIBIT 3

COPY

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Plaintiff Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                         Consolidated with
12               Plaintiff,              Case Nos. CV 04-09059 & CV 05-2727

13      vs.                              Hon. Stephen G. Larson

14  MATTEL, INC., a Delaware             NOTICE OF MOTION AND MOTION
    corporation,                         OF MATTEL, INC. TO STRIKE
15                                       CARLOS GUSTAVO MACHADO
                 Defendant.              GOMEZ'S AFFIRMATIVE
16  ─────────────────────────────       DEFENSES UNDER FED. R. CIV. P.
                                         12(F); AND
17  AND CONSOLIDATED ACTIONS
                                         MEMORANDUM OF POINTS AND
18                                       AUTHORITIES

19                                       [Declaration of B. Dylan Proctor filed
                                         concurrently]
20
                                         [Notice of Lodging lodged
21                                       concurrently]

22                                       Date:    October 22, 2007
                                         Time:    10:00 a.m.
23                                       Place:   Courtroom 1

24                                       Phase 1
                                         Discovery Cut-Off:    January 14, 2008
25                                       Pre-Trial Conference: April 7, 2008
                                         Trial Date:           April 29, 2008
26
                                         Phase 2
27                                       Discovery Cut-Off:    March 3, 2008
                                         Pre-Trial Conference: June 2, 2008
28                                       Trial Date:           July 1, 2008

07209/2207361.6
                   MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

EXHIBIT ___3___ PAGE __30__

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that on October 22, at 10:00 a.m., or as soon

3   thereafter as the matter may be heard, in the courtroom of Honorable Stephen G.

4   Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc.

5   will, and hereby does, move the Court pursuant to <u>Federal Rule of Civil Procedure</u>

6   12(f) for an order striking Carlos Gustavo Machado Gomez's Affirmative Defenses

7   to Mattel's Second Amended Answer and Counterclaims.

8          This Motion is made on the grounds that the affirmative defenses do not

9   provide Mattel with fair notice of the alleged defenses, and Mattel would be

10  prejudiced if the defenses were allowed to stand as currently pleaded.

11         This Motion is based on this Notice of Motion and Motion, the

12  accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan

13  Proctor filed concurrently herewith, the Notice of Lodging lodged herewith, the

14  pleadings and other papers on file in this action; any matters of which this Court

15  may take judicial notice; and such further evidence and argument as may be

16  presented at or before the hearing on this matter.

17         The parties conferred on the matters in this motion on August 22, 2007,

18  and thereafter, pursuant to <u>Local Rule</u> 7-3.

19

20  DATED: September 4, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
21

22                                  By _____

23                                     John B. Quinn
                                       Attorneys for Plaintiff
24                                     Mattel, Inc.

25

26

27

28

07209/2207361.6

MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

EXHIBIT 3   PAGE 31

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ......................................................................... 1

BACKGROUND ............................................................................................ 1

ARGUMENT ................................................................................................. 5

I.   MACHADO'S AFFIRMATIVE DEFENSES DO NOT GIVE
     MATTEL FAIR NOTICE .......................................................................... 5

     A.   Fair Notice Requires More Than A Conclusory Averment Of
          The Affirmative Defense ................................................................ 5

     B.   Machado's Affirmative Defenses Are Merely Conclusory
          Statements That Do Not Provide Fair Notice ................................. 7

II.  DEFENDANTS' PREJUDICE ARGUMENTS ARE IRRELEVANT
     AND MERITLESS ................................................................................... 8

     A.   Mattel Need Not Show Prejudice .................................................... 8

     B.   Mattel Will Be Prejudiced If The Defenses Are Not Stricken ............. 9

CONCLUSION ............................................................................................... 11

07209/2207361.607209/22
07361.607209/2207361.1

-i-

EXHIBIT _3_ PAGE _32_

# TABLE OF AUTHORITIES

**Page**

## Cases

Bobbitt v. Victorian House, Inc.,
  532 F. Supp. 734 (N.D. Ill. 1982) ..................................................... 6

California v. United States,
  512 F. Supp. 36 (N.D. Cal. 1981) ..................................................... 8

D.S. America (East), Inc. v. Chromagrafx Imaging Systems, Inc.,
  873 F. Supp. 786 (E.D.N.Y. 1995) ................................................... 6

F.T.C. v. Medicor LLC,
  2001 WL 765628 (C.D. Cal. 2001) ............................................... 6, 7

Ganley v. County of San Mateo,
  2007 WL 902551 at *2 (N.D. Cal. 2007) ......................................... 8

Heller Financial, Inc. v. Midwhey Powder Co., Inc.,
  883 F.2d 1286 (7th Cir. 1989) ......................................................... 6

Qarbon.com Inc. v. eHelp Corp.,
  315 F. Supp. 2d 1046 (N.D. Cal. 2004) ........................................ 5, 7

Renalds v. S.R.G. Restaurant Group,
  119 F. Supp. 2d 800 (N.D. Ill. 2000) ........................................... 6, 7

Ross v. CCS Intern. Ltd.,
  2000 WL 1804103 (S.D.N.Y. 2000) ................................................. 6

S.E.C. v. Brincat,
  2001 WL 1662099 (N.D. Ill. 2001) .............................................. 6, 7

Smith v. Wal-Mart Stores,
  2006 WL 2711468 (N.D. Cal. 2006) ................................................ 6

U.S. v. Hempfling,
  2007 WL 1299262 (E.D. Cal. 2007) ................................................. 5

Wyshak v. City Nat. Bank,
  607 F.2d 824 (9th Cir. 1979) ........................................................... 5

## Statutes

17 U.S.C. § 412 ...................................................................................... 4

Fed. R. Civ. P. 12(f) ............................................................................... 8

MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

EXHIBIT __3__ PAGE __33__

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

After unsuccessfully moving to dismiss, Defendants have now served answers to Mattel's Counterclaims.  Those answers have introduced new issues in this case by raising dozens of affirmative defenses never pleaded before.  However, Defendants' pleadings do not provide any notice of the nature of the defenses beyond the mere labels of the defenses themselves, such as "waiver" or "estoppel."  Merely reciting legal headings does not provide fair notice of what Defendants contend is at issue, as required.  The affirmative defenses of Carlos Gustavo Machado Gomez ("Machado"), like those of his co-Defendants, should be stricken.

Defendants' opaque pleading style is deliberate and consistent with their hide-the-ball approach to discovery.  Defendants have recently taken the position in discovery motions that Mattel is not entitled to any further discovery of their contentions through interrogatories or requests for admission.  At the same time, they refuse to explain (or plead) the bases of their defenses, offering literally no supporting facts.  Thus, Mattel is left with the prospect of preparing for trial when (1) dozens of new defenses were just added to the case, (2) Defendants have not provided the required notice of those defenses, and (3) Defendants are taking the position that Mattel is not entitled to use key methods of discovery to ascertain what, if any, bases Defendants have for the affirmative defenses.

Mattel should not be put in that position, and should not have to attempt to respond to defenses of which it has not received adequate notice.  The Court should strike Machado's affirmative defenses and require him to re-plead any he believes are valid, providing the notice required by controlling authority.

### Background

Mattel's Second Amended Answer and Counterclaims.  Mattel filed its Second Amended Answer in Case No. 05-2727 and Counterclaims on July 12, 2007, asserting thirteen counterclaims against six named Defendants, MGA Entertainment,

EXHIBIT __3__ PAGE __34__

1    Inc. ("MGA"), Isaac Larian ("Larian"), Carter Bryant ("Bryant"), MGA

2    Entertainment (HK) Ltd. ("MGA Hong Kong"), MGAE de Mexico S.R.L. De C.V.

3    ("MGA Mexico"), and Machado.[1] Mattel's counterclaims against Machado include

4    claims for violations of RICO, conspiracy to violate RICO, misappropriation of

5    trade secrets, unfair competition, conversion, breach of fiduciary duty, and breach of

6    duty of loyalty.[2] Mattel alleges, among other things, that MGA has engaged in an

7    ongoing, widespread pattern of illegal acts, including inducing Machado, a former

8    Mattel employee, to steal Mattel's trade secrets, confidential information and other

9    property to further MGA's business interests and harm Mattel.[3]

10          <u>Machado's Answer</u>. Previously, Machado had failed to respond to

11    Mattel's Amended Answer and Counterclaims filed on January 12, 2007, and the

12    Court entered a default judgment on May 11, 2007.[4] Mattel stipulated to relieve

13    Machado of his default to avoid unnecessary delay and motion practice, and

14    Machado agreed to respond to Mattel's Second Amended Answer and

15    Counterclaims.[5] Machado served his Answer on August 10, 2007, denying Mattel's

16

17

18

19

---

20    [1] Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and

21    Counterclaims, dated July 12, 2007 is attached as Exhibit 1 to Mattel, Inc.'s Notice of Lodging Regarding Motion of Mattel, Inc. to Strike Carlos Gustavo Machado

22    Gomez's Affirmative Defenses Under Fed. R. Civ. P. 12(f) dated September 4, 2007

23    ("Notice of Lodging").
   [2] <u>Id.</u> at ¶¶ 88-115; 129-135, 142-148, 155-166.

24    [3] <u>Id.</u> at e.g., ¶¶ 42-54.
   [4] Default by Clerk -- Carlos Gustavo Machado Gomez dated May 11, 2007,

25    Notice of Lodging, Exh. 2.

26    [5] Stipulation to Set Aside Default Entered Against Carlos Gustavo Machado

27    Gomez and Time to Answer or Move dated July 26, 2007, Notice of Lodging, Exh. 3.

28

-2-
MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

**EXHIBIT 3 PAGE 35**

1  allegations and asserting sixteen affirmative defenses.[6] These affirmative defenses
2  are reproduced in full below, verbatim:

3  ■  <u>First Affirmative Defense (Failure to State of Claim)</u>
4     Mattel's counterclaims fail to state a claim against Machado upon
5     which relief can be granted.

6  ■  <u>Second Affirmative Defense (Lack of Standing)</u>
7     Mattel's counterclaims are barred in whole or in part by its lack of
8     standing.

9  ■  <u>Third Affirmative Defense (Unclean Hands)</u>
10    Mattel's counterclaims are barred in whole or in part by Mattel's
11    unclean hands.

12 ■  <u>Fourth Affirmative Defense (Statute of Limitations)</u>
13    Mattel's counterclaims are barred by applicable statutes of
14    limitations.

15 ■  <u>Fifth Affirmative Defense (Laches)</u>
16    Mattel's counterclaims are barred by the equitable doctrine of
17    laches.

18 ■  <u>Sixth Affirmative Defense (Information Readily Ascertainable)</u>
19    Machado cannot be liable for misappropriation of information
20    that was readily ascertainable by proper means at the time of the
21    alleged acquisition or use.

22 ■  <u>Seventh Affirmative Defense (Acts of Omissions of Others)</u>
23    Mattel's damages, if any were not caused by Machado and are not
24    attributable to the acts or omissions of Machado.

25

26  [6]  Carlos Gustavo Machado Gomez's Answer to Mattel, Inc.'s Second Amended
27  Answer and Counterclaims dated August 10, 2007 ("Machado's Answer"), Notice of
    Lodging, Exh. 4.
28

-3-

MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

EXHIBIT __3__ PAGE __36__

1    • Ninth [sic] Affirmative Defense (Waiver)

2    Mattel's counterclaims are barred in whole or in part by waiver.

3    • Tenth Affirmative Defense (Estoppel)

4    Mattel's counterclaims are barred in whole or in part by estoppel.

5    • Eleventh Affirmative Defense (Acquiescence)

6    Mattel's counterclaims are barred in whole or in part by

7    acquiescence.

8    • Twelfth Affirmative Defense (Invalid Copyrights)

9    Mattel is neither the legal nor beneficial owner in the copyrights

10   purportedly at issue.

11   • Thirteenth Affirmative Defense (Failure to Mitigate)

12   To the extent Mattel suffered any damages, Mattel failed to take

13   reasonable steps to mitigate those purported damages.

14   • Fourteenth Affirmative Defense (No Statutory Damages or

15   Attorneys' Fees)

16   Mattel is barred from recovering statutory damages and/or

17   attorneys' fees because it failed to register the copyrights that are

18   purportedly at issue within the time required by 17 U.S.C. § 412.

19   • Fifteenth Affirmative Defense (Innocent Intent)

20   If Machado infringed any copyright interest held by Mattel,

21   Machado did so without knowledge or intent.

22   • Sixteenth Affirmative Defense (Undiscovered Defenses)

23   Machado has insufficient knowledge or information upon which

24   to form a believe [sic] as to whether additional defenses are

25   available.  Machado reserves the right to any further or additional

26   defense upon receiving more complete information regarding the

27

28

07209/2207361.6

-4-

MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

EXHIBIT   3    PAGE   37

1  matters alleged in the Counterclaim, through discovery or

2  otherwise.[7]

3      Machado offers no other facts or information to support these alleged

4  affirmative defenses in his Answer.

5      Shortly after Machado, the other Defendants in this case also served

6  Answers (four in total), pleading a total of 80 affirmative defenses.[8]  Nearly all are

7  pleaded in the same manner, with a single sentence setting forth the name of the

8  defense, and little else.[9]

9  <u>**Argument**</u>

10  **I.**  **<u>MACHADO'S AFFIRMATIVE DEFENSES DO NOT GIVE MATTEL</u>**

11  **<u>FAIR NOTICE</u>**

12      **A.**  **<u>Fair Notice Requires More Than A Conclusory Averment Of The</u>**

13  **<u>Affirmative Defense</u>**

14      "The key to determining the sufficiency of pleading an affirmative

15  defense is whether it gives plaintiff fair notice of the defense." <u>Wyshak v. City Nat.</u>

16  <u>Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979). "Affirmative defenses are governed by the

17  same pleading standard as complaints." <u>Qarbon.com Inc. v. eHelp Corp.</u>, 315 F.

18  Supp. 2d 1046, 1049 (N.D. Cal. 2004).  Thus, fair notice requires more than simply

19  averring the name of the affirmative defense.  <u>See, e.g.</u>, <u>U.S. v. Hempfling</u>, 2007

20  WL 1299262 *4 (E.D. Cal. 2007) ("If an affirmative defense is insufficient on its

21  _____

22      [7]  <u>Id.</u> at 19-21.

23      [8]  Answer and Affirmative Defenses of MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. to Mattel, Inc.'s

24  Second Amended Answer and Counterclaims dated August 13, 2007, Notice of Lodging, Exh. 5 at 19-24; Isaac Larian's Answer and Affirmative Defenses to

25  Mattel, Inc.'s Second Amended Answer and Counterclaims dated August 13, 2007, Notice of Lodging, Exh. 6 at 17-21; Carter Bryant's Reply to Mattel's Counterclaims

26  dated August 13, 2007, Notice of Lodging, Exh. 7 at 15-17.

27      [9]  <u>Id.</u>

28

EXHIBIT __3__ PAGE __38__

1   face, or comprises no more than 'bare bones conclusory allegations,' it must be

2   stricken."); Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286,

3   1294-95 (7th Cir. 1989) (striking affirmative defenses where defenses contained

4   "nothing but bare bones conclusory allegations" and "failed totally to allege the

5   necessary elements of the alleged claims.").

6          Instead, "[a]n affirmative defense must sufficiently apprise the

7   opposing party of the nature of the defense, providing the opposing party with

8   adequate notice of the relevant elements of the defense." D.S. America (East), Inc.

9   v. Chromagrafx Imaging Systems, Inc., 873 F. Supp. 786, 797 (E.D.N.Y. 1995)

10  (citing Bobbitt v. Victorian House, Inc. 532 F. Supp. 734, 737-738 (N.D. Ill. 1982);

11  see Smith v. Wal-Mart Stores, 2006 WL 2711468, at *8-9 (N.D. Cal. 2006) (striking

12  affirmative defenses of release, accord and satisfaction, waiver or estoppel,

13  ratification, acquiescence, settlement, consent, and agreement and payment because

14  they did not provide fair notice of the defenses and "could refer to any of several

15  legal doctrines"); Qarbon.com, 315 F. Supp. 2d. at 1049-1050 (striking affirmative

16  defenses of estoppel, waiver and unclean hands based on insufficient notice where

17  defenses did not include factual allegations); F.T.C. v. Medicor LLC, 2001 WL

18  765628, at *4 (C.D. Cal. 2001) (striking affirmative defense of estoppel where the

19  defense did not allege the essential elements of estoppel); S.E.C. v. Brincat, 2001

20  WL 1662099 at *1 (N.D. Ill. 2001) (striking good faith affirmative defense where no

21  factual basis was provided and where defense merely contained general denials that

22  defendant acted knowingly, recklessly or negligently); Ross v. CCS Intern. Ltd.,

23  2000 WL 1804103, *4 (S.D.N.Y. 2000) (striking waiver, consent and acquiescence

24  affirmative defenses under Rule 12(f) where defendants pleaded supporting facts but

25  failed to demonstrate all of the requisite elements of the defenses); Renalds v.

26  S.R.G. Restaurant Group, 119 F. Supp. 2d. 800, 803 (N.D. Ill. 2000) (striking good

27  faith affirmative defense which stated, "at all times pertinent to this case, the Bar &

28  Grill acted in good faith and did not intentionally or willfully discriminate against

1  Plaintiff in violation of any federal laws," in part because defense was an

2  impermissible conclusory statement and did not indicate how the statement was

3  connected to the case at hand).

4      **B.**     **Machado's Affirmative Defenses Are Merely Conclusory**

5               **Statements That Do Not Provide Fair Notice**

6         Machado's affirmative defenses consist only of a single, conclusory line

7  that does not provide Mattel with any notice of what claims the defenses apply to,

8  what facts the defenses are based on or what connection the defenses have to the

9  case. The bases for the defenses, if any, is left unstated. Such pleading is improper.

10  See, e.g., Renalds, 119 F. Supp. 2d. at 803 (N.D. Ill. 2000) (striking affirmative

11  defense because defense was an impermissible conclusory statement that did not

12  indicate how the statement was connected to the case at hand); Brincat, 2001 WL

13  1662099 at *1 (striking affirmative defense as inadequately pleaded where no

14  factual basis was provided and defense merely set forth general denials);

15  Qarbon.com, 315 F. Supp. 2d. at 1049-1050 (striking affirmative defenses where

16  defenses did not include any factual allegations).

17         For example, for his estoppel defense, Machado merely states that

18  "Mattel's counterclaims are barred in whole or in part by estoppel."[10] Machado does

19  not identify any facts that allegedly give rise to the claimed estoppel. Therefore, the

20  defense should be stricken. See Medicor LLC, 2001 WL 765628, at *4 (C.D. Cal.

21  2001) (striking affirmative defense of estoppel where the defense did not include

22  supporting facts). Machado's other defenses likewise consist of conclusory

23  averments of the name of the defense. He pleads acquiescence, for instance, but

24  does not notify Mattel what it allegedly acquiesced to or how it allegedly did so.

25

26

27       [10]     Machado's Answer, Notice of Lodging, Exh. 4 at 20.

28

-7-

MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

**EXHIBIT** _3_ **PAGE** _40_

1  Machado also makes no attempt to identify which claims his defenses apply to.

2  This type of pleading is clearly inadequate.

3  **II.   DEFENDANTS' PREJUDICE ARGUMENTS ARE IRRELEVANT**

4  **AND MERITLESS**

5  After the pre-filing conference of counsel, the MGA Parties argued that

6  Mattel should not move to strike affirmative defenses, "the pleading of which does

7  not expand the scope of the case and causes no prejudice to Mattel."[11]  However, the

8  prejudice to Mattel from Machado's and other Defendants' deficient pleading of

9  dozens of affirmative defenses is apparent.  Most basically, Mattel cannot even

10  determine whether or not the defenses are based on new facts -- and thus whether

11  they do or do not "expand the scope of the case."  Moreover, no showing of

12  prejudice is required.

13  **A.   Mattel Need Not Show Prejudice**

14  No showing of prejudice is required in the Ninth Circuit.  Motions to

15  strike are the proper means to address an inadequate pleading of an affirmative

16  defense, regardless of prejudice.  See Fed. R. Civ. P. 12(f) ("upon motion made by a

17  party within 20 days after the service of a pleading upon the party or upon the

18  court's own initiative at any time, the court may order stricken from any pleading

19  any insufficient defense"); Ganley v. County of San Mateo, 2007 WL 902551 at *2

20  (N.D. Cal. 2007) ("In the Ninth Circuit, motions to strike are proper, even if the

21  material is not prejudicial to the moving party, if granting the motion would make

22  trial less complicated or otherwise streamline the ultimate resolution of the action.");

23  California v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981) (motion to strike is

24  proper where motion may have the "effect of making the trial of the action less

25  

26  [11] Letter from Jennifer Glad to Dylan Proctor dated August 29, 2007 is attached

27  as Exhibit 1 to the Declaration of B. Dylan Proctor dated September 4, 2007 ("Proctor Dec.").

28  

-8-
MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

EXHIBIT __3__ PAGE __41__

1  complicated or have the effect of otherwise streamlining the ultimate resolution of

2  the action"); California Practice Guide: Federal Civil Procedure Before Trial § 9:409

3  (The Rutter Group 2007) ("orders striking portions of pleadings are proper although

4  they are not shown to be prejudicial to the moving party, if granting the motion will

5  make the trial less complicated or otherwise streamline ultimate resolution of the

6  action") (citing Fantasy Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd

7  on other grounds, Fogerty v. Fantasy, Inc. 510 U.S. 517, 534-535 (1994)).

8     **B.**    **Mattel Will Be Prejudiced If The Defenses Are Not Stricken**

9        In any case, the risk of prejudice here is substantial.  Many of

10  Defendants' defenses have never been raised before, and appear to raise wholly new

11  issues.  For example, Mattel has no idea why Machado apparently believes Mattel's

12  hands are "unclean" in some way relevant to him, what Mattel allegedly did to

13  "waive" its claims against him, or how Mattel's claims against him even arguably

14  could be time-barred.  To take the example of MGA's purported "good faith"

15  defense, MGA advised Mattel at the conference of counsel that it is based on an

16  alleged defense -- although the pleading does not say this -- that it was a "bona fide

17  purchaser in good faith" and has rights under Section 205(d) of the Copyright Act --

18  positions which MGA has not previously taken.[12]  As to MGA's Joint Authorship

19  defense, Mattel does not even know what purportedly was jointly authored -- during

20  the conference of counsel MGA said it "could be" the drawings and works Mattel

21  claims it owns, or "could be" the works Mattel claims are infringing works.[13]

22

23

24

25

26  [12]  Letter from Dylan Proctor to Marc Feinstein, Jennifer Glad, John Trinidad,

27  and James Spertus, dated August 30, 2007, Proctor Dec., Exh. 2.

     [13]  Id.

28

07209/2207361.6

-9-

MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

EXHIBIT __3__ PAGE __42__

1    Meanwhile, Defendants have separately argued in recent weeks that

2    Mattel has no further right to discovery regarding their contentions.[14]  In particular,

3    Defendants have filed two motions, both of which are pending, asserting that Mattel

4    cannot serve further interrogatories or requests for admission.  Mattel served its

5    Sixth Set of Requests for Admission to MGA and Bryant (and virtually identical

6    sets to Isaac Larian and MGA Hong Kong) on July 9, 2007, seeking to determine

7    whether Defendants will dispute certain key facts about Bryant's early Bratz

8    drawings, such as that Bryant was the sole author of each drawing and worked on

9    each drawing while employed by Mattel or that the "8/1998" date-notations on the

10   drawings were not put on the drawings in 1998.[15]  MGA, MGA Hong Kong, and

11   Larian served only objections and moved for a protective order seeking to "strik[e]

12   Mattel's requests for admission" and "limit[] Mattel to an additional 50 requests for

13   admission," claiming that Mattel had served too many requests already.[16]

14       The MGA Defendants employed a similar tactic regarding Mattel's

15   interrogatories.  On June 7, 2007, Mattel served its Third Set of Interrogatories on

16   MGA, MGA Hong Kong, Isaac Larian, and Carter Bryant.  These interrogatories

17   seek to discover Defendants' contentions on key points of dispute, such as

18   Defendants' contentions regarding which Bratz inventions were created before,

19

20   [14]  See MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian,
21   and Carter Bryant's Joint Notice of Motion and Motion for Protective Order
     Regarding Mattel's Interrogatories, dated July 10, 2007, Notice of Lodging, Exh. 8;
22   Notice of Motion and Motion by MGA Entertainment, Inc., MGA Entertainment
23   (HK) Ltd., and Isaac Larian for Protective Order Limiting Requests for Admission
     dated August 16, 2007, Notice of Lodging, Exh. 9.
24   [15]  Mattel, Inc.'s Opposition to Motion of MGA Entertainment, Inc., MGA
25   Entertainment (HK) Ltd., and Isaac Larian For a Protective Order Limiting Requests
     for Admission, dated August 27, 2007, Notice of Lodging, Exh. 11 at 2-3.
26   [16]  Notice of Motion and Motion by MGA Entertainment, Inc., MGA
27   Entertainment (HK) Ltd., and Isaac Larian for Protective Order Limiting Requests
     for Admission dated August 16, 2007, Notice of Lodging, Exh. 9 at 10.
28

EXHIBIT __3__ PAGE __43__

1   during and after Bryant's Mattel employment, their contentions regarding the relief

2   that Mattel seeks, and the facts supporting certain of their affirmative defenses.[17]

3   Rather than provide answers, however, Defendants served only objections to the

4   interrogatories, and moved for a protective order.[18]  In that motion, Defendants

5   requested "that the Discovery Master issue a protective order preventing Mattel

6   from serving additional interrogatories . . . ."[19]

7           Thus, Defendants want it both ways.  They refuse to properly plead

8   their affirmative defenses while simultaneously demanding that the Court preclude

9   Mattel from effectively fleshing out the bases for their defenses in discovery.

10  Defendants are attempting to unfairly deny Mattel information about their new

11  affirmative defenses to sandbag Mattel at trial.  Unquestionably, that is prejudice.

12                          **Conclusion**

13          For the foregoing reasons, Mattel respectfully requests that the Court

14  strike each of Machado's affirmative defenses for failure to provide fair notice.

15

16  DATED:  September 4, 2007          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
17

18                                  By _____
                                      John B. Quinn
19                                    Attorneys for Plaintiff
20                                    Mattel, Inc.

21

22

23
     ---
24  [17]  Mattel, Inc.'s Opposition to Defendants' Motion for Protective Order
     Regarding Mattel's Interrogatories, dated July 18, 2007, Notice of Lodging, Exh. 10
25  at 4-5.
     [18]  Id. at 5-6.
26  [19]  MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian, and
     Carter Bryant's Joint Notice of Motion and Motion for Protective Order Regarding
27  Mattel's Interrogatories, dated July 10, 2007, Notice of Lodging, Exh. 8 at 11.
28

07209/2207361.6

-11-
MATTEL'S MOTION TO STRIKE MACHADO'S AFFIRMATIVE DEFENSES

EXHIBIT ___3___ PAGE __44__

# EXHIBIT 4

# COPY



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

**FILED**
CLERK, U.S. DISTRICT COURT

SEP 11 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case Nos. CV 04-09059 and CV 05-02727

Hon. Stephen G. Larson

STIPULATION AND [PROPOSED] ORDER REGARDING CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

**Phase 1**
Discovery Cut-Off:      January 14, 2008
Pre-Trial Conference:   April 7, 2008
Trial Date:             April 29, 2008

**Phase 2**
Discovery Cut-Off:      March 3, 2008
Pre-Trial Conference:   June 2, 2008
Trial Date:             July 1, 2008

07209/2212004.1

STIPULATION AND [PROPOSED] ORDER

EXHIBIT __4__ PAGE __45__

## Stipulation

WHEREAS, on July 12, 2007, Mattel, Inc. ("Mattel") filed its Second Amended Answer in Case No. 05-2727 and Counterclaims ("Counterclaims"),

WHEREAS, on August 10, 2007, Carlos Gustavo Machado Gomez ("Machado") filed his answer to Mattel's Counterclaims, asserting sixteen affirmative defenses,

WHEREAS, Mattel contends that Machado's affirmative defenses are inadequately pleaded, and the parties met and conferred regarding Mattel's contemplated motion to strike the defenses,

WHEREAS, Mattel filed its Motion to Strike Machado's Affirmative Defenses on September 4, 2007, which motion is now pending, and

WHEREAS, Machado disputes Mattel's contentions regarding his affirmative defenses, but is willing to voluntarily amend his answer to eliminate at least some of the disputes between the parties, and both Mattel and Machado wish to avoid needless motion practice regarding Machado's affirmative defenses to the extent it is possible to do so,

///
///
///
///
///
///
///
///
///
///
///
///

07209/2212004.1

-1-

STIPULATION AND [PROPOSED] ORDER

EXHIBIT __4__   PAGE __46__

1    NOW, THEREFORE, Mattel and Machado hereby stipulate, by and through

2    their counsel of record and subject to the Court's approval, that Machado will file an

3    amended answer to Mattel's Counterclaims on or before September 19, 2007, and

4    Mattel will take its pending motion to strike Machado's affirmative defenses off

5    calendar.  Mattel may then file a motion to strike Machado's amended answer

6    pursuant to the time limits set forth in Fed. R. Civ. P. 12(f) as may be appropriate.

7        IT IS SO STIPULATED.

8

9    DATED: September 10, 2007        QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
10

11

12                                 By _____
                                      B. Dylan Proctor
13                                    Attorneys for Mattel, Inc.

14

15    DATED: September 5, 2007        LAW OFFICES OF JAMES W. SPERTUS

16

17                                 By _____
18                                    James W. Spertus
19                                    Attorneys for Carlos Gustavo Machado
                                      Gomez
20

21        IT IS SO ORDERED.

22
                                      STEPHEN G. LARSON
23

24    DATED: September 11, 2007       By _____
25                                    Hon. Stephen G. Larson
                                      United States District Court Judge
26

27

28

07209/2212004.1

-2-

STIPULATION AND [PROPOSED] ORDER

EXHIBIT ___4___ PAGE __47__

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On September 10, 2007, I served true copies of the following document(s) described as **STIPULATION AND [PROPOSED] ORDER REGARDING CARLOS GUSTAVO MACHADO GOMEZ'S ANSWER TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'Melveny & Myers, LLP**
400 S. Hope Street
Los Angeles, CA 90071

John W. Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

Patricia Glaser, Esq.
**Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA  90067

James Spertus
**Law Offices of James W. Spertus**
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 10, 2007, at Los Angeles, California.

Laura Kinsey

07209/2215878.1

EXHIBIT __4__ PAGE __48__

# EXHIBIT 5

1  James W. Spertus, Esq., State Bar No. 159825
   Leah C. Gershon, Esq., State Bar No. 242327
2  **LAW OFFICES OF JAMES W. SPERTUS**
   12100 Wilshire Blvd., Ste. 620
3  Los Angeles, California 90025
   (310) 826-4700-Telephone
4  (310) 826-4711-Facsimile
   jim@spertuslaw.com
5  leah@spertuslaw.com

6  Attorneys for
   Carlos Gustavo Machado Gomez

7

8

9                  **UNITED STATES DISTRICT COURT**

10                 **CENTRAL DISTRICT OF CALIFORNIA**

                   **EASTERN DIVISION**

11

12 CARTER BRYANT, an individual        CASE NO.  CV 04-09049 SGL (RNBx)

              Plaintiff,               (Consolidated with CV 04-9059 and CV
13                                     05-2727)

14       v.

15 MATTEL, INC., a Delaware           **AMENDED ANSWER AND**
   Corporation,                       **AFFIRMATIVE DEFENSES OF**
                                       **CARLOS GUSTAVO MACHADO**
16            Defendant.              **GOMEZ'S TO MATTEL INC.'S**
                                       **SECOND AMENDED ANSWER**
17                                     **AND COUNTERCLAIMS**

18 MGA ENTERTAINMENT, INC., A          Judge:    Hon. Steven G. Larson
   California corporation,            Courtroom:  1
19
              Plaintiff,
20

21       v.

22
   MATTEL, INC., a Delaware
23 corporation, and DOES 1-10,

24            Defendant

25

26

27

28

9-24

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___5___ PAGE ___49___

1    Counter-defendant Carlos Gustavo Machado Gomez ("Machado") hereby

2 answers, for himself alone, the Second Amended Counterclaim of Counter-Claimant

3 Mattel, Inc., as follows:

4    As a preliminary matter, Mattel's use of headings throughout its

5 counterclaims is improper, and therefore no response to Mattel's headings is

6 required.  If any response is required, Machado denies all allegations contained in

7 Mattel's headings.

8    1.    Machado is without sufficient knowledge to admit or deny the

9 allegations set forth in paragraph 1, and on that basis denies the allegations set forth

10 in paragraph 1.

11    2.    Machado is without sufficient knowledge to admit or deny the

12 allegations set forth in paragraph 2, and on that basis denies the allegations set forth

13 in paragraph 2.

14    3.    Machado admits that he was hired by MGA Entertainment, Inc.

15 (MGA"), and denies the remaining allegations set forth in paragraph 3.

16    4.    Machado is without sufficient knowledge to admit or deny the

17 allegations set forth in paragraph 4, and on that basis denies the allegations set forth

18 in paragraph 4.

19    5.    Machado is without sufficient knowledge to admit or deny the

20 allegations set forth in paragraph 5, and on that basis denies the allegations set forth

21 in paragraph 5.

22    6.    Machado admits that the Court has federal question jurisdiction over

23 this action pursuant to 28 U.S.C. § 1331, denies that 17 U.S.C. §§ 101 and 18

24 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims,

25 and denies that Mattel is entitled to any relief on its Counterclaims.

26    7.    Machado admits that venue is proper in this District for Mattel's claims

27 based on conduct alleged to have occurred within this District and denies that venue

28

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD, SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

2

EXHIBIT ___5___ PAGE ___50___

1  is proper in this District for acts alleged to have occurred in Mexico or other places

2  outside of this District.

3      8.      Machado is without sufficient knowledge to admit or deny the

4  allegations set forth in paragraph 8, and on that basis denies the allegations set forth

5  in paragraph 8.

6      9.      Machado is without sufficient knowledge to admit or deny the

7  allegations set forth in paragraph 9, and on that basis denies the allegations set forth

8  in paragraph 9.

9      10.     Machado is without sufficient knowledge to admit or deny the

10  allegations set forth in paragraph 10, and on that basis denies the allegations set

11  forth in paragraph 10.

12      11.     Machado is without sufficient knowledge to admit or deny the

13  allegations set forth in paragraph 11, and on that basis denies the allegations set

14  forth in paragraph 11.

15      12.     Machado admits the allegations set forth in paragraph 12.

16      13.     Machado is without sufficient knowledge to admit or deny the

17  allegations set forth in paragraph 13, and on that basis denies the allegations set

18  forth in paragraph 13.

19      14.     Machado admits the allegations set forth in paragraph 14.

20      15.     Paragraph 15 is a statement of Mattel's legal position, to which no

21  response is necessary.  To the extent that a response is required, Machado denies the

22  allegations set forth in paragraph 15.

23      16.     Machado admits the allegations set forth in the first sentence of

24  paragraph 16.  Machado is without sufficient knowledge to admit or deny the

25  remaining allegations set forth in paragraph 16, and on that basis denies the

26  allegations set forth in paragraph 16.

27

28

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

EXHIBIT ___5___ PAGE ___5'___

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

17.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 17, and on that basis denies the allegations set forth in paragraph 17.

18.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 18, and on that basis denies the allegations set forth in paragraph 18.

19.     Machado admits that MGA is a toy manufacturer, but is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 19, and on that basis denies the remaining allegations set forth in paragraph 19.

20.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 20, and on that basis denies the allegations set forth in paragraph 20.

21.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 21, and on that basis denies the allegations set forth in paragraph 21.

22.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 22, and on that basis denies the allegations set forth in paragraph 22.

23.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 23, and on that basis denies the allegations set forth in paragraph 23.

24.     Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 24, and on that basis denies the allegations set forth in paragraph 24.

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT   5   PAGE   52

1    25.    Machado is without sufficient knowledge to admit or deny the
2  allegations set forth in paragraph 25, and on that basis denies the allegations set
3  forth in paragraph 25.

4    26.    Machado is without sufficient knowledge to admit or deny the
5  allegations set forth in paragraph 26, and on that basis denies the allegations set
6  forth in paragraph 26.

7    27.    Machado is without sufficient knowledge to admit or deny the
8  allegations set forth in paragraph 27, and on that basis denies the allegations set
9  forth in paragraph 27.

10    28.    Machado is without sufficient knowledge to admit or deny the
11  allegations set forth in paragraph 28, and on that basis denies the allegations set
12  forth in paragraph 28.

13    29.    Machado is without sufficient knowledge to admit or deny the
14  allegations set forth in paragraph 29, and on that basis denies the allegations set
15  forth in paragraph 29.

16    30.    Machado is without sufficient knowledge to admit or deny the
17  allegations set forth in paragraph 30, and on that basis denies the allegations set
18  forth in paragraph 30.

19    31.    Machado is without sufficient knowledge to admit or deny the
20  allegations set forth in paragraph 31, and on that basis denies the allegations set
21  forth in paragraph 31.

22    32.    Machado admits that MGA distributes and sells Bratz and Bratz-related
23  products in many countries throughout the world.  Machado is without sufficient
24  knowledge to admit or deny the remaining allegations set forth in paragraph 32, and
25  on that basis denies the allegations set forth in paragraph 32.

26
27
28

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

5

EXHIBIT __5__ PAGE __53__

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

33.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 33, and on that basis denies the allegations set forth in paragraph 33.

34.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 34, and on that basis denies the allegations set forth in paragraph 34.

35.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 35, and on that basis denies the allegations set forth in paragraph 35.

36.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 36, and on that basis denies the allegations set forth in paragraph 36.

37.    Machado is without sufficient knowledge to admit or deny the first two sentences set forth in paragraph 37, and on that basis denies the allegations set forth in the first two sentences of paragraph 37.  Machado admits that he was hired by MGAE de Mexico, and denies the remaining allegations set forth in paragraph 37.

38.    Machado admits that he was a Marketing Manager, Boys Division, for Mattel Mexico, admits that he was employed at Mattel Mexico from April 1997 until April 19, 2004, admits that his duties included short, medium, and long-term marketing planning, generating product sales projections, and assisting in creation of the media plan, and admits that he had an employment agreement with Mattel. Machado is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 38, and on that basis denies the remaining allegations set forth in paragraph 38.

39.    Machado admits that Mariana Trueba Almada ("Trueba") was a Marketing Manager, Girls Division, for Mattel Mexico, admits that Trueba was employed at Mattel Mexico until April 19, 2004, admits that her duties included

EXHIBIT ___5___ PAGE ___54___

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1  market planning, generating product sales projections, and assisting in creation of
2  the media plan.  Machado is without sufficient knowledge to admit or deny the
3  remaining allegations set forth in paragraph 39, and on that basis denies the
4  remaining allegations set forth in paragraph 39.

5      40.   Machado admits that Pablo Vargas San Jose ("Vargas") was a Senior
6  Trade Marketing Manager with Mattel Mexico, admits that Vargas was employed at
7  Mattel Mexico until April 19, 2004, admits that his duties included ensuring that
8  point-of-sale promotions were carried out and generally managing promotional
9  activities.  Machado is without sufficient knowledge to admit or deny the remaining
10 allegations set forth in paragraph 40, and on that basis denies the remaining
11 allegations set forth in paragraph 40.

12     41.   Machado admits that in or about 2004, Machado, Trueba and Vargas
13 discussed leaving Mattel Mexico, admits that he resigned from Mattel Mexico on
14 April 19, 2004, admits that he did not identify his new employer, admits that he was
15 offered and accepted employment at MGAE de Mexico, and denies the remaining
16 allegations set forth in paragraph 41.

17     42.   Machado admits that he communicated with MGA personnel prior to
18 his resignation from Mattel, admits that these communications included telephone
19 communications and e-mail communications, and denies the remaining allegations
20 set forth in paragraph 42.

21     43.   Machado admits that in or about March 2004, Machado, Trueba, and
22 Vargas made plans to travel from Mexico to Los Angeles in April 2004, admits that
23 in or about March 2004, Machado, Trueba and Vargas discussed with MGA
24 personnel, including Larian, employment at MGAE de Mexico, states that the
25 quoted plot04@aol.com emails speak for themselves, and denies the remaining
26 allegations set forth in paragraph 43.

27     44.   Machado denies the allegations set forth in paragraph 44.

28

7

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT __5__   PAGE __55__

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

45.   Machado denies the allegations set forth in paragraph 45.

46.   Machado denies the allegations set forth in paragraph 46.

47.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 47, and on that basis denies the allegations set forth in paragraph 47.

48.   Machado denies the allegations set forth in paragraph 48.

49.   Machado denies the allegations set forth in paragraph 49.

50.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 50, and on that basis denies the allegations set forth in paragraph 50.

51.   Machado denies the allegations set forth in paragraph 51.

52.   Machado admits that during the week of April 26, 2004, Machado and Vargas traveled to Los Angeles to meet with MGA personnel, including Isaac Larian, in person.

53.   Machado admits that on October 27, 2005, Mexican authorities searched MGAE de Mexico, and otherwise is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 53.

54.   Machado admits that Machado was transferred from MGAE de Mexico to MGA's office in Van Nuys, California, admits that Machado resides in the County of Los Angeles, and denies the remaining allegations set forth in paragraph 54.

55.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 55, and on that basis denies the allegations set forth in paragraph 55.

56.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 56, and on that basis denies the allegations set forth in paragraph 56.

EXHIBIT   5   PAGE   56

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

1    57.    Machado is without sufficient knowledge to admit or deny the

2  allegations set forth in paragraph 57, and on that basis denies the allegations set

3  forth in paragraph 57.

4    58.    Machado is without sufficient knowledge to admit or deny the

5  allegations set forth in paragraph 58, and on that basis denies the allegations set

6  forth in paragraph 58.

7    59.    Machado is without sufficient knowledge to admit or deny the

8  allegations set forth in paragraph 59, and on that basis denies the allegations set

9  forth in paragraph 59.

10    60.    Machado is without sufficient knowledge to admit or deny the

11  allegations set forth in paragraph 60, and on that basis denies the allegations set

12  forth in paragraph 60.

13    61.    Machado is without sufficient knowledge to admit or deny the

14  allegations set forth in paragraph 61, and on that basis denies the allegations set

15  forth in paragraph 61.

16    62.    Machado is without sufficient knowledge to admit or deny the

17  allegations set forth in paragraph 62, and on that basis denies the allegations set

18  forth in paragraph 62.

19    63.    Machado is without sufficient knowledge to admit or deny the

20  allegations set forth in paragraph 63, and on that basis denies the allegations set

21  forth in paragraph 63.

22    64.    Machado is without sufficient knowledge to admit or deny the

23  allegations set forth in paragraph 64, and on that basis denies the allegations set

24  forth in paragraph 64.

25    65.    Machado is without sufficient knowledge to admit or deny the

26  allegations set forth in paragraph 65, and on that basis denies the allegations set

27  forth in paragraph 65.

28

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT   6    PAGE   57

66.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 66, and on that basis denies the allegations set forth in paragraph 66.

67.   Machado admits that Brawer is the Executive Vice President of Sales and Marketing at MGA, and is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 67, and on that basis denies the allegations set forth in paragraph 67.

68.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 68, and on that basis denies the allegations set forth in paragraph 68.

69.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 69, and on that basis denies the allegations set forth in paragraph 69.

70.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 70, and on that basis denies the allegations set forth in paragraph 70.

71.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis denies the allegations set forth in paragraph 71.

72.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis denies the allegations set forth in paragraph 72.

73.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 73, and on that basis denies the allegations set forth in paragraph 73.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

EXHIBIT ___5___ PAGE ___58___

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

1    74.   Machado is without sufficient knowledge to admit or deny the

2 allegations set forth in paragraph 74, and on that basis denies the allegations set

3 forth in paragraph 74.

4    75.   Machado is without sufficient knowledge to admit or deny the

5 allegations set forth in paragraph 75, and on that basis denies the allegations set

6 forth in paragraph 75.

7    76.   Machado is without sufficient knowledge to admit or deny the

8 allegations set forth in paragraph 76, and on that basis denies the allegations set

9 forth in paragraph 76.

10    77.   Machado is without sufficient knowledge to admit or deny the

11 allegations set forth in paragraph 77, and on that basis denies the allegations set

12 forth in paragraph 77.

13    78.   Machado is without sufficient knowledge to admit or deny the

14 allegations set forth in paragraph 78, and on that basis denies the allegations set

15 forth in paragraph 78.

16    79.   Machado is without sufficient knowledge to admit or deny the

17 allegations set forth in paragraph 79, and on that basis denies the allegations set

18 forth in paragraph 79.

19    80.   Machado is without sufficient knowledge to admit or deny the

20 allegations set forth in paragraph 80, and on that basis denies the allegations set

21 forth in paragraph 80.

22    81.   Machado is without sufficient knowledge to admit or deny the

23 allegations set forth in paragraph 81, and on that basis denies the allegations set

24 forth in paragraph 81.

25    82.   Machado repeats his responses contained in paragraphs 1 through 81 of

26 this Answer and incorporates them by reference as though fully and completely set

27 forth herein.

28

11

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT __5__   PAGE __59__

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1    83.    Machado is without sufficient knowledge to admit or deny the

2  allegations set forth in paragraph 83, and on that basis denies the allegations set

3  forth in paragraph 83.

4    84.    Machado is without sufficient knowledge to admit or deny the

5  allegations set forth in paragraph 84, and on that basis denies the allegations set

6  forth in paragraph 84.

7    85.    Machado is without sufficient knowledge to admit or deny the

8  allegations set forth in paragraph 85, and on that basis denies the allegations set

9  forth in paragraph 85.

10    86.    Machado is without sufficient knowledge to admit or deny the

11  allegations set forth in paragraph 86, and on that basis denies the allegations set

12  forth in paragraph 86.

13    87.    Machado is without sufficient knowledge to admit or deny the

14  allegations set forth in paragraph 87, and on that basis denies the allegations set

15  forth in paragraph 87.

16    88.    Machado repeats his responses contained in paragraphs 1 through 87 of

17  this Answer and incorporates them by reference as though fully and completely set

18  forth herein.

19    89.    Machado denies the allegations set forth in paragraph 89.

20    90.    Machado denies the allegations set forth in paragraph 90.

21    91.    Machado denies the allegations set forth in paragraph 91.

22    92.    Machado denies the allegations set forth in paragraph 92.

23    93.    Machado denies the allegations set forth in paragraph 93.

24    94.    Machado denies the allegations set forth in paragraph 94.

25    95.    Machado denies the allegations set forth in paragraph 95.

26    96.    Machado denies the allegations set forth in paragraph 96.

27    97.    Machado denies the allegations set forth in paragraph 97.

28

EXHIBIT __5__   PAGE __60__

98.    Machado repeats his responses contained in paragraphs 1 through 97 of this Answer and incorporates them by reference as though fully and completely set forth herein.

99.    Machado denies the allegations set forth in paragraph 99.

100.   Machado denies the allegations set forth in paragraph 100.

101.   Machado denies the allegations set forth in paragraph 101.

102.   Machado denies the allegations set forth in paragraph 102.

103.   Machado denies the allegations set forth in paragraph 103.

104.   Machado denies the allegations set forth in paragraph 104.

105.   Machado denies the allegations set forth in paragraph 105.

106.   Machado repeats his responses contained in paragraphs 1 through 105 of this Answer and incorporates them by reference as though fully and completely set forth herein.

107.   Machado denies the allegations set forth in paragraph 107.

108.   Machado denies the allegations set forth in paragraph 108.

109.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 109, and on that basis denies the allegations set forth in paragraph 109.

110.   Machado denies the allegations set forth in paragraph 110.

111.   Machado denies the allegations set forth in paragraph 111.

112.   Machado denies the allegations set forth in paragraph 112.

113.   Machado denies the allegations set forth in paragraph 113.

114.   Machado denies the allegations set forth in paragraph 114.

115.   Machado denies the allegations set forth in paragraph 115.

116.   Machado repeats his responses contained in paragraphs 1 through 115 of this Answer and incorporates them by reference as though fully and completely set forth herein.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

EXHIBIT   5   PAGE   61

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-6700 • FAX (310) 826-4711

1    117.   Machado is without sufficient knowledge to admit or deny the

2 allegations set forth in paragraph 117, and on that basis denies the allegations set

3 forth in paragraph 117.

4    118.   Machado is without sufficient knowledge to admit or deny the

5 allegations set forth in paragraph 118, and on that basis denies the allegations set

6 forth in paragraph 118.

7    119.   Machado is without sufficient knowledge to admit or deny the

8 allegations set forth in paragraph 119, and on that basis denies the allegations set

9 forth in paragraph 119.

10    120.   Machado is without sufficient knowledge to admit or deny the

11 allegations set forth in paragraph 120, and on that basis denies the allegations set

12 forth in paragraph 120.

13    121.   Machado is without sufficient knowledge to admit or deny the

14 allegations set forth in paragraph 121, and on that basis denies the allegations set

15 forth in paragraph 121.

16    122.   Machado repeats his responses contained in paragraphs 1 through 121

17 of this Answer and incorporates them by reference as though fully and completely

18 set forth herein.

19    123.   Machado is without sufficient knowledge to admit or deny the

20 allegations set forth in paragraph 123, and on that basis denies the allegations set

21 forth in paragraph 123.

22    124.   Machado is without sufficient knowledge to admit or deny the

23 allegations set forth in paragraph 124, and on that basis denies the allegations set

24 forth in paragraph 124.

25    125.   Machado denies the allegations set forth in paragraph 125.

26    126.   Machado denies the allegations set forth in paragraph 126.

27    127.   Machado denies the allegations set forth in paragraph 127.

28

14

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT   5   PAGE   62

128. Machado denies the allegations set forth in paragraph 128.

129. Machado repeats his responses contained in paragraphs 1 through 128 of this Answer and incorporates them by reference as though fully and completely set forth herein.

130. The first and fifth sentences of paragraph 130 are statements of Mattel's legal position, to which no response is necessary. To the extent a response is required, Machado denies the allegations set forth in the first and fifth sentences of paragraph 130. Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 130 as they pertain to Bryant. Machado admits that he had access to Mattel information, supervised the work of others, exercised discretion and worked independently in many of his job assignments and duties, represented Mattel in its dealings with third parties, and in actions in the course and scope of his relationship with Mattel, was an agent of Mattel. Machado denies the allegations set forth in the fourth sentence of paragraph 130. Machado denies the remaining allegations in paragraph 130.

131. Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 131, and on that basis denies the allegations set forth in paragraph 131.

132. Machado denies the allegations set forth in paragraph 132.

133. Machado denies the allegations set forth in paragraph 133.

134. Machado denies the allegations set forth in paragraph 134.

135. Machado denies the allegations set forth in paragraph 135.

136. Machado repeats his responses contained in paragraphs 1 through 135 of this Answer and incorporates them by reference as though fully and completely set forth herein.

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

15

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___5___ PAGE __63__

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

137.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 137, and on that basis denies the allegations set forth in paragraph 137.

138.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 138, and on that basis denies the allegations set forth in paragraph 138.

139.   Machado denies the allegations set forth in paragraph 139.

140.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 140, and on that basis denies the allegations set forth in paragraph 140.

141.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 140, and on that basis denies the allegations set forth in paragraph 140.

142.   Machado repeats his responses contained in paragraphs 1 through 141 of this Answer and incorporates them by reference as though fully and completely set forth herein.

143.   Paragraph 143 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Machado denies the allegations set forth paragraph 143.

144.   Machado denies the allegations set forth in paragraph 144.

145.   Machado denies the allegations set forth in paragraph 145.

146.   Machado denies the allegations set forth in paragraph 146.

147.   Machado denies the allegations set forth in paragraph 147.

148.   Machado denies the allegations set forth in paragraph 148.

149.   Machado repeats his responses contained in paragraphs 1 through 148 of this Answer and incorporates them by reference as though fully and completely set forth herein.

16

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT __5__ PAGE __64__

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

1    150.   Machado is without sufficient knowledge to admit or deny the

2 allegations set forth in paragraph 150, and on that basis denies the allegations set

3 forth in paragraph 150.

4    151.   Machado is without sufficient knowledge to admit or deny the

5 allegations set forth in paragraph 151, and on that basis denies the allegations set

6 forth in paragraph 151.

7    152.   Machado is without sufficient knowledge to admit or deny the

8 allegations set forth in paragraph 152, and on that basis denies the allegations set

9 forth in paragraph 152.

10    153.   Machado is without sufficient knowledge to admit or deny the

11 allegations set forth in paragraph 153, and on that basis denies the allegations set

12 forth in paragraph 153.

13    154.   Machado is without sufficient knowledge to admit or deny the

14 allegations set forth in paragraph 154, and on that basis denies the allegations set

15 forth in paragraph 154.

16    155.   Machado repeats his responses contained in paragraphs 1 through 154

17 of this Answer and incorporates them by reference as though fully and completely

18 set forth herein.

19    156.   Machado denies the allegations set forth in paragraph 156.

20    157.   Machado is without sufficient knowledge to admit or deny the

21 allegations set forth in paragraph 157, and on that basis denies the allegations set

22 forth in paragraph 157.

23    158.   Machado denies the allegations set forth in paragraph 158.

24    159.   Machado denies the allegations set forth in paragraph 159.

25    160.   Machado denies the allegations set forth in paragraph 160.

26    161.   Machado denies the allegations set forth in paragraph 161.

27    162.   Machado denies the allegations set forth in paragraph 162.

28

EXHIBIT   5    PAGE  65

163.   Machado repeats his responses contained in paragraphs 1 through 162 of this Answer and incorporates them by reference as though fully and completely set forth herein.

164.   Paragraph 164 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Machado denies the allegations set forth paragraph 164.

165.   Machado denies the allegations set forth in paragraph 165.

166.   Machado denies the allegations set forth in paragraph 166.

167.   Machado repeats his responses contained in paragraphs 1 through 166 of this Answer and incorporates them by reference as though fully and completely set forth herein.

168.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 168, and on that basis denies the allegations set forth in paragraph 168.

169.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 169, and on that basis denies the allegations set forth in paragraph 169.

170.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 170, and on that basis denies the allegations set forth in paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Machado or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, Machado alleges the following affirmative defenses to the Counterclaims. By designating the following as affirmative defenses, Machado does not in any way waive or limit any defenses which are or may be raised by his denials, allegations, and averments set forth herein.  Machado also does not, by alleging any affirmative

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

18

EXHIBIT    5    PAGE    66

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1   defense, admit that Mattel does not have the burden of proof for any or all facts

2   underlying any of those defenses.  These defenses are pled in the alternative, and are

3   raised to preserve the rights of Machado to assert such defenses, and are without

4   prejudice to his ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State of Claim)

7       Mattel's counterclaims fail to state a claim against Machado upon which

8   relief can be granted.  This affirmative defense is based in part on Mattel's effort to

9   lump all counter-defendants together and allege collective wrongdoing by all

10  counter-defendants without adequately distinguishing the counter-defendants from

11  one another or adequately tailoring its allegations to the specific conduct of each

12  counter-defendant.  For example, in its Thirteenth Counterclaim, Mattel seeks

13  declaratory relief from all counter-defendants regarding counter-defendants' lack of

14  ownership interests in Bratz, yet Machado has never asserted an individual

15  ownership interest in Bratz.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

18      Mattel's counterclaims are barred in whole or in part by Mattel's unclean

19  hands.  This affirmative defense is based in part on Mattel's conduct in hiring

20  Machado and then filing this lawsuit against him after he resigned his position at

21  Mattel.  The conduct underlying this unclean hands defense includes, for example,

22  the fact that Mattel granted permission to Machado to make copies of certain

23  materials for personal use, and then filed this lawsuit against Machado for making

24  the copies that Machado was permitted by Mattel to make.  Mattel is aware that

25  Machado's primary language is Spanish, and Machado signed employment-related

26  documents with Mattel that were translated into Spanish by Mattel.  The Spanish

27  translations of Mattel's employment-related documents permit the copying of

28

19

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT   5   PAGE   67

materials that Mattel now alleges in this litigation was improper. In addition, Mattel has apparently based many of its allegations against Machado on information Mattel improperly learned by reading Machado's emails and private communications. In addition, Mattel attempted to coerce Machado by demanding that Machado sign certain documents in order to receive payment for services Machado was due to be paid by Mattel. These averments are made on information and belief except where Machado has knowledge thereof.

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Mattel's counterclaims are barred by the applicable statutes of limitations, including but not limited to, 18 U.S.C. § 1961 et seq., 17 U.S.C. § 507(b), and Code of Civil Procedure §§ 337, 339, 343 and 338(c).

## FOURTH AFFIRMATIVE DEFENSE

### (Information Readily Ascertainable)

Machado cannot be liable for misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use. Such information includes, but is not limited to, the identity of suppliers, manufacturers, distributors and retailers; contact information for the same; and sales, marketing and media data.

## FIFTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Mattel's damages, if any, were not caused by Machado and are not attributable to the acts or omissions of Machado.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel authorized Machado to make copies of materials, and

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

20

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT  5   PAGE  68

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

1 | then filed this lawsuit against Machado for making the copies Machado was

2 | permitted by Mattel to make.  The Spanish translations of Mattel's employment-

3 | related documents permit the copying of materials that Mattel now alleges in this

4 | litigation was improper.  These averments are made on information and belief

5 | except where Machado has knowledge thereof.

6 | <u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

7 | (Estoppel)

8 | Mattel's counterclaims are barred in whole or in part by estoppel because,

9 | among other things, Mattel authorized Machado to make copies of materials and

10 | then filed this lawsuit against Machado for making the copies Machado was

11 | permitted by Mattel to make.  The Spanish translations of Mattel's employment-

12 | related documents permit the copying of materials that Mattel now alleges in this

13 | litigation was improper.  These averments are made on information and belief

14 | except where Machado has knowledge thereof.

15 | <u>**EIGTH AFFIRMATIVE DEFENSE**</u>

16 | (Failure to Mitigate)

17 | To the extent Mattel suffered any damages, Mattel failed to take reasonable

18 | steps to mitigate those purported damages.  For example, Mattel could have revoked

19 | the authorization it provided to Machado to make copies of materials for personal

20 | use.

21 | <u>**NINTH AFFIRMATIVE DEFENSE**</u>

22 | (Innocent Intent)

23 | If Machado improperly copied any Mattel documents, Machado did so

24 | without knowledge or intent.  Mattel authorized Machado to make copies of

25 | materials, and then filed this lawsuit against Machado for making the copies

26 | Machado was permitted by Mattel to make.  The Spanish translations of Mattel's

27 | employment-related documents permit the copying of materials that Mattel now

28 |

EXHIBIT __6__ PAGE __69__

1  alleges in this litigation was improper.  These averments are made on information

2  and belief except where Machado has knowledge thereof.

### TENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

### ELEVENTH AFFIRMATIVE DEFENSE

(Undiscovered Defenses)

Machado has insufficient knowledge or information upon which to form a believe as to whether additional defenses are available.  Machado reserves the right to add any further or additional defense upon receiving more complete information regarding the matters alleged in the Counterclaims, through discovery or otherwise.

### TWELFTH AFFIRMATIVE DEFENSE

(Joinder in Defenses of Co-Defendants)

Machado hereby adopts and incorporates by reference, as though fully set forth herein, any and all affirmative defenses that have been or will be asserted by any other defendant (including MGA, Larian and Bryant) in this litigation to the extent that defendants may share in such affirmative defenses, including but not limited to any affirmative defenses that are asserted by both Machado and any other defendant.

WHEREFORE, MACHADO prays for relief as follows:

a.  that the Counterclaims be dismissed with prejudice;

b.  that judgment be entered in favor or counter-defendants and against counterclaimant;

//

//

//

//

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

22

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT  5   PAGE  70

c.   that counter-defendants recover their costs and attorneys' fees; and

d.   that the Court award such other and further relief as is just and proper.

Dated: September 24, 2007        **LAW OFFICES OF JAMES W. SPERTUS**

By: _____

James W. Spertus, Esq.
Leah C. Gershon, Esq.
Attorneys for
Carlos Gustavo Machado Gomez

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

23
AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___5___ PAGE _71_

**<u>Proof of Service</u>**

STATE OF CALIFORNIA; COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 12100 Wilshire Blvd., Suite 620, Los Angeles, CA 90025.

On the date indicated below, I served the foregoing documents described as:

**CARLOS GUSTAVO MACHADO GOMEZ' ANSWER
TO MATTEL, INC.'S AMENDED COUNTERCLAIMS**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**See attached list**

**BY MAIL**

[X] I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed on September 24, 2007, at Los Angeles, California.

Tierza Ac

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL: (310) 826-4700 • FAX (310) 826-4711

EXHIBIT 5   PAGE 72

EXHIBIT 6