QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual,

Plaintiff,

vs.

MATTEL, INC., a Delaware corporation,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 SGL (RNBx)
Consolidated with
Case Nos. CV 04-09059 & CV 05-2727

MATTEL, INC.'S REPLY TO MGA ENTERTAINMENT, INC.'S OPPOSITION TO MOTION TO:

(1) TO STRIKE AFFIRMATIVE DEFENSES (NOS. 2, 8, 9, 10, 11, 13, 14, 16, 18, 19 AND 20) OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. UNDER FED. R. CIV. P. 12(F), OR IN THE ALTERNATIVE; AND

(2) FOR PARTIAL SUMMARY JUDGMENT

Date: November 19, 2007
Time: 10:00 a.m.
Place: Courtroom 1

Phase One
Discovery Cut-Off: January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date: May 27, 2008

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1

I. MGA'S UNCLEAN HANDS DEFENSE SHOULD BE STRICKEN ........ 1

A. The Court Has Authority To Strike MGA's Deficient Defense ........ 1

B. The Unclean Hands Defense Is Not Related To The Counterclaims ........ 2

1. MGA Elected Not to Justify (Nor Could It) How Certain Allegations Directly Related To Mattel's Counterclaims ........ 2

2. Allegedly Similar Misconduct Is Not Related Misconduct ........ 5

C. MGA's Unclean Hands Defense Is Otherwise Deficient ........ 6

1. Privileged Conduct Cannot Be Unclean Hands ........ 6

2. Conduct Allegedly Directed To Third Parties States No Unclean Hands Defense ........ 7

3. MGA Has No Cognizable Unclean Hands Defense to RICO ........ 8

4. No Unclean Hands Defense Lies To The Copyright Claim ........ 8

II. MGA'S ESTOPPEL, WAIVER, AND ACQUIESCENCE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW ........ 9

III. MANY OF MGA'S DEFENSES DO NOT PROVIDE FAIR NOTICE ........ 9

IV. SUMMARY JUDGMENT IS WARRANTED ........ 10

# TABLE OF AUTHORITIES

**Page**

## Cases

Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., 1996 WL. 467293 (N.D. Cal. July 24, 1996) ........ 1

Alfa Leisure, Inc. v. King of the Road, 2004 WL. 1375684 (C.D. Cal. 2004) ........ 11

American Home Assurance Co. v. Pope, 2005 WL. 1312975 (W.D. Mo. June 1, 2005) ........ 5

Bieter Co. v. Blomquist, 848 F. Supp. 1446 (D. Minn. 1994) ........ 8

Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028 (C.D. Cal. 2002) ........ 2

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ........ 10

Cleanmaster Indus., Inc. v. Sandra Shewry, 491 F. Supp. 2d 937 (C.D. Cal. April 7, 2007) ........ 11

D.S. America (East), Inc. v. Chromagrafx Imaging Systems, Inc., 873 F. Supp. 786 (E.D.N.Y. 1995) ........ 10

Daingerfield Island Protective Soc'y v. Babbitt, 40 F.3d 442 (D.C. Cir. 1994) ........ 10

F.T.C. v. Medicor LLC, 2001 WL. 765628 (C.D. Cal. Jan. 26, 2001) ........ 10

Federal Ins. Co. v. Burlington Northern & Santa Fe Ry. Co., 270 F. Supp. 2d 1183 (C.D. Cal. 2003) ........ 11

First Beverages, Inc. v. Royal Crown Cola Co., 612 F.2d 1164 (9th Cir. 1980) ........ 8

Geraghty & Miller, Inc. v. Conoco, Inc., 234 F.3d 917 (5th Cir. 2000) ........ 10

Germo Mfg. Co. v. McClellan, 107 Cal. App. 532 (1930) ........ 4, 7

Goerhring v. Chapman Univ., 121 Cal. App. 4th 353 (2004) ........ 9

Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286 (7th Cir. 1989) ........ 10

Homami v. Iranzadi,
211 Cal. App. 3d 1104 (1989) .... 8

Insurance Co. of N. Am. v. Liberty Mutual Ins. Co.,
128 Cal. App. 3d 297 (1982) .... 2

Intel Corp. v. Hyundai Elec. Am., Inc.,
692 F. Supp. 1113 (N.D. Cal. 1987) .... 1

Kendall-Jackson Winery, Ltd. v. Superior Court,
76 Cal. App. 4th 970 (1999) .... 3, 5

Liew v. Official Receiver and Liquidator (Hong Kong),
685 F.2d 1192 (9th Cir. 1982) .... 1

Lucent Tech., Inc. v. Gateway, Inc.,
2007 WL. 2900484 (S.D. Cal. Oct. 1, 2007) .... 7

Magnesystems, Inc. v. Nikken, Inc.,
933 F. Supp. 944 (C.D. Cal. 1996) .... 5

Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys.,
2005 WL. 975773 (S.D. Fla. March 4, 2005) .... 10

MicroStrategy Inc. v. Business Objects, S.A.,
331 F. Supp. 2d 396 (E.D. Va. 2004) .... 5

Morgan Stanley DW Inc. v. Rothe,
150 F. Supp. 2d 67 (D.D.C. 2001) .... 5

In re Napster, Inc. Copyright Litig.,
191 F. Supp. 2d 1087 (N.D. Cal. 2002) .... 8

In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.,
636 F. Supp. 1138 (C.D. Cal. 1986) .... 7

Network Caching Tech., LLC v. Novell, Inc.,
2001 WL. 36043487 (N.D. Cal. Dec., 2001) .... 1

Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP,
133 Cal. App. 4th 658 (2005) .... 3

Pisconeri v. City of Ontario,
95 Cal. App. 4th 1037 (2002) .... 2

Qarbon.com Inc. v. eHelp Corp.,
315 F. Supp. 2d 1046 (N.D. Cal. 2004) .... 1

RTC v. Hecht,
818 F. Supp. 894 (D. Md. 1992) .... 6

Raychem Corp. v. PSI Telecomm.,
1995 WL. 108193 (N.D. Cal. March, 6 1995) .... 2

Richards v. Neilsen Freight Lines,
810 F.2d 898 (9th Cir. 1987) .... 11

Ross v. CCS Int'l Ltd., 2000 WL. 1804103 (S.D.N.Y. Dec. 8, 2000) ........ 9, 10

Rudzinski v. Met. Life Ins. Co., 2007 WL. 2973830 (N.D. Ill. October 4, 2007) ........ 5

SEC v. McCaskey, 56 F. Supp. 2d 323 (S.D.N.Y. 1999) ........ 2

Scott v. Federal Life Ins. Co., 200 Cal. App. 2d 384 (1962) ........ 9

SEC v. Sands, 902 F. Supp. 1149 (C.D. Cal. 1995) ........ 2

SecuriMetrics, Inc. v. Hartford Cas. Ins. Co., 2005 WL. 2463749 (N.D. Cal. Oct. 4, 2005) ........ 10

Survivor Prod. LLC v. Fox Broadcasting Co., 2001 WL. 35829270 (C.D. Cal. June 12, 2001) ........ 2

Synopsys, Inc. v. Magma Design Automation, Inc., 2007 WL. 420184 (N.D. Cal. Feb. 6, 2007) ........ 1

Tatum v. City and County of San Francisco, 441 F.3d 1090 (9th Cir. 2006) ........ 12

Vacco Indus., Inc. v. Van Den Berg, 5 Cal. App. 4th 34 (1992) ........ 3, 4

Waterloov Gutter Prot. Sys. Co. v. Absolute Gutter Prot., LLC., 64 F. Supp. 2d 398 (D.N.J. 1999) ........ 7

Wong v. United States, 373 F.3d 952 (9th Cir. 2004) ........ 10

Woodfield v. Bowman, 193 F.3d 354 (5th Cir. 1999) ........ 10

Xilinx, Inc. v. Altera Corp., 1994 WL. 782236 (N.D. Cal. Feb. 8, 1994) ........ 1

**Statutes**

Cal. Civ. Code § 47(b) ........ 6

Fed. R. Civ. P., 56(c) ........ 11

Fed. Civ. Proc. Before Trial ¶ 14:144 (2007) ........ 11

## Other Authorities

Local Rule 8 ........................................ 9

Local Rule 12(b)(6) ........................................ 2

Local Rule 56(f) ........................................ 1, 11, 12

Local Rule 56-3 ........................................ 11

Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 1380 (3d ed. 2004) ........................................ 6

## Preliminary Statement

Unclean hands defenses are not "tit-for-tat." Mattel accused MGA of stealing Mattel trade secrets, interfering with its employee contracts, and infringing its copyrights. MGA's unclean hands defense accuses Mattel of engaging in purportedly similar acts. Unless the allegations are "directly related" to Mattel's claims, however, the defense fails. Here, MGA confuses "similar" and "related." Tacitly recognizing this fatal flaw, MGA seeks to characterizes the dispute as a "battle" between MGA and Mattel, effectively asking the Court to ignore the law and condone a free-for-all. MGA's opposition thus exposes the defense for what it is—an effort by MGA to unduly expand discovery that Judge Infante already found to be improper, avoid obtaining the necessary leave of Court to assert new claims and put before a jury every supposed bad act of Mattel that it can conjure up. Motions to strike are meant for such circumstances.

In responding to Mattel's alternative motion for summary judgment, the law gave MGA two options: (1) present evidence to create a triable issue or (2) satisfy Rule 56(f). MGA has done neither. It protests that proof supporting its defenses exists, but fails to present (or even identify) any. Indeed, MGA does not challenge a single aspect of Mattel's Separate Statement. Nor does MGA try to meet Rule 56(f), undoubtedly because it is the party that would possess any relevant evidence if it existed. MGA's dual omissions are fatal, and Mattel's motion should be granted.

## I. MGA'S UNCLEAN HANDS DEFENSE SHOULD BE STRICKEN

### A. The Court Has Authority To Strike MGA's Deficient Defense

Contrary to MGA's insinuations, courts strike deficient unclean hands defenses. E.g., Liew v. Official Receiver and Liquidator (Hong Kong), 685 F.2d 1192, 1195 (9th Cir. 1982) (affirming order striking unclean hands defense).[1] MGA cites a single case

[1] See also Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (granting motion to strike affirmative unclean hands defense, among others); Intel Corp. v. Hyundai Elec. Am., Inc., 692 F. Supp. 1113, 1117 (N.D. Cal. 1987) (same); Synopsys, Inc. v. Magma Design Automation, Inc., 2007 WL 420184 (N.D. Cal. Feb. 6, 2007) (denying motion for reconsideration of decision to strike unclean hands defense); Network Caching Tech., LLC v. Novell, Inc., 2001 WL 36043487, at *4 (N.D. Cal. Dec., 2001) (striking (footnote continued)

suggesting that unclean hands defenses should not be stricken, but there the court struck the defense, along with eleven other defenses. SEC v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995). Also contrary to MGA's assertion, Mattel did cite authority "in which an unclean hands defense raised against a private plaintiff was stricken." This included Survivor Prod. LLC v. Fox Broadcasting Co., 2001 WL 35829270, at * 5 (C.D. Cal. June 12, 2001), where the court struck an unclean hands defense that, like MGA's, was unrelated to a copyright claim.

**B. The Unclean Hands Defense Is Not Related To The Counterclaims**

MGA's argument that unidentified factual disputes save its deficient defense from being stricken is wrong. MGA concedes that the unclean hands allegations must be taken as true for purposes of a motion to strike. Opp. at 7 (citing Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).[2] Mattel agrees (although a different standard applies to summary judgment), and in this regard the standard is no different than dismissal under Rule 12(b)(6). Taking MGA's allegations as true, the defense fails as a matter of law as discussed below.

**1. MGA Elected Not to Justify (Nor Could It) How Certain Allegations Directly Related To Mattel's Counterclaims**

Rather than focus on the appropriate standard—namely, whether the acts alleged as unclean hands directly relate to Mattel's claims — MGA argues that its catalog of bad acts relate to Mattel's counterclaims because the consolidated cases are a "battle" between MGA and Mattel. That is not the law. "The misconduct that brings the clean

---

unclean hands defense); Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., 1996 WL 467293, at *13 (N.D. Cal. July 24, 1996) (same); Raychem Corp. v. PSI Telecomm., 1995 WL 108193, at *5 (N.D. Cal. March, 6 1995) (same); Xilinx, Inc. v. Altera Corp., 1994 WL 782236, at *3-4 (N.D. Cal. Feb. 8, 1994) (same).

[2] The cases MGA cites to argue that the unclean hands defense is "fact dependent" are also inapposite. SEC v. McCaskey, 56 F. Supp. 2d 323 (S.D.N.Y. 1999), did not involve an unclean hands defense at all. Insurance Co. of N. Am. v. Liberty Mutual Ins. Co., 128 Cal. App. 3d 297, 307 (1982), held that the allegations in plaintiff's complaint were sufficient to avoid a demurrer on defendant's unclean hands defense. Pisconeri v. City of Ontario, 95 Cal. App. 4th 1037, 1053 (2002), found that a unclean hands defense did not bar the trial court from granting plaintiff's petition for writ of mandate.

hands doctrine into play must relate directly to the cause at issue. Past improper conduct or prior misconduct that only indirectly affects the problem before the court does not suffice. . . . The misconduct 'must relate directly to the transaction concerning which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants.'" Kendall-Jackson Winery, Ltd. v. Superior Court, 76 Cal. App. 4th 970, 979 (1999); see Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP, 133 Cal. App. 4th 658, 680-81 (2005).

Here, the "cause at issue" and the "subject matter involved" are Mattel's counterclaims: (1) MGA stole *Mattel's* trade secrets, (2) MGA infringed *Mattel* copyrights, (3) MGA interfered with agreements between *Mattel* and its employees, and (4) MGA made repeated false representations to *Mattel's* customers about *Mattel's* products. MGA's opposition spends less than two pages trying to establish the required direct connection between Mattel's claims and its litany of listed supposed bad acts. Opp. at 12-13. Indeed, MGA makes *no* attempt to explain the supposed connection between Mattel's claims and the vast majority of those acts,[3] thus conceding that they do not relate and should be stricken.

---

[3] The allegations MGA makes no effort to show have any direct connection to Mattel's counterclaims include its accusations that Mattel: (1) engaged in "efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising;" (2) interfered "with MGA's acquisition of or investment in Zapf Creation AG;" (3) engaged in "efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group;" (4) influenced "Nickelodeon to reject MGA advertisements or to limit time slots for advertisements;" (5) engaged in "monitoring, 'spying on' or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development," (6) "gain[ed] access, or attempt[ed] to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses," (7) "wrongfully obtain[ed] MGA's cost and sales information through Mattel-employed category managers at retailers," (8) "induc[ed] non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products;" (9) "covertly investigat[ed] MGA, its officers and employees, and their family members;" (10) "contact[ed] persons under false pretenses in order to interrogate them about Bratz and this litigation;" and (11) delay[ed] in suing Carter Bryant." Amended Answer at 20-21.

The few alleged acts that MGA argues are related to Mattel's claims[4] fare no better, as Vacco Indus., Inc. v. Van Den Berg, 5 Cal. App. 4th 34 (1992), illustrates. Vacco accused defendant and his associates of trade secret theft and violation of non-competition agreements. Defendant invoked unclean hands because Vacco wrongfully terminated him. The appellate court ruled the termination could not form the basis for unclean hands. "Vacco's misconduct in terminating Van Den Berg's employment for a pretextual reason *does not implicate the equities between the parties arising our of the willful and malicious tortious misconduct alleged in plaintiffs' complaint* and found by the jury to be true." Id. at 53 (emphasis added). The court distinguished between the parties' employment relationship and defendant's obligation to refrain from a tortious invasion of Vacco's proprietary rights. Id. To find Vacco's termination to justify an unclean hands defense to theft and misappropriation claims, the court reasoned, would mean "every terminated employee could justify and defend charges of theft and misappropriation of his former employer's proprietary interests by establishing breach or wrongful termination of an express or implied employment contract. . . . Such a result finds no support in law or common sense" and would "encourage unfair competition and theft of trade secrets by every discharged employee who felt wronged by an employer's act." Id.; see Germo Mfg. Co. v. McClellan, 107 Cal. App. 532, 545 (1930) (plaintiff was entitled to enjoin former agents and employees from using trade secrets stolen during the course of employment even though plaintiff was "guilty of acts and conduct in dealing with others" and did "not measure up to the moral code of square dealing").

---

4 MGA attempts to forge a connection between only the following allegations and Mattel's counterclaims: "Mattel's efforts to create negative publicity or press about MGA [and] MGA products," "Mattel's efforts to include negative references to MGA or Bratz on Mattel's 'We Believe in Girls' website," "Mattel's falsely inflating its Barbie sales figures in an effort to mislead the public and retailers," and Mattel supposed "interfering in dealings with customers, meddling in relations with employees and employee agreements, disparaging the others' products, stealing trade secrets, and falsely inflating performance figures." Opp. at 12:18-22, 13:6-8, 20-23.

Here, as in Vacco, none of MGA's alleged misconduct is any more related to Mattel's trade secret theft or other claims than Vacco and Van Den Berg's employment relationship. Indeed, under this authority, MGA's allegations regarding Mattel's ostensible conduct towards its employees specifically fail to state a defense. See Amended Answer at 21:1-15 (allegedly coercing employees to accept restrictive covenants and non-compete clauses and delaying in suing Carter Bryant).

**2. Allegedly Similar Misconduct Is Not Related Misconduct**

Because it cannot show that the alleged improper conduct relates to Mattel's claims, MGA principally relies on the fact that it has accused Mattel of "remarkably similar misconduct." Opp. at 13. Similarity is the only thing that MGA's table (on pp. 5-6 of the Opposition) is supposed to show. That conduct may be similar does not make it "directly related" to Mattel's counterclaims. See MicroStrategy Inc. v. Business Objects, S.A., 331 F. Supp. 2d 396, 419 (E.D. Va. 2004) (allegations that plaintiffs engaged in conduct similar to defendant was not sufficient to support unclean hands); Morgan Stanley DW Inc. v. Rothe, 150 F. Supp. 2d 67, 80 (D.D.C. 2001) (same); Magnesystems, Inc. v. Nikken, Inc., 933 F. Supp. 944, 953 (C.D. Cal. 1996) (defendant's allegation that plaintiff infringed *defendant's* patent not sufficient basis for unclean hands against plaintiff's claim that defendant infringed *plaintiff's* patent).

Notably, MGA provides no authority in which a court found similar, or even "remarkably similar," allegations sufficient for the defense to be "related." Kendall-Jackson, which MGA cites, does not hold that "similar," but not related, conduct by a plaintiff justifies an unclean hands defense. Furthermore, in that case, the court ruled that Kendall-Jackson's underlying copyright infringement suit was based on allegations that Gallo "us[ed] a variety of unfair marketing strategies," similar to the allegedly unfair "marketing practices that support[ed] [Kendall-Jackson's] unclean hands defense." 76 Cal. App. 4th at 987-88. Noting that "a malicious prosecution lawsuit [is] in and of itself a relitigation of the prior action," the court found a triable issue of fact as to whether *Gallo's* allegedly unfair business practices that gave rise to the original

action were directly related to *Gallo's* allegedly unfair business practices that formed the basis of the unclean hands defense. Id. at 988. Kendall-Jackson does not hold that unclean hands allegations based on *plaintiff's* unfair business practices are a defense to plaintiff's causes of action based on *defendant's* unfair business practices.[5]

**C. MGA's Unclean Hands Defense Is Otherwise Deficient**

**1. Privileged Conduct Cannot Be Unclean Hands**

MGA quarrels over whether its unclean hands defense must assert actionable conduct. No matter. The underlying conduct must be *improper*. Because some of the conduct MGA alleged is privileged, it is not *improper* and the defense fails.

Statements protected by the First Amendment are not improper. Mot. at 10. To avoid First Amendment protection, MGA must accuse Mattel of making false statements in connection with alleged negative publicity about MGA or its products, including on Mattel's "We Believe in Girls" web site or assisting other parties' lawsuits against MGA. MGA has not done so, nor can it. Recognizing this, MGA argues that the Court must deny the Motion because truth or falsity of the allegations is disputed. Opp. at 16. But the allegations' truth or falsity is not before the Court. MGA did not allege that any of Mattel's statements are false (nor can it).[6]

The litigation privilege protects Mattel's assistance of "parties in lawsuit against MGA." Cal. Civ. Code § 47(b). MGA asserts that Judge Manella ruled that "'neither the litigation privilege nor the Noerr-Pennington doctrine provides a basis for striking'

---

[5] While Mattel believes the entire defense should be stricken, the Court may strike portions of it. Rudzinski v. Met. Life Ins. Co., 2007 WL 2973830, at *3 (N.D. Ill. October 4, 2007) (striking portions of defense); American Home Assurance Co. v. Pope, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005) (same); RTC v. Hecht, 818 F. Supp. 894, 900 (D. Md. 1992) (same).

[6] MGA cannot salvage its defense by arguing that it accused Mattel of making false statements in its Complaint. Compare Amended Answer at 20:1-21:16 with MGA Complaint ¶ 79 (accusing Mattel of making false statements to a major US retailer about MGA offering below-market pricing to another retailer and making false statements to a UK retailer about MGA discontinuing a product line). Not only are those unrelated on their face to the allegations made in the unclean hands defense, but MGA can scarcely cure the fatal defects in its Answer to Mattel's counterclaims through a different pleading. See 5C Wright & Miller, Federal Practice & Procedure § 1380 (3d ed. 2004) (matters outside of the pleadings should not normally be considered in ruling on a motion to strike).

allegations of 'bad-faith conduct'" because whether conduct was in good-faith or bad-faith is a factual question. Opp. at 16. She made that ruling solely in the context of *pre*-litigation conduct, specifically demand letters. Whether conduct is undertaken in bad faith is pertinent *only before litigation started*. Here, MGA accused Mattel of assisting unidentified parties in existing "lawsuits." The litigation privilege protects post-litigation conduct, like the conduct MGA alleges, *even if in bad faith*. Mattel identified this distinction in its Motion (at p. 11), and Judge Manella drew that distinction in the paragraph following the one that MGA cites. Aug 26, 2005 Order at 22. Accordingly, MGA's allegation that Mattel's supposed assistance of unidentified parties in "lawsuits against MGA" constitutes unclean hands must be stricken.[7]

**2. Conduct Allegedly Directed To Third Parties States No Unclean Hands Defense**

By definition, conduct toward *non-parties* does not relate to the counterclaims or affect the equitable relationship between the *parties*. Mot. at 12-13; Lucent Tech., Inc. v. Gateway, Inc., 2007 WL 2900484, at *9 (S.D. Cal. Oct. 1, 2007) (alleged improper conduct in marketplace and in governmental disclosures did not give rise to unclean hands defense between litigants); Germo Mfg. Co., 107 Cal. App. 3d at 539 (improper conduct to third parties within industry did not give rise to unclean hands defense as between the litigants).[8]

---

[7] MGA notes that, in some circumstances, federal law may limit the scope of a state's protective privileges. See Opp. 16 n.5. While the cases cited (on the scope of state privileges in section 1983 actions) might be apposite if this case were a civil rights case, it is clear that state litigation privileges will frequently apply where, as here, the privilege will not undermine important federal policies or constitutional rights. See Waterloov Gutter Prot. Sys. Co. v. Absolute Gutter Prot., LLC., 64 F. Supp. 2d 398, 411-415 (D.N.J. 1999) (applying state litigation privilege to bar claims of unfair competition against alleged patent infringer). The privileges relied upon by Mattel include the First Amendment as well. MGA cites no authority that effectively repeals state litigation privileges in federal court, and to the contrary it is beyond dispute that such privileges are consistent with federal law.

[8] Tacitly conceding this defect, MGA repeats its argument that the Court should permit MGA's defense to survive because MGA alleged in its Complaint that Mattel's acts with regard to third parties were actually aimed at MGA. Opp. at 17. As a comparison of the actual allegations show, however, MGA's defense purports to assert numerous acts mentioned nowhere in the Complaint. Furthermore, under the law as shown above, the Answer must stand alone and cannot be saved by reference to other documents.

### 3. MGA Has No Cognizable Unclean Hands Defense to RICO

MGA provides no authority that unclean hands is a cognizable defense to RICO claims. Mattel's authority holds that it is not. In re Nat'l Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig., 636 F. Supp. 1138, 1156 (C.D. Cal. 1986), held that the fact that the plaintiff "may to some extent be embarking on this litigation with unclean hands should not by itself prohibit the [plaintiff] from bringing an action that otherwise advances RICO's broad anti-racketeering policies." Bieter Co. v. Blomquist, 848 F. Supp. 1446, 1449 (D. Minn. 1994), likewise held that "*unclean hands* is not a valid defense to [plaintiff's] RICO claims."[9]

### 4. No Unclean Hands Defense Lies To The Copyright Claim

The unclean hands defense to copyright infringement applies in narrow circumstances — unduly restrictive licensing or antitrust violations — which MGA does not even argue are present here. In re Napster, Inc. Copyright Litig., 191 F. Supp. 2d 1087, 1102-05 (N.D. Cal. 2002). Instead, MGA cites a 1992 unpublished district court case and one from Iowa, and concedes that its only alleged basis for the defense to the infringement claim is "willful non-retention and destruction of documents" and "wait[ing] years to bring suit." Opp. at 18:15-16. MGA's defense fails as to Mattel's copyright claims.[10]

---

[9] MGA's attempt to distinguish these cases because its unclean hands defense is ostensibly different than an *in pari delicto* defense is irrelevant, given that MGA's second affirmative defense is "unclean hands/*in pari delicto*" and that Beiter specifically referred to the "unclean hands" defense. 848 F. Supp. at 1449. Moreover, *in pari delicto* is less applicable here than unclean hands. To apply, MGA must allege that Mattel was complicit in MGA's trade secret theft, RICO violations, infringement and interference with contracts with Mattel employees. MGA does not suggest this, nor can it, so the defense — whatever it is called — fails. See First Beverages, Inc. v. Royal Crown Cola Co., 612 F.2d 1164, 1172 (9th Cir. 1980) ("The doctrine of *in pari delicto* is that a plaintiff who has participated in wrongdoing cannot recover when he suffers injury as a result of the wrongdoing.") (citing Memorex Corp. v. IBM, 555 F.2d 1379, 1381 (9th Cir. 1977)); Homami v. Iranzadi, 211 Cal. App. 3d 1104, 1112 (1989) (refering to *in pari delicto* as the "familiar cry of plaintiffs who find that they have been wronged by their companions in illegal ventures").

[10] Judge Infante ruled that MGA was not entitled to discovery on acts alleged in the unclean hands defense because they were irrelevant to the parties' claims. MGA argues the Court should ignore those Orders because they were "well-before Mattel asserted its counterclaims" (Mot. at 8-10), but that is demonstrably false. Mattel lodged its First Amended Complaint on November 20, 2006, and was granted leave to file it on January 11, 2007. (footnote continued)

## II. MGA'S ESTOPPEL, WAIVER, AND ACQUIESCENCE DEFENSES ARE INSUFFICIENT AS A MATTER OF LAW

Contrary to MGA's contention, the Court need not resolve factual disputes to strike MGA's estoppel, waiver and acquiescence defenses. Those defenses fail even if the allegations are accepted as true. The gravamen of each is that Mattel delayed in bringing suit. But mere delay does not constitute estoppel, waiver or acquiescence. Mot. at 15-19. MGA does not (and cannot) allege that it reasonably believed Mattel intended MGA to act or rely upon Mattel's alleged delay to support an estoppel, or that Mattel intentionally relinquished its rights as required to show waiver or acquiescence. E.g., Scott v. Federal Life Ins. Co., 200 Cal. App. 2d 384, 391 (1962) (party to be estopped must intend that his conduct be acted upon or that the party asserting the estoppel believed it was so intended); Goerhring v. Chapman Univ., 121 Cal. App. 4th 353, 386 (2004) ("[W]aiver requires clear and convincing evidence of intentional relinquishment of a known right."); Ross v. CCS Int'l Ltd., 2000 WL 1804103, at *4 (S.D.N.Y. Dec. 8, 2000) (delay in asserting rights is not acquiescence or consent).[11]

## III. MANY OF MGA'S DEFENSES DO NOT PROVIDE FAIR NOTICE

The Court should strike MGA's defenses of acts or omissions of others, failure to mitigate, abandonment, joint authorship, good faith, lack of authority, and lack of standing. Each consists of a conclusory sentence, with no elements and no factual basis,[12] and thus denies Mattel the fair notice that Rule 8 requires. Courts often strike affirmative defenses missing the necessary elements. Mot. at 17-21.

---

Notice of Lodging First Amended Complaint dated November 20, 2006, Supp. Corey Dec. Ex. 1; See Order Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, Proctor Dec. Ex. 12. Judge Infante entered his orders months later — on April 19, 2007 and May 22, 2007. Proctor Dec. Ex. 15, 16. And, MGA cannot refute on the merits here, and did not appeal to this Court, the substance of Judge Infante's rulings that the sought-after discovery strayed far beyond any claim or defense—confirming that the acts MGA now alleges as unclean hands are not related to Mattel's counterclaims (let alone directly related).

[11] Rather than address these deficiencies, MGA argues that these three defenses provide fair notice. Opp. at 23. Mattel did not challenge these defenses on fair notice grounds.

[12] Separately, MGA argues that its affirmative defenses should not be stricken because "in some instances [it] has provided multiple pages of factual detail," referring to pages 20-21 of (footnote continued)

Ignoring authorities cited by Mattel,[13] MGA asserts that pleading a name alone is enough (Opp. at 19-20), but the cases it cites are inapposite. Wong v. United States, 373 F.3d 952 (9th Cir. 2004), holds that an *employment discrimination plaintiff* need not plead all of the elements of a prima facie case because in that context it refers to a specific *evidentiary* showing -- not a pleading requirement. Id. at 969. The case thus could not be less pertinent here.[14] Indeed, Woodfield v. Bowman, 193 F.3d 354 (5th Cir. 1999), cited by MGA, rejects "title-pleading" when the defense is more complicated or the factual basis is not apparent. Id. at 362 ("baldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed" to identify the affirmative defenses). The affirmative defenses Mattel challenges for lack of notice require more than a "bare bones conclusory allegation" to provide fair notice. See Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys., 2005 WL 975773, at *12 (S.D. Fla. March 4, 2005) (striking failure to mitigate defense pleaded without supporting facts); Ross v. CCS Int'l Ltd., 2000 WL 1804103, at *4 (striking conclusory abandonment defense).[15] They should be stricken.

## IV. SUMMARY JUDGMENT IS WARRANTED

Mattel demonstrated the absence of evidence supporting MGA's Affirmative

---

its Amended Answer. Those pages contain only unclean hands and laches defenses, which Mattel does not challenge on notice grounds.

[13] MGA neither addresses nor distinguishes F.T.C. v. Medicor LLC, 2001 WL 765628, at *4 (C.D. Cal. Jan. 26, 2001); Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294-95 (7th Cir. 1989); nor D.S. America (East), Inc. v. Chromagrafx Imaging Systems, Inc., 873 F. Supp. 786, 797-98 (E.D.N.Y. 1995), which Mattel cited.

[14] SecuriMetrics, Inc. v. Hartford Cas. Ins. Co., 2005 WL 2463749 (N.D. Cal. Oct. 4, 2005), does not dispense with an element-pleading requirement either. There, the plaintiff attacked the defense because it failed to "fit the facts of the case" and did not "allege facts demonstrating" the defense. Id. at *6-7 (striking "policy provisions" and "breach of duties" defenses for failure to plead facts regarding which policy and contract provisions they were based on). The other decisions cited by MGA as approving "title-pleading" do so only when the name alone is sufficient to disclose the nature of the defense, such as a statute of limitations. See Geraghty & Miller, Inc. v. Conoco, Inc., 234 F.3d 917, 925 (5th Cir. 2000) (citing Daingerfield Island Protective Soc'y v. Babbitt, 40 F.3d 442, 444-45 (D.C. Cir. 1994)).

[15] MGA also complains about Mattel's defenses, but they are not before the Court.

Defense Nos. 2, 8-11, 13, 14, 16, 19 and 20. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To avoid summary judgment, MGA was required to "present significant probative evidence tending to support its claim or defense." Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Not only has MGA failed to present "pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits" (Fed. R. Civ. P., 56(c)), but MGA does not even suggest one specific factual dispute in connection with those defenses. Without contrary evidence, the Court should grant the motion. Indeed, because MGA also did not present a Statement of Genuine Issues in opposition to Mattel's motion, Local Rule 56-3 dictates the same result. "[T]he Court will assume that the material facts as claimed and adequately supported by the moving papers are admitted to exist without controversy, except to the extent that such material facts are (a) included in the 'Statement of Genuine Issues' and (b) controverted by declaration or other written evidence *filed in opposition to the motion*." (Emphasis added).[16]

MGA argues that summary judgment is premature, but it in no way complies with Rule 56(f), which that MGA must meet to avoid judgment on those grounds. To validly invoke Rule 56(f), MGA must submit a declaration showing: (1) facts establishing that evidence controverting a material fact exists, (2) specific reasons why such evidence cannot be presented, (3) how MGA would obtain such evidence, and (4) how additional time will enable MGA to collect said evidence. Hon. William W. Schwarzer et al., Fed. Civ. Proc. Before Trial ¶ 14:144 (2007) (citing Rule 56(f) and cases). MGA fails to meet these requirements and could not do so in any event. First, any evidence of a direct relationship between Mattel's alleged misconduct toward MGA

---

[16] See also Cleanmaster Indus., Inc. v. Sandra Shewry, 491 F. Supp. 2d 937, 941 n.1 (C.D. Cal. April 7, 2007) (party opposing summary judgment must point to countervailing evidence); Alfa Leisure, Inc. v. King of the Road, 2004 WL 1375684, at *3 (C.D. Cal. 2004) (granting summary judgment when non-moving party failed to comply with Local Rule 56-3); Federal Ins. Co. v. Burlington Northern & Santa Fe Ry. Co., 270 F. Supp. 2d 1183, 1186-87 (C.D. Cal. 2003) (noting that the party disputing facts must cite to specific evidence, and finding facts undisputed when party offered no contrary evidence).

and its counterclaims is unquestionably in MGA's own possession. Furthermore, this is not a "recently filed affirmative defense," and MGA has had sufficient opportunity for discovery. MGA alleged an unclean hands defense in its original answer in intervention some three years ago. MGA has had well over a year-and-a-half to pursue discovery. MGA also has known of the counterclaims for almost a year.[17] Moreover, MGA identifies no witnesses or documents that support its defenses, either in its supplemental disclosures served less than two months ago or in its opposition here.[18] This includes, in particular, a wholesale failure by MGA to show that MGA itself even has any interest in Zapf or Smoby—evidence that would surely be in MGA's possession if it existed—or to support any of the litany of other allegations it makes.[19] Summary judgment is thus warranted. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (affirming grant of summary judgment and denial of Rule 56(f) continuance when non-moving party failed to "identify by affidavit the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment").

DATED: November 12, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By [signature]
Jon D. Corey
Attorneys for Mattel, Inc.

---

[17] November 20, 2006 Notice of Lodging First Amended Complaint, Corey Dec. Ex. 1.

[18] MGA tries to identify individuals who possess facts related to MGA's unfair competition case, as if they were facts alleged in the unclean hands defense. Significantly, MGA fails to identify a single, specific fact any one of these individuals has to support its defenses or to provide an affidavit from those witnesses. Moreover, MGA has not alleged as an affirmative defense the "hiring and employment practices and policies of Mattel," Mattel's "interference with MGA's advertising efforts," "threats to and intimidation of retailers, suppliers, licensees and distributors, manufacturers and former employees and freelances," or "improper influence of standard-setting and industry organization." These are allegations in MGA's Complaint, not its Amended Answer. Compare MGA Complaint ¶¶ 75, 77, 80-98, 113 with Amended Answer at 20-21, Proctor Dec. Ex. 5.

[19] Amended Answer at 20-21, Proctor Dec. Ex. 5.