QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                          Plaintiff,<br><br>        vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>MATTEL, INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION<br><br>(1)  TO STRIKE UNCLEAN HANDS AFFIRMATIVE DEFENSE OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. UNDER FED. R. CIV. P. 12(F), OR IN THE ALTERNATIVE;<br><br>(2)  FOR PARTIAL SUMMARY JUDGMENT<br><br>Date:    November 19, 2007<br>Time:    10:00 a.m.<br>Place:   Courtroom 1<br><br>Discovery Cut-Off:    January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:             May 27, 2008 |

1       For the convenience of the Court, Mattel sets forth the following

2  Consolidated Separate Statement in support of its Motion to Strike Unclean Hands

3  Defense of MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and

4  MGAE de Mexico S.R.L. de C.V. under <u>Fed. R. Civ. P.</u> 12(f), or in the Alternative,

5  for Partial Summary Judgment.  This Consolidated Separate Statements addresses

6  Mattel's factual statements.  It does not re-recite the proposed conclusions of law.

7

8               **<u>CONSOLIDATED SEPARATE STATEMENT</u>**

9

10        **Mattel Factual Statement**        **MGA Response**

11  1.     MGA Entertainment, Inc., MGA    None.

12  Entertainment (HK) Limited, and MGAE

13  de Mexico S.R.L. de C.V. (collectively

14  "MGA") Second Affirmative Defense of

15  unclean hands alleges that Mattel

16  engaged in "efforts to undermine MGA's

17  business and to "kill" Bratz at any cost."

18  Amended Answer and Affirmative

19  Defenses of MGA Entertainment, Inc.,

20  MGA Entertainment (HK) Limited, and

21  MGAE de Mexico S.R.L. de C.V. to

22  Mattel, Inc.'s Second Amended Answer

23  and Counterclaims ("MGA' Amended

24  Answer"), at p. 20; Proctor Dec. Ex. 5.

25

26               **<u>MATTEL RESPONSE</u>**

27       To dispute this fact, MGA must "present significant probative evidence

28  tending to support is claim or defense."  <u>Richards v. Neilsen Freight Lines</u>, 810 F.2d

1  898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to

2  interrogatories and admissions on file, together with affidavits. Fed. R. Civ. P.,

3  56(c); see Local Rule 56-3 ([T]he Court will assume that the material facts as

4  claimed and adequately supported by the moving papers are admitted to exist

5  without controversy, except to the extent that such material facts are (a) included in

6  the "Statement of Genuine Issues" and (b) controverted by declaration or other

7  written evidence filed in opposition to the motion.   The fact, therefore, must be

8  accepted as true. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-

9  01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

10  deny a Rule 56(f) continuance when non-moving party failed to "identify by

11  affidavit specific facts that further discovery would reveal and explain why those

12  facts would preclude summary judgment" and rejecting general claim that counsel

13  did not have the evidence it needed to oppose the motion).

14        MGA made no effort to excuse its failure to present any evidence showing a

15  disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a

16  declaration or affidavit showing: (1) facts establishing that evidence controverting a

17  material fact exists, (2) specific reasons why such evidence cannot be presented, (3)

18  how MGA would obtain such evidence, and (4) how additional time will enable

19  MGA to collect said evidence.  Hon. William W. Schwarzer et al., Fed. Civ. Proc.

20  Before Trial ¶ 14:144 (2007) (citing Rule 56(f) and cases).

21        MGA presented no such declaration, nor could MGA meet these requirements

22  in any event.  This is not a "recently filed affirmative defense," and MGA has had

23  "sufficient opportunity for discovery."  MGA alleged an unclean hands defense to

24  the Bryant-related claims to be tried in Phase 1 in its original answer in intervention

25  some three years ago.  See Answer in Intervention dated December 7, 2007, Proctor

26  Dec. Ex. 19.  MGA has had well over a year-and-a-half to pursue discovery.  MGA

27  has known of the counterclaims for almost a year.  Notice of Lodging First

28  Amended Complaint dated November 20, 2006, Supp. Corey Dec. Ex. 1;  See Order

1   Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, Proctor

2   Dec. Ex. 12.  MGA neither presented evidence to dispute this fact nor justified its

3   failure to do so.  The fact, therefore, must be deemed admitted.

4

5   2.      MGA does not identify any                    None.

6   witnesses with knowledge of its

7   allegation that Mattel engaged in "efforts

8   to undermine MGA's business and to

9   "kill" Bratz at any cost" in its initial

10  disclosures.  MGA Entertainment, Inc.'s

11  Supplemental Disclosures and MGA

12  Entertainment (HK) Limited, MGAE de

13  Mexico S.R.L. de C.V., and Larian's

14  Initial Disclosures Under Rule 26(a)(1)

15  ("MGA's Initial Disclosures"), at pp. 1-

16  16; Proctor Dec. Ex. 20.

17

18                    **MATTEL RESPONSE**

19         See Mattel's response to Factual Statement No. 1.

20

21  3.      MGA does not identify any                    None.

22  documents supporting its allegation that

23  Mattel engaged in "efforts to undermine

24  MGA's business and to "kill" Bratz at

25  any cost" in its initial disclosures.

26  MGA's Initial Disclosures, at pp. 16-19;

27  Proctor Dec. Ex. 20.

28

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

4.     MGA's Second Affirmative          None.
Defense of unclean hands alleges that
Mattel engaged in "efforts to create
negative publicity or press about MGA,
MGA products, Bryant, Larian, or MGA
employees."  MGA's Amended Answer,
at p. 20; Proctor Dec. Ex. 5.

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

5.     MGA does not identify any          None.
witnesses with knowledge of its
allegation that Mattel engaged in "efforts
to create negative publicity or press
about MGA, MGA products, Bryant,
Larian, or MGA employees" in its initial
disclosures.  MGA's Initial Disclosures,
at pp. 1-16; Proctor Dec. Ex. 20.

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

6.     MGA does not identify any          None.
documents supporting its allegation that

1  Mattel engaged in "efforts to create
2  negative publicity or press about MGA,
3  MGA products, Bryant, Larian, or MGA
4  employees" in its initial disclosures.
5  MGA's Initial Disclosures, at pp. 16-19;
6  Proctor Dec. Ex. 20.
7
8                    **MATTEL RESPONSE**
9        See Mattel's response to Factual Statement No. 1.
10
11  7.    MGA's Second Affirmative        None.
12  Defense of unclean hands alleges that
13  Mattel engaged in "efforts to fund or
14  commission market research or studies
15  that portray Bratz or MGA products
16  negatively."  MGA's Amended Answer,
17  at p. 20; Proctor Dec. Ex. 5.
18
19                    **MATTEL RESPONSE**
20        See Mattel's response to Factual Statement No. 1.
21
22  8.    MGA does not identify any        None.
23  witnesses with knowledge of its
24  allegation that Mattel engaged in "efforts
25  to fund or commission market research
26  or studies that portray Bratz or MGA
27  products negatively" in its initial
28  disclosures.  MGA's Initial Disclosures,

1 | at pp. 1-16; Proctor Dec. Ex. 20.

2

3 | **MATTEL RESPONSE**

4 | See Mattel's response to Factual Statement No. 1.

5

6 | 9.     MGA does not identify any          None.

7 | documents supporting its allegation that

8 | Mattel engaged in "efforts to fund or

9 | commission market research or studies

10 | that portray Bratz or MGA products

11 | negatively" in its initial disclosures.

12 | MGA's Initial Disclosures, at pp. 16-19;

13 | Proctor Dec. Ex. 20.

14

15 | **MATTEL RESPONSE**

16 | See Mattel's response to Factual Statement No. 1.

17

18 | 10.    MGA's Second Affirmative          None.

19 | Defense of unclean hands alleges that

20 | Mattel engaged in "efforts to interfere

21 | with MGA's acquisition of or investment

22 | in Zapf Creation AG."  MGA's Amended

23 | Answer, at p. 20; Proctor Dec. Ex. 5.

24

25 | **MATTEL RESPONSE**

26 | See Mattel's response to Factual Statement No. 1.

27

28

| | |
|---|---|
| 1  11.    MGA does not identify any | None. |
| 2  witnesses with knowledge of its | |
| 3  allegation that Mattel engaged in "efforts | |
| 4  to interfere with MGA's acquisition of or | |
| 5  investment in Zapf Creation AG" in its | |
| 6  initial disclosures.  MGA's Initial | |
| 7  Disclosures, at pp. 1-16; Proctor Dec. | |
| 8  Ex. 20. | |

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

| | |
|---|---|
| 13  12.    MGA does not identify any | None. |
| 14  documents supporting its allegation that | |
| 15  Mattel engaged in "efforts to interfere | |
| 16  with MGA's acquisition of or investment | |
| 17  in Zapf Creation AG" in its initial | |
| 18  disclosures.  MGA's Initial Disclosures, | |
| 19  at pp. 16-19; Proctor Dec. Ex. 20. | |

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

| | |
|---|---|
| 24  13.    The person that acquired an | None. |
| 25  interest in Zapf Creation AG was not | |
| 26  MGA Entertainment, Inc. or within the | |
| 27  MGA Entertainment, Inc. corporate | |
| 28  structure.  Lisa Tonnu Vol. I. Deposition | |

1   Transcript at 61:4-9; Corey Dec. Ex. 1;

2   Lisa Tonnu Vol. II. Deposition

3   Transcript at 311:4-312:24; Corey Dec.

4   Ex. 2.

5

6                       **MATTEL RESPONSE**

7          Here, particularly, MGA is the only party who possesses evidence to dispute

8   the testimony of MGA's designee, Ms. Tonnu, that the interest in Zapf was acquired

9   by a person other than MGA Entertainment, Inc. or any other defendant.  Mattel

10  does not have such evidence.  The fact, therefore, must be deemed admitted.  <u>See</u>

11  Mattel's response to Factual Statement No. 1.

12

13  14.    MGA's Second Affirmative           None.

14  Defense of unclean hands alleges that

15  Mattel engaged in "efforts to include

16  negative references to MGA or Bratz on

17  Mattel's 'We Believe in Girls' website."

18  MGA's Amended Answer, at p. 20;

19  Proctor Dec. Ex. 5.

20

21                       **MATTEL RESPONSE**

22          See Mattel's response to Factual Statement No. 1.

23

24  15.    MGA does not identify any          None.

25  witnesses with knowledge of its

26  allegation that Mattel engaged in "efforts

27  to include negative references to MGA

28  or Bratz on Mattel's 'We Believe in Girls'

1 | website" in its initial disclosures.

2 | MGA's Initial Disclosures, at pp. 1-16;

3 | Proctor Dec. Ex. 20.

4 |

5 | **MATTEL RESPONSE**

6 | See Mattel's response to Factual Statement No. 1.

7 |

8 | 16.    MGA does not identify any                None.

9 | documents supporting its allegation that

10 | Mattel engaged in "efforts to include

11 | negative references to MGA or Bratz on

12 | Mattel's 'We Believe in Girls' website" in

13 | its initial disclosures.  MGA's Initial

14 | Disclosures, at pp. 16-19; Proctor Dec.

15 | Ex. 20.

16 |

17 | **MATTEL RESPONSE**

18 | See Mattel's response to Factual Statement No. 1.

19 |

20 | 17.    MGA's Second Affirmative            None.

21 | Defense of unclean hands alleges that

22 | Mattel engaged in "efforts or intent to

23 | interfere with business dealings or

24 | contractual relations between MGA and

25 | Smoby Group."  MGA's Amended

26 | Answer, at p. 20; Proctor Dec. Ex. 5.

27 |

28 | **MATTEL RESPONSE**

1    See Mattel's response to Factual Statement No. 1.

2

3    18.    MGA does not identify any          None.

4    witnesses with knowledge of its

5    allegation that Mattel engaged in "efforts

6    or intent to interfere with business

7    dealings or contractual relations between

8    MGA and Smoby Group" in its initial

9    disclosures.  MGA's Initial Disclosures,

10   at pp. 1-16; Proctor Dec. Ex. 20.

11

12                    **MATTEL RESPONSE**

13   See Mattel's response to Factual Statement No. 1.

14

15   19.    MGA does not identify any          None.

16   documents supporting its allegation that

17   Mattel engaged in "efforts or intent to

18   interfere with business dealings or

19   contractual relations between MGA and

20   Smoby Group" in its initial disclosures.

21   MGA's Initial Disclosures, at pp. 16-19;

22   Proctor Dec. Ex. 20.

23

24

25

26                    **MATTEL RESPONSE**

27   See Mattel's response to Factual Statement No. 1.

28

| | | |
|---|---|---|
| 1 | 20.    MGA's Second Affirmative | None. |
| 2 | Defense of unclean hands alleges that | |
| 3 | Mattel "assist[ed] parties in lawsuits | |
| 4 | against MGA."  MGA's Amended | |
| 5 | Answer, at p. 20; Proctor Dec. Ex. 5. | |

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

| | | |
|---|---|---|
| 10 | 21.    MGA does not identify any | None. |
| 11 | witnesses with knowledge of its | |
| 12 | allegation that Mattel "assist[ed] parties | |
| 13 | in lawsuits against MGA" in its initial | |
| 14 | disclosures.  MGA's Initial Disclosures, | |
| 15 | at pp. 1-16; Proctor Dec. Ex. 20. | |

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

| | | |
|---|---|---|
| 20 | 22.    MGA does not identify any | None. |
| 21 | documents supporting its allegation that | |
| 22 | Mattel "assist[ed] parties in lawsuits | |
| 23 | against MGA" in its initial disclosures. | |
| 24 | MGA's Initial Disclosures, at pp. 16-19; | |
| 25 | Proctor Dec. Ex. 20. | |

**MATTEL RESPONSE**

-11-

CONSOLIDATED SEPARATE STATEMENT

1       See Mattel's response to Factual Statement No. 1.

2

3  23.    MGA's Second Affirmative        None.

4  Defense of unclean hands alleges that

5  Mattel "monitor[ed], 'spyi[ed] on' or

6  gain[ed] knowledge of MGA's trade

7  secrets, non-public information, non-

8  public activities, unreleased products,

9  and product development."  MGA's

10  Amended Answer, at p. 20; Proctor Dec.

11  Ex. 5.

12

13              **MATTEL RESPONSE**

14       See Mattel's response to Factual Statement No. 1.

15

16  24.    MGA does not identify any        None.

17  witnesses with knowledge of its

18  allegation that Mattel "monitor[ed],

19  'spyi[ed] on' or gain[ed] knowledge of

20  MGA's trade secrets, non-public

21  information, non-public activities,

22  unreleased products, and product

23  development" in its initial disclosures.

24  MGA's Initial Disclosures, at pp. 1-16;

25  Proctor Dec. Ex. 20.

26

27              **MATTEL RESPONSE**

28

1    See Mattel's response to Factual Statement No. 1.

2

3    25.    MGA does not identify any              None.

4    documents supporting its allegation that

5    Mattel "monitor[ed], 'spyi[ed] on' or

6    gain[ed] knowledge of MGA's trade

7    secrets, non-public information, non-

8    public activities, unreleased products,

9    and product development" in its initial

10   disclosures.  MGA's Initial Disclosures,

11   at pp. 16-19; Proctor Dec. Ex. 20.

12

13                **MATTEL RESPONSE**

14   See Mattel's response to Factual Statement No. 1.

15

16   26.    MGA's Second Affirmative           None.

17   Defense of unclean hands alleges that

18   Mattel "gain[ed] access, or attempt[ed]

19   to gain access, to MGA showrooms,

20   Plan-o-Grams, merchandising displays,

21   Toy Fair displays on false pretenses."

22   MGA's Amended Answer, at p. 20;

23   Proctor Dec. Ex. 5.

24

25

26                **MATTEL RESPONSE**

27   See Mattel's response to Factual Statement No. 1.

28

| | | |
|---|---|---|
| 1 | 27.    MGA does not identify any | None. |
| 2 | witnesses with knowledge of its | |
| 3 | allegation that Mattel "gain[ed] access, | |
| 4 | or attempt[ed] to gain access, to MGA | |
| 5 | showrooms, Plan-o-Grams, | |
| 6 | merchandising displays, Toy Fair | |
| 7 | displays on false pretenses" in its initial | |
| 8 | disclosures.  MGA's Initial Disclosures, | |
| 9 | at pp. 1-16; Proctor Dec. Ex. 20. | |

10

### **MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

| | | |
|---|---|---|
| 14 | 28.    MGA does not identify any | None. |
| 15 | documents supporting its allegation that | |
| 16 | Mattel "gain[ed] access, or attempt[ed] | |
| 17 | to gain access, to MGA showrooms, | |
| 18 | Plan-o-Grams, merchandising displays, | |
| 19 | Toy Fair displays on false pretenses" in | |
| 20 | its initial disclosures.  MGA's Initial | |
| 21 | Disclosures, at pp. 16-19; Proctor Dec. | |
| 22 | Ex. 20. | |

### **MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

1 | 29.     MGA's Second Affirmative          None.

2 | Defense of unclean hands alleges that

3 | Mattel "wrongfully obtain[ed] MGA's

4 | costs and sales information through

5 | Mattel-employed category managers at

6 | retailers."  MGA's Amended Answer, at

7 | p. 20; Proctor Dec. Ex. 5.

8 |

9 |                **MATTEL RESPONSE**

10 |       See Mattel's response to Factual Statement No. 1.

11 |

12 | 30.     MGA does not identify any          None.

13 | witnesses with knowledge of its

14 | allegation that Mattel "wrongfully

15 | obtaining MGA's costs and sales

16 | information through Mattel-employed

17 | category managers at retailers" in its

18 | initial disclosures.  MGA's Initial

19 | Disclosures, at pp. 1-16; Proctor Dec.

20 | Ex. 20.

21 |

22 |                **MATTEL RESPONSE**

23 |       See Mattel's response to Factual Statement No. 1.

24 |

25 | 31.     MGA does not identify any          None.

26 | documents supporting its allegation that

27 | Mattel "wrongfully obtaining MGA's

28 | costs and sales information through

1  Mattel-employed category managers at

2  retailers" in its initial disclosures.

3  MGA's Initial Disclosures, at pp. 16-19;

4  Proctor Dec. Ex. 20.

5

6  **MATTEL RESPONSE**

7  See Mattel's response to Factual Statement No. 1.

8

9  32.   MGA's Second Affirmative          None.

10  Defense of unclean hands alleges that

11  Mattel "induc[ed] non-party customers to

12  breach confidentiality agreements with

13  MGA and divulge non-public

14  information about MGA's unreleased

15  products."  MGA's Amended Answer, at

16  p. 20; Proctor Dec. Ex. 5.

17

18  **MATTEL RESPONSE**

19  See Mattel's response to Factual Statement No. 1.

20

21  33.   MGA does not identify any          None.

22  witnesses with knowledge of its

23  allegation that Mattel "induc[ed] non-

24  party customers to breach confidentiality

25  agreements with MGA and divulge non-

26  public information about MGA's

27  unreleased products" in its initial

28  disclosures.  MGA's Initial Disclosures,

1  at pp. 1-16; Proctor Dec. Ex. 20.

2

3                    **MATTEL RESPONSE**

4         See Mattel's response to Factual Statement No. 1.

5

6  34.    MGA does not identify any           None.

7  documents supporting its allegation that

8  Mattel "induc[ed] non-party customers to

9  breach confidentiality agreements with

10  MGA and divulge non-public

11  information about MGA's unreleased

12  products" in its initial disclosures.

13  MGA's Initial Disclosures, at pp. 16-19;

14  Proctor Dec. Ex. 20.

15

16                   **MATTEL RESPONSE**

17         See Mattel's response to Factual Statement No. 1.

18

19  35.    MGA's Second Affirmative           None.

20  Defense of unclean hands alleges that

21  Mattel "contact[ed] persons under false

22  pretense in order to interrogate them

23  about Bratz and this litigation."  MGA's

24  Amended Answer, at pp. 20-21; Proctor

25  Dec. Ex. 5.

26

27                   **MATTEL RESPONSE**

28

1      See Mattel's response to Factual Statement No. 1.

2

3  36.    MGA does not identify any     None.

4  witnesses with knowledge of its

5  allegation that Mattel "contact[ed]

6  persons under false pretense in order to

7  interrogate them about Bratz and this

8  litigation" in its initial disclosures.

9  MGA's Initial Disclosures, at pp. 1-16;

10  Proctor Dec. Ex. 20.

11

12               **MATTEL RESPONSE**

13      See Mattel's response to Factual Statement No. 1.

14

15  37.    MGA does not identify any     None.

16  documents supporting its allegation that

17  Mattel "contact[ed] persons under false

18  pretense in order to interrogate them

19  about Bratz and this litigation" in its

20  initial disclosures.  MGA's Initial

21  Disclosures, at pp. 16-19; Proctor Dec.

22  Ex. 20.

23

24

25

26               **MATTEL RESPONSE**

27      See Mattel's response to Factual Statement No. 1.

28

| | |
|---|---|
| 1  38.    MGA's Second Affirmative | None. |
| 2  Defense of unclean hands alleges that | |
| 3  Mattel "coerc[ed] its employees to | |
| 4  accept restrictive covenants (right before | |
| 5  massive layoff) and non-compete clauses | |
| 6  and other efforts to prevent prospective | |
| 7  MGA employees from accepting offers | |
| 8  of employment."  MGA's Amended | |
| 9  Answer, at p. 21; Proctor Dec. Ex. 5. | |

10

11                    **MATTEL RESPONSE**

12         See Mattel's response to Factual Statement No. 1.

13

| | |
|---|---|
| 14  39.    MGA does not identify any | None. |
| 15  witnesses with knowledge of its | |
| 16  allegation that Mattel "coerc[ed] its | |
| 17  employees to accept restrictive | |
| 18  covenants (right before massive layoff) | |
| 19  and non-compete clauses and other | |
| 20  efforts to prevent prospective MGA | |
| 21  employees from accepting offers of | |
| 22  employment" in its initial disclosures. | |
| 23  MGA's Initial Disclosures, at pp. 1-16; | |
| 24  Proctor Dec. Ex. 20. | |

25

26                    **MATTEL RESPONSE**

27         See Mattel's response to Factual Statement No. 1.

28

| | |
|---|---|
| 1 | 40.    MGA does not identify any |
| 2 | documents supporting its allegation that |
| 3 | Mattel "coerc[ed] its employees to |
| 4 | accept restrictive covenants (right before |
| 5 | massive layoff) and non-compete clauses |
| 6 | and other efforts to prevent prospective |
| 7 | MGA employees from accepting offers |
| 8 | of employment" in its initial disclosures. |
| 9 | MGA's Initial Disclosures, at pp. 16-19; |
| 10 | Proctor Dec. Ex. 20. |

40.    MGA does not identify any documents supporting its allegation that Mattel "coerc[ed] its employees to accept restrictive covenants (right before massive layoff) and non-compete clauses and other efforts to prevent prospective MGA employees from accepting offers of employment" in its initial disclosures. MGA's Initial Disclosures, at pp. 16-19; Proctor Dec. Ex. 20.     None.

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

41.    MGA's Second Affirmative Defense of unclean hands alleges that Mattel "delay[ed] in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel case." MGA's Amended Answer, at p. 21; Proctor Dec. Ex. 5.     None.

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

42.    MGA does not identify any witnesses with knowledge of its allegation that Mattel "delay[ed] in suing     None.

-20-

CONSOLIDATED SEPARATE STATEMENT

1  Carter Bryant because, *inter alia*, Mattel

2  wanted Bryant to testify in an unrelated

3  Mattel case" in its initial disclosures.

4  MGA's Initial Disclosures, at pp. 1-16;

5  Proctor Dec. Ex. 20.

6

7                    **MATTEL RESPONSE**

8         See Mattel's response to Factual Statement No. 1.

9

10 43.    MGA does not identify any          None.

11 documents supporting its allegation that

12 Mattel "delay[ed] in suing Carter Bryant

13 because, *inter alia*, Mattel wanted Bryant

14 to testify in an unrelated Mattel case" in

15 its initial disclosures.  MGA's Initial

16 Disclosures, at pp. 16-19; Proctor Dec.

17 Ex. 20.

18

19                    **MATTEL RESPONSE**

20         See Mattel's response to Factual Statement No. 1.

21

22 44.    MGA's Second Affirmative          None.

23 Defense of unclean hands alleges that

24 Mattel "falsely inflat[ed] its Barbie sales

25 figures in an effort to mislead the public

26 and retailers."  MGA's Amended

27 Answer, at p. 21; Proctor Dec. Ex. 5.

28

1

**MATTEL RESPONSE**

2          See Mattel's response to Factual Statement No. 1.

3

4    45.    MGA does not identify any          None.

5    witnesses with knowledge of its

6    allegation that Mattel "falsely inflat[ed]

7    its Barbie sales figures in an effort to

8    mislead the public and retailers" in its

9    initial disclosures.  MGA's Initial

10   Disclosures, at pp. 1-16; Proctor Dec.

11   Ex. 20.

12

13

**MATTEL RESPONSE**

14          See Mattel's response to Factual Statement No. 1.

15

16   46.    MGA does not identify any          None.

17   documents supporting its allegation that

18   Mattel "falsely inflat[ed] its Barbie sales

19   figures in an effort to mislead the public

20   and retailers" in its initial disclosures.

21   MGA's Initial Disclosures, at pp. 16-19;

22   Proctor Dec. Ex. 20.

23

24

25

26

**MATTEL RESPONSE**

27          See Mattel's response to Factual Statement No. 1.

28

1 | 47.    MGA's Second Affirmative           None.

2 | Defense of unclean hands alleges that

3 | Mattel "[took] all measures to conceal its

4 | bad acts, including the willful non-

5 | retention and destruction of documents."

6 | MGA's Amended Answer, at p. 21;

7 | Proctor Dec. Ex. 5.

8 |

9 | **MATTEL RESPONSE**

10 |     See Mattel's response to Factual Statement No. 1.

11 |

12 | 48.    MGA does not identify any           None.

13 | witnesses with knowledge of its

14 | allegation that Mattel "[took] all

15 | measures to conceal its bad acts,

16 | including the willful non-retention and

17 | destruction of documents" in its initial

18 | disclosures.  MGA's Initial Disclosures,

19 | at pp. 1-16; Proctor Dec. Ex. 20.

20 |

21 | **MATTEL RESPONSE**

22 |     See Mattel's response to Factual Statement No. 1.

23 |

24 | 49.    MGA does not identify any           None.

25 | documents supporting its allegation that

26 | Mattel "[took] all measures to conceal its

27 | bad acts, including the willful non-

28 | retention and destruction of documents"

1 | in its initial disclosures.  MGA's Initial

2 | Disclosures, at pp. 16-19; Proctor Dec.

3 | Ex. 20.

4 |

5 | **MATTEL RESPONSE**

6 | See Mattel's response to Factual Statement No. 1.

7 |

8 | 50.    MGA's Second Affirmative            None.

9 | Defense of unclean hands alleges that:

10 | "Mattel believed from the time that

11 | Carter Bryant left Mattel's employ that

12 | he was going to perform work for a

13 | Mattel competitor.  Mattel began

14 | investigating Bryant and MGA

15 | Defendants, including Bryant's role in

16 | the creation and development of Bratz, at

17 | least as early as March 2002.

18 | Nonetheless, Mattel waited years to

19 | bring suit, all the while allowing MGA

20 | Defendants to spend years developing

21 | their business and invest tens of millions

22 | of dollars developing the Bratz products

23 | and building the Bratz brand."  MGA's

24 | Amended Answer, at p. 21; Proctor Dec.

25 | Ex. 5.

26 |

27 |

28 |

07209/2291266.4

-24-

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

51.     MGA does not identify in its             None.
initial disclosures any witnesses with
knowledge that the conduct alleged in
MGA's Second Affirmative Defense was
unconscionable, in bad faith, or
inequitable." MGA's Initial Disclosures,
at pp. 1-16; Proctor Dec. Ex. 20.

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

52.     MGA does not identify in its             None.
initial disclosures any documents
showing that the conduct alleged in
MGA's Second Affirmative Defense was
unconscionable, in bad faith, or
inequitable." MGA's Initial Disclosures,
at pp. 16-19; Proctor Dec. Ex. 20.

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 1.

53.     MGA does not identify in its             None.
initial disclosures any witnesses with
knowledge that the conduct alleged in

07209/2291266.4

1  MGA's Second Affirmative Defense is

2  directly related to the transactions

3  concerning which Mattel's counterclaims

4  were made.  MGA's Initial Disclosures,

5  at pp. 1-16; Proctor Dec. Ex. 20.

6

7  **MATTEL RESPONSE**

8  See Mattel's response to Factual Statement No. 1.

9

10  54.    MGA does not identify in its        None.

11  initial disclosures any documents

12  showing that the conduct alleged in

13  MGA's Second Affirmative Defense is

14  directly related to the transactions

15  concerning which Mattel's counterclaims

16  were made.  MGA's Initial Disclosures,

17  at pp. 16-19; Proctor Dec. Ex. 20.

18

19  **MATTEL RESPONSE**

20  See Mattel's response to Factual Statement No. 1.

21

22  55.    MGA's Ninth Affirmative Defense   None.

23  of estoppel alleges that: "Mattel believed

24  from the time that Carter Bryant left

25  Mattel's employ that he was going to

26  perform work for a Mattel competitor.

27  Mattel began investigating Bryant and

28  MGA Defendants, including Bryant's

1  role in the creation and development of

2  Bratz, at least as early as March 2002.

3  Nonetheless, Mattel waited years to

4  bring suit, all the while allowing MGA

5  Defendants to spend years developing

6  their business and invest tens of millions

7  of dollars developing the Bratz products

8  and building the Bratz brand."  MGA's

9  Amended Answer, at p. 23; Proctor Dec.

10  Ex. 5.

11

12  **MATTEL RESPONSE**

13  To dispute this fact, MGA must "present significant probative evidence

14  tending to support is claim or defense."  Richards v. Neilsen Freight Lines, 810 F.2d

15  898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to

16  interrogatories and admissions on file, together with affidavits. Fed. R. Civ. P.,

17  56(c); see Local Rule 56-3 ([T]he Court will assume that the material facts as

18  claimed and adequately supported by the moving papers are admitted to exist

19  without controversy, except to the extent that such material facts are (a) included in

20  the "Statement of Genuine Issues" and (b) controverted by declaration or other

21  written evidence filed in opposition to the motion.   The fact, therefore, must be

22  accepted as true. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-

23  01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

24  deny a Rule 56(f) continuance when non-moving party failed to "identify by

25  affidavit specific facts that further discovery would reveal and explain why those

26  facts would preclude summary judgment" and rejecting general claim that counsel

27  did not have the evidence it needed to oppose the motion).

28  MGA made no effort to excuse its failure to present any evidence showing a

1  disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a

2  declaration or affidavit showing: (1) facts establishing that evidence controverting a

3  material fact exists, (2) specific reasons why such evidence cannot be presented, (3)

4  how MGA would obtain such evidence, and (4) how additional time will enable

5  MGA to collect said evidence.  Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc.</u>

6  <u>Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases).

7       MGA presented no such declaration, nor could MGA meet these requirements

8  in any event.  This is not a "recently filed affirmative defense," and MGA has had

9  "sufficient opportunity for discovery."  MGA alleged an estoppel defense to the

10  Bryant-related claims to be tried in Phase 1 in its original answer in intervention

11  some three years ago.  <u>See</u> Answer in Intervention dated December 7, 2007, Proctor

12  Dec. Ex. 19.  MGA has had well over a year-and-a-half to pursue discovery.  MGA

13  has known of the counterclaims for almost a year.  Notice of Lodging First

14  Amended Complaint dated November 20, 2006, Supp. Corey Dec. Ex. 1;  <u>See</u> Order

15  Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, Proctor

16  Dec. Ex. 12.  MGA neither presented evidence to dispute this fact nor justified its

17  failure to do so.  The fact, therefore, must be deemed admitted.

18

19  56.    MGA does not identify in its            None.

20  initial disclosures any witnesses with

21  knowledge that Mattel was apprised of

22  the facts that form the basis of its Ninth

23  Affirmative Defense.  MGA's Initial

24  Disclosures, at pp. 1-16; Proctor Dec.

25  Ex. 20.

26

27                    **MATTEL RESPONSE**

28

1     See Mattel's response to Factual Statement No. 55.

2

3   57.     MGA does not identify in its          None.

4   initial disclosures any documents

5   showing that Mattel was apprised of the

6   facts that form the basis of its Ninth

7   Affirmative Defense.  MGA's Initial

8   Disclosures, at pp. 16-19; Proctor Dec.

9   Ex. 20.

10

11                    **MATTEL RESPONSE**

12     See Mattel's response to Factual Statement No. 55.

13

14   58.     MGA does not identify in its          None.

15   initial disclosures any witnesses with

16   knowledge that Mattel intended the

17   conduct alleged in the Ninth Affirmative

18   Defense to be acted upon or that MGA

19   had a right to believe that Mattel's

20   alleged conduct was so intended.

21   MGA's Initial Disclosures, at pp. 1-16;

22   Proctor Dec. Ex. 20.

23

24                    **MATTEL RESPONSE**

25     See Mattel's response to Factual Statement No. 55.

26

27   59.     MGA does not identify in its          None.

28   initial disclosures any documents