1  showing that Mattel intended the conduct

2  alleged in the Ninth Affirmative Defense

3  to be acted upon or that MGA had a right

4  to believe that Mattel's alleged conduct

5  was so intended.  MGA's Initial

6  Disclosures, at pp. 16-19; Proctor Dec.

7  Ex. 20.

8

9                    **MATTEL RESPONSE**

10         See Mattel's response to Factual Statement No. 55.

11

12  60.     MGA does not identify in its          None.

13  initial disclosures any witnesses with

14  knowledge that MGA was ignorant of

15  the true state of facts that form the basis

16  of its Ninth Affirmative Defense.

17  MGA's Initial Disclosures, at pp. 1-16;

18  Proctor Dec. Ex. 20.

19

20                    **MATTEL RESPONSE**

21         See Mattel's response to Factual Statement No. 55.

22

23  61.     MGA does not identify in its          None.

24  initial disclosures any documents

25  showing that MGA was ignorant of the

26  true state of facts that form the basis of

27  its Ninth Affirmative Defense.  MGA's

28  Initial Disclosures, at pp. 16-19; Proctor

1  Dec. Ex. 20.

2

3                    **MATTEL RESPONSE**

4        See Mattel's response to Factual Statement No. 55.

5

6  62.    MGA does not identify in its          None.

7  initial disclosures any witnesses with

8  knowledge that MGA relied on Mattel's

9  alleged conduct in the Ninth Affirmative

10  Defense to its injury.  MGA's Initial

11  Disclosures, at pp. 1-16; Proctor Dec.

12  Ex. 20.

13

14                    **MATTEL RESPONSE**

15        See Mattel's response to Factual Statement No. 55.

16

17  63.    MGA does not identify in its          None.

18  initial disclosures any documents

19  showing that MGA relied on Mattel's

20  alleged conduct in the Ninth Affirmative

21  Defense to its injury.  MGA's Initial

22  Disclosures, at pp. 16-19; Proctor Dec.

23  Ex. 20.

24

25                    **MATTEL RESPONSE**

26        See Mattel's response to Factual Statement No. 55.

27

28

| | | |
|---|---|---|
| 1 | 64.    MGA's Thirteenth Affirmative | None. |
| 2 | Defense of waiver alleges that: "Mattel | |
| 3 | believed from the time that Carter Bryant | |
| 4 | left Mattel's employ that he was going to | |
| 5 | perform work for a Mattel competitor. | |
| 6 | Mattel began investigating Bryant and | |
| 7 | MGA Defendants, including Bryant's | |
| 8 | role in the creation and development of | |
| 9 | Bratz, at least as early as March 2002. | |
| 10 | Nonetheless, Mattel waited years to | |
| 11 | bring suit, all the while allowing MGA | |
| 12 | Defendants to spend years developing | |
| 13 | their business and invest tens of millions | |
| 14 | of dollars developing the Bratz products | |
| 15 | and building the Bratz brand."  MGA's | |
| 16 | Amended Answer, at p. 24; Proctor Dec. | |
| 17 | Ex. 5. | |

18

### MATTEL RESPONSE

20        To dispute this fact, MGA must "present significant probative evidence

21  tending to support is claim or defense."  Richards v. Neilsen Freight Lines, 810 F.2d

22  898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to

23  interrogatories and admissions on file, together with affidavits. Fed. R. Civ. P.,

24  56(c); see Local Rule 56-3 ([T]he Court will assume that the material facts as

25  claimed and adequately supported by the moving papers are admitted to exist

26  without controversy, except to the extent that such material facts are (a) included in

27  the "Statement of Genuine Issues" and (b) controverted by declaration or other

28  written evidence filed in opposition to the motion.   The fact, therefore, must be

1    accepted as true. <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100-

2    01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

3    deny a Rule 56(f) continuance when non-moving party failed to "identify by

4    affidavit specific facts that further discovery would reveal and explain why those

5    facts would preclude summary judgment" and rejecting general claim that counsel

6    did not have the evidence it needed to oppose the motion).

7          MGA made no effort to excuse its failure to present any evidence showing a

8    disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a

9    declaration or affidavit showing: (1) facts establishing that evidence controverting a

10   material fact exists, (2) specific reasons why such evidence cannot be presented, (3)

11   how MGA would obtain such evidence, and (4) how additional time will enable

12   MGA to collect said evidence. Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc.</u>

13   <u>Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases).

14         MGA presented no such declaration, nor could MGA meet these requirements

15   in any event.  This is not a "recently filed affirmative defense," and MGA has had

16   "sufficient opportunity for discovery."  MGA alleged a waiver defense to the

17   Bryant-related claims to be tried in Phase 1 in its original answer in intervention

18   some three years ago. <u>See</u> Answer in Intervention dated December 7, 2007, Proctor

19   Dec. Ex. 19.  MGA has had well over a year-and-a-half to pursue discovery.  MGA

20   has known of the counterclaims for almost a year.  Notice of Lodging First

21   Amended Complaint dated November 20, 2006, Supp. Corey Dec. Ex. 1;  <u>See</u> Order

22   Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, Proctor

23   Dec. Ex. 12.  MGA neither presented evidence to dispute this fact nor justified its

24   failure to do so.  The fact, therefore, must be deemed admitted.

25

26   65.    MGA does not identify in its                    None.

27   initial disclosures any witnesses with

28   knowledge that Mattel had knowledge of

1 | any right alleged in MGA's Thirteenth

2 | Affirmative Defense.  MGA's Initial

3 | Disclosures, at pp. 1-16; Proctor Dec.

4 | Ex. 20.

5

6 | **MATTEL RESPONSE**

7 | See Mattel's response to Factual Statement No. 64.

8

9 | 66.     MGA does not identify in its          None.

10 | initial disclosures any documents

11 | showing that Mattel had knowledge of

12 | any right alleged in MGA's Thirteenth

13 | Affirmative Defense.  MGA's Initial

14 | Disclosures, at pp. 16-19; Proctor Dec.

15 | Ex. 20.

16

17 | **MATTEL RESPONSE**

18 | See Mattel's response to Factual Statement No. 64.

19

20 | 67.     MGA does not identify in its          None.

21 | initial disclosures any witnesses with

22 | knowledge that Mattel had the intent to

23 | forego any right alleged in MGA's

24 | Thirteenth Affirmative Defense.  MGA's

25 | Initial Disclosures, at pp. 1-16; Proctor

26 | Dec. Ex. 20.

27

28 | **MATTEL RESPONSE**

1    See Mattel's response to Factual Statement No. 64.

2

3    68.    MGA does not identify in its          None.

4    initial disclosures any documents

5    showing that Mattel had the intent to

6    forego any right alleged in MGA's

7    Thirteenth Affirmative Defense.  MGA's

8    Initial Disclosures, at pp. 16-19; Proctor

9    Dec. Ex. 20.

10

11                    **MATTEL RESPONSE**

12    See Mattel's response to Factual Statement No. 64.

13

14    69.    MGA's Tenth Affirmative Defense   None.

15    of acquiescence alleges that: "Mattel

16    believed from the time that Carter Bryant

17    left Mattel's employ that he was going to

18    perform work for a Mattel competitor.

19    Mattel began investigating Bryant and

20    MGA Defendants, including Bryant's

21    role in the creation and development of

22    Bratz, at least as early as March 2002.

23    Nonetheless, Mattel waited years to

24    bring suit, all the while allowing MGA

25    Defendants to spend years developing

26    their business and invest tens of millions

27    of dollars developing the Bratz products

28    and building the Bratz brand.

07209/2291266.4

-35-

1    Additionally, Mattel tolerated and

2    condoned conduct by other employees

3    similar to the alleged conduct by Bryant

4    and others on which Mattel bases its

5    claims."  MGA's Amended Answer, at p.

6    23; Proctor Dec. Ex. 5.

7

8                      **MATTEL RESPONSE**

9          To dispute this fact, MGA must "present significant probative evidence

10   tending to support is claim or defense."  Richards v. Neilsen Freight Lines, 810 F.2d

11   898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to

12   interrogatories and admissions on file, together with affidavits. Fed. R. Civ. P.,

13   56(c); see Local Rule 56-3 ([T]he Court will assume that the material facts as

14   claimed and adequately supported by the moving papers are admitted to exist

15   without controversy, except to the extent that such material facts are (a) included in

16   the "Statement of Genuine Issues" and (b) controverted by declaration or other

17   written evidence filed in opposition to the motion.   The fact, therefore, must be

18   accepted as true. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-

19   01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

20   deny a Rule 56(f) continuance when non-moving party failed to "identify by

21   affidavit specific facts that further discovery would reveal and explain why those

22   facts would preclude summary judgment" and rejecting general claim that counsel

23   did not have the evidence it needed to oppose the motion).

24         MGA made no effort to excuse its failure to present any evidence showing a

25   disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a

26   declaration or affidavit showing: (1) facts establishing that evidence controverting a

27   material fact exists, (2) specific reasons why such evidence cannot be presented, (3)

28   how MGA would obtain such evidence, and (4) how additional time will enable

07209/2291266.4

-36-

1  MGA to collect said evidence.  Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc.</u>

2  <u>Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases).

3         MGA presented no such declaration, nor could MGA meet these requirements

4  in any event.  This is not a "recently filed affirmative defense," and MGA has had

5  "sufficient opportunity for discovery."  MGA alleged a related consent defense to

6  the Bryant-related claims to be tried in Phase 1 in its original answer in intervention

7  some three years ago.  <u>See</u> Answer in Intervention dated December 7, 2007, Proctor

8  Dec. Ex. 19.  MGA has had well over a year-and-a-half to pursue discovery.  MGA

9  has known of the counterclaims for almost a year.  Notice of Lodging First

10  Amended Complaint dated November 20, 2006, Supp. Corey Dec. Ex. 1;  <u>See</u> Order

11  Regarding Mattel's Motion for Leave to Amend, dated January 11, 2007, Proctor

12  Dec. Ex. 12.  MGA neither presented evidence to dispute this fact nor justified its

13  failure to do so.  The fact, therefore, must be deemed admitted.

14

15  70.    MGA does not identify in its           None.

16  initial disclosures any witnesses with

17  knowledge that Mattel consented to any

18  particular misconduct by MGA.  MGA's

19  Initial Disclosures, at pp. 1-16; Proctor

20  Dec. Ex. 20.

21

22                  **<u>MATTEL RESPONSE</u>**

23         See Mattel's response to Factual Statement No. 69.

24

25  71.    MGA does not identify in its           None.

26  initial disclosures any documents

27  showing that Mattel consented to any

28  particular misconduct by MGA.  MGA's

1 | Initial Disclosures, at pp. 16-19; Proctor
2 | Dec. Ex. 20.
3 |
4 | **MATTEL RESPONSE**
5 | See Mattel's response to Factual Statement No. 69.
6 |
7 | 72.    MGA does not identify in its            None.
8 | initial disclosures any witnesses with
9 | knowledge that if Mattel consented to
10 | any particular misconduct by MGA it did
11 | so absent any fraud, duress, undue
12 | influence, or mistake.  MGA's Initial
13 | Disclosures, at pp. 1-16; Proctor Dec.
14 | Ex. 20.
15 |
16 | **MATTEL RESPONSE**
17 | See Mattel's response to Factual Statement No. 69.
18 |
19 | 73.    MGA does not identify in its            None.
20 | initial disclosures any documents
21 | showing that if Mattel consented to any
22 | particular misconduct by MGA it did so
23 | absent any fraud, duress, undue
24 | influence, or mistake.  MGA's Initial
25 | Disclosures, at pp. 16-19; Proctor Dec.
26 | Ex. 20.
27 |
28 | **MATTEL RESPONSE**

1    See Mattel's response to Factual Statement No. 69.

2

3    74.    MGA does not identify in its          None.

4    initial disclosures any witnesses with

5    knowledge that if Mattel consented to

6    any particular misconduct by MGA it

7    never terminated its purported consent.

8    MGA's Initial Disclosures, at pp. 1-16;

9    Proctor Dec. Ex. 20.

10

11                    **MATTEL RESPONSE**

12    See Mattel's response to Factual Statement No. 69.

13

14    75.    MGA does not identify in its          None.

15    initial disclosures any documents

16    showing that if Mattel consented to any

17    particular misconduct by MGA, it never

18    terminated its purported consent.  MGA's

19    Initial Disclosures, at pp. 16-19; Proctor

20    Dec. Ex. 20.

21

22                    **MATTEL RESPONSE**

23    See Mattel's response to Factual Statement No. 69.

24

25    76.    MGA's Eighth Affirmative          None.

26    Defense of "acts or omissions of others"

27    alleges that "Mattel's damages, if any,

28    were not caused by MGA Defendants

1   and are not attributable to any acts or

2   omissions of MGA Defendants."  MGA's

3   Amended Answer, at p. 23; Proctor Dec.

4   Ex. 5.

5

6                          **MATTEL RESPONSE**

7           To dispute this fact, MGA must "present significant probative evidence

8   tending to support is claim or defense."  Richards v. Neilsen Freight Lines, 810 F.2d

9   898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to

10  interrogatories and admissions on file, together with affidavits. Fed. R. Civ. P.,

11  56(c); see Local Rule 56-3 ([T]he Court will assume that the material facts as

12  claimed and adequately supported by the moving papers are admitted to exist

13  without controversy, except to the extent that such material facts are (a) included in

14  the "Statement of Genuine Issues" and (b) controverted by declaration or other

15  written evidence filed in opposition to the motion.   The fact, therefore, must be

16  accepted as true. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-

17  01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

18  deny a Rule 56(f) continuance when non-moving party failed to "identify by

19  affidavit specific facts that further discovery would reveal and explain why those

20  facts would preclude summary judgment" and rejecting general claim that counsel

21  did not have the evidence it needed to oppose the motion).

22          MGA made no effort to excuse its failure to present any evidence showing a

23  disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a

24  declaration or affidavit showing: (1) facts establishing that evidence controverting a

25  material fact exists, (2) specific reasons why such evidence cannot be presented, (3)

26  how MGA would obtain such evidence, and (4) how additional time will enable

27  MGA to collect said evidence. Hon. William W. Schwarzer et al., Fed. Civ. Proc.

28  Before Trial ¶ 14:144 (2007) (citing Rule 56(f) and cases).

07209/2291266.4

1   MGA presented no such declaration, nor could MGA meet these requirements

2   in any event.  This is not a "recently filed affirmative defense," and MGA has had

3   "sufficient opportunity for discovery."  MGA alleged an "acts or omissions of

4   others" defense to the Bryant-related claims to be tried in Phase 1 in its original

5   answer in intervention some three years ago.  See Answer in Intervention dated

6   December 7, 2007, Proctor Dec. Ex. 19.  MGA has had well over a year-and-a-half

7   to pursue discovery.  MGA has known of the counterclaims for almost a year.

8   Notice of Lodging First Amended Complaint dated November 20, 2006, Supp.

9   Corey Dec. Ex. 1;  See Order Regarding Mattel's Motion for Leave to Amend, dated

10   January 11, 2007, Proctor Dec. Ex. 12.  MGA neither presented evidence to dispute

11   this fact nor justified its failure to do so.  The fact, therefore, must be deemed

12   admitted.

13

14   77.   MGA does not identify in its          None.

15   initial disclosures any witnesses with

16   knowledge regarding MGA's Eighth

17   Affirmative Defense of "acts or

18   omissions of others."  MGA's Initial

19   Disclosures, at pp. 1-16; Proctor Dec.

20   Ex. 20.

21

22   **MATTEL RESPONSE**

23   See Mattel's response to Factual Statement No. 76.

24

25   78.   MGA does not identify in its          None.

26   initial disclosures any documents

27   regarding MGA's Eighth Affirmative

28   Defense of "acts or omissions of others."

1    MGA's Initial Disclosures, at pp. 16-19;

2    Proctor Dec. Ex. 20.

3

4                 **MATTEL RESPONSE**

5       See Mattel's response to Factual Statement No. 76.

6

7    79.     MGA's Eleventh Affirmative        None.

8    Defense of "failure to mitigate" alleges

9    that "MGA Defendants deny that Mattel

10    suffered any damages, but even if it did,

11    Mattel failed to take reasonable steps to

12    mitigate those purported damages."

13    MGA's Amended Answer, at p. 24;

14    Proctor Dec. Ex. 5.

15

16                 **MATTEL RESPONSE**

17       To dispute this fact, MGA must "present significant probative evidence

18    tending to support is claim or defense." Richards v. Neilsen Freight Lines, 810 F.2d

19    898, 902 (9th Cir. 1987). MGA presented no "pleadings, depositions, answers to

20    interrogatories and admissions on file, together with affidavits. Fed. R. Civ. P.,

21    56(c); see Local Rule 56-3 ([T]he Court will assume that the material facts as

22    claimed and adequately supported by the moving papers are admitted to exist

23    without controversy, except to the extent that such material facts are (a) included in

24    the "Statement of Genuine Issues" and (b) controverted by declaration or other

25    written evidence filed in opposition to the motion. The fact, therefore, must be

26    accepted as true. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-

27    01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

28    deny a Rule 56(f) continuance when non-moving party failed to "identify by

1   affidavit specific facts that further discovery would reveal and explain why those
2   facts would preclude summary judgment" and rejecting general claim that counsel
3   did not have the evidence it needed to oppose the motion).

4         MGA made no effort to excuse its failure to present any evidence showing a
5   disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a
6   declaration or affidavit showing: (1) facts establishing that evidence controverting a
7   material fact exists, (2) specific reasons why such evidence cannot be presented, (3)
8   how MGA would obtain such evidence, and (4) how additional time will enable
9   MGA to collect said evidence.  Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc.</u>
10  <u>Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases).

11        MGA presented no such declaration, nor could MGA meet these requirements
12  in any event.  This is not a "recently filed affirmative defense," and MGA has had
13  "sufficient opportunity for discovery."  MGA alleged a "failure to mitigate" defense
14  to the Bryant-related claims to be tried in Phase 1 in its original answer in
15  intervention some three years ago.  <u>See</u> Answer in Intervention dated December 7,
16  2007, Proctor Dec. Ex. 19.  MGA has had well over a year-and-a-half to pursue
17  discovery.  MGA has known of the counterclaims for almost a year.  Notice of
18  Lodging First Amended Complaint dated November 20, 2006, Supp. Corey Dec. Ex.
19  1; <u>See</u> Order Regarding Mattel's Motion for Leave to Amend, dated January 11,
20  2007, Proctor Dec. Ex. 12.  MGA neither presented evidence to dispute this fact nor
21  justified its failure to do so.  The fact, therefore, must be deemed admitted.

22

23  80.   MGA does not identify in its          None.
24  initial disclosures any witnesses with
25  knowledge regarding MGA's Eleventh
26  Affirmative Defense of "failure to
27  mitigate."  MGA's Initial Disclosures, at
28

1  pp. 1-16; Proctor Dec. Ex. 20.

2

3  **MATTEL RESPONSE**

4  See Mattel's response to Factual Statement No. 79.

5

6  81.    MGA does not identify in its            None.

7  initial disclosures any documents

8  supporting MGA's Eleventh Affirmative

9  Defense of "failure to mitigate."  MGA's

10  Initial Disclosures, at pp. 16-19; Proctor

11  Dec. Ex. 20.

12

13  **MATTEL RESPONSE**

14  See Mattel's response to Factual Statement No. 79.

15

16  82.    MGA's Fourteenth Affirmative            None.

17  Defense of abandonment alleges that

18  "Mattel has abandoned any interest it

19  may have had in the alleged copyrighted

20  works."  MGA's Amended Answer, at p.

21  24; Proctor Dec. Ex. 5.

22

23  **MATTEL RESPONSE**

24      To dispute this fact, MGA must "present significant probative evidence

25  tending to support is claim or defense."  <u>Richards v. Neilsen Freight Lines</u>, 810 F.2d

26  898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to

27  interrogatories and admissions on file, together with affidavits. <u>Fed. R. Civ. P.</u>,

28  56(c); <u>see Local Rule</u> 56-3 ([T]he Court will assume that the material facts as

1   claimed and adequately supported by the moving papers are admitted to exist

2   without controversy, except to the extent that such material facts are (a) included in

3   the "Statement of Genuine Issues" and (b) controverted by declaration or other

4   written evidence filed in opposition to the motion.   The fact, therefore, must be

5   accepted as true. <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100-

6   01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

7   deny a Rule 56(f) continuance when non-moving party failed to "identify by

8   affidavit specific facts that further discovery would reveal and explain why those

9   facts would preclude summary judgment" and rejecting general claim that counsel

10   did not have the evidence it needed to oppose the motion).

11      MGA made no effort to excuse its failure to present any evidence showing a

12   disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a

13   declaration or affidavit showing: (1) facts establishing that evidence controverting a

14   material fact exists, (2) specific reasons why such evidence cannot be presented, (3)

15   how MGA would obtain such evidence, and (4) how additional time will enable

16   MGA to collect said evidence.  Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc.</u>

17   <u>Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases).  MGA neither presented

18   evidence to dispute this fact nor justified its failure to do so.  The fact, therefore,

19   must be deemed admitted.

20

21   83.      MGA does not identify in its              None.

22   initial disclosures any witnesses with

23   knowledge regarding MGA's Fourteenth

24   Affirmative Defense of abandonment.

25   MGA's Initial Disclosures, at pp. 1-16;

26   Proctor Dec. Ex. 20.

27

28                    **MATTEL RESPONSE**

1         See Mattel's response to Factual Statement No. 82.

2

3 84.     MGA does not identify in its        None.

4 initial disclosures any documents

5 supporting MGA's Fourteenth

6 Affirmative Defense of abandonment.

7 MGA's Initial Disclosures, at pp. 16-19;

8 Proctor Dec. Ex. 20.

9

10                   **MATTEL RESPONSE**

11         See Mattel's response to Factual Statement No. 82.

12

13 85.     MGA's Sixteenth Affirmative      None.

14 Defense of "joint authorship" alleges that

15 "MGA Defendants deny that Mattel

16 owns any copyright interest in the

17 alleged works, but even if it did, any

18 liability would be eliminated or greatly

19 diminished by the doctrine of joint

20 authorship."  MGA's Amended Answer,

21 at p. 25; Proctor Dec. Ex. 5.

22

23

24

25

26

27

28

**MATTEL RESPONSE**

1
2          To dispute this fact, MGA must "present significant probative evidence
3    tending to support is claim or defense." <u>Richards v. Neilsen Freight Lines</u>, 810 F.2d
4    898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to
5    interrogatories and admissions on file, together with affidavits. <u>Fed. R. Civ. P.</u>,
6    56(c); <u>see Local Rule</u> 56-3 ([T]he Court will assume that the material facts as
7    claimed and adequately supported by the moving papers are admitted to exist
8    without controversy, except to the extent that such material facts are (a) included in
9    the "Statement of Genuine Issues" and (b) controverted by declaration or other
10   written evidence filed in opposition to the motion.   The fact, therefore, must be
11   accepted as true. <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100-
12   01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and
13   deny a Rule 56(f) continuance when non-moving party failed to "identify by
14   affidavit specific facts that further discovery would reveal and explain why those
15   facts would preclude summary judgment" and rejecting general claim that counsel
16   did not have the evidence it needed to oppose the motion).

17          MGA made no effort to excuse its failure to present any evidence showing a
18   disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a
19   declaration or affidavit showing: (1) facts establishing that evidence controverting a
20   material fact exists, (2) specific reasons why such evidence cannot be presented, (3)
21   how MGA would obtain such evidence, and (4) how additional time will enable
22   MGA to collect said evidence.  Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc.</u>
23   <u>Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases).  MGA neither presented
24   evidence to dispute this fact nor justified its failure to do so.  The fact, therefore,
25   must be deemed admitted.

26

27   86.    MGA does not identify in its          None.
28   initial disclosures any witnesses with

1  knowledge regarding MGA's Sixteenth

2  Affirmative Defense of "joint

3  authorship." MGA's Initial Disclosures,

4  at pp. 1-16; Proctor Dec. Ex. 20.

5

6  **MATTEL RESPONSE**

7  See Mattel's response to Factual Statement No. 85.

8

9  87.   MGA does not identify in its          None.

10  initial disclosures any documents,

11  including the allegedly jointly authored

12  works, regarding MGA's Sixteenth

13  Affirmative Defense of "joint

14  authorship." MGA's Initial Disclosures,

15  at pp. 16-19; Proctor Dec. Ex. 20.

16

17  **MATTEL RESPONSE**

18  See Mattel's response to Factual Statement No. 85.

19

20  88.   MGA's Eighteenth Affirmative          None.

21  Defense of "good faith" alleges that

22  "Mattel's counterclaims are barred in

23  whole or in part because the MGA

24  Defendants acted in good faith." MGA's

25  Amended Answer, at p. 25; Proctor Dec.

26  Ex. 5.

27

28

**MATTEL RESPONSE**

To dispute this fact, MGA must "present significant probative evidence tending to support is claim or defense." <u>Richards v. Neilsen Freight Lines</u>, 810 F.2d 898, 902 (9th Cir. 1987). MGA presented no "pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits. <u>Fed. R. Civ. P.</u>, 56(c); <u>see Local Rule</u> 56-3 ([T]he Court will assume that the material facts as claimed and adequately supported by the moving papers are admitted to exist without controversy, except to the extent that such material facts are (a) included in the "Statement of Genuine Issues" and (b) controverted by declaration or other written evidence filed in opposition to the motion. The fact, therefore, must be accepted as true. <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and deny a Rule 56(f) continuance when non-moving party failed to "identify by affidavit specific facts that further discovery would reveal and explain why those facts would preclude summary judgment" and rejecting general claim that counsel did not have the evidence it needed to oppose the motion).

MGA made no effort to excuse its failure to present any evidence showing a disputed issue of fact. To obtain relief under Rule 56(f), MGA must submit a declaration or affidavit showing: (1) facts establishing that evidence controverting a material fact exists, (2) specific reasons why such evidence cannot be presented, (3) how MGA would obtain such evidence, and (4) how additional time will enable MGA to collect said evidence. Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc. Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases). MGA neither presented evidence to dispute this fact nor justified its failure to do so. The fact, therefore, must be deemed admitted.

89. MGA does not identify in its initial disclosures any witnesses with          None.

1  knowledge regarding MGA's Eighteenth

2  Affirmative Defense of "good faith."

3  MGA's Initial Disclosures, at pp. 1-16;

4  Proctor Dec. Ex. 20.

5

6  **MATTEL RESPONSE**

7  See Mattel's response to Factual Statement No. 88.

8

9  90.    MGA does not identify in its          None.

10  initial disclosures any documents

11  supporting MGA's Eighteenth

12  Affirmative Defense of "good faith."

13  MGA's Initial Disclosures, at pp. 16-19;

14  Proctor Dec. Ex. 20.

15

16  **MATTEL RESPONSE**

17  See Mattel's response to Factual Statement No. 88.

18

19  91.    MGA's Nineteenth Affirmative          None.

20  Defense of "lack of authority" alleges

21  that "Mattel's counterclaims are barred in

22  whole or in part on the grounds that to

23  the extent any person committed an

24  unlawful or tortious act, the person

25  lacked authority to commit such act on

26  behalf of the MGA Defendants."  MGA's

27  Amended Answer, at p. 25; Proctor Dec.

28

1  Ex. 5.

2

3                           **MATTEL RESPONSE**

4        To dispute this fact, MGA must "present significant probative evidence

5  tending to support is claim or defense." <u>Richards v. Neilsen Freight Lines</u>, 810 F.2d

6  898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to

7  interrogatories and admissions on file, together with affidavits. <u>Fed. R. Civ. P.</u>,

8  56(c); <u>see Local Rule</u> 56-3 ([T]he Court will assume that the material facts as

9  claimed and adequately supported by the moving papers are admitted to exist

10  without controversy, except to the extent that such material facts are (a) included in

11  the "Statement of Genuine Issues" and (b) controverted by declaration or other

12  written evidence filed in opposition to the motion.   The fact, therefore, must be

13  accepted as true. <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100-

14  01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

15  deny a Rule 56(f) continuance when non-moving party failed to "identify by

16  affidavit specific facts that further discovery would reveal and explain why those

17  facts would preclude summary judgment" and rejecting general claim that counsel

18  did not have the evidence it needed to oppose the motion).

19        MGA made no effort to excuse its failure to present any evidence showing a

20  disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a

21  declaration or affidavit showing: (1) facts establishing that evidence controverting a

22  material fact exists, (2) specific reasons why such evidence cannot be presented, (3)

23  how MGA would obtain such evidence, and (4) how additional time will enable

24  MGA to collect said evidence. Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc.</u>

25  <u>Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases).  MGA neither presented

26  evidence to dispute this fact nor justified its failure to do so.  The fact, therefore,

27  must be deemed admitted.

28

| | |
|---|---|
| 92.    MGA does not identify in its initial disclosures any witnesses with knowledge regarding MGA's Nineteenth Affirmative Defense of "lack of authority."  MGA's Initial Disclosures, at pp. 1-16; Proctor Dec. Ex. 20. | None. |

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 91.

| | |
|---|---|
| 93.    MGA does not identify in its initial disclosures any documents supporting MGA's Nineteenth Affirmative Defense of "lack of authority." | MGA's Initial Disclosures, at pp. 16-19; Proctor Dec. Ex. 20. |

**MATTEL RESPONSE**

See Mattel's response to Factual Statement No. 91.

| | |
|---|---|
| 94.    MGA's Twentieth Affirmative Defense of "lack of standing" alleges that "Mattel's counterclaims are barred in whole or in part by its lack of standing." MGA's Amended Answer, at p. 25; Proctor Dec. Ex. 5. | None. |

**MATTEL RESPONSE**

To dispute this fact, MGA must "present significant probative evidence

07209/2291266.4

-52-

CONSOLIDATED SEPARATE STATEMENT

1 | tending to support is claim or defense." <u>Richards v. Neilsen Freight Lines</u>, 810 F.2d

2 | 898, 902 (9th Cir. 1987).  MGA presented no "pleadings, depositions, answers to

3 | interrogatories and admissions on file, together with affidavits. <u>Fed. R. Civ. P.</u>,

4 | 56(c); <u>see Local Rule</u> 56-3 ([T]he Court will assume that the material facts as

5 | claimed and adequately supported by the moving papers are admitted to exist

6 | without controversy, except to the extent that such material facts are (a) included in

7 | the "Statement of Genuine Issues" and (b) controverted by declaration or other

8 | written evidence filed in opposition to the motion.   The fact, therefore, must be

9 | accepted as true. <u>Tatum v. City and County of San Francisco</u>, 441 F.3d 1090, 1100-

10 | 01 (9th Cir. 2006) (affirming trial courts decision to grant summary judgment and

11 | deny a Rule 56(f) continuance when non-moving party failed to "identify by

12 | affidavit specific facts that further discovery would reveal and explain why those

13 | facts would preclude summary judgment" and rejecting general claim that counsel

14 | did not have the evidence it needed to oppose the motion).

15 |      MGA made no effort to excuse its failure to present any evidence showing a

16 | disputed issue of fact.  To obtain relief under Rule 56(f), MGA must submit a

17 | declaration or affidavit showing: (1) facts establishing that evidence controverting a

18 | material fact exists, (2) specific reasons why such evidence cannot be presented, (3)

19 | how MGA would obtain such evidence, and (4) how additional time will enable

20 | MGA to collect said evidence. Hon. William W. Schwarzer et al., <u>Fed. Civ. Proc.</u>

21 | <u>Before Trial</u> ¶ 14:144 (2007) (citing <u>Rule</u> 56(f) and cases).  MGA neither presented

22 | evidence to dispute this fact nor justified its failure to do so.  The fact, therefore,

23 | must be deemed admitted.

24 |

25 | 95.    MGA does not identify in its       None.

26 | initial disclosures any witnesses with

27 | knowledge regarding MGA's Twentieth

28 | Affirmative Defense of "lack of

1  standing."  MGA's Initial Disclosures, at

2  pp. 1-16; Proctor Dec. Ex. 20.

3

4  **MATTEL RESPONSE**

5  See Mattel's response to Factual Statement No. 94.

6

7  96.    MGA does not identify in its          None.

8  initial disclosures any documents

9  regarding MGA's Twentieth Affirmative

10  Defense of "lack of standing."  MGA's

11  Initial Disclosures, at pp. 16-19; Proctor

12  Dec. Ex. 20.

13

14  **MATTEL RESPONSE**

15  See Mattel's response to Factual Statement No. 94.

16

17  DATED:  November 12, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

18

19                                  By _____

20                                     Jon D. Corey
                                       Attorneys for Mattel, Inc.

21

22

23

24

25

26

27

28