QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF MOTION OF MATTEL, INC.<br><br>(1) TO STRIKE AFFIRMATIVE DEFENSES (NOS. 2, 8, 9, 10, 13, 14, 16, 18, 19 AND 20) OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. UNDER FED. R. CIV. P. 12(F), OR IN THE ALTERNATIVE,<br><br>(2) FOR PARTIAL SUMMARY JUDGMENT;<br><br>Date: November 19, 2007<br>Time: 10:00 a.m.<br>Place: Courtroom 1<br><br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2248861.1

SUPPLEMENTAL DECLARATION OF JON COREY

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of the "so ordered" Stipulation Permitting MGA to Intervene as a Party to This Action, dated December 7, 2004, and the attached MGA Entertainment, Inc.'s Answer In Intervention to Plaintiff's Unverified Complaint.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 12, 2007, at Los Angeles County, California.

_____
Jon D. Corey

Exhibit 1

```
 1  M. RANDALL OPPENHEIMER (S.B. #77649)
    DIANA M. TORRES (S.B. #162284)
 2  O'MELVENY & MYERS LLP
    400 South Hope Street
 3  Los Angeles, California 90071-2899
    Telephone: (213) 430-6000
 4  Facsimile: (213) 430-6407
 5
    Attorneys for Applicant-Intervenor
 6  MGA ENTERTAINMENT, INC.
 7
 8              UNITED STATES DISTRICT COURT
 9              CENTRAL DISTRICT OF CALIFORNIA
10
11  MATTEL, INC., a Delaware        Case No. CV 04-9059 NM (RNBx)
    Corporation,
12                                  STIPULATION PERMITTING MGA
                 Plaintiff,         TO INTERVENE AS A PARTY TO
13                                  THIS ACTION +ORDER
          v.
14                                  Hon. Nora Manella
    CARTER BRYANT, an individual;
15  and DOES 1 through 10, inclusive,
16               Defendant.
```

RECEIVED DEC 10 2004
SEND

FILED CLERK, U.S. DISTRICT COURT
DEC - 7 2004
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DOCKETED ON CM
DEC - 8 2004
006
BY

STIPULATION PERMITTING MGA TO
INTERVENE AS A PARTY

EXHIBIT 1 PAGE 2

1    WHEREAS, on April 27, 2004, Plaintiff Mattel, Inc. ("Mattel") filed suit
2    against Carter Bryant ("Bryant") and ten unnamed "Does" alleging breach of
3    contract, breach of the duty of loyalty, breach of fiduciary duty, conversion and
4    unjust enrichment.
5    WHEREAS, MGA, believes, at this time, that it has a significantly
6    protectable interest relating to the subject matter of the action, that the disposition
7    of the action may impair or impede MGA's ability to protect its interest absent
8    intervention, and that MGA's interest is not adequately represented by the existing
9    parties.
10   WHEREAS, Mattel is agreeable to the filing of the Answer in Intervention as
11   a procedural matter pursuant to this Stipulation, without waiver of, or prejudice to,
12   its rights, defenses or positions in this or any other action or to the Answer in
13   Intervention, including without limitation to Mattel's jurisdictional objections;
14   WHEREAS, Bryant is agreeable to the filing of the Answer in Intervention as
15   a procedural matter pursuant to this Stipulation, without waiver of, or prejudice to,
16   his rights, defenses or positions in this or any other action;
17   NOW THEREFORE, MGA, Mattel and Bryant hereby stipulate, subject to
18   this Court's approval, as follows:
19   1.   MGA may intervene as a party to this action; and
20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28   //

2. MGA shall be permitted to file its Answer in Intervention, lodged concurrently with this Stipulation.

Dated: December 3, 2004        O'MELVENY & MYERS LLP

By: _____
Diana M. Torres
Attorneys for Applicant-Intervenor
MGA ENTERTAINMENT, INC.

Dated: December ___, 2004      QUINN EMANUEL URQUHART
                               OLIVER & HEDGES LLP

By: _____
Michael T. Zeller
Attorneys for Plaintiff
MATTEL, INC.

Dated: December ___, 2004      LITTLER MENDELSON, P.C.

By: _____
Keith A. Jacoby
Attorneys for Defendant
CARTER BRYANT

IT IS SO ORDERED.

Dated: December ___, 2004

_____
Hon. Nora M. Manella
United States District Judge

-2-

EXHIBIT 1 PAGE 4

2. MGA shall be permitted to file its Answer in Intervention, lodged concurrently with this Stipulation.

Dated: December___, 2004     O'MELVENY & MYERS LLP

By:_____
   Diana M. Torres
   Attorneys for Applicant-Intervenor
   MGA ENTERTAINMENT, INC.

Dated: December___, 2004     QUINN EMANUEL URQUHART
                             OLIVER & HEDGES LLP

By: /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Plaintiff
   MATTEL, INC.

Dated: December___, 2004     LITTLER MENDELSON, P.C.

By:_____
   Keith A. Jacoby
   Attorneys for Defendant
   CARTER BRYANT

IT IS SO ORDERED.

Dated: December___, 2004

_____
Hon. Nora M. Manella
United States District Judge

-2-

EXHIBIT 1 · PAGE 5

2. MGA shall be permitted to file its Answer in Intervention, lodged concurrently with this Stipulation.

Dated: December___, 2004   O'MELVENY & MYERS LLP

By:_____
Diana M. Torres
Attorneys for Applicant-Intervenor
MGA ENTERTAINMENT, INC.

Dated: December___, 2004   QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

By:_____
Michael T. Zeller
Attorneys for Plaintiff
MATTEL, INC.

Dated: December 3, 2004   LITTLER MENDELSON, P.C.

By:_____
Keith A. Jacoby
Attorneys for Defendant
CARTER BRYANT

IT IS SO ORDERED.

Dated: December 7th, 2004

_____
Hon. Nora M. Manella
United States District Judge

-2-

EXHIBIT 1 PAGE 6

M. RANDALL OPPENHEIMER (S.B. #77649)
DIANA M. TORRES (S.B. #162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Applicant-Intervenor
MGA ENTERTAINMENT, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. CV 04-9059 NM (RNBx)<br><br>**MGA ENTERTAINMENT, INC.'S ANSWER IN INTERVENTION TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Hon. Nora Manella |

LA2:730044

ANSWER IN INTERVENTION TO
PLAINTIFF'S UNVERIFIED COMPLAINT

#247

EXHIBIT 1 PAGE 7

As it has now become abundantly clear that its rights are directly at stake in this action, MGA Entertainment, Inc. ("MGA") intervenes in this case as a defendant. Plaintiff Mattel, Inc. ("Mattel") filed suit against Carter Bryant ("Bryant"), a design consultant for MGA, asserting, among other claims, that he "wrongfully converted Mattel property" for his own benefit and "the benefit and gain of others" and seeking both monetary and injunctive relief. It is now evident that Mattel's claims are based on Mattel's misguided theory that Bryant allegedly converted intellectual property from Mattel and used it as the underlying work for his own and MGA's benefit. MGA reaches this conclusion in light of at least the following:

(a) Mattel's recent registration for an unreleased project created in approximately 1999 that it now calls "Toon Teens," from which Mattel has asserted in the press Bryant "borrowed liberally" for his work on "Bratz," and which is also the subject of the declaratory relief action that Bryant has filed;

(b) the questioning of Bryant at his recent deposition focusing on the creation and development of "Bratz;"

(c) Mattel's recent efforts to subpoena third parties who worked on MGA's "Bratz" products and have no information concerning Bryant's employment relationship with Mattel; and

(d) Mattel's recent attempts to assist those who have infringed MGA's rights in other countries to prove (falsely) that MGA does not own the copyrights to its "Bratz" products.

Indeed, Mattel's purported conversion claim is nothing more than a copyright claim in disguise. It is preempted by federal copyright law, accordingly, and must be recast as a copyright claim under federal law. This copyright action necessarily implicates MGA's rights, as MGA owns all intellectual property rights in "Bratz." While MGA denies that Mattel is entitled to rights in any of MGA's intellectual

LA2:730044 - 1 - ANSWER IN INTERVENTION TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT 1 PAGE 8

property, including, without limitation, MGA's copyrights in the "Bratz" line of products, MGA must now intervene in this action to defend its intellectual property rights. Therefore Defendant in Intervention MGA, as answer to the Complaint herein, admits, denies, and alleges as follows:

1. Upon information and belief, MGA admits that Mattel is a corporation organized and existing under the laws of the State of Delaware and has a place of business in El Segundo, California. Except as so admitted, MGA is without sufficient information to admit the allegations of ¶ 1, and on that basis denies the same.

2. MGA admits that defendant Bryant is an individual currently residing in Springfield, Missouri.

3. MGA is without sufficient information concerning either Mattel's knowledge or the identities of the Doe Defendants, if any, to enable it to admit the allegations of ¶ 3, and on that basis denies the same.

4. MGA denies the allegations of ¶ 4.

5. MGA denies the allegations of ¶ 5.

6. MGA admits that Bryant does not currently reside in California and that Los Angeles County is a proper venue for this action. Except as so admitted, MGA denies the allegations of ¶ 6.

7. MGA is without information to admit the specific allegations of ¶ 7 and on that basis denies the same, but admits that reports from Mattel and other public sources make assertions similar to those alleged in ¶ 7.

8. MGA is without information to admit the specific allegations of ¶ 8 pertaining to Mattel's operations, and on that basis denies the same, but admits that Mattel has a large facility in El Segundo, California, in which Mattel employs a number of people.

9. MGA is without information to admit the specific allegations of ¶ 9 pertaining to Mattel's operations, and on that basis denies the same, but admits that

1 | Bryant was employed by Mattel during two time periods.

2 | 10. MGA is informed and on that basis admits that Bryant signed
3 | documents during his employment at Mattel. MGA alleges that Exhibit A speaks
4 | for itself as to its contents. MGA lacks information sufficient to enable it to
5 | identify or authenticate Exhibit A and on that basis denies each and every allegation
6 | in ¶ 10 purporting to describe the content of Exhibit A. MGA further alleges that
7 | the allegations in ¶ 10 purporting to describe the legal effect of Exhibit A consist of
8 | legal argument and conclusions to which no response is required.

9 | 11. MGA is informed and on that basis admits that Bryant signed
10 | documents during his employment at Mattel. MGA alleges that Exhibit B speaks
11 | for itself as to its contents. MGA lacks information sufficient to enable it to
12 | identify or authenticate Exhibit B and on that basis denies each and every allegation
13 | in ¶ 11 purporting to describe the content of Exhibit A. MGA further alleges that
14 | the allegations in ¶ 11 purporting to describe the legal effect of Exhibit B consist of
15 | legal argument and conclusions to which no response is required.

16 | 12. MGA admits that Bryant signed a contract with MGA on or about
17 | October 4, 2000 that provided that Bryant would receive royalties in connection
18 | with certain work to be performed by him thereafter under that agreement, and that
19 | MGA would own all intellectual property rights in property for which Bryant
20 | provided services, as well as in the work assigned thereunder by Bryant to MGA.
21 | Except as so admitted, MGA denies the allegations of ¶ 12.

22 | 13. MGA is without information sufficient to admit the allegations in ¶ 13
23 | and on that basis denies the same.

24 | 14. MGA denies the allegations of ¶ 14.

25 | 15. In answer to ¶ 15, MGA repeats its answers to the allegations in
26 | paragraphs 1 through 14, above.

27 | 16. MGA is informed and on that basis admits that Bryant signed
28 | documents during his employment at Mattel. MGA alleges that any purported

LA2:730044 - 3 - ANSWER IN INTERVENTION TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT _1_ PAGE _10_

1  "Mattel Employment Agreement" and "Conflict Questionnaire" speak for
2  themselves as to their contents. MGA lacks information sufficient to enable it to
3  identify or authenticate the purported "Mattel Employment Agreement" and
4  "Conflict Questionnaire" and on that basis denies each and every allegation in ¶ 16
5  purporting to describe the contents of such documents. MGA further alleges that
6  the allegations in ¶ 16 purporting to describe the legal effect of any purported
7  "Mattel Employment Agreement" or "Conflict Questionnaire" consist of legal
8  argument and conclusions to which no response is required.

9      17.    MGA alleges that any purported "Mattel Employment Agreement" and
10  "Conflict Questionnaire" speak for themselves as to their contents. MGA lacks
11  information sufficient to enable it to identify or authenticate the purported "Mattel
12  Employment Agreement" and "Conflict Questionnaire" and on that basis denies
13  each and every allegation in ¶ 16 purporting to describe the contents of such
14  documents. MGA further alleges that the allegations in ¶ 16 purporting to describe
15  the legal effect of any purported "Mattel Employment Agreement" or "Conflict
16  Questionnaire" consist of legal argument and conclusions to which no response is
17  required. MGA is without sufficient information concerning Mattel's performance,
18  if any, and on that basis denies all allegations regarding the same.

19      18.    MGA denies the allegations of ¶ 18.

20      19.    MGA denies the allegations of ¶ 19 and affirmatively asserts that the
21  relief sought by Mattel in this paragraph indicates that Mattel's first cause of action
22  implicates federal copyright laws. To the extent that Mattel herein purports to set
23  forth the allegations in support of its first cause of action to substantiate a federal
24  copyright claim, these allegations are also expressly denied.

25      20.    MGA denies the allegations of ¶ 20 except that MGA alleges that any
26  purported "Employment Agreement" speaks for itself as to its contents. MGA
27  lacks information sufficient to enable it to identify or authenticate the purported
28  "Employment Agreement" and on that basis denies each and every allegation in ¶

LA2:730044      - 4 -      ANSWER IN INTERVENTION TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT 1 PAGE 11

20 purporting to describe the contents of such document. MGA further alleges that the allegations in ¶ 20 purporting to describe the legal effect of any purported "Employment Agreement" consist of legal argument and conclusions to which no response is required.

21. In answer to ¶ 21, MGA repeats its answers to the allegations in paragraphs 1 through 20, above.

22. MGA is without information sufficient to admit the allegations of ¶ 22, and on that basis denies same except that MGA alleges that any purported "Employee Agreement" speaks for itself as to its contents. MGA lacks information sufficient to enable it to identify or authenticate the purported "Employee Agreement" and on that basis denies each and every allegation in ¶ 22 purporting to describe the contents of such document. MGA further alleges that the allegations in ¶ 22 purporting to describe the legal effect of any purported "Employee Agreement" consist of legal argument and conclusions to which no response is required.

23. MGA denies the allegations of ¶ 23 and affirmatively asserts that the relief sought by Mattel in this paragraph indicates that Mattel's first cause of action implicates federal copyright laws. To the extent that Mattel herein purports to set forth the allegations in support of its first cause of action to substantiate a federal copyright claim, these allegations are also expressly denied.

24. MGA denies the allegations of ¶ 24.

25. MGA denies the allegations of ¶ 25.

26. MGA denies the allegations of ¶ 26.

27. MGA denies the allegations of ¶ 27.

28. In answer to ¶ 28, MGA repeats its answers to the allegations in paragraphs 1 through 27, above.

29. MGA denies the allegations of ¶ 29.

30. MGA denies the allegations of ¶ 30 and affirmatively asserts that the

|    |    |
|----|----|
| 1  | relief sought by Mattel in this paragraph indicates that Mattel's first cause of action |
| 2  | implicates federal copyright laws. To the extent that Mattel herein purports to set |
| 3  | forth the allegations in support of its first cause of action to substantiate a federal |
| 4  | copyright claim, these allegations are also expressly denied. |
| 5  |     31.    MGA denies the allegations of ¶ 31. |
| 6  |     32.    MGA denies the allegations of ¶ 32. |
| 7  |     33.    MGA denies the allegations of ¶ 33. |
| 8  |     34.    MGA denies the allegations of ¶ 34. |
| 9  |     35.    In answer to ¶ 35, MGA repeats its answers to the allegations in |
| 10 | paragraphs 1 through 34, above. |
| 11 |     36.    MGA denies the allegations of ¶ 36 and affirmatively asserts that the |
| 12 | allegations in this paragraph indicate that Mattel's fourth cause of action implicates |
| 13 | federal copyright laws. To the extent that Mattel herein purports to set forth the |
| 14 | allegations in support of its fourth cause of action to substantiate a federal copyright |
| 15 | claim, these allegations are also expressly denied.. |
| 16 |     37.    MGA denies the allegations of ¶ 37. |
| 17 |     38.    MGA denies the allegations of ¶ 38. |
| 18 |     39.    MGA denies the allegations of ¶ 39. |
| 19 |     40.    In answer to ¶ 40, MGA repeats its answers to the allegations in |
| 20 | paragraphs 1 through 39, above. |
| 21 |     41.    MGA denies the allegations of ¶ 41 and affirmatively asserts that the |
| 22 | allegations in this paragraph assert legal or equitable rights that are equivalent to |
| 23 | exclusive rights within the general scope of copyright protection and are, therefore, |
| 24 | expressly preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* and must be |
| 25 | recast as a federal question under copyright law. To the extent that Mattel herein |
| 26 | purports to set forth the allegations in support of its fifth cause of action to support |
| 27 | a federal copyright claim, these allegations are also expressly denied. |
| 28 |     42.    MGA denies the allegations of ¶ 42 and affirmatively asserts that the |

LA2:730044      - 6 -      ANSWER IN INTERVENTION TO PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT _1_ PAGE _13_

allegations in this paragraph assert legal or equitable rights that are equivalent to exclusive rights within the general scope of copyright protection, which are expressly preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* and must be recast as a federal question under copyright law. To the extent that Mattel herein purports to set forth the allegations in support of its fifth cause of action to substantiate a federal copyright claim, these allegations are also expressly denied.

43. MGA denies the allegations of ¶ 43 and affirmatively asserts that the allegations in this paragraph assert legal or equitable rights that are equivalent to exclusive rights within the general scope of copyright protection, which are expressly preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.* and must be recast as a federal question under copyright law. To the extent that Mattel herein purports to set forth the allegations in support of its fifth cause of action to substantiate a federal copyright claim, these allegations are also expressly denied.

44. MGA denies the allegations of ¶ 44.

45. MGA denies the allegations of ¶ 45.

## AFFIRMATIVE DEFENSES

MGA asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint and each purported claim for relief therein is preempted by the Federal Copyright Act.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint and each purported claim for relief therein fail to state facts sufficient to constitute a claim for relief.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint and each purported claim for relief therein are barred by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint and each purported claim for relief therein are barred by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's Complaint and each purported claim for relief therein are barred by the equitable doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's Complaint and each purported claim for relief therein are barred by the equitable doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's Complaint and each purported claim for relief therein are barred by the equitable doctrine of consent.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's Complaint and each purported claim for relief therein, or some of them, are barred by the applicable statutes of limitations, including California Code of Civil Procedure sections 337, 339, 343 and 338(c).

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's Complaint and each purported claim for relief therein, or some of them, are barred because no Defendant owed a legal duty to Plaintiff or, if any legal duty arose, it was not breached by any Defendant.

### TENTH AFFIRMATIVE DEFENSE

10. Without admitting, and specifically denying, that any Defendant owed any duty to Plaintiff, any duty or obligation, contractual or otherwise, which Plaintiff claims was owed by any Defendant has been fully performed, satisfied and/or discharged.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's Complaint and each purported claim for relief therein are barred because each Defendant has complied fully with his and/or its obligations, if

any, under all applicable laws.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's Complaint and each purported claim for relief therein are barred because Plaintiff has failed to exercise reasonable diligence in properly mitigating its damages, if any in fact were suffered.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint and each purported claim for relief therein are barred because the alleged losses or harms sustained by Plaintiff, if any, resulted from causes other than any act or omission by any Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's Complaint and each purported claim for relief therein, or some of them, are barred because to the extent Plaintiff has suffered any harm, and Defendant in Intervention denies that Plaintiff has suffered any harm, it is due to Plaintiff's own acts and omissions.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's Complaint and each purported claim for relief therein, or some of them, are barred because any alleged contract between Plaintiff and Defendant Bryant fails for lack of consideration, is vague and uncertain, and therefore is void, voidable and/or unenforceable.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff's Complaint and each purported claim for relief therein, or some of them, are barred because any breaches of an alleged contract or duty, which Defendant in Intervention denies, are excused by Plaintiff's acts or omissions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. To the extent Plaintiff's Complaint and any purported claim for relief therein, or some of them, seek the remedy of injunctive relief, that remedy is barred because Plaintiff's remedies at law are adequate and any alleged harms, and

Defendant in Intervention denies that there are harms, are not irreparable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's Complaint and each purported claim for relief therein cannot be maintained because any duties or obligations, contractual or otherwise, which Plaintiff claims are owed by Defendant Bryant, are contrary to applicable law.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff is barred from recovering punitive and/or exemplary damages from Defendant or Defendant in Intervention ("Defendants") because an award of such damages would violate the United States and/or California Constitutions, and applicable case law.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Defendant in Intervention does not presently know all facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant in Intervention will seek leave of Court to amend this Answer in Intervention should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendant in Intervention prays for judgment as follows:

1. Plaintiff's Complaint shall be dismissed in its entirety with prejudice;
2. Plaintiff shall take nothing by its action against Defendant;
3. Defendant in Intervention shall be awarded its costs of suit and attorneys' fees incurred in this matter (to the extent permitted by applicable law); and
4. Defendant in Intervention shall be awarded such other further relief as may be deemed just and proper.

EXHIBIT 1 PAGE 17

1  Dated: December 3, 2004

O'MELVENY & MYERS LLP

By: /s/ Diana M. Torres
Diana M. Torres
Attorneys for Defendant-in-Intervention
MGA ENTERTAINMENT, INC.

LA2:730044

- 11 -

ANSWER IN INTERVENTION TO
PLAINTIFF'S UNVERIFIED COMPLAINT

EXHIBIT 1 PAGE 18