1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727 |
| vs. | [PROPOSED] ORDER GRANTING MATTEL, INC.'S MOTION: |
| MATTEL, INC., a Delaware corporation, | (1)  TO STRIKE AFFIRMATIVE DEFENSE NOS. 2, 8, 9, 10, 11, 13, 14, 16, 18, 19 AND 20 OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V., OR IN THE ALTERNATIVE, |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | (2)  FOR PARTIAL SUMMARY JUDGMENT |

# [PROPOSED] ORDER

Before the Court is Mattel, Inc.'s Motion to Strike Affirmative Defense Nos. 2, 8, 9, 10, 11, 13, 14, 16, 18, 19 and 20 of MGA Entertainment, Inc., MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V. under Fed. R. Civ. P. 12(f), or in the alternative, for partial Summary Judgment. Having considered the Motion, and all argument and papers in connection with the Motion and on file in this action, the Court GRANTS Mattel's Motion in its entirety and ORDERS as follows:

Affirmative Defense No. 2 (unclean hands/*in pari delicto*) is stricken from the Amended Answer of MGA Entertainment, Inc., MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V (the "MGA Defendants"). Even taken as true, the factual allegations pleaded in support of the MGA Defendants' second affirmative defense are not sufficient as a matter of law. The allegations are not directly related to the transactions concerning which Mattel's counterclaims are made. See Dollar Systems, Inc. v. Avcar Leasing Systems, Inc., 890 F.2d 165, 173 (9th Cir. 1989); Kendall-Jackson Winery, Ltd. v. Superior Court, 76 Cal. App. 4th 970, 979 (1999). Moreover, unclean hands is not a recognized defense to Mattel's RICO claims, or to Mattel's copyright claims under the circumstances of this case. See In re Nat'l Morgage Equity Corp. Mortgage Pool Certificates Sec. Litig., 636 F. Supp. 1138, 1156 (C.D. Cal. 1986); Bieter Co. v. Blomquist, 848 F. Supp. 1446, 1448-50 (D. Minn. 1994); Los Angeles News Service v. Tullo, 973 F.2d 791, 799 (9th Cir. 1992); Survivor Prod. LLC, 2001 WL 35829270, at *3 (quoting 3 M. Nimmer, Nimmer on Copyright, § 13.09[B] at 13-145 (1988)); In re Napster, Inc. Copyright Litig., 191 F. Supp. 2d 1087, 1102-05 (N.D. Cal. 2002).

IT IS FURTHER ORDERED that the following allegations in support of the MGA Defendants' second affirmative defense are stricken from the Amended Answer of the MGA Defendants: "Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees;" "efforts to fund or

commission market research or studies that portray Bratz or MGA products negatively;" and "Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website." These allegations are insufficient as a matter of law to support an unclean hands defense because the alleged conduct is protected by the First Amendment. See Unelko Corp. v. Rooney, 912 F.2d 1049, 1057-58 (9th Cir. 1990); California Scents v. Surco Products, Inc., 406 F.3d 1102, 1109 (9th Cir. 2005).

IT IS FURTHER ORDERED that the following allegation in support of the MGA Defendants' second affirmative defense is stricken from the Amended Answer of the MGA Defendants: "assisting parties in lawsuits against MGA." This allegation is insufficient as a matter of law to support an unclean hands defense because the alleged conduct is protected by California's litigation privilege. See Cal. Civ. Code § 47(b); ITT Telecom Products Corp. v. Dooley, 214 Cal. App. 3d 307, 313-14 (1989).

IT IS FURTHER ORDERED that the following allegation in support of the MGA Defendants' second affirmative defense is stricken from the Amended Answer of the MGA Defendants: "Mattel's covertly investigating MGA, its officers and employees, and their family members." This allegation is insufficient as a matter of law to support an unclean hands defense because a party has a duty to investigate allegations of wrongdoing under Rule 11 prior to asserting claims and such action therefore is not inequitable conduct. See Fladeboe v. American Isuzu Motors, Inc., 150 Cal. App. 4th 42, 56 (2007); Rhinehart v. Stauffer, 638 F.2d 1169, 1171 (9th Cir. 1979).

IT IS FURTHER ORDERED that the following allegations in support of the MGA Defendants' second affirmative defense are stricken from the Amended Answer of the MGA Defendants: "Mattel's contacting persons under false pretense in order to interrogate them about Bratz and this litigation;" "Mattel's falsely inflating its Barbie sales figures in an effort to mislead the public and retailers;" "Mattel's coercing its employees to accept restrictive covenants (right before massive layoff) and non-compete clauses and other efforts to prevent prospective MGA employees from

1  accepting offers of employment;" "Mattel's efforts to interfere with MGA's acquisition
2  of or investment in Zapf Creation AG;" and "Mattel's efforts or intent to interfere with
3  business dealing or contractual relations between MGA and Smoby Group." These
4  allegations are insufficient as a matter of law to support an unclean hands defense
5  because the alleged conduct applies to conduct between Mattel and non-parties to this
6  litigation. See Mesnick v. Caton, 183 Cal. App. 3d 1248, 1263 (1986).

7  IT IS FURTHER ORDERED that Affirmative Defense No. 9 (estoppel) is
8  stricken from the Amended Answer of the MGA Defendants. Even taken as true, the
9  allegations pleaded in support of the MGA Defendants' Ninth Affirmative Defense are
10 not sufficient as a matter of law to support an estoppel defense. The MGA Defendants
11 fail to allege the necessary elements of an estoppel defense. See F.T.C. v. Medicor
12 LLC, 2001 WL 765628, at *4 (C.D. Cal. 2001); Ross v. CCS Intern. Ltd., 2000 WL
13 1804103, at *4 (S.D.N.Y. 2000).

14 IT IS FURTHER ORDERED that Affirmative Defense No. 10 (acquiescence) is
15 stricken from the Amended Answer of the MGA Defendants. Even taken as true, the
16 factual allegations pled in support of the MGA Defendants' Tenth Affirmative Defense
17 are not sufficient as a matter of law to support an acquiescence defense. The MGA
18 Defendants fail to allege the necessary elements of an acquiescence defense. See
19 F.T.C. v. Medicor LLC, 2001 WL 765628, at *3 (C.D. Cal. 2001); Ross v. CCS Intern.
20 Ltd., 2000 WL 1804103, at *4 (S.D.N.Y. 2000).

21 IT IS FURTHER ORDERED that Affirmative Defense No. 13 (waiver) is
22 stricken from the Amended Answer of the MGA Defendants. Even taken as true, the
23 factual allegations pled in support of the MGA Defendants' Thirteenth Affirmative
24 Defense are not sufficient as a matter of law to support a waiver defense. The MGA
25 Defendants fail to allege the necessary elements of a waiver defense. See F.T.C. v.
26 Medicor LLC, 2001 WL 765628, at *3 (C.D. Cal. 2001); Ross v. CCS Intern. Ltd.,
27 2000 WL 1804103, at *4 (S.D.N.Y. 2000).
28

IT IS FURTHER ORDERED that Affirmative Defense Nos. 8, 11, 14, 16, 18, 19 and 20 are stricken from the Amended Answer of the MGA Defendants. Each of these affirmative defenses consist of a single conclusory sentence and do not provide Mattel with fair notice of the basis for the defense. See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979); Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

Alternatively, the Court finds that the MGA Defendants have failed to present any evidence to create a genuine issue of material fact and has failed to submit a Statement of Genuine Issues. Accordingly, the facts proffered by Mattel are accepted as admitted. Accordingly, Mattel's motion for partial summary judgment IS GRANTED as to Affirmative Defense Nos. 2, 8, 9, 10, 11, 13, 14, 16, 18, 19 and 20 of the Amended Answer of the MGA Defendants. See Fed. R. Civ. P. § 56(c); U.S. v. Bailey, 444 U.S. 394, 412 n.9 (1980).

IT IS SO ORDERED.

DATED: _____, 2007

                                                Hon. Stephen G. Larson
                                                United States District Judge