THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600
E-mail:      tnolan@skadden.com

KENNETH A. PLEVAN
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Telephone:   (212) 735-3000
Facsimile:    (212) 735-2000
E-mail:      kplevan@skadden.com
(application for admission *pro hac vice* pending)

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC.,
ISAAC LARIAN, MGA ENTERTAINMENT (HK)
LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

Counter-defendant Isaac Larian hereby answers, for himself alone, the Second Amended Counterclaim of Counter-claimant Mattel Inc., as follows:

As a preliminary matter, Mattel's use of headings throughout its counterclaims is improper, and therefore no response to Mattel's headings is required. If any response is required, Larian denies all allegations contained in Mattel's headings.

### RESPONSES

1.      Larian denies the allegations set forth in paragraph 1.

2.      Larian denies the allegations set forth in paragraph 2.

3.      Larian admits that MGA decided to expand into Mexico in or about 2004, and denies the remaining allegations set forth in paragraph 3.

4.      Larian denies the allegations set forth in paragraph 4.

5.      Larian denies the allegations set forth in paragraph 5.

6.      Larian admits that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, denies that 17 U.S.C. §§ 101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims, and denies that Mattel is entitled to any relief on its Counterclaims.

7.      Larian admits that venue is proper in this District for Mattel's claims based on conduct alleged to have occurred within this District and denies that venue is proper in this District for acts alleged to have occurred in Mexico, Canada, Hong Kong, or other places outside of this District.

8.      Larian admits the allegations set forth in paragraph 8.

9.      Larian admits the allegations set forth in the first and second sentences of paragraph 9, and denies the remaining allegations set forth in paragraph 9.

10.     Larian admits the allegations set forth in paragraph 10.

11.     Larian admits the allegations set forth in the first sentence of paragraph 11, and denies the remaining allegations set forth in paragraph 11.

1

12.     Larian admits the allegations set forth in paragraph 12.

13.     Larian admits the allegations set forth in the first sentence of paragraph 13. Larian denies the remaining allegations set forth in paragraph 13.

14.     Larian admits the allegations set forth in paragraph 14.

15.     Paragraph 15 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, Larian denies the allegations set forth in paragraph 15.

16.     Larian admits the allegations set forth in the first sentence of paragraph 16. Larian is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 16, and on that basis, denies the remaining allegations set forth in paragraph 16.

17.     Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 17, and on that basis, denies the allegations set forth in paragraph 17.

18.     Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 18, and on that basis, denies the allegations set forth in paragraph 18.

19.     Larian admits that MGA is a toy manufacturer, that MGA began as a consumer electronics business and expanded into the toy business with licenses to sell handheld electronic games, and later expanded its business by launching the Bratz fashion doll line, and denies the remaining allegations set forth in paragraph 19.

20.     Larian denies the allegations set forth in paragraph 20.

21.     Larian admits that Carter Bryant is a former employee of Mattel, and states he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 21, and on that basis, denies the remaining allegations set forth in paragraph 21.

22.     Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 22, and on that basis, denies the allegations set forth in paragraph 22.

23.     Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 23, and on that basis, denies the allegations set forth in paragraph 23.

24.     Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 24, and on that basis, denies the allegations set forth in paragraph 24.

25.     Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 25, and on that basis, denies the allegations set forth in paragraph 25.

26.     Larian denies the allegations set forth in paragraph 26.

27.     Larian denies the allegations set forth in paragraph 27.

28.     Larian denies the allegations set forth in paragraph 28.

29.     Larian denies the allegations set forth in paragraph 29.

30.     Larian admits that after MGA made the decision to proceed with the manufacture of the Bratz dolls, MGA employees communicated with employees of MGA Entertainment (HK) Limited on subjects including the manufacturing of Bratz, and denies the remaining allegations set forth in the first sentence of paragraph 30.  Larian admits the second sentence of paragraph 30.

31.     Larian admits that samples of the four original Bratz dolls were shown at the Hong Kong Toy Fair in January 2001, and denies the remaining allegations set forth in paragraph 31.

32.     Larian admits that MGA and its subsidiaries have distributed and sold Bratz and Bratz-related products in many countries throughout the world, that MGA and its subsidiaries have licensed Bratz to third parties, that MGA has derived

1 annual revenues from its sales and licenses of Bratz in excess of $500 million, that
2 MGA and its subsidiaries continue to market, sell and license Bratz and intend to
3 continue to do so, and denies the remaining allegations set forth in paragraph 32.

4     33.   Larian denies the allegations set forth in paragraph 33.

5     34.   Larian denies the allegations set forth in paragraph 34.

6     35.   Larian denies the allegations set forth in paragraph 35.

7     36.   Larian admits that Bryant had an agreement with MGA, states
8 that the terms of the agreement speak for themselves, and denies the remaining
9 allegations set forth in paragraph 36.

10     37.   Larian admits that in or about late 2003 or early 2004, MGA
11 decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to conduct
12 business in Mexico, admits that MGAE de Mexico hired three employees of Mattel's
13 Mexican subsidiary, and denies the remaining allegations set forth in paragraph 37.

14     38.   Larian admits that Carlos Gustavo Machado Gomez was a
15 Marketing Manager, Boys Division, for Mattel Mexico, admits that Machado was
16 employed at Mattel Mexico from April 1997 until April 19, 2004, admits that
17 Machado had access to some nonpublic business information of Mattel Mexico, and
18 states that he is without sufficient knowledge to admit or deny the remaining
19 allegations set forth in paragraph 38, and on that basis, denies the remaining
20 allegations set forth in paragraph 38.

21     39.   Larian admits that Mariana Trueba Almada was a Marketing
22 Manager, Girls Division, for Mattel Mexico, admits that Trueba had access to some
23 nonpublic business information of Mattel Mexico, and states that he is without
24 sufficient knowledge to admit or deny the remaining allegations set forth in
25 paragraph 39, and on that basis, denies the remaining allegations set forth in
26 paragraph 39.

27

28

40.     Larian admits that Pablo Vargas San Jose was a Trade Marketing Manager for Mattel Mexico, admits that Vargas was employed at Mattel Mexico from March 2001 until April 19, 2004, admits that Vargas had access to some nonpublic business information of Mattel Mexico, and states that he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 40, and on that basis, denies the remaining allegations set forth in paragraph 40.

41.     Larian admits that in or about early 2004, Machado, Trueba and Vargas discussed leaving Mattel Mexico, admits that Machado, Trueba and Vargas resigned from Mattel Mexico on April 19, 2004, admits that they did not identify their new employer to Mattel Mexico, admits that Machado, Trueba and Vargas were offered and accepted employment with MGAE de Mexico, and denies the remaining allegations set forth in paragraph 41.

42.     Larian admits that MGA personnel communicated by telephone with Machado and Vargas prior to their Mattel resignations, admits that MGA personnel, including Larian, communicated by e-mail with Machado and Vargas concerning terms of employment through an America Online e-mail account with the address <plot04@aol.com>, and denies the remaining allegations set forth in paragraph 42.

43.     Larian admits that in or about March 2004, Machado, Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April 2004, admits that in or about March 2004, Machado, Trueba and Vargas discussed with MGA personnel, including Larian, employment at MGAE de Mexico, states that the quoted <plot04@aol.com> e-mails speak for themselves, and denies the remaining allegations set forth in paragraph 43.

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC 'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

44.    Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 44, and on that basis, denies the allegations set forth in paragraph 44.

45.    Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 45, and on that basis, denies the allegations set forth in paragraph 45.

46.    Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 46, and on that basis, denies the allegations set forth in paragraph 46.

47.    Larian is without sufficient knowledge to admit or deny the allegation set forth in the third sentence of paragraph 47, and on that basis, denies these allegations, and denies the remaining allegations set forth in paragraph 47.

48.    Larian denies the allegations set forth in paragraph 48.

49.    Larian denies the allegations set forth in paragraph 49.

50.    Larian is without sufficient knowledge to admit or deny the allegation that MGA publicized a claim that, in 2005, it had increased its Mexican market share by 90% over the prior year, and on that basis, denies this allegation, and denies the remaining allegations set forth in paragraph 50.

51.    Larian denies the allegations set forth in paragraph 51.

52.    Larian denies the allegations set forth in paragraph 52.

53.    Larian admits that on October 27, 2005, Mexican authorities searched MGAE de Mexico and seized certain documents, and states that he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 53, and on that basis, denies the remaining allegations set forth in paragraph 53.

54.    Larian admits that Machado was transferred from MGAE de Mexico to MGA's office in Van Nuys, California, admits that Machado resides in

6

1  the County of Los Angeles, and denies the remaining allegations set forth in
2  paragraph 54.

3        55.    Larian admits the allegations set forth in the first sentence of
4  paragraph 55. Larian admits that Tyco Toys hired Brawer on April 22, 1996, and
5  states that he is without sufficient knowledge to admit or deny the remaining
6  allegations set forth in the second sentence of paragraph 55, and on that basis, denies
7  the remaining allegations set forth in the second sentence of paragraph 55. Larian
8  admits the allegations set forth in third sentence of paragraph 55. Larian admits that
9  on April 9, 1997, Brawer became a Marketing Director for Mattel in Mount Laurel,
10 New Jersey, and states that the remaining allegations in the fourth sentence of
11 paragraph 55 are a statement of Mattel's legal position, to which no response is
12 necessary. To the extent a response is required, Larian denies the remaining
13 allegations set forth in paragraph 55.

14       56.    Larian is without sufficient knowledge to admit or deny the
15 allegations set forth in paragraph 56, and on that basis, denies the allegations set
16 forth in paragraph 56. The last sentence of paragraph 56 is a statement of Mattel's
17 legal position, to which no response is necessary. To the extent a response is
18 required, Larian denies the remaining allegations set forth in paragraph 56.

19       57.    Larian admits that by 2003, Brawer had advanced within Mattel
20 to a Senior Vice President position over customer marketing, and states that the
21 remaining allegations in the first sentence of paragraph 57 are a statement of Mattel's
22 legal position, to which no response is necessary. To the extent a response is
23 required, Larian denies the remaining allegations set forth in the first sentence of
24 paragraph 57. Larian admits that in his executive position, Brawer was provided
25 access to certain nonpublic Mattel information.

26       58.    Larian admits the allegations set forth in the first sentence of
27 paragraph 58. Larian denies the allegations set forth in the second sentence of

28

paragraph 58. Larian is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 58, and on that basis, denies the remaining allegations set forth in paragraph 58.

59. Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 59, and on that basis, denies the allegations set forth in paragraph 59.

60. Larian admits that in April 2004, Mattel made Brawer a Senior Vice President/General Manager, and states that he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 60, and on that basis, denies the remaining allegations set forth in paragraph 60.

61. Larian admits that in May 2004, Brawer began performing General Manager duties, working with one of Mattel's major retail customer accounts, and states that he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 61, and on that basis, denies the remaining allegations set forth in paragraph 61.

62. Larian admits the allegations set forth in the first sentence of paragraph 62. Larian admits that as Brawer left, he carried a large cardboard box, and denies the remaining allegations set forth in the second sentence of paragraph 62. Larian states that he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 62, and on that basis, denies the remaining allegations set forth in paragraph 62.

63. Larian admits the allegations set forth in paragraph 63.

64. Larian admits that on September 20, 2004, Mattel hand-delivered a letter to Brawer, states that the contents of the letter speak for themselves, and denies the remaining allegations set forth in paragraph 64.

65. Larian admits that at his exit interview on September 29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed on April 22,

8

1  1996, and a copy of Mattel's Code of Conduct, admits that Brawer stated that he had
2  not signed the Code of Conduct, and denies the remaining allegations set forth in
3  paragraph 65.

4       66.    Larian admits that on October 1, 2004, Brawer's last day of
5  employment with Mattel, Mattel delivered a letter to Brawer, states that the contents
6  of the letter speak for themselves, and denies the remaining allegations set forth in
7  paragraph 66.

8       67.    Larian admits that Brawer became its Executive Vice President of
9  Sales and Marketing, admits that Brawer was responsible for sales worldwide,
10  admits that Brawer had and continues to have responsibility for MGA's accounts
11  with some of the same retailers that Brawer worked with while at Mattel, and denies
12  the remaining allegations set forth in paragraph 67.

13      68.    Larian admits that Brawer stated during his exit interview that he
14  had returned all confidential proprietary information to Mattel, states that he did not
15  provide copies of information from his personal contacts file, and denies the
16  remaining allegations set forth in paragraph 68.

17      69.    Larian admits that since leaving Mattel, Brawer has had contacts
18  with certain Mattel employees, both by telephone and electronic mail, and denies the
19  remaining allegations set forth in paragraph 69.

20      70.    Larian denies the allegations set forth in paragraph 70.

21      71.    Larian is without sufficient knowledge to admit or deny the
22  allegations set forth in paragraph 71, and on that basis, denies the allegations set
23  forth in paragraph 71.

24      72.    Larian is without sufficient knowledge to admit or deny the
25  allegations set forth in paragraph 72, and on that basis, denies the allegations set
26  forth in paragraph 72.

27

28

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
ANSWER AND COUNTERCLAIMS

73.    Larian admits that on September 26, 2005, Brisbois resigned from Mattel Canada, states that she took a position as Vice President of National Accounts at MGAE Canada, and denies the remaining allegations set forth in the first sentence of paragraph 73. Larian is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 73, and on that basis, denies the remaining allegations set forth in paragraph 73.

74.    Larian admits that Brisbois spoke with him by telephone on or about the evening of September 22, 2005, denies that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, denies that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and states that he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 74, and on that basis, denies the remaining allegations set forth in paragraph 74.

75.    Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 75, and on that basis, denies the allegations set forth in paragraph 75.

76.    Larian admits that Brisbois traveled several times to MGA's offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a press release, states that the press release speaks for itself, and states that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph 76.

77.    Larian admits that MGA has hired at least 25 employees directly from Mattel's United States operations in the past few years, and denies the remaining allegations set forth in paragraph 77.

78.    Larian denies the allegations set forth in the first sentence of paragraph 78. Larian admits that he has sent email messages to a "Bratz News"

10

1  distribution list, admits that the recipients of e-mail messages sent to the "Bratz
2  News" distribution list includes members of the media as well as representatives of
3  customers of both MGA and Mattel, and denies the remaining allegations set forth in
4  paragraph 78.

5       79.    Larian admits that on May 12, 2006, he sent an email message to
6  the "Bratz News" distribution list that included a reference to the new My Scene
7  product with real gems, and states that he is without sufficient knowledge to admit or
8  deny the remaining allegations set forth in paragraph 79, and on that basis, denies the
9  remaining allegations set forth in paragraph 79.

10      80.    Larian admits that Larian told one retailer that such retailer was
11  the only retailer with plans to purchase MY SCENE BLING BLING with real gems,
12  at a time when Larian had a good faith belief that such retailer was the only retailer
13  with plans to purchase MY SCENE BLING BLING with real gems, and denies the
14  remaining allegations set forth in paragraph 80.

15      81.    Larian denies the allegation set forth in paragraph 81.

16      82.    Larian repeats his responses contained in paragraphs 1 through 81
17  of this Answer and incorporates them by reference as though fully and completely
18  set forth herein.

19      83.    Larian denies the allegations set forth in paragraph 83.

20      84.    Larian denies the allegations set forth in paragraph 84.

21      85.    Larian denies the allegations set forth in paragraph 85.

22      86.    Larian denies the allegations set forth in paragraph 86.

23      87.    Larian denies the allegations set forth in paragraph 87.

24      88.    Larian repeats his responses contained in paragraphs 1 through 87
25  of this Answer and incorporates them by reference as though fully and completely
26  set forth herein.

27      89.    Larian denies the allegations set forth in paragraph 89.

28

ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED
ANSWER AND COUNTERCLAIMS

90.     Larian denies the allegations set forth in paragraph 90.

91.     Larian denies the allegations set forth in paragraph 91.

92.     Larian denies the allegations set forth in paragraph 92.

93.     Larian denies the allegations set forth in paragraph 93.

94.     Larian denies the allegations set forth in paragraph 94.

95.     Larian denies the allegations set forth in paragraph 95.

96.     Larian denies the allegations set forth in paragraph 96.

97.     Larian denies the allegations set forth in paragraph 97.

98.     Larian repeats his responses contained in paragraphs 1 through 97 of this Answer and incorporates them by reference as though fully and completely set forth herein.

99.     Larian denies the allegations set forth in paragraph 99.

100.    Larian denies the allegations set forth in paragraph 100.

101.    Larian denies the allegations set forth in paragraph 101.

102.    Larian denies the allegations set forth in paragraph 102.

103.    Larian denies the allegations set forth in paragraph 103.

104.    Larian denies the allegations set forth in paragraph 104.

105.    Larian denies the allegations set forth in paragraph 105.

106.    Larian repeats his responses contained in paragraphs 1 through 105 of this Answer and incorporates them by reference as though fully and completely set forth herein.

107.    Larian denies the allegations set forth in paragraph 107.

108.    Larian denies the allegations set forth in paragraph 108.

109.    Larian denies the allegations set forth in paragraph 109.

110.    Larian denies the allegations set forth in paragraph 110.

111.    Larian denies the allegations set forth in paragraph 111.

112.    Larian denies the allegations set forth in paragraph 112.

113. Larian denies the allegations set forth in paragraph 113.

114. Larian denies the allegations set forth in paragraph 114.

115. Larian denies the allegations set forth in paragraph 115.

116. Larian repeats his responses contained in paragraphs 1 through 115 of this Answer and incorporates them by reference as though fully and completely set forth herein.

117. Larian denies the remaining allegations set forth in paragraph 117.

118. Larian denies the allegations set forth in paragraph 118.

119. Larian denies the allegations set forth in paragraph 119.

120. Larian denies the allegations set forth in paragraph 120.

121. Larian denies the allegations set forth in paragraph 121.

122. Larian repeats his responses contained in paragraphs 1 through 121 of this Answer and incorporates them by reference as though fully and completely set forth herein.

123. Larian denies the allegations set forth in paragraph 123.

124. Larian denies the allegations set forth in paragraph 124.

125. Larian denies the allegations set forth in paragraph 125.

126. Larian denies the allegations set forth in paragraph 126.

127. Larian denies the allegations set forth in paragraph 127.

128. Larian denies the allegations set forth in paragraph 128.

129. Larian repeats his responses contained in paragraphs 1 through 128 of this Answer and incorporates them by reference as though fully and completely set forth herein.

130. The first and fifth sentences of paragraph 130 are statements of Mattel's legal position, to which no response is necessary. To the extent a response is required, Larian denies the allegations set forth in the first and fifth sentences of

paragraph 130.  Larian is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 130, and on that basis, denies the remaining allegations set forth in  paragraph 130.

131.   Larian denies the allegations set forth in paragraph 131.

132.   Larian denies the allegations set forth in paragraph 132.

133.   Larian denies the allegations set forth in paragraph 133.

134.   Larian denies the allegations set forth in paragraph 134.

135.   Larian denies the allegations set forth in paragraph 135.

136.   Larian repeats his responses contained in paragraphs 1 through 135 of this Answer and incorporates them by reference as though fully and completely set forth herein.

137.   Larian denies the allegations set forth in paragraph 137.

138.   Larian denies the allegations set forth in paragraph 138.

139.   Larian denies the allegations set forth in paragraph 139.

140.   Larian denies the allegations set forth in paragraph 140.

141.   Larian denies the allegations set forth in paragraph 141.

142.   Larian repeats his responses contained in paragraphs 1 through 141 of this Answer and incorporates them by reference as though fully and completely set forth herein.

143.   Paragraph 143 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Larian denies the allegations set forth in the paragraph 143.

144.   Larian denies the allegations set forth in paragraph 144.

145.   Larian denies the allegations set forth in paragraph 145.

146.   Larian denies the allegations set forth in paragraph 146.

147.   Larian denies the allegations set forth in paragraph 147.

148.   Larian denies the allegations set forth in paragraph 148.

149.   Larian repeats his responses contained in paragraphs 1 through 148 of this Answer and incorporates them by reference as though fully and completely set forth herein.

150.   Larian denies the allegations set forth in paragraph 150.

151.   Larian denies the allegations set forth in paragraph 151.

152.   Larian denies the allegations set forth in paragraph 152.

153.   Larian denies the allegations set forth in paragraph 153.

154.   Larian denies the allegations set forth in paragraph 154.

155.   Larian repeats his responses contained in paragraphs 1 through 154 of this Answer and incorporates them by reference as though fully and completely set forth herein.

156.   Larian denies the allegations set forth in paragraph 156.

157.   Larian denies the allegations set forth in paragraph 157.

158.   Larian denies the allegations set forth in paragraph 158.

159.   Larian denies the allegations set forth in paragraph 159.

160.   Larian denies the allegations set forth in paragraph 160.

161.   Larian denies the allegations set forth in paragraph 161.

162.   Larian denies the allegations set forth in paragraph 162.

163.   Larian repeats his responses contained in paragraphs 1 through 162 of this Answer and incorporates them by reference as though fully and completely set forth herein.

164.   Larian denies the allegations set forth in paragraph 164.

165.   Larian denies the allegations set forth in paragraph 165.

166.   Larian denies the allegations set forth in paragraph 166.

167.   Larian repeats his responses contained in paragraphs 1 through 166 f this Answer and incorporates them by reference as though fully and completely set forth herein.

168.   Larian denies the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Larian denies the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Larian denies the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Larian or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, Larian alleges the following affirmative defenses to the Counterclaims.  By designating the following as affirmative defenses, Larian does not in any way waive or limit any defenses which are or may be raised by his denials, allegations, and averments set forth herein.  Larian also does not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses.  These defenses are pled in the alternative, and are raised to preserve the rights of Larian to assert such defenses, and are without prejudice to his ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against Larian upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts.  This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include,

16

but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false pretense in order to interrogate them about Bratz and this litigation; Mattel's coercing its employees to accept restrictive covenants (right before a massive layoff) and non-compete clauses and other efforts to prevent prospective MGA employees from accepting offers of employment; Mattel's delay in suing Carter Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated

1  Mattel case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead
2  the public and retailers; and Mattel's taking all measures to conceal its bad acts,
3  including the willful non-retention and destruction of documents.  Additionally,
4  Mattel believed from the time that Carter Bryant left Mattel's employ that he was
5  going to perform work for a Mattel competitor.  Mattel began investigating Bryant
6  and MGA, including Bryant's role in the creation and development of Bratz, at least
7  as early as March 2002.  Nonetheless, Mattel waited years to bring suit, all the while
8  allowing MGA to spend years developing its business and invest tens of millions of
9  dollars developing the Bratz products and building the Bratz brand.  These averments
10  are made on information and belief except where Larian has knowledge thereof.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

13  Mattel's counterclaims are barred by the equitable doctrine of laches because,
14  among other things, Mattel believed from the time that Carter Bryant left Mattel's
15  employ that he was going to perform work for a Mattel competitor.  Mattel began
16  investigating Bryant and MGA, including Bryant's role in the creation and
17  development of Bratz, at least as early as March 2002 and thereafter continued its
18  investigation into Bryant's role in the creation and development of Bratz, as well as
19  his work with MGA, in August 2002 after Mattel's CEO, Robert Eckert, received an
20  "anonymous letter" that claimed that Bryant stole the idea for Bratz from Mattel and
21  sold it to MGA.  Nonetheless, Mattel waited years to bring suit, all the while
22  allowing MGA to spend years developing its business and invest tens of millions of
23  dollars developing the Bratz products and building the Bratz brand.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Mattel's counterclaims are barred by the applicable statutes of limitations, including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code of Civil Procedure §§ 337, 339, 343 and 338(c).

## FIFTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Purchaser for Value)

Mattel cannot maintain its counterclaims against Larian because MGA paid valuable consideration for Bryant's assignment of his rights in the original Bratz drawings to MGA, and Larian acted with a good faith belief that Bryant owned the rights to his original Bratz drawings and that his assignment of such rights to MGA was valid and permissible.

## SIXTH AFFIRMATIVE DEFENSE

### (17 U.S.C. § 205(d))

Mattel cannot maintain its counterclaims against Larian because, among other things, Larian acted with a good faith belief that Bryant owned the rights to his original Bratz drawings and that his assignment of such rights to MGA was valid and permissible.

## SEVENTH AFFIRMATIVE DEFENSE

### (Information Readily Ascertainable)

Larian cannot be liable, either on his own account or by association with other defendants, for misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use.  Such information includes, but is not limited to, the identity of suppliers, manufacturers, distributors and retailers; contact information for the same; and sales, marketing and media data.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Mattel's damages, if any, were not caused by Larian and are not attributable to any acts or omissions of Larian.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Mattel's counterclaims are barred in whole or in part by the equitable doctrine of estoppel because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend years developing its business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Mattel's counterclaims are barred in whole or in part by acquiescence because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend years developing its business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand. Additionally, Mattel tolerated and condoned conduct by other employees similar to the alleged conduct by Bryant and others on which Mattel bases its claims.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Larian denies that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA to spend years developing its business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*De Minimus* Use)

Larian denies that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an aspect of a Mattel copyrighted work, such use would be *de minimus* and non-infringing.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Joint Authorship)

Larian denies that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Competition Privilege/Justification)

Mattel's counterclaims are barred in whole or in part on the grounds that the acts of the Larian were lawful competition or justified.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Mattel's counterclaims are barred in whole or in part because Larian acted in good faith.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of the Larian.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Joinder in Defenses of Co-Defendants)

Larian hereby adopts and incorporates by reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including Bryant) in this litigation to the extent that defendants may share in such affirmative defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Undiscovered Defenses)

Larian has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Larian reserves the right to assert any further or additional defenses upon receiving more complete information regarding the matters alleged in the Counterclaims, through discovery or otherwise.

WHEREFORE, Larian prays for relief as follows:

a.   that the Counterclaims be dismissed with prejudice;

b.   that judgment be entered in favor of Larian and against counterclaimant;

c.   that Larian recover his costs and attorneys' fees; and

d.   that the Court award such other and further relief as is just and proper.

DATED: November 8, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Thomas J. Nolan
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

23

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On **November 8, 2007**, I served the foregoing documents described as:

**ISAAC LARIAN'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

on the interested parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

☒ **(BY MAIL)** I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

☒ **(VIA FACSIMILE)** By transmitting the document listed above to the fax numbers on the attached service list.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on November 8, 2007 at Los Angeles, California.

Nandi Berglund
PRINT NAME

SIGNATURE

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

*Attorneys for Mattel, Inc.*

OVERLAND BORENSTEIN
SCHEPER & KIM
MARK E. OVERLAND
ALEXANDER H. COTE
DAVID C. SCHEPER
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)
*Attorneys for Carlos Gustavo Machado
Gomez*

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415)391-5400
(415) 397-7188 (Fax)

*Attorneys for Carter Bryant*