# EXHIBIT 20

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor. Los Angeles. California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 16, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212

Re:     <u>Mattel, Inc. v. Bryant et al.</u>

Dear Larry:

I am writing about two matters.

First, thank you for your letter of earlier today regarding Ms. Leahy and Ms. Halpern.  Please provide us with alternative dates for their depositions in the early to mid-November time frame.

Second, I have been informed that last week you sent an e-mail to my former partner, Susan Wines, regarding the delivery of documents from your clients' hard drives.  As you know, Susan is no longer with our firm.  Please send any future communications to my attention or the attention of my partner Dylan Proctor, not to Susan.  It also appears there was some misunderstanding.  The expert understood that you had agreed that the documents could be provided to you in electronic format.  However, in light of your e-mail request to Susan, we have confirmed with the expert that he will provide the documents to you in paper format in the manner specified by the protocol.  You can expect to receive them shortly, but please let me know if you do not.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT 20 PAGE 89

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

07209/2239565.1

2

**EXHIBIT _20_ PAGE _90_**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:                                    NUMBER OF PAGES, INCLUDING COVER:

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland | | 310-860-0363 |

FROM: Michael Zeller

RE: Mattel, Inc. v. Bryant

MESSAGE:

FAXED
OCT 1 6 2007

CLIENT # 7209   ROUTE/ RETURN TO: Alex Stolyar   ☐ CONFIRM FAX   ☐ INCLUDE CONF. REPORT

OPERATOR:                CONFIRMED?  ☐ No  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 20 PAGE 91

```
***********************
***  TX REPORT  ***
***********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3886 |
| RECIPIENT ADDRESS | 76881#7209#13108600363 |
| DESTINATION ID | |
| ST. TIME | 10/16 17:42 |
| TIME USE | 00'50 |
| PAGES SENT | 3 |
| RESULT | OK |

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue. 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive. Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:

NUMBER OF PAGES, INCLUDING COVER:

NAME/COMPANY

PHONE NO.

FAX NO.

Larry McFarland

310-360-0363

FROM: Michael Zeller

RE: Mattel, Inc. v. Bryant

MESSAGE:

EXHIBIT _20_ PAGE _92_

# EXHIBIT 21

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL
(310) 777-3749
WRITER'S EMAIL
cdowell@kmwlaw.com

www.kmwlaw.com

October 17, 2007

<u>VIA FACSIMILE</u>

Michael Zeller
Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>Mattel v. Bryant</u>

Dear Michael:

Thank you for your letter yesterday regarding the stay. I am writing back to inform you that Larry is out of town through Friday. Upon his return, we will coordinate with Ms. Halpern and Ms. Leahy, in order to schedule new deposition dates, and will inform you thereafter.

Very truly yours,

Christian C. Dowell
Keats McFarland & Wilson LLP

EXHIBIT 21 PAGE 93

Received: 10/17/07 5:  1: -Quinn,Emanuel,Urquhart,Ol   SH: #840: Page 1

OCT 17 2007 17:40 FR  ATS MCFARLAND,WILSO  3108600363  2945#10595#00001 P.01/02

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA  90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| To: | Michael Zeller, Esq. Dylan Proctor | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 10/17/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.1 |
| Re: | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

## PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 21 PAGE 94

# EXHIBIT 22

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 24, 2007

**VIA FACSIMILE AND U.S. MAIL**

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:     Mattel, Inc. adv. MGA Entertainment, et al.

Dear Larry:

I am writing to follow up on my letter of October 16, 2007, which requested dates in the early to mid-November time frame for the depositions of Ms. Leahy and Ms. Halpern. Although your office sent me a letter stating that you were out of the office and would be responding, it does not appear that I have received a response. Your attention to this matter would be appreciated, and I look forward to hearing from you.

Very truly yours,

*Mike T. Z——*

Michael T. Zeller

07209/2239565.1

**EXHIBIT** 22 **PAGE** 95

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

# EXHIBIT 23

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL

(310) 777-3750
WRITER'S EMAIL

lmcfarland@kmwlaw.com

October 26, 2007

**VIA FACSIMILE, E-MAIL, AND U.S. MAIL**

Michael Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     Mattel v. Bryant

Dear Michael,

I am writing in response to your letter dated October 24, 2007.

I have reviewed the Court's Order Regarding Status Conference in which the Court states that at the hearing to be held on October 31, 2007, the Court will consider "whether the stay imposed by the Court should remain in place (and if so for how long)...."

In light of this, I think that it makes sense to wait to set deposition dates until after we know whether the Court continues the stay, and if so, for how long.

Very truly yours,

Larry W. McFarland
KEATS McFARLAND & WILSON LLP

LWM/jlt

EXHIBIT 23   PAGE 96       ** TOTAL PAGE.02 **

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

---

## FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **To:** | Michael Zeller, Esq. | **From:** | Larry W. McFarland, Esq. |
| **Company:** | Quinn Emanuel Urquhart Oliver & Hedges, LLP | **Date:** | 10/26/2007 |
| **Fax No.:** | 213-443-3100 | **Pages:** | 2 |
| **Phone No.:** | 213-443-3000 | **Ref No.:** | 10595.1 |
| **Re:** | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

### NOTES/COMMENTS:

Please see attached correspondence.

EXHIBIT 23 PAGE 97

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED
AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE
UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you
are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication
in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

# EXHIBIT 24

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL

(310) 777-3750
WRITER'S EMAIL

lmcfarland@kmwlaw.com

www.kmwlaw.com

November 1, 2007

**VIA FACSIMILE and E-MAIL**

Michael Zeller
Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    Mattel v. Bryant

Dear Michael and Dylan:

This letter is to confirm that based on the stay entered yesterday with respect to the above action, the depositions of Veronica Marlow and Elise Cloonan, currently set for November 6, 2007 and November 14, 2007, respectively, will not go forward on those dates.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc:    Thomas J. Nolan
       Michael H. Page

**EXHIBIT 24 PAGE 98**

# EXHIBIT 25

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

November 2, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212

Re:    <u>Bryant v. Mattel, Inc.</u>

Dear Larry:

I am writing in response to your letters of October 26, 2007 and November 1, 2007, regarding the scheduling of the depositions of your clients, Veronica Marlow, Margaret Hatch Leahy and Elise Cloonan.

As you know, Mattel has been actively seeking to schedule the depositions of these key witnesses since June 2007 — for about five months. After months of back and forth, you finally offered dates in late October for Ms. Leahy's and Ms. Halpern's depositions and in early November for Ms. Marlow's and Ms. Cloonan's depositions.

As a result of the stay Orders obtained by MGA, these depositions had to be continued. Their prompt rescheduling is an urgent matter, and Mattel needs to depose these individuals as soon as possible. Even as extended by the Court, the Phase 1 fact discovery cutoff is less than three months away. Mattel anticipates the testimony of these key witnesses will likely result in the need for further discovery. Accordingly, please provide available dates in the last half of November for Ms. Leahy and Ms. Marlow and dates by early December for Ms. Cloonan. Given the already considerable delay and that the we have met and conferred already, should you fail to provide us with such dates by November 9, 2007, we will file a motion to compel and may seek sanctions.

**EXHIBIT** <u>25</u> **PAGE** <u>99</u>

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

Also, you have demanded in prior correspondence that Mattel provide you with the Attorneys' Eyes Only designated documents that Mattel plans to use during the depositions of your clients, and grant permission to show these documents to your clients. We do not understand the basis for this request to Mattel. Mattel obviously is not in a position to grant your clients permission to view documents designated as Attorneys' Eyes Only by your other client, MGA. Moreover, pursuant to paragraph 6(c) of the Protective Order, Attorneys' Eyes Only documents can be disclosed under proper circumstances to "the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY." Thus, there is no need for Mattel to provide you with permission to show such documents to your clients prior to their depositions — your clients·can review documents they have sent or received in any case. Nor, in any event, is Mattel willing to provide your third-party clients with a roadmap of its examinations in the manner you demand.

I look forward to hearing from you promptly as to when these depositions will proceed.


Very truly yours,

B. Dylan Proctor

07975/2284301_1


2

EXHIBIT _25_ PAGE _100_

# EXHIBIT 26

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

www.kmwlaw.com

November 7, 2007

<u>VIA FACSIMILE</u>

B: Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    <u>Mattel v. Bryant</u>

Dear Dylan:

I am in receipt of your letter dated November 2, 2007, which requests available deposition dates for Ms. Leahy, Ms. Marlow and Ms. Cloonan. I wanted to let you know that I have called my clients to check on their availability. I will let you know as soon as I hear back from them.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

EXHIBIT 26 PAGE 101 ** TOTAL PAGE.02 **

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

---

## FACSIMILE TRANSMITTAL SHEET

| | | | |
|---|---|---|---|
| **To:** | Dylan Proctor, Esq. | **From:** | Larry W. McFarland, Esq. |
| **Company:** | Quinn Emanuel Urquhart Oliver & Hedges, LLP | **Date:** | 11/7/2007 |
| **Fax No.:** | 213-443-3100 | **Pages:** | 2 |
| **Phone No.:** | 213-443-3000 | **Ref No.:** | 10595.1 |
| **Re:** | Mattel v. Bryant | | |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

---

**NOTES/COMMENTS:**

Please see attached correspondence.

EXHIBIT 24 PAGE 102

**PRIVACY NOTICE**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

# EXHIBIT 27

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

November 9, 2007

VIA FACSIMILE and U.S. MAIL

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant

Dear Dylan:

I am writing with respect to your letter dated November 2, 2007, which requests available deposition dates for Ms. Leahy, Ms. Marlow and Ms. Cloonan. I wanted to let you know that I have been in touch with my clients to check on their availability for depositions, and I hope to have dates for you by close of business on Monday, November 12, 2007.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

**EXHIBIT 27 PAGE 103**

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

# FACSIMILE TRANSMITTAL SHEET

| To: | Dylan Proctor, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 11/9/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.1 |
| Re: | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

**EXHIBIT 27 PAGE 104**

# EXHIBIT 28

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

www.kmwlaw.com

November 12, 2007

<u>VIA FACSIMILE, E-MAIL and U.S. MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:    <u>Mattel v. Bryant</u>

Dear Dylan:

     I am writing in response to your letter dated November 2, 2007, with respect to dates for the depositions of Ms. Leahy, Ms. Cloonan and Ms. Marlow. I have spoken to our clients and they and I are available on the following dates:

| | | |
|---|---|---|
| Margaret Leahy: | Wednesday, December 12, 2007 | 09:00 a.m. |
| Elise Cloonan: | Friday, December 14, 2007 | 10:00 a.m. |
| Veronica Marlow: | Wednesday, January 9, 2008 | 10:00 a.m. |

     I am aware that these dates are later than what you were looking for, but rescheduling these depositions during the holiday season was difficult. As you know, these depositions were previously set and the dates had to be vacated due to no fault of these witnesses.

     Please note that I have not confirmed availability of counsel for MGA or Mr. Bryant for these dates.

Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc:    Thomas J. Nolan
       Michael Page

**EXHIBIT 28 PAGE 105**

Received: 11/12/07 5:4    -> QUINN EMANUEL;  Page 1
NOV 12 2007 17:54 FR KEATS MCFARLAND WILSO 3108600363 TO 2345#1059SH00001 P.01/02

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

## FACSIMILE TRANSMITTAL SHEET

| To: | Dylan Proctor, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 11/12/2007 |
| Fax No.: | 213-443-3100 | Pages: | 2 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.1 |
| Re: | Mattel v. Bryant | | |

☐ URGENT  ☐ FOR REVIEW  ☐ PLEASE COMMENT  ☐ PLEASE REPLY  ☐ PLEASE RECYCLE

### NOTES/COMMENTS:

Please see attached correspondence.

**PRIVACY NOTICE**

**THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.**

If the reader of this message is not the intended recipient or the employee of agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 28 PAGE 106

# EXHIBIT 29

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 13, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California  90212

Re:    <u>Mattel, Inc. v. Bryant et al.</u>

Dear Larry:

I write in response to your letter of yesterday regarding the dates on which your clients, Veronica Marlow, Margaret Hatch-Leahy and Elise Cloonan, are available for deposition.

Your position that these witnesses are not available until mid-December or, in the case of Ms. Marlow, next year, is not acceptable to Mattel.  As you know, Mattel has been attempting to schedule the depositions of these witnesses, each of whom likely possesses key information relevant to Phase One claims and issues, for the past five months, since June.  While you state in your letter that the previously scheduled depositions had to be continued through no fault of the witnesses, that continuance was occasioned by the demands of MGA, the party which has paid each of them substantial amounts of money for their work on Bratz -- in the case of Ms. Marlow, millions of dollars -- and which we understand is paying your clients' attorneys fees.  As matters stand, if Mattel is not able to depose Ms. Marlow until January, Mattel will be prejudiced in its ability to take follow-up discovery after it finally obtains the testimony of your client.  Mattel should not be prejudiced by the stay demanded by MGA in this way.

**EXHIBIT** 29 **PAGE** 107

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2293157.1

Moreover, you have made clear in the past that you are not willing to stipulate that your clients will appear on the dates offered for their depositions. Thus, Mattel lacks even any assurance that the dates you have offered for these depositions will not be unilaterally cancelled by you or MGA shortly before the depositions are to take place, causing still further delay. This has happened repeatedly in this case. On multiple occasions, MGA, which is also your client, and Bryant have cancelled depositions which were long scheduled at the last minute, only to force motion practice after months of delay. Accordingly, given your refusal to stipulate to these dates, the dates you have currently offered -- the earliest of which is a month away -- are not acceptable to Mattel for this additional reason.

Please let me know by no later than the end of Wednesday, November 14, 2007, whether you will provide earlier dates for these depositions or whether some other satisfactory arrangement can be made to ensure that Mattel is not prejudiced by your and MGA's delays. We hope to avoid motion practice, but without satisfactory assurances that Mattel will be able to take the depositions of your clients in the near future, sufficiently in advance of the discovery cutoff to take follow-up discovery, Mattel intends to seek *ex parte* relief from the Court. I look forward to hearing from you.

Very truly yours,

B. Dylan Proctor

BDP:lak

EXHIBIT 29 PAGE 108

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**    November 13, 2007                **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    *Mattel v. Bryant, et al.*

**MESSAGE:**

> FAXED
> NOV 1 3 2007

07209/2285534.1

| CLIENT #    7209 | ROUTE/<br>RETURN TO:    Tiffany Garcia/3rd Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | | CONFIRMED?    ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**EXHIBIT 29    PAGE 109**

## Confirmation Report — Memory Send

```
                                    Page       : 001
                                    Date & Time: 11-13-2007   13:26
                                    Line 1     : 2134433100
                                    Line 2     :
                                    Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 385 |
| Date | : | 11-13  13:24 |
| To | : | ☎9647#07209#131086003639# |
| Number of pages | : | 003 |
| Start time | : | 11-13  13:24 |
| End time | : | 11-13  13:26 |
| Pages sent | : | 003 |
| Status | : | OK |
| Job number | : 385 | *** SEND SUCCESSFUL *** |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** November 13, 2007      **NUMBER OF PAGES, INCLUDING COVER:** 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Larry McFarland, Esq.<br>Keats McFarland & Wilson LLP | 310-248-3830 | 310-860-0363 |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   *Mattel v. Bryant, et al.*

**MESSAGE:**

---

07209/2285334.1

| | | | |
|---|---|---|---|
| **CLIENT #** | 7209 | **ROUTE/ RETURN TO:** Tiffany Garcia/3rd Floor | ☒ **CONFIRM FAX**<br>☒ **INCLUDE CONF. REPORT** |
| **OPERATOR:** | | **CONFIRMED?** ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 21   PAGE 110

# EXHIBIT 30

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

November 14, 2007

<u>VIA FACSIMILE, E-MAIL and U.S. MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:    Mattel v. Bryant

Dear Dylan:

     This serves to confirm that you called me at approximately 2:15 p.m. today to give me notice of the ex parte application that you plan to file tomorrow with Judge Larson. You told me that you would be seeking an order for earlier deposition dates and in the alternative, that the judge order the dates that I provided you. I told you that I oppose this ex parte application.

     As I told you, I was in the process of drafting a letter to you in response to your letter dated November 13, 2007, in which you asked me to "let [you] know by no later than the end of Wednesday, November 14, 2007, whether you will provide earlier dates for these depositions or whether some other satisfactory arrangement can be made to ensure that Mattel is not prejudiced by your and MGA's delays." Given that you did not allow me until the end of the day to respond prior to giving me notice, I see no reason to send the letter at this point.

     Very truly yours,

Larry W. McFarland
Keats McFarland & Wilson LLP

LWM/jlt

cc:    Thomas J. Nolan
       Michael Page

EXHIBIT _30_ PAGE _111_

# EXHIBIT 31

RECEIVED

JAN 0 7 2005

1   DIANA M. TORRES (S.B. #162284)
    PAULA E. AMBROSINI (S.B. # 193126)
2   ALICIA C. MEYER (S.B. #230189)
    O'MELVENY & MYERS, LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5
    Attorneys for Defendant-in-Intervention,
6   MGA Entertainment, Inc.

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11
    MATTEL, INC., a Delaware            Case No. CV 04-9059 NM (RNBx)
12  Corporation,
                                        MGA'S RULE 26(a) DISCLOSURES
13                   Plaintiff,

14          v.

15  CARTER BRYANT, an individual,
    and MGA ENTERTAINMENT,
16  INC., a California Corporation

17                   Defendant and
                     Defendant-in-
18                   Intervention.

19

20  AND RELATED COUNTER-
    CLAIMS
21

22

23

24

25

26

27

28

EXHIBIT 31 PAGE 112

1    Defendant-in-Intervention, MGA Entertainment, Inc. ("MGA"), hereby

2    submits the following initial disclosures to plaintiff, Mattel, Inc. ("Mattel"),

3    pursuant to Rule 26 (a) of the Federal Rules of Civil Procedure.  MGA reserves the

4    right to identify additional documents and witnesses hereafter, and otherwise to

5    provide supplemental disclosures as appropriate or necessary.

6

7    **Witnesses**

8    MGA is presently uncertain of the true nature and scope of Mattel's claims

9    and, thus, is unable to fully identify the witnesses with knowledge relevant to

10   MGA's defenses in this case.  Subject to the foregoing, MGA identifies the

11   following potential witnesses:

12   1.    Carter Bryant.  Carter Bryant may be contacted through his

13   counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C., 2049

14   Century Park East, 5th Floor, Los Angeles, California 90067, telephone 310-553-

15   0308.  Carter Bryant possesses information relevant to the conception, creation,

16   design and development of "BRATZ;" the nature and scope of his employment at

17   Mattel; the nature and scope of his work for and with MGA; and information

18   relevant to his own defenses in this matter.

19   2.    Janet Bryant.  Ms. Bryant may be contacted through Carter

20   Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,

21   2049 Century Park East, 5th Floor, Los Angeles, California 90067, telephone 310-

22   553-0308.  Ms. Bryant possesses information concerning, among other things, Mr.

23   Bryant's general skills and talents as a designer and his conception, creation, design

24   and development of various matters when he was not employed by Mattel.

25   3.    Tom Bryant.  Tom Bryant may be contacted through Carter

26   Bryant's counsel, Douglas Wickham and Keith Jacoby of Littler Mendelson, P.C.,

27   2049 Century Park East, 5th Floor, Los Angeles, California 90067, telephone 310-

28   553-0308.  Tom Bryant possesses information concerning, among other things, Mr.

-1-

EXHIBIT 31 PAGE 113

1   Bryant's general skills and talents as a designer and his conception, creation, design
2   and development of various matters when he was not employed by Mattel.

3           4.      Elise Cloonan.  Ms. Cloonan may be contacted through her
4   counsel, Michael B. Margolis of Margolis & Morin, LLP, 444 South Flower Street,
5   Sixth Floor, Los Angeles, California 90071, telephone 213-683-0300.  Ms.
6   Cloonan possesses information relevant to the conception, creation, design and
7   development of "BRATZ."

8           5.      Margaret Leahy.  Ms. Leahy may be contacted through her
9   counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West
10  Fifth Street, Los Angeles, California 90013, telephone 213-896-6000.  Ms. Leahy
11  possesses information relevant to the conception, creation, design and development
12  of "BRATZ."

13          6.      Veronica Marlow.  Ms. Marlow may be contacted through her
14  counsel, Stephen C. Contopulos, Sidley Austin Brown & Wood LLP, 555 West
15  Fifth Street, Los Angeles, California 90013, telephone 213-896-6000.  Ms. Marlow
16  possesses information relevant to the conception, creation, design and development
17  of "BRATZ."

18          7.      Victoria O'Connor.  MGA believes that Mattel has Ms.
19  O'Connor's contact information.  Ms. O'Connor possesses information relevant to
20  the conception, creation, design and development of "BRATZ."

21          8.      Ramona Prince.  Ms. Prince may be contacted through her
22  counsel, Daniel Warren, Sutherland, Asbill & Brennan, LLP, 999 Peachtree Street,
23  N.E., Atlanta, Georgia 30309, telephone 404-853-8028.  Ms. Prince possesses
24  information relevant to Mr. Bryant's conception of "BRATZ."

25          9.      Anna Rhee.  Ms. Rhee may be contacted through her counsel,
26  Laurence Berman, Berman, Mausner & Resser, A Law Corporation, 11601
27  Wilshire Boulevard, Suite 600, Los Angeles, California 90025, telephone 213-473-
28  3333.  Ms. Rhee possesses information relevant to the conception, creation, design

-2-

EXHIBIT __31__ PAGE __114__

1  **Insurance**

2      The required disclosure regarding insurance is presently inapplicable.

3

4

5  Dated:  January 6, 2005        DIANA M. TORRES
           PAULA E. AMBROSINI

6             ALICIA C. MEYER
           O'MELVENY & MYERS, LLP

7

8             By: _____

9                Paula E. Ambrosini
           Attorneys for Defendant-in-

10             Intervention, MGA Entertainment,
           Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

         -5-

                  **MGA'S INITIAL DISCLOSURES**
               **PURSUANT TO RULE 26 (CV 04-9059 NM)**

EXHIBIT 31  PAGE 115

1

**PROOF OF SERVICE**

2

I, Suzanne I. Jimenez, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071. On January 6, 2005, I served the within documents:

4

5

**MGA'S RULE 26(a) DISCLOSURES**

6

7

☒   by transmitting via facsimile machine the document(s) listed above to the fax number(s) set forth below on this date. The outgoing facsimile machine telephone number in this office is (213) 430-6407. The facsimile machines used in this office create a transmission report for each outgoing facsimile transmitted. A copy of the transmission report(s) for the service of this document, properly issued by the facsimile machine(s) that transmitted this document and showing that such transmission was (transmissions were) completed without error, is attached hereto.

8

9

10

11

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

13

14

15

16

*(By Facsimile and U.S. Mail)*
Douglas A. Wickham
Keith Jacoby
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

*(By Facsimile and U.S. Mail)*
Michael T. Zeller
Quinn Emanuel Urquhart
  Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

17

18

19

20

21

22

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

Executed on January 6, 2005, at Los Angeles, California.

24

25

26

*Suzanne I. Jimenez*
Suzanne I. Jimenez

27

28

LA2:746615.1

-6-

**PROOF OF SERVICE**

EXHIBIT 31 PAGE 116

```
****************** -COMM. JOURNAL- ****************** DATE JAN-06-2005 ***** TIME 14:22 ********

        MODE = MEMORY TRANSMISSION          START=JAN-06 14:20    END=JAN-06 14:22

           FILE NO.=532

        STN NO.   COMM.   ABBR NO.   STATION NAME/TEL. NO.   PAGES   DURATION

        001       OK      #          94433100                008/008 00:02:13


        ****************************************** -         - ***** -         - ********
```

# O

## O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

**DATE:**
January 6, 2005

**TOTAL NUMBER OF PAGES:**
8

| TO: | FAX NUMBER: | TELEPHONE NUMBER: |
|---|---|---|
| Michael T. Zeller, Esq.<br>*Quinn Emanuel Urquhart Oliver & Hedges, LLP* | (213) 443-3100 | (213) 443-3000 |
| Douglas A. Wickham, Esq.<br>Keith Jacoby, Esq.<br>*Littler Mendelson, A Professional Corporation* | (310) 552-3229 | (310) 552-2766 |

| FROM: | RETURN FAX NUMBER: | TELEPHONE NUMBER: |
|---|---|---|
| Paula E. Ambrosini | (213) 430-6407 | (213) 430-7466 |

## MESSAGE

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6407**

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | Suzanne I. Jimenez |
|---|---|---|---|
| USER NO.: | 05901 | EXTENSION: | 7241 |
| RESPONSIBLE ATTY NAME: | Paula E. Ambrosini | LOCATION: | 11a04 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

**EXHIBIT** 3/ **PAGE** 117

```
********** -COMM. J   AL- ********** DATE JAN-06-2005   ** TIME 14:32 **********

MODE = MEMORY TRANSMISSION          START=JAN-06 14:30    END=JAN-06 14:32

   FILE NO.=533

STN NO.  COMM.  ABBR NO.   STATION NAME/TEL NO.   PAGES  DURATION

001      OK     *          913105523229           008/008 00:02:19


*********************************** -        - ***** -         - ********
```

# O

## O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

**DATE:**
January 6, 2005

**TOTAL NUMBER OF PAGES:**
8

| TO: | FAX NUMBER: | TELEPHONE NUMBER: |
|---|---|---|
| Michael T. Zeller, Esq. | (213) 443-3100 | (213) 443-3000 |
| *Quinn Emanuel Urquhart Oliver & Hedges, LLP* | | |
| | | |
| Douglas A. Wickham, Esq. | (310) 552-3229 | (310) 552-2766 |
| Keith Jacoby, Esq. | | |
| *Littler Mendelson, A Professional Corporation* | | |

| FROM: | RETURN FAX NUMBER: | TELEPHONE NUMBER: |
|---|---|---|
| Paula E. Ambrosini | (213) 430-6407 | (213) 430-7466 |

## MESSAGE

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL OUR FAX DEPARTMENT AT (213) 430-6407**

| FILE NO.: | 527,436-004 | RETURN ORIGINAL TO: | Suzanne L. Jimenez |
|---|---|---|---|
| USER NO.: | 09901 | EXTENSION: | 7241 |
| RESPONSIBLE ATTY NAME: | Paula E. Ambrosini | LOCATION: | 11x04 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT 31 PAGE 118

# EXHIBIT 32

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 33

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 34

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 35

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 36

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 37

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

October 18, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Alexander H. Cote, Esq.
Overland Borenstein Scheper & Kim LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

Re:    <u>Mattel v. Bryant et al.</u>

Dear Alex:

I write further to our conference of counsel of yesterday, October 17, 2007, regarding Mr. Machado's Amended Answer and other matters.

First, regarding Mattel's contention that Machado's Fifth, Eighth, and Tenth affirmative defenses fail to provide fair notice, you stated that Machado would be willing to stipulate that he will abide by the Court's ruling on the fair notice aspects of Mattel's pending <u>Rule</u> 12(f) motion to strike certain of MGA's affirmative defenses. You confirmed that you are not willing to amend at this time, absent an order. We are considering this proposal. Thank you for this offer.

With regard to Machado's defenses of unclean hands, estoppel, and waiver, you confirmed that the core factual basis for these defenses is that the Spanish language version of Mattel's Manual on Conflicts of Interest allegedly authorized Machado to *copy* Mattel's proprietary information. You thus maintained that the asserted defenses are valid to the extent Mattel bases its counterclaims on Machado's *copying* of materials, but agreed that the Manual did not authorize Machado to disclose that information to third parties or use that information for unlawful purposes -- i.e., did not give Mr. Machado license to steal Mattel's trade secrets. Nevertheless, although the defenses are limited in scope even according to Mr. Machado, you stated that Machado is not willing to clarify his pleadings to reflect the limited nature of the alleged defenses.

**EXHIBIT 37 PAGE 211**

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

We also discussed Machado's statute of limitations defense, which appears to be wholly without merit as Machado did not even leave Mattel's employment until April 2004 and Mattel sought to formally join Machado as a party to this action in late 2006. You could not identify the basis of this defense during our conference, but agreed to investigate this matter and get back to me.

We also discussed whether Machado will provide a declaration setting forth his preservation efforts and policies with respect to this litigation as required by the Court's Order dated August 27, 2007. You stated that you will let me know whether Machado will do so. You made it clear that, if he chooses to do so, that declaration may consist of an invocation of Mr. Machado's Fifth Amendment right not to incriminate himself.

Last, you informed me that the current date for Mr. Machado's deposition, October 26, 2007, will not work because of restrictions on Mr. Machado's mobility to and from Mexico, and that you will provide Mattel with alternate dates when Mr. Machado will be available. You also confirmed that Mr. Machado will be asserting his Fifth Amendment privilege at the deposition to most substantive questions. We have considered your proposal that the parties enter into a stipulation that Machado will assert his Fifth Amendment privilege to avoid the need for a deposition. We do not believe that is a practicable or adequate alternative to a deposition where Mr. Machado can choose to either answer or invoke as to specific, concrete questions. Accordingly, please get us available dates, preferably in early November, as soon as possible.

I look forward to speaking with you soon.

Very truly yours,

B. Dylan Proctor

EXHIBIT 37 PAGE 212

# EXHIBIT 38

RECEIVED

NOV 0 6 2007

# OVERLAND BORENSTEIN SCHEPER & KIM LLP

Alexander H. Cote
(213) 613-4660
acote@obsklaw.com

November 5, 2007

**VIA FACSIMILE AND U.S. MAIL**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: *Bryant v. Mattel, Inc.,* and consolidated actions under Case No. CV 04-09049

Dear Mr. Zeller:

I write in response to your letter of November 3, 2007, concerning the deposition of our client, Gustavo Machado. Therein, you imbue Mr. Machado's deposition with a false sense of urgency. Mr. Machado has no information relevant to Phase I of this litigation, and in fact, is a named party only to those claims which constitute Phase II. Although I recognize that the Court has not stayed Phase II discovery, you must also recognize that all Phase II pre-trial and trial dates have been vacated by the Court's recent order. Thus, while we do not object to producing Mr. Machado for deposition, your efforts to fabricate an urgent need to depose him are unavailing.

In addition, you have repeatedly failed to provide any justification for forcing counsel to incur the expense of traveling to Mexico to attend the deposition of this Phase II witness. Surely, in light of your representations to the Court concerning the urgency of Phase I discovery, your efforts and resources are better directed elsewhere.

This is especially true where the deposition will not be productive. While you are correct that Mr. Machado will not assert a blanket privilege in response to all Mattel questions, it is far from "speculation" for me to point out that most of your questions will not be answered. Your allegations against Mr. Machado are not unknown, and it is no secret that you plan to ask Mr. Machado questions concerning those allegations. Since everyone has a fairly accurate idea of the topics you would explore in Mr. Machado's deposition, I can state quite confidently that the deposition will be fruitless, and the travel to Mexico will be a waste of time, money and resources.

300 South Grand Avenue • Suite 2750 • Los Angeles, CA 90071-3144
Telephone (213) 613-4655 • Facsimile (213) 613-4656

EXHIBIT 38 PAGE 213

OVERLAND BORENSTEIN SCHEPER & KIM LLP

Michael T. Zeller
November 5, 2007
Page 2

In any event, if you feel it necessary to move to compel Mr. Machado's deposition, then do so. Please be advised, however, that Judge Infante has no jurisdiction over Mr. Machado. As you know, Mr. Machado was not a party to the stipulation providing for Judge Infante's participation in this case as special discovery master. Indeed, Mattel has already admitted that it did not serve Mr. Machado with process until March 26, 2007, three and a half months after the parties entered into the December 6, 2007 stipulation appointing Judge Infante. Accordingly, you must bring any discovery related motions against Mr. Machado before the Hon. Robert N. Block, the magistrate assigned to this matter. Also, you must comply with the Local Rules governing discovery related motions, including L.R. 37-1 through 37-4.

Very truly yours,

Alexander H. Cote
OVERLAND BORENSTEIN SCHEPER & KIM LLP

cc:    Thomas Nolan, Esq. & Amy Park, Esq.
       Michael Page, Esq.

EXHIBIT 38 PAGE 214

# EXHIBIT 39

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL    DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,
(SEE ATTACHED)

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation.

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO:  Elise Cloonan, c/o Keats McFarland & Wilson LLP
9700 Wilshire Blvd., Penthouse Ste.
Beverly Hills, CA 90212

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | DATE AND TIME December 3, 2007 9:00 a.m. |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Mattel, Inc. | DATE November 15, 2007 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Michael T. Zeller, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 39 PAGE 215**

EXHIBIT 31 PAGE 216

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               DATE

    SIGNATURE OF SERVER

    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT 40

AO88  (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,
(SEE ATTACHED)

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation.

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Margaret Leahy, c/o Keats McFarland & Wilson LLP
9700 Wilshire Blvd., Penthouse Ste.
Beverly Hills, CA 90212

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | December 5, 2007 9:00 a.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | November 15, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Michael T. Zeller, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 40   PAGE 217**

EXHIBIT ___ PAGE 218

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT 41

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual,
(SEE ATTACHED)

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation.

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Veronica Marlow, c/o Keats McFarland & Wilson LLP
9700 Wilshire Blvd., Penthouse Ste.
Beverly Hills, CA 90212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.   Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | November 29, 2007 |
| 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | 9:00 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Mu T 3_ Attorney for Mattel, Inc. | November 15, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Michael T. Zeller, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa St., 10th Fl., Los Angeles, CA 90017 (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 4 PAGE 29

AO88  (Rev. 12/06) Subpoena in a Civil Case

**EXHIBIT 4    PAGE 220**

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                                    SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT 42

**CONFORMED COPY**

FILED

2007 MAY 18  PM 3: 45

CALENDARED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| 14            Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| 15      vs. | |
| 16  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 17            Defendant. | Hon. Edward A. Infante (Ret.) Discovery Master |
| 18  AND CONSOLIDATED CASES | [PROPOSED] ORDER GRANTING MATTEL INC.'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(B)(6) |

20

21  Date: May 15, 2007
   Time:  8:15 a.m.
22  Place:  Telephonic

23  Discovery Cut-Off:  October 22, 2007
   Pre-Trial Conference: January 14, 2008
24  Trial Date:  February 12, 2008

25

26

27

28

07209/2121176.1

ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

EXHIBIT 42 PAGE 228

*E*

## ~~[PROPOSED]~~ ORDER

Having considered Mattel, Inc.'s Motion To Compel MGA To Produce Witnesses For Deposition Pursuant To Rule 30(b)(6) (the "Motion"), and all other papers and argument submitted in support of or opposition to the Motion, and finding good cause therefor, Mattel's Motion is GRANTED.

IT IS HEREBY ORDERED that:

1. MGA shall make Paula Garcia available for deposition on or before June 15, 2007 as a designee on Topics 1-3 and 6-8 of Mattel's Notice of Deposition of MGA Pursuant to Rule 30(b)(6) dated February 16, 2005 and in her individual capacity.

2. MGA shall confirm its designees and the dates of the designees' availability for deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of MGA Pursuant to Rule 30(b)(6) dated February 1, 2007 (the "Second Notice") on or before May 22, 2007.

3. MGA shall make its designees for all Topics in the Second Notice, except Topic Nos. 25 and 26, available for deposition on or before June 30, 2007.

4. The parties shall meet and confer regarding the timing of the depositions on Topic Nos. 25 and 26 of the Second Notice. Such depositions may take place after June 30, 2007.

5. All of MGA's objections and/or limitations regarding the Topics in Mattel's Rule 30(b)(6) deposition notices are overruled.

//
//
//
//
//
//

07209/2121176.1

-1-

EXHIBIT 42 PAGE 222

6.      Mattel's request for sanctions is denied.

**IT IS SO ORDERED.**

DATED: May 16, 2007

Hon. Edward A. Infante (Ret.)
Discovery Master

-2-
ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

EXHIBIT 42 PAGE 223

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 17, 2007, I served the attached ORDER GRANTING MATTEL INC.'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(B)(6) in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 17, 2007, at San Francisco, California

Anthony R. Sales

EXHIBIT 42 PAGE 224

# EXHIBIT 43



**CONFORMED COPY**

FILED

2007 AUG 15 PM 12:14

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

BY: _____

1  Hon. Edward A. Infante (Ret.)
2  JAMS
   Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                  UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                        EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12             Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15             Defendant.                  **ORDER GRANTING MATTEL'S
                                           MOTION FOR AN EXTENSION OF
16                                         TIME TO DEPOSE PAULA GARCIA
                                           IN HER INDIVIDUAL CAPACITY
17                                         AND AS A 30(b)(6) DESIGNEE;
                                           DENYING REQUEST FOR
18  CONSOLIDATED WITH                      SANCTIONS**
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21

22                       I. INTRODUCTION

23       On June 15, 2007, Mattel, Inc. ("Mattel") submitted its "Motion To Enforce The Court's

24  Order To Compel, And For Sanctions."  Specifically, Mattel moves (1) to enforce the Discovery

25  Master's May 16, 2007 Order Granting Mattel's Motion to Compel MGA to Produce Witnesses

26  for Deposition Pursuant to Rule 30(b)(6) by compelling MGA Entertainment, Inc. ("MGA") to

27  produce Paula Garcia for further deposition testimony, or in the alternative, by granting leave for

28

**EXHIBIT 43 PAGE 225**

1  additional time to depose Ms. Garcia on the topics set forth in Mattel's Rule 30(b)(6) notices[1];

2  (2) to compel Ms. Garcia to answer the questions MGA's counsel instructed her not to answer

3  during her deposition; and (3) for sanctions against MGA in the amount of $5,315.  MGA

4  submitted an opposition on June 25, 2007; and Mattel submitted a reply on June 29, 2007.  The

5  motion was heard on August 13.  Having considered the motion papers and the comments of

6  counsel, Mattel's motion for additional time to depose Ms. Garcia is granted, and the request for

7  sanctions is denied.

## II. BACKGROUND

8  

9          In February of 2005 Mattel served a notice of deposition of MGA pursuant to Rule

10  30(b)(6), Fed.R.Civ.P. (the "First Notice").  The parties met and conferred, and by May of 2005

11  MGA named Ms. Garcia as one of the witnesses who would testify on six of the eight topics in

12  the First Notice.  Ms. Garcia has been MGA's product manager for Bratz since the product's

13  inception at MGA, and is, in Mattel's view, one of the most important witnesses in its case.

14          The action was stayed from mid-May of 2005 to mid-May of 2006.  Thereafter, Mattel

15  renewed its attempts to schedule a 30(b)(6) deposition.  In a telephonic conference with the

16  Discovery Master, MGA represented that it would provide Mattel with dates for the deposition.

17  In January of 2007, Mattel was able to depose one of MGA's designees on the First Notice, but

18  not Ms. Garcia due to her unavailability.  For the next couple of months, Mattel continued its

19  efforts to schedule Ms. Garcia's deposition without success.

20          In the interim, in February of 2007, Mattel served its Second Notice of Deposition of

21  MGA pursuant to Rule 30(b)(6), Fed.R.Civ.P. (the "Second Notice").  The parties met and

22  conferred, and MGA identified designees for some but not all of the forty-six topics in the

23  Second Notice.

24          After a couple of months had passed without any witnesses being produced for deposition

25  pursuant to the First and Second Notices, Mattel brought a motion to compel.  On May 16, 2007,

26  

27  [1] Mattel does not specify in its motion papers how much additional time it seeks.

28  

EXHIBIT 43 PAGE 226[2]

1   the Discovery Master granted Mattel's motion to compel and ordered MGA to, *inter alia*, (1)

2   produce Ms. Garcia for deposition on or before June 15, 2007, in her individual capacity and as a

3   designee on Topics 1-3 and 6-8 of Mattel's First Notice; and (2) make its designees available for

4   deposition for all Topics except Nos. 25 and 26 in Mattel's Second Notice on or before June 30,

5   2007 (the "Order").[2]  This is the Order that is the subject of Mattel's motion.

6       After the Court's Order, MGA confirmed Ms. Garcia's designation on the following

7   Topics in Mattel's Second Notice:  Topic Nos. 1-8, 9 (to the extent not covered by previously

8   designated testimony), 10, 12, 13 (with respect to manufacturers only), 16 (to the extent not

9   covered by designated portions of Isaac Larian's and Carter Bryant's depositions), 17, 29, 30, 35,

10  and 36.  MGA offered to produce Ms. Garcia for her deposition on May 24 and 25, 2007, or else

11  not until the end of June.  Mattel accepted the May 24 and 25 dates.  The parties agreed that the

12  this deposition would cover Bryant-related issues, and that they would make separate

13  arrangements to depose Ms. Garcia on the unfair competition, trade secrets and RICO issues in

14  the MGA v. Mattel and Mattel v. MGA suits.  Zeller Decl., Ex. 10; *see also* MGA's Opposition

15  at p.6, n. 19.

16      Two days before Ms. Garcia's deposition, MGA produced approximately 7,600 pages of

17  documents.  MGA's counsel, Diana Torres, advised Mattel that MGA was willing to defer her

18  deposition in light of the document production.  Ms. Torres also informed Mattel that by

19  proceeding with the deposition as scheduled, Mattel was "choosing to do so at the risk that later

20  discovery (including the [7,600 pages of documents] may be relevant to her deposition and will

21  not be entitled to call her back for that reason."[3]  Zeller Decl., Ex. 10.  Mattel's counsel

22

23      [2] During the hearing, the undersigned stated that he did not think the seven-hour limitation on depositions
24  applied to Rule 30(b)(6) depositions, but also commented that it did not make sense to be focusing on such a
    "theoretical" issue, as Ms. Garcia had not yet been deposed. Zeller Decl., Ex. 8. Mattel's assertion that the
25  Discovery Master "ruled" on this issue is erroneous.

26      [3] As stated previously, the parties have an agreement, however, that MGA will make Ms. Garcia available
    for a separate deposition on the unfair competition, trade secrets and RICO issues in the MGA v. Mattel and Mattel
27  v. MGA cases. Zeller Decl., Ex. 10; *see also* MGA's Opposition at p.6, n. 19.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT** 42 **PAGE** 227

1   responded by accusing MGA of delaying its document production for tactical reasons. Mattel's

2   counsel also advised MGA that it was proceeding with Ms. Garcia's deposition as scheduled,

3   and furthermore, that it did not believe it was "waiving" its rights to obtain further discovery

4   regarding the 7,600 pages of documents.

5         Mattel began the deposition of Ms. Garcia in her individual and corporate capacity on

6   Thursday, May 24, 2007. The next day, MGA's counsel offered to delay the deposition from

7   Friday, May 25, 2007, to Tuesday, May 29, 2007, in light of the recent document production.

8   Mattel's counsel rejected the offer because Mattel did not want to delay Ms. Garcia's deposition

9   any further and because Mattel was prepared to question Ms. Garcia about other documents

10  already produced in the case.

11        Mattel deposed Ms. Garcia for a total of 14 hours and 18 minutes. Mattel asked MGA to

12  produce Ms. Garcia for at least one more day of deposition, however, MGA refused unless

13  Mattel agreed not to "revisit" topics that had already been covered. Mattel's Motion at p.3.

14  MGA also indicated that even if it were to produce Ms. Garcia for further questioning, it would

15  probably not agree to produce her for an additional full day.

16        Mattel seeks additional time to depose Ms. Garcia. Mattel contends that 14 hours and 18

17  minutes was not enough time to cover the 24 topics on which Ms. Garcia was designated, much

18  less to cover Ms. Garcia's personal knowledge of facts central to Mattel's claims against Bryant.

19  According to Mattel, the Discovery Master has ruled that the 7-hour rule does not apply to Rule

20  30(b)(6) depositions, and that MGA's refusal to produce Ms. Garcia for further questioning

21  violates the Order.

22        Even if the 7-hour rule applies, Mattel contends that there is good cause to extend the

23  deposition of Ms. Garcia for a number of reasons. First, Mattel contends that the deposition

24  progressed slowly because Ms. Garcia regularly asked for questions to be repeated or rephrased

25  and often took long pauses before answering. Mattel also contends that there were lengthy

26  breaks, after which Ms. Garcia returned with clarifications of her prior testimony that required

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 43 PAGE 228

1   further questioning.  Mattel also contends that Ms. Garcia was not prepared to answer questions

2   regarding personnel involved in the early phases of the Bratz project.

3          Second, Mattel contends that MGA's counsel improperly instructed Ms. Garcia not to

4   answer questions regarding facts she ostensibly learned from counsel.  Third, Mattel contends

5   that MGA's counsel improperly instructed Ms. Garcia not to answer questions about MGA

6   Mexico.  Mattel admits that the parties had an agreement to limit the scope of Ms. Garcia's

7   deposition to Bryant-related issues; however, Mattel believes that this agreement did not bar

8   questions about MGA Mexico's contacts with the United States in light of MGA's then-pending

9   motion to dismiss MGA Mexico for lack of personal jurisdiction.[4]

10          Fourth, Mattel contends that it should be permitted to resume the deposition of Ms.

11   Garcia because just two days prior to the deposition, MGA produced approximately 7,600 pages

12   of documents, the bulk of which have Ms. Garcia's name on them and relate to the 2000 and

13   2001 time period.  Mattel contends that MGA had no legitimate basis for withholding the

14   documents.  Mattel also contends that the production was incomplete insofar as it did not include

15   documents that the Discovery Master ordered MGA to produce.  Lastly, Mattel contends that it

16   should be given more time to depose Ms. Garcia because MGA has demanded more deposition

17   time for witnesses on topics that are far less central to this litigation.

18          MGA opposes the motion on numerous grounds.  As a preliminary matter, MGA accuses

19   Mattel of using 30(b)(6) depositions as a means to circumvent the district court's order limiting

20   the number of depositions to be taken by each side.  At present, the parties are limited to 24

21   depositions per side for the entire consolidated action, including both individual and 30(b)(6)

22   depositions.  In MGA's view, Mattel is using 30(b)(6) depositions with excessive numbers of

23   topics to avoid noticing witnesses to testify in their individual capacity.  MGA further contends

24   that Rule 30(b)(6) depositions are indeed limited to one seven-hour day, and furthermore, that

25

26          [4] The district court has since denied MGA's motion to dismiss MGA Mexico.

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

**EXHIBIT 43 PAGE 229**

1  the district court must have intended the limit to apply when he restricted each side to 24

2  depositions.

3      Next MGA contends that Ms. Garcia was deposed on time and in compliance with the

4  Order. According to MGA, Ms. Garcia testified at length about the early development of Bratz,

5  the persons involved in that development process, as well as the other topics for which she had

6  been designated. MGA acknowledges that Ms. Garcia could not recall the names of some of the

7  individuals involved in Bratz; however, MGA believes Mattel could have remedied the situation

8  by simply showing Ms. Garcia documents to refresh her recollection rather than treating the

9  deposition as a memory test.

10     MGA denies engaging in any delay tactics or other forms of obstruction during the

11  deposition. According to MGA, Ms. Garcia requested to have questions rephrased when she did

12  not understand the question. MGA also contends that pauses are appropriate to allow counsel to

13  interject any necessary objections. Furthermore, MGA contends that it properly instructed Ms.

14  Garcia not to answer only when necessary to preserve the attorney-client privilege. MGA also

15  defends its instructions not to answer questions about MGA Mexico because those questions

16  exceeded the agreed upon scope of the deposition. The parties agreed that Ms. Garcia would be

17  made available for one deposition regarding Bryant-related matters and a separate deposition

18  regarding Mattel's counterclaims. MGA considers questions regarding MGA Mexico as

19  irrelevant to Bryant-related matters, and relevant only to Mattel's counterclaims.

20     In MGA's view, Mattel, not MGA is to blame for not completing Ms. Garcia's

21  deposition. MGA asserts that Mattel wasted time by questioning Ms. Garcia on topics not

22  relevant to the litigation, including her addresses for the past year, whether she had any

23  roommates during that time and who they were, and her cell phone bills.

24     MGA also contends that Mattel caused the document production delay by insisting that

25  MGA produce all color documents in a different electronic format than previously requested.

26  Furthermore, MGA contends that it made multiple offers to postpone the deposition to allow

27

28

EXHIBIT 42 PAGE 230

1   Mattel additional time to review the document production.   MGA contends that Mattel chose to

2   move forward with the deposition, and therefore Mattel "has no basis for asserting that MGA's

3   document production was an attempt to prevent Mattel from deposing Ms. Garcia on the topics

4   for which she was designated nor that it had any impact on Mattel's ability to do so." MGA's

5   Opposition, p.6.

6       Lastly, MGA contends Mattel filed the instant motion without meeting and conferring in

7   good faith. MGA points out that during the meet and confer process, it agreed to produce Ms.

8   Garcia for additional time without the need to resort to motion practice. More specifically, MGA

9   is prepared to make Ms. Garcia available for an additional four hours, provided that any further

10  questioning "does not revisit already questioned areas of inquiry." MGA's Opposition at p.3.

11                          III. STANDARDS

12      Rule 30(d) of the Federal Rules of Civil Procedure provides the following with respect to

13  the schedule and duration of depositions:

14      (1) Any objection during a deposition must be stated concisely and in a non-
        argumentative and non-suggestive manner.  A person may instruct a deponent
15      not to answer only when necessary to preserve a privilege, to enforce a limitation
        directed by the court, or to present a motion under Rule (d)(4).
16

17      (2) Unless otherwise authorized by the court or stipulated by the parties, a
        deposition is limited to one day of seven hours. The court must allow additional
18      time consistent with Rule 26(b)(2) if needed for a fair examination of the
        deponent or if the deponent or another person, or other circumstance, impedes or
19      delays the examination.

20      (3) If the court finds that any impediment, delay, or other conduct has
        frustrated the fair examination of the deponent, it may impose upon the persons
21      responsible an appropriate sanction, including the reasonable costs and attorney's
        fees incurred by any parties as a result thereof.

22

23  The Advisory Committee Notes for Rule 30(d)(2) provide the following guidelines for

24  compliance:

25      Paragraph (2) imposes a presumptive durational limitation of one day of seven
        hours for any deposition. The Committee has been informed that the overlong
26      depositions can result in undue costs and delays in some circumstances. This
        limitation contemplates that there will be reasonable breaks during the day for
27      lunch and other reasons, and that the only time to be counted is the time occupied

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 43 PAGE 231

by the actual deposition. For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition. The presumptive duration may be extended, or otherwise altered, by agreement. Absent agreement, a court order is needed. The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order.

Parties considering extending the time for deposition – and courts asked to order an extension – might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination would cover events occurring over a long period of time, that may justify allowing additional time. . . .

It is expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court. The limitation is phrased in terms of a single day on the assumption that ordinarily a single day would be preferable to a deposition extending over multiple days; if alternative arrangements would better suit the parties, they may agree to them. It is also assumed that there will be reasonable breaks during the day. Preoccupation with timing is to be avoided.

The rule directs the court to allow additional time where consistent with Rule 26(b)(2) if needed for a fair examination of the deponent. In addition, if the deponent or another person impedes or delays the examination, the court must authorize extra time. The amendment makes clear that additional time should also be allowed where the examination is impeded by an "other circumstance," which might include a power outage, a health emergency, or other event.

\*   \*   \*

Paragraph (3) includes sanctions provisions formerly included in paragraph (2). It authorizes the court to impose an appropriate sanction on any person responsible for an impediment that frustrated the fair examination of the deponent. This could include the deponent, any party, or any other person involved in the deposition. If the impediment or delay results from an "other circumstance" under paragraph (2), ordinarily no sanction would be appropriate.

See Advisory Committee Notes on the 2000 Amendments to Fed.R.Civ.P. 30(d).

## IV. DISCUSSION

### A. There Is Good Cause For An Extension Of Time To Depose Ms. Garcia

As a preliminary matter, MGA is in compliance with the Order insofar as it has produced Ms. Garcia for deposition in her individual and corporate capacity by the June 30th deadline.[5] Therefore, Mattel's motion, although styled as motion to compel compliance with

---

[5] Mattel, however, has filed a separate motion to compel compliance with other portions of the Order.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 43 PAGE 232

1  the Order, is treated herein as motion for additional time to complete the deposition of Ms.

2  Garcia pursuant to Rule 30(d)(2), Fed.R.Civ.P.

3      Applying the standards above, Mattel has demonstrated the requisite good cause to

4  warrant an extension of the "presumptive" 7-hour time limit for depositions. Ms. Garcia is,

5  without question, one of the most important witnesses in this case. She has been the product

6  manager for Bratz since the product's inception at MGA. Therefore, she has considerable

7  knowledge regarding the timing and origins of Bratz, Bryant's involvement with MGA, and the

8  development of Bratz. Ms. Garcia was the first person at MGA with whom Bryant spoke. Ms.

9  Garcia was present when Bryant first presented the idea of Bratz to Mr. Larian. Ms. Garcia also

10  met with Bryant and Margaret Leahy to discuss doll sculpting at a time when Bryant was still

11  employed at Mattel. In addition, another witness, Steve Linker, testified that Ms. Garcia

12  contacted him in September of 2000 to create packaging for Bratz and gave him art boards and

13  illustrations in October of 2000. Ms. Garcia was also involved in naming the Bratz characters.

14      Furthermore, MGA has designated Ms. Garcia on numerous topics. MGA designated

15  Ms. Garcia to testify regarding Topics 1-3 and 6-8 of the First Notice, which are set forth below.

16      Topic 1: The identity of each person involved in the MGA Projects, and the
17      nature and time period(s) of each such person's involvement therein.

18      Topic 2: The conception, design and development of the MGA Projects,
    including without limitation the chronology thereof.

19      Topic 3: The identity of, and the design, development and first sale of, any
20      products resulting from the MGA Projects.

21      Topic 6: The identity of documents and tangible items that relate to the MGA
    Projects.

22      Topic 7: The identity, source and current location of each head that was
23      provided by, for, on behalf of MGA or any of its representatives to Anna Rhee
    for painting prior to October 21, 2000.

24      Topic 8: The identity of each person involved in the conception, design,
25      development, production, sculpting, rotocasting, molding, modeling or
    prototyping of each head that was provided by, for or on behalf of MGA or any
26      of its representatives to Anna Rhee for painting prior to October 21, 2000.

27

28

1   Zeller Decl., Ex. 1.  MGA also designated Ms. Garcia to testify regarding the following

2   topics in the Second Notice:

3       Topic 1:  The origin, conception, creation, design, sculpting, development,
4       engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ
          DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether
5       such was released in any form to the public), including without limitation the
          timing thereof, the IDENTITY of each PERSON with knowledge thereof, the
6       IDENTITY of each PERSON involved therein, and the nature, extent and time
          period(s) of each such PERSON's involvement.

7       Topic 2:  The circumstances under which BRATZ or any BRATZ DESIGN first
          came to YOUR attention, including without limitation the timing, method and
8       manner thereof and the IDENTITY of each PERSON with knowledge thereof.

9       Topic 3:  The identity of each doll, product, work or item produced, developed,
          manufactured, licensed, sold or offered for sale by or for YOU or on YOUR
10      behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

11      Topic 4:  To the extent not covered by Topic 3, each EMBODIMENT of any
12      doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

13      Topic 5:  The work, activities and/or services that BRYANT performed for or
         with YOU or on YOUR behalf prior to June 30, 2001.

14      Topic 6:  The origin, conception and creation of DESIGNS that BRYANT
15      CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever
         claimed to have, any right, title or interest (whether in whole or in part).

16      Topic 7:  The identity of, and the design, development, sculpting, development,
17      engineering, rotocasting, modeling, prototyping and first sale of, any doll,
         product, work or item that has been produced, developed, manufactured,
         licensed, sold or offered for sale by, for or on behalf of YOU and that was
18      BASED ON any DESIGN referenced in Topic 6.

19      Topic 8:  Each EMBODIMENT of BRATZ that was CREATED prior to June
20      30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was
         CREATED prior to June 30, 2001.

21      Topic 9:  The DRAWINGS, including without limitation the authorship,
22      creation, dissemination and use thereof and the source, meaning, authenticity and
         timing of any dates thereof.

23      Topic 10:  The IDENTITY of each vendor or third party who performed or
24      contributed, or who was considered, solicited, requested, proposed or
         contemplated by YOU or BRYANT to perform or contribute, any activities,
25      work or services in connection with BRATZ or BRATZ DESIGNS prior to June
         30, 2001, YOUR COMMUNICATIONS therewith, and the nature, extent and
26      timing of such activities, work or services.

27      Topic 12:  The actual, proposed, requested or contemplated manufacture,
         fabrication or tooling (including the production of molds) of BRATZ, including

28

EXHIBIT 43 PAGE 234

1   without limitation the timing thereof and the IDENTITY of each manufacturer
2   and potential manufacturer used, proposed or considered.

3   Topic 13:  COMMUNICATIONS prior to June 30, 2001 between YOU and any
4   manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or
    potential manufacturer, distributor, wholesaler or retailer, that REFER OR
    RELATE TO BRATZ or any BRATZ DESIGN.

5   Topic 16:  COMMUNICATIONS BETWEEN YOU AND BRYANT prior to
6   January 1, 2001, including without limitation the content, means and timing of
    such COMMUNICATIONS, the IDENTITY of the PERSONS who were parties
7   thereto and the DOCUMENTS that REFER OR RELATE TO such
    COMMUNICATIONS.

8   Topic 17:  COMMUNICATIONS that BRYANT made for YOU or on YOUR
9   behalf with any PERSON other than YOU that REFER OR RELATE TO
    BRATZ prior to June 30, 2001.

10  Topic 29:  COMMUNICATIONS made by, for or on behalf of YOU, whether
11  directly or indirectly, with Anna Rhee, including without limitation since
    February 2005(but not including any such COMMUNICATIONS with her legal
12  counsel).

13  Topic 30:  COMMUNICATIONS between YOU and Veronica Marlow,
    Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),
14  Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR
    RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including
15  without limitation all DOCUMENTS that REFER OR RELATE TO such
    COMMUNICATIONS.

16  Topic 35:  COMMUNICATIONS between YOU and Universal Commerce
17  Corp., Ltd. prior to June 30, 2001.

18  Topic 36:  The source, meaning and authenticity of SL00013-14, including
    without limitation the timing of its creation and the handwriting thereon.

19
20  Zeller Decl., Ex. 3. The specific topics identified above for which Ms. Garcia has been

21  designated are relevant and proper.  It is unrealistic to require Mattel to cover the number and

22  breadth of topics for which Ms. Garcia has been designated to testify in a matter of fourteen

    hours.
23
24       In addition, just two days prior to the scheduled deposition, MGA produced

25  approximately 7,600 pages of documents.  Mattel has reviewed these documents and

26  determined that Ms. Garcia's name appears on the bulk of the documents.  Mattel also

27  determined that a significant portion of the documents pertain to a key period (2000 or the first

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT 43 PAGE 235

1   half of 2001) and that some deal with the early development of Bratz while Carter Bryant was

2   still with Mattel. Regardless of where the fault lies for the belated document production, Mattel

3   is entitled to a fair examination of the deponent regarding these 7,600 pages of documents.[6]

4        Mattel is also entitled to additional time to depose Ms. Garcia because MGA improperly

5   instructed her not to answer questions regarding MGA Mexico. See Zeller Decl., Ex. 9 at

6   439:10-442:6 and 445:14-18. Although the parties had an agreement to limit the scope of Ms.

7   Garcia's deposition to Bryant-related issues, that agreement was never presented to the court for

8   approval and therefore does not have the force and effect of a court order. In the absence of a

9   court order, an instruction not to answer is improper unless necessary to preserve a privilege.

10  See Fed.R.Civ.P. 30(d)(1).

11       In summary, the four factors above provide ample good cause to justify additional time

12  to depose Ms. Garcia.

13  **B.  Instructions Not To Answer Deposition Questions**

14       Mattel next contends that counsel improperly asserted the attorney-client privilege as to

15  certain deposition questions. In opposition, MGA contends that counsel properly instructed Ms.

16  Garcia not to answer to avoid revealing the substance of protected attorney-client

17  communications.

18       The attorney-client privilege protects an attorney's communication of legal advice to his

19  client, as well as the client's communication of information to the attorney "to enable him to give

20  sound and informed advice." Upjohn Co. v. United States, 449 U.S. 383, 390 (1981). The

21  protection extends only to communications; however, it does not extend to the facts underlying

22  privileged communications. Id. at 395-96. The Ninth Circuit has described the elements of the

23  attorney-client privilege as follows: "(1) When legal advice of any kind is sought (2) from a

24

_____

25

26  [6]  Furthermore, during the hearing, Mattel indicated that MGA produced more than 100,000 documents after Ms. Garcia's deposition. This production of documents provides additional justification for resuming Ms. Garcia's deposition.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                      12

EXHIBIT 42 PAGE 236

1  professional legal adviser in his or her capacity as such, (3) the communications relating to that

2  purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently

3  protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be

4  waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir.2002). The party asserting the

5  privilege has the burden of establishing that the privilege applies. In re Grand Jury Investigation,

6  974 F.2d 1068, 1070 (9th Cir. 1992).

7        In the first excerpt at issue, counsel, Ms. Torres, interjected an objection and instruction

8  not to answer:

9        Q:  How is it that you learned Carter Bryant was employed by Mattel as of the
        time that he had this meeting with you and others that you reference as occurring
10       on September 1, 2000?

11       Ms. Torres:  I object and instruct the witness not to answer if her answer involves
        communications with counsel.
12
        The Witness:  Then I can't answer the question.
13

14  Garcia Depo. at 273:6-14, Zeller Decl., Ex. 9.  This objection is sustained because a response

15  would have necessarily revealed the substance of a protected attorney-client communication.

16       In the next excerpt at issue, Mattel posed another question regarding Mr. Bryant's

17  employment with Mattel:

18       Q:  What facts are you aware of from any source as to whether or not Mr. Bryant
        was still working for Mattel as of September 1, 2000?
19
        Ms. Torres:  I am going to caution the witness not to disclose attorney-client
20       communications.  If you can answer that otherwise, go ahead.

21       The Witness:  Then I can't

22       (Instruction not to answer.)

23       Mr. Page:  I pose an objection as to form.

24       The Witness:  I can't answer the question.

25       Mr. Zeller:  Because of the instruction?

26       The Witness:  Yes.

27  //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT 43 PAGE 237

1  Garcia Depo. at 273:20-275:2, Zeller Decl., Ex. 9. The objection is sustained because of the

2  way the question is phrased. If the question had been posed differently, without reference to the

3  source of information and called for disclosure of facts only, the objection would have been

4  improper.

5      In the following excerpt, Ms. Garcia was asked how she learned of the arbitration

6  between Isaac and Fred Larian:

7      Q: At some point, did you come to learn that there was an arbitration or
   litigation between Isaac Larian and Fred Larian?

8

9      A: Yes.

   Q: How did you learn that?
10

11  (Ms. Torres): Objection, I'm going to instruct the witness not to answer if she
   learned from counsel.

12  The Witness: I believe it was — I believe it was through his — Isaac's assistant.

13  Mr. Zeller: Was it — I'm blanking on her name. Was it still Dede Brown? Was
   it still Dede Brown at that time?

14

15  A: I don't think so, but I'm not sure.

16  Garcia Depo. at 349:7-21; Zeller Decl., Ex. 9. Ms. Garcia answered the question posed to her

17  and therefore the objection is moot.

18      In the next section, Ms. Garcia also gave a response to the question posed:

19  Q: So is it fair to say that you don't have any knowledge or information as to
   when it is that Mr. Bryant first created Bratz in any form?

20  Ms. Torres: Objection, vague, calls for a legal conclusion.

21  The Witness: Outside of privileged and confidential?

22  Ms. Torres: I will instruct you not to answer to the extent you have knowledge
   that comes solely from counsel.

23

24  The Witness: No.

25  Garcia Depo. at 291:12-22, Zeller Decl., Ex. 9. Because Ms. Garcia gave a response, the

26  objection is moot.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14

EXHIBIT 42 PAGE 238

In the following excerpts, Mattel sought to question Ms. Garcia about what caused her to change her testimony after returning from a break in the deposition:

A: I don't mean to interrupt. I want to state something before we got started. With some more thought during our break, I just wanted to state for the record that I am very sure that Margaret Leahy received the armature engineering drawings that I mentioned in my earlier testimony. I originally mentioned I wasn't sure, but I'm very sure she received that sketch.

Q: What's your basis for now being very sure of that?

A: Taking a few minutes with fresh air and thinking through my memory more clearly. My memory is more sharp and more clear.

Q: Between the time that you gave your prior answers about that particular drawing and now, you obviously had discussions with MGA's counsel, is that correct?

A: Yes.

Q: Did you discuss with them that particular drawing?

Ms. Torres: I instruct the witness not to answer on the grounds of attorney-client privilege.

(Instruction not to answer.)

The Witness: I can't answer that question.

(By Mr. Zeller)
Q: Did you look at the armature drawing that you're referring to?

A: During the break?

Q: Yes.

A: No.

Q: It's fair to say what you learned about that drawing was told to you by MGA's lawyers during the break?

Ms. Torres: Objection, misstates the witness' testimony and calls for attorney-client privilege communications. If you can answer without revealing attorney-client privileged communications, go ahead.

The Witness: I can't answer the question.

(By Mr. Zeller)
Q: Based upon the instruction that your counsel is giving you?

A: Yes.

1   Garcia Depo. at 617:16-619:2.  The objections are overruled.  The questions did not require Ms.

2   Garcia to reveal the content of an attorney-client communication.  Rather, the questions posed

3   called for disclosure of underlying facts to which Mattel is entitled.

4                                          IV. CONCLUSION

5          For the reasons set forth above, additional time to depose Paula Garcia in her individual

6   capacity and as a Rule 30(b)(6) designee is necessary for a fair examination pursuant to Rule

7   30(d)(2) and Rule 26(b)(2), Fed.R.Civ.P.  MGA shall make Ms. Garcia available for deposition

8   for an additional fourteen hours.[7]  Upon resumption of her deposition, Ms. Garcia shall provide

9   answers to the two questions where counsel's objections have been overruled.  The deposition

10  shall be held at a mutually agreeable date and time, and shall be completed no later than

11  September 28, 2007.  The motion for sanctions is denied.

12         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

13  Master, Mattel shall file this Order with the Clerk of Court forthwith.

14

15  Dated: August 14, 2007

16                                          HON. EDWARD A. INFANTE (Ret.)
                                            Discovery Master

17

18

19

20

21

22

23

24

25     [7] During oral argument, MGA implied it may de-designate Ms. Garcia as to some topics.  Without
    determining whether such a practice is proper or improper, if MGA does de-designate Ms. Garcia as to some topics,
26  it will have no bearing on the finding that fourteen hours are necessary for a full and fair examination of Ms. Garcia
    in her individual and corporate capacities.
27

28

EXHIBIT 42 PAGE 249

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 14, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION FOR AN EXTENSION OF TIME TO DEPOSE PAULA GARCIA IN HER INDIVIDUAL CAPACITY AS A 30(b)(6) DESIGNEE; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 14, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT 42 PAGE 241

# EXHIBIT 44

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**