1 KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
2 jkeker@kvn.com
MICHAEL H. PAGE - #154913
3 mpage@kvn.com
CHRISTA M. ANDERSON - #184325
4 canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
5 mwerdegar@kvn.com
710 Sansome Street
6 San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
7 Facsimile:  (415) 397-7188

8 Attorneys for Plaintiff
CARTER BRYANT

9

10

11               UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA
12
                       EASTERN DIVISION
13

14

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S JOINDER IN NONPARTY'S OPPOSITION TO MATTEL, INC'S *EX PARTE APPLICATION* TO (1) COMPEL DEPOSITIONS OF ELISE CLOONAN, MARGARET HATCH-LEAHY, AND VERONICA MARLOW OR (2) IN THE ALTERNATIVE, MODIFY THE SCHEDULING ORDER**<br><br>Date:      November 20, 2007<br>Time:      10:00 a.m.<br>Dept:      Courtroom 1<br>Judge:    Hon. Stephen G. Larson<br><br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

Carter Bryant hereby joins in non-parties Elise Cloonan's, Margaret Hatch Leahy's, and Veronica Marlow's Opposition to Mattel, Inc.'s Ex Parte Application to Compel Depositions or in the Alternative, Modify the Scheduling Order. Bryant agrees with the arguments made by these non-parties in their opposition motion. Specifically, Bryant opposes Mattel's motion because it calls for the unilateral scheduling of these depositions without regard to the schedules. Bryant's counsel is unavailable from November 26 – November 30, 2007.

In addition, we write separately to oppose Mattel's proposed alternative relief. Mattel has suggested that, in the event the three depositions do not go forward on the dates it has unilaterally demanded, Mattel should be permitted to ignore the discovery cutoff in this matter to take whatever "followup" discovery it chooses for a period of sixty days thereafter.

There is no basis in logic or law for such a request. Mattel does not suggest how the parties are to determine what constitutes followup discovery subject to the exemption they propose. We expect that Mattel will make that decision unilaterally and expansively, finding some basis to link any further discovery topic it seeks to one of the three deponents. After all, they need only have asked an arguably related question of one of the three witnesses, at which point one of two things will happen: either (a) the witness will have no knowledge of the topic (in which case Mattel will justify seeking discovery from others on the ground that they unexpectedly failed to get the information from these witnesses), or (b) the witness will have some knowledge of the topic (and thus her testimony will be cited as a lead to further areas of inquiry).

The Court should not countenance this one-sided attempt at self help. Any deposition, taken by any party, will inevitably suggest additional discovery. If that, standing alone, justified extending discovery cutoffs, there would be no cutoff at all. There will always be discovery taken in the final month, and that discovery will always suggest yet more. There is no basis to treat these particular depositions

1  any differently than any others.  If any party discovers something new on the eve
2  of a discovery cutoff, the remedy is to approach the Court and seek leave to take
3  specific additional discovery after the cutoff.  But before the Court grants such a
4  request, the moving party will need to show more than just a relationship between
5  the requested discovery and another deposition.  Relief from the discovery cutoff
6  requires a showing that the requested discovery could not, with reasonable
7  diligence, have been completed within the cutoff, which typically requires some
8  showing that information was unfairly concealed.[1]

     Mattel asks carte blanche of this Court to bypass that showing, and be allowed to decide for itself what discovery it may take after the discovery cutoff. The Court should reject that request.

Dated:  November 16, 2007                    KEKER & VAN NEST, LLP


By:   /s/ Michael H. Page   _____
      MICHAEL H. PAGE
      Attorneys for Defendant
      CARTER BRYANT

---

[1] That showing will be difficult to make in this instance, where the witnesses in question have been known to Mattel since this case was filed years ago, but were first subpoenaed for deposition yesterday. Moreover, it appears that, to the extent those depositions have been delayed, it is due primarily to Mattel's overbroad demands that these witnesses' irrelevant personal records be produced in advance of deposition.