QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL:<br><br>(1) DEPOSITION OF CARLOS GUSTAVO MACHADO GOMEZ; AND<br><br>(2) CONSENT TO PRODUCTION OF ELECTRONIC MAIL MESSAGES<br><br>Hearing Date:  TBA<br>Time:          TBA<br>Place:         Telephonic<br><br>Discovery cutoff:      January 28, 2007<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:            May 27, 2008 |

07209/2292967.2

DECLARATION OF JON D. COREY

# DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bars of the State of California and the District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of Mattel's Second Amended Answer and Counterclaims, dated July 12, 2007.

3. Attached hereto as Exhibit 2 is a true and correct copy of Machado's Amended Answer and Affirmative Defenses, dated September 24, 2007.

4. Attached hereto as Exhibit 3 is a true and correct copy of Isaac Larian's Answer and Affirmative Defenses, dated August 13, 2007.

5. Attached hereto as Exhibit 4 is a true and correct copy of an email from the email address <plot04@aol.com> to Isaac Larian, dated March 22, 2004.

6. Attached hereto as Exhibit 5 is a true and correct copy of an email dated March 30, 2004 from Tom Park, MGA's Chief Operating Officer, copying Isaac Larian, to the <plot04@aol.com> email address.

7. Attached hereto as Exhibit 6 is a true and correct copy of an email from Isaac Larian to the <plot04@aol.com> email address dated March 23, 2004, 2007.

8. On June 4, 2007, Mattel served its Notice of Deposition of Carlos Gustavo Machado Gomez ("Machado"), a true and correct copy of which is attached hereto as Exhibit 7.

-2-

DECLARATION OF JON D. COREY

9. Attached hereto as Exhibit 8 is a true and correct copy of a letter from Michael T. Zeller to Jim Jenal and William J. Charron, dated July 6, 2007, that summarizes this meet and confer.

10. In the weeks after this letter, my partner, Michael Zeller, requested a deposition date for Machado. On August 15, 2007, I sent a letter to Mr. Spertus requesting a meet and confer on this subject. Attached hereto as Exhibit 9 is a true and correct copy of a letter I sent to James W. Spertus, dated August 15, 2007.

11. On August 22, 2007, I received a letter from Mr. Spertus responding to these requests and proposing several potential deposition dates for Machado. In this letter, Mr. Spertus explained that he would have to check with Machado to confirm a specific date for his deposition. Attached hereto as Exhibit 10 is a true and correct copy of this letter.

12. I received a follow-up letter from Mr. Spertus dated September 3, 2007 stating that October 26, 2007 was an acceptable date for Machado's deposition. Attached hereto as Exhibit 11 is a true and correct copy of this letter.

13. Mattel served a Notice of Deposition for Machado on the following day. Attached hereto as Exhibit 12 is a true and correct copy of a Notice of Deposition of Carlos Gustavo Machado, dated September 4, 2007.

14. On September 14, 2007, I sent an e-mail message to Michael Page, Amman Khan and Diana Torres attaching a Microsoft Word Document that listed Machado under a heading of "Witnesses Whose Dates Have Been Agreed Upon And Set After Meet and Confers Requested By Mattel," and stating that Machado's deposition was set for October 26, 2007. Attached hereto as Exhibit 13 is a true and correct copy of this email and this attachment.

15. During meetings of counsel on September 18 and 21, 2007, counsel for MGA confirmed that Machado's deposition would take place on October 26, 2007. Attached hereto as Exhibit 14 is a true and correct copy of a letter I sent to Mr. Khan, dated September 25, 2007, summarizing these meet and confers.

07209/2292967.2 07209/22 92967.2
-3-
DECLARATION OF JON D. COREY

1    16.    On October 2, 2007, Mr. Spertus withdrew as counsel for Machado and the Court granted the substitution of Overland, Borenstein, Scheper & Kim, LLP as Machado's counsel. Attached hereto as Exhibit 15 is a true and correct copy of the Order On Request for Approval of Substitution of Attorney, dated October 2, 2007.

17.    In a phone conversation on October 5, 2007, Machado's new counsel, Alexander Cote, spoke to my partner, Dylan Proctor about Machado's deposition, among other things. Attached hereto as Exhibit 16 is a true and correct copy of an e-mail message from Alexander Cote to B. Dylan Proctor, dated October 5, 2007, summarizing this conversation.

18.    On October 15, the Court granted a "soft stay" for a period of two weeks. Attached hereto as Exhibit 17 is a true and correct copy of the Order Regarding Status Conference ("October 15 Stay Order"), which imposed a "soft stay" until October 31, 2007.

19.    Attached hereto as Exhibit 18 is a true and correct copy of the October 31, 2007 Order Regarding Status Conference ("October 31 Stay Order"), which extended the stay for an additional two weeks.

20.    On October 17, 2007, Mr. Proctor met and conferred with Mr. Cote on numerous subjects, including Machado's deposition. During this discussion, Mr. Cote informed Mattel for the first time that Machado would not be able to attend his deposition on October 26, 2007, explaining that Machado and his co-conspirators had been indicted on criminal charges in Mexico because of their theft of Mattel's trade secrets. As a result, Machado faced restrictions on his travel and was unable to leave Mexico to attend the deposition. Mr. Cote also said that because of the criminal charges pending against him in Mexico, Machado would be invoking the Fifth Amendment to some, but not all, of the questions posed to him at deposition. Mr. Cote asked Mattel to consider a stipulation that Machado will assert his Fifth Amendment Privilege to avoid the need for a deposition entirely. Mr.

-4-

Proctor sent Mr. Cote a letter the next day declining the offer and explaining that such a stipulation was not an adequate substitute for a deposition because Machado cannot agree that he will invoke the Fifth Amendment for all questions. Attached hereto as Exhibit 19 is a true and correct copy of this letter, dated October 18, 2007, which also summarizes the meet and confer of October 17, 2007.

21. Mattel received no response to this letter. Therefore, on October 24, 2007, Stephen Hauss sent another letter to Mr. Cote requesting, among other things, "dates in November [] when Machado will be available for his deposition." Attached hereto as Exhibit 20 is a true and correct copy of a letter from Stephen Hauss to Cote, dated October 24, 2007.

22. In a telephonic conference the following day, Mr. Cote refused to provide dates for Machado's deposition because of the restrictions on Machado's mobility imposed as a result of his criminal indictment. Mr. Hauss responded by letter to Mr. Cote the following day, offering to take Machado's deposition in Mexico in order to obviate Machado's travel issues and asking that Mr. Cote provide Mattel with dates Machado would be available by October 30, 2007. Attached hereto as Exhibit 21 is a true and correct copy of this letter, dated October 25, 2007, that also summarizes the telephonic conversation of the previous day.

23. Mattel sent an additional letter to Machado, MGA and Bryant on October 26, 2007 that requested that all of the outstanding discovery owed to Mattel, including Machado's deposition, be provided in order to avoid motion practice. Attached hereto as Exhibit 22 is a true and correct copy of a letter from Zeller to Cote, Thomas J. Nolan and Michael Page, dated October 26, 2007.

24. Because Mattel received no response to Mr. Zeller's letter of October 26, 2007, Mr. Zeller sent another letter to MGA on October 29, 2007, reiterating the need to discuss rescheduling Machado's deposition. Attached hereto as Exhibit 23 is a true and correct copy of this letter, dated October 29, 2007.

25. Mr. Cote responded in a November 1, 2007 letter. He explained that Machado would assert his Fifth Amendment right to most of Mattel's questions, so that the deposition "[would] not be fruitful." Although Mr. Cote mentioned for the first time that Machado may be available for deposition at the end of November in the United States, he still provided no dates. In addition, Mr. Cote accused Mattel of "insist[ing] on conducting the deposition" in Mexico and claimed that it made "little sense" to hold the deposition in Mexico given his plan to assert the Fifth Amendment to some questions. Attached hereto as Exhibit 24 is a true and correct copy of a letter from Cote to Zeller, Corey, Proctor and Hauss, dated November 1, 2007.

26. Mr. Zeller responded in a November 3, 2007 letter. He explained that Mattel merely offered to take the deposition in Mexico, and was amendable to taking it in the location of Machado's choosing -- Los Angeles or Mexico City, Mexico. Mr. Zeller also pointed out that Mr. Machado could not rely on a blanket claim of his Fifth Amendment right to avoid the deposition entirely, but instead must assert the privilege in response to specific questions. Again, Mr. Zeller requested deposition dates for either location and asked that Machado respond by November 9, 2007. Attached hereto as Exhibit 25 is a true and correct copy of a letter from Zeller to Cote, dated November 3, 2007.

27. Mr. Cote responded in a November 5, 2007 letter. Attached hereto as Exhibit 26 is a true and correct copy of a letter from Cote to Zeller, dated November 5, 2007.

28. Attached hereto as Exhibit 27 is a true and correct copy of the Order Granting Mattel, Inc.'s Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(B)(6), dated May 16, 2007.

29. Attached hereto as Exhibit 28 is a true and correct copy of the July 5, 2007 Minute Order.

1  30. Attached hereto as Exhibit 29 is a true and correct copy of Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated September 24, 2007.

31. Attached hereto as Exhibit 30 is a true and correct copy of Mattel's First Set of Requests for Documents and Things to Machado, dated September 11, 2007.

32. Attached hereto as Exhibit 31 is a true and correct copy of Mattel's Notice of Subpoena Issued to Yahoo!, dated October 29, 2007.

33. Attached hereto as Exhibit 32 is a true and correct copy of a letter I sent to Machado, care of Mr. Cote, dated October 29, 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 15, 2007, at Los Angeles, California.

*/s/ Jon D. Corey*
Jon D. Corey