THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:      tnolan@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
Telephone:  (212) 735-3000
Facsimile:   (212) 735-2000
E-mail:      kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC.,
ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED,
and MGAE de MEXICO S.R.L. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>           Plaintiff,<br><br>      v.<br><br>MATTEL, INC., a Delaware corporation<br><br>           Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**COUNTER-DEFENDANTS' OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION TO (1) COMPEL DEPOSITIONS OF ELISE CLOONAN, MARGARET HATCH-LEAHY, AND VERONICA MARLOW OR (2) IN THE ALTERNATIVE, MODIFY THE SCHEDULING ORDER**<br><br>Honorable Stephen G. Larson<br><br>Date:  November 20, 2007<br>Time:  10:00 a.m.<br>Place: Courtroom 1 |

COUNTER-DEFENDANTS' OPP. TO MATTEL'S *EX PARTE* APP. TO COMPEL DEPS. OR MODIFY SCHED. ORDER

Counter-defendants MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, "counter-defendants") hereby join in the oppositions filed by non-parties Elise Cloonan, Margaret Hatch-Leahy and Veronica Marlow (collectively, the "Non-Parties") and by defendant Carter Bryant to Mattel's *Ex Parte* Application to (1) Compel Depositions of Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow or (2), in the Alternative, Modify the Scheduling Order.  The Court should also reject Mattel's *ex parte* application as improper and without merit for the following additional reasons.

Mattel's *ex parte* application exemplifies the type of excessive and improper tactics that Mattel and its counsel have employed throughout discovery in this case. In all actions, particularly large-scale lawsuits such as this one, depositions are frequently scheduled and then rescheduled (sometimes several times) in order to accommodate the witnesses, the attorneys, and the parties involved.  Rather than accept this is an inherent part of litigation, Mattel and its counsel have mutated the deposition scheduling issues in this case into some purported conspiracy between counter-defendants, Mr. Bryant, the Non-Parties, and their counsel to prevent depositions from taking place and otherwise avoid compliance with the discovery rules.  Mattel's alleged conspiracy is absurd and void of any factual basis.

Contrary to Mattel's assertions, counter-defendants have worked in good faith to provide requested witnesses for deposition within reasonable timeframes.  Mattel has been able to take dozens of depositions in this case, including multiple Rule 30(b)(6) witnesses provided by counter-defendants.  Moreover, despite Mattel's constant and excessive barrage of discovery requests, counter-defendants have made a reasonable, good faith effort to produce relevant and responsive information.  For example, counter-defendants have produced more than 2 million pages of documents in response to Mattel's hundreds of document requests.

Mattel's assertion that counter-defendants, their employees, and other non-parties have only appeared for deposition when "ordered to do so" is grossly misleading. Rather than schedule depositions like most litigants do—through deposition notices and subpoenas—Mattel has insisted that witnesses enter into stipulations and orders for deposition dates that have already been agreed to. As Mattel's *ex parte* application makes clear, the purpose of this approach is to allow Mattel to vilify its opponents by arguing inaccurately that Mattel needed an "order" to get the opposing parties' witnesses to show up for deposition. Indeed, Mattel tried this same approach with the Non-Parties. In fact, the first time that Mattel issued deposition subpoenas to the Non-Parties was the same day that it filed its *ex parte* application. The Court should not condone such unprofessional behavior.

For the reasons set forth above and in the oppositions filed by Mr. Bryant and the Non-Parties, counter-defendants respectfully request that the Court deny Mattel's *ex parte* application in its entirety.

DATED: November 16, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: /s/ Thomas J. Nolan
Thomas J. Nolan

Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.