QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION TO (1) COMPEL DEPOSITIONS OF ELISE CLOONAN, MARGARET HATCH-LEAHY, AND VERONICA MARLOW OR (2) IN THE ALTERNATIVE, MODIFY THE SCHEDULING ORDER<br><br>Date:   November 20, 2007<br>Time:   10:00 a.m.<br>Place:   Courtroom 1<br><br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:              May 27, 2008 |

07209/2298111.1

-1-
SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

# DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On November 12, 2007, Larry McFarland, counsel for Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow, informed Mattel that these witnesses would not be available for deposition until mid-December, or in the case of Ms. Marlow, next year. I replied to Mr. McFarland by letter on November 13, 2007 and informed him that his proposed deposition dates were unacceptable. I also asked him to contact me by the end of Wednesday, November 14, 2007, to let me know whether he would provide earlier dates for these depositions or whether some other arrangement could be made to ensure that Mattel is not prejudiced by the witnesses' delays. These letters are attached as Exhibits 28 and 29 to my Declaration dated November 15, 2007.

3. Before noon on Wednesday, November 14, 2007, Mr. McFarland sent a letter asking me to inform him which judge Mattel intended to seek relief from should the parties be unable to resolve their differences. Attached hereto as Exhibit 1 is a true and correct copy of this letter.

4. In response to Mr. McFarland's request, I called him that afternoon to inform him where Mattel would be filing its application for *ex parte* relief, if necessary. Mr. McFarland has declared that I did not engage in any discussions to confer about the dispute during that call. See Declaration of Larry McFarland, dated November 16, 2007 at ¶ 12. To the contrary, I asked Mr. McFarland what his clients' positions were during the call. Mr. McFarland said he understood that there were two issues: (i) whether he would provide earlier depositions dates, and (ii) whether he would stipulate to deposition dates. I

confirmed these were indeed the issues.  Mr. McFarland then informed me that he would neither provide earlier deposition dates nor stipulate to any dates.  Accordingly, I gave *ex parte* notice during the call.

5.  Mattel has been attempting to schedule the depositions of Ms. Cloonan, Ms. Hatch-Leahy, and Ms. Marlow since June 2007.  As a professional courtesy, Mattel did not serve subpoenas on these witnesses at that time but instead requested dates informally.  This is Mattel's typical practice.  In fact, the parties agreed this fall that they would generally not notice depositions until they had requested available dates informally, confirming this practice.  Attached hereto as Exhibit 2 is a true and correct copy of a letter my partner, Jon Corey, sent to Amman Kahn, counsel for MGA, dated September 25, 2007, summarizing the parties' agreement to request dates informally before noticing depositions.  However, on November 15, 2007, it became clear that the parties would not reach agreement as to when the depositions of Ms. Cloonan, Ms. Hatch-Leahy, and Ms. Marlow would take place.  Accordingly, Mattel served deposition subpoenas on these witnesses, through counsel, at that time.  True and correct copies of the deposition subpoenas that Mattel served on Ms. Cloonan, Ms. Hatch-Leahy, and Ms. Marlow on November 15, 2007 are attached as Exhibits 39-41 to my Declaration dated November 15, 2007.

6.  Attached hereto as Exhibit 3 is a true and correct copy of a letter Mr. Corey sent to Mr. Kahn, dated September 14, 2007.

7.  Attached hereto as Exhibit 4 is a true and correct copy of an email Mr. Kahn sent to Mr. Corey, dated September 25, 2007.

8.  Attached hereto as Exhibit 5 is a true and correct copy of a letter Susan Wines, my former partner, sent to Mr. McFarland, dated September 13, 2007.

9.    I am informed and believe that to date, MGA Entertainment, Inc. and Carter Bryant have served 1055 requests for production of documents and things, at least 60 subpoenas for non-party discovery, and 30 interrogatories.  I am also informed and believe that to date, MGA and Bryant have deposed at least 17 individuals, whether as individuals or designees.  MGA and Bryant have also propounded 142 <u>Rule</u> 30(b)(6) topics on Mattel, whereas Mattel has propounded far fewer <u>Rule</u> 30(b)(6) topics on MGA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 19, 2007, at Los Angeles, California.

            <u>/s/ B. Dylan Proctor</u>
            B. Dylan Proctor