KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Date:     December 3, 2007<br>Time:    10:00 a.m.<br>Dept:    Courtroom 1<br>Judge:  Hon. Stephen G. Larson<br><br>Date Comp. Filed: April 13, 2005<br><br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

## I. INTRODUCTION

Mattel seeks leave to file at least 37 additional interrogatories—masquerading as one, but seeking a full account of all details supporting each and every affirmative defense raised—and to do so without counting them among the 50 interrogatories that the Court has already authorized per side in this litigation, and that Mattel has exhausted. Such a vast expansion of Mattel's (and no other party's) interrogatories would be unduly burdensome and unfair to Bryant and the MGA defendants, and is neither necessary nor reasonable. Nor would it satisfy Mattel's insatiable appetite for more discovery, through which Mattel seeks to make this relatively straightforward case as complex and burdensome as possible. Mattel's motion should be denied.

## II. ARGUMENT

Mattel seeks a vast and unreasonable expansion of the interrogatories the Court has authorized in this case, offering no real justification beyond Mattel's own failure to plan strategically. The Court should not reward Mattel's lack of foresight or encourage its insatiable desire for discovery by imposing unreasonable burdens on Bryant and MGA, and should deny Mattel's motion.

**A.  Mattel must make a particularized showing of good cause to justify additional interrogatories.**

Like any other form of discovery authorized under the Federal Rules, excess interrogatories may be permitted only where they are consistent with the general principles set forth in Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 33(a) ("Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)."). Under Rule 26, the Court "shall" limit discovery (i) if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, (ii) " if "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought," *or* (iii) if

1
CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

"the burden or expense of the proposed discovery outweighs its likely benefit," taking into account the needs of the case and other factors. Fed. R. Civ. P. 26(b)(2)(C). Accordingly, a "particularized showing" of need under the Rule 26 principles is required to support a request for additional interrogatories under Rule 33(a). *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586-87 (D. Minn. 1999); *see also Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001) ("The party seeking leave must set forth a 'particularized showing' to exceed the limit of twenty-five interrogatories."); *Whittingham v. Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995) (Federal Rules require party to make specific showing of necessity, and to first exhaust available discovery before seeking leave of Court for supplemental discovery).

Mattel points to the Court's statements at the February 12, 2007 scheduling conference that more interrogatories would be authorized "if there's a need for it," rather than evaluating its request under the rules outlined above. Bryant and the MGA defendants appreciate that the Court is willing to provide additional discovery, if needed, but Mattel must still demonstrate a particularized need under the principles set forth in the Federal Rules. Mattel has not done so here, nor can it.

**B.  The additional interrogatories Mattel seeks should be denied because they are not consistent with the principles of Rule 26.**

First, a clarification. Mattel repeatedly states that it seeks leave to serve "a single interrogatory." *E.g.*, Motion at 1. However, its own analysis (applying Judge Infante's ruling on exactly this point) indicates that the "single" interrogatory is not in fact one, but the compound equivalent of at least 37 separate interrogatories. *See* Motion at 3, 7; Proctor Decl. Exh. 15 (September 5, 2007 Discovery Order) at 7-8. The Court should disregard Mattel's attempt to minimize the impact of the additional interrogatories it seeks, and should evaluate (and deny) Mattel's request based on its true, extensive scope. By Mattel's own count, its

2
CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

current request would increase the 50 interrogatories the Court has already authorized by more than two-thirds, and would bring the total number of interrogatories Mattel will have propounded to at least 87, more than three times the presumptive limit of 25 authorized under Rule 33. *See* Fed. R. Civ. P. 33(a).

Aside from this attempt to downplay the scope of what it seeks, Mattel's principal justification for seeking more interrogatories is that it has used the 50 interrogatories the Court already authorized, on other matters, and does not have enough left to ask all the questions it wants. *See* Motion at 8 ("Because [Mattel's additional interrogatories] cannot be asked and answered within the limits previously set by the Court, the Court should grant Mattel leave to propound this interrogatory as a stand-alone, supplemental interrogatory that does not count towards the fifty interrogatory limit."). In other words, Mattel claims it should get more interrogatories because it wants them. This is plainly insufficient under Rule 26(b), which sets standards precisely to impose a measure of judicial restraint on litigants' desire for vast and burdensome discovery. *See* Fed. R. Civ. P. 26(b)(2)(C). Although the Court may increase the allowed interrogatories in the face of a particularized showing of need, interrogatories are not intended to be unlimited either under the current Rules or this Court's prior rulings. *See id.*; 8A Wright & Miller, Fed. Prac. & Proc. § 2168.1 (explaining that the current numerical limits were adopted in 1993 in part because other mandatory discovery disclosures reduce the need to rely on interrogatories).

Mattel also argues that it is entitled to additional interrogatories because they would seek "relevant information Mattel is entitled to discover." Motion at 8. But while additional interrogatories might indeed help Mattel to obtain relevant information, that too is not the standard for more discovery under Rule 26. *See* Fed. R. Civ. P. 26(b)(2)(C). The fact that the information sought is relevant is certainly a necessary precondition for additional interrogatories—they would be

3

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

entirely inappropriate otherwise—but it is far from a sufficient one. Mattel must also demonstrate that it could not obtain the information through already-authorized discovery means. Mattel's claim that contention interrogatories are the preferred form of discovery for obtaining the information it is seeking, regardless of the burden such interrogatories place on Bryant and the MGA defendants, *see* Motion at 9, does not satisfy its burden under Rule 26.

In sum, Mattel has failed to make a particularized showing of need to take additional discovery through the means of contention interrogatories with respect to any of the defendants' asserted affirmative defenses.

**C.   Mattel already has had ample opportunity through interrogatories and other discovery means to obtain the information it is seeking, and it should not be rewarded for the strategic decision to use its interrogatories to obtain information on other topics.**

Mattel already has been granted 50 interrogatories against each defendant in this case. In February 2007, the Court granted each side 50 interrogatories. Proctor Decl. Exh. 8; *id.* Exh. 9. The Discovery Master has since ruled that Mattel may serve an identical interrogatory on all six defendants, using only one of its 50 interrogatories, making the actual count greatly lopsided in Mattel's favor. *See* Proctor Decl. Exh. 15 (September 5, 2007 Discovery Order), at 4 ("Although the district court's order does not speak directly to this issue, the most reasonable approach is to count one identical interrogatory served on all six of the Defendants as one interrogatory."). Thus, even without the supplemental interrogatories it seeks here, Mattel already has been granted the right to serve 50 interrogatories on each of the defendants in this case. And Mattel has now used all of these 50 interrogatories. Indeed, while the present motion was pending—and thus without knowing or, apparently, caring whether it would obtain leave to serve additional interrogatories relating to the defendants' affirmative defenses that it claims are so important—Mattel elected to serve four additional sets of interrogatories (its Fourth through Seventh), more than exhausting its last nine interrogatories. *See*

4
CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

Declaration of Audrey Walton-Hadlock ("Walton-Hadlock Decl.") Exhs. A–D; Proctor Decl. Exh. 15 (September 5, 2007 Discovery Order).

Taken together with all of the other discovery Mattel has taken in this litigation, those 50 interrogatories are more than adequate. In addition to the 50 interrogatories it has now served on each defendant, Mattel has issued thousands of requests for admission, many of which are disguised interrogatories that improperly seek discovery, not admissions. *See, e.g.*, Walton-Hadlock Decl. ¶ 3 (Mattel's Sixth Set of Requests for Admission to Bryant contains 782 RFAs); *id.* Exh. E (Mattel's Fourth Set of Requests for Admission to Bryant (157 RFAs)); *cf.* 8A Wright & Miller, Fed. Prac. & Proc. Civ. 2d § 2168.1 (explaining that requests for admission should not be used to substitute for other forms of discovery). Mattel also has taken nearly twenty depositions to date, including three full days of testimony from Carter Bryant. And Mattel has issued hundreds of requests for production, which have resulted in the production of more than three million pages of documents by the defendants in this case. In short, Mattel has had every opportunity to explore and test Bryant and the MGA defendants' affirmative defenses in this litigation, but it instead chose to focus its discovery on other topics.

Despite Mattel's claims to the contrary, Mattel has known for a long time that most of the affirmative defenses defendants have raised were at issue in the case. As stated in Mattel's Motion, Bryant raised nineteen affirmative defenses in his May 14, 2004 answer to Mattel's original claims against him. Motion at 1; Proctor Decl. Exh. 1. Most of the fourteen affirmative defenses in Bryant's most recent pleading are identical to the defenses he raised more than three years ago in that original answer to Mattel's original (and largely overlapping) claims against him, although many now provide more factual detail. *See* Walton-Hadlock Decl. Exh. F (Bryant's Second Amended Reply to Counterclaims). Similarly, many of

5

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

the claims raised in MGA's own complaint against Mattel plainly overlap with MGA's affirmative defenses to Mattel's claims. *See* Walton-Hadlock Decl. Exh. G (MGA's Complaint); Walton-Hadlock Decl. Exh. H (MGA's Amended Answer); Motion at 3 (listing defenses). Thus, Mattel was on notice of many of defendants' affirmative defenses well before the most recent pleadings reflecting them, and before Mattel had expended its allotment of interrogatories.

Mattel could have chosen to reserve some of its 50 interrogatories to investigate defendants' inevitable affirmative defenses, to the extent any defenses might raise novel or surprising issues. It chose not to, squandered its wealth of interrogatories, and now asks the Court simply to ignore that choice. The Court should not reward Mattel for its own conscious strategic choices, especially when Mattel has already had ample opportunity to obtain discovery in this litigation through interrogatories and other means, and additional discovery would unreasonably burden defendants. *See* Fed. R. Civ. P. 26(b)(2)(C). Rather, the Court should consider Mattel's request for additional interrogatories in the broader context of other discovery in this case, including Mattel's established pattern of seeking ever-increasing discovery. That context, as well as the sweeping nature of Mattel's request at issue, makes clear that judicial control—not additional interrogatories—is called for here.

Mattel has made clear by its actions that whatever discovery the parties agree to or the Court authorizes, Mattel will always want more. Indeed, separate and apart from the additional interrogatories it is requesting in the present motion, Mattel has stated in meet and confer correspondence with the defendants that it intends to request leave to serve 10-15 more interrogatories on other topics. Mattel also has indicated that it intends to seek leave to take dozens more depositions, for a total number of depositions far beyond the limit of 24 imposed by the Court in February 2007. Walton-Hadlock Decl. Exh. I (October 26, 2007 Letter from Zeller

6

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

to Nolan et al.); *id.* Exh. J (Order dated February 12, 2007). In light of Mattel's past discovery conduct, and its stated intention to seek leave to serve still more interrogatories, it is apparent that Mattel is either unwilling or unable to adhere to reasonable discovery limits. Consequently, the Court must now step in and keep the discovery in this case within reasonable bounds. The additional interrogatories Mattel seeks here would impose further burdens, out of all proportion to the benefit Mattel could conceivably obtain, by requiring each of the defendants to set out for Mattel every detail supporting every element of every claimed affirmative defense. Mattel's motion should be denied in its entirety.

**D.     Even if some expansion of interrogatories were warranted (which it is not), the Court should not grant Mattel's sweeping and one-sided request, but should instead grant each side a narrowly-drawn and equal number of additional interrogatories based on a careful review of actual need.**

Even if some additional interrogatories were warranted—which, as explained above, they are not—Mattel should not be permitted the sweeping and one-sided expansion of discovery it seeks, but should be required to identify more carefully any areas it believes require further discovery.

In addition to the more basic problems with Mattel's request for supplemental interrogatories spelled out above, Mattel's request is not at all narrowly tailored to any purported need, and should not be granted in the form sought. Mattel does not identify which of its 37 interrogatories it expects to gain useful information by serving, among the many that will simply serve to harass Bryant and MGA by forcing them to respond to pointless and duplicative discovery. Instead, it bases its sweeping request on claims that "many" of the asserted defenses "interject wholly new issues into this already complex litigation," and gives a few examples of defenses asserted by defendant Machado that purportedly fall in this category. Motion at 8. But even if Mattel's claims were accurate as to some affirmative defenses (which they are not), the discovery Mattel

7

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

requests would affect many other defenses for which they are demonstrably false. For example, Mattel's summary of the defendants' affirmative defenses reveals that some of those affirmative defenses (though plead as such to avoid any possible waiver) merely negate elements of Mattel's own claims, and plainly inject no new issues into the case, so they could not justify increasing discovery at this late date. *See* Motion at 3 (listing, for example, "Information Readily Ascertainable," "Lack of Causation" and "Lack of Ownership").

Moreover, Mattel's proposed interrogatory, which seeks to require the defendants to "state *all* facts" and "IDENTIFY *all* PERSONS ... and *all* DOCUMENTS that REFER OR RELATE to such facts", supporting each of their affirmative defense is exactly the type of "blunderbuss" interrogatory that numerous courts have held to be inappropriate and abusive. *Lawrence v. First Kansas Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *see also Lucero v. Valdez*, 240 F.R.D. 591, 594 (D. N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."); *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D. Colo. May 3, 2006) (ruling that interrogatory that asks defendant to "plead and prove its entire case, and to marshal all evidence, in response to one written interrogatory" is overbroad and "constitutes an abuse of the discovery process"). This is particularly true with respect to the defendant's negatively-framed affirmative defenses, such as "Lack of Causation" and "Lack of ownership", because the universe of potentially responsive information to prove a negative is "almost endless." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact").

In short, like many of Mattel's discovery requests, in this and other litigation, the interrogatories it seeks leave to serve are thus "abusively drawn" in that they make "no attempt . . . to tailor the information request to the immediate needs of the case." *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (affirming district court's quashing of Mattel's abusive subpoena). Accordingly, even if the Court were to find that some more narrowly-drawn additional interrogatories might be appropriate (which it should not), Mattel's sweeping request should be denied.

Mattel also seeks special treatment for its extra interrogatories, asking that the Court not count them against any authorized number of interrogatories, but instead allow them simply as unnumbered "supplemental" interrogatories. Motion at 1. Such one-sided treatment in discovery would be absolutely unfair to defendants, and should not be permitted. Even if the Court were to find that the issues in this case required more extensive discovery (and it should not), that discovery would still need to be fair, reasonable, and even-handed. *See* Fed. R. Civ. P. 26. Any expansion of the interrogatories authorized in this litigation should be equal for both sides, and every additional interrogatory should be counted and considered. Defendants have adhered to the discovery limits previously imposed by the Court and have planned their discovery accordingly. Given the Federal Rules' basic goal of ensuring fairness in litigation, Mattel should not be allowed to pretend that the interrogatories at issue in this motion do not "count" as part of the oppressive and burdensome weight of discovery it has already imposed on defendants, and will continue to increase until prevented by this Court.

### III. CONCLUSION

For all the foregoing reasons, Mattel's motion for leave to file supplemental interrogatories regarding defendants' affirmative defenses should be denied.

Respectfully submitted,

9

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01

| | |
|---|---|
| Dated: November 19, 2007 | KEKER & VAN NEST, LLP |
| | |
| | By: /s/ Michael H. Page |
| | MICHAEL H. PAGE |
| | Attorneys for Plaintiff |
| | CARTER BRYANT |
| | |
| Dated: November 19, 2007 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | |
| | By: /s/ Thomas Nolan |
| | THOMAS J. NOLAN |
| | Attorneys for Defendants |
| | MGA DEFENDANTS |

10

CARTER BRYANT AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL, INC.'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES
CASE NO. CV 04-09049 SGL (RNBx)

406656.01