# Exhibit B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-09049 SGL (RNBx)

13 |          Plaintiff,                   | Consolidated with Case Nos. CV 04-9059 and CV 05-2727

14 |     vs.                               | MATTEL, INC.'S FIFTH SET OF INTERROGATORIES

15 | MATTEL, INC., a Delaware corporation, |

16 |          Defendant.                   | Discovery Cut-off: January 14, 2008
                                             Pre-trial Conference: April 7, 2008
17 |                                       | Trial Date: April 29, 2008

18 | AND CONSOLIDATED ACTIONS             | Discovery Cutoff: March 3, 2008
                                             Final Pretrial Conf.: June 2, 2008
19 |                                       | Trial Date: July 1, 2008

20

21

22 PROPOUNDING PARTY:     Mattel, Inc.

23 RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter

24                        Bryant, MGA Entertainment (HK) Limited, MGAE

25                        de Mexico S.R.L. de C.V., and Carlos Gustavo

26                        Machado Gomez

27 SET NO.:               FIVE

28

07209/2259967.1

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2    ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant,

3    MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos

4    Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer

5    the following Interrogatories separately and fully, in writing and under oath, within 30

6    days after service hereof.  The Responding Parties shall be obligated to supplement

7    their responses to the Interrogatories at such times and to the extent required by the

8    <u>Federal Rules of Civil Procedure</u>.

9

10                                   **Definitions**

11

12          1.     "YOU" and "YOUR" mean each of the Responding Parties.

13          2.     "MGA" means MGA Entertainment, Inc., any of its current or

14    former employees, officers, directors, agents, representatives, attorneys, experts,

15    divisions, AFFILIATES (including without limitation defendants MGA Entertainment

16    (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

17    successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

18    authority or subject to its control.  Without limiting the foregoing, "MGA" includes the

19    entities known as ABC International Traders or ABC International Traders, Inc.  For

20    purposes of the these Interrogatories, "MGA" does not include BRYANT.

21          3.     "MATTEL" means Mattel, Inc., its current employees, officers,

22    directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23    AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24    PERSON acting on its behalf, pursuant to its authority or subject to its control.

25          4.     "O'MELVENY" means the law firm of O'Melveny & Myers, LLP,

26    and any of its current or former attorneys, partners, associates, employees, agents,

27    representatives, predecessors-in-interest and successors-in-interest, and any other

28    PERSON acting on its behalf, pursuant to its authority or subject to its control.

07209/2259967.1

-2-

1      5.      "CHRISTENSEN" means the law firm of Christensen, Glaser, Fink,

2   Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys, partners,

3   associates, employees, agents, representatives, predecessors-in-interest and successors-

4   in-interest, and any other PERSON acting on its behalf, pursuant to its authority or

5   subject to its control.

6      6.      "BRYANT" means Carter Bryant individually, and his current or

7   former employees, agents, representatives, attorneys, accountants, experts,

8   predecessors-in-interest and successors-in-interest, and any other PERSON acting on

9   his behalf, pursuant to his authority or subject to his control.

10      7.      "LARIAN" means Isaac Larian individually, and his current or

11   former employees, agents, representatives, attorneys, accountants, experts,

12   predecessors-in-interest and successors-in-interest, and any other PERSON acting on

13   his behalf, pursuant to his authority or subject to his control.

14      8.      "MACHADO" means Carlos Gustavo Machado Gomez, and his

15   current or former employees, agents, representatives, attorneys, accountants, experts,

16   predecessors-in-interest and successors-in-interest, and any other PERSON acting on

17   his behalf, pursuant to his authority or subject to his control.

18      9.      "AFFILIATES" means any and all corporations, proprietorships,

19   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

20   indirectly, in whole or in part, own or control, are under common ownership or control

21   with, or are owned or controlled by a PERSON, party or entity, including without

22   limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

23      10.      "PERSON" or "PERSONS" means all natural persons, partnerships,

24   corporations, joint ventures and any kind of business, legal or public entity or

25   organization, as well as its, his or her agents, representatives, employees, officers and

26   directors and any one else acting on its, his or her behalf, pursuant to its, his or her

27   authority or subject to its, his or her control.

28

07209/2259967.1

-3-

11.     "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

12.     "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

13.     "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to,

1  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
2  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
3  any kind, statements, reports, minutes, recordings, transcripts and summaries of
4  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
5  discs, printouts and records of all types, studies, instruction manuals, policy manuals
6  and statements, books, pamphlets, invoices, canceled checks and every other device or
7  medium by which or through which information of any type is transmitted, recorded or
8  preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall
9  include all copies that differ in any respect from the original or other versions of the
10  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
11  originals containing initials, comments, notations, insertions, corrections, marginal
12  notes, amendments or any other variation of any kind.
13      14.    "COMMUNICATION" or "COMMUNICATIONS" means and
14  includes any disclosure, transfer or exchange of information between two or more
15  PERSONS, whether orally or in writing, including without limitation, any conversation
16  or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
17  telex, telecopier, electronic mail, or any other electronic or other medium, including
18  without limitation in written, audio or video form.
19      15.    "REFER OR RELATE TO" a given subject matter means relate to,
20  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,
21  state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,
22  or in any way pertain to that subject matter, either directly or indirectly.
23      16.    "DIGITAL INFORMATION" means any information created or
24  stored digitally, including but not limited to electronically, magnetically or optically.
25      17.    "STORAGE DEVICE" means any computer hard drive,
26  memory, USB device, tape, storage array or any other device or medium that allows
27  a user, whether permanently, temporarily or otherwise, to create, generate, transmit,
28  copy, retain, store or maintain DIGITAL INFORMATION.

18.   "SOURCE OF INFORMATION" means any medium containing DOCUMENTS or other information, whether in paper, electronic or other form, including but not limited to any STORAGE DEVICE, file, file cabinet or other any other source of information or DOCUMENTS.

19.   "COLLECT," "COLLECTED" or "COLLECTION," with reference to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for, analyze or in any other way collect or review or attempt to collect or review such DOCUMENTS in connection with YOUR search for, review of and/or production of DOCUMENTS in this ACTION.

20.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant,* Case No. CV 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated therewith.

21.   "IDENTIFY" or "IDENTITY" means the following:

(a)   with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b)   with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c)   with reference to a SOURCE OF INFORMATION, means to describe and state, fully and separately as to each, the SOURCE OF INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION and differentiate each such SOURCE OF INFORMATION from all other SOURCES OF INFORMATION, including without limitation by stating its nature (e.g., USB drive, computer hard drive, file cabinet, etc.), and any unique identifier information

1  (such as hard drive serial number); the physical location(s), including full address

2  information and full identifying computer network drive information if applicable, of

3  each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of

4  DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such

5  DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the

6  IDENTITY of each natural person or individual who is, was or has been associated

7  with each such SOURCE OF INFORMATION; the date(s) on which YOU

8  COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in

9  connection with this ACTION; whether, at the time of YOUR COLLECTION of

10  DOCUMENTS from such SOURCE OF INFORMATION, each such SOURCE OF

11  INFORMATION contained or included DOCUMENTS that REFER OR RELATE TO

12  BRATZ and the time period prior to February 28, 2001; and the IDENTITY of any

13  DOCUMENTS, by Bates number, that YOU have produced from each such SOURCE

14  OF INFORMATION to Mattel in this ACTION that REFER OR RELATE TO BRATZ

15  and that also REFER OR RELATE TO the time period prior to February 28, 2001

16  (regardless of when such DOCUMENT was, in whole or part, created, drafted,

17  generated, sent, received or transmitted).

18           (d)    with reference to any other DOCUMENT or DOCUMENTS,

19  means to describe each DOCUMENT by Bates number.   In the event that a

20  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

21  such DOCUMENT, to provide a complete description of it such that it may be the

22  subject of a request for the production of documents, including by stating the date,

23  identity of the author, addressee(s), signatories, parties, or other PERSONS identified

24  therein, its present location or custodian and a description of its contents.

25          22.    "Any" as used in these interrogatories includes the word "all," and

26  the word "all" as used in these interrogatories includes the word "any."

27          23.    The singular form of a noun or pronoun includes within its meaning

28  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

1  form of a pronoun also includes within its meaning the feminine form of the pronoun so

2  used, and vice versa; the use of any tense of any verb includes also within its meaning

3  all other tenses of the verb so used, whenever such construction results in a broader

4  request for information; and "and" includes "or" and vice versa, whenever such

5  construction results in a broader disclosure of documents or information.

6

7                           **Instructions**

8

9           A.    When    an    interrogatory    requests    disclosure    of    a

10  COMMUNICATION or other information as to which YOU claim any privilege or

11  protection as a ground for nondisclosure, identify each PERSON who participated in or

12  had knowledge of the COMMUNICATION or other information and provide the

13  following:

14          (i)     the privilege or protection that YOU claim precludes disclosure;

15          (ii)    the subject matter of the COMMUNICATION or information

16                  (without revealing the content as to which the privilege is claimed);

17                  and

18          (iii)   any additional facts or grounds on which YOU base YOUR claim

19                  of privilege or protection.

20          B.     When an interrogatory requests that YOU provide information,

21  YOU are required to supply all information known by or available to YOU or

22  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

23  If YOU cannot completely answer the interrogatory after making diligent efforts to

24  do so, please so state.  Then describe in detail all efforts made to answer the

25  interrogatory; identify every PERSON involved in such efforts; and state the

26  additional information YOU need, if any, to respond completely to the interrogatory.

27

28

07209/2259967.1

-8-

MATTEL'S FIFTH SET OF INTERROGATORIES

## Interrogatories

3 | **INTERROGATORY NO. 46:**

4 |       Without disclosing the content of communications which are protected by

5 | the attorney-client privilege, state fully and in detail all facts which REFER OR

6 | RELATE TO any dispute relating to THIS ACTION between, on the one hand, MGA,

7 | LARIAN, BRYANT and/or MACHADO and, on the other hand, O'MELVENY and/or

8 | CHRISTENSEN, including but not limited to any and all disputes which were or have

9 | been asserted as a basis for, or which underlie, contributed to or were a factor in, the

10 | withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN

11 | as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of

12 | such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

14 | **INTERROGATORY NO. 47:**

15 |       IDENTIFY each and every SOURCE OF INFORMATION from which

16 | YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE

17 | TO BRATZ and that also REFER OR RELATE TO the time period prior to February

18 | 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted,

19 | generated, sent, received or transmitted).

22 | DATED: October 19, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

               By
               B. Dylan Proctor
               Attorneys for Plaintiff
               Mattel, Inc.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 19, 2007, I served true copies of the following document(s) described as

1.      **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES**

on the parties in this action as follows:

| | |
|---|---|
| Thomas Nolan, Esq. | Mark E. Overland, Esq. |
| **SKADDEN ARPS SLATE MEAGHER** | David C. Scheper, Esq. |
| **& FLOM, LLP** | Alexander H. Cote |
| 300 South Grand Avenue, Suite 3400 | **OVERLAND BORENSTEIN** |
| Los Angeles, CA 90071 | **SCHEPER & KIM LLP** |
| | 300 South Grand Avenue, Suite 2750 |
| | Los Angeles, CA 90071-3144 |

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2261472.1                                             -1-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES** on the parties in this action as follows:

    Michael H. Page, Esq.
    **KEKER & VAN NEST, LLP**
    710 Sansome Street
    San Francisco, CA 94111

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

Charlene Ho

07209/2261482.1