# Exhibit C

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|
13  | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
14  | vs. | |
15  | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SIXTH SET OF INTERROGATORIES |
16  | | [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES] |
    | Defendant. | |
17  | | |
18  | AND CONSOLIDATED ACTIONS | |
19  | | Discovery Cut-off: January 14, 2008 Pre-trial Conference: April 7, 2008 Trial Date: April 29, 2008 |
20  | | |
21  | | Discovery Cutoff: March 3, 2008 Final Pretrial Conf.: June 2, 2008 Trial Date: July 1, 2008 |
22  | | |

24  PROPOUNDING PARTY:      Mattel, Inc.

25  RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

26                          Bryant, MGA Entertainment (HK) Limited, MGAE

27                          de Mexico S.R.L. de C.V., and Carlos Gustavo

28                          Machado Gomez

07209/2263699.1

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2    ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3    Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4    Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5    individually answer the following Interrogatories separately and fully, in writing and

6    under oath, within 30 days after service hereof.  The Responding Parties shall be

7    obligated to supplement their responses to the Interrogatories at such times and to

8    the extent required by the <u>Federal Rules of Civil Procedure.</u>

9

10                          **<u>Definitions</u>**

11          1.    "YOU" and "YOUR" mean each of the Responding Parties.

12          2.    "MGA" means MGA Entertainment, Inc., any of its current or

13    former employees, officers, directors, agents, representatives, attorneys, experts,

14    divisions, AFFILIATES (including without limitation MGA Entertainment (HK)

15    Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

16    successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

17    authority or subject to its control.  Without limiting the foregoing, "MGA" includes the

18    entities known as ABC International Traders or ABC International Traders, Inc.  For

19    purposes of the these Interrogatories, "MGA" does not include BRYANT.

20          3.    "AFFILIATES" means any and all corporations, proprietorships,

21    d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

22    indirectly, in whole or in part, own or control, are under common ownership or control

23    with, or are owned or controlled by a PERSON, party or entity, including without

24    limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

25          4.    "PERSON" or "PERSONS" means all natural persons, partnerships,

26    corporations, joint ventures and any kind of business, legal or public entity or

27    organization, as well as its, his or her agents, representatives, employees, officers and

28

1 | directors and any one else acting on its, his or her behalf, pursuant to its, his or her

2 | authority or subject to its, his or her control.

3 |      5.   "DESIGN" or "DESIGNS" means any and all representations,

4 | whether two-dimensional or three-dimensional, and whether in tangible, digital,

5 | electronic or other form, including but not limited to all works, designs, artwork,

6 | sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

7 | diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

8 | practice, developments, inventions and/or improvements, as well as all other items,

9 | things and DOCUMENTS in which any of the foregoing are or have been expressed,

10 | embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11 |      6.   "BRATZ" means any project, product, doll or DESIGN ever known

12 | by that name (whether in whole or in part and regardless of what such project, product

13 | or doll is or has been also, previously or subsequently called) and any product, doll or

14 | DESIGN or any portion thereof that is now or has ever been known as, or sold or

15 | marketed under, the name or term "Bratz" (whether in whole or in part and regardless

16 | of what such product, doll or DESIGN or portion thereof is or has been also, previously

17 | or subsequently called) or that is now or has ever been sold or marketed as part of the

18 | "Bratz" line, and each version or iteration of such product, doll or DESIGN or any

19 | portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also

20 | includes without limitation any names, fashions, accessories, artwork, packaging or any

21 | other works, materials, matters or items included or associated therewith. Without

22 | limiting the generality of the foregoing, and contrary to MGA's recent assertions in

23 | connection with other Mattel discovery requests, the term "BRATZ" does not and shall

24 | not require that there be a doll existing at the time of the event, incident or occurrence

25 | that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

26 |      7.   "SOLD," "SELL" or "SALE" means to distribute, market, license,

27 | sell, offer to sell, or convey or transfer in any way for compensation.

28 |

8.     "BRATZ PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, that is or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any product that is or has ever been SOLD in any packaging that includes the name "Bratz" or REFERS OR RELATES TO BRATZ.

9.     "BRATZ DOLL" means any doll that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

10.     "BRATZ MOVIE" means any motion picture or film that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

11.     "BRATZ TELEVISION SHOW" means any production exhibited on television that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

12.     "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

1  originals containing initials, comments, notations, insertions, corrections, marginal
2  notes, amendments or any other variation of any kind.

3      13.    "COMMUNICATION" or "COMMUNICATIONS" means and
4  includes any disclosure, transfer or exchange of information between two or more
5  PERSONS, whether orally or in writing, including without limitation, any conversation
6  or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
7  telex, telecopier, electronic mail, or any other electronic or other medium, including
8  without limitation in written, audio or video form.

9      14.    "IDENTIFY" or "IDENTITY" means the following:
10         (a)    with reference to an individual or individuals, means to state,
11  fully and separately as to each, such individual's full name, any known business title,
12  current or last known business affiliation, current or last known residential address,
13  current or last known business address, current or last known relationship to MGA, and
14  current or last known telephone number.

15         (b)    with reference to an entity or entities, means to state, fully and
16  separately as to each, such entity's full name, state (or country) of incorporation or
17  organization, present or last known address, and present or last known telephone
18  number.

19         (c)    with reference to a BRATZ PRODUCT, means to state, fully
20  and separately as to each, the full name of the product; the number of the product; the
21  SKU of the product; any other applicable designation of the product useful for
22  identification; the period of time during which the product was, has been or will be
23  SOLD; and the IDENTITY of each PERSON who has licensed from YOU the right to
24  SELL such BRATZ PRODUCT.

25         (d)    with reference to any other DOCUMENT or DOCUMENTS,
26  means to describe each DOCUMENT by Bates number.   In the event that a
27  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
28  such DOCUMENT, to provide a complete description of it such that it may be the

1 subject of a request for the production of documents, including by stating the date,

2 identity of the author, addressee(s), signatories, parties, or other PERSONS identified

3 therein, its present location or custodian and a description of its contents.

4      15.   "Any" as used in these interrogatories includes the word "all," and

5 the word "all" as used in these interrogatories includes the word "any."

6      16.   The singular form of a noun or pronoun includes within its meaning

7 the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

8 form of a pronoun also includes within its meaning the feminine form of the pronoun so

9 used, and vice versa; the use of any tense of any verb includes also within its meaning

10 all other tenses of the verb so used, whenever such construction results in a broader

11 request for information; and "and" includes "or" and vice versa, whenever such

12 construction results in a broader disclosure of documents or information.

13

14 **Instructions**

15

16      A.   When an interrogatory requests disclosure of a

17 COMMUNICATION or other information as to which YOU claim any privilege or

18 protection as a ground for nondisclosure, identify each PERSON who participated in or

19 had knowledge of the COMMUNICATION or other information and provide the

20 following:

21      (i)   the privilege or protection that YOU claim precludes disclosure;

22      (ii)   the subject matter of the COMMUNICATION or information

23         (without revealing the content as to which the privilege is claimed);

24         and

25      (iii)   any additional facts or grounds on which YOU base YOUR claim

26         of privilege or protection.

27      B.   When an interrogatory requests that YOU provide information,

28 YOU are required to supply all information known by or available to YOU or

07209/2263699.107209/22
63194.1

-6-

1   YOUR employees, officers, directors, agents, representatives, attorneys and experts.

2   If YOU cannot completely answer the interrogatory after making diligent efforts to

3   do so, please so state.  Then describe in detail all efforts made to answer the

4   interrogatory; identify every PERSON involved in such efforts; and state the

5   additional information YOU need, if any, to respond completely to the interrogatory.

6

7   **Interrogatory**

8

9   <u>INTERROGATORY NO. 45</u>:

10          IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or

11   YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a)

12   the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

13   licensees, (b) the gross and net revenue received by YOU from such SALES of each

14   such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each

15   such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and

16   (d) YOUR gross and net profits from each such BRATZ PRODUCT.

17

18   DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19

20                          By_____

21                          Michael T. Zeller
                            Attorneys for Plaintiff

22                          Mattel, Inc.

23

24

25

26

27

28

07209/2263699.107209/2
63194.1

-7-

1                                        **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,
3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4        On October 23, 2007, I served true copies of the following document(s) described as

5  1.     **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN,**
6        **INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES]**

7

8    on the parties in this action as follows:

Thomas Nolan, Esq.            Mark E. Overland, Esq.
9  **SKADDEN ARPS SLATE MEAGHER**  David C. Scheper, Esq.
**& FLOM, LLP**            Alexander H. Cote
10  300 South Grand Avenue, Suite 3400  **OVERLAND BORENSTEIN**
Los Angeles, CA 90071        **SCHEPER & KIM LLP**
11                      300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

14
**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
15 being served.

16    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17    Executed on October 23, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2263102.1       -1-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.     **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES]**

on the parties in this action as follows:

> John W. Keker, Esq.
> Michael H. Page, Esq.
> Christina M. Anderson, Esq.
> **KEKER & VAN NEST, LLP**
> 710 Sansome Street
> San Francisco, CA 94111

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

07209/2241940.1