# Exhibit F

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12

13  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
14                        Plaintiff,     2727

15       v.                             CARTER BRYANT'S SECOND
                                        AMENDED REPLY TO MATTEL'S
16  MATTEL, INC. a Delaware             COUNTERCLAIMS
    Corporation,
17                                      DEMAND FOR JURY TRIAL
                          Defendant.
18
                                        Dept:    Courtroom 1
19  CONSOLIDATED WITH MATTEL,           Judge:   Hon. Stephen G. Larson
    INC., v. BRYANT and MGA
20  ENTERTAINMENT, INC. v.
    MATTEL, INC.                        Discovery Cut-Off: Jan. 14, 2008
21                                      Pre-Trial Conference: April 7, 2008
                                        Trial Date:  April 29, 2008
22

23

24       Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27       As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions.  Bryant's denial of any allegation

                                         1

404479.01

should be construed as a denial of both the allegation itself, and any of the allegation's underlying, unsupported assumptions.

Mattel's counterclaims also contain just the sort of argumentative rhetoric in place of factual allegations that Mattel claimed to protest in responding to MGA's claims against it. Bryant denies all allegations not specifically admitted, including Mattel's argument and innuendo. Where Bryant admits any portion of an allegation, Bryant admits only the specific facts admitted, and denies all of Mattel's accompanying characterizations, conclusions, and speculation contained in that allegation or in Mattel's counterclaims as a whole.

Bryant also submits that Mattel's use of headings throughout its counterclaims is improper, and that therefore no response to Mattel's headings is required. If any response is required, Bryant denies all allegations contained in Mattel's headings.

Finally, Bryant notes that many of the allegations in Mattel's counterclaims allege nothing relating Bryant. Although Bryant recognizes that he is nonetheless required to answer them, Bryant lacks any knowledge or information concerning these allegations. In denying these allegations based on his lack of knowledge and information regarding alleged events not involving him, as with all his other denials, Bryant also denies Mattel's negative characterizations and innuendo about all of the alleged events, including any events or facts that may in fact have occurred (such as, for example, MGA's hiring of certain individuals previously employed by Mattel).

## Responses

1.    Bryant denies the allegations of this paragraph.

2.    Bryant admits that he conceived, created and developed Bratz designs, that he entered into an agreement with MGA regarding Bratz, and that Mattel has improperly sought to register copyrights for certain Bratz designs. Bryant denies all remaining allegations of this paragraph.

3.      Bryant denies that MGA engaged in illegal conduct in entering the agreement with Bryant.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

4.      Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

5.      Bryant denies the allegations of this paragraph.

6.      Bryant admits that Mattel purports to seek relief under 17 U.S.C. § § 101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28 U.S.C. § 1367 for its purported state law claims.  Bryant admits that the Court has jurisdiction to hear claims against Bryant, based on those allegations, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

7.      Bryant admits that venue is proper in this District as to claims against Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

8.      Bryant admits the allegation of this paragraph.

9.      Bryant admits the allegations of the first and second sentences of this paragraph.  Bryant denies the remaining allegations of this paragraph.

10.     Bryant admits the allegations of this paragraph.

11.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

12.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

3

404479.01

13.    Bryant admits that Isaac Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles.  Bryant denies the remaining allegations of this paragraph.

14.    Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

15.    Bryant denies the allegations of this paragraph.

16.    Bryant admits that Mattel manufactures and markets toys, games, dolls and other consumer products.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of this paragraph, and on that basis denies them.  Bryant admits that Mattel is a well-known company, and denies all remaining allegations of this paragraph.

17.    Bryant admits that Mattel maintains a large design center in El Segundo, California at which many designers, sculptors, painters and other artists work to create Mattel products.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of this paragraph, and on that basis denies them.

18.    Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

19.    Bryant admits that MGA is a toy manufacturer that launched a fashion doll line.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph, and on that basis denies them.  Bryant denies that MGA stole a fashion doll that was owned by Mattel, and denies all remaining allegations of this paragraph.

20.    Bryant denies all allegations of this paragraph.

21.    Bryant admits that he is a former Mattel employee, that he began working for Mattel in September 1995 and worked in Mattel's Design Center as a Barbie product designer, and that he stopped working with Mattel in or about April

4

1    1998.  Bryant denies that he moved to Missouri to live with his parents in or about

2    April 1998.  Bryant admits that late in 1998, he applied to Mattel to be rehired, and

3    that on or about January 4, 1999, he began working at Mattel in Mattel's Design

4    Center as a product designer.  Bryant denies any remaining allegations of this

5    paragraph.

6        22.    Bryant admits that, upon his return to Mattel in January 1999, he

7    signed the document attached to Mattel's Counterclaims as Exhibit A, which is

8    titled "Employee Confidential Information and Inventions Agreement."  Bryant

9    denies all remaining allegations of this paragraph, explicit or implicit, including

10   Mattel's allegations regarding the legal significance of this document.

11       23.    Bryant denies the allegations of this paragraph.

12       24.    Bryant admits that, upon his return to Mattel in January 1999, he

13   signed the document attached to Mattel's Counterclaims as Exhibit B, which is

14   titled "Conflict of Interest Questionnaire."  Bryant admits that he disclosed on this

15   document freelance work he had performed while in Missouri for Ashton-Drake,

16   which is unrelated to Mattel's allegations here.  Bryant denies all remaining

17   allegations of this paragraph, explicit or implicit, including Mattel's allegations

18   regarding the legal significance of this document.

19       25.    Bryant denies the allegations of this paragraph.

20       26.    Bryant denies the allegations of this paragraph, including all the

21   allegations of each of its sub-paragraphs.

22       27.    Bryant denies the allegations of this paragraph.

23       28.    Bryant denies the allegations of this paragraph.

24       29.    Bryant denies the allegations of this paragraph.

25       30.    Bryant lacks knowledge or information sufficient to form a belief as

26   to the truth of the allegations of this paragraph, and on that basis denies them.

27       31.    Bryant admits that samples of the four original Bratz dolls were

28   shown at the Hong Kong Toy Fair in January 2001.  Bryant denies the remaining

5

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1  allegations of this paragraph.

2      32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3  products in many countries throughout the world. Bryant lacks knowledge or

4  information sufficient to form a belief as to the truth of the allegations of the

5  second sentence of this paragraph, and on that basis denies them. Bryant admits

6  the allegations of the third sentence of this paragraph. Bryant admits that MGA

7  claims current ownership of Bratz, including the copyrights and copyright

8  registrations attendant thereto. Bryant admits the allegations of the fifth sentence

9  of this paragraph. Bryant denies all remaining allegations of this paragraph

10     33.    Bryant denies the allegations of this paragraph.

11     34.    Bryant denies the allegations of this paragraph.

12     35.    Bryant denies the allegations of this paragraph.

13     36.    Bryant admits that he had an agreement with MGA and the terms of

14  that agreement speak for themselves. Bryant denies all remaining allegations of

15  this paragraph.

16     37.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18     38.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20     39.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22     40.    Bryant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of this paragraph, and on that basis denies them.

24     41.    Bryant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations of this paragraph, and on that basis denies them.

26     42.    Bryant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations of this paragraph, and on that basis denies them.

28     43.    Bryant lacks knowledge or information sufficient to form a belief as

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2       44.    Bryant lacks knowledge or information sufficient to form a belief as

3   to the truth of the allegations of this paragraph, and on that basis denies them.

4       45.    Bryant lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegations of this paragraph, and on that basis denies them.

6       46.    Bryant lacks knowledge or information sufficient to form a belief as

7   to the truth of the allegations of this paragraph, and on that basis denies them.

8       47.    Bryant lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegations of this paragraph, and on that basis denies them.

10      48.    Bryant lacks knowledge or information sufficient to form a belief as

11   to the truth of the allegations of this paragraph, and on that basis denies them.

12      49.    Bryant lacks knowledge or information sufficient to form a belief as

13   to the truth of the allegations of this paragraph, and on that basis denies them.

14      50.    Bryant lacks knowledge or information sufficient to form a belief as

15   to the truth of the allegations of this paragraph, and on that basis denies them.

16      51.    Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18      52.    Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20      53.    Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22      54.    Bryant lacks knowledge or information sufficient to form a belief as

23   to the truth of the allegations of this paragraph, and on that basis denies them.

24      55.    Bryant lacks knowledge or information sufficient to form a belief as

25   to the truth of the allegations of this paragraph, and on that basis denies them.

26      56.    Bryant lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of this paragraph, and on that basis denies them.

28      57.    Bryant lacks knowledge or information sufficient to form a belief as

7

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1 │ to the truth of the allegations of this paragraph, and on that basis denies them.

2 │     58.    Bryant lacks knowledge or information sufficient to form a belief as

3 │ to the truth of the allegations of this paragraph, and on that basis denies them.

4 │     59.    Bryant lacks knowledge or information sufficient to form a belief as

5 │ to the truth of the allegations of this paragraph, and on that basis denies them.

6 │     60.    Bryant lacks knowledge or information sufficient to form a belief as

7 │ to the truth of the allegations of this paragraph, and on that basis denies them.

8 │     61.    Bryant lacks knowledge or information sufficient to form a belief as

9 │ to the truth of the allegations of this paragraph, and on that basis denies them.

10 │     62.    Bryant lacks knowledge or information sufficient to form a belief as

11 │ to the truth of the allegations of this paragraph, and on that basis denies them.

12 │     63.    Bryant lacks knowledge or information sufficient to form a belief as

13 │ to the truth of the allegations of this paragraph, and on that basis denies them.

14 │     64.    Bryant lacks knowledge or information sufficient to form a belief as

15 │ to the truth of the allegations of this paragraph, and on that basis denies them.

16 │     65.    Bryant lacks knowledge or information sufficient to form a belief as

17 │ to the truth of the allegations of this paragraph, and on that basis denies them.

18 │     66.    Bryant lacks knowledge or information sufficient to form a belief as

19 │ to the truth of the allegations of this paragraph, and on that basis denies them.

20 │     67.    Bryant lacks knowledge or information sufficient to form a belief as

21 │ to the truth of the allegations of this paragraph, and on that basis denies them.

22 │     68.    Bryant lacks knowledge or information sufficient to form a belief as

23 │ to the truth of the allegations of this paragraph, and on that basis denies them.

24 │     69.    Bryant lacks knowledge or information sufficient to form a belief as

25 │ to the truth of the allegations of this paragraph, and on that basis denies them.

26 │     70.    Bryant lacks knowledge or information sufficient to form a belief as

27 │ to the truth of the allegations of this paragraph, and on that basis denies them.

28 │     71.    Bryant lacks knowledge or information sufficient to form a belief as

8

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2        72.   Bryant lacks knowledge or information sufficient to form a belief as

3   to the truth of the allegations of this paragraph, and on that basis denies them.

4        73.   Bryant lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegations of this paragraph, and on that basis denies them.

6        74.   Bryant lacks knowledge or information sufficient to form a belief as

7   to the truth of the allegations of this paragraph, and on that basis denies them.

8        75.   Bryant lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegations of this paragraph, and on that basis denies them.

10        76.   Bryant lacks knowledge or information sufficient to form a belief as

11   to the truth of the allegations of this paragraph, and on that basis denies them.

12        77.   Bryant lacks knowledge or information sufficient to form a belief as

13   to the truth of the allegations of this paragraph, and on that basis denies them.

14        78.   Bryant lacks knowledge or information sufficient to form a belief as

15   to the truth of the allegations of this paragraph, and on that basis denies them.

16        79.   Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18        80.   Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20        81.   Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22        **<u>Mattel's First Counterclaim</u>**

23        82.   Bryant repeats and realleges his answers to paragraphs 1 through 81

24   above, as though fully set forth here at length.  Bryant denies any allegations not

25   expressly admitted.

26        83.   Bryant denies the allegations of this paragraph.

27        84.   Bryant denies the allegations of this paragraph.

28        85.   Bryant denies the allegations of this paragraph.

86.    Bryant denies the allegations of this paragraph.

87.    Bryant denies the allegations of this paragraph.

### Mattel's Second Counterclaim

88.    Bryant repeats and realleges its answers to paragraphs 1 through 87 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

89.    Bryant denies the allegations of this paragraph.

90.    Bryant denies the allegations of this paragraph.

91.    Bryant denies the allegations of this paragraph.

92.    Bryant denies the allegations of this paragraph.

93.    Bryant denies the allegations of this paragraph, including the allegations of all of its sub-paragraphs.

94.    Bryant denies the allegations of this paragraph.

95.    Bryant denies the allegations of this paragraph.

96.    Bryant denies the allegations of this paragraph.

97.    Bryant denies the allegations of this paragraph.

### Mattel's Third Counterclaim

98.    Bryant repeats and realleges its answers to paragraphs 1 through 97 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

99.    Bryant denies the allegations of this paragraph.

100.    Bryant denies the allegations of this paragraph.

101.    Bryant denies the allegations of this paragraph.

102.    Bryant denies the allegations of this paragraph.

103.    Bryant denies the allegations of this paragraph.

104.    Bryant denies the allegations of this paragraph.

105.    Bryant denies the allegations of this paragraph.

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

404479.01

1

**Mattel's Fourth Counterclaim**

2      106.   Bryant repeats and realleges its answers to paragraphs 1 through 105

3   above, as though fully set forth here at length.  Bryant denies any allegations not

4   expressly admitted.

5      107.   Bryant denies the allegations of this paragraph.

6      108.   Bryant denies the allegations of this paragraph.

7      109.   Bryant denies the allegations of this paragraph.

8      110.   Bryant denies the allegations of this paragraph.

9      111.   Bryant denies the allegations of this paragraph.

10     112.   Bryant denies the allegations of this paragraph.

11     113.   Bryant denies the allegations of this paragraph.

12     114.   Bryant denies the allegations of this paragraph.

13     115.   Bryant denies the allegations of this paragraph.

14

**Mattel's Fifth Counterclaim**

15     116.   Bryant repeats and realleges its answers to paragraphs 1 through 115

16   above, as though fully set forth here at length.  Bryant denies any allegations not

17   expressly admitted.

18     117.   Bryant denies the allegations of this paragraph.

19     118.   Bryant denies the allegations of this paragraph.

20     119.   Bryant denies the allegations of this paragraph.

21     120.   Bryant denies the allegations of this paragraph.

22     121.   Bryant denies the allegations of this paragraph.

23

**Mattel's Sixth Counterclaim**

24     122.   Bryant repeats and realleges its answers to paragraphs 1 through 122

25   above, as though fully set forth here at length.  Bryant denies any allegations not

26   expressly admitted.

27     123.   Bryant denies the allegations of this paragraph.

28     124.   Bryant denies the allegations of this paragraph.

11

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

125.   Bryant denies the allegations of this paragraph.

126.   Bryant denies the allegations of this paragraph.

127.   Bryant denies the allegations of this paragraph.

128.   Bryant denies the allegations of this paragraph.

**Mattel's Seventh Counterclaim**

129.   Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

130.   Bryant denies the allegations of this paragraph.

131.   Bryant denies the allegations of this paragraph.

132.   Bryant denies the allegations of this paragraph.

133.   Bryant denies the allegations of this paragraph.

134.   Bryant denies the allegations of this paragraph.

135.   Bryant denies the allegations of this paragraph.

**Mattel's Eighth Counterclaim**

136.   Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

137.   Bryant denies the allegations of this paragraph.

138.   Bryant denies the allegations of this paragraph.

139.   Bryant denies the allegations of this paragraph.

140.   Bryant denies the allegations of this paragraph.

141.   Bryant denies the allegations of this paragraph.

**Mattel's Ninth Counterclaim**

142.   Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

143.   Bryant denies the allegations of this paragraph.

1    144.  Bryant denies the allegations of this paragraph.

2    145.  Bryant denies the allegations of this paragraph.

3    146.  Bryant denies the allegations of this paragraph.

4    147.  Bryant denies the allegations of this paragraph.

5    148.  Bryant denies the allegations of this paragraph

6              **Mattel's Tenth Counterclaim**

7    149.  Bryant repeats and realleges its answers to paragraphs 1 through 148

8    above, as though fully set forth here at length.  Bryant denies any allegations not

9    expressly admitted.

10   150.  Bryant denies the allegations of this paragraph.

11   151.  Bryant denies the allegations of this paragraph.

12   152.  Bryant denies the allegations of this paragraph.

13   153.  Bryant denies the allegations of this paragraph.

14   154.  Bryant denies the allegations of this paragraph.

15             **Mattel's Eleventh Counterclaim**

16   155.  Bryant repeats and realleges its answers to paragraphs 1 through 154

17   above, as though fully set forth here at length.  Bryant denies any allegations not

18   expressly admitted.

19   156.  Bryant denies the allegations of this paragraph.

20   157.  Bryant denies the allegations of this paragraph.

21   158.  Bryant denies the allegations of this paragraph.

22   159.  Bryant denies the allegations of this paragraph.

23   160.  Bryant denies the allegations of this paragraph.

24   161.  Bryant denies the allegations of this paragraph.

25   162.  Bryant denies the allegations of this paragraph.

26             **Mattel's Twelfth Counterclaim**

27   163.  Bryant repeats and realleges its answers to paragraphs 1 through 162

28   above, as though fully set forth here at length.  Bryant denies any allegations not

1  expressly admitted.

2      164.   Bryant admits the allegation of this paragraph regarding the contents

3  of section 17200 of the California Business and Professions Code, but denies that

4  Mattel is entitled to any relief or recovery whatsoever on its claims.

5      165.   Bryant denies the allegations of this paragraph.

6      166.   Bryant denies the allegations of this paragraph.

7          **Mattel's Thirteenth Counterclaim**

8      167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9  above, as though fully set forth here at length.  Bryant denies any allegations not

10  expressly admitted.

11      168.   Bryant admits that an actual controversy exists between the parties,

12  because of Mattel's campaign of harassing litigation, but denies all other

13  allegations of this paragraph, and denies that Mattel is entitled to any relief or

14  recovery whatsoever.

15      169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17  to any relief or recovery whatsoever.

18      170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20  to any relief or recovery whatsoever.

21          **Prayer for Relief**

22      This section of Mattel's counterclaims contains no factual allegations, and

23  requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24  and respectfully requests judgment dismissing Mattel's counterclaims with

25  prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26  and whatever other relief to Bryant the Court deems appropriate.

27      Except as specifically admitted above, Bryant denies each and every

28  allegation in Mattel's counterclaims.

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands. Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.

### Second Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel was aware of the relevant facts regarding Mr. Bryant's work for MGA, but intentionally waived and chose to forgo asserting any rights over the Bratz dolls until years later. Mattel has also tolerated conduct by other employees similar to the alleged conduct by Bryant on which Mattel now bases its contract and related claims.

### Third Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel.  In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls, and was thus apprised of the relevant facts.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.  Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended.  Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper.  Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment.  Accordingly, Mattel should be estopped from belatedly raising its claims.

### Fourth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches.  In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls.  Mattel thus was apprised of the relevant facts.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.  Accordingly, laches should bar Mattel from belatedly raising its claims.

### Fifth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent.  In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and

1   Mattel shortly thereafter began investigating what it suspected to be wrongdoing in

2   connection with the Bratz dolls.    Mattel thus was apprised of the relevant facts.

3   Yet, Mattel waited and said nothing while the dolls were successfully (and at great

4   cost) developed, manufactured and sold, and only filed suit years later.  Mattel has

5   also tolerated conduct by other employees similar to the alleged conduct by Bryant

6   on which Mattel now bases its contract and related claims.

### Sixth Affirmative Defense (Statute of Limitations)

8       Mattel's counterclaims, and each claim for relief, are barred by the

9   applicable statutes of limitations, including but not limited to Code of Civil

10  Procedure §§ 337, 339, 343, and 338(c).

### Seventh Affirmative Defense (Failure to Mitigate Damages)

12      With respect to any alleged damages (the existence of which Bryant denies),

13  Mattel failed to mitigate its damages.  For example, Mattel believed from the time

14  that Bryant left Mattel's employ that he was going to perform work for a Mattel

15  competitor.  However, Mattel failed to take action to minimize any alleged

16  damages that arose from Bryant's work for said competitor.

### Eighth Affirmative Defense (Lack of Causation)

18      Any losses or harms allegedly sustained by Mattel resulted from causes

19  other than any act or omission of Bryant, including but not limited to Mattel's own

20  acts or omissions.  For example, Mattel believed from the time that Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.

22  However, Mattel failed to take action to minimize any alleged damages that arose

23  from Bryant's work for said competitor.

### Ninth Affirmative Defense (Lack of Standing)

25      Mattel's counterclaims are barred in whole or in part by its lack of standing,

26  in that Mattel does not own any valid copyright interests in the copyrights that it

27  seeks to assert against Bryant.  In particular, Mattel does not own any valid

28  copyright interest in the following copyrights it seeks to assert against Bryant:  VA

1   1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

2   378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

3   378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

4   715-273.

5   **Tenth Affirmative Defense (Information Readily Ascertainable)**

6       Bryant cannot be liable, either on his own account or by association with

7   MGA or other defendants, for alleged misappropriation of information that was

8   readily ascertainable by proper means at the time of the alleged acquisition or use.

9   Such information includes, but is not limited to, the identity of hair manufacturers.

10   **Eleventh Affirmative Defense (Lack of Ownership)**

11       Mattel is neither the legal nor beneficial owner in the copyrights purportedly

12   at issue, including the following copyrights which Mattel purports to own:  VA 1-

13   378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

14   378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

15   378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

16   715-273.

17   **Twelfth Affirmative Defense (Copyright Invalidity)**

18       Mattel's purported copyrights, including VA 1-378-648, VA 1-378-649, VA

19   1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-

20   378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-

21   378-660, VAu 715-270, VAu 715-271, and VAu 715-273, are invalid.

22   **Thirteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

23       Mattel is barred from recovering statutory damages and/or attorneys' fees

24   because it failed to register the copyrights that are purportedly at issue within the

25   time required by 17 U.S.C. § 412.

26   **Fourteenth Affirmative Defense (Joinder in Defenses of Co-Defendants)**

27       Bryant hereby adopts and incorporates by this reference any and all other

28   affirmative defenses that have been or will be asserted by any other defendant

1    (including MGA) in this litigation to the extent that defendants may share in such

2    affirmative defenses.

3

4        Bryant has not knowingly and intentionally waived any applicable

5    affirmative defense and reserves the right to raise additional affirmative defenses

6    as they become known to him through discovery in this litigation.  In stating the

7    above affirmative defenses, Bryant also does not in any way waive or limit any

8    defenses raised by its denials of Mattel's allegations above.  Bryant further

9    reserves the right to amend his answer and/or affirmative defenses accordingly

10   and/or to delete affirmative defenses that he determines during later discovery are

11   not applicable.

**Prayer for Relief**

13       WHEREFORE, Bryant respectfully requests relief as follows:

14       1.    That Mattel's counterclaims be dismissed with prejudice;

15       2.    That Mattel take nothing by its counterclaims;

16       3.    That Mattel's request for injunctive and other equitable relief be

17   denied;

18       4.    That Bryant be awarded the cost of this litigation, including

19   reasonable attorneys' fees and interest; and

20       5.    That Bryant receive such other relief as the Court may deem proper.

21

22                                    Respectfully submitted,

23   Dated:  October 16, 2007          KEKER & VAN NEST, LLP

24

25

26   By: _____
                                    CHRISTA M. ANDERSON
27                                   Attorneys for Plaintiff
                                    CARTER BRYANT
28

19

404479.01

1

## DEMAND FOR JURY TRIAL

2

3      Bryant respectfully requests a trial by jury for all issues so triable.

4

5   Dated:  October 16, 2007                          KEKER & VAN NEST, LLP

6

7

8                                      By: _____
                                              CHRISTA M. ANDERSON
9                                             Attorneys for Plaintiff
                                              CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

404479.01      CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
               CASE NO. CV 04-09049 SGL (RNBx)

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On October 16, 2007, I served the following document(s):

**CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

by **FEDERAL EXPRESS,** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:   213/687-5000
Fax:   213/687-5600
tnolan@skadden.com

Executed on October 16, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Julie A. Selby*

JULIE A. SELBY