# Exhibit H

1   DALE M. CENDALI (*admitted pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   MARC F. FEINSTEIN (S.B. #158901)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, California 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5   Email: dtorres@omm.com

6   PATRICIA GLASER (S.B. # 55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, California  90067
    Telephone:   (310) 553-3000
9   Facsimile:    (310) 556-2920
    Email: pglaser@chrisglase.com
10
    Attorneys for Counter-defendants MGA
11  Entertainment, Inc., Isaac Larian, MGA
    Entertainment (HK) Limited, and MGAE de
12  Mexico S.R.L. de C.V.

13

14

15                UNITED STATES DISTRICT COURT

16                CENTRAL DISTRICT OF CALIFORNIA

17                     EASTERN DIVISION

18  CARTER BRYANT, an individual,        Case No. CV 05-2727 SGL (RNBx)
                                         (Consolidated with CV 04-09049 and
19              Plaintiff,               CV 04-9059)

20       v.                              **AMENDED ANSWER AND**
                                         **AFFIRMATIVE DEFENSES OF**
21  MATTEL, INC., a Delaware Corporation, **MGA ENTERTAINMENT INC.,**
                                         **MGA ENTERTAINMENT (HK)**
22              Defendant                **LIMITED, AND MGAE DE**
                                         **MEXICO S.R.L. DE C.V. TO**
23                                       **MATTEL, INC.'S SECOND**
                                         **AMENDED ANSWER AND**
24                                       **COUNTERCLAIMS**

25
    CONSOLIDATED WITH                    Judge:      Hon. Stephen G. Larson
26                                       Courtroom:  1
    MATTEL, INC. v. BRYANT and
27  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
28

1    Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA

2    Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively

3    the "MGA Defendants") hereby answer, for themselves alone, the Second

4    Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:

5        As a preliminary matter, Mattel's use of headings throughout its

6    counterclaims is improper, and therefore no response to Mattel's headings is

7    required.  If any response is required, MGA Defendants deny all allegations

8    contained in Mattel's headings.

9                          **RESPONSES**

10       1.    MGA Defendants deny the allegations set forth in paragraph 1.

11       2.    MGA Defendants deny the allegations set forth in paragraph 2.

12       3.    MGA Defendants admit that MGA decided to expand into

13   Mexico in or about 2004, and deny the remaining allegations set forth in paragraph

14   3.

15       4.    MGA Defendants deny the allegations set forth in paragraph 4.

16       5.    MGA Defendants deny the allegations set forth in paragraph 5.

17       6.    MGA Defendants admit that the Court has federal question

18   jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§

19   101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the

20   Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.

21       7.    MGA Defendants admit that venue is proper in this District for

22   Mattel's claims based on conduct alleged to have occurred within this District and

23   deny that venue is proper in this District for acts alleged to have occurred in

24   Mexico, Canada, Hong Kong, or other places outside of this District.

25       8.    MGA Defendants admit the allegations set forth in paragraph 8.

26       9.    MGA Defendants admit the allegations set forth in the first and

27   second sentences of paragraph 9, and deny the remaining allegations set forth in

28   paragraph 9.

1          10.    MGA Defendants admit the allegations set forth in paragraph
2    10.

3          11.    MGA Defendants admit the allegations set forth in the first
4    sentence of paragraph 11, and deny the remaining allegations set forth in paragraph
5    11.

6          12.    MGA Defendants admit the allegations set forth in paragraph
7    12.

8          13.    MGA Defendants admit the allegations set forth in the first
9    sentence of paragraph 13, and deny the remaining allegations set forth in paragraph
10   13.

11         14.    MGA Defendants admit the allegations set forth in paragraph
12   14.

13         15.    Paragraph 15 is a statement of Mattel's legal position, to which
14   no response is necessary.  To the extent a response is required, MGA Defendants
15   deny the allegations set forth in paragraph 15.

16         16.    MGA Defendants admit the allegations set forth in the first
17   sentence of paragraph 16.  MGA Defendants are without sufficient knowledge to
18   admit or deny the remaining allegations set forth in paragraph 16, and on that basis,
19   deny the remaining allegations set forth in paragraph 16.

20         17.    MGA Defendants are without sufficient knowledge to admit or
21   deny the allegations set forth in paragraph 17, and on that basis, deny the
22   allegations set forth in paragraph 17.

23         18.    MGA Defendants are without sufficient knowledge to admit or
24   deny the allegations set forth in paragraph 18, and on that basis, deny the
25   allegations set forth in paragraph 18.

26         19.    MGA Defendants admit that MGA is a toy manufacturer, that
27   MGA began as a consumer electronics business and expanded into the toy business
28   with licenses to sell handheld electronic games, and later expanded its business by

LA2:841935.2

- 3 -

1    launching the Bratz fashion doll line, and deny the remaining allegations set forth in

2    paragraph 19.

3         20.    MGA Defendants deny the allegations set forth in paragraph 20.

4         21.    MGA Defendants admit that Carter Bryant is a former employee

5    of Mattel, and state that they are without sufficient knowledge to admit or deny the

6    remaining allegations set forth in paragraph 21, and on that basis, deny the

7    remaining allegations set forth in paragraph 21.

8         22.    MGA Defendants are without sufficient knowledge to admit or

9    deny the allegations set forth in paragraph 22, and on that basis, deny the

10   allegations set forth in paragraph 22.

11        23.    MGA Defendants are without sufficient knowledge to admit or

12   deny the allegations set forth in paragraph 23, and on that basis, deny the

13   allegations set forth in paragraph 23.

14        24.    MGA Defendants are without sufficient knowledge to admit or

15   deny the allegations set forth in paragraph 24, and on that basis, deny the

16   allegations set forth in paragraph 24.

17        25.    MGA Defendants are without sufficient knowledge to admit or

18   deny the allegations set forth in paragraph 25, and on that basis, deny the

19   allegations set forth in paragraph 25.

20        26.    MGA Defendants deny the allegations set forth in paragraph 26.

21        27.    MGA Defendants deny the allegations set forth in paragraph 27.

22        28.    MGA Defendants deny the allegations set forth in paragraph 28.

23        29.    MGA Defendants deny the allegations set forth in paragraph 29.

24        30.    MGA Defendants admit that after MGA made the decision to

25   proceed with the manufacture of the Bratz dolls, MGA employees communicated

26   with employees of MGA Entertainment (HK) Limited on subjects including the

27   manufacturing of Bratz, and deny the remaining allegations set forth in the first

28

1 | sentence of paragraph 30.  MGA Defendants admit the second sentence of

2 | paragraph 30.

3 |      31.    MGA Defendants admit that samples of the four original Bratz

4 | dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the

5 | remaining allegations set forth in paragraph 31.

6 |      32.    MGA Defendants admit that MGA and its subsidiaries have

7 | distributed and sold Bratz and Bratz-related products in many countries throughout

8 | the world, that MGA and its subsidiaries have licensed Bratz to third parties, that

9 | MGA has derived annual revenues from its sales and licenses of Bratz in excess of

10 | $500 million, that MGA and its subsidiaries continue to market, sell and license

11 | Bratz and intend to continue to do so, and deny the remaining allegations set forth

12 | in paragraph 32.

13 |      33.    MGA Defendants deny the allegations set forth in paragraph 33.

14 |      34.    MGA Defendants deny the allegations set forth in paragraph 34.

15 |      35.    MGA Defendants deny the allegations set forth in paragraph 35.

16 |      36.    MGA Defendants admit that Bryant had an agreement with

17 | MGA, state that the terms of the agreement speak for themselves, and deny the

18 | remaining allegations set forth in paragraph 36.

19 |      37.    MGA Defendants admit that in or about late 2003 or early 2004,

20 | MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to

21 | conduct business in Mexico, admit that MGAE de Mexico hired three employees of

22 | Mattel's Mexican subsidiary, and deny the remaining allegations set forth in

23 | paragraph 37.

24 |      38.    MGA Defendants admit that Carlos Gustavo Machado Gomez

25 | was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado

26 | was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that

27 | Machado had access to some nonpublic business information of Mattel Mexico, and

28 | state that they are without sufficient knowledge to admit or deny the remaining

LA2:841935.2

1    allegations set forth in paragraph 38, and on that basis, deny the remaining

2    allegations set forth in paragraph 38.

3         39.    MGA Defendants admit that Mariana Trueba Almada was a

4    Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had

5    access to some nonpublic business information of Mattel Mexico, and state that

6    they are without sufficient knowledge to admit or deny the remaining allegations

7    set forth in paragraph 39, and on that basis, deny the remaining allegations set forth

8    in paragraph 39.

9         40.    MGA Defendants admit that Pablo Vargas San Jose was a Trade

10   Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel

11   Mexico from March 2001 until April 19, 2004, admit that Vargas had access to

12   some nonpublic business information of Mattel Mexico, and state that they are

13   without sufficient knowledge to admit or deny the remaining allegations set forth in

14   paragraph 40, and on that basis, deny the remaining allegations set forth in

15   paragraph 40.

16        41.    MGA Defendants admit that in or about early 2004, Machado,

17   Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

18   and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

19   identify their new employer to Mattel Mexico, admit that Machado, Trueba and

20   Vargas were offered and accepted employment with MGAE de Mexico, and deny

21   the remaining allegations set forth in paragraph 41.

22        42.    MGA Defendants admit that MGA personnel communicated by

23   telephone with Machado and Vargas prior to their Mattel resignations, admit that

24   MGA personnel, including Isaac Larian, communicated by e-mail with Machado

25   and Vargas concerning terms of employment through an America Online e-mail

26   account with the address <plot04@aol.com>, and deny the remaining allegations

27   set forth in paragraph 42.

28

1    43.    MGA Defendants admit that in or about March 2004, Machado,

2    Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April

3    2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed

4    with MGA personnel, including Larian, employment at MGAE de Mexico, state

5    that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the

6    remaining allegations set forth in paragraph 43.

7    44.    MGA Defendants are without sufficient knowledge to admit or

8    deny the allegations set forth in paragraph 44, and on that basis, deny the

9    allegations set forth in paragraph 44.

10    45.    MGA Defendants are without sufficient knowledge to admit or

11    deny the allegations set forth in paragraph 45, and on that basis, deny the

12    allegations set forth in paragraph 45.

13    46.    MGA Defendants are without sufficient knowledge to admit or

14    deny the allegations set forth in paragraph 46, and on that basis, deny the

15    allegations set forth in paragraph 46.

16    47.    MGA Defendants are without sufficient knowledge to admit or

17    deny the allegation set forth in the third sentence of paragraph 47, and on that basis,

18    deny these allegations, and deny the remaining allegations set forth in paragraph 47.

19    48.    MGA Defendants deny the allegations set forth in paragraph 48.

20    49.    MGA Defendants deny the allegations set forth in paragraph 49.

21    50.    MGA Defendants are without sufficient knowledge to admit or

22    deny the allegation that MGA publicized a claim that, in 2005, it had increased its

23    Mexican market share by 90% over the prior year, and on that basis, deny this

24    allegation, and deny the remaining allegations set forth in paragraph 50.

25    51.    MGA Defendants deny the allegations set forth in paragraph 51.

26    52.    MGA Defendants deny the allegations set forth in paragraph 52.

27    53.    MGA Defendants admit that on October 27, 2005, Mexican

28    authorities searched MGAE de Mexico and seized certain documents, and state that

LA2:841935.2

- 7 -

1    they are without sufficient knowledge to admit or deny the remaining allegations

2    set forth in paragraph 53, and on that basis, deny the remaining allegations set forth

3    in paragraph 53.

4           54.    MGA Defendants admit that Machado was transferred from

5    MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado

6    resides in the County of Los Angeles, and deny the remaining allegations set forth

7    in paragraph 54.

8           55.    MGA Defendants admit the allegations set forth in the first

9    sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on

10   April 22, 1996, and state that they are without sufficient knowledge to admit or

11   deny the remaining allegations set forth in the second sentence of paragraph 55, and

12   on that basis, deny the remaining allegations set forth in the second sentence of

13   paragraph 55. MGA Defendants admit the allegations set forth in third sentence of

14   paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a

15   Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the

16   remaining allegations in the fourth sentence of paragraph 55 are a statement of

17   Mattel's legal position, to which no response is necessary. To the extent a response

18   is required, MGA Defendants deny the remaining allegations set forth in paragraph

19   55.

20          56.    MGA Defendants are without sufficient knowledge to admit or

21   deny the allegations set forth in paragraph 56, and on that basis, deny the

22   allegations set forth in paragraph 56. The last sentence of paragraph 56 is a

23   statement of Mattel's legal position, to which no response is necessary. To the

24   extent a response is required, MGA Defendants deny the remaining allegations set

25   forth in paragraph 56.

26          57.    MGA Defendants admit that by 2003, Brawer had advanced

27   within Mattel to a Senior Vice President position over customer marketing, and

28   state that the remaining allegations in the first sentence of paragraph 57 are a

LA2:841935.2

1    statement of Mattel's legal position, to which no response is necessary.  To the

2    extent a response is required, MGA Defendants deny the remaining allegations set

3    forth in the first sentence of paragraph 57.  MGA Defendants admit that in his

4    executive position, Brawer was provided access to certain nonpublic Mattel

5    information.

6            58.    MGA Defendants admit the allegations set forth in the first

7    sentence of paragraph 58.  MGA Defendants deny the allegations set forth in the

8    second sentence of paragraph 58.  MGA Defendants are without sufficient

9    knowledge to admit or deny the remaining allegations set forth in paragraph 58, and

10   on that basis, deny the remaining allegations set forth in paragraph 58.

11           59.    MGA Defendants are without sufficient knowledge to admit or

12   deny the allegations set forth in paragraph 59, and on that basis, deny the

13   allegations set forth in paragraph 59.

14           60.    MGA Defendants admit that in April 2004, Mattel made Brawer

15   a Senior Vice President/General Manager, and state that they are without sufficient

16   knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17   on that basis, deny the remaining allegations set forth in paragraph 60.

18           61.    MGA Defendants admit that in May 2004, Brawer began

19   performing General Manager duties, working with one of Mattel's major retail

20   customer accounts, and state that they are without sufficient knowledge to admit or

21   deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22   remaining allegations set forth in paragraph 61.

23           62.    MGA Defendants admit the allegations set forth in the first

24   sentence of paragraph 62.  MGA Defendants admit that as Brawer left, he carried a

25   large cardboard box, and deny the remaining allegations set forth in the second

26   sentence of paragraph 62.  MGA Defendants state that they are without sufficient

27   knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28   on that basis, deny the remaining allegations set forth in paragraph 62.

LA2:841935.2

63.   MGA Defendants admit the allegations set forth in paragraph 63.

64.   MGA Defendants admit that on September 20, 2004, Mattel hand-delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 64.

65.   MGA Defendants admit that at his exit interview on September 29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer stated that he had not signed the Code of Conduct, and deny the remaining allegations set forth in paragraph 65.

66.   MGA Defendants admit that on October 1, 2004, Brawer's last day of employment with Mattel, Mattel delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 66.

67.   MGA Defendants admit that Brawer became MGA's Executive Vice President of Sales and Marketing, admit that he was responsible for sales worldwide, admit that he had and continues to have responsibility for MGA's accounts with some of the same retailers that he worked with while at Mattel, and deny the remaining allegations set forth in paragraph 67.

68.   MGA Defendants admit that Brawer stated during his exit interview that he had returned all confidential proprietary information to Mattel, state that he did not provide copies of information from his personal contacts file, and deny the remaining allegations set forth in paragraph 68.

69.   MGA Defendants admit that since leaving Mattel, Brawer has had contacts with certain Mattel employees, both by telephone and electronic mail, and deny the remaining allegations set forth in paragraph 69.

70.   MGA Defendants deny the allegations set forth in paragraph 70.

LA2:841935.2

- 10 -

71.     MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis, deny the allegations set forth in paragraph 71.

72.     MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis, deny the allegations set forth in paragraph 72.

73.     MGA Defendants admit that on September 26, 2005, Brisbois resigned from Mattel Canada, state that she took a position as Vice President of National Accounts at MGAE Canada, and deny the remaining allegations set forth in the first sentence of paragraph 73. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 73, and on that basis, deny the remaining allegations set forth in paragraph 73.

74.     MGA Defendants admit that Brisbois spoke with Isaac Larian by telephone on or about the evening of September 22, 2005, deny that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, deny that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 74, and on that basis, deny the remaining allegations set forth in paragraph 74.

75.     MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 75, and on that basis, deny the allegations set forth in paragraph 75.

76.     MGA Defendants admit that Brisbois traveled several times to MGA's offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a press release, state that the press release speaks for itself, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph 76.

LA2:841935.2

1    77.    MGA Defendants admit that MGA has hired at least 25

2    employees directly from Mattel's United States operations in the past few years,

3    and deny the remaining allegations set forth in paragraph 77.

4    78.    MGA Defendants deny the allegations set forth in the first

5    sentence of paragraph 78.  MGA Defendants admit that Larian has sent email

6    messages to a "Bratz News" distribution list, admit that the recipients of e-mail

7    messages sent to the "Bratz News" distribution list includes members of the media

8    as well as representatives of customers of both MGA and Mattel, and deny the

9    remaining allegations set forth in paragraph 78.

10   79.    MGA Defendants admit that on May 12, 2006, Larian sent an

11   email message to the "Bratz News" distribution list that included a reference to the

12   new My Scene product with real gems, and state that they are without sufficient

13   knowledge to admit or deny the remaining allegations set forth in paragraph 79, and

14   on that basis, deny the remaining allegations set forth in paragraph 79.

15   80.    MGA Defendants admit that Larian told one retailer that such

16   retailer was the only retailer with plans to purchase MY SCENE BLING BLING

17   with real gems, at a time when Larian had a good faith belief that such retailer was

18   the only retailer with plans to purchase MY SCENE BLING BLING with real

19   gems, and deny the remaining allegations set forth in paragraph 80.

20   81.    MGA Defendants deny the allegation set forth in paragraph 81.

21   82.    MGA Defendants repeat their responses contained in paragraphs

22   1 through 81 of this Answer and incorporate them by reference as though fully and

23   completely set forth herein.

24   83.    MGA Defendants deny the allegations set forth in paragraph 83.

25   84.    MGA Defendants deny the allegations set forth in paragraph 84.

26   85.    MGA Defendants deny the allegations set forth in paragraph 85.

27   86.    MGA Defendants deny the allegations set forth in paragraph 86.

28   87.    MGA Defendants deny the allegations set forth in paragraph 87.

1               88.    MGA Defendants repeat their responses contained in paragraphs

2    1 through 87 of this Answer and incorporate them by reference as though fully and

3    completely set forth herein.

4               89.    MGA Defendants deny the allegations set forth in paragraph 89.

5               90.    MGA Defendants deny the allegations set forth in paragraph 90.

6               91.    MGA Defendants deny the allegations set forth in paragraph 91.

7               92.    MGA Defendants deny the allegations set forth in paragraph 92.

8               93.    MGA Defendants deny the allegations set forth in paragraph 93.

9               94.    MGA Defendants deny the allegations set forth in paragraph 94.

10              95.    MGA Defendants deny the allegations set forth in paragraph 95.

11              96.    MGA Defendants deny the allegations set forth in paragraph 96.

12              97.    MGA Defendants deny the allegations set forth in paragraph 97.

13              98.    MGA Defendants repeat their responses contained in paragraphs

14   1 through 97 of this Answer and incorporate them by reference as though fully and

15   completely set forth herein.

16              99.    MGA Defendants deny the allegations set forth in paragraph 99.

17              100.    MGA Defendants deny the allegations set forth in paragraph

18   100.

19              101.    MGA Defendants deny the allegations set forth in paragraph

20   101.

21              102.    MGA Defendants deny the allegations set forth in paragraph

22   102.

23              103.    MGA Defendants deny the allegations set forth in paragraph

24   103.

25              104.    MGA Defendants deny the allegations set forth in paragraph

26   104.

27              105.    MGA Defendants deny the allegations set forth in paragraph

28   105.

LA2:841935.2

- 13 -

1    106.    MGA Defendants repeat their responses contained in paragraphs
2    1 through 105 of this Answer and incorporate them by reference as though fully and
3    completely set forth herein.

4    107.    MGA Defendants deny the allegations set forth in paragraph
5    107.

6    108.    MGA Defendants deny the allegations set forth in paragraph
7    108.

8    109.    MGA Defendants deny the allegations set forth in paragraph
9    109.

10    110.    MGA Defendants deny the allegations set forth in paragraph
11    110.

12    111.    MGA Defendants deny the allegations set forth in paragraph
13    111.

14    112.    MGA Defendants deny the allegations set forth in paragraph
15    112.

16    113.    MGA Defendants deny the allegations set forth in paragraph
17    113.

18    114.    MGA Defendants deny the allegations set forth in paragraph
19    114.

20    115.    MGA Defendants deny the allegations set forth in paragraph
21    115.

22    116.    MGA Defendants repeat their responses contained in paragraphs
23    1 through 115 of this Answer and incorporate them by reference as though fully and
24    completely set forth herein.

25    117.    MGA Defendants deny the remaining allegations set forth in
26    paragraph 117.

27    118.    MGA Defendants deny the allegations set forth in paragraph
28    118.

LA2:841935.2

1                119.   MGA Defendants deny the allegations set forth in paragraph
2   119.

3                120.   MGA Defendants deny the allegations set forth in paragraph
4   120.

5                121.   MGA Defendants deny the allegations set forth in paragraph
6   121.

7                122.   MGA Defendants repeat their responses contained in paragraphs
8   1 through 121 of this Answer and incorporate them by reference as though fully and
9   completely set forth herein.

10               123.   MGA Defendants deny the allegations set forth in paragraph
11   123.

12               124.   MGA Defendants deny the allegations set forth in paragraph
13   124.

14               125.   MGA Defendants deny the allegations set forth in paragraph
15   125.

16               126.   MGA Defendants deny the allegations set forth in paragraph
17   126.

18               127.   MGA Defendants deny the allegations set forth in paragraph
19   127.

20               128.   MGA Defendants deny the allegations set forth in paragraph
21   128.

22               129.   MGA Defendants repeat their responses contained in paragraphs
23   1 through 128 of this Answer and incorporate them by reference as though fully and
24   completely set forth herein.

25               130.   The first and fifth sentences of paragraph 130 are statements of
26   Mattel's legal position, to which no response is necessary.  To the extent a response
27   is required, MGA Defendants deny the allegations set forth in the first and fifth
28   sentences of paragraph 130.  MGA Defendants are without sufficient knowledge to

1  admit or deny the remaining allegations set forth in paragraph 130, and on that

2  basis, deny the remaining allegations set forth in  paragraph 130.

3       131.   MGA Defendants deny the allegations set forth in paragraph

4  131.

5       132.   MGA Defendants deny the allegations set forth in paragraph

6  132.

7       133.   MGA Defendants deny the allegations set forth in paragraph

8  133.

9       134.   MGA Defendants deny the allegations set forth in paragraph

10  134.

11       135.   MGA Defendants deny the allegations set forth in paragraph

12  135.

13       136.   MGA Defendants repeat their responses contained in paragraphs

14  1 through 135 of this Answer and incorporate them by reference as though fully and

15  completely set forth herein.

16       137.   MGA Defendants deny the allegations set forth in paragraph

17  137.

18       138.   MGA Defendants deny the allegations set forth in paragraph

19  138.

20       139.   MGA Defendants deny the allegations set forth in paragraph

21  139.

22       140.   MGA Defendants deny the allegations set forth in paragraph

23  140.

24       141.   MGA Defendants deny the allegations set forth in paragraph

25  141.

26       142.   MGA Defendants repeat their responses contained in paragraphs

27  1 through 141 of this Answer and incorporate them by reference as though fully and

28  completely set forth herein.

LA2:841935.2

1     143.   Paragraph 143 is a statement of Mattel's legal position, to which

2 no response is necessary.  To the extent a response is required, MGA Defendants

3 deny the allegations set forth in the paragraph 143.

4     144.   MGA Defendants deny the allegations set forth in paragraph

5 144.

6     145.   MGA Defendants deny the allegations set forth in paragraph

7 145.

8     146.   MGA Defendants deny the allegations set forth in paragraph

9 146.

10     147.   MGA Defendants deny the allegations set forth in paragraph

11 147.

12     148.   MGA Defendants deny the allegations set forth in paragraph

13 148.

14     149.   MGA Defendants repeat their responses contained in paragraphs

15 1 through 148 of this Answer and incorporate them by reference as though fully and

16 completely set forth herein.

17     150.   MGA Defendants deny the allegations set forth in paragraph

18 150.

19     151.   MGA Defendants deny the allegations set forth in paragraph

20 151.

21     152.   MGA Defendants deny the allegations set forth in paragraph

22 152.

23     153.   MGA Defendants deny the allegations set forth in paragraph

24 153.

25     154.   MGA Defendants deny the allegations set forth in paragraph

26 154.

27

28

LA2:841935.2

- 17 -

1    155.   MGA Defendants repeat their responses contained in paragraphs
2    1 through 154 of this Answer and incorporate them by reference as though fully and
3    completely set forth herein.

4    156.   MGA Defendants deny the allegations set forth in paragraph
5    156.

6    157.   MGA Defendants deny the allegations set forth in paragraph
7    157.

8    158.   MGA Defendants deny the allegations set forth in paragraph
9    158.

10    159.   MGA Defendants deny the allegations set forth in paragraph
11    159.

12    160.   MGA Defendants deny the allegations set forth in paragraph
13    160.

14    161.   MGA Defendants deny the allegations set forth in paragraph
15    161.

16    162.   MGA Defendants deny the allegations set forth in paragraph
17    162.

18    163.   MGA Defendants repeat their responses contained in paragraphs
19    1 through 162 of this Answer and incorporate them by reference as though fully and
20    completely set forth herein.

21    164.   MGA Defendants deny the allegations set forth in paragraph
22    164.

23    165.   MGA Defendants deny the allegations set forth in paragraph
24    165.

25    166.   MGA Defendants deny the allegations set forth in paragraph
26    166.

27

28

1    167.   MGA Defendants repeat their responses contained in paragraphs
2  1 through 166 f this Answer and incorporate them by reference as though fully and
3  completely set forth herein.

4    168.   MGA Defendants deny the allegations set forth in paragraph
5  168.

6    169.   Paragraph 169 is a statement of Mattel's legal position, to which
7  no response is necessary.  To the extent a response is required, MGA Defendants
8  deny the allegations set forth in the paragraph 169.

9    170.   Paragraph 170 is a statement of Mattel's legal position, to which
10 no response is necessary.  To the extent a response is required, MGA Defendants
11 deny the allegations set forth in the paragraph 170.

12              **AFFIRMATIVE DEFENSES**

13    Without admitting any wrongful conduct on the part of MGA Defendants or
14 any Counter-Defendant, and without admitting that Mattel suffered any loss,
15 damage, or injury, MGA Defendants allege the following affirmative defenses to
16 the Counterclaims.  By designating the following as affirmative defenses, MGA
17 Defendants do not in any way waive or limit any defenses which are or may be
18 raised by their denials, allegations, and averments set forth herein.  MGA
19 Defendants also do not, by alleging any affirmative defense, admit that Mattel does
20 not have the burden of proof for any or all facts underlying any of those defenses.
21 These defenses are pled in the alternative, and are raised to preserve the rights of
22 MGA Defendants to assert such defenses, and are without prejudice to their ability
23 to raise other and further defenses.

24          **FIRST AFFIRMATIVE DEFENSE**

25            (Failure to State a Claim)

26    Mattel's counterclaims fail to state a claim against MGA Defendants upon
27 which relief can be granted.

28

LA2:841935.2

- 19 -

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts.  This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

LA2:841935.2

1 | pretense in order to interrogate them about Bratz and this litigation; Mattel's
2 | coercing its employees to accept restrictive covenants (right before a massive
3 | layoff) and non-compete clauses and other efforts to prevent prospective MGA
4 | employees from accepting offers of employment; Mattel's delay in suing Carter
5 | Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel
6 | case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the
7 | public and retailers; and Mattel's taking all measures to conceal its bad acts,
8 | including the willful non-retention and destruction of documents. Additionally,
9 | Mattel believed from the time that Carter Bryant left Mattel's employ that he was
10 | going to perform work for a Mattel competitor. Mattel began investigating Bryant
11 | and MGA Defendants, including Bryant's role in the creation and development of
12 | Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring
13 | suit, all the while allowing MGA Defendants to spend years developing their
14 | business and invest tens of millions of dollars developing the Bratz products and
15 | building the Bratz brand. These averments are made on information and belief
16 | except where MGA Defendants have knowledge thereof.

17 | **THIRD AFFIRMATIVE DEFENSE**
18 | (Laches)
19 | Mattel's counterclaims are barred by the equitable doctrine of laches
20 | because, among other things, Mattel believed from the time that Carter Bryant left
21 | Mattel's employ that he was going to perform work for a Mattel competitor. Mattel
22 | began investigating Bryant and MGA Defendants, including Bryant's role in the
23 | creation and development of Bratz, at least as early as March 2002 and thereafter
24 | continued its investigation into Bryant's role in the creation and development of
25 | Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert
26 | Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for
27 | Bratz from Mattel and sold it to MGA Defendants. Nonetheless, Mattel waited
28 | years to bring suit, all the while allowing MGA Defendants to spend years

LA2:841935.2

- 21 -

1   developing their business and invest tens of millions of dollars developing the Bratz

2   products and building the Bratz brand.

3   ### FOURTH AFFIRMATIVE DEFENSE

4   #### (Statute of Limitations)

5   Mattel's counterclaims are barred by the applicable statutes of limitations,

6   including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code

7   of Civil Procedure §§ 337, 339, 343 and 338(c).

8   ### FIFTH AFFIRMATIVE DEFENSE

9   #### (*Bona Fide* Purchaser for Value)

10   Mattel cannot maintain its counterclaims against MGA Defendants because

11   MGA Defendants paid valuable consideration for Bryant's assignment of his rights

12   in the original Bratz drawings to MGA Defendants, and MGA Defendants acted

13   with a good faith belief that Bryant owned the rights to his original Bratz drawings

14   and that his assignment of such rights to MGA Defendants was valid and

15   permissible.

16   ### SIXTH AFFIRMATIVE DEFENSE

17   #### (17 U.S.C. § 205(d))

18   Mattel cannot maintain its counterclaims against MGA Defendants because,

19   among other things, MGA Defendants acted with a good faith belief that Bryant

20   owned the rights to his original Bratz drawings and that his assignment of such

21   rights to MGA Defendants was valid and permissible.

22   ### SEVENTH AFFIRMATIVE DEFENSE

23   #### (Information Readily Ascertainable)

24   MGA Defendants cannot be liable, either on their own account or by

25   association with other defendants, for misappropriation of information that was

26   readily ascertainable by proper means at the time of the alleged acquisition or use.

27   Such information includes, but is not limited to, the identity of suppliers,

28

1    manufacturers, distributors and retailers; contact information for the same; and

2    sales, marketing and media data.

3                    **EIGHTH AFFIRMATIVE DEFENSE**

4                       (Acts or Omissions of Others)

5        Mattel's damages, if any, were not caused by MGA Defendants and are not

6    attributable to any acts or omissions of MGA Defendants.

7                    **NINTH AFFIRMATIVE DEFENSE**

8                            (Estoppel)

9        Mattel's counterclaims are barred in whole or in part by the equitable

10   doctrine of estoppel because, among other things, Mattel believed from the time

11   that Carter Bryant left Mattel's employ that he was going to perform work for a

12   Mattel competitor.  Mattel began investigating Bryant and MGA Defendants,

13   including Bryant's role in the creation and development of Bratz, at least as early as

14   March 2002.  Nonetheless, Mattel waited years to bring suit, all the while allowing

15   MGA Defendants to spend years developing their business and invest tens of

16   millions of dollars developing the Bratz products and building the Bratz brand.

17                    **TENTH AFFIRMATIVE DEFENSE**

18                         (Acquiescence)

19       Mattel's counterclaims are barred in whole or in part by acquiescence

20   because, among other things, Mattel believed from the time that Carter Bryant left

21   Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22   began investigating Bryant and MGA Defendants, including Bryant's role in the

23   creation and development of Bratz, at least as early as March 2002.  Nonetheless,

24   Mattel waited years to bring suit, all the while allowing MGA Defendants to spend

25   years developing their business and invest tens of millions of dollars developing the

26   Bratz products and building the Bratz brand.  Additionally, Mattel tolerated and

27   condoned conduct by other employees similar to the alleged conduct by Bryant and

28   others on which Mattel bases its claims.

LA2:841935.2

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Failure to Mitigate)

3   MGA Defendants deny that Mattel suffered any damages, but even if it did,

4   Mattel failed to take reasonable steps to mitigate those purported damages.

5

## TWELFTH AFFIRMATIVE DEFENSE

6

### (No Statutory Damages or Attorneys' Fees)

7   Mattel is barred from recovering statutory damages and/or attorneys' fees

8   because it failed to register the copyrights that are purportedly at issue within the

9   time required by 17 U.S.C. § 412.

10

## THIRTEENTH AFFIRMATIVE DEFENSE

11

### (Waiver)

12   Mattel's counterclaims are barred in whole or in part by waiver because,

13   among other things, Mattel believed from the time that Carter Bryant left Mattel's

14   employ that he was going to perform work for a Mattel competitor.  Mattel began

15   investigating Bryant and MGA Defendants, including Bryant's role in the creation

16   and development of Bratz, at least as early as March 2002.  Nonetheless, Mattel

17   waited years to bring suit, all the while allowing MGA Defendants to spend years

18   developing their business and invest tens of millions of dollars developing the Bratz

19   products and building the Bratz brand.

20

## FOURTEENTH AFFIRMATIVE DEFENSE

21

### (Abandonment)

22   Mattel has abandoned any interest it may have had in the alleged copyrighted

23   works.

24

## FIFTEENTH AFFIRMATIVE DEFENSE

25

### (*De Minimus* Use)

26   MGA Defendants deny that Mattel owns any copyright interest in the alleged

27   works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

28

LA2:841935.2

1  aspect of a Mattel copyrighted work, such use would be *de minimus* and non-
2  infringing.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Joint Authorship)

5  MGA Defendants deny that Mattel owns any copyright interest in the alleged
6  works, but even if it did, any liability would be eliminated or greatly diminished by
7  the doctrine of joint authorship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Competition Privilege/Justification)

10  Mattel's counterclaims are barred in whole or in part on the grounds that the
11  acts of the MGA Defendants were lawful competition or justified.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

14  Mattel's counterclaims are barred in whole or in part because the MGA
15  Defendants acted in good faith.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Lack of Authority)

18  Mattel's counterclaims are barred in whole or in part on the grounds that to
19  the extent any person committed an unlawful or tortious act, the person lacked
20  authority to commit such act on behalf of the MGA Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

23  Mattel's counterclaims are barred in whole or in part by its lack of standing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Joinder in Defenses of Co-Defendants)

26  MGA Defendants hereby adopt and incorporate by reference any and all
27  other affirmative defenses that have been or will be asserted by any other defendant
28  (including Bryant) in this litigation to the extent that defendants may share in such

LA2:841935.2

1    affirmative defenses.

2    ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3    ### (Undiscovered Defenses)

4        MGA Defendants have insufficient knowledge or information upon which to

5    form a belief as to whether additional defenses are available. MGA Defendants

6    reserve the right to assert any further or additional defenses upon receiving more

7    complete information regarding the matters alleged in the Counterclaims, through

8    discovery or otherwise.

9

10       WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11   Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12       a.    that the Counterclaims be dismissed with prejudice;

13       b.    that judgment be entered in favor of counter-defendants and against

14   counterclaimant;

15       c.    that counter-defendants recover their costs and attorneys' fees; and

16       d.    that the Court award such other and further relief as is just and proper.

17

18       Dated: September 19, 2007    O'MELVENY & MYERS LLP

19

20

21       Marc F. Feinstein
     Attorneys for Counter-defendants
22   MGA Entertainment, Inc., Isaac Larian,
     MGA Entertainment (HK) Limited, and
     MGAE de Mexico S.R.L. de C.V.
23

24

25

26

27

28

## PROOF OF SERVICE

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California  90071-2899.  On September 19, 2007, I served the within document(s):

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

☒    by causing to be personally served the document(s) listed above to the person(s) listed below.

John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP
10250 Constellation Blvd.,
19th Floor
Los Angeles, CA 90067

Michael H. Page, Esq.
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

LA2:817525.2

1         I declare under penalty of perjury under the laws of the United States that the

2  above is true and correct.

       Executed on September 19, 2007, at Los Angeles, California.

3

4

5                                         Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28