# EXHIBIT 10



QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000 (telephone)
(213) 443-3100 (facsimile)

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>CARTER BRYANT, an individual, and DOES 1 through 10, inclusive,<br>                    Defendants.<br><br>CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>                    Counter-Claimant,<br><br>        v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Counter-Defendant. | CASE NO. CV 04-9059 NM (RNBx)<br><br>MATTEL, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT MGA ENTERTAINMENT INC. |

07209/650821.1

MATTEL'S SECOND SET INTERROGATORIES TO MGA

EXHIBIT 10 PAGE 128

1   Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff and counter-

2   defendant Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc.

3   ("MGA") answer the following Interrogatories separately and fully, in writing and

4   under oath, within 30 days after service hereof.  MGA shall be obligated to

5   supplement its responses to the Interrogatories at such times and to the extent

6   required by the <u>Federal Rules of Civil Procedure</u>.

7

8                              <u>Definitions</u>

9

10   1.   "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc.,

11   any of its current or former employees, officers, directors, agents, representatives,

12   attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and

13   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

14   authority or subject to its control.  Without limiting the foregoing, "MGA"

15   includes the entities known as ABC International Traders or ABC International

16   Traders, Inc.

17   2.   "AFFILIATES" means any and all corporations,

18   proprietorships, d/b/a's, partnerships, joint ventures and business entities of any

19   kind that, directly or indirectly, in whole or in part, own or control, are under

20   common ownership or control with, or are owned or controlled by a PERSON,

21   including without limitation each parent, subsidiary and joint venture of such

22   PERSON.

23   3.   "PERSON" or "PERSONS" means all natural persons,

24   partnerships, corporations, joint ventures and any kind of business, legal or public

25   entity or organization, as well as its, his or her agents, representatives, employees,

26   officers and directors and any one else acting on its, his or her behalf, pursuant to

27   its, his or her authority or subject to his or her control.

28

1        4.   "BRATZ" means any doll or any portion thereof that is now or

2 has ever been known as, or sold or marketed under, the name "Bratz" (regardless

3 of what such doll is or has been also or previously called) or that is now or has

4 ever been manufactured, distributed, displayed, sold or marketed as part of the

5 "Bratz" line, and all prototypes, models, samples, versions and iterations of such

6 doll or any portion thereof.

7        5.   "EMBODIMENT" means any representation of BRATZ,

8 whether two-dimensional or three-dimensional, and whether in tangible, digital,

9 electronic or other form, including but not limited to all works, designs, artwork,

10 sketches, drawings, illustrations, representations, depictions, blueprints,

11 schematics, diagrams, images, sculptures, prototypes, models, samples, reductions

12 to practice, developments, inventions and/or improvements, as well as all other

13 items, things and DOCUMENTS in which any of the foregoing are or have been

14 expressed, embodied, contained, fixed or reflected in any manner, whether in

15 whole or in part. For purposes of these Interrogatories, each version, draft or

16 iteration of, or modification or revision to, an EMBODIMENT is, and shall be

17 treated as, separate and distinct from each other EMBODIMENT.

18        6.   "SWORN STATEMENT" means any declaration, affidavit,

19 witness statement, deposition testimony, trial testimony, arbitration testimony or

20 any other statement, testimony or representation given under oath or under penalty

21 of perjury that was or has been prepared, taken, given, transcribed, recorded,

22 submitted or filed by YOU or on YOUR behalf, but excluding any SWORN

23 STATEMENT that was given or taken in the presence of Mattel's counsel in this

24 action or that has been served upon Mattel's counsel in this action.

25        7.   "REFER OR RELATE TO" a given subject matter means relate

26 to, refer to, constitute, contain, embody, reflect, identify, state, deal with, comment

27 on, respond to, describe, analyze, support, refute, contradict, or in any way pertain

28 to that subject matter, either directly or indirectly.

8.   "IDENTIFY" or "IDENTITY" means the following:

(a)   with reference to an individual, means to state such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b)   with reference to an entity, means to state such entity's full name, state (or country) of incorporation or organization, present or last-known address, and present or last-known telephone number.

(c)   with reference to a SWORN STATEMENT, means to state the date thereof, the IDENTITY of the PERSON(S) signing or giving the SWORN STATEMENT, the name of the court or forum in which or in connection with each was prepared, taken, given, transcribed, recorded, submitted or filed and the case name and docket or other identification number associated therewith.

(d)   with reference to an EMBODIMENT, means to state the IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well as of each other individual who contributed in any manner to the EMBODIMENT; the form, material and medium of the EMBODIMENT (*e.g.*, preliminary three-dimensional resin sculpture, final three-dimensional wax sculpture, digitized file of final three-dimensional wax sculpture, two-dimensional design drawing on paper); the title or name of the EMBODIMENT; the start and end date(s) of the EMBODIMENT's creation or preparation; the Bates-number of any DOCUMENT which REFERS OR RELATES TO the EMBODIMENT or, if no such DOCUMENT has been produced, a full and complete description of the EMBODIMENT and of all DOCUMENTS that REFER OR RELATE to the EMBODIMENT; the version, modification, revision or iteration number, if applicable; and the current location of the EMBODIMENT.

-4-

MATTEL'S SECOND SET INTERROGATORIES TO MGA

EXHIBIT 10 PAGE 131

1    (e)    with reference to any other matter, shall mean to fully

2  state and describe each such matter, and, if applicable, to state the IDENTITY of

3  each PERSON involved in such matter, the date and the geographical location

4  (including without limitation, city and State or, if outside the United States, the

5  city and country) of each such event.

6    9.    "DOCUMENTS" has the same meaning herein as in Federal

7  Rule of Civil Procedure 34(a), and means original and all copies, unless identical,

8  regardless of origin or location, of written, recorded and graphic matter, however

9  produced or reproduced, formal or informal, including without limitation working

10  papers, preliminary, intermediate or final drafts, designs, drawings, diagrams,

11  schematics, correspondence, memoranda, letters, telegrams, notes, notebooks,

12  compilations, blueprints, laboratory notebooks, process specifications, product

13  specifications, manuals, instructions, models, performance specifications,

14  inventor's notebooks, inventor's workbooks, invention records, invention

15  disclosures, computer inputs or runs, computer discs or tapes, e-mails, evaluations,

16  agreements, entries, video cassettes or tapes, audio cassettes or tapes, audio discs,

17  calendars, reports, minutes of any type of meeting, appointment records, diaries,

18  studies, statistical analyses, invoices, financial or accounting records, financial

19  calculations, transcripts, court pleadings, lists, reports of telephone or other oral

20  conversations, desk calendars, appointment books, telephone logs, telephone

21  records, patents or patent applications, or trademarks or trade names or

22  applications for same; and any other writings or documents of whatever

23  description or kind, including attachments or other matters affixed thereto and

24  copies of any of the foregoing in the possession, custody or control of YOU,

25  YOUR counsel or any other person acting on your behalf, including without

26  limitation any material described above that originally may have been generated

27  by any party hereto and is now in YOUR possession, custody or control.

28

10.   "ANGEL" means the project that is the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, and any doll (sometimes purportedly called "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including all prototypes, models, samples and versions of such doll(s) or any portion thereof.  Without limiting the generality of the foregoing, "ANGEL" means any project or any doll or any portion thereof that is the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such project or doll has in fact been called, and regardless of what any such project or doll is or has been also, previously or subsequently called.

11.   "Any" as used in these interrogatories includes the word "all," and the word "all" as used in these interrogatories includes the word "any."

12.   The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## Instructions

A.   When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU

1 | cannot completely answer the interrogatory after making diligent efforts to do so,
2 | please so state. Then describe in detail all efforts made to answer the interrogatory;
3 | identify every PERSON involved in such efforts; and state the additional information
4 | YOU need, if any, to respond completely to the interrogatory.

5

6 | Interrogatories

7

8 | INTERROGATORY NO. 5:

9 | IDENTIFY, fully and separately, each and every PERSON who was
10 | involved in the conception, origin, creation, design, development, sculpting,
11 | engineering, reduction to practice, tooling or painting of, or who otherwise produced
12 | or contributed to any EMBODIMENT of, BRATZ before December 31, 2001,
13 | including without limitation by fully and separately describing each such PERSON's
14 | role and the start and end dates of such PERSON's involvement.

15

16 | INTERROGATORY NO. 6:

17 | IDENTIFY, fully and separately, each and every PERSON who was
18 | involved in the conception, origin, creation, design, development, sculpting,
19 | engineering, reduction to practice, tooling or painting of, or who otherwise produced
20 | or contributed to any EMBODIMENT of, ANGEL, including without limitation by
21 | fully and separately stating each such PERSON's role and the start and end dates of
22 | such PERSON's involvement.

23

24 | INTERROGATORY NO. 7:

25 | IDENTIFY, fully and separately, each and every EMBODIMENT of
26 | BRATZ prior to December 31, 2001.

27

28

INTERROGATORY NO. 8:

IDENTIFY, fully and separately, each and every EMBODIMENT of ANGEL.

INTERROGATORY NO. 9:

IDENTIFY, fully and separately, each and every SWORN STATEMENT that REFERS OR RELATES TO the conception, origin, creation, design, development, sculpting, engineering, tooling or painting of BRATZ.

INTERROGATORY NO. 10:

IDENTIFY each and every instance in which BRATZ was shown, displayed or exhibited prior to June 1, 2001, including without limitation by stating the date(s) on which each such instance occurred and the location where each such instance occurred, and IDENTIFY each and every PERSON with knowledge thereof.

INTERROGATORY NO. 11:

State, fully and separately, the number for each and every telephone, including without limitation each office, home and cell phone number, in the name of, for the benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from January 1, 1998 through the present, and IDENTIFY each and every carrier (including without limitation any long-distance carrier) for each such number.

DATED:  April 28, 2005

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Michael T. Zeller
Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

07209/650821.1

-8-

MATTEL'S SECOND SET INTERROGATORIES TO MGA

**EXHIBIT 10 PAGE 135**

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On April 28, 2005 I served the foregoing document described as **MATTEL, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT MGA ENTERTAINMENT INC** on all interested parties in this action.

| | |
|---|---|
| **Robert F. Millman, Esq.** | **Diana M. Torres, Esq.** |
| **Douglas A. Wickham, Esq.** | **Paula Ambrosini, Esq.** |
| **Keith A. Jacoby, Esq.** | **O'Melveney & Meyers** |
| **Littler Mendelson** | 400 S. Hope Street |
| **A Professional Corporation** | Los Angeles, CA 90071 |
| 2049 Century Park East, 5th Floor | Phone: 213-430-6000 |
| Los Angeles, California 90067-3107 | **Fax: 213-430-6407** |
| Phone: 310-553-0308 | |
| **Fax: 310-553-5583** | |

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[X]   **BY PERSONAL SERVICE:** I caused personal delivery of said document(s) listed above to the person(s) at the address(es) set forth above.

Executed on April 28, 2005, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____
Print Name                                        Signature

EXHIBIT 10 PAGE 136

# EXHIBIT 11

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000 (telephone)
(213) 443-3100 (facsimile)

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>          Plaintiff,<br><br>      v.<br><br>CARTER BRYANT, an individual, and DOES 1 through 10, inclusive,<br>          Defendants.<br><br>_____<br><br>CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>          Counter-Claimant,<br><br>      v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Counter-Defendant.<br>_____ | CASE NO. CV 04-9059 NM (RNBx)<br><br>MATTEL, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT CARTER BRYANT |

07209/651684.1

EXHIBIT 11 PAGE 137

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff and counter-

2   defendant Mattel, Inc. ("Mattel") hereby requests that Carter Bryant answer the

3   following Interrogatories separately and fully, in writing and under oath, within 30

4   days after service hereof.  Carter Bryant shall be obligated to supplement his

5   responses to the Interrogatories at such times and to the extent required by the

6   <u>Federal Rules of Civil Procedure</u>.

7

8    <u>Definitions</u>

9

10    1.    "YOU" or "YOUR" means defendant and counter-claimant

11   Carter Bryant and any of his current or former agents, representatives, attorneys,

12   employees, predecessors-in-interest and successors-in-interest, and any other

13   PERSON acting on his behalf, pursuant to his authority or subject to his control.

14    2.    "PERSON" or "PERSONS" means all natural persons,

15   partnerships, corporations, joint ventures and any kind of business, legal or public

16   entity or organization, as well as its, his or her agents, representatives, employees,

17   officers and directors and any one else acting on its, his or her behalf, pursuant to

18   its, his or her authority or subject to its, his or her control.

19    3.    "BRATZ" means any doll or any portion thereof that is now or

20   has ever been known as, or sold or marketed under, the name "Bratz" (regardless

21   of what such doll is or has been also or previously called) or that is now or has

22   ever been manufactured, distributed, displayed, sold or marketed as part of the

23   "Bratz" line, and all prototypes, models, samples, versions and iterations of such

24   doll or any portion thereof.

25    4.    "EMBODIMENT" means any representation of BRATZ,

26   whether two-dimensional or three-dimensional, and whether in tangible, digital,

27   electronic or other form, including but not limited to all works, designs, artwork,

28   sketches, drawings, illustrations, representations, depictions, blueprints,

-2-
MATTEL'S SECOND SET INTERROGATORIES TO BRYANT

EXHIBIT 11 PAGE 138

1  schematics, diagrams, images, sculptures, prototypes, models, samples, reductions

2  to practice, developments, inventions and/or improvements, as well as all other

3  items, things and DOCUMENTS in which any of the foregoing are or have been

4  expressed, embodied, contained, fixed or reflected in any manner, whether in

5  whole or in part.  For purposes of these Interrogatories, each version, draft or

6  iteration of, or modification or revision to, an EMBODIMENT is, and shall be

7  treated as, separate and distinct from each other EMBODIMENT.

8       5.    "REFER OR RELATE TO" a given subject matter means relate

9  to, refer to, constitute, contain, embody, reflect, identify, state, deal with, comment

10  on, respond to, describe, analyze, support, refute, contradict, or in any way pertain

11  to that subject matter, either directly or indirectly.

12       6.    "IDENTIFY" or "IDENTITY" means the following:

13       (a)    with reference to an individual, means to state such

14  individual's full name, any known business title, current or last known business

15  affiliation, current or last known residential address, current or last known

16  business address, current or last known relationship to MGA, and current or last

17  known telephone number.

18       (b)    with reference to an entity, means to state such entity's

19  full name, state (or country) of incorporation or organization, present or last-

20  known address, and present or last-known telephone number.

21       (c)    with reference to an EMBODIMENT, means to state the

22  IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well

23  as of each other individual who contributed in any manner to the EMBODIMENT;

24  the form, material and medium of the EMBODIMENT (e.g., preliminary three-

25  dimensional resin sculpture, final three-dimensional wax sculpture, digitized file

26  of final three-dimensional wax sculpture, two-dimensional design drawing on

27  paper); the title or name of the EMBODIMENT; the start and end date(s) of the

28  EMBODIMENT's creation or preparation; the Bates-number of any DOCUMENT

1   which REFERS OR RELATES TO the EMBODIMENT or, if no such
2   DOCUMENT has been produced, a full and complete description of the
3   EMBODIMENT and of all DOCUMENTS that REFER OR RELATE to the
4   EMBODIMENT; the version, modification, revision or iteration number, if
5   applicable; and the current location of the EMBODIMENT.

6          7.    "DOCUMENTS" has the same meaning herein as in <u>Federal</u>
7   <u>Rule of Civil Procedure</u> 34(a), and means original and all copies, unless identical,
8   regardless of origin or location, of written, recorded and graphic matter, however
9   produced or reproduced, formal or informal, including without limitation working
10  papers, preliminary, intermediate or final drafts, designs, drawings, diagrams,
11  schematics, correspondence, memoranda, letters, telegrams, notes, notebooks,
12  compilations, blueprints, laboratory notebooks, process specifications, product
13  specifications, manuals, instructions, models, performance specifications,
14  inventor's notebooks, inventor's workbooks, invention records, invention
15  disclosures, computer inputs or runs, computer discs or tapes, e-mails, evaluations,
16  agreements, entries, video cassettes or tapes, audio cassettes or tapes, audio discs,
17  calendars, reports, minutes of any type of meeting, appointment records, diaries,
18  studies, statistical analyses, invoices, financial or accounting records, financial
19  calculations, transcripts, court pleadings, lists, reports of telephone or other oral
20  conversations, desk calendars, appointment books, telephone logs, telephone
21  records, patents or patent applications, or trademarks or trade names or
22  applications for same; and any other writings or documents of whatever
23  description or kind, including attachments or other matters affixed thereto and
24  copies of any of the foregoing in the possession, custody or control of YOU,
25  YOUR counsel or any other person acting on your behalf, including without
26  limitation any material described above that originally may have been generated
27  by any party hereto and is now in YOUR possession, custody or control.
28

1    8.    "Any" as used in these interrogatories includes the word "all,"

2  and the word "all" as used in these interrogatories includes the word "any."

3    9.    The singular form of a noun or pronoun includes within its

4  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

5  the masculine form of a pronoun also includes within its meaning the feminine

6  form of the pronoun so used, and *vice versa*; the use of any tense of any verb

7  includes also within its meaning all other tenses of the verb so used, whenever

8  such construction results in a broader request for information; and "and" includes

9  "or" and *vice versa*, whenever such construction results in a broader disclosure of

10  documents or information.

11

12                              Instructions

13

14    A.    When an interrogatory requests that YOU provide information,

15  YOU are required to supply all information known by or available to YOU or YOUR

16  employees, officers, directors, agents, representatives, attorneys and experts. If YOU

17  cannot completely answer the interrogatory after making diligent efforts to do so,

18  please so state. Then describe in detail all efforts made to answer the interrogatory;

19  identify every PERSON involved in such efforts; and state the additional information

20  YOU need, if any, to respond completely to the interrogatory.

21

22                             Interrogatories

23

24  INTERROGATORY NO. 4:

25            IDENTIFY, fully and separately, each and every PERSON who was

26  involved in the conception, origin, creation, design, development, sculpting,

27  engineering, reduction to practice, tooling or painting of, or who otherwise produced

28  or contributed to any EMBODIMENT of, BRATZ before December 31, 2001,

07209/651684.1

-5-

MATTEL'S SECOND SET INTERROGATORIES TO BRYANT

EXHIBIT 11 PAGE 141

including without limitation by fully and separately describing each such PERSON's role and the start and end dates of such PERSON's involvement.

INTERROGATORY NO. 5:

IDENTIFY, fully and separately, each and every EMBODIMENT of BRATZ prior to December 31, 2001.

INTERROGATORY NO. 6:

For each EMBODIMENT set forth in response to Interrogatory No. 5, describe, in detail and fully, each and every contribution or direction that YOU made or gave with respect to each such EMBODIMENT, including without limitation the specifics of each instruction, direction or contribution that YOU made or gave, the manner in which YOU gave or delivered any such instruction or direction, the IDENTITY of the PERSON who received and/or carried out such instruction or direction and each of the date(s) on which YOU made such contribution or gave such instruction or direction.

INTERROGATORY NO. 7:

IDENTIFY each and every instance in which BRATZ was shown, displayed or exhibited prior to June 1, 2001, including without limitation by stating the date(s) on which each such instance occurred and the location where each such instance occurred, and IDENTIFY each and every PERSON with knowledge thereof.

DATED: April 28, 2005       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _____
    Michael T. Zeller
    Attorneys for Plaintiff and Counter-Defendant
    Mattel, Inc.

STATE OF CALIFORNIA )

1013A(3) CCP Revised 5/1/88

COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On April 28, 2005 I served the foregoing document described as **MATTEL, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT CARTER BRYANT** on all interested parties in this action.

| | |
|---|---|
| **Robert F. Millman, Esq.** | Diana M. Torres, Esq. |
| **Douglas A. Wickham, Esq.** | Paula Ambrosini, Esq. |
| **Keith A. Jacoby, Esq.** | O'Melveney & Meyers |
| **Littler Mendelson** | **400 S. Hope Street** |
| **A Professional Corporation** | **Los Angeles, CA 90071** |
| 2049 Century Park East, 5th Floor | **Phone: 213-430-6000** |
| Los Angeles, California 90067-3107 | Fax: 213-430-6407 |
| Phone: 310-553-0308 | |
| **Fax: 310-553-5583** | |

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[X]   **BY PERSONAL SERVICE**: I caused personal delivery of said document(s) listed above to the person(s) at the address(es) set forth above.

Executed on April 28, 2005, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Print Name

_____
Signature

EXHIBIT 11 PAGE 143

# EXHIBIT 12

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13                    Plaintiff, | Consolidated with |
| 14        v. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | MATTEL, INC.'S FIRST SET OF<br>INTERROGATORIES RE CLAIMS |
| 16                    Defendant. | OF UNFAIR COMPETITION TO<br>MGA ENTERTAINMENT, INC. |
| 17 | |
| 18  AND CONSOLIDATED CASES | |
| 19 | |

21        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Mattel,

22  Inc. hereby requests that MGA Entertainment, Inc. ("MGA") answer these

23  interrogatories ("Interrogatories") separately and fully, in writing and under oath,

24  within 30 days of service. MGA shall be obligated to supplement responses to these

25  requests at such times and to the extent required by Rule 26(e) of the Federal Rules

26  of Civil Procedure.

27

28

12-20

EXHIBIT 12 PAGE 144

## I.   DEFINITIONS

For purposes of these Interrogatories, the following definitions apply:

A.   The term "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B.   The term "MATTEL" means defendant Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.   "EMBODIMENT" means any representation of the identified product or its retail packaging, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

D.   "CONTESTED MGA PRODUCTS" means the CONTESTED BRATZ  DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS

1  PRODUCTS, and any doll, toy, portion thereof, or version thereof that is now or has

2  ever been known as, or sold, offered for sale, licensed, offered for license or

3  marketed under the name or terms "Bratz," "4-ever Best Friends," "Mommy's

4  Little," "Alienracers," or any derivative thereof, that provides a basis for any claim

5  by YOU against MATTEL, including without limitation "Bratz Dolls," "Bratz

6  Dogz," "Winter Wonderland," "Bratz Sportz," "Formal Funk," "Sun-Kissed

7  Summer," "Funky Fashion Makeover Head," "Runway Disco," "4-ever Best

8  Friends," "Mommy's Little Patient," and "Alienracers."

9         E.    "CONTESTED BRATZ DOLLS PRODUCTS" means any of

10  the following that provides a basis for any claim by YOU against MATTEL: (i) any

11  EMBODIMENT or project ever known by the name "Bratz" or any derivative

12  thereof (whether in whole or in part and regardless of what such EMBODIMENT or

13  project is or has been also, previously or subsequently called) and any doll or any

14  portion thereof that is now or has ever been known as, or sold, offered for sale,

15  licensed, offered for license or marketed under, the name or term "Bratz" or any

16  derivative thereof (whether in whole or in part and regardless of what such doll is or

17  has been also, previously or subsequently called), and all prototypes, models,

18  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any

19  playset and accessory that YOU distribute under the name "Bratz" or any derivative

20  thereof; and/or (iii) any and all other goods, product packaging, advertisements,

21  promotional materials or other thing or item or material manufactured, produced,

22  printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,

23  imported, exported, licensed, offered for license, sold or offered for sale by YOU or

24  on YOUR behalf under the name "Bratz" or any derivative thereof.

25         F.    "CONTESTED BRATZ PETZ PRODUCTS" means any of the

26  following that provides a basis for any claim by YOU against MATTEL: (i) any

27  EMBODIMENT or project ever known by the name "Bratz Petz" or any derivative

28  thereof (whether in whole or in part and regardless of what such EMBODIMENT or

1  project is or has been also, previously or subsequently called) and any toy pet or any

2  portion thereof that is now or has ever been known as, or sold, offered for sale,

3  licensed, offered for license or marketed under, the name or term "Bratz" or any

4  derivative thereof (whether in whole or in part and regardless of what such toy pet is

5  or has been also, previously or subsequently called), and all prototypes, models,

6  samples and versions of such EMBODIMENT, toy pet or any portion thereof; (ii)

7  any playset and accessory that YOU distribute under the name "Bratz Petz" or any

8  derivative thereof ; and/or (iii) any and all other goods, product packaging,

9  advertisements, promotional materials or other thing or item or material

10  manufactured, produced, printed, ordered, marketed, advertised, promoted,

11  displayed, distributed, shipped, imported, exported, licensed, offered for license,

12  sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Petz" or

13  any derivative thereof.

14       G.    "CONTESTED BRATZ FUNKY FASHION MAKEOVER

15  HEAD" means any of the following that provides a basis for any claim by YOU

16  against MATTEL:  (i) any EMBODIMENT or project ever known by the name

17  "Bratz Funky Fashion Makeover Head" or any derivative thereof (whether in whole

18  or in part and regardless of what such EMBODIMENT or project is or has been

19  also, previously or subsequently called) and any styling head or any portion thereof

20  that is now or has ever been known as, or sold, offered for sale, licensed, offered for

21  license or marketed under, the name or term "Bratz" or any derivative thereof

22  (whether in whole or in part and regardless of what such styling head is or has been

23  also, previously or subsequently called), and all prototypes, models, samples and

24  versions of such EMBODIMENT, styling head or any portion thereof; (ii) any

25  accessory that YOU distribute under the name "Bratz Funky Fashion Makeover

26  Head" or any derivative thereof; and/or (iii) any and all other goods, product

27  packaging, advertisements, promotional materials or other thing or item or material

28  manufactured, produced, printed, ordered, marketed, advertised, promoted,

EXHIBIT 12 PAGE 147

1  displayed, distributed, shipped, imported, exported, licensed, offered for license,
2  sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Funky
3  Fashion Makeover Head" or any derivative thereof.
4      H.    "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means
5  any of the following that provides a basis for any claim by YOU against MATTEL:
6  (i) any EMBODIMENT or project ever known by the name "4-ever Best Friends" or
7  any derivative thereof (whether in whole or in part and regardless of what such
8  EMBODIMENT or project is or has been also, previously or subsequently called)
9  and any doll or any portion thereof that is now or has ever been known as, or sold,
10  offered for sale, licensed, offered for license or marketed under, the name or term
11  "4-ever Best Friends" or any derivative thereof (whether in whole or in part and
12  regardless of what such doll is or has been also, previously or subsequently called),
13  and all prototypes, models, samples and versions of such EMBODIMENT, doll or
14  any portion thereof; (ii) any playset and accessory that YOU distribute under the
15  name "4-ever Best Friends" or any derivative thereof; and/or (iii) any and all other
16  goods, product packaging, advertisements, promotional materials or other thing or
17  item or material manufactured, produced, printed, ordered, marketed, advertised,
18  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for
19  license, sold or offered for sale by YOU or on YOUR behalf under the name "4-ever
20  Best Friends" or any derivative thereof.
21      I.    "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS"
22  means any of the following that provides a basis for any claim by YOU against
23  MATTEL:  (i) any EMBODIMENT or project ever known by the name "Mommy's
24  Little Patient" or similar name or any derivative thereof (whether in whole or in part
25  and regardless of what such EMBODIMENT or project is or has been also,
26  previously or subsequently called) and any doll or any portion thereof that is now or
27  has ever been known as, or sold, offered for sale, licensed, offered for license or
28  marketed under, the name or term "Mommy's Little Patient" or similar name or any

07975/2022122.1

1  derivative thereof (whether in whole or in part and regardless of what such doll is or
2  has been also, previously or subsequently called), and all prototypes, models,
3  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
4  playset and accessory that YOU distribute under the name "Mommy's Little Patient"
5  or similar name or any derivative thereof; and/or (iii) any and all other goods,
6  product packaging, advertisements, promotional materials or other thing or item or
7  material manufactured, produced, printed, ordered, marketed, advertised, promoted,
8  displayed, distributed, shipped, imported, exported, licensed, offered for license,
9  sold or offered for sale by YOU or on YOUR behalf under the name "Mommy's
10  Little Patient" or similar name or any derivative thereof.
11        J.    "CONTESTED ALIENRACERS PRODUCTS" means any of
12  the following that provides a basis for any claim by YOU against MATTEL:  (i) any
13  EMBODIMENT or project ever known by the name "Alienracers" or any derivative
14  thereof (whether in whole or in part and regardless of what such EMBODIMENT or
15  project is or has been also, previously or subsequently called) and any toy vehicle,
16  character, or any portion thereof that is now or has ever been known as, or sold,
17  offered for sale, licensed, offered for license or marketed under, the name or term
18  "Alienracers" or any derivative thereof (whether in whole or in part and regardless
19  of what such toy is or has been also, previously or subsequently called), and all
20  prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,
21  character, or any portion thereof; (ii) any playset and accessory that YOU distribute
22  under the name "Alienracers" or any derivative thereof; and/or (iii) any and all other
23  goods, product packaging, advertisements, promotional materials or other thing or
24  item or material manufactured, produced, printed, ordered, marketed, advertised,
25  promoted, displayed, distributed, shipped, imported, exported, licensed, offered for
26  license, sold or offered for sale by YOU or on YOUR behalf under the name
27  "Alienracers" or any derivative thereof.
28

K.   The term "PERSON," in the plural as well as the singular, means any natural person, association, partnership, corporation, joint venture, government entity, organization, trust, institution, proprietorship, or any other entity recognized as having an existence under the laws in United States or any other nation.

L.   The term "RELATING TO" shall mean any and all of the following terms and their synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support, contradict, negate, bear on, touch on, contain, embody, reflect, identify, state, deal with, concern, comment on, respond to, relevant to, or describe.

M.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including without limitation handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of communication or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS.

N.   "IDENTIFY" shall mean the following:

1.   When used in reference to a natural person, such person's name, present or last-known home and business addresses, present or last-known employment or business affiliation, present or last-known business title or position, and present or last-known home and business telephone number.

2.   When used in reference to an entity, such entity's name, state (or country) of incorporation or organization, present or last-known address, present or last-known telephone number, name of the contact person

1  for such entity, and the business address and business phone number for the
2  contact person.

3         3.     When used in reference to an EMBODIMENT, the names
4  of the individual author(s) or creator(s) of the EMBODIMENT as well as of
5  each other individual who contributed in any manner to the EMBODIMENT;
6  the form, material and medium of the EMBODIMENT (e.g., preliminary
7  three-dimensional resin sculpture, final three-dimensional wax sculpture,
8  digitized file of final three-dimensional wax sculpture, two-dimensional
9  EMBODIMENT drawing on paper); the title or name of the EMBODIMENT;
10 the start and end date(s) of the EMBODIMENT's creation or preparation; the
11 Bates-number of any DOCUMENT which REFERS OR RELATES TO the
12 EMBODIMENT or, if no such DOCUMENT has been produced, a full and
13 complete description of the EMBODIMENT and of all DOCUMENTS that
14 REFER OR RELATE to the EMBODIMENT; the version, modification,
15 revision or iteration number, if applicable; and the current location of the
16 EMBODIMENT.

17        O.     "COMPLAINT" means the Complaint for False Designation of
18 Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair
19 Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 *et seq.* and
20 California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code §
21 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or
22 about April 13, 2005.

23 **II.   INTERROGATORIES**

24

25 INTERROGATORY NO. 1:

26        IDENTIFY, fully and separately, each and every PERSON who was
27 involved in the marketing, advertising, promotion, licensing, offering for sale,
28 conception, origin, creation, design, development, sculpting, engineering, reduction

07975/2022122.1

1  to practice, tooling or painting of, or who otherwise produced or contributed to any

2  EMBODIMENT of the CONTESTED MGA PRODUCTS, including without

3  limitation by fully and separately describing each such PERSON's role and the start

4  and end dates of such PERSON's involvement.

5

6  INTERROGATORY NO. 2:

7          IDENTIFY, fully and separately, each and every concept, design,

8  product, or product packaging that YOU contend MATTEL copied or infringed

9  (including without limitation by internal job or product number, SKU, and bar code

10  number) and, for each such concept, design, product, or product packaging,

11  describe, with specificity and in detail, those attributes of the concept, design,

12  product, or product packaging that were copied or infringed by MATTEL and the

13  alleged source(s) of those attributes.

14

15  INTERROGATORY NO. 3:

16          For each concept, design, product, or product packaging identified in

17  YOUR response to Interrogatory No. 2, state the following facts and IDENTIFY all

18  PERSONS with knowledge of those facts:  (1) the first date that each such concept,

19  design, product, or product packaging was shown or otherwise disclosed to any

20  PERSON not employed by MGA; (2) the circumstances and location of that

21  disclosure and the name(s) of PERSONS to whom the disclosure was made; and (3)

22  the first date that each product was made available for retail sale.

23

24  INTERROGATORY NO. 4:

25          State all facts RELATING TO any claim that YOU have sustained

26  damage, loss, or injury, or there has been unjust enrichment, by reason of any act or

27  omission by MATTEL.  YOUR response should explain in detail any calculation of

28  damage, loss, injury, or unjust enrichment that YOU have made or which has been

1  made on YOUR behalf or at YOUR request, and should IDENTIFY all

2  DOCUMENTS that support or otherwise bear on YOUR response and all

3  PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

4

5  INTERROGATORY NO. 5:

6       State all facts RELATING TO the allegations in Paragraphs 9 and 113

7  of YOUR COMPLAINT that MATTEL "intimidated, coerced and threatened

8  retailers, licensees, suppliers and others in the industry" and "willfully and

9  maliciously used its power, influence and intimidation to threaten certain retailers,

10 suppliers, licensees, distributors and manufacturers so as to limit, if not prevent,

11 MGA from doing business with these retailers, suppliers, licensees, distributors and

12 manufacturers, using its power and influence to intimidate and manipulate industry

13 bodies." YOUR response should IDENTIFY all DOCUMENTS that support or

14 otherwise bear on YOUR response and all PERSONS who have knowledge of the

15 facts stated in YOUR RESPONSE.

16

17 INTERROGATORY NO. 6:

18       State all facts RELATING TO the allegation in Paragraph 9 of YOUR

19 COMPLAINT that "Mattel has . . . serially imitated and copy-catted [*sic*] the look of

20 MGA products, trade dress, trademarks, themes, ideas, advertising and packaging,"

21 or any other contention by YOU that MATTEL created, designed, derived, or

22 developed products, packaging, and advertising using concepts, products, or

23 intellectual property owned by YOU. YOUR response should IDENTIFY all

24 DOCUMENTS that support or otherwise bear on YOUR response and all

25 PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

26

27

28

07975/2022122.1

EXHIBIT 12 PAGE 153

INTERROGATORY NO. 7:

State all facts RELATING TO the allegations in YOUR COMPLAINT that consumers, the press, and retailers have confused YOUR products, packaging, and commercials with those of MATTEL, or vice versa. YOUR response should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

INTERROGATORY NO. 8:

State all facts RELATING TO the allegation in Paragraph 79 of YOUR COMPLAINT that MATTEL has "manipulated the retail market," including but not limited to all COMMUNICATIONS with any persons RELATING TO YOUR allegation that "Mattel merchandisers have been caught tampering with MGA's retail displays." YOUR response should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

INTERROGATORY NO. 9:

State all facts RELATING TO any allegation by YOU that MATTEL engaged in any unfair practice RELATING TO NPD, including without limitation the use of NPD data, alleged changes of NPD product classifications, or MGA's NPD subscription. YOUR response should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

INTERROGATORY NO. 10:

State all facts RELATING TO any allegation by YOU that MATTEL engaged in any unfair practice RELATING TO any toy industry or consumer organization, including without limitation CARU and TIA. YOUR response should

1   IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response
2   and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.
3
4   DATED:  December 20, 2006          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
5
6
7   By
                                       Timothy L. Alger
8                                      Attorneys for Mattel, Inc.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07975/2022122.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On December 20, 2006 I served true copies of the following document(s) described as:

**MATTEL, INC.'S FIRST SET OF INTERROGATORIES RE CLAIMS OF UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC.**

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA  90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√]    [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on December 20, 2006 at Los Angeles, California.

David Quintana

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

EXHIBIT 12 PAGE 156

# EXHIBIT 13

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone:  (213) 443-3000
7    Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14      vs. | |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S THIRD SET OF INTERROGATORIES |
| 16          Defendant. | Discovery Cutoff:  October 22, 2007 Final Pretrial Conf.:  January 14, 2008 |
| 17 | Trial Date:  February 12, 2008 |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.:  June 2, 2008 |
| 19 | Trial Date:  July 1, 2008 |

20

21

22  PROPOUNDING PARTY:     Mattel, Inc.

23  RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

24                                    Bryant and MGA Entertainment HK Limited

25  SET NO.:                            THREE

26

27

28

07209/2120252.5

                                        MATTEL'S THIRD SET OF INTERROGATORIES
                                                      aplct|clp

EXHIBIT 13 PAGE 157

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant and MGA Entertainment HK Limited (collectively, "the Responding

4  Parties") individually answer the following Interrogatories separately and fully, in

5  writing and under oath, within 30 days after service hereof.  The Responding Parties

6  shall be obligated to supplement their responses to the Interrogatories at such times

7  and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

8

9                              **Definitions**

10           1.     "YOU" and "YOUR" mean each of the Responding Parties.

11           2.     "BRYANT" means Carter Bryant individually.

12           3.     "LARIAN" means Isaac Larian individually.

13           4.     "MGA" means MGA Entertainment, Inc., any of its current or

14  former employees, officers, directors, agents, representatives, attorneys, experts,

15  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

16  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

17  Without limiting the foregoing, "MGA" includes the entities known as ABC

18  International Traders or ABC International Traders, Inc.  For purposes of the these

19  Interrogatories, "MGA" does not include BRYANT.

20           5.     "MATTEL" means Mattel, Inc., its current employees, officers,

21  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

22  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23  PERSON acting on its behalf, pursuant to its authority or subject to its control.

24           6.     "AFFILIATES" means any and all corporations, proprietorships,

25  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

26  indirectly, in whole or in part, own or control, are under common ownership or

27  control with, or are owned or controlled by a PERSON, party or entity, including

28

1  without limitation each parent, subsidiary and joint venture of such PERSON, party
2  or entity.

3         7.      "PERSON" or "PERSONS" means all natural persons,
4  partnerships, corporations, joint ventures and any kind of business, legal or public
5  entity or organization, as well as its, his or her agents, representatives, employees,
6  officers and directors and any one else acting on its, his or her behalf, pursuant to
7  its, his or her authority or subject to its, his or her control.

8         8.      "DESIGN" or "DESIGNS" means any and all representations,
9  whether two-dimensional or three-dimensional, and whether in tangible, digital,
10  electronic or other form, including but not limited to all works, designs, artwork,
11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
13  practice, developments, inventions and/or improvements, as well as all other items,
14  things and DOCUMENTS in which any of the foregoing are or have been
15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
16  or in part.

17         9.      "BRATZ" means any project, product, doll or DESIGN ever
18  known by that name (whether in whole or in part and regardless of what such
19  project, product or doll is or has been also, previously or subsequently called) and
20  any product, doll or DESIGN or any portion thereof that is now or has ever been
21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or
22  in part and regardless of what such product, doll or DESIGN or portion thereof is or
23  has been also, previously or subsequently called) or that is now or has ever been
24  sold or marketed as part of the "Bratz" line, and each version or iteration of such
25  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or
26  DESIGN or any portion thereof" also includes without limitation any names,
27  fashions, accessories, artwork, packaging or any other works, materials, matters or
28  items included or associated therewith.  Without limiting the generality of the

1    foregoing, and contrary to MGA's recent assertions in connection with other Mattel
2    discovery requests, the term "BRATZ" does not and shall not require that there be a
3    doll existing at the time of the event, incident or occurrence that is the subject of, or
4    otherwise relevant or responsive to, the Interrogatories.

5        10.   "BRATZ INVENTION" means any representation, idea,
6    concept, work, process, procedure, plan, improvement, design or other development,
7    whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,
8    including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ.

9        11.   "SOLD," "SELL" or "SALE" means to distribute, market,
10   license, sell, offer to sell, or convey or transfer in any way for compensation.

11       12.   "BRATZ DOLL" means any doll that is or has ever been SOLD
12   that REFERS OR RELATES TO BRATZ.

13       13.   "BRATZ MOVIE" means any motion picture or film that is or
14   has ever been SOLD that REFERS OR RELATES TO BRATZ.

15       14.   "BRATZ TELEVISION SHOW" means any production
16   exhibited on television that is or has ever been SOLD that REFERS OR RELATES
17   TO BRATZ.

18       15.   "BRATZ PRODUCT" means any product, whether two-
19   dimensional or three-dimensional, and whether in tangible, digital, electronic or
20   other form, that is or has ever been SOLD that, in whole or in part, REFERS OR
21   RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ
22   MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any
23   product that is or has ever been SOLD in any packaging that includes the name
24   "Bratz" or REFERS OR RELATES TO BRATZ.

25       16.   "ANGEL" refers to those projects, products, dolls or DESIGNS,
26   sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are
27   the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-
28   20, MGA000724-28 and MGA000734.  Without limiting the generality of the

07209/2120252.5

-3-

EXHIBIT 13 PAGE 160

1 | foregoing, and contrary to MGA's recent assertions in connection with other Mattel
2 | discovery requests, the term "ANGEL" does not require that there be a doll existing
3 | at the time of the event, incident or occurrence that is the subject of, or otherwise
4 | relevant or responsive to, the Interrogatories.

5 |      17.   "ACQUIRE" means to acquire, obtain, have vested in, enter into
6 | agreement for, buy, purchase, and/or procure in any way, or purport to do any of the
7 | same.

8 |      18.   "TRANSFER" means to sell, license, give away, vest in or
9 | transfer in any way, or purport to do any of the same.

10 |      19.   "DOCUMENT" or "DOCUMENTS" means all "writings" and
11 | "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
12 | Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
13 | limited to, all writings and records of every type and description including, but not
14 | limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
15 | electronic mail ("e-mail"), records of telephone conversations, handwritten and
16 | typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
17 | and summaries of meetings, voice recordings, pictures, photographs, drawings,
18 | computer cards, tapes, discs, printouts and records of all types, studies, instruction
19 | manuals, policy manuals and statements, books, pamphlets, invoices, canceled
20 | checks and every other device or medium by which or through which information of
21 | any type is transmitted, recorded or preserved. Without any limitation on the
22 | foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
23 | from the original or other versions of the DOCUMENT, including, but not limited
24 | to, all drafts and all copies of such drafts or originals containing initials, comments,
25 | notations, insertions, corrections, marginal notes, amendments or any other variation
26 | of any kind.

27 |      20.   "REFER OR RELATE TO" a given subject matter means relate
28 | to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

-4-

**EXHIBIT 13 PAGE 161**

1  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

2  contradict, or in any way pertain to that subject matter, either directly or indirectly.

3       21.   "CREATED" means created, produced, prepared, authored,

4  improved, developed, altered, conceived of or reduced to practice, whether in whole

5  or in part, and whether alone or jointly with others.

6       22.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV

7  04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

8  therewith.

9       23.   "INVENTIONS AGREEMENT" means the Confidential

10  Information and Inventions Agreement signed by BRYANT on or about January 4,

11  1999 and produced in this action by MATTEL as M0001596, or any other version

12  of such January 4, 1999 agreement.

13       24.   "COMPLAINT" means Mattel, Inc.'s Complaint in Case No. CV

14  04-9059 SGL (RNBx), filed on April 27, 2004.

15       25.   "COUNTERCLAIMS" means Mattel, Inc.'s Amended Answer in

16  Case No. 05-2727 and Counterclaims, filed on January 12, 2007.

17       26.   "DIGITAL INFORMATION" means any information created or

18  stored digitally, including but not limited to electronically, magnetically or optically.

19       27.   "STORAGE DEVICE" means any computer hard drive,

20  memory, USB device, tape, storage array or any other device or medium that allows

21  a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

22  copy, retain, store or maintain DIGITAL INFORMATION.

23       28.   "IDENTIFY" or "IDENTITY" means the following:

24          (a)   with reference to an individual or individuals, means to

25  state, fully and separately as to each, such individual's full name, any known

26  business title, current or last known business affiliation, current or last known

27  residential address, current or last known business address, current or last known

28  relationship to MGA, and current or last known telephone number.

1        (b)    with reference to an entity or entities, means to state, fully

2  and separately as to each, such entity's full name, state (or country) of incorporation

3  or organization, present or last known address, and present or last known telephone

4  number.

5        (c)    with reference to a BRATZ INVENTION or BRATZ

6  INVENTIONS, means to state, fully and separately as to each, the Bates-number of

7  any DOCUMENT which REFERS OR RELATES TO the BRATZ INVENTION or,

8  if no such DOCUMENT has been produced, a full and complete description of the

9  BRATZ INVENTION and of all DOCUMENTS that REFER OR RELATE to the

10  BRATZ INVENTION; the IDENTITY of the individual author(s) or creator(s) of

11  the BRATZ INVENTION as well as of each other individual who contributed in any

12  manner to the BRATZ INVENTION; the form, material and medium of the BRATZ

13  INVENTION, if any (*e.g.,* preliminary three-dimensional resin sculpture, final

14  three-dimensional wax sculpture, digitized file of final three-dimensional wax

15  sculpture, two-dimensional design drawing on paper); the title or name of the

16  BRATZ INVENTION, if any; the version, modification, revision or iteration

17  number of the BRATZ INVENTION, if any; the current location of the original of

18  the BRATZ INVENTION; the first day and last day on which the BRATZ

19  INVENTION was CREATED; and whether the entire invention was CREATED

20  during the period of time listed in the Interrogatory and, if not, which aspects or

21  portions of the BRATZ INVENTION were CREATED during that period of time,

22  which were CREATED earlier, and which were CREATED later.

23        (d)    with reference to a STORAGE DEVICE, means to state,

24  fully and separately as to each, the individual(s) that use or have used the

25  STORAGE DEVICE; the current location of the STORAGE DEVICE if it presently

26  exists (including the IDENTITY of the PERSON who possesses the STORAGE

27  DEVICE) or, if it no longer exists, the date on which it was destroyed or disposed

28  of; the type of STORAGE DEVICE (*e.g.,* hard drive, USB drive, etc.); whether the

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 13 PAGE 163

1   STORAGE DEVICE has ever been copied or imaged and, if so, the current location

2   of each copy or image of the STORAGE DEVICE that has been made (including the

3   IDENTITY of the PERSONS who possess such copies or images) and the date(s) on

4   which such copies or images were made; the manufacturer name, brand, model

5   name, model number and serial number of the STORAGE DEVICE; and the

6   technical specifications and capacities of such STORAGE DEVICE.

7            (e)    with reference to a bank or financial institution account or

8   accounts, means to state, fully and separately as to each account, the name of the

9   bank or financial institution, the location and/or branch of the bank or financial

10  institution, the account number, the name in which the account is or was held, and

11  the time period during which the account is or was open.

12           (f)    with reference to a BRATZ PRODUCT, means to state,

13  fully and separately as to each, the full name of the product; the number of the

14  product; the SKU of the product; any other applicable designation of the product

15  useful for identification; the period of time during which the product was, has been

16  or will be SOLD; and the IDENTITY of each PERSON who has licensed from

17  YOU the right to SELL such BRATZ PRODUCT.

18           (g)    with reference to any other DOCUMENT or

19  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

20  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

21  respect to each such DOCUMENT, to provide a complete description of it such that

22  it may be the subject of a request for the production of documents, including by

23  stating the date, identity of the author, addressee(s), signatories, parties, or other

24  PERSONS identified therein, its present location or custodian and a description of

25  its contents.

26           29.   "Any" as used in these interrogatories includes the word "all,"

27  and the word "all" as used in these interrogatories includes the word "any."

28

07209/2120252.5

-7-

1    30.    The singular form of a noun or pronoun includes within its

2  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

3  the masculine form of a pronoun also includes within its meaning the feminine form

4  of the pronoun so used, and vice versa; the use of any tense of any verb includes

5  also within its meaning all other tenses of the verb so used, whenever such

6  construction results in a broader request for information; and "and" includes "or"

7  and vice versa, whenever such construction results in a broader disclosure of

8  documents or information.

9

10                              **Instructions**

11        A.    When an interrogatory requests that YOU provide information,

12  YOU are required to supply all information known by or available to YOU or

13  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

14  If YOU cannot completely answer the interrogatory after making diligent efforts to

15  do so, please so state. Then describe in detail all efforts made to answer the

16  interrogatory; identify every PERSON involved in such efforts; and state the

17  additional information YOU need, if any, to respond completely to the interrogatory.

18

19                            **Interrogatories**

20

21  INTERROGATORY NO. 12:

22        IDENTIFY each and every BRATZ INVENTION YOU contend was

23  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

24  INVENTION so identified state all facts that support YOUR contention that such

25  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

26  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and

27  all DOCUMENTS which REFER OR RELATE TO such facts.

28

1  INTERROGATORY NO. 13:

2          IDENTIFY each and every BRATZ INVENTION YOU contend was

3  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

4  for each BRATZ INVENTION so identified state all FACTS that support YOUR

5  contention that such BRATZ INVENTION (or aspects or portions thereof) was

6  CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

7  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

8  RELATE TO such facts.

9

10  INTERROGATORY NO. 14:

11          IDENTIFY each and every BRATZ INVENTION that was CREATED,

12  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

13  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

14  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

15  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

16  RELATE TO such facts.

17

18  INTERROGATORY NO. 15:

19          State all facts that support YOUR contention, if YOU so contend, that,

20  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

21  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

22  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

23  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

24  REFER OR RELATE TO such facts.

25

26  INTERROGATORY NO. 16:

27          State all facts that support YOUR contention, if YOU so contend, that

28  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

07209/2120252.5

-9-

**EXHIBIT 13 PAGE 166**

1  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
2  RELATE TO such facts.

3

4  INTERROGATORY NO. 17:

5      State all facts that support YOUR contention, if YOU so contend, that
6  one or more of MATTEL's claims against YOU in THIS ACTION is barred, in
7  whole or in part, by a statute of limitations and/or laches, and IDENTIFY all
8  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
9  RELATE TO such facts.

10

11  INTERROGATORY NO. 18:

12      State all facts that support YOUR contention, if YOU so contend, that
13  one or more of MATTEL's claims against YOU in THIS ACTION is barred by the
14  doctrines of unclean hands, estoppel, waiver, or consent, and IDENTIFY all
15  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
16  RELATE TO such facts.

17

18  INTERROGATORY NO. 19:

19      State all facts that support YOUR contention, if YOU so contend, that
20  MATTEL is not or would not be entitled to injunctive relief as requested in its
21  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that
22  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all
23  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
24  RELATE TO such facts.

25

26  INTERROGATORY NO. 20:

27      State all facts that support YOUR contention, if YOU so contend, that
28  MATTEL is not entitled to an award of punitive or exemplary damages against

-10-

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 13 PAGE 167

1  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

2  DOCUMENTS that REFER OR RELATE TO such facts.

3

4  INTERROGATORY NO. 21:

5        State all facts that support YOUR contention, if YOU so contend, that

6  YOU did not intentionally interfere with the INVENTIONS AGREEMENT or any

7  other agreement or contract between MATTEL and BRYANT, or aid or abet any

8  breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL, when

9  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

10  BRATZ or when BRYANT performed work or services with or for MGA while

11  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

12  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

13  facts.

14

15  INTERROGATORY NO. 22:

16        State all facts that support YOUR contention, if YOU so contend, that

17  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

18  not own any rights in any BRATZ INVENTION when BRYANT purported to

19  TRANSFER and MGA purported to ACQUIRE rights to BRATZ or when

20  BRYANT performed work or services with or for MGA while BRYANT was

21  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such

22  facts and all DOCUMENTS that REFER OR RELATE TO such facts.

23

24  INTERROGATORY NO. 23:

25        State all facts that support YOUR contention, if YOU so contend, that

26  BRYANT did not breach the INVENTIONS AGREEMENT or BRYANT's duty of

27  loyalty or fiduciary duties to MATTEL when BRYANT purported to TRANSFER

28  rights to BRATZ to MGA or performed work or services with or for MGA while

-11-

EXHIBIT 13 PAGE 168

1  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with
2  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such
3  facts.

4

5  INTERROGATORY NO. 24:

6          IDENTIFY each and every bank or financial institution account that
7  REFERS OR RELATES TO LARIAN, including accounts in LARIAN's name or
8  for LARIAN's benefit, since January 1, 1999.

9

10  INTERROGATORY NO. 25:

11          IDENTIFY each and every STORAGE DEVICE that YOU have used
12  for any purpose which contains or contained DIGITAL INFORMATION that
13  REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

14

15  INTERROGATORY NO. 26:

16          IDENTIFY all PERSONS who at any time have been employed by or
17  under contract with MATTEL who are now or have been employed by or under
18  contract with YOU since January 1, 1999, and, for each such PERSON, state his or
19  her name, date of hire or effective date of contract, the date on which YOU first had
20  contact with such PERSON regarding potential employment or contracting, the
21  date(s) on which such PERSON was interviewed for possible employment or
22  contracting, each title (if any) such PERSON has held while employed by or under
23  contract with YOU, and the date of termination (if applicable).

24

25  INTERROGATORY NO. 27:

26          For each concept, design, product, product packaging or other matter
27  that YOU contend MATTEL copied or infringed, including but not limited to those
28  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

-12-

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 13 PAGE 169

1  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
2  Supplemental Responses to such Interrogatory), state (a) the date that each such
3  concept, design, product, product packaging or other matter was conceived, and (b)
4  the date that each such concept, design, product, product packaging or other matter
5  was first fixed in any tangible medium of expression (if ever), and IDENTIFY all
6  PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE
7  TO, the foregoing.

8

9  INTERROGATORY NO. 28:

10          For each concept, design, product, product packaging or other matter
11  that YOU contend MATTEL copied or infringed, including but not limited to those
12  identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re
13  Claims of Unfair Competition, Response to Interrogatory No. 2 (and any
14  Supplemental Responses to such Interrogatory), describe, fully and separately, each
15  and every concept, design, product, product packaging or other matter of or by
16  MATTEL that YOU contend is a copy of or infringes YOUR alleged concept(s),
17  design(s), product(s), product packaging or other matter.  Your answer should
18  describe the Mattel concept, design, product, product packaging or other matter with
19  specificity and in detail (including without limitation by product name, product
20  number, SKU, or bar code number), and specify those elements or attributes of
21  YOUR claimed concept, design, product, product packaging or other matter that
22  YOU contend were copied or infringed by MATTEL.

23

24  INTERROGATORY NO. 29:

25          For each trade dress for which YOU claim protectable trade dress rights
26  in this ACTION, describe, fully and separately, each and every element that makes
27  up the claimed trade dress.

28

EXHIBIT 13 PAGE 170

INTERROGATORY NO. 30:

IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR licensees and, as to each such BRATZ PRODUCT, state fully and separately (a) the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR licensees, (b) the revenue received by YOU from such SALES of each such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such BRATZ PRODUCT.

DATED:  June 7, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
     B. Dylan Proctor
     Attorneys for Plaintiff
     Mattel, Inc.

-14-

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 13 PAGE 171

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On June 7, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S THIRD SET OF INTERROGATORIES** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

John W. Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 7, 2007, at Los Angeles, California.

_____
NOW LEGAL – Dave Quintana

07209/2137828.1

**EXHIBIT 13 PAGE 172**

# EXHIBIT 14

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                           EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12              Plaintiff,

13         v.                              Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 **ORDER GRANTING JOINT MOTION
                                           FOR PROTECTIVE ORDER
16                                         REGARDING MATTEL'S
                                           INTERROGATORIES; DENYING
17                                         MATTEL'S MOTION TO COMPEL
                                           INTERROGATORY RESPONSES**

18

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

23                          I. INTRODUCTION

24       Presently pending are two separate motions pertaining to Mattel's Third Set of

25  Interrogatories: (1) MGA Entertainment, Inc., MGA Entertainment (HK) LTD., Isaac Larian, and

26  Carter Bryant's (collectively "Defendants") Joint Motion For Protective Order Regarding Mattel,

27

28  Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

                         9-05-07

EXHIBIT 14 PAGE 173

1    Inc.'s ("Mattel") Interrogatories[1]; and (2) Mattel's motion to compel Defendants to answer the

2    Third Set of Interrogatories.[2]  Having considered the motion papers and the comments of counsel

3    at the hearing, the joint motion for a protective order is granted, and Mattel's motion to compel

4    interrogatory responses is denied.  MGA's request for sanctions in connection with Mattel's

5    motion to compel interrogatory responses is also denied.[3]

6                                    II. BACKGROUND

7            In December of 2004, Mattel served Carter Bryant ("Bryant") and MGA Entertainment,

8    Inc. ("MGA") with its First Set of Interrogatories, which consisted of a total of six interrogatories.

9    In April of 2005, Mattel served Bryant and MGA with its Second Set of Interrogatories, asking

10   Bryant four questions and MGA seven questions.  Of these, three interrogatories to Bryant were

11   identical to three interrogatories to MGA.  In December of 2006, Mattel served MGA with its

12   First Set of Interrogatories Re Claims of Unfair Competition, which consisted of ten additional

13   interrogatories.

14           During a scheduling conference held on February 12, 2007, the district court imposed a

15   limit on interrogatories of "50 for each side for both cases." February 27, 2007 Minute Order,

16   Proctor Dec., Ex. 6; Tr. of scheduling conference, Proctor Dec., Ex. 7.  When MGA asked

17   whether all Defendants would count as one "side" under the court's order, the court confirmed

18   that was its intent: "there's one party, essentially, on the other side, and [defendants] have two

19   parties." Tr. of scheduling conference, Proctor Dec., Ex. 7.  After MGA clarified that there were

20   actually six Defendants, the court asked Bryant's counsel if Bryant would need to serve fifty

21

22

23   _____

24       [1]  Defendants submitted their joint motion on July 10, 2007.  Mattel submitted its opposition on July 17, 2007.  Defendants submitted their reply brief on July 20, 2007.

25       [2]  Mattel submitted its motion to compel on July 18, 2007.  Defendants submitted an opposition on August 1, 2007.  Mattel submitted its reply brief on August 6, 2007.

26
         [3]  The Discovery Master determined that a hearing was not necessary.
27

28   Bryant v. Mattel, Inc.,                                                           2
     CV-04-09049 SGL (RNBx)

EXHIBIT 14 PAGE 174

interrogatories on Mattel in addition to MGA's interrogatories. Bryant stated that he probably would not. The court responded as follows:

> Let's try to work within the confines of the 50 interrogatories, and if you need more, again, the court is going to be forthcoming, if there's a need for it. And it's the type of order that if you can stipulate amongst yourselves, you're not going to need an order from the court.

> But if you're not agreeing amongst yourselves, then you're going to have to come back to the court before you bust those limits. Unlike every other order the court issues, where once the court issues an order and you need an order from the court to alter that, this is one that I will give you authority amongst yourselves to stipulate to a greater number. But [let's] be reasonable. I can't imagine you can't work this out. I just don't want to have open-ended numbers of interrogatories and experts.

Id. at 24:5-18. The court also directed the parties to return to court if they were unable to reach an agreement. Id. at 24:23.

On June 7, 2007, Mattel served its Third Set of Interrogatories on the "other side" – MGA, MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian ("Larian") and Bryant – asking each of these four defendants the same nineteen questions. On July 9, 2007, MGA, MGA Hong Kong, Larian and Bryant each separately served objections to the Third Set of Interrogatories and no responses. The parties met and conferred on July 10, 2007. Defendants refused to answer any of the interrogatories, claiming that Mattel had exceeded the fifty interrogatory limit and that the interrogatories were otherwise objectionable on several grounds. Defendants contended that Mattel exceeded the 50 interrogatories limit by serving interrogatories that are compound and by serving interrogatories on multiple responding parties on the "same side." By Defendants' calculations, when each discrete subpart of each of Mattel's interrogatories served on each of the responding parties are counted separately, Mattel has served, at a minimum, 227 separate interrogatories. In contrast, Mattel contended that its interrogatories are not compound, and that each identical interrogatory it serves should be counted as one, regardless of how many parties it serves on the "other side." By Mattel's calculations, it has propounded a total of forty-three non-identical interrogatories. The parties

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 14 PAGE 175

1   also discussed potentially stipulating to a greater number of interrogatories but apparently did not

2   reach an agreement.

3          Defendants move for a protective order preventing Mattel from serving additional

4   interrogatories and requiring Mattel to serve a revised Third Set of Interrogatories or else identify

5   which interrogatories (or subparts) it wishes to be answered, consistent with the limits imposed

6   by the district court.  Mattel opposes the motion, contending that it has not exceeded the 50

7   interrogatory limit set by the district court.  In a separate motion, Mattel moves to compel

8   Defendants to provide responses to its Third Set of Interrogatories.

9                                    III. STANDARDS

10         Under Federal Rules of Civil Procedure 26(c), a court may "make any order which justice

11  requires to protect a party or person from annoyance, embarrassment, oppression, or undue

12  burden or expense," including "that the disclosure or discovery not be had."

13                                    IV. DISCUSSION

14         Defendants' motion for a protective order raises essentially three issues:  (1) whether an

15  identical interrogatory served on several Defendants should be counted as only one interrogatory

16  or counted separately for each Defendant served with the identical interrogatory; (2) whether an

17  interrogatory that requires a Defendant to "state all facts," "identify all persons with knowledge of

18  such facts," and "identify all documents" should be counted as a single interrogatory or three

19  separate interrogatories; and (3) whether an interrogatory that covers multiple claims, legal

20  theories or other subjects should be counted as a single interrogatory or multiple interrogatories.

21  A. The Fifty "Per Side" Limit

22         The district court limited interrogatories to fifty "per side."  Although the district court's

23  order does not speak directly to this issue, the most reasonable approach is to count one identical

24  interrogatory served on all six of the Defendants as one interrogatory.  Under this approach,

25  Mattel may serve a total of 50 non-identical interrogatories to the "other side," and Defendants

26  collectively may serve a total of 50 non-identical interrogatories on Mattel.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                    4

EXHIBIT 14 PAGE 176

1    Defendants' alternative approach is not realistic because it would leave Mattel with far

2   fewer interrogatories than the 50 permitted by the district court.  Indeed, Defendants' approach

3   would not even provide Mattel with the presumptive limit of 25 interrogatories permitted under

4   Rule 33(a), Fed.R.Civ.P.  Under Defendants' approach, Mattel would be limited to approximately

5   eight interrogatories for each of the six Defendants, but Defendants would be allowed to serve 50

6   interrogatories on Mattel.  Such an imbalance would be fundamentally unfair.

7    Therefore, for purposes of applying the 50 interrogatory limit, one identical interrogatory

8   served on all six of the Defendants is counted as one interrogatory.

9   B. Interrogatories Requiring Responding Party to:  (1) state all facts; (2) identify all persons with

10  knowledge; and (3) identify all documents

11    Pursuant to Rule 33(a), Fed.R.Civ.P., "discrete subparts" of an interrogatory are to be

12  counted as separate interrogatories for purposes of the statutorily imposed limit on the number of

13  interrogatories a party may serve upon any other party.  Although Rule 33(a) does not define the

14  term "discrete subparts," The Advisory Committee addresses this issue and provides the

15  following guidance as to when subparts should and should not count as separate interrogatories:

16    Each party is allowed to serve 25 interrogatories upon any other party, but must
      secure leave of court (or stipulation from the opposing party) to serve a larger
17    number. Parties cannot evade this presumptive limitation through the device of
      joining as 'subparts' questions that seek information about discrete separate
18    subjects. However, a question asking about communications of a particular type
      should be treated as a single interrogatory even though it requests that the time,
19    place, persons present, and contents be stated separately for each such
      communication.

20

21  Advisory Committee Notes for the 1993 Amendments to Rule 33.  A leading treatise has

22  explained that "it would appear that an interrogatory containing subparts directed at eliciting

23  details concerning the common theme should be considered a single question, although the

24  breadth of an area inquired about may be disputable."  8A Charles A. Wright, Arthur R. Miller &

25  Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed. 1994).  "Although

26  there is no bright-line test as to whether a subpart should be counted as an interrogatory, the

27

28

EXHIBIT 14 PAGE 177

weight of authority interpreting <u>Rule 33(a)</u> requires examining whether the subparts are 'logically or factually subsumed within and necessarily related to the primary question.'" <u>Chapman v. California Dept. of Education,</u> 2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) citing <u>Safeco of America v. Rawstron,</u> 181 F.R.D. 441, 445 (C.D. Cal. 1998), quoting <u>Ginn v. Gemini Inc.,</u> 137 F.R.D. 320, 322 (D. Nev. 1991).

Cases applying Rule 33(a), Fed.R.Civ.P., however, have not been consistent in addressing whether an interrogatory constitutes one or more interrogatories if it asks the responding party to (1) state all facts, (2) identify all persons with knowledge of such facts, and/or (3) identify all documents referring or relating to such facts. On the one hand, for example, in <u>United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.,</u> 235 F.R.D. 521, 524 (D.C. Cir. 2006), the court explained that an "interrogatory may properly seek identification of documents and facts supporting a contention, but it may not do so in a single interrogatory." <u>See also Nobles v. Jacobs IMC,</u> 2003 WL 23198817 (D. Virgin Islands 2003) (finding that an interrogatory that asks the responding party to state all facts regarding a particular issue and to identify all persons having knowledge of such information is two separate interrogatories); <u>Chapman v. California Dept. of Education,</u> 2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) (treating an interrogatory seeking disclosure of facts (including the identity of persons with knowledge) and documents as two separate interrogatories); <u>Kendall v. GES Exposition Services, Inc.,</u> 174 F.R.D. 684, 685-86 (D. Nevada 1997) (determining that a subpart asking for documents in addition to facts should be treated as two subparts). On the other hand, for example, in <u>Krawczyc v. City of Dallas,</u> 2004 WL 614842 at *3 (N.D. Tex. 2004), the court held that an interrogatory asking a party to state facts supporting a contention and to identify persons with knowledge of those facts counts as one interrogatory because "[w]itnesses and their statements are facts," and hence the subpart is "factually subsumed within and necessarily related to the primary question."

In the instant case, most of Mattel's interrogatories follow the same format, asking the responding party to state all facts supporting a contention or contentions, to identity persons with

**EXHIBIT 14 PAGE 178**

1    knowledge, and to identify all documents that refer or relate to such acts.  Notwithstanding

2    caselaw to the contrary, these subparts are not discrete.  Rather, the subparts are related and

3    directed to the underlying details of a specifically identified contention (or contentions) in a

4    manner similar to the example given in the Advisory Committee Notes:  "a question asking about

5    communications of a particular type should be treated as a single interrogatory even though it

6    requests that the time, place, persons present, and contents be stated separately for each such

7    communication."  Therefore, subparts seeking facts supporting a contention, the identity of

8    persons with knowledge, and documents are not counted separately for purposes of applying the

9    50 interrogatory limit.

10   C.  Interrogatories Addressing Several Discrete Issues

11           Notwithstanding the discussion above in Section "B," many of Mattel's interrogatories are

12   compound because they address discrete issues.  For example, Mattel has propounded the

13   following interrogatory:

14               State all facts that support YOUR contention, if YOU so contend, that one
             or more of MATTEL's claims against YOU in THIS ACTION is barred, in whole
15           or in part, by the doctrines of unclean hands, estoppel, waiver, or consent, and
             IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
16           that REFER OR RELATE TO such facts.[4]

17   This interrogatory is directed to four separate and discrete defense theories:  unclean hands,

18   estoppel, waiver and consent.  Therefore, the interrogatory is compound and each of the four

19   discrete subparts should be counted as a separate interrogatory.  See Safeco of America, 181

20   F.R.D. at 446 ("Where the underlying requests for admissions [that are the subject of an

21   interrogatory] concern different, separate, or discrete matters, however, the interrogatory should

22   be viewed as containing a subpart for each request."); see also Sec. Ins Co. v. Trustmark Ins. Co.,

23   2003 WL 22326563 (D. Conn. 2003) (finding that a single interrogatory seeking information

24

25

26       _____

27           [4]  Mattel's Third Set of Interrogatories (No. 18), Glad Dec., Ex. 9.

28                                                                                                    7

     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

EXHIBIT 14 PAGE 179

1     about all elements of a given claim was compound and explaining that each element of a claim is

2     discrete and constitutes a separate interrogatory).

3        Mattel's next interrogatory is even more expansive, covering multiple legal theories and

4     factual matters:

5              State all facts that support YOUR contention, if YOU so contend, that

6        YOU did not intentionally interfere with the INVENTIONS AGREEMENT or
any other agreement or contract between MATTEL and BRYANT, or aid or abet
any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL,

7        when BRYANT purported to TRANSFER and MGA purported to ACQUIRE
rights to BRATZ or when BRATZ performed work or services with or for MGA

8        while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with
knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

9        such facts.[5]

10    This interrogatory includes three different legal contentions: (1) intentional interference with the

11    Inventions Agreement; (2) intentional interference with any other agreement or contract between

12    Mattel and Bryant; and (3) aiding or abetting any breach of fiduciary duty or duty of loyalty

13    owed by Bryant to Mattel.[6]  In addition, this interrogatory asks the responding party to apply two

14    different sets of factual allegations to the three different legal contentions.  Therefore, the

15    interrogatory consists of six discrete subparts, each of which counts as a separate interrogatory.

16        The following additional interrogatories contain similar types of discrete and separate

17    subparts:  Mattel's First Set of Interrogatories (Unfair Competition), No. 5 (two discrete

18    subparts); No. 10 (two discrete subparts); Mattel's Third Set of Interrogatories, No. 17 (two

19    discrete subparts), No. 22 (two discrete subparts), No. 23 (4 discrete subparts), No. 25 (two

20    discrete subparts), and No. 27 (2 discrete subparts).  When all of these discrete subparts are taken

21    into consideration, it is evident that Mattel exceeded the 50 interrogatory limit when it

22

23

24       [5] Id. (No. 21).

25

26       [6] The portion of the interrogatory seeking contentions about a potential breach of a fiduciary duty or the duty of loyalty could potentially be interpreted as two separate interrogatories, but because these theories are similar and presumably would be based on interrelated facts, this portion of the interrogatory will count as one interrogatory.

27

28    Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    8

EXHIBIT 14 PAGE 180

1  propounded its Third Set of Interrogatories.  Therefore, Defendants are entitled to a protective

2  order.

3  V. CONCLUSION

4       For the reasons set forth above, Defendants' motion for a protective order is granted, and

5  Mattel's motion to compel responses to the Third Set of Interrogatories is denied.  Mattel may

6  serve a Revised Third Set of Interrogatories that shall not exceed the 50 interrogatory limit

7  imposed by the district court.  MGA's request for sanctions in connection with Mattel's motion to

8  compel interrogatory responses is denied.

9       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

10  Master, MGA shall file this Order with the Clerk of Court forthwith.

11

12

13  Dated: September 5, 2007

14  HON. EDWARD A. INFANTE (Ret.)

15  Discovery Master

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 14 PAGE 181

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 5, 2007, I served the attached ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER REGARDING MATTEL'S INTERROGATORIES; DENYING MATTEL'S MOTION TO COMPEL INTERROGATORY RESPONSES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 5, 2007, at San Francisco, California.

_____
Sandra Chan

EXHIBIT 14 PAGE 182

# EXHIBIT 15

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Plaintiff Mattel, Inc.

9                  UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|----|----|----|
| 13 | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14 | vs. | MATTEL, INC.'S FOURTH SET OF INTERROGATORIES |
| 15 | MATTEL, INC., a Delaware corporation, | |
| 16 | Defendant. | Discovery Cut-off: January 14, 2008 Pre-trial Conference: April 7, 2008 Trial Date: April 29, 2008 |
| 17 | | |
| 18 | AND CONSOLIDATED ACTIONS | Discovery Cutoff: March 3, 2008 Final Pretrial Conf.: June 2, 2008 Trial Date: July 1, 2008 |
| 19 | | |

20

21

22   PROPOUNDING PARTY:        Mattel, Inc.

23   RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

24                             Bryant, MGA Entertainment (HK) Limited, MGAE

25                             de Mexico S.R.L. de C.V., and Carlos Gustavo

26                             Machado Gomez

27   SET NO.:                  FOUR

28

**EXHIBIT 15 PAGE 183**

07209/2254170.1

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof.  The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

### Definitions

1.   "YOU" and "YOUR" mean each of the Responding Parties.

2.   "BRYANT" means Carter Bryant individually.

3.   "LARIAN" means Isaac Larian individually.

4.   "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc.  For purposes of the these Interrogatories, "MGA" does not include BRYANT.

5.   "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.   "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including

1  without limitation each parent, subsidiary and joint venture of such PERSON, party
2  or entity.

3         7.    "PERSON" or "PERSONS" means all natural persons,
4  partnerships, corporations, joint ventures and any kind of business, legal or public
5  entity or organization, as well as its, his or her agents, representatives, employees,
6  officers and directors and any one else acting on its, his or her behalf, pursuant to
7  its, his or her authority or subject to its, his or her control.

8         8.    "DESIGN" or "DESIGNS" means any and all representations,
9  whether two-dimensional or three-dimensional, and whether in tangible, digital,
10  electronic or other form, including but not limited to all works, designs, artwork,
11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
13  practice, developments, inventions and/or improvements, as well as all other items,
14  things and DOCUMENTS in which any of the foregoing are or have been
15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
16  or in part.

17         9.    "BRATZ" means any project, product, doll or DESIGN ever
18  known by that name (whether in whole or in part and regardless of what such
19  project, product or doll is or has been also, previously or subsequently called) and
20  any product, doll or DESIGN or any portion thereof that is now or has ever been
21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or
22  in part and regardless of what such product, doll or DESIGN or portion thereof is or
23  has been also, previously or subsequently called) or that is now or has ever been
24  sold or marketed as part of the "Bratz" line, and each version or iteration of such
25  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or
26  DESIGN or any portion thereof" also includes without limitation any names,
27  fashions, accessories, artwork, packaging or any other works, materials, matters or
28  items included or associated therewith.  Without limiting the generality of the

1    foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2    discovery requests, the term "BRATZ" does not and shall not require that there be a

3    doll existing at the time of the event, incident or occurrence that is the subject of, or

4    otherwise relevant or responsive to, the Interrogatories.

5         10.   "SOLD," "SELL" or "SALE" means to distribute, market,

6    license, sell, offer to sell, or convey or transfer in any way for compensation.

7         11.   "BRATZ DOLL" means any doll that is or has ever been SOLD

8    that REFERS OR RELATES TO BRATZ.

9         12.   "BRATZ PRODUCT" means any product, whether two-

10   dimensional or three-dimensional, and whether in tangible, digital, electronic or

11   other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

12   RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

13   MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

14   product that is or has ever been SOLD in any packaging that includes the name

15   "Bratz" or REFERS OR RELATES TO BRATZ.

16        13.   "BRATZ MOVIE" means any motion picture or film that is or

17   has ever been SOLD that REFERS OR RELATES TO BRATZ.

18        14.   "BRATZ TELEVISION SHOW" means any production

19   exhibited on television that is or has ever been SOLD that REFERS OR RELATES

20   TO BRATZ.

21        15.   "BASED ON" means substantially similar to, a copy of or a

22   derivative of.

23        16.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

24   "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

25   Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

26   limited to, all writings and records of every type and description including, but not

27   limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

28   electronic mail ("e-mail"), records of telephone conversations, handwritten and

1  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
2  and summaries of meetings, voice recordings, pictures, photographs, drawings,
3  computer cards, tapes, discs, printouts and records of all types, studies, instruction
4  manuals, policy manuals and statements, books, pamphlets, invoices, canceled
5  checks and every other device or medium by which or through which information of
6  any type is transmitted, recorded or preserved.  Without any limitation on the
7  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
8  from the original or other versions of the DOCUMENT, including, but not limited
9  to, all drafts and all copies of such drafts or originals containing initials, comments,
10  notations, insertions, corrections, marginal notes, amendments or any other variation
11  of any kind.

12      17.    "REFER OR RELATE TO" a given subject matter means relate
13  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,
14  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,
15  contradict, or in any way pertain to that subject matter, either directly or indirectly.

16      18.    "IDENTIFY" or "IDENTITY" means the following:

17          (a)    with reference to an individual or individuals, means to
18  state, fully and separately as to each, such individual's full name, any known
19  business title, current or last known business affiliation, current or last known
20  residential address, current or last known business address, current or last known
21  relationship to MGA, and current or last known telephone number.

22          (b)    with reference to an entity or entities, means to state, fully
23  and separately as to each, such entity's full name, state (or country) of incorporation
24  or organization, present or last known address, and present or last known telephone
25  number.

26          (c)    with reference to a BRATZ PRODUCT, means to state,
27  fully and separately as to each, the full name of the product; the number of the
28  product; the SKU of the product; any other applicable designation of the product

1  useful for identification; the period of time during which the product was, has been
2  or will be SOLD; and the IDENTITY of each PERSON who has licensed from
3  YOU the right to SELL such BRATZ PRODUCT.
4           (d)    with reference to any other DOCUMENT or
5  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the
6  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
7  respect to each such DOCUMENT, to provide a complete description of it such that
8  it may be the subject of a request for the production of documents, including by
9  stating the date, identity of the author, addressee(s), signatories, parties, or other
10 PERSONS identified therein, its present location or custodian and a description of
11 its contents.
12          19.    "Any" as used in these interrogatories includes the word "all,"
13 and the word "all" as used in these interrogatories includes the word "any."
14          20.    The singular form of a noun or pronoun includes within its
15 meaning the plural form of the noun or pronoun so used, and vice versa; the use of
16 the masculine form of a pronoun also includes within its meaning the feminine form
17 of the pronoun so used, and vice versa; the use of any tense of any verb includes
18 also within its meaning all other tenses of the verb so used, whenever such
19 construction results in a broader request for information; and "and" includes "or"
20 and vice versa, whenever such construction results in a broader disclosure of
21 documents or information.
22
23                          **Instructions**
24          A.     When an interrogatory requests that YOU provide information,
25 YOU are required to supply all information known by or available to YOU or
26 YOUR employees, officers, directors, agents, representatives, attorneys and experts.
27 If YOU cannot completely answer the interrogatory after making diligent efforts to
28 do so, please so state. Then describe in detail all efforts made to answer the

07209/2254170.1

-6-

EXHIBIT 15 PAGE 188                    MATTEL'S FOURTH SET OF INTERROGATORIES

1    interrogatory; identify every PERSON involved in such efforts; and state the
2    additional information YOU need, if any, to respond completely to the interrogatory.
3
4                              **Interrogatories**
5
6    INTERROGATORY NO. 42:
7              State all facts that support YOUR contention, if YOU so contend, that
8    any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT
9    on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of
10   such facts and all DOCUMENTS that REFER OR RELATE TO such facts.
11
12   INTERROGATORY NO. 43:
13             For each concept, design, product, product packaging or other matter
14   that YOU contend MATTEL copied or infringed, including but not limited to those
15   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
16   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
17   Supplemental Responses to such Interrogatory), state the date that each such
18   concept, design, product, product packaging or other matter was conceived, and
19   IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER
20   OR RELATE TO, the foregoing.
21
22   INTERROGATORY NO. 44:
23             For each concept, design, product, product packaging or other matter
24   that YOU contend MATTEL copied or infringed, including but not limited to those
25   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
26   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
27   Supplemental Responses to such Interrogatory), state the date that each such
28   concept, design, product, product packaging or other matter was first fixed in any

07209/2254170.1

-7-

**EXHIBIT 15 PAGE 189**                          MATTEL'S FOURTH SET OF INTERROGATORIES

1 tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2 knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4 INTERROGATORY NO. 45:

5      State all facts which support YOUR contention, if YOU so contend,

6 that YOU have suffered harm, damage or injury as a result of any act or omission of

7 MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all

8 DOCUMENTS that REFER OR RELATE TO such facts.

9

10 DATED: October 12, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11

12      By: B. Dylan Proctor

13      B. Dylan Proctor
     Attorneys for Plaintiff

14      Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over the age of

3 eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4        On October 12, 2007, I served true copies of the following document(s) described as

5    **1.    MATTEL, INC.'S FOURTH SET OF INTERROGATORIES**

6    on the parties in this action as follows:

7    Diana M. Torres, Esq.                Mark E. Overland, Esq.

8    **O'MELVENY & MEYERS, LLP**       David C. Scheper, Esq.
400 S. Hope Street                    Alexander H. Cote

9    Los Angeles, CA 90071            **OVERLAND BORENSTEIN**
**SCHEPER & KIM LLP**

10                                         300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

11

12 **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)

13 being served.

        I declare that I am employed in the office of a member of the bar of this Court at whose

14 direction the service was made.

15    Executed on October 12, 2007, at Los Angeles, California.

16

17                                    _____

18                              NOW LEGAL — Dave Quintana

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4   On October 12, 2007, I served true copies of the following document(s) described as

5   **1.      MATTEL, INC.'S FOURTH SET OF INTERROGATORIES**

6   on the parties in this action as follows:

7   Diana M. Torres, Esq.                    Mark E. Overland, Esq.
    **O'MELVENY & MEYERS, LLP**               David C. Scheper, Esq.

8   400 S. Hope Street                       Alexander H. Cote
    Los Angeles, CA 90071                    **OVERLAND BORENSTEIN**

9                                            **SCHEPER & KIM LLP**
                                             300 South Grand Avenue, Suite 2750

10                                           Los Angeles, CA 90071-3144

11

12  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

13

14  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15  Executed on October 12, 2007, at Los Angeles, California.

16

17  _____

18  NOW LEGAL — Dave Quintana

19

20

21

22

23

24

25

26

27

28