# EXHIBIT 16

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 17

1  DALE M. CENDALI (*admitted pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  STEVEN J. OLSON (S.B. #182240)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email: dtorres@omm.com

6  PATRICIA GLASER (S.B. # 55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, California  90067
   Telephone:  (310) 553-3000
9  Facsimile:   (310) 556-2920
   Email: pglaser@chrisglase.com

10
   Attorneys for Counter-defendants MGA
11 Entertainment, Inc., Isaac Larian, MGA
   Entertainment (HK) Limited, and MGAE de
12 Mexico S.R.L. de C.V.

13

14

15                 UNITED STATES DISTRICT COURT

16                 CENTRAL DISTRICT OF CALIFORNIA

17                      EASTERN DIVISION

18 CARTER BRYANT, an individual,        Case No. CV 05-2727 SGL (RNBx)
                                        (Consolidated with CV 04-09049 and
19            Plaintiff,                CV 04-9059)

20       v.                            ANSWER AND AFFIRMATIVE
                                       DEFENSES OF MGA
21 MATTEL, INC., a Delaware Corporation, ENTERTAINMENT INC., MGA
                                        ENTERTAINMENT (HK)
22            Defendant                 LIMITED, AND MGAE DE
                                        MEXICO S.R.L. DE C.V. TO
23                                      MATTEL, INC.'S SECOND
                                        AMENDED ANSWER AND
24                                      COUNTERCLAIMS

25

26 CONSOLIDATED WITH             Judge:      Hon. Stephen G. Larson
                                 Courtroom:  1
27 MATTEL, INC. v. BRYANT and
   MGA ENTERTAINMENT, INC. v.
28 MATTEL, INC.

EXHIBIT 17 PAGE 274

1    Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA

2  Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively

3  the "MGA Defendants") hereby answer, for themselves alone, the Second

4  Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:

5    As a preliminary matter, Mattel's use of headings throughout its

6  counterclaims is improper, and therefore no response to Mattel's headings is

7  required.  If any response is required, MGA Defendants deny all allegations

8  contained in Mattel's headings.

9                        **RESPONSES**

10    1.    MGA Defendants deny the allegations set forth in paragraph 1.

11    2.    MGA Defendants deny the allegations set forth in paragraph 2.

12    3.    MGA Defendants admit that MGA decided to expand into

13  Mexico in or about 2004, and deny the remaining allegations set forth in paragraph

14  3.

15    4.    MGA Defendants deny the allegations set forth in paragraph 4.

16    5.    MGA Defendants deny the allegations set forth in paragraph 5.

17    6.    MGA Defendants admit that the Court has federal question

18  jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§

19  101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the

20  Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.

21    7.    MGA Defendants admit that venue is proper in this District for

22  Mattel's claims based on conduct alleged to have occurred within this District and

23  deny that venue is proper in this District for acts alleged to have occurred in

24  Mexico, Canada, Hong Kong, or other places outside of this District.

25    8.    MGA Defendants admit the allegations set forth in paragraph 8.

26    9.    MGA Defendants admit the allegations set forth in the first and

27  second sentences of paragraph 9, and deny the remaining allegations set forth in

28  paragraph 9.

- 2 -

**EXHIBIT 17 PAGE 275**

1          10.    MGA Defendants admit the allegations set forth in paragraph
2    10.

3          11.    MGA Defendants admit the allegations set forth in the first
4    sentence of paragraph 11, and deny the remaining allegations set forth in paragraph
5    11.

6          12.    MGA Defendants admit the allegations set forth in paragraph
7    12.

8          13.    MGA Defendants admit the allegations set forth in the first
9    sentence of paragraph 13, and deny the remaining allegations set forth in paragraph
10   13.

11         14.    MGA Defendants admit the allegations set forth in paragraph
12   14.

13         15.    Paragraph 15 is a statement of Mattel's legal position, to which
14   no response is necessary.  To the extent a response is required, MGA Defendants
15   deny the allegations set forth in paragraph 15.

16         16.    MGA Defendants admit the allegations set forth in the first
17   sentence of paragraph 16.  MGA Defendants are without sufficient knowledge to
18   admit or deny the remaining allegations set forth in paragraph 16, and on that basis,
19   deny the remaining allegations set forth in paragraph 16.

20         17.    MGA Defendants are without sufficient knowledge to admit or
21   deny the allegations set forth in paragraph 17, and on that basis, deny the
22   allegations set forth in paragraph 17.

23         18.    MGA Defendants are without sufficient knowledge to admit or
24   deny the allegations set forth in paragraph 18, and on that basis, deny the
25   allegations set forth in paragraph 18.

26         19.    MGA Defendants admit that MGA is a toy manufacturer, that
27   MGA began as a consumer electronics business and expanded into the toy business
28   with licenses to sell handheld electronic games, and later expanded its business by

**EXHIBIT 17 PAGE 276**

1  launching the Bratz fashion doll line, and deny the remaining allegations set forth in

2  paragraph 19.

3       20.    MGA Defendants deny the allegations set forth in paragraph 20.

4       21.    MGA Defendants admit that Carter Bryant is a former employee

5  of Mattel, and state that they are without sufficient knowledge to admit or deny the

6  remaining allegations set forth in paragraph 21, and on that basis, deny the

7  remaining allegations set forth in paragraph 21.

8       22.    MGA Defendants are without sufficient knowledge to admit or

9  deny the allegations set forth in paragraph 22, and on that basis, deny the

10  allegations set forth in paragraph 22.

11       23.    MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 23, and on that basis, deny the

13  allegations set forth in paragraph 23.

14       24.    MGA Defendants are without sufficient knowledge to admit or

15  deny the allegations set forth in paragraph 24, and on that basis, deny the

16  allegations set forth in paragraph 24.

17       25.    MGA Defendants are without sufficient knowledge to admit or

18  deny the allegations set forth in paragraph 25, and on that basis, deny the

19  allegations set forth in paragraph 25.

20       26.    MGA Defendants deny the allegations set forth in paragraph 26.

21       27.    MGA Defendants deny the allegations set forth in paragraph 27.

22       28.    MGA Defendants deny the allegations set forth in paragraph 28.

23       29.    MGA Defendants deny the allegations set forth in paragraph 29.

24       30.    MGA Defendants admit that after MGA made the decision to

25  proceed with the manufacture of the Bratz dolls, MGA employees communicated

26  with employees of MGA Entertainment (HK) Limited on subjects including the

27  manufacturing of Bratz, and deny the remaining allegations set forth in the first

28

-4-

EXHIBIT 17 PAGE 277

1   sentence of paragraph 30.  MGA Defendants admit the second sentence of

2   paragraph 30.

3       31.   MGA Defendants admit that samples of the four original Bratz

4   dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the

5   remaining allegations set forth in paragraph 31.

6       32.   MGA Defendants admit that MGA and its subsidiaries have

7   distributed and sold Bratz and Bratz-related products in many countries throughout

8   the world, that MGA and its subsidiaries have licensed Bratz to third parties, that

9   MGA has derived annual revenues from its sales and licenses of Bratz in excess of

10  $500 million, that MGA and its subsidiaries continue to market, sell and license

11  Bratz and intend to continue to do so, and deny the remaining allegations set forth

12  in paragraph 32.

13      33.   MGA Defendants deny the allegations set forth in paragraph 33.

14      34.   MGA Defendants deny the allegations set forth in paragraph 34.

15      35.   MGA Defendants deny the allegations set forth in paragraph 35.

16      36.   MGA Defendants admit that Bryant had an agreement with

17  MGA, state that the terms of the agreement speak for themselves, and deny the

18  remaining allegations set forth in paragraph 36.

19      37.   MGA Defendants admit that in or about late 2003 or early 2004,

20  MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to

21  conduct business in Mexico, admit that MGAE de Mexico hired three employees of

22  Mattel's Mexican subsidiary, and deny the remaining allegations set forth in

23  paragraph 37.

24      38.   MGA Defendants admit that Carlos Gustavo Machado Gomez

25  was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado

26  was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that

27  Machado had access to some nonpublic business information of Mattel Mexico, and

28  state that they are without sufficient knowledge to admit or deny the remaining

- 5 -

EXHIBIT 17 PAGE 278

1   allegations set forth in paragraph 38, and on that basis, deny the remaining

2   allegations set forth in paragraph 38.

3        39.    MGA Defendants admit that Mariana Trueba Almada was a

4   Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had

5   access to some nonpublic business information of Mattel Mexico, and state that

6   they are without sufficient knowledge to admit or deny the remaining allegations

7   set forth in paragraph 39, and on that basis, deny the remaining allegations set forth

8   in paragraph 39.

9        40.    MGA Defendants admit that Pablo Vargas San Jose was a Trade

10  Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel

11  Mexico from March 2001 until April 19, 2004, admit that Vargas had access to

12  some nonpublic business information of Mattel Mexico, and state that they are

13  without sufficient knowledge to admit or deny the remaining allegations set forth in

14  paragraph 40, and on that basis, deny the remaining allegations set forth in

15  paragraph 40.

16       41.    MGA Defendants admit that in or about early 2004, Machado,

17  Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

18  and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

19  identify their new employer to Mattel Mexico, admit that Machado, Trueba and

20  Vargas were offered and accepted employment with MGAE de Mexico, and deny

21  the remaining allegations set forth in paragraph 41.

22       42.    MGA Defendants admit that MGA personnel communicated by

23  telephone with Machado and Vargas prior to their Mattel resignations, admit that

24  MGA personnel, including Isaac Larian, communicated by e-mail with Machado

25  and Vargas concerning terms of employment through an America Online e-mail

26  account with the address <plot04@aol.com>, and deny the remaining allegations

27  set forth in paragraph 42.

28

-6-

EXHIBIT 17 PAGE 279

43.    MGA Defendants admit that in or about March 2004, Machado, Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April 2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed with MGA personnel, including Larian, employment at MGAE de Mexico, state that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the remaining allegations set forth in paragraph 43.

44.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 44, and on that basis, deny the allegations set forth in paragraph 44.

45.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 45, and on that basis, deny the allegations set forth in paragraph 45.

46.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 46, and on that basis, deny the allegations set forth in paragraph 46.

47.    MGA Defendants are without sufficient knowledge to admit or deny the allegation set forth in the third sentence of paragraph 47, and on that basis, deny these allegations, and deny the remaining allegations set forth in paragraph 47.

48.    MGA Defendants deny the allegations set forth in paragraph 48.

49.    MGA Defendants deny the allegations set forth in paragraph 49.

50.    MGA Defendants are without sufficient knowledge to admit or deny the allegation that MGA publicized a claim that, in 2005, it had increased its Mexican market share by 90% over the prior year, and on that basis, deny this allegation, and deny the remaining allegations set forth in paragraph 50.

51.    MGA Defendants deny the allegations set forth in paragraph 51.

52.    MGA Defendants deny the allegations set forth in paragraph 52.

53.    MGA Defendants admit that on October 27, 2005, Mexican authorities searched MGAE de Mexico and seized certain documents, and state that

- 7 -

EXHIBIT 17 PAGE 280

1  they are without sufficient knowledge to admit or deny the remaining allegations

2  set forth in paragraph 53, and on that basis, deny the remaining allegations set forth

3  in paragraph 53.

4      54.    MGA Defendants admit that Machado was transferred from

5  MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado

6  resides in the County of Los Angeles, and deny the remaining allegations set forth

7  in paragraph 54.

8      55.    MGA Defendants admit the allegations set forth in the first

9  sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on

10  April 22, 1996, and state that they are without sufficient knowledge to admit or

11  deny the remaining allegations set forth in the second sentence of paragraph 55, and

12  on that basis, deny the remaining allegations set forth in the second sentence of

13  paragraph 55. MGA Defendants admit the allegations set forth in third sentence of

14  paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a

15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the

16  remaining allegations in the fourth sentence of paragraph 55 are a statement of

17  Mattel's legal position, to which no response is necessary. To the extent a response

18  is required, MGA Defendants deny the remaining allegations set forth in paragraph

19  55.

20      56.    MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 56, and on that basis, deny the

22  allegations set forth in paragraph 56. The last sentence of paragraph 56 is a

23  statement of Mattel's legal position, to which no response is necessary. To the

24  extent a response is required, MGA Defendants deny the remaining allegations set

25  forth in paragraph 56.

26      57.    MGA Defendants admit that by 2003, Brawer had advanced

27  within Mattel to a Senior Vice President position over customer marketing, and

28  state that the remaining allegations in the first sentence of paragraph 57 are a

- 8 -

EXHIBIT 17 PAGE 281

1  statement of Mattel's legal position, to which no response is necessary.  To the

2  extent a response is required, MGA Defendants deny the remaining allegations set

3  forth in the first sentence of paragraph 57.  MGA Defendants admit that in his

4  executive position, Brawer was provided access to certain nonpublic Mattel

5  information.

6         58.    MGA Defendants admit the allegations set forth in the first

7  sentence of paragraph 58.  MGA Defendants deny the allegations set forth in the

8  second sentence of paragraph 58.  MGA Defendants are without sufficient

9  knowledge to admit or deny the remaining allegations set forth in paragraph 58, and

10  on that basis, deny the remaining allegations set forth in paragraph 58.

11         59.    MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 59, and on that basis, deny the

13  allegations set forth in paragraph 59.

14         60.    MGA Defendants admit that in April 2004, Mattel made Brawer

15  a Senior Vice President/General Manager, and state that they are without sufficient

16  knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17  on that basis, deny the remaining allegations set forth in paragraph 60.

18         61.    MGA Defendants admit that in May 2004, Brawer began

19  performing General Manager duties, working with one of Mattel's major retail

20  customer accounts, and state that they are without sufficient knowledge to admit or

21  deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22  remaining allegations set forth in paragraph 61.

23         62.    MGA Defendants admit the allegations set forth in the first

24  sentence of paragraph 62.  MGA Defendants admit that as Brawer left, he carried a

25  large cardboard box, and deny the remaining allegations set forth in the second

26  sentence of paragraph 62.  MGA Defendants state that they are without sufficient

27  knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28  on that basis, deny the remaining allegations set forth in paragraph 62.

-9-

EXHIBIT 17 PAGE 282

63.     MGA Defendants admit the allegations set forth in paragraph 63.

64.     MGA Defendants admit that on September 20, 2004, Mattel hand-delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 64.

65.     MGA Defendants admit that at his exit interview on September 29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer stated that he had not signed the Code of Conduct, and deny the remaining allegations set forth in paragraph 65.

66.     MGA Defendants admit that on October 1, 2004, Brawer's last day of employment with Mattel, Mattel delivered a letter to Brawer, state that the contents of the letter speak for themselves, and deny the remaining allegations set forth in paragraph 66.

67.     MGA Defendants admit that Brawer became MGA's Executive Vice President of Sales and Marketing, admit that he was responsible for sales worldwide, admit that he had and continues to have responsibility for MGA's accounts with some of the same retailers that he worked with while at Mattel, and deny the remaining allegations set forth in paragraph 67.

68.     MGA Defendants admit that Brawer stated during his exit interview that he had returned all confidential proprietary information to Mattel, state that he did not provide copies of information from his personal contacts file, and deny the remaining allegations set forth in paragraph 68.

69.     MGA Defendants admit that since leaving Mattel, Brawer has had contacts with certain Mattel employees, both by telephone and electronic mail, and deny the remaining allegations set forth in paragraph 69.

70.     MGA Defendants deny the allegations set forth in paragraph 70.

EXHIBIT 17 PAGE 283

71.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis, deny the allegations set forth in paragraph 71.

72.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis, deny the allegations set forth in paragraph 72.

73.    MGA Defendants admit that on September 26, 2005, Brisbois resigned from Mattel Canada, state that she took a position as Vice President of National Accounts at MGAE Canada, and deny the remaining allegations set forth in the first sentence of paragraph 73. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 73, and on that basis, deny the remaining allegations set forth in paragraph 73.

74.    MGA Defendants admit that Brisbois spoke with Isaac Larian by telephone on or about the evening of September 22, 2005, deny that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, deny that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 74, and on that basis, deny the remaining allegations set forth in paragraph 74.

75.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 75, and on that basis, deny the allegations set forth in paragraph 75.

76.    MGA Defendants admit that Brisbois traveled several times to MGA's offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a press release, state that the press release speaks for itself, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph 76.

- 11 -

EXHIBIT 17 PAGE 284

77.   MGA Defendants admit that MGA has hired at least 25 employees directly from Mattel's United States operations in the past few years, and deny the remaining allegations set forth in paragraph 77.

78.   MGA Defendants deny the allegations set forth in the first sentence of paragraph 78. MGA Defendants admit that Larian has sent email messages to a "Bratz News" distribution list, admit that the recipients of e-mail messages sent to the "Bratz News" distribution list includes members of the media as well as representatives of customers of both MGA and Mattel, and deny the remaining allegations set forth in paragraph 78.

79.   MGA Defendants admit that on May 12, 2006, Larian sent an email message to the "Bratz News" distribution list that included a reference to the new My Scene product with real gems, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 79, and on that basis, deny the remaining allegations set forth in paragraph 79.

80.   MGA Defendants admit that Larian told one retailer that such retailer was the only retailer with plans to purchase MY SCENE BLING BLING with real gems, at a time when Larian had a good faith belief that such retailer was the only retailer with plans to purchase MY SCENE BLING BLING with real gems, and deny the remaining allegations set forth in paragraph 80.

81.   MGA Defendants deny the allegation set forth in paragraph 81.

82.   MGA Defendants repeat their responses contained in paragraphs 1 through 81 of this Answer and incorporate them by reference as though fully and completely set forth herein.

83.   MGA Defendants deny the allegations set forth in paragraph 83.

84.   MGA Defendants deny the allegations set forth in paragraph 84.

85.   MGA Defendants deny the allegations set forth in paragraph 85.

86.   MGA Defendants deny the allegations set forth in paragraph 86.

87.   MGA Defendants deny the allegations set forth in paragraph 87.

- 12 -

EXHIBIT 17 PAGE 285

88.    MGA Defendants repeat their responses contained in paragraphs 1 through 87 of this Answer and incorporate them by reference as though fully and completely set forth herein.

89.    MGA Defendants deny the allegations set forth in paragraph 89.

90.    MGA Defendants deny the allegations set forth in paragraph 90.

91.    MGA Defendants deny the allegations set forth in paragraph 91.

92.    MGA Defendants deny the allegations set forth in paragraph 92.

93.    MGA Defendants deny the allegations set forth in paragraph 93.

94.    MGA Defendants deny the allegations set forth in paragraph 94.

95.    MGA Defendants deny the allegations set forth in paragraph 95.

96.    MGA Defendants deny the allegations set forth in paragraph 96.

97.    MGA Defendants deny the allegations set forth in paragraph 97.

98.    MGA Defendants repeat their responses contained in paragraphs 1 through 97 of this Answer and incorporate them by reference as though fully and completely set forth herein.

99.    MGA Defendants deny the allegations set forth in paragraph 99.

100.   MGA Defendants deny the allegations set forth in paragraph 100.

101.   MGA Defendants deny the allegations set forth in paragraph 101.

102.   MGA Defendants deny the allegations set forth in paragraph 102.

103.   MGA Defendants deny the allegations set forth in paragraph 103.

104.   MGA Defendants deny the allegations set forth in paragraph 104.

105.   MGA Defendants deny the allegations set forth in paragraph 105.

- 13 -

EXHIBIT 17 PAGE 286

1    106.    MGA Defendants repeat their responses contained in paragraphs

2    1 through 105 of this Answer and incorporate them by reference as though fully and

3    completely set forth herein.

4    107.    MGA Defendants deny the allegations set forth in paragraph

5    107.

6    108.    MGA Defendants deny the allegations set forth in paragraph

7    108.

8    109.    MGA Defendants deny the allegations set forth in paragraph

9    109.

10    110.    MGA Defendants deny the allegations set forth in paragraph

11    110.

12    111.    MGA Defendants deny the allegations set forth in paragraph

13    111.

14    112.    MGA Defendants deny the allegations set forth in paragraph

15    112.

16    113.    MGA Defendants deny the allegations set forth in paragraph

17    113.

18    114.    MGA Defendants deny the allegations set forth in paragraph

19    114.

20    115.    MGA Defendants deny the allegations set forth in paragraph

21    115.

22    116.    MGA Defendants repeat their responses contained in paragraphs

23    1 through 115 of this Answer and incorporate them by reference as though fully and

24    completely set forth herein.

25    117.    MGA Defendants deny the remaining allegations set forth in

26    paragraph 117.

27    118.    MGA Defendants deny the allegations set forth in paragraph

28    118.

- 14 -

**EXHIBIT 17 PAGE 287**

1            119.    MGA Defendants deny the allegations set forth in paragraph
2      119.

3            120.    MGA Defendants deny the allegations set forth in paragraph
4      120.

5            121.    MGA Defendants deny the allegations set forth in paragraph
6      121.

7            122.    MGA Defendants repeat their responses contained in paragraphs
8      1 through 121 of this Answer and incorporate them by reference as though fully and
9      completely set forth herein.

10           123.    MGA Defendants deny the allegations set forth in paragraph
11     123.

12           124.    MGA Defendants deny the allegations set forth in paragraph
13     124.

14           125.    MGA Defendants deny the allegations set forth in paragraph
15     125.

16           126.    MGA Defendants deny the allegations set forth in paragraph
17     126.

18           127.    MGA Defendants deny the allegations set forth in paragraph
19     127.

20           128.    MGA Defendants deny the allegations set forth in paragraph
21     128.

22           129.    MGA Defendants repeat their responses contained in paragraphs
23     1 through 128 of this Answer and incorporate them by reference as though fully and
24     completely set forth herein.

25           130.    The first and fifth sentences of paragraph 130 are statements of
26     Mattel's legal position, to which no response is necessary.  To the extent a response
27     is required, MGA Defendants deny the allegations set forth in the first and fifth
28     sentences of paragraph 130. MGA Defendants are without sufficient knowledge to

- 15 -

EXHIBIT 17 PAGE 288

1   admit or deny the remaining allegations set forth in paragraph 130, and on that

2   basis, deny the remaining allegations set forth in  paragraph 130.

3            131.   MGA Defendants deny the allegations set forth in paragraph

4   131.

5            132.   MGA Defendants deny the allegations set forth in paragraph

6   132.

7            133.   MGA Defendants deny the allegations set forth in paragraph

8   133.

9            134.   MGA Defendants deny the allegations set forth in paragraph

10   134.

11           135.   MGA Defendants deny the allegations set forth in paragraph

12   135.

13           136.   MGA Defendants repeat their responses contained in paragraphs

14   1 through 135 of this Answer and incorporate them by reference as though fully and

15   completely set forth herein.

16           137.   MGA Defendants deny the allegations set forth in paragraph

17   137.

18           138.   MGA Defendants deny the allegations set forth in paragraph

19   138.

20           139.   MGA Defendants deny the allegations set forth in paragraph

21   139.

22           140.   MGA Defendants deny the allegations set forth in paragraph

23   140.

24           141.   MGA Defendants deny the allegations set forth in paragraph

25   141.

26           142.   MGA Defendants repeat their responses contained in paragraphs

27   1 through 141 of this Answer and incorporate them by reference as though fully and

28   completely set forth herein.

- 16 -

EXHIBIT 17 PAGE 289

1    143.   Paragraph 143 is a statement of Mattel's legal position, to which

2 no response is necessary.  To the extent a response is required, MGA Defendants

3 deny the allegations set forth in the paragraph 143.

4    144.   MGA Defendants deny the allegations set forth in paragraph

5 144.

6    145.   MGA Defendants deny the allegations set forth in paragraph

7 145.

8    146.   MGA Defendants deny the allegations set forth in paragraph

9 146.

10    147.   MGA Defendants deny the allegations set forth in paragraph

11 147.

12    148.   MGA Defendants deny the allegations set forth in paragraph

13 148.

14    149.   MGA Defendants repeat their responses contained in paragraphs

15 1 through 148 of this Answer and incorporate them by reference as though fully and

16 completely set forth herein.

17    150.   MGA Defendants deny the allegations set forth in paragraph

18 150.

19    151.   MGA Defendants deny the allegations set forth in paragraph

20 151.

21    152.   MGA Defendants deny the allegations set forth in paragraph

22 152.

23    153.   MGA Defendants deny the allegations set forth in paragraph

24 153.

25    154.   MGA Defendants deny the allegations set forth in paragraph

26 154.

27

28

- 17 -

EXHIBIT 17 PAGE 290

1        155.   MGA Defendants repeat their responses contained in paragraphs

2   1 through 154 of this Answer and incorporate them by reference as though fully and

3   completely set forth herein.

4        156.   MGA Defendants deny the allegations set forth in paragraph

5   156.

6        157.   MGA Defendants deny the allegations set forth in paragraph

7   157.

8        158.   MGA Defendants deny the allegations set forth in paragraph

9   158.

10       159.   MGA Defendants deny the allegations set forth in paragraph

11  159.

12       160.   MGA Defendants deny the allegations set forth in paragraph

13  160.

14       161.   MGA Defendants deny the allegations set forth in paragraph

15  161.

16       162.   MGA Defendants deny the allegations set forth in paragraph

17  162.

18       163.   MGA Defendants repeat their responses contained in paragraphs

19  1 through 162 of this Answer and incorporate them by reference as though fully and

20  completely set forth herein.

21       164.   MGA Defendants deny the allegations set forth in paragraph

22  164.

23       165.   MGA Defendants deny the allegations set forth in paragraph

24  165.

25       166.   MGA Defendants deny the allegations set forth in paragraph

26  166.

27

28

EXHIBIT 17 PAGE 291

1      167.   MGA Defendants repeat their responses contained in paragraphs

2  1 through 166 f this Answer and incorporate them by reference as though fully and

3  completely set forth herein.

4      168.   MGA Defendants deny the allegations set forth in paragraph

5  168.

6      169.   Paragraph 169 is a statement of Mattel's legal position, to which

7  no response is necessary.  To the extent a response is required, MGA Defendants

8  deny the allegations set forth in the paragraph 169.

9      170.   Paragraph 170 is a statement of Mattel's legal position, to which

10  no response is necessary.  To the extent a response is required, MGA Defendants

11  deny the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

13      Without admitting any wrongful conduct on the part of MGA Defendants or

14  any Counter-Defendant, and without admitting that Mattel suffered any loss,

15  damage, or injury, MGA Defendants allege the following affirmative defenses to

16  the Counterclaims.  By designating the following as affirmative defenses, MGA

17  Defendants do not in any way waive or limit any defenses which are or may be

18  raised by their denials, allegations, and averments set forth herein.  MGA

19  Defendants also do not, by alleging any affirmative defense, admit that Mattel does

20  not have the burden of proof for any or all facts underlying any of those defenses.

21  These defenses are pled in the alternative, and are raised to preserve the rights of

22  MGA Defendants to assert such defenses, and are without prejudice to their ability

23  to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

26      Mattel's counterclaims fail to state a claim against MGA Defendants upon

27  which relief can be granted.

28

EXHIBIT 17 PAGE 292

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's: efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, and Polly Pocket, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; covertly investigating MGA, its officers and

- 20 -

EXHIBIT 17 PAGE 293

1   employees, and their family members; contacting persons under false pretense in

2   order to interrogate them about Bratz and this litigation; coercing Mattel employees

3   to accept restrictive covenants (right before massive layoff) and non-compete

4   clauses and other efforts to prevent prospective MGA employees from accepting

5   offers of employment; delay in suing Carter Bryant because, *inter alia*, Mattel

6   wanted Bryant to testify in an unrelated Mattel case; falsely inflating its Barbie

7   sales figures in an effort to mislead the public and retailers; and taking all measures

8   to conceal its bad acts, including the willful non-retention and destruction of

9   documents.  These averments are made on information and belief except where

10  MGA Defendants have knowledge thereof.

11   **FOURTH AFFIRMATIVE DEFENSE**

12   **(Laches)**

13   Mattel's counterclaims are barred by the equitable doctrine of laches.  MGA

14   Defendants avers that Mattel was on notice no later than March 2002 as to Bryant's

15   involvement with MGA and the creation of the original Bratz dolls.

16   **FIFTH AFFIRMATIVE DEFENSE**

17   **(Statute of Limitations)**

18   Mattel's counterclaims are barred by the applicable statutes of limitations.

19   **SIXTH AFFIRMATIVE DEFENSE**

20   **(Good Faith)**

21   Mattel cannot maintain its counterclaims against MGA Defendants because

22   MGA Defendants acted in good faith and in conformity with applicable laws, and

23   did not directly or indirectly induce the act or acts constituting the alleged causes of

24   actions.

25   **SEVENTH AFFIRMATIVE DEFENSE**

26   **(Information Readily Ascertainable)**

27

28

EXHIBIT 17 PAGE 294

1    MGA Defendants cannot be liable for misappropriation of information that
2 was readily ascertainable by proper means at the time of the alleged acquisition or
3 use.

### EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

6    Mattel's damages, if any, were not caused by MGA Defendants and are not
7 attributable to any acts or omissions of MGA Defendants.

### NINTH AFFIRMATIVE DEFENSE

### (Res Judicata)

10    Mattel's counterclaims are barred in whole or in part by res judicata.

### TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

13    Mattel's counterclaims are barred in whole or in part by estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

16    Mattel's counterclaims are barred in whole or in part by acquiescence.

### TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Ownership)

19    Mattel is neither the legal nor beneficial owner in the copyrights purportedly
20 at issue.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalid Copyrights)

23    Mattel's purported copyrights have expired or are otherwise invalid.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

26    MGA Defendants deny that Mattel suffered any damages, but even if it did,
27 Mattel failed to take reasonable steps to mitigate those purported damages.

28

- 22 -

EXHIBIT 17 PAGE 295

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if MGA Defendants infringed any copyright interest held by Mattel, MGA Defendants did so without knowledge or intent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*De Minimus* Use)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an aspect of a Mattel copyrighted work, such use would be *de minimus* and non-infringing.

- 23 -

EXHIBIT 17 PAGE 296

1       <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

2       (Joint Authorship)

3       MGA Defendants deny that Mattel owns any copyright interest in the alleged

4 works, but even if it did, any liability would be eliminated or greatly diminished by

5 the doctrine of joint authorship.

6       <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

7       (Undiscovered Defenses)

8       MGA Defendants have insufficient knowledge or information upon which to

9 form a belief as to whether additional defenses are available.  MGA Defendants

10 reserve the right to assert any further or additional defenses upon receiving more

11 complete information regarding the matters alleged in the Counterclaims, through

12 discovery or otherwise.

13

14       WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

15 Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

16       a.    that the Counterclaims be dismissed with prejudice;

17       b.    that judgment be entered in favor of counter-defendants and against

18 counterclaimant;

19       c.    that counter-defendants recover their costs and attorneys' fees; and

20       d.    that the Court award such other and further relief as is just and proper.

21

22 Dated:  August 13, 2007       O'MELVENY & MYERS LLP

23

24 

25               Steven J. Olson
              Attorneys for Counter-defendants

26               MGA Entertainment, Inc., Isaac Larian,
              MGA Entertainment (HK) Limited, and

27               MGAE de Mexico S.R.L. de C.V.

28 LA2:837754.6

**EXHIBIT 17 PAGE 297**