# EXHIBIT 18

RECEIVED

SEP 21 2007

BRL 2:02PM

1  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
2  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
3  Los Angeles, CA 90067
   Telephone: (310) 553-3000
4  Facsimile: (310) 557-9815

5  DALE M. CENDALI (admitted *pro hac vice*)
   O'MELVENY & MYERS LLP
6  400 South Hope Street
   Los Angeles, CA 90071-2899
7  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407

8

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited, MGAE
10 de Mexico S.R.L. de C.V., and Isaac Larian

11

12            UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

               EASTERN DISTRICT

14 CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-2727)
15            Plaintiff,

       v.                               MGA ENTERTAINMENT, INC.'S
16                                      SUPPLEMENTAL DISCLOSURES
   MATTEL, INC., a Delaware             AND MGA ENTERTAINMENT (HK)
17 Corporation,                         LIMITED, MGAE DE MEXICO
                                        S.R.L. DE C.V., AND LARIAN'S
            Defendant.                  INITIAL DISCLOSURES UNDER
18                                      RULE 26(a)(1)

19 ─────────────────────────────
                                        Judge: Hon. Stephen G. Larson
20 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and           Discovery Cut-Off:     March 3, 2008
21 MGA ENTERTAINMENT, INC. v.
   MATTEL, INC.

22

23

24

25

26

27

28

**EXHIBIT 18 PAGE 298**

1    efforts to obtain undisclosed product information from MGA and to Mattel's

2    manipulation of MGA's retail displays.

3            3.      Schuyler Bacon. Ms. Bacon is responsible for MGA's

4    recruiting activities. Ms. Bacon may possess knowledge of facts in support of

5    MGA's defenses to Mattel's RICO and trade secret counterclaims. Ms. Bacon may

6    be contacted through MGA's counsel of record.

7            4.      Manmohan Bhuller. Mr. Bhuller is a former Mattel employee

8    and may possess knowledge of facts in support of MGA's claims of unfair

9    competition.

10           5.      Kevin Bloomfield. Mr. Bloomfield is a Games Manager at

11    MGA. Mr. Bloomfield may possess knowledge of the creation and design of

12    MGA's Alien Racers product line. Mr. Bloomfield may be contacted through

13    MGA's counsel of record.

14           6.      Matthew Bousquette. MGA believes that Mr. Bousquette is a

15    former President of Mattel Brands. Mr. Bousquette may possess knowledge of

16    Mattel's serial copying of MGA's distinctive trade dress, trademarks, product

17    packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous

18    marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to

19    and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and

20    former employees and freelancers; Mattel's improper influence of standard-setting

21    and industry organization; Mattel's manipulation of MGA's retail displays and

22    other aspects of Mattel's unclean hands.

23           7.      Ron Brawer. Mr. Brawer is MGA's President of Global Sales

24    and Planning. Mr. Brawer may possess information relevant to some aspect or

25    aspects of MGA's sales and marketing of its products (including, without

26    limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head,"

27    "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers"). Mr.

28    Brawer also has knowledge of facts in support of MGA's defenses to Mattel's

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

**EXHIBIT 18 PAGE 300**

1  RICO and trade secret counterclaims, Mattel's unfair competition and Mattel's

2  unclean hands.  Mr. Brawer may be contacted through MGA's counsel of record.

3         8.       Janine Brisbois.  Ms. Brisbois is  an employee of MGA Canada.

4  Ms. Brisbois has knowledge of facts in support of MGA's defenses to Mattel's

5  RICO and trade secret counterclaims.  Ms. Brisbois may be contacted through

6  MGA's counsel of record.

7         9.       Kerri Brode.  Ms. Brode was deposed on January 19, 2007 and

8  August 15, 2007 and possesses the information set forth in her deposition

9  testimony.  Ms. Brode may be contacted through MGA's counsel of record.

10        10.      Charnayne Brooks.  Ms. Brooks is an employee of MGA.  Ms.

11  Brooks was deposed on March 2, 2007 and possesses the information set forth in

12  her deposition testimony.  Ms. Brooks may be contacted through MGA's counsel of

13  record.

14        11.      Carter Bryant.  Carter Bryant possesses information relevant to

15  the creation of the original "Bratz" drawings, and, to some extent, of the creation

16  and design by MGA of the first generation of "Bratz" dolls and timing thereof; the

17  nature and scope of his employment at Mattel; the nature and scope of his work for

18  and with MGA; and information relevant to his own defenses in this matter, as well

19  as knowledge of facts in support of MGA's defenses to Mattel's counterclaims.

20  Mr. Bryant may be contacted through his counsel of record.

21        12.      Janet Bryant.  Ms. Bryant may be contacted through Carter

22  Bryant's counsel of record.  Ms. Bryant possesses information concerning, among

23  other things, Mr. Bryant's general skills and talents as a designer and his

24  conception, creation, design and development of various matters when he was not

25  employed by Mattel.

26        13.      Tom Bryant.  Tom Bryant may be contacted through Carter

27  Bryant's counsel of record.  Tom Bryant possesses information concerning, among

28  other things, Mr. Bryant's general skills and talents as a designer and his

- 3 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 301

conception, creation, design and development of various matters when he was not employed by Mattel.

14.     Yuval Caspi. Mr. Caspi is MGA's Vice President, Boys Toys. Mr. Caspi may possess knowledge of the creation and design of MGA's Alien Racers product line, logo and advertising, Mattel's copying of same, and Mattel's efforts to tamper with MGA retail displays. Mr. Caspi may be contacted through MGA's counsel of record.

15.     Jorge Castilla. Mr. Castilla is an employee of MGA. Mr. Castilla may possess knowledge of facts in support of MGA's defenses to Mattel's RICO and trade secret counterclaims. Mr. Castilla may be contacted through MGA's counsel of record.

16.     Elise Cloonan. Ms. Cloonan is a former Mattel employee and may possess information relevant to the timing of the conception and creation of the original "Bratz" artwork by Carter Bryant prior to MGA's acquisition of rights therein. Ms. Cloonan may be contacted through her counsel, Larry McFarland.

17.     Dan Cooney. Mr. Cooney is MGA's Vice President of Sales, National Accounts. Mr. Cooney may possess information about consumer confusion between Mattel products. Mr. Cooney may be contacted through MGA's counsel of record.

18.     Jamie Cygielman. MGA believes that Ms. Cygielman is a former Mattel employee. Ms. Cygielman may possess information relevant to Mattel's unfair competition and unclean hands.

19.     Richard De Anda. MGA believes that Mr. De Anda currently is Mattel's V.P. of Worldwide Security and may possess information relevant to Mattel's investigations of MGA, Bryant, Larian and "Bratz."

20.     Thomas Debrowski. MGA believes that Mr. Debrowski is a current Mattel employee. Mr. Debrowski may possess information relevant to Mattel's unfair competition and unclean hands.

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 302

21.      Sandrine de Raspide.  Ms. de Raspide is the former Licensing Manager at MGA.  Ms. de Raspide has knowledge of facts in support of MGA's unfair competition claims, including without limitation, threats to and intimidation of licensees.  Ms. de Raspide may be contacted through MGA's counsel of record.

22.      Leon Djiguerian.  Mr. Djiguerian is a Product Manager at MGA. Mr. Djiguerian may possess information relevant to some aspect or aspects the design and packaging of MGA products, including "Bratz."  Mr. Djiguerian may be contacted through MGA's counsel of record.

23.      Ann Driskill.  MGA believes that Ms. Driskill currently is a Mattel employee.  Ms. Driskill was deposed on December 15, 2004 and July 12, 2007 and possesses the information set forth in her deposition testimony.

24.      Robert Eckert.  MGA believes that Mr. Eckert currently is the CEO of Mattel.  Mr. Eckert may possess knowledge of Mattel's serial copying of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and former employees and freelancers; Mattel's improper influence of standard-setting and industry organization; and/or Mattel's manipulation of MGA's retail displays.

25.      Margo Eldridge.  Ms. Eldridge is a freelancer who formerly worked for MGA producing commercials for "Bratz."  MGA believes that Ms. Eldridge currently works as a freelancer for Mattel.  MGA believes that Ms. Eldridge may possess knowledge relevant to some aspect or aspects of Mattel's serial copying of MGA's advertising; Mattel's efforts to interfere with the production of MGA's commercials; Mattel's efforts to improperly influence CARU and Nickelodeon; and Mattel's efforts to disseminate false information to retailers. Ms. Eldridge may also possess information relevant to Mattel's threats to and intimidation of former employees and/or freelancers.

MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

**EXHIBIT 18 PAGE 303**

26.     Kevin Farr.  MGA believes that Mr. Farr is Mattel's Chief Financial Officer.  Mr. Farr may possess information relevant to damages.

27.     Adrienne Fontanella.  MGA believes that Ms. Fontanella is the former President of Girls at Mattel.  Ms. Fontanella may possess knowledge of Mattel's serial copying of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and former employees and freelancers; Mattel's improper influence of standard-setting and industry organization; and/or Mattel's manipulation of MGA's retail displays.

28.     Lissa Freed.  MGA believes that Ms. Freed currently is a Mattel employee.  Ms. Freed was deposed on May 3, 2007 and possesses the information set forth in her deposition testimony.

29.     Neil Friedman.  MGA believes that Mr. Friedman is President of Mattel Brands.  Ms. Friedman may possess knowledge of Mattel's serial copying of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and former employees and freelancers; Mattel's improper influence of standard-setting and industry organizations; and/or Mattel's manipulation of MGA's retail displays.

30.     Jeanne Galvano.  Ms. Galvano possesses information relevant to, among other things, the timing of the creation of the original "Bratz" drawings by Carter Bryant and Mr. Bryant's general skills and talents as an artist.

31.     Paula Garcia.  Ms. Garcia is MGA's Vice President of Product Design and Development and has been involved in the design and development of MGA's "Bratz" dolls.  Ms. Garcia was deposed in May, 2007, and possesses the information set forth in her deposition testimony.  Ms. Garcia may be contacted

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 304

1    through MGA's counsel of record.

2       32. Marcy George. Ms. George is MGA's Domestic Director of

3    Licensing. Ms. George has knowledge of MGA's licensing of "Bratz" in the

4    United States. Ms. George may be contacted through MGA's counsel of record.

5       33. Diane Goveia Gordon. Ms. Gordon is an employee of MGA

6    Canada. Ms. Gordon may possess knowledge of facts in support of MGA's

7    defenses to Mattel's RICO and trade secret counterclaims. Ms. Gordon may be

8    contacted through MGA's counsel of record.

9       34. Sarah Halpern. Ms. Halpern is a freelance vendor who worked

10   for MGA on the fashions for certain "Bratz" products, including MGA's first

11   generation of "Bratz" dolls. Ms. Halpern may possess information relevant to some

12   aspect or aspects of the creation and design by MGA of the first generation of

13   "Bratz" dolls, in particular with respect to some aspect or aspects of the fashion

14   designs. Ms Halpern may be contacted through her attorney, Larry McFarland,

15   Esq.

16      35. Rebecca Harris. Ms. Harris is a current MGA employee. She

17   was deposed in August 2007 and possesses the information set forth in her

18   deposition testimony. Ms. Harris may be contacted through MGA's counsel of

19   record.

20      36. Connie Hibbert. MGA believes that Ms. Hibbert is a current

21   Mattel employee. Ms. Hibbert may possess information relevant to Mattel's

22   manipulation of MGA's retail displays.

23      37. Martin Hitch. Mr. Hitch formerly worked as MGA's V.P. of

24   International Sales. Mr. Hitch may possess knowledge of sales of "Bratz"

25   including first generation "Bratz."

26      38. Rob Hudnut. MGA believes that Mr. Hudnut is a current Mattel

27   employee. Mr. Hudnut was deposed on July 13, 2007 and August 20, 2008 and

28   possesses the information set forth in his deposition testimony.

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 305

1       39.     Jim Huntley.  Mr. Huntley is a former MGA employee.  He may

2 possess knowledge about MGA's marketing of its "Bratz" line of products after the

3 start of his employment at MGA.

4       40.     Richard Irmen.  Mr. Irmen is a personal acquaintance of Mr.

5 Bryant and possesses information relevant to, among other things, the timing of the

6 creation of the original "Bratz" drawings by Carter Bryant.

7       41.     Julia Jensen.  MGA believes that Ms. Jensen is a current Mattel

8 employee.  Ms. Jensen was deposed on June 8, 2007 and possesses the information

9 set forth in her deposition testimony.

10      42.     Fred Kawashima.  MGA believes that Mr. Kawashima is a

11 current Mattel employee.  Mr. Kawashima was deposed on January 17, 2007 and

12 June 19, 2007 and possesses the information set forth in his deposition testimony.

13      43.     Alan Kaye.  MGA believes that Mr. Kaye is Mattel's Senior

14 Vice President of Human Resources.  Mr. Kaye was deposed on December 10,

15 2004 and June 21, 2007 and possesses the information set forth in his deposition

16 testimony.

17      44.     Ellen Komatsu.  Ms. Komatsu is a Senior Designer at MGA.

18 Ms. Komatsu may possess information relevant to some aspect or aspects of the

19 design of MGA's "Bratz" dolls.  Ms. Komatsu may be contacted through MGA's

20 counsel of record.

21      45.     Susana Kuemmerle.  Ms. Kuemmerle is an employee of MGA

22 Mexico.  Ms. Kuemmerle has knowledge of facts in support of MGA's defenses to

23 Mattel's RICO and trade secret counterclaims.  Ms. Kuemmerle may be contacted

24 through MGA's counsel of record.

25      46.     Michael Kukar.  Mr. Kukar is an employee of MGA.  Mr. Kukar

26 may possess information relevant to the creation of "Bratz" character art.  Mr.

27 Kukar may be contacted through MGA's counsel of record.

28      47.     Timothy Kilpin.  MGA believes that Mr. Kilpin currently is

EXHIBIT 18 PAGE 306

1  Senior VP Marketing and Design at Mattel. Mr. Kilpin may possess knowledge of

2  the announcement of Mattel's suit against Mr. Bryant, Mattel's serial copying of

3  MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and

4  advertising; Mattel's dilution of MGA's famous marks; and consumer confusion

5  between Mattel products and MGA products.

6          48.       Isaac Larian. Mr. Larian is MGA's President and Chief

7  Executive officer. Mr. Larian may possess information relevant to material

8  allegations in the Consolidated Action, including MGA's acquisition of rights to the

9  original "Bratz" drawings by Carter Bryant, some aspect or aspects of the creation,

10 design and development of the "Bratz" dolls, Mattel's serial copying of MGA's

11 products (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz

12 Funky Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little

13 Patient," and "Alien Racers"); Mattel's serial copying of MGA's distinctive trade

14 dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's

15 dilution of MGA's famous marks; Mattel's interference with MGA's advertising

16 efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees,

17 distributors, manufacturers, and former employees and freelancers; Mattel's

18 improper influence of standard-setting and industry organization; Mattel's

19 manipulation of MGA's retail displays; damages suffered by MGA as a result of

20 Mattel's conduct; and facts in support of MGA's defenses to Mattel's

21 counterclaims. Mr. Larian may be contacted through his counsel of record.

22          49.       Margaret (Hatch) Leahy: Ms. Leahy is a former freelancer and

23 employee of MGA. She possesses information relevant to some aspect or aspects

24 of the sculpting of the first generation of "Bratz" dolls, and samples, prototypes and

25 prior iterations thereof. Ms. Leahy also may possess information relevant to some

26 aspect or aspects of the sculpting of the "4-Ever Best Friends" dolls, the "Bratz

27 Winter Wonderland" and "Bratz Formal Funk" themes, "Prayer Angels," and the

28 "Mommy's Little Patient" doll. Ms. Leahy may be contacted through her counsel

- 9 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 307

1   Larry McFarland, Esq.

2        50.    Edmond Lee.  Mr. Lee is the Managing Director of MGA

3   Entertainment (HK) Limited.  Mr. Lee may possess knowledge of some aspect or

4   aspects of the development and manufacture of the "contested" MGA Products

5   (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky

6   Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and

7   "Alien Racers") and "Prayer Angels;" Mattel's serial copying of MGA's products;

8   Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors,

9   manufacturers, and former employees and freelancers; and knowledge of facts in

10  support of MGA's defenses to Mattel's counterclaims.  Mr. Lee may be contacted

11  through MGA's counsel of record.

12       51.    Stephen Lee.  Mr. Lee is the former managing director of MGA

13  HK.  Mr. Lee may possess information relevant to some aspect or aspects of

14  MGA's creation, design and development of MGA's "Bratz" dolls, including the

15  first generation of those dolls.

16       52.    Steve Linker.  Mr. Linker is a former Mattel employee and

17  freelancer.  He was deposed on September 13, 2006 and possesses the information

18  set forth in his deposition testimony.

19       53.    Diana Luna.  Ms. Luna is MGA's Director of International

20  Licensing.  Ms. Luna has knowledge of MGA's licensing of "Bratz"

21  internationally.  Ms. Luna may be contacted through MGA's counsel of record.

22       54.    Kris Lynch.  Ms. Lynch is a former Mattel employee and may

23  possess knowledge of Mattel's "Diva Starz" project and other non-Barbie products.

24       55.    Carlos Gustavo Machado Gomez.  Mr. Machado is an employee

25  of MGA.  Mr. Machado may possess knowledge of facts in support of MGA's

26  defenses to Mattel's RICO and trade secret counterclaims.  Mr. Machado may be

27  contacted through his counsel of record.

28       56.    Dave Malacrida.  Mr. Malacrida is MGA's V.P. of Public

- 10 -

**EXHIBIT 18 PAGE 308**

1    Relations. Mr. Malacrida was deposed in August, 2007, and possesses the

2    information set forth in his deposition testimony. Mr. Malacrida may be contacted

3    through MGA's counsel of record.

4         57.    Julia Marine. MGA believes that Ms. Marine is a current Mattel

5    employee. Ms. Marine was deposed on September 21, 2006, November 8, 2006

6    and June 27, 2007 and possesses the information set forth in her deposition

7    testimony.

8         58.    Veronica Marlowe. Ms. Marlowe formerly was a freelance

9    designer for MGA. Ms. Marlowe may possess information relevant to some aspect

10   or aspects of the creation and design of MGA's "Bratz" dolls; and Mattel's threats

11   to and intimidation of former employees and/or freelancers. Ms. Marlowe may be

12   contacted through her counsel Larry McFarland, Esq.

13        59.    Liliana Martinez. MGA believes that Ms. Martinez currently is

14   a Mattel employee. Ms. Martinez was deposed on May 20, 2005 and possesses the

15   information set forth in her deposition as well as information concerning Mattel's

16   creation, design and development of its "My Scene" line of fashion dolls.

17        60.    Mary Carmen Mendez. MGA believes that Ms. Mendez is a

18   former Mattel employee. Ms. Mendez may possess knowledge about Mattel's

19   unfair competitive practices.

20        61.    Jill Nordquist. MGA believes that Ms. Nordquist currently is a

21   Marketing Director at Mattel. Ms. Nordquist was deposed on July 31, 2007 and

22   possesses the information set forth in her deposition testimony.

23        62.    Victoria O'Connor. Ms. O'Connor formerly worked as MGA's

24   V.P. of Licensing. Ms. O'Connor possesses information relevant to some aspect or

25   aspects of the timing of MGA's acquisition of rights in the original "Bratz"

26   drawings by Bryant and the design and licensing by MGA of the first generation of

27   "Bratz" dolls. Ms. O'Connor also possesses information relevant to MGA's

28   negotiations with Bryant and his attorney for the acquisition of the rights in the

- 11 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 309

1   original "Bratz" drawings. Ms. O'Connor may also possesses information relevant
2   to some aspect of aspects of MGA's licensing of the "Bratz" concept; Mattel's
3   serial copying of MGA's distinctive trade dress, trademarks, product packaging,
4   themes, ideas, and advertising; and Mattel's threats to and intimidation of licensees.

5          63.     Colleen O'Higgins. Ms O'Higgins formerly worked as a
6   Product Manager at MGA. Ms. O'Higgins may possesses information relevant to
7   the timing or creation of "Bratz" and some aspect or aspects of the marketing of
8   "Bratz."

9          64.     Kislap Ongchango. MGA believes that Mr. Ongchango
10  currently is a Mattel employee. Mr. Ongchango was deposed on April 24, 2007
11  and possesses the information set forth in his deposition testimony.

12         65.     Rod Palmer. MGA believes that Mr. Palmer currently is a
13  Mattel employee. Mr. Palmer was deposed on June 26, 2007 and possesses the
14  information set forth in his deposition testimony.

15         66.     Ann Parducci. MGA believes that Ms. Parducci is a former
16  Mattel employee. Ms. Parducci may possess information relevant to Mattel's
17  practices regarding Mattel's creation, design and development of fashion dolls,
18  Mattel's reaction to "Bratz," Bryant's work at Mattel and Mattel's knowledge of
19  Bryant's involvement in the design of the first generation of MGA's "Bratz" dolls.

20         67.     Cassidy Park. MGA believes that Ms. Park is a current or
21  former Mattel employee. Ms. Park was deposed on March 2, 2005 and possesses
22  the information set forth in her deposition testimony.

23         68.     Tom Park. Mr. Park is a former MGA employee. Mr. Park may
24  possess knowledge of facts in support of MGA's defenses to Mattel's RICO and
25  trade secret counterclaims.

26         69.     Rene Pasko. MGA believes that Ms. Pasko currently is a Mattel
27  employee. Ms. Pasko was deposed on June 13, 2007 and possesses the information
28  set forth in her deposition testimony.

- 12 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 310

70.     Tina Patel. Ms. Patel was a Brand Manager for "Bratz" while employed by MGA and later became a Mattel employee but, to MGA's knowledge, is no longer a Mattel employee. Ms. Patel may possess information relevant to Mattel's investigation of MGA and its executives, employees and freelancers, and other aspects of Mattel's unfair competition and unclean hands.

71.     Ninette Pembleton. Ms. Pembleton is MGA's V.P. of Operations. Ms. Pembleton may possess knowledge of some aspect or aspects of the creation and design of MGA products, including "Mommy's Little Patient" and "Alien Racers"; Mattel's serial copying of MGA's products (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers"); and Mattel's serial copying of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and advertising. Ms. Pembleton may be contacted through MGA's counsel of record.

72.     Joni Pratt. MGA believes that Ms. Pratt currently is a Mattel employee. Ms. Pratt was deposed on June 1, 2007 and possesses the information set forth in her deposition testimony.

73.     Ramona Prince. Ms. Prince is a notary public and was deposed in 2004. She possesses information relevant to some aspect or aspects of the timing of Mr. Bryant's creation of the original "Bratz" drawings. Ms. Prince may be contacted through her counsel of record.

74.     Jesse Ramirez. Mr. Ramirez is the owner of South Bay Molds and may possess information relevant to the timing of MGA's design of the first generation of "Bratz" dolls, specifically with respect to the creation of molds therefor.

75.     David Rosenbaum. Mr. Rosenbaum is MGA's former counsel. He possesses information relevant to the negotiation of the MGA-Bryant contract.

76.     Ivy Ross. MGA believes that Ms. Ross is a former Mattel

- 13 -

EXHIBIT 18 PAGE 311

1   employee.  Ms. Ross may possess information relevant to Mattel's employment

2   policies and practices, practices regarding Mattel's creation, design and

3   development of fashion dolls, Bryant's work at Mattel, Mattel's investigation of

4   MGA and its executives, employees and freelancers and other aspects of Mattel's

5   unclean hands.

6         77.     Shirin Salemnia.  Ms. Salemnia is a Research Manager for

7   MGA.  Ms. Salemnia may possess information relevant to the packaging, themes,

8   ideas, advertising and market research related to MGA's products (including,

9   without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover

10  Head," "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers").

11  Ms. Salemnia may be contacted through MGA's counsel of record.

12        78.     Chuck Scothon.  MGA believes that Mr. Scothon currently is a

13  General Manager and Senior VP of Girls at Mattel Brands.  Mr. Scothon may

14  possess knowledge of Mattel's serial copying of MGA's distinctive trade dress,

15  trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of

16  MGA's famous marks; Mattel's interference with MGA's advertising efforts;

17  Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors,

18  manufacturers, and former employees and freelancers; Mattel's improper influence

19  of standard-setting and industry organization; and Mattel's manipulation of MGA's

20  retail displays.

21        79.     Shelly Shibata.  Ms. Shibata is MGA's Senior Director of New

22  Dolls and Toys.  Ms. Shibata may possess information relevant to licensing of and

23  style guides for MGA's "Bratz" dolls.  Ms. Shibata may be contacted through

24  MGA's counsel of record.

25        80.     Aileen Storer.  Ms. Storer currently is Creative Director of Bratz

26  & Dolls for MGA.  Ms. Storer may possess information relevant to some aspect or

27  aspects of the creation and design of packaging, logos and branding of MGA

28  products, including  without limitation the first generation of "Bratz" dolls..  Ms.

- 14 -
MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

**EXHIBIT 18 PAGE 312**

1    Storer may be contacted through MGA's counsel of record.

2            81.     Steven Tarmichael. Mr. Tarmichael is a freelance hair rooter

3    and worked as such for MGA in connection with some of MGA's "Bratz" dolls.

4    Mr. Tarmichael may possess information relevant to some aspect or aspects of the

5    design of "Bratz" dolls, including without limitation the first generation of "Bratz"

6    dolls.

7            82.     Mariana Trueba. Ms. Trueba is an employee of MGA Mexico.

8    Ms. Trueba may possess knowledge of facts in support of MGA's defenses to

9    Mattel's RICO and trade secret counterclaims. Ms. Trueba may be contacted

10   through MGA's counsel of record.

11           83.     Pablo Vargas. Mr. Vargas is an employee of MGA Mexico.

12   Mr. Vargas may possess knowledge of facts in support of MGA's defenses to

13   Mattel's RICO and trade secret counterclaims. Mr. Vargas may be contacted

14   through MGA's counsel of record.

15           84.     Ann Wang. Ms. Wang may possess information relevant to the

16   negotiation of the MGA-Bryant contract.

17           85.     Mercedah Ward. MGA believes that Ms. Ward is a former

18   Mattel employee. Ms. Ward also is a former MGA employee. Ms. Ward possesses

19   information relevant to aspects of the creation, design and development of the first

20   generation of MGA's "Bratz" dolls, Mattel's serial copying of MGA's products

21   (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky

22   Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and

23   "Alien Racers"); Mattel's serial copying of MGA's distinctive trade dress,

24   trademarks, product packaging, themes, ideas, and advertising; and Mattel's

25   dilution of MGA's famous marks.

26           86.     Sandy Yonemoto. MGA believes that Ms. Yonemoto is the

27   Manager of Human Resources Communications at Mattel. Ms. Yonemoto was

28   deposed on May 30, 2007. She possesses the information set forth in her deposition

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 313

1    transcript.

2        87.        Various present or former employees and contractors of MGA

3    are potential witnesses, including, but not limited to, those listed on MGA's Fourth

4    Supplemental Response to Interrogatory No. 1 of Mattel's First Set of

5    Interrogatories Re:  Claims of Unfair Competition.  Such current employees of

6    MGA may be contacted through MGA's counsel of record.  MGA is currently

7    unable to identify the specific witnesses and information such witnesses may

8    possess.

9        88.        Various present or former employees and contractors of Mattel

10   as well as its various present or former suppliers, licensees, distributors and

11   merchandisers are potential witnesses.  The identities, whereabouts and relevant

12   knowledge of such potential witnesses are best known by Mattel.

13       MGA reserves the right to further supplement its disclosures to identify

14   additional witnesses as they, or their relevance, become apparent or as otherwise

15   necessary or appropriate.

16   **Documents**

17       The MGA Parties' document identification to date is based solely upon such

18   information and documents that have been discovered thus far, as well as the MGA

19   Parties' present analysis of the case, and shall not in any way be deemed to be a

20   representation that additional documents do not exist.  Accordingly, the MGA

21   Parties reserve the right to amend this disclosure pursuant to Rule 26(e) if

22   additional documents are identified.  Furthermore, the MGA Parties reserve the

23   right to supplement or modify the disclosure based on information or documents

24   subsequently identified as pertinent to disputed facts.  To the extent that one or

25   more of the MGA Parties already has identified documents pursuant to Rule 26(a),

26   the documents identified herein serve to supplement such prior disclosures.

27       Subject to the foregoing, and subject to, as applicable, the designations of

28   confidentiality which have or may be made pursuant to the terms and provisions of

- 16 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 314

1    the Stipulated Protective Order governing the disclosure of confidential material in

2    this case, the MGA Parties identify the following documents:

3         1.    Documents showing how long each of MGA's contested

4    "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products

5    have been sold to the public.

6         2.    Documents showing where each of MGA's contested "Bratz,"

7    "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products are

8    available and/or have been sold to the public.

9         3.    Advertisements for MGA's contested "Bratz," "Mommy's

10   Little," "4-Ever Best Friends," and "Alien Racers" products.

11        4.    Promotional materials, in-store displays, and point of purchase

12   displays for MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends,"

13   and "Alien Racers" products.

14        5.    Documents showing the nature, scope and extent of MGA's

15   advertising program nationwide for MGA's contested "Bratz," "Mommy's Little,"

16   "4-Ever Best Friends," and "Alien Racers" products, including without limitation

17   advertising expenditures.

18        6.    Marketing documents and sales data for MGA's contested

19   "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

20        7.    Samples of MGA products and packaging that Mattel has

21   infringed.

22        8.    Copies of the commercials that Mattel has infringed.

23        9.    Documents showing Mattel's infringing products, packaging,

24   commercials and themes.

25        10.   Press regarding MGA's contested "Bratz," "Mommy's Little,"

26   "4-Ever Best Friends," and "Alien Racers" products.

27        11.   Market research concerning MGA's contested "Bratz,"

28   "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

- 17 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

**EXHIBIT 18 PAGE 315**

12.   Documents showing actual confusion between MGA's products and Mattel's products.

13.   Documents showing that Mattel was aware of MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products, themes and/or advertising and knowingly imitated or copied them.

14.   Documents showing the creation, design and development of MGA's first generation of "Bratz" dolls.

15.   Documents showing the creation and design of the Contested Products, including "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

16.   Documents showing the hiring and employment practices and policies of Mattel, including but not limited to contracts employees are asked to sign.

17.   Documents demonstrating Carter Bryant's inspiration for his drawings he brought to MGA.

18.   Examples of Carter Bryant's non-Bratz artwork.

19.   Documents showing the sales and market share of Barbie dolls over the last 10 years.

20.   Documents reflecting or evidencing Mattel's interference with MGA's advertising efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and former employees and freelancers; Mattel's improper influence of standard-setting and industry organization; Mattel's manipulation of MGA's retail displays; Mattel's knowledge of Bryant's involvement with Bratz and its investigation of MGA and its executives, employees and freelance vendors; other aspects of Mattel's unclean hands; and the damages suffered by MGA as a result of Mattel's conduct.

21.   MGA's admonitions to personnel hired from competitors, including Mattel.

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 316

1      22.   MGA's pre-hire communications with Ron Brawer.

2      23.   MGA's pre-hire communications with Gustavo Machado, Pablo

3   Vargas and Mariana Trueba.

4      24.   MGA's pre-hire communications with Janine Brisbois.

5      25.   MGA's pre-hire communications with Jorge Castilla.

6      26.   Documents showing publicly available sales and marketing data

7   for Mattel and other toy companies.

8      27.   Documents showing MGA's efforts to expand sales and

9   marketing in Mexico.

10      28.   Other documents not yet in MGA's possession, custody or

11   control but believed to be in possession of or under the custody or control of Mattel,

12   as described in MGA's various requests for production of documents and things

13   and/or third party subpoenas.

14   **Damages**

15      MGA seeks damages arising out of Mattel's acts of false designation of

16   origin or affiliation, dilution, and unfair competition and unfair business practices.

17   MGA seeks disgorgement of all profits derived by Mattel for its acts of false

18   designation of origin or affiliation, dilution, and unfair competition and unfair

19   business practices.  MGA seeks costs, expenses, and reasonable attorneys' fees in

20   prosecuting this action.  MGA seeks punitive and/or exemplary damages as a result

21   of Mattel's willful and malicious conduct to the extent allowable by law.

22      MGA is unable to calculate the amount of damages at this time because

23   discovery has not yet been completed and such calculation may require the services

24   of an expert witness.

25   **Insurance**

26      The required disclosure regarding insurance is presently inapplicable.

27

28

- 19 -

EXHIBIT 18 PAGE 317

1

2   Dated:      September 21 2007          O'MELVENY & MYERS LLP

3

4                                         By:

5                                         Attorneys for MGA Entertainment, Inc.,
                                          MGA Entertainment (HK) Limited,
6                                         MGAE de Mexico S.R.L. de C.V., and
                                          Isaac Larian

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S SUPP. DISCLOSURES AND MGA HK,
                                          MGA MEXICO, AND LARIAN'S INITIAL
                                          DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

EXHIBIT 18 PAGE 318

## PROOF OF SERVICE

I, Marie G. Lewis, am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California 90071-2899. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

On September 21, 2007, I had the following document served by special messenger:

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL DISCLOSURES AND MGA ENTERTAINMENT (HK) LIMITED, MGAE DE MEXICO S.R.L. DE C.V., AND LARIAN'S INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

upon counsel named below:

> Michael T. Zeller, Esq.
> Timothy Alger, Esq.
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 865 South Figueroa Street, 19th Floor
> Los Angeles, CA 90017
>     michaelzeller@quinnemanuel.com
>     talger@quinnemanuel.com
> *(Attorneys for Mattel)*

A courtesy copy was sent via electronic mail.

On September 21, 2007, I served said document by putting true and correct copies thereof in sealed envelopes, with postage fully prepaid, and placing the envelopes for collection and mailing today with the United States

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

1   Postal Service in accordance with the firm's ordinary business practices, as

2   addressed below:

3

4   James W. Spertus, Esq.                    Michael H. Page, Esq.
    Law Offices of James W. Spertus           Keker & Van Nest LLP
5   12100 Wilshire Boulevard, Suite 620       710 Sansome Street
    Los Angeles, CA 90025                     San Francisco, CA 94111
6

7   *(Attorneys for Carlos Gustavo*           *(Attorneys for Carter Bryant)*
    *Machado Gomez)*
8

9   Patricia Glaser, Esq.
    Christensen, Glaser, Fink, Jacobs,
10  Weil & Shapiro, LLP
    10250 Constellation Blvd., 19th Floor
11  Los Angeles, CA 90067

12

13  *(Attorneys for MGA)*

14

15          I declare under penalty of perjury that the foregoing is true and

16  correct.  Executed at Los Angeles, California, this 21st day of September,

17  2007.

18

19

20                                              _____
                                                     Marie G. Lewis
21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-9049 SGL (RNBX)

**EXHIBIT 18 PAGE 320**

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT 19

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 20

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 21

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

| 13 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 14 | Plaintiff, | Consolidated with |
| 15 | vs. | Case No. CV 04-09059 |
|    |    | Case No. CV 05-02727 |
| 16 | MATTEL, INC., a Delaware corporation, | NOTICE OF DEPOSITIONS OF MAUREEN TKACIK, DENISE I. |
| 17 | Defendant. | O'NEIL, CHRISTOPHER PALMERI, AND JEFF WEISS |
| 18 |    |    |
| 19 | AND CONSOLIDATED CASES | Discovery Cut-off:  March 3, 2008 |
| 20 |    | Pre-trial Conference: June 2, 2008 |
|    |    | Trial Date:  July 1, 2008 |

21

22

23

24

25

26

27

28

07975/2183286.5

NOTICE OF DEPOSITIONS OF TKACIK, O'NEIL, PALMERI, AND WEISS

**EXHIBIT 21 PAGE 352**

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that Mattel, Inc. will take the depositions of

3  the following individuals on the dates and at the times and locations listed below:

4          Maureen Tkacik:  On August 21, 2007, beginning at 9:30 a.m., at the

5  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Avenue,

6  22nd Floor, New York, NY 10010;

7          Denise I. O'Neil:  On August 23, 2007, beginning at 9:30 a.m., at the

8  offices of Jenner & Block, LLP, 330 N. Wabash Ave., Chicago, Illinois  60611-

9  7603;

10          Christopher Palmeri:  On September 4, 2007, beginning at 9:30 a.m., at

11  the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa

12  Street, 10th Floor, Los Angeles, California; and

13          Jeff Weiss:  On September 5, 2007, beginning at 9:30 a.m., at the

14  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa Street,

15  10th Floor, Los Angeles, California.

16          PLEASE TAKE FURTHER NOTICE that the depositions will take

17  place upon oral examination before a duly authorized notary public or other officer

18  authorized to administer oaths at depositions, and will continue from day to day,

19  Sundays, Saturdays and legal holidays excepted, until completed.

20          PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

21  P. 30(b)(2), the depositions will be videotaped.  Mattel also reserves the right to use

22  Livenote or other technology for real-time transcription of the testimony.

23

24

25

26

27

28

-2-

NOTICE OF DEPOSITIONS OF TKACIK, O'NEIL, PALMERI, AND WEISS

EXHIBIT 21 PAGE 353

1         The witnesses are non-parties.  Subpoenas for the witnesses are

2 attached as Exhibit A.

3

4 DATED:  August 6, 2007         QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP

5

6

7                       By _____

8                         Timothy L. Alger
                        Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

EXHIBIT 21 PAGE 354

AO88 (Rev. 12/06) Subpoena in a Civil Ca...

**Issued by the**

# UNITED STATES DISTRICT COURT

__Southern__ DISTRICT OF __New York__

MATTEL, INC., a Delaware Corporation

**AMENDED**
## SUBPOENA IN A CIVIL CASE

V.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number: [1] Miscellaneous
Central District of California
Case No.: CV 04-9059 NM (RNBx)

TO: Maureen Tkacik
Gawker Media
76 Crosby, New York, New York 10012

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | **DATE AND TIME** |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Ave., 22nd Fl., New York, NY 10017 | DATE AND TIME<br>August 21, 2007<br>9:30 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP, 51 Madison Ave., 22nd Fl., New York, NY 10017 | DATE AND TIME<br>August 14, 2007<br>9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ Attorney for Plaintiff, Mattel, Inc. | Aug 6, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Timothy L. Alger, QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT 21 PAGE 355**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 21 PAGE 356

## ATTACHMENT A

## Documents To Be Produced

I.   DEFINITIONS

1.   "YOU" or "YOUR" means Maureen Tkacik, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.   "LARIAN" means Isaac Larian and his representatives and agents.

3.   "ARTICLE" means the article bearing YOUR byline published in the Wall Street Journal dated July 18, 2003, bearing the headline, "To Lure Older Girls, Mattel Brings In Hip-Hop Crowd."

4.   "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, optical storage disk, other electronic media, and all other writings and recordings of any kind.

5.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing, constituting, or indicating in any way.

6.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

II.   INSTRUCTIONS

A.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such

ATTACHMENT A

EXHIBIT 21 PAGE 357

DOCUMENTS identify each DOCUMENT and provide the following information:

      1.     The privilege or protection that you claim precludes disclosure;

      2.     The subject matter of the DOCUMENT;

      3.     The date, author(s), addressee(s); and

      4.     Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.     YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.     <u>DOCUMENTS TO BE PRODUCED.</u>

      All DOCUMENTS REFERRING OR RELATING TO statements made to YOU by LARIAN during YOUR research for the ARTICLE.

ATTACHMENT A

EXHIBIT 21 PAGE 358

✎ AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

## UNITED STATES DISTRICT COURT

__Northern__ DISTRICT OF __Illinois__

MATTEL, INC., a Delaware Corporation

v.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] Miscellaneous
Central District of California
Case No.: CV 04-9059 NM (RNBx)

TO: Denise I. O'Neil c/o Chicago Sun Times
    350 N. Orleans St., 10th Floor
    Chicago, IL 60654

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **Testimony will be recorded stenographically and by videographer.**

| PLACE OF DEPOSITION JENNER & BLOCK LLP, 330 N. Wabash Ave. Chicago, IL 60611-7603 | DATE AND TIME August 23, 2007 9:30 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE JENNER & BLOCK LLP, 330 N. Wabash Ave. Chicago, IL 60611-7603 | DATE AND TIME August 16, 2007 9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff, Mattel, Inc. | DATE July 25, 2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Timothy L. Alger, QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT 21 PAGE 359**

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

| SERVED | | | | |
|---|---|---|---|---|
| SERVED ON (PRINT NAME) | | | MANNER OF SERVICE | |

| SERVED BY (PRINT NAME) | | | TITLE | |
|---|---|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 21 PAGE 360

## ATTACHMENT A

### Documents To Be Produced

I.    **DEFINITIONS**

1.    "YOU" or "YOUR" means Denise O'Neal, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.    "LARIAN" means Isaac Larian and his representatives and agents.

3.    "ARTICLE" means the article bearing YOUR byline published in the Chicago Sun-Times dated March 5, 2004, bearing the headline, "Bratz Packers Are What's Cool In Doll World."

4.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, optical storage disk, other electronic media, and all other writings and recordings of any kind.

5.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing, constituting, or indicating in any way.

6.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

II.    **INSTRUCTIONS**

A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such

ATTACHMENT A

EXHIBIT 21 PAGE 361

DOCUMENTS identify each DOCUMENT and provide the following information:

      1.     The privilege or protection that you claim precludes disclosure;

      2.     The subject matter of the DOCUMENT;

      3.     The date, author(s), addressee(s); and

      4.     Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.     YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.     YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.     Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.    <u>DOCUMENTS TO BE PRODUCED.</u>

      All DOCUMENTS REFERRING OR RELATING TO statements made to YOU by LARIAN during YOUR research for the ARTICLE.

ATTACHMENT A

EXHIBIT 21 PAGE 362

AO88 (Rev. 12/06) Subpoena in a Civil Ca...

**Issued by the**

# UNITED STATES DISTRICT COURT

_____Central_____ DISTRICT OF ___California_____

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

V.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1] CV 04-9059 NM (RNBx)
Consolidated with cases
CV 04-9049 and CV 05-2727

TO:  Christopher Palmeri c/o Business Week
     3333 Wilshire Blvd., Suite 500
     Los Angeles, CA 90010

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 | September 4. 2007 9:30 a.m. |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 | August 28, 2007 9:30 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | July 25, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Timothy L. Alger, QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017    (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT 21 PAGE 363**

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested.  If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling.  Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.  A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.   The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT.  Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued.  An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 21 PAGE 364

## ATTACHMENT A

### Documents To Be Produced

I.   **DEFINITIONS**

      1.    "YOU" or "YOUR" means Christopher Palmeri, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      2.    "LARIAN" means Isaac Larian and his representatives and agents.

      3.    "ARTICLE" means the article bearing YOUR byline published in the Business Week edition dated July 28, 2003, bearing the headline, "To Really Be A Player, Mattel Needs Hotter Toys."

      4.    "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, optical storage disk, other electronic media, and all other writings and recordings of any kind.

      5.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing, constituting, or indicating in any way.

      6.    Wherever used herein, the singular shall include the plural and the plural shall include the singular.

II.   **INSTRUCTIONS**

      A.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

      B.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such

ATTACHMENT A

**EXHIBIT 21 PAGE 365**

DOCUMENTS identify each DOCUMENT and provide the following information:

      1.    The privilege or protection that you claim precludes disclosure;

      2.    The subject matter of the DOCUMENT;

      3.    The date, author(s), addressee(s); and

      4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

      C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

      D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

      E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.    <u>DOCUMENTS TO BE PRODUCED.</u>

      All DOCUMENTS REFERRING OR RELATING TO statements made to YOU by LARIAN during YOUR research for the ARTICLE.

ATTACHMENT A

EXHIBIT 21 PAGE 366

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__Central__   DISTRICT OF __California__

MATTEL, INC., a Delaware Corporation

### SUBPOENA IN A CIVIL CASE

V.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number: ¹ CV 04-9059 NM (RNBx)
Consolidated with cases
CV 04-9049 and CV 05-2727

TO: Jeff Weiss
    455 S. Peck Drive, Beverly Hills, CA 90212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case. Testimony will be recorded stenographically and by videographer.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP, 875 S. Figueroa St., 10th Fl., Los Angeles, CA 90017. | September 5, 2007 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 | August 29, 2007 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | July 25, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Timothy L. Alger, QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT 21 PAGE 367**

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 21 PAGE 368

## ATTACHMENT A

## Documents To Be Produced

I.   **DEFINITIONS**

1.   "YOU" or "YOUR" means Jeff Weiss, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

2.   "LARIAN" means Isaac Larian and his representatives and agents.

3.   "ARTICLE" means the article bearing YOUR byline published in the San Fernando Valley Business Journal dated March 29, 2004, bearing the headline, "Immigrant's Creative Company Shakes Up Toy Industry."

4.   "DOCUMENT" means any "writing" or "recording" as defined in Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, optical storage disk, other electronic media, and all other writings and recordings of any kind.

5.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing, constituting, or indicating in any way.

6.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.

II.   **INSTRUCTIONS**

A.   YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

B.   If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such

ATTACHMENT A

**EXHIBIT 21 PAGE 369**

DOCUMENTS identify each DOCUMENT and provide the following information:

    1.    The privilege or protection that you claim precludes disclosure;

    2.    The subject matter of the DOCUMENT;

    3.    The date, author(s), addressee(s); and

    4.    Any additional facts on which YOU would base YOUR claim of privilege or protection.

    C.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

    D.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

    E.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

III.    <u>DOCUMENTS TO BE PRODUCED.</u>

    All DOCUMENTS REFERRING OR RELATING TO statements made to YOU by LARIAN during YOUR research for the ARTICLE.

ATTACHMENT A

**EXHIBIT 21 PAGE 370**

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On August 6, 2007, I served true copies of the following documents described as:

## SEE DOCUMENT LIST

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA 90071 | Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*<br><br>Telephone: 213.430.6000<br>Facsimile: 213.430.6407 |
| John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, CA 94111 | Attorneys for *Carter Bryant*<br><br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 |
| James W. Spertus, Esq.<br>Law Offices of James W. Spertus<br>12100 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 | Attorneys for *Carlos Gustavo Machado Gomez*<br><br>Telephone: 310.826.4700<br>Fax: 310.826.4711 |

[√]   **[MAIL]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

1  Executed on August 6, 2007, at Los Angeles, California.

2

3  Albert V. Villamil

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 21 PAGE 372

## **DOCUMENT LIST**

1. NOTICE OF DEPOSITIONS OF MAUREEN TKACIK, DENISE I. O'NEIL, CHRISTOPHER PALMERI, AND JEFF WEISS

2. SUBPOENA IN A CIVIL CASE (MAUREEN TKACIK)

3. SUBPOENA IN A CIVIL CASE (DENISE I. O'NEIL)

4. SUBPOENA IN A CIVIL CASE (CHRISTOPHER PALMERI)

5. SUBPOENA IN A CIVIL CASE (JEFF WEISS)

EXHIBIT 21 PAGE 373

**EXHIBIT 22**

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 23

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 24

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER