# EXHIBIT 25

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 26

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 27

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**EXHIBIT 28**

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 29

**Jon Corey**

| | |
|---|---|
| **From:** | Amman Khan [akhan@chrisglase.com] |
| **Sent:** | Monday, September 24, 2007 11:44 PM |
| **To:** | Jon Corey; Mfeinstein@OMM.com; Dtorres@OMM.com |
| **Cc:** | Patricia Glaser |
| **Subject:** | RE: Mattel v. Bryant |

Jon,

I am informed that in the hearing today on Mattel's motion to compel MGA to produce witnesses in response to Mattel's third 30(b)(6) notice, Judge Infante ruled that under the one-deposition rule, Mattel was required to obtain leave of court to conduct depositions of MGA pursuant to that notice.  Since Schuyler Bacon was designated in response to that notice (and since her deposition was scheduled subject to Judge Infante's ruling on Mattel's motion), MGA will not produce Schuyler Bacon for deposition this Thursday.  This, I believe, is consistent with both Judge Infante's ruling and with the discovery rules.  Thus, MGA will not produce Ms. Bacon pursuant to the third 30(b)(6) notice unless the parties so stipulate or Mattel obtains leave of court. -- Amman

From: Jon Corey [joncorey@quinnemanuel.com]
Sent: Thursday, September 20, 2007 8:12 PM
To: Amman Khan; DTorres@OMM.com
Cc: Dylan Proctor; Michael T Zeller
Subject: RE: Mattel v. Bryant

Amman,

Thanks for the confirmation.

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com
The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

-----Original Message-----
From: Amman Khan [mailto:akhan@chrisglase.com]
Sent: Thursday, September 20, 2007 8:06 PM
To: Jon Corey; DTorres@OMM.com
Cc: Dylan Proctor
Subject: RE: Mattel v. Bryant

Jon,

Ms. Bacon will be produced for deposition next Thursday as currently scheduled subject to Judge Infante's ruling on Mattel's motion concerning Mattel's 3rd 30(b)(6) Notice to MGA this Monday. -- Amman
From: Amman Khan
Sent: Thursday, September 20, 2007 12:30 PM

1

**EXHIBIT 29 PAGE 483**

To: 'Jon Corey'; DTorres@OMM.com
Cc: Michael T Zeller; Dylan Proctor
Subject: RE: Mattel v. Bryant

Jon, respectfully no. I'm not trying to confuse anything.  Further to Judge Infante's instruction of Monday, we are all trying to work out an omnibus deposition schedule, which Mike Zeller agreed was acceptable to you folks, and I have been assigned that task.  I'm trying to put together this calender and its getting messy.  We can't have people setting depos without my knowing about it or the whole project will go to pot.  Please speak to Mike Zeller, let me know what's going on.  Thanks.

From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Thursday, September 20, 2007 12:20 PM
To: Amman Khan; DTorres@OMM.com
Cc: Michael T Zeller; Dylan Proctor
Subject: Re: Mattel v. Bryant

Amman,

You are confusing two unrelated things.  MGA needs to decide whether it will comply with its agreement to produce Bacon on the 27th.  The deposition of the Wall Street Journal reporter is being discussed by Mike and Diana.  That should clarify things.  Please confirm that Bacon is going forward on the agreed date.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA   90017

Direct:  (213) 443-3130
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  joncorey@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: Amman Khan <akhan@chrisglase.com>
To: Jon Corey; Torres, Diana <DTorres@OMM.com>
Cc: Michael T Zeller; Dylan Proctor
Sent: Thu Sep 20 12:03:09 2007
Subject: RE: Mattel v. Bryant

Jon,

Wait, I don't understand.  Are you planning to take the deposition of a reporter in New York on 9/27 in this case?  I understood that you are but I have not seen a subpoena or a deposition notice and it is already 9/20.  Putting aside the inappropriateness of that for the moment, I need to know if you expect to double track two depositions in two different cities across the country on the same day.  Please understand that the deposition was allegedly set prior to my involvement.  Once I have your answer, I can give you a reasoned

2

**EXHIBIT 29 PAGE 484**

response. -- Amman

-----Original Message-----
From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Wednesday, September 19, 2007 9:57 PM
To: Amman Khan; Torres, Diana
Cc: Michael T Zeller; Dylan Proctor
Subject: RE: Mattel v. Bryant

Amman,

The scheduling issue has nothing to do with the Wall Street Journal reporter, but a different case.  As we discussed on Tuesday, MGA needs to make a decision as to whether it is producing Ms. Bacon or not.
Mattel's strong preference is that MGA follow through with its representations and produce Ms. Bacon on the date agreed and on the topics on which she has been designated.  MGA's submission to Judge Infante, however, suggested that MGA may not do that.  My only question was whether MGA would change its position and not produce Ms. Bacon on the agreed date, September 27.  If not, then I could slot something else on that date.  I hope that clarifies the request.  I look forward to your prompt response.

Best regards,

-----Original Message-----
From: Amman Khan [mailto:akhan@chrisglase.com]
Sent: Wednesday, September 19, 2007 9:03 PM
To: Jon Corey; Torres, Diana
Subject: RE: Mattel v. Bryant

I understand you need to move Ms. Bacon's 9/27 depo in order to schedule the deposition of a former Wall Street Journal Reporter in New York.  I have no problem continuing the depo, let me know which other dates work for you and I will compare them to the dates available under the omnibus deposition schedule we discussed on Tuesday 9/18.

From: Amman Khan
Sent: Wednesday, September 19, 2007 8:06 PM
To: Jon Corey; Torres, Diana
Cc: Michael T Zeller
Subject: RE: Mattel v. Bryant

I'm still waiting to hear on this, I will follow up tonite or in the morning. . .

From: Jon Corey [joncorey@quinnemanuel.com]
Sent: Wednesday, September 19, 2007 1:04 PM
To: Amman Khan; Torres, Diana
Cc: Michael T Zeller
Subject: Mattel v. Bryant

Counsel,

Due to a potential scheduling issue, can you let me know today whether MGA will be producing Ms. Bacon on September 27.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:
joncorey@quinnemanuel.com<blocked::mailto:username@quinnemanuel.com>
Web:  www.quinnemanuel.com<blocked::http://www.quinnemanuel.com/>

The information contained in this e-mail message is intended only for the personal and

EXHIBIT 29 PAGE 485

confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**EXHIBIT 29 PAGE 486**

# EXHIBIT 30

CONFORMED COPY

2007 SEP 25 PM 2:31
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FILED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

13 | CARTER BRYANT, an | CASE NO. CV 04-9049 SGL (RNBx)
   | individual, |
14 | | Consolidated with Case Nos. CV 04-09059
   |        Plaintiff, | and CV 05-02727
15 |
   |        vs. | **DISCOVERY MATTER**
16 |
   | MATTEL, INC., a Delaware | **[To Be Heard By Discovery Master Hon.**
17 | corporation, | **Edward Infante (Ret.)]**
   |
18 |        Defendant. | STIPULATION AND [~~PROPOSED~~]
   | | ORDER REGARDING DEADLINE FOR
19 | | MGA TO PRODUCE DOCUMENTS
   | AND CONSOLIDATED | PURSUANT TO ORDER OF AUGUST 13,
20 | ACTIONS | 2007
21 | | **Phase 1**
   | | Discovery Cut-Off:    January 14, 2008
22 | | Pre-Trial Conference: April 7, 2008
   | | Trial Date:           April 29, 2008
23 |
   | | **Phase 2**
24 | | Discovery Cut-Off:    March 3, 2008
   | | Pre-Trial Conference: June 2, 2008
25 | | Trial Date:           July 1, 2008
26
27
28

07209/2223339.1

                                    STIPULATION AND [PROPOSED] ORDER

EXHIBIT 30 PAGE 487

**Stipulation**

1

2    WHEREAS, on August 13, 2007, the Court ordered MGA Entertainment, Inc.

3  ("MGA") to produce specified documents on or before August 30, 2007,

4    WHEREAS, shortly after that Order was issued, MGA requested that Mattel,

5  Inc. ("Mattel") agree to extend that deadline, advising that it would not be able to

6  produce the compelled documents by the ordered deadline,

7    WHEREAS, as a professional courtesy, Mattel agreed to extend MGA's

8  production deadline for the documents compelled in the Court's August 13, 2007

9  Order to September 17, 2007, subject to the express condition that MGA would not

10  seek a further extension of the deadline to produce the compelled documents,

11    WHEREAS, MGA has advised Mattel that it still has approximately 350,000

12  documents left to review for possible production and that it requires an additional

13  month's time to complete the compelled production, and

14    WHEREAS, Mattel wishes to avoid unnecessary motion practice associated

15  with MGA's expressed need for additional time to complete its review of those

16  documents and thus to complete its production of the compelled documents,

17    NOW, THEREFORE, MGA and Mattel hereby stipulate, by and through their

18  counsel of record and subject to the Court's approval, that:

19    (1)    MGA shall have up to and including October 17, 2007, to complete its

20  production of the documents compelled in the Court's August 13, 2007 Order, and

21    (2)    MGA shall produce the documents compelled in the August 13, 2007

22  Order on a rolling basis, once a week, until all such documents have been produced,

23  and

24

25

26

27

28

07209/2223339.1

-1-

EXHIBIT 30 PAGE 488

1     (3)    Upon request by Mattel, MGA shall prioritize aspects of its production,

2  including by using its best efforts to produce all documents associated with a

3  particular witness at least one week in advance of the deposition of that witness to

4  enable Mattel to review the documents and use them at deposition without changing

5  the deposition date.  Mattel's stipulation in this regard is without prejudice or waiver

6  to its right to seek additional time with any deponent, including without limitation as

7  to any deponent for whom all associated documents are not so produced.

8         IT IS SO STIPULATED.

9

10  DATED:  September 24, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
11

12

13                                      By
14                                         B. Dylan Proctor
                                           Attorneys for Mattel, Inc.
15

16  DATED:  September 24, 2007          O'MELVENY & MYERS LLP

17

18                                      By
19                                         William Charron
                                           Attorneys for MGA Entertainment, Inc.,
20                                         MGA Entertainment (HK) Limited, MGAE
                                           de Mexico S.R.L. de C.V. and Isaac Larian
21

22

23      IT IS SO ORDERED.

24

25  DATED:  September 24, 2007          By
26                                         Hon. Edward A. Infante (Ret.)
                                           Discovery Master
27

28

07209/2223339.1
                                        -2-
                                                STIPULATION AND [PROPOSED] ORDER

**EXHIBIT 30 PAGE 489**

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 12, 2007, I served the attached:  (1)  STIPULATION AND ORDER REGARDING DEADLINE FOR MATTEL TO PRODUCE DOCUMENTS PURSUANT TO ORDER OF SEPTEMBER 12, 2007;  (2) STIPULATION AND ORDER REGARDING  DEADLINE FOR MGA TO PRODUCE DOCUMENTS PURSUANT TO ORDER OF AUGUST 13, 2007; (3) ORDER GRANTING APPLICATION OF CARTER BRYANT FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL; and (4) ORDER GRANTING APPLICATION TO FILE UNDER SEAL THE NOTICE OF LODING REGARDING MATTEL, INC.'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES PURSUANT TO MATTEL'S THIRD NOTICE OF DEPOSITION UNDER RULE 30(B)(6) AND FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 12, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 30 PAGE 490

# EXHIBIT 31

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 32

**CONFORMED COPY**

FILED

2007 AUG 14  PM 1:18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

BY:

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7  UNITED STATES DISTRICT COURT

8  CENTRAL DISTRICT OF CALIFORNIA

   EASTERN DIVISION

9

10

11  CARTER BRYANT, an individual,

12          Plaintiff,

13     v.

14  MATTEL, INC., a Delaware corporation,

15          Defendant.

16

17

18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.

20

CASE NO. C 04-09049 SGL (RNBx)
JAMS Reference No.1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY MGA;
DENYING REQUEST FOR
MONETARY SANCTIONS**

21              I.  INTRODUCTION

22      On June 26, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production of

23  Documents by MGA Entertainment, Inc. ("MGA") and for Award of Monetary Sanctions.  Mattel

24  seeks an order compelling MGA "to produce documents responsive to Mattel's First Set of

25  Requests for Documents and Things Re Unfair Competition Claims, including, without limitation,

26  Request Nos. 1, 3-10, 12-13, 16-18, 19-20, 26-27, 29-30, 32-40, 42-43, 45, 48-52, 54-56, 58-60,

27

28                    **EXHIBIT 32 PAGE 501**

Bryant v. Mattel, Inc.,                                                    1
CV-04-09049 SGL (RNBx)

8-14

1   65-119, 137-140, 157-161, 164 and 166," and for sanctions in the amount of $4,500, which

2   represents a portion of the costs incurred by Mattel in bringing this motion. Mattel's Motion at

3   p.1. On July 3, 2007, MGA submitted its opposition brief, and on July 9, 2007, Mattel submitted

4   a reply brief. The matter was heard via telephonic conference on August 13, 2007. Having

5   considered the motion papers and comments of counsel at the hearing, Mattel's motion to compel

6   is granted in part and denied in part, and the request for sanctions is denied.

7                                          II. BACKGROUND

8            This consolidated action includes MGA's claims for unfair competition against Mattel.

9   Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10  products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11  packaging and Bratz television commercials. MGA also alleges that Mattel engaged in improper

12  conduct in dealing with retailers, licensees, employees and industry organizations.

13           After MGA filed its claims against Mattel, Mattel sought and was granted leave to file

14  several counterclaims against MGA, including claims for copyright infringement, violation of

15  RICO, conspiracy to violate RICO, misappropriation of trade secrets and unfair competition.

16  Among other things, Mattel alleges that MGA has induced Mattel employees to steal Mattel's

17  trade secrets, confidential information and other property and take it with them to their new

18  employment with MGA. Mattel also alleges that Bryant conceived, created and developed Bratz

19  designs while he was employed by Mattel as a designer, that he concealed his Bratz work from

20  Mattel, and that he sold Bratz to MGA while he was a Mattel employee. Mattel alleges that it is

21  the rightful owner of the Bratz designs and that MGA is engaging in copyright infringement of

22  the Bratz designs.

23           On December 18, 2006, Mattel propounded its First Set of Requests for Production of

24  Documents and Things re Claims for Unfair Competition to MGA (the "Requests for

25  Production"). The Requests for Production consist of 166 requests seeking information that

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 32 PAGE 502

1   Mattel contends is relevant primarily to MGA's claims for unfair competition and Mattel's

2   defenses thereto.

3           In the meantime, MGA served its initial disclosures related to its unfair competition

4   claims. Mattel immediately filed a motion to compel MGA to provide complete initial

5   disclosures in compliance with Rule 26, Fed.R.Civ.P. Although the initial disclosures were

6   wholly inadequate, the Discovery Master denied the motion to compel, reasoning that it would be

7   more efficient and orderly for the parties to proceed with Mattel's pending Requests for

8   Production.

9           MGA served its responses to Mattel's Requests for Production on January 17, 2007.

10  MGA objected and refused to produce documents responsive to approximately two-thirds of

11  Mattel's requests. As to the remaining requests, MGA agreed to produce "relevant and non-

12  objectionable documents," subject to its General and Specific Objections.

13          Thereafter the parties met and conferred in person and exchanged a few letters. On

14  February 9, 2007, counsel for MGA advised Mattel by letter that MGA, subject to its General and

15  Specific objections, agreed to produce all "relevant and non-objectionable documents" responsive

16  to Request Nos. 1-4, 11, 13-15, 18, 21-26, 28-29, 31-36, 44-51, 53, 61-64, 118, 120-137, 141-156,

17  162-163, 165 and 166. Kidman Decl., Ex. 14. As to Request Nos. 9, 10 and 12, MGA also

18  agreed to produce "documents sufficient to show the timing of, and relevant facts regarding"

19  certain specified products. Id. Counsel for MGA sent another letter on February 16, 2007,

20  advising Mattel that MGA would produce documents responsive to Request Nos. 29 and 30.

21  Bradley Decl., Ex. 1. On May 21, 2007, MGA advised Mattel by letter that it agreed, in essence,

22  to withdraw its restriction to "relevant and non-objectionable documents" in its responses to the

23  Requests For Production. Bradley Decl., Ex. 3. On May 31, 2007, MGA served supplemental

24  responses to Mattel's Requests for Production, which no longer included the phrase "relevant and

25  non-objectionable." Kidman Decl., Exs. 11 and 16.

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 32 PAGE 503

1    In its opening brief, Mattel contends that MGA has improperly refused to produce

2    documents relating to: the creation, origin, timing and ownership of the contested MGA products

3    and packaging, including the contested Bratz products and packaging (Request Nos. 5, 6-8, 16,

4    17, 19, 20, 38, 39, 48); MGA's alleged theft of Mattel's trade secrets and confidential information

5    by, among other things, targeting and recruiting current and former Mattel employees (Request

6    Nos. 42, 59, 60, 65-117, 138-140, 160, 161 and 164); damages (Request Nos. 27, 30 and 157-

7    159); facts MGA contends support its unfair competition claims (Request Nos. 45, 119 and 166).

8    Mattel contends that MGA has no legitimate basis for refusing to produce these categories of

9    documents because they are directly relevant to the claims and defenses in the case. Mattel also

10   contends that MGA has improperly restricted the scope of its document production in response to

11   Request Nos. 1, 3, 4, 13, 18, 29, 49, 52 and 137.

12   MGA contends that Mattel's motion should be denied in its entirety for three reasons.

13   First, Mattel is seeking documents MGA already agreed to produce as a result of the meet and

14   confer process. Second, Mattel is seeking documents that may be precluded by other motions

15   pending before the district court. Third, Mattel is seeking documents that constitute an

16   unreasonable and overbroad fishing expedition.

17   As to the first point, MGA contends that it has already agreed to produce documents

18   responsive to Request Nos. 9, 10, 12, 26, 29, 30, 32-36, 45, 48-51, 118, 137, and 166. Moreover,

19   MGA represents that it has produced more than 110,000 pages of documents, including

20   documents relating to the origin, infringement, design and tooling of Bratz and has also provided

21   Mattel with access to Bratz molds and sculpts. MGA also represents that it is continuing to

22   search for and produce documents responsive to Mattel's requests on a rolling basis.

23   MGA also asserts that it "has revisited certain of Mattel's requests, and so as to avoid

24   further burdening the Court, MGA agrees to produce non-privileged documents in its possession,

25   custody or control, subject to its previously stated General and Specific Objections, that are

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

**EXHIBIT 32 PAGE 504**

1  responsive to the following sixteen requests:  5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and

2  157-159."  MGA's Opposition at p. 3.

3          MGA also represents that it is prepared to produce documents responsive to Mattel's

4  Request Nos. 65-117 and 119 (which seek documents concerning MGA-Mexico and its

5  employees, and other topics relevant to Mattel's counterclaims) now that Judge Larson issued an

6  order denying MGA's motion to dismiss Mattel's trade secret claims.[1]  MGA's Opposition at pp.

7  2 and 6.

8          As to the second point, MGA contends that Mattel's motion to compel is premature with

9  respect to Request Nos. 1, 3, 4, 13 and 18.  MGA explains that these requests seek, among other

10  things, information pertaining to undisclosed and/or unreleased MGA products.  The Discovery

11  Master issued an order compelling MGA to produce such documents in response to other Mattel

12  discovery requests.  MGA appealed the Discovery Master's ruling, which was heard by Judge

13  Larson on July 2, 2007.  MGA contends that it should not be required to produce documents

14  responsive to Request Nos. 1, 3, 4, 13 and 18 until Judge Larson issues a ruling.

15          For the remaining requests, however, MGA stands by its objections.  More specifically,

16  MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160, 161 and 164 are grossly overbroad

17  and unduly burdensome.

18          In its reply brief, Mattel contends that MGA's belated offers to produce responsive

19  documents do not obviate the need for an order compelling production for several reasons.  First,

20  Mattel contends that in many instances, MGA's purported agreements to produce responsive

21  documents are subject to major qualifications.  For example, in response to Request Nos. 9, 10

22  and 12, MGA's meet and confer letter indicates that MGA has limited its production of

23  documents to only "documents sufficient to show the timing of, and relevant facts regarding"

24  certain products.  Kidman Decl., Ex. 14.  Second, Mattel points out that, in some instances, the

25

26  _____

27  [1]  Judge Larson issued the order on June 27, 2007, a day after Mattel submitted its opening brief.

28

**EXHIBIT 32 PAGE 505**

1   representations in MGA's meet and confer letters conflict with MGA's subsequent May 31, 2007

2   supplemental responses.  For example, even though MGA stated earlier in its two meet and confer

3   letters that it would produce documents responsive to Request Nos. 9, 10, 12, 26, 30, 32-36, 45,

4   48, 50, 51, 118 and 166, MGA's May 31, 2007 supplemental responses indicate that MGA

5   objects and refuses to produce documents responsive to these requests.  Third, Mattel contends

6   that MGA has acknowledged its responsibility to produce documents responsive to Request Nos.

7   65-117 and 119 in view of Judge Larson's June 27, 2007 order denying MGA's motion to dismiss

8   Mattel's counterclaims, and yet, MGA has failed to do so.  Fourth, Mattel points out that MGA's

9   opposition brief is internally inconsistent with respect to Request Nos. 55 and 56, stating both that

10  MGA agrees to produce documents responsive to the requests, and that MGA objects to the

11  requests as overbroad and burdensome.  See MGA's Opposition at pp. 3 and 8.

12       Mattel also contends that Request Nos. 1, 3, 4, 13 and 18 are no longer premature because

13  on July 5, 2007, two days after MGA submitted its opposition brief, Judge Larson issued an order

14  upholding the Discovery Master's ruling with respect to undisclosed and/or unreleased MGA

15  products.  Accordingly, Mattel requests an order compelling production of documents all

16  documents responsive to Request Nos. 1, 3, 4, 13 and 18 without any limitations, and overruling

17  any objections thereto.

18       With respect to the remaining requests to which MGA continues to object, Mattel reasserts

19  that the requests seek documents relevant to Mattel's trade secret counterclaims.  Mattel also

20  contends that MGA has failed to establish that complying with the requests would impose an

21  undue burden.

22                           III. DISCUSSION

23       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

24  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

25  party." Fed.R.Civ.P. 26(b)(1).  Fishing expeditions to discover new claims, however, are not

26  permitted.  See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                               6

**EXHIBIT 32 PAGE 506**

1   2004) ("District courts need not condone the use of discovery to engage in 'fishing

2   expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

3   (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

4   (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

5   the phrase "subject matter involved in the pending action," were intended to prevent discovery

6   that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

7   litigate the issues presented by the pleadings but to develop new claims or defenses.).

8          Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

9   extent of use of the discovery methods if the court determines that "(i) the discovery sought is

10  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

11  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

12  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

13  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

14  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

15  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

16  26(b)(2).

17  **Request Nos. 1, 3, 4, 13 and 18**

18         Request No. 1 seeks "[a] sample of each of the CONTESTED MGA PRODUCTS,

19  together with each such product's packaging, instructions, promotional materials and other

20  associated packaging materials." Request No. 3 seeks "[a] complete copy of each advertisement

21  or promotional statement prepared, produced, printed, broadcast, made available to anyone in any

22  manner via the Internet, or otherwise used or disseminated in any way in connection with the

23  CONTESTED MGA PRODUCTS." Request No. 4 seeks "[a] complete copy of each

24  COMMUNICATION, advertisement, promotional statement that provides a basis for any claim

25  by [MGA] against MATTEL." Request No. 13 seeks "[a]ll DOCUMENTS RELATING TO any

26  revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed

27

28

1    alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA

2    PRODUCTS." Request No. 18 seeks "[a]ll DOCUMENTS RELATING TO the marketing,

3    advertising, promotion, licensing, offering for sale or sale of the CONTESTED MGA

4    PRODUCTS, including but not limited to all marketing studies, marketing plans, sales plans,

5    sales forecasts, strategies, surveys and analyses and including but not limited to all catalogs,

6    advertisements, brochures, displays and Internet publications."

7          During the meet and confer process, MGA agreed to produce documents responsive to

8    Request Nos. 1, 3, 4, 13 and 18. Kidman Decl., Ex. 14. In its subsequent supplemental

9    responses, however, MGA responded that it would produce responsive documents "visible to the

10   consuming public at the point of purchase," "made available to the public," or "presented to the

11   consuming public." MGA's Supp. Response, Kidman Decl., Ex. 8 and 16.

12         Mattel contends that the requested documents and items are relevant to MGA's claim of

13   "serial copying," whether or not they are seen by the consuming public. Mattel also contends that

14   the documents it seeks are relevant to any claim by MGA of "post sale confusion." Furthermore,

15   Mattel argues that MGA's restrictions on discovery are unreasonable in light of MGA's own

16   claimed trade dress, which MGA alleges extends to the entirety of MGA's marketing techniques

17   and product appearance. Mattel also contends that Request No. 13 seeks documents that are

18   directly relevant to MGA's claim that Mattel systematically modified its products to increase their

19   similarity to MGA's products over time.

20         In its opposition brief, MGA does not attempt to refute any of Mattel's relevancy

21   arguments above, relying instead on its argument that these requests are premature until Judge

22   Larson issues a ruling. Judge Larson, however, issued an order on July 5, 2007. Accordingly, the

23   requests are no longer premature. The subject requests are relevant and not unduly burdensome.

24   MGA is ordered to produce all non-privileged documents that are responsive to Request Nos. 1,

25   3, 4, 13 and 18.

26   //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          8

**EXHIBIT 32 PAGE 508**

1     <u>Request Nos. 5-8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159</u>

2         In its opposition brief, MGA agrees to produce documents responsive to Request Nos. "5-

3   8, 16-17, 19-20, 27, 37-40, 43, 52, 55-56, and 157-159." MGA's Opposition at p. 3. Later in its

4   opposition brief, however, MGA contends that Request Nos. 55 and 56 are overbroad and

5   burdensome. <u>See</u> MGA's Opposition at pp. 3 and 8. Request No. 55 seeks production of "[a]ll

6   periodicals, whether they be magazines, newspapers, newsletters, or any other type of periodical,

7   that mention the CONTESTED MGA PRODUCTS that have been published since January 1,

8   1999." Request No. 56 seeks "[a]ll television or radio broadcasts or cablecasts that mention the

9   CONTESTED MGA PRODUCTS that have been disseminated since January 1, 1999." MGA

10   contends that these requests encompass, among other things, every single advertisement MGA

11   ever ran in connection with BRATZ or any of the other products at issue.

12        Mattel contends that Request Nos. 55 and 56 are designed to obtain documents that may

13   contain admissions relevant to various issues in the case, including admissions regarding the

14   origin and timing of the products at issue; the performance of the contested products or MGA as a

15   whole, which may undercut MGA's claims for damages; and statements that might reveal that

16   MGA had access to confidential Mattel information.

17        Although Request Nos. 55 and 56 encompass potentially relevant documents, they are

18   overbroad. They require MGA to produce every single advertisement MGA ever ran in

19   connection with all of the products at issue. The requests are not limited in any respect to the

20   subjects of interest to Mattel, i.e., the origin and timing of the products at issue. Furthermore,

21   Mattel has utilized other document requests and depositions to obtain the type of evidence it now

22   seeks.

23        Accordingly, Mattel's motion is granted as to Request Nos. 5-8, 16-17, 19-20, 27, 37-40,

24   43, 52, and 157-159 to ensure a deadline for production, and denied as to Request Nos. 55 and 56

25   pursuant to Rule 26(b)(2), Fed.R.Civ.P.

26   //

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

**EXHIBIT 32 PAGE 509**

**Request Nos. 9, 10, 12**

Request Nos. 9, 10 and 12 call for "[a]ll DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale and ownership of products and packaging" "that YOU contend provide a basis for any claim against MATTEL, whether or not such claim is in the COMPLAINT" (No. 9); "that YOU contend MATTEL copied or infringed" (No. 10); and related "COMMUNICATIONS" (No. 12). During the meet and confer process, MGA agreed to produce "documents sufficient to show the timing of, and relevant facts" regarding the following products on the following topics:

- "First generation 'Bratz'" line, including packaging – invention, creation, origin, conception, authorship, design, development, sale and ownership;
- "Bratz" "Wintertime Wonderland" line, including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Sportz" Cloe, including packaging – invention, creation, origin, conception, authorship and first sale;
- "Bratz" "Sun-Kissed Summer" line, including packaging and playset – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Formal Funk" line – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Runway Disco," including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Funky Fashion Makeover Head," including packaging – invention, creation, origin, conception, authorship, and first sale;
- "Bratz" "Petz," including packaging – invention, creation, origin, conception, authorship, and first sale;

1    • "4-Ever Best Friends," including packaging – invention, creation, origin, conception,

2    authorship, and first sale;

3    • "Mommy's Little Patient" – invention, creation, origin, conception, authorship, and first

4    sale;

5    • "AlienRacers," including logo – invention, creation, origin, conception, authorship, and

6    first sale; and

7    • "Bratz" "Diamondz" line – invention, creation, origin, conception, authorship, and first

8    sale.

9    Kidman Decl., Ex. 14.  In response to Request No. 9, MGA also agreed to produce documents

10   containing development, production and sales information for the product(s) affected by the hair

11   shortage allegedly caused by Mattel and "sufficient to show the timing of and relevant facts

12   regarding the shortage and its effect on MGA." Id.  Thereafter, MGA asserted objections to these

13   requests in its May 31, 2007 supplemental responses.  In opposition to Mattel's motion, however,

14   MGA restated that it would produce documents responsive to these requests consistent with its

15   prior meet and confer letter.  MGA's Opposition at p. 5.

16         Mattel contends that MGA's agreement to produce documents is insufficient because

17   MGA has limited its production to documents "sufficient to show."  MGA's opposition brief fails

18   to address Mattel's argument.  Instead, MGA merely asserts that it agreed to produce documents

19   responsive to Request Nos. 9, 10 and 12 during the meet and confer process, and therefore

20   Mattel's motion should be denied as moot.

21         Request Nos. 9, 10 and 12 clearly seek relevant information, and MGA has failed to

22   justify why its production should be limited to documents "sufficient to show."  Therefore,

23   Mattel's motion is granted as to Request Nos. 9, 10 and 12.

24   <u>Request Nos. 26, 29, 30, 32,-36, 45, 48-51, 118, 137 and 166</u>

25         In its two meet and confer letters MGA agreed to produce, subject to its General and

26   Specific Objections, documents responsive to Request Nos. 26, 29, 30, 32-36, 45, 48-51, 118, 137

27

28

1   and 166.  Kidman Decl., Ex. 14.  Mattel points out, however, that MGA's May 31, 2007

2   supplemental responses are inconsistent insofar as the responses indicate that MGA continues to

3   object to some of the requests or otherwise agrees to produce only a limited portion of documents

4   responsive to other requests.  Mattel's Reply Brief at p. 7.  Nevertheless, in its opposition brief,

5   MGA reaffirms its earlier agreement to produce all responsive documents, and states that it

6   considers Mattel's motion to be moot.  See MGA's Opposition at pp. 5-6.  Mattel's motion is

7   granted as to this category of requests.

8   **Request Nos. 65-117 and 119**

9         In its opposition brief, MGA agrees to produce documents responsive to Mattel's Request

10  Nos. 65-117 and 119 now that Judge Larson issued an order denying MGA's motion to dismiss

11  Mattel's trade secret claims.  MGA's Opposition at pp. 2 and 6.  Mattel's motion is granted as to

12  these requests.

13  **Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164**

14        MGA contends that Request Nos. 42, 54, 58-60, 138-140, 160-161 and 164 are overbroad

15  and unduly burdensome.  Mattel insists that they are not.  More specifically, Mattel contends that

16  the requests seek documents regarding MGA's alleged theft of Mattel's trade secrets, and in

17  particular, the theft of trade secrets through targeting and hiring current and former Mattel

18  employees.

19        Request No. 42 seeks "[a]ll COMMUNICATIONS between [MGA] and any individual

20  while the individual was employed by MATTEL."  Although the request may encompass relevant

21  documents, it is overbroad insofar as it requires production of all communications, regardless of

22  subject matter.  Furthermore, the request is objectionable to the extent it seeks documents that are

23  equally available to Mattel.  Therefore, Mattel's motion is denied as to Request No. 42 pursuant

24  to Rule 26(b)(2), Fed.R.Civ.P.

25        Request No. 54 seeks "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by

26  [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

**EXHIBIT 32 PAGE 512**

1   CONTESTED MATTEL PRODUCTS." Once again, the request encompasses potentially

2   relevant documents, however it is overbroad, seeking all documents relating to any

3   communications by MGA with any news organization.  Furthermore, the request seeks documents

4   that are of relatively minimal relevance to the claims and defenses in the case.  Therefore,

5   Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

6       Request Nos. 58 seeks "[a]ll DOCUMENTS RELATING to publicity by [MGA] or

7   about the CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited to

8   advertising, media releases, and public relations material."  This request is also overbroad in that

9   it seeks all documents relating to publicity by MGA about its products at issue in the litigation.

10  Mattel's motion is therefore denied as to Request No. 58 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

11      Request No. 59, asks for "[a]ll DOCUMENTS RELATING TO any effort by [MGA] to

12  recruit employees or contractors since January 1, 1999, including but not limited to advertising,

13  media releases, brochures, articles, catalogs, handbooks, and public relations material."  The

14  request is overbroad insofar as it requires production of all documents relating to MGA's

15  recruiting, including for instance, recruiting from competitors other than Mattel.  Mattel's motion

16  is therefore denied as to Request No. 59 pursuant to Rule 26(b)(2), Fed.R.Civ.P.

17      Request No. 60 seeks "[a]ll DOCUMENTS RELATING TO the hiring, engagement, or

18  retention by [MGA] of any former or current MATTEL employee or contractor since January 1,

19  1999, including but not limited to all employment agreements and agreements RELATING TO

20  confidentiality or the invention, authorship, or ownership of any concept or product."  Request

21  No. 138 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON RELATING TO

22  the departure from MATTEL of any current or former MATTEL employee or contractor."

23  Request No. 139 seeks "[a]ll COMMUNICATIONS between [MGA] and any PERSON

24  RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current

25  or former MATTEL employee or contractor.  Request No. 140 seeks "[a]ll

26  COMMUNICATIONS between [MGA] and any current or former MATTEL employee or

27

28

**EXHIBIT 32 PAGE 513**

1    contractor RELATING TO the ownership of any idea, concept, design, or product.  Unlike the

2    previous requests, Request Nos. 60, 138, 139 and 140 are reasonably tailored to seek documents

3    central to Mattel's allegation that MGA stole its trade secrets through targeting and hiring current

4    and former Mattel employees.  MGA has not carried its burden of establishing that it would be

5    unduly burdensome to comply with these requests.  Accordingly, Mattel's motion is granted as to

6    Request Nos. 60, 138, 139 and 140.

7         Request No. 160 seeks "[a]ll DOCUMENTS received from MATTEL (whether directly

8    or indirectly) by [MGA] at any time since January 1, 1999."  Request No. 161 seeks "[a]ll

9    DOCUMENTS that [MGA has] reason to believe were created by or originated from MATTEL,

10   other than MATTEL products that [MGA] purchased at retail."  Request No. 164 seeks "[a]ll

11   DOCUMENTS RELATING TO any COMMUNICATIONS with, or inquiry or investigation by,

12   any government entity RELATING TO the CONTESTED MGA PRODUCTS or the

13   CONTESTED MATTEL PRODUCTS."  These three requests are also reasonably tailored to seek

14   documents that could support Mattel's allegations of trade secret theft.  MGA has failed to

15   establish that it would be unduly burdensome to comply with these requests.  Mattel's motion is

16   granted as to Request Nos. 160, 161 and 164.

17                              IV.  CONCLUSION

18        For the reasons set forth above, Mattel's motion is granted as to Request Nos. 1, 3-10, 12,

19   13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-117, 118, 119, 137-140, 157-161, 164 and

20   166, and denied as to Request Nos. 42, 54-56, 58, 59.  MGA shall produce, without limitation, all

21   non-privileged responsive documents in accordance with this Order no later than August 30,

22   2007.  Mattel's request for sanctions is denied.

23        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

24   Master, Mattel shall file this Order with the Clerk of Court forthwith.

25   Dated: August 13, 2007

26                                   HON. EDWARD A. INFANTE (Ret.)
                                           Discovery Master
27

28

Bryant v. Mattel, Inc.,                                              14
CV-04-09049 SGL (RNBx)

**EXHIBIT 32 PAGE 514**

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 13, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 13, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 32 PAGE 515

# EXHIBIT 33

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER