# EXHIBIT 38

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | |
| | SECOND NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Discovery Cut-off:  None Set Pre-trial Conference:  None Set Trial Date:  None Set |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

07209/2048031.1

2-1

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT 38 PAGE 580

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 15, 2007 beginning on 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.  Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.

DATED:  February 1, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                   By _____
                                      Michael T. Zeller
                                      Attorneys for Mattel, Inc.

-1-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

**EXHIBIT 38 PAGE 581**

**Exhibit A**

EXHIBIT 38 PAGE 582

# **EXHIBIT A**

1.      "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.      "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also, previously or subsequently called) and any product or doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product or doll or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each EMBODIMENT of such doll or any portion thereof.  As used herein, "product or doll or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

4.      "DESIGN" or "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the

foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.   "EMBODIMENT" means any representation, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6.   The DRAWINGS means those documents produced as Bates Nos. MGA000053-57, MGA000392-395, MGA000435-439, MGA000455-481 MGA004606, MGA004608, MGA004640, MGA005065, MGA006423-6426, MGA006432-6436, MGA006438-06440, MGA006442-6467, and SL00016-45.

7.   "BASED ON" means copied or reproduced from, substantially similar to, based on or derived from in any manner, whether in whole or in part.

8.   "CREATED" means produced, prepared, created, authored, conceived of or reduced to practice, whether in whole or in part and whether alone or jointly with others.

9.   "IDENTIFY" or "IDENTITY" means the following:

(a)   With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)   With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present

-3-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

07209/2048031.

EXHIBIT 38 PAGE 584

or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

(c)     With reference to an EMBODIMENT, means the IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well as of each other individual who contributed in any manner to the EMBODIMENT; the form, material and medium of the EMBODIMENT (*e.g.*, preliminary three-dimensional resin sculpture, final three-dimensional wax sculpture, digitized file of final three-dimensional wax sculpture, two-dimensional design drawing on paper); each title or name of the EMBODIMENT; the start and end date(s) of the EMBODIMENT's creation or preparation; and the current location of the EMBODIMENT.

10.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.     "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

12.     "DIGITAL INFORMATION" shall mean any information created or stored digitally, including but not limited to electronically, magnetically or optically.

13.     "SYSTEM" or "SYSTEMS" shall mean any computer or network of computers or other network devices that allow a two or more computers to share information and equipment, including but not limited to local area networks, wide area networks, storage area networks, client-server networks or peer-to-peer networks. The

-4-

**EXHIBIT 38 PAGE 585**

use of the term "SYSTEM" or "SYSTEMS" shall also include the brand, model number, technical specifications, and capacities of the computers who are part of each such SYSTEM.

14.   "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

15.   "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

16.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

07209/2048031.

**EXHIBIT 38 PAGE 586**

directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

17.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## Topics of Examination

1.     The origin, conception, creation, design, sculpting, development, engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether such was released in any form to the public), including without limitation the timing thereof, the IDENTITY of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved therein, and the nature, extent and time period(s) of each such PERSON's involvement.

2.     The circumstances under which BRATZ or any BRATZ DESIGN first came to YOUR attention, including without limitation the timing, method and manner thereof and the IDENTITY of each PERSON with knowledge thereof.

3.     The identity of each doll, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

4.     To the extent not covered by Topic 3, each EMBODIMENT of any doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

5.     The work, activities and/or services that BRYANT performed for or with YOU or on YOUR behalf prior to June 30, 2001.

-6-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

**EXHIBIT 38 PAGE 587**

6.    The origin, conception and creation of DESIGNS that BRYANT CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever claimed to have, any right, title or interest (whether in whole or in part).

7.    The identity of, and the design, development, sculpting, development, engineering, rotocasting, modeling, prototyping and first sale of, any doll, product, work or item that has been produced, developed, manufactured, licensed, sold or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN referenced in Topic 6.

8.    Each EMBODIMENT of BRATZ that was CREATED prior to June 30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was CREATED prior to June 30, 2001.

9.    The DRAWINGS, including without limitation the authorship, creation, dissemination and use thereof and the source, meaning, authenticity and timing of any dates thereon.

10.    The IDENTITY of each vendor or third party who performed or contributed, or who was considered, solicited, requested, proposed or contemplated by YOU or BRYANT to perform or contribute, any activities, work or services in connection with BRATZ or BRATZ DESIGNS prior to June 30, 2001, YOUR COMMUNICATIONS therewith, and the nature, extent and timing of such activities, work or services.

11.    The exhibition, or proposed, offered, contemplated or requested exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30, 2001, including without limitation each instance in which BRATZ or any BRATZ DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise discussed with or communicated to, any retailer, wholesaler or distributor and the DOCUMENTS that REFER OR RELATE thereto.

12.    The actual, proposed, requested or contemplated manufacture, fabrication or tooling (including the production of molds) of BRATZ, including without

-7-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT 38 PAGE 588

1  limitation the timing thereof and the IDENTITY of each manufacturer and potential

2  manufacturer used, proposed or considered.

3       13.  COMMUNICATIONS prior to June 30, 2001 between YOU and

4  any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or

5  potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE

6  TO BRATZ or any BRATZ DESIGN.

7       14.  When and where BRATZ was first manufactured, shipped,

8  distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.

9       15.  The licensing, including without limitation the proposed or

10 requested licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001,

11 including without limitation the timing thereof, the IDENTITY of each such licensee or

12 proposed or requested licensee and the product(s) or proposed product(s) involved.

13      16.  COMMUNICATIONS between YOU and BRYANT prior to

14 January 1, 2001, including without limitation the content, means and timing of such

15 COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and

16 the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

17      17.  COMMUNICATIONS that BRYANT made for YOU or on YOUR

18 behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior

19 to June 30, 2001.

20      18.  YOUR agreements and contracts with BRYANT, including without

21 limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that

22 REFER OR RELATE thereto, and any actual or proposed amendments thereto.

23      19.  Each agreement or contract between YOU and any PERSON other

24 than BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that

25 REFERS OR RELATES to the time period prior to December 31, 2001 (regardless of

26 when such agreement or contract was negotiated or executed), including without

27 limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that

28 REFER OR RELATE thereto, and any actual or proposed amendments thereto.

07209/2048031.

-8-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT 38 PAGE 589

20.     YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts and agreements with, and his obligations to, MATTEL.

21.     YOUR knowledge of, and access to, non-public MATTEL DIVA STARZ project information and DESIGNS prior to June 30, 2001.

22.     The payment of money or anything of value by or for YOU or on YOUR behalf that has been made to, for or on behalf of BRYANT (a) for work, services or activities performed by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made), (b) for DESIGNS CREATED by BRYANT prior to January 1, 2001 (regardless of when such payment was actually made) or (c) in connection with BRATZ or any BRATZ DESIGN at any time, including without limitation the timing, manner and amount(s) thereof and the reasons therefor.

23.     The payment of royalties to, for or on behalf of BRYANT made by or for YOU or on YOUR behalf, including the timing, manner and amounts of such payments and the reasons therefor.

24.     Any indemnification and fee arrangement that YOU and/or BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

25.     YOUR revenues and profits from BRATZ, including without limitation YOUR gross and net profits, and YOUR costs associated therewith.

26.     YOUR net worth.

27.     The payment of money or anything of value that YOU have made or offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s) and reasons therefor.

28.     COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

07209/2048031.

-9-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

EXHIBIT 38 PAGE 590

29.   COMMUNICATIONS made by, for or on behalf of YOU, whether directly or indirectly, with Anna Rhee, including without limitation since February 2005 (but not including any such COMMUNICATIONS with her legal counsel).

30.   COMMUNICATIONS between YOU and Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

31.   The IDENTITY of each PERSON who, at any time since January 1, 1998, has performed any work or services for, by or on behalf of YOU while such PERSON was employed by MATTEL, the nature and timing of each such PERSON's work or services and the amount(s) paid by YOU to each such PERSON.

32.   COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was prepared, authored or created by MATTEL that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

33.   The applications for registration and the registrations for copyright, patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT, including without limitation COMMUNICATIONS pertaining thereto.

34.   Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).

35.   COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 30, 2001.

07209/2048031.

-10-

EXHIBIT 38 PAGE 591

36.   The source, meaning and authenticity of SL00013-14, including without limitation the timing of its creation and the handwriting thereon.

37.   YOUR corporate structure since January 1, 1999, including without limitation the relationship between MGA Entertainment, Inc. and any of its predecessors, affiliates and subsidiaries.

38.   The retention or destruction policies, procedures and practices for YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO BRATZ since January 1, 1999, including without limitation the retention or destruction of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced, modified or upgraded and (b) when PERSONS leave YOUR employ.

39.   The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

40.   The preservation, collection, destruction, removal, transfer, loss or impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1, 1999 that REFER OR RELATE TO MATTEL (including without limitation to any MATTEL product, plan or information) that YOU received in any manner from any PERSON who was at the time an employee of MATTEL or who had previously been an employee of MATTEL.

41.   The testing of or sampling from DOCUMENTS that REFER OR RELATE TO BRATZ or BRYANT, including without limitation such testing or sampling in connection with any ink, paper or chemical analysis performed or attempted to be performed to date, any DOCUMENTS that REFER OR RELATE thereto and all results and reports relating thereto.

42.   YOUR DIGITAL INFORMATION data backup policies, practices and procedures from January 1, 1999 to the present, including without limitation the location and specifications of any media used to preserve YOUR DIGITAL

-11-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

**EXHIBIT 38 PAGE 592**

1 INFORMATION and the software, if any, used to preserve YOUR DIGITAL
2 INFORMATION.

3       43.    The DIGITAL INFORMATION SYSTEMS and the application
4 software that YOU have used since January 1, 1999 that REFER OR RELATE TO
5 design, development, planning, inventory, manufacturing, sales, shipping and
6 accounting, including without limitation the common or shared storage for such
7 DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL
8 INFORMATION SYSTEMS, and any changes, modifications or upgrades to such
9 DIGITAL INFORMATION SYSTEMS or application software.

10       44.    The IDENTITY of PERSONS, including without limitation
11 vendors, who since January 1, 1999 have been responsible for or supported YOUR
12 DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of
13 such PERSON who serviced or provided hardware for YOUR DIGITAL
14 INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL
15 INFORMATION, including but not limited to internet service providers, and provided
16 analytical, training or implementation services with respect to YOUR DIGITAL
17 INFORMATION SYSTEMS.

18       45.    The electronic messaging SYSTEMS used by YOUR employees
19 within the scope of their employment between January 1, 1999 and the present,
20 including but not limited to electronic mail, instant messenger, telephone or voice-mail,
21 and the routing of such electronic messages to, from or within MGA.

22       46.    YOUR policies, practices and procedures regarding the use of
23 transportable media that contain or are capable of containing DIGITAL
24 INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB
25 drives, portable hard drives, digital cameras and personal digital assistants.

26

27

28

-12-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

**EXHIBIT 38 PAGE 593**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On February 1, 2007, I served true copies of the following document(s) described as **SECOND NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on the parties in this action as follows:

**BY MAIL TO:**

Keith A. Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Telephone: (310) 553-0308
Facsimile: (310) 553-5583

I enclosed the foregoing as well as a **COURTESY COPY** into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. (Courtesy copy

**BY PERSONAL SERVICE ON:**

Diana M. Torres, Esq.
O'Melveney & Meyers
400 So. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
**Facsimile: (213) 430-6407**

I delivered such envelope(s) **(COURTESY COPY INCLUDED)** by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 1, 2007, at Los Angeles, California.

_____
Mia Albert

_____
Dave Quintana

07209/2049386.1

**EXHIBIT 38 PAGE 594**

**EXHIBIT 39**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11 CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12             Plaintiff,               Consolidated with
                                        Case No. CV 04-09059
13      vs.                             Case No. CV 05-02727

14                                      THIRD NOTICE OF DEPOSITION OF
   MATTEL, INC., a Delaware            MGA ENTERTAINMENT, INC.
15 corporation,                         PURSUANT TO FEDERAL RULE OF
                                        CIVIL PROCEDURE 30(B)(6)
16             Defendant.
                                        Discovery Cut-Off: October 22, 2007
17                                      Pre-Trial Conference: January 14, 2008
                                        Trial Date: February 12, 2008
18 AND CONSOLIDATED ACTIONS

19

20

21

22

23

24

25

26

27

28

07209/2048031.1

06|05|07

THIRD NOTICE OF DEPOSITION OF MGA

EXHIBIT 39 PAGE 595

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      PLEASE TAKE NOTICE that on June 26, 2007 beginning on 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

      PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

      PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED: June 5, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _____
    Michael T. Zeller
    Attorneys for Mattel, Inc.

-1-

THIRD NOTICE OF DEPOSITION OF MGA

**EXHIBIT 39 PAGE 596**

# **EXHIBIT A**

1.     "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

-2-

4.     "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.     "ANGEL" refers to those projects, products, dolls or DESIGNS, sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "ANGEL" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

6.     "IDENTIFY" or "IDENTITY" means the following:

(a)     With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

(b)     With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

(c)     With reference to an account with a bank or financial institution, means the name and address of the bank or financial institution, the account

-3-

EXHIBIT 39 PAGE 598

number(s) for or otherwise associated with such account and the name of each holder, including without limitation each beneficial holder, of each such account.

(d)    With reference to a STORAGE DEVICE, means the manufacturer name, brand, model name and number, serial number and all other manufacturer identifiers, and the technical specifications and capacities of such STORAGE DEVICE.

7.    "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

8.    "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

9.    "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether permanently, temporarily or otherwise, to create, generate, transmit, copy, retain, store or maintain DIGITAL INFORMATION.

10.    "EMPLOYEE AGREEMENT" or "EMPLOYEE AGREEMENTS" means any agreement or contract between YOU and any of YOUR employees that purports to assign to, convey to or vest in YOU in any manner, whether in whole or in part, and whether expressly or by implication or in effect, any right, title or interest in any such employee's inventions, works, work product, ideas, concepts, discoveries, improvements, processes, developments, DESIGNS, know-how, data and/or formulae.

11.    "FAMILY MEMBER" means any PERSON who at any time is, was or has been a parent, spouse, or child of another PERSON.

12.    "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing,

07209/2048031.

-4-

THIRD NOTICE OF DEPOSITION OF MGA

**EXHIBIT 39 PAGE 599**

1  mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting,

2  negating, revoking or otherwise relating to in any manner.

3      13.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as

4  those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and

5  Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings

6  and records of every type and description including, but not limited to, contracts,

7  agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"),

8  records of telephone conversations, handwritten and typewritten notes of any kind,

9  statements, reports, minutes, recordings, transcripts and summaries of meetings, voice

10  recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and

11  records of all types, studies, instruction manuals, policy manuals and statements, books,

12  pamphlets, invoices, canceled checks and every other device or medium by which or

13  through which information of any type is transmitted, recorded or preserved. Without

14  any limitation on the foregoing, the term "DOCUMENT" shall include all copies that

15  differ in any respect from the original or other versions of the DOCUMENT, including,

16  but not limited to, all drafts and all copies of such drafts or originals containing initials,

17  comments, notations, insertions, corrections, marginal notes, amendments or any other

18  variation of any kind.

19      14.    "PERSON" or "PERSONS" means all natural persons, partnerships,

20  corporations, joint ventures and any kind of business, legal or public entity or

21  organization, as well as its, his or her agents, representatives, employees, officers and

22  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

23  authority or subject to its, his or her control.

24      15.    The singular form of a noun or pronoun includes within its meaning

25  the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine

26  form of a pronoun also includes within its meaning the feminine form of the pronoun so

27  used, and *vice versa*; the use of any tense of any verb includes also within its meaning

28

-5-

THIRD NOTICE OF DEPOSITION OF MGA

EXHIBIT 39 PAGE 600

1    all other tenses of the verb so used, whenever such construction results in a broader
2    request for information; and "and" includes "or" and *vice versa*, whenever such
3    construction results in a broader disclosure of documents or information.

### Topics of Examination

1.    The IDENTITY, current or last known location, and disposition of
each STORAGE DEVICE that each of the following PERSONS has used to create,
generate, prepare, draft, send and/or receive any DOCUMENT or DIGITAL
INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL at any time
since January 1, 1999, including without limitation the date of acquisition and the date
of disposition of each such STORAGE DEVICE:

Isaac Larian

Farhad Larian

Paula Garcia

BRYANT

Kami Gillmour

Veronica Marlow

Mercedeh Ward

Margaret Hatch-Leahy

Jennifer Maurus

Judy Rich

Ninette Pembleton

Kerri Brode

Victoria O'Connor

Aileen Storer

Charles O'Connor

Helene Bartels

Colleen O'Higgins

07209/2048031.

-6-

EXHIBIT 39 PAGE 601

1    Vivian Matt

2    Maureen Mullen

3    Rachel Harris

4    Barbara Malcolm

5    David Dees

6    Ben Ton

7    Dave Malacrida

8    2.    The IDENTITY, current or last known location, and disposition of

9    each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of this

10    Notice, including without limitation the date of creation and the date of disposition of

11    each such backup or copy.

12    3.    YOUR search for and production of DOCUMENTS and DIGITAL

13    INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this Notice.

14    4.    Each of YOUR EMPLOYEE AGREEMENTS since January 1,

15    1995, including without limitation the meaning, validity and enforcement of such

16    EMPLOYEE AGREEMENTS.

17    5.    Any requirement or practice by YOU, at any time since January 1,

18    1995, that YOUR employees sign or execute EMPLOYEE AGREEMENTS.

19    6.    YOUR statements to Christopher Palmeri in connection with the

20    *Business Week* article entitled "To Really Be A Player, Mattel Needs Hotter Toys,"

21    published on or about July 28, 2003, including without limitation in connection with the

22    statement that Isaac Larian "got the idea for Bratz after seeing his own kids run around

23    in navel-bearing tops and hip-huggers."

24    7.    YOUR statements to Denise I. O'Neal in connection with the

25    *Chicago Sun-Times* article entitled "Bratz Packers Are What's Cool in Doll World,"

26    published on or about March 5, 2004, including without limitation in connection with

27    the statements that MGA's "creative team decided the name should be catchy and not

28

-7-

THIRD NOTICE OF DEPOSITION OF MGA

EXHIBIT 39 PAGE 602

1   have more than six letters. Keeping with today's trend of making names more 'cool' by

2   changing the spelling, MGA executives decided to replace the 's' with a 'z.'"

3         8.    YOUR statements to Jeff Weiss in connection with the *San*

4   *Fernando Valley Business Journal* article entitled "Immigrant's Creative Company

5   Shakes Up Toy Industry," published on or about March 29, 2004, including without

6   limitation in connection with the statement that "[i]t was Jason's idea for Bratz."

7         9.    The IDENTITY of each PERSON who YOU had perform, or who

8   YOU requested, asked or solicited to perform, any "test project" in advance of or in

9   consideration of employment by YOU since January 1, 1995, including without

10   limitation the IDENTITY of each such PERSON who was a MATTEL employee at the

11   time.

12         10.    YOUR relationship with Stephen Lee since April 1, 2004, including

13   without limitation any agreements or contracts between YOU and Stephen Lee.

14         11.    Payments of money or any other item of value that YOU have made

15   to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac Larian since

16   January 1, 1999, including without limitation (a) the amounts of such payment and the

17   equivalent dollar value of each of item of value, (b) the dates of such payment, (c) the

18   IDENTITY of each recipient of such payment, (d) the IDENTITY of each bank or

19   financial institution account to which such payment was made and (e) the reasons for

20   each such payment.

21         12.    Payments of money or any other item of value that YOU have made

22   to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad Larian since

23   January 1, 1999, including without limitation (a) the amounts of each such payment and

24   the equivalent dollar value of each of item of value, (b) the timing of each such

25   payment, (c) the IDENTITY of each recipient of each such payment, (d) the

26   IDENTITY of each bank or financial institution account to which such payment was

27   made and (e) the reasons for each such payment.

28

-8-

THIRD NOTICE OF DEPOSITION OF MGA

**EXHIBIT 39 PAGE 603**

13.   Payments of money or any other item of value that YOU have made to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad Zarabi since January 1, 1999, including without limitation (a) the amounts of each such payment and the equivalent dollar value of each of item of value, (b) the timing of each such payment, (c) the IDENTITY of each recipient of each such payment, (d) the IDENTITY of each bank or financial institution account to which such payment was made and (e) the reasons for each such payment.

14.   The nature, extent and timing of work and services that Veronica Marlow, Amy Myers, Sarah Halpern, Maureen Mullen and David Dees provided to, or were requested, solicited or proposed by, YOU at any time from January 1, 1999 through December 31, 2001, inclusive.

15.   Payments of money or any other item of value that YOU have made to Veronica Marlow, Amy Myers, Sarah Halpern, Maureen Mullen and David Dees since January 1, 1999, including without limitation (a) the amounts of each such payment and the equivalent dollar value of each of item of value, (b) the timing of each such payment, (c) the IDENTITY of each recipient of each such payment, (d) the IDENTITY of each bank or financial institution account to which such payment was made and (e) the reasons for each such payment.

16.   The IDENTITY of each PERSON who is not, as of June 5, 2007, an MGA employee and for whom or on behalf of whom YOU are paying, have paid or have offered, promised or agreed to pay fees or costs in connection with this ACTION, any contracts, agreements or other DOCUMENTS between YOU and such PERSON pertaining thereto, the amounts YOU have so paid or agreed to pay to such PERSON and the dates on which such payments were made.

THIRD NOTICE OF DEPOSITION OF MGA

EXHIBIT 39 PAGE 604