# EXHIBIT 43

**CONFORMED COPY**



1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8

9

10

11   CARTER BRYANT, an individual,

12                    Plaintiff,

13            v.

14   MATTEL, INC., a Delaware corporation,

15                    Defendant.

16

17

18   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
19   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.

20

21

22

23

24

25

26

27

28

FILED
2007 SEP 28 PM 3:14
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CASE NO. C 04-09049 SGL (RNBx)
JAMS Reference No.1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART MATTEL'S MOTION FOR ADDITIONAL TIME TO DEPOSE CARTER BRYANT FOR ALL PURPOSES**

## I. INTRODUCTION

On August 1, 2007, Mattel, Inc. ("Mattel") submitted its "Motion for Additional Time and/or to Reopen the Deposition of Carter Bryant for all Purposes and to Overrule Additional Instructions Not to Answer." Pursuant to Rule 30(d)(3) and Rule 37, Fed.R.Civ.P., Mattel seeks twenty-one additional hours of deposition time with Carter Bryant in order to "resume

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT 43 PAGE 654

1    questioning Mr. Bryant on all areas that Mattel's counsel previously attempted to cover in his

2    prior deposition, as well as any other relevant areas in light of the expanded scope of this

3    litigation and discovery developments." Mattel's Proposed Order.  Mattel also seeks an order

4    overruling objections asserted in response to 11 deposition questions.  On August 15, 2007, Carter

5    Bryant ("Bryant") submitted an opposition brief.  On August 22, 2007, Mattel submitted a reply

6    brief.  The matter was heard on September 26, 2007.  Having considered the motion papers and

7    the comments of counsel, and good cause appearing, Bryant is ordered to appear for an additional

8    nine (9) hours of deposition.

## II. BACKGROUND

10    Mattel filed its suit against Bryant in April of 2004, claiming breach of contract, breach of

11    fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion.  Shortly

12    thereafter, Mattel propounded document requests and noticed Bryant's deposition for June 29,

13    2004.  After meeting and conferring and eventually obtaining a court order, Bryant appeared for

14    deposition on November 4, 2004, from 9:10 a.m. to 5:00 p.m., November 5, 2004, from 9:10 a.m.

15    to 4:57 p.m., and November 8, 2004, from 10:27 a.m. to 5:09 p.m., for a total of approximately 17

16    hours, excluding breaks.

17    In April of 2005, MGA filed its lawsuit against Mattel asserting numerous unfair

18    competition claims based upon allegations that Mattel engaged in "serial copycatting" of Bratz

19    dolls, Bratz "pets" and other Bratz products, Bratz television commercials and Bratz packaging.

20    In January of 2007, Mattel filed 13 counterclaims against Bryant, MGA and other defendants,

21    including copyright infringement, RICO violations, misappropriation of trade secrets, breach of

22    contract, intentional interference with contract, breach of fiduciary duty, breach of the duty of

23    loyalty, aiding and abetting, conversion, and unfair competition.

24    In February of 2007, Mattel filed a Motion to Overrule Instructions Not to Answer During

25    the Deposition of Carter Bryant, to Compel Bryant to Answer Those Questions, and for Sanctions

26    ("February 2007 Motion").  In the February 2007 Motion, Mattel argued that counsel for Bryant

27    and MGA obstructed the deposition by, among other things, asserting improper instructions not to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 43 PAGE 655

1   answer, coaching, making lengthy speaking objections, interrupting Bryant in the middle of his

2   answers, and taking Bryant out of the deposition room with a question pending.  Mattel identified

3   67 instances of allegedly improper conduct.  Mattel substantially prevailed on its February 2007

4   Motion and Bryant was ordered to appear for an additional two hours of deposition to answer the

5   questions he was improperly instructed not to answer and reasonable follow up questions.

6   Mattel seeks an additional twenty-one hours of deposition on the grounds that: (1) new

7   claims, defenses, and parties have been added to the case after Bryant was deposed; (2)

8   defendants have now produced thousands of documents to Mattel since Bryant's deposition was

9   taken, including original Bratz drawings; (3) Bryant's and MGA's counsel prevented a fair

10   examination of Bryant; and (4) in eleven instances, Bryant's counsel assertedly did not have a

11   proper basis for instructing Bryant not to answer on privilege grounds.

12   Bryant opposes the motion on several grounds.  Bryant contends that Mattel made the

13   tactical decision to depose him at the outset of the case when the parties had barely begun

14   document discovery, and must now face the consequences of that decision.  Further, Bryant points

15   out that Mattel rejected his proposal to phase discovery so that document production would be

16   completed before depositions would take place.  Because Mattel elected to proceed with Bryant's

17   deposition at the outset of the case, Bryant contends that neither the new claims, defenses nor the

18   documents produced after his deposition warrant additional deposition time.

19   Moreover, Bryant contends that the documents produced after his deposition do not justify

20   any further deposition time because (a) virtually all of the documents referenced in Mattel's

21   current motion had been produced before it filed its February 2007 Motion, and presumably

22   should have been included in that Motion; and (b) most of the documents referenced in Mattel's

23   motion were not produced by Bryant, but by other parties and non-parties.  Bryant also contends

24   that Mattel's motion is premised upon misleading information about the history and contents of

25   his computer hard-drive.  Lastly, Bryant contends Mattel's motion is an improper attempt to

26   relitigate its prior February 2007 Motion.

27   //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 43 PAGE 656

### III. STANDARDS

Pursuant to Rule 30(a)(2)(B), Fed.R.Civ.P., leave of court must be obtained before a witness may be deposed a second time in the same case.  Leave of court "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)."  Furthermore, Rule 30(d)(2), Fed.R.Civ.P., provides that the court must allow additional time beyond the presumptive seven-hour limitation on a single deposition "consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or delays the examination."

Rule 26(b)(2), Fed.R.Civ.P., provides that the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

A party seeking a court order for additional time must show "good cause" to justify such an order.  Boston Scientific Corp. v. Cordis Corp., 2004 WL 1945643 (N.D.Cal. 2004). "Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with respect to these new developments." Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc., 2007 WL 764302 (S.D. Ohio 2007).

### IV. DISCUSSION

#### A.  New Claims and Defenses Justify Additional Time to Depose Bryant

The new claims and defenses that were added to the case after Bryant's deposition justify

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 43 PAGE 657

1   additional deposition time.  At the time Bryant's deposition was taken in 2004, Mattel had

2   asserted five state law claims against Bryant.  After Bryant's deposition, MGA filed a complaint

3   against Mattel in April of 2005, asserting a variety of federal and state law unfair competition

4   claims.  Without question, Bryant is a critical witness regarding MGA's unfair competition claims

5   and Mattel has not had an opportunity to depose him on such claims.

6        In addition, Mattel filed a counterclaim against Bryant, MGA, and other defendants in

7   2007, asserting thirteen different claims, including violation of RICO, trademark

8   misappropriation, aiding and abetting, and copyright infringement.  Bryant filed an answer

9   asserting over twenty affirmative defenses.  Mattel has not had an opportunity to depose Bryant

10  on any of these claims or defenses.

11        In response, Bryant contends that if the amendment of claims justifies reopening his

12  deposition, it justifies reopening all depositions.  Bryant also contends that additional deposition

13  time is unwarranted because there are several other discovery methods available to Mattel to

14  obtain relevant information about any new claims and defenses.

15        Bryant's arguments overlook one critical detail:  Bryant is the central figure in this

16  litigation and arguably the most important witness for virtually every claim in the case.  No other

17  witness in the case has his depth and breadth of relevant information.  Furthermore,

18  interrogatories and requests for admission are not adequate substitutes for a face-to-face

19  deposition with the opportunity to examine the witness in depth.

20  B.  New Evidence Justifies Additional Time to Depose Bryant

21        After Bryant's deposition, Defendants produced a substantial number of documents.  This

22  production of documents provides further justification for additional time to depose Bryant.  More

23  specifically, MGA produced more than 157,000 pages and Bryant produced more than 20,000

24  pages of documents.  The size of the document production after Bryant's deposition is significant

25  in comparison to the 2,264 pages of documents produced prior to Bryant's deposition.  More than

26  98 percent of Bryant's and MGA's collective document production took place after Bryant's

27  deposition.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

**EXHIBIT 43 PAGE 658**

1    In addition to the sheer quantity of documents produced after Bryant's deposition, Mattel

2  also emphasizes that the production included "dozens of key documents." For example, Bryant

3  produced his fee agreement on June 28, 2007. This agreement indicates that MGA has been

4  paying Bryant's legal fees and that MGA reserves the right to terminate the agreement at any time

5  for any reason, and if appropriate, seek reimbursement of any fees expended in Bryant's defense.

6  In Mattel's view, the fee agreement shows that Bryant has a strong bias to testify in favor of

7  MGA. Bryant also recently produced the hard drive of the computer he used during the relevant

8  period which has the "Evidence Eliminator" program installed. Mattel has not previously

9  questioned Bryant about these documents and should have an opportunity to do so. In addition,

10 Bryant has produced the originals of Bratz drawings, including those that bear handwritten dates

11 of September 1999 – a time when Bryant was allegedly employed by Mattel. Mattel has not had

12 an opportunity to question Bryant about those dates.

13    The documents produced by MGA also justify additional time to depose Bryant. For

14 example, MGA produced October 10, 2000 e-mails between Isaac Larian, Paula Garcia (formerly

15 Treantafelles), and Victoria O'Conner reflecting that Bryant performed work for MGA

16 approximately four hours a day starting the first part of September 2000 (while he was allegedly

17 still employed by Mattel). MGA also produced invoices showing that one vendor, Veronica

18 Marlowe, billed MGA for 169 hours of "Bratz dolls, research, development and support services"

19 that were performed from September 29, 2000 to October 20, 2000. MGA also produced a

20 facsimile from Bryant to David Rosenbaum, outside counsel for MGA, dated September 14,

21 2000, wherein Bryant stated he cannot ask Mattel's Human Resources any more questions about

22 his contract with Mattel "without risking suspicion." Proctor Decl., Ex. 2. Further, MGA

23 produced a declaration signed by Bryant that was submitted to the U.S. Patent and Trademark

24 Office, which Mattel contends contains false dates about the timing of Bratz's release and

25 indicates that Isaac Larian is the sole inventor of Bratz features which Bryant had previously

26 claimed he created.

27    Beyond the documents produced by Bryant and MGA, Mattel also identifies key

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 43 PAGE 659

1   documents produced by third parties that provide further justification for additional time to

2   depose Bryant.  For example, in February of 2005, Mattel obtained deposition testimony from

3   Anna Rhee which it contends establishes that she was painting three-dimensional Bratz heads by

4   June of 2000.  In August of 2006, Union Bank produced documents showing that MGA issued

5   payments to Bryant on September 29, 2000, October 11, 2000, and October 13, 2000.  Mattel

6   contends that these payments were issued while Bryant was still employed by Mattel.  Further, in

7   September of 2006, Mattel obtained documents and testimony from Steven Linker which Mattel

8   contends establish that Bryant created a key design drawing that was the basis for three-

9   dimensional sculptures of Bratz dolls while Bryant was still employed by Mattel.

10          Mattel had access to many of the new documents prior to filing its February 2007 Motion,

11   and therefore could have included them in the February 2007 Motion.  The February motion,

12   however, was focused on specific improper instructions not to answer and sought a specific order

13   requiring answers to specific questions.  There is no procedural rule that required Mattel at that

14   time to seek additional deposition time on broader grounds.[1]  Nor has Bryant been prejudiced by

15   Mattel's selective motion practice because his additional two-hour deposition has not yet

16   convened.

17   C.  Counsel's Conduct During Bryant's Deposition Was the Subject of a Prior Motion

18          Lastly, Mattel contends that Bryant's deposition should be reopened because counsel for

19   Bryant and MGA obstructed his deposition.  More specifically, Mattel contends that defense

20   counsel obstructed the deposition by coaching Bryant, interposing lengthy narrative objections

21   and repeatedly taking Bryant out of the room with questions pending.  These issues were fully

22   briefed in Mattel's earlier Motion to Overrule Instructions Not to Answer During the Deposition

23   of Carter Bryant, to Compel Bryant to Answer Those Questions, And for Sanctions, dated

24   February 1, 2007.  Mattel substantially prevailed in its motion and was granted two additional

25   hours to depose Bryant.

26   _____

27      [1]  Furthermore, there were several disputes regarding document production pending at that time that could ultimately affect the scope of a re-deposition.

28

EXHIBIT 43 PAGE 660

1    Nevertheless, Mattel now points to twelve additional instances of allegedly improper

2    instructions not to answer which it contends justify additional time to depose Bryant.  Such

3    piecemeal litigation over instructions not to answer specific questions in a deposition is

4    unwarranted.  Mattel should have included these twelve additional instructions not to answer in its

5    earlier motion.

6    D.  Twenty-One Additional Hours of Deposition Time is Excessive

7        Although the new claims and defenses justify additional deposition time, Mattel's request

8    for twenty-one hours is excessive.  There is a significant overlap between the factual bases for

9    Mattel's claims against Bryant and the newly added claims and Bryant has already been deposed

10   for seventeen hours.  Furthermore, even if the new claims and defenses asserted are treated as an

11   entirely new lawsuit, Rule 30(d)(2), Fed.R.Civ.P., imposes a presumptive one day, seven-hour

12   limitation on depositions.  The new claims and defenses do not justify exceeding the presumptive

13   seven-hour limit by a factor of three.

14       Beyond the new claims and defenses, the substantial document production that took place

15   after Bryant's deposition provides only a marginal degree of additional good cause to depose

16   Bryant further.  This is because Mattel made the tactical decision to depose Bryant very early in

17   the case, when the parties had barely begun document discovery.  Mattel filed its suit against

18   Bryant in April of 2004, and noticed his deposition for June 29, 2004.  Pursuant to court order,

19   Bryant eventually appeared for deposition on November 4, 5, and 8, 2004.  Mattel was well aware

20   of the state of discovery when it proceeded with Bryant's deposition, and the circumstances

21   Mattel now faces are partially due to its tactical choices.

22                                V. CONCLUSION

23       For the reasons set forth above, good cause exists to authorize additional time to depose

24   Carter Bryant pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure.

25       Bryant is ordered to appear for deposition for an additional nine (9) hours, including the

26   two hours previously granted pursuant to the Order Granting in Part and Denying in Part Mattel's

27   Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, dated

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          8

EXHIBIT 43 PAGE 661

1   March 7, 2007.  Given the factual overlap between the newly added claims and defenses and

2   Mattel's initial complaint, and in the interest of avoiding disputes at the deposition regarding the

3   appropriate subject matter scope of the deposition, Mattel may question Bryant on "any matter,

4   not privileged, that is relevant to the claim or defense of any party."  Rule 26, Fed.R.Civ.P.

5   Further, counsel shall comply with Rule 30(d)(1), Fed.R.Civ.P.

6          The parties shall meet and confer to schedule the resumption of Mr. Bryant's deposition to

7   be held at a mutually convenient time and place.

8          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

9   Master, Mattel shall file this Order with the Clerk of Court forthwith.

10

11

12   Dated: September 28, 2007

13                                   HON. EDWARD A. INFANTE (Ret.)
                                       Discovery Master
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                       9

**EXHIBIT 43 PAGE 662**

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 28, 2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION FOR ADDITIONAL TIME TO DEPOSE CARTER BRYANT FOR ALL PURPOSES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 28, 2007, at San Francisco, California.

_____
Sandra Chan

**EXHIBIT 43 PAGE 663**

# EXHIBIT 44

**COPY**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:     (415) 774-2611
4  Facsimile:     (415) 982-5287

5

6

7                  UNITED STATES DISTRICT COURT

8                  CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12          Plaintiff,

13      v.                                 Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15          Defendant.                     **ORDER GRANTING IN PART AND
                                           DENYING IN PART MATTEL'S
16                                         MOTION TO OVERRULE
                                           INSTRUCTIONS NOT TO ANSWER
17                                         DURING THE DEPOSITION OF
                                           CARTER BRYANT**

18
    CONSOLIDATED WITH
19  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
20  INC.

21

22

23

24         Having considered Mattel, Inc.'s Motion To Overrule Instructions Not To Answer During

25  the Deposition of Carter Bryant, to Compel Bryant To Answer Those Questions, and for

26  Sanctions, and all other papers filed in opposition to or in connection therewith, and finding good

27  cause therefore,

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                              1

EXHIBIT 44 PAGE 664

1          IT IS HEREBY ORDERED that

2          1.     Each of the instructions not to answer a deposition question marked as

3   "Overruled" in Attachment "A" hereto is hereby overruled and Carter Bryant is ordered to answer

4   those questions and reasonable follow up questions at further deposition;

5          2.     The deposition to answer said questions is limited to two hours;

6          3.     Carter Bryant and counsel shall comply fully with Rule 30 of the Federal Rules of

7   Civil Procedure;

8          4.     Counsel's instructions not to answer questions were, to a large extent, without

9   substantial justification.  However, in lieu of monetary sanctions, Carter Bryant shall appear in

10  Los Angeles for the resumption of his deposition;

11         5.     The parties shall meet and confer to determine the scheduling of Carter Bryant's

12  deposition; and

13         6.     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

14  Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

15

16  Dated: March  7 , 2007

17                                    HON. EDWARD A. INFANTE (Ret.)
                                      Discovery Master

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 44 PAGE 665

**Exhibit A**

EXHIBIT 44 PAGE 666

# ATTACHMENT "A"

## INSTRUCTIONS NOT TO ANSWER AT ISSUE DURING THE BRYANT DEPOSITION

## I. INSTRUCTIONS BASED ON THE ATTORNEY-CLIENT PRIVILEGE

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 1. | 17:21-18:8 | Attorney/client privilege | Overruled |
| 2. | 22:6-22:18 | Attorney/client privilege | Overruled |
| 3. | 36:25-37:22 | Attorney/client privilege Lacks foundation Calls for speculation | Overruled |
| 4. | 37:23-38:1 | Attorney/client privilege | Overruled |
| 5. | 38:2-38:9 | Attorney/client privilege | Overruled |
| 6. | 38:10-38:14 | Attorney/client privilege | Overruled |
| 7. | 41:2-42:18 | Attorney/client privilege | Overruled |
| 8. | 63:21-64:11 | Attorney/client privilege | Overruled |
| 9. | 64:12-64:16 | Attorney/client privilege Joint Defense Privilege Harassing | Overruled |
| 10. | 100:16-101:18 | Attorney/client privilege | Sustained because Bryant gave a complete response later. |
| 11. | 124:4-124:24 | Attorney/client privilege | Overruled |
| 12. | 125:7-125:11 | Attorney/client privilege | Overruled |
| 13. | 125:12-126:9 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 14. | 126:10-126:19 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 15. | 126:20-127:1 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 16. | 127:2-127:5 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 17. | 127:6-130:2 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 18. | 138:24-139:11 | Attorney/client privilege Harassing Burdensome | Sustained because Bryant gave a complete response later. |
| 19. | 184:17-190:1 | Attorney/client privilege | Overruled |
| 20. | 186:3-187:10 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 21. | 204:16-205:15 | Attorney/client privilege | Overruled |
| 22. | 215:13-216:8 | Attorney/client privilege | Overruled |
| 23. | 250:22-252:3 | Attorney/client privilege | Overruled |

EXHIBIT 44 PAGE 667

| | 24. | 450:11-451:19 | Attorney/client privilege | Withdrawn from Mattel's motion. |
|---|---|---|---|---|
| | 25. | 471:2-473:7 | Attorney/client privilege | Overruled |
| | 26. | 476:9-476:24 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| | 27. | 478:1-478:21 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| | 28. | 478:22-480:7 | Potential Attorney/client privilege | Overruled |
| | 29. | 481:14-482:1 | Attorney/client privilege Joint defense privilege | Sustained because Bryant gave an adequate response. |
| | 30. | 622:10-622:23 | Attorney/client privilege | Overruled |
| | 31. | 623:14-624:6 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| | 32. | 624:7-624:21 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| | 33. | 640:15-641:6 | Attorney/client privilege | Overruled |
| | 34. | 641:20-642:5 | Attorney/client privilege | Overruled |
| | 35. | 642:22-643:5 | Attorney/client privilege | Overruled |
| | 36. | 650:2-654:13 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| | 37. | 654:14-654:25 | Attorney/client privilege Asked and Answered Badgering | Overruled |

## II. INSTRUCTIONS BASED ON THE JOINT DEFENSE PRIVILEGE

| | | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|---|
| | 38. | 18:15-18:19 | Attorney/client privilege Joint defense privilege | Overruled |
| | 39. | 18:20-19:21 | Attorney/client privilege Joint defense privilege | Overruled |
| | 40. | 19:22-20:1 | Attorney/client privilege Joint defense privilege | Overruled |
| | 41. | 20:2-20:21 | Attorney/client privilege Joint defense privilege | Overruled |
| | 42. | 20:22-21:2 | Attorney/client privilege Joint defense privilege | Overruled |
| | 43. | 21:8-21:12 | Attorney/client privilege Joint defense privilege | Overruled |
| | 44. | 53:9-53:13 | Attorney/client privilege Joint defense privilege | Overruled |

| 45. | 59:2-59:9 | Attorney/client privilege<br>Attorney work product doctrine re<br>Any communication with MGA<br>General Counsel or people in the<br>General Counsel's office | Overruled |
|---|---|---|---|
| 46. | 59:10-59:17 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 47. | 60:1-60:13 | Attorney/client privilege<br>Joint defense privilege | Overruled |
| 48. | 60:14-61:1 | Attorney/client privilege<br>Joint defense privilege | Overruled |
| 49. | 99:12-99:22 | Attorney/client privilege<br>Joint defense privilege | Overruled |
| 50. | 269:14-270:1 | Attorney/client privilege<br>Joint defense privilege | Overruled |

## III. INSTRUCTIONS BASED ON NON-PRIVILEGE OBJECTIONS

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 51. | 24:13-24:19 | Asked and answered<br>Harassing<br>Burdensome | Sustained because Bryant gave an adequate response earlier. |
| 52. | 45:25-46:9 | Privacy | Overruled |
| 53. | 111:21-113:12 | Witness' response on the record would be a guess | Sustained |
| 54. | 130:3-130:9 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 55. | 130:10-130:13 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 56. | 205:16-205:21 | Asked and answered<br>Burdensome<br>Harassing | Overruled |
| 57. | 249:7-249:13 | Confidentiality | Overruled |
| 58. | 249:14-249:19 | Confidentiality | Overruled |
| 59. | 253:9-253:17 | Asked and answered<br>Harassing | Overruled |
| 60. | 445:17-447:22 | Mischaracterization of witness' testimony<br>Asked and answered | Overruled |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 44 PAGE 669

| 61. | 447:23–450:10 | Lacks foundation<br>Speculative<br>Asked and answered | Sustained because Bryant gave an adequate response earlier. |
|---|---|---|---|
| 62. | 565:18-566:3 | Calls for a legal conclusion<br>Lack of foundation<br>Speculative<br>Ambiguous | Overruled |
| 63. | 566:12-566:25 | Lacks foundation<br>Calls for a legal conclusion | Overruled |
| 64. | 598:7-599:13 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 65. | 599:14-600:7 | Asked and answered<br>Badgering the Witness<br>Harassing | Sustained because Bryant gave an adequate response earlier. |
| 66. | 641:7-641:18 | Asked and answered<br>Badgering the witness<br>Harassing | Sustained because Bryant gave an adequate response earlier. |
| 67. | 05:21-706:10 | Proper subject of expert testimony<br>Foundation<br>Not having done any accounting | Overruled |

IT IS SO ORDERED.

Dated: March 7, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

**EXHIBIT 44 PAGE 670**

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 7, 2007,

I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MATTEL'S MOTION TO OVERRULE INSTRUCTIONS NOT TO ANSWER DURING

THE DEPOSITION OF CARTER BRYANT in the within action by e-mail addressed as

follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on March 7, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 44 PAGE 671

**EXHIBIT 45**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Plaintiff Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

12  CARTER BRYANT, an individual,      CASE NO. CV 04-09049 SGL (RNBx)

13              Plaintiff,             Consolidated with Case Nos. CV 04-
                                       9059 and CV 05-2727
14        vs.
                                       MATTEL, INC.'S REVISED THIRD
15  MATTEL, INC., a Delaware           SET OF INTERROGATORIES
    corporation,
16                                     Discovery Cut-off:  January 14, 2008
              Defendant.               Pre-trial Conference:  April 7, 2008
17                                     Trial Date:  April 29, 2008

18  AND CONSOLIDATED ACTIONS           Discovery Cutoff:  March 3, 2008
                                       Final Pretrial Conf.:  June 2, 2008
19                                     Trial Date: July 1, 2008

20

21

22  PROPOUNDING PARTY:        Mattel, Inc.

23  RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

24                            Bryant, MGA Entertainment (HK) Limited, MGAE

25                            de Mexico S.R.L. de C.V., and Carlos Gustavo

26                            Machado Gomez

27  SET NO.:                  THREE

28                     EXHIBIT 45 PAGE 672    9-21-07

07209/2229699.1

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

1      Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3   Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4   Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5   individually answer the following Interrogatories separately and fully, in writing and

6   under oath, within 30 days after service hereof.  The Responding Parties shall be

7   obligated to supplement their responses to the Interrogatories at such times and to

8   the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                                **Definitions**

11      1.      "YOU" and "YOUR" mean each of the Responding Parties.

12      2.      "BRYANT" means Carter Bryant individually.

13      3.      "LARIAN" means Isaac Larian individually.

14      4.      "MGA" means MGA Entertainment, Inc., any of its current or

15   former employees, officers, directors, agents, representatives, attorneys, experts,

16   divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17   other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18   Without limiting the foregoing, "MGA" includes the entities known as ABC

19   International Traders or ABC International Traders, Inc.  For purposes of the these

20   Interrogatories, "MGA" does not include BRYANT.

21      5.      "MATTEL" means Mattel, Inc., its current employees, officers,

22   directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24   PERSON acting on its behalf, pursuant to its authority or subject to its control.

25      6.      "AFFILIATES" means any and all corporations, proprietorships,

26   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27   indirectly, in whole or in part, own or control, are under common ownership or

28   control with, or are owned or controlled by a PERSON, party or entity, including

1    without limitation each parent, subsidiary and joint venture of such PERSON, party

2    or entity.

3           7.    "PERSON" or "PERSONS" means all natural persons,

4    partnerships, corporations, joint ventures and any kind of business, legal or public

5    entity or organization, as well as its, his or her agents, representatives, employees,

6    officers and directors and any one else acting on its, his or her behalf, pursuant to

7    its, his or her authority or subject to its, his or her control.

8           8.    "DESIGN" or "DESIGNS" means any and all representations,

9    whether two-dimensional or three-dimensional, and whether in tangible, digital,

10   electronic or other form, including but not limited to all works, designs, artwork,

11   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13   practice, developments, inventions and/or improvements, as well as all other items,

14   things and DOCUMENTS in which any of the foregoing are or have been

15   expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16   or in part.

17          9.    "BRATZ" means any project, product, doll or DESIGN ever

18   known by that name (whether in whole or in part and regardless of what such

19   project, product or doll is or has been also, previously or subsequently called) and

20   any product, doll or DESIGN or any portion thereof that is now or has ever been

21   known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22   in part and regardless of what such product, doll or DESIGN or portion thereof is or

23   has been also, previously or subsequently called) or that is now or has ever been

24   sold or marketed as part of the "Bratz" line, and each version or iteration of such

25   product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

26   DESIGN or any portion thereof" also includes without limitation any names,

27   fashions, accessories, artwork, packaging or any other works, materials, matters or

28   items included or associated therewith.  Without limiting the generality of the

1 foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2 discovery requests, the term "BRATZ" does not and shall not require that there be a

3 doll existing at the time of the event, incident or occurrence that is the subject of, or

4 otherwise relevant or responsive to, the Interrogatories.

5          10.    "BRATZ INVENTION" means any representation, idea,

6 concept, work, process, procedure, plan, improvement, design or other development,

7 whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,

8 including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ.

9          11.    "SOLD," "SELL" or "SALE" means to distribute, market,

10 license, sell, offer to sell, or convey or transfer in any way for compensation.

11          12.    "BRATZ DOLL" means any doll that is or has ever been SOLD

12 that REFERS OR RELATES TO BRATZ.

13          13.    "BRATZ MOVIE" means any motion picture or film that is or

14 has ever been SOLD that REFERS OR RELATES TO BRATZ.

15          14.    "BRATZ TELEVISION SHOW" means any production

16 exhibited on television that is or has ever been SOLD that REFERS OR RELATES

17 TO BRATZ.

18          15.    "BRATZ PRODUCT" means any product, whether two-

19 dimensional or three-dimensional, and whether in tangible, digital, electronic or

20 other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

21 RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

22 MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

23 product that is or has ever been SOLD in any packaging that includes the name

24 "Bratz" or REFERS OR RELATES TO BRATZ.

25          16.    "ANGEL" refers to those projects, products, dolls or DESIGNS,

26 sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are

27 the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-

28 20, MGA000724-28 and MGA000734.  Without limiting the generality of the

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel
2  discovery requests, the term "ANGEL" does not require that there be a doll existing
3  at the time of the event, incident or occurrence that is the subject of, or otherwise
4  relevant or responsive to, the Interrogatories.

5      17.   "ACQUIRE" means to acquire, obtain, have vested in, enter into
6  agreement for, buy, purchase, and/or procure in any way, or purport to do any of the
7  same.

8      18.   "TRANSFER" means to sell, license, give away, vest in or
9  transfer in any way, or purport to do any of the same.

10     19.   "DOCUMENT" or "DOCUMENTS" means all "writings" and
11  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
12  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
13  limited to, all writings and records of every type and description including, but not
14  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
15  electronic mail ("e-mail"), records of telephone conversations, handwritten and
16  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
17  and summaries of meetings, voice recordings, pictures, photographs, drawings,
18  computer cards, tapes, discs, printouts and records of all types, studies, instruction
19  manuals, policy manuals and statements, books, pamphlets, invoices, canceled
20  checks and every other device or medium by which or through which information of
21  any type is transmitted, recorded or preserved.  Without any limitation on the
22  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
23  from the original or other versions of the DOCUMENT, including, but not limited
24  to, all drafts and all copies of such drafts or originals containing initials, comments,
25  notations, insertions, corrections, marginal notes, amendments or any other variation
26  of any kind.

27     20.   "REFER OR RELATE TO" a given subject matter means relate
28  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

1  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

2  contradict, or in any way pertain to that subject matter, either directly or indirectly.

3          21.    "CREATED" means created, produced, prepared, authored,

4  improved, developed, altered, conceived of or reduced to practice, whether in whole

5  or in part, and whether alone or jointly with others.

6          22.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant,* Case No. CV

7  04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

8  therewith.

9          23.    "INVENTIONS AGREEMENT" means the Confidential

10 Information and Inventions Agreement signed by BRYANT on or about January 4,

11 1999 and produced in this action by MATTEL as M0001596, or any other version

12 of such January 4, 1999 agreement.

13         24.    "COMPLAINT" means Mattel, Inc.'s Complaint in Case No. CV

14 04-9059 SGL (RNBx), filed on April 27, 2004.

15         25.    "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended

16 Answer in Case No. 05-2727 and Counterclaims, filed on July 12, 2007.

17         26.    "DIGITAL INFORMATION" means any information created or

18 stored digitally, including but not limited to electronically, magnetically or optically.

19         27.    "STORAGE DEVICE" means any computer hard drive,

20 memory, USB device, tape, storage array or any other device or medium that allows

21 a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

22 copy, retain, store or maintain DIGITAL INFORMATION.

23         28.    "IDENTIFY" or "IDENTITY" means the following:

24              (a)    with reference to an individual or individuals, means to

25 state, fully and separately as to each, such individual's full name, any known

26 business title, current or last known business affiliation, current or last known

27 residential address, current or last known business address, current or last known

28 relationship to MGA, and current or last known telephone number.

**EXHIBIT 45 PAGE 677**

1    (b)    with reference to an entity or entities, means to state, fully

2    and separately as to each, such entity's full name, state (or country) of incorporation

3    or organization, present or last known address, and present or last known telephone

4    number.

5    (c)    with reference to a BRATZ INVENTION or BRATZ

6    INVENTIONS, means to state, fully and separately as to each, the Bates-number of

7    any DOCUMENT which REFERS OR RELATES TO the BRATZ INVENTION or,

8    if no such DOCUMENT has been produced, a full and complete description of the

9    BRATZ INVENTION and of all DOCUMENTS that REFER OR RELATE to the

10    BRATZ INVENTION; the IDENTITY of the individual author(s) or creator(s) of

11    the BRATZ INVENTION as well as of each other individual who contributed in any

12    manner to the BRATZ INVENTION; the form, material and medium of the BRATZ

13    INVENTION, if any (*e.g.*, preliminary three-dimensional resin sculpture, final

14    three-dimensional wax sculpture, digitized file of final three-dimensional wax

15    sculpture, two-dimensional design drawing on paper); the title or name of the

16    BRATZ INVENTION, if any; the version, modification, revision or iteration

17    number of the BRATZ INVENTION, if any; the current location of the original of

18    the BRATZ INVENTION; the first day and last day on which the BRATZ

19    INVENTION was CREATED; and whether the entire invention was CREATED

20    during the period of time listed in the Interrogatory and, if not, which aspects or

21    portions of the BRATZ INVENTION were CREATED during that period of time,

22    which were CREATED earlier, and which were CREATED later.

23    (d)    with reference to a STORAGE DEVICE, means to state,

24    fully and separately as to each, the individual(s) that use or have used the

25    STORAGE DEVICE; the current location of the STORAGE DEVICE if it presently

26    exists (including the IDENTITY of the PERSON who possesses the STORAGE

27    DEVICE) or, if it no longer exists, the date on which it was destroyed or disposed

28    of; the type of STORAGE DEVICE (*e.g.*, hard drive, USB drive, etc.); whether the

1   STORAGE DEVICE has ever been copied or imaged and, if so, the current location

2   of each copy or image of the STORAGE DEVICE that has been made (including the

3   IDENTITY of the PERSONS who possess such copies or images) and the date(s) on

4   which such copies or images were made; the manufacturer name, brand, model

5   name, model number and serial number of the STORAGE DEVICE; and the

6   technical specifications and capacities of such STORAGE DEVICE.

7       (e)    with reference to a bank or financial institution account or

8   accounts, means to state, fully and separately as to each account, the name of the

9   bank or financial institution, the location and/or branch of the bank or financial

10  institution, the account number, the name in which the account is or was held, and

11  the time period during which the account is or was open.

12      (f)    with reference to a BRATZ PRODUCT, means to state,

13  fully and separately as to each, the full name of the product; the number of the

14  product; the SKU of the product; any other applicable designation of the product

15  useful for identification; the period of time during which the product was, has been

16  or will be SOLD; and the IDENTITY of each PERSON who has licensed from

17  YOU the right to SELL such BRATZ PRODUCT.

18      (g)    with reference to any other DOCUMENT or

19  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

20  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

21  respect to each such DOCUMENT, to provide a complete description of it such that

22  it may be the subject of a request for the production of documents, including by

23  stating the date, identity of the author, addressee(s), signatories, parties, or other

24  PERSONS identified therein, its present location or custodian and a description of

25  its contents.

26      29.   "Any" as used in these interrogatories includes the word "all,"

27  and the word "all" as used in these interrogatories includes the word "any."

28

30.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

**Instructions**

A.     When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

**Interrogatories**

INTERROGATORY NO. 27:

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

INTERROGATORY NO. 28:

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

INTERROGATORY NO. 29:

IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

INTERROGATORY NO. 30:

State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 31:

State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

1  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

2  RELATE TO such facts.

3

4  INTERROGATORY NO. 32:

5          State all facts that support YOUR contention, if YOU so contend, that

6  MATTEL is not or would not be entitled to injunctive relief as requested in its

7  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

8  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all

9  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

10  RELATE TO such facts.

11

12  INTERROGATORY NO. 33:

13          State all facts that support YOUR contention, if YOU so contend, that

14  MATTEL is not entitled to an award of punitive or exemplary damages against

15  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

16  DOCUMENTS that REFER OR RELATE TO such facts.

17

18  INTERROGATORY NO. 34:

19          State all facts that support YOUR contention, if YOU so contend, that

20  YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

21  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

22  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

23  DOCUMENTS that REFER OR RELATE TO such facts.

24

25  INTERROGATORY NO. 35:

26          State all facts that support YOUR contention, if YOU so contend, that

27  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

28  BRYANT to MATTEL when BRYANT performed work or services with or for

07209/2229699.1

-11-

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

**EXHIBIT 45 PAGE 682**

1  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

2  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

3  such facts.

4

5  INTERROGATORY NO. 36:

6          State all facts that support YOUR contention, if YOU so contend, that

7  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

8  not own any rights in any BRATZ INVENTION when BRYANT purported to

9  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

10 all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

11 RELATE TO such facts.

12

13 INTERROGATORY NO. 37:

14         State all facts that support YOUR contention, if YOU so contend, that

15 BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

16 purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

17 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

18 such facts.

19

20 INTERROGATORY NO. 38:

21         State all facts that support YOUR contention, if YOU so contend, that

22 BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to

23 MATTEL when BRYANT performed work or services with or for MGA while

24 BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

25 knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

26 facts.

27

28

**EXHIBIT 45 PAGE 683**

INTERROGATORY NO. 39:

       IDENTIFY each and every bank or financial institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR benefit, since January 1, 1999.

INTERROGATORY NO. 40:

       IDENTIFY each and every STORAGE DEVICE that YOU have used for any purpose which contains or contained DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ prior to January 1, 2002.

INTERROGATORY NO. 41:

       IDENTIFY all PERSONS who at any time have been employed by or under contract with MATTEL who are now or have been employed by or under contract with YOU since January 1, 1999, and, for each such PERSON, state his or her name, date of hire or effective date of contract, the date on which YOU first had contact with such PERSON regarding potential employment or contracting, the date(s) on which such PERSON was interviewed for possible employment or contracting, each title (if any) such PERSON has held while employed by or under contract with YOU, and the date of termination (if applicable).

DATED:  September 21, 2007    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                        By_____
                          B. Dylan Proctor
                          Attorneys for Plaintiff
                          Mattel, Inc.

**EXHIBIT 45 PAGE 684**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On September 21, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071
*Attorneys for MGA ENTERTAINMENT, INC.*

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
*Attorneys for Carter Bryant*

Patricia Glaser, Esq.
**Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
*Attorney for MGA Entertainment*

James Spertus
**Law Offices of James W. Spertus**
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2229579.1

**EXHIBIT 45 PAGE 685**