# EXHIBIT 46

DALE M. CENDALI (admitted pro hac vice)
DIANA M. TORRES (S.B. #162284)
MARC F. FEINSTEIN (S.B. #158901)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Counter-defendants MGA
Entertainment, Inc., Isaac Larian, MGA
Entertainment (HK) Limited, and MGAE de
Mexico S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant | Case No. CV 05-2727 SGL (RNBx)<br>(Consolidated with CV 04-09049 and CV 04-9059)<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Judge:      Hon. Stephen G. Larson<br>Courtroom: 1 |

EXHIBIT 46 PAGE 686

1    Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA

2  Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively

3  the "MGA Defendants") hereby answer, for themselves alone, the Second

4  Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:

5    As a preliminary matter, Mattel's use of headings throughout its

6  counterclaims is improper, and therefore no response to Mattel's headings is

7  required.  If any response is required, MGA Defendants deny all allegations

8  contained in Mattel's headings.

9                      <u>**RESPONSES**</u>

10    1.    MGA Defendants deny the allegations set forth in paragraph 1.

11    2.    MGA Defendants deny the allegations set forth in paragraph 2.

12    3.    MGA Defendants admit that MGA decided to expand into

13  Mexico in or about 2004, and deny the remaining allegations set forth in paragraph

14  3.

15    4.    MGA Defendants deny the allegations set forth in paragraph 4.

16    5.    MGA Defendants deny the allegations set forth in paragraph 5.

17    6.    MGA Defendants admit that the Court has federal question

18  jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§

19  101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the

20  Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.

21    7.    MGA Defendants admit that venue is proper in this District for

22  Mattel's claims based on conduct alleged to have occurred within this District and

23  deny that venue is proper in this District for acts alleged to have occurred in

24  Mexico, Canada, Hong Kong, or other places outside of this District.

25    8.    MGA Defendants admit the allegations set forth in paragraph 8.

26    9.    MGA Defendants admit the allegations set forth in the first and

27  second sentences of paragraph 9, and deny the remaining allegations set forth in

28  paragraph 9.

LA2:841935.2                        - 2 -

**EXHIBIT 46 PAGE 687**

1        10.    MGA Defendants admit the allegations set forth in paragraph

2   10.

3        11.    MGA Defendants admit the allegations set forth in the first

4   sentence of paragraph 11, and deny the remaining allegations set forth in paragraph

5   11.

6        12.    MGA Defendants admit the allegations set forth in paragraph

7   12.

8        13.    MGA Defendants admit the allegations set forth in the first

9   sentence of paragraph 13, and deny the remaining allegations set forth in paragraph

10  13.

11       14.    MGA Defendants admit the allegations set forth in paragraph

12  14.

13       15.    Paragraph 15 is a statement of Mattel's legal position, to which

14  no response is necessary.  To the extent a response is required, MGA Defendants

15  deny the allegations set forth in paragraph 15.

16       16.    MGA Defendants admit the allegations set forth in the first

17  sentence of paragraph 16.  MGA Defendants are without sufficient knowledge to

18  admit or deny the remaining allegations set forth in paragraph 16, and on that basis,

19  deny the remaining allegations set forth in paragraph 16.

20       17.    MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 17, and on that basis, deny the

22  allegations set forth in paragraph 17.

23       18.    MGA Defendants are without sufficient knowledge to admit or

24  deny the allegations set forth in paragraph 18, and on that basis, deny the

25  allegations set forth in paragraph 18.

26       19.    MGA Defendants admit that MGA is a toy manufacturer, that

27  MGA began as a consumer electronics business and expanded into the toy business

28  with licenses to sell handheld electronic games, and later expanded its business by

LA2:841935.2

- 3 -

EXHIBIT 46 PAGE 688

1    launching the Bratz fashion doll line, and deny the remaining allegations set forth in

2    paragraph 19.

3         20.    MGA Defendants deny the allegations set forth in paragraph 20.

4         21.    MGA Defendants admit that Carter Bryant is a former employee

5    of Mattel, and state that they are without sufficient knowledge to admit or deny the

6    remaining allegations set forth in paragraph 21, and on that basis, deny the

7    remaining allegations set forth in paragraph 21.

8         22.    MGA Defendants are without sufficient knowledge to admit or

9    deny the allegations set forth in paragraph 22, and on that basis, deny the

10   allegations set forth in paragraph 22.

11        23.    MGA Defendants are without sufficient knowledge to admit or

12   deny the allegations set forth in paragraph 23, and on that basis, deny the

13   allegations set forth in paragraph 23.

14        24.    MGA Defendants are without sufficient knowledge to admit or

15   deny the allegations set forth in paragraph 24, and on that basis, deny the

16   allegations set forth in paragraph 24.

17        25.    MGA Defendants are without sufficient knowledge to admit or

18   deny the allegations set forth in paragraph 25, and on that basis, deny the

19   allegations set forth in paragraph 25.

20        26.    MGA Defendants deny the allegations set forth in paragraph 26.

21        27.    MGA Defendants deny the allegations set forth in paragraph 27.

22        28.    MGA Defendants deny the allegations set forth in paragraph 28.

23        29.    MGA Defendants deny the allegations set forth in paragraph 29.

24        30.    MGA Defendants admit that after MGA made the decision to

25   proceed with the manufacture of the Bratz dolls, MGA employees communicated

26   with employees of MGA Entertainment (HK) Limited on subjects including the

27   manufacturing of Bratz, and deny the remaining allegations set forth in the first

28

LA2:841935.2                          - 4 -

EXHIBIT 46 PAGE 689

1    sentence of paragraph 30.  MGA Defendants admit the second sentence of

2    paragraph 30.

3         31.    MGA Defendants admit that samples of the four original Bratz

4    dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the

5    remaining allegations set forth in paragraph 31.

6         32.    MGA Defendants admit that MGA and its subsidiaries have

7    distributed and sold Bratz and Bratz-related products in many countries throughout

8    the world, that MGA and its subsidiaries have licensed Bratz to third parties, that

9    MGA has derived annual revenues from its sales and licenses of Bratz in excess of

10   $500 million, that MGA and its subsidiaries continue to market, sell and license

11   Bratz and intend to continue to do so, and deny the remaining allegations set forth

12   in paragraph 32.

13        33.    MGA Defendants deny the allegations set forth in paragraph 33.

14        34.    MGA Defendants deny the allegations set forth in paragraph 34.

15        35.    MGA Defendants deny the allegations set forth in paragraph 35.

16        36.    MGA Defendants admit that Bryant had an agreement with

17   MGA, state that the terms of the agreement speak for themselves, and deny the

18   remaining allegations set forth in paragraph 36.

19        37.    MGA Defendants admit that in or about late 2003 or early 2004,

20   MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to

21   conduct business in Mexico, admit that MGAE de Mexico hired three employees of

22   Mattel's Mexican subsidiary, and deny the remaining allegations set forth in

23   paragraph 37.

24        38.    MGA Defendants admit that Carlos Gustavo Machado Gomez

25   was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado

26   was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that

27   Machado had access to some nonpublic business information of Mattel Mexico, and

28   state that they are without sufficient knowledge to admit or deny the remaining

LA2:841935.2                          - 5 -

EXHIBIT 46 PAGE 690

1   allegations set forth in paragraph 38, and on that basis, deny the remaining

2   allegations set forth in paragraph 38.

3        39.    MGA Defendants admit that Mariana Trueba Almada was a

4   Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had

5   access to some nonpublic business information of Mattel Mexico, and state that

6   they are without sufficient knowledge to admit or deny the remaining allegations

7   set forth in paragraph 39, and on that basis, deny the remaining allegations set forth

8   in paragraph 39.

9        40.    MGA Defendants admit that Pablo Vargas San Jose was a Trade

10   Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel

11   Mexico from March 2001 until April 19, 2004, admit that Vargas had access to

12   some nonpublic business information of Mattel Mexico, and state that they are

13   without sufficient knowledge to admit or deny the remaining allegations set forth in

14   paragraph 40, and on that basis, deny the remaining allegations set forth in

15   paragraph 40.

16        41.    MGA Defendants admit that in or about early 2004, Machado,

17   Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

18   and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

19   identify their new employer to Mattel Mexico, admit that Machado, Trueba and

20   Vargas were offered and accepted employment with MGAE de Mexico, and deny

21   the remaining allegations set forth in paragraph 41.

22        42.    MGA Defendants admit that MGA personnel communicated by

23   telephone with Machado and Vargas prior to their Mattel resignations, admit that

24   MGA personnel, including Isaac Larian, communicated by e-mail with Machado

25   and Vargas concerning terms of employment through an America Online e-mail

26   account with the address <plot04@aol.com>, and deny the remaining allegations

27   set forth in paragraph 42.

28

LA2:841935.2

- 6 -

EXHIBIT 46 PAGE 691

1    43.    MGA Defendants admit that in or about March 2004, Machado,
2  Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April
3  2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed
4  with MGA personnel, including Larian, employment at MGAE de Mexico, state
5  that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the
6  remaining allegations set forth in paragraph 43.

7    44.    MGA Defendants are without sufficient knowledge to admit or
8  deny the allegations set forth in paragraph 44, and on that basis, deny the
9  allegations set forth in paragraph 44.

10    45.    MGA Defendants are without sufficient knowledge to admit or
11  deny the allegations set forth in paragraph 45, and on that basis, deny the
12  allegations set forth in paragraph 45.

13    46.    MGA Defendants are without sufficient knowledge to admit or
14  deny the allegations set forth in paragraph 46, and on that basis, deny the
15  allegations set forth in paragraph 46.

16    47.    MGA Defendants are without sufficient knowledge to admit or
17  deny the allegation set forth in the third sentence of paragraph 47, and on that basis,
18  deny these allegations, and deny the remaining allegations set forth in paragraph 47.

19    48.    MGA Defendants deny the allegations set forth in paragraph 48.
20    49.    MGA Defendants deny the allegations set forth in paragraph 49.
21    50.    MGA Defendants are without sufficient knowledge to admit or
22  deny the allegation that MGA publicized a claim that, in 2005, it had increased its
23  Mexican market share by 90% over the prior year, and on that basis, deny this
24  allegation, and deny the remaining allegations set forth in paragraph 50.

25    51.    MGA Defendants deny the allegations set forth in paragraph 51.
26    52.    MGA Defendants deny the allegations set forth in paragraph 52.
27    53.    MGA Defendants admit that on October 27, 2005, Mexican
28  authorities searched MGAE de Mexico and seized certain documents, and state that

LA2:841935.2

- 7 -

EXHIBIT 46 PAGE 692

1  they are without sufficient knowledge to admit or deny the remaining allegations

2  set forth in paragraph 53, and on that basis, deny the remaining allegations set forth

3  in paragraph 53.

4         54.    MGA Defendants admit that Machado was transferred from

5  MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado

6  resides in the County of Los Angeles, and deny the remaining allegations set forth

7  in paragraph 54.

8         55.    MGA Defendants admit the allegations set forth in the first

9  sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on

10  April 22, 1996, and state that they are without sufficient knowledge to admit or

11  deny the remaining allegations set forth in the second sentence of paragraph 55, and

12  on that basis, deny the remaining allegations set forth in the second sentence of

13  paragraph 55. MGA Defendants admit the allegations set forth in third sentence of

14  paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a

15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the

16  remaining allegations in the fourth sentence of paragraph 55 are a statement of

17  Mattel's legal position, to which no response is necessary.  To the extent a response

18  is required, MGA Defendants deny the remaining allegations set forth in paragraph

19  55.

20         56.    MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 56, and on that basis, deny the

22  allegations set forth in paragraph 56.  The last sentence of paragraph 56 is a

23  statement of Mattel's legal position, to which no response is necessary.  To the

24  extent a response is required, MGA Defendants deny the remaining allegations set

25  forth in paragraph 56.

26         57.    MGA Defendants admit that by 2003, Brawer had advanced

27  within Mattel to a Senior Vice President position over customer marketing, and

28  state that the remaining allegations in the first sentence of paragraph 57 are a

LA2:841935.2                              - 8 -

**EXHIBIT 46 PAGE 693**

1  statement of Mattel's legal position, to which no response is necessary.  To the

2  extent a response is required, MGA Defendants deny the remaining allegations set

3  forth in the first sentence of paragraph 57.  MGA Defendants admit that in his

4  executive position, Brawer was provided access to certain nonpublic Mattel

5  information.

6        58.   MGA Defendants admit the allegations set forth in the first

7  sentence of paragraph 58.  MGA Defendants deny the allegations set forth in the

8  second sentence of paragraph 58.  MGA Defendants are without sufficient

9  knowledge to admit or deny the remaining allegations set forth in paragraph 58, and

10  on that basis, deny the remaining allegations set forth in paragraph 58.

11        59.   MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 59, and on that basis, deny the

13  allegations set forth in paragraph 59.

14        60.   MGA Defendants admit that in April 2004, Mattel made Brawer

15  a Senior Vice President/General Manager, and state that they are without sufficient

16  knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17  on that basis, deny the remaining allegations set forth in paragraph 60.

18        61.   MGA Defendants admit that in May 2004, Brawer began

19  performing General Manager duties, working with one of Mattel's major retail

20  customer accounts, and state that they are without sufficient knowledge to admit or

21  deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22  remaining allegations set forth in paragraph 61.

23        62.   MGA Defendants admit the allegations set forth in the first

24  sentence of paragraph 62.  MGA Defendants admit that as Brawer left, he carried a

25  large cardboard box, and deny the remaining allegations set forth in the second

26  sentence of paragraph 62.  MGA Defendants state that they are without sufficient

27  knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28  on that basis, deny the remaining allegations set forth in paragraph 62.

LA2:841935.2

- 9 -

EXHIBIT 46 PAGE 694

1    63.    MGA Defendants admit the allegations set forth in paragraph

2    63.

3        64.    MGA Defendants admit that on September 20, 2004, Mattel

4    hand-delivered a letter to Brawer, state that the contents of the letter speak for

5    themselves, and deny the remaining allegations set forth in paragraph 64.

6        65.    MGA Defendants admit that at his exit interview on September

7    29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed

8    on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer

9    stated that he had not signed the Code of Conduct, and deny the remaining

10   allegations set forth in paragraph 65.

11       66.    MGA Defendants admit that on October 1, 2004, Brawer's last

12   day of employment with Mattel, Mattel delivered a letter to Brawer, state that the

13   contents of the letter speak for themselves, and deny the remaining allegations set

14   forth in paragraph 66.

15       67.    MGA Defendants admit that Brawer became MGA's Executive

16   Vice President of Sales and Marketing, admit that he was responsible for sales

17   worldwide, admit that he had and continues to have responsibility for MGA's

18   accounts with some of the same retailers that he worked with while at Mattel, and

19   deny the remaining allegations set forth in paragraph 67.

20       68.    MGA Defendants admit that Brawer stated during his exit

21   interview that he had returned all confidential proprietary information to Mattel,

22   state that he did not provide copies of information from his personal contacts file,

23   and deny the remaining allegations set forth in paragraph 68.

24       69.    MGA Defendants admit that since leaving Mattel, Brawer has

25   had contacts with certain Mattel employees, both by telephone and electronic mail,

26   and deny the remaining allegations set forth in paragraph 69.

27       70.    MGA Defendants deny the allegations set forth in paragraph 70.

28

LA2:841935.2                                   - 10 -

EXHIBIT 46 PAGE 695

71.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis, deny the allegations set forth in paragraph 71.

72.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis, deny the allegations set forth in paragraph 72.

73.    MGA Defendants admit that on September 26, 2005, Brisbois resigned from Mattel Canada, state that she took a position as Vice President of National Accounts at MGAE Canada, and deny the remaining allegations set forth in the first sentence of paragraph 73. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 73, and on that basis, deny the remaining allegations set forth in paragraph 73.

74.    MGA Defendants admit that Brisbois spoke with Isaac Larian by telephone on or about the evening of September 22, 2005, deny that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, deny that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 74, and on that basis, deny the remaining allegations set forth in paragraph 74.

75.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 75, and on that basis, deny the allegations set forth in paragraph 75.

76.    MGA Defendants admit that Brisbois traveled several times to MGA's offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a press release, state that the press release speaks for itself, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph 76.

EXHIBIT 46 PAGE 696

1      77.    MGA Defendants admit that MGA has hired at least 25

2   employees directly from Mattel's United States operations in the past few years,

3   and deny the remaining allegations set forth in paragraph 77.

4      78.    MGA Defendants deny the allegations set forth in the first

5   sentence of paragraph 78. MGA Defendants admit that Larian has sent email

6   messages to a "Bratz News" distribution list, admit that the recipients of e-mail

7   messages sent to the "Bratz News" distribution list includes members of the media

8   as well as representatives of customers of both MGA and Mattel, and deny the

9   remaining allegations set forth in paragraph 78.

10      79.    MGA Defendants admit that on May 12, 2006, Larian sent an

11   email message to the "Bratz News" distribution list that included a reference to the

12   new My Scene product with real gems, and state that they are without sufficient

13   knowledge to admit or deny the remaining allegations set forth in paragraph 79, and

14   on that basis, deny the remaining allegations set forth in paragraph 79.

15      80.    MGA Defendants admit that Larian told one retailer that such

16   retailer was the only retailer with plans to purchase MY SCENE BLING BLING

17   with real gems, at a time when Larian had a good faith belief that such retailer was

18   the only retailer with plans to purchase MY SCENE BLING BLING with real

19   gems, and deny the remaining allegations set forth in paragraph 80.

20      81.    MGA Defendants deny the allegation set forth in paragraph 81.

21      82.    MGA Defendants repeat their responses contained in paragraphs

22   1 through 81 of this Answer and incorporate them by reference as though fully and

23   completely set forth herein.

24      83.    MGA Defendants deny the allegations set forth in paragraph 83.

25      84.    MGA Defendants deny the allegations set forth in paragraph 84.

26      85.    MGA Defendants deny the allegations set forth in paragraph 85.

27      86.    MGA Defendants deny the allegations set forth in paragraph 86.

28      87.    MGA Defendants deny the allegations set forth in paragraph 87.

LA2:841935.2

- 12 -

EXHIBIT 46 PAGE 697

88.   MGA Defendants repeat their responses contained in paragraphs 1 through 87 of this Answer and incorporate them by reference as though fully and completely set forth herein.

89.   MGA Defendants deny the allegations set forth in paragraph 89.

90.   MGA Defendants deny the allegations set forth in paragraph 90.

91.   MGA Defendants deny the allegations set forth in paragraph 91.

92.   MGA Defendants deny the allegations set forth in paragraph 92.

93.   MGA Defendants deny the allegations set forth in paragraph 93.

94.   MGA Defendants deny the allegations set forth in paragraph 94.

95.   MGA Defendants deny the allegations set forth in paragraph 95.

96.   MGA Defendants deny the allegations set forth in paragraph 96.

97.   MGA Defendants deny the allegations set forth in paragraph 97.

98.   MGA Defendants repeat their responses contained in paragraphs 1 through 97 of this Answer and incorporate them by reference as though fully and completely set forth herein.

99.   MGA Defendants deny the allegations set forth in paragraph 99.

100.   MGA Defendants deny the allegations set forth in paragraph 100.

101.   MGA Defendants deny the allegations set forth in paragraph 101.

102.   MGA Defendants deny the allegations set forth in paragraph 102.

103.   MGA Defendants deny the allegations set forth in paragraph 103.

104.   MGA Defendants deny the allegations set forth in paragraph 104.

105.   MGA Defendants deny the allegations set forth in paragraph 105.

LA2:841935.2

- 13 -

EXHIBIT 46 PAGE 698

106.   MGA Defendants repeat their responses contained in paragraphs 1 through 105 of this Answer and incorporate them by reference as though fully and completely set forth herein.

107.   MGA Defendants deny the allegations set forth in paragraph 107.

108.   MGA Defendants deny the allegations set forth in paragraph 108.

109.   MGA Defendants deny the allegations set forth in paragraph 109.

110.   MGA Defendants deny the allegations set forth in paragraph 110.

111.   MGA Defendants deny the allegations set forth in paragraph 111.

112.   MGA Defendants deny the allegations set forth in paragraph 112.

113.   MGA Defendants deny the allegations set forth in paragraph 113.

114.   MGA Defendants deny the allegations set forth in paragraph 114.

115.   MGA Defendants deny the allegations set forth in paragraph 115.

116.   MGA Defendants repeat their responses contained in paragraphs 1 through 115 of this Answer and incorporate them by reference as though fully and completely set forth herein.

117.   MGA Defendants deny the remaining allegations set forth in paragraph 117.

118.   MGA Defendants deny the allegations set forth in paragraph 118.

- 14 -

EXHIBIT 46 PAGE 699

1    119.   MGA Defendants deny the allegations set forth in paragraph
2    119.

3    120.   MGA Defendants deny the allegations set forth in paragraph
4    120.

5    121.   MGA Defendants deny the allegations set forth in paragraph
6    121.

7    122.   MGA Defendants repeat their responses contained in paragraphs
8    1 through 121 of this Answer and incorporate them by reference as though fully and
9    completely set forth herein.

10   123.   MGA Defendants deny the allegations set forth in paragraph
11   123.

12   124.   MGA Defendants deny the allegations set forth in paragraph
13   124.

14   125.   MGA Defendants deny the allegations set forth in paragraph
15   125.

16   126.   MGA Defendants deny the allegations set forth in paragraph
17   126.

18   127.   MGA Defendants deny the allegations set forth in paragraph
19   127.

20   128.   MGA Defendants deny the allegations set forth in paragraph
21   128.

22   129.   MGA Defendants repeat their responses contained in paragraphs
23   1 through 128 of this Answer and incorporate them by reference as though fully and
24   completely set forth herein.

25   130.   The first and fifth sentences of paragraph 130 are statements of
26   Mattel's legal position, to which no response is necessary.  To the extent a response
27   is required, MGA Defendants deny the allegations set forth in the first and fifth
28   sentences of paragraph 130.  MGA Defendants are without sufficient knowledge to

LA2:841935.2                              - 15 -

EXHIBIT 46 PAGE 700

1  admit or deny the remaining allegations set forth in paragraph 130, and on that
2  basis, deny the remaining allegations set forth in paragraph 130.

3      131.   MGA Defendants deny the allegations set forth in paragraph
4  131.

5      132.   MGA Defendants deny the allegations set forth in paragraph
6  132.

7      133.   MGA Defendants deny the allegations set forth in paragraph
8  133.

9      134.   MGA Defendants deny the allegations set forth in paragraph
10  134.

11      135.   MGA Defendants deny the allegations set forth in paragraph
12  135.

13      136.   MGA Defendants repeat their responses contained in paragraphs
14  1 through 135 of this Answer and incorporate them by reference as though fully and
15  completely set forth herein.

16      137.   MGA Defendants deny the allegations set forth in paragraph
17  137.

18      138.   MGA Defendants deny the allegations set forth in paragraph
19  138.

20      139.   MGA Defendants deny the allegations set forth in paragraph
21  139.

22      140.   MGA Defendants deny the allegations set forth in paragraph
23  140.

24      141.   MGA Defendants deny the allegations set forth in paragraph
25  141.

26      142.   MGA Defendants repeat their responses contained in paragraphs
27  1 through 141 of this Answer and incorporate them by reference as though fully and
28  completely set forth herein.

LA2:841935.2                                      - 16 -

EXHIBIT 46 PAGE 701

1    143.   Paragraph 143 is a statement of Mattel's legal position, to which
2    no response is necessary. To the extent a response is required, MGA Defendants
3    deny the allegations set forth in the paragraph 143.

4    144.   MGA Defendants deny the allegations set forth in paragraph
5    144.

6    145.   MGA Defendants deny the allegations set forth in paragraph
7    145.

8    146.   MGA Defendants deny the allegations set forth in paragraph
9    146.

10    147.   MGA Defendants deny the allegations set forth in paragraph
11    147.

12    148.   MGA Defendants deny the allegations set forth in paragraph
13    148.

14    149.   MGA Defendants repeat their responses contained in paragraphs
15    1 through 148 of this Answer and incorporate them by reference as though fully and
16    completely set forth herein.

17    150.   MGA Defendants deny the allegations set forth in paragraph
18    150.

19    151.   MGA Defendants deny the allegations set forth in paragraph
20    151.

21    152.   MGA Defendants deny the allegations set forth in paragraph
22    152.

23    153.   MGA Defendants deny the allegations set forth in paragraph
24    153.

25    154.   MGA Defendants deny the allegations set forth in paragraph
26    154.

27

28

LA2:841935.2

- 17 -

EXHIBIT 46 PAGE 702

1         155.   MGA Defendants repeat their responses contained in paragraphs

2    1 through 154 of this Answer and incorporate them by reference as though fully and

3    completely set forth herein.

4         156.   MGA Defendants deny the allegations set forth in paragraph

5    156.

6         157.   MGA Defendants deny the allegations set forth in paragraph

7    157.

8         158.   MGA Defendants deny the allegations set forth in paragraph

9    158.

10        159.   MGA Defendants deny the allegations set forth in paragraph

11   159.

12        160.   MGA Defendants deny the allegations set forth in paragraph

13   160.

14        161.   MGA Defendants deny the allegations set forth in paragraph

15   161.

16        162.   MGA Defendants deny the allegations set forth in paragraph

17   162.

18        163.   MGA Defendants repeat their responses contained in paragraphs

19   1 through 162 of this Answer and incorporate them by reference as though fully and

20   completely set forth herein.

21        164.   MGA Defendants deny the allegations set forth in paragraph

22   164.

23        165.   MGA Defendants deny the allegations set forth in paragraph

24   165.

25        166.   MGA Defendants deny the allegations set forth in paragraph

26   166.

27

28

EXHIBIT 46 PAGE 703

167.    MGA Defendants repeat their responses contained in paragraphs 1 through 166 f this Answer and incorporate them by reference as though fully and completely set forth herein.

168.    MGA Defendants deny the allegations set forth in paragraph 168.

169.    Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 169.

170.    Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of MGA Defendants or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, MGA Defendants allege the following affirmative defenses to the Counterclaims. By designating the following as affirmative defenses, MGA Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein. MGA Defendants also do not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses. These defenses are pled in the alternative, and are raised to preserve the rights of MGA Defendants to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against MGA Defendants upon which relief can be granted.

LA2:841935.2

- 19 -

EXHIBIT 46 PAGE 704

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts.  This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

**EXHIBIT 46 PAGE 705**

1   pretense in order to interrogate them about Bratz and this litigation; Mattel's

2   coercing its employees to accept restrictive covenants (right before a massive

3   layoff) and non-compete clauses and other efforts to prevent prospective MGA

4   employees from accepting offers of employment; Mattel's delay in suing Carter

5   Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel

6   case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

7   public and retailers; and Mattel's taking all measures to conceal its bad acts,

8   including the willful non-retention and destruction of documents.  Additionally,

9   Mattel believed from the time that Carter Bryant left Mattel's employ that he was

10  going to perform work for a Mattel competitor.  Mattel began investigating Bryant

11  and MGA Defendants, including Bryant's role in the creation and development of

12  Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring

13  suit, all the while allowing MGA Defendants to spend years developing their

14  business and invest tens of millions of dollars developing the Bratz products and

15  building the Bratz brand.  These averments are made on information and belief

16  except where MGA Defendants have knowledge thereof.

17              **THIRD AFFIRMATIVE DEFENSE**

18                        (Laches)

19       Mattel's counterclaims are barred by the equitable doctrine of laches

20  because, among other things, Mattel believed from the time that Carter Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22  began investigating Bryant and MGA Defendants, including Bryant's role in the

23  creation and development of Bratz, at least as early as March 2002 and thereafter

24  continued its investigation into Bryant's role in the creation and development of

25  Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert

26  Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for

27  Bratz from Mattel and sold it to MGA Defendants.  Nonetheless, Mattel waited

28  years to bring suit, all the while allowing MGA Defendants to spend years

LA2:841935.2

- 21 -

EXHIBIT 46 PAGE 706

1   developing their business and invest tens of millions of dollars developing the Bratz

2   products and building the Bratz brand.

3   ### FOURTH AFFIRMATIVE DEFENSE

4   ### (Statute of Limitations)

5       Mattel's counterclaims are barred by the applicable statutes of limitations,

6   including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code

7   of Civil Procedure §§ 337, 339, 343 and 338(c).

8   ### FIFTH AFFIRMATIVE DEFENSE

9   ### (*Bona Fide* Purchaser for Value)

10      Mattel cannot maintain its counterclaims against MGA Defendants because

11  MGA Defendants paid valuable consideration for Bryant's assignment of his rights

12  in the original Bratz drawings to MGA Defendants, and MGA Defendants acted

13  with a good faith belief that Bryant owned the rights to his original Bratz drawings

14  and that his assignment of such rights to MGA Defendants was valid and

15  permissible.

16  ### SIXTH AFFIRMATIVE DEFENSE

17  ### (17 U.S.C. § 205(d))

18      Mattel cannot maintain its counterclaims against MGA Defendants because,

19  among other things, MGA Defendants acted with a good faith belief that Bryant

20  owned the rights to his original Bratz drawings and that his assignment of such

21  rights to MGA Defendants was valid and permissible.

22  ### SEVENTH AFFIRMATIVE DEFENSE

23  ### (Information Readily Ascertainable)

24      MGA Defendants cannot be liable, either on their own account or by

25  association with other defendants, for misappropriation of information that was

26  readily ascertainable by proper means at the time of the alleged acquisition or use.

27  Such information includes, but is not limited to, the identity of suppliers,

28

LA2:841935.2

- 22 -

EXHIBIT 46 PAGE 707

1  manufacturers, distributors and retailers; contact information for the same; and

2  sales, marketing and media data.

3  ## EIGHTH AFFIRMATIVE DEFENSE

4  ### (Acts or Omissions of Others)

5  Mattel's damages, if any, were not caused by MGA Defendants and are not

6  attributable to any acts or omissions of MGA Defendants.

7  ## NINTH AFFIRMATIVE DEFENSE

8  ### (Estoppel)

9  Mattel's counterclaims are barred in whole or in part by the equitable

10  doctrine of estoppel because, among other things, Mattel believed from the time

11  that Carter Bryant left Mattel's employ that he was going to perform work for a

12  Mattel competitor.  Mattel began investigating Bryant and MGA Defendants,

13  including Bryant's role in the creation and development of Bratz, at least as early as

14  March 2002.  Nonetheless, Mattel waited years to bring suit, all the while allowing

15  MGA Defendants to spend years developing their business and invest tens of

16  millions of dollars developing the Bratz products and building the Bratz brand.

17  ## TENTH AFFIRMATIVE DEFENSE

18  ### (Acquiescence)

19  Mattel's counterclaims are barred in whole or in part by acquiescence

20  because, among other things, Mattel believed from the time that Carter Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22  began investigating Bryant and MGA Defendants, including Bryant's role in the

23  creation and development of Bratz, at least as early as March 2002.  Nonetheless,

24  Mattel waited years to bring suit, all the while allowing MGA Defendants to spend

25  years developing their business and invest tens of millions of dollars developing the

26  Bratz products and building the Bratz brand.  Additionally, Mattel tolerated and

27  condoned conduct by other employees similar to the alleged conduct by Bryant and

28  others on which Mattel bases its claims.

LA2:841935.2

- 23 -

EXHIBIT 46 PAGE 708

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

MGA Defendants deny that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA Defendants to spend years developing their business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(De Minimus Use)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

LA2:841935.2

- 24 -

**EXHIBIT 46 PAGE 709**

1   aspect of a Mattel copyrighted work, such use would be *de minimus* and non-
2   infringing.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Joint Authorship)

5       MGA Defendants deny that Mattel owns any copyright interest in the alleged
6   works, but even if it did, any liability would be eliminated or greatly diminished by
7   the doctrine of joint authorship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Competition Privilege/Justification)

10       Mattel's counterclaims are barred in whole or in part on the grounds that the
11   acts of the MGA Defendants were lawful competition or justified.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

14       Mattel's counterclaims are barred in whole or in part because the MGA
15   Defendants acted in good faith.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Lack of Authority)

18       Mattel's counterclaims are barred in whole or in part on the grounds that to
19   the extent any person committed an unlawful or tortious act, the person lacked
20   authority to commit such act on behalf of the MGA Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

23       Mattel's counterclaims are barred in whole or in part by its lack of standing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Joinder in Defenses of Co-Defendants)

26       MGA Defendants hereby adopt and incorporate by reference any and all
27   other affirmative defenses that have been or will be asserted by any other defendant
28   (including Bryant) in this litigation to the extent that defendants may share in such

LA2:841935.2

- 25 -

**EXHIBIT 46 PAGE 710**

1    affirmative defenses.

2    ### TWENTY-SECOND AFFIRMATIVE DEFENSE

3    ### (Undiscovered Defenses)

4         MGA Defendants have insufficient knowledge or information upon which to

5    form a belief as to whether additional defenses are available.  MGA Defendants

6    reserve the right to assert any further or additional defenses upon receiving more

7    complete information regarding the matters alleged in the Counterclaims, through

8    discovery or otherwise.

9

10        WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11   Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12        a.    that the Counterclaims be dismissed with prejudice;

13        b.    that judgment be entered in favor of counter-defendants and against

14   counterclaimant;

15        c.    that counter-defendants recover their costs and attorneys' fees; and

16        d.    that the Court award such other and further relief as is just and proper.

17

18   Dated:  September 19, 2007          O'MELVENY & MYERS LLP

19

20

21                                      Marc F. Feinstein
                                        Attorneys for Counter-defendants
22                                      MGA Entertainment, Inc., Isaac Larian,
                                        MGA Entertainment (HK) Limited, and
23                                      MGAE de Mexico S.R.L. de C.V.

24

25

26

27

28

LA2:841935.2                    - 26 -

EXHIBIT 46 PAGE 711

1

## PROOF OF SERVICE

2          I, Karen A. Nakatsu, declare:

3          I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,
4    California 90071-2899. On September 19, 2007, I served the within document(s):

5          **AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF**
**MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT**
6          **(HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V.**
**TO MATTEL, INC.'S SECOND AMENDED ANSWER AND**
7          **COUNTERCLAIMS**

8    ☒    by causing to be personally served the document(s) listed above to the person(s)
listed below.
9

10   John B. Quinn, Esq.
Michael T. Zeller, Esq.
11   B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
12   865 South Figueroa Street,
10th Floor
13   Los Angeles, CA 90017

14   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles, California addressed as set
15   forth below. I am readily familiar with the firm's practice of collecting and
processing correspondence for mailing. Under that practice it would be deposited
16   with the U.S. Postal Service on that same day with postage thereon fully prepaid in
the ordinary course of business. I am aware that on motion of the party served,
17   service is presumed invalid if the postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

18

19   Patricia Glaser, Esq.                    Michael H. Page, Esq.
Christensen, Glaser, Fink, Jacobs,         Keker & Van Nest LLP
20   Weil & Shapiro, LLP                        710 Sansome Street
10250 Constellation Blvd.,                 San Francisco, CA 94111
21   19th Floor
Los Angeles, CA 90067
22

23   James W. Spertus, Esq.
Law Offices of James W. Spertus
24   12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025
25

26

27

28

LA2:817525.2

**EXHIBIT 46 PAGE 712**

1          I declare under penalty of perjury under the laws of the United States that the
2    above is true and correct.

3          Executed on September 19, 2007, at Los Angeles, California.

4

5                                     _____
6                                         Karen A. Nakatsu

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:817525.2

**EXHIBIT 46 PAGE 713**

# EXHIBIT 47

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**
WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

October 3, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

| | | |
|---|---|---|
| Diana Torres | Michael H. Page, Esq. | Mark E. Overland, Esq. |
| O'Melveny & Meyers, LLP | Keker & Van Nest, LLP | Overland Borenstein Scheper |
| 400 S. Hope Street | 710 Sansome Street | & Kim, LLP |
| Los Angeles, CA 90071 | San Francisco, CA 94111 | 300 S. Grand Ave., Suite 2750 |
| | | Los Angeles, CA 90071-3144 |

Re:    <u>Mattel, Inc. v. Carter Bryant, et al.</u>

Dear Counsel:

Pursuant to Local Rule 7-3 of the United States District Court for the Central District of California, this letter serves to inform you that Mattel seeks to meet and confer prior to bringing a motion: (1) objecting to the Discovery Master's Order Granting in Part Mattel's Motion for Additional Time to Depose Carter Bryant; and (2) seeking additional discovery.

As you know, on September 28, 2007, the Discovery Master granted Mattel nine hours to complete Carter Bryant's deposition.  This amount of time is insufficient, given the number of new claims filed and new documents produced since Mr. Bryant's last deposition.   Mattel will also seek an order permitting it to take 15 to 20 additional fact depositions and 15 to 20 additional interrogatories.  Given the number of issues raised by the three complaints in this case, the 50 interrogatories and 24 depositions currently allowed to Mattel are insufficient, particularly given the still outstanding Phase II issues.  Finally, as Mattel has still not deposed MGA regarding a number of key issues, Mattel will also seek to take an additional <u>Rule</u> 30(b)(6) deposition.

**EXHIBIT 47 PAGE 714**

Please advise as to what time it would be convenient for you to meet and confer regarding the above-referred subjects.  As always, please do not hesitate to contact me if you have any questions.


Very truly yours,



B. Dylan Proctor
07209/2241253.1

2

**EXHIBIT 47 PAGE 715**

**EXHIBIT 48**

**Jon Corey**

| | |
|---|---|
| **From:** | Scott Gizer [sgizer@chrisglase.com] |
| **Sent:** | Tuesday, October 09, 2007 11:36 AM |
| **To:** | Scott Gizer; 'Charron, William'; 'John E. Trinidad'; Jon Corey; Amman Khan; 'Michael Page'; 'Jenal, Jim' |
| **Cc:** | Brent Smyth; Michael T Zeller; Dylan Proctor |
| **Subject:** | RE: 10/8 Conference Call |

I apologize, but we are going to have to postpone this afternoon's conference call. We would like to reschedule it for Thursday. What is everyone's availability that day? Dylan, we would also like to meet and confer at that time regarding Mattel's proposal to go beyond the 24-deposition and 50-interrogatory limits.

**EXHIBIT 48 PAGE 716**

**EXHIBIT 49**

## Jon Corey

| | |
|---|---|
| **From:** | Amman Khan [akhan@chrisglase.com] |
| **Sent:** | Thursday, October 11, 2007 12:50 PM |
| **To:** | Jon Corey; Scott Gizer; Charron, William; John E. Trinidad; Michael Page; Jenal, Jim; Dylan Proctor; Brent Smyth |
| **Cc:** | Skadden - Thomas J. Nolan; Patricia Glaser; Joel Klevens |
| **Subject:** | RE: 10/8 Conference Call |

Counsel,

Our telephonic meet and confers need to be rescheduled with the new law firm of Skadden, Arps in light of the imminent substitution-out of O'Melveny & Myers and Christensen, Glaser.  And, that rescheduling needs to await the transition plan to be set-up in accordance with Judge Larson's order of yesterday and the status conference he set for Monday October 15, 2007.  -- Amman Khan

**EXHIBIT 49 PAGE 717**

**EXHIBIT 50**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3180**

WRITER'S INTERNET ADDRESS
**michaelzeller@quinnemanuel.com**

October 26, 2007

VIA FACSIMILE AND U.S. MAIL

Thomas J. Nolan, Esq.
Carl Roth, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California  90071

Michael Page, Esq.
John E. Trinidad, Esq.
Keker & Van Nest
710 Sansome Street
San Francisco, CA 94111

Alexander H. Cote, Esq.
Overland Borenstein Scheper & Kim, LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

Re:     Mattel, Inc. v. Bryant

Dear Counsel:

I write further to the parties' prior discussions regarding Mattel's contemplated motion seeking leave to take additional discovery, with the hope that we can resolve this matter without the need for further motion practice.  We had previously sought to resolve this with MGA's prior counsel, but could not reach agreement.  With the substitution of new counsel, we thought we would make a final attempt before filing a motion with the Court for leave.

In Mattel's view, the additional discovery it seeks is necessary for the adequate development of Mattel's claims and defenses, and Mattel is entitled to it under the Federal Rules of Procedure. Two categories of discovery are at issue, discussed below.

Additional Interrogatories:  Mattel intends to seek leave of the Court to serve an additional 10-15 interrogatories at this time.  The proposed interrogatories relate to MGA's claims alleging unfair

**EXHIBIT 50 PAGE 718**

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2255659.4

competition, Mattel's counterclaims (including defendants' defenses), and defendants' collection and preservation of evidence. They all seek disclosure of relevant, discoverable facts regarding topics related to core claims in this litigation which have not been the subject of prior interrogatories.

<u>Additional Deposition Testimony:</u>  Additionally, Mattel will seek the Court's leave to depose MGA Entertainment, Inc., MGA de Mexico S.R.L. de C.V., and Littler Mendelson P.C. on certain 30(b)(6) topics. While Mattel has previously noticed MGA on certain issues related to the creation and development of Bratz, it has not had the opportunity to depose MGA regarding MGA's claims of unfair competition or Mattel's counterclaims. In addition, due to inconsistencies in representations to the Court by Carter Bryant's counsel Littler Mendelson, Mattel has serious concerns about the manner in which his various hard drives were collected and preserved, and will seek to depose Littler Mendelson on this issue.

Furthermore, Mattel will ask the Court for leave to depose two to four individuals or entities involved in prior infringement suits brought by MGA in connection with Bratz. MGA recently has taken the position such as in the Paula Garcia deposition that Bratz dolls and other works created prior to the final production doll are not substantially similar to the production doll. Mattel is entitled to take testimony relating to the third-party dolls that MGA accused of being substantially similar in order to impeach MGA's recent claims.

Based on its current knowledge, Mattel also currently intends to seek the Court's leave to depose the following individuals (in addition to and beyond the deposition limit currently set): Ricardo Abundis, Mariana Trueba Almada, Lucy Arant, Ron Brawer, Janine Brisbois, Jorge Castilla, Nick Contreras, Dan Cooney, Jeanne Galvano, Daphne Gronich, Sarah Halpern, Susan Kuemmerle, Cecilia Kwok, Farhad Larian, certain of Isaac Larian's and Farhad Larian's attorneys in the *Larian v. Larian* disputes, Margaret Leahy, Jesse Ramirez, Sandra Bilotto, Stephen Lee, Carlos Gustavo Machado, Veronica Marlow, Chris Palmeri, Shirin Salemnia, Pablo Vargas San Jose, Joe Tiongco, Anne Wang, Mitchell Kamarck, David Rosenbaum, Carol Witschel, Jeff Weiss, Nana Ashong, Larry McFarland, and Eric Yip. Each of these individuals were directly involved in events giving rise to this litigation or else have crucial information on important aspects of the case. All possess unique information about which Mattel is entitled inquire and most of them have been identified by MGA or the other defendants in this case as witnesses.

Finally, given Carter Bryant's central role in this litigation, Mattel intends to ask the Court to allow additional time for his deposition beyond the nine additional hours previously granted by Judge Infante's September 28, 2007 ruling.

Judge Larson himself recognized the possible need for an expansion of those limits and invited to counsel to seek leave when necessary, noting that it would be forthcoming. He also invited the parties to attempt to stipulate in this regard. With the recent change of counsel, we hope defendants will reconsider their position and will do so. As you know, should the parties be unable to reach an agreement, Mattel intends to file a motion for leave.

EXHIBIT 50 PAGE 719

I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

07209/2255659.4

**EXHIBIT 50 PAGE 720**