# EXHIBIT 61

1        LOS ANGELES, CALIFORNIA; MONDAY, DECEMBER 6, 2004

2                        9:46 A.M.

3

4        THE VIDEO TECHNICIAN:  GOOD MORNING.  WE

5   ARE ON THE RECORD AT 9:46 A.M., TODAY'S DATE IS          09:46AM

6   MONDAY, DECEMBER 6TH, 2004, MY NAME IS SHERRI

7   MULFORD, I'M A VIDEO TECHNICIAN EMPLOYED BY JTV

8   LITIGATION SERVICES, LOCATED IN LOS ANGELES,

9   CALIFORNIA.  WE ARE TAPING THESE PROCEEDINGS AT 865

10  SOUTH FIGUEROA STREET, 10TH FLOOR, LOS ANGELES,          09:47AM

11  CALIFORNIA.  THIS IS TAPE 1 FOR THE VIDEOTAPED

12  DEPOSITION OF VICTORIA O'CONNOR IN THE ACTION

13  ENTITLED "CARTER BRYANT VS. MATTEL, INC." ON BEHALF

14  OF THE DEFENDANT.  THE CASE NUMBER IS CV 04-9049 NM

15  (RNBX).                                                  09:47AM

16        MAY I PLEASE HAVE INTRODUCTIONS FOR THE

17  RECORD.

18        MR. QUINN:  MY NAME IS JOHN QUINN AND I

19  REPRESENT THE PLAINTIFF IN THIS CASE, MATTEL.  WITH

20  ME IS MY PARTNER, MIKE ZELLER, AND COLLEAGUE, TANIA      09:47AM

21  KREBS.

22        MR. JACOBY:  KEITH JACOBY FOR CARTER

23  BRYANT.

24        MS. TORRES:  DIANA TORRES FOR DEFENDANT

25  IN -- IN INTERVENTION MGA ENTERTAINMENT, INC., AND       09:47AM

A&E COURT REPORTERS (213) 955-0070  FAX: (213) 955-0077

EXHIBIT 61 PAGE 818

```
 1   WITH ME IS RICH DANIELS FROM MGA.
 2          MR. JACOBY:  JOHN, CAN I GET CLARIFICATION?
 3   I THINK THE CASE CAPTION SHE READ WAS FOR THE DEC
 4   RELIEF CLAIM.  I BELIEVE THE DEPO IS BEING TAKEN
 5   PURSUANT TO THE MAIN MATTEL ACTION.              09:48AM
 6          MR. QUINN:  SHALL WE FINISH THE
 7   INTRODUCTIONS?
 8          MR. JACOBY:  SURE.
 9          MR. MOORE:  MICHAEL MOORE, IN-HOUSE COUNSEL
10   FOR MATTEL, INC.                                09:48AM
11          MS. THOMAS:  AND JILL THOMAS, IN-HOUSE
12   COUNSEL FOR MATTEL, INC.
13          THE WITNESS:  VICTORIA O'CONNOR, WITNESS.
14          MR. QUINN:  WHATEVER CAPTION YOU'D LIKE ON
15   IT, KEITH, IT'S FINE WITH ME IF IT'S ON IT, AND IF  09:48AM
16   YOU WANT TO JUST TELL THE REPORTER AT SOME POINT
17   DURING THE DAY WHAT CAPTION YOU WOULD LIKE TO HAVE
18   ON IT, IT'S FINE WITH US.
19          MR. JACOBY:  THANK YOU.
20          THE VIDEO TECHNICIAN:  THANK YOU.       09:48AM
21          MS. REPORTER, PLEASE SWEAR IN THE WITNESS.
22          MR. QUINN:  SHE HAS TO DO HER THING NOW.
23   ///
24   ///
25   ///
```

```
 1      A.   YES.
 2           MS. TORRES:  OBJECTION.  VAGUE.
 3    BY MR. QUINN:
 4      Q.   AND DO YOU RECALL ANY DIFFERENCES BETWEEN
 5    THE TERMS THAT MR. LARIAN TOLD YOU THAT HE WANTED TO      11:31AM
 6    SEE REFLECTED IN THE CONTRACT AND WHAT ACTUALLY
 7    ULTIMATELY ENDED UP BEING IN THE CONTRACT WITH
 8    MR. BRYANT?
 9           MR. JACOBY:  OBJECTION --
10           MS. TORRES:  OBJECTION --                         11:31AM
11           MR. JACOBY:  -- LACKS FOUNDATION.
12           MS. TORRES:  -- VAGUE.
13           THE WITNESS:  WITH REGARD TO THE ROYALTY
14    RATES AND WITH REGARD TO HIS RIGHTS TO ANY ROYALTIES
15    ON LICENSED PRODUCTS, NO.                                11:31AM
16    BY MR. QUINN:
17      Q.   OKAY.  HOW ABOUT -- THANK YOU, THAT'S WHAT
18    I WAS GOING TO ASK.
19           HOW ABOUT IN ANY OTHER RESPECT, WAS THERE
20    ANY DIFFERENCES BETWEEN WHAT MR. LARIAN EXPRESSED TO     11:31AM
21    YOU THE CONTRACT TERMS OUGHT TO BE AND WHAT THEY
22    ULTIMATELY TURNED OUT TO BE?
23      A.   WHEN YOU SAY "THE TERMS," THOSE ARE THE TWO
24    TERMS THAT COME TO MIND; I DON'T REMEMBER ANYTHING
25    ELSE IN THE CONTRACT.                                    11:31AM
```

93

EXHIBIT 61 PAGE 820

```
 1        Q.   WERE YOU THE ONE THAT WAS CHIEFLY

 2   RESPONSIBLE FOR ACTUALLY SEEING THAT A CONTRACT WAS

 3   ENTERED INTO?

 4        A.   YES.

 5        Q.   AND WHAT DID YOU DO IN THAT REGARD?  IS        11:32AM

 6   THERE SOMEBODY WHO YOU WORKED WITH IN ACTUALLY

 7   FORMALIZING AN AGREEMENT WITH MR. BRYANT?

 8        A.   YES.

 9        Q.   AND WHO DID YOU WORK WITH?

10        A.   DAVID ROSENBAUM.                              11:32AM

11        Q.   WHO IS DAVID ROSENBAUM?

12        A.   OUTSIDE COUNSEL.

13        Q.   WAS HE WITH A LAW FIRM?

14        A.   YES.

15        Q.   CAN YOU TELL US THE NAME OF THE FIRM.         11:32AM

16        A.   FISCHBACH, PERLSTEIN & LIEBERMAN.

17        Q.   WHERE WERE THEY LOCATED?

18        A.   LOS ANGELES.

19        Q.   DO YOU RECALL THE PARTICULAR AREA OF LOS

20   ANGELES?                                                11:32AM

21        A.   NO.

22        Q.   AND WAS THE FISCHBACH FIRM, WAS THAT A FIRM

23   THAT REPRESENTED MGA?

24        A.   YES.

25        Q.   DID THEY ACTUALLY DRAFT A FORM OF AGREEMENT   11:32AM
```

94

**EXHIBIT 61 PAGE 821**

```
 1    WITH MR. BRYANT?

 2         A.    YES.

 3         Q.    AND THEY SUBMITTED THAT TO YOU?

 4         A.    YES.

 5         Q.    AND THEN DID YOU SUBMIT IT DIRECTLY TO          11:33AM

 6    MR. BRYANT, OR DID YOU SUBMIT IT TO SOMEBODY ELSE?

 7         A.    ISAAC LARIAN LOOKED AT IT AS WELL.

 8         Q.    SO DID -- ARE YOU THE ONE THAT PROVIDED IT

 9    TO MR. LARIAN TO REVIEW?

10         A.    I DON'T RECALL IF IT WAS SENT TO BOTH ISAAC     11:33AM

11    AND MYSELF SIMULTANEOUSLY, OR HOW IT WAS PRESENTED.

12         Q.    DID MR. LARIAN HAVE ANY CHANGES TO THE

13    DRAFT THAT HAD BEEN SUBMITTED?

14         A.    I DON'T RECALL.

15         Q.    ONE WAY OR THE OTHER?                           11:33AM

16         A.    YES.

17         Q.    DO YOU RECALL THAT THE CONTRACT WENT

18    THROUGH MORE THAN ONE DRAFT?

19         A.    I DON'T RECALL.

20         Q.    ONE WAY OR THE OTHER?                           11:33AM

21         A.    CORRECT.

22         Q.    AT ANY POINT DID YOU DEAL WITH ANY ATTORNEY

23    WHO REPRESENTED MR. BRYANT?

24              MR. JACOBY:   OBJECTION.  VAGUE AS TO --

25              THE WITNESS:  NO.                                11:34AM
```

EXHIBIT 61 PAGE 822

1          THE REPORTER:  AS TO WHAT?

2          MR. JACOBY:  THE MEANING OF "DEAL WITH."

3     BY MR. QUINN:

4          Q.   DO YOU HAVE A RECOLLECTION AS TO WHETHER OR

5     NOT MR. BRYANT WAS REPRESENTED BY AN ATTORNEY IN          11:34AM

6     CONNECTION WITH THIS CONTRACT?

7          A.   YES.

8          Q.   AND WHAT IS YOUR RECOLLECTION?

9          A.   I -- I REMEMBER HIM SAYING THAT HE HAD A

10    LAWYER WHO WANTED TO LOOK AT THE CONTRACT, BUT I          11:34AM

11    DON'T KNOW WHO THAT WAS.

12         Q.   HE DIDN'T IDENTIFY WHO IT WAS; IS THAT

13    TRUE?

14         A.   HE MAY HAVE AND I JUST DON'T REMEMBER.

15         Q.   BUT IF HE DID HAVE SUCH A LAWYER, YOU          11:34AM

16    PERSONALLY DIDN'T HAVE ANY COMMUNICATION WITH THE

17    LAWYER?

18         MS. TORRES:  OBJECTION.  MISSTATES HER

19    TESTIMONY.

20    BY MR. QUINN:                                            11:34AM

21         Q.   AGAIN, I DON'T WANT TO MISSTATE IT.  I'M

22    JUST TRYING TO FIND OUT WHETHER YOU PERSONALLY HAD

23    ANY COMMUNICATION WITH A LAWYER REPRESENTING

24    MR. BRYANT.

25         A.   NO.                                            11:34AM

96

EXHIBIT 61 PAGE 823

1 STATE OF CALIFORNIA      )
                                    )  SS.
2 COUNTY OF LOS ANGELES    )

3     I, PAULA A. PYBURN, CERTIFIED SHORTHAND

4 REPORTER, CERTIFICATE NUMBER 7304, RPR, FOR THE

5 STATE OF CALIFORNIA, HEREBY CERTIFY:

6         THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE

7 ME AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH

8 TIME THE DEPONENT WAS PLACED UNDER OATH BY ME;

9         THE TESTIMONY OF THE DEPONENT AND ALL

10 OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE

11 RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER

12 TRANSCRIBED;

13        THE FOREGOING TRANSCRIPT IS A TRUE AND

14 CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

15        I FURTHER CERTIFY THAT I AM NEITHER COUNSEL

16 FOR NOR RELATED TO ANY PARTY TO SAID ACTION NOR IN

17 ANY WAY INTERESTED IN THE OUTCOME THEREOF.

18        IN WITNESS WHEREOF, I HAVE HEREUNTO

19 SUBSCRIBED MY NAME THIS ____ DAY OF_____,

20 2006.

21

22

23

24

25

# EXHIBIT 62

LOS ANGELES, CALIFORNIA;

WEDNESDAY, JULY 18, 2007, 9:51 A.M.

THE VIDEOGRAPHER:  GOOD MORNING.  WE ARE ON    09:51:30
THE RECORD AT 9:51 A.M.  TODAY'S DATE IS JULY 18TH,    09:51:32
2007.  MY NAME IS STEVEN TOGAMI.  I AM THE VIDEO    09:51:41
TECHNICIAN EMPLOYED BY J.T.V. LITIGATION SERVICES,    09:51:44
INC., LOCATED IN LOS ANGELES, CALIFORNIA.    09:51:48
        WE ARE TAPING THESE PROCEEDINGS AT 865 SOUTH    09:51:52
FIGUEROA STREET, LOS ANGELES, CALIFORNIA 90017.    09:51:57
        THIS IS TAPE NUMBER 1 FOR THE VIDEOTAPED    09:52:02
DEPOSITION OF BRYAN ARMSTRONG, IN THE ACTION ENTITLED,    09:52:05
"CARTER BRYANT VERSUS MATTEL, INC., IN CONSOLIDATED    09:52:10
ACTIONS."    09:52:15
        THIS DEPOSITION IS BEING TAKEN ON BEHALF OF    09:52:15
THE DEFENDANT.  THE CASE NUMBER IS CV 04-9049 SGL.    09:52:18
        MAY WE PLEASE HAVE INTRODUCTIONS FOR THE    09:52:26
RECORD, BEGINNING WITH THE WITNESS.    09:52:28
        THE WITNESS:  BRYAN ARMSTRONG.    09:52:30
        MS. LYON-GROSSMAN:  KERRY LYON-GROSSMAN, FROM    09:52:32
O'MELVENY & MEYERS, ON BEHALF OF THE MGA DEFENDANT.    09:52:35
        MR. ZELLER:  MIKE ZELLER, ON BEHALF OF    09:52:37
MATTEL.    09:52:40
        MS. HAULER:  BRIDGET HAULER, ON BEHALF OF    09:52:40
MATTEL.    09:52:44

6

EXHIBIT 62 PAGE 825

| | | |
|---|---|---|
| 1 | MR. MOORE:  MICHAEL MOORE, IN-HOUSE COUNSEL | 09:52:45 |
| 2 | FOR MATTEL. | 09:52:46 |
| 3 | BRYAN ARMSTRONG, | 09:52:46 |
| 4 | HAVING BEEN FIRST DULY AFFIRMED BY THE REPORTER, WAS | 09:52:46 |
| 5 | EXAMINED AND TESTIFIED AS FOLLOWS: | 09:52:46 |
| 6 | | 09:52:46 |
| 7 | EXAMINATION | 09:52:46 |
| 8 | BY MR. ZELLER: | 09:52:55 |
| 9 | Q     GOOD MORNING. | 09:52:55 |
| 10 | A     GOOD MORNING. | 09:52:57 |
| 11 | MR. ZELLER:  BEFORE WE ACTUALLY BEGIN, JUST | 09:52:58 |
| 12 | TO MAKE SURE THE RECORD IS CLEAR ON THIS, BRYAN'S | 09:53:00 |
| 13 | COUNSEL APPARENTLY HAS DECIDED NOT TO ATTEND THIS | 09:53:04 |
| 14 | DEPOSITION. | 09:53:06 |
| 15 | IS THAT YOUR UNDERSTANDING AS WELL? | 09:53:07 |
| 16 | MS. LYON-GROSSMAN:  IT'S MY UNDERSTANDING. | 09:53:09 |
| 17 | MR. ZELLER:  I DON'T WANT TO HAVE HIM | 09:53:12 |
| 18 | COMPLAIN LATER ON. | 09:53:15 |
| 19 | MS. LYON-GROSSMAN:  I COMPLETELY AGREE. | 09:53:16 |
| 20 | BY MR. ZELLER: | 09:53:18 |
| 21 | Q     COULD YOU PLEASE TELL US YOUR FULL NAME FOR | 09:53:18 |
| 22 | THE RECORD. | 09:53:21 |
| 23 | A     BRYAN JOSEPH ARMSTRONG.  WITH A "Y." | 09:53:22 |
| 24 | Q     I'M SORRY? | 09:53:26 |
| 25 | A     WITH A "Y." | 09:53:27 |

7

**EXHIBIT 62 PAGE 826**

| | | |
|---|---|---|
| 1 | (MS. GRONICH JOINED THE DEPOSITION | 09:54:49 |
| 2 | PROCEEDINGS.) | 09:54:49 |
| 3 | MR. ZELLER:   GOOD MORNING. | 09:54:56 |
| 4 | MS. GRONICH:   GOOD MORNING. | 09:55:00 |
| 5 | BY MR. ZELLER: | 09:55:01 |
| 6 | Q    ARE YOU CURRENTLY EMPLOYED? | 09:55:01 |
| 7 | A    YES. | 09:55:03 |
| 8 | Q    BY MGA? | 09:55:03 |
| 9 | A    YES. | 09:55:05 |
| 10 | Q    HOW LONG HAVE YOU BEEN EMPLOYED BY MGA? | 09:55:05 |
| 11 | A    SINCE NOVEMBER 3RD, 2003. | 09:55:08 |
| 12 | Q    WHAT IS YOUR TITLE THERE? | 09:55:13 |
| 13 | A    SENIOR PARALEGAL. | 09:55:14 |
| 14 | Q    HAVE YOU EVER HAD THE TITLE SENIOR TRADEMARK | 09:55:17 |
| 15 | PARALEGAL? | 09:55:23 |
| 16 | A    SOMETIMES MY TITLE GETS MORPHED INTO THAT, | 09:55:23 |
| 17 | YEAH. | 09:55:31 |
| 18 | Q    BUT -- BUT YOU'VE NEVER HAD A DISTINCT AND | 09:55:31 |
| 19 | SEPARATE TITLE THAT WAS ONLY SENIOR TRADEMARK | 09:55:34 |
| 20 | PARALEGAL? | 09:55:38 |
| 21 | A    NO, NO. | 09:55:39 |
| 22 | Q    HAVE YOU HAD THE TITLE OF SENIOR PARALEGAL | 09:55:39 |
| 23 | THE ENTIRE TIME SINCE YOU STARTED WORKING WITH OR FOR | 09:55:43 |
| 24 | MGA SINCE NOVEMBER 3RD OF 2003? | 09:55:47 |
| 25 | A    YES. | 09:55:49 |

9

**EXHIBIT 62 PAGE 827**

| | | |
|---|---|---|
| 1 | Q    WHO DO YOU DIRECTLY REPORT TO? | 09:55:50 |
| 2 | A    DAPHNE GRONICH. | 09:55:54 |
| 3 | Q    AND SHE'S THE GENERAL COUNSEL? | 09:55:56 |
| 4 | A    YES. | 09:55:58 |
| 5 | Q    AND HAVE YOU REPORTED TO ANYONE ELSE OTHER | 09:55:58 |
| 6 | THAN MS. GRONICH SINCE STARTING WITH MGA? | 09:56:02 |
| 7 | A    WHEN I FIRST GOT HERE, I REPORTED TO | 09:56:09 |
| 8 | MITCHELL KAMARCK.   THAT'S K-A-M-A-R-C-K. | 09:56:14 |
| 9 | Q    AND THAT WAS WHEN YOU FIRST BEGAN WITH MGA? | 09:56:17 |
| 10 | A    YES. | 09:56:20 |
| 11 | Q    HE WAS THE GENERAL COUNSEL AT THAT TIME? | 09:56:20 |
| 12 | A    YES. | 09:56:23 |
| 13 | Q    OTHER THAN THOSE TWO, HAVE YOU EVER REPORTED | 09:56:23 |
| 14 | TO ANYONE ELSE DIRECTLY -- | 09:56:25 |
| 15 | A    NO. | 09:56:26 |
| 16 | Q    -- HERE AT MGA? | 09:56:27 |
| 17 | A    NO. | 09:56:28 |
| 18 | Q    IF YOU COULD PLEASE TELL ME JUST BRIEFLY YOUR | 09:56:28 |
| 19 | EMPLOYMENT BACKGROUND PRIOR TO THE TIME THAT YOU | 09:56:40 |
| 20 | STARTED THERE AT MGA. | 09:56:42 |
| 21 | A    OKAY.   I STARTED AT MGA IN NOVEMBER OF '03. | 09:56:43 |
| 22 | PREVIOUSLY, I WORKED FOR ROSENFELD, MEYER & SUSSMAN. | 09:56:48 |
| 23 | AND THAT WAS FROM MARCH 2000 TO THE -- NOVEMBER '03. | 09:56:57 |
| 24 | PRIOR TO THAT, I WORKED FOR CHAN LAW GROUP. | 09:57:12 |
| 25 | C-H-A-N.   AND THAT WAS FROM -- SHOOT -- '95 TO 2000. | 09:57:19 |

10

**EXHIBIT 62 PAGE 828**

| | | |
|---|---|---|
| 1 | PRIOR TO THAT, I WORKED FOR ROBINSON, DILANDO, | 09:57:32 |
| 2 | D-I-L-A-N-D-O, WHITTAKER & LOUTH.  AND THAT WAS FROM -- | 09:57:37 |
| 3 | WHEN DID I LEAVE THERE? -- '91 TO '95. | 09:57:49 |
| 4 | PRIOR TO THAT I WORKED FOR SPRAY, GOULD & | 09:58:06 |
| 5 | BOWERS. | 09:58:09 |
| 6 | Q    YOU SAID -- | 09:58:10 |
| 7 | A    SPRAY. | 09:58:11 |
| 8 | Q    SPRAY? | 09:58:11 |
| 9 | A    SPRAY, GOULD & BOWERS.  AND THAT WAS FROM | 09:58:11 |
| 10 | 1989 TO '91. | 09:58:19 |
| 11 | PRIOR TO THAT I WAS IN THE ARMY.  PRIOR TO | 09:58:26 |
| 12 | THAT I WAS IN THE U.S. ARMY. | 09:58:29 |
| 13 | Q    AT WHAT -- WHAT TIME PERIOD WERE YOU IN THE | 09:58:31 |
| 14 | U.S. ARMY? | 09:58:34 |
| 15 | A    WELL, I WENT TO THE UNITED STATES MILITARY | 09:58:35 |
| 16 | ACADEMY IN 1980.  SO FROM '80 TO '84 I WAS AT THE | 09:58:38 |
| 17 | MILITARY ACADEMY, AND FROM '84 TO '89 I WAS ACTIVE DUTY | 09:58:42 |
| 18 | IN THE MILITARY. | 09:58:46 |
| 19 | Q    AND YOU SAID YOU WERE AT THE ACADEMY FROM | 09:58:47 |
| 20 | 1980 TO 1984? | 09:59:00 |
| 21 | A    YES. | 09:59:02 |
| 22 | Q    HAVE YOU ATTENDED ANY OTHER POST-HIGH SCHOOL | 09:59:02 |
| 23 | EDUCATIONAL INSTITUTION? | 09:59:09 |
| 24 | A    YES.  I WENT TO U.C.L.A. PARALEGAL PROGRAM | 09:59:10 |
| 25 | IN -- ACTUALLY, THAT WAS IN '88.  ARMY '84 TO '88.  I'M | 09:59:16 |

11

**EXHIBIT 62 PAGE 829**

| | | |
|---|---|---|
| 1 | BE EUROPEAN, SINCE THEIRS ARE MORE LIKE TRADEMARKS THAN | 10:16:42 |
| 2 | THEY ARE LIKE PATENTS. | 10:16:45 |
| 3 | SO TO THE EXTENT THAT WE'VE GOTTEN INDUSTRIAL | 10:16:47 |
| 4 | DESIGN REGISTRATIONS FOR THE C.T.M., I'VE BEEN | 10:16:51 |
| 5 | INTERACTING WITH COUNSEL. | 10:16:56 |
| 6 | AND THEN SAM WOULD BE DEALING WITH PLACES | 10:16:58 |
| 7 | LIKE HONG KONG, WHERE THEY'RE MORE LIKE PATENTS THAN | 10:17:01 |
| 8 | THEY ARE TRADEMARKS. | 10:17:05 |
| 9 | Q    IS THERE ANYONE ELSE OTHER THAN YOU AND SAM | 10:17:06 |
| 10 | WHO, ON A DAY-TO-DAY BASIS, COMMUNICATES WITH OUTSIDE | 10:17:11 |
| 11 | COUNSEL WITH RESPECT TO THE DESIGN RIGHTS OR INDUSTRIAL | 10:17:15 |
| 12 | RIGHTS APPLICATIONS? | 10:17:18 |
| 13 | A    NO. | 10:17:19 |
| 14 | Q    I'M SORRY.  CAN YOU TELL ME SAM'S LAST NAME | 10:17:20 |
| 15 | AGAIN? | 10:17:29 |
| 16 | A    KHARE. | 10:17:29 |
| 17 | Q    KHARE? | 10:17:29 |
| 18 | A    YES.  K-H-A-R-E. | 10:17:30 |
| 19 | Q    HOW LONG HAD MR. KHARE BEEN WITH MGA? | 10:17:33 |
| 20 | A    SINCE, I BELIEVE, EARLY 2005. | 10:17:37 |
| 21 | Q    AND WHAT'S YOUR UNDERSTANDING OF HIS TITLE OR | 10:17:42 |
| 22 | POSITION THERE AT MGA? | 10:17:47 |
| 23 | A    I DON'T KNOW WHAT HIS TITLE IS. | 10:17:49 |
| 24 | Q    IS HE A PARALEGAL? | 10:17:59 |
| 25 | A    NO.  HE'S AN ATTORNEY. | 10:17:59 |

25

**EXHIBIT 62 PAGE 830**

| | | |
|---|---|---|
| 1 | Q    HE'S AN ATTORNEY? | 10:17:59 |
| 2 | A    YES. | 10:18:00 |
| 3 | Q    AND I TAKE IT HE'S AN IN-HOUSE ATTORNEY? | 10:18:00 |
| 4 | A    YES. | 10:18:08 |
| 5 | Q    PRIOR TO THE TIME THAT MR. KHARE BEGAN | 10:18:09 |
| 6 | HANDLING -- I'M TALKING ABOUT IN-HOUSE -- THE PATENT | 10:18:24 |
| 7 | APPLICATIONS FOR MGA, WHO WAS THE PERSON WHO DID THAT | 10:18:29 |
| 8 | BEFORE HIM? | 10:18:33 |
| 9 | A    THAT WOULD BE RICH DANIELS. | 10:18:34 |
| 10 | Q    I'M SORRY.  HIS LAST NAME AGAIN? | 10:18:36 |
| 11 | A    DANIELS. | 10:18:37 |
| 12 | Q    DANIELS. | 10:18:38 |
| 13 | AND WHAT TIME -- WHEN DID MR. DANIELS BEGIN | 10:18:45 |
| 14 | WITH MGA? | 10:18:47 |
| 15 | A    I'D SAY JANUARY OR FEBRUARY 2004. | 10:18:49 |
| 16 | Q    WHO WAS THE PERSON IN-HOUSE WHO DEALT WITH | 10:18:53 |
| 17 | THE PATENT APPLICATIONS PRIOR TO MR. DANIELS? | 10:19:02 |
| 18 | A    THAT WOULD HAVE TO BE MITCHELL KAMARCK. | 10:19:06 |
| 19 | Q    DO YOU KNOW WHEN HE STARTED WITH MGA? | 10:19:13 |
| 20 | A    NO. | 10:19:20 |
| 21 | Q    DO YOU HAVE A GENERAL UNDERSTANDING AS TO | 10:19:20 |
| 22 | WHEN HE STARTED? | 10:19:23 |
| 23 | A    IT HAD TO BE AROUND 2000 OR 2001. | 10:19:24 |
| 24 | Q    DO YOU KNOW WHO THE GENERAL COUNSEL WAS FOR | 10:19:34 |
| 25 | MGA PRIOR TO THE TIME THAT MR. KAMACK [SIC] WAS THE | 10:19:44 |

26

EXHIBIT 62 PAGE 831

| | | |
|---|---|---|
| 1 | GENERAL COUNSEL? | 10:19:48 |
| 2 | A    NO, I DO NOT. | 10:19:48 |
| 3 | Q    IS THERE ANY -- ARE THERE ANY RECORDS OR ANY | 10:19:50 |
| 4 | DOCUMENTS THAT YOU'RE AWARE OF THAT WOULD PROVIDE THAT | 10:19:57 |
| 5 | INFORMATION? | 10:20:01 |
| 6 | A    NO, NOT THAT I'M AWARE OF. | 10:20:01 |
| 7 | Q    MAYBE I SHOULD ASK A LITTLE BIT ABOUT YOUR -- | 10:20:04 |
| 8 | YOUR RECORDS OR THE RECORDS THAT YOU DO MAINTAIN THERE | 10:20:10 |
| 9 | AT MGA. | 10:20:13 |
| 10 | DO YOU CURRENTLY ALSO MAINTAIN -- WE'LL CALL | 10:20:15 |
| 11 | THEM HISTORICAL RECORDS OF MGA'S APPLICATIONS AND | 10:20:19 |
| 12 | REGISTRATIONS FOR INTELLECTUAL PROPERTY?  IN OTHER | 10:20:23 |
| 13 | WORDS, THOSE KINDS OF DOCUMENTS THAT MGA GENERATED | 10:20:26 |
| 14 | PRIOR TO THE TIME YOU BEGAN WORKING THERE. | 10:20:30 |
| 15 | A    YES, WE DO HAVE SOME. | 10:20:33 |
| 16 | Q    IS IT YOUR UNDERSTANDING THAT YOU -- YOU'RE | 10:20:35 |
| 17 | THE PERSON WHO MAINTAINS THE RECORDS THAT MGA HAS | 10:20:37 |
| 18 | FROM -- FROM, REALLY, WHEN MGA STARTED? | 10:20:44 |
| 19 | A    NO. | 10:20:47 |
| 20 | Q    WHAT'S YOUR UNDERSTANDING AS TO WHERE OTHER | 10:20:47 |
| 21 | HISTORICAL RECORDS ARE LOCATED? | 10:20:52 |
| 22 | A    I DON'T KNOW.  THEY'RE -- IT DEPENDS WHAT | 10:20:55 |
| 23 | RECORDS YOU'RE TALKING ABOUT, WHO -- WHOSE RECORDS THEY | 10:21:01 |
| 24 | WOULD BE. | 10:21:05 |
| 25 | SINCE I WORK IN THE LEGAL DEPARTMENT, ONLY | 10:21:07 |

**EXHIBIT 62 PAGE 832**

| | | |
|---|---|---|
| 1 | DIDN'T RESPOND TO THE OFFICE ACTION. | 05:27:49 |
| 2 | BY MR. ZELLER: | 05:27:53 |
| 3 |    Q   WERE THE -- WERE THERE ANY BUSINESS REASONS | 05:27:53 |
| 4 | FOR WHY MGA DID NOT RESPOND TO THE OFFICE ACTION IN | 05:27:56 |
| 5 | CONNECTION WITH THE APPLICATION WE'VE MARKED AS | 05:28:00 |
| 6 | EXHIBIT 500? | 05:28:03 |
| 7 |    A   NO. | 05:28:03 |
| 8 |    Q   DID YOU DO ANYTHING TO DETERMINE OR | 05:28:04 |
| 9 | INVESTIGATE AS TO WHETHER OR NOT THERE WERE ANY | 05:28:09 |
| 10 | BUSINESS REASONS THAT WERE PART OF THAT DECISION-MAKING | 05:28:11 |
| 11 | PROCESS? | 05:28:14 |
| 12 |      MS. LYON-GROSSMAN:  OBJECTION TO FORM. | 05:28:14 |
| 13 |      THE WITNESS:  NO. | 05:28:16 |
| 14 | BY MR. ZELLER: | 05:28:17 |
| 15 |    Q   SO IT'S TRUE YOU DON'T KNOW ONE WAY OR | 05:28:17 |
| 16 | ANOTHER; IS THAT CORRECT? | 05:28:19 |
| 17 |      MS. LYON-GROSSMAN:  OBJECTION TO FORM. | 05:28:21 |
| 18 |      THE WITNESS:  WELL, I -- WELL, I THINK THAT | 05:28:23 |
| 19 | THE REASON IS PRIVILEGED.  I MEAN, IT'S -- | 05:28:29 |
| 20 |      MS. LYON-GROSSMAN:  IF YOU BELIEVE -- I JUST | 05:28:36 |
| 21 | WOULD, YOU KNOW, ADVISE YOU NOT TO OBVIOUSLY REVEAL | 05:28:38 |
| 22 | PRIVILEGED INFORMATION.  MR. ZELLAR IS NOT ASKING YOU | 05:28:41 |
| 23 | TO REVEAL PRIVILEGED INFORMATION. | 05:28:44 |
| 24 | BY MR. ZELLER: | 05:28:46 |
| 25 |    Q   YEAH.  AND I'M NOT ASKING YOU THE REASON | 05:28:46 |

243

**EXHIBIT 62 PAGE 833**

| | | |
|---|---|---|
| 1 | RIGHT NOW. | 05:28:47 |
| 2 | A    RIGHT. | 05:28:48 |
| 3 | Q    I'M NOT ACTUALLY -- I'M ASKING THE ACTUAL | 05:28:48 |
| 4 | REASON.   I'M JUST TRYING TO FIND OUT WHAT THE | 05:28:49 |
| 5 | CONSIDERATIONS WERE BEHIND IT AND WHAT KNOWLEDGE YOU | 05:28:52 |
| 6 | HAVE ON THAT. | 05:28:53 |
| 7 | SO I UNDERSTAND AT LEAST PART OF YOUR ANSWER, | 05:28:57 |
| 8 | WHICH IS LEGAL CONSIDERATIONS WERE A PART OF THE REASON | 05:28:59 |
| 9 | WHY THE APPLICATION WE MARKED AS EXHIBIT 500 WAS | 05:29:02 |
| 10 | ABANDONED; RIGHT? | 05:29:05 |
| 11 | A    YES. | 05:29:06 |
| 12 | Q    DO YOU KNOW WHETHER ANY OF THE REASONS FOR | 05:29:06 |
| 13 | THE ABANDONMENT INCLUDED BUSINESS REASONS? | 05:29:08 |
| 14 | A    NO, I DO NOT. | 05:29:10 |
| 15 | Q    SO IT MIGHT HAVE BEEN; MIGHT NOT HAVE BEEN; | 05:29:12 |
| 16 | YOU DON'T KNOW; IS THAT CORRECT? | 05:29:15 |
| 17 | A    THAT'S CORRECT. | 05:29:17 |
| 18 | Q    DO YOU KNOW WHO AT MGA MADE THE DECISION TO | 05:29:18 |
| 19 | ABANDON THE PATENT APPLICATION WE MARKED AS | 05:29:28 |
| 20 | EXHIBIT 500? | 05:29:31 |
| 21 | A    I BELIEVE IT WAS MITCHELL KAMARCK. | 05:29:32 |
| 22 | Q    DO YOU KNOW IF THERE WERE DISCUSSIONS WITH | 05:29:39 |
| 23 | MR. LARIAN ABOUT THE ABANDONMENT OF THIS APPLICATION | 05:29:42 |
| 24 | WE'VE MARKED AS EXHIBIT 500? | 05:29:46 |
| 25 | A    NO, I DO NOT KNOW. | 05:29:47 |

244

EXHIBIT 62 PAGE 834

| 1 | Q     YOU DON'T KNOW ONE WAY OR ANOTHER? | 05:29:50 |
| 2 | A     THAT'S CORRECT. | 05:29:52 |
| 3 | Q     YOU'LL SEE ON EXHIBIT 499 THERE'S AN | 05:29:54 |

ABBREVIATION BOTH ON THE SECOND PAGE, AS WELL AS THE      05:29:58

FIRST PAGE.  IT SAYS, "PTR."      05:30:01

A     YES.      05:30:04

Q     DO YOU KNOW WHAT THAT STANDS FOR?      05:30:04

A     PATENT REGISTRATION.      05:30:06

MR. ZELLER:  SO WE NEED TO CHANGE TAPE, SO      05:30:10

THIS IS A GOOD PLACE TO DO IT.      05:30:12

THE VIDEOGRAPHER:  THIS IS THE END OF TAPE      05:30:13

NUMBER 3.  GOING OFF THE RECORD AT 5:30 P.M.      05:30:15

(A RECESS WAS TAKEN.)      05:30:18

THE VIDEOGRAPHER:  THIS IS THE START OF TAPE      05:39:37

NUMBER 2 [SIC].  GOING BACK ON THE RECORD AT 5:39 P.M.      05:39:39

MR. ZELLER:  WHAT I'D LIKE TO DO IS MARK AS      05:39:44

EXHIBIT 504 A BRATZ DOLL, A JADE BRATZ DOLL, IN ITS      05:39:47

PACKAGING.      05:39:53

(DEFENDANT'S EXHIBIT 504 WAS MARKED FOR      05:40:04

IDENTIFICATION.)      05:40:04

BY MR. ZELLER:      05:40:11

Q     DO YOU RECOGNIZE EXHIBIT 504 AS A JADE BRATZ      05:40:11

DOLL?      05:40:17

A     YES.      05:40:17

Q     DO YOU RECOGNIZE THAT AS A JADE BRATZ DOLL      05:40:17

245

**EXHIBIT 62 PAGE 835**

1    STATE OF CALIFORNIA        )
                                )  SS.
2    COUNTY OF LOS ANGELES      )

3

4

5          I, BRYAN ARMSTRONG, HEREBY CERTIFY UNDER PENALTY OF

6    PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT

7    THE FOREGOING IS TRUE AND CORRECT.

8          EXECUTED THIS _____31 ST_____ DAY OF

9    _____AUGUST_____, 2007, AT

10   _____VAN NUYS_____, CALIFORNIA.

11

12

13

14

15

16                    _Bryan Armstrong_

17                         BRYAN ARMSTRONG

18

19

20

21

22

23

24

25

                                            281

EXHIBIT 62 PAGE 836

# EXHIBIT 63

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 64

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY PURSUANT TO ORDER DATED SEPTEMBER 25, 2007 |
| Defendant. | Discovery Cut-off: January 14, 2008<br>Pre-trial Conference:  April 7, 2008<br>Trial Date:  April 29, 2008 |
| AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008<br>Final Pretrial Conf.:  June 2, 2008<br>Trial Date: July 1, 2008 |

PROPOUNDING PARTY:        Mattel, Inc.

RESPONDING PARTIES:        MGA Entertainment, Inc.

SET NO.:                            SUPPLEMENTAL

**EXHIBIT 64 PAGE 844**

10-19

Pursuant to <u>Federal Rule of Civil Procedure</u> 33 and the Court's Order dated September 25, 2007, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc. answer the following Interrogatory separately and fully, in writing and under oath, within 30 days after service hereof. MGA Entertainment, Inc. shall be obligated to supplement its response to the Interrogatory at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

## **Definitions**

1.    "MGA," "YOU" and "YOUR" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES (including without limitation MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc. For purposes of the these Interrogatories, "MGA" does not include BRYANT.

2.    "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3.    "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

4.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or

**EXHIBIT 64 PAGE 845**     -2-

organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

5.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

1   7.   "REFER OR RELATE TO" a given subject matter means relate to,

2   refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

3   state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

4   or in any way pertain to that subject matter, either directly or indirectly.

5   8.   "COMMUNICATION" or "COMMUNICATIONS" means and

6   includes any disclosure, transfer or exchange of information between two or more

7   PERSONS, whether orally or in writing, including, without limitation, any conversation

8   or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,

9   telex, telecopier, electronic mail, or any other electronic or other medium, including

10   without limitation in written, audio or video form.

11   9.   "TEST PROJECT" means any DESIGN, project, assignment or

12   other work of any kind created, developed, improved upon or performed by any

13   candidate, interviewee, applicant or prospective or potential employee or independent

14   contractor in advance of, in consideration of, or otherwise as part of or in connection

15   with any interview or interviewing process for, employment or contracting or potential

16   employment or contracting of any kind.

17   10.   "IDENTIFY" or "IDENTITY" means the following:

18   (a)   with reference to an individual or individuals, means to state,

19   fully and separately as to each, such individual's full name, any known business title,

20   current or last known business affiliation, current or last known residential address,

21   current or last known business address, current or last known relationship to MGA, and

22   current or last known telephone number.

23   (b)   with reference to an entity or entities, means to state, fully and

24   separately as to each, such entity's full name, state (or country) of incorporation or

25   organization, present or last known address, and present or last known telephone

26   number.

27   (c)   with reference to any other DOCUMENT or DOCUMENTS,

28   means to describe each DOCUMENT by Bates number.   In the event that a

**EXHIBIT 64 PAGE 847**   -4-

MATTEL'S SUPPLEMENTAL INTERROGATORY

1    DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

2    such DOCUMENT, to provide a complete description of it such that it may be the

3    subject of a request for the production of documents, including by stating the date,

4    identity of the author, addressee(s), signatories, parties, or other PERSONS identified

5    therein, its present location or custodian and a description of its contents.

6             (d)     with reference to a TEST PROJECT, means to IDENTIFY

7    the individual who performed, or was requested, asked or solicited to perform, the

8    TEST PROJECT, including without limitation by stating whether the individual was a

9    MATTEL employee at the time; to IDENTIFY the individual who requested, asked for

10    or solicited the TEST PROJECT or caused the TEST PROJECT to be performed; to

11    provide a detailed, full and complete description of the DESIGN, project, assignment or

12    other work that was performed or that was requested, asked or solicited to be

13    performed; and to state the date(s) on which the TEST PROJECT was performed or

14    was requested, asked or solicited to be performed.

15          11.    "Any" as used in these interrogatories includes the word "all," and

16    the word "all" as used in these interrogatories includes the word "any." The singular

17    form of a noun or pronoun includes within its meaning the plural form of the noun or

18    pronoun so used, and vice versa; the use of the masculine form of a pronoun also

19    includes within its meaning the feminine form of the pronoun so used, and vice versa;

20    the use of any tense of any verb includes also within its meaning all other tenses of the

21    verb so used, whenever such construction results in a broader request for information;

22    and "and" includes "or" and vice versa, whenever such construction results in a broader

23    disclosure of documents or information.

24

25

26

27

28

**EXHIBIT 64 PAGE 848**    -5-

MATTEL'S SUPPLEMENTAL INTERROGATORY

## **Instructions**

A.   When   an   interrogatory   requests   disclosure   of   a COMMUNICATION or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, identify each PERSON who participated in or had knowledge of the COMMUNICATION or other information and provide the following:

(i)   the privilege or protection that YOU claim precludes disclosure;

(ii)   the subject matter of the COMMUNICATION or information (without revealing the content as to which the privilege is claimed); and

(iii)   any additional facts or grounds on which YOU base YOUR claim of privilege or protection.

B.   When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts.  If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state.  Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

1        **Interrogatory**

2

3    SUPPLEMENTAL INTERROGATORY:

4            IDENTIFY, fully and completely, each and every TEST PROJECT  that

5    YOU caused, had, requested, asked or solicited any PERSON to perform during the

6    time period January 1, 1998 through December 31, 2004, inclusive, and IDENTIFY all

7    PERSONS with knowledge thereof and all DOCUMENTS that REFER OR RELATE

8    TO such TEST PROJECT.

9

10   DATED:  October 19, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
11

12                                     By _____

13                                        B. Dylan Proctor
                                          Attorneys for Plaintiff
14                                        Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 64 PAGE 850          -7-
                                              MATTEL'S SUPPLEMENTAL INTERROGATORY

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4    On October 19, 2007, I served true copies of the following document(s) described as

5    **1.     MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY PURSUANT TO ORDER DATED SEPTEMBER 25, 2007**

6

7    on the parties in this action as follows:

8    Thomas Nolan, Esq.                          Mark E. Overland, Esq.
     **SKADDEN ARPS SLATE MEAGHER**           David C. Scheper, Esq.

9    **& FLOM, LLP**                              Alexander H. Cote
     300 South Grand Avenue, Suite 3400         **OVERLAND BORENSTEIN**

10   Los Angeles, CA 90071                       **SCHEPER & KIM LLP**
                                                 300 South Grand Avenue, Suite 2750

11                                               Los Angeles, CA 90071-3144

12

13

14   **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

15   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

16

17   Executed on October 19, 2007, at Los Angeles, California.

18

19   NOW LEGAL -- Dave Quintana

20

21

22

23

24

25

26

27

28

**EXHIBIT 64 PAGE 851**

07209/2261472.1                                                    -1-

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY PURSUANT TO ORDER DATED SEPTEMBER 25, 2007** on the parties in this action as follows:

Michael H. Page, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

Charlene Ho

**EXHIBIT 64 PAGE 852**

07209/2261487.1

# EXHIBIT 65

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Plaintiff Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14 | vs. | MATTEL, INC.'S FIFTH SET OF INTERROGATORIES |
| 15 | MATTEL, INC., a Delaware corporation, | |
| 16 | Defendant. | Discovery Cut-off:  January 14, 2008 Pre-trial Conference:  April 7, 2008 |
| 17 | | Trial Date:  April 29, 2008 |
| 18 | AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.:  June 2, 2008 |
| 19 | | Trial Date:  July 1, 2008 |

20

21

22  PROPOUNDING PARTY:        Mattel, Inc.

23  RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

24                            Bryant, MGA Entertainment (HK) Limited, MGAE

25                            de Mexico S.R.L. de C.V., and Carlos Gustavo

26                            Machado Gomez

27  SET NO.:                  FIVE

28                    **EXHIBIT 65 PAGE 853**

10-19

07209/2259967.1

MATTEL'S FIFTH SET OF INTERROGATORIES

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant,

3   MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos

4   Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer

5   the following Interrogatories separately and fully, in writing and under oath, within 30

6   days after service hereof.  The Responding Parties shall be obligated to supplement

7   their responses to the Interrogatories at such times and to the extent required by the

8   <u>Federal Rules of Civil Procedure</u>.

9

10                                   **Definitions**

11

12          1.      "YOU" and "YOUR" mean each of the Responding Parties.

13          2.      "MGA" means MGA Entertainment, Inc., any of its current or

14   former employees, officers, directors, agents, representatives, attorneys, experts,

15   divisions, AFFILIATES (including without limitation defendants MGA Entertainment

16   (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

17   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

18   authority or subject to its control. Without limiting the foregoing, "MGA" includes the

19   entities known as ABC International Traders or ABC International Traders, Inc.  For

20   purposes of the these Interrogatories, "MGA" does not include BRYANT.

21          3.      "MATTEL" means Mattel, Inc., its current employees, officers,

22   directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24   PERSON acting on its behalf, pursuant to its authority or subject to its control.

25          4.      "O'MELVENY" means the law firm of O'Melveny & Myers, LLP,

26   and any of its current or former attorneys, partners, associates, employees, agents,

27   representatives, predecessors-in-interest and successors-in-interest, and any other

28   PERSON acting on its behalf, pursuant to its authority or subject to its control.

5.      "CHRISTENSEN" means the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys, partners, associates, employees, agents, representatives, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.      "BRYANT" means Carter Bryant individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

7.      "LARIAN" means Isaac Larian individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

8.      "MACHADO" means Carlos Gustavo Machado Gomez, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

9.      "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

10.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

**EXHIBIT 65 PAGE 855**          -3-

MATTEL'S FIFTH SET OF INTERROGATORIES

11.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

12.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

13.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to,

1   contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

2   ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

3   any kind, statements, reports, minutes, recordings, transcripts and summaries of

4   meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

5   discs, printouts and records of all types, studies, instruction manuals, policy manuals

6   and statements, books, pamphlets, invoices, canceled checks and every other device or

7   medium by which or through which information of any type is transmitted, recorded or

8   preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall

9   include all copies that differ in any respect from the original or other versions of the

10   DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

11   originals containing initials, comments, notations, insertions, corrections, marginal

12   notes, amendments or any other variation of any kind.

13         14.   "COMMUNICATION" or "COMMUNICATIONS" means and

14   includes any disclosure, transfer or exchange of information between two or more

15   PERSONS, whether orally or in writing, including without limitation, any conversation

16   or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,

17   telex, telecopier, electronic mail, or any other electronic or other medium, including

18   without limitation in written, audio or video form.

19         15.   "REFER OR RELATE TO" a given subject matter means relate to,

20   refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

21   state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

22   or in any way pertain to that subject matter, either directly or indirectly.

23         16.   "DIGITAL INFORMATION" means any information created or

24   stored digitally, including but not limited to electronically, magnetically or optically.

25         17.   "STORAGE DEVICE" means any computer hard drive,

26   memory, USB device, tape, storage array or any other device or medium that allows

27   a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

28   copy, retain, store or maintain DIGITAL INFORMATION.

18.     "SOURCE OF INFORMATION" means any medium containing DOCUMENTS or other information, whether in paper, electronic or other form, including but not limited to any STORAGE DEVICE, file, file cabinet or other any other source of information or DOCUMENTS.

19.     "COLLECT," "COLLECTED" or "COLLECTION," with reference to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for, analyze or in any other way collect or review or attempt to collect or review such DOCUMENTS in connection with YOUR search for, review of and/or production of DOCUMENTS in this ACTION.

20.     "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated therewith.

21.     "IDENTIFY" or "IDENTITY" means the following:

(a)     with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b)     with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c)     with reference to a SOURCE OF INFORMATION, means to describe and state, fully and separately as to each, the SOURCE OF INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION and differentiate each such SOURCE OF INFORMATION from all other SOURCES OF INFORMATION, including without limitation by stating its nature (e.g., USB drive, computer hard drive, file cabinet, etc.), and any unique identifier information

1  (such as hard drive serial number); the physical location(s), including full address

2  information and full identifying computer network drive information if applicable, of

3  each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of

4  DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such

5  DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the

6  IDENTITY of each natural person or individual who is, was or has been associated

7  with each such SOURCE OF INFORMATION; the date(s) on which YOU

8  COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in

9  connection with this ACTION; whether, at the time of YOUR COLLECTION of

10  DOCUMENTS from such SOURCE OF INFORMATION, each such SOURCE OF

11  INFORMATION contained or included DOCUMENTS that REFER OR RELATE TO

12  BRATZ and the time period prior to February 28, 2001; and the IDENTITY of any

13  DOCUMENTS, by Bates number, that YOU have produced from each such SOURCE

14  OF INFORMATION to Mattel in this ACTION that REFER OR RELATE TO BRATZ

15  and that also REFER OR RELATE TO the time period prior to February 28, 2001

16  (regardless of when such DOCUMENT was, in whole or part, created, drafted,

17  generated, sent, received or transmitted).

18          (d)     with reference to any other DOCUMENT or DOCUMENTS,

19  means to describe each DOCUMENT by Bates number.   In the event that a

20  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

21  such DOCUMENT, to provide a complete description of it such that it may be the

22  subject of a request for the production of documents, including by stating the date,

23  identity of the author, addressee(s), signatories, parties, or other PERSONS identified

24  therein, its present location or custodian and a description of its contents.

25          22.     "Any" as used in these interrogatories includes the word "all," and

26  the word "all" as used in these interrogatories includes the word "any."

27          23.     The singular form of a noun or pronoun includes within its meaning

28  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

1  form of a pronoun also includes within its meaning the feminine form of the pronoun so

2  used, and vice versa; the use of any tense of any verb includes also within its meaning

3  all other tenses of the verb so used, whenever such construction results in a broader

4  request for information; and "and" includes "or" and vice versa, whenever such

5  construction results in a broader disclosure of documents or information.

6

7                                **Instructions**

8

9          A.      When    an    interrogatory    requests    disclosure    of    a

10  COMMUNICATION or other information as to which YOU claim any privilege or

11  protection as a ground for nondisclosure, identify each PERSON who participated in or

12  had knowledge of the COMMUNICATION or other information and provide the

13  following:

14              (i)      the privilege or protection that YOU claim precludes disclosure;

15              (ii)     the subject matter of the COMMUNICATION or information

16                       (without revealing the content as to which the privilege is claimed);

17                       and

18              (iii)    any additional facts or grounds on which YOU base YOUR claim

19                       of privilege or protection.

20          B.      When an interrogatory requests that YOU provide information,

21  YOU are required to supply all information known by or available to YOU or

22  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

23  If YOU cannot completely answer the interrogatory after making diligent efforts to

24  do so, please so state.  Then describe in detail all efforts made to answer the

25  interrogatory; identify every PERSON involved in such efforts; and state the

26  additional information YOU need, if any, to respond completely to the interrogatory.

27

28

## Interrogatories

**INTERROGATORY NO. 46:**

Without disclosing the content of communications which are protected by the attorney-client privilege, state fully and in detail all facts which REFER OR RELATE TO any dispute relating to THIS ACTION between, on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to any and all disputes which were or have been asserted as a basis for, or which underlie, contributed to or were a factor in, the withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 47:**

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).

DATED:  October 19, 2007           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By ~~B. Dylan Proctor~~
   B. Dylan Proctor
   Attorneys for Plaintiff
   Mattel, Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 19, 2007, I served true copies of the following document(s) described as

1.      **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES**

on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

EXHIBIT 65 PAGE 862

07209/2261472.1

-1-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES** on the parties in this action as follows:

> Michael H. Page, Esq.
> **KEKER & VAN NEST, LLP**
> 710 Sansome Street
> San Francisco, CA 94111

**BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

Charlene Ho

**EXHIBIT 65 PAGE 863**

07209/2261482.1

# EXHIBIT 66

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
       Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
7    Facsimile:  (213) 443-3100

8    Attorneys for Plaintiff Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13              Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14       vs. | MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES |
| 15  MATTEL, INC., a Delaware corporation, | |
| 16 | [Amended Only to Delete Former Interrogatory No. 45] |
| 17              Defendant. | |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cut-off:  January 14, 2008 Pre-trial Conference:  April 7, 2008 Trial Date:  April 29, 2008 |
| 19 | |
| 20 | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.:  June 2, 2008 Trial Date:  July 1, 2008 |
| 21 | |
| 22 | |

23   PROPOUNDING PARTY:        Mattel, Inc.

24   RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

25                             Bryant, MGA Entertainment (HK) Limited, MGAE

26                             de Mexico S.R.L. de C.V., and Carlos Gustavo

27                             Machado Gomez

28   SET NO.:                  FOUR     **EXHIBIT 66 PAGE 864**

MATTEL'S FOURTH SET OF INTERROGATORIES

1         Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3   Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4   Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5   individually answer the following Interrogatories separately and fully, in writing and

6   under oath, within 30 days after service hereof.  The Responding Parties shall be

7   obligated to supplement their responses to the Interrogatories at such times and to

8   the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                         **<u>Definitions</u>**

11        1.     "YOU" and "YOUR" mean each of the Responding Parties.

12        2.     "BRYANT" means Carter Bryant individually.

13        3.     "LARIAN" means Isaac Larian individually.

14        4.     "MGA" means MGA Entertainment, Inc., any of its current or

15  former employees, officers, directors, agents, representatives, attorneys, experts,

16  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18  Without limiting the foregoing, "MGA" includes the entities known as ABC

19  International Traders or ABC International Traders, Inc.  For purposes of the these

20  Interrogatories, "MGA" does not include BRYANT.

21        5.     "MATTEL" means Mattel, Inc., its current employees, officers,

22  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24  PERSON acting on its behalf, pursuant to its authority or subject to its control.

25        6.     "AFFILIATES" means any and all corporations, proprietorships,

26  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27  indirectly, in whole or in part, own or control, are under common ownership or

28  control with, or are owned or controlled by a PERSON, party or entity, including

MATTEL'S FOURTH SET OF INTERROGATORIES

1  without limitation each parent, subsidiary and joint venture of such PERSON, party

2  or entity.

3         7.  "PERSON" or "PERSONS" means all natural persons,

4  partnerships, corporations, joint ventures and any kind of business, legal or public

5  entity or organization, as well as its, his or her agents, representatives, employees,

6  officers and directors and any one else acting on its, his or her behalf, pursuant to

7  its, his or her authority or subject to its, his or her control.

8         8.  "DESIGN" or "DESIGNS" means any and all representations,

9  whether two-dimensional or three-dimensional, and whether in tangible, digital,

10  electronic or other form, including but not limited to all works, designs, artwork,

11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13  practice, developments, inventions and/or improvements, as well as all other items,

14  things and DOCUMENTS in which any of the foregoing are or have been

15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16  or in part.

17         9.  "BRATZ" means any project, product, doll or DESIGN ever

18  known by that name (whether in whole or in part and regardless of what such

19  project, product or doll is or has been also, previously or subsequently called) and

20  any product, doll or DESIGN or any portion thereof that is now or has ever been

21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22  in part and regardless of what such product, doll or DESIGN or portion thereof is or

23  has been also, previously or subsequently called) or that is now or has ever been

24  sold or marketed as part of the "Bratz" line, and each version or iteration of such

25  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

26  DESIGN or any portion thereof" also includes without limitation any names,

27  fashions, accessories, artwork, packaging or any other works, materials, matters or

28  items included or associated therewith.  Without limiting the generality of the

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5        10.   "SOLD," "SELL" or "SALE" means to distribute, market,

6  license, sell, offer to sell, or convey or transfer in any way for compensation.

7        11.   "BRATZ DOLL" means any doll that is or has ever been SOLD

8  that REFERS OR RELATES TO BRATZ.

9        12.   "BRATZ PRODUCT" means any product, whether two-

10 dimensional or three-dimensional, and whether in tangible, digital, electronic or

11 other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

12 RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

13 MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

14 product that is or has ever been SOLD in any packaging that includes the name

15 "Bratz" or REFERS OR RELATES TO BRATZ.

16        13.   "BRATZ MOVIE" means any motion picture or film that is or

17 has ever been SOLD that REFERS OR RELATES TO BRATZ.

18        14.   "BRATZ TELEVISION SHOW" means any production

19 exhibited on television that is or has ever been SOLD that REFERS OR RELATES

20 TO BRATZ.

21        15.   "BASED ON" means substantially similar to, a copy of or a

22 derivative of.

23        16.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

24 "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

25 Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

26 limited to, all writings and records of every type and description including, but not

27 limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

28 electronic mail ("e-mail"), records of telephone conversations, handwritten and

MATTEL'S FOURTH SET OF INTERROGATORIES

1  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

2  and summaries of meetings, voice recordings, pictures, photographs, drawings,

3  computer cards, tapes, discs, printouts and records of all types, studies, instruction

4  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

5  checks and every other device or medium by which or through which information of

6  any type is transmitted, recorded or preserved.  Without any limitation on the

7  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

8  from the original or other versions of the DOCUMENT, including, but not limited

9  to, all drafts and all copies of such drafts or originals containing initials, comments,

10  notations, insertions, corrections, marginal notes, amendments or any other variation

11  of any kind.

12          17.    "REFER OR RELATE TO" a given subject matter means relate

13  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

14  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

15  contradict, or in any way pertain to that subject matter, either directly or indirectly.

16          18.    "IDENTIFY" or "IDENTITY" means the following:

17          (a)    with reference to an individual or individuals, means to

18  state, fully and separately as to each, such individual's full name, any known

19  business title, current or last known business affiliation, current or last known

20  residential address, current or last known business address, current or last known

21  relationship to MGA, and current or last known telephone number.

22          (b)    with reference to an entity or entities, means to state, fully

23  and separately as to each, such entity's full name, state (or country) of incorporation

24  or organization, present or last known address, and present or last known telephone

25  number.

26          (c)    with reference to a BRATZ PRODUCT, means to state,

27  fully and separately as to each, the full name of the product; the number of the

28  product; the SKU of the product; any other applicable designation of the product

**EXHIBIT 66 PAGE 868**   -5-

MATTEL'S FOURTH SET OF INTERROGATORIES

1 useful for identification; the period of time during which the product was, has been
2 or will be SOLD; and the IDENTITY of each PERSON who has licensed from
3 YOU the right to SELL such BRATZ PRODUCT.
4                 (d) with reference to any other DOCUMENT or
5 DOCUMENTS, means to describe each DOCUMENT by Bates number. In the
6 event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
7 respect to each such DOCUMENT, to provide a complete description of it such that
8 it may be the subject of a request for the production of documents, including by
9 stating the date, identity of the author, addressee(s), signatories, parties, or other
10 PERSONS identified therein, its present location or custodian and a description of
11 its contents.
12           19. "Any" as used in these interrogatories includes the word "all,"
13 and the word "all" as used in these interrogatories includes the word "any."
14           20. The singular form of a noun or pronoun includes within its
15 meaning the plural form of the noun or pronoun so used, and vice versa; the use of
16 the masculine form of a pronoun also includes within its meaning the feminine form
17 of the pronoun so used, and vice versa; the use of any tense of any verb includes
18 also within its meaning all other tenses of the verb so used, whenever such
19 construction results in a broader request for information; and "and" includes "or"
20 and vice versa, whenever such construction results in a broader disclosure of
21 documents or information.
22
23                           **Instructions**
24           A. When an interrogatory requests that YOU provide information,
25 YOU are required to supply all information known by or available to YOU or
26 YOUR employees, officers, directors, agents, representatives, attorneys and experts.
27 If YOU cannot completely answer the interrogatory after making diligent efforts to
28 do so, please so state. Then describe in detail all efforts made to answer the

1 interrogatory; identify every PERSON involved in such efforts; and state the

2 additional information YOU need, if any, to respond completely to the interrogatory.

3

4 **<u>Interrogatories</u>**

5

6 INTERROGATORY NO. 42:

7        State all facts that support YOUR contention, if YOU so contend, that

8 any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

9 on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

10 such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11

12 INTERROGATORY NO. 43:

13        For each concept, design, product, product packaging or other matter

14 that YOU contend MATTEL copied or infringed, including but not limited to those

15 identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

16 Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

17 Supplemental Responses to such Interrogatory), state the date that each such

18 concept, design, product, product packaging or other matter was conceived, and

19 IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

20 OR RELATE TO, the foregoing.

21

22 INTERROGATORY NO. 44:

23        For each concept, design, product, product packaging or other matter

24 that YOU contend MATTEL copied or infringed, including but not limited to those

25 identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

26 Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

27 Supplemental Responses to such Interrogatory), state the date that each such

28 concept, design, product, product packaging or other matter was first fixed in any

**EXHIBIT 66 PAGE 870**    -7-

MATTEL'S FOURTH SET OF INTERROGATORIES

1  tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2  knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4

5  DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP

6

7                                    By B. Dylan Proctor

8                                       B. Dylan Proctor
                                        Attorneys for Plaintiff
9                                       Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,
3 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On October 23, 2007, I served true copies of the following document(s) described as

5 **1.      MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
**[Amended Only to Delete Former Interrogatory No. 45]**
6
7      on the parties in this action as follows:

8     Thomas Nolan, Esq.                Mark E. Overland, Esq.
    **SKADDEN ARPS SLATE MEAGHER**    David C. Scheper, Esq.
    **& FLOM, LLP**                    Alexander H. Cote
9     300 South Grand Avenue, Suite 3400    **OVERLAND BORENSTEIN**
    Los Angeles, CA 90071              **SCHEPER & KIM LLP**
10                                   300 South Grand Avenue, Suite 2750
                                  Los Angeles, CA 90071-3144
11

12

13
**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
14 being served.

15      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
16
      Executed on October 23, 2007, at Los Angeles, California.
17

18

19                            NOW LEGAL -- Dave Quintana

20

21

22

23

24

25

26

27

28

**EXHIBIT 66 PAGE 872**

-1-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.    **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
      **[Amended Only to Delete Former Interrogatory No. 45]**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

**EXHIBIT 66 PAGE 873**

-1-

**EXHIBIT 67**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13            Plaintiff,                 Consolidated with Case Nos. CV 04-9059 and CV 05-2727

14       vs.                            MATTEL, INC.'S SIXTH SET OF
                                        INTERROGATORIES
15  MATTEL, INC., a Delaware
    corporation,                         [INTERROGATORY NO. 45 TO
16                                       REPLACE PRIOR, AND
            Defendant.                   WITHDRAWN, INTERROGATORY
17                                       NO. 45 IN MATTEL, INC.'S FOURTH
    _____      SET OF INTERROGATORIES]
18  AND CONSOLIDATED ACTIONS
                                         Discovery Cut-off: January 14, 2008
19                                       Pre-trial Conference: April 7, 2008
                                         Trial Date: April 29, 2008
20
                                         Discovery Cutoff: March 3, 2008
21                                       Final Pretrial Conf.: June 2, 2008
                                         Trial Date: July 1, 2008
22

23

24  PROPOUNDING PARTY:        Mattel, Inc.

25  RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

26                            Bryant, MGA Entertainment (HK) Limited, MGAE

27                            de Mexico S.R.L. de C.V., and Carlos Gustavo

28                            Machado Gomez

7209/2263699.1

**EXHIBIT 67 PAGE 874**    16-23

                                    MATTEL'S SIXTH SET OF INTERROGATORIES

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof.  The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10    **Definitions**

11    1.    "YOU" and "YOUR" mean each of the Responding Parties.

12    2.    "MGA" means MGA Entertainment, Inc., any of its current or

13  former employees, officers, directors, agents, representatives, attorneys, experts,

14  divisions, AFFILIATES (including without limitation MGA Entertainment (HK)

15  Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

16  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

17  authority or subject to its control.  Without limiting the foregoing, "MGA" includes the

18  entities known as ABC International Traders or ABC International Traders, Inc.  For

19  purposes of the these Interrogatories, "MGA" does not include BRYANT.

20    3.    "AFFILIATES" means any and all corporations, proprietorships,

21  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

22  indirectly, in whole or in part, own or control, are under common ownership or control

23  with, or are owned or controlled by a PERSON, party or entity, including without

24  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

25    4.    "PERSON" or "PERSONS" means all natural persons, partnerships,

26  corporations, joint ventures and any kind of business, legal or public entity or

27  organization, as well as its, his or her agents, representatives, employees, officers and

28

1  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

2  authority or subject to its, his or her control.

3       5.    "DESIGN" or "DESIGNS" means any and all representations,

4  whether two-dimensional or three-dimensional, and whether in tangible, digital,

5  electronic or other form, including but not limited to all works, designs, artwork,

6  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

7  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

8  practice, developments, inventions and/or improvements, as well as all other items,

9  things and DOCUMENTS in which any of the foregoing are or have been expressed,

10  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11       6.    "BRATZ" means any project, product, doll or DESIGN ever known

12  by that name (whether in whole or in part and regardless of what such project, product

13  or doll is or has been also, previously or subsequently called) and any product, doll or

14  DESIGN or any portion thereof that is now or has ever been known as, or sold or

15  marketed under, the name or term "Bratz" (whether in whole or in part and regardless

16  of what such product, doll or DESIGN or portion thereof is or has been also, previously

17  or subsequently called) or that is now or has ever been sold or marketed as part of the

18  "Bratz" line, and each version or iteration of such product, doll or DESIGN or any

19  portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also

20  includes without limitation any names, fashions, accessories, artwork, packaging or any

21  other works, materials, matters or items included or associated therewith. Without

22  limiting the generality of the foregoing, and contrary to MGA's recent assertions in

23  connection with other Mattel discovery requests, the term "BRATZ" does not and shall

24  not require that there be a doll existing at the time of the event, incident or occurrence

25  that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

26       7.    "SOLD," "SELL" or "SALE" means to distribute, market, license,

27  sell, offer to sell, or convey or transfer in any way for compensation.

28

1    8.    "BRATZ PRODUCT" means any product, whether two-dimensional

2    or three-dimensional, and whether in tangible, digital, electronic or other form, that is

3    or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ,

4    including but not limited to any BRATZ DOLL, BRATZ MOVIE, or BRATZ

5    TELEVISION SHOW, and including but not limited to any product that is or has ever

6    been SOLD in any packaging that includes the name "Bratz" or REFERS OR

7    RELATES TO BRATZ.

8    9.    "BRATZ DOLL" means any doll that is or has ever been SOLD

9    that REFERS OR RELATES TO BRATZ.

10    10.    "BRATZ MOVIE" means any motion picture or film that is or has

11    ever been SOLD that REFERS OR RELATES TO BRATZ.

12    11.    "BRATZ TELEVISION SHOW" means any production exhibited

13    on television that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

14    12.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

15    "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

16    Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited

17    to, all writings and records of every type and description including, but not limited to,

18    contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

19    ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

20    any kind, statements, reports, minutes, recordings, transcripts and summaries of

21    meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

22    discs, printouts and records of all types, studies, instruction manuals, policy manuals

23    and statements, books, pamphlets, invoices, canceled checks and every other device or

24    medium by which or through which information of any type is transmitted, recorded or

25    preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall

26    include all copies that differ in any respect from the original or other versions of the

27    DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

28

1  originals containing initials, comments, notations, insertions, corrections, marginal
2  notes, amendments or any other variation of any kind.

3  13.   "COMMUNICATION" or "COMMUNICATIONS" means and
4  includes any disclosure, transfer or exchange of information between two or more
5  PERSONS, whether orally or in writing, including without limitation, any conversation
6  or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
7  telex, telecopier, electronic mail, or any other electronic or other medium, including
8  without limitation in written, audio or video form.

9  14.   "IDENTIFY" or "IDENTITY" means the following:

10  (a)   with reference to an individual or individuals, means to state,
11  fully and separately as to each, such individual's full name, any known business title,
12  current or last known business affiliation, current or last known residential address,
13  current or last known business address, current or last known relationship to MGA, and
14  current or last known telephone number.

15  (b)   with reference to an entity or entities, means to state, fully and
16  separately as to each, such entity's full name, state (or country) of incorporation or
17  organization, present or last known address, and present or last known telephone
18  number.

19  (c)   with reference to a BRATZ PRODUCT, means to state, fully
20  and separately as to each, the full name of the product; the number of the product; the
21  SKU of the product; any other applicable designation of the product useful for
22  identification; the period of time during which the product was, has been or will be
23  SOLD; and the IDENTITY of each PERSON who has licensed from YOU the right to
24  SELL such BRATZ PRODUCT.

25  (d)   with reference to any other DOCUMENT or DOCUMENTS,
26  means to describe each DOCUMENT by Bates number.   In the event that a
27  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
28  such DOCUMENT, to provide a complete description of it such that it may be the

7209/2263699.107209/2
3194.1

**EXHIBIT 67 PAGE 878**

MATTEL'S SIXTH SET OF INTERROGATORIES

1  subject of a request for the production of documents, including by stating the date,
2  identity of the author, addressee(s), signatories, parties, or other PERSONS identified
3  therein, its present location or custodian and a description of its contents.

4           15.   "Any" as used in these interrogatories includes the word "all," and
5  the word "all" as used in these interrogatories includes the word "any."

6           16.   The singular form of a noun or pronoun includes within its meaning
7  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
8  form of a pronoun also includes within its meaning the feminine form of the pronoun so
9  used, and vice versa; the use of any tense of any verb includes also within its meaning
10  all other tenses of the verb so used, whenever such construction results in a broader
11  request for information; and "and" includes "or" and vice versa, whenever such
12  construction results in a broader disclosure of documents or information.

13
14                              **Instructions**
15
16           A.    When    an    interrogatory    requests    disclosure    of    a
17  COMMUNICATION or other information as to which YOU claim any privilege or
18  protection as a ground for nondisclosure, identify each PERSON who participated in or
19  had knowledge of the COMMUNICATION or other information and provide the
20  following:

21           (i)    the privilege or protection that YOU claim precludes disclosure;
22           (ii)   the subject matter of the COMMUNICATION or information
23                  (without revealing the content as to which the privilege is claimed);
24                  and
25           (iii)  any additional facts or grounds on which YOU base YOUR claim
26                  of privilege or protection.
27           B.    When an interrogatory requests that YOU provide information,
28  YOU are required to supply all information known by or available to YOU or

1  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

2  If YOU cannot completely answer the interrogatory after making diligent efforts to

3  do so, please so state.  Then describe in detail all efforts made to answer the

4  interrogatory; identify every PERSON involved in such efforts; and state the

5  additional information YOU need, if any, to respond completely to the interrogatory.

6

7                                    **Interrogatory**

8

9  INTERROGATORY NO. 45:

10          IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or

11 YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a)

12 the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

13 licensees, (b) the gross and net revenue received by YOU from such SALES of each

14 such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each

15 such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and

16 (d) YOUR gross and net profits from each such BRATZ PRODUCT.

17

18 DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
19

20                        By_____
                              Michael T. Zeller
21                            Attorneys for Plaintiff
                              Mattel, Inc.
22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 23, 2007, I served true copies of the following document(s) described as

1. **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES]**

on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

**EXHIBIT 67 PAGE 881**

07209/2263102.1                                   -1-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.   **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES]**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

**EXHIBIT 67 PAGE 882**

0720907241040 1

-1-

**EXHIBIT 68**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S SEVENTH SET OF INTERROGATORIES |
| MATTEL, INC., a Delaware corporation, | Discovery Cut-off:  January 14, 2008 |
| Defendant. | Pre-trial Conference:  April 7, 2008 |
| | Trial Date:  April 29, 2008 |
| AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008 |
| | Final Pretrial Conf.:  June 2, 2008 |
| | Trial Date:  July 1, 2008 |

PROPOUNDING PARTY:       Mattel, Inc.

RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

Bryant, MGA Entertainment (HK) Limited, MGAE

de Mexico S.R.L. de C.V., and Carlos Gustavo

Machado Gomez

SET NO.:                                SEVENTH

1       Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2    ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant,

3    MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos

4    Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer

5    the following Interrogatories separately and fully, in writing and under oath, within 30

6    days after service hereof.  The Responding Parties shall be obligated to supplement

7    their responses to the Interrogatories at such times and to the extent required by the

8    <u>Federal Rules of Civil Procedure.</u>

9

10                          **Definitions**

11       1.    "YOU" and "YOUR" mean each of the Responding Parties.

12       2.    "MGA" means MGA Entertainment, Inc., any of its current or

13    former employees, officers, directors, agents, representatives, attorneys, experts,

14    divisions, AFFILIATES (including without limitation MGA Entertainment (HK)

15    Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

16    successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

17    authority or subject to its control. Without limiting the foregoing, "MGA" includes the

18    entities known as ABC International Traders or ABC International Traders, Inc.  For

19    purposes of the these Interrogatories, "MGA" does not include BRYANT.

20       3.    "MATTEL" means Mattel, Inc., its current employees, officers,

21    directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

22    AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23    PERSON acting on its behalf, pursuant to its authority or subject to its control.

24       4.    "AFFILIATES" means any and all corporations, proprietorships,

25    d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

26    indirectly, in whole or in part, own or control, are under common ownership or control

27    with, or are owned or controlled by a PERSON, party or entity, including without

28    limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

**EXHIBIT 68 PAGE 884**                           -2-

1    5.    "PERSON" or "PERSONS" means all natural persons, partnerships,

2    corporations, joint ventures and any kind of business, legal or public entity or

3    organization, as well as its, his or her agents, representatives, employees, officers and

4    directors and any one else acting on its, his or her behalf, pursuant to its, his or her

5    authority or subject to its, his or her control.

6    6.    "SOLD," "SELL" or "SALE" means to distribute, market, license,

7    sell, offer to sell, or convey or transfer in any way for compensation.

8    7.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

9    9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

10   therewith.

11   8.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

12   "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

13   Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited

14   to, all writings and records of every type and description including, but not limited to,

15   contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

16   ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

17   any kind, statements, reports, minutes, recordings, transcripts and summaries of

18   meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

19   discs, printouts and records of all types, studies, instruction manuals, policy manuals

20   and statements, books, pamphlets, invoices, canceled checks and every other device or

21   medium by which or through which information of any type is transmitted, recorded or

22   preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall

23   include all copies that differ in any respect from the original or other versions of the

24   DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

25   originals containing initials, comments, notations, insertions, corrections, marginal

26   notes, amendments or any other variation of any kind.

27   9.    "REFER OR RELATE TO" a given subject matter means relate to,

28   refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

-3-

07209/2264383.107209/22
63218.1

**EXHIBIT 68 PAGE 885**

MATTEL'S SEVENTH SET OF INTERROGATORIES

1  state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

2  or in any way pertain to that subject matter, either directly or indirectly.

3        10.    "IDENTIFY" or "IDENTITY" means the following:

4        (a)    with reference to an individual or individuals, means to state,

5  fully and separately as to each, such individual's full name, any known business title,

6  current or last known business affiliation, current or last known residential address,

7  current or last known business address, current or last known relationship to MGA, and

8  current or last known telephone number.

9        (b)    with reference to an entity or entities, means to state, fully and

10  separately as to each, such entity's full name, state (or country) of incorporation or

11  organization, present or last known address, and present or last known telephone

12  number.

13        (c)    with reference to a product or packaging, means to state, fully

14  and separately as to each, the full name of the product or, in the case of packaging, the

15  product or item with which the packaging is used; the SKU number or any other

16  applicable unique identifier or designation of the product or, in the case of packaging,

17  the product or item with which the packaging is used; the time period during which the

18  product was, has been or will be SOLD or, in the case of product packaging, the time

19  period during which the product packaging was, has been or will be used; and the

20  IDENTITY of each PERSON who has licensed from YOU the right to SELL such

21  product or, in the case of product packaging, the IDENTITY of the PERSON who has

22  licensed from YOU the right to use the packaging or to SELL the products with which

23  the packaging is used.

24        (d)    with reference to any other DOCUMENT or DOCUMENTS,

25  means to describe each DOCUMENT by Bates number.   In the event that a

26  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

27  such DOCUMENT, to provide a complete description of it such that it may be the

28  subject of a request for the production of documents, including by stating the date,

1   identity of the author, addressee(s), signatories, parties, or other PERSONS identified

2   therein, its present location or custodian and a description of its contents.

3                   (e)     with reference to a trade dress, means to describe, fully and

4   separately, each and every element that makes up the claimed trade dress and to

5   IDENTIFY each and every product or product packaging SOLD by YOU or YOUR

6   licensees that embodies, uses or employs the claimed trade dress.

7                   (f)     with reference to the protectibility of a trade dress, means to

8   state, fully and separately, all facts that support YOUR contention that such trade dress

9   is inherently distinctive or has acquired secondary meaning and that such trade dress is

10   famous if YOU so contend that such trade dress is famous; the date that YOU contend

11   such trade dress acquired secondary meaning and, if YOU contend the trade dress is

12   famous, the date on which YOU contend that it became famous; all facts that support

13   YOUR contention that such trade dress is not functional; and, if YOU are relying on

14   advertising to establish secondary meaning or fame, the dollar amounts, by year, spent

15   by YOU or anyone acting on YOUR behalf on advertising that features such trade

16   dress.

17         11.    "Any" as used in these interrogatories includes the word "all," and

18   the word "all" as used in these interrogatories includes the word "any."

19         12.    The singular form of a noun or pronoun includes within its meaning

20   the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

21   form of a pronoun also includes within its meaning the feminine form of the pronoun so

22   used, and vice versa; the use of any tense of any verb includes also within its meaning

23   all other tenses of the verb so used, whenever such construction results in a broader

24   request for information; and "and" includes "or" and vice versa, whenever such

25   construction results in a broader disclosure of documents or information.

26

27

28

**Instructions**

1      A.    When an interrogatory requests disclosure of a

2 COMMUNICATION or other information as to which YOU claim any privilege or

3 protection as a ground for nondisclosure, identify each PERSON who participated in or

4 had knowledge of the COMMUNICATION or other information and provide the

5 following:

6          (i)    the privilege or protection that YOU claim precludes disclosure;

7          (ii)    the subject matter of the COMMUNICATION or information

8          (without revealing the content as to which the privilege is claimed);

9          and

10          (iii)    any additional facts or grounds on which YOU base YOUR

11          claim of privilege or protection.

12      B.    When an interrogatory requests that YOU provide information,

13 YOU are required to supply all information known by or available to YOU or YOUR

14 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

15 cannot completely answer the interrogatory after making diligent efforts to do so,

16 please so state. Then describe in detail all efforts made to answer the interrogatory;

17 identify every PERSON involved in such efforts; and state the additional information

18 YOU need, if any, to respond completely to the interrogatory.

**Interrogatories**

**INTERROGATORY NO. 48:**

Separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in THIS ACTION.

**INTERROGATORY NO. 49:**

For each trade dress identified in response to Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL product, packaging or other matter that YOU contend copies, infringes or dilutes such trade dress, including without limitation by describing fully and separately, for each such MATTEL product, packaging or other matter, each and every element of the claimed trade dress that YOU contend MATTEL has copied, infringed or diluted.

**INTERROGATORY NO. 50:**

For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the foregoing.

DATED:  October 25, 2007           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                   By_____
                                      Michael T. Zeller
                                      Attorneys for Plaintiff
                                      Mattel, Inc.

1          **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3     1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4          On October 25, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SEVENTH SET OF INTERROGATORIES** on the parties in this action as

5     follows:

6
          Thomas Nolan, Esq.                        Mark E. Overland, Esq.
7         **SKADDEN ARPS SLATE MEAGHER**            David C. Scheper, Esq.
          **& FLOM, LLP**                           Alexander H. Cote
8         300 South Grand Avenue, Suite 3400        **OVERLAND BORENSTEIN**
          Los Angeles, CA 90071                     **SCHEPER & KIM LLP**
9                                                   300 South Grand Avenue, Suite 2750
                                                    Los Angeles, CA 90071-3144
10
          John W. Keker, Esq.
11        Michael H. Page, Esq.
          Christina M. Anderson, Esq.
12        **KEKER & VAN NEST, LLP**
          710 Sansome Street
13        San Francisco, CA 94111

14

15     **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

16
          I declare that I am employed in the office of a member of the bar of this Court at whose
17     direction the service was made.

18          Executed on October 25, 2007, at Los Angeles, California.

19

20                                              NOW LEGAL -- Dave Quintana
21

22

23

24

25

26

27

28

**EXHIBIT 68 PAGE 890**

-1-