EXHIBIT 69

**CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 70



# Special Handling Fax
## Examining Division
## U. S. Copyright Office

| | |
|---|---|
| **To:** Carol A. Witschel<br>White and Case LLP<br>Fax number: 212-354-8113 | Date: April 8, 2005 |
| **From:** Wayne Crist<br>Senior Examiner, Visual Arts Section<br>Fax number: 202-707-3698<br>Phone number: 202-707-5879 | |
| **Re:** SASHA DOLL CONFIGURATION, ACCESSORIES AND PACKAGING (CA for VA 1-090-288) and 10 others<br>Control No.: 613231994 (Please include with your response.) | |

### MESSAGE

Enclosed is a copy of the letter being sent to you via your local contact. Blank forms, circulars, and regulations are also available on our website: http://www.copyright.gov/ . Please call me if you have any questions.

*Mattel EXHIBIT 625*
*FOR IDENTIFICATION*
*PAMELA S. HARRIS, CSR 3909*
*Aug 24 20 07*
*(WITNESS)*
*Samir Khare*

---

***When you reply***, please return this sheet referring to our Control Number!
*If responding by mail*, use the following address *(U.S. Postal Service only)*:
Special Handling • Copyright Receiving & Processing • P.O. Box 71380 • Washington, DC 20024-1380

Page 1 of 5

MGA 0868141

625-1

EXHIBIT 70 PAGE 899

4- 8-05; 9:49AM; ;2027073898 # 2/ 4

COPYRIGHT OFFICE   WEC/rc-d

April 8, 2005



WHITE AND CASE LLP
ATTN: CAROL A WITSCHEL
1155 AVENUE OF THE AMERICAS
NEW YORK   NY   10036

LIBRARY
OF
CONGRESS

Washington
D.C.
20559-6000

    Control Number: 61-323-1994(W)
    Re:   SASHA DOLL CONFIGURATION, ACCESSORIES AND PACKAGING
          (CA for VA 1-090-288) and 10 others

Dear Ms. Witschel:

    This is a follow-up to our phone conversation of March 29. I had called because it was not clear to me with some of these claims exactly what corrections or amplifications of the earlier registrations that you were trying to make. You helped me to understand the situation better and I will discuss those issues below. In addition, I explained to you I would need to get the deposit copies for the original claims in order to fully understand the entire situation and that, because of that need, it would take longer to process these claims. I now have all of the deposit material, but must address some issues which need to be resolved.

    Please note that the CA claims for JADE DRAWING, YASMIN DRAWING, SASHA DRAWING, CLOE DRAWING, and BRATZ GROUP DRAWING are all acceptable as presented and I have cleared those claims. However, I am delaying final processing of those registrations so that this letter will not be delayed. For all claims which can be registered, we will have all of the final processing done at the same time.

    Re:  SASHA DOLL CONFIGURATION, ACCESSORIES AND PACKAGING
         (CA for VA 1-090-288); YASMIN DOLL CONFIGURATION,
         ACCESSORIES AND PACKAGING (CA for VA 1-090-290; JADE DOLL
         CONFIGURATION, ACCESSORIES AND PACKAGING (CA for
         VA 1-090-287; CLOE DOLL CONFIGURATION, ACCESSORIES AND
         PACKAGING (CA for VA 1-090-289)

    The original VA registrations to which these CA applications refer were apparently the first registrations of each respective doll. The original applications presented claims only in "3-dimensional sculpture" and did not refer to any preexisting authorship on which they were based. The CA applications seek to both correct and amplify the original claims. In our phone conversation, you explained that the same basic doll sculpture was used for all four works. Each doll has different coloring and artwork, different hair, and different clothing and accessories. Doll hair and hairstyles are not copyrightable. The doll clothing, etc. will be discussed below. It appears that each doll was accompanied by a sculpture of an alternate foot and shoe combination which, I assume, could replace each foot already on the doll. When examining these claims for

MGA 0868142

EXHIBIT 70 PAGE 900

;2027073698

-2-

WHITE AND CASE LLP
NEW YORK  NY  10036

Control No. 61-323-1994(W)
April 8, 2005

registration, we interpreted each claim in sculpture to cover the entire basic doll sculpture and the extra combination foot and shoe sculptures as they were published, and we registered the claims.

There is no problem in correcting the creation and publication dates or in connecting these works to the preliminary drawings, which were apparently published at the same time as the dolls, according to the applications. Each CA application also adds the new authorship descriptions "2-dimensional artwork," "Photograph," and "Text." There is artwork on the dolls and the packaging which will support a copyright claim, so that claim is acceptable. The claim in "Photograph" apparently refers to the deposited snapshots used as identifying material for the work. As such, they are not a part of the unit of publication and cannot be claimed here. The only text in the deposit material consists of names and short phrases on the front of the packaging and this element is not copyrightable. Copyright does not protect names and titles or short phrases and slogans. Each CA should not refer to "photograph" or "text."

The new space 6b statement given in space C of each CA application also refers to "accessories" and "other elements." It is not clear what "other elements" means and that phrase should not be used on the application. "Accessories" apparently refers to the doll clothing, brushes, etc., but these elements are not protected by copyright. If the doll clothing is regarded as a miniaturized model of real clothing, there would appear to be no authorship in the simple miniaturization to support a copyright claim. If the doll clothing is regarded as intrinsically useful, as are full-sized clothing items for people, they would not have any separable sculptural authorship which would support a claim, so they would not be copyrightable for that reason because copyright does not protect the designs of useful articles. If you intend to register the styling or general "look" of each doll with its various outfits, these trademark or trade dress elements are not protected under copyright law, but may be covered under the Lanham Act. The applications should not refer to "accessories" or to any anything suggesting a claim in the clothing designs, styling, etc.

Please complete a new CA application for each work, or amend the originals, incorporating the changes discussed above.

Re: BRATZ DOLL SCULPTURE (FEMALE) (CA for VA 1-148-305); BRATZ DOLL SCULPTURE (FEMALE) - VA 1-148-305

In our conversation, you stated that this work is the same basic doll sculpture, minus the hair, facial artwork, and clothing, as the four works registered previously and discussed above. You explained that the original VA claim here was filed because the original registration materials for those four works did not show the entire sculpture of the basic doll, even though this claim did not refer to the previously registered claims. The CA claim here was filed to make clear that this VA claim covered all of the sculptural authorship not shown in the deposits for the four earlier registrations. This presents a problem for both of these registrations. We interpret the four earlier registrations for the dolls in their packaging to cover the entire doll sculpture even though

MGA 0868143

625-3

EXHIBIT 70 PAGE 901

- 3 -

WHITE AND CASE LLP
NEW YORK  NY  10036

Control No. 61-323-1994(W)
April 8, 2005

the deposit materials for those claims did not show the entire doll sculpture. Section 202.21(b) of the Copyright Office regulations specifies that, when identifying material (such as photos) is required or allowed, "as many pieces of identifying material as are necessary to show the entire copyrightable content in the ordinary case, but in no case less than an adequate representation of such content, of the work for which deposit is being made, or for which registration is being sought shall be submitted." The time for deposit of pictures showing the entire doll sculpture without the clothing, etc. was when those four original registrations were made. The deficiency of the deposit material at that time cannot be corrected by making a new registration for the same work. Normally, only one registration can be made for any particular work. (The four separate original VA registrations for the packaged dolls could be justified because all of the claims were received on the same date, all of the works were first published on the same date, and each deposit revealed copyrightable sculptural authorship not contained in the others, namely the different combination foot and shoe sculptures. The addition of a claim in artwork now with each CA application adds that much more copyrightable authorship which is different with each work.)

All of this leads to the conclusion that this original VA registration should never have been made. (We were not given full information at the time of registration to alert us to the fact that the work was already registered.) Because the registration was made in error, we now intend to cancel the original VA registration. If you believe that the registration should not be cancelled, be sure to show cause in writing in your reply why we should not cancel it. If we get no response from you concerning this issue within the specified reply time, or if after considering your response we determine that the registration is erroneous, we will cancel the registration.

Assuming the original VA registration will be cancelled, we cannot register the related CA claim. The filing fee is not refundable.

Re: BRATZ PETZ CATZ - SOFT TOYS, ACCESSORIES, PACKAGING & CONFIGURATION

This application includes a claim in text in space 2 and mentions text and photos in space 1. Again, the packaging contains some short phrases which will not support a copyright claim in text and the photos are presumably not a part of the unit of publication. Please omit these references on a new or amended application.

If you have any questions, you may call me at 202-707-5879.

MGA 0868144

625-4

EXHIBIT 70 PAGE 902

EXHIBIT 71

**CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**