# EXHIBIT 72

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 73

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
6  Facsimile:  (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT
8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-
14                      Plaintiff,         2727

15       v.                               **CARTER BRYANT'S
                                          OBJECTIONS AND RESPONSES
16  MATTEL, INC. a Delaware               TO MATTEL, INC'S AMENDED
    Corporation,                          FOURTH SET OF
17                                        INTERROGATORIES**
                        Defendant.
18

19  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA
20  ENTERTAINMENT, INC. v.
    MATTEL, INC.
21

22

23     **PROPOUNDING PARTY:**    **MATTEL, INC.**

24     **RESPONDING PARTY:**     **CARTER BRYANT**

25     **SET NO.:**             **FOUR (AMENDED)**

26

27

28

---

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **73** PAGE **908**

1    Pursuant to Federal Rules of Civil Procedure 33, Carter Bryant responds and

2    answers Mattel Inc.'s Amended Fourth Set of Interrogatories as follows:

3

4    ## Preliminary Statement and General Objections

5    1.    Bryant's responses are made to the best of Bryant's present

6    knowledge, information and belief.  Discovery in this litigation is ongoing.

7    Consequently, Bryant's responses are at all times subject to such additional or

8    different information that discovery or further investigation may disclose and,

9    while based on the present state of Bryant's recollection, is subject to such

10   refreshing of recollection, and such additional knowledge of facts, as may result

11   from further discovery or investigation.  Bryant reserves the right to amend or

12   supplement his objections and responses.

13   2.    Bryant reserves the right to make any use of, or to introduce at any

14   hearing or trial, information that is responsive to Mattel's interrogatories, but

15   discovered subsequent to Bryant's responses herein.

16   3.    Bryant's responses are made based on his understanding and

17   interpretation of each interrogatory.  Bryant reserves the right to supplement its

18   objections and responses should Mattel's subsequently put forth an interpretation

19   of any interrogatory that differs from those of Bryant.

20   4.    Bryant reserves the right to object on any ground at any time to such

21   other or supplemental discovery requests as Mattel may propound involving or

22   relating to the same subject matter of these interrogatories.

23   5.    The responses below shall not be construed as an admission as to the

24   relevance or admissibility of any statement or characterization contained in any

25   interrogatory.  Bryant reserves all objections, including without limitation

26   objections as to competency, relevance, materiality, privilege, authenticity, or

27   admissibility.

28   6.    Bryant objects to the definitions, instructions, and interrogatories to

1

406258.01

EXHIBIT 73 PAGE 909

1 the extent they impose on Bryant obligations beyond those imposed by the Federal

2 Rules of Civil Procedure, the local rules of this Court, any orders entered by the

3 Court in this Action, or other applicable law.

4     7.    Bryant objects to the definitions, instructions, and interrogatories to

5 the extent they seek information that was prepared in anticipation of litigation,

6 constitutes attorney work product, discloses mental impressions, conclusions,

7 opinions or legal theories of any attorney for or other representative of Bryant,

8 contains privileged attorney-client communications, or is otherwise protected from

9 disclosure by any other privileges, laws, or rules. Bryant shall not produce such

10 information in response to Mattel's interrogatories. Any disclosure of such

11 protected or privileged information is inadvertent and shall not be construed as a

12 waiver of those privileges or protections. Bryant reserves the right to correct the

13 record with regard to any such inadvertent disclosure, as provided for in the

14 Protective Order governing this case.

15     8.    Bryant objects to each interrogatory to the extent that it seeks

16 information protected from discovery by the right to privacy or any other

17 applicable privilege.

18     9.    Bryant objects to each interrogatory to the extent that it seeks the

19 disclosure of confidential, proprietary, or trade-secret information.

20     10.    Bryant objects to all instructions, definitions and interrogatories to the

21 extent that they seek documents or information (1) not currently in Bryant's

22 possession, custody, or control; (2) that Bryant cannot locate after a reasonably

23 diligent search; or (3) that refer to persons, entities, or events not known to Bryant.

24 Such instructions, definitions, or requests are objectionable where they seek to

25 require more of Bryant than any obligation imposed by the Federal Rule of Civil

26 Procedure; subject Bryant to unreasonable and undue annoyance, oppression,

27 burden, and expense; and/or seek to impose upon Bryant an obligation to

28 investigate or discover information or materials from sources equally accessible to

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

EXHIBIT **73** PAGE **910**

1  Mattel.

2      11.    Consistent with Rule 33(d) of the Federal Rules of Civil Procedure,

3  Bryant objects to providing responses to interrogatories that can be derived from

4  documents that have or will be produced (when requested in compliance with Rule

5  26) and where the burden to derive such information is substantially the same for

6  Mattel as it is for Bryant.

7      12.    Bryant objects to the interrogatories to the extent that they seek to

8  restrict the facts on which Bryant may rely on at trial.  Discovery has yet to be

9  completed in this case.  By responding and objecting to these interrogatories,

10  Bryant does not intend to, and does not, limit the evidence he may rely to support

11  his contentions and defenses at trial, or to rebut or impeach contentions, assertions,

12  and evidence presented by Mattel.  Furthermore, Bryant reserves the right to

13  supplement or amend his responses.

14      13.    To the extent that the interrogatories seek information that will be the

15  subject of expert witness testimony, Bryant objects.  Such interrogatories are

16  premature.

17      14.    Bryant objects to each interrogatory to the extent that it call for a legal

18  conclusion.

19      15.    Bryant further objects to several of these interrogatories that appear to

20  be directed at other parties to the litigation and not to Bryant given the nature of

21  the claims asserted against Bryant in this case.

22      16.    Bryant objects to the definitions and instructions to the extent such

23  definitions and instructions purport to enlarge, expand, or alter in any way the plain

24  meaning and scope of any specific term or specific interrogatories on the ground

25  that such enlargement, expansion, or alteration renders such a term or request

26  vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or

27  uncertain.

28      17.    Bryant objects to the terms YOU, YOUR, BRYANT, LARIAN,

406258.01

EXHIBIT **73**  PAGE **911**

1   MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

2   BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ

3   MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE

4   TO as overbroad, unduly burdensome, vague, and ambiguous.  Bryant also objects

5   to these terms to the extent that the definitions call for legal conclusions.

6       18.   Bryant further objects to the terms IDENTIFY or IDENTITY as

7   overbroad, unduly burdensome, vague and ambiguous, and oppressive.  Mattel's

8   definition of these terms inherently call for answers to multiple discrete questions

9   or subparts to questions.  For example, when those term are used to reference any

10  BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct

11  facts:  (a) the full name of the product; (b) the number of the product; (c) the SKU

12  of the product; (d) any other applicable designation of the product useful for

13  identification; (e) the period of time during which the product was, has been, or

14  will be sold; and (f) the identity of each person who has licensed from YOU the

15  right to sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes

16  or incorporates the terms IDENTIFY or IDENTITY are necessarily compound, and

17  should be posed as separate interrogatories.

18      19.   Bryant also objects to the terms "any" and "REFER OR RELATE

19  TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

20  and/or are vague and ambiguous in the context of the interrogatories as written and

21  as those interrogatories would be plainly understood absent Mattel's definitions.

22      20.   Bryant's responses and objections to these interrogatories do not, and

23  are not intended to, waive his contention that anything he did on weekends,

24  evenings, vacation and / or any other time outside ordinary business hours was not

25  done while he was working for Mattel.  Bryant preserves and intends to preserve

26  this contention.  Bryant's responses and objections may not be taken as an

27  admission that the information he provides in any way reflects or evidences work

28  performed by Bryant while he was working for Mattel or that Bryant adopts or

4

EXHIBIT __73__ PAGE __912__

1   agrees with any fact or legal conclusion assumed, presumed or contained in any of

2   Mattel's interrogatories.

3       21.    Bryant objects to each of Mattel's interrogatories because Mattel has

4   propounded more than 50 interrogatories, including discrete subparts. Under

5   Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for

6   each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

7       22.    The above stated objections are incorporated by reference as though

8   fully set forth in each response below. Subject to the existing Protective Order and

9   without waiving any of the foregoing objections, Bryant responds as follows:

10

11   **Specific Responses and Objections**

12   **INTERROGATORY NO. 42:**

13       State all facts that support YOUR contention, if YOU so contend, that any

14   BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT on

15   or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of such

16   facts and all DOCUMENTS that REFER OR RELATE TO such facts.

17   **RESPONSE TO INTERROGATORY NO. 42:**

18       Bryant incorporates by reference his general objections. Bryant objects that

19   this interrogatory is an overbroad and unduly burdensome contention interrogatory

20   to the extent it asks for "every fact" which supports the denial of a statement or

21   allegation. *See, e.g., Safeco of Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D.

22   Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and

23   witnesses that support the denial of a statement or allegation of fact" because the

24   "universe of potentially responsive information is almost endless.").

25       Bryant also objects to this interrogatory on the ground that it is overbroad,

26   unduly burdensome, vague and ambiguous both generally and specifically with

27   respect to the terms IDENTIFY and REFER OR RELATE TO. Bryant also

28   objects to this interrogatory as overbroad, unduly burdensome, vague and

406258.01

EXHIBIT **73** PAGE **913**

1   ambiguous generally and specifically with respects to the terms BASED ON,

2   BRATZ BOLLS, and BRATZ DESIGNS.  In addition, Bryant objects to this

3   interrogatory to the extent it calls for the disclosure of attorney-client privileged

4   information, information protected from disclosure by the work-product doctrine,

5   the joint defense privilege or the common interest privilege.  Bryant also objects to

6   this interrogatory generally and specifically with respect to the term BASED ON to

7   the extent it calls for a legal conclusion.  Bryant also objects to this interrogatory to

8   the extent it calls for the premature disclosure of expert opinions or analysis.

9   Bryant further objects to the extent that this interrogatory seeks information that is

10  outside Bryant's personal knowledge and is not in Bryant's possession, custody, or

11  control.  In particular, Bryant objects to this interrogatory to the extent that it

12  requests that Bryant "[s]tate *all* facts … and IDENTIFY *all* PERSONS…and *all*

13  DOCUMENTS." (emphasis added).

14        Bryant objects to this interrogatory because Mattel has propounded more

15  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

16  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049

17  SGL and CV 05-02727]."

18  **INTERROGATORY NO. 43:**

19        For each concept, design, product, product packaging or other matter that

20  YOU contend MATTEL copied or infringed, including but not limited to those

21  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

22  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

23  Supplemental Responses to such Interrogatory), state the date that each such

24  concept, design, product, product packaging or other matter was conceived, and

25  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

26  OR RELATE TO, the foregoing.

27  **RESPONSE TO INTERROGATORY NO. 43:**

28        Bryant incorporates by reference his general objections.  Bryant objects to

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

EXHIBIT __73__ PAGE __914__

1  this interrogatory on the grounds that it is overbroad, unduly burdensome, vague

2  and ambiguous, and compound both generally and specifically with respect to the

3  terms YOU, IDENTIFY, MATTEL, and REFER OR RELATE TO.  In addition,

4  Bryant objects to this interrogatory to the extent it calls for the disclosure of

5  attorney-client privileged information, information protected from disclosure by

6  the work-product doctrine, the joint defense privilege, or the common interest

7  privilege.  Bryant also objects to this interrogatory to the extent it calls for a legal

8  conclusion.  Bryant further objects to the extent that this interrogatory seeks

9  information that outside of Bryant's personal knowledge and that is not in Bryant's

10  possession, custody, or control.  In particular, Bryant objects to this interrogatory

11  to the extent that it that it requests that Bryant "IDENTIFY *all* PERSONS…and *all*

12  DOCUMENTS" (emphasis added).

13       Bryant further objects to this interrogatory on grounds that it appears to be

14  directed at other parties to the litigation, and not to Bryant.  This is evident given

15  the interrogatory's reference to MGA's Responses to Mattel, Inc.'s First Set of

16  Interrogatories re Claims of Unfair Competition, Response to Interrogatory No. 2.

17  Consequently, this interrogatory is inapplicable, nonsensical, harassing, and seeks

18  information that is neither relevant nor reasonably calculated to lead to the

19  discovery of admissible evidence vis-à-vis Bryant.

20       Bryant objects to this interrogatory because Mattel has propounded more

21  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

22  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

23  SGL and CV 05-02727]."

24  **INTERROGATORY NO. 44:**

25       For each concept, design, product, product packaging or other matter that

26  YOU contend MATTEL copied or infringed, including but not limited to those

27  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

28  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

7

406258.01

EXHIBIT __73__ PAGE __915__

1 supplemental Responses to such Interrogatory), state the date that each such

2 concept, design, product, product packaging or other matter was first fixed in any

3 tangible medium of expression (if ever), and IDENTIFY all PERSONS with

4 knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the

5 foregoing.

6 **RESPONSE TO INTERROGATORY NO. 44:**

7     Bryant incorporates by reference his general objections. Bryant objects to

8 this interrogatory on the ground that it is overbroad, unduly burdensome, vague

9 and ambiguous, and compound both generally and specifically with respect to the

10 terms YOU, IDENTIFY, MATTEL, and REFER OR RELATE TO. In addition,

11 Bryant objects to this interrogatory to the extent it calls for the disclosure of

12 attorney-client privileged information, information protected from disclosure by

13 the work-product doctrine, the joint defense privilege, or the common interest

14 privilege. Bryant also objects to this interrogatory to the extent it calls for a legal

15 conclusion. Bryant further objects to the extent that this interrogatory seeks

16 information that outside of Bryant's personal knowledge and that is not in Bryant's

17 possession, custody, or control. In particular, Bryant objects to this interrogatory

18 to the extent that it that it requests that Bryant "IDENTIFY *all* PERSONS…and *all*

19 DOCUMENTS" (emphasis added).

20     Bryant further objects to this interrogatory on grounds that it appears to be

21 directed at other parties to the litigation, and not to Bryant. This is evident given

22 the interrogatory's reference to MGA's Responses to Mattel, Inc.'s First Set of

23 Interrogatories re Claims of Unfair Competition, Response to Interrogatory No. 2.

24 Consequently, this interrogatory is inapplicable, nonsensical, harassing, and seeks

25 information that is neither relevant nor reasonably calculated to lead to the

26 discovery of admissible evidence vis-à-vis Bryant.

27     Bryant objects to this interrogatory because Mattel has propounded more

28 than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

EXHIBIT **73** PAGE **916**

1   "Interrogatories are limited to 0 for each side for both [Case Nos. CV 04-04049-

2   SGL and CV 05-02727]."

3

4   Dated: November 15, 2007

                                      KEKER & VAN NEST, LLP

5

6

7   By: _____

8          Christa M. Anderson
       Attorneys for Plaintiff
       CARTER BRYANT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

EXHIBIT 73 PAGE 912

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On November 15, 2007, I served the following document(s):

**CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:   213/687-5000
Fax:   213/687-5600
Email: tnolan@skadden.com

Executed on November 15, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Julie A. Selby

# EXHIBIT 74

KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>              Defendant. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES** |
| CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

**PROPOUNDING PARTY:**    **MATTEL, INC.**

**RESPONDING PARTY:**    **CARTER BRYANT**

**SET NO.:**    **THREE (REVISED)**

EXHIBIT **74** PAGE **919**

1    Pursuant to Federal Rules of Civil Procedure 33, Carter Bryant responds and

2  objects to Mattel Inc.'s Revised Third Set of Interrogatories as follows:

3

4          **Preliminary Statement and General Objections**

5    1.   Bryant's responses are made to the best of Bryant's present

6  knowledge, information and belief.  Discovery in this litigation is ongoing.

7  Consequently, Bryant's responses are at all times subject to such additional or

8  different information that discovery or further investigation may disclose and,

9  while based on the present state of Bryant's recollection, is subject to such

10  refreshing of recollection, and such additional knowledge of facts, as may result

11  from further discovery or investigation.  Bryant reserves the right to amend or

12  supplement his objections and responses.

13    2.   Bryant reserves the right to make any use of, or to introduce at any

14  hearing or trial, information that is responsive to Mattel's interrogatories, but

15  discovered subsequent to Bryant's responses herein.

16    3.   Bryant's responses are made based on his understanding and

17  interpretation of each interrogatory.  Bryant reserves the right to supplement its

18  objections and responses should Mattel's subsequently put forth an interpretation

19  of any interrogatory that differs from those of Bryant.

20    4.   Bryant reserves the right to object on any ground at any time to such

21  other or supplemental discovery requests as Mattel may propound involving or

22  relating to the same subject matter of these interrogatories.

23    5.   The responses below shall not be construed as an admission as to the

24  relevance or admissibility of any statement or characterization contained in any

25  interrogatory.  Bryant reserves all objections, including without limitation

26  objections as to competency, relevance, materiality, privilege, authenticity, or

27  admissibility.

28    6.   Bryant objects to the definitions, instructions, and interrogatories to

1

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **74** PAGE **920**

1  the extent they impose on Bryant obligations beyond those imposed by the Federal

2  Rules of Civil Procedure, the local rules of this Court, any orders entered by the

3  Court in this Action, or other applicable law.

4        7.    Bryant objects to the definitions, instructions, and interrogatories to

5  the extent they seek information that was prepared in anticipation of litigation,

6  constitutes attorney work product, discloses mental impressions, conclusions,

7  opinions or legal theories of any attorney for or other representative of Bryant,

8  contains privileged attorney-client communications, or is otherwise protected from

9  disclosure by any other privileges, laws, or rules.  Bryant shall not produce such

10  information in response to Mattel's interrogatories.  Any disclosure of such

11  protected or privileged information is inadvertent and shall not be construed as a

12  waiver of those privileges or protections.  Bryant reserves the right to correct the

13  record with regard to any such inadvertent disclosure, as provided for in the

14  Protective Order governing this case.

15        8.    Bryant objects to each interrogatory to the extent that it seeks

16  information protected from discovery by the right to privacy or any other

17  applicable privilege.

18        9.    Bryant objects to each interrogatory to the extent that it seeks the

19  disclosure of confidential, proprietary, or trade-secret information.

20       10.    Bryant objects to all instructions, definitions and interrogatories to the

21  extent that they seek documents or information (1) not currently in Bryant's

22  possession, custody, or control; (2) that Bryant cannot locate after a reasonably

23  diligent search; or (3) that refer to persons, entities, or events not known to Bryant.

24  Such instructions, definitions, or requests are objectionable where they seek to

25  require more of Bryant than any obligation imposed by the Federal Rule of Civil

26  Procedure; subject Bryant to unreasonable and undue annoyance, oppression,

27  burden, and expense; and/or seek to impose upon Bryant an obligation to

28  investigate or discover information or materials from sources equally accessible to

2

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **74** PAGE **921**

1    Mattel.

2       11.    Consistent with Rule 33(d) of the Federal Rules of Civil Procedure,

3    Bryant objects to providing responses to interrogatories that can be derived from

4    documents that have or will be produced (when requested in compliance with Rule

5    26) and where the burden to derive such information is substantially the same for

6    Mattel as it is for Bryant.

7       12.    Bryant objects to the interrogatories to the extent that they seek to

8    restrict the facts on which Bryant may rely on at trial.  Discovery has yet to be

9    completed in this case.  By responding and objecting to these interrogatories,

10   Bryant does not intend to, and does not, limit the evidence he may rely to support

11   his contentions and defenses at trial, or to rebut or impeach contentions, assertions,

12   and evidence presented by Mattel.  Furthermore, Bryant reserves the right to

13   supplement or amend his responses.

14      13.    To the extent that the interrogatories seek information that will be the

15   subject of expert witness testimony, Bryant objects.  Such interrogatories are

16   premature.

17      14.    Bryant objects to each interrogatory to the extent that it call for a legal

18   conclusion.

19      15.    Bryant further objects to several of these interrogatories that appear to

20   be directed at other parties to the litigation and not to Bryant given the nature of

21   the claims asserted against Bryant in this case.

22      16.    Bryant objects to the definitions and instructions to the extent such

23   definitions and instructions purport to enlarge, expand, or alter in any way the plain

24   meaning and scope of any specific term or specific interrogatories on the ground

25   that such enlargement, expansion, or alteration renders such a term or request

26   vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or

27   uncertain.

28      17.    Bryant objects to the terms YOU, YOUR, BRYANT, LARIAN,

3

EXHIBIT **74** PAGE **922**

1  MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

2  BRATZ, BRATZ INVENTION, SOLD, SELL, SALE, BRATZ DOLL, BRATZ

3  PRODUCT, BRATZ TELEVISION SHOW, BRATZ MOVIE, ANGEL,

4  CREATED, TRANSFER, ACQUIRE, INVENTIONS AGREEMENT, DIGITAL

5  INFORMATION, and STORAGE DEVICE, as overbroad, unduly burdensome,

6  vague, and ambiguous. Bryant also objects to these terms to the extent that the

7  definitions call for legal conclusions.

8      18.   Bryant further objects to the terms IDENTIFY or IDENTITY as

9  overbroad, unduly burdensome, vague and ambiguous, and oppressive. Mattel's

10  definition of these terms inherently call for answers to multiple discrete questions

11  or subparts to questions. For example, when those term are used to reference any

12  BRATZ INVENTION, the use of those terms requests at least 10 different and

13  distinct facts: (a) the bates number of any document that "REFERS OR RELATES

14  TO the BRATZ INVENTION"; (b) the IDENTITY of the individual author or

15  creator of the BRATZ INVENTION; (c) the IDENTITY of each other individual

16  who contributed in any manner to the BRATZ INVENTION; (d) the form, material

17  and medium of the BRATZ INVENTION; (e) the title or name of the BRATZ

18  INVENTION; (f) the version, modification, revision or iteration number of the

19  BRATZ INVENTION; (g) the current location of the original of the BRATZ

20  INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

21  the last day on which the BRATZ INVENTION was CREATED; (j) whether the

22  entire invention was CREATED during the period of time listed in the

23  Interrogatory (and if not, which portions were created during, earlier, or later than

24  the period of time listed in the Interrogatory). Therefore, any interrogatory that

25  includes or incorporates the terms IDENTIFY or IDENTITY are necessarily

26  compound, and should be posed as separate interrogatories.

27      19.   Bryant also objects to the terms "any" and "REFER OR RELATE

28  TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

EXHIBIT __7__ PAGE __923__

1    and/or are vague and ambiguous in the context of the interrogatories as written and

2    as those interrogatories would be plainly understood absent Mattel's definitions.

3         20.    Bryant's responses and objections to these interrogatories do not, and

4    are not intended to, waive his contention that anything he did on weekends,

5    evenings, vacation and / or any other time outside ordinary business hours was not

6    done while he was working for Mattel.  Bryant preserves and intends to preserve

7    this contention.  Bryant's responses and objections may not be taken as an

8    admission that the information he provides in any way reflects or evidences work

9    performed by Bryant while he was working for Mattel or that Bryant adopts or

10   agrees with any fact or legal conclusion assumed, presumed or contained in any of

11   Mattel's interrogatories.

12        21.    Bryant objects to each of Mattel's interrogatories because Mattel has

13   propounded more than 50 interrogatories, including discrete subparts.  Under

14   Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for

15   each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

16        22.    The above stated objections are incorporated by reference as though

17   fully set forth in each response below.  Subject to the existing Protective Order and

18   without waiving any of the foregoing objections, Bryant responds as follows:

19                    **Specific Responses and Objections**

20   **INTERROGATORY NO. 27:**

21        IDENTIFY each and every BRATZ INVENTION YOU contend was

22   CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

23   INVENTION so identified state all facts that support YOUR contention that such

24   BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

25   January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and

26   all DOCUMENTS which REFER OR RELATE TO such facts.

27   **RESPONSE TO INTERROGATORY NO. 27:**

28        Bryant incorporates by reference his general objections.  Bryant further

5

EXHIBIT **74** PAGE **924**

objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses.  Specifically, Bryant objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require Bryant to provide a multitude of discrete responses for each BRATZ INVENTION, including:

    (a) the bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION";

    (b) the IDENTITY of the individual author or creator of the BRATZ INVENTION;

    (c) the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

    (d) the form, material and medium of the BRATZ INVENTION;

    (e) the title or name of the BRATZ INVENTION;

    (f) the version, modification, revision or iteration number of the BRATZ INVENTION;

    (g) the current location of the original of the BRATZ INVENTION;

    (h) the first day on which the BRATZ INVENTION was created;

    (i) the last day on which the BRATZ INVENTION was CREATED;

    (j) whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

This interrogatory is further compounded by Mattel's definition of IDENTITY, which purports to require Bryant to provide the following information for each of the individuals Mattel is requesting that Bryant identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any known business title; (c) the current or last known business affiliation; (d) current or last known residential address; (d) current or last known business address; (e) current or last known relationship to MGA; and (f) current or last known telephone number.

    Bryant also objects to this interrogatory on the grounds that it is overbroad,

6

EXHIBIT __74__ PAGE __925__

1   unduly burdensome, vague and ambiguous both generally and specifically with

2   respect to the terms BRATZ INVENTION, BRATZ, CREATED, DESIGN and

3   REFER OR RELATES TO.  In particular, the term BRATZ INVENTION, which

4   incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so

5   broad and over-inclusive that, interpreted as instructed by Mattel, it includes each

6   and every thought, idea, and conversation, however insubstantial or fleeting, that

7   Bryant or anyone else may have had about BRATZ during the time period at issue.

8       Bryant further objects to the extent that this interrogatory seeks information

9   that is outside of Bryant's personal knowledge and is not in Bryant's possession,

10  custody, or control.  In particular, Bryant objects to this interrogatory to the extent

11  that it that it requests that Bryant "state *all* facts … and IDENTIFY *all*

12  PERSONS…and *all* DOCUMENTS" (emphasis added).  Bryant also objects to

13  this interrogatory to the extent that it calls for a legal conclusion

14      Bryant objects to this interrogatory because Mattel has propounded more

15  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

16  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

17  SGL and CV 05-02727]."

18      Subject to, and without waiver of, the foregoing objections, Bryant responds

19  as follows:  Bryant is willing to meet and confer with Mattel regarding this

20  interrogatory.

21  **INTERROGATORY NO. 28:**

22      IDENTIFY each and every BRATZ INVENTION YOU contend was

23  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001,

24  and for each BRATZ INVENTION so identified state all FACTS that support

25  YOUR contention that such BRATZ INVENTION (or aspects or portions thereof)

26  was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY

27  all PERSONS with knowledge of such facts and all DOCUMENTS which REFER

28  OR RELATE TO such facts.

EXHIBIT **74** PAGE **926**

**RESPONSE TO INTERROGATORY NO. 28:**

Bryant incorporates by reference his general objections. Bryant further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, Bryant objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require Bryant to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a) the bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION";

(b) the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c) the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d) the form, material and medium of the BRATZ INVENTION;

(e) the title or name of the BRATZ INVENTION;

(f) the version, modification, revision or iteration number of the BRATZ INVENTION;

(g) the current location of the original of the BRATZ INVENTION;

(h) the first day on which the BRATZ INVENTION was created;

(i) the last day on which the BRATZ INVENTION was CREATED;

(j) whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

This interrogatory is further compounded by Mattel's definition of IDENTITY, which purports to require Bryant to provide the following information for each of the individuals Mattel is requesting that Bryant identify with respect to each BRATZ INVENTION: (a) the individual's name; (b) any known business title; (c) the current or last known business affiliation; (d) current or last known residential address; (d) current or last known business address; (e) current or last known

8

EXHIBIT **74** PAGE **927**

1  relationship to MGA; and (f) current or last known telephone number.

2      Bryant also objects to this interrogatory on the grounds that it is overbroad,

3  unduly burdensome, vague and ambiguous both generally and specifically with

4  respect to the terms BRATZ INVENTION, BRATZ, CREATED, DESIGN and

5  REFER OR RELATES TO.  In particular, the term BRATZ INVENTION, which

6  incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so

7  broad and over-inclusive that, interpreted as instructed by Mattel, it includes each

8  and every thought, idea, and conversation, however insubstantial or fleeting, that

9  Bryant or anyone else may have had about BRATZ during the time period at issue.

10      Bryant further objects to the extent that this interrogatory seeks information

11  that is outside of Bryant's personal knowledge and is not in Bryant's possession,

12  custody, or control.  In particular, Bryant objects to this interrogatory to the extent

13  that it that it requests that Bryant "state *all* facts ... and IDENTIFY *all*

14  PERSONS...and *all* DOCUMENTS" (emphasis added).  Bryant also objects to

15  this interrogatory to the extent that it calls for a legal conclusion

16      Bryant objects to this interrogatory because Mattel has propounded more

17  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

18  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

19  SGL and CV 05-02727]."

20      Subject to, and without waiver of, the foregoing objections, Bryant responds

21  as follows:  Bryant is willing to meet and confer with Mattel regarding this

22  interrogatory.

23  **INTERROGATORY NO. 29:**

24      IDENTIFY each and every BRATZ INVENTION that was CREATED, in

25  whole or in part, after January 3, 1999 and before October 21, 2000, and for each

26  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

27  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

28  PERSONS with knowledge of such facts and all DOCUMENTS which REFER

9

EXHIBIT **74** PAGE **928**

1  OR RELATE TO such facts.

2  **RESPONSE TO INTERROGATORY NO. 29:**

3        Bryant incorporates by reference his general objections.  Bryant further

4  objects to this interrogatory as compound because it contains discrete subparts that

5  require separate, distinct and multiple responses.  Specifically, Bryant objects to

6  the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition

7  of this term calls for responses to multiple discrete subparts.  For example, Mattel's

8  definition of the term IDENTIFY in the context of this interrogatory would require

9  Bryant to provide a multitude of discrete responses for each BRATZ

10  INVENTION, including:

     (a) the bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION";

     (b) the IDENTITY of the individual author or creator of the BRATZ INVENTION;

     (c) the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

     (d) the form, material and medium of the BRATZ INVENTION;

     (e) the title or name of the BRATZ INVENTION;

     (f) the version, modification, revision or iteration number of the BRATZ INVENTION;

     (g) the current location of the original of the BRATZ INVENTION;

     (h) the first day on which the BRATZ INVENTION was created;

     (i) the last day on which the BRATZ INVENTION was CREATED;

     (j) whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

24  This interrogatory is further compounded by Mattel's definition of IDENTITY,

25  which purports to require Bryant to provide the following information for each of

26  the individuals Mattel is requesting that Bryant identify with respect to each

27  BRATZ INVENTION:  (a) the individual's name; (b) any known business title; (c)

28  the current or last known business affiliation; (d) current or last known residential

10

EXHIBIT **74**   PAGE**7 29**

1   address; (d) current or last known business address; (e) current or last known

2   relationship to MGA; and (f) current or last known telephone number.

3        Bryant also objects to this interrogatory on the grounds that it is overbroad,

4   unduly burdensome, vague and ambiguous both generally and specifically with

5   respect to the terms BRATZ INVENTION, BRATZ, CREATED, DESIGN and

6   REFER OR RELATES TO.  In particular, the term BRATZ INVENTION, which

7   incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so

8   broad and over-inclusive that, interpreted as instructed by Mattel, it includes each

9   and every thought, idea, and conversation, however insubstantial or fleeting, that

10   Bryant or anyone else may have had about BRATZ during the time period at issue.

11        Bryant further objects to the extent that this interrogatory seeks information

12   that is outside of Bryant's personal knowledge and is not in Bryant's possession,

13   custody, or control.  In particular, Bryant objects to this interrogatory to the extent

14   that it that it requests that Bryant "state *all* facts … and IDENTIFY *all*

15   PERSONS…and *all* DOCUMENTS" (emphasis added).  Bryant also objects to

16   this interrogatory to the extent that it calls for a legal conclusion

17        Bryant objects to this interrogatory because Mattel has propounded more

18   than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

19   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

20   SGL and CV 05-02727]."

21        Subject to, and without waiver of, the foregoing objections, Bryant responds

22   as follows:  Bryant is willing to meet and confer with Mattel regarding this

23   interrogatory.

24   **INTERROGATORY NO. 30:**

25        State all facts that support YOUR contention, if YOU so contend, that,

26   assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

27   pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

28   and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

11

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __74__   PAGE __93b__

1   IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

2   that REFER OR RELATE TO such facts.

3   **RESPONSE TO INTERROGATORY NO. 30:**

4         Bryant incorporates by reference his general objections.  Bryant objects to

5   this interrogatory on the ground that it is overbroad, unduly burdensome, and

6   vague and ambiguous both generally and specifically with respect to the terms

7   YOUR, YOU, BRYANT, MATTEL, MGA, IDENTIFY, INVENTION

8   AGREEMENT, BRATZ INVENTION and REFER OR RELATE TO.  In addition,

9   Bryant objects to this interrogatory to the extent it calls for the disclosure of

10  attorney-client privileged information, information protected from disclosure by

11  the work-product doctrine, the joint defense privilege, the common interest

12  privilege, or any other applicable privilege.  Bryant also objects to this

13  interrogatory to the extent it calls for a legal conclusion.  Bryant further objects to

14  the extent that this interrogatory seeks information that is outside Bryant's personal

15  knowledge and is not in Bryant's possession, custody, or control.   In particular,

16  Bryant objects to this interrogatory to the extent that it that it requests that Bryant

17  "state *all* facts … and IDENTIFY *all* PERSONS…and *all* DOCUMENTS"

18  (emphasis added).

19        Bryant further objects to this interrogatory as it asks Bryant to assumes facts

20  contrary to evidence, and further asks him to base any response on an incomplete

21  and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v. Sullivan*, 125

22  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

23  interrogatories directed at hypothetical scenarios).  Any response to this

24  interrogatory depends on, among other factual and legal factors, specifically which

25  BRATZ INVENTION it is hypothetically assumed that Bryant assigned rights in to

26  MGA and which rights he assigned, which information is not provided in the

27  incomplete hypothetical scenario posited in this interrogatory.

28        Bryant objects to this interrogatory because Mattel has propounded more

12

EXHIBIT __74__   PAGE __931__

1  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

2  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

3  SGL and CV 05-02727]."

4  **INTERROGATORY NO. 31:**

5      State all facts that support YOUR contention, if YOU so contend, that the

6  INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

7  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

8  RELATE TO such facts.

9  **RESPONSE TO INTERROGATORY NO. 31:**

10     Bryant incorporates by reference his general objections.  Bryant objects that

11 this interrogatory is overbroad and unduly burdensome contention interrogatory to

12 the extent it asks for "every fact" which supports the denial of a statement or

13 allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal.

14 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

15 that support the denial of a statement or allegation of fact" because the "universe of

16 potentially responsive information is almost endless").

17     Bryant also objects to this interrogatory on the ground that it is overbroad,

18 unduly burdensome, vague and ambiguous both generally and specifically with

19 respect to the terms YOU, YOUR, INVENTIONS AGREEMENT, IDENTIFY and

20 REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to the

21 extent it calls for the disclosure of attorney-client privileged information,

22 information protected from disclosure by the work-product doctrine, the joint

23 defense privilege, and / or the common interest privilege.  Bryant also objects to

24 this interrogatory to the extent it calls for a legal conclusion.  Bryant further objects

25 to the extent that this interrogatory seeks information that is outside Bryant's

26 personal knowledge and is not in Bryant's possession, custody, or control.  In

27 particular, Bryant objects to this interrogatory to the extent that it that it requests

28 that Bryant "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

13

EXHIBIT __74__ PAGE __932__

1   DOCUMENTS" (emphasis added).

2       Bryant objects to this interrogatory because Mattel has propounded more

3   than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

4   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

5   SGL and CV 05-02727]."

6       Subject to, and without waiver of, the foregoing objections, Bryant responds

7   as follows:  While preserving all of his rights with respect to the Court's July 18,

8   2006 Order dismissing Bryant's counterclaims pertaining to the validity and

9   enforceability of the Employee Confidential Information and Inventions

10  Agreement produced in this action by Mattel as M0001596 ("the Employee

11  Agreement"), including any and all rights on appeal, Bryant recognizes that the

12  Court's order precludes him from contending at trial that the Employee

13  Agreement, in and of itself, is invalid or unenforceable.  However, Bryant does

14  contend that Mattel is precluded from enforcing the Employee Agreement against

15  Bryant in this litigation on the bases of unclean hands, waiver, estoppel, laches,

16  and consent by Mattel, as set forth in Bryant's Second Amended Reply to Mattel's

17  Counterclaims filed on October 16, 2007, and also is precluded from seeking an

18  improper interpretation of the Employee Agreement.

19  **INTERROGATORY NO. 32:**

20      State all facts that support YOUR contention, if YOU so contend, that

21  MATTEL is not or would not be entitled to injunctive relief as requested in its

22  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

23  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all

24  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

25  RELATE TO such facts.

26  **RESPONSE TO INTERROGATORY NO. 32:**

27      Bryant incorporates by reference his general objections.  Bryant objects that

28  this interrogatory is overbroad and unduly burdensome contention interrogatory to

14

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **74** PAGE **953**

1   the extent it asks for "every fact" which supports the denial of a statement or

2   allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal.

3   1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

4   that support the denial of a statement or allegation of fact" because the "universe of

5   potentially responsive information is almost endless").

6        Bryant also objects to this interrogatory on the ground that it is overbroad,

7   unduly burdensome, vague and ambiguous both generally and specifically with

8   respect to the terms YOUR, YOU, MATTEL, IDENTIFY, BRATZ INVENTION

9   and REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to

10  the extent it calls for the disclosure of attorney-client privileged information,

11  information protected from disclosure by the work-product doctrine, the joint

12  defense privilege, and / or the common interest privilege.  Bryant further objects to

13  the extent that this interrogatory seeks information that is outside Bryant's personal

14  knowledge and is not in Bryant's possession, custody, or control.  In particular,

15  Bryant objects to this interrogatory to the extent that it that it requests that Bryant

16  "state *all* facts ... and IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

17  (emphasis added).

18       Bryant further objects to this interrogatory as it asks Bryant to assumes facts

19  contrary to evidence, and further asks him to base any response on an incomplete

20  and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125

21  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

22  interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or

23  would or would not be "entitled to injunctive relief" depends on, among other

24  factual and legal factors, which specific "BRATZ INVENTION" Mattel is

25  hypothetically found to own, and whether and / or to what extent it is determined

26  that any Bratz products that have been produced and sold are derivative works of

27  any such BRATZ INVENTIONS, which information is not provided in the

28  incomplete hypothetical scenario posited in this interrogatory.  Bryant also objects

15

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **74** PAGE **735**

1  to this interrogatory on grounds that Mattel – not Bryant – bears the burden of

2  proof to show that it is entitled to injunctive relief, if it is ultimately determined

3  that Mattel owns one or more BRATZ INVENTIONS.

4      Bryant objects to this interrogatory because Mattel has propounded more

5  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

6  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

7  SGL and CV 05-02727]."

8  **INTERROGATORY NO. 33:**

9      State all facts that support YOUR contention, if YOU so contend, that

10  MATTEL is not entitled to an award of punitive or exemplary damages against

11  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

12  DOCUMENTS that REFER OR RELATE TO such facts.

13  **RESPONSE TO INTERROGATORY NO. 33:**

14      Bryant incorporates by reference his general objections.  Bryant objects that

15  this interrogatory is overbroad and unduly burdensome contention interrogatory to

16  the extent it asks for "every fact" which supports the denial of a statement or

17  allegation.  *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

18  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

19  that support the denial of a statement or allegation of fact" because the "universe of

20  potentially responsive information is almost endless").

21      Bryant also objects to this interrogatory on the grounds that it is overbroad,

22  unduly burdensome, vague and ambiguous and compound both generally and

23  specifically with respect to the terms YOUR, YOU, MATTEL, IDENTIFY, and

24  REFER OR RELATE TO.  In particular, in light of Mattel's definition of the term

25  YOU, this interrogatory is impermissibly compound in that it asks for all facts

26  supporting why Mattel is not entitled to an award of punitive or exemplary

27  damages against each of the numerous responding parties in this litigation.

28  Furthermore, even as to Bryant individually, this interrogatory is compound

16

EXHIBIT  74  PAGE  936

1    because it contains discrete subparts that require separate, distinct and multiple

2    responses.

3         In addition, Bryant objects to this interrogatory to the extent it calls for the

4    disclosure of attorney-client privileged information, information protected from

5    disclosure by the work-product doctrine, the joint defense privilege, and / or the

6    common interest privilege. Bryant also objects to this interrogatory to the extent it

7    calls for a legal conclusion. Bryant further objects to the extent that this

8    interrogatory seeks information that is outside Bryant's personal knowledge and is

9    not in Bryant's possession, custody, or control. In particular, Bryant objects to this

10   interrogatory to the extent that it that it requests that Bryant "state *all* facts ... and

11   IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added). Bryant

12   further objects to this interrogatory on grounds that Mattel – not Bryant – bears the

13   burden of proof to show that it is entitled to an award of punitive or exemplary

14   damages.

15        Bryant objects to this interrogatory because Mattel has propounded more

16   than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

17   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

18   SGL and CV 05-02727]."

19        Subject to, and without waiver of, the foregoing objections, Bryant responds

20   as follows: Mattel is not entitled to an award of punitive or exemplary damages

21   against Bryant because Mattel has not presented any evidence to support the

22   requirements for such a claim against Bryant.

23   **INTERROGATORY NO. 34:**

24        State all facts that support YOUR contention, if YOU so contend, that YOU

25   did not intentionally interfere with the INVENTIONS AGREEMENT when

26   BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

27   BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

28   DOCUMENTS that REFER OR RELATE TO such facts.

17

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **24** PAGE **937**

**RESPONSE TO INTERROGATORY NO. 34:**

Bryant incorporates by reference his general objections. Bryant objects that this interrogatory is overbroad and unduly burdensome contention interrogatory to the extent it asks for "every fact" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless").

Bryant also objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague and ambiguous, and compound both generally and specifically with respect to the terms YOUR, YOU, BRYANT, MGA, TRANSFER, ACQUIRE, INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO. In particular, in light of Mattel's definition of the term "YOU", this interrogatory is impermissibly compound in that it asks for all facts supporting why each of the numerous responding parties in this litigation did not "intentionally interfere with the INVENTIONS AGREEMENT."

In addition, Bryant objects to this interrogatory to the extent it calls for the disclosure of attorney-client privileged information, information protected from disclosure by the work-product doctrine, the joint defense privilege, and / or the common interest privilege. Bryant also objects to this interrogatory to the extent it calls for a legal conclusion. Bryant further objects to the extent that this interrogatory seeks information that is outside of Bryant's personal knowledge and is not in Bryant's possession, custody, or control. In particular, Bryant objects to this interrogatory to the extent that it that it requests that Bryant "state *all* facts ... and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

Bryant further objects to this interrogatory on grounds that it appears to be directed at other parties to the litigation, and not to Bryant, given that there is currently no claim or contention by Mattel that Bryant intentionally interfered with

EXHIBIT **74** PAGE **938**

1  the INVENTIONS AGREEMENT.  Consequently, this interrogatory is

2  inapplicable, nonsensical, harassing, and seeks information that is neither relevant

3  nor reasonably calculated to lead to the discovery of admissible evidence vis-à-vis

4  Bryant.

5      Bryant objects to this interrogatory because Mattel has propounded more

6  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

7  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

8  SGL and CV 05-02727]."

9  **INTERROGATORY NO. 35:**

10      State all facts that support YOUR contention, if YOU so contend, that YOU

11  did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

12  BRYANT to MATTEL when BRYANT performed work or services with or for

13  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

14  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE

15  TO such facts.

16  **RESPONSE TO INTERROGATORY NO. 35:**

17      Bryant incorporates by reference his general objections.  Bryant objects that

18  this interrogatory is overbroad and unduly burdensome contention interrogatory to

19  the extent it asks for "every fact" which supports the denial of a statement or

20  allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

21  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

22  that support the denial of a statement or allegation of fact" because the "universe of

23  potentially responsive information is almost endless").

24      Bryant also objects to this interrogatory on the ground that it is overbroad,

25  unduly burdensome, vague and ambiguous, and compound both generally and

26  specifically with respect to the terms YOU, BRYANT, MGA, MATTEL,

27  IDENTIFY, and REFER OR RELATE TO.  In particular, in light of Mattel's

28  definition of the term "YOU", this interrogatory is impermissibly compound in that

19

EXHIBIT **74** PAGE **939**

1    it asks for all facts supporting why each of the numerous responding parties in this

2    litigation "did not aid or abet any breach of fiduciary duty or duty of loyalty owed

3    by BRYANT to MATTEL."

4         In addition, Bryant objects to this interrogatory to the extent it calls for the

5    disclosure of attorney-client privileged information, information protected from

6    disclosure by the work-product doctrine, the joint defense privilege, and / or the

7    common interest privilege. Bryant also objects to this interrogatory to the extent it

8    calls for a legal conclusion. Bryant further objects to the extent that this

9    interrogatory seeks information that outside of Bryant's personal knowledge and

10   that is not in Bryant's possession, custody, or control.   In particular, Bryant

11   objects to this interrogatory to the extent that it that it requests that Bryant "state *all*

12   facts ... and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis

13   added).

14        Bryant further objects to this interrogatory on grounds that it appears to be

15   directed at other parties to the litigation, and not to Bryant, given that there is

16   currently no claim or contention by Mattel that Bryant aided or abetted any breach

17   of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL.

18   Consequently, this interrogatory is inapplicable, nonsensical, harassing, and seeks

19   information that is neither relevant nor reasonably calculated to lead to the

20   discovery of admissible evidence vis-à-vis Bryant.

21        Bryant objects to this interrogatory because Mattel has propounded more

22   than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

23   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

24   SGL and CV 05-02727]."

25   **INTERROGATORY NO. 36:**

26        State all facts that support YOUR contention, if YOU so contend, that YOU

27   acted with an innocent state of mind or reasonably believed that MATTEL did not

28   own any rights in any BRATZ INVENTION when BRYANT purported to

EXHIBIT __74__ PAGE __940__

1   TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

2   all PERSONS with knowledge of such facts and all DOCUMENTS that REFER

3   OR RELATE TO such facts.

4   **RESPONSE TO INTERROGATORY NO. 36:**

5       Bryant incorporates by reference his general objections.  Bryant objects that

6   this interrogatory is overbroad and unduly burdensome contention interrogatory to

7   the extent it asks for "every fact" which supports the denial of a statement or

8   allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

9   1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

10  that support the denial of a statement or allegation of fact" because the "universe of

11  potentially responsive information is almost endless").

12      Bryant also objects to this interrogatory on the ground that it is overbroad,

13  unduly burdensome, vague and ambiguous, and compound both generally and

14  specifically with respect to the terms YOUR, YOU, BRYANT, MGA, MATTEL,

15  ACQUIRE, TRANSFER, BRATZ INVENTION, IDENTIFY, and REFER OR

16  RELATE TO.  In particular, this interrogatory is impermissibly compound in that

17  it asks for all facts supporting why each of the numerous responding parties in this

18  litigation "acted with an innocent state of mind or reasonably believed that

19  MATTEL did not own any rights in any BRATZ INVENTION."

20      In addition, Bryant objects to this interrogatory to the extent it calls for the

21  disclosure of attorney-client privileged information, information protected from

22  disclosure by the work-product doctrine, the joint defense privilege, and / or the

23  common interest privilege.  Bryant also objects to this interrogatory to the extent it

24  calls for a legal conclusion.  Bryant further objects to the extent that this

25  interrogatory seeks information that is outside of Bryant's personal knowledge and

26  is not in Bryant's possession, custody, or control.  In particular, Bryant objects to

27  this interrogatory to the extent that it that it requests that Bryant "state *all* facts …

28  and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __74__ PAGE __941__

1  Bryant objects to this interrogatory because Mattel has propounded more
2  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
3  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
4  SGL and CV 05-02727]."
5  Subject to, and without waiver of, the foregoing objections, Bryant responds
6  as follows:  While Bryant believed that his actions were lawful and appropriate,
7  Bryant has not asserted his state of mind or his personal beliefs as a claim or
8  affirmative defense in this litigation.  Consequently, Bryant does not presently
9  make any contention with respect to the topic of this interrogatory.  Bryant
10  reserves the right to modify this answer in response to arguments or contentions
11  that may be asserted by Mattel.

12  **INTERROGATORY NO. 37:**

13  State all facts that support YOUR contention, if YOU so contend, that
14  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT
15  purported to TRANSFER right to BRATZ to MGA, and IDENTIFY all PERSONS
16  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE
17  TO such facts.

18  **RESPONSE TO INTERROGATORY NO. 37:**

19  Bryant incorporates by reference his general objections.  Bryant objects that
20  this interrogatory is overbroad and unduly burdensome contention interrogatory to
21  the extent it asks for "every fact" which supports the denial of a statement or
22  allegation.  *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.
23  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses
24  that support the denial of a statement or allegation of fact" because the "universe of
25  potentially responsive information is almost endless").  Furthermore, this
26  interrogatory effectively asks Bryant to plead and prove his entire case in response
27  to a single written interrogatory.  Such "blunderbuss" interrogatories are unduly
28  burdensome and constitute an abuse of the discovery process.  *See, e.g., Lawrence*

22

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **74** PAGE **942**

1  *v. First Kansas Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996);

2  *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D.

3  Colo. May 3, 2006) (ruling that interrogatory that asks defendant to "plead and

4  prove its entire case, and to marshal all evidence, in response to one written

5  interrogatory" is overbroad and "constitutes an abuse of the discovery process").

6      Bryant also objects to this interrogatory on the ground that it is overbroad,

7  unduly burdensome, vague and ambiguous both generally and specifically with

8  respect to the terms YOUR, YOU, BRYANT, MGA, BRATZ, TRANSFER,

9  INVENTIONS AGREEMENT, and REFER OR RELATE TO.  In addition, Bryant

10  objects to this interrogatory to the extent it calls for the disclosure of attorney-

11  client privileged information, information protected from disclosure by the work-

12  product doctrine, the joint defense privilege, and / or the common interest

13  privilege.  Bryant also objects to this interrogatory to the extent it calls for a legal

14  conclusion.  Bryant further objects to the extent that this interrogatory seeks

15  information that is outside of Bryan's personal knowledge and is not in Bryant's

16  possession, custody, or control.  In particular, Bryant objects to this interrogatory

17  to the extent that it that it requests that Bryant "state *all* facts ... and IDENTIFY *all*

18  PERSONS...and *all* DOCUMENTS" (emphasis added).  Finally, Bryant objects to

19  this interrogatory as Mattel – not Bryant – bears the burden of proof to show that

20  Bryant breached the INVENTIONS AGREEMENT.  Bryant only undertakes to

21  make a good faith, reasonable effort to summarize facts currently known to him in

22  responding to this interrogatory.

23      Bryant objects to this interrogatory because Mattel has propounded more

24  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

25  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

26  SGL and CV 05-02727]."

27      Subject to, and without waiver of, the foregoing objections, Bryant responds

28  as follows:  Bryant did not breach the Employee Confidential Information and

23
CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __74__ PAGE __943__

1   Inventions Agreement produced in this action by Mattel as M0001596 ("Employee

2   Agreement") when he transferred rights to his Bratz ideas to MGA because Bryant

3   conceived of Bratz in August 1998, when he was not an employee of Mattel, and

4   Bryant's Bratz ideas were not reduced to practice until after Bryant's employment

5   with Mattel terminated in October 2000.  Consequently, the Employee Agreement

6   does not apply to Bryant's Bratz ideas.   Persons with knowledge of these facts and

7   documents that refer or relate to these facts include the witnesses and documents

8   identified in Bryant's' and MGA's Rule 26 disclosures.  Bryant further directs

9   Mattel to the transcript of his extensive deposition testimony in this litigation for

10  additional factual details.

11  **INTERROGATORY NO. 38:**

12       State all facts that support YOUR contention, if YOU so contend, that

13  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to

14  MATTEL when BRYANT performed work or services with or for MGA while

15  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

16  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

17  such facts.

18  **RESPONSE TO INTERROGATORY NO. 38:**

19       Bryant incorporates by reference his general objections.  Bryant objects that

20  this interrogatory is overbroad and unduly burdensome contention interrogatory to

21  the extent it asks for "every fact" which supports the denial of a statement or

22  allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

23  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

24  that support the denial of a statement or allegation of fact" because the "universe of

25  potentially responsive information is almost endless").  Furthermore, this

26  interrogatory effectively asks Bryant to plead and prove his entire case in response

27  to a single written interrogatory.   Such "blunderbuss" interrogatories are unduly

28  burdensome and constitute an abuse of the discovery process. *See, e.g., Lawrence*

24

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **74** PAGE **744**

1  *v. First Kansas Bank & Trust, Co..* 169 F.R.D. 657, 663-64 (D. Kan. 1996);

2  *Grynberg v. Total S.A.,* No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D.

3  Colo. May 3, 2006) (ruling that interrogatory that asks defendant to "plead and

4  prove its entire case, and to marshal all evidence, in response to one written

5  interrogatory" is overbroad and "constitutes an abuse of the discovery process").

6      Bryant also objects to this interrogatory on the ground that it is overbroad,

7  unduly burdensome, vague and ambiguous both generally and specifically with

8  respect to the terms YOUR, YOU, BRYANT, MATTEL, MGA, IDENTIFY and

9  REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to the

10  extent it calls for the disclosure of attorney-client privileged information,

11  information protected from disclosure by the work-product doctrine, the joint

12  defense privilege, and / or the common interest privilege.  Bryant also objects to

13  this interrogatory to the extent it calls for a legal conclusion.  Bryant further objects

14  to the extent that this interrogatory seeks information that is outside of Bryant's

15  personal knowledge and is not in Bryant's possession, custody, or control.  In

16  particular, Bryant objects to this interrogatory to the extent that it that it requests

17  that Bryant "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

18  DOCUMENTS" (emphasis added).  Bryant also objects to this interrogatory to the

19  extent it assumes that Bryant owed any fiduciary other duty to Mattel.  Mattel – not

20  Bryant – bears the burden of proof to show that Bryant owed a duty of loyalty or a

21  fiduciary duty to Mattel, and that he breached those duties.  Bryant only undertakes

22  to make a good faith, reasonable effort to summarize facts currently known to him

23  in responding to this interrogatory.

24      Bryant objects to this interrogatory because Mattel has propounded more

25  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

26  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

27  SGL and CV 05-02727]."

28      Subject to, and without waiver of, the foregoing objections, Bryant responds

EXHIBIT **74**  PAGE **945**

1  as follows.  Bryant could not, and did not, breach any fiduciary duty owed to

2  Mattel because Bryant was never a fiduciary of Mattel.  Specifically, Bryant was

3  never an officer or director of Mattel, and he did not have any significant

4  managerial authority while employed at Mattel such as would make him a

5  fiduciary.  Additionally, Bryant did not breach any duty, either fiduciary or of

6  loyalty, that he may have owed to Mattel because he never performed any work or

7  services for MGA while employed at Mattel of a nature or kind that would

8  constitute a violation of such duties.  Bryant conceived of Bratz in August 1998,

9  when he was not an employee of Mattel, and Bryant's Bratz ideas were reduced to

10  practice after Bryant left his employment with Mattel in October 2000.  Bryant's

11  employment with Mattel was at will, and Bryant had the right to leave Mattel to

12  join a competitor, or to work on his own, at any time.  Any work that Bryant

13  performed relating to his Bratz ideas during the time period that he was still

14  employed by Mattel constituted lawful steps by Bryant to prepare to embark upon

15  a new career.  Furthermore, there is no evidence that the limited work that Bryant

16  performed on his Bratz ideas while he was still an employee of Mattel in any way

17  detracted from his fulfilling his employment obligations to Mattel.  There is also

18  no evidence that Bryant utilized any Mattel proprietary or trade secret information

19  in connection with developing his Bratz ideas or that he provided any such

20  information to MGA.  Persons with knowledge of these facts and documents that

21  refer or relate to these facts include the witnesses and documents identified in

22  Bryant's' and MGA's Rule 26 disclosures.  Bryant further directs Mattel to the

23  transcript of his extensive deposition testimony in this litigation for additional

24  factual details.

25  **INTERROGATORY NO. 39:**

26       IDENTIFY each and every bank or financial institution account that

27  REFERS OR RELATES TO YOU, including accounts in YOUR name or for

28  YOUR benefit, since January 1, 1999.

EXHIBIT 74  PAGE 946

**RESPONSE TO INTERROGATORY NO. 39:**

Bryant incorporates by reference his general objections. Bryant objects to this interrogatory as premature asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no judgment for the payment of money pending against Bryant. Bryant further objects to this interrogatory as overbroad, unduly burdensome, and as seeking information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Bryant also objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague and ambiguous, and compound both generally and specifically with respect to the terms YOU, YOUR, IDENTIFY, and REFER OR RELATE TO. Bryant further objects to the extent that this interrogatory seeks information that is outside of Bryant's personal knowledge and is not in Bryant's possession, custody, or control. Bryant also objects to this interrogatory to the extent it seeks information in violation of his privacy rights.

Bryant objects to this interrogatory because Mattel has propounded more than 50 interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

**INTERROGATORY NO. 40:**

IDENTIFY each and every STORAGE DEVICE that YOU have used for any purpose which contains or contained DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

**RESPONSE TO INTERROGATORY NO. 40:**

Bryant incorporates by reference his general objections. Bryant further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, the definition for the terms IDENTIFY and STORAGE DEVICE requires Bryant to provide separate, distinct, and multiple responses. For example, Mattel's definition of the

27

EXHIBIT **74** PAGE **947**

term IDENTIFY in the context of this interrogatory would require Bryant to provide numerous discrete facts for each STORAGE DEVICE, including:

(a) the individual(s) that use or have used the storage device;

(b) the current location of the Storage DEVICE;

(c) the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

(d) the type of STORAGE DEVICE;

(e) whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image (and the IDENTITY of the PERSONS who possess such copies or image);

(f) the date(s) on which such copies or images were made;

(g) the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

(h) the technical specifications and capacities of such STORAGE DEVICE. This interrogatory is further compounded by Mattel's definition of IDENTITY, which would require Bryant to provide the following information for each of the individuals requested to be identified in (c), above:  (1) the individual's name; (2) any known business title; (3) the current or last known business affiliation; (4) current or last known residential address; (5) current or last known business address; (6) current or last known relationship to MGA; and (7) current or last known telephone number.  Additionally, in light of Mattel's definition of the term YOU, the interrogatory asks for all of the foregoing information about STORAGE DEVICES belonging to each of the numerous separate responding parties in this litigation.

Bryant also objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, BRATZ, ANGEL, DIGITAL INFORMATION, and REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to the extent it calls for the disclosure of attorney-client privileged information,

28

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **74**   PAGE **946**

1  information protected from disclosure by the work-product doctrine, the joint

2  defense privilege, and / or the common interest privilege. Bryant further objects to

3  the extent that this interrogatory seeks information that is outside Bryant's personal

4  knowledge and is not in Bryant's possession, custody, or control.

5       Bryant objects to this interrogatory because Mattel has propounded more

6  than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

7  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

8  SGL and CV 05-02727]."

9       Subject to, and without waiver of, the foregoing objections, Bryant responds

10  as follows: Bryant used an HP desktop computer prior to January 1, 2002. In

11  addition, Mr. Bryant incorporates by reference his deposition testimony in this

12  litigation, which includes extensive questioning regarding his computer usage.

13  **INTERROGATORY NO. 41:**

14       IDENTIFY all PERSONS who at any time have been employed by or under

15  contract with MATTEL who are now or have been employed by or under contract

16  with YOU since January 1, 1999, and, for each such PERSON, state his or her

17  name, date of hire or effective date of contract, the date on which YOU first had

18  contact with such PERSON regarding potential employment or contracting, the

19  date(s) on which such PERSON was interviewed for possible employment or

20  contracting, each title (if any) such PERSON has held while employed by or under

21  contract with YOU, and the date of termination (if applicable).

22  **RESPONSE TO INTERROGATORY NO. 41:**

23       Bryant incorporates by reference his general objections. Bryant further

24  objects to this interrogatory as compound because it contains discrete subparts that

25  require separate, distinct and multiple responses. Furthermore, Bryant objects to

26  this interrogatory as overbroad and unduly burdensome, and seeking information

27  that is neither relevant to the subject matter of this litigation nor reasonably

28  calculated to lead to the discovery of admissible evidence. Bryant also objects to

EXHIBIT **74** PAGE **949**

1  this interrogatory on the ground that it is overbroad, unduly burdensome, vague

2  and ambiguous both generally and specifically with respect to the terms YOU,

3  "employed by" and "under contract with". Bryant further objects to this

4  interrogatory to the extent that it asks for information outside of Bryant's personal

5  knowledge and not in Bryant's possession, custody or control.

6      Bryant objects to this interrogatory because Mattel has propounded more

7  than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

8  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

9  SGL and CV 05-02727]."

10      Subject to, and without waiver of, the foregoing objections, Bryant responds

11  as follows: Since in or about 2000, Richard Irmen has been Bryant's business

12  partner in Carter Bryant Enterprises. Additionally, Bryant has an oral arrangement

13  with Veronica Marlow pursuant to which he has paid Ms. Marlow a portion of the

14  royalties he has received from MGA.

15

16  Dated: November 15, 2007                KEKER & VAN NEST, LLP

17

18

19                                    By: _____
                                          Christa M. Anderson
20                                        Attorneys for Plaintiff
                                          CARTER BRYANT
21

22

23

24

25

26

27

28

EXHIBIT __74__ PAGE __960__

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On November 15, 2007, I served the following document(s):

**CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:   213/687-5000
Fax:   213/687-5600
Email: tnolan@skadden.com

Executed on November 15, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Julie Selby*
Julie A. Selby

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 74 PAGE 951

EXHIBIT 75

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER