EXHIBIT 77

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:   tnolan@skadden.com
          hposner@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
Telephone:   (212) 735-3000
Facsimile:   (212) 735-2000
E-mail:   kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **MGA ENTERTAINMENT (HK) LTD.'S OBJECTIONS AND RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |

EXHIBIT __77__ PAGE __997__

1

2 | Consolidated with MATTEL, INC. v.   Discovery Cut-Off:  March 3, 2008

3 BRYANT and MGA ENTERTAINMENT, INC. v.

4 MATTEL, INC.

5

6 **PROPOUNDING PARTY:      MATTEL, INC.  ("Mattel")**

7 **RESPONDING PARTY:      MGA ENTERTAINMENT (HK) LTD.**

**SET NUMBER:               REVISED THIRD**
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __**77**__ PAGE __**998**__

## PRELIMINARY STATEMENT

1
2  MGA Entertainment (HK) Ltd. ("MGA (HK)") hereby serves its
3 objections to Mattel's Revised Third Set of Interrogatories.  MGA (HK) is not yet in
4 a position to serve its substantive responses to Mattel's Revised Third Set of
5 Interrogatories, in part due to Mattel's failure to provide meaningful document,
6 deposition and other discovery and also the transition of MGA (HK)'s representation
7 from prior counsel of record to Skadden, Arps.  MGA (HK) intends to supplement its
8 objections with substantive responses to the unobjectionable portions of the
9 interrogatories contained in Mattel's Revised Third Set of Interrogatories as soon as
10 it is in a position to do so and after it has concluded meet and confer sessions with
11 Mattel, including with respect to Mattel's outstanding discovery obligations.

12  The General Response set forth herein applies to all responses that
13 MGA (HK) is providing in response to these interrogatories (the "Interrogatories") or
14 may in the future provide in response to any discovery request in this action.  The
15 Response is made without waiving, or intending to waive but, on the contrary,
16 expressly reserving:  (a) the right to object, on the grounds of competency, privilege,
17 relevancy or materiality, or any other proper grounds, to the use of the Response, for
18 any purpose in whole or in part, in any subsequent step or proceeding in this action
19 or any other action; (b) the right to object on any and all grounds, at any time, to
20 other interrogatories or other discovery procedures; and (c) the right at any time to
21 revise, correct, add to, or clarify any of the responses propounded herein.

22  The Response reflects only the present state of MGA (HK)'s discovery
23 regarding the information that Mattel seeks.  Discovery and other investigation or
24 research concerning this litigation are continuing.  Mattel has produced almost no
25 documents to date and has produced no documents from its Zeus computer system,
26 and has not provided other discovery responses, including without limitation
27 supplemental responses to its March 7, 2005, responses to MGA's First Set of
28 Interrogatories (which responses were comprised almost entirely of objections).  It is

1

EXHIBIT **77** PAGE **999**

1 anticipated that further discovery, independent investigation, and legal research and

2 analysis will supply additional facts and meaning to the known facts, as well as

3 establish entirely new factual conclusions, all of which may lead MGA (HK) to

4 discover other information responsive to these Interrogatories. MGA (HK) therefore

5 reserves the right to amend or supplement this Response at any time in light of future

6 investigation, research or analysis, and also expressly reserves the right to rely on, at

7 any time, including trial, subsequently discovered information omitted from this

8 Response as a result of mistake, error, oversight or inadvertence. MGA (HK) does

9 not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

10 characterization contained in the Interrogatories or any particular request therein,

11 even where MGA (HK) has not otherwise objected to a particular interrogatory, or

12 has agreed to provide information responsive to a particular interrogatory.

13       No incidental or implied admissions are intended by this Response.

14 These responses should not be taken as an admission that MGA (HK) accepts or

15 admits the existence of any facts set forth or assumed by any instruction, definition

16 or interrogatory.

17 <center>**GENERAL OBJECTIONS**</center>

18       MGA (HK) responds to these Interrogatories subject to the following

19 general objections and limitations, each of which is incorporated into each and every

20 response as though fully set forth therein:

21       1.    MGA (HK) objects to these Interrogatories to the extent they

22 seek information that is not subject to disclosure under any applicable privilege,

23 doctrine or immunity, including without limitation the attorney-client privilege, the

24 work product doctrine, the right of privacy, and all other privileges recognized under

25 the constitutional, statutory or decisional law of the United States of America, the

26 State of California or any other applicable jurisdiction.

27       2.    MGA (HK) objects to these Interrogatories to the extent they

28 seek information not relevant to the claims or defenses of any party to this action and

<center>2</center>

1 | not reasonably calculated to lead to the discovery of admissible evidence.

2 |        3.     MGA (HK) objects to these Interrogatories to the extent they

3 | seek information which by reason of public filing or otherwise is already in Mattel's

4 | possession or is readily accessible to Mattel.

5 |        4.     MGA (HK) objects to these Interrogatories to the extent they

6 | seek the disclosure of information (1) not currently within its possession, custody or

7 | control; (2) that MGA (HK) cannot locate after a reasonably diligent search; or (3)

8 | that refer to persons, entities, or events not known to MGA (HK).

9 |        5.     MGA (HK) objects to these Interrogatories to the extent they are

10 | overbroad and unduly burdensome.

11 |        6.     MGA (HK) objects to the definitions and instructions to the

12 | extent such definitions and instructions purport to enlarge, expand, or alter in any

13 | way the plain meaning and scope of any specific term or specific interrogatories on

14 | the ground that such enlargement, expansion, or alteration renders such a term or

15 | request vague, ambiguous, unintelligible, overly broad, unduly burdensome or

16 | uncertain.

17 |        7.     MGA (HK) objects to the following definitions in these

18 | Interrogatories:

19 |        (a)     MGA (HK) objects to the definition of the term "BRATZ"

20 | (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

21 | designed to mislead and confuse the trier of fact.  The definition includes "any

22 | project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

23 | or in part and regardless of what such project, product or doll is or has been also,

24 | previously or subsequently called) and any product, doll or DESIGN or any portion

25 | thereof that is now or has ever been known as, or sold or marketed under, the name

26 | or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

27 | or DESIGN or portion thereof is or has been also, previously or subsequently called)

28 | or that is now or has ever been marketed as part of the 'Bratz' line, and each version

<center>3</center>

EXHIBIT __11__ PAGE __1001__

1  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

2  By incorporating the definition of DESIGN, the overly broad definition of BRATZ

3  includes two-dimensional and three-dimensional representations, including "works,

4  designs, artwork, sketches, drawings, illustrations, representations, depictions,

5  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

6  rotocasts, reductions to practice, developments, inventions and/or improvements . . .

7  ." (Definitions ¶ 8.) These convoluted and multi-part definitions combine to render

8  the interrogatories vague, ambiguous and overly broad, and to include within the

9  term BRATZ things that do not fairly represent the Bratz line of dolls, accessories

10  and related products that are the subject of this case.  In responding to these

11  interrogatories, MGA (HK) will interpret the term BRATZ to mean the line of dolls

12  introduced by MGA (HK) to the market for sale in May or June of 2001 and

13  subsequent dolls, accessories and other products known as Bratz or associated by

14  MGA (HK) with the Bratz line of dolls;

15              (b)    MGA (HK) objects to the definition of the term "BRATZ

16  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

17  burdensome, and designed to mislead and confuse the trier of fact.  The definition

18  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

19  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

20  "BRATZ DOLL" unintelligible because MGA (HK) cannot know, by way of

21  example, what dolls may "deal with, comment on, respond to, . . . or in any way

22  pertain" (Definitions ¶ 20) to "BRATZ."  In responding to these interrogatories,

23  MGA (HK) will interpret the term "BRATZ DOLL" to mean the line of dolls

24  introduced by MGA (HK) to the market for sale in May or June of 2001 and

25  subsequent dolls known as Bratz;

26              (c)    MGA (HK) objects to the definition of the term

27  "CREATED" (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly

28  burdensome, and designed to mislead and confuse the trier of fact.  The definition

1  strays far from the English meaning of the term "created" by including concepts such

2  as "improved," "altered," "conceived of" and "reduced to practice." Thus, by way of

3  example, under Mattel's definition of "CREATED," the jury could be misled into

4  believing that a person "CREATED" a particular thing when that person did not, but

5  only slightly altered or improved the thing. In responding to these interrogatories,

6  MGA (HK) will not interpret the term "CREATED," but rather will respond using

7  words contained within the Mattel definition in their normal, accepted meaning;

8        (d)    MGA (HK) objects to the definition of the term

9  "INVENTIONS AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly

10  broad and unduly burdensome, and designed to mislead and confuse the trier of fact.

11  The definition includes "any other version of such January 4, 1999 agreement." In

12  responding to these interrogatories, MGA (HK) will interpret the term

13  "INVENTIONS AGREEMENT" to refer to the document Bates numbered

14  M0001596;

15        (e)    MGA (HK) objects to the definition of the term "BRATZ

16  INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly

17  burdensome, and designed to mislead and confuse the trier of fact. The definition

18  strays far from the English meaning of the term "invention" by including concepts

19  such as representation, idea, concept, work, process, procedure, plan, improvement,

20  design and development, none of which necessarily equate to an invention. In

21  responding to these interrogatories, MGA (HK) will not interpret the term "BRATZ

22  INVENTION," but rather will respond using words contained within the Mattel

23  definition in their normal, accepted meaning.

24        (f)    MGA (HK) objects to the terms "IDENTIFY" or

25  "IDENTITY" (Definitions ¶ 28) as overbroad, unduly burdensome, vague,

26  ambiguous, and oppressive. Mattel's definition of these terms inherently call for

27  answers to multiple discrete questions or subparts to questions. For example, when

28  those terms are used to reference any BRATZ INVENTION, the use of those terms

1  requests at least 10 different and distinct facts: (a) the Bates number of any document

2  that "REFERS OR RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of

3  the individual author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of

4  each other individual who contributed in any manner to the BRATZ INVENTION;

5  (d) the form, material and medium of the BRATZ INVENTION; (e) the title or name

6  of the BRATZ INVENTION; (f) the version, modification, revision or iteration

7  number of the BRATZ INVENTION; (g) the current location of the original of the

8  BRATZ INVENTION; (h) the first day on which the BRATZ INVENTION was

9  created; (i) the last day on which the BRATZ INVENTION was CREATED; (j)

10  whether the entire invention was CREATED during the period of time listed in the

11  Interrogatory (and if not, which portions were created during, earlier, or later than

12  the period of time listed in the Interrogatory.)  Therefore, any interrogatory that

13  includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

14  compound and should be posed as separate interrogatories.

15            (g)    MGA (HK) objects to the terms "any" and "REFER OR

16  RELATE TO" on the grounds and to the extent that they are overbroad, unduly

17  burdensome or are vague and ambiguous in the context of the interrogatories as

18  written and as those interrogatories would be plainly understood absent Mattel's

19  definitions.

20            8.    MGA (HK) objects to these interrogatories to the extent that they

21  may unfairly seek to restrict the facts on which MGA (HK) may rely at trial.

22  Discovery has not been completed and MGA (HK) is not yet necessarily in

23  possession of all the facts and documents upon which MGA (HK) intends to rely.

24  All of the responses submitted herewith are tendered to Mattel with the reservation

25  that the responses are submitted without limiting the evidence on which MGA (HK)

26  may rely to support the contentions and defenses that MGA (HK) may assert at the

27  trial of this action and to rebut or impeach the contentions, assertions and evidence

28  that Mattel may present.  MGA (HK) reserves the right to supplement or amend

1   these responses at a future date.

2           9.     MGA (HK) objects to each interrogatory to the extent that it
3   seeks information that will be the subject of expert witness testimony and that is
4   therefore premature.

5           10.    MGA (HK) objects to each interrogatory to the extent that it
6   seeks the disclosure of confidential, proprietary, or trade-secret information.

7           11.    MGA (HK) objects to each interrogatory to the extent that it
8   calls for a legal conclusion.

9           12.    MGA (HK) reserves the right to object on any ground at any
10  time to such other and supplemental discovery requests as Mattel may propound
11  involving or relating to the same subject matter of these interrogatories.

12          13.    The responses below shall not be construed as an admission as to
13  the relevance or admissibility of any statement or characterization contained in any
14  interrogatory.  MGA (HK) reserves all objections, including without limitation
15  objections as to competency, relevance, materiality, privilege, authenticity, or
16  admissibility.

17          14.    Consistent with Rule 33(d) of the Federal Rules of Civil
18  Procedure, MGA (HK) objects to providing responses to interrogatories that can be
19  derived from documents that have or will be produced (when requested in
20  compliance with Rule 26) and where the burden to derive such information is
21  substantially the same for Mattel as it is for MGA (HK).

22          15.    In responding to these Interrogatories, MGA (HK) has not and
23  will not comply with any instructions or definitions that seek to impose requirements
24  in addition to those imposed by the Federal Rules of Civil Procedure and any
25  applicable local rule.

26          16.    To the extent MGA (HK) responds to an interrogatory, it does so
27  without waiving or intending to waive but rather, on the contrary, preserving and
28  intending to preserve, its contention that anything Mr. Bryant did on weekends,

<div align="center">7</div>

1  evenings, vacation and any other time outside ordinary business hours was not done

2  while he was working for Mattel.  MGA (HK)'s response may not be taken as an

3  admission that the information it provides in its response in any way reflects or

4  evidences work performed by Mr. Bryant while he was working for Mattel or that

5  MGA (HK) adopts or agrees with any fact or legal conclusion assumed, presumed or

6  contained in Mattel's interrogatory.

7         17.    MGA (HK) objects to each of Mattel's interrogatories because

8  Mattel has propounded more than 50 interrogatories, including discrete subparts.

9  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50

10  for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

11              **SPECIFIC OBJECTIONS AND RESPONSES**

12         Without waiving or departing from its General Response and General

13  Objections, and specifically incorporating them in its response to each Interrogatory

14  below, MGA (HK) makes the following additional objections and responses to

15  specific Interrogatories:

16  **INTERROGATORY NO. 27:**

17         IDENTIFY each and every BRATZ INVENTION YOU contend was

18  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

19  INVENTION so identified state all facts that support YOUR contention that such

20  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

21  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

22  DOCUMENTS which REFER OR RELATE TO such facts.

23  **RESPONSE TO INTERROGATORY NO. 27:**

24         MGA (HK) incorporates by reference its General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection No. 7 (regarding the Definitions), including but not limited to its

27  objections to the definitions of the terms BRATZ INVENTION, CREATED,

28  IDENTIFY and REFER OR RELATES TO.  MGA (HK) further objects to this

8

EXHIBIT __77__ PAGE __1006__

1  interrogatory as compound because it contains discrete subparts that require separate,

2  distinct and multiple responses.  Specifically, MGA (HK) objects to the term

3  IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term

4  calls for responses to multiple discrete subparts.  For example, Mattel's definition of

5  the term IDENTIFY in the context of this interrogatory would require MGA (HK) to

6  provide a multitude of discrete responses for each BRATZ INVENTION, including:

7          (a)    the Bates number of any document that "REFERS OR RELATES

8  TO THE BRATZ INVENTION;"

9          (b)    the IDENTITY of the individual author or creator of the BRATZ

10  INVENTION;

11          (c)    the IDENTITY of each other individual who contributed in any

12  manner to the BRATZ INVENTION;

13          (d)    the form, material and medium of the BRATZ INVENTION;

14          (e)    the title or name of the BRATZ INVENTION;

15          (f)    the version, modification, revision or iteration number of the

16  BRATZ INVENTION;

17          (g)    the current location of the original of the BRATZ INVENTION;

18          (h)    the first day on which the BRATZ INVENTION was CREATED;

19          (i)    the last day on which the BRATZ INVENTION was CREATED;

20          (j)    whether the entire invention was CREATED during the period of

21  time listed in the Interrogatory (and if not, which portions were created during,

22  earlier, or later than the period of time listed in the Interrogatory).

23          This interrogatory is further compounded by Mattel's definition of

24  IDENTITY, which purports to require MGA (HK) to provide the following

25  information for each of the individuals Mattel is requesting that MGA (HK) identify

26  with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

27  known business title; (c) the current or last known business affiliation; (d) current or

28  last known residential address; (e) current or last known business address; (f) current

<div align="center">9</div>

EXHIBIT 77 PAGE 1007

1   or last known relationship to MGA (HK); and (g) current or last known telephone

2   number.

3       MGA (HK) further objects to this interrogatory on the grounds that it is

4   overbroad, unduly burdensome, vague and ambiguous both generally and

5   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

6   DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

7   INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

8   RELATES TO, is so broad and over-inclusive that it could be read to include each

9   and every thought, idea and conversation that anyone may have had about BRATZ

10  during the time period at issue.

11      MGA (HK) further objects to the extent that this interrogatory seeks

12  information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

13  possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

14  to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

15  PERSONS … and *all* DOCUMENTS" (emphasis added).

16      MGA (HK) also objects to this interrogatory to the extent it seeks

17  information that is not subject to disclosure under any applicable privilege, doctrine

18  or immunity, including without limitation the attorney-client privilege, the work

19  product doctrine, the right of privacy, and all other privileges recognized under the

20  constitutional, statutory or decisional law of the United States of America, the State

21  of California or any other applicable jurisdiction.  MGA (HK) further objects to the

22  interrogatory on the ground that it is premature because the invention, creation,

23  conception, or reduction to practice of Bratz (and related issues) will be the subject

24  of expert testimony at trial.  MGA (HK) objects to this interrogatory to the extent it

25  seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.

26  MGA (HK) will identify its experts and make related disclosures in accordance with

27  the Court's orders and applicable rules.

28      MGA (HK) further objects to this interrogatory because Mattel has

10

1  propounded more than 50 interrogatories.  Under Judge Larson's order of February

2  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

3  04049-SGL and CV 05-02727]."

4          Subject to and without waiving the foregoing objections, MGA (HK)

5  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

6  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

7  First Set of Interrogatories.

8  **INTERROGATORY NO. 28:**

9          IDENTIFY each and every BRATZ INVENTION YOU contend was

10  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

11  for each BRATZ INVENTION so identified state all FACTS that support YOUR

12  contention that such BRATZ INVENTION (or aspects or portions thereof) was

13  CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

14  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

15  RELATE TO such facts.

16  **RESPONSE TO INTERROGATORY NO. 28:**

17          MGA (HK) incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 7 (regarding the Definitions), including but not limited to its

20  objections to the definitions of the terms BRATZ INVENTION, CREATED,

21  IDENTIFY, and REFER OR RELATED TO.  MGA (HK) further objects to this

22  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

23  ambiguous both generally and specifically with respect to the term BRATZ

24  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

25  RELATES TO, is so broad and over-inclusive that it could be read to include each

26  and every thought, idea and conversation that anyone may have had about BRATZ

27  during the time period at issue.

28          MGA (HK) further objects to this interrogatory as compound because it

11

EXHIBIT _77_ PAGE _1009_

1  contains discrete subparts that require separate, distinct and multiple responses.

2  Specifically, MGA (HK) objects to the term IDENTIFY as overbroad and unduly

3  burdensome, as Mattel's definition of this term calls for responses to multiple

4  discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

5  context of this interrogatory would require MGA (HK) to provide a multitude of

6  discrete responses for each BRATZ INVENTION, including:

7        (a)    the Bates number of any document that "REFERS OR RELATES

8  TO the BRATZ INVENTION;"

9        (b)    the IDENTITY of the individual author or creator of the BRATZ

10  INVENTION;

11        (c)    the IDENTITY of each other individual who contributed in any

12  manner to the BRATZ INVENTION;

13        (d)    the form, material and medium of the BRATZ INVENTION;

14        (e)    the title or name of the BRATZ INVENTION;

15        (f)    the version, modification, revision or iteration number of the

16  BRATZ INVENTION;

17        (g)    the current location of the original of the BRATZ INVENTION;

18        (h)    the first day on which the BRATZ INVENTION was CREATED;

19        (i)    the last day on which the BRATZ INVENTION was CREATED;

20        (j)    whether the entire invention was CREATED during the period of

21  time listed in the Interrogatory (and if not, which portions were created during,

22  earlier, or later than the period of time listed in the Interrogatory).

23        This interrogatory is further compounded by Mattel's definition of

24  IDENTITY, which purports to require MGA (HK) to provide the following

25  information for each of the individuals Mattel is requesting that MGA (HK) identify

26  with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

27  known business title; (c) the current or last known business affiliation; (d) current or

28  last known residential address; (e) current or last known business address; (f) current

EXHIBIT **77** PAGE **10/0**

1 | or last known relationship to MGA (HK); and (g) current or last known telephone

2 | number.

3 |       MGA (HK) further objects to the extent that this interrogatory seeks

4 | information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

5 | possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

6 | to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

7 | PERSONS … and *all* DOCUMENTS" (emphasis added).

8 |       MGA (HK) also objects to this interrogatory to the extent it seeks

9 | information that is not subject to disclosure under any applicable privilege, doctrine

10 | or immunity, including without limitation the attorney-client privilege, the work

11 | product doctrine, the right of privacy, and all other privileges recognized under the

12 | constitutional, statutory or decisional law of the United States of America, the State

13 | of California or any other applicable jurisdiction.

14 |       MGA (HK) further objects to the interrogatory on the ground that it is

15 | premature because the invention, creation, conception, or reduction to practice of

16 | Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

17 | objects to this interrogatory to the extent it seeks to limit the expert testimony that

18 | MGA (HK) may seek to introduce at trial.  MGA (HK) will identify its experts and

19 | make related disclosures in accordance with the Court's orders and applicable rules.

20 | MGA (HK) further objects to the interrogatory as unduly burdensome, on the

21 | grounds that it would require MGA (HK) to identify numerous documents that have

22 | already been produced and are readily available to Mattel.

23 |       MGA (HK) further objects to this interrogatory because Mattel has

24 | propounded more than 50 interrogatories.  Under Judge Larson's order of February

25 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

26 | 04049-SGL and CV 05-02727]."

27 |       Subject to and without waiving the foregoing objections, MGA (HK)

28 | responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

EXHIBIT **77** PAGE **1011**

MGA HK'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)
M

1  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

2  First Set of Interrogatories.

3  **INTERROGATORY NO. 29:**

4  IDENTIFY each and every BRATZ INVENTION that was CREATED,

5  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

6  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

7  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

8  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

9  RELATE TO such facts.

10  **RESPONSE TO INTERROGATORY NO. 29:**

11  MGA (HK) incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 7 (regarding Definitions), including but not limited to its

14  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

15  OR RELATE TO, and IDENTIFY.  MGA (HK) further objects to this interrogatory

16  as compound because it contains discrete subparts that require separate, distinct and

17  multiple responses.  Specifically, MGA (HK) objects to the term IDENTIFY as

18  overbroad and unduly burdensome, as Mattel's definition of this term calls for

19  responses to multiple discrete subparts.  For example, Mattel's definition of the term

20  IDENTIFY in the context of this interrogatory would require MGA (HK) to provide

21  a multitude of discrete responses for each BRATZ INVENTION, including:

22  (a)  the Bates number of any document that "REFERS OR RELATES

23  TO the BRATZ INVENTION;"

24  (b)  the IDENTITY of the individual author or creator of the BRATZ

25  INVENTION;

26  (c)  the IDENTITY of each other individual who contributed in any

27  manner to the BRATZ INVENTION;

28  (d)  the form, material and medium of the BRATZ INVENTION;

14

EXHIBIT **17** PAGE **1012**

1          (e)    the title or name of the BRATZ INVENTION;

2          (f)    the version, modification, revision or iteration number of the

3 BRATZ INVENTION;

4          (g)    the current location of the original of the BRATZ INVENTION;

5          (h)    the first day on which the BRATZ INVENTION was CREATED;

6          (i)    the last day on which the BRATZ INVENTION was CREATED;

7          (j)    whether the entire invention was CREATED during the period of

8 time listed in the Interrogatory (and if not, which portions were created during,

9 earlier, or later than the period of time listed in the Interrogatory).

10      This interrogatory is further compounded by Mattel's definition of

11 IDENTITY, which purports to require MGA (HK) to provide the following

12 information for each of the individuals Mattel is requesting that MGA (HK) identify

13 with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

14 known business title; (c) the current or last known business affiliation; (d) current or,

15 last known residential address; (e) current or last known business address; (f) current

16 or last known relationship to MGA (HK); and (g) current or last known telephone

17 number.

18      MGA (HK) further objects to this interrogatory on the grounds that it is

19 overbroad, unduly burdensome, vague and ambiguous both generally and

20 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

21 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

22 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

23 RELATES TO, is so broad and over-inclusive that it could be read to include each

24 and every thought, idea and conversation that anyone may have had about BRATZ

25 during the time period at issue.

26      MGA (HK) further objects to the extent that this interrogatory seeks

27 information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

28 possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

1    to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

2    PERSONS … and *all* DOCUMENTS" (emphasis added).

3          MGA (HK) also objects to this interrogatory to the extent it seeks

4    information that is not subject to disclosure under any applicable privilege, doctrine

5    or immunity, including without limitation the attorney-client privilege, the work

6    product doctrine, the right of privacy, and all other privileges recognized under the

7    constitutional, statutory or decisional law of the United States of America, the State

8    of California or any other applicable jurisdiction.

9          MGA (HK) further objects to the interrogatory on the ground that it is

10    premature because the invention, creation, conception, or reduction to practice of

11    Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

12    objects to this interrogatory to the extent it seeks to limit the expert testimony that

13    MGA (HK) may seek to introduce at trial.  MGA (HK) will identify its experts and

14    make related disclosures in accordance with the Court's orders and applicable rules.

15    MGA (HK) further objects to the interrogatory as unduly burdensome, on the

16    grounds that it would require MGA (HK) to identify numerous documents that have

17    already been produced and are readily available to Mattel.

18          MGA (HK) further objects to this interrogatory because Mattel has

19    propounded more than 50 interrogatories.  Under Judge Larson's order of February

20    22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

21    04049-SGL and CV 05-02727]."

22          Subject to and without waiving the foregoing objections, MGA (HK)

23    responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

24    this interrogatory and the obligation of Mattel to supplement its responses to MGA's

25    First Set of Interrogatories.

26    **INTERROGATORY NO. 30:**

27          State all facts that support YOUR contention, if YOU so contend, that,

28    assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

16

EXHIBIT **97** PAGE **1014**

1  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

2  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

3  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

4  REFER OR RELATE TO such facts.

5  **RESPONSE TO INTERROGATORY NO. 30:**

6        MGA (HK) incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including but not limited to its

9  objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

10  AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA (HK) also objects

11  to this interrogatory to the extent it seeks information that is not subject to disclosure

12  under any applicable privilege, doctrine or immunity, including without limitation

13  the attorney-client privilege, the work product doctrine, the right of privacy, and all

14  other privileges recognized under the constitutional, statutory or decisional law of

15  the United States of America, the State of California or any other applicable

16  jurisdiction.  MGA (HK) further objects to this interrogatory to the extent it calls for

17  a legal conclusion.  MGA (HK) further objects to the extent that this interrogatory

18  seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

19  possession, custody, or control.  In particular, MGA (HK) objects to this

20  interrogatory to the extent that it requests MGA (HK) to "state *all facts . . . and*

21  IDENTIFY all PERSONS . . . and *all* DOCUMENTS" (emphasis added).

22        MGA (HK) further objects to the interrogatory on the grounds that it is

23  vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

24  hypothetical and therefore proceeds from the false premise that Bryant assigned

25  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

26  AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan*, 125

27  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

28  interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

17

EXHIBIT **77** PAGE **10/5**

1   depends on, among other factual and legal factors, specifically which BRATZ

2   INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

3   which rights he assigned, which information is not provided in the incomplete

4   hypothetical scenario posited in this interrogatory.

5          MGA (HK) further objects to the interrogatory on the ground that it is

6   premature because the invention, creation, conception, or reduction to practice of

7   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

8   objects to this interrogatory to the extent it seeks to limit the expert testimony that

9   MGA (HK) may seek to introduce at trial.  MGA (HK) further objects on the

10  grounds that the interrogatory seeks information not relevant to any claim or defense

11  in the action and is not reasonably calculated to the discovery of admissible evidence

12  because MGA (HK) denies that Bryant assigned any such rights to Mattel.

13         MGA (HK) objects to this interrogatory because Mattel has propounded

14  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

15  "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

16  04049-SGL and CV 05-02727]."

17  **INTERROGATORY NO. 31:**

18         State all facts that support YOUR contention, if YOU so contend, that

19  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

20  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

21  RELATE TO such facts.

22  **RESPONSE TO INTERROGATORY NO. 31:**

23         MGA (HK) incorporates by reference its General Response and General

24  Objections above, as though fully set forth herein and specifically incorporates

25  General Objection No. 7 (regarding Definitions), including but not limited to its

26  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

27  and REFER OR RELATE TO.  MGA (HK) also objects to this interrogatory to the

28  extent it seeks information that is not subject to disclosure under any applicable

18

EXHIBIT **77** PAGE **1016**

MGA HK'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES        NO. CV 04-9049 SGL (RNBx)
M

1  privilege, doctrine or immunity, including without limitation the attorney-client

2  privilege, the work product doctrine, the right of privacy, and all other privileges

3  recognized under the constitutional, statutory or decisional law of the United States

4  of America, the State of California or any other applicable jurisdiction.  MGA (HK)

5  also objects to this interrogatory to the extent that it calls for a legal conclusion.

6  　　　　　MGA (HK) objects that this interrogatory is an overbroad and unduly

7  burdensome contention interrogatory to the extent it asks for "all facts" which

8  supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron*,

9  181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

10  facts, documents, and witnesses that support the denial of a statement or allegation of

11  fact" because the "universe of potentially responsive information is almost endless").

12  MGA (HK) further objects to the extent that this interrogatory seeks information

13  outside of MGA (HK)'s personal knowledge and is not in MGA (HK)'s possession,

14  custody or control.  In particular, MGA (HK) objects to this interrogatory to the

15  extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

16  PERSONS . . . and *all* DOCUMENTS" (emphasis added).

17  　　　　　MGA (HK) objects to this interrogatory because Mattel has propounded

18  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

19  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

20  SGL and CV 05-02727]."

21  　　　　　Subject to and without waiving the foregoing objections, MGA (HK)

22  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

23  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

24  First Set of Interrogatories.

25  **INTERROGATORY NO. 32:**

26  　　　　　State all facts that support YOUR contention, if YOU so contend, that

27  MATTEL is not or would not be entitled to injunctive relief as requested in its

28  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

19

EXHIBIT __77__ PAGE __1017__

1 MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

2 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

3 such facts.

4 **RESPONSE TO INTERROGATORY NO. 32:**

5      MGA (HK) incorporates by reference its General Response and General

6 Objections above, as though fully set forth herein and specifically incorporates

7 General Objection No. 7 (regarding Definitions), including but not limited to its

8 objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

9 REFER OR RELATE TO, and further objects on the ground that the interrogatory is

10 overbroad, unduly burdensome, vague and ambiguous both generally and

11 specifically with respect to the terms YOUR, YOU, MATTEL.  MGA (HK) also

12 objects to this interrogatory to the extent it seeks information that is not subject to

13 disclosure under any applicable privilege, doctrine or immunity, including without

14 limitation the attorney-client privilege, the work product doctrine, the right of

15 privacy, and all other privileges recognized under the constitutional, statutory or

16 decisional law of the United States of America, the State of California or any other

17 applicable jurisdiction.  MGA (HK) further objects to the interrogatory on the ground

18 that it is premature because matters affecting Mattel's ability to obtain injunctive

19 relief may be the subject of expert testimony at trial.  MGA (HK) objects to this

20 interrogatory to the extent it seeks to limit the expert testimony that MGA (HK) may

21 seek to introduce at trial.  MGA (HK) will identify its experts and make related

22 disclosures in accordance with the Court's orders and applicable rules.

23      MGA (HK) notes that the issue of injunctive relief will be decided by

24 the Court after the conclusion of all jury deliberation relevant to the issue.  MGA

25 (HK) believes accordingly that the Court's review of injunctive relief issue will not

26 occur until the conclusion of Phase 2.

27      MGA (HK) further objects on the ground that this interrogatory is an

28 overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT 77 PAGE 1018

1  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

2  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3  requests seeking "all facts, documents, and witnesses that support the denial of a

4  statement or allegation of fact" because the "universe of potentially responsive

5  information is almost endless").

6        MGA (HK) further objects to the extent that this interrogatory seeks

7  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

8  possession, custody, or control.  In particular, MGA (HK) objects to this

9  interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

10  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

11        MGA (HK) further objects to this interrogatory as it asks MGA (HK) to

12  assume facts contrary to evidence, and further asks it to base any response on an

13  incomplete and incomprehensible hypothetical scenario. *See, e.g., Kendrick v.*

14  *Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit

15  contention interrogatories directed at hypothetical scenarios).  Whether or not Mattel

16  is or would or would not be "entitled to injunctive relief" depends on, among other

17  factual and legal factors, which specific "BRATZ INVENTION" Mattel is

18  hypothetically found to own, and whether and/or to what extent it is determined that

19  any Bratz products that have been produced and sold are derivative works of any

20  such BRATZ INVENTIONS, which information is not provided in the incomplete

21  hypothetical scenario posited in this interrogatory.  MGA (HK) also objects to this

22  interrogatory on the grounds that Mattel – not MGA (HK) – bears the burden of

23  proof to show that it is entitled to injunctive relief, if it is ultimately determined that

24  Mattel owns one or more BRATZ INVENTIONS.

25        MGA (HK) further objects to this interrogatory because Mattel has

26  propounded more than 50 interrogatories.  Under Judge Larson's order of February

27  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

28  04049-SGL and CV 05-02727]."

EXHIBIT **77** PAGE **/0/9**

**INTERROGATORY NO. 33:**

State all facts that support YOUR contention, if YOU so contend, that MATTEL is not entitled to an award of punitive or exemplary damages against YOU, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 33:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term YOU as defined by Mattel could be read to require MGA (HK) to state all facts supporting why Mattel is not entitled to an award of punitive damages against each of the responding parties in this litigation, thereby rendering the interrogatory impermissibly compound.  MGA (HK) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA (HK) further objects to the interrogatory to the extent it calls for a legal conclusion.

MGA (HK) further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a

EXHIBIT **77** PAGE **/020**

1   statement or allegation of fact" because the "universe of potentially responsive

2   information is almost endless").

3        MGA (HK) further objects to the extent that this interrogatory seeks

4   information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

5   possession, custody, or control.  In particular, MGA (HK) objects to this

6   interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

7   IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

8        MGA (HK) also objects to this interrogatory on the grounds that Mattel

9   – not MGA (HK) – bears the burden of proof to show that it is entitled to an award of

10   punitive or exemplary damages.

11        MGA (HK) further objects to this interrogatory because Mattel has

12   propounded more than 50 interrogatories.  Under Judge Larson's order of February

13   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

14   04049-SGL and CV 05-02727]."

15        Subject to and without waiving the foregoing objections, MGA (HK)

16   responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

17   this interrogatory and the obligation of Mattel to supplement its responses to MGA's

18   First Set of Interrogatories.

19   **INTERROGATORY NO. 34:**

20        State all facts that support YOUR contention, if YOU so contend, that

21   YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

22   BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

23   BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

24   DOCUMENTS that REFER OR RELATE TO such facts.

25   **RESPONSE TO INTERROGATORY NO. 34:**

26        MGA (HK) incorporates by reference its General Response and General

27   Objections above, as though fully set forth herein and specifically incorporates

28   General Objection No. 7 (regarding Definitions), including but not limited to its

1 | objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

2 | and REFER OR RELATE TO, and further objects on the ground that the

3 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

4 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

5 | TRANSFER and ACQUIRE. In particular, by way of example, the term YOU as

6 | defined by Mattel could be read to require MGA (HK) to state all facts supporting

7 | why each of the responding parties did not "intentionally interfere with the

8 | INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

9 | compound. MGA (HK) also objects to this interrogatory to the extent it seeks

10 | information that is not subject to disclosure under any applicable privilege, doctrine

11 | or immunity, including without limitation the attorney-client privilege, the work

12 | product doctrine, the right of privacy, and all other privileges recognized under the

13 | constitutional, statutory or decisional law of the United States of America, the State

14 | of California or any other applicable jurisdiction. MGA (HK) further objects to the

15 | interrogatory to the extent it calls for a legal conclusion.

16 | MGA (HK) further objects on the ground that this interrogatory is an

17 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

18 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

19 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

20 | requests seeking "all facts, documents, and witnesses that support the denial of a

21 | statement or allegation of fact" because the "universe of potentially responsive

22 | information is almost endless").

23 | MGA (HK) further objects to the extent that this interrogatory seeks

24 | information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

25 | possession, custody, or control. In particular, MGA (HK) objects to this

26 | interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

27 | IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

28 | MGA (HK) further objects to this interrogatory because Mattel has

EXHIBIT __77__ PAGE __1022__

1  propounded more than 50 interrogatories.  Under Judge Larson's order of February

2  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

3  04049-SGL and CV 05-02727]."

4  **INTERROGATORY NO. 35:**

5          State all facts that support YOUR contention, if YOU so contend, that

6  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

7  BRYANT to MATTEL when BRYANT performed work or services with or for

8  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

9  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

10  such facts.

11  **RESPONSE TO INTERROGATORY NO. 35:**

12          MGA (HK) incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 7 (regarding Definitions), including but not limited to its

15  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

16  and further objects on the ground that the interrogatory is overbroad, unduly

17  burdensome, vague and ambiguous both generally and specifically with respect to

18  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

19  the term YOU as defined by Mattel could be read to require MGA (HK) to state all

20  facts supporting why each of the responding parties "did not aid or abet any breach

21  of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

22  rendering the interrogatory impermissibly compound.  MGA (HK) also objects to

23  this interrogatory to the extent it seeks information that is not subject to disclosure

24  under any applicable privilege, doctrine or immunity, including without limitation

25  the attorney-client privilege, the work product doctrine, the right of privacy, and all

26  other privileges recognized under the constitutional, statutory or decisional law of

27  the United States of America, the State of California or any other applicable

28  jurisdiction.  MGA (HK) further objects to the interrogatory to the extent it calls for

25

EXHIBIT **77** PAGE **1023**

1   a legal conclusion.

2        MGA (HK) further objects on the ground that this interrogatory is an

3   overbroad and unduly burdensome contention interrogatory to the extent it asks for

4   "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

5   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

6   requests seeking "all facts, documents, and witnesses that support the denial of a

7   statement or allegation of fact" because the "universe of potentially responsive

8   information is almost endless").

9        MGA (HK) further objects to the extent that this interrogatory seeks

10  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

11  possession, custody, or control.  In particular, MGA (HK) objects to this

12  interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

13  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

14       MGA (HK) further objects to this interrogatory because Mattel has

15  propounded more than 50 interrogatories.  Under Judge Larson's order of February

16  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

17  04049-SGL and CV 05-02727]."

18  **INTERROGATORY NO. 36:**

19       State all facts that support YOUR contention, if YOU so contend, that

20  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

21  not own any rights in any BRATZ INVENTION when BRYANT purported to

22  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

23  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

24  RELATE TO such facts.

25  **RESPONSE TO INTERROGATORY NO. 36:**

26       MGA (HK) incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection No. 7 (regarding Definitions), including but not limited to its

EXHIBIT **77** PAGE *1024*

1 objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

2 RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

3 unduly burdensome, vague and ambiguous both generally and specifically with

4 respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

5 ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

6 could be read to require MGA (HK) to state all facts supporting why each of the

7 responding parties "acted with an innocent state of mind," thereby rendering the

8 interrogatory impermissibly compound.  MGA (HK) also objects to this

9 interrogatory to the extent it seeks information that is not subject to disclosure under

10 any applicable privilege, doctrine or immunity, including without limitation the

11 attorney-client privilege, the work product doctrine, the right of privacy, and all other

12 privileges recognized under the constitutional, statutory or decisional law of the

13 United States of America, the State of California or any other applicable jurisdiction.

14 　　　　Subject to and without waiving the foregoing objections, MGA (HK)

15 responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

16 this interrogatory and the obligation of Mattel to supplement its responses to MGA's

17 First Set of Interrogatories.

18 **INTERROGATORY NO. 37:**

19 　　　　State all facts that support YOUR contention, if YOU so contend, that

20 BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

21 purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

22 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

23 such facts.

24 **RESPONSE TO INTERROGATORY NO. 37:**

25 　　　　MGA (HK) incorporates by reference its General Response and General

26 Objections above, as though fully set forth herein and specifically incorporates

27 General Objection No. 7 (regarding Definitions), including but not limited to its

28 objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

EXHIBIT 77 PAGE 1023

1 | and REFER OR RELATE TO, and further objects on the ground that the

2 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

3 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

4 | TRANSFER. MGA (HK) also objects to this interrogatory to the extent it seeks

5 | information that is not subject to disclosure under any applicable privilege, doctrine

6 | or immunity, including without limitation the attorney-client privilege, the work

7 | product doctrine, the right of privacy, and all other privileges recognized under the

8 | constitutional, statutory or decisional law of the United States of America, the State

9 | of California or any other applicable jurisdiction. MGA (HK) further objects to the

10 | interrogatory to the extent it calls for a legal conclusion. MGA (HK) further objects

11 | to the interrogatory on the ground that Mattel – not MGA (HK) – bears the burden of

12 | proof to show that Bryant breached the INVENTIONS AGREEMENT.

13 |     MGA (HK) further objects on the ground that this interrogatory is an

14 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

15 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

16 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

17 | requests seeking "all facts, documents, and witnesses that support the denial of a

18 | statement or allegation of fact" because the "universe of potentially responsive

19 | information is almost endless"). MGA (HK) further objects on the ground that it is

20 | an abuse of the discovery process to effectively ask a Party to prove his, her or its

21 | entire case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas*

22 | *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

23 | No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

24 | (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

25 | to marshal all evidence, in response to one interrogatory" is overbroad and

26 | "constitutes an abuse of the discovery process").

27 |     MGA (HK) further objects to the extent that this interrogatory seeks

28 | information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

EXHIBIT 11 PAGE 1024

1  possession, custody, or control.  In particular, MGA (HK) objects to this

2  interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

3  IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).  In

4  responding to this interrogatory, MGA (HK) undertakes only to make a good faith,

5  reasonable effort to summarize facts currently known to it, and reserves the right to

6  supplement its response.

7         MGA (HK) further objects to this interrogatory because Mattel has

8  propounded more than 50 interrogatories.  Under Judge Larson's order of February

9  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV·04-

10  04049-SGL and CV 05-02727]."

11        Subject to and without waiving the foregoing objections, MGA (HK)

12  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

13  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

14  First Set of Interrogatories.

15  **INTERROGATORY NO. 38:**

16        State all facts that support YOUR contention, if YOU so contend, that

17  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

18  when BRYANT performed work or services with or for MGA while BRYANT was

19  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

20  and all DOCUMENTS that REFER OR RELATE TO such facts.

21  **RESPONSE TO INTERROGATORY NO. 38:**

22        MGA (HK) incorporates by reference its General Response and General

23  Objections above, as though fully set forth herein and specifically incorporates

24  General Objection No. 7 (regarding Definitions), including but not limited to its

25  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

26  and further objects on the ground that the interrogatory is overbroad, unduly

27  burdensome, vague and ambiguous both generally and specifically with respect to

28  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA (HK) also

EXHIBIT __**77**__ PAGE __**1025**__

M

1  objects to this interrogatory to the extent it seeks information that is not subject to

2  disclosure under any applicable privilege, doctrine or immunity, including without

3  limitation the attorney-client privilege, the work product doctrine, the right of

4  privacy, and all other privileges recognized under the constitutional, statutory or

5  decisional law of the United States of America, the State of California or any other

6  applicable jurisdiction.  MGA (HK) further objects to the interrogatory to the extent

7  it calls for a legal conclusion.  MGA (HK) further objects to the interrogatory on the

8  ground that Mattel – not MGA (HK) – bears the burden of proof to show that Bryant

9  breached any duties, fiduciary or otherwise, to Mattel.

10  　　　　MGA (HK) further objects on the ground that this interrogatory is an

11  overbroad and unduly burdensome contention interrogatory to the extent it asks for

12  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

13  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

14  requests seeking "all facts, documents, and witnesses that support the denial of a

15  statement or allegation of fact" because the "universe of potentially responsive

16  information is almost endless").  MGA (HK) further objects on the ground that it is

17  an abuse of the discovery process to effectively ask a Party to prove his, her or its

18  entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*

19  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

20  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

21  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

22  to marshal all evidence, in response to one interrogatory" is overbroad and

23  "constitutes an abuse of the discovery process").

24  　　　　MGA (HK) further objects to the extent that this interrogatory seeks

25  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

26  possession, custody, or control.  In particular, MGA (HK) objects to this

27  interrogatory to the extent that it requests that MGA (HK) "state all facts … and

28  IDENTIFY all PERSONS…and all DOCUMENTS" (emphasis added).  In

30

EXHIBIT **77** PAGE **1026**

1   responding to this interrogatory, MGA (HK) undertakes only to make a good faith,

2   reasonable effort to summarize facts currently known to it, and reserves the right to

3   supplement its response.

4          MGA (HK) further objects to this interrogatory because Mattel has

5   propounded more than 50 interrogatories.  Under Judge Larson's order of February

6   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

7   04049-SGL and CV 05-02727]."

8          Subject to and without waiving the foregoing objections, MGA (HK)

9   responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

10  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

11  First Set of Interrogatories.

12  **INTERROGATORY NO. 39:**

13         IDENTIFY each and every bank or financial institution account that

14  REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR

15  benefit, since January 1, 1999.

16  **RESPONSE TO INTERROGATORY NO. 39:**

17         MGA (HK) incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 7 (regarding Definitions), including but not limited to its

20  objections to the definitions of the terms IDENTIFY and REFERS OR RELATES

21  TO, and further objects on the ground that the interrogatory is overbroad, unduly

22  burdensome, vague and ambiguous both generally and specifically with respect to

23  the terms YOU and YOUR.  MGA (HK) also objects to this interrogatory to the

24  extent it seeks information that is not subject to disclosure under any applicable

25  privilege, doctrine or immunity, including without limitation the attorney-client

26  privilege, the work product doctrine, the right of privacy, and all other privileges

27  recognized under the constitutional, statutory or decisional law of the United States

28  of America, the State of California or any other applicable jurisdiction.  MGA (HK)

31

EXHIBIT 11 PAGE 1021

1  further objects to this interrogatory as premature asset discovery under Federal Rule

2  of Civil Procedure 69(a), as there is presently no judgment for the payment of money

3  pending against MGA (HK).  MGA (HK) further objects on the grounds that it is

4  overbroad, not relevant to the claims or defenses of any party to the action and not

5  reasonably calculated to lead to the discovery of admissible evidence.

6  **INTERROGATORY NO. 40:**

7     IDENTIFY each and every STORAGE DEVICE that YOU have used

8  for any purpose which contains or contained DIGITAL INFORMATION that

9  REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10  **RESPONSE TO INTERROGATORY NO. 40:**

11     MGA (HK) incorporates by reference its General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 7 (regarding Definitions), including but not limited to its

14  objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO

15  and BRATZ, and further objects to this interrogatory on the grounds that it is

16  overbroad, unduly burdensome, vague and ambiguous both generally and

17  specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL

18  INFORMATION.   MGA (HK) further objects to this interrogatory as compound

19  because it contains discrete subparts that require separate, distinct and multiple

20  responses.  Specifically, MGA (HK) objects to the terms IDENTIFY and STORAGE

21  DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term

22  calls for responses to multiple discrete subparts.  For example, Mattel's definition of

23  the term IDENTIFY in the context of this interrogatory would require MGA (HK) to

24  provide numerous discrete facts for each STORAGE DEVICE, including:

25     (a) the individual(s) that use or have used the STORAGE DEVICE;

26     (b) the current location of the STORAGE DEVICE;

27     (c) the IDENTITY of the PERSON who possesses the STORAGE

28  DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

EXHIBIT **77** PAGE **1028**

1          (d)   the type of STORAGE DEVICE;

2          (e)   whether the STORAGE DEVICE has ever been copied or imaged

3 (and if so, the current location of each copy or image and the IDENTITY of the

4 PERSONS who possess such copies or image);

5          (f)   the date(s) on which such copies or images were made;

6          (g)   the manufacturer name, brand, model name, model number, and

7 serial number of the STORAGE DEVICE;

8          (h)   the technical specifications and capacities of such STORAGE

9 DEVICE.

10      In addition, Mattel's definition of YOU could be read to require MGA

11 (HK) to provide the foregoing information about STORAGE DEVICES belonging to

12 each of the responding parties.

13      MGA (HK) also objects to this interrogatory to the extent it seeks

14 information that is not subject to disclosure under any applicable privilege, doctrine

15 or immunity, including without limitation the attorney-client privilege, the work

16 product doctrine, the right of privacy, and all other privileges recognized under the

17 constitutional, statutory or decisional law of the United States of America, the State

18 of California or any other applicable jurisdiction.  MGA (HK) further objects to the

19 interrogatory on the ground that it is premature because the invention, creation,

20 conception, or reduction to practice of Bratz (and related issues) will be the subject

21 of expert testimony at trial.  MGA (HK) objects to this interrogatory to the extent it

22 seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.

23 MGA (HK) will identify its experts and make related disclosures in accordance with

24 the Court's orders and applicable rules.  MGA (HK) further objects to the extent that

25 this interrogatory seeks information that is outside of MGA (HK)'s knowledge and is

26 not in MGA (HK)'s possession, custody or control.

27      MGA (HK) further objects to this interrogatory because Mattel has

28 propounded more than 50 interrogatories.  Under Judge Larson's order of February

EXHIBIT 11 PAGE 029

1   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

2   04049-SGL and CV 05-02727]."

3           Subject to and without waiving the foregoing objections, MGA (HK)

4   responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

5   this interrogatory and the obligation of Mattel to supplement its responses to MGA's

6   First Set of Interrogatories.

7   **INTERROGATORY NO. 41:**

8           IDENTIFY all PERSONS who at any time have been employed by or

9   under contract with MATTEL who are now or have been employed by or under

10  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

11  her name, date of hire or effective date of contract, the date on which YOU first had

12  contact with such PERSON regarding potential employment or contracting, the

13  date(s) on which such PERSON was interviewed for possible employment or

14  contracting, each title (if any) such PERSON has held while employed by or under

15  contract with YOU, and the date of termination (if applicable).

16  **RESPONSE TO INTERROGATORY NO. 41:**

17          MGA (HK) incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 7 (regarding Definitions), including but not limited to its

20  objections to the definitions of the term IDENTIFY and further objects to this

21  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

22  ambiguous both generally and specifically with respect to the terms YOU.  MGA

23  (HK) also objects to this interrogatory to the extent it seeks information that is not

24  subject to disclosure under any applicable privilege, doctrine or immunity, including

25  without limitation the attorney-client privilege, the work product doctrine, the right

26  of privacy, and all other privileges recognized under the constitutional, statutory or

27  decisional law of the United States of America, the State of California or any other

28  applicable jurisdiction.

EXHIBIT **77** PAGE **1030**

MGA HK'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES        NO. CV 04-9049 SGL (RNBx)
M

1         Subject to and without waiving the foregoing objections, MGA (HK)

2 responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

3 this interrogatory and the obligation of Mattel to supplement its responses to MGA's

4 First Set of Interrogatories.

5         AS TO OBJECTIONS ONLY:

6

7 DATED:  November 15, 2007

8                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

9                       By: _____

10                             Thomas J. Nolan

11                       Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN,

12                       MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _77_ PAGE _103_

35