EXHIBIT 78

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com
hposner@skadden.com
5 |
KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
7 | New York, NY 10036
Telephone: (212) 735-3000
8 | Facsimile: (212) 735-2000
E-mail: kplevan@skadden.com
9 |
Attorneys for Counter-Defendants,
10 | MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11 |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **MGAE DE MEXICO S.R.L. DE C.V.'S OBJECTIONS AND RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| | Honorable Stephen G. Larson |
| | Courtroom 1 |

EXHIBIT **78** PAGE **1032**

Consolidated with MATTEL, INC. v.
BRYANT and MGA
ENTERTAINMENT, INC. v.
MATTEL, INC.

Discovery Cut-Off:  March 3, 2008

**PROPOUNDING PARTY:** **MATTEL, INC.  ("Mattel")**

**RESPONDING PARTY:** **MGAE DE MEXICO S.R.L. DE C.V.**

**SET NUMBER:** **REVISED THIRD**

EXHIBIT __78__ PAGE __1033__

## PRELIMINARY STATEMENT

MGAE de Mexico S.R.L. de C. V., ("MGA (Mexico)") hereby serves its objections to Mattel's Revised Third Set of Interrogatories.  MGA (Mexico) is not yet in a position to serve its substantive responses to Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of MGA (Mexico)'s representation from prior counsel of record to Skadden, Arps.  MGA (Mexico) intends to supplement its objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Revised Third Set of Interrogatories as soon as it is in a position to do so and after it has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

The General Response set forth herein applies to all responses that MGA (Mexico) is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA (Mexico)'s discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  Mattel has produced almost no documents to date and has produced no documents from its Zeus computer system, and has not provided other discovery responses, including without

1

EXHIBIT 78 PAGE 1034

1    limitation supplemental responses to its March 7, 2005, responses to MGA's First Set

2    of Interrogatories (which responses were comprised almost entirely of objections).  It

3    is anticipated that further discovery, independent investigation, and legal research

4    and analysis will supply additional facts and meaning to the known facts, as well as

5    establish entirely new factual conclusions, all of which may lead MGA (Mexico) to

6    discover other information responsive to these Interrogatories.  MGA (Mexico)

7    therefore reserves the right to amend or supplement this Response at any time in

8    light of future investigation, research or analysis, and also expressly reserves the

9    right to rely on, at any time, including trial, subsequently discovered information

10   omitted from this Response as a result of mistake, error, oversight or inadvertence.

11   MGA (Mexico) does not hereby admit, adopt or acquiesce in any factual or legal

12   contention, assertion or characterization contained in the Interrogatories or any

13   particular request therein, even where MGA (Mexico) has not otherwise objected to

14   a particular interrogatory, or has agreed to provide information responsive to a

15   particular interrogatory.

16         No incidental or implied admissions are intended by this Response.

17   These responses should not be taken as an admission that MGA (Mexico) accepts or

18   admits the existence of any facts set forth or assumed by any instruction, definition

19   or interrogatory.

20                   **GENERAL OBJECTIONS**

21         MGA (Mexico) responds to these Interrogatories subject to the

22   following general objections and limitations, each of which is incorporated into each

23   and every response as though fully set forth therein:

24          1.      MGA (Mexico) objects to these Interrogatories to the extent they

25   seek information that is not subject to disclosure under any applicable privilege,

26   doctrine or immunity, including without limitation the attorney-client privilege, the

27   work product doctrine, the right of privacy, and all other privileges recognized under

28   the constitutional, statutory or decisional law of the United States of America, the

2

EXHIBIT **78** PAGE **1035**

1  State of California or any other applicable jurisdiction.

2       2.   MGA (Mexico) objects to these Interrogatories to the extent they

3  seek information not relevant to the claims or defenses of any party to this action and

4  not reasonably calculated to lead to the discovery of admissible evidence.

5       3.   MGA (Mexico) objects to these Interrogatories to the extent they

6  seek information which by reason of public filing or otherwise is already in Mattel's

7  possession or is readily accessible to Mattel.

8       4.   MGA (Mexico) objects to these Interrogatories to the extent they

9  seek the disclosure of information (1) not currently within its possession, custody or

10  control; (2) that MGA (Mexico) cannot locate after a reasonably diligent search; or

11  (3) that refer to persons, entities, or events not known to MGA (Mexico).

12       5.   MGA (Mexico) objects to these Interrogatories to the extent they

13  are overbroad and unduly burdensome.

14       6.   MGA (Mexico) objects to the definitions and instructions to the

15  extent such definitions and instructions purport to enlarge, expand, or alter in any

16  way the plain meaning and scope of any specific term or specific interrogatories on

17  the ground that such enlargement, expansion, or alteration renders such a term or

18  request vague, ambiguous, unintelligible, overly broad, unduly burdensome or

19  uncertain.

20       7.   MGA (Mexico) objects to the following definitions in these

21  Interrogatories:

22       (a)   MGA (Mexico) objects to the definition of the term

23  "BRATZ" (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly

24  burdensome, and designed to mislead and confuse the trier of fact.  The definition

25  includes "any project, product, doll or DESIGN ever known by [the Bratz] name

26  (whether in whole or in part and regardless of what such project, product or doll is or

27  has been also, previously or subsequently called) and any product, doll or DESIGN

28  or any portion thereof that is now or has ever been known as, or sold or marketed

1   under, the name or term 'Bratz' (whether in whole or in part and regardless of what

2   such product, doll or DESIGN or portion thereof is or has been also, previously or

3   subsequently called) or that is now or has ever been marketed as part of the 'Bratz'

4   line, and each version or iteration of such product, doll or DESIGN or any portion

5   thereof," and it goes on.  By incorporating the definition of DESIGN, the overly

6   broad definition of BRATZ includes two-dimensional and three-dimensional

7   representations, including "works, designs, artwork, sketches, drawings, illustrations,

8   representations, depictions, blueprints, schematics, diagrams, images, sculptures,

9   prototypes, models, samples, rotocasts, reductions to practice, developments,

10  inventions and/or improvements . . . ."  (Definitions ¶ 8.)  These convoluted and

11  multi-part definitions combine to render the interrogatories vague, ambiguous and

12  overly broad, and to include within the term BRATZ things that do not fairly

13  represent the Bratz line of dolls, accessories and related products that are the subject

14  of this case.  In responding to these interrogatories, MGA (Mexico) will interpret the

15  term BRATZ to mean the line of dolls introduced by MGA (Mexico) to the market

16  for sale in May or June of 2001 and subsequent dolls, accessories and other products

17  known as Bratz or associated by MGA (Mexico) with the Bratz line of dolls;

18          (b)     MGA (Mexico) objects to the definition of the term

19  "BRATZ DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

20  burdensome, and designed to mislead and confuse the trier of fact.  The definition

21  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

22  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

23  "BRATZ DOLL" unintelligible because MGA (Mexico) cannot know, by way of

24  example, what dolls may "deal with, comment on, respond to, . . . or in any way

25  pertain" (Definitions ¶ 20) to "BRATZ."  In responding to these interrogatories,

26  MGA (Mexico) will interpret the term "BRATZ DOLL" to mean the line of dolls

27  introduced by MGA (Mexico) to the market for sale in May or June of 2001 and

28  subsequent dolls known as Bratz;

EXHIBIT 78 PAGE 1037

4

1      (c)   MGA (Mexico) objects to the definition of the term

2   "CREATED" (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly

3   burdensome, and designed to mislead and confuse the trier of fact.  The definition

4   strays far from the English meaning of the term "created" by including concepts such

5   as "improved," "altered," "conceived of" and "reduced to practice."  Thus, by way of

6   example, under Mattel's definition of "CREATED," the jury could be misled into

7   believing that a person "CREATED" a particular thing when that person did not, but

8   only slightly altered or improved the thing.  In responding to these interrogatories,

9   MGA (Mexico) will not interpret the term "CREATED," but rather will respond

10   using words contained within the Mattel definition in their normal, accepted

11   meaning;

12      (d)   MGA (Mexico) objects to the definition of the term

13   "INVENTIONS AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly

14   broad and unduly burdensome, and designed to mislead and confuse the trier of fact.

15   The definition includes "any other version of such January 4, 1999 agreement."  In

16   responding to these interrogatories, MGA (Mexico) will interpret the term

17   "INVENTIONS AGREEMENT" to refer to the document Bates numbered

18   M0001596;

19      (e)   MGA (Mexico) objects to the definition of the term

20   "BRATZ INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and

21   unduly burdensome, and designed to mislead and confuse the trier of fact.  The

22   definition strays far from the English meaning of the term "invention" by including

23   concepts such as representation, idea, concept, work, process, procedure, plan,

24   improvement, design and development, none of which necessarily equate to an

25   invention.  In responding to these interrogatories, MGA (Mexico) will not interpret

26   the term "BRATZ INVENTION," but rather will respond using words contained

27   within the Mattel definition in their normal, accepted meaning.

28      (f)   MGA (Mexico) objects to the terms "IDENTIFY" or

5

EXHIBIT **18** PAGE **1038**

1  "IDENTITY" as overbroad, unduly burdensome, vague, ambiguous, and oppressive.

2  Mattel's definition of these terms inherently call for answers to multiple discrete

3  questions or subparts to questions.  For example, when those terms are used to

4  reference any BRATZ INVENTION, the use of those terms requests at least 10

5  different and distinct facts: (a) the Bates number of any document that "REFERS OR

6  RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual

7  author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

8  individual who contributed in any manner to the BRATZ INVENTION; (d) the form,

9  material and medium of the BRATZ INVENTION; (e) the title or name of the

10  BRATZ INVENTION; (f) the version, modification, revision or iteration number of

11  the BRATZ INVENTION; (g) the current location of the original of the BRATZ

12  INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

13  the last day on which the BRATZ INVENTION was CREATED; (j) whether the

14  entire invention was CREATED during the period of time listed in the Interrogatory

15  (and if not, which portions were created during, earlier, or later than the period of

16  time listed in the Interrogatory.)  Therefore, any interrogatory that includes or

17  incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and

18  should be posed as separate interrogatories.

19          (g)     MGA (Mexico) objects to the terms "any" and "REFER

20  OR RELATE TO" on the grounds and to the extent that they are overbroad, unduly

21  burdensome or are vague and ambiguous in the context of the interrogatories as

22  written and as those interrogatories would be plainly understood absent Mattel's

23  definitions.

24          8.     MGA (Mexico) objects to these interrogatories to the extent that

25  they may unfairly seek to restrict the facts on which MGA (Mexico) may rely at trial.

26  Discovery has not been completed and MGA (Mexico) is not yet necessarily in

27  possession of all the facts and documents upon which MGA (Mexico) intends to

28  rely.  All of the responses submitted herewith are tendered to Mattel with the

6

EXHIBIT 78 PAGE 1039

1  reservation that the responses are submitted without limiting the evidence on which

2  MGA (Mexico) may rely to support the contentions and defenses that MGA

3  (Mexico) may assert at the trial of this action and to rebut or impeach the

4  contentions, assertions and evidence that Mattel may present.  MGA (Mexico)

5  reserves the right to supplement or amend these responses at a future date.

6        9.     MGA (Mexico) objects to each interrogatory to the extent that it

7  seeks information that will be the subject of expert witness testimony and that is

8  therefore premature.

9        10.    MGA (Mexico) objects to each interrogatory to the extent that it

10  seeks the disclosure of confidential, proprietary, or trade-secret information.

11        11.    MGA (Mexico) objects to each interrogatory to the extent that it

12  calls for a legal conclusion.

13        12.    MGA (Mexico) reserves the right to object on any ground at any

14  time to such other and supplemental discovery requests as Mattel may propound

15  involving or relating to the same subject matter of these interrogatories.

16        13.    The responses below shall not be construed as an admission as to

17  the relevance or admissibility of any statement or characterization contained in any

18  interrogatory.  MGA (Mexico) reserves all objections, including without limitation

19  objections as to competency, relevance, materiality, privilege, authenticity, or

20  admissibility.

21        14.    Consistent with Rule 33(d) of the Federal Rules of Civil

22  Procedure, MGA (Mexico) objects to providing responses to interrogatories that can

23  be derived from documents that have or will be produced (when requested in

24  compliance with Rule 26) and where the burden to derive such information is

25  substantially the same for Mattel as it is for MGA (Mexico).

26        15.    In responding to these Interrogatories, MGA (Mexico) has not

27  and will not comply with any instructions or definitions that seek to impose

28  requirements in addition to those imposed by the Federal Rules of Civil Procedure

7

EXHIBIT **78** PAGE **1040**

1   and any applicable local rule.

2       16.    To the extent MGA (Mexico) responds to an interrogatory, it

3   does so without waiving or intending to waive but rather, on the contrary, preserving

4   and intending to preserve, its contention that anything Mr. Bryant did on weekends,

5   evenings, vacation and any other time outside ordinary business hours was not done

6   while he was working for Mattel.  MGA (Mexico)'s response may not be taken as an

7   admission that the information it provides in its response in any way reflects or

8   evidences work performed by Mr. Bryant while he was working for Mattel or that

9   MGA (Mexico) adopts or agrees with any fact or legal conclusion assumed,

10  presumed or contained in Mattel's interrogatory.

11      17.    MGA (Mexico) objects to each of Mattel's interrogatories

12  because Mattel has propounded more than 50 interrogatories, including discrete

13  subparts.  Under Judge Larson's order of February 22, 2007, "Interrogatories are

14  limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-

15  02727]."

16  ## SPECIFIC OBJECTIONS AND RESPONSES

17      Without waiving or departing from its General Response and General

18  Objections, and specifically incorporating them in its response to each Interrogatory

19  below, MGA (Mexico) makes the following additional objections and responses to

20  specific Interrogatories:

21  ## INTERROGATORY NO. 27:

22      IDENTIFY each and every BRATZ INVENTION YOU contend was

23  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

24  INVENTION so identified state all facts that support YOUR contention that such

25  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

26  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

27  DOCUMENTS which REFER OR RELATE TO such facts.

28

8

EXHIBIT **78** PAGE **104**

**RESPONSE TO INTERROGATORY NO. 27:**

MGA (Mexico) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding the Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, CREATED, IDENTIFY and REFER OR RELATES TO. MGA (Mexico) further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, MGA (Mexico) objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA (Mexico) to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a)     the Bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION;"

(b)     the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c)     the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d)     the form, material and medium of the BRATZ INVENTION;

(e)     the title or name of the BRATZ INVENTION;

(f)     the version, modification, revision or iteration number of the BRATZ INVENTION;

(g)     the current location of the original of the BRATZ INVENTION;

(h)     the first day on which the BRATZ INVENTION was CREATED;

(i)     the last day on which the BRATZ INVENTION was CREATED;

(j)     whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during,

EXHIBIT **78** PAGE **1042**

1  earlier, or later than the period of time listed in the Interrogatory).

2         This interrogatory is further compounded by Mattel's definition of

3  IDENTITY, which purports to require MGA (Mexico) to provide the following

4  information for each of the individuals Mattel is requesting that MGA (Mexico)

5  identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b)

6  any known business title; (c) the current or last known business affiliation; (d)

7  current or last known residential address; (e) current or last known business address;

8  (f) current or last known relationship to MGA (Mexico); and (g) current or last

9  known telephone number.

10         MGA (Mexico) further objects to this interrogatory on the grounds that

11  it is overbroad, unduly burdensome, vague and ambiguous both generally and

12  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

13  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

14  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

15  RELATES TO, is so broad and over-inclusive that it could be read to include each

16  and every thought, idea and conversation that anyone may have had about BRATZ

17  during the time period at issue.

18         MGA (Mexico) further objects to the extent that this interrogatory seeks

19  information that is outside of MGA (Mexico)'s knowledge and is not in MGA

20  (Mexico)'s possession, custody or control.  In particular, MGA (Mexico) objects to

21  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .

22  and IDENTIFY *all* PERSONS … and *all* DOCUMENTS" (emphasis added).

23         MGA (Mexico) also objects to this interrogatory to the extent it seeks

24  information that is not subject to disclosure under any applicable privilege, doctrine

25  or immunity, including without limitation the attorney-client privilege, the work

26  product doctrine, the right of privacy, and all other privileges recognized under the

27  constitutional, statutory or decisional law of the United States of America, the State

28  of California or any other applicable jurisdiction.  MGA (Mexico) further objects to

10

EXHIBIT **78** PAGE **1043**

1    the interrogatory on the ground that it is premature because the invention, creation,

2    conception, or reduction to practice of Bratz (and related issues) will be the subject

3    of expert testimony at trial.  MGA (Mexico) objects to this interrogatory to the extent

4    it seeks to limit the expert testimony that MGA (Mexico) may seek to introduce at

5    trial.  MGA (Mexico) will identify its experts and make related disclosures in

6    accordance with the Court's orders and applicable rules.

7         MGA (Mexico) further objects to this interrogatory because Mattel has

8    propounded more than 50 interrogatories.  Under Judge Larson's order of February

9    22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

10   04049-SGL and CV 05-02727]."

11        Subject to and without waiving the foregoing objections, MGA

12   (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

13   Mattel regarding this interrogatory and the obligation of Mattel to supplement its

14   responses to MGA's First Set of Interrogatories.

15   **INTERROGATORY NO. 28:**

16        IDENTIFY each and every BRATZ INVENTION YOU contend was

17   CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

18   for each BRATZ INVENTION so identified state all FACTS that support YOUR

19   contention that such BRATZ INVENTION (or aspects or portions thereof) was

20   CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

21   PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

22   RELATE TO such facts.

23   **RESPONSE TO INTERROGATORY NO. 28:**

24        MGA (Mexico) incorporates by reference its General Response and

25   General Objections above, as though fully set forth herein and specifically

26   incorporates General Objection No. 7 (regarding the Definitions), including but not

27   limited to its objections to the definitions of the terms BRATZ INVENTION,

28   CREATED, IDENTIFY, and REFER OR RELATED TO.  MGA (Mexico) further

EXHIBIT __78__ PAGE __1044__

1  objects to this interrogatory on the grounds that it is overbroad, unduly burdensome,

2  vague and ambiguous both generally and specifically with respect to the term

3  BRATZ INVENTION, which incorporates the terms BRATZ, DESIGN and REFER

4  OR RELATES TO, is so broad and over-inclusive that it could be read to include

5  each and every thought, idea and conversation that anyone may have had about

6  BRATZ during the time period at issue.

7         MGA (Mexico) further objects to this interrogatory as compound

8  because it contains discrete subparts that require separate, distinct and multiple

9  responses.  Specifically, MGA (Mexico) objects to the term IDENTIFY as overbroad

10  and unduly burdensome, as Mattel's definition of this term calls for responses to

11  multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY

12  in the context of this interrogatory would require MGA (Mexico) to provide a

13  multitude of discrete responses for each BRATZ INVENTION, including:

14        (a)    the Bates number of any document that "REFERS OR RELATES

15  TO the BRATZ INVENTION;"

16        (b)    the IDENTITY of the individual author or creator of the BRATZ

17  INVENTION;

18        (c)    the IDENTITY of each other individual who contributed in any

19  manner to the BRATZ INVENTION;

20        (d)    the form, material and medium of the BRATZ INVENTION;

21        (e)    the title or name of the BRATZ INVENTION;

22        (f)    the version, modification, revision or iteration number of the

23  BRATZ INVENTION;

24        (g)    the current location of the original of the BRATZ INVENTION;

25        (h)    the first day on which the BRATZ INVENTION was CREATED;

26        (i)    the last day on which the BRATZ INVENTION was CREATED;

27        (j)    whether the entire invention was CREATED during the period of

28  time listed in the Interrogatory (and if not, which portions were created during,

12

EXHIBIT __18__ PAGE __1045__

1    earlier, or later than the period of time listed in the Interrogatory).

2           This interrogatory is further compounded by Mattel's definition of

3    IDENTITY, which purports to require MGA (Mexico) to provide the following

4    information for each of the individuals Mattel is requesting that MGA (Mexico)

5    identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b)

6    any known business title; (c) the current or last known business affiliation; (d)

7    current or last known residential address; (e) current or last known business address;

8    (f) current or last known relationship to MGA (Mexico); and (g) current or last

9    known telephone number.

10          MGA (Mexico) further objects to the extent that this interrogatory seeks

11   information that is outside of MGA (Mexico)'s knowledge and is not in MGA

12   (Mexico)'s possession, custody or control.  In particular, MGA (Mexico) objects to

13   this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .

14   and IDENTIFY *all* PERSONS … and *all* DOCUMENTS" (emphasis added).

15          MGA (Mexico) also objects to this interrogatory to the extent it seeks

16   information that is not subject to disclosure under any applicable privilege, doctrine

17   or immunity, including without limitation the attorney-client privilege, the work

18   product doctrine, the right of privacy, and all other privileges recognized under the

19   constitutional, statutory or decisional law of the United States of America, the State

20   of California or any other applicable jurisdiction.

21          MGA (Mexico) further objects to the interrogatory on the ground that it

22   is premature because the invention, creation, conception, or reduction to practice of

23   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

24   (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

25   testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will

26   identify its experts and make related disclosures in accordance with the Court's

27   orders and applicable rules.  MGA (Mexico) further objects to the interrogatory as

28   unduly burdensome, on the grounds that it would require MGA (Mexico) to identify

13

EXHIBIT 78 PAGE 1046

1 numerous documents that have already been produced and are readily available to

2 Mattel.

3       MGA (Mexico) further objects to this interrogatory because Mattel has

4 propounded more than 50 interrogatories.  Under Judge Larson's order of February

5 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

6 04049-SGL and CV 05-02727]."

7       Subject to and without waiving the foregoing objections, MGA

8 (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

9 Mattel regarding this interrogatory and the obligation of Mattel to supplement its

10 responses to MGA's First Set of Interrogatories.

11 **INTERROGATORY NO. 29:**

12       IDENTIFY each and every BRATZ INVENTION that was CREATED,

13 in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

14 BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

15 the timing of the creation of such BRATZ INVENTION and IDENTIFY all

16 PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

17 RELATE TO such facts.

18 **RESPONSE TO INTERROGATORY NO. 29:**

19       MGA (Mexico) incorporates by reference its General Response and

20 General Objections above, as though fully set forth herein and specifically

21 incorporates General Objection No. 7 (regarding Definitions), including but not

22 limited to its objections to the definitions of the terms BRATZ INVENTION,

23 CREATED, REFER OR RELATE TO, and IDENTIFY.  MGA (Mexico) further

24 objects to this interrogatory as compound because it contains discrete subparts that

25 require separate, distinct and multiple responses.  Specifically, MGA (Mexico)

26 objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's

27 definition of this term calls for responses to multiple discrete subparts.  For example,

28 Mattel's definition of the term IDENTIFY in the context of this interrogatory would

1  require MGA (Mexico) to provide a multitude of discrete responses for each BRATZ

2  INVENTION, including:

3          (a)     the Bates number of any document that "REFERS OR RELATES

4  TO the BRATZ INVENTION;"

5          (b)     the IDENTITY of the individual author or creator of the BRATZ

6  INVENTION;

7          (c)     the IDENTITY of each other individual who contributed in any

8  manner to the BRATZ INVENTION;

9          (d)     the form, material and medium of the BRATZ INVENTION;

10          (e)     the title or name of the BRATZ INVENTION;

11          (f)     the version, modification, revision or iteration number of the

12  BRATZ INVENTION;

13          (g)     the current location of the original of the BRATZ INVENTION;

14          (h)     the first day on which the BRATZ INVENTION was CREATED;

15          (i)     the last day on which the BRATZ INVENTION was CREATED;

16          (j)     whether the entire invention was CREATED during the period of

17  time listed in the Interrogatory (and if not, which portions were created during,

18  earlier, or later than the period of time listed in the Interrogatory).

19         This interrogatory is further compounded by Mattel's definition of

20  IDENTITY, which purports to require MGA (Mexico) to provide the following

21  information for each of the individuals Mattel is requesting that MGA (Mexico)

22  identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b)

23  any known business title; (c) the current or last known business affiliation; (d)

24  current or last known residential address; (e) current or last known business address;

25  (f) current or last known relationship to MGA (Mexico); and (g) current or last

26  known telephone number.

27         MGA (Mexico) further objects to this interrogatory on the grounds that

28  it is overbroad, unduly burdensome, vague and ambiguous both generally and

15

EXHIBIT __78__ PAGE __1048__

1   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,
2   DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ
3   INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
4   RELATES TO, is so broad and over-inclusive that it could be read to include each
5   and every thought, idea and conversation that anyone may have had about BRATZ
6   during the time period at issue.

7          MGA (Mexico) further objects to the extent that this interrogatory seeks
8   information that is outside of MGA (Mexico)'s knowledge and is not in MGA
9   (Mexico)'s possession, custody or control.  In particular, MGA (Mexico) objects to
10  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .
11  and IDENTIFY *all* PERSONS … and *all* DOCUMENTS" (emphasis added).

12         MGA (Mexico) also objects to this interrogatory to the extent it seeks
13  information that is not subject to disclosure under any applicable privilege, doctrine
14  or immunity, including without limitation the attorney-client privilege, the work
15  product doctrine, the right of privacy, and all other privileges recognized under the
16  constitutional, statutory or decisional law of the United States of America, the State
17  of California or any other applicable jurisdiction.

18         MGA (Mexico) further objects to the interrogatory on the ground that it
19  is premature because the invention, creation, conception, or reduction to practice of
20  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA
21  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert
22  testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will
23  identify its experts and make related disclosures in accordance with the Court's
24  orders and applicable rules.  MGA (Mexico) further objects to the interrogatory as
25  unduly burdensome, on the grounds that it would require MGA (Mexico) to identify
26  numerous documents that have already been produced and are readily available to
27  Mattel.

28         MGA (Mexico) further objects to this interrogatory because Mattel has

16

EXHIBIT __78__ PAGE __1049__

1  propounded more than 50 interrogatories.  Under Judge Larson's order of February

2  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

3  04049-SGL and CV 05-02727]."

4           Subject to and without waiving the foregoing objections, MGA

5  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

6  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

7  responses to MGA's First Set of Interrogatories.

8  **INTERROGATORY NO. 30:**

9           State all facts that support YOUR contention, if YOU so contend, that,

10  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

11  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

12  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

13  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

14  REFER OR RELATE TO such facts.

15  **RESPONSE TO INTERROGATORY NO. 30:**

16           MGA (Mexico) incorporates by reference its General Response and

17  General Objections above, as though fully set forth herein and specifically

18  incorporates General Objection No. 7 (regarding Definitions), including but not

19  limited to its objections to the definitions of the terms BRATZ INVENTION,

20  INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA

21  (Mexico) also objects to this interrogatory to the extent it seeks information that is

22  not subject to disclosure under any applicable privilege, doctrine or immunity,

23  including without limitation the attorney-client privilege, the work product doctrine,

24  the right of privacy, and all other privileges recognized under the constitutional,

25  statutory or decisional law of the United States of America, the State of California or

26  any other applicable jurisdiction.  MGA (Mexico) further objects to this

27  interrogatory to the extent it calls for a legal conclusion.  MGA (Mexico) further

28  objects to the extent that this interrogatory seeks information that is outside MGA

EXHIBIT **78** PAGE **1050**

1  (Mexico)'s knowledge and is not in MGA (Mexico)'s possession, custody, or control.

2  In particular, MGA (Mexico) objects to this interrogatory to the extent that it

3  requests MGA (Mexico) to "state *all facts . . . and* IDENTIFY all PERSONS . . . and

4  *all* DOCUMENTS" (emphasis added).

5      MGA (Mexico) further objects to the interrogatory on the grounds that

6  it is vague, ambiguous and threatens to mislead the trier of fact in that it is stated in

7  the hypothetical and therefore proceeds from the false premise that Bryant assigned

8  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

9  AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan,* 125

10  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

11  interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

12  depends on, among other factual and legal factors, specifically which BRATZ

13  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

14  which rights he assigned, which information is not provided in the incomplete

15  hypothetical scenario posited in this interrogatory.

16      MGA (Mexico) further objects to the interrogatory on the ground that it

17  is premature because the invention, creation, conception, or reduction to practice of

18  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

19  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

20  testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) further

21  objects on the grounds that the interrogatory seeks information not relevant to any

22  claim or defense in the action and is not reasonably calculated to the discovery of

23  admissible evidence because MGA (Mexico) denies that Bryant assigned any such

24  rights to Mattel.

25      MGA (Mexico) objects to this interrogatory because Mattel has

26  propounded more than 50 interrogatories.  Under Judge Larson's order of February

27  22, 2007, "Interrogatories are to be limited to 50 for each side for both [Case Nos.

28  CV 04-04049-SGL and CV 05-02727]."

EXHIBIT **78** PAGE **1051**

**INTERROGATORY NO. 31:**

State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 31:**

MGA (Mexico) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA (Mexico) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA (Mexico) also objects to this interrogatory to the extent that it calls for a legal conclusion.

MGA (Mexico) objects that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless"). MGA (Mexico) further objects to the extent that this interrogatory seeks information outside of MGA (Mexico)'s personal knowledge and is not in MGA (Mexico)'s possession, custody or control. In particular, MGA (Mexico) objects to this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . . and

19

EXHIBIT __78__ PAGE __1052__

1  IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS" (emphasis added).

2        MGA (Mexico) objects to this interrogatory because Mattel has

3  propounded more than 50 interrogatories.  Under Judge Larson's order of February

4  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5  04049-SGL and CV 05-02727]."

6        Subject to and without waiving the foregoing objections, MGA

7  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

8  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

9  responses to MGA's First Set of Interrogatories.

10  **INTERROGATORY NO. 32:**

11        State all facts that support YOUR contention, if YOU so contend, that

12  MATTEL is not or would not be entitled to injunctive relief as requested in its

13  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

14  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

15  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

16  such facts.

17  **RESPONSE TO INTERROGATORY NO. 32:**

18        MGA (Mexico) incorporates by reference its General Response and

19  General Objections above, as though fully set forth herein and specifically

20  incorporates General Objection No. 7 (regarding Definitions), including but not

21  limited to its objections to the definitions of the terms BRATZ INVENTIONS,

22  IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the

23  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

24  and specifically with respect to the terms YOUR, YOU, MATTEL.  MGA (Mexico)

25  also objects to this interrogatory to the extent it seeks information that is not subject

26  to disclosure under any applicable privilege, doctrine or immunity, including without

27  limitation the attorney-client privilege, the work product doctrine, the right of

28  privacy, and all other privileges recognized under the constitutional, statutory or

EXHIBIT **78** PAGE **1053**

1  decisional law of the United States of America, the State of California or any other

2  applicable jurisdiction.  MGA (Mexico) further objects to the interrogatory on the

3  ground that it is premature because matters affecting Mattel's ability to obtain

4  injunctive relief may be the subject of expert testimony at trial.  MGA (Mexico)

5  objects to this interrogatory to the extent it seeks to limit the expert testimony that

6  MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will identify its

7  experts and make related disclosures in accordance with the Court's orders and

8  applicable rules.

9       MGA (Mexico) notes that the issue of injunctive relief will be decided

10  by the Court after the conclusion of all jury deliberation relevant to the issue.  MGA

11  (Mexico) believes accordingly that the Court's review of injunctive relief issue will

12  not occur until the conclusion of Phase 2.

13       MGA (Mexico) further objects on the ground that this interrogatory is

14  an overbroad and unduly burdensome contention interrogatory to the extent it asks

15  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

16  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

17  requests seeking "all facts, documents, and witnesses that support the denial of a

18  statement or allegation of fact" because the "universe of potentially responsive

19  information is almost endless").

20       MGA (Mexico) further objects to the extent that this interrogatory seeks

21  information that is outside MGA (Mexico)'s knowledge and is not in MGA

22  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

23  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

24  and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

25       MGA (Mexico) further objects to this interrogatory as it asks MGA

26  (Mexico) to assume facts contrary to evidence, and further asks it to base any

27  response on an incomplete and incomprehensible hypothetical scenario.  *See, e.g.,*

28  *Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not

21

EXHIBIT __78__ PAGE __1054__

1  permit contention interrogatories directed at hypothetical scenarios).  Whether or not

2  Mattel is or would or would not be "entitled to injunctive relief" depends on, among

3  other factual and legal factors, which specific "BRATZ INVENTION" Mattel is

4  hypothetically found to own, and whether and/or to what extent it is determined that

5  any Bratz products that have been produced and sold are derivative works of any

6  such BRATZ INVENTIONS, which information is not provided in the incomplete

7  hypothetical scenario posited in this interrogatory.  MGA (Mexico) also objects to

8  this interrogatory on the grounds that Mattel – not MGA (Mexico) – bears the burden

9  of proof to show that it is entitled to injunctive relief, if it is ultimately determined

10  that Mattel owns one or more BRATZ INVENTIONS.

11        MGA (Mexico) further objects to this interrogatory because Mattel has

12  propounded more than 50 interrogatories.  Under Judge Larson's order of February

13  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

14  04049-SGL and CV 05-02727]."

15  **INTERROGATORY NO. 33:**

16        State all facts that support YOUR contention, if YOU so contend, that

17  MATTEL is not entitled to an award of punitive or exemplary damages against

18  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

19  DOCUMENTS that REFER OR RELATE TO such facts.

20  **RESPONSE TO INTERROGATORY NO. 33:**

21        MGA (Mexico) incorporates by reference its General Response and

22  General Objections above, as though fully set forth herein and specifically

23  incorporates General Objection No. 7 (regarding Definitions), including but not

24  limited to its objections to the definitions of the terms IDENTIFY and REFER OR

25  RELATE TO, and further objects on the ground that the interrogatory is overbroad,

26  unduly burdensome, vague and ambiguous both generally and specifically with

27  respect to the terms YOUR, YOU, and MATTEL.  In particular, by way of example,

28  the term YOU as defined by Mattel could be read to require MGA (Mexico) to state

1  all facts supporting why Mattel is not entitled to an award of punitive damages

2  against each of the responding parties in this litigation, thereby rendering the

3  interrogatory impermissibly compound.  MGA (Mexico) also objects to this

4  interrogatory to the extent it seeks information that is not subject to disclosure under

5  any applicable privilege, doctrine or immunity, including without limitation the

6  attorney-client privilege, the work product doctrine, the right of privacy, and all other

7  privileges recognized under the constitutional, statutory or decisional law of the

8  United States of America, the State of California or any other applicable jurisdiction.

9  MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

10  conclusion.

11          MGA (Mexico) further objects on the ground that this interrogatory is

12  an overbroad and unduly burdensome contention interrogatory to the extent it asks

13  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

14  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

15  requests seeking "all facts, documents, and witnesses that support the denial of a

16  statement or allegation of fact" because the "universe of potentially responsive

17  information is almost endless").

18          MGA (Mexico) further objects to the extent that this interrogatory seeks

19  information that is outside MGA (Mexico)'s knowledge and is not in MGA

20  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

21  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

22  and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

23          MGA (Mexico) also objects to this interrogatory on the grounds that

24  Mattel – not MGA (Mexico) – bears the burden of proof to show that it is entitled to

25  an award of punitive or exemplary damages.

26          MGA (Mexico) further objects to this interrogatory because Mattel has

27  propounded more than 50 interrogatories.  Under Judge Larson's order of February

28  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

23

EXHIBIT __78__ PAGE __1056__

1  04049-SGL and CV 05-02727]."

2  Subject to and without waiving the foregoing objections, MGA

3  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

4  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

5  responses to MGA's First Set of Interrogatories.

6  **INTERROGATORY NO. 34:**

7  State all facts that support YOUR contention, if YOU so contend, that

8  YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

9  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

10  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

11  DOCUMENTS that REFER OR RELATE TO such facts.

12  **RESPONSE TO INTERROGATORY NO. 34:**

13  MGA (Mexico) incorporates by reference its General Response and

14  General Objections above, as though fully set forth herein and specifically

15  incorporates General Objection No. 7 (regarding Definitions), including but not

16  limited to its objections to the definitions of the terms INVENTIONS

17  AGREEMENT, IDENTIFY and REFER OR RELATE TO, and further objects on

18  the ground that the interrogatory is overbroad, unduly burdensome, vague and

19  ambiguous both generally and specifically with respect to the terms YOUR, YOU,

20  BRYANT, MGA, TRANSFER and ACQUIRE.  In particular, by way of example,

21  the term YOU as defined by Mattel could be read to require MGA (Mexico) to state

22  all facts supporting why each of the responding parties did not "intentionally

23  interfere with the INVENTIONS AGREEMENT," thereby rendering the

24  interrogatory impermissibly compound.  MGA (Mexico) also objects to this

25  interrogatory to the extent it seeks information that is not subject to disclosure under

26  any applicable privilege, doctrine or immunity, including without limitation the

27  attorney-client privilege, the work product doctrine, the right of privacy, and all other

28  privileges recognized under the constitutional, statutory or decisional law of the

EXHIBIT **78** PAGE **1057**

1  United States of America, the State of California or any other applicable jurisdiction.

2  MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

3  conclusion.

4            MGA (Mexico) further objects on the ground that this interrogatory is

5  an overbroad and unduly burdensome contention interrogatory to the extent it asks

6  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

7  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

8  requests seeking "all facts, documents, and witnesses that support the denial of a

9  statement or allegation of fact" because the "universe of potentially responsive

10 information is almost endless").

11           MGA (Mexico) further objects to the extent that this interrogatory seeks

12 information that is outside MGA (Mexico)'s knowledge and is not in MGA

13 (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

14 this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

15 and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

16           MGA (Mexico) further objects to this interrogatory because Mattel has

17 propounded more than 50 interrogatories.  Under Judge Larson's order of February

18 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19 04049-SGL and CV 05-02727]."

20 **INTERROGATORY NO. 35:**

21           State all facts that support YOUR contention, if YOU so contend, that

22 YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

23 BRYANT to MATTEL when BRYANT performed work or services with or for

24 MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

25 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

26 such facts.

27 **RESPONSE TO INTERROGATORY NO. 35:**

28           MGA (Mexico) incorporates by reference its General Response and

25

EXHIBIT **78** PAGE **1058**

1   General Objections above, as though fully set forth herein and specifically

2   incorporates General Objection No. 7 (regarding Definitions), including but not

3   limited to its objections to the definitions of the terms IDENTIFY and REFER OR

4   RELATE TO, and further objects on the ground that the interrogatory is overbroad,

5   unduly burdensome, vague and ambiguous both generally and specifically with

6   respect to the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of

7   example, the term YOU as defined by Mattel could be read to require MGA

8   (Mexico) to state all facts supporting why each of the responding parties "did not aid

9   or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to

10  MATTEL," thereby rendering the interrogatory impermissibly compound.  MGA

11  (Mexico) also objects to this interrogatory to the extent it seeks information that is

12  not subject to disclosure under any applicable privilege, doctrine or immunity,

13  including without limitation the attorney-client privilege, the work product doctrine,

14  the right of privacy, and all other privileges recognized under the constitutional,

15  statutory or decisional law of the United States of America, the State of California or

16  any other applicable jurisdiction.  MGA (Mexico) further objects to the interrogatory

17  to the extent it calls for a legal conclusion.

18        MGA (Mexico) further objects on the ground that this interrogatory is

19  an overbroad and unduly burdensome contention interrogatory to the extent it asks

20  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

21  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

22  requests seeking "all facts, documents, and witnesses that support the denial of a

23  statement or allegation of fact" because the "universe of potentially responsive

24  information is almost endless").

25        MGA (Mexico) further objects to the extent that this interrogatory seeks

26  information that is outside MGA (Mexico)'s knowledge and is not in MGA

27  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

28  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

26

EXHIBIT __78__ PAGE |059

1  and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

2      MGA (Mexico) further objects to this interrogatory because Mattel has

3  propounded more than 50 interrogatories.  Under Judge Larson's order of February

4  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5  04049-SGL and CV 05-02727]."

6  **INTERROGATORY NO. 36:**

7      State all facts that support YOUR contention, if YOU so contend, that

8  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

9  not own any rights in any BRATZ INVENTION when BRYANT purported to

10  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

11  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

12  RELATE TO such facts.

13  **RESPONSE TO INTERROGATORY NO. 36:**

14      MGA (Mexico) incorporates by reference its General Response and

15  General Objections above, as though fully set forth herein and specifically

16  incorporates General Objection No. 7 (regarding Definitions), including but not

17  limited to its objections to the definitions of BRATZ INVENTION, IDENTIFY and

18  REFER OR RELATE TO, and further objects on the grounds that the interrogatory

19  is overbroad, unduly burdensome, vague and ambiguous both generally and

20  specifically with respect to the terms YOU, BRYANT, MGA, TRANSFER,

21  MATTEL and ACQUIRE.  In particular, by way of example, the term YOU as

22  defined by Mattel could be read to require MGA (Mexico) to state all facts

23  supporting why each of the responding parties "acted with an innocent state of

24  mind," thereby rendering the interrogatory impermissibly compound.  MGA

25  (Mexico) also objects to this interrogatory to the extent it seeks information that is

26  not subject to disclosure under any applicable privilege, doctrine or immunity,

27  including without limitation the attorney-client privilege, the work product doctrine,

28  the right of privacy, and all other privileges recognized under the constitutional,

EXHIBIT **78** PAGE **1060**

1  statutory or decisional law of the United States of America, the State of California or

2  any other applicable jurisdiction.

3         Subject to and without waiving the foregoing objections, MGA

4  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

5  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

6  responses to MGA's First Set of Interrogatories.

7  **INTERROGATORY NO. 37:**

8         State all facts that support YOUR contention, if YOU so contend, that

9  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

10  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

11  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

12  such facts.

13  **RESPONSE TO INTERROGATORY NO. 37:**

14         MGA (Mexico) incorporates by reference its General Response and

15  General Objections above, as though fully set forth herein and specifically

16  incorporates General Objection No. 7 (regarding Definitions), including but not

17  limited to its objections to the definitions of the terms INVENTIONS

18  AGREEMENT, BRATZ and REFER OR RELATE TO, and further objects on the

19  ground that the interrogatory is overbroad, unduly burdensome, vague and

20  ambiguous both generally and specifically with respect to the terms YOUR, YOU,

21  BRYANT, MGA and TRANSFER.  MGA (Mexico) also objects to this interrogatory

22  to the extent it seeks information that is not subject to disclosure under any

23  applicable privilege, doctrine or immunity, including without limitation the attorney-

24  client privilege, the work product doctrine, the right of privacy, and all other

25  privileges recognized under the constitutional, statutory or decisional law of the

26  United States of America, the State of California or any other applicable jurisdiction.

27  MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

28  conclusion.  MGA (Mexico) further objects to the interrogatory on the ground that

28

EXHIBIT **7 8** PAGE **1061**

1  Mattel – not MGA (Mexico) – bears the burden of proof to show that Bryant

2  breached the INVENTIONS AGREEMENT.

3       MGA (Mexico) further objects on the ground that this interrogatory is

4  an overbroad and unduly burdensome contention interrogatory to the extent it asks

5  for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco*

6  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

7  requests seeking "all facts, documents, and witnesses that support the denial of a

8  statement or allegation of fact" because the "universe of potentially responsive

9  information is almost endless"). MGA (Mexico) further objects on the ground that it

10  is an abuse of the discovery process to effectively ask a Party to prove his, her or its

11  entire case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas*

12  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

13  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

14  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

15  to marshal all evidence, in response to one interrogatory" is overbroad and

16  "constitutes an abuse of the discovery process").

17       MGA (Mexico) further objects to the extent that this interrogatory seeks

18  information that is outside MGA (Mexico)'s knowledge and is not in MGA

19  (Mexico)'s possession, custody, or control. In particular, MGA (Mexico) objects to

20  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

21  and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added). In

22  responding to this interrogatory, MGA (Mexico) undertakes only to make a good

23  faith, reasonable effort to summarize facts currently known to it, and reserves the

24  right to supplement its response.

25       MGA (Mexico) further objects to this interrogatory because Mattel has

26  propounded more than 50 interrogatories. Under Judge Larson's order of February

27  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

28  04049-SGL and CV 05-02727]."

EXHIBIT **78** PAGE **1062**

1     Subject to and without waiving the foregoing objections, MGA

2 (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

3 Mattel regarding this interrogatory and the obligation of Mattel to supplement its

4 responses to MGA's First Set of Interrogatories.

5 **INTERROGATORY NO. 38:**

6     State all facts that support YOUR contention, if YOU so contend, that

7 BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

8 when BRYANT performed work or services with or for MGA while BRYANT was

9 employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

10 and all DOCUMENTS that REFER OR RELATE TO such facts.

11 **RESPONSE TO INTERROGATORY NO. 38:**

12     MGA (Mexico) incorporates by reference its General Response and

13 General Objections above, as though fully set forth herein and specifically

14 incorporates General Objection No. 7 (regarding Definitions), including but not

15 limited to its objections to the definitions of the terms IDENTIFY and REFER OR

16 RELATE TO,  and further objects on the ground that the interrogatory is overbroad,

17 unduly burdensome, vague and ambiguous both generally and specifically with

18 respect to the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA

19 (Mexico) also objects to this interrogatory to the extent it seeks information that is

20 not subject to disclosure under any applicable privilege, doctrine or immunity,

21 including without limitation the attorney-client privilege, the work product doctrine,

22 the right of privacy, and all other privileges recognized under the constitutional,

23 statutory or decisional law of the United States of America, the State of California or

24 any other applicable jurisdiction.  MGA (Mexico) further objects to the interrogatory

25 to the extent it calls for a legal conclusion.  MGA (Mexico) further objects to the

26 interrogatory on the ground that Mattel – not MGA (Mexico) – bears the burden of

27 proof to show that Bryant breached any duties, fiduciary or otherwise, to Mattel.

28     MGA (Mexico) further objects on the ground that this interrogatory is

30

EXHIBIT 78 PAGE 1063

1  an overbroad and unduly burdensome contention interrogatory to the extent it asks

2  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

3  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

4  requests seeking "all facts, documents, and witnesses that support the denial of a

5  statement or allegation of fact" because the "universe of potentially responsive

6  information is almost endless").  MGA (Mexico) further objects on the ground that it

7  is an abuse of the discovery process to effectively ask a Party to prove his, her or his

8  entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*

9  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

10  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

11  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

12  to marshal all evidence, in response to one interrogatory" is overbroad and

13  "constitutes an abuse of the discovery process").

14      MGA (Mexico) further objects to the extent that this interrogatory seeks

15  information that is outside MGA (Mexico)'s knowledge and is not in MGA

16  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

17  this interrogatory to the extent that it requests that MGA (Mexico) "state all facts …

18  and IDENTIFY all PERSONS…and all DOCUMENTS" (emphasis added).  In

19  responding to this interrogatory, MGA (Mexico) undertakes only to make a good

20  faith, reasonable effort to summarize facts currently known to it, and reserves the

21  right to supplement its response.

22      MGA (Mexico) further objects to this interrogatory because Mattel has

23  propounded more than 50 interrogatories.  Under Judge Larson's order of February

24  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

25  04049-SGL and CV 05-02727]."

26      Subject to and without waiving the foregoing objections, MGA

27  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

28  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

31

EXHIBIT **78** PAGE **1064**

1  responses to MGA's First Set of Interrogatories.

2  **INTERROGATORY NO. 39:**

3      IDENTIFY each and every bank or financial institution account that

4  REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR

5  benefit, since January 1, 1999.

6  **RESPONSE TO INTERROGATORY NO. 39:**

7      MGA (Mexico) incorporates by reference its General Response and

8  General Objections above, as though fully set forth herein and specifically

9  incorporates General Objection No. 7 (regarding Definitions), including but not

10  limited to its objections to the definitions of the terms IDENTIFY and REFERS OR

11  RELATES TO, and further objects on the ground that the interrogatory is overbroad,

12  unduly burdensome, vague and ambiguous both generally and specifically with

13  respect to the terms YOU and YOUR.  MGA (Mexico) also objects to this

14  interrogatory to the extent it seeks information that is not subject to disclosure under

15  any applicable privilege, doctrine or immunity, including without limitation the

16  attorney-client privilege, the work product doctrine, the right of privacy, and all other

17  privileges recognized under the constitutional, statutory or decisional law of the

18  United States of America, the State of California or any other applicable jurisdiction.

19  MGA (Mexico) further objects to this interrogatory as premature asset discovery

20  under Federal Rule of Civil Procedure 69(a), as there is presently no judgment for

21  the payment of money pending against MGA (Mexico).  MGA (Mexico) further

22  objects on the grounds that it is overbroad, not relevant to the claims or defenses of

23  any party to the action and not reasonably calculated to lead to the discovery of

24  admissible evidence.

25  **INTERROGATORY NO. 40:**

26      IDENTIFY each and every STORAGE DEVICE that YOU have used

27  for any purpose which contains or contained DIGITAL INFORMATION that

28  REFERS OR RELATES TO BRATZ prior to January 1, 2002.

EXHIBIT __78__ PAGE __1065__

32

**RESPONSE TO INTERROGATORY NO. 40:**

MGA (Mexico) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO and BRATZ, and further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL INFORMATION.  MGA (Mexico) further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses.  Specifically, MGA (Mexico) objects to the terms IDENTIFY and STORAGE DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA (Mexico) to provide numerous discrete facts for each STORAGE DEVICE, including:

      (a)    the individual(s) that use or have used the STORAGE DEVICE;

      (b)    the current location of the STORAGE DEVICE;

      (c)    the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

      (d)    the type of STORAGE DEVICE;

      (e)    whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image and the IDENTITY of the PERSONS who possess such copies or image);

      (f)    the date(s) on which such copies or images were made;

      (g)    the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

      (h)    the technical specifications and capacities of such STORAGE

EXHIBIT **78** PAGE **1066**

1  DEVICE.

2      In addition, Mattel's definition of YOU could be read to require MGA

3  (Mexico) to provide the foregoing information about STORAGE DEVICES

4  belonging to each of the responding parties.

5      MGA (Mexico) also objects to this interrogatory to the extent it seeks

6  information that is not subject to disclosure under any applicable privilege, doctrine

7  or immunity, including without limitation the attorney-client privilege, the work

8  product doctrine, the right of privacy, and all other privileges recognized under the

9  constitutional, statutory or decisional law of the United States of America, the State

10  of California or any other applicable jurisdiction. MGA (Mexico) further objects to

11  the interrogatory on the ground that it is premature because the invention, creation,

12  conception, or reduction to practice of Bratz (and related issues) will be the subject

13  of expert testimony at trial. MGA (Mexico) objects to this interrogatory to the extent

14  it seeks to limit the expert testimony that MGA (Mexico) may seek to introduce at

15  trial. MGA (Mexico) will identify its experts and make related disclosures in

16  accordance with the Court's orders and applicable rules. MGA (Mexico) further

17  objects to the extent that this interrogatory seeks information that is outside of MGA

18  (Mexico)'s knowledge and is not in MGA (Mexico)'s possession, custody or control.

19      MGA (Mexico) further objects to this interrogatory because Mattel has

20  propounded more than 50 interrogatories. Under Judge Larson's order of February

21  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

22  04049-SGL and CV 05-02727]."

23      Subject to and without waiving the foregoing objections, MGA

24  (Mexico) responds as follows: MGA (Mexico) is willing to meet and confer with

25  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

26  responses to MGA's First Set of Interrogatories.

27  **INTERROGATORY NO. 41:**

28      IDENTIFY all PERSONS who at any time have been employed by or

34

EXHIBIT **78** PAGE **1067**

1  under contract with MATTEL who are now or have been employed by or under
2  contract with YOU since January 1, 1999, and, for each such PERSON, state his or
3  her name, date of hire or effective date of contract, the date on which YOU first had
4  contact with such PERSON regarding potential employment or contracting, the
5  date(s) on which such PERSON was interviewed for possible employment or
6  contracting, each title (if any) such PERSON has held while employed by or under
7  contract with YOU, and the date of termination (if applicable).

8  **RESPONSE TO INTERROGATORY NO. 41:**

9     MGA (Mexico) incorporates by reference its General Response and
10 General Objections above, as though fully set forth herein and specifically
11 incorporates General Objection No. 7 (regarding Definitions), including but not
12 limited to its objections to the definitions of the term IDENTIFY and further objects
13 to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague
14 and ambiguous both generally and specifically with respect to the terms YOU.
15 MGA (Mexico) also objects to this interrogatory to the extent it seeks information
16 that is not subject to disclosure under any applicable privilege, doctrine or immunity,
17 including without limitation the attorney-client privilege, the work product doctrine,
18 the right of privacy, and all other privileges recognized under the constitutional,
19 statutory or decisional law of the United States of America, the State of California or
20 any other applicable jurisdiction.

21
22
23
24
25
26
27      EXHIBIT **18** PAGE **1068**
28

35

1     Subject to and without waiving the foregoing objections, MGA

2   (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

3   Mattel regarding this interrogatory and the obligation of Mattel to supplement its

4   responses to MGA's First Set of Interrogatories.

5     AS TO OBJECTIONS ONLY:

6

7   DATED:  November 15, 2007

8                          SKADDEN, ARPS, SLATE, MEAGHER &
                           FLOM, LLP

9                          By: _____
                                    Thomas J. Nolan
10                         Attorneys for Counter-Defendants, MGA
                           ENTERTAINMENT, INC., ISAAC LARIAN,
11                         MGA ENTERTAINMENT (HK) LIMITED,
                           AND MGAE de MEXICO S.R.L. de C.V.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        EXHIBIT __78__ PAGE __1069__

28

---

36