EXHIBIT 79

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:    tnolan@skadden.com
           hposner@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
Telephone:  (212) 735-3000
Facsimile:   (212) 735-2000
E-mail:     kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>            Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation<br><br>            Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**ISAAC LARIAN'S OBJECTIONS AND RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES**<br><br>Honorable Stephen G. Larson<br>Courtroom 1 |

EXHIBIT __79__ PAGE __1070__

| | |
|---|---|
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  March 3, 2008 |

**PROPOUNDING PARTY:**     **MATTEL, INC.  ("Mattel")**

**RESPONDING PARTY:**     **ISAAC LARIAN**

**SET NUMBER:**     **REVISED THIRD**

EXHIBIT __79__ PAGE __1071__

LARIAN'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES     NO. CV 04-9049 SGL (RNBx)

## PRELIMINARY STATEMENT

Isaac Larian ("Larian") hereby serves his objections to Mattel's Revised Third Set of Interrogatories.  Larian is not yet in a position to serve his substantive responses to Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of Larian's representation from prior counsel of record to Skadden, Arps.  Larian intends to supplement his objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Revised Third Set of Interrogatories as soon as he is in a position to do so and after he has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

The General Response set forth herein applies to all responses that Larian is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of Larian's discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  Mattel has produced almost no documents to date and has produced no documents from its Zeus computer system, and has not provided other discovery responses, including without limitation supplemental responses to its March 7, 2005, responses to MGA's First Set of Interrogatories (which responses were comprised almost entirely of objections).  It is

1

EXHIBIT **79** PAGE **107**

1  anticipated that further discovery, independent investigation, and legal research and

2  analysis will supply additional facts and meaning to the known facts, as well as

3  establish entirely new factual conclusions, all of which may lead Larian to discover

4  other information responsive to these Interrogatories.  Larian therefore reserves the

5  right to amend or supplement this Response at any time in light of future

6  investigation, research or analysis, and also expressly reserves the right to rely on, at

7  any time, including trial, subsequently discovered information omitted from this

8  Response as a result of mistake, error, oversight or inadvertence.  Larian does not

9  hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

10  characterization contained in the Interrogatories or any particular request therein,

11  even where Larian has not otherwise objected to a particular interrogatory, or has

12  agreed to provide information responsive to a particular interrogatory.

13       No incidental or implied admissions are intended by this Response.

14  These responses should not be taken as an admission that Larian accepts or admits

15  the existence of any facts set forth or assumed by any instruction, definition or

16  interrogatory.

17                **GENERAL OBJECTIONS**

18       Larian responds to these Interrogatories subject to the following general

19  objections and limitations, each of which is incorporated into each and every

20  response as though fully set forth therein:

21         1.    Larian objects to these Interrogatories to the extent they seek

22  information that is not subject to disclosure under any applicable privilege, doctrine

23  or immunity, including without limitation the attorney-client privilege, the work

24  product doctrine, the right of privacy, and all other privileges recognized under the

25  constitutional, statutory or decisional law of the United States of America, the State

26  of California or any other applicable jurisdiction.

27         2.    Larian objects to these Interrogatories to the extent they seek

28  information not relevant to the claims or defenses of any party to this action and not

EXHIBIT **79** PAGE **1073**

1  reasonably calculated to lead to the discovery of admissible evidence.

2          3.      Larian objects to these Interrogatories to the extent they seek

3  information which by reason of public filing or otherwise is already in Mattel's

4  possession or is readily accessible to Mattel.

5          4.      Larian objects to these Interrogatories to the extent they seek the

6  disclosure of information (1) not currently within his possession, custody or control;

7  (2) that Larian cannot locate after a reasonably diligent search; or (3) that refer to

8  persons, entities, or events not known to Larian.

9          5.      Larian objects to these Interrogatories to the extent they are

10  overbroad and unduly burdensome.

11          6.      Larian objects to the definitions and instructions to the extent

12  such definitions and instructions purport to enlarge, expand, or alter in any way the

13  plain meaning and scope of any specific term or specific interrogatories on the

14  ground that such enlargement, expansion, or alteration renders such a term or request

15  vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

16          7.      Larian objects to the following definitions in these

17  Interrogatories:

18              (a)      Larian objects to the definition of the term "BRATZ"

19  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

20  designed to mislead and confuse the trier of fact.  The definition includes "any

21  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

22  or in part and regardless of what such project, product or doll is or has been also,

23  previously or subsequently called) and any product, doll or DESIGN or any portion

24  thereof that is now or has ever been known as, or sold or marketed under, the name

25  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

26  or DESIGN or portion thereof is or has been also, previously or subsequently called)

27  or that is now or has ever been marketed as part of the 'Bratz' line, and each version

28  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

3

EXHIBIT 79  PAGE 1074

LARIAN'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES        NO. CV 04-9049 SGL (RNBx)

1    By incorporating the definition of DESIGN, the overly broad definition of BRATZ

2    includes two-dimensional and three-dimensional representations, including "works,

3    designs, artwork, sketches, drawings, illustrations, representations, depictions,

4    blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

5    rotocasts, reductions to practice, developments, inventions and/or improvements . . .

6    ." (Definitions ¶ 8.)  These convoluted and multi-part definitions combine to render

7    the interrogatories vague, ambiguous and overly broad, and to include within the

8    term BRATZ things that do not fairly represent the Bratz line of dolls, accessories

9    and related products that are the subject of this case.  In responding to these

10   interrogatories, Larian will interpret the term BRATZ to mean the line of dolls

11   introduced by Larian to the market for sale in May or June of 2001 and subsequent

12   dolls, accessories and other products known as Bratz or associated by Larian with the

13   Bratz line of dolls;

14               (b)    Larian objects to the definition of the term "BRATZ

15   DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

16   burdensome, and designed to mislead and confuse the trier of fact.  The definition

17   includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

18   the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

19   "BRATZ DOLL" unintelligible because Larian cannot know, by way of example,

20   what dolls may "deal with, comment on, respond to, . . . or in any way pertain"

21   (Definitions¶ 20) to "BRATZ."  In responding to these interrogatories, Larian will

22   interpret the term "BRATZ DOLL" to mean the line of dolls introduced by Larian to

23   the market for sale in May or June of 2001 and subsequent dolls known as Bratz;

24               (c)    Larian objects to the definition of the term "CREATED"

25   (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly burdensome, and

26   designed to mislead and confuse the trier of fact.  The definition strays far from the

27   English meaning of the term "created" by including concepts such as "improved,"

28   "altered," "conceived of" and "reduced to practice."  Thus, by way of example, under

4

EXHIBIT 79 PAGE 1075

1   Mattel's definition of "CREATED," the jury could be misled into believing that a

2   person "CREATED" a particular thing when that person did not, but only slightly

3   altered or improved the thing.  In responding to these interrogatories, Larian will not

4   interpret the term "CREATED," but rather will respond using words contained

5   within the Mattel definition in their normal, accepted meaning;

6           (d)    Larian objects to the definition of the term "INVENTIONS

7   AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly broad and unduly

8   burdensome, and designed to mislead and confuse the trier of fact.  The definition

9   includes "any other version of such January 4, 1999 agreement."  In responding to

10  these interrogatories, Larian will interpret the term "INVENTIONS AGREEMENT"

11  to refer to the document Bates numbered M0001596;

12          (e)    Larian objects to the definition of the term "BRATZ

13  INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly

14  burdensome, and designed to mislead and confuse the trier of fact.  The definition

15  strays far from the English meaning of the term "invention" by including concepts

16  such as representation, idea, concept, work, process, procedure, plan, improvement,

17  design and development, none of which necessarily equate to an invention.  In

18  responding to these interrogatories, Larian will not interpret the term "BRATZ

19  INVENTION," but rather will respond using words contained within the Mattel

20  definition in their normal, accepted meaning.

21          (f)    Larian objects to the terms "IDENTIFY" or "IDENTITY"

22  (Definitions ¶ 28) as overbroad, unduly burdensome, vague, ambiguous, and

23  oppressive.  Mattel's definition of these terms inherently call for answers to multiple

24  discrete questions or subparts to questions.  For example, when those terms are used

25  to reference any BRATZ INVENTION, the use of those terms requests at least 10

26  different and distinct facts: (a) the Bates number of any document that "REFERS OR

27  RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual

28  author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

5

EXHIBIT 79 PAGE 1076

1   individual who contributed in any manner to the BRATZ INVENTION; (d) the form,

2   material and medium of the BRATZ INVENTION; (e) the title or name of the

3   BRATZ INVENTION; (f) the version, modification, revision or iteration number of

4   the BRATZ INVENTION; (g) the current location of the original of the BRATZ

5   INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

6   the last day on which the BRATZ INVENTION was CREATED; (j) whether the

7   entire invention was CREATED during the period of time listed in the Interrogatory

8   (and if not, which portions were created during, earlier, or later than the period of

9   time listed in the Interrogatory.)  Therefore, any interrogatory that includes or

10  incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and

11  should be posed as separate interrogatories.

12          (g)     Larian objects to the terms "any" and "REFER OR

13  RELATE TO" on the grounds and to the extent that they are overbroad, unduly

14  burdensome or are vague and ambiguous in the context of the interrogatories as

15  written and as those interrogatories would be plainly understood absent Mattel's

16  definitions.

17          8.     Larian objects to these interrogatories to the extent that they may

18  unfairly seek to restrict the facts on which Larian may rely at trial.  Discovery has

19  not been completed and Larian is not yet necessarily in possession of all the facts and

20  documents upon which Larian intends to rely.  All of the responses submitted

21  herewith are tendered to Mattel with the reservation that the responses are submitted

22  without limiting the evidence on which Larian may rely to support the contentions

23  and defenses that Larian may assert at the trial of this action and to rebut or impeach

24  the contentions, assertions and evidence that Mattel may present.  Larian reserves the

25  right to supplement or amend these responses at a future date.

26          9.     Larian objects to each interrogatory to the extent that it seeks

27  information that will be the subject of expert witness testimony and that is therefore

28  premature.

EXHIBIT **79** PAGE **1077**

6

10.     Larian objects to each interrogatory to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

11.     Larian objects to each interrogatory to the extent that it calls for a legal conclusion.

12.     Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these interrogatories.

13.     The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any interrogatory.  Larian reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, Larian objects to providing responses to interrogatories that can be derived from documents that have or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for Larian.

15.     In responding to these Interrogatories, Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure and any applicable local rule.

16.     To the extent Larian responds to an interrogatory, it does so without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation and any other time outside ordinary business hours was not done while he was working for Mattel.  Larian's response may not be taken as an admission that the information it provides in its response in any way reflects or evidences work performed by Mr. Bryant while he was working for Mattel or that Larian adopts or agrees with any fact or legal conclusion assumed, presumed or

7

EXHIBIT **19** PAGE **1018**

1  contained in Mattel's interrogatory.

2          17.    Larian objects to each of Mattel's interrogatories because Mattel

3  has propounded more than 50 interrogatories, including discrete subparts.  Under

4  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

5  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

6                          **SPECIFIC OBJECTIONS AND RESPONSES**

7          Without waiving or departing from its General Response and General

8  Objections, and specifically incorporating them in its response to each Interrogatory

9  below, Larian makes the following additional objections and responses to specific

10  Interrogatories:

11  **INTERROGATORY NO. 27:**

12          IDENTIFY each and every BRATZ INVENTION YOU contend was

13  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

14  INVENTION so identified state all facts that support YOUR contention that such

15  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

16  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

17  DOCUMENTS which REFER OR RELATE TO such facts.

18  **RESPONSE TO INTERROGATORY NO. 27:**

19          Larian incorporates by reference his General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection No. 7 (regarding the Definitions), including but not limited to his

22  objections to the definitions of the terms BRATZ INVENTION, CREATED,

23  IDENTIFY and REFER OR RELATES TO.  Larian further objects to this

24  interrogatory as compound because it contains discrete subparts that require separate,

25  distinct and multiple responses.  Specifically, Larian objects to the term IDENTIFY

26  as overbroad and unduly burdensome, as Mattel's definition of this term calls for

27  responses to multiple discrete subparts.  For example, Mattel's definition of the term

28  IDENTIFY in the context of this interrogatory would require Larian to provide a

EXHIBIT **79** PAGE **1079**

1 multitude of discrete responses for each BRATZ INVENTION, including:

2         (a)    the Bates number of any document that "REFERS OR RELATES

3 TO the BRATZ INVENTION;"

4         (b)    the IDENTITY of the individual author or creator of the BRATZ

5 INVENTION;

6         (c)    the IDENTITY of each other individual who contributed in any

7 manner to the BRATZ INVENTION;

8         (d)    the form, material and medium of the BRATZ INVENTION;

9         (e)    the title or name of the BRATZ INVENTION;

10         (f)    the version, modification, revision or iteration number of the

11 BRATZ INVENTION;

12         (g)    the current location of the original of the BRATZ INVENTION;

13         (h)    the first day on which the BRATZ INVENTION was CREATED;

14         (i)    the last day on which the BRATZ INVENTION was CREATED;

15         (j)    whether the entire invention was CREATED during the period of

16 time listed in the Interrogatory (and if not, which portions were created during,

17 earlier, or later than the period of time listed in the Interrogatory).

18         This interrogatory is further compounded by Mattel's definition of

19 IDENTITY, which purports to require Larian to provide the following information

20 for each of the individuals Mattel is requesting that Larian identify with respect to

21 each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

22 (c) the current or last known business affiliation; (d) current or last known residential

23 address; (e) current or last known business address; (f) current or last known

24 relationship to Larian; and (g) current or last known telephone number.

25         Larian further objects to this interrogatory on the grounds that it is

26 overbroad, unduly burdensome, vague and ambiguous both generally and

27 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

28 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

EXHIBIT **79** PAGE **1080**

1 | INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

2 | RELATES TO, is so broad and over-inclusive that it could be read to include each

3 | and every thought, idea and conversation that anyone may have had about BRATZ

4 | during the time period at issue.

5 | Larian further objects to the extent that this interrogatory seeks

6 | information that is outside of Larian's knowledge and is not in Larian's possession,

7 | custody or control.  In particular, Larian objects to this interrogatory to the extent

8 | that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS ... and

9 | *all* DOCUMENTS" (emphasis added).

10 | Larian also objects to this interrogatory to the extent it seeks

11 | information that is not subject to disclosure under any applicable privilege, doctrine

12 | or immunity, including without limitation the attorney-client privilege, the work

13 | product doctrine, the right of privacy, and all other privileges recognized under the

14 | constitutional, statutory or decisional law of the United States of America, the State

15 | of California or any other applicable jurisdiction.  Larian further objects to the

16 | interrogatory on the ground that it is premature because the invention, creation,

17 | conception, or reduction to practice of Bratz (and related issues) will be the subject

18 | of expert testimony at trial.  Larian objects to this interrogatory to the extent it seeks

19 | to limit the expert testimony that Larian may seek to introduce at trial.  Larian will

20 | identify his experts and make related disclosures in accordance with the Court's

21 | orders and applicable rules.

22 | Larian further objects to this interrogatory because Mattel has

23 | propounded more than 50 interrogatories.  Under Judge Larson's order of February

24 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

25 | 04049-SGL and CV 05-02727]."

26 | Subject to and without waiving the foregoing objections, Larian

27 | responds as follows:  Larian is willing to meet and confer with Mattel regarding this

28 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First

10

EXHIBIT __79__ PAGE __1081__

1  Set of Interrogatories.

2  **INTERROGATORY NO. 28:**

3          IDENTIFY each and every BRATZ INVENTION YOU contend was

4  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

5  for each BRATZ INVENTION so identified state all FACTS that support YOUR

6  contention that such BRATZ INVENTION (or aspects or portions thereof) was

7  CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

8  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

9  RELATE TO such facts.

10  **RESPONSE TO INTERROGATORY NO. 28:**

11          Larian incorporates by reference his General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 7 (regarding the Definitions), including but not limited to his

14  objections to the definitions of the terms BRATZ INVENTION, CREATED,

15  IDENTIFY, and REFER OR RELATED TO.  Larian further objects to this

16  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

17  ambiguous both generally and specifically with respect to the term BRATZ

18  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

19  RELATES TO, is so broad and over-inclusive that it could be read to include each

20  and every thought, idea and conversation that anyone may have had about BRATZ

21  during the time period at issue.

22          Larian further objects to this interrogatory as compound because it

23  contains discrete subparts that require separate, distinct and multiple responses.

24  Specifically, Larian objects to the term IDENTIFY as overbroad and unduly

25  burdensome, as Mattel's definition of this term calls for responses to multiple

26  discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

27  context of this interrogatory would require Larian to provide a multitude of discrete

28  responses for each BRATZ INVENTION, including:

EXHIBIT **7 9** PAGE **10 8 2**

1    (a)    the Bates number of any document that "REFERS OR RELATES

2 TO the BRATZ INVENTION;"

3    (b)    the IDENTITY of the individual author or creator of the BRATZ

4 INVENTION;

5    (c)    the IDENTITY of each other individual who contributed in any

6 manner to the BRATZ INVENTION;

7    (d)    the form, material and medium of the BRATZ INVENTION;

8    (e)    the title or name of the BRATZ INVENTION;

9    (f)    the version, modification, revision or iteration number of the

10 BRATZ INVENTION;

11    (g)    the current location of the original of the BRATZ INVENTION;

12    (h)    the first day on which the BRATZ INVENTION was CREATED;

13    (i)    the last day on which the BRATZ INVENTION was CREATED;

14    (j)    whether the entire invention was CREATED during the period of

15 time listed in the Interrogatory (and if not, which portions were created during,

16 earlier, or later than the period of time listed in the Interrogatory).

17    This interrogatory is further compounded by Mattel's definition of

18 IDENTITY, which purports to require Larian to provide the following information

19 for each of the individuals Mattel is requesting that Larian identify with respect to

20 each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

21 (c) the current or last known business affiliation; (d) current or last known residential

22 address; (e) current or last known business address; (f) current or last known

23 relationship to Larian; and (g) current or last known telephone number.

24    Larian further objects to the extent that this interrogatory seeks

25 information that is outside of Larian's knowledge and is not in Larian's possession,

26 custody or control.  In particular, Larian objects to this interrogatory to the extent

27 that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS ... and

28 *all* DOCUMENTS" (emphasis added).

12    EXHIBIT 79  PAGE 1083

1        Larian also objects to this interrogatory to the extent it seeks

2   information that is not subject to disclosure under any applicable privilege, doctrine

3   or immunity, including without limitation the attorney-client privilege, the work

4   product doctrine, the right of privacy, and all other privileges recognized under the

5   constitutional, statutory or decisional law of the United States of America, the State

6   of California or any other applicable jurisdiction.

7        Larian further objects to the interrogatory on the ground that it is

8   premature because the invention, creation, conception, or reduction to practice of

9   Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

10  objects to this interrogatory to the extent it seeks to limit the expert testimony that

11  Larian may seek to introduce at trial.  Larian will identify his experts and make

12  related disclosures in accordance with the Court's orders and applicable rules.  Larian

13  further objects to the interrogatory as unduly burdensome, on the grounds that it

14  would require Larian to identify numerous documents that have already been

15  produced and are readily available to Mattel.

16       Larian further objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories.  Under Judge Larson's order of February

18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19  04049-SGL and CV 05-02727]."

20       Subject to and without waiving the foregoing objections, Larian

21  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

22  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

23  Set of Interrogatories.

24  **INTERROGATORY NO. 29:**

25       IDENTIFY each and every BRATZ INVENTION that was CREATED,

26  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

27  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

28  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

13

EXHIBIT **79** PAGE **1084**

1 | PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

2 | RELATE TO such facts.

3 | **RESPONSE TO INTERROGATORY NO. 29:**

4 | Larian incorporates by reference his General Response and General

5 | Objections above, as though fully set forth herein and specifically incorporates

6 | General Objection No. 7 (regarding Definitions), including but not limited to his

7 | objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

8 | OR RELATE TO, and IDENTIFY. Larian further objects to this interrogatory as

9 | compound because it contains discrete subparts that require separate, distinct and

10 | multiple responses. Specifically, Larian objects to the term IDENTIFY as overbroad

11 | and unduly burdensome, as Mattel's definition of this term calls for responses to

12 | multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY

13 | in the context of this interrogatory would require Larian to provide a multitude of

14 | discrete responses for each BRATZ INVENTION, including:

15 | (a) the Bates number of any document that "REFERS OR RELATES

16 | TO the BRATZ INVENTION;"

17 | (b) the IDENTITY of the individual author or creator of the BRATZ

18 | INVENTION;

19 | (c) the IDENTITY of each other individual who contributed in any

20 | manner to the BRATZ INVENTION;

21 | (d) the form, material and medium of the BRATZ INVENTION;

22 | (e) the title or name of the BRATZ INVENTION;

23 | (f) the version, modification, revision or iteration number of the

24 | BRATZ INVENTION;

25 | (g) the current location of the original of the BRATZ INVENTION;

26 | (h) the first day on which the BRATZ INVENTION was CREATED;

27 | (i) the last day on which the BRATZ INVENTION was CREATED;

28 | (j) whether the entire invention was CREATED during the period of

EXHIBIT **79** PAGE **1085**

14

1  time listed in the Interrogatory (and if not, which portions were created during,

2  earlier, or later than the period of time listed in the Interrogatory).

3        This interrogatory is further compounded by Mattel's definition of

4  IDENTITY, which purports to require Larian to provide the following information

5  for each of the individuals Mattel is requesting that Larian identify with respect to

6  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

7  (c) the current or last known business affiliation; (d) current or last known residential

8  address; (e) current or last known business address; (f) current or last known

9  relationship to Larian; and (g) current or last known telephone number.

10        Larian further objects to this interrogatory on the grounds that it is

11  overbroad, unduly burdensome, vague and ambiguous both generally and

12  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

13  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

14  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

15  RELATES TO, is so broad and over-inclusive that it could be read to include each

16  and every thought, idea and conversation that anyone may have had about BRATZ

17  during the time period at issue.

18        Larian further objects to the extent that this interrogatory seeks

19  information that is outside of Larian's knowledge and is not in Larian's possession,

20  custody or control.  In particular, Larian objects to this interrogatory to the extent

21  that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS … and

22  *all* DOCUMENTS" (emphasis added).

23        Larian also objects to this interrogatory to the extent it seeks

24  information that is not subject to disclosure under any applicable privilege, doctrine

25  or immunity, including without limitation the attorney-client privilege, the work

26  product doctrine, the right of privacy, and all other privileges recognized under the

27  constitutional, statutory or decisional law of the United States of America, the State

28  of California or any other applicable jurisdiction.

EXHIBIT **79** PAGE **1086**

1    Larian further objects to the interrogatory on the ground that it is

2  premature because the invention, creation, conception, or reduction to practice of

3  Bratz (and related issues) will be the subject of expert testimony at trial. Larian

4  objects to this interrogatory to the extent it seeks to limit the expert testimony that

5  Larian may seek to introduce at trial. Larian will identify his experts and make

6  related disclosures in accordance with the Court's orders and applicable rules. Larian

7  further objects to the interrogatory as unduly burdensome, on the grounds that it

8  would require Larian to identify numerous documents that have already been

9  produced and are readily available to Mattel.

10    Larian further objects to this interrogatory because Mattel has

11  propounded more than 50 interrogatories. Under Judge Larson's order of February

12  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

13  04049-SGL and CV 05-02727]."

14    Subject to and without waiving the foregoing objections, Larian

15  responds as follows: Larian is willing to meet and confer with Mattel regarding this

16  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

17  Set of Interrogatories.

18  **INTERROGATORY NO. 30:**

19    State all facts that support YOUR contention, if YOU so contend, that,

20  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

21  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

22  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

23  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

24  REFER OR RELATE TO such facts.

25  **RESPONSE TO INTERROGATORY NO. 30:**

26    Larian incorporates by reference his General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection No. 7 (regarding Definitions), including but not limited to his

16

EXHIBIT **79** PAGE **1087**

1  objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

2  AGREEMENT, IDENTIFY and REFER OR RELATE TO.  Larian also objects to

3  this interrogatory to the extent it seeks information that is not subject to disclosure

4  under any applicable privilege, doctrine or immunity, including without limitation

5  the attorney-client privilege, the work product doctrine, the right of privacy, and all

6  other privileges recognized under the constitutional, statutory or decisional law of

7  the United States of America, the State of California or any other applicable

8  jurisdiction.  Larian further objects to this interrogatory to the extent it calls for a

9  legal conclusion.  Larian further objects to the extent that this interrogatory seeks

10 information that is outside Larian's knowledge and is not in Larian's possession,

11 custody, or control.  In particular, Larian objects to this interrogatory to the extent

12 that it requests Larian to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*

13 DOCUMENTS" (emphasis added).

14        Larian further objects to the interrogatory on the grounds that it is

15 vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

16 hypothetical and therefore proceeds from the false premise that Bryant assigned

17 rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

18 AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan*, 125

19 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

20 interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

21 depends on, among other factual and legal factors, specifically which BRATZ

22 INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

23 which rights he assigned, which information is not provided in the incomplete

24 hypothetical scenario posited in this interrogatory.

25        Larian further objects to the interrogatory on the ground that it is

26 premature because the invention, creation, conception, or reduction to practice of

27 Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

28 objects to this interrogatory to the extent it seeks to limit the expert testimony that

17

EXHIBIT __79__ PAGE __1088__

1  Larian may seek to introduce at trial. Larian further objects on the grounds that the

2  interrogatory seeks information not relevant to any claim or defense in the action and

3  is not reasonably calculated to the discovery of admissible evidence because Larian

4  denies that Bryant assigned any such rights to Mattel.

5         Larian objects to this interrogatory because Mattel has propounded

6  more than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

7  "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

8  04049-SGL and CV 05-02727]."

9  **INTERROGATORY NO. 31:**

10         State all facts that support YOUR contention, if YOU so contend, that

11  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

12  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

13  RELATE TO such facts.

14  **RESPONSE TO INTERROGATORY NO. 31:**

15         Larian incorporates by reference his General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including but not limited to his

18  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

19  and REFER OR RELATE TO. Larian also objects to this interrogatory to the extent

20  it seeks information that is not subject to disclosure under any applicable privilege,

21  doctrine or immunity, including without limitation the attorney-client privilege, the

22  work product doctrine, the right of privacy, and all other privileges recognized under

23  the constitutional, statutory or decisional law of the United States of America, the

24  State of California or any other applicable jurisdiction. Larian also objects to this

25  interrogatory to the extent that it calls for a legal conclusion.

26         Larian objects that this interrogatory is an overbroad and unduly

27  burdensome contention interrogatory to the extent it asks for "all facts" which

28  supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron,*

18

EXHIBIT __79__ PAGE __1089__

1    181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

2    facts, documents, and witnesses that support the denial of a statement or allegation of

3    fact" because the "universe of potentially responsive information is almost endless").

4    Larian further objects to the extent that this interrogatory seeks information outside

5    of Larian's personal knowledge and is not in Larian's possession, custody or control.

6    In particular, Larian objects to this interrogatory to the extent that it requests that

7    Larian "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

8    (emphasis added).

9             Larian objects to this interrogatory because Mattel has propounded

10   more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

11   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

12   SGL and CV 05-02727]."

13            Subject to and without waiving the foregoing objections, Larian

14   responds as follows:  Larian is willing to meet and confer with Mattel regarding this

15   interrogatory and the obligation of Mattel to supplement its responses to MGA's First

16   Set of Interrogatories.

17   **INTERROGATORY NO. 32:**

18            State all facts that support YOUR contention, if YOU so contend, that

19   MATTEL is not or would not be entitled to injunctive relief as requested in its

20   COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

21   MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

22   with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

23   such facts.

24   **RESPONSE TO INTERROGATORY NO. 32:**

25            Larian incorporates by reference his General Response and General

26   Objections above, as though fully set forth herein and specifically incorporates

27   General Objection No. 7 (regarding Definitions), including but not limited to his

28   objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

EXHIBIT **79** PAGE **1090**

1 REFER OR RELATE TO, and further objects on the ground that the interrogatory is

2 overbroad, unduly burdensome, vague and ambiguous both generally and

3 specifically with respect to the terms YOUR, YOU, MATTEL. Larian also objects

4 to this interrogatory to the extent it seeks information that is not subject to disclosure

5 under any applicable privilege, doctrine or immunity, including without limitation

6 the attorney-client privilege, the work product doctrine, the right of privacy, and all

7 other privileges recognized under the constitutional, statutory or decisional law of

8 the United States of America, the State of California or any other applicable

9 jurisdiction. Larian further objects to the interrogatory on the ground that it is

10 premature because matters affecting Mattel's ability to obtain injunctive relief may

11 be the subject of expert testimony at trial. Larian objects to this interrogatory to the

12 extent it seeks to limit the expert testimony that Larian may seek to introduce at trial.

13 Larian will identify his experts and make related disclosures in accordance with the

14 Court's orders and applicable rules.

15       Larian notes that the issue of injunctive relief will be decided by the

16 Court after the conclusion of all jury deliberation relevant to the issue. Larian

17 believes accordingly that the Court's review of injunctive relief issue will not occur

18 until the conclusion of Phase 2.

19       Larian further objects on the ground that this interrogatory is an

20 overbroad and unduly burdensome contention interrogatory to the extent it asks for

21 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

22 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

23 requests seeking "all facts, documents, and witnesses that support the denial of a

24 statement or allegation of fact" because the "universe of potentially responsive

25 information is almost endless").

26       Larian further objects to the extent that this interrogatory seeks

27 information that is outside Larian's knowledge and is not in Larian's possession,

28 custody, or control. In particular, Larian objects to this interrogatory to the extent

EXHIBIT **7 9** PAGE **109 1**

1   that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

2   DOCUMENTS" (emphasis added).

3        Larian further objects to this interrogatory as it asks Larian to assume

4   facts contrary to evidence, and further asks it to base any response on an incomplete

5   and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125

6   F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

7   interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or would

8   or would not be "entitled to injunctive relief" depends on, among other factual and

9   legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found

10  to own, and whether and/or to what extent it is determined that any Bratz products

11  that have been produced and sold are derivative works of any such BRATZ

12  INVENTIONS, which information is not provided in the incomplete hypothetical

13  scenario posited in this interrogatory.  Larian also objects to this interrogatory on the

14  grounds that Mattel – not Larian – bears the burden of proof to show that it is entitled

15  to injunctive relief, if it is ultimately determined that Mattel owns one or more

16  BRATZ INVENTIONS.

17        Larian further objects to this interrogatory because Mattel has

18  propounded more than 50 interrogatories.  Under Judge Larson's order of February

19  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

20  04049-SGL and CV 05-02727]."

21  **INTERROGATORY NO. 33:**

22        State all facts that support YOUR contention, if YOU so contend, that

23  MATTEL is not entitled to an award of punitive or exemplary damages against

24  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

25  DOCUMENTS that REFER OR RELATE TO such facts.

26  **RESPONSE TO INTERROGATORY NO. 33:**

27        Larian incorporates by reference his General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

21

EXHIBIT __79__ PAGE __1092__

1  General Objection No. 7 (regarding Definitions), including but not limited to his

2  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

3  and further objects on the ground that the interrogatory is overbroad, unduly

4  burdensome, vague and ambiguous both generally and specifically with respect to

5  the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term

6  YOU as defined by Mattel could be read to require Larian to state all facts

7  supporting why Mattel is not entitled to an award of punitive damages against each

8  of the responding parties in this litigation, thereby rendering the interrogatory

9  impermissibly compound.  Larian also objects to this interrogatory to the extent it

10  seeks information that is not subject to disclosure under any applicable privilege,

11  doctrine or immunity, including without limitation the attorney-client privilege, the

12  work product doctrine, the right of privacy, and all other privileges recognized under

13  the constitutional, statutory or decisional law of the United States of America, the

14  State of California or any other applicable jurisdiction.  Larian further objects to the

15  interrogatory to the extent it calls for a legal conclusion.

16  Larian further objects on the ground that this interrogatory is an

17  overbroad and unduly burdensome contention interrogatory to the extent it asks for

18  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

19  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

20  requests seeking "all facts, documents, and witnesses that support the denial of a

21  statement or allegation of fact" because the "universe of potentially responsive

22  information is almost endless").

23  Larian further objects to the extent that this interrogatory seeks

24  information that is outside Larian's knowledge and is not in Larian's possession,

25  custody, or control.  In particular, Larian objects to this interrogatory to the extent

26  that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

27  DOCUMENTS" (emphasis added).

28  Larian also objects to this interrogatory on the grounds that Mattel – not

22

EXHIBIT **79** PAGE **1093**

1  Larian – bears the burden of proof to show that it is entitled to an award of punitive

2  or exemplary damages.

3       Larian further objects to this interrogatory because Mattel has

4  propounded more than 50 interrogatories.  Under Judge Larson's order of February

5  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

6  04049-SGL and CV 05-02727]."

7       Subject to and without waiving the foregoing objections, Larian

8  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

9  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

10  Set of Interrogatories.

11  **INTERROGATORY NO. 34:**

12       State all facts that support YOUR contention, if YOU so contend, that

13  YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

14  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

15  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

16  DOCUMENTS that REFER OR RELATE TO such facts.

17  **RESPONSE TO INTERROGATORY NO. 34:**

18       Larian incorporates by reference his General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 7 (regarding Definitions), including but not limited to his

21  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

22  and REFER OR RELATE TO, and further objects on the ground that the

23  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

24  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

25  TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

26  defined by Mattel could be read to require Larian to state all facts supporting why

27  each of the responding parties did not "intentionally interfere with the

28  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

1  compound.  Larian also objects to this interrogatory to the extent it seeks information

2  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

3  including without limitation the attorney-client privilege, the work product doctrine,

4  the right of privacy, and all other privileges recognized under the constitutional,

5  statutory or decisional law of the United States of America, the State of California or

6  any other applicable jurisdiction.  Larian further objects to the interrogatory to the

7  extent it calls for a legal conclusion.

8          Larian further objects on the ground that this interrogatory is an

9  overbroad and unduly burdensome contention interrogatory to the extent it asks for

10  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

11  *Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

12  requests seeking "all facts, documents, and witnesses that support the denial of a

13  statement or allegation of fact" because the "universe of potentially responsive

14  information is almost endless").

15          Larian further objects to the extent that this interrogatory seeks

16  information that is outside Larian's knowledge and is not in Larian's possession,

17  custody, or control.  In particular, Larian objects to this interrogatory to the extent

18  that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

19  DOCUMENTS" (emphasis added).

20          Larian further objects to this interrogatory because Mattel has

21  propounded more than 50 interrogatories.  Under Judge Larson's order of February

22  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

23  04049-SGL and CV 05-02727]."

24  **INTERROGATORY NO. 35:**

25          State all facts that support YOUR contention, if YOU so contend, that

26  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

27  BRYANT to MATTEL when BRYANT performed work or services with or for

28  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

1 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

2 such facts.

3 **RESPONSE TO INTERROGATORY NO. 35:**

4         Larian incorporates by reference his General Response and General

5 Objections above, as though fully set forth herein and specifically incorporates

6 General Objection No. 7 (regarding Definitions), including but not limited to his

7 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

8 and further objects on the ground that the interrogatory is overbroad, unduly

9 burdensome, vague and ambiguous both generally and specifically with respect to

10 the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

11 the term YOU as defined by Mattel could be read to require Larian to state all facts

12 supporting why each of the responding parties "did not aid or abet any breach of

13 fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

14 rendering the interrogatory impermissibly compound.  Larian also objects to this

15 interrogatory to the extent it seeks information that is not subject to disclosure under

16 any applicable privilege, doctrine or immunity, including without limitation the

17 attorney-client privilege, the work product doctrine, the right of privacy, and all other

18 privileges recognized under the constitutional, statutory or decisional law of the

19 United States of America, the State of California or any other applicable jurisdiction.

20 Larian further objects to the interrogatory to the extent it calls for a legal conclusion.

21         Larian further objects on the ground that this interrogatory is an

22 overbroad and unduly burdensome contention interrogatory to the extent it asks for

23 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

24 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

25 requests seeking "all facts, documents, and witnesses that support the denial of a

26 statement or allegation of fact" because the "universe of potentially responsive

27 information is almost endless").

28         Larian further objects to the extent that this interrogatory seeks

1 information that is outside Larian's knowledge and is not in Larian's possession,

2 custody, or control. In particular, Larian objects to this interrogatory to the extent

3 that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

4 DOCUMENTS" (emphasis added).

5          Larian further objects to this interrogatory because Mattel has

6 propounded more than 50 interrogatories. Under Judge Larson's order of February

7 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

8 04049-SGL and CV 05-02727]."

9 **INTERROGATORY NO. 36:**

10          State all facts that support YOUR contention, if YOU so contend, that

11 YOU acted with an innocent state of mind or reasonably believed that MATTEL did

12 not own any rights in any BRATZ INVENTION when BRYANT purported to

13 TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

14 all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

15 RELATE TO such facts.

16 **RESPONSE TO INTERROGATORY NO. 36:**

17          Larian incorporates by reference his General Response and General

18 Objections above, as though fully set forth herein and specifically incorporates

19 General Objection No. 7 (regarding Definitions), including but not limited to his

20 objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

21 RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

22 unduly burdensome, vague and ambiguous both generally and specifically with

23 respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

24 ACQUIRE. In particular, by way of example, the term YOU as defined by Mattel

25 could be read to require Larian to state all facts supporting why each of the

26 responding parties "acted with an innocent state of mind," thereby rendering the

27 interrogatory impermissibly compound. Larian also objects to this interrogatory to

28 the extent it seeks information that is not subject to disclosure under any applicable

1 | privilege, doctrine or immunity, including without limitation the attorney-client
2 | privilege, the work product doctrine, the right of privacy, and all other privileges
3 | recognized under the constitutional, statutory or decisional law of the United States
4 | of America, the State of California or any other applicable jurisdiction.

5 |    Subject to and without waiving the foregoing objections, Larian
6 | responds as follows:  Larian is willing to meet and confer with Mattel regarding this
7 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First
8 | Set of Interrogatories.

9 | **INTERROGATORY NO. 37:**

10 |    State all facts that support YOUR contention, if YOU so contend, that
11 | BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT
12 | purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS
13 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
14 | such facts.

15 | **RESPONSE TO INTERROGATORY NO. 37:**

16 |    Larian incorporates by reference his General Response and General
17 | Objections above, as though fully set forth herein and specifically incorporates
18 | General Objection No. 7 (regarding Definitions), including but not limited to his
19 | objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ
20 | and REFER OR RELATE TO, and further objects on the ground that the
21 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
22 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and
23 | TRANSFER.  Larian also objects to this interrogatory to the extent it seeks
24 | information that is not subject to disclosure under any applicable privilege, doctrine
25 | or immunity, including without limitation the attorney-client privilege, the work
26 | product doctrine, the right of privacy, and all other privileges recognized under the
27 | constitutional, statutory or decisional law of the United States of America, the State
28 | of California or any other applicable jurisdiction.  Larian further objects to the

1    interrogatory to the extent it calls for a legal conclusion.  Larian further objects to the

2    interrogatory on the ground that Mattel – not Larian – bears the burden of proof to

3    show that Bryant breached the INVENTIONS AGREEMENT.

4             Larian further objects on the ground that this interrogatory is an

5    overbroad and unduly burdensome contention interrogatory to the extent it asks for

6    "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

7    *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

8    requests seeking "all facts, documents, and witnesses that support the denial of a

9    statement or allegation of fact" because the "universe of potentially responsive

10   information is almost endless").  Larian further objects on the ground that it is an

11   abuse of the discovery process to effectively ask a Party to prove his, her or its entire

12   case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

13   *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

14   03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

15   that interrogatory that asks defendant to "plead and prove its entire case, and to

16   marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

17   an abuse of the discovery process").

18            Larian further objects to the extent that this interrogatory seeks

19   information that is outside Larian's knowledge and is not in Larian's possession,

20   custody, or control.  In particular, Larian objects to this interrogatory to the extent

21   that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

22   DOCUMENTS" (emphasis added).  In responding to this interrogatory, Larian

23   undertakes only to make a good faith, reasonable effort to summarize facts currently

24   known to it, and reserves the right to supplement its response.

25            Larian further objects to this interrogatory because Mattel has

26   propounded more than 50 interrogatories.  Under Judge Larson's order of February

27   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

28   04049-SGL and CV 05-02727]."

EXHIBIT __79__ PAGE __1099__

1  Subject to and without waiving the foregoing objections, Larian

2  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

3  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

4  Set of Interrogatories.

5  **INTERROGATORY NO. 38:**

6  State all facts that support YOUR contention, if YOU so contend, that

7  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

8  when BRYANT performed work or services with or for MGA while BRYANT was

9  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

10  and all DOCUMENTS that REFER OR RELATE TO such facts.

11  **RESPONSE TO INTERROGATORY NO. 38:**

12  Larian incorporates by reference his General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 7 (regarding Definitions), including but not limited to his

15  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

16  and further objects on the ground that the interrogatory is overbroad, unduly

17  burdensome, vague and ambiguous both generally and specifically with respect to

18  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  Larian also

19  objects to this interrogatory to the extent it seeks information that is not subject to

20  disclosure under any applicable privilege, doctrine or immunity, including without

21  limitation the attorney-client privilege, the work product doctrine, the right of

22  privacy, and all other privileges recognized under the constitutional, statutory or

23  decisional law of the United States of America, the State of California or any other

24  applicable jurisdiction.  Larian further objects to the interrogatory to the extent it

25  calls for a legal conclusion.  Larian further objects to the interrogatory on the ground

26  that Mattel – not Larian – bears the burden of proof to show that Bryant breached

27  any duties, fiduciary or otherwise, to Mattel.

28  Larian further objects on the ground that this interrogatory is an

29

EXHIBIT **79** PAGE **1100**

1  overbroad and unduly burdensome contention interrogatory to the extent it asks for

2  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

3  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

4  requests seeking "all facts, documents, and witnesses that support the denial of a

5  statement or allegation of fact" because the "universe of potentially responsive

6  information is almost endless").  Larian further objects on the ground that it is an

7  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

8  case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

9  *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

10  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

11  that interrogatory that asks defendant to "plead and prove its entire case, and to

12  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

13  an abuse of the discovery process").

14  Larian further objects to the extent that this interrogatory seeks

15  information that is outside Larian's knowledge and is not in Larian's possession,

16  custody, or control.  In particular, Larian objects to this interrogatory to the extent

17  that it requests that Larian "state all facts … and IDENTIFY all PERSONS…and all

18  DOCUMENTS" (emphasis added).  In responding to this interrogatory, Larian

19  undertakes only to make a good faith, reasonable effort to summarize facts currently

20  known to it, and reserves the right to supplement its response.

21  Larian further objects to this interrogatory because Mattel has

22  propounded more than 50 interrogatories.  Under Judge Larson's order of February

23  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

24  04049-SGL and CV 05-02727]."

25  Subject to and without waiving the foregoing objections, Larian

26  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

27  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

28  Set of Interrogatories.

EXHIBIT **79** PAGE **1101**

LARIAN'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)

**INTERROGATORY NO. 39:**

IDENTIFY each and every bank or financial institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR benefit, since January 1, 1999.

**RESPONSE TO INTERROGATORY NO. 39:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to his objections to the definitions of the terms IDENTIFY and REFERS OR RELATES TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU and YOUR. Larian also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this interrogatory as premature asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no judgment for the payment of money pending against Larian. Larian further objects on the grounds that it is overbroad, not relevant to the claims or defenses of any party to the action and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 40:**

IDENTIFY each and every STORAGE DEVICE that YOU have used for any purpose which contains or contained DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ prior to January 1, 2002.

**RESPONSE TO INTERROGATORY NO. 40:**

Larian incorporates by reference his General Response and General

31

EXHIBIT **19** PAGE **1102**

1  Objections above, as though fully set forth herein and specifically incorporates

2  General Objection No. 7 (regarding Definitions), including but not limited to his

3  objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO

4  and BRATZ, and further objects to this interrogatory on the grounds that it is

5  overbroad, unduly burdensome, vague and ambiguous both generally and

6  specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL

7  INFORMATION.   Larian further objects to this interrogatory as compound because

8  it contains discrete subparts that require separate, distinct and multiple responses.

9  Specifically, Larian objects to the terms IDENTIFY and STORAGE DEVICE as

10  overbroad and unduly burdensome, as Mattel's definition of this term calls for

11  responses to multiple discrete subparts.  For example, Mattel's definition of the term

12  IDENTIFY in the context of this interrogatory would require Larian to provide

13  numerous discrete facts for each STORAGE DEVICE, including:

14          (a)     the individual(s) that use or have used the STORAGE DEVICE;

15          (b)     the current location of the STORAGE DEVICE;

16          (c)     the IDENTITY of the PERSON who possesses the STORAGE

17  DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

18          (d)     the type of STORAGE DEVICE;

19          (e)     whether the STORAGE DEVICE has ever been copied or imaged

20  (and if so, the current location of each copy or image and the IDENTITY of the

21  PERSONS who possess such copies or image);

22          (f)     the date(s) on which such copies or images were made;

23          (g)     the manufacturer name, brand, model name, model number, and

24  serial number of the STORAGE DEVICE;

25          (h)     the technical specifications and capacities of such STORAGE

26  DEVICE.

27          In addition, Mattel's definition of YOU could be read to require Larian

28  to provide the foregoing information about STORAGE DEVICES belonging to each

1  of the responding parties.

2        Larian also objects to this interrogatory to the extent it seeks

3  information that is not subject to disclosure under any applicable privilege, doctrine

4  or immunity, including without limitation the attorney-client privilege, the work

5  product doctrine, the right of privacy, and all other privileges recognized under the

6  constitutional, statutory or decisional law of the United States of America, the State

7  of California or any other applicable jurisdiction.  Larian further objects to the

8  interrogatory on the ground that it is premature because the invention, creation,

9  conception, or reduction to practice of Bratz (and related issues) will be the subject

10  of expert testimony at trial.  Larian objects to this interrogatory to the extent it seeks

11  to limit the expert testimony that Larian may seek to introduce at trial.  Larian will

12  identify his experts and make related disclosures in accordance with the Court's

13  orders and applicable rules.  Larian further objects to the extent that this

14  interrogatory seeks information that is outside of Larian's knowledge and is not in

15  Larian's possession, custody or control.

16        Larian further objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories.  Under Judge Larson's order of February

18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19  04049-SGL and CV 05-02727]."

20        Subject to and without waiving the foregoing objections, Larian

21  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

22  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

23  Set of Interrogatories.

24  **INTERROGATORY NO. 41:**

25        IDENTIFY all PERSONS who at any time have been employed by or

26  under contract with MATTEL who are now or have been employed by or under

27  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

28  her name, date of hire or effective date of contract, the date on which YOU first had

1  contact with such PERSON regarding potential employment or contracting, the

2  date(s) on which such PERSON was interviewed for possible employment or

3  contracting, each title (if any) such PERSON has held while employed by or under

4  contract with YOU, and the date of termination (if applicable).

5  **RESPONSE TO INTERROGATORY NO. 41:**

6        Larian incorporates by reference his General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including but not limited to his

9  objections to the definitions of the term IDENTIFY and further objects to this

10  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

11  ambiguous both generally and specifically with respect to the terms YOU.  Larian

12  also objects to this interrogatory to the extent it seeks information that is not subject

13  to disclosure under any applicable privilege, doctrine or immunity, including without

14  limitation the attorney-client privilege, the work product doctrine, the right of

15  privacy, and all other privileges recognized under the constitutional, statutory or

16  decisional law of the United States of America, the State of California or any other

17  applicable jurisdiction.

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT **79** PAGE **1105**

LARIAN'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)

1    Subject to and without waiving the foregoing objections, Larian

2  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

3  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

4  Set of Interrogatories.

5    AS TO OBJECTIONS ONLY:

6

7  DATED:  November 15, 2007

8    SKADDEN, ARPS, SLATE, MEAGHER &
     FLOM, LLP

9    By: _____

10    Thomas J. Nolan
     Attorneys for Counter-Defendants, MGA

11   ENTERTAINMENT, INC., ISAAC LARIAN, MGA
     ENTERTAINMENT (HK) LIMITED, AND MGAE de

12   MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT **79** PAGE **1106**

LARIAN'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES        NO. CV 04-9049 SGL (RNBx)
201559-San Francisco Server 1A - MSW