EXHIBIT 80

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone: (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:   tnolan@skadden.com
             hposner@skadden.com
5
6  KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Times Square
7  New York, NY  10036
   Telephone: (212) 735-3000
8  Facsimile:  (212) 735-2000
   E-mail:    kplevan@skadden.com
9
   Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

                     EASTERN DIVISION

14 CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15              Plaintiff,             )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
16        v.                           )
                                       )  **MGA ENTERTAINMENT,**
17 MATTEL, INC., a Delaware            )  **INC.'S OBJECTIONS AND**
   corporation                         )  **RESPONSES TO MATTEL**
18                                     )  **INC.'S AMENDED FOURTH**
                Defendant.             )  **SET OF INTERROGATORIES**
19                                     )
                                       )
20                                     )
                                       )  Honorable Stephen G. Larson
21                                     )  Courtroom 1
                                       )
22  _____

23

24

25

26

27

28

EXHIBIT __80__ PAGE __1107__

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.

Discovery Cut-Off:  March 3, 2008

**PROPOUNDING PARTY:**     **MATTEL, INC.**

**RESPONDING PARTY:**     **MGA ENTERTAINMENT, INC.**

**SET NUMBER:**     **AMENDED FOURTH**

EXHIBIT __80__ PAGE __1108__

**PRELIMINARY STATEMENT**

1

2      MGA hereby serves its objections to Mattel's Amended Fourth Set of

3  Interrogatories.  MGA is not yet in a position to serve its substantive responses to

4  Mattel's Amended Fourth Set of Interrogatories, in part due to Mattel's failure to

5  provide meaningful document, deposition and other discovery and also the transition

6  of MGA's representation from prior counsel of record to Skadden, Arps.  MGA

7  intends to supplement its objections with substantive responses to the

8  unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth

9  Set of Interrogatories as soon as it is in a position to do so and after it has concluded

10  meet and confer sessions with Mattel, including with respect to Mattel's outstanding

11  discovery obligations.

12      MGA hereby serves its objections to Mattel's Amended Fourth Set of

13  Interrogatories.  MGA is not yet in a position to serve its substantive responses to

14  Mattel's Amended Fourth Set of Interrogatories, in part due to the transition of

15  MGA's representation from prior counsel of record to Skadden, Arps and also due to

16  Mattel's failure to provide meaningful document, deposition and other discovery.

17  MGA intends to supplement its objections with substantive responses to the

18  unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth

19  Set of Interrogatories as soon as it is in a position to do so.

20      The General Response set forth herein applies to all responses that

21  MGA is providing in response to these interrogatories (the "Interrogatories") or may

22  in the future provide in response to any discovery request in this action.  The

23  Response is made without waiving, or intending to waive but, on the contrary,

24  expressly reserving:  (a) the right to object, on the grounds of competency, privilege,

25  relevancy or materiality, or any other proper grounds, to the use of the Response, for

26  any purpose in whole or in part, in any subsequent step or proceeding in this action

27  or any other action; (b) the right to object on any and all grounds, at any time, to

28  other interrogatories or other discovery procedures; and (c) the right at any time to

1

EXHIBIT __80__ PAGE __1109__

1  revise, correct, add to, or clarify any of the responses propounded herein.

2         The Response reflects only the present state of MGA's discovery

3  regarding the information that Mattel seeks.  Discovery and other investigation or

4  research concerning this litigation are continuing.  It is anticipated that further

5  discovery, independent investigation, and legal research and analysis will supply

6  additional facts and meaning to the known facts, as well as establish entirely new

7  factual conclusions, all of which may lead MGA to discover other information

8  responsive to these Interrogatories.  MGA therefore reserves the right to amend or

9  supplement this Response at any time in light of future investigation, research or

10  analysis, and also expressly reserves the right to rely on, at any time, including trial,

11  subsequently discovered information omitted from this Response as a result of

12  mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

13  acquiesce in any factual or legal contention, assertion or characterization contained

14  in the Interrogatories or any particular request therein, even where MGA has not

15  otherwise objected to a particular interrogatory, or has agreed to provide information

16  responsive to a particular interrogatory.

17         No incidental or implied admissions are intended by this Response.

18  These responses should not be taken as an admission that MGA accepts or admits the

19  existence of any facts set forth or assumed by any instruction, definition or

20  interrogatory.

21              **GENERAL OBJECTIONS**

22         MGA responds to these Interrogatories subject to the following general

23  objections and limitations, each of which is incorporated into each and every

24  response as though fully set forth therein:

25         1.    MGA objects to these Interrogatories to the extent they seek

26  information that is not subject to disclosure under any applicable privilege, doctrine

27  or immunity, including without limitation the attorney-client privilege, the work

28  product doctrine, the right of privacy, and all other privileges recognized under the

2

EXHIBIT __80__ PAGE __110__

1  constitutional, statutory or decisional law of the United States of America, the State

2  of California or any other applicable jurisdiction.  MGA shall not produce such

3  information in response to Mattel's interrogatories.  Any disclosure of such protected

4  or privileged information is inadvertent and shall not be construed as a waiver of

5  those privileges or protections.  MGA reserves the right to correct the record with

6  regard to any such inadvertent disclosure, as provided for in the Protective Order

7  governing this case.

8          2.      MGA objects to these Interrogatories to the extent they seek

9  information not relevant to the claims or defenses of any party to this action and not

10  reasonably calculated to lead to the discovery of admissible evidence.

11          3.      MGA objects to these Interrogatories to the extent they seek

12  information which by reason of public filing or otherwise is already in Mattel's

13  possession or is readily accessible to Mattel.

14          4.      MGA objects to these Interrogatories to the extent they seek the

15  disclosure of information (1) not within its possession, custody or control; (2) that

16  MGA cannot locate after a reasonably diligent search; or (3) that refer to persons,

17  entities, or events not known to MGA.  Such instructions, definitions, or requests are

18  objectionable where they seek to require more of MGA than any obligation imposed

19  by the Federal Rules of Civil Procedure; subject MGA to unreasonable and undue

20  annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an

21  obligation to investigate or discover information or materials from sources equally

22  accessible to Mattel.

23          5.      MGA objects to these Interrogatories to the extent they are

24  overbroad and unduly burdensome.

25          6.      MGA objects to the definitions and instructions to the extent such

26  definitions and instructions purport to enlarge, expand, or alter in any way the plain

27  meaning and scope of any specific term or specific interrogatories on the ground that

28  such enlargement, expansion, or alteration renders such a term or request vague,

3

EXHIBIT __8o__ PAGE __|||__

1    ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

2       7.  MGA objects to the terms YOU, YOUR, BRYANT, LARIAN,

3    MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

4    BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ

5    MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE

6    TO on the grounds that these terms render the interrogatories overbroad, unduly

7    burdensome, vague and ambiguous and to the extent that they could be read to call

8    for legal conclusions in responding to the interrogatories, including, by way of

9    example and without limitation, as follows:

10      (a)  MGA objects to the definition of the term "BRATZ"

11   (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

12   designed to mislead and confuse the trier of fact.  The definition includes "any

13   project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

14   or in part and regardless of what such project, product or doll is or has been also,

15   previously or subsequently called) and any product, doll or DESIGN or any portion

16   thereof that is now or has ever been known as, or sold or marketed under, the name

17   or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

18   or DESIGN or portion thereof is or has been also, previously or subsequently called)

19   or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

20   version or iteration of such product, doll or DESIGN or any portion thereof," and it

21   goes on.  By incorporating the definition of DESIGN, the overly broad definition of

22   BRATZ includes two-dimensional and three-dimensional representations, including

23   "works, designs, artwork, sketches, drawings, illustrations, representations,

24   depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

25   samples, rotocasts, reductions to practice, developments, inventions and/or

26   improvements . . . ."  (Definitions ¶ 8.)  These convoluted and multi-part definitions

27   combine to render the interrogatories vague, ambiguous and overly broad, and to

28   include within the term BRATZ things that do not fairly represent the Bratz line of

4

EXHIBIT **80** PAGE **1112**

1   dolls, accessories and related products that are the subject of this case.  In responding

2   to these interrogatories, MGA will interpret the term BRATZ to mean the line of

3   dolls introduced by MGA to the market for sale in May or June of 2001 and

4   subsequent dolls, accessories and other products known as Bratz or associated by

5   MGA with the Bratz line of dolls;

6          (b)     MGA objects to the definition of the term "BRATZ

7   DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

8   burdensome, and designed to mislead and confuse the trier of fact.  The definition

9   includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

10  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

11  "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,

12  what dolls may "deal with, comment on, respond to, . . . or pertain" (Definitions ¶

13  17) to "BRATZ."  In responding to these interrogatories, MGA will interpret the

14  term "BRATZ DOLL" to mean the line of dolls introduced by MGA to the market

15  for sale in May or June of 2001 and subsequent dolls known as Bratz;

16         (c)     MGA objects to the definition of the term "BASED ON" as

17  vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

18  and confuse the trier of fact.  The definition strays far from the English meaning of

19  "based on" by including terms loaded with legal significance in intellectual property

20  law, such as "substantially similar to," or "a derivative of."  In responding to these

21  interrogatories, MGA will not interpret the term "BASED ON," but rather will

22  respond using "based on" in its normal accepted meaning.

23         (d)     MGA objects to the terms "IDENTIFY" or "IDENTITY"

24  as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's

25  definition of these terms inherently call for answers to multiple discrete questions or

26  subparts to questions.  For example, when those terms are used to reference any

27  BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct

28  facts: (a) the full name of the product; (b) the number of the product; (c) the SKU of

1  the number; (d) any other applicable designation of the product useful for

2  identification; (e) the period of time during which the product was, has been, or will

3  be sold; and (f) the identity of each person who has licensed from YOU the right to

4  sell such BRATZ PRODUCT. Therefore, any interrogatory that includes or

5  incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

6  should be posed as separate interrogatories.

7        (e)  MGA objects to the term "any" and "REFER OR RELATE

8  TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

9  and/or are vague and ambiguous in the context of the interrogatories as written and

10  as those interrogatories would be plainly understood absent Mattel's definitions.

11      8.  MGA objects to these interrogatories to the extent that they may

12  unfairly seek to restrict the facts on which MGA may rely at trial. Discovery has not

13  been completed and MGA is not yet necessarily in possession of all the facts and

14  documents upon which MGA intends to rely. All of the responses submitted

15  herewith are tendered to Mattel with the reservation that the responses are submitted

16  without limiting the evidence on which MGA may rely to support the contentions

17  and defenses that MGA may assert at the trial of this action and to rebut or impeach

18  the contentions, assertions and evidence that Mattel may present. MGA reserves the

19  right to supplement or amend these responses at a future date.

20      9.  MGA objects to each interrogatory to the extent that it seeks

21  information that will be the subject of expert witness testimony and that is therefore

22  premature.

23      10.  In responding to these interrogatories, MGA has not and will not

24  comply with any instructions or definitions that seek to impose requirements in

25  addition to those imposed by the Federal Rules of Civil Procedure and any applicable

26  local rule, any orders entered by the Court in this Action, or other applicable law.

27      11.  Consistent with Rule 33(d) of the Federal Rules of Civil

28  Procedure, MGA objects to providing responses to interrogatories that can be

EXHIBIT __80__ PAGE 114

1   derived from documents that have or will be produced (when requested in

2   compliance with Rule 26) and where the burden to derive such information is

3   substantially the same for Mattel as it is for MGA.

4        12.    MGA objects to each interrogatory to the extent that it seeks the

5   disclosure of confidential, proprietary, or trade-secret information.

6        13.    MGA objects to each interrogatory to the extent that it calls for a

7   legal conclusion.

8        14.    MGA objects to several of those interrogatories that appear to be

9   directed at other parties to the litigation and not to MGA, given the nature of the

10  claims asserted against MGA in this case.

11       15.    MGA reserves the right to object on any ground at any time to

12  such other or supplemental discovery requests as Mattel may propound involving or

13  relating to the same subject matter of these interrogatories.

14       16.    To the extent MGA responds to an interrogatory, it does so

15  without waiving or intending to waive but rather, on the contrary, preserving and

16  intending to preserve, its contention that anything Mr. Bryant did on weekends,

17  evenings, vacation and any other time outside ordinary business hours was not done

18  while he was working for Mattel.  MGA's response may not be taken as an admission

19  that the information it provides in its response in any way reflects or evidences work

20  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

21  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

22  interrogatory.

23       17.    MGA objects to each of Mattel's interrogatories because Mattel

24  has propounded more than 50 interrogatories, including discrete subparts.  Under

25  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

26  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

27       18.    MGA's responses are made based on its understanding and

28  interpretation of each interrogatory.  MGA reserves the right to supplement its

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT __80__ PAGE __115__

1 objections and responses should Mattel subsequently put forth an interpretation of

2 any interrogatory that differs from those of MGA.

3 **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

4       Without waiving or departing from its General Response and General

5 Objections, and specifically incorporating them in its response to each Interrogatory

6 below, MGA makes the following additional objections and responses to specific

7 Interrogatories:

8 **INTERROGATORY NO. 42:**

9       State all facts that support YOUR contention, if YOU so contend, that

10 any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

11 on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

12 such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

13 **RESPONSE TO INTERROGATORY NO. 42:**

14       MGA incorporates by reference its General Response and General

15 Objections above, as though fully set forth herein and specifically incorporates

16 General Objection No. 7 (regarding Definitions), including without limitation

17 MGA's objection to the definition of the terms BASED ON, BRATZ DOLLS,

18 BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and further objects to

19 this interrogatory on the ground that it is overbroad, unduly burdensome, vague and

20 ambiguous.

21       MGA also objects to this interrogatory to the extent it seeks information

22 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

23 including without limitation the attorney-client privilege, the work product doctrine,

24 the right of privacy, and all other privileges recognized under the constitutional,

25 statutory or decisional law of the United States of America, the State of California or

26 any other applicable jurisdiction.  MGA objects to this interrogatory to the extent it

27 calls for a legal conclusion.

28       MGA further objects to this interrogatory on the ground that it is

EXHIBIT __**80**__ PAGE __**1116**__

1  premature because the invention, creation, conception, or reduction to practice of

2  Bratz (and other legal concepts that may be relevant) will be the subject of expert

3  testimony at trial.  MGA objects to this interrogatory to the extent it seeks to limit the

4  expert testimony that MGA may seek to introduce at trial.  MGA will identify its

5  experts and make related disclosures in accordance with the Court's orders and

6  applicable rules.

7      MGA further objects to this interrogatory on the grounds that it seeks

8  information that is not relevant to the claims or defenses of any party to the action

9  and is not reasonably calculated to lead to the discovery of admissible evidence

10  because the INVENTIONS AGREEMENT executed by Carter Bryant in or around

11  January 1999, purports to state that any inventions conceived or reduced to practice

12  by him during his employment with Mattel would be owned by Mattel.  The

13  references to the conception and reduction to practice of an invention are terms of art

14  in patent law.  Accordingly, copyright law principles of substantial similarity,

15  copying, and derivative works are not relevant to the INVENTIONS AGREEMENT

16  which, by its terms, involves only principles of patent law.

17      MGA further objects that on the ground that this interrogatory is an

18  overbroad and unduly burdensome contention interrogatory to the extent it asks for

19  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

20  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

21  requests seeking "all facts, documents, and witnesses that support the denial of a

22  statement or allegation of fact" because the "universe of potentially responsive

23  information is almost endless").

24      MGA further objects to the extent that this interrogatory seeks

25  information that is outside MGA's knowledge and is not in MGA's possession,

26  custody, or control.  In particular, MGA objects to this interrogatory to the extent

27  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

28  DOCUMENTS" (emphasis added).

EXHIBIT  **80**  PAGE  **117**

1    MGA further objects to this interrogatory because Mattel has

2   propounded more than 50 interrogatories.  Under Judge Larson's order of February

3   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

4   04049-SGL and CV 05-02727]."

5   **INTERROGATORY NO. 43:**

6          For each concept, design, product, product packaging or other matter

7   that YOU contend MATTEL copied or infringed, including but not limited to those

8   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

9   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

10   Supplemental Responses to such Interrogatory), state the date that each such concept,

11   design, product, product packaging or other matter was conceived, and IDENTIFY

12   all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

13   TO, the foregoing.

14   **RESPONSE TO INTERROGATORY NO. 43:**

15          MGA incorporates by reference its General Response and General

16   Objections above, as though fully set forth herein and specifically incorporates

17   General Objection No. 7 (regarding Definitions), including without limitation its

18   objections to the terms IDENTIFY and REFER OR RELATE.

19          MGA also objects to this interrogatory to the extent it seeks information

20   that is not subject to disclosure under any applicable privilege, doctrine or immunity,

21   including without limitation the attorney-client privilege, the work product doctrine,

22   the right of privacy, and all other privileges recognized under the constitutional,

23   statutory or decisional law of the United States of America, the State of California or

24   any other applicable jurisdiction.  MGA further objects to the interrogatory to the

25   extent it calls for a legal conclusion.

26          MGA also objects to this interrogatory on the ground that it is premature

27   because the invention, creation, conception, or reduction to practice of Bratz (and

28   related issues) will be the subject of expert testimony at trial.  MGA objects to this

1   interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

2   to introduce at trial.  MGA will identify its experts and make related disclosures in

3   accordance with the Court's orders and applicable rules.

4          MGA further objects to this interrogatory to the extent that it seeks

5   information that is not relevant to the claims or defenses of any party to this action

6   and is not reasonably calculated to lead to the discovery of admissible evidence; the

7   term "conceived" is not a legal term of art that is relevant to MGA's affirmative

8   claims for false designation of origin, affiliation, association or sponsorship, unfair

9   competition, dilution, and unjust enrichment.

10         MGA further objects to the extent that this interrogatory seeks

11  information that is outside MGA's knowledge and is not in MGA's possession,

12  custody, or control.  In particular, MGA objects to this interrogatory to the extent

13  that it requests that MGA "IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

14  (emphasis added).

15         MGA further objects to this interrogatory because Mattel has

16  propounded more than 50 interrogatories.  Under Judge Larson's order of February

17  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

18  04049-SGL and CV 05-02727]."

19         Subject to and without waiving the foregoing objections, MGA

20  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

21  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

22  Set of Interrogatories.

23  **INTERROGATORY NO. 44:**

24         For each concept, design, product, product packaging or other matter

25  that YOU contend MATTEL copied or infringed, including but not limited to those

26  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

27  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

28  Supplemental Responses to such Interrogatory), state the date that each such concept,

1  design, product, product packaging or other matter was first fixed in any tangible

2  medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

3  and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

4  **RESPONSE TO INTERROGATORY NO. 44:**

5          MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection No. 7 (regarding Definitions), including without limitation its

8  objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to

9  this interrogatory to the extent it seeks information that is not subject to disclosure

10  under any applicable privilege, doctrine or immunity, including without limitation

11  the attorney-client privilege, the work product doctrine, the right of privacy, and all

12  other privileges recognized under the constitutional, statutory or decisional law of

13  the United States of America, the State of California or any other applicable

14  jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a

15  legal conclusion.

16          MGA also objects to this interrogatory on the ground that it is premature

17  because the invention, creation, conception, or reduction to practice of Bratz (and

18  related issues) will be the subject of expert testimony at trial.  MGA objects to this

19  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

20  to introduce at trial.  MGA will identify its experts and make related disclosures in

21  accordance with the Court's orders and applicable rules.

22          MGA further objects to this interrogatory to the extent that it seeks

23  information that is not relevant to the claims or defenses of any party to this action

24  and not reasonably calculated to lead to the discovery of admissible evidence

25  because the phrase "fixed in a tangible medium of expression" is a legal term of art

26  that does not have relevance to MGA's affirmative claims, which are for false

27  designation of origin, affiliation, association or sponsorship, unfair competition,

28  dilution, and unjust enrichment.

12

EXHIBIT __80__ PAGE 1120

1        MGA further objects to the extent that this interrogatory seeks

2   information that is outside MGA's knowledge and is not in MGA's possession,

3   custody, or control.  In particular, MGA objects to this interrogatory to the extent

4   that it requests that MGA "IDENTIFY all PERSONS…and all DOCUMENTS"

5   (emphasis added).

6        MGA further objects to this interrogatory because Mattel has

7   propounded more than 50 interrogatories.  Under Judge Larson's order of February

8   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

9   04049-SGL and CV 05-02727]."

10       Subject to and without waiving the foregoing objections, MGA

11  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

12  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

13  Set of Interrogatories.

14       AS TO OBJECTIONS ONLY:

15

16  DATED:  November 15, 2007

17

18               SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

19               By: _____

20                   Thomas J. Nolan
                 Attorneys for Counter-Defendants, MGA

21               ENTERTAINMENT, INC., ISAAC LARIAN,
                 MGA ENTERTAINMENT (HK) LIMITED,

22               AND MGAE de MEXICO S.R.L. de C.V.

23

24

25

26

27

28

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)
201550-San Francisco Server 1A - MSW

EXHIBIT  80  PAGE  121

EXHIBIT 81

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600
4 | E-mail:    tnolan@skadden.com
            hposner@skadden.com
5 |
KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
7 | New York, NY 10036
Telephone:   (212) 735-3000
8 | Facsimile:   (212) 735-2000
E-mail:    kplevan@skadden.com
9 |
Attorneys for Counter-Defendants,
10 | MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11 |

12 | **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**
13 |
**EASTERN DIVISION**

14 | CARTER BRYANT, an individual

15 |                         Plaintiff,

16 |         v.

17 | MATTEL, INC., a Delaware corporation

18 |
                        Defendant.
19 |

| CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case No. 04-9059 and Case No. 05-2727

**MGA ENTERTAINMENT (HK) LTD'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES**

Honorable Stephen G. Larson
Courtroom 1

20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

MGA HK'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES       NO. CV 04-9049 SGL
(RNBx)

EXHIBIT **81** PAGE **1122**

| | |
|---|---|
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  March 3, 2008 |

**PROPOUNDING PARTY:**     **MATTEL, INC.**

**RESPONDING PARTY:**     **MGA ENTERTAINMENT (HK) LTD.**

**SET NUMBER:**     **AMENDED FOURTH**

EXHIBIT 81 PAGE 1123

## **PRELIMINARY STATEMENT**

MGA Entertainment (HK) Ltd. ("MGA (HK)") hereby serves its objections to Mattel's Amended Fourth Set of Interrogatories.  MGA (HK) is not yet in a position to serve its substantive responses to Mattel's Amended Fourth Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of MGA (HK)'s representation from prior counsel of record to Skadden, Arps.  MGA (HK) intends to supplement its objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth Set of Interrogatories as soon as it is in a position to do so and after it has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

The General Response set forth herein applies to all responses that MGA (HK) is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA (HK)'s discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA (HK) to discover other information

1

EXHIBIT __81__  PAGE 1124

1   responsive to these Interrogatories.  MGA (HK) therefore reserves the right to amend

2   or supplement this Response at any time in light of future investigation, research or

3   analysis, and also expressly reserves the right to rely on, at any time, including trial,

4   subsequently discovered information omitted from this Response as a result of

5   mistake, error, oversight or inadvertence.  MGA (HK) does not hereby admit, adopt

6   or acquiesce in any factual or legal contention, assertion or characterization

7   contained in the Interrogatories or any particular request therein, even where MGA

8   (HK) has not otherwise objected to a particular interrogatory, or has agreed to

9   provide information responsive to a particular interrogatory.

10          No incidental or implied admissions are intended by this Response.

11  These responses should not be taken as an admission that MGA (HK) accepts or

12  admits the existence of any facts set forth or assumed by any instruction, definition

13  or interrogatory.

14                          **GENERAL OBJECTIONS**

15          MGA (HK) responds to these Interrogatories subject to the following

16  general objections and limitations, each of which is incorporated into each and every

17  response as though fully set forth therein:

18          1.      MGA (HK) objects to these Interrogatories to the extent they seek

19  information that is not subject to disclosure under any applicable privilege, doctrine

20  or immunity, including without limitation the attorney-client privilege, the work

21  product doctrine, the right of privacy, and all other privileges recognized under the

22  constitutional, statutory or decisional law of the United States of America, the State

23  of California or any other applicable jurisdiction.  MGA (HK) shall not produce such

24  information in response to Mattel's interrogatories.  Any disclosure of such protected

25  or privileged information is inadvertent and shall not be construed as a waiver of

26  those privileges or protections.  MGA (HK) reserves the right to correct the record

27  with regard to any such inadvertent disclosure, as provided for in the Protective

28

                                           2

1    Order governing this case.

2          2.    MGA (HK) objects to these Interrogatories to the extent they seek

3    information not relevant to the claims or defenses of any party to this action and not

4    reasonably calculated to lead to the discovery of admissible evidence.

5          3.    MGA (HK) objects to these Interrogatories to the extent they seek

6    information which by reason of public filing or otherwise is already in Mattel's

7    possession or is readily accessible to Mattel.

8          4.    MGA (HK) objects to these Interrogatories to the extent they seek

9    the disclosure of information (1) not within its possession, custody or control; (2)

10   that MGA (HK) cannot locate after a reasonably diligent search; or (3) that refer to

11   persons, entities, or events not known to MGA (HK).  Such instructions, definitions,

12   or requests are objectionable where they seek to require more of MGA (HK) than

13   any obligation imposed by the Federal Rules of Civil Procedure; subject MGA (HK)

14   to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek

15   to impose upon MGA (HK) an obligation to investigate or discover information or

16   materials from sources equally accessible to Mattel.

17         5.    MGA (HK) objects to these Interrogatories to the extent they are

18   overbroad and unduly burdensome.

19         6.    MGA (HK) objects to the definitions and instructions to the

20   extent such definitions and instructions purport to enlarge, expand, or alter in any

21   way the plain meaning and scope of any specific term or specific interrogatories on

22   the ground that such enlargement, expansion, or alteration renders such a term or

23   request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or

24   uncertain.

25         7.    MGA (HK) objects to the terms YOU, YOUR, BRYANT,

26   LARIAN, MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN,

27   DESIGNS, BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT,

28

1   BRATZ MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR

2   RELATE TO on the grounds that these terms render the interrogatories overbroad,

3   unduly burdensome, vague and ambiguous and to the extent that they could be read

4   to call for legal conclusions in responding to the interrogatories, including, by way of

5   example and without limitation, as follows:

6                        (a)     MGA (HK) objects to the definition of the term "BRATZ"

7   (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

8   designed to mislead and confuse the trier of fact.  The definition includes "any

9   project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

10  or in part and regardless of what such project, product or doll is or has been also,

11  previously or subsequently called) and any product, doll or DESIGN or any portion

12  thereof that is now or has ever been known as, or sold or marketed under, the name

13  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

14  or DESIGN or portion thereof is or has been also, previously or subsequently called)

15  or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

16  version or iteration of such product, doll or DESIGN or any portion thereof," and it

17  goes on.  By incorporating the definition of DESIGN, the overly broad definition of

18  BRATZ includes two-dimensional and three-dimensional representations, including

19  "works, designs, artwork, sketches, drawings, illustrations, representations,

20  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

21  samples, rotocasts, reductions to practice, developments, inventions and/or

22  improvements . . . ."  (Definitions ¶ 8.)  These convoluted and multi-part definitions

23  combine to render the interrogatories vague, ambiguous and overly broad, and to

24  include within the term BRATZ things that do not fairly represent the Bratz line of

25  dolls, accessories and related products that are the subject of this case.  In responding

26  to these interrogatories, MGA (HK) will interpret the term BRATZ to mean the line

27  of dolls introduced by MGA to the market for sale in May or June of 2001 and

28

EXHIBIT _81_ PAGE _1127_

1   subsequent dolls, accessories and other products known as Bratz or associated by

2   MGA (HK) with the Bratz line of dolls;

3                     (b)     MGA (HK) objects to the definition of the term "BRATZ

4   DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

5   burdensome, and designed to mislead and confuse the trier of fact. The definition

6   includes any doll that "REFERS OR RELATES TO BRATZ." Mattel's definition of

7   the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

8   "BRATZ DOLL" unintelligible because MGA (HK) cannot know, by way of

9   example, what dolls may "deal with, comment on, respond to, . . . or pertain"

10   (Definitions ¶ 17) to "BRATZ." In responding to these interrogatories, MGA (HK)

11   will interpret the term "BRATZ DOLL" to mean the line of dolls introduced by

12   MGA to the market for sale in May or June of 2001 and subsequent dolls known as

13   Bratz;

14                     (c)     MGA (HK) objects to the definition of the term "BASED

15   ON" as vague, ambiguous, overly broad and unduly burdensome, and designed to

16   mislead and confuse the trier of fact. The definition strays far from the English

17   meaning of "based on" by including terms loaded with legal significance in

18   intellectual property law, such as "substantially similar to," or "a derivative of." In

19   responding to these interrogatories, MGA (HK) will not interpret the term "BASED

20   ON," but rather will respond using "based on" in its normal accepted meaning.

21                     (d)     MGA (HK) objects to the terms "IDENTIFY" or

22   "IDENTITY" as overbroad, unduly burdensome, vague, ambiguous, and oppressive.

23   Mattel's definition of these terms inherently call for answers to multiple discrete

24   questions or subparts to questions. For example, when those terms are used to

25   reference any BRATZ PRODUCT, the use of those terms requests at least 6 different

26   and distinct facts: (a) the full name of the product; (b) the number of the product; (c)

27   the SKU of the number; (d) any other applicable designation of the product useful

28

EXHIBIT **81** PAGE **1128**

1  for identification; (e) the period of time during which the product was, has been, or

2  will be sold; and (f) the identity of each person who has licensed from YOU the right

3  to sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or

4  incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

5  should be posed as separate interrogatories.

6          (e)     MGA (HK) objects to the term "any" and "REFER OR

7  RELATE TO" on the grounds and to the extent that they are overbroad, unduly

8  burdensome, and/or are vague and ambiguous in the context of the interrogatories as

9  written and as those interrogatories would be plainly understood absent Mattel's

10  definitions.

11          8.     MGA (HK) objects to these interrogatories to the extent that they

12  may unfairly seek to restrict the facts on which MGA (HK) may rely at trial.

13  Discovery has not been completed and MGA (HK) is not yet necessarily in

14  possession of all the facts and documents upon which MGA (HK) intends to rely.

15  All of the responses submitted herewith are tendered to Mattel with the reservation

16  that the responses are submitted without limiting the evidence on which MGA (HK)

17  may rely to support the contentions and defenses that MGA (HK) may assert at the

18  trial of this action and to rebut or impeach the contentions, assertions and evidence

19  that Mattel may present.  MGA (HK) reserves the right to supplement or amend

20  these responses at a future date.

21          9.     MGA (HK) objects to each interrogatory to the extent that it

22  seeks information that will be the subject of expert witness testimony and that is

23  therefore premature.

24          10.    In responding to these interrogatories, MGA (HK) has not and

25  will not comply with any instructions or definitions that seek to impose requirements

26  in addition to those imposed by the Federal Rules of Civil Procedure and any

27  applicable local rule, any orders entered by the Court in this Action, or other

28

1    applicable law.

2      11. Consistent with Rule 33(d) of the Federal Rules of Civil

3    Procedure, MGA (HK) objects to providing responses to interrogatories that can be

4    derived from documents that have or will be produced (when requested in

5    compliance with Rule 26) and where the burden to derive such information is

6    substantially the same for Mattel as it is for MGA (HK).

7      12. MGA (HK) objects to each interrogatory to the extent that it

8    seeks the disclosure of confidential, proprietary, or trade-secret information.

9      13. MGA (HK) objects to each interrogatory to the extent that it calls

10   for a legal conclusion.

11     14. MGA (HK) objects to several of those interrogatories that appear

12   to be directed at other parties to the litigation and not to MGA (HK), given the nature

13   of the claims asserted against MGA (HK) in this case.

14     15. MGA (HK) reserves the right to object on any ground at any time

15   to such other or supplemental discovery requests as Mattel may propound involving

16   or relating to the same subject matter of these interrogatories.

17     16. To the extent MGA (HK) responds to an interrogatory, it does so

18   without waiving or intending to waive but rather, on the contrary, preserving and

19   intending to preserve, its contention that anything Mr. Bryant did on weekends,

20   evenings, vacation and any other time outside ordinary business hours was not done

21   while he was working for Mattel.  MGA (HK)'s response may not be taken as an

22   admission that the information it provides in its response in any way reflects or

23   evidences work performed by Mr. Bryant while he was working for Mattel or that

24   MGA (HK) adopts or agrees with any fact or legal conclusion assumed, presumed or

25   contained in Mattel's interrogatory.

26     17. MGA (HK) objects to each of Mattel's interrogatories because

27   Mattel has propounded more than 50 interrogatories, including discrete subparts.

28

MGA HK'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT **81** PAGE **1130**

1    Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50

2    for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

3           18.     MGA (HK)'s responses are made based on its understanding and

4    interpretation of each interrogatory. MGA (HK) reserves the right to supplement its

5    objections and responses should Mattel subsequently put forth an interpretation of

6    any interrogatory that differs from those of MGA (HK).

7    **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

8           Without waiving or departing from its General Response and General

9    Objections, and specifically incorporating them in its response to each Interrogatory

10   below, MGA (HK) makes the following additional objections and responses to

11   specific Interrogatories:

12   **INTERROGATORY NO. 42:**

13           State all facts that support YOUR contention, if YOU so contend, that

14   any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

15   on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

16   such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

17   **RESPONSE TO INTERROGATORY NO. 42:**

18           MGA (HK) incorporates by reference its General Response and General

19   Objections above, as though fully set forth herein and specifically incorporates

20   General Objection No. 7 (regarding Definitions), including without limitation MGA

21   (HK)'s objection to the definition of the terms BASED ON, BRATZ DOLLS,

22   BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and further objects to

23   this interrogatory on the ground that it is overbroad, unduly burdensome, vague and

24   ambiguous.

25           MGA (HK) also objects to this interrogatory to the extent it seeks

26   information that is not subject to disclosure under any applicable privilege, doctrine

27   or immunity, including without limitation the attorney-client privilege, the work

28

EXHIBIT __8 1__ PAGE __113__

1 product doctrine, the right of privacy, and all other privileges recognized under the

2 constitutional, statutory or decisional law of the United States of America, the State

3 of California or any other applicable jurisdiction.  MGA (HK) objects to this

4 interrogatory to the extent it calls for a legal conclusion.

5      MGA (HK) further objects to this interrogatory on the ground that it is

6 premature because the invention, creation, conception, or reduction to practice of

7 Bratz (and other legal concepts that may be relevant) will be the subject of expert

8 testimony at trial.  MGA (HK) objects to this interrogatory to the extent it seeks to

9 limit the expert testimony that MGA (HK) may seek to introduce at trial.  MGA

10 (HK) will identify its experts and make related disclosures in accordance with the

11 Court's orders and applicable rules.

12      MGA (HK) further objects to this interrogatory on the grounds that it

13 seeks information that is not relevant to the claims or defenses of any party to the

14 action and is not reasonably calculated to lead to the discovery of admissible

15 evidence because the INVENTIONS AGREEMENT executed by Carter Bryant in or

16 around January 1999, purports to state that any inventions conceived or reduced to

17 practice by him during his employment with Mattel would be owned by Mattel.  The

18 references to the conception and reduction to practice of an invention are terms of art

19 in patent law.  Accordingly, copyright law principles of substantial similarity,

20 copying, and derivative works are not relevant to the INVENTIONS AGREEMENT

21 which, by its terms, involves only principles of patent law.

22      MGA (HK) further objects that on the ground that this interrogatory is

23 an overbroad and unduly burdensome contention interrogatory to the extent it asks

24 for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

25 *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

26 requests seeking "all facts, documents, and witnesses that support the denial of a

27 statement or allegation of fact" because the "universe of potentially responsive

28

9

1 | information is almost endless").

2 | MGA (HK) further objects to the extent that this interrogatory seeks
3 | information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
4 | possession, custody, or control.  In particular, MGA (HK) objects to this
5 | interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and
6 | IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

7 | MGA (HK) further objects to this interrogatory because Mattel has
8 | propounded more than 50 interrogatories.  Under Judge Larson's order of February
9 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
10 | 04049-SGL and CV 05-02727]."

11 | **INTERROGATORY NO. 43:**

12 | For each concept, design, product, product packaging or other matter
13 | that YOU contend MATTEL copied or infringed, including but not limited to those
14 | identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
15 | Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
16 | Supplemental Responses to such Interrogatory), state the date that each such concept,
17 | design, product, product packaging or other matter was conceived, and IDENTIFY
18 | all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE
19 | TO, the foregoing.

20 | **RESPONSE TO INTERROGATORY NO. 43:**

21 | MGA (HK) incorporates by reference its General Response and General
22 | Objections above, as though fully set forth herein and specifically incorporates
23 | General Objection No. 7 (regarding Definitions), including without limitation its
24 | objections to the terms IDENTIFY and REFER OR RELATE.

25 | MGA (HK) also objects to this interrogatory to the extent it seeks
26 | information that is not subject to disclosure under any applicable privilege, doctrine
27 | or immunity, including without limitation the attorney-client privilege, the work

28 |

1  product doctrine, the right of privacy, and all other privileges recognized under the

2  constitutional, statutory or decisional law of the United States of America, the State

3  of California or any other applicable jurisdiction.  MGA (HK) further objects to the

4  interrogatory to the extent it calls for a legal conclusion.

5          MGA (HK) also objects to this interrogatory on the ground that it is

6  premature because the invention, creation, conception, or reduction to practice of

7  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

8  objects to this interrogatory to the extent it seeks to limit the expert testimony that

9  MGA (HK) may seek to introduce at trial.  MGA (HK) will identify its experts and

10  make related disclosures in accordance with the Court's orders and applicable rules.

11          MGA (HK) further objects to this interrogatory to the extent that it

12  seeks information that is not relevant to the claims or defenses of any party to this

13  action and is not reasonably calculated to lead to the discovery of admissible

14  evidence; the term "conceived" is not a legal term of art that is relevant to MGA

15  (HK)'s affirmative claims for false designation of origin, affiliation, association or

16  sponsorship, unfair competition, dilution, and unjust enrichment.

17          MGA (HK) further objects to the extent that this interrogatory seeks

18  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

19  possession, custody, or control.  In particular, MGA (HK) objects to this

20  interrogatory to the extent that it requests that MGA (HK) "IDENTIFY *all*

21  PERSONS…and *all* DOCUMENTS" (emphasis added).

22          MGA (HK) further objects to this interrogatory because Mattel has

23  propounded more than 50 interrogatories.  Under Judge Larson's order of February

24  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

25  04049-SGL and CV 05-02727]."

26          Subject to and without waiving the foregoing objections, MGA (HK)

27  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

28

11

EXHIBIT **81** PAGE **1134**

1  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

2  First Set of Interrogatories.

3  **INTERROGATORY NO. 44:**

4        For each concept, design, product, product packaging or other matter

5  that YOU contend MATTEL copied or infringed, including but not limited to those

6  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

7  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

8  Supplemental Responses to such Interrogatory), state the date that each such concept,

9  design, product, product packaging or other matter was first fixed in any tangible

10  medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

11  and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

12  **RESPONSE TO INTERROGATORY NO. 44:**

13        MGA (HK) incorporates by reference its General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection No. 7 (regarding Definitions), including without limitation its

16  objections to the terms IDENTIFY and REFER OR RELATE.  MGA (HK) also

17  objects to this interrogatory to the extent it seeks information that is not subject to

18  disclosure under any applicable privilege, doctrine or immunity, including without

19  limitation the attorney-client privilege, the work product doctrine, the right of

20  privacy, and all other privileges recognized under the constitutional, statutory or

21  decisional law of the United States of America, the State of California or any other

22  applicable jurisdiction.  MGA (HK) also objects to this interrogatory to the extent

23  that it calls for a legal conclusion.

24        MGA (HK) also objects to this interrogatory on the ground that it is

25  premature because the invention, creation, conception, or reduction to practice of

26  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

27  objects to this interrogatory to the extent it seeks to limit the expert testimony that

28

12

EXHIBIT **81** PAGE **1135**

1 | MGA (HK) may seek to introduce at trial. MGA (HK) will identify its experts and
2 | make related disclosures in accordance with the Court's orders and applicable rules.

3 |    MGA (HK) further objects to this interrogatory to the extent that it
4 | seeks information that is not relevant to the claims or defenses of any party to this
5 | action and not reasonably calculated to lead to the discovery of admissible evidence
6 | because the phrase "fixed in a tangible medium of expression" is a legal term of art
7 | that does not have relevance to MGA (HK)'s affirmative claims, which are for false
8 | designation of origin, affiliation, association or sponsorship, unfair competition,
9 | dilution, and unjust enrichment.

10 |    MGA (HK) further objects to the extent that this interrogatory seeks
11 | information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
12 | possession, custody, or control. In particular, MGA (HK) objects to this
13 | interrogatory to the extent that it requests that MGA (HK) "IDENTIFY all
14 | PERSONS…and all DOCUMENTS" (emphasis added).

15 |    MGA (HK) further objects to this interrogatory because Mattel has
16 | propounded more than 50 interrogatories. Under Judge Larson's order of February
17 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
18 | 04049-SGL and CV 05-02727]."

19 |    Subject to and without waiving the foregoing objections, MGA (HK)
20 | responds as follows: MGA (HK) is willing to meet and confer with Mattel regarding
21 | this interrogatory and the obligation of Mattel to supplement its responses to MGA's
22 | First Set of Interrogatories.

23 |    AS TO OBJECTIONS ONLY:

24 |
25 |
26 |
27 |
28 |

MGA HK'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT __81__ PAGE 1136

1 | DATED:  November 15, 2007

2

3 | SKADDEN, ARPS, SLATE, MEAGHER &
FLOM, LLP

4 | By: _____

5 | Thomas J. Nolan
Attorneys for Counter-Defendants, MGA

6 | ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,

7 | AND MGAE de MEXICO S.R.L. de C.V.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA HK'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES     NO. CV 04-9049 SGL
(RNBx)
201564-San Francisco Server 1A - MSW

EXHIBIT **81** PAGE **1137**

EXHIBIT 82

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:    tnolan@skadden.com
            hposner@skadden.com
5
   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Times Square
7  New York, NY  10036
   Telephone:  (212) 735-3000
8  Facsimile:  (212) 735-2000
   E-mail:    kplevan@skadden.com
9
   Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11
12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA
                     EASTERN DIVISION
14 CARTER BRYANT, an individual      )   CASE NO. CV 04-9049 SGL (RNBx)
                                     )
15              Plaintiff,           )   Consolidated with Case No. 04-9059
                                     )   and Case No. 05-2727
16      v.                           )
                                     )   **MGAE DE MEXICO S.R.L. DE**
17 MATTEL, INC., a Delaware          )   **C.V.'S OBJECTIONS AND**
   corporation                       )   **RESPONSES TO MATTEL'S**
18                                   )   **AMENDED FOURTH SET OF**
                Defendant.           )   **INTERROGATORIES**
19                                   )
20                                   )
                                     )   Honorable Stephen G. Larson
21                                   )   Courtroom 1
                                     )
22 ─────────────────────────────────)
23
24
25
26
27
28
   ─────────────────────────────────────────────────────────────────
   MGA MEXICO'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES   NO. CV 04-9049
   SGL (RNBx)

EXHIBIT **82** PAGE **1138**

| | | |
|---|---|---|
| 1 | | |
| 2 | Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. ) ) ) ) ) ) | Discovery Cut-Off:  March 3, 2008 |
| 3 | | |
| 4 | | |

**PROPOUNDING PARTY:**   MATTEL, INC.

**RESPONDING PARTY:**   MGAE DE MEXICO S.R.L. DE C.V.

**SET NUMBER:**   AMENDED FOURTH

EXHIBIT **82** PAGE **1139**

# **PRELIMINARY STATEMENT**

MGAE de Mexico S.R.L. de C. V., ("MGA (Mexico)") hereby serves its objections to Mattel's Amended Fourth Set of Interrogatories. MGA (Mexico) is not yet in a position to serve its substantive responses to Mattel's Amended Fourth Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of MGA (Mexico)'s representation from prior counsel of record to Skadden, Arps. MGA (Mexico) intends to supplement its objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth Set of Interrogatories as soon as it is in a position to do so and after it has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

The General Response set forth herein applies to all responses that MGA (Mexico) is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA (Mexico)'s discovery regarding the information that Mattel seeks. Discovery and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will

1

EXHIBIT **82** PAGE **1140**

1  supply additional facts and meaning to the known facts, as well as establish entirely

2  new factual conclusions, all of which may lead MGA (Mexico) to discover other

3  information responsive to these Interrogatories. MGA (Mexico) therefore reserves

4  the right to amend or supplement this Response at any time in light of future

5  investigation, research or analysis, and also expressly reserves the right to rely on, at

6  any time, including trial, subsequently discovered information omitted from this

7  Response as a result of mistake, error, oversight or inadvertence. MGA (Mexico)

8  does not hereby admit, adopt or acquiesce in any factual or legal contention,

9  assertion or characterization contained in the Interrogatories or any particular request

10  therein, even where MGA (Mexico) has not otherwise objected to a particular

11  interrogatory, or has agreed to provide information responsive to a particular

12  interrogatory.

13          No incidental or implied admissions are intended by this Response.

14  These responses should not be taken as an admission that MGA (Mexico) accepts or

15  admits the existence of any facts set forth or assumed by any instruction, definition

16  or interrogatory.

17                    **GENERAL OBJECTIONS**

18          MGA (Mexico) responds to these Interrogatories subject to the

19  following general objections and limitations, each of which is incorporated into each

20  and every response as though fully set forth therein:

21          1.    MGA (Mexico) objects to these Interrogatories to the extent they

22  seek information that is not subject to disclosure under any applicable privilege,

23  doctrine or immunity, including without limitation the attorney-client privilege, the

24  work product doctrine, the right of privacy, and all other privileges recognized under

25  the constitutional, statutory or decisional law of the United States of America, the

26  State of California or any other applicable jurisdiction. MGA (Mexico) shall not

27  produce such information in response to Mattel's interrogatories. Any disclosure of

28

2

EXHIBIT _82_ PAGE _1141_

1  such protected or privileged information is inadvertent and shall not be construed as

2  a waiver of those privileges or protections.  MGA (Mexico) reserves the right to

3  correct the record with regard to any such inadvertent disclosure, as provided for in

4  the Protective Order governing this case.

5              2.    MGA (Mexico) objects to these Interrogatories to the extent they

6  seek information not relevant to the claims or defenses of any party to this action and

7  not reasonably calculated to lead to the discovery of admissible evidence.

8              3.    MGA (Mexico) objects to these Interrogatories to the extent they

9  seek information which by reason of public filing or otherwise is already in Mattel's

10 possession or is readily accessible to Mattel.

11             4.    MGA (Mexico) objects to these Interrogatories to the extent they

12 seek the disclosure of information (1) not within its possession, custody or control;

13 (2) that MGA (Mexico) cannot locate after a reasonably diligent search; or (3) that

14 refer to persons, entities, or events not known to MGA (Mexico).  Such instructions,

15 definitions, or requests are objectionable where they seek to require more of MGA

16 (Mexico) than any obligation imposed by the Federal Rules of Civil Procedure;

17 subject MGA (Mexico) to unreasonable and undue annoyance, oppression, burden,

18 and expense; and/or seek to impose upon MGA (Mexico) an obligation to investigate

19 or discover information or materials from sources equally accessible to Mattel.

20             5.    MGA (Mexico) objects to these Interrogatories to the extent they

21 are overbroad and unduly burdensome.

22             6.    MGA (Mexico) objects to the definitions and instructions to the

23 extent such definitions and instructions purport to enlarge, expand, or alter in any

24 way the plain meaning and scope of any specific term or specific interrogatories on

25 the ground that such enlargement, expansion, or alteration renders such a term or

26 request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or

27 uncertain.

28

MGA MEXICO'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES    NO. CV 04-9049
SGL (RNBx)

EXHIBIT __82__ PAGE __1142__

1        7.    MGA (Mexico) objects to the terms YOU, YOUR, BRYANT,

2    LARIAN, MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN,

3    DESIGNS, BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT,

4    BRATZ MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR

5    RELATE TO on the grounds that these terms render the interrogatories overbroad,

6    unduly burdensome, vague and ambiguous and to the extent that they could be read

7    to call for legal conclusions in responding to the interrogatories, including, by way of

8    example and without limitation, as follows:

9        (a)    MGA (Mexico) objects to the definition of the term

10   "BRATZ" (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly

11   burdensome, and designed to mislead and confuse the trier of fact.  The definition

12   includes "any project, product, doll or DESIGN ever known by [the Bratz] name

13   (whether in whole or in part and regardless of what such project, product or doll is or

14   has been also, previously or subsequently called) and any product, doll or DESIGN

15   or any portion thereof that is now or has ever been known as, or sold or marketed

16   under, the name or term 'Bratz' (whether in whole or in part and regardless of what

17   such product, doll or DESIGN or portion thereof is or has been also, previously or

18   subsequently called) or that is now or has ever been sold or marketed as part of the

19   'Bratz' line, and each version or iteration of such product, doll or DESIGN or any

20   portion thereof," and it goes on.  By incorporating the definition of DESIGN, the

21   overly broad definition of BRATZ includes two-dimensional and three-dimensional

22   representations, including "works, designs, artwork, sketches, drawings, illustrations,

23   representations, depictions, blueprints, schematics, diagrams, images, sculptures,

24   prototypes, models, samples, rotocasts, reductions to practice, developments,

25   inventions and/or improvements . . . ."  (Definitions ¶ 8.)  These convoluted and

26   multi-part definitions combine to render the interrogatories vague, ambiguous and

27   overly broad, and to include within the term BRATZ things that do not fairly

28

EXHIBIT **82** PAGE **1143**

1 represent the Bratz line of dolls, accessories and related products that are the subject

2 of this case.  In responding to these interrogatories, MGA (Mexico) will interpret the

3 term BRATZ to mean the line of dolls introduced by MGA to the market for sale in

4 May or June of 2001 and subsequent dolls, accessories and other products known as

5 Bratz or associated by MGA (Mexico) with the Bratz line of dolls;

6          (b)    MGA (Mexico) objects to the definition of the term

7 "BRATZ DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

8 burdensome, and designed to mislead and confuse the trier of fact.  The definition

9 includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

10 the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

11 "BRATZ DOLL" unintelligible because MGA (Mexico) cannot know, by way of

12 example, what dolls may "deal with, comment on, respond to, . . . or pertain"

13 (Definitions ¶ 17) to "BRATZ."  In responding to these interrogatories, MGA

14 (Mexico) will interpret the term "BRATZ DOLL" to mean the line of dolls

15 introduced by MGA to the market for sale in May or June of 2001 and subsequent

16 dolls known as Bratz;

17          (c)    MGA (Mexico) objects to the definition of the term

18 "BASED ON" as vague, ambiguous, overly broad and unduly burdensome, and

19 designed to mislead and confuse the trier of fact.  The definition strays far from the

20 English meaning of "based on" by including terms loaded with legal significance in

21 intellectual property law, such as "substantially similar to," or "a derivative of."  In

22 responding to these interrogatories, MGA (Mexico) will not interpret the term

23 "BASED ON," but rather will respond using "based on" in its normal accepted

24 meaning.

25          (d)    MGA (Mexico) objects to the terms "IDENTIFY" or

26 "IDENTITY" as overbroad, unduly burdensome, vague, ambiguous, and oppressive.

27 Mattel's definition of these terms inherently call for answers to multiple discrete

28

EXHIBIT **82** PAGE **1144**

1  questions or subparts to questions.  For example, when those terms are used to

2  reference any BRATZ PRODUCT, the use of those terms requests at least 6 different

3  and distinct facts: (a) the full name of the product; (b) the number of the product; (c)

4  the SKU of the number; (d) any other applicable designation of the product useful

5  for identification; (e) the period of time during which the product was, has been, or

6  will be sold; and (f) the identity of each person who has licensed from YOU the right

7  to sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or

8  incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

9  should be posed as separate interrogatories.

10             (e)    MGA (Mexico) objects to the term "any" and "REFER OR

11  RELATE TO" on the grounds and to the extent that they are overbroad, unduly

12  burdensome, and/or are vague and ambiguous in the context of the interrogatories as

13  written and as those interrogatories would be plainly understood absent Mattel's

14  definitions.

15             8.    MGA (Mexico) objects to these interrogatories to the extent that

16  they may unfairly seek to restrict the facts on which MGA (Mexico) may rely at trial.

17  Discovery has not been completed and MGA (Mexico) is not yet necessarily in

18  possession of all the facts and documents upon which MGA (Mexico) intends to

19  rely.  All of the responses submitted herewith are tendered to Mattel with the

20  reservation that the responses are submitted without limiting the evidence on which

21  MGA (Mexico) may rely to support the contentions and defenses that MGA

22  (Mexico) may assert at the trial of this action and to rebut or impeach the

23  contentions, assertions and evidence that Mattel may present.  MGA (Mexico)

24  reserves the right to supplement or amend these responses at a future date.

25             9.    MGA (Mexico) objects to each interrogatory to the extent that it

26  seeks information that will be the subject of expert witness testimony and that is

27  therefore premature.

28

6

EXHIBIT **82** PAGE **1145**

10.     In responding to these interrogatories, MGA (Mexico) has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure and any applicable local rule, any orders entered by the Court in this Action, or other applicable law.

11.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MGA (Mexico) objects to providing responses to interrogatories that can be derived from documents that have or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA (Mexico).

12.     MGA (Mexico) objects to each interrogatory to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

13.     MGA (Mexico) objects to each interrogatory to the extent that it calls for a legal conclusion.

14.     MGA (Mexico) objects to several of those interrogatories that appear to be directed at other parties to the litigation and not to MGA (Mexico), given the nature of the claims asserted against MGA (Mexico) in this case.

15.     MGA (Mexico) reserves the right to object on any ground at any time to such other or supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these interrogatories.

16.     To the extent MGA (Mexico) responds to an interrogatory, it does so without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation and any other time outside ordinary business hours was not done while he was working for Mattel.  MGA (Mexico)'s response may not be taken as an admission that the information it provides in its response in any way reflects or evidences work performed by Mr. Bryant while he was working for Mattel or that

7

EXHIBIT **82** PAGE **1146**

1  MGA (Mexico) adopts or agrees with any fact or legal conclusion assumed,

2  presumed or contained in Mattel's interrogatory.

3         17.    MGA (Mexico) objects to each of Mattel's interrogatories

4  because Mattel has propounded more than 50 interrogatories, including discrete

5  subparts.  Under Judge Larson's order of February 22, 2007, "Interrogatories are

6  limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-

7  02727]."

8         18.    MGA (Mexico)'s responses are made based on its understanding

9  and interpretation of each interrogatory.  MGA (Mexico) reserves the right to

10 supplement its objections and responses should Mattel subsequently put forth an

11 interpretation of any interrogatory that differs from those of MGA (Mexico).

12 **<u>OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES</u>**

13         Without waiving or departing from its General Response and General

14 Objections, and specifically incorporating them in its response to each Interrogatory

15 below, MGA (Mexico) makes the following additional objections and responses to

16 specific Interrogatories:

17 **<u>INTERROGATORY NO. 42:</u>**

18         State all facts that support YOUR contention, if YOU so contend, that

19 any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

20 on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

21 such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

22 **<u>RESPONSE TO INTERROGATORY NO. 42:</u>**

23         MGA (Mexico) incorporates by reference its General Response and

24 General Objections above, as though fully set forth herein and specifically

25 incorporates General Objection No. 7 (regarding Definitions), including without

26 limitation MGA (Mexico)'s objection to the definition of the terms BASED ON,

27 BRATZ DOLLS, BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and

28

8

1  further objects to this interrogatory on the ground that it is overbroad, unduly

2  burdensome, vague and ambiguous.

3       MGA (Mexico) also objects to this interrogatory to the extent it seeks

4  information that is not subject to disclosure under any applicable privilege, doctrine

5  or immunity, including without limitation the attorney-client privilege, the work

6  product doctrine, the right of privacy, and all other privileges recognized under the

7  constitutional, statutory or decisional law of the United States of America, the State

8  of California or any other applicable jurisdiction.  MGA (Mexico) objects to this

9  interrogatory to the extent it calls for a legal conclusion.

10       MGA (Mexico) further objects to this interrogatory on the ground that it

11  is premature because the invention, creation, conception, or reduction to practice of

12  Bratz (and other legal concepts that may be relevant) will be the subject of expert

13  testimony at trial.  MGA (Mexico) objects to this interrogatory to the extent it seeks

14  to limit the expert testimony that MGA (Mexico) may seek to introduce at trial.

15  MGA (Mexico) will identify its experts and make related disclosures in accordance

16  with the Court's orders and applicable rules.

17       MGA (Mexico) further objects to this interrogatory on the grounds that

18  it seeks information that is not relevant to the claims or defenses of any party to the

19  action and is not reasonably calculated to lead to the discovery of admissible

20  evidence because the INVENTIONS AGREEMENT executed by Carter Bryant in or

21  around January 1999, purports to state that any inventions conceived or reduced to

22  practice by him during his employment with Mattel would be owned by Mattel.  The

23  references to the conception and reduction to practice of an invention are terms of art

24  in patent law.  Accordingly, copyright law principles of substantial similarity,

25  copying, and derivative works are not relevant to the INVENTIONS AGREEMENT

26  which, by its terms, involves only principles of patent law.

27       MGA (Mexico) further objects that on the ground that this interrogatory

28

9

1 is an overbroad and unduly burdensome contention interrogatory to the extent it asks

2 for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

3 *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

4 requests seeking "all facts, documents, and witnesses that support the denial of a

5 statement or allegation of fact" because the "universe of potentially responsive

6 information is almost endless").

7 　　　　MGA (Mexico) further objects to the extent that this interrogatory seeks

8 information that is outside MGA (Mexico)'s knowledge and is not in MGA

9 (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

10 this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

11 and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

12 　　　　MGA (Mexico) further objects to this interrogatory because Mattel has

13 propounded more than 50 interrogatories.  Under Judge Larson's order of February

14 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

15 04049-SGL and CV 05-02727]."

16 **INTERROGATORY NO. 43:**

17 　　　　For each concept, design, product, product packaging or other matter

18 that YOU contend MATTEL copied or infringed, including but not limited to those

19 identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

20 Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

21 Supplemental Responses to such Interrogatory), state the date that each such concept,

22 design, product, product packaging or other matter was conceived, and IDENTIFY

23 all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

24 TO, the foregoing.

25 **RESPONSE TO INTERROGATORY NO. 43:**

26 　　　　MGA (Mexico) incorporates by reference its General Response and

27 General Objections above, as though fully set forth herein and specifically

28

10

1  incorporates General Objection No. 7 (regarding Definitions), including without

2  limitation its objections to the terms IDENTIFY and REFER OR RELATE.

3       MGA (Mexico) also objects to this interrogatory to the extent it seeks

4  information that is not subject to disclosure under any applicable privilege, doctrine

5  or immunity, including without limitation the attorney-client privilege, the work

6  product doctrine, the right of privacy, and all other privileges recognized under the

7  constitutional, statutory or decisional law of the United States of America, the State

8  of California or any other applicable jurisdiction. MGA (Mexico) further objects to

9  the interrogatory to the extent it calls for a legal conclusion.

10       MGA (Mexico) also objects to this interrogatory on the ground that it is

11  premature because the invention, creation, conception, or reduction to practice of

12  Bratz (and related issues) will be the subject of expert testimony at trial. MGA

13  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

14  testimony that MGA (Mexico) may seek to introduce at trial. MGA (Mexico) will

15  identify its experts and make related disclosures in accordance with the Court's

16  orders and applicable rules.

17       MGA (Mexico) further objects to this interrogatory to the extent that it

18  seeks information that is not relevant to the claims or defenses of any party to this

19  action and is not reasonably calculated to lead to the discovery of admissible

20  evidence; the term "conceived" is not a legal term of art that is relevant to MGA

21  (Mexico)'s affirmative claims for false designation of origin, affiliation, association

22  or sponsorship, unfair competition, dilution, and unjust enrichment.

23       MGA (Mexico) further objects to the extent that this interrogatory seeks

24  information that is outside MGA (Mexico)'s knowledge and is not in MGA

25  (Mexico)'s possession, custody, or control. In particular, MGA (Mexico) objects to

26  this interrogatory to the extent that it requests that MGA (Mexico) "IDENTIFY *all*

27  PERSONS…and *all* DOCUMENTS" (emphasis added).

28

11

EXHIBIT **82** PAGE **1150**

1    MGA (Mexico) further objects to this interrogatory because Mattel has

2  propounded more than 50 interrogatories.  Under Judge Larson's order of February

3  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

4  04049-SGL and CV 05-02727]."

5    Subject to and without waiving the foregoing objections, MGA

6  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

7  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

8  responses to MGA's First Set of Interrogatories.

9  **INTERROGATORY NO. 44:**

10    For each concept, design, product, product packaging or other matter

11  that YOU contend MATTEL copied or infringed, including but not limited to those

12  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

13  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

14  Supplemental Responses to such Interrogatory), state the date that each such concept,

15  design, product, product packaging or other matter was first fixed in any tangible

16  medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

17  and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

18  **RESPONSE TO INTERROGATORY NO. 44:**

19    MGA (Mexico) incorporates by reference its General Response and

20  General Objections above, as though fully set forth herein and specifically

21  incorporates General Objection No. 7 (regarding Definitions), including without

22  limitation its objections to the terms IDENTIFY and REFER OR RELATE.  MGA

23  (Mexico) also objects to this interrogatory to the extent it seeks information that is

24  not subject to disclosure under any applicable privilege, doctrine or immunity,

25  including without limitation the attorney-client privilege, the work product doctrine,

26  the right of privacy, and all other privileges recognized under the constitutional,

27  statutory or decisional law of the United States of America, the State of California or

28

MGA MEXICO'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES    NO. CV 04-9049
SGL (RNBx)

EXHIBIT **82** PAGE **1151**

1   any other applicable jurisdiction.  MGA (Mexico) also objects to this interrogatory to
2   the extent that it calls for a legal conclusion.

3           MGA (Mexico) also objects to this interrogatory on the ground that it is
4   premature because the invention, creation, conception, or reduction to practice of
5   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA
6   (Mexico) objects to this interrogatory to the extent it seeks to limit the expert
7   testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will
8   identify its experts and make related disclosures in accordance with the Court's
9   orders and applicable rules.

10          MGA (Mexico) further objects to this interrogatory to the extent that it
11  seeks information that is not relevant to the claims or defenses of any party to this
12  action and not reasonably calculated to lead to the discovery of admissible evidence
13  because the phrase "fixed in a tangible medium of expression" is a legal term of art
14  that does not have relevance to MGA (Mexico)'s affirmative claims, which are for
15  false designation of origin, affiliation, association or sponsorship, unfair competition,
16  dilution, and unjust enrichment.

17          MGA (Mexico) further objects to the extent that this interrogatory seeks
18  information that is outside MGA (Mexico)'s knowledge and is not in MGA
19  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to
20  this interrogatory to the extent that it requests that MGA (Mexico) "IDENTIFY all
21  PERSONS...and all DOCUMENTS" (emphasis added).

22          MGA (Mexico) further objects to this interrogatory because Mattel has
23  propounded more than 50 interrogatories.  Under Judge Larson's order of February
24  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
25  04049-SGL and CV 05-02727]."

26          Subject to and without waiving the foregoing objections, MGA
27  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

28

13

EXHIBIT  82  PAGE 1152

1 | Mattel regarding this interrogatory and the obligation of Mattel to supplement its

2 | responses to MGA's First Set of Interrogatories.

3 |                 AS TO OBJECTIONS ONLY:

4 |

5 | DATED:  November 15, 2007

6 |

7 |                               SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

8 |                               By: _____

9 |                                         Thomas J. Nolan

10 |                               Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

MGA MEXICO'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)
201565-San Francisco Server 1A - MSW

EXHIBIT **82** PAGE **1153**