EXHIBIT 83

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:    tnolan@skadden.com
              hposner@skadden.com
5
   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Times Square
7  New York, NY  10036
   Telephone:  (212) 735-3000
8  Facsimile:  (212) 735-2000
   E-mail:    kplevan@skadden.com
9
   Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11
                    UNITED STATES DISTRICT COURT
12
                    CENTRAL DISTRICT OF CALIFORNIA
13
                         EASTERN DIVISION
14 CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                         )
15              Plaintiff,               )  Consolidated with Case No. 04-9059
                                         )  and Case No. 05-2727
16      v.                               )
                                         )  **ISAAC LARIAN'S**
17 MATTEL, INC., a Delaware              )  **OBJECTIONS AND**
   corporation                           )  **RESPONSES TO MATTEL'S**
18                                       )  **AMENDED FOURTH SET OF**
                Defendant.               )  **INTERROGATORIES**
19                                       )
                                         )
20                                       )
                                         )  Honorable Stephen G. Larson
21                                       )  Courtroom 1
                                         )
22
23
24
25
26
27
28

EXHIBIT **83** PAGE **1154**

## PRELIMINARY STATEMENT

Isaac Larian ("Larian") hereby serves his objections to Mattel's Amended Fourth Set of Interrogatories.  Larian is not yet in a position to serve his substantive responses to Mattel's Amended Fourth Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of Larian's representation from prior counsel of record to Skadden, Arps.  Larian intends to supplement his objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth Set of Interrogatories as soon as he is in a position to do so and after he has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

The General Response set forth herein applies to all responses that Larian is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of Larian's discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead Larian to discover other information

1

EXHIBIT **83** PAGE *1155*

1  responsive to these Interrogatories. Larian therefore reserves the right to amend or

2  supplement this Response at any time in light of future investigation, research or

3  analysis, and also expressly reserves the right to rely on, at any time, including trial,

4  subsequently discovered information omitted from this Response as a result of

5  mistake, error, oversight or inadvertence. Larian does not hereby admit, adopt or

6  acquiesce in any factual or legal contention, assertion or characterization contained

7  in the Interrogatories or any particular request therein, even where Larian has not

8  otherwise objected to a particular interrogatory, or has agreed to provide information

9  responsive to a particular interrogatory.

10        No incidental or implied admissions are intended by this Response.

11  These responses should not be taken as an admission that Larian accepts or admits

12  the existence of any facts set forth or assumed by any instruction, definition or

13  interrogatory.

## GENERAL OBJECTIONS

15        Larian responds to these Interrogatories subject to the following general

16  objections and limitations, each of which is incorporated into each and every

17  response as though fully set forth therein:

18        1.    Larian objects to these Interrogatories to the extent they seek

19  information that is not subject to disclosure under any applicable privilege, doctrine

20  or immunity, including without limitation the attorney-client privilege, the work

21  product doctrine, the right of privacy, and all other privileges recognized under the

22  constitutional, statutory or decisional law of the United States of America, the State

23  of California or any other applicable jurisdiction. Larian shall not produce such

24  information in response to Mattel's interrogatories. Any disclosure of such protected

25  or privileged information is inadvertent and shall not be construed as a waiver of

26  those privileges or protections. Larian reserves the right to correct the record with

27  regard to any such inadvertent disclosure, as provided for in the Protective Order

28

1  governing this case.

2        2.    Larian objects to these Interrogatories to the extent they seek

3  information not relevant to the claims or defenses of any party to this action and not

4  reasonably calculated to lead to the discovery of admissible evidence.

5        3.    Larian objects to these Interrogatories to the extent they seek

6  information which by reason of public filing or otherwise is already in Mattel's

7  possession or is readily accessible to Mattel.

8        4.    Larian objects to these Interrogatories to the extent they seek the

9  disclosure of information (1) not within his possession, custody or control; (2) that

10  Larian cannot locate after a reasonably diligent search; or (3) that refer to persons,

11  entities, or events not known to Larian.  Such instructions, definitions, or requests are

12  objectionable where they seek to require more of Larian than any obligation imposed

13  by the Federal Rules of Civil Procedure; subject Larian to unreasonable and undue

14  annoyance, oppression, burden, and expense; and/or seek to impose upon Larian an

15  obligation to investigate or discover information or materials from sources equally

16  accessible to Mattel.

17        5.    Larian objects to these Interrogatories to the extent they are

18  overbroad and unduly burdensome.

19        6.    Larian objects to the definitions and instructions to the extent

20  such definitions and instructions purport to enlarge, expand, or alter in any way the

21  plain meaning and scope of any specific term or specific interrogatories on the

22  ground that such enlargement, expansion, or alteration renders such a term or request

23  vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or

24  uncertain.

25        7.    Larian objects to the terms YOU, YOUR, BRYANT, LARIAN,

26  MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

27  BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ

28

3

EXHIBIT **83** PAGE **1157**

1   MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE

2   TO on the grounds that these terms render the interrogatories overbroad, unduly

3   burdensome, vague and ambiguous and to the extent that they could be read to call

4   for legal conclusions in responding to the interrogatories, including, by way of

5   example and without limitation, as follows:

6          (a)    Larian objects to the definition of the term "BRATZ"

7   (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

8   designed to mislead and confuse the trier of fact.  The definition includes "any

9   project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

10  or in part and regardless of what such project, product or doll is or has been also,

11  previously or subsequently called) and any product, doll or DESIGN or any portion

12  thereof that is now or has ever been known as, or sold or marketed under, the name

13  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

14  or DESIGN or portion thereof is or has been also, previously or subsequently called)

15  or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

16  version or iteration of such product, doll or DESIGN or any portion thereof," and it

17  goes on.  By incorporating the definition of DESIGN, the overly broad definition of

18  BRATZ includes two-dimensional and three-dimensional representations, including

19  "works, designs, artwork, sketches, drawings, illustrations, representations,

20  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

21  samples, rotocasts, reductions to practice, developments, inventions and/or

22  improvements . . . ."  (Definitions ¶ 8.)  These convoluted and multi-part definitions

23  combine to render the interrogatories vague, ambiguous and overly broad, and to

24  include within the term BRATZ things that do not fairly represent the Bratz line of

25  dolls, accessories and related products that are the subject of this case.  In responding

26  to these interrogatories, Larian will interpret the term BRATZ to mean the line of

27  dolls introduced by MGA to the market for sale in May or June of 2001 and

28

4

EXHIBIT __83__ PAGE __1158__

1  subsequent dolls, accessories and other products known as Bratz or associated by

2  Larian with the Bratz line of dolls;

3          (b)    Larian objects to the definition of the term "BRATZ

4  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

5  burdensome, and designed to mislead and confuse the trier of fact.  The definition

6  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

7  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

8  "BRATZ DOLL" unintelligible because Larian cannot know, by way of example,

9  what dolls may "deal with, comment on, respond to, . . . or pertain" (Definitions ¶

10  17) to "BRATZ."  In responding to these interrogatories, Larian will interpret the

11  term "BRATZ DOLL" to mean the line of dolls introduced by MGA to the market

12  for sale in May or June of 2001 and subsequent dolls known as Bratz;

13          (c)    Larian objects to the definition of the term "BASED ON"

14  as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

15  and confuse the trier of fact.  The definition strays far from the English meaning of

16  "based on" by including terms loaded with legal significance in intellectual property

17  law, such as "substantially similar to," or "a derivative of."  In responding to these

18  interrogatories, Larian will not interpret the term "BASED ON," but rather will

19  respond using "based on" in its normal accepted meaning.

20          (d)    Larian objects to the terms "IDENTIFY" or "IDENTITY"

21  as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's

22  definition of these terms inherently call for answers to multiple discrete questions or

23  subparts to questions.  For example, when those terms are used to reference any

24  BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct

25  facts: (a) the full name of the product; (b) the number of the product; (c) the SKU of

26  the number; (d) any other applicable designation of the product useful for

27  identification; (e) the period of time during which the product was, has been, or will

28

LARIAN'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES       NO. CV 04-9049 SGL
(RNBx)

EXHIBIT __83__ PAGE __1159__

1 | be sold; and (f) the identity of each person who has licensed from YOU the right to

2 | sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or

3 | incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

4 | should be posed as separate interrogatories.

5 |         (e)     Larian objects to the term "any" and "REFER OR

6 | RELATE TO" on the grounds and to the extent that they are overbroad, unduly

7 | burdensome, and/or are vague and ambiguous in the context of the interrogatories as

8 | written and as those interrogatories would be plainly understood absent Mattel's

9 | definitions.

10 |         8.      Larian objects to these interrogatories to the extent that they may

11 | unfairly seek to restrict the facts on which Larian may rely at trial.  Discovery has

12 | not been completed and Larian is not yet necessarily in possession of all the facts and

13 | documents upon which Larian intends to rely.  All of the responses submitted

14 | herewith are tendered to Mattel with the reservation that the responses are submitted

15 | without limiting the evidence on which Larian may rely to support the contentions

16 | and defenses that Larian may assert at the trial of this action and to rebut or impeach

17 | the contentions, assertions and evidence that Mattel may present.  Larian reserves the

18 | right to supplement or amend these responses at a future date.

19 |         9.      Larian objects to each interrogatory to the extent that it seeks

20 | information that will be the subject of expert witness testimony and that is therefore

21 | premature.

22 |         10.     In responding to these interrogatories, Larian has not and will not

23 | comply with any instructions or definitions that seek to impose requirements in

24 | addition to those imposed by the Federal Rules of Civil Procedure and any applicable

25 | local rule, any orders entered by the Court in this Action, or other applicable law.

26 |         11.     Consistent with Rule 33(d) of the Federal Rules of Civil

27 | Procedure, Larian objects to providing responses to interrogatories that can be

28 |

6

EXHIBIT __8.3__ PAGE __116o__

1  derived from documents that have or will be produced (when requested in

2  compliance with Rule 26) and where the burden to derive such information is

3  substantially the same for Mattel as it is for Larian.

4         12.    Larian objects to each interrogatory to the extent that it seeks the

5  disclosure of confidential, proprietary, or trade-secret information.

6         13.    Larian objects to each interrogatory to the extent that it calls for a

7  legal conclusion.

8         14.    Larian objects to several of those interrogatories that appear to be

9  directed at other parties to the litigation and not to Larian, given the nature of the

10  claims asserted against Larian in this case.

11         15.    Larian reserves the right to object on any ground at any time to

12  such other or supplemental discovery requests as Mattel may propound involving or

13  relating to the same subject matter of these interrogatories.

14         16.    To the extent Larian responds to an interrogatory, he does so

15  without waiving or intending to waive but rather, on the contrary, preserving and

16  intending to preserve, his contention that anything Mr. Bryant did on weekends,

17  evenings, vacation and any other time outside ordinary business hours was not done

18  while he was working for Mattel.  Larian's response may not be taken as an

19  admission that the information he provides in his response in any way reflects or

20  evidences work performed by Mr. Bryant while he was working for Mattel or that

21  Larian adopts or agrees with any fact or legal conclusion assumed, presumed or

22  contained in Mattel's interrogatory.

23         17.    Larian objects to each of Mattel's interrogatories because Mattel

24  has propounded more than 50 interrogatories, including discrete subparts.  Under

25  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

26  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

27         18.    Larian's responses are made based on his understanding and

28

7

1  interpretation of each interrogatory. Larian reserves the right to supplement its

2  objections and responses should Mattel subsequently put forth an interpretation of

3  any interrogatory that differs from those of Larian.

4  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

5  Without waiving or departing from his General Response and General

6  Objections, and specifically incorporating them in his response to each Interrogatory

7  below, Larian makes the following additional objections and responses to specific

8  Interrogatories:

9  **INTERROGATORY NO. 42:**

10  State all facts that support YOUR contention, if YOU so contend, that

11  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

12  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

13  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

14  **RESPONSE TO INTERROGATORY NO. 42:**

15  Larian incorporates by reference his General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including without limitation

18  Larian's objection to the definition of the terms BASED ON, BRATZ DOLLS,

19  BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and further objects to

20  this interrogatory on the ground that it is overbroad, unduly burdensome, vague and

21  ambiguous.

22  Larian also objects to this interrogatory to the extent it seeks

23  information that is not subject to disclosure under any applicable privilege, doctrine

24  or immunity, including without limitation the attorney-client privilege, the work

25  product doctrine, the right of privacy, and all other privileges recognized under the

26  constitutional, statutory or decisional law of the United States of America, the State

27  of California or any other applicable jurisdiction. Larian objects to this interrogatory

28

8

EXHIBIT **83** PAGE **162**

1   to the extent it calls for a legal conclusion.

2         Larian further objects to this interrogatory on the ground that it is

3   premature because the invention, creation, conception, or reduction to practice of

4   Bratz (and other legal concepts that may be relevant) will be the subject of expert

5   testimony at trial.  Larian objects to this interrogatory to the extent it seeks to limit

6   the expert testimony that Larian may seek to introduce at trial.  Larian will identify

7   his experts and make related disclosures in accordance with the Court's orders and

8   applicable rules.

9         Larian further objects to this interrogatory on the grounds that it seeks

10  information that is not relevant to the claims or defenses of any party to the action

11  and is not reasonably calculated to lead to the discovery of admissible evidence

12  because the INVENTIONS AGREEMENT executed by Carter Bryant in or around

13  January 1999, purports to state that any inventions conceived or reduced to practice

14  by him during his employment with Mattel would be owned by Mattel.  The

15  references to the conception and reduction to practice of an invention are terms of art

16  in patent law.  Accordingly, copyright law principles of substantial similarity,

17  copying, and derivative works are not relevant to the INVENTIONS AGREEMENT

18  which, by its terms, involves only principles of patent law.

19        Larian further objects that on the ground that this interrogatory is an

20  overbroad and unduly burdensome contention interrogatory to the extent it asks for

21  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

22  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

23  requests seeking "all facts, documents, and witnesses that support the denial of a

24  statement or allegation of fact" because the "universe of potentially responsive

25  information is almost endless").

26        Larian further objects to the extent that this interrogatory seeks

27  information that is outside Larian's knowledge and is not in Larian's possession,

28

9

LARIAN'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES   NO. CV 04-9049 SGL
(RNBx)

EXHIBIT **83** . AGE **1163**

1  custody, or control.  In particular, Larian objects to this interrogatory to the extent

2  that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

3  DOCUMENTS" (emphasis added).

4         Larian further objects to this interrogatory because Mattel has

5  propounded more than 50 interrogatories.  Under Judge Larson's order of February

6  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

7  04049-SGL and CV 05-02727]."

8  **INTERROGATORY NO. 43:**

9         For each concept, design, product, product packaging or other matter

10  that YOU contend MATTEL copied or infringed, including but not limited to those

11  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

12  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

13  Supplemental Responses to such Interrogatory), state the date that each such concept,

14  design, product, product packaging or other matter was conceived, and IDENTIFY

15  all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

16  TO, the foregoing.

17  **RESPONSE TO INTERROGATORY NO. 43:**

18         Larian incorporates by reference his General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 7 (regarding Definitions), including without limitation its

21  objections to the terms IDENTIFY and REFER OR RELATE.

22         Larian also objects to this interrogatory to the extent it seeks

23  information that is not subject to disclosure under any applicable privilege, doctrine

24  or immunity, including without limitation the attorney-client privilege, the work

25  product doctrine, the right of privacy, and all other privileges recognized under the

26  constitutional, statutory or decisional law of the United States of America, the State

27  of California or any other applicable jurisdiction.  Larian further objects to the

28

LARIAN'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES     NO. CV 04-9049 SGL (RNBx)

EXHIBIT __83__ PAGE __1164__

1   interrogatory to the extent it calls for a legal conclusion.

2         Larian also objects to this interrogatory on the ground that it is
3   premature because the invention, creation, conception, or reduction to practice of
4   Bratz (and related issues) will be the subject of expert testimony at trial. Larian
5   objects to this interrogatory to the extent it seeks to limit the expert testimony that
6   Larian may seek to introduce at trial. Larian will identify his experts and make
7   related disclosures in accordance with the Court's orders and applicable rules.

8         Larian further objects to this interrogatory to the extent that it seeks
9   information that is not relevant to the claims or defenses of any party to this action
10  and is not reasonably calculated to lead to the discovery of admissible evidence; the
11  term "conceived" is not a legal term of art that is relevant to Larian's affirmative
12  claims for false designation of origin, affiliation, association or sponsorship, unfair
13  competition, dilution, and unjust enrichment.

14        Larian further objects to the extent that this interrogatory seeks
15  information that is outside Larian's knowledge and is not in Larian's possession,
16  custody, or control. In particular, Larian objects to this interrogatory to the extent
17  that it requests that Larian "IDENTIFY *all* PERSONS…and *all* DOCUMENTS"
18  (emphasis added).

19        Larian further objects to this interrogatory because Mattel has
20  propounded more than 50 interrogatories. Under Judge Larson's order of February
21  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
22  04049-SGL and CV 05-02727]."

23        Subject to and without waiving the foregoing objections, Larian
24  responds as follows: Larian is willing to meet and confer with Mattel regarding this
25  interrogatory and the obligation of Mattel to supplement its responses to MGA's First
26  Set of Interrogatories.

27

28

11

LARIAN'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES     NO. CV 04-9049 SGL
(RNBx)

EXHIBIT **83** PAGE **1165**

1   **INTERROGATORY NO. 44:**

2         For each concept, design, product, product packaging or other matter

3 that YOU contend MATTEL copied or infringed, including but not limited to those

4 identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

5 Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

6 Supplemental Responses to such Interrogatory), state the date that each such concept,

7 design, product, product packaging or other matter was first fixed in any tangible

8 medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

9 and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

10   **RESPONSE TO INTERROGATORY NO. 44:**

11         Larian incorporates by reference his General Response and General

12 Objections above, as though fully set forth herein and specifically incorporates

13 General Objection No. 7 (regarding Definitions), including without limitation its

14 objections to the terms IDENTIFY and REFER OR RELATE.  Larian also objects to

15 this interrogatory to the extent it seeks information that is not subject to disclosure

16 under any applicable privilege, doctrine or immunity, including without limitation

17 the attorney-client privilege, the work product doctrine, the right of privacy, and all

18 other privileges recognized under the constitutional, statutory or decisional law of

19 the United States of America, the State of California or any other applicable

20 jurisdiction.  Larian also objects to this interrogatory to the extent that it calls for a

21 legal conclusion.

22         Larian also objects to this interrogatory on the ground that it is

23 premature because the invention, creation, conception, or reduction to practice of

24 Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

25 objects to this interrogatory to the extent it seeks to limit the expert testimony that

26 Larian may seek to introduce at trial.  Larian will identify his experts and make

27 related disclosures in accordance with the Court's orders and applicable rules.

28

LARIAN'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES    NO. CV 04-9049 SGL
(RNBx)

EXHIBIT **83** PAGE **1166**

1            Larian further objects to this interrogatory to the extent that it seeks

2 information that is not relevant to the claims or defenses of any party to this action

3 and not reasonably calculated to lead to the discovery of admissible evidence

4 because the phrase "fixed in a tangible medium of expression" is a legal term of art

5 that does not have relevance to Larian's affirmative claims, which are for false

6 designation of origin, affiliation, association or sponsorship, unfair competition,

7 dilution, and unjust enrichment.

8            Larian further objects to the extent that this interrogatory seeks

9 information that is outside Larian's knowledge and is not in Larian's possession,

10 custody, or control.  In particular, Larian objects to this interrogatory to the extent

11 that it requests that Larian "IDENTIFY all PERSONS…and all DOCUMENTS"

12 (emphasis added).

13            Larian further objects to this interrogatory because Mattel has

14 propounded more than 50 interrogatories.  Under Judge Larson's order of February

15 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

16 04049-SGL and CV 05-02727]."

17

18

19

20

21

22

23

24

25

26

27

28

13

EXHIBIT **83** PAGE **1167**

1         Subject to and without waiving the foregoing objections, Larian

2   responds as follows:  Larian is willing to meet and confer with Mattel regarding this

3   interrogatory and the obligation of Mattel to supplement its responses to MGA's First

4   Set of Interrogatories.

5         AS TO OBJECTIONS ONLY:

6

7   DATED:  November 15, 2007

8

9         SKADDEN, ARPS, SLATE, MEAGHER &
        FLOM, LLP

10        By: _____

11        Thomas J. Nolan
        Attorneys for Counter-Defendants, MGA

12   ENTERTAINMENT, INC., ISAAC LARIAN,
        MGA ENTERTAINMENT (HK) LIMITED,

13   AND MGAE de MEXICO S.R.L. de C.V.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT **83** PAGE **1167**

.

EXHIBIT 84

Re: Leave motion

## Zachary Krug

| | |
|---|---|
| **From:** | Nolan, Thomas [TNOLAN@skadden.com] |
| **Sent:** | Monday, November 19, 2007 8:22 AM |
| **To:** | Michael T Zeller |
| **Cc:** | Jon Corey; Dylan Proctor |
| **Subject:** | RE: Leave motion |

Michael:   In light of the amount of additional discovery you have identified as being necessary coupled with the past discovery that Mattel has taken in this matter, we believe it is appropriate for you to file a motion if you continue to contend it is necessary for you to go beyond the discovery limits established by Judge Larson.  This issue was flagged for Judge Larson at our November 7 hearing when we could not reach an accommodation as to a further extension of the discovery cut off period so I am sure he will not be surprised.    Tom

THIS E-MAIL MESSAGE IS CONFIDENTIAL, ATTORNEY-CLIENT PRIVILEGED, AND INTENDED FOR THE PERSON(S) NAMED ABOVE ONLY.  ALL OTHER USE, COPYING, OR DISTRIBUTION IS STRICTLY PROHIBITED.

**Thomas J. Nolan**
**Skadden, Arps, Slate, Meagher & Flom LLP**
300 South Grand Ave. | Suite 3400 | Los Angeles, CA | 90071
☎ Direct: (213) 687-5250 | 🖷 Fax: (213) 621-5250 | ✉ Email: tnolan@skadden.com

**Joanne Otero, Assistant to Thomas J. Nolan**
☎ Direct: (213) 687-5252 | ✉ Email: jootero@skadden.com

---

**From:** Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
**Sent:** Sunday, November 18, 2007 9:46 PM
**To:** Nolan, Thomas
**Cc:** Jon Corey; Dylan Proctor
**Subject:** Re: Leave motion

Thanks, Tom. Noon is fine, but just a reminder that our time to file is up at the end of the day under the stips.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify



11/19/2007

us immediately by e-mail, and delete the original message.


----- Original Message -----
From: Nolan, Thomas <TNOLAN@skadden.com>
To: Michael T Zeller
Cc: Jon Corey; Dylan Proctor
Sent: Sun Nov 18 21:34:00 2007
Subject: Re: Leave motion

Mike:  Sorry I over looked your email on Saturday. It was lost among a zillion of emails I was dealing with. Let me check
with Raoul and others to give you a definitive answer as to whether there are aspects of additional discovery we could come
to agreement on.  Give me till noon tomorrow., as I am backed up on a few conference calls dealing with other cases.  Tom


*********************************************
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any
dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this
email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any
email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
*********************************************

----- Original Message -----
From: Michael T Zeller <michaelzeller@quinnemanuel.com>
To: Nolan, Thomas
Cc: Jon Corey <joncorey@quinnemanuel.com>; Dylan Proctor <dylanproctor@quinnemanuel.com>
Sent: Sat Nov 17 12:34:45 2007
Subject: Leave motion

Tom, I discussed with the other Skadden attorneys yesterday afternoon Mattel's contemplated motion for leave for additional
discovery.  You will recall we had sent letters on this summarizing what we were asking for.  My understanding from the
discussions yesterday is that MGA won't stipulate or agree to the additional discovery for the reasons set forth in Skadden's
letter of Weds evening. However, it was also suggested that I should get in touch with you to see if there were any aspects of
the additional contemplated discovery that MGA might agree on.  If you think there is, could you please let me know by
Monday morning?  Otherwise, it looks like we are at an impasse here and that we'll need to proceed with the motion at that
point.  Thanks.


Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s)
named above.  This message may be an attorney-client communication and/or work product and as such is privileged and
confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination,
distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify
us immediately by e-mail, and delete the original message.

EXHIBIT 84 PAGE 1169

----------------------------------------------------------------------
****************************************************
This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any
dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this
email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any
email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
****************************************************
===============================================================================


----------------------------------------------------------------------
****************************************************
This e-mail and any attachments thereto, is intended only for use by the addressee(s

Further information about the firm, a list of the Partners and their professional qu
****************************************************
===============================================================================

EXHIBIT __84__ PAGE __1170__

11/19/2007

EXHIBIT 85

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,  )
                          PLAINTIFF,  )
                         V.  )      NO. CV 04-9040 SGL (RNBX)
                            )
MATTEL, INC., A DELAWARE  )
CORPORATION,  )
                    DEFENDANTS.  )
_____  )
                      )
AND CONSOLIDATED ACTION (S).  )
_____  )

# TRANSCRIPT OF
# TELEPHONIC PROCEEDINGS

# SEPTEMBER 27, 2007

REPORTED BY:
ANGELA DUPRE
CSR NO. 7804
JOB NO. 07AD091



515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT **85** PAGE **1171**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,)
                              )
        PLAINTIFF,            )
                              )
    VS.                       ) CASE NO.
                              )
MATTEL, INC., A DELAWARE      ) CV 04-9049 SGL (RNBX)
CORPORATION,                  ) [CONSOLIDATED WITH
                              ) CASE NO. 04-9059 AND
        DEFENDANT.            ) CASE NO. 05-2727]
                              )
_____ )
                              )
AND CONSOLIDATED ACTION(S).   )
_____ )


        TELEPHONIC TRANSCRIPT OF
        PROCEEDINGS, TAKEN BEFORE HON.
        EDWARD A. INFANTE, AT 865 SOUTH
        FIGUEROA STREET, TENTH FLOOR,
        LOS ANGELES, CALIFORNIA,
        COMMENCING AT 8:16 A.M., THURSDAY,
        SEPTEMBER 27, 2007, BEFORE ANGELA
        DUPRE, CSR 7804.

2

EXHIBIT 85 PAGE 1172

```
 1    APPEARANCES OF COUNSEL:
 2
 3    FOR CARTER BRYANT:
 4        KEKER & VAN NEST, LLP
          BY:  MICHAEL PAGE, ESQ.
 5        710 SANSOME STREET
          SAN FRANCISCO, CALIFORNIA 94111
 6        (415) 391-5400
          (TELEPHONICALLY)
 7
 8    FOR MATTEL, INC.:
 9        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          BY:  B. DYLAN PROCTOR, ESQ.
10        865 SOUTH FIGUEROA STREET
          TENTH FLOOR
11        LOS ANGELES, CALIFORNIA 90017-2543
          (213) 443-3000
12
13    FOR MGA ENTERTAINMENT, INC.:
14        O'MELVENY & MYERS, LLP
          BY:  DIANA M. TORRES, ESQ.
15        400 SOUTH HOPE STREET
          LOS ANGELES, CALIFORNIA 90071-2899
16        (213) 430-6000
          (NOT PRESENT)
17
                 AND
18
          CHRISTENSEN, GLASER, FINK,
19        JACOBS, WEIL & SHAPIRO, LLP
          BY:  AMMAN A. KHAN, ESQ.
20        10250 CONSTELLATION BOULEVARD
          19TH FLOOR
21        LOS ANGELES, CALIFORNIA 90067
          (310) 553-3000
22
23    ALSO PRESENT:
24        HON. EDWARD A. INFANTE
          (TELEPHONICALLY)
25
```

3

EXHIBIT __85__ PAGE __1173__

1   MR. BRYANT'S.  THEY ALREADY QUESTIONED HIM ABOUT

2   THE NOTARIZATION.  HE TOLD THEM THE WHOLE STORY.

3   THEY SINCE GOT THE NOTARY BOOK FROM THE NOTARY

4   PUBLIC.

5        BUT YOU CAN'T GO REOPENING PEOPLE'S

6   DEPOSITIONS BASED ON AFTER THE DEPOSITION GOING AND

7   GETTING DOCUMENTS FROM THIRD PARTIES, OTHERWISE,

8   EVERY DEPOSITION WOULD BE REOPENED CIRCULARLY

9   FOREVER.

10        JUDGE INFANTE:  THANK YOU, VERY MUCH.

11        MR. PROCTOR:  YOUR HONOR, IF I MAY, CAN I ADD

12   ONE POINT?  I'D APPRECIATE IT.  I APOLOGIZE FOR NOT

13   SAYING THIS EARLIER.

14        ON THE DRAWINGS, THE OTHER ISSUE IS,

15   MR. BRYANT'S TESTIMONY IS THAT HE CREATED THE

16   ORIGINAL BLACK AND WHITE DRAWINGS IN 1998, AND

17   THEREAFTER, TRACED AND COLORED THOSE DRAWINGS,

18   DURING THE COURSE OF MATTEL'S EMPLOYMENT.  BUT

19   THAT'S ALL THAT HE DID.  THE COLOR DRAWINGS WERE

20   SIMPLY TRACED AND COLORED FROM THE BLACK AND WHITE

21   DRAWINGS.

22        HAVING ACCESS TO THE ORIGINAL DRAWINGS

23   BEARS ON THE CREDIBILITY OF THAT STORY, BEARS ON

24   WHETHER THAT IS, IN FACT, WHAT HAPPENED.  AND WE

25   DIDN'T HAVE ACCESS TO ALL THOSE DRAWINGS AT THE

23

EXHIBIT __85__ PAGE __1174__

1    TIME AND WE'RE GAINING ACCESS TO THEM NOW.

2        JUDGE INFANTE:  OKAY.

3        MR. PROCTOR:  THANK YOU, YOUR HONOR.

4        JUDGE INFANTE:  THANK YOU VERY MUCH.

5        MR. KHAN:  YOUR HONOR, THIS IS AMMAN KHAN.  MAY

6    I MAKE TWO VERY SHORT POINTS?

7        JUDGE INFANTE:  NO, I DON'T THINK SO.

8        MR. KHAN:  OKAY.  THANK YOU.

9        JUDGE INFANTE:  I CONSIDERED THE MOTION PAPERS

10   AND THE OPPOSITION PAPERS AND ARGUMENTS OF COUNSEL.

11       I FIND THERE IS GOOD CAUSE TO GRANT

12   ADDITIONAL TIME TO REOPEN THE DEPOSITION OF CARTER

13   BRYANT.

14       THE GROUNDS FOR GRANTING ADDITIONAL TIME

15   ARE, ESSENTIALLY, ALL THE GROUNDS OUTLINED BY

16   COUNSEL; NAMELY, THE ADDITION OF NEW CLAIMS AND

17   DEFENSES THAT HAVE BEEN PLED SUBSEQUENT TO THE

18   FIRST DEPOSITION.  THE CASE ON A GLOBAL BASIS IS

19   MUCH BROADER THAN IT WAS AT THE TIME THE FIRST

20   DEPOSITION WAS TAKEN.  OF COURSE, I'M REFERRING TO

21   THE CLAIMS BROUGHT BY BRYANT AND MGA, AND INDEED

22   THE ADDITIONAL COUNTERCLAIM BROUGHT BY MATTEL AND

23   THE VARIOUS AFFIRMATIVE DEFENSES PLED.

24       I FIND BRYANT AS THE KEY WITNESS AND MOST

25   KNOWLEDGEABLE WITNESS WITH RESPECT TO VIRTUALLY ALL

24

EXHIBIT __85__ PAGE __1125__

1    OF THE FACTUAL ISSUES RAISED BY THOSE CLAIMS AND

2    DEFENSES.

3           SECOND REASON FOR REDEPOSITION IS A

4    SUBSTANTIAL AMOUNT OF NEW EVIDENCE THAT'S BEEN

5    PRODUCED, SOME BY BRYANT, SOME BY MGA, AND SOME BY

6    THIRD PARTIES, DESCRIBED AS 100,000 PAGES OF NEW

7    DOCUMENTS, SINCE THE FIRST DEPOSITION.

8           SOME OF THESE DOCUMENTS I WOULD DESCRIBE

9    AS VERY KEY DOCUMENTS, SUCH AS ORIGINALS OF

10   DRAWINGS AND OTHER DOCUMENTS DESCRIBED IN YOUR

11   BRIEF.

12          THIRDLY, THE FIRST DEPOSITION WAS AN

13   IMPERFECT DEPOSITION IN THAT THERE WAS A GREAT DEAL

14   OF INTERFERENCE IN THE QUESTIONING:  COACHING,

15   IMPROPER CONDUCT, INSTRUCTIONS NOT TO ANSWER.

16          WHILE I DID RULE ON INSTRUCTIONS NOT TO

17   ANSWER IN THE EARLIER MOTION, IN FEBRUARY, AND I

18   DID NOTE THE IMPROPER CONDUCT THAT PARTIALLY

19   DEPRIVED A FAIR EXAMINATION, THAT FACT IS STILL A

20   MATTER OF CONSIDERATION AS I NOW DECIDE WHETHER TO

21   GRANT AN ADDITIONAL DEPOSITION, AND, IF SO, HOW

22   MUCH TIME.

23          AT THAT EARLIER HEARING, I AUTHORIZED TWO

24   ADDITIONAL HOURS.  AND BRYANT IS NOT PREJUDICED BY

25   HAVING A SECOND MOTION ON THE TOPIC, BECAUSE HIS

25

EXHIBIT **85** PAGE **1176**

1   REDEPOSITION HAS NOT YET COMMENCED, AND THE TWO

2   HOURS HAS NOT BEEN ENGAGED IN.

3          CONSIDERING ALL FACTORS, I FIND GOOD

4   CAUSE EXISTS TO AUTHORIZE ADDITIONAL TIME TO

5   QUESTION CARTER BRYANT.  MY DECISION IS TO

6   AUTHORIZE A TOTAL OF NINE ADDITIONAL HOURS,

7   INCLUDING THE TWO HOURS PREVIOUSLY ORDERED.

8          I WOULD ALSO LIKE TO MAKE CLEAR THAT

9   GIVEN THE FACTUAL OVERLAP BETWEEN NEWLY ADDED

10  CLAIMS AND DEFENSES AND MATTEL'S INITIAL COMPLAINT,

11  I'M ORDERING A DEPOSITION TO TAKE PLACE ON ANY

12  MATTER NOT PRIVILEGED THAT IS RELEVANT TO ANY CLAIM

13  OR DEFENSE OF ANY PARTY.

14          I THINK IT WOULD BE A MISTAKE TO ATTEMPT

15  TO SCOPE THE DEPOSITION AND RESTRICT IT TO CERTAIN

16  TOPICS.  IT WILL JUST LEAD TO FURTHER ARGUMENTS

17  BETWEEN YOU, REGARDING WHETHER OR NOT A QUESTION IS

18  BEYOND THE SCOPE OF A PARTICULAR CLAIM OR DEFENSE

19  OR ISSUE.

20          IN MY JUDGMENT, THE RECORD JUSTIFIES

21  ADDITIONAL TIME TO TAKE THE DEPOSITION, AND IT

22  JUSTIFIES A SCOPE THAT IS NOT LIMITED, OTHER THAN

23  BY RULE 26.  SO, THEREFORE, THE QUESTIONS MAY BE ON

24  ANY MATTER NOT PRIVILEGED THAT IS RELEVANT TO ANY

25  CLAIM OR DEFENSE OF ANY PARTY.

26

EXHIBIT _85_ PAGE _1177_

1    STATE OF CALIFORNIA         )
                                 )    SS.
2    COUNTY OF LOS ANGELES       )

3

4         I,      ANGELA DUPRE      , CERTIFIED

5    SHORTHAND REPORTER, CERTIFICATE NUMBER   7804  , FOR

6    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7         THE FOREGOING PROCEEDINGS WERE TAKEN

8    BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH;

9         THE FOREGOING TRANSCRIPT IS A TRUE AND

10   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

11        I FURTHER CERTIFY THAT I AM NEITHER

12   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

13   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

14        IN WITNESS WHEREOF, I HAVE HEREUNTO

15   SUBSCRIBED MY NAME THIS   16TH    DAY OF

16        OCTOBER      , 2007.

17

18

19

20

21

22

23

24

25

40

EXHIBIT __85__ PAGE __1178__