QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>   Defendants. | CASE NO. CV 04-9059 NM (RNBx)<br><br>STIPULATED PROTECTIVE ORDER; AND<br><br>[PROPOSED] ORDER<br><br>[Discovery Matter] |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>   Counter-Claimant,<br><br>  v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>   Counter-Defendant. | |

1-4

1/625581.2

PROTECTIVE ORDER

## GOOD CAUSE STATEMENT

Plaintiff Mattel, Inc. ("Mattel"), defendant Carter Bryant, and intervenor-defendant MGA Entertainment, Inc. ("MGA") are parties to the above-captioned litigation (hereinafter, the "Action"). (Mattel, Carter Bryant and MGA Entertainment, Inc. are each referred to herein as a "Party" and collectively are the "Parties.")

In this Action, Mattel has alleged, and defendants dispute, that Bryant worked for and otherwise aided and assisted MGA while defendant was employed by Mattel as a designer, in violation of his contractual and other legal duties to Mattel.

All parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a private or personal nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In addition, the Parties are currently in a competitive relationship in the toy industry, with Mattel and MGA operating as a manufacturers and marketers of dolls, toys and other products and Bryant working at this time as a contractor for a Mattel competitor, MGA, and further anticipate that nonparty competitor information may be produced or disclosed in this Action.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private documents and other information that may be disclosed in discovery by the Parties and by nonparties will or may include:

(1)    Personnel files and other private or confidential employment, contractor or vendor information;

-2-

PROTECTIVE ORDER

1         (2)    The specific terms of agreements with, and information received

2  from, third parties that a Party is required to disclose only under conditions of

3  confidentiality;

4         (3)    Personal or private financial information, and confidential

5  financial data that is not known generally to the trade or to competitors, including

6  financial data relating to specific sales, cost and profit information for specific

7  products and product lines; and

8         (4)    Business plans and product information that are not known

9  generally to the trade or to competitors, including non-public information relating to

10  product development and design.

11

12         WHEREFORE, believing that good cause exists, the Parties HEREBY

13  STIPULATE that, subject to the Court's approval, the following procedures shall be

14  followed in this Action to facilitate the orderly and efficient discovery of relevant

15  information while minimizing the potential for unauthorized disclosure or use of

16  confidential or proprietary information:

17

18  <u>SCOPE OF THIS ORDER</u>

19

20      1.    This Protective Order shall apply to trade secret, confidential and

21  proprietary information, documents and things that are produced or disclosed in any

22  form during the course of the Action by any Party or any nonparty:

23         (a)    through discovery;

24         (b)    in any pleading, document or other writing; or

25         (c)    in testimony given at a deposition.

26  (The foregoing information, documents and things shall be referred to hereinafter

27  collectively as "Litigation Materials.")

28

72/625581.2

PROTECTIVE ORDER

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

2.    Any Party or nonparty producing or disclosing Litigation Materials in this Action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating it in the manner set forth in paragraph 3 below.   The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.   The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial information, including without limitation non-public designs and drawings, which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this Action without restriction upon use or further disclosure.   Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

3.    A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

(a)    Documents or Things.    "CONFIDENTIAL"    or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be

72/625581.2

-4-

PROTECTIVE ORDER

obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its or his answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) <u>Deposition Testimony</u>. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, the testimony that is claimed to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," or alternatively by designating the entire testimony to be "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," subject to a good faith obligation to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL -- ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

A Party or nonparty also may make the above-referenced designation of confidentiality in writing and within fourteen (14) calendar days of the receipt by said Party or nonparty of the transcript of said testimony. In that event, said portion of the transcript will be treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" under the provisions of this Protective Order, except that it will not be separately bound. If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 5 and 6 hereof shall be excluded from the room in which the deposition testimony is given. Unless previously designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the transcript by counsel for the designating Party or nonparty. The Party or nonparty designating the testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," whether or not previously designated as such, by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be treated in

PROTECTIVE ORDER

accordance with the terms of this Protective Order. In addition, the provisions of Paragraph 3(e) for later designating transcripts or exhibits shall apply after the expiration of the fourteen (14) calendar day period described in this Paragraph 3(c).

(d)     Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as the case may be.

(e)     Except as otherwise provided in Paragraph 3(c) of this Protective Order, the receiving Party shall not reveal any information produced for a period of seven (7) calendar days following receipt. Failure to designate a document, thing or other information as CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall not preclude any Party or nonparty desiring to so designate the document, thing or information from so designating thereafter; provided that the Party or nonparty proceeds promptly after discovery of any omission of marking, in good faith marks the document, thing or other information and requests, in writing, that each receiving Party so mark and treat the document, thing or other information in accordance with this Protective Order. Thereafter, the document, thing or other information shall

be fully subject to this Protective Order.  No Party shall incur liability for any disclosures made prior to notice of such designation, except to the extent that any such disclosures occurred prior to the seven (7) day period described above or prior to such other time periods as are provided by this Protective Order, including without limitation such time periods as are provided in Paragraph 3(c) above.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

4.     Any Litigation Materials produced or disclosed in this Action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," may only be used by the receiving Party of such information for purposes of litigation and not for any other purpose, including without limitation for any business or trade purpose.  As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

5.     Subject to Paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a)     the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

(b)     secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

7272/625581.2

-8-

PROTECTIVE ORDER

(c)     a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes assisting in litigation;

(d)     the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

(e)     such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

(f)     outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(g)     professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony and translators;

(h)     independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation; and

(i)     non-party fact witnesses in a deposition, provided, however, that such persons may not retain such "CONFIDENTIAL" information unless otherwise authorized to receive it. If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance in the form attached as Exhibit A, provided that:  (1) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (2) such "CONFIDENTIAL" information may only be shown to the witness during the deposition.

6.    Subject to paragraph 7 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

(a)    the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b)    secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to litigation;

(c)    the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(d)    such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

(e)    outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

(f)    independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation; and

272/625581.2

-10-

PROTECTIVE ORDER

1               (g)    professional   court   reporters   engaged   to   transcribe

2  deposition testimony, professional videographers engaged to videotape

3  deposition testimony and translators.

4        7.    None of the following is bound by or obligated under this Order

5  in any respect and specifically are not bound or obligated to treat information

6  designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

7  ONLY" in any particular manner: The Court hearing this Action (including the Court

8  having jurisdiction of any appeal), Court personnel, court reporters working for the

9  Court, translators working for the Court, or any jury impaneled in this Action.

10       8.    Other than those identified in Paragraph 7 above, each person to

11  whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL --

12  ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this

13  Protective Order and agree to be bound by it before disclosure to such persons of any

14  such information. The persons described in Paragraphs 5(f), 5(h), 6(e) and 6(f) shall

15  not have access to either "CONFIDENTIAL" or    "CONFIDENTIAL --

16  ATTORNEYS' EYES ONLY" information, as the case may be, until they have

17  certified that they have read this Protective Order and have manifested their assent

18  to be bound thereby by signing a copy of the Assurance of Compliance attached

19  hereto as Exhibit A. Once a person has executed such an Assurance of Compliance,

20  it shall not be necessary for that person to sign a separate Assurance of Compliance

21  each time that person is subsequently given access to confidential material.  Any

22  person who signed an Assurance of Compliance in connection with the Stipulation

23  for Protection of Confidential Information and Protective Order filed September 16,

24  2004 in Mattel Inc. v. Bryant, Case No. BC 314398, pending in Los Angeles County

25  Superior Court, need not re-sign the Assurance of Compliance attached hereto but

26  shall, by virtue of his or her prior signature, be deemed to have signed the attached

27  Assurance of Compliance.

28

1    9.    The failure of any Party to object to the designation of
2  information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
3  ONLY" shall not be deemed an admission that such information qualifies for such
4  designation.

5    10.    If any Party wishes to have any information, document or
6  testimony marked "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS'
7  EYES ONLY" by another Party or nonparty reclassified as non-confidential, or from
8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to "CONFIDENTIAL," the
9  Parties and/or relevant nonparty or nonparties will confer and try to reach agreement.
10  If the Parties and/or relevant nonparty or nonparties cannot reach agreement, either
11  Party and/or the relevant nonparty or nonparties may apply to the Court to resolve the
12  matter in accordance with the Local Rules.  Unless and until this Court enters an
13  Order changing the designation of the information, it shall be afforded the treatment
14  prescribed in this Protective Order for its designation.

15    11.    Nothing contained in this Protective Order shall restrict or prevent
16  any Party or nonparty from disclosing or otherwise using its or his own Litigation
17  Materials which that Party or nonparty produces or discloses in this action.

18    12.    The inadvertent or unintentional disclosure by a producing Party
19  or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES
20  ONLY" Litigation Materials during the course of this litigation, regardless of whether
21  the information was so designated at the time of disclosure, shall not be deemed a
22  waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either
23  as to the specific information disclosed or as to any other information relating thereto
24  or on the same or related subject matter.  Counsel for the Parties and/or nonparties
25  shall in any event, to the extent possible, upon discovery of inadvertent error,
26  cooperate to restore the confidentiality of the "CONFIDENTIAL" or
27  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material that was inadvertently
28  or unintentionally disclosed.

13.   If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty.   The receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

14.   Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the <u>Federal Rules of Civil Procedure</u> and the <u>Local Rules</u>. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

15.   Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information in accordance with the procedures set forth in <u>Local Rule</u> 79-5.1, as such

7272/625581.2.

-13-

PROTECTIVE ORDER

1   Rule may be amended from time to time.  Prior to the time that a Party receiving the

2   "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

3   information from any other Party files with the Court an application and the other

4   materials required by Local Rule 79-5.1, as such Rule may be amended from time to

5   time, to seal the producing Party's confidential information, the receiving Party shall

6   consult with the producing Party's attorney to determine whether the producing Party

7   will re-designate the previously designated confidential information so as to avoid the

8   need for the request to file such information under the seal.  Upon the default of a

9   Party to seek the Court's approval to file a document containing "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information under seal, any

11  Party may subsequently seek the approval of the Court to file that document under

12  seal, in accordance with the procedures set forth in Local Rule 79-5.1, as such Rule

13  may be amended from time to time.

14

15  ### THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

16

17           16.    If any Party or nonparty receives a subpoena or document request

18  from a third party which purports to require the production of materials in that Party's

19  possession which have previously been designated as "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty,

21  the Party or nonparty receiving such subpoena or document request (a) shall object

22  and refuse to produce documents absent a Court Order or the consent of the Party or

23  nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL

24  -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who

25  designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL --

26  ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request,

27  and (c) shall not oppose any effort by the Party or nonparty which designated the

28  material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES

272/625581.2

PROTECTIVE ORDER

1  ONLY" to quash the subpoena or obtain a protective order limiting discovery of such

2  material.

### DISCOVERY FROM NONPARTIES

6        17.    Discovery of nonparties may involve receipt of information,

7  documents, things or testimony which include or contain "CONFIDENTIAL" or

8  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information.  A

9  nonparty producing such material in this case may designate as "CONFIDENTIAL"

10  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it

11  produces in the same manner provided for in this Protective Order with respect to

12  material furnished by or on behalf of the Parties.  Any Party may also designate as

13  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

14  materials or information produced by a nonparty that constitute "CONFIDENTIAL"

15  or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating

16  Party under Paragraph 2 of this Protective Order, regardless of whether the producing

17  nonparty has also so designated.  In addition, a nonparty may also designate as

18  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any

19  materials or information produced by a Party that constitute "CONFIDENTIAL" or

20  "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such

21  nonparty under Paragraph 2 of this Protective Order, regardless of whether the

22  producing Party has also so designated.  In either such an event, the designation

23  providing for the greater level of protection for the material information shall control,

24  subject to Paragraph 10 of this Protective Order.  Nonparty materials designated

25  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a

26  nonparty or Party shall be governed by the terms of this Protective Order.

27

28

272/625581.2

-15-

## CONCLUSION OF LITIGATION

18.     Within thirty (30) days of the conclusion of this Action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties. Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order. This Protective Order shall continue to be binding after the conclusion of this Action.

## AMENDMENT OF THIS AGREEMENT

19.     The provisions of this Stipulation and Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court. In addition, a Party may at any time apply to the Court for modification of this

272/625581.2

PROTECTIVE ORDER

1   Stipulation and Protective Order pursuant to a motion brought in accordance with the

2   rules of the Court.

3

4   **IT IS SO STIPULATED.**

5

6   DATED: December 22, 2004                QUINN EMANUEL URQUHART

7                                           OLIVER & HEDGES, LLP

8

9                                           By Jon Corey

                                               Jon Corey

10                                             Attorneys for Plaintiff
                                               Mattel, Inc.

11

12  DATED: December __, 2004                LITTLER MENDELSON

13

14                                          By_____
                                               Douglas A. Wickham

15                                             Attorneys for Defendant
                                               Carter Bryant

16  DATED: December __, 2004                O'MELVENY & MEYERS, LLP

17

18                                          By_____
                                               Diana M. Torres

19                                             Attorneys for Interventor-Defendant
                                               MGA Entertainment, Inc.

20

21

22  **IT IS SO ORDERED.**

23

24  DATED: 1/4/05                           ROBERT N. BLOCK

                                            THE HONORABLE ROBERT N. BLOCK
25                                          United States Magistrate Judge

26

27

28

PROTECTIVE ORDER



1 │ Stipulation and Protective Order pursuant to a motion brought in accordance with the
2 │ rules of the Court.

3

4 │     **IT IS SO STIPULATED.**

5

6 │ DATED: December ___, 2004        QUINN EMANUEL URQUHART
7 │                      OLIVER & HEDGES, LLP

8

9 │                      By _____
10 │                         Jon Corey
                        Attorneys for Plaintiff
                        Mattel, Inc.

11

12 │ DATED: December 21, 2004        LITTLER MENDELSON

13 │                      By _____/s/_____
14 │                         Douglas A. Wickham
                        Attorneys for Defendant
15 │                         Carter Bryant

16 │ DATED: December ___, 2004       O'MELVENY & MEYERS, LLP

17

18 │                      By _____
                        Diana M. Torres
19 │                         Attorneys for Interventor-Defendant
                        MGA Entertainment, Inc.

20

21

22 │     **IT IS SO ORDERED.**

23

24 │ DATED: _____

25 │                      THE HONORABLE ROBERT N. BLOCK
                     United States Magistrate Judge

26

27

28

07272/625581.2

-17-

PROTECTIVE ORDER

1  Stipulation and Protective Order pursuant to a motion brought in accordance with the
2  rules of the Court.
3
4     **IT IS SO STIPULATED.**
5
6  DATED: December ___, 2004          QUINN EMANUEL URQUHART
7                                     OLIVER & HEDGES, LLP
8
9                                     By_____
10                                       Jon Corey
                                         Attorneys for Plaintiff
11                                       Mattel, Inc.
12  DATED: December ___, 2004          LITTLER MENDELSON
13
                                       By_____
14                                       Douglas A. Wickham
                                         Attorneys for Defendant
15                                       Carter Bryant
16  DATED: December ___, 2004          O'MELVENY & MEYERS, LLP
17
18                                     By_____
                                         Diana M. Torres
19                                       Attorneys for Intervenor-Defendant
                                         MGA Entertainment, Inc.
20
21
22    **IT IS SO ORDERED.**
23
24  DATED: _____
25                                     THE HONORABLE ROBERT N. BLOCK
                                       United States Magistrate Judge
26
27
28

07272/625581.2                         -17-

                                                    PROTECTIVE ORDER

1
2

<u>EXHIBIT A</u>

3

<u>ASSURANCE OF COMPLIANCE</u>

4
5          I, _____, under penalty of perjury under the laws of the
6   United States of America, declare and state as follows:
7          I reside at _____, in the City/County of _____ and
8   State/Country of _____;
9          I have read the annexed Stipulated Protective Order, ("Protective Order")
10  dated _____ in the action entitled *Mattel, Inc. v. Carter Bryant,*
11  Case No. CV 04-9059 NM (RNBx), which currently is pending in the United States
12  District Court for the Central District of California; that I am fully familiar with and
13  agree to comply with and be bound by the provisions of that Protective Order;
14          I will not divulge to persons other than those specifically authorized by the
15  Protective Order, and will not copy or use any Litigation Materials designated as
16  "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except
17  solely as permitted by the Protective Order; and
18          I consent to the jurisdiction of the United States District Court for the
19  Central District of California for the purpose of enforcing said Protective Order,
20  enjoining any violation or threatened violation of the Protective Order or seeking
21  damages for the breach of said Protective Order.
22
23
24                                    _____
                                              (Signature)
25
26
27
28

272/625581.2

PROTECTIVE ORDER

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2   **STATE OF CALIFORNIA**           )
    **COUNTY OF LOS ANGELES**         )

3       I am employed in the county of Los Angeles State of California. I am over the age of 18

4   and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

5       On December 22, 2004, I served the foregoing document described as

6       **STIPULATED PROTECTIVE ORDER; AND [PROPOSED] ORDER**

7   on all interested parties in this action:

8                       **SEE ATTACHED SERVICE LIST**

9   [ ]    By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed

10         as follows:

11  [ ]    **BY MAIL**

12  [ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

13  [ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing

14         correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in

15         the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

16         after date of deposit for mailing in affidavit.

17  [X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

18  Executed on December 22, 2004, at Los Angeles, California.

19  [X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21  Ivana Maiorano
    Print Name                              Signature

22

23

24

25

26

27

28

1   Robert F. Millman, Esq.
    Douglas A. Wickham, Esq.
2   Keith A. Jacoby, Esq.
    Littler Mendelson
3   A Professional Corporation
    2049 Century Park East, 5th Floor
4   Los Angeles, California 90067-3107
    Phone: 310-553-0308
5   Fax: 310-553-5583

6   Diana M. Torres, Esq.
    O'Melveney & Meyers
7   400 S. Hope Street
    Los Angeles, CA 90071
8   Phone: 213-430-6000
    Fax: 213-430-6407

9

10  Daniel J. Warren, Esq.
    Sutherland, Asbill & Brennan
11  999 Peachtree Street NE
    Atlanta, GA  30309-3996
12  Phone: 404-853-8698
    Fax: 404-853-8806

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28