CONFORMED COPY

FILED 2007 MAY 16 PM 2:00
U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

1  [Counsel listed on following page]
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10 CARTER BRYANT, an individual,        ) Case No. CV 04-09049 SGL (RNBx)
11          Plaintiff,                  ) Consolidated with
                                        ) Case No. CV 04-09059
12     v.                               ) Case No. CV 05-02727
13 MATTEL, INC., a Delaware             )
   corporation,                         ) **DISCOVERY MATTER**
14                                      )
            Defendant.                  ) Hon. Edward A. Infante (Ret.)
15                                      )
                                        ) Discovery Master
16 ─────────────────────────────────────
17                                      **STIPULATION TO MODIFY**
                                        **PROTECTIVE ORDER; AND**
18
19                                      [PROPOSED] **ORDER THEREON**
20                                      Discovery Cut-Off: October 22, 2007
21                                      Pre-Trial Conference: January 14, 2008
                                        Trial Date: February 12, 2008
22
23
24
25
26
27
28

Case No. CV 04-09049 SGL (RNBx)
STIPULATION AND ORDER RE PROTECTIVE ORDER

05/16/07

```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
 2     (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
 3     (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
 4     (joncorey@quinnemnauel.com)
    865 South Figueroa Street, 10th Floor
 5  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
 6  Facsimile: (213) 443-3100

 7  Attorneys for Mattel, Inc.

 8  LITTLER MENDELSON
       Robert F. Millman (Bar No. 062152)
 9     Douglas A. Wickham (Bar No. 127268)
       Keith A. Jacoby (Bar No. 150233)
10  2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
11  Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
12
    Attorneys for Carter Bryant
13
    O'MELVENY & MYERS LLP
14     Diana M. Torres (Bar No. 162284)
    400 S. Hope Street
15  Los Angeles, California 90017
    Telephone: (213) 430-6000
16  Facsimile: (213) 430-6407

17  O'MELVENY & MYERS LLP
       Dale Cendali
18  Times Square Tower
    7 Times Square
19  New York, NY 10036

20  CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
       Patricia Glaser (Bar No. 55668)
21  10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
22  Telephone: (310) 553-3000
    Facsimile: (310) 556-2920
23
    Attorneys for MGA Entertainment, Inc.
24

25

26

27

28
```

1  WHEREAS, on January 24, 2007, Discovery Master Infante heard Mattel, Inc.'s ("Mattel") Motion to Compel Carter Bryant ("Bryant") to Produce Documents ("Motion to Compel");

4  WHEREAS, on January 25, 2007, Discovery Master Infante issued an Order granting Mattel's Motion to Compel (the "Order");

6  WHEREAS, on March 19, 2007, Discovery Master Infante heard Bryant's and MGA Entertainment, Inc.'s ("MGA") Motion for Clarification, Reconsideration and/or Further Protection of the Discovery Master's January 25, 2007 Order or for Protective Order Pursuant to Rule 26(c) (the "Motion");

10  WHEREAS, Discovery Master Infante denied the Motion to the extent it sought clarification of the Order and stated that design drawings of currently unreleased products are relevant to the parties' claims and defenses; and

13  WHEREAS, Discovery Master Infante granted the Motion to the extent it sought further protection pursuant to Rule 26 and paragraph 19 of the Protective Order entered by the Court as of January 4, 2005 (the "Protective Order") so as to afford further restrictions on the handling of Subject Documents (defined below) for purposes of providing additional protection for their confidentiality and directed the parties to provide specifics for such modification.

19  NOW, THEREFORE, Mattel, Bryant and MGA, by and through their respective counsel of record, hereby stipulate and agree as follows:

21  1.  As used herein, "Subject Documents" means documents (defined to include both tangible items and electronic data) created after January 1, 2006 that pertain to products which are currently unreleased and scheduled for public release in 2007 or 2008 and that constitute highly sensitive trade secrets of the producing Party. The parties are presently negotiating and may enter an additional stipulation concerning a subset of Subject Documents that pertain to products which are currently unreleased and scheduled for public release in 2008 and that constitute highly sensitive trade secrets of the producing Party (the "2008 Subject

STIPULATION AND ORDER RE PROTECTIVE ORDER

1  Documents"). In the event the parties do not reach a stipulation with respect to the 2008 Subject Documents, MGA and/or Bryant are not, by entering into this stipulation, waiving any rights to seek review by Judge Larson of the aspects of the Order or Ruling on the Motion that pertain to the 2008 Subject Documents. Until such time that the parties execute a stipulation with respect to the 2008 Subject Documents and in the event that neither MGA nor Bryant seek the afore-mentioned review by Judge Larson, the 2008 Subject Documents shall be treated in the manner set forth herein for the Subject Documents, provided that such 2008 Subject Documents meet the definition for "Subject Documents" set forth above.

2. A Party may withhold from production to other Parties Subject Documents until June 29, 2007.

3. Upon production (whether before, on or after June 29, 2007), a producing Party may designate Subject Documents as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY."

(a) Subject Documents designated as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall be so designated in the manner set forth in paragraph 3 of the Protective Order.

(b) Documents designated as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall not be disclosed in any way to, nor their contents summarized or discussed in substance with, any person other than: (i) up to three attorneys at the receiving Party's outside law firm; (ii) such independent, outside expert(s) for the receiving Party who outside counsel deems necessary to show such documents for purposes of providing expert opinion or expert testimony; (iii) one assistant or paralegal for each Party (for the purposes of photocopying and maintaining files as set forth in subparagraph (d) below); (iv) the Court, including the Discovery Master, and other personnel identified in paragraphs 6(g) and 7 of the Protective Order; (v) the authors, senders, addressees and designated copy recipients of any document designated "HIGHLY

1  CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY"; and (vi) such other persons as may be consented to in writing or on the record by the Party designating such documents "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY."

    (c) The Experts described in subsection (ii) of paragraph 3(b) above shall not have access to "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" documents until he/she has certified that he/she has read the Protective Order and this Stipulation and Order and has manifested his/her assent to be bound by signing the Assurance of Compliance attached to the Protective Order as Exhibit A; any such expert who has previously signed an Assurance of Compliance must be shown this Stipulation and Order and sign an Assurance of Compliance that encompasses this Stipulation and Order.

    (d) Documents designated as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall not be copied except to create one archival file copy, one working copy for the designated attorneys and/or any designated expert, or for use as exhibits at deposition or trial or in filings with the Court, including the Discovery Master. In the event and to the extent that copies are provided to counsel in attendance at a deposition where documents designated as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" are shown or marked at deposition, the Party who so designated the documents may require that any such additional copies be returned to the designating Party's counsel or destroyed. Any document designated as "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" that is marked as a deposition exhibit shall not be bound with the exhibits to the deposition transcript but shall be separately maintained by the deposing party. The parties shall work together to agree upon a proposed procedure for handling such documents at trial if necessary.

    (e) Each receiving Party's original copy set and all copies of Subject Documents, including any copies for use as exhibits or in motion practice, shall be

maintained in a secure, locked file at all times when not physically being used by the receiving party's counsel or expert.

4. The producing Party shall re-designate or de-designate Subject Documents relating to a product within fourteen (14) days of the following events, whichever occurs earlier: (a) the product is first shipped, or (b) the product is first disclosed to a third party without an express confidentiality agreement. Any Subject Documents initially designated "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" may be re-designated a lesser degree of confidentiality under the Protective Order, such as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate under the Protective Order. Such re-designated or de-designated documents shall thereafter be handled and treated in accordance with the terms of the Protective Order for "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, whichever the case may be.

5. The Protective Order is hereby amended to add the phrase "HIGHLY CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" to paragraphs 2, 3, 4, 7, 8, 9, 10, 12, 15, 16, 17 and 18 of the Protective Order.

6. Except as modified herein, all other provisions of the Protective Order shall remain in full force and effect and are incorporated herein by reference. Without limiting the generality of the foregoing, documents produced as "HIGHLY

STIPULATION AND ORDER RE PROTECTIVE ORDER

CONFIDENTIAL – RESTRICTED ATTORNEYS' EYES ONLY" shall be subject to the provisions of paragraphs 13 and 14 of the Protective Order.

**SO STIPULATED.**

Dated: April 23, 2007

_____
DOUGLAS A. WICKHAM
LITTLER MENDELSON
A Professional Corporation
Attorneys for CARTER BRYANT

Dated: April 18, 2007

_____
DIANA M. TORRES
O'MELVENY & MYERS LLP
Attorneys for MGA ENTERTAINMENT, INC.

Dated: April 23, 2007

_____
MICHAEL ZELLER
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Attorneys for MATTEL, INC.

**IT IS SO ORDERED.**

DATED: May 15, 2007  By _____
Hon. Edward Infante (Retired)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached STIPULATION TO MODIFY PROTECTIVE ORDER; AND ORDER THEREON in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales