# EXHIBIT A

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

13  CARTER BRYANT, an individual,       CASE NO. CV 04-9049 SGL (RNBx)
                Plaintiff,
14                                       Consolidated with
                                         Case No. CV 04-09059
15      vs.                              Case No. CV 05-02727

16  MATTEL, INC., a Delaware corporation,  NOTICE OF DEPOSITION OF MGAE
                                           DE MEXICO, S.R.L. DE C.V.
17              Defendant.                 PURSUANT TO FEDERAL RULE OF
                                           CIVIL PROCEDURE 30(B)(6)
18

19  AND CONSOLIDATED ACTIONS

20

21

22

23

24

25

26

27

28

07975/2280277.2

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that on _____, 200_ beginning at

3   9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of

4   defendant MGAE de Mexico, S.R.L. de C.V. at the offices of Quinn Emanuel

5   Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles,

6   CA 90017.  Pursuant to Fed. R. Civ. P. 30(b)(6), MGAE de Mexico, S.R.L. de C.V.

7   shall designate one or more officers, directors, managing agents or other persons

8   who consent to testify on its behalf concerning each of the topics set forth in

9   Exhibit A hereto.

10         PLEASE TAKE FURTHER NOTICE that the deposition will take

11  place before a duly authorized notary public or other officer authorized to administer

12  oaths at depositions, and will continue from day to day, Sundays, Saturdays and

13  legal holidays excepted, until completed.

14         PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

15  P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

16  Livenote or other technology for real-time transcription of the testimony.

17

18  DATED:  December__, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
19

20                                     By_____
21                                         Jon Corey
                                           Attorneys for Mattel, Inc.
22

23

24

25

26

27

28

**EXHIBIT A**

1.      "YOU," "YOUR" or "MGA" means MGAE de Mexico, S.R.L. de C.V., any of its current or former employees (including but not limited to MACHADO, TRUEBA and VARGAS) , officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.      "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

07975/2280277.2

-2-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

4.     "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.     "BRATZ DOLL" means any doll that is or has ever been distributed, marketed, sold or offered for sale under the name "Bratz" or as part of the "Bratz" line.

6.     "BRATZ PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form: (i) that is or has ever been distributed, marketed or sold under the name "Bratz" or as part of the "Bratz" line; (ii) depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed, marketed or sold in any packaging that includes the name "Bratz" or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.

7.     "BRATZ LICENSE" means any license that REFERS OR RELATES TO any BRATZ PRODUCT.

8.     "SYSTEM" or "SYSTEMS" means any computer or network of computers or other network devices that allow a two or more computers to share information and equipment, including but not limited to local area networks, wide area networks, storage area networks, client-server networks or peer-to-peer networks. The use of the term "SYSTEM" or "SYSTEMS" also includes the brand, model number,

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

07975/2280277.2

1 | technical specifications, and capacities of the computers who are part of each such

2 | SYSTEM.

3 |     9.    "DIGITAL INFORMATION" means any information created or

4 | stored digitally, including but not limited to electronically, magnetically or optically.

5 |     10.    "ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

6 | 9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

7 | therewith.

8 |     11.    "IDENTITY" means the following:

9 |     (a)    with reference to an individual or individuals, means to

10 | state, fully and separately as to each, such individual's full name, any known

11 | business title, current or last known business affiliation, current or last known

12 | residential address, current or last known business address, current or last known

13 | relationship to MGA, and current or last known telephone number.

14 |     (b)    with reference to an entity or entities, means to state, fully

15 | and separately as to each, such entity's full name, state (or country) of incorporation

16 | or organization, present or last known address, and present or last known telephone

17 | number.

18 |     (c)    with reference to any other DOCUMENT or

19 | DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

20 | event that a DOCUMENT does not have a Bates number, IDENTITY means, with

21 | respect to each such DOCUMENT, to provide a complete description of it such that

22 | it may be the subject of a request for the production of documents, including by

23 | stating the date, IDENTITY of the author, addressee(s), signatories, parties, or other

24 | PERSONS identified therein, its present location or custodian and a description of

25 | its contents.

26 |     12.    "RELATING TO" or "REFERS OR RELATES TO" means

27 | constituting, embodying, containing, referring to, commenting on, evidencing,

28 | regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to,

07975/2280277.2

-4-

1  concerning, supporting, contradicting, negating, revoking or otherwise relating to in
2  any manner.

3      13.    "COMMUNICATION," in the plural as well as the singular,
4  means any transmittal and/or receipt of information, whether such was oral or
5  written, and whether such was by chance, prearranged, formal or informal, and
6  specifically includes, but is not limited to, conversations in person, telephone
7  conversations, electronic mail (including instant messages and text messages),
8  voicemail, letters, memoranda, statements, media releases, magazine and newspaper
9  articles, and video and audio transmissions.

10      14.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS"
11  as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and
12  Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all
13  writings and records of every type and description including, but not limited to,
14  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic
15  mail ("e-mail"), records of telephone conversations, handwritten and typewritten
16  notes of any kind, statements, reports, minutes, recordings, transcripts and
17  summaries of meetings, voice recordings, pictures, photographs, drawings,
18  computer cards, tapes, discs, printouts and records of all types, studies, instruction
19  manuals, policy manuals and statements, books, pamphlets, invoices, canceled
20  checks and every other device or medium by which or through which information of
21  any type is transmitted, recorded or preserved.  Without any limitation on the
22  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
23  from the original or other versions of the DOCUMENT, including, but not limited
24  to, all drafts and all copies of such drafts or originals containing initials, comments,
25  notations, insertions, corrections, marginal notes, amendments or any other variation
26  of any kind.

27      15.    "PERSON" or "PERSONS" means all natural persons,
28  partnerships, corporations, joint ventures and any kind of business, legal or public

07975/2280277.2

-5-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

1  entity or organization, as well as its, his or her agents, representatives, employees,
2  officers and directors and any one else acting on its, his or her behalf, pursuant to
3  its, his or her authority or subject to its, his or her control.

4         16.   "LARIAN" means Isaac Larian, and all of his past or present
5  employees, officers, agents, representatives, attorneys, consultants, independent
6  contractors, any predecessors or successors in interest, and any other PERSON
7  acting on his behalf, pursuant to his authority or subject to his control.

8         17.   "MACHADO" means Carlos Gustavo Machado Gomez, and all
9  of his current or former employees, agents, representatives, attorneys, accountants,
10 vendors, consultants, independent contractors, predecessors-in-interest and
11 successors-in-interest, and any other PERSON acting on his behalf, pursuant to his
12 authority or subject to his control.

13        18.   "TRUEBA" means Mariana Trueba Almada, and all of her
14 current or former employees, agents, representatives, attorneys, accountants,
15 vendors, consultants, independent contractors, predecessors-in-interest and
16 successors-in-interest, and any other PERSON acting on her behalf, pursuant to her
17 authority or subject to her control.

18        19.   "VARGAS" means Pablo Vargas San Jose, and all of his current
19 or former employees, agents, representatives, attorneys, accountants, vendors,
20 consultants, independent contractors, predecessors-in-interest and successors-in-
21 interest, and any other PERSON acting on his behalf, pursuant to his authority or
22 subject to his control.

23        20.   "FORMER MATTEL EMPLOYEES" means any former
24 MATTEL employee who left MATTEL to join YOU, including but not limited to
25 MACHADO, TRUEBA and VARGAS.

26        21.   The singular form of a noun or pronoun includes within its
27 meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
28 the masculine form of a pronoun also includes within its meaning the feminine form

07975/2280277.2

1   of the pronoun so used, and *vice versa*; the use of any tense of any verb includes
2   also within its meaning all other tenses of the verb so used, whenever such
3   construction results in a broader request for information; and "and" includes "or"
4   and *vice versa*, whenever such construction results in a broader disclosure of
5   documents or information.

### Topics of Examination

6
7       1.      YOUR knowledge of any MATTEL product prior to the time
8   that such product had been announced or disclosed by MATTEL to retailers or the
9   public.

10      2.      YOUR receipt, reproduction, copying, storage, transmission,
11  transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or
12  information, including but not limited to any compilation of information, that was
13  prepared, made, created, generated, assembled or compiled by or for MATTEL and
14  that was not publicly available at the time of YOUR receipt of such DOCUMENT,
15  data and/or information.

16      3.      YOUR receipt, reproduction, copying, storage, transmission,
17  transfer, retention, destruction, deletion or use of any MATTEL line list or other
18  DOCUMENT prepared by MATTEL identifying MATTEL products in the planning,
19  design or development phase.

20      4.      The hiring, engagement or retention by YOU of any current or
21  former MATTEL employee or contractor, including but not limited to the terms of
22  all employment agreements and agreements RELATING TO confidentiality or the
23  invention, authorship, or ownership of any concept or product.

24      5.      The seizure of DOCUMENTS by Mexican authorities from
25  YOUR office in Mexico City, Mexico, including but not limited to the IDENTITY
26  of such DOCUMENTS and YOUR PRESERVATION of any MATTEL authored
27  DOCUMENT after the execution of the search warrant by Mexican authorities.

28

07975/2280277.2

6.    COMMUNICATIONS RELATING TO the search of YOUR office in Mexico City, Mexico that was conducted by Mexican authorities.

7.    The IDENTITY of all DOCUMENTS received by YOU, directly or indirectly, from any FORMER MATTEL EMPLOYEE authored by or for the benefit of MATTEL, or RELATING TO MATTEL or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

8.    COMMUNICATIONS with any PERSON RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from any FORMER MATTEL EMPLOYEE.

9.    COMMUNICATIONS between YOU and any of the FORMER MATTEL EMPLOYEES prior to April 20, 2004, including without limitation any and all DOCUMENTS any of the FORMER MATTEL EMPLOYEES transmitted to or shared with YOU prior to April 20, 2004.

10.    COMMUNICATIONS between YOU and any of the FORMER MATTEL EMPLOYEES RELATING TO MATTEL or any MATTEL product, potential product, business plan, line list, DOCUMENT or pricing.

11.    COMMUNICATIONS between any of the FORMER MATTEL EMPLOYEES and LARIAN, Thomas Park and/or Susanna Kuemmerle prior to April 20, 2004.

12.    Travel to Los Angeles, California by any of the FORMER MATTEL EMPLOYEES between January 1, 2004 and April 20, 2004.

13.    The content, meaning and authenticity of e-mail messages, including attachments and metadata, sent from or received by YOU to or from the e-mail address <plot04@aol.com>.

07975/2280277.2

14.     The content, meaning and authenticity of e-mail messages, including attachments and metadata, sent from or received at the e-mail address <argentrade@aol.com> to or from the e-mail address <plot04@aol.com>.

15.     The content, meaning and authenticity of e-mail messages, including attachments and metadata, sent from or received at the e-mail address <argentrade@aol.com> to or from any of the FORMER MATTEL EMPLOYEES.

16.     COMMUNICATIONS RELATING TO YOUR market planning and product development RELATING TO the toy market in Mexico prepared, created, sent or transmitted, whether in whole or in part, by MACHADO, TRUEBA and/or VARGAS at any time prior to April 30, 2005.

17.     COMMUNICATIONS between YOU and any PERSON RELATING TO the departure or resignation from MATTEL of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

18.     The job responsibilities of each FORMER MATTEL EMPLOYEE in the first six months after each joined MGA.

19.     The content, meaning and authenticity of each personnel file maintained or created by YOU RELATING TO any FORMER MATTEL EMPLOYEE.

20.     Any and all agreements between YOU and any of the FORMER MATTEL EMPLOYEES, including all drafts of such agreements and COMMUNICATIONS related thereto.

21.     Compensation, money or any other item of value paid by YOU to any FORMER MATTEL EMPLOYEE, whether directly or indirectly, or paid to any PERSON for the benefit of or RELATING TO any FORMER MATTEL EMPLOYEE.

22.     Any promotions, raises, bonuses, monetary incentives, payments, awards, transfers, warnings, admonishment, discipline, reprimands, demotions or

07975/2280277.2

-9-

NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

1  terminations of or received by any of the FORMER MATTEL EMPLOYEES while
2  employed by YOU.

3       23.    Any agreements, contracts, offers, promises, proposals or requests
4  RELATING TO the indemnification of or by any of the FORMER MATTEL
5  EMPLOYEES or the payment of legal fees by or for any of the FORMER MATTEL
6  EMPLOYEES.

7       24.    COMMUNICATIONS between YOU and any PERSON
8  RELATING TO the obligations to MATTEL, including the duty of confidentiality,
9  of any current or FORMER MATTEL EMPLOYEE or MATTEL contractor.

10       25.    COMMUNICATIONS between YOU and any current or
11  FORMER MATTEL EMPLOYEE or MATTEL contractor RELATING TO the
12  ownership of, or any right, title or interest in, any idea, concept, design, or product.

13       26.    COMMUNICATIONS between YOU and any PERSON
14  RELATING TO the retention, destruction, transfer, or use of any information or
15  DOCUMENTS known to or possessed by any current or former MATTEL
16  employee or contractor.

17       27.    The IDENTITY of DOCUMENTS that YOU have reason to
18  believe were created by or originated from MATTEL, other than MATTEL products
19  that YOU purchased at retail at any time since January 1, 2004.

20       28.    The development of MGA's 2005 product line, including the
21  IDENTITY of each person who participated in the decision making leading up to
22  such product line.

23       29.    The development of MGA's 2006 product line, including the
24  IDENTITY of each person who participated in the decision making leading up to
25  such product line.

26       30.    Any warning, admonition, discipline or other adverse
27  employment action by YOU RELATING TO any of YOUR current or former
28

07975/2280277.2

-10-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

1 | employees for using a competitor's confidential or proprietary information, trade
2 | secrets or intellectual property.

3 |        31.    YOUR policies or procedures regarding the use or prohibition of
4 | use of an competitor's confidential or proprietary information, trade secrets or
5 | intellectual property.

6 |        32.    YOUR efforts to maintain the secrecy of YOUR claimed trade
7 | secrets and the date YOU started such efforts.

8 |        33.    Any failures to comply with YOUR efforts to maintain the
9 | secrecy of YOUR trade secrets, and any violations of YOUR policies or procedures
10 | with respect to the maintenance of the secrecy of YOUR trade secrets.

11 |        34.    The IDENTITY of each individual who has failed to comply with or
12 | violated YOUR policies and procedures to maintain the secrecy of YOUR trade secrets.

13 |        35.    Any alleged failures of MATTEL to maintain the secrecy of its trade
14 | secrets.

15 |        36.    COMMUNICATIONS between YOU and any individual while
16 | the individual was employed by MATTEL.

17 |        37.    The factual bases for YOUR affirmative defenses.

18 |        38.    The product name, product number and SKU of each BRATZ
19 | PRODUCT, including without limitation each BRATZ DOLL, sold by YOU or
20 | YOUR licensees, and the number of units of each sold by YOU or YOUR licensees.

21 |        39.    YOUR cost of goods sold, unit cost and other costs for each
22 | BRATZ PRODUCT, including without limitation BRATZ DOLLS, sold by YOU or
23 | YOUR licensees.

24 |        40.    YOUR revenues and profits, including gross, net and incremental
25 | profits, from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

26 |        41.    The number of units of each BRATZ PRODUCT sold by YOU
27 | or YOUR licensees, the identity of each customer to whom YOU or YOUR

28 |

07975/2280277.2

-11-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.

1  licensees have ever sold any BRATZ PRODUCT, and the revenues and profits that
2  YOU have earned therefrom by customer.

3      42.    Customer returns to YOU of BRATZ PRODUCTS, including
4  without limitation BRATZ DOLLS, sold or distributed by YOU or YOUR licensees.

5      43.    Customer rebates or credits given by YOU or YOUR licensees to
6  customers in connection with BRATZ PRODUCTS, including without limitation
7  BRATZ DOLLS.

8      44.    YOUR cost allocation procedures.

9      45.    YOUR sales, profit and cash flow projections or forecasts for
10  BRATZ PRODUCTS, including without limitation BRATZ DOLLS.

11      46.    The BRATZ DOLLS' share of the fashion doll market in Mexico
12  including, without limitation, the extent to which BRATZ has been or is gaining or
13  losing market share in the Mexico fashion doll market.

14      47.    YOUR net worth on a yearly basis from January 1, 2004 to the
15  present.

16      48.    YOUR monthly, quarterly and annual financial reports, including
17  financial statements (both audited and unaudited) from January 1, 2004 through the
18  present, inclusive.

19      49.    YOUR tax returns from January 1, 2004 to the present, including
20  all schedules and work papers RELATING TO their preparation and filing.

21      50.    YOUR corporate structure since January 1, 2004, including without
22  limitation YOUR relationship with MGA Entertainment, Inc., to MGA Entertainment
23  Mexico, Inc. and the IDENTITY of YOUR officers, directors, shareholders and
24  employees.

25      51.    The retention or destruction policies, procedures and practices for
26  YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO
27  BRATZ since January 1, 2004, including without limitation the retention or destruction
28

1  of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced,

2  modified or upgraded and (b) when PERSONS leave YOUR employ.

3       52.    The preservation, collection, destruction, removal, transfer, loss or

4  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection

5  with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

6       53.    The preservation, collection, destruction, removal, transfer, loss or

7  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1,

8  2004 that REFER OR RELATE TO MATTEL (including without limitation to any

9  MATTEL product, plan or information) that YOU received in any manner from any

10  PERSON who was at the time an employee of MATTEL or who had previously been

11  an employee of MATTEL.

12       54.    YOUR DIGITAL INFORMATION data backup policies, practices

13  and procedures from January 1, 2004 to the present, including without limitation the

14  location and specifications of any media used to preserve YOUR DIGITAL

15  INFORMATION and the software, if any, used to preserve YOUR DIGITAL

16  INFORMATION.

17       55.    The DIGITAL INFORMATION SYSTEMS and the application

18  software that YOU have used since January 1, 2004 that REFER OR RELATE TO

19  design, development, planning, inventory, manufacturing, sales, shipping and

20  accounting, including without limitation the common or shared storage for such

21  DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL

22  INFORMATION SYSTEMS, and any changes, modifications or upgrades to such

23  DIGITAL INFORMATION SYSTEMS or application software.

24       56.    The IDENTITY of PERSONS, including without limitation

25  vendors, who since January 1, 2004 have been responsible for or supported YOUR

26  DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of

27  such PERSON who serviced or provided hardware for YOUR DIGITAL

28  INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL

07975/2280277.2

1  INFORMATION, including but not limited to internet service providers, and provided

2  analytical, training or implementation services with respect to YOUR DIGITAL

3  INFORMATION SYSTEMS.

4       57.   The electronic messaging SYSTEMS used by YOUR employees

5  within the scope of their employment between January 1, 2004 and the present,

6  including but not limited to electronic mail, instant messenger, telephone or voice-mail,

7  and the routing of such electronic messages to, from or within MGA.

8       58.   YOUR policies, practices and procedures regarding the use of

9  transportable media that contain or are capable of containing DIGITAL

10  INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB

11  drives, portable hard drives, digital cameras and personal digital assistants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2280277.2

-14-
NOTICE OF 30(B)(6) DEPOSITION OF MGAE DE MEXICO, S.R.L. DE C.V.