1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12         Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 13         vs. | Case No. CV 05-02727 |
| 14  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 15         Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| 16 | |
| 17  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF METADATA; AND |
| 18 | |
| 19 | MEMORANDUM OF POINTS AND AUTHORITIES |
| 20 | [Declaration of B. Dylan Proctor filed concurrently herewith] |
| 21 | |
| 22 | Hearing Date:     TBD |
| 23 | Time:               TBD |
|    | Place:              TBD |
| 24 | Discovery Cut-off:        January 28, 2007 |
| 25 | Pre-trial Conference:   May 5, 2008 |
|    | Trial Date:                 May 27, 2008 |
| 26 | |
| 27 | |
| 28 | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to compel MGA Entertainment, Inc. ("MGA") to produce specified e-mails in their native, electronic format, and for sanctions.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37 on the grounds that Mattel's Requests for Production seek discoverable information, including electronic information, and MGA has failed to produce documents in response thereto without justification.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### **Statement of Rule 37-1 Compliance**

The parties met and conferred regarding this motion on August 29, 2007 and times thereafter, including with MGA's substituted counsel after the expiration of the stay on November 16, 2007 and November 21, 2007.

DATED: November 21, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _B. Dylan Proctor /MH_

B. Dylan Proctor
Attorneys for Mattel, Inc.

# **TABLE OF CONTENTS**

**Page**

Preliminary Statement ........................................................................ 1

Statement of Facts............................................................................. 2

Argument ......................................................................................... 5

I.    THE COURT SHOULD COMPEL MGA TO PRODUCE THE REQUESTED DOCUMENTS IN THEIR NATIVE FORMAT, INCLUDING ALL METADATA ................................................. 5

    A.    The Information Contained in the Metadata of these Documents Is Relevant to Mattel's RICO Claims...................................... 5

    B.    MGA Is Obligated to Produce These Electronic Documents................ 6

    C.    Any Burden This Production Places on MGA Is Minimal.................... 7

II.    MGA SHOULD BE SANCTIONED.............................................. 8

Conclusion ....................................................................................... 9

MATTEL'S MOTION TO COMPEL PRODUCTION OF METADATA

# TABLE OF AUTHORITIES

**Page**

## Cases

Braley v. Campbell,
  832 F.2d 1504 (10th Cir. 1987)................................................................9

Hyde & Drath v. Baker,
  24 F.3d 1162 (9th Cir. 1994)..................................................................8

Musick v. Burke,
  913 F.2d 1390 (9th Cir. 1990)................................................................5

Playboy Enterprises, Inc. v. Welles,
  60 F. Supp. 2d 1050 (S.D. Cal. 1999) ....................................................7

RTC v. Dabney,
  73 F.3d 262 (10th Cir. 1995)..................................................................9

Simon Property Group v. Simon, Inc.,
  194 F.R.D. 639 (S.D. Ind. 2000) ............................................................7

United States v. Daniel,
  329 F.3d 480 (6th Cir. 2003)..................................................................6

Williams v. Sprint/United Management Company,
  230 F.R.D. 640 (D. Kan. 2005)..........................................................6, 7

Zubulake v. UBS Warburg LLC,
  217 F.R.D. 309 (S.D.N.Y. 2003)............................................................6

## Statutes

28 U.S.C. § 1927........................................................................................8

18 U.S.C. § 1962(c)....................................................................................5

Fed. R. Civ. P. 26(b)(1) .............................................................................6

Fed. R. Civ. P. 34...............................................................................2, 6, 7

Fed. R. Civ. P. 37(a)(4) .............................................................................8

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Once again, Mattel requests the Court's assistance in compelling MGA to produce obviously relevant and discoverable information.  Indeed, MGA agreed to produce it on numerous occasions but has not done so.

Mattel has been seeking "metadata" from certain electronic mail communications that shows from where an e-mail was sent from and was sent to -- information that is not contained in the produced, printed versions of these e-mails.  As is undisputed, this metadata is relevant to Mattel's allegation that certain counter-defendants sent various e-mails in furtherance of their criminal conspiracy *across state or international borders* -- activities that constitute predicate acts of wire fraud underlying Mattel's RICO claims.  Nor has MGA disputed that the requested information is discoverable.  In fact, after numerous requests by Mattel and several meet and confers, MGA long ago agreed to produce the native, i.e. electronic, versions of each of these e-mails that contain the requested metadata by October 1, 2007.  Nevertheless, despite the fact that it was first requested by Mattel on August 21, 2007, MGA has not done so and now declines to even provide Mattel with a date on which it will commit (again) to finally produce these electronic files.

MGA has repeatedly represented to the Court and Mattel that it has preserved all of the electronic documents that are potentially relevant to this dispute.  If true, MGA accordingly possesses the metadata for these electronic files that Mattel seeks to prove its claims.  Each and every e-mail Mattel requests was either sent or received by at least one MGA employee.  MGA should be compelled to produce without further delay these documents in their native or electronic format, with full "e-mail header" information to show the "IP addresses" to which e-mails have traveled.

-1-

## Statement of Facts

### MGA Agrees to Produce Relevant Documents in Their Native, Electronic Format.

On August 21, 2007, Mattel requested copies of specified e-mails "in their native format, including all metadata and the full e-mail header information," as well as a meet and confer on the subject of MGA's production.[1] Mattel specifically identified by Bates number each of the e-mails for which it was requesting metadata.[2]

The following day, MGA responded by e-mail that they were "researching the documents" and would respond to Mattel at a later date.[3] On August 28, 2007, because MGA had not responded further, Mattel sent a second letter requesting a meet and confer.[4] The parties met and conferred on August 29, 2007. At that time, Mattel informed MGA that all of the e-mails it sought were included in Exhibit C of Mattel's Second Amended Answer and Counterclaims and that it would accept, at least as an initial matter, the production of each e-mail in its native format from *any* source where the e-mail can be located, i.e. from the electronic file of any recipient or sender of a given e-mail, in order to minimize any

---

[1]   Letter from Dylan Proctor to Jim Jenal, dated August 21, 2007, at 1-2, attached as Exh. 1 to the Declaration of B. Dylan Proctor in Support of Mattel's Motion to Compel Documents, dated November 21, 2007 ("Proctor Dec."), Exh. 1.

[2]   Id. The next day, Mattel clarified that it was not seeking certain of the documents, which were inadvertently included in Mattel's request. E-mail from Proctor to Jenal, dated August 22, 2007, Proctor Dec., Exh. 2.

[3]   E-mail from Jenal to Proctor, dated August 22, 2007, Proctor Dec., Exh. 2. MGA also inquired as to why some of the requested documents were identified with an "M" bates number, rather than an "MGA" one. Id. Mattel sent a reply e-mail that although some of these "M" documents were included inadvertently, others were e-mails between MGA and Gustavo Machado Gomez, Pablo Vargas San Jose, and Mariana Trueba, that Mattel had produced. E-mail from Proctor to Jenal, dated August 22, 2007, Proctor Dec., Exh. 2.

[4]   Letter from Proctor to Jenal, dated August 28, 2007, at 1, Proctor Dec., Exh. 3.

arguable burden this production would place on MGA.[5]  MGA promised to investigate.[6]  On September 10, 2007, Mattel received a letter from MGA requesting that Mattel provide twenty documents that Mattel had already produced in printed form "in their native format, including all metadata and the full e-mail header information"[7] -- information Mattel has since produced.[8]

Then, during a follow-up meet and confer on September 14, 2007, MGA agreed to produce all of the e-mails requested by Mattel in their electronic format, *with full e-mail header information,* on or before October 1, 2007.[9]

MGA Fails to Produce as Promised.  On October 3, 2007, when these electronic documents were already past due,  MGA produced a chart containing what it claimed to be "the metadata MGA was able to retrieve," rather than the files themselves.[10]  This chart did not contain the e-mail header information that was promised by MGA and requested by Mattel.[11] As a result, the chart produced by MGA was of little use for proving from where, or to where, these e-mails were sent.[12]  In addition, the chart contained no information whatsoever for some of the requested e-mails which had been sent to or from MGA employees in 2004.[13]  MGA

---

[5]   Letter from Proctor to Jenal, dated August 30, 2007, at 2, Proctor Dec., Exh. 4.
[6]   Proctor Dec., ¶ 6.
[7]   Letter from Chris Nguyen to Proctor, dated September 10, 2007, Proctor Dec., Exh. 5.
[8]   Proctor Dec., ¶ 7.
[9]   Letter from Proctor to William J. Charron, dated September 14, 2007, at 1, Proctor Dec., Exh. 6.
[10]  See Letter from Nguyen to Proctor, dated October 3, 2007, Proctor Dec., Exh. 7.
[11]  See id.
[12]  Proctor Dec., ¶ 9.
[13]  See Letter from Chris D. Nguyen to Proctor, dated October 3, 2007, Proctor Dec., Exh. 7.

-3-

1   offered no explanation why it had produced this chart in lieu of the electronic files it

2   had promised.[14]

3          After Mattel explained to MGA that the chart was inadequate,[15] MGA

4   again assured Mattel that it would provide the electronic version of each of the

5   requested e-mails MGA possessed, and represented that it would investigate how

6   long this would take.[16] On October 12, 2007, prior counsel for MGA withdrew.[17]

7   On October 14, 2007, Mattel sent an e-mail to MGA's new counsel that catalogued

8   some of the discovery MGA owed Mattel, including the overdue electronic

9   documents.[18] Mr. Nolan informed Mattel that he would "look into" these matters.[19]

10  Since nothing further was heard from MGA on this subject, Mattel sent an

11  additional letter on October 29, 2007, identifying categories of discovery that MGA

12  still owed Mattel, including the electronic files MGA agreed to produce.[20]

13         On November 16, 2007, counsel for Mattel again met and conferred,

14  this time with MGA's new counsel.  MGA stated it was inclined to produce the

15  electronic version of these documents, including all metadata, was investigating

16  what would be involved in such a production, and would follow up with Mattel

17

18

19

20

21  [14] See id.
    [15] E-mail from Proctor to Charron, dated October 4, 2007, Proctor Dec., Exh. 8.

22  [16] E-mail from Proctor to Charron, dated October 8, 2007, Proctor Dec., Exh. 9.
    [17] Request for Approval of Substitution of Attorney and Order, dated October

23  12, 2007, Proctor Dec., Exh. 10.
    [18] E-mail from Jon D. Corey to Thomas J. Nolan, dated October 14, 2007,

24  Proctor Dec., Exh. 11.
25  [19] E-mail form Nolan to Proctor and Corey, dated October 14, 2007, Proctor

26  Dec., Exh. 12.
    [20] Letter from Zeller to Nolan, dated October 29, 2007, at 6, Proctor Dec., Exh.

27  13.

28

1   during a scheduled teleconference on November 21, 2007.[21]  However, Mattel has

2   still not received these documents, let alone a date by which they will be produced.[22]

3                                    **Argument**

4

5   I.    **THE COURT SHOULD COMPEL MGA TO PRODUCE THE**

6         **REQUESTED DOCUMENTS IN THEIR NATIVE FORMAT,**

7         **INCLUDING ALL METADATA**

8

9         A.    **The Information Contained in the Metadata of these Documents Is**

10              **Relevant to Mattel's RICO Claims**

11                  Mattel has asserted claims for violations of RICO and conspiracy to

12   violate RICO against all the counter-defendants to this action.[23]  To that end, Mattel

13   alleges that defendants engaged in a "pattern of racketeering activity," including

14   wire fraud.[24]  To prove wire fraud allegations, Mattel may show that counter-

15   defendants' conduct affected "interstate or foreign commerce." See 18 U.S.C. §

16   1962(c) ("It shall be unlawful for any person employed by or associated with any

17   enterprise engaged in, or the activities of *which affect, interstate or foreign*

18   *commerce,* to conduct or participate, directly or indirectly, in the conduct of such

19   enterprise's affairs through a pattern of racketeering activity or collection of

20   unlawful debt."); see also Musick v. Burke, 913 F. 2d 1390, 1399 (9th Cir. 1990)

21   (demonstration of effect on interstate commerce is appropriate in context of RICO

22   claim).  This can be established by proof that certain of counter-defendants' e-mails,

23   made in furtherance of their criminal conspiracy, were communicated over state or

24   _____

25   [21]   Proctor Dec., ¶ 19.

26   [22]   Proctor Dec., ¶ 20.

27   [23]   Mattel's Second Amended Answer and Counterclaims, dated July 12, 2007, at
         ¶¶ 88-105, Proctor Dec., Exh 14.

28   [24]   See id.

1 | international borders.  <u>See, e.g.</u>, <u>United States v. Daniel</u>, 329 F.3d 480, 485 (6th Cir.
2 | 2003).

3 |       Mattel has alleged that each of the e-mails for which it seeks metadata
4 | was communicated in furtherance of a defendants' conspiracy in violation of RICO.
5 | Therefore, the information requested by Mattel -- metadata that shows from where
6 | and to where an e-mail was sent, and where the e-mail traveled -- may provide
7 | evidence showing that some, or all, of these communications were made across state
8 | lines.  The paper copies of the e-mails do not contain this information.  As a result,
9 | the metadata sought by Mattel, and promised by MGA, is highly relevant.  In fact,
10 | all of these documents relate to MGA's alleged theft of Mattel's trade secrets and
11 | other confidential information -- allegations for which the Court has already had to
12 | order MGA to produce responsive documents.[25]

13 |

14 |      **B.**    <u>**MGA Is Obligated to Produce These Electronic Documents**</u>

15 |       Mattel is entitled to <u>Fed. R. Civ. P.</u> 26(b)(1) "discovery regarding any
16 | matter, not privileged, which is relevant to the subject matter in the pending
17 | litigation."  Electronic versions of relevant documents, including their metadata, are
18 | no exception to this standard and are clearly discoverable under <u>Rule 34</u>.  <u>Williams</u>
19 | <u>v. Sprint/United Management Company</u>, 230 F.R.D. 640, 656 (D. Kan. 2005)
20 | (holding that producing party should produce electronic version of documents,
21 | including metadata); <u>Zubulake v. UBS Warburg LLC</u>, 217 F.R.D. 309, 317
22 | (S.D.N.Y. 2003) ("[E]lectronic documents are no less subject to discovery than
23 | paper records.  This is true not only of electronic documents that are currently in
24 | use, but also of documents that may have been deleted and now reside only on

25 |

26 |

27 | [25]  Order Granting in Part and Denying in Part Mattel's Motion to Compel the Production of Documents by MGA, dated August 13, 2007, at 14, Proctor Dec. Exh. 16.

28 |

1  backup disks."); <u>Playboy Enterprises, Inc. v. Welles</u>, 60 F. Supp. 2d 1050, 1053

2  (S.D. Cal. 1999) ("The Advisory Committee Notes to Fed. R. Civ. P. 34 make clear

3  that information stored in computer format is discoverable."); <u>Simon Property</u>

4  <u>Group v. Simon, Inc.</u>, 194 F. R. D. 639, 640 (S.D. Ind. 2000) ("[C]omputer records,

5  including records that have been 'deleted,' are documents discoverable under <u>Fed. R.</u>

6  <u>Civ. P.</u> 34.").  Mattel is accordingly entitled to any electronic documents, and

7  corresponding metadata, that are relevant to its claims.  <u>See</u> <u>Williams</u>, 230 F. R. D.

8  at 651 ("Of course, if the producing party knows or should reasonably know that

9  particular metadata is relevant to the dispute, it should be produced) (citations

10  omitted).

11

12    **C.**    <u>**Any Burden This Production Places on MGA Is Minimal**</u>

13         MGA cannot genuinely claim, and indeed has not claimed to date, that

14  the production requested by Mattel is unduly burdensome.  To the contrary, after

15  "researching" them, MGA agreed to produce these electronic documents.[26]

16         In addition, first, MGA should be able to produce the requested

17  information with little effort.  Mattel has done everything in its power to minimize

18  whatever arguable burden this production could place on MGA.  Mattel has

19  specifically identified each of the e-mails for which it seeks an electronic

20  counterpart, all of which have already been produced.  In Mattel's initial letter

21  requesting this information on August 21, 2007, Mattel provided a bates number for

22  each of the documents it seeks in order to assist MGA in locating these documents.[27]

23  So as to reduce any burden further, Mattel also informed MGA that it would accept

24  the production of each e-mail in its electronic form from *any* source where the e-

25

26  ───────────

27  [26]  E-mail from Jenal to Proctor, dated August 22, 2007, Proctor Dec., Exh. 2.
     [27]  Letter from Dylan Proctor to Jim Jenal, dated August 21, 2007, at 1-2,

28  Proctor Dec., Exh. 1.

1   mail can be located, i.e. from the electronic file of any recipient or sender of a given

2   e-mail.[28]

3          Second, every e-mail for which Mattel seeks an electronic version was

4   sent or received by at least one of MGA's own employees, and thus should be

5   readily accessible.[29]  Moreover, since MGA claims it "does not have, and never has

6   had, a policy to auto-delete e-mails," the electronic versions of the e-mails sought by

7   Mattel should still be in MGA's possession, and easily accessible.[30]

8          Mattel is not asking MGA to do anything more than locate and produce

9   electronic versions of its employees' e-mails that are relevant to this dispute, which

10  it has already promised to produce.  It should be ordered to do so immediately.

11

12  ## II.    MGA SHOULD BE SANCTIONED

13          Under the Federal Rules, a party bringing a motion to compel is entitled

14  to the "reasonable expenses incurred in making the motion, including attorney's

15  fees, unless the court finds that the motion was filed without the movant's first

16  making a good faith effort to obtain the disclosure or discovery without court action,

17  or that the opposing party's nondisclosure, response or objection was substantially

18  justified, or that other circumstances make an award of expenses unjust."  Fed. R.

19  Civ. P. 37(a)(4).  The burden of establishing substantial justification is on the party

20  being sanctioned.  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

21  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides

22  that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably

23

24  _____

25  [28]  Letter from Proctor to Jenal, dated August 30, 2007, at 2, Proctor Dec., Exh. 4.

26  [29]  Email from Proctor to Jenal, dated August 22, 2007, Proctor Dec., Exh. 2.

27  [30]  Declaration of Daphne Gronich in Response to Court's Request for Information Regarding Document Preservation, dated September 10, 2007, at ¶ 11,

28  Proctor Dec., Exh. 15.

1  and vexatiously may be required by the court to satisfy personally the excess costs,

2  expenses, and attorneys' fees reasonably incurred because of such conduct."

3  Sanctions under this section are appropriate "for conduct that, viewed objectively,

4  manifests either intentional or reckless disregard of the attorney's duties to the

5  court." <u>RTC v. Dabney</u>, 73 F.3d 262, 265 (10th Cir. 1995), citing <u>Braley v.</u>

6  <u>Campbell</u>, 832 F.2d 1504, 1512 (10th Cir. 1987).

7        MGA has failed to produce documents that relate to MGA's alleged

8  theft of Mattel's trade secrets and other confidential information -- allegations for

9  which the Court has already ordered MGA to produce responsive documents.[31]  This

10  is despite the fact that MGA long ago agreed to produce this information, and has no

11  justification for failing to live up to its obligation.

12        MGA's actions are part of a pattern of unreasonable and vexatious

13  conduct by the MGA parties, and MGA, and it should be sanctioned for the fees

14  Mattel has been forced to incur in connection with this motion.  Mattel therefore

15  requests that MGA and its counsel be ordered to pay $2,500 as partial

16  reimbursement for the fees Mattel has incurred on this Motion.

17                    **Conclusion**

18        For the foregoing reasons, MGA should be compelled to produce the

19  electronic version of each of the e-mails requested by Mattel with their

20  accompanying metadata.

21  DATED:  November 21, 2007        QUINN EMANUEL URQUHART OLIVER &
22                                  HEDGES, LLP

23

24        By B. Dylan Proctor /DH/

25        B. Dylan Proctor
          Attorneys for Mattel, Inc.

26

27  [31]  Order Granting Mattel's Motion to Compel Production of Documents, dated
28  August 13, 2007, at 14, Proctor Dec. Exh. 16.