QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S REPLY TO CARTER BRYANT'S AND MGA DEFENDANTS' JOINT OPPOSITION TO MATTEL'S MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES<br><br>Date:   December 3, 2007<br>Time:   10:00 a.m.<br>Place:  Courtroom 1<br><br>**Phase 1**:<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................... 1

I. THE OPPOSITION MISINTERPRETS RULE 33(A) AND IGNORES THE MOTION'S SHOWINGS ............................................................ 3

II. DEFENDANTS DO NOT SHOW THAT MATTEL HAS ADEQUATE ALTERNATIVE MEANS TO OBTAIN THE BASES FOR THEIR AFFIRMATIVE DEFENSES .................................................. 4

    A. The Opposition Mischaracterizes Judge Infante's September 5, 2007 Order .............................................................................. 5

    B. There Are No Adequate Substitutes To Determine The Factual Basis Of The Affirmative Defenses ........................................... 6

III. THE OPPOSITION FAILS TO SHOW THAT THE BURDEN OF RESPONDING TO THE INTERROGATORY OUTWEIGHS THE BENEFIT OF PROPER DISCLOSURE ............................................ 8

CONCLUSION ................................................................................................... 12

# TABLE OF AUTHORITIES

**Page**

### Cases

Am. Oil Co. v. Penn. Petro. Co.,
  23 F.R.D. 680 (D. R.I. 1959) .................................................................. 8

Audiotext Comm. v. U.S. Telcomm., Inc.,
  1995 WL 625953 (D. Kan. Oct. 5, 1995) ................................................. 9

Belfleur v. Salman Maint.,
  2007 WL 2608668 (S.D. Fla. Sept. 5, 2007) ............................................ 6

Clean Earth Remed. v. Am. Int'l Group,
  245 F.R.D. 313 (S.D.N.Y. 2007) ............................................................ 9

Martin v. Easton Pub.,
  85 F.R.D. 312 (E.D. Pa. 1980) ................................................................ 3

McCormack-Morgan v. Teledyne Indus.,
  134 F.R.D. 275 (N.D. Cal. 1991),
  rev'd on other grounds, 765 F. Supp. 611 (N.D. Cal. 1991) .................... 5

McKesson Info. v. Epic. Sys. Corp.,
  242 F.R.D. 689 (N.D. Ga. June 6, 2007) ................................................. 6

Met. Opera Ass'n v. Local 100, Hotel Empl. & Rest. Empl. Int'l Un.,
  212 F.R.D. 178 (S.D.N.Y. 2003) ............................................................ 6

Missouri Pac. RR. v. Aetna,
  1995 WL 861146 (N.D. Tex. May 17, 1995) .......................................... 8

Pension Ben. Guar. Corp v. Ziffer,
  1994 WL 11654 (N.D. Ill. Jan. 6, 1994) .................................................. 9

Protective Optics. v. Panoptx, Inc.,
  2007 WL 963972 (N.D. Cal. March 30, 2007) ...................................... 10

Sabin v. St. Croix,
  2006 WL 3694649 (D.V.I. Oct. 6, 2003) ................................................. 9

In re Tex. E. Trans. Corp. PCB Litig.,
  1990 WL 21120 (E.D. Pa. Mar. 5, 1990) ................................................. 5

Twigg v. Pilgrims Pride,
  2007 WL 676208 (N.D. W.Va. March 1, 2007) ...................................... 9

Williams v. The Art Inst. of Atl.,
  2006 WL 3694649 (Sept. 1, 2006) .......................................................... 9

Case 2:04-cv-09049-DOC-RNB   Document 1141   Filed 11/26/07   Page 4 of 16   Page ID
#:3509

Wilson Land v. Smith Barney,
  2000 WL 33672980 (E.D.N.C. Dec. 8, 2000) ........................................................ 3

Wilson v. Thompson/Center Arms,
  2006 WL 3524250 (E.D. La. Dec. 5, 2006) .......................................................... 9

Zapata v. IBP,
  1997 WL 122588 (D. Kan. March 13, 1997) ....................................................... 9

**Statutes**

Fed. R. Civ. P. 11 ............................................................................................................. 8

Fed. R. Civ. P. 26 ............................................................................................................. 1

Fed. R. Civ. P. 26(b) ........................................................................................................ 8

Fed. R. Civ. P. 26(b)(2) .................................................................................................... 3

Fed. R. Civ. P. 30(b)(6) .................................................................................................... 2

Fed. R. Civ. P. 33(a) ........................................................................................................ 3

**Other Authorities**

8A Federal Practice & Procedure § 2167 ........................................................................ 8

**Preliminary Statement**

Mattel is seeking full and fair disclosure from defendants of the factual bases of their own affirmative defenses. There is scarcely anything untoward or surprising about this request. To the contrary, it is the type of obvious discovery that the Court noted earlier this year defendants should be disclosing but which they nevertheless have consistently refused to provide, forcing motion after motion and Order after Order compelling them to do so.

The Moving Papers demonstrated that the proposed supplemental interrogatory is justified under Rules 26 and 33. There can be no doubt that Mattel would be significantly prejudiced—and trial of this matter would be prolonged and complicated—if defendants were allowed to refuse disclosure of the factual bases of the many defenses they have put at issue in this complex, multi-party action.

In resisting this basic discovery into their own affirmative defenses, the defendants make essentially two arguments. First, they argue that Mattel purportedly has already had ample opportunity to take discovery on their many affirmative defenses. However, defendants fail to explain how Mattel could possibly obtain the factual bases for the six defendants' affirmative defenses without a contention interrogatory. Nor can they. Contention interrogatories into affirmative defenses have long been favored by courts precisely because they require full disclosure and thereby advance the key purposes of discovery, including avoiding trial by surprise and vindicating the truth-finding function of the judicial system. Document requests cannot adequately illuminate the underpinnings, if any, for the purported defenses. That is particularly true here, since pointing to an undifferentiated pile of the more than three million pages of documents produced in this action so far is effectively no disclosure at all. And, defendants do not assert that all of the witnesses and facts underlying their supposed defenses are even disclosed on the face of the documents. Depositions are likewise not a complete substitute for a contention interrogatory. Because the

individual defendants, for example, cannot be required through a Rule 30(b)(6) deposition to produce an educated representative, they can simply point to their counsel as supposedly knowing the salient facts and continue to withhold disclosure from Mattel. Furthermore, as the Court is aware, defendants just as vigorously oppose and refuse to provide discovery through alternative methods as well, so their insistence that other means be used is the functional equivalent of saying no discovery into their affirmative defenses should be permitted at all. Mattel's requested contention interrogatory on defendants' affirmative defenses is proper.

Second, the Opposition argues that requiring defendants to elucidate the factual bases for their own affirmative defenses would be unduly burdensome. That is frivolous. Defendants do not and cannot show how responding to an interrogatory seeking information about their own contentions in this case would be unduly burdensome. To plead their defenses consistent with Rule 11, defendants must believe there are grounds supporting them. As courts have recognized, it cannot be unduly burdensome to have to disclose those grounds in discovery since defendants will inevitably have to assemble the same information prior to trial to prepare their cases. Defendants point out that Mattel has propounded some interrogatories on multiple defendants. Not only is that consistent with Judge Infante's rulings, but the mere fact that some responses may be duplicative as between different defendants does not constitute a burden that could outweigh the prejudice to Mattel of not knowing the factual basis of a substantive defense. Indeed, if anything, defendants' point undermines their position, for if defendants all have the same response to Mattel's interrogatory as they appear to suggest, they can simply say so in answering it and minimize any supposed burden among them.

The substantial benefits of the requested discovery to Mattel—and to the overall litigation—heavily outweigh any ostensible burden faced by defendants in having to

support the affirmative defenses which they themselves have asserted. Defendants should be required to disclose the bases of their affirmative defenses.

## I. THE OPPOSITION MISINTERPRETS RULE 33(A) AND IGNORES THE MOTION'S SHOWINGS

In the Opposition, defendants first invoke the unremarkable proposition that a Court ordinarily "'shall' limit discovery," Opp. at 1, but then turn the flexible and permissive nature of federal discovery on its head and ignore the practical realities of the present action. Under the Rules, leave for additional interrogatories "shall be granted" to the extent consistent with the principles set forth in Rule 26(b)(2). Fed. R. Civ. P. 33(a). Consistent with this, the Court expressly noted in connection with its initial Scheduling Order that the case might well require an expansion on the number of allotted interrogatories, and indicated they would be "forthcoming" when needed.[1] That circumstance has now come to pass.

The Opposition argues that Mattel has failed to make a "particularized showing" to justify its request for its supplemental interrogatory. Opp. at 1. To the contrary, Mattel set forth at length the facts that defendants collectively have asserted 120 defenses (although there is some duplication of defenses among the six defendants) and that Mattel has a legitimate need to discover the factual bases of all defendants' contentions. Motion at 1-7. At a minimum, Mattel needs to know *which* defendant is relying on what grounds. Mattel has also explained the rationale used in propounding its prior sets of interrogatories and explained why Mattel has no prospect—absent the relief now sought—of finding out the factual bases of the remaining dozens of defenses.

---

[1] Tr. of February 12, 2007 Scheduling Order, at 24:5-7, Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Motion for Leave to Serve A Supplemental Interrogatory Regarding Defendants' Affirmative Defenses ("Proctor Dec."), Ex. 9.

Motion at 8-9. The Opposition offers no reason why this particularized showing should not justify the leave Mattel now seeks.

Equally unavailing are defendants' complaints that the Motion reflects Mattel's purportedly "insatiable appetite" for discovery and compounds the "oppressive and burdensome weight of discovery." Opp. at 1, 9. In order to justify their claim that the burden of having to elucidate their own defenses would simply be too much, defendants must actually show why it would be burdensome for them to respond. See Wilson Land v. Smith Barney, 2000 WL 33672980, *5 (E.D.N.C. Dec. 8, 2000); Martin v. Easton Pub., 85 F.R.D. 312, 315 (E.D. Pa. 1980) ("To resist answering interrogatories, a party cannot invoke defense of oppressiveness or unfair burden without detailing nature and extent thereof."). Defendants have made no such showing here. Furthermore, simply stating defendants' position reveals its lack of merit. Defendants are the masters of their own defenses, and it can scarcely be considered a *cognizable* undue burden for them to disclose their own contentions or the bases for their defenses. Were it otherwise, all a defendant would have to do to sandbag its opponent at trial is invoke a sweeping array of wholly groundless, bare-bones defenses and then refuse discovery into them on the grounds that there are so many of them that it would be oppressive to inquire about them. The Rules do not permit that.

## II. DEFENDANTS DO NOT SHOW THAT MATTEL HAS ADEQUATE ALTERNATIVE MEANS TO OBTAIN THE BASES FOR THEIR AFFIRMATIVE DEFENSES

To support their argument that no additional discovery is warranted, defendants point to discovery that has already taken place in this case on other issues, presumably hoping to convince the Court that Mattel's request that they support their own defenses is unwarranted because it might be duplicative of prior discovery or overly burdensome, or that Mattel has already had an opportunity to inquire into their many

affirmative defenses. Opp. at 5. The argument is not only factually incorrect and legally unpersuasive, but ultimately contradictory.

### A. The Opposition Mischaracterizes Judge Infante's September 5, 2007 Order

The Opposition argues that Mattel has already been granted leave to propound more interrogatories than is appropriate and suggests that defendants have been disadvantaged by Judge Infante's September 5, 2007 Order. Opp. at 4. Thus, defendants argue that the "actual count [is] greatly lopsided in Mattel's favor" because Judge Infante "granted the right to serve 50 interrogatories *on each of the defendants* in this case." Opp. at 4 (emphasis added). That misrepresents the ruling. In his September 5, 2007 Order, Judge Infante permitted Mattel to propound a single interrogatory on a given issue on all defendants, rather than requiring six interrogatories on a single issue.[2] Of course, if a defendant has no responsive information, it can simply say so, as defendants have done.[3] This has not imposed any unfair burden on defendants, nor given Mattel any unfair advantage. Judge Infante so ruled because defendants had attempted to undermine this Court's prior Order that the allotted interrogatories applied to "each side" by arguing that a single interrogatory propounded on all defendants actually counts as six interrogatories. As Judge Infante appropriately recognized, "[d]efendants' alternative approach [was] not realistic" because it would result in Mattel having far too few interrogatories and would be "fundamentally unfair" to Mattel.[4] In any case, defendants' mischaracterization of the Order is irrelevant.

---

[2] Order Granting Joint Motion for Protective Order (Sept. 5, 2007), at 4-5, Proctor Dec., Ex. 15.

[3] See, e.g., Carlos Gustavo Machado Gomez's Objections to Mattel's Fourth (As Amended) Through Seventh Set of Interrogatories, at 4-5, attached as Exhibit 7 to the Supplemental Declaration of B. Dylan Proctor, dated November 26, 2007 ("Supp. Proctor Dec.").

[4] Order Granting Joint Motion for Protective Order, at 5, Proctor Dec., Ex. 15.

Defendants are bound by the Order and cannot collaterally attack it now, having opted not to bring it to this Court for review.

### B. There Are No Adequate Substitutes To Determine The Factual Basis Of The Affirmative Defenses

Defendants next argue that Mattel has had an opportunity to conduct discovery by other means in this action already. Opp. at 5. It is self-evident, however, that discovery into facts relating to a party's contentions is particularly well-suited to contention interrogatories. This is especially true regarding a party's affirmative defenses, where other forms of discovery are not an adequate substitute. See In re Tex. E. Trans. Corp. PCB Litig., 1990 WL 21120, at *3 (E.D. Pa. Mar. 5, 1990) (noting that "inquiries into the basis of [a defendant's] affirmative defenses, in most cases, are better addressed through the use of contention interrogatories" than other forms of discovery); see also McCormack-Morgan v. Teledyne Indus., 134 F.R.D. 275, 286-87 (N.D. Cal. 1991), rev'd on other grounds, 765 F. Supp. 611 (N.D. Cal. 1991) (contention interrogatories particularly well-suited to affirmative defenses in complex and technical cases). Thus, for example, the fact that over three million pages have been produced does not support keeping Mattel in the dark about defendants' affirmative defenses. Quite the opposite is true. Defendants should not be permitted to hide their contentions by simply pointing to a mass of documents and saying—as they do here—that "the basis of our defense is somewhere in there." See Belfleur v. Salman Maint., 2007 WL 2608668, at *4 (S.D. Fla. Sept. 5, 2007) (ordering defendants to answer contention interrogatory on affirmative defenses rather than rely on prior productions); see also McKesson Info. v. Epic. Sys. Corp., 242 F.R.D. 689, 692 (N.D. Ga. June 6, 2007) (burden not satisfied simply by pointing to number of documents produced, and ordering answers to interrogatory on affirmative defense); Met. Opera Ass'n v. Local 100, Hotel Empl. & Rest. Empl. Int'l Un., 212 F.R.D. 178, 202 (S.D.N.Y. 2003) (reference to documents produced and testimony given insufficient).

Moreover, the Opposition's argument that Mattel has no legitimate need to take discovery by way of an interrogatory into their affirmative defenses contradicts another position defendants recently took. In opposing Mattel's Motion to Strike Defendants' Affirmative Defenses, defendants argue that they were only required to plead the names of their defenses and need not disclose the factual bases for them in their pleadings.[5] If that were true, then the only way Mattel could discover any of the unpleaded facts supporting their purported defenses is through the discovery it now seeks, which defendants also refuse. Defendants cannot have it both ways.

Finally, defendants suggest that Mattel has supposedly slyly framed the contention interrogatory as one rather than many so as to "minimize the impact" of the additional interrogatory. Opp. at 2. This misses the point. Mattel's motion is necessary because it cannot determine the factual basis of defendants' multitude of affirmative defenses within the current limits *precisely because* it would take at least 37 interrogatories under the rule that defendants successfully advocated to Judge Infante. If Mattel could have determined the bases of their defenses with a reasonable portion of its allotted interrogatories, Mattel would certainly have done so. But Mattel cannot reasonably be expected to exhaust three-quarters of its interrogatories just to find out defendants' affirmative defenses and nothing else.[6] Defendants' argument that Mattel had an "opportunity" to obtain the discovery but "squandered" it is erroneous.[7]

---

[5] See MGA's Opposition to Mattel's Motion to Strike Affirmative Defenses, at 19-23, Supp. Proctor Dec., Ex. 1.

[6] Indeed, if defendants' other contentions had been accepted, and a separate interrogatory had to be propounded on each of the defendants, with each inquired-of-defense counted as a separate interrogatory, then by defendants' account Mattel would have to use 120 interrogatories just to discern the bases for their affirmative defenses.

[7] As set forth in the Motion, each of the interrogatories Mattel has served was necessary to obtain basic information related to the creation and development of Bratz. Mot. at 3-7. Defendants make much of the fact that Mattel propounded its few remaining interrogatories during the pendency of this motion. Opp. at 4. These later (footnote continued)

### III. THE OPPOSITION FAILS TO SHOW THAT THE BURDEN OF RESPONDING TO THE INTERROGATORY OUTWEIGHS THE BENEFIT OF PROPER DISCLOSURE

The Opposition argues that requiring defendants to provide the factual bases on which their own affirmative defenses rest would impose "further burdens, out of all proportion to the benefit Mattel could conceivably obtain." Opp. at 7. The issue raised must be resolved by weighing the relative benefits and burdens of Mattel's request. See Fed. R. Civ. P. 26(b). The benefits of discovery on these issues plainly outweigh any cognizable burden, and defendants' unsupported contentions otherwise are meritless.

Assuming defendants pled their affirmative defenses consistent with Rule 11, the defenses must have some basis in fact. See, e.g., Missouri Pac. RR. v. Aetna, 1995 WL 861146, at *1 (N.D. Tex. May 17, 1995) (noting that, consistent with Rule 11, affirmative defenses must be factually grounded, and ordering interrogatory responses). Here, defendants have yet to disclose what those bases are. This is not a case where defendants might need to complete a factual investigation in order to respond. Defendants must have knowledge of these facts. Disclosure of that knowledge is scarcely a hardship or unfair burden. Indeed, it is recognized that disclosure of facts relating to a party's affirmative defenses is rarely a cognizable burden. See 8A Federal Practice & Procedure § 2167 (citing Am. Oil Co. v. Penn. Petro. Prods. Co., 23 F.R.D.

---

interrogatories again sought basic information which became necessary as the case expanded to include various trade secret and unfair competition claims. Again, defendants miss the point: because they have pled a multitude of affirmative defenses, there is simply no manner in which Mattel could adequately seek discovery on these issues within the current limits under a rule that counts each defense inquired about as a separate interrogatory. Obtaining discovery on only a few of defendants' many affirmative defenses can hardly be called an adequate opportunity.

680, 683 (D.R.I. 1959) ("Since the information sought here will undoubtedly be assembled by the defendant prior to trial in the preparation of its defenses, it cannot be said that these interrogatories are objectionable as being burdensome.")).

Defendants also argue that the proposed interrogatory is burdensome because of its form. Thus, defendants mischaracterize Mattel's proposed interrogatory as a "blunderbuss," which, according to defendants, numerous courts have found to be "inappropriate and abusive." Opp. at 8. To the contrary, Mattel seeks the evidentiary bases (facts, witnesses and documents) supporting the affirmative defenses. Such interrogatories are commonly used to elucidate facts regarding a party's contentions, including affirmative defenses, and numerous courts have held them proper. See, e.g., Clean Earth Remed. v. Am. Int'l Group, 245 F.R.D. 313, 141 (S.D.N.Y. 2007) (noting that courts approve such forms for contention interrogatories but that some disapprove the form for general fact interrogatories).[8] Indeed, in his September 5, 2007 Order, Judge Infante considered and rejected such arguments as defendants repeat here, finding Mattel's interrogatories seeking the identification of "all facts," "all persons" with knowledge and "all documents" to be appropriately framed.[9]

---

[8] See also Twigg v. Pilgrims Pride, 2007 WL 676208, at *11 (N.D. W.Va. March 1, 2007) (allowing similar contention interrogatory on a party's affirmative defenses); Wilson v. Thompson/Center Arms, 2006 WL 3524250, at *1 (E.D. La. Dec. 5, 2006) (same); Williams v. The Art Inst. of Atl., 2006 WL 3694649, at *7 (Sept. 1, 2006) (same); Sabin v. St. Croix, 2006 WL 3694649, at *7 (D.V.I. Oct. 6, 2003) (same); Zapata v. IBP, 1997 WL 122588, at *1 (D. Kan. March 13, 1997) (same); Audiotext Comm. v. U.S. Telcomm., Inc., 1995 WL 625953, at *1 (D. Kan. Oct. 5, 1995) (same); Pension Ben. Guar. Corp v. Ziffer, 1994 WL 11654, at *1 (N.D. Ill. Jan. 6, 1994) (same).

[9] See Order Granting Joint Motion, at 5, Proctor Dec., Ex. 15. Although defendants argue that they should not be required to disclose the factual basis of those affirmative defenses that merely negate elements of Mattel's claims, no authority is offered to support this argument. Opp. at 8. In any event, if defendants now wish they had not pleaded defenses as such (either because they purportedly are elements or for (footnote continued)

Defendants next proclaim that because the interrogatory is allegedly not "narrowly tailored," it supposedly will "harass" them by requiring them to respond to "pointless and duplicative discovery." Opp. at 7. This echoes the kind of unsubstantiated rhetoric for which the Court has rebuked defendants in the past. Seeking the bases of defendants' affirmative defenses cannot, by any stretch of the imagination, constitute harassment. After all, defendants are the ones interjecting these issues into the case. The information is essential to the development of the case, to prepare for a fair trial and to foster the truth-finding function of the judicial process. The risk of some undefined "duplication" of effort is illusory.[10]

Finally, defendants now characterize this case as being "relatively straightforward," presumably to show that disclosure of the bases of their defenses in a case as simple as this is unwarranted. Opp. at 1. If the case is so simple, defendants should have no difficulty and bear no burden in answering the interrogatory about their defenses. In any event, it is clear that the complexity of the case supports granting Mattel leave. Defendants themselves have proclaimed that they seek "billions" of dollars in damages from Mattel, have asserted the rights to Bratz are at stake, have put hundreds of products at issue, have identified well over 100 witnesses on three continents, and have employed over 110 lawyers and staff at only one of their several

---

some other reason), they can state that they are abandoning them in their response to the interrogatory.

[10] If anything, defendants' "duplication" argument refutes their Opposition. To the extent defendants wish to state the same set of facts for more than one affirmative defense, it is not a burden to repeat the same facts in relation to the additional defenses. Similarly, if a particular defendant is not asserting a given affirmative defense, it will not have to provide any factual recitation at all. Defendants have previously responded to identical interrogatories, either coordinating their answers or, when applicable, simply stating that a specific defendant did not have any relevant information. See, e.g., Machado's Objections, at 4-5, Supp. Proctor Dec., Ex. 7. There is no reason why they cannot do likewise here as well.

law firms involved in this litigation.[11]  Moreover, further belying defendants' claim here, and contrary to their suggestion that the burden of discovery has fallen disproportionately upon them, defendants have themselves partaken in very significant discovery, including by taking at least 17 depositions, propounding 60 subpoenas for non-party discovery, serving over a thousand requests for production of documents, and propounding Rule 30(b)(6) deposition notices of Mattel that cover over 140 separate topics.[12]

The benefits of full disclosure of defendants' own evidentiary contentions in this action substantially outweigh any purported burden defendants assert they will bear.  At issue is discovery on critical issues that will clarify and narrow the issues for trial and help to advance this litigation to the benefit of the Court, Mattel and the jury.  Given the complexity and stakes of the overall litigation and the lack of adequate substitutes, allowing a contention interrogatory on defendants' affirmative defenses is warranted.  See, e.g., Protective Optics. v. Panoptx, Inc., 2007 WL 963972, at *1 (N.D. Cal. March 30, 2007) (allowing excess interrogatories on defendant's affirmative defenses given "the amount in controversy, and the importance of the issues at stake in the litigation").

//
//
//
//
//

---

[11]  See, e.g., Supp. Proctor Dec. ¶¶ 10-12; MGA's Supp. Resp. to Mattel's Interrog. No. 2 Re Unfair Comp., Supp. Proctor Dec., Ex. 2; MGA's Supp. 26(a)(1) Disc., Supp. Proctor Dec., Ex. 3; MGA Parties' Opp. to Ex Parte App. of O'Melveny & Myers LLP for an Order Shortening Time for a Hearing on its Motion to Withdraw, at 2, Supp. Proctor Dec., Ex. 4.

[12]  See Supp. Proctor Dec. ¶ 6; MGA's Notice of 30(b)(6) Deposition, Supp. Proctor Dec., Ex. 5; Bryant's Notice of 30(b)(6) Deposition, Proctor Dec., Ex. 6.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant it leave to serve the Supplemental Interrogatory addressing defendants' affirmative defenses.

DATED: November 26, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By *Michael T. Zeller /s/*
   Michael T. Zeller
   Attorneys for Mattel, Inc.