**EXHIBIT 4**

```
 1  Patricia Glaser, State Bar No. 55668
    Alisa M. Morgenthaler Lever, State Bar No. 146940
 2  Amman A. Khan, State Bar No. 196217
    CHRISTENSEN, GLASER, FINK, JACOBS,
 3  WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
 4  Los Angeles, California 90067
    Telephone:  (310) 553-3000
 5  Facsimile:  (310) 556-2920

 6  Attorneys for MGA Entertainment, Inc.,
    MGA Entertainment (HK) Limited, MGAE
 7  de Mexico S.R.L. de C.V. and Isaac Larian
```

**RECEIVED**
**OCT 11 2007**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. 04. CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727)<br><br>**MGA PARTIES' OPPOSITION TO *EX PARTE* APPLICATION OF O'MELVENY & MYERS LLP FOR AN ORDER SHORTENING TIME FOR HEARING ON ITS MOTION TO WITHDRAW AND REQUIRING *IN CAMERA* INSPECTION OF SUPPORTING DOCUMENTS**<br><br>Courtroom: Hon. Stephen G. Larson<br>Discovery Cutoff: January 14, 2008<br>Pretrial Conference: April 7, 2008<br>Trial Date: April 29, 2008<br><br>[Submitted Concurrently With: (1) Application and [Proposed] Order For *In Camera* Review of Declarations of Patricia L. Glaser and Craig Holden; (2) Declaration of Craig Holden and (3) Declaration of Patricia L. Glaser] |

607109

MGA ENTERTAINMENT, INC.'S OPPOSITION TO *EX PARTE* APPLICATION OF O'MELVENY & MYERS LLP FOR AN ORDER SHORTENING TIME

Exhibit 4 Page 79

## I. THE COURT SHOULD NOT GRANT OMM'S APPLICATION FOR AN ORDER SHORTENING TIME.

### A. There is No Justification for OMM's Application and Such Application is Unnecessary.

The MGA Parties oppose O'Melveny & Myers LLP's ("OMM") *ex parte* application to withdraw on an expedited basis for two reasons. First, there is absolutely no justification for OMM's *ex parte* application and a motion to withdraw is unnecessary. It is well settled that ex parte applications are only to be granted where there is some genuine urgency justifying such relief. E.g., In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Bkrtcy 1989) ("...[E]x parte proceedings pose a threat to the adversary system...[;] the opportunities for legitimate ex parte applications are extremely limited"). OMM has failed to cite any valid reason or provide any supporting declaration why their application cannot be heard by a noticed motion. Rather, OMM concedes that it could have its motion heard as early as November 19, 2007 without explaining why it should be allowed to prejudice severely the MGM Parties by failing to wait until that date.

The only statement given by OMM for requesting extraordinary relief is that it has been "unsuccessful in obtaining the MGA parties' agreement to a plan for transitioning responsibilities to other counsel." This statement is not only untrue -- OMM has yet to offer the MGA Parties a fair and reasonable transition agreement -- but it fails to provide any basis for allowing OMM to withdraw from this action without giving the MGA Parties sufficient time to bring replacement counsel up to speed.

More to the point, OMM's motion to withdraw is unnecessary. The MGA Parties do not oppose OMM's orderly substitution out as counsel. The MGA Parties have always agreed to provide OMM with a substitution of attorney once replacement counsel is retained <u>and</u> OMM takes all measures necessary to bring MGA Parties' new counsel up to speed.

### B. OMM's Expedited Withdrawal Would Severely Prejudice the MGA Parties.

OMM's expedited withdrawal would greatly prejudice the MGA Parties' defense and prosecution of the claims in the three above-captioned consolidated actions because it would preclude an orderly transition to new counsel. Such undue prejudice is supported by the following key facts:

- The phase one trial in the consolidated actions is set for April 29, 2008, with a January 14, 2008 fact discovery cutoff.

- OMM has taken the lead from inception in these cases in all aspects including pleading, motion practice, discovery motions, discovery, investigations and trial preparation for the last three and a half years.

- OMM has handled all of the MGA Parties' document production from three different countries, including the U.S., Hong Kong and Mexico, along with the production of hundreds of physical items. OMM also reviewed defendant and counterclaimant Mattel Inc.'s document production. The total document production in this case now exceeds 1,000,000 pages.

- OMM has defended all but one of the 18 depositions taken by Mattel and OMM has taken all of the depositions on behalf of the MGA Parties in this case thus far.

- OMM is the only firm presently prepared to take or defend the numerous depositions scheduled or to be scheduled in the next few weeks.

In order to undertake the foregoing responsibilities, OMM has staffed the case with up to 45 different attorneys, 65 paralegals and other staff members. Other than OMM, the MGA Parties do not have legal counsel who can devote the staff and resources necessary to continue with those tasks at this time.

While the MGA Parties have been represented in this action by the firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP ("CG") -- who will be replaced by new counsel -- CG's role has been largely limited to providing trial

607109

2

1  counsel, Patricia Glaser, and Ms. Glaser's involvement has generally been limited to
2  high-level trial strategy considerations. As OMM has been made aware and
3  acknowledged on many occasions, CG does not have the necessary lawyers or staff
4  available to defend solely and prosecute the MGA Parties' case. In recognition of
5  this, CG's involvement until very recently has been limited to trial strategy. Also, CG
6  has had very little involvement in discovery and has only very recently participated in
7  discovery motions before Judge Infante and other singular discrete tasks. As such,
8  new counsel would take over the role of both OMM and CG, and will need OMM
9  involved in the case to handle pending matters and assist in transition, including the
10 gathering of files out of OMM New York, Los Angeles and Century City, and
11 speaking with the attorneys involved from each of these offices.
12     Therefore, OMM's expedited withdrawal on shortened time would effectively
13 leave the MGA Parties without the ability to defend or prosecute the claims in these
14 consolidated actions. Indeed, Local Rule 83-2.9.2.3 bars all the MGA Parties but
15 Isaac Larian from appearing in this action without such counsel.
16     OMM's application also points out that the earliest date on which OMM's
17 motion to withdraw could be heard on regular notice is November 19, 2007. A
18 hearing on that date will provide an appropriate transition period within which OMM
19 may withdraw and new counsel may be substituted in, provided that the Court grants
20 a stay of approximately thirty (30) days to allow new counsel to become somewhat
21 familiar with this complex action. During the 30-day stay, OMM should remain as
22 counsel to allow new counsel to meet with them to obtain the necessary information
23 on written discovery, document production, depositions, trial strategies and legal
24 issues.
25     **C.   OMM's Expedited Withdrawal Would Be in Violation of Rule 3-700**
26         **of the California Rules of Professional Conduct.**
27     Local Rule 83-3.1.2 provides that counsel who appear before the Court are
28 governed by the California Rules of Professional Conduct. Local Rule 83-3.1.2.

607109

3

Rule 3-700 of the California Rules of Professional Conduct ("Rule 3-700") states in pertinent part as follows:

> "A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules."

OMM's expedited withdrawal is in violation of Rule 3-700 because OMM has failed to allow the MGA Parties sufficient time to retain a law firm to replace OMM <u>and</u> to allow such law firm to become sufficiently familiar with this action. In this regard, securing a law firm to replace OMM in this long-standing and complex action and bringing them up to speed requires substantial time and effort. Allowing OMM to withdraw on an expedited basis in these circumstances violates OMM's duties under Rule 3-700.

## II. A STAY OF THIS ACTION IS REQUIRED TO AVOID SUBSTANTIAL PREJUDICE TO THE MGA PARTIES.

As discussed above, it will require substantial time and effort for the MGA Parties to not only substitute-in newly retained counsel to replace OMM but to familiarize such counsel with this long standing and complex action. Thus, the MGA Parties request at least a 30-day stay of this action to allow the MGA Parties to locate new counsel and allow such counsel to get up to speed. A short stay of 30 days in light of the lengthy duration of this action will not result in any prejudice to the other parties. In contrast, the lack of a stay will substantially prejudice the MGA Parties because new counsel will be unable to effectively assist the MGA Parties given the difficulty involved in becoming familiar with this complex action and the extensive amount of ongoing discovery activity herein.

In particular, critical depositions are scheduled this week and in each of the following weeks. These depositions should not go forward without the presence of trial counsel. Furthermore, numerous discovery disputes are pending which will require OMM to meet with and update new counsel. These depositions and discovery disputes must be stayed for a short time to avoid substantial prejudice to the MGA Parties.

### III. THE MGA PARTIES DO NOT OPPOSE OMM'S REQUEST TO REQUIRE *IN CAMERA* INSPECTION OF THE PAPERS SUPPORTING ITS MOTION TO WITHDRAW.

The MGA Parties do not oppose OMM's request to require an *in camera* inspection of the papers supporting its motion to withdraw as counsel herein. The MGA Parties agree that such inspection is necessary to avoid risk of disclosure of attorney-client privileged communications in which Mattel, Inc., the MGA Parties' litigation adversary, should have no access or conceivable legitimate interest.

### IV. CONCLUSION.

For the foregoing reasons, the MGA Parties respectfully request that the Court deny OMM's *ex parte* application for an order shortening time for a hearing on its motion to withdraw as counsel herein.

Dated: October 9, 2007

Patricia Glaser
Alisa M. Morgenthaler Lever
Amman A. Khan
CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

By: _____
Amman A. Khan
Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V. and Isaac Larian

607109
5
MGA ENTERTAINMENT, INC.'S OPPOSITION TO *EX PARTE* APPLICATION OF O'MELVENY & MYERS LLP FOR AN ORDER SHORTENING TIME

Exhibit 4 Page 84

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

   I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

   On October 9, 2007, at the direction of a member of the Bar of this Court, I served the within:

**APPLICATION AND [PROPOSED] ORDER FOR *IN CAMERA* REVIEW OF DECLARATIONS OF PATRICIA L. GLASER AND CRAIG HOLDEN IN SUPPORT OF THE MGA PARTIES' OPPOSITION TO *EX PARTE* APPLICATION OF O'MELVENY & MYERS LLC FOR ORDER SHORTENING TIME FOR HEARING ON ITS MOTION TO WITHDRAW**

**MGA PARTIES' OPPOSITION TO *EX PARTE* APPLICATION OF O'MELVENY & MYERS LLP FOR AN ORDER SHORTENING TIME FOR HEARING ON ITS MOTION TO WITHDRAW AND REQUIRING *IN CAMERA* INSPECTION OF SUPPORTING DOCUMENTS**

on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es):

SEE ATTACHED LIST

☐   (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒   (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐   (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 9th day of October, 2007, at Los Angeles, California.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Janice Lau

607313

**Exhibit 4 Page 85**

SERVICE LIST

Richard B. Goetz, Esq.
Dale M. Cendali, Esq.
Diana M. Torres, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V. and Isaac Larian

Michael Zeller, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Attorneys for Mattel, Inc.

Michael Page, Esq.
KEKER & VAN NEST LLP
710 Sansome Street
San Francisco, CA 94111

Attorneys for Carter Bryant

607313

Exhibit 4 Page 86