QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with Case Nos. CV 04-09059 & CV 05-02727 |
| Plaintiff, | |
| vs. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND COMPEL CARTER BRYANT AND CARLOS GUSTAVO MACHADO GOMEZ TO PROVIDE PRESERVATION AFFIDAVITS, AND FOR SANCTIONS; AND |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | MEMORANDUM OF POINT AND AUTHORITIES |
| | [Declarations of B. Dylan Proctor and Michael T. Zeller filed concurrently] |
| | Date:     January 7, 2008 Time:    10:00 a.m. Place:   Courtroom 1 |
| | **Phase 1** Discovery Cut-Off:     January 28, 2008 Pre-Trial Conference:  May 5, 2008 Trial Date:     May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will, and hereby does, move the Court: (1) to enforce the Court's August 27, 2007 Order requiring "all parties" to provide affidavits setting forth their evidence preservation efforts and policies with respect to the present litigation against defendants Carter Bryant and Carlos Gustavo Machado Gomez; and (2) for sanctions against these defendants, including monetary sanctions to obtain said defendants' compliance with the August 27, 2007 Order (the "Order").

This Motion is made on the grounds that defendants Carter Bryant and Carlos Gustavo Machado Gomez have failed and refused to serve the required preservation affidavits, despite the Court's Order requiring that "all parties" do so by September 10, 2007.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Michael T. Zeller and B. Dylan Proctor filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**<u>Statement of Rule 7-3 Compliance</u>**

The parties conferred on September 21, 2007 and times thereafter in connection with the issues raised by this motion.


DATED:  November 26, 2007          QUINN EMANUEL URQUHART
                                   OLIVER & HEDGES, LLP


                                   By /s/ James J. Webster
                                      James J. Webster
                                      Attorneys for Plaintiff
                                      Mattel, Inc.

1

# **TABLE OF CONTENTS**

2
**Page**

3

4    PRELIMINARY STATEMENT ................................................................................ 1

5    STATEMENT OF FACTS ...................................................................................... 2

6    ARGUMENT .......................................................................................................... 5

7    I.    THE COURT SHOULD ENFORCE ITS AUGUST 27, 2007 ORDER
         AND REQUIRE THE NON-COMPLYING DEFENDANTS TO

8        PROVIDE PRESERVATION AFFIDAVITS .................................................. 5

9    II.   THE NON-COMPLYING DEFENDANTS SHOULD BE

10       SANCTIONED ............................................................................................. 10

11   CONCLUSION...................................................................................................... 11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

*Communications Center, Inc. v. Hewitt*,
    2005 WL. 3277983 (E.D. Cal. 2005) ................................................................ 9

*Grimes v. San Francisco*,
    951 F.2d 236 (9th Cir. 1991) .......................................................................... 10

*RTC v. Dabney*,
    73 F.3d 262 (10th Cir. 1995) .......................................................................... 10

## <u>Statutes</u>

28 U.S.C. § 1927 ................................................................................................ 10

<u>Federal Rule of Civil Procedure</u> 37(b)(2) ....................................................... 10

**MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Court's August 27, 2007 Order directed "*all parties* to set forth in affidavit" form their respective preservation efforts in connection with the present litigation on or before September 10, 2007.  (Emphasis added.)  The Court's Order followed the hearing on MGA's and Bryant's joint motion for terminating sanctions, which the Court denied.  On September 10, 2007, Mattel complied with the Order by filing and serving an affidavit addressing its evidentiary preservation efforts and policies.  MGA Entertainment, Inc. likewise submitted an affidavit addressing those issues on that same date.  And, as part of the pre-filing conference process for this motion, defendants MGAE de Mexico S.R.L. de C.V., MGA Entertainment (HK) Ltd, and Isaac Larian recently promised to file the required affidavits by December 7, 2007 at the latest.  Despite Mattel's repeated requests, however, defendants Carter Bryant and Gustavo Machado have failed to comply.[1]

The Court's Order is unequivocal in its requirement that "all parties" must provide the required affidavit.  Defendant Gustavo Machado, however, has failed to do so, even though he appears to concede he must and has said he is "working on" one.  He also has given no commitment as to when he intends to submit one.  Machado instead claimed he cannot comply because the criminal prosecution against him for his theft of Mattel's trade secrets has restricted his ability to travel from Mexico.  Of course, Machado need not be physically present in the United States to provide the ordered affidavit, so that in no way legally or practically justifies his failure to provide it.  For his part, Carter Bryant flatly refuses to comply.  Indeed, even though he was himself a party to the motion that gave rise

---

[1]  Based on their representations and the assumption that they will fulfill their promises, Mattel is not moving against defendants MGAE de Mexico S.R.L. de C.V., MGA Entertainment (HK) Ltd, and Isaac Larian at this time.

to the August 27, 2007 Order, Bryant is the only party who has claimed to be exempt from the Order's plain mandate.

Bryant and Machado should be ordered to comply with the Court's August 27, 2007 Order.  They also should be sanctioned for their willful violation of the Order.

### Statement of Facts

The Court's August 27, 2007 Order Required "All Parties" To Provide Preservation Affidavits, And Mattel And MGA Entertainment, Inc. Did So.   On August 27, 2007, the Court heard argument and testimony on MGA's and Bryant's joint motion for terminating sanctions, based on Mattel's purported failure to preserve evidence.  Mattel pointed out in its opposition, among other things, that MGA and Bryant had failed to preserve evidence and, indeed, that Bryant had used a program called "Evidence Eliminator" on his relevant computer hard drives.  At the hearing as well, issues were raised as to what efforts *defendants* had made to preserve evidence, including emails.[2]

By written Order of that same date, the Court denied MGA's and Bryant's joint motion.[3]  The Court concluded that their motion was based on mere "speculation" and that "[a]though counsel impressed upon the Court MGA's conviction of the righteousness of its cause, such overzealous conviction as witnessed by the Court at the hearing is no substitute for proof."[4]  The Court also ordered "all parties" to provide affidavits setting forth their preservation efforts and policies with respect to the present litigation no later than September 10, 2007.[5]

---

[2]   Transcript of Hearing on August 27, 2007 ("Hearing Tr.") at, e.g., 61:18-63:8, Declaration of B. Dylan Proctor, dated November 26, 2007 ("Proctor Dec."), Exh. 6.
[3]   Court's Order, dated August 27, 2007 (the "Order"), at 3, Proctor Dec., Exh. 1.
[4]   Id., at 4.
[5]   Id., at 5.

On September 10, 2007, Mattel timely complied with the Order and filed an affidavit of Michael Moore, its Senior Legal Counsel who also testified at the hearing, that detailed Mattel's preservation efforts and policies with respect to the litigation.[6]   MGA Entertainment, Inc., through its former General Counsel Daphne Gronich, also filed an affidavit the same day setting forth information regarding document preservation.[7]

Carter Bryant Refuses To Comply With The Order, And Machado Has Failed To Comply Despite His Promises.   The defendants other than MGA Entertainment, Inc. did not provide any affidavits by September 10, 2007 as required by the Order, however.  Mattel accordingly wrote to counsel for the non-complying defendants, attaching a copy of the Order and noting that, although "all parties" were required to comply, only Mattel and MGA Entertainment, Inc. had done so.[8]

Subsequently, counsel for defendants MGAE de Mexico S.R.L. de C.V., MGA Entertainment (HK) Ltd and Isaac Larian represented at a November 21, 2007 conference of counsel that they intend to file the required affidavits by November 30, 2007 and promised to do so by December 7, 2007 at the latest.[9]

Defendant Carter Bryant, on the other hand, refused to submit any preservation affidavit.  In a letter dated September 25, 2007, Bryant's counsel asserted that "there is no Court Order requiring Carter Bryant to provide a declaration regarding preservation efforts."[10]  Bryant's view was based, apparently,

---

[6]   Proctor Dec., ¶ 3.

[7]   Proctor Dec., ¶ 4.

[8]   Letter from B. Dylan Proctor to Michael Page, James W. Spertus, and Diana Torres, dated September 21, 2007, Proctor Dec., Exh. 2.

[9]   Proctor Dec., ¶ 12.

[10]   Letter from John Trinidad to B. Dylan Proctor, dated September 25, 2007, Proctor Dec., Exh. 3.

1   on the Court's earlier oral statement at the August 27 hearing that MGA and Mattel
2   would be required to provide declarations. On September 26, 2007, Mattel
3   responded that the Court's subsequent written Order was unequivocal in its
4   application to *all* parties.[11]   In later discussions, Bryant's counsel confirmed his
5   position that the Order nevertheless does not apply to Bryant, and that information
6   about his preservation efforts should instead be obtained through deposition
7   testimony.[12]   No preservation affidavit has been filed or served by Bryant to date.[13]

8         On October 17, 2007, Mattel conferred with counsel for defendant
9   Gustavo Machado, who indicated that he was considering providing the affidavit.[14]
10  His counsel also indicated that he was intending to assert his Fifth Amendment
11  rights against self-incrimination in this action and may not provide any information
12  in the affidavit other than to assert those rights.[15]   Later, on October 25, 2007,
13  Machado's counsel agreed to provide the required affidavit and stated he "was
14  working on" one, but would not commit to any deadline because Machado is
15  restricted from leaving Mexico as a result of the criminal prosecution against him
16  for the theft of Mattel's trade secrets.[16]   Mattel responded that Machado's travel
17  restrictions do not excuse his failure to comply with the Court's Order, as nothing
18  requires him to travel to the United States to review and approve the declaration and

19
20
21  _____

22   [11]   Letter from B. Dylan Proctor to John Trinidad, dated September 26, 2007,
23  Proctor Dec., Exh. 4.
      [12]   Proctor Dec., ¶ 8.
24    [13]   Proctor Dec., ¶ 8.
      [14]   Proctor Dec., ¶ 9.
25    [15]   Id.
26    [16]   Letter from Stephen Hauss to Alexander Cote, dated October 25, 2007,
27  Proctor Dec., Exh. 5.

28

1  he undoubtedly has access to computers and fax machines in Mexico.[17]   No

2  preservation affidavit has been filed or served by Machado to date.[18]

**Argument**

3

4  **I.**   **THE COURT SHOULD ENFORCE ITS AUGUST 27, 2007 ORDER**

5  **AND REQUIRE THE NON-COMPLYING DEFENDANTS TO**

6  **PROVIDE PRESERVATION AFFIDAVITS**

7           As set forth above, the Court's written Order unambiguously requires

8  that *all* parties provide preservation affidavits.   The Order was made after an

9  evidentiary hearing concerning the preservation of evidence.   The Court noted at

10  that hearing that it intended to "issue a minute order directing further proceedings in

11  this matter," and then did so in its August 27 Order.   The Order does not exempt any

12  party from compliance with the preservation affidavit requirement, but to the

13  contrary expressly applies to "all parties."[19]

14           Machado does not dispute that he is required to comply.   He instead has

15  claimed that he cannot provide the affidavit because the criminal prosecution against

16  him by Mexican authorities has limited his ability to travel out of Mexico.   That

17  excuse is inadequate.   There undoubtedly are any number of telephones, fax

18  machines and computers he can use to communicate with his counsel, and if a face-

19  to-face meeting were somehow needed his counsel could travel to him.   Machado

20  has now had many weeks to abide by the Order, but has failed to do so without

21

22

23  _____

24    [17]  Id.

25    [18]  Proctor Dec., ¶ 10.

26    [19]  Although the Court initially stated at the hearing that "what I want from both

27  parties is two singular declarations, under penalty of perjury, setting forth exactly
    the preservation policies" (Hearing Tr. at 119), the Court's final Order was
    unequivocal in its application to "all parties."

28

1  justification.  Moreover, Machado is also unwilling to sit for deposition, making it

2  impossible for Mattel to obtain any relevant information from him.[20]

3        Carter Bryant's excuse -- that at the hearing the Court only seemingly

4  referred to Mattel and MGA Entertainment -- is no excuse at all.  The subsequent

5  written Order that the Court issued is plain that "all parties" must comply.  Nor

6  would there be any reason to exempt Bryant from the Order's requirements.  Bryant

7  himself joined MGA on the motion that gave rise to the August 27, 2007 Order.

8  Furthermore, as articulated by the Court, the purpose of requiring the affidavits was

9  to ensure that there was a complete record of preservation efforts made.[21]  That

10  cannot be accomplished without Bryant's affidavit.  While Bryant has argued that

11  Mattel should obtain this information through deposition, that is simply no

12  substitute.  For instance, a deposition would not yield complete information about

13  what Bryant's *counsel* has done, if anything, to preserve evidence.

14        Filling that gaping hole in the record is especially important with

15  respect to Bryant, given his counsel's contradictory representations as to the

16  handling and preservation of evidence.  Bryant's hard drives are a case in point.

17  Rejecting Bryant's many months of refusals and failures to produce key discovery in

18  this case -- including documents relating to the origins of Bratz -- the Discovery

19  Master granted a Mattel motion to compel by Order dated January 25, 2007.[22]

20  Among other things, that Order required Bryant to produce his computer hard drives

21

22

23    [20]   Mattel's currently pending Motion to Compel (1) Deposition of Carlos

24  Gustavo Machado Gomez and (2) Consent to Production of Electronic Mail

25  Messages, filed November 16, 2007.

      [21]   Hearing Tr. 20:3-20:12, Proctor Dec., Exh. 6.

26    [22]   Order of the Discovery Master Hon. Edward Infante (Ret.), dated January 25,

27  2007, attached as Exhibit 1 to the Declaration of Michael T. Zeller, dated November

28  26, 2007 ("Zeller Dec.").

**MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007**

no later than February 23, 2007.[23]   One such hard drive was the desktop computer that Bryant had purchased in October 2000 (the "Desktop") -- the same month Bryant left Mattel's employment.[24]   Previously, in opposing Mattel's motions to compel his hard drives, Bryant's counsel had represented to the Court that they had "tirelessly searched for and inspected" that computer "for relevant information," but found none.[25]   They also claimed -- first in early 2005 and then in early 2007 -- that the *only* computer of Bryant's they had located was the Desktop.[26]

However, once production of the computer was actually compelled, the story changed.   First, Bryant requested, and Mattel agreed, to extend the date for Bryant's compliance with the Discovery Master's January 25, 2007 Order up to and including March 13, 2007.[27]   Within two days of Mattel's accommodation, however, Bryant began giving a series of conflicting accounts about the Desktop hard drive, including assertions that were at odds with counsel's claims to the Court about the alleged preservation and review of it.[28]   Most troubling, on April 4, 2007, Bryant's counsel suggested for the first time that they in fact did not know the whereabouts of the compelled Desktop hard drive at all.[29]   They stated that either the representations

---

[23]   Id., at 17.

[24]   Circuit City receipt dated October 21, 2000, Zeller Dec., Exh. 2.

[25]   [Redacted] Declaration of Keith A. Jacoby in Support of Defendant and Cross-Claimant Carter Bryant's Portion of Joint Stipulation (excerpted and without exhibits) at ¶¶ 22, 23, Zeller Dec., Exh 3.

[26]   Separate Statement of Carter Bryant in Opposition  to Mattel's Motion to Compel, filed on January 11, 2007, at 39, Zeller Dec., Exh. 4.

[27]   Stipulation and Order re: Request to Extend Deadline Within Which Carter Bryant Must Comply with the Discovery Master's January 25, 2007 Order Granting Mattel's Motion to Compel Production of Documents, dated February 23, 2007, Zeller Dec., Exh. 5.

[28]   E-mail from Douglas Wickham to John Quinn and Michael Zeller, dated February 27, 2007, Zeller Dec., Exh. 6.

[29]   Letter from Michael Zeller to Douglas Wickham, dated April 6, 2007, Zeller Dec., Exh. 7.

1   Bryant and his counsel had earlier made to the Court and Mattel were "wrong" --

2   and that the drive had never been retrieved or reviewed as previously claimed -- or

3   that they simply were "not sure" about their accuracy.[30]

4          After the January 25, 2007 Order, Bryant also admitted that he had

5   been withholding -- since almost the beginning of this suit -- the hard drive from a

6   laptop computer (the "Laptop") that he had purchased and used.[31]  This was the first

7   time Bryant's counsel disclosed that he in fact had this hard drive in his possession,

8   let alone that he had been withholding it from Mattel since 2004.  Indeed, this

9   revelation was contrary to counsel's prior representations to the Court and the

10  Discovery Master that he had located *only* the Desktop.[32]  Nor could this oversight

11  be attributed to counsel's ignorance of the Laptop's existence, since it also came to

12  light that Bryant's counsel had the Laptop hard drive imaged in the summer of

13  2004[33] -- well before Bryant's counsel represented to the Court that *only* the Desktop

14  had been found.[34]

15         Over the course of more than two weeks, both orally and in letters,

16  Mattel's counsel repeatedly asked for clarification about the status of the Desktop

17  hard drive and requested that Bryant either produce the drive as ordered or else

18  explain the factual particulars regarding its non-production.[35]  Having received

19  neither the Desktop hard drive nor a substantive response from Bryant to these

20  requests for further information, Mattel filed a motion to enforce the January 25,

21  _____

22  [30]  Id.

23  [31]  Id.

24  [32]  Separate Statement of Carter Bryant in Opposition  to Mattel's Motion to
    Compel, filed on January 11, 2007, at 39, Zeller Dec., Exh. 4.

25  [33]  Letter from Michael Zeller to Douglas Wickham, dated April 6, 2007, Zeller
    Dec., Exh. 7.

26  [34]  Separate Statement of Carter Bryant in Opposition  to Mattel's Motion to
27  Compel, filed on January 11, 2007, at 39, Zeller Dec., Exh. 4.

    [35]  Zeller Dec. ¶ 9.

28

2007 Order and for other relief on April 11, 2007.[36]   After that, another two weeks passed with nothing further from Bryant in connection with the Desktop hard drive.[37]   Finally, the day before Bryant's response to Mattel's motion to enforce was due, Bryant's counsel sent a letter belatedly offering to make the Desktop hard drive available to Mattel[38] -- some five weeks after the Order's deadline for Bryant to do so and three months after the Discovery Master's January 25, 2007 Order.  Bryant also subsequently produced the Laptop.  Both drives turned out to have a program called "Evidence Eliminator" on them.[39]   The only purpose of this program, as both courts and the program's developers acknowledge, is to permanently destroy data to prevent its use in legal proceedings.  See, e.g., Communications Center, Inc. v. Hewitt, 2005 WL 3277983, at *2 (E.D. Cal. 2005) (finding use of Evidence Eliminator on hard drives was willful and in bad faith, and intended to destroy discoverable evidence).

Bryant is the only defendant who has asserted that the Court's August 27 Order does not apply to him, apparently because he thinks there is no reason why an individual should need to disclose his preservation efforts.  His premise is false -- there is ample reason why this should be, and was, ordered.  Neither Bryant nor Machado has any legitimate basis for his failure to submit the preservation affidavits required by the Court's August 27, 2007 Order.  They should be compelled to provide them without further delay.

---

[36]   Mattel's Motion For an Order to Enforce Court's January 25, 2007 Order Compelling Bryant to Produce Desktop Computer Hard Drive, filed April 11, 2007, Zeller Dec., Exh. 8.

[37]   Zeller Dec., ¶ 11.

[38]   Letter from Keith A. Jacoby to Michael Zeller, dated April 23, 2007, Zeller Dec., Exh. 9.

[39]   Zeller Dec., ¶ 13.

**MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007**

## II.    THE NON-COMPLYING DEFENDANTS SHOULD BE SANCTIONED

Mattel respectfully submits that defendants' willful non-compliance with the August 27, 2007 Order should not go unpunished.  Under Federal Rule of Civil Procedure 37(b)(2), the Court "may make such orders in regard to the failure [to comply with the Court's Order] as are just," including monetary sanctions.  See also Grimes v. San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991) (courts "may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even").  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court."  RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995) (citation omitted).

Sanctions are justified here as a deterrent and to obtain compliance. Mattel respectfully requests that the non-complying defendants be ordered to pay $3,500 as partial reimbursement for the fees and costs that Mattel has incurred in bringing this motion.[40]  Mattel also requests that those defendants be fined $5,000 a day in prospective sanctions for every day they continue to fail to provide the affidavits to ensure prompt compliance and avoid still further motion practice on this issue.   See Grimes, 951 F.2d at 241 (upholding imposition of prospective monetary sanctions under Rule 37 to obtain compliance with Court order).

---

[40]   Proctor Dec., ¶ 13.

07209/2258302.4

**MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **<u>Conclusion</u>**

For the foregoing reasons, the Court should again order defendants Carter Bryant and Carlos Gustavo Machado Gomez to comply with the August 27, 2007 Order and immediately provide the required affidavits, impose sanctions in the amount of $3,500 to reimburse Mattel for a portion of its attorney's fees incurred in connection with this motion, and impose prospective sanctions until these defendants comply with the Order.

DATED:  November 26, 2007          QUINN EMANUEL URQUHART
                                   OLIVER & HEDGES, LLP


                                   By /s/ James J. Webster
                                      James J. Webster
                                      Attorneys for Plaintiff
                                      Mattel, Inc.