QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS; AND<br>MEMORANDUM OF POINTS AND AUTHORITIES<br>[Declaration of  Scott B. Kidman filed concurrently herewith]<br>Hearing Date:　TBA<br>Time:　　　　　TBA<br>Place:　　　　　TBA<br>**Phase 1:**<br>Discovery Cut-off:　　January 14, 2008<br>Pre-trial Conference:　April 7, 2008<br>Trial Date:　　　　　　April 29, 2008 |

07209/2302275.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an order compelling MGA Entertainment, Inc. ("MGA") to produce documents responsive to Mattel, Inc.'s Second Set of Requests for Documents and Things dated June 6, 2007, including Request Nos. 2-46.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37 on the grounds that Mattel's Requests seek discoverable information necessary for Mattel to calculate its damages, that MGA agreed to produce the requested document more than two months ago, and that, after obtaining a stay, MGA then has improperly failed to produce the documents or even provide Mattel with a date by which it will do so.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott B. Kidman filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Local Rule 7-3 Compliance**

The parties met and conferred regarding the disputes at issue in this motion on July 31, 2007 and multiple times thereafter. Despite MGA's prior promises to produce the documents at issue, MGA has failed to do so.

DATED: November 26, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                  By /s/ Scott B. Kidman
                                     Scott B. Kidman
                                     Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND .................................................................................... 2

ARGUMENT .............................................................................................................. 5

I.    MGA SHOULD BE ORDERED TO PRODUCE ALL RESPONSIVE FINANCIAL INFORMATION, INCLUDING THE SUMMARY REPORT, WITHOUT FURTHER DELAY ........................................................ 5

CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

## Cases

Hilao v. Estate of Marcos,
    103 F.3d 767 (9th Cir. 1996) .................................................................................. 6

Housing Rights Center v. King,
    2006 WL 4122148 (C.D. Cal. 2006) ....................................................................... 6

## Statutes

17 U.S.C. § 504(b) ....................................................................................................... 5

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **Preliminary Statement**

Nearly six months ago, Mattel requested that MGA produce additional financial information necessary to calculate damages in connection with the core Bratz ownership claims to be tried in the Phase 1 trial, including revenue, cost and profit information for the Bratz products MGA admits are at issue.  MGA's initial response consisted of its usual stonewalling--either an objection and refusal to produce any documents at all or else an agreement to produce only "relevant and responsive non-objectionable documents"--a response that the Discovery Master had already found to be improper because it permitted MGA to unilaterally withhold entire categories of documents without giving Mattel or the Court the slightest hint as to what those documents might be.

After dragging out the meet and confer process by more than a month, MGA ultimately agreed to produce by specified dates in September the requested financial information.  This included a summary report that would set forth, among other things, unit sales, revenue and cost information by product.  MGA failed, however, to produce the summary report or other financial documents as promised.  Now, more than two months after the financial information was to have been produced, and after the recent stay that MGA requested was lifted, MGA's new counsel has disavowed any knowledge of the promised financial report, and cannot even provide a date by which any of the financial information MGA agreed to produce in September will be produced.

Expert reports are due February 11, 2008.  It is undisputed that the financial information MGA agreed to produce in September is critical to the preparation of Mattel's expert damages report.  Indeed, MGA admits that this information provides the "starting point" for Mattel's damages analysis.  MGA's failure to produce the information is inexcusable and has already prejudiced Mattel's

ability to complete its damages analysis and expert damages report by the existing deadline.  Any further delay will only compound the harm to Mattel.

The Court should order MGA to immediately produce all documents responsive to Mattel's Second Request for Production, including the previously promised summary report showing unit sales, revenues and costs by product.

**Factual Background**

**Mattel's Document Requests and MGA's Responses**.  On June 6, 2007, Mattel served its Second Set of Requests for Documents and Things to MGA Entertainment, Inc.[1]  The Requests asked for additional financial documents necessary to calculate damages in connection with the claims to be tried in the Phase 1 trial, including documents sufficient to show MGA's revenue, costs and profits from the sale and licensing of Bratz dolls and other Bratz products as well as documents sufficient to calculate MGA's net worth.[2]

On July 9, 2007, MGA served its responses to the Requests.[3]  In response to nearly every request, MGA stated that it would produce only "relevant and responsive non-objectionable documents"[4]--an essentially meaningless response that the Discovery Master had already rejected as improper in connection with another motion to compel that Mattel had to bring against MGA to produce

---

[1] Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc. dated June 6, 2007 (the "Requests"), attached as Exhibit 1 to the Declaration of Scott B. Kidman dated November 26, 2007 filed concurrently herewith ("Kidman Dec.").

[2] Id.

[3] MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things dated July 9, 2007 (the "Responses"), Kidman Dec., Exh. 2.

[4] See Response to Request Nos. 1-24, 26-37, 41-42 and 44-46, Kidman Dec., Exh. 2.

documents and that the Discovery Master had granted.[5]  In response to the remaining requests, MGA refused to produce any documents at all.[6]

**The Mattel's Meet and Confer Discussions With MGA's Prior Counsel**.  On July 20, 2007, Mattel sent MGA's then counsel, O'Melveny & Myers, a letter requesting a meet and confer regarding MGA's deficient responses.[7]  Beginning on July 31, 2007 and continuing over the course of the next month, the parties had a series of extensive meet and confer discussions regarding the Requests.[8]  During those discussions, MGA did not dispute that the unit sales, revenue, cost and profit requests asked for relevant information or the impropriety of the limitation to "relevant and responsive non-objectionable documents."  Instead, the discussions focused largely on the breadth of a small number of requests that were not limited to documents sufficient to show the requested information, the format in which the information would be produced and when it would be produced.[9]  Regarding the format in which the information would be produced, MGA repeatedly stated that its accounting system allowed it to generate a summary report that would provide information responsive to many of the requests, including unit sales, revenue and costs by product.[10]  The parties agreed that this report would be responsive to the requests seeking documents "sufficient to show" such information and would be the most efficient method of providing the information.[11]

---

[5] See Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA dated May 15, 2007 ("As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to 'relevant and responsive non-objectionable documents'"), Kidman Dec., Exh. 3.
[6] See Response to Request Nos. 25, 38-40 and 43, Kidman Dec., Exh. 2.
[7] Letter from Scott B. Kidman to James P. Jenal dated July 20, 2007, Kidman Dec., Exh. 4.
[8] Kidman Dec., ¶ 6.
[9] Kidman Dec., ¶ 6.
[10] Kidman Dec., ¶ 7.
[11] Kidman Dec., ¶ 7.

MGA agreed to produce the report and documents responsive to other requests by September 17, 2007 and all documents setting forth MGA's profits from Bratz dolls and other Bratz products by September 28, 2007.  In addition, MGA agreed to provide supplemental responses to the Requests by September 17, 2007.[12]

MGA served supplemental responses on September 17, 2007,[13] but failed to produce the report and other financial document as agreed.  On September 26, 2007, Mattel sent MGA an e-mail specifically referencing the report and asking about MGA's failure to produce it.[14]  After several conversations in which MGA's counsel, William Charron, stated that he was checking into the status of the report, on or about October 12, 2007, Mr. Charron confirmed that the report had not been produced and indicated that he had no explanation why it had not been produced and could not say when it would be produced.[15]

Shortly thereafter, O'Melveny & Myers withdrew as counsel for MGA and was replaced by Skadden, Arps, Slate, Meagher & Flom.  At MGA's request, discovery motions and meet and confers, among other things, were stayed for approximately one month, through November 14, 2007.

**Mattel's Meet and Confer Discussions With MGA's New Counsel**. On October 29, 2007, Mattel sent MGA's new counsel, Skadden Arps, a letter setting forth a list of outstanding discovery which the Court had ordered MGA to produce and/or which MGA previously agreed to produce but which MGA still had

---

[12]  Letter from Scott B. Kidman to William J. Charron dated September 4, 2007, Kidman Dec., Exh. 5.

[13]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things dated September 17, 2007, Kidman Dec., Exh. 6.

[14]  E-mail from Scott Kidman to William Charron dated September 26, 2007, Kidman Dec., Exh. 7.

[15]  Kidman Dec., ¶ 14.

not produced.[16]  The letter addressed the financial information responsive to the Requests and, in particular, the report MGA had agreed to produce by September 17, 2007.  The letter also repeated statements made by Mattel's counsel in a conference call on October 14, 2007 that "MGA's production of financial documents needs to be a priority so that there is no further delay in our ability to prepare expert reports."[17]

In subsequent meet and confer discussions following the lifting of the stay, MGA's new counsel has claimed to be unaware of the financial report that had been promised, and cannot provide a date by which any of the financial information that MGA agreed to produce in September (and which it admits will provide the "starting point" for Mattel's expert damages report) will be produced.[18]

## Argument

### I. MGA SHOULD BE ORDERED TO PRODUCE ALL RESPONSIVE FINANCIAL INFORMATION, INCLUDING THE SUMMARY REPORT, WITHOUT FURTHER DELAY

There is no dispute that Mattel is entitled to the requested financial information regarding Bratz products, including revenue, cost and profit information by product.  For example, with respect to Mattel's claim for copyright infringement, Section 504(b) of the Copyright Act provides that "[t]he copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and **any profits of the infringer that are attributable to the infringement** and are not taken into account in computing actual damages."  17 U.S.C. § 504(b) (emphasis added).  Section 504(b) further provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross

---

[16] Letter from Michael T. Zeller to Thomas J. Nolan dated October 29, 2007, Kidman Dec., Exh. 9.
[17] Id. at p. 4, Kidman Dec., Exh. 9.
[18] Kidman Dec., ¶ 17.

revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." In addition, as the Court has already held, information regarding MGA's net worth is discoverable and relevant to Mattel's claims for punitive damages.[19]

MGA also agreed to produce the requested financial information, including the report showing units sales, revenue and costs by product, more than two months ago. Not only has MGA failed to produce the requested information as agreed, but now, almost six months after Mattel served the Requests, MGA claims that it cannot even tell Mattel when the information will be produced.

Expert reports for Phase 1 are due on February 11, 2008. The financial information at issue here is necessary for Mattel to prepare its expert damages report. Indeed, MGA's counsel has acknowledged that the financial information yet to be produced is the "starting point" for Mattel's expert damages analysis. MGA also admits that there are hundreds of products at issue. MGA's failure to produce this financial information as promised has already prejudiced Mattel's ability to complete its damages analysis and prepare its expert report within the existing deadlines. MGA has had months to collect the responsive documents. It should be ordered to produce them immediately and without further delay. The documents to be produced should include specifically the previously promised summary report that is to include unit sales, revenue and cost information by product.[20]

---

[19] Minute Order dated July 2, 2007, at pp. 4-5, Kidman Dec., Exh. 10. See also Hilao v. Estate of Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (defendant's financial condition a relevant factor in awarding punitive damages); Housing Rights Center v. King, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages claim has been asserted, a majority of federal courts permit pretrial discovery of financial information about defendants without requiring the plaintiff to establish a prima facie case on the issue of punitive damages.").

[20] MGA's recent suggestion that it is unaware of such a report is entirely inconsistent with the representations of MGA's prior counsel. Moreover, the (footnote continued)

## Conclusion

For the foregoing reasons, The Court should grant Mattel's motion.

DATED: November 26, 2007    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Scott B. Kidman
    Scott B. Kidman
    Attorneys for Mattel, Inc.

---

suggestion that a company like MGA, with hundreds of millions of dollars in annual sales is unable to track sales or revenues by product is implausible on its face. Having delayed production of the financial documents that provide the "starting point" for Mattel's damages analysis for almost six months, MGA should not now be permitted to dump potentially hundreds of thousands of sales invoices and other underlying documents on Mattel to sort through without the promised report.

07209/2302275.1

-7-

MATTEL'S MOTION TO COMPEL