# EXHIBIT 1

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
Timothy L. Alger (Bar No. 160303)
(timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>Plaintiff,<br>vs.<br>MATTEL, INC., a Delaware corporation,<br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| AND CONSOLIDATED CASES | MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these document requests ("Requests") and make available for inspection and copying originals of the following documents within 30 days of service at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th floor, Los Angeles, CA 90017. MGA shall be obligated to supplement

responses to these requests at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

For purposes of these Requests, the following definitions apply:

A. "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc., any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest. Without limiting the foregoing, MGA Entertainment, Inc. includes the entities known as ABC International Traders or ABC International Traders, Inc.

B. "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

C. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

D. "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such

product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

E. "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

F. "BRATZ DOLL" means any doll that is or has ever been distributed, marketed, sold or offered for sale under the name "Bratz" or as part of the "Bratz" line.

G. "BRATZ PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form: (i) that is or has ever been distributed, marketed or sold under the name "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever been distributed, marketed or sold in any packaging that includes the name "Bratz" or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ.

H. "BRATZ LICENSE" means any license that REFERS OR RELATES TO any BRATZ PRODUCT.

I. "BRATZ MOVIE" means any motion picture or film that depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ or any BRATZ WORK.

J. "BRATZ TELEVISION SHOW" means any production exhibited on television that depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ or any BRATZ WORK.

K. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

L. "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing,

describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

M. "IDENTIFY" or "IDENTITY" means the following:

(i) with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(ii) with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

N. "Any" as used in these Requests includes the word "all," and the word "all" as used in these Requests includes the word "any."

O. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## II. INSTRUCTIONS

A. YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B. If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or

protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

1. the date and type of the DOCUMENT, the author(s) and all recipients;

2. the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3. the title and subject matter of the DOCUMENT;

4. any additional facts on which YOU base YOUR claim of privilege or protection; and

5. the identity of the current custodian of the original of the DOCUMENT.

C. DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D. The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E. DOCUMENTS in electronic form shall be produced in that form.

F. In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1. the date and type of the DOCUMENT, the author(s) and all recipients;

2. the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3. the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4. the PERSONS who were authorized to carry out such destruction or discard;

5. the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6. whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III. REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

A sample of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 2:

DOCUMENTS sufficient to IDENTIFY every PERSON who has entered into a BRATZ LICENSE with YOU or anyone acting on YOUR behalf.

REQUEST FOR PRODUCTION NO. 3:

DOCUMENTS sufficient to identify by product name, product number and SKU each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 4:

DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 5:

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 6:

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 8:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 9:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, documents sufficient to show the revenue received by YOU from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 10:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, documents sufficient to show YOUR profits from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 11:

DOCUMENTS sufficient to show customer returns to YOU of BRATZ DOLLS sold or distributed by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 12:

DOCUMENTS sufficient to show customer rebates or credits given by YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

REQUEST FOR PRODUCTION NO. 13:

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each BRATZ DOLL sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 14:

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 15:

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 17:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 18:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 19:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU, YOUR profits from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 20:

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by YOU or YOUR licensees of BRATZ DOLLS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

REQUEST FOR PRODUCTION NO. 21:

DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 22:

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 23:

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 25:

DOCUMENTS sufficient to IDENTIFY all customers to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT.

REQUEST FOR PRODUCTION NO. 26:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 27:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, documents sufficient to show the revenue received by YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 28:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, documents sufficient to show YOUR profits from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 29:

DOCUMENTS sufficient to show customer returns to YOU of BRATZ PRODUCTS sold or distributed by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to show customer rebates and credits given by YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 33:

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 35:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 36:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by YOU or YOUR licensees of BRATZ PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

REQUEST FOR PRODUCTION NO. 38:

DOCUMENTS sufficient to show the revenue and profits derived by YOU from BRATZ MOVIES including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and net profits.

REQUEST FOR PRODUCTION NO. 39:

DOCUMENTS sufficient to show the revenue and profits derived by YOU from BRATZ TELEVISION SHOWS including, without limitation,

DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and net profits.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS that describe YOUR cost allocation procedures.

REQUEST FOR PRODUCTION NO. 41:

YOUR general ledgers from January 1, 1995 through the present.

REQUEST FOR PRODUCTION NO. 42:

All quarterly and annual profit and loss statements for BRATZ.

REQUEST FOR PRODUCTION NO. 43:

All sales, profit and cash flow projections or forecasts for BRATZ DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION SHOWS.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS that REFER OR RELATE TO the value of the Bratz brand.

REQUEST FOR PRODUCTION NO. 45:

DOCUMENTS sufficient to calculate YOUR net worth on a yearly basis for each year from 1999 to the present.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO the BRATZ DOLL's share of the fashion doll market including, without limitation, the extent to which Bratz has been or is gaining or losing market share in the fashion doll market.

DATED: June 6, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By [signature]
Scott B. Kidman
Attorneys for Mattel, Inc.

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 6, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SECOND SET OF REQUEST FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

John W. Keker
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111

Patricia Glaser, Esq.
**Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 6, 2007, at Los Angeles, California.

Helen Lim

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On June 6, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 6, 2007, at Los Angeles, California.

David Quintana