# EXHIBIT 4

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3162**

WRITER'S INTERNET ADDRESS
**scottkidman@quinnemanuel.com**

July 20, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

James P. Jenal, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

Re:    <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>

Dear Jim:

I write pursuant to section 5 of the Discovery Master Stipulation to request that MGA meet and confer regarding the many deficiencies in MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Second Set of Requests for Documents and Things dated July 6, 2007 and MGA Entertainment (HK) Limited's Responses to Mattel's First Set of Requests for Documents and Things dated July 12, 2007. (MGA Entertainment, Inc. and MGA Entertainment (HK) Limited are referred to collectively herein as "MGA.")

<u>General Objection No. 7</u>.  MGA states that in response to each and every request it will only produce documents "sufficient to provide Mattel with the information sought." Mattel has limited a number of its requests to documents "sufficient to show" the information sought. Where Mattel has not done so, MGA's unilaterally imposed restriction to documents "sufficient to provide the information sought" is clearly improper. MGA is not entitled to withhold responsive documents because it has deemed some other document to be "sufficient" with respect to such request and has no right to unilaterally dictate what evidence Mattel will rely on to prove its claims and defenses in this case. Indeed, in his May 15, 2007 order, the Discovery Master has already found MGA's restriction to documents "sufficient to show" to be improper for this very reason. Please be prepared to identify and discuss each request where MGA has limited its search for or production of responsive documents based on this general objection.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2172583.1

EXHIBIT __4__ PAGE 82

**General Objection No. 9 to MGA Entertainment, Inc.'s Responses**.  MGA states that in response to each and every request it will limit its production to "documents relating to domestic conduct or activities only."  Because of the nature of Mattel's claims, this limitation is clearly improper.  Among other things, Mattel has alleged state law claims that entitle Mattel to disgorgement of all profits and other benefit derived from MGA's wrongful conduct.  Moreover, even as to its copyright claims, Mattel is entitled to "recover damages flowing from exploitation abroad of [any] domestic acts of infringement committed" by MGA.  Los Angeles News Service v. Reuters Television Intern. (USA) Ltd., 340 F.3d 926, 928-32 (9th Cir. 2003).  And, as the Discovery Master has already found, Mattel is entitled to discovery regarding MGA's net worth.  Please be prepared to identify and discuss any requests where MGA has limited its search for or production of responsive documents based on this general objection.

**General Objection No. 10 to MGA Entertainment, Inc.'s Responses and General Objection No. 9 to MGA Entertainment (HK) Limited's Responses**.  MGA's objections to the defined terms "You," "Your," and "MGA" on the grounds that they overbroad, vague and ambiguous and call for a legal conclusion have no merit.  Please be prepared to identify and discuss any requests where MGA has limited its search for or production of responsive documents based on this general objection.

**General Objection No. 11 to MGA Entertainment, Inc's Responses and General Objection No. 10 to MGA Entertainment (HK) Limited's Responses**.  MGA's objections to the defined terms "Bratz," "Bratz Doll," "Bratz Product," "Bratz License," "Bratz Movie" and "Bratz Television Show" on the grounds that they are overbroad, vague and ambiguous and call for a legal conclusion are also without merit.  These terms are clearly defined.  They also do not call for a legal conclusion, which in any event is not a proper objection to document requests.  Please be prepared to identify and discuss any requests where MGA has limited its search for or production of responsive documents based on this general objection.

**Request Nos. 1-24, 26-37, 41-42 and 44-46.**  In response to each of these requests, MGA states that subject to its general and specific objections, it will produce "relevant and responsive non-objectionable documents that it discovers in the course of its reasonable search and diligent inquiry, which are within the permissible scope of discovery, to which no privilege or other protection applies . . . ."[1]  This response is improper, and the Discovery Master has already so held.  It permits MGA without basis to withhold entire categories of responsive documents MGA unilaterally deems to be not relevant or otherwise "objectionable" without providing Mattel with the slightest hint as to what those documents might be.  For all we know, MGA deems all documents responsive to particular requests to be "objectionable" and has no intention of producing anything.  Even if MGA intends to produce some responsive documents, neither

---

[1]   In response to Request No. 1, MGA states that it will make available for inspection "relevant and responsive non-objectionable samples that are at issue in the above-captioned litigation which it discovers in the course of its reasonable search and diligent inquiry, which are within the permissible scope of discovery, to which no privilege or other protection applies . . . ."

EXHIBIT  4  PAGE 83

Mattel--nor the Discovery Master for that matter--has any basis for evaluating the propriety of MGA's decision to withhold other, undisclosed responsive documents.

Indeed, the Discovery Master has already found MGA's limitation to "relevant and responsive non-objectionable documents" in response to other document requests to be improper. As you know, in his May 15, 2007 order, Judge Infante expressly ruled:

> As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to "relevant and responsive non-objectionable documents" or documents "sufficient" to show when events relating to Bratz occurred. These restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is "relevant" or "sufficient." [MGA] shall provide the responses to document requests ordered herein without these restrictions.

That MGA now repeats this improper limitation in response to nearly all of the requests at issue here confirms MGA's obstructionist tactics of delay and bad faith. We expect these inappropriate limitations to be withdrawn.

Likewise, MGA's boilerplate objections, which it repeats in response to each of these requests, are without merit. Each of the requests seeks documents that are centrally relevant to Mattel's damages claims in this lawsuit, including damages in connection with its claims for copyright infringement. Mattel is entitled to information that will enable it to determine, on a product-by product basis, MGA's revenue and profits from the sale and licensing of Bratz products. The requests are not overbroad or unduly burdensome and MGA cannot demonstrate otherwise. Almost all of the requests also are limited to documents "sufficient to show" the requested information. Moreover, as the Discovery Master has already found, any legitimate concerns regarding "confidential, proprietary or commercially sensitive information" are adequately addressed by the protective order in place in this lawsuit. As for MGA's privilege and work product objections, we are at a loss to understand how the requested documents and product samples could properly be the subject of any such claim, particularly when, as pointed out above, most all of the requests seek documents "sufficient to show" the requested information.

MGA's objection to Request Nos. 6, 15, 23 and 33 on the grounds that the phrase "other costs" is purportedly vague and ambiguous is groundless. In each of these requests, Mattel seeks documents sufficient to show costs of goods sold, unit costs and any other costs MGA contends are appropriately deducted from revenue to arrive at profits. MGA's objections to the straightforward phrases "value of the Bratz brand" (Request No. 44) and "YOUR net worth" (Request No. 45) as vague and ambiguous are also without merit.

Absent MGA's agreement to provide a supplement response stating that it will produce all responsive non-privileged documents, Mattel will file a motion to compel as to each of these requests.

**Request Nos. 25, 38-40 and 43**. MGA has flatly objected and refused to produce any responsive documents to these requests. MGA's objections have no merit. Each of these

EXHIBIT __4__ PAGE _84_

requests seek information relevant to Mattel's damages claims.  The identity of the customers to whom MGA and its licensees have sold BRATZ PRODUCTS (Request No. 25) is relevant to both liability, since it will for example identify potential copyright infringements, and to damages recovery, including for disgorgement.  Documents sufficient to show revenue and profits derived by MGA from BRATZ TELEVISION SHOWS and BRATZ MOVIES (Request Nos. 38 and 39) are clearly relevant for these same reasons.  For example, to the extent that any elements of these television shows or movies are found infringe copyrighted works owned by Mattel, Mattel is entitled to seek damages for copyright infringement, including MGA's profits attributable to the infringement.  Mattel is also entitled to sales, profits and cash flow projections and forecasts for BRATZ DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION SHOWS (Request No. 43) to test any claim by MGA regarding its purported revenues and profits.  Likewise, Mattel is entitled documents sufficient to describe MGA's cost allocation procedures (Request No. 40) to evaluate how MGA purports to arrive at its alleged profits.

MGA's objections to these requests on the grounds that they are overbroad and unduly burdensome, call for "confidential, proprietary or commercially sensitive information" and call for the disclosure of "attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege" have no merit for the reasons discussed above.

Unless we can resolve these issues with MGA's responses, Mattel seek relief that asks the Discovery Master to strike MGA's objections and limitations, to compel MGA to produce responsive documents and to impose monetary sanctions.

Please let me know when MGA's counsel is available to meet and confer on these issues within the time required.  I look forward to hearing from you.

Very truly yours,

Scott B. Kidman

07209/2172583.1

07209/2172583.1

4

EXHIBIT __4__ PAGE _85_

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA  92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 20, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 5

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| **Jim Jenal, Esq.** <br> O'Melveny & Myers LLP | 213.430.6584 | 213.430.6407 |

**FROM:**   Helen Lim
Assistant to Scott Kidman

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*



Message:   Please see attached.

---

07209/2170578.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Maria Albert./3th Floor | ☐ CONFIRM FAX <br> ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT   4   PAGE  86

JUL. 20 07 (FRI) 11:46    QUI: EMANUEL, URQUHART, OLIVER&H      T    2136240643                    P. 001

```
┌─────────────────────────────────────────────────────────────────────────────┐
│                                                                               │
│  TRANSACTION REPORT                                                           │
│                                                                               │
│  Transmission                                                                 │
│  Transaction(s) completed                                                     │
│                                                                               │
│                                                                               │
│  NO.  TX DATE/TIME   DESTINATION              DURATION  PGS.   RESULT  MODE    │
│                                                                               │
│  116  JUL. 20 11:43  76179#7209#12134306407#  0°02'10"  005    OK     N  ECM  │
│                                                                               │
└─────────────────────────────────────────────────────────────────────────────┘
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   July 20, 2007            **NUMBER OF PAGES, INCLUDING COVER: 5**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Jim Jenal, Esq.*<br>O'Melveny & Myers LLP | 213.430.6584 | 213.430.6407 |

**FROM:**   Helen Lim
Assistant to Scott Kidman

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**Message:**   Please see attached.

EXHIBIT  4  PAGE  87

# EXHIBIT 5

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 4, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>
**(310) 246-6779**

William J. Charron
O'Melveny & Myers LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035

Re:   <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Bill:

I write to confirm our meet and confer discussions over the past weeks, including most recently on August 31, 2007, regarding MGA's responses to Mattel's Second Set of Request for Documents and Things dated July 6, 2007.

<u>Request No. 1:</u>

You agreed that MGA will make a sample of all products responsive to this requests available for inspection.

<u>Request Nos. 2-6, 8-15, 17-23, 25-33, 35-39:</u>

You agreed that MGA will supplement its responses and all produce responsive, non-privileged documents.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2184325.2

EXHIBIT 5  PAGE 88

Request Nos. 7, 16, 24 and 34:

I clarified that these requests seek all documents that set forth, discuss or talk about the requested profit information, whether it be gross profits, net profits, incremental profits or any other profits (as opposed to documents by which such profits could be calculated). Based on this clarification, you agreed that MGA will supplement its responses and produce all responsive, non-privileged documents.

Request No. 40:

You agreed that MGA will supplement its response and produce all responsive, non-privileged documents.

Request No. 41:

You agreed that MGA will supplement its response to this Request and produce all general ledgers from January 1, 1995 to the present.

Request No. 42:

You stated that MGA does not maintain profit and loss statements for Bratz and that MGA has no documents responsive to this request.

Request No. 43:

You agreed that MGA will supplement its response and produce all responsive, non-privileged documents.

Request Nos. 44 and 45:

In response to Request Nos. 44 and 45, it was agreed that MGA will produce the following documents:

- All documents that set forth, discuss or talk about the value of the Bratz brand.

- All of the documents MGA has agreed to produce in response to each of the other requests in Mattel's Second Set of Request for Documents and Things as set forth in this letter.

- The financial information that MGA has been ordered to produce in the Discovery Master's Order dated August 13, 2007.

You agreed that MGA will supplement its responses to these requests to reflect its agreement to produce these documents.

2

EXHIBIT __5__ PAGE __89__

Request No. 46:

We agreed that MGA would not be required to produce actual NPD reports in response to this request. Based on this limitation, you agreed that MGA will supplement its response and produce all other responsive, non-privileged documents.

Deadlines for Supplemental Responses and Production of Documents:

You agreed that MGA will serve supplemental responses to Mattel's Second Set of Request for Documents and Things by September 17, 2007.

You also agreed that MGA will produce all documents in response to Request Nos. 2-6, 8-15, 17-23, 25-33, 35-41 and 43-46 by September 17, 2007 and that MGA will produce all documents in response to Request Nos. 7, 16, 24 and 34 by September 28, 2007.

We have yet to agree on a date for the inspection of the products responsive to Request No. 1. I will contact you to arrange a date for the inspection.

Please notify me immediately if this letter does not accurately reflect your understanding of the agreements we reached during our meet and confer discussions regarding MGA's responses to Mattel's Second Set of Request for Documents and Things.

Very truly yours,

Scott B. Kidman

SBK:csn
07209/2184325.2

EXHIBIT 5 PAGE 90

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   September 4, 2007   **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| **William J. Charron**<br>O'Melveny & Myers LLP | (310) 553-6700 | (310) 246-6779 |

**FROM:**   Helen Lim
Assistant to Scott Kidman

**RE:**   *Mattel, Inc. v. Carter Bryant*

**MESSAGE:**   Please see attached.



07209/2047927.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Tiffany Garcia./3th Floor | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 5 PAGE 91

SEP. -04' 07(TUE) 16:21     QUI.   EMANUEL, URQUHART, OLIVER&H     T.   2136240643          P. 001

```
TRANSACTION REPORT

Transmission
Transaction(s) completed


NO.  TX DATE/TIME   DESTINATION              DURATION  PGS.  RESULT  MODE

132 SEP.  4 16:19   76179#7209#13102466779#    0°01'35"  004    OK     Normal
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 912-3107
Facsimile: (858) 912-3338

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**  September 4, 2007           **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| William J. Charron
O'Melveny & Myers LLP | (310) 553-6700 | (310) 246-6779 |

**FROM:**   Helen Lim
Assistant to Scott Kidman

**RE:**   *Mattel, Inc. v. Carter Bryant*

**MESSAGE:**   Please see attached.

EXHIBIT 5 PAGE 92