QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>         vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE COURT'S AUGUST 20, 2007 ORDER REQUIRING CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Scott B. Kidman filed concurrently]<br><br>Hearing Date:        TBA<br>Time:                    TBA<br>Place:                    TBA<br><br>**Phase 1**<br>Discovery Cut-Off:    January 14, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date:                April 29, 2008 |

07209/2264026.1

MATTEL'S MOTION TO ENFORCE COURT'S AUGUST 20, 2007 ORDER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court:

(1)     to enforce its Order dated August 20, 2007 requiring Carter Bryant ("Bryant") to admit or deny Request Nos. 33, 34, 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and 143 in Mattel, Inc.'s Third Set of Requests for Admission, and to order that such Requests are deemed admitted; and

(2)     for an award of sanctions against Bryant in the amount of $3,500.00, which represents a portion of the costs incurred by Mattel in bringing this Motion.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 36 and 37 and the Court's August 20, 2007 Order on the grounds that Mattel's Requests for Admission seek discoverable information and that Bryant has already been ordered to admit or deny such requests, and he refuses to do either in his responses.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott B. Kidman filed concurrently herewith, and all other matters of which the Court may take judicial notice.

1

## <u>Statement of Rule 37-1 Compliance</u>

2          The parties met and conferred regarding this motion on October 11,

3   2007 and times thereafter.

4

5   DATED:  November 27, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
6

7                                      By /s/ Scott B. Kidman
8                                         Scott B. Kidman
                                          Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

For nearly nine months, Mattel has been attempting to get proper responses to straight-forward requests for admission that ask Bryant to admit or deny that specific Bratz works subject to copyright registrations are derivative of other specific Bratz works subject to copyright registrations.  Initially, Bryant stated that he did not have enough information to admit or deny the requests even though, on their face, they did not require access to any information Bryant did not already possess.  When the parties met and conferred, Bryant agreed to supplement his responses.  Instead of making good on his promises, however, he merely repeated his objections that the requests called for a "legal conclusion" and privileged information and refused to provide any response at all.  Bryant also objected and refused to answer requests regarding the validity and enforceability of the contract whereby he purported to assign all of his rights, title and interest in Bratz to MGA on the same grounds.

Mattel filed a motion to compel.  In August, the Discovery Master overruled Bryant's objections and expressly ordered him to **admit or deny** the requests.  Yet, when Bryant finally provided his responses, he did neither.  As for the derivative works requests, Bryant merely reverted to the original, improper responses that had begun the meet and confer process in the first place.  As for the requests regarding his contract with MGA, Bryant stated only that he "has not" contested the enforceability or validity of the contract but that he "reserves the right" to do so—a non-responsive answer that violates the Court's Order.

The Discovery Master should reject Bryant's tactics, order that the requests be deemed admitted, and impose sanctions.  At a minimum, the Discovery Master should, once again, immediately order Bryant to admit or deny the requests at issue and impose sanctions for his now repeated defiance of Court Orders.

-1-

<u>**Background**</u>

<u>**Mattel's Third Set of Requests For Admission to Bryant**</u>.  On February 28, 2007, Mattel served its Third Set of Requests for Admission to Carter Bryant (the "Requests").[1]  Among other things, the Requests seek discoverable information regarding (1) whether specific Bratz works subject to copyright registrations are derivative of other specific Bratz works subject to copyright registrations and (2) the validity and enforceability of the contract between MGA and Bryant whereby Bryant purported to assign all of his rights, title and interest in Bratz to MGA.[2]

<u>**Bryant's Original Responses to Mattel's Third Set of Requests for Admission**</u>.  On March 30, 2007, Bryant served responses to the Requests.[3]  In response to those Requests asking Bryant to admit that a specific Bratz work attached to the Requests is derivative of another specific Bratz work attached to the Requests, Bryant objected that they called for "the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges" and called for a "legal conclusion."  Bryant also responded that "the information known or readily obtainable" by Bryant was somehow "insufficient" to enable him to admit or deny the requests.[4]  In response to the requests regarding his contract with MGA, Bryant objected on legal conclusion and privilege grounds and refused to respond at all.

---

[1]   Mattel, Inc.'s Third Set of Requests for Admission to Carter Bryant, dated February 28, 2007 (the "Requests"), attached as Exhibit 1 to the Declaration of Scott B. Kidman, dated November 27, 2007 ("Kidman Dec.").
[2]   <u>Id.</u> at Request Nos. 33 and 34.
[3]   Carter Bryant's Responses to Mattel's Third Set of Requests for Admission, dated March 30, 2007 ("Bryant's Responses"), Kidman Dec., Exh. 2.
[4]   <u>See</u> Bryant's Response to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141, 143, Kidman Dec., Exh. 2.

**The Parties' Meet and Confer Regarding Bryant's Responses**. During the parties' meet and confer discussions, Mattel pointed out that Bryant could not legitimately claim to lack sufficient information to admit or deny the requests regarding the derivative works, particularly given that Bryant claimed to be the creator of the underlying works.  Mattel also pointed out that Bryant's "legal conclusion" and privilege objections to those requests, as well as the requests regarding his contract with MGA, had no merit.[5]  In response, Bryant agreed to provide supplemental responses to the derivative works requests, but stated that he would stand on his objections to the requests regarding the validity and enforceability of his contract with MGA.[6]

**Bryant's Supplemental and Amended Responses and the Parties' Subsequent Meet and Confer**.  On May 29, 2007, Bryant served supplemental and amended responses.[7]  Despite his promises, Bryant did nothing to remedy the deficiencies in his original responses to the derivative works requests.  To the contrary, in his "supplemental responses," Bryant simply repeated his "legal conclusion" and privilege objections and refused to provide any answer at all[8]—hardly the kind of "supplemental response" one would expect following a good faith meet and confer.  In subsequent meet and confer discussions, Bryant stated that he would stand on his objections and refused to answer.[9]

---

[5]   Letter from Michael T. Zeller to Douglas A. Wickham, dated April 25, 2007, Kidman Dec., Exh. 3.

[6]   Letter from Christa Anderson to Michael T. Zeller, dated May 15, 2007, Kidman Dec., Exh. 4.

[7]   Carter Bryant's Supplemental and Amended Responses to Mattel, Inc.'s Third Set of Requests for Admission, dated May 29, 2007 ("Bryant's Supplemental and Amended Responses"), Kidman Dec., Exh. 5.

[8]   See Bryant's Supplemental and Amended Responses to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141, 143, Kidman Dec., Exh. 5.

[9]   Kidman Dec., ¶ 7.

1    **The Motion to Compel and the Court's August 20, 2007 Order.**  On

2    June 26, 2007, Mattel filed a motion to compel Bryant to answer the derivative

3    works requests and the contract requests.[10]  In that motion, Mattel noted that

4    Bryant's "legal conclusion" and privilege objections were not a valid basis for

5    refusing to answer.[11]  With respect to the derivative work requests, Mattel also noted

6    that Bryant's original responses -- that he lacked sufficient information to admit or

7    deny the requests -- were improper, as all facts necessary to admit or deny the

8    request were already within his knowledge.  Predicting that Bryant might attempt to

9    return to this response once his "legal conclusion" and privilege objections were

10   overruled, Mattel argued that "Bryant should not be given the opportunity to

11   continue this gamesmanship by going back to his original inadequate response

12   (which is presumably his plan given that his 'supplemental responses' have now

13   resorted to giving no answer at all).  Bryant should be ordered to provide a full and

14   complete answer that meets the substance of the requests."[12]

15            On August 20, 2007, the Court granted Mattel's motion.  The Discovery

16   Master held: "In sum, Mattel's requests for admission regarding derivative works are

17   consistent with the plain language of Rule 36 and several cases holding that requests

18   for admission calling for application of law to facts are permissible."  Likewise, the

19   Court ruled that the requests regarding Bryant's contract with MGA "do not call for

20   pure legal conclusions.  Rather, they are akin to contention interrogatories that are

21   routinely asked and answered."  Accordingly, the Court held that "Mattel's motion to

22   compel Bryant to answer requests for admission is granted.  Bryant shall **admit or**

23

24   _____

25   [10]   See Mattel, Inc.'s Notice of Motion and Motion to Compel Carter Bryant to
26   Answer Requests for Admission or to Order Requests Admitted and for Monetary
     Sanctions, dated June 26, 2007 ("Motion to Compel"), Kidman Dec., Exh. 6.
27   [11]   Id. at pp. 5-7.
28   [12]   Id. at p. 7.

1  **deny** the requests in accordance with Rule 36(a), Fed.R.Civ.P., no later than August

2  30, 2007."[13]

3          **Bryant's Fourth Supplemental Responses and the Parties' Meet**

4  **and Confers.**  In response to the Court's Order, Bryant submitted his Fourth

5  Supplemental and Amended Responses on August 30, 2007.[14]  However, Bryant

6  failed to admit or deny the requests as required by the Court's Order.  Regarding the

7  derivative works requests, Bryant repeated the same "legal conclusion" and

8  privilege objections the Court had expressly overruled and, as predicted, merely

9  reverted to his original improper response that, "after reasonable inquiry, Bryant has

10  insufficient information or knowledge to enable him to admit or deny [the]

11  request[s]."[15]  As for the requests regarding his contract with MGA, Bryant again

12  repeated the objections the Court had expressly overruled and stated merely that he

13  "has not" contested the validity or enforceability of the contract "in this action" but

14  that he "reserves the right" to do so.

15          When the parties met and conferred, Bryant refused to admit or deny

16  the requests and stated that he would stand on his responses.[16]

---

23  [13]  Order Granting Mattel's Motion to Compel Carter Bryant to Answer Requests

24  for Admission or to Order Requests Admitted; Denying Request for Monetary Sanctions, dated August 20, 2007, Kidman Dec., Exh. 7 (emphasis added).

25  [14]  Carter Bryant's Fourth Supplemental and Amended Responses to Mattel,

26  Inc.'s Third Set of Requests for Admission to Carter Bryant, dated August 30, 3007, Kidman Dec., Exh. 8.

27  [15]  Id. at Request Nos. 100-143.

28  [16]  Kidman Dec., ¶ 11.

MATTEL'S MOTION TO ENFORCE COURT'S AUGUST 20, 2007 ORDER

## <u>Argument</u>

**I.    THE COURT SHOULD ENFORCE ITS ORDER REQUIRING BRYANT TO ADMIT OR DENY WHETHER ONE BRATZ WORK IS DERIVATIVE OF ANOTHER BRATZ WORK**

### A.    <u>Bryant Has Violated The Discovery Master's Order</u>

In its moving papers, Mattel predicted that Bryant might revert to his original improper response to Mattel's requests if his "legal conclusion" and privileged objections were overruled, and that is exactly what has now happened.[17] Bryant ignored and thus conceded the portion of Mattel's motion challenging the impropriety of his original responses and focused instead on the propriety of his "legal conclusion" and privilege objections.  In so doing, he waived any claim that these earlier responses were proper.  <u>See, e.g.</u>, <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding that party had waived arguments it failed to raise in opposition to motion to compel).  Furthermore, the Discovery Master specifically ordered Bryant to admit or deny the requests.  Bryant has chosen to engage in a strategy of gamesmanship and delay by repeating the same indefensible responses that Mattel had already moved against.  Bryant's actions—consisting of an attempt to engage in serial, piecemeal objections in violation of the Discovery Master's Order—are in bad faith.[18]

---

[17]  <u>See</u> Motion to Compel, pp. 7-8.

[18]  During meet and confer discussions, Bryant argued that he was not required to admit or deny any of the requests because the Court's Order stated that Bryant was to "admit or deny the requests in accordance with Rule 36(a)."  This argument has no merit.  The Court did not order Bryant to "respond" to the requests in accordance with Rule 36(a), it ordered him to admit or deny the requests in accordance with Rule 36(a).  Bryant's suggestion that the phrase "in accordance with Rule 36(a)" somehow reads the words "admit or deny" right out of the Order is nothing more than an attempt apply a veneer of "good faith" to a clear violation of the Court's Order.

B.     **Bryant's Responses Are Improper In Any Event And Should Be Rejected.**

In any event, even apart from being waived and in violation of the Court's Order, Bryant's repeat performance is groundless.  A party cannot avoid providing a response to a request for admission merely by claiming to have conducted a reasonable inquiry.  "[A] response which fails to admit or deny a proper request for admission does not comply with the requirements of Rule 36(a) if the answering party has not, in fact, made 'reasonable inquiry,' or if information 'readily obtainable' is sufficient to enable him to admit or deny the matter." Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1247 (9th Cir. 1981).

Bryant claims that, after a reasonable inquiry, he does not have enough information to determine whether one work is the derivative of another work.  This is nonsense.  The United States Code defines a derivative work as "a work based upon one or more preexisting works."  17 U.S.C. § 101.  As Bryant claims to be the creator of the underlying Bratz works at issue, the facts to which any law will be applied are certainly within his personal knowledge or, at the least, must be readily obtainable.  Indeed, all Bryant needs to do is view both works, and make a simple determination as to whether the latter is based upon the former.

This kind of claim of "reasonable inquiry," without any detailed information as to the inquiry made, or indeed any clear basis for asserting that an inquiry is necessary, does not comply with Rule 36(a).  Asea, 669 F.2d at 1247. Where a party has provided such a response, especially after having already been ordered to admit or deny a request for admission, the Court can order that the request be admitted.  See id.; Princess Pat, Ltd. v. National Carloading Corp., 223 F.2d 916, 920 (7th Cir. 1955) (affirming district court's decision to treat party's response that "it did not possess sufficient information upon which to form a belief of the truth or falsity of such statements, hence neither admitted nor denied them" as admission, and stating "[w]e find no persuasive reason why the court below was

1  forced to tolerate defendant's straddling statements sponsored as a reply to

2  paragraphs 22 and 23 of plaintiff's request for admissions.").

3            The Court should do so here.  At a minimum, Bryant should again be

4  ordered to admit or deny the requests.

5  **II.      THE COURT SHOULD ENFORCE ITS ORDER REQUIRING**

6            **BRYANT TO ADMIT OR DENY THE REQUESTS REGARDING**

7            **BRYANT'S CONTRACT WITH MGA**

8            Bryant has also failed to comply with the Court's Order as to the

9  requests regarding the validity and enforceability of his contract with MGA.  Like

10  the derivative works requests, the Court expressly overruled Bryant's "legal

11  conclusion" and privilege objections and ordered him to "admit or deny" the

12  requests.  Despite the Order, Bryant repeats those objections and proceeds to give a

13  meaningless, non-responsive answer that simply points out that he "has not"

14  contested the validity or enforceability of the contract "in this action" but that he

15  "reserves the right" to do so.  As the Court observed in its Order, these requests are

16  "akin to contention interrogatories that are routinely asked and answered."  One of

17  the purposes of such requests is to avoid surprise at trial.  Bryant's response does

18  nothing to eliminate the element of surprise.  To the contrary, Bryant's response is

19  nothing more than an explicit reservation of a supposed "right" to sandbag Mattel at

20  a later date.

21            The Court should deem Request Nos. 33 and 34 admitted or, at a

22  minimum, once again order Bryant to admit or deny the requests.

23  **III.     BRYANT SHOULD BE SANCTIONED**

24            Mattel respectfully submits that Bryant's willful non-compliance with

25  the Court's Order should be met with sanctions.  The Discovery Master has broad

26  authority to sanction Bryant for his disobedience of the Court's Orders.  Under

27  Federal Rule of Civil Procedure 37(b)(2), the Court "may make such orders in

28  regard to the failure [to comply with the Court's Order] as are just."  See also U.S. v.

Westinghouse Electric Corp., 648 F.2d 642, 651 (9th Cir. 1981) ("The choice of discovery sanctions is left to the discretion of the district court."); accord Grimes v. City and County of San Francisco, 951 F.2d 236, 240-241 (9th Cir. 1991) (courts "may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even.").

Furthermore, under the Federal Rules, a party bringing a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4). The burden of establishing substantial justification is on the party being sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994). Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and veraciously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

Sanctions are certainly called for here. Bryant's conduct amounts to gamesmanship. Thus, for example, Mattel is no closer to getting a proper response to the derivative works requests than it as almost nine months ago when the requests were first served. Bryant first provided inadequate responses to requests for admission. After a series of meet and confers where Bryant effectively conceded that his replies were improper, he then agreed to supplement them. Yet, Bryant's supplementation only replaced an improper answer with a flat-out refusal to answer

1    at all.  Bryant then forced Mattel to file a motion over the requests for admission,

2    which resulted in the Discovery Master's Order making clear that Bryant needed to

3    answer the requests.  Bryant nevertheless has failed to comply with that order,

4    instead returning to offering Mattel the same evasive answer he had already agreed

5    to supplement, bringing the parties full circle.

6            This type of bad faith behavior is part of a pattern of unreasonable and

7    vexatious conduct designed to frustrate Mattel's efforts to obtain even basic

8    discovery to which it is entitled.  Indeed, Mattel has been negotiating and attempting

9    to get proper responses to these requests for over six months.  Bryant and his

10   counsel should be sanctioned for the fees Mattel has been forced to incur in

11   connection with this motion.  Mattel therefore requests that Bryant and his counsel

12   be ordered to pay $3,500.00 as partial reimbursement for those fees.

13                              **Conclusion**

14           For the foregoing reasons, Mattel's motion should be granted in its

15   entirety and monetary sanctions should be awarded against Bryant in the amount of

16   $3,500.00.

17

18   DATED:  November 27, 2007          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
19

20                                      By /s/ Scott B. Kidman
                                           Scott B. Kidman
21                                         Attorneys for Mattel, Inc.

22

23

24

25

26

27

28