**EXHIBIT 2**

**RECEIVED**

APR 0 2 2007

1  DOUGLAS A. WICKHAM, Bar No. 127268
   dwickham@littler.com
2  KEITH A. JACOBY, Bar No. 150233
   kjacoby@littler.com
3  LITTLER MENDELSON
   A Professional Corporation
4  2049 Century Park East, 5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  (310) 553-0308
   Facsimile:  (310) 553-5583
6
7  Attorneys for Defendant and Counter-Claimant
   CARTER BRYANT
8
                UNITED STATES DISTRICT COURT
9
                CENTRAL DISTRICT OF CALIFORNIA
10
                     EASTERN DIVISION
11
   MATTEL, INC., a Delaware              Case No.  CV 04-090949 SGL (RNBx)
12 Corporation,                          (consolidated with Case No. CV 04-
                                         9059 and Case No. CV 05-2727)
13            Plaintiff and Counter-
              Defendant,                 **CARTER BRYANT'S RESPONSES
14                                       TO MATTEL'S THIRD SET OF
   v.                                    REQUESTS FOR ADMISSION**
15
   CARTER BRYANT, an individual, and
16 DOES 1 through 10, inclusive,
17            Defendant.
18
19 CONSOLIDATED WITH MATTEL,
   INC. v. BRYANT and, MGA
20 ENTERTAINMENT, INC. v.
   MATTEL, INC.
21
22 **PROPOUNDING PARTY:**    **PLAINTIFF MATTEL, INC. ("Plaintiff")**

23 **RESPONDING PARTY:**     **DEFENDANT CARTER BRYANT ("Defendant")**

24 **SET:**                  **THREE (3)**
25
26
27
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT  2  PAGE 152

3-30

1    Carter Bryant ("Defendant" or "Bryant") hereby provides responses to Mattel,

2    Inc.'s ("Mattel") Third Set of Requests for Admission to Carter Bryant as follows:

3    <u>**GENERAL OBJECTIONS**</u>

4    These responses and objections are made solely for the purpose of this action.

5    The following responses are based upon information presently known and available to

6    Defendant. Discovery is ongoing and Defendant reserves the right to supplement

7    these responses with subsequently discovered information and/or to introduce such

8    information at trial. Each response is subject to all objections as to competence,

9    relevance, materiality, proprietary subject matter, admissibility and any and all other

10   objections or grounds that would require exclusion of the responses or documents

11   produced by Defendant, or any part thereof, if any of these responses were presented

12   at court. All appropriate objections and grounds are hereby reserved and may be

13   interposed at trial regarding the introduction into evidence of a response by Defendant

14   in reply to Plaintiff's Requests for Admission, Set Three.

15   The fact that Defendant has responded to or objected to any request or part

16   thereof may not be taken as an admission of the existence of any fact set forth in or

17   assumed by such request or that such response constitutes relevant evidence. The fact

18   that Defendant has answered part or all of any request shall not be construed to be a

19   waiver by Defendant of any objections to part or all of any request. Nothing

20   contained herein shall be construed as an admission of the existence or nonexistence

21   of any fact. No implied admissions whatsoever are intended by these responses.

22   To the extent that any request calls for information which constitutes material

23   prepared in anticipation of litigation or for trial, information or material covered by

24   the attorney work-product doctrine or information protected from disclosure by virtue

25   of a privilege including, but not limited to, the attorney-client communication

26   privilege, the joint defense privilege and/or the common interest privilege, Defendant

27   objects to each and every such request and will not supply or produce any such

28   information.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1.

EXHIBIT  2  PAGE  153

1       To the extent that any request seeks information relating to confidential

2   personnel or other information of persons other than Plaintiff, Defendant objects to

3   each and every such request on the grounds that such request is overbroad, seeks

4   information that is not relevant to the subject matter of this action, is not reasonably

5   calculated to lead to the discovery of admissible evidence and invades the privacy

6   rights of such other persons.  Defendant also objects to any request to the extent it

7   requires disclosure of documents reflecting, concerning or constituting trade secrets,

8   proprietary and confidential information.  Such information, to the extent it is relevant

9   to this action and either has been or will be produced, has been and will be produced

10   in reliance upon and pursuant to protective order.  Furthermore, Defendant objects to

11   the requests on the grounds that they seek confidential, proprietary and trade secret

12   information that has no bearing on the claims or defenses in this case.  Defendant

13   further objects to any request to the extent it seeks information that is seven years

14   removed from Defendant's employment from Plaintiff.  Defendant objects to the

15   requests on the grounds that the definitions of "Bratz" and "MGA" are overbroad,

16   vague, ambiguous, and non-specific.

17   **Specific Objections And Responses To Requests For Admission**

18       The above stated objections are hereby made applicable to each and every

19   request and are incorporated by reference as though fully set forth in each response to

20   each demand.  Without waiving any of the foregoing objections, and except as

21   objected to above, Defendant responds to Mattel, Inc.'s Third Set of Requests for

22   Admission, as follows:

23   **REQUEST FOR ADMISSION NO. 1:**

24       Admit that the document attached hereto as Exhibit 1 is a true and

25   correct copy of a registration MGA obtained from the U.S. Copyright Office as of

26   June 18, 2001.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

28       In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT _2_ PAGE _154_

1   by reference, Defendant objects to this Request on the grounds that it calls for the

2   disclosure of information subject to the attorney-client privilege, the work product

3   doctrine and other applicable privileges. Defendant further objects to this Request on

4   the grounds that Defendant cannot either admit or deny this Request because

5   information known or readily available to Defendant is insufficient to enable it to

6   admit or deny the Request.

7         Subject to and without waiving the foregoing general and specific objections,

8   Defendant responds:  Defendant has made reasonable inquiry and that the information

9   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

10   or deny this Request and, on that basis Defendant denies the same.

11

12   **REQUEST FOR ADMISSION NO. 2:**

13         Admit that the document attached hereto as Exhibit 2 is a true and correct copy

14   of a supplementary registration MGA obtained from the U.S. Copyright Office as of

15   March 28, 2005.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

17         In addition to the foregoing general objections, which are incorporated herein

18   by reference, Defendant objects to this Request on the grounds that it calls for the

19   disclosure of information subject to the attorney-client privilege, the work product

20   doctrine and other applicable privileges. Defendant further objects to this Request on

21   the grounds that Defendant cannot either admit or deny this Request because

22   information known or readily available to Defendant is insufficient to enable it to

23   admit or deny the Request.

24         Subject to and without waiving the foregoing general and specific objections,

25   Defendant responds:  Defendant has made reasonable inquiry and that the information

26   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

27   or deny this Request and, on that basis Defendant denies the same.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1    **REQUEST FOR ADMISSION NO. 3:**

2        Admit that the document attached hereto as Exhibit 3 is a true and correct copy

3    of a registration MGA obtained from the U.S. Copyright Office as of December 22,

4    2003.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

6        In addition to the foregoing general objections, which are incorporated herein

7    by reference, Defendant objects to this Request on the grounds that it calls for the

8    disclosure of information subject to the attorney-client privilege, the work product

9    doctrine and other applicable privileges.  Defendant further objects to this Request on

10   the grounds that Defendant cannot either admit or deny this Request because

11   information known or readily available to Defendant is insufficient to enable it to

12   admit or deny the Request.

13       Subject to and without waiving the foregoing general and specific objections,

14   Defendant responds:  Defendant has made reasonable inquiry and that the information

15   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

16   or deny this Request and, on that basis Defendant denies the same.

17

18   **REQUEST FOR ADMISSION NO. 4:**

19       Admit that the document attached hereto as Exhibit 4 is a true and correct copy

20   of a supplementary registration MGA obtained from the U.S. Copyright Office as of

21   March 28, 2005.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

23       In addition to the foregoing general objections, which are incorporated herein

24   by reference, Defendant objects to this Request on the grounds that it calls for the

25   disclosure of information subject to the attorney-client privilege, the work product

26   doctrine and other applicable privileges.  Defendant further objects to this Request on

27   the grounds that Defendant cannot either admit or deny this Request because

28   information known or readily available to Defendant is insufficient to enable it to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

EXHIBIT __2__ PAGE __156__

1  admit or deny the Request.

2  Subject to and without waiving the foregoing general and specific objections,

3  Defendant responds: Defendant has made reasonable inquiry and that the information

4  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

5  or deny this Request and, on that basis Defendant denies the same.

6

7  **REQUEST FOR ADMISSION NO. 5:**

8  Admit that the document attached hereto as Exhibit 5 is a true and correct copy

9  of a registration MGA obtained from the U.S. Copyright Office as June 18, 2001.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

11  In addition to the foregoing general objections, which are incorporated herein

12  by reference, Defendant objects to this Request on the grounds that it calls for the

13  disclosure of information subject to the attorney-client privilege, the work product

14  doctrine and other applicable privileges. Defendant further objects to this Request on

15  the grounds that Defendant cannot either admit or deny this Request because

16  information known or readily available to Defendant is insufficient to enable it to

17  admit or deny the Request.

18  Subject to and without waiving the foregoing general and specific objections,

19  Defendant responds: Defendant has made reasonable inquiry and that the information

20  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

21  or deny this Request and, on that basis Defendant denies the same.

22

23  **REQUEST FOR ADMISSION NO. 6:**

24  Admit that the document attached hereto as Exhibit 6 is a true and correct copy

25  of a supplementary registration MGA obtained from the U.S. Copyright Office as of

26  March 28, 2005.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

28  In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

5.

EXHIBIT __2__ PAGE _157_

1  by reference, Defendant objects to this Request on the grounds that it calls for the

2  disclosure of information subject to the attorney-client privilege, the work product

3  doctrine and other applicable privileges.  Defendant further objects to this Request on

4  the grounds that Defendant cannot either admit or deny this Request because

5  information known or readily available to Defendant is insufficient to enable it to

6  admit or deny the Request.

7  Subject to and without waiving the foregoing general and specific objections,

8  Defendant responds:  Defendant has made reasonable inquiry and that the information

9  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

10  or deny this Request and, on that basis Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 7:**

13  Admit that the document attached hereto as Exhibit 7 is a true and correct copy

14  of a registration MGA obtained from the U.S. Copyright Office as of December 22,

15  2003.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

17  In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it calls for the

19  disclosure of information subject to the attorney-client privilege, the work product

20  doctrine and other applicable privileges.  Defendant further objects to this Request on

21  the grounds that Defendant cannot either admit or deny this Request because

22  information known or readily available to Defendant is insufficient to enable it to

23  admit or deny the Request.

24  Subject to and without waiving the foregoing general and specific objections,

25  Defendant responds:  Defendant has made reasonable inquiry and that the information

26  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

27  or deny this Request and, on that basis Defendant denies the same.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

EXHIBIT **2** PAGE **158**

1  **REQUEST FOR ADMISSION NO. 8:**

2       Admit that the document attached hereto as Exhibit 8 is a true and correct copy

3  of a supplementary registration MGA obtained from the U.S. Copyright Office as of

4  March 28, 2005.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

6       In addition to the foregoing general objections, which are incorporated herein

7  by reference, Defendant objects to this Request on the grounds that it calls for the

8  disclosure of information subject to the attorney-client privilege, the work product

9  doctrine and other applicable privileges.  Defendant further objects to this Request on

10  the grounds that Defendant cannot either admit or deny this Request because

11  information known or readily available to Defendant is insufficient to enable it to

12  admit or deny the Request.

13       Subject to and without waiving the foregoing general and specific objections,

14  Defendant responds:  Defendant has made reasonable inquiry and that the information

15  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

16  or deny this Request and, on that basis Defendant denies the same.

17

18  **REQUEST FOR ADMISSION NO. 9:**

19       Admit that the document attached hereto as Exhibit 9 is a true and correct copy

20  of a registration MGA obtained from the U.S. Copyright Office as of June 18, 2001.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

22       In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it calls for the

24  disclosure of information subject to the attorney-client privilege, the work product

25  doctrine and other applicable privileges.  Defendant further objects to this Request on

26  the grounds that Defendant cannot either admit or deny this Request because

27  information known or readily available to Defendant is insufficient to enable it to

28  admit or deny the Request.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

7.

EXHIBIT __2__ PAGE _159_

1   Subject to and without waiving the foregoing general and specific objections,

2   Defendant responds:  Defendant has made reasonable inquiry and that the information

3   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

4   or deny this Request and, on that basis Defendant denies the same.

5

6   **REQUEST FOR ADMISSION NO. 10:**

7   Admit that the document attached hereto as Exhibit 10 is a true and correct

8   copy of a supplementary registration MGA obtained from the U.S. Copyright Office

9   as of March 28, 2005.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

11  In addition to the foregoing general objections, which are incorporated herein

12  by reference, Defendant objects to this Request on the grounds that it calls for the

13  disclosure of information subject to the attorney-client privilege, the work product

14  doctrine and other applicable privileges.  Defendant further objects to this Request on

15  the grounds that Defendant cannot either admit or deny this Request because

16  information known or readily available to Defendant is insufficient to enable it to

17  admit or deny the Request.

18  Subject to and without waiving the foregoing general and specific objections,

19  Defendant responds:  Defendant has made reasonable inquiry and that the information

20  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

21  or deny this Request and, on that basis Defendant denies the same.

22

23  **REQUEST FOR ADMISSION NO. 11:**

24  Admit that the document attached hereto as Exhibit 11 is a true and correct

25  copy of a registration MGA obtained from the U.S. Copyright Office as of December

26  22, 2003.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

28  In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

8.

EXHIBIT _2_ PAGE _160_

1    by reference, Defendant objects to this Request on the grounds that it calls for the

2    disclosure of information subject to the attorney-client privilege, the work product

3    doctrine and other applicable privileges.  Defendant further objects to this Request on

4    the grounds that Defendant cannot either admit or deny this Request because

5    information known or readily available to Defendant is insufficient to enable it to

6    admit or deny the Request.

7           Subject to and without waiving the foregoing general and specific objections,

8    Defendant responds:  Defendant has made reasonable inquiry and that the information

9    known or readily obtainable by Defendant is insufficient to enable Defendant to admit

10   or deny this Request and, on that basis Defendant denies the same.

11

12   **REQUEST FOR ADMISSION NO. 12:**

13          Admit that the document attached hereto as Exhibit 12 is a true and correct

14   copy of a supplementary registration MGA obtained from the U.S. Copyright Office

15   as of March 28, 2005.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

17          In addition to the foregoing general objections, which are incorporated herein

18   by reference, Defendant objects to this Request on the grounds that it calls for the

19   disclosure of information subject to the attorney-client privilege, the work product

20   doctrine and other applicable privileges.  Defendant further objects to this Request on

21   the grounds that Defendant cannot either admit or deny this Request because

22   information known or readily available to Defendant is insufficient to enable it to

23   admit or deny the Request.

24          Subject to and without waiving the foregoing general and specific objections,

25   Defendant responds:  Defendant has made reasonable inquiry and that the information

26   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

27   or deny this Request and, on that basis Defendant denies the same.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.

EXHIBIT ___2___ PAGE _161_

1  **REQUEST FOR ADMISSION NO. 13:**

2      Admit that the document attached hereto as Exhibit 13 is a true and correct

3  copy of a registration MGA obtained from the U.S. Copyright Office as of June 18,

4  2001.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

6      In addition to the foregoing general objections, which are incorporated herein

7  by reference, Defendant objects to this Request on the grounds that it calls for the

8  disclosure of information subject to the attorney-client privilege, the work product

9  doctrine and other applicable privileges. Defendant further objects to this Request on

10  the grounds that Defendant cannot either admit or deny this Request because

11  information known or readily available to Defendant is insufficient to enable it to

12  admit or deny the Request.

13      Subject to and without waiving the foregoing general and specific objections,

14  Defendant responds:  Defendant has made reasonable inquiry and that the information

15  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

16  or deny this Request and, on that basis Defendant denies the same.

17

18  **REQUEST FOR ADMISSION NO. 14:**

19      Admit that the document attached hereto as Exhibit 14 is a true and correct

20  copy of a supplementary registration MGA obtained from the U.S. Copyright Office

21  as of March 28, 2005.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

23      In addition to the foregoing general objections, which are incorporated herein

24  by reference, Defendant objects to this Request on the grounds that it calls for the

25  disclosure of information subject to the attorney-client privilege, the work product

26  doctrine and other applicable privileges. Defendant further objects to this Request on

27  the grounds that Defendant cannot either admit or deny this Request because

28  information known or readily available to Defendant is insufficient to enable it to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

10.

EXHIBIT 2 PAGE 162

1    admit or deny the Request.

2       Subject to and without waiving the foregoing general and specific objections,

3    Defendant responds:  Defendant has made reasonable inquiry and that the information

4    known or readily obtainable by Defendant is insufficient to enable Defendant to admit

5    or deny this Request and, on that basis Defendant denies the same.

6

7    **REQUEST FOR ADMISSION NO. 15:**

8       Admit that the document attached hereto as Exhibit 15 is a true and correct

9    copy of a registration MGA obtained from the U.S. Copyright Office as of December

10    22, 2003.

11    **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

12       In addition to the foregoing general objections, which are incorporated herein

13    by reference, Defendant objects to this Request on the grounds that it calls for the

14    disclosure of information subject to the attorney-client privilege, the work product

15    doctrine and other applicable privileges.  Defendant further objects to this Request on

16    the grounds that Defendant cannot either admit or deny this Request because

17    information known or readily available to Defendant is insufficient to enable it to

18    admit or deny the Request.

19       Subject to and without waiving the foregoing general and specific objections,

20    Defendant responds:  Defendant has made reasonable inquiry and that the information

21    known or readily obtainable by Defendant is insufficient to enable Defendant to admit

22    or deny this Request and, on that basis Defendant denies the same.

23

24    **REQUEST FOR ADMISSION NO. 16:**

25       Admit that the document attached hereto as Exhibit 16 is a true and correct

26    copy of a supplementary registration MGA obtained from the U.S. Copyright Office

27    as of March 28, 2005.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.   EXHIBIT _2_ PAGE _163_

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

2      In addition to the foregoing general objections, which are incorporated herein

3  by reference, Defendant objects to this Request on the grounds that it calls for the

4  disclosure of information subject to the attorney-client privilege, the work product

5  doctrine and other applicable privileges.  Defendant further objects to this Request on

6  the grounds that Defendant cannot either admit or deny this Request because

7  information known or readily available to Defendant is insufficient to enable it to

8  admit or deny the Request.

9      Subject to and without waiving the foregoing general and specific objections,

10  Defendant responds:  Defendant has made reasonable inquiry and that the information

11  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

12  or deny this Request and, on that basis Defendant denies the same.

13

14  **REQUEST FOR ADMISSION NO. 17:**

15      Admit that the document attached hereto as Exhibit 17 is a true and correct

16  copy of a registration MGA obtained from the U.S. Copyright Office as of December

17  22, 2003.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

19      In addition to the foregoing general objections, which are incorporated herein

20  by reference, Defendant objects to this Request on the grounds that it calls for the

21  disclosure of information subject to the attorney-client privilege, the work product

22  doctrine and other applicable privileges.  Defendant further objects to this Request on

23  the grounds that Defendant cannot either admit or deny this Request because

24  information known or readily available to Defendant is insufficient to enable it to

25  admit or deny the Request.

26      Subject to and without waiving the foregoing general and specific objections,

27  Defendant responds:  Defendant has made reasonable inquiry and that the information

28  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

EXHIBIT _2_ PAGE _164_

1  or deny this Request and, on that basis Defendant denies the same.

2

3  **REQUEST FOR ADMISSION NO. 18:**

4      Admit that the document attached hereto as Exhibit 18 is a true and correct

5  copy of a registration MGA obtained from the U.S. Copyright Office as of March 28,

6  2005.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

8      In addition to the foregoing general objections, which are incorporated herein

9  by reference, Defendant objects to this Request on the grounds that it calls for the

10  disclosure of information subject to the attorney-client privilege, the work product

11  doctrine and other applicable privileges.  Defendant further objects to this Request on

12  the grounds that Defendant cannot either admit or deny this Request because

13  information known or readily available to Defendant is insufficient to enable it to

14  admit or deny the Request.

15      Subject to and without waiving the foregoing general and specific objections,

16  Defendant responds:  Defendant has made reasonable inquiry and that the information

17  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

18  or deny this Request and, on that basis Defendant denies the same.

19

20  **REQUEST FOR ADMISSION NO. 19:**

21      Admit that the document attached hereto as Exhibit 19 is a true and correct

22  copy of a registration MGA obtained from the U.S. Copyright Office on or about

23  March 25, 2002.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25      In addition to the foregoing general objections, which are incorporated herein

26  by reference, Defendant objects to this Request on the grounds that it calls for the

27  disclosure of information subject to the attorney-client privilege, the work product

28  doctrine and other applicable privileges.  Defendant further objects to this Request on

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

13.

EXHIBIT ___2___ PAGE _165_

1   the grounds that Defendant cannot either admit or deny this Request because

2   information known or readily available to Defendant is insufficient to enable it to

3   admit or deny the Request.

4   　　　Subject to and without waiving the foregoing general and specific objections,

5   Defendant responds:  Defendant has made reasonable inquiry and that the information

6   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

7   or deny this Request and, on that basis Defendant denies the same.

8

9   **REQUEST FOR ADMISSION NO. 20:**

10   　　　Admit that the document attached hereto as Exhibit 20 is a true and correct

11   copy of a supplementary registration MGA obtained from the U.S. Copyright Office

12   as of March 28, 2005.

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

14   　　　In addition to the foregoing general objections, which are incorporated herein

15   by reference, Defendant objects to this Request on the grounds that it calls for the

16   disclosure of information subject to the attorney-client privilege, the work product

17   doctrine and other applicable privileges.  Defendant further objects to this Request on

18   the grounds that Defendant cannot either admit or deny this Request because

19   information known or readily available to Defendant is insufficient to enable it to

20   admit or deny the Request.

21   　　　Subject to and without waiving the foregoing general and specific objections,

22   Defendant responds:  Defendant has made reasonable inquiry and that the information

23   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

24   or deny this Request and, on that basis Defendant denies the same.

25

26   **REQUEST FOR ADMISSION NO. 21:**

27   　　　Admit that the document attached hereto as Exhibit 21 is a true and correct

28   copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

14.

EXHIBIT _2_ PAGE _166_

1   of January 25, 2006.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

3       In addition to the foregoing general objections, which are incorporated herein

4   by reference, Defendant objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the work product

6   doctrine and other applicable privileges. Defendant further objects to this Request on

7   the grounds that Defendant cannot either admit or deny this Request because

8   information known or readily available to Defendant is insufficient to enable it to

9   admit or deny the Request.

10       Subject to and without waiving the foregoing general and specific objections,

11   Defendant responds:  Defendant has made reasonable inquiry and that the information

12   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

13   or deny this Request and, on that basis Defendant denies the same.

14

15   **REQUEST FOR ADMISSION NO. 22:**

16       Admit that the document attached hereto as Exhibit 22 is a true and correct

17   copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

18   of January 25, 2006.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

20       In addition to the foregoing general objections, which are incorporated herein

21   by reference, Defendant objects to this Request on the grounds that it calls for the

22   disclosure of information subject to the attorney-client privilege, the work product

23   doctrine and other applicable privileges. Defendant further objects to this Request on

24   the grounds that Defendant cannot either admit or deny this Request because

25   information known or readily available to Defendant is insufficient to enable it to

26   admit or deny the Request.

27       Subject to and without waiving the foregoing general and specific objections,

28   Defendant responds:  Defendant has made reasonable inquiry and that the information

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

15.

EXHIBIT 2 PAGE 167

1   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

2   or deny this Request and, on that basis Defendant denies the same.

3

4   **REQUEST FOR ADMISSION NO. 23:**

5        Admit that the document attached hereto as Exhibit 23 is a true and correct

6   copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

7   of January 25, 2006.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

9        In addition to the foregoing general objections, which are incorporated herein

10   by reference, Defendant objects to this Request on the grounds that it calls for the

11   disclosure of information subject to the attorney-client privilege, the work product

12   doctrine and other applicable privileges.  Defendant further objects to this Request on

13   the grounds that Defendant cannot either admit or deny this Request as any

14   information related to MGA's registration should be directed to MGA.

15        Subject to and without waiving the foregoing general and specific objections,

16   Defendant responds:  Defendant has made reasonable inquiry and that the information

17   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

18   or deny this Request and, on that basis Defendant denies the same.

19

20   **REQUEST FOR ADMISSION NO. 24:**

21        Admit that the document attached hereto as Exhibit 24 is a true and correct

22   copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

23   of January 25, 2006.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

25        In addition to the foregoing general objections, which are incorporated herein

26   by reference, Defendant objects to this Request on the grounds that it calls for the

27   disclosure of information subject to the attorney-client privilege, the work product

28   doctrine and other applicable privileges.  Defendant further objects to this Request on

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

16.

EXHIBIT __2__ PAGE _168_

1   the grounds that Defendant cannot either admit or deny this Request because

2   information known or readily available to Defendant is insufficient to enable it to

3   admit or deny the Request.

4          Subject to and without waiving the foregoing general and specific objections,

5   Defendant responds:  Defendant has made reasonable inquiry and that the information

6   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

7   or deny this Request and, on that basis Defendant denies the same.

8

9   **REQUEST FOR ADMISSION NO. 25:**

10         Admit that the document attached hereto as Exhibit 25 is a true and correct

11  copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

12  of January 25, 2006.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

14         In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it calls for the

16  disclosure of information subject to the attorney-client privilege, the work product

17  doctrine and other applicable privileges.  Defendant further objects to this Request on

18  the grounds that Defendant cannot either admit or deny this Request because

19  information known or readily available to Defendant is insufficient to enable it to

20  admit or deny the Request.

21         Subject to and without waiving the foregoing general and specific objections,

22  Defendant responds:  Defendant has made reasonable inquiry and that the information

23  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

24  or deny this Request and, on that basis Defendant denies the same.

25

26  **REQUEST FOR ADMISSION NO. 26:**

27         Admit that the document attached hereto as Exhibit 26 is a true and correct

28  copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308.

17.

EXHIBIT __2__ PAGE __169__

1   of February 1, 2006.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

3       In addition to the foregoing general objections, which are incorporated herein

4   by reference, Defendant objects to this Request on the grounds that it calls for the

5   disclosure of information subject to the attorney-client privilege, the work product

6   doctrine and other applicable privileges. Defendant further objects to this Request on

7   the grounds that Defendant cannot either admit or deny this Request because

8   information known or readily available to Defendant is insufficient to enable it to

9   admit or deny the Request.

10       Subject to and without waiving the foregoing general and specific objections,

11   Defendant responds: Defendant has made reasonable inquiry and that the information

12   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

13   or deny this Request and, on that basis Defendant denies the same.

14

15   **REQUEST FOR ADMISSION NO. 27:**

16       Admit that the document attached hereto as Exhibit 27 is a true and correct

17   copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

18   of February 1, 2006.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

20       In addition to the foregoing general objections, which are incorporated herein

21   by reference, Defendant objects to this Request on the grounds that it calls for the

22   disclosure of information subject to the attorney-client privilege, the work product

23   doctrine and other applicable privileges. Defendant further objects to this Request on

24   the grounds that Defendant cannot either admit or deny this Request because

25   information known or readily available to Defendant is insufficient to enable it to

26   admit or deny the Request.

27       Subject to and without waiving the foregoing general and specific objections,

28   Defendant responds: Defendant has made reasonable inquiry and that the information

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

18.

EXHIBIT _2_ PAGE _170_

1  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

2  or deny this Request and, on that basis Defendant denies the same.

3

4  **REQUEST FOR ADMISSION NO. 28:**

5       Admit that the document attached hereto as Exhibit 28 is a true and correct

6  copy of a certificate of registration MGA obtained from the U.S. Copyright Office as

7  of March 1, 2004.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

9       In addition to the foregoing general objections, which are incorporated herein

10  by reference, Defendant objects to this Request on the grounds that it calls for the

11  disclosure of information subject to the attorney-client privilege, the work product

12  doctrine and other applicable privileges. Defendant further objects to this Request on

13  the grounds that Defendant cannot either admit or deny this Request because

14  information known or readily available to Defendant is insufficient to enable it to

15  admit or deny the Request.

16       Subject to and without waiving the foregoing general and specific objections,

17  Defendant responds: Defendant has made reasonable inquiry and that the information

18  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

19  or deny this Request and, on that basis Defendant denies the same.

20

21  **REQUEST FOR ADMISSION NO. 29:**

22       Admit that the document attached hereto as Exhibit 29 is a true and correct

23  copy of a certificate of registration MGA obtained from the U.S. Copyright Office on

24  or about February 2, 2004.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

26       In addition to the foregoing general objections, which are incorporated herein

27  by reference, Defendant objects to this Request on the grounds that it calls for the

28  disclosure of information subject to the attorney-client privilege, the work product

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

19.

EXHIBIT 2 PAGE 171

1  doctrine and other applicable privileges.  Defendant further objects to this Request on

2  the grounds that Defendant cannot either admit or deny this Request because

3  information known or readily available to Defendant is insufficient to enable it to

4  admit or deny the Request.

5        Subject to and without waiving the foregoing general and specific objections,

6  Defendant responds:  Defendant has made reasonable inquiry and that the information

7  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

8  or deny this Request and, on that basis Defendant denies the same.

9

10  **REQUEST FOR ADMISSION NO. 30:**

11        Admit that the document attached hereto as Exhibit 30 includes a true and

12  correct copy of a contract between MGA and YOU.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

14        In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it calls for the

16  disclosure of information subject to the attorney-client privilege, the work product

17  doctrine and other applicable privileges.  Defendant further objects to this Request as

18  vague and ambiguous, including without limitation as to the term "contract."

19  Defendant further objects that this Request on the grounds that it does not seek an

20  admission of fact and instead improperly calls for a legal conclusion.

21        Subject to and without waiving the foregoing general and specific objections,

22  Defendant responds:  Defendant admits that Exhibit 30 appears to be a copy of the

23  contract between MGA and Bryant.  Defendant denies this request in all other

24  respects.

25

26  **REQUEST FOR ADMISSION NO. 31:**

27        Admit that the document attached hereto as Exhibit 31 is a true and correct

28  copy of a contract between Mattel Inc. and YOU that YOU executed on or about

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

20.

EXHIBIT  2  PAGE  172

1    January 4, 1999.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

3         In addition to the foregoing general objections, which are incorporated herein

4    by reference, Defendant objects to this Request on the grounds that it calls for the

5    disclosure of information subject to the attorney-client privilege, the work product

6    doctrine and other applicable privileges. Defendant further objects to this Request as

7    vague and ambiguous, including without limitation as to the term "contract."

8    Defendant further objects that this Request on the grounds that it does not seek an

9    admission of fact and instead improperly calls for a legal conclusion.

10        Subject to and without waiving the foregoing general and specific objections,

11   Defendant responds: Defendant admits that Exhibit 31 appears to be a copy of a

12   document that Bryant signed on or about January 4, 1999. Defendant denies this

13   request in all other respects.

14

15   **REQUEST FOR ADMISSION NO. 32:**

16        Admit that the document attached hereto as Exhibit 32 is a true and correct

17   copy of the MATTEL Proprietary Information checkout executed by YOU on or about

18   October 19, 2000.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

20        In addition to the foregoing general objections, which are incorporated herein

21   by reference, Defendant objects to this Request on the grounds that it calls for the

22   disclosure of information subject to the attorney-client privilege, the work product

23   doctrine and other applicable privileges. Defendant further objects that this Request

24   on the grounds that it does not seek an admission of fact and instead improperly calls

25   for a legal conclusion.

26        Subject to and without waiving the foregoing general and specific objections,

27   Defendant responds: Defendant admits that Exhibit 32 appears to be a copy of a

28   document that Bryant signed on or about October 19, 2000. Defendant denies this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

21.   EXHIBIT 2 PAGE 173

1   request in all other respects.

2

3   **REQUEST FOR ADMISSION NO. 33:**

4       Admit that YOU do not contest that the contract between MGA and YOU

5   attaches as Exhibit 30 is valid.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

7       In addition to the foregoing general objections, which are incorporated herein

8   by reference, Defendant objects to this Request on the grounds that it is vague,

9   ambiguous and unintelligible.  In particular, the terms "contract" and "valid" in this

10  context are vague and ambiguous.  Defendant objects to this Request on the grounds

11  that it calls for the disclosure of information subject to the attorney-client privilege,

12  the work product doctrine and other applicable privileges.  Defendant further objects

13  to this Request as harassing and on the grounds that it seeks information that is neither

14  relevant nor reasonably calculated to lead to the discovery of admissible evidence.

15  Defendant further objects that this Request on the grounds that it does not seek an

16  admission of fact and instead improperly calls for a legal conclusion.

17

18  **REQUEST FOR ADMISSION NO. 34:**

19      Admit that YOU do not contest that the contract between MGA and YOU

20  attached as Exhibit 30 is enforceable.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

22      In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible.  In particular, the terms "contract" and "enforceable" in

25  this context are vague and ambiguous.  Defendant objects to this Request on the

26  grounds that it calls for the disclosure of information subject to the attorney-client

27  privilege, the work product doctrine and other applicable privileges.  Defendant

28  further objects to this Request as harassing and on the grounds that it seeks

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

22.

EXHIBIT **2** PAGE *174*

1 information that is neither relevant nor reasonably calculated to lead to the discovery

2 of admissible evidence. Defendant further objects that this Request on the grounds

3 that it does not seek an admission of fact and instead improperly calls for a legal

4 conclusion.

5

6 **REQUEST FOR ADMISSION NO. 35:**

7     Admit that YOU informed MGA prior to October 20, 2000 that YOU were then

8 a MATTEL employee.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

10     In addition to the foregoing general objections, which are incorporated herein

11 by reference, Defendant objects to this Request on the grounds that it calls for the

12 disclosure of information subject to the attorney-client privilege, the work product

13 doctrine and other applicable privileges. Defendant further objects to this Request on

14 the grounds that it is incomprehensible, oppressive, overbroad and unduly

15 burdensome in that it requires Defendant to determine the timing of his conversations

16 with MGA. Defendant further objects to this Request as harassing and on the grounds

17 that it seeks information that is neither relevant nor reasonably calculated to lead to

18 the discovery of admissible evidence. Defendant further objects to this Request as

19 harassing and on the grounds that it seeks information that is neither relevant nor

20 reasonably calculated to lead to the discovery of admissible evidence.

21     Subject to and without waiving the foregoing general and specific objections,

22 Defendant responds: Defendant admits to the extent he informed a small number of

23 people at MGA.

24

25 **REQUEST FOR ADMISSION NO. 36:**

26     Admit that, prior to October 20, 2000, Isaac Larian attended at least one

27 meeting with YOU regarding BRATZ.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

23.

EXHIBIT 2 PAGE 175

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "attended" and "meeting" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive, overbroad and unduly burdensome in that it requires Defendant to determine the timing of his meeting(s) with Mr. Larian. Defendant further objects to this Request as harassing and on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Deny as no such doll existed at that time.

**REQUEST FOR ADMISSION NO. 37:**

Admit that, prior to October 20, 2000, Isaac Larian attended more than one meeting with YOU regarding BRATZ.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "BRATZ," "attended" and "meeting" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive, overbroad and unduly burdensome in that it requires Defendant to determine the timing his meeting(s) with Mr. Larian. Defendant further objects to this Request as

EXHIBIT 2 PAGE 176

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1   harassing and on the grounds that it seeks information that is neither relevant nor

2   reasonably calculated to lead to the discovery of admissible evidence.

3         Subject to and without waiving the foregoing general and specific objections,

4   Defendant responds:  Deny as no such doll existed prior to October 20, 2000.

5

6   **REQUEST FOR ADMISSION NO. 38:**

7         Admit that Isaac Larian attended at least one meeting with YOU regarding

8   BRATZ during the time that YOU were employed by MATTEL.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

10        In addition to the foregoing general objections, which are incorporated herein

11   by reference, Defendant objects to this Request on the grounds that it is vague,

12   ambiguous and unintelligible.  In particular, the terms "BRATZ," "attended," "during

13   the time" and "meeting" in this context are vague and ambiguous.  Defendant objects

14   to this Request on the grounds that it calls for the disclosure of information subject to

15   the attorney-client privilege, the work product doctrine and other applicable

16   privileges.  Defendant further objects to this Request on the grounds that it is

17   incomprehensible, oppressive, overbroad and unduly burdensome in that it requires

18   Defendant to determine the timing his meeting(s) with Mr. Larian.  Defendant further

19   objects to this Request as harassing and on the grounds that it seeks information that is

20   neither relevant nor reasonably calculated to lead to the discovery of admissible

21   evidence.  Defendant objects to this Request as vague and ambiguous, including

22   without limitation that the Request does not provide an applicable time frame.

23        Subject to and without waiving the foregoing general and specific objections,

24   Defendant responds:  Deny as no such doll existed during Bryant's employment with

25   Mattel.

26

27   **REQUEST FOR ADMISSION NO. 39:**

28        Admit that Isaac Larian attended more than one meeting with YOU regarding

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

25.

EXHIBIT _2_ PAGE _177_

1  BRATZ during the time that YOU were employed by MATTEL.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

3      In addition to the foregoing general objections, which are incorporated herein

4  by reference, Defendant objects to this Request on the grounds that it is vague,

5  ambiguous and unintelligible. In particular, the terms "BRATZ," "attended," "during

6  the time" and "meeting" in this context are vague and ambiguous. Defendant objects

7  to this Request on the grounds that it calls for the disclosure of information subject to

8  the attorney-client privilege, the work product doctrine and other applicable

9  privileges. Defendant further objects to this Request on the grounds that it is

10  incomprehensible, oppressive, overbroad and unduly burdensome in that it requires

11  Defendant to determine the timing his meeting(s) with Mr. Larian. Defendant further

12  objects to this Request as harassing and on the grounds that it seeks information that is

13  neither relevant nor reasonably calculated to lead to the discovery of admissible

14  evidence. Defendant objects to this Request as vague and ambiguous, including

15  without limitation that the Request does not provide an applicable time frame.

16      Subject to and without waiving the foregoing general and specific objections,

17  Defendant responds: Deny as no such doll existed during Bryant's employment with

18  Mattel.

19

20  **REQUEST FOR ADMISSION NO. 40:**

21      Admit that Isaac Larian attended at least one meeting with YOU regarding

22  BRATZ at a time when MGA was aware that YOU were employed by MATTEL.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

24      In addition to the foregoing general objections, which are incorporated herein

25  by reference, Defendant objects to this Request on the grounds that it is vague,

26  ambiguous and unintelligible. In particular, the terms "BRATZ," "attended,"

27  "meeting," "at a time" and "aware" in this context are vague and ambiguous.

28  Defendant objects to this Request on the grounds that it calls for the disclosure of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

26.

EXHIBIT **2** PAGE **178**

1    information subject to the attorney-client privilege, the work product doctrine and

2    other applicable privileges.  Defendant objects to this Request on the ground that it

3    assumes facts not admitted in evidence.  Defendant further objects to this Request on

4    the grounds that it is incomprehensible, oppressive, overbroad and unduly

5    burdensome in that it requires Defendant to determine the timing his meeting(s) with

6    Mr. Larian.  Defendant further objects to this Request as harassing and on the grounds

7    that it seeks information that is neither relevant nor reasonably calculated to lead to

8    the discovery of admissible evidence.  Defendant objects to this Request as vague and

9    ambiguous, including without limitation that the Request does not provide an

10   applicable time frame.

11        Subject to and without waiving the foregoing general and specific objections,

12   Defendant responds:  Deny as no such doll existed during Bryant's employment with

13   Mattel.

14

15   **REQUEST FOR ADMISSION NO. 41:**

16        Admit that Isaac Larian attended more than one meeting with YOU regarding

17   BRATZ at a time when MGA was aware that YOU were employed by MATTEL.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

19        In addition to the foregoing general objections, which are incorporated herein

20   by reference, Defendant objects to this Request on the grounds that it is vague,

21   ambiguous and unintelligible.  In particular, the terms "BRATZ," "attended,"

22   "meeting," "at a time" and "aware" in this context are vague and ambiguous.

23   Defendant objects to this Request on the grounds that it calls for the disclosure of

24   information subject to the attorney-client privilege, the work product doctrine and

25   other applicable privileges.  Defendant objects to this Request on the ground that it

26   assumes facts not admitted in evidence.  Defendant further objects to this Request on

27   the grounds that it is incomprehensible, oppressive, overbroad and unduly

28   burdensome in that it requires Defendant to determine the timing his meeting(s) with

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

27.

EXHIBIT ___2___ PAGE _179_

1   Mr. Larian. Defendant further objects to this Request as harassing and on the grounds

2   that it seeks information that is neither relevant nor reasonably calculated to lead to

3   the discovery of admissible evidence. Defendant objects to this Request as vague and

4   ambiguous, including without limitation that the Request does not provide an

5   applicable time frame.

6        Subject to and without waiving the foregoing general and specific objections,

7   Defendant responds: Deny as no such doll existed during Bryant's employment with

8   Mattel.

9

10  **REQUEST FOR ADMISSION NO. 42:**

11       Admit that YOU performed work on BRATZ between January 1, 2000 and

12  October 20, 2000.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

14       In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it is vague,

16  ambiguous and unintelligible. In particular, the terms "BRATZ" and "work" in this

17  context are vague and ambiguous. Defendant objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the work product doctrine and other applicable privileges.

20       Subject to and without waiving the foregoing general and specific objections,

21  Defendant responds as follows: Deny as no such doll existed prior to October 20,

22  2000.

23

24  **REQUEST FOR ADMISSION NO. 43:**

25       Admit that YOU performed work on BRATZ between August 1, 1999 and

26  January 1, 2000.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

28       In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

28.

EXHIBIT _2_ PAGE _180_

1   by reference, Defendant objects to this Request on the grounds that it is vague,

2   ambiguous and unintelligible.  In particular, the terms "BRATZ" and "work" in this

3   context are vague and ambiguous.  Defendant objects to this Request on the grounds

4   that it calls for the disclosure of information subject to the attorney-client privilege,

5   the work product doctrine and other applicable privileges.

6        Subject to and without waiving the foregoing general and specific objections,

7   Defendant responds as follows:  Deny as no such doll existed during the time period

8   August 1, 1999 and January 1, 2000.

9

10  **REQUEST FOR ADMISSION NO. 44:**

11       Admit that YOU performed work on BRATZ during the time that YOU were

12  employed by MATTEL.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

14       In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it is vague,

16  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time"

17  and "work" in this context are vague and ambiguous.  Defendant objects to this

18  Request on the grounds that it calls for the disclosure of information subject to the

19  attorney-client privilege, the work product doctrine and other applicable privileges.

20  Defendant objects to this Request as vague and ambiguous, including without

21  limitation that the Request does not provide an applicable time frame.

22       Subject to and without waiving the foregoing general and specific objections,

23  Defendant responds as follows:  Deny as no such doll existed while Bryant was

24  employed by Mattel.

25

26  **REQUEST FOR ADMISSION NO. 45:**

27       Admit that, prior to October 20, 2000, MGA was aware that YOU performed

28  work on BRATZ during the time that YOU were employed by MATTEL.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

29.  EXHIBIT __2__ PAGE __181__

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

2  In addition to the foregoing general objections, which are incorporated herein

3  by reference, Defendant objects to this Request on the grounds that it is vague,

4  ambiguous and unintelligible. In particular, the terms "BRATZ," "aware," "during

5  the time" and "work" in this context are vague and ambiguous. Defendant objects to

6  this Request on the grounds that it calls for the disclosure of information subject to the

7  attorney-client privilege, the work product doctrine and other applicable privileges.

8  Defendant further objects to this Request as harassing and on the grounds that it seeks

9  information that is neither relevant nor reasonably calculated to lead to the discovery

10  of admissible evidence. Defendant objects to this Request as vague and ambiguous,

11  including without limitation that the Request does not provide an applicable time

12  frame.

13  Subject to and without waiving the foregoing general and specific objections,

14  Defendant responds:  Defendant has made reasonable inquiry and that the information

15  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

16  or deny this Request and, on that basis Defendant denies the same.

17

18  **REQUEST FOR ADMISSION NO. 46:**

19  Admit that YOU created at least one design for BRATZ between August 1,

20  1999 and January 1, 2000.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

22  In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible. In particular, the terms "BRATZ," "created" and

25  "design" in this context are vague and ambiguous. Defendant objects to this Request

26  on the grounds that it calls for the disclosure of information subject to the attorney-

27  client privilege, the work product doctrine and other applicable privileges.

28  Subject to and without waiving the foregoing general and specific objections,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

30.

EXHIBIT __2__ PAGE _182_

1   Defendant responds as follows:  Deny as no such doll existed during the period

2   between August 1, 1999 and January 1, 2000.  However, in addition to things

3   described in his deposition, which are incorporated by reference herein, Defendant

4   admits that he drew formal wear prior to his pitch to MGA.

5

6   **REQUEST FOR ADMISSION NO. 47:**

7       Admit that YOU created more than one design for BRATZ between August 1,

8   1999 and January 1, 2000.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

10      In addition to the foregoing general objections, which are incorporated herein

11  by reference, Defendant objects to this Request on the grounds that it is vague,

12  ambiguous and unintelligible.  In particular, the terms "BRATZ," "created" and

13  "design" in this context are vague and ambiguous.  Defendant objects to this Request

14  on the grounds that it calls for the disclosure of information subject to the attorney-

15  client privilege, the work product doctrine and other applicable privileges.

16      Subject to and without waiving the foregoing general and specific objections,

17  Defendant responds:  Deny as no such doll existed during the period between August

18  1, 1999 and January 1, 2000.  However, in addition to things described in his

19  deposition, which are incorporated by reference herein, Defendant admits that he drew

20  formal wear prior to his pitch to MGA.

21

22  **REQUEST FOR ADMISSION NO. 48:**

23      Admit that YOU created at least one design for BRATZ between January 1,

24  2000 and October 20, 2000.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

26      In addition to the foregoing general objections, which are incorporated herein

27  by reference, Defendant objects to this Request on the grounds that it is vague,

28  ambiguous and unintelligible.  In particular, the terms "BRATZ," "created" and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

31.

EXHIBIT _2_ PAGE _183_

1   "design" in this context are vague and ambiguous.  Defendant objects to this Request

2   on the grounds that it calls for the disclosure of information subject to the attorney-

3   client privilege, the work product doctrine and other applicable privileges.

4        Subject to and without waiving the foregoing general and specific objections,

5   Defendant responds:  Deny as no such doll existed prior to October 20, 2000.

6   However, in addition to things described in his deposition, which are incorporated by

7   reference herein, Defendant admits that he drew formal wear prior to his pitch to

8   MGA.

9

10  **REQUEST FOR ADMISSION NO. 49:**

11       Admit that YOU created more than one design for BRATZ between January 1,

12  2000 and October 20, 2000.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

14       In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it is vague,

16  ambiguous and unintelligible.  In particular, the terms "BRATZ," "created" and

17  "design" in this context are vague and ambiguous.  Defendant objects to this Request

18  on the grounds that it calls for the disclosure of information subject to the attorney-

19  client privilege, the work product doctrine and other applicable privileges.

20       Subject to and without waiving the foregoing general and specific objections,

21  Defendant responds:  Deny as no such doll existed prior to October 20, 2000.

22  However, in addition to things described in his deposition, which are incorporated by

23  reference herein, Defendant admits that he drew formal wear prior to his pitch to

24  MGA.

25

26  **REQUEST FOR ADMISSION NO. 50:**

27       Admit that YOU created at least one BRATZ WORK between August 1, 1999

28  and January 1, 2000.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

32.   EXHIBIT _2_ PAGE _184_

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

2      In addition to the foregoing general objections, which are incorporated herein

3  by reference, Defendant objects to this Request on the grounds that it is vague,

4  ambiguous and unintelligible. In particular, the terms "BRATZ WORK" and

5  "created" in this context are vague and ambiguous. Defendant objects to this Request

6  on the grounds that it calls for the disclosure of information subject to the attorney-

7  client privilege, the work product doctrine and other applicable privileges.

8      Subject to and without waiving the foregoing general and specific objections,

9  Defendant responds: Defendant admits that he made the drawings and conceived the

10  idea for what ultimately became the Bratz dolls in or about August 1998. Defendant

11  further admits that, in addition to things described in his deposition, which are

12  incorporated by reference herein, he traced his 1998 drawings in 1999 and applied

13  color to some such tracings. Defendant denies that he "created" Bratz or first

14  developed the idea for what ultimately became the Bratz dolls during the period

15  August 1, 1999 and January 1, 2000.

16

17  **REQUEST FOR ADMISSION NO. 51:**

18      Admit that YOU created more than one BRATZ WORK between January 1,

19  2000 and October 20, 2000.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

21      In addition to the foregoing general objections, which are incorporated herein

22  by reference, Defendant objects to this Request on the grounds that it is vague,

23  ambiguous and unintelligible. In particular, the terms "BRATZ WORK" and

24  "created" in this context are vague and ambiguous. Defendant objects to this Request

25  on the grounds that it calls for the disclosure of information subject to the attorney-

26  client privilege, the work product doctrine and other applicable privileges.

27      Subject to and without waiving the foregoing general and specific objections,

28  Defendant responds: Defendant admits that he made the drawings and conceived the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

33.

EXHIBIT 2 PAGE 185

1    idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

2    to things described in his deposition, which are incorporated by reference herein,

3    Defendant further admits that he traced his 1998 drawings in 2000 and drew a few

4    outfits of formal wear (that ultimately were not used) prior to his pitch to MGA.

5    Defendant denies that he "created" Bratz or first developed the idea for what

6    ultimately became the Bratz dolls during the period January 1, 2000 and October 20,

7    2000.

8

9  **REQUEST FOR ADMISSION NO. 52:**

10     Admit that YOU created at least one BRATZ WORK between August 1, 1999

11   and January 1, 2000.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

13     In addition to the foregoing general objections, which are incorporated herein

14   by reference, Defendant objects to this Request on the grounds that it is vague,

15   ambiguous and unintelligible.  In particular, the terms "BRATZ WORK" and

16   "created" in this context are vague and ambiguous.  Defendant objects to this Request

17   on the grounds that it calls for the disclosure of information subject to the attorney-

18   client privilege, the work product doctrine and other applicable privileges.

19     Subject to and without waiving the foregoing general and specific objections,

20   Defendant responds:  Defendant admits that he made the drawings and conceived the

21   idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

22   to things described in his deposition, which are incorporated by reference herein,

23   Defendant further admits that he traced his 1998 drawings in 1999 and applied color

24   to some such tracings.  Defendant denies that he "created" Bratz or first developed the

25   idea for what ultimately became the Bratz dolls during the period August 1, 1999 and

26   January 1, 2000.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**REQUEST FOR ADMISSION NO. 53:**

Admit that YOU created more than one BRATZ WORK between January 1, 2000 and October 20, 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "BRATZ WORK" and "created" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges.

Subject to and without waiving the foregoing general and specific objections, Defendant responds: Defendant admits that he made the drawings and conceived the idea for what ultimately became the Bratz dolls in or about August 1998. In addition to things described in his deposition, which are incorporated by reference herein, Defendant further admits that he traced his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were not used) prior to his pitch to MGA. Defendant denies that he "created" Bratz or first developed the idea for what ultimately became the Bratz dolls during the period January 1, 2000 and October 20, 2000.

**REQUEST FOR ADMISSION NO. 54:**

Admit that YOU created at least one BRATZ WORK during the time that YOU were employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "BRATZ WORK," "during the time" and "created" in this context are vague and ambiguous. Defendant objects to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

35.

EXHIBIT _2_ PAGE _187_

1   this Request on the grounds that it calls for the disclosure of information subject to the

2   attorney-client privilege, the work product doctrine and other applicable privileges.

3   Defendant objects to this Request as vague and ambiguous, including without

4   limitation that the Request does not provide an applicable time frame.

5          Subject to and without waiving the foregoing general and specific objections,

6   Defendant responds:  Defendant admits that he made the drawings and conceived the

7   idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

8   to things described in his deposition, which are incorporated by reference herein,

9   Defendant further admits that he traced his 1998 drawings in 1999 and applied color

10  to some such tracings.  Furthermore, in addition to things described in his deposition,

11  which are incorporated by reference herein, Defendant further admits that he traced

12  his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were

13  not used) prior to his pitch to MGA.  Defendant denies that he "created" Bratz or first

14  developed the idea for what ultimately became the Bratz dolls during his employment

15  with Mattel.

16

17  **REQUEST FOR ADMISSION NO. 55:**

18         Admit that YOU created more than one BRATZ WORK during the time that

19  YOU were employed by MATTEL.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

21         In addition to the foregoing general objections, which are incorporated herein

22  by reference, Defendant objects to this Request on the grounds that it is vague,

23  ambiguous and unintelligible.  In particular, the terms "BRATZ WORK," "during the

24  time" and "created" in this context are vague and ambiguous.  Defendant objects to

25  this Request on the grounds that it calls for the disclosure of information subject to the

26  attorney-client privilege, the work product doctrine and other applicable privileges.

27  Defendant objects to this Request as vague and ambiguous, including without

28  limitation that the Request does not provide an applicable time frame.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

36.

EXHIBIT  2  PAGE  168

1    Subject to and without waiving the foregoing general and specific objections,

2    Defendant responds:   Defendant admits that he made the drawings and conceived the

3    idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

4    to things described in his deposition, which are incorporated by reference herein,

5    Defendant further admits that he traced his 1998 drawings in 1999 and applied color

6    to some such tracings.  Furthermore, in addition to things described in his deposition,

7    which are incorporated by reference herein, Defendant further admits that he traced

8    his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were

9    not used) prior to his pitch to MGA.  Defendant denies that he "created" Bratz or first

10   developed the idea for what ultimately became the Bratz dolls during his employment

11   with Mattel.

12

13   **REQUEST FOR ADMISSION NO. 56:**

14   Admit that, prior to October 20, 2000, MGA was aware that YOU had created

15   at least one BRATZ WORK during the time that YOU were employed by MATTEL.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

17   In addition to the foregoing general objections, which are incorporated herein

18   by reference, Defendant objects to this Request on the grounds that it is vague,

19   ambiguous and unintelligible.  In particular, the terms "BRATZ WORK," "during the

20   time," "aware" and "created" in this context are vague and ambiguous.  Defendant

21   objects to this Request on the grounds that it calls for the disclosure of information

22   subject to the attorney-client privilege, the work product doctrine and other applicable

23   privileges.  Defendant also objects to this Request on the grounds that it seeks

24   information that is not in the possession, custody or control of Defendant.  Defendant

25   objects to this Request as vague and ambiguous, including without limitation that the

26   Request does not provide an applicable time frame.

27   Subject to and without waiving the foregoing general and specific objections,

28   Defendant responds:  Defendant has made reasonable inquiry and that the information

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT 2 PAGE 189

1  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

2  or deny this Request and, on that basis Defendant denies the same.

3

4  **REQUEST FOR ADMISSION NO. 57:**

5      Admit that, prior to October 20, 2000, MGA was aware that YOU had created

6  more than one BRATZ WORK during the time that YOU were employed by

7  MATTEL.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

9      In addition to the foregoing general objections, which are incorporated herein

10  by reference, Defendant objects to this Request on the grounds that it is vague,

11  ambiguous and unintelligible. In particular, the terms "BRATZ WORK," "during the

12  time," "aware" and "created" in this context are vague and ambiguous. Defendant

13  objects to this Request on the grounds that it calls for the disclosure of information

14  subject to the attorney-client privilege, the work product doctrine and other applicable

15  privileges. Defendant objects to this Request as vague and ambiguous, including

16  without limitation that the Request does not provide an applicable time frame.

17  Defendant also objects to this Request on the grounds that it seeks information that is

18  not in the possession, custody or control of Defendant.

19      Subject to and without waiving the foregoing general and specific objections,

20  Defendant responds: Defendant has made reasonable inquiry and that the information

21  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

22  or deny this Request and, on that basis Defendant denies the same.

23

24  **REQUEST FOR ADMISSION NO. 58:**

25      Admit that, as of the time of these Requests, MGA was aware that YOU had

26  created at least one BRATZ WORK during the time that YOU were employed by

27  MATTEL.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

38.

EXHIBIT _2_ PAGE _190_

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

2       In addition to the foregoing general objections, which are incorporated herein

3   by reference, Defendant objects to this Request on the grounds that it is vague,

4   ambiguous and unintelligible.  In particular, the terms "BRATZ WORK," "during the

5   time," "aware" and "created" in this context are vague and ambiguous.  Defendant

6   objects to this Request on the grounds that it calls for the disclosure of information

7   subject to the attorney-client privilege, the work product doctrine and other applicable

8   privileges.  Defendant objects to this Request as vague and ambiguous, including

9   without limitation that the Request does not provide an applicable time frame.

10  Defendant also objects to this Request on the grounds that it seeks information that is

11  not in the possession, custody or control of Defendant.

12      Subject to and without waiving the foregoing general and specific objections,

13  Defendant responds:  Defendant has made reasonable inquiry and that the information

14  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

15  or deny this Request and, on that basis Defendant denies the same.

16

17  **REQUEST FOR ADMISSION NO. 59:**

18      Admit that, as of the time of these Requests, MGA was aware that YOU had

19  created more than one BRATZ WORK during the time that YOU were employed by

20  MATTEL.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

22      In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible.  In particular, the terms "BRATZ WORK," "during the

25  time," "aware" and "created" in this context are vague and ambiguous.  Defendant

26  objects to this Request on the grounds that it calls for the disclosure of information

27  subject to the attorney-client privilege, the work product doctrine and other applicable

28  privileges.  Defendant objects to this Request as vague and ambiguous, including

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT _2_ PAGE _191_

1  without limitation that the Request does not provide an applicable time frame.

2  Defendant also objects to this Request on the grounds that it seeks information that is

3  not in the possession, custody or control of Defendant.

4      Subject to and without waiving the foregoing general and specific objections,

5  Defendant responds:  Defendant has made reasonable inquiry and that the information

6  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

7  or deny this Request and, on that basis Defendant denies the same.

8

9  **REQUEST FOR ADMISSION NO. 60:**

10     Admit that YOU created at least one design for BRATZ during the time that

11 YOU were employed by MATTEL.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

13     In addition to the foregoing general objections, which are incorporated herein

14 by reference, Defendant objects to this Request on the grounds that it is vague,

15 ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

16 and "created" in this context are vague and ambiguous.  Defendant objects to this

17 Request on the grounds that it calls for the disclosure of information subject to the

18 attorney-client privilege, the work product doctrine and other applicable privileges.

19 Defendant objects to this Request as vague and ambiguous, including without

20 limitation that the Request does not provide an applicable time frame.  Defendant also

21 objects to this Request on the grounds that it seeks information that is not in the

22 possession, custody or control of Defendant.

23     Subject to and without waiving the foregoing general and specific objections,

24 Defendant responds:  Defendant admits that he made the drawings and conceived the

25 idea for what ultimately became the Bratz dolls in or about August 1998.  In addition

26 to things described in his deposition, which are incorporated by reference herein,

27 Defendant further admits that he traced his 1998 drawings in 1999 and applied color

28 to some such tracings.  Furthermore, in addition to things described in his deposition,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

40.

EXHIBIT _2_ PAGE _192_

1   which are incorporated by reference herein, Defendant further admits that he traced

2   his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were

3   not used) prior to his pitch to MGA. Defendant denies that he "created" Bratz or first

4   developed the idea for what ultimately became the Bratz dolls during his employment

5   with Mattel.

6

7   **REQUEST FOR ADMISSION NO. 61:**

8       Admit that YOU created more than one design for BRATZ during the time that

9   YOU were employed by MATTEL.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

11      In addition to the foregoing general objections, which are incorporated herein

12  by reference, Defendant objects to this Request on the grounds that it is vague,

13  ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

14  and "created" in this context are vague and ambiguous. Defendant objects to this

15  Request on the grounds that it calls for the disclosure of information subject to the

16  attorney-client privilege, the work product doctrine and other applicable privileges.

17  Defendant objects to this Request as vague and ambiguous, including without

18  limitation that the Request does not provide an applicable time frame. Defendant also

19  objects to this Request on the grounds that it seeks information that is not in the

20  possession, custody or control of Defendant.

21      Subject to and without waiving the foregoing general and specific objections,

22  Defendant responds: Defendant admits that he made the drawings and conceived the

23  idea for what ultimately became the Bratz dolls in or about August 1998. In addition

24  to things described in his deposition, which are incorporated by reference herein,

25  Defendant further admits that he traced his 1998 drawings in 1999 and applied color

26  to some such tracings. Furthermore, in addition to things described in his deposition,

27  which are incorporated by reference herein, Defendant further admits that he traced

28  his 1998 drawings in 2000 and drew a few outfits of formal wear (that ultimately were

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

41.   EXHIBIT _2_ PAGE _193_

1   not used) prior to his pitch to MGA.  Defendant denies that he "created" Bratz or first

2   developed the idea for what ultimately became the Bratz dolls during his employment

3   with Mattel.

4

5   **REQUEST FOR ADMISSION NO. 62:**

6       Admit that, prior to October 20, 2000, MGA was aware that YOU created at

7   least one design for BRATZ during the time that YOU were employed by MATTEL.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

9       In addition to the foregoing general objections, which are incorporated herein

10  by reference, Defendant objects to this Request on the grounds that it is vague,

11  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

12  "aware," created" and "design" in this context are vague and ambiguous.  Defendant

13  objects to this Request on the grounds that it calls for the disclosure of information

14  subject to the attorney-client privilege, the work product doctrine and other applicable

15  privileges.  Defendant also objects to this Request on the grounds that it seeks

16  information that is not in the possession, custody or control of Defendant.  Defendant

17  objects to this Request as vague and ambiguous, including without limitation that the

18  Request does not provide an applicable time frame.

19      Subject to and without waiving the foregoing general and specific objections,

20  Defendant responds:  Defendant has made reasonable inquiry and that the information

21  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

22  or deny this Request and, on that basis Defendant denies the same.

23

24  **REQUEST FOR ADMISSION NO. 63:**

25      Admit that, prior to October 20, 2000, MGA was aware that YOU created more

26  than one design for BRATZ during the time that YOU were employed by MATTEL.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

28      In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

42.

EXHIBIT  2  PAGE 194

1  by reference, Defendant objects to this Request on the grounds that it is vague,

2  ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

3  "aware," "created" and "design" in this context are vague and ambiguous. Defendant

4  objects to this Request on the grounds that it calls for the disclosure of information

5  subject to the attorney-client privilege, the work product doctrine and other applicable

6  privileges. Defendant also objects to this Request on the grounds that it seeks

7  information that is not in the possession, custody or control of Defendant. Defendant

8  objects to this Request as vague and ambiguous, including without limitation that the

9  Request does not provide an applicable time frame.

10       Subject to and without waiving the foregoing general and specific objections,

11  Defendant responds: Defendant has made reasonable inquiry and that the information

12  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

13  or deny this Request and, on that basis Defendant denies the same.

14

15  **REQUEST FOR ADMISSION NO. 64:**

16       Admit that, as of the time of these Requests, MGA was aware that YOU had

17  created at least one design for BRATZ during the time that YOU were employed by

18  MATTEL.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

20       In addition to the foregoing general objections, which are incorporated herein

21  by reference, Defendant objects to this Request on the grounds that it is vague,

22  ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

23  "aware," created" and "design" in this context are vague and ambiguous. Defendant

24  objects to this Request on the grounds that it calls for the disclosure of information

25  subject to the attorney-client privilege, the work product doctrine and other applicable

26  privileges. Defendant also objects to this Request on the grounds that it seeks

27  information that is not in the possession, custody or control of Defendant. Defendant

28  objects to this Request as vague and ambiguous, including without limitation that the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

43.   EXHIBIT 2 PAGE 195

1   Request does not provide an applicable time frame.

2   Subject to and without waiving the foregoing general and specific objections,

3   Defendant responds: Defendant has made reasonable inquiry and that the information

4   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

5   or deny this Request and, on that basis Defendant denies the same.

6

7   **REQUEST FOR ADMISSION NO. 65:**

8   Admit that, as of the time of these Requests, MGA was aware that YOU had

9   created more than one design for BRATZ during the time that YOU were employed

10  by MATTEL.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

12  In addition to the foregoing general objections, which are incorporated herein

13  by reference, Defendant objects to this Request on the grounds that it is vague,

14  ambiguous and unintelligible. In particular, the terms "BRATZ," "during the time,"

15  "aware," "created" and "design" in this context are vague and ambiguous. Defendant

16  objects to this Request on the grounds that it calls for the disclosure of information

17  subject to the attorney-client privilege, the work product doctrine and other applicable

18  privileges. Defendant objects to this Request as vague and ambiguous, including

19  without limitation that the Request does not provide an applicable time frame.

20  Defendant also objects to this Request on the grounds that it seeks information that is

21  not in the possession, custody or control of Defendant.

22  Subject to and without waiving the foregoing general and specific objections,

23  Defendant responds: Defendant has made reasonable inquiry and that the information

24  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

25  or deny this Request and, on that basis Defendant denies the same.

26

27  **REQUEST FOR ADMISSION NO. 66:**

28  Admit that, prior to October 20, 2000, YOU received at least one payment from

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

44.

EXHIBIT  2  PAGE  196

1   MGA for work YOU performed on BRATZ.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

3   In addition to the foregoing general objections, which are incorporated herein

4   by reference, Defendant objects to this Request on the grounds that it is vague,

5   ambiguous and unintelligible. In particular, the terms "BRATZ," "payment" and

6   "work" in this context are vague and ambiguous. Defendant objects to this Request

7   on the grounds that it calls for the disclosure of information subject to the attorney-

8   client privilege, the work product doctrine and other applicable privileges. Defendant

9   also objects to this Request on the grounds that it seeks information that is not in the

10   possession, custody or control of Defendant.

11   Subject to and without waiving the foregoing general and specific objections,

12   Defendant responds:  Deny.

13

14   **REQUEST FOR ADMISSION NO. 67:**

15   Admit that, prior to October 20, 2000, YOU received more than one payment

16   from MGA for work YOU performed on BRATZ.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

18   In addition to the foregoing general objections, which are incorporated herein

19   by reference, Defendant objects to this Request on the grounds that it is vague,

20   ambiguous and unintelligible. In particular, the terms "BRATZ," "payment" and

21   "work" in this context are vague and ambiguous. Defendant objects to this Request

22   on the grounds that it calls for the disclosure of information subject to the attorney-

23   client privilege, the work product doctrine and other applicable privileges. Defendant

24   also objects to this Request on the grounds that it seeks information that is not in the

25   possession, custody or control of Defendant.

26   Subject to and without waiving the foregoing general and specific objections,

27   Defendant responds:  Deny.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

45.   EXHIBIT _2_ PAGE _197_

1    **REQUEST FOR ADMISSION NO. 68:**

2        Admit that MGA made at least one payment to YOU during the time that YOU

3    were employed by MATTEL.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

5        In addition to the foregoing general objections, which are incorporated herein

6    by reference, Defendant objects to this Request on the grounds that it is vague,

7    ambiguous and unintelligible.  In particular, the terms "payment" and "during the

8    time" in this context are vague and ambiguous.  Defendant objects to this Request on

9    the grounds that it calls for the disclosure of information subject to the attorney-client

10   privilege, the work product doctrine and other applicable privileges.  Defendant

11   objects to this Request as vague and ambiguous, including without limitation that the

12   Request does not provide an applicable time frame.  Defendant also objects to this

13   Request on the grounds that it seeks information that is not in the possession, custody

14   or control of Defendant.

15       Subject to and without waiving the foregoing general and specific objections,

16   Defendant responds:  Defendant admits that MGA made a payment to Bryant for his

17   submission of what he considered to be a try out.

18

19   **REQUEST FOR ADMISSION NO. 69:**

20       Admit that MGA made more than one payment to YOU during the time that

21   YOU were employed by MATTEL.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

23       In addition to the foregoing general objections, which are incorporated herein

24   by reference, Defendant objects to this Request on the grounds that it is vague,

25   ambiguous and unintelligible.  In particular, the terms "payment" and "during the

26   time" in this context are vague and ambiguous.  Defendant objects to this Request on

27   the grounds that it calls for the disclosure of information subject to the attorney-client

28   privilege, the work product doctrine and other applicable privileges.  Defendant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

46.    EXHIBIT _2_ PAGE _198_

1  objects to this Request as vague and ambiguous, including without limitation that the

2  Request does not provide an applicable time frame.  Defendant also objects to this

3  Request on the grounds that it seeks information that is not in the possession, custody

4  or control of Defendant.

5          Subject to and without waiving the foregoing general and specific objections,

6  Defendant responds:  Defendant admits that he received money from MGA on more

7  than one occasions prior to October 20, 2000.

8

9  **REQUEST FOR ADMISSION NO. 70:**

10         Admit that YOU received at least one payment from MGA during the time that

11 YOU were employed by MATTEL for work YOU performed on BRATZ.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

13         In addition to the foregoing general objections, which are incorporated herein

14 by reference, Defendant objects to this Request on the grounds that it is vague,

15 ambiguous and unintelligible.  In particular, the terms "BRATZ," "payment," "during

16 the time" and "work" in this context are vague and ambiguous.  Defendant objects to

17 this Request on the grounds that it calls for the disclosure of information subject to the

18 attorney-client privilege, the work product doctrine and other applicable privileges.

19 Defendant objects to this Request as vague and ambiguous, including without

20 limitation that the Request does not provide an applicable time frame.  Defendant also

21 objects to this Request on the grounds that it seeks information that is not in the

22 possession, custody or control of Defendant.

23         Subject to and without waiving the foregoing general and specific objections,

24 Defendant responds:  Deny.

25

26 **REQUEST FOR ADMISSION NO. 71:**

27         Admit that YOU received more than one payment from MGA during the time

28 that YOU were employed by MATTEL for work YOU performed on BRATZ.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

47.

EXHIBIT _2_ PAGE _199_

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

2      In addition to the foregoing general objections, which are incorporated herein

3  by reference, Defendant objects to this Request on the grounds that it is vague,

4  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

5  "payment" and "work" in this context are vague and ambiguous.  Defendant objects to

6  this Request on the grounds that it calls for the disclosure of information subject to the

7  attorney-client privilege, the work product doctrine and other applicable privileges.

8  Defendant objects to this Request as vague and ambiguous, including without

9  limitation that the Request does not provide an applicable time frame.  Defendant also

10  objects to this Request on the grounds that it seeks information that is not in the

11  possession, custody or control of Defendant.

12      Subject to and without waiving the foregoing general and specific objections,

13  Defendant responds:  Deny.

14

15  **REQUEST FOR ADMISSION NO. 72:**

16      Admit that YOU received, during the time that YOU were employed by

17  MATTEL, at least one payment from MGA for work YOU performed on BRATZ.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

19      In addition to the foregoing general objections, which are incorporated herein

20  by reference, Defendant objects to this Request on the grounds that it is vague,

21  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

22  "payment" and "work" in this context are vague and ambiguous.  Defendant objects to

23  this Request on the grounds that it calls for the disclosure of information subject to the

24  attorney-client privilege, the work product doctrine and other applicable privileges.

25  Defendant objects to this Request as vague and ambiguous, including without

26  limitation that the Request does not provide an applicable time frame.  Defendant also

27  objects to this Request on the grounds that it seeks information that is not in the

28  possession, custody or control of Defendant.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT 2 PAGE 200