1   Request on the grounds that it calls for the disclosure of information subject to the

2   attorney-client privilege, the work product doctrine and other applicable privileges.

3   Defendant objects to this Request as vague and ambiguous, including without

4   limitation that the Request does not provide an applicable time frame.  Defendant also

5   objects to this Request on the grounds that it seeks information that is not in the

6   possession, custody or control of Defendant.

7        Subject to and without waiving the foregoing general and specific objections,

8   Defendant responds:  MGA admits that MGA issued a check unrelated to Bratz for

9   $162.38 on September 29, 2000, a date on which a limited number of people at MGA

10  knew Bryant was employed at Mattel.

11

12  **REQUEST FOR ADMISSION NO. 75:**

13        Admit that MGA made more than one payment to YOU at a time when MGA

14  was aware that YOU were employed by MATTEL.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

16        In addition to the foregoing general objections, which are incorporated herein

17  by reference, Defendant objects to this Request on the grounds that it is vague,

18  ambiguous and unintelligible.  In particular, the terms "aware," "at a time," "payment"

19  in this context are vague and ambiguous.  Defendant objects to this Request on the

20  grounds that it calls for the disclosure of information subject to the attorney-client

21  privilege, the work product doctrine and other applicable privileges.  Defendant

22  objects to this Request as vague and ambiguous, including without limitation that the

23  Request does not provide an applicable time frame.  Defendant also objects to this

24  Request on the grounds that it seeks information that is not in the possession, custody

25  or control of Defendant.

26        Subject to and without waiving the foregoing general and specific objections,

27  Defendant responds:  Deny.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

50.   EXHIBIT _2_ PAGE _202_

1    **REQUEST FOR ADMISSION NO. 76:**

2         Admit that MGA made at least one payment to YOU at a time when MGA was

3    aware that YOU were employed by MATTEL for work YOU performed on BRATZ.

4    **RESPONSE TO REQUEST FOR ADMISSION NO. 76:**

5         In addition to the foregoing general objections, which are incorporated herein

6    by reference, Defendant objects to this Request on the grounds that it is vague,

7    ambiguous and unintelligible.  In particular, the terms "BRATZ," "at a time,"

8    "payment," "work" and "aware" in this context are vague and ambiguous.  Defendant

9    objects to this Request on the grounds that it calls for the disclosure of information

10   subject to the attorney-client privilege, the work product doctrine and other applicable

11   privileges.  Defendant further objects to this Request as vague and ambiguous,

12   including without limitation that the Request does not provide an applicable time

13   frame.   Defendant also objects to this Request on the grounds that it seeks

14   information that is not in the possession, custody or control of Defendant.

15        Subject to and without waiving the foregoing general and specific objections,

16   Defendant responds:  Deny.

17

18   **REQUEST FOR ADMISSION NO. 77:**

19        Admit that MGA made more than one payment to YOU at a time when MGA

20   was aware that YOU were employed by MATTEL for work YOU performed on

21   BRATZ.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 77:**

23        In addition to the foregoing general objections, which are incorporated herein

24   by reference, Defendant objects to this Request on the grounds that it is vague,

25   ambiguous and unintelligible.  In particular, the terms "BRATZ," "at a time," "work,"

26   "aware" and "payment" in this context are vague and ambiguous.  Defendant objects

27   to this Request on the grounds that it calls for the disclosure of information subject to

28   the attorney-client privilege, the work product doctrine and other applicable

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

51.

EXHIBIT __2__ PAGE 203

1  privileges.  Defendant further objects to this Request as vague and ambiguous,

2  including without limitation that the Request does not provide an applicable time

3  frame.  Defendant further objects to this Request on the grounds that it is

4  incomprehensible, oppressive, overbroad and unduly burdensome.  Defendant also

5  objects to this Request on the grounds that it seeks information that is not in the

6  possession, custody or control of Defendant.

7          Subject to and without waiving the foregoing general and specific objections,

8  Defendant responds:  Deny.

9

10  **REQUEST FOR ADMISSION NO. 78:**

11          Admit that, during the time YOU were employed by MATTEL, YOU entered

12  into a contract with MGA Entertainment, Inc. which obligated YOU to provide

13  product design services to MGA Entertainment, Inc. on a "top priority basis."

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

15          In addition to the foregoing general objections, which are incorporated herein

16  by reference, Defendant objects to this Request on the grounds that it is vague,

17  ambiguous and unintelligible.  In particular, the terms "contract," "during the time,"

18  "product design services" and "'top priority basis'" in this context are vague and

19  ambiguous.  Defendant objects to this Request on the grounds that it calls for the

20  disclosure of information subject to the attorney-client privilege, the work product

21  doctrine and other applicable privileges.  Defendant further objects to this Request as

22  vague and ambiguous, including without limitation that the Request does not provide

23  an applicable time frame.  Defendant further objects to this Request on the grounds

24  that it is incomprehensible, oppressive, overbroad and unduly burdensome.  Defendant

25  objects to this Request on the grounds that it seeks confidential, Proprietary and trade

26  secret information that has no bearing on the claims or defenses on this case.

27  Defendant further objects that this Request on the grounds that it does not seek an

28  admission of fact and instead improperly calls for a legal conclusion.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

52.

EXHIBIT  2  PAGE  204

1    Subject to and without waiving the foregoing general and specific objections,

2  Defendant responds:  Defendant admits that he entered into an agreement with MGA

3  on or about October 4, 2000.

4

5  **REQUEST FOR ADMISSION NO. 79:**

6    Admit that, during the time YOU were employed by MATTEL, YOU entered

7  into a contract with MGA Entertainment, Inc. whereby YOU assigned to MGA

8  Entertainment, Inc. all then-existing intellectual property rights to BRATZ that YOU

9  had created.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

11    In addition to the foregoing general objections, which are incorporated herein

12  by reference, Defendant objects to this Request on the grounds that it is vague,

13  ambiguous and unintelligible.  In particular, the terms "BRATZ," "during the time,"

14  "contract," "then-existing" and "intellectual property rights" in this context are vague

15  and ambiguous.  Defendant objects to this Request on the grounds that it calls for the

16  disclosure of information subject to the attorney-client privilege, the work product

17  doctrine and other applicable privileges.  Defendant further objects to this Request as

18  vague and ambiguous, including without limitation that the Request does not provide

19  an applicable time frame.  Defendant further objects to this Request on the grounds

20  that it is incomprehensible, oppressive, overbroad and unduly burdensome.  Defendant

21  further objects to this Request on the grounds that it seeks confidential, proprietary,

22  and trade secret information that has no bearing on the claims or defenses on this case.

23  Defendant further objects that this Request on the grounds that it does not seek an

24  admission of fact and instead improperly calls for a legal conclusion.

25    Subject to and without waiving the foregoing general and specific objections,

26  Defendant responds:  Defendant admits that he entered into an agreement with MGA

27  on or about October 4, 2000.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1   **REQUEST FOR ADMISSION NO. 80:**

2       Admit that, prior to July 1, 2003, MGA had not issued any press release that

3   identified YOU as the creator of BRATZ.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

5       In addition to the foregoing general objections, which are incorporated herein

6   by reference, Defendant objects to this Request on the grounds that it is vague,

7   ambiguous and unintelligible.  In particular, the terms "BRATZ," "press release" in

8   this context are vague and ambiguous.  Defendant objects to this Request on the

9   grounds that it calls for the disclosure of information subject to the attorney-client

10  privilege, the work product doctrine and other applicable privileges.  Defendant

11  further objects to this Request as vague and ambiguous, including without limitation

12  that the Request does not provide an applicable time frame.  Defendant further objects

13  to this Request on the grounds that it is incomprehensible, oppressive, overbroad and

14  unduly burdensome.  Defendant also objects to this Request on the grounds that it

15  seeks information that is not in the possession, custody or control of Defendant.

16      Subject to and without waiving the foregoing general and specific objections,

17  Defendant responds:  Defendant has made reasonable inquiry and that the information

18  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

19  or deny this Request and, on that basis Defendant denies the same.

20

21  **REQUEST FOR ADMISSION NO. 81:**

22      Admit that YOU are not aware of any press report or publication that identified

23  YOU as the creator of BRATZ prior to July 15, 2003.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

25      In addition to the foregoing general objections, which are incorporated herein

26  by reference, Defendant objects to this Request on the grounds that it is vague,

27  ambiguous and unintelligible.  In particular, the terms "BRATZ," "press report" and

28  "publication" in this context are vague and ambiguous.  Defendant objects to this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

54.

EXHIBIT __2__ PAGE __206__

1   Request on the grounds that it calls for the disclosure of information subject to the

2   attorney-client privilege, the work product doctrine and other applicable privileges.

3   Defendant further objects to this Request as vague and ambiguous, including without

4   limitation that the Request does not provide an applicable time frame.  Defendant

5   further objects to this Request on the grounds that it is incomprehensible, oppressive,

6   overbroad and unduly burdensome.

7        Subject to and without waiving the foregoing general and specific objections,

8   Defendant responds:  Defendant has made reasonable inquiry and that the information

9   known or readily obtainable by Defendant is insufficient to enable Defendant to admit

10  or deny this Request and, on that basis Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 82:**

13       Admit that the first press report or publication that identified YOU as the

14  creator of BRATZ was the *Wall Street Journal* article entitled "Dolled Up:  To Lure

15  Older Girls, Mattel Brings in Hip-Hop Crowd" and published on July 18, 2003.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

17       In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it is vague,

19  ambiguous and unintelligible.  In particular, the terms "BRATZ," "the first press

20  report" and "publication" in this context are vague and ambiguous.  Defendant objects

21  to this Request on the grounds that it calls for the disclosure of information subject to

22  the attorney-client privilege, the work product doctrine and other applicable

23  privileges.  Defendant further objects to this Request on the grounds that it is

24  incomprehensible, oppressive, overbroad and unduly burdensome.

25       Subject to and without waiving the foregoing general and specific objections,

26  Defendant responds:  Defendant has made reasonable inquiry and that the information

27  known or readily obtainable by Defendant is insufficient to enable Defendant to admit

28  or deny this Request and, on that basis Defendant denies the same.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

55.

EXHIBIT 2 PAGE 207

**REQUEST FOR ADMISSION NO. 83:**

Admit that, as of the date of these Requests, MGA has not recorded the agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with the U.S. Copyright Office.

**RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "agreement" and "any version thereof" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant objects to this Request as compound in seeking information regarding "BRYANT –794-BRYANT 0000799" and is, in reality, not one but many Requests. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

56.

EXHIBIT _2_ PAGE _208_

1 **REQUEST FOR ADMISSION NO. 84:**

2      Admit that, as of the date of these Requests, MGA has not recorded the

3 agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version

4 thereof, with any state or federal agency, department or entity.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

6      In addition to the foregoing general objections, which are incorporated herein

7 by reference, Defendant objects to this Request on the grounds that it is vague,

8 ambiguous and unintelligible. In particular, the terms "agreement" and "any version

9 thereof" in this context are vague and ambiguous. Defendant objects to this Request

10 on the grounds that it calls for the disclosure of information subject to the attorney-

11 client privilege, the work product doctrine and other applicable privileges. Defendant

12 further objects to this Request as vague and ambiguous, including without limitation

13 that the Request does not provide an applicable time frame. Defendant further objects

14 to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

15 Defendant objects to this Request as compound in seeking information regarding

16 "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

17 Requests. Defendant further objects to this Request on the grounds that it seeks

18 confidential, proprietary, and trade secret information that has no bearing on the

19 claims or defenses on this case. Defendant also objects to this Request on the grounds

20 that it seeks information that is not in the possession, custody or control of Defendant.

21      Subject to and without waiving the foregoing general and specific objections,

22 and subject to them, Defendant responds as follows: Defendant has made reasonable

23 inquiry and that the information known or readily obtainable by Defendant is

24 insufficient to enable Defendant to admit or deny this Request and, on that basis

25 Defendant denies the same.

26

27 **REQUEST FOR ADMISSION NO. 85:**

28      Admit that, as of the date of these Requests, MGA has not recorded the

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

57.

EXHIBIT 2 PAGE 209

1   agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

2   with the U.S. Copyright Office.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

4          In addition to the foregoing general objections, which are incorporated herein

5   by reference, Defendant objects to this Request on the grounds that it is vague,

6   ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

7   thereof" in this context are vague and ambiguous.  Defendant objects to this Request

8   on the grounds that it calls for the disclosure of information subject to the attorney-

9   client privilege, the work product doctrine and other applicable privileges.  Defendant

10  further objects to this Request as vague and ambiguous, including without limitation

11  that the Request does not provide an applicable time frame.  Defendant further objects

12  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

13  Defendant objects to this Request as compound in seeking information regarding

14  "MGA000001-MGA000006" and is, in reality, not one but many Requests.

15  Defendant further objects to this Request on the grounds that it seeks confidential,

16  proprietary, and trade secret information that has no bearing on the claims or defenses

17  on this case.  Defendant also objects to this Request on the grounds that it seeks

18  information that is not in the possession, custody or control of Defendant.

19         Subject to and without waiving the foregoing general and specific objections,

20  and subject to them, Defendant responds as follows:  Defendant has made reasonable

21  inquiry and that the information known or readily obtainable by Defendant is

22  insufficient to enable Defendant to admit or deny this Request and, on that basis

23  Defendant denies the same.

24

25  **REQUEST FOR ADMISSION NO. 86:**

26         Admit that, as of the date of these Requests, MGA have not recorded the

27  agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

28  with any state or federal agency, department or entity.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

58.   EXHIBIT __2__ PAGE __210__

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

2      In addition to the foregoing general objections, which are incorporated herein

3  by reference, Defendant objects to this Request on the grounds that it is vague,

4  ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

5  thereof" in this context are vague and ambiguous.  Defendant objects to this Request

6  on the grounds that it calls for the disclosure of information subject to the attorney-

7  client privilege, the work product doctrine and other applicable privileges.  Defendant

8  further objects to this Request as vague and ambiguous, including without limitation

9  that the Request does not provide an applicable time frame.  Defendant further objects

10  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

11  Defendant objects to this Request as compound in seeking information regarding

12  "MGA000001-MGA000006" and is, in reality, not one but many Requests.

13  Defendant further objects to this Request on the grounds that it seeks confidential,

14  proprietary, and trade secret information that has no bearing on the claims or defenses

15  on this case.  Defendant also objects to this Request on the grounds that it seeks

16  information that is not in the possession, custody or control of Defendant.

17      Subject to and without waiving the foregoing general and specific objections,

18  and subject to them, Defendant responds as follows:  Defendant has made reasonable

19  inquiry and that the information known or readily obtainable by Defendant is

20  insufficient to enable Defendant to admit or deny this Request and, on that basis

21  Defendant denies the same.

22

23  **REQUEST FOR ADMISSION NO. 87:**

24      Admit that, as of the date of these Requests, YOU have not recorded the

25  agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

26  with the U.S. Copyright Office.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

28      In addition to the foregoing general objections, which are incorporated herein

EXHIBIT _2_ PAGE _211_

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1   by reference, Defendant objects to this Request on the grounds that it is vague,

2   ambiguous and unintelligible. In particular, the terms "agreement" and "any version

3   thereof" in this context are vague and ambiguous. Defendant objects to this Request

4   on the grounds that it calls for the disclosure of information subject to the attorney-

5   client privilege, the work product doctrine and other applicable privileges. Defendant

6   further objects to this Request as vague and ambiguous, including without limitation

7   that the Request does not provide an applicable time frame. Defendant further objects

8   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

9   Defendant objects to this Request as compound in seeking information regarding

10  "MGA000001-MGA000006" and is, in reality, not one but many Requests.

11  Defendant further objects to this Request on the grounds that it seeks confidential,

12  proprietary, and trade secret information that has no bearing on the claims or defenses

13  on this case. Defendant also objects to this Request on the grounds that it seeks

14  information that is not in the possession, custody or control of Defendant.

15      Subject to and without waiving the foregoing general and specific objections,

16  and subject to them, Defendant responds as follows: Defendant has made reasonable

17  inquiry and that the information known or readily obtainable by Defendant is

18  insufficient to enable Defendant to admit or deny this Request and, on that basis

19  Defendant denies the same.

20

21  **REQUEST FOR ADMISSION NO. 88:**

22      Admit that, as of the date of these Requests, YOU have not recorded the

23  agreement produced by MGA as MGA000001-MGA000006, or any version thereof,

24  with any state or federal agency, department or entity.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

26      In addition to the foregoing general objections, which are incorporated herein

27  by reference, Defendant objects to this Request on the grounds that it is vague,

28  ambiguous and unintelligible. In particular, the terms "agreement" and "any version

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067,3107
310.553.0308

60.

EXHIBIT 2 PAGE 212

1   thereof" in this context are vague and ambiguous. Defendant objects to this Request

2   on the grounds that it calls for the disclosure of information subject to the attorney-

3   client privilege, the work product doctrine and other applicable privileges. Defendant

4   further objects to this Request as vague and ambiguous, including without limitation

5   that the Request does not provide an applicable time frame. Defendant further objects

6   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

7   Defendant objects to this Request as compound in seeking information regarding

8   "MGA000001-MGA000006" and is, in reality, not one but many Requests.

9   Defendant further objects to this Request on the grounds that it seeks confidential,

10   proprietary, and trade secret information that has no bearing on the claims or defenses

11   on this case. Defendant also objects to this Request on the grounds that it seeks

12   information that is not in the possession, custody or control of Defendant.

13          Subject to and without waiving the foregoing general and specific objections,

14   and subject to them, Defendant responds as follows: Defendant has made reasonable

15   inquiry and that the information known or readily obtainable by Defendant is

16   insufficient to enable Defendant to admit or deny this Request and, on that basis

17   Defendant denies the same.

18

19   **REQUEST FOR ADMISSION NO. 89:**

20          Admit that, as of the date of these Requests, YOU have not recorded the

21   agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version

22   thereof, with any U.S. Copyright Office.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

24          In addition to the foregoing general objections, which are incorporated herein

25   by reference, Defendant objects to this Request on the grounds that it is vague,

26   ambiguous and unintelligible. In particular, the terms "agreement" and "any version

27   thereof" in this context are vague and ambiguous. Defendant objects to this Request

28   on the grounds that it calls for the disclosure of information subject to the attorney-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

61.

EXHIBIT __2__ PAGE __213__

1  client privilege, the work product doctrine and other applicable privileges. Defendant

2  further objects to this Request as vague and ambiguous, including without limitation

3  that the Request does not provide an applicable time frame. Defendant further objects

4  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

5  Defendant objects to this Request as compound in seeking information regarding

6  "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

7  Requests. Defendant further objects to this Request on the grounds that it seeks

8  confidential, proprietary, and trade secret information that has no bearing on the

9  claims or defenses on this case. Defendant also objects to this Request on the grounds

10  that it seeks information that is not in the possession, custody or control of Defendant.

11       Subject to and without waiving the foregoing general and specific objections,

12  and subject to them, Defendant responds as follows:  Defendant has made reasonable

13  inquiry and that the information known or readily obtainable by Defendant is

14  insufficient to enable Defendant to admit or deny this Request and, on that basis

15  Defendant denies the same.

16

17  **REQUEST FOR ADMISSION NO. 90:**

18       Admit that, as of the date of these Requests, YOU have not recorded the

19  agreement produced by YOU as BRYANT 00794-BRYANT 0000799, or any version

20  thereof, with any state or federal agency, department or entity.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

22       In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible. In particular, the terms "agreement" and "any version

25  thereof" in this context are vague and ambiguous. Defendant objects to this Request

26  on the grounds that it calls for the disclosure of information subject to the attorney-

27  client privilege, the work product doctrine and other applicable privileges. Defendant

28  further objects to this Request as vague and ambiguous, including without limitation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

62.

EXHIBIT __2__ PAGE __214__

1   that the Request does not provide an applicable time frame.  Defendant further objects

2   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

3   Defendant objects to this Request as compound in seeking information regarding

4   "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

5   Requests.  Defendant further objects to this Request on the grounds that it seeks

6   confidential, proprietary, and trade secret information that has no bearing on the

7   claims or defenses on this case.  Defendant also objects to this Request on the grounds

8   that it seeks information that is not in the possession, custody or control of Defendant.

9        Subject to and without waiving the foregoing general and specific objections,

10   and subject to them, Defendant responds as follows:  Defendant has made reasonable

11   inquiry and that the information known or readily obtainable by Defendant is

12   insufficient to enable Defendant to admit or deny this Request and, on that basis

13   Defendant denies the same.

14

15   **REQUEST FOR ADMISSION NO. 91:**

16        Admit that, as of November 7, 2006, MGA had not recorded the agreement

17   produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof,

18   with the U. S. Copyright Office.

19   **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

20        In addition to the foregoing general objections, which are incorporated herein

21   by reference, Defendant objects to this Request on the grounds that it is vague,

22   ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

23   thereof" in this context are vague and ambiguous.  Defendant objects to this Request

24   on the grounds that it calls for the disclosure of information subject to the attorney-

25   client privilege, the work product doctrine and other applicable privileges.  Defendant

26   further objects to this Request as vague and ambiguous, including without limitation

27   that the Request does not provide an applicable time frame.  Defendant further objects

28   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

63.

EXHIBIT _2_ PAGE _215_

1   Defendant objects to this Request as compound in seeking information regarding

2   "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

3   Requests. Defendant further objects to this Request on the grounds that it seeks

4   confidential, proprietary, and trade secret information that has no bearing on the

5   claims or defenses on this case. Defendant also objects to this Request on the grounds

6   that it seeks information that is not in the possession, custody or control of Defendant.

7           Subject to and without waiving the foregoing general and specific objections,

8   and subject to them, Defendant responds as follows: Defendant has made reasonable

9   inquiry and that the information known or readily obtainable by Defendant is

10  insufficient to enable Defendant to admit or deny this Request and, on that basis

11  Defendant denies the same.

12

13  **REQUEST FOR ADMISSION NO. 92:**

14          Admit that, as of November 7, 2006, MGA had not recorded the agreement

15  produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof,

16  with any state or federal agency, department or entity.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

18          In addition to the foregoing general objections, which are incorporated herein

19  by reference, Defendant objects to this Request on the grounds that it is vague,

20  ambiguous and unintelligible. In particular, the terms "agreement" and "any version

21  thereof" in this context are vague and ambiguous. Defendant objects to this Request

22  on the grounds that it calls for the disclosure of information subject to the attorney-

23  client privilege, the work product doctrine and other applicable privileges. Defendant

24  further objects to this Request as vague and ambiguous, including without limitation

25  that the Request does not provide an applicable time frame. Defendant further objects

26  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

27  Defendant objects to this Request as compound in seeking information regarding

28  "BRYANT 00794-BRYANT 0000799" and is, in reality, not one but many

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

64.

EXHIBIT __2__ PAGE __216__

1    Requests.  Defendant further objects to this Request on the grounds that it seeks

2    confidential, proprietary, and trade secret information that has no bearing on the

3    claims or defenses on this case.  Defendant also objects to this Request on the grounds

4    that it seeks information that is not in the possession, custody or control of Defendant.

5            Subject to and without waiving the foregoing general and specific objections,

6    and subject to them, Defendant responds as follows:  Defendant has made reasonable

7    inquiry and that the information known or readily obtainable by Defendant is

8    insufficient to enable Defendant to admit or deny this Request and, on that basis

9    Defendant denies the same.

10

11   **REQUEST FOR ADMISSION NO. 93:**

12           Admit that, as of November 7, 2006, MGA had not recorded the agreement

13   produced by MGA as MGA000001-MGA000006, or any version thereof, with the

14   U.S. Copyright Office.

15   **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

16           In addition to the foregoing general objections, which are incorporated herein

17   by reference, Defendant objects to this Request on the grounds that it is vague,

18   ambiguous and unintelligible.  In particular, the terms "agreement" and "any version

19   thereof" in this context are vague and ambiguous.  Defendant objects to this Request

20   on the grounds that it calls for the disclosure of information subject to the attorney-

21   client privilege, the work product doctrine and other applicable privileges.  Defendant

22   further objects to this Request as vague and ambiguous, including without limitation

23   that the Request does not provide an applicable time frame.  Defendant further objects

24   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

25   Defendant objects to this Request as compound in seeking information regarding

26   "MGA000001-MGA000006" and is, in reality, not one but many Requests.

27   Defendant further objects to this Request on the grounds that it seeks confidential,

28   proprietary, and trade secret information that has no bearing on the claims or defenses

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

EXHIBIT __2__ PAGE _217_

1   on this case. Defendant also objects to this Request on the grounds that it seeks

2   information that is not in the possession, custody or control of Defendant.

3       Subject to and without waiving the foregoing general and specific objections,

4   and subject to them, Defendant responds as follows: Defendant has made reasonable

5   inquiry and that the information known or readily obtainable by Defendant is

6   insufficient to enable Defendant to admit or deny this Request and, on that basis

7   Defendant denies the same.

8

9   **REQUEST FOR ADMISSION NO. 94:**

10      Admit that, as of November 7, 2006, MGA had not recorded the agreement

11  produced by MGA as MGA000001-MGA000006, or any version thereof, with any

12  state or federal agency, department or entity.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

14      In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it is vague,

16  ambiguous and unintelligible. In particular, the terms "agreement" and "any version

17  thereof" in this context are vague and ambiguous. Defendant objects to this Request

18  on the grounds that it calls for the disclosure of information subject to the attorney-

19  client privilege, the work product doctrine and other applicable privileges. Defendant

20  further objects to this Request as vague and ambiguous, including without limitation

21  that the Request does not provide an applicable time frame. Defendant further objects

22  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

23  Defendant objects to this Request as compound in seeking information regarding

24  "MGA000001-MGA000006" and is, in reality, not one but many Requests.

25  Defendant further objects to this Request on the grounds that it seeks confidential,

26  proprietary, and trade secret information that has no bearing on the claims or defenses

27  on this case. Defendant also objects to this Request on the grounds that it seeks

28  information that is not in the possession, custody or control of Defendant.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

66.

EXHIBIT _2_ PAGE _218_

1  Subject to and without waiving the foregoing general and specific objections,
2  and subject to them, Defendant responds as follows:  Defendant has made reasonable
3  inquiry and that the information known or readily obtainable by Defendant is
4  insufficient to enable Defendant to admit or deny this Request and, on that basis
5  Defendant denies the same.

6

7  **REQUEST FOR ADMISSION NO. 95:**

8  Admit that, as of November 7, 2006, YOU had not recorded the agreement
9  produced by MGA as MGA00000I -MGA000006, or any version thereof, with the
10  U.S. Copyright Office.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

12  In addition to the foregoing general objections, which are incorporated herein
13  by reference, Defendant objects to this Request on the grounds that it is vague,
14  ambiguous and unintelligible.  In particular, the terms "agreement" and "any version
15  thereof" in this context are vague and ambiguous.  Defendant objects to this Request
16  on the grounds that it calls for the disclosure of information subject to the attorney-
17  client privilege, the work product doctrine and other applicable privileges.  Defendant
18  further objects to this Request as vague and ambiguous, including without limitation
19  that the Request does not provide an applicable time frame.  Defendant further objects
20  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
21  Defendant objects to this Request as compound in seeking information regarding
22  "MGA000001-MGA000006" and is, in reality, not one but many Requests.
23  Defendant further objects to this Request on the grounds that it seeks confidential,
24  proprietary, and trade secret information that has no bearing on the claims or defenses
25  on this case.

26  Subject to and without waiving the foregoing general and specific objections,
27  and subject to them, Defendant responds as follows:  Defendant has made reasonable
28  inquiry and that the information known or readily obtainable by Defendant is

67.

EXHIBIT _2_ PAGE _219_

1  insufficient to enable Defendant to admit or deny this Request and, on that basis
2  Defendant denies the same.
3
4  **REQUEST FOR ADMISSION NO. 96:**
5       Admit that, as of November 7, 2006, YOU had not recorded the agreement
6  produced by MGA as MGA00000I -MGA000006, or any version thereof, with any
7  state or federal agency, department or entity.
8  **RESPONSE TO REQUEST FOR ADMISSION NO. 96:**
9       In addition to the foregoing general objections, which are incorporated herein
10 by reference, Defendant objects to this Request on the grounds that it is vague,
11 ambiguous and unintelligible. In particular, the terms "agreement" and "any version
12 thereof" in this context are vague and ambiguous. Defendant objects to this Request
13 on the grounds that it calls for the disclosure of information subject to the attorney-
14 client privilege, the work product doctrine and other applicable privileges. Defendant
15 further objects to this Request as vague and ambiguous, including without limitation
16 that the Request does not provide an applicable time frame. Defendant further objects
17 to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
18 Defendant objects to this Request as compound in seeking information regarding
19 "MGA000001-MGA000006" and is, in reality, not one but many Requests.
20 Defendant further objects to this Request on the grounds that it seeks confidential,
21 proprietary, and trade secret information that has no bearing on the claims or defenses
22 on this case.
23       Subject to and without waiving the foregoing general and specific objections,
24 and subject to them, Defendant responds as follows: Defendant has made reasonable
25 inquiry and that the information known or readily obtainable by Defendant is
26 insufficient to enable Defendant to admit or deny this Request and, on that basis
27 Defendant denies the same.
28

LITTLER MENDELSON

68.   EXHIBIT _2_ PAGE _220_

1    **REQUEST FOR ADMISSION NO. 97:**

2         Admit that, as of November 7, 2006, YOU had not recorded the agreement

3    produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof,

4    with the U.S. Copyright Office.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

6         In addition to the foregoing general objections, which are incorporated herein

7    by reference, Defendant objects to this Request on the grounds that it is vague,

8    ambiguous and unintelligible. In particular, the terms "agreement" and "any version

9    thereof" in this context are vague and ambiguous. Defendant objects to this Request

10   on the grounds that it calls for the disclosure of information subject to the attorney-

11   client privilege, the work product doctrine and other applicable privileges. Defendant

12   further objects to this Request as vague and ambiguous, including without limitation

13   that the Request does not provide an applicable time frame. Defendant further objects

14   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

15   Defendant objects to this Request as compound in seeking information regarding

16   "MGA000001-MGA000006" and is, in reality, not one but many Requests.

17   Defendant further objects to this Request on the grounds that it seeks confidential,

18   proprietary, and trade secret information that has no bearing on the claims or defenses

19   on this case.

20        Subject to and without waiving the foregoing general and specific objections,

21   and subject to them, Defendant responds as follows: Defendant has made reasonable

22   inquiry and that the information known or readily obtainable by Defendant is

23   insufficient to enable Defendant to admit or deny this Request and, on that basis

24   Defendant denies the same.

25

26   **REQUEST FOR ADMISSION NO. 98:**

27        Admit that, as of November 7, 2006, YOU had not recorded the agreement

28   produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT _2_ PAGE _221_

1    with any state or federal agency, department or entity.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

3        In addition to the foregoing general objections, which are incorporated herein

4    by reference, Defendant objects to this Request on the grounds that it is vague,

5    ambiguous and unintelligible. In particular, the terms "agreement" and "any version

6    thereof" in this context are vague and ambiguous. Defendant objects to this Request

7    on the grounds that it calls for the disclosure of information subject to the attorney-

8    client privilege, the work product doctrine and other applicable privileges. Defendant

9    further objects to this Request as vague and ambiguous, including without limitation

10    that the Request does not provide an applicable time frame. Defendant further objects

11    to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

12    Defendant objects to this Request as compound in seeking information regarding

13    "BRYANT 00794-BRYANT0000799" and is, in reality, not one but many

14    Requests. Defendant further objects to this Request on the grounds that it seeks

15    confidential, proprietary, and trade secret information that has no bearing on the

16    claims or defenses on this case.

17        Subject to and without waiving the foregoing general and specific objections,

18    and subject to them, Defendant responds as follows: Defendant has made reasonable

19    inquiry and that the information known or readily obtainable by Defendant is

20    insufficient to enable Defendant to admit or deny this Request and, on that basis

21    Defendant denies the same.

22

23    **REQUEST FOR ADMISSION NO. 99:**

24        Admit that MGA represented to the U.S. Copyright Office that the work

25    registered as VA 1-090-287 is a derivative of the work registered as VA 1218-487.

26    **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

27        In addition to the foregoing general objections, which are incorporated herein

28    by reference, Defendant objects to this Request on the grounds that it is vague,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

70.

EXHIBIT  2  PAGE 222

1   ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

2   context are vague and ambiguous.  Defendant objects to this Request on the grounds

3   that it calls for the disclosure of information subject to the attorney-client privilege,

4   the work product doctrine and other applicable privileges.  Defendant further objects

5   to this Request as vague and ambiguous, including without limitation that the Request

6   does not provide an applicable time frame.  Defendant further objects to this Request

7   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

8   objects to this Request on the grounds that it seeks information that is not in the

9   possession, custody or control of Defendant.  Defendant further objects to this

10  Request on the grounds that it seeks confidential, proprietary, and trade secret

11  information that has no bearing on the claims or defenses on this case.  Defendant also

12  objects to this Request on the grounds that it seeks information that is not in the

13  possession, custody or control of Defendant.

14       Subject to and without waiving the foregoing general and specific objections,

15  and subject to them, Defendant responds as follows:  Defendant has made reasonable

16  inquiry and that the information known or readily obtainable by Defendant is

17  insufficient to enable Defendant to admit or deny this Request and, on that basis

18  Defendant denies the same.

19

20  **REQUEST FOR ADMISSION NO. 100:**

21       Admit that the work registered as VA 1-090-287 is a derivative of the work

22  registered as VA 1-218-487.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

24       In addition to the foregoing general objections, which are incorporated herein

25  by reference, Defendant objects to this Request on the grounds that it is vague,

26  ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

27  context are vague and ambiguous.  Defendant objects to this Request on the grounds

28  that it calls for the disclosure of information subject to the attorney-client privilege,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

71.   EXHIBIT __2__ PAGE 223

1   the work product doctrine and other applicable privileges.  Defendant further objects

2   to this Request as vague and ambiguous, including without limitation that the Request

3   does not provide an applicable time frame.  Defendant further objects to this Request

4   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

5   objects to this Request on the grounds that it seeks information that is not in the

6   possession, custody or control of Defendant.  Defendant further objects to this

7   Request on the grounds that it seeks confidential, proprietary, and trade secret

8   information that has no bearing on the claims or defenses on this case.  Defendant

9   further objects that this Request on the grounds that it does not seek an admission of

10  fact and instead improperly calls for a legal conclusion.

11      Subject to and without waiving the foregoing general and specific objections,

12  and subject to them, Defendant responds as follows:  Defendant has made reasonable

13  inquiry and that the information known or readily obtainable by Defendant is

14  insufficient to enable Defendant to admit or deny this Request and, on that basis

15  Defendant denies the same.

16

17  **REQUEST FOR ADMISSION NO. 101:**

18      Admit that, before THIS ACTION was filed, MGA represented to the U.S.

19  Copyright Office that the work registered as VA 1-090-287 was created in 2000.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

21      In addition to the foregoing general objections, which are incorporated herein

22  by reference, Defendant objects to this Request on the grounds that it is vague,

23  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

24  context are vague and ambiguous.  Defendant objects to this Request on the grounds

25  that it calls for the disclosure of information subject to the attorney-client privilege,

26  the work product doctrine and other applicable privileges.  Defendant further objects

27  to this Request as vague and ambiguous, including without limitation that the Request

28  does not provide an applicable time frame.  Defendant further objects to this Request

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

72.

EXHIBIT 2 PAGE 224

1   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

2   objects to this Request on the grounds that it seeks information that is not in the

3   possession, custody or control of Defendant.  Defendant further objects to this

4   Request on the grounds that it seeks confidential, proprietary, and trade secret

5   information that has no bearing on the claims or defenses on this case.

6        Subject to and without waiving the foregoing general and specific objections,

7   and subject to them, Defendant responds as follows:  Defendant has made reasonable

8   inquiry and that the information known or readily obtainable by Defendant is

9   insufficient to enable Defendant to admit or deny this Request and, on that basis

10  Defendant denies the same.

11

12  **REQUEST FOR ADMISSION NO. 102:**

13       Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

14  Office a Form CA stating that the work registered as VA 1-090-287 was created in

15  2001.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

17       In addition to the foregoing general objections, which are incorporated herein

18  by reference, Defendant objects to this Request on the grounds that it is vague,

19  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

20  context are vague and ambiguous.  Defendant objects to this Request on the grounds

21  that it calls for the disclosure of information subject to the attorney-client privilege,

22  the work product doctrine and other applicable privileges.  Defendant further objects

23  to this Request as vague and ambiguous, including without limitation that the Request

24  does not provide an applicable time frame.  Defendant further objects to this Request

25  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

26  objects to this Request on the grounds that it seeks information that is not in the

27  possession, custody or control of Defendant.  Defendant further objects to this

28  Request on the grounds that it seeks confidential, proprietary, and trade secret

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

73.

EXHIBIT 2 PAGE 225

1  information that has no bearing on the claims or defenses on this case.

2       Subject to and without waiving the foregoing general and specific objections,

3  and subject to them, Defendant responds as follows:  Defendant has made reasonable

4  inquiry and that the information known or readily obtainable by Defendant is

5  insufficient to enable Defendant to admit or deny this Request and, on that basis

6  Defendant denies the same.

7

8  **REQUEST FOR ADMISSION NO. 103:**

9       Admit that the work registered as VA 1-090-287 was created in 2000.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

11       In addition to the foregoing general objections, which are incorporated herein

12  by reference, Defendant objects to this Request on the grounds that it is vague,

13  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

14  context are vague and ambiguous.  Defendant objects to this Request on the grounds

15  that it calls for the disclosure of information subject to the attorney-client privilege,

16  the work product doctrine and other applicable privileges.  Defendant further objects

17  to this Request as vague and ambiguous, including without limitation that the Request

18  does not provide an applicable time frame.  Defendant further objects to this Request

19  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

20  objects to this Request on the grounds that it seeks information that is not in the

21  possession, custody or control of Defendant.  Defendant further objects to this

22  Request on the grounds that it seeks confidential, proprietary, and trade secret

23  information that has no bearing on the claims or defenses on this case.  Defendant

24  further objects that this Request on the grounds that it does not seek an admission of

25  fact and instead improperly calls for a legal conclusion.

26       Subject to and without waiving the foregoing general and specific objections,

27  and subject to them, Defendant responds as follows:  Defendant has made reasonable

28  inquiry and that the information known or readily obtainable by Defendant is

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0306

74.

EXHIBIT __2__ PAGE __226__

1   insufficient to enable Defendant to admit or deny this Request and, on that basis

2   Defendant denies the same.

3

4   **REQUEST FOR ADMISSION NO. 104:**

5       Admit that the doll that is depicted in the deposit for registration VA 1090-287

6   was created in 2000.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

8       In addition to the foregoing general objections, which are incorporated herein

9   by reference, Defendant objects to this Request on the grounds that it is vague,

10  ambiguous and unintelligible. In particular, the terms "doll," "created" and "deposit"

11  in this context are vague and ambiguous. Defendant objects to this Request on the

12  grounds that it calls for the disclosure of information subject to the attorney-client

13  privilege, the work product doctrine and other applicable privileges. Defendant

14  further objects to this Request as vague and ambiguous, including without limitation

15  that the Request does not provide an applicable time frame. Defendant further objects

16  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

17  Defendant also objects to this Request on the grounds that it seeks information that is

18  not in the possession, custody or control of Defendant. Defendant further objects to

19  this Request on the grounds that it seeks confidential, proprietary, and trade secret

20  information that has no bearing on the claims or defenses on this case. Defendant

21  further objects that this Request on the grounds that it does not seek an admission of

22  fact and instead improperly calls for a legal conclusion.

23      Subject to and without waiving the foregoing general and specific objections,

24  and subject to them, Defendant responds as follows: Defendant has made reasonable

25  inquiry and that the information known or readily obtainable by Defendant is

26  insufficient to enable Defendant to admit or deny this Request and, on that basis

27  Defendant denies the same.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

75.   EXHIBIT 2 PAGE 227

1  **REQUEST FOR ADMISSION NO. 105:**

2      Admit that MGA represented to the U.S. Copyright Office that the work

3  registered as VA 1-090-288 is a derivative of the work registered as VA 1218-488.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

5      In addition to the foregoing general objections, which are incorporated herein

6  by reference, Defendant objects to this Request on the grounds that it is vague,

7  ambiguous and unintelligible. In particular, the terms "work" and "derivative" in this

8  context are vague and ambiguous. Defendant objects to this Request on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the work product doctrine and other applicable privileges. Defendant further objects

11  to this Request as vague and ambiguous, including without limitation that the Request

12  does not provide an applicable time frame. Defendant further objects to this Request

13  on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

14  objects to this Request on the grounds that it seeks information that is not in the

15  possession, custody or control of Defendant.  Defendant further objects to this

16  Request on the grounds that it seeks confidential, proprietary, and trade secret

17  information that has no bearing on the claims or defenses on this case.

18      Subject to and without waiving the foregoing general and specific objections,

19  and subject to them, Defendant responds as follows: Defendant has made reasonable

20  inquiry and that the information known or readily obtainable by Defendant is

21  insufficient to enable Defendant to admit or deny this Request and, on that basis

22  Defendant denies the same.

23

24  **REQUEST FOR ADMISSION NO. 106:**

25      Admit that the work registered as VA 1-090-288 is a derivative of the work

26  registered as VA 1-218-488.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

28      In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

76.

EXHIBIT  **2**  PAGE **228**

1    by reference, Defendant objects to this Request on the grounds that it is vague,

2    ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

3    context are vague and ambiguous.  Defendant objects to this Request on the grounds

4    that it calls for the disclosure of information subject to the attorney-client privilege,

5    the work product doctrine and other applicable privileges.  Defendant further objects

6    to this Request as vague and ambiguous, including without limitation that the Request

7    does not provide an applicable time frame.  Defendant further objects to this Request

8    on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

9    objects to this Request on the grounds that it seeks information that is not in the

10   possession, custody or control of Defendant.  Defendant further objects to this

11   Request on the grounds that it seeks confidential, proprietary, and trade secret

12   information that has no bearing on the claims or defenses on this case.  Defendant

13   further objects that this Request on the grounds that it does not seek an admission of

14   fact and instead improperly calls for a legal conclusion.

15           Subject to and without waiving the foregoing general and specific objections,

16   and subject to them, Defendant responds as follows:  Defendant has made reasonable

17   inquiry and that the information known or readily obtainable by Defendant is

18   insufficient to enable Defendant to admit or deny this Request and, on that basis

19   Defendant denies the same.

20

21   **REQUEST FOR ADMISSION NO. 107:**

22           Admit that, before THIS ACTION was filed, MGA represented to the U.S.

23   Copyright Office that the work registered as VA 1-090-288 was created in 2000.

24   **RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

25           In addition to the foregoing general objections, which are incorporated herein

26   by reference, Defendant objects to this Request on the grounds that it is vague,

27   ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

28   context are vague and ambiguous.  Defendant objects to this Request on the grounds

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

77.   EXHIBIT __2__ PAGE __229__

1    that it calls for the disclosure of information subject to the attorney-client privilege,

2    the work product doctrine and other applicable privileges.  Defendant further objects

3    to this Request as vague and ambiguous, including without limitation that the Request

4    does not provide an applicable time frame.  Defendant further objects to this Request

5    on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

6    objects to this Request on the grounds that it seeks information that is not in the

7    possession, custody or control of Defendant.  Defendant further objects to this

8    Request on the grounds that it seeks confidential, proprietary, and trade secret

9    information that has no bearing on the claims or defenses on this case.

10           Subject to and without waiving the foregoing general and specific objections,

11   and subject to them, Defendant responds as follows:  Defendant has made reasonable

12   inquiry and that the information known or readily obtainable by Defendant is

13   insufficient to enable Defendant to admit or deny this Request and, on that basis

14   Defendant denies the same.

15

16   **REQUEST FOR ADMISSION NO. 108:**

17           Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

18   Office a Form CA stating that the work registered as VA 1-090-288 was created in

19   2001.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

21           In addition to the foregoing general objections, which are incorporated herein

22   by reference, Defendant objects to this Request on the grounds that it is vague,

23   ambiguous and unintelligible.  In particular, the terms "work" and "created" in this

24   context are vague and ambiguous.  Defendant objects to this Request on the grounds

25   that it calls for the disclosure of information subject to the attorney-client privilege,

26   the work product doctrine and other applicable privileges.  Defendant further objects

27   to this Request as vague and ambiguous, including without limitation that the Request

28   does not provide an applicable time frame.  Defendant further objects to this Request

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

78.

EXHIBIT 2 PAGE 230

1    on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

2    objects to this Request on the grounds that it seeks information that is not in the

3    possession, custody or control of Defendant.  Defendant further objects to this

4    Request on the grounds that it seeks confidential, proprietary, and trade secret

5    information that has no bearing on the claims or defenses on this case.

6         Subject to and without waiving the foregoing general and specific objections,

7    and subject to them, Defendant responds as follows:  Defendant has made reasonable

8    inquiry and that the information known or readily obtainable by Defendant is

9    insufficient to enable Defendant to admit or deny this Request and, on that basis

10   Defendant denies the same.

11

12   **REQUEST FOR ADMISSION NO. 109:**

13        Admit that the work registered as VA 1-090-288 was created in 2000.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

15        In addition to the foregoing general objections, which are incorporated herein

16   by reference, Defendant objects to this Request on the grounds that it is vague,

17   ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

18   context are vague and ambiguous.  Defendant objects to this Request on the grounds

19   that it calls for the disclosure of information subject to the attorney-client privilege,

20   the work product doctrine and other applicable privileges.  Defendant further objects

21   to this Request as vague and ambiguous, including without limitation that the Request

22   does not provide an applicable time frame.  Defendant further objects to this Request

23   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

24   objects to this Request on the grounds that it seeks information that is not in the

25   possession, custody or control of Defendant.  Defendant further objects to this

26   Request on the grounds that it seeks confidential, proprietary, and trade secret

27   information that has no bearing on the claims or defenses on this case.  Defendant

28   further objects that this Request on the grounds that it does not seek an admission of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

79.

EXHIBIT 2 PAGE 231

1   fact and instead improperly calls for a legal conclusion.

2         Subject to and without waiving the foregoing general and specific objections,

3   and subject to them, Defendant responds as follows:  Defendant has made reasonable

4   inquiry and that the information known or readily obtainable by Defendant is

5   insufficient to enable Defendant to admit or deny this Request and, on that basis

6   Defendant denies the same.

7

8   **REQUEST FOR ADMISSION NO. 110:**

9         Admit that the doll that is depicted in the deposit for registration VA 1-090-288

10   was created in 2000.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

12         In addition to the foregoing general objections, which are incorporated herein

13   by reference, Defendant objects to this Request on the grounds that it is vague,

14   ambiguous and unintelligible.  In particular, the terms "created," "doll" and "deposit"

15   in this context are vague and ambiguous.  Defendant objects to this Request on the

16   grounds that it calls for the disclosure of information subject to the attorney-client

17   privilege, the work product doctrine and other applicable privileges.  Defendant

18   further objects to this Request as vague and ambiguous, including without limitation

19   that the Request does not provide an applicable time frame.  Defendant further objects

20   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

21   Defendant also objects to this Request on the grounds that it seeks information that is

22   not in the possession, custody or control of Defendant.  Defendant further objects to

23   this Request on the grounds that it seeks confidential, proprietary, and trade secret

24   information that has no bearing on the claims or defenses on this case.  Defendant

25   further objects that this Request on the grounds that it does not seek an admission of

26   fact and instead improperly calls for a legal conclusion.

27         Subject to and without waiving the foregoing general and specific objections,

28   and subject to them, Defendant responds as follows:  Defendant has made reasonable

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

80.   EXHIBIT _2_ PAGE _232_

1   inquiry and that the information known or readily obtainable by Defendant is

2   insufficient to enable Defendant to admit or deny this Request and, on that basis

3   Defendant denies the same.

4

5   **REQUEST FOR ADMISSION NO. 111:**

6        Admit that MGA represented to the U.S. Copyright Office that the work

7   registered as VA 1-090-289 is a derivative of the work registered as VA 1-218-490.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

9        In addition to the foregoing general objections, which are incorporated herein

10   by reference, Defendant objects to this Request on the grounds that it is vague,

11   ambiguous and unintelligible. In particular, the terms "work" and "derivative" in this

12   context are vague and ambiguous. Defendant objects to this Request on the grounds

13   that it calls for the disclosure of information subject to the attorney-client privilege,

14   the work product doctrine and other applicable privileges. Defendant further objects

15   to this Request as vague and ambiguous, including without limitation that the Request

16   does not provide an applicable time frame. Defendant further objects to this Request

17   on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

18   objects to this Request on the grounds that it seeks information that is not in the

19   possession, custody or control of Defendant. Defendant further objects to this

20   Request on the grounds that it seeks confidential, proprietary, and trade secret

21   information that has no bearing on the claims or defenses on this case.

22        Subject to and without waiving the foregoing general and specific objections,

23   and subject to them, Defendant responds as follows: Defendant has made reasonable

24   inquiry and that the information known or readily obtainable by Defendant is

25   insufficient to enable Defendant to admit or deny this Request and, on that basis

26   Defendant denies the same.

27

28   **REQUEST FOR ADMISSION NO. 112:**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

81.

EXHIBIT  2  PAGE 83

1    Admit that the work registered as VA 1-090-289 is a derivative of the work

2    registered as VA 1-218-490.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

4    In addition to the foregoing general objections, which are incorporated herein

5    by reference, Defendant objects to this Request on the grounds that it is vague,

6    ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

7    context are vague and ambiguous.  Defendant objects to this Request on the grounds

8    that it calls for the disclosure of information subject to the attorney-client privilege,

9    the work product doctrine and other applicable privileges.  Defendant further objects

10   to this Request as vague and ambiguous, including without limitation that the Request

11   does not provide an applicable time frame.  Defendant further objects to this Request

12   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

13   objects to this Request on the grounds that it seeks information that is not in the

14   possession, custody or control of Defendant.  Defendant further objects to this

15   Request on the grounds that it seeks confidential, proprietary, and trade secret

16   information that has no bearing on the claims or defenses on this case.  Defendant

17   further objects that this Request on the grounds that it does not seek an admission of

18   fact and instead improperly calls for a legal conclusion.

19   Subject to and without waiving the foregoing general and specific objections,

20   and subject to them, Defendant responds as follows:  Defendant has made reasonable

21   inquiry and that the information known or readily obtainable by Defendant is

22   insufficient to enable Defendant to admit or deny this Request and, on that basis

23   Defendant denies the same.

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067,3107
310.553.0308

82.   EXHIBIT _2_ PAGE _234_

**REQUEST FOR ADMISSION NO. 113:**

Admit that, before THIS ACTION was filed, MGA represented to the U.S. Copyright Office that the work registered as VA 1-090-289 was created in 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "created" and "work" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

83.

EXHIBIT 2 PAGE 235

1    **REQUEST FOR ADMISSION NO. 114:**

2        Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

3    Office a Form CA stating that the work registered as VA 1-090-289 was created in

4    2001.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

6        In addition to the foregoing general objections, which are incorporated herein

7    by reference, Defendant objects to this Request on the grounds that it is vague,

8    ambiguous and unintelligible. In particular, the terms "created" and "work" in this

9    context are vague and ambiguous. Defendant objects to this Request on the grounds

10   that it calls for the disclosure of information subject to the attorney-client privilege,

11   the work product doctrine and other applicable privileges. Defendant further objects

12   to this Request as vague and ambiguous, including without limitation that the Request

13   does not provide an applicable time frame. Defendant further objects to this Request

14   on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

15   objects to this Request on the grounds that it seeks information that is not in the

16   possession, custody or control of Defendant. Defendant further objects to this

17   Request on the grounds that it seeks confidential, proprietary, and trade secret

18   information that has no bearing on the claims or defenses on this case.

19       Subject to and without waiving the foregoing general and specific objections,

20   and subject to them, Defendant responds as follows: Defendant has made reasonable

21   inquiry and that the information known or readily obtainable by Defendant is

22   insufficient to enable Defendant to admit or deny this Request and, on that basis

23   Defendant denies the same.

24

25   **REQUEST FOR ADMISSION NO. 115:**

26       Admit that the work registered as VA 1-090-289 was created in 2000.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

28       In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT _2_ PAGE _236_

1  by reference, Defendant objects to this Request on the grounds that it is vague,

2  ambiguous and unintelligible. In particular, the terms "created" and "work" in this

3  context are vague and ambiguous. Defendant objects to this Request on the grounds

4  that it calls for the disclosure of information subject to the attorney-client privilege,

5  the work product doctrine and other applicable privileges. Defendant further objects

6  to this Request as vague and ambiguous, including without limitation that the Request

7  does not provide an applicable time frame. Defendant further objects to this Request

8  on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

9  objects to this Request on the grounds that it seeks information that is not in the

10  possession, custody or control of Defendant. Defendant further objects to this

11  Request on the grounds that it seeks confidential, proprietary, and trade secret

12  information that has no bearing on the claims or defenses on this case. Defendant

13  further objects that this Request on the grounds that it does not seek an admission of

14  fact and instead improperly calls for a legal conclusion.

15       Subject to and without waiving the foregoing general and specific objections,

16  and subject to them, Defendant responds as follows: Defendant has made reasonable

17  inquiry and that the information known or readily obtainable by Defendant is

18  insufficient to enable Defendant to admit or deny this Request and, on that basis

19  Defendant denies the same.

20

21  **REQUEST FOR ADMISSION NO. 116:**

22       Admit that the doll that is depicted in the deposit for registration VA 1-090-289

23  was created in 2000.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

25       In addition to the foregoing general objections, which are incorporated herein

26  by reference, Defendant objects to this Request on the grounds that it is vague,

27  ambiguous and unintelligible. In particular, the terms "created," "doll" and "deposit"

28  in this context are vague and ambiguous. Defendant objects to this Request on the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

85.

EXHIBIT  2  PAGE 237

1   grounds that it calls for the disclosure of information subject to the attorney-client

2   privilege, the work product doctrine and other applicable privileges.  Defendant

3   further objects to this Request as vague and ambiguous, including without limitation

4   that the Request does not provide an applicable time frame.  Defendant further objects

5   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

6   Defendant also objects to this Request on the grounds that it seeks information that is

7   not in the possession, custody or control of Defendant.  Defendant further objects to

8   this Request on the grounds that it seeks confidential, proprietary, and trade secret

9   information that has no bearing on the claims or defenses on this case.  Defendant

10  further objects that this Request on the grounds that it does not seek an admission of

11  fact and instead improperly calls for a legal conclusion.

12          Subject to and without waiving the foregoing general and specific objections,

13  and subject to them, Defendant responds as follows:  Defendant has made reasonable

14  inquiry and that the information known or readily obtainable by Defendant is

15  insufficient to enable Defendant to admit or deny this Request and, on that basis

16  Defendant denies the same.

17

18  **REQUEST FOR ADMISSION NO. 117:**

19          Admit that MGA represented to the U.S. Copyright Office that the work

20  registered as VA 1-090-290 is a derivative of the work registered as VA 1-218-491.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

22          In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

25  context are vague and ambiguous.  Defendant objects to this Request on the grounds

26  that it calls for the disclosure of information subject to the attorney-client privilege,

27  the work product doctrine and other applicable privileges.  Defendant further objects

28  to this Request as vague and ambiguous, including without limitation that the Request

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

86.

EXHIBIT _2_ PAGE _238_

1    does not provide an applicable time frame.  Defendant further objects to this Request

2    on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

3    objects to this Request on the grounds that it seeks information that is not in the

4    possession, custody or control of Defendant.  Defendant further objects to this

5    Request on the grounds that it seeks confidential, proprietary, and trade secret

6    information that has no bearing on the claims or defenses on this case.

7           Subject to and without waiving the foregoing general and specific objections,

8    and subject to them, Defendant responds as follows:  Defendant has made reasonable

9    inquiry and that the information known or readily obtainable by Defendant is

10   insufficient to enable Defendant to admit or deny this Request and, on that basis

11   Defendant denies the same.

12

13   **REQUEST FOR ADMISSION NO. 118:**

14          Admit that the work registered as VA 1-090-290 is a derivative of the work

15   registered as VA 1-218-491.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

17          In addition to the foregoing general objections, which are incorporated herein

18   by reference, Defendant objects to this Request on the grounds that it is vague,

19   ambiguous and unintelligible.  In particular, the terms "work" and "derivative" in this

20   context are vague and ambiguous.  Defendant objects to this Request on the grounds

21   that it calls for the disclosure of information subject to the attorney-client privilege,

22   the work product doctrine and other applicable privileges.  Defendant further objects

23   to this Request as vague and ambiguous, including without limitation that the Request

24   does not provide an applicable time frame.  Defendant further objects to this Request

25   on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

26   objects to this Request on the grounds that it seeks information that is not in the

27   possession, custody or control of Defendant.  Defendant further objects to this

28   Request on the grounds that it seeks confidential, proprietary, and trade secret

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

87.

EXHIBIT  2  PAGE 239

1   information that has no bearing on the claims or defenses on this case.  Defendant

2   further objects that this Request on the grounds that it does not seek an admission of

3   fact and instead improperly calls for a legal conclusion.

4        Subject to and without waiving the foregoing general and specific objections,

5   and subject to them, Defendant responds as follows:  Defendant has made reasonable

6   inquiry and that the information known or readily obtainable by Defendant is

7   insufficient to enable Defendant to admit or deny this Request and, on that basis

8   Defendant denies the same.

9

10  **REQUEST FOR ADMISSION NO. 119:**

11       Admit that, before THIS ACTION was filed, MGA represented to the U.S.

12  Copyright Office that the work registered as VA 1-090-290 was created in 2000.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

14       In addition to the foregoing general objections, which are incorporated herein

15  by reference, Defendant objects to this Request on the grounds that it is vague,

16  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

17  context are vague and ambiguous.  Defendant objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the work product doctrine and other applicable privileges.  Defendant further objects

20  to this Request as vague and ambiguous, including without limitation that the Request

21  does not provide an applicable time frame.  Defendant further objects to this Request

22  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

23  objects to this Request on the grounds that it seeks information that is not in the

24  possession, custody or control of Defendant.  Defendant further objects to this

25  Request on the grounds that it seeks confidential, proprietary, and trade secret

26  information that has no bearing on the claims or defenses on this case.

27       Subject to and without waiving the foregoing general and specific objections,

28  and subject to them, Defendant responds as follows:  Defendant has made reasonable

LITTLER MENDELSON
A Professional Corporation
2045 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

88.

EXHIBIT 2 PAGE 240

1   inquiry and that the information known or readily obtainable by Defendant is

2   insufficient to enable Defendant to admit or deny this Request and, on that basis

3   Defendant denies the same.

4

5   **REQUEST FOR ADMISSION NO. 120:**

6        Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

7   Office a Form CA stating that the work registered as VA 1-090-290 was created in

8   2001.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

10       In addition to the foregoing general objections, which are incorporated herein

11   by reference, Defendant objects to this Request on the grounds that it is vague,

12   ambiguous and unintelligible. In particular, the terms "created" and "work" in this

13   context are vague and ambiguous. Defendant objects to this Request on the grounds

14   that it calls for the disclosure of information subject to the attorney-client privilege,

15   the work product doctrine and other applicable privileges. Defendant further objects

16   to this Request as vague and ambiguous, including without limitation that the Request

17   does not provide an applicable time frame. Defendant further objects to this Request

18   on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

19   objects to this Request on the grounds that it seeks information that is not in the

20   possession, custody or control of Defendant. Defendant further objects to this

21   Request on the grounds that it seeks confidential, proprietary, and trade secret

22   information that has no bearing on the claims or defenses on this case.

23       Subject to and without waiving the foregoing general and specific objections,

24   and subject to them, Defendant responds as follows: Defendant has made reasonable

25   inquiry and that the information known or readily obtainable by Defendant is

26   insufficient to enable Defendant to admit or deny this Request and, on that basis

27   Defendant denies the same.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

89.   EXHIBIT _2_ PAGE _241_

1   **REQUEST FOR ADMISSION NO. 121:**

2       Admit that the work registered as VA 1-090-290 was created in 2000.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

4       In addition to the foregoing general objections, which are incorporated herein

5   by reference, Defendant objects to this Request on the grounds that it is vague,

6   ambiguous and unintelligible. In particular, the terms "created" and "work" in this

7   context are vague and ambiguous. Defendant objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the work product doctrine and other applicable privileges. Defendant further objects

10  to this Request as vague and ambiguous, including without limitation that the Request

11  does not provide an applicable time frame. Defendant further objects to this Request

12  on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

13  objects to this Request on the grounds that it seeks information that is not in the

14  possession, custody or control of Defendant. Defendant further objects to this

15  Request on the grounds that it seeks confidential, proprietary, and trade secret

16  information that has no bearing on the claims or defenses on this case. Defendant

17  further objects that this Request on the grounds that it does not seek an admission of

18  fact and instead improperly calls for a legal conclusion.

19      Subject to and without waiving the foregoing general and specific objections,

20  and subject to them, Defendant responds as follows: Defendant has made reasonable

21  inquiry and that the information known or readily obtainable by Defendant is

22  insufficient to enable Defendant to admit or deny this Request and, on that basis

23  Defendant denies the same.

24

25  **REQUEST FOR ADMISSION NO. 122:**

26      Admit that the doll that is depicted in the deposit for registration VA 1090-290

27  was created in 2000.

28  **RESPONSE TO REQUEST FOR ADMISSION NO. 122:**

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

90.

EXHIBIT _2_ PAGE _242_

1   In addition to the foregoing general objections, which are incorporated herein
2   by reference, Defendant objects to this Request on the grounds that it is vague,
3   ambiguous and unintelligible.  In particular, the terms "created," "deposit" and "doll"
4   in this context are vague and ambiguous.  Defendant objects to this Request on the
5   grounds that it calls for the disclosure of information subject to the attorney-client
6   privilege, the work product doctrine and other applicable privileges.  Defendant
7   further objects to this Request as vague and ambiguous, including without limitation
8   that the Request does not provide an applicable time frame.  Defendant further objects
9   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
10  Defendant also objects to this Request on the grounds that it seeks information that is
11  not in the possession, custody or control of Defendant.  Defendant further objects to
12  this Request on the grounds that it seeks confidential, proprietary, and trade secret
13  information that has no bearing on the claims or defenses on this case.  Defendant
14  further objects that this Request on the grounds that it does not seek an admission of
15  fact and instead improperly calls for a legal conclusion.

16      Subject to and without waiving the foregoing general and specific objections,
17  and subject to them, Defendant responds as follows:  Defendant has made reasonable
18  inquiry and that the information known or readily obtainable by Defendant is
19  insufficient to enable Defendant to admit or deny this Request and, on that basis
20  Defendant denies the same.

21

22  **REQUEST FOR ADMISSION NO. 123:**

23      Admit that, before THIS ACTION was filed, MGA represented to the U.S.
24  Copyright Office that the work registered as VA 1-148-305 was created in 2000.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 123:**

26      In addition to the foregoing general objections, which are incorporated herein
27  by reference, Defendant objects to this Request on the grounds that it is vague,
28  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

91.

EXHIBIT _2_ PAGE _243_

1   context are vague and ambiguous. Defendant objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the work product doctrine and other applicable privileges. Defendant further objects

4   to this Request as vague and ambiguous, including without limitation that the Request

5   does not provide an applicable time frame. Defendant further objects to this Request

6   on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

7   objects to this Request on the grounds that it seeks information that is not in the

8   possession, custody or control of Defendant. Defendant further objects to this

9   Request on the grounds that it seeks confidential, proprietary, and trade secret

10  information that has no bearing on the claims or defenses on this case.

11      Subject to and without waiving the foregoing general and specific objections,

12  and subject to them, Defendant responds as follows: Defendant has made reasonable

13  inquiry and that the information known or readily obtainable by Defendant is

14  insufficient to enable Defendant to admit or deny this Request and, on that basis

15  Defendant denies the same.

16

17  **REQUEST FOR ADMISSION NO. 124:**

18      Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright

19  Office a Form CA stating that the work registered as VA 1-148-305 was created in

20  2001.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

22      In addition to the foregoing general objections, which are incorporated herein

23  by reference, Defendant objects to this Request on the grounds that it is vague,

24  ambiguous and unintelligible. In particular, the terms "created" and "work" in this

25  context are vague and ambiguous. Defendant objects to this Request on the grounds

26  that it calls for the disclosure of information subject to the attorney-client privilege,

27  the work product doctrine and other applicable privileges. Defendant further objects

28  to this Request as vague and ambiguous, including without limitation that the Request

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

92.

EXHIBIT 2 PAGE 244

1  does not provide an applicable time frame.  Defendant further objects to this Request

2  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

3  objects to this Request on the grounds that it seeks information that is not in the

4  possession, custody or control of Defendant.  Defendant further objects to this

5  Request on the grounds that it seeks confidential, proprietary, and trade secret

6  information that has no bearing on the claims or defenses on this case.

7        Subject to and without waiving the foregoing general and specific objections,

8  and subject to them, Defendant responds as follows:  Defendant has made reasonable

9  inquiry and that the information known or readily obtainable by Defendant is

10  insufficient to enable Defendant to admit or deny this Request and, on that basis

11  Defendant denies the same.

12

13  **REQUEST FOR ADMISSION NO. 125:**

14        Admit that the work registered as VA 1-148-305 was created in 2000.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

16        In addition to the foregoing general objections, which are incorporated herein

17  by reference, Defendant objects to this Request on the grounds that it is vague,

18  ambiguous and unintelligible.  In particular, the terms "created" and "work" in this

19  context are vague and ambiguous.  Defendant objects to this Request on the grounds

20  that it calls for the disclosure of information subject to the attorney-client privilege,

21  the work product doctrine and other applicable privileges.  Defendant further objects

22  to this Request as vague and ambiguous, including without limitation that the Request

23  does not provide an applicable time frame.  Defendant further objects to this Request

24  on the grounds that it is incomprehensible, oppressive and overbroad.  Defendant also

25  objects to this Request on the grounds that it seeks information that is not in the

26  possession, custody or control of Defendant.  Defendant further objects to this

27  Request on the grounds that it seeks confidential, proprietary, and trade secret

28  information that has no bearing on the claims or defenses on this case.  Defendant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

EXHIBIT __2__ PAGE __245__

1    further objects that this Request on the grounds that it does not seek an admission of

2    fact and instead improperly calls for a legal conclusion.

3         Subject to and without waiving the foregoing general and specific objections,

4    and subject to them, Defendant responds as follows:  Defendant has made reasonable

5    inquiry and that the information known or readily obtainable by Defendant is

6    insufficient to enable Defendant to admit or deny this Request and, on that basis

7    Defendant denies the same.

8

9    **REQUEST FOR ADMISSION NO. 126:**

10        Admit that the work registered as VA 1-148-305 is a derivative work.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

12        In addition to the foregoing general objections, which are incorporated herein

13   by reference, Defendant objects to this Request on the grounds that it is vague,

14   ambiguous and unintelligible.  In particular, the terms "work" and "derivative work"

15   in this context are vague and ambiguous.  Defendant objects to this Request on the

16   grounds that it calls for the disclosure of information subject to the attorney-client

17   privilege, the work product doctrine and other applicable privileges.  Defendant

18   further objects to this Request as vague and ambiguous, including without limitation

19   that the Request does not provide an applicable time frame.  Defendant further objects

20   to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

21   Defendant also objects to this Request on the grounds that it seeks information that is

22   not in the possession, custody or control of Defendant.  Defendant further objects to

23   this Request on the grounds that it seeks confidential, proprietary, and trade secret

24   information that has no bearing on the claims or defenses on this case.  Defendant

25   further objects that this Request on the grounds that it does not seek an admission of

26   fact and instead improperly calls for a legal conclusion.

27        Subject to and without waiving the foregoing general and specific objections,

28   and subject to them, Defendant responds as follows:  Defendant has made reasonable

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

94.

EXHIBIT 2 PAGE 246

1   inquiry and that the information known or readily obtainable by Defendant is

2   insufficient to enable Defendant to admit or deny this Request and, on that basis

3   Defendant denies the same.

4

5   **REQUEST FOR ADMISSION NO. 127:**

6       Admit that the work registered as VA 1-148-305 is derivative of BRYANT

7   00278 and BRYANT 01071.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

9       In addition to the foregoing general objections, which are incorporated herein

10  by reference, Defendant objects to this Request on the grounds that it is vague,

11  ambiguous and unintelligible. In particular, the terms "work" and "derivative" in this

12  context are vague and ambiguous. Defendant objects to this Request on the grounds

13  that it calls for the disclosure of information subject to the attorney-client privilege,

14  the work product doctrine and other applicable privileges. Defendant further objects

15  to this Request as vague and ambiguous, including without limitation that the Request

16  does not provide an applicable time frame. Defendant further objects to this Request

17  on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also

18  objects to this Request on the grounds that it seeks information that is not in the

19  possession, custody or control of Defendant. Defendant objects to this Request as

20  compound in seeking information regarding "BRYANT 00278 and BRYANT

21  01071" and is, in reality, not one but many Requests. Defendant further objects

22  to this Request on the grounds that it seeks confidential, proprietary, and trade secret

23  information that has no bearing on the claims or defenses on this case. Defendant

24  further objects that this Request on the grounds that it does not seek an admission of

25  fact and instead improperly calls for a legal conclusion.

26      Subject to and without waiving the foregoing general and specific objections,

27  and subject to them, Defendant responds as follows: Defendant has made reasonable

28  inquiry and that the information known or readily obtainable by Defendant is

EXHIBIT __2__ PAGE __247__

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

1    insufficient to enable Defendant to admit or deny this Request and, on that basis

2    Defendant denies the same.

3

4    **REQUEST FOR ADMISSION NO. 128:**

5    Admit that MGA represented to the U.S. Copyright Office that the work

6    registered as VA 1-340-165 is a derivative of the works registered as VA 1-218-487,

7    VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-

8    301-528, VA 1-301-531 and VA 1-301-532.

9    **RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

10    In addition to the foregoing general objections, which are incorporated herein

11    by reference, Defendant objects to this Request on the grounds that it is vague,

12    ambiguous and unintelligible. In particular, the terms "work," "derivative" and

13    "works" in this context are vague and ambiguous. Defendant objects to this Request

14    on the grounds that it calls for the disclosure of information subject to the attorney-

15    client privilege, the work product doctrine and other applicable privileges. Defendant

16    further objects to this Request as vague and ambiguous, including without limitation

17    that the Request does not provide an applicable time frame. Defendant further objects

18    to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

19    Defendant also objects to this Request on the grounds that it seeks information that is

20    not in the possession, custody or control of Defendant. Defendant objects to this

21    Request as compound in seeking information regarding "works registered as VA 1-

22    218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

23    301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

24    not one but many Requests. Defendant further objects to this Request on the

25    grounds that it seeks confidential, proprietary, and trade secret information that has no

26    bearing on the claims or defenses on this case. Defendant further objects that this

27    Request on the grounds that it does not seek an admission of fact and instead

28    improperly calls for a legal conclusion. Defendant also objects to this Request on the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

EXHIBIT __2__ PAGE __248__

1  grounds that it seeks information that may be the subject of expert witness analysis

2  and testimony and is premature.

3      Subject to and without waiving the foregoing general and specific objections,

4  and subject to them, Defendant responds as follows:  Defendant has made reasonable

5  inquiry and that the information known or readily obtainable by Defendant is

6  insufficient to enable Defendant to admit or deny this Request and, on that basis

7  Defendant denies the same.

8

9  **REQUEST FOR ADMISSION NO. 129:**

10      Admit that the work registered as VA 1-340-165 is a derivative of the

11  works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-

12  490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-

13  301-532.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

15      In addition to the foregoing general objections, which are incorporated herein

16  by reference, Defendant objects to this Request on the grounds that it is vague,

17  ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

18  "works" in this context are vague and ambiguous.  Defendant objects to this Request

19  on the grounds that it calls for the disclosure of information subject to the attorney-

20  client privilege, the work product doctrine and other applicable privileges.  Defendant

21  further objects to this Request as vague and ambiguous, including without limitation

22  that the Request does not provide an applicable time frame.  Defendant further objects

23  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

24  Defendant also objects to this Request on the grounds that it seeks information that is

25  not in the possession, custody or control of Defendant.  Defendant objects to this

26  Request as compound in seeking information regarding "works registered as VA 1-

27  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

28  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

EXHIBIT _2_ PAGE _249_

1  not one but many Requests.  Defendant further objects to this Request on the

2  grounds that it seeks confidential, proprietary, and trade secret information that has no

3  bearing on the claims or defenses on this case.  Defendant further objects that this

4  Request on the grounds that it does not seek an admission of fact and instead

5  improperly calls for a legal conclusion.  Defendant also objects to this Request on the

6  grounds that it seeks information that may be the subject of expert witness analysis

7  and testimony and is premature.

8      Subject to and without waiving the foregoing general and specific objections,

9  and subject to them, Defendant responds as follows:  Defendant has made reasonable

10  inquiry and that the information known or readily obtainable by Defendant is

11  insufficient to enable Defendant to admit or deny this Request and, on that basis

12  Defendant denies the same.

13

14  **REQUEST FOR ADMISSION NO. 130:**

15      Admit that MGA represented to the U.S. Copyright Office that the work

16  registered as VA 1-340-167 is a derivative of the works registered as VA 1-218-

17  487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-

18  530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

20      In addition to the foregoing general objections, which are incorporated herein

21  by reference, Defendant objects to this Request on the grounds that it is vague,

22  ambiguous and unintelligible.  In particular, the terms "work," "derivative" and

23  "works" in this context are vague and ambiguous.  Defendant objects to this Request

24  on the grounds that it calls for the disclosure of information subject to the attorney-

25  client privilege, the work product doctrine and other applicable privileges.  Defendant

26  further objects to this Request as vague and ambiguous, including without limitation

27  that the Request does not provide an applicable time frame.  Defendant further objects

28  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

98.

EXHIBIT _2_ PAGE 250

1   Defendant also objects to this Request on the grounds that it seeks information that is
2   not in the possession, custody or control of Defendant.  Defendant objects to this
3   Request as compound in seeking information regarding "works registered as VA
4   1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA
5   1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in
6   reality, not one but many Requests.  Defendant further objects to this Request on
7   the grounds that it seeks confidential, proprietary, and trade secret information that has
8   no bearing on the claims or defenses on this case.  Defendant further objects that this
9   Request on the grounds that it does not seek an admission of fact and instead
10  improperly calls for a legal conclusion.  Defendant also objects to this Request on the
11  grounds that it seeks information that may be the subject of expert witness analysis
12  and testimony and is premature.
13       Subject to and without waiving the foregoing general and specific objections,
14  and subject to them, Defendant responds as follows:  Defendant has made reasonable
15  inquiry and that the information known or readily obtainable by Defendant is
16  insufficient to enable Defendant to admit or deny this Request and, on that basis
17  Defendant denies the same.
18
19  **REQUEST FOR ADMISSION NO. 131:**
20       Admit that the work registered as VA 1-340-167 is a derivative of the
21  works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-
22  490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-
23  301-532.
24  **RESPONSE TO REQUEST FOR ADMISSION NO. 131:**
25       In addition to the foregoing general objections, which are incorporated herein
26  by reference, Defendant objects to this Request on the grounds that it is vague,
27  ambiguous and unintelligible.  In particular, the terms "work," "derivative" and
28  "works" in this context are vague and ambiguous.  Defendant objects to this Request

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

EXHIBIT __2__ PAGE 25/