on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant objects to this Request as compound in seeking information regarding "works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality, not one but many Requests. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case. Defendant also objects to this Request on the grounds that it seeks information that may be the subject of expert witness analysis and testimony and is premature.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 132:**

Admit that MGA represented to the U.S. Copyright Office that the work registered as VA 1-340-168 is a derivative of the works registered as VA 1218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

In addition to the foregoing general objections, which are incorporated herein

1  by reference, Defendant objects to this Request on the grounds that it is vague,
2  ambiguous and unintelligible. In particular, the terms "work," "derivative" and
3  "works" in this context are vague and ambiguous. Defendant objects to this Request
4  on the grounds that it calls for the disclosure of information subject to the attorney-
5  client privilege, the work product doctrine and other applicable privileges. Defendant
6  further objects to this Request as vague and ambiguous, including without limitation
7  that the Request does not provide an applicable time frame. Defendant further objects
8  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
9  Defendant also objects to this Request on the grounds that it seeks information that is
10 not in the possession, custody or control of Defendant. Defendant objects to this
11 Request as compound in seeking information regarding "works registered as VA 1-
12 218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-
13 301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,
14 not one but many Requests. Defendant further objects to this Request on the
15 grounds that it seeks confidential, proprietary, and trade secret information that has no
16 bearing on the claims or defenses on this case. Defendant further objects that this
17 Request on the grounds that it does not seek an admission of fact and instead
18 improperly calls for a legal conclusion. Defendant also objects to this Request on the
19 grounds that it seeks information that may be the subject of expert witness analysis
20 and testimony and is premature.
21     Subject to and without waiving the foregoing general and specific objections,
22 and subject to them, Defendant responds as follows: Defendant has made reasonable
23 inquiry and that the information known or readily obtainable by Defendant is
24 insufficient to enable Defendant to admit or deny this Request and, on that basis
25 Defendant denies the same.
26
27 **REQUEST FOR ADMISSION NO. 133:**
28     Admit that the work registered as VA 1-340-168 is a derivative of the

1  works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-
2  490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-
3  301-532.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

5  In addition to the foregoing general objections, which are incorporated herein
6  by reference, Defendant objects to this Request on the grounds that it is vague,
7  ambiguous and unintelligible. In particular, the terms "work," "derivative" and
8  "works" in this context are vague and ambiguous. Defendant objects to this Request
9  on the grounds that it calls for the disclosure of information subject to the attorney-
10 client privilege, the work product doctrine and other applicable privileges. Defendant
11 further objects to this Request as vague and ambiguous, including without limitation
12 that the Request does not provide an applicable time frame. Defendant further objects
13 to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
14 Defendant also objects to this Request on the grounds that it seeks information that is
15 not in the possession, custody or control of Defendant. Defendant objects to this
16 Request as compound in seeking information regarding "works registered as VA 1-
17 218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-
18 301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,
19 not one but many Requests. Defendant further objects to this Request on the
20 grounds that it seeks confidential, proprietary, and trade secret information that has no
21 bearing on the claims or defenses on this case. Defendant further objects that this
22 Request on the grounds that it does not seek an admission of fact and instead
23 improperly calls for a legal conclusion. Defendant also objects to this Request on the
24 grounds that it seeks information that may be the subject of expert witness analysis
25 and testimony and is premature.

26 Subject to and without waiving the foregoing general and specific objections,
27 and subject to them, Defendant responds as follows: Defendant has made reasonable
28 inquiry and that the information known or readily obtainable by Defendant is

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

102.

EXHIBIT 2 PAGE 354

1  insufficient to enable Defendant to admit or deny this Request and, on that basis
2  Defendant denies the same.
3
4  **REQUEST FOR ADMISSION NO. 134:**
5  Admit that MGA represented to the U.S. Copyright Office that the work
6  registered as VA 1-340-169 is a derivative of the works registered as VA 1-
7  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-
8  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.
9  **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**
10 In addition to the foregoing general objections, which are incorporated herein
11 by reference, Defendant objects to this Request on the grounds that it is vague,
12 ambiguous and unintelligible. In particular, the terms "work," "derivative" and
13 "works" in this context are vague and ambiguous. Defendant objects to this Request
14 on the grounds that it calls for the disclosure of information subject to the attorney-
15 client privilege, the work product doctrine and other applicable privileges. Defendant
16 further objects to this Request as vague and ambiguous, including without limitation
17 that the Request does not provide an applicable time frame. Defendant further objects
18 to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
19 Defendant also objects to this Request on the grounds that it seeks information that is
20 not in the possession, custody or control of Defendant. Defendant objects to this
21 Request as compound in seeking information regarding "works registered as VA 1-
22 218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-
23 301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,
24 not one but many Requests. Defendant further objects to this Request on the
25 grounds that it seeks confidential, proprietary, and trade secret information that has no
26 bearing on the claims or defenses on this case. Defendant also objects to this
27 Request on the grounds that it seeks information that may be the subject of expert
28 witness analysis and testimony and is premature.

103.

EXHIBIT 2 PAGE 255

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 135:**

Admit that the work registered as VA 1-340-169 is a derivative of the works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "work," "derivative" and "works" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant objects to this Request as compound in seeking information regarding "works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality, not one but many Requests. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no

bearing on the claims or defenses on this case. Defendant further objects that this Request on the grounds that it does not seek an admission of fact and instead improperly calls for a legal conclusion. Defendant also objects to this Request on the grounds that it seeks information that may be the subject of expert witness analysis and testimony and is premature.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 136:**

Admit that MGA represented to the U.S. Copyright Office that the work registered as VA 1-340-170 is a derivative of the works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "work," "derivative" and "works" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant objects to this

105.

EXHIBIT 2 PAGE 257

1  Request as compound in seeking information regarding "works registered as VA 1-
2  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-
3  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,
4  not one but many Requests. Defendant further objects to this Request on the
5  grounds that it seeks confidential, proprietary, and trade secret information that has no
6  bearing on the claims or defenses on this case. Defendant further objects that this
7  Request on the grounds that it does not seek an admission of fact and instead
8  improperly calls for a legal conclusion. Defendant also objects to this Request on the
9  grounds that it seeks information that may be the subject of expert witness analysis
10 and testimony and is premature.
11     Subject to and without waiving the foregoing general and specific objections,
12 and subject to them, Defendant responds as follows: Defendant has made reasonable
13 inquiry and that the information known or readily obtainable by Defendant is
14 insufficient to enable Defendant to admit or deny this Request and, on that basis
15 Defendant denies the same.
16
17 **REQUEST FOR ADMISSION NO. 137:**
18     Admit that the work registered as VA 1-340-170 is a derivative of the
19 works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-
20 490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-
21 532.
22 **RESPONSE TO REQUEST FOR ADMISSION NO. 137:**
23     In addition to the foregoing general objections, which are incorporated herein
24 by reference, Defendant objects to this Request on the grounds that it is vague,
25 ambiguous and unintelligible. In particular, the terms "work," "derivative" and
26 "works" in this context are vague and ambiguous. Defendant objects to this Request
27 on the grounds that it calls for the disclosure of information subject to the attorney-
28 client privilege, the work product doctrine and other applicable privileges. Defendant

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

106.
EXHIBIT 2 PAGE 258

further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant objects to this Request as compound in seeking information regarding "works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality, not one but many Requests. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case. Defendant objects to this Request on the grounds that it does not seek an admission of fact and instead calls for a legal conclusion. Defendant also objects to this Request on the grounds that it seeks information that may be the subject of expert witness analysis and testimony and is premature.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 138:**

Admit that MGA represented to the U.S. Copyright Office that the work registered as VA 1-334-487 is a derivative of the works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

In addition to the foregoing general objections, which are incorporated herein

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

107.

EXHIBIT 2 PAGE 259

by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "work," "derivative" and "works" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant objects to this Request as compound in seeking information regarding "works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality, not one but many Requests. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case. Defendant objects to this Request on the grounds that it does not seek an admission of fact and instead calls for a legal conclusion. Defendant also objects to this Request on the grounds that it seeks information that may be the subject of expert witness analysis and testimony and is premature.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

108.

EXHIBIT 2 PAGE 260

**REQUEST FOR ADMISSION NO. 139:**

Admit that the work registered as VA 1-334-487 is a derivative of the works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "work," "derivative" and "works" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant objects to this Request as compound in seeking information regarding "works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality, not one but many Requests. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case. Defendant objects to this Request on the grounds that it does not seek an admission of fact and instead calls for a legal conclusion. Defendant also objects to this Request on the grounds that it seeks information that may be the subject of expert witness analysis and testimony and is premature.

Subject to and without waiving the foregoing general and specific objections,

109.

EXHIBIT 2 PAGE 261

1  and subject to them, Defendant responds as follows: Defendant has made reasonable
2  inquiry and that the information known or readily obtainable by Defendant is
3  insufficient to enable Defendant to admit or deny this Request and, on that basis
4  Defendant denies the same.
5
6  **REQUEST FOR ADMISSION NO. 140:**
7       Admit that MGA represented to the U.S. Copyright Office that the work
8  registered as VA 1-334-488 is a derivative of the works registered as VA 1-
9  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-
10  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.
11  **RESPONSE TO REQUEST FOR ADMISSION NO. 140:**
12       In addition to the foregoing general objections, which are incorporated herein
13  by reference, Defendant objects to this Request on the grounds that it is vague,
14  ambiguous and unintelligible. In particular, the terms "work," "derivative" and
15  "works" in this context are vague and ambiguous. Defendant objects to this Request
16  on the grounds that it calls for the disclosure of information subject to the attorney-
17  client privilege, the work product doctrine and other applicable privileges. Defendant
18  further objects to this Request as vague and ambiguous, including without limitation
19  that the Request does not provide an applicable time frame. Defendant further objects
20  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
21  Defendant also objects to this Request on the grounds that it seeks information that is
22  not in the possession, custody or control of Defendant. Defendant objects to this
23  Request as compound in seeking information regarding "works registered as VA 1-
24  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-
25  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,
26  not one but many Requests. Defendant further objects to this Request on the
27  grounds that it seeks confidential, proprietary, and trade secret information that has no
28  bearing on the claims or defenses on this case. Defendant objects to this Request on

110.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

EXHIBIT 2 PAGE 262

the grounds that it does not seek an admission of fact and instead calls for a legal conclusion. Defendant also objects to this Request on the grounds that it seeks information that may be the subject of expert witness analysis and testimony and is premature.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 141:**

Admit that the work registered as VA 1-334-488 is a derivative of the works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "work," "derivative" and "works" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Defendant further objects to this Request as vague and ambiguous, including without limitation that the Request does not provide an applicable time frame. Defendant further objects to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant objects to this Request as compound in seeking information regarding "works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-

111.

EXHIBIT 2 PAGE 263

1  301-530, VA 1-301-528, VA 1-301-531 and VA 1-301-532" and is, in reality,
2  not one but many Requests. Defendant further objects to this Request on the
3  grounds that it seeks confidential, proprietary, and trade secret information that has no
4  bearing on the claims or defenses on this case. Defendant objects to this Request on
5  the grounds that it does not seek an admission of fact and instead calls for a legal
6  conclusion. Defendant also objects to this Request on the grounds that it seeks
7  information that may be the subject of expert witness analysis and testimony and is
8  premature.
9      Subject to and without waiving the foregoing general and specific objections,
10 and subject to them, Defendant responds as follows: Defendant has made reasonable
11 inquiry and that the information known or readily obtainable by Defendant is
12 insufficient to enable Defendant to admit or deny this Request and, on that basis
13 Defendant denies the same.
14
15 **REQUEST FOR ADMISSION NO. 142:**
16     Admit that MGA represented to the U. S. Copyright Office that the work
17 registered as VA 1-233-273 is a derivative of the works registered as VA 1218-487,
18 VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090287, VA 1-
19 090-288, VA 1-090-289 and VA 1-090-290.
20 **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**
21     In addition to the foregoing general objections, which are incorporated herein
22 by reference, Defendant objects to this Request on the grounds that it is vague,
23 ambiguous and unintelligible. In particular, the terms "work," "derivative" and
24 "works" in this context are vague and ambiguous. Defendant objects to this Request
25 on the grounds that it calls for the disclosure of information subject to the attorney-
26 client privilege, the work product doctrine and other applicable privileges. Defendant
27 further objects to this Request as vague and ambiguous, including without limitation
28 that the Request does not provide an applicable time frame. Defendant further objects

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

112.    EXHIBIT 2 PAGE 264

to this Request on the grounds that it is incomprehensible, oppressive and overbroad. Defendant also objects to this Request on the grounds that it seeks information that is not in the possession, custody or control of Defendant. Defendant objects to this Request as compound in seeking information regarding "works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090-287, VA 1-090-288, VA 1-090-289 and VA 1-090-290" and is, in reality, not one but many Requests. Defendant further objects to this Request on the grounds that it seeks confidential, proprietary, and trade secret information that has no bearing on the claims or defenses on this case. Defendant objects to this Request on the grounds that it does not seek an admission of fact and instead calls for a legal conclusion. Defendant also objects to this Request on the grounds that it seeks information that may be the subject of expert witness analysis and testimony and is premature.

Subject to and without waiving the foregoing general and specific objections, and subject to them, Defendant responds as follows: Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request and, on that basis Defendant denies the same.

**REQUEST FOR ADMISSION NO. 143:**

Admit that the work registered as VA 1-233-273 is a derivative of the works registered as VA 1-218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090-287, VA 1-090-288, VA 1-090-289 and VA 1-090-290.

**RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

In addition to the foregoing general objections, which are incorporated herein by reference, Defendant objects to this Request on the grounds that it is vague, ambiguous and unintelligible. In particular, the terms "work," "derivative" and "works" in this context are vague and ambiguous. Defendant objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-

113.

EXHIBIT 2 PAGE 265

1  client privilege, the work product doctrine and other applicable privileges. Defendant
2  further objects to this Request as vague and ambiguous, including without limitation
3  that the Request does not provide an applicable time frame. Defendant further objects
4  to this Request on the grounds that it is incomprehensible, oppressive and overbroad.
5  Defendant also objects to this Request on the grounds that it seeks information that is
6  not in the possession, custody or control of Defendant. Defendant objects to this
7  Request as compound in seeking information regarding "works registered as VA 1-
8  218-487, VA 1-218-488, VA 1-218-489, VA 1-218-490, VA 1-218-491, VA 1-090-
9  287, VA 1-090-288, VA 1-090-289 and VA 1-090-290" and is, in reality, not one
10 but many Requests. Defendant further objects to this Request on the grounds that it
11 seeks confidential, proprietary, and trade secret information that has no bearing on the
12 claims or defenses on this case. Defendant objects to this Request on the grounds that
13 it does not seek an admission of fact and instead calls for a legal conclusion.
14 Defendant also objects to this Request on the grounds that it seeks information that
15 may be the subject of expert witness analysis and testimony and is premature.

16   Subject to and without waiving the foregoing general and specific objections,
17 and subject to them, Defendant responds as follows: Defendant has made reasonable
18 inquiry and that the information known or readily obtainable by Defendant is
19 insufficient to enable Defendant to admit or deny this Request and, on that basis
20 Defendant denies the same.

Dated: March 30, 2007

*[signature: Douglas Wickham]*
DOUGLAS A. WICKHAM
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant CARTER BRYANT

Firmwide:82220848.6 028307.1010

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

114.   EXHIBIT 2  PAGE 266

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

On March 30, 2007, I served the within document(s):

CARTER BRYANT's RESPONSES TO MATTEL's THIRD SET OF REQUESTS FOR ADMISSION

☐ This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personal service I caused such envelope to be delivered to **CORPORATE LEGAL SERVICES** for delivery to the address below.

EXHIBIT 2 PAGE 267

Firmwide:81814051.2 028307.1010

1.

PROOF OF SERVICE

Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Fax: (213) 443-3100
E-MAIL: michaelzeller@quinnemanuel.com;
dylanproctor@quinnemanuel.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 30, 2007, at Los Angeles, California.

_____
Maria Lozano

EXHIBIT 2 PAGE 268

Firmwide:81814051.2 028307.1010       2.

PROOF OF SERVICE

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, CA 90067.

On March 30, 2007, I served the within document(s):

**CARTER BRYANT's RESPONSES TO MATTEL's THIRD SET OF REQUESTS FOR ADMISSION**

☐ This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personal service I caused such envelope to be delivered to **CORPORATE LEGAL SERVICES** for delivery to the address below.

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs,
Weil & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
Fax : (310) 556-2920

Diana M. Torres, Esq.
James Jenal, Esq.
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071
Fax: (213) 430-6407

EXHIBIT 2 PAGE 269

Firmwide:81814051.2 028307.1010

3.

PROOF OF SERVICE

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 30, 2007, at Los Angeles, California.

*Maria Lozano*

EXHIBIT 2 PAGE 270

Firmwide:81814051.2 028307.1010

4.

PROOF OF SERVICE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308