# EXHIBIT 3

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:** April 25, 2007 **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| ***Douglas Wickham, Esq.*** Littler Mendelson | 310.553.0308 | 310.553.5583 |
| | | |

**FROM:** Michael T. Zeller

**RE:** *Mattel, Inc. adv. MGA Entertainment, Inc., et al.*

**MESSAGE:**

FAXED
EXHIBIT 3 PAGE 271

07975/1898741.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Mia Albert/3d Floor | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | WM | CONFIRMED? | ☐ NO ☐ YES: ______ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

## Confirmation Report – Memory Send

Page : 001
Date & Time: 04-25-2007 05:48pm
Line 1 : 2134433100
Line 2 :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 194 |
| Date | : | 04-25 05:41pm |
| To | : | ☎9414#07209#13105535583 |
| Number of pages | : | 008 |
| Start time | : | 04-25 05:41pm |
| End time | : | 04-25 05:48pm |
| Pages sent | : | 008 |
| Status | : | OK |

Job number : 194 *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** April 25, 2007 **NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Douglas Wickham, Esq.* Littler Mendelson | 310.553.0308 | 310.553.5583 |

**FROM:** Michael T. Zeller

**RE:** *Mattel, Inc. adv. MGA Entertainment, Inc., et al.*

**MESSAGE:**

EXHIBIT 3 PAGE 272

07975/1698741.1

CLIENT # 7209 ROUTE/RETURN TO: Mia Albert/3d Floor ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT

OPERATOR: wm CONFIRMED? ☐ No ☐ YES: ____________

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

April 25, 2007

VIA FACSIMILE AND U.S. MAIL

Douglas A. Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA 90067

Re: Mattel, Inc. v. MGA Entertainment, Inc.

Dear Doug:

I write pursuant to section 5 of the Discovery Master Stipulation to request that Bryant meet and confer regarding (a) the many deficiencies in Carter Byrant's Responses to Mattel, Inc.'s Third Set of Requests for Admission to MGA Entertainment, Inc. (the "RFAs") and (b) Bryant's compliance with his discovery obligations in connection with Mattel's documents requests as well as Judge Infante's January 2007 Order compelling Bryant to produce documents.

**The terms "BRATZ" and "BRATZ WORK".**

Many of Mattel's RFAs include the defined terms "BRATZ" and "BRATZ WORK." For example, Request Nos. 36-44 and 46-49 seek information about meetings regarding, work performed on and designs created for BRATZ during various time periods. Bryant denies each of these requests on the purported grounds that "no such doll existed" during stated time period. In responding to these requests, Bryant has improperly restricted the term BRATZ to require that a physical doll then be in existence. There is nothing about this term that requires the

EXHIBIT 3 PAGE 273

quinn emanuel urquhart oliver & hedges, llp
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

contemporaneous existence of a physical doll, and it cannot fairly be read to include such a limitation. Bryant's unilaterally imposed restriction on this term is improper and his responses to the requests using this term are completely inadequate. We expect Bryant to amend his answers without this limitation and to conform his responses to the plain language of the defined terms.

Furthermore, given Bryant's revelation of this unreasonable interpretation, Mattel is concerned that Bryant has employed similar undisclosed and improper restrictions in responding to other discovery requests that incorporate these and similar terms, including in responding to discovery requests that are the subject of Judge Infante's Order. Please be prepared to confirm at the meet and confer that Bryant has not imposed this or similar limitations on his production of documents that Judge Infante ordered or on any prior Mattel discovery requests previously served by Mattel that include the terms BRATZ, BRATZ WORK or any other term that includes the word "Bratz."

Request Nos. 1-29.

Bryant objects to these requests on the grounds that they call for "the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. We fail to see how these requests call for information subject to any privilege or the work product doctrine. Please be prepared to discuss the basis for and whether Bryant's responses are based on this objection. Also, please be prepared to discuss the "reasonable inquiry" Bryant claims to have made in responding to these requests.

Request Nos. 30-32.

Bryant's objection to Request Nos. 30 and 31 on the grounds that the term "contract" is vague and ambiguous has no merit. Bryant also objects to these requests on the grounds that each of them "does not seek an admission of fact and improperly calls for a legal conclusion." This objection is also improper. Rule 36 specifically provides that "[a] party may serve upon any other party a written request for admission . . . of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or the application of law to fact. Thus, under the law, requests for admission "are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case. Requests to admit pure conclusions of law unrelated to facts in the case are objectionable." E.g., Ransom v. U.S., 8 Cl. Ct. 646, 647 (1985). Accord Treister v. PNC Bank, 2007 WL 521935, at *2 (S.D. Fla. 2007) (rejecting such objections as "without merit."); Miller v. Holzmann, --- F.R.D. ---, 2006 WL 3082359, at *3-4 (D.D.C. 2006); First Options of Chicago, Inc. v. Wallenstein, 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996) ("Requests for admission ... are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case.'") (quoting Audiotext Communications Network, Inc. v. U.S. Telecom, Inc., 1995 WL 625744, at *6 (D. Kan. Oct. 5, 1995)). These requests do not ask for admissions of "pure conclusions of law unrelated to facts in the case," and Bryant's objection on this score is groundless. Further, we fail to see how these requests call "for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges."

Bryant's response to each of these requests -- that the attached Exhibit "appears to be a copy" of the referenced document -- does not properly address the substance of the request as required by Rule 36. Mattel is entitled to an unqualified admission or a response that otherwise meets the requirements of Rule 36. Bryant further qualified his Request No. 31, which asks Bryant to admit that Exhibit 31 is a true and correct copy of "a contract between YOU and Mattel, Inc. that YOU executed on or about January 4, 1999." Bryant states that Exhibit 31 "appears to be a copy of a document that Bryant signed on or about January 4, 1999." Please be prepared to discuss whether Bryant's response to this request is limited in any way by any of the asserted objections.

**Request Nos. 33 and 34.**

Bryant's refusal to respond to these requests is inappropriate. The terms "contract," "valid" and "enforceable" are not vague and ambiguous and the objection that the requests improperly call for a legal conclusion has no merit for the reasons already discussed above. Further, we fail to see how the requests call "for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges." Nor can Bryant seriously dispute that the information sought is relevant to the claims or defenses in this lawsuit.

**Request Nos. 36-44 and 46-49.**

These requests seek information about meetings regarding, work performed on and designs created for Bratz during various time periods. Bryant denies each of these requests on the purported grounds that "no such doll existed" during stated time period. As discussed above, Bryant's unilaterally imposed restriction on this term as requiring the existence of a physical doll at the particular time is improper and his responses to the requests using this term are completely inadequate.

Bryant's objection to terms "attended," "aware," "meeting," "during the time" and "at a time" on the grounds that they are vague and ambiguous are frivolous. Moreover, the requests are clearly relevant and in no way call "for the disclosure of information that is subject to the attorney-client privilege, the work product doctrine and other applicable privileges." Bryant's objection to Request Nos. 36-41 on the grounds that they are "incomprehensible, oppressive, overbroad and unduly burdensome" because they "require Defendant to determine the timing of his meeting(s) with Mr. Larian" is groundless. So too is Bryant's objection to Request Nos. 38-41 and 44 on the grounds that they are vague and ambiguous because they do not "provide an applicable time frame." The applicable time period for each of these requests is "the time period that [Bryant was] employed by Mattel."

Bryant's vague reference to "things described in his deposition" in response to a number of these requests is also improper.

**Request Nos. 45 and 62-65.**

Bryant's objection to these requests on the grounds that the terms "BRATZ," "aware," "during the time," created," "design" and "work" are vague and ambiguous has no merit. Please be prepared to discuss in what respect you contend these terms are vague and ambiguous, the basis for your claim that the requests call for information protected by the attorney-client privilege, the work product doctrine and other applicable privileges and whether Bryant based his response to

these requests on these objections. In particular, we are concerned that Bryant has imposed the same improper restriction on the term "BRATZ" here that he did in responding to the requests discussed above. Please be prepared to discuss this during our conference.

**Request Nos. 50-55 and 60-61.**

These requests seek information regarding the creation of BRATZ WORKS and designs for BRATZ during various time periods. Bryant's objection that these requests call for "information subject to the attorney-client privilege, work product doctrine and other applicable privileges" is groundless. So too is Bryant's objection to Request Nos. 54-55 and 60-61, which reference the time during which Bryant was employed by Mattel, on the grounds that they are vague and ambiguous because they do not "provide an applicable time frame" for the reasons stated above. Further, we fail to see how Request Nos. 60 and 61 seek "information that is not in the possession, custody or control of Defendant." Bryant's objection to these requests on the grounds that the terms "BRATZ WORK," "BRATZ," "created" and "during the time" are vague and ambiguous also has no merit. In particular, we are concerned that Bryant here again has placed improper restrictions on the terms "BRATZ" and "BRATZ WORK" in responding to these requests. Bryant's vague reference to "things described in his deposition" in response to these requests is also improper.

**Request Nos. 56-59.**

Bryant's objection to these requests on the grounds that the terms "BRATZ WORK," "during the time," "aware" and "created" are vague and ambiguous has no merit. So too is the objection that the requests are vague and ambiguous because they do not "provide an applicable time frame" for the reasons stated above. Please be prepared to discuss in what respect you contend these terms are vague and ambiguous, whether you contend that Mr. Bryant does not know the time periods he was employed by Mattel, the basis for your claim that the requests call for information protected by the attorney-client privilege, the work product doctrine and other applicable privileges and whether Bryant denied or otherwise qualified his response to these requests based on these objections. Furthermore, please be prepared to inform us at the meet and confer whether Bryant has placed improper restrictions on the term "BRATZ WORK" in responding to these requests.

**Request Nos. 66-77.**

Bryant's objection to these requests on the grounds that the terms "BRATZ," "payment" and work" are vague and ambiguous has no merit. Likewise, Bryant's objection to Request Nos. 68-77 on the grounds that they are vague and ambiguous because they do not "provide an applicable time frame" has no merit for the reasons already stated. Further, we fail to see how these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges" or "information that is not in the possession, custody or control of Defendant." Please be prepared to discuss the basis for and whether Bryant based his response to these requests on these objections. In particular, please be prepared to discuss whether Bryant has denied those requests that include the term "BRATZ" based on a claim that "no such doll existed" during the requested time period.

**Request Nos. 78-79.**

Bryant's objection to these requests on the grounds that the terms "contract," "during the time," product design services" and "top priority basis" are vague and ambiguous has no merit. Indeed, some these terms are used in the agreement Bryant admits signing. Likewise, Bryant's objections on the grounds that the requests "improperly call for a legal conclusion" and are vague and ambiguous because they do not "provide an applicable time frame" have no merit for the reasons stated above. Further, the subject of the requested admission is clearly relevant, and there appears to be no basis for the objection that these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges" or are "incomprehensible, oppressive, overbroad and unduly burdensome." Moreover, the protective order in this case adequately addresses any legitimate claim that the requests seek "confidential, proprietary and trade secret information," as the Discovery Master has already held in compelling Bryant to produce documents. Please be prepared to discuss the basis for and whether Bryant based his response to these requests on these objections.

**Request Nos. 80-82.**

Bryant's objection to these requests on the grounds that the terms "BRATZ," "press release," press report" and "publication" are vague and ambiguous has no merit. Likewise, Bryant's objection on the grounds that the requests are vague and ambiguous because they do not "provide an applicable time frame" is simply inaccurate. Further, we fail to see how these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges" or are "incomprehensible, oppressive, overbroad and unduly burdensome." Please be prepared to discuss the basis for and whether Bryant based his response to these requests on these objections. Furthermore, we are concerned that Bryant has imposed the same improper restriction on the term "BRATZ" here that he did in responding to the requests discussed above. Please be prepared to discuss this during our conference as well.

**Request Nos. 83-86 and 91-94.**

Bryant's objection to these requests on the grounds that the terms "agreement" and "any version thereof" are vague and ambiguous has no merit. Likewise, Bryant's objection on the grounds that the requests are vague and ambiguous because they do not "provide an applicable time frame" is nonsensical. Further, the subject of the requested admission is clearly relevant and we fail to see how these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges," are "incomprehensible, oppressive, overbroad and unduly burdensome" or are compound. In addition, Bryant's "trade secret" objection has no merit and, in any event, any legitimate confidentiality concern is adequately addressed by the protective order in place in this case. Please be prepared to discuss the basis for and whether Bryant based his response to these requests on these objections.

**Request Nos. 87-90 and 95-98.**

Bryant's objection to these requests on the grounds that the terms "agreement" and "any version thereof" are vague and ambiguous has no merit. Likewise, Bryant's objection on the grounds that the requests are vague and ambiguous because they do not "provide an applicable time frame" is

not well-founded. Further, the subject of the requested admission is clearly relevant and we fail to see how these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges" or are "incomprehensible, oppressive, overbroad and unduly burdensome." We also fail to see how Request Nos. 87-90 call for "information that is not in the possession, custody or control of Defendant" and, in any event, Bryant is still obligated to respond in accordance with Rule 36. In addition, Bryant's "trade secret" objection has no merit and, in any event, any legitimate confidentiality concern is adequately addressed by the protective order in place in this case.

In response to each of these requests, Bryant states that "Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request, and on that basis Defendant denies the same." Given the subject matter of the requests, we fail to see how, if Bryant had made a "reasonable inquiry," he is not in a position to admit or deny these requests. Please be prepared to discuss Bryant's purported reasonable inquiry, the basis for the asserted objections and whether Bryant based his response to these requests on those objections.

**Request Nos. 99-143.**

Bryant's objection to these requests on the grounds that terms such as "doll," "created," "work" and "derivative" are vague and ambiguous lack merit. Indeed, it is difficult to see how Bryant could assert such an objection in good faith considering that Bryant's and MGA's own discovery requests in this case are replete with such terms. Also groundless is Bryant's objection on the grounds that the requests are vague and ambiguous because they do not "provide an applicable time frame." Further, the subject of the requested admissions is clearly relevant and we fail to see how these requests "call for information subject to the attorney-client privilege, the work product doctrine or other applicable privileges" or are "incomprehensible, oppressive, and overbroad." Nor do these requests improperly call for a legal conclusion for the reasons stated above. In addition, Bryant's "trade secret" objection has no merit and, in any event, any legitimate confidentiality concern is adequately addressed by the protective order in place in this case.

In response to each of these requests, Bryant states that "Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny this Request, and on that basis Defendant denies the same." Given the subject matter of the requests, we fail to see how, if Bryant had made a "reasonable inquiry," he is not in a position to admit or deny most if not all of these requests. Please be prepared to discuss Bryant's purported reasonable inquiry, the basis for the asserted objections and whether Bryant based his response to these requests or the scope of this "reasonable inquiry" on those objections.

Unless we can resolve these issues with Bryant's responses, Mattel will seek relief that asks the Discovery Master to order either that, or each of the requests, the matter is admitted or that an amended answer be served and to impose monetary sanctions.

Likewise, unless we are able to confirm that Bryant has not limited his response to Mattel's other discovery requests based on improper restrictions on the terms "BRATZ," "BRATZ WORK" and

other terms that include the word Bratz, Mattel will seek appropriate relief from the Discovery Master, including to enforce the Order compelling Bryant to produce documents.

Please let me know when Bryant's counsel is available to meet and confer on these issues within the time required. I look forward to hearing from you.

Very truly yours,

Michael T. Zeller

07209/2102963.1

# EXHIBIT 4

RECEIVED
MAY 17 2007

LAW OFFICES
KEKER & VAN NEST
LLP
710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

CHRISTA MARTINE ANDERSON
CANDERSON@KVN.COM

May 15, 2007

**VIA FACSIMILE & U.S. MAIL**

Michael T. Zeller, Esq.
Quinn Emanuel
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017

**Re: Bryant v. Mattel, Inc. -- Case No. CV 04-09049 SGL (RNBx).**

Dear Michael:

I am writing in response to your letter dated April 25, 2007 regarding Carter Bryant's Response to Mattel, Inc.'s Third Set of Request for Admissions. We strongly disagree with your assertion that Bryant's responses contain "many deficiencies." However, in hopes of avoiding needless discovery motions, we have provided explanations regarding Bryant's responses, agreed to supplement certain responses, and have also proposed additional steps to resolve the issues you have raised.

**I. The terms "BRATZ" and "BRATZ WORK" and Requests 36-67, 70-73.**

Bryant, in good faith, applied the definition of "BRATZ" and "BRATZ WORK" provided by Mattel in its third request for admissions ("the Request"). Those definitions require the existence of a "doll or any portion thereof." Contrary to Mattel's assertions, Bryant placed no additional or improper limitations on those terms.

In order to avoid additional disputes and provide for an amicable resolution to this issue, however, Bryant is willing to meet and confer in order to develop a definition that is amenable to all parties.

**II. Requests 1-29.**

Requests 1-29 ask Bryant to admit or deny that Exhibits 1-29, attached to the Request, are "true and correct cop[ies]" of documents "MGA obtained from the U.S. Copyright Office" as of certain dates. Bryant is in no position to authenticate documents belonging to another party

and, therefore, properly denied those requests, after reasonable inquiry, based on insufficient information or knowledge to admit or deny the request.

MGA stated, in its response to Mattel's Fourth Request for Admissions, that Exhibits 1-28 appear to be copies of the original documents. As such, Bryant does not intend to challenge the authenticity of those documents.

**III. Requests 30-32.**

Bryant agrees to supplement its responses to Requests 30-32.

**IV. Requests 33 and 34.**

Requests 33 and 34 ask Bryant to conclude that the "contract" attached as Exhibit 30 "between MGA and Bryant" is "valid" and "enforceable." Bryant objected to these requests on the grounds that they call for legal conclusions. While requests for admissions may relate to the application of law to fact, They cannot be used to compel an admission of a conclusion of law." Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999). But simply sprinkling a few facts into a request for admission does not, on its own, make the request a proper application of law to fact. See Google Inc. v. American Blind & Wallpaper Factory Inc., No. C 03-5340, 2006 WL 3290402, at * 2 (N.D. Cal. Nov. 2006) (holding request seeking admission by defendant that, under certain circumstances, no "use" of defendant's trademarks would occur "within the meaning of the Lanham Act" was improper request for admission of conclusion of law).

Furthermore, because these requests call for a legal conclusion, any knowledge Bryant hypothetically has to respond to these requests is likely to have come from information subject to the attorney-client privilege, the work product doctrine and other applicable privileges, and Bryant properly raised his objections on those grounds. Finally, Bryant reiterates his objection to these requests as irrelevant to the matter.

**V. Requests 36-44; 46-49.**

Requests 36-44 and 46-49 incorporate the term "BRATZ." As discussed in Section I above, Bryant is open to meeting and conferring to generate a definition of this term that does not require the existence of a "doll or any portion thereof." In addition, Bryant agrees to supplement his responses to Requests 36-39 and 42-44.

Requests 40-41 ask that Bryant admit or deny that certain events occurred "at a time when MGA was aware that [Bryant was] employed by MATTEL." Bryant can not be expected to provide a response that is dependent on knowing whether or not a corporate entity is "aware" of certain facts. Yet, as noted throughout this letter, Mattel's requests are riddled with similar questions based on the misguided assumption that Bryant can attest to MGA's state of mind.

VI. **Requests 45; 62-65.**

Here again, Mattel requests admissions that are clearly outside the scope of Bryant's personal knowledge. Requests 45 and 62-65 have the exact same structure: "Admit that . . . MGA was aware that YOU [conducted some act] . . . during the time that YOU were employed by MATTEL." As stated previously, Bryant can not be expected to admit or deny a request centered on the state of mind of a corporate entity. Bryant made a reasonable inquiry, had insufficient information to admit or deny, and properly denied these requests.

VII. **Requests 50-55[1] and 60-61.**

Despite the limiting language in Mattel's own definitions and the vague and ambiguous nature of the requests, Bryant provided sufficient and appropriate responses to these requests. Specifically, Bryant responded that he made the drawings and conceived the idea for what ultimately became the Bratz dolls in or about August 1998. He further stated that, as set forth in more detail in his depositions, he traced his 1998 drawings in 1999 and applied color to some such tracings. Bryant also denied that he "created" Bratz or first developed the idea of what ultimately became the Bratz dolls during the period August 1, 1999 and January 1, 2000. In sum, Bryant's response to these requests were responsive and appropriate under Fed. R. Civ. P. 36.

VIII. **Requests 56-59.**

Yet again, in Requests 56-59, Mattel asks Bryant to provide a response contingent on MGA's awareness of certain facts. As stated in his response, Bryant has insufficient knowledge to admit or deny the awareness of a third party corporate entity. Bryant, after reasonable inquiry, had insufficient information to admit or deny whether or when MGA became aware of his employment at Mattel, and thus his denials were appropriate.

IX. **Request 66-77**

Requests 66-67 and 70-73 request information regarding "BRATZ" or "BRATZ WORK." As discussed in Section I above, which we hereby incorporate by reference, Bryant has proposed a potential resolution to this issue.

Mattel also claims that Bryant's responses to Requests 68-69 were inadequate. In those responses, Bryant admitted that (a) MGA made a payment to him for submissions of what he considered to be a try out and (b) Bryant admits that he received money from MGA on more than

[1] Mattel poses duplicate requests in multiple instances: Requests number 50 and 52 are identical ("Admit that YOU created at least one BRATZ WORK between August 1, 1999 and January 1, 2000.") as are Mattel's requests 51 and 53 ("Admit that YOU created more than one BRATZ WORK between January 1, 2000 and October 20, 2000.").

one occasion prior to October 20, 2000. These admissions were responsive and appropriate to Mattel's requests.

Request Nos. 74-77 ask that Bryant admit or deny that certain events occurred "at a time when MGA was aware that YOU were employed by MATTEL." As stated multiple times in this letter, Bryant had insufficient information to admit or deny statements as to the state of mind of a corporate entity, and his responses to such requests were appropriate.

**X. Requests 78-79**

Bryant agrees to supplement his responses to Requests 78 and 79.

**XI. Requests 80-82**

Bryant agrees to supplement his responses to Requests 80-82.

**XII. Requests 83-86 and 91-94**

Requests 83-86 and 91-94 ask that Bryant admit or deny that, as of the date of the request or as of November 7, 2006, MGA has not recorded documents bearing bates numbers BRYANT 00794 – 00799 or MGA 0001 – MGA 0006, or any version thereof, to the U.S. Copyright Office, any state or federal agency, department or entity. Bryant can not be expected to have sufficient information, after reasonable inquiry, to admit or deny whether or not a third party has or has not recorded those documents.

**XIII. Requests 87-90 and 95-98**

Bryant agrees to supplement his responses to Requests 87-90 and 95-98.

**XIV. Requests 99 – 143**

Bryant agrees to supplement his responses to Requests 99-143.

We are available on either Friday, May 18, or Monday, May 21 to meet and confer to resolving any outstanding questions.

Sincerely,

Christa Anderson

CMA/jas