**EXHIBIT 5**

RECEIVED

MAY 3 0 2007

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   MICHAEL H. PAGE - #154913
    CHRISTA M. ANDERSON - #184325
3   710 Sansome Street
    San Francisco, CA  94111-1704
4   Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188
5

6   Attorneys for Plaintiff
    CARTER BRYANT
7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11

12   CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                            (consolidated with CV 04-9059 & 05-2727)
13                          Plaintiff,
                                            **CARTER BRYANT'S SUPPLEMENTAL**
14        v.                                **AND AMENDED RESPONSES TO**
                                            **MATTEL, INC.'S THIRD SET OF**
15   MATTEL, INC., a Delaware Corporation,  **REQUESTS FOR ADMISSION TO**
                                            **CARTER BRYANT**
16                          Defendant.

17   CONSOLIDATED WITH MATTEL, INC. v.
     BRYANT and MGA ENTERTAINMENT,
18   INC. v. MATTEL, INC.

19

20

21   PROPOUNDING PARTY:    Defendant MATTEL, INC. ("Defendant")

22   RESPONDING PARTY:     Plaintiff CARTER BRYANT ("Plaintiff")

23   SET NUMBER:           THREE (3)

24

25

26

27                    EXHIBIT 5  PAGE 284

28

1     Carter Bryant ("Defendant" or "Bryant") hereby provides supplemental and amended

2  responses to certain requests included in Mattel, Inc.'s ("Plaintiff" or "Mattel") Third Set of

3  Requests for Admission.  Bryant, in good faith, provides these supplemental and amended

4  responses in an effort to address concerns raised by Mattel in its letter dated April 25, 2007, and

5  as outlined in Bryant's letter to Mattel dated May 15, 2007.

6     Bryant's responses and objections are made solely for the purpose of this action.

7     Bryant points out that discovery is still pending, that it has not concluded its investigation

8  of the facts relating to this case, has not completed its own discovery in this case, and has not

9  completed preparation for trial.  In light of the foregoing, the following Responses are given

10  without prejudice to Bryant's right to stand on its objections, to continue its investigation and

11  discovery, to rely on subsequently discovered facts, and to utilize subsequently discovered or

12  subsequently identified evidence or documents.

13     The following Responses reflect the current status of Bryant's knowledge and belief

14  respecting the matters about which inquiry is made.  Discovery will continue as long as

15  permitted by statute or stipulation of the parties, and investigation by Bryant, its attorneys and

16  agents will continue up to and throughout the trial of this action.  Bryant specifically reserves the

17  right to introduce at the time of trial any evidence from any source, including documents and

18  testimony from any witnesses which may hereafter be discovered.

19     If any information has been unintentionally omitted from these Responses, Bryant hereby

20  reserves the right to amend these Responses to include the omitted information.  Bryant also

21  reserves the right to change, amend or supplement any or all of the matters contained in these

22  responses as additional facts are ascertained, analyses are made, and research is completed.

23  These introductory paragraphs apply to each and every Response herein and shall be

24  incorporated as though fully set forth in each and every Response.

25     All of Bryant's responses are based upon information and documentation that is currently

26  available and specifically known to Bryant.  The responses are made in a good-faith effort to

27  provide information now known to Bryant which are responsive, but Bryant specifically reserves

28

1   EXHIBIT __5__ PAGE __285__

1  the right both to supplement any of the responses set forth below and to utilize at trial any further

2  information or documents.

3

4  **GENERAL OBJECTIONS**

5  Bryant incorporates the General Objections originally set forth in his response to Mattel's

6  Third Set of Requests for Admissions.

7

8  **RESPONSES TO REQUESTS FOR ADMISSION**

9  **REQUEST FOR ADMISSION NO. 1:**

10  Admit that the document attached hereto as Exhibit 1 is a true and correct copy of a

11  registration MGA obtained from the U.S. Copyright Office as of June 18, 2001.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

13  Bryant incorporates by reference the above-stated general objections as if fully set forth

14  herein. Bryant specifically objects to this request on the grounds that the request seeks to have

15  Bryant characterize the document. Bryant also asserts that the document speaks for itself.

16  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

17  about matters to which Bryant lacks personal knowledge.

18  Subject to and without waiving the foregoing general and specific objections, Bryant

19  responds to this request by incorporating MGA's response to Request Number 1 in Mattel's

20  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

21  that the document appears to be a copy of the original, and Bryant is presently unaware of any

22  facts which refute that response.

23

24  **REQUEST FOR ADMISSION NO. 2:**

25  Admit that the document attached hereto as Exhibit 2 is a true and correct copy of a

26  supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

27

28  2   EXHIBIT _5_ PAGE _286_

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

2      Bryant incorporates by reference the above-stated general objections as if fully set forth

3  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

4  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

5  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

6  about matters to which Bryant lacks personal knowledge.

7      Subject to and without waiving the foregoing general and specific objections, Bryant

8  responds to this request by incorporating MGA's response to Request Number 2 in Mattel's

9  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

10  that the document appears to be a copy of the original, and Bryant is presently unaware of any

11  facts which refute that response.

12

13  **REQUEST FOR ADMISSION NO. 3:**

14      Admit that the document attached hereto as Exhibit 3 is a true and correct copy of a

15  registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

17      Bryant incorporates by reference the above-stated general objections as if fully set forth

18  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

19  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

20  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

21  about matters to which Bryant lacks personal knowledge.

22      Subject to and without waiving the foregoing general and specific objections, Bryant

23  responds to this request by incorporating MGA's response to Request Number 3 in Mattel's

24  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

25  that the document appears to be a copy of the original, and Bryant is presently unaware of any

26  facts which refute that response.

27

28

3      EXHIBIT __5__ PAGE __287__

1  **REQUEST FOR ADMISSION NO. 4:**

2      Admit that the document attached hereto as Exhibit 4 is a true and correct copy of a

3  supplementary registration MGA obtained from the U.S. Copyright Office as of March 29, 2005.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

5      Bryant incorporates by reference the above-stated general objections as if fully set forth

6  herein. Bryant specifically objects to this request on the grounds that the request seeks to have

7  Bryant characterize the document. Bryant also asserts that the document speaks for itself.

8  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

9  about matters to which Bryant lacks personal knowledge.

10      Subject to and without waiving the foregoing general and specific objections, Bryant

11  responds to this request by incorporating MGA's response to Request Number 4 in Mattel's

12  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

13  that the document appears to be a copy of the original, and Bryant is presently unaware of any

14  facts which refute that response.

15

16  **REQUEST FOR ADMISSION NO. 5:**

17      Admit that the document attached hereto as Exhibit 5 is a true and correct copy of a

18  registration MGA obtained from the U.S. Copyright Office as [of] June 18, 2001.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

20      Bryant incorporates by reference the above-stated general objections as if fully set forth

21  herein. Bryant specifically objects to this request on the grounds that the request seeks to have

22  Bryant characterize the document. Bryant also asserts that the document speaks for itself.

23  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

24  about matters to which Bryant lacks personal knowledge.

25      Subject to and without waiving the foregoing general and specific objections, Bryant

26  responds to this request by incorporating MGA's response to Request Number 5 in Mattel's

27  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

28                                  4   EXHIBIT **S** PAGE **288**

---

1 | that the document appears to be a copy of the original, and Bryant is presently unaware of any

2 | facts which refute that response.

3

4 | **REQUEST FOR ADMISSION NO. 6:**

5 |      Admit that the document attached hereto as Exhibit 6 is a true and correct copy of a

6 | supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

7 | **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

8 |      Bryant incorporates by reference the above-stated general objections as if fully set forth

9 | herein. Bryant specifically objects to this request on the grounds that the request seeks to have

10 | Bryant characterize the document. Bryant also asserts that the document speaks for itself.

11 | Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

12 | about matters to which Bryant lacks personal knowledge.

13 |      Subject to and without waiving the foregoing general and specific objections, Bryant

14 | responds to this request by incorporating MGA's response to Request Number 6 in Mattel's

15 | Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

16 | that the document appears to be a copy of the original, and Bryant is presently unaware of any

17 | facts which refute that response.

18

19 | **REQUEST FOR ADMISSION NO. 7:**

20 |      Admit that the document attached hereto as Exhibit 7 is a true and correct copy of a

21 | registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23 |      Bryant incorporates by reference the above-stated general objections as if fully set forth

24 | herein. Bryant specifically objects to this request on the grounds that the request seeks to have

25 | Bryant characterize the document. Bryant also asserts that the document speaks for itself.

26 | Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

27 | about matters to which Bryant lacks personal knowledge.

28 |

5

EXHIBIT __5__ PAGE __289__

1   Subject to and without waiving the foregoing general and specific objections, Bryant

2   responds to this request by incorporating MGA's response to Request Number 7 in Mattel's

3   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

4   that the document appears to be a copy of the original, and Bryant is presently unaware of any

5   facts which refute that response.

6

7

8   **REQUEST FOR ADMISSION NO. 8:**

9       Admit that the document attached hereto as Exhibit 8 is a true and correct copy of a

10  supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

12      Bryant incorporates by reference the above-stated general objections as if fully set forth

13  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

14  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

15  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

16  about matters to which Bryant lacks personal knowledge.

17      Subject to and without waiving the foregoing general and specific objections, Bryant

18  responds to this request by incorporating MGA's response to Request Number 8 in Mattel's

19  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

20  that the document appears to be a copy of the original, and Bryant is presently unaware of any

21  facts which refute that response.

22

23  **REQUEST FOR ADMISSION NO. 9:**

24      Admit that the document attached hereto as Exhibit 9 is a true and correct copy of a

25  registration MGA obtained from the U.S. Copyright Office as of June 18, 2001.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

27      Bryant incorporates by reference the above-stated general objections as if fully set forth

28

6

 EXHIBIT ___5___ PAGE 290

---

PLAINTIFF'S SUPPLEMENTAL AND AMENDED RESPONSES TO
DEFENDANT'S THIRD SET OF REQUESTS FOR ADMISSION
CASE NO. CV 04-09049

1   herein. Bryant specifically objects to this request on the grounds that the request seeks to have

2   Bryant characterize the document. Bryant also asserts that the document speaks for itself.

3   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

4   about matters to which Bryant lacks personal knowledge.

5        Subject to and without waiving the foregoing general and specific objections, Bryant

6   responds to this request by incorporating MGA's response to Request Number 9 in Mattel's

7   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

8   that the document appears to be a copy of the original, and Bryant is presently unaware of any

9   facts which refute that response.

10

11   **REQUEST FOR ADMISSION NO. 10:**

12        Admit that the document attached hereto as Exhibit 10 is a true and correct copy of a

13   supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

15        Bryant incorporates by reference the above-stated general objections as if fully set forth

16   herein. Bryant specifically objects to this request on the grounds that the request seeks to have

17   Bryant characterize the document. Bryant also asserts that the document speaks for itself.

18   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

19   about matters to which Bryant lacks personal knowledge.

20        Subject to and without waiving the foregoing general and specific objections, Bryant

21   responds to this request by incorporating MGA's response to Request Number 10 in Mattel's

22   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

23   that the document appears to be a copy of the original, and Bryant is presently unaware of any

24   facts which refute that response.

25

26   **REQUEST FOR ADMISSION NO. 11:**

27        Admit that the document attached hereto as Exhibit 11 is a true and correct copy of a

28                       7   EXHIBIT __5__ PAGE _291_

1   registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

3         Bryant incorporates by reference the above-stated general objections as if fully set forth

4   herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

5   Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

6   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

7   about matters to which Bryant lacks personal knowledge.

8         Subject to and without waiving the foregoing general and specific objections, Bryant

9   responds to this request by incorporating MGA's response to Request Number 11 in Mattel's

10   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

11   that the document appears to be a copy of the original, and Bryant is presently unaware of any

12   facts which refute that response.

13

14   **REQUEST FOR ADMISSION NO. 12:**

15         Admit that the document attached hereto as Exhibit 12 is a true and correct copy of a

16   supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

18         Bryant incorporates by reference the above-stated general objections as if fully set forth

19   herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

20   Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

21   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

22   about matters to which Bryant lacks personal knowledge.

23         Subject to and without waiving the foregoing general and specific objections, Bryant

24   responds to this request by incorporating MGA's response to Request Number 12 in Mattel's

25   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

26   that the document appears to be a copy of the original, and Bryant is presently unaware of any

27   facts which refute that response.

28        8   EXHIBIT __5__ PAGE _292_

1

2 **REQUEST FOR ADMISSION NO. 13:**

3      Admit that the document attached hereto as Exhibit 13 is a true and correct copy of a

4 registration MGA obtained from the U.S. Copyright Office as of June 18, 2001.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

6      Bryant incorporates by reference the above-stated general objections as if fully set forth

7 herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

8 Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

9 Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

10 about matters to which Bryant lacks personal knowledge.

11      Subject to and without waiving the foregoing general and specific objections, Bryant

12 responds to this request by incorporating MGA's response to Request Number 13 in Mattel's

13 Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

14 that the document appears to be a copy of the original, and Bryant is presently unaware of any

15 facts which refute that response.

16

17 **REQUEST FOR ADMISSION NO. 14:**

18      Admit that the document attached hereto as Exhibit 14 is a true and correct copy of a

19 supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

21      Bryant incorporates by reference the above-stated general objections as if fully set forth

22 herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

23 Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

24 Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

25 about matters to which Bryant lacks personal knowledge.

26      Subject to and without waiving the foregoing general and specific objections, Bryant

27 responds to this request by incorporating MGA's response to Request Number 14 in Mattel's

28                                         9      EXHIBIT __5__ PAGE _293_

1  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

2  that the document appears to be a copy of the original, and Bryant is presently unaware of any

3  facts which refute that response.

4

5  **REQUEST FOR ADMISSION NO. 15:**

6      Admit that the document attached hereto as Exhibit 15 is a true and correct copy of a

7  registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

9      Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

11  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

12  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

13  about matters to which Bryant lacks personal knowledge.

14      Subject to and without waiving the foregoing general and specific objections, Bryant

15  responds to this request by incorporating MGA's response to Request Number 15 in Mattel's

16  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

17  that the document appears to be a copy of the original, and Bryant is presently unaware of any

18  facts which refute that response.

19

20  **REQUEST FOR ADMISSION NO. 16:**

21      Admit that the document attached hereto as Exhibit 16 is a true and correct copy of a

22  supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

24      Bryant incorporates by reference the above-stated general objections as if fully set forth

25  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

26  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

27  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

28                                      10


EXHIBIT __5__ PAGE _294_

1  about matters to which Bryant lacks personal knowledge.

2       Subject to and without waiving the foregoing general and specific objections, Bryant

3  responds to this request by incorporating MGA's response to Request Number 16 in Mattel's

4  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

5  that the document appears to be a copy of the original, and Bryant is presently unaware of any

6  facts which refute that response.

7

8  **REQUEST FOR ADMISSION NO. 17:**

9       Admit that the document attached hereto as Exhibit 17 is a true and correct copy of a

10  registration MGA obtained from the U.S. Copyright Office as of December 22, 2003.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

12       Bryant incorporates by reference the above-stated general objections as if fully set forth

13  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

14  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

15  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

16  about matters to which Bryant lacks personal knowledge.

17       Subject to and without waiving the foregoing general and specific objections, Bryant

18  responds to this request by incorporating MGA's response to Request Number 17 in Mattel's

19  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

20  that the document appears to be a copy of the original, and Bryant is presently unaware of any

21  facts which refute that response.

22

23  **REQUEST FOR ADMISSION NO. 18:**

24       Admit that the document attached hereto as Exhibit 18 is a true and correct copy of a

25  registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

27       Bryant incorporates by reference the above-stated general objections as if fully set forth

28

11

EXHIBIT __5__ PAGE __295__

1  herein. Bryant specifically objects to this request on the grounds that the request seeks to have

2  Bryant characterize the document. Bryant also asserts that the document speaks for itself.

3  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

4  about matters to which Bryant lacks personal knowledge.

5        Subject to and without waiving the foregoing general and specific objections, Bryant

6  responds to this request by incorporating MGA's response to Request Number 18 in Mattel's

7  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

8  that the document appears to be a copy of the original, and Bryant is presently unaware of any

9  facts which refute that response.

10

11  **REQUEST FOR ADMISSION NO. 19:**

12        Admit that the document attached hereto as Exhibit 19 is a true and correct copy of a

13  registration MGA obtained from the U.S. Copyright Office on or about March 25, 2002.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

15        Bryant incorporates by reference the above-stated general objections as if fully set forth

16  herein. Bryant specifically objects to this request on the grounds that the request seeks to have

17  Bryant characterize the document. Bryant also asserts that the document speaks for itself.

18  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

19  about matters to which Bryant lacks personal knowledge.

20        Subject to and without waiving the foregoing general and specific objections, Bryant

21  responds to this request by incorporating MGA's response to Request Number 19 in Mattel's

22  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

23  that the document appears to be a copy of the original, and Bryant is presently unaware of any

24  facts which refute that response.

25

26  **REQUEST FOR ADMISSION NO. 20:**

27        Admit that the document attached hereto as Exhibit 20 is a true and correct copy of a

28                  12    EXHIBIT __5__ PAGE _296_

1  supplementary registration MGA obtained from the U.S. Copyright Office as of March 28, 2005.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

3      Bryant incorporates by reference the above-stated general objections as if fully set forth

4  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

5  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

6  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

7  about matters to which Bryant lacks personal knowledge.

8      Subject to and without waiving the foregoing general and specific objections, Bryant

9  responds to this request by incorporating MGA's response to Request Number 20 in Mattel's

10  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

11  that the document appears to be a copy of the original, and Bryant is presently unaware of any

12  facts which refute that response.

13

14  **REQUEST FOR ADMISSION NO. 21:**

15      Admit that the document attached hereto as Exhibit 21 is a true and correct copy of a

16  certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

18      Bryant incorporates by reference the above-stated general objections as if fully set forth

19  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

20  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

21  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

22  about matters to which Bryant lacks personal knowledge.

23      Subject to and without waiving the foregoing general and specific objections, Bryant

24  responds to this request by incorporating MGA's response to Request Number 21 in Mattel's

25  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

26  that the document appears to be a copy of the original, and Bryant is presently unaware of any

27  facts which refute that response.

28

13

EXHIBIT **5** PAGE **297**

1

2 **REQUEST FOR ADMISSION NO. 22:**

3      Admit that the document attached hereto as Exhibit 22 is a true and correct copy of a

4 certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

6      Bryant incorporates by reference the above-stated general objections as if fully set forth

7 herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

8 Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

9 Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

10 about matters to which Bryant lacks personal knowledge.

11      Subject to and without waiving the foregoing general and specific objections, Bryant

12 responds to this request by incorporating MGA's response to Request Number 22 in Mattel's

13 Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

14 that the document appears to be a copy of the original, and Bryant is presently unaware of any

15 facts which refute that response.

16

17 **REQUEST FOR ADMISSION NO. 23:**

18      Admit that the document attached hereto as Exhibit 23 is a true and correct copy of a

19 certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

21      Bryant incorporates by reference the above-stated general objections as if fully set forth

22 herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

23 Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

24 Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

25 about matters to which Bryant lacks personal knowledge.

26      Subject to and without waiving the foregoing general and specific objections, Bryant

27 responds to this request by incorporating MGA's response to Request Number 23 in Mattel's

28

14

EXHIBIT __5__ PAGE _298_

1   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

2   that the document appears to be a copy of the original, and Bryant is presently unaware of any

3   facts which refute that response.

4

5   **REQUEST FOR ADMISSION NO. 24:**

6          Admit that the document attached hereto as Exhibit 24 is a true and correct copy of a

7   certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

9          Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

11  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

12  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

13  about matters to which Bryant lacks personal knowledge.

14         Subject to and without waiving the foregoing general and specific objections, Bryant

15  responds to this request by incorporating MGA's response to Request Number 24 in Mattel's

16  Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

17  that the document appears to be a copy of the original, and Bryant is presently unaware of any

18  facts which refute that response.

19

20  **REQUEST FOR ADMISSION NO. 25:**

21         Admit that the document attached hereto as Exhibit 25 is a true and correct copy of a

22  certificate of registration MGA obtained from the U.S. Copyright Office as of January 25, 2006.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

24         Bryant incorporates by reference the above-stated general objections as if fully set forth

25  herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

26  Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

27  Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

28

15

EXHIBIT ___S___ PAGE _299_

1    about matters to which Bryant lacks personal knowledge.

2    Subject to and without waiving the foregoing general and specific objections, Bryant

3    responds to this request by incorporating MGA's response to Request Number 25 in Mattel's

4    Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

5    that the document appears to be a copy of the original, and Bryant is presently unaware of any

6    facts which refute that response.

7

8    **REQUEST FOR ADMISSION NO. 26:**

9    Admit that the document attached hereto as Exhibit 26 is a true and correct copy of a

10    certificate of registration MGA obtained from the U.S. Copyright Office as of February 1, 2006.

11    **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

12    Bryant incorporates by reference the above-stated general objections as if fully set forth

13    herein.  Bryant specifically objects to this request on the grounds that the request seeks to have

14    Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

15    Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

16    about matters to which Bryant lacks personal knowledge.

17    Subject to and without waiving the foregoing general and specific objections, Bryant

18    responds to this request by incorporating MGA's response to Request Number 26 in Mattel's

19    Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA responds

20    that the document appears to be a copy of the original, and Bryant is presently unaware of any

21    facts which refute that response.

22

23    **REQUEST FOR ADMISSION NO. 27:**

24    Admit that the document attached hereto as Exhibit 27 is a true and correct copy of a

25    certificate of registration MGA obtained from the U.S. Copyright Office as of February 1, 2006.

26    **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

27    Bryant incorporates by reference the above-stated general objections as if fully set forth

28

16

EXHIBIT **5** PAGE **300**

1   herein. Bryant specifically objects to this request on the grounds that the request seeks to have

2   Bryant characterize the document. Bryant also asserts that the document speaks for itself.

3   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

4   about matters to which Bryant lacks personal knowledge.

5         Subject to and without waiving the foregoing general and specific objections, Bryant

6   responds to this request by incorporating MGA's response to Request Number 27 in Mattel's

7   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

8   that the document appears to be a copy of the original, and Bryant is presently unaware of any

9   facts which refute that response.

10

11   **REQUEST FOR ADMISSION NO. 28:**

12         Admit that the document attached hereto as Exhibit 28 is a true and correct copy of a

13   certificate of registration MGA obtained from the U.S. Copyright Office as of March 1, 2004.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

15         Bryant incorporates by reference the above-stated general objections as if fully set forth

16   herein. Bryant specifically objects to this request on the grounds that the request seeks to have

17   Bryant characterize the document. Bryant also asserts that the document speaks for itself.

18   Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

19   about matters to which Bryant lacks personal knowledge.

20         Subject to and without waiving the foregoing general and specific objections, Bryant

21   responds to this request by incorporating MGA's response to Request Number 28 in Mattel's

22   Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA responds

23   that the document appears to be a copy of the original, and Bryant is presently unaware of any

24   facts which refute that response.

25

26   **REQUEST FOR ADMISSION NO. 29:**

27         Admit that the document attached hereto as Exhibit 29 is a true and correct copy of a

28

17

EXHIBIT __5__ PAGE __30/__

1 | certificate of registration MGA obtained from the U.S. Copyright Office as of February 2, 2004.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

3 | Bryant incorporates by reference the above-stated general objections as if fully set forth

4 | herein. Bryant specifically objects to this request on the grounds that the request seeks to have

5 | Bryant characterize the document. Bryant also asserts that the document speaks for itself.

6 | Bryant specifically objects to this request on the grounds that it calls for Bryant to speculate

7 | about matters to which Bryant lacks personal knowledge.

8 | Subject to and without waiving the foregoing general and specific objections, Bryant

9 | responds to this request by incorporating MGA's response to Request Number 29 in Mattel's

10 | Fourth Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA has made a

11 | reasonable inquiry and the information known or readily obtainable by MGA is insufficient to

12 | enable MGA to admit or deny this request. On that basis, MGA denies the request, and Bryant is

13 | presently unaware of any facts which refute that response.

14 |

15 | **REQUEST FOR ADMISSION NO. 30:**

16 | Admit that the document attached as Exhibit 30 includes a true and correct copy of a

17 | contract between MGA and YOU.

18 | **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

19 | Bryant incorporates by reference the above-stated general objections as if fully set forth

20 | herein. Bryant specifically objects to this request on the grounds that it calls for a legal

21 | conclusion. Bryant specifically objects to this request on the grounds that the request seeks to

22 | have Bryant characterize the document. Bryant also asserts that the document speaks for itself.

23 | Subject to and without waiving the foregoing general and specific objections, Bryant

24 | responds as follows to this request: Bryant admits that the document attached as Exhibit 30 to

25 | Mattel's Third Set of Request for Admissions is a true and correct copy of a contract between

26 | MGA Entertainment, Inc. and Bryant.

27 |

28 |

18   EXHIBIT **5** PAGE **302**

1   **REQUEST FOR ADMISSION NO. 31:**

2        Admit that the document attached as Exhibit 31 is a true and correct copy of a contract

3   between Mattel, Inc. and YOU that YOU executed on or about January 4, 1999.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 31**

5        Bryant incorporates by reference the above-stated general objections as if fully set forth

6   herein.  Bryant specifically objects to this request on the grounds that it calls for a legal

7   conclusion.  Bryant specifically objects to this request on the grounds that the request seeks to

8   have Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

9   Bryant specifically objects to this request on the grounds it calls for the disclosure of information

10  subject to the attorney-client privilege, the work product doctrine, and other applicable

11  privileges.  Bryant also specifically objects to this request on the grounds that it is vague and

12  ambiguous, particularly in its use of the term "contract."

13       Subject to and without waiving the foregoing general and specific objections, Bryant

14  responds as follows to this request:  Bryant admits that the document attached as Exhibit 31 to

15  Mattel's Third Set of Request for Admissions is a true and correct copy of a document entitled

16  "EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT"

17  signed by Bryant and by Teresa Newcomb on or about January 4, 1999.

18

19  **REQUEST FOR ADMISSION NO. 32:**

20       Admit that the document attached as Exhibit 32 is a true and correct copy of the

21  MATTEL Proprietary Information Checkout executed by YOU on or about October 19, 2000.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 32**

23       Bryant incorporates by reference the above-stated general objections as if fully set forth

24  herein.  Bryant specifically objects to this request on the grounds that it calls for a legal

25  conclusion.  Bryant specifically objects to this request on the grounds that the request seeks to

26  have Bryant characterize the document.  Bryant also asserts that the document speaks for itself.

27  Bryant specifically objects to this request on the grounds it calls for the disclosure of information

28                   19

EXHIBIT _5_ PAGE 303

1   subject to the attorney-client privilege, the work product doctrine, and other applicable

2   privileges.

3          Subject to and without waiving the foregoing general and specific objections, Bryant

4   responds as follows to this request:  Bryant admits that the document attached as Exhibit 32 to

5   Mattel's Third Set of Request for Admissions is a true and correct copy of a document entitled

6   "PROPRIETARY INFORMATION CHECKOUT" signed by Bryant on or about October 19,

7   2000.

8

9   **REQUEST FOR ADMISSION NO. 36:**

10         Admit that, prior to October 20, 2000, Isaac Larian attended at least one meeting with

11  YOU regarding BRATZ.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

13         Bryant incorporates by reference the above-stated general objections as if fully set forth

14  herein.

15         Subject to and without waiving the foregoing general objections, Bryant responds as

16  follows to this request:  Bryant admits the request.

17

18  **REQUEST FOR ADMISSION NO. 37:**

19         Admit that, prior to October 20, 2000, Isaac Larian attended more than one meeting with

20  YOU regarding BRATZ.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

22         Bryant incorporates by reference the above-stated general objections as if fully set forth

23  herein.

24         Subject to and without waiving the foregoing general objections, Bryant responds as

25  follows to this request:  Bryant denies the request.

26

27

28                                      20      EXHIBIT  5  PAGE 304

1  **REQUEST FOR ADMISSION NO. 38:**

2      Admit that Isaac Larian attended at least one meeting with YOU regarding BRATZ

3  during the time that YOU were employed by MATTEL.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

5      Bryant incorporates by reference the above-stated general objections as if fully set forth

6  herein.

7      Subject to and without waiving the foregoing general objections, Bryant responds as

8  follows to this request:  Bryant admits the request.

9

10  **REQUEST FOR ADMISSION NO. 39:**

11      Admit that Isaac Larian attended more than one meeting with YOU regarding BRATZ

12  during the time that YOU were employed by MATTEL.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

14      Bryant incorporates by reference the above-stated general objections as if fully set forth

15  herein.

16      Subject to and without waiving the foregoing general objections, Bryant responds as

17  follows to this request:  Bryant denies the request.

18

19  **REQUEST FOR ADMISSION NO. 42:**

20      Admit that YOU performed work on BRATZ between January 1, 2000 and October 20,

21  2000.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

23      Bryant incorporates by reference the above-stated general objections as if fully set forth

24  herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

25  particularly in its use of the phrase "BRATZ" and the phrase "performed work."

26      Subject to and without waiving the foregoing general and specific objections, Bryant

27  responds as follows to this request:  Bryant admits to tracing his 1998 drawings, coloring such

28      21   EXHIBIT __5__ PAGE _305_

1   tracings, and drawing a few outfits of formal wear between January 1, 2000 and October 20,

2   2000.  To the extent that the phrase "performed work on BRATZ" includes tracing, coloring

3   such tracings, and drawing formal wear outfits, Bryant admits the request.

4

5   **REQUEST FOR ADMISSION NO. 43:**

6       Admit that YOU performed work on BRATZ between August 1, 1999 and January 1,

7   2000.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

9       Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

11  particularly in its use of the phrase "BRATZ" and the phrase "performed work."

12      Subject to and without waiving the foregoing general and specific objections, Bryant

13  responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

14  such tracings in the spring or summer of 1999.  To the extent that the phrase "performed work on

15  BRATZ" includes tracing and coloring such tracings, Bryant admits that he performed work on

16  BRATZ in the spring or summer of 1999.

17

18  **REQUEST FOR ADMISSION NO. 44:**

19      Admit that YOU performed work on BRATZ during the time that YOU were employed

20  by MATTEL.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

22      Bryant incorporates by reference the above-stated general objections as if fully set forth

23  herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

24  particularly in its use of the phrase "BRATZ" and the phrase "performed work."

25      Subject to and without waiving the foregoing general and specific objections, Bryant

26  responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

27  such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

28

22

EXHIBIT __5__ PAGE __306__

1   Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

2   outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

3   employed by Mattel.  To the extent that the phrase "performed work on BRATZ" includes

4   tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

5

6   **REQUEST FOR ADMISSION NO. 50:**

7     Admit that YOU created at least one BRATZ WORK between August 1, 1999 and

8   January 1, 2000.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

10     Bryant incorporates by reference the above-stated general objections as if fully set forth

11   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

12   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

13     Subject to and without waiving the foregoing general and specific objections, Bryant

14   responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

15   such tracings in the spring or summer of 1999.  To the extent that the phrase "created . . .

16   BRATZ WORK" includes tracing and coloring such tracings, Bryant admits that he performed

17   work on BRATZ in the spring or summer of 1999.

18

19   **REQUEST FOR ADMISSION NO. 51:**

20     Admit that YOU created more than one BRATZ WORK between January 1, 2000 and

21   October 20, 2000.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

23     Bryant incorporates by reference the above-stated general objections as if fully set forth

24   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

25   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

26     Subject to and without waiving the foregoing general and specific objections, Bryant

27   responds as follows to this request:  Bryant admits to tracing his 1998 drawings, coloring such

28

23

EXHIBIT __5__ PAGE __307__

1    tracings, and drawing a few outfits of formal wear between January 1, 2000 and October 20,

2    2000.  To the extent that the phrase "created ... BRATZ WORK" includes tracing, coloring such

3    tracings, and drawing formal wear outfits, Bryant admits the request.

4

5    **REQUEST FOR ADMISSION NO. 52:**

6        Admit that YOU created at least one BRATZ WORK between August 1, 1999 and

7    January 1, 2000.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

9        Bryant incorporates by reference the above-stated general objections as if fully set forth

10   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

11   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

12       Subject to and without waiving the foregoing general and specific objections, Bryant

13   responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

14   such tracings in the spring or summer of 1999.  To the extent that the phrase "performed work on

15   BRATZ" includes tracing and coloring such tracings, Bryant admits that he performed work on

16   BRATZ in the spring or summer of 1999.

17

18   **REQUEST FOR ADMISSION NO. 53:**

19       Admit that YOU created more than one BRATZ WORK between January 1, 2000 and

20   October 20, 2000.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

22       Bryant incorporates by reference the above-stated general objections as if fully set forth

23   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

24   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

25       Subject to and without waiving the foregoing general and specific objections, Bryant

26   responds as follows to this request:  Bryant admits to tracing his 1998 drawings, coloring such

27   tracings, and drawing a few outfits of formal wear between January 1, 2000 and October 20,

28                                              24

EXHIBIT __5__ PAGE 308

1    2000.  To the extent that the phrase "created ... BRATZ WORK" includes tracing, coloring such

2    tracings, and drawing formal wear outfits, Bryant admits the request.

3

4    **REQUEST FOR ADMISSION NO. 54:**

5         Admit that YOU created at least one BRATZ WORK during the time that YOU were

6    employed by MATTEL.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

8         Bryant incorporates by reference the above-stated general objections as if fully set forth

9    herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

10   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

11        Subject to and without waiving the foregoing general and specific objections, Bryant

12   responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

13   such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

14   Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

15   outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

16   employed by Mattel.  To the extent that the phrase "created . . . BRATZ WORK" includes

17   tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

18

19   **REQUEST FOR ADMISSION NO. 55:**

20        Admit that YOU created more than one BRATZ WORK during the time that YOU were

21   employed by MATTEL.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

23        Bryant incorporates by reference the above-stated general objections as if fully set forth

24   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

25   particularly in its use of the phrase "BRATZ WORK" and the phrase "created."

26        Subject to and without waiving the foregoing general and specific objections, Bryant

27   responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

28                                        25     EXHIBIT __3__ PAGE _309_

1    such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

2    Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

3    outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

4    employed by Mattel.  To the extent that the phrase "created . . . BRATZ WORK" includes

5    tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

6

7    **REQUEST FOR ADMISSION NO. 60:**

8          Admit that YOU created at least one design for BRATZ during the time that YOU were

9    employed by MATTEL.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

11         Bryant incorporates by reference the above-stated general objections as if fully set forth

12   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

13   particularly in its use of the phrase "BRATZ" and the phrase "created."

14         Subject to and without waiving the foregoing general and specific objections, Bryant

15   responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

16   such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

17   Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

18   outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

19   employed by Mattel.  To the extent that the phrase "created . . . [a] design for BRATZ" includes

20   tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

21

22   **REQUEST FOR ADMISSION NO. 61:**

23         Admit that YOU created more than one design for BRATZ during the time that YOU

24   were employed by MATTEL.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

26         Bryant incorporates by reference the above-stated general objections as if fully set forth

27   herein.  Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

28

26

EXHIBIT _5_ PAGE _3/6_

1  particularly in its use of the phrase "BRATZ" and the phrase "created."

2      Subject to and without waiving the foregoing general and specific objections, Bryant

3  responds as follows to this request:  Bryant admits to tracing his 1998 drawings and coloring

4  such tracings in the spring or summer of 1999, a period in which he was employed by Mattel.

5  Bryant also admits to tracing his 1998 drawings, coloring such tracings, and drawing a few

6  outfits of formal wear between January 1, 2000 and October 20, 2000, a period in which he was

7  employed by Mattel.  To the extent that the phrase "created … [a] design for BRATZ" includes

8  tracing, coloring such tracings, and drawing formal wear outfits, Bryant admits the request.

9

10  **REQUEST FOR ADMISSION NO. 68:**

11      Admit that MGA made at least one payment to YOU during the time that YOU were

12  employed by MATTEL.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

14      Bryant incorporates by reference the above-stated general objections as if fully set forth

15  herein.

16      Subject to and without waiving the foregoing general and specific objections, Bryant

17  responds as follows to this request:  Bryant admits the request.

18

19  **REQUEST FOR ADMISSION NO. 69:**

20      Admit that MGA made more than one payment to YOU during the time that YOU were

21  employed by MATTEL.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

23      Bryant incorporates by reference the above-stated general objections as if fully set forth

24  herein.

25      Subject to and without waiving the foregoing general and specific objections, Bryant

26  responds as follows to this request:  Bryant admits the request.

27

28                           27   EXHIBIT  5  PAGE 3ll

**REQUEST FOR ADMISSION NO. 78:**

Admit that, during the time YOU were employed by MATTEL, YOU entered into a contract with MGA Entertainment, Inc. which obligated YOU to provide product design services to MGA Entertainment, Inc. on a "top priority basis."

**RESPONSE TO REQUEST FOR ADMISSION NO. 78:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that it calls for a legal conclusion. Bryant also asserts that the document referenced in this request speaks for itself.

Subject to and without waiving the foregoing general and specific objections, Bryant responds as follows to this request: Bryant admits that Bryant and MGA entered into an contract on or about October 4, 2000, copies of which have been produced in this litigation. One of the clauses of that contract includes the following language: "It is understood and agreed that Bryant shall provide his services on a 'top priority' basis as his services pertain to other clients of Bryant."

**REQUEST FOR ADMISSION NO. 79:**

Admit that, during the time YOU were employed by MATTEL, YOU entered into a contract with MGA Entertainment, Inc. whereby YOU assigned to MGA Entertainment, Inc. all then-existing intellectual property rights to BRATZ that YOU had created.

**RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

Bryant incorporates by reference the above-stated general objections as if fully set forth herein. Bryant specifically objects to this request on the grounds that it calls for a legal conclusion. Bryant also asserts that the document referenced in this request speaks for itself. Bryant specifically objects to this request on the grounds that it is vague and ambiguous, particularly in its use of the term "created" and "BRATZ."

Subject to and without waiving the foregoing general and specific objections, Bryant responds as follows to this request: Bryant admits that Bryant and MGA entered into a contract

28

EXHIBIT **5** PAGE **312**

1  on or about October 4, 2000, copies of which have been produced in this litigation.  One of the

2  clauses of that contract includes the following language: "Without limiting the generality of the

3  provisions of Paragraph 3(a), above, with respect only to any inventions, and any documentation

4  related thereto, and any other material, whether written or oral, created by or for Bryant relating

5  to the MGA Products prior to the commencement of the term of this Agreement, for good and

6  valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Bryant,

7  Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns to MGA in perpetuity

8  all of Bryant's right, title and interest, in an[sic] to the such material, including without limiting

9  the generality of the foregoing, all rights under copyright and patent (and all renewals and

10  extensions thereof) including the right to produce and authorize the production of any and all

11  derivative work, and all proprietary rights of any kind therein, now known or hereafter created

12  through out the world."

13

14  **REQUEST FOR ADMISSION NO. 80:**

15       Admit that, prior to July 1, 2003, MGA had not issued any press release that identified

16  YOU as the creator of BRATZ.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

18       Bryant incorporates by reference the above-stated general objections as if fully set forth

19  herein. Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

20  particularly in its use of the phrase "identified BRYANT as the creator of BRATZ."  Bryant

21  specifically objects to this request on the grounds that it calls for Bryant to speculate about

22  matters to which Bryant lacks personal knowledge.

23       Subject to and without waiving the foregoing general and specific objections, Bryant

24  responds to this request by incorporating MGA's supplemental response to Request Number 183

25  in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA

26  admits the request, and Bryant is presently unaware of any facts which refute that response.

27

28                                                    29    EXHIBIT __5__ PAGE _313_

1  **REQUEST FOR ADMISSION NO. 81:**

2     Admit that YOU are not aware of any press report or publication that identified YOU as

3  the creator of BRATZ prior to July 15, 2003.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

5     Bryant incorporates by reference the above-stated general objections as if fully set forth

6  herein. Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

7  particularly in its use of the phrases "press report," "publication," and "identified Bryant as the

8  creator of BRATZ."

9     Subject to and without waiving the foregoing general and specific objections, Bryant

10  responds to this request as follows:  Bryant admits the request.

11

12  **REQUEST FOR ADMISSION NO. 82:**

13     Admit that the first press report or publication that identified YOU as the creator of

14  BRATZ was the *Wall Street Journal* articled entitled "Dolled Up:  To Lure Older Girls, Mattel

15  Brings in Hip-Hop Crowd" and published on July 18, 2003.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

17     Bryant incorporates by reference the above-stated general objections as if fully set forth

18  herein. Bryant specifically objects to this request on the grounds that it is vague and ambiguous,

19  particularly in its use of the phrases "press report," "publication," and "identified Bryant as the

20  creator of BRATZ."

21     Subject to and without waiving the foregoing general and specific objections, Bryant

22  responds to this request by incorporating MGA's supplemental response to Request Number 185

23  in Mattel's Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  Bryant

24  has made reasonable inquiry and that the information known or readily obtainable by Bryant is

25  insufficient to enable Bryant to admit or deny this Request, and, on that basis, Defendant denies

26  the same.  Bryant, however, admits that he is not aware of any press report or publication that

27  identified Bryant as the creator of the Bratz dolls prior to the July 18, 2003 publication of the

28

30

EXHIBIT _5_ PAGE _314_

1  *Wall Street Journal* articled entitled "Dolled Up:  To Lure Older Girls, Mattel Brings in Hip-Hop

2  Crowd."

3

4  **REQUEST FOR ADMISSION NO. 83:**

5       Admit that, as of the date of these Requests, MGA has not recorded the agreement

6  produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with the U.S.

7  Copyright Office.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 83:**

9       Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein. Bryant specifically objects to this request on the grounds that the request seeks

11  information not relevant to any claim or defense of any party in this action.  Bryant specifically

12  objects to this request on the grounds that it calls for Bryant to speculate about matters to which

13  Bryant lacks personal knowledge.

14       Subject to and without waiving the foregoing general and specific objections, Bryant

15  responds to this request by incorporating MGA's response to Request Number 241 in Mattel's

16  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

17  request, and Bryant is presently unaware of any facts which refute that response.

18

19  **REQUEST FOR ADMISSION NO. 84:**

20       Admit that, as of the date of these Requests, MGA has not recorded the agreement

21  produced by YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with any

22  state or federal agency, department or entity.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 84:**

24       Bryant incorporates by reference the above-stated general objections as if fully set forth

25  herein. Bryant specifically objects to this request on the grounds that the request seeks

26  information not relevant to any claim or defense of any party in this action.  Bryant specifically

27  objects to this request on the grounds that it calls for Bryant to speculate about matters to which

28

31

 EXHIBIT __S__ PAGE __36__

1   Bryant lacks personal knowledge.

2        Subject to and without waiving the foregoing general and specific objections, Bryant

3   responds to this request by incorporating MGA's response to Request Number 242 in Mattel's

4   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

5   request, and Bryant is presently unaware of any facts which refute that response.

6

7   **REQUEST FOR ADMISSION NO. 85:**

8        Admit that, as of the date of these Requests, MGA has not recorded the agreement

9   produced by MGA as MGA 000001-MGA000006, or any version thereof, with the U.S.

10  Copyright Office.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 85:**

12       Bryant incorporates by reference the above-stated general objections as if fully set forth

13  herein. Bryant specifically objects to this request on the grounds that the request seeks

14  information not relevant to any claim or defense of any party in this action.  Bryant specifically

15  objects to this request on the grounds that it calls for Bryant to speculate about matters to which

16  Bryant lacks personal knowledge.

17       Subject to and without waiving the foregoing general and specific objections, Bryant

18  responds to this request by incorporating MGA's response to Request Number 243 in Mattel's

19  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

20  request, and Bryant is presently unaware of any facts which refute that response.

21

22  **REQUEST FOR ADMISSION NO. 86:**

23       Admit that, as of the date of these Requests, MGA has not recorded the agreement

24  produced by MGA as MGA 000001-MGA000006, or any version thereof, with any state or

25  federal agency, department or entity.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

27       Bryant incorporates by reference the above-stated general objections as if fully set forth

28

32

EXHIBIT _5_ PAGE _36_

1   herein. Bryant specifically objects to this request on the grounds that the request seeks

2   information not relevant to any claim or defense of any party in this action.  Bryant specifically

3   objects to this request on the grounds that it calls for Bryant to speculate about matters to which

4   Bryant lacks personal knowledge.

5          Subject to and without waiving the foregoing general and specific objections, Bryant

6   responds to this request by incorporating MGA's response to Request Number 244 in Mattel's

7   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

8   request, and Bryant is presently unaware of any facts which refute that response.

9

10  **REQUEST FOR ADMISSION NO. 87:**

11         Admit that, as of the date of these Requests, YOU have not recorded the agreement

12  produced by MGA as MGA000001 – MGA000006, or any version thereof, with the U.S.

13  Copyright Office.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

15         Bryant incorporates by reference the above-stated general objections as if fully set forth

16  herein. Bryant specifically objects to this request on the grounds that the request seeks

17  information not relevant to any claim or defense of any party in this action.

18         Subject to and without waiving the foregoing general and specific objections, Bryant

19  responds to this request as follows:  Bryant admits the request.

20

21  **REQUEST FOR ADMISSION NO. 88:**

22         Admit that, as of the date of these Requests, YOU have not recorded the agreement

23  produced by MGA as MGA000001 – MGA000006, or any version thereof, with any state or

24  federal agency, department or entity.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

26         Bryant incorporates by reference the above-stated general objections as if fully set forth

27  herein. Bryant specifically objects to this request on the grounds that the request seeks

28                                          33

EXHIBIT __5__ PAGE 3/7

1  information not relevant to any claim or defense of any party in this action.

2       Subject to and without waiving the foregoing general and specific objections, Bryant

3  responds to this request as follows: Bryant admits the request.

4

5  **REQUEST FOR ADMISSION NO. 89:**

6       Admit that, as of the date of these Requests, YOU have not recorded the agreement

7  produced by YOU as BRYANT 00794 – BRYANT 0000799, or any version thereof, with the

8  U.S. Copyright Office.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

10       Bryant incorporates by reference the above-stated general objections as if fully set forth

11  herein. Bryant specifically objects to this request on the grounds that the request seeks

12  information not relevant to any claim or defense of any party in this action.

13       Subject to and without waiving the foregoing general and specific objections, Bryant

14  responds to this request as follows: Bryant admits the request.

15

16  **REQUEST FOR ADMISSION NO. 90:**

17       Admit that, as of the date of these Requests, YOU have not recorded the agreement

18  produced by YOU as BRYANT 00794 – BRYANT 0000799, or any version thereof, with any

19  state or federal agency, department or entity.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

21       Bryant incorporates by reference the above-stated general objections as if fully set forth

22  herein. Bryant specifically objects to this request on the grounds that the request seeks

23  information not relevant to any claim or defense of any party in this action.

24       Subject to and without waiving the foregoing general and specific objections, Bryant

25  responds to this request as follows: Bryant admits the request.

26

27

28

34

EXHIBIT **5** PAGE **318**

1    **REQUEST FOR ADMISSION NO. 91:**

2        Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by

3    YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with the U.S. Copyright

4    Office.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

6        Bryant incorporates by reference the above-stated general objections as if fully set forth

7    herein. Bryant specifically objects to this request on the grounds that the request seeks

8    information not relevant to any claim or defense of any party in this action. Bryant specifically

9    objects to this request on the grounds that it calls for Bryant to speculate about matters to which

10   Bryant lacks personal knowledge.

11       Subject to and without waiving the foregoing general and specific objections, Bryant

12   responds to this request by incorporating MGA's response to Request Number 249 in Mattel's

13   Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

14   request, and Bryant is presently unaware of any facts which refute that response.

15

16   **REQUEST FOR ADMISSION NO. 92:**

17       Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by

18   YOU as BRYANT 00794-BRYANT 0000799, or any version thereof, with any state or federal

19   agency, department or entity.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

21       Bryant incorporates by reference the above-stated general objections as if fully set forth

22   herein. Bryant specifically objects to this request on the grounds that the request seeks

23   information not relevant to any claim or defense of any party in this action. Bryant specifically

24   objects to this request on the grounds that it calls for Bryant to speculate about matters to which

25   Bryant lacks personal knowledge.

26       Subject to and without waiving the foregoing general and specific objections, Bryant

27   responds to this request by incorporating MGA's response to Request Number 250 in Mattel's

28

35

EXHIBIT __5__ PAGE __319__

1  Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

2  request, and Bryant is presently unaware of any facts which refute that response.

3

4  **REQUEST FOR ADMISSION NO. 93:**

5       Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by

6  MGA as MGA 000001-MGA000006, or any version thereof, with the U.S. Copyright Office.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

8       Bryant incorporates by reference the above-stated general objections as if fully set forth

9  herein. Bryant specifically objects to this request on the grounds that the request seeks

10  information not relevant to any claim or defense of any party in this action. Bryant specifically

11  objects to this request on the grounds that it calls for Bryant to speculate about matters to which

12  Bryant lacks personal knowledge.

13       Subject to and without waiving the foregoing general and specific objections, Bryant

14  responds to this request by incorporating MGA's response to Request Number 251 in Mattel's

15  Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

16  request, and Bryant is presently unaware of any facts which refute that response.

17

18  **REQUEST FOR ADMISSION NO. 94:**

19       Admit that, as of November 7, 2006, MGA had not recorded the agreement produced by

20  MGA as MGA 000001-MGA000006, or any version thereof, with any state or federal agency,

21  department or entity.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

23       Bryant incorporates by reference the above-stated general objections as if fully set forth

24  herein. Bryant specifically objects to this request on the grounds that the request seeks

25  information not relevant to any claim or defense of any party in this action. Bryant specifically

26  objects to this request on the grounds that it calls for Bryant to speculate about matters to which

27  Bryant lacks personal knowledge.

28          36

EXHIBIT **S** PAGE **320**

1   Subject to and without waiving the foregoing general and specific objections, Bryant

2   responds to this request by incorporating MGA's response to Request Number 252 in Mattel's

3   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

4   request, and Bryant is presently unaware of any facts which refute that response.

5

6   **REQUEST FOR ADMISSION NO. 95:**

7   Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by

8   MGA as MGA000001 – MGA000006, or any version thereof, with the U.S. Copyright Office.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

10   Bryant incorporates by reference the above-stated general objections as if fully set forth

11   herein.  Bryant specifically objects to this request on the grounds that the request seeks

12   information not relevant to any claim or defense of any party in this action.

13   Subject to and without waiving the foregoing general and specific objections, Bryant

14   responds to this request as follows:  Bryant admits the request.

15

16   **REQUEST FOR ADMISSION NO. 96:**

17   Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by

18   MGA as MGA000001 – MGA000006, or any version thereof, with any state or federal agency,

19   department or entity.

20   **RESPONSE TO REQUEST FOR ADMISSION NO. 96:**

21   Bryant incorporates by reference the above-stated general objections as if fully set forth

22   herein.  Bryant specifically objects to this request on the grounds that the request seeks

23   information not relevant to any claim or defense of any party in this action.

24   Subject to and without waiving the foregoing general and specific objections, Bryant

25   responds to this request as follows:  Bryant admits the request.

26

27

28   37   EXHIBIT __5__ PAGE __321__

1 **REQUEST FOR ADMISSION NO. 97:**

2     Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by

3 YOU as BRYANT 00794 – BRYANT 0000799, or any version thereof, with the U.S. Copyright

4 Office.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 97:**

6     Bryant incorporates by reference the above-stated general objections as if fully set forth

7 herein. Bryant specifically objects to this request on the grounds that the request seeks

8 information not relevant to any claim or defense of any party in this action.

9     Subject to and without waiving the foregoing general and specific objections, Bryant

10 responds to this request as follows: Bryant admits the request.

11

12 **REQUEST FOR ADMISSION NO. 98:**

13     Admit that, as of November 7, 2006, YOU had not recorded the agreement produced by

14 YOU as BRYANT 00794 – BRYANT 0000799, or any version thereof, with any state or federal

15 agency, department or entity.

16 **RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

17     Bryant incorporates by reference the above-stated general objections as if fully set forth

18 herein. Bryant specifically objects to this request on the grounds that the request seeks

19 information not relevant to any claim or defense of any party in this action.

20     Subject to and without waiving the foregoing general and specific objections, Bryant

21 responds to this request as follows: Bryant admits the request.

22

23 **REQUEST FOR ADMISSION NO. 99:**

24     Admit that MGA represented to the U.S. Copyright Office that the work registered as

25 V A 1-090-287 is a derivative of the work registered as V A 1-218-487.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

27     Bryant incorporates by reference the above-stated general objections as if fully set forth

28                   38    EXHIBIT **5** PAGE **322**

1   herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

2   information subject to the attorney-client privilege, the work product doctrine, and other

3   applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

4   about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

5   request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

6   personal knowledge.

7          Subject to and without waiving the foregoing general and specific objections, Bryant

8   responds to this request by incorporating MGA's response to Request Number 191 in Mattel's

9   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

10  request, and Bryant is presently unaware of any facts which refute that response.

11

12  **REQUEST FOR ADMISSION NO. 100:**

13         Admit that the work registered as V A 1-090-287 is a derivative of the work registered as

14  V A 1-218-487.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

16         Bryant incorporates by reference the above-stated general objections as if fully set forth

17  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

18  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

19  information subject to the attorney-client privilege, the work product doctrine, and other

20  applicable privileges.

21

22  **REQUEST FOR ADMISSION NO. 101:**

23         Admit that, before THIS ACTION was filed, MGA represented to the U. S. Copyright

24  Office that the work registered as V A 1-090-287 was created in 2000.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

26         Bryant incorporates by reference the above-stated general objections as if fully set forth

27  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

28                                        39       EXHIBIT __5__ PAGE _323_

1    information subject to the attorney-client privilege, the work product doctrine, and other

2    applicable privileges. Bryant also objects to this request on the grounds that it seeks information

3    about a statement that is incomplete and/or out of context. Bryant specifically objects to this

4    request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

5    personal knowledge.

6         Subject to and without waiving the foregoing general and specific objections, Bryant

7    responds to this request by incorporating MGA's response to Request Number 194 in Mattel's

8    Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

9    request, and Bryant is presently unaware of any facts which refute that response.

10

11   **REQUEST FOR ADMISSION NO. 102:**

12        Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright Office a

13   Form CA stating that the work registered as V A 1-090-287 was created in 2001.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

15        Bryant incorporates by reference the above-stated general objections as if fully set forth

16   herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

17   information subject to the attorney-client privilege, the work product doctrine, and other

18   applicable privileges. Bryant specifically object to this request on the grounds that the document

19   speaks for itself. Bryant specifically objects to this request on the grounds that it calls for Bryant

20   to speculate about matters to which Bryant lacks personal knowledge.

21        Subject to and without waiving the foregoing general and specific objections, Bryant

22   responds to this request by incorporating MGA's response to Request Number 195 in Mattel's

23   Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

24   request, and Bryant is presently unaware of any facts which refute that response.

25

26   **REQUEST FOR ADMISSION NO. 103:**

27        Admit that the work registered as V A 1-090-287 was created in 2000.

28                            40    EXHIBIT 5 PAGE 324

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

2       Bryant incorporates by reference the above-stated general objections as if fully set forth

3 herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

4 information subject to the attorney-client privilege, the work product doctrine, and other

5 applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

6 legal conclusion.

7       Subject to and without waiving the foregoing general and specific objections, Bryant

8 responds to this request by incorporating MGA's response to Request Number 196 in Mattel's

9 Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

10 request, and Bryant is presently unaware of any facts which refute that response.

11

12 **REQUEST FOR ADMISSION NO. 104:**

13       Admit that the doll that is depicted in the deposit for registration V A 1-090-287 was

14 created in 2000.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

16       Bryant incorporates by reference the above-stated general objections as if fully set forth

17 herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

18 information subject to the attorney-client privilege, the work product doctrine, and other

19 applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

20 legal conclusion.

21       Subject to and without waiving the foregoing general and specific objections, Bryant

22 responds to this request by incorporating MGA's response to Request Number 197 in Mattel's

23 Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

24 request, and Bryant is presently unaware of any facts which refute that response.

25

26 **REQUEST FOR ADMISSION NO. 105:**

27       Admit that MGA represented to the U.S. Copyright Office that the work registered as

28                    41   EXHIBIT __5__ PAGE 325

1 │ V A 1 -090-288 is a derivative of the work registered as V A 1-218-488.

2 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

3 │       Bryant incorporates by reference the above-stated general objections as if fully set forth

4 │ herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

5 │ information subject to the attorney-client privilege, the work product doctrine, and other

6 │ applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

7 │ about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

8 │ request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

9 │ personal knowledge.

10 │       Subject to and without waiving the foregoing general and specific objections, Bryant

11 │ responds to this request by incorporating MGA's response to Request Number 198 in Mattel's

12 │ Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

13 │ request, and Bryant is presently unaware of any facts which refute that response.

14 │

15 │ **REQUEST FOR ADMISSION NO. 106:**

16 │       Admit that the work registered as V A 1-090-288 is a derivative of the work registered as

17 │ V A 1-218-488.

18 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

19 │       Bryant incorporates by reference the above-stated general objections as if fully set forth

20 │ herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

21 │ Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

22 │ information subject to the attorney-client privilege, the work product doctrine, and other

23 │ applicable privileges.

24 │

25 │ **REQUEST FOR ADMISSION NO. 107:**

26 │       Admit that, before THIS ACTION was filed, MGA represented to the U.S. Copyright

27 │ Office that the work registered as V A 1-090-288 was created in 2000.

28 │

42   EXHIBIT __5__ PAGE_326_

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 107:**

2       Bryant incorporates by reference the above-stated general objections as if fully set forth

3 herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

4 information subject to the attorney-client privilege, the work product doctrine, and other

5 applicable privileges. Bryant also objects to this request on the grounds that it seeks information

6 about a statement that is incomplete and/or out of context. Bryant specifically objects to this

7 request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

8 personal knowledge.

9       Subject to and without waiving the foregoing general and specific objections, Bryant

10 responds to this request by incorporating MGA's response to Request Number 201 in Mattel's

11 Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

12 request, and Bryant is presently unaware of any facts which refute that response.

13

14 **REQUEST FOR ADMISSION NO. 108:**

15       Admit that, after THIS ACTION was filed, MGA filed with the U.S. Copyright Office a

16 Form CA stating that the work registered as V A 1-090-288 was created in 2001.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

18       Bryant incorporates by reference the above-stated general objections as if fully set forth

19 herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

20 information subject to the attorney-client privilege, the work product doctrine, and other

21 applicable privileges. Bryant specifically object to this request on the grounds that the document

22 speaks for itself. Bryant specifically objects to this request on the grounds that it calls for Bryant

23 to speculate about matters to which Bryant lacks personal knowledge.

24       Subject to and without waiving the foregoing general and specific objections, Bryant

25 responds to this request by incorporating MGA's response to Request Number 202 in Mattel's

26 Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

27 request, and Bryant is presently unaware of any facts which refute that response.

28

43

EXHIBIT **5** PAGE **327**

1

2 **REQUEST FOR ADMISSION NO. 109:**

3       Admit that the work registered as V A 1-090-288 was created in 2000.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

5       Bryant incorporates by reference the above-stated general objections as if fully set forth

6 herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

7 information subject to the attorney-client privilege, the work product doctrine, and other

8 applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

9 legal conclusion.

10       Subject to and without waiving the foregoing general and specific objections, Bryant

11 responds to this request by incorporating MGA's response to Request Number 203 in Mattel's

12 Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

13 request, and Bryant is presently unaware of any facts which refute that response.

14

15 **REQUEST FOR ADMISSION NO. 110:**

16       Admit that the doll that is depicted in the deposit for registration V A 1-090-288 was

17 created in 2000.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 110:**

19       Bryant incorporates by reference the above-stated general objections as if fully set forth

20 herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

21 information subject to the attorney-client privilege, the work product doctrine, and other

22 applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

23 legal conclusion.

24       Subject to and without waiving the foregoing general and specific objections, Bryant

25 responds to this request by incorporating MGA's response to Request Number 204 in Mattel's

26 Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

27 request, and Bryant is presently unaware of any facts which refute that response.

28

44

EXHIBIT __5__ PAGE **328**

1

2 **REQUEST FOR ADMISSION NO. 111:**

3       Admit that MGA represented to the U.S. Copyright Office that the work registered as

4 V A 1-090-289 is a derivative of the work registered as V A 1-218-490.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 111:**

6       Bryant incorporates by reference the above-stated general objections as if fully set forth

7 herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

8 information subject to the attorney-client privilege, the work product doctrine, and other

9 applicable privileges. Bryant also objects to this request on the grounds that it seeks information

10 about a statement that is incomplete and/or out of context. Bryant specifically objects to this

11 request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

12 personal knowledge.

13       Subject to and without waiving the foregoing general and specific objections, Bryant

14 responds to this request by incorporating MGA's response to Request Number 205 in Mattel's

15 Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

16 request, and Bryant is presently unaware of any facts which refute that response.

17

18 **REQUEST FOR ADMISSION NO. 112:**

19       Admit that the work registered as V A 1-090-289 is a derivative of the work registered as

20 V A 1-218-490.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

22       Bryant incorporates by reference the above-stated general objections as if fully set forth

23 herein. Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

24 Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

25 information subject to the attorney-client privilege, the work product doctrine, and other

26 applicable privileges.

27

28                                 45 EXHIBIT **5** PAGE**329**

1 | **REQUEST FOR ADMISSION NO. 113:**

2 |     Admit that, before THIS ACTION was filed, MGA represented to the U. S. Copyright

3 | Office that the work registered as V A 1-090-289 was created in 2000.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

5 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

6 | herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

7 | information subject to the attorney-client privilege, the work product doctrine, and other

8 | applicable privileges. Bryant also objects to this request on the grounds that it seeks information

9 | about a statement that is incomplete and/or out of context. Bryant specifically objects to this

10 | request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

11 | personal knowledge.

12 |     Subject to and without waiving the foregoing general and specific objections, Bryant

13 | responds to this request by incorporating MGA's response to Request Number 208 in Mattel's

14 | Third Set of Requests for Admissions, served on MGA by Mattel, as follows: MGA admits the

15 | request, and Bryant is presently unaware of any facts which refute that response.

16 |

17 | **REQUEST FOR ADMISSION NO. 114:**

18 |     Admit that, after THIS ACTION was filed, MGA filed with the U. S. Copyright Office a

19 | Form CA stating that the work registered as V A 1-090-289 was created in 2001.

20 | **RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

21 |     Bryant incorporates by reference the above-stated general objections as if fully set forth

22 | herein. Bryant specifically objects to this request on the grounds it calls for the disclosure of

23 | information subject to the attorney-client privilege, the work product doctrine, and other

24 | applicable privileges. Bryant specifically object to this request on the grounds that the document

25 | speaks for itself. Bryant specifically objects to this request on the grounds that it calls for Bryant

26 | to speculate about matters to which Bryant lacks personal knowledge.

27 |     Subject to and without waiving the foregoing general and specific objections, Bryant

28 |

46

EXHIBIT **5** PAGE **330**

1    responds to this request by incorporating MGA's response to Request Number 209 in Mattel's

2    Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

3    request, and Bryant is presently unaware of any facts which refute that response.

4

5    **REQUEST FOR ADMISSION NO. 115:**

6         Admit that the work registered as V A 1-090-289 was created in 2000.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

8         Bryant incorporates by reference the above-stated general objections as if fully set forth

9    herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

10   information subject to the attorney-client privilege, the work product doctrine, and other

11   applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

12   legal conclusion.

13        Subject to and without waiving the foregoing general and specific objections, Bryant

14   responds to this request by incorporating MGA's response to Request Number 210 in Mattel's

15   Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

16   request, and Bryant is presently unaware of any facts which refute that response.

17

18   **REQUEST FOR ADMISSION NO. 116:**

19        Admit that the doll that is depicted in the deposit for registration V A 1-090-289 was

20   created in 2000.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

22        Bryant incorporates by reference the above-stated general objections as if fully set forth

23   herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

24   information subject to the attorney-client privilege, the work product doctrine, and other

25   applicable privileges.  Bryant specifically objects to this request on the grounds that it calls for a

26   legal conclusion.

27        Subject to and without waiving the foregoing general and specific objections, Bryant

28

47

EXHIBIT __5__ PAGE __331__

1  responds to this request by incorporating MGA's response to Request Number 211 in Mattel's

2  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA denies the

3  request, and Bryant is presently unaware of any facts which refute that response.

4

5  **REQUEST FOR ADMISSION NO. 117:**

6      Admit that MGA represented to the U. S. Copyright Office that the work registered as

7  V A 1-090-290 is a derivative of the work registered as V A 1-218-491.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

9      Bryant incorporates by reference the above-stated general objections as if fully set forth

10  herein.  Bryant specifically objects to this request on the grounds it calls for the disclosure of

11  information subject to the attorney-client privilege, the work product doctrine, and other

12  applicable privileges.  Bryant also objects to this request on the grounds that it seeks information

13  about a statement that is incomplete and/or out of context.  Bryant specifically objects to this

14  request on the grounds that it calls for Bryant to speculate about matters to which Bryant lacks

15  personal knowledge.

16      Subject to and without waiving the foregoing general and specific objections, Bryant

17  responds to this request by incorporating MGA's response to Request Number 212 in Mattel's

18  Third Set of Requests for Admissions, served on MGA by Mattel, as follows:  MGA admits the

19  request, and Bryant is presently unaware of any facts which refute that response.

20

21  **REQUEST FOR ADMISSION NO. 118:**

22      Admit that the work registered as V A 1-090-290 is a derivative of the work registered as

23  V A 1-218-491.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

25      Bryant incorporates by reference the above-stated general objections as if fully set forth

26  herein.  Bryant specifically objects to this request on the grounds it calls for a legal conclusion.

27  Bryant also specifically objects to this request on the grounds that it calls for the disclosure of

28

48

EXHIBIT __5__ PAGE 332