**EXHIBIT 6**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

| 13 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 14 | Plaintiff, | Consolidated with |
| 15 | vs. | Case No. CV 04-09039<br>Case No. CV 05-02727 |
| 16 | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO |
| 17 | Defendant. | COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR |
| 18 | | ADMISSION OR TO ORDER REQUESTS ADMITTED AND FOR |
| 19 | AND CONSOLIDATED ACTIONS | MONETARY SANCTIONS; AND |
| 20 | | MEMORANDUM OF POINTS AND AUTHORITIES |
| 21 | | [Declaration of Scott B. Kidman filed |
| 22 | | concurrently] |
| 23 | | Hearing Date:   TBD<br>Time:            TBD |
| 24 | | Place:            TBD |

25

26

27

28                EXHIBIT  6  PAGE 347

                            00\27\07

MATTEL'S MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a telephonic conference before

3  Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time

4  to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby

5  does, move the Court:

6          (1)    to compel Carter Bryant ("Bryant") to answer Requests for

7  Admission in Mattel, Inc.'s Third Set of Requests for Admission to which Bryant

8  has objected and refused to answer, including Request Nos. 33, 34, 100, 106, 112,

9  118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and 143, or to order that such

10  Requests are deemed admitted; and

11          (2)    for an award of sanctions against Bryant in the amount of

12  $3,500.00, which represents a portion of the costs incurred by Mattel in bringing this

13  Motion.

14          This Motion is made pursuant to Federal Rules of Civil Procedure 36

15  and 37 on the grounds that Mattel's Requests for Admission seek discoverable

16  information and that Bryant's objections lack merit and his refusals to fully answer

17  are improper.

18          This Motion is based on this Notice of Motion and Motion, the

19  accompanying Memorandum of Points and Authorities, the Declaration of Scott B.

20  Kidman filed concurrently herewith, and all other matters of which the Court may

21  take judicial notice.

22

23

24

25

26

27

28

EXHIBIT __6__ PAGE 348

209/2148486.1

-1-

MATTEL'S MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION

1

**Statement of Rule 37-1 Compliance**

2          The parties met and conferred regarding this motion on May 23, 2007

3    and times thereafter.

4

5    DATED:  June 26, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
6

7                                   By
8                                      Scott B. Kidman
                                       Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                          EXHIBIT __6__ PAGE _349_

28

                                    -2-

# TABLE OF CONTENTS

**Page**

Preliminary Statement .............................................................................................. 1

Background.............................................................................................................. 2

Argument ................................................................................................................. 5

I.    THE COURT SHOULD COMPEL BRYANT TO ANSWER REQUESTS REGARDING WHETHER ONE BRATZ WORK IS DERIVATIVE OF ANOTHER BRATZ WORK ................................................. 5

    A.    Bryant's Supplemental And Amended Response Is Improper ............... 5

    B.    Bryant's Original Response Is Improper.................................................. 7

II.   THE COURT SHOULD COMPEL BRYANT TO ANSWER REQUESTS REGARDING HIS CONTRACT WITH MGA ......................... 8

III.  BRYANT SHOULD BE SANCTIONED ....................................................... 10

Conclusion ............................................................................................................. 11

EXHIBIT __6__ PAGE 350

7209/2148486.1

# TABLE OF AUTHORITIES

**Page**

## Cases

Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.,
1995 WL 625744, at *6 (D. Kan. 1995)................................................. 6

Braley v. Campbell,
832 F.2d 1504 (10th Cir. 1987)........................................... 10

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
1989 WL. 92038 (E.D.N.Y 1988)........................................... 7, 9

First Options of Chicago, Inc. v. Wallenstein,
1996 WL. 729816 (E.D. Pa. 1996)........................................... 6

Hyde & Drath v. Baker,
24 F.3d 1162 (9th Cir. 1994)........................................... 10

King v. E.F. Hutton & Co., Inc.,
117 F.R.D. 2 (D.D.C. 1987)........................................... 9

Marchand v. Mercy Medical Center,
22 F.3d 933 (9th Cir. 1994)........................................... 6

Miller v. Holzmann,
240 F.R.D. 1 (D.D.C. 2006)........................................... 6

Novak v. Capital Management & Development Corp.,
2007 WL. 1200827 (D.D.C. 2007)........................................... 6

Ransom v. U.S.,
8 Cl. Ct. 646, 647 (Cl. Ct. 1985)........................................... 6

RTC v. Dabney,
73 F.3d 262 (10th Cir. 1995)........................................... 10

Treister v. PNC Bank,
2007 WL. 521935 (S.D. Fla. 2007)........................................... 6

## Statutes

28 U.S.C. § 1927 ........................................... 10

Fed. R. Civ. P. 36........................................... 1, 2, 3, 5, 6, 7, 8

Fed. R. Civ. P. 37(a)(4) ........................................... 10

EXHIBIT __6__ PAGE __351__

1

## Other Authorities

2   11 Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro.
Before Trial 11:2006-07 (The Rutter Group 2006)............................................. 6, 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __6__ PAGE __352__

MATTEL'S MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION

7209/2148486.1

1    ## MEMORANDUM OF POINTS AND AUTHORITIES

2

3                              ### Preliminary Statement

4            Mattel is forced to bring this motion to compel because Carter Bryant

5    has objected and refused to answer 16 requests for admission on the grounds that the

6    requests purportedly call for a "legal conclusion" and the disclosure of information

7    subject to the attorney-client privilege and work product doctrine.

8            Bryant's objections and refusal to answer have no merit.  Federal Rule

9    of Civil Procedure 36 specifically provides that requests for admission may relate to

10   "the application of law to fact."  Indeed, consistent with Rule 36's objective of

11   narrowing the scope of trial by eliminating issues, it is well established that requests

12   for admission may relate to the ultimate issues in the case.  Only requests to admit

13   pure conclusions of law unrelated to the facts of the case are objectionable.  None of

14   the requests at issue even remotely asks for pure conclusions of law unrelated to the

15   facts of the case.  To the contrary, the requests relate to the contract between Bryant

16   and MGA--admittedly entered into while Bryant was still employed by Mattel--

17   whereby Bryant purportedly assigned all of his right, title and interest in Bratz to

18   MGA and to Bratz works that are the subject of copyright registrations allegedly

19   owned by MGA.

20           Bryant's objection that the requests call for privileged information and

21   work product because he purportedly cannot answer them without conferring with

22   his counsel fares no better.  As with contention interrogatories, a party cannot avoid

23   answering requests for admission that involve the application of law to fact by

24   claiming that it needs to confer with counsel in order to do so.  To hold otherwise

25   would effectively gut the provision of Rule 36 expressly authorizing such requests.

26           As to most of the requests at issue, Bryant originally responded that he

27   lacked sufficient information to either admit or deny the request.  During meet and

28   confer discussions, Bryant stated that he would provide supplemental responses.

7209/2148486.1

-1-    EXHIBIT __6__ PAGE __353__

1   Yet, when Bryant provided his "supplemental" responses, he objected and refused to

2   answer provide any answer at all.  Under these circumstances, the Court should

3   order that the requests are deemed admitted as <u>Rule 36</u> authorizes.  At a minimum,

4   Bryant should be ordered to provide full and complete answers that meet the

5   substance of the requests.

## Background

### Mattel's Third Set of Requests For Admission to Bryant.  On

February 28, 2007, Mattel served its Third Set of Requests for Admission to Carter

Bryant (the "Requests").[1]  Among other things, the Requests seek discoverable

information regarding:

- The timing of meetings between Bryant and MGA regarding Bratz, worked performed by Bryant on Bratz, designs created by Bryant for Bratz and payments made to Bryant by MGA for Bratz.

- The contract between MGA and Bryant whereby Bryant purported to assign all his right, title and interest in Bratz to MGA.

- Whether specific Bratz works subject to copyright registrations are derivative of other specific Bratz works subject to copyright registrations.

### Bryant's Original Responses to Mattel's Third Set of Requests for Admission.  On March 30, 2007, Bryant served his responses to the Requests.[2]

Bryant refused to answer many requests based on improper objections.  Where

Bryant did provide answers, in most instances the answers were evasive, based on

---

[1]   Mattel, Inc.'s Third Set of Requests for Admission to Carter Bryant, dated February 28, 2007 (the "Requests"), attached as Exhibit 1 to the Declaration of Scott B. Kidman, dated June 26, 2007 ("Kidman Dec.").

[2]   Carter Bryant's Responses to Mattel's Third Set of Requests for Admission, dated March 30, 2007 ("Bryant's Responses"), Kidman Dec., Ex. 2.

EXHIBIT *6* PAGE *354*

7209/2148486.1

1 | improper and unreasonable interpretations of the Requests or otherwise failed to
2 | meet the substance of the Requests. For example, even though the origin, design
3 | and development of Bratz is at the heart of this case, Bryant denied numerous
4 | requests about the timing of meetings regarding Bratz, work performed on Bratz and
5 | payments he received from MGA for Bratz on the purported grounds that "no such
6 | doll existed" during the time period covered by the requests.[3] Thus, for instance,
7 | Bryant denied that he "performed work on BRATZ during the time that [he] was
8 | employed by Mattel" on the grounds that "no such doll existed while [he] was
9 | employed by Mattel."[4]

10 | In response to a number of other Requests asking Bryant to admit that a
11 | specific Bratz work attached to the Requests is derivative of another specific Bratz
12 | work attached to the Requests, Bryant responded that "the information known or
13 | readily obtainable" by Bryant was somehow "insufficient" to enable him to admit or
14 | deny the request.[5]

15 | In addition, even though <u>Rule</u> 36 specifically provides that requests for
16 | admission may relate to "the application of fact to law," Bryant objected to and
17 | refused to answer a number requests regarding his contract with MGA on the
18 | grounds that the requests called for a "legal conclusion" and "the disclosure of
19 | information subject to the attorney-client privilege, the work product doctrine, and
20 | other applicable privileges."[6]

21 | **The Parties' Meet and Confer Regarding Bryant's Responses**.
22 | During the meet and confer process, Bryant confirmed that in responding to the
23 |

24 |
25 | [3] See Bryant's Responses to Request Nos. 36-44 and 46-49, Kidman Dec., Exh. 2.
26 | [4] See Bryant's Response to Request No. 44, Kidman Dec., Exh. 2.
27 | [5] See Bryant's Response to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141, 143, Kidman Dec., Exh. 2.
28 | [6] See Bryant's Response to Request Nos. 33 and 34, Kidman Dec., Exh. 2.

7209/2148486.1

-3-   EXHIBIT **6** PAGE **355**

1 | Requests he had interpreted the term "BRATZ" to require that there already be in

2 | existence a physical Bratz doll at the time identified in the request and the term

3 | "BRATZ WORK" to require a representation of a then-existing physical Bratz doll.[7]

4 | Bryant's interpretations were improper and unreasonable.  Indeed, Bryant admitted

5 | that he had not imposed such restrictions in responding to Mattel's prior discovery

6 | that used these exact same terms.[8]  Eventually, Bryant agreed to abandon his

7 | newly-minted interpretations of these terms and provide supplemental responses, but

8 | only after Mattel was forced to threaten a motion to compel.[9]

9 |       As for the requests asking Bryant to admit that one Bratz work was

10 | derivative of another Bratz work, Mattel pointed out that Bryant could not

11 | legitimately claim to lack sufficient information to admit or deny the requests.[10]  In

12 | response, Bryant agreed to provide supplemental responses.[11]

13 |       With respect to the requests regarding Bryant's contract with MGA to

14 | which Bryant objected and refused to answer on "legal conclusion" and privilege

15 | grounds, Bryant stated that he would stand on his objections.[12]

16 | **Bryant's Supplemental and Amended Responses and the Parties'**

17 | **Subsequent Meet and Confer.**  On May 29, 2007, Bryant served supplemental and

18 |

19 |

20 |

---

21 |   [7]  Letter from Michael T. Zeller to Douglas A. Wickham, dated April 25, 2007,

22 | Kidman Dec., Exh. 3; Letter from Christa Anderson to Michael T. Zeller, dated

23 | May 15, 2007, Kidman Dec., Exh. 4.
  [8]  Kidman Dec., ¶ 6.

24 |   [9]  Letter from Scott B. Kidman to John E. Trinidad, dated June 18, 2007,
Kidman Dec., ¶ Exh. 5.

25 |   [10]  Letter from Michael T. Zeller to Douglas A. Wickham, dated April 25, 2007,

26 | Kidman Dec., Exh. 3.

27 |   [11]  Letter from Christa Anderson to Michael T. Zeller, dated May 15, 2007,
Kidman Dec., Exh. 4.

28 |   [12]  Id.

EXHIBIT 6 PAGE 356

-4-

7209/2148486.1

1 | amended responses.[13]  As for those requests asking Bryant to admit that one Bratz
2 | work was derivative of another Bratz work, Bryant did nothing to remedy the
3 | deficiency in his original responses.  To the contrary, in his "supplemental
4 | responses," Bryant simply objected and refused to provide any answer at all.[14]  That
5 | is hardly the kind of "supplemental response" one would expect following a good
6 | faith meet and confer.  In subsequent meet and confer discussions, Bryant stated that
7 | he would stand on his objections and refused to answer.[15]

8 | **Argument**

9 | I.     **THE COURT SHOULD COMPEL BRYANT TO ANSWER**
10 |       **REQUESTS REGARDING WHETHER ONE BRATZ WORK IS**
11 |       **DERIVATIVE OF ANOTHER BRATZ WORK**

12 |      A.     **Bryant's Supplemental And Amended Response Is Improper**

13 |       In his supplemental and amended responses, Bryant objected and
14 | refused to answer the requests seeking an admission that a particular Bratz work is
15 | derivative of another Bratz work on the grounds that these requests call for a "legal
16 | conclusion" and "the disclosure of information subject to the attorney-client
17 | privilege, the work product doctrine, and other applicable privileges.[16]  These
18 | objections have no merit and Bryant should be ordered to answer.

19 |       Rule 36 plainly states that requests for admission may "relate to
20 | statements or opinions of fact or the **application of law to fact**."  Fed. R. Civ. P. 36

21 |

22 |     [13]   Carter Bryant's Supplemental and Amended Responses to Mattel, Inc.'s Third
23 | Set of Requests for Admission, dated May 29, 2007 ("Bryant's Supplemental and Amended Responses"), Kidman Dec., Exh. 6.
24 |     [14]   See Bryant's Supplemental and Amended Responses to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141, 143, Kidman Dec.,
25 | Exh. 6.
26 |     [15]   Kidman Dec., ¶ 9.
27 |     [16]   See Bryant's Supplemental and Amended Responses to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Dec.,
28 | Exh. 6.

EXHIBIT  **6**  PAGE **357**

1  (emphasis added.) "This allows RFAs on the ultimate issue in the case: e.g.,

2  whether a party was negligent; whether an accident is covered under an insurance

3  policy, etc." 11 Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro.

4  Before Trial 11:2006-07 (The Rutter Group 2006). In Marchand v. Mercy Medical

5  Center, 22 F.3d 933, 937-38 (9th Cir. 1994), the Ninth Circuit held that requests

6  asking the defendant in a medical malpractice action to admit that his treatment of

7  plaintiff "failed to comply with the applicable standard of care" and that plaintiff's

8  injuries were "caused by" defendant's treatment were proper under Rule 36. The

9  Court even upheld the trial court's award of over $200,000 in sanctions on the

10  grounds that there was no reasonable basis for defendant's "denial of causation." Id.

11  at 939.

12         Thus, under the law, requests for admission "are not objectionable even

13  if they require opinions or conclusions of law, as long as the legal conclusions relate

14  to the facts of the case. Requests to admit pure conclusions of law unrelated to facts

15  in the case are objectionable." E.g., Ransom v. U.S., 8 Cl. Ct. 646, 647 (Cl. Ct.

16  1985). Accord Treister v. PNC Bank, 2007 WL 521935, at *2 (S.D. Fla. 2007)

17  (rejecting such objections as "without merit."); Miller v. Holzmann, 240 F.R.D. 1, 5

18  (D.D.C. 2006); First Options of Chicago, Inc. v. Wallenstein, 1996 WL 729816,

19  at *3 (E.D. Pa. 1996) ("'Requests for admission ... are not objectionable even if they

20  require opinions or conclusions of law, as long as the legal conclusions relate to the

21  facts of the case.'") (quoting Audiotext Communications Network, Inc. v. U.S.

22  Telecom, Inc., 1995 WL 625744, at *6 (D. Kan. 1995)). None of these requests

23  remotely asks for admissions of "pure conclusions of law unrelated to facts in the

24  case," and Bryant's objections on this score are groundless.

25         So too are Bryant's privilege and work product objections. The fact

26  that Bryant may need to consult with counsel to respond to these requests does not

27  make the response privileged. Indeed, in Novak v. Capital Management &

28  Development Corp., 2007 WL 1200827, at *5 (D.D.C. 2007), the court expressly

1  directed a party to consult with counsel regarding 'legal terms' in a request with

2  which the responding party claimed to be unfamiliar.  To hold otherwise would

3  effectively gut the provision of Rule 36 expressly authorizing requests that call for

4  the application of law to fact.  See also Convergent Business Systems, Inc. v.

5  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y 1988) (finding that

6  interrogatories that call for the application of law to fact do not implicate the

7  attorney work product doctrine as otherwise contention interrogatories would not

8  exist).

9          Bryant cannot refuse to answer these requests simply because he

10  contends that he will need to consult with counsel in order to do so.  Bryant should

11  be ordered to provide answers without further delay.

12          **B.    Bryant's Original Response Is Improper**

13          As shown above, Bryant originally responded to these requests by

14  claiming that he had made a "reasonable inquiry" and that "the information known

15  or readily obtainable" by him was "insufficient" to enable him to admit or deny the

16  requests.[17]  That response too is improper.

17          Bryant claims to be the creator of the underlying Bratz works at issue

18  and the facts to which any law will be applied are within his personal knowledge or

19  are certainly readily obtainable.  Mattel has already been sandbagged by Bryant

20  once before when Bryant agreed to provide supplemental responses to these requests

21  only to then object and refuse to provide any answer at all.  Bryant should not be

22  given the opportunity to continue this gamesmanship by going back to his original

23  inadequate response (which is presumably his plan given that his "supplemental

24  responses" have now resorted to giving no answer at all).  Bryant should be ordered

25  to provide a full and complete answer that meets the substance of the requests.

26

27  [17]   See Bryant's Response to Request Nos. 100, 106, 112, 118, 126, 127, 129,

28  131, 133, 137, 139, 141 and 143, Kidman Dec., Exh. 6.

EXHIBIT 6 PAGE 359

1   Alternatively, the Court should order that the requests are deemed admitted as <u>Rule</u>
2   <u>36</u> authorizes.[18]

3   **II.    THE COURT SHOULD COMPEL BRYANT TO ANSWER**
4   **REQUESTS REGARDING HIS CONTRACT WITH MGA**

5           Exhibit 30 to the Requests is a contract between MGA and Bryant
6   dated as of September 18, 2000.[19]  That contract—which Bryant admits he entered
7   into while he was employed by Mattel—required Bryant to provide design services
8   to MGA on a "top priority" basis and also purported to transfer and assign to MGA
9   all of Bryant's right, title and interest in Bratz.[20]

10          Request Nos. 33 and 34 ask Bryant to admit that he does not contest
11  that the contract is valid and enforceable.  Bryant has objected and refused to answer
12  these requests on the grounds that they call for a "legal conclusion" and information
13  "subject to the attorney-client privilege, the work product doctrine and other
14  applicable privileges."[21]  Bryant's objections and his refusal to answer are improper.

15          Like interrogatories, one of the functions of requests for admission is
16  "to determine the other party's contentions."  11 Schwarzer, Tashima & Wagstaffe,
17  <u>Cal. Prac. Guide: Fed. Civ. Pro. Before Trial</u> 11:1970 (The Rutter Group 2006).
18  The law is clear that a party cannot avoid responding to contention interrogatories

19  _____

20  [18]  <u>Rule 36</u> provides that "[i]f the court determines that an answer does not
     comply with the requirements of this rule, it may order either that the matter is
21  admitted or that an amended answer be served."
22  [19]  Initially, Bryant even refused to admit that Exhibit 30 was a true and correct
     copy of a contract between himself and MGA, stating only that it "appeared to be a
23  copy" of the contract.  See Bryant's Response to Request No. 30, Kidman Dec.,
     Exh. 2.  Bryant eventually relented and admitted that Exhibit 30 is a true and correct
24  copy of the contract.  See Bryant's Supplemental and Amended Response to Request
25  No. 30, Kidman Dec., Exh. 6.
26  [20]  See Bryant's Supplemental and Amended Responses to Request Nos. 78 and
     79, Kidman Dec., Exh. 6.
27  [21]  See Bryant's Supplemental and Amended Responses to Request Nos. 33 and
28  34, Kidman Dec., Exh. 6.

EXHIBIT __6__ PAGE 360

-8-

7209/2148486.1

1 | by claiming that they call for a legal conclusion or by invoking the attorney-client

2 | privilege or the work product doctrine. <u>Convergent Business Systems, Inc. v.</u>

3 | <u>Diamond Reporting, Inc.</u>, 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the

4 | facts and documents which support a particular allegation in a complaint violates

5 | neither the attorney-client or work product privileges."); <u>King v. E.F. Hutton &</u>

6 | <u>Co., Inc.</u>, 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual

7 | specifics which a party contends supports a contention do not implicate the attorney

8 | work product doctrine: "If this elementary principle were not applicable, contention

9 | interrogatories would not exist. As the Advisory Committee Note reflects, as to

10 | requests for even opinions or contentions that call for the application of law to fact,

11 | they are permissible and can be most useful in narrowing and sharpening the issues,

12 | which is the major purpose of discovery.").

13 | So too here. Mattel is entitled to determine whether or not Bryant

14 | contests the validity or enforceability of his contract with MGA. Bryant cannot rely

15 | on his "legal contention" or "privilege" objections to avoid responding to these

16 | requests any more than he could rely on such objections to avoid responding to

17 | contention interrogatories.

18 | Moreover, as shown above, requests for admission are not

19 | objectionable even if they require conclusions of law, as long as the legal

20 | conclusions relate to the facts of the case. Like the requests above, none of these

21 | requests remotely asks for admissions of "pure conclusions of law unrelated to facts

22 | in the case," and Bryant's "legal conclusion" objection is groundless.

23 | Bryant's objection to these requests on relevance grounds is also plainly

24 | without merit. Bryant cannot seriously dispute that the validity and enforceability of

25 | the contract by which he purportedly assigned all of his right, title and interest in

26 | Bratz--and which he entered into in violation of his duties to Mattel while

27 | admittedly still a Mattel employee--is not relevant to Mattel's claims in this lawsuit.

28 | Not only are the Requests relevant to that issue and to whether MGA can even claim

1  rights to Bratz through Bryant, but they are also relevant to Bryant's purported

2  defense that his assignment agreement with Mattel is invalid.

3  **III.   BRYANT SHOULD BE SANCTIONED**

4              Under the Federal Rules, a party bringing a motion to compel is entitled

5  to the "reasonable expenses incurred in making the motion, including attorney's fees,

6  unless the court finds that the motion was filed without the movant's first making a

7  good faith effort to obtain the disclosure or discovery without court action, or that

8  the opposing party's nondisclosure, response or objection was substantially justified,

9  or that other circumstances make an award of expenses unjust." Fed. R. Civ. P.

10  37(a)(4). The burden of establishing substantial justification is on the party being

11  sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

12  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides

13  that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably

14  and veraciously may be required by the court to satisfy personally the excess costs,

15  expenses, and attorneys' fees reasonably incurred because of such conduct."

16  Sanctions under this section are appropriate "for conduct that, viewed objectively,

17  manifests either intentional or reckless disregard of the attorney's duties to the

18  court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v.

19  Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

20              Sanctions are called for here. Bryant's objections and refusals to

21  respond to the requests at issue are improper. Bryant's agreement to provide

22  supplemental responses to certain requests, only to then replace an improper answer

23  with a flat out refusal to answer at all, is particularly egregious. This type of bad

24  faith behavior is part of a pattern of unreasonable and vexatious conduct designed to

25  frustrate Mattel's efforts to obtain even basic discovery to which it entitled. Bryant

26  and his counsel should be sanctioned for the fees Mattel has been forced to incur in

27  connection with this motion. Mattel therefore requests that Bryant and his counsel

28  be ordered to pay $3,500.00 as partial reimbursement for those fees.

209/2148486.1

## Conclusion

For the foregoing reasons, Mattel's motion to compel should be granted in its entirety and monetary sanctions should be awarded against Bryant in the amount of $3,500.00.

DATED:  June 26, 2007          QUINN EMANUEL URQUHART OLIVER &
                               HEDGES, LLP

                               By

                               Scott B. Kidman
                               Attorneys for Mattel, Inc.

EXHIBIT __6__ PAGE 363

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 26, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION OR TO ORDER REQUESTS ADMITTED AND FOR MONETARY SANCTIONS; AND MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

> Patricia Glaser, Esq.
> **Christensen, Glaser, Fink, Jacobs,**
> **Weil & Shapiro, LLP**
> 10250 Constellation Blvd., 19th Floor
> Los Angeles, CA 90067

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 26, 2007, at Los Angeles, California.

_____
Helen Lim

EXHIBIT _6_ PAGE 364

07209/2134423.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On June 26, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION OR TO ORDER REQUESTS ADMITTED AND FOR MONETARY SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq. | John W. Keker |
| **O'MELVENY & MYERS, LLP** | **KEKER & VAN NEST, LLP** |
| 400 S. Hope Street | 710 Sansome Street |
| Los Angeles, CA 90071 | San Francisco, CA 94111 |

**BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 26, 2007, at Los Angeles, California.

David Quintana

EXHIBIT 6 PAGE 365

07209/2134409.1

**EXHIBIT 7**

**CONFORMED COPY**

BY:

2007 AUG 21  PM 2:00

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION

FILED

1    Hon. Edward A. Infante (Ret.)
2    JAMS
     Two Embarcadero Center
3    Suite 1500
     San Francisco, California  94111
4    Telephone:     (415) 774-2611
     Facsimile:     (415) 982-5287
5
6
7                      UNITED STATES DISTRICT COURT
8                      CENTRAL DISTRICT OF CALIFORNIA
9                             EASTERN DIVISION
10

| | |
|---|---|
| 11   CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 12             Plaintiff, | JAMS Reference No.1100049530 |
| 13          v. | Consolidated with |
| | Case No. CV 04-09059 |
| 14   MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727 |
| 15             Defendant. | **ORDER GRANTING MATTEL'S** |
| 16 | **MOTION TO COMPEL CARTER** |
| | **BRYANT TO ANSWER REQUESTS** |
| 17 | **FOR ADMISSION OR TO ORDER** |
| | **REQUESTS ADMITTED; DENYING** |
| 18 | **REQUEST FOR MONETARY** |
| 19   CONSOLIDATED WITH | **SANCTIONS** |
| | MATTEL, INC. v. BRYANT and | |
| 20   MGA ENTERTAINMENT, INC. v. MATTEL, | |
| | INC. | |
| 21 | |

22
23                            I. INTRODUCTION
24          On June 26, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Carter Bryant
25   To Answer Requests For Admission Or To Order Requests Admitted And For Monetary
26   Sanctions."  More specifically, Mattel seeks an order compelling Carter Bryant ("Bryant") to
27   answer Request Nos. 33, 34, 100, 106, 112, 118, 126, 127, 129, 131, 133, 135, 137, 139, 141 and
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                      1

EXHIBIT  7  PAGE 366

1   143 in Mattel's Third Set of Requests for Admission or an order that such Requests are deemed

2   admitted. Mattel also seeks $3,500 in sanctions. On July 3, 2007, Bryant submitted an opposition

3   brief, and on July 9, 2007, Mattel submitted a reply brief. The matter was heard on August 13,

4   2007. Having considered the motion papers and the comments of counsel at the hearing, Mattel's

5   motion to compel Bryant to answer requests for admission is granted and the request for sanctions

6   is denied.

## II. BACKGROUND

7       In February of 2007, Mattel served its Third Set of Requests for Admission to Bryant (the

8   "Requests"). Among other things, the Requests seek information regarding: (a) the timing of

9   meetings between Bryant and MGA regarding Bratz, work performed by Bryant on Bratz, designs

10  created by Bryant for Bratz and payments made to Bryant by MGA for Bratz; (b) the contract

11  between MGA and Bryant whereby Bryant purported to assign all of his rights, title and interest

12  in Bratz to MGA; and (c) whether specific Bratz works subject to copyright registrations are

13  derivative of other specific Bratz works.

14      In March of 2007, Bryant served his responses. In response to some of the requests asking

15  Bryant to admit that certain works were derivative of other Bratz works[1], Bryant asserted

16  numerous objections, including that they "call[ed] for the disclosure of information subject to the

17  attorney-client privilege, the work product doctrine and other applicable privileges" and "call[ed]

18  for a legal conclusion." See Bryant's Responses to Request Nos. 100, 106, 112, 118, 126, 127,

19  129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 2. Bryant also responded that "the

20  information known or readily obtainable" by Bryant was "insufficient" to enable him to admit or

21  deny the requests.

22      Bryant also objected and refused to answer two requests for admission regarding the

23  validity and enforceability of his contract with MGA on the grounds that the requests called for a

24  "legal conclusion" and "the disclosure of information subject to the attorney-client privilege, the

---

26  [1]  Hereinafter, these requests are collectively referred to as the "requests for admission regarding derivative works."

1 | work product doctrine, and other applicable privileges." See Bryant's Responses to Request Nos.
2 | 33 and 34, Kidman Decl., Ex. 2.

3 |        After meeting and conferring, Bryant agreed to provide supplemental responses to the
4 | requests for admission regarding derivative works.  Bryant, however, persisted in his objection to
5 | the two requests regarding his contract with MGA on "legal conclusion" and privilege grounds.

6 |        Bryant served supplemental and amended responses on May 29, June 11, and June 29,
7 | 2007.  With respect to the requests for admission regarding derivative works, Bryant's responses
8 | consisted of objections on the grounds that the requests called for a legal conclusion and "for the
9 | disclosure of information subject to the attorney-client privilege, the work product doctrine, and
10 | other applicable privileges." See Bryant's Responses to Request Nos. 100, 106, 112, 118, 126,
 | 127, 129, 131, 133, 135, 137, 139, 141 and 143, Kidman Decl., Ex. 6.

11 |        Mattel contends that MGA's objections and refusal to answer have no merit.  More
12 | specifically, Mattel contends that Rule 36, Fed.R.Civ.P., provides that requests for admission may
13 | relate to the application of law to fact and the ultimate issues in the case.  Mattel contends that
14 | only requests to admit pure conclusions of law unrelated to the facts of the case are objectionable,
15 | and that none of its requests for admission even remotely ask for pure questions of law.  Further,
16 | Mattel contends that Bryant's objection that the requests call for privileged information and work
17 | product is without merit.  Mattel argues that a party cannot avoid answering requests for
18 | admission that involve the application of law to fact by claiming that it needs to confer with ·
19 | counsel in order to do so.  Mattel contends that to hold otherwise would effectively gut the
20 | provision of Rule 36 authorizing such requests.

21 |        Bryant contends that Mattel's requests for admission improperly call for ultimate legal
22 | conclusions, relying primarily upon Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057
23 | (S.D. Cal. 1999).  Bryant also contends that the requests for admission are improper because they
24 | seek information covered by the attorney-client privilege or joint defense privilege or the work
25 | product doctrine.  Bryant asserts that any legal opinion he may have of whether a work is
26 | derivative of another inevitably will seek the legal opinions of, and communications from, his
27 | counsel.

28

### III. DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides, in pertinent part, that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a). Further, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it." Id.

The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following additional guidance:

> As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. It thereby eliminates the requirement that the matters be "of fact." This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule. . . .
>
> *   *   *
>
> Not only is it difficult as a practical matter to separate "fact" from "opinion," see 4 *Moore's Federal Practice* ¶36.04 (2d ed. 1966); cf. 2A Barron & Holtzoff, *Federal Practice and Procedure* 317 (Wright ed. 1961), but an admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues. For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial. In *McSparran v Hanigan*, [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F.Supp. at 636. This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial. The amended provision does not authorize requests for admissions of law unrelated to the facts of the case.

1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

### Nos. 100, 106, 112, 118, 126-127, 129, 131, 133, 135, 137, 139, 141, 143 re Derivative Works

Mattel's requests for admission regarding derivative works all follow the same format. For example, Request for Admission No. 100 asks Bryant to "[a]dmit that the work registered as

1   V A 1-090-287 is a derivative of the work registered as V A 1-218-487. Kidman Decl., Ex. 1, p.

2   21.

3          Rule 36 plainly states that requests for admission may "relate to statements or opinions of

4   fact or the application of law to fact." Mattel's requests for admission regarding derivative works

5   fall within this permissible category.  Courts have required parties to answer requests for

6   admission similar to Mattel's requests.  For example, in McSparran, supra, the plaintiff admitted

7   that "the premises on which said accident occurred, were occupied or under the control" of one of

8   the defendants.  In Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), the Ninth

9   Circuit found that a request to admit that defendant's care and treatment of plaintiff failed to

10  comply with the "applicable standards of care" was permissible.  In First Options of Chicago, Inc.

11  v. Wallenstein, 1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer

12  requests to admit that they "owed a fiduciary duty" to certain creditors to preserve corporate

13  assets.  Id. at *3.  In Treister v. PNC Bank, 2007 WL 521935 (S.D. Fla. 2007), the court found

14  that a request for defendant to admit that it was not required to provide plaintiffs with copies of

15  cancelled checks drawn on their accounts "clearly calls for an application of law to fact."  Id. at

16  *2.

17         The cases relied upon by Bryant do not dictate a contrary result.  Bryant cites to Playboy

18  Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999), where the court held that a

19  defendant could properly object and refuse to answer a request to (1) admit that she was a public

20  figure as defined in a Supreme Court case, and (2) admit that a specific contract provision

21  required her to obtain permission from Playboy Enterprises before using the designation

22  "Playmate of the Year."  The holding, however, is debatable.  One of the claims in the suit was

23  for defamation, which has different elements depending upon whether the party asserting

24  defamation is a public or non-public figure.  Furthermore, whether a party is a public figure or

25  non-public figure could be reasonably characterized as a mixed question of fact and law.  The

26  second request for an admission could also be reasonably characterized as a mixed question of

27  fact and law.  "A party's *understanding* of the *meaning* or intent of a document is a statement of

28  fact.  Thus, where the meaning of a document is at issue in the case, an RFA may seek the

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT _7_ PAGE 370

5

admission or denial of the responding party's understanding of the *meaning or intent* of the contract." See 11 Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ.Pro. Before Trial, 11:2010 (The Rutter Group 2006) (emphasis in the original), citing Booth Oil Site Admin. Group v. Safety-Kleen Corp., 194 F.R.D. 76, 80 (W.D. NY 2000). In any event, the Playboy decision is not binding precedent.

Bryant also cites to Google, Inc. v. Am. Blind & Wallpaper Factory, Inc., No. C03-4340, 2006 WL 3290402, at *2 (N.D. Cal. 2006). In Google, the court concluded that a request compelling defendant to admit that "under certain described circumstances no 'use' of American Blind's trademarks would occur within the meaning of Lanham Act" was an impermissible request for a conclusion of law, and therefore, defendant need not admit or deny, but could simply respond with objections. It is unclear, however, what the "certain described circumstances" might have been in Google. If the "certain described circumstances" to which the court referred were purely hypothetical, then the Google decision is consistent with the admonition in the 1970 Advisory Committee Notes that Rule 36 "does not authorize requests for admission of law unrelated to the facts of the case."

Another case relied upon by Bryant, Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority, 234 F.R.D. 1, 3, (D. D.C. 2006), involved purely legal conclusions, and therefore is distinguishable. The last case relied upon by Bryant, Photon, Inc. v. Harris Intertype, Inc., 28 F.R.D. 327, 328 (D. Mass. 1961), was issued well before the 1970 amendments to Rule 36, and therefore is unreliable.

In sum, Mattel's requests for admission regarding derivative works are consistent with the plain language of Rule 36 and several cases holding that requests for admission calling for application of law to facts are permissible. See e.g., Marchand, supra; First Options of Chicago, Inc., supra; and Treister, supra. Therefore, Bryant's "legal conclusion" objection is overruled.

Bryant's privilege and work product objections are also without merit. The fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged. To hold otherwise would effectively gut the provision of Rule 36 authorizing requests that call for the application of law to fact. See also Convergent Business Systems, Inc. v.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  7  PAGE 371

6

1  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and

2  documents which support a particular allegation in a complaint violates neither the attorney-client

3  or work product privileges.").

4       Mattel's motion is granted as to the requests for admission regarding derivative works.

5  Nos. 33 and 34 re Contract Between Bryant and MGA

6       Request No. 33 asks Bryant to "[a]dmit that YOU do not contest that the contract between

7  MGA and YOU attached as Exhibits 30 is valid." Request No. 34 similarly asks Bryant to

8  "[a]dmit that YOU do not contest that the contract between MGA and YOU attached as Exhibit

9  30 is enforceable."

10      These two requests for admission do not call for pure legal conclusions. Rather they are

11 akin to contention interrogatories that are routinely asked and answered. Therefore, Bryant's

12 objections to the requests are overruled and Bryant is ordered to admit or deny Request Nos. 33

13 and 34 consistent with Rule 36(a), Fed.R.Civ.P.

                              IV. CONCLUSION

14      For the reasons set forth above, Mattel's motion to compel Bryant to answer requests for

15 admission is granted. Bryant shall admit or deny the requests in accordance with Rule 36(a),

16 Fed.R.Civ.P., no later than August 30, 2007. The request for sanctions is denied.

17      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

18 Master, Mattel shall file this Order with the Clerk of Court forthwith.

20 Dated: August 20, 2007

                              HON. EDWARD A. INFANTE (Ret.)
                              Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                              7

EXHIBIT 7 PAGE 372

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 20, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION OR TO ORDER REQUESTS ADMITTED; DENYING REQUEST FOR MONETARY SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 20, 2007, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT __7__ PAGE **373**

**EXHIBIT 8**

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

RECEIVED

AUG 3 1 2007

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
                    Plaintiff,           2727
15
                                         **CARTER BRYANT'S FOURTH**
16       v.                              **SUPPLEMENTAL AND AMENDED**
                                         **RESPONSES TO MATTEL, INC.'S**
17  MATTEL, INC. a Delaware              **THIRD SET OF REQUESTS FOR**
    Corporation,                         **ADMISSION TO CARTER BRYANT**
18
                    Defendant.
19
    CONSOLIDATED WITH MATTEL,
20  INC., v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
21  MATTEL, INC.

22

23

24  PROPOUNDING PARTY:        Defendant MATTEL, INC. ("Defendant")

25  RESPONDING PARTY:         Plaintiff CARTER BRYANT ("Plaintiff")

26  SET NUMBER:               THREE (3)

27

28

401700.02

EXHIBIT __8__ PAGE __374__

1       Carter Bryant ("Bryant") hereby provides supplemental and amended

2   response to certain requests included in Mattel, Inc.'s ("Plaintiff" or "Mattel")

3   Fourth Set of Requests for Admission.

4       Bryant's responses and objections are made solely for the purpose of this

5   action.

6       Bryant points out that discovery is still pending, that he has not concluded

7   his investigation of the facts relating to this case, has not completed his own

8   discovery in this case, and has not completed preparation for trial. In light of the

9   foregoing, the following Responses are given without prejudice to Bryant's right to

10  stand on his objections, to continue his investigation and discovery, to rely on

11  subsequently discovered facts, and to utilize subsequently discovered or

12  subsequently identified evidence or documents.

13      The following Responses reflect the current status of Bryant's knowledge

14  and belief respecting the matters about which inquiry is made. Discovery will

15  continue as long as permitted by statute or stipulation of the parties, and

16  investigation by Bryant, his attorneys and agents will continue up to and

17  throughout the trial of this action. Bryant specifically reserves the right to

18  introduce at the time of trial any evidence from any source, including documents

19  and testimony from any witnesses which may hereafter be discovered.

20      If any information has been unintentionally omitted from these Responses,

21  Bryant hereby reserves the right to amend these Responses to include the omitted

22  information. Bryant also reserves the right to change, amend or supplement any or

23  all of the matters contained in these responses as additional facts are ascertained,

24  analyses are made, and research is completed. These introductory paragraphs

25  apply to each and every Response herein and shall be incorporated as though fully

26  set forth in each and every Response.

27      All of Bryant's responses are based upon information and documentation

28  that is currently available and specifically known to Bryant. The responses are

1

401700.02

EXHIBIT  8  PAGE 375

1  made in a good-faith effort to provide information now known to Bryant which is

2  responsive, but Bryant specifically reserves the right both to supplement any of the

3  responses set forth below and to utilize at trial any further information or

4  documents.

5                          **GENERAL OBJECTIONS**

6       Bryant incorporates the General Objections originally set forth in his

7  response to Mattel's Third Set of Requests for Admission.

8

9              **RESPONSES TO REQUESTS FOR ADMISSION**

10

11  **REQUEST FOR ADMISSION NO. 33:**

12       Admit that YOU do not contest that the contract between MGA and YOU

13  attached as Exhibit 30 is valid.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

15       In addition to the foregoing general objections, which are incorporated

16  herein by reference, Bryant objects to this Request on the grounds that it is vague,

17  ambiguous and unintelligible.  In particular, the terms "contract" and "valid" in

18  this context are vague and ambiguous.  Bryant also specifically objects to this

19  request because the term "contest" is vague and ambiguous.  In accordance with

20  Judge Infante's August 20 Order which likened this request to a contention

21  interrogatory, Bryant interprets "contest" to mean "contend in this action."  Bryant

22  objects to this Request to the extent that it calls for the disclosure of information

23  subject to the attorney-client privilege, the work product doctrine and other

24  applicable privileges.  Bryant further objects to this Request as harassing and on

25  the grounds that it seeks information that is neither relevant nor reasonably

26  calculated to lead to the discovery of admissible evidence.  Bryant further objects

27  to this Request to the extent that it does not seeks an admission of fact and instead

28  improperly calls for a legal conclusion.

401700.02

EXHIBIT __8__ PAGE 376

1       Subject to and without waiving the foregoing general and specific

2 objections, Bryant responds to this request as follows: Bryant admits that in this

3 action, he has not contested the validity of the contract between MGA and Bryant.

4 Bryant reserves the right to modify this answer in response to arguments or

5 contentions that may be asserted by Mattel.

6 **REQUEST FOR ADMISSION NO. 34:**

7       Admit that YOU do not contest that the contract between MGA and YOU

8 attached as Exhibit 30 is enforceable.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

10       In addition to the foregoing general objections, which are incorporated

11 herein by reference, Bryant objects to this Request on the grounds that it is vague,

12 ambiguous and unintelligible. In particular, the terms "contract" and "enforceable"

13 in this context are vague and ambiguous. Bryant also specifically objects to this

14 request because the term "contest" is vague and ambiguous. In accordance with

15 Judge Infante's August 20 Order which likened this request to a contention

16 interrogatory, Bryant interprets "contest" to mean "contend in this action." Bryant

17 objects to this Request to the extent that it calls for the disclosure of information

18 subject to the attorney-client privilege, the work product doctrine and other

19 applicable privileges. Bryant further objects to this Request as harassing and on

20 the grounds that it seeks information that is neither relevant nor reasonably

21 calculated to lead to the discovery of admissible evidence. Bryant further objects

22 to this Request to the extent that it does not seek an admission of fact and instead

23 improperly calls for a legal conclusion.

24       Subject to and without waiving the foregoing general and specific

25 objections, Bryant responds to this request as follows: Bryant admits that in this

26 action, he has not contested the enforceability of the contract between MGA and

27 Bryant. Bryant reserves the right to modify this answer in response to arguments

28 or contentions that may be asserted by Mattel.

3

401700.02

EXHIBIT __8__ PAGE __377__

**REQUEST FOR ADMISSION NO. 100:**

Admit that the work registered as V A 1-090-287 is a derivative of the work registered as V A 1-218-487.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

Bryant objects to this Request on the grounds that the term "derivative" is vague and ambiguous. Bryant objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Bryant further objects to this Request to the extent that it does not seeks an admission of fact and instead improperly calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: after reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this request.

**REQUEST FOR ADMISSION NO. 106:**

Admit that the work registered as V A 1-090-288 is a derivative of the work registered as V A 1-218-488.

**RESPONSE TO REQUEST FOR ADMISSION NO. 106:**

Bryant objects to this Request on the grounds that the term "derivative" is vague and ambiguous. Bryant objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Bryant further objects to this Request to the extent that it does not seeks an admission of fact and instead improperly calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: after reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this request.

4

CARTER BRYANT'S FOURTH SUPPLEMENTAL AND AMENDED RESPONSES TO MATTEL, INC.'S
THIRD SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __8__ PAGE __378__

**REQUEST FOR ADMISSION NO. 112:**

Admit that the work registered as V A 1-090-289 is a derivative of the work registered as V A 1-218-490.

**RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

Bryant objects to this Request on the grounds that the term "derivative" is vague and ambiguous. Bryant objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Bryant further objects to this Request to the extent that it does not seeks an admission of fact and instead improperly calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: after reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this request.

**REQUEST FOR ADMISSION NO. 118:**

Admit that the work registered as V A 1-090-290 is a derivative of the work registered as V A 1-218-491.

**RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

Bryant objects to this Request on the grounds that the term "derivative" is vague and ambiguous. Bryant objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Bryant further objects to this Request to the extent that it does not seeks an admission of fact and instead improperly calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows: after reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this request.

5

CARTER BRYANT'S FOURTH SUPPLEMENTAL AND AMENDED RESPONSES TO MATTEL, INC.'S
THIRD SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

401700.02

EXHIBIT 8 PAGE 379

1   **REQUEST FOR ADMISSION NO. 126:**

2        Admit that the work registered as V A 1-148-305 is a derivative work.

3   **RESPONSE TO REQUEST FOR ADMISSION NO. 126:**

4        Bryant objects to this Request on the grounds that the term "derivative" is

5   vague and ambiguous.  Bryant objects to this Request to the extent that it calls for

6   the disclosure of information subject to the attorney-client privilege, the work

7   product doctrine and other applicable privileges.  Bryant further objects to this

8   Request to the extent that it does not seeks an admission of fact and instead

9   improperly calls for a legal conclusion.

10        Subject to and without waiving the foregoing general and specific

11   objections, Bryant responds to this request as follows:  after reasonable inquiry,

12   Bryant has insufficient information or knowledge to enable him to admit or deny

13   this request.

14   **REQUEST FOR ADMISSION NO. 127:**

15        Admit that the work registered as V A 1-148-305 is a derivative of

16   BRYANT00278 and BRYANT01071.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 127:**

18        Bryant objects to this Request on the grounds that the term "derivative" is

19   vague and ambiguous.  Bryant objects to this Request to the extent that it calls for

20   the disclosure of information subject to the attorney-client privilege, the work

21   product doctrine and other applicable privileges.  Bryant further objects to this

22   Request to the extent that it does not seeks an admission of fact and instead

23   improperly calls for a legal conclusion.

24        Subject to and without waiving the foregoing general and specific

25   objections, Bryant responds to this request as follows:  after reasonable inquiry,

26   Bryant has insufficient information or knowledge to enable him to admit or deny

27   this request.

28

CARTER BRYANT'S FOURTH SUPPLEMENTAL AND AMENDED RESPONSES TO MATTEL, INC.'S
THIRD SET OF REQUESTS FOR ADMISSION TO CARTER BRYANT
CASE NO. CV 04-09049 SGL (RNBx)

401700.02

EXHIBIT __8__ PAGE 380

**REQUEST FOR ADMISSION NO. 129:**

Admit that the work registered as V A 1-340-165 is a derivative of the works registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

Bryant objects to this Request on the grounds that the term "derivative" is vague and ambiguous. Bryant objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Bryant further objects to this Request to the extent that it does not seeks an admission of fact and instead improperly calls for a legal conclusion.

Subject to and without waiving the foregoing general and specific objections, Bryant responds to this request as follows:  after reasonable inquiry, Bryant has insufficient information or knowledge to enable him to admit or deny this request.

**REQUEST FOR ADMISSION NO. 131:**

Admit that the work registered as V A 1-340-167 is a derivative of the works registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490, V A 1-218-491, V A 1-301-530, V A 1-301-528, V A 1-301-531 and V A 1-301-532.

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

Bryant objects to this Request on the grounds that the term "derivative" is vague and ambiguous. Bryant objects to this Request to the extent that it calls for the disclosure of information subject to the attorney-client privilege, the work product doctrine and other applicable privileges. Bryant further objects to this Request to the extent that it does not seeks an admission of fact and instead improperly calls for a legal conclusion.

7

401700.02

EXHIBIT __8__ PAGE _381_

1    Subject to and without waiving the foregoing general and specific

2    objections, Bryant responds to this request as follows:  after reasonable inquiry,

3    Bryant has insufficient information or knowledge to enable him to admit or deny

4    this request.

5    **REQUEST FOR ADMISSION NO. 133:**

6        Admit that the work registered as V A 1-340-168 is a derivative of the works

7    registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490,

8    V A 1-218-491, V A 1-301-530, V A 1-301-528, V A 1-301-531 and

9    V A 1-301-532.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

11       Bryant objects to this Request on the grounds that the term "derivative" is

12   vague and ambiguous.  Bryant objects to this Request to the extent that it calls for

13   the disclosure of information subject to the attorney-client privilege, the work

14   product doctrine and other applicable privileges.  Bryant further objects to this

15   Request to the extent that it does not seeks an admission of fact and instead

16   improperly calls for a legal conclusion.

17       Subject to and without waiving the foregoing general and specific

18   objections, Bryant responds to this request as follows:  after reasonable inquiry,

19   Bryant has insufficient information or knowledge to enable him to admit or deny

20   this request.

21   **REQUEST FOR ADMISSION NO. 135:**

22       Admit that the work registered as V A 1-340-169 is a derivative of the works

23   registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490,

24   V A 1-218-491, V A 1-301-530, V A 1-301-528, V A 1-301-531 and

25   V A 1-301-532.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

27       Bryant objects to this Request on the grounds that the term "derivative" is

28   vague and ambiguous.  Bryant objects to this Request to the extent that it calls for

8

401700.02

EXHIBIT  8  PAGE 382

1  the disclosure of information subject to the attorney-client privilege, the work

2  product doctrine and other applicable privileges. Bryant further objects to this

3  Request to the extent that it does not seeks an admission of fact and instead

4  improperly calls for a legal conclusion.

5      Subject to and without waiving the foregoing general and specific

6  objections, Bryant responds to this request as follows: after reasonable inquiry,

7  Bryant has insufficient information or knowledge to enable him to admit or deny

8  this request.

9  **REQUEST FOR ADMISSION NO. 137:**

10     Admit that the work registered as V A 1-340-170 is a derivative of the works

11  registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490,

12  V A 1-218-491, V A 1-301-530, V A 1-301-528, V A 1-301-531 and

13  V A 1-301-532.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

15     Bryant objects to this Request on the grounds that the term "derivative" is

16  vague and ambiguous. Bryant objects to this Request to the extent that it calls for

17  the disclosure of information subject to the attorney-client privilege, the work

18  product doctrine and other applicable privileges. Bryant further objects to this

19  Request to the extent that it does not seeks an admission of fact and instead

20  improperly calls for a legal conclusion.

21     Subject to and without waiving the foregoing general and specific

22  objections, Bryant responds to this request as follows: after reasonable inquiry,

23  Bryant has insufficient information or knowledge to enable him to admit or deny

24  this request.

25  **REQUEST FOR ADMISSION NO. 139:**

26     Admit that the work registered as V A 1-334-487 is a derivative of the works

27  registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490,

28

9

401700.02

EXHIBIT __8__ PAGE __383__

1  V A 1-218-491, V A 1-301-530, V A 1-301-528, V A 1-301-531 and

2  V A 1-301-532.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

4      Bryant objects to this Request on the grounds that the term "derivative" is

5  vague and ambiguous.  Bryant objects to this Request to the extent that it calls for

6  the disclosure of information subject to the attorney-client privilege, the work

7  product doctrine and other applicable privileges.  Bryant further objects to this

8  Request to the extent that it does not seeks an admission of fact and instead

9  improperly calls for a legal conclusion.

10      Subject to and without waiving the foregoing general and specific

11  objections, Bryant responds to this request as follows:  after reasonable inquiry,

12  Bryant has insufficient information or knowledge to enable him to admit or deny

13  this request.

14  **REQUEST FOR ADMISSION NO. 141:**

15      Admit that the work registered as V A 1-334-488 is a derivative of the works

16  registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490,

17  V A 1-218-491, V A 1-301-530, V A 1-301-528, V A 1-301-531 and

18  V A 1-301-532.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

20      Bryant objects to this Request on the grounds that the term "derivative" is

21  vague and ambiguous.  Bryant objects to this Request to the extent that it calls for

22  the disclosure of information subject to the attorney-client privilege, the work

23  product doctrine and other applicable privileges.  Bryant further objects to this

24  Request to the extent that it does not seeks an admission of fact and instead

25  improperly calls for a legal conclusion.

26      Subject to and without waiving the foregoing general and specific

27  objections, Bryant responds to this request as follows:  after reasonable inquiry,

28  Bryant has insufficient information or knowledge to enable him to admit or deny

EXHIBIT __8__ PAGE 389

1 | this request.

2 | **REQUEST FOR ADMISSION NO. 143:**

3 |     Admit that the work registered as V A 1-233-273 is a derivative of the works

4 | registered as V A 1-218-487, V A 1-218-488, V A 1-218-489, V A 1-218-490,

5 | V A 1-218-491, V A 1-090-287, V A 1-090-288, V A 1-090-289, and

6 | V A 1-090-290.

7 | **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

8 |     Bryant objects to this Request on the grounds that the term "derivative" is

9 | vague and ambiguous. Bryant objects to this Request to the extent that it calls for

10 | the disclosure of information subject to the attorney-client privilege, the work

11 | product doctrine and other applicable privileges. Bryant further objects to this

12 | Request to the extent that it does not seeks an admission of fact and instead

13 | improperly calls for a legal conclusion.

14 |     Subject to and without waiving the foregoing general and specific

15 | objections, Bryant responds to this request as follows: after reasonable inquiry,

16 | Bryant has insufficient information or knowledge to enable him to admit or deny

17 | this request.

18 |

19 | Dated: August 30, 2007                    KEKER & VAN NEST, LLP

20 |

21 |

22 |                                          By: _____
                                             CHRISTA M. ANDERSON
23 |                                          Attorneys for Plaintiff
                                             CARTER BRYANT

24 |

25 |

26 |

27 |

28 |

401700.02

EXHIBIT **8** PAGE **385**

1

# PROOF OF SERVICE

2    I am employed in the City and County of San Francisco, State of California

3  in the office of a member of the bar of this court at whose direction the following

   service was made. I am over the age of eighteen years and not a party to the within

4  action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San

5  Francisco, California. 94111.

6  On August 30, 2007, I served the following document(s):

7  **CARTER BRYANT'S FOURTH SUPPLEMENTAL AND AMENDED**

8  **RESPONSES TO MATTEL, INC.'S THIRD SET OF REQUESTS FOR**
   **ADMISSION TO CARTER BRYANT**

9

10  by **FEDERAL EXPRESS,** by placing a true and correct copy in a sealed envelope

11  addressed as shown below. I am readily familiar with the practice of Keker & Van
    Nest, LLP for correspondence for delivery by FedEx Corporation. According to

12  that practice, items are retrieved daily by a FedEx Corporation employee for

13  overnight delivery; AND

14  by **E-MAIL VIA PDF FILE,** by transmitting on this date via e-mail a true and

15  correct copy scanned into an electronic file in Adobe "pdf" format. The
    transmission was reported as complete and without error.

16

17  John B. Quinn                         Diana M. Torres

18  Michael T. Zeller                     O'Melveny & Myers, LLP
    Quinn Emanuel Urquhart Oliver &       400 S. Hope Street

19  Hedges, LLP                           Los Angeles, CA 90071

20  865 South Figueroa Street, 10th Floor Tel:  213/430-6000
    Los Angeles, CA 90017-2543            Fax:  213/430-6407

21  Tel:  213/443-3000                    Email:    dtorres@omm.com

22  Fax:  213/443-3100
    Email:  johnquinn@quinnemanuel.com

23  Email:  michaelzeller@quinnemanuel.com

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT  8  PAGE 364

1    Patricia L. Glaser
2    Christensen Glaser Fink Jacobs Weil & Shapiro
3    10250 Constellation Blvd., 19th Floor
     Los Angeles, CA 90067
4    Tel:   310/553-3000
5    Fax:   310/556-2920
     Email:      pglaser@chrisglase.com
6

7       Executed on August 30, 2007, at San Francisco, California.

8       I declare under penalty of perjury under the laws of the State of California
9    that the above is true and correct.

10

11                                    _____
                                      Alisa J. Thompson
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 8 PAGE 387

**EXHIBIT 9**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 4, 2007

VIA E-MAIL AND U.S. MAIL

John E. Trinidad, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111

Re:    Mattel, Inc. v. Bryant

Dear John:

I write pursuant to section 5 of the Discovery Master Stipulation to request that Carter Bryant
meet and confer regarding his failure to comply with the Court's Order Granting Mattel's Motion
to Compel Carter Bryant to Answer Requests for Admission or to Order Requests Admitted
dated August 20, 2007.

Bryant originally responded to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 135, 137,
139, 141 and 143 by asserting numerous objections, including that the requests called for "the
disclosure of information subject to the attorney-client privilege, the work product doctrine and
other applicable privileges" and called for "a legal conclusion."  Bryant also responded that "the
information known or readily obtainable" by him was "insufficient" to enable him to admit or
deny the requests.

As to Request Nos. 33 and 34, Bryant objected and refused to answer the requests on the grounds
that they called for a "legal conclusion" and "the disclosure of information subject to the
attorney-client privilege, the work product doctrine, and other applicable privileges."

EXHIBIT   9    PAGE 388

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

After meeting and conferring, Bryant agreed to provide supplemental responses to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 135, 137, 139, 141 and 143, but stated that he would stand on his objections to Request Nos. 33 and 34.

Bryant's supplemental response to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 135, 137, 139, 141 and 143 consisted of objections on the grounds that the requests called for a "legal conclusion" and "for the disclosure of information subject to the attorney-client privilege, the work product doctrine, and other applicable privileges."

On June 26, 2007, Mattel filed a motion to compel Carter Bryant to answer Request for Admission Nos. 33, 34, 100, 106, 112, 118, 126, 127, 129, 131, 135, 137, 139, 141 and 143 in Mattel's Third Set of Requests for Admission or an order that such requests are deemed admitted. In its motion, Mattel argued that both Bryant's original response and supplemental response to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 135, 137, 139, 141 and 143 were improper and sought an order compelling Bryant to **answer** these requests, along with Request Nos. 33 and 34, or deem the requests admitted.

On August 20, 2007, the Discovery Master issued an order granting Mattel's motion and ordering Bryant to **"admit or deny the requests in accordance with Rule 36(a)"** no later than August 30, 2007. Bryant failed to do either. Instead, as to Request Nos. 100, 106, 112, 118, 126, 127, 129, 131, 135, 137, 139, 141 and 143, Bryant returned to his original deficient response, stating that he has "insufficient information or knowledge to enable him to admit or deny this request." In response to Request Nos. 33 and 34, which call for Bryant to admit that does not contest that the referenced contract between MGA and Bryant is valid and enforceable, Bryant merely states that he "has not contested" the validity or enforceability of the contract.

Please let me know when Bryant's counsel is available to meet and confer regarding these deficient responses within the required time.


Very truly yours,

Scott B. Kidman


EXHIBIT __9__ PAGE __389__

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of

3    eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4    On November 27, 2007, I served true copies of the following document(s) described as **DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S MOTION**

5    **TO ENFORCE COURT'S AUGUST 20, 2007 ORDER REQUIRING CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION** on the parties in this action as follows:

6

7    John W. Keker
     Michael H. Page

8    Christa M. Anderson
     **Keker & Van  Nest, LLP**

9    710 Sansome Street
     San Francisco, CA 94111

10   *Attorneys for CARTER BRYANT*

11

12   **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

13
        I declare that I am employed in the office of a member of the bar of this Court at whose

14   direction the service was made.

15      Executed on November 27, 2007, at Los Angeles, California.

16

17   _____

18   NOW LEGAL -- Dave Quintana

19

20

21

22

23

24

25

26

27

28

07209/2169461.1

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3  Street, 10th Floor, Los Angeles, California 90017-2543.

4  On November 27, 2007, I served true copies of the following document(s) described as **DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S MOTION**
5  **TO ENFORCE COURT'S AUGUST 20, 2007 ORDER REQUIRING CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION** on the parties in this action as follows:

6

7      Thomas J. Nolan                          Mark E. Overland, Esq.
       **Skadden, Arps, Slate, Meagher & Flom**  David E. Scheper, Esq.
8      **LLP**                                    Alexander H. Cote, Esq.
       300 South Grand Ave., Ste. 3400          **Overland Borenstein Scheper & Kim,**
9      Los Angeles, California 90071            **LLP**
       *Attorneys for MGA ENTERTAINMENT,*       300 South Grand Avenue
10     *INC.*                                    Suite 2750
                                                Los Angeles, CA 90071-3144
11                                               *Attorneys for Carlos Gustavo Machado*

12  **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
13  deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

14      I declare that I am employed in the office of a member of the bar of this Court at whose
15  direction the service was made.

16      Executed on November 27, 2007, at Los Angeles, California.

17

18                                               Yalonda J. Dekle

19

20

21

22

23

24

25

26

27

28