QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to the Court's Order of December 6, 2006]<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL:<br><br>(1) DEPOSITION OF CARLOS GUSTAVO MACHADO GOMEZ;<br><br>(2) CONSENT TO PRODUCTION OF ELECTRONIC MAIL MESSAGES<br><br>Date:  TBA<br>Time:  TBA<br>Place:  Telephonic Hearing<br><br>Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

07209/2308273.1

## **Preliminary Statement**

Defendant Machado does not dispute that Mattel is entitled to depose him, that Mattel has attempted since early June to get dates for his deposition, that Machado's prior counsel agreed to produce Machado for deposition on October 26, 2007, or that Machado's new counsel now flatly refuses to do so. Nor does Machado claim he is somehow exempt from appearing at deposition or offer any substantive opposition to Mattel's motion to compel his consent to the production of emails relating to defendants' trade secret thefts from Mattel.

Machado's sole, and remarkable, argument is that he cannot be compelled to comply with his obvious discovery obligations because he is supposedly not bound by the District Court's Order appointing the Discovery Master. By its terms, however, the Order empowers the Discovery Master to decide *"[a]ny and all discovery motions and other discovery disputes in the above captioned action,"*[1] including this one. As a duly entered Order, Machado is bound by it unless Judge Larson grants him relief, which he has not done. Indeed, in the Ninth Circuit, waiting eight months since he was served in this case to object, like Machado did here, waives any objection to the Order.

Mattel's Motion, which seeks discovery that Mattel is indisputably entitled to and that Machado does not oppose on the merits, should be granted.

## **Argument**

### I. MACHADO MUST COMPLY WITH THE COURT'S ORDER THAT THE DISCOVERY MASTER HEARS ALL DISCOVERY DISPUTES

The District Court granted the Discovery Master authority to determine "[a]ny and all discovery motions and other discovery disputes in the above

---

[1] Stipulation for Appointment of a Discovery Master; and Order ("Discovery Master Order"), dated December 6, 2006, at 3 (emphasis added), attached hereto as Exhibit 1 to the Supplemental Declaration of Jon D. Corey ("Supp. Corey Dec.").

captioned action . . . until all issues herein have been finally disposed of or determined, or until he shall withdraw in accordance with applicable law."[2] This is such a discovery motion. And, contrary to his suggestion, Machado—a party—is bound by the Court's Orders. Indeed, it is well-settled that when a party enters a litigation, he is bound by "all prior orders and adjudications of fact and law as though he had be a party from commencement of suit." E.g., Moore v. Rees, 2007 WL 2955947, *3 (E.D. Ky. 2007) (citing Galbreath v. Metro. Trust Co. of California, 134 F.2d 569, 570 (10th Cir. 1943)).

## II. MACHADO DID NOT MAKE A TIMELY OBJECTION TO THE MASTER'S APPOINTMENT AND THUS WAIVED ANY OBJECTION

To the extent Machado wished to exempt himself from the explicit terms of the Discovery Master Order, he was required to bring a motion for reconsideration before Judge Larson, and make the required showings to justify it. See Mayo v. Dean Witter Reynolds, Inc., 258 F. Supp. 2d 1097, 1103 (N.D. Cal. 2003) (once an order is entered, the judge may only modify or set it aside through a motion for reconsideration). Or, more specifically, in the context of an Order appointing a master, Machado was required to timely seek revocation of the reference. 9A Wright & Miller, Federal Practice and Procedure § 2606 at 672 (2d ed. 1994) ("A party who desires to contest the propriety of a reference to a master under Rule 53 should move the *trial court* for revocation of the reference. Inaction in this regard is tantamount to acquiescence." (emphasis added)). Here, Machado has never made any such motion to Judge Larson. He instead merely objected in his

---

[2] Id. The Order further granted Judge Infante authority "to take evidence in connection with discovery disputes; to issue orders resolving discovery motions submitted to the Discovery Master; to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorney's fees, as provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and recommendations as appropriate." Id at 3-4.

1  Opposition to this Motion,[3] which is insufficient and procedurally improper as a
2  challenge to the District Court's Order. <u>United States v. Conservation Chemical</u>
3  <u>Company</u>, 106 F.R.D. 210, 227 (D. Mo. 1985) ("Where a party merely objects to a
4  court's order, such action does not constitute a motion" for purposes of challenged
5  reference to a special master.).

6  Machado also has waived any objection. Mattel named Machado as a
7  defendant on November 20, 2006, and served him with process on March 26, 2007.[4]
8  Machado first objected in his Opposition, last week, eight months after he was
9  served and a year after he knew he was being joined to this action.[5] The Ninth
10 Circuit has held that objections to a master must be made within a reasonable time
11 or they are waived. In <u>Adriana Intern. Corp. v. Thoeren</u>, 913 F.2d 1406, 1410 (9th
12 Cir. 1990), a party waited to object to the appointment of a special master until three
13 months after the appointment, and the Ninth Circuit agreed with the District Court
14 that the objection was untimely. <u>Id</u>. at 1411 ("an objection to the appointment of a
15 special master must be made at the time of the appointment *or within a reasonable*
16 *time thereafter or the party's objection is waived*") (emphasis added) (citing
17 <u>Spaulding v. University of Washington</u>, 740 F.2d 686, 695 (9th Cir. 1984)).
18 Machado did not timely object, but waited eight months, and thus waived.

19 Machado attempts to argue that he "was under no obligation to object,"
20 when the Order was entered because he was not a party.[6] As an employee of MGA,
21 which had Mattel's proposed amended complaint, he knew that Mattel sought to add
22 him before the Court entered the Order, over one year ago. And, Machado did not
23 have to be a party to object. Non-parties object to masters. <u>See</u>, e.g., <u>In re "Agent</u>

---

[3] Opposition at 2; Discovery Master Order at 3, Supp. Corey Dec., Exh. 1.
[4] Opposition at 2.
[5] Opposition at 2; Discovery Master Order at 3, Supp. Corey Dec., Exh. 1.
[6] Opposition at 2.

Orange" Product Liability Litigation, 94 F.R.D. 173, 174 (S.D.N.Y. 1982) (ordering appointment of special master to oversee pretrial discovery over objections of nonparty). In any event, Machado's argument simply misses the point. Even *after* he was served with process as a party, he failed to object for eight months and thus waived any challenge to the Order under Ninth Circuit law, as just shown.

### III. MACHADO'S OBJECTIONS TO THE ORDER—WHICH HAVE NO PLACE HERE—ARE WITHOUT MERIT

Machado asserts that Federal Rule of Civil Procedure 53(a)(1)(A)-(C) requires that the Discovery Master's appointment "must be supported by either specific findings . . . or by the consent of parties."[7] He is mistaken.

First, Machado's claim that an appointment under Rule 53(a)(1)(C) requires specific factual findings misreads the Rule. Only the appointment of a master to "hold *trial* proceedings" pursuant to subsection (B) requires a finding of "some exceptional condition." Fed. R. Civ. P. 53(a)(1)(B)(i) (emphasis added). Here, the District Court's Order appointed Judge Infante as Discovery Master to address pretrial discovery issues in this case, and the appointment of a master to address pretrial matters pursuant to subsection (C) requires no such findings. Further, even if Machado were correct (and he is not), Judge Larson made findings. He found that the appointment of a Discovery Master would "facilitate the fair and efficient completion of pretrial discovery" and "minimize the burden of discovery disputes upon the Court."[8] Machado simply ignores this.

---

[7] Opposition at 2. Federal Rule of Civil Procedure 53(a)(1) provides that a court may appoint a master to: "(A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact . . . or (C) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1).

[8] Discovery Master Order at 3, Supp. Corey Dec., Exh. 1.

Second, Machado erroneously contends that "the only authority for the discovery master's jurisdiction is the parties' consent" and that because he "has never consented" to the Discovery Master Order, he is not bound by it.[9] As already shown, Machado indeed is bound by Orders entered by the Court prior to his entry into this litigation. In addition, the Court appointed the Discovery Master to oversee pretrial discovery matters as permitted by Rule 53(a)(1)(C), which does not require the consent of all parties, later-added parties or third parties. See In re "Agent Orange", 94 F.R.D. at 174 (ordering appointment of special master to oversee pretrial discovery over objections of nonparty who would be subject to order).[10]

## IV. MACHADO ELECTED NOT TO RESPOND ON THE MERITS, SO THE MOTION SHOULD BE GRANTED IN ITS ENTIRETY

Machado provides no justification for his refusal to appear for deposition. During the meet and confers that led up to Mattel's Motion, Machado argued that because he is being criminally prosecuted in Mexico for his trade secret theft, he is immunized from appearing for deposition and from producing any other discovery.[11] Presumably because Mattel's motion pointed out that this argument is not even arguably the law, Machado abandoned it. Machado also claimed during

---

[9] Id.

[10] Machado's complaint that "Mattel never sought to obtain [his] consent prior to the appointment of the discovery master" is disingenuous. Mattel sought MGA's and his agreement that it be allowed to amend its pleadings, but they refused and forced motion practice. Then, after the Court granted Mattel leave, Mattel attempted to serve Machado with process, but he evaded service repeatedly and then, once served, refused to appear in the action and eventually had to be defaulted. Declaration of Donald Moon Regarding Attempts to Personally Serve Counter-Defendant Carlos Gustavo Machado Gomez with Process, dated March 27, 2007, Supp. Corey Dec., Exh. 2.; Default by Clerk of Carlos Gustavo Machado Gomez, dated May 11, 2007, Supp. Corey Dec., Exh. 3.

the meet and confer that his consent to the production of e-mails was unnecessary for the sole reason that he had produced them, but that is wrong. As Mattel showed on its motion, and as Machado does not now deny, he produced no e-mail messages. Because Machado has not and cannot muster any substantive opposition to Mattel's motion, it should be granted.

### Conclusion

For the foregoing reasons, the Discovery Master should grant Mattel's Motion in its entirety.

DATED: November 29, 2007       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By ____Jon D. Corey /MM____
Jon D. Corey
Attorneys for Mattel, Inc.

---

[11] Letter from Cote to Zeller, Corey, Proctor and Hauss, dated November 1, 2007, Corey Dec., Exh. 24; Letter from Cote to Zeller, dated November 5, 2007, Corey Dec., Exh. 26.