# EXHIBIT 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemnauel.com)
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8  [Additional counsel listed on following page]

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12 | CARTER BRYANT, an individual,        ) Case No. CV 04-09049 SGL (RNBx)
13 |             Plaintiff,               ) Consolidated with
                                          ) Case No. CV 04-09059
14 |     v.                               ) Case No. CV 05-02727
15 | MATTEL, INC., a Delaware             ) STIPULATION FOR APPOINTMENT
   | corporation,                         ) OF A DISCOVERY MASTER; AND
16 |                                      )
   |             Defendant.               ) [PROPOSED] ORDER
17 |                                      )
                                          ) Discovery Cutoff Date: Not Set
18                                          Trial Date: Not Set

Exhibit 1  Page 2

Case No. CV 04-09049 SGL (RNBx)
STIPULATION FOR APPOINTMENT OF A DISCOVERY

```
 1  LITTLER MENDELSON
        Robert F. Millman (Bar No. 062152)
 2      Douglas A. Wickham (Bar No. 127268)
        Keith A. Jacoby (Bar No. 150233)
 3  2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
 4  Telephone:  (310) 553-0308
    Facsimile:  (310) 553-5583
 5
    Attorneys for Carter Bryant
 6
    O'MELVENY & MYERS LLP
 7      Diana M. Torres (Bar No. 162284)
    400 S. Hope Street
 8  Los Angeles, California 90017
    Telephone:  (213) 430-6000
 9  Facsimile:  (213) 430-6407

10  O'MELVENY & MYERS LLP
        Dale Cendali
11  Times Square Tower
    7 Times Square
12  New York, NY 10036

13  CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
        Patricia Glaser (Bar No. 55668)
14  10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
15  Telephone:  (310) 553-3000
    Facsimile:  (310) 556-2920
16
    Attorneys for MGA Entertainment, Inc.
17
```

Exhibit 1 Page 3

WHEREAS, the parties are in agreement that a discovery master should be appointed in this matter to resolve any discovery disputes and to minimize the burden on the Court; and

WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante (Ret.), and he has agreed to serve as a discovery master in this matter;

NOW, THEREFORE, to facilitate the fair and efficient completion of pre-trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment, Inc., by and through their respective counsel of record, hereby stipulate and agree as follows:

1. The Discovery Master shall be appointed to assure and provide cost-effective discovery and to minimize the burden of discovery disputes upon the Court. Any and all discovery motions and other discovery disputes in the above captioned action shall be decided by a master ("Discovery Master") pursuant to Federal Rule of Civil Procedure 53. Any motions currently pending before Magistrate Judge Block shall be transferred to the Discovery Master. The moving party shall provide to the Discovery Master all papers associated with each pending motion.

2. The Discovery Master shall be Hon. Edward A. Infante (Ret.). His business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA 94111.

3. Judge Infante shall serve as the Discovery Master until all issues herein have been finally disposed of or determined, or until he shall withdraw in accordance with applicable law. If at any time he becomes unable to serve as the Discovery Master, the parties shall confer to present an alternative agreed-upon designee to the Court. In the event that the parties cannot agree to an alternate designee, then the Court shall appoint a Discovery Master.

4. The Discovery Master shall have the authority to set the date, time, and place for all hearings determined by the Discovery Master to be necessary; to

1 preside over hearings (whether telephonic or in-person); to take evidence in
2 connection with discovery disputes; to issue orders resolving discovery motions
3 submitted to the Discovery Master; to conduct telephonic conferences to resolve
4 discovery disputes arising during depositions; to issue orders awarding non-
5 contempt sanctions, including, without limitation, the award of attorney's fees, as
6 provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7 recommendations, as appropriate.

8     5.    All discovery disputes shall be resolved by motion (except those arising
9 during a deposition which the Discovery Master determines can be resolved by
10 telephonic conference during the deposition). The moving party shall first identify
11 each dispute, state the relief sought, and identify the authority supporting the
12 requested relief in a meet and confer letter that shall be served on all parties by
13 facsimile or electronic mail. The parties shall have five court days from the date of
14 service of that letter to conduct an in-person conference to attempt to resolve the
15 dispute. If the dispute has not been resolved within five court days after such
16 service, the moving party may seek relief from the Discovery Master by formal
17 motion or letter brief, at the moving party's option. The opposing party shall have
18 five court days from the date of service of the motion or letter brief to submit a
19 formal opposition or response. Any reply brief or letter brief shall be served within
20 three court days from the date of service of a formal opposition or response. The
21 hearing on the motion shall take place within five court days of the service of any
22 reply brief or letter unless (a) the parties agree to another hearing date or agree that
23 no hearing is necessary; (b) the Discovery Master determines that no hearing is
24 necessary; or (c) the Discovery Master is not available, in which case the hearing
25 shall take place on the Discovery Master's first available date. The foregoing shall
26 not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27 seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28 dispute upon shortened time upon a showing of good cause why a party would be

1 prejudiced absent prompt resolution. Service of any document by fax or electronic
2 mail prior to 6:00 p.m. shall constitute service on that day.
3   6.   The Discovery Master's orders resolving discovery disputes, reports, or
4 recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a
5 Magistrate Judge of the United States District Court. The Discovery Master shall
6 file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve
7 the parties within five court days of his/her decision on a matter.
8   7.   A court reporter shall transcribe any hearing or other proceeding before
9 the Discovery Master.
10   8.   The cost of any proceeding before the Discovery Master, including the
11 fees of the Discovery Master, the fees of court reporters who transcribe hearings or
12 other proceedings before the Discovery Master, and the fees of any other person
13 necessary to the efficient administration of the proceeding before the Discovery
14 Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,
15 Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,
16 the Discovery Master Orders otherwise. By agreeing to share costs among the
17 parties, no party waives its right to seek recovery or reimbursement for such costs
18 from any other party.
19   9.   The Discovery Master shall be compensated according to his regular
20 hourly rate of $750.
21   10.  Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery
22 Master shall proceed with all reasonable diligence.
23   11.  Based on an affidavit filed by Hon. Edward A. Infante pursuant to
24 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not
25 aware that he has a relationship to the parties, to counsel, to the action, or to the
26 Court that would require disqualification of a judge under 28 U.S.C. § 455, and
27 based thereon the parties expressly waive any ground for disqualification disclosed
28 therein of Hon. Edward A. Infante to serve as master in these proceedings.

12. The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13. The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master. These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14. The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

15. All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November __, 2006        O'MELVENY & MYERS LLP

                                By: _____
                                    Diana Torres
                                    Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006        LITTLER MENDELSON

                                By: _____
                                    Douglas A. Wickham
                                    Attorneys for Carter Bryant

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

1 | Dated: ~~November~~ December 4, 2006      QUINN EMANUEL URQUHART
                                           OLIVER & HEDGES, LLP

                                           By: /s/ Jon D. Corey
                                                  Jon D. Corey
                                                  Attorneys for Mattel, Inc.

## ORDER

The foregoing Stipulation for Appointment of a Discovery Master is SO ORDERED as modified.

Dated: 12-6-06.                              /s/ Stephen G. Larson
                                     Hon. Stephen G. Larson
                                     United States District Court Judge

## CONSENT OF DISCOVERY MASTER

If appointed by the Court, I, the undersigned, consent to serve as Discovery Master in the above referenced proceeding consistent with this Order.

Dated: 12-5-06                              /s/ Edward A. Infante
                                   Hon. Edward A. Infante (Ret.)

# PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

| | |
|---|---|
| **Keith A. Jacoby, Esq.**<br>**Douglas Wickham, Esq.**<br>**Littler Mendelson**<br>**A Professional Corporation**<br>2049 Century Park East, 5th Floor<br>Los Angeles, California 90067-3107<br>Phone: 310-553-0308<br>**Fax: 310-553-5583** | **Diana M. Torres, Esq.**<br>O'Melveney & Meyers<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Phone: 213-430-6000<br>**Fax: 213-430-6407** |

[ ]  By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]  **BY MAIL**

[ ]  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]  **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Cheri Hatch_
Print Name

_/s/ Cheri Hatch_
Signature

Exhibit 1 Page 9

# EXHIBIT 2

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>DECLARATION OF DONALD MOON REGARDING ATTEMPTS TO PERSONALLY SERVE COUNTERDEFENDANT CARLOS GUSTAVO MUCHADO GOMEZ WITH PROCESS |

Exhibit 2 Page 10

I, Donald Moon, declare as follows:

1. I am a licensed Private Investigator in the State of California, Private Investigator Number 22017. I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. On or about January 26, 2007, I was asked to effect service of the following documents in the above-captioned matter on Carlos Gustavo Machado Gomez: Summons, Mattel, Inc.'s Amended Answer in Case No. 05-2727 and Counterclaims and Standing Order dated April 14, 2006.

3. On Sunday, January 28, 2007, at approximately 8:00 a.m., I made my first attempt to serve the Mr. Machado at his residence at 13700 Marina Pointe Dr., unit 916, Marina Del Rey, California. This location is a high-rise security condominium complex with both vehicle and pedestrian restricted access. I went to the security desk in the lobby of the building, exhibited my private investigator credentials to the guard at the security desk and informed him that I was there to serve legal process on Mr. Machado. The guard indicated that I would be allowed access to the area where the Mr. Machado's unit is located, but that I would have to be escorted by a security guard. Another guard escorted me to Mr. Machado's unit. I knocked on the door and asked for Mr. Machado by name, but there was no response. The security guard remained with me at all times and escorted me back to the lobby. I then left the complex.

4. On January 28, 2007, at approximately 8:00 p.m., I returned to the Mr. Machado's residence and repeated the same process with the guard at the security desk in the lobby of the building. I was escorted by a security guard to Mr. Machado's unit and attempted to contact him by knocking on the door of his unit and calling out his name. Once again, there was no response. As before, the security guard remained with me at all times and escorted me back to the lobby.

Exhibit 2 Page 11

-1-
DECLARATION OF DONALD MOON REGARDING ATTEMPTS TO PERSONALLY SERVE COUNTERDEFENDANT CARLOS GUSTAVO MUCHADO GOMEZ WITH PROCESS

5.      On Monday, January 29, 2007, at approximately 7:00 p.m., I returned to Mr. Machado's residence and repeated the same process with the guard the security desk. I was again escorted to Mr. Machado's unit by a security guard where I knocked on the door and called out his name. As on the prior occasions, there was no response to my repeated knocks on the door of Mr. Machado's unit. The security guard escorted me back to the lobby of the building and I left.

6.      On Wednesday, January 31, 2007, at approximately 9:45 p.m., I returned to Mr. Machado's residence and asked the guard at the security desk to contact Mr. Machado by telephone to get permission for me to see him. The security guard called Mr. Machado's unit and spoke to a person who the guard addressed as Mr. Machado. The guard informed me that Mr. Machado asked that I identify myself and the purpose of my visit. I informed the guard that I was Donald Moon and that I wanted to see Mr. Machado to serve him with legal process. The guard relayed this message to Mr. Machado. The guard then advised me that Mr. Machado had instructed him not to allow me access to his unit and that he was not receiving anyone that day. I asked the guard if I could speak to Mr. Machado on the telephone, but the guard said that it was against building policy to allow me to do so. I then asked the guard to allow me to go to Mr. Machado's unit. The guard escorted me to Mr. Machado's unit where I knocked on the door and called his name. There was no response from the other side of the door. I left the service copies of the Summons, Mattel's Amended Answer and Counterclaims, and Standing Order at Mr. Machado's door and was escorted by the security guard back to the lobby.

7.      On March 19, 2007, I contacted the management of Mr. Machado's condominium complex and asked to be allowed to remain inside the complex near Mr. Machado's unit so that I could personally serve him as he was leaving or going to his unit. The management refused my request and suggested that I contact the complex's attorney. I left message for the attorney and received no response.

Exhibit 2 Page 12

7209/2090854.1

-2-

DECLARATION OF DONALD MOON REGARDING ATTEMPTS TO PERSONALLY SERVE COUNTERDEFENDANT CARLOS GUSTAVO MUCHADO GOMEZ WITH PROCESS



8. On March 22, 2007, I attempted to serve Mr. Machado at the offices of MGA Entertainment, Inc. at 16380 Roscoe Blvd., Van Nuys, California where I am informed Mr. Machado works. I informed the receptionist in the lobby of the building that I would like to speak with Mr. Machado, but was told that no one by that name worked there.

9. On Monday, March 26, 2007, at approximately 8:30 p.m., I arrived at Mr. Machado's residence in order to again attempt to serve him. I informed the guard at the security desk that I wanted to contact Mr. Machado in unit 916 and to serve him with legal process. The guard stated that he would provide me with an escort to the Mr. Machado's unit. I asked the guard to call Mr. Machado first to see if he was home. The guard refused, stating that it was against the policy of the building to do so, but that I could be escorted to the unit to attempt service.

10. Another security guard escorted me to unit 916 where I again attempt to serve the Mr. Machado. I knocked on the door several times but there was no response. The security guard stated that I was allowed only three knocks on the door and that it was now time for me to leave. As the security guard escorted me back to the lobby, he informed me that residents of the building are instructed by the Home Owners' Association never to open the door unless the visitor has been identified at the security desk in the lobby and the purpose of the visit has been made known to the resident. When I returned to the security desk, I again asked the guard to call Mr. Machado's unit to confirm if he was home. The guard refused and stated that I had my chance to serve Mr. Machado. I then left the Summons, Amended Answer and Counterclaims and Standing Order with the guard and informed him that I was substitute serving him with legal process and that he should contact Mr. Machado and have him pick up the documents. I asked for the guard's name, but he refused to give it to me.

Exhibit 2 Page 13

7209/2090854.1

-3-

DECLARATION OF DONALD MOON REGARDING ATTEMPTS TO PERSONALLY SERVE COUNTERDEFENDANT CARLOS GUSTAVO MUCHADO GOMEZ WITH PROCESS

|   |   |
|---|---|
| 1 | 11. That same night, on March 26, 2007, I mailed a copy of the |
| 2 | Summons, Amended Answer and Counterclaims and Standing Order to Mr. |
| 3 | Machado at this residence address. |
| 4 | 12. I have served process upon litigants in the State of California for |
| 5 | the past six years for both state and federal courts as well as out of state |
| 6 | jurisdictions. I have also served arrest warrants for criminal defendants who are |
| 7 | fugitives from justice. From this experience, I have formed the opinion that |
| 8 | Machado has engaged in a deliberate evasion of service of process. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2007, at Los Angeles, California.

/s/ Donald Moon
Donald Moon

Exhibit 2 Page 14

08932/2090484.1

-4-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On March 30, 2007, I served true copies of the following document(s) described as **DECLARATION OF DONALD MOON REGARDING ATTEMPTS TO PERSONALLY SERVE COUNTERDEFENDANT CARLOS GUSTAVO MACHADO GOMEZ WITH PROCESS** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

Keith Jacoby, Esq.
**LITTLER MENDELSON**
2049 Century Park East, 5th Floor
Los Angeles, CA 90067

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 30, 2007, at Los Angeles, California.

_____
Candy Liao

Exhibit 2 Page 15

07209/2064364.1

# EXHIBIT 3

Received:    5/24/07   3:21PM;              RightFAX -> QUINN EMANUEL;   Page 2
RightFAX              5/ /2007 3:09     PAGE 002/002    Fax Server

SEND

FILED
CLERK, U.S. DISTRICT COURT

MAY 11

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION         BY DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mattel Inc<br><br>COUNTER-CLAIMANT(S)<br><br>v.<br><br>Carlos Gustavo Machado Gomez<br>COUNTER- DEFENDANT(S) | CASE NUMBER:<br><br>CV04-09049 SGL(RNBx)<br><br><br>DEFAULT BY CLERK<br>F.R.Civ.P. 55(a) |

It appearing from the records in the above-entitled action that summons has been served upon the counter-defendant(s) named below, and it further appearing from the affidavit of counsel for counter-claimant(s), and other evidence as required by F.R.Civ.P. 55(a), that each of the below counter-defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named counter- defendant(s) is hereby entered

**Carlos Gustavo Machado Gomez**

Clerk, U. S. District Court

Dated: May 11, 2007        Exhibit 3 Page 16        By _____ A. Morris _____

Deputy Clerk