**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
MARK E. OVERLAND (State Bar No. 38375)
moverland@obsklaw.com
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@obsklaw.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@obsklaw.com
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

Attorneys for
Carlos Gustavo Machado Gomez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC.,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. 04-9049 SGL (RNBx)<br><br>Consolidated with CV 04-9059 and CV 05-2727<br><br>**CARLOS GUSTAVO MACHADO GOMEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Date: December 17, 2007<br>Time: 10:00 AM<br>Place: Courtroom 1<br><br>**Phase 1**<br>Discovery Cut Off: January 28, 2008<br>Pre-Trial Conf.: May 5, 2008<br>Trial Date: May 27, 2008 |

MACHADO'S OPPOSITION TO MATTEL'S MOTION TO STRIKE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Mattel's Motion raises two issues: the merits of Mr. Machado's statute of limitations defense and the notice provided by certain other defenses. With respect to the statute of limitations, the motion is premature, at best. Mr. Machado is a named defendant in Phase II of this litigation, and discovery for that phase is in its infancy. Indeed, the Court recently vacated all deadlines pending for Phase II discovery. Accordingly, neither the Court nor the parties can conclude, at this time, that Mr. Machado's affirmative defenses raise "questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002).[1] As the facts develop, it may be possible to determine that certain affirmative defenses – whether proffered by Mr. Machado, Mattel or other parties to this litigation – lack merit and should be abandoned. Indeed, this Court's Local Rules envision that precise process, and require the parties to identify abandoned affirmative defenses in their Memorandum of Contentions of Fact and Law. *See* Local Rule 16-4.6. Thus, it is a customary and common practice in the Central District to abandon such defenses prior to trial, rather than to attempt to resolve them on a premature Rule 12 motion.

With respect to the other defenses Mattel seeks to strike, Mattel's motion is not brought in good faith. The three defenses identified by Mattel also appear, verbatim, in Mattel's own Answer. Mattel cannot have an honest belief in the arguments proffered in the Motion, in light of its own identical defenses. Nor do the

---

[1] *See also Federal Deposit Ins. Corp. v. Crosby*, 774 F.Supp. 584, 585 (W.D. Wash. 1991)(holding that the motion is proper only when the defense "cannot succeed under any circumstances") *cited* in Mattel's Memorandum of Points and Authorities ("Memo.") at 4:14-18.

defenses give inadequate notice, especially since the Court recently granted Mattel leave to pose contention interrogatories regarding each of the defendants' affirmative defenses.

## II. LEGAL ANALYSIS

### A. Mr. Machado's Statute of Limitations Defense is Properly Pled

Mr. Machado's Third Affirmative Defense asserts that Mattel's claims are barred in whole or in part by the applicable statute of limitations. Mattel claims that, because its causes of action are timely, this defense is untenable as a matter of law. The obvious circularity in this position is fatal to Mattel's motion. In the absence of discovery, it is not possible to determine whether those claims are timely, and as a result, Mattel cannot establish that Mr. Machado's affirmative defenses "cannot succeed under any circumstances." The mere fact that the dates are specifically pled does not foreclose a statute of limitations defense. *See Famolare, Inc. v. Edison Bros. Stores, Inc.* 525 F.Supp. 940, 949 (E. D. Calif. 1981)("This is exactly the sort of information which should be obtained through the discovery process.")

Although Mattel alleges that Mr. Machado misappropriated certain documents on April 24, 2004, and therefore, Mattel did not discover its claims until some later date, those allegations may prove false. On a Rule 12 motion, there is no reason to accept Mattel's recitation of the facts as a given. Rather, "[a]ll allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004)(on a Rule 12(b)(6) motion); *see also Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Thus, the Court must "resolve[] any doubt as to the relevance of the challenged allegations or sufficiency of a defense in defendant's favor." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Accordingly, the allegations in Mr.

Machado's answer are taken as true, and mere contradiction with those in Mattel's complaint provides no basis for dismissal.

Moreover, the allegations in Mattel's complaint undercut Mattel's Motion. Mattel alleges a conspiracy among Mr. Machado, MGA and others beginning as early as 2003. (Complaint ¶ 41.) As part of that conspiracy, Mattel alleges that "[i]n connection with that plan, and with the encouragement of Larian and other MGA officers operating in the United States, [Machado] began accessing, copying and collecting proprietary documents to take with them." (*Id.*) As this allegation makes clear, Mattel seeks relief, in part, for conduct that took place in 2003.

Mattel also errs in its statute of limitations calculation. Although Mattel moved for leave to name Mr. Machado as a defendant in this action in November 2006, that event does not satisfy its obligations under the statute of limitations. To the contrary, the statute of limitations continued to run until Mattel *filed the complaint* against Mr. Machado. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the Court."); Cal. Civ. Pro. Code § 350 ("An action is commenced within the meaning of this Title when the complaint is filed."). As Mattel admits, it did not file its complaint until January, 2007. By that time, more than three years had passed since the events in "late 2003" described in Mattel's complaint. (*See* Motion at n. 6; Proctor Decl. Ex. 15.)

It remains *possible* that Mattel's claims did not accrue until some later date, due to some ignorance on its part or failure to discover the alleged wrongdoing. However, in the absence of any *evidence* on that point, Mattel's assumption that it will prevail on this argument, standing alone, cannot justify the striking of Mr. Machado's defenses.

//
//
//

### B. Mattel's Attack on Machado's Fifth, Eighth and Tenth Affirmative Defenses is Unsupportable

Mattel offers no substantive objection to Machado's Fifth, Eighth and Tenth Affirmative Defenses, and instead simply claims that they fail to give fair notice. That disingenuous claim should be rejected for several reasons.

First, the defenses are clear on their face and are not as baffling as Mattel maintains. Mr. Machado's Fifth Affirmative Defense simply asserts that Mattel's damages were not caused by any of his own actions, while his Eighth Affirmative Defense states that Mattel failed to mitigate its damages. It is hard to imagine how these defenses could be made any clearer. Mr. Machado is not under any obligation to identify each and every alternate cause of Mattel's alleged damages at the pleading stage. Nor could Mr. Machado offer such analysis at this time. Mattel's complaint fails to identify any measure or calculation of damages in its complaint, and therefore, Mattel cannot reasonably expect Mr. Machado to highlight the deficiencies in that calculation in his answer.[2]

Second, and perhaps more importantly, Mattel's argument is brought in bad faith. Mattel's own affirmative defenses addressing causation, mitigation and standing are nearly verbatim of Mr. Machado's defenses, as demonstrated below:

//
//
//
//
//
//

---

[2] Moreover, as Mattel admits, Mr. Machado *does* provide an example of a missed opportunity to mitigate its damages. *See generally* Machado's Eighth Affirmative Defense. (Proctor Decl. Ex. 5 at 21.)

| Mr. Machado's Affirmative Defense | Mattel's Affirmative Defense |
|---|---|
| [5] Mattel's damages, if any, were not caused by Machado and are not attributable to the acts or omissions of Machado.[3] | [14] Plaintiff's damages, if any, were not caused by Mattel and are not attributable to the acts or omissions of Mattel.[4] |
| [8] To the extent Mattel suffered any damages, Mattel failed to take reasonable steps to mitigate those purported damages. For example, Mattel could have revoked the authorization it provided to Machado to make copies of materials for personal use. | [15] Plaintiff has failed to mitigate its damages, if any. |
| [10] Mattel's counterclaims are barred in whole or in part by its lack of standing. | [6] Plaintiff's claims are barred in whole or in part by its lack of standing. |

As the foregoing make clear, Mr. Machado's defenses provide detail equal or superior to that proffered by Mattel. Mattel cannot present any reason why a given defense is acceptable when pled by it, but unacceptable when pled by Mr. Machado. Accordingly, Mattel cannot contend that Mr. Machado's defenses are insufficient or that it is deprived of fair notice.

Third, any lack of fair notice imagined by Mattel has already been remedied by this Court's order granting Mattel's *Motion for Leave to Serve a Supplemental*

---

[3] *See* Proctor Decl. Ex. 5.
[4] *See* Proctor Decl. Ex. 11.

*Interrogatory Regarding Defendants' Affirmative Defenses.*[5] Since Mattel now has an opportunity to pose contention interrogatories regarding each of Mr. Machado's affirmative defenses, and may still pose additional document requests and conduct depositions thereon, Mattel's arguments regarding lack of notice should be rejected and the Motion denied.[6]

## III. CONCLUSION

It is difficult to ascertain why Mattel brings this Motion. A favorable ruling on the Motion will resolve nothing of substance or even affect the tactics of opposing counsel. The Court cannot rule on the *merits* of any of Mr. Machado's affirmative defenses on a motion to strike, given the complete lack of any factual or evidentiary record. At best, the Court can find that Mr. Machado is unaware of facts – before discovery on Phase II of the matter has even begun – to support his proffered defenses. However, even if the Motion were to be granted, Mr. Machado and Mattel may still conduct discovery on those defenses, and if additional facts come to light, Mr. Machado may re-assert those defenses in an amended pleading. *See* Fed. R. Civ. P. 15. As a result, Mattel cannot avoid discovery on Mr. Machado's defenses, even if the Motion is granted.

If, on the other hand, the Motion is denied, then Mr. Machado and Mattel will conduct discovery on the defenses. Once the facts are developed through discovery, Mr. Machado may learn facts supporting the alleged defenses or may conclude that certain affirmative defenses lack sufficient factual support. Should the latter occur,

---

[5] This opposition is filed without the benefit of a final written order on Mattel's motion and without a written transcript of the hearing thereon, which occurred the same day this opposition was due. Therefore, the foregoing arguments are based on the Court's expressed views regarding the motion, and tentative decision to grant it.

[6] If the Court is inclined to grant the motion, Mr. Machado respectfully requests leave to amend his answer.

Mr. Machado will comply with the Central District's Local Rules and identify any abandoned defenses in his Memorandum of Contentions of Fact and Law. *See* Local Rule 16-4.6.

Whether granted or denied, Mattel's motion adds nothing of substance to the resolution of this case. As a result, the Motion cannot "streamlin[e] the ultimate resolution of the action [or] focus[] the jury's attention on the real issues in the case," and it should therefore be denied. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds in Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-535 (1994).

DATED: December 3, 2007

OVERLAND BORENSTEIN SCHEPER & KIM LLP
MARK E. OVERLAND
DAVID C. SCHEPER
ALEXANDER H. COTE

By: /s/ Alexander H. Cote
Alexander H. Cote
Attorneys for CARLOS GUSTAVO MACHADO GOMEZ