1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:       tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No.  40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:        rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 MGAE De Mexico, S.R.L. DE C.V., and
   Isaac Larian

11

12                **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14                     **EASTERN DIVISION**

| | |
|---|---|
| 15  CARTER BRYANT, an individual | ) CASE NO. CV 04-9049 SGL (RNBx) |
| 16                    Plaintiff, | ) Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 17       v. | ) **DISCOVERY MATTER** |
| 18  MATTEL, INC., a Delaware corporation | ) **[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]** |
| 19                    Defendant. | ) **MGA ENTERTAINMENT INC.'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** |
| 20 | ) |
| 21  Consolidated with MATTEL, INC. v. BRYANT and MGA | ) |
| 22  ENTERTAINMENT, INC. v. MATTEL, INC. | ) **[Declarations Of Lisa Tonnu and Timothy A. Miller Filed Under Separate Cover]** |
| 23 | ) |
| 24 | Hearing Date:  TBD |
| 25 | Time:              TBD |
| 26 | Place:             TBD |

27

28

---

MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL

1

# TABLE OF CONTENTS

2
**PAGE**

3  I.      INTRODUCTION ...............................................................................1

4  II.     FACTUAL BACKGROUND ...............................................................3

5          A.   Financial Information Previously Produced by MGA and MGA's
                Responses to Mattel's Requests for Additional Financial
6               Information ..............................................................................3

7          B.   The November 2007 Meet And Confer ...................................4

8          C.   Mattel Files a Motion to Compel Production of Financial
                Information That MGA Has Already Agreed to Produce. ...........6
9
10  III.    ARGUMENT ....................................................................................8

11         A.   MGA Agreed To Produce the Requested Documents and Will Do
                So As Soon As Those Documents Are Ready for Production. ............8

12         B.   Mattel Has Made No Showing of Prejudice. .......................................8

13  IV.    CONCLUSION ................................................................................8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.     INTRODUCTION**

 1        MGA Entertainment, Inc. ("MGA"), respectfully submits this memorandum in

 2   opposition to Mattel, Inc.'s ("Mattel") motion to compel production of documents.

 3        There is no discovery dispute here.  Mattel has requested discovery of certain

 4   financial information in its Second Set of Requests for Production of Documents.  As

 5   set forth in MGA's Supplemental Responses to those requests (submitted to the Court

 6   by Mattel as Exhibit 6 to the Kidman Declaration), MGA has agreed to produce

 7   documents sufficient to provide Mattel with the financial information requested.  As

 8   explained in the accompanying Declaration of Lisa Tonnu, this is no easy task.

 9   MGA personnel are working diligently to assemble the requested financial

10   information from disparate data sources, some of which are no longer in operation

11   and are not readily accessible through MGA's current reporting systems.  MGA

12   anticipates that it will be in a position to produce substantially all of the financial

13   information that it has agreed to produce by December 12, 2007.

14        Mattel claims, based on discussions with prior counsel, that the financial

15   information it seeks is contained in a "summary report" and demands production of

16   the report.  Whatever discussion may have occurred between counsel for Mattel and

17   MGA's prior counsel, the simple fact is that no such report exists.  (*See* Tonnu Decl.

18   ¶¶ 3-9.)  Mattel would lead the Court to believe that it has received no financial

19   information at all.  Mattel fails to inform the court that MGA has already produced a

20   143-page report summarizing the units sold, sales price and Hong Kong standard

21   manufacturing cost for Bratz products sold from 2001 to 2006 organized by "stock-

22   keeping unit" or "SKU" (a number identifying each product), and a witness to testify

23   about that document, which was marked as Exhibit 660 at the Rule

24   30(b)(6)deposition of MGA through Lisa Tonnu.  Mattel claims that Exhibit 660

25   does not contain the level of detail that it requires and that it expects to receive in the

26   requested "summary report."  As Ms. Tonnu testified, the sales and cost figures

27   reported in Exhibit 660 were unadjusted in that they did not take into account, for

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   example, returns, discounts, allowances and other adjustments.  The financial

2   information that MGA is gathering and will be producing to Mattel will provide a

3   greater level of detail than the information contained in Exhibit 660.

4         Mattel claims that MGA has "already prejudiced Mattel's ability to complete

5   its damages analysis and expert damages report by the existing deadline."  (Mattel

6   Mot. at 1:26-2:2.)  Mattel provides no facts to support this claim.  Mattel points to

7   the February 11, 2008, deadline for expert reports.  Mattel does not explain how it

8   will be unable to prepare its expert reports in two months.  Moreover, as Mattel

9   acknowledges in its motion, the financial information being gathered by MGA will

10  be the "starting point" for the analyses to be conducted by both MGA's and Mattel's

11  respective damages experts.  Thus, MGA and Mattel are in exactly the same position

12  with respect to this financial information.  Mattel has not shown any prejudice.

13        Finally, Mattel contends that "MGA should not now be permitted to dump

14  potentially hundreds of thousands of sales invoices and other underlying documents

15  on Mattel to sort through without the promised report."  (Mattel Mot. at 6-7 n.20.)

16  Mattel's fears are unfounded.  As set forth in the Declaration of Lisa Tonnu, while

17  some of the information will be contained in documents to be produced by MGA,

18  much of the financial information will be contained in reports and spreadsheets

19  summarizing data pulled from disparate sources by MGA personnel.

20        There is no discovery dispute here.  And yet, Mattel filed this motion while the

21  parties were in the midst of a meet and confer.  Mattel's practice of filing discovery

22  motions when it becomes impatient with the meet and confer process mandated by

23  the Discovery Master Stipulation should be stopped.  We would like to discuss this

24  matter with the Court should Mattel press this matter to a hearing.

25        ///

26        ///

27        ///

28        ///

2

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

II.    **FACTUAL BACKGROUND**

   A.    **Financial Information Previously Produced by MGA and MGA's Responses to Mattel's Requests for Additional Financial Information**

On September 17, 2007, MGA served on Mattel its Supplemental Responses to Mattel's Second Set of Requests for Production of Documents, which sought an array of financial information. (Kidman Decl. Ex. 6.) In those responses, MGA agreed to produce documents sufficient to provide the information requested to the extent such information was within the possession, custody or control of MGA.

Mattel contends in its motion that it has been deprived of a "summary report" promised by MGA's prior counsel. MGA's current counsel was not a party to those discussions. But it appears that there was a misunderstanding of the effort that would be required to collect the financial information that Mattel seeks. Current counsel for MGA has made clear during the recent meet and confer process that no report exists which would provide sales, revenue, cost and profit information for Bratz products by SKU, and that MGA is working diligently to gather financial information responsive to Mattel's requests that is reasonably available to the Company. (Miller Decl. ¶ 2.)

Mattel argues that "the suggestion that a company like MGA, with hundreds of millions of dollars in annual sales is unable to track sales or revenues by product is implausible on its face." (Mattel Mot. at 6-7 n.20.) In its rhetorical zeal, Mattel fails to mention that MGA has already produced detailed sales figures and a witness to testify about that information. Prior to the September 24, 2007, Rule 30(b)(6) deposition of Lisa Tonnu, MGA produced what has been referred to in the correspondence between the parties as "Exhibit 660," a 143-page report containing hundreds of line items listing units sold, selling price and MGA's "Hong Kong standard cost" by SKU for each Bratz product sold from 2001 through 2006. (MGA will show the Court a copy of this highly confidential document at the hearing on this matter, if Mattel insists on pressing this matter to a hearing.) Thus, contrary to

3

1   Mattel's assertions, MGA has already provided information regarding sales by

2   product.

3          As Ms. Tonnu testified, the information on Exhibit 660 was unadjusted, by

4   example, for returns, discounts and allowances.  The financial information that MGA

5   agreed to produce in its Supplemental Responses and which is being gathered now

6   (as described below) will be more detailed than the unadjusted figures contained in

7   Exhibit 660.  At the time of the transition of MGA's counsel, that financial

8   information had not yet been produced.

9          **B.     The November 2007 Meet And Confer**

10         The parties have met and conferred at length during the past few weeks

11  concerning a broad range of discovery issues, including Mattel's request for financial

12  information.  On October 29, 2007, Mattel sent MGA a letter detailing a variety of

13  discovery issues, among them "Financial Information responsive to Mattel's Second

14  Set of Requests for Production to MGA." (Kidman Decl. Ex. 9 at 4.)  In doing so,

15  Mattel focused on a "report that would provide information responsive to a number

16  of the requests, including  sales, revenue, cost and profit information for Bratz

17  products by SKU." (*Id*.)  Counsel for Mattel did not mention Mattel's need for

18  customer-specific data, focusing instead on SKU-level data.  (Miller Decl. ¶ 3.)

19         On November 16, 2007, two days after the stay imposed by Judge Larson to

20  allow MGA's new counsel to transition into the case was lifted, the parties met at

21  Mattel's counsel's offices to discuss a broad range of topics, including the issues

22  raised in Mattel's counsel's October 29 letter.  (*Id*.)  There, Mattel inquired about

23  MGA's production of financial information in connection with a Rule 30(b)(6)

24  deposition, responses to interrogatories, and the production of documents, and

25  reiterated that it needed information on sales, revenue, cost and profit information for

26  Bratz products by SKU.  (*Id*.)  In response, MGA stated that the "summary report"

27  referenced in Mattel's October 29 letter did not exist, but that MGA was gathering

28  the information Mattel was seeking and would produce that information as soon as it

4

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1 | was gathered.  (*Id.* ¶ 4.)  MGA offered to produce Lisa Tonnu to testify regarding

2 | that information once it was produced  (*Id.*)  The parties agreed to put the matter on

3 | the agenda for a meet and confer scheduled for November 21. (*Id.*)

4 |      Prior to the November 21 meet and confer, Mattel's counsel sent a letter

5 | erroneously stating that "MGA acknowledged [at the November 16 meet and confer]

6 | that Exhibit 660 from the deposition of Lisa Tonnu was inaccurate" and that "MGA

7 | agrees to produce the underlying source data needed and to produce someone who

8 | can say how the numbers in the source data were met and what they mean." (*Id.* ¶ 5

9 | and Ex. A at 2.)  At the November 21, 2007, meet and confer and in a follow-up

10 | letter dated November 26, 2007, counsel for MGA informed counsel for Mattel that

11 | it had not agreed with Mattel's counsel's assertion that Exhibit 660 was "inaccurate,"

12 | that it did not know what "missing financial information" counsel for Mattel was

13 | referring to and that it was "gathering additional financial information and a witness

14 | to testify regarding that information."  (*Id.* ¶ 6 and Ex. B at 4.)  MGA's counsel

15 | informed Mattel's counsel that the promised financial information "should supersede

16 | any issues that have been raised regarding Exhibit 660 and any discussions with prior

17 | counsel regarding unspecified financial reports." (*Id.*)

18 |      Mattel sent a letter later in the day on November 26, 2007 after MGA had sent

19 | its letter, but did not respond to MGA's letter or otherwise indicate what "missing

20 | financial information" Mattel was referring to.  (*Id.* ¶ 7 and Ex. C.)

21 |      At all times in the November 2007 meet and confer process, Mattel's counsel

22 | said that it was seeking information on sales, revenue, cost and profit information for

23 | Bratz products by SKU.  Mattel did not spell out specifically what other "missing

24 | financial information" it required.  Mattel did not mention any immediate need for

25 | financial information by customer.  As MGA has explained on numerous occasions

26 | now, whatever prior discussions may have occurred between counsel for Mattel and

27 | prior counsel for MGA, the "summary report" vaguely referenced in Mattel's meet

28 | and confer correspondence and its motion to compel simply does not exist.  (Tonnu

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  Decl. ¶¶ 3-9.)  Mattel has sought from MGA production of financial information

2  sufficient to show revenue, costs and profits at the product level or data from which

3  such figures may be derived -- and a witness to help explain it.  MGA has agreed to

4  produce both.

5        **C.    Mattel Files a Motion to Compel Production of Financial**
              **Information That MGA Has Already Agreed to Produce.**
6

7        MGA believed that its counsel was in the midst of a good faith "meet and

8  confer" process regarding the financial information sought by Mattel.  Without

9  warning and without completing the meet and confer process, Mattel filed the

10  present motion, seeking to "compel" the very financial information that MGA had

11  already agreed to produce.

12        MGA personnel are working diligently to assemble financial information

13  responsive to Mattel's Second Set of Requests for Production of Documents.  This

14  data is not available at the press of a button.  Rather, as set forth in the accompanying

15  Declaration of Lisa Tonnu, the information needed to assess the profitability of Bratz

16  dolls and other Bratz products at the SKU-level is scattered amongst multiple data

17  warehouses and user interfaces at MGA, some of which are not readily accessible

18  through MGA's current systems.  (Tonnu Decl. ¶¶ 3-8.)  Thus, because the

19  information relevant to an assessment of profitability by SKU is found in data from

20  multiple sources, there is no single "summary report" containing all profit-related

21  information by SKU.  (*Id*. ¶ 9.)

22        MGA expects to produce to Mattel several reports containing information

23  relevant to an assessment of MGA's SKU-level sales, returns and costs of goods sold

24  data for Bratz dolls and other products.  Additionally, MGA expects to be able to

25  provide to Mattel:

26        a.    Documents, reports, spreadsheets and other electronic data related

27  to MGA's sales, returns and costs of good sold for each month, by SKU, from 2001

28  to the present;

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1          b.          Documents, reports, spreadsheets and other electronic data

2   sufficient to show MGA's promotional, advertising and media expenditures,

3   including MGA's internal allocation of those expenditures by brand and/or product;

4          c.          Documents, reports, spreadsheets and other electronic data

5   sufficient to show MGA's amortization and depreciation of certain capital assets and

6   expenditures;

7          d.          Documents, reports, spreadsheets and other electronic data

8   sufficient to show MGA's monthly general ledger entries aggregated by account,

9   including income and expense accounts, reserves and liabilities; and

10         e.          Documents, reports, spreadsheets and other electronic data

11  sufficient to explicate MGA's various accounts as presently and historically

12  maintained in MGA's books and records, as well as various nomenclature assigned to

13  items, products, brands, sub-brands, and profit centers.  (*Id.* ¶ 10.)

14        MGA is also working to gather documents, reports, spreadsheets and other

15  electronic data related to MGA's sales, Hong Kong standard manufacturing cost and

16  discounts and allowances by customer.  (*Id.* ¶ 11.)  Mattel's counsel did not mention

17  an immediate need for customer-specific data in the November 2007 conferences

18  with MGA's current counsel.  (Miller Decl. ¶¶ 3, 8.)  But such information is sought

19  in MGA's Second Request for Production of Documents, so MGA will produce the

20  information, to the extent it is within MGA's possession, custody or control and is

21  reasonably available to MGA.

22        MGA expects that it will be in a position to produce substantially all of the

23  financial documents and reports described above by Wednesday, December 12, 2007,

24  barring unforeseen technical or other difficulties, and will do so sooner if the

25  financial information becomes available.  (Tonnu Decl. ¶ 12.)

26        ///

27        ///

28        ///

7

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**III.   ARGUMENT**

   **A.    MGA Agreed To Produce the Requested Documents and Will Do So As Soon As Those Documents Are Ready for Production.**

As described above, the financial information that MGA is gathering will provide Mattel with what it asked for, i.e., data from which it can derive the number of units sold, the gross and net revenue derived from those sales, the costs associated with those sales (including costs of goods sold), and gross and net profits from sales – all at the product/sku level and some provided on a per-customer basis (to the extent reasonably available to MGA).  MGA will provide that information as soon as it is available.  MGA anticipates that it will be able to produce the information by December 12, 2007.  There is no dispute to be resolved by this motion.

   **B.    Mattel Has Made No Showing of Prejudice.**

As discussed above, MGA's and Mattel's experts will be provided with the same "starting point" financial information at the same time.  Those experts will have two months to meet the February 11 deadline for expert reports.  Mattel has shown no prejudice by any claimed delay in the production of the requested financial information.

**IV.   CONCLUSION**

For the foregoing reasons, Mattel's motion to compel should be denied in its entirety.

DATED:     December 3, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

_____
Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED, AND MGAE de
MEXICO S.R.L. de C.V.

8

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
201944-San Francisco Server 1A - MSW