1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | Email: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | Email: rkennedy@skadden.com

9 | Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
10 | MGAE De Mexico, S.R.L. DE C.V., and
Isaac Larian

11

12 | **UNITED STATES DISTRICT COURT**

13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 | **EASTERN DIVISION**

15 | CARTER BRYANT, an individual ) CASE NO. CV 04-9049 SGL (RNBx)

16 | Plaintiff, ) Consolidated with Case No. 04-9059
) and Case No. 05-2727
17 | v. )
) **DISCOVERY MATTER**
18 | MATTEL, INC., a Delaware )
corporation ) **[To be heard by Discovery Master**
19 | ) **Hon. Edward A. Infante (Ret.)]**
Defendant. )
20 | ) **DECLARATION OF TIMOTHY**
_____ ) **MILLER IN SUPPORT OF MGA**
21 | Consolidated with MATTEL, INC. v. ) **ENTERTAINMENT, INC.'S**
BRYANT and MGA ) **OPPOSITION TO MATTEL,**
22 | ENTERTAINMENT, INC. v. ) **INC.'S MOTION TO COMPEL**
MATTEL, INC. ) **PRODUCTION OF DOCUMENTS**
23 | )

24 | Hearing Date: TBD
Time: TBD
25 | Place: TBD

26

27

28

DECL. OF TIMOTHY MILLER ISO MGA'S OPP'N TO MATTEL'S MOTION TO COMPEL

**1**     I, Timothy A. Miller, declare:

**2**     1.    I am an attorney duly licensed to practice law in the State of California
**3** and am a member of the law firm of Skadden, Arps, Slate, Meagher & Flom LLP
**4** ("Skadden, Arps"), counsel of record for MGA Entertainment Inc. in this action. I
**5** have personal knowledge of the facts set forth below and could competently testify
**6** thereto.

**7**     2.    The parties have met and conferred at length during the past few weeks
**8** concerning a broad range of discovery issues, including Mattel's request for financial
**9** information. Current counsel for MGA has made clear during the recent meet and
**10** confer process that no report exists which would provide sales, revenue, cost and
**11** profit information for Bratz products by SKU, and that MGA is working diligently to
**12** gather financial information responsive to Mattel's requests that is reasonably
**13** available to the Company.

**14**     3.    On November 16, 2007, I and other members of my firm met with
**15** counsel for Mattel at Mattel's counsel's offices to discuss a broad range of topics,
**16** including the issues raised in Mattel's counsel's October 29, 2007, meet and confer
**17** letter (attached as Exhibit 9 to the Declaration of Scott Kidman, submitted with
**18** Mattel's motion to compel). Mattel's counsel inquired about MGA's production of
**19** financial information in connection with a Rule 30(b)(6) deposition, responses to
**20** interrogatories, and the production of documents, and reiterated that it needed
**21** information on sales, revenue, cost and profit information for Bratz products by SKU.
**22** Counsel for Mattel did not mention in the November 16 or later meet and confer
**23** sessions any immediate need for customer-specific data, focusing instead on SKU-
**24** level data.

**25**     4.    In response, I informed counsel for Mattel that the "summary report"
**26** referenced in Mattel's October 29 letter did not exist, but that MGA was gathering
**27** the information Mattel was seeking and would produce that information as soon as it
**28** was gathered. I offered to produce Lisa Tonnu to testify on behalf of MGA

1

1 || regarding that information once it was produced. Counsel for Mattel and counsel for
2 || MGA agreed to discuss further Mattel's request for financial information, among
3 || many other issues, at a meet and confer scheduled for November 21, 2007.

4        5.      Prior to the November 21 meet and confer, Mattel's counsel sent a letter
5 || to counsel for MGA purporting to summarize the discussions held at the November
6 || 16 meet and confer. A true and correct copy of Jon Corey's letter dated November
7 || 21, 2007, is attached hereto as Exhibit A. Mattel's counsel erroneously stated in that
8 || letter that "MGA acknowledged [at the November 16 meet and confer] that Exhibit
9 || 660 from the deposition of Lisa Tonnu was inaccurate" and that "MGA agrees to
10 || produce the underlying source data needed and to produce someone who can say
11 || how the numbers in the source data were met and what they mean." (Ex. A at 2.)

12        6.      At the November 21, 2007, meet and confer, counsel for the parties
13 || again discussed Mattel's need for financial information. A true and correct copy of a
14 || November 26, 2007, letter from MGA's counsel to Mattel's counsel regarding that
15 || conference of counsel is attached hereto as Exhibit B. At the November 21, 2007,
16 || meet and confer and in MGA's counsel's November 26 follow-up letter, counsel for
17 || MGA informed counsel for Mattel that it had not agreed with Mattel's counsel's
18 || assertion that Exhibit 660 was "inaccurate," that it did not know what "missing
19 || financial information" counsel for Mattel was referring to and that it was "gathering
20 || additional financial information and a witness to testify regarding that information."
21 || (Ex. B at 4.) MGA's counsel also informed Mattel's counsel that the promised
22 || financial information "should supersede any issues that have been raised regarding
23 || Exhibit 660 and any discussions with prior counsel regarding unspecified financial
24 || reports." (Ex. B at 5.)

25        7.      Mattel's counsel sent us a letter later in the day on November 26, 2007
26 || after we had sent our letter, but did not respond to our letter or otherwise indicate
27 || what "missing financial information" Mattel was referring to. A true and correct
28 || copy of Mattel's counsel's November 26, 2007, letter is attached hereto as Exhibit C.

2

1    8.    At all times in the November 2007 meet and confer process, Mattel's

2  counsel said that it was seeking information on sales, revenue, cost and profit

3  information for Bratz products by SKU.  Mattel's counsel did not spell out

4  specifically what other "missing financial information" it required.  Mattel's counsel

5  did not mention an immediate need for customer-specific data.

6    I declare under penalty of perjury under the laws of the United States of

7  America that the foregoing is true and correct.  Executed this 3rd day of December,

8  2007, in San Francisco, California.

9

10  _____

11                                    Timothy A. Miller

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF TIMOTHY MILLER ISO MGA'S OPP'N TO MATTEL'S MOTION TO COMPEL
201991-San Francisco Server 1A - MSW

# EXHIBIT A

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

November 21, 2007

### VIA FACSIMILE AND U.S. MAIL

Raoul Kennedy, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:     Mattel v. Bryant

Dear Raoul:

I write regarding the parties' meet and confer on November 16, 2007, at which we discussed many pending discovery disputes, and to memorialize certain agreements. I list below Mattel's understanding of any follow-up to be performed by MGA:

1.     MGA informed Mattel that Lucy Arant is withdrawing her original declaration accompanying MGA's Opposition to Mattel's Motion to Compel Withheld MGA Documents that Prove MGA was Developing Bratz as Early as June 2000. As I understand, Ms. Arant belatedly realized that the declaration was inaccurate and has signed a new declaration, which you provided.

2.     Via telephone conference this Wednesday, November 21, 2007, MGA will propose further clarification/narrowing of topics that are the subject of MGA and Bryant's Joint Motion to Compel re: Mattel's Bandying of 30(b)(6) Witnesses.

3.     Regarding Mattel's Motion to Enforce the Court's May 15, 2007 Order, MGA no longer contests that Mattel is entitled to un-redacted documents and will produce the documents that MGA has identified as improperly redacted in un-redacted form by November 26, 2007. As my colleagues and I informed you on Friday, one area of particular concern to Mattel is redacted calendars and Franklin planners.

quinn emanuel urquhart oliver s hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2298121.1

**EXHIBIT A**
**PAGE 4**

4.     MGA offered Ron Brawer's dates of availability to be deposed as December 18, 19, 20, 24 and 25. Skadden represented that it will represent Mr. Brawer at his deposition, but that it is not authorized to accept service of a subpoena for Mr. Brawer, but that he will attend his deposition.

5.     MGA represented that it will produce a witness on Topic Nos. 15 and 16 of Mattel's Third Notice of Deposition of MGA and that it will provide dates of availability for that witness on or before this Wednesday, November 21.

6.     MGA represented that it will produce all fee and/or indemnity agreements between MGA and Bryant by November 26, 2007 as well as a privilege log. As noted at the parties' meet and confer, MGA's failure to produce a log months ago constitutes a waiver of any claims of privilege, thus Mattel will keep this aspect of Mattel's Motion to Enforce the Court's Order of May 15, 2007 before the Court.

7.     MGA represented that it will produce a supplemental privilege log and a production of partially redacted documents by November 26, 2007. MGA further represented that only wholly redacted documents were presently on the privilege log. MGA also stated that it would clarify by Wednesday to which productions the redacted privilege log applied.

8.     As counsel for Isaac Larian, Skadden represented that my colleague Scott Kidman should talk further to either Phil Marsh in Washington, D.C., or you, regarding whether or not Mr. Larian intends to stand by the objections that are the subject of Mattel's pending motion to compel.

9.     You stated that my colleague Mike Zeller should talk to Tom Nolan regarding Mattel's anticipated motion to Judge Larson to request more discovery.

10.    The parties agreed that they will write a high-level letter to Judge Infante on November 30, 2007 to identify pending disputes that are now off calendar for the parties' December 14 hearing date. Further, the parties agreed that the parties will send a more detailed letter to Judge Infante on December 3, 2007 regarding the motions currently on calendar for December 14.

11.    MGA agreed to produce Sam Khare, MGA's designee on the substance of Topic No. 33 of Mattel's Second Notice of Deposition of MGA, for additional time to "clean-up" his deposition.

12.    MGA disputed that Khare and additional MGA 30(b)(6) designees, including Lisa Tonnu, Ken Lockhart, Becky Harris and Bryan Armstrong, were unprepared to testify on the topics on which they were designated and/or received improper instructions not to answer. Mattel will identify specific deficiencies in the testimony, which the parties will discuss on their call on Wednesday, November 21.

13.    MGA acknowledged, however, that Exhibit 660 from the deposition of Lisa Tonnu was inaccurate and lacked the information requested in Mattel's Topic on which Ms. Tonnu was designated. MGA agrees to produce the underlying source data needed and to produce someone who can say how the numbers in the source data were met and what they mean.

**EXHIBIT A**
**PAGE 5**

14. MGA agreed to review Mr. Lockhart's deposition transcript in light of Mattel's explanation as to how his testimony on Topic Nos. 38 and 39 of Mattel's Second Notice was inadequate.

15. MGA agreed to produce by this past Friday replacement electronic production and load files for nearly 1.4 million pages from its production that were previously incomplete. I understand that disks were received from MGA this past Friday, but I have not yet received confirmation that these disks include all the missing information.

16. MGA represented that it will give a status report on the completeness of its production this Wednesday, November 21.

17. Skadden is not representing Ms. Trueba or Mr. Vargas. Skadden does not know who will be representing them, but they will have representation.

18. MGA agreed to provide dates for when counsel is available to depose Adrienne Fontanella.

19. I told you that Ivy Ross is available for deposition on January 17, 2008. Please confirm that this date is available.

20. MGA has confirmed that it is withdrawing the subpoena of Jamie Cygielman.

21. MGA agreed to provide explanation on Wednesday, November 21, as to why MGA believes it needs more time to depose Jill Nordquist. Mattel is not aware of any reason why MGA would need to further examine her.

22. Skadden agreed to investigate the status of the missing financial information promised by Bill Charron to Mattel that still has not been produced by MGA.

23. MGA agreed to inquire and to provide information regarding the tangible items located in Hong Kong, so that Mattel could determine how best to make them available for inspection.

24. MGA requested an extension regarding its time to serve objections and the third parties' time to respond to subpoenas Mattel served on Wachovia, Ernst and Young, and Deloitte. MGA represented that it would investigate further and identify a date for production on Wednesday, November 21. Mattel agreed that MGA's failure to respond before Wednesday would not constitute a waiver. However, the parties will identify a date for production

25. MGA also represented that it was trying to identify the documents provided to Eric Speckin, which are referenced in his declaration, to provide copies to Mattel. MGA also represented that it was trying to find the electronic version of Exh. 660, so that MGA could produce Exh. 660 in electronic form to Mattel.

26. MGA represented that it was working on producing Dave Malacrida's full calendar but that producing the full, un-redacted calendar may raise privacy concerns. The parties agreed to deal with any such concerns on a case-by-case basis. However, as Mattel stated at the meet and

confer, Mattel is disinclined to agree to redactions because of the improper redactions that MGA,
Bryant and affiliated third parties have done previously in this case.

27.     Skadden represented that the parties that have not yet produced preservation declarations
in violation of Judge Larson's order will produce such declarations and that Skadden will provide
a date on Wednesday, November 21.

28.     MGA represented that it will serve on Mattel by November 30, 2007 the discovery
responses listed in your letter to me, dated November 14, 2007, and that those responses will be
substantive (as opposed to the responses that MGA filed last week to preserve objections.

If you have any questions regarding the foregoing, please do not hesitate to call. We look
forward to seeing you on Friday.

Best regards,

Jon D. Corey

cc:     Amy Park, Esq.
        Tim Miller, Esq.
        Marcus Mumford, Esq.
        Christa Anderson, Esq.
        John Trinidad, Esq.

07209/2298121.1

4

**EXHIBIT A
PAGE 7**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   November 21, 2007

**NUMBER OF PAGES, INCLUDING COVER: 5**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq.<br>Carl Roth, Esq.<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 213.687.5000 | 213.687.5600 |
| Amy S. Park<br>*Skadden, Arps, Slate, Meagher & Flom LLP.* | 650.470.4500 | 650.470.4570 |
| Tim Miller, Esq.<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 415.984.2647 | 888.329.1836 |
| Marcus Mumford, Esq.<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 213.687.5000 | 213.687.5600 |
| Christa Anderson, Esq.<br>**Keker & Van Nest** | 415.391.5400 | 415.397.7188 |
| John E. Trinidad, Esq.<br>**Keker & Van Nest, LLP** | 415.391-5400 | 415.397.7188 |

**FROM:**   Jon Corey

**RE:**   *Bryant v. Mattel*

07209/2266533.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of the communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

## EXHIBIT A
## PAGE 8

# EXHIBIT B

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

November 26, 2007

### VIA FACSIMILE

Jon D. Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE: *Mattel v. Bryant*

Dear Jon:

I write to summarize MGA's understanding of items discussed at attorney conferences on November 16 and 21, 2007, and to respond to your letters of November 19 and 21, 2007.[1] The following numbered paragraphs correspond to the items listed in your November 21 letter.

1. On November 19, MGA withdrew the August 31, 2007 Declaration of Lucy B. Arant, which was filed in Opposition to Mattel's Motion to Compel Withheld MGA Documents, and on the same date submitted to Judge Infante (and filed in court) the Revised Declaration of Lucy B. Arant in Support of MGA's Opposition.

2. On November 21, MGA proposed that the parties resolve the Joint Motion To Compel Re: Mattel's Bandying Of 30(b)(6) Witnesses ("Motion No. 4") by narrowing topics 2-7 "to the extent Mattel asserts them as a basis for its claims or defenses in this matter" and agreeing that Mattel will give assurances that its designee is prepared to testify knowledgeably as required by Rule 30(b)(6) but need not prepare the designee to testify concerning information that Mattel obtained only from third party discovery in this case. Mattel agreed to consider MGA's proposal and discuss at the next meet and confer on November 28, 2007.

3. On November 20, MGA produced: (i) a CD containing single-page TIFFs with Concordance load files for Bates numbers MGA 3708312 – MGA 3709760, which are re-productions of documents previously produced by MGA and referenced in Mattel's Motion to Enforce the Court's Order of May 15, 2007 ("Motion No. 5");

---

[1]     In that the November 16, 2007 conference addressed, *inter alia*, issues raised in your letters of October 29 and November 7, 2007, this letter is in response to those letters as well.

### EXHIBIT B
### PAGE 9

Jon D. Corey, Esq.
November 26, 2007
Page 2

(ii) a redaction log for documents contained on the CD (the redactions were made
only on the basis of privilege); and (iii) a chart correlating the Bates numbers of
MGA's previously produced documents with the Bates numbers of the re-produced
documents on the CD. We believe this production resolves Motion No. 5. As the
parties agreed on November 16, you will let us know if you locate any other
documents that you believe contain redactions other than those based on privilege,
and we will address the matter. Mattel agreed to reciprocate in addressing document
production matters raised by MGA.

    4. On November 16, we informed you that Mr. Brawer would be available for
deposition on December 18, 19, 20, 24 or 25, and you confirmed that Mattel would
depose Mr. Brawer on one of those dates. We raised the issue in our November 21
teleconference because Mr. Brawer needs to confirm a date for scheduling purposes,
and you assured us that Mattel would select a date by Monday, November 26.

    5. MGA agreed to produce Lisa Tonnu for additional testimony on its behalf on
Topics 21, 23, 25, 31 and 40 of the Second Notice of Deposition of MGA, and
designated her as the witness to testify on Topics 11, 12, 15 and 16 of the Third
Notice of Deposition of MGA. As we discussed, MGA is currently gathering certain
underlying financial information relevant to Ms. Tonnu's testimony on Topic 25 of
the Second Notice and MGA's response to Interrogatory 45 and will produce it as
soon as it becomes available, which we anticipate to be later in December, and Ms.
Tonnu's deposition should be scheduled after MGA has provided that information.
Ms. Tonnu will not be available over the Christmas/New Year holiday. We therefore
offered January 9, 10 or 11 for her deposition, which will be limited to one day of 7
hours. Please let us know which date is best for you.

    6. On November 23, MGA produced fee/indemnity agreements between MGA
and Carter Bryant and related correspondence, Bates numbers MGA 3709761 –
MGA 3709856, and a log of documents withheld in whole or in part on the basis of
privilege. We believe that production resolves Mattel's motion to compel those
materials ("Motion No. 6"). MGA disagrees with the assertion in your November 21
letter that it waived privilege by not producing these documents earlier. Should
Mattel press the motion, MGA will contest this point before Judge Infante.

    7. MGA did not represent that it would produce a supplemental privilege log
and partially redacted documents by November 26. On November 16 and 21, we
informed you that we are working diligently to redact and log approximately 1,000
records designated by MGA as items in need of redaction on the basis of privilege,
the overwhelming majority of which are email chains with several links, and we will
continue to work diligently on that effort. The privilege log produced November 15
currently lists documents withheld from production in their entirety on the basis of
privilege. We informed you on November 16 and 21 that we are still working to
ascertain through prior counsel and the electronic discovery vendor to which
productions the privilege log applies. We understand the prior counsel responsible

Jon D. Corey, Esq.
November 26, 2007
Page 3

for the log is on his honeymoon, and we will report more information as soon as we are able.

8. We understand the parties have scheduled a meet and confer on November 29, at 11 a.m. (PST), to discuss the disputed document requests at issue in Mattel's motion to compel documents from Mr. Larian.

9. We understand that Mattel noticed its Motion for Leave to Take Additional Discovery for January 7, 2008. MGA will oppose that motion.

10. We look forward to working together on a report to Judge Infante. We currently view the following motions as potentially resolved in their entirety: Defendants' Motion for Protective Order Limiting Requests for Admission, which the parties agreed to withdraw, Motions Nos. 5 and 6, Mattel's Motion to Compel Deposition of Ron Brawer, and Mattel's Motion to Compel Production of Witnesses by MGA Re Topic Nos. 15 and 16, as set forth above. We trust that you will confirm this view, and that the parties will continue to work together to resolve matters presented by other motions. In particular, we understand the parties have agreed to meet and confer further on MGA's proposal to resolve Motion No. 4, Mattel's Motion for Reconsideration of the September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel Production of Documents ("Motion No. 9"), and Mattel's Motion to Compel Production of Documents by Isaac Larian ("Motion No. 10"), prior to November 30.

11. As confirmed on November 21, MGA designated Sam Khare for the completion of his testimony on Topic 33 of Mattel's Second Notice of Deposition of MGA, meaning that he will testify regarding the five or so exhibits that remained when his August 20, 2007 deposition on Topic 33 was adjourned at 9:27 p.m. MGA also designated Mr. Khare on Topic 24 of the Second Notice and Topics 4-7 and 10 of the Third Notice of Deposition to MGA. We agreed to get back to you with available dates for Mr. Khare's deposition. With respect to Topic 8 of the Third Notice, MGA designates the testimony of Isaac Larian from his July 18, 2006 deposition, at 194:19 through 195:17. Finally, Mattel agreed to consider MGA's request to defer the designation of a witness or witnesses on Topics 14, 16, 18, 20 and 32 of the Second Notice until after the depositions of Margaret Leahy, Elise Cloonan and Veronica Marlowe. As we discussed, these topics generally address the early relationship between MGA and Carter Bryant. Mattel has already taken the depositions of witnesses with direct knowledge of these matters, including Paula Garcia and Isaac Larian. We anticipate that Leahy, Cloonan and Marlow will also have direct knowledge of the subject matters covered by these topics, and, therefore, their testimony (combined with prior testimony in the case) may obviate additional testimony on these topics.

12. As noted above, MGA has designated Ms. Tonnu for additional testimony on Topics 21, 23, 25, 31 and 40 of the Second Notice of Deposition of MGA, and Sam Khare to provide additional testimony on Topic 24. Mattel confirmed on November

Jon D. Corey, Esq.
November 26, 2007
Page 4

21 that MGA's testimony was complete on Topics 26 and 37 of the Second Notice.
We informed you that MGA would not provide additional testimony on the testing
performed by Mr. Speckin in response to Topic 41 on the grounds that Mattel has not
identified any areas for additional testimony that would not be protected from
disclosure by the attorney work product doctrine. We informed you that we are still
working to determine whether MGA will provide additional testimony on Topic 39,
both as it applies to hard copy (Tonnu) and electronic (Lockhart) documents.
Finally, you raised the issue of Rebecca Harris' testimony and agreed to provide us
with a copy of a previous letter on that subject. As we indicated, it is very important
that all open issues with respect to Rule 30(b)(6) testimony be resolved prior to the
commencement of additional testimony on MGA's behalf so that we can assign any
additional topics to the appropriate witnesses and, if Ms. Tonnu or Mr. Khare turn
out to be the appropriate witnesses, avoid the need to bring them back for additional
testimony.

13. MGA did not suggest that Exhibit 660 to the deposition of Lisa Tonnu was
"inaccurate." Ms. Tonnu's testimony on the subject speaks for itself. As indicated
above, MGA is gathering certain underlying financial information and will produce
Ms. Tonnu to testify regarding that information.

14. MGA reviewed the transcript of Mr. Lockhart's deposition, as agreed. At the
November 21 teleconference, Mattel agreed to specify in writing any deficiencies
that it perceives in his testimony.

15. On November 15, MGA produced, *inter alia*, a hard drive containing single
page TIFFs with Concordance load files for Bates Nos. MGA 2144575 – MGA
3708205. As stated in the November 14, 2007 letter from Amy Park to Mr. Zeller
and Ms. Hauler, that hard drive replaced the one referenced in Mattel's letters of
October 30 and November 14. If you have any concerns about the completeness of
the load files after you examine the hard drive, please let us know.

16. At the November 21 teleconference, we reported that Skadden is working to
ascertain the completeness of MGA's production made prior to its entry into the case
and that we would provide a further report to you as soon as possible.

17. We confirmed on November 16 that Skadden is not representing Ms. Trueba
or Mr. Vargas and stated that we do not know who is or will be representing them.

18. On November 16, Mattel agreed to provide dates for the depositions of
Adrienne Fontanella, Matt Bousquette, Richard De Anda and Tina Patel within a
range of dates proposed by MGA. MGA proposes to depose De Anda and Patel the
week of December 10, 2007, Bousquette and Fontanella the week of December 17,
2007. Please confirm deposition dates for those individuals as soon as possible.

19. MGA confirmed by email dated November 21, 2007, that it will depose Ivy
Ross on January 17, 2008. Mattel indicated that it also intends to designate Ivy Ross

Jon D. Corey, Esq.
November 26, 2007
Page 5

as a Rule 30(b)(6) deponent on a number of topics. MGA will plan to extend the deposition to January 18 to address those designations.

20. Confirmed.

21. MGA will specify the deficiencies raised concerning the testimony of Jill Nordquist in a separate letter.

22. Skadden does not know what "missing financial information" you are referring to or whether any such information was promised by prior counsel. As indicated above, MGA is gathering additional financial information and a witness to testify regarding that information. That effort should supersede any issues that have been raised regarding Exhibit 660 and any discussions with prior counsel regarding unspecified financial reports.

23. MGA is working to determine where additional tangible items are located and when it will be able to make those items available for inspection by Mattel, including items currently located in Hong Kong. Scott Kidman promised to forward email correspondence with MGA's prior counsel relevant to this issue, and the parties agreed to discuss it further on November 28.

24. MGA was not able to reach Deloitte & Touche prior to November 21, likely as a result of the holiday, was unable to obtain any information from Wachovia due to Mattel's insistence that Wachovia's counsel withdraw from representing the bank, and is still working to ascertain the volume and nature of documents at Ernst & Young. Accordingly, the parties agreed that MGA would have until November 26 to serve responses to the subpoenas to these entities without waiving any objections and would discuss the matter further on Wednesday, November 28.

25. MGA has made a diligent search for, but has been unable to locate, the chart or log you claim that prior counsel put together identifying documents provided to Mr. Spekin. Please provide us with a copy. Regarding an electronic version of Exhibit 660, MGA did not represent that such an item exists or that it would produce it. Indeed, we do not understand why you need an electronic copy given that you contend the document is inaccurate and otherwise lacking. As stated above, MGA is gathering additional underlying financial information and will produce Ms. Tonnu to testify regarding that information. We are not aware of any further obligation in this regard.

26. MGA is working to obtain and produce Mr. Malacrida's Franklin planners and requested that he be allowed to redact personal or private information. Mattel agreed to consider the request once MGA was able to describe the general nature of the material at issue, but stated that it likely would not agree to the request given that there were "improper" redactions made in the past. We cannot speak to what may have been done in the past, but rest assured that any proposed redactions will not impair your ability to ascertain relevant information. We encourage you to reconsider your position on this issue.

**EXHIBIT B**
**PAGE 13**

Jon D. Corey, Esq.
November 26, 2007
Page 6

27. MGA represented that it would provide a document retention declaration for those entities that have not already done so by December 7. MGA will endeavor to provide them by November 30, if possible. We did not make, and have no authority to make, any representation regarding Mr. Bryant.

28. As the parties agreed November 16, MGA is working to complete necessary supplemental discovery responses by November 30, including with respect to those filed last week to preserve objections. We were surprised by Dylan Proctor's letter to Tom Nolan dated November 20, 2007, accusing MGA of "stonewalling" with respect to last week's responses and threatening to move for sanctions. We responded separately to Mr. Proctor assuring him that we intend to live up to our promise to supplement certain of those responses by November 30. As you confirmed in our November 21 teleconference, Mattel also promised to serve MGA with substantive supplemental discovery responses on or before November 30. We assume the omission of Mattel's reciprocal obligation in your November 21 letter was only an oversight.

There were a few additional items discussed in the November 16 and 21 conferences that were not included in your letter.

29. On both occasions, MGA informed you that it was looking into Mattel's request for metadata with respect to certain emails. We agreed to let you know as soon as possible what burden may be associated with your request. We anticipate having that information for you soon.

30. Mattel agreed to designate witnesses for certain 30(b)(6) topics by Wednesday, November 28. We will send a separate letter confirming those topics. Mattel also agreed to consider designating witnesses for certain topics in MGA's 30(b)(6) notice.

31. We discussed the request in Mr. Zeller's October 29 letter that MGA provide "remaining Union Bank documents." MGA does not understand that shorthand reference, and we asked you to explain what documents you were requesting. Mattel agreed to do so.

Please let me know if you have any questions concerning the above. We look forward to speaking with you on Wednesday.

Sincerely,

Marcus R. Mumford

cc: Christa M. Anderson

**EXHIBIT B
PAGE 14**

# EXHIBIT C

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-1100

November 26, 2007

## VIA FACSIMILE AND U.S. MAIL

Raoul Kennedy, Esq.
Skadden Arps Slate Meagher & Flom, LLP
Four Embarcadero Center Suite 3800
San Francisco, California 94111

Re:     Mattel v. Bryant

Dear Raoul:

I write regarding the parties' November 21, 2007 meeting of counsel, at which we discussed
pending discovery disputes, and to memorialize certain agreements reached at that time.

### Motions Currently Set for Hearing on December 14, 2007

Below is Mattel's understanding of the status of the discovery motions noticed for hearing before
Judge Infante on December 14, 2007.

The parties have not been able to come to an agreement regarding the issues raised by Mattel's
Motion for Reconsideration of the September 12, 2007 Order Granting In Part and Denying In
Part MGA's Motion to Compel Production of Documents. Accordingly, this motion must go
forward. MGA asked how Mattel could comply with request number 3 without searching
personnel files, which request number 2 also requires according to MGA. Request number 3
does not require to search all personnel files; information related to enforcement is available in
locations other than the personnel files.

Regarding MGA, MGA Hong Kong and Isaac Larian's Motion for Protective Order Limiting
Requests for Admissions (regarding Mattel's sixth set to MGA, first set to MGA Hong Kong, and

### quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York  10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

**EXHIBIT C**
**PAGE 15**

first set to Isaac Larian), you represented that MGA, MGA Hong Kong and Isaac Larian are withdrawing previous counsel's position and that MGA, MGA Hong Kong and Isaac Larian will provide responses to Mattel's Requests for Admissions on or before December 14, 2007.

Regarding MGA and Carter Bryant's Joint Motion to Compel Regarding Mattel's Bandying of 30(b)(6) Witnesses, MGA represented that it is agreeable to narrowing the deposition topics that are at issue in this motion. Because counsel for Bryant did not participate in the meeting of counsel, please confirm that Bryant is also amendable to this narrowing. With regard to Topic Nos. 2-7, MGA suggested narrowing the topics to seek information to the extent that Mattel is using that information as a basis for its claims or defenses in this matter. As we discussed during the meet and confer, the proposed limitation seems reasonable. We look forward to discussing the scope of each of the topics with you and counsel for Bryant at our meeting of counsel on Wednesday.

Regarding Mattel's Motion to Compel Production of Documents Withheld as Privileged, MGA represented that it has produced the documents at issue in the motion. MGA further represented that it redacted two of those documents for privilege and listed them on a privilege log. Mattel will review the produced documents and the privilege log, and inform MGA if anything is missing or improperly redacted.

Regarding Mattel's Motion to Enforce the Court's Order of May 15, 2007, To Compel MGA to Produce Compelled Documents (including fee and/or indemnity agreements between MGA and Bryant), Order That Any Privilege Objections Have Been Waived, and Impose Sanctions, MGA represented that it will produce by Monday, November 26, 2007 (and in no event later than December 29, 2007) all fee and/or indemnity agreements, including any negotiations concerning the agreements, between MGA and Bryant, as well as a privilege log. MGA also represented that in the event that Mattel does not have a chance to review these documents by December 14, 2007, MGA will agree to continue the hearing date on this motion, if necessary, to the discovery hearing on January 4, 2007. As noted at the parties November 16, 2007 meet and confer, MGA's failure to produce a log months ago constitutes a waiver of any claims of privilege. Once Mattel has had an opportunity to review the documents and the privilege log, Mattel will inform MGA whether it will keep this aspect of Mattel's Motion to Enforce the Court's Order of May 15, 2007 before the Discovery Master.

Regarding Mattel's Motion to Compel the Deposition of Ron Brawer, Mattel has addressed this motion under separate cover.

Regarding Mattel's Motion to Compel Production of Witnesses by MGA Re: Topic Nos. 15 and 16 of Third 30(b)(6) Notice, MGA represented that it will produce a witness on Topic Nos. 15 and 16. However, MGA did not provide dates of availability as it promised to do so during the parties' November 16, 2007 meet and confer. This motion will remain on calendar until MGA provides a date for a designee to address these topics.

Counsel for Mattel, Scott Kidman, and counsel for MGA will confer separately sometime this week regarding Mattel's Motion to Compel Isaac Larian to Produce Documents in Response to Mattel's First Set of Requests for Production.

2

**EXHIBIT C**
**PAGE 16**

**Depositions as to Which MGA Has Been Ordered to Produce Witnesses**

MGA represented that it is in the process of collecting financial data from which it will be able to compute revenues, costs and profits on a SKU basis and that this data will provide a starting point for both Mattel's and MGA's respective experts. MGA represented that it will try to produce those documents on December 18, 2007 and then offered to produce Lisa Tonnu on either January 9, 10 or 11, 2008 to address Topic Nos. 21, 23, 25, 31 and 40 in Mattel's Second Notice and Topic Nos. 11, 12, 15 and 16 in Mattel's Third Notice.

MGA agreed to produce Samir Khare on Topic No. 33 of Mattel's Second Notice of Deposition of MGA, for additional time to "clean-up" and to finish his deposition. MGA also represented that it is designating Mr. Khare on Topic No. 24. MGA also represented that it will designate Mr. Khare on Topic Nos. 4-7 and 10 of Mattel's Third Notice. However, MGA did not offer any dates when Mr. Khare would be available. Please provide dates for Mr. Khare on Wednesday.

MGA represented that it will designate Isaac Larian's testimony on Topic No. 8 of Mattel's Third Notice of Deposition of MGA, and will identify those designations, by page and line number, in writing.

MGA represented that it will not designate any witnesses on Topic Nos. 14, 16, 18 and 20 of Mattel's Second Notice, until the conclusion of the testimony of third parties' Veronica Marlow, Elise Cloonan, and Margaret Hatch Leahy, and potentially not at all because their testimony may render moot any testimony from MGA on these topics. Mattel disagreed. These are topics on which MGA has been ordered to produce a witness. Mattel is entitled to a competent witnesses whose testimony will bind MGA with respect to these topics. Further, MGA's possesses information responsive to these topics and the testimony of MGA's designee on these topics should not change whether MGA testifies before or after these third parties. Mattel expects prompt dates for MGA designees to testify on these topics, as Judge Infante ordered.

MGA did not agree to provide a witness to testify regarding Topic No. 39 (as to non-electronic documents) of Mattel's Second Notice. With respect to the deficiencies in the testimony of MGA designees Lockhart and Harris, Mattel identified the deficiencies in Lockart's testimony—namely the lack of information regarding practices and procedures before Lockhart joined MGA, and the lack of knowledge of collection of electronic evidence responsive to Mattel's document requests. The deficiencies in Harris' testimony are outlined in a September 16, 2007 letter and again in the October 29, 2007 letter to Mr. Nolan.

In regards to Topic No. 41 in Mattel's Second Notice, MGA represented that it will not produce a witness to testify regarding Mr. Speckin or the tests that he conducted because they are work product. Judge Infante will need to resolve that issue.

**Bryant's Notice of Deposition to Mattel**

Regarding Bryant's Notice of Deposition to Mattel, MGA agreed to limit the scope of Topic No. 10 to My Scene dolls that MGA has identified by name in its complaint and discovery responses

3

**EXHIBIT C**
**PAGE 17**

consistent with Judge Infante's prior rulings. Subject to that limitation, Mattel will identify a witness on Topic No. 10 by this week.

As discussed, Mattel is not willing to produce a witness to testify regarding Topic No. 14 as it stands. The information sought by this Topic is irrelevant because Mattel does not anticipate seeking lost profits based on harm caused by Carter Bryant's conduct. Based on that representation, Mattel invited MGA to provide examples of how information in the possession of Mattel could be relevant in that circumstances. Mattel looks forward to MGA's response.

MGA also agreed to limit the scope of Topic Nos. 15 and 16 to Carter Bryant's wrongful conduct to the extent Mattel asserts it as a basis for any of its claims or defenses in this matter. Mattel proposed the same limitations with respect to Topic Nos. 17, 18, 19 and 20. As noted at the meet and confer, Judge Larson has made a determination as to what the relevant date is as to when Mattel first became aware of Bryant's wrongful conduct. I will discuss this proposed limitation with my client and get back to MGA by Wednesday.

Mattel will confirm whether it has designated a witness on Topic No. 21, 22 and 23 by Wednesday.

As it stands, Mattel will not produce a witness on Topic Nos. 25 and 52. Mattel's actions with respect to third parties is irrelevant to the interpretation or enforcement of Bryant's contracts with Mattel, which are the only contracts that are at issue in this case. An alleged waiver of the contractual rights of third parties is not relevant to whether Mattel waived its rights against a party.

Further, as discussed, to the extent Topic No. 26 is a proper request, its subject matter is privileged.

As for Topic Nos. 54, 55 and 56, Mattel has designated Sandy Yonemoto. Arnold Artavia was designated on Topic Nos. 53 and 54.

I will reiterate to MGA, under separate cover, the specific topics on which Ivy Ross has been designated.

**MGA's Production of Requested and Promised Financial Documents**

Mattel will address this topic under separate cover. But, the date proposed for production is simply too late in light of approaching expert discovery deadlines, particularly in light of prior counsel's commitment to produce responsive documents by September 2007. MGA's delay in its production of financial documents is impairing Mattel's ability to prepare expert reports.

**Miscellaneous**

MGA represented that it will get back to Mattel on Michael Zeller's proposal regarding the Zeus backup dates. Mattel agreed to inquire whether it has any indexes of the Zeus backup tapes. Please be advised that MGA should be dealing with Timothy Alger and Christopher Tayback on with respect to Zeus.

4

**EXHIBIT C**
**PAGE 18**

Mattel provided MGA an extension until Monday, November 26, 2007 for it to serve its objections to the subpoenas served on Wachovia, Ernst & Young and Deloitte & Touche. MGA represented that it has not been able to contact these third parties to discuss a proposed return date. The parties will discuss these subpoenas further on Wednesday.

MGA represented that its privilege log covers the October 17 and 19 productions, but that it is still working with the vendor to ascertain which other productions, if any, to which the privilege log applied. MGA also stated that there are 800 additional records that still need to be logged.

MGA agreed that it will try to provide document preservation declarations on behalf of the MGA defendants and Isaac Larian on or before November 30, 2007, and in no event later than December 7, 2007.

MGA was not able to provide a range of dates when it wished to depose either Ms. Fontanella or Mr. Bousquette.

MGA represented that it is continuing to search for copies of certain e-mails in their native format, including all metadata and the full e-mail header information.

MGA represented that it is still trying to ascertain whether has produced all documents responsive to the Discovery Master's Order.

MGA represented that MGA is continuing to collect tangible items located in Hong Kong and that you will let us know by Wednesday when and how best to make them available for inspection. MGA will follow up by Wednesday regarding the status of tangible items MGA has been ordered to make available for inspection.

If you have any questions regarding the foregoing, please do not hesitate to call. We look forward to further meet and confer on some of these topics, as noted above, on Wednesday, November 28, 2007 at 2:00 p.m.

Best regards,

Jon Corey

Jon Corey

cc:   Amy Park, Esq.
      Tim Miller, Esq.
      Marcus Mumford, Esq.
      Christa Anderson, Esq.
      John Trinidad, Esq.

5

**EXHIBIT C**
**PAGE 19**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     November 26, 2007                **NUMBER OF PAGES, INCLUDING COVER: 6**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Raoul Kennedy<br>Amy S. Park<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 650.470.4500 | 650.470.4570 |
| Tim Miller, Esq.<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 415.984.2647 | 888.329.1836 |
| Marcus Mumford, Esq.<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | 213.687.5000 | 213.687.5600 |
| Christa Anderson, Esq.<br>John E. Trinidad, Esq.<br>*Keker & Van Nest, LLP* | 415.391.5400 | 415.397.7188 |

**FROM:**     Jon Corey

**RE:**     *Bryant v. Mattel*

**MESSAGE:**

07209/2301364.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**EXHIBIT C**
**PAGE 20**