KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                  Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**OPPOSITION TO MOTION TO STRIKE CARTER BRYANT'S AFFIRMATIVE DEFENSES (Nos. 1, 2, 3 and 5)**<br><br>Date:      December 17, 2007<br>Time:      10:00 a.m.<br>Dept:      Courtroom 1<br>Judge:    Hon. Stephen G. Larson<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................. 1

II.  PROCEDURAL BACKGROUND ........................................................ 1

III. ARGUMENT ....................................................................................... 6

     A.   Motions to strike are a drastic and disfavored remedy that
          may only be granted where there is no set of circumstances
          under which the defense could succeed and the moving party
          will be prejudiced. .................................................................... 6

     B.   Bryant's affirmative defenses are legally sufficient and
          adequately pled. ........................................................................ 7

          1.   Bryant's estoppel defense is adequately pled and
               legally sound. .................................................................. 9

          2.   Bryant's waiver defense is adequately pled and legally
               sound. .............................................................................. 9

          3.   Bryant's consent defense is adequately pled and
               legally sound. ................................................................ 11

          4.   Bryant's unclean hands defense is adequately pled and
               legally sound. ................................................................ 12

     C.   Mattel will suffer no prejudice if the Court refuses to strike
          Bryant's defenses. .................................................................. 14

     D.   If the Court concludes that any of Bryant's affirmative
          defenses are inadequately pled, it should grant Bryant leave
          to amend. ................................................................................. 14

IV.  CONCLUSION ................................................................................. 15

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

*Allen v. A.H. Robins Co., Inc.,*
752 F.2d 1365 (9th Cir. 1985) ............................................................9

4

*Bell Atlantic Corp. v. Twombly,*
127 S. Ct. 1955 (2007)......................................................................9

5

6

*Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp.,*
238 F.R.D. 679 (S.D. Fla. 2006) .......................................................13

7

*Bonanno v. Thomas,*
309 F.2d 320 (9th Cir. 1962)............................................................15

8

*Brother Records, Inc. v. Jardine,*
318 F.3d 900 (9th Cir. 2003)............................................................13

9

10

*California Department of Toxic Substances Control v. Alco Pacific, Inc.,*
217 F. Supp. 2d 1028 (C.D. Cal. 2002) ..............................................7

11

*Clark v. State Farm Mutual Automobile Insurance Co.,*
231 F.R.D. 405 (C.D. Cal. 2005).......................................................9

12

13

*Dollar System, Inc. v. Avcar Leasing System, Inc.,*
890 F.2d 165 (9th Cir. 1989)...........................................................12

14

*FTC v. Medicor LLC,*
No. CV-011896-CBMEX, 2001 WL 765628 (C.D. Cal. June 26, 2001) ..............11

15

16

*Ganley v. County of San Mateo,* No. C06-3923, TEH 2007 WL 902551
(N.D. Cal. Mar. 22, 2007).......................................................8, 10, 11

17

18

*Lazar v. Trans Union LLC,*
195 F.R.D. 665 (C.D. Cal. 2000)....................................................6, 12

19

*Neilson v. Union Bank of Calif., N.A.,*
290 F. Supp. 2d 1101 (C.D. Cal. 2003) ..............................................6

20

21

*Qarbon.com Inc. v. eHelp Corp.,*
315 F. Supp. 2d 1046 (N.D. Cal. 2004) .............................................14

22

*RDF Media Ltd. v. Fox Broadcasting Co.,*
372 F. Supp. 2d 556 (C.D. Cal. 2005).........................................6, 12, 15

23

24

*Schloss v. Sweeney,*
__F.Supp. 2d __, No. C 06-03718 JW, 2007 WL 2924056
(N.D. Cal. Feb. 9, 2007) .................................................................13

25

26

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,*
806 F.2d 1393, (9th Cir. 1986) ........................................................14

27

*Sec. People, Inc. v. Class Woodworking, LLC,*
No. C-04-3133, 2005 WL. 645592 (N.D. Cal. Mar. 4, 2005)................8

28

ii

OPPOSITION TO MOTION TO STRIKE CARTER BRYANT'S AFFIRMATIVE DEFENSES (Nos. 1, 2, 3 and 5)
CASE NO. CV 04-09049 SGL (RNBx)

407344.01

1

2

**TABLE OF AUTHORITIES**
**(cont'd)**

3

4

*Securities & Exchange Commission v. Sands,*
902 F. Supp. 1149 (C.D. Cal. 1995) .............................................................. 8, 10, 13

5

*SecuriMetrics, Inc. v. Hatford Casualty Insurance Co.,*
No. C-05-00917 CW, 2005 WL 2463749 (N.D. Cal. Oct. 4, 2005) ............ 8, 10, 13

6

7

*Smith v. Wal-Mart Stores,*
No. C 06-2069 SBA, 2006 WL 2711468 (N.D. Cal. Sep. 20, 2006) ........... 8, 12, 14

8

*Spinale v. United States,*
No. 03 Civ. 1704 KMW-JCF, 2004 WL 50873 (S.D.N.Y. Jan. 9, 2004) .............. 13

9

10

*Swierkiewicz v. Sorema N. A.,*
534 U.S. 506 (2002)....................................................................................... 9

11

*Woodfield v. Bowman,*
193 F.3d 354 (5th Cir. 1999) ........................................................................ 8

12

13

*Wyshak v. City National Bank,*
607 F.2d 824 (9th Cir. 1979) ........................................................................ 7, 14

14

**STATE CASES**

15

16

*Kendall-Jackson Winery, Ltd. v. Super. Ct.,*
76 Cal. App. 4th 970 (1999) ......................................................................... 12

17

**FEDERAL STATUTES**

18

Federal Rule of Civil Procedure 8(c)............................................................ passim

19

Federal Rule of Civil Procedure 12(f) .......................................................... 8, 11, 13

20

21

**OTHER AUTHORITIES**

22

Wright & Miller, *Fed. Prac. and Proc.* ........................................................ 7, 8, 11, 13

23

24

25

26

27

28

407344.01

# I.     INTRODUCTION

Courts generally view motions to strike as drastic and disfavored remedies that are all too often pursued for harassment purposes.  Such is the case here.  Mattel's motion is an improper attempt to circumvent the Federal Rules' liberal notice pleading standards to force Bryant to plead with particularity the factual bases for his defenses.  The Court should not countenance these tactics.

Bryant's affirmative defenses, as pled, are legally sound, relate directly to Mattel's counterclaims, and provide Mattel with fair notice of the nature of the defenses.  Thus, they more than satisfy the requirements of Federal Rule of Civil Procedure 8(c).  Indeed, the four affirmative defenses Mattel now challenges contain much more detail than the identical defenses pled by Bryant more than three years ago in his original answer to Mattel's Complaint.  Yet Mattel never complained that those defenses were inadequately pled.  Furthermore, Bryant's affirmative defenses are in each case pled with far more detail than Mattel's own affirmative defenses.  Mattel has not demonstrated—and cannot—that Bryant's defenses are insufficient as a matter of law and that there is no possible set of circumstances under which the defenses could succeed.  Absent such a showing, Mattel's motion must be denied.

# II.     PROCEDURAL BACKGROUND

Mattel filed its original complaint against Carter Bryant in Los Angeles County Superior Court on April 27, 2004.  In that complaint, Mattel alleged five state law causes of action against Bryant, including claims for breach of contract (First Claim for Relief), breach of fiduciary duty (Second Claim for Relief), breach of duty of loyalty (Third Claim for Relief), and conversion (Fifth Claim for Relief).  *See* Declaration of Christa M. Anderson ("Anderson Decl."), Exh. 1 (Mattel's Complaint).  Carter answered Mattel's Complaint on May 14, 2004 and asserted a series of affirmative defenses, including the same four affirmative defenses that Mattel now challenges as being legally deficient.  *See* Anderson Decl., Exh. 2

1

(Answer).  Although Carter pled these defenses without providing the type of detailed supporting factual allegations that Mattel now claims is necessary, *see id.*, Mattel never challenged the sufficiency of Carter's pleadings or requested any supplementation.

On January 12, 2007, pursuant to the Court's order denying Mattel leave to amend its original complaint and requiring that Mattel instead plead its amended claims as counterclaims, Mattel filed its Second Amended Answer and Counterclaims ("Second Amended Answer").  *See* Proctor Decl., Exh. 11. Mattel's Second Amended Answer asserts thirteen counterclaims, ten of which are directed against Bryant, and four of which (the Fifth, Seventh, Ninth, and Eleventh) are identical to the state law claims in Mattel's original Complaint.  *See id*. ¶¶ 82-170; Order dated Jan. 12, 2007, at 19 (stating that "Mattel's amendments do not add substance to the claims contained in its original complaint").

Mattel's Second Amended Answer also includes fifteen affirmative defenses, each of which is pled in boilerplate fashion, without any supporting factual allegations—*i.e.*, in exactly the manner Mattel now claims is improper and prejudicial.  *See* Proctor Decl., Exh. 11 at 23-26.  For example, Mattel alleges as its Fourth Affirmative Defense that "Plaintiff's claims are barred in whole or in part by plaintiff's unclean hands," and as its Eighth Affirmative Defense that "Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence."  *Id.* at 24-25.

Bryant filed his Reply to Mattel's Second Amended Answer on August 13, 2007, denying Mattel's allegations and asserting a series of affirmative defenses. Many of Bryant's affirmative defenses, including the four at issue in this motion, were identical to those Bryant had asserted in response to Mattel's original Complaint, which Mattel never sought to strike.  *See* Proctor Decl., Exh. 1 (Bryant's Reply), at 15-17.  Moreover, many of Bryant's affirmative defenses, including three of the four at issue in this motion, also were substantively identical

1    to the defenses asserted by Mattel in its Second Amended Answer.  Nevertheless,

2    Mattel claimed that Bryant's affirmative defenses were inadequate and threatened

3    to bring a motion to strike under Federal Rule of Civil Procedure 12(f).  *See*

4    Proctor Decl., Exh. 2 (Proctor letter dated Aug. 22, 2007).

5            In an effort to avoid burdening the Court with needless motion practice,

6    Bryant agreed to amend his affirmative defenses to address Mattel's alleged

7    concerns.  *See* Proctor Decl., Exh 5 (Stip. and Order re: Bryant's Reply).  Bryant

8    filed an Amended Reply on September 12, 2007.  *See* Proctor Decl., Exh. 6

9    (Bryant's Amended Reply).  However, Mattel still was not satisfied and again

10   threatened a motion to strike.  *See* Proctor Decl., Exh. 7 (Proctor letter dated Sept.

11   26, 2007).  Although Bryant believed that his Amended Reply was adequately pled

12   and that each of his affirmative defenses was appropriate, he nonetheless agreed to

13   further amend his reply to avoid unnecessary motion practice.  *See* Proctor Decl.,

14   Exh. 8 (Stip. and order re Bryant's Amended Reply).

15           On October 16, 2007, Bryant filed his Second Amended Reply to Mattel's

16   Second Amended Answer and Counterclaims (Second Amended Reply), which

17   includes fourteen affirmative defenses.  *See* Proctor Decl., Exh. 9.  As set forth in

18   the chart below, Bryant's affirmative defenses, including the four that are the

19   subject of the present motion (estoppel, waiver, consent, and unclean hands),

20   include far more detail than Mattel's corresponding defenses and more than satisfy

21   the liberal pleading standards of Federal Rule of Civil Procedure 8:

| Bryant's Second Amended Reply[1] | Mattel's Second Amended Answer and Counterclaims[2] |
|---|---|
| **First Affirmative Defense (Unclean Hands)**<br>Mattel's counterclaims, and each claim for relief, are barred by the equitable | **Fourth Affirmative Defense**<br>Plaintiff's claims are barred in whole or in part by plaintiff's unclean hands. |

[1] *See* Proctor Decl., Exh. 9, at 15-17.
[2] *See* Proctor Decl., Exh. 11 at 23-26.

OPPOSITION TO MOTION TO STRIKE CARTER BRYANT'S AFFIRMATIVE DEFENSES (Nos. 1, 2, 3 and 5)
CASE NO. CV 04-09049 SGL (RNBx)

| | |
|---|---|
| doctrine of unclean hands.  Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant.  In particular, Mattel believed from the time Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection the Bratz dolls.  Yet, Mattel waited and said nothing while the dolls were successfully manufactured and sold, and only filed suit years later. | |
| **Second Affirmative Defense (Waiver)** Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver.  In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.  Mattel was aware of the relevant facts regarding Mr. Bryant's work for MGA, but intentionally waived and chose to forego asserting any rights over the Bratz dolls until years later.  Mattel has also tolerated conduct by other employees similar to the alleged conduct by Bryant on which Mattel now bases its contract and related claims. | **Eighth Affirmative Defense** Plaintiff's claims are barred in whole or in part by the doctrines of **waiver**, estoppel and acquiescence.  (emphasis added). |
| **Third Affirmative Defense (Estoppel)** Mattel's counterclaims, and each claim for relief, are barred by the equitable | **Eighth Affirmative Defense** Plaintiff's claims are barred in whole or in part by the doctrines of waiver, |

4

407344.01

| | |
|---|---|
| doctrine of estoppel.  In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls.  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.  Mattel either intended that its acted conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended.  Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper.  Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment.  Accordingly, Mattel should be estopped from belatedly raising its claims. | **estoppel** and acquiescence.  (emphasis added). |
| **Fifth Affirmative Defense (Consent)** Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent.  In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls.  Mattel was thus apprised of the relevant facts  Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. | **[No consent defense asserted]** |

407344.01

1   Despite these amendments, Mattel again claimed that Bryant has not

2   provided enough information in his pleadings, and soon thereafter filed the present

3   motion.  Notably, throughout the parties' lengthy meet and confer on this issue,

4   Mattel has never explained why it failed to challenge these defenses when they

5   were first asserted by Bryant more than three years ago.  Mattel also has never

6   explained how its own affirmative defenses can be adequately pled, if Bryant's far

7   more detailed allegations are deficient.  Presumably Mattel has not done so

8   because there is no legitimate explanation either for Mattel's delay in challenging

9   these defenses or for the double standard that Mattel is seeking to impose on

10  Bryant through the present motion.

## III.   ARGUMENT

**A.    Motions to strike are a drastic and disfavored remedy that may only be granted where there is no set of circumstances under which the defense could succeed and the moving party will be prejudiced.**

14  As courts in this district repeatedly have recognized, "[m]otions to strike are

15  generally disfavored because of the limited importance of pleadings in federal

16  practice and because it is usually used as a delaying tactic." *RDF Media Ltd. v.*

17  *Fox Broadcasting Co*., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005); s*ee also Lazar*

18  *v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).  Consequently, before

19  granting such a motion, "the court must be convinced [1] that there are no

20  questions of fact, [2] that any questions of law are clear and not in dispute, and [3]

21  that under no set of circumstances could the claim or defense succeed." *RDF*

22  *Media*, 372 F. Supp. 2d at 561 (bracketed numbers added); *see also Securities &*

23  *Exchange Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (holding

24  same).  In making these determinations, "courts must view the pleadings under

25  attack in the light more favorable to the pleader."  *Lazar*, 195 F.R.D. at 669; *see*

26  *also Neilson v. Union Bank of Calif.*, *N.A*., 290 F. Supp. 2d 1101, 1152 (C.D. Cal.

27  2003) ("[T]he court views the pleadings in the light most favorable to the non-

28  moving party, and resolves any doubt as to the relevance of the challenged

6

407344.01   OPPOSITION TO MOTION TO STRIKE CARTER BRYANT'S AFFIRMATIVE DEFENSES (Nos. 1, 2, 3 and 5) CASE NO. CV 04-09049 SGL (RNBx)

allegations in favor of plaintiff." (internal citations omitted)).

Additionally, "[g]iven their disfavored status," courts generally require "a showing of prejudice by the moving party before granting the requested relief." *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (quotation omitted); *see also* 5C Wright & Miller, *Fed. Prac. and Proc.* § 1380 (3d ed. 2004), at 397 ("[I]t must be shown that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading . . . . will be prejudicial to the moving party."). Further, even when the defense under attack presents a purely legal question, "courts are reluctant to determine disputed or substantial questions of law on a motion to strike." *Sands*, 902 F. Supp. at 1166.

Here, Mattel has not made, and cannot make, the required showings to justify striking any of Bryant's affirmative defenses.

**B.** **Bryant's affirmative defenses are legally sufficient and adequately pled.**

The underlying premise of Mattel's entire motion is that Bryant's affirmative defenses of estoppel, waiver, consent, and unclean hands are deficient because they are not supported by detailed factual allegations, but only by allegedly "conclusory averments." *See, e.g.,* Mot. at 7 ("Bryant only offers conclusory averments that consist of legal conclusions rather than factual allegations"); *id.* at 9 ("conclusory averments cannot support a defense"); *id.* at 11 ("Bryant again seeks to establish his defense by relying on conclusory allegations."). Given that Mattel itself has plead each of its own affirmative defenses in boilerplate fashion, this argument is simply disingenuous. It is also wrong.

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). "Fair notice" does not require a defendant to

plead allegations supporting all the elements of the asserted defense. *See Smith v. Wal-Mart Stores,* No. C 06-2069 SBA, 2006 WL 2711468 at *5 (N.D. Cal. Sep. 20, 2006); *SecuriMetrics, Inc. v. Hatford Cas. Ins. Co.*, No. C-05-00917 CW, 2005 WL 2463749, at *5 (N.D. Cal. Oct. 4, 2005).  Indeed, as the Fifth Circuit has explained, "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient" to give fair notice. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

Consequently, "[c]ourts that have considered whether the pleading of an affirmative defense provided 'fair notice' have not required an extensive exposition of the underlying facts." *Sec. People, Inc. v. Class Woodworking, LLC*, No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005).  Rather, "the key" to the sufficiency of a defense "is notice:  if, in naming a defense, Plaintiff is put on notice of Defendant's intent to pursue such a defense, it is sufficiently pleaded." *Ganley v. County of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007); *see also* 5 Wright & Miller, *Fed. Prac. and Proc.* § 1274 (3d ed. 2007 update) ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense.").

Each of Bryant's affirmative defense more than satisfies this standard. Through Bryant's pleadings, Mattel is well-aware—and has been well-aware for more than three years—both of Bryant's intent to pursue the defenses of estoppel, waiver, consent and unclean hands, and of the basic nature and focus of each of those defenses.  That Bryant's allegations are not as detailed as Mattel would like is simply not a basis under Rule 12(f) to strike these defenses.  Eliciting the detailed facts supporting a claim or affirmative defense is the purpose of discovery, not notice pleading:  "Rule 8[] does not contemplate a court's passing on the merits of a litigant's claim at the pleading stage.  Rather, the 'simplified notice pleading

standard' of the Federal Rules 'relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.'"  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1982 (2007) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002)).  Mattel has had ample opportunity to explore the basis for each of Bryant's allegations through the voluminous discovery it has propounded in this case, and it may, if it chooses, move for summary adjudication of these defenses once discovery is complete.  Moreover, the Court today granted Mattel leave to serve additional interrogatories regarding the bases of all of Bryant's affirmative defenses.  Mattel's motion to strike Bryant's defenses is inappropriate and unnecessary.

> **1.     Bryant's estoppel defense is adequately pled and legally sound.**

The Ninth Circuit has held that an equitable estoppel defense is sufficiently pled under Federal Rule of Civil Procedure 8(c) where "the litigant pleads all of the elements of equitable estoppel in a defensive pleading."  *Allen v. A.H. Robins Co., Inc*., 752 F.2d 1365, 1371 n. 3 (9th Cir. 1985); *cf. Clark v. State Farm Mut. Auto Ins. Co.*, 231 F.R.D. 405, 406-07 (C.D. Cal. 2005) (denying motion to strike class action and punitive damages allegations because the allegations, although conclusory, tracked the required elements).  Bryant has done exactly that.  Indeed, Mattel admits that Bryant's estoppel allegations "[t]rack[] the elements" of the defense.  Mot. at 9.  Mattel cannot credibly argue that it is not on notice of Bryant's intention to pursue an estoppel defense or the basic premise of that defense—*i.e.,* that Mattel knew of Bryant's alleged misconduct long before it filed suit, but consciously delayed taking action on that knowledge in order to lure Bryant and MGA into expending considerable time, money and effort to successfully develop and market a concept that Mattel believed it owned and to which it intended to lay claim.

> **2.     Bryant's waiver defense is adequately pled and legally sound.**

Mattel also does not attempt to argue that Bryant has failed to plead the

1   required elements of a waiver defense.  Instead, as with Bryant's estoppel defense,

2   Mattel attempts to argue that pleading the elements of the defense is not sufficient,

3   and that Bryant has not pled sufficient facts to substantiate this defense.  Once

4   again, Mattel is wrong.  As discussed at length above, Federal Rule of Civil

5   Procedure 8(c) does not require a defendant to plead the specific facts supporting

6   an affirmative defense, including, in particular, the defense of waiver.  Indeed,

7   Mattel's exact argument was recently rejected in *Ganley v. County of San Mateo*,

8   No. C06-3923 TEH, 2007 WL 902551 (N.D. Cal. Mar. 22, 2007).

9        In *Ganley*, the defendant County of San Mateo alleged in its answer that

10   plaintiff "waived any right she may have had to the amounts claimed." *Id.* at *6.

11   The plaintiff moved to strike this defense, arguing that the County should be

12   required to plead factual allegations supporting the defense of waiver.  *Id.*  The

13   court disagreed, holding that the County's single sentence allegation was

14   "sufficient to put the Plaintiff on notice that Defendant intends to prove a defense

15   of waiver, and Plaintiff has failed to demonstrate that Defendant will be unable to

16   prove a set of facts to support this defense." *Id.*  In so holding, the Court

17   specifically rejected the notion that "an affirmative defense of waiver 'requires an

18   adequate recitation of facts; conclusions do not suffice,'" stating that the "more

19   prevalent approach is to broadly construe the notice pleading standard under the

20   Federal Rules of Civil Procedure." *Id.*

21        Mattel also attempts to demonstrate that Bryant's waiver defense is legally

22   insufficient by arguing that two of Bryant's factual allegations—that Mattel failed

23   to taking action against other Mattel employees who engaged in the same conduct

24   that Mattel now claims constitutes a breach of contract and fiduciary duty by

25   Bryant and that Mattel delayed in taking action against Bryant—"do not support a

26   waiver defense."  Mot. at 11-12.  Mattel does not provide any legal support for this

27   sweeping proposition.  But even if it did, motions to strike are not an appropriate

28   vehicle for resolving either questions of fact or substantial or disputed questions of

law.  *See SecuriMetrics*, 2005 WL 2463749, at *2 ("[A] motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law.") (internal quotations omitted); *FTC v. Medicor LLC*, No. CV-011896-CBMEX, 2001 WL 765628, at *1 (C.D. Cal. June 26, 2001) ("A motion to strike will not be granted … if it raises factual issues that should be determined by a hearing on the merits.").  Mattel's arguments regarding the factual bases for Bryant's waiver defense may be addressed before trial, if at all, through a motion for summary adjudication, and not a motion to strike under Rule 12(f).  *See* 5 Wright & Miller § 1381, at pp. 800-01 ("[C]ourts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as best determined only after . . . discovery and a hearing on the merits.").

### 3.    Bryant's consent defense is adequately pled and legally sound.

In challenging Bryant's consent defense, Mattel argues that Bryant has failed to allege facts suggesting that Mattel consented to Bryant's conduct.  Here again, Mattel misinterprets the pleading requirements of Rule 8(c).  Bryant is not required to plead the facts supporting his defense.  *See, e.g., Ganley*, 2007 WL 902551, at * 7 (denying motion to strike defendant's consent defense because allegation that "Plaintiff consented to all acts of the County as alleged in the Complaint" was sufficient to put plaintiff on notice of the defense).  Furthermore, although not required to, Bryant has alleged facts showing consent by Mattel.

Specifically, Bryant has alleged that Mattel knew at the time Bryant left Mattel that he was going to work for a competitor and that shortly after Bryant left Mattel, Mattel investigated what it suspected to be misconduct with respect to the Bratz dolls.  Bryant also has alleged that, as a result of its investigation, Mattel knew the facts that now form the basis of its counterclaims in this case, but that Mattel nonetheless elected not to file suit or otherwise act on this knowledge until years later.  Additionally, Bryant has alleged that Mattel tolerated conduct by other

11

407344.01

OPPOSITION TO MOTION TO STRIKE CARTER BRYANT'S AFFIRMATIVE DEFENSES (Nos. 1, 2, 3 and 5)
CASE NO. CV 04-09049 SGL (RNBx)

1   employees similar to the alleged conduct by Bryant upon which Mattel now bases

2   its counterclaims, and thus tacitly consented to such conduct.  *See* Proctor Decl.,

3   Exh. 9, at 16-17.  Viewed in the light most favorable to Bryant, as they must be,

4   these allegations are more than sufficient to support a finding that Mattel consented

5   to Bryant's conduct.  Mattel does not provide any authority to contrary, and it has

6   failed to demonstrate that "under no set of circumstances" could this defense

7   succeed.  *RDF Media,* 372 F. Supp. 2d at 561; *Lazar,* 195 F.R.D. at 669.

8       **4.    Bryant's unclean hands defense is adequately pled and legally
            sound.**

9

10          Mattel's attack on Bryant's unclean hands defenses is essentially the same as

11  its attack on Bryant's other defenses.  Once again, Mattel does not argue that

12  Bryant has failed to plead the elements of an unclean hands defense.  Rather,

13  Mattel simply argues that Bryant has failed to allege facts "which constitute the

14  type of bad faith conduct required to assert an unclean hands defense"—i.e., that

15  Bryant's factual allegations are not sufficient to prevail on this defense.  Mot. at

16  13.  Again, this argument fails.  Bryant is not required to plead any, much less all,

17  facts supporting his defense of unclean hands.  All he is required to do is give

18  Mattel fair notice of the defense.  As one court has explained, "[d]efendant's

19  failure to state the elements and facts supporting its unclean hands defense is not

20  sufficient to prove that Plaintiffs have not been placed on 'fair notice of the

21  defense.'"  *Smith*, 2006 WL 2711468, at * 13.  By pleading the elements of this

22  defense, and by providing Mattel with some of his supporting facts, Bryant has

23  done more than is required under Rule 8(c).[3]

24          Mattel also argues that Bryant's unclean hands defense should be stricken, at

25  _____

26  [3] Moreover, whether Bryant's allegations support a finding of unclean hands is a
    question of fact.  *See Kendall-Jackson Winery, Ltd. v. Super. Ct.*, 76 Cal. App. 4th
    970, 978 (1999) ("Whether the doctrine of unclean hands applies is a question of
    fact."); *see also Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.,* 890 F.2d 165, 173
27  (9th Cir. 1989) ("The application of the unclean hands doctrine raises primarily a
    question of fact.")  And questions of fact cannot be resolved through a motion to
28  strike.  *Medicor*, 2001 WL 765628, at *1.

OPPOSITION TO MOTION TO STRIKE CARTER BRYANT'S AFFIRMATIVE DEFENSES (Nos. 1, 2, 3 and 5)
CASE NO. CV 04-09049 SGL (RNBx)

least in part, because unclean hands is not a defense to RICO claims.  As an initial matter, an affirmative defense need not apply to all claims in order to be properly pled.  *Cf.* 5 Wright & Miller § 1273, at 614-15 ("The obligation to plead affirmative defenses is not limited to complete defenses," and "partial defenses should [also] be pleaded affirmatively").  But even if this were not the case, Mattel is incorrect that this defense is not applicable to Mattel's RICO claims.  To the contrary, while the case law is not uniform on the issue, numerous courts have concluded that unclean hands is an available defense to civil RICO claims.  *See, e.g., Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 238 F.R.D. 679, 693-94 (S.D. Fla. 2006) (permitting defense of unclean hands in civil RICO action); *Spinale v. United States,* No. 03 Civ. 1704 KMW-JCF, 2004 WL 50873, at *13 n. 9 (S.D.N.Y. Jan. 9, 2004) (explaining that the Eleventh and Seventh Circuits have opined that the unclean hands doctrine may apply in civil RICO actions).  At a minimum, the issue of whether unclean hands applies to civil RICO claims is a substantial and disputed question of law that cannot be resolved on a motion to strike.  *See SecuriMetrics*, 2005 WL 2463749, at *2; *Sands*, 902 F. Supp. at 1165-66.

Finally, Mattel attempts to argue that Bryant's unclean hands is inapplicable to Mattel's copyright claims.  But the Ninth Circuit and numerous other courts have held that unclean hands is an available and appropriate affirmative defense in copyright cases.  *See, e.g., Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 (9th Cir. 2003).  To prevail on such a defense, Bryant need only prove "that (1) [Mattel's] conduct is inequitable and (2) that the conduct relates to the subject matter of its claims."  *Shloss v. Sweeney*, __F. Supp. 2d__, No. C 06-03718 JW, 2007 WL 2924056, at *11 (N.D. Cal. Feb. 9, 2007) (citing *Brother Records,* 318 F.3d at 909).  While Mattel is certainly entitled to argue that the unclean hands defense is upheld only in limited circumstances in copyright cases, Mot. at 14, this argument, even if legally correct, does not establish that "any questions of law"

relating to this defense "are clear and not in dispute, and that under no set of circumstances could the defense succeed," as is required under Rule 12(f). *Sands*, 902 F. Supp. at 1165.

**C.    Mattel will suffer no prejudice if the Court refuses to strike Bryant's defenses.**

Mattel claims that it will be prejudiced if its motion to strike is not granted because it will be forced to litigate legally insufficient defenses. However, as one court has explained: "Given the realities of litigation that a significant part of the parties' resources are inevitably expended discovering facts supporting their opponents' claims, Plaintiffs' claim of prospective prejudice corresponds to the evils that Rule 12(f) is intended to avoid only to the extent that the Court concludes that the defenses are frivolous, legally deficient or otherwise inappropriate." *Smith*, 2006 WL 2711468, at *4. Since Mattel has failed to establish that any of Bryant's defenses are legally insufficient, Mattel's claims of prejudice are without merit.

**D.    If the Court concludes that any of Bryant's affirmative defenses are inadequately pled, it should grant Bryant leave to amend.**

If the Court concludes, notwithstanding the foregoing, that any of Bryant's affirmative defenses are inadequately pled, the Court should grant Bryant leave to amend his answer to correct any defects. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (explaining that "[i]f the court chooses to strike a defense, leave to amend should be freely given so long as there is no prejudice to the opposing party."); *see also Wyshak*, 607 F.2d at 826 (holding same); *Smith*, 2006 WL 2711468, at *2 ("A court granting a Rule 12(f) motion should generally grant leave to amend, unless the amendment would be futile." (internal quotation omitted)).

Mattel argues in passing that leave to amend should not be granted because Bryant already has amended his affirmative defenses twice. However, Mattel has

14

OPPOSITION TO MOTION TO STRIKE CARTER BRYANT'S AFFIRMATIVE DEFENSES (Nos. 1, 2, 3 and 5)
CASE NO. CV 04-09049 SGL (RNBx)

407344.01

not even attempted to argue that Bryant "could not possibly cure" any deficiencies in the pleading of his affirmative defenses, *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d at 1393, 1401 (9th Cir. 1986), or that "under no set of circumstances could the [Bryant's defenses] succeed." *RDF Media*, 372 F. Supp. 2d at 561.

Furthermore, Bryant's prior amendments were not made in response to a Court order, but rather as part of the meet and confer process with Mattel. Bryant's affirmative defenses have never been adjudged to be deficient. Bryant therefore has not previously had the benefit of the Court's reasoning in amending his defenses. *Cf. Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962) ("Where a complaint is dismissed on the ground that it fails to state a claim, the order should also inform the plaintiff of the reason for dismissal so that he can make an intelligent choice as to amending."). To deny Bryant the opportunity to amend his defenses before he has received any guidance from the Court regarding the sufficiency of his pleadings would be grossly unjust and contrary to the established rule that leave should be freely granted.

## IV.   CONCLUSION

For all the foregoing reasons, the Court should deny Mattel's motion to strike Bryant's affirmative defenses, in its entirety.

Respectfully submitted

Dated:  December 3, 2007                    KEKER & VAN NEST, LLP


By:   /s/ Michael H. Page
      CHRISTA M. ANDERSON
      Attorneys for Plaintiff
      CARTER BRYANT