# EXHIBIT 1

May 14 04 12:37p       Carter                4177257936              p.3

Sent by: quinn,emanuel            12138240643;         04/27.     5:33PM;JetFax #517;Page 2

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARTER BRYANT, an individual and DOES 1 through 10, inclusive,
1303 South Farm Road #115
Springfield, MO 65802

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTEL, INC. a Delaware corporation,
333 Continental Blvd.
El Segundo, CA 90245

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>Central Branch<br>111 N. Hill Street<br>Los Angeles, CA 90012-3011 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC314398** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael T. Zeller (Bar No. 196417)       213-443-3000
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street
Los Angeles, CA 90017

| DATE: April 27, 2004 | John A. Clarke | Clerk, by | S. Crabb | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

May 14 04 12:37p     Carter                    4177257936              p.2
Sent by: quinn,emanuel          12136240543;         04/2    5:34PM;JetFax #517;Page 3

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CARTER BRYANT, an individual *and Does 1 through 10 inclusive*
1303 South Farm Road #11S
Springfield, MO 65802

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTEL, INC. *a Delaware Corporation*
333 Continental Blvd.
El Segundo, CA 90245

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso)* |
| Los Angeles Superior Court | BC314398 |
| Central Branch | |
| 111 N. Hill Street | |
| Los Angeles, CA 90012-3011 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael T. Zeller (Bar No. 196417)          213-443-3000
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street
Los Angeles, CA 90017

| DATE: April 27, 2004 | John A. Clarke | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under:  ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☒ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Special Process Server

**COPY**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2      Michael T. Zeller (Bar No. 196417)
    865 South Figueroa Street, 10th Floor
3   Los Angeles, California 90017
    Telephone:   (213) 443-3000
4   Facsimile:   (213) 443-3100

5   Attorneys for Plaintiff
    Mattel, Inc.

6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 27 2004

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
        SUE CABB

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       FOR THE COUNTY OF LOS ANGELES

10

11   MATTEL, INC., a Delaware corporation,      )   CASE NO.   BC 314398
                                                )
12                      Plaintiff,              )
                                                )   COMPLAINT FOR:
13                                              )
                                                )   (1)  BREACH OF CONTRACT;
14              v.                              )   (2)  BREACH OF FIDUCIARY
                                                )        DUTY;
15   CARTER BRYANT, an individual; and         )   (3)  BREACH OF DUTY OF
16   DOES 1 through 10, inclusive,             )        LOYALTY;
                                                )   (4)  UNJUST ENRICHMENT; AND
17                      Defendants.             )   (5)  CONVERSION
                                                )
18                                              )

19

20

21

22

23

24

25

26

27

28

17209/579342.1

                                                                    **COMPLAINT**

Plaintiff Mattel, Inc. ("Mattel") brings this action against defendants Carter Bryant ("Bryant") and Does 1 through 10 (all defendants being collectively referred to as "defendants") and alleges as follows:

Parties

1.     Mattel is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in El Segundo, California.

2.     Mattel is informed and believes, and on that basis alleges, that defendant Bryant is an individual currently residing in Springfield, Missouri.

3.     The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are unknown to Mattel, which therefore sues said defendants by such fictitious names.  Mattel will amend this Complaint to allege their true names and capacities when the same are ascertained.

4.     Mattel is informed and believes, and on that basis alleges, that at all times relevant herein, defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other, and in doing the things alleged herein, each defendant was acting within the course and scope of his, her or its agency and was subject to and under the supervision of, and was acting with the knowledge of, his, her or its co-defendants.

Jurisdiction and Venue

5.     During the time of the acts complained of herein, Bryant was employed by Mattel in, and was a resident of, Los Angeles County. Bryant's contracts with Mattel that are at issue in this action were executed, performed and breached by Bryant in Los Angeles County.  In addition, defendants committed the tortious conduct alleged herein while physically located in Los Angeles County, and Mattel felt the effects of Bryant's breach and

Case 2:04-cv-09049-DOC-RNB   Document 1178-2   Filed 12/03/07   Page 6 of 36   Page ID
#:4503
May 14 04 12:40p      Carter                              4177257936              p. 13
Sent by: quinn, emanuel                12136240643;       04/2      5:41PM; JetFax #517;Page 13/35

1  defendants' other wrongful acts in Los Angeles County.  Accordingly, this Court has

2  personal jurisdiction over defendants.

3         6.  Venue is proper pursuant to Code of Civil Procedure §§ 393 and 395(a),

4  as the causes of action arose in Los Angeles County, the contractual obligations at issue were

5  incurred, were to be performed and were breached by Bryant in Los Angeles County, and

6  Bryant does not currently reside in California.

7

8  <u>Factual Background</u>

9

10         7.  Mattel is a long standing and successful independent manufacturer and

11  marketer of toys, dolls, games and stuffed toys and animals.  Mattel was founded in 1945 by

12  Elliot and Ruth Handler and Harold "Matt" Mattson.  The name of the company was created

13  by incorporating the names of two of its founders, "MATT-son" and "EL-liot."  Originating

14  from the Handlers' garage in Southern California, the company greatly expanded its

15  operations following World War II and soon began to thrive as its reputation for producing

16  high-quality toys spread.  During the next several decades, Mattel became world famous for

17  producing high-quality products at reasonable prices.  Today, some of Mattel's most famous

18  brands include BARBIE, HOT WHEELS, MATCHBOX and FISHER-PRICE.

19         8.  Critical to Mattel's success, and to the livelihood of its employees, is

20  Mattel's ability to design and develop new products.  Mattel invests many millions of dollars

21  in product design and development annually, and it introduces hundreds of new products

22  each year.  In El Segundo, California alone, Mattel maintains a 180,000 square-foot design

23  center that houses more than 850 designers, sculptors, painters and other artists, whom

24  Mattel pays to work exclusively and full-time to create the products that Mattel sells and on

25  which Mattel's business depends.

26         9.  Defendant Bryant was employed by Mattel from September 1995

27  through April 1998, and then again from January 1999 through October 2000, as a product

28  designer at Mattel's design center in El Segundo, California.

07209/579342.1            -3-

COMPLAINT

Case 2:04-cv-09049-DOC-RNB   Document 1178-2   Filed 12/03/07   Page 7 of 36   Page ID #:4504

May 14 04 12:40p     Carter                #:4504        4177257936          p. 14
Sent by: quinn,emanuel            12136240643;           04/27/   5:42PM; JetFax #517;Page 14/35

10.    On January 4, 1999, upon starting his second term of employment by Mattel, and as a condition of and in consideration for his employment, Bryant executed an Employee Confidential Information and Inventions Agreement (the "Employee Agreement").  Among other things, Bryant agreed that he would not, without Mattel's express written consent, "engage in any employment or business other than for [Mattel], or invest in or assist (in any manner) any business competitive with the business or future business plans of [Mattel]."  Bryant further acknowledged that he held a position of trust with Mattel.  In addition, Bryant assigned to Mattel all rights, title and interest in "inventions," including without limitation "designs," that he conceived or reduced to practice during his employment by Mattel. A true and correct copy of Bryant's Employee Agreement with Mattel is attached as Exhibit A.

11.    Also on January 4, 1999, Bryant executed Mattel's Conflict of Interest Questionnaire (the "Conflict Questionnaire").  Among other things, Bryant certified in the Conflict Questionnaire that, other than as disclosed, he had not worked for any competitor of Mattel in the prior twelve months and had not engaged in any business venture or transaction involving a Mattel competitor that could be construed as a conflict of interest. Bryant specifically agreed that he would immediately notify his supervisor of any change in his situation that would cause him to change any of the foregoing certifications. The only conflict disclosure that Bryant made on the Conflict Questionnaire (or at any time subsequently) concerned freelance work that is unrelated to the conduct alleged herein.  A true and correct copy of the Conflict Questionnaire executed by Bryant is attached as Exhibit B.

12.    In late November 2003, Mattel learned that Bryant had secretly aided, assisted and worked for a Mattel competitor, including without limitation by entering into an agreement with the competitor, during the time Bryant was employed by Mattel pursuant to the above-referenced agreements and was being paid by Mattel as a product designer. Bryant's agreement with the competitor obligated Bryant to provide product design services to the competitor on a "top priority" basis.  Bryant's agreement also provided, among other

things, that Bryant would receive royalties and other consideration for sales of products on
which Bryant provided aid or assistance; that all work and services furnished by Bryant to
the competitor under the agreement purportedly would be considered "works for hire"; and
that all intellectual property rights to preexisting work by Bryant purportedly would be
assigned to the competitor. In addition, while Bryant was employed by Mattel, Bryant and
the other defendants converted, misappropriated and misused Mattel property and resources
for the benefit of, and to aid and assist, Bryant personally and Mattel's competitor.

13.   During the time that he was employed by Mattel and thereafter, Bryant
concealed these actions from Mattel, including without limitation by failing to notify his
supervisor of his conflict of interest regarding the competitor and by making affirmative
misrepresentations to Mattel management upon his departure from Mattel. Because of
Bryant's acts of concealment and his misrepresentations to Mattel, Mattel had no reason to
suspect that Bryant had worked for the competitor while still employed by Mattel until late
November 2003, when Mattel received, through an unrelated legal action, a copy of Bryant's
agreement with the competitor and saw that the date of the agreement predated Bryant's
departure from Mattel.

14.   As a consequence, Bryant breached his contracts with Mattel and
violated his duty of loyalty and his fiduciary duties to Mattel; the other defendants have
unlawfully aided and abetted his violation of such duties; and each of the defendants has
been unjustly enriched and engaged in acts of conversion.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

15.   Mattel repeats and realleges each and every allegation set forth in
paragraphs 1 through 14, above, as though fully set forth at length.

16.   Pursuant to his Mattel Employment Agreement, and for good and
valuable consideration, Bryant agreed that he would not, without Mattel's express written

07209/579342.1

-5-

1  consent, engage in any employment or business other than for Mattel or assist in any manner

2  any business competitive with the business or future business plans of Mattel during his

3  employment with Mattel. Pursuant to his Mattel Employment Agreement, Bryant further

4  assigned to Mattel all right, title and interest in "inventions," including without limitation

5  "designs," that he conceived or reduced to practice during his employment by Mattel. In

6  addition, pursuant to the Conflict Questionnaire, Bryant certified that, other than as

7  disclosed, he had not worked for any competitor of Mattel and had not engaged in any

8  business venture or transaction involving a Mattel competitor that could be construed as a

9  conflict of interest. Bryant further promised that he would notify his superior immediately

10  of any change in his situation that would cause him to change any of the foregoing

11  certifications or representations.

12        17.    The Employment Agreement and the Conflict Questionnaire are valid,

13  enforceable contracts, and Mattel has performed each and every term and condition of the

14  Employment Agreement and Conflict Questionnaire required to be performed by Mattel.

15        18.    Bryant materially breached the foregoing contracts with Mattel, in that,

16  among other things, he secretly aided, assisted and worked for a Mattel competitor during

17  his employment with Mattel, without the express written consent of Mattel.

18        19.    As a consequence of Bryant's breach, Mattel has suffered and will in

19  the future continue to suffer damages in an amount to be proven at trial. Such damages

20  include, without limitation, the amounts paid by the competitor to Bryant during his Mattel

21  employment; the amounts paid by the competitor to Bryant as a result of the work he

22  performed for the competitor during his Mattel employment; the amount that Mattel paid

23  Bryant during the time he wrongfully worked for the competitor; the value of information

24  and intellectual property owned by Mattel which Bryant provided to the competitor; the

25  value of the benefits the competitor obtained from Bryant during the time he was employed

26  by Mattel; and the value of the benefits the competitor obtained from Bryant as a result of

27  the work he performed for the competitor during his Mattel employment.

28

07209/579342.1

-6-

COMPLAINT

20.     Furthermore, Bryant's conduct has caused, and unless enjoined will continue to cause, irreparable injury to Mattel that cannot be adequately compensated by money damages and for which Mattel has no adequate remedy at law. Bryant specifically acknowledged in his Employment Agreement that his breach of the Agreement "likely will cause irreparable harm" to Mattel and that Mattel "will be entitled to injunctive relief to enforce this Agreement, in addition to damages and other available remedies." Accordingly, Mattel is entitled to orders mandating Bryant's specific performance of his contracts with Mattel and restraining Bryant from further breach.

## SECOND CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

21.     Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 20, above, as though fully set forth at length.

22.     Bryant held a position of trust and confidence with Mattel. In his position, Bryant had access to and was entrusted with Mattel's proprietary and confidential information, supervised the work of others, exercised discretion and worked independently in many of his job assignments and duties. In his position, Bryant also represented Mattel in its dealings with third parties and, in his actions in the course and scope of his employment with Mattel, was an agent of Mattel. Bryant confirmed his relationship of trust with Mattel in the Employee Agreement. Bryant thus owed Mattel a fiduciary duty that included, but was not limited to, an obligation not to take any action that would be contrary to Mattel's best interests or that would deprive Mattel of any opportunities, profit or advantage which Bryant might bring to Mattel.

23.     Bryant breached his fiduciary duty to Mattel in that, while employed by Mattel, he secretly aided, assisted and worked for a competitor of Mattel, including without limitation by entering into an agreement with a Mattel competitor. As alleged

May 14 04 12:41p    Carter                                4177257936              p.18
Sent by: quinn,emanuel                    12136240643;      04/27/   5:44PM;JetFax #517;Page 18/35

1    above, Bryant also breached the aforementioned duty by using Mattel property and resources

2    for the benefit of, and to aid and assist, himself personally and the competitor of Mattel.

3          24.     The other defendants, acting with full knowledge of Bryant's obligations

4    to Mattel, aided and abetted Bryant in such conduct.

5          25.     As a direct and proximate result of defendants' wrongful conduct,

6    Mattel has incurred damages in an amount to be determined at trial.

7          26.     Defendants acted with malice, fraud and oppression, and in conscious

8    disregard of Mattel's rights. Accordingly, Mattel is entitled to an award of punitive damages

9    against defendants in an amount to be determined at trial.

10         27.     Furthermore, defendants' conduct has caused, and unless enjoined will

11   continue to cause, irreparable injury to Mattel that cannot be adequately compensated by

12   money damages and for which Mattel has no adequate remedy at law. Accordingly, Mattel

13   is entitled to an order restraining further breach of Bryant's fiduciary duty to Mattel and/or

14   restraining defendants from continuing to benefit from such breach.

15

16                          THIRD CLAIM FOR RELIEF

17                          (Breach of Duty of Loyalty)

18

19         28.     Mattel repeats and realleges each and every allegation set forth in

20   paragraphs 1 through 27, above, as though fully set forth at length.

21         29.     As an employee of Mattel, Bryant owed a duty of undivided loyalty to

22   Mattel, his employer. Pursuant to this duty, Bryant could not compete with Mattel or assist

23   a competitor of Mattel during his employment with Mattel. Pursuant to this duty, Bryant

24   was required to always give preference to Mattel's business over his own, similar interests

25   during the course of his employment with Mattel.

26         30.     Bryant breached his duty of loyalty to Mattel in that, while employed

27   by Mattel, he secretly aided, assisted and worked for a competitor of Mattel, including

28   without limitation by entering into an agreement with a Mattel competitor.  As alleged

07209/579342.1

-8-

                                                                    COMPLAINT

May 14 04 12:42p      Carter                           4177257936              p.19
Sent by: quinn,emanuel              12136240643;          04/27/0   5:45PM;JetFax_#517;Page 19/35

1    above, Bryant also breached the aforementioned duty by using Mattel property and resources

2    for the benefit of, and to aid and assist, himself personally and the competitor of Mattel.

3          31.    The other defendants, acting with full knowledge of Bryant's obligations

4    to Mattel, aided and abetted Bryant in such wrongful conduct.

5          32.    As a direct and proximate result of defendants' wrongful conduct,

6    Mattel has incurred damages in an amount to be determined at trial.

7          33.    Defendants acted with malice, fraud and oppression, and in conscious

8    disregard of Mattel's rights. Accordingly, Mattel is entitled to an award of punitive damages

9    against defendants in an amount to be determined at trial.

10         34.    Furthermore, defendants' conduct has caused, and unless enjoined will

11   continue to cause, irreparable injury to Mattel that cannot be adequately compensated by

12   money damages and for which Mattel has no adequate remedy at law. Accordingly, Mattel

13   is entitled to an order restraining further breach of Bryant's duty of loyalty to Mattel and/or

14   restraining defendants from continuing to benefit from such breach.

15

16                        FOURTH CLAIM FOR RELIEF

17                            (Unjust Enrichment)

18

19         35.    Mattel repeats and realleges each and every allegation set forth in

20   paragraphs 1 through 34, above, as though fully set forth at length.

21         36.    Defendants, by the aforementioned conduct, unfairly used and diverted

22   Mattel property, resources and opportunities for the benefit of, and to aid and assist,

23   themselves, all without authorization by or payment to Mattel for the same. Defendants have

24   been unjustly enriched as a result.

25         37.    Mattel is entitled to an award of all such amounts by which defendants

26   have been unjustly enriched in an amount to be determined at trial.

27

28

07209/579542.1                              -9-

                                                                    COMPLAINT

May 14 04 12:42p    Carter                        4177257936              p.20
Sent by: quinn,emanuel              12136240643;        04/27.    5:46PM;JetFax #517;Page 20/35

38.   Defendants acted with malice, fraud and oppression, and in conscious disregard of Mattel's rights. Accordingly, Mattel is entitled to an award of punitive damages against defendants in an amount to be determined at trial.

39.   Furthermore, defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to Mattel that cannot be adequately compensated by money damages and for which Mattel has no adequate remedy at law. Accordingly, Mattel is entitled to an order restraining defendants from any further unjust enrichment.

### FIFTH CLAIM FOR RELIEF

(Conversion)

40.   Mattel repeats and realleges each and every allegation set forth in paragraphs 1 through 39, above, as though fully set forth at length.

41.   Mattel was entitled to, inter alia, Bryant's exclusive services and the exclusive ownership of his inventions as a Mattel product designer. However, Bryant provided such services, and purported to grant rights to such inventions, to a competitor during the time of his exclusive Mattel employment. All such services and the inventions and work product resulting from such services, including without limitation ideas, concepts, rights, designs, proprietary information, and other intellectual property and intangible property created by Bryant during the term of the aforesaid agreements, were the property of Mattel. Such services and property were provided by Bryant to others, including defendants, and used by them.

42.   Defendants wrongfully converted Mattel property and resources by asserting ownership thereto and by appropriating and using Mattel's property and resources for their own benefit and gain and for the benefit and gain of others, without the permission of Mattel.

May 14 04 12:42p    Carter                          4177257936                   p.21
Sent by: quinn,emanuel                12136240643;         04/2      5:46PM; JetFax #517;Page 21/35

43.     As a direct and proximate result of defendants' wrongful conversion of Mattel's property and resources, Mattel has incurred damages. Mattel is entitled to recover compensatory damages against defendants in an amount to be determined at trial.

44.     Defendants acted with malice, fraud and oppression, and in conscious disregard of Mattel's rights. Accordingly, Mattel is entitled to an award of punitive damages against defendants in an amount to be determined at trial.

45.     Furthermore, defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to Mattel that cannot be adequately compensated by money damages and for which Mattel has no adequate remedy at law. Accordingly, Mattel is entitled to an order restraining defendants from further conversion of Mattel property and resources and/or restraining defendants from continuing to benefit from such conversion.

## PRAYER FOR RELIEF

WHEREFORE, Mattel hereby respectfully requests that this Court:

A.     Award Mattel its damages;

B.     Order defendants to disgorge to Mattel all payments, revenue, profits, monies, royalties and any other benefits derived or obtained by defendants as a result of the conduct described herein;

C.     Order specific performance by Bryant to comply with and satisfy Bryant's contractual obligations to Mattel;

D.     Enter an injunction restraining defendants, and all those acting in concert or participation with them, from engaging in further wrongful conduct and/or from continuing to benefit from their wrongful conduct;

E.     Order defendants to pay Mattel the full cost of this action and Mattel's reasonable attorneys' fees;

F.     Award Mattel punitive damages in an amount sufficient to punish defendants and deter such misconduct in the future; and

G.    Award such other and further relief as this Court deems just and proper.

DATED:  April 27, 2004            QUINN EMANUEL URQUHART OLIVER &
                                 HEDGES, LLP


                                 By _____
                                     Michael T. Zeller
                                     Attorneys for Plaintiff
                                     Mattel, Inc.

**Exhibit A**

May 14 04 12:43p     Carter              4177257936              p.24
Sent by: quinn,emanuel          2136240643;       04/27/    5:48PM;JetFax #517;Page 24/35

# EMPLOYEE CONFIDENTIAL INFORMATION AND INVENTIONS AGREEMENT

I acknowledge that Mattel, Inc. (the "Company") operates in a competitive environment and that it enhances its opportunities to succeed by maintaining certain policies, including those included in this Agreement. This Agreement is designed to make clear that (i) I will maintain the confidentiality of the Company's trade secrets, (ii) I will not share trade secrets for the exclusive benefit of the Company, (iii) inventions that I create will be owned by the Company, (iv) my prior and continuing activities separate from the Company will not conflict with the Company's development of its proprietary rights, and (v) when and if my employment with the Company terminates I will not use my prior position with the Company to the detriment of the Company. In consideration of my employment with the Company and other good and valuable consideration, I agree that:

**1. Provisions Related to Trade Secrets**

(a) I acknowledge that the Company possesses and will continue to develop and acquire valuable Proprietary Information (as defined below), including Information that I may develop or discover as a result of my employment with the Company. The value of this Proprietary Information depends on it remaining confidential. The Company depends on me to maintain this confidentiality, and I accept that position of trust.

(b) As used in this Agreement, "Proprietary Information" means any Information (including formula, patent, compilation, device, method, technique or process) that derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use, and includes information on the Company, its customers, suppliers, joint ventures, licensors, licensees, distributors and other persons and entities with whom the Company does business).

(c) I will not disclose or use at any time either during or after my employment with the Company, any Proprietary Information except for the exclusive benefit of the Company as required by my duties for the Company, or as the Company expressly and consents to in writing. I will cooperate with the Company and use my best efforts to prevent the unauthorized disclosure, use or reproduction of all Proprietary Information.

(d) Upon leaving employment with the Company for any reason, I immediately will deliver to the Company all tangible, written, graphical, machine readable and other materials (including all copies) in my possession or under my control containing or disclosing Proprietary Information.

**2. Ownership of Inventions**

(a) I agree to communicate to the Company all promptly and fully as practicable all Inventions (as defined below) conceived or reduced to practice by me (alone or jointly with others) at any time during my employment by the Company. I hereby assign to the Company and/or its nominee all of my right, title and interest in such inventions, and all my right, title and interest in any patents, copyrights, patent applications or copyright applications based thereon. I will assist the Company and/or its nominee (without charge but at my expense to me) at any time to more fully vest any proper way to obtain for it and/or their own behalf, patents and copyrights for all such inventions anywhere in the world and to enforce its and/or their rights in legal proceedings.

(b) As used in this Agreement, the term "Inventions" includes, but is not limited to, all discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae, whether patentable or unpatentable.

(c) Any provision in this agreement requiring me to assign my rights in any invention does not apply to an invention which qualifies under the provision of Section 2870 of the California Labor Code. That section provides that the assignment will not apply to an invention that the employee developed entirely on his or her own time without using the employer's equipment, supplies, facilities or trade secret information except for those inventions that either (1) relate at the time of conception or reduction to practice of the invention to the employer's business, or actual or demonstrably anticipated research or development of the employer or (2) result from any work performed by the employee for the employer. I understand that I bear the burden of proving that an invention qualifies under Section 2870.

(d) I hereby irrevocably designate and appoint the Company and each of its duly authorized officers and agents as my agent and attorney-in-fact to act for and in my behalf and stead to execute and file any documents and to do all other lawfully permitted acts to further the prosecution, issuance and enforcement of patents, copyrights and other proprietary rights with the same force and effect as if executed and delivered by me.

**3. Conflicts with Other Activities**

(a) My employment with the Company requires my undivided attention and effort. Therefore, during any employment with the Company, I will fully comply with the Company's Conflict of Interest Policy as it may be amended from time to time. I shall not, without the Company's express written consent, engage in any employment or business other than for the Company, or invest in or assist (in any manner) any business competitive with the business of future business plans of the Company.

**Miscellaneous**

(a) My obligations under this Agreement may not be modified or terminated, in whole or in part, except in writing signed by a Vice-President of the Company. Any waiver by the Company of a breach on any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach.

(b) Each provision of this Agreement will be treated as a separate and independent clause, and the unenforceability of any one provision will in no way impair the enforceability of any other provision. If any provision is held to be unenforceable, such provision will be construed by the appropriate judicial body by limiting or reducing it to the minimum extent necessary to make it legally enforceable.

(c) My obligation under this Agreement will survive the termination of my employment, regardless of the manner of such termination. This Agreement will inure to the benefit of and be binding upon the successors and assigns of the Company.

(d) I understand that the provisions of this Agreement are a material condition to my employment with the Company. I also understand that this Agreement is not an employment contract, and nothing in this Agreement creates any right to my continued employment by the Company or to my employment for any particular term. Accordingly, I agree that the Company will be entitled to injunctive relief to enforce this Agreement, in addition to damages and other available remedies.

(e) Any breach of this Agreement likely will cause irreparable harm to the Company for which money damages could not reasonably or adequately compensate the Company.

(f) This agreement will be governed by and interpreted in accordance with the laws of the State of California.

(g) This Agreement contains the complete agreement between the Company and me concerning the subject matter hereof and supersedes all other agreements and understandings. This Agreement may be executed in counterparts. This Agreement will be deemed effective as of the start of Employee's employment with the Company.

**CAUTION: THIS AGREEMENT CREATES IMPORTANT OBLIGATIONS OF TRUST AND AFFECTS THE EMPLOYEE'S RIGHTS TO INVENTIONS THE EMPLOYEE MAY MAKE DURING HIS OR HER EMPLOYMENT.**

_Carter Bryant_                          _Teresa Newcomb_
Employee Signature                       Witness

_CARTER M. BRYANT_                        _TERESA NEWCOMB_
Employee Name (print)                    Name of Witness (print)

_01/04/99_
Date

# EXHIBIT A PAGE 13

**Exhibit B**

## CONFLICT OF INTEREST QUESTIONNAIRE

Name (Last, First, MI) _BRYANT, CARTER H._     Job Title _PROJECT DESIGNER_     Department

**Instructions:** The purpose of this questionnaire is to confirm the propriety of relations between our key employees and our suppliers and competitors. Please read the definitions below and Mattel's policies concerning Conflicts of Interest. Then answer the questions by checking the correct answer. Base your answers on personal knowledge. There is no need to make inquiries or seek additional information since lack of knowledge of a situation indicates that there is no conflict of interest. Your answers to questions 1 through 9 should cover the past twelve months and the term "you" should include members of your immediate family.

**Mattel Supplier** is interpreted broadly for purposes of this questionnaire. A Mattel supplier is any person, partnership, trust, corporation, or other enterprise which, during the past twelve months has done business or currently contemplates doing business with Mattel or any Mattel subsidiary.

**Mattel Competitor** is interpreted broadly for purposes of this questionnaire. A Mattel competitor is any person, partnership, trust, corporation, or other enterprise which has done business or contemplates doing business in any field that is in competition with Mattel or any Mattel subsidiary.

**Interest** means direct or indirect ownership of any stock, bond, option or right to purchase any security, share in profits, investment, partnership interest or other profit participation or equity interest whatsoever. Interest also means any agreement to perform services for or consult with or to deliver materials to or to receive compensation of any kind from any supplier or competitor. You may disregard mutual investment trusts and publicly-owned corporations whose securities are traded publicly, in which you own not more than $25,000 in market value, but not to exceed 10% of an individual's net worth.

**Recipient of any commission, etc.,** means receipt of anything of value, in cash or in kind, over $60 on any one occasion or over $300 total during the past twelve months.

| | | |
|---|---|---|
| ○ YES ● NO | 1. | Have you owned, directly or indirectly, any interest in a Mattel supplier? |
| ○ YES ● NO | 2. | Have you owned, directly or indirectly, any interest in a Mattel competitor? |
| ○ YES ● NO | 3. | Have you been the recipient of any commission, fee, loan, trip, gift, benefit or anything else of value that is derived in any way from a Mattel supplier? |
| ● YES ○ NO | 4. | Have you been the recipient of any commission, fee, loan, trip, gift, benefit or anything else of value that is derived in any way from a Mattel competitor? |
| ● YES ○ NO | 5. | Have you or any relative of yours by blood or marriage been a director, officer, consultant, agent, employee, or representative of or acted for any Mattel competitor in any capacity? |
| ○ YES ● NO | 6. | Have you or any relative of yours by blood or marriage been a director, officer, consultant, agent, employee, or representative of or acted for any Mattel supplier in any capacity? |
| ○ YES ● NO | 7. | Have you engaged in any activity including the acquisition or ownership of any interest, for personal profit, not expressly within the scope of the foregoing with respect to any supplier or competitor? |
| ○ YES ● NO | 8. | Excepting normal everyday transactions (purchase of toys, etc.) have you engaged in any business venture or transaction involving a Mattel supplier or competitor or engaged in any activity which could be objectively construed as being a conflict of interest or allegiance? |
| ○ YES ● NO | 9. | Are you aware of any activity of any employee which you believe could be construed as a potential conflict of interest with Mattel? |

If your answer to any of the above questions is "yes," please explain in the space below:

_4, 5, freelance design & artwork in 1998,_
_from appx. 5/98 - 11/98 for the Ashton Drake_
_galleries._

I certify that I have read Mattel's policies concerning Conflicts of Interest and the answers to the above questions are true. I understand that failure to answer this questionnaire fully and truthfully constitutes grounds for immediate termination of my employment. I agree not to divulge any company information to unauthorized recipients. I also agree to notify my superior immediately of any changes in my situation that would cause me to answer any of the above questions differently. I further certify that, to the best of my knowledge, neither I nor any member of my immediate family has or has been engaged in any capacity which creates a Conflict of Interest.

Signature _Carter H. Bryant_     Date _01/04/98_

## EXHIBIT _B_ PAGE _14_

Superior Court        California, County of Los Angeles, Central District

## NOTICE OF CASE ASSIGNMENT

The following critical provisions of the Chapter 7 Rules as applicable in the Central District are summarized for your assistance.

**APPLICATION**

The Chapter 7 Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Chapter 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned I/C Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties at a status conference not more than 10 days prior to the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions and special jury instructions and special jury verdicts; so that such matters may be heard and resolved at this conference. At least 5 days prior to this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter 7 Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter 7 Rules. Such sanctions may be on a party or if appropriate on counsel for such party.

**This is not a complete delineation of the Chapter 7 Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

**"Class Actions**

All class actions are initially assigned to Judge Charles W. McCoy in Department 308 of the Central Civil West courthouse (600 S. Commonwealth St., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court 1800 et seq. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

May 14 04 12:38p      Carter                    4177257936                p.5
Sent by: quinn, emanuel              1213624C643;        04/27,    5:36PM; JetFax #517; Page 5/35

NOTICE OF CASE ASSIGNMENT          BC314398
LOS ANGELES SUPERIOR COURT

CASE NUMBER _____

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. William F. Fahey | 78 | 730 |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Richard C. Hubbell | 62 | 600 |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Jane Johnson | 56 | 514 |
| Hon. Soussan Bruguera | 71 | 729 | | Hon. Morris B. Jones | 48 | 506 |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. Conrad Aragon | 49 | 509 |
| Hon. Alan Buckner | 14 | 300 | | Hon. Marvin Lager | 38 | 412 |
| Hon. James C. Chalfant | 13 | 630 | | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Judith C. Chirlin | 89 | 532 | | Hon. Jon M. Mayeda | 72 | 731 |
| Hon. Rolf M. Treu | 58 | 516 | | Hon. David L. Minning | 61 | 632 |
| Hon. J. Stephen Czuleger | 60 | 508 | | Hon. Charles W. McCoy | 308 | CCW-1408 |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Aurelio Munoz | 47 | 507 |
| Hon. James R. Dunn | 26 | 316 | | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Lee Edmon | 68 | 617 | | Hon. Rodney E. Nelson | 46 | 500 |
| Hon. Emile Elias | 3 | 224 | | Hon. Mary Thornton House | 17 | 313 |
| Hon. Irving Feffer | 51 | 511 | | Hon. Victor H. Person | 39 | 415 |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Mel Recana | 45 | 632 |
| Hon. Joanne O'Donnell | 37 | 413 | | Hon. Andria K. Richey | 31 | 407 |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Frances Rothschild | 28 | 318 |
| Hon. Haley J. Fromholz | 20 | 310 | | Hon. John P. Shook | 53 | 513 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Rita Miller | 16 | 306 |
| Hon. Paul Gutman | 34 | 408 | | Hon. Thomas L. Willhite Jr. | 23 | 315 |
| Hon. Teresa Sanchez-Gordon | 74 | 736 | | Hon. Alexander Williams III | 35 | 411 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. David A. Workman | 40 | 414 |
| Hon. William Highberger | 32 | 406 | | Hon. George Wu | 33 | 409 |
| Hon. Ernest Hiroshige | 54 | 512 | | OTHER | | |

Given to Plaintiff of record on _____      John A. Clarke, Executive Officer/Clerk

_____ , DEPUTY CLERK

Revised 11/14/02
c:\My Documents\Usage Assignments.wpd

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

Michael T. Zeller (Bar No. 196417)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017
TELEPHONE NO: (213) 443-3000   FAX NO: (213) 624-0643
ATTORNEY FOR (Name): Plaintiff Mattel, Inc.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012-3011
BRANCH NAME: Central

CASE NAME: Mattel v. Bryant

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 27 2004

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SUE GABB

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC314398 |
|---|---|---|
| [X] Unlimited   [ ] Limited (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: <br> DEPT: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve              in other counties, states or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is [X] is not a class action suit.

Date: April 27, 2004

Michael T. Zeller (Bar No. 196417)
_____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Legal
Solutions
☞ Plus

Cal. Rules of Court, rules 201.8, 1800 – 1812
Standards of Judicial Administration, § 19

May 14 04 12:38p    Carter              4177257936                      p.7
Sent by: quinn, emanuel        12136240643;      04/27/   5:37PM; JetFax #517;Page 7/35

| SHORT TITLE: Mattel v. Bryant | CASE NUMBER: BC314398 |

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required in all new civil case filings in the Los Angeles Superior Court**

I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES    CLASS ACTION? [ ] YES    LIMITED CASE? [ ] YES    TIME ESTIMATED FOR TRIAL [ ] HOURS/ [7] DAYS.

II. Select the correct district and courthouse location (4 steps - if you checked "Limited Case", skip to No. III, Pg. 4):

   1  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column 1, the Civil Case Cover Sheet case type you selected.

   2  Check one Superior Court type of action in Column 2 below which best describes the nature of this case.

   3  In Column 3, circle the reason for the court location choice that applies to the type of action you have checked.

**Applicable Reasons for Choosing Courthouse Location (See Column 3 below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Inj/Prop.Damage)
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

   4  Fill in the information requested on page 4 in item III; complete item IV. Sign the certificate.

| | -1-<br>Civil Case Cover Sheet<br>Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Veh. - Pers. Injury/Prop. Dam./Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Pers. Inj/Prop. Dam./Wrongful Death - Unins. Motorist | 1., 2., 4. |
| Other PI/PD/WD Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestosis - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other PI/PD/WD (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7271  Negligent Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4. |
| Non-PI/PD/WD Tort | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3 |
| | Intellectual Property (19) | [ ] A6016  Intellectual Property | 2., 3 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**    LASC Rule 2.0
CIV 109 09-03                                                    Page 1 of 4
                                                                 LA 121

May 14 04 12:39p    Carter                    4177257936              p. 8

Sent by: quinn,emanuel          12136240643;        04/27/0   5:38PM;JetFax #517;Page 8/35

| SHORT TITLE  Mattel v. Bryant | | CASE NUMBER |
|---|---|---|

| -1-<br>Civil Case Cover Sheet<br>Category No. | | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Prof. Negligence (25)** | ☐ A6017 | Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 | Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Oth Non-PI/PD/WD Tort<br>(35)** | ☐ A6025 | Other Non-PI/PD/WD Tort - Intentional | 2., 3. |
| | ☐ A6026 | Other Non-PI/PD/WD Tort - Negligence | 2., 3. |
| **Wrongful Termination<br>(36)** | ☐ A6037 | Wrongful Termination | 1., 2., 3. |
| **Other Employment<br>(15)** | ☐ A6024 | Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 | Labor Commissioner Appeals | 10. |
| **Breach of Contract/<br>Warranty<br>(06)<br>(not insurance)** | ☐ A6004 | Breach of Rental/Lease Contract (not UD or wrongful eviction) | 2., 5. |
| | ☐ A6008 | Contract/Warranty Breach-Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 | Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☒ A6028 | Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections<br>(09)** | ☐ A6002 | Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 | Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage<br>(18)** | ☐ A6015 | Insurance Coverage (not complex) | 1., 2., 5., 8 |
| **Other Contract<br>(37)** | ☐ A6009 | Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 | Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 | Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Emnt Dom/Inv. Cond.<br>(14)** | ☐ A7300 | Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| **Wrongful Eviction<br>(33)** | ☐ A6023 | Wrongful Eviction Case | 2., 6. |
| **Other Real Property<br>(26)** | ☐ A6018 | Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 | Quiet Title | 2., 6. |
| | ☐ A6060 | Other Real Property (not em. domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer -<br>Commercial (31)** | ☐ A6021 | Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer -<br>Residential (32)** | ☐ A6020 | Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer -<br>Drugs (38)** | ☐ A6022 | Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | ☐ A6115 | Petition to Compel/Confirm Arbitration | 2., 5. |

*(left margin, vertical labels: Non-PI/PD/WD Tort (Cont'd) | Employment | Contract | Real Property | Unlawful Detainer | Judicial Review)*

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION** LASC Rule 2.0

CIV 109 09-03                                                                          Page 2 of 4

May 14 04 12:39p     Carter                          4177257936          P.9
Sent by: quinn,emanuel            12136240643;        04/27/    5:38PM;JetFax_ #517;Page 9/35

| SHORT TITLE: Mattel v. Bryant | | CASE NUMBER |
| --- | --- | --- |

| | -1-<br>Civil Case Cover Sheet<br>Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
| --- | --- | --- | --- |
| **Judicial Review (continued)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Oth. Jud. Review (39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litig.** | Antitrust/Trade Reg. (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Inv. Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litig. (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Tox. Tort/Environm (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8 |
| | Ins Clms - Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Misc. Civ. Cmplts** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Misc. Civil Petitions** | Partnership/Corp.<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9 |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**          LASC Rule 2.0

CIV 109 09-03                                                          Page 3 of 4

May 14 04 12:39p    Carter                          4177257936                    p.10
Sent by: quinn,emanuel              12136240543;             04/27/    5:39PM; JetFax #517;Page 10/35

| SHORT TITLE: Mattel v. Bryant | CASE NUMBER |
|---|---|

III. Statement of Location: Enter the address of the accident, party residence or place of business, performance, or other circumstance indicated in No. II., Item 3 on Page 1 as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER ITEM 3 WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☐2. ☐3. ☐4. ☒5. ☐6. ☐7. ☐8. ☐9. ☐10. | Mattel, Inc., 333 Continental Blvd. |

| CITY: El Segundo | STATE CA | ZIP CODE: 90245 |
|---|---|---|

IV. Certificate/Declaration of Assignment: The undersigned hereby certifies and declares that the above entitled matter is properly filed for assignment to the LASC _____ courthouse in the Central _____ District of the Los Angeles Superior Court under Section 392 et seq., Code of Civil Procedure and Rule 2(b), (c) and (d) of this court for the reason checked above. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on April 27, 2004 _____ at, Los Angeles _____ California.

(City)                                                                                           (Date)

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

## New Civil Case Filing Instructions

This addendum form is required so that the court can assign your case to the correct courthouse location in the proper district for filing and hearing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the courthouse location, as set forth in Los Angeles Superior Court Local Rule 2.0. It must be completed and submitted to the court along with the Civil Case Cover Sheet and the original Complaint or Petition in ALL civil cases filed in any district (including the Central District) of the Los Angeles County Superior Court. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk (Summons forms available at the Forms Counter).

3. Civil Case Cover Sheet form required by California Rule of Court 982.2(b)(1), completely filled out (Cover Sheet forms available at the Forms Counter).

4. This "Addendum to Civil Case Cover Sheet" form [Superior Court Form Number CIV 109, revised 09-03], completely filled out (Item II. does not apply in limited civil cases) and submitted with the Civil Case Cover Sheet.*

5. Payment in full of the filing fee (unless filing on behalf of state or local government or no fee is due for the type of case being filed) or an Order of the Court waiving payment of filing fees in forma pauperis (fee waiver application forms available at the Filing Window)

6. In case of a plaintiff or petitioner who is a minor under 18 years of age, an Order of the Court appointing an adult as a guardian ad litem to act on behalf of the minor (Guardian ad Litem Application and Order forms available at the Forms Counter).

7. Additional copies of documents presented for endorsement by the Clerk and return to you.

* With the exception of unlimited civil cases concerning property damage, bodily injury or wrongful death occurring in this County, Labor Commissioner Appeals, and those types of actions required to be filed in the Central District by Local Court Rule 2(b), all unlimited jurisdiction civil actions may be optionally filed either in the Central District or in whichever other court location the rule would allow them to be filed. When a party elects to file an unlimited jurisdiction civil action in Central District that would also be eligible for filing in one or more of the other court locations, this form must still be submitted with location and assignment information completed.

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION     LASC Rule 2.0

CIV 109 09-03                                                                                                Page 4 of 4

# NOTICE TO LITIGANTS

Effective July 1, 2002, California Rules of Court were amended:

RULE 201.                APPLICABILITY.

Except as otherwise provided in these rules, the rules in this chapter apply to all general civil cases filed in the trial courts after June 30, 2002.

RULE 201.9               INFORMATION ABOUT ADR

The plaintiff shall serve a copy of the ADR information package on each defendant along with the complaint. Cross-complainants shall serve a copy of the ADR information package on any new parties to the action along with the cross-complaint.

ADR 008 New (6/02)

May 14 04 12:44p    Carter                    4177257936              p.28
Sent by: quinn,emanuel            12\36240643;          04/27/(   5:51PM;JetFax_#517;Page 28/35

| NAME, ADDRESS, AND TELEPHONE OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (NAME): _____ ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURT ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in Alternative Dispute Resolution (ADR) in the above-entitled action, as follows:

**1. ALTERNATIVE DISPUTE RESOLUTION PROCESS:**
☐ Mediation
☐ Non-Binding Arbitration
☐ Binding Arbitration
☐ Settlement Conference
☐ Other ADR Process (describe): _____

**2. NEUTRAL:**
☐ **Court Pro Bono Panel:** The parties request the appointment of the following neutrals from the Court's Pro Bono Panel. If neither choice is available, or if the parties otherwise request, the Court's ADR Office will select the neutral. (There will be no charge to the parties for the first 3 hours of a neutral selected from the Court's ADR panel.)

First choice. _____    Alternate: _____

☐ The parties request that the ADR Clerk select the neutral.

☐ **Private Provider:** The parties stipulate that the following provider shall be appointed as arbitrator or mediator. (All of the neutral's fees shall be paid by the parties, and divided between them in a manner to which they have agreed.)

Name, address and telephone of Private Neutral:

_____

Dated: _____

| Name of Party Stipulating to Mediation | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

| Name of Party Stipulating to Mediation | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ **Additional signature(s) on reverse**

| ADR 001 09-01 | **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION** | California Rules of Court, Rule 1590.1 and 1590.3 |
|---|---|---|
| | | Page 1 of 2 |

May 14 04 12:44p    Carter                                    4177257936              p.29
Sent by: quinn,emanuel              12136240643;      04/27/f   5:51PM;JetFax #517;Page 29/35

| CASE NAME: | CASE NUMBER: |
|---|---|

| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Party Stipulating to Mediation<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

May 14 04 12:44p   Carter                          4177257936      p.30
Apr 28 04 08:08a   n Chiate                        (2    443-3077   p.2

# s Angeles County Dispute Resolution Program

## P is FAIR
al mediators help disputants look at all sides of a conflict
ork together to find an effective, fair and reasonable
on

## P is FIRM
results in a specific, detailed solution that covers all the
Since both parties agreed to the mediation, there is a
al commitment to abide by its outcome.

## P is FAST
saves time. Disputes are resolved much more quickly than
they are taken to court.
can begin almost as soon as both parties agree to
ipate.

## P is FRIENDLY
ipation of all parties must be voluntary for DRP to work.
mediations are skilled at getting both sides of a dispute to
to participate.

*For more information call (213) 738-2621,*
*or contact one of the 18 agencies below.*

A. Milton Miller Memorial Foundation Disability Mediation Center
819 So. Albany Street, Los Angeles, CA 90015 (213) 736-8104

Asian Pacific American Dispute Resolution Center
1145 Wilshire Blvd., Suite 100, Los Angeles, CA 90017 (213) 250-8199

California Academy of Mediation Professionals
16501 Ventura Blvd., Suite 606, Encino, CA 91436 (818) 377-7250

California Lawyers for the Arts, Arts Arbitration
and Mediation Services
1641 18th Street, Santa Monica, CA 90404 (310) 998-5590

Center for Conflict Resolution,
Small Claims Court Mediation Program
3750 East Foothill Blvd., Suite C, Pasadena, CA 91107 (626) 585-9729

Centinela Valley Juvenile Diversion Project -
Youth Mediation Programs
11633 Hawthorne Blvd., Hawthorne CA 90250 (310) 675-8700

Claremont Dispute Resolution Center
114 North Indian Hill Blvd., Suite H, Claremont, CA 91711
(909) 625-6632

Inland Valley Justice Center, Inc.
460 South Park Avenue, Suite 7i00, Pomona, CA 91766 (909) 629-6301

Korean American Coalition
3727 West 6th Street, #515, Los Angeles CA 90020

L.A. City Attorney Dispute Resolution Program
200 N. Main St., 1600 City Hall East, Los Angeles, CA 90012
(213) 485-8324

L.A. County Bar Association, Dispute Resolution Services, Inc.
281 So. Figueroa St., Suite 301, Los Angeles, CA 90012 (877) 473-7658
Youth Program (213) 896-6533

L. A. County CSS, Volunteer Mediation Services
S.Central (323) 586-8520; East L.A. (323) 260-8533, Santa Clarita (661
S. F. Valley (818) 548-5418; San Gabriel (626) 315-5418; San Pedro (81

L.A. County Department of Consumer Affairs,
Dispute Settlement Services
500 West Temple St., Room B-96, Los Angeles, CA 90012
(213) 974-0825

L.A. Superior Court Alternative Dispute Resolution Office
111 North Hill St., Room 113, Los Angeles, CA 90012 (213) 974-5196

Loyola Law School, Center for Conflict Resolution
919 South Albany Street, Los Angeles CA 90015 (213) 736-1145

Martin Luther King Legacy Association Dispute Resolution Ce
4182 S. Western Avenue, Los Angeles, CA 90062 (323) 290-4132

Norwalk, City of, Consumer Rental Mediation Board
11929 Alondra Blvd., Norwalk, CA 90650 (562) 929-5603

May 14 04 12:44p        Carter                    4177257936           p.31

Apr 28 04 09:08a        :n Chiate            (2      443-3077          p.3



## Dispute Resolution Program
### of Los Angeles County

Involved in a Dispute?

Need a Solution that's...

*Fair?*

*Firm?*

*Fast?*

*Friendly?*

*We Can Help!*

RP stands for Los Angeles County's Dispute
solution Program. It helps people involved in
putes resolve them without going to court.

P provides highly skilled, well-trained neutral mediators who
le disputants towards reaching a resolution.

P is available for all types of disputes, including:

- nilord Tenant
- ighbor-Neighbor
- iness-Business
- stomer-Business
- dent-Student
- tracts
- sonal Injury
- up-Group
- mber Group
- ployer-Employee
- ployee-Employee
- idents
- nestic Relations

### DRP HELP YOU TO A RESOLUTION

LOS ANGELES COUNTY
BOARD OF SUPERVISORS
Gloria Molina, First District
Yvonne Brathwaite Burke, Second District
Zev Yaroslavsky, Third District
Don Knabe, Fourth District
Michael D. Antonovich, Fifth District

COMMUNITY AND SENIOR SERVICES
Robert Ryan, Acting Director
31/5 West 6th Street
Los Angeles, CA 90020

Henry M. Knowls
Chief, Community Services Division

Ester C. Sorcino,
Program Coordinator
Dispute Resolution Program
213 738-2621

LOS ANGELES COUNTY
Dispute Resolution Services

May 14 04 12:45p      Carter                    4177257936          p.32
    Apr 28 04 09:08a        n Chiate            (2      443-3077     p.4

## HOW MUCH WILL IT COST?

Neutrals, who serve as mediators and arbitrators on the Court Panels, provide three hours of service to the parties on a voluntary basis. There are no administrative fees for the court ADR service.

If the parties wish to continue with the mediation or arbitration after the first three hours, the neutral is permitted to charge for their time. Fees range from approximately $150 to $500 per hour, depending upon the experience and expertise of the particular neutral. The fees are typically split between the parties in the case.

## HOW LONG DOES IT TAKE?

The length of an ADR procedure varies depending on the complexity of the case. Most cases require only one meeting to come to a resolution, but some cases may require additional sessions. All of these ADR processes must be completed by a date set by the Judge.

ADR processes work. They can save time and money, reduce emotional stress and prevent the loss of valued relationships. Isn't it worth at least inquiring about them?





Partially Funded by the
Los Angeles County Dispute Resolution Program

ADR 001 (New 6/01)                              08.01

## THERE ARE ALTERNATIVES TO LITIGATION

The function of the Court is to provide a fair and impartial forum to resolve disputes. The traditional method provided by the court is called "litigation", more commonly known as a lawsuit. The court also offers innovative alternative dispute resolution, or "ADR", programs that provide mediation, settlement conferences and arbitration.

ADR has been increasingly used in recent years to resolve lawsuits and participants are usually very satisfied with the process and results. Mediation, settlement conferences and arbitration resolve disputes sooner with less expense, difficulty, and emotional stress than traditional litigation. Mediation and settlement conferences help the parties to decide the outcome of the dispute and to achieve solutions that are not available through litigation or arbitration.

Some of the possible benefits for parties using an ADR process instead of litigation include the following:

• ADR is more cost-effective;
• ADR is less time-consuming;
• ADR is often faster and highly satisfactory;
• ADR provides for parties more control over the outcome.

Benefits for attorneys, in addition to those mentioned above, include:

• shorter time for disposition;
• quicker results for clients;
• ability to represent or advise more clients;
• fewer fee disputes;
• greater client satisfaction.

### LITIGATION

Litigation is a formal and structured process in which a Judge or jury may ultimately decide the outcome of the parties' disputes after a trial.

The litigation process is often very lengthy, time consuming, expensive and emotionally draining for the parties. The outcome of litigation is also difficult to predict, and parties who expect to win are often disappointed with the result at trial.

More than 95% of civil cases are resolved before trial, so it's worth considering ADR options early in the litigation process.

## WHAT ARE MY OPTIONS?

The Court sponsors three highly effective ADR programs for disputes in litigation: mediation, settlement conferences and arbitration.

### MEDIATION

Mediation is a flexible, informal and confidential process. In mediation, a neutral (the mediator) facilitates communication and negotiations to assist the parties in reaching a mutually acceptable resolution. Unlike a judge, a jury, or an arbitrator, the mediator does not decide the outcome of the dispute, but helps the parties to do so.

Mediators use a variety of techniques to help the parties examine their underlying interests, needs and priorities and explore more creative resolutions, including options not available through trial or arbitration. Some of the common approaches include:

• helping the parties effectively express their perspective;
• clarifying the parties' issues, interests and needs;
• helping the parties identify options for resolution;
• acting as an intermediary in negotiations between the parties.

Mediators have a variety of backgrounds, and are not necessarily attorneys. All mediators on the Court's panel, including attorneys, have met training or experience requirements established by

California law and the Court.

The parties actually involved in the dispute attend and participate more actively than in the other dispute resolution processes. There are many different mediation styles, and most involve a joint meeting of all participants. Many mediators also meet with the individual parties and their attorneys in private sessions. In these meetings, the participants discuss the problems, issues and potential solutions, rather than presenting evidence and arguments to a third-party decision maker. With limited exceptions, the discussions and any documents prepared in the mediation are confidential and cannot be admitted as evidence in non-criminal proceedings.

If the parties reach an agreement in mediation, they may specify that it will be enforceable by the Court. Because the resolution is decided by the parties rather than forced upon them, settlements achieved in mediation are more likely to be carried out and often improve relationships between the parties.

If mediation does not result in an agreement, the parties may resume the litigation process as though the mediation had not occurred. Mediation has significant benefits even if the dispute is not completely resolved. The participants gain a better understanding of each others' perspective and the issues in dispute are often narrowed or clarified. Often times the parties' resolve the dispute after the hearing as a result of participating mediation process.

## SETTLEMENT CONFERENCES

A settlement conference is an ADR process typically conducted by a "settlement officer" who is an active judge, retired judge, or an experienced attorney. If the Judge refers the case to a settlement conference through the Court's ADR Commercial Provider Program, retired judges and experienced private ADR providers serve as the settlement officer.

A settlement conference, like mediation, seeks to resolve the dispute by promoting an agreement between the parties. The settlement officer does not render a decision or make findings of fact, but assists the parties in negotiating a settlement of the litigation.

Settlement conferences and mediations are both flexible processes, however there are some general differences. Typically, settlement conferences focus more on the evidence and legal issues in the pending litigation and do not examine the parties' underlying interests or concerns. It is more common for a settlement officer to provide an evaluation of the legal merits and possible results of the litigation.

The parties to the dispute or representatives with settlement authority are required to attend, along with their attorneys. The settlement officer, however, often communicates exclusively or primarily with the attorneys.

An agreement reached in a settlement conference may be entered into the Court records. If a settlement is not reached, the dispute remains in the litigation process.

## ARBITRATION

Arbitration, like litigation, is a process in which the parties' dispute is decided by an impartial third person, called an "arbitrator." The parties present testimony under oath and the rules of evidence that apply. After considering the parties' evidence and argument, the arbitrator issues a written decision or "award" which is filed with the Court. The parties must agree in advance whether the arbitration will be "binding" or "non-binding." In "binding arbitration" the arbitrator's award can only be challenged by the parties on very limited grounds. In "non-binding arbitration" the parties are not required to accept the arbitrator's award, but have a limited time to request a "trial de novo" which returns the case to the Court's calendar for

trial. Significant monetary penalties may be imposed if the party requesting a trial de novo does not obtain a more favorable result than the arbitration award.

*It is very important for the parties to understand that, in agreeing to binding arbitration, or by not requesting a trial de novo on a timely basis, they are waiving their right to a trial and are accepting the arbitrator's award as a final decision.*

## HOW ARE CASES REFERRED TO THESE PROGRAMS?

Mandatory referrals to an ADR program are ordered by the Judge, usually at a status conference or other scheduled proceeding. In considering a case for mandatory referral to mediation, settlement conference or arbitration, the Judge discusses the case with the attorneys or parties representing themselves to determine what dispute resolution process is most appropriate. After consultation, cases are referred to mandatory mediation or arbitration under the following circumstances:

* the plaintiff requests mediation or arbitration in writing and agrees that the award per plaintiff will not exceed $50,000;

* if, in the opinion of the Judge, the amount in controversy does not exceed $50,000 per plaintiff;

* if the Judge determines that the case is otherwise eligible and appropriate for mediation, settlement conference or arbitration and orders the parties to one of these ADR processes.

A voluntary referral to an ADR program may be initiated by the parties at any time during the litigation, and regardless of the amount in controversy. Cases involving more than $50,000 are frequently resolved through alternative dispute resolution. The parties may initiate a voluntary ADR process by completing and filing the Stipulation to Participate in Alternative Dispute Resolution form, or they may request voluntary ADR at a status conference or other scheduled hearing in the case.

## HOW ARE NEUTRALS SELECTED?

The Court ADR Office maintains a panel of neutrals who have met qualifications established by California Law or the Court to serve as mediators, arbitrators and/or settlement officers. Ordinarily, the attorneys or parties agree on the selection of a neutral. If the parties are unable to agree, the ADR Office will randomly select a neutral. Background information on the Court Panel neutrals is available on the Internet at: http://www.lasuperiorcourt.org/ADR, and at the Central ADR Office located in Room 115 of the Los Angeles Superior Court at 111 North Hill Street, Los Angeles, CA 90012 (telephone: 213.974.5425).

Parties also have the option of selecting a private neutral at their own cost. There are various organizations throughout Los Angeles County providing private ADR services. To obtain more information about these organizations contact the California Department of Consumer Affairs, toll free 1-800-952-5210 or look in the yellow pages under mediation or arbitration.

May 14 04 12:37p      Carter                4177257936              p.1

**5/14/04**

**To: Keith Jacoby**
**From: Carter Bryant**
**RE: summons**

**35 pages total**

FE 10 47