THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:    tnolan@skadden.com

RAOUL D. KENNEDY (Bar No.  40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA  94111-5974
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698
Email:      rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. DE C.V**.,** and
Isaac Larian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**ISAAC LARIAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSE TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN AND FOR AWARD OF SANCTIONS (MOTION 10)**<br><br>**[Response to Separate Statement and Declaration of Raoul D. Kennedy filed concurrently herewith]**<br><br>Hearing Date: TBD<br>Time:              TBD<br>Place:             TBD |

OPPOSITION TO MATTEL'S MOTION TO COMPEL PROD. OF DOCS. BY LARIAN

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .................................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

I. PRELIMINARY ........................................................................................... 1

LEGAL ANALYSIS .............................................................................................. 2

II. THE COURT SHOULD DENY MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS ........................................................... 2

    1. Personal Financial Data: Request Nos. 207-209 and 269 .......... 2

    2. Communications With Mattel Employees: Request No. 198 ................................................................................................ 3

    3. Statements To The Media: Request Nos. 190-197 and 199 ...... 4

    4. Telephone Records: Request Nos. 178-181 ............................... 5

    5. Storage Devices: Request Nos. 222 and 224 ............................. 6

    6. Mr. Bryant's Storage Devices: Request Nos. 225, 227, and 228 .................................................................................................. 6

    7. Market Research Concerning Products Not at Issue: Request Nos. 79-81 ..................................................................... 7

    8. Mr. Bryant's Attorney and Niece: Request Nos. 113-115 ......... 7

    9. The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125 ................................................................................ 8

    10. MGA Hong Kong and MGA Mexico: Request Nos. 272 and 273 .......................................................................................... 9

III. Mattel's Request for Sanctions Should be Denied ..................................... 10

**TABLE OF AUTHORITIES**

**PAGE(S)**

**STATUTES**

28 U.S.C. § 1927..........................................................................................................10

**RULES**

Fed. R. Civ. P. 37(a)(4)...............................................................................................10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY

On June 13, 2007, Mattel propounded a First Set of Requests for Documents and Things to Isaac Larian ("RFPs"), containing 276 separate production requests.[1] On August 6, Mr. Larian filed his initial responses and objections.[2] Mattel's counsel and Mr. Larian's then lawyers met and conferred. On September 25, Mr. Larian filed supplemental responses and objections.[3] This resulted in Mattel being satisfied with 189 of the Responses.[4]

On October 11, Mattel filed the present Motion to Compel Production of Documents by Isaac Larian ("Motion No. 10" or "the Motion") seeking further responses to the remaining 87 Responses.[5]

Mr. Larian's prior counsel had not filed any formal response to the Motion at the time they were substituted out of the case. Since being substituted in, Mr. Larian's present attorneys have labored diligently to familiarize themselves with the disputed requests. On November 29, counsel met and conferred. During that conference, Mr. Larian's attorneys, in a spirit of compromise, agreed to provide further responses to 55 of the disputed 87 Requests.[6] The largest problem that the lawyers were able to overcome was that Mattel's previous Requests to MGA had defined "YOU" to include officers and directors, including Mr. Larian. The present Requests to Mr. Larian define "YOU" to include MGA, as well as officers and directors. Therefore, the requests are highly duplicative, and all of the Requests,

---

[1] Declaration of Scott B. Kidman in Support of Mattel's Mot. to Compel ("Kidman Decl."), ¶ 2, Ex. 1.

[2] Kidman Decl. ¶ 4, Ex. 3.

[3] Kidman Decl. ¶ 26, Ex. 25

[4] *See* Mot. to Compel at 4 n.8, 5 nn.9-12, 6 nn.13-17.

[5] *See* Mot. to Compel at 4-7; *see also* MSS at 131-134.

[6] Mr. Larian has agreed to supplement his responses to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221, and 223. (Declaration of Raoul D. Kennedy ("Kennedy Decl."), ¶ 1.)

seemingly, seek all documents within Mr. Larian's custody or control. Mr. Larian has agreed to supplement his responses to the 55 Requests listed below, to include documents, if any, in his personal files that have not previously been produced.

Unfortunately, the November 29 conference did not result in Mattel's modifying its position concerning any of the remaining 32 Requests.[7]

Those 32 requests can be grouped into ten categories: (1) personal financial data; (2) communications with Mattel employees; (3) statements to the media; (4) telephone records; (5) storage devices; (6) Carter Bryant's storage devices; (7) market research concerning products not at issue; (8) Mr. Bryant's attorney and niece; (9) the Larian brothers' arbitration; and (10) MGA Hong Kong and MGA Mexico.

## LEGAL ANALYSIS

### II. THE COURT SHOULD DENY MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

#### 1. Personal Financial Data: Request Nos. 207-209 and 269

Request 209, which seeks Mr. Larian's state and federal tax returns for each year from 1999 through the present, seeks exactly the same kind of information that the Court found Mattel was not entitled to obtain from Mr. Bryant. (Kennedy Decl. Ex. 1 (1/25/07 Order) at 4:29-5:2.) Mattel has offered absolutely no principled reason why the same analysis and result should not apply here.

Requests 207 and 208 seek all of Mr. Larian's banking relationships and his gross income for each year from 1999 to the present.

As discussed in MGA's accompanying Response to Mattel's Separate Statement ("MGA SS"), all three of these requests overlap substantially with requests

---

[7] The requests that Mattel continues to dispute are Request Nos. 79-81, 113-115, 123-125, 178, 180, 181, 190-192, 194-199, 207-209, 222, 224, 225, 227, 228, 269, 272, and 273. (Kennedy Decl. ¶ 2.) Although Mattel was satisfied with Mr. Larian's supplemental responses to Request Nos. 179 and 193 (*see* Mot. to Compel at 4 n.8), those supplemental responses raise valid objections that this Court should sustain, as explained below. Mr. Larian's opposition to Mattel's efforts to compel production of documents responsive to the disputed requests should not be construed as an admission that he has any documents responsive to those requests.

Mattel previously propounded upon MGA. Mattel makes no attempt to justify the duplication or burden posed by these requests to Mr. Larian. (MGA SS at 9-11.)

Mattel asserts, without explanation or discussion, that this information is "relevant to Mattel's claims against Larian for damages, including punitive damages." (Mattel's Separate Statement ("MSS") 153:11-12). Mr. Larian submits that neither the names of his banks nor his *gross income* have any bearing upon either compensatory or punitive damages. Mattel also asserts that this information "*may* also show that Larian has siphoned off MGA assets for his own personal benefit . . . ." (MSS 153:15-16 (emphasis added)). Mattel offers absolutely no support for this supposition.

Finally, Mattel claims this information is relevant to its claim for "disgorgement of all the benefits Larian has received as a result of his wrongful conduct . . . ." (*Id.* 153:17-18.) Mattel fails to explain, however, how perusing bank records for *gross income* numbers is going to permit identification of the supposedly "ill-gotten gains" that Mr. Larian received on account of the conduct at issue in this case.

Request No. 269 seeks Mr. Larian's net worth on a yearly basis for each year from 1999 to the present. Mattel fails to explain how Mr. Larian's net worth at various times in the past is relevant even to punitive damages, much less compensatory damages or disgorgement.

Mr. Larian urges that Mattel's motion as to these four categories be denied. Alternatively, and at a minimum, Mr. Larian urges that the motion be denied without prejudice to Mattel's right to renew if, at some future stage of the proceedings, any of the requested information becomes relevant.

### 2. **Communications With Mattel Employees: Request No. 198**

In Request 198, Mattel seeks documents pertaining in any way to any communication Mr. Larian has had with anyone who was then employed by Mattel.

The Request is totally unrestricted as to time and subject matter and includes such obvious irrelevancies as a thank you note or a birthday card.

In its August 13, 2007 Order, this Court denied Mattel's motion to compel a response to its substantively identical Request No. 42 to MGA i.e., "All COMMUNICATIONS between [MGA] and any individual while the individual was employed by MATTEL." (Kennedy Decl. Ex. 2 (8/13/07 Order) at 12:19-24 ("Although the request may encompass relevant documents, it is overbroad insofar as it requires production of all communications, regardless of subject matter").)

As is more fully discussed in the MGA SS, the present request is similarly overbroad and Mattel's Motion should be denied for the same reasons. (MGA SS at 13-14.)

### 3. Statements To The Media: Request Nos. 190-197 and 199

In Requests 190-197 and 199, Mattel seeks documents concerning any statement Mr. Larian has made to the media, or to stock analysts, "relating to Bryant, this action or Mattel since January 1, 1999."

In its August 13, 2007 Order, this Court denied Mattel's motion to compel compliance with its almost identical Request No. 54 re claims of unfair competition to MGA i.e., "[a]ll DOCUMENTS RELATING TO any COMMUNICATION by [MGA] with any news organization regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS." (Kennedy Decl. Ex. 2 (8/13/07 Order) at 12:25-13:1.) As the Court explained:

> Once again, the request encompasses potentially relevant documents, however it is overbroad, seeking all documents relating to any communications by MGA with any news organization. Furthermore, the request seeks documents that are of relatively minimal relevance to the claims and defenses in the case. Therefore, Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2), Fed.R.Civ. P. [*Id.* at 13:2-5].

As is more fully discussed in the MGA SS, Mattel does not offer any principled reason why the Court here should issue a different ruling. (MGA SS at 27-28.)

### 4. Telephone Records: Request Nos. 178-181

In Requests 178-181, Mattel seeks documents relating to Mr. Larian's telephone records. Requests 178 and 180 seek any documents relating to any telephone records for January 1, 1998 – January 1, 2001 and April 1, 2004 – June 1, 2004, respectively, and are unlimited with regard to subject matter. Requests 179 and 181 seek any documents relating to any telephone records that relate to Bratz or Angel, or Carter Bryant, respectively. Mattel fails to explain why it should not be required to limit its requests to subject matters or time periods that are potentially relevant to a claim or defense at issue rather than seeking a production that would clearly include documents that have no bearing on this action, as well as an intrusion of Mr. Larian's privacy.

In its January 25, 2007 Order granting Mattel's motion to compel production of documents from Carter Bryant, this Court considered similar requests "for all communications between Bryant and MGA." (Kennedy Decl. Ex. 1 (1/25/07 Order) at 15:23-24.) Although the court found the requests sought relevant information and ordered Bryant to produce responsive documents, the Court allowed Bryant to redact non-relevant information from his telephone records as long as he provided "a signed verification" that none of the redacted information was relevant to the request. (*Id.* at 15:23-16:6.)

Mr. Larian's counsel made a similar offer to counsel for Mattel during the November 29 conference to provide redacted records along with a signed verification that none of the redacted information was relevant. Mattel's attorneys agreed to consider that offer and respond. To date, no response has been received. (Kennedy Decl. ¶ 3.)

5
OPPOSITION TO MATTEL'S MOTION TO COMPEL PROD. OF DOCS. BY LARIAN

As is more fully discussed in the MGA SS, to the extent that Mattel can tailor its requests to seek information relevant to a claim or defense in this action (which it has not yet done), this Court should allow Mr. Larian to redact any responsive telephone records consistent with its prior ruling. (MGA SS at 35-36.)

### 5. Storage Devices: Request Nos. 222 and 224

In Requests 222 and 224, Mattel seeks production of each storage device that Mr. Larian has used "relating to Bratz, Angel or Bryant" as well as all documents relating to the "purchase, acquisition, installation, transfer, shipment, destruction or disposition of each" any such device.

As is more fully discussed in the MGA SS, Mattel has not offered either a need or justification for inspecting the actual hard drives or other storage devices. In particular, Mattel fails to explain why the production it has already requested, copies of relevant communications themselves, is not completely adequate. (MGA SS at 38-42.) Similarly, Mattel fails to identify any potential benefit that would flow from examination of storage devices themselves that would offset the obvious privacy intrusions and added burden that such an inspection would involve.

Similarly, Mattel does not even attempt to justify its demand in Request 224 for all documents relating to the purchase, acquisition, installation, etc., of each such storage device.

### 6. Mr. Bryant's Storage Devices: Request Nos. 225, 227, and 228

In Request 225, 227, and 228 Mattel seeks production of "each storage device that Bryant has used to create, prepare, generate, copy, transmit, receive, delete or modify any digital information relating to Bratz, Angel or MGA" as well as any documents relating to those storage devices.

Obviously, either Mr. Bryant or MGA is the best source of this information. As is more fully discussed in the MGA SS, at a minimum, Mattel's Motion to Compel as to Mr. Larian should be denied without prejudice to Mattel's right to

6
OPPOSITION TO MATTEL'S MOTION TO COMPEL PROD. OF DOCS. BY LARIAN

renew the Motion upon a showing that the information cannot be obtained from others. (MGA SS at 46-47.)

### 7. Market Research Concerning Products Not at Issue: Request Nos. 79-81

In Requests 79-81, Mattel seeks a wide-range of documents pertaining to any focus groups, or work performed by L.A. Focus and Alaska Momma.

As the Court will recall, MGA sought discovery concerning "market research" relating to Polly Pocket, a Mattel product. Mattel moved for a protective order, and on April 19, 2007, this Court granted that motion finding, inter alia, "these requests are clearly overbroad" and extended "far beyond the permissible scope of discovery under Rule 26 . . . ." (Kennedy Decl. Ex. 3 (4/19/07 Order) at 6:20-21; 7:2-3.)

As is explained in greater detail in the MGA SS, Mr. Larian has already agreed to produce responsive documents relating to focus groups for the MGA CONTESTED PRODUCTS and the MATTEL CONTESTED PRODUCTS, as those terms have been defined by Mattel. Mattel contends it is entitled to more, but fails to offer even one specific example of how focus groups for other products could be relevant. (MGA SS at 54-56.) In short, Mattel is now attempting to do exactly what it successfully prevented MGA from doing with respect to focus group documents and market research.

### 8. Mr. Bryant's Attorney and Niece: Request Nos. 113-115

In Requests 113 and 114, Mattel seeks documents concerning Anne Wang, a lawyer who represented Mr. Bryant in his contract negotiations with MGA. Mr. Larian has agreed to produce responsive documents relating to Bratz, Angel or Bryant. Accordingly, the issue raised by Mattel's motion is whether Mr. Larian should also be required to produce documents that do *not* relate to Bratz, Angel or Bryant. The answer is clearly "No," as is evidenced by Mattel's lame arguments that production of all documents relating to Bratz, Angel or Bryant may not include

"documents that do not specifically refer to Bratz, Angel or Bryant" and "may also go to issues of credibility or bias." (MSS 33:25-34:3.)

Request 115 seeks documents relating to Brooke Gilbert, Mr. Bryant's niece. Again, Mr. Larian had agreed to produce responsive documents relating to Bratz, Angel or Bryant. Once again, the issue raised by the motion is whether documents that do *not* pertain to Bratz, Angel or Bryant are relevant. Mattel can only speculate that such other documents might deal with "the destruction of potentially critical evidence in this case" and "issues of credibility and bias." (MGA SS at 62-63.)

### 9. The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125

In Requests 123-125, Mattel seeks all documents pertaining to any aspect of any "arbitrations and suits" between Mr. Larian and his brother, Farhad.[8] The Requests are in no way limited to Bratz-related topics.

In its May 15, 2007 Order Granting Mattel's Motion to Compel, this Court found that Requests 37-41 of Mattel's first set of document production requests to MGA "seek relevant information regarding the conception date for Bratz." (Kennedy Decl. Ex. 4 (5/15/07 Order) at 10:20-21.) Request 41 sought:

> 41. All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian, including without limitation all declarations, affidavits and sworn testimony given by any PERSON in such suit or arbitration proceedings.

In contrast, the Requests to Mr. Larian here in issue seek:

> 123. All DOCUMENTS RELATING TO any and all arbitrations and suits between YOU and Farhad Larian.

---

[8] Mattel does not define "arbitrations." Mr. Larian assumes it does not include mediations and, if it does, Mr. Larian objects on the basis of both the federal common law mediation privilege (Fold v. Motion Picture Industry Pension & Health Plans, 16 F. Supp. 2d 1164, 1179-1180 (C.D. Cal. 1998) and the California mediation privilege. Cal. Evid. Code §§ 1115 et. seq.).

> 124. All DOCUMENTS filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against YOU, including without limitation all declarations, affidavits, transcripts, video and/or audio recordings and sworn testimony given by any PERSON in such suit or arbitration proceedings.
>
> 125. All DOCUMENTS RELATING TO any and all settlements resolutions or compromises of any suit and/or arbitration proceedings between YOU and Farhad Larian.

The contrast could not be more striking. The Request to MGA was tailored to the issues in question. The Requests to Mr. Larian are not.

All documents from the proceedings between Mr. Larian and his brother are subject to protective orders that prevent their use in any other proceeding. (Kennedy Decl. Ex. 5 (Protective Order) at 4, § 4.5 and Ex. 6 (Stipulation and Protective Order) at 1, ¶ 2.) Mattel has requested that the protective orders be modified to permit documents from those proceedings to be used in this action, and Mr. Larian is currently working with counsel for Mattel and his brother in an attempt to achieve suitable modifications to the orders that are agreeable to the parties.

If the protective orders are modified, and some documents from those proceedings become available in this action, Mr. Larian urges that Mattel's Motion to Compel as to Requests 123-125 be denied except to the extent those Requests seek documents from the arbitrations, that refer or relate to Bratz or Angel (as those terms are defined in the Mattel's first set of requests for production to MGA), which are in Mr. Larian's possession or control and which have not been previously produced in this action. (*See also* MGA SS at 73-75.)

### 10. MGA Hong Kong and MGA Mexico:  Request Nos. 272 and 273

In Requests 272-273, Mattel seeks all documents relating to the ownership of MGA Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA Mexico").

9
OPPOSITION TO MATTEL'S MOTION TO COMPEL PROD. OF DOCS. BY LARIAN

1   Mattel offers absolutely no explanation why this is not information that is
2   properly obtainable from MGA.  In addition, even conceding that knowing who the
3   owners of each of those entities is or has been, is somehow relevant to this action,
4   that would, at most, justify production of a listing of owners, not production of every
5   document which relates in any way to the ownership of those two entities.  (*See also*
6   MGA SS at 80-81.)

### III.  Mattel's Request for Sanctions Should be Denied

Mattel seeks sanctions both from Mr. Larian under Rule 37(a)(4) and from Mr. Larian's prior counsel under 28 U.S.C. § 1927.  Mattel fails, however, to specify what it is that each did separately so as to warrant sanctions.

The RFPs in question contain 276 separate request categories.  These RFPs were served on June 13, 2007.  By that time, Mattel had already propounded five sets of RFPs, containing 391 separate request categories, on MGA and MGA HK.  As mentioned above, all, or nearly all, of those 391 requests contained "YOU" definitions that included Mr. Larian.  And, as mentioned above, the 276 requests in question contained "YOU" definitions that encompass MGA and MGA HK.  In short, Mattel did absolutely nothing to craft the RFPs in question so that they would not be ridiculously duplicative.  Moreover, this is not an instance where the responding party was simply was "stonewalling."  The parties reached agreement as to 189 of the 276 RFPs before Mattel filed its motion.  Subsequently, they were voluntarily able to reach agreement as to another 55 and as discussed above, Mr. Larian has made eminently reasonable offers to resolve a number of the remaining 32 requests.  Moreover, even if the present motion is successful, in whole or in part, sanctions are not warranted.  The set of document production requests in question contains 276 categories.  In addition, it contains an over-expansive definition of "YOU" which renders almost all of those categories duplicative of requests that Mattel previously propounded upon MGA.  Literal compliance with Mattel's Requests would have resulted in a ridiculous amount of duplication, adding to MGA's already voluminous

10
OPPOSITION TO MATTEL'S MOTION TO COMPEL PROD. OF DOCS. BY LARIAN

1  production. Finally, the parties were able to reach agreement as to 189 of the 276
2  RFPs before Mattel filed its motion. Subsequently, they were able to reach
3  agreement as to another 55 and, as discussed above, Mr. Larian has made more than
4  reasonable offers to resolve a number of the remaining 32.

DATED: December 5, 2007          SKADDEN, ARPS, SLATE, MEAGHER &
                                 FLOM, LLP


                                 By: /s/ Thomas J. Nolan
                                     THOMAS J. NOLAN

                                 Attorneys for Counter-Defendants
                                 MGA ENTERTAINMENT, INC.,
                                 ISAAC LARIAN, MGA ENTERTAINMENT
                                 (HK) LIMITED, and MGAE de MEXICO
                                 S.R.L. de C.V.