THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. DE C.V., and
Isaac Larian

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br>_____<br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**ISAAC LARIAN'S RESPONSE TO MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**[Memorandum in Opposition and Declaration of Raoul D. Kennedy filed concurrently herewith]**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD |

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ............................................................... iii

RESPONSE TO MATTEL'S SEPARATE STATEMENT .................................... 1

I.   THERE IS NO DISPUTE OVER THE VAST MAJORITY OF
     REQUESTS TO MR. LARIAN ..................................................... 1

II.  THE COURT SHOULD REJECT MATTEL'S ATTEMPTS TO
     COMPEL PRODUCTION OF DOCUMENTS NOT RELEVANT TO
     ANY OF THE CLAIMS OR DEFENSES AT ISSUE IN THIS CASE ......... 2

     1.   Requests, Responses, and Mattel's Position ........................... 2

     2.   Argument ........................................................................ 9

     B.   Mr. Larian's Communications with Mattel Employees:  Request
          No. 198 ......................................................................... 12

     1.   Request, Response, and Mattel's Position .............................. 12

     2.   Argument ...................................................................... 13

     C.   Mr. Larian's Statements To The Media:  Request Nos. 190-197
          and 199 ......................................................................... 15

     1.   Requests, Responses, and Mattel's Position ........................... 15

     2.   Argument ...................................................................... 27

     D.   Mr. Larian's Telephone Records:  Request Nos. 178-181 ............... 29

     1.   Requests, Responses, and Mattel's Position ........................... 29

     2.   Argument ...................................................................... 35

     E.   Mr. Larian's Storage Devices:  Request Nos. 222 and 224 ............ 36

     1.   Requests, Responses, and Mattel's Position ........................... 36

     2.   Argument ...................................................................... 39

     F.   Mr. Bryant's Storage Devices:  Request Nos. 225, 227, and 228 ...... 43

     1.   Requests, Responses, and Mattel's Position ........................... 43

     2.   Argument ...................................................................... 46

     G.   Market Research Concerning Products Not at Issue:  Request
          Nos. 79-81 ..................................................................... 47

     1.   Requests, Responses, and Mattel's Position ........................... 47

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

2.    Argument ................................................................. 54

H.    Carter Bryant's Attorney and Niece:  Request Nos. 113-115 ........... 57

      1.    Requests, Responses, and Mattel's Position ........................... 57

      2.    Argument ................................................................. 63

I.    The Larian Brothers' "Arbitrations and Suits":  Request Nos. 123-125 ................................................................. 64

      1.    Requests, Responses, and Mattel's Position ........................... 64

      2.    Argument ................................................................. 73

J.    MGA Hong Kong and MGA Mexico:  Request Nos. 272-273 .......... 76

      1.    Requests, Responses, and Mattel's Position ........................... 76

      2.    Argument ................................................................. 80

1

# **TABLE OF AUTHORITIES**

2

**PAGE(S)**

3

## **CASES**

4

*Aliotti v. Senora,*
   217 F.R.D 496 (N.D. Cal. 2003) ............................................................10

5

*Convolve, Inc. v. Compaq Computer Corp.,*
   223 F.R.D. 162 (S.D.N.Y. 2004) ..........................................................40

6

7

*Fold v. Motion Picture Indus. Pension & Health Plans,*
   16 F. Supp. 2d 1164 (C.D. Cal. 1998) ...................................................75

8

*In re Penn Cent. Commercial Paper Litig.,*
   61 F.R.D. 453 (S.D.N.Y. 1973) ............................................................28

9

10

*Platypus Wear, Inc. v. K.D. Co.*
   905 F. Supp. 808 (S.D. Cal. 1995) ........................................................10

11

*Playboy Enterprises v. Welles,*
   60 F. Supp. 2d 1050 (S.D. Cal. 1999) ..............................................40, 41

12

13

*Premium Service Corp. v. Sperry & Hutchinson Co.,*
   511 F.2d 225 (9th Cir. 1975) ................................................................10

14

*Rivera v. NIBCO, Inc.,*
   364 F.3d 1057 (9th Cir. 2004) ..........................................................55, 64

15

16

*Sammut v. Sammut,*
   103 Cal. App. 3d 557 (1982) .................................................................10

17

*San Francisco BART Dist. v. Spencer,*
   No. C04-04632, 2006 U.S. Dist. LEXIS 81681 (N.D. Cal. Oct. 23, 2006) ...........10

18

19

*Sav-On Drugs, Inc. v. Superior Court,*
   15 Cal. 3d 1 (1975) ...............................................................................10

20

*Southern Cal. Hous. Rights Ctr. v. Krug,*
   CV06-1420, 2006 WL 4122148 (C.D. Cal. Sept. 5, 2006) ...........................10

21

22

*Superior Consultant Co. v. Bailey,*
   No. 00-CV-73439, 2000 WL 1279161 (E.D. Mich. Aug. 22, 2000) ...................41

23

24

*Webb v. Standard Oil Co.,*
   49 Cal. 2d. 509 (1957).........................................................................10

25

*Williams v. Mass Mut. Life Ins. Co.,*
   226 F.R.D. 144 (D. Mass. 2005) ...........................................................40

26

27

28

## STATUTES AND RULES

Cal. Evid. Code §§ 1115 *et. seq.* ...................................................................75

Fed. R. Civ. P. 34(1) .......................................................................................46

Fed. R. Civ. P. 34(a)(1), 2006 Adv. Comm. Notes .......................................39

Fed. R. Evid. 501 ............................................................................................10

## OTHER AUTHORITIES

Moore's Federal Practice (3d ed. 2007)
  § 34.14[2][a] ................................................................................................47
  § 37A.44[3][b] .............................................................................................40

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

## RESPONSE TO MATTEL'S SEPARATE STATEMENT

Isaac Larian ("Mr. Larian" or "Larian") respectfully submits the following response to Mattel's Separate Statement in support of its Motion to Compel Production of Documents by Isaac Larian.  This response is submitted in support of Mr. Larian's concurrently filed memorandum in opposition to Mattel's motion to compel production of documents by Mr. Larian.

## I.   THERE IS NO DISPUTE OVER THE VAST MAJORITY OF REQUESTS TO MR. LARIAN

There is no dispute over most of the 276 requests for production by Mattel to Mr. Larian.[1]  Mattel initially objected to Mr. Larian's responses to 87 of the 276 requests.  Mattel's objections include two general categories: (1) requests where Mr. Larian did not supplement his response (21 of the disputed requests),[2] and (2) Requests where Mr. Larian responded by narrowing the scope of production (66 of the disputed requests).[3]

During a recent meet and confer, in the spirit of compromise and accommodation, Mr. Larian agreed to supplement his responses to 55 of the 87 requests objected to by Mattel, and to produce documents, if any, responsive to those requests (subject to and without waiving his objections to those respective requests),

---

[1] Mattel is satisfied with Mr. Larian's responses to Request Nos. 3-12, 16-31, 34, 36-40, 42-60, 77-78, 102-112, 116-122, 126-138, 147-177, 179, 182-189, 193, 200-206, 210-212, 214-220, 226, 271, and 276.  (*See* Mot. to Compel, at 4, FN 8.) Mattel raised no objection with respect to Mr. Larian's responses to Request Nos. 14, 229-268, 170, and 274-275, in its Mot. to Compel or Separate Statement.

[2] Mattel objected to Mr. Larian's responses, which he did not supplement, to the following 21 Request Nos.: 178, 180, 190-192, 194-199, 207-209, 222-225, 227-228, and 269.  (*See* Mot. to Compel, at 6 nn.13-17) (Footnote 15 appears to have a typographical error, listing 179—approved of in footnote 8—instead of 178, which is objected to and discussed in detail in Mattel's Sep. Statement).

[3] Mattel objected to Mr. Larian's responses to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 181, 213, 221, 272, and 273 as improperly restricted.  *See* Mot. to Compel, at 5, FNs 9-12.  Request Nos. 35 and 272-273 were included in this category in Mattel's Sep. Statement, but not the Mot. to Compel.  *See* Separate Statement, at 12-13 and 131-134.

1  thereby mooting the parties' dispute with respect to those 55 requests.[4]  Accordingly,

2  there remain 32 requests that Mattel continues to dispute, each of which is addressed

3  below.[5]

4  **II.    THE COURT SHOULD REJECT MATTEL'S ATTEMPTS TO**
   **COMPEL PRODUCTION OF DOCUMENTS NOT RELEVANT TO**
5  **ANY OF THE CLAIMS OR DEFENSES AT ISSUE IN THIS CASE**

6         Each of the requests, responses, and positions of the parties are presented

7  below for each of the remaining 32 disputed requests.  Mr. Larian's arguments are

8  then presented for the group of requestsMr. Larian's Personal Financial Data:

9  Request Nos. 207-209 and 269

10        **1.    Requests, Responses, and Mattel's Position**

11  REQUEST FOR PRODUCTION NO. 207:

12        DOCUMENTS sufficient to IDENTIFY each account with any bank or

13  financial institution that YOU have or have had, or that YOU have or have had any

14  legal or beneficial interest in, since January 1, 1999.

15  RESPONSE TO REQUEST FOR PRODUCTION NO. 207:

16        Larian incorporates by reference the above-stated general objections as if fully

17  set forth herein.  Larian also specifically objects to this request on the grounds that it

18  seeks information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to this

20  request on the grounds that it seeks information in violation of the right of privacy.

21  Larian also objects to this requests on the grounds that it is vague and ambiguous in

22  that Larian cannot determine what is meant by the phrase "any legal or beneficial

23

24        [4] Mr. Larian has agreed to supplement his responses to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221, and 223. (Kennedy Decl. ¶ 1.)

25        [5] The requests that Mattel continues to dispute are Request Nos. 79-81, 113-115, 123-125, 178, 180, 181, 190-192, 194-199, 207-209, 222, 224, 225, 227, 228, 269, 272, and 273. Although Mattel was satisfied with Mr. Larian's supplemental responses to Request Nos. 179 and 193 (*see* Mot. to Compel at 4, FN8), those supplemental responses raise valid objections that this Court should sustain, as explained below.

28

2

interest." Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 207:

Mr. Larian did not supplement his response to this request.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 207:

Regarding Request No. 207, Mattel has stated that "documents relating to Larian's financial condition – including documents sufficient to show his income and source of income – go directly to Mattel's claims for damages which seek, among other things, disgorgement of all benefits Larian has received as a result of his improper conduct." Mot. to Compel at 6. Mattel also stated that "[t]he requested documents are also necessary to impeach prior sworn testimony by Larian that he has made no profits from Bratz or MGA because all of the profits are put back into the company." *Id*. at 7. Mattel has further stated that "Request No. 207 seeks information regarding the identity of Larian's accounts with banks and other financial institutions. Such information is discoverable because it is reasonably calculated to lead to information showing the timing of payments by Larian to Bryant and others. Evidence of payments in turn is relevant to the timing of the development of Bratz, issues of credibility and bias and to Mattel's allegation of commercial bribery, as the Discovery Master has previously held." Mattel's Sep. Statement at 153 (citations omitted).

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

**MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 207:**

MGA's position regarding Request No. 207 is detailed in the argument section below, beginning on page 9.

**REQUEST FOR PRODUCTION NO. 208:**

Documents sufficient to establish YOUR gross income, and the sources of that gross income, for the years 1999 through the present, inclusive.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

Mr. Larian did not supplement his response to this request.

**MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 208:**

Regarding Request No. 208, Mattel has stated that "documents relating to Larian's financial condition – including documents sufficient to show his income and source of income – go directly to Mattel's claims for damages which seek, among other things, disgorgement of all benefits Larian has received as a result of his improper conduct."  (Mot. to Compel at 6.)  Mattel also stated that "[t]he requested documents are also necessary to impeach prior sworn testimony by Larian that he has

1  made no profits from Bratz or MGA because all of the profits are put back into the

2  company." (*Id.* at 7.)  Mattel has further stated that Request No. 208 "seek[s]

3  information that directly relates to Larian's financial condition.  Such documents are

4  relevant to Mattel's claims against Larian for damages, including punitive damages.

5  Both the Discovery Master and Judge Larsen (*sic*) have held information regarding

6  net worth is discoverable and relevant for these very reasons.  The requested

7  documents may also show that Larian has siphoned off MGA assets for his own

8  personal benefit and thus are also relevant to Mattel's damages claims against the

9  MGA entities.  Similarly, because Mattel's the (*sic*) disgorgement of all benefit

10 Larian has received as a result of his wrongful conduct, Mattel is entitled to discover

11 not only Larian's gross income, but the sources of that income to determine whether

12 they are attributable to the misconduct for which Mattel seeks to hold him liable."

13 (Mattel's Sep. Statement at 153 (citations omitted).)

14 MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 208:

15         MGA's position regarding Request No. 208 is detailed in the argument section

16 below, beginning on page 9.

17 REQUEST FOR PRODUCTION NO. 209:

18         YOUR federal and state tax returns for each of the years 1999 through the

19 present, inclusive.

20 RESPONSE TO REQUEST FOR PRODUCTION NO. 209:

21         Larian incorporates by reference the above-stated general objections as if fully

22 set forth herein.  Larian also specifically objects to this request on the grounds that it

23 seeks information not relevant to the subject matter of this lawsuit or reasonably

24 calculated to lead to the discovery of admissible evidence.  Larian also objects to this

25 request on the grounds that it seeks information in violation of the right of privacy.

26 Larian also objects to this request on the grounds that it seeks confidential,

27 proprietary or commercially sensitive information, the disclosure of which would be

28 inimical to the business interests of Larian and one or more third parties.  Larian also

1  objects to this request to the extent it calls for the disclosure of attorney-client

2  privileged information or information protected from disclosure by the work-product

3  doctrine, joint defense or common interest privilege, or other privilege.

4  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 209:

5       Mr. Larian did not supplement his response to this request.

6  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 209:

7

8       Regarding Request No. 209, Mattel has stated that "documents relating to

9  Larian's financial condition – including documents sufficient to show his income and

10  source of income – go directly to Mattel's claims for damages which seek, among

11  other things, disgorgement of all benefits Larian has received as a result of his

12  improper conduct."  (Mot. to Compel at 6.)  Mattel also stated that "[t]he requested

13  documents are also necessary to impeach prior sworn testimony by Larian that he has

14  made no profits from Bratz or MGA because all of the profits are put back into the

15  company."  *Id.* at 7.   Mattel has further stated that Request No. 209 "seek[s]

16  information that directly relates to Larian's financial condition.  Such documents are

17  relevant to Mattel's claims against Larian for damages, including punitive damages.

18  Both the Discovery Master and Judge Larsen (*sic*) have held information regarding

19  net worth is discoverable and relevant for these very reasons.  The requested

20  documents may also show that Larian has siphoned off MGA assets for his own

21  personal benefit and thus are also relevant to Mattel's damages claims against the

22  MGA entities.  Similarly, because Mattel's the (*sic*) disgorgement of all benefit

23  Larian has received as a result of his wrongful conduct, Mattel is entitled to discover

24  not only Larian's gross income, but the sources of that income to determine whether

25  they are attributable to the misconduct for which Mattel seeks to hold him liable."

26  (Mattel's Sep. Statement at 153.)

27

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

**MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 209:**

MGA's position regarding Request No. 209 is detailed in the argument section below, beginning on page 9.

**REQUEST FOR PRODUCTION NO. 269:**

DOCUMENTS sufficient to show or calculate YOUR net worth on a yearly basis for each year from 1999 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 269:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents sufficient to calculate Larian's net worth on a yearly basis for each year from 1999 to the present. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "YOUR net worth." Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been

1   produced, that he discovers in the course of his reasonable search and diligent

2   inquiry, which are within the permissible scope of discovery, and to which no

3   privilege or other protection applies, including without limitation, the attorney-client

4   privilege or attorney's work product doctrine.

5   <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 269</u>:

6        Mr. Larian did not supplement his response to this request.

7   <u>MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
    NO. 269</u>

8

9        Regarding Request No. 269, Mattel has stated that "documents relating to

10  Larian's financial condition – including documents sufficient to show his income and

11  source of income – go directly to Mattel's claims for damages which seek, among

12  other things, disgorgement of all benefits Larian has received as a result of his

13  improper conduct."  (Mot. to Compel at 6.)    Mattel also stated that "Request No.

14  269 SEEKS documents relating to Larian's net worth, a topic which both the

15  Discovery Master and Judge Larson have held to be relevant and discoverable for

16  purposes of punitive damages." (*Id*. at 6-7.)  Mattel also stated that "[t]he requested

17  documents are also necessary to impeach prior sworn testimony by Larian that he has

18  made no profits from Bratz or MGA because all of the profits are put back into the

19  company." (*Id*. at 7.)  Mattel has further stated that Request No. 269 "seek[s]

20  information that directly relates to Larian's financial condition.  Such documents are

21  relevant to Mattel's claims against Larian for damages, including punitive damages.

22  Both the Discovery Master and Judge Larsen (*sic*) have held information regarding

23  net worth is discoverable and relevant for these very reasons.  The requested

24  documents may also show that Larian has siphoned off MGA assets for his own

25  personal benefit and thus are also relevant to Mattel's damages claims against the

26  MGA entities.  Similarly, because Mattel's the (*sic*) disgorgement of all benefit

27  Larian has received as a result of his wrongful conduct, Mattel is entitled to discover

28  not only Larian's gross income, but the sources of that income to determine whether

1  they are attributable to the misconduct for which Mattel seeks to hold him liable."

2  (Mattel's Sep. Statement at 153 (citations omitted).)

3  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 269:

4      MGA's position regarding Request No. 269 is detailed in the argument section

5  immediately below.

6          2.    **Argument**

7      Mattel should not be permitted to obtain the personal financial information it

8  seeks from Mr. Larian in Requests 207-209 and 269.  In those requests, Mattel seeks

9  personal financial information from Mr. Larian that is not relevant to the claims or

10  defenses at issue.  Alternatively, to the extent that those requests somehow might be

11  considered calculated to lead to the discovery of admissible evidence, they are

12  duplicative of prior requests to MGA and unduly burdensome to Mr. Larian.  This

13  Court should, therefore, reject Mattel's arguments and attempts to obtain such

14  documents.

15      Request No. 209, for example, seeks Mr. Larian's state and federal tax

16  returns—exactly the same information that this Court held Mattel was not entitled to

17  obtain from Carter Bryant.[6]  In fact, this Court declined to order production of Mr.

18  Bryant's tax returns even though it had ordered production of other financial

19  information from Mr. Bryant.  Mattel has not shown why this Court should rule

20  differently in the case of Mr. Larian.  Furthermore, in Mr. Bryant's case, he was the

21  only source of the requested financial information, whereas Mattel can obtain any

22  relevant information it seeks to learn from Mr. Larian's private financial documents

23  through its requests to MGA, without the need for unduly burdening Mr. Larian.

24  Thus, this Court should reject Mattel's request to compel production of tax returns

25  and similar information.

26  _____

27      [6] Kennedy Decl. Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to
Compel) at 14:29-15:2.

28

1   Moreover, this Court and the Ninth Circuit recognize a public policy favoring

2   confidentiality and against the disclosure of tax returns, and require that a party

3   seeking production of tax returns make a two-pronged showing (1) that the returns

4   are relevant, and (2) "that there is a compelling need for the returns because the

5   information contained therein is not otherwise readily obtainable." *S. Cal. Hous.*

6   *Rights Ctr. v. Krug*, No. CV06-1420, 2006 WL 4122148, *3 (C.D. Cal. Sept. 5,

7   2006); *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th

8   Cir. 1975) (noting public policy against disclosure as a viable ground for quashing

9   subpoena).  Using this two-pronged analysis, this Court declined to compel

10  production of defendants' tax returns, which were sought to determine defendants'

11  net worth, because the court found no compelling need for the returns.  *Southern Cal.*

12  *v. Krug*, at *3.  This Court is not alone in applying the two-pronged test, and denying

13  requests for tax returns when the information sought can be obtained by other less-

14  intrusive means.[7]  In this case, in addition to failing to show a compelling need for

15  the tax returns, Mattel has also failed to show their relevance.  Hence, Mattel has not

16  met either prong of this Court's two-pronged test.[8]

17  Regarding the remaining requests for Mr. Larian's personal financial

18  information, Mattel has already sought **and obtained** broad discovery of financial

19  information from MGA, including: audited and unaudited quarterly and annual profit

20  and loss statements, audited and unaudited quarterly and annual statements, and

21

22  [7] *See Aliotti v. Senora*, 217 F.R.D 496 (N.D. Cal. 2003) (denying employer's motion to compel production of employee's financial documents including tax
23  returns where a less intrusive means of obtaining the information existed); *San Francisco BART Dist. v. Spencer*, No. C04-04632, 2006 U.S. Dist. LEXIS 81681
24  (N.D. Cal. Oct. 23, 2006) (denying motion to compel production of tax returns where information sought is available from other documents).

25  [8] Additionally, California privilege law may apply (*see Platypus Wear, Inc. v. K.D. Co.*, 905 F. Supp. 808 (S.D. Cal. 1995); *see also Fed. R. Evid. 501*), which
26  arguably provides more protection against the disclosure of tax returns than its federal counterpart.  *See Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-14 (1957);
27  *Sav-On Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982).

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1   annual reports.[9]  Mattel has also sought additional expansive discovery from MGA

2   requesting all documents related to: all salary, benefits, other compensation,

3   payments, transfers of value, dividend distributions, fund advances, gifts, loans, and

4   stock conveyed to Mr. Larian or any business affiliated with him;[10] all statements for

5   banks or other financial institutions from the date of MGA's incorporation to the

6   present, including all statements showing any payments to Mr. Larian or any

7   business affiliated with him;[11] documents related to all obligations between Mr.

8   Lairan;[12] and numerous other financially related requests.[13]

9        Hence, Request Nos. 207-209 and 269 to Mr. Larian are unnecessary, as they

10   are duplicative of Mattel's other requests to MGA, particularly considering that the

11   Mattel's requests to MGA include documents that are the best source for obtaining

12   the information Mattel indicates it is seeking through its requests to Mr. Larian.

13   Indeed, some of the documents that Mattel has ***already obtained*** regarding MGA's

14   financial information show disbursements and payments of the company to Mr.

15   Larian, thereby fulfilling the purposes for which Mattel claims it needs the

16   documents from Mr. Larian, including determining any potential damages and

17   disgorgement of profits, as well as for challenging Mr. Larian's credibility based on

18   his prior testimony about MGA's financial status.[14]

19

20   ───────────────────

21   [9] Kennedy Decl. Ex. 7 (Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.) at 45-46, Request Nos. 158, 159, and 160.

22   [10] Kennedy Decl. Ex. 8 (Mattel's Fifth Set of Requests for Documents and Things to MGA) at 7-10, Request Nos. 12, 13, 15-20, and 23-26.

23   

24   [11] *Id*. at 8, Request No. 14; 15, Request No. 47.

    [12] *Id*. at 9, Request Nos. 21 and 22.

25   [13] *See, e.g.*, *Id*. at 6, Request Nos. 4 – 7; 10-12, Request Nos. 27 – 32; 12-15, Request Nos. 34 – 46.

26   [14] Mattel has asserted that this Court has held that information regarding net worth is discoverable (Mattel's Sep. Statement at 153).  Unlike Request No. 269, however, the Rule 30(b)(6) deposition topics Mattel cites are directed at the net worth of a corporation (MGA), and did not involve the invasive inquiry into an

27

28

**B.     Mr. Larian's Communications with Mattel Employees:  Request No. 198**

**1.     Request, Response, and Mattel's Position**

REQUEST FOR PRODUCTION NO. 198:

All COMMUNICATIONS between YOU and any individual while the individual was employed by MATTEL.

RESPONSE TO REQUEST FOR PRODUCTION NO. 198:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome and oppressive, including, without limitation, in that it is not limited as to the individuals who participated in the communications or as to time. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 198:

Mr. Larian did not supplement his response to this request.

---

individual's documents relating to his private net worth.  (*See* Kennedy Decl. Ex. 9 (July 2, 2007 Minute Order of J. Larson) at 5.)

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 198:

Regarding Request No. 198, Mattel has stated that "[d]ocuments relating to Larian's communications with Mattel employees . . . go directly to Mattel's claims that MGA, and Larian in particular, targeted and hired Mattel employees and enticed them to steal Mattel trade secrets." (Mot. to Compel at 6.)   Mattel has further stated that "Larian's recruitment of Mattel employees has been squarely put at issue in this case," and so "Request No. 198 is directly relevant to the explicit allegations underlying those claims by Mattel and its claims of trade secret theft." (Mattel's Sep. Statement at 141.)  As examples, Mattel cites ¶¶ 5, 27, 43, 44, 74, and 77 of its Second Amended Answer and Counterclaims. (*Id.* at 141-42.)  Mattel has argued that the request is not overbroad, because it "is limited to communications with Isaac Larian who . . . is a central figure to the conduct that forms Mattel's trade secret claims." (*Id.* at 42.)  Mattel also has argued that any such communication is "highly relevant" and "clearly outweighs" any purported burden. (*Id.*)

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 198:

MGA's position regarding Request No. 198 is detailed in the argument section immediately below.

## 2.   **Argument**

This Court should reject Mattel's attempts to compel production on its overbroad and unduly burdensome request for all documents relating to Mr. Larian's communications with Mattel employees.  Request No. 198 is totally unrestricted as to time and subject matter and is, therefore, unreasonable on its face.  This Court has already considered and rejected a substantially identical request[15] from Mattel

_____

[15] "All COMMUNICATIONS between YOU and any individual while the individual was employed by MATTEL." (Kennedy Decl. Ex. 7 (Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.) at 22, Request No. 42.)

1  seeking all communications between MGA and any Mattel employee because, as the

2  Court found, "[a]lthough the request may encompass relevant documents, it is

3  overbroad insofar as it requires production of all communications, regardless of

4  subject matter."[16]  The same rationale applies to Request No. 198 to Mr. Larian.

5  Moreover, in a finite toy industry, where employees would have limited

6  options for continued employment within the industry after leaving an employer such

7  as Mattel, employees are likely to maintain business contacts with individuals at

8  other toy manufacturers like MGA, whether or not they actually seek employment

9  with those manufacturers.  For a large corporation such as Mattel,[17] the sheer number

10 of employees who may seek to maintain such contact by communicating with MGA

11 or its officers is likely high, making this request even more unduly burdensome and

12 unreasonable than it appears on its face.

13 Finally, because Mattel's request seeks information regarding its own

14 employees while employed at Mattel, it is Mattel—and not Mr. Larian—who is in

15 the best position to determine activities of those employees during their employment.

16 In other words, in addition to the heavy and undue burden imposed by this omnibus

17 request, Mattel seeks information that is likely more readily available to Mattel than

18 to Mr. Larian, regardless of how "relevant" Mattel argues the information is.

19 For all of these reasons, the Court should reject this request, just as it did when

20 it previously considered Mattel's substantially identical request to MGA.

21

22

23

24

25

---

26 [16] Kennedy Decl. Ex. 2 (August 13, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production by MGA) at 12:20-22.

27 [17] Mattel touts its 25,000 worldwide employees on its Web site: http://www.mattel.com/about_us/default.asp.  (Kennedy Decl. Ex. 10.)

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

## C.   Mr. Larian's Statements To The Media:  Request Nos. 190-197 and 199

### 1.   Requests, Responses, and Mattel's Position

REQUEST FOR PRODUCTION NO. 190:

All COMMUNICATIONS between YOU and any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

RESPONSE TO REQUEST FOR PRODUCTION NO. 190:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 190:

Mr. Larian did not supplement his response to this request.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 190:

Regarding Request No. 190, Mattel has stated that "[d]ocuments relating to Larian's statements to the media or financial institutions regarding this action, Bratz, Bryant or Mattel" are relevant and discoverable.  (Mot. to Compel at 6.)    Mattel has

1  further stated that this request is "sufficiently narrowly tailored to seek information

2  that goes to the issues in this lawsuit," stating that "Mattel's claims explicitly allege

3  that Larian has made misstatements to third parties on these subjects." (Mattel's Sep.

4  Statement at 149.) Mattel also has stated that "[s]tatements to lenders or investors

5  relating to Bratz or Bryant may also contain admissions regarding the origin and

6  conception of Bratz as well as statements regarding profits from the sale and

7  licensing of Bratz, net worth and other information relevant to Mattel's damages

8  claims, including statements that may impeach Larian's testimony that he has made

9  no profits from Bratz because he puts all of the profits back into the company." (*Id*.)

10  <u>MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 190</u>:

11       MGA's position regarding Request No. 190 is detailed in the argument section

12  below, beginning on page 27.

13  <u>REQUEST FOR PRODUCTION NO. 191</u>:

14       All COMMUNICATIONS between YOU and any member of the press

15  RELATING TO BRATZ, including without limitation RELATING TO the origins,

16  conception, creation, DESIGN or development thereof.

17  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 191</u>:

18       Larian incorporates by reference the above-stated general objections as if fully

19  set forth herein. Larian also specifically objects to this request on the grounds that it

20  seeks information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to this

22  request on the ground that it is overbroad, unduly burdensome, and oppressive in

23  seeking all communications between Larian and any member of the press relating to

24  Bratz, without further limitation as to subject matter or time. Larian also objects to

25  this request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties. Larian further objects to this

28  request to the extent it seeks information the disclosure of which would implicate the

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1  rights of third parties to protect private, confidential, proprietary or trade secret

2  information.  Larian also objects to this request to the extent it calls for the disclosure

3  of attorney-client privileged information or information protected from disclosure by

4  the work-product doctrine, joint defense or common interest privilege, or other

5  privilege.

6  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 191:

7        Mr. Larian did not supplement his response to this request.

8  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
   NO. 191:

9

10       Regarding Request No. 191, Mattel has stated that "[d]ocuments relating to

11  Larian's statements to the media or financial institutions regarding this action, Bratz,

12  Bryant or Mattel" are relevant and discoverable.  (Mot. to Compel at 6.)    Mattel has

13  further stated that this request is "sufficiently narrowly tailored to seek information

14  that goes to the issues in this lawsuit," stating that "Mattel's claims explicitly allege

15  that Larian has made misstatements to third parties on these subjects."  (Mattel's Sep.

16  Statement at 149.)  As an example, Mattel has cited ¶ 81 of its Second Amended

17  Answer and Counterclaims regarding alleged "false and misleading press releases."

18  (*Id.*)

19  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 191:

20       MGA's position regarding Request No. 191 is detailed in the argument section

21  below, beginning on page 27.

22  REQUEST FOR PRODUCTION NO. 192:

23       All COMMUNICATIONS between YOU and any member of the press

24  RELATING TO BRYANT since January 1, 1999.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 192:

26       Larian incorporates by reference the above-stated general objections as if fully

27  set forth herein.  Larian also specifically objects to this request on the grounds that it

28  seeks information not relevant to the subject matter of this lawsuit or reasonably

17

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to this
2  request on the ground that it is overbroad, unduly burdensome, and oppressive in
3  seeking all communications between Larian and any member of the press relating to
4  Bryant, without further limitation as to subject matter.  Larian also objects to this
5  request on the grounds that it seeks confidential, proprietary or commercially
6  sensitive information, the disclosure of which would be inimical to the business
7  interests of Larian and one or more third parties.  Larian further objects to this
8  request to the extent it seeks information the disclosure of which would implicate the
9  rights of third parties to protect private, confidential, proprietary or trade secret
10  information.  Larian also objects to this request to the extent it calls for the disclosure
11  of attorney-client privileged information or information protected from disclosure by
12  the work-product doctrine, joint defense or common interest privilege, or other
13  privilege.

14  <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 192</u>:

15       Mr. Larian did not supplement his response to this request.

16  <u>MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
17  NO. 192</u>:

18       Regarding Request No. 192, Mattel has stated that "[d]ocuments relating to
19  Larian's statements to the media or financial institutions regarding this action, Bratz,
20  Bryant or Mattel" are relevant and discoverable.  (Mot. to Compel at 6.)    Mattel has
21  further stated that this request is "sufficiently narrowly tailored to seek information
22  that goes to the issues in this lawsuit," stating that "Mattel's claims explicitly allege
23  that Larian has made misstatements to third parties on these subjects."  (Mattel's Sep.
24  Statement at 149.)  As an example, Mattel has cited ¶ 81 of its Second Amended
25  Answer and Counterclaims regarding alleged "false and misleading press releases."
26  (*Id.*)

27

28

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 192:

MGA's position regarding Request No. 192 is detailed in the argument section below, beginning on page 27.

REQUEST FOR PRODUCTION NO. 193:

All COMMUNICATIONS between YOU and any member of the press RELATING TO this ACTION.

RESPONSE TO REQUEST FOR PRODUCTION NO. 193:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 193:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1  request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the workproduct doctrine,

3  joint defense or common interest privilege, or other privilege.

4       Subject to the foregoing, Larian will produce all documents within his

5  possession, custody, or control that are responsive to the request, if any, and that

6  have not already been produced, that he discovers in the course of his reasonable

7  search and diligent inquiry, and to which no privilege or other protection applies,

8  including without limitation, the attorney-client privilege or attorney's work product

9  doctrine.

10  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 193:

11

12       Mattel expressed satisfaction with Mr. Larian's Supplemental Response to

13  Request No. 193.  (Mot. to Compel, at 4 n.8.)

14  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 193:

15       MGA's position regarding Request No. 193 is detailed in the argument section

16  below, beginning on page 27.

17  REQUEST FOR PRODUCTION NO. 194:

18       All COMMUNICATIONS between YOU and any member of the press

19  RELATING TO MATTEL since January 1, 1999.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 194:

21       Larian incorporates by reference the above-stated general objections as if fully

22  set forth herein.  Larian also specifically objects to this request on the grounds that it

23  seeks information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also objects to this

25  request on the ground that it is overbroad, unduly burdensome, and oppressive in

26  seeking all communications between Larian and any member of the press relating to

27  Mattel, without further limitation as to subject matter or time.  Larian also objects to

28  this request on the grounds that it seeks confidential, proprietary or commercially

1  sensitive information, the disclosure of which would be inimical to the business
2  interests of Larian and one or more third parties.  Larian further objects to this
3  request to the extent it seeks information the disclosure of which would implicate the
4  rights of third parties to protect private, confidential, proprietary or trade secret
5  information.  Larian also objects to this request to the extent it calls for the disclosure
6  of attorney-client privileged information or information protected from disclosure by
7  the work-product doctrine, joint defense or common interest privilege, or other
8  privilege.

9  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 194:

10        Mr. Larian did not supplement his response to this request.

11  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
12  NO. 194:

13        Regarding Request No. 194, Mattel has stated that "[d]ocuments relating to
14  Larian's statements to the media or financial institutions regarding this action, Bratz,
15  Bryant or Mattel" are relevant and discoverable.  (Mot. to Compel at 6.)    Mattel has
16  further stated that this request is "sufficiently narrowly tailored to seek information
17  that goes to the issues in this lawsuit," stating that "Mattel's claims explicitly allege
18  that Larian has made misstatements to third parties on these subjects."  (Mattel's Sep.
19  Statement at 149.)  As an example, Mattel has cited ¶ 81 of its Second Amended
20  Answer and Counterclaims regarding alleged "false and misleading press releases."
21  (*Id.*)

22  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 194:

23        MGA's position regarding Request No. 194 is detailed in the argument section
24  below, beginning on page 27.

25  REQUEST FOR PRODUCTION NO. 195:

26        All DOCUMENTS RELATING TO any statements made by YOU to any
27  stock analyst, investment analyst, investment bank, institutional lender, or venture
28  capital fund RELATING TO BRYANT since January 1, 1999.

21

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

RESPONSE TO REQUEST FOR PRODUCTION NO. 195:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 195:

Mr. Larian did not supplement his response to this request.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 195:

Regarding Request No. 195, Mattel has stated that "[d]ocuments relating to Larian's statements to the media or financial institutions regarding this action, Bratz, Bryant or Mattel" are relevant and discoverable.  (Mot. to Compel at 6.)   Mattel has further stated that this request is "sufficiently narrowly tailored to seek information that goes to the issues in this lawsuit," stating that "Mattel's claims explicitly allege that Larian has made misstatements to third parties on these subjects."  (Mattel's Sep. Statement at 149.) Mattel also has stated that "[s]tatements to lenders or investors relating to Bratz or Bryant may also contain admissions regarding the origin and conception of Bratz as well as statements regarding profits from the sale and licensing of Bratz, net worth and other information relevant to Mattel's damages

1  claims, including statements that may impeach Larian's testimony that he has made

2  no profits from Bratz because he puts all of the profits back into the company."  (*Id.*)

3  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 195:

4       MGA's position regarding Request No. 195 is detailed in the argument section

5  below, beginning on page 27.

6  REQUEST FOR PRODUCTION NO. 196:

7       All DOCUMENTS RELATING TO any statements made by YOU to any

8  stock analyst, investment analyst, investment bank, institutional lender, or venture

9  capital fund RELATING TO this ACTION.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 196:

11       Larian incorporates by reference the above-stated general objections as if fully

12  set forth herein.  Larian also specifically objects to this request on the grounds that it

13  seeks information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties.  Larian further objects to this

18  request to the extent it seeks information the disclosure of which would implicate the

19  rights of third parties to protect private, confidential, proprietary or trade secret

20  information.  Larian also objects to this request to the extent it calls for the disclosure

21  of attorney-client privileged information or information protected from disclosure by

22  the work-product doctrine, joint defense or common interest privilege, or other

23  privilege.

24  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 196:

25       Mr. Larian did not supplement his response to this request.

26

27

28

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 196:

Regarding Request No. 196, Mattel has stated that "[d]ocuments relating to Larian's statements to the media or financial institutions regarding this action, Bratz, Bryant or Mattel" are relevant and discoverable. (Mot. to Compel at 6.)   Mattel has further stated that this request is "sufficiently narrowly tailored to seek information that goes to the issues in this lawsuit," stating that "Mattel's claims explicitly allege that Larian has made misstatements to third parties on these subjects." (Mattel's Sep. Statement at 149.)  Mattel also has stated that "[s]tatements to lenders or investors relating to Bratz or Bryant may also contain admissions regarding the origin and conception of Bratz as well as statements regarding profits from the sale and licensing of Bratz, net worth and other information relevant to Mattel's damages claims, including statements that may impeach Larian's testimony that he has made no profits from Bratz because he puts all of the profits back into the company." (*Id.*)

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 196:

MGA's position regarding Request No. 196 is detailed in the argument section below, beginning on page 27.

REQUEST FOR PRODUCTION NO. 197:

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO MATTEL since January 1, 1999.

RESPONSE TO REQUEST FOR PRODUCTION NO. 197:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business

1  interests of Larian and one or more third parties.  Larian further objects to this

2  request to the extent it seeks information the disclosure of which would implicate the

3  rights of third parties to protect private, confidential, proprietary or trade secret

4  information.  Larian also objects to this request to the extent it calls for the disclosure

5  of attorney-client privileged information or information protected from disclosure by

6  the work-product doctrine, joint defense or common interest privilege, or other

7  privilege.

8  <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 197:</u>

9  Mr. Larian did not supplement his response to this request.

10  <u>MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION</u>
<u>NO. 197:</u>

11

12  Regarding Request No. 197, Mattel has stated that "[d]ocuments relating to

13  Larian's statements to the media or financial institutions regarding this action, Bratz,

14  Bryant or Mattel" are relevant and discoverable.  (Mot. to Compel at 6.)    Mattel has

15  further stated that this request is "sufficiently narrowly tailored to seek information

16  that goes to the issues in this lawsuit," stating that "Mattel's claims explicitly allege

17  that Larian has made misstatements to third parties on these subjects."  (Mattel's Sep.

18  Statement at 149.)  Mattel also has stated that "[s]tatements to lenders or investors

19  relating to Bratz or Bryant may also contain admissions regarding the origin and

20  conception of Bratz as well as statements regarding profits from the sale and

21  licensing of Bratz, net worth and other information relevant to Mattel's damages

22  claims, including statements that may impeach Larian's testimony that he has made

23  no profits from Bratz because he puts all of the profits back into the company."  (*Id.*)

24  <u>MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 197:</u>

25  MGA's position regarding Request No. 197 is detailed in the argument section

26  below, beginning on page 27.

27

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

REQUEST FOR PRODUCTION NO. 199:

All DOCUMENTS RELATING TO publicity by YOU or MGA RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999, including but not limited to advertising, media releases, and public relations material.

RESPONSE TO REQUEST FOR PRODUCTION NO. 199:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent that it seeks information that is already known to Mattel and/or is a matter of public record.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 199:

Mr. Larian did not supplement his response to this request.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 199:

Regarding Request No. 199, Mattel has stated that "[d]ocuments relating to Larian's statements to the media or financial institutions regarding this action, Bratz, Bryant or Mattel" are relevant and discoverable.  (Mot. to Compel at 6.)   Mattel has further stated that this request is "sufficiently narrowly tailored to seek information that goes to the issues in this lawsuit," stating that "Mattel's claims explicitly allege

1   that Larian has made misstatements to third parties on these subjects." (Mattel's Sep.

2   Statement at 149.) As an example, Mattel has cited ¶ 81 of its Second Amended

3   Answer and Counterclaims regarding alleged "false and misleading press releases."

4   (*Id.*)

5   MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 199:

6        MGA's position regarding Request No. 199 is detailed in the argument section

7   immediately below on page 27.

8            2.   **Argument**

9        The Court should reject Mattel's attempts to compel production responsive to

10  requests 190-197, and 199,[18] which involve Mr. Larian's statements to the media or

11  financial entities. These requests are overbroad and unduly burdensome—

12  particularly considering that several seek publicly available information that would

13  require a simple search of a public electronic database.

14       This Court has already considered and rejected a nearly identical overbroad

15  request from Mattel to those presented here. The prior requests sought all documents

16  relating to any communication by MGA (or any of its officers or directors) to any

17  news organizations.[19] In rejecting Mattel's nearly identical prior request, this Court

18  reasoned, "[o]nce again, the request encompasses potentially relevant documents,

19  however it is overbroad, seeking all documents relating to any communications by

20

21       [18] Although Mattel has expressed satisfaction with Mr. Larian's supplemental

22  response to Request No. 193 (*see* Mot. to Compel, at 4 n.8), that supplemental
    response raises specific objections regarding the request's overbreadth, as well as the

23  undue burden it would impose on Mr. Larian. The Court should sustain those
    objections for the same reasons it should reject Mattel's attempts to compel

24  production on the remaining related requests.

25       [19] "All DOCUMENTS RELATING TO any COMMUNICATION by YOU
    with any news organization regarding the CONTESTED MGA PRODUCTS or the

26  CONTESTED MATTEL PRODUCTS." (Kennedy Decl. Ex. 7 (Mattel, Inc.'s First
    Set of Requests for Documents and Things re Claims of Unfair Competition to MGA

27  Entertainment, Inc.) at 25, Request No. 54.) The term "YOU" was defined, in
    Definition ¶ A, as "including but not limited to current or former directors, officers,

28  employees . . . ." (*Id.* at 2 ¶ A.)

1   MGA with any news organization.  Furthermore, the request seeks documents that

2   are of relatively minimal relevance to the claims and defenses in the case.  Therefore,

3   Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2),

4   Fed.R.Civ.P."[20]  The same is true here, and Mattel has offered no principled reason

5   why the Court should issue a different ruling in this instance.

6        At a minimum, Request Nos. 190-194 and 199, seek publicly available

7   information that is readily available to Mattel, for which Mr. Larian should not be

8   burdened.  Mattel's citation to ¶ 81 of its Second Amended Answer and

9   Counterclaims proves this point, as it alleges that "MGA and Larian . . . repeatedly

10  *issued* false *press releases*."[21]  Certainly those *issued press releases*—if they exist—

11  should be easily obtainable by Mattel from public sources.  Additionally, although

12  Mattel has broadly claimed that Mr. Larian has made misstatements to third parties,

13  such as media outlets, relating to Bratz, Bryant, or Mattel, such statements are only

14  relevant to the claims and defenses at issue in the case to the extent that they harmed

15  Mattel somehow.  Any harm from media outlets would only occur if those

16  statements were published.  The burden of searching for and producing such publicly

17  available statements should not be imposed on Mr. Larian.[22]

18       Moreover, Mattel has failed to explain how statements to media and financial

19  institutions or third parties are relevant for attempting to impeach Mr. Larian's prior

20  testimony regarding re-investment of profits.  As mentioned above, Mattel has

21  already requested *and obtained* numerous financial documents.

22

23

---

24  [20] Kennedy Decl. Ex. 2 (August 13, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production by MGA) at 13:1-5.

25  [21] Kennedy Decl. Ex. 11 (Mattel's Second Amended Answer and

26  Counterclaims) at 53 ¶ 81 (emphasis added).

27  [22] *See In re Penn Cent. Commercial Paper Litig.*, 61 F.R.D. 453, 468 (S.D.N.Y. 1973) (denying demand for documents to the extent they were publicly

28  available).

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

D.   **Mr. Larian's Telephone Records:  Request Nos. 178-181**

1.   **Requests, Responses, and Mattel's Position**

REQUEST FOR PRODUCTION NO. 178:

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the time period from January 1, 1998 through January 1, 2001.

RESPONSE TO REQUEST FOR PRODUCTION NO. 178:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all telephone records for Larian, without limitation as to who placed the call or who was called, thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else Larian called in the referenced time period, and the length and frequency of those calls.  Larian also objects to this request on the grounds that it is overbroad in that it asks for phone records beginning on January 1, 1998.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 178:

Mr. Larian did not supplement his response to this request.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 178:

Regarding Request No. 178, Mattel has stated that "Larian's telephone records for certain specific time periods" are relevant and discoverable.  (Mot. to Compel at 5-6.)  Mattel has also argued that the telephone records sought in this request are

29

1  relevant because they "will show communications with Bryant and other Mattel

2  employees while such individuals may still have been employed by Mattel and

3  before Larian claims to have known about Bratz, as well as communications with

4  third party vendors that may refute Larian's and MGA's Bratz timeline." (Mattel's

5  Sep. Statement at 139.) Mattel further argues that Mr. Larian cannot legitimately

6  claim any undue burden in view of "the relevance of the information sought, and the

7  protective order" in this case. (*Id*.)

8  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 178:

9       MGA's position regarding Request No. 178 is detailed in the argument section

10  below, beginning on page 35.

11  REQUEST FOR PRODUCTION NO. 179:

12       All DOCUMENTS RELATING TO, including without limitation phone

13  records for, telephone calls by or to YOU or anyone on YOUR behalf for the time

14  period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ

15  and/or ANGEL.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 179:

17       Larian incorporates by reference the above-stated general objections as if fully

18  set forth herein. Larian also specifically objects to this request on the grounds that it

19  is overbroad, unduly burdensome and oppressive, and seeks information not relevant

20  to the subject matter of this lawsuit or reasonably calculated to lead to the discovery

21  of admissible evidence, including, without limitation, in that it seeks all telephone

22  records for Larian relating to Bratz and/or Angel, without limitation as to who placed

23  the call or who was called, thereby potentially revealing to Mattel every customer,

24  vendor, distributor or anyone else Larian called in the referenced time period, and the

25  length and frequency of those calls. Larian also objects to this request on the

26  grounds that it is overbroad in that it asks for phone records beginning on January 1,

27  1998. Larian also objects to this request on the grounds that it seeks information in

28  violation of the right of privacy. Larian also objects to this request on the grounds

30

1  that it seeks confidential, proprietary or commercially sensitive information, the

2  disclosure of which would be inimical to the business interests of Larian and one or

3  more third parties.

4  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 179:

5       Larian incorporates by reference the above-stated general objections as if fully

6  set forth herein.  Larian also specifically objects to this request on the grounds that it

7  is overbroad, unduly burdensome and oppressive, and seeks information not relevant

8  to the subject matter of this lawsuit or reasonably calculated to lead to the discovery

9  of admissible evidence, including, without limitation, in that it seeks all telephone

10  records for Larian relating to Bratz and/or Angel, without limitation as to who placed

11  the call or who was called, thereby potentially revealing to Mattel every customer,

12  vendor, distributor or anyone else Larian called in the referenced time period, and the

13  length and frequency of those calls.  Larian also objects to this request on the

14  grounds that it is overbroad in that it asks for phone records beginning on January 1,

15  1998.  Larian also objects to this request on the grounds that it seeks information in

16  violation of the right of privacy.  Larian also objects to this request on the grounds

17  that it seeks confidential, proprietary or commercially sensitive information, the

18  disclosure of which would be inimical to the business interests of Larian and one or

19  more third parties.

20       Subject to the foregoing, Larian will produce all documents within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he .discovers in the course of his reasonable

23  search and diligent inquiry, and to which no privilege or other protection applies,

24  including without limitation, the attorney-client privilege or attorney's work product

25  doctrine.

26

27

28

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 179:

Mattel expressed satisfaction with Mr. Larian's Supplemental Response to Request No. 179.  (Mot. to Compel, at 4 n.8.)

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 179:

MGA's position regarding Request No. 179 is detailed in the argument section below, beginning on page 35.

REQUEST FOR PRODUCTION NO. 180:

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the time period from April 1, 2004 through June 1, 2004.

RESPONSE TO REQUEST FOR PRODUCTION NO. 180:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all telephone records for Larian, without limitation as to who placed the call or who was called, thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else Larian called in the referenced time period, and the length and frequency of those calls.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 180:

Mr. Larian did not supplement his response to this request.

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1 MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
2 NO. 180:

3      Regarding Request No. 180, Mattel has stated that "Larian's telephone records

4 for certain specific time periods" are relevant and discoverable. (Mot. to Compel at

5 5-6.) Mattel has also argued that the telephone records sought in this request are

6 relevant because they may relate to MGA and Mr. Larian "recruiting employees of

7 Mattel's Mexican subsidiary and enticing them to steal Mattel trade secrets."

8 (Mattel's Sep. Statement at 139.) Mattel further argues that Mr. Larian cannot

9 legitimately claim any undue burden in view of "the relevance of the information

10 sought, and the protective order" in this case. (*Id*.)

11 MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 180:

12      MGA's position regarding Request No. 180 is detailed in the argument section

13 below, beginning on page 35.

14 REQUEST FOR PRODUCTION NO. 181:

15      All DOCUMENTS RELATING TO, including without limitation phone

16 records for, telephone calls RELATING TO BRYANT by or to YOU or anyone on

17 YOUR behalf at any time.

18 RESPONSE TO REQUEST FOR PRODUCTION NO. 181:

19      Larian incorporates by reference the above-stated general objections as if fully

20 set forth herein. Larian also specifically objects to this request on the grounds that it

21 is overbroad, unduly burdensome and oppressive, and seeks information not relevant

22 to the subject matter of this lawsuit or reasonably calculated to lead to the discovery

23 of admissible evidence, including, without limitation, in that it seeks all telephone

24 records for Larian relating, without limitation as to who placed the call or who was

25 called, thereby potentially revealing to Matte1 every customer, vendor, distributor or

26 anyone else Larian called in the referenced time period, and the length and frequency

27 of those calls. Larian also objects to this request on the grounds that it is overbroad

28 in that it asks for phone without limitation as to time. Larian also objects to this

1  request on the grounds that it seeks information in violation of the right of privacy.

2  Larian also objects to this request on the grounds that it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would be

4  inimical to the business interests of Larian and one or more third parties.

5  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 181:

6      Larian incorporates by reference the above-stated general objections as if fully

7  set forth herein.  Larian also specifically objects to this request on the grounds that it

8  is overbroad, unduly burdensome and oppressive, and seeks information not relevant

9  to the subject matter of this lawsuit or reasonably calculated to lead to the discovery

10  of admissible evidence, including, without limitation, in that it seeks all telephone

11  records for Larian relating, without limitation as to who placed the call or who was

12  called, thereby potentially revealing to Mattel every customer, vendor, distributor or

13  anyone else Larian called in the referenced time period, and the length and frequency

14  of those calls.  Larian also objects to this request on the grounds that it is overbroad

15  in that it asks for phone without limitation as to time.  Larian also objects to this

16  request on the grounds that it seeks information in violation of the right of privacy.

17  Larian also objects to this request on the grounds that it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would be

19  inimical to the business interests of Larian and one or more third parties.

20      Subject to the foregoing, Larian will produce all documents pertaining to

21  communications made prior to January 1, 2001 within his possession, custody, or

22  control that are responsive to the request, if any, and that have not already been

23  produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, and to which no privilege or other protection applies, including without

25  limitation, the attorney-client privilege or attorney's work product doctrine.

26

27

28

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 181:

Regarding Request No. 181, Mattel has stated that "[d]ocuments relating to, among other things, the conception, creation and origin of Bratz" are relevant and discoverable, and that Mr. Larian's limitation to the time period prior to January 1, 2001 is improper, and has been rejected by the discovery master. (Mot. to Compel at 4-5.) Mattel has also argued that documents relating to telephone calls by Larian to Bryant are properly the subject of a request for production, and that the time restriction to the time period prior to January 1, 2001 has "already been rejected by the Discovery Master in connection with similar requests." (Mattel's Sep. Statement at 31.)

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 181:

MGA's position regarding Request No. 181 is detailed in the argument section immediately below.

## 2. **Argument**

The Court should reject Mattel's attempts to compel production of documents responsive to Request Nos. 178-181[23] which are overbroad and, as a consequence, overly invasive and burdensome.

This Court has already considered similar requests for production and allowed production of redacted copies of telephone records in this case. Specifically, in response to Mattel's requests for production of all communications between Bryant and MGA, the Court held that Mr. Bryant could redact non-relevant information

---

[23] Although Mattel has expressed satisfaction with Mr. Larian's supplemental response to Request No. 179 (*see* Mot. to Compel, at 4 n.8), that supplemental response raises specific objections regarding the request's overbreadth, as well as the undue burden it would impose on Mr. Larian. The Court should sustain those objections for the same reasons it should reject Mattel's attempts to compel production on the remaining related requests. Request No. 179 should be treated as similar requests are treated (e.g., at a minimum redaction of responsive documents should be permitted, etc.).

1  from his telephone records as long as he provided a signed verification that none of

2  the redacted information related to Bratz, MGA, or any other project he worked on

3  for MGA.[24]  Unfortunately, Mattel's Request Nos. 178 and 180 to Mr. Larian are

4  completely unbounded as to subject matter, and give little guidance regarding

5  relevance for purposes of redaction or crafting a corresponding signed verification.

6  Until Mattel provides some clarification on its overbroad requests, Mr. Larian should

7  not be subjected to the undue burden of producing responsive documents.   If Mattel

8  is able to suitably tailor these requests, then Mr. Larian should be permitted to redact

9  his telephone records, consistent with this Court's prior ruling.

10        There can be little doubt that Request Nos. 178 and 180 are overbroad, since

11  they are completely unbounded as to subject matter.  As written, they necessarily

12  sweep in Mr. Larian's private information that is completely irrelevant to any of the

13  claims or defenses in the case.  Because of this, on November 29, 2007, when the

14  parties met and conferred via telephone, Mr. Larian's counsel offered to provide

15  redacted telephone records with a signed verification that none of the redacted

16  information was relevant to the case, which Mattel's counsel agreed to consider.

17  Mattel's counsel has not yet responded to this offer, however.[25]  Without redaction of

18  the records, these requests are invasive and overly burdensome.

19        **E.    Mr. Larian's Storage Devices:  Request Nos. 222 and 224**

20              **1.    Requests, Responses, and Mattel's Position**

21  REQUEST FOR PRODUCTION NO. 222:

22        Each STORAGE DEVICE that YOU have used to create, prepare, generate,

23  copy, transmit, receive, delete or modify any DIGITAL INFORMATION

24  RELATING TO BRATZ, ANGEL or BRYANT.

25

26        [24] Kennedy Decl. Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to
Compel Production of Documents by Bryant) at 16:1-6.

27        [25] Kennedy Decl. ¶ 3.

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

RESPONSE TO REQUEST FOR PRODUCTION NO. 222:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 222:

Mr. Larian did not supplement his response to this request.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 222:

Mattel has argued that documents relating to computers and other devices Larian "used to create and store information relating to Bratz, Angel and [Bryant]" are relevant and discoverable.  (Mot. to Compel at 6.)  Mattel has argued that "[i]t is beyond doubt that a request for 'documents' under Rule 34 properly operates as a request for documents stored in electronic form" and that "[p]arties may also obtain computer hard drives and other storage devices for testing pursuant to a Rule 34 request."  (Mattel's Sep. Statement at 159.)

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 222:

MGA's position regarding Request No. 222 is detailed in the argument section below, beginning on page 38.

REQUEST FOR PRODUCTION NO. 224:

All DOCUMENTS RELATING TO the purchase, acquisition, installation, transfer, shipment, destruction or disposition of each STORAGE DEVICE that YOU

1  have used to create, prepare, generate, copy, transmit, receive, delete or modify any

2  DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or BRYANT.

3  RESPONSE TO REQUEST FOR PRODUCTION NO. 224:

4          Larian incorporates by reference the above-stated general objections as if fully

5  set forth herein.  Larian also specifically objects to this request on the grounds that it

6  seeks information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also objects to this

8  request on the grounds that it seeks confidential, proprietary or commercially

9  sensitive information, the disclosure of which would be inimical to the business

10  interests of Larian and one or more third parties.  Larian also objects to this request

11  to the extent it seeks information the disclosure of which would implicate the rights

12  of third parties to protect private, confidential, proprietary or trade secret information.

13  Larian also objects to this request to the extent it calls for the disclosure of attorney-

14  client privileged information or information protected from disclosure by the work-

15  product doctrine, joint defense or common interest privilege, or other privilege.

16  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 224:

17          Mr. Larian did not supplement his response to this request.

18  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 224:

19

20          Mattel has argued that documents relating to computers and other devices

21  Larian "used to create and store information relating to Bratz, Angel and [Bryant]"

22  are relevant and discoverable.  (Mot. to Compel at 6.)  Mattel has argued that "[i]t is

23  beyond doubt that a request for 'documents' under Rule 34 properly operates as a

24  request for documents stored in electronic form" and that "[p]arties may also obtain

25  computer hard drives and other storage devices for testing pursuant to a Rule 34

26  request."  (Mattel's Sep. Statement at 159.)

27

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 224:

MGA's position regarding Request No. 224 is detailed in the argument section immediately below.

## 2. **Argument**

This Court should reject Mattel's attempt to compel production of the documents sought by Request Nos. 222 and 224, which are overbroad and unduly burdensome. Request No. 222 seeks production of each of Mr. Larian's storage devices used in connection with digital information relating to Bratz, Angel, or Bryant, and is unnecessary, duplicative, unduly burdensome, and overbroad. Similarly, Request No. 224 seeks documents relating to the "purchase, acquisition, installation, transfer, shipment, destruction or disposition" of each of Mr. Larian's storage devices, and is also overbroad and unduly burdensome.

Mattel has not provided a single, principled argument why production of Mr. Larian's personal storage devices are necessary or even desirable. Instead, Mattel focuses its energies attempting to argue that Rule 34 allows discovery of electronic storage media in some instances. Rule 34, however, focuses on "documents or electronically stored *information*," Fed. R. Civ. P. 34(a)(1) (emphasis added), and not electronic storage *devices*. The language of the Committee Note Mattel cited merely confirms that the amendment to Rule 34(a)(1) "may be important for . . . electronically stored *information* . . . ." Fed. R. Civ. P. 34(a)(1), 2006 Adv. Comm. Notes (emphasis added). The interesting part of that Committee Note, however, is the portion that Mattel omitted, which notes the amendment of Rule 34 relating to "electronically stored ***information is not meant to create a routine right of direct access to a party's electronic information system***." *Id.* The Committee also noted that, "although such access might be justified in some circumstances," "***Courts should guard against undue intrusiveness resulting from inspection or testing such systems***." *Id.* (emphasis added).

1   Courts generally require that a requesting party prove improper conduct before

2   compelling the production of a computer hard drive because hard drives "often

3   contain information that is not relevant to the claims and defenses pleaded in a

4   complaint, or that is subject to a claim of privilege, such as attorney-client, work

5   product, trademark or copyright privileges."  Moore's Federal Practice § 37A.44[3][b]

6   (3d ed. 2007).[26]

7   In *Playboy v. Welles*, which Mattel cited, the court held "that by requesting

8   'documents' . . . Plaintiff also effectively requested production of ***information*** stored

9   in electronic form."  *Playboy Enterprises v. Welles*, 60 F. Supp. 2d 1050, 1053 (S.D.

10  Cal. 1999).  Although the court in *Playboy* eventually granted plaintiff access to the

11  defendant's hard drive, it did so "***only*** because Defendant's actions in deleting . . . e-

12  mails made it currently impossible to produce the information as a 'document'."  *Id.*

13  Despite defendant's improper conduct, however, the court recognized and protected

14  the defendant's privilege and privacy interests by ordering defendant's counsel to

15  review all documents recovered from the hard drive before production, and to

16  produce "***only*** those documents that [were] relevant, responsive, and non privileged."

17  *Id.* at 1054 (emphasis added).

18  *Playboy* does not support Mattel's request for production of Mr. Larian's

19  electronic storage devices because Mattel does not allege any deleted documents

20  here.  Moreover, Mattel's overbroad request, which clearly encompasses non-

21  responsive documents, ignores Mr. Larian's important privilege and privacy interests.

22  Mattel has failed to explain why Mr. Larian should be subjected to the added burden

23

---

24  [26] Citing *Williams v. Mass Mut. Life Ins. Co.*, 226 F.R.D. 144, 146 (D. Mass. 2005) (absent any credible evidence that responding party failed to produce

25  requested email, court declined to order inspection of computer hard drive); *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D. 162, 169 (S.D.N.Y. 2004)

26  (defendant was not required to provide direct access to its hard drives, servers, and databases because, although defendant failed to produce some documents, there was

27  no widespread destruction or withholding of relevant information or other systematic abuse of discovery process so as to warrant such a server sanction.)

28

1   and invasion of his privacy he would experience by producing his personal storage

2   devices, particularly since they have already been the subject of numerous requests,

3   as explained below.  As *Playboy* highlights, requests under Rule 34 are subject to the

4   Court weighing the benefit versus the burden of discovery requests under Rule 26.

5   *Id.*  In this case, that balance clearly weighs in favor of Mr. Larian.

6        The Michigan case Mattel cites also does not support Request No. 222.  In

7   *Superior Consultant v. Bailey*, defendant was required to produce redacted copies of

8   backup files, and not "computer hard drives and other storage devices for testing," as

9   Mattel asserted. [27]  *Superior Consultant Co. v. Bailey*, No. 00-CV-73439, 2000 WL

10  1279161, at *13 (E.D. Mich. Aug. 22, 2000).  Mattel itself notes that the ***defendants***

11  in that case were ordered to "create and produce to ***defense counsel*** a ***backup file***" of

12  defendant's laptop and personal computer hard drives. [28]  In other words, no storage

13  device was produced, and the backup files were ordered to go first to ***defendant's***

14  ***own counsel***, who redacted the files before providing them to plaintiff's counsel.  Id.

15  at *13.

16       Request No. 222 is further overbroad because it asks indiscriminately for all

17  storage devices used by Mr. Larian in connection with any digital information

18  relating to Bratz, Angel or Bryant.  Mattel's request is so overbroad and would create

19  a burden for Mr. Larian so great that it may be physically impossible to comply with.

20  Surely Mattel does not need (or likely even want) every CD and DVD containing

21  every copy of Bratz-related video and audio content (e.g., movies, soundtracks, etc.),

22  but that is what its request seeks, by asking for every storage device [29] that Mr. Larian

---

[27] Mattel Sep. Statement at 159:16-17.

[28] Mattel Sep. Statement at 159:17-21 citing *Superior Consultant*, at *13.

[29] Mattel's requests define the term "STORAGE DEVICE" to include "any . . . device or medium that allows a user, whether permanently, temporarily or otherwise, to . . . copy, retain, store or maintain DIGITAL INFORMATION."  (Kennedy Decl. Ex. 12 (Mattel's First Set of Requests for Documents and Things to Isaac Larian) at 6, Definition ¶ N.)

1   (and more broadly MGA[30]) has used to copy digital information[31] relating to Bratz.

2   Accordingly, expecting MGA's compliance with Request No. 222 is unreasonable, if

3   not impossible.

4        Finally, Mattel's Request No. 222 for Mr. Larian's storage devices is

5   unnecessary and duplicative because it requests information that is sought by

6   numerous other requests to Mr. Larian, as well as requests to MGA.  Mattel's

7   requests for production to Mr. Larian and MGA are replete with requests for

8   documents and communications relating to Bratz, Angel, or Bryant.  In responding

9   and preparing to respond to these requests, both Mr. Larian and MGA have searched

10  all relevant locations for documents, including both hard-copy documents as well as

11  electronic documents.  Thus, any relevant documents that Mattel seeks are almost

12  certainly already included in the broad universe of documents it has requested—

13  many of which MGA has already produced.

14       Regarding Request No. 224, Mattel does not even attempt to justify its

15  demand for documents relating to the purchase, acquisition, installation, etc., of each

16  storage device of Mr. Larian.  It is difficult to fathom how documents related to the

17  purchase, for example, of each of Mr. Larian's storage devices might remotely be

18  related to the claims or defenses at issue.  Also, since the request is not limited to

19  only those devices containing information relevant to the claims or defenses, it is

20  almost certainly overbroad as well.

21

22

23

24

---

25     [30] Mattel's requests define "YOU" to include MGA along with a panoply of

26  other entities.  (*Id.* at 2, Definition ¶ A.)

27     [31] Mattel's requests define "DIGITAL INFORMATION" as "information created or stored digitally, including but not limited to electronically, magnetically or

28  optically."  (*Id.* at 6, Definition ¶ M.)

42

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

F. **Mr. Bryant's Storage Devices:  Request Nos. 225, 227, and 228**

1. **Requests, Responses, and Mattel's Position**

REQUEST FOR PRODUCTION NO. 225:

Each STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or MGA.

RESPONSE TO REQUEST FOR PRODUCTION NO. 225:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks tangible items not within Larian's possession, custody or control.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 225:

Mr. Larian did not supplement his response to this request.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 225:

Mattel has argued that documents relating to computers and other devices Bryant "used to create and store information relating to Bratz, Angel and [Bryant]" are relevant and discoverable.  (Mot. to Compel at 6.)  Mattel has argued that "[i]t is beyond doubt that a request for 'documents' under Rule 34 properly operates as a request for documents stored in electronic form" and that "[p]arties may also obtain

1  computer hard drives and other storage devices for testing pursuant to a <u>Rule</u> 34

2  request."  (Mattel's Sep. Statement at 159.)

3  <u>MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 225</u>:

4      MGA's position regarding Request No. 225 is detailed in the argument section

5  below, beginning on page 46.

6  <u>REQUEST FOR PRODUCTION NO. 227</u>:

7      All DOCUMENTS RELATING TO the purchase, acquisition, installation,

8  transfer, shipment, destruction or disposition of each STORAGE DEVICE that

9  BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or

10  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU or

11  MGA.

12  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 227</u>:

13      Larian incorporates by reference the above-stated general objections as if fully

14  set forth herein.  Larian also specifically objects to this request on the grounds that it

15  seeks information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to this

17  request on the ground that it is overbroad, unduly burdensome, and oppressive,

18  including, without limitation, in that it is duplicative of request number 228.  Larian

19  also objects to this request on the grounds that it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to the

21  business interests of Larian and one or more third parties.  Larian also objects to this

22  request to the extent it seeks information the disclosure of which would implicate the

23  rights of third parties to protect private, confidential, proprietary or trade secret

24  information.  Larian also objects to this request to the extent it calls for the disclosure

25  of attorney-client privileged information or information protected from disclosure by

26  the work-product doctrine, joint defense or common interest privilege, or other

27  privilege.  Larian also objects to this request to the extent it seeks documents not

28  within Larian's possession, custody or control.

44

<u>RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL</u>

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 227:

Mr. Larian did not supplement his response to this request.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 227:

Mattel has argued that documents relating to computers and other devices Bryant "used to create and store information relating to Bratz, Angel and [Bryant]" are relevant and discoverable.  (Mot. to Compel at 6.)  Mattel has argued that "[i]t is beyond doubt that a request for 'documents' under Rule 34 properly operates as a request for documents stored in electronic form" and that "[p]arties may also obtain computer hard drives and other storage devices for testing pursuant to a Rule 34 request."  (Mattel's Sep. Statement at 159.)

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 227:

MGA's position regarding Request No. 227 is detailed in the argument section below, beginning on page 46.

REQUEST FOR PRODUCTION NO. 228:

All DOCUMENTS RELATING TO the purchase, acquisition, installation, transfer, shipment, destruction or disposition of each STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION.

RESPONSE TO REQUEST FOR PRODUCTION NO. 228:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights

1  of third parties to protect private, confidential, proprietary or trade secret information.

2  Larian also objects to this request to the extent it calls for the disclosure of attorney-

3  client privileged information or information protected from disclosure by the work-

4  product doctrine, joint defense or common interest privilege, or other privilege.

5  Larian also objects to this request to the extent it seeks documents not within

6  Larian's possession, custody or control.

7  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 228:

8      Mr. Larian did not supplement his response to this request.

9  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION

10  NO. 228:

11      Mattel has argued that documents relating to computers and other devices

12  Bryant "used to create and store information relating to Bratz, Angel and [Bryant]"

13  are relevant and discoverable.  (Mot. to Compel at 6.)  Mattel has argued that "[i]t is

14  beyond doubt that a request for 'documents' under Rule 34 properly operates as a

15  request for documents stored in electronic form" and that "[p]arties may also obtain

16  computer hard drives and other storage devices for testing pursuant to a Rule 34

17  request."  (Mattel's Sep. Statement at 159.)

18  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 228:

19      MGA's position regarding Request No. 228 is detailed in the argument section

20  immediately below.

21          2.   **Argument**

22      This Court should reject Mattel's attempts to compel production of documents

23  sought by Request Nos. 225, 227, and 228, which are improper, overbroad, and

24  unduly burdensome.  These requests, which seek production of Carter Bryant's

25  storage devices and related documents, are improperly directed at Mr. Larian.

26      A party may not be compelled to produce items that are not within its

27  possession, its custody, or its control. Fed. R. Civ. P. 34(1).  "To be subject to

28  discovery under Rule 34, the documents, electronically stored information or things

46

1   sought must be within the possession, custody, or control of a party."  Moore's FP §

2   34.14[2][a].[32]  Mr. Larian does not have personal possession of Mr. Bryant's hard

3   drive or other storage devices, or information about those devices.  As such, the

4   Court should reject these requests on this basis alone.

5      Aside from the fact that the requests are improperly directed at Mr. Larian,

6   they also suffer from the same shortcomings discussed above in connection with

7   Request Nos. 222 and 224.  Namely, these requests are duplicative, unduly

8   burdensome, and overbroad for the same reasons as Request Nos. 222 and 224.

9   Moreover, because Mattel has lumped Request Nos. 225, 227, and 228 together with

10  Request Nos. 222 and 224, it has not provided any principled argument or rationale

11  regarding why the Court should enforce these requests, other than the fact that Mattel

12  believes that the requests are properly the subject matter of Rule 34.  But, as

13  discussed in connection with Request Nos. 222 and 224, because of their over-

14  breadth, duplicative nature, and minimal relevance (if any), Requests 225-228 create

15  an unduly high burden for Mr. Larian that this Court should reject.

16      **G.    Market Research Concerning Products Not at Issue:  Request Nos. 79-81**

17

18      **1.    Requests, Responses, and Mattel's Position**

19  REQUEST FOR PRODUCTION NO. 79:

20      All DOCUMENTS RELATING TO any focus groups RELATING TO

21  BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

22  notes and reports associated therewith.

23

24

25

26

---

[32] *Italia Di Navigazione, S.p.A. v. M.V. Hermes I*, 564 F. Supp. 492, *495

27  (D.C.N.Y.,1983) (objection to requests for production sustained where party lacked possession, custody, or control).

28

RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks

48

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1   information the disclosure of which would implicate the rights of third parties to

2   protect private, confidential, proprietary or trade secret information.  Larian also

3   objects to this request to the extent it seeks documents not within Larian's possession,

4   custody or control.

5        Subject to the foregoing, Larian will produce all documents within his

6   possession, custody, or control that relate to focus groups for "MGA contested

7   products" and "Mattel contested products", as those terms are defined in Mattel's

8   First Requests for Production regarding Claims of Unfair Competition, if any, and

9   that have not already been produced, that he discovers in the course of his reasonable

10  search and diligent inquiry, and to which no privilege or other protection applies,

11  including without limitation, the attorney-client privilege or attorney's work product

12  doctrine.

13  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
    NO. 79:
14

15       Mattel has argued that Larian has placed improper unilateral restrictions on

16  Mattel's requests for "[d]ocuments relating to . . . the conception creation and origin

17  of Bratz."  (Mot. to Compel at 4.)  Mattel has also argued Larian's limitation of its

18  response to Request No. 79 to "MGA Contested Products" and "Mattel Contested

19  Products" as those terms are used in Mattel's First Set of Requests for Production to

20  MGA Re Claims for Unfair Competition is improper because the first two words of

21  the terms have been transposed in Larian's supplemental answers, and because they

22  "encompass only those things that provide a 'basis for any claim against Mattel.'"

23  (Mattel's Sep. Statement at 34-35.)  Mattel further argued that it is entitled to

24  "documents relating to any focus group relating to Bratz and/or Angel, including

25  concepts, designs and the like regardless of whether MGA contends that they provide

26  a 'basis for any claim against Mattel'" because "they clearly go to the issue of origin,

27  conception and creation of Bratz and the timing thereof," which Mattel stated are the

28  bases of *Mattel's claims against* MGA and Bryant.  (*Id*. at 35.)

---

49

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 79:

MGA's position regarding Request No. 79 is detailed in the argument section below, beginning on page 54.

REQUEST FOR PRODUCTION NO. 80:

All DOCUMENTS RELATING TO any services or work performed by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation all videotapes, summaries, notes and reports associated therewith.

RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any services or work that L.A. Focus performed, regardless of the individuals or companies for whom those services were performed. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any services or work that L.A.  Focus performed, regardless of the individuals or companies for whom those services were performed.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents relating or referring to Bratz or Angel within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney client privilege or attorney's work product doctrine.

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1   MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
2   NO. 80:

3        Mattel has argued that Larian has placed improper unilateral restrictions on

4   Mattel's requests for "[d]ocuments relating to . . . the conception creation and origin

5   of Bratz." (Mot. to Compel at 4.) Mattel has also argued Larian's limitation of its

6   response to Request No. 80 to documents relating to Bratz or Angel "may result in

7   the exclusion of highly relevant documents because, for example, the project,

8   concept or design that is the subject of the focus group is deemed not to relate to

9   something *then* known as Bratz or Angel." (Mattel's Sep. Statement at 35.) Mattel

10  further argued that "documents relating to other work LA Focus may have done for

11  MGA during the requested time period goes to issues of credibility and bias,

12  particularly if such documents show that work relating to Bratz or Angel deviate

13  from standard procedures that MGA and LA Focus used during that same time

14  period." (*Id.* at 36.)

15  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 80:

16       MGA's position regarding Request No. 80 is detailed in the argument section

17  below, beginning on page 54.

18  REQUEST FOR PRODUCTION NO. 81:

19       All DOCUMENTS RELATING TO Alaska Momma.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

21       Larian incorporates by reference the above-stated general objections as if fully

22  set forth herein. Larian also specifically objects to this request on the grounds that it

23  is overbroad, oppressive, and unduly burdensome in that it seeks information not

24  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

25  discovery of admissible evidence. Larian also objects to this request on the ground

26  that it is overbroad, unduly burdensome, and oppressive in seeking all documents

27  relating to Alaska Momma, without limitation as to subject matter or time. Larian

28  also objects to this request to the extent it seeks information the disclosure of which

1  would implicate the rights of third parties to protect private, confidential, proprietary

2  or trade secret information.  Larian also objects to this request on the grounds that it

3  seeks confidential, proprietary or commercially sensitive information, the disclosure

4  of which would be inimical to the business interests of Larian and one or more third

5  parties.  Larian also objects to this request to the extent it calls for the disclosure of

6  attorney-client privileged information or information protected from disclosure by

7  the work-product doctrine, joint defense or common interest privilege, or other

8  privilege.  Larian also objects to this request to the extent it seeks documents not

9  within Larian's possession, custody or control.

10  <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 81</u>:

11      Larian incorporates by reference the above-stated general objections as if fully

12  set forth herein.  Larian also specifically objects to this request on the grounds that it

13  is overbroad, oppressive, and unduly burdensome in that it seeks information not

14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

15  discovery of admissible evidence.  Larian also objects to this request on the ground

16  that it is overbroad, unduly burdensome, and oppressive in seeking all documents

17  relating to Alaska Momma, without limitation as to subject matter or time.  Larian

18  also objects to this request to the extent it seeks information the disclosure of which

19  would implicate the rights of third parties to protect private, confidential, proprietary

20  or trade secret information.  Larian also objects to this request on the grounds that it

21  seeks confidential, proprietary or commercially sensitive information, the disclosure

22  of which would be inimical to the business interests of Larian and one or more third

23  parties.  Larian also objects to this request to the extent it calls for the disclosure of

24  attorney-client privileged information or information protected from disclosure by

25  the work-product doctrine, joint defense or common interest privilege, or other

26  privilege.  Larian also objects to this request to the extent it seeks documents not

27  within Larian's possession, custody or control.

28

1    Subject to the foregoing, Larian will produce all documents relating or

2  referring to Bratz, .Angel, or Bryant within his possession, custody, or control that

3  are responsive to the request, if any, and that have not already been produced, that he

4  discovers in the course of his reasonable search and diligent inquiry, and to which no

5  privilege or other protection applies, including without limitation, the attorney-client

6  privilege or attorney's work product doctrine.

7  <u>MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION

8  NO. 81</u>:

9    Mattel has argued that Larian has placed improper unilateral restrictions on

10  Mattel's requests for "[d]ocuments relating to . . . the conception creation and origin

11  of Bratz."  (Mot. to Compel at 4.)  Mattel has also argued Larian's limitation of its

12  response to Request No. 81 to documents that relate to Bratz, Angel, or Bryant is

13  improper because "documents showing a relationship between Larian or MGA and

14  Alaska Momma prior to the time MGA claims to have first learned about Bratz are

15  relevant even if they do not themselves specifically relate to Bratz, Angel or Bryant."

16  (Mattel's Sep. Statement at 36.)  Mattel further argued that such documents might be

17  "highly relevant in impeaching MGA's and Bryant's stories about how – and when –

18  they came to be introduced."  *Id.*  Finally Mattel also argued that such documents

19  "go to the issues of bias and credibility."  (*Id.*)

20  <u>MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 81</u>:

21    MGA's position regarding Request No. 81 is detailed in the argument section

22  immediately below.

23        **2.    Argument**

24    The Court should reject Mattel's efforts to compel production of documents

25  sought by Request Nos. 79-81, which seek broad production of all market research

26  and licensing efforts, because they are overbroad and unduly burdensome.  Request

27  Nos. 79 and 80 are directed to market research and focus-group documents,

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1  including work done by L.A. Focus, and Request No. 81 is directed to similar

2  documents related to licensing agency Alaska Momma.

3       This Court has already found similar requests seeking discovery of market

4  research and focus group documents generally to be "clearly overbroad" and

5  "beyond the permissible scope of discovery."[33]  In that instance, MGA sought

6  discovery of market research and focus group documents for a Mattel product called

7  "Polly Pocket," where the advertising of that product had some of the exact elements

8  that appeared in MGA's own advertising—directly relevant to MGA's claim that

9  Mattel has serially imitated and copied MGA's advertising.  In fact, despite MGA's

10 efforts to narrowly tailor its requests by limiting their scope to only those documents

11 that also involved MGA products, this Court found that, because Polly Pocket had

12 not been named in the complaint, the requests were overbroad.[34]

13      Here, Mattel's requests bear even less relation to the claims or defenses at

14 issue than the Polly Pocket requests this Court rejected.  For example, Request No.

15 80 requests all documents relating to "any services or work performed by L.A.

16 Focus," regardless of whether that work has any relation to the claims and defenses

17 in this action, or any of the products at issue.  Indeed, Mattel has objected to Larian's

18 supplemental response to Request No. 80, which merely sought to limit the scope of

19 production to at least documents related to the products at issue: Bratz and Angel.

20      Instead of agreeing to a reasonable limit on its Request No. 80, Mattel has

21 opted instead to maintain its request "untethered to a claim or defense," which this

22 court has already ruled is improper.[35]  Mattel could not even come up with a single

23

24

---

[33] Kennedy Decl. Ex. 3 (April 19, 2007 Order Granting in Part and Denying in
Part Mattel's Motion for Protective Order Regarding "Polly Pocket" Documents) at
6:21-7:5.)

[34] *Id.* at 5:26-6:3.

[35] *Id.* at 6:22-7:2 (citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir.
2004)(discovery fishing expeditions strongly discouraged)).

55

1    reasonable justification for objecting to Mr. Larian's supplemental response.  Instead,

2    Mattel posed two far-fetched hypothetical situations, both red herrings.  First, Mattel

3    argued that, by limiting production to documents related to Bratz and Angel,

4    documents concerning projects, concepts, or designs related to Bratz and Angel

5    before the names "Bratz" and "Angel" were known would be excluded.  Yet, the

6    very examples of documents Mattel gives in this hypothetical are, on their face,

7    related to Bratz and Angel, and within the narrower scope of production proposed by

8    Mr. Larian's supplemental response.[36]  Second, Mattel argued that documents

9    relating to other work of L.A. Focus not related to Bratz and Angel might go to

10   issues of credibility and bias if they deviate from standard procedures between the

11   two.  Yet, it is not apparent—and Mattel does not explain—how such a deviation

12   might impact credibility or bias, unless Mattel is referring to the credibility and bias

13   of (non-party) L.A. Focus, which is not relevant to any claim or defense in this

14   action.

15        Mattel's Request No. 81 is similarly overbroad, and Mattel has objected to

16   similar subject-matter limitations designed to limit production to those documents

17   relevant to the claims or defenses at issue in this action.  Instead, Mattel is pursuing

18   the broader requests, unbounded by subject matter or time, and untethered to any

19   claim or defense in this matter.  Mattel attempts to justify maintaining its broad

20   request by expressing its hope of finding certain kinds of documents, rather than

21   tailoring its request narrowly to seek those documents it hopes to find.  Mattel's mere

22   hope, however, is not a justification for its overbroad discovery request that is

23   unbounded by time or subject matter, and will cause Mr. Larian an undue burden in

24   attempting to respond.

25

26

27        [36] Mattel's Sep. Statement 35:16-20.

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1    Mattel's Request No. 79, which is directed to all documents relating to focus

2    groups relating to Bratz or Angel, is also overbroad.  All focus groups and related

3    documents for Bratz or Angel products are not necessarily relevant to the claims or

4    defenses in this action and, therefore, Mr. Larian should not be subjected to the

5    undue burden of producing all such documents.  Mattel has failed to show how all

6    such documents may be relevant.  Moreover, in the case of Mattel's Polly Pocket

7    product, this Court has already found that a broad request for all focus group

8    documents and market research is improper, even when narrowly tailored to a

9    specific product for which the marketing efforts had created a specific advertisement

10   squarely within one of the claims of the case.[37]  In this case, Mattel does not assert

11   relevance to any specific claim or defense, but merely complains about Mr. Larian's

12   efforts to reach an accommodation by attempting to narrow Mattel's overbroad

13   request to only those products truly at issue in the case.  But correcting Mattel's

14   over-breadth problem is not MGA's responsibility, it is Mattel's, and until that

15   problem is corrected, the Court should reject Mattel's attempt to enforce this

16   overbroad request.

17   **H.    Carter Bryant's Attorney and Niece:  Request Nos. 113-115**

18           **1.    Requests, Responses, and Mattel's Position**

19   REQUEST FOR PRODUCTION NO. 113:

20           All COMMUNICATIONS between YOU or MGA and Anne Wang.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 113:

22           Larian incorporates by reference the above-stated general objections as if fully

23   set forth herein.  Larian also specifically objects to this request on the grounds that it

24   is overbroad, oppressive, and unduly burdensome in that it seeks information not

25   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

26

27   ───────────────

28           [37] *Id.* at 6:21-7:5.

57

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1   discovery of admissible evidence.  Larian also objects to this request on the grounds

2   that it is overbroad, unduly burdensome, and oppressive in seeking all

3   communications between Larian or MGA and Anne Wang, regardless of subject

4   matter and without limitation as to time.  Larian also objects to this request on the

5   grounds that it seeks confidential, proprietary or commercially sensitive information,

6   the disclosure of which would be inimical to the business interests of Larian and one

7   or more third parties.  Larian also objects to this request to the extent it calls for the

8   disclosure of attorney-client privileged information or information protected from

9   disclosure by the work-product doctrine, joint defense or common interest privilege,

10  or other privilege.

11         Subject to the foregoing, Larian will produce any personal documents dated

12  prior to November 1, 2000, relating to Carter Bryant's agreement with MGA dated

13  September 18, 2000, that are relevant and responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, which are within the permissible scope of discovery, and

16  to which no privilege or other protection applies, including without limitation, the

17  attorney-client privilege or attorney's work product doctrine.

18  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 113:

19         Larian incorporates by reference the above-stated general objections as if fully

20  set forth herein.  Larian also specifically objects to this request on the grounds that it

21  is overbroad, oppressive, and unduly burdensome in that it seeks information not

22  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

23  discovery of admissible evidence.  Larian also objects to this request on the grounds

24  that it is overbroad, unduly burdensome, and oppressive in seeking all

25  communications between Larian or MGA and Anne Wang, regardless of subject

26  matter and without limitation as to time.  Larian also objects to this request on the

27  grounds that it seeks confidential, proprietary or commercially sensitive information,

28  the disclosure of which would be inimical to the business interests of Larian and one

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1  or more third parties.  Larian also objects to this request to the extent it calls for the

2  disclosure of attorney-client privileged information or information protected from

3  disclosure by the work-product doctrine, joint defense or common interest privilege,

4  or other privilege.

5  Subject to the foregoing, Larian will produce all documents relating to Bratz,

6  Angel, or Bryant within his possession, custody, or control that are responsive to the

7  request, if any, and that have not already been produced, that he discovers in the

8  course of his reasonable search and diligent inquiry, and to which no privilege or

9  other protection applies, including without limitation, the attorney client privilege or

10  attorney's work product doctrine.

11  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
12  NO. 113:

13  Mattel has argued that Request No. 113 seeks communications with or about

14  Anne Wang "clearly go to the origin and conception of Bratz and the timing

15  thereof," since Ms. Wang represented Carter Bryant in his contract negotiations with

16  MGA.  (Mattel's Sep. Statement at 33.)  Mattel also argued that such documents

17  "may also disclose relevant information regarding Mattel's claims for breach of

18  contract and inducing breach of contract including information regarding Bryant's or

19  MGA's knowledge of Bryant's contractual obligations with Matttel."  (*Id.*)  Mattel

20  also argued that by limiting his response to documents that relate to Bratz, Angel or

21  Bryant, Larian "may eliminate otherwise relevant documents," and that such

22  documents "may also go to issues of credibility or bias."  (*Id.* at 33-34.)

23  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 113:

24  MGA's position regarding Request No. 113 is detailed in the argument section

25  below, beginning on page 62.

26  REQUEST FOR PRODUCTION NO. 114:

27  All DOCUMENTS, including without limitation all COMMUNICATIONS

28  between YOU or MGA and any PERSON, RELATING TO Anne Wang.

59

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all communications relating to Anne Wang between Larian or MGA and any person, without limitation as to time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 114:

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all communications relating to Anne Wang between Larian or MGA and any person, without limitation as to time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from

1  disclosure by the work-product doctrine, joint defense or common interest privilege,

2  or other privilege.

3      Subject to the foregoing, Larian will produce all documents relating to Bratz,

4  Angel, or Bryant within his possession, custody, or control that are responsive to the

5  request, if any, and that have not already been produced, that he discovers in the

6  course of his reasonable search and diligent inquiry, and to which no privilege or

7  other protection applies, including without limitation, the attorney client privilege or

8  attorney's work product doctrine.

9  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
   NO. 114:
10

11     Mattel has argued that Request No. 114 seeks communications with or about

12  Anne Wang "clearly go to the origin and conception of Bratz and the timing

13  thereof," since Ms. Wang represented Carter Bryant in his contract negotiations with

14  MGA.  (Mattel's Sep. Statement at 33.)  Mattel also argued that such documents

15  "may also disclose relevant information regarding Mattel's claims for breach of

16  contract and inducing breach of contract including information regarding Bryant's or

17  MGA's knowledge of Bryant's contractual obligations with Matttel."  (*Id.*)  Mattel

18  also argued that by limiting his response to documents that relate to Bratz, Angel or

19  Bryant, Larian "may eliminate otherwise relevant documents," and that such

20  documents "may also go to issues of credibility or bias."  (*Id.* at 33-34).

21  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 114:

22     MGA's position regarding Request No. 114 is detailed in the argument section

23  below, beginning on page 62.

24  REQUEST FOR PRODUCTION NO. 115:

25     All DOCUMENTS, including without limitation all COMMUNICATIONS

26  between YOU or MGA and any PERSON, ELATING TO Brooke Gilbert.

27

28

RESPONSE TO REQUEST FOR PRODUCTION NO. 115:

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all communications relating to Brooke Gilbert between Larian or MGA and any person, without limitation as to time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 115:

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all communications relating to Brooke Gilbert between Larian or MGA and any person, without limitation as to time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1    disclosure by the work-product doctrine, joint defense or common interest privilege,

2    or other privilege.

3           Subject to the foregoing, Larian will produce all documents relating to Bratz,

4    Angel, or Bryant within his possession, custody, or control that are responsive to the

5    request, if any, and that have not already been produced, that he discovers in the

6    course of his reasonable search and diligent inquiry, and to which no privilege or

7    other protection applies, including without limitation, the attorney client privilege or

8    attorney's work product doctrine.

9    MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
     NO. 115:
10

11          Mattel has argued that Request No. 115, which seeks documents and

12   communications with or about Brooke Gilbert, is proper, and Mr. Larian's limitation

13   to documents relating to Bratz, Angel, or Bryant should be rejected.  (Mattel's Sep.

14   Statement at 33.)  Mattel has argued that such documents may go to the

15   circumstances "surrounding the destruction of potentially critical evidence" and to

16   "issues of credibility and bias."  (*Id.*)  Mattel has also argued that "the bare fact that

17   [Mr.] Larian and Ms. Gilbert have been in communication is itself of significance,"

18   that accepting Mr. Larian's restrictions "would allow him to strategically pick and

19   choose among otherwise plainly relevant communications."  (*Id.*)

20   MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 115:

21          MGA's position regarding Request No. 115 is detailed in the argument section

22   immediately below.

23              **2.    Argument**

24          The Court should reject Mattel's attempts to compel production of documents

25   sought by Request Nos. 113-115, which are overbroad and unduly burdensome

26   because they lack any subject-matter or time constraints.  In these requests, Mattel

27   seeks any communications with or about Carter Bryant's attorney, Anne Wang, and

28   any documents or communications relating to Mr. Bryant's niece, Brooke Gilbert.

---

63

1    In an attempt to assist Mattel in appropriately narrowing these omnibus

2 requests to seek only information relevant to a claim or defense, Mr. Larian indicated

3 in his supplemental responses that he would produce any documents relating to Bratz,

4 Angel, or Bryant.  Mattel's only response was to provide conclusory statements that

5 placing such limitations on these claims would somehow exclude relevant

6 documents.  But Mattel failed to indicate what types of documents might be

7 excluded and how such documents would be relevant.

8    The wide net cast by Mattel with these requests constitutes a typical fishing

9 expedition that this and other courts have regularly rejected in discovery matters.[38]

10 As written by Mattel lack any subject-matter limitations and necessarily sweep in

11 documents that are not at all relevant to any claim or defense.  Nonetheless, Mattel

12 argues for the broad scope based on its hope that it may unearth some relevant

13 documents, but fails to explain how such documents may be relevant.  While Mattel

14 states that some such documents "*may* also go to issues of credibility and bias"

15 without further explanation,[39] Mattel's mere hope for finding additional relevant

16 documents does not overcome the fact that Request Nos. 113-115 are overbroad, and

17 this Court should decline to enforce them as written.

18  **I.    The Larian Brothers' "Arbitrations and Suits":  Request Nos. 123-125**

19      **1.    Requests, Responses, and Mattel's Position**

20

21 REQUEST FOR PRODUCTION NO. 123:

22    All DOCUMENTS RELATING TO any and all arbitrations and suits between

23 YOU and Farhad Larian.

24 _____

25    [38] *See* Kennedy Decl. Ex. 3 (April 19, 2007 Order Granting in Part and Denying in Part Mattel's Motion for Protective Order Regarding "Polly Pocket"

26 Documents) at 6:22-7:2; *See also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

27    [39] Mattel's Sep. Statement at 34 (emphasis added).  This argument is only

28 made for Request Nos. 113 and 114.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123**:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all documents relating to any and all arbitrations and suits between Larian and Farhad Larian, but not otherwise limited as to subject matter or time.  Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive.  Larian also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement.  Larian also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 123:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all documents relating to any and all arbitrations and suits between Larian and Farhad Larian, but not otherwise limited as to subject matter or time.  Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel and is, therefore, unduly burdensome and oppressive.  Larian also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement.  Larian also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents referring or relating to Bratz within his possession, custody, or control that are responsive to the

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1  request, if any, and that have not already been produced, that he discovers in the

2  course of his reasonable search and diligent inquiry, and to which no privilege or

3  other protection applies, including without limitation, the attorney-client privilege or

4  attorney's work product doctrine.

5  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
   NO. 123:
6

7       Mattel has argued that Larian has placed improper unilateral restrictions on

8  Mattel's requests for "[d]ocuments relating to Larian's arbitration proceedings with

9  his brother." (Mot. to Compel at 4.) Mattel further argued that the "Discovery

10 Master has already ruled that the arbitration proceedings between Isaac Larian and

11 Farhad Larian are relevant because they involve . . . the conception and creation date

12 for Bratz," and that Larian limiting his response to this request to documents that

13 refer or relate to Bratz is improper. (Mattel's Sep. Statement at 129.) Mattel has

14 argued that "documents that relate to the business, activities and plans of MGA in

15 early 2000 are relevant to the timing of the development of Bratz." (*Id.*) Mattel

16 further argued that documents and testimony from those proceedings "may go

17 directly to the value of the Bratz brand, Larian's and MGA's net worth and may

18 contain other information relevant to Mattel's claims for damages, including, for

19 example, profits from the sale and licensing of Bratz and other information that

20 would impeach Larian's testimony that he has not made any profits from Bratz

21 because he puts all the profits back into the company." (*Id.* at 129-130.) Mattel has

22 also argued that such documents "may lead to the discovery of admissible evidence

23 by revealing assessments or valuations of the net worth or value of MGA or Larian,

24 regardless of any reference to Bratz specifically," and that they may also be "relevant

25 to motive and intent," asserted by MGA in its claims against Mattel. (*Id.* at 130.)

26 Mattel has also stated that such documents also "may well bear MGA's need to steal

27 Bratz and other properties at issue from Mattel . . . regardless of any reference to

28 Bratz specifically" and that they also may "bear[] on the merit of Farhad Larian's

1   claims and the value of Bratz." (*Id.*)  Mattel has also argued that these documents

2   may also "disclose terms and conditions that go to the issues of bias and credibility."

3   (*Id.*)

4   MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 123:

5   MGA's position regarding Request No. 123 is detailed in the argument section

6   below, beginning on page 73.

7   REQUEST FOR PRODUCTION NO. 124:

8   All DOCUMENTS filed, submitted or sewed in the suit and/or arbitration

9   proceedings brought by Farhad Larian against YOU, including without limitation all

10  declarations, affidavits, transcripts, video and/or audio recordings and sworn

11  testimony given by any PERSON in such suit or arbitration proceedings.

12  RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

13  Larian incorporates by reference the above-stated general objections as if fully

14  set forth herein.  Larian also specifically objects to this request on the grounds that it

15  is overbroad, oppressive, and unduly burdensome in that it seeks information not

16  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

17  discovery of admissible evidence.  Larian also objects to this request on the grounds

18  that it seeks confidential, proprietary or commercially sensitive information, the

19  disclosure of which would be inimical to the business interests of Larian and one or

20  more third parties.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest privilege,

23  or other privilege.

24  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 124:

25  Larian incorporates by reference the above-stated general objections as if fully

26  set forth herein.  Larian also specifically objects to this request on the grounds that it

27  is overbroad, oppressive, and unduly burdensome in that it seeks information not

28  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents referring or relating to Bratz within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 124:

Mattel has argued that Larian has placed improper unilateral restrictions on Mattel's requests for "[d]ocuments relating to Larian's arbitration proceedings with his brother."  (Mot. to Compel at 4.)  Mattel further argued that the "Discovery Master has already ruled that the arbitration proceedings between Isaac Larian and Farhad Larian are relevant because they involve . . . the conception and creation date for Bratz," and that Larian limiting his response to this request to documents that refer or relate to Bratz is improper.  (Mattel's Sep. Statement at 129.)  Mattel has argued that "documents that relate to the business, activities and plans of MGA in early 2000 are relevant to the timing of the development of Bratz."  (*Id.*)  Mattel further argued that documents and testimony from those proceedings "may go directly to the value of the Bratz brand, Larian's and MGA's net worth and may contain other information relevant to Mattel's claims for damages, including, for example, profits from the sale and licensing of Bratz and other information that

69

1  would impeach Larian's testimony that he has not made any profits from Bratz

2  because he puts all the profits back into the company." (*Id* at 129-130.)  Mattel has

3  also argued that such documents "may lead to the discovery of admissible evidence

4  by revealing assessments or valuations of the net worth or value of MGA or Larian,

5  regardless of any reference to Bratz specifically," and that they may also be "relevant

6  to motive and intent," asserted by MGA in its claims against Mattel.  (*Id*. at 130).

7  Mattel has also stated that such documents also "may well bear MGA's need to steal

8  Bratz and other properties at issue from Mattel . . . regardless of any reference to

9  Bratz specifically" and that they also may "bear[] on the merit of Farhad Larian's

10  claims and the value of Bratz." (*Id*.)  Mattel has also argued that these documents

11  may also "disclose terms and conditions that go to the issues of bias and credibility."

12  (*Id*.)

13  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 124:

14       MGA's position regarding Request No. 124 is detailed in the argument section

15  below, beginning on page 73.

16  REQUEST FOR PRODUCTION NO. 125:

17       All DOCUMENTS RELATING TO any and all settlements resolutions or

18  compromises of any suit and/or arbitration proceedings between YOU and Farhad

19  Larian.

20  RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

21       Larian incorporates by reference the above-stated general objections as if fully

22  set forth herein.  Larian also specifically objects to this request on the grounds that it

23  is overbroad, oppressive, and unduly burdensome in that it seeks information not

24  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

25  discovery of admissible evidence.  Larian also specifically objects to this request on

26  the grounds that it is overbroad, unduly burdensome and oppressive including,

27  without limitation, in calling for all transcripts and video and/or audio recordings of

28  statements made by any person under oath, including without limitation all

70

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1   deposition transcripts, trial transcripts and arbitration transcripts relating to any suit

2   and/or arbitration proceedings between Larian and Farhad Larian, but not otherwise

3   limited as to subject matter, and not limited in any way as to time.  Larian also

4   objects to this request on the grounds that it seeks information that is already known

5   to Mattel and/or is a matter of public record and/or is equally available to Mattel, and

6   is, therefore, unduly burdensome and oppressive.  Larian also objects to this request

7   to the extent it may seek documents the disclosure of which is or may be protected

8   by contract or agreement.  Larian also objects to this request to the extent that it may

9   seek documents the disclosure of which is or may be governed by court orders.

10  Larian also objects to this request on the grounds that it seeks confidential,

11  proprietary or commercially sensitive information, the disclosure of which would be

12  inimical to the business interests of Larian and one or more third parties.  Larian also

13  objects to this request to the extent it seeks information the disclosure of which

14  would implicate the rights of third parties to protect private, confidential, proprietary

15  or trade secret information.  Larian also objects to this request to the extent it calls

16  for the disclosure of attorney-client privileged information or information protected

17  from disclosure by the work-product doctrine, joint defense or common interest

18  privilege, or other privilege.

19  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 125:

20          Larian incorporates by reference the above-stated general objections as if fully

21  set forth herein.  Larian also specifically objects to this request on the grounds that it

22  is overbroad, oppressive, and unduly burdensome in that it seeks information not

23  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

24  discovery of admissible evidence.  Larian also specifically objects to this request on

25  the grounds that it is overbroad, unduly burdensome and oppressive including,

26  without limitation, in calling for all transcripts and video and/or audio recordings of

27  statements made by any person under oath, including without limitation all

28  deposition transcripts, trial transcripts and arbitration transcripts relating to any suit

71

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1  and/or arbitration proceedings between Larian and Farhad Larian, but not otherwise

2  limited as to subject matter, and not limited in any way as to time.  Larian also

3  objects to this request on the grounds that it seeks information that is already known

4  to Mattel and/or is a matter of public record and/or is equally available to Mattel, and

5  is, therefore, unduly burdensome and LARIAN' S SUPP.  RESPONSE TO

6  MATTEL'S oppressive.  Larian also objects to this request to the extent it may seek

7  documents the disclosure of which is or may be protected by contract or agreement.

8  Larian also objects to this request to the extent that it may seek documents the

9  disclosure of which is or may be governed by court orders.  Larian also objects to

10  this request on the grounds that it seeks confidential, proprietary or commercially

11  sensitive information, the disclosure of which would be inimical to the business

12  interests of Larian and one or more third parties.  Larian also objects to this request

13  to the extent it seeks information the disclosure of which would implicate the rights

14  of third parties to protect private, confidential, proprietary or trade secret information.

15  Larian also objects to this request to the extent it calls for the disclosure of attorney

16  client privileged information or information protected from disclosure by the work

17  product doctrine, joint defense or common interest privilege, or other privilege.

18      Subject to the foregoing, Larian will produce all documents referring or

19  relating to Bratz within his possession, custody, or control that are responsive to the

20  request, if any, and that have not already been produced, that he discovers in the

21  course of his reasonable search and diligent inquiry, and to which no privilege or

22  other protection applies, including without limitation, the attorney-client privilege or

23  attorney's work product doctrine.

24  MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION

25  NO. 125:

26      Mattel has argued that Larian has placed improper unilateral restrictions on

27  Mattel's requests for "[d]ocuments relating to Larian's arbitration proceedings with

28  his brother." (Mot. to Compel at 4.)  Mattel further argued that the "Discovery

1   Master has already ruled that the arbitration proceedings between Isaac Larian and
2   Farhad Larian are relevant because they involve . . . the conception and creation date
3   for Bratz," and that Larian limiting his response to this request to documents that
4   refer or relate to Bratz is improper.  (Mattel's Sep. Statement at 129.)  Mattel has
5   argued that "documents that relate to the business, activities and plans of MGA in
6   early 2000 are relevant to the timing of the development of Bratz."  (*Id.*)  Mattel
7   further argued that documents and testimony from those proceedings "may go
8   directly to the value of the Bratz brand, Larian's and MGA's net worth and may
9   contain other information relevant to Mattel's claims for damages, including, for
10  example, profits from the sale and licensing of Bratz and other information that
11  would impeach Larian's testimony that he has not made any profits from Bratz
12  because he puts all the profits back into the company."  (*Id.* at 129-130).  Mattel has
13  also argued that such documents "may lead to the discovery of admissible evidence
14  by revealing assessments or valuations of the net worth or value of MGA or Larian,
15  regardless of any reference to Bratz specifically," and that they may also be "relevant
16  to motive and intent," asserted by MGA in its claims against Mattel.  (*Id.* at 130).
17  Mattel has also stated that such documents also "may well bear MGA's need to steal
18  Bratz and other properties at issue from Mattel . . . regardless of any reference to
19  Bratz specifically" and that they also may "bear[] on the merit of Farhad Larian's
20  claims and the value of Bratz." (*Id.*)  Mattel has also argued that these documents
21  may also "disclose terms and conditions that go to the issues of bias and credibility."
22  (*Id.*)

23  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 125:

24       MGA's position regarding Request No. 125 is detailed in the argument section
25  immediately below.

26            **2.    Argument**

27       The Court should reject Mattel's attempts to compel production sought by
28  Request Nos. 123-125, which are overbroad and unduly burdensome.  These requests

73

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1   seek documents from "arbitrations and suits" between Mr. Larian and his brother,

2   Farhad Larian, and are overbroad because they lack any subject-matter limitationf.

3       Mattel claims that all documents from any arbitration or suit between Mr.

4   Larian and his brother are somehow relevant to a claim or defense in this action, but

5   this position is unsupportable.  Attempting to support its argument, Mattel cites the

6   fact that this Court has found that the conception of Bratz was raised during the

7   arbitration proceeding.  But this Court's finding that the issue of the conception of

8   Bratz was raised in the arbitration proceedings does not support the proposition that

9   Mattel urges here, that **all** documents from the arbitration are somehow relevant to a

10  claim or defense and, hence, discoverable.[40]

11      Despite Mattel's position that all documents from these proceedings are

12  relevant and should be produced, its main supporting argument centers around the

13  fact that Mattel believes the proceedings contain information relevant to the

14  conception of Bratz.[41]  Yet, surprisingly Mattel is not satisfied with Mr. Larian's

15  supplemental response to these requests stating that he would produce "all

16  documents referring or relating to Bratz."

17      In an effort to obtain ever-broader discovery, Mattel argues variously that it

18  should be entitled to other documents from the proceedings such as documents

19  relating to business activities and plans, value of Bratz, net worth or value of Mr.

20  Larian or MGA, motive and intent, and settlement-related documents.[42]  The

21  relationship of such documents from a private arbitration to any of the claims or

22

23  ─────────────────

24  [40] *See* Kennedy Decl. Ex. 4 (May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA) at 10:22-24 ("The issue [the conception date for Bratz] also appears to have been raised in the

25  arbitration proceedings. . . .").

26  [41] Mattel's Sep. Statement at 129 ("documents that relate to the business, activities and plans of MGA in early 2000 are relevant to the timing of the

27  development of Bratz.")

28  [42] *Id.* at 130.

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1  defenses in the present action, however, is questionable, and the existence of such

2  documents is conjectural at best.  Moreover, many of the categories Mattel cites as

3  being of interest are already the subject of other requests, and thus to the extent

4  Request Nos. 123-125 call for production of such items, the requests are duplicative.

5       Of course, unlike Mattel's unbounded requests for documents from any

6  arbitration or suit, Mattel's arguments referring to types of documents that might be

7  produced—conjectural as they may be—clearly show that Mattel is capable of

8  crafting narrower categories of documents in which it is interested.  Until Mattel

9  formulates requests with sensible subject-matter bounds, this court should reject

10  Mattel's attempt to enforce its overbroad requests.

11       Mattel's Request Nos. 123-125 also impose an undue burden on Mr. Larian

12  because of protective orders in place that strictly limit the use of any documents from

13  an arbitration and suit between Mr. Larian and his brother.[43]  Obviously, the parties

14  to those proceedings—one of whom is not a party to this action—intended the

15  requested documents to remain confidential under those protective orders.  Also, it is

16  highly likely there are some that are not relevant to any claim or defense in this case.

17  Since Rule 26(b)(2)(C) dictates balancing the burden of producing such documents

18  with the need for the documents, which in the case of all but the most relevant

19  documents from the arbitration weighs in favor of Mr. Larian not producing such

20  documents.

21  _____

22  [43] The parties have discussed—but have not yet reached an agreement about—
the possibility of seeking consent of the parties to the arbitration and suit to modify

23  the respective protective orders in those proceedings so that relevant documents can
potentially be produced in this action.  (Kennedy Decl. Ex. 5 (Protective Order) at 4,

24  § 4.5 and Ex. 6 (Stipulation and Protective Order) at 1 ¶ 2.).  Although Mattel does
not define "arbitrations," Mr. Larian assumes it does not include mediations and, if it

25  does, Mr. Larian objects on the basis of both the federal common law mediation
privilege.  *Fold v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d

26  1164, 1179-80 (C.D. Cal. 1998) and the California mediation privilege.  Cal. Evid.
Code §§ 1115 *et. seq.*  Mr. Larian is not, however, in any way attempting to equate

27  the arbitration proceedings at issue here and any mediation proceedings, which may

28  enjoy a privileged status.

J.  **MGA Hong Kong and MGA Mexico:  Request Nos. 272-273**

1.  **Requests, Responses, and Mattel's Position**

REQUEST FOR PRODUCTION NO. 272:

All DOCUMENTS RELATING TO the ownership of MGA Entertainment HK Limited.

RESPONSE TO REQUEST FOR PRODUCTION NO. 272:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 272:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce documents sufficient to show the ownership of MGA Entertainment HK Limited and MGAE de Mexico, S.r.1.  de C.V.  within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION NO. 272:**

Mattel has argued that Larian placed improper unilateral restrictions on its response to Request No. 272 by limiting its response to documents it deems "sufficient to show" the ownership of the entity identified in the request.  (Mattel's Sep. Statement at 134.)  Specifically, Mattel argues that it is entitled to this

1  information "to refute MGAE de Mexico's personal jurisdiction defense and because

2  it bears on whether the acts of Larian and others are attributable to [the entity in

3  question]" and because it is "directly relevant to net worth," which Mattel has argued

4  is discoverable. (*Id.*) Mattel has argued that allowing Larian's limitation to remain

5  "would allow Larian to withhold contradictory information and produce documents

6  that may conceal the true ownership." (*Id.*) Mattel has further argued that it is

7  entitled to know the ownership of the entity in question "at the times when different

8  wrongful acts are alleged to have taken place in this lawsuit and to determine if the

9  ownership structure changed as a means of concealing assets or concealing the

10 payments of commercial bribes." (*Id.*)

11 <u>MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 272:</u>

12     MGA's position regarding Request No. 272 is detailed in the argument section

13 below, beginning on page 80.

14 <u>REQUEST FOR PRODUCTION NO. 273:</u>

15     All DOCUMENTS RELATING TO the ownership of MGAE de Mexico,

16 S.r.1. de C.V.

17 <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 273:</u>

18     Larian incorporates by reference the above-stated general objections as if fully

19 set forth herein. Larian also specifically objects to this request on the grounds that it

20 seeks information not relevant to the subject matter of this lawsuit or reasonably

21 calculated to lead to the discovery of admissible evidence. Larian also objects to this

22 request on the grounds that it seeks confidential, proprietary or commercially

23 sensitive information, the disclosure of which would be inimical to the business

24 interests of Larian and one or more third parties. Larian also objects to this request

25 to the extent it seeks information the disclosure of which would implicate the rights

26 of third parties to protect private, confidential, proprietary or trade secret information.

27 Larian also objects to this request to the extent it calls for the disclosure of attorney-

28 client privileged information or information protected from disclosure by the work-

1  product doctrine, joint defense or common interest privilege, or other privilege.

2  Larian also objects to this request to the extent it seeks documents not within

3  Larian's possession, custody or control.

4       Subject to the foregoing, Larian will produce any personal documents that are

5  relevant and responsive to the request, if any, and that have not already been

6  produced, that he discovers in the course of his reasonable search and diligent

7  inquiry, which are within the permissible scope of discovery, and to which no

8  privilege or other protection applies, including without limitation, the attorney-client

9  privilege or attorney's work product doctrine.

10 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 273:

11      Larian incorporates by reference the above-stated general objections as if fully

12 set forth herein.  Larian also specifically objects to this request on the grounds that it

13 is overbroad and seeks information not relevant to the subject matter of this lawsuit

14 or reasonably calculated to lead to the discovery of admissible evidence.  Larian also

15 objects to this request on the grounds that it seeks confidential, proprietary or

16 commercially sensitive information, the disclosure of which would be inimical to the

17 business interests of Larian and one or more third parties.  Larian also objects to this

18 request to the extent it seeks information the disclosure of which would implicate the

19 rights of third parties to protect private, confidential, proprietary or trade secret

20 information.  Larian also objects to this request to the extent it calls for the disclosure

21 of attorney-client privileged information or information protected from disclosure by

22 the work-product doctrine, joint defense or common interest privilege, or other

23 privilege.  Larian also objects to this request to the extent it seeks documents not

24 within Larian's possession, custody or control.

25      Subject to the foregoing, Larian will produce documents sufficient to show the

26 ownership of MGA Entertainment HK Limited and MGAE de Mexico, S.r.1.  de

27 C.V.  within his possession, custody, or control that are responsive to the request, if

28 any, and that have not already been produced, that he discovers in the course of his

79

1   reasonable search and diligent inquiry, and to which no privilege or other protection

2   applies, including without limitation, the attorney-client privilege or attorney's work

3   product doctrine.

4   MATTEL'S STATEMENT OF POSITION RE: REQUEST FOR PRODUCTION
    NO. 273:
5

6          Mattel has argued that Larian placed improper unilateral restrictions on its

7   response to Request No. 272 by limiting its response to documents it deems

8   "sufficient to show" the ownership of the entity identified in the request.  (Mattel's

9   Sep. Statement at 134.)  Specifically, Mattel argues that it is entitled to this

10  information "to refute MGAE de Mexico's personal jurisdiction defense and because

11  it bears on whether the acts of Larian and others are attributable to [the entity in

12  question]" and because it is "directly relevant to net worth," which Mattel has argued

13  is discoverable.  (*Id.*)  Mattel has argued that allowing Larian's limitation to remain

14  "would allow Larian to withhold contradictory information and produce documents

15  that may conceal the true ownership."  (*Id.*)  Mattel has further argued that it is

16  entitled to know the ownership of the entity in question "at the times when different

17  wrongful acts are alleged to have taken place in this lawsuit and to determine if the

18  ownership structure changed as a means of concealing assets or concealing the

19  payments of commercial bribes." (*Id.*)

20  MGA'S RESPONSE RE: REQUEST FOR PRODUCTION NO. 273:

21         MGA's position regarding Request No. 273 is detailed in the argument section

22  immediately below.

23              **2.**   **Argument**

24         The Court should reject Mattel's attempts to obtain production of documents

25  sought by Request Nos. 272-273, which seek documents relating to the ownership of

26  MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V., respectively.

27  These requests are improper and duplicative of other requests Mattel has made.

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1   First, these requests have been improperly made to Mr. Larian personally.

2   Documents identifying the ownership of these entities should be made to the entities

3   themselves, or to MGA, and not to Mr. Larian.  Second, these requests are

4   duplicative of other requests that Mattel has propounded.  Request No. 272, for

5   example, is duplicative of a request Mattel served on MGA Entertainment HK

6   Limited.[44]  Similarly, Request No. 273 is duplicative of a request Mattel served on

7   MGAE de Mexico, S.r.l. de C.V.[45]

8   Because of their highly duplicative nature and the fact that they should have

9   been directed at another party to begin with, the burden that these requests would

10  impose on Mr. Larian clearly outweighs the need to compel him to produce the

11  documents sought, which are more readily available from other entities.  Of course,

12  Mattel's actions support this argument, since it has already requested these

13  documents from some of those other entities, but has not yet explained why it needs

14  to make duplicative requests of Mr. Larian.  The Court should, therefore, refuse

15  Mattel's motion to compel on these requests.

16

17

18  _____

19  [44] *See* Kennedy Decl. Ex. 13 (Mattel's Fourth Set of Requests for Documents
    and Things to MGA) at 33, Request No. 107 ("All DOCUMENTS that REFER OR
20  RELATE TO YOUR corporate formation and administration, including but not
    limited to by-laws, article of incorporations, stock certificates, cancelled or void
21  stock certificates, stock ledgers, stock transfer ledgers or records, stockholder or
    shareholder agreements, voting agreements or any other agreement that REFERS OR
22  RELATES TO YOUR stockholders or shareholders."); *Id.* at 2, Definition ¶ A
    ("YOU" defined to include "any . . . association, . . . subsidiary, division, affiliate");
23  *See also* Kennedy Decl. Ex. 8 (Mattel's Fifth Set of Requests for Documents and
    Things to MGA) at 10-11, Request Nos. 23-29 (requests relating to stock ownership
24  and transactions of MGA, which by definition includes all subsidiaries, divisions,
    and affiliates).

25  [45] Kennedy Decl. Ex. 14 (Mattel's First Set of Requests for Documents and
    Things to MGAE de Mexico, S.R.L. de C.V) at 26, Request No. 76 ("All
26  DOCUMENTS that REFER OR RELATE TO YOUR corporate structure since
    January 1, 1999, including without limitation YOUR relationship with MGA
27  Entertainment, Inc. and the IDENTITY of YOUR officers, directors, shareholders
    and employees since January 1, 1999").

28

81
RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL

1    Accordingly, for all of the reasons stated above, the Court should deny

2  Mattel's motion to compel in its entirety.

3

4  DATED:  December 5, 2007          SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
5

6

7                                    By: _____/s/ Thomas J. Nolan_____
                                             THOMAS J. NOLAN
8
                                     Attorneys for Counter-Defendants,
9                                    MGA ENTERTAINMENT, INC.,
                                     ISAAC LARIAN, MGA ENTERTAINMENT
10                                   (HK) LIMITED, AND MGAE de MEXICO
                                     S.R.L. de C.V.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO MATTEL'S SEPARATE STATEMENT ISO MOTION TO COMPEL