# EXHIBIT 8

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC. |
| Defendant. | |
| AND CONSOLIDATED CASES | |

07209/2302419.1

EXHIBIT 8
PAGE 121

1       Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure,</u>

2   Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

3   these document requests ("Requests") and make available for inspection and

4   copying originals of the following documents within 30 days of service at the

5   offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

6   Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

7   responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of

8   the <u>Federal Rules of Civil Procedure.</u>

9

10  **I.      DEFINITIONS**

11          A.      "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.

12  and all current or former subsidiaries, divisions, AFFILIATES, predecessors-in-

13  interest and successors-in-interest.  Without limiting the foregoing, MGA

14  Entertainment, Inc. includes ABC International Traders and ABC International

15  Traders, Inc.

16          B.      "LARIAN" means Isaac Larian, any FAMILY MEMBER of

17  Isaac Larian, and any trust of which Isaac Larian is a trustee or of which any

18  FAMILY MEMBER of Isaac Larian is a beneficiary including, without limitation,

19  the Isaac and Angela Larian Trust and the Isaac Larian Annuity Trust.

20          B.      "DOCUMENT" or "DOCUMENTS" means all "writings" and

21  "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

22  <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

23  writings, including but not limited to handwriting, typewriting, printing, image,

24  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

25  to) electronic mail (including instant messages and text messages) or facsimile,

26  video and audio recordings, and every other means of recording upon any tangible

27  thing, any form of communication or representation, and any record thereby created,

28  regardless of the manner in which the record has been stored, and all non-identical

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT 8
PAGE 122

1  copies of such DOCUMENTS, in the possession, custody, or control of YOU,

2  YOUR counsel, or any other PERSON acting on YOUR behalf.

3         C.     "AFFILIATES" means any and all corporations, proprietorships,

4  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

5  indirectly, in whole or in part, own or control, are under common ownership or

6  control with, or are owned or controlled by a PERSON, party or entity, including

7  without limitation each parent, subsidiary and joint venture of such PERSON, party

8  or entity.

9         D.     "IDENTIFY" or "IDENTITY" means the following:

10         (a)     With reference to an individual, means such individual's name,

11  current or last known business title, current or last known business affiliation,

12  current or last known relationship to YOU, current or last known residential and

13  business address, and current or last known telephone number.

14         (b)     With reference to an account with a bank or financial institution,

15  means the name and address of the bank or financial institution, the account

16  number(s) for or otherwise associated with such account and the name of each

17  holder, including without limitation each beneficial holder, of each such account.

18         E.     "FAMILY MEMBER" means any PERSON who at any time is,

19  was or has been a parent, spouse, child or sibling of another PERSON.

20         F.     "RELATING," "RELATING TO," "REFERRING OR

21  RELATING TO," or "REFER OR RELATE TO" means any and all of the following

22  terms and their synonyms: refer to, discuss, constitute, evidence, pertain to,

23  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

24  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or

25  describe.

26         G.     "PERSON," in the plural as well as the singular, means any

27  natural person, association, partnership, corporation, joint venture, government

28

-3-

EXHIBIT  8
PAGE  123

1    entity, organization, trust, institution, proprietorship, or any other entity recognized

2    as having an existence under the laws in the United States or any other nation.

3           H.     The singular form of a noun or pronoun includes within its

4    meaning the plural form of the noun or pronoun so used, and vice versa; the use of

5    the masculine form of a pronoun also includes within its meaning the feminine form

6    of the pronoun so used, and vice versa; the use of any tense of any verb includes

7    also within its meaning all other tenses of the verb so used, whenever such

8    construction results in a broader request for information; and "and" includes "or"

9    and vice versa, whenever such construction results in a broader disclosure of

10   documents or information.

11

12  **II.**    **INSTRUCTIONS**

13           A.     YOU are to produce all requested DOCUMENTS in YOUR

14   possession, custody or control.

15           B.     If YOU contend that YOU are not required to produce certain

16   DOCUMENTS called for by these Requests on the grounds of a privilege or

17   protection that YOU are not prepared to waive, identify each such DOCUMENT

18   and provide the following information:

19              1.     the date and type of the DOCUMENT, the author(s) and all

20                   recipients;

21              2.     the privilege or protection that YOU claim permits YOU to

22                   withhold the DOCUMENT;

23              3.     the title and subject matter of the DOCUMENT;

24              4.     any additional facts on which YOU base YOUR claim of

25                   privilege or protection; and

26              5.     the identity of the current custodian of the original of the

27                   DOCUMENT.

28

1        C.     DOCUMENTS shall be produced in their original file folders, or

2   in lieu thereof, any writing on the file folder from which each such DOCUMENT is

3   taken shall be copied and appended to such DOCUMENT and the PERSON for

4   whom or department, division or office for which the DOCUMENT or the file

5   folder is maintained shall be identified.

6        D.     The DOCUMENTS should be produced in their complete and

7   unaltered form.  Attachments to DOCUMENTS should not be removed.  The

8   DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

9   any reason, including alleged nonrelevance.  If emails are produced that had

10   attachments, the attachments shall be attached when produced.

11        E.     DOCUMENTS in electronic form shall be produced in that form.

12        F.     In the event that any DOCUMENT called for by these requests

13   has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14        1.     the date and type of the DOCUMENT, the author(s) and all

15             recipients;

16        2.     the DOCUMENT's date, subject matter, number of pages, and

17             attachments or appendices;

18        3.     the date of destruction or discard, manner of destruction or

19             discard, and reason for destruction or discard;

20        4.     the PERSONS who were authorized to carry out such destruction

21             or discard;

22        5.     the PERSONS who have knowledge of the content, origins,

23             distribution and destruction of the DOCUMENT; and

24        6.     whether any copies of the document exist and, if so, the name of

25             the custodian of each copy.

26

27

28

-5-

EXHIBIT 8

PAGE 125

## III.    <u>REQUESTS FOR DOCUMENTS AND THINGS</u>

<u>REQUEST FOR PRODUCTION NO. 1</u>:

YOUR Articles of Incorporation and any amendments thereto.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

YOUR By-Laws and any amendments thereto.

<u>REQUEST FOR PRODUCTION NO. 3</u>:

YOUR Notice of Incorporation as it appeared when first published and any amendments thereto.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

YOUR quarterly and annual profits and loss statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

<u>REQUEST FOR PRODUCTION NO. 5</u>:

YOUR quarterly and annual financial statements (both audited and unaudited) from the date of YOUR incorporation to 1999.

<u>REQUEST FOR PRODUCTION NO. 6</u>:

YOUR general ledger from the date of YOUR incorporation to 1999.

<u>REQUEST FOR PRODUCTION NO. 7</u>:

YOUR federal and state tax returns for each year from the date of YOUR incorporation to the present.

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT  8

PAGE 126

REQUEST FOR PRODUCTION NO. 8:

DOCUMENTS sufficient to evidence any and all meetings of shareholders of MGA, including the date, time and location of the meeting and the IDENTITY of each PERSON in attendance.

REQUEST FOR PRODUCTION NO. 9:

The minutes of all meetings of shareholders of MGA.

REQUEST FOR PRODUCTION NO. 10:

DOCUMENTS sufficient to evidence any and all meetings of the board of directors of MGA, including the date, time and location of the meeting and the IDENTITY of each PERSON in attendance.

REQUEST FOR PRODUCTION NO. 11:

The minutes of all meetings of the board of directors of MGA.

REQUEST FOR PRODUCTION NO. 12:

DOCUMENTS sufficient to show any and all salary, benefits or any other compensation paid to LARIAN or any business affiliated with LARIAN, including to whom the payments were made, the amounts paid and the dates of payment.

REQUEST FOR PRODUCTION NO. 13:

DOCUMENTS sufficient to show any and all payments or transfers of anything of value to LARIAN or any business affiliated with LARIAN, including to whom the payments or transfers were made, the amounts of the payments or the value of the item transferred and the dates of the payments or transfers.

07209/2302419.1

EXHIBIT 8

PAGE 127

1  REQUEST FOR PRODUCTION NO. 14:

2          Statements for accounts maintained by YOU at any bank or other

3  financial institution sufficient to show any and all payments to LARIAN or any

4  business affiliated with LARIAN.

5

6  REQUEST FOR PRODUCTION NO. 15:

7          DOCUMENTS sufficient to show any and all payments of dividends to

8  LARIAN or any business affiliated with LARIAN, including to whom the dividends

9  were paid, the amounts paid and the dates of payment.

10

11  REQUEST FOR PRODUCTION NO. 16:

12         DOCUMENTS sufficient to show any and all distributions to LARIAN

13  or any business affiliated with LARIAN, including to whom the distributions were

14  made, the amounts of the distributions and the dates the distributions were made.

15

16  REQUEST FOR PRODUCTION NO. 17:

17         DOCUMENTS sufficient to show any and all advances of funds to

18  LARIAN or any business affiliated with LARIAN for services to be performed at a

19  later date, including the amount of the advance, the date of the advance, the services

20  to be performed, whether the services were performed and, if so, when they were

21  performed.

22

23  REQUEST FOR PRODUCTION NO. 18:

24         DOCUMENTS sufficient to show any and all gifts to LARIAN or any

25  business affiliated with LARIAN, including to whom the gift was made, when the

26  gift was made, the nature, amount and value of the gift and the reasons for making

27  the gift.

28

EXHIBIT 8
PAGE 128

1   REQUEST FOR PRODUCTION NO. 19:

2       DOCUMENTS sufficient to show any and all loans from MGA to

3   LARIAN or any business affiliated with LARIAN, including the date of the loan,

4   the amount of the loan, the interest rate, if any, whether the loan has been repaid or

5   forgiven in whole or in part and, if so, when and by whom.

6

7   REQUEST FOR PRODUCTION NO. 20:

8       DOCUMENTS sufficient to show any and all loans from LARIAN or

9   any business affiliated with LARIAN to MGA, including the date of the loan, the

10   amount of the loan, the interest rate, if any, whether the loan has been repaid or

11   forgiven in whole or in part and, if so, when and by whom.

12

13   REQUEST FOR PRODUCTION NO. 21:

14       DOCUMENTS sufficient to show any and all obligations of LARIAN

15   or any business affiliated with LARIAN guaranteed or cosigned by MGA, including

16   the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the

17   identity of the creditor or lender, the nature and amount of the obligation, the date

18   the obligation was guaranteed or cosigned, whether the obligation has been satisfied

19   and, if so, when and by whom.

20

21   REQUEST FOR PRODUCTION NO. 22:

22       DOCUMENTS sufficient to show any and all obligations of MGA

23   guaranteed or cosigned by LARIAN or any business affiliated with LARIAN,

24   including the IDENTITY of the PERSON who guaranteed or cosigned the

25   obligation, the identity of the creditor or lender, the nature and amount of the

26   obligation, the date the obligation was guaranteed or cosigned, whether the

27   obligation has been satisfied and, if so, when and by whom.

28

07209/2302419.1

EXHIBIT 8
PAGE 129

1  REQUEST FOR PRODUCTION NO. 23:

2  DOCUMENTS sufficient to IDENTIFY each and every PERSON who

3  has owned stock in MGA at any time including, without limitation, DOCUMENTS

4  sufficient to show whether such PERSON is a FAMILY MEMBER of Isaac Larian.

5

6  REQUEST FOR PRODUCTION NO. 24:

7  For each PERSON who has owned stock in MGA, DOCUMENTS

8  sufficient to show the number of shares of stock owned by such PERSON, the

9  percentage of shares owned as measured against the total outstanding shares, the

10  dates upon which the PERSON acquired the shares, the consideration paid or

11  promised for the shares and the dates on which such consideration was paid or

12  promised.

13

14  REQUEST FOR PRODUCTION NO. 25:

15  DOCUMENTS sufficient to show the total outstanding shares of MGA

16  stock at any time from the incorporation of MGA to the present.

17

18  REQUEST FOR PRODUCTION NO. 26:

19  All DOCUMENTS that REFER OR RELATE TO the issuance of

20  MGA stock certificates any time since the incorporation of MGA to the present,

21  including without limitation to whom they were issued and the dates of issuance.

22

23  REQUEST FOR PRODUCTION NO. 27:

24  All DOCUMENTS, including without limitation all

25  COMMUNICATIONS, that REFER OR RELATE TO the purchase, sale, transfer,

26  alienation, pledge, hypothecation or alienation of MGA stock or any ownership

27  interest in MGA.

28

07209/2302419.1

-10-

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS, including without limitation all COMMUNICATIONS, that REFER OR RELATE TO any instance in which any shareholder, stockholder or other owner of any interest in MGA lost, misplaced or was unable to locate original MGA stock certificates or in which any shareholder, stockholder or other owner of any interest in MGA requested that any PERSON attest to or assert such loss, misplacement or inability to locate, including without limitation the emails between Isaac Larian and Jahangir Makabi requesting that Makabi sign an affidavit that he lost his original stock certificates despite Makabi's protestation that he never had any such certificates.

REQUEST FOR PRODUCTION NO. 29:

All DOCUMENTS that REFER OR RELATE TO how MGA was capitalized upon its incorporation including, without limitation, the IDENTITY of each PERSON who purchased or subscribed to stock in MGA, the number of shares purchased or subscribed by each such PERSON, the amount paid or promised for the shares purchased or subscribed by each such PERSON and the dates such amounts were paid or promised.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to show how MGA has been capitalized from the date of its incorporation to the present.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to show any and all payments of dividends to any shareholder of MGA, including to whom the dividends were paid, the amounts paid and the dates of payment.

-11-

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

**EXHIBIT 8**

**PAGE 131**

1  REQUEST FOR PRODUCTION NO. 32:

2        DOCUMENTS sufficient to show any and all distributions to any

3  shareholders of MGA, including to whom the distributions were made, the amounts

4  of the distributions and the dates the distributions were made.

5

6  REQUEST FOR PRODUCTION NO. 33:

7        DOCUMENTS sufficient to IDENTIFY each PERSON who has served

8  as an officer or director of MGA including, without limitation, the offices or

9  positions held by each such PERSON and the dates such offices or positions were

10  held.

11

12  REQUEST FOR PRODUCTION NO. 34:

13        DOCUMENTS sufficient to show any and all salary, benefits or any

14  other compensation paid to any officer, director or shareholder of MGA, including

15  to whom the payments were made, the amounts paid and the dates of payment.

16

17  REQUEST FOR PRODUCTION NO. 35:

18        DOCUMENTS sufficient to show any and all payments or transfers of

19  anything of value to any officer, director or shareholder of MGA, including to

20  whom the payments or transfers were made, the amounts of the payments or the

21  value of the item transferred and the dates of the payments or transfers.

22

23  REQUEST FOR PRODUCTION NO. 36:

24        DOCUMENTS sufficient to show any and all salary, benefits or any

25  other compensation paid to any officer, director or shareholder of MGA, including

26  to whom the payments were made, the amounts paid and the dates of payment.

27

28

-12-
MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS
EXHIBIT 8
PAGE 132

1 REQUEST FOR PRODUCTION NO. 37:

2        DOCUMENTS sufficient to show any and all payments or transfers of
3 anything of value to any officer, director or shareholder of MGA, including to
4 whom the payments or transfers were made, the amounts of the payments or the
5 value of the item transferred and the dates of the payments or transfers.

6

7 REQUEST FOR PRODUCTION NO. 38:

8        DOCUMENTS sufficient to show any and all salary, benefits or any
9 other compensation paid to any FAMILY MEMBER of any officer, director or
10 shareholder of MGA, including to whom the payments were made, the amounts paid
11 and the dates of payment.

12

13 REQUEST FOR PRODUCTION NO. 39:

14        DOCUMENTS sufficient to show any and all payments or transfers of
15 anything of value to any FAMILY MEMBER of any officer, director or shareholder
16 of MGA, including to whom the payments or transfers were made, the amounts of
17 the payments or the value of the item transferred and the dates of the payments or
18 transfers.

19

20 REQUEST FOR PRODUCTION NO. 40:

21        Statements for accounts maintained by YOU at any bank or other
22 financial institution sufficient to show any and all payments to any officer, director
23 or shareholder of MGA.

24

25 REQUEST FOR PRODUCTION NO. 41:

26        Statements for accounts maintained by YOU at any bank or other
27 financial institution sufficient to show any and all payments to any FAMILY
28 MEMBER of any officer, director or shareholder of MGA.

**EXHIBIT 8**
**PAGE 133**

REQUEST FOR PRODUCTION NO. 42:

DOCUMENTS sufficient to show any and all advances of funds to any officer, director or shareholder of MGA for services to be performed at a later date, including the amount of the advance, the date of the advance, the services to be performed, whether they were performed and when they were performed.

REQUEST FOR PRODUCTION NO. 43:

DOCUMENTS sufficient to show any and all gifts to any officer, director or shareholder of MGA, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reason for making the gift.

REQUEST FOR PRODUCTION NO. 44:

DOCUMENTS sufficient to show any and all gifts to any FAMILY MEMBER of any officer, director or shareholder of MGA, including to whom the gift was made, when the gift was made, the nature, amount and value of the gift and the reason for making the gift.

REQUEST FOR PRODUCTION NO. 45:

DOCUMENTS sufficient to show any and all obligations of any officer, director or shareholder of MGA guaranteed or cosigned by MGA, including the IDENTITY of the PERSON whose obligation was guaranteed or cosigned, the identity of the creditor or lender, the nature and amount of the obligation, the date the obligation was guaranteed or cosigned, whether the obligation has been satisfied and, if so, by whom.

EXHIBIT 8
PAGE 134

1   REQUEST FOR PRODUCTION NO. 46:

2          DOCUMENTS sufficient to show any and all obligations of MGA

3   guaranteed or cosigned by any officer, director, shareholder or employee of MGA,

4   including the IDENTITY of the PERSON who guaranteed or cosigned the

5   obligation, the identity of the creditor or lender, the nature and amount of the

6   obligation, the date the obligation was guaranteed or cosigned, whether the

7   obligation has been satisfied and, if so, by whom.

8

9   REQUEST FOR PRODUCTION NO. 47:

10         For each account maintained in the name of MGA at any bank or other

11  financial institution, a copy of each and every monthly statement from the date of

12  YOUR incorporation to the present, and DOCUMENTS sufficient to IDENTIFY

13  each PERSON authorized to sign checks on or access the account.

14

15  DATED:  November 27, 2007

16                                    QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
17

18                                    By _____
                                         Scott B. Kidman
19                                       Attorneys for Mattel, Inc.

20

21

22

23

24

25

26

27

28

07209/2302419.1

-15-

MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS

EXHIBIT  8
PAGE  135

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On November 27, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5   **MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6

7      Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER**
8      **& FLOM, LLP**
300 South Grand Avenue, Suite 3400
9      Los Angeles, CA 90071

10

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
11   being served.

12      I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
13

14      Executed on November 27, 2007, at Los Angeles, California.

15

16                                NOW LEGAL -- Dave Quintana

17

18

19

20

21

22

23

24

25

26

27

28

07209/2305585.1

-1-

EXHIBIT 8
PAGE 136

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3   Street, 10th Floor, Los Angeles, California 90017-2543.

4   On November 27, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5   **MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6       Mark E. Overland, Esq.                 Michael H. Page, Esq.
    David C. Scheper, Esq.                **KEKER & VAN NEST, LLP**
7       Alexander H. Cote                   710 Sansome Street
    **OVERLAND BORENSTEIN**      San Francisco, CA 94111
8       **SCHEPER & KIM LLP**
    300 South Grand Avenue, Suite 2750
9       Los Angeles, CA 90071-3144

10  **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with
11  postage thereon fully prepaid.

12      I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.
13

14      Executed on November 27, 2007, at Los Angeles, California.

15

16      Charlene Ho

17

18

19

20

21

22

23

24

25

26

27

28

07209/2305581.1

EXHIBIT 8
PAGE 137

# EXHIBIT 9

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES — GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                    Date:  July 2, 2007

Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
=======================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                               Theresa Lanza
        Courtroom Deputy Clerk                   Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                              John B. Quinn
                                           Brett Dylan Proctor
                                           Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:   MINUTE ORDER

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)   The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                        Initials of Deputy Clerk __jh__
CIVIL — GEN                          1                  Time: 01/15



ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164

EXHIBIT 9
PAGE 138

regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk __jh_____
Time: 01/15

22

EXHIBIT 9
PAGE 139

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B).  MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below.  The Court disagrees.  Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds.  A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production.  MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law.  Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery.  See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature.  They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor.  The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings.  That is clear.  However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial.  There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims.  Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim.  Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers.  This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result.  However, this Court is bound by the standard of review, and MGA's motion fails far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here.  Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

23

EXHIBIT  9
PAGE  140

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)    MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

MINUTES FORM 90
CIVIL – GEN

4

Initials of Deputy Clerk __jh_____
Time: 01/15

24

EXHIBIT 9
PAGE 141

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

EXHIBIT 9
PAGE 142

# EXHIBIT 10



| About Us | Our Toys | Investors & Media | Careers | Contact Us | Customer Service | Shop |

Leadership | History | Locations | Corporate Governance | Corporate Social Responsibility | Philanthropy

## Leadership

"Leadership" at Mattel is the ability to develop and communicate a compelling picture of the future that inspires and motivates others to take action. Leaders at Mattel align themselves with Mattel's core values, exhibit leadership competencies and drive for success in our business strategies. In this way, we will work to achieve our vision of being "The World's Premier Toy Brands: Today and Tomorrow." Every day as Mattel's 25,000 employees worldwide strive to realize that vision, our leadership team is guiding the way.

MATTEL LEADERSHIP TEAM »

BOB ECKERT,
CHAIRMAN & CEO

ABOUT US | OUR TOYS | INVESTORS & MEDIA | CAREERS | CONTACT US | CUSTOMER SERVICE | RECALL INFORMATION | SHOP
Use of this site signifies your acceptance of Mattel's Website Terms and Conditions and PRIVACY POLICY. © 2007 Mattel, Inc. All Rights Reserved.

EXHIBIT 10
PAGE 143