# EXHIBIT 13

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10               UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,                 Consolidated with
                                           Case No. CV 04-09059
15       vs.                               Case No. CV 05-02727

16  MATTEL, INC., a Delaware               MATTEL, INC.'S FOURTH SET OF
    corporation,                           REQUESTS FOR DOCUMENTS AND
17                                         THINGS TO MGA
                Defendant.                 ENTERTAINMENT, INC.
18  ─────────────────────────────

19  AND CONSOLIDATED CASES

20

21

22          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

23  Entertainment, Inc. ("MGA") is required to make available for inspection and

24  copying, the following documents within 30 days of service, at the offices of Quinn

25  Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor,

26  Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to these

27  requests at such times and to the extent required by Rule 26(e) of the Federal Rules

28  of Civil Procedure.

7209/2175380.1

EXHIBIT 13
PAGE 289

## I.   DEFINITIONS

For purposes of these Requests, the following definitions apply:

A.   "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B.   "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.   "BRAWER" means Ron Brawer, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

D.   "BRISBOIS" means Janine Brisbois, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

E.   "CASTILLA" means Jorge Castilla, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-

17209/2175380.1

EXHIBIT 13
PAGE 290

1  interest, and any other PERSON acting on his behalf, pursuant to his authority or
2  subject to his control.

3          F.     "CONTRERAS" means Nic Contreras, and all of his current or
4  former employees, agents, representatives, attorneys, accountants, vendors,
5  consultants, independent contractors, predecessors-in-interest and successors-in-
6  interest, and any other PERSON acting on his behalf, pursuant to his authority or
7  subject to his control.

8          G.     "COONEY" means Daniel Cooney, and all of his current or
9  former employees, agents, representatives, attorneys, accountants, vendors,
10 consultants, independent contractors, predecessors-in-interest and successors-in-
11 interest, and any other PERSON acting on his behalf, pursuant to his authority or
12 subject to his control.

13         H.     "HAN" means Janet Han, and all of her current or former
14 employees, agents, representatives, attorneys, accountants, vendors, consultants,
15 independent contractors, predecessors-in-interest and successors-in-interest, and any
16 other PERSON acting on her behalf, pursuant to her authority or subject to her
17 control.

18         I.     "HINH" means Michael Hinh, and all of his current or former
19 employees, agents, representatives, attorneys, accountants, vendors, consultants,
20 independent contractors, predecessors-in-interest and successors-in-interest, and any
21 other PERSON acting on his behalf, pursuant to his authority or subject to his
22 control.

23         J.     "KAO" means Alice Kao, and all of her current or former
24 employees, agents, representatives, attorneys, accountants, vendors, consultants,
25 independent contractors, predecessors-in-interest and successors-in-interest, and any
26 other PERSON acting on her behalf, pursuant to her authority or subject to her
27 control.

28

-3-
MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 291

1   K.   "MACHADO" means Carlos Gustavo Machado Gomez, and all

2   of his current or former employees, agents, representatives, attorneys, accountants,

3   vendors, consultants, independent contractors, predecessors-in-interest and

4   successors-in-interest, and any other PERSON acting on his behalf, pursuant to his

5   authority or subject to his control.

6   L.   "THOMPSON" means Marla Thompson, and all of her current

7   or former employees, agents, representatives, attorneys, accountants, vendors,

8   consultants, independent contractors, predecessors-in-interest and successors-in-

9   interest, and any other PERSON acting on her behalf, pursuant to her authority or

10   subject to her control.

11   M.   "TRUEBA" means Mariana Trueba Almada, and all of her

12   current or former employees, agents, representatives, attorneys, accountants,

13   vendors, consultants, independent contractors, predecessors-in-interest and

14   successors-in-interest, and any other PERSON acting on her behalf, pursuant to her

15   authority or subject to her control.

16   N.   "VARGAS" means Pablo Vargas San Jose, and all of his current

17   or former employees, agents, representatives, attorneys, accountants, vendors,

18   consultants, independent contractors, predecessors-in-interest and successors-in-

19   interest, and any other PERSON acting on his behalf, pursuant to his authority or

20   subject to his control.

21   O.   "FORMER MATTEL EMPLOYEES" means BRAWER,

22   CASTILLA, CONTRERAS, COONEY, HAN, HINH, KAO and THOMPSON.

23   P.   "MATTEL DOCUMENTS" means all DOCUMENTS authored

24   by MATTEL or taken from MATTEL and in the possession of MGA or any

25   FORMER MATTEL EMPLOYEE, including but not limited to those documents

26   which have been identified as Bates Numbers M 0019162-M 0019365, M 0019375-

27   M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M

28   0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M

1   0029043-M 0029044, M 0029045-M 0029050, M 0029051-M 0029053, M

2   0031471-M 0031473, M 0029054-M 0029255, M 0031474-M 0031485, M

3   0029226-M 0030163, M 0030164-M 0030173, M 0030174-M 0030183, M0030261-

4   M 0030268, M 0030269-M 0030278, M 0030440-M 0030441, M 0030505-M

5   0030575, M 0030577-M 0030608, M 0019366-M 0019374, M 0030184-M

6   0030240, M 0030254-M 0030260, M 0030279-M 0030439, M 0030442-M

7   0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M

8   0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M

9   0030675-M 0030754, M 0030755-M 0030756, M 0030770-M 0030782, M

10   0030757-M 0030769, M 0030783-M 0030788, M 0030789-M 0030799, M

11   0030800-M 0030834, M 0030835, M 0030836-M 0030838, M 0030839-M

12   0030841, M 0030842-M 0030845, M 0030846-M 0030850, M 0030851- M

13   0030959, M 0030960-M 0030972, M 0030973-M 0031141, M 0031142-M

14   0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173, M

15   0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M

16   0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M

17   0031263-M 0031264, M 0031265, M 0031266, M 0031267, M 0031268, M

18   0031269, M 0031270-M 0031278, M 0031279-M 0031280, M 0031281-M

19   0031282, M 0031283-M 0031291, M 0031292-M 0031470, M 0032318, M

20   0031486-M 0031503, M 0031504-M 0031612, M 0031613-M 0031860, M

21   0031863-M 0031864, M 0031865-M 0031919, M 0031861-M 0031862, M

22   0031925-M 0032000, M 0031920-M 0031924, M 0032001-M 0032009, M

23   0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M

24   0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M

25   0075253-M 0075260, M 0075261-M 0075277, M 0075278-M 0075289, M

26   0075290-M 0075307, M 0075308-M 0075309, M 0075310-M 0075315, M

27   0075316-M 0075317, M 0075318-M 0075322, M 0075323-M 0075324, M

28   0075325, M 0075326-M 0075328, M 0075329-M 0075333, M 0075334-M

-5-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 293

1  0075375, M 0075376-M 0075378, M 0075379-M 0075380, M 0075381-M

2  0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390, M

3  0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M

4  0075407, M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M

5  0075421, M 0075422-M 0075469, M 0075470-M 0075490, M 0075491-M

6  0075494, M 0075495-M 0075515, M 0075516-M 0075531, M 0075532-M

7  0075552, M 0075553-M 0075572, M 0075573, M 0075574-M 0075594, M

8  0075595-M 0075616, M 0075617, M 0075618-M 0075619, M 0075620-M

9  0075635, M 0075636-M 0075654, M 0075655-M 0075661, M 0075662-M

10  0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M

11  0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M

12  0075842, M 0075843-M 0075906, M 0075907-M 0075949, M 0075950-M

13  0076018, M 0076019, M 0076020-M 0076132, M 0076133-M 0076143, M

14  0076144-M 0076145, M 0076146-M 0076148, M 0076149-M 0076155, M

15  0076156-M 0076169, M 0076170-M 0076171, M 0076172-M 0076196, M

16  0076197-M 0076215, M 0076216-M 0076250, M 0076251-M 0076264, M

17  0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M

18  0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M

19  0076426-M 0076427, M 0076428-M 0076431, M 0076432- M 0076442, M

20  0076443-M 0076446, M 0100646-M 0100653, M 0098687-M 0098688, M

21  0098689-M 0098697, M 0098698-M 0098723, M 0098724-M 0098771, M

22  0098772-M 0098832, M 0098833-M 0098846, M 0098847-M 0098865, M

23  0098866-M 0098879, M 0098880-M 0098883, M 0098884-M 0098933, M

24  0098934-M 0098936, M 0098937-M 0098971, M 0098972-M 0099436, M

25  0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M

26  0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M

27  0099494-M 0099529, M 0099530-M 0099594, M 0099595-M 0099597, M

28  0099598-M 0099601, M 0099602-M 0099618, M 0099619-M 0099628, M

-6-

EXHIBIT 13
PAGE 294

1   0099629-M 0099656, M 0099657-M 0099665, M 0099666-M 0099725, M
2   0099726-M 0100622, M 0100623-M 0100645, M 0100646-M 0100653, M
3   0100654-M 0100695, M 0100696-M 0100698, M 0100699-M 0100700, M
4   0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M
5   0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M
6   0100783-M 0100789, M 0100790-M 0100795, M 0100796-M 0100858, M
7   0100859-M 0100868, M 0100869-M 0100878, M 0100879-M 0100891, M
8   0100892-M 0100905, M 0100906-M 0100918, M 0100919-M 0100932, M
9   0100933-M 0100941, M 0100942-M 0100952, M 0100953, M 0100954-M
10  0100955, M 0100956-M 0100983, M 0100984-M 0101013, M 0101014-M
11  0101064, M 0101065 and M 0101069-M 0101128.

12          Q.      "O'MELVENY" means the law firm of O'Melveny & Myers,
13  LLP, and any of its current or former attorneys, partners, associates, employees,
14  agents, representatives, predecessors-in-interest and successors-in-interest, and any
15  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

16          R.      "CHRISTENSEN" means the law firm of Christensen, Glaser,
17  Fink, Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys,
18  partners, associates, employees, agents, representatives, predecessors-in-interest and
19  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
20  authority or subject to its control.

21          S.      "DOCUMENT" or "DOCUMENTS" means all "writings" and
22  "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
23  Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
24  writings, including but not limited to handwriting, typewriting, printing, image,
25  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
26  to) electronic mail (including instant messages and text messages) or facsimile,
27  video and audio recordings, and every other means of recording upon any tangible
28  thing, any form of communication or representation, and any record thereby created,

7209/2175380.1

-7-

1  regardless of the manner in which the record has been stored, and all non-identical

2  copies of such DOCUMENTS, in the possession, custody, or control of YOU,

3  YOUR counsel, or any other PERSON acting on YOUR behalf.

4       T.   "COMMUNICATION," in the plural as well as the singular,

5  means any transmittal and/or receipt of information, whether such was oral or

6  written, and whether such was by chance, prearranged, formal or informal, and

7  specifically includes, but is not limited to, conversations in person, telephone

8  conversations, electronic mail (including instant messages and text messages),

9  voicemail, letters, memoranda, statements, media releases, magazine and newspaper

10  articles, and video and audio transmissions.

11       U.   "PERSON," in the plural as well as the singular, means any

12  natural person, association, partnership, corporation, joint venture, government

13  entity, organization, trust, institution, proprietorship, or any other entity recognized

14  as having an existence under the laws in United States or any other nation.

15       V.   "ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

16  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

17  therewith.

18       W.   "RELATING TO," "REFERRING OR RELATING TO" and

19  "REFER OR RELATE TO" mean any and all of the following terms and their

20  synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support,

21  contradict, negate, bear on, touch on, contain, embody, reflect, identify, state, deal

22  with, concern, comment on, respond to, relevant to, or describe.

23       X.   "IDENTIFY" means the following:

24       (a)   with reference to an individual or individuals, means to

25  state, fully and separately as to each, such individual's full name, any known

26  business title, current or last known business affiliation, current or last known

27  residential address, current or last known business address, current or last known

28  relationship to MGA, and current or last known telephone number.

7209/2175380.1

-8-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13

PAGE 296

1          (b)     with reference to an entity or entities, means to state, fully

2  and separately as to each, such entity's full name, state (or country) of incorporation

3  or organization, present or last known address, and present or last known telephone

4  number.

5          (c)     with reference to any other DOCUMENT or

6  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

7  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

8  respect to each such DOCUMENT, to provide a complete description of it such that

9  it may be the subject of a request for the production of documents, including by

10  stating the date, identity of the author, addressee(s), signatories, parties, or other

11  PERSONS identified therein, its present location or custodian and a description of

12  its contents.

13          Y.     The singular form of a noun or pronoun includes within its

14  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

15  the masculine form of a pronoun also includes within its meaning the feminine form

16  of the pronoun so used, and vice versa; the use of any tense of any verb includes

17  also within its meaning all other tenses of the verb so used, whenever such

18  construction results in a broader request for information; and "and" includes "or"

19  and vice versa, whenever such construction results in a broader disclosure of

20  documents or information.

21

22  **II.     <u>INSTRUCTIONS</u>**

23          A.     YOU are to produce all requested DOCUMENTS in YOUR

24  possession, custody or control.

25          B.     If YOU contend that YOU are not required to produce certain

26  DOCUMENTS called for by these Requests on the grounds of a privilege or

27  protection that YOU are not prepared to waive, identify each such DOCUMENT

28  and provide the following information:

1.   the date and type of the DOCUMENT, the author(s) and all recipients;

2.   the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.   the title and subject matter of the DOCUMENT;

4.   any additional facts on which YOU base YOUR claim of privilege or protection; and

5.   the identity of the current custodian of the original of the DOCUMENT.

C.   DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.   The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.   DOCUMENTS in electronic form shall be produced in that form.

F.   In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.   the date and type of the DOCUMENT, the author(s) and all recipients;

2.   the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.   the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

·7209/2175380.1

4.   the PERSONS who were authorized to carry out such destruction or discard;

5.   the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.   whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO any of the FORMER MATTEL EMPLOYEES' resignations from MATTEL.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO compensation, money or any other item of value paid to any of the FORMER MATTEL EMPLOYEES, whether directly or indirectly, by YOU.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS received by YOU, directly or indirectly, from any FORMER MATTEL EMPLOYEE authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

1 | REQUEST FOR PRODUCTION NO. 4:

2      All DOCUMENTS received by YOU, directly or indirectly, from Paula

3 | Garcia that were authored by or for the benefit of MATTEL, or RELATING TO

4 | MATTEL, or any MATTEL product, plan, client, customer, current or former

5 | MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

6

7 | REQUEST FOR PRODUCTION NO. 5:

8      All DOCUMENTS received by YOU, directly or indirectly, from

9 | Veronica Marlow that were authored by or for the benefit of MATTEL, or

10 | RELATING TO MATTEL, or any MATTEL product, plan, client, customer,

11 | current or former MATTEL employee, sales, advertising, marketing, analysis, tool

12 | or procedure.

13

14 | REQUEST FOR PRODUCTION NO. 6:

15      All DOCUMENTS received by YOU, directly or indirectly, from

16 | Margaret Hatch-Leahy that were authored by or for the benefit of MATTEL, or

17 | RELATING TO MATTEL, or any MATTEL product, plan, client, customer,

18 | current or former MATTEL employee, sales, advertising, marketing, analysis, tool

19 | or procedure.

20

21 | REQUEST FOR PRODUCTION NO. 7:

22      All DOCUMENTS received by YOU, directly or indirectly, from Sarah

23 | Halpern that were authored by or for the benefit of MATTEL, or RELATING TO

24 | MATTEL, or any MATTEL product, plan, client, customer, current or former

25 | MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

26

27

28

J7209/2175380.1

EXHIBIT 13
PAGE 300

REQUEST FOR PRODUCTION NO. 8:

To the extent not produced in response to any other Request for Production, all DOCUMENTS received by YOU, directly or indirectly, at any time from any PERSON identified in Exhibit 664 (bearing Bates numbers MGA 0868630-31) that was authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 9:

To the extent not produced in response to any other Request for Production, all DOCUMENTS received by YOU, directly or indirectly, at any time after January 1, 1998 from any current or former MATTEL employee or MATTEL contractor that was authored by or for the benefit of MATTEL, or RELATING TO MATTEL, or any MATTEL product, plan, client, customer, current or former MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that YOU received, directly or indirectly, from any FORMER MATTEL EMPLOYEE.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

EXHIBIT 13
PAGE 307

1   reproduction, copying, storage, transmission, transfer, retention, destruction,

2   deletion or use of any DOCUMENTS, data and/or information, including but not

3   limited to any compilation of information, that was prepared, made, created,

4   generated, assembled or compiled by or for MATTEL and that YOU received,

5   directly or indirectly, from Paula Garcia.

6

7   REQUEST FOR PRODUCTION NO. 12:

8          All DOCUMENTS, including but not limited to all

9   COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

10  reproduction, copying, storage, transmission, transfer, retention, destruction,

11  deletion or use of any DOCUMENTS, data and/or information, including but not

12  limited to any compilation of information, that was prepared, made, created,

13  generated, assembled or compiled by or for MATTEL and that YOU received,

14  directly or indirectly, from Margaret Hatch-Leahy.

15

16  REQUEST FOR PRODUCTION NO. 13:

17         All DOCUMENTS, including but not limited to all

18  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

19  reproduction, copying, storage, transmission, transfer, retention, destruction,

20  deletion or use of any DOCUMENTS, data and/or information, including but not

21  limited to any compilation of information, that was prepared, made, created,

22  generated, assembled or compiled by or for MATTEL and that YOU received,

23  directly or indirectly, from Sarah Halpern.

24

25  REQUEST FOR PRODUCTION NO. 14:

26         All DOCUMENTS, including but not limited to all

27  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

28  reproduction, copying, storage, transmission, transfer, retention, destruction,

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 302

1  deletion or use of any DOCUMENTS, data and/or information, including but not
2  limited to any compilation of information, that was prepared, made, created,
3  generated, assembled or compiled by or for MATTEL and that YOU received,
4  directly or indirectly, from Veronica Marlow.
5
6  REQUEST FOR PRODUCTION NO. 15:
7          To the extent not produced in response to any other Request for
8  Production, all DOCUMENTS, including but not limited to all
9  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,
10 reproduction, copying, storage, transmission, transfer, retention, destruction,
11 deletion or use of any DOCUMENTS, data and/or information, including but not
12 limited to any compilation of information, that was prepared, made, created,
13 generated, assembled or compiled by or for MATTEL and that YOU received,
14 directly or indirectly, from any PERSON identified in Exhibit 664 (bearing Bates
15 numbers MGA 0868630-31).
16
17 REQUEST FOR PRODUCTION NO. 16:
18         To the extent not produced in response to any other Request for
19 Production, all DOCUMENTS, including but not limited to all
20 COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,
21 reproduction, copying, storage, transmission, transfer, retention, destruction,
22 deletion or use of any DOCUMENTS, data and/or information, including but not
23 limited to any compilation of information, that was prepared, made, created,
24 generated, assembled or compiled by or for MATTEL and that YOU received,
25 directly or indirectly, at any time after January 1, 1998 from any current or former
26 MATTEL employee or MATTEL contractor.
27
28

07209/2175380.1

-15-

EXHIBIT 13
PAGE 303

1  REQUEST FOR PRODUCTION NO. 17:

2          To the extent not produced in response to any other Request for

3  Production, a copy of each personnel file maintained or created by YOU

4  RELATING TO any of the FORMER MATTEL EMPLOYEES.

5

6  REQUEST FOR PRODUCTION NO. 18:

7          All DOCUMENTS REFERRING OR RELATING TO any of the

8  FORMER MATTEL EMPLOYEES' job titles and job duties in each position the

9  FORMER MATTEL EMPLOYEES held while employed by MGA.

10

11  REQUEST FOR PRODUCTION NO. 19:

12          All DOCUMENTS REFERRING OR RELATING TO BRAWER's job

13  title and job duties in each position BRAWER held while employed by MGA.

14

15  REQUEST FOR PRODUCTION NO. 20:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans

18  prepared, created, sent or transmitted, whether in whole or in part, by BRAWER at

19  any time prior to December 31, 2005.

20

21  REQUEST FOR PRODUCTION NO. 21:

22          All DOCUMENTS, including but not limited to all

23  COMMUNICATIONS, RELATING TO Bratz Head Gamez prepared, created, sent

24  or transmitted, whether in whole or in part, by BRAWER.

25

26

27

28

07209/2175380.1

-16-

1  REQUEST FOR PRODUCTION NO. 22:

2       All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, RELATING TO Bratz Secret Date prepared, created, sent

4  or transmitted, whether in whole or in part, by BRAWER.

5

6  REQUEST FOR PRODUCTION NO. 23:

7       All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS, RELATING TO Bratz Hollywood Style prepared, created,

9  sent or transmitted, whether in whole or in part, by BRAWER.

10

11 REQUEST FOR PRODUCTION NO. 24:

12      All DOCUMENTS REFERRING OR RELATING TO MACHADO's

13 job title and job duties in each position MACHADO held while employed by MGA.

14

15 REQUEST FOR PRODUCTION NO. 25:

16      All DOCUMENTS, including but not limited to all

17 COMMUNICATIONS, RELATING TO MGA's market planning and product

18 development RELATING TO the toy market in Mexico prepared, created, sent or

19 transmitted, whether in whole or in part, by MACHADO at any time prior to April

20 30, 2005.

21

22 REQUEST FOR PRODUCTION NO. 26:

23      All DOCUMENTS REFERRING OR RELATING TO TRUEBA'S job

24 title and job duties in each position TRUEBA held while employed by MGA.

25

26 REQUEST FOR PRODUCTION NO. 27:

27      All DOCUMENTS, including but not limited to all

28 COMMUNICATIONS, RELATING TO MGA's market planning and product

07209/2175380.1

-17-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 305

1  development RELATING TO the toy market in Mexico prepared, created, sent or

2  transmitted, whether in whole or in part, by TRUEBA between six months before

3  she left to one year after she left MATTEL.

4

5  <u>REQUEST FOR PRODUCTION NO. 28:</u>

6       All DOCUMENTS REFERRING OR RELATING TO VARGAS' job

7  title and job duties in each position VARGAS held while employed by MGA.

8

9  <u>REQUEST FOR PRODUCTION NO. 29:</u>

10       All DOCUMENTS, including but not limited to all

11  COMMUNICATIONS, RELATING TO MGA's promotional spending and

12  activities in Mexico prepared, created, sent or transmitted, whether in whole or in

13  part, by VARGAS at any time prior to April 30, 2005.

14

15  <u>REQUEST FOR PRODUCTION NO. 30:</u>

16       All COMMUNICATIONS between YOU and COONEY prior to April

17  28, 2006.

18

19  <u>REQUEST FOR PRODUCTION NO. 31:</u>

20       All DOCUMENTS RELATING TO COMMUNICATIONS between

21  YOU and COONEY prior to April 28, 2006, including but not limited to all calendar

22  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

23

24  <u>REQUEST FOR PRODUCTION NO. 32:</u>

25       All DOCUMENTS, including but not limited to all

26  COMMUNICATIONS with any PERSON, RELATING TO COONEY prior to

27  April 28, 2006.

28

-18-

EXHIBIT 13
PAGE 306

1  REQUEST FOR PRODUCTION NO. 33:

2         All COMMUNICATIONS between COONEY and any Toys 'R Us

3  employee, agent or representative prior to May 31, 2007.

4

5  REQUEST FOR PRODUCTION NO. 34:

6         All DOCUMENTS RELATING TO Toys 'R Us prepared, created, sent

7  or transmitted by COONEY prior to May 31, 2007.

8

9  REQUEST FOR PRODUCTION NO. 35:

10        All COMMUNICATIONS between COONEY and any MGA customer

11  prior to May 31, 2007.

12

13  REQUEST FOR PRODUCTION NO. 36:

14        All COMMUNICATIONS between YOU and CASTILLA prior to

15  March 13, 2006.

16

17  REQUEST FOR PRODUCTION NO. 37:

18        All DOCUMENTS RELATING TO COMMUNICATIONS between

19  YOU and CASTILLA prior to March 13, 2006, including but not limited to all

20  calendar entries, phone logs, phone records and notes reflecting such

21  COMMUNICATIONS.

22

23  REQUEST FOR PRODUCTION NO. 38:

24        All DOCUMENTS, including but not limited to all

25  COMMUNICATIONS with any PERSON, RELATING TO CASTILLA prior to

26  March 13, 2006.

27

28

07209/2175380.1

-19-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 307

1  REQUEST FOR PRODUCTION NO. 39:

2         All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, RELATING TO sales planning or inventory management

4  prepared, created, sent or transmitted, whether in whole or in part, by CASTILLA

5  prior to March 31, 2007.

6

7  REQUEST FOR PRODUCTION NO. 40:

8         All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' job

9  title and job duties in each position BRISBOIS held while employed by MGA.

10

11  REQUEST FOR PRODUCTION NO. 41:

12         All COMMUNICATIONS between BRISBOIS and any employee,

13  agent or representative of Wal-Mart, including but not limited to Wal-Mart Canada,

14  prior to September 30, 2006.

15

16  REQUEST FOR PRODUCTION NO. 42:

17         All DOCUMENTS RELATING TO Wal-Mart, including but not

18  limited to Wal-Mart Canada, prepared, created, sent or transmitted by BRISBOIS

19  prior to September 30, 2006.

20

21  REQUEST FOR PRODUCTION NO. 43:

22         All COMMUNICATIONS between BRISBOIS and any employee,

23  agent or representative of Toys 'R Us, including but not limited to Toys 'R Us

24  Canada, prior to September 30, 2006.

25

26

27

28

J7209/2175380.1

-20-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 308

1   REQUEST FOR PRODUCTION NO. 44:

2        All DOCUMENTS RELATING TO Toys 'R Us, including but not

3   limited to Toys 'R Us Canada, prepared, created, sent or transmitted by BRISBOIS

4   prior to September 30, 2006.

5

6   REQUEST FOR PRODUCTION NO. 45:

7        All COMMUNICATIONS between BRISBOIS and any MGA

8   customer prior to September 30, 2006.

9

10   REQUEST FOR PRODUCTION NO. 46:

11        All DOCUMENTS RELATING TO MGA's plans for product launches

12   and promotions in or for 2005 and Spring 2006 prepared, created, sent, transmitted

13   or received by BRISBOIS.

14

15   REQUEST FOR PRODUCTION NO. 47:

16        All COMMUNICATIONS RELATING TO MGA's plans for product

17   launches and promotions in or for 2005 and Spring 2006 prepared, created, sent,

18   transmitted or received by BRISBOIS.

19

20   REQUEST FOR PRODUCTION NO. 48:

21        All COMMUNICATIONS between YOU and CONTRERAS prior to

22   November 13, 2004.

23

24   REQUEST FOR PRODUCTION NO. 49:

25        All DOCUMENTS RELATING TO COMMUNICATIONS between

26   YOU and CONTRERAS prior to November 13, 2004, including but not limited to

27   all calendar entries, phone logs, phone records and notes reflecting such

28   COMMUNICATIONS.

1    REQUEST FOR PRODUCTION NO. 50:

2         All DOCUMENTS, including but not limited to all

3    COMMUNICATIONS with any PERSON, RELATING TO CONTRERAS prior to

4    November 13, 2004.

5

6    REQUEST FOR PRODUCTION NO. 51:

7         All DOCUMENTS, including but not limited to all

8    COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans

9    prepared, created, sent or transmitted, whether in whole or in part, by CONTRERAS

10   prior to December 31, 2005.

11

12   REQUEST FOR PRODUCTION NO. 52:

13        All COMMUNICATIONS between CONTRERAS and any MATTEL

14   employee after November 13, 2004.

15

16   REQUEST FOR PRODUCTION NO. 53:

17        All COMMUNICATIONS between YOU and HAN prior to March 9,

18   2005.

19

20   REQUEST FOR PRODUCTION NO. 54:

21        All DOCUMENTS RELATING TO COMMUNICATIONS between

22   YOU and HAN prior to March 9, 2005, including but not limited to all calendar

23   entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

24

25   REQUEST FOR PRODUCTION NO. 55:

26        All DOCUMENTS, including but not limited to all

27   COMMUNICATIONS with any PERSON, RELATING TO HAN prior to March 9,

28   2005.

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 310

/7209/2175380.1

REQUEST FOR PRODUCTION NO. 56:

All COMMUNICATIONS between HAN and any Wal-Mart employee, agent or representative prior to March 31, 2006.

REQUEST FOR PRODUCTION NO. 57:

All DOCUMENTS RELATING TO Wal-Mart prepared, created, sent or transmitted by HAN prior to March 31, 2006.

REQUEST FOR PRODUCTION NO. 58:

All COMMUNICATIONS between HAN and any MGA customer prior to March 31, 2006.

REQUEST FOR PRODUCTION NO. 59:

All COMMUNICATIONS between YOU and HINH prior to June 28, 2005.

REQUEST FOR PRODUCTION NO. 60:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and HINH prior to June 28, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 61:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO HINH prior to June 28, 2005.

EXHIBIT 13
PAGE 311

1   <u>REQUEST FOR PRODUCTION NO. 62</u>:

2          All DOCUMENTS, including but not limited to all

3   COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans

4   prepared, created, sent or transmitted, whether in whole or in part, by HINH prior to

5   June 30, 2006.

6

7   <u>REQUEST FOR PRODUCTION NO. 63</u>:

8          All COMMUNICATIONS between YOU and KAO prior to February

9   17, 2005.

10

11   <u>REQUEST FOR PRODUCTION NO. 64</u>:

12          All DOCUMENTS RELATING TO COMMUNICATIONS between

13   YOU and KAO prior to February 17, 2005, including but not limited to all calendar

14   entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

15

16   <u>REQUEST FOR PRODUCTION NO. 65</u>:

17          All DOCUMENTS, including but not limited to all

18   COMMUNICATIONS with any PERSON, RELATING TO KAO prior to February

19   17, 2005.

20

21   <u>REQUEST FOR PRODUCTION NO. 66</u>:

22         All DOCUMENTS, including but not limited to all

23   COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans

24   prepared, created, sent or transmitted, whether in whole or in part, by KAO prior to

25   February 28, 2006.

26

27

28

EXHIBIT 13
PAGE 312

1  REQUEST FOR PRODUCTION NO. 67:

2          All COMMUNICATIONS between YOU and THOMPSON prior to

3  March 19, 2005.

4

5  REQUEST FOR PRODUCTION NO. 68:

6          All DOCUMENTS RELATING TO COMMUNICATIONS between

7  YOU and THOMPSON prior to March 19, 2005, including but not limited to all

8  calendar entries, phone logs, phone records and notes reflecting such

9  COMMUNICATIONS.

10

11  REQUEST FOR PRODUCTION NO. 69:

12          All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, RELATING TO THOMPSON prior to

14  March 19, 2005.

15

16  REQUEST FOR PRODUCTION NO. 70:

17          All DOCUMENTS, including but not limited to all

18  COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans

19  prepared, created, sent or transmitted, whether in whole or in part, by THOMPSON

20  prior to March 31, 2006.

21

22  REQUEST FOR PRODUCTION NO. 71:

23          All DOCUMENTS REFERRING OR RELATING TO any promotion

24  received by any of the FORMER MATTEL EMPLOYEES while employed by

25  YOU, including without limitation all DOCUMENTS REFERRING OR

26  RELATING TO the reasons therefor.

27

28

EXHIBIT 13
PAGE 313

1  REQUEST FOR PRODUCTION NO. 72:

2         All DOCUMENTS REFERRING OR RELATING TO any demotion

3  of any of the FORMER MATTEL EMPLOYEES while employed by YOU,

4  including without limitation all DOCUMENTS REFERRING OR RELATING TO

5  the reasons therefor.

6

7  REQUEST FOR PRODUCTION NO. 73:

8         All DOCUMENTS REFERRING OR RELATING TO any increase in

9  salary, pay or benefits received by any of the FORMER MATTEL EMPLOYEES

10  while employed by YOU, including without limitation all DOCUMENTS

11  REFERRING OR RELATING TO the reasons therefor.

12

13  REQUEST FOR PRODUCTION NO. 74:

14         All DOCUMENTS REFERRING OR RELATING TO any bonuses,

15  monetary incentives or payments other than as part of base salary received by any of

16  the FORMER MATTEL EMPLOYEES while employed by YOU, including without

17  limitation all DOCUMENTS REFERRING OR RELATING TO the reasons

18  therefor.

19

20  REQUEST FOR PRODUCTION NO. 75:

21         All DOCUMENTS REFERRING OR RELATING TO any warning,

22  admonition, discipline or other adverse employment action received by any of the

23  FORMER MATTEL EMPLOYEES while employed by YOU, including without

24  limitation all DOCUMENTS REFERRING OR RELATING TO the reasons

25  therefor.

26

27

28

EXHIBIT 13
PAGE 314

1  REQUEST FOR PRODUCTION NO. 76:

2       All DOCUMENTS that REFER OR RELATE TO any warning,

3  admonition, discipline or any other adverse employment action that YOU have

4  taken toward any of YOUR current or former employees for using a competitor's

5  confidential or proprietary information, trade secrets or intellectual property.

6

7  REQUEST FOR PRODUCTION NO. 77:

8       All DOCUMENTS that are or REFER OR RELATE TO YOUR

9  policies and procedures, if any, regarding the use or prohibition of use of a

10 competitor's confidential or proprietary information, trade secrets or intellectual

11 property.

12

13 REQUEST FOR PRODUCTION NO. 78:

14      All DOCUMENTS that REFER OR RELATE TO YOUR destruction,

15 loss, failure to preserve, or otherwise render unavailable or inaccessible any

16 MATTEL DOCUMENTS.

17

18 REQUEST FOR PRODUCTION NO. 79:

19      The original of any media or device on which any MATTEL

20 DOCUMENT was delivered to YOU.

21

22 REQUEST FOR PRODUCTION NO. 80:

23      The original of any MATTEL DOCUMENT delivered to YOU.

24

25 REQUEST FOR PRODUCTION NO. 81:

26      All DOCUMENTS that YOU contend prove or that YOU will rely on

27 at trial to prove that YOU did not use or disclose any MATTEL DOCUMENT or

28 any information contained in any MATTEL DOCUMENT.

EXHIBIT 13
PAGE 315

REQUEST FOR PRODUCTION NO. 82:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that MATTEL agreed or consented to or acquiesced in YOUR taking, use or possession of any MATTEL DOCUMENT.

REQUEST FOR PRODUCTION NO. 83:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that YOU did not acquire any MATTEL DOCUMENT through improper means.

REQUEST FOR PRODUCTION NO. 84:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that the information in the MATTEL DOCUMENTS does not derive independent economic value from not being generally known to the public or other persons who can obtain economic value from its use.

REQUEST FOR PRODUCTION NO. 85:

DOCUMENTS sufficient to IDENTIFY any MATTEL DOCUMENT that contains information generally known to the public or to PERSONS who can obtain economic value from its disclosure and use.

REQUEST FOR PRODUCTION NO. 86:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that MATTEL did not take reasonable efforts under the circumstances to maintain the secrecy of the information in the MATTEL DOCUMENTS.

EXHIBIT 13
PAGE 310

1  REQUEST FOR PRODUCTION NO. 87:

2      DOCUMENTS sufficient to show all efforts that YOU take to maintain

3  the secrecy of YOUR trade secrets, and the date YOU started such efforts, including

4  but not limited to all policies and procedures related thereto.

5

6  REQUEST FOR PRODUCTION NO. 88:

7      All DOCUMENTS that REFER OR RELATE TO any failures to

8  comply with YOUR efforts or violation of YOUR policies or procedure to maintain

9  the secrecy of YOUR trade secrets.

10

11  REQUEST FOR PRODUCTION NO. 89:

12      DOCUMENTS sufficient to IDENTIFY who failed to comply with

13  YOUR efforts or violated YOUR policies and procedures to maintain the secrecy of

14  YOUR trade secrets.

15

16  REQUEST FOR PRODUCTION NO. 90:

17      All DOCUMENTS that REFER OR RELATE TO YOUR use or

18  disclosure of any information in the MATTEL DOCUMENTS.

19

20  REQUEST FOR PRODUCTION NO. 91:

21      All DOCUMENTS that REFER OR RELATE TO YOUR access to any

22  information in the MATTEL DOCUMENTS.

23

24  REQUEST FOR PRODUCTION NO. 92:

25      All DOCUMENTS created, authored, modified or copied by YOU or

26  for YOUR benefit that contain any portion of information contained in any

27  MATTEL DOCUMENT.

28

EXHIBIT 13
PAGE 317

**REQUEST FOR PRODUCTION NO. 93:**

DOCUMENTS sufficient to IDENTIFY the date of creation, modification, access or transmission of any DOCUMENT created, authored, modified or copied by YOU or for YOUR benefit that contains any portion of information contained in any MATTEL DOCUMENT.

**REQUEST FOR PRODUCTION NO. 94:**

DOCUMENTS sufficient to IDENTIFY each PERSON who created, accessed, modified, used, copied or transmitted any DOCUMENT created, authored, modified or copied by YOU or for YOUR benefit that contains any portion of information contained in any MATTEL DOCUMENT.

**REQUEST FOR PRODUCTION NO. 95:**

DOCUMENTS sufficient to IDENTIFY the date of creation, modification, access or transmission of any DOCUMENTS that REFER OR RELATE TO YOUR access to any information in the MATTEL DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 96:**

DOCUMENTS sufficient to IDENTIFY each PERSON who created, accessed, modified, used, copied or transmitted any DOCUMENTS that REFER OR RELATE TO YOUR access to any information in the MATTEL DOCUMENTS.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that MATTEL suffered no harm caused by YOUR use and/or disclosure of any information in the MATTEL DOCUMENTS.

EXHIBIT 13
PAGE 318

1  REQUEST FOR PRODUCTION NO. 98:

2          All DOCUMENTS that YOU contend prove or that YOU will rely on

3  at trial to prove that YOU obtained no benefit from YOUR use and/or disclosure of

4  any information in the MATTEL DOCUMENTS.

5

6  REQUEST FOR PRODUCTION NO. 99:

7          All California and federal tax returns filed by YOU, including all

8  schedules and work papers RELATED TO the preparation and filing of YOUR tax

9  returns.

10

11 REQUEST FOR PRODUCTION NO. 100:

12         All DOCUMENTS that REFER OR RELATE TO YOUR product or

13 product line offerings, or contemplated or proposed product or product line

14 offerings, for calendar year 2003, including without limitation YOUR product line

15 lists for such time period and all DOCUMENTS that REFER OR RELATE TO

16 changes or amendments or contemplated or proposed changes or amendments

17 thereto.

18

19 REQUEST FOR PRODUCTION NO. 101:

20         All DOCUMENTS that REFER OR RELATE TO YOUR product or

21 product line offerings, or contemplated or proposed product or product line

22 offerings, for calendar year 2004, including without limitation YOUR product line

23 lists for such time period and all DOCUMENTS that REFER OR RELATE TO

24 changes or amendments or contemplated or proposed changes or amendments

25 thereto.

26

27

28

-31-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 319

1  REQUEST FOR PRODUCTION NO. 102:

2          All DOCUMENTS that REFER OR RELATE TO YOUR product or

3  product line offerings, or contemplated or proposed product or product line

4  offerings, for calendar year 2005, including without limitation YOUR product line

5  lists for such time period and all DOCUMENTS that REFER OR RELATE TO

6  changes or amendments or contemplated or proposed changes or amendments

7  thereto.

8

9  REQUEST FOR PRODUCTION NO. 103:

10          All DOCUMENTS that REFER OR RELATE TO YOUR product or

11  product line offerings, or contemplated or proposed product or product line

12  offerings, for calendar year 2006, including without limitation YOUR product line

13  lists for such time period and all DOCUMENTS that REFER OR RELATE TO

14  changes or amendments or contemplated or proposed changes or amendments

15  thereto.

16

17  REQUEST FOR PRODUCTION NO. 104:

18          All DOCUMENTS that REFER OR RELATE TO YOUR product or

19  product line offerings, or contemplated or proposed product or product line

20  offerings, for calendar year 2007, including without limitation YOUR product line

21  lists for such time period and all DOCUMENTS that REFER OR RELATE TO

22  changes or amendments or contemplated or proposed changes or amendments

23  thereto.

24

25  REQUEST FOR PRODUCTION NO. 105:

26          All DOCUMENTS that REFER OR RELATE TO YOUR product or

27  product line offerings, or contemplated or proposed product or product line

28  offerings, for calendar year 2008, including without limitation YOUR product line

07209/2175380.1

EXHIBIT 13
PAGE 320

1  lists for such time period and all DOCUMENTS that REFER OR RELATE TO

2  changes or amendments or contemplated or proposed changes or amendments

3  thereto.

4

5  REQUEST FOR PRODUCTION NO. 106:

6           All DOCUMENTS that REFER OR RELATE TO any dispute,

7  disagreement or controversy relating to THIS ACTION between, on the one hand,

8  MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,

9  O'MELVENY and/or CHRISTENSEN, including but not limited to any and all

10 disputes which were or have been asserted as a basis for, or which underlie,

11 contributed to or were a factor in, the withdrawal, termination and/or substitution of

12 O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION.

13

14 REQUEST FOR PRODUCTION NO. 107:

15          All DOCUMENTS that REFER OR RELATE TO YOUR corporate

16 formation and administration, including but not limited to by-laws, article of

17 incorporations, stock certificates, cancelled or void stock certificates, stock ledgers,

18 stock transfer ledgers or records, stockholder or shareholder agreements, voting

19 agreements or any other agreement that REFERS OR RELATES TO YOUR

20 stockholders or shareholders.

21

22

23

24 DATED:  October 25, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
25

26                                 By_____
27                                    Jon Corey
                                      Attorneys for Mattel, Inc.
28

07209/2175380.1

-33-
MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 13
PAGE 321

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6      On October 26, 2007, I served true copies of the following documents

7 described as:  **MATTEL, INC.'S FOURTH SET OF REQUESTS FOR**

8 **DOCUMENTS AND THINGS TO MGA ENTERTAINMENT INC.**

9 on the parties in this action as follows:

10 Thomas J. Nolan
   **Skadden, Arps, Slate, Meagher &**
11 **Flom LLP**
   300 South Grand Ave., Ste. 3400
12 Los Angeles, California 90071

13

14      [√ ]   [PERSONAL] by personally delivering the document listed above to

15      the person(s) at the address(es) set forth above.

16      I declare that I am employed in the office of a member of the bar of this court

17 at whose direction the service was made

18      Executed on October 26, 2007, at Los Angeles, California.

19

20                                    _____

21                                    Dave Quintana

22

23

24

25

26

27

28

7209/2266886.107209/22
5307.1.1

-2-                          Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE

EXHIBIT 13
PAGE 322

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On October 26, 2007, I served true copies of the following documents described as: **MATTEL, INC.'S FOURTH SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT INC..** on the parties in this action as follows:

| | |
|---|---|
| John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christina M. Anderson, Esq.<br>**Keker & Van Nest, LLP**<br>710 Sansome Street<br>San Francisco, CA 94111 | Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>Alexander H. Cote, Esq.<br>**Overland Borenstein Scheper & Kim, LLP**<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071-3144 |

[√]   **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

Executed on October 26, 2007, at Los Angeles, California.

*Linda Cano*
Linda Cano

7209/2266886.107209/2
5307.1.1

-3-

Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE

EXHIBIT 13
PAGE 323