1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11 CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

12             Plaintiff,                 Consolidated with
                                          Case No. CV 04-09059
13       vs.                              Case No. CV 05-02727

14 MATTEL, INC., a Delaware              **DISCOVERY MATTER**
   corporation,
15                                        **[To Be Heard By Discovery Master
             Defendant.                   Hon. Edward Infante (Ret.) Pursuant To
16                                        The Court's Order Of December 6, 2006]**

17 AND CONSOLIDATED ACTIONS             **SEPARATE STATEMENT NO. 2**

18                                       [PUBLIC REDACTED] SEPARATE
                                         STATEMENT IN SUPPORT OF
19                                       MATTEL, INC.'S MOTION (1) TO
                                         ENFORCE COURT'S DISCOVERY
20                                       ORDERS AND TO COMPEL; (2) TO
                                         OVERRULE IMPROPER
21                                       INSTRUCTIONS; AND (3) FOR
                                         SANCTIONS

22                                       Hearing Date:    January 4, 2008
23                                       Time:            9:00 a.m.
                                         Place:           TBD
24
                                         Phase 1
25                                       Discovery Cut-off: January 28, 2008
                                         Pre-trial Conference: May 5, 2008
26                                       Trial Date: May 27, 2008

27

28

07209/2315872.1

                                              SEPARATE STATEMENT NO. 2

1      Mattel, Inc. ("Mattel") respectfully submits the following separate statement

2  in support of the portion of its Motion (1) To Enforce Court's Discovery Orders and

3  to Compel; (2) To Overrule Improper Instructions; and (3) For Sanctions directed to

4  overruling improper instructions not to answer deposition questions and to compel

5  answers.

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 1. [53:15-55:1]**[1] | MGA improperly instructed the witness not to identify MGA's primary shareholder on scope and privacy grounds.  The information sought is relevant to Topic 37, MGA's corporate structure.  All of MGA's objections and limitations thereto were previously overruled.  See May 16 Order, ¶ 5.  Corey Dec., Exh. 11.  ████████ ██████████████████ Tonnu Tr. at 49:3 to 52:15, Corey Dec., Exh. 1.  The identity and specifics of MGA's shareholders is relevant for a number of reasons.  First, it is relevant to damages, given that since 2001, ██████████████████ |

[1]  Unless otherwise noted, all deposition transcript citations are to the deposition transcripts of Lisa Tonnu, taken July 19, 2007 (attached to the Corey Dec. as Exhibit 1) and September 24-25, 2007 (attached to the Corey Dec. as Exhibit 2).



| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|

Corey Dec. Exh. 59. Second, depending on the structure of the trusts, they may be relevant to a showing of Larian's net worth for punitive damages claims. Mattel cannot make that determination without first knowing the trust(s) basic information. The instruction not to answer are improper. To the extent privacy concerns are implicated, and MGA failed to specifically identify such concerns, MGA's remedy is to invoke the Protective Order in place in this matter. It failed to do so.

Further, the attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics. "When a corporation

7209/2315872.1

-2-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ████████████ ████ | produces an employee under <u>Fed. R. Civ. P.</u> 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers." <u>Sprint Communications v. TheGlobe.Com, Inc.</u>, 236 F.R.D. 524, 529 (D. Kan. 2006). As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information.<br><br>     Finally, MGA's instructions not to answer based on "scope" are improper. <u>Federal Rule of Civil Procedure</u> 30, provides, in part:<br><br>          Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).</u><br><br><u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis |

7209/2315872.1

-3-

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | added).  Rule 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions. Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections.  "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")).  Objections as to form, or whether a |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | question is compound may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to answer, coupled by Ms. Tonnu's following counsel's instructions, were not only unreasonable but improper. |
| **Instruction No. 2. [55:2-8]** | See Response to Instruction No. 1. |
| **Instruction No. 3. [55:12-23]** | See Response to Instruction No. 1. |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮ | |
| **Instruction No. 4. [55:25-56:10]** | See Response to Instruction No. 1. |
| **Instruction No. 5. [353:22-354:12]** | See Response to Instruction No. 1. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | |

**Instruction No. 6. [162:25-164:2]**

THE WITNESS: I just want to make a clarification of something I stated earlier regarding the voucher

The Discovery Master has previously ruled that facts learned from counsel are not privileged. Indeed, the Discovery Master initially did so based

| | INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | payments. | upon MGA's and Bryant's own |
| 5 | I did get my dates wrong because | arguments that such matters are not |
| 6 | I learned this information a couple days | privileged and did so again in his Order |
| 7 | ago. But the two invoices that were | Granting Mattel's Motion for an |
| 8 | 1031, that one was actually -- the | Extension of Time to Depose Paula |
| 9 | voucher date was October 2000. And | Garcia in Her Individual Capacity and as |
| 10 | then the royalty payment was also dated | a 30(b)(6) Designee at 14:2-12, 16:1-3, |
| 11 | in October 2000 as well. | attached to the Corey Dec., Exh. 16. |
| 12 | BY MR. COREY: | That is the information sought here. |
| 13 | Q    And that's -- that's what | Mattel may inquire into what was said |
| 14 | counsel told you at the break? | between counsel and Ms. Tonnu at the |
| 15 | A    He -- | break. Recess conversations between |
| 16 | MR. JENAL: Objection. Calls | counsel and the deponent are prohibited. |
| 17 | for attorney-client communication. | At the very least, Mattel's counsel may |
| 18 | And instruct the witness not to | inquire into what was said and review |
| 19 | answer. | the documents, if any, that refreshed Ms. |
| 20 | BY MR. COREY: | Tonnu's recollection. See Fed. R. Evid. |
| 21 | Q    How was your recollection | 612; and Schwarzer, Tashima & |
| 22 | refreshed, Ms. Tonnu? | Wagstaffe, Fed. Prac. Guide: Civ. Proc. |
| 23 | A    Excuse me? | Before Trial, § 11:1573, 11:971 (Rutter's |
| 24 | Q    How was your recollection | Group 2007). |
| 25 | refreshed as to correct dates that you | |
| 26 | testified to? | |
| 27 | MR. JENAL: Same objection. | |
| 28 | Instruct the witness not to answer | |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
| --- | --- |
| to the extent it calls for attorney-client communication.<br><br>        BY MR. COREY:<br>        Q        Did Mr. Jenal tell you what the dates were?<br>        MR. JENAL:  Same objection.<br>        Instruct the witness not to answer. | |
| **Instruction No. 7. [177:9-21]**<br>██████████████████<br>████████████████<br>██████<br>██████████<br>████████████<br>██████████████████<br>██████████<br>██████████████<br>██████████████████<br>████████████████<br>██████████████████<br>████████<br>██████████<br>██████████████<br>████████<br>██████████████ | In addition to the May 16 Order requiring MGA to produce its witnesses for the Topics and overruling all objections thereto, Mattel is entitled to information concerning the handling, shipment and testing of original Bratz documents.  These questions do not seek the results of any tests that Mr. Speckin may have conducted.  MGA retained Erich Speckin, but has not stated whether Mr. Speckin will testify.  Declaration of Erich J. Speckin, dated July 21, 2006, ¶ 1, attached to the Corey Dec., Exh. 19.  Assuming Mr. Speckin is, at the least, a consulting expert, the Federal Rules of Civil Procedure permit discovery of facts |

-9-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ██████████ | known or opinions held by Mr. Speckin under the present exceptional circumstances: |

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Federal Rule of Civil Procedure 26(b)(4)(B); see also Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:925-927 (Rutter's Group 2007). To the extent MGA claims this information is protected as "work product," that contention is without merit. Rule 26(b)(4)(B) "abolishes the notion that a nontestifying expert's information is 'privileged' or protectable as 'work

-10-

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | product.' Instead, discovery from nontestifying experts is based on the doctrine of unfairness." Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:927 (Rutter's Group 2007) (emphasis in original) (citations omitted); see also Federal Rule of Civil Procedure 26(b)(4)(B). The premise underlying the unfairness doctrine is that a party should not be permitted to build its case on the preparation and expense of its adversary. See Pearl Brewing Co. v. Jos. Schlitz Brewing Co., 415 F. Supp. 1122, 1138 (S.D. Tex. 1976) (doctrine is intended to protect against the danger that "such discovery would afford the opportunity to take unwarranted advantage of an adversary's trial preparation"). Rule 26(b)(4)(B), however, "is not an 'impenetrable fortress' against discovery and parties seeking discovery can make a showing of exceptional circumstances where there is no practicable alternative by which they can obtain the |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | information." Bank Brussels Lambert v. Chase Manhattan Bank, N.A., 175 F.R.D. 34, 44 (S.D.N.Y. 1997). "In assessing 'unfairness,' courts balance the intrusion on the resisting party's work product and the coerced appropriation of the nontestifying expert's knowledge against the need for information that cannot be obtained in any other way, in order to make an accurate determination of the facts." Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:927 (Rutter's Group 2007) (emphasis in original) (citations omitted); see also Federal Rule of Civil Procedure 26(b)(4)(B). Mattel is entitled to information concerning the handling, shipping and testing of original Bratz documents while in Mr. Speckin's possession. Mattel seeks information concerning which documents Mr. Speckin tested, how these documents were handled, and which tests were performed on the documents, how they were shipped and |

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | how they were stored. Mattel is not attempting to avoid the expense of retaining its own consultants (and, in fact, Mattel has engaged its own consultants as the Discovery Master is aware). The manner in which Mr. Speckin transported, analyzed, tested or otherwise used the documents is also plainly relevant. Indeed, as Judge Larson held over a year ago, the facts concerning MGA's handling of key evidence in this matter are fundamental and potentially dispositive. Court's Order Denying Appointment of Expert Witness ("Expert Order") dated August 11, 2006, 11:8-10, attached to the Corey Dec., Exh. 13. In August, 2006, Judge Larson noted concerns about MGA's and Bryant's potential spoliation with respect to key Bratz design drawings and the destructive testing defendants' performed on them after this suit was filed, without prior notice to either the Court or Mattel. Expert Order at 11:10-11:13, attached to |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | the Corey Dec., Exh. 13("That there are serious questions concerning the handling of these critical documents certainly causes the Court much concern about whether the truth seeking functions of the adversarial system have been fundamentally compromised in this case.").  As the Court noted, the documents "are not peripheral to the case[,]" and their dating "is a fundamental, perhaps dispositive, issue to this case."  Expert Order at 10:25-11:1, 11:9-11:10, attached to the Corey Dec., Exh. 13.

      It is not only impracticable, but impossible, for Mattel to obtain these facts elsewhere.  Facts concerning the handling of original Bratz documents during Mr. Speckin's testing are known uniquely to him.  These facts are available no where else other than in Mr. Speckin's mind and in what he relayed to MGA or Bryant.  And, as an agent of MGA, MGA has an obligation to prepare a witness to provide that |

-14-

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | factual information to Mattel pursuant to the Discovery Master's May 16 and August 14 Orders.  Not only has MGA refused to provide this information to Mattel, it will not permit Mattel to depose MGA on this issue, even though ordered.  MGA's refusal to provide information concerning the factual circumstances of Mr. Speckin's handling of original Bratz documents is, therefore, inherently unfair.<br><br>Mattel is not attempting to gain an unfair advantage by "appropriating" Mr. Speckin's "knowledge."  On balance, any intrusion on MGA's alleged "work product," to the extent any such product exists (and MGA has not identified anything in particular), is outweighed by Mattel's need for this information that cannot be obtained in any other way. Exceptional circumstances exist which require MGA to provide information concerning Mr. Speckin's facts or opinions.  See People ex rel. Wheeler v. Southern Pacific Transp. Co., 1993 WL |

7209/2315872.1

-15-

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | 816066, *16 (E.D. Cal. Sept. 2, 1993) (affirming magistrate judge's holding that exceptional circumstances existed where it was "impracticable for defendants to obtain significantly equivalent information by other means, in part because of the extraordinary costs involved and in part because of changing [testing conditions] and logistical considerations"); Delcastor, Inc. v. Vail Assocs., Inc., 108 F.R.D. 405, 408-09 (D. Colo. 1985) (exceptional circumstances established where defendant's expert was the only expert to examine the slide area before the relevant terrain had substantially changed); Pearl Brewing, 415 F. Supp. at 1138 (permitting discovery because defendant was not trying to avoid burden of using its own experts, but rather needed to know computer codes used by plaintiff's consultants so that it could analyze the conclusions of plaintiff's testifying experts).  MGA should be compelled to testify concerning the |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | aforementioned facts known to Mr. Speckin, and MGA's spurious instructions not to answer should be overruled. |
| **Instruction No. 8. [178:3-10]** | See Response to Instruction No. 7. |
| **Instruction No. 9. [178:18-179:3]** | See Response to Instruction No. 7. |
| | The Discovery Master has previously ruled that facts learned from counsel are not privileged. Indeed, the Discovery Master initially did so based upon MGA's and Bryant's own arguments that such matters are not privileged and did so again in his Order Granting Mattel's Motion for an |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16. That is the information sought here. Mattel may inquire into what was said between counsel and Ms. Tonnu at the break. Recess conversations between counsel and the deponent are prohibited. At the very least, Mattel's counsel may inquire into what was said and review the documents, if any, that refreshed Ms. Tonnu's recollection. See Fed. R. Evid. 612; and Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1573, 11:971 (Rutter's Group 2007). |
| **Instruction No. 10. [179:5-10]** | See Response to Instruction No. 7. |

-18-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ████████████████████ ████████████████ | |
| **Instruction No. 11. [179:19-179:25]**<br><br>████████████████<br>████████████████████<br>███████████<br>████████<br>██████████████<br>██████████<br>███████████████<br>███████████████<br>█████████<br>██████████ | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 12. [180:1-180:14]**<br><br>███████████<br>██████████████<br>█████████████████<br>██████████████<br>███████████████████<br>█████████████<br>████████████████<br>██████████████<br>███████<br>████████████████ | |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ████████████████ ██████ ███████ ███████████ ████████ █████ | |
| **Instruction No. 13. [181:5-11]** ██████ █████████████ ████████ ████████ ██████ ██████ ███████ ██████ █████ | See Response to Instruction No. 7. |
| **Instruction No. 14. [181:14-21]** ██████ ███████ ██████ ██████ █████ █████ █████ | See Response to Instruction No. 7.  Moreover, MGA's instructions not to answer based on form and/or scope are improper pursuant to Federal Rule of Civil Procedure 30, which provides, in part:  Any objection during a deposition must be stated concisely and in a non-argumentative and non- |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)</u>.

<u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added).  <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions.

    Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."   Schwarzer, Tashima & Wagstaffe, <u>Fed. Prac. Guide:</u> |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
|  | Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, or whether a question is already "asked and answered" may be raised, but are not the proper basis for an instruction not to answer. MGA's instruction not to answer was unreasonable and improper. |
| **Instruction No. 15. [181:23-182:3]** ███████████████ | See Response to Instruction No. 7. |
| **Instruction No. 16. [182:5-22]** ███████████████ | See Response to Instruction No. 7. |

-22-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ███████████████ | |
| ████████████ | |
| █████████████ | |
| ██████ | |
| █████████████ | |
| ████████████ | |
| ██████████████ | |
| ██████████████ | |
| ████████████ | |
| █████████████ | |
| ███████████████ | |
| ████████ | |
| █████████████ | |
| █████████████ | |
| ████████████████ | |
| ████████████████ | |
| ██████████████ | |
| ███████████████ | |
| ███████ | |
| **Instruction No. 17. [183:5-9]** | <u>See</u> Responses to Instruction Nos. 7 and 9. |
| ████████████ | |
| ████████████ | |
| █████████ | |
| █████████████ | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ███████████████████████ ██████████ | |
| **Instruction No. 18. [183:11-13]** ██████████████ ████████████████ ████████ ███████████████ █████████ | <u>See</u> Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 19. [185:3-6]** █████████████ █████████████████ ████████████████ ███████████████ ██████████████ █████ | <u>See</u> Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 20. [189:4-16]** ████████████ ██████████████ ████████████ ████████ ██████████ █████████ █████████ | <u>See</u> Responses to Instruction Nos. 7 and 9. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ███████████████ ██████████ ████ ███████████ █████████ █████████ ██████████ █████████ ████████ | |
| **Instruction No. 21. [573:4-9]** ███████████ ████████████ ██████████ ████████ ██████ ████████ ████████████ █████████ ██ | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 22. [574:5-575:21]** ███████████ ████████████ █████████ | See Response to Instruction No. 7. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ███████████ | |
| ██████████████ | |
| ███████████████████ | |
| ██████████████ | |
| ██████ | |
| ████████████████ | |
| ████ | |
| ████████████ | |
| █████████████████ | |
| ██████████████████ | |
| ███████ | |
| █████████████████ | |
| ███████ | |
| █████████████ | |
| ██████████████████ | |
| ██████████████████ | |
| █████████████████ | |
| ██████ | |
| ███████████████ | |
| ███████████████ | |
| █████████████ | |
| ██████████████████ | |
| ████████████ | |
| ████████████████ | |
| ███████████████████ | |
| █████████████████ | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ██████████████ | |
| █████████████ | |
| ████████████████ | |
| ███████████ | |
| ████████████████ | |
| ███████████████ | |
| █████████████████ | |
| ████████████████ | |
| ████████████████ | |
| █████████████████ | |
| █████████████████ | |
| ██ | |
| ████████████████ | |
| ██████████████ | |
| █████████████ | |
| ████████████████ | |
| ██████████████ | |
| ███████████ | |
| ██████████████ | |
| █████████████ | |
| ██████████████████ | |
| █████████████████ | |
| ████████████ | |
| ███████████████ | |
| █████████████ | |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| ██████████████████ ██ ██████████████ | |
| **Instruction No. 23. [591:10-592:8]** ██████████████ ██████████████ ████████████ █████████████ ███████████████ ███████████████ █████████████ ███████████████ ███████████████ ██████████ █████████ █████████████ ███████████ █████████ ██████████████ ██████████ ██████████ █████████████ █████████████ | <u>See</u> Response to Instruction No. 7. |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| ███████████ ███████████ ███████████ ████████ ████████ ██████████ ████████ ███████████ ██ | |
| **Instruction No. 24. [270:4-17]** | Topic No. 21 is compelled. The Discovery Master ordered MGA to produce a witness to testify about access to Mattel's DIVA STARZ project. MGA improperly instructed the witness not to answer questions squarely within this topic. Further, the attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics. "When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide |

Q.      What did Ms. Garcia tell you about Diva Starz?

MS. MORGENTHALER LEVER:  Objection to the extent such discussion occurred in the presence of legal counsel.

MR. COREY:  Are you instructing her not to provide information that Ms. Garcia provided her in connection with preparing for this deposition on attorney-client privilege and attorney work product grounds?

MS. MORGENTHALER LEVER:  If the attorney -- if legal

SEPARATE STATEMENT NO. 2

7209/2315872.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| counsel was present and there's no stipulation, as there's no waiver of the attorney-client privilege. | responsive underlying factual information even though such information was transmitted through or from corporate lawyers." Sprint Communications v. TheGlobe.Com, Inc., 236 F.R.D. 524, 529 (D. Kan. 2006). The Discovery Master has previously suggested that facts learned from counsel are not privileged. Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16. That is the information sought here. As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information concerning document preservation and collection. MGA's instruction not to answer is improper. |
| **Instruction No. 25. [271:21-25]**<br>     Q.     Okay.  What did Ms. | See Response to Instruction No. 24. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Garcia tell you about Diva Starz?<br><br>MS. MORGENTHALER LEVER:  I object to the extent it calls for communications that occurred in the presence of legal counsel. | |
| **Instruction No. 26. [279:3-9]**<br>    Q.    Did Ms. Garcia tell you that she had access to the Diva Starz -- any Diva Starz information while she was at Mattel?<br>    A.    No.<br>    Q.    Was she asked that?<br>MS. MORGENTHALER LEVER:  Objection.  Calls for attorney-client communications. | <u>See</u> Response to Instruction No. 24. |
| **Instruction No. 27. [529:16-531:13]**<br>    Did MGA have access to Mattel internal information regarding Diva Starz prior to February 1st, 2000?<br>MS. MORGENTHALER LEVER:  Objection.  Outside the scope. Vague and ambiguous.  Calls For Speculation.  Lack of foundation. | <u>See</u> Response to Instruction No. 24. |

7209/2315872.1

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
| --- | --- |

1 
2 
3 

4  Assumes facts in evidence, that they did

5  have any information.  You're asking a -

6  - and calls for a legal conclusion.

7      THE DEPONENT:  Not that I'm

8  aware of.

9      BY MR. COREY:

10     Q.    As you sit here today, you

11  don't know one way or the other?

12     MS. MORGENTHALER

13  LEVER:  OBJECTION.  Misstates the

14  witness's testimony.  She said not that

15  she's aware of.  That's a --

16     MR. COREY:  Counsel, you've

17  made your objection.  I'm tired --

18     MS. MORGENTHALER

19  LEVER:  That is completely improper,

20  argumentative, and badgering.

21     MR. COREY:  No --

22     MS. MORGENTHALER

23  LEVER:  You are -- it was asked and

24  answered.

25     MR. COREY:  Your speaking

26  objection --

27     MS. MORGENTHALER

28  LEVER:  No.

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| MR. COREY:  Your speaking -- <br><br> MS. MORGENTHALER LEVER:  Asked and answered.  I'm not going to let you do this.  This is completely improper. <br><br> BY MR. COREY: <br><br> Q.   Go ahead and answer the question. <br><br> MS. MORGENTHALER LEVER:  And this is your last repeating of this.  You've asked these same questions yesterday. <br><br> MR. COREY:  That is absolutely not true, counsel, and you know that.  I asked her what she did to prepare for her deposition -- <br><br> MS. MORGENTHALER LEVER:  No, you didn't. <br><br> MR. COREY:  -- Yesterday. <br><br> MS. MORGENTHALER LEVER:  You went through the entire Diva Starz and this yesterday. <br><br> BY MR. COREY: <br><br> Q.     Go ahead and answer the question. |  |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| A.   Not that I'm aware of.<br>Q.   So you don't know one way or the other?<br>MS. MORGENTHALER LEVER: No -- objection.  You know -- instruction not to answer.  This is the second time you've said this. | |
| **Instruction No. 28. [532:7-18]**<br>Q.   The question was: MGA is denying that it had access to internal information about Mattel's Diva Starz project prior to September 1st, 2000?<br>MS. MORGENTHALER LEVER: It calls for a legal conclusion and also calls for attorney-client privileged information.  Outside -- and you're asking a legal conclusion of a lay witness.<br>MR. COREY:  Are you instructing the witness?<br>MS. MORGENTHALER LEVER: You know, instruct not to answer.  That's an improper question. | See Response to Instruction No. 24.  Further, instructions not to answer based on "scope" or the question is "improper" are incorrect.  Federal Rule of Civil Procedure 30, provides, in part:<br><br>Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).<br><br>Fed. R. Civ. P. 30(d)(1) (emphasis added).  Rule 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, |

7209/2315872.1

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions. Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. |

"[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, or whether a question is compound or improper may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to answer were

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | unreasonable and improper. |
| **Instruction No. 29. [535:10-536:19]** | See Responses to Instruction Nos. 24 and 28. |

1  **INSTRUCTIONS NOT TO**
2  **ANSWER DEPOSITION**
3  **QUESTIONS:**
4
5  **Instruction No. 29. [535:10-536:19]**
6      Q.    Okay.  Do you know
7  whether MGA learned during late '99
8  and early 2000 that Mattel was
9  considering using the name "Brat[s]" in
10  connection with the Diva Starz project?
11      MS. MORGENTHALER
12  LEVER:  Objection.  Assumes facts not
13  in evidence.  Misstates the witness's
14  prior testimony.
15      MR. COREY:  Listen, counsel --
16      MS. MORGENTHALER
17  LEVER:  This is compound.
18      MR. COREY:  -- It's a
19  foundational question.
20      MS. MORGENTHALER
21  LEVER:  No, it's not foundation
22  because you didn't -- you've -- you've --
23      MR. COREY:  Come on.  This is
24  ridiculous.
25      MS. MORGENTHALER
26  LEVER:  -- Put two things together.
27      MR. COREY:  Stop talking.
28  Make your objection -- no speaking

7209/2315872.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| objections -- and we'll get this done.      MS. MORGENTHALER LEVER:  Object not to -- instruct not to answer, then, because you -- once again you've linked two facts together.      MR. COREY:  Counsel, are you instructing?      MS. MORGENTHALER LEVER:  Yeah.      MR. COREY:  Okay.      MS. MORGENTHALER LEVER:  Restate the question.      MR. COREY:  I'm not restating it.  I'm entitled to an answer to my question.  What's the basis for the instruction?      MS. MORGENTHALER LEVER:  You've put two facts together in the question and made it compound.      MR. COREY:  And compound is a basis to instruct?      MS. MORGENTHALER LEVER:  Yes, it is. | |
| **Instruction No. 30. [538:18-539:7]**      Q.    Isn't it true that Paula | See Responses to Instruction Nos. 24 and 28. |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Treantafelles --Paula Garcia now -- knew prior to September 1st, 2000, that during the late 1999 and 2000 time frame, that Mattel considered using the name "Brats," B-R-A-T-S, in connection with the Diva Starz project?<br>　　　MS. MORGENTHALER LEVER:  Objection.  Compound. Assumes facts not in evidence.  May call for attorney-client communications. Outside the scope of the deposition. Improper as to form.  Instruct the witness not to answer.<br>　　　BY MR. COREY:<br>　　　Q.　　Are you going to follow your counsel's instruction?<br>　　　A.　　Yes. | |
| **Instruction No. 31. [537:2-538:17]**<br>　　　Q.　　Is MGA denying that -- is MGA denying that it knows that in 1999 and 2000, Mattel considered using the "Brat[s]" name in connection with its Diva Starz line?<br>　　　MS. MORGENTHALER | See Responses to Instruction Nos. 24 and 28. |

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|

1 | **INSTRUCTIONS NOT TO**
2 | **ANSWER DEPOSITION**
3 | **QUESTIONS:**
4 | LEVER:  Objection.  Assumes facts not
5 | in evidence.  Improper as to form.  Lack
6 | of foundation.  It's "do you know that
7 | you were beating your wife?"  That's
8 | the kind of question it is.  Object --
9 | instruct not to answer.
10 |      BY MR. COREY:
11 |      Q.     Do you know whether
12 | MGA has at any time known that in the
13 | late '99/2000 time period, Mattel
14 | considered using "Bratz" in connection
15 | with its Diva Starz line?
16 |      MS. MORGENTHALER
17 | LEVER:  Objection as to form.
18 | Compound.  Assumes facts not in
19 | evidence.  Instruct not to answer.
20 |      Clean up the question.
21 |      BY MR. COREY:
22 |      Q.     Are you going to follow
23 | your counsel's instruction?
24 |      A.     Yes.
25 |      Q.     Do you know whether
26 | MGA learned during -- learned that
27 | Mattel, during the 2000 time period,
28 | contemplated using the name "Boyz,"

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| B-O-Y-Z, in connection with its Diva Starz line? | |

1
2
3
4    B-O-Y-Z, in connection with its Diva
5    Starz line?
6         MS. MORGENTHALER
7    LEVER:  Objection.  Outside the scope
8    of this deposition.  Instruct not to
9    answer.
10        BY MR. COREY:
11        Q.    Is MGA denying that it has
12   never -- never known that MGA -- that
13   Mattel considered using the "Boyz," B-
14   O-Y-Z, name in connection with its
15   Diva Starz project during 2000?
16        MS. MORGENTHALER
17   LEVER:  Outside the scope of this
18   deposition.  Instruct the witness not to
19   answer.
20        Q.   Are you going to follow your
21   counsel's instruction?
22        A.   Yes.
23

**Instruction No. 32. [540:9-541:6]**

24        Is MGA denying that Ms.
25   Treantafelles knew that -- knew prior to
26   September 1st, 2000, that Mattel was
27   considering using the name "Brats," B-

See Responses to Instruction Nos. 24 and 28.

-40-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| R-A-T-S, in connection with the Diva Starz project? | |

R-A-T-S, in connection with the Diva

Starz project?

      MS. MORGENTHALER

LEVER: Objection. Compound.

You're asking her whether they denied a

fact that does not exist or hasn't been

established in the record. Assumes

facts not in evidence. Improper as to

form. And also outside the scope of the

deposition. Instruct not to answer.

      BY MR. COREY:

      Q.    Are you going to follow

your counsel's instruction?

      A.    Yes.

      Q.    Do you know whether Ms.

Treantafelles knew that the "Boyz"

name, B-O-Y-Z, was going to be used

by Mattel in connection with the Diva

Starz project prior to September 1st,

2000?

      MS. MORGENTHALER

LEVER: Objection. Compound.

Assumes facts not in evidence. Outside

the scope of the deposition. Lacks

foundation. Calls for speculation.

7209/2315872.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Instruct not to answer. | |
| **Instruction No. 33. [542:3-22]** | See Responses to Instruction Nos. 24 and 28. |

**Instruction No. 33. [542:3-22]**

     Is MGA denying that prior to September 2000 -- excuse me -- prior to September 1st, 2000, Paula Garcia knew that Mattel was considering using the name "Boyz," B-O-Y-Z, in connection with the Diva Starz project during the 2000 time period?

     MS. MORGENTHALER LEVER:  You know -- God.  Instruct not to answer.  It just has too many problems.  Compound.  Objection as to form.  Vague and ambiguous.

     MR. COREY:  Let's start here.

     Q.    At any time has Paula Treantafelles known that MGA -- excuse me -- that Mattel used the name "Boyz" -- contemplated using the name "Boyz," B-O-Y-Z, in connection with the Diva Starz project?

     MS. MORGENTHALER LEVER:  Objection.  How can this -- you're asking -- this is a 30(b)(6) witness as to MGA, not Mattel.  Calls