UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Hon. Edward Infante (Ret.) Pursuant To Order Of December 6, 2006]<br><br>[PROPOSED] ORDER GRANTING MATTEL, INC.'S MOTION (1) TO ENFORCE COURT'S DISCOVERY ORDERS AND TO COMPEL; (2) TO OVERRULE IMPROPER INSTRUCTIONS; AND (3) FOR SANCTIONS<br><br>Hearing Date:   January 4, 2008<br>Time:             9:00 a.m.<br>Place:            TBD<br><br>Discovery Cut-off:   January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |

# [PROPOSED] ORDER

Having considered Mattel, Inc.'s Motion to Enforce Court's Discovery Orders and To Compel; (2) To Overrule Improper Instructions; and (3) For Sanctions and all other papers filed in opposition to or in connection therewith, and finding good cause therefore,

IT IS HEREBY ORDERED that

1. MGA produce witnesses fully prepared to respond to Topic Nos. 11, 13, 14, 19, 21, 22, 23, 24, 25, 27, 28, 31, 34, 39, 40 and 41 in Mattel's Second Notice of Deposition of MGA Entertainment Inc

2. MGA's instructions not to answer deposition questions and objections to deposition questions during the deposition of Lisa Tonnu and the deposition of Spencer Woodman are overruled in their entirety.

3. MGA must produce, no later than January 9, 2008, all documents that MGA designee Kenneth Lockhart identified during his June 14, 2007 deposition as documents which he reviewed and relied upon to refresh his recollection in preparation for his deposition.

4. The deposition of MGA designee Lisa Tonnu is reopened based on a complete reversal of testimony made through purported written "changes" to her deposition transcript.

5. MGA must produce Rebecca Harris to sit for the completion of her deposition and/or such other person selected by MGA as its designee to complete the testimony on Topics for which Harris was previously designated.

6. MGA must produce Spencer Woodman to sit for the completion of his deposition and/or such other person selected by MGA as its designee to complete the testimony on Topic No. 34.

7. I hereby make a report and recommend to The Honorable Stephen Larson that MGA is in contempt of my May 16, 2007 Order and August 14,

1 2007 Order (the "Orders") as a result of its repeated and willful failure to produce
2 properly prepared Rule 30(b)(6) witnesses.
3       8.    I hereby make a report and recommend to The Honorable
4 Stephen Larson, as a result of MGA's willful, repeated and flagrant violation of the
5 Orders, that he:
6       (a)    deem the following facts to be admitted:
7           (i)    prior to October 1, 2000, MGA exhibited, marketed,
8 offered for sale and pitched Bratz and Bratz designs to
9 third parties, including retailers, wholesalers and
10 distributors;
11          (ii)    prior to October 1, 2000, MGA communicated with
12 manufacturers, retailers, wholesalers and distributors
13 regarding the manufacture, sale and distribution of Bratz
14 and Bratz designs, including with manufacturers, retailers,
15 wholesalers and distributors who MGA has failed and
16 refused to identify in violation of Court Orders;
17         (iii)    beginning no later than early November 2000, MGA
18 showed and presented Bratz and Bratz designs to focus
19 groups;
20         (iv)    prior to the conception, design, reduction to practice and
21 development of Bratz, former Mattel employees and
22 contractors who worked with or for MGA on the Bratz
23 project had access to Mattel's confidential and non-public
24 DIVA STARZ information, including but not limited to
25 Exhibits 307-317 and 665-668, while those former Mattel
26 employees and contractors worked at or for Mattel;
27         (v)    prior to and during the time of the conception, design,
28 reduction to practice and development of Bratz, MGA

|   |   |   |
|---|---|---|
|   |   | made payments of money and promises of payments of money to Mattel employees who MGA has failed and refused to identify at times when MGA knew they were employed by Mattel; |
|   | (vi) | MGA has made payments to and on behalf of Elise Cloonan and other witnesses in this case that MGA has failed and refused to disclose, despite Court Orders; |
|   | (vii) | MGA has had communications with Elise Cloonan and other witnesses in this case that MGA has failed and refused to disclose, despite Court Orders; |
|   | (viii) | MGA knowingly and deliberately destroyed and failed to preserve evidence relating to the origins, design and development of Bratz, including evidence relating to Mattel's allegations that Bryant had created, conceived of and reduced to practice Bratz and Bratz designs during the time that Bryant was employed by Mattel; |
|   | (ix) | MGA knowingly and deliberately destroyed and failed to preserve evidence relating to Mattel and to Mattel's allegations that MGA stole Mattel's trade secrets; |
|   | (x) | MGA, its officers and its agents, knowingly, deliberately and repeatedly submitted false statements to government and judicial agencies; and |
|   | (xi) | any other fact that the Discovery Master deem appropriate; |
| (b) | | preclude MGA, directly or indirectly, from: |
|   | (i) | presenting evidence, argument or opinion related to ink, paper, chemical or other forensic or scientific analysis or testing of any Bratz or Bratz-related documents, including original Bratz design documents; |

(ii)    refuting or contesting any evidence or opinion that Mattel may present relating to ink, paper or chemical testing of any Bratz or Bratz-related original documents

(iii)    refuting or contesting any evidence, argument or opinion that Mattel may present relating to ink, paper, chemical or other forensic or scientific analysis or testing of any Bratz or Bratz-related documents, including Bratz original design documents;

(iv)    from arguing or presenting evidence or opinion contrary to or inconsistent with evidence or opinion that Mattel presents regarding Bratz revenues, profits or costs;

(v)    from arguing or presenting evidence or opinion of any costs incurred in connection with Bratz or the revenues derived from Bratz;

(vi)    from arguing or presenting evidence or opinion regarding fee and indemnification agreements that MGA and/or Bryant has sought, proposed, requested or obtained in connection with this litigation;

(vii)    from arguing or presenting evidence or opinion that MGA collected evidence, in response to Mattel's requests for documents or tangible things, other than the evidence identified by MGA designees Lisa Tonnu and Ken Lockhart at their oral depositions;

(viii)    contradicting, offering any explanation, argument or evidence or advancing any position, directly or indirectly, in connection with its prior sworn testimony or statements or denying that such testimony and statements were made by and under the authority of MGA; and

|     |     |       |                                                                                      |
| --- | --- | ----- | ------------------------------------------------------------------------------------ |
| 1   |     | (ix)  | any other preclusion sanction that the Discovery Master                              |
| 2   |     |       | deem appropriate.                                                                    |
| 3   | 9.  |       | MGA shall pay to Mattel $10,000 as reimbursement for the fees                        |

and costs that Mattel has incurred in bringing this motion and deposing MGA's Rule 30(b)(6) witnesses.

DATED: _____, 2008

_____
Hon. Edward Infante (Ret.)
Discovery Master

[PROPOSED] ORDER