QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br>MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br>Hearing Date:  December 14, 2007<br>Time:          9:30 a.m.<br>Place:         JAMS S.F. Office<br>**Phase 1:**<br>Discovery Cut-off:    January 28, 2008<br>Pre-trial Conference: April 21, 2008<br>Trial Date:           May 27, 2008 |

**Preliminary Statement**

In its opposition, MGA does not dispute that the documents at issue in this motion are highly relevant and necessary for Mattel to prepare its damages analysis. To the contrary, MGA agrees that the requested documents provide the "starting point" for Mattel's expert damages report. Nor does MGA dispute that it promised to produce the documents months ago but failed to do so.

Instead, MGA maintains that there is no dispute and that Mattel should have been more patient with the meet and confer process. The uncontested facts show that Mattel was far more than patient, and that MGA's repeated, broken promises are what required this motion. Mattel began seeking these documents six months ago and had its first meet and confer in July, 2007. During the meet and confers, MGA promised to produce the documents it now admits are necessary to Mattel's damages analysis no later than September 28, 2007. MGA failed to abide by its promise, however. When Mattel met and conferred again over MGA's failure to produce the documents as promised, MGA refused to even provide a new date by which the documents purportedly would be produced. In the meantime, the deadline for expert damages reports is fast approaching and, by the time this motion is heard, will be less than two months away.

MGA's suggestion that this motion is unnecessary because it has produced some financial information is also without merit. Indeed, it has nothing to do with the financial documents sought. MGA concedes that it has yet to produce the information it promised to produce in response to the requests at issue and that provide the "starting point" for Mattel's damages analysis. Moreover, MGA's Rule 30(b)(6) witness admitted that the document MGA points to, Exhibit 660, is not only incomplete, but inaccurate in that it does not reflect actual Bratz revenues or costs.

MGA also claims that it is unable to produce a summary report on the "profitability" of Bratz products at the SKU-level because cost information must be

gathered from multiple sources.  That, too, is beside the point.  MGA does not dispute that it can produce a summary report showing unit sales and revenue at the SKU-level.  Such information is necessary for Mattel's damages analysis as Mattel has the burden of showing MGA's revenue from infringing products (and MGA has the burden of showing proper deductions from revenue).  MGA should be ordered to produce it.

Finally, MGA's argument that Mattel has not been prejudiced by MGA's delay in producing this information because MGA has not yet provided the information to its own damages expert is irrelevant and nonsensical.  Mattel is the plaintiff in the Phase 1 trial and, as stated above, has the burden of showing MGA's revenue.  Undoubtedly, MGA would be quite happy if its revenue information was never shown to any expert.  In any event, MGA's suggestion that it is somehow in the same boat as Mattel is no excuse for MGA's failure to have produced admittedly relevant financial information that Mattel has been seeking for more than six months.

MGA has engaged in a pattern of not producing discoverable information absent a Court Order and, on many occasions, not even then.  MGA has already failed to produce the information at issue here when it said it would.  Mattel is entitled to an order compelling MGA to produce it without further delay or excuse.

## Argument

### I. THE COURT SHOULD ORDER MGA TO PRODUCE THE FINANCIAL DOCUMENTS IT PROMISED TO PRODUCE MORE THAN TWO MONTHS AGO

MGA's opposition puts little in dispute. MGA admits that the documents that Mattel seeks are relevant and will provide the "starting point" for the damages analysis to be conducted by Mattel's (and MGA's) damages expert.  (Opp. at 2.)  MGA does not dispute that it promised to produce this information more than

two months ago or that, when Mattel met and conferred about MGA's failure to produce the documents as promised, MGA failed to even provide a date by which they would be produced. Only after Mattel filed this motion did MGA offer any new date by which the documents purportedly will be produced.

MGA now claims that there is no need to go forward with the motion because it "anticipates" that it will be able to produce the information before the motion is heard. Of course, it has made—and broke—that promise before as to the very documents at issue here, as previously shown. MGA also has made this same representation before on prior motions to the Discovery Master in an attempt to avoid a Court Order, only to go back on it as well. For example, when Mattel was forced back in February to compel MGA to produce obviously discoverable documents about the origins of Bratz, MGA argued that it "has already cured many of the alleged 'deficiencies' in its production and will have resolved any remaining deficiencies before this matter is heard" and, therefore, that "the majority of Mattel's motion to compel is unnecessary and should be denied on that basis alone."[1] Even by the time of the hearing, and then even by the time of the Discovery Master's Order in May, however, MGA had still not produced the documents at issue, and instead went on to appeal the Order compelling production and ask the Discovery Master for more time for compliance.[2] When that was denied, MGA moved *ex parte* before Judge Larson objecting to the Order requiring production and seeking

---

[1] MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007, p. 10, Notice of Lodging Regarding Mattel, Inc.'s Motion To Compel Production Of Documents, dated December 6, 2007 ("Notice of Lodging"), Exh. 1. Id. at 11.

[2] MGA Entertainment Inc.'s Notice of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Reponses By MGA, dated May 30, 2007, Notice of Lodging, Exh. 2.

additional time.³ Even today, ten months after MGA's promises of production and despite Court Order, MGA still has not made a complete production.⁴

Mattel is entitled to a Court Order compelling the production of MGA's financial documents forthwith.

## II. MGA ADMITS THAT EXHIBIT 660 DOES NOT PROVIDE THE REQUESTED FINANCIAL INFORMATION

MGA points to Exhibit 660 and argues that Mattel cannot claim "that it has received no financial information at all." (Opp. at 1.) This is a red herring since Mattel's motion is about particular—and critical—financial information it needs for its expert reports, but that MGA has not produced. Notably, MGA does not even attempt to argue that Exhibit 660 provides the information responsive to Mattel's requests, that MGA had promised to produce in September and that will provide the "starting point" for Mattel's damages analysis. According to MGA, that information is still being collected and purportedly will be produced by December 12, 2007.

Nor could MGA make any argument that Exhibit 660 provides the information sought on this motion. MGA designated Lisa Tonnu, MGA's Vice President of Taxation, to testify on the compelled Rule 30(b)(6) topic related to Bratz revenue, profits, and costs. At deposition, she relied exclusively on Exhibit 660. She testified, however, that even with Exhibit 660, she did not know Bratz revenues, profits, or costs. For example, Exhibit 660:

- did not contain the same information and did not correlate to numbers contained in MGA's financial statements;⁵

---

³ MGA's Emergency Ex Parte Application for Review of Special Master Infante's Order Denying MGA's Motion For Stay or Extension, dated June 22, 2007, Notice of Lodging, Exh. 3.

⁴ E.g., Mattel, Inc.'s Notice of Motion and Motion to Enforce the Court's Order of May 15, 2007, to Compel MGA to Produce Compelled Documents in Un-Redacted Form, and for Sanctions, dated September 10, 2007.

- did not contain all sources of Bratz revenue, omitting for example separate revenue categories related to licensing and distribution;[6]
- did not contain information related to returned sales, allowances, or discounts;[7]
- converted amounts received in foreign currencies into US dollars, using a method MGA could not explain;[8] and
- did not include a complete listing of costs.[9]

Tonnu testified that Exhibit 660 included the highest revenue amount per product,[10] but even that is demonstrably false. MGA has both internal and sworn affidavits to other governments showing product specific revenues higher than those reflected in Exhibit 660.[11] Moreover, in an earlier conference of counsel, MGA's counsel expressly denied that the Exhibit was the summary report responsive to the financial requests in Mattel's Second Set of Requests for Documents and Things.[12]

### III. MGA'S DELAY HAS PREJUDICED MATTEL

MGA argues that Mattel has not been prejudiced by its failure to produce the financial information that admittedly will provide the "starting point" for Mattel's damages analysis because MGA's own damages expert does not yet

---

[5] See Deposition of Lisa Tonnu, dated September 24, 2007, at 394:14-396:1, attached to the Supplemental Declaration of Scott B. Kidman dated December 6, 2007 ("Supp. Kidman Dec."), as Exh. 1.

[6] Id. at 400:8-401:6, 408:4-21.

[7] Id. at 396:4-6.

[8] Id. at 409:24-411:1.

[9] Id. at 417:13-20; 422:24-423:10.

[10] Id. at 396:19-22.

[11] Id. at 450:1-452:14; 455:18-456:23.

[12] Supp. Kidman Dec., ¶ 2.

have the information.  Even assuming MGA's dubious assertion that it does not yet have access to its own financial information were accepted at face value, this argument makes no sense.  As plaintiff, it is Mattel's burden to present proof of MGA's revenues.  17 U.S.C. § 504(b) ("In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue . . . ").  MGA's failure to produce revenue information about its own products harms Mattel, not MGA.  By the time this motion is heard, Mattel will have less than two months to analyze its damages on the hundreds of products at issue in this lawsuit and even less time to conduct any follow up discovery that may be necessary.

MGA should be ordered to produce the information immediately to prevent further delay and prejudice to Mattel.

## IV.   MGA SHOULD BE ORDERED TO PRODUCE SUMMARY FINANCIAL REPORTS THAT, AT A MINIMUM, INCLUDE UNIT SALES AND REVENUE INFORMATION AT THE PRODUCT LEVEL

MGA does not dispute that its prior counsel promised to produce summary reports showing much of the information sought by the requests at issue, including unit sales, revenue and certain cost information at the product level.  Instead, MGA states that it cannot provide a summary report showing the "profitability of Bratz dolls and other Bratz products at the SKU-level" because cost information must be collected from multiple data sources.  (Opp. at 6.)  That misses the point, however.  MGA does not dispute that it can produce a summary report that shows unit sales and revenue at the SKU-level.  Such information is of critical importance to Mattel because, as stated above, it is Mattel's burden to prove MGA's revenue from the infringing products.  MGA acknowledges that it would be unfair to Mattel to produce sales invoices and other underlying documents for Mattel to sort through without producing information in summary form.  (Opp. at 2.)  MGA should be ordered to make good on its promises and produce summary reports showing, at a minimum, unit sales and revenue at the SKU-level as well as any

categories of financial information tracked in MGA's accounting system at the SKU-level.

### Conclusion

For the foregoing reasons, The Court should grant Mattel's motion.

DATED:  December 6, 2007          QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP


                                  By /s/ Scott B. Kidman
                                     Scott B. Kidman
                                     Attorneys for Mattel, Inc.

07209/2315350.2

-7-