QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 John B. Quinn (Bar No. 090378)
 johnquinn@quinnemanuel.com
 Michael T. Zeller (Bar No. 196417)
 (michaelzeller@quinnemanuel.com)
 Jon D. Corey (Bar No. 185066)
 (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | [To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006] |
| AND CONSOLIDATED ACTIONS | [PUBLIC REDACTED] SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF METADATA |
| | Hearing Date: TBA<br>Time: TBA<br>Place: Telephonic Hearing |
| | Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2314907.1

SUPPLEMENTAL DECLARATION OF DYLAN PROCTOR

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. In the days that followed Mattel's initial request for the production of metadata from MGA, I spoke with counsel for MGA, William Charron, several times. During these discussions, I informed MGA that the metadata Mattel had requested could demonstrate, in and of itself, that the e-mails in question had crossed state or international borders. I also explained that the emails in question are all alleged predicate acts of fraud supporting Mattel's RICO claims.

3. Mr. Charron accepted that explanation and informed me that he would investigate the potential burdens involved in the production and consult with his client. Then, Mr. Charron informed me -- I understood after having conducted that investigation and made that consultation -- that MGA would provide the requested metadata information to the extent MGA had such information in its possession, custody or control.

4. The chart received by Mattel on October 3, 2007, did not contain any of the metadata that Mattel had requested and MGA had agreed to produce, despite the fact that the parties agreed that all of the information requested by Mattel would be produced by October 1, 2007. After I explained as much to Mr. Charron, MGA's counsel, he again promised to provide the requested information, and said he would promptly investigate how long it would take to gather it. To date, Mattel has not obtained any of the metadata information it requested.

5. Attached as Exhibit 1 is a true and correct copy of a letter from my partner, Timothy Alger, to James Jenal, dated March 29, 2007.

6. Attached as Exhibit 2 is a true and correct copy of the Order Re Motions Heard on June 11, 2007.

7. Attached as Exhibit 3 is a true and correct copy of the Declaration of James P. Jenal in Support of MGA Entertainment, Inc.'s Emergency Ex Parte Application for Review of Special Master Infante's Order Denying MGA's Motion for Stay or Extension, dated June 27, 2007.

8. Attached as Exhibit 4 is a true and correct copy of certain excerpts from the transcript of the Hearing Re Bryant's Motion for Terminating Sanctions, dated August 27, 2007.

9. Attached as Exhibit 5 is a true and correct copy of each of the emails for which Mattel is seeking metadata at this time.

10. Attached as Exhibit 6 is a true and correct copy of MGA Parties' Opposition to Ex Parte Application of O'Melveny & Myers LLP for an Order Shortening Time for Hearing on its Motion to Withdraw and Requiring in Camera Inspection of Supporting Documents, dated October 9, 2007. According to this MGA filing, MGA employed up to 45 attorneys and 65 paralegals at O'Melveny & Myers, one of MGA's former counsel, in this litigation. I am aware that MGA's current counsel, Skadden, Arps, Slate, Meagher and Flom LLP, has attorneys from at least four different offices working on this case.

11. On December 22, 2006, the ABC News program Nightline aired an interview with Isaac Larian in which he stated that MGA would seek "billions" in damages from Mattel. Attached as Exhibit 7 is a true and correct copy of an ABC Nightline transcript dated December 23, 2006, which reflects those statements.

12. Attached as Exhibit 8 is a true and correct copy of an August 6, 2007 article in the Pittsburgh Tribune Review, reflecting MGA's assertion that "worldwide revenue for all Bratz products—dolls, CDs, video games, DVDs, etc.— came to $2 billion for the 13-month period straddling last holiday season."

13.   Attached as Exhibit 9 is a true and correct copy of an August 6, 2007 article in Newsday, stating that "by the end of 2005 Bratz products had topped $2 billion in global sales."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 5, 2007, at Los Angeles, California.

_____
B. Dylan Proctor

07209/2314907.1

-3-
SUPPLEMENTAL DECLARATION OF DYLAN PROCTOR