# EXHIBIT 3

RECEIVED
JUN 27 2007
BRL 4:33

DALE M. CENDALI (admitted *pro hac vice*)
JAMES P. JENAL (S.B. # 180190)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
jjenal@omm.com

PATRICIA GLASER (S.B. #55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815
Attorneys for MGA Entertainment, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)<br><br>**SUPPLEMENTAL DECLARATION OF JAMES P. JENAL IN SUPPORT OF MGA ENTERTAINMENT, INC.'S EMERGENCY EX PARTE APPLICATION FOR REVIEW OF SPECIAL MASTER INFANTE'S ORDER DENYING MGA'S MOTION FOR STAY OR EXTENSION**<br><br>Hearing Date: T.B.D.<br>Time: T.B.D.<br>Discovery Cutoff: October 22, 2007<br>Trial Date: February 12, 2008 |

EXHIBIT 3 - 43

10/27/07

I, James P. Jenal, declare and state as follows:

1. I am a counsel in the law firm of O'Melveny & Myers LLP, counsel for MGA Entertainment, Inc. ("MGA"). All of the facts set forth herein are known to me personally, and if called as a witness, I could and would testify competently thereto.

2. As of this date, MGA has produced over 101,000 pages of documents, of which at least 47,000 pages are emails or their attachments. Notably, emails are frequently the most time consuming type of document to produce given the steps involved with retrieving, reviewing and ultimately producing such documents.

3. Also as of this date, Mattel has produced 110,143 pages of documents (based on their highest Bates number produced to date), and I am informed by those associates who have reviewed and indexed Mattel's production that of those, only approximately 1,183 are emails.[1]

4. Many of the documents that Mattel has produced appear to be "filler," intended to inflate the number of pages produced. For example, Mattel has produced over 12,000 pages of phone records, presumably reflecting outbound calls from its El Segundo facilities between January 1999 and December 2000. However, Rod Palmer, Mattel's designated 30(b)(6) witness on those phone records, testified in his deposition on June 26, 2007, that the approximately 12,000 pages of phone records produced by Mattel were untraceable trunk line usage records that cannot be tied to any person in this case. Thus, those 12,000 pages of Mattel's production are irrelevant and essentially have no value to this litigation. If Mattel's 12,000 pages of useless phone records are subtracted from their production total, MGA has actually produced more documents than Mattel, not less.

---

[1] MGA was unable to review 116 documents in Mattel's production, because the scanned versions of these documents produced by Mattel were corrupted and, thus, illegible.

-2-

JENAL DECL. ISO EX PARTE APPLICATION

**EXHIBIT 3     44**

5. I am informed that when MGA retires a computer, including the computers used by Mr. Larian, the hard drive of that computer is imaged, and the image preserved on an archive. The computer's hard drive is then reformatted if the computer is going to be used by another employee. Thus, that information has not been destroyed, but rather, is preserved in MGA's archive system.

6. I have been further informed that as of January 2007, MGA also began automatically archiving emails older than 90-days into an archive system, from which they cannot be deleted. Prior to that, MGA would regularly export emails into .pst files and archive those files.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 27, 2007, at Los Angeles, California.

_____
James P. Jenal

# EXHIBIT 4

1

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                          EASTERN DIVISION

                               - - -

            HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

                               - - -

   CARTER BRYANT,              )
                               )
                  PLAINTIFF,   )
                               )
        VS.                    ) NO. ED CV 04-09049
                               ) (LEAD LOW NUMBER)
   MATTEL, INC.,               )
                               )
                  DEFENDANT.   )
   _____) BRYANT'S MOTION FOR
   AND RELATED ACTIONS,        ) TERMINATING SANCTIONS
                               )
   _____)


                 REPORTER'S TRANSCRIPT OF PROCEEDINGS

                       RIVERSIDE, CALIFORNIA

                      MONDAY, AUGUST 27, 2007

                             11:06 A.M.
```

**CERTIFIED COPY**

THERESA A. LANZA, RPR, CSR
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET, RM. 134
RIVERSIDE, CALIFORNIA  92501
(951) 274-0844
CSR11457@SBCGLOBAL.NET

AUGUST 27, 2007                                    ED CV 04-9049

**EXHIBIT 4   46**

```
 1   APPEARANCES:

 2


 3   ON BEHALF OF PLAINTIFF/COUNTER DEFENDANT MATTEL, INC.:

 4
                     QUINN EMANUEL
 5                   BY:  JOHN B. QUINN
                     BY:  MICHAEL T. ZELLER
 6                   BY:  JON C. COREY
                     865 S. FIGUEROA STREET,
 7                   10TH FLOOR
                     LOS ANGELES, CALIFORNIA  90017
 8                   (213) 624-7707

 9


10   ON BEHALF OF PLAINTIFF/COUNTER COMPLAINANT/DEFENDANT,
     CARTER BRYANT:
11
                     KEKER & VAN NEST
12                   BY:  MICHAEL H. PAGE
                     710 SANSOME STREET
13                   SAN FRANCISCO, CALIFORNIA  94111-1704
                     (415) 391-5400
14


15

16   ON BEHALF OF MGA ENTERTAINMENT:

17                   O'MELVENY & MYERS LLP
                     BY:  DIANA M. TORRES
18                   400 SOUTH HOPE STREET
                     LOS ANGELES, CALIFORNIA  90071-2899
19                   (213) 430-6000

20                   CHRISTENSEN, GLASER, FINK,
                      JACOBS, WEIL & SHAPIRO, LLP
21                   BY:  PATRICIA GLASER
                     10250 CONSTELLATION BOULEVARD
22                   LOS ANGELES, CALIFORNIA  90067
                     (310) 553-3000
23

24

25
```

JULY 24, 2006               ED CV 04-09049

EXHIBIT  47

1  PRESERVE EVERYTHING.

2  **THE COURT:** WHEN THE COURT SPEAKS ABOUT CRITERIA,
3  THERE IS A LOT ON THOSE ZEUS TAPES. MATTEL DOES A LOT MORE
4  THAN JUST MATTERS RELATED TO BRATZ, OR WHATEVER. THEY'VE GOT
5  BARBIE; THEY'VE GOT ALL KINDS OF DIFFERENT THINGS GOING THAT
6  ARE PRESUMABLY ON THESE ZEUS TAPES; SO THE CRITERIA THAT I'M
7  TALKING ABOUT IS WHAT CRITERIA ARE USED TO --

8  **MS. GLASER:** THAT'S IN CONNECTION WITH ZEUS.

9  **THE COURT:** RIGHT.

10 **MS. GLASER:** WITH RESPECT TO E-MAILS --

11 **THE COURT:** LET'S NOT MIX THESE THINGS.

12 **MS. GLASER:** -- WE'VE ASKED PEOPLE TO PRESERVE
13 EVERYTHING. THEY HAVE NOT ASKED THEM TO PRESERVE EVERYTHING.
14 THEY HAVE CRITERIA THAT WE ARE JUST LEARNING ABOUT TODAY.

15 **THE COURT:** AND I DON'T DISAGREE WITH THE PRACTICE OF
16 NOT PRESERVING EVERY E-MAIL. I DON'T THINK MATTEL HAS TO
17 PRESERVE EVERY E-MAIL THAT'S GENERATED BY MATTEL.

18 **MS. GLASER:** BUT, YOUR HONOR, THEY SHOULD HAVE TO,
19 AND WE ASKED THEM -- YOU KNOW WHAT? DON'T PRESERVE EVERY
20 E-MAIL. HOW ABOUT GIVING US THE LIST OF KEY PERSONNEL THAT ARE
21 WITNESSES THAT YOU'VE IDENTIFIED IN THIS CASE AS WITNESSES AND
22 PRESERVE THEIR E-MAIL FROM THE BEGINNING OF TIME?

23 THEY HAVEN'T EVEN DONE THAT.

24 AND WHEN WE PUSHED THEM ON THAT -- BECAUSE THE
25 INITIAL RESPONSE WAS, 'IT'S TOO EXPENSIVE, AND WE'LL CRASH THE

1  SYSTEM IF WE TRY TO PICK OUT CERTAIN PEOPLE.'

2         AND THEN WE LEARN FROM THEIR 30(B)(6) WITNESS, 'YES,

3  YOU CAN DO THAT, AND IT WON'T HARM THE SYSTEM.  IT'S TIME

4  CONSUMING, BUT IT WON'T HARM THE SYSTEM.'

5         WE'RE NOT BEING TOLD THE SAME THING BY THEIR

6  PURPORTED REPRESENTED, PUSH-FORWARD, 30(B)(6) WITNESSES AND THE

7  LAWYERS.

8         THAT'S GOT TO STOP.

9         **THE COURT:**  WHAT I WANT FROM BOTH PARTIES IS TWO

10 SINGULAR DECLARATIONS, UNDER PENALTY OF PERJURY, SETTING FORTH

11 EXACTLY THE PRESERVATION POLICIES.  I WANT IT FROM MGA.  I WANT

12 IT FROM MATTEL.  AND I DON'T WANT TO JUST HEAR ABOUT 35

13 WITNESSES.  I WANT TO KNOW WHO THOSE 35 PEOPLE ARE.  I DON'T

14 WANT TO HEAR JUST ABOUT 'WE WERE ASKED TO SAVE EVERYTHING,'

15 BECAUSE OBVIOUSLY, MGA IS NOT SAVING EVERY E-MAIL IN THEIR

16 ENTIRE COMPANY.  YOU'VE GOT CRITERIA AS WELL.

17        **MS. GLASER:**  (INAUDIBLE.)

18        **THE COURT:**  YOU'RE SAVING EVERY E-MAIL?

19        FAIR ENOUGH.  IF THAT'S WHAT YOU'RE DOING, THAT'S

20 WHAT YOU'RE DOING.

21        **MR. QUINN:**  SO ARE WE, YOUR HONOR.  ALL THE BACKUP

22 TAPES --

23        **THE COURT:**  NOW EVERYTHING IS BEING BACKED UP?

24        **MR. QUINN:**  EVERY SINGLE ONE.

25        SO IF WE'RE GOING TO IDENTIFY THE PEOPLE WE SPOKE TO,

JULY 24, 2006                      ED CV 04-09049

**EXHIBIT 4**      49

```
 1  I ASSUME MGA IS ALSO GOING TO IDENTIFY THE PEOPLE THEY SPOKE
 2  TO.
 3          THE COURT:  I'M ONLY ASKING FOR YOU TO IDENTIFY TO
 4  THE EXTENT THAT YOU LIMITED THE RETENTION TO THOSE INDIVIDUALS.
 5  IF THEY'RE DOING IT FOR EVERY EMPLOYEE, THEN THEY DON'T HAVE TO
 6  DO THAT.  IF YOU'RE DOING IT FOR EVERY EMPLOYEE AT MATTEL, THEN
 7  YOU DON'T HAVE TO DO IT.
 8          IF YOU ARE LIMITING OR SETTING CRITERIA, THEN I WANT
 9  TO KNOW WHO THOSE ARE, JUST FOR FUTURE REFERENCE.  I WANT THIS
10  FOR NO OTHER REASON THAN FOR ANY FUTURE DISPUTES THAT COME UP
11  SO THAT I'VE GOT A CLEAR, SINGULAR DOCUMENT THAT I CAN USE AS
12  REFERENCE TO LOCK BOTH SIDES IN.
13          MS. GLASER:  THANK YOU, YOUR HONOR.
14          THE COURT:  DO YOU UNDERSTAND WHAT I'M ASKING FOR,
15  MR. QUINN?
16          MR. QUINN:  WHAT I'M HEARING, YOUR HONOR, IS -- THE
17  COURT'S REALLY GOING BACK -- IN TERMS OF IDENTIFYING PEOPLE WHO
18  WERE SPOKEN TO AND GIVEN THIS DIRECTION, THE COURT IS REALLY
19  GOING BACK TO THE NOVEMBER 2003 TIME FRAME AND WANTS TO KNOW,
20  WHO ARE THOSE INDIVIDUALS.
21          THE COURT:  BASICALLY, IT SOUNDS LIKE, FROM MATTEL'S
22  PERSPECTIVE, THERE WERE TWO CRITICAL PERIODS:  NOVEMBER OF
23  2003, WHEN 35 OR SO INDIVIDUALS WERE IDENTIFIED AND WERE GIVEN
24  CERTAIN INSTRUCTIONS -- I WANT TO KNOW WHO THOSE 35 INDIVIDUALS
25  WERE, APPROXIMATELY, AND WHAT THOSE INSTRUCTIONS WERE; AND THEN
```

```
 1  IS ACTUALLY GOING TO BE UNDER SEAL.
 2          I'LL ISSUE A MINUTE ORDER DIRECTING FURTHER
 3  PROCEEDINGS IN THIS MATTER, BUT BE WORKING ON THIS DECLARATION.
 4          MS. GLASER:  THANK YOU, YOUR HONOR.
 5          MR. QUINN:   THANK YOU, YOUR HONOR.                      03:19
 6          THE COURT:   GOOD DAY, COUNSEL.
 7
 8
 9
10
11                            CERTIFICATE
12
13  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
14  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
15  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.
16
17  _____        _9-5-07_____
    THERESA A. LANZA, CSR, RPR                 DATE
18  FEDERAL OFFICIAL COURT REPORTER
19
20
21
22
23
24
25
```

JULY 24, 2006                    ED CV 04-09049

**EXHIBIT 4    51**