QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>DECLARATION OF JUAN PABLO ALBÁN IN SUPPORT OF MATTEL, INC.'S MOTIONS TO COMPEL FARHAD LARIAN AND STERN & GOLDBERG TO PRODUCE DOCUMENTS<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: Telephonic Hearing<br><br>**Phase 1**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

**PUBLIC - REDACTED**

# DECLARATION OF JUAN PABLO ALBÁN

I, Juan Pablo Albán, declare as follows:

1. I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Plaintiff. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of the Complaint filed in Larian v. Larian, Los Angeles Sup. Ct. Case No. BC301371, dated August 25, 2003, without exhibits.

3. Attached as Exhibit 2 is a true and correct copy of a letter from Isaac Larian to Farhad Larian dated March 30, 2000.

4. Attached as Exhibit 3 is a true and correct copy of an Agreement to Arbitrate and Selection of Arbitrator dated September 28, 2000.

5. Attached as Exhibit 4 is a true and correct copy of a Declaration of Farhad Larian dated November 7, 2003, without exhibits.

6. Attached as Exhibit 5 is a true and correct copy of a Declaration of Morad Zarabi dated September 14, 2004.

7. Attached as Exhibit 6 is a true and correct copy of an Agreement for Sale of Stock dated December 4, 2000.

8. Attached as Exhibit 7 is a true and correct copy of a Declaration of Ernest Dutcher dated January 9, 2005, including exhibits.

9. Attached as Exhibit 8 is a true and correct copy of a Certified Transcript of Audiotaped Meeting with Ernest Dutcher dated September 10, 2003.

10. Attached as Exhibit 9 are true and correct copies of two letters dated Nov. 15, 2005 from Wachovia Corporation to Cotkin & Collins.

11. Attached as Exhibit 10 is a true and correct copy of the decision entitled Larian v. Larian, 123 Cal.App.4th 751, 756-758 (2004).

1   12.  Attached as Exhibit 11 is a true and correct copy of a letter from Morad Zarabi to Farhad Larian, Isaac Larian and others dated February 8, 2005.

13.  Attached as Exhibit 12 is a true and correct copy of a Court Order in <u>Larian v. Larian</u> dated May 4, 2005.

14.  Attached as Exhibit 13 is a true and correct copy of the Final Arbitration Award in <u>Larian v. Larian</u> dated November 28, 2005.

15.  Attached as Exhibit 14 is a true and correct copy of a Declaration of Farhad Larian dated January 20, 2006.

16.  Attached as Exhibit 15 is a true and correct copy of a Final Arbitration Amendment for Respondent's Motion For Prevailing Party Attorney's Fees dated February 3, 2006.

17.  Attached as Exhibit 16 is a true and correct copy of the Complaint filed in <u>Larian v. Zarabi et. al.</u>, Los Angeles Sup. Ct. Case No. BC 329501, dated February 28, 2005.

18.  Attached as Exhibit 17 is a true and correct copy of Farhad Larian's Dismissal of Claims Against Morad Zarabi dated February 16, 2006.

19.  Attached as Exhibit 18 is a true and correct copy of Mattel's Second Amended Answer and Counterclaims dated July 12, 2007.

20.  Attached as Exhibit 19 is a true and correct copy of an Order Granting Mattel's Motion to Compel Production of Documents dated May 15, 2007.

21.  Attached as Exhibit 20 is a true and correct copy of the Subpoena Mattel Served On Farhad Larian dated August 31, 2007.

22.  Attached as Exhibit 21 is a true and correct copy of Farhad Larian's Response and Objections to Mattel's Subpoena dated September 21, 2007.

23.  Farhad Larian produced to Mattel approximately one redwell of documents on November 21, 2007, with Bates Range FL 1 – 953.  I have personally reviewed the documents Mr. Larian produced.  The production does not appear to include any documents previously Bates Labeled with headings "MZ" or "ED."

24. Farhad Larian and Mattel conducted a telephonic conference of counsel regarding Mr. Larian's objections to Mattel's subpoena on November 20 and 27, 2007. My colleague Jon D. Corey and I participated in the conference on Mattel's behalf. Alisa Morgenthaler-Lever and Scott Gizer participated on behalf of Farhad Larian. Amy Park, counsel for MGA and Isaac Larian, was also on the conference call. During the conference, in addition to the Requests for which Mr. Larian initially agreed to produce documents initially, Mr. Larian agreed to produce documents, without qualification save for privileged documents, for Request Nos. 20, 22 and 30. In addition, Mr. Larian's counsel represented that Mr. Larian did not have any responsive to Request Nos. 15, 21, 29, 31, 32, 33, 34, 35, 36, 37 and 40 in his possession, custody or control, and agreed to supplement Mr. Larian's responses and objections to reflect this. Mr. Larian's counsel also said that Mr. Larian was not withholding any documents relying on an "arbitral immunity" or "arbitral privilege." Mr. Larian's counsel also said that an additional production would be forthcoming by December 6, 2007. The parties could not reach agreement on Mr. Larian's production obligations with respect to Request Nos. 1 – 4, 8, 9, 16 – 19, 23 – 25, 38, 39 and 41, nor on whether or not Mr. Larian is required to produce a document-by-document privilege log. Mr. Larian's counsel represented that Mr. Larian expected to have approximately one banker's box of privileged documents encompassing both of his productions.

25. Attached as Exhibit 22 is a true and correct copy of Mattel's First Set of Requests for Production of Documents to MGA dated March 14, 2005.

26. Attached as Exhibit 23 is a true and correct copy of a letter from me to Alisa Morgenthaler-Lever, counsel for Mr. Larian, dated October 3, 2007.

27. Attached as Exhibit 24 is a true and correct copy of a letter from Ms. Lever to me dated October 9, 2007.

28. Attached as Exhibit 25 is a true and correct copy of a letter from me to Ms. Lever dated October 25, 2007.

1  29. Attached as Exhibit 26 is a true and correct copy of a letter from
2  Ms. Lever to me dated October 30, 2007.
3  30. Attached as Exhibit 27 is a true and correct copy of a letter from
4  Ms. Lever to me dated November 9, 2007.
5  31. Attached as Exhibit 28 is a true and correct copy of a letter from
6  me to Lever dated November 2, 2007.
7  32. Attached as Exhibit 29 is a true and correct copy of a letter from
8  Ms. Lever to me dated November 5, 2007.
9  33. Attached as Exhibit 30 is a true and correct copy of a letter from
10 me to Ms. Lever dated November 9, 2007.
11 34. Attached as Exhibit 31 is a true and correct copy of a letter from
12 Ms. Lever to me dated November 13, 2007.
13 35. Since October 1, 2007, MGA has produced to Mattel more than
14 two million pages of documents, which Quinn Emanuel is in the process of
15 diligently reviewing. I consulted with attorneys coordinating the review of MGA's
16 documents and requested that, by using different key word searches, including some
17 which I suggested, they search for any and all documents MGA produced related to
18 the Larian v. Larian proceedings. As of December 4, 2007, Quinn Emanuel has
19 identified four such documents: a September 15, 2003 letter and three documents
20 related to payments to Morad Zarabi. MGA's production, then, does not appear to
21 include documents critical to those proceedings, such as the "raw data" MGA
22 provided to Mr. Zarabi and/or Ernest Dutcher for purposes of appraisals of MGA
23 conduced in 2000, and then again 2003 and 2004 after Farhad Larian alleged that
24 Isaac Larian had concealed the conception and development Bratz for the 2000
25 appraisals.
26 36. It appears that MGA has not complied with its discovery
27 obligations with respect to Larian v. Larian proceedings despite the Court's May 15,
28

1  2007 order to do so. Isaac Larian also has not produced a single document in this
2  litigation, much less documents related to the Larian v. Larian proceedings.
3      37.    Attached as Exhibit 32 are true and correct copies of relevant
4  sections of Mattel, Inc.'s First Set of Requests For Production of Documents to
5  Isaac Larian dated June 13, 2007.
6      38.    Quinn Emanuel attorneys searched and arranged copying of
7  documents from public filings in the two lawsuits that Farhad Larian filed against
8  Isaac Larian and Morad Zarabi in 2003 and 2005. I personally reviewed the
9  documents that Quinn Emanuel pulled as well as indexes of publicly available
10 documents. The documents Mattel found in public filings include Mr. Dutcher's
11 declaration attached here as Exhibit 7. Quinn Emanuel did not locate in public
12 filings any of the raw data on which Mr. Dutcher relied to conduct appraisals of
13 MGA in 2000, 2003 and 2004, including, for example, MGA's 2000 and 2001
14 financial statements or Mr. Morad's Zarabi's "reconciliations" related to the
15 appraisals. Public filings also do not appear to include any transcripts of
16 proceedings or evidence presented during the arbitration that commenced on
17 November 16, 2005.
18     39.    Besides serving a third party subpoena on Farhad Larian, Mattel
19 also served subpoenas on his attorneys during his disputes with Isaac Larian and Mr.
20 Zarabi (Conkle, Kremer & Engel; Cotkin & Collins; Howarth & Smith and
21 Kabatech Brown Kellner); on Isaac's attorneys during the same proceedings (Kaye
22 Scholer and Joel Klevens); and on Mr. Zarabi and his attorneys (Krane & Smith and
23 Stern & Goldberg). Of these, Cotkin, Howarth and Krane & Smith have produced
24 responsive documents. I have personally reviewed all of these. Kabatech agreed to
25 produce documents but has not done so. Mr. Klevens and Mr. Zarabi represented
26 they do not have any responsive documents. Mattel is still negotiating with Conkle
27 over a proper procedure to inspect their documents. Bryant Delgadillo of Kaye
28 Scholer agreed to produce some documents but is now withholding all of them

purporting to rely primarily on the protective order entered into on November 16, 2005 in the Larian v. Larian arbitration. Don Howarth of Howarth & Smith represented that his law firm gave everything it had obtained through discovery to Farhad Larian when they stopped representing him, and did not retain any copies. Ralph Loeb Krane & Smith, who represented Mr. Zarabi for purposes of Mattel's subpoena, told me that Mr. Zarabi told Krane that he had given everything he had related to the Larian v. Larian proceedings to Isaac Larian. Mattel obtained much of the evidence presented herein through these third parties. However, that discovery also confirms that Mattel still does not have, and Farhad Larian has or at least at one time had, many of the critical documents related to his Bratz-related allegations. For example, no party has produced most or any of the discovery Farhad Larian obtained from MGA, Isaac Larian, Morad Zarabi and Ernest Dutcher between 2003 and 2006, including transcripts of any depositions he took or defended, nor any of the transcripts or evidence presented during the November 2005 arbitration.

40. Attached as Exhibit 33 is a true and correct copy of a Subpoena, including Requests for Production, that Farhad Larian served on Morad Zarabi dated September 19, 2003.

41. Attached as Exhibit 34 is a true and correct copy of a letter from Stern to Howarth dated June 24, 2004.

42. Attached as Exhibit 35 is a true and correct copy of a letter from Howarth to Stern dated June 8, 2004.

43. Attached as Exhibit 36 is a true and correct copy of a letter from Kaye Scholer to Howarth dated July 7, 2004.

44. Attached as Exhibit 37 is a true and correct copy of a letter from Stern to Howarth dated May 21, 2004.

45. Attached as Exhibit 38 is a true and correct copy of a letter from Howarth to Stern dated June 29, 2004.

46. Attached as Exhibit 39 is a true and correct copy of a letter from Howarth to Kaye Scholer dated April 6, 2004).

47. Attached as Exhibit 40 is a true and correct copy of the Stipulation and Order Appointing A Discovery Master in this action dated December 6, 2006.

48. Attached as Exhibit 41 is a true and correct copy of a letter from Alan Goldberg to me dated October 16, 2007.

49. Attached as Exhibit 42 is a true and correct copy of the Stipulation and Protective Order in effect in this action dated January 4, 2005.

50. Attached as Exhibit 43 is a true and correct copy of letter from Patricia Glaser to John Quinn dated July 5, 2007.

51. Attached as Exhibit 44 is a true and correct copy of an Order of the Discovery Master dated January 25, 2007.

52. Attached as Exhibit 45 is a true and correct copy of an Order of the Discovery Master dated September 25, 2007.

53. Attached as Exhibit 46 is a true and correct copy of a protective ordered entered in Larian v. Larian, Case No. BC301371, dated September 23, 2004.

54. Attached as Exhibit 47 is a true and correct copy of a protective ordered entered in Larian v. Larian, ADRS Case No. 05-2096-ABH, dated November 16, 2005. Ms. Lever informed me on December 4, 2007 that Mr. Larian agreed to stipulate to modify this protective order in order to allow production here.

55. Attached as Exhibit 48 is a true and correct copy of a letter from Stern to Howarth dated July 14, 2004.

56. Attached as Exhibit 49 is a true and correct copy of a letter from Judge Alan Haber (Ret.), the arbitrator in ADRS Case No. 05-2096-ABH, to attorneys for Farhad and Isaac Larian dated November 1, 2005, explaining Judge Haber's denial of Farhad's request to seek discovery prior to the arbitration.

57. Attached as Exhibit 50 is a true and correct copy of Non-Party MGA's Motion for Protective Order in ADRS Case No. 05-2096-ABH dated November 14, 2005.

58. Attached as Exhibit 51 is a true and correct copy of a letter from Mr. Corey to Thomas Nolan and Ms. Lever dated November 26, 2007.

59. Attached as Exhibit 52 is a true and correct copy of a privilege log Farhad Larian produced on November 21, 2007.

60. Attached as Exhibit 53 is a true and correct copy of a Declaration of Farhad Larian dated February 7, 2004.

61. Attached as Exhibit 54 is a true and correct copy of a letter from Kremer to M. Zarabi dated November 10, 2004.

62. Attached as Exhibit 55 is a true and correct copy of Mattel's Subpoena for production of documents to Stern & Goldberg dated September 6, 2007.

63. Attached as Exhibit 56 is a true and correct copy of Stern & Goldberg's Objections to Mattel's Subpoena dated September 17, 2007.

64. Attached as Exhibit 57 is a true and correct copy of a letter from me to Alan Goldberg dated September 28, 2007.

65. Attached as Exhibit 58 is a true and correct copy of a letter from Mr. Goldberg to me dated October 2, 2007.

66. Attached as Exhibit 59 is a true and correct copy of a letter from me to Mr. Goldberg dated October 3, 2007.

67. Attached as Exhibit 60 is a true and correct copy of a letter from Mr. Goldberg to me dated October 8, 2007.

68. Attached as Exhibit 61 is a true and correct copy of a letter from me to Mr. Goldberg dated October 10, 2007.

69. Attached as Exhibit 62 is a true and correct copy of a letter from Mr. Goldberg to Alisa Morgenthaler-Lever of Christensen Glaser, carbon copied to

me, dated October 12, 2007. To the best of my knowledge, neither Christensen nor Skadden Arps responded to this letter.

70. Attached as Exhibit 63 is a true and correct copy of a letter from Mr. Goldberg to me dated October 16, 2007.

71. Attached as Exhibit 64 is a true and correct copy of a letter from me to Mr. Goldberg dated October 25, 2007. The parties met and conferred regarding Stern's objections to Mattel's subpoena on October 11, 2007. Among other things, Exhibit 64 summarizes that conference. During the conference, as bases to withhold documents, Stern appeared to rely primarily on (i) the attorney client and work product privileges, (ii) a so-called "arbitral privilege," and (iii) the presupposition that Mattel had to obtain everything it sought from MGA, Isaac Larian or Farhad Larian. Stern cited to California Evidence Code section 703.5 as a basis for its arbitral privilege claims, though it also agreed to look at authority Mattel agreed to send it explaining why the federal law of privilege applies, not California Evidence Code section 703.5, and why there is no arbitral privilege applicable to this case. During the conference, Stern acknowledged to have in its possession documents MGA, Isaac Larian and Farhad Larian provided to Mr. Zarabi, including documents from the year 2003.

72. Attached as Exhibit 65 is a true and correct copy of a letter from Mr. Goldberg to me dated October 31, 2007.

73. Attached as Exhibit 66 are true and correct copies of relevant excerpts from Volume 1 of the deposition transcript of Paula Garcia dated May 24, 2007.

74. Attached as Exhibit 67 is a true and correct copy of a letter from Joel Klevens to Ellis Stern dated September 25, 2003.

75. Attached as Exhibit 68 is a true and correct copy of a letter from Mr. Stern to Joel Klevens and Don Howarth dated October 1, 2003.

76. Attached as Exhibit 69 is a true and correct copy of a letter from Mark D. Kremer to Mr. Stern dated December 8, 2004.

77. Attached as Exhibit 70 is a true and correct copy of Isaac Larian's Response to Farhad Larian's Arbitration Brief dated November 15, 2005.

78. Attached as Exhibit 71 is a true and correct copy of a letter from Ms. Lever to me dated November 30, 2007.

79. Attached as Exhibit 72 is a true and correct copy of a letter from me to Ms. Lever dated December 5, 2007.

80. Attached as Exhibit 73 is a true and correct copy of an email exchange between Jon Corey and Raoul Kennedy between December 4 and 5, 2007.

81. Attached as Exhibit 74 is a true and correct copy of letter from Ms. Lever to me dated December 6, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 6, 2007, at Los Angeles, California.

_____
Juan Pablo Albán