QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| Defendant. | SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL FARHAD LARIAN TO PRODUCE DOCUMENTS |
| AND CONSOLIDATED ACTIONS | |

Hearing Date:    TBA
Time:            TBA
Place:           Telephonic Hearing

**Phase 1**
Discovery Cut-Off:    January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date:           May 27, 2008

07209/2305777.2

1  For the Discovery Master's convenience, Mattel, Inc. respectfully
2  submits the following Separate Statement In Support of its Motion to Compel
3  Farhad Larian To Produce Documents, addressing each document request at issue in
4  the motion:
5  **REQUEST NO. 1:**
6  All DOCUMENTS, including all COMMUNICATIONS, RELATING
7  TO any and all lawsuits and arbitration proceedings between YOU and ISAAC
8  LARIAN, including without limitation all video and/or sound recordings,
9  transcripts, exhibits, memoranda, witness statements, declarations, affidavits and
10  sworn testimony given by any PERSON in connection with such arbitration
11  proceedings.
12  **RESPONSE NO. 1:**
13  Larian incorporates by reference each and every General Objection set
14  forth above as though fully set forth herein, Larian further objects specifically to
15  request for production No. 1 on the following grounds:  (1) overly broad,
16  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)
17  violates the arbitral immunity and/or privilege; (3) seeks information and documents
18  not within Larian's possession, custody or control, and/or documents that are in the
19  possessions, custody or control of third parties; (4) seeks disclosure of facts and
20  documents protected by or subject to the attorney-client privilege, and/or attorney-
21  work product doctrine or any other applicable privilege or immunity; (5) seeks
22  disclosure of facts and documents that contain sensitive confidential and proprietary
23  business information and/or constitute trade secret information; (6) seeks production
24  of voluminous records without limitations as to time; (7) seeks information that is
25  neither relevant to the subject matter of the pending proceeding, nor reasonably
26  calculated to lead to the discovery of admissible evidence; (8) seeks information and
27  documents readily accessible to Mattel from other sources or are otherwise publicly
28  available; (9) seeks documents which violate Larian's right to privacy and/or the

07209/2305777.2

1  right to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11)

2  seeks documents prohibited from production by the protective orders issued in this

3  ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371, and

4  <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH; and (12) seeks documents in

5  violation of the settlement negotiations privilege.

6  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

7       Mr. Larian has not contended that there are any lawsuits and

8  arbitrations at issue in this request other than: (a) the December 2000 proceeding in

9  which Morad Zarabi determined a value of MGA and that Farhad Larian should sell

10 his interest in MGA to Isaac Larian, (b) Farhad Larian's August 2003 lawsuit

11 against Isaac Larian, alleging that Isaac Larian concealed MGA's involvement with

12 Bratz in late 1999 and throughout 2000 (months before MGA and Bryant claim in

13 this suit that they had even been introduced to one another) the conception and early

14 development of "Bratz" in late 1999 and throughout 2000 in order to keep the

15 December 2000 valuation of MGA artificially low, (c) the November 2005 court-

16 ordered arbitration of Farhad Larian's 2003 lawsuit (including Morad Zarabi's 2003

17 investigations prior to his voluntary withdrawal from arbitrating the dispute), and (d)

18 Farhad Larian's February 2005 lawsuit against Morad Zarabi with the same

19 allegations regarding Bratz, but joining Mr. Zarabi to a conspiracy with Isaac

20 Larian.  As the Discovery Master already ruled on May 15, 2007, these proceedings

21 are relevant in this litigation because the proceedings addressed factual issues

22 regarding Bratz that are also at issue in this litigation.[1]  The conception of Bratz and

23 Isaac Larian's concealment thereof indeed were the primary factual issues in those

24 proceedings.[2]

25

26  [1]  Albán Dec., Exh. 19 at 10-11.

27  [2]  <u>Id.</u>, Exhs. 5 at ¶¶ 6-8 (Sep. 14, 2004 Zarabi Dec.), Exh. 4 at ¶¶ 3, 4, 5, 11
    (Nov. 7, 2003 F. Larian Dec.); 53 ¶¶ 22-26 (Feb. 7, 2004 F. Larian Dec.).  Morad

28  (footnote continued)

1       During conference of counsel, Farhad Larian attempted to limit the

2   scope of this Request to anything referring or related to Bratz.[3]  Farhad Larian took

3   the position that the <u>Larian v. Larian</u> proceedings were primarily related to how

4   much money Farhad Larian received for his MGA stock in December 2000, not to

5   Bratz, so this Request was overbroad.[4]  Of course, Farhad Larian's position

6   completely ignores what the evidence irrefutably shows: that the core of Farhad

7   Larian's allegations regarding *why* his stock was undervalued, and the core of the

8   discovery conducted for his allegations, was Isaac Larian's concealment of the

9   conception and early development of Bratz in late 1999 and throughout 2000.  By

10   the very nature of Farhad Larian's concealment allegations regarding Bratz, many

11   documents directly relevant to his allegations, and to Mattel's allegations, will not

12   refer to "Bratz" on their face.

13       Farhad Larian's improper attempt to narrow the scope of this Request is

14   a naked effort to give himself unilateral free reign to withhold non-privileged

15   relevant documents simply because they may not have the word "Bratz" somewhere

16   on the document.  For example, as part of Morad Zarabi's response to Farhad

17   Larian's allegations regarding Bratz, Mr. Ernest Dutcher conducted an appraisal of

18   MGA in 2003 valuing MGA "through December 31, 2000" for the first time.  That

19   valuation estimated a twenty-five percent (25%) growth rate for MGA for 2001,

20   more than five times higher than Mr. Dutcher's prior 2001 forecast when he valued

21   MGA "through December 31, 1999."[5]  In a separately recorded statement, Mr.

22   Dutcher declared that the *only* way he would forecast such a large growth rate

23   _____

24   Zarabi responded to Mr. Larian's allegations regarding the conception of Bratz,
    including by seeking documents from MGA and Isaac Larian and then coordinating
25   another appraisal of MGA.  <u>Id.</u>, Exhs. 5 at ¶¶ 6-8; 7 at ¶¶ 8-9, Exh. C (Jan. 9, 2005
    Dutcher Dec.).
26   [3]  <u>Id.</u>, Exh. 72 at 2 (Ltr. from Albán to Lever dated Dec. 5, 2007).
27   [4]  <u>Id.</u>

28

07209/2305777.2

-3-

1 would be if "hot products came along" to justify it.[6]  Neither Mr. Dutcher's
2 appraisal nor the recorded transcript of his statements mention Bratz, yet the
3 relevance of the documents is beyond dispute.: these documents are at the heart of
4 Mr. Zarabi's response to Farhad Larian's allegations regarding the timing of the
5 conception and development of Bratz, and his brother's concealment thereof.

6         Notably, Mattel did not obtain either of these two documents from
7 Farhad Larian's small production of documents – it was from public filings and a
8 law firm that represented Mr. Zarabi.  Farhad Larian's deficient production in this
9 respect is a clear example of the impropriety of his attempt to unilaterally narrow the
10 scope of this Request.  Neither MGA nor Isaac Larian produced these documents
11 either.  Farhad Larian informed Mattel that he would produce additional documents
12 on December 6, 2007.  Mattel had not received them as of this filing.  Regardless,
13 Farhad Larian has stood by his insistence that he would not produce all non-
14 privileged documents responsive to this Request.

15         In addition:

16         1.    It is Mr. Larian's burden to demonstrate how this request is
17 overbroad and/or unduly burdensome.  Goodman v. U.S., 369 F.2d 166, 169 (9th
18 Cir. 1966); Flatow v. The Islamic Republic of Iran, 202 F.R.D. 35, 36 (D.D.C.
19 2001); Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir.
20 1984).  He has not done so.  "[E]xamination of large quantities of documents,
21 requiring a great deal of time and expense . . . is not alone a sufficient reason for
22 refusing discovery which is otherwise appropriate . . . ."  U.S. v. American Optical
23 Co., 39 F.R.D. 580, 586-587 (N.D. Cal. 1966).  Here, Mattel offered to cover all of
24 Mr. Larian's copying costs.[7]  Farhad Larian has not identified how many documents

25

26    [5]  Id., Exh. 7 at Exhs. B at p. 20, C at p.20.  (Jan. 9, 2005 Dutcher Dec.).
27    [6]  Id., Exh. 8 at 18:14-19:12 (Tr. of audio-recorder mtg. w/ E. Dutcher).
   [7]  Id., Exh. 28 (Ltr. from Albán to Lever dated Nov. 2, 2007).
28

1   are at issue that are in his possession from Mattel's requests.  Mattel also offered to

2   have a Quinn Emanuel paralegal inspect the documents and pull non-privileged,

3   responsive documents, with an express agreement that no privilege would be waived

4   from doing so.  Farhad Larian refused.[8]

5           2.      That other parties may or may not have the same documents Mr.

6   Larian possesses does not excuse his production, especially where, as here, Mattel

7   has attempted but been unable to obtain all relevant documents from the parties to

8   this litigation.[9]  State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C., 2007

9   WL 2993840, at *1 (E.D.N.Y. 2007) (quoting Covey Oil Co. v. Continental Oil Co.,

10  340 F.2d 993, 998 (10th Cir. 1965)); In re Bergeson, 112 F.R.D. 692, 695 (D. Mont.

11  1986); Plant Genetic Systems, N.V. v. Northrup King Co., Inc., 6 F. Supp. 2d 859,

12  861-862 (E.D. Mo. 1998).

13          3.      Mr. Larian represented that he is not withholding documents

14  based on arbitral immunity or privilege.[10]

15          4.      Mattel does not contest at this juncture properly withheld

16  attorney-client communications and attorney work product, but the privilege log Mr.

17  Larian produced does not give Mattel a sufficient basis to evaluate the claims,[11]

18  including because he fails to provide a document-by-document privilege log, or

19  even to provide date ranges, authors and recipients, aggregate volume of privileged

20  documents, or an attorney affidavit confirming no non-privileged documents were

21  withheld.  Federal Rule of Civil Procedure 45(d)(2); Gail v. New England Gas Co.,

22  Inc., 243 F.R.D. 28, 33 (D.R.I. 2007); In re Imperial Corp. Of America, 174 F.R.D.

23  475, 479 (S.D. Cal. 1997); Technologies Corp. v. Molecular Devices Corp., 213

---

[8]  Id., Exh. 72 at 3.

[9]  Id. ¶¶ 35-39, Exhs. 22, 32.

[10]  Id., Exh. 72 (Ltr. from Albán to Lever dated Dec. 5, 2007).

[11]  Id., Exh. 52 (Farhad Larian's Privilege Log).

07209/2305777.2

1 | F.R.D. 555, 563 (N.D. Cal. 2003); <u>S.E.C. v. Thrasher</u>, 1996 WL 125661, at * 2

2 | (S.D.N.Y. 1996).

3 |      5.    Mr. Larian can designate documents under the Protective Order

4 | in this action to protect any purported confidential, proprietary or trade secret

5 | information.[12]

6 |      6.    The protective orders in the <u>Larian v. Larian</u> proceedings are

7 | inapplicable at least as to the vast majority of the documents in Mr. Larian's

8 | possession because Mr. Larian had the documents in his control before the

9 | protective orders were in effect, or as to some documents he was the original source

10 | of the documents.[13]  <u>See</u> <u>McCarty v. Bankers Ins. Co., Inc.</u>, 195 F.R.D. 39, 44 (N.D.

11 | Fla. 1998) (party possessing documents prior to entering into a protective order

12 | cannot rely on the protective order to keep them confidential).  At a minimum, the

13 | protective orders allow Mr. Larian to consent to modify them so as to allow

14 | production of documents in this action,[14] and he, MGA and Isaac Larian have

15 | recently agreed in principle.[15]  This serves to obviate Farhad Larian's objectiosn

16 | based on the protective orders.

17 |      7.    There is no settlement negotiations privilege for purposes of

18 | discovery.  <u>Fed. R. Evid.</u> 408, <u>Matsushita Electric Industrial Co., Ltd. v. Mediatek,</u>

19 | <u>Inc.</u>, 2007 WL 963975, at *2-3 (N.D. Cal.).

20 | **REQUEST NO. 2:**

21 |      All DOCUMENTS, including without limitation any and all pleadings,

22 | briefs, decisions, orders, correspondence and other COMMUNICATIONS, created,

23 | reviewed, transmitted or received by YOU in connection with any lawsuit or

24 |

25 | [12] <u>Id.</u>, Exhs. 19, 44, 45 (Jan. 25, May 15, 2007 and Sep. 25, 2007 Orders).

26 | [13] <u>Id.</u>, Exhs. 35-38 (Ltrs. indicating discovery).

27 | [14] <u>Id.</u>, Exhs. 46, 47 (Prior Protective Orders).
    [15] <u>Id.</u>, Exhs. 73, 74 (Corresp. indicating agreement).

28 |

1    arbitration proceedings, including without limitation any pre-arbitration and post-

2    arbitration proceedings, or any other dispute between YOU and ISAAC LARIAN.

3    **RESPONSE NO. 2:**

4            Larian incorporates by reference each and every General Objection set

5    forth above as though fully set forth herein. Larian further objects specifically to

6    request for production No. 1 on the following grounds: (1) overly broad, duplicative,

7    unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

8    arbitral immunity and/or privilege; (3) seeks information and documents not within

9    Larian's possession, custody or control, and/or documents that are in the

10    possessions, custody or control of third parties; (4) seeks disclosure of facts and

11    documents protected by or subject to the attorney-client privilege, and/or attorney-

12    work product doctrine or any other applicable privilege or immunity; (5) seeks

13    disclosure of facts and documents that contain sensitive confidential and proprietary

14    business information and/or constitute trade secret information; (6) seeks production

15    of voluminous records without limitations as to time; (7) seeks information that is

16    neither relevant to the subject matter of the pending proceeding, nor reasonably

17    calculated to lead to the discovery of admissible evidence; (8) seeks information and

18    documents readily accessible to Mattel from other sources or are otherwise publicly

19    available; (9) seeks documents which violate Larian's right to privacy and/or the

20    right to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11)

21    seeks documents prohibited from production by the protective orders issued in this

22    ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

23    Larian v. Larian, ADRS Case No. 05-2096-ABH; and (12) seeks documents which

24    violate the settlement negotiations privilege.

25    **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

26            See Reasons to Compel Responses to Request No. 1.

27

28

07209/2305777.2

-7-

1 **REQUEST NO. 3:**

2        All DOCUMENTS, including all COMMUNICATIONS, RELATING

3 TO any contract or agreement, or any proposed, offered or requested contract or

4 agreement, between YOU and/or any of YOUR FAMILY MEMBER, on the one

5 hand, and ISAAC LARIAN, any FAMILY MEMBER of ISAAC LARIAN and/or

6 MGA, on the other hand, at any time since January 1, 1999, including without

7 limitation any and all actual, proposed, offered or requested amendments or

8 modifications thereto, and including without limitation: (a) the Agreement for Sale

9 of Stock, entered into on or around December 4, 2000, between YOU and ISAAC

10 LARIAN, (b) the Agreement to Arbitrate and Selection of Arbitrator, entered into

11 on or about September 128, 2000, between YOU and ISAAC LARIAN, (c) any and

12 all employment and consulting agreements, (d) any and all settlements, resolutions

13 or compromises of any kind, and (e) any and all fee or indemnification agreements.

14 **RESPONSE NO. 3**

15        Larian incorporates by reference each and every General Objection set

16 forth above as though fully set forth herein. Larian further objects specifically to

17 request for production No. 1 on the following grounds: (1) overly broad,

18 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)

19 violates the arbitral immunity and/or privilege; (3) seeks information and documents

20 not within Larian's possession, custody or control, and/or documents that are in the

21 possessions, custody or control of third parties; (4) seeks disclosure of facts and

22 documents protected by or subject to the attorney-client privilege, and/or attorney-

23 work product doctrine or any other applicable privilege or immunity; (5) seeks

24 disclosure of facts and documents that contain sensitive confidential and proprietary

25 business information and/or constitute trade secret information; (6) seeks production

26 of voluminous records without limitations as to time; (7) seeks information that is

27 neither relevant to the subject matter of the pending proceeding, nor reasonably

28 calculated to lead to the discovery of admissible evidence; (8) seeks information and

1    documents readily accessible to Mattel from other sources or are otherwise publicly
2    available; (9) seeks documents which violate Larian's right to privacy and/or the
3    right to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11)
4    seeks documents prohibited from production by the protective orders issued in this
5    ACTION, Larian v. Larian, Los Angeles Superior Court Case No., BC 301371, and
6    Larian v. Larian, ADRS Case No. 052096-ABH; and (12) seeks documents which
7    violate the settlement negotiations privilege.

8    **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

9              See Response to Request No. 1.

10             Furthermore, during conference of counsel, Farhad Larian's counsel
11   resisted producing anything related to communications occurring after the effective
12   dates of the agreements at issue in this request.  Of course, given that the Arbitration
13   and the Stock Sale Agreements were signed in September and December, 2000,
14   respectively, and that Farhad Larian's allegations regarding Bratz commenced in the
15   Summer of 2002, such limitation effectively attempts to exclude from production
16   any communications related to Farhad Larian's allegation regarding the conception
17   and development of Bratz.

18             In addition to documents related to the Larian v. Larian proceedings,
19   this Request also seeks documents that go to Farhad Larian's credibility, namely his
20   employment relationship with MGA and fee or indemnification agreements with
21   MGA or Isaac Larian.  Information is relevant and discoverable if it relates to "the
22   credibility of any witness." Cable & Computer Technology, Inc. v. Lockheed
23   Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).  Evidence of bias is also
24   relevant and discoverable.  United States v. Abel, 469 U.S. 45, 50-51 (1984); see
25   also Wright & Miller, Federal Practice & Procedure: Federal Rules of Evidence §
26   6095 (bias is a "particularly favored basis for attacking credibility," and
27   "circumstantial evidence of bias" may include evidence of the "payment of bribes or
28   fees").  The Discovery Master has already ruled that payments from MGA to Farhad

1 | Larian are relevant to this action.[16]  Similarly, the Discovery Master has found to be
2 | relevant documents related to MGA's transfers of money or other things of value to
3 | Carter Bryant because they go to his credibility or bias.[17]  If Farhad Larian has
4 | privacy concerns with respect to such documents, the Protective Order in this action
5 | expressly allows him to designate documents as "Confidential" or "Confidential –
6 | Attorney's Eyes Only."[18]  The Discovery Master has ruled more than once that the
7 | Protective Order adequately addresses privacy concerns, including with respect
8 | payments of money from MGA to witnesses.[19]

9 | During conference of counsel, Farhad Larian's counsel said Mr.
10 | Larian could produce one document related to settlement agreements, but then
11 | changed her mind.

12 |

13 | **REQUEST NO. 4:**

14 | All DOCUMENTS, including all COMMUNICATIONS, RELATING
15 | TO Los Angeles Superior Court Case No. BC 303171 brought by YOU against
16 | ISAAC LARIAN and/or any related proceedings, including any appeal thereof, and
17 | including without limitation all video and/or sound recordings, transcripts, exhibits,
18 | pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn
19 | testimony given by any PERSON in connection with such suit and/or related
20 | proceedings and/or any appeal related to such lawsuit.

21 | **RESPONSE NO. 4**

22 | Larian incorporates by reference each and every General Objection set
23 | forth above as though fully set forth herein. Larian further objects specifically to

24 |
---
25 | [16] Id., Exh. 45 at 10-12 (Sep. 25, 2007 Order).
26 | [17] Id., Exh. 19 at 10 (May 15, 2007 Order).
   | [18] Id., Exh. 42 at ¶ 3 (Jan. 4, 2005 Stip. and Protective Order).
27 | [19] Id., Exhs. 19 at 11, n.4 (May 15, 2007 Order); 44 at 13-15 (Jan. 25, 2007 Order).
28 |

1  request for production No. 1 on the following grounds: (1) overly broad,

2  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)

3  violates the arbitral immunity and/or privilege; (3) seeks information and documents

4  not within Larian's possession, custody or control, and/or documents that are in the

5  possessions, custody or control of third parties; (4) seeks disclosure of facts and

6  documents protected by or subject to the attorney-client privilege, and/or attorney-

7  work product doctrine or any other applicable privilege or immunity; (5) seeks

8  disclosure of facts and documents that contain sensitive confidential and proprietary

9  business information and/or constitute trade secret information; (6) seeks production

10  of voluminous records without limitations as to time; (7) seeks information that is

11  neither relevant to the subject matter of the pending proceeding, nor reasonably

12  calculated to lead to the discovery of admissible evidence; (8) seeks information and

13  documents readily accessible to Mattel from other sources or are otherwise publicly

14  available; (9) seeks documents which violate Larian's right to privacy and/or the

15  right to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11)

16  seeks documents prohibited from production by the protective orders issued in this

17  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

18  Larian v. Larian, ADRS Case No. 05.2096-ABH; and (12) seeks documents which

19  violate the settlement negotiations privilege.

20  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

21          See Response to Request No. 1.

22

23  **REQUEST NO. 8:**

24          All COMMUNICATIONS to or from YOU RELATING TO BRATZ,

25  including without limitation to or from ISAAC LARIAN, MORAD ZARABI,

26  MGA, BRYANT, Veronica Marlow, Mercedeh Ward, Margaret Hatch (also known

27  as Margaret Leahy and/or Margaret Hatch Leahy) and/or Anna Rhee, and including

28

1 without limitation all diaries, notes, calendars, logs, phone records, letters and other

2 DOCUMENTS relating thereto.

3 **RESPONSE NO. 8**

4       Larian incorporates by reference each and every General Objection set

5 forth above as though fully set forth herein.  Larian further objects specifically to

6 request for production No. 1 on the following grounds:  (1) overly broad,

7 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)

8 violates the arbitral immunity and/or privilege; (3) seeks information and documents

9 not within Larian's possession, custody or control, and/or documents that are in the

10 possessions, custody or control of third parties; (4) seeks disclosure of facts and

11 documents protected by or subject to the attorney-client privilege, and/or attorney-

12 work product doctrine or any other applicable privilege or immunity; (5) seeks

13 disclosure of facts and documents that contain sensitive confidential and proprietary

14 business information and/or constitute trade secret information; (6) seeks production

15 of voluminous records without limitations as to time; (7) seeks information that is

16 neither relevant to the subject matter of the pending proceeding, nor reasonably

17 calculated to lead to the discovery of admissible evidence; (8) seeks information and

18 documents readily accessible to Mattel from other sources or are otherwise publicly

19 available; (9) seeks documents which violate Larian's right to privacy and/or the

20 right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and

21 (11) seeks documents prohibited from production by the protective orders issued in

22 this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371,

23 and Larian v. Larian, ADRS Case No. 05-2096-ABH.

24 **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

25       See Reasons to Compel Responses to Request No. 1.

26

27

28

1    Furthermore, during conference of counsel, Farhad Larian's counsel
2    agreed to produce only "correspondence" responsive to this Request.[20]  This ignores
3    that Farhad Larian's diaries, notes, calendars, logs or phone records indicating his
4    communications with the person mentioned—all of whom are witnesses with
5    knowledge about the conception and development of Bratz—are also relevant and
6    therefore should be compelled.

7    **REQUEST NO. 9:**

8    All planners and calendars, including without limitation any Franklin
9    planner or Outlook calendar, used by YOU, ISAAC LARIAN or any other PERSON
10   at MGA RELATING TO the time period between January  1,1998 and
11   December 31, 2002, inclusive.

12   **RESPONSE NO. 9**

13   Larian incorporates by reference each and every General Objection set
14   forth above as though fully set forth herein.  Larian further objects specifically to
15   request for production No. 1 on the following grounds:  (1) overly broad,
16   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)
17   violates the arbitral immunity and/or privilege; (3) seeks information and documents
18   not within Larian's possession, custody or control, and/or documents that are in the
19   possessions, custody or control of third parties; (4) seeks disclosure of facts and
20   documents protected by or subject to the attorney-client privilege, and/or attorney-
21   work product doctrine or any other applicable privilege or immunity; (5) seeks
22   disclosure of facts and documents that contain sensitive confidential and proprietary
23   business information and/or constitute trade secret information; (6) seeks production
24   of voluminous records without limitations as to time; (7) seeks information that is
25   neither relevant to the subject matter of the pending proceeding, nor reasonably
26   calculated to lead to the discovery of admissible evidence; (8) seeks information and

27

28

---

[20]   Id., Exh. 72 at 2.

1  documents readily accessible to Mattel from other sources or are otherwise publicly

2  available; (9) seeks documents which violate Larian's right to privacy and/or the

3  right to privacy of a third party; and (10) is vague, ambiguous and unintelligible.

4  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

5  <u>See</u> Reasons to Compel Responses to Request Nos. 1, 8.

6  Furthermore, during a conference, Farhad Larian's counsel agreed to

7  provide only entries referring to Bratz.[21]  Similar to the discussion in Request No. 1,

8  this is an improper attempt to unilaterally decide what calendar or planner entries

9  relate to Bratz simply by whether or not they say "Bratz" on their face.  Farhad

10 Larian himself declared that he had meetings with Isaac Larian and others regarding

11 Bratz, and that prior to that, since before 1998, he had disputes with Isaac Larian

12 about how to run MGA.[22]  Isaac Larian has alleged that Farhad Larian knew all

13 about Bratz in 2000, because the development of Bratz was "common knowledge"

14 at MGA, Farhad Larian had Bratz records accessible to him, and because Farhad

15 Larian himself admitted that emails about Bratz were "prolific."[23]  By either

16 brother's account, Bratz apparently was already an "establishment" at MGA in

17 2000, if not in late 1999—meetings reflecting as much, or otherwise reflecting

18 discussions relevant to the allegations in <u>Larian v. Larian</u>, such as motivation by

19 Isaac Larian to conceal Bratz from Farhad Larian in 2000, are relevant here.

20

21 **REQUEST NO. 16:**

22 All DOCUMENTS RELATING TO Los Angeles Superior Court Case

23 No. BC 329501 filed by YOU against ISAAC LARIAN, MORAD ZARABI and

24

---

25 [21]  <u>Id.</u>, Exh. 72 at 2.
26 [22]  Albán Dec., Exhs. 1 at ¶¶ 6-12 (Complaint); 53 at ¶ 24 (Feb. 7, 2004 F. Larian Dec.).
27 [23]  Albán Dec., Exh. 70 at 7 (I. Larian's Resp. to F. Larian's Arbitration Brief dated November 15, 2007.
28

1  Kambiz Zarabi, and/or any related proceedings and/or any appeal of such lawsuit,
2  including without limitation all video and/or sound recordings, transcripts, exhibits,
3  pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn
4  testimony given by any PERSON in connection with such suit and/or related
5  proceedings and/or any appeal related to such lawsuit.

6  **RESPONSE NO. 16**

7        Larian incorporates by reference each and every General Objection set
8  forth above as though fully set forth herein. Larian further objects specifically to
9  request for production No. 1 on the following grounds: (1) overly broad, duplicative,
10  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the
11  arbitral immunity and/or privilege; (3) seeks information and documents not within
12  Larian's possession, custody or control, and/or documents that are in the
13  possessions, custody or control of third parties; (4) seeks disclosure of facts and
14  documents protected by or subject to the attorney-client privilege, and/or attorney
15  work product doctrine or any other applicable privilege or immunity; (5) seeks
16  disclosure of facts and documents that contain sensitive confidential and proprietary
17  business information and/or constitute trade secret information; (6) seeks production
18  of voluminous records without limitations as to time; (7) seeks information that is
19  neither relevant to the subject matter ,of the pending proceeding, nor reasonably
20  calculated to lead to the discovery of admissible evidence; (8) seeks information and
21  documents readily accessible to Mattel from other sources or are otherwise publicly
22  available; (9) seeks documents which violate Larian' s right to privacy and/or the
23  right to privacy of a third party; (10) is vague, ambiguous and unintelligible; (11)
24  seeks documents prohibited. from production by the protective orders issued in this
25  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
26  Larian v. Larian, ADRS Case No: 05-2096-ABH; and (12) seeks documents which
27  violate the settlement negotiations privilege.

28

1 **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

2          <u>See</u> Reasons to Compel Responses to Request No. 1.

3 **REQUEST NO. 17:**

4          All DOCUMENTS, including all COMMUNICATIONS, RELATING

5 TO any financial appraisal of MGA and/or BRATZ, including without limitation

6 any appraisal or appraisals performed by ERNEST DUTCHER and any instructions

7 given to ERNEST DUTCHER regarding such appraisal or appraisals.

8 **RESPONSE NO. 17**

9          Larian incorporates by reference each and every General Objection set

10 forth above as though fully set forth herein. Larian further objects specifically to

11 request for production No. 1 on the following grounds: (1) overly broad,

12 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)

13 violates the arbitral immunity and/or privilege; (3) seeks information and documents

14 not within Larian's possession, custody or control, and/or documents that are in the

15 possessions, custody or control of third parties; (4) seeks disclosure of facts and

16 documents protected by or subject to the attorney-client privilege, and/or attorney-

17 work product doctrine or any other applicable privilege or immunity; (5) seeks

18 disclosure of facts and documents that contain sensitive confidential and proprietary

19 business information and/or constitute trade secret information; (6) seeks production

20 of voluminous records without limitations as to time; (7) seeks information that is

21 neither relevant to the subject matter of the pending proceeding, nor reasonably

22 calculated to lead to the discovery of admissible evidence; (8) seeks information and

23 documents readily accessible to Mattel from other sources or are otherwise publicly

24 available; (9) seeks documents which violate Larian's right to privacy and/or the

25 right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and

26 (10) seeks documents prohibited from production by the protective orders issued in

27 this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371,

28 and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ASH.

1  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

2         <u>See</u> Reasons to Compel Responses to Request Nos. 1, 18.

3  **REQUEST NO. 18:**

4         All DOCUMENTS RELATING TO any financial or other information

5  considered, relied upon or-used in any manner to conduct any valuation or appraisal

6  of MGA and/or BRATZ, including without limitation for the time period from 1999

7  to 20001.

8  **RESPONSE NO. 18**

9         Larian incorporates by reference each and every General Objection set

10  forth above as though fully set forth herein. Larian further objects specifically to

11  request for production No. 1 on the following grounds: (1) overly broad, duplicative,

12  unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the

13  arbitral immunity and/or privilege; (3) seeks information and documents not within

14  Larian's possession, custody or control, and/or documents that are in the

15  possessions, custody or control of third parties; (4) seeks disclosure of facts and

16  documents protected by or subject-to the attorney-client privilege, and/or attorney-

17  work product doctrine or any other applicable privilege or immunity; (5) seeks

18  disclosure of facts and documents that contain sensitive confidential and proprietary

19  business information and/or constitute trade secret information; (6) seeks production

20  of voluminous records without limitations as to time; (7) seeks information that is

21  neither relevant to the subject matter of the pending proceeding, nor reasonably

22  calculated to lead to the discovery of admissible evidence; (8) seeks information and

23  documents readily accessible to Mattel from other sources or are otherwise publicly

24  available; (9) seeks documents which violate Larian's right to privacy and/or the

25  right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and

26  (11) seeks documents prohibited from production by the protective orders issued in

27  this ACTION, <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC 301371,

28  and <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH.

07209/2305777.2

1  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

2              See Reasons to Compel Responses to Request No. 1.

3              In addition this Request going to liability in this case, it is also relevant
4  to prove damages in this case.  The appraisals made relating to the value of MGA
5  are directly relevant to issues such as MGA's revenues from Bratz and MGA's net
6  worth, which the District Court and the Discovery Master both have held is relevant
7  to punitive damages.  Mattel was able to obtain at least some of these appraisals in
8  discovery from public filings or third parties so far, but the appraisals are "bare
9  bones," consisting mostly of numbers and broad explanations.  Mattel has been
10 unable to obtain, and knows Farhad Larian possesses, the "raw information" on
11 which the appraisals were based, among other things.[24]  With respect to this raw
12 data, for example, Farhad Larian has represented he has evidence that Isaac Larian
13 regularly modeled MGA's financial forecasts, which included projections of
14 revenue streams for each item MGA sold or was planning to sell.[25]  Yet, he has
15 failed and refused to produce such documents.

16             As with Request No. 1 and others, Farhad Larian's counsel agreed in
17 principle that valuations or raw data used for the valuations that related to the timing
18 of the origins of Bratz were discoverable.  Yet, along with Request No. 17, this
19 Request clearly calls for production, for example, of Mr. Dutcher's 2003 Appraisal
20 valuing MGA through 2000, and his recorded conversation with Mr. Zarabi.
21 Neither document in and of itself refers to Bratz, yet they are obviously relevant to
22 Bratz in 2000.  But Farhad Larian did not produce either document, nor a single
23 document that Mr. Dutcher used to value MGA as of 2000.  Neither have MGA or
24 Isaac Larian.

25

26  _____

27  [24]  Id., Exhs. 33-38, 41, 53 at ¶ 32.
    [25]  Id., Exh. 39.
28

**REQUEST NO. 19:**

All DOCUMENTS RELATING TO the value of MGA and/or BRATZ at any time since January 1, 1999.

**RESPONSE NO. 19**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 1 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian' a right to privacy and/or the right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and (11) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and Larian v. Larian, ADRS Case No. 05 2096-ABH.

**REASON FURTHER RESPONSE SHOULD BE COMPELLED**

See Reasons to Compel Responses to Request Nos. 1, 18.

**REQUEST NO. 23:**

All DOCUMENTS RELATING TO any and all payments of money or transfers of anything of value that ISAAC LARIAN, his FAMILY MEMBERS and/or MGA have made, have offered or have proposed, promised or agreed to make, to or for the benefit of YOU or YOUR FAMILY MEMBERS at any time from January 1, 1999 through the present.

**RESPONSE NO. 23**

Larian incorporates by reference each and every General Objection set forth above as though fully set forth herein. Larian further objects specifically to request for production No. 1 on the following grounds: (1) overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2) violates the arbitral immunity and/or privilege; (3) seeks information and documents not within Larian's possession, custody or control, and/or documents that are in the possessions, custody or control of third parties; (4) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney-work product doctrine or any other applicable privilege or immunity; (5) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; (6) seeks production of voluminous records without limitations as to time; (7) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; (8) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available; (9) seeks documents which violate Larian's right to privacy and/or the right to privacy of a third party; (10) seeks documents which violate the settlement negotiations privilege; (11) is vague, ambiguous and unintelligible. (12) seeks documents prohibited from production by the protective orders issued in this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and

1  Larian v. Larian, ADRS Case No. 05-2096-ABH; and (13) seeks documents which
2  violate the settlement negotiations privilege.

3  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

4           See Reasons to Compel Further Responses to Request Nos. 1, 3.

5           Furthermore, during conference of counsel, counsel for Farhad Larian
6  took the position that Mr. Larian only has to produce documents responsive to this
7  Request that go to his bias, as unilaterally determined by him.[26]  It is improper for
8  Mr. Larian to decide, without Mattel or the Court having a chance to evaluate that
9  decision, what payments from MGA or Isaac Larian to him constitute his own bias.
10 Mr. Larian's counsel rejected Mattel's counsel's proposal to exclude *de minimis*
11 gifts from this Request.

12

13 **REQUEST NO. 24:**

14          All DOCUMENTS RELATING TO any and all payments of money or
15 transfers of anything of value that any PERSON has made, has offered or has
16 proposed, promised or agreed to make, to or for the benefit of YOU or YOUR
17 FAMILY MEMBERS and that was related in any way to BRATZ, BRYANT, MGA
18 or this ACTION at any time from January 1, 1999 through the present.

19 **RESPONSE NO. 24**

20          Larian incorporates by reference each and every General Objection set
21 forth above as though fully set forth herein. Larian further objects specifically to
22 request for production No. 1 on the following grounds; (1) overly broad,
23 duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)
24 violates the orbital immunity and/or privilege; (3) seeks information and documents
25 not within Lotion's possession, custody or control, and/or documents that are in the
26 possessions, custody or control of third parties; (4) seeks disclosure of facts and

27

28

07209/2305777.2

1  documents protected by or subject to the attorney-client privilege, and/or attorney-
2  work product doctrine or any other applicable privilege or immunity; (5) seeks
3  disclosure of facts and documents that contain sensitive confidential and proprietary
4  business information and/or constitute trade secret information; (6) seeks production
5  of voluminous records without limitations as to time; (7) seeks information that is
6  neither relevant to the subject matter of the pending proceeding, nor reasonably
7  calculated to lead to the discovery of admissible-evidence; (8) seeks information and
8  documents readily accessible to Mattel from other sources or are otherwise publicly
9  available; (9) seeks documents which violate Lanai's right to privacy and/or the right
10  to privacy of a third party; (10) seeks documents which violate the settlement
11  negotiations privilege; (11) is vague, ambiguous and unintelligible; (12) seeks
12  documents prohibited from production by the protective orders issued in this
13  ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371, and
14  Larian v. Larian, ADRS Case No. 05 2096-ABH; and (13) seeks documents which
15  violate the settlement negotiations privilege.

16  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

17       See Reasons to Compel Production for Request Nos. 1, 3, 23.

18

19  **REQUEST NO. 25:**

20       All DOCUMENTS RELATING TO this ACTION, including all
21  COMMUNICATIONS relating thereto.

22  **RESPONSE NO. 25**

23       Larian incorporates by reference each and every General Objection set
24  forth above as though fully set forth herein.  Larian further objects specifically to
25  request for production No. 1 on the following grounds:  (1) overly broad,
26  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)

27  ――――――――――――
     [26] Id., Exh. 72 at 2.
28

1  violates the arbitral immunity and/or privilege; (3) seeks information and documents
2  not within Larian's possession, custody or control, and/or documents that are in the
3  possessions, custody or control of third parties; (4) seeks disclosure of facts and
4  documents protected by or subject to the attorney-client privilege, and/or attorney-
5  work product doctrine or any other applicable privilege or immunity; (5) seeks
6  disclosure of facts and documents that contain sensitive confidential and proprietary
7  business information and/or constitute trade secret information; (6) seeks production
8  of voluminous records without limitations as to time; (7) seeks information that is
9  neither relevant to the subject matter of the pending proceeding, nor reasonably
10 calculated to lead to the discovery of admissible evidence; (8) seeks information and
11 documents readily accessible to Mattel from other sources or are otherwise publicly
12 available; (9) seeks documents which violate Larian's right to privacy and/or the
13 right to privacy of a third party; (10) is vague, ambiguous and unintelligible; and
14 (11) seeks documents prohibited from production by the protective orders issued in
15 this ACTION, Larian v. Larian, Los Angeles Superior Court Case No. BC 301371,
16 and Larian v. Larian, ADRS Case No. 05-2096-ABH.

17 **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

18 See Reasons to Compel Production for Request No. 1.

19 Furthermore, a witness's knowledge about matters in this case is
20 relevant.  MGA and Isaac Larian also put these requests at issue by threatening to
21 disqualify Quinn Emanuel from representing Mattel in this action based on
22 purported communications that Quinn Emanuel had with Farhad Larian when he
23 was adverse to Isaac Larian.[27]  These documents, along with the documents Farhad
24 Larian's counsel showed Quinn Emanuel at the time, are relevant to not only this
25 litigation, but to countering this baseless disqualification claim.

26
27
28

1  **REQUEST NO. 38:**

2          YOUR computer hard drives RELATING TO the time period from

3  January 1, 1999 through December 31, 2002, inclusive.

4  **RESPONSE NO. 38**

5          Larian incorporates by reference each and every General Objection set

6  forth above as though fully set forth herein.  Larian further objects specifically to

7  request for production No. 1 on the following grounds:  (1) overly broad,

8  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)

9  violates the arbitral immunity and/or privilege; (3) seeks information and documents

10  not within Larian's possession, custody or control, and/or documents that are in the

11  possessions, custody or control of third parties; (4) seeks disclosure of facts and

12  documents protected by or subject to the attorney-client privilege, and/or attorney-

13  work product doctrine or any other applicable privilege or immunity; (5) seeks

14  disclosure of facts and documents that contain sensitive confidential and proprietary

15  business information and/or constitute trade secret information; (6) seeks production

16  of voluminous records without limitations as to time; (7) seeks information that is

17  neither relevant to the subject matter of the pending proceeding, nor reasonably

18  calculated to lead to the discovery of admissible evidence; (8) seeks information and

19  documents readily accessible to Mattel from other sources or are otherwise publicly

20  available; (9) seeks documents which violate Larian's right to privacy and/or the

21  right to privacy of a third party; and (10) is vague, ambiguous and unintelligible

22  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

23          See Reasons to Compel Production for Request No. 38.

24          Between January 1, 1999 and December 31, 2002, Mr. Larian was

25  involved in activity at MGA and disputes regarding the timing of the conception and

26  development of Bratz.  Mattel has a right to inspect Mr. Larian's hard drives for

27  _____

28  [27]  Albán Dec., Exh. 43 (Ltr. from Glaser to Quinn dated July 5, 2007).

1  relevant documents. The Discovery Master has previously compelled making

2  Carter Bryant's hard drives available for forensic imaging.[28]

3  **REQUEST NO. 39:**

4  All DOCUMENTS RELATING TO any instruction by YOU, ISAAC

5  LARIAN or MGA to destroy or withhold any DOCUMENT since January 1, 1998,

6  including without limitation in connection with any lawsuit.

7  **RESPONSE NO. 39**

8  Larian incorporates by reference each and every General Objection set

9  forth above as though fully set forth herein. Larian further objects specifically to

10  request for production No. 1 on the following grounds: (1) overly broad,

11  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)

12  violates the arbitral immunity and/or privilege; (3) seeks information and documents

13  not within Larian's possession, custody or control, and/or documents that are in the

14  possessions, custody or control of third parties; (4) seeks disclosure of facts and

15  documents Protected by or subject to the attorney-client privilege, and/or attorney-

16  work product doctrine or any other applicable privilege or immunity; (5) seeks

17  disclosure of facts and documents that contain sensitive confidential and proprietary

18  business information and/or constitute trade secret information; (6) seeks production

19  of voluminous records without limitations as to time; (7) seeks information that is

20  neither relevant to the subject matter of the pending proceeding, nor reasonably

21  calculated to lead to the discovery of admissible evidence; (8) seeks information and

22  documents readily accessible to Mattel from other sources or are otherwise publicly

23  available; (9) seeks documents which violate Larian's right to privacy and/or the

24  right to privacy of a third party; and (10) is vague, ambiguous and unintelligible

25  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

26  <u>See</u> Reasons to Compel Production for Request No. 1

27
28

[28]  Albán Dec., Exh. 44 at 17, ¶ 4 (Jan. 25, 2007 Order).

1    To the extent Farhad Larian claims to no longer possess documents that
2  he at one point indisputably possessed, the circumstances of why he no longer has
3  the documents, including whether it was pursuant to any instructions, is relevant and
4  discoverable.  For example, it is clear that Stern & Goldberg attempted to instruct
5  Ernest Dutcher to destroy documents potentially responsive to Mattel's requests
6  *after* Farhad Larian had served a subpoena on Mr. Dutcher.[29]  Information about
7  other such instructions is relevant and discoverable.

8

9  **REQUEST NO. 41:**

10    DOCUMENTS sufficient to IDENTIFY since January 1, 1999 through
11  the present (a) each account with any bank or financial institution that YOU have or
12  have had, or that YOU have or have had any legal or beneficial interest in; (b) each
13  telephone subscription service account that YOU have or have had, or that YOU use
14  or have used; and (c) each email' account that YOU have or have had, or that YOU
15  use or have used.

16  **RESPONSE NO. 41**

17    Larian incorporates by reference each and every General Objection set
18  forth above as though fully set forth herein.  Larian further objects specifically to
19  request for production No. 1 on the following grounds:  (1) overly broad,
20  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive; (2)
21  violates the arbitral immunity and/or privilege; (3) seeks information and documents
22  not within Larian's possession, custody or control, and/or documents that are in the
23  possessions, custody or control of third parties; (4) seeks disclosure of facts and
24  documents protected by or subject to the attorney-client privilege, and/or attorney-
25  work product doctrine or any other applicable privilege or immunity; (5) seeks
26  disclosure of facts and documents that contain sensitive confidential and proprietary

27  ---
[29]  Id., Exh. 7 at ¶¶ 14-16 (Jan. 9, 2005 E. Dutcher Dec.).
28

07209/2305777.2

-26-

1  business information and/or constitute trade secret information; (6) seeks production
2  of voluminous records without limitations as to time; (7) seeks information that is
3  neither relevant to the subject matter of the pending proceeding, nor reasonably
4  calculated to lead to the discovery of admissible evidence; (8) seeks information and
5  documents readily accessible to Mattel from other sources or are otherwise publicly
6  available; (9) seeks documents which violate Lotion's right to privacy and/or the
7  right to privacy of a third party; and (10) is vague, ambiguous and unintelligible

8  **REASON FURTHER RESPONSE SHOULD BE COMPELLED**

9  <u>See</u> Reasons to Compel Production to Request No. 1.

10  Given Farhad Larian's highly selective production of documents to
11  date, and his positions during conference with the transparent purpose of
12  withholding important information from Mattel, Mattel has a right to explore the
13  locations of responsive documents.

14

15  DATED:  December 6, 2007       QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
16

17                              By_____
18                                  Juan Pablo Albán
                                    Attorneys for Mattel, Inc.
19

20

21

22

23

24

25

26

27

28

07209/2305777.2