QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br>MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO ENFORCE COURT'S AUGUST 20, 2007 ORDER REQUIRING CARTER BRYANT TO ANSWER REQUESTS FOR ADMISSION<br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br>**Phase 1:**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: April 21, 2008<br>Trial Date: May 27, 2008 |

**Preliminary Statement**

After extensive briefing on Mattel's prior motion to compel, the Court unequivocally ordered Bryant to admit or deny the requests asking him to admit that one Bratz work is derivative of another Bratz work.  Now, in his opposition to Mattel's motion to compel compliance with the Court's Order, Bryant argues that his responses—that neither admit nor deny but instead assert that he cannot admit or deny the requests—are consistent with that Order.  Of course, they are not consistent, and Bryant does not, and cannot, reconcile the two.

Instead, Bryant attempts to persuade the Court that his response is a proper one under Rule 36.  Not only is Bryant's argument beside the point in light of the Court's Order, since it improperly seeks to challenge the merits of the Order, but it is clearly too little too late.  Mattel objected to and argued the impropriety of Bryant's original "lacks sufficient information response" in its motion to compel.  Bryant failed to respond in his opposition and instead elected to go for broke with his "legal conclusion" objections, which the Court overruled.  As a result, Bryant waived the arguments he seeks to make now.

Moreover, the objections Bryant makes now to justify his purported response that he "lacks sufficient information to admit or deny" the requests—including that "derivative work" is legal term—are simply a repackaging of the objections made by Bryant and rejected by the Court in connection with Mattel's original motion to compel.  Thus, the Court has already held that simply because a request may call for the application of law to fact or requires the assistance of counsel to answer is not a basis for refusing to answer.

Bryant's attempt to argue that his response to the contract requests complies with the Court's Order to admit or deny them fares no better.  Bryant characterizes his respons as an admission that he ***does not*** contest the validity or enforceability of his contract with MGA.  In fact, Bryants response states only that he ***has not*** contested validity or enforceability but reserves the right to do so.  The

1  response given by Bryant thus fails to answer the requests as ordered by the Court
2  and does nothing to narrow the issues.  To the contrary, it expressly gives Bryant the
3  option of sandbagging Mattel at a later date.
4        Bryant has already been ordered to admit or deny the requests at issue
5  here.  Because he failed to do either, the Court should deem them admitted.  At a
6  minimum, the Court should reject Bryant's responses and once again order him to
7  admit or deny the requests without further stonewalling.

## Argument

### I. THE COURT SHOULD DEEM THE DERIVATIVE WORKS REQUESTS ADMITTED OR ONCE AGAIN ORDER BRYANT TO ADMIT OR DENY THEM

#### A. Bryant's Response Fails To Comply With The Court's Order

The Court expressly ordered Bryant to admit or deny the derivative works requests.  Bryant cannot seriously dispute that he did neither.  Bryant claims that his response--that he lacks sufficient information to admit or deny the requests--is consistent with the Court's Order to admit or deny them, but does not, and cannot, show how.  Bryant also accuses Mattel of reading the Court's Order too narrowly, but the Order is crystal clear on its face.  Not only was the Order explicit in its requirement that Bryant admit or deny the Requests, but as discussed below Mattel specifically challenged in its prior motion Bryant's original, implausible response that he lacked sufficient information to answer them.  Thus, the language and effect of the Court's Order is beyond dispute.  Bryant simply choose to defy the Court's Order.  This time, the Court should deem the requests admitted.

#### B. Bryant Has Simply Repackaged Arguments The Court Has Already Rejected

Bryant devotes the bulk of his opposition arguing that his response is a proper one under Rule 36.  Those arguments are beside the point in light of the Court's Order and lack merit in any event.

Bryant argues, for example, that "derivative work" is a legal term and the analysis of whether one work is derivative of another "requires much more than merely looking at the two works," that "whether a three-dimensional figure is a derivative work of a drawing is a complex question," and that it is "simply not possible for Bryant to make those complex assessments on his own." (Opp. at 6-7.) All of this is simply a repackaging of the same arguments that Bryant made—and the Court rejected—in connection with Mattel's original motion to compel. Thus, in overruling Bryant's legal conclusion objection, the Court noted that "Rule 36 plainly states that requests for admission may 'relate to statements or opinions of fact or *application of law to fact*."[1]

The Court also rejected Bryant's argument that the requests were improper because he could not answer them without consulting with this lawyers:

> Bryant's privilege and work product objections are also without merit. The fact that Bryant may need to consult with counsel to respond to the requests does not make the response privileged. To hold otherwise would effectively gut the provision of Rule 36 authorizing requests that call for the application of law to fact.[2]

See also Hanley v. Como Inn, 2003 WL 1989607 at *4 (N.D. Ill. Apr. 28, 2003) ("Personal lack of knowledge does not excuse a party's failure to answer the interrogatories, because the duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others."). Bryant need not make any "complex assessments" on his own. He has a team of very capable lawyers to assist him in responding to the requests.

Bryant's argument that he lacks sufficient information to admit or deny the requests because the derivative works assessment may be the subject of expert

---

[1] Order dated August 20, 2007, Declaration of Scott B. Kidman dated November 27, 2007 ("Kidman Dec."), Exh. 3 (emphasis added).
[2] Id.

testimony seeks to improperly re-litigate the merits of the Order and, as shown below, was waived.  It also fails.  For example, the proper standard of care in a medical malpractice case is clearly a subject of expert testimony, but the Ninth Circuit has held that it is the proper subject of a request for admission.  See Marchand v. Mercy Medical Ctr., 22 F.3d 933, 937 n.4 (9th Cir. 1994) (finding that request to admit that defendant's care and treatment of plaintiff failed to comply with the "applicable standard of care" was permissible.).

### C. **Bryant Has Waived Any Argument Regarding The Propriety Of His Response**

Bryant's attempt to defend his "lacks sufficient information" response is also too little, too late.  As a preliminary matter, Bryant tacitly acknowledged the impropriety of this response when he agreed to withdraw it before Mattel filed its first motion to compel.  Moreover, Bryant could have made every one of the arguments he makes here in his opposition to Mattel's original motion to compel, in which Mattel objected to and argued the impropriety Bryant's response.  Bryant failed to do so and, as a result, waived the arguments he seeks to make now.

Bryant argues that Mattel cited only one waiver case in its motion.  However, that arguments not raised in opposition to a motion to compel are deemed waived is well established in the case law.  See, e.g., Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1303 n.11 (9th Cir. 2006) ("Nagrampa did not raise this argument in opposing MailCoups' motion to compel . . . Therefore, Nagrampa waived it"); Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (finding that party waived claim it failed to raise in opposition to a discovery motion); Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442, 445 (2d Cir. 1967) ("Any other conditions not requested by plaintiff in opposition to defendant's motion to require production of documents for discovery are clearly afterthoughts which were waived by plaintiffs failure to request them in opposition to defendant's motion."); Fleet Systems, Inc. v. Federal Coach, LLC, 2007 WL

2264618, *3 (D. Neb. 2007) ("To the extent the defendant made other objections in its response, the defendant did not argue such objections continued to be applicable in its brief in opposition to the motion to compel.  Accordingly, such objections are deemed waived."); City of Wichita, Ks. v. Aero Holdings, Inc., 2000 WL 1480499, *2 (D. Kan. 2000) ("Although Kelly opposes document production, for reasons unexplained his response brief contains no arguments in opposition to the motion to compel full interrogatory answers.  Thus, Kelly has waived his rights concerning interrogatory answers and the motion shall be granted as an uncontested matter."); Eidukonis v. Southeastern Pennsylvania Transp. Authority, 1987 WL 16321, *5 (E.D. Pa. 1987) (finding that plaintiff had waived all arguments and objections not made in opposition to earlier discovery motion).

The one case Bryant cites, Pulsecard Inc. v. Discover Card Services. Inc., 168 F.R.D. 295, 310 (D. Kan. 1996), is wholly inapposite.  In that case, the court held that the failure to file a *reply* does not establish conclusions of law made in an *opposition* because the moving party had already made its own arguments in the original motion.

Mattel briefed the impropriety of Bryant's "insufficient information" response in its original motion to compel and Bryant chose not to defend it.  He should not be permitted to return to that response now, let alone to evade the dictates of a clear Court Order requiring a clear answer from Bryant on key issues in this case.  To allow otherwise would reward the kind of delay and hide-the-ball tactics Bryant has engaged in here.

## II. THE COURT SHOULD DEEM THE CONTRACT REQUESTS ADMITTED OR ONCE AGAIN ORDER BRYANT TO ADMIT OR DENY THEM

Bryant attempts to justify his failure to admit or deny the contract requests by arguing that the term "contest" is vague and ambiguous.  As a preliminary matter, Bryant did not object to the term "contest" when he first

responded to these requests[3] or in opposition to Mattel's original motion to compel. Accordingly, his contention has been twice waived. <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir. 1992) (finding defendant waived objections to discovery orders and a contempt adjudication based on the People's Republic of China's secrecy laws where it failed to raise arguments in response to motion to compel); <u>Davis v. Fendler</u>, 650 F.2d 1154, 1160 (9th Cir. 1981) (holding that untimely service of response to interrogatories waives objections); <u>Richmark Corp. v. Timber Falling Consultants</u>, 959 F.2d 1468, 1473 (9th Cir.) (stating that "failure to object to discovery requests within the time required constitutes a waiver of any objection."), <u>cert. denied</u>, 506 U.S. 948 (1992).

Whether the term "contest" should properly be construed to mean "contend in this lawsuit" as Bryant now claims is beside the point in any event. The requests call for Bryant to admit that the he *does not* contest the validity and enforceability of his contract with MGA. Bryant failed to admit or deny the requests as ordered by the Court. Instead, he re-wrote the requests and admitted only that he *has not* contested the validity or enforceability of the contract, a unilateral change that renders the response meaningless and does nothing to narrow the issues.[4]

The Court should deem the requests admitted or, at a minimum, order Bryant to admit or deny the requests as written and without qualification.

### III. BRYANT SHOULD BE SANCTIONED

As discussed above and in the original motion, Bryant has forced Mattel to bring two discovery motions on the same Requests for Admission. He has

---

[3] Carter Bryant's Responses to Mattel's Third Set of Requests for Admission, dated March 30, 2007, Kidman Dec., Exh. 2.

[4] Bryant's claim in his Opposition that his request for admission responses "admitted that he *does not* contest these issues" (Opp. at 1 (emphasis added)) is simply false.

1 delayed and stonewalled answering straight-forward requests now for over ten
2 months. And, despite the clear mandate of the Order, he has refused to comply with
3 it and instead reverted to an improper response. Bryant's conduct amounts to
4 gamesmanship and an attempt to rehash issues that the Discovery Master has
5 already settled. Mattel therefore requests that Bryant and his counsel be ordered to
6 pay $3,500.00 as partial reimbursement for the fees it has incurred in bringing the
7 current motion.

## Conclusion

For the foregoing reasons, The Court should grant Mattel's motion.

DATED: December 7, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Scott B. Kidman
   Scott B. Kidman
   Attorneys for Mattel, Inc.