QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>MATTEL, INC.'S OBJECTIONS TO THE REVISED DECLARATION OF LUCY B. ARANT RE MGA ENTERTAINMENT, INC.'S OPPOSITION TO MATTEL'S MOTION TO COMPEL WITHHELD MGA DOCUMENTS THAT PROVE MGA WAS DEVELOPING BRATZ AS EARLY AS JUNE 2000<br><br>Hearing Date:       TBD<br>Time:                    TBD<br>Place:                   TBD<br><br>Discovery Cut-off:     January 28, 2007<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:                May 27, 2008 |

07209/2302964.2

1        Mattel, Inc. ("Mattel") hereby submits the following Objections to the

2   Revised Declaration of Lucy B. Arant in Support of MGA Entertainment, Inc.'s

3   Opposition to Mattel's Motion to Compel ("Revised Declaration").

4   I.    **EVIDENCE SUBMITTED TO THE COURT IN SUPPORT OF A**

5         **MOTION MUST BE ADMISSIBLE IF OFFERED AT TRIAL**

6        Evidence submitted to the Court on motion practice must meet all the

7   requirements for admissibility of evidence if offered at the time of trial.  Beyene v.

8   Coleman Sec. Services, Inc., 854 F.2d 1179, 1181-1182 (9th Cir. 1988); Travelers

9   Cas. & Sur. Co. of America v. Telstar Const. Co., Inc., 252 F. Supp. 2d 917, 923 (D.

10  Ariz. 2003).  See also Fed. R. Evid. 101 (Rules of Evidence apply to all proceedings

11  in the courts of the United States); Fed. R. Evid. 1101 (listing exceptions to Rule

12  101).  Thus, declarations submitted on motion practice "shall contain only factual,

13  evidentiary matter and shall conform as far as possible to the requirements of F. R.

14  Civ. P. 56(e)."  Local Rule 7-7.  Rule 56(e) states that "affidavits shall set forth such

15  facts as would be admissible in evidence, and shall show affirmatively that the

16  affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).

17       Here, Arant's Revised Declaration contains several statements that

18  would not be admissible at trial and do not provide a proper factual foundation.

19  II.   **OBJECTIONS TO LUCY ARANT'S REVISED DECLARATION**

| | **Objectionable Evidence** | **Objection** |
|---|---|---|
| 1. | ¶ 3. "Because of concerns that my initial affidavit may not fully reflect my memory of events that occurred seven years ago, I have asked counsel to withdraw my first declaration and replace it with this one." | **Local Rule** 7-7. 1. Fails to identify factual basis for withdrawal; lacks foundation.  Arant's Revised Declaration withdraws central statements from her initial declaration regarding the purportedly privileged nature of her communications with Paula Garcia regarding the date of first use of the claimed |

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1 | | "Bratz," "Sasha," "Yasmin," and "Jade" |
| 2 | | marks for dolls that were based on Arant's |
| 3 | | alleged practice of not filing intent to use |
| 4 | | ("ITU") trademark applications after the |
| 5 | | date of first use for the marks.[1] Arant's |
| 6 | | Revised Declaration also withdraws her |
| 7 | | stated reasons for eliciting date of first use |
| 8 | | information from a client.[2] Ms. Arant |
| 9 | | provides no specific explanation as to what |
| 10 | | occurred during the two-and-a-half months |
| 11 | | between the submission of her initial |
| 12 | | declaration and her Revised Declaration that |
| 13 | | altered her memory and justifies these |
| 14 | | changes to her declaration. Furthermore, to |
| 15 | | the extent that Ms. Arant's "explanation" for |
| 16 | | her withdrawn testimony is the alleged |
| 17 | | passage of time, it is impermissibly vague, |
| 18 | | lacks foundation and is nonsensical. As |
| 19 | | Mattel demonstrated in its motion papers, |
| 20 | | Ms. Arant's original claims about her alleged |
| 21 | | practice of not filing ITU applications after |
| 22 | | the date of first use for the marks were |

---

[1]   Compare Declaration of Lucy B. Arant in Support of MGA Entertainment, Inc.'s Opposition to Mattel's Motion to Compel, dated August 31, 2007 ("Original Dec.") at ¶¶ 6, 9, 10 with Revised Declaration of Lucy B. Arant in Support of MGA's Opposition to Mattel's Motion to Compel, dated November 15, 2007 ("Revised Dec.").

[2]   Compare Original Dec. at ¶¶ 5, 8 with Revised Dec. at ¶¶ 6, 9.

| | | | |
|---|---|---|---|
| | | | refuted by dozens of ITU applications she had filed with the Patent and Trademark Office ("PTO") after the marks had in fact been first used in commerce.[3]  Thus, although the facts thus were unquestionably known to and easily accessible by her and MGA's counsel, she fails to provide any justification for the changes in her revised declaration. |
| 2. | ¶ 6. "The public record at the Patent and Trademark Office shows that, in December 2000, I caused to be filed five "intent-to-use" applications, for the marks 'BRATZ,' 'SHASHA' [*sic*], 'YASMIN,' 'JADE,' and 'CLOE.' These later became federal registrations, U.S. Registration Nos. 2,789,216; 2,709,867; 2,800,762; 2,602,563 [(which was later cancelled)]; and 2,727,737 respectively." | | **Fed. R. Evid.** 1002, 1004, **Local Rule** 7-7 1.  Improper testimony about content of documents.  Arant references the trademark applications and registrations but fails to attach certified copies of the documents. That is improper.  Local Rule 7-7.  To prove the contents of a writing, a party must submit the original writing (Fed. R. Evid. 1002) or an appropriate duplicate thereof. Fed. R. Evid. 1003.  There are only a few enumerated exceptions: if the original is lost, unobtainable, in the possession of the opponent and the opponent refuses to produce the original, or the writing is not |

---

[3]   See Mattel's Reply in Support of Motion to Compel Withheld MGA Documents that Prove MGA Was Developing Bratz as Early as June 2000, dated September 10, 2007, at 15; Declaration of Tamara Jih, previously filed and dated September 10, 2007, at ¶ 2 & Exhs. 1-46.

| | | | |
|---|---|---|---|
| | | | closely related to a controlling issue.  <u>Fed. R. Evid.</u> 1004. |
| 3. | ¶ 7.  "Public records available on the U.S. Patent and Trademark Office website indicate that 'statements of use' for each of the five were filed during 2002 and 2003 and that each of these 'statements of use' shows first use in commerce of these marks as occurring in May, 2001." | | **<u>Fed. R. Evid.</u> 1002, 1004, <u>Local Rule</u> 7-7**<br><br>1.  Improper testimony about contents of documents.  See <u>supra</u>, ¶ 2 (Objections to Revised Declaration, ¶ 6). |
| 4. | ¶ 8.  "It is my general practice not to include 'date of first use' information on 'intent to use' trademark applications, as those applications do not call for disclosure of 'date of first use.'" | | 1.  Argumentative, improper legal conclusion.  Arant attempts to present as a fact a legal conclusion about whether date of first use information must be disclosed in connection with filing an ITU application with the PTO.<br><br>2.  Conclusory; lacks foundation.  Arant does not provide any basis for her assertion regarding her alleged practice or that ITU trademark applications do not call for disclosure of date of first use information.  To the contrary, <u>every</u> trademark applicant must disclose date of first use information to the PTO in order to obtain a trademark registration.  See <u>Eastman v. Kodak Co. v. Bell & Howell Document Management Products Co.</u>, 994 F.2d 1569, 1570 (Fed. |

| | | | |
|---|---|---|---|
| | | | Cir. 1993) (ITU applicant must file a "statement that verifies . . . the date of first use in commerce").  Furthermore, Ms. Arant provides no factual basis for her latest statement of her alleged practice and fails to address, let alone refute, the specific evidence showing that she in fact has on dozens of occasions filed ITU applications with the PTO after the marks had been first used in commerce.[4] |
| 5. | ¶ 9.  "For the same reason, I would generally not elicit a 'date of first use' from a client when preparing an 'intent-to-use' application, as it would be my understanding that there had been no such use." | | 1.  Lacks foundation; conclusory.  Arant fails to provide a basis for her assertion that she generally does not elicit a date of first use from a client when preparing an ITU application because "it would be her understanding that there had been no such use."  This is because she cannot establish such a basis.  PTO records indicate that Arant has filed ITU applications after the mark was first used in commerce on no fewer than 46 other occasions.[5] <br> 2.  Fails to Establish Privilege.  MGA asserts that the June 15, 2000 date of first |

[4]   <u>See</u> Mattel's Reply in Support of Motion to Compel Withheld MGA Documents that Prove MGA Was Developing Bratz as Early as June 2000, dated September 10, 2007, at 15; Declaration of Tamara Jih, previously filed and dated September 10, 2007, at ¶ 2 & Exhs 1-46.

[5]   <u>Id.</u>

use listed on the two documents at issue for the "Bratz," "Yasmin," "Sasha," and "Jade" marks for dolls is privileged because Ms. Garcia communicated that date to Arant for the purpose of seeking legal advice regarding ITU applications for these marks. To support this assertion, MGA relies on Arant's initial declaration that she generally solicits the date of first use so that she can either: (a) determine whether ITU applications are proper; or (b) determine the proper time to file the ITU.[6] Arant's Revised Declaration, however, now does not support this assertion.  Indeed, Arant now admits that there <u>was no privileged purpose</u> for communicating date of first use information.  Thus, Ms. Garcia's communication of the June 15, 200 date was not for the purpose of seeking legal advice and is therefore not privileged.  <u>See Gomez v. Vernon</u>, 255 F.3d 1118, 1130 (9th Cir. 2001) ("Federal common law recognizes a privilege for communications between client

---

[6]   MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Withheld MGA Documents that Prove MGA Was Developing Bratz as Early as June 2000, dated September 4, 2007 at 5-6 (citing Declaration of Lucy B. Arant in Support of MGA Entertainment, Inc.'s Opposition to Mattel's Motion to Compel, dated August 31, 2007 ("Original Arant Dec.") at ¶¶ 8-9).

| | | and attorney *for purposes of obtaining legal advice*, provided such communications were intended to be confidential.") (emphasis added). |
|---|---|---|

DATED:  December 10, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                              By /s/ Michael Zeller
                                 Michael Zeller
                                 Attorneys for Mattel, Inc.

MATTEL'S OBJECTIONS TO ARANT'S REVISED DECLARATION