1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemanuel.com)
5  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
6  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8
9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 14     vs. | |
| 15  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 16        Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| 17  AND CONSOLIDATED ACTIONS | [PUBLIC REDACTED] SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO ENFORCE THE COURT'S ORDER OF MAY 15, 2007, TO (I) COMPEL MGA TO PRODUCE COMPELLED DOCUMENTS (INCLUDING FEE AND/OR INDEMNITY AGREEMENTS BETWEEN MGA AND BRYANT), (II) ORDER THAT ANY PRIVILEGE OBJECTIONS HAVE BEEN WAIVED, AND (III) IMPOSE SANCTIONS |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | Date:    December 14, 2007<br>Time:    10:30 a.m.<br>Place:  JAMS |
| 26 | |
| 27 | **Phase 1**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:          May 27, 2008 |
| 28 | |

07209/2319837.2

SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1.     I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     Mattel submits this supplemental declaration in support of its Motion to Enforce The Court's Order of May 15, 2007, to (I) Compel MGA to Produce Compelled Documents (Including Fee And/Or Indemnity Agreements Between MGA And Bryant), (II) Order That Any Privilege Objections Have Been Waived, And (III) Impose Sanctions to apprise the Court of events that have occurred since Mattel submitted its reply on this motion.

3.     As the Court will recall, the Discovery Master's May 15, 2007 Order compelled MGA to produce documents and communications relating to its fee and/or indemnity agreements with Carter Bryant. After MGA applied for ex parte relief, Judge Larson rejected MGA's challenges to the May 15, 2007 order but allowed MGA an extension until July 31, 2007 to produce the documents compelled by the May 15 Order. Because it appeared to still not have complied, Mattel contacted MGA after the July 31, 2007 deadline and asked MGA whether it had produced documents relating to its fee and/or indemnity agreements with Bryant. MGA's counsel admitted that MGA had not yet searched for responsive documents, but agreed to do so and to produce any non-privileged documents, as well as a privilege log of any withheld documents, by August 24, 2007. Then, despite repeated Mattel requests, MGA did not provide Mattel with any further substantive response until after Mattel filed the motion at bar on September 12, 2007, at which point MGA represented that it could not find any responsive documents.

4.     Like MGA, Carter Bryant was also compelled many months ago to produce documents and communications regarding his fee and/or indemnity

-2-

1  agreements with MGA.  See Order Granting Mattel, Inc.'s Motion to Compel

2  Production of Documents, dated January 26, 2007 at 12 ("[D]ocuments relating to

3  fee or indemnity agreements between MGA and Bryant are relevant to demonstrate

4  bias and lack of credibility.  Bryant has failed to establish that the requested

5  discovery is barred by Rule 26(b)(2), Fed.R.Civ.P.  Accordingly, Bryant is ordered

6  to produce all non-privileged documents responsive to Request Nos. 2, 13, and

7  48."); Order Granting in Part and Denying in Part Mattel's Motion to Enforce The

8  Court's Order of January 25, 2007, to Compel Production of Documents by Carter

9  Bryant And for Sanctions, dated June 19, 2007 (overruling Bryant's assertions of

10  privilege and compelling Bryant to produce withheld fee agreements between

11  Bryant's counsel and MGA).

12       5.    After these Orders were issued, Mattel attempted to obtain full

13  compliance from Bryant, repeatedly requesting a privilege log of any documents

14  Bryant withheld based on privilege and confirmation that Bryant had produced all

15  responsive documents regarding his fee and/or indemnity agreements with MGA.

16  Attached as Exhibits 1- 8 are true and correct copies of correspondence between

17  myself and Michael Page, counsel for Bryant, from June 22, 2007 - July 3, 2007,

18  regarding this matter.

19       6.    I met and conferred on this matter with Mr. Page on several

20  occasions, including on July 3, 2007.  During our call on that date, Mr. Page

21  represented, and I confirmed by letter, that "***Bryant ha[d] produced all responsive***

22  ***communications between Bryant and MGA relating to his fee and/or indemnity***

23  ***agreements with MGA, and confirmed that no such documents exist regarding the***

24  ***fee agreements***."  I also asked: "While the following may be implicit in that

25  representation, please confirm that Bryant has in fact searched for an produced all

26  communications between Littler (*i.e.*, not just Bryant personally) and MGA and/or

27  MGA's counsel on this topic."  Attached hereto as Exhibit 9 is a true and correct

28  copy of my letter to Mr. Page dated July 5, 2007, summarizing our call.

1        7.    On July 9, 2007, Mr. Page responded to my July 5 letter.  In
2  response to my request that he confirm that his representation that Bryant had
3  produced all responsive communications between MGA and Bryant included
4  communications between Littler and MGA and/or MGA's counsel, Mr. Page stated,
5  "in response to your final question, our prior production included communications
6  between Littler and MGA, not just communications by or to Mr. Bryant personally."
7  Attached hereto as Exhibit 10 is a true and correct copy of Mr. Page's letter to me,
8  dated July 9, 2007.  Bryant also agreed to comply with Mattel's request that he
9  search for and confirm that there were no non-privileged communications between
10  Bryant and his own counsel regarding MGA's agreement to pay Bryant's legal fees.
11  <u>Id.</u>

12        8.    Because he had not responded on this last point, I again sought
13  confirmation from Mr. Page that Bryant had produced all communications and
14  documents relating to his fee agreements with MGA on July 25, 2007.  Attached
15  hereto as Exhibit 11 is a true and correct copy of my letter to Mr. Page, dated July
16  25, 2007.  Mr. Page responded that day, confirming that there "are no additional
17  documents or communications which refer or relate to any fee agreements between
18  MGA and Bryant."  Attached hereto as Exhibit 12 is a true and correct copy of the
19  letter Mr. Page sent to me, dated July 25, 2007.

20        9.    Based on Mr. Page's representations on these calls and in these
21  letters, including his representation that Bryant had already "produced all responsive
22  communications between Bryant and MGA relating to his fee and and/or indemnity
23  agreements with MGA" and that there were "no such documents . . . regarding the
24  fee agreements," <u>see</u> Exhibit 9, Mattel did not move to compel Bryant to produce
25  communications between Bryant and MGA relating to his fee and/or indemnity
26  agreements with MGA when Mattel filed its motion at bar as to MGA.

27        10.   However, documents MGA has now produced appear to show
28  that both Bryant's counsel's and MGA's counsel's prior representations were not

1   accurate.  Two weeks ago, on November 26, 2007, MGA produced for the first time
2   additional compelled documents bearing Bates numbers MGA 3709761 - MGA
3   3709856, along with a supplemental privilege log of withheld or redacted
4   documents.  Attached hereto as Exhibits 13 and 14 are true and correct copies of the
5   documents and privilege log MGA produced to Mattel on November 26, 2007.

6          11.    Among these documents, which are attached hereto as Exhibit
7   13, are numerous communications between Bryant's counsel, including Mr. Page in
8   particular, and MGA's in-house counsel regarding the agreement between Bryant's
9   counsel's law firm and MGA regarding the payment of Bryant's fees in this case.
10  These communications pre-date both Bryant's and MGA's representations that they
11  had searched for the compelled documents relating to Bryant's and MGA's fee
12  agreements but found none.  The documents recently produced by MGA appear to
13  show that both MGA and Bryant withheld compelled documents for months after
14  they were ordered due (and Bryant still has not produced many of them, nor listed
15  them on any log), despite representations from both MGA and Bryant to the
16  contrary.

17         12.    To the best of my knowledge, neither Bryant nor MGA has
18  produced to date any documents or communications related to the fee agreement
19  between Bryant's former counsel, Littler Mendelson, and Bryant, even though the
20  language of that agreement appears to indicate that such communications were
21  made, as discussed in Mattel's reply at pages 4-5.

22         I declare under penalty of perjury under the laws of the United States of
23  America that the foregoing is true and correct.

24         Executed on December 11, 2007, at Los Angeles, California.

25
26
                                          B. Dylan Proctor
27
28

                                          -5-