QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br>MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN<br>Hearing Date: December 14, 2007<br>Time:             9:30 a.m.<br>Place:            JAMS S.F. Office<br>**Phase 1:**<br>Discovery Cut-off:      January 28, 2008<br>Pre-trial Conference:   April 21, 2008<br>Trial Date:               May 27, 2008 |

**Preliminary Statement**

Larian's opposition to Mattel's motion to compel should be rejected in its entirety as untimely filed. Mattel filed its motion on October 11, 2007. Larian did not file his opposition until December 5, 2007, three weeks after the stay expired on November 14, 2007. Even under the most generous method of determining the appropriate deadline, Larian's opposition is late. Larian never sought an extension of the deadline and offers no explanation for failing to do so.

After Mattel filed its motion, Larian agreed to produce documents in response to 55 of the 87 requests at issue. Now, in his untimely opposition, Larian seeks to take back with one hand what gave with the other by claiming that he will only produce documents from his undefined "personal files." Larian should not be permitted to withhold responsive documents because he unilaterally deems them not to be in one of his so-called "personal files." Larian should be compelled to produce all responsive documents in his possession, custody or control as the Rules require.

As to each of the requests at issue, including the 32 requests Larian acknowledges are still in dispute, Larian's objections are wholly without merit, as discussed in detail in Mattel's accompanying Consolidated Separate Statement. Moreover, despite Larian's purported agreement to produce *some* documents in response to certain requests, Larian still has not produced a single responsive document or provide a date by which he will do so. Nor has he produced a log identifying documents withheld on purported privilege grounds. Larian should be ordered to immediately produce documents responsive to all of the requests at issue in Mattel's motion, as well as his privilege log.

# Argument

## I. LARIAN'S OPPOSITION IS UNTIMELY AND SHOULD BE DISREGARDED

As an initial matter, Larian's opposition is untimely, and should not be considered at all. Under the Discovery Master Stipulation, oppositions are due within five court days after the filing and service of a motion.[1] Here, Mattel filed its Motion on October 11, 2007. Larian did not file his Opposition until December 5, 2007.[2] Even after accounting for the stays in this matter,[3] Larian's Opposition was filed late.

Under the Court's Local Rules, the Court may "decline to consider any [opposition] not filed within the deadline set" because a "failure to file it within the deadline may be deemed consent to the granting [] of the motion." Larian offers no legitimate reason not to follow this Rule, noting only that his "prior counsel had not filed any formal response to the Motion" when it was due and that since then his present counsel have worked to familiarize themselves with the requests.[4] But that was the purpose for the stay.[5] Yet, Larian did not file his Opposition until two weeks after the stay was lifted. He offers on explanation why, if he needed

---

[1] See Stipulation for Appointment of a Discovery Master, dated December 6, 2006, at 4, Declaration of Juan Pablo Albán filed concurrently ("Albán Dec."), at Exhibit 28.
[2] See Isaac Larian's Opposition to Motion to Compel Further Response to Mattel, Inc.'s First Set of Requests for Documents and Things to Isaac Larian, dated December 5, 2007 ("Opposition").
[3] See Local Rule 7-12.
[4] See Opposition at 1.
[5] See Order Regarding Status Conference, dated October 15, 2007, Albán Dec., Exh. 29; Civil Minute Order Regarding Status Conference, dated October 31, 2007, at 1-2, Albán Dec., Exh. 30.

additional time, he did not seek it from the Court rather than sitting back and unilaterally filing his Opposition at his pleasure.[6]

Larian's Opposition should be disregarded, and the Court should grant Mattel's Motion in its entirety.

## II. THE COURT SHOULD DISREGARD AND NOT CONSIDER LARIAN'S RESPONSE TO MATTEL'S SEPARATE STATEMENT

In his Response to Mattel, Inc.'s Separate Statement in Support of Motion to Compel Production of Documents, Larian purports to set forth "Mattel's Statement of Position" regarding each of the requests Larian claims are still in dispute. In fact, Larian includes only his own incomplete summary of Mattel's statement of position—not the complete, verbatim statement of position actually set forth in the Separate Statement Mattel submitted to the Court. To the extent the Court considers Larian's Opposition at all, it should disregard Larian's Response to Mattel's Separate Statement and consider only Mattel's Consolidated Separate Statement in Support of Motion to Compel Production of Documents By Isaac Larian which sets forth verbatim for each of the requests at issue Mattel's Statement of Position, MGA's Response and Mattel's Reply.

---

[6] Larian's late filing not only violates the Discovery Master Stipulation, it is manifestly unfair. As a result of Larian's late filing, Mattel's reply papers will not be filed until 4 days' prior to the December 14 hearing, thus making it more difficult for the Court to fully consider Mattel's reply.

### III. THE COURT SHOULD ORDER LARIAN TO PRODUCE ALL DOCUMENTS RESPONSIVE TO REQUEST NOS. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221 AND 223

Recognizing that he had no legitimate basis for refusing to produce responsive documents, after Mattel filed its Motion to Compel, Larian indicated that he would produce or was amenable to producing documents responsive to Request 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-146, 213, 221 and 223.[7] Larian does not address these requests in his Opposition and claims that they are no longer in dispute.[8] To date, however, Larian has not produced such documents or provided a date by which he will do so. The Discovery Master should order him to produce those documents immediately. Not only has Mattel been seeking these documents for months, but Phase I discovery cut-off is now approaching.

There is little doubt that an Order is still appropriate despite Larian's belated concession here as to these requests. MGA made similar promises to produce documents after a motion had been filed in an unsuccessful attempt to avoid a Court Order, only to later go back on its promise. For example, when Mattel was forced back in February to compel MGA to produce obviously discoverable documents about the origins of Bratz, MGA argued that it "has already cured many of the alleged 'deficiencies' in its production and will have resolved any remaining deficiencies before this matter is heard" and, therefore, that "the majority of Mattel's motion to compel is unnecessary and should be denied on that basis alone."[9] Even by the time of the hearing, and then even by the time of the Discovery Master's

---

[7] Supplemental Declaration of Scott B. Kidman filed concurrently ("Supp. Kidman Dec."), ¶ 2.

[8] Opposition, p. 1, n.6.

[9] MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007, p. 10, Albán Dec., Exh. 31. Id. at 11.

Order in May, however, MGA had still not produced the documents at issue, and instead went on to appeal the Order compelling production and ask the Discovery Master for more time for compliance.[10] When that was denied, MGA moved *ex parte* before Judge Larson objecting to the Order requiring production and seeking additional time.[11] Even today, ten months after MGA's promises of production and despite Court Order, MGA still has not made a complete production.[12]

Mattel is entitled to an order compelling Larian to produce all documents responsive to these requests forthwith.

## IV. LARIAN SHOULD NOT BE PERMITTED TO LIMIT HIS RESPONSE TO ANY OF THE REQUESTS TO DOCUMENTS IN HIS SO-CALLED "PERSONAL FILES"

In his Opposition, Larian claims that he will produce documents responsive to the requests listed above that are in his so-called "personal files" that have not previously been produced. (Opp. at 2-3.) Larian should not be permitted to limit his production to documents located in what he unilaterally deems to be his "personal files." Rule 34 expressly requires the production of documents that are "in the possession, custody or control of the party upon whom the request is served."

---

[10] MGA Entertainment Inc.'s Notice of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Reponses By MGA, dated May 30, 2007, Albán Dec., Exh. 32.

[11] MGA's Emergency Ex Parte Application for Review of Special Master Infante's Order Denying MGA's Motion For Stay or Extension, dated June 22, 2007, Albán Dec., Exh. 33.

[12] E.g., Mattel, Inc.'s Notice of Motion and Motion to Enforce the Court's Order of May 15, 2007, to Compel MGA to Produce Compelled Documents in Un-Redacted Form, and for Sanctions, dated September 10, 2007.

Mattel has never agreed that Larian could limit his production to documents located in what he deems to be his "personal files" and, notably, Larian does not claim otherwise.[13] To the contrary, Mattel has made clear to Larian from the start that it would improper for him to limit his production to documents in his "personal files."[14] Doing so would create a situation by which responsive and highly relevant documents might never be produced because MGA, on the one hand, deems to document to belong to Larian, and Larian, on the other hand, deems the document not to be part of his "personal files." The potential for abuse is thus significant, particularly with defendants such as these who have refused time and time again to produce discovery without court orders compelling them to do so.

One need look no further than Larian's Opposition to this motion for an example of the kind of shell game MGA and Larian have engaged in to prevent Mattel from obtaining the discovery to which it is entitled. Thus, in his Opposition, Larian argues that he should not have to produce information regarding his own financial condition because Mattel can get this information from MGA. Yet, when Mattel attempted to obtain information about Larian's finances from MGA's 30(b)(6) designee, Lisa Tonnu, MGA's counsel instructed her not to answer.[15]

---

[13] Supp. Kidman Dec., ¶ 3.

[14] Declaration of Scott B. Kidman in Support of Mattel, Inc.'s Motion to Compel Production of Documents by Isaac Larian, dated October 11, 2007 ("Kidman Dec."), Ex. 4, p. 2. After meeting and conferring with Larian's counsel for weeks, Larian agreed to, and did in fact, withdraw the limitation to "personal documents" from his responses. Compare Larian's original Responses to Mattel's First Set of Requests for Production (Kidman Dec., Exh. 3) with Larian's Supplemental Responses to Mattel's First Set of Requests for Production (Kidman Dec., Exh. 25).

[15] Depo. Tr. of Lisa Tonnu (Vols. 1 and 2), dated July 19, 2007, and September 24, 2007 ("Tonnu Tr."), at 53:15-55:8, Albán Dec., Exh. 36.

## V. THE COURT SHOULD ORDER LARIAN TO PRODUCE ALL DOCUMENTS RESPONSIVE TO REQUEST NOS. 79-81, 113-115, 123-125, 178-181, 190-199, 207-209, 222, 224, 225, 227, 228, 269, 272 AND 273

As for the remaining requests that are still in dispute, Larian should be ordered to produce all responsive documents for the reasons set forth in detail in Mattel's accompanying Consolidated Separate Statement in Support of Motion to Compel Production of Documents by Isaac Larian, which is incorporated herein.

## VI. THE COURT SHOULD COMPEL LARIAN TO PRODUCE A PRIVILEGE LOG

Larian's opposition fails to address Mattel's request that he be compelled to produce a privilege log. (Mattel's Notice of Motion and Motion at p. 2.) That is striking given that Mattel has filed a motion, currently pending before the Discovery Master, seeking the production of documents withheld as privileged from MGA because of MGA's failure to timely produce a log despite an Order that it do so by a date certain.[16] Just as MGA improperly delayed in producing its log, Larian has done so here. In the nearly six months since Larian was served with Mattel's document requests on June 13, 2007, Larian has yet to produce a log. With the discovery cut-off fast approaching, any further delay in the production of a privilege log will prejudice Mattel. Larian should be ordered to produce a privilege log no later than December 31, 2007 or be deemed to have waived of the privilege.

---

[16] See Mattel, Inc.'s Notice of Motion and Motion to Compel Production of Documents Withheld as Privileged, dated August 10, 2007.

## Conclusion

For all of the foregoing reasons, Mattel's motion should be granted in its entirety.

DATED: December 10, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Scott B. Kidman
   Scott B. Kidman
   Attorneys for Mattel, Inc.