# EXHIBIT 41

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 42

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 43

1  DALE M. CENDALI (admitted *pro hac vice*)
   O'MELVENY & MYERS LLP
2  400 South Hope Street
   Los Angeles, CA 90071-2899
3  Telephone:  (213) 430-6000
   Facsimile:   (213) 430-6407
4  Email:       jjenal@omm.com

5  PATRICIA GLASER (S.B. # 55668)
   CHRISTENSEN, GLASER, FINK,
6  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
7  Los Angeles, CA 90067
   Telephone:  (310) 553-3000
8  Facsimile:   (310) 557-9815

9  Attorneys for MGA Entertainment, Inc.

10 JOHN KECKER
   KECKER & VAN NEST, LLP
11 710 Sansome Street
   San Francisco, CA 94111
12 Telephone:  (415) 391-5400
   Facsimile:   (415) 397-7188
13
   Attorneys for Carter Bryant
14

RECEIVED

JUL 2 3 2007

BRL 4:45

CALENDARED

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No.  CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727) |
| Plaintiff, | |
| v. | **MGA ENTERTAINMENT, INC.'S NOTICE OF MOTION FOR TERMINATING SANCTIONS AGAINST MATTEL, INC. DUE TO SPOLIATION OF EVIDENCE; AND** |
| MATTEL, INC., a Delaware Corporation, | |
| Defendant. | **[PROPOSED] ORDER** |
| | Hearing Date:  August 13, 2007 Time:  10:00 a.m. Place:  Courtroom 1 |
| AND CONSOLIDATED ACTIONS | Discovery Cutoff: January 14, 2008 Pre-trial Conference: April 7, 2008 Trial Date: April 29, 2008 |

MGA'S NOTICE OF MTN FOR
TERMINATING SANCTIONS DUE TO
SPOLIATION CV 04-09049 SGL (RNBX)

EXHIBIT 43 PAGE 590 7/23/07

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2           PLEASE TAKE NOTICE that, on August 13, 2007, at 10:00 a.m.

3    before Hon. Stephen G. Larson, MGA Entertainment, Inc. ("MGA") and Carter

4    Bryant ("Bryant") jointly will, and hereby do, move the Court to issue an order for

5    terminating sanctions against Mattel, Inc. ("Mattel") due to Mattel's spoliation of

6    evidence.

7           This Motion is made on the grounds that Mattel has engaged in a

8    conscious and systematic effort to destroy evidence relevant to its claims against

9    MGA and Mr. Bryant, and then deliberately sought to conceal its efforts. Mattel's

10   conduct is in plain violation of its legal obligations, is highly prejudicial, and

11   warrants terminating sanctions.

12          This Motion is based on this Notice of Motion, the accompanying

13   Memorandum of Points and Authorities, the Declaration of Michael Keats filed

14   concurrently herewith and attached exhibits, the Declaration of Kendall J. Burr filed

15   concurrently herewith and attached exhibits, the Declaration of James P. Jenal filed

16   concurrently herewith and attached exhibits, the Declaration of Yvonne L. Garcia

17   filed concurrently herewith and attached exhibits, the record and files of this Court,

18   and all other matters of which the Court may take judicial notice.

19

20

21   Dated:      July 23 , 2007        MICHAEL KEATS
                                       O'MELVENY & MYERS LLP
22

23                                     By: Michael Keats

24                                     Michael Keats
                                       Attorneys for MGA Entertainment, Inc.
25

26

27

28

                                                        MGA'S NOTICE OF MTN FOR
                         - 2 -                          TERMINATING SANCTIONS DUE TO
                                                        SPOLIATION CV 04-09049 SGL (RNBX)

EXHIBIT 43 PAGE 591

1

## [PROPOSED] ORDER

2

3

Based on the above Application, and good cause appearing for the entry thereof, IT IS HEREBY ORDERED that each of the following actions:

4

    1. Case No. CV 04-9059 SGL (RNBx); and

5

    2. Mattel's Counterclaims in Case No. CV 05-2727 SGL (RNBx)

6

are hereby dismissed with prejudice.

7

8

DATED: _____          _____

9

                                        Hon. Stephen G. Larson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 43 PAGE 592

- 3 -

MGA'S NOTICE OF MTN FOR
TERMINATING SANCTIONS DUE TO
SPOLIATION CV 04-09049 SGL (RNBX)

# EXHIBIT 44

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12

13  | CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
    |---|---|
    | Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
    | vs. | |
    | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
    | Defendant. | Hon. Edward A. Infante (Ret.)<br>Discovery Master |
    | AND CONSOLIDATED CASES | [PROPOSED] ORDER GRANTING MATTEL INC.'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(B)(6) |
    | | Date: May 15, 2007<br>Time: 8:15 a.m.<br>Place: Telephonic |
    | | Discovery Cut-Off: October 22, 2007<br>Pre-Trial Conference: January 14, 2008<br>Trial Date: February 12, 2008 |

27              EXHIBIT 44 PAGE 593

28

07209/2121176:1

ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

# ~~[PROPOSED]~~ ORDER

Having considered Mattel, Inc.'s Motion To Compel MGA To Produce Witnesses For Deposition Pursuant To <u>Rule</u> 30(b)(6) (the "Motion"), and all other papers and argument submitted in support of or opposition to the Motion, and finding good cause therefor, Mattel's Motion is GRANTED.

IT IS HEREBY ORDERED that:

1. MGA shall make Paula Garcia available for deposition on or before June 15, 2007 as a designee on Topics 1-3 and 6-8 of Mattel's Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 16, 2005 and in her individual capacity.

2. MGA shall confirm its designees and the dates of the designees' availability for deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 1, 2007 (the "Second Notice") on or before May 22, 2007.

3. MGA shall make its designees for all Topics in the Second Notice, except Topic Nos. 25 and 26, available for deposition on or before June 30, 2007.

4. The parties shall meet and confer regarding the timing of the depositions on Topic Nos. 25 and 26 of the Second Notice. Such depositions may take place after June 30, 2007.

5. All of MGA's objections and/or limitations regarding the Topics in Mattel's <u>Rule</u> 30(b)(6) deposition notices are overruled.

//
//
//
//
//
//

EXHIBIT 44 PAGE 594

-1-
ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

1

2      6.      Mattel's request for sanctions is denied.

3

4      **IT IS SO ORDERED.**

5

6   DATED: _May 16,_____, 2007

7

8                                    _Edward A. Infante_

9                                    Hon. Edward A. Infante (Ret.)
                                     Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27          EXHIBIT _44_ PAGE _595_

28

07209/2121176.1

-2-

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 17, 2007, I served the attached ORDER GRANTING MATTEL INC.'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(B)(6) in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 17, 2007, at San Francisco, California

Anthony R. Sales

EXHIBIT 44 PAGE 596

# EXHIBIT 45

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(D).**

**PRIORITY SEND**
**& ENTERED**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                           Date:  July 2, 2007

Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS
==============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                              Theresa Lanza
        Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                           John B. Quinn
                                        Brett Dylan Proctor
                                        Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendall
Patricia Glaser





PROCEEDINGS:   MINUTE ORDER

        As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)   The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90                                    Initials of Deputy Clerk  Jh
CIVIL – GEN                        1                Time: 01/15

EXHIBIT 45 PAGE 597 608

regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT 45 PAGE 598

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT 415 PAGE 599

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)     MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

MINUTES FORM 90
CIVIL – GEN                                    4

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _4/5_ PAGE _600_

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT 45 PAGE 601

# EXHIBIT 46

1    Hon. Edward A. Infante (Ret.)
     JAMS
2    Two Embarcadero Center
     Suite 1500
3    San Francisco, California 94111
     Telephone:    (415) 774-2611
4    Facsimile:    (415) 982-5287

5

6

7                      UNITED STATES DISTRICT COURT

8                      CENTRAL DISTRICT OF CALIFORNIA

9                            EASTERN DIVISION

10

11   CARTER BRYANT, an individual,            CASE NO. C 04-09049 SGL (RNBx)
                                              JAMS Reference No. 1100049530
12            Plaintiff,

13        v.                                  Consolidated with
                                              Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation,    Case No. CV 05-2727

15            Defendant.                      **ORDER GRANTING IN PART AND**
                                              **DENYING IN PART MATTEL'S**
16                                            **MOTION TO COMPEL MGA TO**
                                              **PRODUCE WITNESSES PURSUANT**
17                                            **TO THIRD NOTICE OF DEPOSITION**
                                              **UNDER RULE 30(b)(6); DENYING**
18                                            **REQUEST FOR SANCTIONS**

19   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
20   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
21

22

23                           I. INTRODUCTION

24        On July 13, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Compel MGA to

25   Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for

26   Sanctions." Specifically, Mattel seeks an order compelling MGA Entertainment, Inc. ("MGA")

27   to produce witnesses on Topics 1-3, 6-8, 9 and 11-13 of Mattel's Third Rule 30(b)(6) Notice. On

28
     Bryant v. Mattel, Inc.,                                                          1
     CV-04-09049 SGL (RNBx)              EXHIBIT 46 PAGE 602

1  July 31, 2007, MGA submitted an opposition brief. On August 6, 2007, Mattel submitted a reply

2  brief. The matter was heard on September 24, 2007. Having considered the motion papers and

3  the comments of counsel, Mattel's motion is granted in part and denied in part, and the request for

4  sanctions is denied.

## II. BACKGROUND

6  Mattel first served a Rule 30(b)(6) Notice of Deposition of MGA in February of 2005,

7  which specified eight topics for deposition. Mattel served a Second Notice of Deposition of

8  MGA in February of 2007, which specified forty-six topics for deposition. On June 5, 2007,

9  Mattel served a Third Notice of Deposition of MGA (the "Third Notice"), which is the subject of

10  the present motion to compel. The Third Notice specifies sixteen topics for deposition. On June

11  29, 2007, MGA served objections to the Third Notice, and on July 5, 2007, the parties met and

12  conferred. The parties were not able to resolve their disputes regarding four subject matters: hard

13  drives and other storage devices (Topics 1-3); prior inconsistent statements to the press (Topics 6-

14  8); "test projects" for MGA (Topic 9); and payments MGA made to Isaac Larian, Farhad Larian

15  and Morad Zarabi (Topic 11-13). The topics at issue are set forth below.

## Hard Drives and Other Storage Devices

17  1.      The IDENTITY, current or last known location, and disposition of

18  each STORAGE DEVICE that each of the following PERSONS has used to

19  create, generate, prepare, draft, send and/or receive any DOCUMENT or

20  DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or

21  ANGEL at any time since January 1, 1999, including without limitation the date

22  of acquisition and the date of disposition of each STORAGE DEVICE: Isaac

23  Larian, Farhad Larian, Paula Garcia, BRYANT, Kami Gillmour, Veronica

24  Marlow, Mercedeh Ward, Margaret Hatch-Leahy, Jennifer Maurus, Judy Rich,

25  Ninette Pembleton, Kerrie Brode, Victoria O'Connor, Aileen Storer, Charles

26  O'Connor, Helene Bartels, Colleen O'Higgins, Vivian Matt, Maureen Mullen,

27  Rachel Harris, Barbara Malcolm, David Dees, Ben Ton, Dave Malacrida.

28

EXHIBIT 46 PAGE 003

2

1      2.    The IDENTITY, current or last known location, and disposition of

2  each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of

3  this Notice, including without limitation the date of creation and the date of

4  disposition of each such backup or copy.

5      3.    YOUR search for and production of DOCUMENTS and DIGITAL

6  INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this

7  Notice.

8  <div align="center">Prior Inconsistent Statements to the Press</div>

9      6.    YOUR statements to Christopher Palmeri in connection with the

10  Business Week article entitled "To Really Be A Player, Mattel Needs Hotter

11  Toys," published on or about July 28, 2003, including without limitation in

12  connection with the statement that Isaac Larian "got the idea for Bratz after seeing

13  his own kids run around in navel-bearing tops and hip-huggers."

14      7.    YOUR statements to Denise I. O'Neal in connection with the

15  Chicago Sun-Times article entitled "Bratz Packers Are What's Cool in Doll

16  World," published on or about March 5, 2004, including without limitation in

17  connection with the statements that MGA's "creative team decided the name

18  should be catchy and not have more than six letters. Keeping with today's trend

19  of making names more 'cool' by changing the spelling, MGA executives decided

20  to replace the 's' with a 'z'"

21      8.    YOUR statements to Jeff Weiss in connection with the San

22  Fernando Valley Business Journal article entitled "Immigrant's Creative

23  Company Shakes Up Toy Industry," published on or about March 29, 2004,

24  including without limitation in connection with the statement that "[i]t was

25  Jason's idea for Bratz."

26  <div align="center">"Test Projects" for MGA</div>

27      9.    The IDENTITY of each PERSON who YOU had perform, or who

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

<div align="center">EXHIBIT 46 PAGE 604</div>

3

1   YOU requested, asked or solicited to perform, any "test project" in advance of or

2   in consideration of employment by YOU since January 1, 1995, including without

3   limitation the IDENTITY of each such PERSON who was a MATTEL employee

4   at the time.

5          <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi</u>

6        11.     Payments of money or any other item of value that YOU have

7   made to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac

8   Larian since January 1, 1999, including without limitation (a) the amounts of such

9   payment and the equivalent dollar value of each of item of value, (b) the dates of

10  such payment, (c) the IDENTITY of each recipient of such payment, (d) the

11  IDENTITY of each bank or financial institution account to which such payment

12  was made and (e) the reasons for each such payment.

13       12.     Payments of money or any other item of value that YOU have

14  made to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad

15  Larian since January 1, 1999, including without limitation (a) the amounts of each

16  such payment and the equivalent dollar value of each of item of value, (b) the

17  timing of each such payment, (c) the IDENTITY of each recipient of each such

18  payment, (d) the IDENTITY of each bank or financial institution account to

19  which such payment was made and (e) the reasons for each such payment.

20       13.     Payments of money or any other item of value that YOU have

21  made to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad

22  Zarabi since January 1, 1999, including without limitation (a) the amounts of each

23  such payment and the equivalent dollar value of each item of value, (b) the timing

24  of each such payment, (c) the IDENTITY of each recipient of such payment,

25  (d) the IDENTITY of each bank or financial institution account to which such

26  payment was made and (e) the reasons for each such payment.

27  Zeller Decl., Ex. 23.

28

1        Mattel seeks an order compelling MGA to produce witnesses to testify on Topics 1-3, 6-8,

2   9 and 11-13, and overruling all of MGA's objections and limitations.  Mattel contends that the

3   testimony it seeks is relevant, not unduly burdensome, and not otherwise objectionable as

4   cumulative or duplicative of any other deposition testimony already given in the case.

5        MGA contends that Mattel's Third Notice is invalid because Mattel failed to obtain leave

6   of court to take MGA's deposition after having previously deposed several 30(b)(6) designees.

7   MGA contends that Rule 30(a)(2)(B), Fed.R.Civ.P., requires Mattel to establish good cause for

8   examining MGA any further.  MGA further contends that Mattel has not established the requisite

9   good cause, and instead improperly has attempted to shift the burden of proof to MGA to justify

10   its objections to the Third Notice.  Lastly, MGA contends that Mattel has had many opportunities

11   to obtain, and in many cases has already obtained, the information it now moves to compel.

12                          III. STANDARDS

13        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

14   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

15   party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

16   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

17        Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court shall limit the frequency or extent of

18   use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably

19   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

20   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

21   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

22   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

23   amount in controversy, the parties' resources, the importance of the issues at stake in the

24   litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

25   26(b)(2)(C).

26        Pursuant to Rule 30, Fed.R.Civ.P., a party may take the testimony of any person, including

27   a party, by deposition upon oral examination without leave of court, except as provided in Rule

28

1 | 30(a)(2), Fed.R.Civ.P.  In particular, Rule 30(a)(2) specifies that a party must obtain leave of

2 | court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2),

3 | Fed.R.Civ.P., if "the person to be examined already has been deposed in the case."  Fed.R.Civ.P.

4 | 30(a)(2)(B).

5 | ## IV. DISCUSSION

6 | As a threshold matter, the parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies

7 | to depositions taken pursuant Rule 30(b)(6), Fed.R.Civ.P.  There is caselaw to support each

8 | party's position.  See e.g. Ameristar Jet Starter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st

9 | Cir. 2001) (second Rule 30(b)(6) subpoena issued without leave of court was invalid); In re

10 | Sulfuric Acid Antitrust Litig., 2005 WL 1994105 (D. Ill. Aug. 19, 2005) (holding that second

11 | Rule 30(b)(6) subpoena issued without leave of court was invalid); Innomed Labs, LLC v. Alza

12 | Corp., 211 F.R.D. 237 (S.D. N.Y. 2002) (quashing overbroad 30(b)(6) subpoena issued without

13 | leave of court); Quality Aero Tech., Inc. v. Telemetrie Elektronik, 212 F.R.D. 313, 319 (E.D.

14 | N.C. 2002) (holding that Rule 30(a)(2)(B) does not apply to Rule 30(b)(6) depositions).  For

15 | purposes of the present motion, however, it is unnecessary to resolve this conflict in the law

16 | because the debate is purely academic and inconsequential.  As Mattel has requested, Mattel's

17 | motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with

18 | additional topics.  In evaluating the appropriateness of the topics, it is Mattel's burden to

19 | demonstrate that there is good cause for such discovery (see e.g. Boston Scientific Corp. v. Cordis

20 | Corp., 2004 WL 1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2),

21 | Fed.R.Civ.P.

22 | ### Hard Drives and Other Storage Devices (Topics 1-3)

23 | Topic 1 seeks information regarding the location and disposition of computer hard drives

24 | or other storage devices used by specified MGA employees or contractors that contain or

25 | contained documents related to the Bratz or Angel projects.  Topic 2 seeks the identification and

26 | last known location of any backup, copy or image of the hard drives or storage devices identified

27 | in Topic 1.  Topic 3 seeks information regarding MGA's search for and production of documents

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 46 PAGE 607

6

1  and digital information from the hard drives and storage devices referenced in Topic 1.

2       MGA objected to Topics 1-3 as overbroad, unduly burdensome, vague, ambiguous,

3  irrelevant, and not reasonably calculated to lead to admissible evidence. MGA also objected to

4  Topics 1-3 to the extent that the information sought is obtainable through other more convenient,

5  less burdensome and less expensive means. Lastly, MGA objected to Topics 1-3 as unreasonably

6  cumulative and duplicative of information already provided by Ken Lockhart, Vice President and

7  Chief Information Officer for MGA.

8       Topics 1-3 unquestionably seek information that is relevant within the meaning of Rule

9  26(b)(1), Fed.R.Civ.P., which specifically authorizes discovery regarding any matter, not

10  privileged, that is relevant to the claim or defense of any party, including "the existence,

11  description, nature, custody, condition, and location of any books, documents or other things." A

12  portion of the discovery sought, however, is unreasonably cumulative and duplicative of

13  information already provided by Mr. Lockhart. MGA designated Mr. Lockhart as a 30(b)(6)

14  witness to testify about MGA's retention, destruction and data back-up policies, MGA's digital

15  information systems and application software, employees' electronic messaging systems, and

16  MGA's policies regarding the use of transportable media. Mr. Lockhart testified about the

17  location and disposition of MGA employees' hard drives and storage devices in general.

18       Mattel contends that Topics 1-3 differ from the topics in the Second Notice and the

19  testimony previously given by Mr. Lockhart in that Mattel now seeks information about the

20  locations and dispositions of hard drives used by 24 named individuals. Mattel contends that the

21  testimony it seeks will enable it to assess MGA's production, including whether any documents

22  requested or compelled by the Court were destroyed, not collected or otherwise made unavailable

23  to Mattel. Mattel's Reply at p.7.

24       Although Mattel's stated objective for seeking testimony regarding Topics 1-3 may be

25  legitimate, the burden and expense of a Rule 30(b)(6) deposition is not justified under the

26  circumstances of this case. Mattel has accused MGA of obstructing discovery, and in particular

27  withholding Bryant's computer. There is no evidence, however, to suggest that MGA has refused

28

1  or failed to search for and produce responsive documents located on the hard drives of the other

2  individuals named in Topic 1. It is burdensome and expensive to prepare a witness to testify

3  about the locations and dispositions of hard drives used for 24 different individuals. The likely

4  benefit of undergoing such a burden and expense is doubtful. Furthermore, there are other less

5  burdensome and less expensive means of assessing whether MGA has complied with its

6  discovery obligations, including for example, document requests and interrogatories. Therefore,

7  Mattel's motion is denied as to Topics 1-3.

8  <u>Prior Inconsistent Statements to the Press (Topics 6-8)</u>

9       Topics 6-8 seek testimony regarding three public statements made by Isaac Larian

10  regarding who conceived of Bratz. MGA objected to Topics 6-8 as irrelevant and not reasonably

11  calculated to lead to admissible evidence. MGA also objected to Topics 6-8 to the extent that the

12  information sought is obtainable through other more convenient, less burdensome and less

13  expensive means. Further, MGA objected to Topics 6-8 as unreasonably cumulative and

14  duplicative of information already provided by MGA and/or Carter Bryant. MGA also objected

15  to a deposition on these Topics "to the extent that the statements referenced above were not made

16  by MGA as a corporate actor and thus they are not the appropriate subject of a 30(b)(6)

17  designation." Zeller Decl., Ex. 24.

18       Mattel contends that Topics 6-8 are the proper subject of a Rule 30(b)(6) deposition

19  because each of the statements identified therein was made by MGA's Chief Executive Officer,

20  Isaac Larian. Mattel acknowledges that it already deposed Isaac Larian regarding one of the

21  articles identified in Topics 6-8, but contends that it is not attempting to re-depose him. Rather,

22  Mattel contends that it is entitled to elicit testimony that will bind the corporation so that it will

23  not be "sandbagged" at trial. Mattel's Reply at p.6.

24       MGA accuses Mattel of misusing the 30(b)(6) procedure when Mattel knows that Isaac

25  Larian is the person who should be, and already has been, deposed about the statements identified

26  in Topics 6-8. MGA also contends that Mattel opted to limit its examination of Isaac Larian to

27  one article, and that Mattel's failure to fully question Isaac Larian in no way justifies deposing

28

1 │ MGA now. MGA also contends that Mattel could avail itself of other discovery methods, such as

2 │ interrogatories or requests for admission, to obtain further information about the publications

3 │ identified in Topics 6-8.

4 │      Topics 6-8 seek information relevant to the central issue in the case: who conceived of

5 │ Bratz. Mattel's use of the 30(b)(6) procedure is justified in order to obtain testimony that will

6 │ bind the corporation. The testimony Mattel now seeks is not unreasonably cumulative or

7 │ duplicative of testimony it has already sought from Isaac Larian because Mattel previously

8 │ questioned Isaac Larian about only one of the articles identified in Topics 6-8. Further, the likely

9. │ benefit to Mattel of testimony from Isaac Larian (or another corporate designee) regarding Topics

10 │ 6-8 outweighs the burden and expense to MGA, given the importance of the testimony Mattel

11 │ seeks. Mattel's motion is granted as to Topics 6-8.

12 │ <center>"Test Projects" for MGA (Topic 9)</center>

13 │      In Topic 9, Mattel seeks the identity of each person MGA had perform or who MGA

14 │ requested, asked or solicited to perform, any "test project" in advance of or in consideration of

15 │ employment by MGA since January 1, 1995. MGA objected to Topic 9 as irrelevant, not

16 │ reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly

17 │ burdensome, and unreasonably cumulative and duplicative. MGA also objected to Topic 9 as

18 │ vague and ambiguous, particularly with respect to the term "test project." MGA also objected to

19 │ Topic 9 to the extent that the information sought is obtainable through other, more convenient,

20 │ less burdensome and less expensive means. MGA also objected to Topic 9 as seeking

21 │ confidential, proprietary, and commercially sensitive information with no relevance to the

22 │ litigation.

23 │      When Carter Bryant was deposed by Mattel, he testified that he "did sort of a tryout kind

24 │ of a project for" MGA. Zeller Decl., Ex. 29 at 9:19-20. He also referred to this "tryout" project

25 │ as a "test assignment." Id. at 515-516. In light of Bryant's testimony, Mattel's stated purpose of

26 │ Topic 9 is to "obtain information that will refute MGA and Bryant's assertions that Bryant's

27 │ working for MGA while employed by Mattel was no different than a supposedly standard

28 │

EXHIBIT 46 PAGE 610

9

1 | industry practice of having candidates for creative positions make artwork as part of the job

2 | interview." Mattel's Motion at p.22.

3 | MGA acknowledges that Mattel provided a definition for the phrase "test assignment" in

4 | its motion papers. MGA's Opposition at p.10. MGA nevertheless contends that Topic 9 remains

5 | objectionable as overbroad, reasoning that it would require MGA to provide information "with

6 | regard to how it proceeded with hiring virtually every single employee hired since 1995."

7 | MGA's Opposition at p.9. MGA also contends that it would be unduly burdensome to require

8 | MGA to have a designee review and potentially memorize information about every single person

9 | who has applied for a job at MGA since 1995, particularly when Bryant only began working for

10 | MGA in 2000. MGA contends that a contention interrogatory is more appropriate than a 30(b)(6)

11 | deposition to obtain the information called for in Topic 9.

12 | Topic 9 seeks information relevant to one of MGA and Bryant's defenses, namely their

13 | claim that Bryant's work for MGA while employed by Mattel was no different than a standard

14 | industry practice of having candidates for creative positions make artwork as part of the job

15 | interview. Topic 9, however, is objectionable because it is overbroad and burdensome. In

16 | particular, Topic 9 is overbroad in terms of the specified time frame because Bryant did not begin

17 | working at MGA until the year 2000. Topic 9 is also objectionable because the information

18 | sought is more appropriately obtained through a contention interrogatory, which would be

19 | significantly less burdensome and less expensive than a 30(b)(6) deposition. Therefore, Mattel's

20 | motion is denied as to Topic 9. In lieu of taking a 30(b)(6) deposition on Topic 9, Mattel is

21 | granted leave to serve a contention interrogatory regarding Topic 9 limited to the years 1998

22 | through 2004.

23 | <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi (Topics 11-13)</u>

24 | In Topics 11-13, Mattel seeks information regarding payments made by MGA to Isaac

25 | Larian (Topic 11), Farhad Larian (Topic 12), and Morad Zarabi (Topic 13). MGA objected to

26 | these Topics as irrelevant, not reasonably calculated to lead to the discovery of admissible

27 | evidence, overbroad, unduly burdensome, and unreasonably cumulative and duplicative. MGA

28 |

1  also objected to Topics 11-13 to the extent that the information sought is obtainable through

2  other, more convenient, less burdensome and less expensive means.  MGA also objected to

3  Topics 11-13 as seeking confidential, proprietary, and commercially sensitive information with no

4  relevance to the litigation.

5        Mattel explains that Morad Zarabi arbitrated a dispute between Isaac Larian and Farhad

6  Larian that involved the timing of the creation of Bratz.  More specifically, Farhad Larian claimed

7  that Isaac Larian concealed from him MGA's development with Carter Bryant of Bratz dolls and

8  alleged that Bryant began working with MGA during a time Bryant was employed by Mattel.

9  Mattel considers all three individuals involved in the arbitration as witnesses in this litigation, and

10  therefore seeks information that may establish their bias.  Mattel also emphasizes that Isaac

11  Larian is a party to the litigation, and that payments made by MGA to him are relevant to Mattel's

12  claim for punitive damages, and may be used as impeachment evidence.  Lastly, although Mattel

13  acknowledges that it deposed Isaac Larian regarding payments he received from MGA, Mattel

14  contends that it is entitled to testimony from MGA to corroborate or refute his testimony.

15        MGA contends that Topics 11-13 are not relevant to this lawsuit.  In particular, MGA

16  objects to Topics 12 and 13 as seeking "private financial records of persons who are neither

17  parties nor witnesses in this action, and whose only connection is knowing people involved in the

18  lawsuit."  MGA's Opposition at p. 13.  With regard to payments to Isaac Larian, MGA contends

19  that Mattel already had the opportunity to ask him about payments during his deposition.  MGA

20  also contends that Mattel is not entitled to conduct discovery regarding Isaac Larian's net worth at

21  this time.  Even if Mattel is entitled to conduct such discovery, MGA contends that payments

22  made to him would not establish his net worth because they represent only one of many sources

23  of income and do not account for his other assets and liabilities.

24        MGA's payments to Isaac Larian and Farhad Larian are relevant to the claims and

25  defenses in the case.  Payments to Isaac Larian and Farhad Larian may also show possible bias

26  and be used for impeachment purposes.  Moreover, MGA's payments to Isaac Larian may be

27  relevant to Mattel's claim for punitive damages.  Payments to Isaac Larian are a component of his

28

EXHIBIT _46_ PAGE _612_

11

1 | net worth, even if they represent one source of income. The burden of producing such information

2 | does not outweigh its relevance, taking into consideration the circumstances of this case.

3 | Furthermore, there is no stay on discovery pertaining to punitive damages. Accordingly, Mattel's

4 | motion is granted as to Topics 11 and 12.

5 | In contrast, MGA's payments to Morad Zarabi are irrelevant. His only connection to this

6 | litigation appears to be with the arbitration proceedings. Any potential relevance of MGA's

7 | payments to Morad Zarabi is outweighed by the burden and the intrusion into his private financial

8 | affairs. Mattel's motion is denied as to Topic 13.

9 | <div align="center">V. CONCLUSION</div>

10 | For the reasons set forth above, it is hereby ordered as follows:

11 | 1.     Mattel's motion to compel is granted as to Topics 6-8, 11 and 12.

12 | 2.     Mattel's motion to compel is denied as to Topics 1-3, 9 and 13. In lieu of taking a

13 | deposition on Topic 9, Mattel is hereby granted leave to serve a contention interrogatory

14 | regarding Topic 9 that is limited to the years 1998 through 2004.

15 | 3. Mattel's request for sanctions is denied.

16 | Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

17 | Mattel shall file this Order with the Clerk of Court forthwith.

18 |

19 |

20 | Dated: September _25_, 2007

21 | HON. EDWARD A. INFANTE (Ret.)
   | Discovery Master

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 26, 2007, I served the attached ORDER GRANTING IN PART AND DENYI8NG IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES PURSUANT TO THIRD NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 26, 2007, at San Francisco, California.

_____
Sandra Chan

EXHIBIT 46 PAGE 614