# EXHIBIT 47

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **ISAAC LARIAN'S SECOND SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off: March 3, 2008 |

**PROPOUNDING PARTY:** MATTEL, INC. ("MATTEL")

**RESPONDING PARTY:** ISAAC LARIAN

**SET NO.:** ONE

EXHIBIT 47 PAGE 65

1 **INTRODUCTORY STATEMENT**

2       Isaac Larian's ("Larian's") responses and objections are made solely for

3 the purpose of this action, and are made based upon information presently known

4 and available to Larian. Larian has not completed his investigation of facts relating

5 to this case, has not fully completed his discovery in this action, and has not

6 completed his preparation for trial. Accordingly, the following responses are based

7 only upon such information and documents as are presently available and

8 specifically known to Larian, and disclose only those facts and contentions that

9 presently occur to Larian. Further discovery, independent investigation, legal

10 research and analysis may supply additional facts, add meaning to known facts, and

11 establish entirely new factual conclusions and legal contentions, any of which may

12 lead to additions to, changes to, or variations from the responses set forth below.

13       The following responses are given without prejudice to Larian's right to

14 produce evidence of any subsequently discovered facts that Larian may later recall or

15 locate. Larian, accordingly, reserves the right to supplement and/or change any and

16 all of the following responses as additional facts are ascertained, analyses are made,

17 legal research is completed, and contentions are investigated, and reserves the right

18 to rely upon and present at hearing or trial any information or documents that may be

19 subsequently discovered as a result of this ongoing discovery and investigation. The

20 responses contained herein are made in a good faith effort to supply as much factual

21 information as is presently known, but should in no way be to the prejudice of Larian

22 in relation to further discovery, research or analysis.

23       A response to any of the Requests does not constitute an admission by

24 Larian that he agrees with plaintiff's characterization or definition contained therein,

25 that the information sought is relevant to a claim or defense, or that the information

26 sought is likely to lead to admissible evidence. Except for explicit facts admitted

27 herein, no admission of any nature whatsoever is to be implied by or inferred from

28 any response anywhere stated in this document. By responding to these Requests,

1

EXHIBIT $\underline{47}$ PAGE $\underline{616}$

1  Larian does not concede the relevancy, materiality, or admissibility of any
2  information sought by the requests or any responses thereto.

3      In order to clarify his responses in light of previous numbering issues,
4  Larian is hereby providing complete sets of responses for all of the requests so that
5  the original and supplemental responses to each request for admission will be
6  included in a single document.  By providing his Second Supplemental Objections
7  and Responses to Mattel's First Set of Requests for Admission in this format, Larian
8  is only supplementing responses to Request Nos. 32-33, 54-61, and 66-69.

9      This Introductory Statement applies to each and every response
10  contained herein.

11  **GENERAL OBJECTIONS**

12      The following General Objections apply to the entirety of Mattel's First
13  Set of Requests for Admission (the "Requests").  The assertion of same, similar, or
14  additional objections to the individual requests does not waive any of Larian's
15  General Objections as set forth below.

16      1.    To the extent these Requests request Larian to provide
17  information concerning the legal basis regarding its defense of this matter, Larian
18  objects on the grounds that the Requests impermissibly call for mental impressions,
19  conclusions, opinions and/or legal theories of Larian's attorneys.

20      2.    Larian also objects to the extent these Requests call for the
21  disclosure of information protected by the attorney-client privilege, the work-product
22  doctrine, the joint defense or common interest privilege or any other applicable
23  privilege.

24      3.    Larian further objects to the extent that these Requests seek
25  information comprising the trade secrets of MGA and/or third parties, and/or
26  otherwise constitute confidential information, protected from disclosure by
27  California and/or federal law.

28      4.    Larian objects to the Requests on the grounds that they attempt to

2

1 unfairly restrict the facts on which Larian may rely at trial. Discovery has not been
2 completed and Larian is not yet necessarily in possession of all the facts and
3 documents upon which Larian intends to rely. All of the responses submitted
4 herewith are tendered to Mattel with the reservation that the responses are submitted
5 without limiting the evidence on which Larian may rely to support the contentions
6 that Larian may assert at the trial of this action. Further, Larian reserves the right to
7 supplement or amend these responses at a future date if same is deemed appropriate.

8         5.     Larian objects to the Requests on the grounds that they are
9 compound, vague, overbroad, unduly burdensome or oppressive, seek information
10 that is not within Larian's knowledge, or seek information that is neither relevant to
11 this litigation nor reasonably calculated to lead to the discovery of admissible
12 evidence.

13         6.     Larian objects to the defined terms "MGA," "Affiliates,"
14 "Person," Design," "Bratz," "Bratz Works," "Mattel," "The Bratz Pitch Materials"
15 and "Create or Improve" on the grounds that these terms, as defined, are overbroad,
16 are vague and ambiguous, and call for legal conclusions.

17         These General Objections shall be deemed incorporated into each
18 specific response below as if they were fully set forth below. Nevertheless, without
19 waiver of, without prejudice to, and expressly hereby reserving all of the foregoing
20 General Objections, Larian submits the following responses to the Requests.

21                      **SPECIFIC RESPONSES**

22 **REQUEST FOR ADMISSION NO. 1:**

23         Admit that YOU have copied or prepared derivative works from at least
24 one of THE BRATZ PITCH MATERIALS.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

26         In addition to the above General Objections, each of which is
27 incorporated by reference as though fully set forth herein, Larian also objects to this
28 request on the grounds that this request, in using the phrase "copied or prepared

EXHIBIT __47__ PAGE __6/8__

1 derivative works," calls for a legal conclusion. Larian also objects that this request

2 calls for the disclosure of information protected by the attorney-client privilege, the

3 work-product doctrine, the joint defense privilege and/or the common interest

4 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

5 as vague and ambiguous. MGA further objects that the RFA is compound and

6 cannot be answered by "admit" or "deny."

7 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

8 In addition to the above General Objections, each of which is

9 incorporated by reference as though fully set forth herein, Larian also objects to this

10 request on the grounds that this request, in using the phrase "copied or prepared

11 derivative works," calls for a legal conclusion. Larian also objects that this request

12 calls for tire disclosure of information protected by the attorney-client privilege, the

13 work-product doctrine, the joint defense privilege and/or the common interest

14 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

15 as vague and ambiguous. Larian further objects that the RFA is compound.

16 Subject to, and without waiving, the foregoing objections, Larian

17 responds: Deny.

18 **REQUEST FOR ADMISSION NO. 2:**

19 Admit that YOU have not copied or prepared derivative works from at

20 least one of THE BRATZ PITCH MATERIALS.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

22 In addition to the above General Objections, each of which is

23 incorporated by reference as though fully set forth herein, Larian also objects to this

24 request on the grounds that this request, in using the phrase "copied or prepared

25 derivative works," calls for a legal conclusion. Larian also objects that this request

26 calls for the disclosure of information protected by the attorney-client privilege, the

27 work-product doctrine, the joint defense privilege and/or the common interest

28 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

4

EXHIBIT _4/7_ PAGE _/o/9_

1 | as vague and ambiguous.  MGA further objects that the RFA is compound and
2 | cannot be answered by "admit" or "deny."

3 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

4 |      In addition to the above General Objections, each of which is
5 | incorporated by reference as though fully set forth herein, Larian also objects to this
6 | request on the grounds that this request, in using the phrase "copied or prepared
7 | derivative works," calls for a legal conclusion.  Larian also objects that this request
8 | calls for the disclosure of information protected by the attorney-client privilege, the
9 | work-product doctrine, the joint defense privilege and/or the common interest
10 | privilege.  Larian further objects to the term "THE BRATZ PITCH MATERIALS"
11 | as vague and ambiguous.  Larian further objects that the RFA is compound.

12 |      Subject to, and without waiving, the foregoing objections, Larian
13 | responds: Admit.

14 | **REQUEST FOR ADMISSION NO. 3:**

15 |      Admit that YOU have copied or prepared derivative works from more
16 | than one of THE BRATZ PITCH MATERIALS.

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

18 |      In addition to the above General Objections, each of which is
19 | incorporated by reference as though fully set forth herein, Larian also objects to this
20 | request on the grounds that this request, in using the phrase "copied or prepared
21 | derivative works," calls for a legal conclusion.  Larian also objects that this request
22 | calls for the disclosure of information protected by the attorney-client privilege, the
23 | work-product doctrine, the joint defense privilege and/or the common interest
24 | privilege.  Larian further objects to the term "THE BRATZ PITCH MATERIALS"
25 | as vague and ambiguous.  Larian further objects that the RFA is compound and
26 | cannot be answered by "admit" or "deny."

27 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

28 |      In addition to the above General Objections, each of which is

5

EXHIBIT _2/7_ PAGE _020_

1 incorporated by reference as though fully set forth herein, Larian also objects to this
2 request on the grounds that this request, in using the phrase "copied or prepared
3 derivative works," calls for a legal conclusion. Larian also objects that this request
4 calls for the disclosure of information protected by the attorney-client privilege, the
5 work-product doctrine, the joint defense privilege and/or the common interest
6 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"
7 as vague and ambiguous. Larian further objects that the RFA is compound.

8          Subject to, and without waiving, the foregoing objections, Larian
9 responds: Deny.

10 **REQUEST FOR ADMISSION NO. 4:**

11          Admit that YOU have not copied or prepared derivative works from
12 more than one of THE BRATZ PITCH MATERIALS.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

14          In addition to the above General Objections, each of which is
15 incorporated by reference as though fully set forth herein, Larian also objects to this
16 request on the grounds that this request, in using the phrase "copied or prepared
17 derivative works," calls for a legal conclusion. Larian also objects that this request
18 calls for the disclosure of information protected by the attorney-client privilege, the
19 work-product doctrine, the joint defense privilege and/or the common interest
20 privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"
21 as vague and ambiguous. Larian further objects that the RFA is compound and
22 cannot be answered by "admit" or "deny."

23 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

24          In addition to the above General Objections, each of which is
25 incorporated by reference as though fully set forth herein, Larian also objects to this
26 request on the grounds that this request, in using the phrase "copied or prepared
27 derivative works," calls for a legal conclusion. Larian also objects that this request
28 calls for the disclosure of information protected by the attorney-client privilege, the

EXHIBIT _4/7_ PAGE _/02/_

1  work-product doctrine, the joint defense privilege and/or the common interest
2  privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"
3  as vague and ambiguous. Larian further objects that the RFA is compound.

4          Subject to, and without waiving, the foregoing objections, Larian
5  responds: Admit.

6  **REQUEST FOR ADMISSION NO. 5:**

7          Admit that YOU have copied or prepared derivative works from all of
8  THE BRATZ PITCH MATERIALS.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

10          In addition to the above General Objections, each of which is
11  incorporated by reference as though fully set forth herein, Larian also objects to this
12  request on the grounds that this request, in using the phrase "copied or prepared
13  derivative works," calls for a legal conclusion. Larian also objects that this request
14  calls for the disclosure of information protected by the attorney-client privilege, the
15  work product doctrine, the joint defense privilege and/or the common interest
16  privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"
17  as vague and ambiguous. Larian further objects that the RFA is compound and
18  cannot be answered by "admit" or "deny."

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

20          In addition to the above General Objections, each of which is
21  incorporated by reference as though fully set forth herein, Larian also objects to this
22  request on the grounds that this request, in using the phrase "copied or prepared
23  derivative works," calls for a legal conclusion. Larian also objects that this request
24  calls for the disclosure of information protected by the attorney-client privilege, the
25  work-product doctrine, the joint defense privilege and/or the common interest
26  privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"
27  as vague and ambiguous. Larian further objects that the RFA is compound.
28          Subject to, and without waiving, the foregoing objections, Larian

7

EXHIBIT 47 PAGE 022

1 │ responds: Deny.

2 │ **REQUEST FOR ADMISSION NO. 6:**

3 │       Admit that YOU have not copied or prepared derivative works from all

4 │ of THE BRATZ PITCH MATERIALS.

5 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

6 │       In addition to the above General Objections, each of which is

7 │ incorporated by reference as though fully set forth herein, Larian also objects to this

8 │ request on the grounds that this request, in using the phrase "copied or prepared

9 │ derivative works," calls for a legal conclusion. Larian also objects that this request

10 │ calls for the disclosure of information protected by the attorney-client privilege, the

11 │ work-product doctrine, the joint defense privilege and/or the common interest

12 │ privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

13 │ as vague and ambiguous. MGA further objects that the RFA is compound and

14 │ cannot be answered by "admit" or "deny."

15 │ **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

16 │       In addition to the above General Objections, each of which is

17 │ incorporated by reference as though fully set forth herein, Larian also objects to this

18 │ request on the grounds that this request, in using the phrase "copied or prepared

19 │ derivative works," calls for a legal conclusion. Larian also objects that this request

20 │ calls for the disclosure of information protected by the attorney-client privilege, the

21 │ work-product doctrine, the joint defense privilege and/or the common interest

22 │ privilege. Larian further objects to the term "THE BRATZ PITCH MATERIALS"

23 │ as vague and ambiguous. Larian further objects that the RFA is compound.

24 │       Subject to, and without waiving, the foregoing objections, Larian

25 │ responds: Admit.

26 │ **REQUEST FOR ADMISSION NO. 7:**

27 │       Admit that at least one of THE BRATZ PITCH MATERIALS is an

28 │ original work of authorship within the meaning of 17 U.S.C. § 102.

8

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

2     In addition to the above General Objections, each of which is

3 incorporated by reference as though fully set forth herein, Larian also objects to this

4 request on the grounds that this request calls for a legal conclusion. Larian also

5 objects that this request calls for the disclosure of information protected by the

6 attorney-client privilege, the work-product doctrine, the joint defense privilege

7 and/or the common interest privilege. Larian further objects to the term "THE

8 BRATZ PITCH MATERIALS" as vague and ambiguous.

9 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

10     In addition to the above General Objections, each of which is

11 incorporated by reference as though fully set forth herein, Larian also objects to this

12 request on the grounds that this request calls for a legal conclusion. Larian also

13 objects that this request calls for the disclosure of information protected by the

14 attorney-client privilege, the work-product doctrine, the joint defense privilege

15 and/or the common interest privilege. Larian further objects to the term "THE

16 BRATZ PITCH MATERIALS" as vague and ambiguous.

17     Subject to, and without waiving, the foregoing objections, Larian

18 responds: Admit.

19 **REQUEST FOR ADMISSION NO. 8:**

20     Admit that none of THE BRATZ PITCH MATERIALS is an original

21 work of authorship within the meaning of 17 U.S.C. § 102.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

23     In addition to the above General Objections, each of which is

24 incorporated by reference as though fully set forth herein, Larian also objects to this

25 request on the grounds that this request calls for a legal conclusion. Larian also

26 objects that this request calls for the disclosure of information protected by the

27 attorney-client privilege, the work-product doctrine, the joint defense privilege

28 and/or the common interest privilege. Larian further objects to the term "THE

1 | BRATZ PITCH MATERIALS" as vague and ambiguous.

2 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

3 |        In addition to the above General Objections, each of which is

4 | incorporated by reference as though fully set forth herein, Larian also objects to this

5 | request on the grounds that this request calls for a legal conclusion. Larian also

6 | objects that this request calls for the disclosure of information protected by the

7 | attorney-client privilege, the work-product doctrine, the joint defense privilege

8 | and/or the common interest privilege. Larian further objects to the term "THE

9 | BRATZ PITCH MATERIALS" as vague and ambiguous.

10 |        Subject to, and without waiving, the foregoing objections, Larian

11 | responds: Deny.

12 | **REQUEST FOR ADMISSION NO. 9:**

13 |        Admit that more than one of THE BRATZ PITCH MATERIALS is an

14 | original work of authorship within the meaning of 17 U.S.C. § 102.

15 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

16 |        In addition to the above General Objections, each of which is

17 | incorporated by reference as though fully set forth herein, Larian also objects to this

18 | request on the grounds that this request calls for a legal conclusion. Larian also

19 | objects that this request calls for the disclosure of information protected by the

20 | attorney-client privilege, the work-product doctrine, the joint defense privilege

21 | and/or the common interest privilege. Larian further objects to the term "THE

22 | BRATZ PITCH MATERIALS" as vague and ambiguous.

23 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

24 |        In addition to the above General Objections, each of which is

25 | incorporated by reference as though fully set forth herein, Larian also objects to this

26 | request on the grounds that this request calls for a legal conclusion. Larian also

27 | objects that this request calls for the disclosure of information protected by the

28 | attorney-client privilege, the work-product doctrine, the joint defense privilege

1 | and/or the common interest privilege. Larian further objects to the term "THE
2 | BRATZ PITCH MATERIALS" as vague and ambiguous.

3 |      Subject to, and without waiving, the foregoing objections, Larian
4 | responds: Admit.

5 | **REQUEST FOR ADMISSION NO. 10:**

6 |      Admit that each of THE BRATZ PITCH MATERIALS is an original
7 | work of authorship within the meaning of 17 U.S.C. § 102.

8 | **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

9 |      In addition to the above General Objections, each of which is
10 | incorporated by reference as though fully set forth herein, Larian also objects to this
11 | request on the grounds that this request calls for a legal conclusion. Larian also
12 | objects that this request calls for the disclosure of information protected by the
13 | attorney-client privilege, the work-product doctrine, the joint defense privilege
14 | and/or the common interest privilege. Larian further objects to the term "THE
15 | BRATZ PITCH MATERIALS" as vague and ambiguous.

16 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

17 |      In addition to the above General Objections, each of which is
18 | incorporated by reference as though fully set forth herein, Larian also objects to this
19 | request on the grounds that this request calls for a legal conclusion. Larian also
20 | objects that this request calls for the disclosure of information protected by the
21 | attorney-client privilege, the work-product doctrine, the joint defense privilege
22 | and/or the common interest privilege. Larian further objects to the term "THE
23 | BRATZ PITCH MATERIALS" as vague and ambiguous.

24 |      Subject to, and without waiving, the foregoing objections, Larian
25 | responds: Admit.

26 | **REQUEST FOR ADMISSION NO. 11:**

27 |      Admit that YOU CONTEND YOU believed the BRYANT/MGA
28 | AGREEMENT was lawful when MGA entered into the agreement.

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

2 |       In addition to the above General Objections, each of which is

3 | incorporated by reference as though fully set forth herein, Larian also objects to this

4 | request on the grounds that this request calls for a legal conclusion. Larian also

5 | objects that this request calls for the disclosure of information protected by the

6 | attorney-client privilege, the work-product doctrine, the joint defense privilege

7 | and/or the common interest privilege.

8 |       Subject to, and without waiving, the foregoing objections, Larian

9 | responds: Admit.

10 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

11 |       In addition to the above General Objections, each of which is

12 | incorporated by reference as though fully set forth herein, Larian also objects to this

13 | request on the grounds that this request calls for a legal conclusion. Larian also

14 | objects that this request calls for the disclosure of information protected by the

15 | attorney-client privilege, the work-product doctrine, the joint defense privilege

16 | and/or the common interest privilege.

17 |       Subject to, and without waiving, the foregoing objections, Larian

18 | responds: Admit.

19 | **REQUEST FOR ADMISSION NO. 12:**

20 |       Admit that YOU do not CONTEND YOU believed the BRYANT/MGA

21 | AGREEMENT was lawful when MGA entered into the agreement.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

23 |       In addition to the above General Objections, each of which is

24 | incorporated by reference as though fully set forth herein, Larian also objects to this

25 | request on the grounds that this request calls for a legal conclusion. Larian also

26 | objects that this request calls for the disclosure of information protected by the

27 | attorney-client privilege, the work-product doctrine, the joint defense privilege

28 | and/or the common interest privilege.

EXHIBIT 47 PAGE 1027

1    Subject to, and without waiving, the foregoing objections, Larian

2  responds: Deny.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

4    In addition to the above General Objections, each of which is

5  incorporated by reference as though fully set forth herein, Larian also objects to this

6  request on the grounds that this request calls for a legal conclusion. Larian also

7  objects that this request calls for the disclosure of information protected by the

8  attorney-client privilege, the work-product doctrine, the joint defense privilege

9  and/or the common interest privilege.

10    Subject to, and without waiving, the foregoing objections, Larian

11  responds: Deny.

12  **REQUEST FOR ADMISSION NO. 13:**

13    Admit that YOU believed the BRYANT/MGA AGREEMENT may not

14  be lawful when MGA entered into the agreement.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

16    In addition to the above General Objections, each of which is

17  incorporated by reference as though fully set forth herein, Larian also objects to this

18  request on the grounds that this request calls for a legal conclusion. Larian also

19  objects that this request calls for the disclosure of information protected by the

20  attorney-client privilege, the work-product doctrine, the joint defense privilege

21  and/or the common interest privilege.

22    Subject to, and without waiving, the foregoing objections, Larian

23  responds: Deny.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

25    In addition to the above General Objections, each of which is

26  incorporated by reference as though fully set forth herein, Larian also objects to this

27  request on the grounds that this request calls for a legal conclusion. Larian also

28  objects that this request calls for the disclosure of information protected by the

13

EXHIBIT _47_ PAGE _628_

1  attorney-client privilege, the work-product doctrine, the joint defense privilege

2  and/or the common interest privilege.

3        Subject to, and without waiving, the foregoing objections, Larian

4  responds:  Deny.

5  **REQUEST FOR ADMISSION NO. 14:**

6        Admit that YOU CONTEND YOU believed at the time MGA entered

7  into the BRYANT/MGA AGREEMENT that it would be lawful for MGA to market

8  BRATZ.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

10        In addition to the above General Objections, each of which is

11  incorporated by reference as though fully set forth herein, Larian also objects to this

12  request on the grounds that this request calls for a legal conclusion.  Larian also

13  objects that this request calls for the disclosure of information protected by the

14  attorney-client privilege, the work-product doctrine, the joint defense privilege

15  and/or the common interest privilege.  Larian further objects to the term "BRATZ" as

16  vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no

17  BRATZ then existed.

18        Subject to, and without waiving, the foregoing objections, Larian

19  responds: Larian admits that he believed at the time MGA entered into its agreement

20  with Bryant and at all times thereafter that MGA had the right to market products

21  developed as a result of its agreement with Bryant.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

23        In addition to the above General Objections, each of which is

24  incorporated by reference as though fully set forth herein, Larian also objects to this

25  request on the grounds that this request calls for a legal conclusion.  Larian also

26  objects that this request calls for the disclosure of information protected by the

27  attorney-client privilege, the work-product doctrine, the joint defense privilege

28  and/or the common interest privilege.  Larian further objects to the term "BRATZ" as

14

EXHIBIT _4 7_ PAGE _6 2 9_

1  vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no
2  BRATZ then existed.

3        Subject to, and without waiving, the foregoing objections, Larian
4  responds: Larian admits that he contends he believed at the time MGA entered into
5  its agreement with Bryant and at all times thereafter that MGA had the right to
6  market products developed as a result of its agreement with Bryant.

7  **REQUEST FOR ADMISSION NO. 15:**

8        Admit that YOU do not CONTEND YOU believed at the time MGA
9  entered into the BRYANT/MGA AGREEMENT that it would be lawful for MGA to
10 market BRATZ.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

12       In addition to the above General Objections, each of which is
13 incorporated by reference as though fully set forth herein, Larian also objects to this
14 request on the grounds that this request calls for a legal conclusion.  Larian also
15 objects that this request calls for the disclosure of information protected by the
16 attorney-client privilege, the work-product doctrine, the joint defense privilege
17 and/or the common interest privilege.  Larian further objects to the term "BRATZ" as
18 vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no
19 BRATZ then existed.

20       Subject to, and without waiving, the foregoing objections, Larian
21 responds: Larian denies the request and specifically denies that he did not believe at
22 the time MGA entered into its agreement with Bryant or at any time thereafter that
23 MGA had the right to market products developed as a result of its agreement with
24 Bryant.

25 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

26       In addition to the above General Objections, each of which is
27 incorporated by reference as though fully set forth herein, Larian also objects to this
28 request on the grounds that this request calls for a legal conclusion.  Larian also

1   objects that this request calls for the disclosure of information protected by the

2   attorney-client privilege, the work-product doctrine, the joint defense privilege

3   and/or the common interest privilege. Larian further objects to the term "BRATZ" as

4   vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no

5   BRATZ then existed.

6          Subject to, and without waiving, the foregoing objections, Larian

7   responds: Larian denies the request and specifically denies that he does not contend

8   he believed at the time MGA entered into its agreement with Bryant or at any time

9   thereafter that MGA had the right to market products developed as a result of its

10  agreement with Bryant.

11  **REQUEST FOR ADMISSION NO. 16:**

12         Admit that YOU believed at the time YOU entered into the

13  BRYANT/MGA AGREEMENT that it may not be lawful for MGA to market

14  BRATZ.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

16         In addition to the above General Objections, each of which is

17  incorporated by reference as though fully set forth herein, Larian also objects to this

18  request on the grounds that this request calls for a legal conclusion. Larian also

19  objects that this request calls for the disclosure of information protected by the

20  attorney-client privilege, the work-product doctrine, the joint defense privilege

21  and/or the common interest privilege. Larian further objects to the term "BRATZ" as

22  vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no

23  BRATZ then existed.

24         Subject to, and without waiving, the foregoing objections, Larian

25  responds: Larian denies the request and specifically denies that he did not believe at

26  the time MGA entered into its agreement with Bryant or at any time thereafter that

27  MGA had the right to market products developed as a result of its agreement with

28  Bryant.

1 <u>**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 16:**</u>

2        In addition to the above General Objections, each of which is

3 incorporated by reference as though fully set forth herein, Larian also objects to this

4 request on the grounds that this request calls for a legal conclusion.  Larian also

5 objects that this request calls for the disclosure of information protected by the

6 attorney-client privilege, the work-product doctrine, the joint defense privilege

7 and/or the common interest privilege.  Larian further objects to the term "BRATZ" as

8 vague and ambiguous, and, as defined by Mattel, renders the RFA nonsensical as no

9 BRATZ then existed.

10        Subject to, and without waiving, the foregoing objections, Larian

11 responds: Larian denies the request and specifically denies that he did not believe at

12 the time MGA entered into its agreement with Bryant or at any time thereafter that

13 MGA had the right to market products developed as a result of its agreement with

14 Bryant.

15 <u>**REQUEST FOR ADMISSION NO. 17:**</u>

16        Admit that YOU CONTEND YOU believed at the time MGA entered

17 into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to copy

18 THE BRATZ PITCH MATERIALS.

19 <u>**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**</u>

20        In addition to the above General Objections, each of which is

21 incorporated by reference as though fully set forth herein, Larian also objects to this

22 request on the grounds that this request calls for a legal conclusion.  Larian also

23 objects that this request calls for the disclosure of information protected by the

24 attorney-client privilege, the work-product doctrine, the joint defense privilege

25 and/or the common interest privilege.  Larian further objects to the term "THE

26 BRATZ PITCH MATERIALS" as vague and ambiguous.

27        Subject to, and without waiving, the foregoing objections, Larian

28 responds: Larian admits that he believed at the time MGA entered into its agreement

17

1 with Bryant and at all times thereafter that he and MGA would have the lawful right

2 to fully exploit the drawings created and presented by Bryant prior to the execution

3 of MGA's agreement with Bryant.

4 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

5         In addition to the above General Objections, each of which is

6 incorporated by reference as though fully set forth herein, Larian also objects to this

7 request on the grounds that this request calls for a legal conclusion. Larian also

8 objects that this request calls for the disclosure of information protected by the

9 attorney-client privilege, the work-product doctrine, the joint defense privilege

10 and/or the common interest privilege. Larian further objects to the term "THE

11 BRATZ PITCH MATERIALS" as vague and ambiguous.

12         Subject to, and without waiving, the foregoing objections, Larian

13 responds: Larian admits that he contends he believed at the time MGA entered into

14 its agreement with Bryant and at all times thereafter that he and MGA would have

15 the lawful right to fully exploit the drawings created and presented by Bryant prior to

16 the execution of MGA's agreement with Bryant.

17 **REQUEST FOR ADMISSION NO. 18:**

18         Admit that YOU do not CONTEND YOU believed at the time MGA

19 entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to

20 copy THE BRATZ PITCH MATERIALS.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

22         In addition to the above General Objections, each of which is

23 incorporated by reference as though fully set forth herein, Larian also objects to this

24 request on the grounds that this request calls for a legal conclusion. Larian also

25 objects that this request calls for the disclosure of information protected by the

26 attorney-client privilege, the work-product doctrine, the joint defense privilege

27 and/or the common interest privilege. Larian further objects to the term "THE

28 BRATZ PITCH MATERIALS" as vague and ambiguous.

EXHIBIT 47 PAGE 633

1    Subject to, and without waiving, the foregoing objections, Larian

2  responds: Larian denies the request and specifically denies that he believed at the

3  time MGA entered into its agreement with Bryant or at any time thereafter that either

4  he or MGA would not have the lawful right to fully exploit the drawings created and

5  presented by Bryant prior to the execution of MGA's agreement with Bryant.

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

7    In addition to the above General Objections, each of which is

8  incorporated by reference as though fully set forth herein, Larian also objects to this

9  request on the grounds that this request calls for a legal conclusion.  Larian also

10  objects that this request calls for the disclosure of information protected by the

11  attorney-client privilege, the work-product doctrine, the joint defense privilege

12  and/or the common interest privilege.  Larian further objects to the term "THE

13  BRATZ PITCH MATERIALS" as vague and ambiguous.

14    Subject to, and without waiving, the foregoing objections, Larian

15  responds: Larian denies the request and specifically denies that he does not contend

16  he believed at the time MGA entered into its agreement with Bryant or at any time

17  thereafter that either he or MGA would have the lawful right to fully exploit the

18  drawings created and presented by Bryant prior to the execution of MGA's

19  agreement with Bryant.

20  **REQUEST FOR ADMISSION NO. 19:**

21    Admit that YOU believed at the time MGA entered into the

22  BRYANT/MGA AGREEMENT that it may not be lawful for YOU to copy THE

23  BRATZ PITCH MATERIALS.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

25    In addition to the above General Objections, each of which is

26  incorporated by reference as though fully set forth herein, Larian also objects to this

27  request on the grounds that this request calls for a legal conclusion.  Larian also

28  objects that this request calls for the disclosure of information protected by the

EXHIBIT 47 PAGE 034

1 attorney-client privilege, the work-product doctrine, the joint defense privilege

2 and/or the common interest privilege. Larian further objects to the term "THE

3 BRATZ PITCH MATERIALS" as vague and ambiguous.

4        Subject to, and without waiving, the foregoing objections, Larian

5 responds: Larian denies the request and specifically denies that he believed at the

6 time MGA entered into its agreement with Bryant or at any time thereafter that he or

7 MGA would not have the lawful right to fully exploit the drawings created and

8 presented by Bryant prior to the execution of MGA's agreement with Bryant.

9 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

10        In addition to the above General Objections, each of which is

11 incorporated by reference as though fully set forth herein, Larian also objects to this

12 request on the grounds that this request calls for a legal conclusion. Larian also

13 objects that this request calls for the disclosure of information protected by the

14 attorney-client privilege, the work-product doctrine, the joint defense privilege

15 and/or the common interest privilege. Larian further objects to the term "THE

16 BRATZ PITCH MATERIALS" as vague and ambiguous.

17        Subject to, and without waiving the foregoing objections, Larian

18 responds: Larian denies the request and specifically denies that he believed at the

19 time MGA entered into its agreement with Bryant or at any time thereafter that he or

20 MGA would not have the lawful right to fully exploit the drawings created and

21 presented by Bryant prior to the execution of MGA's agreement with Bryant.

22 **REQUEST FOR ADMISSION NO. 20:**

23        Admit that YOU CONTEND YOU believed at the time MGA entered

24 into the BRYANT/MGA AGREEMENT that it would be lawful for MGA to

25 produce BRATZ.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

27        In addition to the above General Objections, each of which is

28 incorporated by reference as though fully set forth herein, Larian also objects to this

EXHIBIT _2/ 7_ PAGE _1035_

1    request on the grounds that this request calls for a legal conclusion.  Larian also
2    objects that this request calls for the disclosure of information protected by the
3    attorney-client privilege, the work-product doctrine, the joint defense privilege
4    and/or the common interest privilege.  Larian further objects to the term "BRATZ" as
5    vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no
6    BRATZ then existed.

7            Subject to, and without waiving, the foregoing objections, Larian
8    responds: Larian admits that he believed at the time MGA entered into its agreement
9    with Bryant (and at all times thereafter) that MGA had the right to fully exploit
10    products developed as a result of its agreement with Bryant.

11    **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

12            In addition to the above General Objections, each of which is
13    incorporated by reference as though fully set forth herein, Larian also objects to this
14    request on the grounds that this request calls for a legal conclusion.  Larian also
15    objects that this request calls for the disclosure of information protected by the
16    attorney-client privilege, the work-product doctrine, the joint defense privilege
17    and/or the common interest privilege.  Larian further objects to the term "BRATZ" as
18    vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no
19    BRATZ then existed.

20            Subject to, and without waiving, the foregoing objections, Larian
21    responds: Larian admits that he contends he believed at the time MGA entered into
22    its agreement with Bryant {and at all times thereafter} that MGA had the right to
23    fully exploit products developed as a result of its agreement with Bryant.

24    **REQUEST FOR ADMISSION NO. 21:**

25            Admit that YOU do not CONTEND YOU believed at the time MGA
26    entered into the BRYANT/MGA AGREEMENT that it would be lawful for MGA to
27    produce BRATZ.

28

EXHIBIT _4/_ PAGE _(_ 3(/

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

2          In addition to the above General Objections, each of which is
3  incorporated by reference as though fully set forth herein, Larian also objects to this
4  request on the grounds that this request calls for a legal conclusion.  Larian also
5  objects that this request calls for the disclosure of information protected by the
6  attorney-client privilege, the work-product doctrine, the joint defense privilege
7  and/or the common interest privilege.  Larian further objects to the term "BRATZ" as
8  vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no
9  BRATZ then existed.

10         Subject to, and without waiving, the foregoing objections, Larian
11  responds:  Larian denies the request and specifically denies that he did not believe at
12  the time MGA entered into its agreement with Bryant (and at all times thereafter)
13  that MGA had the right to fully exploit products developed as a result of its
14  agreement with Bryant.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

16         In addition to the above General Objections, each of which is
17  incorporated by reference as though fully set forth herein, Larian also objects to this
18  request on the grounds that this request calls for a legal conclusion.  Larian also
19  objects that this request calls for the disclosure of information protected by the
20  attorney-client privilege, the work-product doctrine, the joint defense privilege
21  and/or the common interest privilege.  Larian further objects to the term "BRATZ" as
22  vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no
23  BRATZ then existed.

24         Subject to, and without waiving, the foregoing objections, Larian
25  responds: Larian denies the request and specifically denies that he does not contend
26  he believed at the time MGA entered into its agreement with Bryant (and at all times
27  thereafter) that MGA had the right to fully exploit products developed as a result of
28  its agreement with Bryant.

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION    NO. CV 04-9049 SGL (RNBx)

EXHIBIT _4/7_ PAGE _037_

1 **REQUEST FOR ADMISSION NO. 22:**

2          Admit that YOU believed at the time MGA entered into the

3 BRYANT/MGA AGREEMENT that it may not be lawful for MGA to produce

4 BRATZ.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

6          In addition to the above General Objections, each of which is

7 incorporated by reference as though fully set forth herein, Larian also objects to this

8 request on the grounds that this request calls for a legal conclusion. Larian also

9 objects that this request calls for the disclosure of information protected by the

10 attorney-client privilege, the work-product doctrine, the joint defense privilege

11 and/or the common interest privilege. Larian further objects to the term "BRATZ" as

12 vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no

13 BRATZ then existed.

14          Subject to, and without waiving, the foregoing objections, Larian

15 responds: Larian denies the request and specifically denies that he believed at the

16 time MGA entered into its agreement with Bryant (and at all times thereafter) that

17 MGA would not have the lawful right to fully exploit the drawings created and

18 presented by Bryant prior to the execution of MGA's agreement with Bryant.

19 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

20          In addition to the above General Objections, each of which is

21 incorporated by reference as though fully set forth herein, Larian also objects to this

22 request on the grounds that this request calls for a legal conclusion. Larian also

23 objects that this request calls for the disclosure of information protected by the

24 attorney-client privilege, the work-product doctrine, the joint defense privilege

25 and/or the common interest privilege. Larian further objects to the term "BRATZ" as

26 vague and ambiguous and, as defined by Mattel, renders the RFA nonsensical as no

27 BRATZ then existed.

28          Subject to, and without waiving, the foregoing objections, Larian

EXHIBIT ⧸⧸ PAGE ⧸⧸⧸

1  responds:  Larian denies the request and specifically denies that he believed at the

2  time MGA entered into its agreement with Bryant (and at all times thereafter) that

3  MGA would not have the lawful right to fully exploit the drawings created and

4  presented by Bryant prior to the execution of MGA's agreement with Bryant.

5  **REQUEST FOR ADMISSION NO. 23:**

6         Admit that YOU CONTEND YOU believed at the time MGA entered

7  into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to prepare

8  derivative works from THE BRATZ PITCH MATERIALS.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

10        In addition to the above General Objections, each of which is

11  incorporated by reference as though fully set forth herein, Larian also objects to this

12  request, in using the phrase "prepare derivative works," on the grounds that this

13  request calls for a legal conclusion.  Larian also objects that this request calls for the

14  disclosure of information protected by the attorney-client privilege, the work-product

15  doctrine, the joint defense privilege and/or the common interest privilege.  Larian

16  further objects to the term "THE BRATZ PITCH MATERIALS" as vague and

17  ambiguous.

18        Subject to, and without waiving, the foregoing objections, MGA

19  responds: Larian admits that he believed at the time MGA entered into its agreement

20  with Bryant (and at all times thereafter) that he and MGA had the right to fully

21  exploit products developed as a result of its agreement with Bryant.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

23        In addition to the above General Objections, each of which is

24  incorporated by reference as though fully set forth herein, Larian also objects to this

25  request, in using the phrase "prepare derivative works," on the grounds that this

26  request calls for a legal conclusion.  Larian also objects that this request calls for the

27  disclosure of information protected by the attorney-client privilege, the work-product

28  doctrine, the joint defense privilege and/or the common interest privilege.  Larian

1  further objects to the term "THE BRATZ PITCH MATERIALS" as vague and
2  ambiguous.

3          Subject to, and without waiving, the foregoing objections, Larian
4  responds: Larian admits that he contends he believed at the time MGA entered into
5  its agreement with Bryant (and at all times thereafter) that he and MGA had the right
6  to fully exploit products developed as a result of its agreement with Bryant.

7  **REQUEST FOR ADMISSION NO. 24:**

8          Admit that YOU do not CONTEND YOU believed at the time MGA
9  entered into the BRYANT/MGA AGREEMENT that it would be lawful for YOU to
10 prepare derivative works from THE BRATZ PITCH MATERIALS.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

12         In addition to the above General Objections, each of which is
13 incorporated by reference as though fully set forth herein, Larian also objects to this
14 request on the grounds that this request, in using the phrase "prepare derivative
15 works," calls for a legal conclusion.  Larian also objects that this request calls for the
16 disclosure of information protected by the attorney-client privilege, the work-product
17 doctrine, the joint defense privilege and/or the common interest privilege.  Larian
18 further objects to the term "THE BRATZ PITCH MATERIALS" as vague and
19 ambiguous.

20         Subject to, and without waiving, the foregoing objections, Larian
21 responds: Larian denies the request and specifically denies that he did not believe at
22 the time MGA entered into its agreement with Bryant (and at all times thereafter)
23 that he and MGA would have the lawful right to fully exploit the drawings created
24 and presented by Bryant prior to the execution of MGA's agreement with Bryant.

25 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

26         In addition to the above General Objections, each of which is
27 incorporated by reference as though fully set forth herein, Larian also objects to this
28 request on the grounds that this request, in using the phrase "prepare derivative

25

EXHIBIT  47  PAGE  640

1   works," calls for a legal conclusion. Larian also objects that this request calls for the

2   disclosure of information protected by the attorney-client privilege, the work-product

3   doctrine, the joint defense privilege and/or the common interest privilege. Larian

4   further objects to the term "THE BRATZ PITCH MATERIALS" as vague and

5   ambiguous.

6        Subject to, and without waiving, the foregoing objections, Larian

7   responds: Larian denies the request and specifically denies that he does not contend

8   he believed at the time MGA entered into its agreement with Bryant (and at all times

9   thereafter) that he and MGA would have the lawful right to fully exploit the

10  drawings created and presented by Bryant prior to the execution of MGA's

11  agreement with Bryant.

12  **REQUEST FOR ADMISSION NO. 25:**

13       Admit that YOU believed at the time MGA entered into the

14  BRYANT/MGA AGREEMENT that it may not be lawful for YOU to prepare

15  derivative works from THE BRATZ PITCH MATERIALS.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

17       In addition to the above General Objections, each of which is

18  incorporated by reference as though fully set forth herein, Larian also objects to this

19  request on the grounds that this request, in using the phrase "prepare derivative

20  works," calls for a legal conclusion. Larian also objects that this request calls for the

21  disclosure of information protected by the attorney-client privilege, the work-product

22  doctrine, the joint defense privilege and/or the common interest privilege. Larian

23  further objects to the term "THE BRATZ PITCH MATERIALS" as vague and

24  ambiguous.

25       Subject to, and without waiving, the foregoing objections, Larian

26  responds: Larian denies the request and specifically denies that he believed at the

27  time MGA entered into its agreement with Bryant (and at all times thereafter) that he

28  or MGA would not have the lawful right to fully exploit the drawings created and

1 presented by Bryant prior to the execution' of MGA's agreement with Bryant.

2 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

3         In addition to the above General Objections, each of which is
4 incorporated by reference as though fully set forth herein, Larian also objects to this
5 request on the grounds that this request, in using the phrase "prepare derivative
6 works," calls for a legal conclusion.  Larian also objects that this request calls for the
7 disclosure of information protected by the attorney-client privilege, the work-product
8 doctrine, the joint defense privilege and/or the common interest privilege.  Larian
9 further objects to the term "THE BRATZ PITCH MATERIALS" as vague and
10 ambiguous.

11         Subject to, and without waiving the foregoing objections, Larian
12 responds:  Larian denies the request and specifically denies that he believed at the
13 time MGA entered into its agreement with Bryant (and at all times thereafter) that he
14 or MGA would not have the lawful right to fully exploit the drawings created and
15 presented by Bryant prior to the execution of MGA's agreement with Bryant.

16 **REQUEST FOR ADMISSION NO. 26:**

17         Admit that YOU CONTEND YOU believed at the time MGA entered
18 into the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA
19 AGREEMENT would not subject YOU or MGA to legal liability.

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

21         In addition to the above General Objections, each of which is
22 incorporated by reference as though fully set forth herein, Larian also objects to this
23 request on the grounds that this request calls for a legal conclusion.  Larian also
24 objects that this request calls for the disclosure of information protected by the
25 attorney-client privilege, the work-product doctrine, the joint defense privilege
26 and/or the common interest privilege.

27         Subject to, and without waiving, the foregoing objections, Larian
28 responds: Admit.

EXHIBIT  4/7 PAGE  642

1 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

2        In addition to the above General Objections, each of which is

3 incorporated by reference as though fully set forth herein, Larian also objects to this

4 request on the grounds that this request calls for a legal conclusion.  Larian also

5 objects that this request calls for the disclosure of information protected by the

6 attorney-client privilege, the work-product doctrine, the joint defense privilege

7 and/or the common interest privilege.

8        Subject to, and without waiving, the foregoing objections, Larian

9 responds: Admit.

10 **REQUEST FOR ADMISSION NO. 27:**

11        Admit that YOU believed at the time MGA entered into the

12 BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA

13 AGREEMENT could subject YOU or MGA to legal liability.

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

15        In addition to the above General Objections, each of which is

16 incorporated by reference as though fully set forth herein, Larian also objects to this

17 request on the grounds that this request calls for a legal conclusion.  Larian also

18 objects that this request calls for the disclosure of information protected by the

19 attorney-client privilege, the work-product doctrine, the joint defense privilege

20 and/or the common interest privilege.

21        Subject to, and without waiving, the foregoing objections, Larian

22 responds:  Deny.

23 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

24        In addition to the above General Objections, each of which is

25 incorporated by reference as though fully set forth herein, Larian also objects to this

26 request on the grounds that this request calls for a legal conclusion.  Larian also

27 objects that this request calls for the disclosure of information protected by the

28 attorney-client privilege, the work-product doctrine, the joint defense privilege

1  and/or the common interest privilege.

2     Subject to, and without waiving, the foregoing objections, Larian

3  responds:  Deny.

4  **REQUEST FOR ADMISSION NO. 28:**

5     Admit that YOU CONTEND that no one told YOU when or before

6  MGA entered into the BRYANT/MGA AGREEMENT that entering into the

7  BRYANT/MGA AGREEMENT could or might subject YOU or MGA to legal

8  liability.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 28:`**

10     In addition to the above General Objections, each of which is

11  incorporated by reference as though fully set forth herein, Larian also objects to this

12  request on the grounds that this request calls for a legal conclusion.  Larian also

13  objects to the extent that this request calls for the disclosure of information protected

14  by the attorney-client privilege, the work-product doctrine, the joint defense

15  privilege and/or the common interest privilege, and specifically excludes any such

16  information from his response.  Larian further objects that this request is compound.

17  Larian further objects that the phrase "could or might" in this context is vague and

18  ambiguous.

19     Subject to, and without waiving,, the foregoing objections, Larian

20  responds: Admit.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

22     In addition to the above General Objections, each of which is

23  incorporated by reference as though fully set forth herein, Larian also objects to this

24  request on the grounds that this request calls for a legal conclusion.  Larian also

25  objects to the extent that this request calls for the disclosure of information protected

26  by the attorney-client privilege, the work-product doctrine, the joint defense

27  privilege and/or the common interest privilege, and specifically excludes any such

28  information from his response.  Larian further objects that this request is compound.

EXHIBIT _C/ 7_ PAGE _(C4/4_

1  Larian further objects that the phrase "could or might" in this context is vague and
2  ambiguous.

3         Subject to, and without waiving, the foregoing objections, Larian
4  responds: Admit.

5  **REQUEST FOR ADMISSION NO. 29:**

6         Admit that at least one person told YOU when or before MGA entered
7  into the BRYANT/MGA AGREEMENT that entering into the BRYANT/MGA
8  AGREEMENT could or might subject YOU or MGA to legal liability.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

10         In addition to the above General Objections, each of which is
11  incorporated by reference as though fully set forth herein, Larian also objects to this
12  request on the grounds that this request calls for a legal conclusion. Larian also
13  objects to the extent that this request calls for the disclosure of information protected
14  by the attorney-client privilege, the work-product doctrine, the joint defense
15  privilege and/or the common interest privilege, and specifically excludes any such
16  information from his response. Larian further objects that this request is compound.
17  Larian further objects that the phrase "could or might" in this context is vague and
18  ambiguous.

19         Subject to, and without waiving, the foregoing objections, Larian
20  responds:

21         Deny.

22  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

23         In addition to the above General Objections, each of which is
24  incorporated by reference as though fully set forth herein, Larian also objects to this
25  request on the grounds that this request calls for a legal conclusion. Larian also
26  objects to the extent that this request calls for the disclosure of information protected
27  by the attorney-client privilege., the work-product doctrine, the joint defense
28  privilege and/or the common interest privilege, and specifically excludes any such

1  information from his response.  Larian further objects that this request is compound.

2  Larian further objects that the phrase "could or might" in this context is vague and

3  ambiguous.

4          Subject to, and without waiving, the foregoing objections, Larian

5  responds:  Deny.

6  **REQUEST FOR ADMISSION NO. 30:**

7          Admit that YOU CONTEND YOU believed at the time MGA entered

8  into the BRYANT/MGA AGREEMENT that BRYANT did not CREATE OR

9  IMPROVE any of THE BRATZ PITCH MATERIALS while employed by

10  MATTEL.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

12          In addition to the above General Objections, each of which is

13  incorporated by reference as though fully set forth herein, Larian also objects to this

14  request on the grounds that the terms "CREATE OR IMPROVE" and "THE BRATZ

15  PITCH MATERIALS" are vague and ambiguous.  Larian further objects to this

16  Request on the grounds that the request, in using the phrase "create," calls for a legal

17  conclusion.

18          Subject to, and without waiving, the foregoing objections, Larian

19  responds: Admit.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

21          In addition to the above General Objections, each of which is

22  incorporated by reference as though fully set forth herein, Larian also objects to this

23  request on the grounds that the terms "CREATE OR IMPROVE" and "THE BRATZ

24  PITCH MATERIALS" are vague and ambiguous.  Larian further objects to this

25  Request on the grounds that the request, in using the phrase "create," calls for a legal

26  conclusion.

27          Subject to, and without waiving, the foregoing objections, Larian

28  responds: Admit.

EXHIBIT 47 PAGE 646

1 **REQUEST FOR ADMISSION NO. 31:**

2        Admit that YOU do not CONTEND YOU believed at the time MGA

3 entered into the BRYANT/MGA AGREEMENT that BRYANT did not CREATE

4 OR IMPROVE any of THE BRATZ PITCH MATERIALS while employed by

5 MATTEL.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

7        In addition to the above General Objections, each of which is

8 incorporated by reference as though fully set forth herein, Larian also objects to this

9 request on the grounds that the terms "CREATE OR IMPROVE" and "THE BRATZ

10 PITCH MATERIALS" are vague and ambiguous. Larian further objects to this

11 Request on the grounds that, in using the phrase "create," it calls for a legal

12 conclusion.

13        Subject to, and without waiving, the foregoing objections, Larian

14 responds: Deny.

15 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

16        In addition to the above General Objections, each of which is

17 incorporated by reference as though fully set forth herein, Larian also objects to this

18 request on the grounds that the terms "CREATE OR IMPROVE" and "THE BRATZ

19 PITCH MATERIALS" are vague and ambiguous. Larian further objects to this

20 Request on the grounds that, in using the phrase "create," it calls for a legal

21 conclusion.

22        Subject to, and without waiving, the foregoing objections, Larian

23 responds: Deny.

24 **REQUEST FOR ADMISSION NO. 32:**

25        Admit that BRYANT CREATED OR IMPROVED at least one of THE

26 BRATZ PITCH MATERIALS while employed by MATTEL.

27 **RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

28        In addition to the above General Objections, each of which is

EXHIBIT _2/7_ PAGE _/o9/2_

1  incorporated by reference as though fully set forth herein, Larian also objects to this
2  request on the grounds that the terms "CREATED OR IMPROVED" and "THE
3  BRATZ PITCH MATERIALS" are vague and ambiguous.  Larian further objects to
4  this Request on the grounds that, in using the phrase "created," it calls for a legal
5  conclusion.  Larian also objects to this request on the grounds that it seeks Larian to
6  admits facts not within its percipient knowledge but based solely on the same
7  information available to Mattel.

8       Subject to, and without waiving, the foregoing objections, Larian
9  responds: Larian admits that Bryant testified at deposition that he applied color to
10  some tracings of drawings created in 1998 and drew outfits of formal wear (that were
11  ultimately not used) in 2000 prior to his pitch.  Larian also admits that Bryant further
12  testified that he put together a dummy for his pitch but denies that the dummy was
13  intended to be, or was, a depiction of anything that was, or was intended to be, a
14  representation of "Bratz."  Larian denies the remainder of this request and
15  specifically denies that Bryant "created" "Bratz" while employed by Mattel.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

17       In addition to the above General Objections, each of which is
18  incorporated by reference as though fully set forth herein, Larian also objects to this
19  request on the grounds that the terms "CREATED OR IMPROVED" and "THE
20  BRATZ PITCH MATERIALS" are vague and ambiguous.  Larian further objects to
21  this Request on the grounds that, in using the phrase "created," it calls for a legal
22  conclusion.  Larian also objects to this request on the grounds that it seeks Larian to
23  admits facts not within its percipient knowledge but based solely on the same
24  information available to Mattel.

25       Subject to, and without waiving, the foregoing objections, Larian
26  responds: Larian denies that Bryant created "Bratz" while employed by Mattel.
27  Larian admits that Bryant testified at deposition that he applied color to some
28  tracings of drawings created in 1998 that he used in his pitch, and drew outfits of

33

EXHIBIT _4/ 7_ PAGE _645_

1  formal wear (that were ultimately not used) in 2000 prior to his pitch.

2  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
3  **NO. 32:**

4        In addition to the above General Objections, each of which is
5  incorporated by reference as though fully set forth herein, Larian also objects to this
6  request on the grounds that the terms "CREATED OR IMPROVED" and "THE
7  BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to
8  this Request on the grounds that, in using the phrase "created," it calls for a legal
9  conclusion. Larian also objects to this request on the grounds that it seeks Larian to
10  admits facts not within its percipient knowledge but based solely on the same
11  information available to Mattel.

12        Subject to, and without waiving, the foregoing objections, Larian
13  responds to this request as follows: DENIED.

14        Bryant admitted in his response to Request No. 27 of Mattel's Fifth Set
15  of Requests for Admission served on Bryant that: (1) in the spring or summer of
16  1999, he traced Bratz sketches that had been created by him in 1998, and colored
17  such tracings, and (2) between January 1, 2000 and October 20, 2000, he traced
18  sketches of Bratz created by him in 1998, and colored such tracings and drew a few
19  outfits of formal wear. Larian is presently unaware of any facts that would
20  contradict Bryant's admissions. Larian reserves the right to supplement or modify
21  this response based on any facts or evidence that may emerge during the discovery
22  process.

23        Larian denies that such activity by Bryant constitutes the creation or
24  improvement of THE BRATZ PITCH MATERIALS as that term is defined by
25  Mattel.

26  **REQUEST FOR ADMISSION NO. 33:**

27        Admit that BRYANT CREATED OR IMPROVED more than one of
28  THE BRATZ PITCH MATERIALS while employed by MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion. Larian also objects to this request on the grounds that it seeks Larian to admits facts not within its percipient knowledge but based solely on the same information available to Mattel.

Subject to, and without waiving, the foregoing objections, Larian responds:  Larian admits that Bryant testified at deposition that he applied color to some tracings of drawings created in 1998, and drew outfits of formal wear (that were ultimately not used) in 2000 prior to his pitch. Larian also admits that Bryant further testified that he put together a dummy for his pitch but denies that the dummy was intended to be, or was, a depiction of anything that was, or was intended to be, a representation of "Bratz." Larian denies the remainder of this request and specifically denies that Bryant "created" "Bratz" while employed by Mattel.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the terms "CREATED OR IMPROVED" and "THE BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion. Larian also objects to this request on the grounds that it seeks Larian to admits facts not within its percipient knowledge but based solely on the same information available to Mattel.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian denies that Bryant created "Bratz" while employed by Mattel.

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION     NO. CV 04-9049 SGL (RNBx)

EXHIBIT $\mathcal{4}$ PAGE $\mathcal{650}$

1  Larian admits that Bryant testified at deposition that he applied color to some
2  tracings of drawings created in 1998 that he used in his pitch, and drew outfits of
3  formal wear (that were ultimately not used) in 2000 prior to his pitch.

4  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
5  **NO. 33:**

6        In addition to the above General Objections, each of which is
7  incorporated by reference as though fully set forth herein, Larian also objects to this
8  request on the grounds that the terms "CREATED OR IMPROVED" and "THE
9  BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to
10  this Request on the grounds that, in using the phrase "created," it calls for a legal
11  conclusion. Larian also objects to this request on the grounds that it seeks Larian to
12  admits facts not within its percipient knowledge but based solely on the same
13  information available to Mattel.

14        Subject to, and without waiving, the foregoing objections, Larian
15  responds to this request as follows: DENIED.

16        Bryant admitted in his response to Request No. 28 of Mattel's Fifth Set
17  of Requests for Admission served on Bryant that: (1) in the spring or summer of
18  1999, he traced Bratz sketches that had been created by him in 1998, and colored
19  such tracings, and (2) between January 1, 2000 and October 20, 2000, he traced
20  sketches of Bratz created by him in 1998, and colored such tracings and drew a few
21  outfits of formal wear. Larian is presently unaware of any facts that would
22  contradict Bryant's admissions. Larian reserves the right to supplement or modify
23  this response based on any facts or evidence that may emerge during the discovery
24  process.

25        Larian denies that such activity by Bryant constitutes the creation or
26  improvement of THE BRATZ PITCH MATERIALS as that term is defined by
27  Mattel.

28

EXHIBIT ___ PAGE ___

1 **REQUEST FOR ADMISSION NO. 34:**

2     Admit that BRYANT CREATED OR IMPROVED all of THE BRATZ

3 PITCH MATERIALS while employed by MATTEL.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

5     In addition to the above General Objections, each of which is

6 incorporated by reference as though fully set forth herein, Larian also objects to this

7 request on the grounds that the terms "CREATED OR IMPROVED" and "THE

8 BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to

9 this Request on the grounds that, in using the phrase "created," it calls for a legal

10 conclusion. Larian also objects to this request on the grounds that it seeks Larian to

11 admits facts not within its percipient knowledge but based solely on the same

12 information available to Mattel.

13     Subject to, and without waiving, the foregoing objections, Larian

14 responds: Deny.

15 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

16     In addition to the above General Objections, each of which is

17 incorporated by reference as though fully set forth herein, Larian also objects to this

18 request on the grounds that the terms "CREATED OR IMPROVED" and "THE

19 BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to

20 this Request on the grounds that, in using the phrase "created," it calls for a legal

21 conclusion. Larian also objects to this request on the grounds that it seeks Larian to

22 admits facts not within its percipient knowledge but based solely on the same

23 information available to Mattel.

24     Subject to, and without waiving, the foregoing objections, Larian

25 responds: Deny.

26 **REQUEST FOR ADMISSION NO. 35:**

27     Admit that YOU CONTEND that at the time MGA entered into the

28 BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

37

1  CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while
2  employed by MATTEL.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

4       In addition to the above General Objections, each of which is
5  incorporated by reference as though fully set forth herein, Larian also objects to this
6  request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ
7  PITCH MATERIALS" and "no reason to believe" are vague and ambiguous.  Larian
8  further objects on the grounds that the Request's use of the phrase "no reason to
9  believe" requires a statement of opinion rather than an admission of fact.  Larian
10 further objects to this Request on the grounds that, in using the phrase "created," it
11 calls for a legal conclusion.

12      Subject to, and without waiving, the foregoing objections, Larian
13 responds: Larian admits that he did not believe or believe he had reason to believe
14 that BRYANT created or improved any of THE BRATZ PITCH MATERIALS
15 while employed by MATTEL.

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

17      In addition to the above General Objections, each of which is
18 incorporated by reference as though fully set forth herein, Larian also objects to this
19 request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ
20 PITCH MATERIALS'" and "no reason to believe'" are vague and ambiguous.
21 Larian further objects on the grounds that the Request's use of the phrase "no reason
22 to believe" requires a statement of opinion rather than an admission of fact.  Larian
23 further objects to this Request on the grounds that, in using the phrase "created," it
24 calls for a legal conclusion.

25      Subject to, and without waiving, the foregoing objections, Larian
26 responds: Larian admits that he contends he did not believe or believe he had reason
27 to believe that BRYANT created or improved any of THE BRATZ PITCH
28 MATERIALS while employed by MATTEL.

EXHIBIT 47  PAGE 653

1 | **REQUEST FOR ADMISSION NO. 36:**

2 |       Admit that YOU do not CONTEND that at the time MGA entered into

3 | the BRYANT/MGA AGREEMENT, YOU had no reason to believe that BRYANT

4 | CREATED OR IMPROVED any of THE BRATZ PITCH MATERIALS while

5 | employed by MATTEL.

6 | **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

7 |       In addition to the above General Objections, each of which is

8 | incorporated by reference as though fully set forth herein, Larian also objects to this

9 | request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

10 | PITCH MATERIALS" and "no reason to believe" are vague and ambiguous. Larian

11 | further objects on the grounds that the Request's use of the phrase "no reason to

12 | believe" requires a statement of opinion rather than an admission of fact. Larian

13 | further objects to this Request on the grounds that, in using the phrase "created," it

14 | calls for a legal conclusion. Larian further objects to this Request because, as

15 | phrased, it is nearly unintelligible

16 |       Subject to, and without waiving, the foregoing objections, Larian

17 | responds: Larian denies the request and specifically denies that he believed or

18 | believed he had reason to believe that BRYANT created or improved any of THE

19 | BRATZ PITCH MATERIALS while employed by MATTEL.

20 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

21 |       In addition to the above General Objections, each of which is

22 | incorporated by reference as though fully set forth herein, Larian also objects to this

23 | request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

24 | PITCH MATERIALS" and "no reason to believe" are vague and ambiguous. Larian

25 | further objects on the grounds that the Request's use of the phrase "no reason to

26 | believe" requires a statement of opinion rather than an admission of fact. Larian

27 | further objects to this Request on the grounds that, in using the phrase "created," it

28 | calls for a legal conclusion. Larian further objects to this Request because, as

EXHIBIT ⟨/⟩ PAGE ⟨e⟩⟨l⟩

1   phrased, it is nearly unintelligible.

2          Subject to and without waiving, the foregoing objections, Larian

3   responds: Larian denies the request and specifically denies that he does not contend

4   he did not believe or believe he had reason to believe that BRYANT created or

5   improved any of THE BRATZ PITCH MATERIALS while employed by MATTEL.

6   **REQUEST FOR ADMISSION NO. 37:**

7          Admit that at the time MGA entered into the BRYANT/MGA

8   AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR

9   IMPROVED at least one of THE BRATZ PITCH MATERIALS while employed by

10   MATTEL.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

12          In addition to the above General Objections, each of which is

13   incorporated by reference as though fully set forth herein, Larian also objects to this

14   request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

15   PITCH MATERIALS" and "reason to believe" are vague and ambiguous. Larian

16   further objects to this Request on the grounds that, in using the phrase "created," it

17   calls for a legal conclusion. Larian further objects that this request is compound.

18   Larian further objects on the grounds that the Request's use of the phrase "reason to

19   believe" requires a statement of opinion rather than an admission of fact.

20          Subject to, and without waiving, the foregoing objections, Larian

21   responds: Deny.

22   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

23          In addition to the above General Objections, each of which is

24   incorporated by reference as though fully set forth herein, Larian also objects to this

25   request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ

26   PITCH MATERIALS" and "reason to believe" are vague and ambiguous. Larian

27   further objects to this Request on the grounds that, in using the phrase "created," it

28   calls for a legal conclusion. Larian further objects that this request is compound.

EXHIBIT 4/B PAGE 655

1  Larian further objects on the grounds that the Request's use of the phrase "reason to
2  believe" requires a statement of opinion rather than an admission of fact.

3          Subject to, and without waiving, the foregoing objections, Larian
4  responds:  Deny.

5  **REQUEST FOR ADMISSION NO. 38:**

6          Admit that at the time MGA entered into the BRYANT/MGA
7  AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR
8  IMPROVED more than one of THE BRATZ PITCH MATERIALS while employed
9  by MATTEL.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

11         In addition to the above General Objections, each of which is
12 incorporated by reference as though fully set forth herein, Larian also objects to this
13 request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ
14 PITCH MATERIALS" and "reason to believe" are vague and ambiguous.  Larian
15 further objects to this Request on the grounds that, in using the phrase "created," it
16 calls for a legal conclusion.  Larian further objects that this request is compound.
17 Larian further objects on the grounds that the Request's use of the phrase "reason to
18 believe" requires a statement of opinion rather than an admission of fact.

19         Subject to, and without waiving, the foregoing objections, Larian
20 responds:  Deny.

21 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

22         In addition to the above General Objections, each of which is
23 incorporated by reference as though fully set forth herein, Larian also objects to this
24 request on the grounds that the terms "CREATED OR IMPROVED," "THE BRATZ
25 PITCH MATERIALS" and "reason to believe" are vague and ambiguous.  Larian
26 further objects to this Request on the grounds that, in using the phrase "created," it
27 calls for a legal conclusion.  Larian further objects that this request is compound.
28 Larian further objects on the grounds that the Request's use of the phrase "reason to

41

EXHIBIT 47 PAGE 656

1 believe" requires a statement of opinion rather than an admission of fact.

2       Subject to, and without waiving, the foregoing objections, Larian

3 responds: Deny.

4 **REQUEST FOR ADMISSION NO. 39:**

5       Admit that at the time MGA entered into the BRYANT/MGA

6 AGREEMENT, YOU knew or had reason to believe that BRYANT CREATED OR

7 IMPROVED all of THE BRATZ PITCH MATERIALS while employed by

8 MATTEL.

9 **RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

10       In addition to the above General Objections, each of which is

11 incorporated by reference as though fully set forth herein, Larian also objects to this

12 request on the grounds that the terms "CREATED OR IMPROVED" and "THE

13 BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to

14 this Request on the grounds that, in using the phrase "created," it calls for a legal

15 conclusion. Larian further objects that this request is compound. Larian further

16 objects on the grounds that the Request's use of the phrase "reason to believe"

17 requires a statement of opinion rather than an admission of fact.

18       Subject to, and without waiving, the foregoing objections, Larian

19 responds. Deny.

20 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

21       In addition to the above General Objections, each of which is

22 incorporated by j reference as though fully set forth herein, Larian also objects to this

23 request on the grounds that the terms "CREATED OR IMPROVED" and "THE

24 BRATZ PITCH MATERIALS" are vague and ambiguous. Larian further objects to

25 this Request on the grounds that, in using the phrase "created," it calls for a legal

26 conclusion. Larian further objects that this request is compound. Larian further

27 objects on the grounds that the Request's use of the phrase "reason to believe"

28 requires a statement of opinion rather than an admission of fact.

1    Subject to, and without waiving, the foregoing objections, Larian
2 responds: Deny.

3 **REQUEST FOR ADMISSION NO. 40:**

4    Admit that YOU deny YOU willfully infringed any copyrights in
5 BRATZ WORKS.

6 **RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

7    In addition to the above General Objections, each of which is
8 incorporated by reference as though fully set forth herein, Larian also objects to this
9 request on the grounds that this request calls for a legal conclusion.  Larian also
10 objects that this request calls for the disclosure of information protected by the
11 attorney-client privilege, the work-product doctrine, the joint defense privilege
12 and/or the common interest privilege.  Larian also objects that to the term "BRATZ
13 WORKS" as vague and ambiguous.  Larian furthers objects that this request is
14 nonsensical as phrased.

15    Subject to, and without waiving, the foregoing objections, Larian
16 responds: Admit.

17 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

18    In addition to the above General Objections, each of which is
19 incorporated by reference as though filly set forth herein, Larian also objects to this
20 request on the grounds that this request calls for a legal conclusion.  Larian also
21 objects that this request calls for the disclosure of information protected by the
22 attorney-client privilege, the work-product doctrine, the joint defense privilege
23 and/or the common interest privilege.  Larian also objects that to the term "BRATZ
24 WORKS" as vague and ambiguous.  Larian furthers objects that this request is
25 nonsensical as phrased.

26    Subject to, and without waiving, the foregoing objections, Larian
27 responds: Admit.

28

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION   NO. CV 04-9049 SGL (RNBx)

EXHIBIT 4 7 PAGE 658

1 **REQUEST FOR ADMISSION NO. 41:**

2        Admit that YOU deny YOU willfully infringed any copyrights

3 MATTEL claims it owns in BRATZ WORKS.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

5        In addition to the above General Objections, each of which is

6 incorporated by reference as though fully set forth herein, Larian also objects to this

7 request on the grounds that this request calls for a legal conclusion.  Larian also

8 objects that this request calls for the disclosure of information protected by the

9 attorney-client privilege, the work-product doctrine, the joint defense privilege

10 and/or the common interest privilege.  Larian also objects that to the term "BRATZ

11 WORKS" as vague and ambiguous.  Larian furthers objects that this request is

12 nonsensical as phrased.

13        Subject to, and without waiving, the foregoing objections, Larian

14 responds: Admit.

15 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

16        In addition to the above General Objections, each of which is

17 incorporated by reference as though fully set forth herein, Larian also objects to this

18 request on the grounds that this request calls for a legal conclusion.  Larian also

19 objects that this request calls for the disclosure of information protected by the

20 attorney-client privilege, the work-product doctrine, the joint defense privilege

21 and/or the common interest privilege.  Larian also objects that to the term "BRATZ

22 WORKS" as vague and ambiguous.  Larian furthers objects that this request is

23 nonsensical as phrased.

24        Subject to, and without waiving, the foregoing objections, Larian

25 responds: Admit.    .

26 **REQUEST FOR ADMISSION NO. 42:**

27        Admit that YOU did not suspect MATTEL owned any of THE BRATZ

28 PITCH MATERIALS when or before MGA entered into the BRYANT/MGA

EXHIBIT  4  7 PAGE  659

1 | AGREEMENT.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

3 | In addition to the above General Objections, each of which is
4 | incorporated by reference as though fully set forth herein, Larian also objects to this
5 | request on the grounds that the terms "suspect" and "THE BRATZ PITCH
6 | MATERIALS" are vague and ambiguous. Larian further objects that this request is
7 | compound.

8 | Subject to, and without waiving, the foregoing objections, Larian
9 | responds: Larian admits that, based on the information provided to him, he did not
10 | believe that Mattel owned any of the materials Carter Bryant presented to MGA, but
11 | nonetheless took steps to confirm the timing of Mr. Bryant's work prior to executing
12 | the agreement, as testified to at his deposition. Indeed, to this day, Larian does not
13 | "suspect" or believe that Mattel owns any rights to "Bratz."

14 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

15 | In addition to the above General Objections, each of which is
16 | incorporated by reference as though fully set forth herein, Larian also objects to this
17 | request on the grounds that the terms "suspect" and "THE BRATZ PITCH
18 | MATERIALS" are vague and ambiguous. Larian further objects that this request is
19 | compound.

20 | Subject to, and without waiving, the foregoing objections, Larian
21 | responds: Admit. Based on the information provided to him, Larian did not believe
22 | that Mattel owned any of the materials Carter Bryant presented to MGA, but
23 | nonetheless took steps to confirm the tuning of Mr. Bryant's work prior to executing
24 | the agreement, as he testified to at his deposition. Indeed, to this day Larian does not
25 | "suspect" or believe that Mattel owns any rights to "Bratz."

26 | **REQUEST FOR ADMISSION NO. 43:**

27 | Admit that YOU suspected MATTEL owned at least one of THE
28 | BRATZ PITCH MATERIALS when or before MGA entered into the

45

EXHIBIT ___47___ PAGE __660__

1  BRYANT/MGA AGREEMENT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

3         In addition to the above General Objections, each of which is
4  incorporated by reference as though fully set forth herein, Larian also objects to this
5  request on the grounds that the terms "THE BRATZ PITCH MATERIALS" and
6  "suspected" are vague and ambiguous.  Larian further objects that this request is
7  compound.

8         Subject to, and without waiving, the foregoing objections, Larian
9  responds: Deny.

10 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

11        In addition to the above General Objections, each of which is
12 incorporated by reference as though fully set forth herein, Larian also objects to this
13 request on the grounds that the terms "THE BRATZ PITCH MATERIALS" and
14 "suspected" are vague and ambiguous.  Larian further objects that this request is
15 compound.

16        Subject to, and without waiving, the foregoing objections, Larian
17 responds: Deny.

18 **REQUEST FOR ADMISSION NO. 44:**

19        Admit that YOU suspected MATTEL owned more than one of THE
20 BRATZ PITCH MATERIALS when or before MGA entered into the
21 BRYANT/MGA AGREEMENT.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

23        In addition to the above General Objections, each of which is
24 incorporated by reference as though fully set forth herein, Larian also objects to this
25 request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague
26 and ambiguous.  Larian further objects that this request is compound.

27        Subject to, and without waiving, the foregoing objections, Larian
28 responds: Deny.

EXHIBIT _47_ PAGE _6161_

1 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

2          In addition to the above General Objections, each of which is
3 incorporated by reference as though fully set forth herein, Larian also objects to this
4 request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague
5 and ambiguous. Larian further objects that this request is compound.

6          Subject to, and without waiving, the foregoing objections, Larian
7 responds: Deny.

8 **REQUEST FOR ADMISSION NO. 45:**

9          Admit that YOU CONTEND that no one told YOU that any of THE
10 BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL
11 when or before MGA entered into the BRYANT/MGA AGREEMENT.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

13          In addition to the above General Objections, each of which is
14 incorporated by reference as though fully set forth herein, Larian also objects that
15 this request calls for a legal conclusion. Larian also objects to the extent that this
16 request calls for the disclosure of information protected by the attorney-client
17 privilege, the work-product doctrine, the joint defense privilege and/or the common
18 interest privilege, and specifically excludes any such information from his response.
19 Larian further objects to this request on the grounds that the term "THE BRATZ
20 PITCH MATERIALS" is vague and ambiguous. Larian further objects that this
21 request is compound.

22          Subject to, and without waiving, the foregoing objections, Larian
23 responds: Admit.

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

25          In addition to the above General Objections, each of which is
26 incorporated by reference as though fully set forth herein, Larian also objects that
27 this request calls for a legal conclusion. Larian also objects to the extent that this
28 request calls for the disclosure of information protected by the attorney-client

1 privilege, the work-product doctrine, the joint defense privilege and/or the common
2 interest privilege, and specifically excludes any such information from his response.
3 Larian further objects to this request on the grounds that the term "THE BRATZ
4 PITCH MATERIALS" is vague and ambiguous. Larian further objects that this
5 request is compound.

6         Subject to, and without waiving, the foregoing objections, Larian
7 responds: Admit.

8 **REQUEST FOR ADMISSION NO. 46:**

9         Admit that YOU do not CONTEND that no one told YOU that any of
10 THE BRATZ PITCH MATERIALS belonged to, or could or might belong to,
11 MATTEL when or before MGA entered into the BRYANT/MGA AGREEMENT.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

13         In addition to the above General Objections, each of which is
14 incorporated by reference as though fully set forth herein, Larian also objects that
15 this request calls for a legal conclusion. Larian also objects to the extent that this
16 request calls for the disclosure of information protected by the attorney-client
17 privilege, the work-product doctrine, the joint defense privilege and/or the common
18 interest privilege, and specifically excludes any such information from his response.
19 Larian further objects to this request on the grounds that the term "THE BRATZ
20 PITCH MATERIALS" is vague and ambiguous. Larian further objects that this
21 request is compound.

22         Subject to, and without waiving, the foregoing objections, Larian
23 responds: Deny.

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

25         In addition to the above General Objections, each of which is
26 incorporated by reference as though fully set forth herein, Larian also objects that
27 this request calls for a legal conclusion. Larian also objects to the extent that this
28 request calls for the disclosure of information protected by the attorney-client

1 privilege, the work-product doctrine, the joint defense privilege and/or the common
2 interest privilege, and specifically excludes any such information from his response.
3 Larian further objects to this request on the grounds that the term "THE BRATZ
4 PITCH MATERIALS" is vague and ambiguous. Larian further objects that this
5 request is compound.

6 Subject to, and without waiving, the foregoing objections, Larian
7 responds: Deny.

8 **REQUEST FOR ADMISSION NO. 47:**

9 Admit that at least one person told YOU that at least one of THE
10 BRATZ PITCH MATERIALS belonged to, or could or might belong to, MATTEL
11 when or before MGA entered into the BRYANT/MGA AGREEMENT.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

13 In addition to the above General Objections, each of which is
14 incorporated by reference as though fully set forth herein, Larian also objects that
15 this request calls for a legal conclusion. Larian also objects to the extent that this
16 request calls for the disclosure of information protected by the attorney-client
17 privilege, the work-product doctrine, the joint defense privilege and/or the common
18 interest privilege, and specifically excludes any such information from his response.
19 Larian further objects to this request on the grounds that the term "THE BRATZ
20 PITCH MATERIALS" is vague and ambiguous. Larian further objects that this
21 request is compound.

22 Subject to, and without waiving, the foregoing objections, Larian
23 responds: Deny.

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

25 In addition to the above General Objections, each of which is
26 incorporated by reference as though fully set forth herein, Larian also objects that
27 this request calls for a legal conclusion. Larian also objects to the extent that this
28 request calls for the disclosure of information protected by the attorney-client

1  privilege, the work-product doctrine, the joint defense privilege and/or the common
2  interest privilege, and specifically excludes any such information from his response.
3  Larian further objects to this request on the grounds that the term "THE BRATZ
4  PITCH MATERIALS" is vague and ambiguous.  Larian further objects that this
5  request is compound.

6          Subject to, and without waiving, the foregoing objections, Larian
7  responds:  Deny.

8  **REQUEST FOR ADMISSION NO. 48:**

9          Admit that YOU CONTEND that no one told YOU that BRYANT
10  CREATED OR IMPROVED any BRATZ WORK while employed by MATTEL
11  when or before MGA entered into the BRYANT/MGA AGREEMENT.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

13          In addition to the above General Objections, each of which is
14  incorporated by reference as though fully set forth herein, Larian also objects that
15  this request calls for a legal conclusion.  Larian also objects to the extent that this
16  request calls for the disclosure of information protected by the attorney-client
17  privilege, the work-product doctrine, the joint defense privilege and/or the common
18  interest privilege, and specifically excludes any such information from his response.
19  Larian further objects to this request on the grounds that the terms "CREATED OR
20  IMPROVED" and "BRATZ WORK" are vague and ambiguous.  Larian further
21  objects to this Request on the grounds that, in using the phrase "created," it calls for a
22  legal conclusion. Larian further objects that this request is compound.

23          Subject to, and without waiving, the foregoing objections, Larian
24  responds: Admit.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

26          In addition to the above General Objections, each of which is
27  incorporated by reference as though fully set forth herein.  Larian also objects that
28  this request calls for a legal conclusion.  Larian also objects to the extent that this

1  request calls for the disclosure of information protected by the attorney-client
2  privilege, the work-product doctrine, the joint defense privilege and/or the common
3  interest privilege, and specifically excludes any such information from his response.
4  Larian further objects to this request on the grounds that the terms "CREATED OR
5  IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further
6  objects to this Request on the grounds that, in using the phrase "created," it calls for a
7  legal conclusion. Larian further objects that this request is compound.

8          Subject to, and without waiving, the foregoing objections, Larian
9  responds: Admit.

10  **REQUEST FOR ADMISSION NO. 49:**

11          Admit that YOU do not CONTEND that no one told YOU that
12  BRYANT CREATED OR IMPROVED any BRATZ WORK while employed by
13  MATTEL when or before MGA entered into the BRYANT/MGA AGREEMENT.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

15          In addition to the above General Objections, each of which is
16  incorporated by reference as though fully set forth herein, Larian also objects that
17  this request calls for a legal conclusion. Larian also objects to the extent that this
18  request calls for the disclosure of information protected by the attorney-client
19  privilege, the work-product doctrine, the joint defense privilege and/or the common
20  interest privilege, and specifically excludes any such information from his response.
21  Larian further objects to this request on the grounds that the terms "CREATED OR
22  IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further
23  objects to this Request on the grounds that, in using the phrase "created," it calls for a
24  legal conclusion. Larian further objects that this request is compound.

25          Subject to, and without waiving, the foregoing objections, Larian
26  responds: Deny.

27  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

28          In addition to the above General Objections, each of which is

1 │ incorporated by reference as though fully set forth herein, Larian also objects that
2 │ this request calls for a legal conclusion. Larian also objects to the extent that this
3 │ request calls for the disclosure of information protected by the attorney-client
4 │ privilege, the work-product doctrine, the joint defense privilege and/or the common
5 │ interest privilege, and specifically excludes any such information from his response.
6 │ Larian further objects to this request on the grounds that the terms "CREATED OR
7 │ IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further
8 │ objects to this Request on the grounds that, in using the phrase "created," it calls for a
9 │ legal conclusion. Larian further objects that this request is compound.

10 │ Subject to, and without waiving, the foregoing objections., Larian
11 │ responds: Deny.

12 │ **REQUEST FOR ADMISSION NO. 50:**

13 │ Admit that at least one person told YOU that BRYANT CREATED OR
14 │ IMPROVED at least one BRATZ WORK while employed by MATTEL when or
15 │ before MGA entered into the BRYANT/MGA AGREEMENT.

16 │ **RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

17 │ In addition to the above General Objections, each of which is
18 │ incorporated by reference as though fully set forth herein, Larian also objects that
19 │ this request calls for a legal conclusion. Larian also objects to the extent that this
20 │ request calls for the disclosure of information protected by the attorney-client
21 │ privilege, the work-product doctrine, the joint defense privilege and/or the common
22 │ interest privilege, and specifically excludes any such information from his response.
23 │ Larian further objects to this request on the grounds that the terms "CREATED OR
24 │ IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further
25 │ objects that this request is compound. Larian further objects to this Request on the
26 │ grounds that, in using the phrase "created," it calls for a legal conclusion.

27 │ Subject to, and without waiving, the foregoing objections, Larian
28 │ responds: Deny.

52

EXHIBIT 47 PAGE 667

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that this request calls for a legal conclusion. Larian also objects to the extent that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege, and specifically excludes any such information from his response. Larian further objects to this request on the grounds that the terms "CREATED OR IMPROVED" and "BRATZ WORK" are vague and ambiguous. Larian further objects that this request is compound. Larian further objects to this Request on the grounds that, in using the phrase "created," it calls for a legal conclusion.

Subject to, and without waiving, the foregoing objections, Larian responds: Deny.

**REQUEST FOR ADMISSION NO. 51:**

Admit that YOU CONTEND that YOU maintained a good faith belief that MATTEL did not have any rights to THE BRATZ PITCH MATERIALS when MGA entered into the BRYANT/MGA AGREEMENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague and ambiguous.

Subject to, and without waiving, the foregoing objections, Larian responds: Admit.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague

1 | and ambiguous.

2 |       Subject to, and without waiving, the foregoing objections, Larian
3 | responds: Admit.

4 | **REQUEST FOR ADMISSION NO. 52:**

5 |       Admit that YOU do not CONTEND that YOU maintained a good faith
6 | belief that MATTEL did not have any rights to THE BRATZ PITCH MATERIALS
7 | when MGA entered into the BRYANT/MGA AGREEMENT.

8 | **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

9 |       In addition to the above General Objections, each of which is
10 | incorporated by reference as though fully set forth herein, Larian also objects to this
11 | request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague
12 | and ambiguous.

13 |       Subject to, and without waiving, the foregoing objections, Larian
14 | responds: Deny.

15 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

16 |       In addition to the above General Objections, each of which is
17 | incorporated by reference as though fully set forth herein, Larian also objects to this
18 | request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague
19 | and ambiguous.

20 |       Subject to, and without waiving, the foregoing objections, Larian
21 | responds: Deny.

22 | **REQUEST FOR ADMISSION NO. 53:**

23 |       Admit that YOU did not maintain a good faith belief that MATTEL did
24 | not have any rights to any of THE BRATZ PITCH MATERIALS when MGA
25 | entered into the BRYANT/MGA AGREEMENT.

26 | **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

27 |       In addition to the above General Objections, each of which is
28 | incorporated by reference as though fully set forth herein, Larian also objects to this

54

EXHIBIT __ PAGE ____

1 | request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague
2 | and ambiguous.

3 | Subject to, and without waiving, the foregoing objections, Larian
4 | responds: Deny.

5 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

6 | In addition to the above General Objections, each of which is
7 | incorporated by reference as though fully set forth herein, Larian also objects to this
8 | request on the grounds that the term "THE BRATZ PITCH MATERIALS" is vague
9 | and ambiguous.

10 | Subject to, and without waiving, the foregoing objections, Larian
11 | responds: Deny.

12 | **REQUEST FOR ADMISSION NO. 54:**

13 | Admit that BRYANT was the sole author of each of THE BRATZ
14 | PITCH MATERIALS.

15 | **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

16 | In addition to the above General Objections, each of which is
17 | incorporated by reference as though fully set forth herein, Larian also objects that the
18 | request calls for a legal conclusion concerning the definition of "sole author" under
19 | the Copyright Act. Larian also objects that this request calls for the disclosure of
20 | information protected by the attorney-client privilege, the work-product doctrine, the
21 | joint defense privilege and/or the common interest privilege. Larian also objects to
22 | this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
23 | vague and ambiguous.

24 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

25 | In addition to the above General Objections, each of which is
26 | incorporated by reference as though fully set forth herein, Larian also objects that the
27 | request calls for a legal conclusion concerning the definition of "sole author" under
28 | the Copyright Act. Larian also objects that this request calls for the disclosure of

1 | information protected by the attorney-client privilege, the work-product doctrine, the

2 | joint defense privilege and/or the common interest privilege. Larian also objects to

3 | this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

4 | vague and ambiguous.

5 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

6 | **NO. 54:**

7 | In addition to the above General Objections, each of which is

8 | incorporated by reference as though fully set forth herein, Larian also objects that the

9 | request calls for a legal conclusion concerning the definition of "sole author" under

10 | the Copyright Act. Larian also objects that this request calls for the disclosure of

11 | information protected by the attorney-client privilege, the work-product doctrine, the

12 | joint defense privilege and/or the common interest privilege. Larian also objects to

13 | this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

14 | vague and ambiguous.

15 | Subject to, and without waiving, the foregoing objections, Larian

16 | responds to this request as follows: ADMITTED, to the extent that anything Bryant

17 | presented to MGA prior to October 4, 2000, could qualify as a work of authorship.

18 | Larian reserves the right to contend that certain of the items presented by Bryant to

19 | MGA prior to October 4, 2000, would not qualify as a work of authorship.

20 | **REQUEST FOR ADMISSION NO. 55:**

21 | Admit that BRYANT was not the sole author of each of THE BRATZ

22 | PITCH MATERIALS.

23 | **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

24 | In addition to the above General Objections, each of which is

25 | incorporated by reference as though fully set forth herein, Larian also objects that the

26 | request calls for a legal conclusion concerning the definition of "sole author" under

27 | the Copyright Act. Larian also objects that this request calls for the disclosure of

28 | information protected by the attorney-client privilege, the work-product doctrine, the

EXHIBIT 47 PAGE 67

1 | joint defense privilege and/or the common interest privilege. Larian also objects to

2 | this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

3 | vague and ambiguous.

4 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

5 | In addition to the above General Objections, each of which is

6 | incorporated by reference as though fully set forth herein, Larian also objects that the

7 | request calls for a legal conclusion concerning the definition of "sole author" under

8 | the Copyright Act. Larian also objects that this request calls for the disclosure of

9 | information protected by the attorney-client privilege, the work-product doctrine, the

10 | joint defense privilege and/or the common interest privilege. Larian also objects to

11 | this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

12 | vague and ambiguous.

13 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

14 | **NO. 55:**

15 | In addition to the above General Objections, each of which is

16 | incorporated by reference as though fully set forth herein, Larian also objects that the

17 | request calls for a legal conclusion concerning the definition of "sole author" under

18 | the Copyright Act. Larian also objects that this request calls for the disclosure of

19 | information protected by the attorney-client privilege, the work-product doctrine, the

20 | joint defense privilege and/or the common interest privilege. Larian also objects to

21 | this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is

22 | vague and ambiguous.

23 | Subject to, and without waiving, the foregoing objections, Larian

24 | responds to this request as follows: DENIED.

25 | **REQUEST FOR ADMISSION NO. 56:**

26 | Admit that BRYANT was the sole author of all of THE BRATZ PITCH

27 | MATERIALS.

28 |

EXHIBIT ___ PAGE 672

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

2           In addition to the above General Objections, each of which is
3 incorporated by reference as though fully set forth herein, Larian also objects that the
4 request calls for a legal conclusion concerning the definition of "sole author" under
5 the Copyright Act. Larian also objects that this request calls for the disclosure of
6 information protected by the attorney-client privilege, the work-product doctrine, the
7 joint defense privilege and/or the common interest privilege. Larian also objects to
8 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
9 vague and ambiguous.

10 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

11           In addition to the above General Objections, each of which is
12 incorporated by reference as though fully set forth herein, Larian also objects that the
13 request calls for a legal conclusion concerning the definition of "sole author" under
14 the Copyright Act. Larian also objects that this request calls for the disclosure of
15 information protected by the attorney-client privilege, the work-product doctrine, the
16 joint defense privilege and/or the common interest privilege. Larian also objects to
17 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
18 vague and ambiguous.

19 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
20 **NO. 56:**

21           In addition to the above General Objections, each of which is
22 incorporated by reference as though fully set forth herein, Larian also objects that the
23 request calls for a legal conclusion concerning the definition of "sole author" under
24 the Copyright Act. Larian also objects that this request calls for the disclosure of
25 information protected by the attorney-client privilege, the work-product doctrine, the
26 joint defense privilege and/or the common interest privilege. Larian also objects to
27 this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
28 vague and ambiguous.

1        Subject to, and without waiving, the foregoing objections, Larian
2   responds to this request as follows:  ADMITTED to the extent that anything Bryant
3   presented to MGA prior to October 4, 2000, could qualify as a work of authorship.
4   Larian reserves the right to contend that certain of the items presented by Bryant to
5   MGA prior to October 4, 2000, would not qualify as a work of authorship.
6   **REQUEST FOR ADMISSION NO. 57:**
7        Admit that BRYANT was not the sole author of all of THE BRATZ
8   PITCH MATERIALS.
9   **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**
10       In addition to the above General Objections, each of which is
11  incorporated by reference as though fully set forth herein, Larian also objects that the
12  request calls for a legal conclusion concerning the definition of "sole author" under
13  the Copyright Act.  Larian also objects that this request calls for the disclosure of
14  information protected by the attorney-client privilege, the work-product doctrine, the
15  joint defense privilege and/or the common interest privilege.  Larian also objects to
16  this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
17  vague and ambiguous.
18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 57:**
19       In addition to the above General Objections, each of which is
20  incorporated by reference as though fully set forth herein, Larian also objects that the
21  request calls for a legal conclusion concerning the definition of "sole author" under
22  the Copyright Act.  Larian also objects that this request calls for the disclosure of
23  information protected by the attorney-client privilege, the work-product doctrine, the
24  joint defense privilege and/or the common interest privilege.  Larian also objects to
25  this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
26  vague and ambiguous.
27
28

1  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
2  **NO. 57:**

3       In addition to the above General Objections, each of which is
4  incorporated by reference as though fully set forth herein, Larian also objects that the
5  request calls for a legal conclusion concerning the definition of "sole author" under
6  the Copyright Act.  Larian also objects that this request calls for the disclosure of
7  information protected by the attorney-client privilege, the work-product doctrine, the
8  joint defense privilege and/or the common interest privilege.  Larian also objects to
9  this request on the grounds that the term "THE BRATZ PITCH MATERIALS" is
10  vague and ambiguous.

11       Subject to, and without waiving, the foregoing objections, Larian
12  responds to this request as follows:  DENIED.

13  **REQUEST FOR ADMISSION NO. 58:**

14       Admit that BRYANT was the sole author of each and every BRATZ
15  WORK created on or before October 3, 2000.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

17       In addition to the above General Objections, each of which is
18  incorporated by reference as though fully set forth herein, Larian also objects that the
19  request calls for a legal conclusion concerning the concept of creation and the
20  definition of "sole author" under the Copyright Act.  Larian also objects that this
21  request calls for the disclosure of information protected by the attorney-client
22  privilege, the work-product doctrine, the joint defense privilege and/or the common
23  interest privilege.  Larian also objects to this request on the grounds that the term
24  "BRATZ WORK" is vague and ambiguous.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

26       In addition to the above General Objections, each of which is
27  incorporated by reference as though fully set forth herein, Larian also objects that the
28  request calls for a legal conclusion concerning the concept of creation and the

60

EXHIBIT _4_7 PAGE _6 75_

1 definition of "sole author" under the Copyright Act.  Larian also objects that this

2 request calls for the disclosure of information protected by the attorney-client

3 privilege, the work-product doctrine, the joint defense privilege and/or the common

4 interest privilege.  Larian also objects to this request on the grounds that the term

5 "BRATZ WORK" is vague and ambiguous.

6 **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

7 **NO. 58:**

8       In addition to the above General Objections, each of which is

9 incorporated by reference as though fully set forth herein, Larian also objects that the

10 request calls for a legal conclusion concerning the concept of creation and the

11 definition of "sole author" under the Copyright Act.  Larian also objects that this

12 request calls for the disclosure of information protected by the attorney-client

13 privilege, the work-product doctrine, the joint defense privilege and/or the common

14 interest privilege.  Larian also objects to this request on the grounds that the term

15 "BRATZ WORK" is vague and ambiguous.

16       Subject to, and without waiving, the foregoing objections, Larian

17 responds to this request as follows:  DENIED as stated.

18       Larian admits that Bryant was the sole author of each and every BRATZ

19 drawing presented to MGA by Bryant on or before October 3, 2000, and what was

20 referred to by Bryant at his deposition as the "dummy," to the extent that the

21 "dummy" could be considered a BRATZ WORK as defined by Mattel (Larian

22 reserves the right to argue that the "dummy" would not qualify as a work of

23 authorship, and notes that Bryant testified that the "dummy" was not intended to be a

24 representation of Bratz.)

25       With respect to any sculpts or molds created by Margaret Leahy on or

26 before October 3, 2000, Larian has made reasonable inquiry and the information

27 known or readily available to Larian is insufficient to allow Larian to admit or deny

28 this request insofar as the request could be read to include any such sculpts or molds

1   and, on that basis, Larian denies the request.

2          Larian reserves the right to supplement or modify this response based
3   on any facts or evidence that may emerge during the discovery process.

4   **REQUEST FOR ADMISSION NO. 59:**

5          Admit that BRYANT was not the sole author of each and every BRATZ
6   WORK created on or before October 3, 2000.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

8          In addition to the above General Objections, each of which is
9   incorporated by reference as though fully set forth herein, Larian also objects that the
10  request calls for a legal conclusion concerning the concept of creation and the
11  definition of "sole author" under the Copyright Act. Larian also objects that this
12  request calls for the disclosure of information protected by the attorney-client
13  privilege, the work-product doctrine, the joint defense privilege and/or the common
14  interest privilege. Larian also objects to this request on the grounds that the term
15  "BRATZ WORK" is vague and ambiguous.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

17         In addition to the above General Objections, each of which is
18  incorporated by reference as though fully set forth herein, Larian also objects that the
19  request calls for a legal conclusion concerning the concept of creation and the
20  definition of "sole author" under the Copyright Act. Larian also objects that this
21  request calls for the disclosure of information protected by the attorney-client
22  privilege, the work-product doctrine, the joint defense privilege and/or the common
23  interest privilege. Larian also objects to this request on the grounds that the term
24  "BRATZ WORK" is vague and ambiguous.

25  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
26  **NO. 59:**

27         In addition to the above General Objections, each of which is
28  incorporated by reference as though fully set forth herein, Larian also objects that the

EXHIBIT ⁴⁄⁷ PAGE 677

1 request calls for a legal conclusion concerning the concept of creation and the

2 definition of "sole author" under the Copyright Act. Larian also objects that this

3 request calls for the disclosure of information protected by the attorney-client

4 privilege, the work-product doctrine, the joint defense privilege and/or the common

5 interest privilege. Larian also objects to this request on the grounds that the term

6 "BRATZ WORK" is vague and ambiguous.

7 Subject to, and without waiving, the foregoing objections, Larian

8 responds to this request as follows: DENIED as stated.

9 Larian admits that Bryant was the sole author of each and every BRATZ

10 drawing presented to MGA by Bryant on or before October 3, 2000, and what was

11 referred to by Bryant at his deposition as the "dummy," to the extent that the

12 "dummy" could be considered a BRATZ WORK as defined by Mattel. (Larian

13 reserves the right to argue that the "dummy" would not qualify as a work of

14 authorship, and notes that Bryant testified that the "dummy" was not intended to be a

15 representation of Bratz.)

16 With respect to any sculpts or molds created by Margaret Leahy on or

17 before October 3, 2000, Larian has made reasonable inquiry and the information

18 known or readily available to Larian is insufficient to allow Larian to admit or deny

19 this request insofar as the request could be read to include any such sculpts or molds

20 and, on that basis, Larian denies the request.

21 Larian reserves the right to supplement or modify this response based

22 on any facts or evidence that may emerge during the discovery process.

23 **REQUEST FOR ADMISSION NO. 60:**

24 Admit that BRYANT was the sole author of at least one BRATZ

25 WORK created on or before October 3, 2000.

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

27 In addition to the above General Objections, each of which is

28 incorporated by reference as though fully set forth herein, Larian also objects that the

1 | request calls for a legal conclusion concerning the concept of creation and the
2 | definition of "sole author" under the Copyright Act. Larian also objects that this
3 | request calls for the disclosure of information protected by the attorney-client
4 | privilege, the work-product doctrine, the joint defense privilege and/or the common
5 | interest privilege. Larian also objects to this request on the grounds that the term
6 | "BRATZ WORK" is vague and ambiguous.

7 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

8 | In addition to the above General Objections, each of which is
9 | incorporated by reference as though fully set forth herein, Larian also objects that the
10 | request calls for a legal conclusion concerning the concept of creation and the
11 | definition of "sole author" under the Copyright Act. Larian also objects that this
12 | request calls for the disclosure of information protected by the attorney-client
13 | privilege, the work-product doctrine, the joint defense privilege and/or the common
14 | interest privilege. Larian also objects to this request on the grounds that the term
15 | "BRATZ WORK" is vague and ambiguous.

16 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
17 | **NO. 60:**

18 | In addition to the above General Objections, each of which is
19 | incorporated by reference as though fully set forth herein, Larian also objects that the
20 | request calls for a legal conclusion concerning the concept of creation and the
21 | definition of "sole author" under the Copyright Act. Larian also objects that this
22 | request calls for the disclosure of information protected by the attorney-client
23 | privilege, the work-product doctrine, the joint defense privilege and/or the common
24 | interest privilege. Larian also objects to this request on the grounds that the term
25 | "BRATZ WORK" is vague and ambiguous.

26 | Subject to, and without waiving, the foregoing objections, Larian
27 | responds to this request as follows: ADMITTED.

28 |

64

EXHIBIT 47 PAGE 679

1 | **REQUEST FOR ADMISSION NO. 61:**

2 | Admit that BRYANT was not the sole author of at least one BRATZ

3 | WORK created on or before October 3, 2000.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

5 | In addition to the above General Objections, each of which is

6 | incorporated by reference as though fully set forth herein, Larian also objects that the

7 | request calls for a legal conclusion concerning the concept of creation and the

8 | definition of "sole author" under the Copyright Act. Larian also objects that this

9 | request calls for the disclosure of information protected by the attorney-client

10 | privilege, the work-product doctrine, the joint defense privilege and/or the common

11 | interest privilege. Larian also objects to this request on the grounds that the term

12 | "BRATZ WORK" is vague and ambiguous.

13 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

14 | In addition to the above General Objections, each of which is

15 | incorporated by reference as though fully set forth herein, Larian also objects that the

16 | request calls for a legal conclusion concerning the concept of creation and the

17 | definition of "sole author" under the Copyright Act. Larian also objects that this

18 | request calls for the disclosure of information protected by the attorney-client

19 | privilege, the work-product doctrine, the joint defense privilege and/or the common

20 | interest privilege. Larian also objects to this request on the grounds that the term

21 | "BRATZ WORK" is vague and ambiguous.

22 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

23 | **NO. 61:**

24 | In addition to the above General Objections, each of which is

25 | incorporated by reference as though fully set forth herein, Larian also objects that the

26 | request calls for a legal conclusion concerning the concept of creation and the

27 | definition of "sole author" under the Copyright Act. Larian also objects that this

28 | request calls for the disclosure of information protected by the attorney-client

1 | privilege, the work-product doctrine, the joint defense privilege and/or the common

2 | interest privilege. Larian also objects to this request on the grounds that the team

3 | "BRATZ WORK" is vague and ambiguous.

4 |          Subject to, and without waiving, the foregoing objections, Larian

5 | responds to this request as follows: DENIED.

6 | **REQUEST FOR ADMISSION NO. 62:**

7 |          Admit that the DOCUMENT attached hereto as Exhibit 1 is an

8 | authentic and genuine copy of a sworn affidavit signed by YOU on or about July 5,

9 | 2002.

10 | **RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

11 |          Larian incorporates by reference the above General Objections as

12 | though fully set forth herein.

13 |          Subject to, and without waiving the General Objections, Larian

14 | responds: Admit.

15 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

16 |          Larian incorporates by reference the above General Objections as

17 | though fully set forth herein.

18 |          Subject to, and without waiving the General Objections. Larian

19 | responds: Admit.

20 | **REQUEST FOR ADMISSION NO. 63:**

21 |          Admit that, in the DOCUMENT attached hereto as Exhibit 1, YOU

22 | swore that the BRATZ dolls were first exhibited in the United States in November

23 | 2000.

24 | **RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

25 |          In addition to the above General Objections, each of which is

26 | incorporated by reference as though fully set forth herein, Larian also objects to the

27 | phrases "BRATZ dolls" and "first exhibited" in this context as vague and ambiguous.

28 |          Subject to, and without waiving, the foregoing objections, Larian

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION      NO. CV 04-9049 SGL (RNBx)

EXHIBIT _4/7_ PAGE _6p8/_

1  responds: Admit.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

3        In addition to the above General Objections, each of which is
4  incorporated by reference as though fully set forth herein, Larian also objects to the
5  phrases "BRATZ dolls" and "first exhibited" in this context as vague and ambiguous.

6        Subject to, and without waiving, the foregoing objections, Larian
7  responds: Admit.

8  **REQUEST FOR ADMISSION NO. 64:**

9        Admit that the BRATZ dolls were first exhibited in the United States in
10  November 2000.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

12        In addition to the above General Objections, each of which is
13  incorporated by reference as though fully, set forth herein, Larian also objects to the
14  phrases "BRATZ dolls" and "first exhibited" in this context as vague and ambiguous.

15        Subject to, and without waiving, the foregoing objections, Larian
16  responds: Larian admits that boards showing "Bratz" character art were shown in
17  November 2000.  Except as so admitted, Larian denies the request.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

19        In addition to the above General Objections, each of which is
20  incorporated by reference as though fully set forth herein, Larian also objects to the
21  phrases "BRATZ dolls" and "first exhibited" in this context as vague and ambiguous.

22        Subject to, and without waiving, the foregoing objections, Larian
23  responds: Larian denies the request, except insofar as Larian admits that boards
24  showing "Bratz" character art were shown to certain retailers in November 2000.

25  **REQUEST FOR ADMISSION NO. 65:**

26        Admit that the BRATZ dolls were not first exhibited in the United
27  States in November 2000.

28

67

EXHIBIT 47 PAGE 682

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to the phrases "BRATZ dolls" and "first exhibited" as vague and ambiguous.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian admits the request but, for purposes of clarification, states that boards showing "Bratz" character art were shown in November 2000.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects to the phrases "BRATZ dolls" and "first exhibited" as vague and ambiguous.

Subject to, and without waiving, the foregoing objections, Larian responds: Larian admits the request but, for purposes of clarification, states that boards showing "Bratz" character art were shown to certain retailers in November 2000.

**REQUEST FOR ADMISSION NO. 66:**

Admit that, while BRYANT was employed by MATTEL in 1999 and 2000, he held a position of confidence and trust at MATTEL.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that use of the phrase "position of confidence and trust" is vague and ambiguous and calls for a legal conclusion. Larian also objects that this request calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the joint defense privilege and/or the common interest privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

In addition to the above General Objections, each of which is incorporated by reference as though fully set forth herein, Larian also objects that

LARIAN'S 2d SUPP. RESPONSES TO MATTEL, INC'S 1st SET OF REQ. FOR ADMISSION   NO. CV 04-9049 SGL (RNBx)

EXHIBIT _____ PAGE _____

1 | use of the phrase "position of confidence and trust" is vague and ambiguous and calls

2 | for a legal conclusion. Larian also objects that this request calls for the disclosure of

3 | information protected by the attorney-client privilege, the work-product doctrine, the

4 | joint defense privilege and/or the common interest privilege.

5 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

6 | **NO. 66:**

7 |         In addition to the above General Objections, each of which is

8 | incorporated by reference as though fully set forth herein, Larian also objects that

9 | use of the phrase "position of confidence and trust" is vague and ambiguous and calls

10 | for a legal conclusion. Larian also objects that this request calls for the disclosure of

11 | information protected by the attorney-client privilege, the work-product doctrine, the

12 | joint defense privilege and/or the common interest privilege.

13 |         Subject to, and without waiving, the foregoing objections, Larian

14 | responds to this request as follows: DENIED.

15 | **REQUEST FOR ADMISSION NO. 67:**

16 |         Admit that, while BRYANT was employed by MATTEL in 1999 and

17 | 2000, he did not hold a position of confidence and trust at MATTEL.

18 | **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

19 |         In addition to the above General Objections, each of which is

20 | incorporated by reference as though fully set forth herein, Larian also objects that

21 | use of the phrase "position of confidence and trust" is vague and ambiguous and calls

22 | for a legal conclusion. Larian also objects that this request calls for the disclosure of

23 | information protected by the attorney-client privilege, the work-product doctrine, the

24 | joint defense privilege and/or the common interest privilege.

25 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

26 |         In addition to the above General Objections, each of which is

27 | incorporated by reference as though fully set forth herein, Larian also objects that

28 | use of the phrase "position of confidence and trust" is vague and ambiguous and calls

1  for a legal conclusion.  Larian also objects that this request calls for the disclosure of

2  information protected by the attorney-client privilege, the work-product doctrine, the

3  joint defense privilege and/or the common interest privilege.

4  **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**

5  **NO. 67:**

6       In addition to the above General Objections, each of which is

7  incorporated by reference as though fully set forth herein, Larian also objects that

8  use of the phrase "position of confidence and trust" is vague and ambiguous and calls

9  for a legal conclusion.  Larian also objects that this request calls for the disclosure of

10  information protected by the attorney-client privilege, the work-product doctrine, the

11  joint defense privilege and/or the common interest privilege.

12       Subject to, and without waiving, the foregoing objections, Larian

13  responds to this request as follows:  ADMITTED.

14  **REQUEST FOR ADMISSION NO. 68:**

15       Admit that, while BRYANT was employed by MATTEL in 1999 and

16  2000, he was MATTEL's fiduciary.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

18       In addition to the above General Objections, each of which is

19  incorporated by reference as though fully set forth herein, Larian also objects that

20  this request calls for a legal conclusion.  Larian also objects that this request calls for

21  the disclosure of information protected by the attorney-client privilege, the work-

22  product doctrine, the joint defense privilege and/or the common interest privilege.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

24       In addition to the above General Objections, each of which is

25  incorporated by reference as though fully set forth herein, Larian also objects that

26  this request calls for a legal conclusion.  Larian also objects that this request calls for

27  the disclosure of information protected by the attorney-client privilege, the work-

28  product doctrine, the joint defense privilege and/or the common interest privilege.

70

EXHIBIT ___4___ PAGE _685_

1 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
2 | **NO. 68:**

3 |         In addition to the above General Objections, each of which is
4 | incorporated by reference as though fully set forth herein, Larian also objects that
5 | this request calls for a legal conclusion.  Larian also objects that this request calls for
6 | the disclosure of information protected by the attorney-client privilege, the work-
7 | product doctrine, the joint defense privilege and/or the common interest privilege.

8 |         Subject to, and without waiving, the foregoing objections, Larian
9 | responds to this request as follows:  DENIED.

10 | **REQUEST FOR ADMISSION NO. 69:**

11 |         Admit that, while BRYANT was employed by MATTEL in 1999 and
12 | 2000, he was not MATTEL's fiduciary.

13 | **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

14 |         In addition to the above General Objections, each of which is
15 | incorporated by reference as though fully set forth herein, Larian also objects that
16 | this request calls for a legal conclusion.  Larian also objects that this request calls for
17 | the disclosure of information protected by the attorney-client privilege, the work-
18 | product doctrine, the joint defense privilege and/or the common interest privilege.

19 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

20 |         In addition to the above General Objections, each of which is
21 | incorporated by reference as though fully set forth herein, Larian also objects that
22 | this request calls for a legal conclusion.  Larian also objects that this request calls for
23 | the disclosure of information protected by the attorney-client privilege, the work-
24 | product doctrine, the joint defense privilege and/or the common interest privilege.

25 | **SECOND SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION**
26 | **NO. 69:**

27 |         In addition to the above General Objections, each of which is
28 | incorporated by reference as though fully set forth herein, Larian also objects that

EXHIBIT 47 PAGE 686

1 | this request calls for a legal conclusion.  Larian also objects that this request calls for

2 | the disclosure of information protected by the attorney-client privilege, the work-

3 | product doctrine; the joint defense privilege and/or the common interest privilege.

4 |      Subject to, and without waiving, the foregoing objections, Larian

5 | responds to this request as follows:  ADMITTED.

6 | DATED:  November 30, 2007

7 |                      SKADDEN, ARPS, SLATE, MEAGHER &

8 |                      FLOM LLP

9 |                      By: _____

10 |                             Thomas J. Nolan<br>                     Attorneys for Counter-Defendants, MGA

11 |                      ENTERTAINMENT, INC., ISAAC LARIAN,<br>                     MGA ENTERTAINMENT (HK) LTD., and

12 |                      MGAE de MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 47 PAGE 687