QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | [PUBLIC REDACTED] MATTEL, INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | DISCOVERY MATTER |
| | [To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006] |
| | Hearing Date:  December 14, 2007<br>Time:               9:30 a.m.<br>Place:              JAMS S.F. Office |

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

07209/2320027.1

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1

2

## **TABLE OF CONTENTS**

3

**Page**

4

5 I. THE COURT SHOULD STRIKE LARIAN'S IMPROPER
  LIMITATIONS AND COMPEL HIM TO PRODUCE ALL
6 RESPONSIVE DOCUMENTS .................................................................. 1

7    A.   The Court Should Strike Larian's Improper Limitations to
          Requests for Documents Relating to the Conception and Origin
8         of Bratz (Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-62, 79-81,
          113-115 and 181) ......................................................................... 1

9         1.   Mattel's Requests and Larian's Responses.................................. 1

10        2.   Mattel's Statement of Position, Larian's Response, and
11             Mattel's Reply ......................................................................... 30

12             (a)   Mattel's Statement of Position......................................... 30

13             (b)   Larian's Argument in Response Regarding Request
                     Nos. 1, 2, 13, 15, 32, 33, 35, 41, and 61-62 .................... 37

14
15             (c)   Mattel's Reply Regarding Request Nos. 1, 2, 13, 15,
                     32, 33, 35, 41, and 61-62................................................. 37

16             (d)   Larian's Argument in Response Regarding Request
17                   Nos. 79-81 ...................................................................... 37

18             (e)   Mattel's Reply Regarding Request Nos. 79-81 ................ 40

19             (f)   Larian's Argument in Response Regarding Request
                     Nos. 113-115 .................................................................. 42

20             (g)   Mattel's Reply Regarding Request Nos. 113-115 ........... 43

21             (h)   Larian's Argument and Mattel's Reply in Response
                     Regarding Request No. 181 ............................................. 45

22
23   B.   The Court Should Strike Larian's Improper Limitations to
          Requests for Documents Relating to Agreements with, Payments
          to and Work Performed by Individuals Involved with Bratz
24        (Request Nos. 63-76, 82-97, 98-101, 139-146 and 221) .................... 46

25        1.   Mattel's Requests and Larian's Responses.................................. 46

26        2.   Mattel's Statement of Position, Larian's Response, and
27             Mattel's Reply ......................................................................... 129

28             (a)   Mattel's Statement of Position......................................... 129

               (b)   Larian's Argument in Response .......................................... 132

(c)     Mattel's Reply .................................................................. 132

C.    The Court Should Strike Larian's Improper Limitations to Requests for Documents Relating to His Arbitration with His Brother Farhad Larian (Request Nos. 123-125) ............................ 132

1.    Mattel's Requests and MGA's Responses ................................ 132

2.    Mattel's Statement of Position, Larian's Response, and Mattel's Reply ........................................................................ 138

(a)     Mattel's Statement of Position ........................................ 138

(b)     Larian's Argument in Response ...................................... 139

(c)     Mattel's Reply .................................................................. 142

D.    The Court Should Strike Larian's Improper Limitation to Requests for Documents Relating to the Ownership of MGA Hong Kong and MGA Mexico (Request Nos. 272-273) .................... 152

1.    Mattel's Request and Larian's Responses ................................. 152

2.    Mattel's Statement of Position, Larian's Response, and Mattel's Reply ........................................................................ 155

(a)     Mattel's Statement of Position ........................................ 155

(b)     Larian's Argument in Response ...................................... 155

(c)     Mattel's Reply .................................................................. 157

E.    The Court Should Strike Larian's Improper Limitation to the Request for Communications Relating to the Retention and Destruction of Documents (Request No. 213) .................................... 158

1.    Mattel's Request and Larian's Response .................................. 158

2.    Mattel's Statement of Position, Larian's Response, and Mattel's Reply ........................................................................ 159

(a)     Mattel's Statement of Position ........................................ 159

(b)     Larian's Argument in Response ...................................... 160

(c)     Mattel's Reply .................................................................. 160

II.    THE COURT SHOULD COMPEL LARIAN TO PRODUCE ALL DOCUMENTS RESPONSIVE TO THE REQUESTS TO WHICH HE HAS SERVED ONLY OBJECTIONS AND REFUSED TO PRODUCE IN RESPONSE TO .................................................................. 160

A.    The Court Should Compel Larian to Produce His Phone Records for the Requested Time Periods (Request Nos. 178 and 180) ............ 161

1.    Mattel's Requests and Larian's Responses ................................ 161

2. Mattel's Statement of Position, Larian's Response, and Mattel's Reply ........................................................................ 162

    (a) Mattel's Statement of Position........................................ 162

    (b) Larian's Argument in Response Regarding Request Nos. 178-181 ................................................................ 163

    (c) Mattel's Reply Regarding Request Nos. 178-181 .......... 164

B. The Court Should Compel Larian to Produce Documents Relating to His Communications with Mattel Employees (Request No. 198) ........................................................................ 166

    1. Mattel's Requests and Larian's Responses............................. 166

    2. Mattel's Statement of Position, Larian's Response, and Mattel's Reply ........................................................................ 167

        (a) Mattel's Statement of Position........................................ 167

        (b) Larian's Argument in Response ..................................... 169

        (c) Mattel's Reply................................................................ 170

C. The Court Should Compel Larian to Produce Documents Relating to His Communications With the Press and Financial Institutions Regarding Bratz, Bryant, Mattel of This Lawsuit (Request Nos. 190-192, 194-197 and 199) ......................................... 171

    1. Mattel's Requests and Larian's Responses............................. 171

    2. Mattel's Statement of Position, Larian's Response, and Mattel's Reply ........................................................................ 177

        (a) Mattel's Statement of Position........................................ 177

        (b) Larian's Argument in Response ..................................... 178

        (c) Mattel's Reply................................................................ 179

D. The Court Should Compel Larian to Produce Documents Regarding His Financial Condition (Request Nos. 207-209 and 269) ....................................................................................... 181

    1. Mattel's Requests and Larian's Responses............................. 181

    2. Mattel's Statement of Position, Larian's Response, and Mattel's Reply ........................................................................ 184

        (a) Mattel's Statement of Position........................................ 184

        (b) Larian's Argument in Response ..................................... 186

        (c) Mattel's Reply................................................................ 189

E.      The Court Should Compel Larian to Produce Documents Regarding Computers and Devices Used to Store Information About Bratz, Angel or Bryant (Request Nos. 222-225 and 227-228) .................................................................................. 193

      1.      Mattel's Request and Larian's Responses ................................. 193

      2.      Mattel's Statement of Position, Larian's Response, and Mattel's Reply .......................................................................... 197

            (a)     Mattel's Statement of Position........................................ 197

            (b)     Larian's Argument in Response Regarding Request No. 223 ..................................................................... 198

            (c)     Mattel's Reply Regarding Request No. 223 ................... 198

            (d)     Larian's Argument in Response Regarding Request Nos. 222 and 224........................................................... 198

            (e)     Mattel's Reply Regarding Request Nos. 222 and 224....202

            (f)     Larian's Argument in Response Regarding Request Nos. 225, 227, and 228....................................................205

            (g)     Mattel's Reply Regarding Request Nos. 225, 227, and 228 .......................................................................206

-iv-

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

Mattel, Inc. ("Mattel") respectfully submits this consolidated seperate statement in reply to Isaac Larian's response to Mattel's Seperate Statement in Support of its Motion to Compel Production of Documents by Isaac Larian.

I.     **THE COURT SHOULD STRIKE LARIAN'S IMPROPER LIMITATIONS AND COMPEL HIM TO PRODUCE ALL RESPONSIVE DOCUMENTS**

   A.     **The Court Should Strike Larian's Improper Limitations to Requests for Documents Relating to the Conception and Origin of Bratz (Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-62, 79-81, 113-115 and 181)**

      1.     **Mattel's Requests and Larian's Responses**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS prepared, drafted, written, transmitted or received (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it calls for documents that are within the possession, custody or control of MGA, as opposed to Mr.  Larian personally.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all responsive documents prepared, written, transmitted or received before January 1, 2001 within his possession, custody, or control, if any, that have not already been produced, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO BRATZ and RELATING TO any time prior to December 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted or received, whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request on the grounds that it seeks confidential, proprietary, or commercially sensitive

1  information, the disclosure of which would be inimical to the business interests of

2  Larian and one or more third parties.  Larian further objects to this request in the

3  grounds that it is vague and ambiguous in that Larian cannot determine what is

4  meant by the phrase "relating to Bratz and relating to any time prior to

5  December 31, 2001."  Larian also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work product doctrine, joint defense or common interest privilege,

8  or other privilege.

9  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

10          Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also specifically

15  objects to this request on the grounds that it seeks confidential, proprietary, or

16  commercially sensitive information, the disclosure of which would be inimical to

17  the business interests of Larian and one or more third parties.  Larian further objects

18  to this request in the grounds that it is vague and ambiguous in that Larian cannot

19  determine what is meant by the phrase "relating to Bratz and relating to any time

20  prior to December 31, 2001."  Larian also objects to this request to the extent it calls

21  for the disclosure of attorney-client privileged information or information protected

22  from disclosure by the work product doctrine, joint defense or common interest

23  privilege, or other privilege.

24          Subject to the foregoing, Larian will produce all responsive documents

25  that refer to any time prior to January 1, 2001 within his possession, custody, or

26  control, if any, that have not already been produced, and to which no privilege or

27  other protection applies, including without limitation, the attorney-client privilege or

28  attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 13:**

All COMMUNICATIONS RELATING TO BRATZ between YOU or MGA and any PERSON prior to December 31, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it would extend to any communication between anyone at MGA and any other person referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Bratz, without regard to whether such communications are at all relevant to any claim or defense at issue in this litigation.  Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require Larian to diligently identify every communication that any of MGA's hundreds of employees may have had with any other person referring or relating to this action.  Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

1   Subject to the foregoing, Larian will produce any personal documents that are

2   relevant and responsive to the request, if any, and that have not already been

3   produced, that he discovers in the course of his reasonable search and diligent

4   inquiry, which are within the permissible scope of discovery, and to which no

5   privilege or other protection applies, including without limitation, the attorney-client

6   privilege or attorney's work product doctrine.

7   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8   Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably

12   calculated to lead to the discovery of admissible evidence, including, without

13   limitation, in that it would extend to any communication between anyone at MGA

14   and any other person referring or relating in any way to a wide variety of matter that

15   could potentially be construed as "relating" to Bratz without regard to whether such

16   communications are at all relevant to any claim or defense at issue in this litigation.

17   Larian also objects to this request on the grounds that it is overbroad, unduly

18   burdensome and oppressive in that it purports to require Larian to diligently identify

19   every communication that any of MGA's hundreds of employees may have had with

20   any other person referring or relating to this action.  Larian also objects to this

21   request on the grounds that it is overbroad, unduly burdensome and oppressive in

22   that it is not in any way limited as to the persons involved in the communications.

23   Larian also objects to this request on the grounds that it seeks information in

24   violation of the right of privacy.  Larian also objects to this request on the grounds

25   that it seeks confidential, proprietary or commercially sensitive information, the

26   disclosure of which would be inimical to the business interests of Larian and one or

27   more third parties.  Larian also objects to this request to the extent it calls for the

28   disclosure of attorney-client privileged information or information protected from

disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all communications made prior to January 1, 2001 within his possession, custody, or control that are responsive to the request, if any, that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 15:**

All COMMUNICATIONS RELATING TO BRATZ between YOU or MGA and BRYANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks information not relevant to the matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, without limitation, in potentially extending to communications that Bryant may have had with any of MGA's hundreds of employees, agents or representatives, and regardless of whether any such communication is related in any way to the matter of this lawsuit, Larian, MGA, or MGA's business. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or

1   more third parties.  Larian further objects to this request to the extent it seeks

2   information the disclosure of which would implicate the rights of third parties to

3   protect private, confidential, proprietary or trade secret information.  Larian also

4   objects to this request to the extent it calls for the disclosure of attorney-client

5   privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7   Larian also objects to the extent this request seeks documents not in Larian's

8   possession, custody or control.

9         Subject to the foregoing, Larian will produce any personal documents that are

10   relevant and responsive to the request, if any, and that have not already been

11   produced, that he discovers in the course of his reasonable search and diligent

12   inquiry, which are within the permissible scope of discovery, and to which no

13   privilege or other protection applies, including without limitation, the attorney-client

14   privilege or attorney's work product doctrine.

15   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

16         Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein.  Larian also specifically objects to this request on the

18   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably

20   calculated to lead to the discovery of admissible evidence.  Larian also specifically

21   objects to this request on the grounds that it is overbroad, unduly burdensome and

22   oppressive, without limitation, in potentially extending to communications that

23   Bryant may have had with any of MGA's hundreds of employees, agents or

24   representatives, and regardless of whether any such communication is related in any

25   way to the subject matter of this lawsuit, Larian, MGA, or MGA's business.  Larian

26   also objects to this request on the grounds that it is overbroad, unduly burdensome

27   and oppressive in that it is not in any way limited as to the persons involved in the

28   communications or as to time.  Larian also objects to this request on the grounds that

1   it seeks information in violation of the right of privacy.  Larian also objects to this

2   request on the grounds that it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of Larian and one or more third parties.  Larian further objects to this

5   request to the extent it seeks information the disclosure of which would implicate

6   the rights of third parties to protect private, confidential, proprietary, or trade secret

7   information.  Larian also objects to this request to the extent it calls for the

8   disclosure of attorney-client privileged information or information protected from

9   disclosure by the work-product doctrine, joint defense or common interest privilege,

10  or other privilege.  Larian also objects to the extent this request seeks documents not

11  in Larian's possession, custody or control.

12  　　　Subject to the foregoing, Larian will produce all communications made prior

13  to January 1, 2001 within his possession, custody, or control that are responsive to

14  the request, if any, that have not already been produced, that he discovers in the

15  course of his reasonable search and diligent inquiry, and to which no privilege or

16  other protection applies, including without limitation, the attorney-client privilege or

17  attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 32:**

19  　　　All COMMUNICATIONS between YOU or MGA and any wholesaler,

20  distributor, and/or retailer RELATING TO BRATZ prior to December 31, 2001.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

22  　　　Larian incorporates by reference the above-stated general objections as if

23  fully set forth herein.  Larian also specifically objects to this request on the grounds

24  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

25  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

26  the discovery of admissible evidence.  Larian also specifically objects to this request

27  on the grounds that it is overbroad, unduly burdensome and oppressive, without

28  limitation, in potentially extending to communications that a wholesaler, distributor,

1  and/or retailer may have had with any of MGA's hundreds of employees, agents or

2  representatives, and regardless of whether any such communication is related in any

3  way to the subject matter of this lawsuit.  Larian also objects to this request to the

4  extent it seeks information the disclosure of which would implicate the rights of

5  third parties to protect private, confidential, proprietary or trade secret information.

6  Larian also objects to this request on the grounds that it seeks confidential,

7  proprietary or commercially sensitive information, the disclosure of which would be

8  inimical to the business interests of Larian and one or more third parties.  Larian

9  also objects to this request to the extent it calls for the disclosure of attorney-client

10  privileged information or information protected from disclosure by the work-

11  product doctrine, joint defense or common interest privilege, or other privilege.

12          Subject to the foregoing, Larian will produce any personal documents that are

13  relevant and responsive to the request, if any, and that have not already been

14  produced, that he discovers in the course of his reasonable search and diligent

15  inquiry, which are within the permissible scope of discovery, and to which no

16  privilege or other protection applies, including without limitation, the attorney-client

17  privilege or attorney's work product doctrine.

18  **<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:</u>**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also specifically

24  objects to this request on the grounds that it is overbroad, unduly burdensome and

25  oppressive, without limitation, in potentially extending to communications that a

26  wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds of

27  employees, agents or representatives, and regardless of whether any such

28  communication is related in any way to the subject matter of this lawsuit.  Larian

1   also objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential, proprietary

3   or trade secret information.  Larian also objects to this request on the grounds that it

4   seeks confidential, proprietary or commercially sensitive information, the disclosure

5   of which would be inimical to the business interests of Larian and one or more third

6   parties.  Larian also objects to this request to the extent it calls for the disclosure of

7   attorney-client privileged information or information protected from disclosure by

8   the work-product doctrine, joint defense or common interest privilege, or other

9   privilege.

10         Subject to the foregoing, Larian will produce all communications made prior

11   to June 1, 2001 within his possession, custody, or control that are responsive to the

12   request, if any, and that have not already been produced, that he discovers in the

13   course of his reasonable search and diligent inquiry, and to which no privilege or

14   other protection applies, including without limitation, the attorney-client privilege or

15   attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 33:**

17         All COMMUNICATIONS between YOU or MGA and any wholesaler,

18   distributor, and/or retailer RELATING TO ANGEL.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

20         Larian incorporates by reference the above-stated general objections as if

21   fully set forth herein.  Larian also specifically objects to this request on the grounds

22   that it seeks information not relevant to the subject matter of this lawsuit or

23   reasonably calculated to lead to the discovery of admissible evidence including,

24   without limitation, in that is seeks information related to an MGA product not at

25   issue in this lawsuit.  Larian also objects to this request on the grounds that it is

26   overbroad, unduly burdensome and oppressive, without limitation, in potentially

27   extending to communications that a wholesaler, distributor, and/or retailer may have

28   had with any of MGA's hundreds of employees, agents or representatives, and

1  regardless of whether any such communication is related in any way to the subject

2  matter of this lawsuit.  Larian also objects to this request to the extent it seeks

3  information the disclosure of which would implicate the rights of third parties to

4  protect private, confidential, proprietary or trade secret information.  Larian also

5  objects to this request on the grounds that it seeks confidential, proprietary or

6  commercially sensitive information, the disclosure of which would be inimical to

7  the business interests of Larian and one or more third parties.  Larian also objects to

8  this request to the extent it calls for the disclosure of attorney-client privileged

9  information or information protected from disclosure by the work-product doctrine,

10  joint defense or common interest privilege, or other privilege.

11        Subject to the foregoing, Larian will produce any personal documents related

12  to first generation of Prayer Angel that are relevant and responsive to the request, if

13  any, and that have not already been produced, that he discovers in the course of his

14  reasonable search and diligent inquiry, which are within the permissible scope of

15  discovery, and to which no privilege or other protection applies, including without

16  limitation, the attorney-client privilege or attorney's work product doctrine.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

18        Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it seeks information not relevant to the subject matter of this lawsuit or

21  reasonably calculated to lead to the discovery of admissible evidence including,

22  without limitation, in that is seeks information related to an MGA product not at

23  issue in this lawsuit.  Larian also objects to this request on the grounds that it is

24  overbroad, unduly burdensome and oppressive, without limitation, in potentially

25  extending to communications that a wholesaler, distributor, and/or retailer may have

26  had with any of MGA's hundreds of employees, agents or representatives, and

27  regardless of whether any such communication is related in any way to the subject

28  matter of this lawsuit.  Larian also objects to this request to the extent it seeks

1  information the disclosure of which would implicate the rights of third parties to

2  protect private, confidential, proprietary or trade secret information.  Larian also

3  objects to this request on the grounds that it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to

5  the business interests of Larian and one or more third parties.  Larian also objects to

6  this request to the extent it calls for the disclosure of attorney-client privileged

7  information or information protected from disclosure by the work :product doctrine,

8  joint defense or common interest privilege, or other privilege.

9         Subject to the foregoing, Larian will produce documents within his

10  possession, custody, or control that are sufficient to identify when Larian or MGA

11  first contacted any manufacturer, or any contemplated, proposed or potential

12  manufacturer, for the manufacture of ANGEL, if any, and that have not already been

13  produced, that he discovers in the course of his reasonable search and diligent

14  inquiry, and to which no privilege or other protection applies, including without

15  limitation, the attorney-client privilege or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 35:**

17         All DOCUMENTS RELATING TO when and where ANGEL (including

18  without limitation any model, prototype or sample thereof) was first marketed to any

19  wholesaler, distributor and/or retailer.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

21         Larian incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Larian also specifically objects to this request on the grounds

23  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

24  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

25  the discovery of admissible evidence.  Larian also objects to this request on the

26  grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties.  Larian also objects to this request to the extent

it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce documents within his possession, custody, or control that are sufficient to show when and where ANGEL

-13-

1  was first marketed for sale by Larian or MGA to any wholesaler, distributor and/or

2  retailer, if any, and that have not already been produced, that he discovers in the

3  course of his reasonable search and diligent inquiry, and to which no privilege or

4  other protection applies, including without limitation, the attorney-client privilege or

5  attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 41:**

7  All COMMUNICATIONS between YOU or MGA and any PERSON that

8  REFER OR RELATE TO the distribution or proposed or potential distribution of

9  BRATZ prior to December 31, 2001.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

11  Larian incorporates by reference the above-stated general objections as if

12  fully set forth herein.  Larian also specifically objects to this request on the grounds

13  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

14  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

15  the discovery of admissible evidence.  Larian also specifically objects to this request

16  to the extent it seeks information the disclosure of which would implicate the rights

17  of third parties to protect private, confidential, proprietary or trade secret

18  information.  Larian also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of Larian and one or more third

21  parties.  Larian also objects to this request to the extent it calls for the disclosure of

22  attorney-client privileged information or information protected from disclosure by

23  the work-product doctrine, joint defense or common interest privilege, or other

24  privilege.

25  Subject to the foregoing, Larian will produce any personal documents that are

26  relevant and responsive to the request, if any, and that have not already been

27  produced, that he discovers in the course of his reasonable search and diligent

28  inquiry, which are within the permissible scope of discovery, and to which no

1 privilege or other protection applies, including without limitation, the attorney-client

2 privilege or attorney's work product doctrine.

3 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

4       Larian incorporates by reference the above-stated general objections as

5 if fully set forth herein.  Larian also specifically objects to this request on the

6 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7 information not relevant to the subject matter of this lawsuit or reasonably

8 calculated to lead to the discovery of admissible evidence.  Larian also specifically

9 objects to this request to the extent it seeks information the disclosure of which

10 would implicate the rights of third parties to protect private, confidential, proprietary

11 or trade secret information.  Larian also objects to this request on the grounds that it

12 seeks confidential, proprietary or commercially sensitive information, the disclosure

13 of which would be inimical to the business interests of Larian and one or more third

14 parties.  Larian also objects to this request to the extent it calls for the disclosure of

15 attorney-client privileged information or information protected from disclosure by

16 the work-product doctrine, joint defense or common interest privilege, or other

17 privilege.

18      Subject to the foregoing, Larian will produce all communications made prior

19 to June 1, 2001 within his possession, custody, or control that are responsive to the

20 request, if any, and that have not already been produced, that he discovers in the

21 course of his reasonable search and diligent inquiry, and to which no privilege or

22 other protection applies, including without limitation, the attorney-client privilege or

23 attorney's work product doctrine.

24 **REQUEST FOR PRODUCTION NO. 61:**

25      All DOCUMENTS, including without limitation COMMUNICATIONS,

26 prepared, drafted, created, received or transmitted (whether in whole or in part) prior

27 to December 31, 2001 RELATING TO BRYANT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege.

3      Subject to the foregoing, Larian will produce all communications made prior

4  to January 1, 2001 within his possession, custody, or control that are responsive to

5  the request, if any, and that have not already been produced, that he discovers in the

6  course of his reasonable search and diligent inquiry, and to which no privilege or

7  other protection applies, including without limitation, the attorney-client privilege or

8  attorney's work product doctrine.

9  **REQUEST FOR PRODUCTION NO. 62:**

10     All DOCUMENTS RELATING TO any actual, potential, proposed,

11  considered or contemplated work, activities or services, including without limitation

12  any freelance work or consulting services, by BRYANT for, with or on behalf of

13  YOU or MGA prior to December 31, 2001 (regardless of when any such

14  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

15  part).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

17     Larian incorporates by reference the above-stated general objections as if

18  fully set forth herein.  Larian also specifically objects to this request on the grounds

19  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

20  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

21  the discovery of admissible evidence.  Larian also objects to this request on the

22  ground that it is overbroad, unduly burdensome, and oppressive in seeking All

23  DOCUMENTS relating to any work, activities or services that Bryant performed for

24  or with Larian or MGA or on their behalf.  Larian also objects to this request on the

25  grounds that it is vague and ambiguous in that Larian cannot determine what is

26  meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian

27  will interpret "activities or services" to mean "work or services," and "with" to mean

28  "on behalf of."  Larian also objects to this request on the grounds that it seeks

1   confidential, proprietary or commercially sensitive information, the disclosure of

2   which would be inimical to the business interests of Larian and one or more third

3   parties.  Larian also objects to this request to the extent it seeks information the

4   disclosure of which would implicate the rights of third parties to protect private,

5   confidential, proprietary or trade secret information.  Larian also objects to this

6   request to the extent it calls for the disclosure of attorney-client privileged

7   information or information protected from disclosure by the work-product doctrine,

8   joint defense or common interest privilege, or other privilege.  Larian also objects to

9   this request to the extent it seeks documents not within Larian's possession, custody

10   or control.

11         Subject to the foregoing, Larian will produce any personal documents relating

12   to Bratz and Prayer Angels that are relevant and responsive to the request, if any,

13   and that have not already been produced, that he discovers in the course of his

14   reasonable search and diligent inquiry, which are within the permissible scope of

15   discovery, and to which no privilege or other protection applies, including without

16   limitation, the attorney-client privilege or attorney's work product doctrine.

17   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18         Larian incorporates by reference the above-stated general objections as

19   if fully set forth herein.  Larian also specifically objects to this request on the

20   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21   information not relevant to the subject matter of this lawsuit or reasonably

22   calculated to lead to the discovery of admissible evidence.  Larian also objects to

23   this request on the ground that it is overbroad, unduly burdensome, and oppressive

24   in seeking all documents relating to any work, activities or services that Bryant

25   performed for or with Larian or MGA or on their behalf.  Larian also objects to this

26   request on the grounds that it is vague and ambiguous in that Larian cannot

27   determine what is meant by "activities or services" and "with or on behalf of YOU

28   or MGA."  Larian will interpret "activities or services" to mean "work or services,"

and "with" to mean "on behalf of."  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request and that were created, received or transmitted prior to January 1, 2001, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS RELATING TO any focus groups RELATING TO BRATZ and/or ANGEL, including without limitation all videotapes, summaries, notes and reports associated therewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive

1   information, the disclosure of which would be inimical to the business interests of

2   Larian and one or more third parties.  Larian also objects to this request to the extent

3   it calls for the disclosure of attorney-client privileged information or information

4   protected from disclosure by the work-product doctrine, joint defense or common

5   interest privilege, or other privilege.  Larian also objects to this request to the extent

6   it seeks information the disclosure of which would implicate the rights of third

7   parties to protect private, confidential, proprietary or trade secret information.

8   Larian also objects to this request to the extent it seeks documents not within

9   Larian's possession, custody or control.

10   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

11          Larian incorporates by reference the above-stated general objections as

12   if fully set forth herein.  Larian also specifically objects to this request on the

13   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14   information not relevant to the subject matter of this lawsuit or reasonably

15   calculated to lead to the discovery of admissible evidence.  Larian also objects to

16   this request on the grounds that it seeks confidential, proprietary or commercially

17   sensitive information, the disclosure of which would be inimical to the business

18   interests of Larian and one or more third parties.  Larian also objects to this request

19   to the extent it calls for the disclosure of attorney-client privileged information or

20   information protected from disclosure by the work-product doctrine, joint defense or

21   common interest privilege, or other privilege.  Larian also objects to this request to

22   the extent it seeks information the disclosure of which would implicate the rights of

23   third parties to protect private, confidential, proprietary or trade secret information.

24   Larian also objects to this request to the extent it seeks documents not within

25   Larian's possession, custody or control.

26        Subject to the foregoing, Larian will produce all documents within his

27   possession, custody, or control that relate to focus groups for "MGA contested

28   products" and "Mattel contested products", as those terms are defined in Mattel's

1  First Requests for Production regarding Claims of Unfair Competition, if any, and

2  that have not already been produced, that he discovers in the course of his

3  reasonable search and diligent inquiry, and to which no privilege or other protection

4  applies, including without limitation, the attorney-client privilege or attorney's work

5  product doctrine.

6  **REQUEST FOR PRODUCTION NO. 80:**

7      All DOCUMENTS RELATING TO any services or work performed by L.A.

8  Focus between January 1, 1999 and December 31, 2001, including without

9  limitation all videotapes, summaries, notes and reports associated therewith.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

11      Larian incorporates by reference the above-stated general objections as if

12  fully set forth herein.  Larian also specifically objects to this request on the grounds

13  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

14  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

15  the discovery of admissible evidence.  Larian also objects to this request on the

16  ground that it is overbroad, unduly burdensome, and oppressive in seeking All

17  DOCUMENTS relating to any services or work that L.A. Focus performed,

18  regardless of the individuals or companies for whom those services were performed.

19  Larian also objects to this request to the extent it seeks information the disclosure of

20  which would implicate the rights of third parties to protect private, confidential,

21  proprietary or trade secret information.  Larian also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive

23  information, the disclosure of which would be inimical to the business interests of

24  Larian and one or more third parties.  Larian also objects to this request to the extent

25  it calls for the disclosure of attorney-client privileged information or information

26  protected from disclosure by the work-product doctrine, joint defense or common

27  interest privilege, or other privilege.  Larian also objects to this request to the extent

28  it seeks documents not within Larian's possession, custody or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any services or work that L.A. Focus performed, regardless of the individuals or companies for whom those services were performed.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents relating or referring to Bratz or Angel within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS RELATING TO Alaska Momma.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking All DOCUMENTS relating to Alaska Momma, without limitation as to subject matter or time.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to Alaska Momma, without limitation as to subject matter or time.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private,

1  confidential, proprietary or trade secret information.  Larian also objects to this

2  request on the grounds that it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of Larian and one or more third parties.  Larian also objects to this request

5  to the extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense or

7  common interest privilege, or other privilege.  Larian also objects to this request to

8  the extent it seeks documents not within Larian's possession, custody or control.

9        Subject to the foregoing, Larian will produce all documents relating or

10 referring to Bratz, Angel, or Bryant within his possession, custody, or control that

11 are responsive to the request, if any, and that have not already been produced, that

12 he discovers in the course of his reasonable search and diligent inquiry, and to

13 which no privilege or other protection applies, including without limitation, the

14 attorney-client privilege or attorney's work product doctrine.

15 **REQUEST FOR PRODUCTION NO. 113:**

16        All COMMUNICATIONS between YOU or MGA and Anne Wang.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

18        Larian incorporates by reference the above-stated general objections as if

19 fully set forth herein.  Larian also specifically objects to this request on the grounds

20 that it is overbroad, oppressive, and unduly burdensome in that it seeks information

21 not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

22 the discovery of admissible evidence.  Larian also objects to this request on the

23 grounds that it is overbroad, unduly burdensome, and oppressive in seeking all

24 communications between Larian or MGA and Anne Wang, regardless of subject

25 matter and without limitation as to time.  Larian also objects to this request on the

26 grounds that it seeks confidential, proprietary or commercially sensitive

27 information, the disclosure of which would be inimical to the business interests of

28 Larian and one or more third parties.  Larian also objects to this request to the extent

-24-

1   it calls for the disclosure of attorney-client privileged information or information

2   protected from disclosure by the work-product doctrine, joint defense or common

3   interest privilege, or other privilege.

4         Subject to the foregoing, Larian will produce any personal documents dated

5   prior to November 1, 2000, relating to Carter Bryant's agreement with MGA dated

6   September 18,2000, that are relevant and responsive to the request, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, which are within the permissible scope of discovery, and

9   to which no privilege or other protection applies, including without limitation, the

10   attorney-client privilege or attorney's work product doctrine.

11   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

12         Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also objects to

17   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

18   in seeking all communications between Larian or MGA and Anne Wang, regardless

19   of subject matter and without limitation as to time.  Larian also objects to this

20   request on the grounds that it seeks confidential, proprietary or commercially

21   sensitive information, the disclosure of which would be inimical to the business

22   interests of Larian and one or more third parties.  Larian also objects to this request

23   to the extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense or

25   common interest privilege, or other privilege.

26         Subject to the foregoing, Larian will produce all documents relating to Bratz,

27   Angel, or Bryant within his possession, custody, or control that are responsive to the

28   request, if any, and that have not already been produced, that he discovers in the

1  course of his reasonable search and diligent inquiry, and to which no privilege or

2  other protection applies, including without limitation, the attorney-client privilege or

3  attorney's work product doctrine.

4  **REQUEST FOR PRODUCTION NO. 114:**

5    All DOCUMENTS, including without limitation all COMMUNICATIONS

6  between YOU or MGA and any PERSON, RELATING TO Anne Wang.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

8    Larian incorporates by reference the above-stated general objections as if

9  fully set forth herein.  Larian also specifically objects to this request on the grounds

10 that it is overbroad, oppressive, and unduly burdensome in that it seeks information

11 not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

12 the discovery of admissible evidence.  Larian also objects to this request on the

13 grounds that it is overbroad, unduly burdensome, and oppressive in seeking all

14 communications relating to Anne Wang between Larian or MGA and any person,

15 without limitation as to time.  Larian also objects to this request on the grounds that

16 it seeks confidential, proprietary or commercially sensitive information, the

17 disclosure of which would be inimical to the business interests of Larian and one or

18 more third parties.  Larian also objects to this request to the extent it calls for the

19 disclosure of attorney-client privileged information or information protected from

20 disclosure by the work-product doctrine, joint defense or common interest privilege,

21 or other privilege.

22 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

23   Larian incorporates by reference the above-stated general objections as

24 if fully set forth herein.  Larian also specifically objects to this request on the

25 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26 information not relevant to the subject matter of this lawsuit or reasonably

27 calculated to lead to the discovery of admissible evidence.  Larian also objects to

28 this request on the grounds that it is overbroad, unduly burdensome, and oppressive

1   in seeking all communications relating to Anne Wang between Larian or MGA and
2   any person, without limitation as to time.  Larian also objects to this request on the
3   grounds that it seeks confidential, proprietary or commercially sensitive
4   information, the disclosure of which would be inimical to the business interests of
5   Larian and one or more third parties.  Larian also objects to this request to the extent
6   it calls for the disclosure of attorney-client privileged information or information
7   protected from disclosure by the work-product doctrine, joint defense or common
8   interest privilege, or other privilege.

9       Subject to the foregoing, Larian will produce all documents relating to Bratz,
10  Angel, or Bryant within his possession, custody, or control that are responsive to the
11  request, if any, and that have not already been produced, that he discovers in the
12  course of his reasonable search and diligent inquiry, and to which no privilege or
13  other protection applies, including without limitation, the attorney-client privilege or
14  attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 115:**

16      All DOCUMENTS, including without limitation all COMMUNICATIONS
17  between YOU or MGA and any PERSON, RELATING TO Brooke Gilbert.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

19      Larian incorporates by reference the above-stated general objections as if
20  fully set forth herein.  Larian also specifically objects to this request on the grounds
21  that it is overbroad, oppressive, and unduly burdensome in that it seeks information
22  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to
23  the discovery of admissible evidence.  Larian also objects to this request on the
24  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all
25  communications relating to Brooke Gilbert between Larian or MGA and any person,
26  without limitation as to time.  Larian also objects to this request on the grounds that
27  it seeks confidential, proprietary or commercially sensitive information, the
28  disclosure of which would be inimical to the business interests of Larian and one or

1  more third parties.  Larian also objects to this request to the extent it calls for the

2  disclosure of attorney-client privileged information or information protected from

3  disclosure by the work-product doctrine, joint defense or common interest privilege,

4  or other privilege.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

6         Larian incorporates by reference the above-stated general objections.  as if

7  fully set forth herein.  Larian also specifically objects to this request on the grounds

8  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

9  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

10  the discovery of admissible evidence.  Larian also objects to this request on the

11  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all

12  communications relating to Brooke Gilbert between Larian or MGA and any person,

13  without limitation as to time.  Larian also objects to this request on the grounds that

14  it seeks confidential, proprietary or commercially sensitive information, the

15  disclosure of which would be inimical to the business interests of Larian and one or

16  more third parties.  Larian also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, joint defense or common interest privilege,

19  or other privilege.

20         Subject to the foregoing, Larian will produce all documents relating to Bratz,

21  Angel, or Bryant within his possession, custody, or control that are responsive to the

22  request, if any, and that have not already been produced, that he discovers in the

23  course of his reasonable search and diligent inquiry, and to which no privilege or

24  other protection applies, including without limitation, the attorney-client privilege or

25  attorney's work product doctrine.

26

27

28

**REQUEST FOR PRODUCTION NO. 181:**

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls RELATING TO BRYANT by or to YOU or anyone on YOUR behalf at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all telephone records for Larian relating, without limitation as to who placed the call or who was called, thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else Larian called in the referenced time period, and the length and frequency of those calls.  Larian also objects to this request on the grounds that it is overbroad in that it asks for phone without limitation as to time.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all telephone records for Larian relating, without limitation as to who placed the call or who was called, thereby potentially revealing

to Mattel every customer, vendor, distributor or anyone else Larian called in the referenced time period, and the length and frequency of those calls.  Larian also objects to this request on the grounds that it is overbroad in that it asks for phone without limitation as to time.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.

Subject to the foregoing, Larian will produce all documents pertaining to communications made prior to January 1, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

## 2. Mattel's Statement of Position, Larian's Response, and Mattel's Reply

### (a) Mattel's Statement of Position

Each of these requests seek documents relating to, among other things, the conception, creation and origins of Bratz, including the following.

- Communications between Larian or MGA and Bryant relating to Bratz.[1]

- Communications between Larian or MGA and others relating to Bratz prior to December 31, 2001.[2]

- Documents relating to Bratz that were prepared, transmitted or received prior to December 31, 2001 or that relate to the time period prior to December 31, 2001.[3]

---

[1] Request No. 15, Kidman Dec., Exh. 1.
[2] Request No. 13, Kidman Dec., Exh. 1.

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

- Documents relating to Bryant that were prepared, transmitted or received prior to December 31, 2001.[4]

- Telephone calls by Larian relating to Bryant.[5]

- Documents relating to actual, proposed or contemplated work by Bryant for MGA or Larian prior to December 31, 2001.[6]

- Communications relating to the distribution or proposed distribution of Bratz prior to December 31, 2001.[7]

Initially, Larian either objected and refused to produce any documents in response to the above requests or else stated that he would produce only documents he unilaterally deemed to be "relevant," even though the Discovery Master had previously rejected that limitation as improper.

Larian now purports to limit his responses to documents relating to the time period prior to January 1, 2001 or, in some instances, June 1, 2001[8] -- time restrictions that have already been rejected by the Discovery Master in connection with similar requests.  For example, Request No. 62 seeks documents relating actual, proposed or contemplated work or services by Bryant for MGA or Larian prior to December 31, 2001.  Bryant similarly had sought to limit his response to similar requests to documents relating to "first generation Bratz dolls" and the time period prior to June 30, 2001.  The Discovery Master rejected Bryant's limitations and ordered him to produce documents regarding all actual, proposed or

---

[3]   Request Nos. 1 and 2, Kidman Dec., Exh. 1.
[4]   Request No. 61, Kidman Dec., Exh. 1.
[5]   Request No. 181, Kidman Dec., Exh. 1.
[6]   Request No. 62, Kidman Dec., Exh. 1.
[7]   Request Nos. 32 and 41, Kidman Dec., Exh. 1.
[8]   See Larian's Supplemental Response to Request Nos. 1, 2, 13, 15, 61, 62 and 181, Kidman Dec., Exh. 25.

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

contemplated work for MGA without any time limitation.[9]  Likewise, the Discovery Master previously rejected attempts by Bryant to restrict the production of his communications with MGA, finding that "Mattel's requests for all communications between Bryant and MGA unquestionably seek information relevant to Mattel's claims:  they will reveal what Mattel information Bryant shared with MGA, if any, and when."[10]  The Discovery Master has also found relevant and discoverable information for the time period prior to January 1, 2001 or June 1, 2001.[11]  In doing so, the Court did not rule that Mattel was limited only to responsive information prior to January 1, 2001 or June 1, 2006.  To the contrary, the Discovery Master has repeatedly rejected attempts by Bryant and MGA to limit their responses to documents relating to "first generation Bratz dolls" or the time periods prior to January 1, 2001 or June 1, 2001, finding that this "lawsuit is much broader than the First Generation Bratz dolls issued in June 30, 2001."[12]

Larian further improperly limits his responses to Request Nos. 33 and 35. Those requests seek documents relating to when and where Angel was first marketed to any wholesaler, distributor or retailer and communications with any wholesaler, distributor or retailer relating to Angel.  Larian claims that he will produce documents that are purportedly "sufficient to show" when Angel was first marketed to any wholesaler, distributor  or retailer (in response to Request No. 35) and "sufficient to identify" when Larian or MGA first contacted any manufacturer

---

[9]    See Request Nos. 11 and 12 to Mattel's First Set of Requests for Production to Carter Bryant and the Discovery Master's Order dated January 25, 2007 at 12-13, Kidman Dec., Exhs. 5 and 6, respectively.

[10]   Discovery Master's Order dated January 25, 2007 at 15, Kidman Dec., Exh. 6.

[11]   See Request Nos. 6, 7, 32, 33 and 66 of Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and the Discovery Master's Order dated May 15, 2007 at 8-10, Kidman Dec., Exhs. 7 and 9, respectively.

regarding the manufacture of Angel (in response to Request No. 33).  Apart from his response to Request No. 33 being non-responsive, Larian's limitation to documents "sufficient to show" is improper and has previously been rejected by the Court in connection with a Mattel motion to compel MGA to produce documents:

> As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to "relevant and responsive non-objectionable documents" or documents "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is "relevant" or "sufficient."  [MGA] shall provide the responses to document requests ordered herein without these restrictions.[13]

So too here.  Larian should be ordered to produce all responsive documents, not just those he unilaterally deems to be "sufficient to show" when the events occurred.

Request Nos. 113 and 114 seek communications with or about Ann Wang, the lawyer who represented Bryant in his contract negotiations with MGA.  Such documents clearly go to the origin and conception of Bratz and the timing thereof.  They may also disclose relevant information regarding Mattel's claims for breach of contract and inducing breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's contractual obligations with Mattel.  Larian initially refused to produce any documents in response to these requests.  He now states that will produce only documents that relate to Bratz, Angel or Bryant.  This

---

[12]   See Discovery Master's Order dated January 25, 2007 at 12-13, Kidman Dec., Exh. 6; see also Discovery Master's Order dated May 15, 2007 at 8-10 (rejecting limitation to "First Generation" Bratz dolls), Kidman Dec., Exh. 9.

1  limitation, however, may eliminate otherwise relevant documents that do not

2  specifically refer to Bratz, Angel or Bryant.  Moreover, communications with or

3  about Bryant's lawyer that do not specifically relate to Bratz, Angel or Bryant may

4  also go to issues of credibility or bias.  Larian should be compelled to produce all

5  responsive documents.

6          Request No. 115 seeks communications with or other documents relating to

7  Brooke Gilbert.[14]  Ms. Gilbert is Bryant's niece.  Bryant claims to have given

8  Ms. Gilbert a computer he used between 2000 and 2002.  When Bryant, after

9  multiple court orders, finally made the computer available for inspection, Mattel

10 discovered that a software program called "Evidence Eliminator" had been installed

11 and run on that hard drive.  After initially refusing to produce any documents

12 relating to Ms. Gilbert, Larian now states that he will produce only responsive

13 documents pertaining to Bratz, Bryant or Angel.[15]  This limitation should be

14 rejected.  Mattel is entitled to discover any communications Larian may have had

15 with or about Ms. Gilbert.  Such communications go not only to the circumstances

16 surrounding the destruction of potentially critical evidence in this case, but also

17 issues of credibility and bias.  Indeed, the bare fact that Larian and Ms. Gilbert have

18 been in communication is itself of significance, and accepting Larian's restrictions

19 would allow him to strategically pick and choose among otherwise plainly relevant

20 communications.  Larian cannot claim any undue burden in producing

21 communications with or about Bryant's niece.

22         Request Nos. 79 seeks documents relating to focus groups relating to Bratz

23 and/or Angel.  Again, Larian initially refused to produce any documents responsive

24 to these requests.  Now, in response to Request No. 79, Larian states that he will

25
26      [13]   Order Granting Mattel's Motion to Compel Production of Documents and
   Interrogatory Responses By MGA dated May 15, 2007 at 8, Kidman Dec., Exh. 9.

27      [14]   <u>See</u> Request No. 115, Kidman Dec., Exh. 1.

28

1  produce documents relating to focus groups for the MGA CONTESTED

2  PRODUCTS and the MATTEL CONTESTED PRODUCTS as those terms are

3  defined in Mattel's First Set of Requests for Production to MGA Re Claims for

4  Unfair Competition.  This re-writing to Mattel's request is wholly improper.  Among

5  other things, the definitions of CONTESTED MGA PRODUCTS in Mattel's First

6  Set of Requests for Production regarding MGA's unfair competition claims

7  encompass only those things that provide "a basis for any claim *by [MGA] against*

8  *Mattel*."[16]  Mattel is entitled to documents relating to any focus group relating to

9  Bratz and/or Angel, including concepts, designs and the like regardless of whether

10  MGA contends that they provide a "basis for any claim against Mattel."  Such

11  documents clearly go the issue of origin, conception and creation of Bratz and the

12  timing thereof, including because they are the basis of *Mattel's claims against* MGA

13  and Bryant.  Larian's response that purports to exclude documents relevant to the

14  heart of Mattel's claims can only be intended to exclude highly relevant documents.

15       Request No. 80 seeks documents relating to work performed by L.A. Focus, a

16  company known to have performed focus group work for MGA relating to Bratz,

17  between January 1, 1999 and December 31, 2001.  Larian seeks to limit this request

18  to documents relating Bratz or Angel.[17]  This limitation, however, may result in the

19  exclusion of highly relevant documents because, for example, the project, concept or

20  design that is the subject of the focus group is deemed not to relate to something

21  _____

22  [15]  See Larian's Supplemental Response to Request No. 115, Kidman Dec.,
Exh. 25.

23  [16]  Mattel's First Set of Requests for Production of Documents and Things Re
Claims of Unfair Competition to MGA Entertainment, Inc. at 3-8, Kidman Dec.,

24  Exh. 10 (emphasis added).

25  [17]  See Larian's Supplemental Response to Request No. 80, Kidman Dec.,
Exh. 25.  It is curious that Larian limits his response to Request No. 80 to focus

26  group documents relating to Bratz or Angel, yet when Mattel uses this same
limitation in Request No. 79, Larian attempts to re-write the request in a manner that

27  (footnote continued)

28

*then* known as Bratz or Angel, particularly given that defendants in the past have played semantic games to withhold plainly relevant documents going to the chronology of Bratz's development.[18]  Moreover, documents relating other work LA Focus may have done for MGA during the requested time period goes to issues of credibility and bias, particularly if such documents show that work relating to Bratz or Angel deviate from standard procedures that MGA and LA Focus used during that same time period.

Request No. 81 seeks documents relating to Alaska Momma,[19] a licensing agency for dolls and other toys Bryant claims to have pitched Bratz to in 1999. Documents relating to Alaska Momma may bear directly on the issue of when MGA first learned about Bratz.  After initially refusing to produce any responsive documents, Larian now again limits his response to this request to documents that relate to Bratz, Angel or Bryant.[20]  However, documents showing a relationship between Larian or MGA and Alaska Momma prior to the time MGA claims to have first learned about Bratz are relevant even if they do not themselves specifically relate to Bratz, Angel or Bryant.  For example, communications from Larian or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's and Bryant's stories about how -- and when -- they came to be introduced.  In addition, documents showing other dealings between Larian or MGA and Alaska Momma go to the issues of bias and credibility.

---

would allow him to exclude large categories of documents that could bear directly on the timing of Bratz.

[18]  For example, MGA previously took the position in responding to discovery that the term "Bratz" requires a then-existing physical Bratz doll.  See Kidman Dec., Exh. 21.

[19]  See Request No. 81, Kidman Dec., Exh. 1.

[20]  See Larian's Supplemental Response to Request No. 81, Kidman Dec., Exh. 25.

**(b)** **Larian's Argument in Response Regarding Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, and 61-62**

[At meet and confers subsequent to the filing of this motion, Larian agreed to produce documents in response to these Requests.  He therefore did not provide an argument in response to these Requests.]

**(c)** **Mattel's Reply Regarding Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, and 61-62**

Although Larian has agreed to produce these documents, he has not yet done so, nor has he provided a date by which such production could be expected. Mattel is therefore entitled to an order providing a deadline for Larian to comply with these Requests.

**(d)** **Larian's Argument in Response Regarding Request Nos. 79-81**

The Court should reject Mattel's efforts to compel production of documents sought by Request Nos. 79-81, which seek broad production of all market research and licensing efforts, because they are overbroad and unduly burdensome.  Request Nos. 79 and 80 are directed to market research and focus-group documents, including work done by L.A. Focus, and Request No. 81 is directed to similar documents related to licensing agency Alaska Momma.

This Court has already found similar requests seeking discovery of market research and focus group documents generally to be "clearly overbroad" and "beyond the permissible scope of discovery."[21]  In that instance, MGA sought discovery of market research and focus group documents for a Mattel product called "Polly Pocket," where the advertising of that product had some of the exact elements that appeared in MGA's own advertising-directly relevant to MGA's claim that

---

[21]   Kennedy Decl. Ex. 3 (April 19, 2007 Order Granting in Part and Denying in Part Mattel's Motion for Protective Order Regarding "Polly Pocket" Documents) at 6:21-7:5.)

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

Mattel has serially imitated and copied MGA's advertising.  In fact, despite MGA's efforts to narrowly tailor its requests by limiting their scope to only those documents that also involved MGA products, this Court found that, because Polly Pocket had not been named in the complaint, the requests were overbroad.[22]

Here, Mattel's requests bear even less relation to the claims or defenses at issue than the Polly Pocket requests this Court rejected.  For example, Request No. 80 requests all documents relating to "any services or work performed by L.A. Focus," regardless of whether that work has any relation to the claims and defenses in this action, or any of the products at issue.  Indeed, Mattel has objected to Larian's supplemental response to Request No. 80, which merely sought to limit the scope of production to at least documents related to the products at issue: Bratz and Angel.

Instead of agreeing to a reasonable limit on its Request No. 80, Mattel has opted instead to maintain its request "untethered to a claim or defense," which this court has already ruled is improper.[23]  Mattel could not even come up with a single reasonable justification for objecting to Mr. Larian's supplemental response.  Instead Mattel posed two far-fetched hypothetical situations, both red herrings.  First, Mattel argued that, by limiting production to documents related to Bratz and Angel, documents concerning projects, concepts, or designs related to Bratz and Angel before the names "Bratz" and "Angel" were known would be excluded.  Yet, the very examples of documents Mattel gives in this hypothetical are, on their face, related to Bratz and Angel, and within the narrower scope of production proposed by Mr. Larian's supplemental response.[24]  Second, Mattel argued that documents relating to other work of L.A. Focus not related to Bratz and Angel might go to issues of credibility and bias if they deviate from standard procedures between the

---

[22]   *Id.* at 5:26-6:3.

[23]   *Id.* at 6:22-7:2 (citing *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1072 (9th Cir. 2004)(discovery fishing expeditions strongly discouraged)).

[24]   Mattel's Sep. Statement 35:16-20.

1  two.  Yet, it is not apparent--and Mattel does not explain--how such a deviation

2  might impact credibility or bias, unless Mattel is referring to the credibility and bias

3  of (non-party) L.A. Focus, which is not relevant to any claim or defense in this

4  action.

5      Mattel's Request No. 81 is similarly overbroad, and Mattel has objected to

6  similar subject-matter limitations designed to limit production to those documents

7  relevant to the claims or defenses at issue in this action.  Instead, Mattel is pursuing

8  the broader requests, unbounded by subject matter or time, and untethered to any

9  claim or defense in this matter.  Mattel attempts to justify maintaining its broad

10  request by expressing its hope of finding certain kinds of documents, rather than

11  tailoring its request narrowly to seek those documents it hopes to find.  Mattel's

12  mere hope, however, is not a justification for its overbroad discovery request that is

13  unbounded by time or subject matter, and will cause Mr. Larian an undue burden in

14  attempting to respond.

15      Mattel's Request No. 79, which is directed to all documents relating to focus

16  groups relating to Bratz or Angel, is also overbroad.  All focus groups and related

17  documents for Bratz or Angel products are not necessarily relevant to the claims or

18  defenses in this action and, therefore, Mr. Larian should not be subjected to the

19  undue burden of producing all such documents.  Mattel has failed to show how all

20  such documents may be relevant.  Moreover, in the case of Mattel's Polly Pocket

21  product, this Court has already found that a broad request for all focus group

22  documents and market research is improper, even when narrowly tailored to a

23  specific product for which the marketing efforts had created a specific advertisement

24  squarely within one of the claims of the case.[25]  In this case, Mattel does not assert

25  relevance to any specific claim or defense, but merely complains about Mr. Larian's

26  efforts to reach an accommodation by attempting to narrow Mattel's overbroad

27

28  [25]  *Id.* at 6:21-7:5

1  request to only those products truly at issue in the case.  But correcting Mattel's

2  over-breadth problem is not MGA's responsibility, it is Mattel's, and until that

3  problem is corrected, the Court should reject Mattel's attempt to enforce this

4  overbroad request.

5  **(e)  <u>Mattel's Reply Regarding Request Nos. 79-81</u>**

6  Larian objects to these Requests as overbroad and unduly burdensome,

7  but gives no explanation as to—and certainly does not carry his burden to prove—

8  how they could be considered burdensome.[26]  Instead, he relies on arguments that

9  they are overbroad.  As discussed below, these Requests are as narrowly tailored as

10  possible to capture relevant information.

11  As to Request No. 79, Larian's refusal to produce documents relating to

12  focus groups regarding Bratz or Angel is completely without merit.  Larian does not,

13  and cannot, dispute that such focus group documents bear directly on the timing of

14  the development of Bratz which goes to the hear of Mattel's claims in this lawsuit.

15  Such documents are also relevant to MGA's unfair competition claims and Mattel's

16  defenses thereto.  They may demonstrate, for example, that MGA is guilty of

17  exactly the same attempts to copy BARBIE and MY SCENE as it and Larian accuse

18  Mattel of or that there is no confusion between Bratz and MY SCENE.  Indeed,

19  Larian and MGA propounded similar requests for documents related to focus groups

20  for MY SCENE.[27]

21

22  [26]  Larian's arguments are nothing but conclusory, yet it was his burden to show

23  why Mattel's requests are unduly burdensome. <u>Goodman v. U.S.</u>, 369 F.2d 166, 169 (9th Cir. 1966); <u>Flatow v. The Islamic Republic of Iran</u>, 202 F.R.D. 35, 36 (D.D.C.

24  2001); <u>Northrop Corp. v. McDonnell Douglas Corp.</u>, 751 F.2d 395, 403 (D.C. Cir. 1984).  He has not met that burden.

25  [27]  <u>See, e.g.</u>, MGA's First Set of Request for the Production of Documents and

26  Things, dated November 22, 2006, Request No. 13, Declaration of Juan Pablo Albán filed concurrently ("Albán Dec."), at Exhibit 24 ("All DOCUMENTS REFERRING

27  OR RELATING TO any MARKET RESEARCH, projections or plans pertaining to the release of "MY SCENE" to the market.").  "MARKET RESEARCH" is defined

28  (footnote continued)

1    Larian's attempt to avoid producing these highly relevant documents by

2    pointing to the Court's Order limiting MGA's discovery into POLLY POCKET is

3    misplaced.  POLLY POCKET is a toy-line that is, at best, only marginally part of

4    this litigation.  MGA's only claim involving POLLY POCKET was an allegation

5    that Mattel copied a single commercial.  This was the basis of the Discovery

6    Master's refusal to allow wholesale discovery into all market research on the doll-

7    line.  "Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any

8    of the other pleadings filed in this consolidated action . . . . The bulk of the POLLY

9    POCKET Requests (Nos. 3, 4, 6, 12, 14), however, are far broader than the

10   commercial identified by MGA."[28]  By contrast, Bratz is at the very center of this

11   litigation.  It is the basis for Mattel's claims against MGA, and MGA's claims

12   against Mattel.  Indeed, MGA's own interrogatory responses claim that MGA's

13   claims put at issue the _entire_ Bratz girl doll line.[29]

14   Mattel's Requests for documents relating to L.A. Focus and Alaska

15   Mommy are sufficiently tailored.  Alaska Momma is a company to whom Bryant

16   claims to have pitched Bratz in 1999.  It is thus involved with a critical aspect of this

17   case: the timing of the creation of the Bratz dolls.  As such, Mattel is entitled to

18   documents relating to this company and its relationship with MGA or Larian.

19   Indeed, the very fact of such a relationship is itself relevant.  If Larian had

20   communications with this company prior to when he claims to have first heard about

---

as "any type of research, study, survey or analysis of consumers or potential consumers of a product or potential product including, without limitation, **focus groups**, consumer surveys, market analyses, behavioral analyses and consumer research." (emphasis added).

[28]   Order Granting In Part And Denying In Part Mattel's Motion For Protective Order Regarding "Polly Pocket" Documents, dated April 19, 2007, at p. 3-4, Albán Dec., Exh. 25.

[29]   _See_ MGA Entertainment, Inc.'s Supplemental Response to Interrogatory No. 2 of Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, (footnote continued)

1    Bratz, these would tend to impeach his claims as to when and how he became aware

2    of Bratz.

3         Similarly, documents related to work performed by L.A. Focus for

4    MGA are relevant to Mattel's claims.  MGA claims that it is a "red herring" to

5    believe that Bratz may have gone by a name other than Angel or Bratz.  Yet Mattel

6    already has evidence that Bratz has gone by other names (including Angel and

7    Grizz).  There is thus every reason to believe that there might be others.  Moreover,

8    if L.A. Focus conducted its focus groups differently from its standard, e.g., in order

9    to keep greater secrecy about the dolls, this too would be relevant to MGA's

10   credibility as to its argument that it had no knowledge of Mattel's ownership interest

11   in the dolls.

12        Larian should be ordered to produce all responsive document in his

13   possession, custody or control forthwith.

14

15        **(f)    Larian's Argument in Response Regarding Request**

16        **Nos. 113-115**

17        The Court should reject Mattel's attempts to compel production of documents

18   sought by Request Nos. 113-115, which are overbroad and unduly burdensome

19   because they lack any subject-matter or time constraints.  In these requests, Mattel

20   seeks any communications with or about Carter Bryant's attorney, Anne Wang, and

21   any documents or communications relating to Mr. Bryant's niece, Brooke Gilbert.

22        In an attempt to assist Mattel in appropriately narrowing these omnibus

23   requests to seek only information relevant to a claim or defense, Mr. Larian

24   indicated in his supplemental responses that he would produce any documents

25   relating to Bratz, Angel, or Bryant.  Mattel's only response was to provide

26   conclusory statements that placing such limitations on these claims would somehow

27   _____

28   dated June 20, 2007, Albán Dec., Exh. 41 (stating that MGA contends that Mattel
     (footnote continued)

1   exclude relevant documents.  But Mattel failed to indicate what types of documents

2   might be excluded and how such documents would be relevant.

3          The wide net cast by Mattel with these requests constitutes a typical fishing

4   expedition that this and other courts have regularly rejected in discovery matters.[30]

5   As written by Mattel lack any subject-matter limitations and necessarily sweep in

6   documents that are not at all relevant to any claim or defense.  Nonetheless, Mattel

7   argues for the broad scope based on its hope that it may unearth some relevant

8   documents, but fails to explain how such documents may be relevant.  While Mattel

9   states that some such documents "***may*** also go to issues of credibility and bias"

10  without further explanation,[31] Mattel's mere hope for finding additional relevant

11  documents does not overcome the fact that Request Nos. 113-115 are overbroad,

12  and this Court should decline to enforce them as written.

13          **(g)    Mattel's Reply Regarding Request Nos. 113-115**

14          In these Requests, Mattel seeks documents related to communications

15  between Isaac Larian and Anne Wang or Brooke Gilbert.  Larian does not explain

16  why he believes these Requests are overly burdensome.  Presumably, the number of

17  such documents should be rather low.  It was his burden to show why Mattel's

18  requests are unduly burdensome. Goodman v. U.S., 369 F.2d 166, 169 (9th Cir.

19  1966); Flatow v. The Islamic Republic of Iran, 202 F.R.D. 35, 36 (D.D.C. 2001);

20  Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984).

21  He has not done so, and his challenge thus fails.

22          Larian argues that the Requests are part of an overbroad "fishing

23  expedition" and should be limited so that he is only required to produce documents

24  _____

25  copied or infringed "[a]ll 'Bratz' female fashion dolls").

    [30]   *See* Kennedy Decl. Ex. 3 (April 19, 2007 Order Granting in Part and Denying

26  in Part Mattel's Motion for Protective Order Regarding-"Polly Pocket" Documents)

    at 6:22-7:2; *See also Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1072 (9th Cir. 2004).

27      [31]   Mattel's Sep. Statement at 34 (emphasis added).  This argument is only made

28  for Request Nos. 113 and 114.

1   relating to Bratz, Angel, or Carter Bryant.  That is nonsense.  Such a limitation

2   would exclude many categories of relevant communications—and accordingly allow

3   Larian to cherry-pick among his documents, while providing only a minimal or non-

4   existent reduction in the purported burden on Larian.

5          With reference to Brooke Gilbert, Larian's limitation would exclude the

6   very kinds of documents that would be *most* relevant.  Mattel is most interested in

7   communications with Ms. Gilbert because defendants have claimed that she was in

8   possession of Mr. Bryant's computer that he used from 2000 to 2002.  Yet, when

9   Mattel examined this computer, it discovered that a software program entitled

10  "Evidence Eliminator" had been installed and used to delete data from the critical

11  time period.

12         Mr. Larian's limitations would completely exclude any communications

13  with Ms. Gilbert regarding that computer, or the use of any data removal software

14  on it.  Such communications would be highly relevant to issues of spoliation.  In

15  addition, they would be relevant to show MGA's knowledge of its culpability, and

16  more generally on issues of credibility.

17         Indeed, any limitation at all could lead to the exclusion of such

18  information.  Given the nature of the inquiry at issue—the possible intentional

19  destruction of evidence—any communications Larian made where there is a written

20  record would likely have been made discreetly.  Thus, for example, an email from

21  Larian asking Ms. Gilbert to call him would have very little information on its

22  face—and, indeed, would be excluded under any limitation—yet that email could

23  lead to evidence of what was said during the phone call, something that could be

24  much more informative.

25         Larian does not and cannot explain why it would be difficult to produce

26  documents related to Ms. Gilbert.  Presumably, those documents should be low in

27  quantity.  At the same time, no limitation on Mattel's Requests could capture all

28

1  relevant documents.  Larian should be compelled to produce documents in response

2  to this Request.

3          Similar reasoning applies to those requests for communications

4  involving Anne Wang, Bryant's attorney.  Given the secret nature of the negotiations

5  between Bryant and MGA, there is ample reason to believe that a document might

6  evidence a communication with Anne Wang without clarifying that it involves

7  Bryant or Bratz.  Indeed, the fact that Larian attempted to keep the timing of these

8  negotiations a secret is established in the record—there is testimony from a former

9  MGA executive that Larian directed her to remove Mattel fax headers from Bryant's

10  signed agreement, which Bryant had faxed to MGA while at Mattel's offices.[32]

11          Further, if Larian has had other communications with Anne Wang

12  unrelated to Bryant, such communications could demonstrate an ongoing

13  relationship that could establish bias.  Again, given the presumably low quantity of

14  documents, and Larian's failure to demonstrate any burden, he should be compelled

15  to produce these documents.

16

17          **(h)    Larian's Argument and Mattel's Reply in Response**

18                   **Regarding Request No. 181**

19          [Larian's argument regarding Request No. 181 was grouped with its

20  response to Request Nos. 178 and 180, at Section II(A), below.  Mattel's Reply is

21  included there as well.]

22

23

24

25

26

27
_____

28  [32]   Tr. of Victoria O'Connor Depo. at 18:13-18, Albán Dec., Exh. 26.

**B.** **The Court Should Strike Larian's Improper Limitations to Requests for Documents Relating to Agreements with, Payments to and Work Performed by Individuals Involved with Bratz (Request Nos. 63-76, 82-97, 98-101, 139-146 and 221)**

**1.** **Mattel's Requests and Larian's Responses**

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Anna Rhee for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking All DOCUMENTS relating to any work, activities or services that Anna Rhee performed for or with Larian or MGA or on their behalf. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA." Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of." Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or

commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to January 1, 2001, that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any work, activities or services that Anna Rhee performed for or with Larian or MGA or on their behalf.  Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also

1  objects to this request on the grounds that it seeks confidential, proprietary or

2  commercially sensitive information, the disclosure of which would be inimical to

3  the business interests of Larian and one or more third parties.  Larian also objects to

4  this request to the extent it calls for the disclosure of attorney-client privileged

5  information or information protected from disclosure by the work-product doctrine,

6  joint defense or common interest privilege, or other privilege.  Larian also objects to

7  this request to the extent it seeks documents not within Larian's possession, custody

8  or control.

9       Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request and that either

11  pertain to services performed prior to January 1, 2001 or pertain to work performed

12  on Bratz or Angel, if any, and that have not already been produced, that he discovers

13  in the course of his reasonable search and diligent inquiry, and to which no privilege

14  or other protection applies, including without limitation, the attorney-client privilege

15  or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 64:**

17       All DOCUMENTS RELATING TO any actual, potential, proposed,

18  considered or contemplated work, activities or services, including without limitation

19  any freelance work or consulting services, by Veronica Marlow for, with or on

20  behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

21  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

22  part).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

24       Larian incorporates by reference the above-stated general objections as if

25  fully set forth herein.  Larian also specifically objects to this request on the grounds

26  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

27  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

28  the discovery of admissible evidence.  Larian also objects to this request on the

ground that it is overbroad, unduly burdensome, and oppressive in seeking All DOCUMENTS relating to any work, activities or services that Veronica Marlow performed for or with Larian or MGA or on their behalf.  Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to January 1, 2001, that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably

calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any work, activities or services that Veronica Marlow performed for or with Larian or MGA or on their behalf.  Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request and that either pertain to services performed prior to January 1, 2001 or pertain to work performed on Bratz or Angel, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation

1  any freelance work or consulting services, by Sarah Halpern for, with or on behalf

2  of YOU or MGA prior to December 31, 2001 (regardless of when any such

3  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

4  part).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

6       Larian incorporates by reference the above-stated general objections as if

7  fully set forth herein.  Larian also specifically objects to this request on the grounds

8  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

9  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

10  the discovery of admissible evidence.  Larian also objects to this request on the

11  ground that it is overbroad, unduly burdensome, and oppressive in seeking All

12  DOCUMENTS relating to any work, activities or services that Sarah Halpern

13  performed for or with Larian or MGA or on their behalf.  Larian also objects to this

14  request on the grounds that it is vague and ambiguous in that Larian cannot

15  determine what is meant by "activities or services" and "with or on behalf of YOU

16  or MGA."  Larian will interpret "activities or services" to mean "work or services,"

17  and "with" to mean "on behalf of."  Larian also objects to this request to the extent it

18  seeks information the disclosure of which would implicate the rights of third parties

19  to protect private, confidential, proprietary or trade secret information.  Larian also

20  objects to this request on the grounds that it seeks confidential, proprietary or

21  commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of Larian and one or more third parties.  Larian also objects to

23  this request to the extent it calls for the disclosure of attorney-client privileged

24  information or information protected from disclosure by the work-product doctrine,

25  joint defense or common interest privilege, or other privilege.  Larian also objects to

26  this request to the extent it seeks documents not within Larian's possession, custody

27  or control.

28

1   Subject to the foregoing, Larian will produce any personal documents dated
2   prior to January 1, 2001, that are relevant and responsive to the request, if any, and
3   that have not already been produced, that he discovers in the course of his
4   reasonable search and diligent inquiry, which are within the permissible scope of
5   discovery, and to which no privilege or other protection applies, including without
6   limitation, the attorney-client privilege or attorney's work product doctrine.

7   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

8   Larian incorporates by reference the above-stated general objections as
9   if fully set forth herein.  Larian also specifically objects to this request on the
10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
11  information not relevant to the subject matter of this lawsuit or reasonably
12  calculated to lead to the discovery of admissible evidence.  Larian also objects to
13  this request on the ground that it is overbroad, unduly burdensome, and oppressive
14  in seeking all documents relating to any work, activities or services that Sarah
15  Halpern performed for or with Larian or MGA or on their behalf.  Larian also
16  objects to this request on the grounds that it is vague and ambiguous in that Larian
17  cannot determine what is meant by "activities or services" and "with or on behalf of
18  YOU or MGA."  Larian will interpret "activities or services" to mean "work or
19  services," and "with" to mean "on behalf of."  Larian also objects to this request to
20  the extent it seeks information the disclosure of which would implicate the rights of
21  third parties to protect private, confidential, proprietary or trade secret information.
22  Larian also objects to this request on the grounds that it seeks confidential,
23  proprietary or commercially sensitive information, the disclosure of which would be
24  inimical to the business interests of Larian and one or more third parties.  Larian
25  also objects to this request to the extent it calls for the disclosure of attorney-client
26  privileged information or information protected from disclosure by the work-
27  product doctrine, joint defense or common interest privilege, or other privilege.

28

1  Larian also objects to this request to the extent it seeks documents not within

2  Larian's possession, custody or control.

3        Subject to the foregoing, Larian will produce all documents within his

4  possession, custody, or control that are responsive to the request and that either

5  pertain to services performed prior to January 1, 2001 or pertain to work performed

6  on Brats or Angel, if any, and that have not already been produced, that he discovers

7  in the course of his reasonable search and diligent inquiry, and to which no privilege

8  or other protection applies, including without limitation, the attorney-client privilege

9  or attorney's work product doctrine.

10 **REQUEST FOR PRODUCTION NO. 66:**

11       All DOCUMENTS RELATING TO any actual, potential, proposed,

12 considered or contemplated work, activities or services, including without limitation

13 any freelance work or consulting services, by Jesse Ramirez for, with or on behalf of

14 YOU or MGA prior to December 31, 2001 (regardless of when any such

15 DOCUMENT was prepared, created, received or transmitted, whether in whole or in

16 part).

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

18       Larian incorporates by reference the above-stated general objections as if

19 fully set forth herein.  Larian also specifically objects to this request on the grounds

20 that it is overbroad, oppressive, and unduly burdensome in that it seeks information

21 not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

22 the discovery of admissible evidence.  Larian also objects to this request on the

23 ground that it is overbroad, unduly burdensome, and oppressive in seeking All

24 DOCUMENTS relating to any work, activities or services that Jesse Ramirez

25 performed for or with Larian or MGA or on their behalf.  Larian also objects to this

26 request on the grounds that it is vague and ambiguous in that Larian cannot

27 determine what is meant by "activities or services" and "with or on behalf of YOU

28 or MGA."  Larian will interpret "activities or services" to mean "work or services,"

1  and "with" to mean "on behalf of."  Larian also objects to this request to the extent it

2  seeks information the disclosure of which would implicate the rights of third parties

3  to protect private, confidential, proprietary or trade secret information.  Larian also

4  objects to this request on the grounds that it seeks confidential, proprietary or

5  commercially sensitive information, the disclosure of which would be inimical to

6  the business interests of Larian and one or more third parties.  Larian also objects to

7  this request to the extent it calls for the disclosure of attorney-client privileged

8  information or information protected from disclosure by the work-product doctrine,

9  joint defense or common interest privilege, or other privilege.  Larian also objects to

10  this request to the extent it seeks documents not within Larian's possession, custody

11  or control.

12        Subject to the foregoing, Larian will produce any personal documents dated

13  prior to January 1, 2001, that are relevant and responsive to the request, if any, and

14  that have not already been produced, that he discovers in the course of his

15  reasonable search and diligent inquiry, which are within the permissible scope of

16  discovery, and to which no privilege or other protection applies, including without

17  limitation, the attorney-client privilege or attorney's work product doctrine.

18  **<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:</u>**

19        Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the ground that it is overbroad, unduly burdensome, and oppressive

25  in seeking all documents relating to any work, activities or services that Jesse

26  Ramirez performed for or with Larian or MGA or on their behalf.  Larian also

27  objects to this request on the grounds that it is vague and ambiguous in that Larian

28  cannot determine what is meant by "activities or services" and "with or on behalf of

1   YOU or MGA."  Larian will interpret "activities or services" to mean "work or

2   services," and "with" to mean "on behalf of," Larian also objects to this request to

3   the extent it seeks information the disclosure of which would implicate the rights of

4   third parties to protect private, confidential, proprietary or trade secret information.

5   Larian also objects to this request on the grounds that it seeks confidential,

6   proprietary or commercially sensitive information, the disclosure of which would be

7   inimical to the business interests of Larian and one or more third parties.  Larian

8   also objects to this request to the extent it calls for the disclosure of attorney-client

9   privileged information or information protected from disclosure by the work-

10  product doctrine, joint defense or common interest privilege, or other privilege.

11  Larian also objects to this request to the extent it seeks documents not within

12  Larian's possession, custody or control.

13       Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request and that either

15  pertain to services performed prior to January 1, 2001 or pertain to work performed

16  on Bratz or Angel, if any, and that have not already been produced, that he discovers

17  in the course of his reasonable search and diligent inquiry, and to which no privilege

18  or other protection applies, including without limitation, the attorney-client privilege

19  or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 67:**

21       All DOCUMENTS RELATING TO any actual, potential, proposed,

22  considered or contemplated work, activities or services, including without limitation

23  any freelance work or consulting services, by Margaret Hatch (also known as

24  Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of YOU or

25  MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was

26  prepared, created, received or transmitted, whether in whole or in part).

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking All DOCUMENTS relating to any work, activities or services that Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for or with Larian or MGA or on their behalf.  Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to January 1, 2001, that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of

1  discovery, and to which no privilege or other protection applies, including without

2  limitation, the attorney-client privilege or attorney's work product doctrine.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

4        Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the ground that it is overbroad, unduly burdensome, and oppressive

10  in seeking all documents relating to any work, activities or services that Margaret

11  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for

12  or with Larian or MGA or on their behalf.  Larian also objects to this request on the

13  grounds that it is vague and ambiguous in that Larian cannot determine what is

14  meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian

15  will interpret "activities or services" to mean "work or services," and "with" to mean

16  "on behalf of."  Larian also objects to this request to the extent it seeks information

17  the disclosure of which would implicate the rights of third parties to protect private,

18  confidential, proprietary or trade secret information.  Larian also objects to this

19  request on the grounds that it seeks confidential, proprietary or commercially

20  sensitive information, the disclosure of which would be inimical to the business

21  interests of Larian and one or more third parties.  Larian also objects to this request

22  to the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.  Larian also objects to this request to

25  the extent it seeks documents not within Larian's possession, custody or control.

26       Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request and that either

28  pertain to services performed prior to January 1, 2001 or pertain to work performed

1    on Bratz or Angel, if any, and that have not already been produced, that he discovers

2    in the course of his reasonable search and diligent inquiry, and to which no privilege

3    or other protection applies, including without limitation, the attorney-client privilege

4    or attorney's work product doctrine.

5    **REQUEST FOR PRODUCTION NO. 68:**

6            All DOCUMENTS RELATING TO any actual, potential, proposed,

7    considered or contemplated work, activities or services, including without limitation

8    any freelance work or consulting services, by Elise Cloonan for, with or on behalf of

9    YOU or MGA.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

11           Larian incorporates by reference the above-stated general objections as if

12   fully set forth herein.  Larian also specifically objects to this request on the grounds

13   that it is overbroad, oppressive, and unduly burdensome in that it seeks information

14   not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

15   the discovery of admissible evidence.  Larian also objects to this request on the

16   ground that it is overbroad, unduly burdensome, and oppressive in seeking All

17   DOCUMENTS relating to any work, activities or services that Elise Cloonan

18   performed for or with Larian or MGA or on their behalf, without limitation as to

19   time.  Larian also objects to this request on the grounds that it is vague and

20   ambiguous in that Larian cannot determine what is meant by "activities or services"

21   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

22   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

23   also objects to this request to the extent it seeks information the disclosure of which

24   would implicate the rights of third parties to protect private, confidential, proprietary

25   or trade secret information.  Larian also objects to this request on the grounds that it

26   seeks confidential, proprietary or commercially sensitive information, the disclosure

27   of which would be inimical to the business interests of Larian and one or more third

28   parties.  Larian also objects to this request to the extent it calls for the disclosure of

07209/2320027.1

-58-

1  attorney-client privileged information or information protected from disclosure by

2  the work-product doctrine, joint defense or common interest privilege, or other

3  privilege.  Larian also objects to this request to the extent it seeks documents not

4  within Larian's possession, custody or control.

5      Subject to the foregoing, Larian will produce any personal documents dated

6  prior to January 1, 2001, that are relevant and responsive to the request, if any, and

7  that have not already been produced, that he discovers in the course of his

8  reasonable search and diligent inquiry, which are within the permissible scope of

9  discovery, and to which no privilege or other protection applies, including without

10  limitation, the attorney-client privilege or attorney's work product doctrine.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

12      Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the ground that it is overbroad, unduly burdensome, and oppressive

18  in seeking all documents relating to any work, activities or services that Elise

19  Cloonan performed for or with Larian or MGA or on their behalf, without limitation

20  as to time.  Larian also objects to this request on the grounds that it is vague and

21  ambiguous in that Larian cannot determine what is meant by "activities or services"

22  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

23  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

24  also objects to this request to the extent it seeks information the disclosure of which

25  would implicate the rights of third parties to protect private, confidential, proprietary

26  or trade secret information.  Larian also objects to this request on the grounds that it

27  seeks confidential, proprietary or commercially sensitive information, the disclosure

28  of which would be inimical to the business interests of Larian and one or more third

1  parties.  Larian also objects to this request to the extent it calls for the disclosure of

2  attorney-client privileged information or information protected from disclosure.  by

3  the work-product doctrine, joint defense or common interest privilege, or other

4  privilege.  Larian also objects to this request to the extent it seeks documents not

5  within Larian's possession, custody or control.

6  　　　　　Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request and that either

8  pertain to services performed prior to January 1, 2001 or pertain to work performed

9  on Bratz or Angel, if any, and that have not already been produced, that he discovers

10  in the course of his reasonable search and diligent inquiry, and to which no privilege

11  or other protection applies, including without limitation, the attorney-client privilege

12  or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 69:**

14  　　　　　All DOCUMENTS RELATING TO any actual, potential, proposed,

15  considered or contemplated work, activities or services, including without limitation

16  any freelance work or consulting services, by Maureen Mullen for, with or on behalf

17  of YOU or MGA.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

19  　　　　　Larian incorporates by reference the above-stated general objections as if

20  fully set forth herein.  Larian also specifically objects to this request on the grounds

21  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

22  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

23  the discovery of admissible evidence.  Larian also objects to this request on the

24  ground that it is overbroad, unduly burdensome, and oppressive in seeking All

25  DOCUMENTS relating to any work, activities or services that Maureen Mullen

26  performed for or with Larian or MGA or on their behalf, without limitation as to

27  time.  Larian also objects to this request on the grounds that it is vague and

28  ambiguous in that Larian cannot determine what is meant by "activities or services"

and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any work, activities or services that Maureen Mullen performed for or with Larian or MGA or on their behalf, without limitation as to time.  Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of" Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it

1  seeks confidential, proprietary or commercially sensitive information, the disclosure

2  of which would be inimical to the business interests of Larian and one or more third

3  parties.  Larian also objects to this request to the extent it calls for the disclosure of

4  attorney-client privileged information or information protected from disclosure by

5  the work-product doctrine, joint defense or common interest privilege, or other

6  privilege.  Larian also objects to this request to the extent it seeks documents not

7  within Larian's possession, custody or control.

8      Subject to the foregoing, Larian will produce all documents within his

9  possession, custody, or control that are responsive to the request and that pertain to

10  work performed on Bratz or Angel prior to December 31, 2001, if any, and that have

11  not already been produced, that he discovers in the course of his reasonable search

12  and diligent inquiry, and to which no privilege or other protection applies, including

13  without limitation, the attorney-client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 70:**

15      All DOCUMENTS RELATING TO any actual, potential, proposed,

16  considered or contemplated work, activities or services, including without limitation

17  any freelance work or consulting services, by Billy Ragsdale for, with or on behalf

18  of YOU or MGA.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

20      Larian incorporates by reference the above-stated general objections as if

21  fully set forth herein.  Larian also specifically objects to this request on the grounds

22  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

23  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

24  the discovery of admissible evidence.  Larian also objects to this request on the

25  ground that it is overbroad, unduly burdensome, and oppressive in seeking All

26  DOCUMENTS relating to any work, activities or services that Billy Ragsdale

27  performed for or with Larian or MGA or on their behalf, without limitation as to

28  time.  Larian also objects to this request on the grounds that it is vague and

1   ambiguous in that Larian cannot determine what is meant by "activities or services"

2   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

3   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

4   also objects to this request to the extent it seeks information the disclosure of which

5   would implicate the rights of third parties to protect private, confidential, proprietary

6   or trade secret information.  Larian also objects to this request on the grounds that it

7   seeks confidential, proprietary or commercially sensitive information, the disclosure

8   of which would be inimical to the business interests of Larian and one or more third

9   parties.  Larian also objects to this request to the extent it calls for the disclosure of

10  attorney-client privileged information or information protected from disclosure by

11  the work-product doctrine, joint defense or common interest privilege, or other

12  privilege.  Larian also objects to this request to the extent it seeks documents not

13  within Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce any personal documents dated

15  prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

16  request, if any, and that have not already been produced, that he discovers in the

17  course of his reasonable search and diligent inquiry, which are within the

18  permissible scope of discovery, and to which no privilege or other protection

19  applies, including without limitation, the attorney-client privilege or attorney's work

20  product doctrine.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also objects to

27  this request on the ground that it is overbroad, unduly burdensome, and oppressive

28  in seeking all documents relating to any work, activities or services that Billy

Ragsdale performed for or with Larian or MGA or on their behalf, without limitation as to time.  Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request and that pertain to work performed on Bratz or Angel prior to December 31, 2001, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Wendy Ragsdale for, with or on behalf of YOU or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking All DOCUMENTS relating to any work, activities or services that Wendy Ragsdale performed for or with Larian or MGA or on their behalf, without limitation as to time.  Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection

1  applies, including without limitation, the attorney-client privilege or attorney's work

2  product doctrine.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

4  　　　　　Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the ground that it is overbroad, unduly burdensome, and oppressive

10  in seeking all documents relating to any work, activities or services that Wendy

11  Ragsdale performed for or with Larian or MGA or on their behalf, without

12  limitation as to time.  Larian also objects to this request on the grounds that it is

13  vague and ambiguous in that Larian cannot determine what is meant by "activities or

14  services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities

15  or services" to mean "work or services," and "with" to mean "on behalf of."  Larian

16  also objects to this request to the extent it seeks information the disclosure of which

17  would implicate the rights of third parties to protect private, confidential, proprietary

18  or trade secret information.  Larian also objects to this request on the grounds that it

19  seeks confidential, proprietary or commercially sensitive information, the disclosure

20  of which would be inimical to the business interests of Larian and one or more third

21  parties.  Larian also objects to this request to the extent it calls for the disclosure of

22  attorney-client privileged information or information protected from disclosure by

23  the work product doctrine, joint defense or common interest privilege, or other

24  privilege.  Larian also objects to this request to the extent it seeks documents not

25  within Larian's possession, custody or control.

26  　　　　Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request and that pertain to

28  work performed on Bratz or Angel prior to December 31, 2001, if any, and that have

1   not already been produced, that he discovers in the course of his reasonable search

2   and diligent inquiry, and to which no privilege or other protection applies, including

3   without limitation, the attorney-client privilege or attorney's work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 72:**

5         All DOCUMENTS RELATING TO any actual, potential, proposed,

6   considered or contemplated work, activities or services, including without limitation

7   any freelance work or consulting services, by David Dees for, with or on behalf of

8   YOU or MGA.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

10         Larian incorporates by reference the above- stated general objections as if

11   fully set forth herein.  Larian also specifically objects to this request on the grounds

12   that it is overbroad, oppressive, and unduly burdensome in that it seeks information

13   not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

14   the discovery of admissible evidence.  Larian also objects to this request on the

15   ground that it is overbroad, unduly burdensome, and oppressive in seeking All

16   DOCUMENTS relating to any work, activities or services that David Dees

17   performed for or with Larian or MGA or on their behalf, without limitation as to

18   time.  Larian also objects to this request on the grounds that it is vague and

19   ambiguous in that Larian cannot determine what is meant by "activities or services"

20   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

21   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

22   also objects to this request to the extent it seeks information the disclosure of which

23   would implicate the rights of third parties to protect private, confidential, proprietary

24   or trade secret information.  Larian also objects to this request on the grounds that it

25   seeks confidential, proprietary or commercially sensitive information, the disclosure

26   of which would be inimical to the business interests of Larian and one or more third

27   parties.  Larian also objects to this request to the extent it calls for the disclosure of

28   attorney-client privileged information or information protected from disclosure by

1  the work-product doctrine, joint defense or common interest privilege, or other

2  privilege.  Larian also objects to this request to the extent it seeks documents not

3  within Larian's possession, custody or control.

4         Subject to the foregoing, Larian will produce any personal documents dated

5  prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

6  request, if any, and that have not already been produced, that he discovers in the

7  course of his reasonable search and diligent inquiry, which are within the

8  permissible scope of discovery, and to which no privilege or other protection

9  applies, including without limitation, the attorney-client privilege or attorney's work

10 product doctrine.

11 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

12        Larian incorporates by reference the above-stated general objections as

13 if fully set forth herein.  Larian also specifically objects to this request on the

14 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15 information not relevant to the subject matter of this lawsuit or reasonably

16 calculated to lead to the discovery of admissible evidence.  Larian also objects to

17 this request on the ground that it is overbroad, unduly burdensome, and oppressive

18 in seeking all documents relating to any work, activities or services that David Dees

19 performed for or with Larian or MGA or on their behalf, without limitation as to

20 time.  Larian also objects to this request on the grounds that it is vague and

21 ambiguous in that Larian cannot determine what is meant by "activities or services"

22 and "with or on behalf of YOU or MGA.  Larian will interpret "activities or

23 services" to mean "work or services," and "with" to mean "on behalf of."  Larian

24 also objects to this request to the extent it seeks information the disclosure of which

25 would implicate the rights of third parties to protect private, confidential, proprietary

26 or trade secret information.  Larian also objects to this.  request on the grounds that

27 it seeks confidential, proprietary or commercially sensitive information, the

28 disclosure of which would be inimical to the business interests of Larian and one or

1   more third parties.  Larian also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest privilege,

4   or other privilege.  Larian also objects to this request to the extent it seeks

5   documents not within Larian's possession, custody or control.

6        Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request and that pertain to

8   work performed on Bratz or Angel prior to December 31, 2001, if any, and that have

9   not already been produced, that he discovers in the course of his reasonable search

10   and diligent inquiry, and to which no privilege or other protection applies, including

11   without limitation, the attorney-client privilege or attorney's work product doctrine.

12   **REQUEST FOR PRODUCTION NO. 73:**

13        All DOCUMENTS RELATING TO any actual, potential, proposed,

14   considered or contemplated work, activities or services, including without limitation

15   any freelance work or consulting services, by Steve Linker for, with or on behalf of

16   YOU or MGA.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

18        Larian incorporates by reference the above-stated general objections as if

19   fully set forth herein.  Larian also specifically objects to this request on the grounds

20   that it is overbroad, oppressive, and unduly burdensome in that it seeks information

21   not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

22   the discovery of admissible evidence.  Larian also objects to this request on the

23   ground that it is overbroad, unduly burdensome, and oppressive in seeking All

24   DOCUMENTS relating to any work, activities or services that Steve Linker

25   performed for or with Larian or MGA or on their behalf, without limitation as to

26   time.  Larian also objects to this request on the grounds that it is vague and

27   ambiguous in that Larian cannot determine what is meant by "activities or services"

28   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any work, activities or services that Steve Linker performed for or with Larian or MGA or on their behalf, without limitation as to time.  Larian also objects to this request on the grounds that it is vague and

1   ambiguous in that Larian cannot determine what is meant by "activities or services"

2   and "with or on behalf of YOU or MGA.  Larian will interpret "activities or

3   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

4   also objects to this request to the extent it seeks information the disclosure of which

5   would implicate the rights of third parties to protect private, confidential, proprietary

6   or trade secret information.  Larian also objects to this request on the grounds that it

7   seeks confidential, proprietary or commercially sensitive information, the disclosure

8   of which would be inimical to the business interests of Larian and one or more third

9   parties.  Larian also objects to this request to the extent it calls for the disclosure of

10  attorney-client privileged information or information protected from disclosure by

11  the work-product doctrine, joint defense or common interest privilege, or other

12  privilege.  Larian also objects to this request to the extent it seeks documents not

13  within Larian's possession, custody or control.

14      Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request and that pertain to

16  work performed on Hratz or Angel prior to December 31, 2001, if any, and that have

17  not already been produced, that he discovers in the course of his reasonable search

18  and diligent inquiry, and to which no privilege or other protection applies, including

19  without limitation, the attorney-client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 74:**

21      All DOCUMENTS RELATING TO Steve Linker and RELATING TO any

22  time prior to December 31, 2001 (regardless of when such document was prepared,

23  written, transmitted or received, whether in whole or in part).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

25      Larian incorporates by reference the above-stated general objections as if

26  fully set forth herein.  Larian also specifically objects to this request on the grounds

27  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

28  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

1  the discovery of admissible evidence.  Larian also objects to this request on the

2  grounds that it seeks confidential, proprietary or commercially sensitive

3  information, the disclosure of which would be inimical to the business interests of

4  Larian and one or more third parties.  Larian also objects to this request to the extent

5  it calls for the disclosure of attorney-client privileged information or information

6  protected from disclosure by the work-product doctrine, joint defense or common

7  interest privilege, or other privilege.  Larian also objects to this request to the extent

8  it seeks documents not within Larian's possession, custody or control.

9       Subject to the foregoing, Larian will produce any personal documents dated

10  prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

11  request, if any, and that have not already been produced, that he discovers in the

12  course of his reasonable search and diligent inquiry, which are within the

13  permissible scope of discovery, and to which no privilege or other protection

14  applies, including without limitation, the attorney-client privilege or attorney's work

15  product doctrine.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

17       Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of Larian and one or more third parties.  Larian also objects to this request

25  to the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense or

27  common interest privilege, or other privilege.  Larian also objects to this request to

28  the extent it seeks documents not within Larian's possession, custody or control.

1    Subject to the foregoing, Larian will produce all documents within his
2    possession, custody, or control that are responsive to the request and that pertain to
3    work performed on Bratz or Angel prior to December 31, 2001, if any, and that have
4    not already been produced, that he discovers in the course of his reasonable search
5    and diligent inquiry, and to which no privilege or other protection applies, including
6    without limitation, the attorney-client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 75:**

8    All DOCUMENTS RELATING TO any actual, potential, proposed,
9    considered or contemplated work, activities or services, including without limitation
10   any freelance work or consulting services, by Liz Hogan for, with or on behalf of
11   YOU or MGA.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

13   Larian incorporates by reference the above-stated general objections as if filly
14   set forth herein.  Larian also specifically objects to this request on the grounds that it
15   is overbroad, oppressive, and unduly burdensome in that it seeks information not
16   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the
17   discovery of admissible evidence.  Larian also objects to this request on the ground
18   that it is overbroad, unduly burdensome, and oppressive in seeking All
19   DOCUMENTS relating to any work, activities or services that Liz Hogan performed
20   for or with Larian or MGA or on their behalf, without limitation as to time.  Larian
21   also objects to this request on the grounds that it is vague and ambiguous in that
22   Larian cannot determine what is meant by "activities or services" and "with or on
23   behalf of YOU or MGA."  Larian will interpret "activities or services" to mean
24   "work or services," and "with" to mean "on behalf of."  Larian also objects to this
25   request to the extent it seeks information the disclosure of which would implicate
26   the rights of third parties to protect private, confidential, proprietary or trade secret
27   information.  Larian also objects to this request on the grounds that it seeks
28   confidential, proprietary or commercially sensitive information, the disclosure of

1   which would be inimical to the business interests of Larian and one or more third

2   parties.  Larian also objects to this request to the extent it calls for the disclosure of

3   attorney-client privileged information or information protected from disclosure by

4   the work-product doctrine, joint defense or common interest privilege, or other

5   privilege.  Larian also objects to this request to the extent it seeks documents not

6   within Larian's possession, custody or control.

7         Subject to the foregoing, Larian will produce any personal documents dated

8   prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

9   request, if any, and that have not already been produced, that he discovers in the

10   course of his reasonable search and diligent inquiry, which are within the

11   permissible scope of discovery, and to which no privilege or other protection

12   applies, including without limitation, the attorney-client privilege or attorney's work

13   product doctrine.

14   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

15         Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence.  Larian also objects to

20   this request on the ground that it is overbroad, unduly burdensome, and oppressive

21   in seeking all documents relating to any work, activities or services that Liz Hogan

22   performed for or with Larian or MGA or on their behalf, without limitation as to

23   time.  Larian also objects to this request on the grounds that it is vague and

24   ambiguous in that Larian cannot determine what is meant by "activities or services"

25   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

26   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

27   also objects to this request to the extent it seeks information the disclosure of which

28   would implicate the rights of third parties to protect private, confidential, proprietary

-74-

1  or trade secret information.  Larian also objects to this request on the grounds that it

2  seeks confidential, proprietary or commercially sensitive information, the disclosure

3  of which would be inimical to the business interests of Larian and one or more third

4  parties.  Larian also objects to this request to the extent it calls for the disclosure of

5  attorney-client privileged information or information protected from disclosure by

6  the work-product doctrine, joint defense or common interest privilege, or other

7  privilege.  Larian also objects to this request to the extent it seeks documents not

8  within Larian's possession, custody or control.

9       Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request and that pertain to

11  work performed on Bratz or Angel prior to December 31, 2001, if any, and that have

12  not already been produced, that he discovers in the course of his reasonable search

13  and diligent inquiry, and to which no privilege or other protection applies, including

14  without limitation, the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 76:**

16       All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without limitation

18  any freelance work or consulting services, by Amy Meyers for, with or on behalf of

19  YOU or MGA.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

21       Larian incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Larian also specifically objects to this request on the grounds

23  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

24  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

25  the discovery of admissible evidence.  Larian also objects to this request on the

26  ground that it is overbroad, unduly burdensome, and oppressive in seeking All

27  DOCUMENTS relating to any work, activities or services that Amy Meyers

28  performed for or with Larian or MGA or on their behalf, without limitation as to

time.  Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of."  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive

1  in seeking all documents relating to any work, activities or services that Amy

2  Meyers performed for or with Larian or MGA or on their behalf, without limitation

3  as to time.  Larian also objects to this request on the grounds that it is vague and

4  ambiguous in that Larian cannot determine what is meant by "activities or services"

5  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

6  services" to mean "work or services," and `with" to mean "on behalf of."  Larian

7  also objects to this request to the extent it seeks information the disclosure of which

8  would implicate the rights of third parties to protect private, confidential, proprietary

9  or trade secret information.  Larian also objects to this request on the grounds that it

10  seeks confidential, proprietary or commercially sensitive information, the disclosure

11  of which would be inimical to the business interests of Larian and one or more third

12  parties.  Larian also objects to this request to the extent it calls for the disclosure of

13  attorney-client privileged information or information protected from disclosure by

14  the work-product doctrine, joint defense or common interest privilege, or other

15  privilege.  Larian also objects to this request to the extent it seeks documents not

16  within Larian's possession, custody or control.

17       Subject to the foregoing, Larian will produce all documents within his

18  possession, custody, or control that are responsive to the request and that pertain to

19  work performed on Bratz or Angel prior to December 31, 2001, if any, and that have

20  not already been produced, that he discovers in the course of his reasonable search

21  and diligent inquiry, and to which no privilege or other protection applies, including

22  without limitation, the attorney-client privilege or attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 82:**

24       All DOCUMENTS RELATING TO any actual, potential, proposed,

25  considered or contemplated agreement or contract between YOU or MGA and Anna

26  Rhee, including without limitation all drafts thereof and amendments, modifications

27  and revisions thereto, and all COMMUNICATIONS relating thereto.

28

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

2      Larian incorporates by reference the above-stated general objections as if

3 fully set forth herein.  Larian also specifically objects to this request on the grounds

4 that it is overbroad, oppressive, and unduly burdensome in that it seeks information

5 not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

6 the discovery of admissible evidence.  Larian also objects to this request on the

7 grounds that it is overbroad, unlimited as to time, and unduly burdensome and

8 oppressive.  Larian also objects to this request on the grounds that it seeks

9 information in violation of the right of privacy.  Larian also objects to this request

10 on the grounds that it seeks confidential, proprietary or commercially sensitive

11 information, the disclosure of which would be inimical to the business interests of

12 Larian and one or more third parties.  Larian also objects to this request to the extent

13 it calls for the disclosure of attorney-client privileged information or information

14 protected from disclosure by the work-product doctrine, joint defense or common

15 interest privilege, or other privilege.  Larian also objects to this request to the extent

16 it seeks documents not within Larian's possession, custody or control.

17      Subject to the foregoing, Larian will produce any personal documents dated

18 prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and

19 responsive to the request, if any, and that have not already been produced, that he

20 discovers in the course of his reasonable search and diligent inquiry, which are

21 within the permissible scope of discovery, and to which no privilege or other

22 protection applies, including without limitation, the attorney-client privilege or

23 attorney's work product doctrine.

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

25      Larian incorporates by reference the above-stated general objections as

26 if fully set forth herein.  Larian also specifically objects to this request on the

27 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28 information not relevant to the subject matter of this lawsuit or reasonably

calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents pertaining to work performed prior to January 1, 2001 and all documents pertaining to work related to Bratz or Angel performed prior to December 31, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the

1  grounds that it is overbroad, unlimited as to time, and unduly burdensome and

2  oppressive.  Larian also objects to this request on the grounds that it seeks

3  information in violation of the right of privacy.  Larian also objects to this request

4  on the grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties.  Larian also objects to this request to the extent

7  it calls for the disclosure of attorney-client privileged information or information

8  protected from disclosure by the work-product doctrine, joint defense or common

9  interest privilege, or other privilege.  Larian also objects to this request to the extent

10  it seeks documents not within Larian's possession, custody or control.

11      Subject to the foregoing, Larian will produce any personal documents dated

12  prior to June 1, 2001, relating to Bratz or Prayer Angels that are relevant and

13  responsive to the request, if any, and that have not already been produced, that he

14  discovers in the course of his reasonable search and diligent inquiry, which are

15  within the permissible scope of discovery, and to which no privilege or other

16  protection applies, including without limitation, the attorney-client privilege or

17  attorney's work product doctrine.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

19      Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it is overbroad, unlimited as to time, and unduly

25  burdensome and oppressive.  Larian also objects to this request on the grounds that

26  it seeks information in violation of the right of privacy.  Larian also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

1  interests of Larian and one or more third parties.  Larian also objects to this request

2  to the extent it calls for the disclosure of attorney-client privileged information or

3  information protected from disclosure by the work-product doctrine, joint defense or

4  common interest privilege, or other privilege.  Larian also objects to this request to

5  the extent it seeks documents not within Larian's possession, custody or control.

6        Subject to the foregoing, Larian will produce all documents pertaining to

7  work performed prior to January 1, 2001 and all documents pertaining to work

8  related to Bratz or Angel performed prior to December 31, 2001 within his

9  possession, custody, or control that are responsive to the request, if any, and that

10 have not already been produced, that he discovers in the course of his reasonable

11 search and diligent inquiry, and to which no privilege or other protection applies,

12 including without limitation, the attorney-client privilege or attorney's work product

13 doctrine.

14 **REQUEST FOR PRODUCTION NO. 84:**

15        All DOCUMENTS RELATING TO any actual, potential, proposed,

16 considered or contemplated agreement or contract between YOU or MGA and

17 Veronica Marlow or her FAMILY MEMBERS, including without limitation all

18 drafts thereof and amendments, modifications and revisions thereto, and all

19 COMMUNICATIONS relating thereto.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

21        Larian incorporates by reference the above-stated general objections as if

22 fully set forth herein.  Larian also specifically objects to this request on the grounds

23 that it is overbroad, oppressive, and unduly burdensome in that it seeks information

24 not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

25 the discovery of admissible evidence.  Larian also objects to this request on the

26 grounds that it is overbroad, unlimited as to time, and unduly burdensome and

27 oppressive.  Larian also objects to this request on the grounds that it seeks

28 information in violation of the right of privacy.  Larian also objects to this request

on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead, to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  common interest privilege, or other privilege.  Larian also objects to this request to

2  the extent it seeks documents not within Larian's possession, custody or control.

3         Subject to the foregoing, Larian will produce all documents pertaining to

4  work performed prior to January 1, 2001 and all documents pertaining to work

5  related to Bratz or Angel performed prior to December 31, 2001 within his

6  possession, custody, or control that are responsive to the request, if any, and that

7  have not already been produced, that he discovers in the course of his reasonable

8  search and diligent inquiry, and to which no privilege or other protection applies,

9  including without limitation, the attorney-client privilege or attorney's work product

10 doctrine.

11 **REQUEST FOR PRODUCTION NO. 85:**

12        All DOCUMENTS RELATING TO any payments of money or the transfer of

13 anything of value to Veronica Marlow or her FAMILY MEMBERS.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

15        Larian incorporates by reference the above-stated general objections as if

16 fully set forth herein.  Larian also specifically objects to this request on the grounds

17 that it is overbroad, oppressive, and unduly burdensome in that it seeks information

18 not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

19 the discovery of admissible evidence.  Larian also objects to this request on the

20 grounds that it is overbroad, unlimited as to time, and unduly burdensome and

21 oppressive.  Larian also objects to this request on the grounds that it seeks

22 information in violation of the right of privacy.  Larian also objects to this request

23 on the grounds that it seeks confidential, proprietary or commercially sensitive

24 information, the disclosure of which would be inimical to the business interests of

25 Larian and one or more third parties.  Larian also objects to this request to the extent

26 it calls for the disclosure of attorney-client privileged information or information

27 protected from disclosure by the work-product doctrine, joint defense or common

28

1   interest privilege, or other privilege.  Larian also objects to this request to the extent

2   it seeks documents not within Larian's possession, custody or control.

3        Subject to the foregoing, Larian will produce any personal documents dated

4   prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and

5   responsive to the request, if any, and that have not already been produced, that he

6   discovers in the course of his reasonable search and diligent inquiry, which are

7   within the permissible scope of discovery, and to which no privilege or other

8   protection applies, including without limitation, the attorney-client privilege or

9   attorney's work product doctrine.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

11       Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to.  the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also objects to

16  this request on the grounds that it is overbroad, unlimited as to time, and unduly

17  burdensome and oppressive.  Larian also objects to this request on the grounds that

18  it seeks information in violation of the right of privacy.  Larian also objects to this

19  request on the grounds that it seeks confidential, proprietary or commercially

20  sensitive information, the disclosure of which would be inimical to the business

21  interests of Larian and one or more third parties.  Larian also objects to this request

22  to the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.  Larian also objects to this request to

25  the extent it seeks documents not within Larian's possession, custody or control.

26       Subject to the foregoing, Larian will produce all documents pertaining to

27  work performed prior to January 1, 2001 and all documents pertaining to work

28  related to Bratz or Angel performed prior to December 31, 2001 within his

1  possession, custody, or control that are responsive to the request, if any, and that

2  have not already been produced, that he discovers in the course of his reasonable

3  search and diligent inquiry, and to which no privilege or other protection applies,

4  including without limitation, the attorney-client privilege or attorney's work product

5  doctrine.

6  **REQUEST FOR PRODUCTION NO. 86:**

7      All DOCUMENTS RELATING TO any actual, potential, proposed,

8  considered or contemplated agreement or contract between YOU or MGA and

9  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

10  her FAMILY MEMBERS, including without limitation all drafts thereof and

11  amendments, modifications and revisions thereto, and all COMMUNICATIONS

12  relating thereto.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

14      Larian incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Larian also specifically objects to this request on the grounds

16  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

17  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

18  the discovery of admissible evidence.  Larian also objects to this request on the

19  grounds that it seeks information in violation of the right of privacy.  Larian also

20  objects to this request on the grounds that it is overbroad, unlimited as to time, and

21  unduly burdensome and oppressive.  Larian also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive

23  information, the disclosure of which would be inimical to the business interests of

24  Larian and one or more third parties.  Larian also objects to this request to the extent

25  it calls for the disclosure of attorney-client privileged information or information

26  protected from disclosure by the work-product doctrine, joint defense or common

27  interest privilege, or other privilege.  Larian also objects to this request to the extent

28  it seeks documents not within Larian's possession, custody or control.

1    Subject to the foregoing, Larian will produce any personal documents dated

2    prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and

3    responsive to the request, if any, and that have not already been produced, that he

4    discovers in the course of his reasonable search and diligent inquiry, which are

5    within the permissible scope of discovery, and to which no privilege or other

6    protection applies, including without limitation, the attorney-client privilege or

7    attorney's work product doctrine.

8    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

9    Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it, is overbroad, oppressive, and unduly burdensome in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence.  Larian also objects to

14   this request on the grounds that it seeks information in violation of the right of

15   privacy.  Larian also objects to this request on the grounds that it is overbroad,

16   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

17   this request on the grounds that it seeks confidential, proprietary or commercially

18   sensitive information, the disclosure of which would be inimical to the business

19   interests of Larian and one or more third parties.  Larian also objects to this request

20   to the extent it calls for the disclosure of attorney-client privileged information or

21   information protected from disclosure by the work-product doctrine, joint defense or

22   common interest privilege, or other privilege.  Larian also objects to this request to

23   the extent it seeks documents not within Larian's possession, custody or control.

24   Subject to the foregoing, Larian will produce all documents pertaining to

25   work performed prior to January 1, 2001 and all documents pertaining to work

26   related to Bratz or Angel performed prior to December 31, 2001 within his

27   possession, custody, or control that are responsive to the request, if any, and that

28   have not already been produced, that he discovers in the course of his reasonable

1  search and diligent inquiry, and to which no privilege or other protection applies,

2  including without limitation, the attorney-client privilege or attorney's work product

3  doctrine.

4  **REQUEST FOR PRODUCTION NO. 87:**

5      All DOCUMENTS RELATING TO any payments of money or the transfer of

6  anything of value to Margaret Hatch (also known as Margaret Leahy and/or

7  Margaret Hatch-Leahy) or her FAMILY MEMBERS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

9      Larian incorporates by reference the above-stated general objections as if

10  fully set forth herein.  Larian also specifically objects to this request on the grounds

11  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

12  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

13  the discovery of admissible evidence.  Larian also objects to this request on the

14  grounds that it is overbroad, unlimited as to time, and unduly burdensome and

15  oppressive.  Larian also objects to this request on the grounds that it seeks

16  information in violation of the right of privacy.  Larian also objects to this request

17  on the grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of

19  Larian and one or more third parties.  Larian also objects to this request to the extent

20  it calls for the disclosure of attorney-client privileged information or information

21  protected from disclosure by the work-product doctrine, joint defense or common

22  interest privilege, or other privilege.  Larian also objects to this request to the extent

23  it seeks documents not within Larian's possession, custody or control.

24      Subject to the foregoing, Larian will produce any personal documents dated

25  prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and

26  responsive to the request, if any, and that have not already been produced, that he

27  discovers in the course of his reasonable search and diligent inquiry, which are

28  within the permissible scope of discovery, and to which no privilege or other

1  protection applies, including without limitation, the attorney-client privilege or

2  attorney's work product doctrine.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

4           Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it is overbroad, unlimited as to time, and unduly

10 burdensome and oppressive.  Larian also objects to this request on the grounds that

11 it seeks information in violation of the right of privacy.  Larian also objects to this

12 request on the grounds that it seeks confidential, proprietary or commercially

13 sensitive information, the disclosure of which would be inimical to the business

14 interests of Larian and one or more third parties.  Larian also objects to this request

15 to the extent it calls for the disclosure of attorney-client privileged information or

16 information protected from disclosure by the work-product doctrine, joint defense or

17 common interest privilege, or other privilege.  Larian also objects to this request to

18 the extent it seeks documents not within Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce all documents pertaining to

20 work performed prior to January 1, 2001 and all documents pertaining to work

21 related to Bratz or Angel performed prior to December 31, 2001 within his

22 possession, custody, or control that are responsive to the request, if any, and that

23 have not already been produced, that he discovers in the course of his reasonable

24 search and diligent inquiry, and to which no privilege or other protection applies,

25 including without limitation, the attorney-client privilege or attorney's work product

26 doctrine.

27

28

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts thereof and amendments, modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other

1  protection applies, including without limitation, the attorney-client privilege or

2  attorney's work product doctrine.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

4          Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it seeks information in violation of the right of

10 privacy.  Larian also objects to this request on the grounds that it is overbroad,

11 unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

12 this request on the grounds that it seeks confidential, proprietary or commercially

13 sensitive information, the disclosure of which would be inimical to the business

14 interests of Larian and one or more third parties.  Larian also objects to this request

15 to the extent it calls for the disclosure of attorney-client privileged information or

16 information protected from disclosure by the work-product doctrine, joint defense or

17 common interest privilege, or other privilege.  Larian also objects to this request to

18 the extent it seeks documents not within Larian's possession, custody or control.

19         Subject to the foregoing, Larian will produce all documents pertaining to

20 work performed prior to January 1, 2001 and all documents pertaining to work

21 related to Bratz or Angel performed prior to December 31, 2001 within his

22 possession, custody, or control that are responsive to the request, if any, and that

23 have not already been produced, that he discovers in the course of his reasonable

24 search and diligent inquiry, and to which no privilege or other protection applies,

25 including without limitation, the attorney-client privilege or attorney's work product

26 doctrine.

27

28

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents pertaining to work performed prior to January 1, 2001 and all documents pertaining to work related to Bratz or Angel performed prior to December 31, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Jesse Ramirez or his FAMILY MEMBERS, including without limitation all drafts thereof

1  and amendments, modifications and revisions thereto, and all

2  COMMUNICATIONS relating thereto.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

4       Larian incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Larian also specifically objects to this request on the grounds

6  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

7  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

8  the discovery of admissible evidence.  Larian also objects to this request on the

9  grounds that it seeks information in violation of the right of privacy.  Larian also

10  objects to this request on the grounds that it is overbroad, unlimited as to time, and

11  unduly burdensome and oppressive.  Larian also objects to this request on the

12  grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian and one or more third parties.  Larian also objects to this request to the extent

15  it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work-product doctrine, joint defense or common

17  interest privilege, or other privilege.  Larian also objects to this request to the extent

18  it seeks documents not within Larian's possession, custody or control.

19       Subject to the foregoing, Larian will produce any personal documents dated

20  prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and

21  responsive to the request, if any, and that have not already been produced, that he

22  discovers in the course of his reasonable search and diligent inquiry, which are

23  within the permissible scope of discovery, and to which no privilege or other

24  protection applies, including without limitation, the attorney-client privilege or

25  attorney's work product doctrine.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

27       Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
2  information not relevant to the subject matter of this lawsuit or reasonably
3  calculated to lead to the discovery of admissible evidence.  Larian also objects to
4  this request on the grounds that it seeks information in violation of the right of
5  privacy.  Larian also objects to this request on the grounds that it is overbroad,
6  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to
7  this request on the grounds that it seeks confidential, proprietary or commercially
8  sensitive information, the disclosure of which would be inimical to the business
9  interests of Larian and one or more third parties.  Larian also objects to this request
10 to the extent it calls for the disclosure of attorney-client privileged information or
11 information protected from disclosure by the work-product doctrine, joint defense or
12 common interest privilege, or other privilege.  Larian also objects to this request to
13 the extent it seeks documents not within Larian's possession, custody or control.

14     Subject to the foregoing, Larian will produce all documents pertaining to
15 work performed prior to January 1, 2001 and all documents pertaining to work
16 related to Bratz or Angel performed prior to December 31, 2001 within his
17 possession, custody, or control that are responsive to the request, if any, and that
18 have not already been produced, that he discovers in the course of his reasonable
19 search and diligent inquiry, and to which no privilege or other protection applies,
20 including without limitation, the attorney-client privilege or attorney's work product
21 doctrine.

22 **REQUEST FOR PRODUCTION NO. 91:**

23     All DOCUMENTS RELATING TO any actual, potential, proposed,
24 considered or contemplated agreement or contract between YOU or MGA and Elise
25 Cloonan or her FAMILY MEMBERS, including without limitation all drafts thereof
26 and amendments, modifications and revisions thereto, and all
27 COMMUNICATIONS relating thereto.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably

-95-

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it seeks information in violation of the right of

3  privacy.  Larian also objects to this request on the grounds that it is overbroad,

4  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5  this request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties.  Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.  Larian also objects to this request to

11  the extent it seeks documents not within Larian's possession, custody or control.

12      Subject to the foregoing, Larian will produce all documents pertaining to

13  work performed prior to January 1, 2001 and all documents pertaining to work

14  related to Bratz or Angel performed prior to December 31, 2001 within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, and to which no privilege or other protection applies,

18  including without limitation, the attorney-client privilege or attorney's work product

19  doctrine.

20  **REQUEST FOR PRODUCTION NO. 92:**

21      All DOCUMENTS RELATING TO any payments of money or the transfer of

22  anything of value to Elise Cloonan or her FAMILY MEMBERS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

24      Larian incorporates by reference the above-stated general objections as if

25  fully set forth herein.  Larian also specifically objects to this request on the grounds

26  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

27  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

28  the discovery of admissible evidence.  Larian also objects to this request on the

1  grounds that it is overbroad, unlimited as to time, and unduly burdensome and

2  oppressive.  Larian also objects to this request on the grounds that it seeks

3  information in violation of the right of privacy.  Larian also objects to this request

4  on the grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties.  Larian also objects to this request to the extent

7  it calls for the disclosure of attorney-client privileged information or information

8  protected from disclosure by the work-product doctrine, joint defense or common

9  interest privilege, or other privilege.  Larian also objects to this request to the extent

10  it seeks documents not within Larian's possession, custody or control.

11          Subject to the foregoing, Larian will produce any personal documents dated

12  prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and

13  responsive to the request, if any, and that have not already been produced, that he

14  discovers in the course of his reasonable search and diligent inquiry, which are

15  within the permissible scope of discovery, and to which no privilege or other

16  protection applies, including without limitation, the attorney-client privilege or

17  attorney's work product doctrine.

18  **<u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 92:</u>**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it is overbroad, unlimited as to time, and unduly

25  burdensome and oppressive.  Larian also objects to this request on the grounds that

26  it seeks information in violation of the right of privacy.  Larian also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

1   interests of Larian and one or more third parties.  Larian also objects to this request

2   to the extent it calls for the disclosure of attorney client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense or

4   common interest privilege, or other privilege.  Larian also objects to this request to

5   the extent it seeks documents not within Larian's possession, custody or control.

6         Subject to the foregoing, Larian will produce all documents pertaining to

7   work performed prior to January 1, 2001 and all documents pertaining to work

8   related to Bratz or Angel performed prior to December 31, 2001 within his

9   possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work product

13  doctrine.

14  **REQUEST FOR PRODUCTION NO. 93:**

15        All DOCUMENTS RELATING TO any actual, potential, proposed,

16  considered or contemplated agreement or contract between YOU or MGA and

17  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

18  including without limitation all drafts thereof and amendments, modifications and

19  revisions thereto, and all COMMUNICATIONS relating thereto.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

21        Larian incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Larian also specifically objects to this request on the grounds

23  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

24  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

25  the discovery of admissible evidence.  Larian also objects to this request on the

26  grounds that it seeks information in violation of the right of privacy.  Larian also

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

1  the business interests of Larian and one or more third parties.  Larian also objects to

2  this request to the extent it calls for the disclosure of attorney-client privileged

3  information or information protected from disclosure by the work-product doctrine,

4  joint defense or common interest privilege, or other privilege.  Larian also objects to

5  this request to the extent it seeks documents not within Larian's possession, custody

6  or control.

7  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

8          Larian incorporates by reference the above-stated general objections as

9  if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also objects to

13  this request on the grounds that it seeks information in violation of the right of

14  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

15  proprietary or commercially sensitive information, the disclosure of which would be

16  inimical to the business interests of Larian and one or more third parties.  Larian

17  also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-

19  product doctrine, joint defense or common interest privilege, or other privilege.

20  Larian also objects to this request to the extent it seeks documents not within

21  Larian's possession, custody or control.

22          Subject to the foregoing, Larian will produce all agreements or contracts

23  presently in effect within his possession, custody, or control that are responsive to

24  the request, if any, and that have not already been produced, that he discovers in the

25  course of his reasonable search and diligent inquiry, and to which no privilege or

26  other protection applies, including without limitation, the attorney-client privilege or

27  attorney's work product doctrine.

28

**REQUEST FOR PRODUCTION NO. 94:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and David Dees or his FAMILY MEMBERS, including without limitation all drafts thereof and amendments, modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Larian incorporates by reference the above-stated general objections as if filly set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other

1  protection applies, including without limitation, the attorney-client privilege or

2  attorney's work product doctrine.

3  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

4          Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence, Larian also objects to this

9  request on the grounds that it seeks information in violation of the right of privacy.

10  Larian also objects to this request on the grounds that it is overbroad, unlimited as to

11  time, and unduly burdensome and oppressive.  Larian also objects to this request on

12  the grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian and one or more third parties.  Larian also objects to this request to the extent

15  it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work: product doctrine, joint defense or common

17  interest privilege, or other privilege.  Larian also objects to this request to the extent

18  it seeks documents not within Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce all documents pertaining to

20  work performed prior to January 1, 2001 and all documents pertaining to work

21  related to Bratz or Angel performed prior to December 31, 2001 within his

22  possession, custody, or control that are responsive to the request, if any, and that

23  have not already been produced, that he discovers in the course of his reasonable

24  search and diligent inquiry, and to which no privilege or other protection applies,

25  including without limitation, the attorney-client privilege or attorney's work product

26  doctrine.

27

28

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to David Dees or her FAMILY MEMBERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents pertaining to work performed prior to January 1, 2001 and all documents pertaining to work related to Bratz or Angel performed prior to December 31, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 96:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Steve

1  Linker, including without limitation all drafts thereof and amendments,

2  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

4       Larian incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Larian also specifically objects to this request on the grounds

6  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

7  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

8  the discovery of admissible evidence.  Larian also objects to this request on the

9  grounds that it seeks information in violation of the right of privacy.  Larian also

10  objects to this request on the grounds that it is overbroad, unlimited as to time, and

11  unduly burdensome and oppressive.  Larian also objects to this request on the

12  grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian and one or more third parties.  Larian also objects to this request to the extent

15  it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work-product doctrine, joint defense or common

17  interest privilege, or other privilege.  Larian also objects to this request to the extent

18  it seeks documents not within Larian's possession, custody or control.

19       Subject to the foregoing, Larian will produce any personal documents dated

20  prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

21  request, if any, and that have not already been produced, that he discovers in the

22  course of his reasonable search and diligent inquiry, which are within the

23  permissible scope of discovery, and to which no privilege or other protection

24  applies, including without limitation, the attorney-client privilege or attorney's work

25  product doctrine.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

27       Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents pertaining to work performed prior to January 1, 2001 and all documents pertaining to work related to Bratz or Angel performed prior to December 31, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 97:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Liz Hogan, including without limitation all drafts thereof and amendments, modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it is overbroad, unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it seeks information in violation of the right of

3  privacy.  Larian also objects to this request on the grounds that it is overbroad,

4  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5  this request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties.  Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.  Larian also objects to this request to

11  the extent it seeks documents not within Larian's possession, custody or control.

12       Subject to the foregoing, Larian will produce all documents pertaining to

13  work performed prior to January 1, 2001 and all documents pertaining to work

14  related to Bratz or Angel performed prior to December 31, 2001 within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, and to which no privilege or other protection applies,

18  including without limitation, the attorney-client privilege or attorney's work product

19  doctrine.

20  **REQUEST FOR PRODUCTION NO. 98:**

21       All DOCUMENTS RELATING TO DESIGNS produced, prepared, created,

22  authored, conceived of or reduced to practice prior to December 31, 2001 by

23  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

24  whether alone or jointly with others, in which YOU or MGA have purported at any

25  time to purchase, acquire or own any right, title or interest (whether in whole or in

26  part).

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request to the extent it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad, including, without limitation, seeking documents relating to any designs produced, prepared, created, authored, conceived of or reduced to practice prior to December 31, 2001, by Margaret Leahy, and is therefore not limited to those designs that may be at issue in this litigation.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request to the extent

1   it seeks information not relevant or reasonably calculated to lead to the discovery of

2   admissible evidence and is, thus, overbroad, including, without limitation, seeking

3   documents relating to any designs produced, prepared, created, authored, conceived

4   of or reduced to practice prior to December 31, 2001, by Margaret Leahy, and is

5   therefore not limited to those designs that may be at issue in this litigation.  Larian

6   also objects to this request on the grounds that it seeks confidential, proprietary or

7   commercially sensitive information, the disclosure of which would be inimical to

8   the business interests of Larian and one or more third parties.  Larian further objects

9   to this request to the extent it seeks information the disclosure of which would

10  implicate the rights of third parties to protect private, confidential, proprietary or

11  trade secret information.  Larian also objects to this request to the extent it calls for

12  the disclosure of attorney-client privileged information or information protected

13  from disclosure by the work-product doctrine, joint defense or common interest

14  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

15  documents not within Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce all documents pertaining to

17  work performed prior to January 1, 2001 and all documents pertaining.  to work

18  related to Bratz or Angel performed prior to December 31, 2001 within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, and to which no privilege or other protection applies,

22  including without limitation, the attorney-client privilege or attorney's work product

23  doctrine.

24  **REQUEST FOR PRODUCTION NO. 99:**

25          All DOCUMENTS RELATING TO DESIGNS produced, prepared, created,

26  authored, conceived of or reduced to practice prior to December 31, 2001 by Anna

27  Rhee, whether alone or jointly with others, in which YOU or MGA have purported

28

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  at any time to purchase, acquire or own any right, title or interest (whether in whole

2  or in part).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

4         Larian incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Larian also specifically objects to this request to the extent it

6  seeks information not relevant or reasonably calculated to lead to the discovery of

7  admissible evidence and is, thus, overbroad, including, without limitation, seeking

8  documents relating to any designs produced, prepared, created, authored, conceived

9  of or reduced to practice prior to December 31, 2001, by Anna Rhee, and is

10  therefore not limited to those designs that may be at issue in this litigation.  Larian

11  also objects to this request on the grounds that it seeks confidential, proprietary or

12  commercially sensitive information, the disclosure of which would be inimical to

13  the business interests of Larian and one or more third parties.  Larian further objects

14  to this request to the extent it seeks information the disclosure of which would

15  implicate the rights of third parties to protect private, confidential, proprietary or

16  trade secret information.  Larian also objects to this request to the extent it calls for

17  the disclosure of attorney-client privileged information or information protected

18  from disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

20  documents not within Larian's possession, custody or control.

21         Subject to the foregoing, Larian will produce any personal documents dated

22  prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and

23  responsive to the request, if any, and that have not already been produced, that he

24  discovers in the course of his reasonable search and diligent inquiry, which are

25  within the permissible scope of discovery, and to which no privilege or other

26  protection applies, including without limitation, the attorney-client privilege or

27  attorney's work product doctrine.

28

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request to the extent it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad, including, without limitation, seeking documents relating to any designs produced, prepared, created, authored, conceived of or reduced to practice prior to December 31, 2001, by Anna Rhee, and is therefore not limited to those designs that may be at issue in this litigation.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian' s possession, custody or control.

Subject to the foregoing, Larian will produce all documents pertaining to work performed prior to January 1, 2001 and all documents pertaining to work related to Bratz or Angel performed prior to December 31, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

1   **REQUEST FOR PRODUCTION NO. 100:**

2        All DOCUMENTS RELATING TO DESIGNS produced, prepared, created,

3   authored, conceived of or reduced to practice prior to January 1, 2001 by Veronica

4   Marlow, whether alone or jointly with others, in which YOU or MGA have

5   purported at any time to purchase, acquire or own any right, title or interest (whether

6   in whole or in part).

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

8        Larian incorporates by reference the above-stated general objections as if

9   fully set forth herein.  Larian also specifically objects to this request to the extent it

10  seeks information not relevant or reasonably calculated to lead to the discovery of

11  admissible evidence and is, thus, overbroad, including, without limitation, seeking

12  documents relating to any designs produced, prepared, created, authored, conceived

13  of or reduced to practice prior to January 1, 2001, by Veronica Marlow, and is

14  therefore not limited to those designs that may be at issue in this litigation.  Larian

15  also objects to this request on the grounds that it seeks confidential, proprietary or

16  commercially sensitive information, the disclosure of which would be inimical to

17  the business interests of Larian and one or more third parties.  Larian further objects

18  to this request to the extent it seeks information the disclosure of which would

19  implicate the rights of third parties to protect private, confidential, proprietary or

20  trade secret information.  Larian also objects to this request to the extent it calls for

21  the disclosure of attorney-client privileged information or information protected

22  from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

24  documents not within Larian's possession, custody or control.

25       Subject to the foregoing, Larian will produce any personal documents dated

26  prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant and

27  responsive to the request, if any, and that have not already been produced, that he

28  discovers in the course of his reasonable search and diligent inquiry, which are

1  within the permissible scope of discovery, and to which no privilege or other

2  protection applies, including without limitation, the attorney-client privilege or

3  attorney's work product doctrine.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

5        Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request to the extent

7  it seeks information not relevant or reasonably calculated to lead to the discovery of

8  admissible evidence and is, thus, overbroad, including, without limitation, seeking

9  documents relating to any designs produced, prepared, created, authored, conceived

10  of or reduced to practice prior to January 1, 2001, by Veronica Marlow, and is

11  therefore not limited to those designs that may be at issue in this litigation.  Larian

12  also objects to this request on the grounds that it seeks confidential, proprietary or

13  commercially sensitive information, the disclosure of which would be inimical to

14  the business interests of Larian and one or more third parties.  Larian further objects

15  to this request to the extent it seeks information the disclosure of which would

16  implicate the rights of third parties to protect private, confidential, proprietary or

17  trade secret information.  Larian also objects to this request to the extent it calls for

18  the disclosure of attorney-client privileged information or information protected

19  from disclosure by the work-product doctrine, joint defense or common interest

20  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

21  documents not within Larian's possession, custody or control.

22        Subject to the foregoing, Larian will produce all documents pertaining to

23  work performed prior to January 1, 2001 and all documents pertaining to work

24  related to Bratz or Angel performed prior to December 31, 2001 within his

25  possession, custody, or control that are responsive to the request, if any, and that

26  have not already been produced, that he discovers in the course of his reasonable

27  search and diligent inquiry, and to which no privilege or other protection applies,

28

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1 including without limitation, the attorney-client privilege or attorney's work product
2 doctrine.

3 **REQUEST FOR PRODUCTION NO. 101:**

4     All DOCUMENTS RELATING TO DESIGNS produced, prepared, created,
5 authored, conceived of or reduced to practice by Elise Cloonan, whether alone or
6 jointly with others, in which YOU or MGA have purported at any time to purchase,
7 acquire or own any right, title or interest (whether in whole or in part).

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

9     Larian incorporates by reference the above-stated general objections as if
10 fully set forth herein.  Larian also specifically objects to this request to the extent it
11 seeks information not relevant or reasonably calculated to lead to the discovery of
12 admissible evidence and is, thus, overbroad, including, without limitation, seeking
13 documents relating to any designs produced, prepared, created, authored, conceived
14 of or reduced to practice by Elise Cloonan, and is therefore not limited as to time or
15 as to those designs that may be at issue in this litigation.  Larian also objects to this
16 request on the grounds that it seeks confidential, proprietary or commercially
17 sensitive information, the disclosure of which would be inimical to the business
18 interests of Larian and one or more third parties.  Larian further objects to this
19 request to the extent it seeks information the disclosure of which would implicate
20 the rights of third parties to protect private, confidential, proprietary or trade secret
21 information.  Larian also objects to this request to the extent it calls for the
22 disclosure of attorney-client privileged information or information protected from
23 disclosure by the work-product doctrine, joint defense or common interest privilege,
24 or other privilege.  Larian also objects to this request to the extent it seeks
25 documents not within Larian's possession, custody or control.

26     Subject to the foregoing, Larian will produce any personal documents dated
27 prior to June 1, 2001, relating to Bratz that are relevant and responsive to the
28 request, if any, and that have not already been produced, that he discovers in the

1  course of his reasonable search and diligent inquiry, which are within the

2  permissible scope of discovery, and to which no privilege or other protection

3  applies, including without limitation, the attorney-client privilege or attorney's work

4  product doctrine.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

6          Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request to the extent

8  it seeks information not relevant or reasonably calculated to lead to the discovery of

9  admissible evidence and is, thus, overbroad, including, without limitation, seeking

10  documents relating to any designs produced, prepared, created, authored, conceived

11  of or reduced to practice by Elise Cloonan, and is therefore not limited as to time or

12  as to those designs that may be at issue in this litigation.  Larian also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian and one or more third parties.  Larian further objects to this

16  request to the extent it seeks information the disclosure of which would implicate

17  the rights of third parties to protect private, confidential, proprietary or trade secret

18  information.  Larian also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work product doctrine, joint defense or common interest privilege,

21  or other privilege.  Larian also objects to this request to the extent it seeks

22  documents not within Larian's possession, custody or control.

23          Subject to the foregoing, Larian will produce all documents pertaining to

24  work performed prior to January 1, 2001 and all documents pertaining to work

25  related to Bratz or Angel performed prior to December 31, 2001 within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

1  including without limitation, the attorney-client privilege or attorney's work product

2  doctrine.

3  **REQUEST FOR PRODUCTION NO. 139:**

4       All DOCUMENTS RELATING TO any and all payments or transfers of

5  anything of value that YOU or MGA have made, have offered or proposed to make

6  or have promised or agreed to make, to or for the benefit of Elise Cloonan or her

7  FAMILY MEMBERS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

9       Larian incorporates by reference the above-stated general objections as if

10  fully set forth herein.  Larian also specifically objects to this request on the grounds

11  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

12  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

13  the discovery of admissible evidence.  Larian also objects to this request on the

14  grounds that it is overbroad, unlimited as to time, and unduly burdensome and

15  oppressive.  Larian also objects to this request on the grounds that it seeks

16  information in violation of the right of privacy.  Larian also objects to this request

17  on the grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of

19  Larian and one or more third parties.  Larian also objects to this request to the extent

20  it calls for the disclosure of attorney-client privileged information or information

21  protected from disclosure by the work-product doctrine, joint defense or common

22  interest privilege, or other privilege.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

24       Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

-116-

1  this request on the grounds that it is overbroad, unlimited as to time, and unduly

2  burdensome and oppressive.  Larian also objects to this request on the grounds that

3  it seeks information in violation of the right of privacy.  Larian also objects to this

4  request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties.  Larian also objects to this request

7  to the extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense or

9  common interest privilege, or other privilege.

10       Subject to the foregoing, Larian will produce all documents relating to

11  payments made before January 1, 2001 and all documents pertaining to payments

12  related to Bratz or Angel made prior to December 31, 2001 within his possession,

13  custody, or control that are responsive to the request, if any, and that have not

14  already been produced, that he discovers in the course of his reasonable search and

15  diligent inquiry, and to which no privilege or other protection applies, including

16  without limitation, the attorney-client privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 140:**

18       All DOCUMENTS RELATING TO any and all payments or transfers of

19  anything of value that YOU or MGA have made, have offered or proposed to make

20  or have promised or agreed to make, to or for the benefit of Margaret Hatch (also

21  known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

22  MEMBERS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

24       Larian incorporates by reference the above-stated general objections as if

25  fully set forth herein.  Larian also specifically objects to this request on the grounds

26  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

27  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

28  the discovery of admissible evidence.  Larian also objects to this request on the

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  grounds that it is overbroad, unlimited as to time, and unduly burdensome and

2  oppressive.  Larian also objects to this request on the grounds that it seeks

3  information in violation of the right of privacy.  Larian also objects to this request

4  on the grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties.  Larian also objects to this request to the extent

7  it calls for the disclosure of attorney-client privileged information or information

8  protected from disclosure by the work-product doctrine, joint defense or common

9  interest privilege, or other privilege.

10 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

11 Larian incorporates by reference the above-stated general objections as

12 if fully set forth herein.  Larian also specifically objects to this request on the

13 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14 information not relevant to the subject matter of this lawsuit or reasonably

15 calculated to lead to the discovery of admissible evidence.  Larian also objects to

16 this request on the grounds that it is overbroad, unlimited as to time, and unduly

17 burdensome and oppressive.  Larian also objects to this request on the grounds that

18 it seeks information in violation of the right of privacy.  Larian also objects to this

19 request on the grounds that it seeks confidential, proprietary or commercially

20 sensitive information, the disclosure of which would be inimical to the business

21 interests of Larian and one or more third parties.  Larian also objects to this request

22 to the extent it calls for the disclosure of attorney-client privileged information or

23 information protected from disclosure by the work product doctrine, joint defense or

24 common interest privilege, or other privilege.

25 Subject to the foregoing, Larian will produce all documents relating to

26 payments made before January 1, 2001 and all documents pertaining to payments

27 related to Bratz or Angel made prior to December 31, 2001 within his possession,

28 custody, or control that are responsive to the request, if any, and that have not

1   already been produced, that he discovers in the course of his reasonable search and

2   diligent inquiry, and to which no privilege or other protection applies, including

3   without limitation, the attorney-client privilege or attorney's work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 141:**

5       All DOCUMENTS RELATING TO any and all payments or transfers of

6   anything of value that YOU or MGA have made, have offered or proposed to make

7   or have promised or agreed to make, to or for the benefit of Amy Meyers or her

8   FAMILY MEMBERS.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

10      Larian incorporates by reference the above-stated general objections as if

11  fully set forth herein.  Larian also specifically objects to this request on the grounds

12  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

13  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

14  the discovery of admissible evidence.  Larian also objects to this request on the

15  grounds that it is overbroad, unlimited as to time, and unduly burdensome and

16  oppressive.  Larian also objects to this request on the grounds that it seeks

17  information in violation of the right of privacy.  Larian also objects to this request

18  on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of

20  Larian and one or more third parties.  Larian also objects to this request to the extent

21  it calls for the disclosure of attorney-client privileged information or information

22  protected from disclosure by the work-product doctrine, joint defense or common

23  interest privilege, or other privilege.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

25      Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it is overbroad, unlimited as to time, and unduly

3  burdensome and oppressive.  Larian also objects to this request on the grounds that

4  it seeks information in violation of the right of privacy.  Larian also objects to this

5  request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties.  Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11       Subject to the foregoing, Larian will produce all documents relating to

12  payments made before January 1, 2001 and all documents pertaining to payments

13  related to Bratz or Angel made prior to December 31, 2001 within his possession,

14  custody, or control that are responsive to the request, if any, and that have not

15  already been produced, that he discovers in the course of his reasonable search and

16  diligent inquiry, and to which no privilege or other protection applies, including

17  without limitation, the attorney-client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 142:**

19       All DOCUMENTS RELATING TO any and all payments or transfers of

20  anything of value that YOU or MGA have made, have offered or proposed to make

21  or have promised or agreed to make, to or for the benefit of Sarah Halpern or her

22  FAMILY MEMBERS at any time since January 1, 1999.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

24       Larian incorporates by reference the above-stated general objections as if

25  fully set forth herein.  Larian also specifically objects to this request on the grounds

26  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

27  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

28  the discovery of admissible evidence.  Larian also objects to this request on the

1  grounds that it seeks information in violation of the right of privacy.  Larian also

2  objects to this request on the grounds that it seeks confidential, proprietary or

3  commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of Larian and one or more third parties.  Larian also objects to

5  this request to the extent it calls for the disclosure of attorney-client privileged

6  information or information protected from disclosure by the work-product doctrine,

7  joint defense or common interest privilege, or other privilege.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

9          Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it seeks information in violation of the right of

15  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would be

17  inimical to the business interests of Larian and one or more third parties.  Larian

18  also objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21          Subject to the foregoing, Larian will produce all documents relating to

22  payments made before January 1, 2001 and all documents pertaining to payments

23  related to Bratz or Angel made prior to December 31, 2001 within his possession,

24  custody, or control that are responsive to the request, if any, and that have not

25  already been produced, that he discovers in the course of his reasonable search and

26  diligent inquiry, and to which no privilege or other protection applies, including

27  without limitation, the attorney-client privilege or attorney's work product doctrine.

28

**REQUEST FOR PRODUCTION NO. 143:**

All DOCUMENTS RELATING TO any and all payments or transfers of anything of value that YOU or MGA have made, have offered or proposed to make or have promised or agreed to make, to or for the benefit of Maureen Mullen or her FAMILY MEMBERS at any time since January 1, 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein, Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian

1 | also objects to this request to the extent it calls for the disclosure of attorney-client

2 | privileged information or information protected from disclosure by the work-

3 | product doctrine, joint defense or common interest privilege, or other privilege.

4 |     Subject to the foregoing, Larian will produce all documents relating to

5 | payments made before January 1, 2001 and all documents pertaining to payments

6 | related to Bratz or Angel made prior to December 31, 2001 within his possession,

7 | custody, or control that are responsive to the request, if any, and that have not

8 | already been produced, that he discovers in the course of his reasonable search and

9 | diligent inquiry, and to which no privilege or other protection applies, including

10 | without limitation, the attorney-client privilege or attorney's work product doctrine.

11 | **REQUEST FOR PRODUCTION NO. 144:**

12 |     All DOCUMENTS RELATING TO any and all payments or transfers of

13 | anything of value that YOU or MGA have made, have offered or proposed to make

14 | or have promised or agreed to make, to or for the benefit of Wendy Ragsdale or her

15 | FAMILY MEMBERS.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

17 |     Larian incorporates by reference the above-stated general objections as if

18 | fully set forth herein. Larian also specifically objects to this request on the grounds

19 | that it is overbroad, oppressive, and unduly burdensome in that it seeks information

20 | not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

21 | the discovery of admissible evidence. Larian also objects to this request on the

22 | grounds that it is overbroad, unlimited as to time, and unduly burdensome and

23 | oppressive. Larian also objects to this request on the grounds that it seeks

24 | information in violation of the right of privacy. Larian also objects to this request

25 | on the grounds that it seeks confidential, proprietary or commercially sensitive

26 | information, the disclosure of which would be inimical to the business interests of

27 | Larian and one or more third parties. Larian also objects to this request to the extent

28 | it calls for the disclosure of attorney-client privileged information or information

1   protected from disclosure by the work-product doctrine, joint defense or common

2   interest privilege, or other privilege.

3   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

4          Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also objects to

9   this request on the grounds that it is overbroad, unlimited as to time, and unduly

10  burdensome and oppressive.  Larian also objects to this request on the grounds that

11  it seeks information in violation of the right of privacy.  Larian also objects to this

12  request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense or

17  common interest privilege, or other privilege.

18          Subject to the foregoing, Larian will produce all documents relating to

19  payments made before January 1, 2001 and all documents pertaining to payments

20  related to Bratz or Angel made prior to December 31, 2001 within his possession,

21  custody, or control that are responsive to the request, if any, and that have not

22  already been produced, that he discovers in the course of his reasonable search and

23  diligent inquiry, and to which no privilege or other protection applies, including

24  without limitation, the attorney-client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 145:**

26          All DOCUMENTS RELATING TO any and all payments or transfers of

27  anything of value that YOU or MGA have made, have offered or proposed to make

28

-124-

1  or have promised or agreed to make, to or for the benefit of Billy Ragsdale or his

2  FAMILY MEMBERS.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

4      Larian incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Larian also specifically objects to this request on the grounds

6  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

7  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

8  the discovery of admissible evidence.  Larian also objects to this request on the

9  grounds that it is overbroad, unlimited as to time, and unduly burdensome and

10  oppressive.  Larian also objects to this request on the grounds that it seeks

11  information in violation of the right of privacy.  Larian also objects to this request

12  on the grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian and one or more third parties.  Larian also objects to this request to the extent

15  it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work-product doctrine, joint defense or common

17  interest privilege, or other privilege.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

19      Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it is overbroad, unlimited as to time, and unduly

25  burdensome and oppressive.  Larian also objects to this request on the grounds that

26  it seeks information in violation of the right of privacy.  Larian also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

-125-

1   interests of Larian and one or more third parties.  Larian also objects to this request

2   to the extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense or

4   common interest privilege, or other privilege.

5        Subject to the foregoing, Larian will produce all documents relating to

6   payments made before January 1, 2001 and all documents pertaining to payments

7   related to Bratz or Angel made prior to December 31, 2001 within his possession,

8   custody, or control that are responsive to the request, if any, and that have not

9   already been produced, that he discovers in the course of his reasonable search and

10  diligent inquiry, and to which no privilege or other protection applies, including

11  without limitation, the attorney-client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 146:**

13       All DOCUMENTS RELATING TO any and all payments or transfers of

14  anything of value that YOU or MGA have made, have offered or proposed to make

15  or have promised or agreed to make, to or for the benefit of Anna Rhee or her

16  FAMILY MEMBERS at any time since January 1, 1999.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

18       Larian incorporates by reference the above-stated general objections as if

19  fully set forth herein.  Larian also specifically objects to this request on the grounds

20  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

21  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

22  the discovery of admissible evidence.  Larian also objects to this request on the

23  grounds that it seeks information in violation of the right of privacy.  Larian also

24  objects to this request on the grounds that it seeks confidential, proprietary or

25  commercially sensitive information, the disclosure of which would be inimical to

26  the business interests of Larian and one or more third parties.  Larian also objects to

27  this request to the extent it calls for the disclosure of attorney-client privileged

28

1   information or information protected from disclosure by the work-product doctrine,

2   joint defense or common interest privilege, or other privilege.

3   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

4           Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also objects to

9   this request on the grounds that it seeks information in violation of the right of

10  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

11  proprietary or commercially sensitive information, the disclosure of which would be

12  inimical to the business interests of Larian and one or more third parties.  Larian

13  also objects to this request to the extent it calls for the disclosure of attorney-client

14  privileged information or information protected from disclosure by the work-

15  product doctrine, joint defense or common interest privilege, or other privilege.

16          Subject to the foregoing, Larian will produce all documents relating to

17  payments made before January 1, 2001 and all documents pertaining to payments

18  related to Bratz or Angel made prior to December 31, 2001 within his possession,

19  custody, or control that are responsive to the request, if any, and that have not

20  already been produced, that he discovers in the course of his reasonable search and

21  diligent inquiry, and to which no privilege or other protection applies, including

22  without limitation, the attorney-client privilege or attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 221:**

24          All DOCUMENTS RELATING TO YOUR payment of, or offer, promise or

25  agreement to pay, fees or costs in connection with the representation of or provision

26  of legal advice or legal services to any PERSON who is not, as of June 8, 2007, an

27  MGA employee, including without limitation all contracts and agreements

28

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  RELATING thereto, the amounts YOU have so paid or agreed to pay to such

2  PERSON and the dates on which such payments were made.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

4      Larian incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Larian also specifically objects to this request on the grounds

6  that it is overbroad and seeks information not relevant to the subject matter of this

7  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

8  Larian also objects to this request on the grounds that it seeks information in

9  violation of the right of privacy.  Larian also objects to this request on the grounds

10  that it seeks confidential, proprietary or commercially sensitive information, the

11  disclosure of which would be inimical to the business interests of Larian and one or

12  more third parties.  Larian also objects to this request to the extent it calls for the

13  disclosure of attorney-client privileged information or information protected from

14  disclosure by the work-product doctrine, joint defense or common interest privilege,

15  or other privilege.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

17      Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad and seeks information not relevant to the subject matter

20  of this lawsuit or reasonably calculated to lead to the discovery of admissible

21  evidence.  Larian also objects to this request on the grounds that it seeks information

22  in violation of the right of privacy.  Larian also objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian and one or more third parties.  Larian also objects to this request to the extent

26  it calls for the disclosure of attorney-client privileged information or information

27  protected from disclosure by the work-product doctrine, joint defense or common

28  interest privilege, or other privilege.

1    Subject to the foregoing, Larian will produce all documents relating to this

2  action within his possession, custody, or control that are responsive to the request, if

3  any, and that have not already been produced, that he discovers in the course of his

4  reasonable search and diligent inquiry, and to which no privilege or other protection

5  applies, including without limitation, the attorney-client privilege or attorney's work

6  product doctrine.

7         **2.    Mattel's Statement of Position, Larian's Response, and**

8              **Mattel's Reply**

9         **(a)    Mattel's Statement of Position**

10     Each of these requests seek documents concerning agreements with,

11  payments to, or work performed by specific individuals involved with Bratz and/or

12  Angel, including:

- documents relating actual, potential, proposed or contemplated work, activities or services by such individuals for or on behalf of Larian or MGA.[33]

- designs created by such individuals in which Larian or MGA have purported at any time to own any right, title or interest.[34]

- documents relating to actual, potential, proposed or contemplated agreements or contracts between such individuals or their family members and Larian or MGA.[35]

- documents relating to payments of money or the transfer of anything of value to such individuals or their family members by Larian or MGA.[36]

22     Among other things, the requested documents seek information regarding the

23  timing of the conception, creation, design and development of Bratz, which goes to

24  the heart of Mattel's claims in this lawsuit, as well as issues of bias and credibility.

---

[33]   Request Nos. 63-76, Kidman Dec., Exh. 1.
[34]   Request Nos. 98-101, Kidman Dec., Exh. 1.
[35]   Request Nos. 82, 84, 86, 88, 90, 91, 93, 94, 96 and 97, Kidman Dec., Exh. 1.
[36]   Request Nos. 83, 85, 87, 89, 92, 95 and 139-146, Kidman Dec., Exh. 1.

In response to these requests, Larian has imposed several different, but equally improper, limitations to avoid providing complete and full disclosure of the facts. For example, in response to Request Nos. 139-146, which seek documents relating to payments by Larian or MGA, Larian limits his response to payments **made** before January 1, 2001 and payments related to Bratz or Angel **made** prior to December 31, 2001.[37]  The Discovery Master has already rejected similar attempted limitations by Bryant as improper, finding that payments by MGA or others might be traceable to work Bryant performed while employed by Mattel, "regardless of when the payments were actually made."  (See Discovery Master's Order dated January 25, 2007 at 13-14, Kidman Dec., Exh. 6.)  So too here.  Payments to these individuals may be traceable to work performed by them at a time when they were employed by Mattel or at a time that is otherwise inconsistent with Larian and MGA's Bratz timeline, regardless of when such payments were made.

In addition, documents showing payments to, agreements with or work performed by these individuals after January 1, 2001 or December 31, 2001 are highly relevant to the issues of bias and credibility, particularly if such payments were made or agreements entered into during a period of time when such individuals were not performing work for Larian or MGA.  And, such payments are relevant to defendants' commercial bribery that serve as predicate acts for Mattel's RICO claims.  Finally, they are directly relevant to damages, since Mattel is entitled to disgorgement of ill-gotten gains received as a consequence of the conduct that are the subject of Mattel's claims.

Likewise, Larian's unilaterally imposed restriction to documents relating to Bratz and/or Angel in response to many of these requests is also improper.  For example, Request No. 69 seeks documents relating to work or services performed by

---

[37]   See Larian's Supplemental Response to Request Nos. 139-146, Kidman Dec., Exh. 25.

1   Maureen Mullen.[38]  Ms. Mullen is a former Mattel employee who performed work

2   on the DIVA STARZ project and who had a close relationship with Paula Garcia,

3   MGA's project manager for Bratz.  Certain elements -- including the name "Brats"

4   and "Boyz" -- that Mattel considered using internally for DIVA STARZ in the late

5   1999 and early 2000 time period tend to refute Bryant's testimony that he came up

6   with those same or similar elements during a time in 1998 when he was not working

7   for Mattel.  The requested documents thus not only go to the conception, creation

8   and origin of Bratz, but could also disclose information that goes to the issues of

9   MGA's access to these elements through its hiring of -- and payments to -- former or

10  current Mattel employees who worked on the project.  The payments made to these

11  former or current employees are also relevant to Mattel's allegations of commercial

12  bribery of its employees and to the bias and credibility of those who received the

13  payments.  Documents showing payments to or agreements with such individuals or

14  their family members may be highly relevant precisely *because* they are not be

15  related to work performed on Bratz or Angel or, for that matter, any other work for

16  Larian or MGA.

17      Many of these very issues have been litigated before the Discovery Master

18  more than once, and he has rejected attempted limitations by MGA and Bryant that

19  are similar to Larian's here.  (See Discovery Master's Order dated January 25, 2007

20  at 12-14, Kidman Dec., Exh. 6; Order dated May 15, 2007 at 3 and 8-10, Kidman

21  Dec., Exh. 9.)  Larian should be compelled to produce all responsive, non-privileged

22  documents.

23      Request No. 221, which seeks documents regarding payments of or offers to

24  pay legal fees for individuals who, as of June 8, 2007, were not employees of MGA,

25  also goes to the issues of bias and credibility.  The Discovery Master has already

26  held that fee and indemnity agreements between MGA and Bryant are "relevant to

27

28      [38]   See Request No. 69, Kidman Dec., Exh. 1.

1   demonstrate bias and lack of credibility." (See Discovery Master's Order dated

2   January 25, 2007 at 11-12, Kidman Dec., Exh. 6.)  Judge Larson has affirmed the

3   Discovery Master's rulings that such information is both relevant and non-

4   privileged.  (See Judge Larson's Order dated June 27, 2007 at 33-34, Kidman Dec.,

5   Exh. 17.)  There is thus no basis for Larian's objections here; they should be striken,

6   and Larian should be ordered to produce all responsive documents.

7               **(b)    Larian's Argument in Response**

8               [At meet and confers subsequent to the filing of this motion, Larian

9   agreed to produce documents in response to these Requests.  He therefore did not

10  provide an argument in response to these Requests.]

11              **(c)    Mattel's Reply**

12              Although Larian has agreed to produce these documents, he has not yet

13  done so, nor has he provided a date by which such production could be expected.

14  Mattel is therefore entitled to an order providing a deadline for Larian to comply

15  with these Requests.

16      **C.    The Court Should Strike Larian's Improper Limitations to**

17              **Requests for Documents Relating to His Arbitration with His**

18              **Brother Farhad Larian (Request Nos. 123-125)**

19              **1.    Mattel's Requests and MGA's Responses**

20  **REQUEST FOR PRODUCTION NO. 123:**

21              All DOCUMENTS RELATING TO any and all arbitrations and suits

22  between YOU and Farhad Larian.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

24              Larian incorporates by reference the above-stated general objections as if

25  fully set forth herein.  Larian also specifically objects to this request on the grounds

26  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

27  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

28  the discovery of admissible evidence.  Larian also specifically objects to this request

1   on the grounds that it is overbroad, unduly burdensome and oppressive including,

2   without limitation, in calling for All DOCUMENTS relating to any and all

3   arbitrations and suits between Larian and Farhad Larian, but not otherwise limited

4   as to subject matter or time.  Larian also objects to this request on the grounds that it

5   seeks information that is already known to Mattel and/or is a matter of public record

6   and/or is equally available to Mattel, and is, therefore, unduly burdensome and

7   oppressive.  Larian also objects to this request to the extent it may seek documents

8   the disclosure of which is or may be protected by contract or agreement.  Larian also

9   objects to this request to the extent that it may seek documents the disclosure of

10  which is or may be governed by court orders.  Larian also objects to this request on

11  the grounds that it seeks confidential, proprietary or commercially sensitive

12  information, the disclosure of which would be inimical to the business interests of

13  Larian and one or more third parties.  Larian also objects to this request to the extent

14  it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information.

16  Larian also objects to this request to the extent it calls for the disclosure of attorney-

17  client privileged information or information protected from disclosure by the work-

18  product doctrine, joint defense or common interest privilege, or other privilege.

19  Larian also objects to this request to the extent it seeks documents not within

20  Larian's possession, custody or control.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also specifically

27  objects to this request on the grounds that it is overbroad, unduly burdensome and

28  oppressive including, without limitation, in calling for all documents relating to any

and all arbitrations and suits between Larian and Farhad Larian, but not otherwise limited as to subject matter or time.  Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive.  Larian also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement.  Larian also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents referring or relating to Bratz within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against YOU, including without limitation all

1  declarations, affidavits, transcripts, video and/or audio recordings and sworn

2  testimony given by any PERSON in such suit or arbitration proceedings.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

4        Larian incorporates by reference the above-stated general objections as if

5  fully set forth herein.  Larian also specifically objects to this request on the grounds

6  that it is overbroad, oppressive, and unduly burdensome in that it seeks information

7  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

8  the discovery of admissible evidence.  Larian also objects to this request on the

9  grounds that it seeks confidential, proprietary or commercially sensitive

10  information, the disclosure of which would be inimical to the business interests of

11  Larian and one or more third parties.  Larian also objects to this request to the extent

12  it calls for the disclosure of attorney-client privileged information or information

13  protected from disclosure by the work-product doctrine, joint defense or common

14  interest privilege, or other privilege.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

16        Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the. subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence.  Larian also objects to

21  this request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.  Larian also objects to this request

24  to the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense or

26  common interest privilege, or other privilege.

27       Subject to the foregoing, Larian will produce all documents referring or

28  relating to Bratz within his possession, custody, or control that are responsive to the

1 request, if any, and that have not already been produced, that he discovers in the

2 course of his reasonable search and diligent inquiry, and to which no privilege or

3 other protection applies, including without limitation, the attorney-client privilege or

4 attorney's work product doctrine.

5 **REQUEST FOR PRODUCTION NO. 125:**

6      All DOCUMENTS RELATING TO any and all settlements, resolutions or

7 compromises of any suit and/or arbitration proceedings between YOU and Farhad

8 Larian.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

10      Larian incorporates by reference the above-stated general objections as if

11 fully set forth herein. Larian also specifically objects to this request on the grounds

12 that it is overbroad, oppressive, and unduly burdensome in that it seeks information

13 not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

14 the discovery of admissible evidence. Larian also specifically objects to this request

15 on the grounds that it is overbroad, unduly burdensome and oppressive including,

16 without limitation, in calling for all transcripts and video and/or audio recordings of

17 statements made by any person under oath, including without limitation all

18 deposition transcripts, trial transcripts and arbitration transcripts relating to any suit

19 and/or arbitration proceedings between Larian and Farhad Larian, but not otherwise

20 limited as to subject matter, and not limited in any way as to time. Larian also

21 objects to this request on the grounds that it seeks information that is already known

22 to Mattel and/or is a matter of public record and/or is equally available to Mattel,

23 and is, therefore, unduly burdensome and oppressive. Larian also objects to this

24 request to the extent it may seek documents the disclosure of which is or may be

25 protected by contract or agreement. Larian also objects to this request to the extent

26 that it may seek documents the disclosure of which is or may be governed by court

27 orders. Larian also objects to this request on the grounds that it seeks confidential,

28 proprietary or commercially sensitive information, the disclosure of which would be

1   inimical to the business interests of Larian and one or more third parties.  Larian

2   also objects to this request to the extent it seeks information the disclosure of which

3   would implicate the rights of third parties to protect private, confidential, proprietary

4   or trade secret information.  Larian also objects to this request to the extent it calls

5   for the disclosure of attorney-client privileged information or information protected

6   from disclosure by the work-product doctrine, joint defense or common interest

7   privilege, or other privilege.

8   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

9           Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also specifically

14  objects to this request on the grounds that it is overbroad, unduly burdensome and

15  oppressive including, without limitation, in calling for all transcripts and video

16  and/or audio recordings of statements made by any person under oath, including

17  without limitation all deposition transcripts, trial transcripts and arbitration

18  transcripts relating to any suit and/or arbitration proceedings between Larian and

19  Farhad Larian, but not otherwise limited as to subject matter, and not limited in any

20  way as to time.  Larian also objects to this request on the grounds that it seeks

21  information that is already known to Mattel and/or is a matter of public record

22  and/or is equally available to Mattel, and is, therefore, unduly burdensome and

23  oppressive.  Larian also objects to this request to the extent it may seek documents

24  the disclosure of which is or may be protected by contract or agreement.  Larian also

25  objects to this request to the extent that it may seek documents the disclosure of

26  which is or may be governed by court orders.  Larian also objects to this request on

27  the grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of

1   Larian and one or more third parties.  Larian also objects to this request to the extent

2   it seeks information the disclosure of which would implicate the rights of third

3   parties to protect private, confidential, proprietary or trade secret information.

4   Larian also objects to this request to the extent it calls for the disclosure of attorney-

5   client privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7       Subject to the foregoing, Larian will produce all documents referring or

8   relating to Bratz within his possession, custody, or control that are responsive to the

9   request, if any, and that have not already been produced, that he discovers in the

10  course of his reasonable search and diligent inquiry, and to which no privilege or

11  other protection applies, including without limitation, the attorney-client privilege or

12  attorney's work product doctrine.

13       **2.      Mattel's Statement of Position, Larian's Response, and**

14             **Mattel's Reply**

15          **(a)      Mattel's Statement of Position**

16       Request Nos. 123-125 seek documents relating to litigation or arbitration

17  proceedings between Isaac Larian and his brother Farhad Larian.  The Discovery

18  Master has already ruled that the arbitration proceedings between Isaac Larian and

19  Farhad Larian are relevant because they involve, among other matters, the

20  conception and creation date for Bratz.  In particular, the Discovery Master noted

21  that this issue "appears to have been raised in the arbitration proceedings between

22  MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian" and that

23  in those proceedings "Farhad Larian alleged that Isaac Larian concealed from him

24  that MGA was developing Bratz by early 2000."  (<u>See</u> Discovery Master's Order

25  dated May 15, 2007 at 10-11, Kidman Dec., Exh. 9.)

26       After initially refusing to produce any documents, Larian now states that he

27  will produce only documents that refer or relate to Bratz.  This limitation is

28  improper.  For example, documents that relate to the business, activities and plans of

1  MGA in early 2000 are relevant to the timing of the development of Bratz whether

2  or not they specifically refer to Bratz.  Moreover, MGA concedes that the arbitration

3  proceedings related to Isaac Larian's purchase of his brother's interest in MGA.  (See

4  Order dated May 15, 2007 at 6, Kidman Dec., Exh. 9.)  Documents submitted and

5  testimony given in those proceedings may go directly to the value of the Bratz

6  brand, Larian's and MGA's net worth and may contain other information relevant to

7  Mattel's claims for damages, including, for example, profits from the sale and

8  licensing of Bratz [REDACTED].[39]  They also may lead to the discovery of

9  admissible evidence by revealing assessments or valuations of the net worth or value

10  of MGA or Larian, regardless of any reference to Bratz specifically.  Indeed, such

11  documents are relevant to motive and intent, as MGA itself has asserted in

12  connection with its claims against Mattel,[40] and may well bear MGA's need to steal

13  Bratz and other properties at issue in this case from Mattel -- again, regardless of

14  any reference to Bratz specifically.  Likewise, documents relating to settlements or

15  compromises of legal proceedings between Isaac Larian and Farhad Larian (Request

16  No. 125) may also contain information that bears on the merit of Farhad Larian's

17  claims and the value of Bratz.  They may also disclose terms and conditions that go

18  to the issues of bias and credibility.  [REDACTED].[41]

19  **(b)    Larian's Argument in Response**

20        The Court should reject Mattel's attempts to compel production sought by

21  Request Nos. 123-125, which are overbroad and unduly burdensome. These requests

22  _____

23  [39]    See excerpts of trial testimony on May 1, 2007 in the mattter entitled Art
   Attacks Inc, LLL v. MGA Entertainment, Inc., at 23:2-27:11, Kidman Dec.,

24  Exh. 22.

25  40    See MGA's Memorandum of Points and Authorities in Opposition to
   Mattel's Motion to Dismiss and Strike Portions of Complaint at 23-24, Kidman

26  Dec., Exh. 23 (arguing that allegations regarding Mattel's financial performance
   "bear on motive.").

27  [41]    Deposition of Isaac Larian taken on July 18, 2006 at 159:17-162:12, Kidman

28  Dec., Exh. 24.

seek documents from "arbitrations and suits" between Mr. Larian and his brother, Farhad Larian, and are overbroad because they lack any subject-matter limitations.

Mattel claims that all documents from any arbitration or suit between Mr. Larian and his brother are somehow relevant to a claim or defense in this action, but this position is unsupportable.  Attempting to support its argument, Mattel cites the fact that this Court has found that the conception of Bratz was raised during the arbitration proceeding.  But this Court's finding that the issue of the conception of Bratz was raised in the arbitration proceedings does not support the proposition that Mattel urges here, that all documents from the arbitration are somehow relevant to a claim or defense and, hence, discoverable.[42]

Despite Mattel's position that all documents from these proceedings are relevant and should be produced, its main supporting argument centers around the fact that Mattel believes the proceedings contain information relevant to the conception of Bratz.[43]  Yet, surprisingly Mattel is not satisfied with Mr. Larian's supplemental response to these requests stating that he would produce "all documents referring or relating to Bratz."

In an effort to obtain ever-broader discovery, Mattel argues variously that it should be entitled to other documents from the proceedings such as documents relating to business activities and plans, value of Bratz, net worth or value of Mr. Larian or MGA, motive and intent, and settlement-related documents.[44]  The relationship of such documents from a private arbitration to any of the claims or defenses in the present action, however, is questionable, and the existence of such

---

[42]   *See* Kennedy Decl. Ex. 4 (May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA) at 10:22-24 ("The issue [the conception date for Bratz] also appears to have been raised in the arbitration proceedings....").

[43]   Mattel's Sep. Statement at 129 ("documents that relate to the business, activities and plans of MGA in early 2000 are relevant to the timing of the development of Bratz.")

1  documents is conjectural at best.  Moreover, many of the categories Mattel cites as

2  being of interest are already the subject of other requests, and thus to the extent

3  Request Nos. 123-125 call for production of such items, the requests are duplicative.

4      Of course, unlike Mattel's unbounded requests for documents from any

5  arbitration or suit, Mattel's arguments referring to types of documents that might be

6  produced--conjectural as they may be--clearly show that Mattel is capable of

7  crafting narrower categories of documents in which it is interested.  Until Mattel

8  formulates requests with sensible subject-matter bounds, this court should reject

9  Mattel's attempt to enforce its overbroad requests.

10      Mattel's Request Nos. 123-125 also impose an undue burden on Mr. Larian

11 because of protective orders in place that strictly limit the use of any documents

12 from an arbitration and suit between Mr. Larian and his brother.[45]  Obviously, the

13 parties to those proceedings--one of whom is not a party to this action--intended the

14 requested documents to remain confidential under those protective orders.  Also, it

15 is highly likely there are some that are not relevant to any claim or defense in this

16 case.  Since Rule 26(b)(2)(C) dictates balancing the burden of producing such

17 documents with the need for the documents, which in the case of all but the most

18

19

---

20      [44]  *Id.* at 130.

21      [45]  The parties have discussed--but have not yet reached an agreement about--the possibility of seeking consent of the parties to the arbitration and suit to modify the
22 respective protective orders in those proceedinggs so that relevant documents can potentially be produced in this action.  (Kennedy Decl. Ex. 5 (Protective Order) at 4,
23 4.5 and Ex. 6 (Stipulation and Protective Order) at 1 ¶ 2.).  Although Mattel does not define "arbitrations," Mr. Larian assumes it does not include mediations and, if it
24 does, Mr. Larian objects on the basis of both the federal common law mediation privilege. *Fold v. Motion Picture Indus. Pension & Health Plans,* 16 F. Supp. 2d
25 1164, 1179-80 (C.D. Cal. 1998) and the California mediation privilege.  Cal. Evid.
26 Code §§ 1115 *et. seq.*  Mr. Larian is not, however, in any way attempting to equate the arbitration proceedings at issue here and any mediation proceedings, which may
27 enjoy a privileged status.

28

1  relevant documents from the arbitration weighs in favor of Mr. Larian not producing
2  such documents.

3              **(c)    Mattel's Reply**

4              Larian's primary contention to obstruct discovery here is that these
5  requests "lack any subject-matter limitation."  (Larian SS at 74).  As such, he takes
6  it upon himself to unilaterally decide what documents "refer or relate" to Bratz and
7  agrees to produce only those documents.  What Larian neglects to mention is that
8  the lawsuits and arbitrations for which Mattel seeks documents at their core relate to
9  Farhad Larian's allegations that (a) in late 1999 or early 2000, Isaac Larian and
10  MGA "became aware" of a new product line called "Bratz," (b) starting in early
11  2000 and throughout 2000, Isaac Larian and MGA devised plans to develop and
12  distribute Bratz, and (c) Isaac Larian concealed the plans for Bratz from Farhad
13  Larian in order to keep the valuation of MGA artificially low.[46]

14              As shown in more detail below, the lawsuits and arbitrations between
15  Larian and his brother of which Mattel is aware, all occurring between 2000 and
16  2006, all gave rise (in 2000) or else stem from these allegations about Bratz.  Larian
17  notably does not contend otherwise.  The allegations in those proceedings in and of
18  themselves limit the subject matter of these requests to central issues in this case.

19              Larian's suggestion to narrow his production obligation is a transparent
20  attempt to give himself latitude to withhold documents critically related to the
21  conception of Bratz based on his own subjective criteria as to what is or is not
22  relevant.  As an overview of the Larian v. Larian proceedings shows, the entirety of
23  those proceedings, including discovery MGA and Isaac Larian produced therein,
24  critically relate to this action.[47]

25

26       [46]  Albán Dec., Exh. 1 at ¶¶ 13-23 (Aug. 25, 2003 Larian v. Larian Complaint).
27       [47]  Indeed in his responses to Mattel's Requests for Admission, Larian has
    claimed—absurdly—that Bratz did not even exist during time periods it clearly did
28  based on his own self serving definition of Bratz.  See Isaac Larian's Second
    (footnote continued)

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

The Larian v. Larian lawsuits and arbitrations

On September 28, 2000, ten days after the alleged effective date of Carter Bryant's contract purporting to assign rights to Bratz to MGA, Larian convinced Farhad Larian that they should have their uncle Morad Zarabi listen to their differences about how to operate MGA, decide a fair value for MGA, and decide which brother should sell his ownership interest to the other.[48] Larian did not tell Farhad Larian about the contract with Bryant.[49] By December 4, 2000, Mr. Zarabi had concluded that Farhad Larian should sell his ownership interest to Larian, and the brothers entered into an Agreement for Sale of Stock by which Farhad Larian sold his interest to Larian for $8.775 million.[50] Ernest Dutcher, the appraiser Mr. Zarabi retained to value MGA, valued MGA based on "the period ending December 31, 1999."[51]

In the Summer of 2002, Farhad Larian first complained to Mr. Zarabi that Larian had fraudulently concealed Bratz during their negotiations in 2000 that led to Farhad Larian's sale of stock.[52] In or around February 2003, Mr. Zarabi responded to Farhad Larian's complaint about Bratz and oversaw another appraisal of MGA "based upon information [he] gathered in 2002."[53] Mr. Dutcher produced

---

Supplemental Responses to Mattel, Inc.'s Requests for Admission, dated November 30, 2007, Response No. 32, Albán Dec., Exh. 47 (denying creation of Bratz pitch materials).

[48] Id., Exhs. 2 (Agr. to Arbitrate and Selection of Arbitrator), 3 at ¶ 4 (Dec. of Farhad Larian dated November 7, 2003).

[49] Id., Exh. 3 at ¶ 5 (Nov. 7, 2003 F. Larian Dec.).

[50] Id., Exhs. 4 at ¶ 5 (Morad Zarabi Dec. dated September 14, 2004); 5 (Agr. for Sale of Stock dated December 4 2000).  This agreement includes a "mutual release" that waives the protections of California Civil Code § 1542, which would have excluded unknown claims from Farhad Larian's general release)

[51] Id. Exh. 6 at ¶¶ 5-6 (Ernest Dutcher Dec. dated January 9, 2007).

[52] Id., Exh. 4 at ¶ 6 (Sep. 14, 2004 Zarabi Dec.).

[53] Id. at ¶¶ 7-8.  Mr. Zarabi embarked to investigate Farhad Larian's allegations about Bratz, including by gathering financial documents from Larian, pursuant to an (footnote continued)

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

an appraisal on February 13, 2003 that **valued MGA as of December 31, 2000** and projected a 2001 revenue growth rate of twenty-five percent (25%).[54]  By Mr. Dutcher's own account, he could have projected such a large growth rate only if "hot products that came along" justified it.[55]

Other information confirms that MGA had unique expansionary plans in 2000 compared to the prior four years.  For example, MGA's current liabilities jumped from $6.6 million in 1999 to $24.2 million 2000, including $11.3 million of long-term debt obligations currently due, compared to similar debt of about $112,000 during the prior four years combined;[56] "intangible assets" jumped from $15 million in 1999 to $36.9 million in 2000;[57] inventory jumped from $5.8 million in 1999 to $14.3 million in 2000;[58] and expenses on "Molds" jumped from $0 from 1996-1998 to $508,000 in 1999 and $750,000 in 2000.[59]  That MGA obtained an important loan in 2000, seemingly at least in part related to development of Bratz, is confirmed by Farhad Larian's subpoena on Wachovia Corporation seeking documents related to the loan; Wachovia confirmed it had three boxes of potentially responsive loan documents.[60]  There can be little doubt that his information is directly pertinent to early Bratz and the timing of MGA's involvement with Bryant and with Bratz, including during time periods both Bryant and Larian claimed they were not working on Bratz and indeed before they claim to have even been introduced to one another.

---

arbitration clause in the Agreement for Sale of Stock that designated him as an arbitrator for any dispute regarding the stock sale.  Id., Exh. 5 at ¶¶ 8-10.

[54]  Id., Exh. 6 at ¶¶ 8-9, Exh. C, p.20 (Jan. 9, 2005 Dutcher Dec.).

[55]  Id., Exh. 7 at 18:14-19:12 (Tr. of Audiotaped Meeting w/ E. Dutcher dated September 10, 2003).  When he valued MGA as of December 31, 1999, Mr. Dutcher projected a revenue growth rate of 3.5% for 2001.  Id., Exh. 6 at Exh. B, p.20.

[56]  Id., Exh. 6, at Exh. C, p.15 therein (Jan. 9, 2005 Dutcher Dec.).

[57]  Compare id., Exh. B, p.18 to id., Exh. C, p.18.

[58]  Id., Exh. C, p.14.

[59]  Id., Exh. C, p.16.

1    Unable to resolve his disputes through Mr. Zarabi, Farhad Larian then

2  sued Isaac Larian, with the allegations described above.  On February 28, 2005,

3  Farhad Larian also brought suit against Mr. Zarabi alleging the same facts regarding

4  the origins of Bratz, but this time alleging that Mr. Zarabi conspired with Isaac

5  Larian to conceal those facts.[61]

6    In response to Farhad Larian's suit, Larian moved to compel arbitration

7  of Farhad Larian's claims and won at the appellate level.[62]  On or around

8  February 8, 2005, Mr. Zarabi declined to arbitrate the dispute.[63]  The parties could

9  not agree to an arbitrator, and the court appointed one.[64]  The arbitration finally

10  started on November 16, 2005.[65]  Two days into it, Farhad Larian abruptly

11  dismissed his claims.[66]  Farhad Larian claimed he did so in hopes of reconciling

12  with his brother.[67]  Larian went after Farhad Larian to recover attorneys' fees and

13  won an award in excess of $1 million against his brother.[68]

14    These are the "lawsuits and arbitrations" at issue in Mattel's requests,

15  as far as Mattel knows.  Larian does not contend otherwise.  There can be little

16  doubt that information from these proceedings is directly pertinent to early Bratz

17  and the timing of Larian's and MGA's involvement with Bryant and with Bratz.  Mr.

18  Zarabi and Farhad Larian's sworn declarations confirm this central commonality:

19  "Isaac secretly negotiatied for and on September 18, 2000, secretly finalized and

20  obtained a worldwide license agreement making Isaac and the company the

21

22

23  [60]  Id., Exh. 8 (Ltrs. from Wachovia to F. Larian Counsel dated Nov. 15, 2005).
    [61]  Id., Exh. 9 at ¶¶ 14-18 (Larian v. Zarabi Complaint dated Feb. 28, 2005).

24  [62]  Id., Exh. 10 (Larian v. Larian, 123 Cal. App. 4th 751, 756-758 (2004)).
    [63]  Id., Exh. 11 (Ltr. from M. Zarabi to I. Larian, F. Larian, dated Feb. 8, 2005).

25  [64]  Id., Exh. 12 (Larian v. Larian Court Order dated May 4, 2005).
    [65]  Id., Exh. 13 (Final Arbitration Award dated Nov. 28, 2005).

26  [66]  Id.

27  [67]  Id., Exh. 14 at ¶¶ 6-7 (F. Larian Dec. dated Jan. 20, 2006).

28  [68]  Id., Exh. 15 (Final Arbitration Amendment dated Feb. 3, 2006).

exclusive worldwide distributor of Bratz dolls and related products."[69]  "In the Summer of 2002, Farhad alleged that Isaac concealed from Farhad and myself certain facts pertaining to a product line of ABC called the 'Bratz doll' . . ."[70]  The limited documents Mattel has obtained from public filings and third parties, touched upon above, only confirm this.

Further, MGA's (and Farhad Larian's) deficient production of <u>Larian v. Larian</u> documents to date confirms the impropriety of Larian's attempt to unilaterally decide what relates to Bratz from those proceedings.  Mattel has attempted since March 14, 2005 to obtain documents related to the <u>Larian v. Larian</u> proceedings directly from MGA.[71]  The efforts have been futile, and, as far as Mattel can ascertain, even the Discovery Master's Order of May 15, 2007 (requiring production of all <u>Larian v. Larian</u> documents related to Bratz) resulted in MGA producing just ***four*** documents related to the <u>Larian v. Larian</u> proceedings.[72]  That production does not include Mr. Dutcher's appraisals described above, Mr. Dutcher's declaration that includes the appraisal (and that specifically refers to Bratz), nor the recorded transcript of Mr. Dutcher's statements linking his 2001 25% growth rate projection in his appraisal to "hot products that came along" for MGA in 2000.[73]  MGA also did not produce the raw data (financial and otherwise) Larian gave to Morad Zarabi and/or Mr. Dutcher for the appraisals, nor raw data related to Bratz projections that Larian and/or Mr. Zarabi may have withheld from Mr. Dutcher.[74]  MGA also has not produced Larian's 2000 financial models projecting revenue streams for each item MGA sold or was planning to sell, which Farhad Larian (an officer and majority shareholder of MGA since its inception until

---

[69]  <u>Id.</u>, Exh. 3 at ¶ 3 (Nov. 7, 2003 F. Larian Dec.).
[70]  <u>Id.</u>, Exh. 4 at ¶ 6 (Sep. 14, 2004 Zarabi Dec.).
[71]  <u>Id.</u>, Exh. 16, Request No. 41 (Mattel's First Set of RFPs to MGA).
[72]  <u>Id.</u> ¶ 18.
[73]  <u>Id.</u>
[74]  <u>Id.</u>, Exh. 6 ¶¶ 8, 11 (Jan. 9, 2005 Dutcher Dec.).

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  December 2000)[75] says Larian conducted regularly.[76]  Farhad Larian has not

2  produced these either, and Mattel had no choice but to move to compel against

3  him.[77]  The Discovery Master should not allow MGA's CEO and controlling

4  shareholder latitude to unilaterally determine what relates to Bratz in the  Larian v.

5  Larian proceedings, especially given MGA's defiance of the Court's Order.

6  <div align="center">Larian's Mediation Privilege Objection Has No Basis</div>

7            In another attempt to justify improperly withholding relevant

8  documents from the Larian v. Larian proceedings, Larian may now claim for the

9  first time that some of the work Mr. Zarabi undertook with respect to the Larian v.

10  Larian proceedings described above are subject to a mediation privilege.  (Larian's

11  SS at 75, n.43).  If anything, Mr. Zarabi performed arbitration duties during those

12  disputes–the agreements Larian signed with his brother make that abundantly clear,

13  and refer to the California Arbitration Act to control the agreements.[78]  The

14  California Court of Appeals—in response to Larian's own petition—compelled

15  *arbitration* of the disputes, and noted Mr. Zarabi was an arbitrator, not a mediator.[79]

16  A proceedings cannot be both a mediation and an arbitration at the same time.  E.g.,

17  Lynn v. General Electric Co., 2005 WL 701270, at *5-6 (D.Kan.) ("arbitration and

18  mediation are completely different processes") (citing Salt Lake Tribune Publishing

19  Co., LLC v. Management Planning, Inc., 390 F.3d 684 (10th Cir.2004)); Lindsay v.

20  Lewandowski, 139 Cal.App.4th 1618, 1628-1629 (2006)(arbitration adversarial and

21  binding in nature; mediation voluntary; contract attempting to combine the two

22  unenforceable); compare Cal. Code Civ. P. § 1775 et seq. (Civil Action Mediation)

23  with Cal. Code Civ. P. § 1280 et seq. (Arbitration Act).

24  _____

25  [75]  Id., Exh. 3 ¶ 2 (Nov. 2, 2003 F. Larian Dec.).

    [76]  Id., Exh. 17 (Apr. 6, 2004 Ltr from F. Larian Counsel to Kaye Scholer).

26  [77]  Id. ¶ 20.

    [78]  Id., Exhs. 2 at ¶ 11 (Agr. to Arbitrate); 5 at ¶¶ 8-10 (Stock Sale Agr.).

27  [79]  E.g., id., Exh. 10 at p. 757 ("In December 2000, Mr. Zarabi, the arbitrator,

28  issued his award.") (Larian v. Larian, 123 Cal. App. 4th 751 (2004)).

1  Larian argued before California courts, and obtained a final judgment at

2  the appellate level, that Mr. Zarabi or someone else had to *arbitrate* Farhad Larian's

3  allegations that concealment of Bratz led to an artificially low stock sale in

4  December 2000.[80]  Larian relied on *arbitration* agreements to so argue.  He is now

5  judicially estopped from claiming Mr. Zarabi's response to his brother's allegations,

6  or his work in 2000 pursuant to an arbitration agreement, were mediations, in order

7  to withhold relevant documents from Mattel.  See, e.g., Kourtis v. Cameron, 419

8  F.3d 989, 994 (9th Cir. 2005) (issue preclusion prevents relitigation of issues

9  actually litigated and necessarily decided, after a full and fair opportunity for

10  litigation, in a prior proceeding.").  Of course, Larian also waived a "mediation

11  privilege" objection by not specifically raising it initially for a single request.[81]

12  Burlington Northern & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408

13  F. 3d 1142, 1149 (9th Cir. 2005) (boilerplate objections or blanket refusals inserted

14  into a response to a request for production of documents are insufficient to assert a

15  privilege; finding waiver of privilege where failure to specifically assert privilege

16  followed by failure to provide adequate privilege log within 30 days of objections);

17  Sanchez v. Johnson, 2001 WL 1870308, at *3 (N.D. Cal. 2001) (failure to

18  specifically assert a privilege for documents withheld waives privilege).

19  It would not surprise Mattel if Larian now tries to raise an arbitration

20  privilege as a last-minute alternative, but besides already having waived it, any

21  arbitration privilege under federal law applies only to the arbitrator, and only in

22  proceedings in which a party to the arbitration challenges the arbitrator's decisions

23  in some way—of course not the case here.  Woods v. Saturn Distribution Corp., 78

24

25

---

26  [80] Id.

27  [81]  See Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for Documents and Things, dated August 6, 2007, Kidman Dec., Exh. 3, not asserting

28  mediation privilege anywhere.

1  F. 3d 424, 430 (9th Cir. 1996) (citing Matter of Andros Compania Maritima, S.A.

2  (Marc Rich & Co., A.G.), 579 F.2d 691, 702 (2nd Cir. 1978)).[82]

3          Larian's reliance on California privilege is also misplaced.  This is a

4  federal question case, and the federal law of privilege applies. Fed. R. Evid. 501,

5  U.S. v. Zolin, 491 U.S. 554, 562 (1989); Admiral Ins. Co. v. U.S. Dist. Court for

6  Dist. of Arizona, 881 F.2d 1486, 1492 (9th Cir. 1989); Garrett v. City and County of

7  San Francisco, 818 F.2d 1515, 1519 n. 6 (9th Cir. 1987).

8          Prior Protective Orders

9          Larian claims that two prior protective orders prevent him from

10  producing documents pertaining to these requests.  This is now a non-issue, because,

11  as they should have given the protections the Protective Order in this action, MGA,

12  Larian and Farhad Larian have agreed to modify the prior protective orders to allow

13  production in this action.[83]

14

15

---

16          [82] See also Lyeth v. Chrysler Corp., 929 F.2d 891, 900 (2nd Cir. 1991) ("**To the

17  extent** that Chrysler's request to depose the individual arbitrator **was aimed at

18  contesting Lyeth's Lemon Law award**, the district court properly denied discovery

19  ...") (citing Andros) (emphases added); Frere v. Orthofix, Inc., 2000 WL 1789641,

   at *5 (S.D.N.Y. 2000) ("As is evident both from Andros and from subsequent court

20  decisions . . . [the arbitral privilege] applies **only to discovery inquiries directed at

   the arbitrator** and **only when the goal is to impugn the validity of the arbitrator's

21  decision**.") (emphases added); National Hockey League Players' Ass'n v. Bettman,

   1994 WL 38130, at *2, *6-7 (S.D.N.Y. 1994) ("As for the so-called arbitral

22  immunity . . . the federal courts have developed two related rules governing the

23  status of arbitrators **in the context of litigation challenging the results of an

   arbitration** . . . First, arbitrators are immune from personal-damage liability for their

24  decisions . . . Second . . . **in actions addressing the results of an arbitration

   whether it be a proceeding to enforce or to set aside an arbitrator's award**-the

25  court is to exercise close supervision over the extent and nature of discovery,

26  although the discovery rules are, at least in principle, applicable to such a

   proceeding.") (emphases added).

27          [83] Albán Dec., Exhs. 18 (Dec. 4-5, 2007 emails between Jon Corey and Raoul

28  Kennedy); 19 (Dec. 6, 2007 Ltr. from Lever to Albán).

---

1    Furthermore, the prior protective orders do not apply to any documents

2   that were in Larian's possession, custody or control before those protective orders

3   went into effect.  See McCarty v. Bankers Ins. Co., Inc., 195 F.R.D. 39, 44 (N.D.

4   Fla. 1998) (party possessing documents prior to entering into a protective order

5   cannot rely on the protective order to keep them confidential).  It begs reason to

6   suggest that the purpose of a protective order is something other than to prevent

7   *parties receiving the documents* from disclosing them without confidentiality

8   protection.  Indeed, the September 21, 2004 court-approved protective order Larian

9   now clings to recognizes this basic principle: it does not apply to documents (a)

10  obtained by the party independently of the subpoena, or (b) belonging to that party

11  or containing its financial, commercial, personal or proprietary information.

12  (Kennedy Dec., Exh. 6 ¶ 1).  Larian obviously did not need a subpoena to obtain

13  documents from the company he controls and owns.  The protective order likewise

14  only applies to a limited set of documents. (Id., Exh. A).  Yet MGA and Larian have

15  not produced a single responsive document that was originally in their control (i.e.,

16  they did not have to issue a subpoena to have it), such as the "raw data" (financial

17  and otherwise) they gave to Mr. Zarabi and/or Mr. Dutcher between 2000 and 2004,

18  or any raw data withheld from the appraiser (which is clearly not subject to any

19  protective order).[84]

20    Nor can Larian rely on the November 16, 2005 arbitration protective

21  order to withhold these documents.  Again, that order would not apply to the

22  documents Larian himself used as evidence, nor to documents Larian already

23  controlled (including thousands of pages which he had already produced) prior to

24  the effectiveness of that protective order in late 2005.  MGA in fact represented to

25  the court-appointed arbitrator that it sought the protective order solely to prevent

26  Farhad Larian from disclosing confidential and proprietary information of MGA to

27

28    [84]  Id. ¶ 18.

1   third parties. [85]   MGA also represented in that petition to the arbitrator that Farhad

2   Larian's discovery at issue would "disclose exactly how MGA took 'Bratz' from

3   idea, to concept, to design, to production, how long it took, what steps MGA

4   followed . . . ."[86]   Certainly, Larian's company would not have concealed from the

5   arbitrator that its true purpose in getting him to sign a protective order was not to

6   limit Farhad Larian's actions, but ultimately to prevent its own CEO's disclosure of

7   this highly relevant information in ***this*** litigation (which was already active when the

8   arbitrator signed the order), where that CEO is able to use an arguably stronger

9   protective order to protect the confidentiality of those documents.  The Discovery

10  Master has ruled on more than one occasion that the Protective Order in this action

11  adequately protects MGA's proprietary information as well as witnesses' personal

12  information.[87]

13          Finally, neither MGA nor Larian can claim that they have not produced

14  the Dutcher Declaration referenced above (which actually does specifically refer to

15  Bratz; the attached appraisals do not) because of these protective orders.[88]  Mattel

16  obtained this document from a public filing in the proceedings – it was not filed

17  under seal.

18

19

20

21

22

23

24

25          [85]   Id., Exh. 20 at 4-9 (MGA's Mot. for Protective Order dated Nov. 14, 2005).

26          [86]   Id. at 5-6.

27          [87]   Kidman Dec., Exh. 9 at 11, n.4 (May 15, 2007 Order); Albán Dec., Exh. 21 at
        14:20-27 (Jan. 25, 2007 Order).

28          [88]   Albán Dec. ¶ 18.

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

**D.** **The Court Should Strike Larian's Improper Limitation to Requests for Documents Relating to the Ownership of MGA Hong Kong and MGA Mexico (Request Nos. 272-273)**

**1.** **Mattel's Request and Larian's Responses**

**REQUEST FOR PRODUCTION NO. 272:**

All DOCUMENTS RELATING TO the ownership of MGA Entertainment HK Limited.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 272:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 272:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible

1  evidence.  Larian also objects to this request on the grounds that it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of

3  which would be inimical to the business interests of Larian and one or more third

4  parties.  Larian also objects to this request to the extent it seeks information the

5  disclosure of which would implicate the rights of third parties to protect private,

6  confidential, proprietary or trade secret information.  Larian also objects to this

7  request to the extent it calls for the disclosure of attorney-client privileged

8  information or information protected from disclosure by the work-product doctrine,

9  joint defense or common interest privilege, or other privilege.  Larian also objects to

10  this request to the extent it seeks documents not within Larian's possession, custody

11  or control.

12       Subject to the foregoing, Larian will produce documents sufficient to show

13  the ownership of MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de

14  C.V. within his possession, custody, or control that are responsive to the request, if

15  any, and that have not already been produced, that he discovers in the course of his

16  reasonable search and diligent inquiry, and to which no privilege or other protection

17  applies, including without limitation, the attorney-client privilege or attorney's work

18  product doctrine,

19  **REQUEST FOR PRODUCTION NO. 273:**

20       All DOCUMENTS RELATING TO the ownership of MGAE de Mexico,

21  S.r.1. de C.V.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 273:**

23       Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad and seeks information not relevant to the subject matter

26  of this lawsuit or reasonably calculated to lead to the discovery of admissible

27  evidence.  Larian also objects to this request on the grounds that it seeks

28  confidential, proprietary or commercially sensitive information, the disclosure of

1  which would be inimical to the business interests of Larian and one or more third

2  parties.  Larian also objects to this request to the extent it seeks information the

3  disclosure of which would implicate the rights of third parties to protect private,

4  confidential, proprietary or trade secret information.  Larian also objects to this

5  request to the extent it calls for the disclosure of attorney-client privileged

6  information or information protected from disclosure by the work-product doctrine,

7  joint defense or common interest privilege, or other privilege.  Larian also objects to

8  this request to the extent it seeks documents not within Larian's possession, custody

9  or control.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 273:**

11  Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad and seeks information not relevant to the subject matter

14  of this lawsuit or reasonably calculated to lead to the discovery of admissible

15  evidence.  Larian also objects to this request on the grounds that it seeks

16  confidential, proprietary or commercially sensitive information, the disclosure of

17  which would be inimical to the business interests of Larian and one or more third

18  parties.  Larian also objects to this request to the extent it seeks information the

19  disclosure of which would implicate the rights of third parties to protect private,

20  confidential, proprietary or trade secret information.  Larian also objects to this

21  request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.  Larian also objects to

24  this request to the extent it seeks documents not within Larian's possession, custody

25  or control.

26  Subject to the foregoing, Larian will produce documents sufficient to

27  show the ownership of MGA Entertainment HK Limited and MGAE de Mexico,

28  S.r.l. de CV. within his possession, custody, or control that are responsive to the

1  request, if any, and that have not already been produced, that he discovers in the

2  course of his reasonable search and diligent inquiry, and to which no privilege or

3  other protection applies, including without limitation, the attorney-client privilege or

4  attorney's work product doctrine.

### 2.  Mattel's Statement of Position, Larian's Response, and Mattel's Reply

#### (a)  Mattel's Statement of Position

8  These requests seek documents relating to the ownership of MGA

9  Entertainment HK Limited and MGAE de Mexico, S.R.L. de C.V., both which are

10  named defendants in this lawsuit.  Mattel is entitled to this information for a variety

11  of reasons, including to refute MGAE de Mexico's personal jurisdiction defense and

12  because it bears on whether the acts of Larian and others are attributable to these

13  entities.  Furthermore, Larian's (or MGA's) ownership interest is directly relevant to

14  net worth, which is discoverable for the reasons previously shown.

15  Larian initially refused to produce any responsive documents and later agreed

16  to produce only documents he unilaterally deemed to be "sufficient to show" the

17  ownership of these two named defendants.[89]  This limitation should be rejected.  It

18  would allow Larian to withhold contradictory information and produce documents

19  that may conceal the true ownership.  Moreover, Mattel is entitled to know the

20  ownership of these entities at the times when different wrongful acts are alleged to

21  have taken place in this lawsuit and to determine if the ownership structure changed

22  as a means of concealing assets or concealing the payments of commercial bribes.

23  Larian should be ordered to produce all responsive, non-privileged documents.

#### (b)  Larian's Argument in Response

25  The Court should reject Mattel's attempts to obtain production of documents

26  sought by Request Nos. 272-273, which seek documents relating to the ownership of

27

28

1   MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.,

2   respectively.  These requests are improper and duplicative of other requests Mattel

3   has made.

4          First, these requests have been improperly made to Mr. Larian personally.

5   Documents identifying the ownership of these entities should be made to the entities

6   themselves, or to MGA, and not to Mr. Larian.  Second, these requests are

7   duplicative of other requests that Mattel has propounded.  Request No. 272, for

8   example, is duplicative of a request Mattel served on MGA Entertainment HK

9   Limited.[90]  Similarly, Request No. 273 is duplicative of a request Mattel served on

10  MGAE de Mexico, S.r.l. de C.V.[91]

11         Because of their highly duplicative nature and the fact that they should have

12  been directed at another party to begin with, the burden that these requests would

13  impose on Mr. Larian clearly outweighs the need to compel him to produce the

14  documents sought, which are more readily available from other entities.  Of course,

---

15   [89]   See Larian's Supplemental Response to Request Nos. 272 and 273, Kidman

16  Dec., Exh. 25.

17   [90]   See Kennedy Decl. Ex. 13 (Mattel's Fourth Set of Requests for Documents
    and Things to MGA) at 33, Request No. 107 ("All DOCUMENTS that REFER OR
18  RELATE TO YOUR corporate formation and administration, including but not
    limited to by-laws, article of incorporations, stock certificates, cancelled or void
19  stock certificates, stock ledgers, stock transfer ledgers or records, stockholder or
    shareholder agreements, voting agreements or any other agreement that REFERS
20  OR RELATES TO YOUR stockholders or shareholders."); Id. at 2, Definition ¶ A
    ("YOU" defined to include any . . . association, . . . subsidiary, division, affiliate");
21  See also Kennedy Decl. Ex. 8 (Mattel's Fifth Set of Requests for Documents and
    Things to MGA) at 10-11, Request Nos. 23-29 (requests relating to stock ownership
22  and transactions of MGA, which by definition includes all subsidiaries, divisions,
    and affiliates).
23
    [91]   Kennedy Decl. Ex. 14 (Mattel's First Set of Requests for Documents and
24  Things to MGAE de Mexico, S.R.L. de C.V) at 26, Request No. 76 ("All
    DOCUMENTS that REFER OR RELATE TO YOUR corporate structure since
25  January 1, 1999, including without limitation YOUR relationship with MGA
    (footnote continued)
26

27

28

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1   Mattel's actions support this argument, since it has already requested these

2   documents from some of those other entities, but has not yet explained why it needs

3   to make duplicative requests of Mr. Larian.  The Court should, therefore, refuse

4   Mattel's motion to compel on these requests.

5       Accordingly, for all of the reasons stated above, the Court should deny

6   Mattel's motion to compel in its entirety.

7       ### (c)    **Mattel's Reply**

8       Larian's primary reason for objecting to these Requests is that Mattel

9   could only seek such information from the entities themselves.  The argument is

10  frivolous.  There is no rule that a party such as Larian can refuse to produce

11  documents in his possession because they can be obtained from other defendants.

12  Larian notably cites no law to support his contention that Mattel has to choose from

13  whom to seek these documents.  That is because the law does not support his

14  proposition. "[A] person may not avoid a subpoena by saying that the evidence

15  sought from him is obtainable from another."  State Farm Mut. Auto. Ins. Co. v.

16  Accurate Medical, P.C., 2007 WL 2993840, at *1 (E.D.N.Y. 2007) (quoting Covey

17  Oil Co. v. Continental Oil Co., 340 F.2d 993, 998 (10th Cir. 1965)); see also In re

18  Bergeson, 112 F.R.D. 692, 695 (D. Mont. 1986) (conclusory assertions that

19  documents sought are available from others more economically "does not constitute

20  a showing of unreasonableness or oppressiveness.").  Indeed, accepting Larian's

21  excuse here will mean Mattel will never get the documents because the entities

22  undoubtedly will claim the relevant documents belong to Larian and not them.

23  Larian's proposed shell game should be rejected.

24      Larian's arguments about burden are nothing but conclusory, yet it was

25  his obligation to prove that Mattel's requests are unduly burdensome.  Goodman v.

26  U.S., 369 F.2d 166, 169 (9th Cir. 1966); Flatow v. The Islamic Republic of Iran,

27  _____

28  Entertainment, Inc. and the IDENTITY of YOUR officers, directors, shareholders
    (footnote continued)

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  202 F.R.D. 35, 36 (D.D.C. 2001); <u>Northrop Corp. v. McDonnell Douglas Corp.</u>,

2  751 F.2d 395, 403 (D.C. Cir. 1984).  He has not done so and cannot justify his

3  stonewalling on that basis either.

4    **E.**   **The Court Should Strike Larian's Improper Limitation to the**

5         **Request for Communications Relating to the Retention and**

6         **Destruction of Documents (Request No. 213)**

7

8    **1.**   **Mattel's Request and Larian's Response**

9  **REQUEST FOR PRODUCTION NO. 213:**

10      All COMMUNICATIONS between YOU and any PERSON RELATING TO

11  the retention or destruction of DOCUMENTS or DIGITAL INFORMATION

12  between January 1, 1 999 and the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

14      Larian incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Larian also specifically objects to this request on the grounds

16  that it is overbroad and seeks information not relevant to the subject matter of this

17  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

18  Larian also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of Larian and one or more third parties.  Larian

21  also objects to this request to the extent it calls for the disclosure of attorney-client

22  privileged information or information protected from disclosure by the work-

23  product doctrine, joint defense or common interest privilege, or other privilege.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

25      Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  _____

28  and employees since January 1, 1999").

1  grounds that it is overbroad and seeks information not relevant to the subject matter

2  of this lawsuit or reasonably calculated to lead to the discovery of admissible

3  evidence.  Larian also objects to this request on the grounds that it seeks

4  confidential, proprietary or commercially sensitive information, the disclosure of

5  which would be inimical to the business interests of Larian and one or more third

6  parties.  Larian also objects to this request to the extent it calls for the disclosure of

7  attorney-client privileged information or information protected from disclosure by

8  the work-product doctrine, joint defense or common interest privilege, or other

9  privilege.

10      Subject to the foregoing, Larian will produce all documents pertaining to the

11  retention or destruction of documents or digital information relevant to this action

12  within his possession, custody, or control that are responsive to the request, if any,

13  and that have not already been produced, that he discovers in the course of his

14  reasonable search and diligent inquiry, and to which no privilege or other protection

15  applies, including without limitation, the attorney-client privilege or attorney's work

16  product doctrine.

17      **2.**   **Mattel's Statement of Position, Larian's Response, and**

18          **Mattel's Reply**

19          **(a)**   **Mattel's Statement of Position**

20      Request No. 213 seeks communications between Larian and any person

21  relating to the retention or destruction of documents or digital information between

22  January 1, 1999 and the present.  Larian cannot legitimately claim that such

23  documents are not relevant.  These requests also seek information that is relevant to

24  numerous other issues in this lawsuit, including the conception, creation and design

25  of Bratz and the timing thereof, Mattel's claims for misappropriation of trade secrets

26  and its defenses to MGA's claims for unfair competition.  MGA itself previously

27  conceded that it must produce all responsive, non-privileged documents in response

28  to this same requests.  (See MGA's Supplemental Response to Request For

1   Production No. 163 to Mattel's First Set of Requests for Production of Documents

2   and Things Re Unfair Competition, Kidman Dec., Exh. 12.)

3        Larian initially refused to produce any responsive documents and later agreed

4   to produce only documents pertaining to the retention or destruction of documents

5   or information "relevant" to this lawsuit.  The Discovery Master has already rejected

6   as improper MGA's attempt to limit its production to those documents it unilaterally

7   deems to be "relevant" to this lawsuit.  The Court should reject Larian's improper

8   attempt to do the same here and order him to produce all responsive documents.

9   <center>**(b)**    **<u>Larian's Argument in Response</u>**</center>

10        [At meet and confers subsequent to the filing of this motion, Larian

11   agreed to produce documents in response to this Request.  He therefore did not

12   provide an argument in response to this Request.]

13   <center>**(c)**    **<u>Mattel's Reply</u>**</center>

14        Although Larian has agreed to produce these documents, he has not yet

15   done so, nor has he provided a date by which such production could be expected.

16   Mattel is therefore entitled to an order providing a deadline for Larian to comply

17   with this Request.

18   **II.**   **<u>THE COURT SHOULD COMPEL LARIAN TO PRODUCE ALL</u>**

19       **<u>DOCUMENTS RESPONSIVE TO THE REQUESTS TO WHICH HE</u>**

20       **<u>HAS SERVED ONLY OBJECTIONS AND REFUSED TO PRODUCE</u>**

21       **<u>IN RESPONSE TO</u>**

22        In response to the following requests, Larian has objected and refused to

23   produce any responsive documents.  Larian's objections and refusal to produce

24   documents have no merit.  He should be ordered to promptly produce all responsive

25   documents.

26

27

28

1

**A.**     **The Court Should Compel Larian to Produce His Phone Records**

2

**for the Requested Time Periods (Request Nos. 178 and 180)**

3

**1.**     **Mattel's Requests and Larian's Responses**

4

**REQUEST FOR PRODUCTION NO. 178:**

5

All DOCUMENTS RELATING TO, including without limitation phone

6

records for, telephone calls by or to YOU or anyone on YOUR behalf for the time

7

period from January 1, 1998 through January 1, 2001.

8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

9

Larian incorporates by reference the above-stated general objections as if

10

fully set forth herein.  Larian also specifically objects to this request on the grounds

11

that it is overbroad, unduly burdensome and oppressive, and seeks information not

12

relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

13

discovery of admissible evidence, including, without limitation, in that it seeks all

14

telephone records for Larian, without limitation as to who placed the call or who

15

was called, thereby potentially revealing to Mattel every customer, vendor,

16

distributor or anyone else Larian called in the referenced time period, and the length

17

and frequency of those calls.  Larian also objects to this request on the grounds that

18

it is overbroad in that it asks for phone records beginning on January 1, 1998.

19

Larian also objects to this request on the grounds that it seeks information in

20

violation of the right of privacy.  Larian also objects to this request on the grounds

21

that it seeks confidential, proprietary or commercially sensitive information, the

22

disclosure of which would be inimical to the business interests of Larian and one or

23

more third parties.

24

**REQUEST FOR PRODUCTION NO. 180:**

25

All DOCUMENTS RELATING TO, including without limitation phone

26

records for, telephone calls by or to YOU or anyone on YOUR behalf for the time

27

period from April 1, 2004 through June 1, 2004.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all telephone records for Larian, without limitation as to who placed the call or who was called, thereby potentially revealing to Mattel every customer, vendor, distributor or anyone else Larian called in the referenced time period, and the length and frequency of those calls.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.

### 2. Mattel's Statement of Position, Larian's Response, and Mattel's Reply

#### (a) Mattel's Statement of Position

Request No. 178 seeks Larian's telephone records for the time period from January 1, 1998 to January 1, 2001.  Larian cannot dispute the relevance of these documents.  Perhaps more than any other documents, they will show communications with Bryant and other Mattel employees while such individuals may still have been employed by Mattel and before Larian claims to have known about Bratz, as well as communications with third party vendors that may refute Larian's and MGA's Bratz timeline.

Request No. 180 is also highly relevant.  It seeks telephone records for the two month time period from April 1, 2004 to June 1, 2004 during which time Mattel specifically alleges that MGA, and Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them to steal Mattel trade secrets.  (See

1  Mattel's Second Amended Answer and Counterclaims, ¶¶ 37-54, Kidman Dec.,

2  Exh. 14.)

3        Larian cannot legitimately claim any undue burden, particularly given the

4  relevance of the information sought, and the protective order in place adequately

5  addresses any confidentiality concerns.  He should be ordered to produce these

6  documents without further delay.

7              **(b)    Larian's Argument in Response Regarding Request**

8                      **Nos. 178-181**

9        The Court should reject Mattel's attempts to compel production of documents

10  responsive to Request Nos. 178-181[92] which are overbroad and, as a consequence,

11  overly invasive and burdensome.

12        This Court has already considered similar requests for production and allowed

13  production of redacted copies of telephone records in this case.  Specifically, in

14  response to Mattel's requests for production of all communications between Bryant

15  and MGA, the Court held that Mr. Bryant could redact non-relevant information

16  from his telephone records as long as he provided a signed verification that none of

17  the redacted information related to Bratz, MGA, or any other project he worked on

18  for MGA.[93]  Unfortunately, Mattel's Request Nos. 178 and 180 to Mr. Larian are

19  completely unbounded as to subject matter, and give little guidance regarding

20  relevance for purposes of redaction or crafting a corresponding signed verification.

21  _____

22  [92]   Although Mattel has expressed satisfaction with Mr. Larian's supplemental response to.Request No. 179 (*see* Mot. to Compel, at 4 n.8), that supplemental

23  response raises specific. objections regarding the request's overbreadth, as well as

24  the undue burden it would impose on Mr. Larian.  The Court should sustain those objections for the same reasons it should reject Mattel's attempts to compel

25  production on the remaining related requests.  Request No. 179 should be treated as similar requests are treated (e.g., at a minimum redaction of responsive documents

26  should be permitted, etc.).

27  [93]   Kennedy Decl. Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to

28  Compel Production of Documents by Bryant) at 16:1-6.

1   Until Mattel provides some clarification on its overbroad requests, Mr. Larian

2   should not be subjected to the undue burden of producing responsive documents.  If

3   Mattel is able to suitably tailor these requests, then Mr. Larian should be permitted

4   to redact his telephone records, consistent with this Court's prior ruling.

5        There can be little doubt that Request Nos. 178 and 180 are overbroad,

6   since they are completely unbounded as to subject matter.  As written, they

7   necessarily sweep in Mr. Larian's private information that is completely irrelevant to

8   any of the claims or defenses in the case.  Because of this, on November 29, 2007,

9   when the parties met and conferred via telephone, Mr. Larian's counsel offered to

10  provide redacted telephone records with a signed verification that none of the

11  redacted information was relevant to the case, which Mattel's counsel agreed to

12  consider.  Mattel's counsel has not yet responded to this offer, however.[94]  Without

13  redaction of the records, these requests are invasive and overly burdensome.

14      **(c)**    **Mattel's Reply Regarding Request Nos. 178-181**

15       Larian's phone records unquestionably have relevant information.

16  MGA asks for some kind of limitation, as was done with Bryant's records, yet he

17  ignores the fact that, unlike Bryant, his communications are relevant to virtually

18  every aspect of this case.  They are relevant to Mattel's claims regarding the

19  ownership of Bratz to the extent they show, for example, communications with

20  Carter Bryant.  They are relevant to Mattel's claims for theft of trade secrets to the

21  extent they show communications with current and former Mattel employees,

22  including Machado, Vargas, Trueba, Brawer, and Brisbois.  They are relevant to

23  Mattel's claims regarding false statements Isaac Larian made to retailers to the

24  extent they show communications with them.[95]

25

26      [94]   Kennedy Decl. ¶ 3.

27      [95]  <u>See</u> Mattel's Second Amended Answer and Counterclaims, Section VIII, Kidman Dec., Exh. 14. Larian's attempt to include objections to Request No. 179,

28  after the parties had already reached agreement, is wholly inappropriate.  Mr. Larian (footnote continued)

1    Similarly, they are relevant to MGA's counterclaims.  They are relevant

2    to the extent they show communications with various persons inside or outside the

3    toy industry that are involved in the Toy Industry Association, the Children's

4    Advertising Review Unit, or NPD.  They are relevant to the extent they show

5    communications with outside third parties about any of the themes MGA alleges

6    Mattel copied (since they demonstrate when such toys were made public).  They are

7    relevant to show when Larian began communicating with his own employees about

8    those themes (since they help demonstrate when those themes were first conceived).

9    They are relevant to Mattel's defenses.  Any communications that help

10   establish that Larian was attempting to gain information as to Mattel products are

11   relevant to help establish that MGA is guilty of the actions of which it accuses

12   Mattel.

13   In short, Mr. Larian is in a different position from Mr. Bryant.  His

14   communications with virtually anyone inside or outside the toy industry are relevant

15   to this case.

16   Nor would it be more burdensome to produce these records unredacted.

17   Indeed, it would require *more* effort to painstakingly redact each line Larian

18   believes is "not relevant."  Instead, Larian alleges privacy concerns.  Yet the parties

19   have a protective order in place specifically to protect confidentiality interests.  See,

20   e.g., In re Heritage Bond Litigation, 2004 WL 1970058, *5, n.12 (granting motion to

21   compel production of defendant's financial records because "[a]ny privacy concerns

22   . . . defendants have in their bank records and related financial statements are

23   adequately protected by the protective order, and are not sufficient to prevent

24   production in this matter"); A. Farber and Partners, Inc., 234 F.R.D. 186, 191-92

25   ─────────────────────

26   should be required to produce documents he has already agreed to produce, or, in
     the alternative, bring his own motion for protective order.  In any case, Request No.

27   179 asks for phone records from January 1, 1998 through January 1, 2001, relating
     (footnote continued)

28

1  (C.D. Cal. 2006) ("plaintiff's need for defendant Garber's financial documents

2  outweighs defendant Garber's claim of privacy, especially when the 'impact' of the

3  disclosure of the information can be protected by a 'carefully drafted' protective

4  order"); <u>Gohler v. Wood</u>, 162 F.R.D. 691, 697 (D. Utah 1995) ("Because the

5  protective order limits disclosure of confidential material to those who are

6  necessarily involved in the case, and these parties may use this information only for

7  purposes of litigating this case, excluding any business purpose, the court concludes

8  Deloitte's confidentiality concerns have been addressed adequately.").

9        Larian should be compelled to produce his phone records unredacted.

10  **B.**    **The Court Should Compel Larian to Produce Documents Relating**

11            **to His Communications with Mattel Employees (Request No. 198)**

12        **1.**    **Mattel's Requests and Larian's Responses**

13  **REQUEST FOR PRODUCTION NO. 198:**

14        All COMMUNICATIONS between YOU and any individual while the

15  individual was employed by MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

17        Larian incorporates by reference the above-stated general objections as if

18  fully set forth herein.  Larian also specifically objects to this request on the grounds

19  that it is overbroad and seeks information not relevant to the subject matter of this

20  lawsuit or reasonably calculated to lead to the discovery of admissible evidence and

21  is, thus, overbroad, unduly burdensome and oppressive, including, without

22  limitation, in that it is not limited as to the individuals who participated in the

23  communications or as to time.  Larian also objects to this request on the grounds that

24  it seeks information in violation of the right of privacy.  Larian also objects to this

25  request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  _____

28  to Bratz or Angel.  It is hard to imagine which telephone records responsive to this

(footnote continued)

interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

### 2.   Mattel's Statement of Position, Larian's Response, and Mattel's Reply

### (a)   Mattel's Statement of Position

Larian's recruitment of Mattel employees has been squarely put at issue in this case.  As such, Request No. 198 is directly relevant to the explicit allegations underlying those claims by Mattel and its claims of trade secret theft.  To quote only a few of the dozens of paragraphs in Mattel's pleadings detailing Larian's explicit role in this misconduct:

- "Counter-defendants have engaged in an ongoing, widespread pattern of illegal acts, consisting of inducing Mattel employees to steal Mattel's confidential information or other property and take it with them to MGA to further MGA's business interests and to harm Mattel."[96]

- "As detailed below, MGA and Larian approached three employees of Mattel's Mexican subsidiary ("Mattel Mexico"), enticed them to steal Mattel's most sensitive business planning materials, and then hired them to assist in establishing and running MGA's new Mexican subsidiary."[97]

- "In March 2004, Machado, Trueba and Vargas were making plans to travel from Mexico to Los Angeles to meet with MGA personnel in person prior to resigning their positions at Mattel.  Also, by at least March 3, 2004, Machado, Trueba and Vargas were discussing with MGA personnel, including Larian, specific details regarding setting up MGA offices in Mexico City.  On information and belief, prior to their resignations, Larian and others at MGA

---

request Mr. Larian believes he has a right to redact.

[96]   Mattel's Second Amended Answer and Counterclaims, ¶ 5, Kidman Dec., Exh. 14.

[97]   Id., ¶ 37.

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

directed Machado, Trueba and Vargas to steal virtually all Mattel confidential and proprietary information that they could access and bring it with them to MGA.  This was reflected in, among things, e-mail messages that Mattel had discovered after Machado, Trueba and Vargas had resigned."[98]

- Beginning on April 12, 2004, a week before his resignation and after numerous communications and meetings with Larian and other MGA personnel, Machado began transferring additional Mattel confidential and proprietary information to a portable USB storage device (also know as a "thumb drive") that he connected to his Mattel computer.  On Friday, April 16, 2004, the last business day before he gave notice, Machado copied at least 70 sensitive documents to the portable USB storage device."[99]

- Mattel is informed and believes that Brisbois spoke with Isaac Larian, MGA's CEO, on September 22, 2005 at approximately 8:30 p.m., when he called Ms. Brisbois at her home.  Mattel subsequently learned that on the same day that she spoke with Mr.  Larian and four days before she resigned, Brisbois copied approximately 45 Mattel documents on to a USB or "thumb" drive with the volume label "BACKPACK."  On information and belief, Brisbois removed the thumb drive from Mattel Canada's office by concealing it in her backpack or gym bag the last time that she left that office.  These documents contained Mattel trade secret and proprietary information".[100]

- "In the past few years, MGA has hired directly from Mattel's United States operations at least 25 employees, from Senior Vice-President level to lower level employees.  On information and belief, many of these employees were specifically targeted and recruited by MGA, including by Larian and Brawer, based on the Mattel confidential and proprietary information they could access.  Many of these employees had access to information that Mattel considers to be highly proprietary and confidential.  Mattel believes that some of those former Mattel employees may be observing their obligations not to misappropriate, disclose or use Mattel's confidential and proprietary information.  Mattel is informed and believes, however, that certain additional employees accessed, copied and took from Mattel confidential and proprietary information, including Mattel's strategic plans; business operations, methods and systems; marketing and advertising strategies and plans; future product lines; product profit margins; and customer requirements.  The misappropriated confidential and proprietary information included information that these Mattel employees were not authorized to access.  On information and belief, the misappropriated confidential and proprietary information taken from Mattel is being disclosed to and used by MGA for the benefit of MGA and to the detriment of Mattel."[101]

---

[98] <u>Id.</u>, ¶ 43.

[99] <u>Id.</u>, ¶ 44.

[100] <u>Id.</u>, ¶ 74.

[101] <u>Id.</u>, ¶ 77.

1   Nor is the request overbroad.  It is limited to communications with Isaac

2   Larian who, as shown above, is a central figure the conduct that forms Mattel's trade

3   secret claims.  Any such communication by Larian -- the CEO of MGA -- is highly

4   relevant and clearly outweighs any purported burden, which would be minimal in

5   any event.  Larian should be compelled to produce all responsive communications.

6   ### (b)      Larian's Argument in Response

7   This Court should reject Mattel's attempts to compel production on its

8   overbroad and unduly burdensome request for all documents relating to Mr. Larian's

9   communications with Mattel employees.  Request No. 198 is totally unrestricted as

10  to time and subject matter and is, therefore, unreasonable on its face.  This Court has

11  already considered and rejected a substantially identical request[102] from Mattel

12  seeking all communications between MGA and any Mattel employee because, as the

13  Court found, "[a]lthough the request may encompass relevant documents, it is

14  overbroad insofar as it requires production of all communications, regardless of

15  subject matter."[103]  The same rationale applies to Request No. 198 to Mr. Larian.

16  Moreover, in a finite toy industry, where employees would have limited

17  options for continued employment within the industry after leaving an employer

18  such as Mattel,[104] employees are likely to maintain business contacts with

19  individuals at other toy manufacturers like MGA, whether or not they actually seek

20  employment with those manufacturers.  For a large corporation such as Mattel, the

21  sheer number of employees who may seek to maintain such contact by

22

23  [102]   "All COMMUNICATIONS between YOU and any individual while the individual was employed by MATTEL." (Kennedy Decl. Ex. 7 (Mattel, Inc.'s First

24  Set of Requests for Documents and Things re Claims of Unfair Competition to

25  MGA Entertainment, Inc.) at 22, Request No. 42.)

26  [103]   Kennedy Decl. Ex. 2 (August 13, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production by MGA) at 12:20-22.

27  [104]   Mattel touts its 25,000 worldwide employees on its Web site:

28  http://www.mattel.com/about_us/default.asp.  (Kennedy Decl. Ex. 10.)

communicating with MGA or its officers is likely high, making this request even more unduly burdensome and unreasonable than it appears on its face.

Finally, because Mattel's request seeks information regarding its own employees while employed at Mattel, it is Mattel--and not Mr. Larian--who is in the best position to determine activities of those employees during their employment. In other words, in addition to the heavy and undue burden imposed by this omnibus request, Mattel seeks information that is likely more readily available to Mattel than to Mr. Larian, regardless of how "relevant" Mattel argues the information is.

For all of these reasons, the Court should reject this request, just as it did when it previously considered Mattel's substantially identical request to MGA.

### (c)   **Mattel's Reply**

Request No. 198 asks for communications between Larian and any individual while the individual was employed by Mattel.  Mattel knows such documents exist, because it currently has several in its possession that it has produced but that Larian has not produced.[105]  Larian argues that this Request is overbroad because it is similar to a Request to MGA that the Discovery Master rejected.  The comparison is faulty.

Obviously, a request for communications between *Larian* and any individual while the individual was employed by Mattel is much narrower than a request for such communications by any MGA employee.  Because this request is limited to communications from Larian, MGA's arguments about the number of Mattel employees who seek to communicate with "MGA or its officers" are beside the point.   As set forth in detail in Mattel's motion, Larian's recruitment of Mattel employee's has been squarely put at issue in this case and is at the heart of Mattel's misappropriation of trade secrets claim.  Larian's communications with Mattel

---

[105]   See Albán Dec., Exhs. 37, 38, 39, 40 (communications involving Isaac Larian and Mattel employees Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo Vargas San José).

1  employees while they were employed by Mattel are highly relevant to that claim

2  whether or not they specifically reference an offer of employment at MGA.

3        Larian's argument that Mattel has better access to documents regarding

4  Larian's communications with Mattel employees than Larian does makes no sense.

5  Larian could have had any number of communications with Mattel employees,

6  including those specifically identified in Mattel's counterclaim, through home

7  computers and telephones, cell phones and any number of other means that Mattel

8  has no access to at all and indeed that Mattel does not even know about.  Similarly,

9  Larian may have diaries and other documents referencing meetings with Mattel

10  employees that Mattel would have no record of.

11       Finally, Larian has offered only conclusory statements as to burden.  He states

12  that there may conceivably be some large number of communications, but this is not

13  enough.  Larian must make some showing that either (a) there is large quantity of

14  documents; or (b) he has some difficulty locating, gathering, or searching them.  He

15  has done neither.  Yet it was his burden to show why Mattel's requests are unduly

16  burdensome. <u>Goodman v. U.S.</u>, 369 F.2d 166, 169 (9th Cir. 1966); <u>Flatow v. The</u>

17  <u>Islamic Republic of Iran</u>, 202 F.R.D. 35, 36 (D.D.C. 2001); <u>Northrop Corp. v.</u>

18  <u>McDonnell Douglas Corp.</u>, 751 F.2d 395, 403 (D.C. Cir. 1984).

19       For these reasons, Mattel's motion should be granted as to this Request.

20  **C.**   **<u>The Court Should Compel Larian to Produce Documents Relating</u>**

21       **<u>to His Communications With the Press and Financial Institutions</u>**

22       **<u>Regarding Bratz, Bryant, Mattel of This Lawsuit (Request</u>**

23       **<u>Nos. 190-192, 194-197 and 199)</u>**

24       **1.**   **<u>Mattel's Requests and Larian's Responses</u>**

25  **<u>REQUEST FOR PRODUCTION NO. 190:</u>**

26       All COMMUNICATIONS between YOU and any stock analyst, investment

27  analyst, investment bank, institutional lender, or venture capital fund RELATING

28  TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**REQUEST FOR PRODUCTION NO. 191:**

All COMMUNICATIONS between YOU and any member of the press RELATING TO BRATZ, including without limitation RELATING TO the origins, conception, creation, DESIGN or development thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Larian incorporates by reference the above-stated general objections as if filly set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all communications between Larian and any member of the press relating to Bratz, without further limitation as to subject matter or time.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to

1 the business interests of Larian and one or more third parties.  Larian further objects

2 to this request to the extent it seeks information the disclosure of which would

3 implicate the rights of third parties to protect private, confidential, proprietary or

4 trade secret information.  Larian also objects to this request to the extent it calls for

5 the disclosure of attorney-client privileged information or information protected

6 from disclosure by the work-product doctrine, joint defense or common interest

7 privilege, or other privilege.

8 **REQUEST FOR PRODUCTION NO. 192:**

9    All COMMUNICATIONS between YOU and any member of the press

10 RELATING TO BRYANT since January 1, 1999.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

12    Larian incorporates by reference the above-stated general objections as if

13 fully set forth herein.  Larian also specifically objects to this request on the grounds

14 that it is overbroad and seeks information not relevant to the subject matter of this

15 lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

16 Larian also objects to this request on the ground that it is overbroad, unduly

17 burdensome, and oppressive in seeking all communications between Larian and any

18 member of the press relating to Bryant, without further limitation as to subject

19 matter.  Larian also objects to this request on the grounds that it seeks confidential,

20 proprietary or commercially sensitive information, the disclosure of which would be

21 inimical to the business interests of Larian and one or more third parties.  Larian

22 further objects to this request to the extent it seeks information the disclosure of

23 which would implicate the rights of third parties to protect private, confidential,

24 proprietary or trade secret information.  Larian also objects to this request to the

25 extent it calls for the disclosure of attorney-client privileged information or

26 information protected from disclosure by the work-product doctrine, joint defense or

27 common interest privilege, or other privilege.

28

**REQUEST FOR PRODUCTION NO. 194:**

All COMMUNICATIONS between YOU and any member of the press RELATING TO MATTEL since January 1, 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all communications between Larian and any member of the press relating to Mattel, without further limitation as to subject matter or time.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**REQUEST FOR PRODUCTION NO. 195:**

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO BRYANT since January 1, 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this

1  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

2  Larian also objects to this request on the grounds that it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would be

4  inimical to the business interests of Larian and one or more third parties.  Larian

5  further objects to this request to the extent it seeks information the disclosure of

6  which would implicate the rights of third parties to protect private, confidential,

7  proprietary or trade secret information.  Larian also objects to this request to the

8  extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11  **REQUEST FOR PRODUCTION NO. 196:**

12        All DOCUMENTS RELATING TO any statements made by YOU to any

13  stock analyst, investment analyst, investment bank, institutional lender, or venture

14  capital fund RELATING TO this ACTION.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

16        Larian incorporates by reference the above-stated general objections as if

17  fully set forth herein.  Larian also specifically objects to this request on the grounds

18  that it is overbroad and seeks information not relevant to the subject matter of this

19  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

20  Larian also objects to this request on the grounds that it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of Larian and one or more third parties.  Larian

23  further objects to this request to the extent it seeks information the disclosure of

24  which would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information.  Larian also objects to this request to the

26  extent it calls for the disclosure of attorney-client privileged information or

27  information protected from disclosure by the work-product doctrine, joint defense or

28  common interest privilege, or other privilege.

**REQUEST FOR PRODUCTION NO. 197:**

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO MATTEL since January 1, 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**REQUEST FOR PRODUCTION NO. 199:**

All DOCUMENTS RELATING TO publicity by YOU or MGA RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999, including but not limited to advertising, media releases, and public relations material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential,

proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent that it seeks information that is already known to Mattel and/or is a matter of public record.

## 2. Mattel's Statement of Position, Larian's Response, and Mattel's Reply

### (a) Mattel's Statement of Position

These requests seek communications between Larian and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.  The requests are sufficiently narrowly tailored to seek information that goes to the issues in this lawsuit.  Mattel's claims explicitly allege that Larian has made misstatements to third parties on these subjects.  Thus, Mattel has alleged, for example, that "MGA and Larian, in an effort to gain an unfair competitive advantage, repeatedly issued false and misleading press releases.  In these press releases, MGA and Larian have misrepresented Bratz's sales, Bratz's market share, Bratz's position vis-à-vis Mattel's BARBIE products, sales of Mattel's BARBIE products, and the market share of Mattel's BARBIE products."[106]  Statements to lenders or investors relating to Bratz or Bryant may also contain admissions regarding the origin and conception of Bratz

---

[106]   Mattel's Second Amended Answer and Counterclaims, ¶ 81, Kidman Dec., Exh. 14.

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  as well as statements regarding profits from the sale and licensing of Bratz, net

2  worth and other information relevant to Mattel's damages claims, [REDACTED].[107]

3       The requests are thus relevant and seek discoverable information, and Larian

4  has no basis for refusing to produce these documents.

5               **(b)    Larian's Argument in Response**

6       The Court should reject Mattel's attempts to compel production responsive to

7  requests 190-197, and 199,[108] which involve Mr. Larian's statements to the media or

8  financial entities. These requests are overbroad and unduly burdensome--

9  particularly considering that several seek publicly available information that would

10 require a simple search of a public electronic database.

11      This Court has already considered and rejected a nearly identical overbroad

12 request from Mattel to those presented here. The prior requests sought all documents

13 relating to any communication by MGA (or any of its officers or directors) to any

14 news organizations.[109]  In rejecting Mattel's nearly identical prior request, this Court

15 reasoned, "[o]nce again, the request encompasses potentially relevant documents,

16 however it is overbroad, seeking all documents relating to any communications by

17 MGA with any news organization.  Furthermore, the request seeks documents that

18 _____

19  [107]  See excerpts of trial testimony on May 1, 2007 in the matter entitled Art Attacks Ink, LLC v. MGA Entertainment, Inc., at 23:2-27:11, Kidman Dec., Ex. 22.

20  [108]  Although Mattel has expressed satisfaction with Mr. Larian's supplemental

21  response to Request No. 193 (see Mot. to Compel, at 4 n.8), that supplemental response raises specific. objections regarding the request's overbreadth, as well as

22  the undue burden it would impose on Mr. Larian.  The Court should sustain those objections for the same reasons it should reject Mattel's attempts to compel

23  production on the remaining related requests.

24  [109]  "All DOCUMENTS RELATING TO any COMMUNICATION by YOU

25  with any news organization regarding the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS." (Kennedy Decl. Ex. 7 (Mattel,.Inc.'s First

26  Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.) at 25, Request No. 54.) The term "YOU" was defined, in

27  Definition ¶ A, as "including but not limited to current or former directors, officers,

28  employees . . . ." (Id. at 2 ¶ A.)

1    are of relatively minimal relevance to the claims and defenses in the case.

2    Therefore, Mattel's motion is denied as to Request No. 54 pursuant to Rule 26(b)(2),

3    Fed.R.Civ.P."[110]  The same is true here, and Mattel has offered no principled reason

4    why the Court should issue a different ruling in this instance.

5    At a minimum, Request Nos. 190-194 and 199, seek publicly available

6    information that is readily available to Mattel, for which Mr. Larian should not be

7    burdened. Mattel's citation to ¶ 81 of its Second Amended Answer and

8    Counterclaims proves this point, as it alleges that "MGA and Larian . . . repeatedly

9    *issued* false ***press releases***."[111]  Certainly those ***issued press releases***--if they

10   exist--should be easily obtainable by Mattel from public sources.  Additionally,

11   although Mattel has broadly claimed that Mr. Larian has made misstatements to

12   third parties, such as media outlets, relating to Bratz, Bryant, or Mattel, such

13   statements are only relevant to the claims and defenses at issue in the case to the

14   extent that they harmed Mattel somehow.  Any harm from media outlets would only

15   occur if those statements were published.  The burden of searching for and

16   producing such publicly available statements should not be imposed on Mr.

17   Larian.[112]

18   Moreover, Mattel has failed to explain how statements to media and financial

19   institutions or third parties are relevant for attempting to impeach Mr. Larian's prior

20   testimony regarding re-investment of profits.  As mentioned above, Mattel has

21   already requested ***and obtained*** numerous financial documents.

22                          **(c)    <u>Mattel's Reply</u>**

23

24   _____
      [110]   Kennedy Decl. Ex. 2 (August 13, 2007 Order Granting in Part and Denying
      in Part Mattel's Motion to Compel Production by MGA) at 13:1-5.

25   [111]   Kennedy Decl. Ex. 11 (Mattel's Second Amended Answer and

26   Counterclaims) at 53 ¶ 81 (emphasis added).

27   [112]   *See In re Penn. Cent. Commercial Paper Litig.*, 61 F.R.D. 453, 468
      (S.D.N.Y. 1973) (denying demand for documents to the extent they were publicly

28   available).

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1    Larian hinges his argument to produce **no** documents responsive to

2    these requests on an order of the Discovery Master finding that the topic there was

3    of "relatively minimal relevance." (Opp. at 4.)  The opposite is true for the requests

4    at issue here, some of which seek documents related to statements about Bratz,

5    including its origins (to which Bryant is intimately tied).  MGA previously resisted

6    designating a <u>Rule</u> 30(b)(6) witness regarding prior inconsistent statements Larian

7    made to the press about the origins of Bratz, and the Discover Master compelled

8    MGA to do so.[113]  The Discovery Master noted that this issue was "the central issue

9    in the case."[114]

10    Farhad Larian recently produced yet another press article showing

11    inconsistent statements that Larian made about the origins of Bratz.  In a transcribed

12    interview, Larian this time suggested that the inspiration for Bratz came from Wal-

13    Mart telling Larian that, if he could give them a product that could compete with

14    BARBIE, they would buy it.[115]  According to Larian, he then sought products for 18

15    months until he found Bratz.  This tends to corroborate the <u>Wall Street Journal</u> July

16    2003 article quoting Larian as saying that he engaged in a beauty contest until he

17    found Bratz in late 1999, a statement MGA has previously tried to portray as

18    false.[116]

19    Farhad Larian, who made allegations in court similar to Mattel's

20    regarding the timing of the conception and early development of Bratz in late 1999

21    and throughout 2000, also confirms the critical relevance of Larian's and MGA's

22    communications with financial institutions.  In the midst of his discovery to find

23    evidence of his allegations, he subpoenaed Wachovia Corporation for documents

24    relevant to his allegations.  Wachovia confirmed that it had three boxes of

25

---

[113] Albán Dec., Exh. 22 at 8-9 (Sep. 25, 2007 Order).

[114] <u>Id.</u> at 9.

[115] <u>Id.</u>, Exh. 23.

28

potentially responsive loan documents.[117] Mr. Dutcher's valuation of MGA "through December 31, 2000," as shown above, confirms that MGA was developing a "hot product" in 2000, and that MGA took on a loan that year unprecedented in the prior four years.  All of this is relevant to the timing of Bratz.

Larian also argues that the documents Mattel seeks are public, so Mattel can get them itself.  Mattel, however, does not only seek just public documents, but documents in Larian's possession, custody or control relating to public statements.  In addition, representations Larian has made to financial institutions are not publicly available, and Mattel has no access to them.  Moreover, such communications with third parties are not privileged.

As shown above, Larian has the legal burden to make a showing of why these particular Requests are unduly burdensome to him.  He has not done so.  For example, he fails to show what looking for these documents would entail or the number of documents at issue.

### D.   The Court Should Compel Larian to Produce Documents Regarding His Financial Condition (Request Nos. 207-209 and 269)

#### 1.   Mattel's Requests and Larian's Responses

**REQUEST FOR PRODUCTION NO. 207:**

DOCUMENTS sufficient to IDENTIFY each account with any bank or financial institution that YOU have or have had, or that YOU have or have had any legal or beneficial interest in, since January 1, 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

---

[116]   Depo. Tr. of Paula Garcia (Vol. 2), dated May 25, 2007 at 615:18-616:13, Albán Dec., Exh. 42.

[117]   Id., Exh. 8 (Nov. 15, 2005 Ltrs. From Wachovia to F. Larian Counsel).

1    Larian incorporates by reference the above-stated general objections as if
2    fully set forth herein.  Larian also specifically objects to this request on the grounds
3    that it is overbroad and seeks information not relevant to the subject matter of this
4    lawsuit or reasonably calculated to lead to the discovery of admissible evidence.
5    Larian also objects to this request on the grounds that it seeks information in
6    violation of the right of privacy.  Larian also objects to this requests on the grounds
7    that it is vague and ambiguous in that Larian cannot determine what is meant by the
8    phrase "any legal or beneficial interest."  Larian also objects to this request on the
9    grounds that it seeks confidential, proprietary or commercially sensitive
10   information, the disclosure of which would be inimical to the business interests of
11   Larian and one or more third parties.  Larian also objects to this request to the extent
12   it seeks information the disclosure of which would implicate the rights of third
13   parties to protect private, confidential, proprietary or trade secret information.
14   Larian also objects to this request to the extent it calls for the disclosure of attorney-
15   client privileged information or information protected from disclosure by the work-
16   product doctrine, joint defense or common interest privilege, or other privilege.

17   **REQUEST FOR PRODUCTION NO. 208:**

18   Documents sufficient to establish YOUR gross income, and the sources of
19   that gross income, for the years 1999 through the present, inclusive.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

21   Larian incorporates by reference the above-stated general objections as if
22   fully set forth herein.  Larian also specifically objects to this request on the grounds
23   that it is overbroad and seeks information not relevant to the subject matter of this
24   lawsuit or reasonably calculated to lead to the discovery of admissible evidence.
25   Larian also objects to this request on the grounds that it seeks information in
26   violation of the right of privacy.  Larian also objects to this request on the grounds
27   that it seeks confidential, proprietary or commercially sensitive information, the
28   disclosure of which would be inimical to the business interests of Larian and one or

1   more third parties.  Larian also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest privilege,

4   or other privilege.

5   **REQUEST FOR PRODUCTION NO. 209:**

6       YOUR federal and state tax returns for each of the years 1999 through the

7   present, inclusive.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

9       Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad and seeks information not relevant to the subject matter

12  of this lawsuit or reasonably calculated to lead to the discovery of admissible

13  evidence.  Larian also objects to this request on the grounds that it seeks information

14  in violation of the right of privacy.  Larian also objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of

17  Larian and one or more third parties.  Larian also objects to this request to the extent

18  it calls for the disclosure of attorney-client privileged information or information

19  protected from disclosure by the work-product doctrine, joint defense or common

20  interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 269:**

22      DOCUMENTS sufficient to show or calculate YOUR net worth on a yearly

23  basis for each year from 1999 to the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 269:**

25      Larian incorporates by reference the above-stated general objections as if

26  fully set forth herein.  Larian also specifically objects to this request on the grounds

27  that it is overbroad and seeks information not relevant to the subject matter of this

28  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

1  Larian also objects to this request on the grounds that it is overbroad, unduly

2  burdensome, and oppressive in seeking All DOCUMENTS sufficient to calculate

3  Larian's net worth on a yearly basis for each year from 1999 to the present.  Larian

4  also objects to this request on the grounds that it is vague and ambiguous in that

5  Larian cannot determine what is meant by "YOUR net worth."  Larian also objects

6  to this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties.  Larian also objects to this request

9  to the extent it seeks information the disclosure of which would implicate the rights

10  of third parties to protect private, confidential, proprietary or trade secret

11  information.  Larian also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest privilege,

14  or other privilege.  Larian also objects to this request to the extent it seeks

15  documents not within Larian's possession, custody or control.

16  **2.    Mattel's Statement of Position, Larian's Response, and**

17  **Mattel's Reply**

18  **(a)    Mattel's Statement of Position**

19

20  Request No. 207 seeks information regarding the identity of Larian's accounts

21  with banks and other financial institutions.  Such information is discoverable

22  because it is reasonably calculated to lead to information showing the timing of

23  payments by Larian to Bryant and others.  Evidence of payments in turn is relevant

24  to the timing of the development of Bratz, issues of credibility and bias and to

25  Mattel's allegation of commercial bribery, as the Discovery Master has previously

26  held.

27  Request Nos. 208-209 and 269 seek information that directly relates to

28  Larian's financial condition.  Such documents are relevant to Mattel's claims against

1   Larian for damages, including punitive damages.  Both the Discovery Master and

2   Judge Larsen have held information regarding net worth is discoverable and relevant

3   for these very reasons.  (See Judge Larson's Order dated July 2, 2007 at 4-5, Kidman

4   Dec., Exh. 18.)  The requested documents may also show that Larian has siphoned

5   off MGA assets for his own personal benefit and thus are also relevant to Mattel's

6   damages claims against the MGA entities.  Similarly, because Mattel's the

7   disgorgement of all benefit Larian has received as a result of his wrongful conduct,

8   Mattel is entitled to discover not only Larian's gross income, but the sources of that

9   income to determine whether they are attributable to the misconduct for which

10  Mattel seeks to hold him liable.

11        Larian's federal and state tax returns are also discoverable and highly relevant.

12  Tax returns are not privileged under federal law.  See St. Regis Paper Co. v. United

13  States, 368 U.S. 208, 218-219, 82 S. Ct. 289, 295-96, 7 L. Ed. 2d 240 (1961)

14  ("[A]lthough tax returns, like these census reports, are made confidential within the

15  government bureau, copies in the hands of the taxpayer are held subject to

16  discovery.") (citations omitted).  Further, the Protective Order allows Larian to

17  designate such records as confidential, thus obviating any privacy concern.  In re

18  Heritage Bond Litigation, 2004 WL 1970058 at *5, n.12; A. Farber and

19  Partners, Inc., 234 F.R.D. at 191-92.  Larian's tax returns are relevant here for all the

20  reasons discussed above.  [REDACTED].[118]  Larian also testified that he could not

21  remember whether he received any kind of bonus from MGA for any of the years

22  from 2001 to 2006.[119]  In fact, financial information provided by MGA to date

23  shows that between 2001 and 2006 the company distributed hundreds of millions of

24  dollars in profits to its shareholders.  Mattel is entitled to full and accurate

25

26  [118]   See excerpts of trial testimony on May 1, 2007 in the matter entitled Art
       Attacks Ink, LLC v. MGA Entertainment, Inc., at 23:2-27:11, Kidman Dec.,
27     Exh. 22.  [REDACTED]  Id. at 9:9-13:14.

28  [119]   Id. at 23:2-27:11.

1   information regarding Larian's financial condition and the amounts he has received

2   from MGA to impeach testimony that he did not make any money from MGA or

3   Bratz or that he does not remember if he did.  And, because Larian must sign them,

4   tax returns, even more than other documents relating to net worth and income, are a

5   unique source of directly pertinent financial information that Larian will not be able

6   to disavow or claim ignorance of at trial.

7                    **(b)      <u>Larian's Argument in Response</u>**

8            Mattel should not be permitted to obtain the personal financial information it

9   seeks from Mr. Larian in Requests 207-209 and 269.  In those requests, Mattel seeks

10  personal financial information from Mr. Larian that is not relevant to the claims or

11  defenses at issue.  Alternatively, to the extent that those requests somehow might be

12  considered calculated to lead to the discovery of admissible evidence, they are

13  duplicative of prior requests to MGA and unduly burdensome to Mr. Larian.  This

14  Court should, therefore, reject Mattel's arguments and attempts to obtain such

15  documents.

16          Request No. 209, for example, seeks Mr. Larian's state and federal tax

17  returns--exactly the same information that this Court held Mattel was not entitled to

18  obtain from Carter Bryant.[120]  In fact, this Court declined to order production of Mr.

19  Bryant's tax returns even though it had ordered production of other financial

20  information from Mr. Bryant.  Mattel has not shown why this Court should rule

21  differently in the case of Mr. Larian.  Furthermore, in Mr. Bryant's case, he was the

22  only source of the requested financial information, whereas Mattel can obtain any

23  relevant information it seeks to learn from Mr. Larian's private financial documents

24  through its requests to MGA, without the need for unduly burdening Mr. Larian.

25  Thus, this Court should reject Mattel's request to compel production of tax returns

26  and similar information.

27

28

Moreover, this Court and the Ninth Circuit recognize a public policy favoring confidentiality and against the disclosure of tax returns, and require that a party seeking production of tax returns make a two-pronged showing (1) that the returns are relevant, and (2) "that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *S. Cal. Hous. Rights Ctr. v. Krug,* No. CV06-1420, 2006 WL 4122148, *3 (C.D. Cal. Sept. 5, 2006); *Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir. 1975) (noting public policy against disclosure as a viable ground for quashing subpoena). Using this two-pronged analysis, this Court declined to compel production of defendants' tax returns, which were sought to determine defendants' net worth, because the court found no compelling need for the returns. *Southern Cal. v. Krug,* at *3. This Court is not alone in applying the two-pronged test, and denying requests for tax returns when the information sought can be obtained by other less-intrusive means.[121] In this case, in addition to failing to show a compelling need for the tax returns, Mattel has also failed to show their relevance. Hence, Mattel has not met either prong of this Court's two-pronged test.[122]

Regarding the remaining requests for Mr. Larian's personal financial information, Mattel has already sought *and obtained* broad discovery of financial

---

[120] Kennedy Decl. Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel) at 14:29-15:2).

[121] *See Aliotti v. Senora,* 217 F.R.D 496 (ND. Cal. 2003) (denying employer's motion to compel production of employee's. financial documents including tax returns where a less intrusive means of obtaining the information existed); *San Francisco BART Dist. v. Spencer,* No. C04-04632, 2006 U.S. Dist. LEXIS 81681 (N.D. Cal. Oct. 23, 2006) (denying motion to compel production of tax returns where information sought is available from other documents).

[122] Additionally, California privilege law may apply (*see Platypus Wear, Inc. v. K.D. Co.,* 905F. Supp. 808 (S.D. Cal. 1995); *see also Fed. R. Evid. 501*) which arguably provides more protection against the disclosure of tax returns than its federal counterpart. *See Webb v. Standard Oil Co.,* 49 Cal. 2d. 509, 513-14 (1957); (footnote continued)

information from MGA, including: audited and unaudited quarterly and annual

profit and loss statements, audited and unaudited quarterly and annual statements,

and annual reports.[123]   Mattel has also sought additional expansive discovery from

MGA requesting all documents related to: all salary, benefits, other compensation,

payments, transfers of value, dividend distributions, fund advances, gifts, loans, and

stock conveyed to Mr. Larian or any business affiliated with him;[124] all statements

for banks or other financial institutions from the date of MGA's incorporation to the

present, including all statements showing any payments to Mr. Larian or any

business affiliated with him;[125] documents related to all obligations between Mr.

Lairan;[126] and numerous other financially related requests.[127]

Hence, Request Nos. 207-209 and 269 to Mr. Larian are unnecessary, as they

are duplicative of Mattel's other requests to MGA, particularly considering that the

Mattel's requests to MGA include documents that are the best source for obtaining

the information Mattel indicates it is seeking through its requests to Mr. Larian.

Indeed, some of the documents that Mattel has **already obtained** regarding MGA's

financial information show disbursements and payments of the company to Mr.

Larian, thereby fulfilling the purposes for which Mattel claims it needs the

documents from Mr. Larian, including determining any potential damages and

---

*Sav-On Drugs, Inc. v. Superior Court,* 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982).

[123]   Kennedy Decl. Ex. 7 (Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.) at 45-46, Request Nos. 158, 159, and 160.

[124]   Kennedy Decl. Ex. 8 (Mattel's Fifth Set of Requests for Documents and Things to MGA) at 7-10, Request Nos. 12, 13, 15-20, and 23-26.

[125]   *Id.* at 8, Request No. 14; 15, Request No. 47.

[126]   *Id.* at 9, Request Nos. 21 and 22.

[127]   *See, e.g., Id.* at 6, Request Nos. 4 - 7; 10-12, Request Nos. 27 - 32; 12-15, Request Nos. 34 - 46.

1   disgorgement of profits, as well as for challenging Mr. Larian's credibility based on

2   his prior testimony about MGA's financial status.[128]

3                    (c)      **Mattel's Reply**

4                    Larian's bald assertion that the financial information Mattel seeks from

5   him is not relevant to any of the issues in this lawsuit is without merit. Tellingly,

6   Larian makes no attempt to respond to, let alone dispute, any of the showings made

7   by Mattel as to the why this information is highly relevant.  Nor could he.  The

8   requested information is clearly relevant and, among other things, is reasonably

9   calculated to obtain information that will show: (1) payments from Larian to Bryant

10  and others which bear directly on the timing of the creation of Bratz, as well as

11  Mattel's allegations of commercial bribery and issues of bias and credibility; (2)

12  income Larian received has made from the misconduct at issue in this lawsuit,

13  which go directly to Mattel's damages claims against him; (3) amounts Larian has

14  siphoned away from MGA for his own personal benefit which go to Mattel's

15  damages claims against the MGA entities;[129] (4) the net worth of Larian and MGA,

16

17

18

19

_____

20  [128]   Mattel has asserted that this Court has held that information regarding net
    worth is discoverable (Mattel's Sep. Statement at 153).  Unlike Request No. 269,
21  however, the Rule 30(b)(6) deposition topics Mattel cites are directed at the net
    worth of a corporation (MGA), and did not involve the invasive inquiry into an
22  individual's documents relating to his private net worth.  (*See* Kennedy Decl. Ex. 9
23  (July 2, 2007 Minute Order of J. Larson) at 5.)

24  [129]   Indeed, the Discovery Master already found this topic to be relevant in a an
    Order compelling MGA to provide Rule 30(b)(6) designees.  See Order Granting In
25  Part And Denying In Part Mattel's Motion To Compel MGA to Produce Witnesses
    Pursuant to Third Notice of Deposition Under Rule 30(B)(6); Denying Request For
26  Sanctions, dated September 26, 2007, at p. 11, Albán Dec., Exh. 46 ("MGA's
27  payments to Isaac Larian and Farhad Larian are relevant to the claims and defenses
28  in this case.").

1   which the District Court and the Discovery Master have held is relevant to punitive

2   damages;[130] and (5) [REDACTED].

3         Instead, Larian makes two other arguments that are equally without

4   merit:  (1) that because Bryant was not compelled to produce his tax returns, Larian

5   should not be compelled to produce his; and (2) Mattel should be required to obtain

6   all of the remaining financial information it seeks regarding Larian from MGA.

7         As for his tax returns, as a preliminary matter, each of the cases cited

8   by Larian acknowledges that "[t]ax returns do not enjoy an absolute privilege from

9   discovery." Premium Services Corp. v. Sperry & Hutchinson Co., 511 F.2d 225,

10  229 (9th Cir. 1975); Southern California Housing Rights Center v. Krug, 2006 WL

11  4122148, *3 (C.D. Cal. 2006) (same).  Moreover, each acknowledge that the reason

12  for the rule is a "public policy against unnecessary **public** disclosure." Id.

13  (emphasis added).  Here, the documents could be produced subject to the protective

14  order in this case, and as such would not be public.  See, e.g., In re Heritage Bond

15  Litigation, 2004 WL 1970058, *5, n.12 (granting motion to compel production of

16  defendant's financial records because "[a]ny privacy concerns . . . defendants have in

17  their bank records and related financial statements are adequately protected by the

18  protective order, and are not sufficient to prevent production in this matter"); A.

19  Farber and Partners, Inc., 234 F.R.D. 186, 191-92 (C.D. Cal. 2006) ("plaintiff's need

20  for defendant Garber's financial documents outweighs defendant Garber's claim of

21  privacy, especially when the 'impact' of the disclosure of the information can be

22  protected by a 'carefully drafted' protective order"); Gohler v. Wood, 162 F.R.D.

23  691, 697 (D. Utah 1995) ("Because the protective order limits disclosure of

24  confidential material to those who are necessarily involved in the case, and these

25  parties may use this information only for purposes of litigating this case, excluding

26  _____

27  [130]   Order Granting Mattel, Inc.'s Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Albán Dec., Exh. 44;

28  Minute Order dated July 2, 2007, at pp. 4-5, Albán Dec., Exh. 45.

1  any business purpose, the court concludes Deloitte's confidentiality concerns have
2  been addressed adequately.").

3         In any case, there is a compelling need for Larian's tax returns here.
4  [REDACTED].  This testimony is contrary to information Mattel has obtained in
5  documents produced in this lawsuit.  Undoubtedly, Larian will attempt to disclaim
6  knowledge of or the accuracy of those documents, MGA's audited financial
7  statements, at trial.  Only his tax returns, however, have his signature attesting to the
8  federal government of their truth and accuracy.  Thus, they are critical impeachment
9  evidence that is not available by any other means.

10         Moreover, Mr. Larian's finances are far more complex than those of
11  Carter Bryant.  For example, Bryant's profits from Bratz are largely set forth in this
12  royalty statements from MGA.  Larian, on the other hand, is a position to conceal
13  payments through personal use of corporate assets, transfers of assets among a
14  multitude of corporate entities, trusts, and other transactions that will be difficult, if
15  not impossible, to unravel.  For example, Mattel now knows that Larian's controlling
16  interest in MGA is held not by him personally, but through a trust or trusts.[131]  And
17  far from getting information on this issue from MGA, MGA's counsel instructed
18  Ms. Tonnu not to answer questions about Larian's trusts.[132]  MGA does not know
19  about Larian's financial dealings or holdings.  Tonnu does not prepare Larian's
20  taxes.[133]  He and MGA use different accountants.[134]  Only Larian's tax returns offer
21  a plain—and sworn—summary number as to what Larian himself has concluded he
22  has made.

23         Larian's claim that Mattel should obtain documents regarding his
24  financial condition from MGA makes no sense.  Larian is party to this lawsuit and

25
26  [131]   Depo. Tr. of Lisa Tonnu (Vols. 1 and 2), dated July 19, 2007, and September 24, 2007 ("Tonnu Tr."), at 49:3-25, Albán Dec., Exh. 36.
27  [132]   Id. at 53:15-55:8.
   [133]   Id. at 53:12-14; 363:5-364:10.
28

1  Mattel is entitled to seek information about Larian's financial condition from Larian.

2  Larian does not get to dictate what discovery devices Mattel must use to obtain

3  information that is relevant to this lawsuit.  Nor should Larian be permitted to turn

4  Mattel's efforts to obtain relevant information about his finances into a shell game

5  whereby Larian directs Mattel to get the information from MGA and then MGA

6  does not produce the information because it claims, for example, that the

7  information is in Larian's "personal files."[135]

8          In addition, by Larian's own admission, any documents Mattel receives

9  from MGA will include only payments, salary, and dividends Larian has received

10 **from MGA**.  They offer nothing as to Larian's net worth generally.  Larian's net

11 worth as a whole is relevant to Mattel's punitive damages claims.  Minute Order

12 dated July 2, 2007, at pp. 4-5, Kidman Dec., Exh. 18.  See also Hilao v. Estate of

13 Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (defendant's financial

14 condition a relevant factor in awarding punitive damages); Housing Rights Center v.

15 King, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages claim has

16 been asserted, a majority of federal courts permit pretrial discovery of financial

17 information about defendants without requiring the plaintiff to establish a prima

18 facie case on the issue of punitive damages.").

19          Mattel is entitled to discovery about Larian's financial condition from

20 Larian.  He should be ordered to produce it.

21

22

23 _____

    [134]  Id. at 363:5-364:10.

24  [135]  Moreover, while Larian claims that these requests are duplicative of Mattel's

25 other requests to MGA, the only requests it points to are Mattel's Fifth Set of
    Requests for Documents and Things to MGA.  Larian fails to mention, however,

26 that MGA's response to those requests is not even due until December 27, 2007 and
    Mattel has no way of knowing how MGA will respond.  In any event, Mattel is

27 entitled to information from Larian to determine if they conflict with any
    information provided by MGA, a fact that itself would be highly relevant.

28

**E.** **The Court Should Compel Larian to Produce Documents Regarding Computers and Devices Used to Store Information About Bratz, Angel or Bryant (Request Nos. 222-225 and 227-228)**

**1.** **Mattel's Request and Larian's Responses**

**REQUEST FOR PRODUCTION NO. 222:**

Each STORAGE DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or BRYANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**REQUEST FOR PRODUCTION NO. 223:**

DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or BRYANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

1  Larian also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would be

3  inimical to the business interests of Larian and one or more third parties.  Larian

4  also objects to this request to the extent it calls for the disclosure of attorney-client

5  privileged information or information protected from disclosure by the work-

6  product doctrine, joint defense or common interest privilege, or other privilege.

7  **REQUEST FOR PRODUCTION NO. 224:**

8         All DOCUMENTS RELATING TO the purchase, acquisition, installation,

9  transfer, shipment, destruction or disposition of each STORAGE DEVICE that

10  YOU have used to create, prepare, generate, copy, transmit, receive, delete or

11  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

12  BRYANT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

14         Larian incorporates by reference the above-stated general objections as if

15  fully set forth herein.  Larian also specifically objects to this request on the grounds

16  that it is overbroad and seeks information not relevant to the subject matter of this

17  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

18  Larian also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of Larian and one or more third parties.  Larian

21  also objects to this request to the extent it seeks information the disclosure of which

22  would implicate the rights of third parties to protect private, confidential, proprietary

23  or trade secret information.  Larian also objects to this request to the extent it calls

24  for the disclosure of attorney-client privileged information or information protected

25  from disclosure by the work-product doctrine, joint defense or common interest

26  privilege, or other privilege.

27

28

**REQUEST FOR PRODUCTION NO. 225:**

Each STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks tangible items not within Larian's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 227:**

All DOCUMENTS RELATING TO the purchase, acquisition, installation, transfer, shipment, destruction or disposition of each STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  Larian also objects to this request on the ground that it is overbroad, unduly

2  burdensome, and oppressive, including, without limitation, in that it is duplicative of

3  request number 228.  Larian also objects to this request on the grounds that it seeks

4  confidential, proprietary or commercially sensitive information, the disclosure of

5  which would be inimical to the business interests of Larian and one or more third

6  parties.  Larian also objects to this request to the extent it seeks information the

7  disclosure of which would implicate the rights of third parties to protect private,

8  confidential, proprietary or trade secret information.  Larian also objects to this

9  request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege.

12      Larian also objects to this request to the extent it seeks documents not within

13  Larian's possession, custody or control.

14  **REQUEST FOR PRODUCTION NO. 228:**

15      All DOCUMENTS RELATING TO the purchase, acquisition, installation,

16  transfer, shipment, destruction or disposition of each STORAGE DEVICE that

17  BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or

18  modify any DIGITAL INFORMATION.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

20      Larian incorporates by reference the above-stated general objections as if

21  fully set forth herein.  Larian also specifically objects to this request on the grounds

22  that it is overbroad and seeks information not relevant to the subject matter of this

23  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

24  Larian also objects to this request on the grounds that it seeks confidential,

25  proprietary or commercially sensitive information, the disclosure of which would be

26  inimical to the business interests of Larian and one or more third parties.  Larian

27  also objects to this request to the extent it seeks information the disclosure of which

28  would implicate the rights of third parties to protect private, confidential, proprietary

or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

## 2. Mattel's Statement of Position, Larian's Response, and Mattel's Reply

### (a) Mattel's Statement of Position

Request Nos. 222-225 and 227-228 seek digital storage devices and documents relating to digital storage devices used by Larian and Bryant to create, prepare, generate, copy, transmit, receive, delete or modify digital information relating to Bratz or Angel or (in the case of Larian) Bryant or (in the case of Bryant) MGA.  It is beyond doubt that a request for "documents" under Rule 34 properly operates as a request for documents stored in electronic form.  See Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999); Fed. R. Civ. P. 34, adv. comm. note.[136]  Parties may also obtain computer hard drives and other storage devices for testing pursuant to a Rule 34 request.  See, e.g., Superior Consultant Co. v. Bailey, 2000 WL 1279161, at *13 (E.D. Mich. Aug. 22, 2000) (ordering defendants to "create and produce to defense counsel a backup file of defendant Bailey's laptop computer, and a backup file of any personal computer hard-drive to which defendant Bailey has had access at any time").  In fact, recent amendments to Rule 34 and the accompanying Committee Notes make clear that parties may test electronic storage devices, including hard drives.[137]  Nonetheless,

---

[136]   Mattel's requests also explicitly defined "documents" to include electronic data and documents.  Kidman Dec., Exh. 1 at 3.

[137]   Under the new rule, "[a]ny party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, test, or sample any designated documents or electronically stored information."  According to the Advisory Committee Notes, (footnote continued)

Larian has improperly refused to produce or permit Mattel to inspect the hard drives and other storage devices in his possession, custody or control that are clearly relevant to the issues in this lawsuit.  He should be ordered to do so.

**(b)** <u>**Larian's Argument in Response Regarding Request No. 223**</u>

[At meet and confers subsequent to the filing of this motion, Larian agreed to produce documents in response to this Request.  He therefore did not provide an argument in response to this Request.  However, Larian has not yet produced such documents or provided a date by which he will do so.  Larian should ordered to produce all responsive documents forthwith.]

**(c)** <u>**Mattel's Reply Regarding Request No. 223**</u>

Although Larian has agreed to produce these documents, he has not yet done so, nor has he provided a date by which such production could be expected.  Mattel is therefore entitled to an order providing a deadline for Larian to comply with this Request.

**(d)** <u>**Larian's Argument in Response Regarding Request Nos. 222 and 224**</u>

This Court should reject Mattel's attempt to compel production of the documents sought by Request Nos. 222 and 224, which are overbroad and unduly burdensome.  Request No. 222 seeks production of each of Mr. Larian's storage devices used in connection with digital information relating to Bratz, Angel, or Bryant, and is unnecessary, duplicative, unduly burdensome, and overbroad.

---

the amendments to Rule 34 do not alter the discoverability of electronic information, but clarify uncertainties in the former Rule by providing for testing of electronic information.  <u>See</u> 2005 Committee Notes to <u>Fed. R. Civ. P.</u> 34 ("Rule 34(a)(1) is also amended to make clear that parties may request an opportunity to test or sample materials sought under the rule in addition to inspecting and copying them.  That opportunity may be important for both electronically stored information and hard-copy materials.").

1   Similarly, Request No. 224 seeks documents relating to the "purchase, acquisition,

2   installation, transfer, shipment, destruction or disposition" of each of Mr. Larian's

3   storage devices, and is also overbroad and unduly burdensome.

4         Mattel has not provided a single, principled argument why production of Mr.

5   Larian's personal storage devices are necessary or even desirable.  Instead, Mattel

6   focuses its energies attempting to argue that Rule 34 allows discovery of electronic

7   storage media in some instances.  Rule 34, however, focuses on "documents or

8   electronically stored *information*," Fed. R. Civ. P. 34(a)(1) (emphasis added), and

9   not electronic storage *devices*.  The language of the Committee Note Mattel cited

10  merely confirms that the amendment to Rule 34(a)(1) "may be important for .. .

11  electronically stored *information* . . . ." Fed. R. Civ. P. 34(a)(1), 2006 Adv. Comm.

12  Notes (emphasis added).  The interesting part of that Committee Note, however, is

13  the portion that Mattel omitted, which notes the amendment of Rule 34 relating to

14  "electronically stored ***information* is not meant to create a routine right of direct**

15  ***access to a party's electronic information system."*** *Id.*  The Committee also noted

16  that, "although such access might be justified in some circumstances," ***"Courts***

17  ***should guard against undue intrusiveness resulting from inspection or testing***

18  ***such systems." Id.*** (emphasis added).

19        Courts generally require that a requesting party prove improper conduct

20  before compelling the production of a computer hard drive because hard drives

21  "often contain information that is not relevant to the claims and defenses pleaded in

22  a complaint, or that is subject to a claim of privilege, such as attorney-client, work

23  product, trademark or copyright privileges." Moore's Federal Practice

24  § 37A.44[3][b] (3d ed. 2007).[138]

25

26    [138]  Citing *Williams v. Mass Mut. Life Ins. Co*., 226 F.R.D. 144, 146 (D. Mass.

27  2005) (absent any credible evidence that responding party failed to produce requested email, court declined to order inspection of computer hard drive);

28  *Convolve, Inc. v. Compaq Computer Corp.,* 223 F.R.D. 162, 169 (S.D.N.Y. 2004) (footnote continued)

07209/2320027.1

In *Playboy v. Welles,* which Mattel cited, the court held "that by requesting 'documents' . . . Plaintiff also effectively requested production of information stored in electronic form." *Playboy Enterprises v. Welles*, 60 F. Supp. 2d.1050, 1053 (S.D. Cal. 1999).  Although the court in Playboy eventually granted plaintiff access to the defendant's hard drive, it did so "***only*** because Defendant's actions in deleting . . . e-mails made it currently impossible to produce the information as a 'document'." *Id.* Despite defendant's improper conduct, however, the court recognized and protected the defendant's privilege and privacy interests by ordering defendant's counsel to review all documents recovered from the hard drive before production, and to produce "only those documents that [were] relevant, responsive, and non privileged." *Id.* at 1054 (emphasis added).

*Playboy* does not support Mattel's request for production of Mr. Larian's electronic storage devices because Mattel does not allege any deleted documents here.  Moreover, Mattel's overbroad request, which clearly encompasses non-responsive documents, ignores Mr. Larian's important privilege and privacy interests.  Mattel has failed to explain why Mr. Larian should be subjected to the added burden and invasion of his privacy he would experience by producing his personal storage devices, particularly since they have already been the subject of numerous requests, as explained below.  As *Playboy* highlights, requests under Rule 34 are subject to the Court weighing the benefit versus the burden of discovery requests under Rule 26. *Id.* In this case, that balance clearly weighs in favor of Mr. Larian.

The Michigan case Mattel cites also does not support Request No. 222.  In *Superior Consultant v. Bailey,* defendant was required to produce redacted copies of

---

defendant was not required to provide direct access to its hard drives, servers, and databases because, although defendant failed to produce some documents, there was no widespread destruction or withholding of relevant information or other systematic abuse of discovery process so as to warrant such a server sanction.)

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1   backup files, and not "computer hard drives and other storage devices for testing,"

2   as Mattel asserted.[139]  *Superior Consultant Co. v. Bailey,* No. 00-CV-73439, 2000

3   WL 1279161, at *13 (E.D. Mich. Aug. 22, 2000).  Mattel itself notes that the

4   defendants in that case were ordered to "create and produce to **defense counsel** a

5   **backup file**" of defendant's laptop and personal computer hard drives.[140]  In other

6   words, no storage device was produced, and the backup files were ordered to go first

7   to **defendant's own counsel**, who redacted the files before providing them to

8   plaintiffs counsel.  Id. at *13.

9        Request No. 222 is further overbroad because it asks indiscriminately for all

10   storage devices used by Mr. Larian in connection with any digital information

11   relating to Bratz, Angel or Bryant.  Mattel's request is so overbroad and would

12   create a burden for Mr. Larian so great that it may be physically impossible to

13   comply with.  Surely Mattel does not need (or likely even want) every CD and DVD

14   containing every copy of Bratz-related video and audio content (e.g., movies,

15   soundtracks, etc.), but that is what its request seeks, by asking for every storage

16   device[141] that Mr. Larian (and more broadly MGA[142]) has used to copy digital

17   information[143] relating to Bratz.  Accordingly, expecting MGA's compliance with

18   Request No. 222 is unreasonable, if not impossible.

19

20   _____

21   [139]   Mattel Sep. Statement at 159:16-17.
     [140]   Mattel Sep. Statement at 159:17-21 citing *Superior Consultant*, at *13.

22   [141]   Mattel's requests define the term "STORAGE DEVICE" to include "any. . .

23   device or medium that allows a user, whether permanently, temporarily or
     otherwise, to . . . copy, retain, store or maintain DIGITAL INFORMTION."

24   (Kennedy Decl. Ex. 12 (Mattel's First Set of Requests for Documents and Things to
     Isaac Larian) at 6, Definition ¶ N.)

25   [142]   Mattel's requests define "YOU" to include MGA along with a panoply of

26   other entities.  (*Id.* at 2, Definition ¶ A.)

27   [143]   Mattel's requests define "DIGITAL INFORMATION" as "information
     created or stored digitally, including but not limited to electronically, magnetically

28   or optically."  (*Id.* at 6, Definition ¶ M.)

1    Finally, Mattel's Request No. 222 for Mr. Larian's storage devices is

2  unnecessary and duplicative because it requests information that is sought by

3  numerous other requests to Mr. Larian, as well as requests to MGA.  Mattel's

4  requests for production to Mr. Larian and MGA are replete with requests for

5  documents and communications relating to Bratz, Angel, or Bryant.  In responding

6  and preparing to respond to these requests, both Mr. Larian and MGA have searched

7  all relevant locations for documents, including both hard-copy documents as well as

8  electronic documents.  Thus, any relevant documents that Mattel seeks are almost

9  certainly already included in the broad universe of documents it has requested-many

10  of which MGA has already produced.

11    Regarding Request No. 224, Mattel does not even attempt to justify its

12  demand for documents relating to the purchase, acquisition, installation, etc., of each

13  storage device of Mr. Larian.  It is difficult to fathom how documents related to the

14  purchase, for example, of each of Mr. Larian's storage devices might remotely be

15  related to the claims or defenses at issue.  Also, since the request is not limited to

16  only those devices containing information relevant to the claims or defenses, it is

17  almost certainly overbroad as well.

18    **(e)    Mattel's Reply Regarding Request Nos. 222 and 224**

19    Digital storage devices belonging to Mr. Larian that contain digital

20  information relating to Bratz, Angel, or Bryant, are unquestionably relevant to this

21  litigation.  Indeed, allegations of destruction of evidence on Larian's hard drives are

22  a basis for Mattel's counterclaims.[144]  Moreover, Mr. Larian and MGA already put

23  spoliation of evidence squarely at issue in their motion for terminating sanctions.[145]

24  _____

25  [144]    Mattel, Inc.'s Second Amended Answer In Case No. 05-2727, dated July 12, 2007, at ¶ 93(c), Kidman Dec., Exh. 14 ("Counter-defendants MGA, MGA

26  Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado and Does 4 through 10, aided and abetted by each other and some or all of the remaining

27  members of the MGA Criminal Enterprise, did corruptly alter, destroy, mutilate, or

28  conceal more than one record, document, or other object, or attempted to do so, with (footnote continued)

-202-

07209/2320027.1

1    Larian does not dispute this.  Instead, he argues that (1) Mattel has
2  shown no improper conduct sufficient to allow production of the drive; (2) Larian
3  has privacy interests that will be impinged upon; and (3) the request is overbroad
4  and duplicative because it asks for all CDs and DVDs produced anywhere at MGA
5  regarding Bratz, Angel, or Bryant.

6    Larian argues that Mattel needs to show some improper conduct before
7  gaining access to the drives themselves, but in the cases he cites, destruction of
8  digital evidence is not part of any claim in the case.  In any event, improper conduct
9  is easily shown here:

10    • Isaac Larian has destroyed his computers and the information
11      contained on them.[146]  MGA also "wiped" the information from
12      the hard drives of Mr. Larian's computers every six months to a
13      year, preserving only a portion of the information they
14      contained.[147]

15    • MGA's CEO, Isaac Larian, ordered another MGA executive to
16      redact "Barbie Collectibles" from the faxed version of Bryant's
17      Bratz agreement with MGA to conceal that Bryant had sent the
18      contract from Mattel's Design Center.[148]

19
20  ─────────────────────
the intent to impair the object's integrity or availability for use in an official
21  proceeding, including this action, including without limitation by . . . destroying
22  electronic and other evidence, including by **destroying evidence previously
contained on Carter Bryant's and Isaac Larian's computer hard drives**.")
23  (emphasis added).
24    [145]  MGA Entertainment, Inc.'s Notice of Motion for Terminating Sanctions
Against Mattel, Inc. Due to Spoliation of Evidence, dated July 23, 2007, Albán
25  Dec., Exh. 43.
26    [146]  See Depo. Tr. of Ken Lockhart (Vol. 2), dated June 15, 2007 at 255:2-256:18,
Albán Dec., Exh. 35.
27    [147]  See Lockhart Tr. (Vol. 2) at 255:2-258:9, Albán Dec., Exh. 35.
28    [148]  Tr. of Victoria O'Connor Depo. at 18:13-18, Albán Dec., Exh. 26.

1        •     Bryant and MGA engaged in destructive testing of Bryant's

2               original Bratz drawings without notice to the Court or Mattel.[149]

3               The Court recognized that defendants' handling of these "critical

4               documents" raises "serious questions . . . [which cause] the Court

5               much concern about whether the truth seeking functions of the

6               adversarial system have been fundamentally compromised in this

7               case."[150]

8           The Court previously rejected attempts by Bryant to prevent Mattel

9 from inspecting his computer hard drves.  When, after multiple motions, Bryant

10 finally produced them, Mattel learned that a software program called "Evidence

11 Eliminator" had been installed and data had been deleted.  Mattel has a right to

12 inspect the hard drives at issue here to ensure that relevant information has not been

13 deleted or permanently destroyed.

14           Finally, Mr. Larian raises privilege and privacy concerns as an

15 additional reason not to produce the hard drives.  Yet, as to privilege, Mattel is

16 willing to stipulate to no waiver of privilege, and indeed made such an agreement in

17 conjunction with the production of Bryant's hard drive that the Discovery Master

18 previously compelled.  Moreover, Larian's privacy concerns are fully met by the

19 protective order in this case.  See, e.g., In re Heritage Bond Litigation, 2004 WL

20 1970058, *5, n.12 (granting motion to compel production of defendant's financial

21 records because "[a]ny privacy concerns . . . defendants have in their bank records

22 and related financial statements are adequately protected by the protective order, and

23 are not sufficient to prevent production in this matter"); A. Farber and Partners, Inc.,

24 234 F.R.D. 186, 191-92 (C.D. Cal. 2006) ("plaintiff's need for defendant Garber's

25 financial documents outweighs defendant Garber's claim of privacy, especially

26

27    [149]   Court's Order Denying Appointment of Expert Witnesses ("Expert Witnesses Order"), dated August 11, 2006, at 4:19-7:3, Albán Dec., Exh. 34.

28    [150]   Expert Witnesses Order at 11:10-13, Albán Dec., Exh. 34.

when the 'impact' of the disclosure of the information can be protected by a 'carefully drafted' protective order"); <u>Gohler v. Wood</u>, 162 F.R.D. 691, 697 (D. Utah 1995) ("Because the protective order limits disclosure of confidential material to those who are necessarily involved in the case, and these parties may use this information only for purposes of litigating this case, excluding any business purpose, the court concludes Deloitte's confidentiality concerns have been addressed adequately.").

Request No. 224, asking for documents related to the acquisition or destruction of these drives, is relevant for the same reason. If Mr. Larian has purchased five drives related to Bratz, but only produces three, Mattel has a right to know that, and a right to learn what happened to the other two. Similarly, if Larian provides documentation showing that he has destroyed Bratz related drives, that information would be highly relevant to issues of spoliation. As just discussed, Mr. Larian has already destroyed some of his own computers. Mattel has a right to know the extent of the damage. This is only possible if it has information regarding the purchase, destruction, etc. of these drives.

### (f)   <u>Larian's Argument in Response Regarding Request Nos. 225, 227, and 228</u>

This Court should reject Mattel's attempts to compel production of documents sought by Request Nos. 225, 227, and 228, which are improper, overbroad, and unduly burdensome. These requests, which seek production of Carter Bryant's storage devices and related documents, are improperly directed at Mr. Larian.

A party may not be compelled to produce items that are not within its possession, its custody, or its control. Fed. R. Civ. P. 34(1). "To be subject to discovery under Rule 34, the documents, electronically stored information or things sought must be within the possession, custody, or control of a party." Moore's FP §

1  34.14[2][a].[151]  Mr. Larian does not have personal possession of Mr. Bryant's hard

2  drive or other storage devices, or information about those devices.  As such, the

3  Court should reject these requests on this basis alone.

4       Aside from the fact that the requests are improperly directed at Mr. Larian,

5  they also suffer from the same shortcomings discussed above in connection with

6  Request Nos. 222 and 224. Namely, these requests are duplicative, unduly

7  burdensome, and overbroad for the same reasons as Request Nos. 222 and 224.

8  Moreover, because Mattel has lumped Request Nos. 225, 227, and 228 together with

9  Request Nos. 222 and 224, it has not provided any principled argument or rationale

10  regarding why the Court should enforce these requests, other than the fact that

11  Mattel believes that the requests are properly the subject matter of Rule 34.  But, as

12  discussed in connection with Request Nos. 222 and 224, because of their over-

13  breadth, duplicative nature, and minimal relevance (if any), Requests 225-228 create

14  an unduly high burden for Mr. Larian that this Court should reject.

15       **(g)    Mattel's Reply Regarding Request Nos. 225, 227, and**

16       **228**

17       These Requests ask for hard drives and related documents that belong

18  to Carter Bryant.  Mr. Larian makes the same objections that he did in response to

19  Request Nos. 222 and 224, above, and the same response applies.  Namely, Mattel

20  has evidence of spoliation, and is entitled to learn if other data has been destroyed.

21  Indeed, it was Carter Bryant's hard drive on which Mattel has learned that the

22  "Evidence Eliminator" software was installed.  If Larian is in possession of other

23  Carter Bryant hard drives, Mattel is entitled to know about it.

24       In addition to those arguments, Larian also objects that he is being

25  asked to produce hard drives and documents he does not possess.  This is a curious

---

151  *Italia Di Navigazione, S.p.A. v. M V. Hermes I*, 564 F. Supp. 492, *495
(D.C.N.Y.,1983) (objection to requests for production sustained where party lacked
possession, custody, or control).

MATTEL INC.'S CONSOLIDATED SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL

1  objection.  If he does not possess these documents, he will not be producing them.

2  The Requests are designed to find out, for example, if Carter Bryant transferred a

3  hard drive of his to Isaac Larian, or if Mr. Larian is in possession of an MGA drive

4  that Carter Bryant used for work on Bratz.  If either is the case, Mattel is entitled to

5  know about it.  If not, Mattel is entitled to know that too.

6      Indeed, if Larian does not possess such drives, that only means that the

7  burden of producing them is completely absent, because there is nothing to produce.

8  For these reasons, Larian should be ordered to produce drives and documents in

9  response to Request Nos. 225, 227, and 228.

10

11  DATED:  December 10, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

12

13                    By /s/ Scott B. Kidman

14                       Scott B. Kidman
                        Attorneys for Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-207-