1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
13      vs.                              Case No. CV 05-02727

14  MATTEL, INC., a Delaware             **DISCOVERY MATTER**
    corporation,
15                                       **[To Be Heard By Discovery Master
                Defendant.               Hon. Edward Infante (Ret.) Pursuant To
16                                       The Court's Order Of December 6, 2006]**

17  AND CONSOLIDATED ACTIONS             **SEPARATE STATEMENT NO. 2**

18                                       [PUBLIC REDACTED] SEPARATE
                                         STATEMENT IN SUPPORT OF
19                                       MATTEL, INC.'S MOTION (1) TO
                                         ENFORCE COURT'S DISCOVERY
20                                       ORDERS AND TO COMPEL; (2) TO
                                         OVERRULE IMPROPER
21                                       INSTRUCTIONS; AND (3) FOR
                                         SANCTIONS
22
                                         Hearing Date:   January 4, 2008
23                                       Time:           9:00 a.m.
                                         Place:          TBD
24
                                         Phase 1
25                                       Discovery Cut-off: January 28, 2008
                                         Pre-trial Conference: May 5, 2008
26                                       Trial Date: May 27, 2008
27

28

1       Mattel, Inc. ("Mattel") respectfully submits the following separate statement

2  in support of the portion of its Motion (1) To Enforce Court's Discovery Orders and

3  to Compel; (2) To Overrule Improper Instructions; and (3) For Sanctions directed to

4  overruling improper instructions not to answer deposition questions and to compel

5  answers.

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 1. [53:15-55:1]**[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | MGA improperly instructed the witness not to identify MGA's primary shareholder on scope and privacy grounds.  The information sought is relevant to Topic 37, MGA's corporate structure.  All of MGA's objections and limitations thereto were previously overruled.  <u>See</u> May 16 Order, ¶ 5. Corey Dec., Exh. 11. ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ Tonnu Tr. at 49:3 to 52:15, Corey Dec., Exh. 1.  The identity and specifics of MGA's shareholders is relevant for a number of reasons.  First, it is relevant to damages, given that since 2001, ▮▮▮▮▮▮▮▮▮▮▮▮▮ |

[1] Unless otherwise noted, all deposition transcript citations are to the deposition transcripts of Lisa Tonnu, taken July 19, 2007 (attached to the Corey Dec. as Exhibit 1) and September 24-25, 2007 (attached to the Corey Dec. as Exhibit 2).

-1-



| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | |

Corey Dec. Exh. 59.  Second, depending on the structure of the trusts, they may be relevant to a showing of Larian's net worth for punitive damages claims. Mattel cannot make that determination without first knowing the trust(s) basic information.  The instruction not to answer are improper.  To the extent privacy concerns are implicated, and MGA failed to specifically identify such concerns, MGA's remedy is to invoke the Protective Order in place in this matter.  It failed to do so.

Further, the attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics.  "When a corporation

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | produces an employee under <u>Fed. R. Civ. P.</u> 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers." <u>Sprint Communications v. TheGlobe.Com, Inc.,</u> 236 F.R.D. 524, 529 (D. Kan. 2006).  As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information. |

Finally, MGA's instructions not to answer based on "scope" are improper. <u>Federal Rule of Civil Procedure</u> 30, provides, in part:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)</u>.

<u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | added). Rule 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions. Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections.

   "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, or whether a |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
| --- | --- |
| | question is compound may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to answer, coupled by Ms. Tonnu's following counsel's instructions, were not only unreasonable but improper. |
| **Instruction No. 2. [55:2-8]** | See Response to Instruction No. 1. |
| **Instruction No. 3. [55:12-23]** | See Response to Instruction No. 1. |

7209/2315872.1

-5-

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ▬▬▬▬▬▬ | |
| **Instruction No. 4. [55:25-56:10]** | See Response to Instruction No. 1. |
| **Instruction No. 5. [353:22-354:12]** | See Response to Instruction No. 1. |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ██████████████████ | |
| ████████ | |
| ████████████ | |
| ██████████████████ | |
| ████████████████ | |
| ██████████████ | |
| ██████████ | |
| ████████████████ | |
| ██████ | |
| ██████████ | |
| ████████████████ | |
| ██████████████ | |
| ██████████ | |
| ████████ | |
| ██████████ | |
| ██████████ | |
| ██████████████████ | |
| ████████████████ | |
| ████████████████ | |
| ██████████████████ | |
| **Instruction No. 6. [162:25-164:2]** | The Discovery Master has |
| THE WITNESS:  I just want to | previously ruled that facts learned from |
| make a clarification of something I | counsel are not privileged.  Indeed, the |
| stated earlier regarding the voucher | Discovery Master initially did so based |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| payments.<br><br>    I did get my dates wrong because I learned this information a couple days ago.  But the two invoices that were 1031, that one was actually -- the voucher date was October 2000.  And then the royalty payment was also dated in October 2000 as well.<br><br>    BY MR. COREY:<br><br>    Q    And that's -- that's what counsel told you at the break?<br><br>    A    He --<br><br>    MR. JENAL:  Objection.  Calls for attorney-client communication.<br><br>    And instruct the witness not to answer.<br><br>    BY MR. COREY:<br><br>    Q    How was your recollection refreshed, Ms. Tonnu?<br><br>    A    Excuse me?<br><br>    Q    How was your recollection refreshed as to correct dates that you testified to?<br><br>    MR. JENAL:  Same objection.<br><br>    Instruct the witness not to answer | upon MGA's and Bryant's own arguments that such matters are not privileged and did so again in his Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16.  That is the information sought here.  Mattel may inquire into what was said between counsel and Ms. Tonnu at the break.  Recess conversations between counsel and the deponent are prohibited.  At the very least, Mattel's counsel may inquire into what was said and review the documents, if any, that refreshed Ms. Tonnu's recollection.  See Fed. R. Evid. 612; and Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1573, 11:971 (Rutter's Group 2007). |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| to the extent it calls for attorney-client communication.<br><br>    BY MR. COREY:<br>    Q    Did Mr. Jenal tell you what the dates were?<br>    MR. JENAL:  Same objection.<br>    Instruct the witness not to answer. | |
| **Instruction No. 7. [177:9-21]**<br>████████████████████<br>████████████████████<br>████<br>████████<br>██████████<br>██████████████████<br>█████████<br>████████████<br>███████████████████<br>██████████████████<br>████<br>█████<br>████████████<br>█████ | In addition to the May 16 Order requiring MGA to produce its witnesses for the Topics and overruling all objections thereto, Mattel is entitled to information concerning the handling, shipment and testing of original Bratz documents.  These questions do not seek the results of any tests that Mr. Speckin may have conducted.  MGA retained Erich Speckin, but has not stated whether Mr. Speckin will testify.  Declaration of Erich J. Speckin, dated July 21, 2006, ¶ 1, attached to the Corey Dec., Exh. 19. Assuming Mr. Speckin is, at the least, a consulting expert, the Federal Rules of Civil Procedure permit discovery of facts |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ▮▮▮▮▮▮▮▮▮ | known or opinions held by Mr. Speckin under the present exceptional circumstances: |

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Federal Rule of Civil Procedure 26(b)(4)(B); see also Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:925-927 (Rutter's Group 2007). To the extent MGA claims this information is protected as "work product," that contention is without merit. Rule 26(b)(4)(B) "abolishes the notion that a nontestifying expert's information is 'privileged' or protectable as 'work

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | product.'  Instead, discovery from nontestifying experts is based on the doctrine of unfairness."  Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:927 (Rutter's Group 2007) (emphasis in original) (citations omitted); see also Federal Rule of Civil Procedure 26(b)(4)(B).  The premise underlying the unfairness doctrine is that a party should not be permitted to build its case on the preparation and expense of its adversary. See Pearl Brewing Co. v. Jos. Schlitz Brewing Co., 415 F. Supp. 1122, 1138 (S.D. Tex. 1976) (doctrine is intended to protect against the danger that "such discovery would afford the opportunity to take unwarranted advantage of an adversary's trial preparation").  Rule 26(b)(4)(B), however, "is not an 'impenetrable fortress' against discovery and parties seeking discovery can make a showing of exceptional circumstances where there is no practicable alternative by which they can obtain the |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | information."  <u>Bank Brussels Lambert v. Chase Manhattan Bank, N.A.</u>, 175 F.R.D. 34, 44 (S.D.N.Y. 1997).  "In assessing 'unfairness,' courts <u>balance</u> the intrusion on the resisting party's work product and the coerced appropriation of the nontestifying expert's knowledge <u>against the need for information that cannot be obtained in any other way</u>, in order to make an accurate determination of the facts."  Schwarzer, Tashima & Wagstaffe, <u>Fed. Prac. Guide: Civ. Proc. Before Trial</u>, § 11:927 (Rutter's Group 2007) (emphasis in original) (citations omitted); <u>see</u> also Federal Rule of Civil <u>Procedure</u> 26(b)(4)(B). Mattel is entitled to information concerning the handling, shipping and testing of original Bratz documents while in Mr. Speckin's possession.  Mattel seeks information concerning which documents Mr. Speckin tested, how these documents were handled, and which tests were performed on the documents, how they were shipped and |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | how they were stored. Mattel is not attempting to avoid the expense of retaining its own consultants (and, in fact, Mattel has engaged its own consultants as the Discovery Master is aware). The manner in which Mr. Speckin transported, analyzed, tested or otherwise used the documents is also plainly relevant. Indeed, as Judge Larson held over a year ago, the facts concerning MGA's handling of key evidence in this matter are fundamental and potentially dispositive. Court's Order Denying Appointment of Expert Witness ("Expert Order") dated August 11, 2006 , 11:8-10, attached to the Corey Dec., Exh. 13. In August, 2006, Judge Larson noted concerns about MGA's and Bryant's potential spoliation with respect to key Bratz design drawings and the destructive testing defendants' performed on them after this suit was filed, without prior notice to either the Court or Mattel. Expert Order at 11:10-11:13, attached to |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | the Corey Dec., Exh. 13("That there are serious questions concerning the handling of these critical documents certainly causes the Court much concern about whether the truth seeking functions of the adversarial system have been fundamentally compromised in this case.").  As the Court noted, the documents "are not peripheral to the case[,]" and their dating "is a fundamental, perhaps dispositive, issue to this case."  Expert Order at 10:25-11:1, 11:9-11:10, attached to the Corey Dec., Exh. 13. |

It is not only impracticable, but impossible, for Mattel to obtain these facts elsewhere.  Facts concerning the handling of original Bratz documents during Mr. Speckin's testing are known uniquely to him.  These facts are available no where else other than in Mr. Speckin's mind and in what he relayed to MGA or Bryant.  And, as an agent of MGA, MGA has an obligation to prepare a witness to provide that

7209/2315872.1

-14-

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | factual information to Mattel pursuant to the Discovery Master's May 16 and August 14 Orders.  Not only has MGA refused to provide this information to Mattel, it will not permit Mattel to depose MGA on this issue, even though ordered.  MGA's refusal to provide information concerning the factual circumstances of Mr. Speckin's handling of original Bratz documents is, therefore, inherently unfair. |

Mattel is not attempting to gain an unfair advantage by "appropriating" Mr. Speckin's "knowledge."  On balance, any intrusion on MGA's alleged "work product," to the extent any such product exists (and MGA has not identified anything in particular), is outweighed by Mattel's need for this information that cannot be obtained in any other way. Exceptional circumstances exist which require MGA to provide information concerning Mr. Speckin's facts or opinions.  See People ex rel. Wheeler v. Southern Pacific Transp. Co., 1993 WL

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| | 816066, *16 (E.D. Cal. Sept. 2, 1993) (affirming magistrate judge's holding that exceptional circumstances existed where it was "impracticable for defendants to obtain significantly equivalent information by other means, in part because of the extraordinary costs involved and in part because of changing [testing conditions] and logistical considerations"); Delcastor, Inc. v. Vail Assocs., Inc., 108 F.R.D. 405, 408-09 (D. Colo. 1985) (exceptional circumstances established where defendant's expert was the only expert to examine the slide area before the relevant terrain had substantially changed); Pearl Brewing, 415 F. Supp. at 1138 (permitting discovery because defendant was not trying to avoid burden of using its own experts, but rather needed to know computer codes used by plaintiff's consultants so that it could analyze the conclusions of plaintiff's testifying experts). MGA should be compelled to testify concerning the |

-16-

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | aforementioned facts known to Mr. Speckin, and MGA's spurious instructions not to answer should be overruled. |
| **Instruction No. 8. [178:3-10]** | See Response to Instruction No. 7. |
| **Instruction No. 9. [178:18-179:3]** | See Response to Instruction No. 7.<br><br>The Discovery Master has previously ruled that facts learned from counsel are not privileged. Indeed, the Discovery Master initially did so based upon MGA's and Bryant's own arguments that such matters are not privileged and did so again in his Order Granting Mattel's Motion for an |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ███████████████ ███████████████ ████████████ ███████ | Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16. That is the information sought here. Mattel may inquire into what was said between counsel and Ms. Tonnu at the break.  Recess conversations between counsel and the deponent are prohibited. At the very least, Mattel's counsel may inquire into what was said and review the documents, if any, that refreshed Ms. Tonnu's recollection.  See Fed. R. Evid. 612; and Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1573, 11:971 (Rutter's Group 2007). |
| **Instruction No. 10. [179:5-10]** ██████████████ ████████████████ ███████████████ ████████████████ ██████ ███████████████ | See Response to Instruction No. 7. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ███████████████████ ███████████████ | |
| **Instruction No. 11. [179:19-179:25]** ███████████ ██████████████ ███████ ████ ████████████ ██████ ███████████ ██████████████ █████ | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 12. [180:1-180:14]** █████████ █████████████ █████████████ ████████████ ███████████████ ████████████ ███████████████ ███████ █████████████ | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
| --- | --- |
| ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉ | |
| **Instruction No. 13. [181:5-11]** ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉ | See Response to Instruction No. 7. |
| **Instruction No. 14. [181:14-21]** ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉ ▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉ | See Response to Instruction No. 7.

Moreover, MGA's instructions not to answer based on form and/or scope are improper pursuant to Federal Rule of Civil Procedure 30, which provides, in part:

Any objection during a deposition must be stated concisely and in a non-argumentative and non- |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| ▮ | suggestive manner. A person may instruct a deponent not to answer <u>only</u> <u>when necessary to preserve</u> <u>a privilege, to enforce a</u> <u>limitation directed by the</u> <u>court, or to present a motion</u> <u>under Rule 30(d)(4)</u>. |

<u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added).  <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions.

Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, <u>Fed. Prac. Guide:</u>

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
|  | Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, or whether a question is already "asked and answered" may be raised, but are not the proper basis for an instruction not to answer. MGA's instruction not to answer was unreasonable and improper. |
| **Instruction No. 15. [181:23-182:3]** ▇▇▇▇▇▇ | See Response to Instruction No. 7. |
| **Instruction No. 16. [182:5-22]** ▇▇▇▇▇▇ | See Response to Instruction No. 7. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇▇ | |
| ▇▇▇ | |
| ▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇ | |
| ▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇ | |
| | |
| **Instruction No. 17. [183:5-9]** ▇▇▇▇▇▇ ▇▇▇▇▇▇ ▇▇▇▇ ▇▇▇▇▇▇ | See Responses to Instruction Nos. 7 and 9. |

7209/2315872.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ███████████████ ██████ | |
| **Instruction No. 18. [183:11-13]** ███████████ ███████████████ ██████ ███████████ ██████ | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 19. [185:3-6]** ███████████ ███████████████ ███████████████ ███████████ ███████████ ██████ | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 20. [189:4-16]** ███████████ ███████████████ ███████████ █████████ ███████████ ████████ █████████ | See Responses to Instruction Nos. 7 and 9. |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| ███████████████ ███████ ████ ██████████ ██████████ ██████████ ██████████ ████████████ ████████████ █████████ | |
| **Instruction No. 21. [573:4-9]** ██████████ ████████████ ██████████ ████████ ████████ ████████ █████████████ ███████████ ████ | See Responses to Instruction Nos. 7 and 9. |
| **Instruction No. 22. [574:5-575:21]** ██████████ ███████████ █████████ | See Response to Instruction No. 7. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| ████████ | |
| ████████ | |
| ██████████ | |
| █████████ | |
| ████ | |
| █████████ | |
| ██ | |
| ████████ | |
| █████████ | |
| █████████ | |
| ████ | |
| █████████ | |
| ████ | |
| ████████ | |
| █████████ | |
| █████████ | |
| █████████ | |
| ████ | |
| █████████ | |
| █████████ | |
| ███████ | |
| █████████ | |
| ███████ | |
| █████████ | |
| █████████ | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | |

-27-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
|  |  |
| **Instruction No. 23. [591:10-592:8]** | See Response to Instruction No. 7. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | |

**Instruction No. 24. [270:4-17]**

Q.     What did Ms. Garcia tell you about Diva Starz?

MS. MORGENTHALER LEVER:  Objection to the extent such discussion occurred in the presence of legal counsel.

MR. COREY:  Are you instructing her not to provide information that Ms. Garcia provided her in connection with preparing for this deposition on attorney-client privilege and attorney work product grounds?

MS. MORGENTHALER LEVER:  If the attorney -- if legal

Topic No. 21 is compelled.  The Discovery Master ordered MGA to produce a witness to testify about access to Mattel's DIVA STARZ project.  MGA improperly instructed the witness not to answer questions squarely within this topic.  Further, the attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics.  "When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide

7209/2315872.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| counsel was present and there's no stipulation, as there's no waiver of the attorney-client privilege. | responsive underlying factual information even though such information was transmitted through or from corporate lawyers." Sprint Communications v. TheGlobe.Com, Inc., 236 F.R.D. 524, 529 (D. Kan. 2006). The Discovery Master has previously suggested that facts learned from counsel are not privileged.  Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16.  That is the information sought here.  As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information concerning document preservation and collection.  MGA's instruction not to answer is improper. |
| **Instruction No. 25. [271:21-25]**<br>    Q.    Okay.  What did Ms. | See Response to Instruction No. 24. |

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| Garcia tell you about Diva Starz? | |
| MS. MORGENTHALER LEVER:  I object to the extent it calls for communications that occurred in the presence of legal counsel. | |
| **Instruction No. 26. [279:3-9]** | See Response to Instruction No. 24. |
| Q.    Did Ms. Garcia tell you that she had access to the Diva Starz -- any Diva Starz information while she was at Mattel? | |
| A.    No. | |
| Q.    Was she asked that? | |
| MS. MORGENTHALER LEVER:  Objection.  Calls for attorney-client communications. | |
| **Instruction No. 27. [529:16-531:13]** | See Response to Instruction No. 24. |
| Did MGA have access to Mattel internal information regarding Diva Starz prior to February 1st, 2000? | |
| MS. MORGENTHALER LEVER:  Objection.  Outside the scope. Vague and ambiguous.  Calls For Speculation.  Lack of foundation. | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Assumes facts in evidence, that they did have any information.  You're asking a - - and calls for a legal conclusion.<br>THE DEPONENT:  Not that I'm aware of.<br>BY MR. COREY:<br>Q.    As you sit here today, you don't know one way or the other?<br>MS. MORGENTHALER LEVER:  OBJECTION.  Misstates the witness's testimony.  She said not that she's aware of.  That's a --<br>MR. COREY:  Counsel, you've made your objection.  I'm tired --<br>MS. MORGENTHALER LEVER:  That is completely improper, argumentative, and badgering.<br>MR. COREY:  No --<br>MS. MORGENTHALER LEVER:  You are -- it was asked and answered.<br>MR. COREY:  Your speaking objection --<br>MS. MORGENTHALER LEVER:  No. | |

7209/2315872.1

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| 1 <br> 2 <br> 3 | |

MR. COREY:  Your speaking --

MS. MORGENTHALER

LEVER:  Asked and answered.  I'm not

going to let you do this.  This is

completely improper.

BY MR. COREY:

Q. . Go ahead and answer the

question.

MS. MORGENTHALER

LEVER:  And this is your last repeating

of this.  You've asked these same

questions yesterday.

MR. COREY:  That is absolutely

not true, counsel, and you know that.  I

asked her what she did to prepare for

her deposition --

MS. MORGENTHALER

LEVER:  No, you didn't.

MR. COREY:  -- Yesterday.

MS. MORGENTHALER

LEVER:  You went through the entire

Diva Starz and this yesterday.

BY MR. COREY:

Q. Go ahead and answer the

question.

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| A.    Not that I'm aware of.<br><br>Q.    So you don't know one way or the other?<br><br>MS. MORGENTHALER LEVER:  No -- objection.  You know -- instruction not to answer.  This is the second time you've said this. | |
| **Instruction No. 28. [532:7-18]**<br><br>Q.    The question was:  MGA is denying that it had access to internal information about Mattel's Diva Starz project prior to September 1st, 2000?<br><br>MS. MORGENTHALER LEVER:  It calls for a legal conclusion and also calls for attorney-client privileged information.  Outside -- and you're asking a legal conclusion of a lay witness.<br><br>MR. COREY:  Are you instructing the witness?<br><br>MS. MORGENTHALER LEVER:  You know, instruct not to answer.  That's an improper question. | <u>See</u> Response to Instruction No. 24. Further, instructions not to answer based on "scope" or the question is "improper" are incorrect.  <u>Federal Rule of Civil Procedure</u> 30, provides, in part:<br><br>Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)</u>.<br><br><u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added).  <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, |

-34-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
| --- | --- |
| | embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions. Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."   Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, or whether a question is compound or improper may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to answer were |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | unreasonable and improper. |
| **Instruction No. 29. [535:10-536:19]** | <u>See</u> Responses to Instruction Nos. 24 and 28. |

1
2
3
4
5
6       Q.     Okay.  Do you know
7   whether MGA learned during late '99
8   and early 2000 that Mattel was
9   considering using the name "Brat[s]" in
10  connection with the Diva Starz project?
11      MS. MORGENTHALER
12  LEVER:  Objection.  Assumes facts not
13  in evidence.  Misstates the witness's
14  prior testimony.
15      MR. COREY:  Listen, counsel --
16      MS. MORGENTHALER
17  LEVER:  This is compound.
18      MR. COREY:  -- It's a
19  foundational question.
20      MS. MORGENTHALER
21  LEVER:  No, it's not foundation
22  because you didn't -- you've -- you've --
23      MR. COREY:  Come on.  This is
24  ridiculous.
25      MS. MORGENTHALER
26  LEVER:  -- Put two things together.
27      MR. COREY:  Stop talking.
28  Make your objection -- no speaking

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| objections -- and we'll get this done.<br><br>      MS. MORGENTHALER LEVER:  Object not to -- instruct not to answer, then, because you -- once again you've linked two facts together.<br><br>      MR. COREY:  Counsel, are you instructing?<br><br>      MS. MORGENTHALER LEVER:  Yeah.<br><br>      MR. COREY:  Okay.<br><br>      MS. MORGENTHALER LEVER:  Restate the question.<br><br>      MR. COREY:  I'm not restating it.  I'm entitled to an answer to my question.  What's the basis for the instruction?<br><br>      MS. MORGENTHALER LEVER:  You've put two facts together in the question and made it compound.<br><br>      MR. COREY:  And compound is a basis to instruct?<br><br>      MS. MORGENTHALER LEVER:  Yes, it is. | |
| **Instruction No. 30. [538:18-539:7]**<br><br>    Q.    Isn't it true that Paula | <u>See</u> Responses to Instruction Nos. 24 and 28. |

| | **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|---|
| 4 | Treantafelles --Paula Garcia now -- | |
| 5 | knew prior to September 1st, 2000, that | |
| 6 | during the late 1999 and 2000 time | |
| 7 | frame, that Mattel considered using the | |
| 8 | name "Brats," B-R-A-T-S, in | |
| 9 | connection with the Diva Starz project? | |
| 10 | MS. MORGENTHALER | |
| 11 | LEVER: Objection. Compound. | |
| 12 | Assumes facts not in evidence. May | |
| 13 | call for attorney-client communications. | |
| 14 | Outside the scope of the deposition. | |
| 15 | Improper as to form. Instruct the | |
| 16 | witness not to answer. | |
| 17 | BY MR. COREY: | |
| 18 | Q. Are you going to follow | |
| 19 | your counsel's instruction? | |
| 20 | A. Yes. | |
| 21 | | |
| 22 | **Instruction No. 31. [537:2-538:17]** | See Responses to Instruction Nos. 24 and |
| 23 | Q. Is MGA denying that -- is | 28. |
| 24 | MGA denying that it knows that in | |
| 25 | 1999 and 2000, Mattel considered using | |
| 26 | the "Brat[s]" name in connection with | |
| 27 | its Diva Starz line? | |
| 28 | MS. MORGENTHALER | |

| | |
|---|---|
| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |

1     **INSTRUCTIONS NOT TO**

2     **ANSWER DEPOSITION**

3     **QUESTIONS:**

4     LEVER: Objection. Assumes facts not

5     in evidence. Improper as to form. Lack

6     of foundation. It's "do you know that

7     you were beating your wife?" That's

8     the kind of question it is. Object --

9     instruct not to answer.

10     BY MR. COREY:

11     Q.    Do you know whether

12     MGA has at any time known that in the

13     late '99/2000 time period, Mattel

14     considered using "Bratz" in connection

15     with its Diva Starz line?

16     MS. MORGENTHALER

17     LEVER: Objection as to form.

18     Compound. Assumes facts not in

19     evidence. Instruct not to answer.

20     Clean up the question.

21     BY MR. COREY:

22     Q.    Are you going to follow

23     your counsel's instruction?

24     A.    Yes.

25     Q.    Do you know whether

26     MGA learned during -- learned that

27     Mattel, during the 2000 time period,

28     contemplated using the name "Boyz,"

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| B-O-Y-Z, in connection with its Diva Starz line? | |
| MS. MORGENTHALER LEVER: Objection. Outside the scope of this deposition. Instruct not to answer. | |
| BY MR. COREY: | |
| Q. Is MGA denying that it has never -- never known that MGA -- that Mattel considered using the "Boyz," B-O-Y-Z, name in connection with its Diva Starz project during 2000? | |
| MS. MORGENTHALER LEVER: Outside the scope of this deposition. Instruct the witness not to answer. | |
| Q. Are you going to follow your counsel's instruction? | |
| A. Yes. | |
| **Instruction No. 32. [540:9-541:6]** | See Responses to Instruction Nos. 24 and 28. |
| Is MGA denying that Ms. Treantafelles knew that -- knew prior to September 1st, 2000, that Mattel was considering using the name "Brats," B- | |

| | |
|---|---|
| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |

1  
2  
3  
4  R-A-T-S, in connection with the Diva
5  Starz project?
6  　　　MS. MORGENTHALER
7  LEVER: Objection. Compound.
8  You're asking her whether they denied a
9  fact that does not exist or hasn't been
10  established in the record. Assumes
11  facts not in evidence. Improper as to
12  form. And also outside the scope of the
13  deposition. Instruct not to answer.
14  　　　BY MR. COREY:
15  　　　Q.　　Are you going to follow
16  your counsel's instruction?
17  　　　A.　　Yes.
18  　　　Q.　　Do you know whether Ms.
19  Treantafelles knew that the "Boyz"
20  name, B-O-Y-Z, was going to be used
21  by Mattel in connection with the Diva
22  Starz project prior to September 1st,
23  2000?
24  　　　MS. MORGENTHALER
25  LEVER: Objection. Compound.
26  Assumes facts not in evidence. Outside
27  the scope of the deposition. Lacks
28  foundation. Calls for speculation.

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| Instruct not to answer. | |
| **Instruction No. 33. [542:3-22]** | <u>See</u> Responses to Instruction Nos. 24 and 28. |

**Instruction No. 33. [542:3-22]**

Is MGA denying that prior to September 2000 -- excuse me -- prior to September 1st, 2000, Paula Garcia knew that Mattel was considering using the name "Boyz," B-O-Y-Z, in connection with the Diva Starz project during the 2000 time period?

MS. MORGENTHALER LEVER:  You know -- God.  Instruct not to answer.  It just has too many problems.  Compound.  Objection as to form.  Vague and ambiguous.

MR. COREY:  Let's start here.

Q.    At any time has Paula Treantafelles known that MGA -- excuse me -- that Mattel used the name "Boyz" -- contemplated using the name "Boyz," B-O-Y-Z, in connection with the Diva Starz project?

MS. MORGENTHALER LEVER:  Objection.  How can this -- you're asking -- this is a 30(b)(6) witness as to MGA, not Mattel.  Calls

7209/2315872.1

SEPARATE STATEMENT NO. 2