| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| for speculation. Assumes facts not in evidence. Objection as to form. It's a ridiculous question. Instruct not to answer. | |
| **Instruction No. 34. [543:7-15]**<br><br>Q.    At any time has Ms. Treantafelles known that during the 2000 time period, Mattel considered using the "Boyz" name, B-O-Y-Z, in connection with the Diva Starz project?<br><br>MS. MORGENTHALER LEVER: Objection. Assumes facts not in evidence. Lack of foundation. Calls for speculation. You can ask her what Paula told her, but this question is improper. Instruct not to answer. | See Responses to Instruction Nos. 24 and 28. |
| **Instruction No. 35. [556:15-557:1]**<br><br>Q.    Do you know whether Mr. Linker worked on the Bratz project or not?<br><br>A.    Not to my personal knowledge.<br><br>Q.    But you don't know one | See Responses to Instruction Nos. 24 and 28. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| way or the other?<br>    MS. MORGENTHALER LEVER:  Objection.  Asked and answered.  Instruct not to answer. You're just repeating the same question. Argumentative.  Instruct not to answer.<br>    BY MR. COREY:<br>    Q.    Are you going to follow your counsel's instruction?<br>    A.    Yes. | |
| **Instruction No. 36. [327:25-329:16]** | The attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics. "When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers."  Sprint Communications v. TheGlobe.Com, Inc., |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
|  | 236 F.R.D. 524, 529 (D. Kan. 2006). The Discovery Master has previously suggested that facts learned from counsel are not privileged.  Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16.  That is the information sought here.  As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information concerning document preservation and collection. |

Finally, instructions not to answer based on "scope" or the form of the question and whether it is "vague and ambiguous," are improper.  Federal Rule of Civil Procedure 30, provides, in part:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only</u> when necessary to preserve

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> | a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). <br><br> Fed. R. Civ. P. 30(d)(1) (emphasis added).  Rule 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions. Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. <br><br> "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). Objections as to form, how a question is phrased, or whether a question is compound may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to answer, coupled by Ms. Tonnu's following counsel's instructions, were not only unreasonable but improper. |
| **Instruction No. 37. [330:4-7]** | See Response to Instruction No. 36. |
| **Instruction No. 38. [519:12-520:11]**  Q.     As you sit here today, Ms. Tonnu, you're not aware of any effort that MGA has made to determine whether any former MGA independent | Topic No. 31, which is compelled, requires MGA to provide testimony regarding the identity of Mattel employees who worked for MGA.  MGA improperly instructed the witness not to |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| contractors, freelancers, or temps were paid by MGA while they were working for Mattel; is that correct?<br><br>MS. MORGENTHALER LEVER: Objection. Vague and ambiguous as to time. Former as to when? Calls for speculation. Lack of foundation. Misstates the witness's prior testimony. And objection as to form. The question makes no sense and assumes facts not in evidence. It's actually a completely unfair question and objectionable.<br><br>MR. COREY: Are you instructing the witness not to answer?<br><br>MS. MORGENTHALER LEVER: Yeah, I'm instructing her not - - you need to restate the question because you haven't asked her when this document was prepared, what the term "current" as opposed to "former" means. There's been no definitions. You didn't even ask her what -- what the subheading means, and you're just -- the record's completely unclear. | answer a question squarely on topic. MGA's instructions were improper pursuant to <u>Federal Rule of Civil Procedure</u> 30, which provides, in part:<br><br>> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)</u>.<br><br><u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added). <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party," the deposition may be suspended. Ms. Tonnu's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions.<br><br>Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections. |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| BY MR. COREY:<br><br>Q.    Are you going to answer the question?<br><br>A.    No.  I'll follow my attorney's advice. | The majority of MGA's instructions had nothing to do with privilege, but counsel's objections to the form of the question.  To the extent MGA asserted the attorney-client communication privilege, it failed to identify the portion of the question that calls for privileged information, the testimony to which MGA believed the privilege applied.  "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, <u>Fed. Prac. Guide: Civ. Proc. Before Trial,</u> § 11:1570 (Rutter's Group 2007) (citing <u>Boyd v. Univ. of Md. Med. Sys.,</u> 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")).  Objections as to form, or whether a question is compound may be raised, but are not the proper basis for an instruction not to answer.  MGA's instructions not to |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | answer, coupled by Ms. Tonnu's following counsel's instructions, were not only unreasonable but improper. |
| **Instruction No. 39. [520:15-522:15]**<br><br>    Q.    As you sit here today, Ms. Tonnu, you're not aware of any effort that MGA has made to determine whether any former MGA independent contractor, freelancer, or temp was paid or their own Mattel employee -- or Mattel independent contractor, freelancers, or temp or employee?<br><br>    MS. MORGENTHALER LEVER:  Same instruction.<br><br>    MR. COREY:  What's the basis for the instruction, counsel?<br><br>    MS. MORGENTHALER LEVER:  Because you're saying -- first of all, this list --<br><br>    MR. COREY:  Is it privilege?<br><br>    MS. MORGENTHALER LEVER:  -- Wasn't prepared today. This list -- it's objectionable as to form. You're assuming facts --<br><br>    MR. COREY:  It's a yes-or-no | See Response to Instruction No. 38. |

7209/2315872.1

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| question.<br><br>    MS. MORGENTHALER LEVER:  No.  You're assuming facts not in evidence because you're saying that -- first of all, "former."  Former as opposed to what?  Non- -- other than these three people --<br><br>    MR. COREY:  As opposed to current.<br><br>    MS. MORGENTHALER LEVER:  You have to say "other than these three people listed" because some of these people may not even be employed by Mattel that are listed as current.  You didn't set that foundation, so there's no foundation for your question.<br><br>    There are all sorts of people on this list that probably aren't even at Mattel and -- even though they're under "active employees."  So that preamble to your question is completely false.<br><br>    Why don't you take a look --<br><br>    MR. COREY:  Have you finished shouting? | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| MS. MORGENTHALER LEVER: -- At this list before you -- there are people on this list that aren't even at MGA anymore.  You realize that? | |

1　**INSTRUCTIONS NOT TO**
2　**ANSWER DEPOSITION**
3　**QUESTIONS:**
4　　　MS. MORGENTHALER
5　LEVER:  -- At this list before you --
6　there are people on this list that aren't
7　even at MGA anymore.  You realize
8　that?
9　　　THE DEPONENT:  Yes.
10　　　MS. MORGENTHALER
11　LEVER:  Okay.
12　　　MR. COREY:  What are you
13　doing, counsel?  Should we put you
14　under oath?
15　　　MS. MORGENTHALER
16　LEVER:  Do you understand that you're
17　confusing the witness with your
18　questions?
19　　　MR. COREY:  The witness is not
20　confused.
21　　　MS. MORGENTHALER
22　LEVER:  Yes, she is.  She's confused
23　because you --
24　　　MR. COREY:  Your declaration
25　that the witness is confused makes the
26　witness confused?  Let's ask the
27　witness.
28　　　Q.  Ms. Tonnu, did you

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| understand my question? | |
| A.  No.  At this point, no. | |
| **Instruction No. 40. [557:24-558:19]** | <u>See</u> Response to Instruction No. 38. |
| Q.  Do you know whether -- well, does MGA know whether Paula Garcia ever saw this e-mail, Exhibit 314? | |
| MS. MORGENTHALER LEVER:  Objection as to form.  Vague and ambiguous.  Lacks foundation.  You're asking whether MGA knows something within the mindset of Paula Garcia?  Is that what you're saying? | |
| MR. COREY:  It's not within the mindset of Paula Garcia.  It's fact.  It either happened or didn't happen, and MGA either knows about it or doesn't know about it. | |
| MS. MORGENTHALER LEVER:  Calls for speculation.  Lack of foundation.  Instruct not to answer.  Rephrase the question.  It's improper as to form. | |
| BY MR. COREY: | |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Q.      Are you going to follow your counsel's instruction?<br><br>A.      Yes. | |
| **Instruction No. 41. [625:21-626:16]**<br><br>Q.      And someone prepared this report, Exhibit 660, using the information in the target system?<br><br>A.      Yes.<br><br>Q.      But this report, Exhibit 660, in this format was a single-purpose report prepared for some litigation other than this one?<br><br>A.      Yes.<br><br>Q.      Okay.  What litigation was it prepared for?<br><br>MS. MORGENTHALER LEVER: Objection.  Calls for work product information.  Instruct not to answer.<br><br>MR. COREY:  On the identity of the litigation?<br><br>MS. MORGENTHALER LEVER: Yeah.  It's outside the scope.<br><br>MR. COREY:  That's not a basis | See Responses to Instructions Nos. 28 and 36. |

-54-

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| to instruct.<br><br>    MS. MORGENTHALER LEVER:  And it's also work product. | |
| **Instruction No. 42. [627:13-23]**<br>    Q.    Do you know who the parties are to that litigation?<br>    MS. MORGENTHALER LEVER:  Same objection.<br>    You can answer yes or no.<br>    THE DEPONENT:  Yes.<br>    BY MR. COREY:<br>    Q.    Who are the parties to that litigation?<br>    MS. MORGENTHALER LEVER:  Instruct not to answer on work product grounds and also seeks attorney-client privileged information. Instruct not to answer. | <u>See</u> Responses to Instruction Nos. 1, 14, 24, 28 and 36.<br>    The attorney-client privilege does not apply in this context where Mattel is attempting to learn the facts of which Ms. Tonnu was "educated" on in response to the Second Notice topics. "When a corporation produces an employee under <u>Fed. R. Civ. P.</u> 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through or from corporate lawyers."  <u>Sprint Communications v. TheGlobe.Com, Inc.,</u> 236 F.R.D. 524, 529 (D. Kan. 2006). The Discovery Master has previously suggested that facts learned from counsel are not privileged.  Order Granting Mattel's Motion for an Extension of |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee at 14:2-12, 16:1-3, attached to the Corey Dec., Exh. 16.  That is the information sought here.  As Mattel made clear, it is not interested specifically in the alleged attorney-client communication, but is interested in the underlying factual information concerning document preservation and collection. |
| **Instruction No. 43. [628:7-14]**   Q.   Do you know, is the litigation ongoing?   MS. MORGENTHALER LEVER:  Asked and answered.   You can -- that's a yes-or-no answer -- or instruct not to answer.  It's actually been asked, whether you know, so instruct not to answer on the grounds of attorney-client communications and work product privilege. | See Responses to Instruction Nos. 1, 14, 24, 28, 36 and 42. |
| **Instruction No. 44. [631:22-632:3]** | See Responses to Instruction Nos. 1, 14, |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| Q.    Who are the parties to the litigation that Exhibit 660 was created for?<br><br>MS. MORGENTHALER LEVER:  Calls for attorney-client communications and work product information.  Outside the scope.  Calls for speculation.  Lacks foundation.  Instruct not to answer. | 24, 28, 36 and 42. |
| **Instruction No. 45. [694:14-695:4]**<br><br>Q.    Did you have any conversation with anyone about Ms. Gronich's declaration?<br><br>MS. MORGENTHALER LEVER:  Objection.  Vague and ambiguous.<br><br>THE DEPONENT:  I spoke to Rich Daniels.<br><br>BY MR. COREY:<br><br>Q.    Anyone else?<br><br>A.    No.<br><br>Q.    Did Mr. Daniels write this?<br><br>MS. MORGENTHALER LEVER:  Objection.  Calls for attorney | <u>See</u> Response to Instruction No. 1, 14, 24, 28 and 42. |

7209/2315872.1

-57-

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| work product information.  Instruct the witness not to answer.<br><br>    BY MR. COREY:<br><br>    Q.    Are you going to follow your counsel's instruction?<br><br>    A.    Yes. | |

### IMPROPER INSTRUCTIONS AT THE DEPOSITION OF MGA DESIGNEE SPENCER WOODMAN

| **Instruction No. 46. [40:16-41:19]** | Instructions not to answer based on |
|---|---|
|     Q.  Do you remember reading any transcripts, either deposition or trial transcripts, from any other case besides art attacks?<br><br>    A.  Yes, I did.<br><br>    Q.  Okay.  What Case?<br><br>    MR. KLEVENS:  I Just – I just want to clarify something for the record because I think  you're getting some confused testimony.  Art Attacks – Testimony from the Art Attacks trial is beyond the scope of designation 34 because Mattel counsel were in attendance throughout the Art Attacks trial.  So Art Attacks testimony was not | "scope" or the question is "improper" are incorrect.  <u>Federal Rule of Civil Procedure</u> 30, provides, in part:<br><br>    Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer <u>only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)</u>.<br><br><u>Fed. R. Civ. P.</u> 30(d)(1) (emphasis added).  <u>Rule</u> 30(d)(4) describes when "upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| presented to Mr. Woodman for his review.<br><br>     MS. HUTNYAN:  Okay.  Well, we --<br><br>     MR. KLEVENS:  I want you to be aware<br><br>     MS. HUTNYAN:  -- disagree that it's outside the scope.<br><br>     MR. KLEVENS:  We can disagree but that's the situation.<br><br>     MS. HUTNYAN:  Okay, well.<br><br>     Q.  Are you not going to testify on that subject?<br><br>     MR. KLEVENS:  He is not.<br><br>     MS. HUTNYAN:  Okay.<br><br>     MR. KLEVENS:  I have instructed him − I instruct him not to testify regarding Art Attacks trial testimony because Mattel counsel were present throughout that trial, and designation 34 specifically excludes that. | embarrass, or oppress the deponent or party," the deposition may be suspended. Mr. Woodman's deposition was not being conducted in such a manner, and MGA did not, nor could it, assert that such conduct was the basis for its instructions.  Thus, it is improper to instruct a witness not to answer a question based on form and "scope" objections.<br><br>     "[I]t is generally improper for counsel at a deposition to instruct a deponent (counsel's own client or anyone else) not to answer a question, and doing so may warrant sanctions."  Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1570 (Rutter's Group 2007) (citing Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997) (an instruction not to answer is "presumptively improper")). MGA's instructions not to answer were unreasonable and improper. |
| **Instruction No. 47. [46:12-24]**<br><br>     Q.  Have you seen this | See Response to Instruction No. 46. Further, statements made by applicants |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| document before?<br><br>        A.  I don't believe so.<br><br>        MR. KLEVENS:  I'm going to object to questions about this document on the ground that it is not within topic 34.  You have topic 33 that deals with Applications and registrations for copyright and trademark.  That was not a subject on which Mr. Woodman was designated to testify and this doesn't constitute a sworn statement in another action.  So he's instructed not to answer questions about exhibit 500. | to the Patent and Trademark Offices are made under oath.  *See* 35 U.S.C. § 115 ("The applicant shall make oath that he believes himself to be the original and first inventor of the process, machine, manufacture, or composition of matter, or improvement thereof, for which he solicits a patent; and shall state of what country he is a citizen. "); 37 C.F.R. § 151(b) ("A complete application . . . comprises an oath or declaration").  Accordingly, Statements to the Patent Office are commonly viewed as sworn statements of fact relevant to later proceedings.  *See Baker Oil Tools, Inc. v. Geo Vann, Inc.,* 828 F.2d 1558, 1562 (Fed. Cir. 1987) ("This is more than a pleading, but not an adjudication.  It is a sworn statement of fact.  Baker Oil's assertion before the PTO . . . could be considered as a factor in determining whether the pre-critical date uses were . . . experimental"); *Control Components, Inc. v. Valtek, Inc.,* 609 F.2d 763, 769 (5th Cir. 1980) (considering use of |

7209/2315872.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| | "statements made under oath to the patent office" for impeachment purposes). |
| **Instruction No. 48. [48:15-20]**<br><br>Q.   Okay.  I'm handing you a document that's previously marked 501.<br><br>MR. KLEVENS:  Mr. Woodman is instructed not to answer questions regarding exhibit 501 on the same basis:  that it's covered within item 33 and not covered within item 34. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 49. [51:20-52:3]**<br><br>Q.   Okay.  And is it your understanding that this declaration was submitted to the United States Patent and Trademark Office with respect to application no. 10/373,602?<br><br>MR. KLEVENS:  Ob -- Objection; I mean, you're just asking -- if you're asking him if that's what he reads, I'm going to instruct him not to answer that question, it's not an appropriate question.  I mean, you can read the document -- | See Response to Instruction No. 46. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 50. [60:2-61:11]** | See Response to Instruction No. 46. |

**Instruction No. 50. [60:2-61:11]**

    Q.  Do you understand that this document, No. 502, relates to a patent application?

    A.  To the best of my knowledge, yes.

    Q.  Okay.  Do you have any understanding whatsoever of the context in which this particular sworn statement was made?

    MR. KLEVENS:  Objection; vague and ambiguous.

    THE WITNESS:  I have not reviewed this document.

    BY MS. HUTNYAN:

    Q.  Take the opportunity to review it, please, and let me know when you're done.

    MR. KLEVENS:  For the record, I will object on the ground that this --

    MS. HUTNYAN:  There's a question pending.

    MR. KLEVENS:  that's fine.  I will object on the ground that the

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| declaration by its terms pertains to a period outside the period specified in paragraph 34 because it pertains to a period after June 30, 2001. | |

1  
2  
3  
4  declaration by its terms pertains to a  
5  period outside the period specified in  
6  paragraph 34 because it pertains to a  
7  period after June 30, 2001.  
8      MS. HUTNYAN:  Are you  
9  instructing?  
10      MR. KLEVENS:  Because  
11  it states in paragraph -- it states in  
12  paragraph 4 that the -- that Carter  
13  Bryant states that he was involved with  
14  the release of the Bratz -- Bratz dolls of  
15  the configuration as set forth in  
16  paragraph 3 above, and this release did  
17  not occur until the fall of the year 2000.  
18  So unless you can point to me  
19  something in this declaration that  
20  pertains to the period prior to June 30,  
21  2001, this declaration is outside of item  
22  34, with all due respect.  
23      MS. HUTNYAN:  Is that an  
24  instruction not to answer?  
25      MR. KLEVENS:  Yes,  
26  unless you can tell me that it pertains to  
27  the period prior to June 30, 2001, and if  
28  you can, I will let him answer.

7209/2315872.1

-63-

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 51. [66:14-24]**<br><br>Q.  Do you have an understanding that this patent application had been rejected on the basis that the Bratz reference that was cited was in -- was in existence as of December 2001?<br><br>MR. KLEVENS:  Objection; beyond the scope of item 34.  Instructed not to answer.<br><br>BY MS. HUTNYAN:<br><br>Q.  Are you going to take your counsel's instruction?<br><br>A.  Yes, I am. | <u>See</u> Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 52. [66:24-67:9]**<br><br>Q.  Okay.  Do you have any reason to doubt that the patent office rejected this application on the basis that the Bratz reference actually was in existence as of December of 2001?<br><br>MR. KLEVENS:  Objection; beyond the scope of topic 34, instructed not to answer.<br><br>BY MS. HUTNYAN:<br><br>Q.  Are you going to take your | <u>See</u> Responses to Instruction Nos. 46 & 47. |

7209/2315872.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| counsel's -- | |
|     A.  I'm going to take -- | |
|     Q.  -- instruction? | |
|     A.  -- my counsel's instruction. | |
| **Instruction No. 53. [71:12-72:8]** | See Responses to Instruction Nos. 46 & 47. |
|     Q.  I'm handing you an exhibit that was previously marked 548.  Have you seen this document before? | |
|     A.  No, I have not. | |
|     Q.  In comparing it with the declaration of Carter Bryant, which is exhibit 502, can you see that it relates to the same application – patent application, called "doll with aesthetic changeable footgear"? | |
|     MR. KLEVENS:  Objection; this document's not a sworn statement within item 34. | |
|     BY MS. HUTNYAN: | |
|     Q.  You can answer my question. | |
|     MR. KLEVENS:  I'm not going to let him answer the question. | |
|     MS. HUTNYAN:  Oh, you're instructing?  Well, you got to say that. | |

7209/2315872.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| MR. KLEVENS:  I instruct him not to answer, I apologize.  Unless you can explain to me how this is within item 34, he's instructed not to answer.  If you can, I will be happy to listen to you. | |
| **Instruction No. 54. [73:8-16]**<br>    Q.   Do you see that this is an amendment that was submitted by "attorney for applicant," which was Larian, in connection with this patent application?<br>    MR. KLEVENS:  Objection; instructed not to answer.  It's outside the scope of item 34 unless you're prepared to explain to me that it is within 34 and why.<br>    THE WITNESS:  I will take my counsel's advice and not answer that question. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 55. [73:8-16]**<br>    Q.   Okay.  So is it your view that when MGA submits patent applications to the patent office, that it is not supposed to tell the truth? | See Responses to Instruction Nos. 46 & 47. |

7209/2315872.1

-66-

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
|     MR. KLEVENS:  Objection; calls for a legal conclusion, beyond the scope of item 34, instructed not to answer. <br><br>     THE WITNESS:  I will not answer that question. | |
| **Instruction No. 56. [80:6-19]** <br>     Q.  Okay.  And do you see to the right of it, by 3(b), it says February 12th, 2001? <br>     A.  Yes, I see that. <br>     Q.  Okay.  And do you understand that this document refers or relates to the time period prior to June 30th, 2001? <br>     MR. KLEVENS:  Objection; calls for a legal conclusion, and these questions pertain to a document which is not a sworn statement within item 34, so I'm instructing him not to answer further questions about this document unless you can explain to me how it falls within item 34. <br>     THE WITNESS:  I will take my counsel's instruction not to answer. | See Responses to Instruction Nos. 46 & 47. |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 57. [85:15-86:16]** | See Responses to Instruction Nos. 46 & 47. |

1  **INSTRUCTIONS NOT TO**

2  **ANSWER DEPOSITION**

3  **QUESTIONS:**

4  **Instruction No. 57. [85:15-86:16]**

5     Q.   Exhibit 390.

6     A.   Yes.

7     Q.   Topic 34.

8     A.   Yes.

9     Q.   Okay.  See at the end of

10  that where it says (reading):  the time

11  period prior to June 30th, 2001,

12  regardless of when such testimony or

13  sworn statement was taken, given,

14  signed, made, or filed?

15     A.   Uh-huh.

16     Q.   Do you see that?

17     A.   Yes.

18     Q.   Okay.  And do you

19  understand what that means?

20     A.   Yes.

21     Q.   Okay.  Does reviewing --

22  and please, feel free to read that entire

23  paragraph again, that topic 34 that

24  you've said you're going to testify on,

25  let me know, does this change your

26  view as to whether you're going to take

27  your counsel's instruction on this?

28     A.   Okay.  I'm reading it now.

7209/2315872.1

-68-

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| Q.  Okay.<br><br>A.  Yes, I'm going to take my counsel's instruction not to respond. | |
| **Instruction No. 58. [86:16-87:4]**<br>Q.  Okay.  I'm going to show you exhibit 506 -- oh.  And do you see on the first page of this document there are two references to dates earlier than June 30th, 2001?<br><br>MR. KLEVENS:  Objection; instructed not to answer.  This is not a sworn statement within item 34.  So he's instructed not to answer questions about exhibit 506 unless you can explain to me how this became a sworn statement.<br><br>BY MS. HUTNYAN:<br>Q.  Okay.  You're not going to answer that question, I take it?<br><br>A.  That is correct. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 59. [88:3-21]**<br>Q.  Have you seen this document before?<br><br>A.  No, I have not.<br>Q.  On page M 0110185, do you see in 3(a) and 3(b) that there are | See Responses to Instruction Nos. 46 & 47. |

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| dates earlier than June 30th, 2001?<br><br>    A.  Yes.<br><br>    Q.  And would you disagree with me that this document refers or relates to the time period prior to June 30th, 2001?<br><br>    MR. KLEVENS:  I instruct the witness not to answer your question because you've left out the critical predicate of item 34, which is not just that it be some document that relates to the period prior to June 30th, 2001, but that it be a sworn statement, transcript, declaration, affidavit pertaining to Bratz prior to June 30th, 2001.  Unless you can explain to me that this is such a sworn statement I'm going to instruct the witness not to answer questions about exhibit 507. | |
| **Instruction No. 60. [92:12-24]**<br><br>    Q.  I've put in front of you a document that was previously marked exhibit 508.  Can you testify about anything on this document?<br><br>    MR. KLEVENS:  Objection; | <u>See</u> Responses to Instruction Nos. 46 & 47. |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| now, this document is not within the definition of item 34.  it is not a sworn statement of any kind. | |

          MS. HUTNYAN:  So either --
          MR. KLEVENS:  So unless
you can explain to me --
          MS. HUTNYAN:  -- Instruct
him or object.
          MR. KLEVENS:  -- Unless
you can explain to me that this is a
sworn statement, I will instruct him not
to answer.

| **Instruction No. 61. [94:12-15]** | See Responses to Instruction Nos. 46 & |
|---|---|

          Q.   So can you provide any
testimony as to document -- exhibit
508?
          MR. KLEVENS:  I instructed
him not to answer.  Move along.

47.

| **Instruction No. 62. [94:21-95:2]** | See Responses to Instruction Nos. 46 & |
|---|---|

          Q.   Putting in front of you
exhibit 509.  As you can see, it's very,
very similar to 507 and 505. are you
able to provide me any testimony on
exhibit 509 today?
          MR. KLEVENS:  The witness

47.

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| is instructed not to answer regarding exhibit 509 because it's not a sworn statement within item 34. | |
| **Instruction No. 63. [95:6-13]**<br>Q. Okay. In front of you is exhibit 510. As you can see it's similar to 508 and 506 in that it includes dates before June 30th, 2001. Do you disagree with me?<br>MR. KLEVENS: Objection; the witness is instructed not to answer on the grounds that this is not a sworn statement within the definition of item 34. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 64. [95:18-23]**<br>Q. Okay. Do you have any understanding that this was a document that was submitted by MGA's counsel to the copyright office?<br>MR. KLEVENS: Same instruction.<br>THE WITNESS: I'm taking instruction from my counsel not to respond. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 65. [95:25-96:9]** | See Responses to Instruction Nos. 46 & |

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| Q. Okay. Let's do 511. You can see it's similar to 509 in that it has dates relating on the second page of the exhibit to a period before June 30th, 2001. Can you give me -- can you tell me anything about this document today?<br><br>MR. KLEVENS: Same objection, same instruction.<br><br>THE WITNESS: I take my counsel's instruction not to answer. | 47. |
| **Instruction No. 66. [96:11-97:7]**<br>Q. Okay. And let's finish it up with -- oh, no, we have got a few more. 512. As you can see, exhibit 512, which is in front of you, is similar to 510 in that it includes dates before June 30th, 2001. Can you give me any testimony whatsoever about exhibit 512?<br><br>MR. KLEVENS: Objection; this document is not a sworn statement within item 34 and -- and, as with all these other documents, falls clearly within item 33 but not item 34. | <u>See</u> Responses to Instruction Nos. 46 & 47. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| MS. HUTNYAN:  And that's why --<br><br>MR. KLEVENS:  And he's instructed --<br><br>MS. HUTNYAN:  -- you're instructing?<br><br>MR. KLEVENS:  That's right.<br><br>MS. HUTNYAN:  Okay, thank you.<br><br>Q.   Can you provide me with any testimony whatsoever as to this document?<br><br>MR. KLEVENS:  I just instructed him not to answer.<br><br>THE WITNESS:  I take my counsel's instruction not to respond. | |
| **Instruction No. 67. [97:20-98:2]**<br><br>Q.   Let's look at document 513.  Thanks.  And do you see here on the second page which ends in -189 that the copyright claimant is MGA Entertainment?<br><br>MR. KLEVENS:  Objection; the document is outside the scope of item 34 and is not a sworn statement | See Responses to Instruction Nos. 46 & 47. |

7209/2315872.1

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| within that item and appears to be an item within category 33. He's instructed not to answer. | |
| **Instruction No. 68. [98:6-21]**<br><br>        Q.  And you will not provide me any testimony about exhibit 513 based on that instruction?<br>        MR. KLEVENS:  He's instructed not to answer.<br>        THE WITNESS:  Not as it relates to this document.<br>        BY MS. HUTNYAN:<br>        Q.   Okay.  Any testimony -- my -- my question was whether you could provide any testimony with respect to the document.  So it all deals with the document.<br>        A.   No.<br>        MR. KLEVENS:  He's instructed not to answer questions about this --<br>        MS. HUTNYAN:  Just making sure --<br>        MR. KLEVENS:  -- this document. | <u>See</u> Responses to Instruction Nos. 46 & 47. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 69. [98:24-99:3]**<br><br>    Q.  Okay, let's do 514.<br><br>    MR. KLEVENS:  The witness is instructed not to answer questions about exhibit 514 on the ground that it's not within item 34.  To the contrary, it appears to be within item 33. | <u>See</u> Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 70. [99:8-22]**<br><br>    Q.  Okay.  I've passed you exhibit 553.  Have you seen this document before?<br><br>    A.  No, I have not.<br><br>    Q.  Okay.  On the -- on the third page, do you see that this is a trademark -- a supplemental -- it's a certificate of registration on the supplemental register on behalf of MGA Entertainment?<br><br>    MR. KLEVENS:  Objection; the witness is instructed not to answer on the ground that this exhibit 553 is not a document within the definition of item 34.  Indeed, it appears to be a document within the definition of item 33.  He's instructed not to answer. | <u>See</u> Responses to Instruction Nos. 46 & 47. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 71. [100:14-23]**<br><br>Q. Okay. Can you give me -- can you tell me anything about the first use here in may of 2001 --<br><br>MR. KLEVENS: Objection --<br><br>BY MS. HUTNYAN:<br><br>Q. -- that's on the left column, bottom line on the third page?<br><br>MR. KLEVENS: Objection; the witness is instructed not to answer regarding this document because it's beyond the scope of item 34, as I previously advised. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 72. [101:2-13]**<br><br>Q. Do you see on the first page in the second paragraph that's italicized it says (reading): the records of the United States Patent and Trademark Office show that an application registration for application of the marks shown in this certificate was filed in the office?<br><br>MR. KLEVENS: Objection; the witness is instructed not to answer regarding exhibit 553 because it's | See Responses to Instruction Nos. 46 & 47. |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| beyond the scope of item 34 on which he was designated. | |
| **Instruction No. 73. [102:2-14]**<br><br>Q. Okay. In front of you is exhibit 554. Have you seen this document before?<br><br>A. No, I have not.<br><br>Q. Okay. I can represent to you that this is -- it purports to be a certificate of registration from the patent and trademark office on behalf of MGA Entertainment. Do you see that reflected on page 3?<br><br>MR. KLEVENS: Objection. The witness is instructed not to answer regarding the contents of exhibit 554 because it's beyond the scope of his designation pursuant to paragraph 34 of the second notice of deposition under 30(b)(6). | <u>See</u> Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 74. [102:18-103:1]**<br><br>Q. Okay. And likewise you will not be answering any questions that I have about the submissions that were | <u>See</u> Responses to Instruction Nos. 46 & 47. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| made by MGA's counsel on behalf of MGA to the patent office that resulted in the certificate of registration?<br><br>    A.  Yes.<br>    Q.  And that's because of your counsel's instruction?<br>    A.  Yes. | |
| **Instruction No. 75. [103:14-104:1]**<br>    Q.  Okay.  557.  I'm putting in front of you exhibit 557, previously marked. Have you had a chance to look at the document?<br>    A.  Of 557?<br>    Q.  Uh-huh.<br>    A.  I was just handed the document. Okay, I have looked at it.<br>    Q.  Okay.  Are you going to be able to provide any testimony relating to this document?<br>    MR. KLEVENS:  The witness is instructed not to answer regarding exhibit 557 because it's not a document within the definition of item 34. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 76. [104:13-105:7]**<br>    Q.  Okay.  And let's do the | See Responses to Instruction Nos. 46 & 47. |

-79-

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| same thing with 558. | |
|      MR. KLEVENS:  What question are you asking? | |
|      BY MS. HUTNYAN: | |
|      Q.   Can I ask any questions with regard to exhibit 558? | |
|      MR. KLEVENS:  Well, you can ask any questions you want, but the witness will be instructed not to answer regarding exhibit 558 because it's a document that is not within item 34 and is within item 33. | |
|      Q.   And you're taking your counsel's instruction on that? | |
|      A.   I didn't know there was a question posed to me.  I'm sorry, was there a  question posed? | |
|      Q.   Are you able to answer any questions at all with regard to exhibit 558? | |
|      A.   I take my counsel's instruction not to respond. | |
| **Instruction No. 77. [105:18-106:14]** | See Responses to Instruction Nos. 46 & 47. |
|      Q.   Okay.  We're going to hand to you exhibits 559, 560, 561, 562, | |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| 563, 564, 565, 566. And my question to you is going to be, although you can have as much time as you want to look at those, whether your answers to my questions about these documents will be the same as your answers to the last ten or so documents.<br><br>     MR. KLEVENS:  Has anybody handed me those documents?<br><br>     MS. HUTNYAN:  You should have it.<br><br>     MR. DANIELS:  It's right here.<br><br>     MR. KLEVENS:  Don't answer until I have had an opportunity to look at the documents, please.  The witness is instructed not to answer questions regarding exhibits 559 through 566 on the ground that each of those documents is outside of the definition of item 34 from the second notice of deposition under federal rule of civil procedure 30(b)(6) and appears to be within item 33.  So he's instructed not to answer. | |

SEPARATE STATEMENT NO. 2

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| **Instruction No. 78. [122:12-21]**<br><br>Q.   We're going to present to you five documents that are the certificates of registration that resulted from the last five documents.  Let's take a look at them, they're exhibits 585 through 589, inclusive.<br><br>MR. KLEVENS:  The witness is instructed not to answer questions regarding exhibits 585 through 589 on the ground that they are not documents within the definition of item 34 and they appear to be documents within the definition of item 33. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 79. [122:12-21]**<br><br>Q.   I'm going to hand you exhibit 591.  Take as long as you need to look and let me know whether that's going to receive an instruction or not.<br><br>MR. KLEVENS:  Yeah, he's instructed not to answer regarding exhibit 591 on the ground that it's outside of topic 34. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 80. [191:11-15]** | See Responses to Instruction Nos. 46 & |

SEPARATE STATEMENT NO. 2

| **INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS:** | **REASONS FURTHER RESPONSE SHOULD BE COMPELLED:** |
|---|---|
| Q.  Do you see that it says "statement of claim" on page M 0012595?<br><br>MR. KLEVENS:  Yeah. same objection and same instruction, unless you can point out that this is a sworn statement by somebody. | 47. |
| **Instruction No. 81. [192:10-193:1]**<br>Q.  Okay.  So when you turn to 12604, you are also not going to be able to tell me whether this is a claim by MGA submitted to the Hong Kong court for loss that MGA alleges it suffered as a result of infringement by this -- these other companies?<br><br>MR. KLEVENS:  Same instruction not to answer. | See Responses to Instruction Nos. 46 & 47. |
| **Instruction No. 82. [221:11-19]**<br>Q.  -- on the second page, which is MGA 0868040, do you see paragraph 7?<br>A.  Yes.<br>Q.  Is the information in paragraph 7 true and correct?<br><br>MR. KLEVENS:  Objection; | See Responses to Instruction Nos. 46 & 47. |

| INSTRUCTIONS NOT TO ANSWER DEPOSITION QUESTIONS: | REASONS FURTHER RESPONSE SHOULD BE COMPELLED: |
|---|---|
| calls for information outside the scope of topic 34 and beyond the date June 30, 2001. The witness is instructed not to answer. | |

DATED:  December 5, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _Jon D Corey_____
    Jon D. Corey
    Attorneys for Mattel, Inc.

-84-