QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Hon. Edward Infante (Ret.) Pursuant To Order Of December 6, 2006]<br><br>DECLARATION OF JON COREY IN SUPPORT OF MATTEL, INC.'S MOTION (1) TO ENFORCE COURT'S DISCOVERY ORDERS AND TO COMPEL; (2) TO OVERRULE IMPROPER INSTRUCTIONS; AND (3) FOR SANCTIONS<br><br>Hearing Date: January 4, 2008<br>Time: 9:00 a.m.<br>Place: TBD<br><br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008. |

07209/2308182.1

DECLARATION OF JON COREY

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bars of the State of California and the District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration in support of Mattel's Motion to Mattel, Inc.'s Motion (1) to enforce court's discovery orders and to compel; (2) to overrule improper instructions; and (3) for sanctions. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of excerpts from the deposition transcript of Lisa Tonnu, taken on July 19, 2007.

3. Attached as Exhibit 2 is a true and correct copy of excerpts from the deposition transcript of Lisa Tonnu, taken on September 24 and 25, 2007.

4. A true and correct copy of Exhibit 669 to the deposition of Lisa Tonnu, dated September 25, 2007, is attached hereto as Exhibit 3.

5. A true and correct copy of Exhibit 664 to the deposition of Lisa Tonnu, dated September 25, 2007, is attached hereto as Exhibit 4.

6. A true and correct copy of Exhibit 660 to the deposition of Lisa Tonnu, dated September 24, 2007, is attached hereto as Exhibit 5.

7. Attached as Exhibit 6 is a true and correct copy of excerpts from the deposition transcript of Kenneth Lockhart, taken June 14 and 15, 2007.

8. Attached as Exhibit 7 is a true and correct copy of excerpts from the deposition transcript of Rebecca Harris, taken on July 20, 2007.

9. A true and correct copy of Mattel's Second Notice of Deposition of MGA Entertainment, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated February 1, 2007 ("Second Notice"), is attached hereto as Exhibit 8.

10. A true and correct copy of MGA's Objections to Mattel's Second Notice, dated February 14, 2007, is attached hereto as Exhibit 9.

07209/2308182.1

DECLARATION OF JON COREY

DECLARATION OF JON COREY

11.    True and correct copies of excerpts from the Transcript of May 15, 2007 Motion to Compel Hearing are attached hereto as Exhibit 10.

12.    A true and correct copy of the Discovery Master's May 16, 2007 Order Granting Mattel Inc.'s Motion to Compel MGA To Produce Witnesses For Deposition Pursuant To Rule 30(b)(6) ("May 16 Order"), is attached hereto as Exhibit 11.

13.    A true and correct copy of the Discovery Master's August 14, 2007 Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses For Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions ("August Order"), is attached hereto as Exhibit 12.

14.    A true and correct copy of the Court's Order Denying Appointment of Expert Witness ("Expert Order") dated August 11, 2006, is attached hereto as Exhibit 13.

15.    A true and correct copy of the Court's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, is attached hereto as Exhibit 14.

16.    A true and correct copy of Judge Larson's Minute Order dated July 2, 2007, is attached hereto as Exhibit 15.

17.    A true and correct copy of Judge Infante's Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in Her Individual Capacity and as a 30(b)(6) Designee, dated August 14, 2007, is attached hereto as Exhibit 16.

18.    A true and correct copy of Judge Larson's Order Denying Motion for Terminating Sanctions; Order Denying Request for Interlocutory Appeal; Order Requiring Filing of Affidavits re Evidence Preservation, dated August 27, 2007, is attached as Exhibit 17.

07209/2308182.1

-2-

1  19.  A true and correct copy of MGA Entertainment Inc.'s Opposition to Mattel's Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6) and for Sanctions, dated April 26, 2007, is attached hereto as Exhibit 18.

20.  A true and correct copy of the Declaration of Erich J. Speckin, dated July 21, 2006, is attached hereto as Exhibit 19.

21.  True and correct copies of excerpts from the deposition of Paula Garcia, taken on October 10, 2007, are attached hereto as Exhibit 20.

22.  Attached as Exhibit 21 is a true and correct copy of a letter from Michael Zeller to Jim Jenal, dated July 11, 2007.

23.  Attached as Exhibit 22 is a true and correct copy of the Stipulation for Appointment of a Discovery Master and Order, dated December 6, 2006.

24.  Attached as Exhibit 23 is a true and correct copy of a letter that I wrote to William Charron, dated August 14, 2007.

25.  Attached as Exhibit 24 is a true and correct copy of a letter that I wrote to William Charron, dated September 7, 2007.

26.  A true and correct copy of a letter from Michael Zeller to Diana Torres, dated March 9, 2007, is attached as Exhibit 25.

27.  A true and correct copy of a letter from Michael Zeller to Diana Torres, dated March 26, 2007, is attached as Exhibit 26.

28.  Attached as Exhibit 27 is a true and correct copy of a letter from Michael Zeller to Yvonne Garcia, dated April 3, 2007.

29.  Attached as Exhibit 28 is a true and correct copy of a letter from Diana Torres to Michael Zeller, dated April 13, 2007.

30.  A true and correct copy of a letter from Diana Torres to Michael Zeller, dated April 16, 2007, is attached as Exhibit 29.

31. A true and correct copy of a letter from Kerry Lyon Grossman to Michael Zeller, dated May 15, 2007, is attached as Exhibit 30.

32. Attached as Exhibit 31 is a true and correct copy of a letter from Michael Zeller to Diana Torres, dated June 7, 2007.

33. Attached as Exhibit 32 is a true and correct copy of a letter from Michael Zeller to Diana Torres, dated June 15, 2007.

34. Attached as Exhibit 33 is a true and correct copy of a letter from B. Dylan Proctor to Jim Jenal, dated June 23, 2007.

35. Attached as Exhibit 34 is a true and correct copy of a letter from B. Dylan Proctor to Jim Jenal, dated June 28, 2007.

36. A true and correct copy of a letter from Michael Zeller to Jim Jenal, dated July 6, 2007, is attached as Exhibit 35.

37. A true and correct copy of selected pages of Mattel's Second Set of Requests to MGA Entertainment, Inc. for Documents and Things re Claims of Unfair Competition, dated May 14, 2007, is attached as Exhibit 36

38. A true and correct copy of a letter from me to Raoul Kennedy, dated November 26, 2007, is attached hereto as Exhibit 37.

**Mattel's Meet and Confer Efforts - Tonnu**

39. A true and correct copy of a letter from me to Jim Jenal, dated July 23, 2007, is attached hereto as Exhibit 38. In this letter I request that MGA meet and confer concerning its failure to designate and produce a properly prepared Rule 30(b)(6) witness as well as MGA's violation of the May 16 Order.

40. A true and correct copy of MGA's response letter from Jim Jenal to me, dated July 27, 2007, is attached hereto as Exhibit 39.

41. The parties met and conferred telephonically on August 1, 2007. I again pointed out that Ms. Tonnu had no personal knowledge of the Topics, and again explained MGA's failure to meet its obligation to properly prepare her to

1  testify in response to the Topics. Although the parties disagreed over several issues, MGA eventually agreed to produce Ms. Tonnu to provide additional testimony.

42. On September 11, 2007, the parties agreed that MGA would produce Ms. Tonnu on September 24 and 25, 2007. A true and correct copy of my letter to Alisa Morgenthaler-Lever, dated September 20, 2007, is attached as Exhibit 40.

43. During Ms. Tonnu's deposition on September 24, 2007, Ms. Tonnu was no more prepared for her deposition topics than she was the first time. After Ms. Tonnu's deposition on September 24, 2007, I invited MGA to adequately educate Ms. Tonnu before continuing her deposition on September 25, 2007. MGA made no effort to do so. A true and correct copy of my e-mail message to Alisa Morgenthaler-Lever, dated September 24, 2007, in which I invite MGA to adequately educate Ms. Tonnu prior to her deposition on September 25, 2007, is attached as Exhibit 41. MGA never responded to my e-mail message.

44. Ms. Tonnu's deposition on September 25, 2007 was as deficient as her deposition on September 24, 2007. After Ms. Tonnu's deposition, I met and conferred in person with Ms. Morgenthaler-Lever. At the meeting of counsel, I inquired and MGA was not prepared to provide a competent witness to testify regarding Topic No. 25, in direct contravention of the Court's Order.

45. We discussed a number of additional topics on which Ms. Tonnu was not competent to testify as well, including testimony regarding (a) the storage, shipping and handling of the original Bratz documents during Mr. Speckin's testing and the failure of Ms. Tonnu to be able to identify the documents provided to him; (b) Ms. Tonnu's inability to answer questions regarding the steps taken to collect, preserve or produce specific types of documents; (c) the paucity of Ms. Tonnu's (or counsel's) efforts to determine whether other Mattel employees had taken to MGA or possessed documents or information from Mattel and the disposition of such documents, if any; (d) the identity of Mattel employees who may have provided

services to MGA while employed by Mattel and the nature of such services. Each of these failures is identical to the failures outlined in my prior meet and confer letter regarding Ms. Tonnu's testimony. MGA has made no meaningful effort to comply with the Court's Order.

46. Finally, I explained that Ms. Tonnu's deposition transcript is filled with Ms. Morgenthaler-Lever's improper instructions that the witness not answer questions, which are directly contrary to Judge Infante's repeated guidance in this case (not to mention the shouting and the repeated speaking objections).

47. I further explained that MGA has repeatedly failed to comply with the Court's Orders to provide a witness capable of testifying about these compelled topics. I informed Ms. Morgenthaler-Lever that Mattel anticipated bringing a motion as a consequence of MGA's deliberate violations, including for an order of preclusion and other sanctions.

48. MGA's counsel listened, but did not substantially respond to my points.

49. After a week, MGA failed to respond to the issues raised in our meet and confer session. Accordingly, on October 5, 2007, I asked that counsel please let me know when it is available to again meet and confer to discuss this motion as required by the Discovery Master Stipulation. A true and correct copy of my letter to Ms. Morgenthaler-Lever, dated October 5, 2007, confirming the above (the "October 5th Letter"), is attached as Exhibit 42.

50. Counsel for MGA responded on October 11, 2007, stating that MGA was obtaining new counsel, and that Ms. Morgenthaler-Lever and her firm had no authority to participate in any "discovery activities" in this matter. Ms. Morgenthaler-Lever stated that she forwarded the October 5th Letter to MGA's new counsel. A true and correct copy of the letter from Alisa Morgenthaler-Lever to me, dated October 11, 2007, is attached as Exhibit 43.

1  51. MGA, however, provided revisions to Ms. Tonnu's deposition transcripts. A true and correct copy of a letter from Alisa Morgenthaler-Lever to me, dated November 12, 2007, is attached as Exhibit 44.

52. Counsel for Mattel, the MGA defendants, and Bryant conducted a meeting of counsel on November 16, 2007. Counsel for MGA professed ignorance of the alleged deficiencies in the testimony, so Mattel sent a letter identifying examples of specific testimony Mattel contended was deficient. Attached as Exhibit 45 is a letter from me to Timothy Miller, dated November 19, 2007.

### Mattel's Meet and Confer Efforts - Lockhart

53. On September 18, 2007, and pursuant to Paragraph 5 of the Discovery Master Stipulation, I wrote to James P. Jenal, MGA's counsel of record in this action. I requested that MGA meet and confer regarding the deficiencies of the testimony provided by Kenneth Lockhart on behalf of MGA. Attached as Exhibit 46 is a true and correct copy of a letter that I wrote to James Jenal, dated September 18, 2007. Mr. Jenal never responded to my request for a meeting of counsel. The deficiencies in Mr. Lockhart's testimony were outlined in the October 29, 2007 to Mr. Nolan (Exhibit 53 at 3), and again at a November 21, 2007 and a November 26, 2007 letter that I sent to Raoul Kennedy (Exhibit 37 at 3).

54. MGA's omission is particularly egregious here, given that MGA sought terminating sanctions for Mattel's alleged failure to preserve evidence *and* has deposed Mattel computer and IT personnel for seven days.

55. MGA refuses to produce the documents relied upon by Mr. Lockhart to refresh his recollection. After Mattel asked MGA to produced these documents, MGA belatedly produced a privilege log that purports to identify these documents. Attached as Exhibit 61 is MGA'S Supplemental Privilege Log, dated August 29, 2007.

### Mattel's Meet and Confer Efforts - Harris

56. On September 16, 2007, Mattel requested a conference of counsel regarding Ms. Harris's insufficient testimony on Topics 11, 13, 14, 23, 27, and 28 of Mattel's Second Notice, and Mattel's need for additional time to fully and fairly depose Ms. Harris on all of her designated topics. Attached as Exhibit 47 is a true and correct copy of a letter from Michael Zeller to Diana Torres, dated September 16, 2007.

57. I met and conferred with counsel for MGA on September 18 and 21, 2007 to discuss an omnibus deposition schedule in this case. At those meetings, counsel for MGA agreed to provide dates for Ms. Harris's continued deposition. A true and correct copy of a letter from Scott Gizer to me, dated September 25, 2007, is attached as Exhibit 48, in which Mr. Gizer confirms that MGA will provide dates for Ms. Harris's deposition.

58. At a conference of counsel on October 3, 2007, counsel for MGA informed me that Ms. Harris is presently on medical leave, and indicated that MGA would need to check on her medical condition before it could advise Mattel as to her availability. A true and correct copy of a letter from me to Amman Khan, dated October 4, 2007 is attached as Exhibit 49. Attached as Exhibit 50 is a true and correct copy of a letter from Scott Gizer to me, dated October 5, 2007.

59. In a letter dated October 8, 2007, I reminded MGA of its obligation, pursuant to the Discovery Master's May 16, 2007 Order, to produce a Rule 30(b)(6) witness for Topics 11, 13, 14, 19, 21, 22, 23, 27, and 28, and of its agreement to provide dates for Ms. Harris's continued deposition. I further noted that if Ms. Harris is unavailable to testify on these topics, MGA must produce another witness. Attached as Exhibit 51 is a true and correct copy of a letter from me to Scott Gizer, dated October 8, 2007.

60. In an e-mail message, dated October 14, 2007, a true and correct copy of which is attached as Exhibit 52, I provided new counsel for MGA with a list

of items that MGA has agreed it currently owes Mattel. Included in this list was "dates for continuation of Rebecca Harris deposition (designee on Second 30(b)(6) notice)."

61. Mattel wrote to MGA on October 29, 2007 to address various discovery matters, including MGA's failure to respond regarding Ms. Harris's availability, or to otherwise produce a competent designee on Topics 11, 13, 14, 19, 21, 22, 23, 27, and 28. A true and correct copy of a letter from Michael Zeller to Thomas J. Nolan, dated October 29, 2007, is attached as Exhibit 53.

62. The parties met and conferred regarding the Second Notice and subject matter of this motion on November 16, 2007. Attached as Exhibit 54 is a letter from me to Raoul Kennedy, dated November 21, 2007.

### Discovery Stay

63. On October 15, 2007, Judge Larson issued a stay of discovery in this matter (the "Stay") through October 31, 2007. A true and correct copy of Judge Larson's Order is attached hereto as Exhibit 55. Judge Larson continued the Stay to November 14, 2007. A true and correct copy of Judge Larson's October 31, 2007 order is attached hereto as Exhibit 56. Once the Stay was lifted, this motion followed.

### Request for Sanctions

64. I have spent in excess of 30 hours preparing this motion, deposing Lisa Tonnu, and preparing to depose Lisa Tonnu. My billing rate for this matter is $625. My partner, Mike Zeller, spent in excess of 15 hours preparing this motion, deposing Rebecca Harris and preparing to depose her. His billing rate for this matter is $725. Aliza Reder, a third-year associate, spent in excess of 20 hours researching and preparing this motion. Her billing rate for this matter is $330. I expect to spend in excess of ten hours preparing a reply to MGA's opposition to this motion, preparing to argue and arguing this motion. Mattel seeks sanctions in the

1  amount of $10,000, far less than the fees incurred in preparing this motion or
2  deposing unprepared witnesses.
3      65.   Attached as Exhibit 57 is a true and correct copy of excerpts
4  from the Transcript of Hearing on August 27, 2007.
5      66.   Attached as 58 is a true and correct copy of the Indemnification
6  Agreement, dated May 13, 2004.
7      67.   Attached as Exhibit 59 is a true and correct copy of MGA
8  Entertainment, Inc.'s Consolidated Financial Statements and Independent Auditor's
9  Report.
10     68.   Attached as Exhibit 60 is a true and correct copy of a letter from
11 Marcus R. Mumford to me, dated November 26, 2007.
12     69.   Attached as Exhibit 62 is a true and correct copy of Judge
13 Infante's Order Granting in Part Bryant's Motion to Overrule Instructions Not to
14 Answer During the Deposition of Alan Kaye to Answer Those Questions, and For
15 Sanctions, dated May 4, 2007.

17     I declare under penalty of perjury under the laws of the United States of
18 America that the foregoing is true and correct.
19     Executed on December 5, 2007, at Los Angeles, California.

_____
Jon D. Corey