1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13              Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14       vs. | |
| 15  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| 16 | |
| 17              Defendant. | DECLARATION OF JUAN PABLO ALBÁN IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL KAYE SCHOLER TO PRODUCE DOCUMENTS |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | |
| 20 | Hearing Date:     January 10, 2007 Time:            9:00 a.m. Place:           Telephonic Hearing |
| 21 | |
| 22 | **Phase 1** Discovery Cut-Off:  January 28, 2008 Pre-Trial Conference: May 5, 2008 |
| 23 | Trial Date:           May 27, 2008 |
| 24 | |
| 25 | **PUBLIC REDACTED** |
| 26 | |
| 27 | |
| 28 | |

## DECLARATION OF JUAN PABLO ALBÁN

I, Juan Pablo Albán, declare as follows:

1.      I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Plaintiff. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached as Exhibit 1 is a true and correct copy of a subpoena that Mattel, Inc. served on Kaye Scholer dated September 6, 2007.

3.      Attached as Exhibit 2 is a true and correct copy of Kaye Scholer's objections to Mattel's subpoena dated September 18, 2007.

4.      Attached as Exhibit 3 is a true and correct copy of a letter from me to Bryant S. Delgadillo of Kaye Scholer dated September 24, 2007.

5.      Attached as Exhibit 4 is a true and correct copy of a letter from Mr. Delgadillo to me dated September 26, 2007.

6.      Attached as Exhibit 5 is a true and correct copy of a letter from Mr. Delgadillo to me dated September 27, 2007.

7.      Attached as Exhibit 6 is a true and correct copy of a letter from me to Mr. Delgadillo dated November 16, 2007.

8.      Attached as Exhibit 7 is a true and correct copy of a letter from Mr. Delgadillo to me dated November 21, 2007.

9.      Attached as Exhibit 8 is a true and correct copy of Mattel's First Set of Requests for Production of Documents to MGA dated March 14, 2005.

10.     Since October 1, 2007, MGA has produced to Mattel more than two million pages of documents, which Quinn Emanuel is in the process of diligently reviewing. I consulted with attorneys coordinating the review of MGA's documents and requested that, by using different key word searches, including some which I suggested, they search for any and all documents MGA produced related to the Larian v. Larian proceedings. As of December 4, 2007, Quinn Emanuel has

1  identified four such documents: a September 15, 2003 letter and three documents

2  related to payments to Morad Zarabi.  MGA's production, then, does not appear to

3  include documents critical to those proceedings, such as the "raw data" MGA

4  provided to Mr. Zarabi and/or Ernest Dutcher for purposes of appraisals of MGA

5  conducted in 2000, and then again 2003 and 2004 after Farhad Larian alleged that

6  Isaac Larian had concealed the conception and development Bratz for the 2000

7  appraisals.  It appears that MGA has not complied with its discovery obligations

8  with respect to Larian v. Larian proceedings despite the Court's May 15, 2007 order

9  to do so.  Mattel has separately approached MGA about this.

10         11.    Attached as Exhibit 9 are true and correct copies of relevant

11  sections of Mattel, Inc.'s First Set of Requests For Production of Documents to

12  Isaac Larian dated June 13, 2007.  Isaac Larian also has not produced documents in

13  this action, including documents related to the Larian v. Larian proceedings.

14         12.    Quinn Emanuel attorneys searched and arranged copying of

15  documents from public filings in the two lawsuits that Farhad Larian filed against

16  Isaac Larian and Morad Zarabi in 2003 and 2005.  I personally reviewed the

17  documents that Quinn Emanuel pulled as well as indexes of publicly available

18  documents.  The documents Mattel found in public filings include Mr. Dutcher's

19  declaration attached here as Exhibit 20.  Quinn Emanuel did not locate in public

20  filings any of the raw data on which Mr. Dutcher relied to conduct appraisals of

21  MGA in 2000, 2003 and 2004, including, for example, MGA's 2000 and 2001

22  financial statements or Mr. Morad's Zarabi's "reconciliations" related to the

23  appraisals.  Public filings also do not appear to include transcripts of proceedings or

24  evidence presented during the arbitration that commenced on November 16, 2005.

25         13.    Besides serving a third party subpoena on Kaye Scholer, Mattel

26  also served subpoenas on Farhad Larian, Farhad Larian's attorneys during his

27  disputes with Isaac Larian and Mr. Zarabi (Conkle, Kremer & Engel; Cotkin &

28  Collins; Howarth & Smith and Kabatech Brown Kellner); on another one of Isaac

1  Larian's attorneys (Joel Klevens); and on Mr. Zarabi and his attorneys (Krane &
2  Smith and Stern & Goldberg). Of these, Cotkin, Howarth and Krane have produced
3  responsive documents. I have personally reviewed all of these. Farhad Larian has
4  produced a limited and incomplete set of responsive documents, the last production
5  of which Quinn Emanuel received on the evening of December 6, 2007. Quinn
6  Emanuel is still in the process of reviewing these. Kabatech agreed to produce
7  documents but has not done so. Conkle & Kremer, Mr. Klevens and Mr. Zarabi
8  represented they do not have any responsive documents. Don Howarth of Howarth
9  & Smith represented that his law firm gave everything it had obtained through
10 discovery to Farhad Larian, and did not retain any copies. Conkle represented that it
11 gave twelve to fifteen boxes from the <u>Larian v. Larian</u> proceedings to Kabatech
12 Brown Kellner when Conkle stopped representing Farhad Larian. Ralph Loeb of
13 Krane & Smith, who represented Mr. Zarabi for purposes of Mattel's subpoena, told
14 me that Mr. Zarabi told Krane that he had given everything he had related to the
15 <u>Larian v. Larian</u> proceedings to Isaac Larian. Mattel obtained much of the evidence
16 presented herein through these third parties. However, that discovery confirms that
17 Mattel still does not have, and Kaye Scholer appears to have, many of the critical
18 documents related to Farhad Larian's Bratz-related allegations. For example, no
19 party has produced most or any of the discovery Farhad Larian obtained from MGA,
20 Isaac Larian, Morad Zarabi and Ernest Dutcher between 2003 and 2006, including
21 transcripts of any depositions he took or defended, nor any of the transcripts or
22 evidence presented during the November 2005 arbitration.

23       14.    Attached as Exhibit 10 is a true and correct copy of a protective
24 ordered entered in <u>Larian v. Larian</u>, Case No. BC301371, dated September 23, 2004.

25       15.    Attached as Exhibit 11 is a true and correct copy of a letter from
26 Stern to Howarth and Kaye Scholer dated May 21, 2004.

27       16.    Attached as Exhibit 12 is a true and correct copy of a letter from
28 Alan N. Goldberg to me dated October 16, 2007.

1      17.    Attached as Exhibit 13 is a true and correct copy of a letter from
2  me to Mr. Goldberg dated October 25, 2007.

3      18.    Attached as Exhibit 14 is a true and correct copy of a letter from
4  Mr. Goldberg to me dated October 31, 2007.

5      19.    Attached as Exhibit 15 is a true and correct copy of a Declaration
6  of Morad Zarabi dated September 14, 2004.

7      20.    Attached as Exhibit 16 is a true and correct copy of a letter from
8  Howarth to Kaye Scholer dated April 6, 2004.

9      21.    Attached as Exhibit 17 is a true and correct copy of an Order
10  Granting Mattel's Motion to Compel Production of Documents dated May 15, 2007.

11      22.    Attached as Exhibit 18 is a true and correct copy of a Declaration
12  of Farhad Larian dated November 7, 2003, without exhibits.

13      23.    Attached as Exhibit 19 is a true and correct copy of a Subpoena,
14  including Requests for Production, that Farhad Larian served on Morad Zarabi dated
15  September 19, 2003.

16      24.    Attached as Exhibit 20 is a true and correct copy of a Declaration
17  of Ernest Dutcher dated January 9, 2005, including exhibits.

18      25.    Attached as Exhibit 21 is a true and correct copy of a Certified
19  Transcript of Audiotaped Meeting with Ernest Dutcher dated September 10, 2003.

20      26.    Attached as Exhibit 22 is a true and correct copy of Mattel's
21  Second Amended Answer and Counterclaims dated July 12, 2007.

22      27.    Attached as Exhibit 23 are true and correct copies of relevant
23  excerpts from Volume 1 of the deposition transcript of Paula Garcia dated May 24,
24  2007.

25      28.    Attached as Exhibit 24 is a true and correct copy of an Order of
26  the Discovery Master dated September 25, 2007

27      29.    Attached as Exhibit 25 is a true and correct copy of the
28  Stipulation and Protective Order in effect in this action dated January 4, 2005.

1         30.    Attached as Exhibit 26 is a true and correct copy of an Order of

2 the Discovery Master dated January 25, 2007.

3         31.    Attached as Exhibit 27 is a true and correct copy of letter from

4 Patricia Glaser to John Quinn dated July 5, 2007.

5         32.    Attached as Exhibit 28 is a true and correct copy of a protective

6 ordered entered in <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH, dated

7 November 16, 2005.  Ms. Lever informed me on December 4, 2007 that Mr. Larian

8 agreed to stipulate to modify this protective order in order to allow production here.

9         33.    Attached as Exhibit 29 is a true and correct copy of letter from

10 Ms. Lever to me dated December 6, 2007.

11         34.    Attached as Exhibit 30 is a true and correct copy of an email

12 exchange between Jon Corey and Raoul Kennedy between December 4 and 5, 2007.

13         35.    Attached as Exhibit 31 is a true and correct copy of Non-Party

14 MGA's Motion for Protective Order in ADRS Case No. 05-2096-ABH dated

15 November 14, 2005.

16         36.    Attached as Exhibit 32 are true and correct copies relevant

17 sections of MGA's audited financial statements from 2002-2006.

18

19        I declare under penalty of perjury under the laws of the United States of

20 America that the foregoing is true and correct.

21        Executed on December 10, 2007, at Los Angeles, California.

22

23

24                              Juan Pablo Albán

25

26

27

28