QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff and Counter-
Defendant Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>SECOND SUPPLEMENTAL DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL, INC.'S MOTION FOR RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>Date:   December 14, 2007<br>Time:   10:45 a.m.<br>Place:  JAMS S.F. Office<br><br>**Phase 1:**<br>Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |

07209/2322832.1

SUPPLEMENTAL DECLARATION OF TIMOTHY L. ALGER ISO MOTION FOR RECONSIDERATION

## DECLARATION OF TIMOTHY L. ALGER

I, Timothy L. Alger, declare as follows:

1.     I am a member of the bar of the State of California and a member of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     Since the filing of all moving papers in reference to Mattel's Motion for Reconsideration of the September 12, 2007 Order, new developments have arisen of which Mattel wanted to make sure the Court was aware.

3.     Specifically, this Court ordered Mattel to produce documents related Mattel's negotiations as to the terms of its "Employee Confidential Information and Inventions Agreement" and "Conflict of Interest Questionnaire" because MGA had asserted such documents were relevant to "Mattel's claim that Bryant breached the two agreements and Bryant's defenses thereto, including Bryant's contention that the agreements are unenforceable as contracts of adhesion, unconscionable and violate California law."  (September 12, 2007 Order at pp. 12-13).  A true and correct copy of the September 12, 2007 Order is attached as Exhibit 1.

4.     At the time of that Order, Bryant's Reply to Mattel's Counterclaims had raised these issues as defenses.  Thus, Bryant's Tenth Affirmative Defense declared that there was a "failure of contract."  (See Exh. 2 at 16.)  His Eleventh Affirmative Defense declared the contract "unconscionable."  (Id.)  Attached as Exhibit 2 is a true and correct copy of Carter Bryant's Reply to Mattel's Counterclaims, dated August 13, 2007.

5.     On October 4, however, the parties signed a stipulation whereby Bryant agreed to withdraw these and other defenses.  The stipulation was signed by Judge Larson on October 5.  Attached as Exhibit 3 is a true and correct copy of the

1 | Stipulation and Order Regarding Carter Bryant's Amended Reply to Mattel's
2 | Counterclaims, dated October 5, 2007.

3 |     6.    On October 16, Bryant served a Second Amended Reply.  Bryant

4 | withdrew as affirmative defenses any claim that his contracts with Mattel were

5 | unenforceable.  His unconscionability and failure of contract defenses had been

6 | removed.  Attached hereto as Exhibit 4 is a true and correct copy of Carter Bryant's

7 | Second Amended Reply to Mattel's Counterclaims, dated October 16, 2007.

8 |     7.    Similarly, MGA's amended answer asserts no defenses for illegality,

9 | unconscionability or failure of contract.  Though it makes reference to defenses of

10 | waiver, estoppel and acquiescence, those defenses, as pleaded, are limited to and

11 | relate solely to  MGA's purported laches defense, which has nothing to do with the

12 | enforceability or unenforceability of Bryant's agreements:

13 |     "Mattel's counterclaims are barred in whole or in part by

14 |     waiver because, among other things, Mattel believed

15 |     from the time that Carter Bryant left Mattel's employ that

16 |     he was going to perform work for a Mattel competitor.

17 |     Mattel began investigating Bryant and MGA Defendants,

18 |     including Bryant's role in the creation and development

19 |     of Bratz, at least as early as March 2002.  Nonetheless,

20 |     Mattel waited years to bring suit, all the while allowing

21 |     MGA Defendants to spend years developing their

22 |     business and invest tens of millions of dollars developing

23 |     the Bratz products and building the Bratz brand."

24 | (See Exh. 5 at 24.)  Attached hereto as Exhibit 5 is a true and correct copy of the

25 | Amended Answer and Affirmative Defenses of MGA Entertainment Inc., MGA

26 | Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V. to Mattel,

27 | Inc.'s Second Amended Answer and Counterclaims.

28 |

12/Dec. 11. 2007 7:57PM1344    )o          QEUOH-LAO-2                    No. 4364   P. 2us/uus

1     8.    The Discovery Master ordered the production of these documents

2 solely because they were relevant to defenses that Bryant has now withdrawn.  As a

3 result, Mattel asks that the Court reconsider and reverse its order compelling Mattel

4 to produce documents in the following categories:

5         •    Documents relating to any form "Employee Confidential

6              Information and Inventions Agreement" or "Conflict of Interest

7              Questionnaire" that Mattel alleges to exist between Mattel and

8              Bryant.

9         •    Documents relating to any discussions or negotiations between

10              Mattel and anyone regarding the terms and conditions of any

11              version of either of those agreements.

12         •    Documents relating to any instance in which Mattel has taken

13              any action whatsoever to enforce against anyone the same terms

14              of any such agreement that Mattel alleges Bryant violated.

15         I declare under penalty of perjury under the laws of the United States of

16 America that the foregoing is true and correct.

17         Executed on December 11, 2007, at Pasadena, California.

18

19

20                  Timothy L. Alger

21

22

23

24

25

26

27

28