**EXHIBIT 1**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

                     CENTRAL DISTRICT OF CALIFORNIA
8
                           EASTERN DIVISION
9

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
12              Plaintiff,

13        v.                             Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15              Defendant.               **ORDER GRANTING IN PART AND
                                         DENYING IN PART MGA'S MOTION
16                                       TO COMPEL MATTEL TO
                                         SUPPLEMENT RESPONSES AND
17                                       PRODUCE DOCUMENTS
                                         RESPONSIVE TO FIRST SET OF
18                                       REQUESTS FOR PRODUCTION OF
                                         DOCUMENTS AND THINGS;
19                                       DENYING REQUEST FOR
                                         SANCTIONS**
20
    CONSOLIDATED WITH
21  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
22  INC.

23

24

25                            EXHIBIT ___1___ PAGE ___4___

26

27

28

## I. INTRODUCTION

On July 3, 2007, MGA Entertainment, Inc. ("MGA") submitted its "Motion to Compel Mattel, Inc. ("Mattel") to Supplement its Responses and Produce Documents Responsive to MGA's First Set of Requests for the Production of Documents and Things dated January 31, 2005" (the "Requests") in the Mattel v. Bryant case. On July 16, 2007, Mattel submitted an opposition brief and served its Second Supplemental Responses to MGA's Requests. On July 26, 2007, MGA submitted a reply brief.[1] The matter was heard on September 11, 2007. Having considered the motion papers and the comments of counsel at the hearing, MGA's motion to compel is granted in part and denied in part, and the request for sanctions is denied.

## II. BACKGROUND

On January 31, 2005, MGA propounded its Requests, which consisted of 332 separate requests for, *inter alia*, (a) documents relating to Bryant, his employment, the property MGA allegedly misappropriated, and Mattel's decision to sue; (b) documents generally concerning the agreements Mattel alleges Bryant breached and the fiduciary duties of similarly situated Mattel employees; (c) MGA's Bratz dolls, including comparisons to Mattel products and evidence that Bryant created, developed, or reduced the Bratz idea to practice during his employment with Mattel; and (d) documents relating to allegations in Mattel's complaint, including damages. Burr Decl., Ex. 1. Mattel served its responses on March 3, 2005, which consisted entirely of objections. Burr Decl., Ex. 2. Most notably, Mattel objected to many of the Requests as duplicative of requests that Bryant had previously propounded and to which Mattel had already responded to by stating it would produce documents.

---

[1] After MGA filed its reply brief, Mattel filed several "supplemental declarations" in support of its Opposition to MGA's motion to compel, which it contends addressed several arguments raised for the first time in MGA's reply brief. On August 22, 2007, MGA submitted a letter brief requesting that the supplemental declarations be stricken and not considered. The next day, Mattel submitted a letter brief asserting that the request to strike should be denied on procedural and substantive grounds, and in the alternative, requesting leave to file the "supplemental declarations." MGA's request to strike the "supplemental declarations" is denied, and Mattel's request for leave to file the "supplemental declarations" is granted.

EXHIBIT __1__ PAGE __5__

2

1    Thereafter, the case was stayed while one of the parties pursued an interlocutory appeal.

2    When the stay was lifted, the parties met and conferred regarding the Requests. Although they

3    were not able to resolve all of their disputes, Mattel apparently confirmed to MGA that it "had

4    already produced documents and would continue to produce documents on the subjects that

5    duplicated Bryant's requests in a manner that was consistent with Mattel's earlier responses."

6    Mattel's Opposition at p.9. In January of 2007, Mattel served supplemental responses to 48

7    Requests ("Supplemental Responses"). Burr Decl., Ex. 3.

8    MGA and Mattel met and conferred again on March 27, 2007. Mattel reiterated that

9    MGA's Requests were duplicative of Bryant's requests. Mattel also contended that MGA's

10   Requests were duplicative of other MGA requests served on November 22, 2006. A few days

11   later, MGA sent a follow-up letter to Mattel identifying the Requests it contended were not

12   duplicative of other requests. Burr Decl., Ex. 5. MGA also sent another letter asking Mattel to

13   confirm whether it would supplement its responses and proposing that Mattel provide such

14   responses by April 10, 2007. When no response was received, on July 3, 2007, MGA filed the

15   instant motion to compel Mattel to supplement its responses to the Requests.

16   MGA contends that Mattel's boilerplate objections, including objections based upon

17   relevance, overbreadth and burden, "vague and ambiguous," and/or "duplicative" are all improper

18   because Mattel has failed to provide any explanation for its objections, much less any evidentiary

19   support for its objections. In addition, MGA contends that Mattel has failed to substantiate its

20   objection that certain Requests are purportedly "duplicative" of other requests. Lastly, MGA

21   contends that Mattel has failed to fulfill its obligation to supplement its responses to the Requests

22   with sufficient information for MGA to determine exactly which documents exist, do not exist,

23   have been produced, or otherwise will not be produced. MGA contends that without the required

24   supplementation, it lacks any means to ascertain the state of Mattel's discovery compliance.

25   Therefore, MGA seeks a court order overruling each of Mattel's objections and compelling

26   Mattel to supplement its responses and produce any remaining documents responsive to MGA's

27   Requests.

28

1    On July 16, 2007, Mattel submitted its opposition to the instant motion, its Second

2  Supplemental Responses to MGA's Requests, and its Corrected Second Supplemental Responses

3  to MGA's Requests (hereinafter collectively referred to as "Second Supplemental Responses").

4  Mattel contends that MGA filed the instant motion without completing the meet and confer

5  process and without identifying which responses are purportedly deficient.  Mattel contends that

6  in any event, there is no genuine dispute as to many of the Requests that are the subject of MGA's

7  motion to compel.  Mattel contends that during the meet and confer process, Mattel told MGA

8  that it had already produced documents and would continue to produce documents on the subjects

9  that duplicated Bryant's requests in a manner that was consistent with Mattel's earlier responses.

10  Mattel represents that it has been producing documents it can locate after a reasonable search, and

11  that its Second Supplemental Responses confirm which documents it has been producing in

12  response to 45 out of the 72 Requests at issue.  Mattel also represents that it has produced in

13  excess of 100,000 pages of documents and has offered to make vast quantities of electronic data

14  available for review, inspection, and copying, including electronic data from Mattel's Zeus

15  computer system tapes.  As to the remaining Requests at issue, Mattel stands by its objections that

16  they are overbroad and unduly burdensome.

17    In its reply brief, MGA acknowledges Mattel's Second Supplemental Responses, but

18  contends that they remain inadequate for several reasons.  First, MGA contends that Mattel

19  persists in its objections even for those Requests to which Mattel has agreed to produce

20  responsive documents.  In particular, MGA takes issue with Mattel's continuing objection that the

21  Requests are "duplicative" of other requests propounded by Bryant or MGA.  Therefore, MGA

22  seeks a court order overruling each of Mattel's purportedly baseless objections.  Second, MGA

23  contends that Mattel continues to refuse to collect and produce documents in response to 28

24  Requests that are clearly relevant to the claims and defenses in the case.  Third, MGA contends

25  that Mattel improperly refuses to conduct a "reasonable search for documents," including a search

26  of its Zeus file server and backup tapes of the Zeus server.  MGA's Reply at p.2.  Therefore,

27  MGA seeks an order compelling Mattel to search the Zeus file server and backup tapes for

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  1  PAGE  7        4

1  responsive documents at Mattel's expense.  Finally, MGA anticipates that Mattel will withhold

2  responsive documents as long as possible to prejudice MGA's ability to prepare for depositions

3  and trial, and therefore should be ordered to complete its production forthwith.

### III. STANDARDS

5      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

6  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

7  party."  Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

8  discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

9  Fishing expeditions to discover new claims, however, are not permitted.  See Fed.R.Civ.P.

10  26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

11  condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins.

12  Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note

13  to Amendments Effective December 1, 2000) (Congress's changes in the language of Rule 26(c),

14  substituting the words "claim or defense" for the phrase "subject matter involved in the pending

15  action," were intended to prevent discovery that swept far beyond the claims and defenses of the

16  parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to

17  develop new claims or defenses.).

18      Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

19  extent of use of the discovery methods if the court determines that "(i) the discovery sought is

20  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

21  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

22  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

23  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

24  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

25  the litigation, and the importance of the proposed discovery in resolving the issues."  Fed.R.Civ.P.

26  26(b)(2).

27  //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___1___ PAGE ___8___

5

# IV. DISCUSSION

### 1. Requests Concerning Bryant, Bryant's Employment, and Mattel's Decision to Sue Bryant

**a. Requests seeking documents relating to Mattel's decision to sue Bryant and the timing thereof, any Mattel decision not to sue Bryant, and any Mattel decision as to the litigation against MGA or involving Bratz (Nos. 172-174, 188 and 190)**

In Request Nos. 172-174, MGA seeks documents related to Mattel's Board of Directors' resolution to litigate regarding Bryant, MGA or Bratz. In Request Nos. 188 and 190, MGA seeks all documents related to "any decision [to sue or not to sue] Bryant."

MGA contends that documents responsive to Request Nos. 172-174, 188, and 190 are relevant to Bryant's and MGA's defenses based upon the statute of limitations, laches, waiver, and mitigation of damages. MGA contends that during the meet and confer process, Mattel agreed to produce documents responsive to Request Nos. 172-174 and 188, however, the documents have not been produced.

Mattel represents that it has already produced the Board of Directors meeting minutes that are responsive to Request Nos. 172-174, and that other meeting minutes that have been withheld or redacted for privilege have been placed on a privilege log. Mattel's Opposition at p.32. Mattel objects to Request Nos. 188 and 190 on the grounds that they seek information protected by the attorney-client privilege and/or the work product doctrine. Moreover, Mattel contends that the documents are irrelevant, asserting that Mattel's reasons for suing Bryant have no bearing on the merits of Mattel's claims or MGA's defenses thereto. Nevertheless, Mattel acknowledges that documents responsive to Request Nos. 188 and 190 might be relevant to MGA's statute of limitations and laches defenses. Mattel contends, however, that it has "already agreed to produce documents related to the first time Mattel became aware that Bryant was involved with the creation of Bratz" (Mattel's Opposition at p.33), and that these documents are far more relevant than documents responsive to Request Nos. 188 and 190.

In its reply, MGA contends that contrary to Mattel's representations, it has not produced non-privileged documents responsive to Request Nos. 172-174. To ensure production, MGA's

1 │ motion is granted as to Request Nos. 172-174. Any responsive documents withheld on the basis

2 │ of a privilege must be identified on a privilege log.

3 │       Like Request Nos. 172-174, Request Nos. 188 and 190 seek documents that are relevant to

4 │ MGA's defenses, including the statute of limitations and laches because the documents might

5 │ establish when Mattel first considered taking legal action against Bryant. That Mattel believes it

6 │ has produced documents that are more relevant to MGA's and Bryant's defenses (regarding when

7 │ Mattel became of aware of Bryant's involvement with the creation of Bratz) does not excuse

8 │ Mattel from complying with Request Nos. 188 and 190. If responsive documents are protected by

9 │ the attorney-client privilege or work product doctrine, Mattel must identify such documents on a

10 │ privilege log. MGA's motion is granted as to Request Nos. 188 and 190.

11 │       **b. Requests seeking documents pertaining to Bryant's work at Mattel, *e.g.*, the**
      **terms of his employment, job duties and responsibilities; his work at Mattel,**

12 │       **including the projects he worked on, days and hours worked, with time and**
      **data entries; phone records; and vacation absence records (Nos. 180-183 and**

13 │       **258)**

14 │       In Request No. 180, MGA seeks all documents mentioning, referring or relating to Bryant,

15 │ including but not limited to Bryant's personnel file and all documents on Mattel's Zeus computer

16 │ system that mention Bryant. In Request No. 181, MGA seeks all documents constituting,

17 │ evidencing, referring to, or reflecting Bryant's work at Mattel, including the projects he worked

18 │ on. In Request No. 182, MGA seeks all documents "evidencing the days and hours Bryant

19 │ worked for Mattel, including all time entries and data on Mattel's 'P2' computer system, and all

20 │ records reflecting the days and hours Bryant was on vacation or leave of absence." In Request

21 │ No. 183, MGA seeks all documents "reflecting records of all phone calls Bryant placed and

22 │ received and all facsimiles Bryant sent and received during his employment at Mattel." In

23 │ Request No. 258, MGA seeks all documents relating to Bryant's employment including, without

24 │ limitation, documents reflecting the period and conditions of the employment, the terms of the

25 │ employment, and his job duties and responsibilities.

26 │       MGA contends that Request Nos. 180-183 and 258 seek information that is clearly

27 │ relevant to support or refute Mattel's claims, and that Mattel has improperly refused to produce

28 │

1   responsive documents based upon an array of objections. MGA acknowledges, however, that

2   Mattel has produced Bryant's personnel file, telephone records through September 2000 and some

3   additional responsive documents. Despite this production, MGA continues to seek phone records

4   from October 2000, when Bryant was still working at Mattel.

5       Mattel's Second Supplemental Responses confirm that it will produce documents

6   responsive to all of the Requests in this category except Request No. 180. MGA's motion is

7   granted as to Request Nos. 181-183 and 258 to establish a deadline for completing production.

8       With respect to Request No. 180, Mattel represents that it has "repeatedly offered to make

9   Zeus backup tapes, and other electronic data, available to MGA on mutually agreeable terms."

10  Mattel's Opposition at p.23. Further, Mattel contends that pursuant to Rule 26(b)(2)(B),

11  Fed.R.Civ.P., it is not required to search its Zeus file server data and backup tapes because such

12  an endeavor would be unduly burdensome and costly. Mattel explains that its Zeus system is an

13  immense computer system consisting of 50 terabytes of electronic files that is largely used by

14  Mattel designers and engineers and overwhelmingly consists of graphical files whose content

15  cannot be searched by keywords. Mattel's Opposition at p.20. Further, Mattel represents that it

16  does not have the necessary hardware to restore or search the Zeus backup tapes. Mattel's

17  Opposition at p.25, n. 98.

18      In its reply brief, MGA counters that Mattel has mischaracterized its Zeus system.

19  According to MGA, Mattel's 30(b)(6) witness, Julia Marine, testified that Zeus' directory

20  structure is organized with top-level folders and various levels of subfolders; that individual

21  Mattel employees are each given a home folder and can create subfolders; and that when an

22  employee leaves the company, the folders set up by that employee are not deleted by Mattel's IT

23  department. MGA's Reply at p.9. Therefore, MGA believes it is possible to search the Zeus

24  server for responsive documents by simply locating the folders of relevant departments and

25  employees. Furthermore, MGA suspects that Mattel should be able to conduct a keyword search

26  of file names, even if the contents of the files consist of graphical images.

27      MGA also contends that Mattel has failed to satisfy its burden of showing that a search of

28  
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___1___ PAGE __11__

8

1    its backup tapes for the Zeus server would be unduly burdensome. Although MGA acknowledges

2    Mattel's representation that it does not have the hardware for searching the backup tapes, MGA

3    contends that Mattel "does not identify any unreasonable cost associated with such a review."

4    MGA's Reply at p.10.

5        Mattel has failed to make the requisite showing that the information on the Zeus system

6    and backup tapes "is not reasonably accessible because of undue burden or cost." Fed.R.Civ.P.

7    26(b)(2)(B). MGA has suggested a few reasonable methods for searching the Zeus system based

8    upon the deposition testimony of Julia Marine. For example, Mattel could search its system for

9    folders of relevant departments and employees. Mattel could apply a keyword search to locate

10    file names for potentially responsive documents.[2] Further, Mattel has not attempted to quantify

11    the burden and expense of obtaining the necessary hardware to restore or search the backup tapes,

12    whether in terms of time, financial costs, labor, or otherwise.[3] Therefore, MGA's motion is

13    granted as to Request No. 180.[4]

14          **c. Documents relating to Bryant's involvement with work on Bratz or for MGA, and relating to any activities of Bryant other than his work for Mattel (Nos. 186-187, 260)**

15

16        MGA contends that Request Nos. 186-187 and 260 seek documents relevant to Mattel's

17    claims against Bryant and Bryant's defenses thereto. MGA contends that Mattel has improperly

18

19        [2] Indeed, in its supplemental submissions, Mattel clarifies that it has conducted searches for Zeus file

20    names by keyword. Supp. Zeller Decl. at ¶3.

21        [3] Rather, the information Mattel has provided suggests that searching the backup tapes is not unduly

22    burdensome. In a declaration filed after the reply brief, counsel for Mattel, Mr. Zeller, represents that "vendors retained by Mattel's counsel, as well as other electronic discovery vendors I am familiar with, have the hardware and other data needed to read the Zeus backup tapes and in fact can read them." Mattel's Notice of Lodging Regarding

23    Mattel's Opposition to MGA's Motion to Compel, Ex. 2, ¶14. Further, Mr. Zeller states, "[a]s Mattel's 30(b)(6) designee Julia Marine also confirmed, one simply needs to buy the tape drives to read these tapes [citation omitted],

24    which Mattel's vendors have done." Id.

25        [4] The parties have a general disagreement over whether Mattel has an obligation to search the Zeus system and backup tapes for documents responsive to all of MGA's Requests, not just Request No. 180. See MGA's Reply

26    at pp. 18-20. As explained above, Mattel has failed to carry its burden of proving that searching the Zeus system and backup tapes is unduly burdensome or costly. Therefore, to the extent MGA's motion to compel is granted as to

27    other Requests herein, Mattel shall conduct a reasonable search of the Zeus system and backup tapes to locate responsive documents.

28

EXHIBIT \_\_\_\_1\_\_\_\_ PAGE \_\_12\_\_

9

1  refused to produce any responsive documents based upon an array of boilerplate objections.

2  Nevertheless, MGA acknowledges that Mattel "has produced several documents that appear to be

3  responsive." MGA's Motion at p.13. MGA seeks an order overruling Mattel's objections and

4  compelling Mattel to supplement its responses and produce any remaining responsive documents.

5      Mattel's Second Supplemental Responses confirm that it will produce responsive

6  documents. More specifically, in response to Request Nos. 186-187 and 260, Mattel stated, in

7  pertinent part that "[s]ubject to and without waiving the foregoing general and specific objections,

8  Mattel will produce such responsive, non-privileged documents that are in Mattel's possession,

9  custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable

10 inquiry, to the extent not previously produced." Supp. Zeller Dec., Ex. 4. MGA is entitled to a

11 court order to establish a deadline for production. MGA's motion is granted as to Request Nos.

12 186-187 and 260.

13        **d. Documents in Mattel's possession that were exchanged between Bryant and
          Anne Wang, and between Bryant and MGA (Nos. 270-271)**

14

15      In Request Nos. 270-271, MGA seeks production of documents in Mattel's possession

16 that were exchanged between Bryant and Anne Wang, and between Bryant and MGA. Mattel's

17 Second Supplemental Responses confirm that it will produce responsive documents. MGA is

18 entitled to a court order to establish a deadline for completing production. MGA's motion is

19 granted as to Request Nos. 270-271.

20        **e. Communications and documents referring to communications with various
          specified individuals concerning Bratz, Bryant's work for MGA, or relating to**

21        **this litigation, the facts and circumstances giving rise to it, or Bryant's alleged
          misconduct (Request Nos. 224-249)**

22

23      In Request Nos. 224-249, MGA seeks communications with a host of individuals that

24 refer or relate to the Bratz Concept, the First Bratz Dolls or Bryant's work for MGA, or that refer

25 or relate to this litigation, the facts and circumstances giving rise to this litigation, or Bryant's

26 alleged misconduct, and all documents that refer or relate to such communications. For example,

27 Request No. 224 requires production of "[a]ll communications and all documents constituting,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                    EXHIBIT __ PAGE 17                    10

1  mentioning, describing, discussing, referring or relating to all communications with Anna Rhee

2  that refer or relate to the Bratz concept, the First Bratz dolls or Bryant's work for MGA." Zeller

3  Decl., Ex. 8.

4      MGA contends that the requested documents are relevant to Mattel's claims that Bryant

5  converted, used, sold, assigned or transferred property that Mattel supposedly owns.  Further,

6  MGA contends that the requested documents are relevant to Bryant's defenses based on the

7  statute of limitations, laches, and waiver because the documents could show when Mattel first

8  became aware of Bryant's relationship with MGA.  MGA also contends that these Requests are

9  "self-limiting to subject matters of direct relevance to this litigation."  MGA's Reply at p.8.

10     Mattel's Second Supplemental Responses confirm that it will produce responsive

11  documents, with two qualifications.  First, Mattel agrees to search for and produce only

12  documents that pertain to matters at issue, and not just because they reference MGA.  Mattel's

13  Opposition at p.34.  Second, Mattel agrees to produce the communications with the various

14  individuals identified in the Requests, but not all documents referring or relating to all

15  communications.  Id.

16     Request Nos. 224-249 seek information relevant to the claims and defenses in the case.

17  They are limited to communications with certain key individuals (Anna Rhee, Margaret Leahy,

18  Margaret Leahy's husband, Victoria O'Connor, Ramona Prince, Lilly Martinez, Ron Longsdorff,

19  Matt Bosquette, Adrienne Fontanella, Tim Kilpin, Sujata Luther, Alan Kaye, and Veronica

20  Marlowe), as well as limited in subject matter.  Documents relating to the communications are

21  also relevant to the claims and defenses in the case, and Mattel has failed to establish that the

22  burden of producing responsive documents outweighs their likely benefit under Rule 26(b)(2),

23  Fed.R.Civ.P.  MGA's motion is granted as to Request Nos. 224-249.

24          **f. Hard drives and backup data for all computers used by Bryant while
            employed by Mattel (Request No. 268)**

25

26     In Request No. 268, MGA seeks "[a]ll hard drives and back-up data, no matter how

27  stored, for all computers used by Bryant while employed by Mattel, to the extent such drives and

28

1  back-up data contain data made or accessed by, sent to or received by Bryant." Supp. Zeller

2  Decl., Ex. 4.

3        Mattel contends that issues regarding Bryant's Mattel computer "have long been settled."

4  Mattel's Opposition at p.16.  Mattel explains that Bryant claimed at his deposition that he was

5  "computer illiterate," that he had never created any files on any Mattel computers, and that he did

6  not use them for his design work.  Id. Further, Mattel represents that when Bryant requested such

7  hard drives, Mattel told him that it would produce any hard drives for computers used by Bryant

8  while at Mattel that could be located.  Id.  Mattel asserts that it has yet to identify a computer

9  Bryant has used, and that Bryant and MGA have not offered any meaningful information that

10  would assist Mattel in locating one.  Mattel represents that Bryant's computer will be produced if

11  and when it is located.

12        Mattel's Second Supplemental Responses confirm that Mattel will produce Bryant's

13  computer if and when it is located.  MGA's motion is granted as to Request No. 268 to ensure

14  Mattel's compliance if and when Bryant's computer is located.

15  2. Documents concerning the agreements that Mattel alleges were breached by Bryant and the
   fiduciary duties of persons employed by Mattel in the same or similar capacity as Bryant

16

17              **a. Documents from 1997 to the present relating to Mattel's form "Employee
              Confidential Information and Inventions Agreement" and "Conflict of**

18              **Interest Questionnaire," and negotiations with any employee or prospective
              employee concerning those agreements (Nos. 281-282 and 284-285)**

19

20        In Request Nos. 281 and 284, MGA seeks all versions of Mattel's form "Employee

21  Confidential Information and Inventions Agreement" and Mattel's form "Conflict of Interest

22  Questionnaire," and all documents referring or relating to these agreements, including documents

23  related to any negotiations regarding these agreements and Mattel's enforcement of such

24  agreements.  In Request Nos. 282 and 285, MGA seeks all documents referring or relating to

25  negotiations regarding these agreements.

26        MGA contends that the documents it seeks are central to Mattel's claim that Bryant

27  breached the two agreements and Bryant's defenses thereto, including Bryant's contention that

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___1___ PAGE ___15___

12

1    the agreements are unenforceable as contracts of adhesion, unconscionable and violate California

2    law.  MGA contends that the manner in which Mattel negotiates, interprets, enforces and applies

3    the terms of the two contracts is highly relevant.

4            Mattel represents that it has produced all iterations of the two agreements, including

5    examples of each version of the agreements that Mattel has used since 1995.  Mattel, however,

6    objects to Request Nos. 281-282 and 284-285 as overbroad to the extent MGA seeks all

7    documents "mentioning, discussing, describing, referring or relating to" such agreements and any

8    and all documents involving negotiations concerning these agreements.  Mattel contends that any

9    benefits of producing these additional documents are far outweighed by the cost of production.

10   Mattel further contends that the production is unjustified because Mattel has already produced a

11   Rule 30(b)(6) witness to testify regarding the two agreements.  According to Mattel, MGA and

12   Bryant asked Mattel's designee how often the agreements changed, the process, if any, by which

13   an employee negotiated the terms of an agreement, and whether signing the agreement was a

14   condition of employment.  In addition, Mattel represents that both MGA and Bryant have

15   questioned several designers and other employees about the circumstances under which each

16   signed his or her agreements and whether or not each understood his or her agreements.

17           In its reply brief, MGA represents that it offered to narrow Request Nos. 281-282 and 284-

18   285 during the meet and confer to the following categories of documents:

19           *All documents relating to any form "Employee Confidential Information and Inventions
             Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between
20           Mattel and Bryant;

21           *All documents relating to any discussions or negotiations between Mattel and anyone
             regarding the terms and conditions of any version of either of those agreements; and
22
             *All documents relating to any instance in which Mattel has taken any action whatsoever
23           to enforce against anyone the same terms of any such agreement that Mattel alleges
             Bryant violated.
24

25   MGA's Reply at p. 16.  Apparently, MGA's motion to compel is directed to only the three subsets

26   of responsive documents described above, and not the Requests as originally written.  As

27   narrowed, Request Nos. 281-282 and 284-285 seek documents relevant to the claims and defenses

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __1__ PAGE __14__

13

1   in the case, which Mattel implicitly conceded by producing various iterations of the two

2   agreements.  As narrowed, the Requests are not overbroad or unduly burdensome because they no

3   longer call for production of documents "mentioning, discussing, describing, referring or relating

4   to" the two agreements and any and all documents involving negotiations concerning these

5   agreements.  That MGA has already deposed a few witnesses regarding the two agreements does

6   not preclude MGA from obtaining documentary evidence on the same subject.  Therefore,

7   MGA's motion is granted as to Request Nos. 281-282 and 284-285, as narrowed by MGA.

8             **b. Documents created after January 4, 1999, concerning the activities of any**
          **Mattel employee in connection with the creation of any property, doll or toy**
9           **for anyone other than Mattel; Mattel's employment policies/contracts**
          **governing the extent to which a part-time or temporary employee may work**
10          **for himself or other companies while also employed by Mattel (Nos. 262-267)**

11          In Request Nos. 262-263, MGA seeks all documents created after January 4, 1999 that

12  evidence, relate or refer to any activities of any current or former Mattel employee performed,

13  while such person was employed by Mattel, in connection with the conception, creation, design or

14  development of any intellectual property, doll, or toy done for or at the request of any company,

15  entity, or person other than Mattel.  In Request Nos. 264-265, MGA seeks all documents that

16  constitute, describe, mention, refer or relate to Mattel's policy regarding part-time or temporary

17  employment at Mattel.  In Request Nos. 266-267, MGA seeks all documents that constitute,

18  describe, mention, refer, or relate to Mattel's policy regarding part-time or temporary employment

19  at Mattel including, without limitation, all documents, agreements, and contracts that describe,

20  discuss, govern, control, regulate, or limit how and to what extent a person employed part-time at

21  Mattel is allowed, or not allowed, to work for himself or herself or other companies or entities,

22  including MGA, while employed by Mattel.

23          MGA contends that Bryant worked for Mattel on a part-time basis in 1998, and that

24  Request Nos. 262-267 seek relevant documents concerning Mattel's employment policies for

25  part-time and temporary employees, including any restrictions on their abilities to work elsewhere

26  while employed by Mattel.  MGA contends that the requested documents are directly relevant to

27  Mattel's breach of contract claims against Bryant and Bryant's defenses thereto, and therefore all

28

1    responsive documents should be produced.

2         Mattel represents that it has produced various iterations of agreements and policies applied

3    to part-time and temporary Mattel employees.  Mattel contends, however, that each of the

4    Requests in this category is overbroad to the extent they seek any additional documents.  For

5    example, Mattel contends that the Requests are broad enough to encompass documents

6    concerning subjects such as health benefits and vacation leave that have no conceivable bearing

7    on the case.  Further, Mattel contends that the burden of searching for all responsive documents is

8    outweighed by the marginal benefits of the responsive documents.  In fact, Mattel contends that

9    the requested documents are not relevant at all because Bryant claims to have conceived Bratz

10   after he was a part-time employee.  Mattel's Opposition at p.30.

11        Request Nos. 262 and 263 are overbroad.  As written, these requests would potentially

12   require Mattel to review documents relating to all of its many thousands of current and former

13   employees in order to find evidence that an employee conceived, created, designed or developed

14   any intellectual property or doll or toy for at the request of any company or person other than

15   Mattel.  Even if Mattel succeeded in finding such documents, the burden and expense of

16   conducting such a search outweigh the likely benefit of the documents.  Therefore, MGA's

17   motion is denied as to Request Nos. 262 and 263.

18        In its reply brief, MGA agrees to narrow the remaining Requests in this category as

19   follows:

20        Request No. 264:  DOCUMENTS sufficient to identify all iterations of MATTEL'S
          policy regarding part-time employment at MATTEL.

21
22        Request No. 265:  DOCUMENTS sufficient to identify all iterations of MATTEL'S
          policy regarding temporary employment at MATTEL.

23        Request No. 266:  All DOCUMENTS, including agreements and contracts, that describe,
          discuss, govern, control, regulate or limit how and to what extent a person employed part-
24        time at MATTEL is allowed, or not allowed, to work for him or herself or other
          companies or entities, including MGA, while employed by MATTEL.
25
          Request No. 267:  All DOCUMENTS, including agreements and contracts, that describe,
26        discuss, govern, control, regulate or limit how and to what extent a person employed part-
          time at MATTEL is allowed, or not allowed, to work for him or herself or other
27        companies or entities, including MGA, while employed by MATTEL.

28

1  MGA's Reply brief at p. 15.  As rewritten, these requests target documents that are relevant to

2  Mattel's breach of contract claims against Bryant and Bryant's defenses thereto.  MGA

3  anticipates that Mattel could argue at trial that Bryant conceived of Bratz while he was a part-time

4  employee.  The documents MGA now seeks through its narrowed requests are relevant to

5  establish Mattel's policies and contracts for part-time and temporary employment.  Nor are the

6  Requests unduly burdensome, taking into account the needs of the case, the amount in

7  controversy, the parties' resources, the importance of the issues at stake in the litigation, and the

8  importance of the requested documents in resolving the issues.  MGA's motion is granted as to

9  Request Nos. 264-267 as rewritten in MGA's reply brief.

10  3. Documents concerning Bratz and the purported Mattel property that forms the basis of its
11  claims

12           **a. Documents concerning Bratz including any documents relating to the**
13           **similarities or differences between Bratz and any Mattel property or any**
             **property created by a Mattel employee that it contends served as a source or**
14           **origin for any Bratz concept or product (Nos. 259, 261, and 269)**

15

16           In Request No. 259, MGA seeks production of all documents that evidence, describe,

17  mention, refer, or relate to the similarity of any artwork created by any Mattel employee,

18  including but not limited to Bryant, prior to October 20, 2000, to Bratz.  In Request No. 261,

19  MGA seeks all documents created after January 4, 1999 that evidence, relate or refer to any

20  activities of any current or former Mattel employee performed in connection with the conception,

21  creation, design, or development of Bratz or Bratz intellectual property.  In Request No. 269,

22  MGA seeks all documents that constitute, evidence, describe, depict, refer or relate to any artwork

23  or other work product by Mattel that it contends Bryant used in connection with his creation of

24  anything for MGA, including without limitation, Bratz or Bratz intellectual property.

25           MGA contends that Request Nos. 259, 261, and 269 seek documents that are directly

26  relevant to Mattel's claims that Bryant converted, used, sold, assigned, or transferred property that

27  Mattel claims it owns; damages and causation; and Bryant's defenses, including those based on

28

1 | statute of limitations, laches, waiver, and unclean hands.

2 |     Mattel's Second Supplemental Responses confirm that it will produce responsive

3 | documents. More specifically, Mattel represents that it will produce the "prior art that lead to

4 | Bratz." Mattel's Opposition at p.36. Mattel objects, however, to producing documents that do

5 | not constitute "prior art," such as marketing, sales planning, engineering, electronics, and

6 | programming of the voices of Mattel's Diva Starz line.

7 |     In its reply brief, MGA confirms that it is only seeking documents relating to the original

8 | artwork or work product that Mattel claims Bryant copied, and is not seeking all documents

9 | relating to the Diva Starz line. With this clarification, MGA's motion is granted as to Request

10 | Nos. 259, 261, and 269.

11 |               **b. Documents discussing or mentioning Isaac Larian, Paula Treantafelles, or**

12 |               **Mercedeh Ward, authored between June 2000 and October 2001 that concern, support, or refute Mattel's contentions in this litigation (Nos. 44-46)**

13 |     In Request Nos. 44-46, MGA seeks all documents discussing or mentioning Isaac Larian,

14 | Paula Treantafelles, or Mercedeh Ward authored between June 2000 and October 2001. Mr.

15 | Larian is the President and CEO of MGA, and Ms. Treantafelles and Ms. Ward are former Mattel

16 | employees who went to work for MGA and later helped develop the Bratz line. During the meet

17 | and confer process, MGA agreed to limit Request Nos. 44-46 to documents that "concern, support

18 | or refute Mattel's contentions in this litigation."

19 |     MGA contends that the requested documents are, at the very least, relevant to MGA's

20 | statute of limitations and laches defenses. Further, MGA contends that Request Nos. 44-46 are

21 | limited in scope to only documents authored between June 2000 and October 2001 and

22 | concerning Mattel's contentions in this litigation. MGA therefore seeks an order compelling

23 | Mattel to supplement its responses and produce responsive documents.

24 |     Mattel acknowledges that MGA offered to limit Request Nos. 44-46 to only documents

25 | related to the current litigation, but construes MGA's current motion to compel as seeking

26 | compliance with the Requests as originally written. Mattel contends that Request Nos. 44-46, as

27 | originally written, are overbroad because there are no limitations on subject matter.

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __1__   PAGE __20__

17

1    MGA's motion papers make clear that it is not seeking compliance with Request Nos. 44-

2    46 as originally written.  Instead, MGA stands by its offer during the meet and confer process to

3    limit the Requests to documents that "concern, support or refute Mattel's contentions in this

4    litigation."  MGA's Motion at p. 19.  As narrowed by MGA, Request Nos. 44-46 seek documents

5    relevant to the claims and defenses in the case and are limited in subject matter as well as in

6    temporal scope.  MGA's motion is granted as to Request Nos. 44-46.

7

8    4. Documents concerning specific allegations set forth in Mattel's complaint and demands for
     related documents

9

10              **a. Documents supporting, refuting or evidencing specific allegations set forth
                in Mattel's complaint (Nos. 296, 302-303, 306-307, and 329-330)**

11

12      In these Requests, MGA seeks documents supporting, refuting, or evidencing specific

13   allegations in Mattel's complaint, including, among other things, documents related to (a)

14   Mattel's claims that the Employment Agreement and Conflict Questionnaire are valid,

15   enforceable contracts; (b) Mattel's allegations of damages and harm; and (c) Mattel's allegation

16   that Bryant "used and diverted" Mattel resources and opportunities.  MGA also seeks documents

17   depicting the intellectual property allegedly owned by Mattel and relating to ownership of that

18   property.

19      Mattel's Second Supplemental Responses confirm that it agrees to produce responsive,

20   non-privileged documents.  MGA's motion is granted as to Request Nos. 296, 302-303, 306-307,

21   329-330.

22              **b. Documents evidencing whether persons who are or were employed by
                Mattel in the same or similar capacity as Bryant are or were subject to the
23              same duties and responsibilities that Bryant was allegedly subject to, as
                alleged in Mattel's complaint (Nos. 309, 311, 313, 315, 317, 320, 323)**

24

25      In these Requests, MGA seeks all documents evidencing that persons who are or were

26   employed by Mattel in the same or similar capacity as Bryant: hold or held positions of trust and

27   confidence with Mattel (No. 309); had or have access to Mattel's proprietary and confidential

28   
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 1   PAGE 21    18

1  information (No. 311); were or are entrusted with Mattel's proprietary and confidential

2  information (No. 313); supervised or supervise the work of others (No. 315); exercised or

3  exercise discretion in their job assignments and duties (No. 317); worked or work independently

4  in their job assignments and duties (No. 320); and represented or represent Mattel in its dealings

5  with third parties (No. 323).

6       MGA contends that these Requests are directly relevant to Mattel's allegations in the

7  complaint that Bryant held a position of trust, had access to and was entrusted with Mattel's

8  proprietary and confidential information, supervised the work of others, exercised discretion and

9  worked independently for many of his job assignments and duties, and represented Mattel in its

10  dealings with third parties.  Further, MGA contends that documents pertaining to Mattel's

11  employees other than Bryant are likely to lead to admissible evidence relating to whether Mattel

12  ordinarily views employees in Bryant's position as fiduciaries.

13       Mattel represents that it has already agreed to produce responsive documents insofar as

14  Bryant is concerned.  Mattel, however, objects to the Requests as overbroad and unduly

15  burdensome to the extent they require production of documents pertaining to other persons who

16  are or were employed "in the same or similar capacity as Bryant," which Mattel interprets to

17  mean all of its "designers."  Mattel represents that in El Segundo, it currently employs over 320

18  individuals for the Barbie line alone, not including former employees or designers on other dolls

19  or toys.  Given the size of Mattel's work force, Mattel contends that the burden of production far

20  outweighs any marginal relevance of the responsive documents.

21       In its reply brief, MGA contends that Mattel's objections are based upon a strained

22  interpretation of the phrase "same or similar capacity as Bryant."  In MGA's view, Bryant was a

23  "low-level, salaried employee" at Mattel.  MGA's Reply at p.17.  MGA, however, does not offer

24  an alternative definition for persons employed in the "same or similar capacity as Bryant,"

25  arguing instead that only Mattel is capable of identifying a narrower group of employees.

26       MGA's motion is denied as to this last category of Requests.  The Requests are overbroad

27  and MGA has not offered to narrow the scope of the Requests to a reasonable number of Mattel

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT  1   PAGE  22                19

1  employees.

2  V. CONCLUSION

3  For the reasons set forth above, it is hereby ordered as follows:

4  1.  Mattel's objections, except as to privilege, are overruled.

5  2.  Mattel shall produce all non-privileged responsive documents, to the extent they
6  have not already been produced, for the following Requests: Nos. 44-46 (as narrowed by MGA),
7  172-174, 180-183, 186-188, 190, 224-249, 258-261, 264-267 (as narrowed by MGA), 268-271,
8  281-282 (as narrowed by MGA), 284-285 (as narrowed by MGA), 296, 302-303, 306-307, and
9  329-330.  If no additional non-privileged responsive documents exist, Mattel shall provide such
10  confirmation in writing as to each request.

11  3.  Mattel shall conduct a reasonable search for documents responsive to the Requests
12  identified above, including a search for responsive documents in the Zeus server and back-up
13  tapes.[5]

14  4.  Mattel shall complete its production of all non-privileged responsive documents in
15  accordance with this Order no later than September 28, 2007.

16  5.  MGA's motion to compel is denied as to Request Nos. 262-263, 309, 311, 313,
17  315, 317, 320 and 323.

18  6.  MGA's request for sanctions is denied.

19  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
20  Master, MGA shall file this Order with the Clerk of Court forthwith.

21

22

23  Dated: September _12_, 2007

24  HON. EDWARD A. INFANTE (Ret.)
25  Discovery Master

26

27  ___
    [5]  The parties shall further meet and confer to establish parameters for conducting a reasonable search of the
    Zeus system and backup tapes.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___ PAGE _22_

20

## <u>PROOF OF SERVICE BY E-MAIL</u>

I, Sandra Chan, not a party to the within action, hereby declare that on September 12, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO SUPPLEMENT RESPONSES AND PRODUCE DOCUMENTS RESPONSIVE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS; DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 12, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT ___1___ PAGE 24

**EXHIBIT 2**

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
15                          Plaintiff,   2727

16       v.                              **CARTER BRYANT'S REPLY TO**
                                         **MATTEL'S COUNTERCLAIMS**
17  MATTEL, INC. a Delaware
    Corporation,                         **DEMAND FOR JURY TRIAL**
18
                            Defendant.   Dept:      Courtroom 1
19                                       Judge:     Hon. Stephen G. Larson

20  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA
21  ENTERTAINMENT, INC. v.
    MATTEL, INC.                         Discovery Cut-Off: Jan. 14, 2008
22                                       Pre-Trial Conference: April 7, 2008
                                         Trial Date:  April 29, 2008
23

24       Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27       As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions. Bryant's denial of any allegation

EXHIBIT 2 PAGE 25

1

400554.01

1   should be construed as a denial of both the allegation itself, and any of the

2   allegation's underlying, unsupported assumptions.

3        Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4   place of factual allegations that Mattel claimed to protest in responding to MGA's

5   claims against it.  Bryant denies all allegations not specifically admitted, including

6   Mattel's argument and innuendo.  Where Bryant admits any portion of an

7   allegation, Bryant admits only the specific facts admitted, and denies all of

8   Mattel's accompanying characterizations, conclusions, and speculation contained

9   in that allegation or in Mattel's counterclaims as a whole.

10       Bryant also submits that Mattel's use of headings throughout its

11  counterclaims is improper, and that therefore no response to Mattel's headings is

12  required.  If any response is required, Bryant denies all allegations contained in

13  Mattel's headings.

14       Finally, Bryant notes that many of the allegations in this complaint allege

15  nothing relating Bryant.  Although Bryant recognizes that he is nonetheless

16  required to answer them, Bryant lacks any knowledge or information concerning

17  these allegations.  In denying these allegations based on his lack of knowledge and

18  information regarding alleged events not involving him, as with all his other

19  denials, Bryant also denies Mattel's negative characterizations and innuendo about

20  all of the alleged events, including any events or facts that may in fact have

21  occurred (such as, for example, MGA's hiring of certain individuals previously

22  employed by Mattel).

### Responses

23

24  1.      Bryant denies the allegations of this paragraph.

25  2.      Bryant admits that he conceived, created and developed Bratz designs,

26  that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27  improperly sought to register copyrights for certain Bratz designs.  Bryant denies

28  all remaining allegations of this paragraph.

EXHIBIT 2  PAGE 26

400554.01

3.      Bryant denies that MGA engaged in illegal conduct in entering the agreement with Bryant. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

4.      Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

5.      Bryant denies the allegations of this paragraph.

6.      Bryant admits that Mattel purports to seek relief under 17 U.S.C. § § 101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28 U.S.C. § 1367 for its purported state law claims. Bryant admits that the Court has jurisdiction to hear claims against Bryant, based on those allegations, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

7.      Bryant admits that venue is proper in this District as to claims against Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

8.      Bryant admits the allegation of this paragraph.

9.      Bryant admits the allegations of the first and second sentences of this paragraph. Bryant denies the remaining allegations of this paragraph.

10.      Bryant admits the allegations of this paragraph.

11.      Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

12.      Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

EXHIBIT 2 PAGE 27

400554.01

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

13.    Bryant admits that Isaac Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles. Bryant denies the remaining allegations of this paragraph.

14.    Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

15.    Bryant denies the allegations of this paragraph.

16.    Bryant admits that Mattel manufactures and markets toys, games, dolls and other consumer products. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of this paragraph, and on that basis denies them. Bryant admits that Mattel is a well-known company, and denies all remaining allegations of this paragraph.

17.    Bryant admits that Mattel maintains a large design center in El Segundo, California at which many designers, sculptors, painters and other artists work to create Mattel products. Bryant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of this paragraph, and on that basis denies them.

18.    Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

19.    Bryant admits that MGA is a toy manufacturer that launched a fashion doll line. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph, and on that basis denies them. Bryant denies that MGA stole a fashion doll that was owned by Mattel, and denies all remaining allegations of this paragraph.

20.    Bryant denies all allegations of this paragraph.

21.    Bryant admits that he is a former Mattel employee, that he began working for Mattel in September 1995 and worked in Mattel's Design Center as a Barbie product designer, and that he stopped working with Mattel in or about April

EXHIBIT ___2___ PAGE _2 8_

4

400554.01

1   1998.  Bryant denies that he moved to Missouri to live with his parents in or about
2   April 1998.  Bryant admits that late in 1998, he applied to Mattel to be rehired, and
3   that on or about January 4, 1999, he began working at Mattel in Mattel's Design
4   Center as a product designer.  Bryant denies any remaining allegations of this
5   paragraph.

6           22.     Bryant admits that, upon his return to Mattel in January 1999, he
7   signed the document attached to Mattel's Counterclaims as Exhibit A, which is
8   titled "Employee Confidential Information and Inventions Agreement."  Bryant
9   denies all remaining allegations of this paragraph, explicit or implicit, including
10  Mattel's allegations regarding the legal significance of this document.

11          23.     Bryant denies the allegations of this paragraph.

12          24.     Bryant admits that, upon his return to Mattel in January 1999, he
13  signed the document attached to Mattel's Counterclaims as Exhibit B, which is
14  titled "Conflict of Interest Questionnaire."  Bryant admits that he disclosed on this
15  document freelance work he had performed while in Missouri for Ashton-Drake,
16  which is unrelated to Mattel's allegations here.  Bryant denies all remaining
17  allegations of this paragraph, explicit or implicit, including Mattel's allegations
18  regarding the legal significance of this document.

19          25.     Bryant denies the allegations of this paragraph.

20          26.     Bryant denies the allegations of this paragraph, including all the
21  allegations of each of its sub-paragraphs.

22          27.     Bryant denies the allegations of this paragraph.

23          28.     Bryant denies the allegations of this paragraph.

24          29.     Bryant denies the allegations of this paragraph.

25          30.     Bryant lacks knowledge or information sufficient to form a belief as
26  to the truth of the allegations of this paragraph, and on that basis denies them.

27          31.     Bryant admits that samples of the four original Bratz dolls were
28  shown at the Hong Kong Toy Fair in January 2001.  Bryant denies the remaining

EXHIBIT  Q    PAGE 29

5

400554.01

1    allegations of this paragraph.

2        32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3    products in many countries throughout the world. Bryant lacks knowledge or

4    information sufficient to form a belief as to the truth of the allegations of the

5    second sentence of this paragraph, and on that basis denies them. Bryant admits

6    the allegations of the third sentence of this paragraph. Bryant admits that MGA

7    claims current ownership of Bratz, including the copyrights and copyright

8    registrations attendant thereto. Bryant admits the allegations of the fifth sentence

9    of this paragraph. Bryant denies all remaining allegations of this paragraph

10       33.    Bryant denies the allegations of this paragraph.

11       34.    Bryant denies the allegations of this paragraph.

12       35.    Bryant denies the allegations of this paragraph.

13       36.    Bryant admits that he had an agreement with MGA and the terms of

14   that agreement speak for themselves. Bryant denies all remaining allegations of

15   this paragraph.

16       37.    Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18       38.    Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       39.    Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22       40.    Bryant lacks knowledge or information sufficient to form a belief as

23   to the truth of the allegations of this paragraph, and on that basis denies them.

24       41.    Bryant lacks knowledge or information sufficient to form a belief as

25   to the truth of the allegations of this paragraph, and on that basis denies them.

26       42.    Bryant lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of this paragraph, and on that basis denies them.

28       43.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT 2   PAGE 30

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2        44.    Bryant lacks knowledge or information sufficient to form a belief as
3    to the truth of allegations of this paragraph, and on that basis denies them.

4        45.    Bryant lacks knowledge or information sufficient to form a belief as
5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        46.    Bryant lacks knowledge or information sufficient to form a belief as
7    to the truth of the allegations of this paragraph, and on that basis denies them.

8        47.    Bryant lacks knowledge or information sufficient to form a belief as
9    to the truth of the allegations of this paragraph, and on that basis denies them.

10       48.    Bryant lacks knowledge or information sufficient to form a belief as
11   to the truth of the allegations of this paragraph, and on that basis denies them.

12       49.    Bryant lacks knowledge or information sufficient to form a belief as
13   to the truth of the allegations of this paragraph, and on that basis denies them.

14       50.    Bryant lacks knowledge or information sufficient to form a belief as
15   to the truth of the allegations of this paragraph, and on that basis denies them.

16       51.    Bryant lacks knowledge or information sufficient to form a belief as
17   to the truth of the allegations of this paragraph, and on that basis denies them.

18       52.    Bryant lacks knowledge or information sufficient to form a belief as
19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       53.    Bryant lacks knowledge or information sufficient to form a belief as
21   to the truth of the allegations of this paragraph, and on that basis denies them.

22       54.    Bryant lacks knowledge or information sufficient to form a belief as
23   to the truth of the allegations of this paragraph, and on that basis denies them.

24       55.    Bryant lacks knowledge or information sufficient to form a belief as
25   to the truth of the allegations of this paragraph, and on that basis denies them.

26       56.    Bryant lacks knowledge or information sufficient to form a belief as
27   to the truth of the allegations of this paragraph, and on that basis denies them.

28       57.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT 2    PAGE 31

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1  to the truth of the allegations of this paragraph, and on that basis denies them.

2       58.    Bryant lacks knowledge or information sufficient to form a belief as

3  to the truth of the allegations of this paragraph, and on that basis denies them.

4       59.    Bryant lacks knowledge or information sufficient to form a belief as

5  to the truth of the allegations of this paragraph, and on that basis denies them.

6       60.    Bryant lacks knowledge or information sufficient to form a belief as

7  to the truth of the allegations of this paragraph, and on that basis denies them.

8       61.    Bryant lacks knowledge or information sufficient to form a belief as

9  to the truth of the allegations of this paragraph, and on that basis denies them.

10       62.    Bryant lacks knowledge or information sufficient to form a belief as

11  to the truth of the allegations of this paragraph, and on that basis denies them.

12       63.    Bryant lacks knowledge or information sufficient to form a belief as

13  to the truth of the allegations of this paragraph, and on that basis denies them.

14       64.    Bryant lacks knowledge or information sufficient to form a belief as

15  to the truth of the allegations of this paragraph, and on that basis denies them.

16       65.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18       66.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20       67.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22       68.    Bryant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of this paragraph, and on that basis denies them.

24       69.    Bryant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations of this paragraph, and on that basis denies them.

26       70.    Bryant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations of this paragraph, and on that basis denies them.

28       71.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT 2   PAGE 32

8

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1 │ to the truth of the allegations of this paragraph, and on that basis denies them.

2 │     72.     Bryant lacks knowledge or information sufficient to form a belief as
3 │ to the truth of the allegations of this paragraph, and on that basis denies them.

4 │     73.     Bryant lacks knowledge or information sufficient to form a belief as
5 │ to the truth of the allegations of this paragraph, and on that basis denies them.

6 │     74.     Bryant lacks knowledge or information sufficient to form a belief as
7 │ to the truth of the allegations of this paragraph, and on that basis denies them.

8 │     75.     Bryant lacks knowledge or information sufficient to form a belief as
9 │ to the truth of the allegations of this paragraph, and on that basis denies them.

10 │     76.     Bryant lacks knowledge or information sufficient to form a belief as
11 │ to the truth of the allegations of this paragraph, and on that basis denies them.

12 │     77.     Bryant lacks knowledge or information sufficient to form a belief as
13 │ to the truth of the allegations of this paragraph, and on that basis denies them.

14 │     78.     Bryant lacks knowledge or information sufficient to form a belief as
15 │ to the truth of the allegations of this paragraph, and on that basis denies them.

16 │     79.     Bryant lacks knowledge or information sufficient to form a belief as
17 │ to the truth of the allegations of this paragraph, and on that basis denies them.

18 │     80.     Bryant lacks knowledge or information sufficient to form a belief as
19 │ to the truth of the allegations of this paragraph, and on that basis denies them.

20 │     81.     Bryant lacks knowledge or information sufficient to form a belief as
21 │ to the truth of the allegations of this paragraph, and on that basis denies them.

22 │            **Mattel's First Counterclaim**

23 │     82.     Bryant repeats and realleges his answers to paragraphs 1 through 81
24 │ above, as though fully set forth here at length.  Bryant denies any allegations not
25 │ expressly admitted.

26 │     83.     Bryant denies the allegations of this paragraph.

27 │     84.     Bryant denies the allegations of this paragraph.

28 │     85.     Bryant denies the allegations of this paragraph.

9        EXHIBIT 2    PAGE 33

400554.01

86. Bryant denies the allegations of this paragraph.

87. Bryant denies the allegations of this paragraph.

## Mattel's Second Counterclaim

88. Bryant repeats and realleges its answers to paragraphs 1 through 87 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

89. Bryant denies the allegations of this paragraph.

90. Bryant denies the allegations of this paragraph.

91. Bryant denies the allegations of this paragraph.

92. Bryant denies the allegations of this paragraph.

93. Bryant denies the allegations of this paragraph, including the allegations of all of its sub-paragraphs.

94. Bryant denies the allegations of this paragraph.

95. Bryant denies the allegations of this paragraph.

96. Bryant denies the allegations of this paragraph.

97. Bryant denies the allegations of this paragraph.

## Mattel's Third Counterclaim

98. Bryant repeats and realleges its answers to paragraphs 1 through 97 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

99. Bryant denies the allegations of this paragraph.

100. Bryant denies the allegations of this paragraph.

101. Bryant denies the allegations of this paragraph.

102. Bryant denies the allegations of this paragraph.

103. Bryant denies the allegations of this paragraph.

104. Bryant denies the allegations of this paragraph.

105. Bryant denies the allegations of this paragraph.

EXHIBIT 2 PAGE 34

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

### Mattel's Fourth Counterclaim

106.   Bryant repeats and realleges its answers to paragraphs 1 through 105 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

107.   Bryant denies the allegations of this paragraph.

108.   Bryant denies the allegations of this paragraph.

109.   Bryant denies the allegations of this paragraph.

110.   Bryant denies the allegations of this paragraph.

111.   Bryant denies the allegations of this paragraph.

112.   Bryant denies the allegations of this paragraph.

113.   Bryant denies the allegations of this paragraph.

114.   Bryant denies the allegations of this paragraph.

115.   Bryant denies the allegations of this paragraph.

### Mattel's Fifth Counterclaim

116.   Bryant repeats and realleges its answers to paragraphs 1 through 115 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

117.   Bryant denies the allegations of this paragraph.

118.   Bryant denies the allegations of this paragraph.

119.   Bryant denies the allegations of this paragraph.

120.   Bryant denies the allegations of this paragraph.

121.   Bryant denies the allegations of this paragraph.

### Mattel's Sixth Counterclaim

122.   Bryant repeats and realleges its answers to paragraphs 1 through 122 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

123.   Bryant denies the allegations of this paragraph.

124.   Bryant denies the allegations of this paragraph.

EXHIBIT 2 PAGE 35

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

125. Bryant denies the allegations of this paragraph.

126. Bryant denies the allegations of this paragraph.

127. Bryant denies the allegations of this paragraph.

128. Bryant denies the allegations of this paragraph.

### Mattel's Seventh Counterclaim

129. Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

130. Bryant denies the allegations of this paragraph.

131. Bryant denies the allegations of this paragraph.

132. Bryant denies the allegations of this paragraph.

133. Bryant denies the allegations of this paragraph.

134. Bryant denies the allegations of this paragraph.

135. Bryant denies the allegations of this paragraph.

### Mattel's Eighth Counterclaim

136. Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

137. Bryant denies the allegations of this paragraph.

138. Bryant denies the allegations of this paragraph.

139. Bryant denies the allegations of this paragraph.

140. Bryant denies the allegations of this paragraph.

141. Bryant denies the allegations of this paragraph.

### Mattel's Ninth Counterclaim

142. Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

143. Bryant denies the allegations of this paragraph.

EXHIBIT 2 PAGE 34

400554.01

144.   Bryant denies the allegations of this paragraph.

145.   Bryant denies the allegations of this paragraph.

146.   Bryant denies the allegations of this paragraph.

147.   Bryant denies the allegations of this paragraph.

148.   Bryant denies the allegations of this paragraph

### Mattel's Tenth Counterclaim

149.   Bryant repeats and realleges its answers to paragraphs 1 through 148 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

150.   Bryant denies the allegations of this paragraph.

151.   Bryant denies the allegations of this paragraph.

152.   Bryant denies the allegations of this paragraph.

153.   Bryant denies the allegations of this paragraph.

154.   Bryant denies the allegations of this paragraph.

### Mattel's Eleventh Counterclaim

155.   Bryant repeats and realleges its answers to paragraphs 1 through 154 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

156.   Bryant denies the allegations of this paragraph.

157.   Bryant denies the allegations of this paragraph.

158.   Bryant denies the allegations of this paragraph.

159.   Bryant denies the allegations of this paragraph.

160.   Bryant denies the allegations of this paragraph.

161.   Bryant denies the allegations of this paragraph.

162.   Bryant denies the allegations of this paragraph.

### Mattel's Twelfth Counterclaim

163.   Bryant repeats and realleges its answers to paragraphs 1 through 162 above, as though fully set forth here at length.  Bryant denies any allegations not

EXHIBIT _2_   PAGE _37_

400554.01

1   expressly admitted.

2       164.   Bryant admits the allegation of this paragraph regarding the contents

3   of section 17200 of the California Business and Professions Code, but denies that

4   Mattel is entitled to any relief or recovery whatsoever on its claims.

5       165.   Bryant denies the allegations of this paragraph.

6       166.   Bryant denies the allegations of this paragraph.

7                    **Mattel's Thirteenth Counterclaim**

8       167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9   above, as though fully set forth here at length.  Bryant denies any allegations not

10  expressly admitted.

11      168.   Bryant admits that an actual controversy exists between the parties,

12  because of Mattel's campaign of harassing litigation, but denies all other

13  allegations of this paragraph, and denies that Mattel is entitled to any relief or

14  recovery whatsoever.

15      169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17  to any relief or recovery whatsoever.

18      170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20  to any relief or recovery whatsoever.

21                       **Prayer for Relief**

22      This section of Mattel's counterclaims contains no factual allegations, and

23  requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24  and respectfully requests judgment dismissing Mattel's counterclaims with

25  prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26  and whatever other relief to Bryant the Court deems appropriate.

27      Except as specifically admitted above, Bryant denies each and every

28  allegation in Mattel's counterclaims.

EXHIBIT 2 PAGE 38

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Failure to State a Claim)

Mattel's counterclaims, and each claim for relief, fail to state a claim upon which relief may be granted.

### Second Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands.

### Third Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver.

### Fourth Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches.

### Sixth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent.

### Seventh Affirmative Defense (Statute of Limitations)

Mattel's counterclaims, and each claim for relief, are barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure §§ 337, 339, 343, and 338(c).

EXHIBIT 2    PAGE 39

400554.01

## Eighth Affirmative Defense (Failure to Mitigate Damages)

With respect to any alleged damages (the existence of which Bryant denies), Mattel failed to mitigate its damages.

## Ninth Affirmative Defense (Lack of Causation)

Any losses or harms allegedly sustained by Mattel resulted from causes other than any act or omission of Bryant, including but not limited to Mattel's own acts or omissions.

## Tenth Affirmative Defense (Failure of Contract)

Any alleged contract with Mattel fails for lack of consideration, is vague and uncertain, and is void, voidable, and/or unenforceable.

## Eleventh Affirmative Defense (Duress/Unconscionability)

Any alleged contract with Mattel was unconscionable and/or the result of duress, and is void, voidable, and/or unenforceable.

## Twelfth Affirmative Defense (Excuse of Performance)

Any alleged breaches of contract or duty are excused by Mattel's own acts or omissions.

## Thirteenth Affirmative Defense (Alleged Duties Contrary to Law)

Any alleged duties or obligations which Mattel claims are owed by Bryant are contrary to applicable law.

## Fourteenth Affirmative Defense (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

## Fifteenth Affirmative Defense (Good Faith)

Mattel's counterclaims fail because Bryant acted in good faith and in conformity with applicable laws.

## Sixteenth Affirmative Defense (Information Readily Ascertainable)

Bryant cannot be liable for alleged misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use.

EXHIBIT 2   PAGE 40

400554.01

1

### Seventeenth Affirmative Defense (Res Judicata)

2  Mattel's counterclaims are barred in whole or in part by the doctrine of res
3  judicata.

4

### Eighteenth Affirmative Defense (Lack of Ownership)

5  Mattel is neither the legal nor beneficial owner in the copyrights purportedly
6  at issue.

7

### Nineteenth Affirmative Defense (Copyright Invalidity)

8  Mattel's purported copyrights are invalid.

9

### Twentieth Affirmative Defense (No Statutory Damages or Attorney's Fees)

10  Mattel is barred from recovering statutory damages and/or attorneys' fees
11  because it failed to register the copyrights that are purportedly at issue within the
12  time required by 17 U.S.C. § 412.

13

### Twenty-first Affirmative Defense (Innocent Infringement)

14  If Bryant infringed any copyright interest held by Mattel (which Bryant
15  denies), he did so without knowledge or intent.

16

### Twenty-Second Affirmative Defense (Joinder in Defenses of Co-Defendants)

17  Bryant hereby adopts and incorporates by this reference any and all other
18  affirmative defenses that have been or will be asserted by any other defendant
19  (including MGA) in this litigation to the extent that defendants may share in such
20  affirmative defenses.

21

22  Bryant has not knowingly and intentionally waived any applicable
23  affirmative defense and reserves the right to raise additional affirmative defenses
24  as they become known to him through discovery in this litigation.  In stating the
25  above affirmative defenses, Bryant also does not in any way waive or limit any
26  defenses raised by its denials of Mattel's allegations above.  Bryant further
27  reserves the right to amend his answer and/or affirmative defenses accordingly
28  and/or to delete affirmative defenses that he determines during later discovery are

17.

EXHIBIT 2 PAGE 41

1 | not applicable.

2 | **Prayer for Relief**

3 | WHEREFORE, Bryant respectfully requests relief as follows:

4 | 1.    That Mattel's counterclaims be dismissed with prejudice;

5 | 2.    That Mattel take nothing by its counterclaims;

6 | 3.    That Mattel's request for injunctive and other equitable relief be

7 | denied;

8 | 4.    That Bryant be awarded the cost of this litigation, including

9 | reasonable attorneys' fees and interest; and

10 | 5.    That Bryant receive such other relief as the Court may deem proper.

11 |

12 | Respectfully submitted,

13 |

14 |

15 | Dated:  August 13, 2007    KEKER & VAN NEST, LLP

16 |

17 |

18 | By:

19 | CHRISTA M. ANDERSON
   | Attorneys for Plaintiff
   | CARTER BRYANT

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 | EXHIBIT __2__ PAGE __42__

18

400554.01

1    **DEMAND FOR JURY TRIAL**

2

3    Bryant respectfully requests a trial by jury for all issues so triable.

4

5    Dated:  August 13, 2007                     KEKER & VAN NEST, LLP

6

7

8                                                By:

9                                                     CHRISTA M. ANDERSON
                                                     Attorneys for Plaintiff
10                                                    CARTER BRYANT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __2__ PAGE __43__

19

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On August 13, 2007, I served the following document(s):

### CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS

### DEMAND FOR JURY TRIAL

by **FEDERAL EXPRESS,** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel:   213/430-6000
Fax:   213/430-6407
dtorres@omm.com

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil &
Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:.   310/553-3000
Fax:   310/556-2920
pglaser@chrisglase.com

Executed on August 13, 2007, at San Francisco, California.

EXHIBIT 2 PAGE 44

1       I declare under penalty of perjury under the laws of the State of California

2  that the above is true and correct.

3

4                              _Julie Selby_____

5                       JULIE A. SELBY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 2 PAGE 45

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)