**EXHIBIT 3**

COPY
LODGED

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Plaintiff Mattel, Inc.

9

FILED
CLERK, U.S. DISTRICT COURT

OCT - 9 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13   CARTER BRYANT, an           CASE NO. CV 04-9049 SGL (RNBx)
     individual,
14                               Consolidated with Case Nos. CV 04-09059
                                 and CV 05-02727
15          Plaintiff,
                                 Hon. Stephen G. Larson
16      vs.
                                 STIPULATION AND [PROPOSED]
17   MATTEL, INC., a Delaware    ORDER REGARDING CARTER
     corporation,               BRYANT'S AMENDED REPLY TO
18                               MATTEL'S COUNTERCLAIMS
            Defendant.
19                               **Phase 1**
     AND CONSOLIDATED            Discovery Cut-Off:   January 14, 2008
20   ACTIONS                     Pre-Trial Conference: April 7, 2008
                                 Trial Date:          April 29, 2008
21
                                 **Phase 2**
22                               Discovery Cut-Off:   March 3, 2008
                                 Pre-Trial Conference: June 2, 2008
23                               Trial Date:          July 1, 2008

24

25

26

27                              EXHIBIT 3  PAGE 46

28

404050.01
07209/2211520.1                      10-5

STIPULATION AND [PROPOSED] ORDER

## Stipulation

WHEREAS, on July 12, 2007, Mattel, Inc. ("Mattel") filed its Second Amended Answer in Case No. 05-2727 and Counterclaims ("Counterclaims"),

WHEREAS, on August 13, 2007, Carter Bryant ("Bryant") filed his reply to Mattel's Counterclaims and asserted twenty-two affirmative defenses,

WHEREAS, Mattel contended that Bryant's affirmative defenses were inadequately pleaded and that certain of the defenses were insufficient as a matter of law, and the parties met and conferred regarding a motion Mattel contemplated filing to strike the defenses on those grounds,

WHEREAS, Bryant agreed to voluntarily amend his reply to eliminate some of the disputes between the parties and, pursuant to a Stipulation and Order dated September 6, 2007, filed an amended reply to Mattel's Counterclaims on September 12, 2007, asserting seventeen affirmative defenses,

WHEREAS, Mattel believes that certain of Bryant's defenses remain inadequately pleaded and that certain of the defenses remain insufficient as a matter of law, and the parties have again met and conferred regarding Mattel's contemplated motion to strike the defenses on these grounds, and

WHEREAS, Bryant is willing to voluntarily amend his amended reply again in an attempt to eliminate further disputes between the parties, including by withdrawing his Ninth, Tenth, and Eleventh affirmative defenses of "failure of contract," "duress/unconscionability" and "alleged duties contrary to law," respectively,

///
///
///
///
///
///

404050.01
07209/2211520.1

-1-

EXHIBIT 3 PAGE 77

1  ///

2  NOW, THEREFORE, Mattel and Bryant hereby stipulate, by and through

3  their counsel of record and subject to the Court's approval, that Bryant will file a

4  Second Amended Reply to Mattel's Counterclaims on or before October 15, 2007.

5  Mattel may then file a motion to strike Bryant's Second Amended Reply pursuant to

6  the time limits set forth in Fed. R. Civ. P. 12(f) as may be appropriate.

7  IT IS SO STIPULATED.

8

9  DATED:  October 4, 2007          QUINN EMANUEL URQUHART OLIVER &
10                                  HEDGES, LLP

11

12                                  By _____
13                                      B. Dylan Proctor
                                        Attorneys for Mattel, Inc.

14

15  DATED:  October 4, 2007          KEKER & VAN NEST, LLP

16

17                                  By _____
18                                      John Trinidad
19                                      Attorneys for Carter Bryant

20

21  IT IS SO ORDERED.

22

23  DATED:  October ___, 2007        By _____

24                                      Hon. Stephen G. Larson
                                        United States District Court Judge

25

26

27

28

                                        STEPHEN G. LARSON
                                        UNITED STATES DISTRICT JUDGE

404050.01
07209/2211520.1

-2-

STIPULATION AND [PROPOSED] ORDER

EXHIBIT  3  PAGE  48

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 5, 2007, I served true copies of the following document(s) described as **STIPULATION AND [PROPOSED] ORDER REGARDING CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS** on the parties in this action as follows:

Diana Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

*Attorneys for MGA Entertainment, Inc.*

Patricia Glaser, Esq.
**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

*Attorneys for MGA Entertainment*

Michael H. Page, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

*Attorneys for Carter Bryant*

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**OVERLAND, BORENSTEIN, SCHEPER & KIM, LLP**
300 S. Grand Avenue, Suite 2750
Los Angeles, CA 90071

*Attorneys for Carlos Gustav Machado Gomez*

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 5, 2007, at Los Angeles, California.

*Laura Kinsey*
Laura Kinsey

EXHIBIT 3 PAGE 49

**EXHIBIT 4**

CALENDARED

RECEIVED

OCT 1 7 2007

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

                       EASTERN DIVISION

12

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
                            Plaintiff,    2727
15
                                          CARTER BRYANT'S SECOND
16       v.                               AMENDED REPLY TO MATTEL'S
                                          COUNTERCLAIMS
17  MATTEL, INC. a Delaware
    Corporation,
18                                        DEMAND FOR JURY TRIAL
                            Defendant.
19                                        Dept:    Courtroom 1
    CONSOLIDATED WITH MATTEL,             Judge:   Hon. Stephen G. Larson
20  INC., v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
21  MATTEL, INC.
                                          Discovery Cut-Off: Jan. 14, 2008
22                                        Pre-Trial Conference: April 7, 2008
                                          Trial Date: April 29, 2008
23

24       Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27       As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions. Bryant's denial of any allegation

                       10-16          1     EXHIBIT 4 PAGE 5b

1  should be construed as a denial of both the allegation itself, and any of the

2  allegation's underlying, unsupported assumptions.

3      Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4  place of factual allegations that Mattel claimed to protest in responding to MGA's

5  claims against it. Bryant denies all allegations not specifically admitted, including

6  Mattel's argument and innuendo. Where Bryant admits any portion of an

7  allegation, Bryant admits only the specific facts admitted, and denies all of

8  Mattel's accompanying characterizations, conclusions, and speculation contained

9  in that allegation or in Mattel's counterclaims as a whole.

10      Bryant also submits that Mattel's use of headings throughout its

11  counterclaims is improper, and that therefore no response to Mattel's headings is

12  required. If any response is required, Bryant denies all allegations contained in

13  Mattel's headings.

14      Finally, Bryant notes that many of the allegations in Mattel's counterclaims

15  allege nothing relating Bryant. Although Bryant recognizes that he is nonetheless

16  required to answer them, Bryant lacks any knowledge or information concerning

17  these allegations. In denying these allegations based on his lack of knowledge and

18  information regarding alleged events not involving him, as with all his other

19  denials, Bryant also denies Mattel's negative characterizations and innuendo about

20  all of the alleged events, including any events or facts that may in fact have

21  occurred (such as, for example, MGA's hiring of certain individuals previously

22  employed by Mattel).

23                        **Responses**

24      1.    Bryant denies the allegations of this paragraph.

25      2.    Bryant admits that he conceived, created and developed Bratz designs,

26  that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27  improperly sought to register copyrights for certain Bratz designs. Bryant denies

28  all remaining allegations of this paragraph.

EXHIBIT 4 PAGE 5

2

1      3.      Bryant denies that MGA engaged in illegal conduct in entering the

2  agreement with Bryant.  Bryant lacks knowledge or information sufficient to form

3  a belief as to the truth of the remaining allegations of this paragraph, and on that

4  basis denies them.

5      4.      Bryant lacks knowledge or information sufficient to form a belief as

6  to the truth of the allegations of this paragraph, and on that basis denies them.

7      5.      Bryant denies the allegations of this paragraph.

8      6.      Bryant admits that Mattel purports to seek relief under 17 U.S.C. § §

9  101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28

10  U.S.C. § 1367 for its purported state law claims.  Bryant admits that the Court has

11  jurisdiction to hear claims against Bryant, based on those allegations, but denies

12  that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.

13  Bryant lacks knowledge or information sufficient to form a belief as to the truth of

14  the allegations of this paragraph regarding other defendants, and on that basis

15  denies them.

16      7.      Bryant admits that venue is proper in this District as to claims against

17  Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its

18  alleged claims.  Bryant lacks knowledge or information sufficient to form a belief

19  as to the truth of the allegations of this paragraph regarding other defendants, and

20  on that basis denies them.

21      8.      Bryant admits the allegation of this paragraph.

22      9.      Bryant admits the allegations of the first and second sentences of this

23  paragraph.  Bryant denies the remaining allegations of this paragraph.

24      10.     Bryant admits the allegations of this paragraph.

25      11.     Bryant lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations of this paragraph, and on that basis denies them.

27      12.     Bryant lacks knowledge or information sufficient to form a belief as

28  to the truth of the allegations of this paragraph, and on that basis denies them.

EXHIBIT  4  PAGE 82

3

1      13.    Bryant admits that Isaac Larian is the President and CEO of MGA and

2 an individual residing in the County of Los Angeles. Bryant denies the remaining

3 allegations of this paragraph.

4      14.    Bryant lacks knowledge or information sufficient to form a belief as

5 to the truth of the allegations of this paragraph, and on that basis denies them.

6      15.    Bryant denies the allegations of this paragraph.

7      16.    Bryant admits that Mattel manufactures and markets toys, games,

8 dolls and other consumer products. Bryant lacks knowledge or information

9 sufficient to form a belief as to the truth of the allegations of the second, third, and

10 fourth sentences of this paragraph, and on that basis denies them. Bryant admits

11 that Mattel is a well-known company, and denies all remaining allegations of this

12 paragraph.

13      17.    Bryant admits that Mattel maintains a large design center in El

14 Segundo, California at which many designers, sculptors, painters and other artists

15 work to create Mattel products. Bryant lacks knowledge or information sufficient

16 to form a belief as to the truth of all remaining allegations of this paragraph, and on

17 that basis denies them.

18      18.    Bryant lacks knowledge or information sufficient to form a belief as

19 to the truth of the allegations of this paragraph, and on that basis denies them.

20      19.    Bryant admits that MGA is a toy manufacturer that launched a fashion

21 doll line. Bryant lacks knowledge or information sufficient to form a belief as to

22 the truth of the allegations of the second sentence of this paragraph, and on that

23 basis denies them. Bryant denies that MGA stole a fashion doll that was owned by

24 Mattel, and denies all remaining allegations of this paragraph.

25      20.    Bryant denies all allegations of this paragraph.

26      21.    Bryant admits that he is a former Mattel employee, that he began

27 working for Mattel in September 1995 and worked in Mattel's Design Center as a

28 Barbie product designer, and that he stopped working with Mattel in or about April

4    EXHIBIT 4    PAGE 83

1  1998.  Bryant denies that he moved to Missouri to live with his parents in or about

2  April 1998.  Bryant admits that late in 1998, he applied to Mattel to be rehired, and

3  that on or about January 4, 1999, he began working at Mattel in Mattel's Design

4  Center as a product designer.  Bryant denies any remaining allegations of this

5  paragraph.

6      22.    Bryant admits that, upon his return to Mattel in January 1999, he

7  signed the document attached to Mattel's Counterclaims as Exhibit A, which is

8  titled "Employee Confidential Information and Inventions Agreement."  Bryant

9  denies all remaining allegations of this paragraph, explicit or implicit, including

10  Mattel's allegations regarding the legal significance of this document.

11      23.    Bryant denies the allegations of this paragraph.

12      24.    Bryant admits that, upon his return to Mattel in January 1999, he

13  signed the document attached to Mattel's Counterclaims as Exhibit B, which is

14  titled "Conflict of Interest Questionnaire."  Bryant admits that he disclosed on this

15  document freelance work he had performed while in Missouri for Ashton-Drake,

16  which is unrelated to Mattel's allegations here.  Bryant denies all remaining

17  allegations of this paragraph, explicit or implicit, including Mattel's allegations

18  regarding the legal significance of this document.

19      25.    Bryant denies the allegations of this paragraph.

20      26.    Bryant denies the allegations of this paragraph, including all the

21  allegations of each of its sub-paragraphs.

22      27.    Bryant denies the allegations of this paragraph.

23      28.    Bryant denies the allegations of this paragraph.

24      29.    Bryant denies the allegations of this paragraph.

25      30.    Bryant lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations of this paragraph, and on that basis denies them.

27      31.    Bryant admits that samples of the four original Bratz dolls were

28  shown at the Hong Kong Toy Fair in January 2001.  Bryant denies the remaining

EXHIBIT 4  PAGE 54

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1    allegations of this paragraph.

2        32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3    products in many countries throughout the world.  Bryant lacks knowledge or

4    information sufficient to form a belief as to the truth of the allegations of the

5    second sentence of this paragraph, and on that basis denies them.  Bryant admits

6    the allegations of the third sentence of this paragraph.  Bryant admits that MGA

7    claims current ownership of Bratz, including the copyrights and copyright

8    registrations attendant thereto.  Bryant admits the allegations of the fifth sentence

9    of this paragraph.  Bryant denies all remaining allegations of this paragraph

10        33.    Bryant denies the allegations of this paragraph.

11        34.    Bryant denies the allegations of this paragraph.

12        35.    Bryant denies the allegations of this paragraph.

13        36.    Bryant admits that he had an agreement with MGA and the terms of

14    that agreement speak for themselves.  Bryant denies all remaining allegations of

15    this paragraph.

16        37.    Bryant lacks knowledge or information sufficient to form a belief as

17    to the truth of the allegations of this paragraph, and on that basis denies them.

18        38.    Bryant lacks knowledge or information sufficient to form a belief as

19    to the truth of the allegations of this paragraph, and on that basis denies them.

20        39.    Bryant lacks knowledge or information sufficient to form a belief as

21    to the truth of the allegations of this paragraph, and on that basis denies them.

22        40.    Bryant lacks knowledge or information sufficient to form a belief as

23    to the truth of the allegations of this paragraph, and on that basis denies them.

24        41.    Bryant lacks knowledge or information sufficient to form a belief as

25    to the truth of the allegations of this paragraph, and on that basis denies them.

26        42.    Bryant lacks knowledge or information sufficient to form a belief as

27    to the truth of the allegations of this paragraph, and on that basis denies them.

28        43.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT  4    PAGE  55

6

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2       44.    Bryant lacks knowledge or information sufficient to form a belief as
3    to the truth of the allegations of this paragraph, and on that basis denies them.

4       45.    Bryant lacks knowledge or information sufficient to form a belief as
5    to the truth of the allegations of this paragraph, and on that basis denies them.

6       46.    Bryant lacks knowledge or information sufficient to form a belief as
7    to the truth of the allegations of this paragraph, and on that basis denies them.

8       47.    Bryant lacks knowledge or information sufficient to form a belief as
9    to the truth of the allegations of this paragraph, and on that basis denies them.

10       48.    Bryant lacks knowledge or information sufficient to form a belief as
11    to the truth of the allegations of this paragraph, and on that basis denies them.

12       49.    Bryant lacks knowledge or information sufficient to form a belief as
13    to the truth of the allegations of this paragraph, and on that basis denies them.

14       50.    Bryant lacks knowledge or information sufficient to form a belief as
15    to the truth of the allegations of this paragraph, and on that basis denies them.

16       51.    Bryant lacks knowledge or information sufficient to form a belief as
17    to the truth of the allegations of this paragraph, and on that basis denies them.

18       52.    Bryant lacks knowledge or information sufficient to form a belief as
19    to the truth of the allegations of this paragraph, and on that basis denies them.

20       53.    Bryant lacks knowledge or information sufficient to form a belief as
21    to the truth of the allegations of this paragraph, and on that basis denies them.

22       54.    Bryant lacks knowledge or information sufficient to form a belief as
23    to the truth of the allegations of this paragraph, and on that basis denies them.

24       55.    Bryant lacks knowledge or information sufficient to form a belief as
25    to the truth of the allegations of this paragraph, and on that basis denies them.

26       56.    Bryant lacks knowledge or information sufficient to form a belief as
27    to the truth of the allegations of this paragraph, and on that basis denies them.

28       57.    Bryant lacks knowledge or information sufficient to form a belief as

7    EXHIBIT 4    PAGE 8?

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2       58.    Bryant lacks knowledge or information sufficient to form a belief as

3   to the truth of the allegations of this paragraph, and on that basis denies them.

4       59.    Bryant lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegations of this paragraph, and on that basis denies them.

6       60.    Bryant lacks knowledge or information sufficient to form a belief as

7   to the truth of the allegations of this paragraph, and on that basis denies them.

8       61.    Bryant lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegations of this paragraph, and on that basis denies them.

10      62.    Bryant lacks knowledge or information sufficient to form a belief as

11  to the truth of the allegations of this paragraph, and on that basis denies them.

12      63.    Bryant lacks knowledge or information sufficient to form a belief as

13  to the truth of the allegations of this paragraph, and on that basis denies them.

14      64.    Bryant lacks knowledge or information sufficient to form a belief as

15  to the truth of the allegations of this paragraph, and on that basis denies them.

16      65.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18      66.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20      67.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22      68.    Bryant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of this paragraph, and on that basis denies them.

24      69.    Bryant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations of this paragraph, and on that basis denies them.

26      70.    Bryant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations of this paragraph, and on that basis denies them.

28      71.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT 4    PAGE 57

8

404479.01

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2        72.    Bryant lacks knowledge or information sufficient to form a belief as

3    to the truth of the allegations of this paragraph, and on that basis denies them.

4        73.    Bryant lacks knowledge or information sufficient to form a belief as

5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        74.    Bryant lacks knowledge or information sufficient to form a belief as

7    to the truth of the allegations of this paragraph, and on that basis denies them.

8        75.    Bryant lacks knowledge or information sufficient to form a belief as

9    to the truth of the allegations of this paragraph, and on that basis denies them.

10       76.    Bryant lacks knowledge or information sufficient to form a belief as

11   to the truth of the allegations of this paragraph, and on that basis denies them.

12       77.    Bryant lacks knowledge or information sufficient to form a belief as

13   to the truth of the allegations of this paragraph, and on that basis denies them.

14       78.    Bryant lacks knowledge or information sufficient to form a belief as

15   to the truth of the allegations of this paragraph, and on that basis denies them.

16       79.    Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18       80.    Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       81.    Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22                          **Mattel's First Counterclaim**

23       82.    Bryant repeats and realleges his answers to paragraphs 1 through 81

24   above, as though fully set forth here at length.  Bryant denies any allegations not

25   expressly admitted.

26       83.    Bryant denies the allegations of this paragraph.

27       84.    Bryant denies the allegations of this paragraph.

28       85.    Bryant denies the allegations of this paragraph.

EXHIBIT ___ PAGE 58

9

86. Bryant denies the allegations of this paragraph.

87. Bryant denies the allegations of this paragraph.

### Mattel's Second Counterclaim

88. Bryant repeats and realleges its answers to paragraphs 1 through 87 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

89. Bryant denies the allegations of this paragraph.

90. Bryant denies the allegations of this paragraph.

91. Bryant denies the allegations of this paragraph.

92. Bryant denies the allegations of this paragraph.

93. Bryant denies the allegations of this paragraph, including the allegations of all of its sub-paragraphs.

94. Bryant denies the allegations of this paragraph.

95. Bryant denies the allegations of this paragraph.

96. Bryant denies the allegations of this paragraph.

97. Bryant denies the allegations of this paragraph.

### Mattel's Third Counterclaim

98. Bryant repeats and realleges its answers to paragraphs 1 through 97 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

99. Bryant denies the allegations of this paragraph.

100. Bryant denies the allegations of this paragraph.

101. Bryant denies the allegations of this paragraph.

102. Bryant denies the allegations of this paragraph.

103. Bryant denies the allegations of this paragraph.

104. Bryant denies the allegations of this paragraph.

105. Bryant denies the allegations of this paragraph.

EXHIBIT 4   PAGE 59

10

1

### Mattel's Fourth Counterclaim

2    106.   Bryant repeats and realleges its answers to paragraphs 1 through 105

3 above, as though fully set forth here at length.  Bryant denies any allegations not

4 expressly admitted.

5    107.   Bryant denies the allegations of this paragraph.

6    108.   Bryant denies the allegations of this paragraph.

7    109.   Bryant denies the allegations of this paragraph.

8    110.   Bryant denies the allegations of this paragraph.

9    111.   Bryant denies the allegations of this paragraph.

10    112.   Bryant denies the allegations of this paragraph.

11    113.   Bryant denies the allegations of this paragraph.

12    114.   Bryant denies the allegations of this paragraph.

13    115.   Bryant denies the allegations of this paragraph.

14    ### Mattel's Fifth Counterclaim

15    116.   Bryant repeats and realleges its answers to paragraphs 1 through 115

16 above, as though fully set forth here at length.  Bryant denies any allegations not

17 expressly admitted.

18    117.   Bryant denies the allegations of this paragraph.

19    118.   Bryant denies the allegations of this paragraph.

20    119.   Bryant denies the allegations of this paragraph.

21    120.   Bryant denies the allegations of this paragraph.

22    121.   Bryant denies the allegations of this paragraph.

23    ### Mattel's Sixth Counterclaim

24    122.   Bryant repeats and realleges its answers to paragraphs 1 through 122

25 above, as though fully set forth here at length.  Bryant denies any allegations not

26 expressly admitted.

27    123.   Bryant denies the allegations of this paragraph.

28    124.   Bryant denies the allegations of this paragraph.

1EXHIBIT 4    PAGE 60

125.  Bryant denies the allegations of this paragraph.

126.  Bryant denies the allegations of this paragraph.

127.  Bryant denies the allegations of this paragraph.

128.  Bryant denies the allegations of this paragraph.

**Mattel's Seventh Counterclaim**

129.  Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

130.  Bryant denies the allegations of this paragraph.

131.  Bryant denies the allegations of this paragraph.

132.  Bryant denies the allegations of this paragraph.

133.  Bryant denies the allegations of this paragraph.

134.  Bryant denies the allegations of this paragraph.

135.  Bryant denies the allegations of this paragraph.

**Mattel's Eighth Counterclaim**

136.  Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

137.  Bryant denies the allegations of this paragraph.

138.  Bryant denies the allegations of this paragraph.

139.  Bryant denies the allegations of this paragraph.

140.  Bryant denies the allegations of this paragraph.

141.  Bryant denies the allegations of this paragraph.

**Mattel's Ninth Counterclaim**

142.  Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

143.  Bryant denies the allegations of this paragraph.

EXHIBIT  4   PAGE  61

12

404479.01

144. Bryant denies the allegations of this paragraph.

145. Bryant denies the allegations of this paragraph.

146. Bryant denies the allegations of this paragraph.

147. Bryant denies the allegations of this paragraph.

148. Bryant denies the allegations of this paragraph

### Mattel's Tenth Counterclaim

149. Bryant repeats and realleges its answers to paragraphs 1 through 148 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

150. Bryant denies the allegations of this paragraph.

151. Bryant denies the allegations of this paragraph.

152. Bryant denies the allegations of this paragraph.

153. Bryant denies the allegations of this paragraph.

154. Bryant denies the allegations of this paragraph.

### Mattel's Eleventh Counterclaim

155. Bryant repeats and realleges its answers to paragraphs 1 through 154 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

156. Bryant denies the allegations of this paragraph.

157. Bryant denies the allegations of this paragraph.

158. Bryant denies the allegations of this paragraph.

159. Bryant denies the allegations of this paragraph.

160. Bryant denies the allegations of this paragraph.

161. Bryant denies the allegations of this paragraph.

162. Bryant denies the allegations of this paragraph.

### Mattel's Twelfth Counterclaim

163. Bryant repeats and realleges its answers to paragraphs 1 through 162 above, as though fully set forth here at length. Bryant denies any allegations not

EXHIBIT  4    PAGE  62

13

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

1    expressly admitted.

2        164.   Bryant admits the allegation of this paragraph regarding the contents

3    of section 17200 of the California Business and Professions Code, but denies that

4    Mattel is entitled to any relief or recovery whatsoever on its claims.

5        165.   Bryant denies the allegations of this paragraph.

6        166.   Bryant denies the allegations of this paragraph.

### Mattel's Thirteenth Counterclaim

8        167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9    above, as though fully set forth here at length.  Bryant denies any allegations not

10   expressly admitted.

11       168.   Bryant admits that an actual controversy exists between the parties,

12   because of Mattel's campaign of harassing litigation, but denies all other

13   allegations of this paragraph, and denies that Mattel is entitled to any relief or

14   recovery whatsoever.

15       169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16   denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17   to any relief or recovery whatsoever.

18       170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19   denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20   to any relief or recovery whatsoever.

### Prayer for Relief

22       This section of Mattel's counterclaims contains no factual allegations, and

23   requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24   and respectfully requests judgment dismissing Mattel's counterclaims with

25   prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26   and whatever other relief to Bryant the Court deems appropriate.

27       Except as specifically admitted above, Bryant denies each and every

28   allegation in Mattel's counterclaims.

EXHIBIT 4  PAGE 63

1                              **<u>Affirmative Defenses</u>**

2         Bryant states the following affirmative defenses, but does so without

3 assuming the burden of proof on any defense or issue for which that burden rests

4 with Mattel or any other party, and without admitting any wrongful conduct by any

5 defendant or that Mattel has any right to relief of any kind:

6             **First Affirmative Defense (Unclean Hands)**

7         Mattel's counterclaims, and each claim for relief, are barred by the equitable

8 doctrine of unclean hands.  Mattel's conduct towards Bryant and MGA regarding

9 the matters at issue in this litigation has been unfair, and Mattel is undeserving of

10 any relief against Bryant.  In particular, Mattel believed from the time that Bryant

11 left Mattel's employ that he was going to perform work for a Mattel competitor,

12 and Mattel shortly thereafter began investigating what it suspected to be

13 wrongdoing in connection with the Bratz dolls.  Yet, Mattel waited and said

14 nothing while the dolls were successfully (and at great cost) developed,

15 manufactured and sold, and only filed suit years later.

16              **Second Affirmative Defense (Waiver)**

17         Mattel's counterclaims, and each claim for relief, are barred by the equitable

18 doctrine of waiver.  In particular, Mattel believed from the time that Bryant left

19 Mattel's employ that he was going to perform work for a Mattel competitor, and

20 Mattel shortly thereafter began investigating what it suspected to be wrongdoing in

21 connection with the Bratz dolls.  Yet, Mattel waited and said nothing while the

22 dolls were successfully (and at great cost) developed, manufactured and sold, and

23 only filed suit years later.  Mattel was aware of the relevant facts regarding Mr.

24 Bryant's work for MGA, but intentionally waived and chose to forgo asserting any

25 rights over the Bratz dolls until years later.  Mattel has also tolerated conduct by

26 other employees similar to the alleged conduct by Bryant on which Mattel now

27 bases its contract and related claims.

28

15  EXHIBIT 4   PAGE 64

## Third Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls, and was thus apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended. Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper. Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment. Accordingly, Mattel should be estopped from belatedly raising its claims.

## Fourth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Mattel thus was apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Accordingly, laches should bar Mattel from belatedly raising its claims.

## Fifth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and

16 EXHIBIT 4    PAGE 65

1   Mattel shortly thereafter began investigating what it suspected to be wrongdoing in

2   connection with the Bratz dolls.    Mattel thus was apprised of the relevant facts.

3   Yet, Mattel waited and said nothing while the dolls were successfully (and at great

4   cost) developed, manufactured and sold, and only filed suit years later.  Mattel has

5   also tolerated conduct by other employees similar to the alleged conduct by Bryant

6   on which Mattel now bases its contract and related claims.

7                **Sixth Affirmative Defense (Statute of Limitations)**

8          Mattel's counterclaims, and each claim for relief, are barred by the

9   applicable statutes of limitations, including but not limited to Code of Civil

10  Procedure §§ 337, 339, 343, and 338(c).

11            **Seventh Affirmative Defense (Failure to Mitigate Damages)**

12         With respect to any alleged damages (the existence of which Bryant denies),

13  Mattel failed to mitigate its damages.  For example, Mattel believed from the time

14  that Bryant left Mattel's employ that he was going to perform work for a Mattel

15  competitor.  However, Mattel failed to take action to minimize any alleged

16  damages that arose from Bryant's work for said competitor.

17               **Eighth Affirmative Defense (Lack of Causation)**

18         Any losses or harms allegedly sustained by Mattel resulted from causes

19  other than any act or omission of Bryant, including but not limited to Mattel's own

20  acts or omissions.  For example, Mattel believed from the time that Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.

22  However, Mattel failed to take action to minimize any alleged damages that arose

23  from Bryant's work for said competitor.

24               **Ninth Affirmative Defense (Lack of Standing)**

25         Mattel's counterclaims are barred in whole or in part by its lack of standing,

26  in that Mattel does not own any valid copyright interests in the copyrights that it

27  seeks to assert against Bryant.  In particular, Mattel does not own any valid

28  copyright interest in the following copyrights it seeks to assert against Bryant:  VA

EXHIBIT 4   PAGE 46

17

404479.01

1  1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

2  378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

3  378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

4  715-273.

5  **Tenth Affirmative Defense (Information Readily Ascertainable)**

6  Bryant cannot be liable, either on his own account or by association with

7  MGA or other defendants, for alleged misappropriation of information that was

8  readily ascertainable by proper means at the time of the alleged acquisition or use.

9  Such information includes, but is not limited to, the identity of hair manufacturers.

10  **Eleventh Affirmative Defense (Lack of Ownership)**

11  Mattel is neither the legal nor beneficial owner in the copyrights purportedly

12  at issue, including the following copyrights which Mattel purports to own:  VA 1-

13  378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

14  378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

15  378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

16  715-273.

17  **Twelfth Affirmative Defense (Copyright Invalidity)**

18  Mattel's purported copyrights, including VA 1-378-648, VA 1-378-649, VA

19  1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-

20  378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-

21  378-660, VAu 715-270, VAu 715-271, and VAu 715-273, are invalid.

22  **Thirteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)**

23  Mattel is barred from recovering statutory damages and/or attorneys' fees

24  because it failed to register the copyrights that are purportedly at issue within the

25  time required by 17 U.S.C. § 412.

26  **Fourteenth Affirmative Defense (Joinder in Defenses of Co-Defendants)**

27  Bryant hereby adopts and incorporates by this reference any and all other

28  affirmative defenses that have been or will be asserted by any other defendant

18

EXHIBIT  4   PAGE 67

1   (including MGA) in this litigation to the extent that defendants may share in such
2   affirmative defenses.

3

4        Bryant has not knowingly and intentionally waived any applicable
5   affirmative defense and reserves the right to raise additional affirmative defenses
6   as they become known to him through discovery in this litigation. In stating the
7   above affirmative defenses, Bryant also does not in any way waive or limit any
8   defenses raised by its denials of Mattel's allegations above. Bryant further
9   reserves the right to amend his answer and/or affirmative defenses accordingly
10  and/or to delete affirmative defenses that he determines during later discovery are
11  not applicable.

12                            **Prayer for Relief**
13        WHEREFORE, Bryant respectfully requests relief as follows:
14        1.    That Mattel's counterclaims be dismissed with prejudice;
15        2.    That Mattel take nothing by its counterclaims;
16        3.    That Mattel's request for injunctive and other equitable relief be
17  denied;
18        4.    That Bryant be awarded the cost of this litigation, including
19  reasonable attorneys' fees and interest; and
20        5.    That Bryant receive such other relief as the Court may deem proper.
21

22                                    Respectfully submitted,
23  Dated: October 16, 2007           KEKER & VAN NEST, LLP
24
25                            By: _____
26                                 CHRISTA M. ANDERSON
27                                 Attorneys for Plaintiff
                                   CARTER BRYANT
28
                                   EXHIBIT 4   PAGE 68

                                    19

1

### DEMAND FOR JURY TRIAL

2

3          Bryant respectfully requests a trial by jury for all issues so triable.

4

5    Dated:  October 16, 2007                    KEKER & VAN NEST, LLP

6

7                                        By: _____

8                                           CHRISTA M. ANDERSON
                                            Attorneys for Plaintiff
9                                           CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 4  PAGE 69

20

404479.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On October 16, 2007, I served the following document(s):

**CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:   213/687-5000
Fax:   213/687-5600
tnolan@skadden.com

Executed on October 16, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Julie A. Selby_
JULIE A. SELBY

EXHIBIT 4 PAGE 70

## FORMER MATTEL EMPLOYEES

| ACTIVE EMPLOYEES | MATTEL DATES |
|---|---|
| Abundis, Ricardo | 07/00-11/04 |
| Bate, Ian | 7/2000-10/2000 |
| Black, Nanette | 08/01 - 11/03 |
| Bloodworth III, John E. | 06/01/06-08/06 |
| Bloodworth III, John E. | 03/1998-01/2000 |
| Bloomfield, Kevin | 10/00-11/00 |
| Brewer, Ron | 1996-2004 |
| Brisbois, Janine (CANADA) | 1/2001-9/2005 |
| Castilla, Jorge | 06/98-03/06 |
| Chang, Suzy | Summer 2000 |
| Cheng, Steve | 09/99-06/01 |
| Cody Jr, Gerry | 11/99-4/00 |
| Cody Jr, Gerry | 06/04-01/05 |
| Contreras, Nick | 1994-2004 |
| Cooney Jr., Daniel | 01/04-05/06 |
| Cooney Jr., Daniel | 10/96-09/01 |
| De La Cruz, Maria | 08/01-11/06 |
| Dixon, Karen | 2000 - 2002 |
| Domingo, Luisito H | 10/96-10/01 |
| Dominguez, Greg Paul | 11/98-07/00 |
| Feldman, Joe | 7/93-2/04 |
| Forrest, Craig | 10/97-01/05 |
| Garcia, Mia | 2000-2004 |
| Garcia, Paula | 12/97-04/00 |
| Gonzalez, Eduardo | 4/1985-1/1997 |
| Gonzalez, Eduardo | 4/1985-1/1997 |
| Hall, Tracy | 09/1987-04/1989 |
| Hansen, Melody | 04/84-01-06 |
| Hansen, Todd | 1994-1996 |
| Hatch, Jill | 04/04 - 09/02/2006 |
| Hatch, Jill | 06/96 - 01/03 |
| Hinh, Michael | 10/02-6/05 |
| Hsu, Janet | 8/2002-3/2005 |
| Kao, Alice | 10/03-2/05 |
| Kaufman, Ken | 1995-2004 |
| Keller, Pamela E | 10/95 - 01/99 |
| Keossian, Alejandro Gabriel | 02/02-08/03 |
| Kim (Lee), Joyce | 9/98-9/04 |
| Kim, Young Ran | 09/98-06/02 & 11/99 - 06/01 |
| Kirst, Kristen | 12/00-02/03 |
| Komatsu, Ellen | 10/98-03/02 |
| Larson, Jill | 09/60-12/06 |
| Law, Adrian (Chi Shing) | 08/00-08/02 |
| Lumabao, Bo | 4/01-10/02 |
| Marks, Dorothy | 01/01/03-04/12/04 |
| Martin, Raymond John | 08/97-02/03 |
| Min, Aye Aye | 07/1994-02/2006 |
| Nakamura, Yumi | 07/01 - 1/19/07 |
| Natareno, Marvin | 07/05 - 12/06 |
| Nigoghossian, Christino | 1991-2002 |
| Palijo, Amelia Ivy Arafiles | 08/98-01/04 |
| Pestonji, Danny | 08/95-11/01 |
| Phelan, Denise | 05/1991-3/2001 |
| Phoosopha, Poottipong | 03/97-10/01; 02/02-12/03 |
| Pickard, Michael | 10/92-02/02 |
| Rae, Ronald | 1990 - 2006 |
| Ratleff, Leland | 1985-12/1/06 |
| Ronquillo, Desiree Elisabeth | 02/01-04/04 |
| Ruiz, Micaela | 1985-2/2006 |
| Sasic-Koetsier, Natasha | UNKOWN |
| Salazar, Maria Elena | 1996-2001 |
| Salemnia, Shirin | 06/00-01/03 |
| Scott, Harvey | 1992-07/2005 |
| Smith, Steffen J. | 01/99-12/00 |
| Su, Jier | 11/1998-07/2005 |
| Soal, Dennis | 06/95-02/00 |
| Thompson, Maria | 07/91-03/05 |
| Tran, Chau Ngoc | 08/88-10/03 |
| Umana, Esteban | 1985 - 1988 |
| Upshaw, Gail | 9/83-3/01 |
| Wang, Chang-Chin | 11/98-04/04 |
| Ward, Lance | 12/99-10/03 |
| Whittaker, Dawn | 1998-2004 |
| Wong, Jenny | 11/99-02/02 |
| | |
| | |
| Current MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MATTEL DATES |
| | |
| Augborne, Troy | 04/00 - 09/00 |
| Bryant, Carter | 5/95 -4/98; 1/99 -10/00 |
| Zetino, Reyna | 07/95 - 01/06 |

EXHIBIT 4 PAGE 71

MGA 0868630

## FORMER MATTEL EMPLOYEES

| NON-ACTIVE EMPLOYEES/Freelancers | MATTEL DATES |
|---|---|
| Aryapour, Daryoush | 03/86-06/99 |
| Blaser, Janet | 04/95-04/04 |
| Bower Violette, Mari Joanne | 07/99-03/03 |
| Brown, Lilia | UNKNOWN |
| Burlando, Gabriella | 11/97-10/01 |
| Chonavel, Fabienne | 8/95-2/96 |
| Dailey, Christine | 05/84-01/86 |
| Feicht, Steve | 01/97-01/02 |
| Gilimour, Kami | 05/90-04/99 |
| Hardouin, Christopher | 7/04-???? |
| Hitch, Martin | 04/90-01/98 |
| Ho, Jeff | 1998-???? |
| Huntley, James | 4/01-5/05 |
| Huntley, James | 4/01-5/05 |
| Kagan, Randi | 11/97-04/98 |
| Koch, Andreas | 04/88-12/98 |
| Leahy, Margaret | 03/95-09/00 |
| Meyer, Lyn Carol | 02/98-04/01 |
| McBride, Susan | 2000-2001 |
| Mils, Frank | 08/97-07/01 |
| Nguyen, Xuanlan T | 08/92-10/99 |
| O'Brien, Gary Thomas | 1998-2002 |
| Otero, Jose | 2003? |
| Owen, Dan | 01/89-08/04 |
| Parasole, Nicolletta | UNKNOWN |
| Parkinson, Ana Mancia | 1990-2004 |
| Rambeau, Roger | 10/72-10/86 |
| Reed, Wendy | 07/97-10/00 |
| Reyes, Scot Anthony | 05/01-11/02; 01/04 |
| Rhee, Anna | 1995-Present (not employee) |
| Ross, Lon | 1996-2000 |
| Schwartz, Dena | 1984-1988 |
| Shaver, Brandi | |
| Sinnett, Holly | 05/96-10/02 |
| Tawil, Lisa | 10/98-2/01 |
| Terry, Gord | 06/94-03/97 |
| Ward, Mercedeh | 1985-2000 |
| Whitaker, Joseph | 88-'89; '82-'83; '64-'78 |
| Williams, Patrick | 5/96-11/98 |
| Wong, Tong | 1999-2003 |
| Wright, Cherrise | 11/94-05/99 |
| Zbojniewicz, Dave | 09/04-PRESENT |

Confidential - Attorney's Eyes Only

EXHIBIT 4 PAGE 72

MGA 0868631

**EXHIBIT 5**

1  DALE M. CENDALI (*admitted pro hac vice*)
     DIANA M. TORRES (S.B. #162284)
2  MARC F. FEINSTEIN (S.B. #158901)
     O'MELVENY & MYERS LLP
3  400 South Hope Street
     Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
     Facsimile: (213) 430-6407
5  Email: dtorres@omm.com

6  PATRICIA GLASER (S.B. # 55668)
     CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO LLP
     10250 Constellation Boulevard, 19th Floor
8  Los Angeles, California 90067
     Telephone: (310) 553-3000
9  Facsimile: (310) 556-2920
     Email: pglaser@chrisglase.com

10

11  Attorneys for Counter-defendants MGA
     Entertainment, Inc., Isaac Larian, MGA
     Entertainment (HK) Limited, and MGAE de
12  Mexico S.R.L. de C.V.

13

14

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17                 EASTERN DIVISION

| | |
|---|---|
| 18  CARTER BRYANT, an individual, | Case No. CV 05-2727 SGL (RNBx) |
| 19          Plaintiff, | (Consolidated with CV 04-09049 and CV 04-9059) |
| 20       v. | |
| 21  MATTEL, INC., a Delaware Corporation, | **AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| 22        Defendant | |
| 23 | |
| 24 | |
| 25  CONSOLIDATED WITH | |
| 26 | Judge:   Hon. Stephen G. Larson |
| 27  MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. | Courtroom: 1 |
| 28  MATTEL, INC. | |

EXHIBIT ___5___ PAGE _73_

Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively the "MGA Defendants") hereby answer, for themselves alone, the Second Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:

As a preliminary matter, Mattel's use of headings throughout its counterclaims is improper, and therefore no response to Mattel's headings is required. If any response is required, MGA Defendants deny all allegations contained in Mattel's headings.

## RESPONSES

1. MGA Defendants deny the allegations set forth in paragraph 1.

2. MGA Defendants deny the allegations set forth in paragraph 2.

3. MGA Defendants admit that MGA decided to expand into Mexico in or about 2004, and deny the remaining allegations set forth in paragraph 3.

4. MGA Defendants deny the allegations set forth in paragraph 4.

5. MGA Defendants deny the allegations set forth in paragraph 5.

6. MGA Defendants admit that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§ 101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.

7. MGA Defendants admit that venue is proper in this District for Mattel's claims based on conduct alleged to have occurred within this District and deny that venue is proper in this District for acts alleged to have occurred in Mexico, Canada, Hong Kong, or other places outside of this District.

8. MGA Defendants admit the allegations set forth in paragraph 8.

9. MGA Defendants admit the allegations set forth in the first and second sentences of paragraph 9, and deny the remaining allegations set forth in paragraph 9.

LA2:841935.2

-2-

EXHIBIT 5 PAGE 74

1    10.   MGA Defendants admit the allegations set forth in paragraph
2  10.

3       11.   MGA Defendants admit the allegations set forth in the first
4  sentence of paragraph 11, and deny the remaining allegations set forth in paragraph
5  11.

6       12.   MGA Defendants admit the allegations set forth in paragraph
7  12.

8       13.   MGA Defendants admit the allegations set forth in the first
9  sentence of paragraph 13, and deny the remaining allegations set forth in paragraph
10  13.

11       14.   MGA Defendants admit the allegations set forth in paragraph
12  14.

13       15.   Paragraph 15 is a statement of Mattel's legal position, to which
14  no response is necessary. To the extent a response is required, MGA Defendants
15  deny the allegations set forth in paragraph 15.

16       16.   MGA Defendants admit the allegations set forth in the first
17  sentence of paragraph 16. MGA Defendants are without sufficient knowledge to
18  admit or deny the remaining allegations set forth in paragraph 16, and on that basis,
19  deny the remaining allegations set forth in paragraph 16.

20       17.   MGA Defendants are without sufficient knowledge to admit or
21  deny the allegations set forth in paragraph 17, and on that basis, deny the
22  allegations set forth in paragraph 17.

23       18.   MGA Defendants are without sufficient knowledge to admit or
24  deny the allegations set forth in paragraph 18, and on that basis, deny the
25  allegations set forth in paragraph 18.

26       19.   MGA Defendants admit that MGA is a toy manufacturer, that
27  MGA began as a consumer electronics business and expanded into the toy business
28  with licenses to sell handheld electronic games, and later expanded its business by

LA2:841935.2                              - 3 -

EXHIBIT ⌐ PAGE 25

1    launching the Bratz fashion doll line, and deny the remaining allegations set forth in

2    paragraph 19.

3              20.    MGA Defendants deny the allegations set forth in paragraph 20.

4              21.    MGA Defendants admit that Carter Bryant is a former employee

5    of Mattel, and state that they are without sufficient knowledge to admit or deny the

6    remaining allegations set forth in paragraph 21, and on that basis, deny the

7    remaining allegations set forth in paragraph 21.

8              22.    MGA Defendants are without sufficient knowledge to admit or

9    deny the allegations set forth in paragraph 22, and on that basis, deny the

10   allegations set forth in paragraph 22.

11             23.    MGA Defendants are without sufficient knowledge to admit or

12   deny the allegations set forth in paragraph 23, and on that basis, deny the

13   allegations set forth in paragraph 23.

14             24.    MGA Defendants are without sufficient knowledge to admit or

15   deny the allegations set forth in paragraph 24, and on that basis, deny the

16   allegations set forth in paragraph 24.

17             25.    MGA Defendants are without sufficient knowledge to admit or

18   deny the allegations set forth in paragraph 25, and on that basis, deny the

19   allegations set forth in paragraph 25.

20             26.    MGA Defendants deny the allegations set forth in paragraph 26.

21             27.    MGA Defendants deny the allegations set forth in paragraph 27.

22             28.    MGA Defendants deny the allegations set forth in paragraph 28.

23             29.    MGA Defendants deny the allegations set forth in paragraph 29.

24             30.    MGA Defendants admit that after MGA made the decision to

25   proceed with the manufacture of the Bratz dolls, MGA employees communicated

26   with employees of MGA Entertainment (HK) Limited on subjects including the

27   manufacturing of Bratz, and deny the remaining allegations set forth in the first

28

1   sentence of paragraph 30.  MGA Defendants admit the second sentence of

2   paragraph 30.

3           31.    MGA Defendants admit that samples of the four original Bratz

4   dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the

5   remaining allegations set forth in paragraph 31.

6           32.    MGA Defendants admit that MGA and its subsidiaries have

7   distributed and sold Bratz and Bratz-related products in many countries throughout

8   the world, that MGA and its subsidiaries have licensed Bratz to third parties, that

9   MGA has derived annual revenues from its sales and licenses of Bratz in excess of

10  $500 million, that MGA and its subsidiaries continue to market, sell and license

11  Bratz and intend to continue to do so, and deny the remaining allegations set forth

12  in paragraph 32.

13          33.    MGA Defendants deny the allegations set forth in paragraph 33.

14          34.    MGA Defendants deny the allegations set forth in paragraph 34.

15          35.    MGA Defendants deny the allegations set forth in paragraph 35.

16          36.    MGA Defendants admit that Bryant had an agreement with

17  MGA, state that the terms of the agreement speak for themselves, and deny the

18  remaining allegations set forth in paragraph 36.

19          37.    MGA Defendants admit that in or about late 2003 or early 2004,

20  MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to

21  conduct business in Mexico, admit that MGAE de Mexico hired three employees of

22  Mattel's Mexican subsidiary, and deny the remaining allegations set forth in

23  paragraph 37.

24          38.    MGA Defendants admit that Carlos Gustavo Machado Gomez

25  was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado

26  was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that

27  Machado had access to some nonpublic business information of Mattel Mexico, and

28  state that they are without sufficient knowledge to admit or deny the remaining

1   allegations set forth in paragraph 38, and on that basis, deny the remaining

2   allegations set forth in paragraph 38.

3         39.   MGA Defendants admit that Mariana Trueba Almada was a

4   Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had

5   access to some nonpublic business information of Mattel Mexico, and state that

6   they are without sufficient knowledge to admit or deny the remaining allegations

7   set forth in paragraph 39, and on that basis, deny the remaining allegations set forth

8   in paragraph 39.

9         40.   MGA Defendants admit that Pablo Vargas San Jose was a Trade

10   Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel

11   Mexico from March 2001 until April 19, 2004, admit that Vargas had access to

12   some nonpublic business information of Mattel Mexico, and state that they are

13   without sufficient knowledge to admit or deny the remaining allegations set forth in

14   paragraph 40, and on that basis, deny the remaining allegations set forth in

15   paragraph 40.

16         41.   MGA Defendants admit that in or about early 2004, Machado,

17   Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

18   and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

19   identify their new employer to Mattel Mexico, admit that Machado, Trueba and

20   Vargas were offered and accepted employment with MGAE de Mexico, and deny

21   the remaining allegations set forth in paragraph 41.

22         42.   MGA Defendants admit that MGA personnel communicated by

23   telephone with Machado and Vargas prior to their Mattel resignations, admit that

24   MGA personnel, including Isaac Larian, communicated by e-mail with Machado

25   and Vargas concerning terms of employment through an America Online e-mail

26   account with the address <plot04@aol.com>, and deny the remaining allegations

27   set forth in paragraph 42.

28

43.    MGA Defendants admit that in or about March 2004, Machado, Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April 2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed with MGA personnel, including Larian, employment at MGAE de Mexico, state that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the remaining allegations set forth in paragraph 43.

44.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 44, and on that basis, deny the allegations set forth in paragraph 44.

45.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 45, and on that basis, deny the allegations set forth in paragraph 45.

46.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 46, and on that basis, deny the allegations set forth in paragraph 46.

47.    MGA Defendants are without sufficient knowledge to admit or deny the allegation set forth in the third sentence of paragraph 47, and on that basis, deny these allegations, and deny the remaining allegations set forth in paragraph 47.

48.    MGA Defendants deny the allegations set forth in paragraph 48.

49.    MGA Defendants deny the allegations set forth in paragraph 49.

50.    MGA Defendants are without sufficient knowledge to admit or deny the allegation that MGA publicized a claim that, in 2005, it had increased its Mexican market share by 90% over the prior year, and on that basis, deny this allegation, and deny the remaining allegations set forth in paragraph 50.

51.    MGA Defendants deny the allegations set forth in paragraph 51.

52.    MGA Defendants deny the allegations set forth in paragraph 52.

53.    MGA Defendants admit that on October 27, 2005, Mexican authorities searched MGAE de Mexico and seized certain documents, and state that

1  they are without sufficient knowledge to admit or deny the remaining allegations

2  set forth in paragraph 53, and on that basis, deny the remaining allegations set forth

3  in paragraph 53.

4         54.    MGA Defendants admit that Machado was transferred from

5  MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado

6  resides in the County of Los Angeles, and deny the remaining allegations set forth

7  in paragraph 54.

8         55.    MGA Defendants admit the allegations set forth in the first

9  sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on

10  April 22, 1996, and state that they are without sufficient knowledge to admit or

11  deny the remaining allegations set forth in the second sentence of paragraph 55, and

12  on that basis, deny the remaining allegations set forth in the second sentence of

13  paragraph 55. MGA Defendants admit the allegations set forth in third sentence of

14  paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a

15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the

16  remaining allegations in the fourth sentence of paragraph 55 are a statement of

17  Mattel's legal position, to which no response is necessary. To the extent a response

18  is required, MGA Defendants deny the remaining allegations set forth in paragraph

19  55.

20         56.    MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 56, and on that basis, deny the

22  allegations set forth in paragraph 56. The last sentence of paragraph 56 is a

23  statement of Mattel's legal position, to which no response is necessary. To the

24  extent a response is required, MGA Defendants deny the remaining allegations set

25  forth in paragraph 56.

26         57.    MGA Defendants admit that by 2003, Brawer had advanced

27  within Mattel to a Senior Vice President position over customer marketing, and

28  state that the remaining allegations in the first sentence of paragraph 57 are a

EXHIBIT 5    PAGE 80

1    statement of Mattel's legal position, to which no response is necessary. To the

2    extent a response is required, MGA Defendants deny the remaining allegations set

3    forth in the first sentence of paragraph 57. MGA Defendants admit that in his

4    executive position, Brawer was provided access to certain nonpublic Mattel

5    information.

6          58.   MGA Defendants admit the allegations set forth in the first

7    sentence of paragraph 58. MGA Defendants deny the allegations set forth in the

8    second sentence of paragraph 58. MGA Defendants are without sufficient

9    knowledge to admit or deny the remaining allegations forth in paragraph 58, and

10   on that basis, deny the remaining allegations set forth in paragraph 58.

11         59.   MGA Defendants are without sufficient knowledge to admit or

12   deny the allegations set forth in paragraph 59, and on that basis, deny the

13   allegations set forth in paragraph 59.

14         60.   MGA Defendants admit that in April 2004, Mattel made Brawer

15   a Senior Vice President/General Manager, and state that they are without sufficient

16   knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17   on that basis, deny the remaining allegations set forth in paragraph 60.

18         61.   MGA Defendants admit that in May 2004, Brawer began

19   performing General Manager duties, working with one of Mattel's major retail

20   customer accounts, and state that they are without sufficient knowledge to admit or

21   deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22   remaining allegations set forth in paragraph 61.

23         62.   MGA Defendants admit the allegations set forth in the first

24   sentence of paragraph 62. MGA Defendants admit that as Brawer left, he carried a

25   large cardboard box, and deny the remaining allegations set forth in the second

26   sentence of paragraph 62. MGA Defendants state that they are without sufficient

27   knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28   on that basis, deny the remaining allegations set forth in paragraph 62.

EXHIBIT 5   PAGE 81

1      63.    MGA Defendants admit the allegations set forth in paragraph

2   63.

3          64.    MGA Defendants admit that on September 20, 2004, Mattel

4   hand-delivered a letter to Brawer, state that the contents of the letter speak for

5   themselves, and deny the remaining allegations set forth in paragraph 64.

6          65.    MGA Defendants admit that at his exit interview on September

7   29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed

8   on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer

9   stated that he had not signed the Code of Conduct, and deny the remaining

10   allegations set forth in paragraph 65.

11         66.    MGA Defendants admit that on October 1, 2004, Brawer's last

12   day of employment with Mattel, Mattel delivered a letter to Brawer, state that the

13   contents of the letter speak for themselves, and deny the remaining allegations set

14   forth in paragraph 66.

15         67.    MGA Defendants admit that Brawer became MGA's Executive

16   Vice President of Sales and Marketing, admit that he was responsible for sales

17   worldwide, admit that he had and continues to have responsibility for MGA's

18   accounts with some of the same retailers that he worked with while at Mattel, and

19   deny the remaining allegations set forth in paragraph 67.

20         68.    MGA Defendants admit that Brawer stated during his exit

21   interview that he had returned all confidential proprietary information to Mattel,

22   state that he did not provide copies of information from his personal contacts file,

23   and deny the remaining allegations set forth in paragraph 68.

24         69.    MGA Defendants admit that since leaving Mattel, Brawer has

25   had contacts with certain Mattel employees, both by telephone and electronic mail,

26   and deny the remaining allegations set forth in paragraph 69.

27         70.    MGA Defendants deny the allegations set forth in paragraph 70.

28

1       71.   MGA Defendants are without sufficient knowledge to admit or

2   deny the allegations set forth in paragraph 71, and on that basis, deny the

3   allegations set forth in paragraph 71.

4       72.   MGA Defendants are without sufficient knowledge to admit or

5   deny the allegations set forth in paragraph 72, and on that basis, deny the

6   allegations set forth in paragraph 72.

7       73.   MGA Defendants admit that on September 26, 2005, Brisbois

8   resigned from Mattel Canada, state that she took a position as Vice President of

9   National Accounts at MGAE Canada, and deny the remaining allegations set forth

10  in the first sentence of paragraph 73. MGA Defendants are without sufficient

11  knowledge to admit or deny the remaining allegations set forth in paragraph 73, and

12  on that basis, deny the remaining allegations set forth in paragraph 73.

13      74.   MGA Defendants admit that Brisbois spoke with Isaac Larian

14  by telephone on or about the evening of September 22, 2005, deny that Brisbois

15  copied approximately 45 Mattel documents onto a USB or thumb drive on that

16  same date, deny that Brisbois concealed the thumb drive the last time she left

17  Mattel Canada's office, and state that they are without sufficient knowledge to

18  admit or deny the remaining allegations set forth in paragraph 74, and on that basis,

19  deny the remaining allegations set forth in paragraph 74.

20      75.   MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 75, and on that basis, deny the

22  allegations set forth in paragraph 75.

23      76.   MGA Defendants admit that Brisbois traveled several times to

24  MGA's offices in Van Nuys, California and met with Larian and Brawer, that

25  MGA issued a press release, state that the press release speaks for itself, and state

26  that they are without sufficient knowledge to admit or deny the remaining

27  allegations set forth in paragraph 76 and, on that basis, deny the remaining

28  allegations set forth in paragraph 76.

1       77.   MGA Defendants admit that MGA has hired at least 25

2  employees directly from Mattel's United States operations in the past few years,

3  and deny the remaining allegations set forth in paragraph 77.

4       78.   MGA Defendants deny the allegations set forth in the first

5  sentence of paragraph 78. MGA Defendants admit that Larian has sent email

6  messages to a "Bratz News" distribution list, admit that the recipients of e-mail

7  messages sent to the "Bratz News" distribution list includes members of the media

8  as well as representatives of customers of both MGA and Mattel, and deny the

9  remaining allegations set forth in paragraph 78.

10      79.   MGA Defendants admit that on May 12, 2006, Larian sent an

11  email message to the "Bratz News" distribution list that included a reference to the

12  new My Scene product with real gems, and state that they are without sufficient

13  knowledge to admit or deny the remaining allegations set forth in paragraph 79, and

14  on that basis, deny the remaining allegations set forth in paragraph 79.

15      80.   MGA Defendants admit that Larian told one retailer that such

16  retailer was the only retailer with plans to purchase MY SCENE BLING BLING

17  with real gems, at a time when Larian had a good faith belief that such retailer was

18  the only retailer with plans to purchase MY SCENE BLING BLING with real

19  gems, and deny the remaining allegations set forth in paragraph 80.

20      81.   MGA Defendants deny the allegation set forth in paragraph 81.

21      82.   MGA Defendants repeat their responses contained in paragraphs

22  1 through 81 of this Answer and incorporate them by reference as though fully and

23  completely set forth herein.

24      83.   MGA Defendants deny the allegations set forth in paragraph 83.

25      84.   MGA Defendants deny the allegations set forth in paragraph 84.

26      85.   MGA Defendants deny the allegations set forth in paragraph 85.

27      86.   MGA Defendants deny the allegations set forth in paragraph 86.

28      87.   MGA Defendants deny the allegations set forth in paragraph 87.

1     88.    MGA Defendants repeat their responses contained in paragraphs

2  1 through 87 of this Answer and incorporate them by reference as though fully and

3  completely set forth herein.

4     89.    MGA Defendants deny the allegations set forth in paragraph 89.

5     90.    MGA Defendants deny the allegations set forth in paragraph 90.

6     91.    MGA Defendants deny the allegations set forth in paragraph 91.

7     92.    MGA Defendants deny the allegations set forth in paragraph 92.

8     93.    MGA Defendants deny the allegations set forth in paragraph 93.

9     94.    MGA Defendants deny the allegations set forth in paragraph 94.

10     95.    MGA Defendants deny the allegations set forth in paragraph 95.

11     96.    MGA Defendants deny the allegations set forth in paragraph 96.

12     97.    MGA Defendants deny the allegations set forth in paragraph 97.

13     98.    MGA Defendants repeat their responses contained in paragraphs

14  1 through 97 of this Answer and incorporate them by reference as though fully and

15  completely set forth herein.

16     99.    MGA Defendants deny the allegations set forth in paragraph 99.

17     100.   MGA Defendants deny the allegations set forth in paragraph

18  100.

19     101.   MGA Defendants deny the allegations set forth in paragraph

20  101.

21     102.   MGA Defendants deny the allegations set forth in paragraph

22  102.

23     103.   MGA Defendants deny the allegations set forth in paragraph

24  103.

25     104.   MGA Defendants deny the allegations set forth in paragraph

26  104.

27     105.   MGA Defendants deny the allegations set forth in paragraph

28  105.

EXHIBIT 5    PAGE 85

1          106.   MGA Defendants repeat their responses contained in paragraphs

2  1 through 105 of this Answer and incorporate them by reference as though fully and

3  completely set forth herein.

4          107.   MGA Defendants deny the allegations set forth in paragraph

5  107.

6          108.   MGA Defendants deny the allegations set forth in paragraph

7  108.

8          109.   MGA Defendants deny the allegations set forth in paragraph

9  109.

10         110.   MGA Defendants deny the allegations set forth in paragraph

11  110.

12         111.   MGA Defendants deny the allegations set forth in paragraph

13  111.

14         112.   MGA Defendants deny the allegations set forth in paragraph

15  112.

16         113.   MGA Defendants deny the allegations set forth in paragraph

17  113.

18         114.   MGA Defendants deny the allegations set forth in paragraph

19  114.

20         115.   MGA Defendants deny the allegations set forth in paragraph

21  115.

22         116.   MGA Defendants repeat their responses contained in paragraphs

23  1 through 115 of this Answer and incorporate them by reference as though fully and

24  completely set forth herein.

25         117.   MGA Defendants deny the remaining allegations set forth in

26  paragraph 117.

27         118.   MGA Defendants deny the allegations set forth in paragraph

28  118.

1     119.   MGA Defendants deny the allegations set forth in paragraph
2  119.
3     120.   MGA Defendants deny the allegations set forth in paragraph
4  120.
5     121.   MGA Defendants deny the allegations set forth in paragraph
6  121.
7     122.   MGA Defendants repeat their responses contained in paragraphs
8  1 through 121 of this Answer and incorporate them by reference as though fully and
9  completely set forth herein.
10     123.   MGA Defendants deny the allegations set forth in paragraph
11  123.
12     124.   MGA Defendants deny the allegations set forth in paragraph
13  124.
14     125.   MGA Defendants deny the allegations set forth in paragraph
15  125.
16     126.   MGA Defendants deny the allegations set forth in paragraph
17  126.
18     127.   MGA Defendants deny the allegations set forth in paragraph
19  127.
20     128.   MGA Defendants deny the allegations set forth in paragraph
21  128.
22     129.   MGA Defendants repeat their responses contained in paragraphs
23  1 through 128 of this Answer and incorporate them by reference as though fully and
24  completely set forth herein.
25     130.   The first and fifth sentences of paragraph 130 are statements of
26  Mattel's legal position, to which no response is necessary.  To the extent a response
27  is required, MGA Defendants deny the allegations set forth in the first and fifth
28  sentences of paragraph 130.  MGA Defendants are without sufficient knowledge to

1    admit or deny the remaining allegations set forth in paragraph 130, and on that

2    basis, deny the remaining allegations set forth in paragraph 130.

3        131.   MGA Defendants deny the allegations set forth in paragraph

4    131.

5        132.   MGA Defendants deny the allegations set forth in paragraph

6    132.

7        133.   MGA Defendants deny the allegations set forth in paragraph

8    133.

9        134.   MGA Defendants deny the allegations set forth in paragraph

10   134.

11       135.   MGA Defendants deny the allegations set forth in paragraph

12   135.

13       136.   MGA Defendants repeat their responses contained in paragraphs

14   1 through 135 of this Answer and incorporate them by reference as though fully and

15   completely set forth herein.

16       137.   MGA Defendants deny the allegations set forth in paragraph

17   137.

18       138.   MGA Defendants deny the allegations set forth in paragraph

19   138.

20       139.   MGA Defendants deny the allegations set forth in paragraph

21   139.

22       140.   MGA Defendants deny the allegations set forth in paragraph

23   140.

24       141.   MGA Defendants deny the allegations set forth in paragraph

25   141.

26       142.   MGA Defendants repeat their responses contained in paragraphs

27   1 through 141 of this Answer and incorporate them by reference as though fully and

28   completely set forth herein.

EXHIBIT _S_   PAGE _88_

1        143.   Paragraph 143 is a statement of Mattel's legal position, to which

2   no response is necessary. To the extent a response is required, MGA Defendants

3   deny the allegations set forth in the paragraph 143.

4        144.   MGA Defendants deny the allegations set forth in paragraph

5   144.

6        145.   MGA Defendants deny the allegations set forth in paragraph

7   145.

8        146.   MGA Defendants deny the allegations set forth in paragraph

9   146.

10       147.   MGA Defendants deny the allegations set forth in paragraph

11  147.

12       148.   MGA Defendants deny the allegations set forth in paragraph

13  148.

14       149.   MGA Defendants repeat their responses contained in paragraphs

15  1 through 148 of this Answer and incorporate them by reference as though fully and

16  completely set forth herein.

17       150.   MGA Defendants deny the allegations set forth in paragraph

18  150.

19       151.   MGA Defendants deny the allegations set forth in paragraph

20  151.

21       152.   MGA Defendants deny the allegations set forth in paragraph

22  152.

23       153.   MGA Defendants deny the allegations set forth in paragraph

24  153.

25       154.   MGA Defendants deny the allegations set forth in paragraph

26  154.

27

28

EXHIBIT 5   PAGE 89

155.  MGA Defendants repeat their responses contained in paragraphs 1 through 154 of this Answer and incorporate them by reference as though fully and completely set forth herein.

156.  MGA Defendants deny the allegations set forth in paragraph 156.

157.  MGA Defendants deny the allegations set forth in paragraph 157.

158.  MGA Defendants deny the allegations set forth in paragraph 158.

159.  MGA Defendants deny the allegations set forth in paragraph 159.

160.  MGA Defendants deny the allegations set forth in paragraph 160.

161.  MGA Defendants deny the allegations set forth in paragraph 161.

162.  MGA Defendants deny the allegations set forth in paragraph 162.

163.  MGA Defendants repeat their responses contained in paragraphs 1 through 162 of this Answer and incorporate them by reference as though fully and completely set forth herein.

164.  MGA Defendants deny the allegations set forth in paragraph 164.

165.  MGA Defendants deny the allegations set forth in paragraph 165.

166.  MGA Defendants deny the allegations set forth in paragraph 166.

EXHIBIT 5    PAGE 90

167.   MGA Defendants repeat their responses contained in paragraphs 1 through 166 f this Answer and incorporate them by reference as though fully and completely set forth herein.

168.   MGA Defendants deny the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of MGA Defendants or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, MGA Defendants allege the following affirmative defenses to the Counterclaims.  By designating the following as affirmative defenses, MGA Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein.  MGA Defendants also do not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses.  These defenses are pled in the alternative, and are raised to preserve the rights of MGA Defendants to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against MGA Defendants upon which relief can be granted.

LA2:841935.2

EXHIBIT 5   PAGE 91

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

- 20 -

EXHIBIT 5   PAGE 92

1   pretense in order to interrogate them about Bratz and this litigation; Mattel's

2   coercing its employees to accept restrictive covenants (right before a massive

3   layoff) and non-compete clauses and other efforts to prevent prospective MGA

4   employees from accepting offers of employment; Mattel's delay in suing Carter

5   Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel

6   case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

7   public and retailers; and Mattel's taking all measures to conceal its bad acts,

8   including the willful non-retention and destruction of documents. Additionally,

9   Mattel believed from the time that Carter Bryant left Mattel's employ that he was

10  going to perform work for a Mattel competitor. Mattel began investigating Bryant

11  and MGA Defendants, including Bryant's role in the creation and development of

12  Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring

13  suit, all the while allowing MGA Defendants to spend years developing their

14  business and invest tens of millions of dollars developing the Bratz products and

15  building the Bratz brand. These averments are made on information and belief

16  except where MGA Defendants have knowledge thereof.

### THIRD AFFIRMATIVE DEFENSE

#### (Laches)

19      Mattel's counterclaims are barred by the equitable doctrine of laches

20  because, among other things, Mattel believed from the time that Carter Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor. Mattel

22  began investigating Bryant and MGA Defendants, including Bryant's role in the

23  creation and development of Bratz, at least as early as March 2002 and thereafter

24  continued its investigation into Bryant's role in the creation and development of

25  Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert

26  Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for

27  Bratz from Mattel and sold it to MGA Defendants. Nonetheless, Mattel waited

28  years to bring suit, all the while allowing MGA Defendants to spend years

EXHIBIT 5   PAGE 93

1   developing their business and invest tens of millions of dollars developing the **Bratz**

2   products and building the **Bratz** brand.

### FOURTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

5       Mattel's counterclaims are barred by the applicable statutes of limitations,

6   including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code

7   of Civil Procedure §§ 337, 339, 343 and 338(c).

### FIFTH AFFIRMATIVE DEFENSE

#### (*Bona Fide* Purchaser for Value)

10       Mattel cannot maintain its counterclaims against MGA Defendants because

11   MGA Defendants paid valuable consideration for Bryant's assignment of his rights

12   in the original Bratz drawings to MGA Defendants, and MGA Defendants acted

13   with a good faith belief that Bryant owned the rights to his original Bratz drawings

14   and that his assignment of such rights to MGA Defendants was valid and

15   permissible.

### SIXTH AFFIRMATIVE DEFENSE

#### (17 U.S.C. § 205(d))

18       Mattel cannot maintain its counterclaims against MGA Defendants because,

19   among other things, MGA Defendants acted with a good faith belief that Bryant

20   owned the rights to his original Bratz drawings and that his assignment of such

21   rights to MGA Defendants was valid and permissible.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Information Readily Ascertainable)

24       MGA Defendants cannot be liable, either on their own account or by

25   association with other defendants, for misappropriation of information that was

26   readily ascertainable by proper means at the time of the alleged acquisition or use.

27   Such information includes, but is not limited to, the identity of suppliers,

28

1  manufacturers, distributors and retailers; contact information for the same; and
2  sales, marketing and media data.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Acts or Omissions of Others)

5  Mattel's damages, if any, were not caused by MGA Defendants and are not
6  attributable to any acts or omissions of MGA Defendants.

### NINTH AFFIRMATIVE DEFENSE

#### (Estoppel)

9  Mattel's counterclaims are barred in whole or in part by the equitable
10 doctrine of estoppel because, among other things, Mattel believed from the time
11 that Carter Bryant left Mattel's employ that he was going to perform work for a
12 Mattel competitor. Mattel began investigating Bryant and MGA Defendants,
13 including Bryant's role in the creation and development of Bratz, at least as early as
14 March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing
15 MGA Defendants to spend years developing their business and invest tens of
16 millions of dollars developing the Bratz products and building the Bratz brand.

### TENTH AFFIRMATIVE DEFENSE

#### (Acquiescence)

19 Mattel's counterclaims are barred in whole or in part by acquiescence
20 because, among other things, Mattel believed from the time that Carter Bryant left
21 Mattel's employ that he was going to perform work for a Mattel competitor. Mattel
22 began investigating Bryant and MGA Defendants, including Bryant's role in the
23 creation and development of Bratz, at least as early as March 2002. Nonetheless,
24 Mattel waited years to bring suit, all the while allowing MGA Defendants to spend
25 years developing their business and invest tens of millions of dollars developing the
26 Bratz products and building the Bratz brand. Additionally, Mattel tolerated and
27 condoned conduct by other employees similar to the alleged conduct by Bryant and
28 others on which Mattel bases its claims.

ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

MGA Defendants deny that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

TWELFTH AFFIRMATIVE DEFENSE

(No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA Defendants to spend years developing their business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

FOURTEENTH AFFIRMATIVE DEFENSE

(Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

FIFTEENTH AFFIRMATIVE DEFENSE

(*De Minimus* Use)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

- 24 -

EXHIBIT 5   PAGE 96

1    aspect of a Mattel copyrighted work, such use would be *de minimus* and non-

2    infringing.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Joint Authorship)

5    MGA Defendants deny that Mattel owns any copyright interest in the alleged

6    works, but even if it did, any liability would be eliminated or greatly diminished by

7    the doctrine of joint authorship.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Competition Privilege/Justification)

10    Mattel's counterclaims are barred in whole or in part on the grounds that the

11    acts of the MGA Defendants were lawful competition or justified.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

14    Mattel's counterclaims are barred in whole or in part because the MGA

15    Defendants acted in good faith.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Lack of Authority)

18    Mattel's counterclaims are barred in whole or in part on the grounds that to

19    the extent any person committed an unlawful or tortious act, the person lacked

20    authority to commit such act on behalf of the MGA Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Lack of Standing)

23    Mattel's counterclaims are barred in whole or in part by its lack of standing.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Joinder in Defenses of Co-Defendants)

26    MGA Defendants hereby adopt and incorporate by reference any and all

27    other affirmative defenses that have been or will be asserted by any other defendant

28    (including Bryant) in this litigation to the extent that defendants may share in such

EXHIBIT 5   PAGE 97

1    affirmative defenses.

2                    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

3                            (Undiscovered Defenses)

4        MGA Defendants have insufficient knowledge or information upon which to

5    form a belief as to whether additional defenses are available. MGA Defendants

6    reserve the right to assert any further or additional defenses upon receiving more

7    complete information regarding the matters alleged in the Counterclaims, through

8    discovery or otherwise.

9

10       WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11   Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12       a.     that the Counterclaims be dismissed with prejudice;

13       b.     that judgment be entered in favor of counter-defendants and against

14   counterclaimant;

15       c.     that counter-defendants recover their costs and attorneys' fees; and

16       d.     that the Court award such other and further relief as is just and proper.

17

18   Dated: September 19, 2007              O'MELVENY & MYERS LLP

19

20

21                                          Marc F. Feinstein
                                            Attorneys for Counter-defendants
22                                          MGA Entertainment, Inc., Isaac Larian,
                                            MGA Entertainment (HK) Limited, and
23                                          MGAE de Mexico S.R.L. de C.V.

24

25

26

27

28

1

## PROOF OF SERVICE

2

    I, Karen A. Nakatsu, declare:

3

    I am a resident of the State of California and over the age of eighteen years, and
not a party to the within action; my business address is 400 South Hope Street, Los Angeles,

4

California 90071-2899.  On September 19, 2007, I served the within document(s):

5

    **AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF
MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT**

6

**(HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V.
TO MATTEL, INC.'S SECOND AMENDED ANSWER AND**

7

**COUNTERCLAIMS**

8

  ☒    by causing to be personally served the document(s) listed above to the person(s)
listed below.

9

10

    John B. Quinn, Esq.
Michael T. Zeller, Esq.

11

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,

12

10th Floor
Los Angeles, CA 90017

13

14

  ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at Los Angeles, California addressed as set

15

forth below.  I am readily familiar with the firm's practice of collecting and
processing correspondence for mailing.  Under that practice it would be deposited

16

with the U.S. Postal Service on that same day with postage thereon fully prepaid in
the ordinary course of business.  I am aware that on motion of the party served,

17

service is presumed invalid if the postal cancellation date or postage meter date is
more than one day after date of deposit for mailing in affidavit.

18

19

    Patricia Glaser, Esq.             Michael H. Page, Esq.
Christensen, Glaser, Fink, Jacobs,    Keker & Van Nest LLP

20

Weil & Shapiro, LLP              710 Sansome Street
10250 Constellation Blvd.,         San Francisco, CA 94111

21

19th Floor
Los Angeles, CA 90067

22

23

    James W. Spertus, Esq.
Law Offices of James W. Spertus

24

12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

25

26

27

28

EXHIBIT 5   PAGE 99

1         I declare under penalty of perjury under the laws of the United States that the above is true and correct.

2         Executed on September 19, 2007, at Los Angeles, California.

3

4                            _Karen A. Nakatsu_

5                              Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:817525.2

EXHIBIT 5 PAGE 160

1

## PROOF OF SERVICE

2     I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6     On December 12, 2007, I served true copies of the following documents

7 described as:

8     **SECOND SUPPLEMENTAL DECLARATION OF TIMOTHY L. ALGER
      IN SUPPORT OF MATTEL, INC.'S MOTION FOR**
9     **RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER
      GRANTING IN PART AND DENYING IN PART**
10    **MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

11 on the parties in this action as follows:

12 | Skadden, Arps, Slate, Meagher & Flom LLP | Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd.,* |
|---|---|
13 |   Thomas J. Nolan, Esq. 300 South Grand Avenue, Suite 3400 | *Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |
14 | Los Angeles, CA 90071 Telephone: 213.687.5000 | |
15 | Facsimile: 213.687.5600 | |

16

17     [√]     **[PERSONAL]** by personally delivering the document listed above to

18        the person(s) at the address(es) set forth above.

19

20     I declare that I am employed in the office of a member of the bar of this court

21 at whose direction the service was made

22

23     Executed on December 12, 2007, at Los Angeles, California.

24

25

26     David Quintana

27

28

07209/2323284.1

1

## **PROOF OF SERVICE**

2       I am employed in the County of Los Angeles, State of California.  I am over

3   the age of eighteen years and not a party to the within action; my business address is

4   865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5       On December 12, 2007, I served true copies of the following documents

6   described as:

7   **SECOND SUPPLEMENTAL DECLARATION OF TIMOTHY L. ALGER
    IN SUPPORT OF MATTEL, INC.'S MOTION FOR**
8   **RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER
    GRANTING IN PART AND DENYING IN PART MGA'S MOTION**
9   **TO COMPEL PRODUCTION OF DOCUMENTS**

10  on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for *Carter Bryant*** |
| Overland Borenstein Scheper &<br>Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

11
12
13
14
15
16
17
18
19

20

21       [√]     **[MAIL]** As follows:  I am "readily familiar" with the firm's practice of

22   collection and processing correspondence for mailing.  Under that practice it

23   would be deposited with U.S. postal service on that same day with postage

24   thereon fully prepaid at Los Angeles, California in the ordinary course of

25   business, addressed as set forth below.  I am aware that on motion of the party

26   served, service is presumed invalid if postal cancellation date or postage

27   meter date is more than one day after date of deposit for mailing in affidavit.

28

07209/2323284.1

1

2      I declare that I am employed in the office of a member of the bar of this court

3  at whose direction the service was made

4      Executed on December 12, 2007, at Los Angeles, California.

5

6

7                          Albert V. Villamil

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28