THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:   tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892) (ATTORNEY TO BE NOTICED)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA  94111-5974
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698
Email:   rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
and Isaac Larian

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**DECLARATION OF RAOUL D. KENNEDY IN RESPONSE TO SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA TO PRODUCE DOCUMENTS IN UN-REDACTED FORM, AND FOR SANCTIONS (MOTION NO. 5)**<br><br>Hearing Date:  December 14, 2007<br>Time:   10:45 a.m.<br>Place:   JAMS<br><br>**Phase 1:**<br>Discovery Cut-Off:   January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:   May 27, 2008 |

DECL. OF RAOUL D. KENNEDY IN RESPONSE TO SUPPLE. DECL. OF B. DYLAN PROCTOR

I, Raoul D. Kennedy, declare as follows:

1. I am a member of the Bar of the State of California, a partner in the firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), and am one of the counsel of record for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian (collectively "MGA"). Except where otherwise indicated, I have personal knowledge of the following and, if called upon to do so, could competently testify as follows.

2. On December 10, 2007, I was served with a copy of the Supplemental Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, to Compel MGA to Produce Documents in Un-redacted Form, and For Sanctions.

3. Following Skadden's substitution into the case as counsel for MGA, Skadden undertook measures to produce the documents that Mattel had identified as being improperly redacted in proper unredacted form, i.e., except for redactions of material protected by the attorney-client privilege or attorney work product doctrine in an effort to comply with the Court's May 15, 2007 Order ("Order"). Locating these documents in databases and other sources, which were new and unfamiliar to Skadden, and then reviewing and producing them, required significant effort and well over 100 hours of attorney time. As soon as the documents had been located and reviewed, they were produced, together with Amy Park's November 20, 2007 letter to Michael Zeller (a copy of which is marked as Exhibit 1, page 7-8, to the Supplemental Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Motion to Compel MGA to Produce Documents in Un-redacted From, and for Sanctions). For the convenience of Mattel's counsel, Skadden also provided a Correspondence Chart, attached to Ms. Park's November 20 letter, that correlated the new Bates numbers for those documents with their old Bates numbers as well as the declaration and exhibit number where Mattel's counsel had complained about each document.

4.     On November 16, 2007 I, along with other Skadden lawyers, met in Los Angeles with Mr. Proctor, and various other lawyers for Mattel, to attempt to resolve some or all of the ten discovery-related motions scheduled for hearing on December 14, including Mattel's Motion To Compel Production of Documents in Unredacted Form ("the Redaction Motion").

5.     During that meeting Mr. Proctor and his colleagues raised concern that, in addition to the documents that MGA had identified as being improperly redacted, there were other documents that had been produced by MGA that were not properly redacted so as to comply with the Order.

6.     The Skadden lawyers explained that MGA had produced at least 3.4 million pages of documents in this case (in contrast to the fewer than 300,000 pages that have been produced by Mattel) and that screening each would be both an enormous burden and involve enormous waste since Mattel would clearly not be making use of more than a small fraction of those 3.4 million pages.

7.     The Skadden lawyers suggested that the most efficient, and cost effective, way to proceed would be that if Mattel encountered a document that it believed might be improperly redacted, Mattel's lawyers would advise MGA's counsel and the latter would either confirm that the redactions complied with the Order or supply a properly redacted copy.  Mattel's lawyers rejected this proposal.

8.     If Mattel genuinely doubted the workability of the Skadden proposal, its lawyers had the opportunity, between November 16 and the present, to conduct a laboratory test by advising MGA of documents, such as those that are now Exhibits 1 through 22 of Mr. Proctor's Supplemental Declaration, to see if Skadden did or did not fulfill its agreement to provide a prompt response.

9.     Between November 16 and December 9, Mattel's lawyers did not provide MGA's lawyers with any specific examples of any additional documents about which they had redaction questions.

10. Instead, on December 10, Mr. Proctor filed a Supplemental Declaration with 22 appended exhibits that he contends have never been produced in a form that complies with the Order. MGA recognizes Mattel's right to have copies of documents that comply with the Order.

11. Exhibit 10 referenced in Paragraph 10 of Mr. Proctor's Supplemental Declaration references the same document attached as Exhibit 30 to Michael Zeller's declaration dated September 7, 2007. As explained in the Declaration of Philip W. Marsh, filed concurrently herewith, that document and has already been re-produced to Mattel in un-redacted form with the new Bates no. MGA3709674, as pointed out in the Correspondence Chart attached to Ms. Park's November 20 letter referenced above in Paragraph 3 (and included in Exhibit 1 Mr. Proctor's Supplemental Declaration).

12. In Paragraph 10 of his Supplemental Declaration, Mr. Proctor opines that the document attached as Exhibit 14 to his Supplemental Declaration "appears to be redacted even though it is not marked with a 'redacted' stamp." As explained in the Declaration of Philip W. Marsh, filed concurrently herewith, however, the document in Exhibit 14 is identical to the un-altered version collected from MGA.

13. In Paragraph 10 of his Supplemental Declaration, Mr. Proctor opines that various information in the document attached as Exhibit 15 to his Supplemental Declaration was redacted. As explained in the Declaration of Philip W. Marsh, filed concurrently herewith, however, the document in Exhibit 15 is identical to the un-altered version collected from MGA.

14. In Paragraph 11 of his Supplemental Declaration, Mr. Proctor opines that "MGA appears to have failed to produce un-redacted versions of some documents that Mattel had specifically identified and attached to its declaration in support of this motion, including Exhibits 16, 18-19 and 21-22 to Oleg Stolyar's October 2, 2007 Declaration, as well as the full un-redacted version of the document attached as Exhibit 12 to Michael T. Zeller's September 7, 2007 Declaration."

Exhibit 12 to Mr. Zeller's declaration was redacted on privilege grounds and identified as Document No. 1 in the Redaction Log attached to Ms. Park's November 20 letter referenced above in Paragraph 3 (and included in Exhibit 1 Mr. Proctor's Supplemental Declaration).  As explained in greater detail in the Declaration of Philip W. Marsh, filed concurrently herewith, Exhibits 16, 18-19 and 21-22 to Oleg Stolyar's Declaration were produced in the form they were collected without alteration or redaction.

15. Since receiving Mr. Proctor's Supplemental Declaration on December 10, Skadden has commenced a search for, and review of, Exhibits 2-9 and 11-15 to the Supplemental Declaration. (Skadden is not searching for Exhibit 10 since, as explained above in Paragraph 11, that document has already been re-produced to Mattel in un-redacted form.)  If, after locating and reviewing those documents, Skadden determines that un-redacted versions of should be re-produced, Skadden will do a subsequent production of the documents in proper un-redacted form.

16. Contrary to the suggestion in paragraph 8 of Mr. Proctor's Supplemental Declaration, Skadden has never suggested that Mattel should plow through all 3.4 million pages to determine whether documents that have been produced in redacted form have also been produced in un-redacted form.  Rather, Skadden proposed that, when Mattel came across a document in redacted form, and Mattel had a question about the redaction, it should so advise Skadden, and Skadden would then assume the burden of determining whether the document was properly redacted.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 13, 2007 at San Francisco, California.

/s/ Raoul D. Kennedy
Raoul D. Kennedy

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 4 Embarcadero Center, Suite 3800, San Francisco, California 94111.

On **December 13, 2007**, I served the foregoing documents described as:

**DECLARATION OF RAOUL D. KENNEDY IN RESPONSE TO SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA TO PRODUCE DOCUMENTS IN UN-REDACTED FORM, AND FOR SANCTIONS (MOTION NO. 5)**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   (BY PERSONAL SERVICE)         ☐   By personally delivering copies to the person served. (FEDERAL) (As Noted.)

☒   I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

☒   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at San Francisco, California and placed for collection and delivery following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **December 13, 2007** at San Francisco, California.

| Ken Hartley | /s/ Ken Hartley |
|---|---|
| Print Name | Signature |

**SERVICE LIST**

| | |
|---|---|
| John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Jon D. Corey, Esq.<br>Timothy L. Alger, Esq.<br>Quinn Emanuel Urquhart<br>   Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA  90017-2543<br>Telephone:   (213) 443-3000<br>Facsimile:   (213) 443-3100<br><br>Attorneys for Mattel, Inc.<br>[Personal Service] | John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, CA  94111<br>Telephone:   (415) 391-5400<br>Facsimile:   (415) 397-7188<br><br>Attorneys for Carter Bryant<br>[Federal Express] |

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA  90071
Telephone:   (213) 613-4655
Facsimile:   (213) 613-4656

Attorneys for Carlos Gustavo Machado Gomez
[Federal Express]