1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No.  40892) (ATTORNEY TO BE NOTICED)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  Email:       rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 and Isaac Larian

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                   EASTERN DIVISION

14

15 CARTER BRYANT, an individual        )    CASE NO. CV 04-9049 SGL (RNBx)
                                       )
16                    Plaintiff,       )    Consolidated with Case No. 04-9059 and
                                       )    Case No. 05-2727
17        v.                           )
                                       )    **DISCOVERY MATTER**
18 MATTEL, INC., a Delaware            )
   corporation                         )    **[To be heard by Discovery Master**
19                                     )    **Hon. Edward A. Infante (Ret.)]**
                      Defendant.       )
20                                     )    **DECLARATION OF PHILIP W.**
   _____    )    **MARSH IN RESPONSE TO**
21 Consolidated with MATTEL, INC. v.   )    **SUPPLEMENTAL DECLARATION**
   BRYANT and MGA                      )    **OF B. DYLAN PROCTOR IN**
22 ENTERTAINMENT, INC. v.              )    **SUPPORT OF MATTEL, INC.'S**
   MATTEL, INC.                        )    **MOTION TO COMPEL MGA TO**
23                                     )    **PRODUCE DOCUMENTS IN UN-**
   _____    )    **REDACTED FORM, AND FOR**
24                                          **SANCTIONS (MOTION NO. 5)**

25                                          Hearing Date:  December 14, 2007
                                            Time:                10:45 a.m.
26                                          Place:                JAMS

27                                          **Phase 1:**
                                            Discovery Cut-Off:     January 28, 2008
28                                          Pre-Trial Conference:  May 5, 2008
                                            Trial Date:             May 27, 2008

_____
DECL. OF PHILIP W. MARSH IN RESPONSE TO SUPPLE. DECL. OF B. DYLAN PROCTOR

1   I, Philip W. Marsh, declare as follows:

2   1.   I am an associate of the firm of Skadden, Arps, Slate, Meagher & Flom

3   LLP ("Skadden"), which is counsel of record for MGA Entertainment, Inc., MGA

4   Entertainment (HK) Limited, and Isaac Larian (collectively "MGA").  I am one of

5   Skadden's lawyers assigned to the above-captioned litigation.  Except where

6   otherwise indicated, I have personal knowledge of the following and, if called upon

7   to do so, could competently testify as follows.

8   2.   I have reviewed a copy of the Supplemental Declaration of B. Dylan

9   Proctor in Support of Mattel, Inc.'s Motion to Enforce the Court's Order of May 15,

10   2007, to Compel MGA to Produce Documents in Un-redacted Form, and For

11   Sanctions (the "Supplemental Declaration").

12   3.   Following Skadden's substitution into the case as counsel for MGA, I

13   and other Skadden lawyers, along with our staff, worked to locate un-redacted

14   versions of all documents that Mattel identified as improperly redacted in its Motion

15   to Enforce the Court's Order of May 15, 2007, to Compel MGA to Produce

16   Documents in Un-redacted Form, and For Sanctions, and accompanying papers.

17   4.   I and other Skadden lawyers, along with our staff and outside vendors

18   searched for these documents in all known databases and other sources received

19   from MGA's prior counsel, which were new and unfamiliar to Skadden at the time.

20   In particular, we searched databases that we understood and understand include

21   documents collected from MGA custodians in their un-altered form (collectively

22   "Collection Databases").

23   5.   Once we located the documents, we then reviewed and produced them

24   promptly.  The documents were produced, together with Amy Park's November 20,

25   2007 letter to Michael Zeller (attached as Exhibit 1 to the Supplemental Declaration).

26   Locating, reviewing, and producing these documents, required significant effort and

27   well over 100 hours of attorney time, as well as a significant amount of time by

28   paralegals and other professionals.

1

6.     For the convenience of Mattel's counsel, we also provided a correspondence chart, attached to Ms. Park's November 20 letter, that correlated the new Bates numbers for those documents with their old Bates numbers as well as the declaration and exhibit number where Mattel's counsel had complained about each document.

7.     Several of the documents Mattel had complained about and indicated it believed MGA had improperly redacted, were identical to the un-altered versions of those documents contained in the Collection Databases.  In other words, to the best of our understanding, several documents that Mattel indicated it believed MGA had redacted prior to production had initially been produced in their un-altered form in which they were collected, with no alterations or redactions having been added by MGA.  This was confirmed by obtaining un-altered versions of several documents, as they were collected, from a third-party vendor used by MGA's prior counsel.  In each instance, the versions obtained from the third-party vendor matched the versions obtained from the Collection Databases, as well as the version Mattel had complained about.

8.     In Paragraph 11 of his Supplemental Declaration, Mr. Proctor opines that "MGA appears to have failed to produce un-redacted versions of some documents that Mattel had specifically identified and attached to its declaration in support of this motion, including Exhibits 16, 18-19 and 21-22 to Oleg Stolyar's October 2, 2007 Declaration, as well as the full un-redacted version of the document attached as Exhibit 12 to Michael T. Zeller's September 7, 2007 Declaration."

9.     Exhibit 12 to Mr. Zeller's September 7, 2007 Declaration was redacted on privilege grounds and identified as Document No. 1 in the Redaction Log attached to Ms. Park's November 20 letter referenced above in Paragraph 5.  Aside from the privilege redactions, Exhibit 12 contains no other redactions.

10.    Aside from the document identified above in Paragraph 9, which was on MGA's Redaction Log, the documents that Mr. Proctor complains about in

2

1  Paragraph 11 of his Supplemental Declaration appear to be the un-altered documents
2  from the Collection Databases described above in Paragraph 7.  Mattel believed (and
3  appears to still believe) that MGA improperly redacted those documents.  Those
4  documents, however, were produced as they were obtained in their un-altered form
5  from the Collection Databases, without any alterations or redactions.  These include
6  the following five documents, each of which was produced from the Collection
7  Databases without any alteration:

8        • A copy of an email from Victoria O'Connor dated September 29, 2000,
9          which has no text in the "To:", "CC:", "BCC:", or "Attachments:"
10         fields (identified as Exhibit 16 to Mr. Stolyar's October 2, 2007
11         Declaration).

12       • A copy of an email to Steve Cheng, Carter Bryant, and Joseph Feldman
13         dated July 25, which has no text in the "From:", "CC:", "BCC:", or
14         "Attachments" fields (identified as Exhibit 18 to Mr. Stolyar's October
15         2, 2007 Declaration).

16       • A copy of a calendar for March 8, 2005, which appears to be missing
17         horizontal lines during the hours of 2:00 p.m. – 4:00 p.m. PST and 7:00
18         p.m. – 8:30 p.m  (identified as Exhibit 19 to Mr. Stolyar's October 2,
19         2007 Declaration).

20       • A copy of a Revised Declaration of Julie Camphausen from the
21         *McDonald's Corp. v. MGA Entertainment, Inc.* case, which appears to
22         have an attachment with an email chain having at least one email
23         message removed (identified as Exhibit 21 to Mr. Stolyar's October 2,
24         2007 Declaration).

25       • A transcript from a preliminary injunction proceeding in the
26         *McDonald's Corp. v. MGA Entertainment, Inc.* case, which appears to
27         have multiple redactions in the index only (identified as Exhibit 22 to
28         Mr. Stolyar's October 2, 2007 Declaration).

DECL. OF PHILIP W. MARSH IN RESPONSE TO SUPPLE. DECL. OF B. DYLAN PROCTOR

11.     I, along with others at Skadden, have searched for, found, and reviewed several of the documents attached as exhibits to Mr. Proctor's Supplemental Declaration.  These documents have been collected from the Collection Databases in their un-altered form.  As with the documents discussed above in Paragraph 10, at least two of the documents that Mr. Proctor cites were initially produced in un-altered form, as explained below in Paragraphs 12 and 13.  At least one of the documents cited by Mr. Proctor has already been re-produced to Mattel in un-redacted form, as explained below in Paragraph 14.

12.     In Paragraph 10 of his Supplemental Declaration, Mr. Proctor opines that the document attached as Exhibit 14 to his Supplemental Declaration "appears to be redacted even though it is not marked with a 'redacted' stamp."  Contrary to Mr. Proctor's suggestion, however, the document attached as Exhibit 14 to his Supplemental Declaration is identical to the un-altered obtained from the Collection Databases.

13.     In Paragraph 10 of his Supplemental Declaration, Mr. Proctor opines that various information in the document attached as Exhibit 15 to his Supplemental Declaration was redacted.  Contrary to Mr. Proctor's suggestion, however, the document attached as Exhibit 15 is identical to the un-altered version collected from MGA.

14.     Exhibit 10 referenced in Paragraph 10 of Mr. Proctor's Supplemental Declaration references the same document attached as Exhibit 30 to Michael Zeller's declaration dated September 7, 2007.  That document and has already been re-produced to Mattel in un-redacted form with the new Bates no. MGA3709674, as pointed out in the Correspondence Chart attached to Ms. Park's November 20 letter referenced above in Paragraph 5 (and included in Exhibit 1 Mr. Proctor's Supplemental Declaration).

DECL. OF PHILIP W. MARSH IN RESPONSE TO SUPPLE. DECL. OF B. DYLAN PROCTOR

1    I declare under the penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3    Executed on December 13, 2007 at Washington, District of Columbia.

4

5    /s/ Philip W. Marsh
     Philip W. Marsh

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF PHILIP W. MARSH IN RESPONSE TO SUPPLE. DECL. OF B. DYLAN PROCTOR

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 4 Embarcadero Center, Suite 3800, San Francisco, California 94111.

On **December 13, 2007**, I served the foregoing documents described as:

**DECLARATION OF PHILIP W. MARSH IN RESPONSE TO SUPPLEMENTAL DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL MGA TO PRODUCE DOCUMENTS IN UN-REDACTED FORM, AND FOR SANCTIONS (MOTION NO. 5)**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒   (BY PERSONAL SERVICE)              ☐   By personally delivering copies to the person served. (FEDERAL) (As Noted.)

☒   I caused such documents to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

☒   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at San Francisco, California and placed for collection and delivery following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **December 13, 2007** at San Francisco, California.

| Ken Hartley | /s/ Ken Hartley |
|---|---|
| Print Name | Signature |

1
PROOF OF SERVICE

## SERVICE LIST

| | |
|---|---|
| John B. Quinn, Esq.<br>Michael T. Zeller, Esq.<br>Jon D. Corey, Esq.<br>Timothy L. Alger, Esq.<br>Quinn Emanuel Urquhart<br>   Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA  90017-2543<br>Telephone:  (213) 443-3000<br>Facsimile:   (213) 443-3100<br><br>Attorneys for Mattel, Inc.<br>[Personal Service] | John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, CA  94111<br>Telephone:  (415) 391-5400<br>Facsimile:   (415) 397-7188<br><br>Attorneys for Carter Bryant<br>[Federal Express] |

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA  90071
Telephone:  (213) 613-4655
Facsimile:   (213) 613-4656

Attorneys for Carlos Gustavo
Machado Gomez
[Federal Express]

PROOF OF SERVICE