QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES**<br><br>[Declaration of Juan Pablo Albán; [Proposed] Order]<br><br>Date: January 7, 2007<br>Time: 10 a.m.<br>Place: Courtroom 1<br><br>**Phase I**<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2322551.4

MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2007, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California, 92501, Mattel, Inc. will, and hereby does, respectfully move the Court, pursuant to Federal Rules of Civil Procedure 37 and 53, for an order confirming that pursuant to the Stipulation and Order for Appointment of a Discovery Master, signed by the Honorable Stephen G. Larson on December 6, 2006 (the "Order"), Discovery Master Hon. Edward A. Infante (Ret.) shall hear and rule on all discovery disputes between the parties and between a party and any third-party subject to the personal jurisdiction of the Court, including but not limited to discovery disputes between (a) Mattel and counter-defendant Carlos Gustavo Machado Gomez, and (b) Mattel and third parties Elise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, Farhad Larian, Kaye Scholer LLP and Stern & Goldberg.

Mattel makes this motion on the grounds that the Court ordered that: "[a]ny and all discovery motions and other discovery disputes in the above captioned action shall be decided by a master ("Discovery Master") . . . until all issues herein have been finally disposed of or determined, or until he shall withdraw in accordance with applicable law,"[1] and that "[a]ll third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order."[2] Counter-defendant Carlos Gustavo Machado Gomez and third parties Elise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, Farhad Larian, Kaye Scholer LLP and Stern & Goldberg nevertheless have each taken the position that,

---

[1] Declaration of Juan Pablo Albán filed concurrently herewith ("Albán Dec."), Exh. 1 at 3, ¶¶ 1, 3 (Dec. 5, 2006 Stip. and Order for Appointment of Discovery Master).

[2] Id. at 6, ¶ 15.

1  notwithstanding the plain language of the Order, the Order does not apply to them.
2  The MGA defendants also now adopt that interpretation as well.
3       This motion is based on the accompanying Memorandum of Points and
4  Authorities, the concurrently filed declaration of Juan Pablo Albán, and all
5  pleadings and papers on file with the Court in this action.

### Statement of Local Rule 7-3 Compliance

7       Mattel conferred with each opposing counsel here on various dates beginning
8  on September 24, 2007.

10  DATED: December 13, 2007    QUINN EMANUEL URQUHART OLIVER &
                                HEDGES, LLP

12                              By /s/ Juan Pablo Albán for
13                              Jon. D. Corey
                                Attorneys for Plaintiff
14                              Mattel, Inc.

07209/2322551.4

-ii-
MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ......................................................................................................... 2

    A. The Discovery Master Order. ............................................................... 2

    B. The Discovery Disputes with Defendant Machado. ............................. 2

    C. The Discovery Disputes With MGA-Affiliated Third Parties Farhad Larian, Kaye Scholer and Stern & Goldberg. ............................ 3

    D. Discovery Disputes with MGA-Affiliated Witnesses Cloonan, Leahy and Marlow. ................................................................................ 5

ARGUMENT ............................................................................................................... 6

I. THE COURT PROPERLY APPOINTED THE DISCOVERY MASTER ........................................................................................................ 6

II. THE DISCOVERY MASTER HAS AUTHORITY TO DETERMINE ALL DISCOVERY DISPUTES. ............................................................... 7

    A. The Language of the Order Expressly Applies To Discovery Disputes At Issue. ................................................................................. 7

    B. Federal Law Supports The Applicability of the Order Here. ................ 8

    C. Machado's And The Third Parties' Consent Arguments Are Unavailing. ............................................................................................ 9

III. OBJECTIONS TO THE DISCOVERY MASTER ORDER ARE ONLY DELAY TACTICS. ................................................................................. 10

CONCLUSION ......................................................................................................... 12

07209/2322551.4

-i-

MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

In re "Agent Orange" Product Liability Litigation,
  94 F.R.D. 173 (S.D.N.Y. 1982).............................................................. 9

Galbreath v. Metro. Trust Co. of California,
  134 F.2d 569 (10th Cir. 1943)................................................................ 8

Matter of Andros Compania Maritima, S.A.,
  (March Rich & Co., A.G.) 579 F.2d 691 (2nd Cir. 1978)...................... 11

Mayo v. Dean Witter Reynolds, Inc.,
  258 F. Supp. 2d 1097 (N.D. Cal. 2003) .................................................. 8

Moore v. Rees,
  2007 WL 2955947 (E.D. Ky. 2007)........................................................ 8

United States v. Conservation Chemical Company,
  106 F.R.D. 210 (D. Mo. 1985)............................................................ 8-9

Woods v. Saturn Distribution Corp.,
  78 F.3d 424 (9th Cir. 1996)................................................................... 11

### Statutes

Federal Rules of Civil Procedure

  Rule 26(a) ............................................................................................... 6

  Rule 37..............................................................................................i, 7

  Rule 45................................................................................... 1, 4, 7, 10

  Rule 53 ................................................................................................... 8

  Rule 53(a)(1) .......................................................................................... 6

  Rule 53(c) .............................................................................................. 8

Federal Rule of Evidence 501 ..................................................................... 10

### Other Authorities

9A Wright & Miller, Federal Practice and Procedure
  § 2606 at 672 (2d ed. 1994).................................................................... 8

07209/2322551.4

-ii-

MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

On December 6, 2007, this Court issued the Discovery Master Order (the "Order"), to which Mattel, Carter Bryant and MGA had stipulated. The Order provided that the Discovery Master shall determine "[a]ny and all discovery motions and other discovery disputes in the above captioned action."[3] The Order also expressly provides that "[a]ll third parties subject to discovery requests or deposition in this litigation shall be bound by the terms" of the Order.[4]

Defendant Machado and certain third parties—almost all of whom are closely affiliated with defendants MGA and Larian—purport to reject and refuse to abide by the plain language of that Order. In doing so, they are creating numerous satellite disputes by contending that the Order does not apply to them and thus countermanding the very efficiency the Order was intended to bring to discovery matters. Their main reason for this position is apparently that they did not consent to the Order. Court Orders, of course, need no consent. Nor did this one. The operative provisions of Federal Rule of Civil Procedure 53—which is what empowered the Court to enter the Order—require no consent to the appointment of a master to handle pretrial discovery. To the contrary, as a duly entered Order, Machado and third parties are bound by it unless this Court grants them relief, which it has not done. Indeed, none of them has ever even sought such relief. Mattel respectfully requests that the Court confirm that Judge Infante shall hear and resolve all discovery disputes involving the parties and any third parties within the personal jurisdiction of the Court in these consolidated actions.

---

[3] Albán Dec., Exh. 1 at 3, ¶¶ 1, 3 (Order).
[4] Id. at 6 ¶ 15.

# Background

## A. The Discovery Master Order.

The Order appointed Judge Infante as Discovery Master and authorized him to determine "[a]ny and all discovery motions and other discovery disputes in the above captioned action . . . until all issues herein have been finally disposed of or determined, or until he shall withdraw in accordance with applicable law."[5] The Order further granted Judge Infante authority "to take evidence in connection with discovery disputes; to issue orders resolving discovery motions submitted to the Discovery Master; to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorney's fees, as provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and recommendations as appropriate."[6] Finally, the Order requires that "[a]ll third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order."[7]

## B. The Discovery Disputes with Defendant Machado.

Machado, a former Mattel employee in Mexico whom Mattel alleges stole Mattel trade secrets for his and MGA's benefit, is a party to this action. When Machado refused to appear for deposition, or to consent to production of electronic messages from accounts he used to execute the trade secret theft, Mattel sought relief from the Discovery Master.[8] Machado opposed the motion on the sole ground that the Discovery Master Order did not apply to him.[9] Mattel's motion is currently

---

[5] Id. at 3, ¶¶ 1, 3.
[6] Id. at 3-4, ¶ 4.
[7] Id. at 6, ¶ 15.
[8] Id., Exh. 8 (Mattel's Mot. to Compel Machado dated Nov. 15, 2007).
[9] Id., Exh. 9 (Machado's Opp. to Mattel's Mot. to Compel dated Nov. 26, 2007).

-2-
MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

noticed for a January 4, 2008 hearing.[10] Machado's counsel informed Mattel as recently as December 20, 2007 that Machado opposes the Discovery Master's jurisdiction to adjudicate these discovery disputes.[11]

C. **The Discovery Disputes With MGA-Affiliated Third Parties Farhad Larian, Kaye Scholer and Stern & Goldberg.**

The Discovery Master compelled MGA to produce documents related to lawsuits and arbitrations between Farhad Larian and Isaac Larian, finding that those proceedings related to the conception of Bratz.[12] MGA has disobeyed that order, to date having produced just four documents related to the Larian v. Larian proceedings to Mattel's knowledge.[13] Isaac Larian likewise has produced no documents related to these proceedings.[14] Discovery that Mattel has obtained separately confirms that the timing of the conception and early development of Bratz in late 1999 and 2000, and Isaac Larian's concealment thereof, were ***the key issues*** in those proceedings.

Specifically, on September 28, 2000, ten days after the alleged effective date of Carter Bryant's contract purporting to assign rights to Bratz to MGA, Isaac Larian convinced Farhad Larian—without telling him about Bratz—that they should have their uncle Morad Zarabi decide a fair value for MGA and have one brother sell his stock in MGA to the other.[15] Zarabi concluded that Farhad Larian should

---

[10] Id. ¶ 9. Other document discovery from Machado also remains in dispute, as Machado served objections to Mattel's first set of document requests replete with groundless, boilerplate objections. Id., Exh. 10 (Machados' Objs. to Mattel's First Set of RFPs dated October 15, 2007).
[11] Id., Exh. 4 (Dec. 10, 2007 email from Cote to Albán et al.).
[12] Id., Exh. 11 at 10-11 (May 15, 2007 Order of the Discovery Master).
[13] Id. ¶ 13.
[14] Id.
[15] Id., Exhs. 12 (Agr. to Arbitrate and Selection of Arbitrator), 13 at ¶¶ 4, 5 (Nov. 7, 2003 F. Larian Dec.).

07209/2322551.4

-3-
MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

sell his interest in MGA to Isaac Larian for $8.775 million.[16] Ernest Dutcher, whom Zarabi retained to appraise MGA, valued MGA through December 31, 1999.[17]

Farhad Larian later complained to Zarabi about his brother's concealment of Bratz during the stock sale negotiations in 2000.[18] Zarabi responded and oversaw another appraisal "based upon information [he] gathered in 2002."[19] Dutcher this time **valued MGA as of December 31, 2000** and projected a 2001 revenue growth rate of twenty-five percent (25%), more than five times higher than the 2001 growth rate he projected when valuing MGA as of December 31, 1999.[20] By Dutcher's own account, he could have projected such a large growth rate only if "hot products that came along" for MGA justified it.[21]

Unable to resolve his disputes through Zarabi, Farhad Larian sued his brother, alleging, among other things, that (i) in late 1999 or early 2000, Isaac Larian and MGA "became aware" of a new product line called "Bratz," (ii) MGA planned and executed the development of Bratz throughout 2000, and (iii) Isaac Larian concealed the plans for Bratz from Farhad Larian in order to keep the valuation of MGA artificially low.[22] As the Court is aware, these are time periods during which Bryant was a Mattel employee and are well before MGA and Bryant claim they were even introduced to one another in September 2000. On February 28, 2005, Farhad Larian also brought suit against Zarabi alleging the same

---

[16] Id., Exhs. 14 at ¶ 5 (Sep. 14, 2004 Zarabi Dec.).
[17] Id. Exh. 15 at ¶¶ 5-6 (Jan. 9, 2007 Dutcher Dec.).
[18] Id., Exh. 14 at ¶ 6 (Sep. 14, 2004 Zarabi Dec.).
[19] Id. at ¶¶ 7-8.
[20] Id., Exh. 15 at ¶¶ 8-9 and Exhs. B at p.20, C at p.20 (Jan. 9, 2005 Dutcher Dec.).
[21] Id., Exh. 16 at 18:14-19:12 (Sep. 10, 2003 Tr. of Audiotaped Meeting w/ E. Dutcher).
[22] Id., Exh. 17 at ¶¶ 13-23 (Aug. 25, 2003 Larian v. Larian Complaint).

07209/2322551.4

-4-
MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

facts about Bratz and including Zarabi as a co-conspirator.[23] The so-called "arbitrations" by Zarabi and the civil lawsuits that followed are the <u>Larian v. Larian</u> proceedings for which Mattel seeks discovery.

Mattel served <u>Rule</u> 45 subpoenas on third parties involved in the proceedings, including Farhad Larian, Kaye Scholer and Stern & Goldberg. Kaye Scholer represented Isaac Larian, and Stern & Goldberg represented Zarabi, during significant portions of those proceedings. Farhad Larian refused to produce key responsive documents, while Kaye Scholer and Stern & Goldberg refused to produce any documents.[24] Mattel thereby moved to compel production of documents from these third parties.[25] Farhad Larian, Stern & Goldberg and Kaye Scholer all contend that the Discovery Master Order does not apply to them.[26] Indeed, as recently as December 11, 2007, Kaye Scholer expressly stated that it has no intention of abiding by the Discovery Master Order, including by not filing an opposition until December 27, 2007, contrary to the terms of the Order and without attempting to agree to a schedule with Mattel.[27]

### D. **Discovery Disputes with MGA-Affiliated Witnesses Cloonan, Leahy and Marlow.**

Cloonan, Leahy and Marlow refused to confirm deposition dates in any binding way until Mattel applied *ex parte* before this Court to compel them.[28] Only

---

[23] <u>Id.</u>, Exh. 18 at ¶¶ 14-18 (Feb. 28, 2005 <u>Larian v. Zarabi</u> Complaint).
[24] <u>Id.</u>, Exhs. 19 (Dec. 5, 2007 Ltr. from Albán to Lever); 20 (Oct. 31, 2007 Ltr. from Goldberg to Albán); 21 (Nov. 21, 2007 Ltr. from Delgadillo to Albán).
[25] <u>Id.</u>, Exhs. 22 (Dec. 7, 2007 email from Alban to J. Infante attaching filings against Farhad Larian and Stern & Goldberg); 23 (Dec. 10, 2007 email from Alban to J. Infante attaching filings against Kaye Scholer).
[26] <u>Id.</u>, Exhs. 3, 6, 7 (Ltrs. indicating opposition to the Discovery Master's jurisdiction).
[27] <u>Id.</u>, Exh. 24 (Ltr. from Delgadillo to Alban).
[28] <u>Id.</u>, Exh. 25 (Mattel's Nov. 15, 2007 *Ex Parte* App.).

07209/2322551.4

-5-
MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

after the *ex parte* papers were filed did they represent that the depositions could go forward with binding deposition dates.[29] Leahy's deposition took place on December 12, 2007, while Cloonan's and Marlow's depositions are scheduled for December 14 and 28, 2007, respectively.[30] Nevertheless, discovery disputes remain with these witnesses. For example, Leahy improperly redacted entries in her business planner that she has produced and then only agreed to make a proper disclosure on the afternoon of her deposition—thus depriving Mattel of the ability to question her on those documents.

It is beyond dispute that Cloonan, Leahy and Marlow possess discoverable information. Indeed, each is a key witness and has been identified by MGA as "possess[ing] information relevant to the conception, creation, design and development of 'Bratz.'"[31] Each of these three key witnesses also have claimed during meet and confer sessions with Mattel that they dispute the Discovery Master's jurisdiction to adjudicate disputes involving them.[32]

**Argument**

## I.    THE COURT PROPERLY APPOINTED THE DISCOVERY MASTER

The District Court's Order appointed Judge Infante as Discovery Master to address pretrial discovery issues in this case. Federal Rule of Civil Procedure 53(a)(1) provides that a court may appoint a master to: "(A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact . . . or (C) address pretrial and post-trial matters that cannot be addressed effectively and timely by an available district judge or

---

[29] Id., Exh. 26 (Nov. 20, 2007 Order of the Court).
[30] Id. ¶ 28.
[31] Id., Exh. 27 at ¶¶ 4-6 (MGA's Rule 26(a) Disclosures). Mattel respectfully refers the Court to Exhibit 25 in the Albán Dec., at 7-8, for details on each of these witnesses' role in the conception, creation, design and development of Bratz.
[32] Id., Exh. 5 (Dec. 9, 2007 Ltr. from McFarland to Protctor).

07209/2322551.4

-6-
MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

magistrate judge of the district." Fed. R. Civ. P. 53(a)(1). The Court appointed the Discovery Master here to address pretrial discovery, finding that his appointment would "facilitate the fair and efficient completion of pre-trial discovery" and "minimize the burden of discovery disputes upon the Court."[33]

As a duly entered Order, it is binding on both Machado and third parties as shown below.

## II. THE DISCOVERY MASTER HAS AUTHORITY TO DETERMINE ALL DISCOVERY DISPUTES.

### A. The Language of the Order Expressly Applies To Discovery Disputes At Issue.

There is no question that the Order, by its terms, squarely mandates that the discovery disputes in this action be heard and decided by the Discovery Master, including disputes with parties such as Machado and third-parties such as Farhad Larian, Kaye Scholer and Stern & Goldberg. The Order provides that Judge Infante is authorized to determine "[a]ny and all discovery motions and other discovery disputes in the above captioned action . . . until all issues herein have been finally disposed of or determined, or until he shall withdraw in accordance with applicable law."[34] The Order further granted Judge Infante authority "to take evidence in connection with discovery disputes; to issue orders resolving discovery motions submitted to the Discovery Master; to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorney's fees, as provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and recommendations as appropriate."[35] Finally, the Order expressly requires that "[a]ll

---

[33] Id., Exh. 1 at 3.
[34] Id., Exh. 1 at 3, ¶¶ 1, 3 (Order).
[35] Id. at 3-4, ¶¶ 4.

07209/2322551.4

-7-
MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

1 | third parties subject to discovery requests or deposition in this litigation shall be
2 | bound by the terms of this Stipulation and Order."[36]
3 |       There accordingly can be no plausible dispute that the Order expressly directs discovery disputes with parties and third parties alike in this litigation be decided by the Discovery Master.

      **B.**    **Federal Law Supports The Applicability of the Order Here.**

      Machado—a party—is without question bound by the Court's orders. Moore v. Rees, 2007 WL 2955947, *3 (E.D. Ky. 2007). Indeed, it is well-settled that when a party enters a litigation, he is bound by "all prior orders and adjudications of fact and law as though he had be a party from commencement of suit." See Moore, 2007 WL 2955947, *3 (E.D. Ky. 2007) (holding intervenor would be bound by all prior orders) (citing Galbreath v. Metro. Trust Co. of California, 134 F.2d 569, 570 (10th Cir. 1943)).

      To the extent Machado wished to exempt himself from the explicit terms of the Discovery Master Order, he was required to bring a timely motion for reconsideration before this Court, and make the required showing to justify it. See Mayo v. Dean Witter Reynolds, Inc., 258 F. Supp. 2d 1097, 1103 (N.D. Cal. 2003) (once an order is entered, the judge may only modify or set it aside through a motion for reconsideration). Or, in the case of the appointment of a master, he was required to assert a timely objection to the District Court. "A party who desires to contest the propriety of a reference to a master under Rule 53 should move the *trial court* for revocation of the reference. Inaction in this regard is tantamount to acquiescence." 9A Wright & Miller, Federal Practice and Procedure § 2606 at 672 (2d ed. 1994) (emphasis added); see also United States v. Conservation Chemical Company, 106 F.R.D. 210, 227 (D. Mo. 1985) ("Where a party merely objects to a court's order,

---

[36] Id. at 6, ¶ 15.

such action does not constitute a motion" for purposes of challenged reference to a special master.). The third parties are equally bound. <u>See</u>, e.g., <u>In re "Agent Orange" Product Liability Litigation</u>, 94 F.R.D. 173, 174 (S.D.N.Y. 1982) (ordering appointment of special master to oversee pretrial discovery over objections of nonparty). <u>See</u> also <u>Fed. R. Civ. P.</u> 53(c) (master "may recommend a contempt sanction against a party and sanctions against a nonparty," suggesting that the master has authority to resolve disputes involving third parties). It would be anomalous and inefficient for the Discovery Master to handle discovery disputes between some of the parties, but to require disputes with other parties such as Machado or over subpoenas to be handled by a Magistrate Judge. Surely, that is not what the Court (or the parties) intended.

### C.  Machado's And The Third Parties' Consent Arguments Are Unavailing.

As far as Mattel can tell, Machado's and the third parties' principal excuse for their refusals to abide by the Order is that they have not expressly consented to it. The Discovery Master Order, however, binds parties such as Machado as well as third parties without necessity of their consent. <u>Rule</u> 53(a)(1)(C) expressly empowers the Court to appoint a master to handle pretrial matters. That is exactly the power the Court exercised here, finding that the Discovery Master could ensure fair and efficient pretrial discovery and minimize the burden on the Court. Nowhere does <u>Rule</u> 53(a)(1)(C) say that the Court requires the consent of the parties. To the contrary, it is plain that the relevant <u>Rule</u> does not require consent. Section (A) of <u>Rule</u> 53(a)(1) allows appointment of a master to handle *any* matter "consented to by the parties." In stark contrast, Section (C) contains no such requirement of consent, making clear that consent is not required for the appointment of a master to handle pretrial discovery matters. <u>See</u> also <u>Fed. R. Civ. P.</u> 53(a)(2) (expressly requiring consent of parties to appoint a master who has possible conflicts); Comments to 2003 Amendments to <u>Rule</u> 53 (noting only that

07209/2322551.4

-9-

MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

appointment of trial master for a jury trial—and not for a non-jury trial—would require the consent of the parties).

### III. OBJECTIONS TO THE DISCOVERY MASTER ORDER ARE ONLY DELAY TACTICS.

Prompt resolution of the proper forum for discovery disputes promotes efficiency and judicial economy. Rather than cooperate in this effort, Machado and the third parties here quarrel over forum with one purpose, to stonewall Mattel's requests and to delay discovery. These parties apparently intend to wait for the Discovery Master to rule on Mattel's discovery motions — less than a month before Phase I fact discovery ends — and only then appeal his rulings (if adverse) to the Court with a challenge to the Discovery Master's jurisdiction. Under that scenario, which would require yet another round of motion practice before the Court, the resolution of the proper forum would be resolved, at the earliest, in February, after the Phase 1 Discovery Cut-off date.

This tactic is but another of defendants' efforts to stymie Mattel's discovery efforts. Machado's delays are well documented above. Cloonan, Leahy and Marlow forced Mattel to file an *ex parte* application before consenting to binding deposition dates. Stern & Goldberg insisted that Mattel write three "meet and confer" letters before even agreeing to have a meet and confer; then during the conference asked Mattel to provide it with detailed authority as to why it should produce any documents, seemingly in an attempt to compromise; and only to refuse to produce documents.[37] In an almost verbatim recital of Stern & Goldberg's

---

[37] Id., Exhs. 7, 20, 28, 29, 30, 31, 32, 33 (Correspondence between Albán and Goldberg dated between Sep. 28, 2007 and Oct. 31, 2007). As the authority Mattel cites in Exhibit 33 shows, Stern & Goldberg clings primarily to an "arbitral privilege" that is not applicable here--such privilege under federal law (which applies here under Fed. R. of Evid. 501) applies only in subsequent proceedings where a party to an arbitration (i.e., Isaac or Farhad Larian here) challenges an
    (footnote continued)

1  excuses to refuse any meet and confer, Farhad Larian forced Mattel to request the
2  conference no less than four times before even agreeing to meet, delaying the
3  conference from Mattel's initial request on October 3, 2007 until November 20,
4  2007.[38]  Even now, Farhad Larian contends Mattel's motion to compel was
5  "premature."[39]  The correspondence cited here also makes clear that Farhad Larian
6  and Stern & Goldberg have made sure MGA and Isaac Larian have a say in their
7  Rule 45 discovery obligations.  Finally, Kaye Scholer—Isaac Larian's lawyers—
8  initially agreed to produce documents responsive to twenty-six of Mattel's thirty-
9  five requests for production by November 19, 2007, only to backtrack on the
10 representation on November 21, 2007, refusing to produce a single document.[40]
11         As is obvious, these defendants' and third parties' jousting over the
12 simple issue of who should decide discovery motions in this case—in the face of the
13 clear terms of the Discovery Master Order—only serves to magnify cost, cause
14 delay and prejudice Mattel.  The Court should put an end to their burgeoning
15 satellite litigation over the Discovery Master Order and reject their objections to the
16 Discovery Master's authority.

---

arbitrator's decisions.  Matter of Andros Compania Maritima, S.A. (March Rich & Co., A.G.), 579 F.2d 691, 702 (2nd Cir. 1978); Woods v. Saturn Distribution Corp., 78 F.3d 424, 430 (9th Cir. 1996) (citing Andros).
[38] Id., Exh. 34 (Ltr. from Albán to Lever dated Dec. 10, 2007).
[39] Id., Exh. 35 (Dec. 7, 2007 Ltr. from Lever to Albán).
[40] Id., Exhs. 36 (Nov. 21, 2007 Ltr. from Albán to Delgadillo); 21 (Nov. 21, 2007 Ltr. from Delgadillo to Albán).

07209/2322551.4

-11-
MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant its Motion in its entirety and rule that the Stipulation and Order for Appointment Of A Discovery Master Order applies to all discovery disputes between a party or parties and all third parties within the personal jurisdiction of the Court.

DATED: December 13, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Jon D. Corey
Attorneys for Mattel, Inc.

07209/2322551.4

-12-

MATTEL'S MOTION FOR ORDER RE APPLICABILITY OF DISCOVERY MASTER STIP.