1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                 UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13       Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14       vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | **DECLARATION OF JUAN PABLO** |
| 16       Defendant. | **ALBAN IN SUPPORT OF MATTEL,<br>INC.'S MOTION FOR ORDER** |
| 17 | **CONFIRMING THAT THE<br>DISCOVERY MASTER HEARS** |
| 18  AND CONSOLIDATED ACTIONS | **AND RESOLVES ALL<br>DISCOVERY DISPUTES,** |
| 19 | **INCLUDING THOSE WITH THIRD<br>PARTIES** |
| 20 | |
| 21 | Date:   January 7, 2007 |
| 22 | Time:   10 a.m.<br>Place:  Courtroom 1 |
| 23 | |
| 24 | **Phase I**<br>Discovery Cut-Off:     January 28, 2008 |
| 25 | Pre-Trial Conference: May 5, 2008<br>Trial Date:             May 27, 2008 |

26

27

28

07209/2324131.1

ALBAN DECLARATION ISO MATTEL'S MOTION RE DISCOVERY MASTER STIP.

## DECLARATION OF JUAN PABLO ALBÁN

I, Juan Pablo Albán, declare as follows:

1.     I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached as Exhibit 1 is a true and correct copy of the Stipulation and Order for Appointment of A Discovery Master in this action, dated December 5, 2007.

3.     Attached as Exhibit 2 is a true and correct copy of a letter dated December 7, 2007, from B. Dylan Proctor of Quinn Emanuel to Thomas Nolan, and Amy Park of Skadden Arps et al.; Larry McFarland of Keats McFarland & Wilson LLP; Bryant Delgadillo of Kaye Scholer LLP; John Trinidad of Keker & Van Nest, LLP; Alexander Cote of Overland Borenstein et al., LLP; Alan N. Goldberg of Stern & Goldberg; and Alisa Morgenthaler-Lever of Christensen Glaser et al., dated December 7, 2007).  In response to this letter, Jon D. Corey, partner at Quinn Emanuel, received an email from Amy Park of Skadden Arps on December 10, 2007, attached hereto as Exhibit 37, stating that MGA and Isaac Larian opposed Mattel, Inc.'s contemplated *ex parte* application for order confirming that the Discovery Master hears all discovery disputes, including those with third parties.

4.     Attached as Exhibit 3 is a true and correct copy of  a letter form Mr. Delgadillo to me dated September  27, 2007.

5.     Attached as Exhibit 4 is a true and correct copy of an email from Mr. Cote to and others dated December 10, 2007.

6.     Attached as Exhibit 5 is a true and correct copy of  a letter from Mr. McFarland to Mr. Proctor dated December 9, 2007.

7.     Attached as Exhibit 6 is a true and correct copy of a letter from Ms. Lever to me dated December 12, 2007.

07209/2321401.1

-2-

ALBAN DECLARATION ISO MATTEL'S MOTION RE DISCOVERY MASTER STIP..

1          8.     Attached as Exhibit 7 is a true and correct copy of a letter from

2  Mr. Goldberg to me dated October 2, 2007.

3          9.     Attached as Exhibit 8 is a true and correct copy of Mattel's

4  November 15, 2007 Notice of Motion and Motion to Compel the deposition of

5  Carlos Gustavo Machado Gomez and Consent To Production of Electronic

6  Messages.  Mattel's motion is currently noticed for a January 4, 2008 hearing.

7          10.    Attached as Exhibit 9 is a true and correct copy of Mr.

8  Machado's November 26, 2007 Opposition to Mattel's Motion to Compel the

9  deposition of Carlos Gustavo Machado Gomez and Consent To Production of

10  Electronic Messages.

11         11.    Attached as Exhibit 10 is a true and correct copy of Machados'

12  Objs. to Mattel's First Set of RFPs dated October 15, 2007.

13         12.    Attached as Exhibit 11 is a true and correct copy of the

14  Discovery Master's Order Granting Mattel's Motion to Compel Production of

15  Documents and Interrogatory Responses By MGA.

16         13.    Since October 1, 2007, MGA has produced to Mattel more than

17  two million pages of documents, which Quinn Emanuel is in the process of

18  diligently reviewing.  I consulted with attorneys coordinating the review of MGA's

19  documents and requested that, by using different key word searches, including some

20  which I suggested, they search for any and all documents MGA produced related to

21  the Larian v. Larian proceedings.  As of December 4, 2007, Quinn Emanuel had

22  identified four such documents: a September 15, 2003 letter and three documents

23  related to payments to Morad Zarabi.  MGA's production, then, does not appear to

24  include documents critical to those proceedings, such as the "raw data" MGA

25  provided to Mr. Zarabi and/or Ernest Dutcher for purposes of appraisals of MGA

26  conducted in 2000, and then again 2003 and 2004 after Farhad Larian alleged that

27  Isaac Larian had concealed the conception and development Bratz for the 2000

28  appraisals.  It appears that MGA has not complied with its discovery obligations

07209/2324131.1

-3-

ALBAN DECLARATION ISO MATTEL'S MOTION RE DISCOVERY MASTER STIP..

1  with respect to <u>Larian v. Larian</u> proceedings despite the Court's May 15, 2007 order

2  to do so.  Mattel has separately approached MGA about this.  Isaac Larian has not

3  produced any documents in this action, including documents related to the <u>Larian v.</u>

4  <u>Larian</u> proceedings.

5          14.    Attached as Exhibit 12 is a true and correct copy of an

6  Agreement to Arbitrate and Selection of Arbitrators dated September 28, 2000

7  among Isaac Larian, Farhad Larian and Morad Zarabi.

8          15.    Attached as Exhibit 13 is a true and correct copy of a

9  November 7, 2003 Declaration of Farhad Larian.

10         16.    Attached as Exhibit 14 is a true and correct copy of a September

11 14, 2004 declaration of Morad Zarabi.

12         17.    Attached as Exhibit 15 is a true and correct copy of a January 9,

13 2007 Declaration of Ernest Dutcher.

14         18.    Attached as Exhibit 16 is a true and correct copy of a Certified

15 Copy of a Transcript of Audiotaped Meeting With Ernest Dutcher, Appraiser, dated

16 September 10, 2003.

17         19.    Attached as Exhibit 17 is a true and correct copy of the

18 Complaint in <u>Larian v. Larian</u>, Los Angeles Superior Court Case No. BC301371,

19 dated August 25, 2003.

20         20.    Attached as Exhibit 18  is a true and correct copy of the

21 Complaint in Larian v. Zarabi et al., Los Angeles Superior Court Case No.

22 BC329501, dated February  28, 2005.

23         21.    Attached as Exhibit 19 is a true and correct copy of a letter from

24 me to Ms. Lever dated December 5, 2007.

25         22.    Attached as Exhibit 20 is a true and correct copy of a letter from

26 Mr. Goldberg to me dated October 31, 2007.

27         23.    Attached as Exhibit 21 is a true and correct copy of a letter from

28 Mr. Delgadillo to me dated November 21, 2007.

1         24.    Attached as Exhibit 22 is a true and correct copy of a December

2   7, 2007 email from me to Judge Infante via Sandra Chan, attaching motions to

3   compel and supporting documents against Farhad Larian and Stern & Goldberg

4   (attachments not included).

5         25.    Attached as Exhibit 23 is a true and correct copy of a December

6   10, 2007 email from me to Judge Infante via Sandra Chan, attaching motions to

7   compel and supporting documents against Kaye Scholer LLP (attachments not

8   included).

9         26.    Attached as Exhibit 24 is a true and correct copy of a letter from

10  Mr. Delgadillo to me dated December 11, 2007.

11        27.    Attached as Exhibit 25 is a true and correct copy of Mattel's *Ex*

12  *Parte* Application to (1) Compel Depositions of Elise Cloonan, Margaret Hatch-

13  Leahy, and Veronica Marlow or (2) In The Alternative, Modify The Scheduling

14  Order, dated November 15, 2007.  I am informed

15        28.    Attached as Exhibit 26 is a true and correct copy of this Court's

16  Order Re Ex Parte Application; Order re Designation of Lead Counsel, dated

17  November 20, 2007.  I am informed that Ms. Leahy's deposition took place on

18  December 12, 2007, while Ms. Cloonan's and Ms. Marlow's depositions are

19  scheduled for December 14 and 28, 2007, respectively.

20        29.    Attached as Exhibit 27 is a true and correct copy of MGA's <u>Rule</u>

21  <u>26(a)</u> Disclosures dated January 6, 2005.

22        30.    Attached as Exhibit 28 is a true and correct copy of a letter from

23  me to Mr. Goldberg dated September 28, 2007.

24        31.    Attached as Exhibit 29 is a true and correct copy of a letter from

25  me to Mr. Goldberg dated October 3, 2007.

26        32.    Attached as Exhibit 30 is a true and correct copy of a letter from

27  Mr. Goldberg to me dated October 8, 2007.

28

-5-

1         33.    Attached as Exhibit 31 is a true and correct copy of a letter from

2  me to Mr. Goldberg dated October 10, 2007.

3         34.    Attached as Exhibit 32 is a true and correct copy of a letter from

4  Mr. Goldberg to me dated October 16, 2007.

5         35.    Attached as Exhibit 33 is a true and correct copy of a letter from

6  me to Mr. Goldberg dated October 25, 2007.

7         36.    Attached as Exhibit 34 is a true and correct copy of a letter from

8  me to Ms. Lever dated December 10, 2007.

9         37.    Attached as Exhibit 35 is a true and correct copy of a letter from

10  Ms. Lever to me dated December 7, 2007.

11         38.    Attached as Exhibit 36 is a true and correct copy of a letter from

12  me to Mr. Delgadillo dated November 21, 2007.

13

14      I declare under penalty of perjury under the laws of the United States of

15  America that the foregoing is true and correct.

16      Executed on December 13, 2007, at Los Angeles, California.

17

18                                   _____

19                              Juan Pablo Albán

20

21

22

23

24

25

26

27

28

ALBAN DECLARATION ISO MATTEL'S MOTION RE DISCOVERY MASTER STIP..

**Exhibit 1**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemnauel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
6   Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100
7
8   Attorneys for Mattel, Inc.

    [Additional counsel listed on following page]
9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,        )   Case No. CV 04-09049 SGL (RNBx)
                                         )
13                  Plaintiff,           )   Consolidated with
                                         )   Case No. CV 04-09059
14      v.                               )   Case No. CV 05-02727
                                         )
15  MATTEL, INC., a Delaware             )   STIPULATION FOR APPOINTMENT
    corporation,                         )   OF A DISCOVERY MASTER; AND
16                                       )
                    Defendant.           )   [PROPOSED] ORDER
17                                       )
                                         )   Discovery Cutoff Date:  Not Set
18                                           Trial Date:  Not Set

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
   Robert F. Millman (Bar No. 062152)
   Douglas A. Wickham (Bar No. 127268)
   Keith A. Jacoby (Bar No. 150233)
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Telephone: (310) 553-0308
Facsimile: (310) 553-5583

Attorneys for Carter Bryant

O'MELVENY & MYERS LLP
   Diana M. Torres (Bar No. 162284)
400 S. Hope Street
Los Angeles, California 90017
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

O'MELVENY & MYERS LLP
   Dale Cendali
Times Square Tower
7 Times Square
New York, NY 10036

CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
   Patricia Glaser (Bar No. 55668)
10250 Constellation Boulevard - 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for MGA Entertainment, Inc.

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1    WHEREAS, the parties are in agreement that a discovery master should be

2  appointed in this matter to resolve any discovery disputes and to minimize the

3  burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante

5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-

7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,

8  Inc., by and through their respective counsel of record, hereby stipulate and agree as

9  follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-

11  effective discovery and to minimize the burden of discovery disputes upon the

12  Court.  Any and all discovery motions and other discovery disputes in the above

13  captioned action shall be decided by a master ("Discovery Master") pursuant to

14  Federal Rule of Civil Procedure 53.  Any motions currently pending before

15  Magistrate Judge Block shall be transferred to the Discovery Master.  The moving

16  party shall provide to the Discovery Master all papers associated with each pending

17  motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His

19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA

20  94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein

22  have been finally disposed of or determined, or until he shall withdraw in

23  accordance with applicable law.  If at any time he becomes unable to serve as the

24  Discovery Master, the parties shall confer to present an alternative agreed-upon

25  designee to the Court.  In the event that the parties cannot agree to an alternate

26  designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and

28  place for all hearings determined by the Discovery Master to be necessary; to

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

-3-

1   preside over hearings (whether telephonic or in-person); to take evidence in
2   connection with discovery disputes; to issue orders resolving discovery motions
3   submitted to the Discovery Master; to conduct telephonic conferences to resolve
4   discovery disputes arising during depositions; to issue orders awarding non-
5   contempt sanctions, including, without limitation, the award of attorney's fees, as
6   provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7   recommendations, as appropriate.

8          5.     All discovery disputes shall be resolved by motion (except those arising
9   during a deposition which the Discovery Master determines can be resolved by
10  telephonic conference during the deposition).  The moving party shall first identify
11  each dispute, state the relief sought, and identify the authority supporting the
12  requested relief in a meet and confer letter that shall be served on all parties by
13  facsimile or electronic mail.  The parties shall have five court days from the date of
14  service of that letter to conduct an in-person conference to attempt to resolve the
15  dispute.  If the dispute has not been resolved within five court days after such
16  service, the moving party may seek relief from the Discovery Master by formal
17  motion or letter brief, at the moving party's option.  The opposing party shall have
18  five court days from the date of service of the motion or letter brief to submit a
19  formal opposition or response.  Any reply brief or letter brief shall be served within
20  three court days from the date of service of a formal opposition or response.  The
21  hearing on the motion shall take place within five court days of the service of any
22  reply brief or letter unless (a) the parties agree to another hearing date or agree that
23  no hearing is necessary; (b) the Discovery Master determines that no hearing is
24  necessary; or (c) the Discovery Master is not available, in which case the hearing
25  shall take place on the Discovery Master's first available date.  The foregoing shall
26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28  dispute upon shortened time upon a showing of good cause why a party would be

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  prejudiced absent prompt resolution. Service of any document by fax or electronic

2  mail prior to 6:00 p.m. shall constitute service on that day.

3       6.     The Discovery Master's orders resolving discovery disputes, reports, or

4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5  Magistrate Judge of the United States District Court. The Discovery Master shall

6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7  the parties within five court days of his/her decision on a matter.

8       7.     A court reporter shall transcribe any hearing or other proceeding before

9  the Discovery Master.

10      8.     The cost of any proceeding before the Discovery Master, including the

11 fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12 other proceedings before the Discovery Master, and the fees of any other person

13 necessary to the efficient administration of the proceeding before the Discovery

14 Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15 Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16 the Discovery Master Orders otherwise. By agreeing to share costs among the

17 parties, no party waives its right to seek recovery or reimbursement for such costs

18 from any other party.

19      9.     The Discovery Master shall be compensated according to his regular

20 hourly rate of $750.

21      10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22 Master shall proceed with all reasonable diligence.

23      11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25 aware that he has a relationship to the parties, to counsel, to the action, or to the

26 Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27 based thereon the parties expressly waive any ground for disqualification disclosed

28 therein of Hon. Edward A. Infante to serve as master in these proceedings.

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

EXHIBIT __/__ PAGE 11

1    12.    The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

2    13.    The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master. These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

3    14.    The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

4    15.    All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 22, 2006

O'MELVENY & MYERS LLP

By: _____
Diana Torres
Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006

LITTLER MENDELSON

By: _____
Douglas A. Wickham
Attorneys for Carter Bryant

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

**EXHIBIT _1_ PAGE 12**

1   Dated: November __, 2006               QUINN EMANUEL URQUHART
                                           OLIVER & HEDGES, LLP
2

3                                          By: _Jon D Corey_____
4                                              Jon D. Corey
                                               Attorneys for Mattel, Inc.
5

6                                  **ORDER**

7        The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED *as modified.*

9

10  Dated: __12-6-06.__                    _S G Larson_____
                                           Hon. Stephen G. Larson
11                                         United States District Court Judge
12

13

14                 **CONSENT OF DISCOVERY MASTER**

15       If appointed by the Court, I, the undersigned, consent to serve as Discovery

16  Master in the above referenced proceeding consistent with this Order.

17

18  Dated: __12-5-06__                     _Edward A Infante_____
                                           Hon. Edward A. Infante (Ret.)
19

20

21

22

23

24

25

26

27

28

                                 - 7 -

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

Keith A. Jacoby, Esq.                     Diana M. Torres, Esq.
Douglas Wickham, Esq.                    O'Melveny & Meyers
Littler Mendelson                         400 S. Hope Street
A Professional Corporation                Los Angeles, CA 90071
2049 Century Park East, 5th Floor         Phone: 213-430-6000
Los Angeles, California 90067-3107        Fax: 213-430-6407
Phone: 310-553-0308
Fax: 310-553-5583

[ ]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Cheri Hatch_                             _____
Print Name                                Signature

EXHIBIT ___ PAGE 14

**Exhibit 2**

December 7, 2007

**VIA EMAIL & FACSIMILE**

Thomas Nolan, Esq.
Skadden Arps, Slate, Meagher and Flom LLP
300 South Grand Avenue, Ste. 3400
Los Angeles, CA 90071

Amy Park, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Larry McFarland, Esq.
Keats McFarland & Wilson LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, CA 90212

Bryant Delgadillo, Esq.
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067-6048

John Trinidad, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

Alexander Cote, Esq.
Overland Borenstein Scheper & Kim, LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

Alan N. Goldberg
Stern & Goldberg
6345 Balboa Boulevard, Suite 200
Encino, California 91316

Alisa Morgenthaler-Lever
Christensen, Glaser, Fink, Jacobs, Weil &
Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:    Mattel, Inc. adv. MGA Entertainment

Dear Counsel:

I am writing to notify you that Mattel intends to file an *ex parte* application with Judge Larson to address the various contentions in this action that Judge Infante lacks authority to decide certain discovery disputes.

**EXHIBIT  2   PAGE 15**

Judge Larson appointed Judge Infante to act as a discovery master and to hear all discovery disputes related to this action. As paragraph 1 of the "So Ordered" Stipulation For Appointment of a Discovery Master expressly states, "[a]ny and all discovery motions and other discovery disputes in the above captioned action shall be decided by a master ('Discovery Master') pursuant to Federal Rule of Civil Procedure 53." We have provided a copy of this Order to each of you.

We will attempt to speak to each of you to discuss our application further, including to determine whether your respective client(s) will persist in their arguments that Judge Larson's Order does not apply to them and/or will oppose the application. If you do, then we will ask Judge Larson to overrule your various objections and re-affirm his Order with respect to each of you that all discovery motions and disputes involving any and all parties to this action as well as any and all third parties who are subject to personal jurisdiction in this District shall be heard and decided by Judge Infante.

If we are unable to connect with you, and unless you advise us otherwise, we will inform the Court that your client(s) oppose the application.

Very truly yours,


/s/  B. Dylan Proctor


07209/2295312.1

2

EXHIBIT _2_ PAGE 16

Exhibit  3

RECEIVED

SEP 2 6 2007

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
310 788-1000
Fax 310 788-1200
www.kayescholer.com

Bryant S. Delgadillo
310 788-1341
Fax 310 788-1200
bdelgadillo@kayescholer.com

September 27, 2007

## VIA FACSIMILE AND U.S. MAIL

Juan Pablo Alban
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   **Mattel v. Bryant, et al. Case No.: CV 04-9049-SGL(RNBx)**

Dear Mr. Alban:

We are in receipt of your letter of September 24, 2007 regarding Kaye Scholer's objections to the subpoenas served by Mattel, Inc. ("Mattel") in the above captioned case. We look forward to meeting and conferring with you about these objections. Please be advised, however, I am unavailable to meet until the week of October 1, 2007. Please let me know your availability that week.

While we plan to address each and every topic you raised in your letter during the meet and confer, there are a few points we need to address now. First, in your letter you repeatedly refer to the "Order Appointing a Discovery Master" and the "Discovery Master Order," as well as certain discovery rulings apparently made by the Discovery Master in the above-captioned case. As a nonparty, Kaye Scholer does not believe it is not bound by these orders and rulings. More importantly, Kaye Scholer cannot evaluate your demands (such as your contention that the parties must meet and confer within five days) until it has reviewed these orders and/or rulings. Please provide a copy of the orders and/or ruling you believe are applicable prior to our meet and confer.

Second, contrary to your assertion, discovery of a nonparty under FRCP, Rule 45 is not equivalent to discovery of parties under FRCP, Rule 34. Rather, the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protections from the courts. *See United States v. C.B.S.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party . . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate
23230072.DOC

EXHIBIT _3_ PAGE 17

# KAYE SCHOLER LLP

Juan Pablo Alban
September 27, 2007
Page 2

discovery costs on the demanding or producing party."). Thus, in light of the Ninth Circuit's stance on unnecessarily burdening nonparties with discovery requests, in combination with the express language of FRCP, Rule 45(c)(1) ("A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena"), it is incumbent upon Mattel to limit the scope of these requests so as not to place an undue burden upon Kaye Scholer. This is particularly true when the subpoenaing party can more easily and inexpensively obtain the documents from a party rather than from a nonparty. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (*citing Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980)).

Third, as I am sure you are aware, the vast majority of the documents which you are seeking from Kaye Scholer's files are protected from disclosure by multiple privileges, including but not limited to the attorney-client privilege and the attorney work product privilege. Kaye Scholer represented Mr. Larian in litigation which spanned numerous years. Over the course of those years, that representation generated a tremendous amount of documents (over 50 banker's boxes). To force a creation of a document-by-document privilege log in such a situation would be unreasonable and unduly burdensome. *See In re Imperial Corporation of America*, 174 F.R.D. 475, 479 (S.D. Cal. 1997). Thus, your contention that Kaye Scholer must create a privilege log in this case is objectionable.

Lastly, many of the documents which you are seeking from Kaye Scholer's files are covered by various protective orders entered in other cases. To the extent there are any relevant, non-privileged documents in Kaye Scholer's files, Kaye Scholer may be prohibited from disclosing those documents absent an appropriate court order and/or consent from the parties.

I look forward to discussing these matters with you next week.

Sincerely yours,

Bryant S. Delgadillo

BSD:vjh

23230072.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

EXHIBIT 3   PAGE 18

**Exhibit 4**

**Juan Pablo Alban**

| | |
|---|---|
| **From:** | Alexander Cote [acote@obsklaw.com] |
| **Sent:** | Monday, December 10, 2007 11:12 AM |
| **To:** | Juan Pablo Alban; tnolan@skadden.com; apark@skadden.com; Bryant Delgadillo; Alisa Morgenthaler Lever; Alan N. Goldberg; lmcfarland@kmwlaw.com; jtrinidad@kvn.com |
| **Cc:** | Jon Corey; Michael T Zeller; Dylan Proctor; Mark Overland |
| **Subject:** | RE: Correspondence |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Counsel,

   Mr. Machado will oppose Mattel's proposed ex parte motion.  Moreover, because Mattel has been on notice of Mr. Machado's position regarding Judge Infante's jurisdiction for more than a month, and because the matter has been fully briefed before Judge Infante already, Mr. Machado may seek sanctions for Mattel's improper use of the ex parte process.

   Thank you,

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3101
(t) 213-613-4660
(f) 213-613-4656

---

**From:** Juan Pablo Alban [mailto:juanpabloalban@quinnemanuel.com]
**Sent:** Friday, December 07, 2007 8:24 PM
**To:** tnolan@skadden.com; apark@skadden.com; Bryant Delgadillo; Alisa Morgenthaler Lever; Alan N. Goldberg; lmcfarland@kmwlaw.com; jtrinidad@kvn.com; Alexander Cote
**Cc:** Jon Corey; Michael T Zeller; Dylan Proctor
**Subject:** Correspondence

Counsel,

Please see the attached letter.


Juan Pablo Alban
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3624
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  juanpabloalban@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT 4 PAGE 19

12/11/2007

EXHIBIT 4  PAGE 20

Exhibit  5

# KEATS McFARLAND & WILSON LLP

## ATTORNEYS AT LAW

TEL (310) 248-3830
FAX (310) 860-0363

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212

www.kmwlaw.com

December 9, 2007

WRITER'S DIRECT DIAL
(310) 777-3750

WRITER'S EMAIL
lmcfarland@kmwlaw.com

<u>VIA E-MAIL AND U.S. MAIL</u>

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

     Re:   <u>Mattel v. Bryant</u>

Dear Dylan:

     This responds to your December 7, 2007 letter, which we received at approximately 8:24 p.m. that Friday, in which you state your intent to file an *ex parte* application seeking an order requiring all third parties to be bound by Judge Larson's Order granting the Stipulation for Appointment of a Discovery Master (the "Stipulation"). We oppose this motion on the merits, and in addition, on the grounds that it is improper to bring this motion on an *ex parte* basis.

     With respect to the merits, I confirmed our position that Magistrate Judge Block should decide any and all discovery disputes related to our third party clients in our Opposition to Mattel's Ex Parte Application to Compel Depositions filed on November 16, 2007, and prior to that was meeting and conferring with Ms. Wines starting in September 2007 with respect to this issue. As you know, none of our clients has ever consented to the jurisdiction of Judge Infante nor have any of them ever agreed to pay one-half of Judge Infante's fees. My position on this issue remains unchanged and I will, therefore, oppose your *ex parte* application.

     In addition, it is improper for you to bring this motion on an *ex parte* basis. As you know, "[e]x parte motions are rarely justified," *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 490 (C.D. Cal. 1995), and, as the Court's Standing Order makes clear, "are solely for extraordinary relief." Standing Order at 5, citing *Mission Power*, 883 F.Supp. at 488. Moreover, because of the urgency that attends *ex parte* applications, courts hold such requests and those who file them to a greater scrutiny than in the case of regularly filed motions. *See Mission Power*, 883 F.Supp. at 492 ("Lawyers must understand that filing an ex parte motion ... is the forensic equivalent of standing in a crowded theatre and shouting, 'Fire!' There had better be a fire."). This Court has held that *ex parte* relief is warranted where the movant establishes that (1) the movant will suffer irreparable prejudice absent the requested relief, and (2) "the

EXHIBIT 5 PAGE 21

moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. ... For example merely showing that trial is fast approaching and that the opposing party still has not answered interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period." *Id.* at 493. Without limitation, given that I have been clearly informing you in writing of my position with respect to the Stipulation since at least November 16, there is no reason that you could not have brought this matter as a regularly noticed motion.

Unfortunately, I can only conclude that your decision to file an *ex parte* application is an attempt to obtain a strategic advantage. As you know, one of the main reasons that *ex parte* motions are so disfavored is that it puts the non-moving party at a severe disadvantage. Mattel, as the moving party, has had unlimited time to prepare its application, whereas we will have only 24 hours to oppose. Given the long time period with respect to which we have been arguing about this issue, your notice at 8:24 p.m. on Friday night that you will be bringing this matter *ex parte* is a violation of the federal and local rules, and I strongly urge you to reconsider and to instead bring this matter as a regularly noticed motion.

Very truly yours,

*Larry McFarland* MK

Larry W. McFarland
Keats McFarland & Wilson LLP

cc:  Thomas J. Nolan
     Michael Page

EXHIBIT 5   PAGE 22

** TOTAL PAGE.03 **

# KEATS McFARLAND & WILSON LLP

### ATTORNEYS AT LAW

9720 WILSHIRE BOULEVARD
PENTHOUSE SUITE
BEVERLY HILLS, CALIFORNIA 90212
TELEPHONE (310) 248-3830
FAX (310) 860-0363

## FACSIMILE TRANSMITTAL SHEET

| To: | Dylan Proctor, Esq. | From: | Larry W. McFarland, Esq. |
|---|---|---|---|
| Company: | Quinn Emanuel Urquhart Oliver & Hedges, LLP | Date: | 12/10/2007 |
| Fax No.: | 213-443-3100 | Pages: | 3 |
| Phone No.: | 213-443-3000 | Ref No.: | 10595.1 |
| Re: | Mattel v. Bryant | | |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached correspondence.

PRIVACY NOTICE

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us at the above address via the U.S. Postal Service. Thank you.

EXHIBIT 5 PAGE 23

Exhibit 6

LAW OFFICES

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7852
EMAIL: sgizer@chrisglase.com

December 12, 2007

MERITAS LAW FIRMS WORLDWIDE

**VIA FACSIMILE AND U.S. MAIL**

Juan Pablo Alban, Esq.
QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

> Re:   Subpoena to Non-Party Farhad Larian
> Carter Bryant v. Mattel, Inc. (and consolidated cases)
> Case No. CV 04-9049 SGL (RNBx)

Dear Juan Pablo:

We received your December 10, 2007 letter. Your letter again contains factual misrepresentations regarding our meet and confer discussions and the substance of Farhad Larian's production to date.

First, Farhad Larian has not agreed that Judge Infante needs to resolve any issue relating to Mattel's subpoena. In fact, we informed you in our October 9, 2007 letter, and again during our November 20, 2007 conference call, that we contend Judge Infante does not have jurisdiction to hear Mattel's Motion to Compel.

Second, as you are aware, we asked that any meet and confer discussions regarding Mattel's subpoena be put off until November because we needed to review the documents in Mr. Larian's possession first. We informed you that Mr. Larian had family issues to deal with and would not be able to compile possible responsive documents until November 1, 2007. Judge Larsen then implemented a discovery stay, which delayed our discussions further. We then meet and conferred on November 20 and 27, 2007, but regardless of the amount of time spent, we still had outstanding issues that needed to be discussed further. You had postponed discussions on multiple requests and we stated we needed to get back to you on others. It is for this reason, you proposed another meet and confer session.

Third, Requests Nos. 1 and 2 are substantively different from Requests Nos. 4 and 16 for the reasons outlined in my December 6, 2007 letter. We agreed to limit Requests Nos. 1 and 2 to those issues that are relevant to the Mattel v. Bryant litigation (matters that relate to Bratz, including its origin, Carter Bryant or Mattel). Amazingly, you claim this is too narrow a scope even though this is precisely the scope of documents you claim to be seeking in your motion to

612419

EXHIBIT 6 PAGE 24

Juan Pablo Alban, Esq.
December 12, 2007
Page 2

compel ("As the Discovery Master already ruled, the Larian v. Larian proceedings are relevant to this action. The conception and early development of Bratz, and Isaac Larian's efforts to conceal as much, were at the heart of [the Larian v. Larian] proceedings and of the present action." Motion to Compel, 14:6-9). Accordingly, there is no justification for your refusal to limit these requests to the very purposes you claim they were intended.

Further, Request No. 2 does seek documents related to any dispute between Isaac and Farhad regardless of whether it was in connection with a legal proceeding. Such a broad request could include any argument between two brothers. Request No. 2 seeks, "All DOCUMENTS …created, reviewed, transmitted or received by YOU in connection with any lawsuit or arbitration proceedings…or any other dispute between YOU and ISAAC LARIAN." Thus, this Request is overbroad, harassing and burdensome. If this request was intended to be limited to legal proceedings only, please state so.

Fourth, regarding the Dutcher Declaration, and other documents also marked "ED" or "MZ," we cannot produce these documents because we are bound by a protective order. If we were to produce these documents, we would be violating a court order and we will not voluntarily violate a court order. However, as we have previously stated, we are more than willing to produce these documents if you are able to amend the protective order to include Mattel. To the extent any of these documents are publicly available, then there is no issue because you are free to obtain them yourselves (and it appears that you have already done so). To continue to demand that we produce documents that you already have, even though they are marked "ED" under the protective order, is nothing less than harassment.

Fifth, as to Request No. 9, we stated during our conference calls that Farhad Larian was still looking for outlook calendar entries and he did not have a Franklin Planner. We stated that we would get back to you once Mr. Larian completed his search. Mr. Larian later found outlook entries for the responsive time period and we produced them in the supplemental production. This is further evidence that your motion is premature. Had you reviewed the supplemental production before filing your motion to compel, you would have seen that Mr. Larian responded to Request No. 9.

Sixth, for Request No. 25, I do not understood how you can claim that we first raised our misunderstanding of the scope of this Request in my December 6, 2007 letter. You acknowledge in your December 5, 2007 letter that we "misunderstood the scope of the request" and that "Mattel clarified that the request was narrow, limited to documents that refer or relate to this action." After receiving this clarification, we confirmed that we do not have any responsive documents.

Lastly, your claim that further meet and confers would have been "nonsensical" is belied by this very exchange of correspondence. It is evident that the issues we have are far narrower than your motion suggests. The purpose of meet and confer discussions is too resolve as many disputes as possible before filing a motion so the motion is narrowly tailored to discovery requests that are actually in dispute. But, many of your justifications for Mattel's documents requests made their first appearance in your motion rather than in our meet and confer

**EXHIBIT 6 PAGE 25**

Juan Pablo Alban, Esq.
December 12, 2007
Page 3

discussions. Thus, you seem to take the position that a motion should be filed as soon as possible, and the parties should then clarify or narrow the scope of the motion after the fact. Your actions are in violation of the local rules and are in bad faith.

In order to have meaningful meet and confer discussions, Farhad Larian looked for documents responsive to all of Mattel's requests even though they are, among other things, overbroad, burdensome, irrelevant and harassing. Mattel has circumvented the meet and confer process, and instead, filed a premature motion to compel. If Mattel does not withdraw its motion, we will seek sanctions.

As for Farhad Larian's deposition, we will get back to you with alternate dates since you believe a December 17, 2007 deposition date is premature. We will also be serving Farhad Larian's supplemental response to Mattel's subpoena today along with another group of documents responsive to Requests Nos. 17-19. These documents are all the responsive documents (to Requests Nos. 17-19) in Farhad Larian's possession that are not privileged or covered by the protective order.

Very truly yours,

Scott E. Gizer
for CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP

SEG

cc:   Patricia L. Glaser, Esq.
      Alisa Morgenthaler Lever, Esq.
      Amy Park, Esq. (via facsimile)
      Jose Allen, Esq. (via facsimile)

612419

EXHIBIT _6_ PAGE 26

**Exhibit 7**

CALENDARED

OCT 0 5 2007

# STERN & GOLDBERG

ELLIS STERN•†
ALAN N. GOLDBERG•
KIEN C. TIET

°CERTIFIED SPECIALIST,
TAXATION LAW
†CERTIFIED SPECIALIST,
PROBATE, ESTATE PLANNING
AND TRUST LAW
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

ATTORNEYS AT LAW

6345 BALBOA BOULEVARD

SUITE 200

ENCINO, CALIFORNIA 91316

(818) 758-3940

(310) 278-8686

JUSTIN J. LANSBERG
LAWRENCE W. HAIT
OF COUNSEL

FAX (818) 758-3950

E-MAIL: estern@sgattys.com
agoldberg@sgattys.com
ktiet@sgattys.com
jlansberg@sgattys.com

October 2, 2007

**Via Facsimile and U.S. Mail**
(213) 624-0643

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: Mattel, Inc. - Carter Bryant
U.S.D.C. Case No. CV04-9049 SGL (RNBx)

Dear Mr. Alban:

This letter is to acknowledge receipt of your letter of September 28, 2007, regarding the Subpoena in a Civil Case ("Subpoena" herein), served by your office upon Stern & Goldberg, in the above-entitled action.

Initially, I disagree with the entire contents of your letter. First and foremost, it is factually inaccurate. Second, it fails to even address a number of the points raised in my letter to Mr. Zeller, dated September 17, 2007. Third, it completely ignores the Local Rules of the United States District Court for the Central District of California ("Local Rule" herein), as to your firm's obligations to attempt to meet and confer with respect to this matter. Finally, the objections which you briefly mentioned in your letter, simply do not comply with the rules governing discovery served upon nonparties or the obvious multiple level of privilege issues, which are raised by the Subpoena. I will briefly addressed these items herein, and am more than willing to address them in a more complete manner upon your compliance with **Local Rule 37-1.**

## 1. Stern & Goldberg is not a Party and is unaware of any of the Orders entered into the litigation.

Initially, in your letter you refer to an "Order Appointing a Discovery Master", "Discovery Master Order" and a ruling previously made by the Discovery Master. As you should be well aware Stern & Goldberg is not a party to this litigation, has never been served with any such Order, and is unaware of the issues in the action, much less any rulings made in this action.

EXHIBIT ___7___ PAGE 27

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 2, 2007
Page 2

  Further, I am unaware of any authority by which Stern & Goldberg, a non-party, is bound by any such Order. The validity of the Subpoena will be determined in accordance with **Fed. R. Civ. P. Rule 45,** upon a proper motion presented to the United State District Magistrate, in accordance with **Federal Rules of Civil Procedure, Rule 37 and Local Rule 37-1.**

  **2. The letter fails to comply with C.D. Cal. Local Rule 37-1.**

  As I am sure you are aware, prior to the filing of a discovery motion, you are required to comply with the Local Rules of this Court. However, your letter fails to do so. Rather, your letter erroneously characterizes the detailed objections as being "boilerplate" and fails to specifically address any of the issues or discovery requests in dispute.

  **Local Rule 37-1,** in its relevant part, provides the following:

> "Prior to the filing of any motion relating to discovery pursuant to **Fed. R. Civ. P. 26-37.** . . . Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) calendar days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."

  Your letter does not remotely comply with **Local Rule 37-1.** The letter fails to: (1) "identify each issue and/or discovery request in dispute"; (2) "to state briefly with respect to each such issue/request the moving party's position"; (3) "provide any legal authority which the moving party believes is dispositive of the dispute as that issue/request"; and (4) "specify the terms of the discovery order to be sought."

  **3. The letter fails to address the issues raised in Stern & Goldberg's September 17, 2007 letter.**

  Your letter fails to address the following items which I raised in my letter of September 17, 2007 to Mr. Zeller:

  1. **Burdensome, Oppressive and Overbroad.** An "attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that Subpoena." **Fed. R. Civ. Proc., Rule 45(c)(1).** The Subpoena at issue suffers from the same defects as were found in **Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 813-814 (9th Cir. 2003).** It is an "abusively drawn" Subpoena. The Subpoena is "way

C:\wpdocs\MATTEL - BRYANT\ALBAN LTR 10-02-07

EXHIBIT *7* PAGE 28

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 2, 2007
Page 3

too broad" and was obviously drafted while making "no attempt . . . . to try to tailor the information request to the immediate needs of the case." Similar to **Mattel, supra,** the Subpoena was obviously served for the "purpose of annoying and harassment and really for the purpose of getting information." Indeed, the Subpoena is so broad, that it seems to request virtually any document that ever existed relating to Isaac Larian, Morad Zarabi, Farhad Larian, Carter Bryant, and Ernest Dutcher, and any and all of their family members. In addition, it seeks all documents which ever existed as to various products identified as Bratz, Angel and Prayer Angels.

2. **Numerous Categories in a Simple Demand.** The Subpoena contains five (5) pages of single-space definitions and instructions, and then contains thirty-five (35) different document requests, many of which contain numerous categories of documents and subparts. Such Subpoena was obviously served for an improper purpose. See e.g. **Calcor Space Facility Inc. v. Superior Court (1997) 53 Cal.App. 4th 216, 223** (a party's "employment of six pages of 'definitions' and 'instructions' is particularly obnoxious").

3. **Seeks Privileged Documents.** The Subpoena seeks documents which are privileged on multiple levels, in that, it seeks: (a) documents that fall within the attorney-client privilege and the attorney work-product privilege regarding Stern & Goldberg's representation of Morad Zarabi; (b) the arbitrator's privilege held by Mr. Zarabi, to the extent it seeks any documents which "constitute, record, relate, summarize, comment or refer to deliberations" by the arbitrator **Arco Alaska, Inc. v. Superior Court (1985) 168 Cal.App.3d 139, 149;** and (c) documents which would constitute privileged financial records of ABC, Isaac Larian and/or Farhad Larian. See **Fed. R. Civ. Proc., Rule 45(c)(3)(A)(iii).**

4. **Documents Available from Parties to the Litigation.** Stern & Goldberg represented the agreed upon arbitrator, Morad Zarabi (and his retained appraiser), and to a limited extent, the successor arbitrator, Kambiz Zarabi, in the underlying disputes between Isaac Larian and Farhad Larian. In connection with its representation of the arbitrator, Stern & Goldberg previously provided copies of all non-privileged documents in its possession, custody and control to counsel for Isaac Larian and Farhad Larian. Any pleadings which were served upon or prepared by Stern & Goldberg are all public records, and therefore, equally available to your office.

5. **Evidence of Compliance with Federal Rules.** In my letter to Mr. Zeller of September 17, 2007, we requested the following information, which you have still failed to provide:

(1) The names of all parties to this litigation and their counsel of record;

(2) A copy of the Notice of Subpoena which was served upon all parties prior to your service of the Subpoena upon our office as required by **Fed. R. Civ. Proc., Rule 45(b)(2);**

EXHIBIT 7 PAGE 29

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 2, 2007
Page 4

(3) The relevancy for each of the items requested in discovery; and

(4) The substantial need for the material sought and how this information cannot be obtained from other parties to the litigation.

6. **Why the Subpoena Should Not be Construed as a Violation of Rule 11.**  In my letter of September 17, 2007, I asked how the service of such Subpoena (and Mr. Zeller's signature being affixed to it) viewed in the context of your firm's reprimand in **Mattel, supra,** is not a violation of **Fed. R. Civ. Proc., Rule 11.**  Please respond to his request, as it will certainly be raised in any motion involving the Subpoena.

4. **Stern & Goldberg is not a party and has had no involvement in this litigation.**

In your letter you discussed the relevance of certain documents in extremely broad terms, such that it is unclear as to which requests, if any, it is applicable. However, as you should be aware Stern & Goldberg has had no involvement in this litigation. We have no idea what the issues are and have not been served with any of the pleadings in the action.

I also take issue with your comment, attempting to justify Mr. Zeller's refusal to respond to my prior telephone call. You state that "as you surely learned from Mr. Zeller's assistant, [a] he has been traveling on business and in depositions out of town." I have no idea who Mr. Zeller's assistant is and <u>no one from your</u> firm made any attempt to contact me prior to your letter of September 28, 2007.

Further, we reject your statement that Subpoenas under **Fed. R. Civ. Proc., Rule 45** permit discovery from non-parties equivalent to discovery from parties under **Rule 34.** The governing statutory and case law is quite clear that discovery from a nonparty under **Rule 45** is not the equivalent to discovery of parties under **Rule 34.** Indeed, **Fed. R. Civ. Proc., Rule 45(c)(1)** provides that: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject that subpoena."

[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the Courts." **High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc., 161 F.R.D. 86, 88 (N.D. Cal. 1995).** See also **United States v. C.B.S. Inc., 666 F.2d 364, 371-72 (9th Cir. 1982)** ("Although party witnesses must generally bear the burden of discovery costs, the rationale for the general rule is inapplicable where the discovery demands are made on nonparties. . . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate discovery costs on the demanding or producing party."); **Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 977 (Fed. Cir. 1993)** (Subpoenaing party should first attempt to obtain documents from party before seeking them from nonparty); and **Dart Industries Co., Inc. v. Westwood Chemical Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980)** (discovery should be "more

EXHIBIT 7 PAGE 30

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 2, 2007
Page 5

limited to protect third parties from harassment inconvenience or disclosure of confidential information.").

Therefore, it is incumbent upon Mattel to limit the scope of the Subpoena so as not to place an undue burden upon our firm. However, it has failed to do so.

In your letter you state that "Mattel is not asking for the production of any documents that are legitimately privileged." However, you then state that any objection on the grounds on privilege "shall be made expressly and supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim."

I believe in my letter we have adequately described the documents which are subject to the claim for privilege. It is obvious that the documents that you seek from Stern & Goldberg are subject to claims of privilege on multiple levels. Further, there does not appear to be any requirement upon our firm to create a document by document privilege log in response to a Subpoena served upon counsel for a non-party in the action. See e.g. **In re: Imperial Corporation of America v. Shields,** **174 F.R.D. 475, 478 (S.D. Cal. 1997).**

As such, this letter is to hereby demand that if it was your intent to meet and confer with respect to any issue raised by the Subpoena, that you send me a meet and confer letter, that complies with the express requirements of **Local Rule 37-1.** In connection therewith, please also provide me with the following information:

(1) The names of all parties to this litigation and their counsel of record;

(2) A copy of the Notice of Subpoena which was served upon all parties prior to your service of the Subpoena upon our office as required by **Fed. R. Civ. Proc., Rule 45(b)(2);** and

(3) How the service of such Subpoena (and Mr. Zeller's signature being affixed to it) viewed in the context of your firm's reprimand in **Mattel, supra,** is not a violation of **Fed. R. Civ. Proc., Rule 11.**

I look forward to your compliance with the Local Rules of this Court. Once I have received the meet and confer letter, we can then schedule a mutually convenient date and time to meet and confer within the ten (10) day period provided by the Rules of this Court. Given that we are not a party to this action, we would request that the meeting take place at our offices.

C:\wpdocs\MATTEL - BRYANT\ALBAN LTR 10-02-07

EXHIBIT _7_ PAGE 31

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 2, 2007
Page 6

After you have had an opportunity to review this letter and address the matters herein, please
contact me so that we can discuss the matter further.

Sincerely,

STERN & GOLDBERG

ALAN N. GOLDBERG

ANG: cn
Enclosure

cc:    Patricia L. Glaser, Esq./Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
       (via facsimile)
       Alisa Morgenthaler Lever /Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
       (via facsimile)
       James P. Jenal, Esq./O'Melveny & Myers, LLP (via facsimile)
       Keith A. Jacoby, Esq./Littler Mendelson, P.C. (via facsimile)
       Christa M. Anderson, Esq./Kekar and Van Nest, LLP (via facsimile)
       Marc Smith, Esq., Krane & Smith (via facsimile)
       Morad Zarabi

C:\wpdocs\MATTEL - BRYANT\ALBAN LTR 10-02-07

EXHIBIT 7 PAGE 32

ORIGINAL

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                         Consolidated with
12              Plaintiff,               Case No. CV 04-09059
                                         Case No. CV 05-02727
13        vs.
                                         **DISCOVERY MATTER**
14  MATTEL, INC., a Delaware
    corporation,                         **[To Be Heard By Discovery Master**
15                                       **Hon. Edward Infante (Ret.) Pursuant To**
                                         **The Court's Order Of December 6, 2006]**
16              Defendant.

17  ─────────────────────────────        MATTEL, INC.'S NOTICE OF MOTION
                                         AND MOTION TO COMPEL:
18  AND CONSOLIDATED ACTIONS

19                                       (1)  DEPOSITION OF CARLOS
                                         GUSTAVO MACHADO GOMEZ;

20                                       (2)  CONSENT TO PRODUCTION OF
                                         ELECTRONIC MAIL MESSAGES; AND

21
                                         MEMORANDUM OF POINTS AND
22                                       AUTHORITIES

23                                       [Declaration of Jon D. Corey filed
                                         concurrently]

24
                                         Hearing Date:     TBA
25                                       Time:             TBA
                                         Place:            Telephonic Hearing

26
                                         Discovery Cut-off:        January 28, 2007
27                                       Pre-trial Conference:     May 5, 2008
                                         Trial Date:               May 27, 2008

28

07209/2296350.1

─────────────────────────────────────────────────────────
                        MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

                                    EXHIBIT 8  PAGE 33

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that, at a time and place of hearing to be set by

3 | Discovery Master Hon. Edward Infante (Ret.), Mattel, Inc. will, and hereby does,

4 | move the Discovery Master, pursuant to <u>Federal Rules of Civil Procedure</u> 30 and 37,

5 | for an order (a) compelling the deposition of defendant Carlos Gustavo Machado

6 | Gomez in Los Angeles, California or Mexico City, Mexico, on or before December

7 | 30, 2007; and (b) compelling Machado to provide his consent to the disclosure of

8 | relevant electronic mail messages from his internet service providers.

9 |     This Motion is made on the ground that, despite repeated requests by Mattel

10 | and a prior agreement that Machado's deposition would take place on October 26,

11 | 2007, counsel for Machado now refuses to produce Machado, a party-defendant in

12 | this case, for deposition or even to offer dates for his deposition.  This Motion is

13 | made on the further ground that Machado has used electronic mail services from

14 | third-party internet service providers for communications in connection with his

15 | trade secret theft and disloyalty, but has refused to produce electronic mail messages

16 | or to consent to their production from third-parties.

17 |     This Motion is based on this Notice of Motion and Motion, the accompanying

18 | Memorandum of Points and Authorities, the Declaration of Jon D. Corey, the

19 | records and files of this Court, and all other matters of which the Discovery Master

20 | may take judicial notice.

21

22

23

24

25

26

27

28

ii

1  <u>**Statement of Local Rule 37-1 Compliance**</u>

2      The parties met and conferred regarding this motion on October 18, 2007 and

3  times thereafter.

4

5  DATED:  November 15, 2007      QUINN EMANUEL URQUHART OLIVER &
                              HEDGES, LLP

6

7

8                           By_____
                               Jon D. Corey

9                                 Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2296350.1

iii

EXHIBIT _8_ PAGE 35

1

## **<u>TABLE OF CONTENTS</u>**

2                                                                                              **<u>Page</u>**

3

4  PRELIMINARY STATEMENT ........................................................................ 1

5  STATEMENT OF FACTS .............................................................................. 2

6  ARGUMENT ................................................................................................ 8

7  I.   THE COURT SHOULD COMPEL MACHADO'S DEPOSITION ................. 8

8       A.   Machado Cannot Avoid Deposition Because He Is In Mexico ............. 8

9       B.   Machado Cannot Avoid Deposition Because He May Invoke the
            Fifth Amendment to Certain Questions ........................................... 9

10  II.  THE COURT SHOULD COMPEL MACHADO TO DISCLOSE

11       RELEVANT EMAILS ............................................................................ 11

12  CONCLUSION ............................................................................................ 12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2296350.1

MATTEL, INC.'S MOTION TO COMPEL DEPOSITION OF MACHADO

**EXHIBIT _____ PAGE 36**

# TABLE OF AUTHORITIES

**Page**

## Cases

Bear Stearns & Co. v. Wyler,
 182 F. Supp. 2d 679 (N.D. Ill. 2002)................................................................10

Camelot Group, Ltd. V. W. A. Krueger Co.,
 486 F. Supp. 1221 (D.C.N.Y. 1980).............................................................11

Federal Savings and Loan Ins. Corp. v. Molinaro,
 889 F.2d 899 (9th Cir. 1989) .........................................................................11

International Business Machines Corp. v. Brown,
 857 F. Supp. 1384 (C.D. Cal. 1994) .............................................................11

O'Grady v. Superior Court,
 139 Cal. App. 4th 1423 (2006) ......................................................................11

United States v. Balsys,
 524 U.S. 666 (1998).......................................................................................10

United States v. Hansen,
 233 F.R.D. 665 (S.D. Cal. 2005) ....................................................................9

United States v. Pierce,
 561 F.2d 735 (9th Cir. 1977) ..........................................................................9

## Statutes

Fed. R. Civ. P. 26(d) ..........................................................................................8

Fed. R. Civ. P. 30(a) ..........................................................................................8

## Miscellaneous

2A Wright & Miller, Federal Practice and Procedure: Criminal § 407 at 51 (3d ed. 2000) ................................................................................................................10

8 Wright & Miller, Federal Practice and Procedure § 2018 (2d ed. 1994) .................9

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Carlos Gustavo Machado Gomez ("Machado") is a current MGA executive and is named as a party-defendant in this case for his trade secret theft and other misconduct.  When Machado was at Mattel Mexico, MGA recruited him and two co-workers to leave Mattel.  On their way out of Mattel (and evidently even before then), Machado and the others downloaded and took thousands of pages containing Mattel trade secrets.  Mattel informed Mexico law enforcement, who executed a search warrant on MGA's offices in Mexico City, where they discovered trade secrets stolen from Mattel.

Mattel first sought Machado's deposition on July 23, 2007.  All parties agreed with Machado's prior counsel, James Spertus, that Machado's deposition would occur on October 26, 2007.  The case was then stayed at MGA's request based on its substitution of counsel, so the deposition was postponed.  Now, Machado's new counsel flatly refuses either to produce Machado or provide dates for his deposition.  As one of his most recent excuses for his stonewalling, Machado claims that because he is being criminally prosecuted in Mexico for trade secret theft, he is immunized on a wholesale basis from appearing for deposition and from producing any other discovery.  That is not even arguably the law and constitutes no legitimate basis for Machado's obstructionism.

Further thwarting basic discovery, Machado refuses to consent to the release of emails from accounts used to facilitate the trade secret thefts and other unlawful acts.  Discovery of the emails is plainly proper, including because they are reasonably calculated to lead to the discovery of admissible evidence concerning his and MGA's trade secret thefts and to the predicate acts underlying Mattel's RICO claims.  His justification for refusing is that the emails from the accounts had supposedly been produced.  In fact, Machado has not produced them.

EXHIBIT _____ PAGE 38

1    Mattel respectfully requests an order compelling Machado to sit for deposition,

2    in Los Angeles or Mexico, no later than December 30, 2007.  It also respectfully

3    requests that Machado be compelled to provide his consent to provide his consent to the

4    disclosure of emails from his internet service providers

5    **Statement of Facts**

6    <u>Machado Stole Mattel Trade Secrets.</u>  In April 2004, Machado and two other

7    executives left Mattel Mexico to work for MGA.  Isaac Larian, MGA's CEO, Thomas

8    Park, MGA's then COO, and Susanna Kuemmerle, head of MGA's Mexican operations,

9    were each heavily involved in "recruiting" Machado and his co-workers to MGA.

10   Machado admits, that in the months prior to their resignations, he and his two

11   colleagues "discussed with MGA personnel, including Larian, employment at MGAE

12   de Mexico" and used an AOL e-email account with the address <plot04@aol.com> in

13   order to do so.[1]  Larian too admits these communications took place.[2]

14   While MGA was recruiting them, Machado and the other then-Mattel employees

15   prepared an "analysis" to justify their worth to MGA.[3]  As a result of this analysis and

16   other information, MGA offered to pay each of them, to do the same jobs for a smaller

17   company, far more than they were earning at Mattel -- with potentially hefty bonuses

18   based on MGA's revenue growth -- and, apparently, to offered to give them all cars.[4]

19

20   [1]   Second Amended Answer and Counterclaims, ¶¶ 37-44, Corey Dec., Exh. 1.;

21   Machado's Amended Answer and Affirmative Defenses, ¶ 43, dated Sep. 24, 2007,
     Corey Dec., Exh. 2.

22   [2]   Isaac Larian's Answer and Affirmative Defenses, dated August 13, 2007, ¶¶

23   42-43, Corey Dec., Exh. 3.

24   [3]   Email from <plot04@aol.com> email address to Isaac Larian, dated March 22,
     2004, Corey Dec., Exh. 4.

25

26   [4]   <u>Id.</u>; Email from Tom Park, MGA's Chief Operating Officer, to the
     <plot04@aol.com> email address and copying Isaac Larian, dated March 30, 2004,

27   Corey Dec., Exh. 5; Email from Isaac Larian to the <plot04@aol.com> email
     address dated March 23, 2004, 2007, Corey Dec., Exh. 6.

28

07209/2296350.1

-2-

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1    Before they left Mattel, Machado and the others stole virtually every type of
2    document that a competitor would need to enter into the market in Mexico and to
3    compete with Mattel worldwide.  These included global internal future line lists that
4    detailed anticipated future products, production and shipping costs for Mattel products;
5    daily sales data for Mattel products; customer data; sales estimates and projections;
6    marketing projections; documents analyzing changes in sales performance from 2003 to
7    2004; budgets for advertising and promotional expenses; strategic research reflecting
8    consumer responses to products in development; media plans; consumer comments
9    regarding existing Mattel products customer discounts and terms of sale; customer
10   inventory level data; assessments of promotional campaign success; market size
11   historical data and projections; marketing plans and strategies; merchandising plans;
12   retail pricing and marketing strategies; and other similar materials.[5]

13        Machado and his co-conspirators ultimately resigned from Mattel on the same
14   day, April 19, 2004, but refused to say where they were going.[6]  And, Machado's Mattel
15   computer mysteriously would not function.  With its suspicions raised, Mattel began to
16   investigate.  It discovered that Machado and the others had downloaded and taken
17   thousands of pages containing Mattel trade secrets when they left.[7]  When Mattel
18   discovered this, it informed law enforcement officials in Mexico, who subsequently
19   obtained and executed a search warrant on MGA's Mexico City offices.[8]  They
20   discovered in those offices not only the information Mattel thought had been stolen, but
21
22
        ————————————————
23   [5]   Second Amended Answer and Counterclaims, ¶ 48, Corey Dec. Exh. 1.

24   [6]   Second Amended Answer and Counterclaims, ¶¶ 44-46, Corey Dec., Exh. 1.;
     Machado's Amended Answer and Affirmative Defenses, ¶¶ 44-46, dated Sep. 24,
25   2007, Corey Dec., Exh. 2; Isaac Larian's Answer and Affirmative Defenses, dated
     August 13, 2007, ¶ 41, Corey Dec., Exh. 3.
26
     [7]   Second Amended Answer and Counterclaims, ¶ 53, Corey Dec., Exh. 1.
27
     [8]   Id.
28

1  thousands of other pages that Mattel did not know they had taken.[9]  Even after this,

2  MGA promoted Machado and transferred him to Los Angeles.[10]  Machado and his co-

3  workers have been indicted in Mexico for criminal trade secret theft.

4      Mattel and Machado Agree That His Deposition Would Occur on October 26.

5  Mattel began seeking deposition dates from Machado on June 4, 2007.  On September

6  3, 2007, James Spertus, counsel for Machado, confirmed that October 26, 2007 was an

7  "acceptable date" for Machado's deposition.[11]  The next day Mattel served a deposition

8  notice that confirmed the parties' agreement.[12]  Counsel for MGA and Bryant also

9  agreed to the October 26, 2007 deposition.[13]

10      Machado's New Counsel Refuses To Produce Machado for Deposition.  On

11  October 2, 2007, Mr. Spertus withdrew as counsel for Machado.[14]  On October 4, 2007,

12  Machado's new counsel, Alexander Cote, contacted Mattel to discuss, among other

13  things, Machado's pending deposition.[15]  He confirmed that Machado would be made

14

15

_____

16    [9]  Id.

17    [10]  Id. ¶ 54.

18    [11]  See Letter from Spertus to Corey, dated September 3, 2007, Corey Dec., Exh. 11.

19    [12]  See Corey Dec., ¶ 14; see also Notice of Deposition of Carlos Gustavo

20  Machado, dated September 4, 2007, Corey Dec., Exh. 12; Email from Corey to

21  Michael Page, Amman Khan and Diana Torres attaching document that listed

   Machado under a heading of "Witnesses Whose Dates Have Been Agreed Upon

22  And Set After Meet and Confers Requested By Mattel," and stating that Machado's

23  deposition was set for October 26, 2007, Corey Dec., Exh. 13.

24    [13]  See Letter from Corey to Khan, dated September 25, 2007, Corey Dec., Exh. 14.

25    [14]  See Order On Request for Approval of Substitution of Attorney, dated

26  October 2, 2007, Corey Dec., Exh. 15.

27    [15]  See e-mail message from Alexander Cote to Corey, dated October 5, 2007,

   Corey Dec., Exh. 16.

28

EXHIBIT 8 PAGE 41

1  available for deposition, but said that he would need to "update [Mattel] on Machado's

2  availability for his deposition as [counsel] get[s] more information."[16]

3      Mattel then met with Machado's counsel to discuss, among other things,

4  Machado's deposition.[17] Mr. Cote told Mattel that the deposition could not take place

5  on October 26, 2007 because of restrictions on Machado's mobility to and from Mexico

6  resulting from the criminal indictment in Mexico, but he assured Mattel that alternate

7  deposition dates would be forthcoming.[18] Mr. Cote also began asserting that because of

8  the criminal charges pending against him in Mexico, Machado would be invoking the

9  Fifth Amendment for *some* questions at his deposition.[19] He asked Mattel to consider a

10 stipulation that Machado will assert his Fifth Amendment Privilege to avoid the need

11 for a deposition entirely.[20] Mattel declined because Machado would not and could not

12 agree that he will invoke for all questions and again asked for deposition dates.[21]

13      Mr. Cote did not respond.  Mattel sent another letter  requesting "dates in

14 November [] when Machado will be available for deposition."[22]  By telephone, Mr.

15 Cote told Mattel that Machado was restricted from leaving Mexico due to criminal

16 proceedings against him there as a result of the his theft of Mattel's trade secrets and

17 did not provide any replacement dates for Machado's cancelled deposition.[23]  Mattel

18 reiterated its offer to take Machado's deposition in Mexico and requested dates  when

19

20  [16]  See id.

21  [17]  See Letter from B. Dylan Proctor to Cote, dated October 18, 2007, Corey
    Dec., Exh. 19.

22  [18]  See id.

23  [19]  See id.

24  [20]  See id.

25  [21]  See id.

26  [22]  See Letter from Stephen Hauss to Cote, dated October 24, 2007, Corey Dec.,
    Exh. 20.

27  [23]  See Letter from Hauss to Cote, dated October 25, 2007, Corey Dec., Exh. 21.

28

07209/2296350.1

1   he would be available in Mexico.[24]  Mr. Cote did not respond, so Mattel sent another

2   letter that reiterated the need to schedule Machado's deposition.[25]

3        Mr. Cote responded in a November 1, 2007 letter.  He stated that Machado "may

4   be available for deposition at the end of November in the United States,"[26] but

5   suggested that a deposition "[would] not be fruitful" because Machado would assert his

6   Fifth Amendment right to most of Mattel's questions. [27]  Mattel explained in response

7   that any Fifth Amendment right could not allow him to avoid his deposition entirely.

8   Mattel offered to take Machado's deposition in Mexico to accommodate his travel

9   restrictions due to his prosecution in Mexico.[28]  Mattel again requested deposition dates

10  in the location of counsel's choice in Los Angeles or in Mexico.[29]

11       Mr. Cote responded on November 5, 2007.  He provided no dates for Machado's

12  deposition.   Instead, he reiterated that this deposition "[would] not be productive"

13  because it is "no secret that [Mattel] plans to ask Machado questions concerning

14  [Mattel's] allegations" to which Machado will invoke the Fifth Amendment.[30]  Despite

15  Mattel's earlier offer to hold the deposition in a location of counsel's choice, and

16  rejecting Mattel's efforts to resolve any issue over the location of Machado's deposition,

17  counsel claimed that Mattel had provided no "justification" for "forcing counsel to

18

19      [24]  See id.

20      [25]  See Letter from Zeller to Nolan, dated October 29, 2007, Corey Dec., Exh.

21  23.

22      [26]  See Letter from Cote to Zeller, Corey, Proctor and Hauss, dated November 1,
    2007, Corey Dec., Exh. 24.

23      [27]  See id.

24      [28]  See Letter from Zeller to Cote, dated November 3, 2007, Corey Dec., Exh.

25  25.

26      [29]  See id.

27      [30]  See Letter from Cote to Zeller, dated November 5, 2007, Corey Dec., Exh.
    26.

28

1   incur the expense of traveling to Mexico" for this deposition.  Mr. Cote then invited

2   Mattel to move to compel.[31]

3        <u>Machado Has Failed to Produce Emails to Which Mattel Is Entitled.</u>  Mattel

4   served Machado with Requests for Production on September 11, 2007 requesting,

5   among other things, relevant emails sent to and from him, including from the

6   <plot04@aol.com> account.[32]  Machado has produced no such e-mails to Mattel with

7   these documents.  Mattel also served a subpoena on Yahoo! on October 29, 2007

8   requesting the production of emails from Machado's <gus_cmt@yahoo.com> account.[33]

9   On that same day, Mattel sent a letter to Machado informing him that a subpoena had

10  been served on Yahoo! requesting documents identical to those requested in Mattel's

11  Requests for Production served on Machado on September 11, 2007 and requesting his

12  consent to the release of his emails from Yahoo! under the Stored Electronic

13  Communications Act.[34]  The letter attached a form for Machado to sign indicating his

14  consent.[35]  On November 1, 2007, Mr. Cote responded.  He wrote that "Mr. Machado

15  has already produced documents from his Yahoo! e-mail account."[36]   In reality,

16  Mr. Machado has produced only 124 pages of documents, none of which are emails

17

18

19

20   [31]   <u>Id</u>. at 2.

21   [32]   Mattel's First Set of Requests for Documents and Things to Machado, dated

22   September 11, 2007, Corey Dec., Exh. 30.

23   [33]   Notice of Subpoena Issued to Yahoo!, dated October 29, 2007, Corey Dec.,
     Exh. 31.

24   [34]   Letter from Corey to Machado, care of Cote, dated October 29, 2007, at 1-2,

25   Corey Dec., Exh. 32.

26   [35]   <u>Id</u>.

27   [36]   Letter from Cote to Zeller, et al., dated November, 2007, at 2, Corey Dec.,
     Exh. 25.

28

EXHIBIT ⅄ PAGE 44

1    from the Yahoo! or any other account.[37] Nonetheless, Mr. Machado refused to consent

2    to the release of e-mail messages from that, or any other, email account.[38]

3    **Argument**

4    **I.**     **THE COURT SHOULD COMPEL MACHADO'S DEPOSITION**

5    Machado stole Mattel trade secrets. In fact, he was the ring-leader of the theft in

6    Mexico. He is a party-defendant. Mattel has the absolute right to depose him. Fed. R.

7    Civ. P. 30(a) ("A party may take the deposition of any person, *including a party*, by

8    deposition upon oral examination without leave of court . . . .") (emphasis added).

9        **A.**    **Machado Cannot Avoid Deposition Because He Is In Mexico**

10   After previously agreeing to attend a deposition, Machado now flatly refuses to

11   sit for deposition. Machado claimed that the criminal prosecution against him in

12   Mexico prevents him from leaving Mexico. This makes no sense given that days

13   before to refusing to provide Machado for deposition, his counsel said he could be

14   available in Los Angeles in late November.[39] And, in any event, to accommodate the

15   witness and to avoid any such issue, Mattel offered to depose him in Mexico on a date

16   of his choosing (so long as the date is soon). Machado has rejected that offer without

17   any plausible basis. Machado also has suggested that because his deposition relates to

18   Phase 2, Mattel should spend its time elsewhere. Machado may not, however, dictate

19   the manner in which Mattel conducts discovery. See Fed. R. Civ. P. 26(d) ("[M]ethods

20   of discovery may be used in any sequence."); see also October 31 Stay Order, Corey

21   Dec., Exh. 19, at 2 ("[T]he Court denies MGA's request to delay or otherwise bifurcate

22   discovery regarding Phase 2 issues."). Machado has not made and cannot make the

---

24   [37]   Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated September 24,

25   2007, Corey Dec. Exh. 29.

26   [38]   Letter from Cote to Zeller, et al., dated November 1, 2007, at 2, Corey Dec.,
Exh. 24, at 2.

27   [39]   See id.

28

EXHIBIT _&_ PAGE 45

1   showing required to prevent Machado's deposition from going forward, as it must,
2   under Rule 30.

3       **B.    Machado Cannot Avoid Deposition Because He May Invoke the**
4              **Fifth Amendment to Certain Questions**

5           As his other excuse, Machado claims he is immune from deposition because he is
6   under criminal indictment in Mexico and will invoke his Fifth Amendment right to
7   avoid answering some questions.[40] His position is unavailing.

8           It is well settled that a Fifth Amendment claim can only "be raised in response to
9   *specific questions* propounded by the investigating party." United States v. Pierce, 561
10  F. 2d 735, 741 (9th Cir. 1977) (emphasis added).  Machado thus may not rely on a
11  blanket assertion of the Fifth Amendment to avoid being deposed entirely.  United
12  States v. Hansen, 233 F.R.D. 665, 668 (S.D. Cal. 2005) (holding that deponent could
13  not refuse to attend deposition under a blanket claim of privilege against self
14  incrimination) (citing cases).  "The proper procedure is for the deponent to attend the
15  deposition, to be sworn under oath, and to answer those questions he or she can answer
16  without running a risk of incrimination.  In this way a record can be made and the court
17  can determine whether particular questions asked did entitle the deponent to claim the
18  privilege." 8 Wright & Miller, Federal Practice and Procedure § 2018 (2d ed. 1994) at
19  273-74.

20          In fact, Judge Larson affirmed the Discovery Master's May 16, 2007 Order that
21  had rejected similar efforts by MGA to assert a blanket privilege claim to evade
22  deposition.  MGA asked the Court to sustain its blanket work-product objection to
23  providing any testimony in response to a Rule 30(b)(6) deposition topic regarding ink,
24  paper and chemical analysis conducted by an alleged MGA expert, Erich Speckin.  The
25
26
---
27  [40]  See Letter from Cote to Corey, dated November 5, 2007, Corey Dec., Exh.
28  26.

07209/2296350.1

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

EXHIBIT _____ PAGE 46

1   Discovery Master rejected that argument,[41] and MGA appealed.  Judge Larson affirmed

2   the Discovery Master's ruling and explained:  "To the extent that such a deposition has

3   the potential to encroach upon information protected by the work-product privilege,

4   then that objection must be made on a question-by-question basis.  *MGA may not make*

5   *a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this*

6   *topic based on that blanket objection.*"[42]  That reasoning applies here with equal force.

7          Indeed, at a minimum, Mattel is entitled to depose Machado to determine

8   whether the he can even invoke the Fifth Amendment at all.  For example, Mattel

9   believes that Mr. Machado is a Mexican national, not a U.S. citizen.  Mattel is entitled

10  to inquire to determine Machado's residency status.  While he formerly resided in the

11  United States, at least according to his counsel, he now resides in Mexico.  This is

12  significant.  In a civil case, a non-resident alien cannot invoke the Fifth Amendment

13  even if he or she learns the testimony may be incriminating.  See, e.g., Bear Stearns &

14  Co. v. Wyler, 182 F. Supp. 2d 679, 683 (N.D. Ill. 2002) ("We fail to find it self-evident

15  that the Fifth Amendment's privilege against self-incrimination is available to non-

16  resident aliens.  Wyler's failure to demonstrate the privilege's availability would be

17  reason enough to grant plaintiff's motion to compel, were there not a further deficiency

18  in Wyler's position.").  Further, the current criminal prosecution against Machado is in

19  Mexico by Mexican prosecutors.  The Fifth Amendment does not provide a privilege

20  against self-incrimination for foreign prosecutions.  United States v. Balsys, 524 U.S.

21  666, 669 (1998); 2A Wright & Miller, Federal Practice and Procedure: Criminal § 407

22  at 51 (3d ed. 2000) (Fifth Amendment "does not protect a witness from giving evidence

23  that could be used against the witness in a prosecution in a foreign country").  Mattel is

24

25

26  [41]   May 16, 2007 Order Granting Mattel, Inc.'s Motion to Compel MGA to
    Produce Witnesses for Deposition Pursuant to Rule 30(B)(6), Corey Dec., Exh. 27.

27  [42]   July 5, 2007 Minute Order at 4, Corey Dec., Exh. 28.

28

1  entitled to inquire about the basis for Machado's fear, if any, of prosecution in the

2  United States before he may properly invoke the Fifth Amendment.

3      Finally, Machado has already admitted certain incriminating conduct in his

4  Amended Answer and has invoked twelve separate defenses to his theft, which are

5  discussed in his initial disclosures.[43]  The admitted conduct and defenses are not

6  privileged and Mattel can inquire about them.  Indeed, the articulation of the defenses

7  should constitute a waiver of any Fifth Amendment rights Machado may possess.

8  Federal Savings and Loan Ins. Corp. v. Molinaro, 889 F. 2d 899, 903 (9th Cir. 1989)

9  (holding that where defendant already has given partial deposition testimony on the

10  substantive issues of the case, the Fifth Amendment privilege is "negligible");

11  International Business Machines Corp. v. Brown, 857 F. Supp. 1384, 1389-90 (C.D.

12  Cal. 1994) (holding that because defendants had already testified at deposition, there

13  was no remaining Fifth Amendment privilege to assert); Camelot Group, Ltd. V. W. A.

14  Krueger Co., 486 F. Supp. 1221, 1230 (C.D.N.Y. 1980) ("A witness or defendant in a

15  civil case who has already testified to matters which tend to incriminate him has waived

16  the privilege insofar as further questions seek the details of the matters to which he did

17  testify.").  It would be patently unfair, and contrary to law, to allow Machado to

18  purportedly defend himself with impunity, but to refuse to provide the most basic of

19  discovery regarding the conduct he purports to defend.

20  II.    **THE COURT SHOULD COMPEL MACHADO TO DISCLOSE**

21         **RELEVANT EMAILS**

22      As a party to this action, Machado is obligated to direct his agents to produce

23  documents within their possession.  Machado should be compelled to consent to the

24  disclosure of e-mail communications by Yahoo!  If Machado continues to fail to give

25

26  _____

   [43]  Amended Answer and Affirmative Defenses at 6:13-7:26, 18:21-22:19,

27  Corey Dec., Exh. 2; Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated
   September 24, 2007, Corey Dec. Exh. 29.

28

1  his consent to the release of these documents, he should be sanctioned.  See O'Grady v.

2  Superior Court, 139 Cal. App. 4th 1423, 1446 (2006) (stating that where a party to an

3  email communication being sought is also a party to the litigation it is within the court's

4  power to require the party's consent to disclosure of the communication on pain of

5  discovery sanctions).  Machado's only excuse here -- that he himself has supposedly

6  already produced the emails--is demonstrably false.  In reality, Mr. Machado has

7  produced only 124 pages of documents, none of which are emails from the Yahoo!, or

8  any other, account.[44]

9      Mattel respectfully requests that the Discovery Master order Machado to provide

10  written consent to the production of relevant e-mails from any e-mail account (and to

11  identify each e-mail account) he has used in the past five years.

12                        **Conclusion**

13      For the foregoing reasons, the Discovery Master should grant Mattel's motion.

14

15  DATED:  November 15, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

16

17                         By _____

18                            Jon D. Corey
                              Attorney for Mattel, Inc.

19

20

21

22

23

24

25

26

27  [44]  Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated September 24,
    2007, Corey Dec. Exh. 29.

28

                              -12-

EXHIBIT _ PAGE 49

## Discovery Motions

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Corey, Jon on 11/16/2007 at 2:03 PM PST and filed on 11/16/2007

| | |
|---|---|
| **Case Name:** | Carter Bryant v. Mattel Inc |
| **Case Number:** | 2:04-cv-9049 |
| **Filer:** | Mattel Inc |
| **Document Number:** | 1122 |

**Docket Text:**
NOTICE OF MOTION AND MOTION to Compel Deposition of Carlos Gustavo Machado Gomez *; and (2) Consent to Production of Electronic Mail Messages* filed by plaintiff Mattel Inc. (Attachments: # (1) Declaration Declaration of Jon D. Corey)(Corey, Jon)

**2:04-cv-9049 Notice has been electronically mailed to:**

Christa M Anderson    canderson@kvn.com

Dale M Cendali    dcendali@omm.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Patricia L Glaser    pglaser@chrisglase.com

James Paul Jenal    jjenal@omm.com

Thomas J Nolan    tnolan@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Diana M Torres    dtorres@omm.com

John Elliot Trinidad    jtrinidad@kvn.com, yjayasuriya@kvn.com

EXHIBIT 8 PAGE 50

Audrey Walton-Hadlock     awaltonhadlock@kvn.com

Matthew M Werdegar     mwerdegar@kvn.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Melanie Bradley
O'Melveny & Myers
7 Times Square
New York, NY 10036

Kendall Burr
O'Melveny and Myers
7 Times Square
New York, NY 10036

Michael C Keats
O'Melveny & Myers
7 Times Square
New York, NY 10036

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

John B Quinn
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543

Johanna Schmitt
O'Melveny and Myers
7 Times Squire
New York, NY 10036

Michael T Zeller
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\markmurray\Desktop\Machado E-Filing\MotiontoCompelDepositionOfMachado.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/16/2007] [FileNumber=4964733-0] [62afa855639cb41734ddb0d441c9a8791a8023f30d79c72b9f258c4586c10e555f8

https://ecf.cacd.uscourts.gov/cgi-bin/Dispatch.pl?337212118008261

11/16/2007
EXHIBIT 8 PAGE 51

a914f807053228c5b8071e9bfc982cf863͡ ᴐ366ed51cff9c57c0115e8be8]]
**Document description:**Declaration Declaration of Jon D. Corey
**Original filename:**C:\Documents and Settings\markmurray\Desktop\Machado E-Filing\CoreyDeclaration.PDF
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/16/2007] [FileNumber=4964733-1
] [6433bf19d512860596c2018cb9c2195da158e2da0bd087514c1c727c02e01702d4c
a9b4132d4b78496f11cee88b4501b231b7f27b7305062a974ea86cd89f11e]]

EXHIBIT _____ PAGE 52