**Exhibit 29**

**quinnemanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
juanpabloalban@quinnemanuel.com

October 3, 2007

<u>**Via Facsimile and U.S. Mail**</u>
**818-758-3949**

Alan N. Goldberg
Stern & Goldberg
6345 Balboa Boulevard, Suite 200
Encino, California 91316

Re:    <u>Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)</u>

Dear Mr. Goldberg:

We are in receipt of your letter of October 2, 2007 purporting to respond to our request to hold a conference of counsel but refusing to provide us with dates that you are available.

We respond to your letter in the spirit of cooperation and not because our prior letter did not comply with <u>Local Rule</u> 37-1. Our letter could not have been more clear. Given that you offered to produce no documents, all of our document requests are at issue, as are all of your objections. Our letter went further to discuss in detail our position on your relevance and privilege objections, which are the only ones that are arguably not boilerplate.

As you requested, enclosed please find the following documents: (1) the Protective Order in effect in this action; (2) the Order of the Central District Court appointing a Discovery Master to resolve all discovery disputes in this action, which states that "All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order;" (3) the Discovery Master's Order finding that the proceedings between Isaac and Fahrad Larian are relevant in this action (<u>see</u> pp. 10-11) and (4) the Notice of Subpoena Issued to Stern & Goldberg served on the parties to this action.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT 29 PAGE 445

Alan N. Goldberg
October 3, 2007

The parties to this action are Mattel, Inc., MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., Isaac Larian, Carlos Gustavo Machado and Carter Bryant. From the carbon copies listed on your letter, you know who counsel of record are in this action except for counsel for Mr. Machado. As of October 2, 2007, his attorney is Overland Borenstein Scheper & Kim, LLP. It was previously James W. Spertus.

To assuage your other concerns and claims: (i) during the conference of counsel, we are happy to clarify the scope of any of the requests that you claim are overbroad; (ii) Mattel intends to comply with Rule 45(c) with respect to the expenses related to your production; (iii) our September 24, 2007 letter expressly addresses your false and inflammatory accusation that Mattel served the subpoena to "harass" you; (iv) from separate discovery that has Mattel has obtained regarding the dispute between Isaac and Fahrad Larian, Mattel has reason to believe that Stern & Goldberg has responsive documents not in the possession of parties in this action or publicly available; and (iv) your suggestion that you are not required to produce a privilege log is erroneous -- Rule 45(D)(2)(A) is clear; see also, e.g., Gail v. New England Gas Co., Inc., 243 F.R.D. 28, 33 (D. R.I. 2007) (discussing Rule 45 and noting that "the universally accepted means of claiming that requested documents are privileged is the production of a privilege log.").

Please consider this our final attempt to conduct what I hope will be an amicable and productive conference of counsel with you. Given that you are in Encino and we are in downtown Los Angeles, we propose a telephonic conference, though under Local Rule 37-1 an in-person conference should take place at our offices. Let me know of your earliest availability.

I look forward to hearing from you.

Very truly yours,

Juan Pablo Albán
07209/2241513.1

EXHIBIT 29 PAGE 446

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JAN - 4 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware
Corporation,

                    Plaintiff,

          v.

CARTER BRYANT, an individual; and
DOES 1 through 10, inclusive,

                    Defendants.

CARTER BRYANT, on behalf of
himself, all present and former
employees of Mattel, Inc., and the
general public,

                    Counter-Claimant,

          v.

MATTEL, INC., a Delaware
Corporation,

                    Counter-Defendant.

CASE NO. CV 04-9059 NM (RNBx)

STIPULATED PROTECTIVE
ORDER; AND

[PROPOSED] ORDER

[Discovery Matter]

07272/625581.2

**EXHIBIT** _29_ **PAGE 447**

1-4

PROTECTIVE ORDER

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemnauel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
6   Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100
7
8   Attorneys for Mattel, Inc.

    [Additional counsel listed on following page]

9

10                 UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,        )   Case No. CV 04-09049 SGL (RNBx)
                                         )
13                Plaintiff,             )   Consolidated with
                                         )   Case No. CV 04-09059
14        v.                             )   Case No. CV 05-02727
                                         )
15  MATTEL, INC., a Delaware             )   STIPULATION FOR APPOINTMENT
    corporation,                         )   OF A DISCOVERY MASTER; AND
16                                       )
                                         )   [PROPOSED] ORDER
17                Defendant.             )
                                         )   Discovery Cutoff Date:  Not Set
18                                       )   Trial Date:  Not Set

19

20

21

22

23

24

25

26

27

28

EXHIBIT **29** PAGE 448

Case No. CV 04-09049 SGL (RNBx)
STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

**CONFORMED COPY**
LODGED
FILED

2007 MAY 16  PM 1:59   2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE   RIVERSIDE
BY ___   BY ___

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:   (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7              UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9                    EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
12            Plaintiff,

13       v.                              Consolidated with
                                         Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15            Defendant.                 **ORDER GRANTING MATTEL'S**
                                         **MOTION TO COMPEL PRODUCTION**
16                                       **OF DOCUMENTS AND**
                                         **INTERROGATORY RESPONSES BY**
17  CONSOLIDATED WITH                    **MGA**
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21                   I. INTRODUCTION

22       On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

23  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February

24  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

25  reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under

26  submission pending the parties' submission of a proposed protective order, which was received

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          1

EXHIBIT 29 PAGE 449

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

15                  Plaintiff,            Consolidated with Case Nos. CV 04-
                                          9059 and CV 05-2727
16        v.
                                          NOTICE OF SUBPOENA ISSUED TO
17  MATTEL, INC., a Delaware             STERN & GOLDBERG
    Corporation,
18                                        Discovery Cut-Off:  January 14, 2008
                    Defendant,            Pre-Trial Conference:  April 7, 2008
19                                        Trial Date:  April 29, 2008

20  AND CONSOLIDATED CASES                Hon. Stephen G. Larson

21

22

23

24

25

26

27

28

7209/2214051.1

EXHIBIT *29* PAGE 450          NOTICE OF SUBPOENA ISSUED TO STERN & GOLDBERG

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

FAXED
OCT 0 3 2007

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   October 3, 2007

**NUMBER OF PAGES, INCLUDING COVER 69**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alan N. Goldberg **Stern & Goldberg** | | 818-758-3949 |

**FROM:**   Juan Pablo Albán, Esq.

**RE:**   *Mattel v. Bryant*

**MESSAGE:**

**PLEASE SEE ATTACHED.**

07209/2236907.1

| | | ROUTE/ | | ☒ CONFIRM FAX |
|---|---|---|---|---|
| **CLIENT #** | 7209 | RETURN TO: | Lorraine R. - 4th Fl. | ☒ INCLUDE CONF. REPORT |
| **OPERATOR:** | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**   EXHIBIT 29   PAGE 451

```
***********************
***   TX REPORT   ***
***********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 2348 |
| RECIPIENT ADDRESS | 76681#7209#18187583949 |
| DESTINATION ID | |
| ST. TIME | 10/03 18:00 |
| TIME USE | 13'00 |
| PAGES SENT | 69 |
| RESULT | OK |

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

DATE:     October 3, 2007

NUMBER OF PAGES, INCLUDING COVER 69

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alan N. Goldberg
Stern & Goldberg | | 818-758-3949 |

FROM:     Juan Pablo Albán, Esq.

RE:     *Mattel v. Bryant*

MESSAGE:

PLEASE SEE ATTACHED.

EXHIBIT 29 PAGE 452

**Exhibit  30**

RECEIVED

� 1 1 2007

## STERN & GOLDBERG

ATTORNEYS AT LAW

6348 BALBOA BOULEVARD

SUITE 200

ENCINO, CALIFORNIA 91316

(818) 758-3940

(310) 278-8688

ELLIS STERN*†
ALAN N. GOLDBERG*
KIEN C. TIET

*CERTIFIED SPECIALIST,
TAXATION LAW
*CERTIFIED SPECIALIST,
PROBATE, ESTATE PLANNING
AND TRUST LAW
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

JUSTIN J. LANSBERG
LAWRENCE W. HAIT
OF COUNSEL

FAX (818) 758-3950

E-MAIL: estern@sgattys.com
agoldberg@sgattys.com
ktiet@sgattys.com
jlansberg@sgattys.com

October 8, 2007

**Via Facsimile and U.S. Mail**
**(213) 624-0643**

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:  Mattel, Inc. - Carter Bryant
     U.S.D.C. Case No. CV04-9049 SGL (RNBx)

Dear Mr. Alban:

This letter is to acknowledge receipt of your letter of October 3, 2007, regarding the Subpoena in a Civil Case ("Subpoena" herein), served by your office upon Stern & Goldberg in the above-entitled action.

Initially, I note that you continue to send correspondence to an incorrect facsimile number, as you are utilizing our outgoing fax number. Our facsimile number, which is stated on our letterhead, is (818) 758-3950. In the future if you are going to send documents to our office by facsimile, please use the correct number.

Again, I disagree with the entire contents of your letter. I can only assume that your office is attempting to unduly complicate a discovery dispute, which should not even exist. Again, it does not even remotely comply with the Local Rules of the United States District Court for the Central District of California ("Local Rule" herein), as to your firm's obligations to attempt to meet and confer with respect to this matter.

I have now received the "Order Appointing the Discovery Master" ("Discovery Stipulation") which you previously referenced. However, your previous letters failed to disclose that it was done by stipulation of the parties and authored by your firm. Please provide me with any authority by which my firm, a non-party, is bound by any such Discovery Stipulation. As you know, **Federal Rules of Civil Procedure, Rule 53** regulates the manner in which a master may be appointed. I am unaware of any authority by which a non-party is required to waive the rights provided in Rules 45 and 53 or the Local Rules of this Court. Indeed, **Rule 53(b)(1)** expressly provides that parties are

C:\wpdocs\MATTEL - BRYANT\ALBAN LTR 10-04-07

EXHIBIT 30 PAGE 453

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 8, 2007
Page 2

entitled notice and an opportunity to be heard before a discovery master is approved.  Non-parties should be entitled to at least as much protection.

The Discovery Stipulation reflects that the Honorable Edward A. Infante, U.S. Magistrate (Retired), is the Discovery Master.  While, I am confident that he is more than able to satisfactory address any motion you may file, the fact is Stern & Goldberg is not a party and your firm has not remotely complied with the Local Rules of this Court or even the terms of the Discovery Stipulation.

**Local Rule 37-1,** in its relevant part, provides the following:

"Prior to the filing of any motion relating to discovery pursuant to **Fed. R. Civ. P. 26-37.** . . . Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) calendar days after the moving party serves a letter requesting such conference.  The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."

As I previously advised, your letters do not comply with **Local Rule 37-1.**  The letters fail to: (1) "identify each issue and/or discovery request in dispute"; (2) "to state briefly with respect to each such issue/request the moving party's position"; (3) "provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request"; and (4) "specify the terms of the discovery order to be sought."

The Discovery Stipulation provides, in the relevant part of paragraph 5, the following:

"The moving party shall first identify each dispute, state the relief sought, and identify the authorities supporting the request for relief in a meet and confer letter that shall be served on all parties by facsimile or electronic mail."

Your letters also do not comply with the Discovery Stipulation as they fail to: (1) "identify each dispute"; (2) "state the relief sought"; (3) "identify the authorities supporting the request for relief"; or (4) reflect they have been "served on all parties by facsimile or electronic mail."  Indeed, I have been advised that they have not been served on the parties to the action.

Again, my letters to you have raised a number of issues, many of which you continue to refuse to address. You state that "during the conference of counsel, we were happy to clarify the

EXHIBIT *30* PAGE 454

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 8, 2007
Page 3

scope of any of the requests that [we] claim are overbroad." However, that is not in compliance with the Local Rules of this Court or the Discovery Stipulation.

You also finally provided me with a copy of the Notice of the Subpoena which your office purportedly served on the parties to the Action. However, the Notice indicates that your office failed to timely serve Notice of the Subpoena in compliance with **Federal Rules of Civil Procedure, Rule 45(b)(2)**, as it was served _after_ (rather than before) the service of the Subpoena upon my office.

In your letter you state that "from separate discovery that has [sic] Mattel has obtained regarding the dispute between Isaac and Farhad Larian, Mattel has reason to believe that Stern & Goldberg has responsive documents not in the possession of parties in this action or publicly available." Please advise what information you have and what documents you think we would have other than internal memorandum or privileged communications between our office and Morad Zurabi, that would not be in the possession of the parties to the litigation.

You are obligated to send a meet and confer letter which addresses each request in dispute, the basis for such request, the authority upon which you rely and the relief you will seek. In particular, please advise whether you are seeking attorney work product privilege regarding conversations between our office and Morad Zarabi and internal office memorandum not disseminated outside of our office.

As I have previously told you, I am more than willing to meet and confer. However, that process is completely undermined by your repeated failure to address the various issues and disputes in a proper meet and confer letter, so that our meeting can attempt, in good faith, to avoid the discovery dispute. I would therefore suggest a preliminary discussion, via telephone regarding the matter. I am available on October 11, 2007, preferably at 9:00 a.m. Please confirm if that date and time are good for you. If so, then please contact me at that time.

In any event, it is incumbent upon Mattel to comply with the Local Rules of this Court and the Stipulation it authored. I would suggest that you would send me a meet and confer letter that addresses each of the thirty-five different requests, our objections thereto, and provide any authority as to why you believe we should produce documents in response thereto. Since you have been provided with our objections to each of those requests, it should seem to be a relatively straight forward task.

Again, I look forward to your compliance with the Local Rules of this Court. I would suggest that you provide me with a proper meet and confer letter addressing all of these items before you contact me on October 11, 2007, so that we can attempt to fully discuss this matter and hopefully obviate the need for any further action with respect to the Subpoena.

EXHIBIT 30 PAGE 455

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 8, 2007
Page 4

   Your anticipated courtesy and cooperation is appreciated.  If you have any questions, please feel free to contact me.

       Sincerely,

       STERN & GOLDBERG

       ALAN N. GOLDBERG

ANG: cn
Enclosure

cc:  Patricia L. Glaser, Esq./Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
   (via facsimile)
   Alisa Morgenthaler Lever, Esq./Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
   (via facsimile)
   James P. Jenal, Esq./O'Melveny & Myers, LLP (via facsimile)
   Keith A. Jacoby, Esq./Littler Mendelson, P.C. (via facsimile)
   Christa M. Anderson, Esq./Kekar and Van Nest, LLP (via facsimile)
   Marc Smith, Esq., Krane & Smith (via facsimile)
   Morad Zarabi

C:\wpdocs\MATTEL - BRYANT\ALBAN LTR 10-04-07

EXHIBIT 30 PAGE 456

**Exhibit 31**

WRITER'S INTERNET ADDRESS
juanpabloalban@quinnemanuel.com

October 10, 2007

**VIA FACSIMILE AND U.S. MAIL**
**818-758-3950**

Alan N. Goldberg
Stern & Goldberg
6345 Balboa Boulevard, Suite 200
Encino, California 91316

Re:     Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Goldberg:

This letter responds to your October 8, 2007 letter.  Our two prior letters comply with Local Rule 37-1.  Your continued refusal to accept a date and time for a conference of counsel is a transparent delay tactic.  Nevertheless, we will address each discovery request, even though your objections to each are identical or substantially similar.

Preliminarily, the Honorable Stephen G. Larson, United States District Court Judge for the Central District of California, signed the Stipulation and Order for Appointment of a Discovery Master.  In it, he binds "[a]ll third parties subject to discovery requests or deposition" to comply with the Order.  If you wish to challenge Judge Larson's Order, that is your prerogative.  In the meantime, and absent a court order to the contrary, Mattel will file any discovery dispute it has with Stern & Goldberg with the Discovery Master under the terms of the Order.

Request No. 1.:
"All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any and all lawsuits and/or arbitrations between FARHAD LARIAN and ISAAC LARIAN, including without limitation all video and/or sound recordings, transcripts, exhibits, memoranda, witness

EXHIBIT *31* PAGE 457

Alan N. Goldberg
October 10, 2007

statements, declarations, affidavits and sworn testimony given by any PERSON in connection therewith."

•   Mattel will limit this request to lawsuits and arbitrations in any way related to Fahrad's 2000 stock sale to Isaac, any appraisal of MGA (or ABC, as it was formerly known) and/or any dispute in which Bratz is an issue, including without limitation the so-called arbitration that took place in late 2000.

•   Your "overbroad, unduly burdensome and oppressive" objection has no merit.   The Discovery Master has already ruled that these disputes are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

•   Please provide a privilege log for any documents that you withhold under the attorney-client privilege.  Mattel has a right to challenge the merit of your designations under Rule 45.

•   As we have previously stated, your assertion of an arbitral privilege for "information as to the deliberation process of Morad Zarabi" is not applicable under federal law because we do not seek discovery for the purpose of challenging Mr. Zarabi's decisions in any so-called arbitration. You cite a California case to support the claim of privilege, but this action is in federal court. The discovery Mattel seeks goes to the heart of its federal claims against Carter Bryant and MGA.  Federal common law of privilege applies.  See, e.g., Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519, n. 6 (9th Cir. 1987).  Furthermore, as a third party, you can protect the confidentiality of any documents you produce under the Protective Order in effect in this action.  Furthermore, based on correspondence from your law firm that Mattel has obtained in separate discovery, you have previously agreed to and did produce to Isaac and Fahrad Larian material from the so-called arbitration proceedings.  Given that the arbitral privilege under federal law is limited to protecting an arbitrator from challenges to his decision-making process, production to the parties in the arbitration (one of whom challenged the arbitration process in state court) waives any such claim of privilege for the produced documents.  Furthermore, even under California law, any "raw data" Mr. Zarabi obtained -- in other words, anything he used but that was not created for purposes of the arbitration -- is not subject to privilege.  See Rojas v. Sup. Ct., 33 Cal. 4th 407 (2004).  If there is any contractual confidentiality agreement with respect to any so-called arbitrations, please provide it.

•   Based on correspondence and public filings that Mattel has obtained in separate discovery, Stern & Goldberg may have withheld non-privileged material from Isaac and/or Fahrad Larian pursuant to Fahrad's production requests.   Based on other materials in Mattel's possession, Mattel has reason to believe that Stern & Goldberg has responsive, non-privileged and nonpublic documents that the parties to this action do not have in their possession, custody or control.  Furthermore, "arbitration pleadings" are not readily-searchable public files as far as we know.  Mr. Zarabi certainly has not made any proceedings before him public (please do let us

2

EXHIBIT 3/ PAGE 458

Alan N. Goldberg
October 10, 2007

know if he has), and A.D.R., which oversaw the 2005 arbitration, does not make them public either.

Request No. 2.:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO Los Angeles Superior Court Case No. BC301371 filed by FARHAD LARIAN against ISAAC LARIAN and/or any related proceedings, including any appeal thereof, and including without limitation all video and/or sound recordings, transcripts, exhibits, pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection with such suit and/or related proceedings and/or any appeal related to such lawsuit.

• Your "overbroad, unduly burdensome and oppressive" objection has no merit. The Discovery Master has already ruled that the disputes that are the subject of this litigation are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

• Please provide a privilege log for any documents that you withhold under the attorney-client privilege. Mattel has a right to challenge the merit of your designations under Rule 45.

• See discussion under Request No. 1 on arbitral privilege.

• Obviously, not everything sought under this request is a matter of public record. Mattel has already obtained public records for the case from the court therein, and as to any public records Mattel has not been able to obtain, it is less burdensome for Mattel to obtain such records from already-separated third party case files, and pay for all copying costs, than to continue searching for them and arranging copying from the court.

Request No. 3.:

All DOCUMENTS RELATING TO Los Angeles Superior Court Case No. BC329501 filed by FARHAD LARIAN against ISAAC LARIAN, MORAD ZARABI and Kambiz Zarabi, and/or any related proceedings and/or any appeal of such lawsuit, including without limitation all video and/or sound recordings, transcripts, exhibits, pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection with such suit and/or related proceedings and/or any appeal related to such lawsuit.

• Your "overbroad, unduly burdensome and oppressive" objection has no merit. The Discovery Master has already ruled that the disputes that are the subject of this litigation are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

• Please provide a privilege log for any documents that you withhold under the attorney-client or work product privilege. Mattel has a right to challenge the merit of your designations under Rule 45.

3

EXHIBIT *31* PAGE 459

Alan N. Goldberg
October 10, 2007

• <u>See</u> discussion under Request No. 1 on arbitral privilege.

• Obviously, not everything sought under this request is a matter of public record. Mattel has already obtained public records for the case from the court therein, and as to any public records Mattel has not been able to obtain, it is less burdensome for Mattel to obtain such records from already-separated third party case files, and pay for all copying costs, than to continue searching for them and arranging copying from the court.

<u>Request No. 4.</u>
All DOCUMENTS RELATING TO any contract or agreement, or any proposed, offered or requested contract or agreement, between FARHAD LARIAN and/or any FAMILY MEMBER of FARHAD LARIAN, on the one hand, and ISAAC LARIAN and/or MGA, on the other hand, at any time since January 1, 1999, including without limitation any and all actual, proposed, offered or requested amendments or modifications thereto, and including without limitation: (a) the Agreement for Sale of Stock, entered into on or about December 4, 2000, (b) the Agreement to Arbitrate and Selection of Arbitrator between FARHAD LARIAN and ISAAC LARIAN, (c) any and all employment and consulting agreements RELATING TO FARHAD LARIAN, (d) any and all settlements, resolutions or compromises of any kind, and (e) any and all fee or indemnification agreements.

• Mattel will limit this request to any contracts or agreements, or proposed contracts or agreements, in any way leading up to or related to Fahrad's 2000 stock sale to Isaac, any appraisal of MGA (or ABC, as it was formerly known) and/or any dispute in which Bratz is an issue, including without limitation the so-called arbitration that took place in late 2000.

• Your "overbroad, unduly burdensome and oppressive" objection has no merit. The Discovery Master has already ruled that the disputes that are the subject of this litigation are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

• Please provide a privilege log for any documents that you withhold under the attorney-client privilege. Mattel has a right to challenge the merit of your designations under <u>Rule</u> 45.

• <u>See</u> discussion under Request No. 1 on arbitral privilege.

• Based on correspondence and public filings that Mattel has obtained in separate discovery, Stern & Goldberg may have withheld non-privileged material from Isaac and/or Fahrad Larian pursuant to Fahrad's production requests. Based on other materials in Mattel's possession, Mattel has reason to believe that Stern & Goldberg has responsive, non-privileged and nonpublic documents that the parties to this action do not have in their possession, custody or control. Furthermore, "arbitration pleadings" are not readily-searchable public files as far as

EXHIBIT *3* / PAGE 460

Alan N. Goldberg
October 10, 2007

we know.  Mr. Zarabi certainly has not made any proceedings before him public, and A.D.R., which oversaw the 2005 arbitration, does not make them public either.

Request No. 5.:
All DOCUMENTS RELATING TO BRYANT, including without limitation his agreement with MGA dated "as of" September 18, 2000, his work on BRATZ and his employment by MATTEL.

Request No. 6.:
All DOCUMENTS RELATING TO BRATZ that discuss, concern or reference the time period prior to January 1, 2002, regardless of when such DOCUMENT was generated, created, received or transmitted.

Request No. 7.:
All DOCUMENTS RELATING TO the creation, conception, development, design or origins of BRATZ, including without limitation all statements by ISAAC LARIAN, BRYANT or any other PERSON relating thereto at any time.

• You object to Requests Nos. 5-7 jointly and reference your prior objections.  Likewise, see our prior responses to your objections.

• Your objection regarding "privileged" financial information of ABC and/or Isaac Larian has no merit.  If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it.  Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of ABC or Isaac Larian.  Non-public financial information has been ordered produced, and has been produced, in reliance on the Protective Order.

Request No. 8.:
All COMMUNICATIONS to or from YOU, FARHAD LARIAN, ISAAC LARIAN, MORAD ZARABI, BRYANT, Veronica Marlow, Mercedeh Ward, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and/or Anna Rhee RELATING TO BRATZ, including without limitation all diaries, notes, calendars, logs, phone records, letters and other DOCUMENTS relating thereto.

• Your "overbroad, unduly burdensome and oppressive" objection has no merit.  Each person listed in this request is either a party or a person identified by a party as a witness in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

• Please provide a privilege log for any documents that you withhold under the attorney-client privilege.  Mattel has a right to challenge the merit of your designations under Rule 45.

5

EXHIBIT 31  PAGE 461

Alan N. Goldberg
October 10, 2007

- Obviously, not everything sought under this request is a matter of public record, as this request does not seek only pleadings. Mattel has already obtained public records from the cases referred to in Request Nos. 2 and 3, and as to any public records Mattel has not been able to obtain, it is less burdensome for Mattel to obtain such records from already-separated third party case files, and pay for all copying costs, than to continue searching for them and arranging copying from the court.

Request No. 9.:
All planners and calendars, including without limitation any Franklin planner or Outlook calendar, used by FARHAD LARIAN, ISAAC LARIAN or any other PERSON at MGA RELATING TO the time period between January 1, 1999 and December 31, 2001, inclusive.

Request No. 10.:
All DOCUMENTS RELATING TO the timing of any meetings between FARHAD LARIAN and anyone at MGA RELATING TO BRATZ, including but not limited to any planners, calendars, or other meeting records.

Request No. 11.:
All DOCUMENTS that REFER OR RELATE to any ownership rights or interest, or any claimed or alleged ownership rights or interest, in BRATZ.

Request No. 12.:
All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any actual, proposed, contemplated, considered or potential copyright, patent, trademark, design rights or any other application or registration RELATING TO BRATZ.

Request No. 13.:
All DOCUMENTS RELATING TO ANGEL.

Request No. 14.:
All DOCUMENTS RELATING TO PRAYER ANGELS.

- You object to Requests Nos. 9-14 jointly and reference your prior objections. Likewise, see our prior responses to your objections.

- Your objection regarding "privileged" financial information of MGA and/or Isaac Larian has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial

6

EXHIBIT _31_ PAGE 462

Alan N. Goldberg
October 10, 2007

information of MGA or Isaac Larian.  Non-public financial information has been ordered produced, and has been produced, in reliance on the Protective Order.

<u>Request No. 15.:</u>
All DOCUMENTS RELATING TO Elise Cloonan or any of her FAMILY MEMBERS, including without limitation all such COMMUNICATIONS RELATING TO BRYANT, MATTEL, BRATZ, ISAAC LARIAN, MGA and/or Anna Rhee, and including without limitation all diaries, notes, calendars, logs, phone records, letters and other DOCUMENTS RELATING TO such COMMUNICATIONS.

- Your objection regarding "privileged" financial information of MGA and/or Isaac Larian has no merit.  If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it.  Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA or Isaac Larian.  Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

<u>Request No. 16.:</u>
ALL DOCUMENTS RELATING TO any financial appraisal of MGA and/or BRATZ, including without limitation any appraisal or appraisals performed by ERNEST DUTCHER and any instructions given to ERNEST DUTCHER regarding such appraisal or appraisals.

- Your "overbroad, unduly burdensome and oppressive" objection has no merit.  The Discovery Master has already ruled that the disputes that led to the appraisals Mattel seeks here are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

- Please provide a privilege log for any documents that you withhold under the attorney-client or work product privilege.  Mattel has a right to challenge the merit of your designations under <u>Rule</u> 45.

- <u>See</u> discussion under Request No. 1 on arbitral privilege.  In particular, any documents not prepared for the purpose of the so-called arbitration that took place in late 2000, but rather "supplied to the arbitrator in connection with the internal shareholder dispute of ABC," as you suggest, are not subject to an arbitral privilege even under California law, much less Federal law, which applies here.

- Your objection regarding "privileged" financial information of MGA and/or Isaac Larian has no merit.  If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it.  Furthermore, the Protective Order in this action,

7

EXHIBIT *31* PAGE 463

Alan N. Goldberg
October 10, 2007

which you are free to use to designate documents as confidential, adequately protects financial information of MGA or Isaac Larian. Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

Request No. 17.:
All DOCUMENTS RELATING TO any financial or other information considered, relied upon or used in any manner to conduct any valuation or appraisal of MGA and/or BRATZ, including without limitation for the time period from January 1, 1999 to December 31, 2001.

• Your "overbroad, unduly burdensome and oppressive" objection has no merit. The Discovery Master has already ruled that the disputes that led to the appraisals Mattel seeks here are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

• Please provide a privilege log for any documents that you withhold under the attorney-client or work product privilege. Mattel has a right to challenge the merit of your designations under Rule 45.

• See discussion under Request No. 1 on arbitral privilege.

• Your objection regarding "privileged" financial information of MGA and/or Isaac Larian has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA or Isaac Larian. Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

Request No. 18.:
All DOCUMENTS RELATING TO the value of MGA and/or BRATZ at any time since January 1, 1999.

• Your "overbroad, unduly burdensome and oppressive" objection has no merit. The Discovery Master has already ruled that the disputes that Mattel believes led to the creation of the documents Mattel seeks are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

• Please provide a privilege log for any documents that you withhold under the attorney-client or work product privilege. Mattel has a right to challenge the merit of your designations under Rule 45.

• See discussion under Request No. 1 on arbitral privilege.

8

EXHIBIT 31 PAGE 464

Alan N. Goldberg
October 10, 2007

- Your objection regarding "privileged" financial information of MGA and/or Isaac Larian has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA or Isaac Larian. Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

Request No. 19.:
All DOCUMENTS RELATING TO allegations that ISAAC LARIAN concealed from FARHAD LARIAN and/or MORAD ZARABI facts relating to BRATZ and/or BRYANT.

- Your "overbroad, unduly burdensome and oppressive" objection has no merit. The Discovery Master has already ruled that the disputes, which were based on these allegations, are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

- Please provide a privilege log for any documents that you withhold under the attorney-client or work product privilege. Mattel has a right to challenge the merit of your designations under Rule 45.

- See discussion under Request No. 1 on arbitral privilege.

- Obviously, not everything sought under this request is a matter of public record, as this request does not seek only pleadings. Mattel has already obtained public records from the cases referred to in Request Nos. 2 and 3, and as to any public records Mattel has not been able to obtain, it is less burdensome for Mattel to obtain such records from already-separated third party case files, and pay for all copying costs, than to continue searching for them and arranging copying from the court.

Request No. 20.:
All DOCUMENTS RELATING TO the meeting on or about January 26, 2003 between FARHAD LARIAN, MORAD ZARABI, ISAAC LARIAN and Mike Shenasafar, including without limitation all notes and video and/or sound recordings relating thereto.

- Your "overbroad, unduly burdensome and oppressive" objection has no merit. This meeting took place in the course of disputes that the Discovery Master has already ruled are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

- Please provide a privilege log for any documents that you withhold under the attorney-client or work product privilege. Mattel has a right to challenge the merit of your designations under Rule 45.

9

Alan N. Goldberg
October 10, 2007

•     See discussion under Request No. 1 on arbitral privilege.

•     Your objection regarding "privileged" financial information of MGA and/or Isaac Larian has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA or Isaac Larian. Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

Request No. 21.:
DOCUMENTS sufficient to identify any and all appraisers, accountants and consultants who participated or were involved in any lawsuit or arbitration, including pre-arbitration proceedings, or any other dispute between FARHAD LARIAN and ISAAC LARIAN RELATING TO MGA or BRATZ.

•     Your "overbroad, unduly burdensome and oppressive" objection has no merit. The Discovery Master has already ruled that these disputes are relevant in this action; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

•     Please provide a privilege log for any documents that you withhold under the attorney-client or work product privilege. Mattel has a right to challenge the merit of your designations under Rule 45.

•     See discussion under Request No. 1 on arbitral privilege.

•     Obviously, not everything sought under this request is a matter of public record, as this request does not seek only pleadings. Mattel has already obtained public records from the cases referred to in Request Nos. 2 and 3, and as to any public records Mattel has not been able to obtain, it is less burdensome for Mattel to obtain such records from already-separated third party case files, and pay for all copying costs, than to continue searching for them and arranging copying from the court.

•     Your objection regarding "privileged" financial information of MGA and/or Isaac Larian has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA or Isaac Larian. Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

Request No. 22.:

10

EXHIBIT *31* PAGE 466

Alan N. Goldberg
October 10, 2007

All DOCUMENTS RELATING TO any and all payments of money or transfers of anything of value that ISAAC LARIAN, his FAMILY MEMBERS and/or MGA have made, have offered or have proposed, promised or agreed to make, to or for the benefit of FARHAD LARIAN or his FAMILY MEMBERS at any time from January 1, 1999 through the present.

- Your objection regarding financial information of Isaac Larian or Fahrad Larian has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA or Isaac Larian. Non-public financial information has been ordered produced; and has been produced in this action, in reliance on the Protective Order.

- See discussion under Request No. 1 on arbitral privilege.

Request No. 23.:
All DOCUMENTS RELATING TO any and all payments of money or transfers of anything of value that any PERSON has made, has offered or has proposed, promised or agreed to make, to or for the benefit of FARHAD LARIAN or his FAMILY MEMBERS and that was related in any way to BRATZ, BRYANT, MGA or this ACTION at any time from January 1, 1999 through the present.

- Your "overbroad, unduly burdensome and oppressive" objection has no merit. This request is tailored to address payments related to matters directly at issue in this litigation; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

- Your objection regarding financial information of Isaac Larian, Fahrad Larian and Carter Bryant has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA, Isaac Larian or Carter Bryant. Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

- See discussion under Request No. 1 on arbitral privilege.

Request No. 24.:
All DOCUMENTS RELATING TO any royalties paid, proposed, offered or promised to or for the benefit of any PERSON RELATING TO BRATZ, including without limitation any such royalties paid, proposed, offered or promised to or for the benefit of ISAAC LARIAN and/or FARHAD LARIAN.

EXHIBIT _3_ / PAGE 467

Alan N. Goldberg
October 10, 2007

• Your "overbroad, unduly burdensome and oppressive" objection has no merit. This request is tailored to address royalty payments related to matters directly Bratz, which are directly at issue in this litigation; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

• Your objection regarding financial information of Isaac and Fahrad Larian has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA, Isaac Larian or Carter Bryant. Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

• See discussion under Request No. 1 on arbitral privilege.

Request No. 25.:
All DOCUMENTS RELATING TO this ACTION, including all COMMUNICATIONS relating thereto.

• You have confirmed that you do not have responsive documents other than the subpoena and a pacer search (and presumably all subsequent letters). We do not need production of the pacer search or the correspondence related to the subpoena.

Request No. 26.:
All COMMUNICATIONS between FARHAD LARIAN and MATTEL since January 1, 1999, and all DOCUMENTS relating thereto.

• You have confirmed that you do not have responsive documents.

Request No. 27.:
All DOCUMENTS that FARHAD LARIAN and/or YOU showed MATTEL at any time since January 1, 1999, including without limitation all such DOCUMENTS that attorneys for FARHAD LARIAN showed MATTEL in connection with this ACTION, including without limitation each of the following: [examples omitted]

• Your "overbroad, unduly burdensome and oppressive" objection has no merit. This request is tailored to address documents directly relevant to this litigation, including as made relevant by MGA in seeking to disqualify Quinn Emanuel as Mattel's attorneys based on its communications with third party Fahrad Larian; you presumably have case files that are readily searchable and can be copied; and Mattel will cover the copying costs of your production.

12

EXHIBIT 31 PAGE 468

Alan N. Goldberg
October 10, 2007

• Please provide a privilege log for any documents that you withhold under the attorney-client privilege. Mattel has a right to challenge the merit of your designations under Rule 45.

• See discussion under Request No. 1 on arbitral privilege.

• Obviously, not everything sought under this request is a matter of public record, as this request does not seek only pleadings. Mattel has already obtained public records from the cases referred to in Request Nos. 2 and 3, and as to any public records Mattel has not been able to obtain, it is less burdensome for Mattel to obtain such records from already-separated third party case files, and pay for all copying costs, than to continue searching for them and arranging copying from the court. Furthermore, "arbitration pleadings" are not readily-searchable public files as far as we know. Mr. Zarabi certainly has not made any proceedings before him public, and A.D.R., which oversaw the 2005 arbitration, does not make them public either.

Request No. 28.:
All DOCUMENTS that MATTEL provided to YOU and/or FARHAD LARIAN, or provided for YOUR review and/or for the review of FARHAD LARIAN, since January 1, 1999.

• You have confirmed that you do not have responsive documents.

Request No. 29.:
All DOCUMENTS RELATING TO the payment, offering or promising of money or anything of value by ISAAC LARIAN, MGA and/or FARHAD LARIAN to any PERSON who was at the time employed by or worked for MATTEL.

• You have confirmed that you do not believe you have responsive documents.

• See discussion under Request No. 1 on arbitral privilege.

• Your objection regarding financial information of Isaac and Fahrad Larian has no merit. If you purport to withhold these documents based on a contractual confidentiality agreement Mr. Zarabi signed, please provide it. Furthermore, the Protective Order in this action, which you are free to use to designate documents as confidential, adequately protects financial information of MGA, Isaac Larian or Carter Bryant. Non-public financial information has been ordered produced, and has been produced in this action, in reliance on the Protective Order.

Request No. 30.:
All DOCUMENTS, since January 1, 1999, RELATING TO FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any MATTEL line list or other DOCUMENT prepared or compiled by MATTEL identifying MATTEL products in the planning, design or development phase.

13

EXHIBIT *31* PAGE 469

Alan N. Goldberg
October 10, 2007

- You have confirmed that you do not have responsive documents.

Request No. 31.:

All DOCUMENTS, since January 1, 1999, RELATING TO FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that was not publicly available at the time of FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's receipt of such DOCUMENT.

- You have confirmed that you do not have responsive documents.

Request No. 32.:

All DOCUMENTS, since January 1, 1999, RELATING TO FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's knowledge of MATTEL's employment or inventions agreements.

- You have confirmed that you do not have responsive documents.

Request No. 33.:

Any STORAGE DEVICE used by FARHAD LARIAN RELATING TO any portion of the time period from January 1, 1999 through December 31, 2002, inclusive, and/or any DOCUMENTS responsive to any other Request herein.

- Our responses to all of your prior objections, which you incorporate, are also incorporated.

Request No. 34.:

All DOCUMENTS RELATING TO any instruction or COMMUNICATION by or to YOU, FARHAD LARIAN, ISAAC LARIAN and/or MGA to destroy, conceal, secret or withhold any DOCUMENT since January 1, 1998, including without limitation in connection with this ACTION.

- You have confirmed that you do not have responsive documents "based upon [your] interpretation of the request." If your interpretation is anything other than what the plain-English language of the request says, please let us know.

- To clarify, Mattel will limit the scope of this request to instructions or communications that relate to documents that would be responsive to Request Nos. 1-33 above. Mattel has a right to know if documents responsive to its requests have been destroyed, and when. Mattel also has a right to know if you or Mr. Zarabi improperly withheld documents in prior litigation and/or arbitrations between Isaac and Fahrad Larian, particularly in light of your claim that you

14

EXHIBIT _31_ PAGE 470

Alan N. Goldberg
October 10, 2007

produced everything not privileged to parties in this action, and particularly in light that your claim is contradicted by sworn testimony that Mattel obtained in separate discovery related to the prior litigation and arbitrations.

Request No. 35.:

All DOCUMENTS, including all COMMUNICATIONS, RELATING TO the preservation, retention or destruction of any DOCUMENT that is sought by or the subject of Request Nos. 1 through 34, inclusive.

•       You have confirmed that you do not have responsive documents.

•       As you incorporate your objections to all prior requests, we incorporate our responses to your prior objections.

Please be prepared to hold a full conference of counsel at 9 a.m. on Thursday, October 11, the time you suggested for a preliminary discussion. There was never a need for preliminary discussion, and there is certainly no need now.

Very truly yours,

Juan Pablo Albán
07209/2251758.1

15

EXHIBIT 31 PAGE 471

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<u>NEW YORK</u>
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

<u>LOS ANGELES</u>
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

<u>SAN FRANCISCO</u>
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

DATE:    October 10, 2007

NUMBER OF PAGES, INCLUDING COVER ~~69~~ 16

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alan N. Goldberg <br> **Stern & Goldberg** | | 818-758-3950 |

FROM:      Juan Pablo Albán, Esq.

RE:        *Mattel v. Bryant*

MESSAGE:

PLEASE SEE ATTACHED.

FAXED
OCT 1 0 2007

07209/2236907.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Lorraine R. - 4th Fl. | ☒ CONFIRM FAX <br> ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | | CONFIRMED?  ☐ NO  ☐ YES: _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIB **EXHIBIT** *3/* **PAGE 472**

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO                2414
RECIPIENT ADDRESS       9414#007209#18187583950
DESTINATION ID
ST. TIME                10/10 18:35
TIME USE                06'04
PAGES SENT              16
RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<u>NEW YORK</u>
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

<u>LOS ANGELES</u>
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

<u>SAN FRANCISCO</u>
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

DATE:    October 10, 2007

NUMBER OF PAGES, INCLUDING COVER 69 16

NAME/COMPANY
Alan N. Goldberg
Stern & Goldberg

PHONE NO.

FAX NO.
818-758-3950

FROM:    Juan Pablo Albán, Esq.

RE:    *Mattel v. Bryant*

MESSAGE:

PLEASE SEE ATTACHED.

EXHIBIT 3/ PAGE 473

**Exhibit 32**

RECEIVED

OCT 1 3 2007

## STERN & GOLDBERG
### ATTORNEYS AT LAW
6345 BALBOA BOULEVARD
SUITE 200
ENCINO, CALIFORNIA 91316
(818) 758-3940
(310) 278-8686

ELLIS STERN*†
ALAN N. GOLDBERG*
KIEN C. TIET

*CERTIFIED SPECIALIST,
TAXATION LAW
*CERTIFIED SPECIALIST,
PROBATE, ESTATE PLANNING
AND TRUST LAW
THE STATE BAR OF CALIFORNIA
BOARD OF LEGAL SPECIALIZATION

JUSTIN J. LANSBERG
LAWRENCE W. HAIT
OF COUNSEL

FAX (818) 758-3950
E-MAIL: estern@sgettys.com
agoldbrg@sgettys.com
ktiet@sgettys.com
jlansberg@sgettys.com

October 16, 2007

**Via Facsimile and U.S. Mail**
**(213) 624-0643**

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel, Inc. - Carter Bryant
       U.S.D.C. Case No. CV04-9049 SGL (RNBx)

Dear Mr. Alban:

This letter is to follow up our telephone discussion on October 11, 2007, and my letter to Ms. Morgenthaler Lever of October 12, 2007, regarding the above-entitled matter.

This letter is to advise you that we have not received any objection to our producing a copy of the privilege log, which we submitted to counsel for Isaac Larian and Farhad Larian in the action entitled **Larian v. Larian, L.A.S.C. Case No. BC 301371** ("Underlying Proceeding" herein).  As such, I enclose a copy of that privilege log.

In connection with the five (5) items listed on the privilege log, it is my understanding that Item No. 4, the Appraisal Report from National Business Appraisers, dated February 13, 2003 was subsequently produced to both Isaac Larian and Farhad Larian in the Underlying Proceeding.  In addition, Item Nos. 1, 2 and 5, the MGA Restructuring, Corporate Minutes and the letter from Isaac Larian to Morad Zarabi, dated August 29, 2003 are obviously in the possession of Isaac Larian.  We no longer have possession of Item No. 3, the tape recording of the January 23, 2003 meeting, although, I believe we have a transcription of that tape.

I hope this concludes our involvement in the action, as the only documents which may not be otherwise available to your firm would be the internal documents created by Mr. Zarabi in his capacity as the arbitrator which were not previously disseminated to the parties in the Underlying Proceeding.

C:\wpdocs\MATTEL - BRYANT\ALBAN LTR 10-16-07

EXHIBIT 32 PAGE 474

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
October 16, 2007
Page 2

      If you have any questions or would like to discuss the matter further, please feel free to contact me.

                Sincerely,

                STERN & GOLDBERG

                ALAN N. GOLDBERG

ANG: cn
Enclosure

cc:    Jon Corey /Quinn Emanuel Urquhart Oliver & Hedges, LLP
       (w/encl., via facsimile)
       Marc Smith, Esq., Krane & Smith (w/encl., via facsimile)
       Bryant S. Delgadillo, Esq./Kaye Scholer, LLP (w/encl., via facsimile)
       Alisa Morgenthaler Lever, Esq./Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
       (w/encl., via facsimile)
       Morad Zarabi

C:\wpdocs\MATTEL - BRYANT\ALBAN LTR 10-16-07

EXHIBIT 32 PAGE 475

**Felina - International Traders**
**Larian v. Larian**
**LASC Case No.: BC 301371**

## Privilege Log

1.   MGA Restructuring  -  October 1, 2002

2.   Signed Unanimous Written Consent of Shareholders of ABC International Trader - September 13, 2002

3.   Tape Recording of January 23, 2003 Meeting

4.   Appraisal Report from National Business Appraisers - February 13, 2003

5.   Letter from Isaac to Morad - August 29, 2003

EXHIBIT 32 PAGE 476

**Exhibit 33**



**quinnemanuel** triallawyers | losangeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
juanpabloalban@quinnemanuel.com

October 25, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>
818-758-3950

Alan N. Goldberg
Stern & Goldberg
6345 Balboa Boulevard, Suite 200
Encino, California 91316

Re:     <u>Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)</u>

Dear Mr. Goldberg:

This letter memorializes the telephone conference you, Jon Corey and I had on October 11, 2007
and provides a summary of our research regarding arbitral privilege under federal law.  As we
initially found and have now confirmed, no arbitral privilege applies to Mr. Zarabi in this case.

You stated that Isaac and Fahrad Larian may have in their possession some documents that you
have, and which we seek.  You also confirmed that you possess, and that they do not have
documents that you withheld from them based on the attorney-client, work product and arbitral
privileges.  We appreciate your efforts to talk to Isaac's, Fahrad's and MGA's attorneys to
persuade them to produce these documents. Your efforts, however, have apparently fallen on
deaf ears. They have not responded to your October 12, 2007 letter advising them it would be
prudent to produce responsive documents to Mattel.  Neither Isaac nor Fahrad have produced
documents in response to Mattel's document requests.  So, we need to obtain these documents
from you, as we have the right to do.  See, e.g., U.S. v. American Optical Co., 39 F.R.D. 580,
583 (N.D. Cal. 1966) (if documents subpoenaed under Rule 45 are relevant and there is good
cause for their production, the subpoena is enforced unless the documents are privileged or the
subpoena is unreasonable, oppressive, annoying, or embarrassing); State Farm Mut. Auto. Ins.
Co. v. Accurate Medical, P.C., 2007 WL 2993840, at *1 (E.D.N.Y. 2007) ("a person may not

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT 33  PAGE 477

Alan N. Goldberg
October 25, 2007

avoid a subpoena by saying that the evidence sought from him is obtainable from another.") (quoting Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 998 (10th Cir. 1965)); see also Fed. R. Civ. P. 26(d) (methods of discovery may be used in any sequence). As we mentioned before, Mattel will cover the copying costs of these documents. Please let me know when Mattel can expect them.

We confirmed that we do not have an issue with your withholding documents based on the legitimate assertions of attorney-client and work product privileges. For now, you produced to us the privilege log that you gave to Isaac and Fahrad identifying the documents you withheld from them, which we appreciate. It appears, however, to include only documents that you withheld from Isaac and Fahrad based on the arbitral privilege, the applicability of which we will address below.

Mattel does not understand any of the documents to be communications between Stern & Goldberg and Mr. Zarabi or Stern & Goldberg's work product, so those privileges would not attach to those documents and they should be produced. Otherwise, Stern & Goldberg has not identified any other responsive documents as to which it asserts any claim of privilege. Please provide us with a privilege log identifying those documents and the privilege claimed.

**The Arbitral Privilege**

We agreed to get back to you with more authority as to why California Evidence Code § 703.5 and other bases for an "arbitral privilege" do not apply to our requests. Whether or not your withholding documents from Fahrad and Isaac Larian based on the "arbitral privilege" was appropriate with respect to their state law disputes, that privilege does not apply to the subpoena Mattel served on you.

First, federal common law of privilege applies in federal question cases. Fed. R. Evid. 501; U.S. v. Zolin, 491 U.S. 554, 562 (1989); Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Arizona, 881 F.2d 1486, 1492 (9th Cir. 1989); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n. 6 (9th Cir. 1987). This is a federal question case, not based on diversity jurisdiction. Mattel's complaint includes claims for federal copyright infringement, violation of RICO and conspiracy to violate RICO. MGA has also asserted claims under the federal trademark statutes. The origins, creation and development of Bratz -- the crux of the discovery Mattel seeks from you, including what MGA and Isaac Larian were doing and concealing with respect to Bratz in 1999 and 2000 -- are also the crux of Mattel's federal claims. The presence of state law claims does not change that result -- federal privilege law applies. Agster v. Maricopa County, 422 F.3d 836, 839-840 (9th Cir. 2005), cert. denied, 126 S.Ct. 473 (2005) ("Where there are federal question claims and pendent state law claims present, the federal law of privilege applies.") (citing Wm. T. Thompson Co. v. General Nutrition Corp., Inc., 671 F.2d 100, 104 (3d Cir. 1982)); Southern California Housing Rights Center v. Krug, 2006 WL 4122148, at *3 (C.D. Cal. 2006); Harbert v. Priebe, 466 F. Supp. 2d 1214, 1215 (N.D. Cal. 2006); Corser v. County of Merced, 2006 WL 2536622, at *3 (E.D. Cal. 2006); see also Fed. R. Evid. 501, Advisory Comm.

2

EXHIBIT 33 PAGE 478

Alan N. Goldberg
October 25, 2007

Note ("It is also intended that the Federal law of privileges should be applied with respect to pendent State law claims when they arise in a Federal question case.").[1]

Second, any "arbitral privilege" that exists under federal law simply does not apply here. No provision in either the Federal Arbitration Act or the Federal Rules of Evidence is comparable to California Evidence Code § 703.5. The case we cited in our initial meet and confer letter, National Hockey League Players' Ass'n v. Bettman, explains the limits of the "arbitral privilege" under federal law:

> As for the so-called arbitral immunity, the principle that defendants invoke is not, strictly speaking, an evidentiary privilege. Rather, the federal courts have developed two related rules governing the status of arbitrators *in the context of litigation challenging the results of an arbitration* . . .
>
> First, arbitrators are immune from personal-damage liability for their decisions, because they occupy a position comparable to that of a judicial officer . . . .
>
> Second . . . *in actions addressing the results of an arbitration-whether it be a proceeding to enforce or to set aside an arbitrator's award*-the court is to exercise close supervision over the extent and nature of discovery, although the discovery rules are, at least in principle, applicable to such a proceeding.

1994 WL 38130, at *2, *6-7 (S.D.N.Y. 1994) (emphases added). Because Mattel does not seek discovery to challenge Mr. Zarabi's decisions, the limited federal arbitral privilege does not apply here.

Every other federal case we found is consistent with National Hockey League's explanation of the scope of the federal arbitral privilege. For example, in Matter of Andros Compania Maritima, S.A. (Marc Rich & Co., A.G.), 579 F.2d 691 (2nd Cir. 1978), on which National Hockey League relies, the Second Circuit started with the premise that "the discovery procedures of the Federal Rules of Civil Procedure are generally applicable to Title 9 proceedings." Id. at 702.[2] The court then held that, "in the *special context* of what are in effect *post hoc efforts to induce arbitrators to undermine the finality of their own awards*, we agree with the district court that any questioning of arbitrators should be handled pursuant to judicial supervision and limited to situations where clear evidence of impropriety has been presented." (emphases added). See also Lyeth v. Chrysler Corp., 929 F.2d 891, 900 (2nd Cir. 1991) ("*To the extent that*

---

[1]   We doubt Mr. Zarabi qualifies as an "arbitrator" within the meaning of the California statute anyway, but even if he could make such a threshold showing, the case law above makes clear that the state statute does not apply here.

[2]   Title 9 is a reference to the Federal Arbitration Act.

3

EXHIBIT *33* PAGE 479

Alan N. Goldberg
October 25, 2007

Chrysler's request to depose the individual arbitrator *was aimed at contesting Lyeth's Lemon Law award*, the district court properly denied discovery because Chrysler did not present clear evidence of any impropriety.") (citing Andros) (emphases added); Frere v. Orthofix, Inc., 2000 WL 1789641, at *5 (S.D.N.Y. 2000) ("As is evident both from Andros and from subsequent court decisions . . . that standard [i.e., the arbitral privilege] applies *only to discovery inquiries directed at the arbitrator* and *only when the goal is to impugn the validity of the arbitrator's decision*.") (emphasis added).

Ninth Circuit law is consistent with, and in fact has relied on, the precedent established in the Second Circuit. See, e.g., Woods v. Saturn Distribution Corp., 78 F. 3d 424, 430 (9th Cir. 1996) ("The Federal Rules of Civil Procedure do not apply to 'post hoc' questioning of arbitrators in Title 9 proceedings and 'any questioning of arbitrators should be handled pursuant to judicial supervision and limited to situations where clear evidence of impropriety has been presented.'") (quoting Andros). In Woods, the party seeking discovery was expressly challenging the prior arbitration decision. Id.. Accord Thomas Kinkade Co. v. Hazlewood, 2007 WL 217384, *2-4 (N.D. Cal. 2007) (allowing limited discovery in the context of a challenge to the arbitration); Empresa Constructora Contex Limitada v. Iseki, Inc., 106 F.Supp. 2d 1020, 1024-1025 (S.D. Cal. 2000); Corsini v. Prudential Securities, Inc., 1995 WL 663174, at *2 (S.D. Cal. 1995); Portland General Elec. Co. v. U.S. Bank Trust Nat. Ass'n, 38 F.Supp. 2d 1202, 1208-1210 (D. Or. 1999) (reversed on other grounds). In each of these district court cases, an arbitrator's right to withhold discovery related to his deliberations was limited to the context of subsequent proceedings challenging the arbitral award in some way. Again, that is not the case here. As the Second Circuit found in Andros, the standard discovery obligations and limitations under the Federal Rules of Civil Procedure apply.

We trust that the above-cited authority resolves any concerns you had regarding the "arbitral privilege" and hope we can come to an amicable resolution on this issue.

Documents that we believe are in your possession to which an arbitral privilege does not apply or which are otherwise discoverable from you include, without limitation, (1) each of the five sets of documents listed in the privilege log you sent us, (2) all documents relied upon for the February 13, 2003 appraisal,[3] (3) the transcript of the January 23, 2003 meeting, (4) the Appraisal Report bates stamped ED 2 - 163, (5) an October 16, 2000 letter from Mr. Stern to National Business Appraisers and enclosures bates stamped ED 164 -178, (6) MGA tax and accounting information bates stamped ED 179 - 642, and (6) "Confidential Reconciliations"

---

[3]   Howarth & Smith produced to us all documents in their possession that were not work product or subject to the attorney-client privilege. However, they confirmed that they never received the February 13, 2003 appraisal documents, and that they do not have *any* documents produced during the Larian v. Larian disputes. Though Howarth had them at one time, Fahrad took all such documents with him when he substituted Howarth with other counsel.

4

*Exhibit 33, Page 480*

Alan N. Goldberg
October 25, 2007

bates stamped MZ 942 - 1948.  To avoid any doubt, your production should also include all information in your possession that MGA, Isaac or Fahrad provided to Mr. Zarabi and/or his appraiser (Ernest Dutcher and/or his company, National Business Appraisers) for purposes of any appraisals done between 2000 and 2004, inclusive.

We agreed to have another conference after you had a chance to talk to MGA's, Isaac's and Fahrad's attorneys.  Please let us know if they responded to your October 12, 2007 letter, and if not, whether or not you intend to continue your discussion with Skadden Arps and Christensen Glaser.  Otherwise, we should hold our conference as soon as possible.  In that case, let us know a convenient time for you this week.

We look forward to hearing from you.

Very truly yours,

Juan Pablo Albán
07209/2252378.3

5

EXHIBIT *33* PAGE 481

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-8700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:** October 25, 2007

**NUMBER OF PAGES, INCLUDING COVER** 6

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alan N. Goldberg **Stern & Goldberg** | | 818-758-3949 |

**FROM:** Juan Pablo Albán, Esq.

**RE:** *Mattel v. Bryant*

**MESSAGE:**

**PLEASE SEE ATTACHED.**

FAXED
OCT 2 5 2007

07209/2236907.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Lorraine R. - 4th Fl. | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *Jiffy* | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT *33* PAGE 482

Confirmation Report — Memory Send

```
                                    Page      : 001
                                    Date & Time: 10-25-2007   11:10am
                                    Line 1    : 2134433100
                                    Line 2    :
                                    Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 010 |
| Date | : | 10-25 11:07am |
| To | : | ☎76681#7209#18187583949 |
| Number of pages | : | 006 |
| Start time | : | 10-25 11:07am |
| End time | : | 10-25 11:10am |
| Pages sent | : | 006 |
| Status | : | OK |

Job number    : 010        *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:      October 25, 2007                    NUMBER OF PAGES, INCLUDING COVER 6

NAME/COMPANY                  |        PHONE NO.   |        FAX NO.
Alan N. Goldberg                                              818-758-3949
Stern & Goldberg

FROM:      Juan Pablo Albán, Esq.

RE:        *Mattel v. Bryant*

MESSAGE:

PLEASE SEE ATTACHED.

| 07209/2235907.1 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/RETURN TO: | Lorraine R. - 4th Fl. | ☑ CONFIRM FAX ☑ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT *33* PAGE 483

**Exhibit 34**

**quinnemanuel** triallawyers | losangeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
juanpabloalban@quinnemanuel.com

December 10, 2007

**VIA FACSIMILE AND U.S. MAIL**
310-556-2920

Alisa Morgenthaler-Lever
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP
10250 Constellation Boulevard, Nineteenth Floor
Los Angeles, California 90067

Re:   <u>Mattel v. Bryant</u>, Case No. CV 04-9049 SGL (RNBx)

Dear Ms. Lever:

Thank you for your December 7, 2007 letter.

Your letter's demand that Mattel withdraw its motion lacks merit and indeed fails to recognize that the motion principally deals with those requests Farhad Larian has refused–and still refuses –to produce documents in response to.  As you know, Farhad Larian is relying on objections to withhold, and in many cases to even look for, documents to which Mattel is entitled.  With respect to those objections, outlined in our motion, both Farhad Larian and Mattel previously agreed that Judge Infante needs to resolve those.  Thus, your belated insistence now that further discussions should have been held before the motion was filed is without basis, especially given that the discovery cut-off is less than two months away.  Of course, if you wish to further discuss whether Farhad Larian will withdraw some or all objections to narrow the scope of the motion, then Mattel will be happy to participate in such conversations.

Mattel more than amply complied with its meet and confer obligations and repeatedly attempted to resolve the matter with Farhad Larian's counsel, to no avail.  Mattel asked you to participate in a meeting of counsel on October 3, 2007, more than two months ago.  You delayed holding a conference until November 13, 2007, after we had to ask you to engage on this issue no fewer than four times.  We had two telephonic conferences, one on November 20, 2007 and another on

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-310~ FAX 858-812-3336

EXHIBIT 34 PAGE 484

Alisa Morgenthaler-Lever
December 10, 2007

November 27, 2007, which lasted together more than three hours, and we discussed each request at issue at length.

Nor was any of this altered by subsequent events. To clarify the record on your interpretation of the "process of scheduling an additional meet and confer," when we spoke on December 4, 2007, I told you that it would be more efficient for us to respond by letter to the few, minor issues raised in your November 30, 2007 letter. As an accommodation to you, and after you told me that you could speak by telephone on December 5, 2007, I thought a phone call the next morning was just as efficient as correspondence. You emailed me later saying you could not talk until the late afternoon of December 5. That was still okay on our end. Then, you emailed me at 10:02 p.m., saying for the first time that counsel for MGA—who has asserted no objections to the Farhad Larian subpoena—had to be involved, and that their participation necessitated yet more delay. Thus, any failure to conduct yet more meet and confers was solely your and MGA's doing. Moreover, your insistence on the participation of counsel for MGA raises genuine concerns. Isaac Larian and MGA have done nothing but obstruct discovery in this case, including with respect to the <u>Larian v. Larian</u> documents; MGA to the point of apparently violating an order of the Discovery Master (an issue that Mattel has separately raised with it).

In short, your suggestion that the meet and confer process was incomplete as to the matters Mattel has moved on is demonstrably wrong.

You claim that Request Nos. 1 and 2 are substantively different than Request Nos. 4 and 16. However, you have never remotely suggested that the lawsuits and arbitrations that Requests Nos. 1 and 2 ask about involve proceedings other than the ones related to Farhad Larian's sale of stock in December 2000, and his subsequent allegations that Isaac Larian concealed the development of Bratz before that sale. Contrary to your December 7 letter, Request Nos. 1 and 2 ask only about lawsuits and arbitrations, not "any" dispute. As far as we know, then, Request Nos. 1, 2, 4 and 16 ask about the same proceedings, and you have not suggested – in either the December 6 or 7 letters – that you produced documents responsive to these four requests without narrowing the production to your subjective, and self-serving, interpretation of what relates to Bratz, Carter Bryant or Mattel. You still have not said that you produced all non-privileged responsive documents responsive to Request Nos. 4 and 16.

Furthermore, based on our review of your December 6, 2007 production so far, it appears that Farhad Larian still has not produced the Dutcher Declaration and exhibits that we cite in the motion to compel and supporting separate statement. Farhad Larian himself publicly filed that declaration. As a result, Mr. Larian cannot now plausibly claim that he withheld this document because of a protective order. He also appears not to have produced the transcript of a meeting between Mr. Zarabi, Mr. Dutcher and an unidentified third person, clearly responsive to Mattel's Request Nos. 1, 2, 4 and 16. Mr. Zarabi produced that document to Mr. Larian without any confidentiality protection, and again Mr. Larian cannot claim it is subject to a protective order. These two critical documents alone confirm that Farhad Larian continues to withhold non-privileged documents responsive to these four requests, apparently based on an improper

2

EXHIBIT 34 PAGE 485

Alisa Morgenthaler-Lever
December 10, 2007

interpretation of what relates to Bratz. The production only confirms that Farhad Larian continues to flout his discovery obligations, that the meet and confer process concluded on November 27 and that the motion should go forward.

The same two documents missing from Mr. Larian's production also confirm his continued improper withholding of documents responsive to Request Nos. 17-19, which again without question call for production of these non-privileged documents.

Your notes on Request Nos. 8 and 9 (as summarized in your December 6 letter) apparently contradict our notes. Nevertheless, if you agreed during the conference to produce all non-privileged documents responsive to Request No. 8, as you claim, why did you raise it as an outstanding request in your November 30, 2007 letter? By your December 6 account, you agreed with us that the meet and confer process concluded for this request. As to Request No. 9, my notes indicate that you agreed to produce only entries "related to Bratz" (the same improper narrowing that concluded the meet and confer process for Request Nos. 4, 16, 17, 18 and 19). Mattel disagreed with your comment, as Mattel advised you at the time.

As for Request No. 25, which seeks documents related to this action, you say now that you understood our position during the conference. Yet, you never told us this until your December 6, 2007 letter, which I received after we filed the motion to compel. Regardless, it would have been nonsensical to schedule another telephonic conference, once again having to fit Skadden's schedule, for you to tell us this one-line representation. You could have so said in your November 30, 2007 letter, for example, instead of continuing the delay tactics. The same applies to Request Nos. 38 and 39. If you are now agreeable to producing all responsive, non-privileged documents to Request No. 25, then say so in your opposition. It will narrow the issues. If Mr. Larian does not have any documents responsive to Request Nos. 38 and 39, then supplement Mr. Larian's responses. As your December 6, 2007 and your second production confirms, however, the motion to compel was and remains necessary.

As for the deposition of Mr. Larian, because Mr. Larian's production obligations have not been resolved, a deposition date of December 17 is premature. Please provide us with dates when in January, after January 10, 2008 (when the Discovery Master determines the scope of Mr. Larian's remaining production obligations), Mr. Larian is available for deposition.

Very truly yours,

Juan Pablo Albán
07209/2312995.1

3

**EXHIBIT 34 PAGE 486**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   December 10, 2007

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Alisa Morgenthaler-Lever* **Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP** | 310-553-3000 | 310-556-2920 |

**FROM:**   Juan Pablo Albán

**RE:**   Mattel v. Bryant
Case No. CV 04-9049 SGL (RNBx)

*FAXED*
DEC 1 0 2007

**MESSAGE:**

Please see attached.

07209/2241408.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | **Lorraine R. - 4th Fl.** | ☐ CONFIRM FAX X INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT *34* PAGE 487

```
                        *********************
                        ***  TX REPORT  ***
                        *********************

        TRANSMISSION OK

        TX/RX NO              4485
        RECIPIENT ADDRESS     9643#7209#13105562920
        DESTINATION ID
        ST. TIME              12/10 09:52
        TIME USE              01'10
        PAGES SENT            4
        RESULT               OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   December 10, 2007          **NUMBER OF PAGES, INCLUDING COVER: 4**

| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| *Alisa Morgenthaler-Lever* **Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP** | 310-553-3000 | 310-556-2920 |

**FROM:**   Juan Pablo Albán

**RE:**   Mattel v. Bryant
Case No. CV 04-9049 SGL (RNBx)

**MESSAGE:**

Please see attached.

EXHIBIT **34** PAGE 488

**Exhibit 35**

RECEIVED

DEC 1 0 2007

LAW OFFICES

CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 282-6287
EMAIL: AMORGENTHALER@CHRISGLASE.COM

December 7, 2007

MERITAS LAW FIRMS WORLDWIDE

VIA FACSIMILE AND U.S. MAIL

Juan Pablo Alban, Esq.
Quinn Emanuel Urquhart Oliver
   & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

        Re:    Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Alban:

        We are in receipt of Mattel's motion to compel the production of documents by Farhad Larian in response to the subpoena which Mattel served on him.

        Your motion is procedurally improper and in bad faith given that it was filed before the parties had concluded their meet and confer communications.  Indeed, on the very day in which you filed your motion, Mr. Larian was scheduled to make a supplemental production of documents and produced six bankers' boxes of documents, resulting in a total production to date of over 12,000 pages in response to the subpoena.  Moreover, just one day prior to the filing of your motion, the parties were in the process of scheduling an additional meet and confer conference that was to be held on the day you filed your motion: copies of the e-mail correspondence discussing the scheduling of such conference are attached.  However, rather than concluding the meet and confer process as required by Local Rule 37-1, you prematurely filed your motion.  In light of the foregoing, we hereby demand that you immediately withdraw your motion.  If you do not do so, please be advised that we will be seeking sanctions against you for your failure to comply with Local Rule 37-1 and bad faith discovery tactics.

        On a related issue, we stated that we would get back to you regarding Mr. Larian's availability for his deposition.  Mr. Larian is available on December 17, 2007.  Please be advised

612245.1

EXHIBIT 35 PAGE 489

Juan Pablo Alban, Esq.
December 7, 2007
Page 2


that Mr. Larian will only agree to be deposed on one day consisting of seven hours of testimony in compliance with Federal Rule 30(d)(2).

Very truly yours,

*Alisa Morgenthaler Lever*

Alisa Morgenthaler Lever
of CHRISTENSEN, GLASER, FINK, JACOBS,
WEIL & SHAPIRO, LLP

AML/eb
cc:   Patricia L. Glaser, Esq.
      Amy Park, Esq. (via facsimile)
      Jose R. Allen, Esq.
      Scott Gizer, Esq.


612245.1

EXHIBIT 35 PAGE 490

Exhibit  36

Received: 11/21/07 11:32AM; -> QUINN EMANUEL; Page 2

NOV-21-07   11:33AM   FROM-KayeScholer                              +          T-774   P.002/005   F-988

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
310 788-1000
Fax 310 788-1200
www.kayescholer.com

Bryant S. Delgadillo
310 788-1341
Fax 310 788-1200
bdelgadillo@kayescholer.com

November 21, 2007

**VIA FACSIMILE AND U.S. MAIL**
Juan Pablo Alban
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    **Mattel v. Bryant, et al. Case No.: CV 04-9049-SGL(RNBx)**

Dear Mr. Alban:

I am in receipt of your letter of November 16, 2007 (which we received after the close of business on Friday) purportedly memorializing the two conferences of counsel we held concerning the third-party subpoenas served by Mattel, Inc. ("Mattel") upon Kaye Scholer LLP ("Kaye Scholer") in the above captioned case. While we continue to stand by every one of our objections to the subpoena, I write to address several points raised in your letter.

First, I need to clarify the scope of the search that we agreed to undertake. As I am sure you are aware, when a party seeks documents from a law firm's files, the vast majority of those documents will be protected from disclosure by multiple privileges, including but not limited to, the attorney-client and attorney work product privileges. To require a non-party law firm to create a document by document privilege log in such a situation would be unreasonable and unduly burdensome. This burden is compounded when the subpoena at issue is overbroad (the subpoena here contains five (5) pages of single-space definitions and instructions, and then propounds thirty-five (35) different requests, many of which contain numerous categories of documents and subparts). In an attempt to reduce this burden, yet comply with your broadly worded requests, we agreed to review the following files for responsive documents: 1) pleading files[1]; 2) discovery files (i.e., documents produced in other litigation); and 3) arbitration exhibit (i.e., documents identified and/or submitted as an exhibit during arbitration). By focusing on these files, we are attempting to minimize the burden, expense and inconvenience imposed by the subpoena since, unlike the vast majority of the documents in our files, most of the documents in the files we agreed to search would not be covered by the attorney-client privilege or the attorney

---

[1]  In response to your claim that Mattel did not want copies of every pleading in our files, but rather only copies of certain pleadings which Mattel did not already posses, we agreed to provide *redacted* versions of the indexes of our pleading clips. I did not agree to provide indexes of our discovery clips and do not intend to provide them.
23233857.DOC

# KAYE SCHOLER LLP

Juan Pablo Alban
November 21, 2007
Page 2

work product privilege.  We believe this is a more than reasonable offer, particularly since many, if not all of the documents you are seeking are readily obtainable from a party in this action, in publicly available material, or have already been produced to Mattel by parties in this litigation. Nevertheless, we are in the process of reviewing these files (and will need to re-review these files in light of your clarifications of certain requests as discussed below) and will produce any responsive, non-privileged documents contained in those files.

Second, we cannot and will not, however, produce any documents at this time.  As you memorialized in your letter, at least two protective orders prevent us from producing documents in this case.  The protective order entered on November 16, 2005 in the underlying Larian v. Larian arbitration (ADRS Case No.: 05-2096) is of particular concern (hereinafter "11/16 Protective Order").[2]  That protective order covers, among other things, "documents produced by third party MGA Entertainment, Inc. ("MGA") and MGA documents produced by any Party or third party, all information copied or extracted therefrom, all copies, excerpts, summaries, or compilations thereof, and all testimony presented to the arbitrator, and transcripts of such testimony from any current or former MGA employee or contractor pertaining to MGA's business."  See 11/16 Protective Order at ¶2.  The vast majority of the responsive, non-privileged documents we have found so far are either: (1) documents produced by MGA or MGA documents produced by a party or third party during the arbitration, or (2) testimony or documents presented to the arbitrator.  Thus, those documents would be covered by the 11/16 Protective Order.  The restriction on the dissemination of such material is clearly detailed in the 11/16 Protective Order:

> No party or person shall be permitted to share or disseminate the documents produced by MGA or the transcripts of these proceedings to others (including any preliminary, "rough," livenote version thereof) remove them from the arbitration, make copies of them, or inform third parties of their existence or content or otherwise disclose the same to anyone, unless compelled by law.

> In short, this is a private proceeding; whatever may be disclosed about MGA's business, in privacy and confidence during the course of the arbitration, should remain private and confidential both during -- and after -- the arbitration.

---

[2]  There may be another protective order that covers some responsive, non-privileged documents in our files which were produced in another litigation.  We are trying to determine whether such a protective order exists, and if so, whether these documents are covered by that order.

23233857.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

EXHIBIT *36* PAGE 492

Received:  11/21/07 11:37A          QUINN EMANUEL;  Page 4

NOV-21-07   11:33AM   FROM-KayeScholer                    +                        T-774  P.004/005  F-988

# KAYE SCHOLER LLP

Juan Pablo Alban
November 21, 2007
Page 3

*See* 11/16 Protective Order at ¶4.5. Thus, absent consent from the parties or a court order relieving Kaye Scholer from any obligations imposed by the 11/16 Protective Order, we are unable to produce these documents.[3]

With respect to your discussion of certain specific requests, we respond as follows:

- Request Nos. 1, 2 and 3: We did not agree to produce documents responsive to these requests. These requests are grossly overbroad as drafted in that they seek "All DOCUMENTS" relating to any and all lawsuits and/or arbitrations between Isaac Larian and Farhad Larian, including certain specifically identified Superior Court actions. As Mr. Isaac Larian's litigation counsel during some of these actions, every document in our files would arguably be responsive to these requests. Instead, without waiving any objections, we agreed to produce redacted versions of indexes of our pleading clips so you can determine whether you are missing any of the pleadings filed in those cases.

- Request Nos. 6, 10, 13 and 14: You admit that Request No. 6 "may be broad and encompass many documents in your possession" yet you continue to insist that Kaye Scholer, as a non-party, comply with this request as drafted. In addition, you claim that request nos. 10, 13 and 14 seek documents which are at the "heart of the litigation" or were placed "at issue in this litigation" by MGA, yet you have never explained why you are making a non-party respond to these admittedly overbroad requests, instead of getting these critical documents directly from MGA, a party to this action. We have tried to work with you by agreeing to the search procedure outlined in the first paragraph of this letter. These requests, particularly requests nos. 6 and 10, would effectively require us to review every document in our files (as each document in our files arguably "relates to Bratz" in some way) and would render null our proposed procedure for eliminating the burden, expense and inconvenience imposed by the subpoena. In such a situation, we believe that any Court would view these requests as duplicative and overly burdensome since Kaye Scholer is a third party and the requested documents are readily obtainable from a party in this action. *See* F.R.C.P. 26(b)(2)(C)(i) (court may exercise its discretion to limit the use of discovery methods otherwise permitted under the Federal Rules if the Court determines that the discovery is obtainable from some other source that is more convenient, less burdensome or less expensive). Your offer to have a one of your

---

[3] Your assertion that these protective orders do not apply to documents Mr. Larian had in his possession, custody, or control prior to entering into the protective order is unsupported. In addition, we also reject your request to identify any documents "withheld pursuant to these protective orders on any privilege log" as we are not withholding these documents based upon any privileged. Moreover, as we indicated to you on numerous occasions, we do not believe we are required to create a privilege log in this case. Lastly, a creation of a log that identifies documents that are covered by the 11/16 Protective Order would arguably violate that order as well.
23233857.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

EXHIBIT 36 PAGE 493

# KAYE SCHOLER LLP

Juan Pablo Alban
November 21, 2007
Page 4

paralegals comb through our litigation files does nothing to alleviate this burden or
inconvenience.

- Request Nos. 4 and 22:  As you stated, we will not produce any documents covered
  by the attorney-client privilege, the attorney work product privilege, the federal
  settlement privilege or the joint defense/common interest privilege.  To the extent
  there are any responsive documents within the files we agreed to search, and we
  withhold any documents responsive to these requests, we will provide you with a
  privilege log with respect to these requests only.

- Request Nos. 29 and 32:  Since we just received your clarifications and/or guidance
  with respect to these requests in your November 16, 2007 letter, we will now have to
  go back and review our files again with these clarifications and/or guidance in mind.
  So even if we could have produced documents on November 19th (which we cannot
  for the reasons stated above), we obviously will need some additional time to re-
  review our files for these documents.

Please feel free to contact me should you have any questions or comments regarding this
letter.  In particular, I would like to discuss how we can resolve this issue with respect to the
protective orders.

Sincerely yours,

Bryant S. Delgadillo

BSD:vjh

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

EXHIBIT _36_ PAGE 494

Received:   11/21/07 11:37AM   -> QUINN EMANUEL;   Page 1

NOV-21-07   11:33AM   FROM-KayeScholer·                              +                        T-774   P.001/005   F-988

# KAYE SCHOLER LLP

## FAX COVER SHEET

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067-6048
310 788-1000
Fax 310 788-1200

| | | | |
|---|---|---|---|
| Date: | November 21, 2007 | Client No.: | 36037-0007· |
| To: | Juan Pablo Alban | Phone No.: | (213) 443-3000 |
| | | Fax No.: | (213) 443-3100 |
| From: | Bryant Delgadillo | Direct Dial No.: | (310) 788-1341 |
| | bdelgadillo@kayescholer.com | Direct Fax No.: | (310) 788-1205 |
| Re: | Mattel v. Bryant, et al., Case No. CV 04-9049 | | |

Number of Pages: ⎍⎑   (Including Cover Sheet)

**Message:**

**IF ALL PAGES ARE NOT RECEIVED, CALL (310) 788-1230**
(or Call Direct Dial Number Listed Above)

*NOTE:  This facsimile transmission contains confidential and/or legally privileged information from the law firm Kaye Scholer LLP intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.*

NEW YORK      CHICAGO      LOS ANGELES      WASHINGTON, D.C.      WEST PALM BEACH      FRANKFURT      LONDON      SHANGHAI

23230076.WPD

EXHIBIT *36* PAGE 495

**Exhibit  37**

**From:** Park, Amy [mailto:APARK@skadden.com]
**Sent:** Monday, December 10, 2007 11:18 AM
**To:** Dylan Proctor
**Subject:** RE: Your 12/7 letter re: intent to file ex parte application

Dylan,

Further to my email of Saturday, please be advised that the MGA entities and Isaac Larian will oppose Mattel's intended ex parte application.

-Amy

**From:** Park, Amy
**Sent:** Saturday, December 08, 2007 4:00 PM
**To:** 'dylanproctor@quinnemanuel.com'
**Subject:** Your 12/7 letter re: intent to file ex parte application

Dylan,

12/13/2007

EXHIBIT *37* PAGE 496

We've received your letter from yesterday evening concerning Mattel's intention to file an ex parte application with Judge Larson regarding Judge Infante's authority.  We're considering the matter and will get back to you on Monday morning.


Thanks,
Amy


**Amy S. Park**
**Skadden, Arps, Slate, Meagher & Flom LLP**
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: apark@skadden.com


**Brenda Fry, Assistant to Amy S. Park**
T: 650.470.4567 | E: bfry@skadden.com

------------------------------------------------------------------------
To ensure compliance with Treasury Department regulations, we advise you that, unless othe

**************************************************
This e-mail and any attachments thereto, is intended only for use by the addressee(s) name

Further information about the firm, a list of the Partners and their professional qualific
**************************************************
==================================================================================