QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant to Court's Order of December 6, 2006]<br><br>[PUBLIC REDACTED] DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITION OF LITTLER MENDELSON, P.C. PURSUANT TO SUBPOENA<br><br>Hearing Date: January 4, 2008<br>Time: TBA<br>Place: Telephonic<br><br>**Phase 1**<br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: April 21, 2008<br>Trial Date: May 27, 2008 |

-1-
ZELLER DEC. IN SUPPORT OF MATTEL'S MOTION TO COMPEL DEPOSITION OF LITTLER

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of a letter dated November 17, 2004 from Kirk Garey, counsel for Mattel, to Keith A. Jacoby.

3. Attached as Exhibit 2 is a true and correct copy of the Circuit City receipt dated October 21, 2000, and produced in this case by Bryant.

4. Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the deposition of Carter Bryant, taken on November 4 and 5, 2004.

5. Attached as Exhibit 4 is a true and correct copy of the letter from Keith Jacoby, counsel for Bryant, dated November 1, 2004 to John Quinn.

6. Attached as Exhibit 5 is a true and correct copy of excerpts of the Un-redacted Joint Stipulation Re: Mattel's Motion to Compel Production of Documents, filed on January 6, 2005.

7. Attached as Exhibit 6 is a true and correct copy of excerpts of the [Redacted] Declaration of Keith A. Jacoby in Support of Defendant and Cross-Claimant Carter Bryant's Portion of Joint Stipulation (without exhibits).

8. Mattel's original motion to compel the Desktop filed in January 2005 was not ruled upon because discovery was stayed before it was resolved. After the stay was lifted and the Discovery Master was appointed, Mattel renewed its motion to compel Bryant's computer hard drives in early January 2007 and again specifically sought production of the Desktop hard drive.

9.  Attached as Exhibit 7 is a true and correct copy of excerpts of the Separate Statement of Mattel, Inc. in Support of Motion to Compel Production of Documents by Carter Bryant, filed on January 4, 2007.

10. Attached as Exhibit 8 is a true and correct copy of the Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Motion to Compel Production of Documents by Carter Bryant filed January 4, 2007 (without exhibits).

11. Attached as Exhibit 9 is a true and correct copy of excerpts of the Separate Statement of Defendant Carter Bryant in Opposition to Mattel's Motion to Compel, filed on January 11, 2007.

12. Attached as Exhibit 10 is a true and correct copy of excerpts of the Declaration of Keith A. Jacoby in Support of Carter Bryant's Opposition to Mattel, Inc.'s Motion to Compel Production of Documents (without exhibits).

13. Attached as Exhibit 11 is a true and correct copy of the Order of the Discovery Master Hon. Edward Infante (Ret.) dated January 25, 2007.

14. Attached as Exhibit 12 is a true and correct copy of the Stipulation and Order re: Request to Extend Deadline Within Which Carter Bryant Must Comply with the Discovery Master's January 25, 2007 Order Granting Mattel's Motion to Compel Production of Documents dated February 23, 2007.

15. Attached as Exhibit 13 is a true and correct copy of an e-mail dated February 27, 2007, from Douglas Wickham, counsel for Bryant, to me and my colleague John Quinn.

16. Attached as Exhibit 14 is a true and correct copy of a letter dated March 2, 2007 from Douglas Wickham to me.

17. Attached as Exhibit 15 is a true and correct copy of a letter dated March 16, 2007 from Douglas Wickham to me.

18. Attached as Exhibit 16 is a true and correct copy of a letter dated March 26, 2007 that I sent to Douglas Wickham.

1    19.    Attached as Exhibit 17 is a true and correct copy of a letter dated
2 March 26, 2007 from Douglas Wickham to me.
3    20.    Attached as Exhibit 18 is a true and correct copy of a letter dated
4 March 27, 2007 that I sent to Douglas Wickham.
5    21.    Attached as Exhibit 19 is a true and correct copy of a letter dated
6 March 27, 2007 from Douglas Wickham to me.
7    22.    Attached as Exhibit 20 is a true and correct copy of a letter dated
8 March 29, 2007 that I sent to Douglas Wickham.
9    23.    Attached as Exhibit 21 is a true and correct copy of a letter dated
10 April 6, 2007 that I sent to Douglas Wickham.
11   24.    Attached as Exhibit 22 is a true and correct copy of an e-mail
12 exchange between me, Keith A. Jacoby, and Douglas Wickham on April 9, 2007.
13   25.    During the meet and confer process leading up to Mattel's
14 Motion for an Order to Enforce Court's January 25, 2007 Order Compelling Bryant
15 to Produce Desktop Computer Hard Drive, I asked, both orally and in writing, for
16 further clarification about the status of the Desktop hard drive and requested that
17 Bryant provide the factual particulars regarding its non-production.  Neither
18 Douglas Wickham nor Keith A. Jacoby had definitively told me whether Bryant or
19 his counsel had the Desktop, or, if they did not have it, the facts and circumstances
20 surrounding its non-production.
21   26.    Attached as Exhibit 23 is a true and correct copy of a Notice of
22 Motion and Motion of Mattel, Inc. for an Order to Enforce Court's January 25, 2007
23 Order Compelling Bryant to Produce Desktop Computer Hard Drive.
24   27.    Attached as Exhibit 24 is a true and correct copy of a letter dated
25 April 23, 2007, from Keith A. Jacoby to me.
26   28.    Attached as Exhibit 25 is a true and correct copy of Mattel, Inc.'s
27 Notice of Withdrawal Without Prejudice of Motion for an Order to Enforce Court's
28

1 | January 25, 2007 Order Compelling Bryant to Produce Desk Top Computer Hard Drive, dated May 2, 2007.

29. Attached as Exhibit 26 is a true and correct copy of a Request for Approval of Substitution of Attorney, dated May 18, 2007.

30. Examination of the images of Bryant's desktop and laptop hard drives has revealed that it had a software program titled "Evidence Eliminator" had been installed and run in 2002. Attached as Exhibit 27 is a true and correct copy of the Evidence Eliminator website homepage, available at http://www.evidence-eliminator.com/product.d2w, reflecting that the creators of the program have stated that its purpose is to permanently destroy data and render it unrecoverable.

31. Attached as Exhibit 28 is a true and correct copy of a subpoena for production of documents served on Littler Mendelson, P.C., on August 3, 2007.

32. Attached as Exhibit 29 is a true and correct copy of a subpoena for deposition testimony served on Littler Mendelson, P.C., on September 5, 2007.

33. Attached as Exhibit 30 is a true and correct copy of a letter from Christa M. Anderson sent to my colleague, James J. Webster, on December 3, 2007.

34. Attached as Exhibit 31 is a true and correct copy of the Court's Order Denying Appointment of Expert Witnesses, dated August 11, 2006.

35. Attached as Exhibit 32 is a true and correct copy of my colleague Jon Corey's letter to Keith Jacoby, dated November 1, 2004 and faxed on November 2, 2004, requesting that Mr. Bryant have his originals available at his deposition in Missouri.

36. Attached as Exhibit 33 is a true and correct copy of an e-mail message from Keith Jacoby dated November 3, 2004 in which he stated that "we will have the originals sent to Missouri."

37. Despite the promises made by Bryant's counsel, Bryant brought only the originals of documents bearing the Bates numbers BRYANT 00001-12, 00175-182, 184-192, 194-199, 201-213, 215-218, 220, 222-224, 226-227, 229-230,

232-246, 273-275, 1116-18, 1243, 1246-1247. These originals are but a small fraction of the documents produced by Bryant in his initial production.

38. Some of the original drawings that Bryant brought with him to his deposition, including documents bearing the Bates numbers BRYANT 192 and BRYANT 210, had holes in them, indicating that samples had been extracted for ink and/or paper chemical dating analysis. This is reflected in Carter Bryant's deposition testimony as well. See Exhibit 3 (Transcript of Deposition of Carter Bryant, 459:13-460:16).

39. Attached as Exhibit 34 is a true and correct copy of the Declaration of Keith Jacoby, without exhibits, that was filed in support of Bryant's portion of a Joint Stipulation Re: Mattel, Inc's Motion to Compel Inspection of Original Documents and Tangible Things, filed with the Court on February 18, 2005.

40. Attached as Exhibit 35 is a true and correct copy of the Declaration of Erich J. Speckin, dated July 21, 2006.

41. Attached as Exhibit 36 is a true and correct copy of Mattel, Inc.'s Second Amended Answer In Case No. 05-2727, dated July 12, 2007, with exhibits omitted.

42. Attached as Exhibit 37 is a true and correct copy of the Order Denying Motion For Terminating Sanctions; Order Denying Request For Interlocutory Appeal; Order Requiring Filing Of Affidavits Re Evidence Preservation, dated August 29, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of December, 2007, at Los Angeles, California.

_____
Michael T. Zeller