# EXHIBIT 23

FILED

2007 APR 11 PM 12:58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

COPY

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Susan Wines (Bar No. 168643)
  (susanwines@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>               Plaintiff,<br><br>       vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>               Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE<br><br>[Declaration of Michael T. Zeller filed concurrently herewith]<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: TBA<br><br>Discovery Cut-off: October 22, 2007<br>Pre-trial Conference: January 14, 2008<br>Trial Date: February 12, 2008 |

EXHIBIT 23 PAGE 138          4-11

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |         PLEASE TAKE NOTICE that at a telephonic conference before

3 | Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be

4 | determined by Judge Infante, plaintiff and cross-defendant Mattel, Inc. ("Mattel") will,

5 | and hereby does, move the Court:

6 |         (1)   for an Order compelling Carter Bryant ("Bryant") to produce for

7 | inspection and forensic imaging within five calendar days the hard drive(s) from his

8 | Desktop computer that Bryant purchased in October 2000, that Bryant and his counsel

9 | had represented that they had in their possession and had reviewed for responsive

10 | documents and that Bryant was compelled to produce by Judge Infante's Order dated

11 | January 25, 2007 (the "Discovery Order");

12 |         (2)   for an Order compelling Bryant, in the event of his continued non-

13 | production of the Desktop hard drive(s), to provide sworn declarations from each

14 | person with knowledge fully detailing the facts and circumstances surrounding the

15 | search for and the non-production of the Desktop hard drive(s);

16 |         (3)   in the alternative, for an Order to Show Cause why Bryant should

17 | not be compelled to provide the foregoing; and

18 |         (4)   for an award of sanctions against Bryant and his counsel in the

19 | amount of $2,106.00, which represents a portion of the fees and costs incurred by

20 | Mattel in bringing this Motion.

21 |         This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and

22 | 37 on the grounds that Carter Bryant has failed to comply with the Discovery Order

23 | requiring him to produce his Desktop computer hard drive(s) and has made inconsistent

24 | statements about his search for, his inspection of, and the whereabouts of such

25 | computer hard drive(s) that he was compelled to produce.

26 |         This Motion is based on this Notice of Motion and Motion, the

27 | accompanying Memorandum of Points and Authorities, the Declaration of Michael T.

28 |

**EXHIBIT 23 PAGE 139**

2

07209/2097326.1

1 | Zeller filed concurrently herewith, the records and files of this Court, and all other

2 | matters of which the Court may take judicial notice.

3

4 | **Statement of Rule 37-1 Compliance**

5

6 | The parties met and conferred regarding this motion on April 2, 2007 and

7 | April 3, 2007, as well as on other occasions.

8

9

10 | DATED:  April 10, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11

12 | By_____

13 | Michael T. Zeller
   | Attorneys for Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 23 PAGE 140

7209/2097326.1

FILED

2007 APR 11  PM 12: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
  Susan Wines (Bar No. 168643)
4    (susanwines@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8            UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA

10              EASTERN DIVISION

|  |  |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12         Plaintiff, | Consolidated with |
| 13 | Case No. CV 04-09059 |
|      vs. | Case No. CV 05-02727 |
| 14 | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| 16  corporation, | |
|          Defendant. | |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE |
| 19 | |
| 20 | |
| 21 | [Declaration of Michael T. Zeller filed concurrently herewith] |
| 22 | |
| 23 | Hearing Date:  TBA |
| 24 | Time:  TBA Place:  TBA |
| 25 | Discovery Cut-off:  October 22, 2007 |
| 26 | Pre-trial Conference:  January 14, 2008 Trial Date:  February 12, 2008 |

27

28         EXHIBIT _23_ PAGE _141_    4-11

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.), that will occur at a time to be determined by Judge Infante, plaintiff and cross-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court:

(1)     for an Order compelling Carter Bryant ("Bryant") to produce for inspection and forensic imaging within five calendar days the hard drive(s) from his Desktop computer that Bryant purchased in October 2000, that Bryant and his counsel had represented that they had in their possession and had reviewed for responsive documents and that Bryant was compelled to produce by Judge Infante's Order dated January 25, 2007 (the "Discovery Order");

(2)     for an Order compelling Bryant, in the event of his continued non-production of the Desktop hard drive(s), to provide sworn declarations from each person with knowledge fully detailing the facts and circumstances surrounding the search for and the non-production of the Desktop hard drive(s);

(3)     in the alternative, for an Order to Show Cause why Bryant should not be compelled to provide the foregoing; and

(4)     for an award of sanctions against Bryant and his counsel in the amount of $2,106.00, which represents a portion of the fees and costs incurred by Mattel in bringing this Motion.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37 on the grounds that Carter Bryant has failed to comply with the Discovery Order requiring him to produce his Desktop computer hard drive(s) and has made inconsistent statements about his search for, his inspection of, and the whereabouts of such computer hard drive(s) that he was compelled to produce.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Michael T.

**EXHIBIT 23 PAGE 142**

2

07209/2097326.1

1   Zeller filed concurrently herewith, the records and files of this Court, and all other

2   matters of which the Court may take judicial notice.

3

4   **Statement of Rule 37-1 Compliance**

5

6          The parties met and conferred regarding this motion on April 2, 2007 and

7   April 3, 2007, as well as on other occasions.

8

9

10  DATED:  April 10, 2007            QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
11

12                                    By_____
13                                       Michael T. Zeller
                                         Attorneys for Mattel, Inc.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 23  PAGE 143

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

7209/2097326.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

As the Discovery Master will recall, Carter Bryant testified at deposition that he purchased a desktop computer in October 2000 (the "Desktop"). This was the same month Bryant left Mattel's employment. According to Bryant, he used that computer until at least 2002 or 2003, when he gave it to his niece. Given the time period of its use by Bryant, and Bryant's testimony that he had used the computer in connection with his work on Bratz and with MGA, the Desktop's hard drive is crucial evidence.[1] Beginning in 2004, Mattel sought its production, and Bryant refused on the grounds (among others) that it contained no responsive information.

Mattel moved to compel Bryant to produce his hard drives, including the Desktop hard drive specifically, so that they could be forensically examined. During motion practice, Bryant repeatedly represented that he had retrieved the Desktop from his niece and had thoroughly inspected it for relevant information but found none. Thus, in pleadings filed with the Court, declarations signed under penalty of perjury, and letters to Mattel's counsel, Bryant and his counsel stated in connection with the Desktop:

- "[Bryant] later purchased a computer, which he used for a time, and then gave away to his niece. That computer has been retrieved and searched for responsive documents, and none have been located."

- "Bryant made the hard drive of the computer he used from 2000 to 2002 available to his counsel, and counsel spent scores of attorney hours searching for documents at Bryant's home and in his studio, and produced responsive documents. Counsel has not

---

[1]   As a result of Bryant's now conflicting statements as described below, Mattel does not know with any certainty whether the Desktop has one hard drive or more than one hard drive or utilized additional forms of storage. Mattel therefore refers in this motion to the Desktop's hard drive in the singular form for convenience and simplicity, although the usage here should be understood to encompass any and all drives and storage devices associated with the Desktop.

EXHIBIT 23 PAGE 144

07209/2095442.1

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

found any responsive documents or relevant information on his computer hard drives, however."

- "Bryant's counsel has examined his hard drive extensively for any responsive documents, and it has not found any."

- ". . . Bryant has tirelessly searched for and inspected his computer hard drives for relevant information . . . ."

Indeed, although Bryant had testified at deposition about the existence of two other computers he had bought and used in connection with Bratz prior to his deposition in November 2004, Bryant claimed that the *only* hard drive of these three computers he was able to locate was from the Desktop.

By Order dated January 25, 2007, the Discovery Master granted Mattel's motion to compel and specifically required Bryant to produce his computer hard drives. Although the time for Bryant's compliance with the Order has come and gone, Bryant still has not produced the Desktop hard drive. Mattel gave Bryant extensions of time for compliance, based on Bryant's counsel's initial representations that Bryant was traveling and more time was needed. As those extended deadlines were expiring, however, Bryant's counsel claimed for the first time that they would not be producing the hard drive because it had some unspecified "highly private" materials on it. Subsequently, Bryant's counsel disclosed that they in fact had five forensic images of Bryant hard drives and asserted that, as a further reason for their non-production, some or all of these hard drives also contained trade secret information concerning unreleased Bratz products that were scheduled for release later in 2007 or 2008.[2]

During the meet and confer process, Mattel pointed out that these evolving claims did not make sense with respect to the Desktop hard drive. Given that Bryant's counsel had represented to the Court that they had "extensively" inspected and

---

[2]   In this motion, Mattel is not seeking relief as to any of Bryant's hard drives other than the hard drive for the Desktop. Mattel is still attempting to resolve issues pertaining to Bryant's recent claims about his other hard drives, and Mattel will (footnote continued)

EXHIBIT 23 PAGE 145

-2-

07209/2095442.1

1   reviewed the Desktop, there was no valid reason why these allegedly "highly private"

2   materials had not been mentioned on Mattel's motion to compel. Also, given Bryant's

3   representations that his counsel had been in possession of the Desktop since at least as

4   early as November 2004, it did not seem plausible that the Desktop drive had

5   information for 2007 and 2008 products on it.

6           In response, Bryant and this counsel then began claiming that they do not

7   have the Desktop hard drive and that their earlier representations to the Court and

8   Mattel about having retrieved it from the niece and inspected it were apparently

9   "wrong." And, while the Desktop from the critical 2000 time period has seemingly

10  gone missing (and in any event has not been produced), Bryant's counsel now say that

11  they have forensic images of *two* hard drives from the 2002 and 2003 time period --

12  which is inconsistent with their earlier representations that the *only* Bryant hard drive

13  they had found from that time period was the hard drive for the Desktop. Mattel

14  repeatedly sought to get further information and clarification about the status of the

15  Desktop hard drive and the circumstances surrounding its non-production, but to no

16  avail.

17          Accordingly, Mattel needs the Discovery Master's assistance to get to the

18  bottom of Bryant's failure to produce the Desktop hard drive as ordered. Bryant should

19  be ordered to immediately produce the Desktop hard drive. If that hard drive is now

20  alleged to be unavailable, Mattel respectfully requests that the Discovery Master order

21  Bryant to provide a full account under oath detailing all facts and circumstances

22  concerning the non-production of this drive, including an explanation as to how Bryant

23  and his counsel could have "tirelessly" and "extensively" inspected something they now

24  have claimed not to possess. Bryant's sworn statements also should detail precisely

25  what hard drives he has, what was done to search for relevant computers (and when),

26

27  bring a separate motion on them in the event that the parties cannot reach an agreement.

28

EXHIBIT 23  PAGE 146

-3-

07209/2095442.1

1  how and when such computers were inspected, and all persons who have knowledge of

2  those facts. The extent of Bryant's non-compliance with the Discovery Order cannot be

3  determined without such basic information, and Mattel has been unable to obtain it

4  from Bryant voluntarily.

5  **Background**

6  **At Deposition, Bryant Identifies Three Relevant Computers.** Bryant

7  testified that he had used three different computers prior to his deposition in November

8  2004. First and foremost was the Desktop computer that Bryant purchased from Circuit

9  City on October 21, 2000--just one day after he resigned from Mattel.[3]  Bryant says he

10 used this computer from 2000 until approximately November 2003 (only five months

11 before this lawsuit was filed), when he gave it to his niece.[4]  The second was a laptop

12 computer that Bryant purchased in November 2001.[5]  The third computer Bryant

13 identified was his parents' computer that Bryant used for a time, including during the

14 time that he purportedly created Bratz.[6]

15 **Bryant and His Counsel Represent That The Desktop Was Retrieved**

16 **From The Niece And Examined But No Responsive Information Is Contained On**

17 **It.** Bryant and his counsel have repeatedly represented that not only had they located

18 the Desktop, but that they had searched it for responsive documents and came up

19 empty-handed. For example, on November 1, 2004, Bryant's counsel sent a letter to

20 Mattel's counsel claiming that the computer Bryant had given away to his niece "has

21

22 [3]  Circuit City receipt dated October 21, 2000, attached to the Declaration of
Michael T. Zeller, dated April 10, 2007 filed concurrently herewith ("Zeller Dec."),

23 Exh. 2; Bryant Deposition at 246:3-5, Zeller Dec., Exh. 3.

24 [4]  Bryant Deposition at 245:8-17; 246:3-5; 248:5-9, Zeller Dec., Exh. 3.
Bryant's counsel elsewhere stated that Bryant had used the Desktop "from 2000 to

25 2002" and thus confirmed as well that it pertained to a highly pertinent time period.
Joint Stipulation Re: Mattel's Motion to Compel Production of Documents, filed on

26 January 6, 2005 (excerpts) ("Joint Stipulation") at 62:8-10, Zeller Dec., Exh. 5.

27 [5]  Bryant Deposition at 247:25-248:2, Zeller Dec., Exh. 3.

28
EXHIBIT _23_ PAGE _147_
-4-

07209/2095442.1

1  been retrieved and searched for responsive documents, and none have been located."[7]

2  Mattel specifically asked Bryant's counsel to preserve the Desktop hard drive.[8]

3          In refusing to produce the Desktop hard drive, Bryant thus asserted not

4  that it was unavailable, but instead that it contained nothing relevant. In January 2005,

5  Mattel filed a motion to compel against Bryant that sought the production of his hard

6  drives, including the hard drive for the Desktop specifically.[9]  At that time, in Court

7  pleadings filed in opposition to Mattel's motion, Bryant's counsel represented that

8  Bryant had "tirelessly searched for and inspected his computer hard drives for relevant

9  information" and had made an "extensive and diligent search" for responsive

10  information on them.[10]  Bryant's opposition made clear that the hard drive he had

11  purportedly searched was the Desktop hard drive.[11]  Bryant's counsel also represented

12  in declarations that they too had examined the Desktop -- indeed, "extensively" so --

13

14

15    [6]   Bryant Deposition at 245:25-246:2, Zeller Dec., Exh. 3.

16    [7]   Letter dated November 1, 2004 from Keith Jacoby, counsel for Bryant, to John
      Quinn and Michael Zeller, counsel for Mattel, at p. 2, Zeller Dec., Exh. 4
17    ("Regarding [Mattel's] requests to inspect Mr. Bryant's home computer, I have made
      further inquir[i]es on that subject to Mr. Bryant and my colleagues. Mr. Bryant did
18    not own a home computer during his time at Mattel. He later purchased a computer,
      which he used for a time, and then gave away to his niece. That computer has been
19
      retrieved and searched for responsive documents, and none have been located. Mr.
20    Bryant declines to produce his hard drive for inspection for the reasons articulated in
      his response to Mattel's document request.").
21
      [8]   Letter dated November 17, 2004 from Kirk Garey, counsel for Mattel, to Mr.
22    Jacoby, Zeller Dec., Exh. 23.
23    [9]   Joint Stipulation at 3-4, 58-61, Zeller Dec., Exh. 5.
      [10]  Joint Stipulation at 62:1-13, Zeller Dec., Exh. 5; [Redacted] Declaration of
24    Keith A. Jacoby in Support of Defendant and Cross-Claimant Carter Bryant's
25    Portion of Joint Stipulation (excerpted and without exhibits) ("2005 Jacoby Dec.") at
      ¶¶ 22, 23, attached as Exh. 6 to the Zeller Dec.
26    [11]  2005 Jacoby Dec. ¶ 23 (referencing the "hard drive from Bryant's home
27    computer, which he gave to his niece in 2002"), Zeller Dec., Exh. 6.

28

EXHIBIT **23** PAGE **148**

-5-

07209/2095442.1

1 and that they spent "scores of attorney hours" searching for responsive documents, but
2 found nothing responsive.[12]

3       Mattel's original motion to compel was not ruled upon because of the
4 discovery stay. After the stay was lifted and the Discovery Master was appointed,
5 Mattel renewed its motion to compel Bryant's computer hard drives in early January
6 2007 and again specifically sought production of the Desktop hard drive.[13] Bryant
7 again represented that he had conducted a "diligent" search for Bryant's hard drives and
8 stated that the *only* computer he was able to find was the Desktop.[14] Bryant's counsel
9 likewise again stated they had searched the Desktop hard drive, but did not find "any
10 responsive documents or relevant information" on it.[15]

11       The Discovery Master granted Mattel's motion to compel. Among other
12 things, the Discovery Master ordered that "[p]ursuant to Rule 34, Fed.R.Civ.P., Bryant
13 shall produce the hard drives of his computers for forensic imaging" by no later than
14 February 23, 2007 (the "Discovery Order").[16]

15       **Bryant's Counsel Stalls In Producing Any Drives.** Shortly before the
16 February 23, 2007 deadline, Bryant's counsel asked Mattel for an extension of time for
17

18 [12] Joint Stipulation at 62:2-13, 18-20, Zeller Dec., Exh. 5; 2005 Jacoby Dec. at
19 ¶¶ 23, 24, Zeller Dec., Exh. 6.
   [13] Zeller Dec. ¶ 9; see also Separate Statement of Mattel, Inc. in Support of
20 Motion to Compel Production of Documents by Carter Bryant, filed on January 4,
21 2007 (excerpts) at 57-61, Zeller Dec., Exh. 7; Declaration of Michael T. Zeller in
Support of Mattel, Inc.'s Motion to Compel Production of Documents by Carter
22 Bryant (without exhibits) filed January 4, 2007 at ¶ 27, Zeller Dec., Exh. 8.
23 [14] Separate Statement of Defendant Carter Bryant in Opposition to Mattel's
Motion to Compel, filed on January 11, 2007 ("Bryant's 2007 Separate Statement")
24 at 39, Zeller Dec., Exh. 9; Declaration of Keith A. Jacoby in Support of Carter
25 Bryant's Opposition to Mattel, Inc.'s Motion to Compel Production of Documents
(excerpted and without exhibits) ("2007 Jacoby Dec.") at ¶ 31, Zeller Dec., Exh. 10.
26 [15] 2007 Jacoby Dec., ¶ 31, Zeller Dec., Exh. 10.
27 [16] Order of the Discovery Master Hon. Edward Infante (Ret.) dated January 25,
2007 at 17, Zeller Dec., Exh. 11.
28

07209/2095442.1

1  compliance with the Discovery Order, claiming that additional time was required
2  because the quantity of responsive documents "may be significant" and because Bryant
3  would be traveling out of state until March 2 or 3, 2007.[17]    Based on those
4  representations, the parties submitted, and the Discovery Master approved, a Stipulation
5  extending Bryant's time to produce his computer hard drives.[18]

6          Two business days after Mattel's counsel agreed to the extension, Bryant's
7  counsel then began asserting a new reason for not producing his hard drives.    On
8  February 27, 2007, Bryant's counsel sent an email claiming that the hard drive
9  contained some unspecified "highly private material" and seeking "some sort of
10  agreement" on that issue.[19]    Mattel's counsel agreed to extend the deadline for
11  production of the hard drive for a few days so the parties could further discuss this so-
12  called "highly private" material, but only so long as Bryant's counsel provided a
13  detailed log by no later than the end of the following week (*i.e.*, by March 23, 2007)
14  regarding the files at issue.[20]    This log was supposed to include, for example, the file
15  format, file size, creation date and any modification date(s), so that Mattel could
16  intelligently discuss Bryant's counsel's claims about the files and consider what options
17  were available to potentially address them.[21]    Bryant's counsel agreed to provide such a
18  log and, in a subsequent letter, acknowledged that Mattel's counsel had "reserv[ed] all
19  of [Mattel's] rights in this regard including its right to insist on conducting an inspection
20  of the actual hard drive(s) or to have a third party do so."[22]    Although Bryant's counsel
21

22      [17]    Stipulation and Order re: Request to Extend Deadline Within Which Carter
23  Bryant Must Comply with the Discovery master's January 25, 2007 Order Granting
    Mattel's Motion to Compel Production of Documents dated February 23, 2007,
24  Zeller Dec., Exh. 12.
25      [18]    Id.
        [19]    Zeller Dec., Exh. 13.
26      [20]    Zeller Dec., Exhs. 14, 15, 18.
27      [21]    Zeller Dec., Exhs. 14, 15, 18.
        [22]    Zeller Dec., Exhs. 14, 15, 18.
28

EXHIBIT 23 PAGE 150

-7-

1   had stated that this log of the files containing the "highly private" material was "on its

2   way," they still had not produced it by March 26, 2007.[23]

3          **The Desktop Appears To Go Missing**.  Not having received any hard

4   drives or the promised log of files that Bryant's counsel was ostensibly concerned

5   about, Mattel's counsel requested a meet and confer in advance of a motion to enforce

6   the Court's Discovery Order requiring Bryant to produce his hard drives.[24]  During the

7   meet and confer process, Bryant's counsel made two startling new claims that appeared

8   fundamentally inconsistent with the earlier representations by Bryant and his counsel.

9   First, because as noted Bryant had previously asserted that the *only* hard drive Bryant

10  had from any earlier time period was the Desktop, Mattel reasonably assumed at that

11  point that the "highly private" information referenced by Bryant's counsel's email was

12  contained on the Desktop hard drive.[25]  In further discussions, however, Bryant's

13  counsel stated that they had made forensic images of *two* Bryant hard drives in *July*

14  *2004* -- a time well before their representations that *only* the Desktop had been

15  located.[26]  According to Bryant's counsel during the recent meet and confers, one of

16  these forensic images made in July 2004 was from a Compaq Presario laptop computer

17  with a 20 GB Travelstar hard drive, and the other was from a Quantum Fireball LCT 15

18  drive.[27]  Bryant's counsel also stated in discussions that the data on these two forensic

19

20  _____

21      [23]  Zeller Dec., Exh. 16.
        [24]  Zeller Dec., Exh. 16.

22      [25]  Bryant's 2007 Separate Statement at 39, Zeller Dec., Exh. 9; 2007 Jacoby

23  Dec. at ¶ 31, Zeller Dec., Exh. 10; Zeller Dec., Exhs. 17, 19.
        [26]  Zeller Dec., Exh. 21.

24      [27]  Zeller Dec., Exh. 21.  More specifically, Bryant identified the two images that

25  were made in July 2004 as being of (1) a 20 GB Travelstar hard drive from a
    Compaq Presario laptop, and (2) a 20 GB Quantum Fireball LCT 15 hard drive. Id.,

26  p. 1.  Also during the meet and confer process, Bryant's counsel represented that

27  Bryant was still in possession of the physical hard drive from the laptop but no
    longer had the Quantum hard drive. Id., p. 1.

28

EXHIBIT _23_ PAGE _151_

-8-

07209/2095442.1

1   images were from the 2002 and 2003 time period.[28]  This was the first time Bryant's

2   counsel disclosed that any hard drives apart from the Desktop had been located, let

3   alone that they had been withheld from Mattel since 2004.[29]

4           This led to Bryant's second, and even more troubling, revelation.  Bryant's

5   counsel also start asserting as another basis for his refusals to produce any of the hard

6   drives that they contained unidentified information about unreleased Bratz products

7   scheduled for release in 2007 and 2008.[30]  Bryant's prior representations about the

8   Desktop, however, including that his counsel had retrieved it from the niece at least as

9   early as November 2004, appeared inconsistent with the claim that it contained data for

10  2007 and 2008 doll releases.  Moreover, Bryant's statement that the two older hard

11  drive images that were made in July 2004 contained data from 2002 and 2003 appeared

12  to exclude the prospect that one of these images was from the Desktop.  Since Bryant

13  had purchased the Desktop in October 2000 and had used it until at least 2002 and

14  2003, it undoubtedly would have data from 2000 and 2001.

15          In light of these incongruities, Mattel pressed for an explanation about the

16  status of the Desktop hard drive specifically.  On April 4, 2007, Bryant's counsel

17  suggested for the first time that they in fact did not know the whereabouts of the

18  Desktop.[31]  They stated that either the representations Bryant and his counsel had

19  earlier made to the Court and Mattel were "wrong" (and that the drive had never been

20  retrieved from Bryant's niece or reviewed), or that they simply are "not sure" about

21

22      [28]  Zeller Dec., Exh. 21.

23      [29]  Zeller Dec., Exh. 19.  Bryant's counsel further disclosed that there were
    additional "hard drive(s)" that had been "recently copied in Missouri," and that

24  "[a]fter further examination, it appears that these drives also contain highly private,
    non-responsive documents."  Id.  As noted above, in subsequent conversations,

25  Bryant's counsel stated that there were three images of these additional drives, for a

26  total of at least five hard drive images.  Zeller Dec., Exh. 21.

27      [30]  Zeller Dec., Exh. 19.
        [31]  Zeller Dec., Exh. 21.

28

EXHIBIT 23 PAGE 152

07209/2095442.1

1    their accuracy.[32]  Both orally and in letters, Mattel's counsel asked for clarification

2    about the status of the Desktop hard drive and requested that Bryant provide the factual

3    particulars regarding its non-production, without success.[33]

4

5                                  **Argument**

6    I.    **BRYANT HAS FAILED TO PRODUCE THE DESKTOP HARD**

7          **DRIVE AS ORDERED, AND THE DISCOVERY MASTER SHOULD**

8          **COMPEL BRYANT TO PRODUCE IT OR EXPLAIN ITS NON-**

9          **PRODUCTION UNDER OATH.**

10          Bryant has been resisting the production of the Desktop hard drive since

11   Mattel first began asking for it over two years ago.  Mattel was forced to file two

12   motions to compel, and at no time in opposing those motions did Bryant ever say that

13   he did not possess it.  To the contrary, for over two years, Bryant and his attorneys have

14   maintained not only that they had the Desktop hard drive in hand, but that they had

15   extensively reviewed the drive and it purportedly contained no responsive information.

16   Then, after the Discovery Master ordered Bryant to produce it, Bryant's counsel

17   initially claimed they needed more time, then that they did not want to produce it

18   because it contained "highly private" material, and finally, that they do not have it.

19          Whatever the truth is or the reason behind it, Bryant has not complied with

20   the Order requiring the production of the Desktop hard drive, which is crucial

21   evidence.[34]  Accordingly, Bryant should be ordered to produce that hard drive within

22   _____

23   [32]   Zeller Dec., Exh. 21.
       [33]   Zeller Dec. ¶ 26.

24   [34]   To the extent Bryant suddenly relocates the Desktop, but argues that he need

25   not comply with the Court's Order compelling its production because it contains
     some unspecified "highly private" information, that argument has been waived.

26   Although he and his counsel claimed to have thoroughly reviewed its contents,
     Bryant did not oppose Mattel's motion to compel the Desktop by arguing that it

27   contained "highly private" information.  Thus, Bryant waived his right to oppose

28   (footnote continued)

**EXHIBIT 23 PAGE 153**

07209/2095442.1

MATTEL'S MOTION RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1 | five calendar days and, if he fails to do so, be ordered to disclose under oath all the facts
2 | and circumstances surrounding that failure. Despite Mattel's efforts during the meet
3 | and confer, Bryant has not provided any cogent explanation that would account for the
4 | hard drive's non-production. To the contrary, Bryant and his counsel have now given
5 | facially conflicting accounts, including about what computer hard drives they had
6 | retrieved and secured, what they had purportedly reviewed and even the number of
7 | computer hard drives they possess. Under circumstances even less suspicious than
8 | these, courts have required the compelled party to provide sworn declarations detailing
9 | the nature of their search for documents, all facts and circumstances surrounding the
10 | production, and, if such documents are unavailable, to specify when they were
11 | destroyed and the reason(s) for their destruction. See, e.g., A. Farber and Partners, inc.
12 | v. Garber, 234 F.R.D. 186, 190 (C.D. Cal. 2006) ("Further, to assure that defendant
13 | Garber actually makes a 'reasonable inquiry,' the court will order him to provide
14 | plaintiff with declarations or affidavits detailing the nature of his 'reasonable inquiry' to
15 | locate responsive documents, and such declarations must address the inquiry he made
16 | on a request-by-request basis."); see also General Cigar Co., Inc. v. Cohiba Caribbean's
17 | Finest, Inc., 2007 WL 983855 at *7-8 (D. Nev. 2007) (ordering defendants to provide a
18 | sworn declaration detailing the nature of their "reasonable inquiry" to locate responsive
19 | documents in accordance with Farber); Satchell v. FedEx Express, 2006 WL 2884318
20 | at *6 (N.D. Cal. 2006) (ordering defendant either produce documents or provide a
21 | sworn statement regarding the reasons such documents are unavailable and if such
22 | documents are claimed to no longer exist, defendant's declaration "must state when it
23 |
24 |
25 | production on this basis. See, e.g., Richmark Corp. v. Timber Falling Consultants,
25 | 959 F.2d 1468, 1473 (9th Cir. 1992) (finding defendant waived objections to
26 | discovery orders and a contempt adjudication based on the People's Republic of
27 | China's secrecy laws where it failed to raise argument in response to motion to
28 | compel).

**EXHIBIT 23 PAGE 154**

-11-

07209/2095442.1

1  destroyed or ceased to retain these documents, and the policies or reasons for their

2  destruction.").[35]

3          Thus, in the event that Bryant persists in his failure to produce the hard

4  drive for the Desktop as the Discovery Order has compelled him to do, Bryant should

5  be ordered to detail all facts and circumstances surrounding its non-production through

6  sworn declarations from each witnesses with personal knowledge of the facts.  In

7  particular, Bryant should be ordered to disclose:

- a detailed identification of all of the hard drives Bryant has used in connection with any Bratz work or work with MGA and the efforts made to locate each such hard drive;

- the specifics regarding each computer hard drive that has been located, including its identity, its dates of use, the date on which the computer was located, and the circumstances under which each computer has been kept;

- all information known or accessible to Bryant or his counsel about each computer hard drive that Bryant failed to locate or claims they do not have in their possession, custody and control, including the identification of all persons who have been in possession of it, the date(s) of their possession, its last known location and the circumstances surrounding its disposition and/or destruction;

- a detailed description of when and how any drives that were located were imaged, inspected and searched, including by identifying who was involved and what specific efforts they made;

- a complete explanation of Bryant and his counsel's prior representations to the Court and Mattel, including with respect to their representation that they had found no hard drive other than the one for the Desktop, despite apparently having created forensic images of two drives in July 2004, and their representation that they had retrieved from Bryant's niece and had reviewed and inspected the Desktop hard drive, despite apparently never having done any of this; and

- the identification of all persons (including their name and contact information) with knowledge of the facts and a detailed

---

[35]  Requiring such a declaration also would be well within the Discovery Master's authority under the Discovery Master Order to "take evidence in connection with discovery disputes."  Stipulation and Order for Appointment of a Discovery Master entered December 6, 2006 at 4, Zeller Dec., Exh. 1.

EXHIBIT 23  PAGE 155

-12-

07209/2095442.1

1   description of each such person's knowledge about who was in
    possession of the relevant computers and when and what they did
2   with each hard drive.

3   Without this type of detail, provided in binding, sworn statements, the Court and Mattel

4   will not be able to determine with any confidence the extent of Bryant's non-

5   compliance with the Order and the reasons for his failure to produce a highly critical

6   piece of evidence that Bryant claimed to previously have and has been compelled to

7   turn over but still has not produced.

8

9   **II.    BRYANT SHOULD BE SANCTIONED**

10          Bryant has failed to obey, and continues in his failure to obey, the

11  Discovery Order. Federal Rule of Civil Procedure 37(b)(2) specifically allows an

12  award of Mattel's expenses and attorney's fees incurred in seeking to enforce the

13  January 27, 2007 Discovery Order. Fed. R. Civ. P. 37(b)(2) ("In lieu of any of the

14  foregoing orders or in addition thereto, the court shall require the party failing to obey

15  the order or the attorney advising that party or both to pay the reasonable expenses,

16  including attorney's fees, caused by the failure unless the court finds that the failure

17  was substantially justified or that other circumstances make an award of expenses

18  unjust."). The burden of establishing substantial justification is on the party being

19  sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).

20          Here, Bryant has no substantial justification for his failure to obey the

21  Discovery Order. In fact, his justification--that he apparently does not have what has

22  been ordered to be produced--can only be true if he and his counsel had earlier

23  misrepresented the results or diligence of their search for Bryant's computer hard

24  drives, including most importantly the hard drive for the Desktop. Sanctions are

25  particularly appropriate here given Bryant's failure to reasonably and timely cooperate

26  with Mattel's efforts to resolve his failure to comply with the Discovery Order

27  compelling production of the Desktop hard drive and his now two-year-long history of

28  obstructing discovery on this issue, among others. It is only fair that Bryant be required

1  to reimburse Mattel for being forced to return to the Discovery Master simply to obtain
2  compliance with an existing discovery Order and to otherwise get to the bottom of his
3  failure to produce crucial pieces of evidence Bryant and his counsel previously
4  represented to the Court and Mattel that they had in hand.

5

6  <u>**Conclusion**</u>

7  For the foregoing reasons, Mattel respectfully requests that the Discovery
8  Master order Bryant to: (1) produce within five calendar days his Desktop computer
9  hard drive for forensic examination in compliance with the January 25, 2007 Discovery
10  Order; (2) or, in the event that the Desktop hard drive is not produced, provide within
11  five calendar days a full and complete accounting under oath. Mattel also respectfully
12  requests that the Discovery Master award sanctions in the amount of $2,015, which
13  represents a portion of the fees and costs incurred by Mattel in bringing this Motion.

14

15  DATED: April 10, 2007          QUINN EMANUEL URQUHART OLIVER &
16                                 HEDGES, LLP

17                                 By  *Mima T. Z——*
18                                    Michael T. Zeller
                                      Attorneys for Mattel, Inc.
19

20

21

22

23

24

25

26

27

28
                                    EXHIBIT 23  PAGE 157

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5  California 90026.

6    On April 10, 2007, I served true copies of the following document(s)

7  described as:

8  **NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO
   ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO**
9  **PRODUCE DESKTOP COMPUTER HARD DRIVE**

10  on the parties in this action as follows:

11  | Keith A. Jacoby, Esq. | |
    | Littler Mendelson | |
12  | 2049 Century Park East, 5th Floor | |
    | Los Angeles, CA  90067-3107 | |
13  | Telephone: (310) 553-0308 | |
    | Facsimile: (310) 553-5583 | |

14

15    [√]    [PERSONAL] by personally delivering the document listed above to

16    the person(s) at the address(es) set forth above.

17    I declare that I am employed in the office of a member of the bar of this court

18  at whose direction the service was made

19    Executed on April 10, 2007, at Los Angeles, California.

20

21

22                                  _David Quintana_
                                    David Quintana
23

24

25

26

27
         **EXHIBIT 23  PAGE 158**
28

)7209/2081329.1

-1-                                    Case No. SACV 05-00953 JVS (ANx)
                                       PROOF OF SERVICE

1

## PROOF OF SERVICE

2     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3     Street, 10th Floor, Los Angeles, California 90017-2543.

4     On April 10, 2007, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR AN ORDER TO**

5     **ENFORCE COURT'S JANUARY 25, 2007 ORDER COMPELLING BRYANT TO PRODUCE DESKTOP COMPUTER HARD DRIVE** on the parties in this action as follows:

6

7     Diana M. Torres, Esq.
      **O'MELVENY & MYERS, LLP**
      400 S. Hope Street

8     Los Angeles, CA 90071

9     **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with

10    postage thereon fully prepaid.

11    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

12

13    Executed on April 10, 2007, at Los Angeles, California.

14

15    Yalonda J. Dekle

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT _23_ PAGE _159_

07209/2081332.1

**EXHIBIT 24**



**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

April 23, 2007

Keith A. Jacoby<br>Direct: 310.772.7284<br>Direct Fax: 310.553.5583<br>kjacoby@littler.com

**VIA HAND DELIVERY**

Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:     **Bryant v. Mattel**

Dear Mr. Zeller:

As you know, we recently confirmed that the July 2004 "mirror image" of the 20 GB Quantum Fireball LCT 15 hard drive ("July 2004 Mirror Image") retained by this office is indeed the copy of the hard drive from the desktop computer purchased by Carter Bryant in or about October 2000. Enclosed with this letter is a copy of the July 2004 Mirror Image.

As recounted in his deposition, Mr. Bryant gave the October 2000 computer to his niece, Brooke Lind Gilbert. We obtained this computer from Ms. Gilbert on April 19, 2007. In accordance with Discovery Master Infante's ruling, we hereby make this computer and its hard drive immediately available to Mattel's expert for forensic examination in our offices. Please contact and apprise me of the identity of your expert so we can make the appropriate arrangements.

In light of the foregoing, Mattel's motion to compel the production of said hard drive is moot. We expect that you will immediately contact Discovery Master Infante and withdraw the motion.

All of Mr. Bryant's rights and remedies are hereby reserved, including the right to seek further relief concerning the appropriate manner of inspection and disposition of the Compaq Presario laptop computer hard drive, and all other hard drives in Mr. Bryant's possession, custody or control.

EXHIBIT 24 PAGE 160

Michael T. Zeller
April 23, 2007
Page 2


   If you have any questions concerning the foregoing, please do not hesitate to contact me.

Sincerely,

Keith A. Jacoby

encl.

KAJ:rpe

Firmwide:82358948.1 028307.1010

**EXHIBIT 24 PAGE 161**

# EXHIBIT 25

CONFORMED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     (johnquinn@quinnemanuel.com)
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Susan Wines (Bar No. 168643)
     (susanwines@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100
7  Attorneys for Mattel, Inc.

BY _____
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF
RIVERSIDE CALIF.
2007 MAY -2 AM 3: 08
FILED

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                    EASTERN DIVISION

11 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx)
12 |           Plaintiff, | Consolidated with
13 |           | Case No. CV 04-09059
   |           | Case No. CV 05-02727
14 |     vs. |
15 | MATTEL, INC., a Delaware | **DISCOVERY MATTER**
16 | corporation, | [To Be Heard By Discovery Master
   |           Defendant. | Hon. Edward Infante (Ret.) Pursuant
17 |           | To The Court's Order Of December
   |           | 6, 2006]
18 | AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF
19 |           | WITHDRAWAL WITHOUT
   |           | PREJUDICE OF MOTION FOR AN
20 |           | ORDER TO ENFORCE COURT'S
   |           | JANUARY 25, 2007 ORDER
21 |           | COMPELLING BRYANT TO
   |           | PRODUCE DESKTOP COMPUTER
22 |           | HARD DRIVE
23 |           | [Declaration of Michael T. Zeller filed
   |           | concurrently herewith]
24 |           | Hearing Date: TBA
25 |           | Time: TBA
   |           | Place: TBA
26 |           | Discovery Cut-off: October 22, 2007
27 |           | Pre-trial Conference: January 14, 2008
   |           | Trial Date: February 12, 2008
28 |

EXHIBIT 25  PAGE 162

9/2111893.1

1       Rejecting Bryant's many months of refusals and failures to produce key

2   discovery in this case -- including documents relating to the origins of Bratz -- the

3   Discovery Master granted Mattel's motion to compel by Order dated January 25, 2007.

4   The Order required Carter Bryant to produce, among other highly pertinent

5   information, his computer hard drives no later than February 23, 2007.  One such hard

6   drive was the desktop computer that Bryant had purchased in October 2000 (the

7   "Desktop") -- the same month Bryant left Mattel's employment.  As he testified at

8   deposition, Bryant used this computer for business purposes, including to communicate

9   with and perform work with MGA on Bratz.

10       Bryant requested, and Mattel agreed, to extend the date for Bryant's

11   compliance with the Discovery Master's January 25 Order up to and including March

12   16, 2007.  Within two days of Mattel's professional accommodation, however, Bryant

13   began giving a series of conflicting accounts about the Desktop hard drive, including

14   assertions that were at odds with the sworn declarations Bryant had submitted to Judge

15   Block and then the Discovery Master about the Desktop and Bryant's alleged

16   preservation and review of it.[1]  Most troubling, on April 4, 2007, Bryant's counsel

17   suggested for the first time that they in fact did not know the whereabouts of the

18   compelled Desktop hard drive after all.  They stated that either the representations

19   Bryant and his counsel had earlier made to the Court and Mattel were "wrong" -- and

20   that the drive had never been retrieved or reviewed as Bryant had earlier claimed -- or

21   that they simply are "not sure" about their accuracy.[2]

22

---

23   [1]     Bryant and his counsel repeatedly represented not only that they had the Desktop in hand, but that they had searched the drive for responsive documents but

24   found none.  Typical of Bryant's claims on this score was his November 1, 2004 letter claiming that the Desktop "has been retrieved and searched for responsive

25   documents, and none have been located."

26   [2]     After the January 25 Order, Bryant also admitted that he had been

27   withholding, since almost the beginning of this suit, a hard drive from a laptop he used.  This was the first time Bryant's counsel disclosed that Bryant had this hard

28   (footnote continued)

**EXHIBIT 25 PAGE 163**

ZELLER DECL. RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

9/2112126.1

1    Over the course of more than two weeks, both orally and in letters,

2  Mattel's counsel repeatedly asked for clarification about the status of the Desktop hard

3  drive and requested that Bryant either produce the drive or explain the factual

4  particulars regarding its non-production.   Having received neither the Desktop hard

5  drive nor a substantive response from Bryant to these requests for further information,

6  Mattel then filed its present motion to enforce the January 25 Order and for other relief

7  on April 11, 2007.

8    All of the foregoing facts were evidenced in detail on Mattel's motion, and

9  Bryant's response here tellingly denies none of them.  After Mattel had filed its motion

10  to enforce, another two weeks passed with nothing further from Bryant in connection

11  with the Desktop hard drive.  On the day before Bryant's response was due, Bryant's

12  counsel sent a letter belatedly offering for the first time to make the Desktop hard drive

13  available to Mattel.[3]  Mattel arranged for and imaged a hard drive that Bryant's counsel

14  provided on Friday afternoon, April 27, 2007.[4]

15    Bryant allowed Mattel to image a single drive only this past Friday

16  afternoon -- some five weeks after the Order's deadline for Bryant to do so and some

17

18  drive in his possession, let alone that he had been withholding it from Mattel since

19  2004.  Indeed, this revelation was contrary to his prior representations to the Court
     and the Discovery Master that he had located *only* the Desktop.  Despite being

20  required to do so by the January 25 Order, Bryant still has not produced this laptop
     hard drive to date.

21    [3]   Although it was Bryant who flouted the January 25, 2007 Order for some six

22  weeks and who fails to provide any explanation for his conduct in his opposition,
     Bryant's opposition spuriously accuses Mattel of "gamesmanship" and "bad faith"

23  for not responding within a day to his unilateral demand that this motion be

24  withdrawn even before Bryant had complied with the Order by actually providing
     the drive to Mattel.  Bryant's rhetoric is all the more groundless given that, as he

25  knew, Mattel's counsel was in a deposition on that day and thus could not respond as

26  quickly as Bryant demanded.  See Declaration of Michael T. Zeller, dated May 1,
     2007 and filed concurrently herewith, Exh. 1.

27    [4]   Id., ¶ 2 & Exh. 1.

28                                          EXHIBIT 25  PAGE 1104

09/2111893.1

MATTEL'S NOTICE RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE

1 │ three months after the Discovery Master's January 25, 2007 Order. Mattel has not yet

2 │ been able to confirm that the drive Bryant's counsel provided on Friday was in fact

3 │ from the Desktop. Based on the fact that Bryant has finally provided for imaging a

4 │ hard drive that Bryant's counsel represents is the compelled Desktop hard drive,

5 │ however, Mattel hereby withdraws its current motion to enforce without prejudice. It is

6 │ regrettable, to say the least, that it took two motions to compel, an Order by the

7 │ Discovery Master, yet more lengthy meet and confers after Bryant failed to comply

8 │ with the Order and then a motion to enforce for Bryant to decide that he would produce

9 │ plainly relevant discovery such as the Desktop hard drive. Obviously, serious issues

10 │ also remain open with respect to the integrity of the Desktop drive that Bryant belatedly

11 │ produced, particularly given Bryant and his counsel's conflicting representations about

12 │ its custody, preservation and handling. Among other things, Bryant now admits in his

13 │ opposition here that he did not even obtain it until April 19, 2007 -- a revelation that at

14 │ a minimum calls into question the veracity of Bryant's earlier representations to the

15 │ Court and the Discovery Master that he had secured the drive and "extensively"

16 │ reviewed it for responsive materials in 2004 and raises issues about what has been done

17 │ to the hard drive in the interim. Mattel reserves the right to bring a separate motion to

18 │ address such matters as appropriate.

19 │

20 │

21 │ DATED: May 1, 2007                    QUINN EMANUEL URQUHART OLIVER &
                                           HEDGES, LLP

22 │

23 │                                       By _____

24 │                                          Michael T. Zeller
                                              Attorneys for Mattel, Inc.

25 │

26 │

27 │                        EXHIBIT 25 PAGE 165

28 │

09/2111893.1

-3-

MATTEL'S NOTICE RE: BRYANT'S FAILURE TO PRODUCE DESKTOP COMPUTER HARD DRIVE