# EXHIBIT 26

DOUGLAS S. WICKHAM (S.B. #127268)
KEITH A. JACOBY (S.B. #150233)
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Tel: (310)553-0308/Fax: (310)553-5583

FILED - EASTERN DIVISION
CLERK, US DISTRICT ...

MAY 17 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6 ___ BY
JS-2/JS-3
Scan Only  FAX

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation<br><br>Plaintiff(s)<br><br>v.<br><br>CARTER BRYANT, an individual<br><br>Defendant(s) | CASE NUMBER<br>CV04-9049 (RNBx)<br>consolidated with CV 04-9059 & 05-2727<br><br>ORDER ON<br>REQUEST FOR APPROVAL OF<br>SUBSTITUTION OF ATTORNEY |

The Court hereby orders that the request of:

CARTER BRYANT                     ☐ Plaintiff ☒ Defendant ☐ Other _____
       Name of Party

to substitute KEKER & VAN NEST, LLP.                                who is

☒ Retained Counsel     ☐ Counsel appointed by the Court (Criminal cases only)     ☐ Pro Se

710 SANSOME STREET
                              Street Address

SAN FRANCISCO, CA 94111                      JKeker@jvn.com
       City, State, Zip                            E-Mail Address

(415)391-5400                (415)397-7188                154913
  Telephone Number              Fax Number              State Bar Number

as attorney of record in place and stead of LITTLER MENDELSON, PC.
                                                      Present Attorney
is hereby   ☒ GRANTED     ☐ DENIED

Dated _____5-17-07_____                    _____
                                              U.S. District Judge/U.S. Magistrate Judge

**NOTICE TO COUNSEL : IF YOU ARE CURRENTLY ENROLLED IN THE OPTICAL SCANNING
PROGRAM AND HAVE CHANGED YOUR E-MAIL ADDRESS SINCE YOUR ENROLLMENT, YOU MUST
COMPLETE AN ENROLLMENT/UPDATE FORM (G-76) TO ENSURE THAT DOCUMENTS ARE SERVED
AT THE PROPER E-MAIL ADDRESS. THIS FORM, AS WELL AS INFORMATION ABOUT THE OPTICAL
SCANNING PROGRAM IS AVAILABLE ON THE COURT'S WEBSITE AT WWW.CACD.USCOURTS.GOV.**

DOCKETED ON CM
MAY 21 2007

G-01 ORDER (06/05)          ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY          American LegalNet, Inc.
                                                                                              www.USCourtForms.com

EXHIBIT 26 PAGE 166  (488)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California  90067.3107. On May 17, 2007, I served the within document(s):

### ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY

[X]     by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

John Quinn, Esq.
Michael Zeller
Quinn Emanuel Urquhart
Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA  90017-2543

John W. Keker, Esq.
Keker & Van Nest, LLP.
710 Sansome Street
San Francisco, CA 94111

Diana M. Torres, Esq.
James Jenal, Esq.
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071

Patricia Glaser, Esq.
Christensen, Glaser, Fink, Jacobs, Weil & Shapiro,
LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 17, 2007, at Los Angeles, California.

_____
Julie Contreras

Firmwide:82485216.1 028307.1010

PROOF OF SERVICE

EXHIBIT _26_ PAGE _167_

# EXHIBIT 27

**\*\*\*\*\* NEWSFLASH \*\*\*\*\* POLICE EXPERTS ADMIT EVIDENCE ELIMINATOR**

 **security** 

Retail I

**evidence eliminator - the world's #1 PC security utility**

| PRODUCT INFO | BUY NOW! | COMPANY INFO | CUSTOMER COMMENTS | MAILING LIST |
| WHAT'S NEW | DOWNLOADS | JOBS & PRESS NEWS | SUPPORT | DIS-INFO-CENTER |
| KEY FEATURES | REASONS TO BUY | ASSOCIATE PROGRAM | F.A.Q. | FORENSIC LINKS |

**Did you know...** that the **government** and **police** are installing **black boxes** in ISPs to record your Internet surfing and downloads **for evidence?**

URGENT NEWSFLASH WEDNESDAY 12 DECEMBER 2007 - YOUR INTERNET TRAFFIC IS BEING ROUTED THROUGH THE **AMERICAN ISP 12.150.161.10** AND **LOS ANGELES, CALIFORNIA UNITED STATES** - YOU ARE AT VERY HIGH RISK OF INVESTIGATION!

**Deleting "internet cache and history", will not protect you...** your PC is storing deadly evidence. Even **FORMATTING** the disk won't work.

All those **Web Pages, Pictures, Movies, Videos, Sounds, E-mail and Everything Else** you have ever viewed could easily be recovered - even many years later.

The Times, London, 3rd December 2004



"Evidence Eliminator, the British-made market leader"

***Defend yourself!*** Make your Internet access safer. Get yourself a truly clean and faster "Like New" PC!

▶ **Download Evidence Eliminator™ Now!**

**Latest News**

**CLICK HERE TO ACCESS BANNED NEWSGROUPS!**

**Testimonials**

*Just a few of the many letters of thanks we receive daily from satisfied customers around the world:*

Seeing EE going through its comprehensive clean-up made me breathe so much easier. It is still the most worthwhile protection I have ever purchased for the computer. Your team is to be commended for the excellent product, support and upgrading. You haven't abandoned those of us who bought the product in its early stages and continued to use, enjoy and trust EE. RB, USA

Thank you for making a program that a person of my limited computer knowledge can use and understand... ...makes this something that anyone surfing the net should use. KG, USA

Wow!! That has to be the best online support I have ever had. A real person answered my mail, quickly. Thanks for

EXHIBIT 27 PAGE 168



**Click here** to see more Screenshots! or ▶ **Download Now!**

**PROTECT YOUR JOB, PROPERTY, FAMILY, CAR, FRIENDS AND YOUR REPUTATION - BEFORE IT'S TOO LATE!**

**You are being watched...** how about your **Boss**? Do you surf the internet and send **E-mail** at work? Your work PC will be **full of evidence**. It is becoming common in the workplace for companies to copy and investigate the contents of workers computers out of hours - without your consent or knowledge. This is perfectly legal and it is happening **now!** Your job could be at risk, what would happen to you if you **lost your job**? People like you are losing their jobs right now because of their Internet activities in **America** and the **UK.**

According to an **APBNews** report, 73.5% of all companies **admit** they "*record and review their employees' communications and activities on the job.*"

There is no need for you to play Russian roulette with your job, family, car, property and everything else that depends on it! Act now! We can help, **Evidence Eliminator™** can protect you from the dangers of the Internet! Download today with no risk, guaranteed. Act now! And transform your computer into a safe, clean and faster machine!

▶ **Get Evidence Eliminator and Be Safe!**

**Proven in the US Courts!**

*'Evidence Eliminator ... the data destroyed is "gone forever" and it is impossible to create mirror images of defendants' hard drives ...'*

UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA
CASE NO. CIV S-03-1968 WBS KJM. APRIL 5, 2005

making such a great product. KS, USA

I just downloaded and installed your product today. I love it! My 200 Mhz machine is noticeably faster and now has an additional 100+ meg of hard disk space available. I just ordered Evidence Eliminator this evening. This beats anything I've seen to date. Please keep up the good work!! RR, USA

...the program you have designed is simply excellent. nothing like it can compare. JG, USA

Great product - you need to get the message across more widely! Anyone with teenage sons knows how likely it is that something unwanted is lurking on the h/d... ...Well - most impressive! Somehow the whole product had a certain 'aura of quality' about it and seemed worth buying... Seems I was right - money well spent! SC, UK

Just wanted to say "THANK YOU" for such a GREAT program. EE does an amazing job of finding and removing things I don't really want to leave on the equipment. I Also want to express my appreciation for the rapid response to my registration... ...FAST! I am looking forward to the updated version that is supposed to be released soon. Again, Thank you

## SEE THE PROOF ON THE POLICE EVIDENCE SCANNER

This is the view of a porn-filled hard drive on EnCase police software, both before, and after, the **Evidence Eliminator™** treatment.



**⚠ CONSUMER SCAM ALERT** – **Fraud artists target privacy consumers**
False advertising has duped many consumers into buying worthless imitation software - "eraser / internet washers" that do not work - you might as well throw your money away. If you have recently been the victim of a scam by one of these fly-by-night outfits you are strongly urged to get your money back as quickly as possible, and not to use the software under any circumstances because it could even damage your hard disk! You don't have to take risks, make sure you accept only the authentic, original **Evidence Eliminator™** and be sure you are both 100% safe and secure!

Do you have an ex-spouse or ex-partner with a grudge against you, have you been "Grassed"? Has anyone ever put a floppy disk in your computer? Is someone after your job? Can you honestly say that you **really know for sure** what may have been accidentally downloaded or purposefully hidden on your PC?

Do your **children or their friends** use your computers? What have they downloaded and tried to delete?

Did you know for example that every click you make on Windows 98 Start Menu is logged and stored permanently on a hidden encrypted database within your own computer?

If you have a business, protect your workplace and computers with **Evidence Eliminator™**. Don't get investigated **- get protected!**

**Evidence Eliminator™** is proven to defeat the exact same forensic software as used by the US Secret Service, Customs Department and Los Angeles Police Department (LAPD), and the UK Metropolitan Police Scotland Yard.

for an excellent product, quick registration, and ease of mind. RB, USA

It appears to be as useful as a system cleaner as it is a security program... ...I appreciate your response and follow-up. I've never seen any company follow up as well as you guys have. Thanks again! GB, USA

Evidence-Eliminator is the perfect tool for the casual or frequent internet user that makes purchases online. The safe and secure deletion of files that might possibly store financial information on one's hard drive can be wiped clean without fear of it being used or accessed dishonestly. Overall, an OUTSTANDING program and worth every penny. I will spread the word with my colleagues about this fantastic way to make sure their computers are safe on an everyday basis. JG, USA

Even more amazing, is a software company that has such a positive and rapid trouble shooting team (an all too rare occurrence). I had a response within hours of my last e-mail to you. Congratulations on your professionalism and Customer Services. It is really impressive and appreciated. MM, USA

Until I tried this

EXHIBIT 27 PAGE 170

**It is a proven fact...** routine Forensic Analysis equipment such as **EnCase** and **F.R.E.D.** used by Private and Business Investigators, Law-Enforcement and others, can recover evidence from parts of your hard drive that you thought were empty, **parts that you had cleaned.**

you need...

**Your hard drive might appear clean...** but still be full of **'sensitive material'** that you did not want to download in the first place and it might very well be a **Serious Criminal Offence** in your country to have that data stored on your computer even if you didn't know it was still there. **You could go to Jail!** Pressing 'Delete' or emptying your 'Recycle Bin' - or even 'Formatting' your disk – simply **will not work**, the **'sensitive material'** will still remain on your hard drive!

**You will be held responsible** for any data which you allow to remain on your computer, even if it was only by accident. Even files and **Internet Searches** you have made which you thought you had never "saved to disk" can be recorded as **permanent evidence** on your hard drive

**Get total protection now...** If you do not use **Evidence Eliminator™** your PC is "a ticking **Time Bomb** waiting to go off!" Only with **Evidence Eliminator™** can you get the protection you deserve, only then can you use your PC to explore the Internet with confidence.

The distinctive style and unsurpassed quality of **Evidence Eliminator™** and its rapid ongoing development and success have firmly established **Evidence Eliminator™** as the **world's premier** computer hard drive cleansing system!

**Evidence Eliminator™** is a powerful and easy-to-use program, no other commercially available program can do the same job. Every day, **Evidence Eliminator™** quickly and professionally deep cleans your computer of 'sensitive material', leaving you with a clean PC, a clean conscience and instant **peace of mind.**

**We are so confident** that you will want **Evidence Eliminator™** protecting you and your interests we can give you this unbeatable **Limited Time Special Offer!** Order and download **Evidence Eliminator™** software now and we will include **free** lifetime Technical Support and **free** extremely valuable lifetime Upgrades! There is no risk, you are protected by our 30 day money-back guarantee. Start to enjoy the benefits of a truly clean and faster "Like New" PC! Download today with no risk, guaranteed. **This incredible Limited Time Special Offer is guaranteed for today only and may be cancelled at any time!**

▶ **Download Now And Protect Yourself!**

unique product I had spent several hours each week manually reducing the size of my registry and trying to eliminate the numerous and bloated entries that had accumulated each time I installed software or just spent time on the internet. GC, USA

It's about time that someone created software that performs multiple functions from one source and is user friendly. I can now delete all of the various items that were installed on my computer with the push of a button and let Evidence Eliminator do all of the work. I was running three different types of software and still did not get half of the results that were achieved the first time I used your product. Thanks, MW, USA

Your courtesy, kindness and prompt responses to my emails is wonderful and all too rare these days. Thanks again, sincerely. NC, USA

This is a great product - it takes care of essential cleanup & important system maintenance with one click. Thanks again. BI, USA

Hi guys.. for starters, I love this program... ...Not only does it give you peace of mind by deleting garbage that could hang around for months, it also keeps my hard drives clean of

EXHIBIT 27 PAGE 171

Evidence Eliminator - What evidence is on your hard drive?                                        http://www.evidence-eliminator.com/product.d2w



**Click here** to see more Screenshots!

**SPEED-UP YOUR PC AND INTERNET BROWSER - MAKE IT SAFER TO USE THE INTERNET!**

**Working deep below your Windows operating system... Evidence Eliminator™** employs the exact same sector analysis technology as available in ultra-high-priced tools available to law-enforcement agencies, for example the **FBI**. After identifying and analyzing the unwanted data hidden in your drives, **Evidence Eliminator™** destroys it with **proven methods of secure disposal** similar to US Department of Defense standards for destruction of classified material.

**Award winning... Evidence Eliminator™** has been featured on TV, Radio shows, many top Magazines and has been decorated with high praise, admiration and awards:

*"I tested the software recently and was astonished at its thoroughness. It did wipe clean a ton of stuff... ...I was truly impressed"* Mark A. Kellner, "On Computers" Columnist, THE WASHINGTON TIMES <u>Click here to read review</u>

*"performs its stated goal admirably...Short of dousing it with gasoline and setting it ablaze, the only way to keep things spotless and shiny clean is with Evidence Eliminator."* Slaughterhouse.com "Pick Of the Day" <u>Click here to read review</u>

*"an ultra-powerful application... Evidence Eliminator keeps your system running fast and on the right side of the law... Evidence Eliminator really is an excellent program for protecting your privacy."* RocketDownload.com "5-Smileys Award" <u>Click here to read review</u>

*"it performs secure file wipes, making it all but impossible to recover data within... Evidence Eliminator is thorough yet very easy to set up and use"* ZDNet PC Magazine "5-Star Editors Pick" and "ZDNet 7th Annual Awards Finalist" <u>Click here to read review</u>

**The fact is...** your computer is spying on you and is filling up with evidence, only **Evidence Eliminator™** can protect and help you. In tests, **Evidence Eliminator™** defeats **EnCase** and other Forensic Analysis equipment as used by investigators, police and government agencies. So enjoy the benefits of our unbeatable **Limited Time Special Offer** and download yours now!

unwanted files. JC, USA

This is to me THE best software program ever introduced to the public!... ... It has been such a pleasure to use. I am telling my family and friends about your wonderful product... ... I was so impressed by the program I purchased mine as soon as I could. Thank you for not only your product, but also for the most actively involved Technical Support anywhere in cyberspace!! My sincere gratitude to you all. DT, USA

I'm truly amazed that you can provide this sort of quality at the price you charge. Best wishes. JC, USA

Thank you for everything this is the kind of program that I will use forever. RB, USA

I have 7 years experience w/computers and have never seen anything even close to EE on the market... ...I would just like the rest of the .Net consumer public know EE is for REAL. JS, USA

It's a pleasure to be dealing with professional people like you with such a brilliant product. AD, UK

Appreciate the great technical support and service... please keep up the good work. DB, USA

In the dubious,

EXHIBIT 27 PAGE 172

▶ **Webmasters: Click Here**

**To protect and to serve the public...** that is our mission! Employers, parents, surfers and Internet professionals from all over the world use, trust and depend upon **Evidence Eliminator™**'s state-of-the-art technology. Even the best Forensic Laboratory Analysis with electron microscopes is no match for **Evidence Eliminator™**'s formidable display of new, innovative, World-Leading data destruction technologies.

**Whatever reasons you have...** for needing **Evidence Eliminator™**, one thing is for sure - downloading **Evidence Eliminator™** will be the most important thing you have ever done. Act now, try it risk free, and transform your computer into a safe, clean and faster machine!

**Easy to use... Evidence Eliminator™ is the** essential one-click user-friendly technology for the security-conscious surfer. If you use just one program on your PC - make it **Evidence Eliminator™** before it's too late!

▶ **Download Evidence Eliminator™ right now - Click Here!**

▶ **Click Here** for information on downloading and our **Incredible Special Offer.**

*treacherous and sometimes ominous world of Internet browsing and all it's legalistic issues, it's reassuring to know that a product like EE is out here to protect the innocent and unwary browser... Bravo..and thanks. VC, USA*

*EE it is a really wonderful and powerful software. I love it more and more, every day passing by. I have tried different erasers but EE is WOW. DP, USA*

*Don't miss out! Act now and enjoy the benefits of our unbeatable Limited Time Special Offer!*



Webmasters & ISPs: We will pay you to link to us. Join our Associate Program
Trademarks, Terms & Copyright


Click here to BUY NOW

**Evidence Eliminator™** recommends **alibis.com** uncensored newsgroups. Access banned newsgroups now, you'll be amazed what you can find - **Click Here**

Click Here!

EXHIBIT 27 PAGE 173

# EXHIBIT 28

AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____CENTRAL__  DISTRICT OF _CALIFORNIA_

MATTEL, INC., a Delaware Corporation

V.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO:  Littler Mendelson, P.C.
     2049 Century Park East, 5th Floor
     Los Angeles, CA 90067-3107

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
     testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
     the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
     place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | August 21, 2007 |
| 865 S. Figueroa St., 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Susan Wines* | |
| Attorney for Plaintiff, Mattel, Inc. | August 3, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Susan L. Wines, Esq.,   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 28 PAGE 174**

AO-88

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 28 PAGE 175

## ATTACHMENT A

## Documents To Be Produced

1.  **DEFINITIONS.**

     i.     "YOU" or "YOUR" means Littler Mendelson, A Professional Corporation, and all of YOUR partners, associates, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control, including but not limited to Keith Jacoby and Douglas Wickham.

     ii.     "CARTER BRYANT" means Carter Bryant individually.

     iii.     "ERICH SPECKIN" means Erich Speckin and any of his partners, associates, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

     iv.     "BRATZ WORK" means any representation of BRATZ, whether in whole or in part, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, photographs, sculptures, prototypes, models, samples, written descriptions and summaries.

     v.     "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

     vi.     "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

     vii.     "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether permanently, temporarily or otherwise, to create, generate, transmit, copy, retain, store or maintain DIGITAL INFORMATION.

EXHIBIT _28_ PAGE _176_

      viii.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

      ix.   "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

      x.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

      xi.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

      xii.   The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or"

EXHIBIT 28 PAGE 172

and vice versa, whenever such construction results in a broader disclosure of
documents or information.

2.    INSTRUCTIONS.

        a.    YOU are to produce all DOCUMENTS requested hereby that
are in YOUR possession, custody and control.

        b.    If YOU contend that YOU are not required to produce certain
DOCUMENTS called for by these requests on the grounds of a privilege or
protection that YOU are not prepared to waive, in lieu of producing such
DOCUMENTS identify each DOCUMENT and provide the following
information:

                (1)    The privilege or protection that you claim precludes
disclosure;

                (2)    The subject matter of the DOCUMENT (without
revealing the content as to which the privilege or protection is claimed);

                (3)    The date, author(s), addressee(s); and

                (4)    Any additional facts on which YOU would base YOUR
claim of privilege or protection.

        c.    YOU are required to identify any and all DOCUMENTS sought
by this document request that have been destroyed.

        d.    YOU are required to identify the source of all DOCUMENTS
produced, and the person for whom, or department, division or office for which,
such DOCUMENTS are maintained.

        e.    Each DOCUMENT shall be produced in its original file folder,
or in lieu thereof, any writing on the file folder from which each such
DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    DOCUMENTS TO BE PRODUCED.

        (1)    All DOCUMENTS REFERRING OR RELATING TO any computer
hard drive that has been used, owned or acquired by or has at any time been in the

possession of CARTER BRYANT, including without limitation all DOCUMENTS
REFERRING OR RELATING TO the location, search, review, imaging,
shipment, transfer, acquisition, loss, loss of data, destruction, misplacement or
storage of or on any such hard drive.

(2)    To the extent not produced in response to Request No. 1 above, all
DOCUMENTS REFERRING OR RELATING TO any STORAGE DEVICE that
has been used, owned or acquired by or has at any time been in the possession of
CARTER BRYANT, including without limitation all DOCUMENTS
REFERRING OR RELATING TO the location, search, review, imaging,
shipment, transfer, acquisition, loss, loss of data, destruction, misplacement or
storage of or on any such STORAGE DEVICE.

(3)    To the extent not produced in response to Request No. 1, all
DOCUMENTS, including COMMUNICATIONS, REFERRING OR RELATING
TO the purchase, acquisition, downloading, installation, loading, use or operation
of "Evidence Eliminator" on any computer hard drive that has been used, owned or
acquired or has at any time been in the possession of CARTER BRYANT.

(4)    All DOCUMENTS, including COMMUNICATIONS, REFERRING
OR RELATING TO Brooke Gilbert.

(5)    All DOCUMENTS, including COMMUNICATIONS, REFERRING
OR RELATING to YOUR and/or CARTER BRYANT'S having "examined
[CARTER BRYANT'S] hard drive extensively for any responsive documents"
and/or having "tirelessly searched for and inspected [CARTER BRYANT'S]
computer hard drives for relevant information."

(6)    All DOCUMENTS, including COMMUNICATIONS, REFERRING
OR RELATING TO any agreement, contract, proposal, offer, request or promise
between CARTER BRYANT and any PERSON, including without limitation
MGA, REFERRING OR RELATING TO indemnification or the payment of fees
by, for or on behalf of CARTER BRYANT in connection with THIS ACTION.

(7)    To the extent not produced in response to Request No. 6, all
DOCUMENTS, including COMMUNICATIONS, REFERRING OR RELATING
TO any agreement, contract, proposal, offer, request or promise between MGA and
any PERSON REFERRING OR RELATING TO indemnification or the payment
of fees by, for or on behalf of any PERSON in connection with THIS ACTION.

(8)     All DOCUMENTS, including COMMUNICATIONS, REFERRING OR RELATING to the handling, preservation, loss, destruction, destructive testing, possession, shipment or transfer of any original drawings of any BRATZ WORK by CARTER BRYANT that were subject to any type of ink or paper sampling or testing, including for example, the originals of the documents produced as BRYANT 00179-00183, 00186, 00192, 00195, 00201-00202, 00204, 00207-00208, and 00210-00211.

(9)     To the extent not produced in response to Request No. 8, all DOCUMENTS, including COMMUNICATIONS, REFERRING OR RELATING to the handling, preservation, loss, destruction, destructive testing, possession, shipment or transfer of the originals of any DOCUMENTS in this ACTION to, from or by ERICH SPECKIN, including for example, the originals of the documents produced as BRYANT 00179-00183, 00186, 00192, 00195, 00201-00202, 00204, 00207-00208, and 00210-00211.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/3/2007 | 2049 Century Park East, 5th Floor Los Angeles, CA 90067 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DAVID MARCUM, Administrator, Littler Mendelson PC. (Witness Fee Paid $40.00) | Personal (Served 8-3-07 at 2:20 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark Shurlock | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     8/6/2007
_____
DATE

_____
SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los
_____
ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT _28_ PAGE _181_

# NOW LEGAL SERVICE

**FILING / SERVICE OF PROCESS INSTRUCTIONS**

**INVOICE NO. 259107**

L.A. (213) 482-1567 • FAX (213) 482-1572
O.C. (714) 835-6570 • FAX (714) 835-6670
www.nowlegalservices.com

PLEASE CHECK TYPE OF SERVICE REQUESTED

☐ COURT SERVICE   ☒ SERVICE OF PROCESS

PLEASE NOTE ANY SPECIFIC OR TIMELY FILING/SERVICE REQUIREMENTS

**CHARGE TO**

QUINN EMANUEL URQUHART
865 SOUTH FIGUEROA STREET # 1000
LOS ANGELES CA 90017 (213) 624-7707

DATE: 8-3-07
REFERENCE NUMBER: 7209

METHOD OF SERVICE REQUESTED

☐ RUSH   ☐ SPECIAL PICK UP   ☒ SAME DAY   ☐ NEXT DAY   ☐ RETAINER

RETURN BY: ☐ SPECIAL ☐ SAME DAY ☐ NEXT DAY ☐ CALL FROM COURT

REQUESTED BY: Linda Cano
PLAINTIFF: Carter Bryant
DEFENDANT: Mattel

DOCUMENT TO BE FILED/SERVED: Subpoena

SPECIAL INSTRUCTIONS: Serve on person authorized to receive service.

Amount 40.00  Check 121.73

PERSONS/ENTITIES TO BE SERVED:
NAME: Littler Mendelson, P.C.
ADDRESS: 2049 Century Park East 5th Floor L.A. 90067
☒ BUSINESS

EXHIBIT 28 PAGE 182

# EXHIBIT 29

AO88 (Rev. 12/06) Subpoena in a Civil Case.

**Issued by the**

# UNITED STATES DISTRICT COURT

CENTRAL   DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

V.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO:  Littler Mendelson, P.C.
     2049 Century Park East, 5th Floor
     Los Angeles, CA 90067-3107

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  See attachment "A"

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 | September 19, 2007 9:30 a.m. |

☐   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Susan Wines* Attorney for Plaintiff, Mattel, Inc. | September 5, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Susan L. Wines, Esq.,  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

9|5|0 EXHIBIT 29  PAGE 183     AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)          MANNER OF SERVICE

SERVED BY (PRINT NAME)          TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                   DATE                    SIGNATURE OF SERVER

                                           ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve the information. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 29  PAGE 189

## ATTACHMENT A

## INSTRUCTIONS

a.      Pursuant to <u>Fed. R. Civ. P.</u> 30(b)(6), Littler Mendelson, P.C. is requested to designate one or more officers, directors, managing agents or other PERSONS who consent to testify on its behalf concerning each of the topics set forth below.

b.      Pursuant to <u>Fed. R. Civ. P.</u> 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use LiveNote or other technology for real-time transcription of the testimony.

## DEFINITIONS

i.      "YOU" or "YOUR" means Littler Mendelson, A Professional Corporation, and all of YOUR partners, associates, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control, including but not limited to Keith Jacoby and Douglas Wickham.

ii.      "CARTER BRYANT" means Carter Bryant individually.

iii.      "ERICH SPECKIN" means Erich Speckin and any of his partners, associates, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

iv.      "BRATZ WORK" means any representation of BRATZ, whether in whole or in part, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, photographs, sculptures, prototypes, models, samples, written descriptions and summaries.

v.      "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-

1

EXHIBIT _29_ PAGE _185_

interest, and any other PERSON acting on its behalf, pursuant to its authority or
subject to its control.

vi.    "DIGITAL INFORMATION" means any information created
or stored digitally, including but not limited to electronically, magnetically or
optically.

vii.    "STORAGE DEVICE" means any computer hard drive,
memory, USB device, tape, storage array or any other device or medium that
allows a user, whether permanently, temporarily or otherwise, to create, generate,
transmit, copy,  retain, store or maintain DIGITAL INFORMATION.

viii.    "PERSON" or "PERSONS" means all natural persons,
partnerships, corporations, joint ventures and any kind of business, legal or public
entity or organization, as well as its, his or her agents, representatives, employees,
officers and directors and any one else acting on its, his or her behalf, pursuant to
its, his or her authority or subject to its, his or her control.

ix.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
"recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
limited to, all writings and records of every type and description including, but not
limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
electronic mail ("e-mail"), records of telephone conversations, handwritten and
typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
and summaries of meetings, voice recordings, pictures, photographs, drawings,
computer cards, tapes, discs, printouts and records of all types, studies, instruction
manuals, policy manuals and statements, books, pamphlets, invoices, canceled
checks and every other device or medium by which or through which information
of any type is transmitted, recorded or preserved.  Without any limitation on the
foregoing, the term "DOCUMENT" shall include all copies that differ in any
respect from the original or other versions of the DOCUMENT, including, but not
limited to, all drafts and all copies of such drafts or originals containing initials,
comments, notations, insertions, corrections, marginal notes, amendments or any
other variation of any kind.

x.    "COMMUNICATION" or "COMMUNICATIONS" means and
includes any disclosure, transfer or exchange of information between two or more
PERSONS, whether orally or in writing, including, without limitation, any
conversation or discussion by means of meeting, letter, telephone, note,

2        EXHIBIT _29_ PAGE _186_

memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

       xi.   "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

       xii.   The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## DESIGNATED TOPICS OF TESTIMONY

    (1)   All facts RELATING TO the location, search, review, imaging, shipment, transfer, acquisition, loss, loss of data, destruction, misplacement or storage of or on any computer hard drive or STORAGE DEVICE that has been used, owned or acquired by or has at any time been in the possession of CARTER BRYANT.

    (2)   YOUR COMMUNICATIONS with or REFERRING OR RELATING TO Brooke Gilbert.

    (3)   The Declaration of Keith A. Jacoby dated April 24, 2007 in Opposition to Motion of Mattel, Inc. for an Order to Enforce Court's January 25, 2007 Order Compelling Bryant to Produce Desktop Computer Hard Drive.

    (4)   The Declaration of Keith A. Jacoby dated January 11, 2007 in Support of Carter Bryant's Opposition to Mattel Inc.'s Motion to Compel the Production of Documents including, but not limited to, the sworn statement that "Bryant made the computer he used from 2000 to 2002 available to his counsel, and counsel have not found any responsive documents or relevant information in his computer hard drives, or documents related to his communications with MGA," and that "Bryant's counsel has examined his hard drive extensively for any responsive documents,

3

EXHIBIT _29_ PAGE _187_

and it has not found any."

(5)     The Declaration of Keith A. Jacoby dated January 4, 2005 in Support of Defendant and Cross-Claimant Carter Bryant's Portion of Joint Stipulation including, but not limited to, the sworn statement that "Bryant made the computer he used from 2000 to 2002 available to his counsel, and counsel have not found any responsive documents or relevant information in his computer hard drives, or documents related to his communications with MGA," and that "Bryant's counsel has examined his hard drive extensively for any responsive documents, and it has not found any."

(6)     Any agreement, contract, proposal, offer, request or promise between CARTER BRYANT and MGA, or any other PERSON, REFERRING OR RELATING TO indemnification or the payment of YOUR fees in connection with THIS ACTION.

(7)     The handling, preservation, loss, destruction, destructive testing, possession, shipment or transfer of any original drawings of any BRATZ WORK by CARTER BRYANT that were subject to any type of ink or paper sampling or testing, including for example, the originals of the documents produced as BRYANT 00179-00183, 00186, 00192, 00195, 00201-00202, 00204, 00207-00208, and 00210-00211.

(8)     The handling, preservation, loss, destruction, destructive testing, possession, shipment or transfer of the originals of any DOCUMENTS in this ACTION to, from or by ERICH SPECKIN, including for example, the originals of the documents produced as BRYANT 00179-00183, 00186, 00192, 00195, 00201-00202, 00204, 00207-00208, and 00210-00211.

4

EXHIBIT _29_ PAGE _188_

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 9/5/2007 | 2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| WILLIAM DE LA CRUZ, Custodian of Records<br>Littler Mendelson (Witness Fee Paid $40.00) | Personal<br>(Served 9-5-07 at 4:30 p.m.) |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Tony Luukhuu | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on          9/6/2007
                          DATE

SIGNATURE OF SERVER

Now Legal Service, 1301 W. 2nd St., #206, Los

ADDRESS OF SERVER

Angeles, CA 90026, (213) 482-1567, L.A. Cty. #5426

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT _29_ PAGE _189_

# NOW LEGAL SERVICE

L.A. (213) 482-1567 • FAX (213) 482-1572
O.C. (714) 835-6570 • FAX (714) 835-6670

www.nowlegalservices.com

## FILING / SERVICE OF PROCESS INSTRUCTIONS

**INVOICE NO.** 270579

**PLEASE CHECK TYPE OF SERVICE REQUESTED**

☐ COURT SERVICE   ☑ SERVICE OF PROCESS



**PLEASE NOTE ANY SPECIFIC OR TIMELY FILING/SERVICE REQUIREMENTS**

| CHARGE TO | DATE | REFERENCE NUMBER |
|---|---|---|
| QUINN EMANUEL URQUHART 865 SOUTH FIGUEROA STREET #1000 LOS ANGELES CA 90017 (213) 824-7700 | 9/5/07 | 7209 |

**METHOD OF SERVICE REQUESTED**

☑ RUSH      **RETURN BY**
☐ SPECIAL PICK UP    ☐ SPECIAL
☑ SAME DAY      ☐ SAME DAY
☐ NEXT DAY      ☐ NEXT DAY
☐ RETAINER      ☑ CALL FROM COURT
COMPLETE BY: 9-5-07

REQUESTED BY: ATTY / SECRETARY / NUMBER — Lynda Cano

CASE NUMBER — CV-04-9049

DOCUMENT TO BE FILED/SERVED:
Subpoena

PLAINTIFF — Bryant

COURT ADDRESS — USDC Riverside

DEFENDANT — Mattel

CALENDARED

☐ FILE   ☐ CONFORM   ☐ ISSUE   ☐ CERTIFY
☐ COURT RESEARCH   ☐ FORM REQUEST   ☐ COPY REQUEST   ☐ RECORD   ☐ OTHER

**Fees Advanced**
Amount 40.00
Check 1290.00

SPECIAL INSTRUCTIONS / DESCRIPTION OF PERSON (IF KNOWN)

Amount _____ Check _____
Amount _____ Check _____

**Provided by Client**
Amount _____ Check _____

| | |
|---|---|
| COURT SERVICE FEE(S) | |
| PROCESS SVC. FEE(S) | |
| ATTEMPTS | |
| BAD ADDRESS | |
| RUSH-SPCL-PU-RT | |
| RESEARCH | |
| INVESTIGATION | |
| MILEAGE | |
| DIRECT COST | |
| ADVANCE FEES | |
| ADV. FEE CHARGES | |
| PHONE | |
| PARKING | |
| INVOICE TOTAL | |

**PERSONS/ENTITIES TO BE SERVED AND KNOWN ADDRESS**
(One Entity Per Invoice)   (PLEASE INDICATE NAME EXACTLY AS IT SHOULD APPEAR ON PROOF OF SERVICE)

NAME: Littler Mendelson, P.C.       NAME:

ADDRESS: 2049 Century Park East 5th Floor, LA 90067    ADDRESS:

**EXHIBIT 29 PAGE 190**

PHONE:           PHONE:
☐ HOME  ☑ BUSINESS      ☐ HOME  ☐ BUSINESS
SERVICE: ☐ PERSONAL  ☐ POST  ☑ DELIVER  ☐ SUBSTITUTION OK

| HEIGHT | WEIGHT | HAIR | EYES | AGE | RACE | SEX | ADDITIONAL |
|---|---|---|---|---|---|---|---|

| DATE SERVED | TIME SERVED | PROCESS SERVER | PERSON SERVED | TITLE |
|---|---|---|---|---|
| 9-5 | 9:45 pm | Tony | William De La Cruz | |

RETURN COPY

# EXHIBIT 30

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

CHRISTA MARTINE ANDERSON
CANDERSON@KVN.COM

December 3, 2007

**VIA E-MAIL**

James J. Webster
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:   *Bryant v. Mattel*
      United States District Court, Central District of California
      Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727)

Dear James:

I write in response to your November 30 letter to Michael Page regarding Mattel's document subpoena to Littler Mendelson.

First, your letter suggests that you may not be familiar with the history of the meet-and-confer efforts in which our office engaged with Susan Wines on the subject of the subpoenas to Littler Mendelson. Ms. Wines agreed in September 2007 that, before filing any motion to compel concerning the subpoenas to Littler Mendelson, Mattel would discuss and agree to a mutually convenient briefing schedule such that the schedule would provide for our office to file our related motion to quash simultaneously. See attached September 11, 2007 Email to Susan Wines. Ms. Wines also met and conferred with Mr. Page, Diana Torres and Keith Jacoby about your subpoenas to Littler Mendelson, on September 17, 2007. During that conference, Mr. Page stated that we had no objection to Littler Mendelson producing any responsive, non-privileged documents in response to the subpoena. Keith Jacoby informed Ms. Wines that Littler Mendelson had no such documents, but Mr. Page agreed that we would review our files received from Littler Mendelson for any responsive, non-privileged documents and would supplement Carter Bryant's production with any such documents. Ms. Wines never pursued this issue further after that discussion on September 17, 2007, and no one at your firm has ever proposed a briefing schedule on this topic. If you intend to file any motion to compel regarding Littler Mendelson, please contact me to discuss and agree upon a schedule for doing so, pursuant to our previous arrangement with Ms. Wines.

EXHIBIT 30   PAGE 191

James J. Webster
December 3, 2007
Page 2


      Second, to the extent that Carter Bryant identifies any additional responsive and non-privileged documents from the files that Littler Mendelson transferred to us, we will provide those to your office next week.

      I look forward to speaking with you regarding the above matters.

                            Very truly yours,

                            Christa M. Anderson

CMA/jas
Encl.

EXHIBIT 30  PAGE 192

**Audrey Walton-Hadlock**

| | |
|---|---|
| From: | Christa Anderson |
| Sent: | Tuesday, September 11, 2007 3:52 PM |
| To: | 'Susan Wines' |
| Cc: | 'dtorres@omm.com'; 'Jacoby, Keith A.'; Audrey Walton-Hadlock |
| Subject: | Subpoena to Littler for testimony |

Dear Susan,

Thank you for taking the time to meet and confer yesterday regarding Mattel's deposition subpoena to Littler Mendelson, Carter Bryant's prior counsel in this litigation. I write to confirm the substance of our discussions.

I explained that we believe the deposition subpoena is improper (and intend to move to quash it) as it violates the doctrine governing depositions of trial counsel, as laid out *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1987), the leading case on this issue. Under *Shelton*, deposing an opponent's litigation counsel is proper only where the party seeking the deposition shows that (1) no other means exists to obtain the information, (2) the information sought is relevant and nonprivileged, and (3) the information is crucial to the preparation of the case. You acknowledged that you are familiar with the *Shelton* rule, and that you do not quarrel with the general idea that one cannot ordinarily depose an opponent's litigation counsel. However, you asserted several arguments why Mattel believes deposing Littler would be proper.

First, you believe *Shelton* does not apply because Littler is no longer Bryant's counsel in this case. I explained that the *Shelton* rule also applies to former counsel in the litigation where a deposition is sought, and that Judge Infante has applied the rule in just such a situation.

Second, for the computer-related topics in Mattel's deposition notice, you stated that Mattel seeks to depose Littler only as a fact witness with access to facts about Bryant's computers, and does not seek to obtain any related communications or attorney ideas. I explained that the mere fact that litigation counsel has access to facts does not allow a party to sidestep the *Shelton* requirements.

Third, for the document-testing and fee-related topics, you said that *Shelton* does not apply because Mattel seeks information and documents on topics regarding which Judge Infante has already ruled that Mattel is entitled to discovery. Without agreeing that any such orders would apply to the topics at issue here, I explained that the existence of a discovery order on a particular topic does not mean that a party is also entitled to depose trial counsel on that topic. A discovery order allows its beneficiary to have whatever discovery the court granted it, but not to bypass the *Shelton* rule and automatically depose opposing counsel. I also explained that Mattel's document-testing topics are improper for the additional reason that they seek to take expert discovery prior to the dates set out in the Court's case management orders.

Because we were unable to resolve the dispute informally, I asked you what briefing schedule you would prefer for our planned motion to quash Mattel's deposition subpoena. You said that you would like to brief the parties' disputes about the deposition subpoena and Mattel's document subpoena to Littler on the same schedule, and that you did not expect the briefing to be completed by the September 19th deposition date set in the deposition subpoena. You agreed that the deposition will not go forward on September 19th as noticed in the subpoena, and that we will meet and confer in the future about the briefing schedule for Bryant's motion to quash the subpoena for testimony. We also agreed that, to the extent that any deposition of Littler is ever taken in this case, it would not take place prior to a ruling by the Court on Bryant's motion to quash. You also requested that I ask Littler and MGA's counsel to contact you about Mattel's related document subpoena to meet and confer about the document subpoena, which I agreed to do. I am doing so by carbon copy of this email. I also wish to participate in any discussions regarding the document subpoena.

1

EXHIBIT 30 PAGE 193

I look forward to talking with you again to set the briefing schedule for our motion to quash.

Regards,

Christa

EXHIBIT 30 PAGE 194