QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES (NOS. 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42, 45 AND 47) BY CARTER BRYANT; AND |
| | MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declaration of B. Dylan Proctor and Separate Statement filed concurrently] |
| | Hearing Date:  January 4, 2008<br>Time:  9:00 a.m.<br>Place:  TBD |
| | Phase 1:<br>Discovery Cut-off:  January 28, 2008<br>Pre-trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on January 4, 2008 at 9:00 a.m., at a location to be determined by Discovery Master Hon. Edward Infante (Ret.), or at such other time as may be directed by Judge Infante, Mattel, Inc. will, and hereby does, move the Court to compel Carter Bryant to answer completely Interrogatory Nos. 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42, 45 and 47 in Mattel's Revised Third, Amended Fourth, Fifth and Sixth Sets of Interrogatories.

This Motion is made pursuant to Federal Rules of Civil Procedure 33(b)(5) and 37(a) on the grounds that Mattel's Interrogatories seek discoverable information and Bryant's objections lack merit.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor and Separate Statement filed concurrently, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### Statement of Rule 37-1 Compliance

The parties met and conferred regarding Bryant's Responses to Mattel's Revised Third, Amended Fourth, Fifth and Sixth Sets of Interrogatories on November 27, 2007, and at times thereafter.

DATED:  December 13, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
   B. Dylan Proctor
   Attorneys for Plaintiff

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..............................................1

PRELIMINARY STATEMENT ...........................................................................1

BACKGROUND .................................................................................................4

ARGUMENT......................................................................................................7

I.    MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS INTERROGATORIES .................................................................................7

II.   BRYANT'S OBJECTIONS SHOULD BE OVERRULED ............................8

    A.    Bryant's Boilerplate Objections Lack Merit......................................8

    B.    Bryant's Objections to Interrogatories Requesting "All Facts"............11

III.  BRYANT SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES TO MATTEL'S INTERROGATORIES ...............................15

    A.    Mattel's Interrogatories About The Identity Of Bratz Inventions.........16

    B.    Mattel's Interrogatory About The Identity of Bryant's Bank Accounts............................................................................................20

    C.    Mattel's Interrogatory About Bryant's Profits From Bratz ..................24

    D.    Mattel's Contention Interrogatories ......................................................26

    E.    Mattel's Interrogatories About Bryant's Searches For Documents And Storage Devices Containing Evidence Of Early Work On Bratz ................................................................................................29

IV.   BRYANT SHOULD BE SANCTIONED FOR HIS WILLFUL REFUSAL TO COMPLY WITH HIS DISCOVERY OBLIGATIONS ........31

CONCLUSION..................................................................................................32

# TABLE OF AUTHORITIES

**Page**

## Cases

Adams v. Murakami,
   54 Cal. 3d 105 (1991) .................................................................. 22

Ameriwood Industries v. Liberman,
   2006 WL 3825291, at *1 (E.D. Mo. 2006) .................................... 29, 30

Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
   1995 WL. 625953 (D. Kan. 1995).................................................. 12

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
   2006 WL. 3253636 (N.D. Ill. 2006) ............................................. 11, 16

Bessier v. Precise Tool & Eng'g Co., Inc.,
   778 F. Supp. 1509 (W.D. Mo. 1991).............................................. 22

Braley v. Campbell,
   832 F.2d 1504 (10th Cir. 1987) .................................................... 31

Britton v. Car Toys, Inc.,
   2007 WL. 1395290 (D. Colo. 2007) ............................................. 22

Chapman v. California Dept. of Education,
   2002 WL. 32854376 (N.D. Cal. 2002)........................................... 12

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
   1989 WL. 92038 (E.D.N.Y. 1989) ............................................... 10

Dang v. Cross,
   2002 WL. 432197 (C.D. Cal. 2002) .............................................. 11

DiBenedetto v. Grell,
   2004 WL 902458, at *13 (Cal. App. 2004)..................................... 26

In re Heritage Bond Litigation,
   223 F.R.D. 527 (C.D. Cal. 2004).................................................. 31

Hyde & Drath v. Baker,
   24 F.3d 1162 (9th Cir. 1994) ....................................................... 31

Josephs v. Harris Corp.,
   677 F.2d 985 (3d Cir. 1982) ................................................... 13, 18

King v. E.F. Hutton & Co.,
    117 F.R.D. 2 (D.D.C. 1987) ................................................................. 10

King v. Georgia Power Co.,
    50 F.R.D. 134 (N.D. Ga. 1970) ............................................................ 13

Lawrence v. First Kansas Bank & Trust, Co.,
    169 F.R.D. 657 (D. Kan. 1996) ............................................................ 12

Miller v. National School of Health Technology,
    73 F.R.D. 628 (D. Pa. 1977) ............................................................ 8, 15

Mitchell v. National R.R. Passenger Corp.,
    208 F.R.D. 455 (D.D.C. 2002) ............................................................... 9

Morgan v. Woessner,
    997 F.2d 1244 (9th Cir. 1993) ............................................................. 22

Nagele v. Electronic Data Systems Corp.,
    193 F.R.D. 94 (W.D.N.Y. 2000) ........................................................... 8

North Dakota Fair Housing Council, Inc. v. Allen,
    298 F. Supp. 2d 897 (D.N.D. 2004) ..................................................... 22

Oakes v. Halvorsen Marine Ltd.,
    179 F.R.D. 281 (C.D. Cal. 1998) ..................................................... 7, 21

Pension Ben. Guar. Corp v. Ziffer,
    1994 WL. 11654 (N.D. Ill. 1994) ........................................................ 12

Playboy Enterprises, Inc. v. Welles,
    60 F. Supp. 2d 1050 (S.D. Cal. 1999) .................................................. 30

Pulsecard, Inc. v. Discover Card Services., Inc.,
    168 F.R.D. 295 (D. Kan. 1996) ............................................................. 9

RTC v. Dabney,
    73 F.3d 262 (10th Cir. 1995) ............................................................... 31

Ramirez v. Nicholson,
    2007 WL. 2990283 (S.D. Cal. 2007) ..................................................... 7

Richlin v. Sigma Design West, Ltd.,
    88 F.R.D. 634 (E.D. Cal. 1980) ........................................................... 20

Roesberg v. Johns-Manville Corp.,
    85 F.R.D. 292 (D. Pa. 1980) ...................................................... 8, 18, 30

Safeco of Am. v. Rawstron,
    181 F.R.D. 441 (C.D. Cal. 1998) ................................................................ 12, 14

Seff v. General Outdoor Advertising Co.,
    11 F.R.D. 597 (N.D. Ohio 1951) .................................................................. 13

Simons Prop. Group L.P. v. Simon, Inc.,
    194 F.R.D. 639 (S.D. Ind. 2000) .................................................................. 30

Tennison v. San Francisco,
    226 F.R.D. 615 (N.D. Cal. 2005) .................................................................. 11

Thomas & Betts Corp. v. Panduit Corp.,
    1996 WL. 169389 (N.D. Ill. 1996) ................................................................ 16

Trane Co. v. Klutznick,
    87 F.R.D. 473 (D. Wis. 1980) ................................................................ 7, 8, 15

Twigg v. Pilgrim's Pride Corp.,
    2007 WL. 676208 (N.D. W. Va. 2007) ......................................................... 11

U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
    2000 WL. 307470 (C.D. Cal. 2000) .............................................................. 21

United States v. Abel,
    469 U.S. 45 (1984) ......................................................................................... 21

Walker v. Lakewood Condominium Owners Ass'n,
    186 F.R.D. 584 (C.D. Cal. 1999) .............................................................. 13, 18

Williams v. The Art Inst. of Atl.,
    2006 WL. 3694649 (N.D. Ga. 2006) ............................................................. 12

Wilson v. Thompson/Center Arms Co.,
    2006 WL. 3524250 (E.D. La. 2006) .............................................................. 12

Wright v. Touhy,
    2003 WL. 22439864 (N.D. Ill. 2003) ........................................................... 14

Zapata v. IBP, Inc.,
    1997 WL. 122588 (D. Kan. 1997) ................................................................. 12

**Statutes**

17 U.S.C. § 504(b) ................................................................................................ 26

28 U.S.C. § 1927 .................................................................................................. 31

Cal. Penal Code § 641.3 ...................................................................................... 20

Fed. R. Civ. P. 26 ..............................................................................................21

Fed. R. Civ. P. 26(b) ..........................................................................................7

Fed. R. Civ. P. 26(b)(1) ..........................................................................7, 14, 29

Fed. R. Civ. P. 26(d) ..........................................................................................20

Fed. R. Civ. P. 30(b)(6) ........................................................................22, 23, 24

Fed. R. Civ. P. 33 ................................................................................................7

Fed. R. Civ. P. 33(a)(2) ......................................................................................9

Fed. R. Civ. P. 33(b)(4) ...............................................................................8, 20

Fed. R. Civ. P. 34(a) ..........................................................................................29

Fed. R. Civ. P. 37(a)(5) ......................................................................................31

Fed. R. Civ. P. 69(a) ....................................................................................22, 23

## **Other Authorities**

Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide:  Civ. Proc. Before Trial,
    § 11:1734 (Rutter's Group 2007)................................................................9

8A Wright & Miller, Federal Practice & Procedure: Federal Rules of Civil
    Procedure § 2174 .................................................................................13, 18

27 Wright & Miller, Federal Practice & Procedure: Federal Rules of Evidence
    § 6095 ......................................................................................................21

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Carter Bryant's responses to Mattel's Revised Third, Amended Fourth, Fifth and Sixth Sets of Interrogatories are woefully deficient. Though Bryant provides some answers for a handful of interrogatories, he has indicated that these responses are limited by his objections. As to most of Mattel's interrogatories, Bryant provides no responses whatsoever, but instead asserts only objections. Moreover, while Bryant promised during the parties' meet and confer to supplement some of these responses (and non-responses), he has indicated that the promised supplemental responses will continue to be limited by his objections. And, as to Interrogatory No. 39, Bryant continues to refuse to provide any response at all. Bryant should be compelled to provide full and complete responses to Mattel's Interrogatories, and his objections and limitations should be overruled.[1]

All of the interrogatories at issue go to central issues in the case, primarily Bryant's contentions on key points in dispute. In particular, the Interrogatories cover:

---

[1]   During the meet and confer process, counsel for Bryant represented that Bryant's response to Interrogatory No. 46 is complete as to his personal knowledge. As to the small amount of responsive information possessed by Bryant's counsel, he stated that it was information that has previously been disclosed through court filings and proceedings. See Declaration of B. Dylan Proctor ("Proctor Dec."), dated December 13, 2007, ¶9. Further, Bryant agreed to supplement his responses to Interrogatory Nos. 34, 35, 41, 43, 44, 48, 49 and 50, and indicated that the supplemental responses to these would be complete and not limited by objections. See Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11. Based on these representations, Mattel is not moving to compel as to these interrogatories at this time.

• Bryant's contentions regarding which Bratz inventions were created before, during and after his Mattel employment;[2]

• Bryant's contentions regarding how his Inventions Agreement with Mattel, assignment of rights to Bratz inventions to MGA, and services with or for MGA while employed by Mattel affect who owns the rights to Bratz inventions;[3]

• the facts supporting Bryant's contention that he acted with innocent intent;[4]

• Bryant's contentions regarding the relief that Mattel seeks;[5]

• the identity of Bryant's bank or financial accounts;[6]

• the identity of electronic storage devices Bryant used prior to 2002 for digital information related to Bratz;[7]

• any Bryant contention that the Bratz dolls are not based on designs he created while employed by Mattel;[8]

• the identity of each Bratz product that Bryant has sold, offered to sell, transferred or conveyed in any way for compensation;[9] and

---

[2]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-10 (Nos. 27, 28, 29), Proctor Dec., Exh. 1.

[3]   Id. at 10-12 (Nos. 30, 31, 37, 38).

[4]   Id. at 12 (No. 36).

[5]   Id. at 11 (Nos. 32, 33).

[6]   Id. at 13 (No. 39).

[7]   Id. (No. 40).

[8]   Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7 (No. 42), Proctor Dec., Exh. 2.

[9]   Mattel's Sixth Set of Interrogatories, dated October 23, 2007, at 7 (No. 45), Proctor Dec., Exh. 4.

1        •      the identity of the sources of information from which Bryant has

2      collected documents in this litigation which relate to Bratz and the time

3      period prior to February 28, 2001.[10]

4              For the most part, Bryant's only purported bases for refusing to answer

5      or fully answer the interrogatories are boilerplate objections.    The objections are

6      meritless and should be overruled.    Moreover, Bryant's most vehement objection --

7      that the interrogatories are "unduly burdensome" and improperly require him to state

8      "all facts" supporting his contentions -- should also be overruled.    This is a major,

9      high stakes litigation for all parties, and Bryant is a defendant and central figure in

10     it.  Fully responding to Mattel's interrogatories will undoubtedly require some effort,

11     but there is nothing "undue" about that burden.    Mattel's interrogatories address

12     Bryant's contentions on central issues and other crucial matters.    Mattel is entitled to

13     full discovery of such information.  Bryant should be compelled to provide complete

14     responses to Mattel's Interrogatory Nos. 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39,

15     40, 42, 45 and 47.    Moreover, because Bryant is willfully refusing to satisfy his

16     discovery obligations -- despite a prior round of litigation over many of these same

17     interrogatories -- sanctions should be imposed.[11]

---

19     [10]    Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9 (No. 47),
20     Proctor Dec., Exh. 3.

21     [11]    As one of his many objections, Bryant claims in his responses that Mattel has
       purportedly exceeded the fifty interrogatory limit set by the Court.  See, e.g.,
22     Bryant's Responses and Objections to Mattel Revised Third Set of Interrogatories,
       dated November 15, 2007, at 5, Proctor Dec., Exh. 5.  This persistent objection is
23     clearly erroneous and directly contravenes the Discovery Master's September 5,
24     2007 Order, which provided that an interrogatory that asks a defendant to "state all
       facts," "identify all persons with knowledge of such facts," and "identify all
25     documents" counts as a single interrogatory.  Order Granting Joint Motion for
       Protective Order, dated September 5, 2007, at 5-7, Proctor Dec., Exh. 13.  In any
26     case, during the meet and confer process, counsel for Bryant represented to Mattel
27     that Bryant is *not* refusing to respond to any of Mattel's interrogatories based on this
28          (footnote continued)

07209/2307448.3

-3-                                    Case No. CV 04-9049 SGL (RNBx)

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

## **Background**

      **Mattel's Third Set of Interrogatories.**   On June 7, 2007, Mattel served its Third Set of Interrogatories on four Defendants -- MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian and Carter Bryant -- asking each of them the same nineteen questions.[12]   Rather than respond, each Defendant served only objections on July 9, 2007, and refused to withdraw any of their boilerplate objections during the parties' meet and confer.[13]   Defendants then filed a motion for protective order, claiming that Mattel had exceeded the fifty "per side" interrogatory limit established by the Court.[14]   On July 17, 2007, Mattel moved to compel responses.[15]

      **The Court's September 5, 2007 Order.**   The Discovery Master ruled on the parties' respective motions on September 5, 2007.   The Court reviewed Mattel's Third Set of Interrogatories, and held:   (1) an identical interrogatory served on several defendants is counted as only one interrogatory;[16] (2) an interrogatory that asks a defendant to "state all facts," "identify all persons with knowledge of such

---

objection.   See Letter from B. Dylan Proctor To Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.   Based on that representation, Mattel does not address it further in this motion.

   [12]   Mattel's Third Set of Interrogatories, dated June 7, 2007, Proctor Dec., Exh. 14.

   [13]   Bryant's Responses and Objections to Mattel's Third Set of Interrogatories, dated July 9, 2007, Proctor Dec., Exh. 15.   The other Defendants' objections are substantively similar to Bryant's.

   [14]   Defendants' Joint Motion for Protective Order Regarding Mattel's Interrogatories, dated July 10, 2007, Proctor Dec., Exh. 16.

   [15]   Mattel's Motion to Compel Responses to Interrogatories (Third Set) By MGA Entertainment, Inc., Isaac Larian, Carter Bryant and MGA Entertainment (HK) Ltd, dated July 17, 2007, Proctor Dec., Exh. 17.

   [16]   Order Granting Joint Motion for Protective Order, dated September 5, 2007, at 4-5, Proctor Dec., Exh. 13.

facts," and "identify all documents" is likewise counted as a single interrogatory;[17] and (3) an interrogatory "that covers multiple claims, legal theories or other subjects" is counted as a separate interrogatory for each such claim, theory or subject.[18]  Based on this final holding, the Court concluded that Mattel had exceeded the fifty interrogatory limit because its interrogatories seeking the bases for several of defendants' affirmative defenses counted as multiple interrogatories.[19]   In so ruling, however, the Discovery Master expressly granted Mattel leave to "serve a Revised Third Set of Interrogatories" consistent with the Order.[20]

   <u>Mattel's Revised Third, Amended Fourth, Fifth and Sixth Sets of Interrogatories.</u>  Mattel served its Revised Third Set of Interrogatories on defendants Carter Bryant, MGA, MGA Hong Kong, MGAE de Mexico S.R.L. de C.V., Isaac Larian and Carlos Gustavo Machado Gomez on September 21, 2007, asking each of them the same fifteen questions (Nos. 27-41).[21]  Consistent with the September 5, 2007 Order, each of the interrogatories in Mattel's Revised Third Set is addressed to a single issue or theory.[22]  Although some of these interrogatories have not been before the Court previously, the Court has already reviewed a number of them in Mattel's Third Set of Interrogatories.  For example, Interrogatory Nos. 12, 13 and 14 in Mattel's Third Set of Interrogatories are identical to Interrogatory Nos. 27, 28 and 29 in Mattel's Revised Third Set.

---

[17] <u>Id.</u> at 5-7.

[18] <u>Id.</u> at 7-8.

[19] Judge Larson subsequently granted Mattel's motion for leave to serve an interrogatory regarding defendants' affirmative defenses over defendants' objections. <u>See</u> Court's Order, dated December 3, 2007, Proctor Dec., Exh. 20.

[20] Order Granting Joint Motion for Protective Order, dated September 5, 2007, at 9, Proctor Dec., Exh. 13.

[21] Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, Proctor Dec., Exh. 1.

[22] <u>Id.</u>

Mattel served its Fourth Set of Interrogatories on these same defendants on October 12, 2007, propounding four additional interrogatories (Nos. 42-45).[23] Mattel served an Amended Fourth Set on October 23, 2007, removing one interrogatory (No. 45) and hence reducing the Fourth Set to three interrogatories (Nos. 42-44).[24]   Mattel served its Fifth Set of Interrogatories on defendants on October 19, 2007, asking two additional questions (Nos. 46-47).[25]   Mattel served its Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to replace the previous, withdrawn No. 45 from Mattel's Fourth Set, on October 23, 2007.[26]

Bryant's Responses and Objections to Mattel's Interrogatories.   Bryant served Responses and Objections to Mattel's Revised Third and Amended Fourth Sets of Interrogatories on November 15, 2007.[27]   He served Responses and Objections to Mattel's Fifth Set of Interrogatories on November 21, 2007, and Responses and Objections to Mattel's Sixth Set on November 26, 2007.[28]   In these four documents, Bryant provides a total of *3* pages of responses, compared with *43* pages of objections.  Indeed, Bryant offers no response at all to most interrogatories,

---

[23]   Mattel's Fourth Set of Interrogatories, dated October 12, 2007, Proctor Dec., Exh. 18.

[24]   Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, Proctor Dec., Exh. 2.

[25]   Mattel's Fifth Set of Interrogatories, dated October 19, 2007, Proctor Dec., Exh. 3.

[26]   Mattel's Sixth Set of Interrogatories, dated October 23, 2007, Proctor Dec., Exh. 4.

[27]   Bryant's Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 5; Bryant's Responses and Objections to Mattel's Amended Fourth Set of Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 6.

[28]   Bryant's Responses and Objections to Mattel's Fifth Set of Interrogatories, dated November 21, 2007, Proctor Dec., Exh. 7; Bryant's Responses and Objections to Mattel's Sixth Set of Interrogatories, dated November 26, 2007, Proctor Dec., Exh. 8.

including Nos. 27, 28, 29, 30, 32, 39, 42 and 47.   While Bryant provides at least some response to Interrogatory Nos. 31, 33, 36, 37, 38, 40 and 45, he made clear during the parties' meet and confer that most of these responses are limited by his objections.[29]   He also made clear that any promised supplemental responses will continue to be so limited.[30]

## Argument

### I.   MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS INTERROGATORIES

Bryant's responses to Mattel's Interrogatories are at odds with both the Federal Rules of Civil Procedure and pertinent case law.  "The Federal Rules allow for broad discovery in civil actions:  'Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Ramirez v. Nicholson, 2007 WL 2990283, at *2 (S.D. Cal. 2007) (quoting Fed. R. Civ. P. 26(b)(1)).  Rule 26(b) is liberally interpreted to permit "wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute."  Ramirez, 2007 WL 2990283, at *2 (citing Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1995)).

Rule 33 allows a party to propound interrogatories, for which the responding party is required to furnish such information as is available to the party after conducting a reasonable inquiry.  See Fed. R. Civ. P. 33.  In responding to interrogatories, a party must give "full and complete" answers.  See Trane Co. v. Klutznick, 87 F.R.D. 473, 476 (D. Wis. 1980); see also Miller v. National School of

---

[29]  Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.

[30]  Id.

1  Health Technology, 73 F.R.D. 628, 632 (D. Pa. 1977) ("Answers must be complete,

2  explicit and responsive.").  "If a party cannot furnish details, he should say so under

3  oath, say why and set forth the efforts he used to obtain the information." Miller, 73

4  F.R.D. at 632.  To the extent a party objects, the burden is on the objecting party to

5  show why an interrogatory is improper.  See Roesberg v. Johns-Manville Corp., 85

6  F.R.D. 292, 296-97 (D. Pa. 1980).

7  **II.    BRYANT'S OBJECTIONS SHOULD BE OVERRULED**

8       **A.    Bryant's Boilerplate Objections Lack Merit**

9              As an initial matter, the Discovery Master should overrule Bryant's

10  boilerplate objections.[31]  He asserts that most or all interrogatories are vague and

11  ambiguous, overbroad, unduly burdensome and oppressive, seek information not in

12  the possession, custody or control of Bryant, seek information protected by the

13  attorney-client, work product or joint defense privileges, and call for a legal

14  conclusion.[32]  None of the these objections has merit.

15              Bryant's generic "overbroad," "unduly burdensome" and "oppressive"

16  objections lack merit, as demonstrated by his failure to specify how the questions

17  are overbroad, burdensome or oppressive.   The most he offers is that the

18  interrogatories "would require Bryant to provide a multitude of discrete

19  responses."[33]   Bryant's grounds for objecting to an interrogatory must be stated

20  "with specificity."  Fed. R. Civ. P. 33(b)(4); Nagele v. Electronic Data Systems

21  Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections

22  because objecting party failed to particularize basis for objection).  Furthermore,

---

[31]  For the convenience of the Court, Bryant's objections and responses have been set forth verbatim in Mattel's Separate Statement, filed concurrently herewith.

[32]  See e.g., Bryant's Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 5.

[33]  See e.g., id. at 6 (Objs. to No. 27).

where a party asserts an "overbroad" objection, it still has to answer whatever part of the question is proper and provide a *meaningful explanation* of its basis for its objection to the balance.  See Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1734 (Rutter's Group 2007) (citing Mitchell v. National R.R. Passenger Corp., 208 F.R.D. 455, 458, n.4 (D.D.C. 2002)).  Bryant has not met these standards.  Bryant's "burdensome," "overbroad" and "oppressive" objections are boilerplate and should be overruled.

Bryant's "vague and ambiguous" objections also lack merit.  Parties must attribute ordinary definitions to terms and phrases utilized in interrogatories. There is nothing vague about any of Mattel's terms.  If there truly were some ambiguity, Bryant could have included his own interpretation of the terms he contends are vague in answering the questions.  Pulsecard, Inc. v. Discover Card Services, Inc., 168 F.R.D. 295, 310 (D. Kan. 1996).  He cannot, however, simply stonewall as he has for most interrogatories.

Bryant also asserts various "privilege" and "legal conclusion" objections to questions that clearly call for, at most, application of law to facts.[34] All of these objections should be overruled.  Most of the interrogatories at issue here are contention interrogatories.  Parties are required to answer interrogatories that ask them to state their contentions about facts or the application of law to facts.  Fed. R. Civ. P. 33(a)(2).  Mattel is entitled to learn the facts in Bryant's possession which he and his counsel believe support his own contentions.  Mattel is also entitled to learn which documents relate to, and which persons are knowledgeable about such facts. The law is clear that a party cannot avoid responding to interrogatories such as

---

[34]   See e.g., id. at 22 (Objs. to No. 37) ("legal conclusion" objection to interrogatory asking Bryant to state facts supporting contention that he did not breach his Inventions Agreement with Mattel when he purported to transfer rights to Bratz to MGA).

Mattel's by claiming that they call for a legal conclusion or by invoking the attorney-client privilege or the work product doctrine. <u>Convergent Business Systems, Inc. v. Diamond Reporting, Inc.</u>, 1989 WL 92038, at *1 (E.D.N.Y. 1989) ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges."); <u>King v. E.F. Hutton & Co.</u>, 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics which a party contends supports a contention do not implicate the attorney work product doctrine: "If this elementary principle were not applicable, contention interrogatories would not exist. As the Advisory Committee Note reflects, as to requests for even opinions or contentions that call for the application of law to fact, they are permissible and can be most useful in narrowing and sharpening the issues, which is the major purpose of discovery.").

Further, the Court has previously considered, and rejected, these same arguments in connection with Mattel's requests for admission. There, Bryant also relied on "legal conclusion" and "privilege" objections in refusing to comply with his discovery obligations.[35] The Discovery Master overruled Bryant's "legal conclusion" objection, holding that the plain language of the <u>Federal Rules</u> and relevant case law provided that "requests for admission calling for application of law to facts are permissible."[36] The Discovery Master concluded that Bryant's "privilege" and "work product" objections were similarly without merit, as "[t]he fact that Bryant may need to consult with counsel to respond to the requests does not

---

[35] <u>See</u> Order Granting Mattel's Motion to Compel Carter Bryant to Answer Requests for Admission or to Order Requests Admitted, dated August 20, 2007, at 6-7, Proctor Dec., Exh. 29.
[36] <u>Id.</u> at 6.

1  make the response privileged."[37]   The Court should similarly overrule these

2  objections here.

3  **B.    Bryant's Objections to Interrogatories Requesting "All Facts"**

4            Bryant intersperses a few other objections throughout his responses,

5  including the one he pressed most strenuously during the parties' meet and confer:

6  that Mattel's interrogatories are purportedly improper because they request "that

7  Bryant 'state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all*

8  DOCUMENTS.'"[38]   Relatedly, Bryant objects to Mattel's purportedly "negative"

9  interrogatories because they ask "for 'every fact' which supports the denial of a

10  statement or allegation," and because Mattel "bears the burden of proof" on the

11  issues addressed by the interrogatories.[39]   These objections also lack merit.

12            Interrogatories like those served by Mattel are commonly used to

13  elucidate facts regarding a party's contentions, and numerous courts have held them

14  proper.  See, e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,

15  2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer

16  interrogatories requesting "all supporting facts, documents, exhibits, testimony

17  and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226

18  F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that

19  requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL

20  432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that

21  interrogatories requesting "all facts" in support of a denial of a statement were not

22  unduly burdensome); Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12

23  (N.D. W. Va. 2007) (holding that interrogatory asking party to state "each fact" in

24  _____

25  [37]  Id.

26  [38]  See e.g., Bryant's Responses and Objections to Mattel's Revised Third Set of
   Interrogatories, dated November 15, 2007, at 7 (Objs. to No. 27), Proctor Dec.,

27  Exh. 5.

28

1   support of contention is proper); <u>Wilson v. Thompson/Center Arms Co.</u>, 2006 WL

2   3524250, at *1 (E.D. La. 2006) (overruling vagueness and burden objections, and

3   compelling defendants to "fully respond" to interrogatories requesting "each fact,

4   exhibit and witness" in support of contentions); <u>Williams v. The Art Inst. of Atl.</u>,

5   2006 WL 3694649, at *7 (N.D. Ga. 2006) (granting plaintiff's motion to compel as

6   to interrogatories asking defendant to "[s]tate all facts that support defendant's

7   contentions"); <u>Zapata v. IBP, Inc.</u>, 1997 WL 122588, at *1 (D. Kan. 1997) (ordering

8   defendant to fully answer interrogatory asking for factual basis for each of

9   defendant's defenses, as well as all witnesses with knowledge of and all documents

10  relating to those facts); <u>Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.</u>,

11  1995 WL 625953, at *1 (D. Kan. 1995) (approving contention interrogatories

12  seeking "all facts" because "parties 'are entitled to know the factual basis' of the

13  claims, defenses, or denials of their opponents" and rejecting defendant's objection

14  that it could not answer interrogatories because it had not obtained sufficient

15  discovery from plaintiff, as a party "may not withhold discovery solely because it

16  has not obtained to its satisfaction other discovery"); <u>Pension Ben. Guar. Corp v.</u>

17  <u>Ziffer</u>, 1994 WL 11654, at *1 (N.D. Ill. 1994) (stating that interrogatories asking for

18  "all facts" supporting contentions "are appropriately made").

19         Bryant relies in his objections on <u>Safeco of Am. v. Rawstron</u>, 181

20  F.R.D. 441, 447-48 (C.D. Cal. 1998), and <u>Lawrence v. First Kansas Bank & Trust,</u>

21  <u>Co.</u>, 169 F.R.D. 657, 663-64 (D. Kan. 1996), but these authorities do not undermine

22  Mattel's interrogatories.  Rather, they merely recognize that interrogatories seeking

23  all facts supporting the denial of an assertion may, in some circumstances and in

24  some cases, impose an undue burden.   See <u>Chapman v. California Dept. of</u>

25  <u>Education</u>, 2002 WL 32854376, at *2 (N.D. Cal. 2002) ("While interrogatories that

---

39   <u>See</u> <u>e.g.</u>, <u>id.</u> at 15-16 (Objs. to No. 32).

call for all facts, documents and witnesses may, in some circumstances, place an unreasonable burden on the responding party . . . an interrogatory that requests 'all facts' in support of a refusal to admit specific relevant facts is not burdensome and oppressive *per se*.").  Bryant has failed to make a specific showing of burden here, and cannot do so.  See, e.g., Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

To determine whether an interrogatory imposes an "undue burden," courts have adopted a "proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory."  8A Wright & Miller, Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174; see also King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant).  Here, as discussed in further detail below, the information sought by Mattel's interrogatories goes to core issues in this case and is exclusively within Bryant's possession.  Mattel's need to discover Bryant's key contentions clearly outweighs any efforts Bryant will be required to undertake to disclose the information in his possession.

By Bryant's reasoning, a defendant may refuse to disclose facts and other information supporting his own contentions, even though such information is

indisputably available to him (and not to the plaintiff), either because he should only have to state some of the facts he intends to rely on or because the plaintiff bears the burden of proof.  Such an approach would subvert the <u>Rules</u> and improperly permit Bryant to sandbag Mattel at trial.    <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(1) (providing that parties may "obtain discovery regarding any nonprivileged matter that is relevant to *any party's* claim or defense") (emphasis added); <u>see also</u> <u>Wright v. Touhy</u>, 2003 WL 22439864, at *4 (N.D. Ill. 2003) (noting that the <u>Federal Rules</u> "are designed to promote liberal discovery in an effort to narrow the issues for trial and to prevent unfair surprise").

Moreover, the Court has previously rejected these objections. Defendants argued <u>precisely</u> these points to Judge Larson when Mattel recently sought leave to serve a supplemental interrogatory, beyond the fifty interrogatory limit, regarding Defendants' affirmative defenses.  Defendants claimed that <u>Safeco</u> disapproves Mattel's proposed form of interrogatory.[40]  They claimed that some of their affirmative defenses are "negatives," and that they should not have to state the facts supporting such negative contentions where Mattel bears the burden of proof.[41] They claimed courts disapprove interrogatories which seek all facts, witnesses and documents, like Mattel's.[42]   Judge Larson rejected all of these assertions, and ordered Defendants to answer -- "without objection" -- an interrogatory providing:

> State the facts upon which YOU intend to rely at trial to support YOUR
> affirmative defenses, and IDENTIFY all PERSONS with knowledge of

---

[40]  Defendants' Joint Opposition to Mattel's Motion for Leave to Serve a Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated November 19, 2007, at 8, Proctor Dec., Exh. 19.

[41]  <u>Id.</u>

[42]  <u>Id.</u>

those facts and all DOCUMENTS that REFER OR RELATE TO those facts.[43]

Just as Judge Larson did not deem it too arduous a task for Defendants to state the facts supporting their affirmative defenses, the Court should compel Bryant to state the facts supporting the contentions at issue now as well.[44]

## III.   BRYANT SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES TO MATTEL'S INTERROGATORIES

To date, Bryant has failed to provide any answer to Interrogatory Nos. 27, 28, 29, 30, 32, 39, 42 and 47.  Although he committed to supplement his responses to some of these (Nos. 27, 28, 29, 30, 32, 42 and 47) during the parties' meet and confers, he also stated that even his promised supplemental responses will be limited by his objections.[45]  Moreover, while Bryant has provided some responses as to Interrogatory Nos. 31, 33, 36, 37, 38, 40 and 45, his responses to these interrogatories, as well as his promised supplemental responses, are not complete, as required by the Rules.  See Trane, 87 F.R.D. at 476 (party must give "full and complete" answers); Miller, 73 F.R.D. at 632 ("Answers must be complete, explicit and responsive.").  Specifically, Bryant has represented that his answers to each of these interrogatories (where he has provided or agreed to provide at least some response) are and will be limited by his objections.[46]

All of Mattel's interrogatories are calculated to lead to the discovery of admissible evidence, and indeed they all go to issues at the heart of this case.  With

---

[43]  Court's Order, dated December 3, 2007, Proctor Dec., Exh. 20.

[44]  In his September 5, 2007 Order, the Discovery Master also heard and did not accept such arguments as Bryant repeats in his objections, finding Mattel's interrogatories seeking the identification of "all facts," "all persons" with knowledge and "all documents" to be appropriately framed.

[45]  See Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.

the Phase 1 discovery deadline fast approaching, it is imperative that Mattel finally obtain the information that it seeks. Given the late stage of discovery, it is time for Bryant "to commit to a position and give factual specifics supporting [his] claims." Thomas & Betts Corp. v. Panduit Corp., 1996 WL 169389, at *2 (N.D. Ill. 1996); see also Auto Meter Prods., 2006 WL 3253636, at *3 (N.D. Ill. 2006) ("At this late stage of the case, the court agrees that it is time for [defendant] to fully and completely answer [plaintiff's] interrogatories."). The Court should overrule Bryant's objections and compel complete responses.

### A.   Mattel's Interrogatories About The Identity Of Bratz Inventions

Interrogatory Nos. 27, 28 and 29 request information relating to Bratz inventions Bryant created during three key time periods -- (1) prior to January 4, 1999, (2) after October 19, 2000 and before June 1, 2001, and (3) after January 3, 1999 and before October 21, 2000.[47] Interrogatory No. 29 seeks an identification of the inventions Bryant created during his Mattel employment. Interrogatory Nos. 27 and 28 seek to discover which Bratz inventions he contends were created before or shortly after Bryant's Mattel employment. This information is plainly relevant and discoverable. In fact, Bryant does not contend otherwise.[48]

Rather, Bryant primarily objects to these interrogatories (in his objections at least) on the grounds that they purportedly are "compound" because they contain "discrete subparts that require separate, distinct and multiple responses."[49] Interrogatory Nos. 27, 28 and 29 state:

> **Interrogatory No. 27:**   IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in

---

[46]   Id.

[47]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-10, Proctor Dec., Exh. 1.

[48]   Bryant's Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated November 15, 2007, at 5-11, Proctor Dec., Exh. 5.

[49]   See, e.g., id. at 6.

whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**Interrogatory No. 28:** IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**Interrogatory No. 29:** IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.[50]

Bryant points to specific terms in the interrogatories, such as "BRATZ INVENTION" and "IDENTIFY," and contends that Mattel's definitions of the terms require "responses to multiple discrete subparts."[51] For example, he complains that the term "IDENTITY" requires that Bryant identify the following information for each Bratz invention: "(a) the individual's name; (b) any known business title; (c) the current or last known business affiliation; (d) current or last known residential address; (e) current or last known relationship to MGA; and

---

[50] Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-10, Proctor Dec., Exh. 1.

[51] Bryant's Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated November 15, 2007, at 6, Proctor Dec., Exh. 5.

(f) current or last known telephone number."[52]  However, Bryant made clear during the pre-filing conference of counsel that he was <u>not</u> refusing to answer these interrogatories (or others) based on this objection.  And, indeed, it would be completely improper for him to do so given that the Court has already ruled that these exact interrogatories -- verbatim -- count as only one interrogatory each.[53]

Bryant also objects that Interrogatory Nos. 27, 28 and 29 present an undue burden, a point which Bryant pressed during the parties' meet and confer. Bryant bears the burden of proving that Mattel's interrogatories are burdensome or oppressive.  <u>See</u> <u>Roesberg</u>, 85 F.R.D. at 296-97 ("the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive'"); <u>Josephs</u>, 677 F.2d at 992; <u>Walker</u>, 186 F.R.D. at 587.  He can make no such showing here.

These interrogatories seek an identification of Bratz inventions that, pursuant to the Inventions Agreement, were assigned to Mattel and therefore ***constitute Mattel's property*** -- as well as an identification of which inventions were created just before or after Bryant's Mattel employment, according to Bryant.  The importance to Mattel of obtaining this information -- information which, in and of itself, would prove liability as to a number of Mattel's claims -- clearly outweighs Bryant's burden in producing it.   <u>See</u> 8A Wright & Miller, <u>Federal Practice & Procedure: Federal Rules of Civil Procedure</u> § 2174 (courts balance "the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory").  Moreover, knowing which inventions Bryant claims he created before and just after his second stint at Mattel is essential

---

[52]   <u>Id</u>.
[53]   Order Granting Joint Motion for Protective Order, dated September 5, 2007, Proctor Dec., Exh. 13.

1   so that Mattel can avoid unfair surprise at trial and impeach Bryant's chronology of

2   Bratz design and development.

3           Bryant can hardly dispute any of this.  In fact, during the parties'

4   pre-filing conference of counsel, Bryant indicated that he <u>would</u> be willing to

5   supplement his responses to provide a complete list of all tangible items he created

6   during each of the relevant time periods, as well as the balance of the information

7   requested in Interrogatory Nos. 27, 28 and 29, if Mattel agreed to waive any

8   objection to Bryant's failure to provide a list of intangible items created during the

9   time periods.[54]  Although Mattel did not accept that improper limitation, the fact that

10  Bryant was willing to fully respond as to tangible items shows that the information

11  Mattel seeks is properly discoverable and, at least as to tangible items, would not be

12  unduly burdensome to produce even according to Bryant.

13          Mattel rejected Bryant's requested limitation because information

14  concerning intangible items Bryant created during the relevant periods is equally

15  critical to Mattel's claims.  Such information should be compelled.  Ideas and

16  concepts relating to Bratz, no less than Bratz drawings or three-dimensional objects,

17  fall directly within the scope of the Inventions Agreement and thus constitute

18  property at issue in this case.[55]  Bryant should be ordered to provide all of the

19  information requested in Interrogatory Nos. 27, 28 and 29.[56]

---

21  [54]  Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007,
22  Proctor Dec., Exh. 11.

23  [55]  <u>See</u> Employee Confidential Information and Inventions Agreement between
     Mattel, Inc. and Carter Bryant, dated January 4, 1999 (defining "inventions" to
24  include "all discoveries, improvements, processes, developments, designs, know-
     how, data computer programs and formulae, whether patentable or unpatentable"),
25  Proctor Dec., Exh. 21.

26  [56]  During the conferences of counsel held on December 4 and 5, 2007, Bryant's
27  counsel purported to add an additional objection to Interrogatory Nos. 27, 28 and
     29:  that the requested information is not properly the subject of an interrogatory and
28       (footnote continued)

## B.   Mattel's Interrogatory About The Identity of Bryant's Bank Accounts

Interrogatory No. 39 asks Bryant to "IDENTIFY each and every bank or financial institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR benefit, since January 1, 1999."[57]  Bryant objects to this interrogatory "as seeking information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." This objection is unsupportable.

This information is clearly discoverable, and Bryant's objection is frivolous given the allegations in this case.  First, Bryant's bank account information (and the bank records such information may lead to) may include direct evidence of liability.   Mattel has *explicit* claims for commercial bribery against Bryant.[58] Payments made to Bryant, including during the term of his Mattel employment, would themselves establish such commercial bribery and other tortious conduct that are the subject of Mattel's claims.  See Cal. Penal Code § 641.3 (stating that any employee who "solicits, accepts, or agrees to accept money or any thing of value from a person other than his employer" without the employer's knowledge and in

---

should instead be elicited through deposition testimony or some other form of discovery.  As an initial matter, Bryant failed to timely assert this objection in his Responses and Objections, thereby waiving it.  See Fed. R. Civ. P. 33(b)(4). Further, this conclusory objection lacks merit and should be overruled in any case. The Rules make clear that the various methods of discovery provided therein are cumulative, as opposed to alternative or mutually exclusive.  Richlin v. Sigma Design West, Ltd., 88 F.R.D. 634, 637 (E.D. Cal. 1980).  Indeed, Rule 26(d) provides that "methods of discovery may be used in any sequence."  Bryant's attempt to relegate Mattel to some other method of obtaining a full explanation of his contentions in this case should be rejected.

[57]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 13, Proctor Dec., Exh. 1.

exchange for using his position to benefit that other person is guilty of commercial bribery).  The timing of such payments would also bear on the timing of Bryant's first involvement with MGA, which is in dispute in this case.  And, evidence of payments to any of the numerous witnesses in this case, including Bryant, are relevant to issues of bias, as the Court has held.  See Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at 12 (compelling Bryant to produce documents relating to his agreements with MGA, including documents relating to arrangements to pay Bryant's legal fees, as such documents "are relevant to demonstrate bias and lack of credibility"), Proctor Dec., Exh. 31. See also United States v. Abel, 469 U.S. 45, 50-51 (1984) (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998) (Rule 26 permits discovery of information which may simply relate to the credibility of a witness or other evidence in the case); 27 Wright & Miller, Federal Practice & Procedure: Federal Rules of Evidence § 6095 (bias is a "particularly favored basis for attacking credibility," and "circumstantial evidence of bias" may include evidence of the "payment of bribes or fees").

Second, Mattel has punitive damage claims against Bryant.[59]  In assessing punitive damages, the jury is entitled to consider Bryant's net worth. See, e.g., U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL 307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is relevant under Rule 26(b) to plaintiff's claims for damages and punitive damages"); Oakes, 179 F.R.D. at 286 ("The discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure,

[58]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶ 12, Proctor Dec., Exh. 22.

[59]   See, e.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶¶ 11-13, Proctor Dec., Exh. 22.

whether or not such evidence would be admissible at trial."). Indeed, under California law Mattel is required to introduce evidence of Bryant's financial condition to obtain an award of punitive damages against him. <u>See</u> <u>Morgan v. Woessner</u>, 997 F.2d 1244, 1259 (9th Cir. 1993) (citing <u>Adams v. Murakami</u>, 54 Cal. 3d 105 (1991)). Bryant's bank account information from recent years is, quite obviously, likely to lead to discoverable information about Bryant's financial condition. <u>See</u> <u>Britton v. Car Toys, Inc.</u>, 2007 WL 1395290, at *3 (D. Colo. 2007) ("Evidence regarding a defendant's earnings and assets may be relevant in proving punitive damages."); <u>North Dakota Fair Housing Council, Inc. v. Allen</u>, 298 F. Supp. 2d 897, 899 (D.N.D. 2004) ("The discovery of financial records of a defendant in order to prepare a case on the issue of punitive damages is permissible."); <u>Bessier v. Precise Tool & Eng'g Co., Inc.</u>, 778 F.Supp. 1509, 1514 (W.D. Mo. 1991) (a plaintiff is "clearly entitled to the discovery of financial records of defendant in order to prepare a case on the issue of punitive damages").

For these reasons, the Court has already held precisely that a defendant's bank account information is discoverable, regarding Larian. <u>See</u> Court's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under <u>Rule</u> 30(b)(6), dated September 25, 2007 (compelling MGA to produce a witness on the topic of payments to Larian, including the accounts to which such payments were made, because "MGA's payments to Isaac Larian may be relevant to Mattel's claim for punitive damages"). Nevertheless, although Mattel brought this to Bryant's attention during the pre-filing conference of counsel, Bryant still refused to respond.[60]

In his objections, Bryant asserts that this interrogatory is "premature asset discovery under Federal Rule of Civil procedure 69(a), as there is presently no

---

[60]   Proctor Dec., ¶ 10.

judgment for the payment of money pending against Bryant." This objection fails. First, Rule 69(a), which allows a judgment creditor to obtain discovery in aid of a judgment or execution, simply has no application here.  See Fed. R. Civ. P. 69(a). Nothing in the Rule precludes a party from seeking discovery pertaining to issues of liability, bias and punitive damages as Mattel seeks here.  See id.  Second, both the Discovery Master and the District Court have ruled that Mattel may properly seek such discovery.  MGA's net worth was among the topics noticed in Mattel's Second Notice of Deposition Under Rule 30(b)(6).[61]  Concluding that information relating to MGA's net worth was properly the subject of discovery, the Discovery Master ordered MGA to produce a witness responsive to this topic in his May 16, 2007 Order.[62]  MGA thereafter objected to the Discovery Master's Order on the grounds, among others, that such discovery was premature.[63]  Judge Larson rejected that argument and affirmed the Discovery Master's May 16, 2007 Order, stating that:

> [a]lthough MGA's net worth may not be known to it, MGA does not contend that the information is not readily available.  That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6).[64]

And, as noted, Mattel's Third Notice of Deposition Under Rule 30(b)(6) included a topic addressing payments of money made by MGA to Larian

---

[61]   Mattel's Second Notice of Deposition Under Rule 30(b)(6), dated February 1, 2007, Proctor Dec., Exh. 23.

[62]   Court's Order Granting Mattel's Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Proctor Dec., Exh. 24.

[63]   MGA's Memorandum of Points and Authorities in Support of its Motion Objecting to Portions of the Discovery Master's May 16, 2007 Order, at 5-6, dated May 31, 2007, Proctor Dec., Exh. 25.

[64]   Court's July 2, 2007 Minute Order, at 5, Proctor Dec., Exh. 26.

since January 1, 1999, including information related to bank or financial institution accounts to which any such payments were made.[65]   MGA objected to this topic on a number of bases, including by contending that "Mattel is not entitled to conduct discovery regarding Isaac Larian's net worth at this time."[66]   Rejecting MGA's arguments, the Discovery Master held:

> MGA's payments to Isaac Larian . . . are relevant to the claims and defenses in the case.   Payments to Isaac Larian . . . may also show possible bias and be used for impeachment purposes.   Moreover, MGA's payments to Isaac Larian may be relevant to Mattel's claim for punitive damages.   Payments to Isaac Larian are a component of his net worth, even if they represent one source of income.   The burden of producing such information does not outweigh its relevance, taking into consideration the circumstances of this case.   Furthermore, there is no stay on discovery pertaining to punitive damages.[67]

Bryant's willful refusal to answer this interrogatory at all, even in light of this Order, is grossly improper.   A complete response should be ordered.[68]

## C.   <u>Mattel's Interrogatory About Bryant's Profits From Bratz</u>

Interrogatory No. 45 provides:

> **Interrogatory No. 45:**   IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a) the number of units of each such

---

[65]   Mattel's Third Notice of Deposition Under <u>Rule</u> 30(b)(6), dated June 5, 2007, Proctor Dec., Exh. 27.

[66]   Court's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under <u>Rule</u> 30(b)(6), dated September 25, 2007, at 11-12, Proctor Dec., Exh. 28.

[67]   <u>Id.</u>

[68]   Notably, Bryant flatly refused to answer this interrogatory in any way during the parties' meet and confers.   <u>See</u> Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.

BRATZ PRODUCT SOLD by YOU or YOUR licensees, (b) the gross and net revenue received by YOU from such SALES from each such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such BRATZ PRODUCT.[69]

In response to Interrogatory No. 45, Bryant stated that he "has not sold any Bratz products."[70]   That is simply not plausible.   Mattel's Sixth Set of Interrogatories defines the terms "SOLD," "SELL," or "SALE" to mean "to distribute, market, license, sell, offer to sell, or convey or *transfer in any way for compensation*."[71]  The Set defines the term "BRATZ PRODUCT" as:

> any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, that is or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ. . . .[72]

Hence, a "SALE" of a "BRATZ PRODUCT" includes the transfer of any Bratz product, including any drawing, for value.  Bryant cannot claim in good faith that he has not transferred any Bratz product for value, and cannot shield the amounts of his profits from such transfers.

During the parties' pre-filing conference of counsel, Bryant's counsel suggested that Bryant had withheld responsive information based on his view that Bryant's conveyance of Bratz drawings, designs and other intellectual property for

---

[69]  Mattel's Sixth Set of Interrogatories, dated October 23, 2007, at 7, Proctor Dec., Exh. 4.

[70]  Bryant's Responses and Objections to Mattel's Sixth Set of Interrogatories, dated November 26, 2007, at 6, Proctor Dec., Exh. 8.

[71]  Mattel's Sixth Set of Interrogatories, dated October 23, 2007, at 3 (emphasis added), Proctor Dec., Exh. 4.

[72]  Id. at 4.

compensation does not fall into the scope of Interrogatory No. 45.[73]   This narrow reading of Interrogatory No. 45 is clearly erroneous and should not be accepted by the Court.  Bryant does not, and cannot, contend that the information sought by this interrogatory is not properly discoverable -- the question of which Bratz designs or other products Bryant conveyed to MGA or others for compensation, and Bryant's profits from such conveyances, are clearly relevant to this lawsuit, including to damages.  See 17 U.S.C. § 504(b) (copyright owner entitled to infringer's profits); DiBenedetto v. Grell, 2004 WL 902458, at *13 (Cal. App. 2004) (awarding disgorgement of attorney's profits in breach of fiduciary duty action).  Nor has Bryant made any showing that Interrogatory No. 45, as framed, is unduly burdensome, oppressive or otherwise improper.[74]   Bryant's attempt to evade the substance of this interrogatory is inappropriate on its face and should be rejected outright.  The Court should compel Bryant to fully answer Interrogatory No. 45.

**D.   Mattel's Contention Interrogatories**

In his responses, Bryant provided no answers to Interrogatory Nos. 30, 32 and 42, and partial answers to Nos. 31, 33, 36, 37, 38 and 42.  Although Bryant has promised to supplement these responses, his supplemental responses will not be full and complete.[75]   Rather, his responses will continue to be limited by his objections.[76]   In particular, Bryant has stated he will only provide what he deems to be the "principal facts" or "basic facts" in support of his contentions, rather than "all facts" as requested.[77]

---

[73]  See Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.
[74]  See Argument, Section II, infra.
[75]  Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.
[76]  Id.
[77]  Id.

These interrogatories are clearly proper.  They provide:

**Interrogatory No. 30:**  State all facts that support YOUR contention, if YOU to contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 31:**  State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 32:**  State all facts that support YOUR contention, if YOU so contend, that MATTEL is not or would not be entitled to injunctive relief as requested in its COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 33:**  State all facts that support YOUR contention, if YOU so contend, that MATTEL is not entitled to an award of punitive or exemplary damages against YOU, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 36:**  State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any tights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA. purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with. knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 37:**  State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER right to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 38:**  State all facts that support YOUR contention, if YOU so contend, that BRYANT did not

breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services. with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 42:** State all facts that support YOUR contention, if YOU so contend, that any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.[78]

Each of these interrogatories relates to key contentions or issues in this case -- including Bryant's contentions, if any, regarding the priority of Mattel's rights in Bratz vis-à-vis MGA; how his Inventions Agreement with Mattel, assignment of rights to Bratz inventions to MGA, and services with or for MGA while employed by Mattel affect who owns the rights to Bratz inventions; Mattel's entitlement to injunctive relief; Mattel's entitlement to punitive damages; whether Bryant acted with an innocent state of mind; and whether the Bratz dolls are not based on designs he created during his Mattel employment. Given that these interrogatories go to core issues in this litigation, Mattel indisputably has a substantial need for the requested information. Bryant cannot show burden sufficient to outweigh Mattel's need for this critical information.[79] Further, Bryant's claim that the interrogatories are improper to the extent they request "all facts" supporting his contentions is without merit, as discussed above.[80] The Court should overrule his objections and compel Bryant to completely answer Interrogatory Nos. 30, 31, 32, 33, 36, 37, 38 and 42.

---

[78] Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 10-13, Proctor Dec. Exh. 1; Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7, Proctor Dec., Exh. 2.

[79] See Argument, Section II, infra.

[80] See id.

E.    **Mattel's Interrogatories About Bryant's Searches For Documents And Storage Devices Containing Evidence Of Early Work On Bratz**

The information sought by Interrogatory Nos. 40 and 47 is clearly discoverable. These interrogatories provide:

> **Interrogatory No. 40:** IDENTIFY each and every STORAGE DEVICE that YOU have used for any purpose which contains or contained DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

> **Interrogatory No. 47:** IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).[81]

These interrogatories are designed to test Bryant's productions in this litigation and obtain additional responsive documents and information. Such discovery plainly is proper under the Federal Rules. See Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things"); see also Fed. R. Civ. P. 34(a) (permitting a party to serve a request to "inspect, copy, test, or sample" any "electronically stored information . . . stored in any medium from which information can be obtained").

The law is clear that access to a party's information storage systems may be granted in appropriate circumstances, including where the party is shown to have improperly withheld relevant documents or information. See, e.g., Ameriwood

---

[81]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 13, Proctor Dec., Exh. 1; Mattel's Fifth Set of Interrogatories, dated October 19, 2007, Proctor Dec., Exh. 3.

Industries v. Liberman, 2006 WL 3825291, at *1 (E.D. Mo. 2006) (granting motion to compel imaging of defendant's hard drive because the court had "cause to question whether defendants had produced all responsive documents"); Simons Prop. Group L.P. v. Simon, Inc., 194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing plaintiff to inspect defendant's computer system because plaintiff demonstrated "troubling discrepancies with respect to defendant's document production"); Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1054 (S.D. Cal. 1999) (allowing access to party's computer system where party had systematically deleted e-mails after litigation commenced). Interrogatory Nos. 40 and 47 are directed at precisely this issue. Interrogatory No. 47 asks Bryant to identify the sources of information -- i.e., the media -- from which he has collected documents relating to Bratz and the period prior to February 28, 2001, a key early time period. By identifying such information, Mattel will be able to discover what sources Bryant has examined to produce the key documents in this case, and perhaps more important, the sources Bryant has not examined.[82] That is legitimate discovery. Interrogatory No. 40, which seeks the identification of the storage devices Bryant has used that contain early Bratz-related information, is also legitimate discovery because Mattel may have a right to access such storage devices. The information requested by Mattel is necessary to determine whether Bryant has withheld responsive documents and to enable Mattel to obtain such documents. Bryant has not articulated valid objections to these interrogatories, nor can he. See Roesberg, 85 F.R.D. at 296-97 (the

---

[82] See Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 6-7 (defining scope of Interrogatory No. 47 to include not only sources of information from which Bryant has produced documents, but also any source Bryant has collected, reviewed, requested, sought, looked for, searched for or analyzed), Proctor Dec., Exh. 3; see id. at 7 (requiring Bryant to state whether "each such SOURCE OF INFORMATION contained or included DOCUMENTS that REFER OR RELATE TO BRATZ and the time period prior to February 28, 2001").

1   objecting party has the burden of proving the interrogatory improper).   Bryant's

2   objections should be overruled and complete responses should be ordered.

3   **IV.   <u>BRYANT SHOULD BE SANCTIONED FOR HIS WILLFUL</u>**

4   **<u>REFUSAL TO COMPLY WITH HIS DISCOVERY OBLIGATIONS</u>**

5       Under the <u>Federal Rules</u>, a party bringing a motion to compel is entitled

6   to the "reasonable expenses incurred in making the motion, including attorney's

7   fees," unless the court finds that the motion was filed without the movant's first

8   making a good faith effort to obtain the disclosure or discovery without court action,

9   or "that the opposing party's nondisclosure, response or objection was substantially

10   justified," or that "other circumstances make an award of expenses unjust." <u>Fed. R.</u>

11   <u>Civ. P.</u> 37(a)(5).   The burden of establishing substantial justification is on the party

12   being sanctioned.   <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994).

13   Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides

14   that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably

15   and vexatiously may be required by the court to satisfy personally the excess costs,

16   expenses, and attorneys' fees reasonably incurred because of such conduct."

17   Sanctions under this section are appropriate "for conduct that, viewed objectively,

18   manifests either intentional or reckless disregard of the attorney's duties to the

19   court." <u>RTC v. Dabney</u>, 73 F.3d 262, 265 (10th Cir. 1995) (citing <u>Braley v.</u>

20   <u>Campbell</u>, 832 F.2d 1504, 1512 (10th Cir. 1987)).

21       Sanctions are justified here for Bryant's willful non-compliance with

22   clear discovery obligations.   Mattel also respectfully submits that this request for

23   sanctions should be considered in the context of the prior motion practice and

24   Mattel's previous attempts to get discovery on Bryant's own contentions, which has

25   been ongoing for months.   "The Court may, in deciding whether to grant a motion

26   for sanctions, 'properly consider all of a party's discovery misconduct.'" <u>In re</u>

27   <u>Heritage Bond Litigation</u>, 223 F.R.D. 527, 530 (C.D. Cal. 2004) (citations omitted).

28   Mattel respectfully requests that Bryant be ordered to pay $3,000 as partial

1  reimbursement for the fees and costs that Mattel has incurred in bringing this
2  motion.[83]

**<u>Conclusion</u>**

4          For the foregoing reasons, Mattel respectfully requests that the
5  Discovery Master (1) compel Carter Bryant to answer completely Interrogatory
6  Nos. 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42, 45 and 47 in Mattel's Revised
7  Third, Amended Fourth, Fifth and Sixth Sets of Interrogatories, (2) overrule all of
8  Bryant's objections, and (3) award sanctions in the amount of $3,000.

10  DATED:  December 13, 2007          QUINN EMANUEL URQUHART OLIVER &
11                                                          HEDGES, LLP

13                                              By /s/ B. Dylan Proctor
14                                                   B. Dylan Proctor
                                                     Attorneys for Plaintiff

---

27  [83]   Proctor Dec., ¶ 32.

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES