1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12        Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 13     vs. | Case No. CV 05-02727 |
| 14  MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| 15        Defendant. | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| 16 | |
| 17  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL RESPONSES TO INTERROGATORIES (NOS. 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42, 45 AND 47) BY CARTER BRYANT |
| 18 | |
| 19 | |
| 20 | |
| 21 | Hearing Date:   January 4, 2008 Time:                9:00 a.m. Place:               TBD |
| 22 | |
| 23 | Phase 1: Discovery Cut-off:        January 28, 2008 Pre-trial Conference:   May 5, 2008 Trial Date:                May 27, 2008 |
| 24 | |

25

26

27

28

07209/2319259.2

MATTEL'S SEPARATE STMT ISO MTC RESPONSE TO INTERROGATORIES

# **TABLE OF CONTENTS**

**Page**

**I.** MATTEL'S INTERROGATORIES ABOUT THE IDENTITY OF BRATZ INVENTIONS ................................................................ 1

    A. Interrogatory Nos. 27, 28 and 29 ........................................ 1

    B. Bryant's Objections Should Be Overruled And He Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 27, 28 And 29 ........................................................ 7

**II.** MATTEL'S INTERROGATORY ABOUT THE IDENTITY OF BRYANT'S BANK ACCOUNTS ................................................ 11

    A. Interrogatory No. 39 ....................................................... 11

    B. Bryant's Objections Should Be Overruled And He Should Be Compelled To Provide A Complete Response To Interrogatory No. 39 ................................................................................ 12

**III.** MATTEL'S INTERROGATORY ABOUT BRYANT'S PROFITS FROM BRATZ ................................................................... 16

    A. Interrogatory No. 45 ....................................................... 16

    B. Bryant's Objections Should Be Overruled And He Should Be Compelled To Provide A Complete Response To Interrogatory No. 45 ................................................................................ 18

**IV.** MATTEL'S CONTENTION INTERROGATORIES .................... 19

    A. Interrogatory Nos. 30, 31, 32, 33, 36, 37, 38 and 42 ........... 19

    B. Bryant's Objections Should Be Overruled And He Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 30, 31, 32, 33, 36, 37, 38 And 42 .................................. 32

**V.** MATTEL'S INTERROGATORIES ABOUT BRYANT'S SEARCHES FOR DOCUMENTS AND STORAGE DEVICES CONTAINING EVIDENCE OF EARLY WORK ON BRATZ ................................ 37

    A. Interrogatory Nos. 40 and 47 .......................................... 37

    B. Bryant's Objections Should Be Overruled And He Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 40 And 47 ............................................................... 41

# TABLE OF AUTHORITIES

**Page**

## Cases

Adams v. Murakami,
    54 Cal. 3d 105 (1991) ................................................................. 13

Ameriwood Industries v. Liberman,
    2006 WL 3825291 (E.D. Mo. 2006) ........................................ 41

Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
    1995 WL 625953 (D. Kan. 1995).............................................. 34

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
    2006 WL 3253636 (N.D. Ill. 2006) .......................................... 34

Bessier v. Precise Tool & Eng'g Co., Inc.,
    778 F. Supp. 1509 (W.D. Mo. 1991)......................................... 13

Britton v. Car Toys, Inc.,
    2007 WL 1395290 (D. Colo. 2007) .......................................... 13

Chapman v. California Dept. of Education,
    2002 WL 32854376 (N.D. Cal. 2002).......................................... 35

Dang v. Cross,
    2002 WL 432197 (C.D. Cal. 2002) ............................................ 34

DiBenedetto v. Grell,
    2004 WL 902458 (Cal. App. 2004).............................................. 19

Grynberg v. Total S.A.,
    No. 03-cv-01280-WYD-BNB,
    2006 WL 1186836 (D. Colo. May 3, 2006) ......................... 27, 29

Josephs v. Harris Corp.,
    677 F.2d 985 (3d Cir. 1982)................................................... 9, 35

Kendrick v. Sullivan,
    125 F.R.D. 1 (D.D.C. 1989).................................................. 20, 23

King v. Georgia Power Co.,
    50 F.R.D. 134 (N.D. Ga. 1970) ................................................. 35

Lawrence v. First Kansas Bank & Trust, Co.,
    169 F.R.D. 657 (D. Kan. 1996)........................................27, 29, 35

Morgan v. Woessner,
    997 F.2d 1244 (9th Cir. 1993) .................................................. 13

North Dakota Fair Housing Council, Inc. v. Allen,
    298 F. Supp. 2d 897 (D.N.D. 2004) .......................................... 13

07209/2319259.2

Oakes v. Halvorsen Marine Ltd.,
    179 F.R.D. 281 (C.D. Cal. 1998) ............................................................... 12, 13

Pension Ben. Guar. Corp v. Ziffer,
    1994 WL. 11654 (N.D. Ill. 1994) .................................................................. 34

Playboy Enterprises, Inc. v. Welles,
    60 F. Supp. 2d 1050 (S.D. Cal. 1999) ........................................................... 42

Richlin v. Sigma Design West, Ltd.,
    88 F.R.D. 634 (E.D. Cal. 1980) ..................................................................... 10

Roesberg v. Johns-Manville Corp.,
    85 F.R.D. 292 (D. Pa. 1980) ....................................................................... 9, 42

Safeco of Am. v. Rawstron,
    181 F.R.D. 441 (C.D. Cal. 1998) .............................................................. 35, 36

Seff v. General Outdoor Advertising Co.,
    11 F.R.D. 597 (N.D. Ohio 1951) ................................................................... 35

Simons Prop. Group L.P. v. Simon, Inc.,
    194 F.R.D. 639 (S.D. Ind. 2000) ................................................................... 41

Tennison v. San Francisco,
    226 F.R.D. 615 (N.D. Cal. 2005) .................................................................. 34

Twigg v. Pilgrim's Pride Corp.,
    2007 WL. 676208 (N.D. W. Va. 2007) ......................................................... 34

U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
    2000 WL. 307470 (C.D. Cal. 2000) .............................................................. 13

United States v. Abel,
    469 U.S. 45 (1984) ........................................................................................ 12

Walker v. Lakewood Condominium Owners Ass'n,
    186 F.R.D. 584 (C.D. Cal. 1999) ............................................................... 9, 35

Williams v. The Art Inst. of Atl.,
    2006 WL. 3694649 (N.D. Ga. 2006) ............................................................ 34

Wilson v. Thompson/Center Arms Co.,
    2006 WL. 3524250 (E.D. La. 2006) ............................................................. 34

Wright v. Touhy,
    2003 WL. 22439864 (N.D. Ill. 2003) ........................................................... 36

Zapata v. IBP, Inc.,
    1997 WL. 122588 (D. Kan. 1997) ................................................................ 34

## **Statutes**

17 U.S.C. § 504(b) .............................................................................................. 19

07209/2319259.2

Cal. Penal Code § 641.3 ................................................................ 12

Fed. R. Civ. P.
   26 ........................................................................... 12, 29, 31
   26(b)(1) ......................................................................... 36, 41
   26(d) ................................................................................... 10
   33(b)(4) ............................................................................... 10
   34(a) ................................................................................... 41
   69(a) ................................................................................... 14

## **Other Authorities**

8A Wright & Miller,
   <u>Federal Practice & Procedure:  Federal Rules of Civil Procedure</u> § 2174 ....... 9, 35

27 Wright & Miller,
   <u>Federal Practice & Procedure:  Federal Rules of Evidence</u> § 6095 ..................... 12

Mattel, Inc. ("Mattel") respectfully submits this Separate Statement in Support of its Motion to Compel Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42, 45 and 47) by Carter Bryant.

## I.   MATTEL'S INTERROGATORIES ABOUT THE IDENTITY OF BRATZ INVENTIONS

### A.   Interrogatory Nos. 27, 28 and 29

**INTERROGATORY NO. 27:**

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 27:**

Bryant incorporates by reference his general objections.  Bryant further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses.  Specifically, Bryant objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require Bryant to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a)   the bates number of any document that "REFERS OR. RELATES TO the BRATZ INVENTION";

(b)   the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c)   the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d)   the form, material and medium of the BRATZ INVENTION;

(e)  the title or name of the BRATZ INVENTION;

(f)  the version, modification, revision or iteration number of the BRATZ INVENTION;

(g)  the current location of the original of the BRATZ INVENTION;

(h)  the first day on which the BRATZ INVENTION was created;

(i)  the last day on which the BRATZ INVENTION was CREATED;

(j)  whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

This interrogatory is further compounded by Mattel's definition of IDENTITY, which purports to require Bryant to provide the following information for each of the individuals Mattel is requesting that Bryant identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any known business title; (c) the current or last known business affiliation; (d) current or last known residential address; (d) current or last known business address; (e) current or last known relationship to MGA; and (f) current or last known telephone number.

Bryant also objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED, DESIGN and REFER OR RELATES TO. In particular, the term BRATZ INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so broad and over-inclusive that, interpreted as instructed by Mattel, it includes each and every thought, idea, and conversation, however insubstantial or fleeting, that Bryant or anyone else may have had about BRATZ during the time period at issue.

Bryant further objects to the extent that this interrogatory seeks information that is outside of Bryant's personal knowledge and is not in Bryant's possession, custody, or control.  In particular, Bryant objects to this interrogatory to the extent that it that it requests that Bryant "state *all* facts ... and IDENTIFY *all*

1  PERSONS ... and *all* DOCUMENTS" (emphasis added).  Bryant also objects to this

2  interrogatory to the extent that it calls for a legal conclusion

3  　　　　　Bryant objects to this interrogatory because Mattel has propounded

4  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

5  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

6  SGL and CV 05-02727]."

7  　　　　　Subject to, and without waiver of, the foregoing objections, Bryant

8  responds as follows: Bryant is willing to meet and confer with Mattel regarding this

9  interrogatory.

10  **INTERROGATORY NO. 28:**

11  　　　　　IDENTIFY each and every BRATZ INVENTION YOU contend was

12  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

13  for each BRATZ INVENTION so identified state all FACTS that support YOUR

14  contention that such BRATZ INVENTION (or aspects or portions thereof) was

15  CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

16  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

17  RELATE TO such facts.

18  **RESPONSE TO INTERROGATORY NO. 28:**

19  　　　　　Bryant incorporates by reference his general objections.  Bryant further

20  objects to this interrogatory as compound because it contains discrete subparts that

21  require separate, distinct and multiple responses.  Specifically, Bryant objects to the

22  term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this

23  term calls for responses to multiple discrete subparts.  For example, Mattel's

24  definition of the term IDENTIFY in the context of this interrogatory would require

25  Bryant to provide a multitude of discrete responses for each BRATZ INVENTION,

26  including:

27  　　　　(a)　　the bates number of any document that "REFERS OR RELATES TO
　　　　　　　　　　the BRATZ INVENTION";

28

(b)  the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c)  the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d)  the form, material and medium of the BRATZ INVENTION;

(e)  the title or name of the BRATZ INVENTION;

(f)  the version, modification, revision or iteration number of the BRATZ INVENTION;

(g)  the current location of the original of the BRATZ INVENTION;

(h)  the first day on which the BRATZ INVENTION was created;

(i)  the last day on which the BRATZ INVENTION was CREATED;

(j)  whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

This interrogatory is further compounded by Mattel's definition of IDENTITY, which purports to require Bryant to provide the following information for each of the individuals Mattel is requesting that Bryant identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any known business title; (c) the current or last known business affiliation; (d) current or last known residential address; (d) current or last known business address; (e) current or last known relationship to MGA; and (f) current or last known telephone number.

Bryant also objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED, DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so broad and over-inclusive that, interpreted as instructed by Mattel, it includes each and every thought, idea, and conversation, however insubstantial or fleeting, that Bryant or anyone else may have had about BRATZ during the time period at issue.

1  Bryant further objects to the extent that this interrogatory seeks
2  information that is outside of Bryant's personal knowledge and is not in Bryant's
3  possession, custody, or control.  In particular, Bryant objects to this interrogatory to
4  the extent that it that it requests that Bryant "state *all* facts ... and IDENTIFY *all*
5  PERSONS ... and *all* DOCUMENTS" (emphasis added).  Bryant also objects to this
6  interrogatory to the extent that it calls for a legal conclusion

7  Bryant objects to this interrogatory because Mattel has propounded
8  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
9  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
10  SGL and CV 05-02727]."

11  Subject to, and without waiver of, the foregoing objections, Bryant
12  responds as follows: Bryant is willing to meet and confer with Mattel regarding this
13  interrogatory.

14  **INTERROGATORY NO. 29:**

15  IDENTIFY each and every BRATZ INVENTION that was CREATED,
16  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each
17  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO
18  the timing of the creation of such BRATZ INVENTION and IDENTIFY all
19  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
20  RELATE TO such facts.

21  **RESPONSE TO INTERROGATORY NO. 29:**

22  Bryant incorporates by reference his general objections. Bryant further
23  objects to this interrogatory as compound because it contains discrete subparts that
24  require separate, distinct and multiple responses.  Specifically, Bryant objects to the
25  term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this
26  term calls for responses to multiple discrete subparts.  For example, Mattel's
27  definition of the term IDENTIFY in the context of this interrogatory would require
28

1  Bryant to provide a multitude of discrete responses for each BRATZ INVENTION,

2  including:

3    (a)  the bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION";

4

5    (b)  the IDENTITY of the individual author or creator of the BRATZ INVENTION;

6    (c)  the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

7

8    (d)  the form, material and medium of the BRATZ INVENTION;

9    (e)  the title or name of the BRATZ INVENTION;

10   (f)  the version, modification, revision or iteration number of the BRATZ INVENTION;

11   (g)  the current location of the original of the BRATZ INVENTION;

12   (h)  the first day on which the BRATZ INVENTION was created;

13   (i)  the last day on which the BRATZ INVENTION was CREATED;

14   (j)  whether the entire invention was CREATED during the period of time
15        listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

16

17  This interrogatory is further compounded by Mattel's definition of IDENTITY,

18  which purports to require Bryant to provide the following information for each of

19  the individuals Mattel is requesting that Bryant identify with respect to each BRATZ

20  INVENTION:  (a) the individual's name; (b) any known business title; (c) the

21  current or last known business affiliation; (d) current or last known residential

22  address; (d) current or last known business address; (e) current or last known

23  relationship to MGA; and (f) current or last known telephone number.

24           Bryant also objects to this interrogatory on the grounds that it is

25  overbroad, unduly burdensome, vague and ambiguous both generally and

26  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

27  DESIGN and REFER. OR RELATES TO. In particular, the term BRATZ

28  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

1  RELATES TO, is so broad and over-inclusive that, interpreted as instructed by

2  Mattel, it includes each and every thought, idea, and conversation, however

3  insubstantial or fleeting, that Bryant or anyone else may have had about BRATZ

4  during the time period at issue.

5         Bryant further objects to the extent that this interrogatory seeks

6  information that is outside of Bryant's personal knowledge and is not in Bryant's

7  possession, custody, or control.  In particular, Bryant objects to this interrogatory to

8  the extent that it that it requests that Bryant "state *all* facts ... and IDENTIFY *all*

9  PERSONS ... and *all* DOCUMENTS" (emphasis added).  Bryant also objects to this

10 interrogatory to the extent that it calls for a legal conclusion

11        Bryant objects to this interrogatory because Mattel has propounded

12 more than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

13 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

14 SGL and CV 05-02727]."

15        Subject to, and without Waiver of, the foregoing objections, Bryant

16 responds as follows:  Bryant is willing to meet and confer with Mattel regarding this

17 interrogatory.

18 **B.**      **Bryant's Objections Should Be Overruled And He Should Be**

19           **Compelled To Provide Complete Responses To Interrogatory**

20           **Nos. 27, 28 And 29**

21        Interrogatory Nos. 27, 28 and 29 request information relating to Bratz

22 inventions Bryant created during three key time periods -- (1) prior to January 4,

23 1999, (2) after October 19, 2000 and before June 1, 2001, and (3) after January 3,

24 1999 and before October 21, 2000.[1]  Interrogatory No. 29 seeks an identification of

25

26 _____

27 [1]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-
    10, attached as Exhibit 1 to the Declaration of B. Dylan Proctor ("Proctor Dec."),
28 dated December 13, 2007.

1   the inventions Bryant created during his Mattel employment.  Interrogatory Nos. 27

2   and 28 seek to discover which Bratz inventions he contends were created before or

3   shortly after Bryant's Mattel employment.  This information is plainly relevant and

4   discoverable.  In fact, Bryant does not contend otherwise.[2]

5            Rather, Bryant primarily objects to these interrogatories (in his

6   objections at least) on the grounds that they purportedly are "compound" because

7   they contain "discrete subparts that require separate, distinct and multiple

8   responses."[3]  Bryant points to specific terms in the interrogatories, such as "BRATZ

9   INVENTION" and "IDENTIFY," and contends that Mattel's definitions of the

10  terms require "responses to multiple discrete subparts."[4]  For example, he complains

11  that the term "IDENTITY" requires that Bryant identify the following information

12  for each Bratz invention:  "(a) the individual's name; (b) any known business title;

13  (c) the current or last known business affiliation; (d) current or last known

14  residential address; (e) current or last known relationship to MGA; and (f) current or

15  last known telephone number."[5]  However, Bryant made clear during the pre-filing

16  conference of counsel that he was <u>not</u> refusing to answer these interrogatories (or

17  others) based on this objection.  And, indeed, it would be completely improper for

18  him to do so given that the Court has already ruled that these exact interrogatories --

19  verbatim -- count as only one interrogatory each.[6]

20           Bryant also objects that Interrogatory Nos. 27, 28 and 29 present an

21  undue burden, a point which Bryant pressed during the parties' meet and confer.

22

23    [2]   Bryant's Responses and Objections to Mattel's Revised Third Set of

24  Interrogatories, dated November 15, 2007, at 5-11, Proctor Dec., Exh. 5.

25    [3]   <u>See, e.g.</u>, <u>id.</u> at 6.

      [4]   Bryant's Responses and Objections to Mattel's Revised Third Set of

26  Interrogatories, dated November 15, 2007, at 6, Proctor Dec., Exh. 5.

27    [5]   <u>Id.</u>

      [6]   Order Granting Joint Motion for Protective Order, dated September 5, 2007,

28  Proctor Dec., Exh. 13.

1   Bryant bears the burden of proving that Mattel's interrogatories are burdensome or

2   oppressive.  See Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (D. Pa.

3   1980) ("the party resisting discovery 'must show specifically how . . . each

4   interrogatory is not relevant or how each question is overly broad, burdensome or

5   oppressive'"); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("mere

6   statement by a party that the interrogatory was 'overly broad, burdensome,

7   oppressive and irrelevant' is not adequate to voice a successful objection");

8   Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal.

9   1999) ("Boilerplate, generalized objections are inadequate and tantamount to not

10   making any objection at all.").  He can make no such showing here.

11            These interrogatories seek an identification of Bratz inventions that,

12   pursuant to the Inventions Agreement, were assigned to Mattel and therefore

13   *constitute Mattel's property* -- as well as an identification of which inventions were

14   created just before or after Bryant's Mattel employment, according to Bryant.  The

15   importance to Mattel of obtaining this information -- information which, in and of

16   itself, would prove liability as to a number of Mattel's claims -- clearly outweighs

17   Bryant's burden in producing it.  See 8A Wright & Miller, Federal Practice &

18   Procedure: Federal Rules of Civil Procedure § 2174 (courts balance "the burden on

19   the interrogated party against the benefit that having the information would provide

20   to the party submitting the interrogatory").  Moreover, knowing which inventions

21   Bryant claims he created before and just after his second stint at Mattel is essential

22   so that Mattel can avoid unfair surprise at trial and impeach Bryant's chronology of

23   Bratz design and development.

24            Bryant can hardly dispute any of this.  In fact, during the parties' pre-

25   filing conference of counsel, Bryant indicated that he would be willing to

26   supplement his responses to provide a complete list of all tangible items he created

27   during each of the relevant time periods, as well as the balance of the information

28   requested in Interrogatory Nos. 27, 28 and 29, if Mattel agreed to waive any

1   objection to Bryant's failure to provide a list of intangible items created during the

2   time periods.[7]  Although Mattel did not accept that improper limitation, the fact that

3   Bryant was willing to fully respond as to tangible items shows that the information

4   Mattel seeks is properly discoverable and, at least as to tangible items, would not be

5   unduly burdensome to produce even according to Bryant.

6          Mattel rejected Bryant's requested limitation because information

7   concerning intangible items Bryant created during the relevant periods is equally

8   critical to Mattel's claims.  Such information should be compelled.  Ideas and

9   concepts relating to Bratz, no less than Bratz drawings or three-dimensional objects,

10  fall directly within the scope of the Inventions Agreement and thus constitute

11  property at issue in this case.[8]  Bryant should be ordered to provide all of the

12  information requested in Interrogatory Nos. 27, 28 and 29.[9]

13

14  _____

15      [7]   Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007,
16  Proctor Dec., Exh. 11.
        [8]   See Employee Confidential Information and Inventions Agreement between
17  Mattel, Inc. and Carter Bryant, dated January 4, 1999 (defining "inventions" to
18  include "all discoveries, improvements, processes, developments, designs, know-
    how, data computer programs and formulae, whether patentable or unpatentable"),
19  Proctor Dec., Exh. 21.
        [9]   During the conferences of counsel held on December 4 and 5, 2007, Bryant's
20  counsel purported to add an additional objection to Interrogatory Nos. 27, 28 and
21  29:  that the requested information is not properly the subject of an interrogatory and
    should instead be elicited through deposition testimony or some other form of
22  discovery.  As an initial matter, Bryant failed to timely assert this objection in his
    Responses and Objections, thereby waiving it.  See Fed. R. Civ. P. 33(b)(4).
23
24  Further, this conclusory objection lacks merit and should be overruled in any case.
    The Rules make clear that the various methods of discovery provided therein are
25  cumulative, as opposed to alternative or mutually exclusive.  Richlin v. Sigma
26  Design West, Ltd., 88 F.R.D. 634, 637 (E.D. Cal. 1980).  Indeed, Rule 26(d)
    provides that "methods of discovery may be used in any sequence."  Bryant's
27  attempt to relegate Mattel to some other method of obtaining a full explanation of
28  his contentions in this case should be rejected.

II.    **MATTEL'S INTERROGATORY ABOUT THE IDENTITY OF BRYANT'S BANK ACCOUNTS**

    A.    **Interrogatory No. 39**

**INTERROGATORY NO. 39:**

    IDENTIFY each and every bank or financial institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR benefit, since January 1, 1999.

**RESPONSE TO INTERROGATORY NO. 39:**

    Bryant incorporates by reference his general objections.  Bryant objects to this interrogatory as premature asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no judgment for the payment of money pending against Bryant.  Bryant further objects to this interrogatory as overbroad, unduly burdensome, and as seeking information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Bryant also objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague and ambiguous, and compound both generally and specifically with respect to the terms YOU, YOUR, IDENTIFY, and REFER OR RELATE TO. Bryant further objects to the extent that this interrogatory seeks information that is outside of Bryant's personal knowledge and is not in Bryant's possession, custody, or control.  Bryant also objects to this interrogatory to the extent it seeks information in violation of his privacy rights.

    Bryant objects to this interrogatory because Mattel has propounded more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02.727]."

**B.** **Bryant's Objections Should Be Overruled And He Should Be Compelled To Provide A Complete Response To Interrogatory No. 39**

The information sought in Interrogatory No. 39 is clearly discoverable, and Bryant's objection is frivolous given the allegations in this case. First, Bryant's bank account information (and the bank records such information may lead to) may include direct evidence of liability. Mattel has *explicit* claims for commercial bribery against Bryant.[10] Payments made to Bryant, including during the term of his Mattel employment, would themselves establish such commercial bribery and other tortious conduct that are the subject of Mattel's claims. See Cal. Penal Code § 641.3 (stating that any employee who "solicits, accepts, or agrees to accept money or any thing of value from a person other than his employer" without the employer's knowledge and in exchange for using his position to benefit that other person is guilty of commercial bribery). The timing of such payments would also bear on the timing of Bryant's first involvement with MGA, which is in dispute in this case. And, evidence of payments to any of the numerous witnesses in this case, including Bryant, are relevant to issues of bias, as the Court has held. See Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at 12 (compelling Bryant to produce documents relating to his agreements with MGA, including documents relating to arrangements to pay Bryant's legal fees, as such documents "are relevant to demonstrate bias and lack of credibility"), Proctor Dec., Exh 31. See also United States v. Abel, 469 U.S. 45, 50-51 (1984) (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998) (Rule 26 permits discovery of information which may simply relate to the credibility of a witness or other evidence in the case); 27 Wright &

---

[10]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶ 12, Proctor Dec., Exh. 22.

1  Miller, <u>Federal Practice & Procedure: Federal Rules of Evidence</u> § 6095 (bias is a
2  "particularly favored basis for attacking credibility," and "circumstantial evidence of
3  bias" may include evidence of the "payment of bribes or fees").

4         Second, Mattel has punitive damage claims against Bryant.[11]  In
5  assessing punitive damages, the jury is entitled to consider Bryant's net worth. <u>See</u>,
6  <u>e.g.</u>, <u>U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.</u>,
7  2000 WL 307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is
8  relevant under Rule 26(b) to plaintiff's claims for damages and punitive damages");
9  <u>Oakes</u>, 179 F.R.D. at 286 ("The discovery of financial information relevant to a
10  punitive damages claim is permissible under the Federal Rules of Civil Procedure,
11  whether or not such evidence would be admissible at trial.").  Indeed, under
12  California law Mattel is required to introduce evidence of Bryant's financial
13  condition to obtain an award of punitive damages against him.  <u>See</u> <u>Morgan v.</u>
14  <u>Woessner</u>, 997 F.2d 1244, 1259 (9th Cir. 1993) (citing <u>Adams v. Murakami</u>, 54 Cal.
15  3d 105 (1991)).  Bryant's bank account information from recent years is, quite
16  obviously, likely to lead to discoverable information about Bryant's financial
17  condition.  <u>See</u> <u>Britton v. Car Toys, Inc.</u>, 2007 WL 1395290, at *3 (D. Colo. 2007)
18  ("Evidence regarding a defendant's earnings and assets may be relevant in proving
19  punitive damages."); <u>North Dakota Fair Housing Council, Inc. v. Allen</u>, 298 F.
20  Supp. 2d 897, 899 (D.N.D. 2004) ("The discovery of financial records of a
21  defendant in order to prepare a case on the issue of punitive damages is
22  permissible."); <u>Bessier v. Precise Tool & Eng'g Co., Inc.</u>, 778 F. Supp. 1509, 1514
23  (W.D. Mo. 1991) (a plaintiff is "clearly entitled to the discovery of financial records
24  of defendant in order to prepare a case on the issue of punitive damages").

25

26 _____

27     [11]  <u>See, e.g.</u>, Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and
28  Counter-Claims, Prayers ¶¶ 11-13, Proctor Dec., Exh. 22.

1     For these reasons, the Court has already held precisely that a

2  defendant's bank account information is discoverable, regarding Larian.  See Court's

3  Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to

4  Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6),

5  dated September 25, 2007 (compelling MGA to produce a witness on the topic of

6  payments to Larian, including the accounts to which such payments were made,

7  because "MGA's payments to Isaac Larian may be relevant to Mattel's claim for

8  punitive damages").  Nevertheless, although Mattel brought this to Bryant's attention

9  during the pre-filing conference of counsel, Bryant still refused to respond.[12]

10     In his objections, Bryant asserts that this interrogatory is "premature

11  asset discovery under Federal Rule of Civil procedure 69(a), as there is presently no

12  judgment for the payment of money pending against Bryant."  This objection fails.

13  First, Rule 69(a), which allows a judgment creditor to obtain discovery in aid of a

14  judgment or execution, simply has no application here.  See Fed. R. Civ. P. 69(a).

15  Nothing in the Rule precludes a party from seeking discovery pertaining to issues of

16  liability, bias and punitive damages as Mattel seeks here.  See id.  Second, both the

17  Discovery Master and the District Court have ruled that Mattel may properly seek

18  such discovery.  MGA's net worth was among the topics noticed in Mattel's Second

19  Notice of Deposition Under Rule 30(b)(6).[13]  Concluding that information relating

20  to MGA's net worth was properly the subject of discovery, the Discovery Master

21  ordered MGA to produce a witness responsive to this topic in his May 16, 2007

22  Order.[14]  MGA thereafter objected to the Discovery Master's Order on the grounds,

23

24

[12]   Proctor Dec., ¶ 10.

[13]   Mattel's Second Notice of Deposition Under Rule 30(b)(6), dated February 1, 2007, Proctor Dec., Exh. 23.

[14]   Court's Order Granting Mattel's Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Proctor Dec., Exh. 24.

1 among others, that such discovery was premature.[15]  Judge Larson rejected that

2 argument and affirmed the Discovery Master's May 16, 2007 Order, stating that:

> [a]lthough MGA's net worth may not be known to it, MGA does not
> contend that the information is not readily available.  That net worth is
> generally the subject of expert testimony at trial -- a proposition
> disputed by neither Mattel nor the Court -- does not render it an
> improper subject for a Rule 30(b)(6).[16]

8     And, as noted, Mattel's Third Notice of Deposition Under <u>Rule</u> 30(b)(6)

9 included a topic addressing payments of money made by MGA to Larian since

10 January 1, 1999, including information related to bank or financial institution

11 accounts to which any such payments were made.[17]  MGA objected to this topic on

12 a number of bases, including by contending that "Mattel is not entitled to conduct

13 discovery regarding Isaac Larian's net worth at this time."[18]  Rejecting MGA's

14 arguments, the Discovery Master held:

> MGA's payments to Isaac Larian . . . are relevant to the claims and
> defenses in the case.  Payments to Isaac Larian . . . may also show
> possible bias and be used for impeachment purposes.  Moreover,
> MGA's payments to Isaac Larian may be relevant to Mattel's claim for
> punitive damages.  Payments to Isaac Larian are a component of his net
> worth, even if they represent one source of income.  The burden of

---

[15]  MGA's Memorandum of Points and Authorities in Support of its Motion Objecting to Portions of the Discovery Master's May 16, 2007 Order, at 5-6, dated May 31, 2007, Proctor Dec., Exh. 25.

[16]  Court's July 2, 2007 Minute Order, at 5, Proctor Dec., Exh. 26.

[17]  Mattel's Third Notice of Deposition Under <u>Rule</u> 30(b)(6), dated June 5, 2007, Proctor Dec., Exh. 27.

[18]  Court's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under <u>Rule</u> 30(b)(6), dated September 25, 2007, at 11-12, Proctor Dec., Exh. 28.

1    producing such information does not outweigh its relevance, taking into

2    consideration the circumstances of this case.  Furthermore, there is no

3    stay on discovery pertaining to punitive damages.[19]

4 Bryant's willful refusal to answer this interrogatory at all, even in light of this Order,

5 is grossly improper.  A complete response should be ordered.[20]

6

7 **III.   MATTEL'S INTERROGATORY ABOUT BRYANT'S PROFITS**

8 **FROM BRATZ**

9      **A.     Interrogatory No. 45**

10 **INTERROGATORY NO. 45:**

11        IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or

12 YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately

13 (a) the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

14 licensees, (b) the gross and net revenue received by YOU from such SALES of each

15 such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each

16 such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold,

17 and (d) YOUR gross and net profits from each such BRATZ PRODUCT.

18 **RESPONSE TO INTERROGATORY NO. 45:**

19        Bryant incorporates by reference his general objections.  Bryant further

20 objects to this interrogatory as overbroad, unduly burdensome, harassing and

21 compound because it contains discrete subparts that require separate, distinct and

22 multiple responses.  Specifically, Bryant objects that this interrogatory purports to

23 require Bryant to provide separate and distinct categories of information for each

24 "BRATZ PRODUCT", including:  (a) the IDENTITY of the product; (b) the number

25 _____

26   [19]  Id.

27   [20]  Notably, Bryant flatly refused to answer this interrogatory in any way during
the parties' meet and confers.  See Letter from B. Dylan Proctor to Matthew

28 Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.

1   of units SOLD; (c) the gross and net revenue received for each such SALE; (d) all

2   costs incurred in connection with each such BRATZ product, including the costs of

3   goods sold, and (e) gross and net profits for each such BRATZ PRODUCT.  This

4   interrogatory is further compounded by Mattel's definition of the term IDENTIFY,

5   which purports to require Bryant to provide multiple additional discrete categories

6   of information for each "BRATZ PRODUCT", including (1) the full name of the

7   product; (2) the number of the product; (3) the SKU of the product; (4) any other

8   applicable designation of the product useful for identification; (5) the period of time

9   during which the product was, has been, or will be SOLD; and (6) the identity of

10  each person who has licensed from YOU the right to sell such BRATZ PRODUCT.

11  Additionally, Mattel's definition of the term YOU is compound and could be

12  interpreted as requiring Bryant to provide all of the above information as to each of

13  the multiple responding parties in this litigation.

14          Bryant also objects to this interrogatory on the ground that it is

15  overbroad, unduly burdensome, vague and ambiguous both generally and

16  specifically with respect to the terms BRATZ PRODUCT, SOLD and SALES.  In

17  addition, Bryant objects to this interrogatory to the extent it calls for the disclosure

18  of attorney-client privileged information, information protected from disclosure by

19  the work-product doctrine, the joint defense privilege or the common interest

20  privilege.  Bryant also objects to this interrogatory to the extent it calls for the

21  premature disclosure of expert opinions or analyses.  Bryant further objects to the

22  extent that this interrogatory seeks information that is outside Bryant's personal

23  knowledge and is not in Bryant's possession, custody, or control.  Bryant also

24  objects to this interrogatory to the extent it calls for information already produced in

25  this litigation or more easily obtainable from other sources.

26          Bryant objects to this interrogatory because Mattel has propounded

27  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

28

1  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049
2  SGL and CV 05-02727]."

3       Subject to, and without waiver of, the foregoing objections, Bryant has
4  not sold any Bratz products.

5  **B.    Bryant's Objections Should Be Overruled And He Should Be**
6  **Compelled To Provide A Complete Response To Interrogatory**
7  **No. 45**

8       In response to Interrogatory No. 45, Bryant stated that he "has not sold
9  any Bratz products."[21]  That is simply not plausible.  Mattel's Sixth Set of
10  Interrogatories defines the terms "SOLD," "SELL," or "SALE" to mean "to
11  distribute, market, license, sell, offer to sell, or convey or ***transfer in any way for***
12  ***compensation***."[22]  The Set defines the term "BRATZ PRODUCT" as:

13       any product, whether two-dimensional or three-dimensional, and
14       whether in tangible, digital, electronic or other form, that is or has ever
15       been SOLD that, in whole or in part, REFERS OR RELATES TO
16       BRATZ. . . .[23]

17  Hence, a "SALE" of a "BRATZ PRODUCT" includes the transfer of any Bratz
18  product, including any drawing, for value.  Bryant cannot claim in good faith that he
19  has not transferred any Bratz product for value.

20       During the parties' pre-filing conference of counsel, Bryant's counsel
21  suggested that Bryant had withheld responsive information based on his view that
22  Bryant's conveyance of Bratz drawings, designs and other intellectual property for

23

24

25  [21]  Bryant's Responses and Objections to Mattel's Sixth Set of Interrogatories,
26  dated November 26, 2007, at 6, Proctor Dec., Exh. 8.
    [22]  Mattel's Sixth Set of Interrogatories, dated October 23, 2007, at 3 (emphasis
27  added), Proctor Dec., Exh. 4.
    [23]  Id. at 4.
28

1  compensation does not fall into the scope of Interrogatory No. 45.[24]  This narrow

2  reading of Interrogatory No. 45 is clearly erroneous and should not be accepted by

3  the Court.  Bryant does not, and cannot, contend that the information sought by this

4  interrogatory is not properly discoverable -- the question of which Bratz designs or

5  other products Bryant conveyed to MGA or others for compensation, and Bryant's

6  profits from such conveyances, are clearly relevant to this lawsuit, including to

7  damages.  See 17 U.S.C. § 504(b) (copyright owner entitled to infringer's profits);

8  *DiBenedetto v. Grell*, 2004 WL 902458, at *13 (Cal. App. 2004) (awarding

9  disgorgement of attorney's profits in breach of fiduciary duty action).  Nor has

10  Bryant made any showing that Interrogatory No. 45, as framed, is unduly

11  burdensome, oppressive or otherwise improper.  Bryant's attempt to evade the

12  substance of this interrogatory is inappropriate on its face and should be rejected

13  outright.  The Court should compel Bryant to fully answer Interrogatory No. 45.

## IV.     MATTEL'S CONTENTION INTERROGATORIES

###     A.      Interrogatory Nos. 30, 31, 32, 33, 36, 37, 38 and 42

**INTERROGATORY NO. 30:**

17          State all facts that support YOUR contention, if YOU to contend, that,

18  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

19  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

20  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

21  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

22  REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 30:**

24          Bryant incorporates by reference his general objections.  Bryant objects

25  to this interrogatory on the ground that it is overbroad, unduly burdensome, and

---

27  [24]  See Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6,

28  2007, Proctor Dec., Exh. 11.

-19-