1   vague and ambiguous both generally and specifically with respect to the terms

2   YOUR, YOU, BRYANT, MATTEL, MGA, IDENTIFY, INVENTION

3   AGREEMENT, BRATZ INVENTION and REFER OR RELATE TO.  In addition,

4   Bryant objects to this interrogatory to the extent it calls for the disclosure of

5   attorney-client privileged information, information protected from disclosure by the

6   work-product doctrine, the joint defense privilege, the common interest privilege, or

7   any other applicable privilege.  Bryant also objects to this interrogatory to the extent

8   it calls for a legal conclusion.  Bryant further objects to the extent that this

9   interrogatory seeks information that is outside Bryant's personal knowledge and is

10  not in Bryant's possession, custody, or control.  In particular, Bryant objects to this

11  interrogatory to the extent that it that it requests that Bryant "state *all* facts ... and

12  IDENTIFY *all* PERSONS… and *all* DOCUMENTS" (emphasis added).

13          Bryant further objects to this interrogatory as it asks Bryant to assumes

14  facts contrary to evidence, and further asks him to base any response on an

15  incomplete and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v.*

16  *Sullivan*, 125 F.R.D. 1, 3 (D.D.C. 1989) (holding that Rule 33 does not permit

17  contention interrogatories directed at hypothetical scenarios).  Any response to this

18  interrogatory depends on, among other factual and legal factors, specifically which

19  BRATZ INVENTION it is hypothetically assumed that Bryant assigned rights in to

20  MGA and which rights he assigned, which information is not provided in the

21  incomplete hypothetical scenario posited in this interrogatory.

22          Bryant objects to this interrogatory because Mattel has propounded

23  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

24  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

25  SGL and CV 05-02727]."

26  **INTERROGATORY NO. 31:**

27          State all facts that support YOUR contention, if YOU so contend, that

28  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

1  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

2  RELATE TO such facts.

3  **RESPONSE TO INTERROGATORY NO. 31:**

4          Bryant incorporates by reference his general objections.  Bryant objects

5  that this interrogatory is overbroad and unduly burdensome contention interrogatory

6  to the extent it asks for "every fact" which supports the denial of a statement or

7  allegation.  *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal.

8  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that

9  support the denial of a statement or allegation of fact" because the "universe of

10  potentially responsive information is almost endless").

11          Bryant also objects to this interrogatory on the ground that it is

12  overbroad, unduly burdensome, vague and ambiguous both generally and

13  specifically with respect to the terms YOU, YOUR, INVENTIONS AGREEMENT,

14  IDENTIFY and REFER OR RELATE TO.  In addition, Bryant objects to this

15  interrogatory to the extent it calls for the disclosure of attorney-client privileged

16  information, information protected from disclosure by the work-product doctrine,

17  the joint defense privilege, and/or the common interest privilege.  Bryant also

18  objects to this interrogatory to the extent it calls for a legal conclusion.  Bryant

19  further objects to the extent that this interrogatory seeks information that is outside

20  Bryant's personal knowledge and is not in Bryant's possession, custody, or control.

21  In particular, Bryant objects to this interrogatory to the extent that it requests that

22  Bryant "state *all* facts ... and IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

23  (emphasis added).

24          Bryant objects to this interrogatory because Mattel has propounded

25  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

26  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

27  SGL and CV 05-02727]."

28

1         Subject to, and without waiver of, the foregoing objections, Bryant

2  responds as follows:  While preserving all of his rights with respect to the Court's

3  July 18, 2006 Order dismissing Bryant's counterclaims pertaining to the validity and

4  enforceability of the Employee Confidential Information and Inventions Agreement

5  produced in this action by Mattel as M0001596 ("the Employee Agreement"),

6  including any and all rights on appeal, Bryant recognizes that the Court's order

7  precludes him from contending at trial that the Employee Agreement, in and of

8  itself, is invalid or unenforceable.  However, Bryant does contend that Mattel is

9  precluded from enforcing the Employee Agreement against Bryant in this litigation

10  on the bases of unclean hands, waiver, estoppel, laches, and consent by Mattel, as

11  set forth in Bryant's Second Amended Reply to Mattel's Counterclaims filed on

12  October 16, 2007, and also is precluded from seeking an improper interpretation of

13  the Employee Agreement.

14  **INTERROGATORY NO. 32:**

15         State all facts that support YOUR contention, if YOU so contend, that

16  MATTEL is not or would not be entitled to injunctive relief as requested in its

17  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

18  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all

19  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

20  RELATE TO such facts.

21  **RESPONSE TO INTERROGATORY NO. 32:**

22         Bryant incorporates by reference his general objections.  Bryant objects

23  that this interrogatory is overbroad and unduly burdensome contention interrogatory

24  to the extent it asks for "every fact" which supports the denial of a statement or

25  allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal.

26  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that

27  support the denial of a statement or allegation of fact" because the "universe of

28  potentially responsive information is almost endless").

1    Bryant also objects to this interrogatory on the ground that it is
2  overbroad, unduly burdensome, vague and ambiguous both generally and
3  specifically with respect to the terms YOUR, YOU, MATTEL, IDENTIFY, BRATZ
4  INVENTION and REFER OR RELATE TO.  In addition, Bryant objects to this
5  interrogatory to the extent it calls for the disclosure of attorney client privileged
6  information, information protected from disclosure by the work product doctrine,
7  the joint defense privilege, and/or the common interest privilege.  Bryant further
8  objects to the extent that this interrogatory seeks information that is outside Bryant's
9  personal knowledge and is not in Bryant's possession, custody, or control.  In
10  particular, Bryant objects to this interrogatory to the extent that it that it requests that
11  Bryant "state *all* facts ... and IDENTIFY *all* PERSONS...and *all* DOCUMENTS"
12  (emphasis added).

13    Bryant further objects to this interrogatory as it asks Bryant to assumes
14  facts contrary to evidence, and further asks him to base any response on an
15  incomplete and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v.*
16  *Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit
17  contention interrogatories directed at hypothetical scenarios).  Whether or not Mattel
18  is or would or would not be "entitled to injunctive relief" depends on, among other
19  factual and legal factors, which specific "BRATZ INVENTION" Mattel is
20  hypothetically found to own, and whether and/or to what extent it is determined that
21  any Bratz products that have been produced and sold are derivative works of any
22  such BRATZ INVENTIONS, which information is not provided in the incomplete
23  hypothetical scenario posited in this interrogatory.  Bryant also objects to this
24  interrogatory on grounds that Mattel -- not Bryant - bears the burden of proof to
25  show that it is entitled to injunctive relief, if it is ultimately determined that Mattel
26  owns one or more BRATZ INVENTIONS.

27    Bryant objects to this interrogatory because Mattel has propounded
28  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

1    "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049

2    SGL and CV 05-02727]."

3    **INTERROGATORY NO. 33:**

4          State all facts that support YOUR contention, if YOU so contend, that

5    MATTEL is not entitled to an award of punitive or exemplary damages against

6    YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

7    DOCUMENTS that REFER OR RELATE TO such facts.

8    **RESPONSE TO INTERROGATORY NO. 33:**

9          Bryant incorporates by reference his general objections.  Bryant objects

10   that this interrogatory is overbroad and unduly burdensome contention interrogatory

11   to the extent it asks for "every fact" which supports the denial of a statement or

12   allegation. *See e.g, Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

13   1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that

14   support the denial of a statement or allegation of fact" because the "universe of

15   potentially responsive information is almost endless").

16         Bryant also objects to this interrogatory on the grounds that it is

17   overbroad, unduly burdensome, vague and ambiguous and compound both generally

18   and specifically with respect to the terms YOUR, YOU, MATTEL, IDENTIFY, and

19   REFER OR RELATE TO.  In particular, in light of Mattel's definition of the term

20   YOU, this interrogatory is impermissibly compound in that it asks for all facts

21   supporting why Mattel is not entitled to an award of punitive or exemplary damages

22   against each of the numerous responding parties in this litigation.  Furthermore,

23   even as to Bryant individually, this interrogatory is compound because it contains

24   discrete subparts that require separate, distinct and multiple responses.

25         In addition, Bryant objects to this interrogatory to the extent it calls for

26   the disclosure of attorney-client privileged information, information protected from

27   disclosure by the work-product doctrine, the joint defense privilege, and/or the

28   common interest privilege.  Bryant also objects to this interrogatory to the extent it

1  calls for a legal conclusion.  Bryant further objects to the extent that this

2  interrogatory seeks information that is outside Bryant's personal knowledge and is

3  not in Bryant's possession, custody, or control.  In particular, Bryant objects to this

4  interrogatory to the extent that it that it requests that Bryant "state *all* facts ... and

5  IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).  Bryant

6  further objects to this interrogatory on grounds that Mattel -- not Bryant --- bears the

7  burden of proof to show that it is entitled to an award of punitive or exemplary

8  damages.

9          Bryant objects to this interrogatory because Mattel has propounded

10  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

11  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

12  SGL and CV 05-02727]."

13          Subject to, and without waiver of, the foregoing objections, Bryant

14  responds as follows:  Mattel is not entitled to an award of punitive or exemplary

15  damages against Bryant because Mattel has not presented any evidence to support

16  the requirements for such a claim against Bryant.

17  **INTERROGATORY NO. 36:**

18          State all facts that support YOUR contention, if YOU so contend, that

19  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

20  not own any tights in any BRATZ INVENTION when BRYANT purported to

21  TRANSFER and MGA. purported to ACQUIRE rights to BRATZ, and IDENTIFY

22  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

23  RELATE TO such facts.

24  **RESPONSE TO INTERROGATORY NO. 36:**

25          Bryant incorporates by reference his general objections.  Bryant objects

26  that this interrogatory is overbroad and unduly burdensome contention interrogatory

27  to the extent it asks for "every fact" which supports the denial of a statement or

28  allegation.  *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

07209/2319259.2

-25-

1   1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that

2   support the denial of a statement or allegation of fact" because the "universe of

3   potentially responsive information is almost endless").

4         Bryant also objects to this interrogatory on the ground that it is

5   overbroad, unduly burdensome, vague and ambiguous, and compound both

6   generally and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

7   MATTEL, ACQUIRE, TRANSFER, BRATZ INVENTION, IDENTIFY, and

8   REFER OR RELATE TO.  In particular, this interrogatory is impermissibly

9   compound in that it asks for all facts supporting why each of the numerous

10  responding parties in this litigation "acted with an innocent state of mind or

11  reasonably believed that MATTEL did not own any rights in any BRATZ

12  INVENTION."

13        In addition, Bryant objects to this interrogatory to the extent it calls for

14  the disclosure of attorney-client privileged information, information protected from

15  disclosure by the work-product doctrine, the joint defense privilege, and/or the

16  common interest privilege.  Bryant also objects to this interrogatory to the extent it

17  calls for a legal conclusion.  Bryant further objects to the extent that this

18  interrogatory seeks information that is outside of Bryant's personal knowledge and is

19  not in Bryant's possession, custody, or control.  In particular, Bryant objects to this

20  interrogatory to the extent that it that it requests that Bryant "state *all* facts ... and

21  IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

22        Bryant objects to this interrogatory because Mattel has propounded

23  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

24  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

25  SGL and CV 05-02727]."

26        Subject to, and without waiver of, the foregoing objections, Bryant

27  responds as follows:  While Bryant believed that his actions were lawful and

28  appropriate, Bryant has not asserted his state of mind or his personal beliefs as a

07209/2319259.2

-26-

1  claim or affirmative defense in this litigation.  Consequently, Bryant does not
2  presently make any contention with respect to the topic of this interrogatory.  Bryant
3  reserves the right to modify this answer in response to arguments or contentions that
4  may be asserted by Mattel.

5  **INTERROGATORY NO. 37:**

6          State all facts that support YOUR contention, if YOU so contend, that
7  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT
8  purported to TRANSFER right to BRATZ to MGA, and IDENTIFY all PERSONS
9  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
10 such facts.

11 **RESPONSE TO INTERROGATORY NO. 37:**

12         Bryant incorporates by reference his general objections.  Bryant objects
13 that this interrogatory is overbroad and unduly burdensome contention interrogatory
14 to the extent it asks for "every fact" which supports the denial of a statement or
15 allegation.  *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.
16 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that
17 support the denial of a statement or allegation of fact" because the "universe of
18 potentially responsive information is almost endless").  Furthermore, this
19 interrogatory effectively asks Bryant to plead and prove his entire case in response
20 to a single written interrogatory.  Such "blunderbuss" interrogatories are unduly
21 burdensome and constitute an abuse of the discovery process.  *See, e.g., Lawrence v.*
22 *First Kansas Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996);
23 *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D.
24 Colo. May 3, 2006) (ruling that interrogatory that asks defendant to "plead and
25 prove its entire case, and to marshal all evidence, in response to one written
26 interrogatory" is overbroad and "constitutes an abuse of the discovery process").
27         Bryant also objects to this interrogatory on the ground that it is
28 overbroad, unduly burdensome, vague and ambiguous both generally and

1  specifically with respect to the teens YOUR, YOU, BRYANT, MGA, BRATZ,

2  TRANSFER, INVENTIONS AGREEMENT, and REFER OR RELATE TO. In

3  addition, Bryant objects to this interrogatory to the extent it calls for the disclosure

4  of attorney-client privileged information, information protected from disclosure by

5  the work-product doctrine, the joint defense privilege, and/or the common interest

6  privilege. Bryant also objects to this interrogatory to the extent it calls for a legal

7  conclusion. Bryant further objects to the extent that this interrogatory seeks

8  information that is outside of Bryan's personal knowledge and is not in Bryant's

9  possession, custody, or control. In particular, Bryant objects to this interrogatory to

10 the extent that it that it requests that Bryant "state *all* facts ... and IDENTIFY *all*

11 PERSONS...and *all* DOCUMENTS" (emphasis added). Finally, Bryant objects to

12 this interrogatory as Mattel - not Bryant - bears the burden of proof to show that

13 Bryant breached the INVENTIONS AGREEMENT. Bryant only undertakes to

14 make a good faith, reasonable effort to summarize facts currently known to him in

15 responding to this interrogatory.

16        Bryant objects to this interrogatory because Mattel has propounded

17 more than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

18 "interrogatories are limited to 50 for each side for both [Case Nos. CV 04.04049-

19 SGL and CV 05-02727]."

20        Subject to, and without waiver of, the foregoing objections, Bryant

21 responds as follows: Bryant did not breach the Employee Confidential Information

22 and Inventions Agreement produced in this action by Mattel as M0001596

23 ("Employee Agreement") when he transferred rights to his Bratz ideas to MGA

24 because Bryant conceived of Bratz in August 1998, when he was not an employee

25 of Mattel, and Bryant's Bratz ideas were not reduced to practice until after Bryant's

26 employment with Mattel terminated in October 2000. Consequently, the Employee

27 Agreement does not apply to Bryant's Bratz ideas. Persons with knowledge of these

28 facts and documents that refer or relate to these facts include the witnesses and

1   documents identified in Bryant's' and MGA's Rule 26 disclosures.  Bryant further

2   directs Mattel to the transcript of his extensive deposition testimony in this litigation

3   for additional factual details.

4   **INTERROGATORY NO. 38:**

5          State all facts that support YOUR contention, if YOU so contend, that

6   BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to

7   MATTEL when BRYANT performed work or services with or for MGA while

8   BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

9   knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

10  facts.

11  **RESPONSE TO INTERROGATORY NO. 38:**

12         Bryant incorporates by reference his general objections.  Bryant objects

13  that this interrogatory is overbroad and unduly burdensome contention interrogatory

14  to the extent it asks for "every fact" which supports the denial of a statement or

15  allegation.  *See e.g, Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

16  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that

17  support the denial of a statement or allegation of fact" because the "universe of

18  potentially responsive information is almost endless").  Furthermore, this

19  interrogatory effectively asks Bryant to plead and prove his entire case in response

20  to a single written interrogatory.  Such "blunderbuss" interrogatories are unduly

21  burdensome and constitute an abuse of the discovery process.  *See, e.g., Lawrence v.*

22  *First Kansas Bank & Trust; Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996);

23  *Grynberg v. Total SA*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D.

24  Colo. May 3, 2006) (ruling that interrogatory that asks defendant to "plead and

25  prove its entire case, and to marshal all evidence, in response to one written

26  interrogatory" is overbroad and "constitutes an abuse of the discovery process").

27         Bryant also objects to this interrogatory on the ground that it is

28  overbroad, unduly burdensome, vague and ambiguous both generally and

1    specifically with respect to the terms YOUR, YOU, BRYANT, MATTEL, MGA,

2    IDENTIFY and REFER OR RELATE TO.  In addition, Bryant objects to this

3    interrogatory to the extent it calls for the disclosure of attorney-client privileged

4    information, information protected from disclosure by the work: product doctrine,

5    the joint defense privilege, and/or the common interest privilege.  Bryant also

6    objects to this interrogatory to the extent it calls for a legal conclusion.  Bryant

7    further objects to the extent that this interrogatory seeks information that is outside

8    of Bryant's personal knowledge and is not in Bryant's possession, custody, or

9    control.  In particular, Bryant objects to this interrogatory to the extent that it that it

10   requests that Bryant "state *all* facts ... and IDENTIFY *all* PERSONS,. .and *all*

11   DOCUMENTS" (emphasis added).  Bryant also objects to this interrogatory to the

12   extent it assumes that Bryant owed any fiduciary other duty to Mattel.  Mattel - not

13   Bryant - bears the burden of proof to show that Bryant owed a duty of loyalty or a

14   fiduciary duty to Mattel, and that he breached those duties.  Bryant only undertakes

15   to make a good faith, reasonable effort to summarize facts currently known to him

16   in responding to this interrogatory.

17          Bryant objects to this interrogatory because Mattel has propounded

18   more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

19   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

20   SGL and CV 05-027277]."

21          Subject to, and without waiver of, the foregoing objections, Bryant

22   responds as follows.  Bryant could not, and did not, breach any fiduciary duty owed

23   to Mattel because Bryant was never a fiduciary of Mattel.  Specifically, Bryant was

24   never an officer or director of Mattel, and he did not have any significant managerial

25   authority while employed at Mattel such as would make him a fiduciary.

26   Additionally, Bryant did not breach any duty, either fiduciary or of loyalty, that he

27   may have owed to Mattel because he never performed any work or services for

28   MGA while employed at Mattel of a nature or kind that would constitute a violation

1  of such duties.  Bryant conceived of Bratz in August 1998, when he was not an

2  employee of Mattel, and Bryant's Bratz ideas were reduced to practice after Bryant

3  left his employment with Mattel in October 2000.  Bryant's employment with Mattel

4  was at will, and Bryant had the right to leave Mattel to join a competitor, or to work

5  on his own, at any time.  Any work that Bryant performed relating to his Bratz ideas

6  during the time period that he was still employed by Mattel constituted lawful steps

7  by Bryant to prepare to embark upon a new career.  Furthermore, there is no

8  evidence that the limited work that Bryant performed on his Bratz ideas while he

9  was still an employee of Mattel in any way detracted from his fulfilling his

10  employment obligations to Mattel.  There is also no evidence that Bryant utilized

11  any Mattel proprietary or trade secret information in connection with developing his

12  Bratz ideas or that he provided any such information to MGA.  Persons with

13  knowledge of these facts. and documents that refer or relate to these facts include

14  the witnesses and documents identified in Bryant's' and MGA's Rule 26 disclosures.

15  Bryant further directs Mattel to the transcript of his extensive deposition testimony

16  in this litigation for additional factual details.

17  **INTERROGATORY NO. 42:**

18         State all facts that support YOUR contention, if YOU so contend, that

19  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

20  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

21  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

22  **RESPONSE TO INTERROGATORY NO. 42:**

23         Bryant incorporates by reference his general objections.  Bryant objects

24  that this interrogatory is an overbroad and unduly burdensome contention

25  interrogatory to the extent it asks for "every fact" which supports the denial of a

26  statement or allegation.  *See, e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441,

27  447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents,

28

1 and witnesses that support the denial of a statement or allegation of fact" because
2 the "universe of potentially responsive information is almost endless.").

3          Bryant also objects to this interrogatory on the ground that it is
4 overbroad, unduly burdensome, vague and ambiguous both generally and
5 specifically with respect to the terms IDENTIFY and REFER OR RELATE TO.
6 Bryant also objects to this interrogatory as overbroad, unduly burdensome, vague
7 and ambiguous generally and specifically with respects to the terms BASED ON,
8 BRATZ BOLLS, and BRATZ DESIGNS.  In addition, Bryant objects to this
9 interrogatory to the extent it calls for the disclosure of attorney-client privileged
10 information, information protected from disclosure by the work-product doctrine,
11 the joint defense privilege or the common interest privilege.  Bryant also objects to
12 this interrogatory generally and specifically with respect to the term BASED ON to
13 the extent it calls for a legal conclusion.  Bryant also objects to this interrogatory to
14 the extent it calls for the premature disclosure of expert opinions or analysis.  Bryant
15 further objects to the extent that this interrogatory seeks information that is outside
16 Bryant's personal knowledge and is not in Bryant's possession, custody, or control.
17 In particular, Bryant objects to this interrogatory to the extent that it requests that
18 Bryant "[s]tate *all* facts ... and IDENTIFY *all* PERSONS...and *all* DOCUMENTS."
19 (emphasis added).

20          Bryant objects to this interrogatory because Mattel has propounded
21 more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
22 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049
23 SGL and CV 05-02727]."

24    **B.**     **Bryant's Objections Should Be Overruled And He Should Be**
25          **Compelled To Provide Complete Responses To Interrogatory**
26          **Nos. 30, 31, 32, 33, 36, 37, 38 And 42**
27          Each of these interrogatories relates to key contentions or issues in this
28 case -- including Bryant's contentions, if any, regarding the priority of Mattel's

1   rights in Bratz vis-à-vis MGA; how his Inventions Agreement with Mattel,

2   assignment of rights to Bratz inventions to MGA, and services with or for MGA

3   while employed by Mattel affect who owns the rights to Bratz inventions; Mattel's

4   entitlement to injunctive relief; Mattel's entitlement to punitive damages; whether

5   Bryant acted with an innocent state of mind; and whether the Bratz dolls are not

6   based on designs he created during his Mattel employment.  Given that these

7   interrogatories go to core issues in this litigation, Mattel indisputably has a

8   substantial need for the requested information.  Bryant cannot show burden

9   sufficient to outweigh Mattel's need for this critical information.

10          To date, Bryant provides no responses to Interrogatory Nos. 30, 32 and

11   42, and partial answers to Nos. 31, 33, 36, 37, 38 and 42.  Although Bryant has

12   promised to supplement these responses, his supplemental responses will not be full

13   and complete.[25]  Rather, his responses will continue to be limited by his

14   objections.[26]  In particular, Bryant has stated he will only provide what he deems to

15   be the "principal facts" or "basic facts" in support of his contentions, and not all the

16   facts on which he intends to rely.[27]

17          Bryant's objections that these interrogatories are purportedly improper

18   because they request "that Bryant 'state *all* facts . . . and IDENTIFY *all*

19   PERSONS . . . and *all* DOCUMENTS,'" because some of them ask "for 'every fact'

20   which supports the denial of a statement or allegation," and because Mattel "bears

21   the burden of proof" on the issues addressed by the interrogatories all lack merit.[28]

22   Interrogatories like those served by Mattel are commonly used to elucidate facts

23   regarding a party's contentions, and numerous courts have held them proper.  See,

---

[25]   See Letter from B. Dylan Proctor to Matthew Werdegar, dated December 6, 2007, Proctor Dec., Exh. 11.

[26]   Id.

[27]   Id.

[28]   See e.g., id. at 15-16 (Objs. to No. 32).

1    e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC, 2006 WL

2    3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer interrogatories

3    requesting "all supporting facts, documents, exhibits, testimony and/or expert

4    opinions" in support of contentions); Tennison v. San Francisco, 226 F.R.D. 615,

5    618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that requested "all

6    facts" supporting denial of allegation); Dang v. Cross, 2002 WL 432197, at *4 (C.D.

7    Cal. 2002) (affirming magistrate judge's holding that interrogatories requesting "all

8    facts" in support of a denial of a statement were not unduly burdensome); Twigg v.

9    Pilgrim's Pride Corp., 2007 WL 676208, at *11-12 (N.D. W. Va. 2007) (holding that

10    interrogatory asking party to state "each fact" in support of contention is proper);

11    Wilson v. Thompson/Center Arms Co., 2006 WL 3524250, at *1 (E.D. La. 2006)

12    (overruling vagueness and burden objections, and compelling defendants to "fully

13    respond" to interrogatories requesting "each fact, exhibit and witness" in support of

14    contentions); Williams v. The Art Inst. of Atl., 2006 WL 3694649, at *7 (N.D. Ga.

15    2006) (granting plaintiff's motion to compel as to interrogatories asking defendant to

16    "[s]tate all facts that support defendant's contentions"); Zapata v. IBP, Inc.,

17    1997 WL 122588, at *1 (D. Kan. 1997) (ordering defendant to fully answer

18    interrogatory asking for factual basis for each of defendant's defenses, as well as all

19    witnesses with knowledge of and all documents relating to those facts); Audiotext

20    Comm. Network, Inc. v. U.S. Telcomm., Inc., 1995 WL 625953, at *1 (D. Kan.

21    1995) (approving contention interrogatories seeking "all facts" because "parties 'are

22    entitled to know the factual basis' of the claims, defenses, or denials of their

23    opponents" and rejecting defendant's objection that it could not answer

24    interrogatories because it had not obtained sufficient discovery from plaintiff, as a

25    party "may not withhold discovery solely because it has not obtained to its

26    satisfaction other discovery"); Pension Ben. Guar. Corp v. Ziffer, 1994 WL 11654,

27    at *1 (N.D. Ill. 1994) (stating that interrogatories asking for "all facts" supporting

28    contentions "are appropriately made").

1   Bryant relies in his objections on <u>Safeco of Am. v. Rawstron</u>,

2   181 F.R.D. 441, 447-48 (C.D. Cal. 1998), and <u>Lawrence v. First Kansas Bank &</u>

3   <u>Trust, Co.</u>, 169 F.R.D. 657, 663-64 (D. Kan. 1996), but these authorities do not

4   undermine Mattel's interrogatories.  Rather, they merely recognize that

5   interrogatories seeking all facts supporting the denial of an assertion may, in some

6   circumstances and in some cases, impose an undue burden.  <u>See</u> <u>Chapman v.</u>

7   <u>California Dept. of Education</u>, 2002 WL 32854376, at *2 (N.D. Cal. 2002) ("While

8   interrogatories that call for all facts, documents and witnesses may, in some

9   circumstances, place an unreasonable burden on the responding party . . . an

10  interrogatory that requests 'all facts' in support of a refusal to admit specific

11  relevant facts is not burdensome and oppressive *per se*.").  Bryant has failed to make

12  a specific showing of burden here, and cannot do so.  <u>See, e.g.</u>, <u>Josephs v. Harris</u>

13  <u>Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the

14  interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not

15  adequate to voice a successful objection."); <u>Walker v. Lakewood Condominium</u>

16  <u>Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized

17  objections are inadequate and tantamount to not making any objection at all.").

18      To determine whether an interrogatory imposes an "undue burden,"

19  courts have adopted a "proportionality approach that balances the burden on the

20  interrogated party against the benefit that having the information would provide to

21  the party submitting the interrogatory."  8A Wright & Miller, <u>Federal Practice &</u>

22  <u>Procedure: Federal Rules of Civil Procedure</u> § 2174; <u>see also</u> <u>King v. Georgia Power</u>

23  <u>Co.</u>, 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that

24  interrogatory was burdensome and oppressive, even though preparation of answer

25  would be time-consuming and costly, because information was crucial to the issues

26  of the suit and in exclusive custody of defendant); <u>Seff v. General Outdoor</u>

27  <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly

28  burdensome" objection because value of information to plaintiff clearly outweighed

1  any annoyance or expense involved in disclosure by defendant).  Here, as discussed

2  in further detail above, the information sought by Mattel's interrogatories goes to

3  core issues in this case and is exclusively within Bryant's possession.  Mattel's need

4  to discover Bryant's key contentions clearly outweighs any efforts Bryant will be

5  required to undertake to disclose the information in his possession.

6         By Bryant's reasoning, a defendant may refuse to disclose facts and

7  other information supporting his own contentions, even though such information is

8  indisputably available to him (and not to the plaintiff), either because he should only

9  have to state some of the facts he intends to rely on or because the plaintiff bears the

10 burden of proof.  Such an approach would subvert the <u>Rules</u> and improperly permit

11 Bryant to sandbag Mattel at trial.  <u>See</u> <u>Fed. R. Civ. P.</u> 26(b)(1) (providing that

12 parties may "obtain discovery regarding any nonprivileged matter that is relevant to

13 *any party's* claim or defense") (emphasis added); <u>see also</u> <u>Wright v. Touhy</u>,

14 2003 WL 22439864, at *4 (N.D. Ill. 2003) (noting that the <u>Federal Rules</u> "are

15 designed to promote liberal discovery in an effort to narrow the issues for trial and

16 to prevent unfair surprise").

17        Moreover, the Court has previously rejected these objections.

18 Defendants argued <u>precisely</u> these points to Judge Larson when Mattel recently

19 sought leave to serve a supplemental interrogatory, beyond the fifty interrogatory

20 limit, regarding Defendants' affirmative defenses.  Defendants claimed that <u>Safeco</u>

21 disapproves Mattel's proposed form of interrogatory.[29]  They claimed that some of

22 their affirmative defenses are "negatives," and that they should not have to state the

23 facts supporting such negative contentions where Mattel bears the burden of proof.[30]

24 They claimed courts disapprove interrogatories which seek all facts, witnesses and

25

26   [29]  Defendants' Joint Opposition to Mattel's Motion for Leave to Serve a
     Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated
27   November 19, 2007, at 8, Proctor Dec., Exh. 19.

28   [30]  <u>Id.</u>

1  documents, like Mattel's.[31]  Judge Larson rejected all of these assertions, and

2  ordered Defendants to answer -- "without objection" -- an interrogatory providing:

3          State the facts upon which YOU intend to rely at trial to support YOUR

4          affirmative defenses, and IDENTIFY all PERSONS with knowledge of

5          those facts and all DOCUMENTS that REFER OR RELATE TO those

6          facts.[32]

7          Just as Judge Larson did not deem it too arduous a task for Defendants

8  to state the facts supporting their affirmative defenses, the Court should now compel

9  Bryant to completely answer Interrogatory Nos. 30, 31, 32, 33, 36, 37, 38 and 42.[33]

10 **V.    MATTEL'S INTERROGATORIES ABOUT BRYANT'S SEARCHES**

11 **FOR DOCUMENTS AND STORAGE DEVICES CONTAINING**

12 **EVIDENCE OF EARLY WORK ON BRATZ**

13      **A.    Interrogatory Nos. 40 and 47**

14 **INTERROGATORY NO. 40:**

15          IDENTIFY each and every STORAGE DEVICE that YOU have used

16 for any purpose which contains or contained DIGITAL INFORMATION that

17 REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

18 **RESPONSE TO INTERROGATORY NO. 40:**

19          Bryant incorporates by reference his general objections.  Bryant further

20 objects to this interrogatory as compound because it contains discrete subparts that

21 require separate, distinct and multiple responses.  Specifically, the definition for the

22 terms IDENTIFY and STORAGE DEVICE requires Bryant to provide separate,

---

[31]  Id.
[32]  Court's Order, dated December 3, 2007, Proctor Dec., Exh. 20.
[33]  In his September 5, 2007 Order, the Discovery Master also heard and did not accept such arguments as Bryant repeats in his objections, finding Mattel's interrogatories seeking the identification of "all facts," "all persons" with knowledge and "all documents" to be appropriately framed.

1  distinct, and multiple responses.  For example, Mattel's definition of the term

2  IDENTIFY in the context of this interrogatory would require Bryant to provide

3  numerous discrete facts for each STORAGE DEVICE, including:

     (a)    the individual(s) that use or have used the storage device;

     (b)    the current location of the Storage DEVICE;

     (c)    the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

     (d)    the type of STORAGE DEVICE;

     (e)    whether the STORAGE DEVICE has ever been copied or imaged (and if so the current location of each copy or image (and the IDENTITY of the PERSONS who possess such copies or image);

     (f)    the date(s) on which such copies or images were made;

     (g)    the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

     (h)    the technical specifications and capacities of such STORAGE DEVICE.

15         This interrogatory is further compounded by Mattel's definition of

16  IDENTITY, which would require Bryant to provide the following information for

17  each of the individuals requested to be identified in (c), above:  (1) the individual's

18  name; (2) any known business title; (3) the current or last known business

19  affiliation; (4) current or last known residential address; (5) current or last known

20  business address; (6) current or last known relationship to MGA; and (7) current or

21  last known telephone number.  Additionally, in light of Mattel's definition of the

22  term YOU, the interrogatory asks for all of the foregoing information about

23  STORAGE DEVICES belonging to each of the numerous separate responding

24  parties in this litigation.

25         Bryant also objects to this interrogatory on the ground that it is

26  overbroad, unduly burdensome, vague and ambiguous both generally and

27  specifically with respect to the terms YOU, BRATZ, ANGEL, DIGITAL

28  INFORMATION, and REFER OR RELATE TO.  In addition, Bryant objects to this

1 | interrogatory to the extent it calls for the disclosure of attorney-client privileged
2 | information, information protected from disclosure by the worms product doctrine,
3 | the joint defense privilege, and/or the common interest privilege.  Bryant further
4 | objects to the extent that this interrogatory seeks information that is outside Bryant's
5 | personal knowledge and is not in Bryant's possession, custody, or control.

6 | Bryant objects to this interrogatory because Mattel has propounded
7 | more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
8 | "Interrogatories are limited to 50 for each side for both [Case Nos. 'CV 04-04049-
9 | SOL and CV 05-02727]."

10 | Subject to, and without waiver of, the foregoing objections, Bryant
11 | responds as follows:  Bryant used an HP desktop computer prior to January 1, 2002.
12 | In addition, Mr. Bryant incorporates by reference his deposition testimony in this
13 | litigation, which includes extensive questioning regarding his computer usage.

14 | **INTERROGATORY NO. 47:**

15 | IDENTIFY each and every SOURCE OF INFORMATION from which
16 | YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR
17 | RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior
18 | to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part,
19 | created, drafted, generated, sent, received or transmitted).

20 | **RESPONSE TO INTERROGATORY NO. 47:**

21 | Bryant incorporates by reference his general objections.  Bryant further
22 | objects to this interrogatory as compound because it contains discrete subparts that
23 | require separate, distinct and multiple responses.  Specifically, Mattel's definitions
24 | for the terms IDENTIFY and SOURCE OF INFORMATION require Bryant to
25 | provide separate, distinct, and multiple responses.  For example, Mattel's definition
26 | of the term IDENTIFY in the context of this interrogatory purports to require Bryant
27 | to provide a multitude of discrete facts for each SOURCE OF INFORMATION,
28 | including:

07209/2319259.2

MATTEL'S SEPARATE STMT ISO MTC RESPONSE TO INTERROGATORIES

1    (a)   the nature of the SOURCE OF INFORMATION;

2    (b)   any unique identifier information for each SOURCE OF INFORMATION;

3

4    (c)   the SOURCE OF INFORMATION's physical location(s), including full address information and computer network drive information;

5    (d)   each natural person associated with each SOURCE OF INFORMATION;

6

7    (e)   the dates on which documents were collected from each SOURCE OF INFORMATION;

8    (f)   whether each SOURCE OF INFORMATION contained documents that "REFER OR RELATE" to "BRATZ" during the time period prior to February 28, 2001; and

9

10   (g)   the IDENTITY of such documents.

11   This interrogatory is further compounded by Mattel's definition of IDENTITY,

12   which purports to require Bryant to provide the following information for each of

13   the "natural persons" requested to be identified as part of Mattel's definition of

14   IDENTIFY, above:  (1) the individual's name; (2) any known business title; (3) the

15   current or last known business affiliation; (4) current or last known residential

16   address; (5) current or last known business address; (6) current or last known

17   relationship to MGA; and (7) current or last known telephone number.

18   Additionally, through Mattel's definition of the term YOU, this interrogatory asks

19   for all of the foregoing information about SOURCES OF INFORMATION relating

20   to, and searched by, each of the multiple separate responding parties in this

21   litigation.

22          Bryant also objects to this interrogatory on the ground that it is

23   overbroad, unduly burdensome, vague and ambiguous both generally and

24   specifically with respect to the term SOURCE OF INFORMATION.  In addition,

25   Bryant objects to this interrogatory to the extent it calls for the disclosure of

26   attorney-client privileged information, information protected from disclosure by the

27   work product doctrine, the joint defense privilege, or the common interest privilege.

28   Bryant further objects to the extent that this interrogatory seeks information that is

1   outside Bryant's personal knowledge and is not in Bryant's possession, custody, or

2   control.

3         Bryant objects to this interrogatory because Mattel has propounded

4   more than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

5   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

6   SOL and CV 05-02727]."

7         Subject to, and without waiver of, the foregoing objections, Bryant is

8   willing to meet and confer with Mattel regarding this interrogatory.

9   **B.**    **Bryant's Objections Should Be Overruled And He Should Be**

10      **Compelled To Provide Complete Responses To Interrogatory**

11      **Nos. 40 And 47**

12        Mattel's Interrogatory Nos. 40 and 47 are designed to test Bryant's

13  productions in this litigation and obtain additional responsive documents and

14  information. Such discovery plainly is proper under the Federal Rules. See Fed. R.

15  Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant

16  to any party's claim or defense -- including the existence, description, nature,

17  custody, condition, and location of any documents or other tangible things"); see

18  also Fed. R. Civ. P. 34(a) (permitting a party to serve a request to "inspect, copy,

19  test, or sample" any "electronically stored information . . . stored in any medium

20  from which information can be obtained").

21        The law is clear that access to a party's information storage systems

22  may be granted in appropriate circumstances, including where the party is shown to

23  have improperly withheld relevant documents or information. See, e.g., Ameriwood

24  Industries v. Liberman, 2006 WL 3825291, at *1 (E.D. Mo. 2006) (granting motion

25  to compel imaging of defendant's hard drive because the court had "cause to

26  question whether defendants had produced all responsive documents"); Simons

27  Prop. Group L.P. v. Simon, Inc., 194 F.R.D. 639, 641 (S.D. Ind. 2000) (allowing

28  plaintiff to inspect defendant's computer system because plaintiff demonstrated

1    "troubling discrepancies with respect to defendant's document production"); Playboy

2    Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1054 (S.D. Cal. 1999) (allowing

3    access to party's computer system where party had systematically deleted e-mails

4    after litigation commenced).  Interrogatory Nos. 40 and 47 are directed at precisely

5    this issue.  Interrogatory No. 47 asks Bryant to identify the sources of information --

6    i.e., the media -- from which he has collected documents relating to Bratz and the

7    period prior to February 28, 2001, a key early time period.  By identifying such

8    information, Mattel will be able to discover what sources Bryant has examined to

9    produce the key documents in this case, and perhaps more important, the sources

10   Bryant has not examined.[34]  That is legitimate discovery.  Interrogatory No. 40,

11   which seeks the identification of the storage devices Bryant has used that contain

12   early Bratz-related information, is also legitimate discovery because Mattel may

13   have a right to access such storage devices.  The information requested by Mattel is

14   necessary to determine whether Bryant has withheld responsive documents and to

15   enable Mattel to obtain such documents.  Bryant has not articulated valid objections

16   to these interrogatories, nor can he.  See Roesberg, 85 F.R.D. at 296-97 (the

17   objecting party has the burden of proving the interrogatory improper).  Bryant's

18   objections should be overruled and complete responses should be ordered.

19

20

21

22

23   _____

24   [34]  See Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 6-7
     (defining scope of Interrogatory No. 47 to include not only sources of information
25   from which Bryant has produced documents, but also any source Bryant has
     collected, reviewed, requested, sought, looked for, searched for or analyzed),
26   Proctor Dec., Exh. 3; see id. at 7 (requiring Bryant to state whether "each such
27   SOURCE OF INFORMATION contained or included DOCUMENTS that REFER
     OR RELATE TO BRATZ and the time period prior to February 28, 2001").
28

1   DATED:  December 13, 2007        QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
2

3                                     By /s/ B. Dylan Proctor
                                          B. Dylan Proctor
4                                         Attorneys for Mattel, Inc.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S SEPARATE STMT ISO MTC RESPONSE TO INTERROGATORIES