QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>DECLARATION OF B. DYLAN PROCTOR IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (NOS. 27, 28, 29, 30, 31, 32, 33, 36, 37, 38, 39, 40, 42, 45 AND 47) BY CARTER BRYANT<br><br>Hearing Date:   January 4, 2008<br>Time:   9:00 a.m.<br>Place:   TBD<br><br>Phase 1:<br>Discovery Cut-off:   January 28, 2008<br>Pre-trial Conference:   May 5, 2008<br>Trial Date:   May 27, 2008 |

07209/2321958.1

DECLARATION OF B. DYLAN PROCTOR

## DECLARATION OF B. DYLAN PROCTOR

I, B. Dylan Proctor, declare as follows:

1. I am a member of the bar of the State of California and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Mattel served its Revised Third Set of Interrogatories on defendants Carter Bryant, MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico S.R.L. de C.V., Isaac Larian and Carlos Gustavo Machado Gomez on September 21, 2007, asking each of them the same fifteen questions (Nos. 27-41). A true and correct copy of Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, is attached as Exhibit 1.

3. Mattel served its Fourth Set of Interrogatories on these same defendants on October 12, 2007, propounding four additional interrogatories (Nos. 42-45). Mattel served an Amended Fourth Set on October 23, 2007, removing one interrogatory (No. 45), and hence reducing the Fourth Set to three interrogatories (Nos. 42-44). A true and correct copy of Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, is attached as Exhibit 2.

4. Mattel served its Fifth Set of Interrogatories on defendants on October 19, 2007, asking two additional questions (Nos. 46-47). A true and correct copy of Mattel's Fifth Set of Interrogatories, dated October 19, 2007, is attached as Exhibit 3.

5. Mattel served its Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to replace the previous, withdrawn No. 45 from Mattel's Fourth Set, on October 23, 2007. A true and correct copy of Mattel's Sixth Set of Interrogatories, dated October 23, 2007, is attached as Exhibit 4.

6. Bryant served Responses and Objections to Mattel's Revised Third Set of Interrogatories on November 15, 2007. A true and correct copy of

1  Bryant's Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated November 15, 2007, is attached as Exhibit 5.  That same day, Bryant also served Responses and Objections to Mattel's Amended Fourth Set of Interrogatories, a true and correct copy of which is attached as Exhibit 6.  Bryant served Responses and Objections to Mattel's Fifth Set of Interrogatories on November 21, 2007.  A true and correct copy of Bryant's Responses and Objections to Mattel's Fifth Set of Interrogatories, dated November 21, 2007, is attached as Exhibit 7.  Bryant served Responses and Objections to Mattel's Sixth Set of Interrogatories on November 26, 2007.  A true and correct copy of Bryant's Responses and Objections to Mattel's Sixth Set of Interrogatories, dated November 26, 2007, is attached as Exhibit 8.

7.  On November 16, 2007, Mattel requested a conference of counsel regarding Bryant's failure to provide complete responses to Mattel's Revised Third Set and Amended Fourth Set of Interrogatories.  A true and correct copy of my letter to Michael Page, counsel for Bryant, dated November 16, 2007, is attached as Exhibit 9.  Mattel requested a conference of counsel regarding Bryant's deficient responses to Mattel's Fifth and Sixth Sets of Interrogatories on November 28, 2007.  A true and correct copy of my letter to John Trinidad, counsel for Bryant, dated November 28, 2007, is attached as Exhibit 10.

8.  I thereafter met and conferred on Bryant's responses with John Trinidad and Matthew Werdegar, both counsel for Bryant, on November 27, 2007 and on December 4 and 5, 2007.  A true and correct copy of my December 6, 2007 letter to Mr. Werdegar, accurately summarizing our conferences of counsel, is attached as Exhibit 11.  Attached as Exhibit 12 is a true and correct copy of a response letter that Mr. Werdegar sent to me on December 11, 2007.

9.  Bryant agreed during the parties' meet and confers to supplement his responses to Interrogatory Nos. 34, 35, 41, 43, 44, 48, 49 and 50, and indicated that the supplemental responses to these would be complete and not limited by objections.  With respect to Interrogatory No. 46, Mr. Werdegar represented that

Bryant's response was complete as to Bryant's personal knowledge.  As to the small amount of responsive information possessed by Bryant's counsel, Mr. Werdegar stated that it was information that has previously been disclosed through court filings and proceedings.

10. Bryant agreed during the parties' meet and confers to supplement his responses to Interrogatory Nos. 27, 28, 29 30, 32, 33, 36, 37, 38, 40, 42, 45 and 47 as well.  However, he also indicated that even his supplemental responses will be limited by his objections.  Although Mattel brought to Bryant's attention the Court's Order providing that a defendant's bank account information is discoverable, he nonetheless refuses to provide any answer to Interrogatory No. 39.

11. During the meet and confers, counsel for Bryant represented that Bryant's response to Interrogatory Nos. 31 is presently complete and not limited by his objections.  However, in his subsequent letter, Bryant's counsel indicated that, contrary to his prior statements, Bryant would supplement his response to No. 31 to provide additional information.  He did not state he would provide a complete response.

12. During the pre-filing conference of counsel, counsel for Bryant also represented to Mattel that Bryant is not refusing to respond to any of Mattel's interrogatories based on his objection that Mattel has purportedly exceeded the fifty interrogatory "per side" limited imposed by the Court in this case.

13. A true and correct copy of the Court's Order Granting Joint Motion for Protective Order Regarding Mattel's Interrogatories, dated September 5, 2007, is attached as Exhibit 13.

14. A true and correct copy of Mattel's Third Set of Interrogatories, dated June 7, 2007, is attached as Exhibit 14.

15. A true and correct copy of Bryant's Responses and Objections to Mattel's Third Set of Interrogatories, dated July 9, 2007, is attached as Exhibit 15.

16. During the parties' meet and confer on Defendants MGA Entertainment, Inc.'s, MGA Entertainment (HK) Ltd.'s, Isaac Larian's, and Bryant's responses to Mattel's Third Set of Interrogatories, Defendants refused to withdraw any of their boilerplate objections.  Defendants then filed a joint motion for protective order on July 10, 2007, a true and correct copy of which is attached as Exhibit 16.

17. A true and correct copy of Mattel's Motion to Compel Responses to Interrogatories (Third Set) by MGA Entertainment, Inc., Isaac Larian, Carter Bryant and MGA Entertainment (HK) Ltd., dated July 17, 2007, is attached as Exhibit 17.

18. A true and correct copy of Mattel's Fourth Set of Interrogatories, dated October 12, 2007, is attached as Exhibit 18.

19. A true and correct copy of Defendants' Joint Opposition to Mattel's Motion for Leave to Serve a Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated November 19, 2007, is attached as Exhibit 19.

20. A true and correct copy of the Court's December 3, 2007 Minute Order Granting Motion for Leave to Serve a Supplemental Interrogatory; Denying Motion to Strike (of Alternatively, for Summary Judgment as to) Affirmative Defenses is attached as Exhibit 20.

21. A true and correct copy of the Employee Confidential Information and Inventions Agreement between Mattel and Bryant, dated January 4, 1999, is attached as Exhibit 21.

22. A true and correct copy of Mattel's Second Amended Answer In Case No. 05-2727 and Counterclaims (Without Exhibit C), dated July 12, 2007, is attached as Exhibit 22.

23. A true and correct copy of Mattel's Second Notice of Deposition of MGA Entertainment, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated February 1, 2007, is attached as Exhibit 23.

24. A true and correct copy of the Court's Order Granting Mattel's Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, is attached as Exhibit 24.

25. A true and correct copy of MGA's Memorandum of Points and Authorities in Support of its Motion Objecting to Portions of the Discovery Master's May 16, 2007 Order, dated May 31, 2007, is attached as Exhibit 25.

26. A true and correct copy of the Court's July 2, 2007 Minute Order is attached as Exhibit 26.

27. A true and correct copy of Mattel's Third Notice of Deposition of MGA Entertainment, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated June 5, 2007, is attached as Exhibit 27.

28. A true and correct copy of the Court's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007, is attached as Exhibit 28.

29. A true and correct copy of the Court's Order Granting Mattel's Motion to Compel Carter Bryant to Answer Requests for Admission or to Order Requests Admitted, dated August 20, 2007, is attached as Exhibit 29.

30. A true and correct copy of the Court's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, is attached as Exhibit 30.

31. A true and correct copy of the Court's Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, is attached Exhibit 31.

32. In preparing this motion, Mattel has incurred fees and costs in excess of $3,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 13, 2007, at Los Angeles County, California.

_____
B. Dylan Proctor