# EXHIBIT 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  CARTER BRYANT, an individual,       CASE NO. CV 04-09049 SGL (RNBx)

13            Plaintiff,                Consolidated with Case Nos. CV 04-
                                        9059 and CV 05-2727
14       vs.
                                        MATTEL, INC.'S REVISED THIRD
15  MATTEL, INC., a Delaware            SET OF INTERROGATORIES
   corporation,
16                                      Discovery Cut-off:  January 14, 2008
            Defendant.                  Pre-trial Conference:  April 7, 2008
17                                      Trial Date:  April 29, 2008

18  AND CONSOLIDATED ACTIONS            Discovery Cutoff:  March 3, 2008
                                        Final Pretrial Conf.:  June 2, 2008
19                                      Trial Date:  July 1, 2008

20

21

22  PROPOUNDING PARTY:      Mattel, Inc.

23  RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

24                          Bryant, MGA Entertainment (HK) Limited, MGAE

25                          de Mexico S.R.L. de C.V., and Carlos Gustavo

26                          Machado Gomez

27  SET NO.:                THREE

28                                              9-21-07
                      EXHIBIT 1 PAGE 7

07209/2229699.1

                                    MATTEL'S REVISED THIRD SET OF INTERROGATORIES

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.
2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter
3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and
4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")
5  individually answer the following Interrogatories separately and fully, in writing and
6  under oath, within 30 days after service hereof.  The Responding Parties shall be
7  obligated to supplement their responses to the Interrogatories at such times and to
8  the extent required by the <u>Federal Rules of Civil Procedure</u>.
9
10                    **Definitions**
11        1.    "YOU" and "YOUR" mean each of the Responding Parties.
12        2.    "BRYANT" means Carter Bryant individually.
13        3.    "LARIAN" means Isaac Larian individually.
14        4.    "MGA" means MGA Entertainment, Inc., any of its current or
15  former employees, officers, directors, agents, representatives, attorneys, experts,
16  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any
17  other PERSON acting on its behalf, pursuant to its authority or subject to its control.
18  Without limiting the foregoing, "MGA" includes the entities known as ABC
19  International Traders or ABC International Traders, Inc.  For purposes of the these
20  Interrogatories, "MGA" does not include BRYANT.
21        5.    "MATTEL" means Mattel, Inc., its current employees, officers,
22  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
23  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
24  PERSON acting on its behalf, pursuant to its authority or subject to its control.
25        6.    "AFFILIATES" means any and all corporations, proprietorships,
26  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
27  indirectly, in whole or in part, own or control, are under common ownership or
28  control with, or are owned or controlled by a PERSON, party or entity, including

1  without limitation each parent, subsidiary and joint venture of such PERSON, party

2  or entity.

3         7.     "PERSON" or "PERSONS" means all natural persons,

4  partnerships, corporations, joint ventures and any kind of business, legal or public

5  entity or organization, as well as its, his or her agents, representatives, employees,

6  officers and directors and any one else acting on its, his or her behalf, pursuant to

7  its, his or her authority or subject to its, his or her control.

8         8.     "DESIGN" or "DESIGNS" means any and all representations,

9  whether two-dimensional or three-dimensional, and whether in tangible, digital,

10  electronic or other form, including but not limited to all works, designs, artwork,

11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13  practice, developments, inventions and/or improvements, as well as all other items,

14  things and DOCUMENTS in which any of the foregoing are or have been

15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16  or in part.

17         9.     "BRATZ" means any project, product, doll or DESIGN ever

18  known by that name (whether in whole or in part and regardless of what such

19  project, product or doll is or has been also, previously or subsequently called) and

20  any product, doll or DESIGN or any portion thereof that is now or has ever been

21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22  in part and regardless of what such product, doll or DESIGN or portion thereof is or

23  has been also, previously or subsequently called) or that is now or has ever been

24  sold or marketed as part of the "Bratz" line, and each version or iteration of such

25  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

26  DESIGN or any portion thereof" also includes without limitation any names,

27  fashions, accessories, artwork, packaging or any other works, materials, matters or

28  items included or associated therewith.  Without limiting the generality of the

**EXHIBIT 1 PAGE 9**

foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

10.    "BRATZ INVENTION" means any representation, idea, concept, work, process, procedure, plan, improvement, design or other development, whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ, including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ.

11.    "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

12.    "BRATZ DOLL" means any doll that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

13.    "BRATZ MOVIE" means any motion picture or film that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

14.    "BRATZ TELEVISION SHOW" means any production exhibited on television that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

15.    "BRATZ PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, that is or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any product that is or has ever been SOLD in any packaging that includes the name "Bratz" or REFERS OR RELATES TO BRATZ.

16.    "ANGEL" refers to those projects, products, dolls or DESIGNS, sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734.  Without limiting the generality of the

foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "ANGEL" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

17. "ACQUIRE" means to acquire, obtain, have vested in, enter into agreement for, buy, purchase, and/or procure in any way, or purport to do any of the same.

18. "TRANSFER" means to sell, license, give away, vest in or transfer in any way, or purport to do any of the same.

19. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

20. "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

1 | identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

2 | contradict, or in any way pertain to that subject matter, either directly or indirectly.

3 |      21.   "CREATED" means created, produced, prepared, authored,

4 | improved, developed, altered, conceived of or reduced to practice, whether in whole

5 | or in part, and whether alone or jointly with others.

6 |      22.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV

7 | 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

8 | therewith.

9 |      23.   "INVENTIONS AGREEMENT" means the Confidential

10 | Information and Inventions Agreement signed by BRYANT on or about January 4,

11 | 1999 and produced in this action by MATTEL as M0001596, or any other version

12 | of such January 4, 1999 agreement.

13 |      24.   "COMPLAINT" means Mattel, Inc.'s Complaint in Case No. CV

14 | 04-9059 SGL (RNBx), filed on April 27, 2004.

15 |      25.   "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended

16 | Answer in Case No. 05-2727 and Counterclaims, filed on July 12, 2007.

17 |      26.   "DIGITAL INFORMATION" means any information created or

18 | stored digitally, including but not limited to electronically, magnetically or optically.

19 |      27.   "STORAGE DEVICE" means any computer hard drive,

20 | memory, USB device, tape, storage array or any other device or medium that allows

21 | a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

22 | copy, retain, store or maintain DIGITAL INFORMATION.

23 |      28.   "IDENTIFY" or "IDENTITY" means the following:

24 |         (a)   with reference to an individual or individuals, means to

25 | state, fully and separately as to each, such individual's full name, any known

26 | business title, current or last known business affiliation, current or last known

27 | residential address, current or last known business address, current or last known

28 | relationship to MGA, and current or last known telephone number.

EXHIBIT 1 PAGE 12

1          (b)    with reference to an entity or entities, means to state, fully

2 and separately as to each, such entity's full name, state (or country) of incorporation

3 or organization, present or last known address, and present or last known telephone

4 number.

5          (c)    with reference to a BRATZ INVENTION or BRATZ

6 INVENTIONS, means to state, fully and separately as to each, the Bates-number of

7 any DOCUMENT which REFERS OR RELATES TO the BRATZ INVENTION or,

8 if no such DOCUMENT has been produced, a full and complete description of the

9 BRATZ INVENTION and of all DOCUMENTS that REFER OR RELATE to the

10 BRATZ INVENTION; the IDENTITY of the individual author(s) or creator(s) of

11 the BRATZ INVENTION as well as of each other individual who contributed in any

12 manner to the BRATZ INVENTION; the form, material and medium of the BRATZ

13 INVENTION, if any (*e.g.*, preliminary three-dimensional resin sculpture, final

14 three-dimensional wax sculpture, digitized file of final three-dimensional wax

15 sculpture, two-dimensional design drawing on paper); the title or name of the

16 BRATZ INVENTION, if any; the version, modification, revision or iteration

17 number of the BRATZ INVENTION, if any; the current location of the original of

18 the BRATZ INVENTION; the first day and last day on which the BRATZ

19 INVENTION was CREATED; and whether the entire invention was CREATED

20 during the period of time listed in the Interrogatory and, if not, which aspects or

21 portions of the BRATZ INVENTION were CREATED during that period of time,

22 which were CREATED earlier, and which were CREATED later.

23          (d)    with reference to a STORAGE DEVICE, means to state,

24 fully and separately as to each, the individual(s) that use or have used the

25 STORAGE DEVICE; the current location of the STORAGE DEVICE if it presently

26 exists (including the IDENTITY of the PERSON who possesses the STORAGE

27 DEVICE) or, if it no longer exists, the date on which it was destroyed or disposed

28 of; the type of STORAGE DEVICE (*e.g.*, hard drive, USB drive, etc.); whether the

1  STORAGE DEVICE has ever been copied or imaged and, if so, the current location
2  of each copy or image of the STORAGE DEVICE that has been made (including the
3  IDENTITY of the PERSONS who possess such copies or images) and the date(s) on
4  which such copies or images were made; the manufacturer name, brand, model
5  name, model number and serial number of the STORAGE DEVICE; and the
6  technical specifications and capacities of such STORAGE DEVICE.

7          (e)     with reference to a bank or financial institution account or
8  accounts, means to state, fully and separately as to each account, the name of the
9  bank or financial institution, the location and/or branch of the bank or financial
10  institution, the account number, the name in which the account is or was held, and
11  the time period during which the account is or was open.

12          (f)     with reference to a BRATZ PRODUCT, means to state,
13  fully and separately as to each, the full name of the product; the number of the
14  product; the SKU of the product; any other applicable designation of the product
15  useful for identification; the period of time during which the product was, has been
16  or will be SOLD; and the IDENTITY of each PERSON who has licensed from
17  YOU the right to SELL such BRATZ PRODUCT.

18          (g)     with reference to any other DOCUMENT or
19  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the
20  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
21  respect to each such DOCUMENT, to provide a complete description of it such that
22  it may be the subject of a request for the production of documents, including by
23  stating the date, identity of the author, addressee(s), signatories, parties, or other
24  PERSONS identified therein, its present location or custodian and a description of
25  its contents.

26      29.    "Any" as used in these interrogatories includes the word "all,"
27  and the word "all" as used in these interrogatories includes the word "any."

28

**EXHIBIT 1 PAGE 14**

30.   The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

**Instructions**

A.   When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

**Interrogatories**

INTERROGATORY NO. 27:

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**EXHIBIT 1 PAGE 15**

1   INTERROGATORY NO. 28:

2          IDENTIFY each and every BRATZ INVENTION YOU contend was

3   CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

4   for each BRATZ INVENTION so identified state all FACTS that support YOUR

5   contention that such BRATZ INVENTION (or aspects or portions thereof) was

6   CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

7   PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

8   RELATE TO such facts.

9

10  INTERROGATORY NO. 29:

11         IDENTIFY each and every BRATZ INVENTION that was CREATED,

12  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

13  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

14  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

15  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

16  RELATE TO such facts.

17

18  INTERROGATORY NO. 30:

19         State all facts that support YOUR contention, if YOU so contend, that,

20  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

21  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

22  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

23  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

24  REFER OR RELATE TO such facts.

25

26  INTERROGATORY NO. 31:

27         State all facts that support YOUR contention, if YOU so contend, that

28  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

1 | PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
2 | RELATE TO such facts.

3 |

4 | INTERROGATORY NO. 32:

5 | State all facts that support YOUR contention, if YOU so contend, that

6 | MATTEL is not or would not be entitled to injunctive relief as requested in its

7 | COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

8 | MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all

9 | PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

10 | RELATE TO such facts.

11 |

12 | INTERROGATORY NO. 33:

13 | State all facts that support YOUR contention, if YOU so contend, that

14 | MATTEL is not entitled to an award of punitive or exemplary damages against

15 | YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

16 | DOCUMENTS that REFER OR RELATE TO such facts.

17 |

18 | INTERROGATORY NO. 34:

19 | State all facts that support YOUR contention, if YOU so contend, that

20 | YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

21 | BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

22 | BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

23 | DOCUMENTS that REFER OR RELATE TO such facts.

24 |

25 | INTERROGATORY NO. 35:

26 | State all facts that support YOUR contention, if YOU so contend, that

27 | YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

28 | BRYANT to MATTEL when BRYANT performed work or services with or for

1  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

2  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

3  such facts.

4

5  INTERROGATORY NO. 36:

6         State all facts that support YOUR contention, if YOU so contend, that

7  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

8  not own any rights in any BRATZ INVENTION when BRYANT purported to

9  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

10  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

11  RELATE TO such facts.

12

13  INTERROGATORY NO. 37:

14         State all facts that support YOUR contention, if YOU so contend, that

15  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

16  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

17  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

18  such facts.

19

20  INTERROGATORY NO. 38:

21         State all facts that support YOUR contention, if YOU so contend, that

22  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to

23  MATTEL when BRYANT performed work or services with or for MGA while

24  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

25  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

26  facts.

27

28

**EXHIBIT 1 PAGE 18**

1 | INTERROGATORY NO. 39:

2          IDENTIFY each and every bank or financial institution account that

3 | REFERS OR RELATES TO YOU, including accounts in YOUR name or for

4 | YOUR benefit, since January 1, 1999.

5

6 | INTERROGATORY NO. 40:

7          IDENTIFY each and every STORAGE DEVICE that YOU have used

8 | for any purpose which contains or contained DIGITAL INFORMATION that

9 | REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10

11 | INTERROGATORY NO. 41:

12          IDENTIFY all PERSONS who at any time have been employed by or

13 | under contract with MATTEL who are now or have been employed by or under

14 | contract with YOU since January 1, 1999, and, for each such PERSON, state his or

15 | her name, date of hire or effective date of contract, the date on which YOU first had

16 | contact with such PERSON regarding potential employment or contracting, the

17 | date(s) on which such PERSON was interviewed for possible employment or

18 | contracting, each title (if any) such PERSON has held while employed by or under

19 | contract with YOU, and the date of termination (if applicable).

20

21 | DATED:  September 21, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

22

23                               By

24                               B. Dylan Proctor
                              Attorneys for Plaintiff

25                               Mattel, Inc.

26

27

28                          **EXHIBIT 1 PAGE 19**

-13-

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4   On September 21, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** on the parties in this
5   action as follows:

| | |
|---|---|
| Diana M. Torres, Esq. | John W. Keker, Esq. |
| **O'MELVENY & MYERS, LLP** | Michael H. Page, Esq. |
| 400 S. Hope Street | Christina M. Anderson, Esq. |
| Los Angeles, CA 90071 | Keker & Van Nest, LLP |
| *Attorneys for MGA ENTERTAINMENT,* | 710 Sansome Street |
| *INC.* | San Francisco, CA 94111 |
| | *Attorneys for Carter Bryant* |
| Patricia Glaser, Esq. | James Spertus |
| **Christensen, Glaser, Fink, Jacobs, Weil** | **Law Offices of James W. Spertus** |
| **& Shapiro, LLP** | 12100 Wilshire Blvd., Suite 620 |
| 10250 Constellation Blvd., 19th Floor | Los Angeles, CA 90025 |
| Los Angeles, CA  90067 | |
| *Attorney for MGA Entertainment* | |

13   **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
being served.

14

15       I declare that I am employed in the office of a member of the bar of this Court at whose
direction the service was made.

16       Executed on September 21, 2007, at Los Angeles, California.

17

18   NOW LEGAL -- Dave Quintana

07209/2229579.1

**EXHIBIT 1 PAGE 20**

# EXHIBIT 2

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13           Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14       vs. | MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES |
| 15  MATTEL, INC., a Delaware corporation, | |
| 16           Defendant. | [Amended Only to Delete Former Interrogatory No. 45] |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cut-off: January 14, 2008 Pre-trial Conference:  April 7, 2008 |
| 19 | Trial Date:  April 29, 2008 |
| 20 | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.:  June 2, 2008 |
| 21 | Trial Date:  July 1, 2008 |
| 22 | |

23  PROPOUNDING PARTY:     Mattel, Inc.

24  RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter

25                         Bryant, MGA Entertainment (HK) Limited, MGAE

26                         de Mexico S.R.L. de C.V., and Carlos Gustavo

27                         Machado Gomez

28  SET NO.:               FOUR

**EXHIBIT 2 PAGE 21**

07209/2254170.1

10-23

MATTEL'S FOURTH SET OF INTERROGATORIES

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

individually answer the following Interrogatories separately and fully, in writing and

under oath, within 30 days after service hereof.  The Responding Parties shall be

obligated to supplement their responses to the Interrogatories at such times and to

the extent required by the <u>Federal Rules of Civil Procedure</u>.

## **Definitions**

1.      "YOU" and "YOUR" mean each of the Responding Parties.

2.      "BRYANT" means Carter Bryant individually.

3.      "LARIAN" means Isaac Larian individually.

4.      "MGA" means MGA Entertainment, Inc., any of its current or

former employees, officers, directors, agents, representatives, attorneys, experts,

divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

other PERSON acting on its behalf, pursuant to its authority or subject to its control.

Without limiting the foregoing, "MGA" includes the entities known as ABC

International Traders or ABC International Traders, Inc.  For purposes of the these

Interrogatories, "MGA" does not include BRYANT.

5.      "MATTEL" means Mattel, Inc., its current employees, officers,

directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.      "AFFILIATES" means any and all corporations, proprietorships,

d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

indirectly, in whole or in part, own or control, are under common ownership or

control with, or are owned or controlled by a PERSON, party or entity, including

MATTEL'S FOURTH SET OF INTERROGATORIES

07209/2254170.1

**EXHIBIT 2 PAGE 22**

1  without limitation each parent, subsidiary and joint venture of such PERSON, party

2  or entity.

3         7.    "PERSON" or "PERSONS" means all natural persons,

4  partnerships, corporations, joint ventures and any kind of business, legal or public

5  entity or organization, as well as its, his or her agents, representatives, employees,

6  officers and directors and any one else acting on its, his or her behalf, pursuant to

7  its, his or her authority or subject to its, his or her control.

8         8.    "DESIGN" or "DESIGNS" means any and all representations,

9  whether two-dimensional or three-dimensional, and whether in tangible, digital,

10  electronic or other form, including but not limited to all works, designs, artwork,

11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13  practice, developments, inventions and/or improvements, as well as all other items,

14  things and DOCUMENTS in which any of the foregoing are or have been

15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16  or in part.

17         9.    "BRATZ" means any project, product, doll or DESIGN ever

18  known by that name (whether in whole or in part and regardless of what such

19  project, product or doll is or has been also, previously or subsequently called) and

20  any product, doll or DESIGN or any portion thereof that is now or has ever been

21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22  in part and regardless of what such product, doll or DESIGN or portion thereof is or

23  has been also, previously or subsequently called) or that is now or has ever been

24  sold or marketed as part of the "Bratz" line, and each version or iteration of such

25  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

26  DESIGN or any portion thereof" also includes without limitation any names,

27  fashions, accessories, artwork, packaging or any other works, materials, matters or

28  items included or associated therewith.  Without limiting the generality of the

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT 2 PAGE 23

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5            10.   "SOLD," "SELL" or "SALE" means to distribute, market,

6  license, sell, offer to sell, or convey or transfer in any way for compensation.

7            11.   "BRATZ DOLL" means any doll that is or has ever been SOLD

8  that REFERS OR RELATES TO BRATZ.

9            12.   "BRATZ PRODUCT" means any product, whether two-

10  dimensional or three-dimensional, and whether in tangible, digital, electronic or

11  other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

12  RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

13  MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

14  product that is or has ever been SOLD in any packaging that includes the name

15  "Bratz" or REFERS OR RELATES TO BRATZ.

16            13.   "BRATZ MOVIE" means any motion picture or film that is or

17  has ever been SOLD that REFERS OR RELATES TO BRATZ.

18            14.   "BRATZ TELEVISION SHOW" means any production

19  exhibited on television that is or has ever been SOLD that REFERS OR RELATES

20  TO BRATZ.

21            15.   "BASED ON" means substantially similar to, a copy of or a

22  derivative of.

23            16.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

24  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

25  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

26  limited to, all writings and records of every type and description including, but not

27  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

28  electronic mail ("e-mail"), records of telephone conversations, handwritten and

-4-

EXHIBIT 2 PAGE 24

1  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
2  and summaries of meetings, voice recordings, pictures, photographs, drawings,
3  computer cards, tapes, discs, printouts and records of all types, studies, instruction
4  manuals, policy manuals and statements, books, pamphlets, invoices, canceled
5  checks and every other device or medium by which or through which information of
6  any type is transmitted, recorded or preserved.  Without any limitation on the
7  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
8  from the original or other versions of the DOCUMENT, including, but not limited
9  to, all drafts and all copies of such drafts or originals containing initials, comments,
10  notations, insertions, corrections, marginal notes, amendments or any other variation
11  of any kind.

12       17.  "REFER OR RELATE TO" a given subject matter means relate
13  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,
14  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,
15  contradict, or in any way pertain to that subject matter, either directly or indirectly.

16       18.  "IDENTIFY" or "IDENTITY" means the following:

17       (a)  with reference to an individual or individuals, means to
18  state, fully and separately as to each, such individual's full name, any known
19  business title, current or last known business affiliation, current or last known
20  residential address, current or last known business address, current or last known
21  relationship to MGA, and current or last known telephone number.

22       (b)  with reference to an entity or entities, means to state, fully
23  and separately as to each, such entity's full name, state (or country) of incorporation
24  or organization, present or last known address, and present or last known telephone
25  number.

26       (c)  with reference to a BRATZ PRODUCT, means to state,
27  fully and separately as to each, the full name of the product; the number of the
28  product; the SKU of the product; any other applicable designation of the product

-5-

**EXHIBIT 2 PAGE 25**

1  useful for identification; the period of time during which the product was, has been

2  or will be SOLD; and the IDENTITY of each PERSON who has licensed from

3  YOU the right to SELL such BRATZ PRODUCT.

4             (d)    with reference to any other DOCUMENT or

5  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

6  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

7  respect to each such DOCUMENT, to provide a complete description of it such that

8  it may be the subject of a request for the production of documents, including by

9  stating the date, identity of the author, addressee(s), signatories, parties, or other

10  PERSONS identified therein, its present location or custodian and a description of

11  its contents.

12             19.    "Any" as used in these interrogatories includes the word "all,"

13  and the word "all" as used in these interrogatories includes the word "any."

14             20.    The singular form of a noun or pronoun includes within its

15  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

16  the masculine form of a pronoun also includes within its meaning the feminine form

17  of the pronoun so used, and vice versa; the use of any tense of any verb includes

18  also within its meaning all other tenses of the verb so used, whenever such

19  construction results in a broader request for information; and "and" includes "or"

20  and vice versa, whenever such construction results in a broader disclosure of

21  documents or information.

22

23                              **Instructions**

24             A.    When an interrogatory requests that YOU provide information,

25  YOU are required to supply all information known by or available to YOU or

26  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

27  If YOU cannot completely answer the interrogatory after making diligent efforts to

28  do so, please so state. Then describe in detail all efforts made to answer the

07209/2254170.1

-6-

**EXHIBIT 2 PAGE 26**

1  interrogatory; identify every PERSON involved in such efforts; and state the

2  additional information YOU need, if any, to respond completely to the interrogatory.

3

4  **<u>Interrogatories</u>**

5

6  <u>INTERROGATORY NO. 42:</u>

7  State all facts that support YOUR contention, if YOU so contend, that

8  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

9  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

10  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11

12  <u>INTERROGATORY NO. 43:</u>

13  For each concept, design, product, product packaging or other matter

14  that YOU contend MATTEL copied or infringed, including but not limited to those

15  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

16  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

17  Supplemental Responses to such Interrogatory), state the date that each such

18  concept, design, product, product packaging or other matter was conceived, and

19  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

20  OR RELATE TO, the foregoing.

21

22  <u>INTERROGATORY NO. 44:</u>

23  For each concept, design, product, product packaging or other matter

24  that YOU contend MATTEL copied or infringed, including but not limited to those

25  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

26  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

27  Supplemental Responses to such Interrogatory), state the date that each such

28  concept, design, product, product packaging or other matter was first fixed in any

1 | tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2 | knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4

5 | DATED:  October 23, 2007     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7 | By _B. Dylan Proctor_____

8 | B. Dylan Proctor
   | Attorneys for Plaintiff

9 | Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

MATTEL'S FOURTH SET OF INTERROGATORIES

**EXHIBIT 2 PAGE 28**

1

**PROOF OF SERVICE**

2

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3

1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4

On October 23, 2007, I served true copies of the following document(s) described as

5

1.       **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
         **[Amended Only to Delete Former Interrogatory No. 45]**

6

on the parties in this action as follows:

7

| | |
|---|---|
| Thomas Nolan, Esq. | Mark E. Overland, Esq. |
| **SKADDEN ARPS SLATE MEAGHER** | David C. Scheper, Esq. |
| **& FLOM, LLP** | Alexander H. Cote |
| 300 South Grand Avenue, Suite 3400 | **OVERLAND BORENSTEIN** |
| Los Angeles, CA 90071 | **SCHEPER & KIM LLP** |
| | 300 South Grand Avenue, Suite 2750 |
| | Los Angeles, CA 90071-3144 |

8

9

10

11

12

13

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)

14

being served.

15

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

16

Executed on October 23, 2007, at Los Angeles, California.

17

18

19

NOW LEGAL -- Dave Quintana

20

21

22

23

24

25

26

27

28

**EXHIBIT 2 PAGE 29**

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On October 23, 2007, I served true copies of the following document(s) described as

5    1.    **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
      **[Amended Only to Delete Former Interrogatory No. 45]**
6

7    on the parties in this action as follows:

8    John W. Keker, Esq.
     Michael H. Page, Esq.
     Christina M. Anderson, Esq.
9    **KEKER & VAN NEST, LLP**
     710 Sansome Street
10   San Francisco, CA 94111

11   **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive
12   documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.
13

14   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15   Executed on October 23, 2007, at Los Angeles, California.

16

17

18   Charlene Ho

19

20

21

22

23

24

25

26

27

28

07209/2241940.1                     -1-

**EXHIBIT 2 PAGE 30**

# EXHIBIT 3

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S FIFTH SET OF INTERROGATORIES |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | Discovery Cut-off:  January 14, 2008<br>Pre-trial Conference:  April 7, 2008<br>Trial Date:  April 29, 2008 |
| AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008<br>Final Pretrial Conf.:  June 2, 2008<br>Trial Date:  July 1, 2008 |

PROPOUNDING PARTY:        Mattel, Inc.

RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

                          Bryant, MGA Entertainment (HK) Limited, MGAE

                          de Mexico S.R.L. de C.V., and Carlos Gustavo

                          Machado Gomez

SET NO.:                  FIVE

07209/2259967.1

10-19

EXHIBIT 3 PAGE 31

1                Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant,

3  MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos

4  Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer

5  the following Interrogatories separately and fully, in writing and under oath, within 30

6  days after service hereof.  The Responding Parties shall be obligated to supplement

7  their responses to the Interrogatories at such times and to the extent required by the

8  <u>Federal Rules of Civil Procedure</u>.

9

10                          <u>**Definitions**</u>

11

12          1.     "YOU" and "YOUR" mean each of the Responding Parties.

13          2.     "MGA" means MGA Entertainment, Inc., any of its current or

14  former employees, officers, directors, agents, representatives, attorneys, experts,

15  divisions, AFFILIATES (including without limitation defendants MGA Entertainment

16  (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

17  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

18  authority or subject to its control.  Without limiting the foregoing, "MGA" includes the

19  entities known as ABC International Traders or ABC International Traders, Inc.  For

20  purposes of the these Interrogatories, "MGA" does not include BRYANT.

21          3.     "MATTEL" means Mattel, Inc., its current employees, officers,

22  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24  PERSON acting on its behalf, pursuant to its authority or subject to its control.

25          4.     "O'MELVENY" means the law firm of O'Melveny & Myers, LLP,

26  and any of its current or former attorneys, partners, associates, employees, agents,

27  representatives, predecessors-in-interest and successors-in-interest, and any other

28  PERSON acting on its behalf, pursuant to its authority or subject to its control.

-2-

MATTEL'S FIFTH SET OF INTERROGATORIES

**EXHIBIT 3 PAGE 32**

5.    "CHRISTENSEN" means the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys, partners, associates, employees, agents, representatives, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.    "BRYANT" means Carter Bryant individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

7.    "LARIAN" means Isaac Larian individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

8.    "MACHADO" means Carlos Gustavo Machado Gomez, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

9.    "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

10.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

**EXHIBIT 3 PAGE 33**

11. "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

12. "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

13. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to,

-4-

**EXHIBIT 3 PAGE 34**

contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

14.   "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

15.   "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to that subject matter, either directly or indirectly.

16.   "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

17.   "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether permanently, temporarily or otherwise, to create, generate, transmit, copy, retain, store or maintain DIGITAL INFORMATION.

18.   "SOURCE OF INFORMATION" means any medium containing DOCUMENTS or other information, whether in paper, electronic or other form, including but not limited to any STORAGE DEVICE, file, file cabinet or other any other source of information or DOCUMENTS.

19.   "COLLECT," "COLLECTED" or "COLLECTION," with reference to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for, analyze or in any other way collect or review or attempt to collect or review such DOCUMENTS in connection with YOUR search for, review of and/or production of DOCUMENTS in this ACTION.

20.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated therewith.

21.   "IDENTIFY" or "IDENTITY" means the following:

(a)   with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b)   with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c)   with reference to a SOURCE OF INFORMATION, means to describe and state, fully and separately as to each, the SOURCE OF INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION and differentiate each such SOURCE OF INFORMATION from all other SOURCES OF INFORMATION, including without limitation by stating its nature (e.g., USB drive, computer hard drive, file cabinet, etc.), and any unique identifier information

MATTEL'S FIFTH SET OF INTERROGATORIES

**EXHIBIT 3 PAGE 36**

1   (such as hard drive serial number); the physical location(s), including full address

2   information and full identifying computer network drive information if applicable, of

3   each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of

4   DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such

5   DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the

6   IDENTITY of each natural person or individual who is, was or has been associated

7   with each such SOURCE OF INFORMATION; the date(s) on which YOU

8   COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in

9   connection with this ACTION; whether, at the time of YOUR COLLECTION of

10  DOCUMENTS from such SOURCE OF INFORMATION, each such SOURCE OF

11  INFORMATION contained or included DOCUMENTS that REFER OR RELATE TO

12  BRATZ and the time period prior to February 28, 2001; and the IDENTITY of any

13  DOCUMENTS, by Bates number, that YOU have produced from each such SOURCE

14  OF INFORMATION to Mattel in this ACTION that REFER OR RELATE TO BRATZ

15  and that also REFER OR RELATE TO the time period prior to February 28, 2001

16  (regardless of when such DOCUMENT was, in whole or part, created, drafted,

17  generated, sent, received or transmitted).

18          (d)    with reference to any other DOCUMENT or DOCUMENTS,

19  means to describe each DOCUMENT by Bates number.   In the event that a

20  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

21  such DOCUMENT, to provide a complete description of it such that it may be the

22  subject of a request for the production of documents, including by stating the date,

23  identity of the author, addressee(s), signatories, parties, or other PERSONS identified

24  therein, its present location or custodian and a description of its contents.

25          22.    "Any" as used in these interrogatories includes the word "all," and

26  the word "all" as used in these interrogatories includes the word "any."

27          23.    The singular form of a noun or pronoun includes within its meaning

28  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

EXHIBIT 3 PAGE 37

1  form of a pronoun also includes within its meaning the feminine form of the pronoun so
2  used, and vice versa; the use of any tense of any verb includes also within its meaning
3  all other tenses of the verb so used, whenever such construction results in a broader
4  request for information; and "and" includes "or" and vice versa, whenever such
5  construction results in a broader disclosure of documents or information.

6

7  **Instructions**

8

9       A.   When an interrogatory requests disclosure of a
10  COMMUNICATION or other information as to which YOU claim any privilege or
11  protection as a ground for nondisclosure, identify each PERSON who participated in or
12  had knowledge of the COMMUNICATION or other information and provide the
13  following:

14       (i)   the privilege or protection that YOU claim precludes disclosure;
15       (ii)   the subject matter of the COMMUNICATION or information
16       (without revealing the content as to which the privilege is claimed);
17       and
18       (iii)   any additional facts or grounds on which YOU base YOUR claim
19       of privilege or protection.
20       B.   When an interrogatory requests that YOU provide information,
21  YOU are required to supply all information known by or available to YOU or
22  YOUR employees, officers, directors, agents, representatives, attorneys and experts.
23  If YOU cannot completely answer the interrogatory after making diligent efforts to
24  do so, please so state.  Then describe in detail all efforts made to answer the
25  interrogatory; identify every PERSON involved in such efforts; and state the
26  additional information YOU need, if any, to respond completely to the interrogatory.

27

28

-8-

MATTEL'S FIFTH SET OF INTERROGATORIES

**EXHIBIT 3 PAGE 38**

## Interrogatories

INTERROGATORY NO. 46:

Without disclosing the content of communications which are protected by the attorney-client privilege, state fully and in detail all facts which REFER OR RELATE TO any dispute relating to THIS ACTION between, on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to any and all disputes which were or have been asserted as a basis for, or which underlie, contributed to or were a factor in, the withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 47:

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).

DATED:  October 19, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

-9-

**EXHIBIT 3 PAGE 39**

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 19, 2007, I served true copies of the following document(s) described as

1.    **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES**

on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

07209/2261472.1                                     -1-

**EXHIBIT 3 PAGE 40**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES** on the parties in this action as follows:

Michael H. Page, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

Charlene Ho

07209/2261482.1

**EXHIBIT 3 PAGE 41**

# EXHIBIT 4

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
      Telephone:  (213) 443-3000
7   Facsimile:    (213) 443-3100

8   Attorneys for Mattel, Inc.

9                      UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                            EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14     vs. | MATTEL, INC.'S SIXTH SET OF INTERROGATORIES |
| 15  MATTEL, INC., a Delaware corporation, | |
| 16          Defendant. | [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES] |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | Discovery Cut-off: January 14, 2008 Pre-trial Conference: April 7, 2008 Trial Date: April 29, 2008 |
| 20 | |
| 21 | Discovery Cutoff: March 3, 2008 Final Pretrial Conf.: June 2, 2008 Trial Date: July 1, 2008 |
| 22 | |
| 23 | |

24  PROPOUNDING PARTY:      Mattel, Inc.

25  RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

26                          Bryant, MGA Entertainment (HK) Limited, MGAE

27                          de Mexico S.R.L. de C.V., and Carlos Gustavo

28                          Machado Gomez

07209/2263699.1

                              10 - 25

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof. The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

## Definitions

1.    "YOU" and "YOUR" mean each of the Responding Parties.

2.    "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES (including without limitation MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc. For purposes of the these Interrogatories, "MGA" does not include BRYANT.

3.    "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

4.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and

07209/2263699.1 07209/22
63194.1

-2-

**EXHIBIT 4 PAGE 43**

directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

5.   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6.   "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.  Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

7.   "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

8.    "BRATZ PRODUCT" means any product, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, that is or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any product that is or has ever been SOLD in any packaging that includes the name "Bratz" or REFERS OR RELATES TO BRATZ.

9.    "BRATZ DOLL" means any doll that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

10.    "BRATZ MOVIE" means any motion picture or film that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

11.    "BRATZ TELEVISION SHOW" means any production exhibited on television that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

12.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

-4-

1  originals containing initials, comments, notations, insertions, corrections, marginal
2  notes, amendments or any other variation of any kind.

3          13.    "COMMUNICATION" or "COMMUNICATIONS" means and
4  includes any disclosure, transfer or exchange of information between two or more
5  PERSONS, whether orally or in writing, including without limitation, any conversation
6  or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
7  telex, telecopier, electronic mail, or any other electronic or other medium, including
8  without limitation in written, audio or video form.

9          14.    "IDENTIFY" or "IDENTITY" means the following:

10          (a)    with reference to an individual or individuals, means to state,
11  fully and separately as to each, such individual's full name, any known business title,
12  current or last known business affiliation, current or last known residential address,
13  current or last known business address, current or last known relationship to MGA, and
14  current or last known telephone number.

15          (b)    with reference to an entity or entities, means to state, fully and
16  separately as to each, such entity's full name, state (or country) of incorporation or
17  organization, present or last known address, and present or last known telephone
18  number.

19          (c)    with reference to a BRATZ PRODUCT, means to state, fully
20  and separately as to each, the full name of the product; the number of the product; the
21  SKU of the product; any other applicable designation of the product useful for
22  identification; the period of time during which the product was, has been or will be
23  SOLD; and the IDENTITY of each PERSON who has licensed from YOU the right to
24  SELL such BRATZ PRODUCT.

25          (d)    with reference to any other DOCUMENT or DOCUMENTS,
26  means to describe each DOCUMENT by Bates number.   In the event that a
27  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
28  such DOCUMENT, to provide a complete description of it such that it may be the

EXHIBIT 4 PAGE 46

1 │ subject of a request for the production of documents, including by stating the date,

2 │ identity of the author, addressee(s), signatories, parties, or other PERSONS identified

3 │ therein, its present location or custodian and a description of its contents.

4 │      15.    "Any" as used in these interrogatories includes the word "all," and

5 │ the word "all" as used in these interrogatories includes the word "any."

6 │      16.    The singular form of a noun or pronoun includes within its meaning

7 │ the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

8 │ form of a pronoun also includes within its meaning the feminine form of the pronoun so

9 │ used, and vice versa; the use of any tense of any verb includes also within its meaning

10 │ all other tenses of the verb so used, whenever such construction results in a broader

11 │ request for information; and "and" includes "or" and vice versa, whenever such

12 │ construction results in a broader disclosure of documents or information.

13 │

14 │ **Instructions**

15 │

16 │      A.    When  an  interrogatory  requests  disclosure  of  a

17 │ COMMUNICATION or other information as to which YOU claim any privilege or

18 │ protection as a ground for nondisclosure, identify each PERSON who participated in or

19 │ had knowledge of the COMMUNICATION or other information and provide the

20 │ following:

21 │      (i)    the privilege or protection that YOU claim precludes disclosure;

22 │      (ii)   the subject matter of the COMMUNICATION or information

23 │         (without revealing the content as to which the privilege is claimed);

24 │         and

25 │      (iii)  any additional facts or grounds on which YOU base YOUR claim

26 │         of privilege or protection.

27 │      B.    When an interrogatory requests that YOU provide information,

28 │ YOU are required to supply all information known by or available to YOU or

1 | YOUR employees, officers, directors, agents, representatives, attorneys and experts.

2 | If YOU cannot completely answer the interrogatory after making diligent efforts to

3 | do so, please so state.  Then describe in detail all efforts made to answer the

4 | interrogatory; identify every PERSON involved in such efforts; and state the

5 | additional information YOU need, if any, to respond completely to the interrogatory.

6 |

7 | **Interrogatory**

8 |

9 | <u>INTERROGATORY NO. 45</u>:

10 | IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or

11 | YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a)

12 | the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

13 | licensees, (b) the gross and net revenue received by YOU from such SALES of each

14 | such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each

15 | such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and

16 | (d) YOUR gross and net profits from each such BRATZ PRODUCT.

17 |

18 | DATED:  October 23, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19 |

20 | By ___Michael T. Zeller___

21 | Michael T. Zeller
   | Attorneys for Plaintiff

22 | Mattel, Inc.

23 |

24 |

25 |

26 |

27 |

28 |

07209/2263699.107209/22
63194.1

-7-

MATTEL'S SIXTH SET OF INTERROGATORIES

**EXHIBIT 4 PAGE 48**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 23, 2007, I served true copies of the following document(s) described as

1.      **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES]**

on the parties in this action as follows:

| | |
|---|---|
| Thomas Nolan, Esq. | Mark E. Overland, Esq. |
| **SKADDEN ARPS SLATE MEAGHER & FLOM, LLP** | David C. Scheper, Esq. |
| 300 South Grand Avenue, Suite 3400 | Alexander H. Cote |
| Los Angeles, CA 90071 | **OVERLAND BORENSTEIN SCHEPER & KIM LLP** |
| | 300 South Grand Avenue, Suite 2750 |
| | Los Angeles, CA 90071-3144 |

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2263102.1

-1-

**EXHIBIT 4 PAGE 49**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.      **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES]**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

07209/2241940.1

-1-

**EXHIBIT 4 PAGE 50**