# EXHIBIT 5

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    710 Sansome Street
5   San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
6   Facsimile:  (415) 397-7188

7   Attorneys for Plaintiff
    CARTER BRYANT
8

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

                            EASTERN DIVISION
12

13

14   CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
                                            (consolidated with CV 04-9059 & 05-
15                          Plaintiff,       2727

16        v.

17   MATTEL, INC. a Delaware               CARTER BRYANT'S RESPONSES
     Corporation,                           AND OBJECTIONS TO MATTEL,
18                                          INC'S REVISED THIRD SET OF
                           Defendant.       INTERROGATORIES
19

20   CONSOLIDATED WITH MATTEL,
     INC., v. BRYANT and MGA
21   ENTERTAINMENT, INC. v.
     MATTEL, INC.
22

23

24   PROPOUNDING PARTY:     MATTEL, INC.

25   RESPONDING PARTY:      CARTER BRYANT

26   SET NO.:               THREE (REVISED)

27

28

                                11-15

EXHIBIT 5 PAGE 51

1   Pursuant to Federal Rules of Civil Procedure 33, Carter Bryant responds and

2   objects to Mattel Inc.'s Revised Third Set of Interrogatories as follows:

3

4   **Preliminary Statement and General Objections**

5   1.   Bryant's responses are made to the best of Bryant's present

6   knowledge, information and belief.  Discovery in this litigation is ongoing.

7   Consequently, Bryant's responses are at all times subject to such additional or

8   different information that discovery or further investigation may disclose and,

9   while based on the present state of Bryant's recollection, is subject to such

10  refreshing of recollection, and such additional knowledge of facts, as may result

11  from further discovery or investigation.  Bryant reserves the right to amend or

12  supplement his objections and responses.

13  2.   Bryant reserves the right to make any use of, or to introduce at any

14  hearing or trial, information that is responsive to Mattel's interrogatories, but

15  discovered subsequent to Bryant's responses herein.

16  3.   Bryant's responses are made based on his understanding and

17  interpretation of each interrogatory.  Bryant reserves the right to supplement its

18  objections and responses should Mattel's subsequently put forth an interpretation

19  of any interrogatory that differs from those of Bryant.

20  4.   Bryant reserves the right to object on any ground at any time to such

21  other or supplemental discovery requests as Mattel may propound involving or

22  relating to the same subject matter of these interrogatories.

23  5.   The responses below shall not be construed as an admission as to the

24  relevance or admissibility of any statement or characterization contained in any

25  interrogatory.  Bryant reserves all objections, including without limitation

26  objections as to competency, relevance, materiality, privilege, authenticity, or

27  admissibility.

28  6.   Bryant objects to the definitions, instructions, and interrogatories to

1

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 52**

the extent they impose on Bryant obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, any orders entered by the Court in this Action, or other applicable law.

7.      Bryant objects to the definitions, instructions, and interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of Bryant, contains privileged attorney-client communications, or is otherwise protected from disclosure by any other privileges, laws, or rules.  Bryant shall not produce such information in response to Mattel's interrogatories.  Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of those privileges or protections.  Bryant reserves the right to correct the record with regard to any such inadvertent disclosure, as provided for in the Protective Order governing this case.

8.      Bryant objects to each interrogatory to the extent that it seeks information protected from discovery by the right to privacy or any other applicable privilege.

9.      Bryant objects to each interrogatory to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

10.      Bryant objects to all instructions, definitions and interrogatories to the extent that they seek documents or information (1) not currently in Bryant's possession, custody, or control; (2) that Bryant cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to Bryant. Such instructions, definitions, or requests are objectionable where they seek to require more of Bryant than any obligation imposed by the Federal Rule of Civil Procedure; subject Bryant to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon Bryant an obligation to investigate or discover information or materials from sources equally accessible to

2

EXHIBIT 5 PAGE 53

1   Mattel.

2       11.    Consistent with Rule 33(d) of the Federal Rules of Civil Procedure,

3 Bryant objects to providing responses to interrogatories that can be derived from

4 documents that have or will be produced (when requested in compliance with Rule

5 26) and where the burden to derive such information is substantially the same for

6 Mattel as it is for Bryant.

7       12.    Bryant objects to the interrogatories to the extent that they seek to

8 restrict the facts on which Bryant may rely on at trial. Discovery has yet to be

9 completed in this case. By responding and objecting to these interrogatories,

10 Bryant does not intend to, and does not, limit the evidence he may rely to support

11 his contentions and defenses at trial, or to rebut or impeach contentions, assertions,

12 and evidence presented by Mattel. Furthermore, Bryant reserves the right to

13 supplement or amend his responses.

14       13.    To the extent that the interrogatories seek information that will be the

15 subject of expert witness testimony, Bryant objects. Such interrogatories are

16 premature.

17       14.    Bryant objects to each interrogatory to the extent that it call for a legal

18 conclusion.

19       15.    Bryant further objects to several of these interrogatories that appear to

20 be directed at other parties to the litigation and not to Bryant given the nature of

21 the claims asserted against Bryant in this case.

22       16.    Bryant objects to the definitions and instructions to the extent such

23 definitions and instructions purport to enlarge, expand, or alter in any way the plain

24 meaning and scope of any specific term or specific interrogatories on the ground

25 that such enlargement, expansion, or alteration renders such a term or request

26 vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or

27 uncertain.

28       17.    Bryant objects to the terms YOU, YOUR, BRYANT, LARIAN,

3

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 54

1 | MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

2 | BRATZ, BRATZ INVENTION, SOLD, SELL, SALE, BRATZ DOLL, BRATZ

3 | PRODUCT, BRATZ TELEVISION SHOW, BRATZ MOVIE, ANGEL,

4 | CREATED, TRANSFER, ACQUIRE, INVENTIONS AGREEMENT, DIGITAL

5 | INFORMATION, and STORAGE DEVICE, as overbroad, unduly burdensome,

6 | vague, and ambiguous.  Bryant also objects to these terms to the extent that the

7 | definitions call for legal conclusions.

8 |      18.    Bryant further objects to the terms IDENTIFY or IDENTITY as

9 | overbroad, unduly burdensome, vague and ambiguous, and oppressive.  Mattel's

10 | definition of these terms inherently call for answers to multiple discrete questions

11 | or subparts to questions.  For example, when those term are used to reference any

12 | BRATZ INVENTION, the use of those terms requests at least 10 different and

13 | distinct facts:  (a) the bates number of any document that "REFERS OR RELATES

14 | TO the BRATZ INVENTION"; (b) the IDENTITY of the individual author or

15 | creator of the BRATZ INVENTION; (c) the IDENTITY of each other individual

16 | who contributed in any manner to the BRATZ INVENTION; (d) the form, material

17 | and medium of the BRATZ INVENTION; (e) the title or name of the BRATZ

18 | INVENTION; (f) the version, modification, revision or iteration number of the

19 | BRATZ INVENTION; (g) the current location of the original of the BRATZ

20 | INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

21 | the last day on which the BRATZ INVENTION was CREATED; (j) whether the

22 | entire invention was CREATED during the period of time listed in the

23 | Interrogatory (and if not, which portions were created during, earlier, or later than

24 | the period of time listed in the Interrogatory).  Therefore, any interrogatory that

25 | includes or incorporates the terms IDENTIFY or IDENTITY are necessarily

26 | compound, and should be posed as separate interrogatories.

27 |      19.    Bryant also objects to the terms "any" and "REFER OR RELATE

28 | TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

EXHIBIT 5 PAGE 55

1   and/or are vague and ambiguous in the context of the interrogatories as written and

2   as those interrogatories would be plainly understood absent Mattel's definitions.

3       20.   Bryant's responses and objections to these interrogatories do not, and

4   are not intended to, waive his contention that anything he did on weekends,

5   evenings, vacation and / or any other time outside ordinary business hours was not

6   done while he was working for Mattel.  Bryant preserves and intends to preserve

7   this contention.  Bryant's responses and objections may not be taken as an

8   admission that the information he provides in any way reflects or evidences work

9   performed by Bryant while he was working for Mattel or that Bryant adopts or

10  agrees with any fact or legal conclusion assumed, presumed or contained in any of

11  Mattel's interrogatories.

12      21.   Bryant objects to each of Mattel's interrogatories because Mattel has

13  propounded more than 50 interrogatories, including discrete subparts.  Under

14  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for

15  each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

16      22.   The above stated objections are incorporated by reference as though

17  fully set forth in each response below.  Subject to the existing Protective Order and

18  without waiving any of the foregoing objections, Bryant responds as follows:

19  **Specific Responses and Objections**

20  **INTERROGATORY NO. 27:**

21      IDENTIFY each and every BRATZ INVENTION YOU contend was

22  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

23  INVENTION so identified state all facts that support YOUR contention that such

24  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

25  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and

26  all DOCUMENTS which REFER OR RELATE TO such facts.

27  **RESPONSE TO INTERROGATORY NO. 27:**

28      Bryant incorporates by reference his general objections.  Bryant further

5

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 56**

1  objects to this interrogatory as compound because it contains discrete subparts that
2  require separate, distinct and multiple responses.  Specifically, Bryant objects to
3  the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition
4  of this term calls for responses to multiple discrete subparts.  For example, Mattel's
5  definition of the term IDENTIFY in the context of this interrogatory would require
6  Bryant to provide a multitude of discrete responses for each BRATZ
7  INVENTION, including:

> (a) the bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION";
>
> (b) the IDENTITY of the individual author or creator of the BRATZ INVENTION;
>
> (c) the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;
>
> (d) the form, material and medium of the BRATZ INVENTION;
>
> (e) the title or name of the BRATZ INVENTION;
>
> (f) the version, modification, revision or iteration number of the BRATZ INVENTION;
>
> (g) the current location of the original of the BRATZ INVENTION;
>
> (h) the first day on which the BRATZ INVENTION was created;
>
> (i) the last day on which the BRATZ INVENTION was CREATED;
>
> (j) whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

21  This interrogatory is further compounded by Mattel's definition of IDENTITY,
22  which purports to require Bryant to provide the following information for each of
23  the individuals Mattel is requesting that Bryant identify with respect to each
24  BRATZ INVENTION:  (a) the individual's name; (b) any known business title; (c)
25  the current or last known business affiliation; (d) current or last known residential
26  address; (d) current or last known business address; (e) current or last known
27  relationship to MGA; and (f) current or last known telephone number.
28        Bryant also objects to this interrogatory on the grounds that it is overbroad,

6

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 57**

1  unduly burdensome, vague and ambiguous both generally and specifically with

2  respect to the terms BRATZ INVENTION, BRATZ, CREATED, DESIGN and

3  REFER OR RELATES TO.  In particular, the term BRATZ INVENTION, which

4  incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so

5  broad and over-inclusive that, interpreted as instructed by Mattel, it includes each

6  and every thought, idea, and conversation, however insubstantial or fleeting, that

7  Bryant or anyone else may have had about BRATZ during the time period at issue.

8        Bryant further objects to the extent that this interrogatory seeks information

9  that is outside of Bryant's personal knowledge and is not in Bryant's possession,

10  custody, or control.  In particular, Bryant objects to this interrogatory to the extent

11  that it that it requests that Bryant "state *all* facts … and IDENTIFY *all*

12  PERSONS…and *all* DOCUMENTS" (emphasis added).  Bryant also objects to

13  this interrogatory to the extent that it calls for a legal conclusion

14        Bryant objects to this interrogatory because Mattel has propounded more

15  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

16  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

17  SGL and CV 05-02727]."

18        Subject to, and without waiver of, the foregoing objections, Bryant responds

19  as follows:  Bryant is willing to meet and confer with Mattel regarding this

20  interrogatory.

21  **INTERROGATORY NO. 28:**

22        IDENTIFY each and every BRATZ INVENTION YOU contend was

23  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001,

24  and for each BRATZ INVENTION so identified state all FACTS that support

25  YOUR contention that such BRATZ INVENTION (or aspects or portions thereof)

26  was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY

27  all PERSONS with knowledge of such facts and all DOCUMENTS which REFER

28  OR RELATE TO such facts.

7

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 58

1  **RESPONSE TO INTERROGATORY NO. 28:**

2       Bryant incorporates by reference his general objections.  Bryant further

3  objects to this interrogatory as compound because it contains discrete subparts that

4  require separate, distinct and multiple responses.  Specifically, Bryant objects to

5  the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition

6  of this term calls for responses to multiple discrete subparts.  For example, Mattel's

7  definition of the term IDENTIFY in the context of this interrogatory would require

8  Bryant to provide a multitude of discrete responses for each BRATZ

9  INVENTION, including:

10      (a) the bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION";

11

12      (b) the IDENTITY of the individual author or creator of the BRATZ INVENTION;

13      (c) the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

14

15      (d) the form, material and medium of the BRATZ INVENTION;

16      (e) the title or name of the BRATZ INVENTION;

17      (f) the version, modification, revision or iteration number of the BRATZ INVENTION;

18      (g) the current location of the original of the BRATZ INVENTION;

19      (h) the first day on which the BRATZ INVENTION was created;

20      (i) the last day on which the BRATZ INVENTION was CREATED;

21      (j) whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during,

22  earlier, or later than the period of time listed in the Interrogatory).

23  This interrogatory is further compounded by Mattel's definition of IDENTITY,

24  which purports to require Bryant to provide the following information for each of

25  the individuals Mattel is requesting that Bryant identify with respect to each

26  BRATZ INVENTION:  (a) the individual's name; (b) any known business title; (c)

27  the current or last known business affiliation; (d) current or last known residential

28  address; (d) current or last known business address; (e) current or last known

8

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 59**

1  relationship to MGA; and (f) current or last known telephone number.

2       Bryant also objects to this interrogatory on the grounds that it is overbroad,

3  unduly burdensome, vague and ambiguous both generally and specifically with

4  respect to the terms BRATZ INVENTION, BRATZ, CREATED, DESIGN and

5  REFER OR RELATES TO.  In particular, the term BRATZ INVENTION, which

6  incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so

7  broad and over-inclusive that, interpreted as instructed by Mattel, it includes each

8  and every thought, idea, and conversation, however insubstantial or fleeting, that

9  Bryant or anyone else may have had about BRATZ during the time period at issue.

10       Bryant further objects to the extent that this interrogatory seeks information

11  that is outside of Bryant's personal knowledge and is not in Bryant's possession,

12  custody, or control.  In particular, Bryant objects to this interrogatory to the extent

13  that it that it requests that Bryant "state *all* facts … and IDENTIFY *all*

14  PERSONS…and *all* DOCUMENTS" (emphasis added).  Bryant also objects to

15  this interrogatory to the extent that it calls for a legal conclusion

16       Bryant objects to this interrogatory because Mattel has propounded more

17  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

18  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

19  SGL and CV 05-02727]."

20       Subject to, and without waiver of, the foregoing objections, Bryant responds

21  as follows:  Bryant is willing to meet and confer with Mattel regarding this

22  interrogatory.

23  **INTERROGATORY NO. 29:**

24       IDENTIFY each and every BRATZ INVENTION that was CREATED, in

25  whole or in part, after January 3, 1999 and before October 21, 2000, and for each

26  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

27  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

28  PERSONS with knowledge of such facts and all DOCUMENTS which REFER

9

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 60**

1 OR RELATE TO such facts.

2 **RESPONSE TO INTERROGATORY NO. 29:**

3       Bryant incorporates by reference his general objections. Bryant further

4 objects to this interrogatory as compound because it contains discrete subparts that

5 require separate, distinct and multiple responses. Specifically, Bryant objects to

6 the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition

7 of this term calls for responses to multiple discrete subparts. For example, Mattel's

8 definition of the term IDENTIFY in the context of this interrogatory would require

9 Bryant to provide a multitude of discrete responses for each BRATZ

10 INVENTION, including:

11     (a) the bates number of any document that "REFERS OR RELATES TO the
12         BRATZ INVENTION";

13     (b) the IDENTITY of the individual author or creator of the BRATZ
        INVENTION;

14     (c) the IDENTITY of each other individual who contributed in any manner
15         to the BRATZ INVENTION;

16     (d) the form, material and medium of the BRATZ INVENTION;

17     (e) the title or name of the BRATZ INVENTION;

    (f) the version, modification, revision or iteration number of the BRATZ
18         INVENTION;

19     (g) the current location of the original of the BRATZ INVENTION;

20     (h) the first day on which the BRATZ INVENTION was created;

21     (i) the last day on which the BRATZ INVENTION was CREATED;

22     (j) whether the entire invention was CREATED during the period of time
        listed in the Interrogatory (and if not, which portions were created during,
23         earlier, or later than the period of time listed in the Interrogatory).

24 This interrogatory is further compounded by Mattel's definition of IDENTITY,

25 which purports to require Bryant to provide the following information for each of

26 the individuals Mattel is requesting that Bryant identify with respect to each

27 BRATZ INVENTION: (a) the individual's name; (b) any known business title; (c)

28 the current or last known business affiliation; (d) current or last known residential

10

**EXHIBIT 5 PAGE 61**

1 | address; (d) current or last known business address; (e) current or last known
2 | relationship to MGA; and (f) current or last known telephone number.

3 |      Bryant also objects to this interrogatory on the grounds that it is overbroad,
4 | unduly burdensome, vague and ambiguous both generally and specifically with
5 | respect to the terms BRATZ INVENTION, BRATZ, CREATED, DESIGN and
6 | REFER OR RELATES TO.  In particular, the term BRATZ INVENTION, which
7 | incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so
8 | broad and over-inclusive that, interpreted as instructed by Mattel, it includes each
9 | and every thought, idea, and conversation, however insubstantial or fleeting, that
10 | Bryant or anyone else may have had about BRATZ during the time period at issue.

11 |      Bryant further objects to the extent that this interrogatory seeks information
12 | that is outside of Bryant's personal knowledge and is not in Bryant's possession,
13 | custody, or control.  In particular, Bryant objects to this interrogatory to the extent
14 | that it that it requests that Bryant "state *all* facts … and IDENTIFY *all*
15 | PERSONS…and *all* DOCUMENTS" (emphasis added).  Bryant also objects to
16 | this interrogatory to the extent that it calls for a legal conclusion

17 |      Bryant objects to this interrogatory because Mattel has propounded more
18 | than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
19 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
20 | SGL and CV 05-02727]."

21 |      Subject to, and without waiver of, the foregoing objections, Bryant responds
22 | as follows:  Bryant is willing to meet and confer with Mattel regarding this
23 | interrogatory.

24 | **INTERROGATORY NO. 30:**

25 |      State all facts that support YOUR contention, if YOU so contend, that,
26 | assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL
27 | pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over
28 | and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

11

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO<br>MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES<br>CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 62**

1  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

2  that REFER OR RELATE TO such facts.

3  **RESPONSE TO INTERROGATORY NO. 30:**

4          Bryant incorporates by reference his general objections.  Bryant objects to

5  this interrogatory on the ground that it is overbroad, unduly burdensome, and

6  vague and ambiguous both generally and specifically with respect to the terms

7  YOUR, YOU, BRYANT, MATTEL, MGA, IDENTIFY, INVENTION

8  AGREEMENT, BRATZ INVENTION and REFER OR RELATE TO.  In addition,

9  Bryant objects to this interrogatory to the extent it calls for the disclosure of

10 attorney-client privileged information, information protected from disclosure by

11 the work-product doctrine, the joint defense privilege, the common interest

12 privilege, or any other applicable privilege.  Bryant also objects to this

13 interrogatory to the extent it calls for a legal conclusion.  Bryant further objects to

14 the extent that this interrogatory seeks information that is outside Bryant's personal

15 knowledge and is not in Bryant's possession, custody, or control.   In particular,

16 Bryant objects to this interrogatory to the extent that it that it requests that Bryant

17 "state *all* facts … and IDENTIFY *all* PERSONS…and *all* DOCUMENTS"

18 (emphasis added).

19         Bryant further objects to this interrogatory as it asks Bryant to assumes facts

20 contrary to evidence, and further asks him to base any response on an incomplete

21 and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v. Sullivan*, 125

22 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

23 interrogatories directed at hypothetical scenarios).  Any response to this

24 interrogatory depends on, among other factual and legal factors, specifically which

25 BRATZ INVENTION it is hypothetically assumed that Bryant assigned rights in to

26 MGA and which rights he assigned, which information is not provided in the

27 incomplete hypothetical scenario posited in this interrogatory.

28         Bryant objects to this interrogatory because Mattel has propounded more

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 63**

1  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

2  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

3  SGL and CV 05-02727]."

4  **INTERROGATORY NO. 31:**

5      State all facts that support YOUR contention, if YOU so contend, that the

6  INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

7  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

8  RELATE TO such facts.

9  **RESPONSE TO INTERROGATORY NO. 31:**

10     Bryant incorporates by reference his general objections.  Bryant objects that

11  this interrogatory is overbroad and unduly burdensome contention interrogatory to

12  the extent it asks for "every fact" which supports the denial of a statement or

13  allegation.  *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal.

14  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

15  that support the denial of a statement or allegation of fact" because the "universe of

16  potentially responsive information is almost endless").

17     Bryant also objects to this interrogatory on the ground that it is overbroad,

18  unduly burdensome, vague and ambiguous both generally and specifically with

19  respect to the terms YOU, YOUR, INVENTIONS AGREEMENT, IDENTIFY and

20  REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to the

21  extent it calls for the disclosure of attorney-client privileged information,

22  information protected from disclosure by the work-product doctrine, the joint

23  defense privilege, and / or the common interest privilege.  Bryant also objects to

24  this interrogatory to the extent it calls for a legal conclusion.  Bryant further objects

25  to the extent that this interrogatory seeks information that is outside Bryant's

26  personal knowledge and is not in Bryant's possession, custody, or control.  In

27  particular, Bryant objects to this interrogatory to the extent that it that it requests

28  that Bryant "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

**EXHIBIT 5 PAGE 64**

1    DOCUMENTS" (emphasis added).

2        Bryant objects to this interrogatory because Mattel has propounded more

3    than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

4    "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

5    SGL and CV 05-02727]."

6        Subject to, and without waiver of, the foregoing objections, Bryant responds

7    as follows:  While preserving all of his rights with respect to the Court's July 18,

8    2006 Order dismissing Bryant's counterclaims pertaining to the validity and

9    enforceability of the Employee Confidential Information and Inventions

10    Agreement produced in this action by Mattel as M0001596 ("the Employee

11    Agreement"), including any and all rights on appeal, Bryant recognizes that the

12    Court's order precludes him from contending at trial that the Employee

13    Agreement, in and of itself, is invalid or unenforceable.  However, Bryant does

14    contend that Mattel is precluded from enforcing the Employee Agreement against

15    Bryant in this litigation on the bases of unclean hands, waiver, estoppel, laches,

16    and consent by Mattel, as set forth in Bryant's Second Amended Reply to Mattel's

17    Counterclaims filed on October 16, 2007, and also is precluded from seeking an

18    improper interpretation of the Employee Agreement.

19    **INTERROGATORY NO. 32:**

20        State all facts that support YOUR contention, if YOU so contend, that

21    MATTEL is not or would not be entitled to injunctive relief as requested in its

22    COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

23    MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all

24    PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

25    RELATE TO such facts.

26    **RESPONSE TO INTERROGATORY NO. 32:**

27        Bryant incorporates by reference his general objections.  Bryant objects that

28    this interrogatory is overbroad and unduly burdensome contention interrogatory to

14

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO<br>
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES<br>
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 65

1    the extent it asks for "every fact" which supports the denial of a statement or

2    allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal.

3    1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

4    that support the denial of a statement or allegation of fact" because the "universe of

5    potentially responsive information is almost endless").

6          Bryant also objects to this interrogatory on the ground that it is overbroad,

7    unduly burdensome, vague and ambiguous both generally and specifically with

8    respect to the terms YOUR, YOU, MATTEL, IDENTIFY, BRATZ INVENTION

9    and REFER OR RELATE TO. In addition, Bryant objects to this interrogatory to

10   the extent it calls for the disclosure of attorney-client privileged information,

11   information protected from disclosure by the work-product doctrine, the joint

12   defense privilege, and / or the common interest privilege. Bryant further objects to

13   the extent that this interrogatory seeks information that is outside Bryant's personal

14   knowledge and is not in Bryant's possession, custody, or control. In particular,

15   Bryant objects to this interrogatory to the extent that it that it requests that Bryant

16   "state *all* facts ... and IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

17   (emphasis added).

18         Bryant further objects to this interrogatory as it asks Bryant to assumes facts

19   contrary to evidence, and further asks him to base any response on an incomplete

20   and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125

21   F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

22   interrogatories directed at hypothetical scenarios). Whether or not Mattel is or

23   would or would not be "entitled to injunctive relief" depends on, among other

24   factual and legal factors, which specific "BRATZ INVENTION" Mattel is

25   hypothetically found to own, and whether and / or to what extent it is determined

26   that any Bratz products that have been produced and sold are derivative works of

27   any such BRATZ INVENTIONS, which information is not provided in the

28   incomplete hypothetical scenario posited in this interrogatory. Bryant also objects

15

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 66**

1   to this interrogatory on grounds that Mattel – not Bryant – bears the burden of

2   proof to show that it is entitled to injunctive relief, if it is ultimately determined

3   that Mattel owns one or more BRATZ INVENTIONS.

4       Bryant objects to this interrogatory because Mattel has propounded more

5   than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

6   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

7   SGL and CV 05-02727]."

8   **INTERROGATORY NO. 33:**

9       State all facts that support YOUR contention, if YOU so contend, that

10  MATTEL is not entitled to an award of punitive or exemplary damages against

11  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

12  DOCUMENTS that REFER OR RELATE TO such facts.

13  **RESPONSE TO INTERROGATORY NO. 33:**

14      Bryant incorporates by reference his general objections. Bryant objects that

15  this interrogatory is overbroad and unduly burdensome contention interrogatory to

16  the extent it asks for "every fact" which supports the denial of a statement or

17  allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

18  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

19  that support the denial of a statement or allegation of fact" because the "universe of

20  potentially responsive information is almost endless").

21      Bryant also objects to this interrogatory on the grounds that it is overbroad,

22  unduly burdensome, vague and ambiguous and compound both generally and

23  specifically with respect to the terms YOUR, YOU, MATTEL, IDENTIFY, and

24  REFER OR RELATE TO. In particular, in light of Mattel's definition of the term

25  YOU, this interrogatory is impermissibly compound in that it asks for all facts

26  supporting why Mattel is not entitled to an award of punitive or exemplary

27  damages against each of the numerous responding parties in this litigation.

28  Furthermore, even as to Bryant individually, this interrogatory is compound

16

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 67**

1  because it contains discrete subparts that require separate, distinct and multiple
2  responses.

3      In addition, Bryant objects to this interrogatory to the extent it calls for the
4  disclosure of attorney-client privileged information, information protected from
5  disclosure by the work-product doctrine, the joint defense privilege, and / or the
6  common interest privilege.  Bryant also objects to this interrogatory to the extent it
7  calls for a legal conclusion.  Bryant further objects to the extent that this
8  interrogatory seeks information that is outside Bryant's personal knowledge and is
9  not in Bryant's possession, custody, or control.  In particular, Bryant objects to this
10  interrogatory to the extent that it that it requests that Bryant "state *all* facts … and
11  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).  Bryant
12  further objects to this interrogatory on grounds that Mattel – not Bryant – bears the
13  burden of proof to show that it is entitled to an award of punitive or exemplary
14  damages.

15      Bryant objects to this interrogatory because Mattel has propounded more
16  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
17  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
18  SGL and CV 05-02727]."

19      Subject to, and without waiver of, the foregoing objections, Bryant responds
20  as follows:  Mattel is not entitled to an award of punitive or exemplary damages
21  against Bryant because Mattel has not presented any evidence to support the
22  requirements for such a claim against Bryant.

23  **INTERROGATORY NO. 34:**

24      State all facts that support YOUR contention, if YOU so contend, that YOU
25  did not intentionally interfere with the INVENTIONS AGREEMENT when
26  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
27  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
28  DOCUMENTS that REFER OR RELATE TO such facts.

17

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 68

## RESPONSE TO INTERROGATORY NO. 34:

Bryant incorporates by reference his general objections. Bryant objects that this interrogatory is overbroad and unduly burdensome contention interrogatory to the extent it asks for "every fact" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless").

Bryant also objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague and ambiguous, and compound both generally and specifically with respect to the terms YOUR, YOU, BRYANT, MGA, TRANSFER, ACQUIRE, INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO. In particular, in light of Mattel's definition of the term "YOU", this interrogatory is impermissibly compound in that it asks for all facts supporting why each of the numerous responding parties in this litigation did not "intentionally interfere with the INVENTIONS AGREEMENT."

In addition, Bryant objects to this interrogatory to the extent it calls for the disclosure of attorney-client privileged information, information protected from disclosure by the work-product doctrine, the joint defense privilege, and / or the common interest privilege. Bryant also objects to this interrogatory to the extent it calls for a legal conclusion. Bryant further objects to the extent that this interrogatory seeks information that is outside of Bryant's personal knowledge and is not in Bryant's possession, custody, or control. In particular, Bryant objects to this interrogatory to the extent that it that it requests that Bryant "state *all* facts … and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

Bryant further objects to this interrogatory on grounds that it appears to be directed at other parties to the litigation, and not to Bryant, given that there is currently no claim or contention by Mattel that Bryant intentionally interfered with

18

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 69

1  the INVENTIONS AGREEMENT. Consequently, this interrogatory is

2  inapplicable, nonsensical, harassing, and seeks information that is neither relevant

3  nor reasonably calculated to lead to the discovery of admissible evidence vis-à-vis

4  Bryant.

5      Bryant objects to this interrogatory because Mattel has propounded more

6  than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

7  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

8  SGL and CV 05-02727]."

9  **INTERROGATORY NO. 35:**

10     State all facts that support YOUR contention, if YOU so contend, that YOU

11  did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

12  BRYANT to MATTEL when BRYANT performed work or services with or for

13  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

14  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE

15  TO such facts.

16  **RESPONSE TO INTERROGATORY NO. 35:**

17     Bryant incorporates by reference his general objections. Bryant objects that

18  this interrogatory is overbroad and unduly burdensome contention interrogatory to

19  the extent it asks for "every fact" which supports the denial of a statement or

20  allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

21  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

22  that support the denial of a statement or allegation of fact" because the "universe of

23  potentially responsive information is almost endless").

24     Bryant also objects to this interrogatory on the ground that it is overbroad,

25  unduly burdensome, vague and ambiguous, and compound both generally and

26  specifically with respect to the terms YOU, BRYANT, MGA, MATTEL,

27  IDENTIFY, and REFER OR RELATE TO. In particular, in light of Mattel's

28  definition of the term "YOU", this interrogatory is impermissibly compound in that

19

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 70**

1   it asks for all facts supporting why each of the numerous responding parties in this

2   litigation "did not aid or abet any breach of fiduciary duty or duty of loyalty owed

3   by BRYANT to MATTEL."

4      In addition, Bryant objects to this interrogatory to the extent it calls for the

5   disclosure of attorney-client privileged information, information protected from

6   disclosure by the work-product doctrine, the joint defense privilege, and / or the

7   common interest privilege.  Bryant also objects to this interrogatory to the extent it

8   calls for a legal conclusion.  Bryant further objects to the extent that this

9   interrogatory seeks information that outside of Bryant's personal knowledge and

10   that is not in Bryant's possession, custody, or control.   In particular, Bryant

11   objects to this interrogatory to the extent that it that it requests that Bryant "state *all*

12   facts ... and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis

13   added).

14      Bryant further objects to this interrogatory on grounds that it appears to be

15   directed at other parties to the litigation, and not to Bryant, given that there is

16   currently no claim or contention by Mattel that Bryant aided or abetted any breach

17   of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL.

18   Consequently, this interrogatory is inapplicable, nonsensical, harassing, and seeks

19   information that is neither relevant nor reasonably calculated to lead to the

20   discovery of admissible evidence vis-à-vis Bryant.

21      Bryant objects to this interrogatory because Mattel has propounded more

22   than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

23   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

24   SGL and CV 05-02727]."

25   **INTERROGATORY NO. 36:**

26      State all facts that support YOUR contention, if YOU so contend, that YOU

27   acted with an innocent state of mind or reasonably believed that MATTEL did not

28   own any rights in any BRATZ INVENTION when BRYANT purported to

**EXHIBIT 5 PAGE 71**

1   TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

2   all PERSONS with knowledge of such facts and all DOCUMENTS that REFER

3   OR RELATE TO such facts.

4   **RESPONSE TO INTERROGATORY NO. 36:**

5           Bryant incorporates by reference his general objections.  Bryant objects that

6   this interrogatory is overbroad and unduly burdensome contention interrogatory to

7   the extent it asks for "every fact" which supports the denial of a statement or

8   allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

9   1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

10  that support the denial of a statement or allegation of fact" because the "universe of

11  potentially responsive information is almost endless").

12          Bryant also objects to this interrogatory on the ground that it is overbroad,

13  unduly burdensome, vague and ambiguous, and compound both generally and

14  specifically with respect to the terms YOUR, YOU, BRYANT, MGA, MATTEL,

15  ACQUIRE, TRANSFER, BRATZ INVENTION, IDENTIFY, and REFER OR

16  RELATE TO.  In particular, this interrogatory is impermissibly compound in that

17  it asks for all facts supporting why each of the numerous responding parties in this

18  litigation "acted with an innocent state of mind or reasonably believed that

19  MATTEL did not own any rights in any BRATZ INVENTION."

20          In addition, Bryant objects to this interrogatory to the extent it calls for the

21  disclosure of attorney-client privileged information, information protected from

22  disclosure by the work-product doctrine, the joint defense privilege, and / or the

23  common interest privilege.  Bryant also objects to this interrogatory to the extent it

24  calls for a legal conclusion.  Bryant further objects to the extent that this

25  interrogatory seeks information that is outside of Bryant's personal knowledge and

26  is not in Bryant's possession, custody, or control.  In particular, Bryant objects to

27  this interrogatory to the extent that it that it requests that Bryant "state *all* facts ...

28  and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

21

**EXHIBIT 5 PAGE 72**

1    Bryant objects to this interrogatory because Mattel has propounded more

2  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

3  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

4  SGL and CV 05-02727]."

5    Subject to, and without waiver of, the foregoing objections, Bryant responds

6  as follows:  While Bryant believed that his actions were lawful and appropriate,

7  Bryant has not asserted his state of mind or his personal beliefs as a claim or

8  affirmative defense in this litigation.  Consequently, Bryant does not presently

9  make any contention with respect to the topic of this interrogatory.  Bryant

10  reserves the right to modify this answer in response to arguments or contentions

11  that may be asserted by Mattel.

12  **INTERROGATORY NO. 37:**

13    State all facts that support YOUR contention, if YOU so contend, that

14  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

15  purported to TRANSFER right to BRATZ to MGA, and IDENTIFY all PERSONS

16  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE

17  TO such facts.

18  **RESPONSE TO INTERROGATORY NO. 37:**

19    Bryant incorporates by reference his general objections.  Bryant objects that

20  this interrogatory is overbroad and unduly burdensome contention interrogatory to

21  the extent it asks for "every fact" which supports the denial of a statement or

22  allegation.  *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.

23  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses

24  that support the denial of a statement or allegation of fact" because the "universe of

25  potentially responsive information is almost endless").  Furthermore, this

26  interrogatory effectively asks Bryant to plead and prove his entire case in response

27  to a single written interrogatory.  Such "blunderbuss" interrogatories are unduly

28  burdensome and constitute an abuse of the discovery process.  *See, e.g., Lawrence*

**EXHIBIT 5 PAGE 73**

1 | *v. First Kansas Bank & Trust, Co..* 169 F.R.D. 657, 663-64 (D. Kan. 1996);

2 | *Grynberg v. Total S.A.,* No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D.

3 | Colo. May 3, 2006) (ruling that interrogatory that asks defendant to "plead and

4 | prove its entire case, and to marshal all evidence, in response to one written

5 | interrogatory" is overbroad and "constitutes an abuse of the discovery process").

6 |      Bryant also objects to this interrogatory on the ground that it is overbroad,

7 | unduly burdensome, vague and ambiguous both generally and specifically with

8 | respect to the terms YOUR, YOU, BRYANT, MGA, BRATZ, TRANSFER,

9 | INVENTIONS AGREEMENT, and REFER OR RELATE TO.  In addition, Bryant

10 | objects to this interrogatory to the extent it calls for the disclosure of attorney-

11 | client privileged information, information protected from disclosure by the work-

12 | product doctrine, the joint defense privilege, and / or the common interest

13 | privilege.  Bryant also objects to this interrogatory to the extent it calls for a legal

14 | conclusion.  Bryant further objects to the extent that this interrogatory seeks

15 | information that is outside of Bryan's personal knowledge and is not in Bryant's

16 | possession, custody, or control.   In particular, Bryant objects to this interrogatory

17 | to the extent that it that it requests that Bryant "state *all* facts … and IDENTIFY *all*

18 | PERSONS…and *all* DOCUMENTS" (emphasis added).  Finally, Bryant objects to

19 | this interrogatory as Mattel – not Bryant – bears the burden of proof to show that

20 | Bryant breached the INVENTIONS AGREEMENT.  Bryant only undertakes to

21 | make a good faith, reasonable effort to summarize facts currently known to him in

22 | responding to this interrogatory.

23 |      Bryant objects to this interrogatory because Mattel has propounded more

24 | than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

25 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

26 | SGL and CV 05-02727]."

27 |      Subject to, and without waiver of, the foregoing objections, Bryant responds

28 | as follows:  Bryant did not breach the Employee Confidential Information and

EXHIBIT 5 PAGE 74

1  Inventions Agreement produced in this action by Mattel as M0001596 ("Employee
2  Agreement") when he transferred rights to his Bratz ideas to MGA because Bryant
3  conceived of Bratz in August 1998, when he was not an employee of Mattel, and
4  Bryant's Bratz ideas were not reduced to practice until after Bryant's employment
5  with Mattel terminated in October 2000.  Consequently, the Employee Agreement
6  does not apply to Bryant's Bratz ideas.   Persons with knowledge of these facts and
7  documents that refer or relate to these facts include the witnesses and documents
8  identified in Bryant's' and MGA's Rule 26 disclosures.  Bryant further directs
9  Mattel to the transcript of his extensive deposition testimony in this litigation for
10  additional factual details.

11  **INTERROGATORY NO. 38:**

12       State all facts that support YOUR contention, if YOU so contend, that
13  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to
14  MATTEL when BRYANT performed work or services with or for MGA while
15  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with
16  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
17  such facts.

18  **RESPONSE TO INTERROGATORY NO. 38:**

19       Bryant incorporates by reference his general objections.  Bryant objects that
20  this interrogatory is overbroad and unduly burdensome contention interrogatory to
21  the extent it asks for "every fact" which supports the denial of a statement or
22  allegation. *See e.g., Safeco of Am. V. Rawstron*, 181 F.R.D. 441, 448 (C.D. Cal.
23  1998) (rejecting discovery requests seeking "all facts, documents, and witnesses
24  that support the denial of a statement or allegation of fact" because the "universe of
25  potentially responsive information is almost endless").  Furthermore, this
26  interrogatory effectively asks Bryant to plead and prove his entire case in response
27  to a single written interrogatory.   Such "blunderbuss" interrogatories are unduly
28  burdensome and constitute an abuse of the discovery process. *See, e.g., Lawrence*

24
CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 75**

1 | *v. First Kansas Bank & Trust, Co..* 169 F.R.D. 657, 663-64 (D. Kan. 1996);

2 | *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, *6, (D.

3 | Colo. May 3, 2006) (ruling that interrogatory that asks defendant to "plead and

4 | prove its entire case, and to marshal all evidence, in response to one written

5 | interrogatory" is overbroad and "constitutes an abuse of the discovery process").

6 |     Bryant also objects to this interrogatory on the ground that it is overbroad,

7 | unduly burdensome, vague and ambiguous both generally and specifically with

8 | respect to the terms YOUR, YOU, BRYANT, MATTEL, MGA, IDENTIFY and

9 | REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to the

10 | extent it calls for the disclosure of attorney-client privileged information,

11 | information protected from disclosure by the work-product doctrine, the joint

12 | defense privilege, and / or the common interest privilege.  Bryant also objects to

13 | this interrogatory to the extent it calls for a legal conclusion.  Bryant further objects

14 | to the extent that this interrogatory seeks information that is outside of Bryant's

15 | personal knowledge and is not in Bryant's possession, custody, or control.   In

16 | particular, Bryant objects to this interrogatory to the extent that it that it requests

17 | that Bryant "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

18 | DOCUMENTS" (emphasis added).  Bryant also objects to this interrogatory to the

19 | extent it assumes that Bryant owed any fiduciary other duty to Mattel.  Mattel – not

20 | Bryant – bears the burden of proof to show that Bryant owed a duty of loyalty or a

21 | fiduciary duty to Mattel, and that he breached those duties.  Bryant only undertakes

22 | to make a good faith, reasonable effort to summarize facts currently known to him

23 | in responding to this interrogatory.

24 |     Bryant objects to this interrogatory because Mattel has propounded more

25 | than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

26 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

27 | SGL and CV 05-02727]."

28 |     Subject to, and without waiver of, the foregoing objections, Bryant responds

25

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 76

1   as follows.  Bryant could not, and did not, breach any fiduciary duty owed to

2   Mattel because Bryant was never a fiduciary of Mattel.  Specifically, Bryant was

3   never an officer or director of Mattel, and he did not have any significant

4   managerial authority while employed at Mattel such as would make him a

5   fiduciary.  Additionally, Bryant did not breach any duty, either fiduciary or of

6   loyalty, that he may have owed to Mattel because he never performed any work or

7   services for MGA while employed at Mattel of a nature or kind that would

8   constitute a violation of such duties.  Bryant conceived of Bratz in August 1998,

9   when he was not an employee of Mattel, and Bryant's Bratz ideas were reduced to

10   practice after Bryant left his employment with Mattel in October 2000.  Bryant's

11   employment with Mattel was at will, and Bryant had the right to leave Mattel to

12   join a competitor, or to work on his own, at any time.  Any work that Bryant

13   performed relating to his Bratz ideas during the time period that he was still

14   employed by Mattel constituted lawful steps by Bryant to prepare to embark upon

15   a new career.  Furthermore, there is no evidence that the limited work that Bryant

16   performed on his Bratz ideas while he was still an employee of Mattel in any way

17   detracted from his fulfilling his employment obligations to Mattel.  There is also

18   no evidence that Bryant utilized any Mattel proprietary or trade secret information

19   in connection with developing his Bratz ideas or that he provided any such

20   information to MGA.  Persons with knowledge of these facts and documents that

21   refer or relate to these facts include the witnesses and documents identified in

22   Bryant's' and MGA's Rule 26 disclosures.  Bryant further directs Mattel to the

23   transcript of his extensive deposition testimony in this litigation for additional

24   factual details.

25   **INTERROGATORY NO. 39:**

26        IDENTIFY each and every bank or financial institution account that

27   REFERS OR RELATES TO YOU, including accounts in YOUR name or for

28   YOUR benefit, since January 1, 1999.

26

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 77**

**RESPONSE TO INTERROGATORY NO. 39:**

Bryant incorporates by reference his general objections. Bryant objects to this interrogatory as premature asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no judgment for the payment of money pending against Bryant. Bryant further objects to this interrogatory as overbroad, unduly burdensome, and as seeking information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Bryant also objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague and ambiguous, and compound both generally and specifically with respect to the terms YOU, YOUR, IDENTIFY, and REFER OR RELATE TO. Bryant further objects to the extent that this interrogatory seeks information that is outside of Bryant's personal knowledge and is not in Bryant's possession, custody, or control. Bryant also objects to this interrogatory to the extent it seeks information in violation of his privacy rights.

Bryant objects to this interrogatory because Mattel has propounded more than 50 interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

**INTERROGATORY NO. 40:**

IDENTIFY each and every STORAGE DEVICE that YOU have used for any purpose which contains or contained DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

**RESPONSE TO INTERROGATORY NO. 40:**

Bryant incorporates by reference his general objections. Bryant further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, the definition for the terms IDENTIFY and STORAGE DEVICE requires Bryant to provide separate, distinct, and multiple responses. For example, Mattel's definition of the

27

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 5 PAGE 78

term IDENTIFY in the context of this interrogatory would require Bryant to provide numerous discrete facts for each STORAGE DEVICE, including:

   (a) the individual(s) that use or have used the storage device;

   (b) the current location of the Storage DEVICE;

   (c) the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

   (d) the type of STORAGE DEVICE;

   (e) whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image (and the IDENTITY of the PERSONS  who possess such copies or image);

   (f) the date(s) on which such copies or images were made;

   (g) the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

   (h) the technical specifications and capacities of such STORAGE DEVICE.

This interrogatory is further compounded by Mattel's definition of IDENTITY, which would require Bryant to provide the following information for each of the individuals requested to be identified in (c), above:  (1) the individual's name; (2) any known business title; (3) the current or last known business affiliation; (4) current or last known residential address; (5) current or last known business address; (6) current or last known relationship to MGA; and (7) current or last known telephone number.  Additionally, in light of Mattel's definition of the term YOU, the interrogatory asks for all of the foregoing information about STORAGE DEVICES belonging to each of the numerous separate responding parties in this litigation.

        Bryant also objects to this interrogatory on the ground that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, BRATZ, ANGEL, DIGITAL INFORMATION, and REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to the extent it calls for the disclosure of attorney-client privileged information,

28

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 79**

1  information protected from disclosure by the work-product doctrine, the joint

2  defense privilege, and / or the common interest privilege.  Bryant further objects to

3  the extent that this interrogatory seeks information that is outside Bryant's personal

4  knowledge and is not in Bryant's possession, custody, or control.

5        Bryant objects to this interrogatory because Mattel has propounded more

6  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

7  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

8  SGL and CV 05-02727]."

9        Subject to, and without waiver of, the foregoing objections, Bryant responds

10  as follows:  Bryant used an HP desktop computer prior to January 1, 2002.  In

11  addition, Mr. Bryant incorporates by reference his deposition testimony in this

12  litigation, which includes extensive questioning regarding his computer usage.

13  **INTERROGATORY NO. 41:**

14        IDENTIFY all PERSONS who at any time have been employed by or under

15  contract with MATTEL who are now or have been employed by or under contract

16  with YOU since January 1, 1999, and, for each such PERSON, state his or her

17  name, date of hire or effective date of contract, the date on which YOU first had

18  contact with such PERSON regarding potential employment or contracting, the

19  date(s) on which such PERSON was interviewed for possible employment or

20  contracting, each title (if any) such PERSON has held while employed by or under

21  contract with YOU, and the date of termination (if applicable).

22  **RESPONSE TO INTERROGATORY NO. 41:**

23        Bryant incorporates by reference his general objections.  Bryant further

24  objects to this interrogatory as compound because it contains discrete subparts that

25  require separate, distinct and multiple responses.  Furthermore, Bryant objects to

26  this interrogatory as overbroad and unduly burdensome, and seeking information

27  that is neither relevant to the subject matter of this litigation nor reasonably

28  calculated to lead to the discovery of admissible evidence.  Bryant also objects to

29
CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 80**

1 | this interrogatory on the ground that it is overbroad, unduly burdensome, vague
2 | and ambiguous both generally and specifically with respect to the terms YOU,
3 | "employed by" and "under contract with".  Bryant further objects to this
4 | interrogatory to the extent that it asks for information outside of Bryant's personal
5 | knowledge and not in Bryant's possession, custody or control.

6 |      Bryant objects to this interrogatory because Mattel has propounded more
7 | than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
8 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
9 | SGL and CV 05-02727]."

10 |      Subject to, and without waiver of, the foregoing objections, Bryant responds
11 | as follows:  Since in or about 2000, Richard Irmen has been Bryant's business
12 | partner in Carter Bryant Enterprises.  Additionally, Bryant has an oral arrangement
13 | with Veronica Marlow pursuant to which he has paid Ms. Marlow a portion of the
14 | royalties he has received from MGA.

16 | Dated:  November 15, 2007            KEKER & VAN NEST, LLP

18 |                          By: _____
19 |                            Christa M. Anderson
20 |                            Attorneys for Plaintiff
                              CARTER BRYANT

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 5 PAGE 82**

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On November 15, 2007, I served the following document(s):

**CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S REVISED THIRD SET OF INTERROGATORIES**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| John B. Quinn | Thomas J. Nolan |
| Michael T. Zeller | Skadden Arps Slate Meagher & Flom |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | 300 South Grand Avenue, Suite 3400 |
| 865 South Figueroa Street, 10th Floor | Los Angeles, CA 90071-3144 |
| Los Angeles, CA 90017-2543 | Tel: 213/687-5000 |
| Tel: 213/443-3000 | Fax: 213/687-5600 |
| Fax: 213/443-3100 | Email: tnolan@skadden.com |
| Email: johnquinn@quinnemanuel.com | |
| Email: michaelzeller@quinnemanuel.com | |

Executed on November 15, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Julie A. Selby_
Julie A. Selby

# EXHIBIT 6

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
6  Facsimile:  (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                       EASTERN DIVISION

13  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
14                          Plaintiff,    2727

15      v.
                                          CARTER BRYANT'S
16  MATTEL, INC. a Delaware               OBJECTIONS AND RESPONSES
    Corporation,                          TO MATTEL, INC'S AMENDED
17                                         FOURTH SET OF
                            Defendant.    INTERROGATORIES
18

19  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA
20  ENTERTAINMENT, INC: v.
    MATTEL, INC.
21

22

23      PROPOUNDING PARTY:      MATTEL, INC.

24      RESPONDING PARTY:       CARTER BRYANT

25      SET NO.:                FOUR (AMENDED)

26

27

28
                              11-15

                CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
         MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
                   CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 6 PAGE 83**

1    Pursuant to Federal Rules of Civil Procedure 33, Carter Bryant responds and

2    answers Mattel Inc.'s Amended Fourth Set of Interrogatories as follows:

3

4                    **<u>Preliminary Statement and General Objections</u>**

5          1.    Bryant's responses are made to the best of Bryant's present

6    knowledge, information and belief.  Discovery in this litigation is ongoing.

7    Consequently, Bryant's responses are at all times subject to such additional or

8    different information that discovery or further investigation may disclose and,

9    while based on the present state of Bryant's recollection, is subject to such

10   refreshing of recollection, and such additional knowledge of facts, as may result

11   from further discovery or investigation.  Bryant reserves the right to amend or

12   supplement his objections and responses.

13         2.    Bryant reserves the right to make any use of, or to introduce at any

14   hearing or trial, information that is responsive to Mattel's interrogatories, but

15   discovered subsequent to Bryant's responses herein.

16         3.    Bryant's responses are made based on his understanding and

17   interpretation of each interrogatory.  Bryant reserves the right to supplement its

18   objections and responses should Mattel's subsequently put forth an interpretation

19   of any interrogatory that differs from those of Bryant.

20         4.    Bryant reserves the right to object on any ground at any time to such

21   other or supplemental discovery requests as Mattel may propound involving or

22   relating to the same subject matter of these interrogatories.

23         5.    The responses below shall not be construed as an admission as to the

24   relevance or admissibility of any statement or characterization contained in any

25   interrogatory.  Bryant reserves all objections, including without limitation

26   objections as to competency, relevance, materiality, privilege, authenticity, or

27   admissibility.

28         6.    Bryant objects to the definitions, instructions, and interrogatories to

---

1

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

**EXHIBIT 6 PAGE 84**

1   the extent they impose on Bryant obligations beyond those imposed by the Federal

2   Rules of Civil Procedure, the local rules of this Court, any orders entered by the

3   Court in this Action, or other applicable law.

4        7.    Bryant objects to the definitions, instructions, and interrogatories to

5   the extent they seek information that was prepared in anticipation of litigation,

6   constitutes attorney work product, discloses mental impressions, conclusions,

7   opinions or legal theories of any attorney for or other representative of Bryant,

8   contains privileged attorney-client communications, or is otherwise protected from

9   disclosure by any other privileges, laws, or rules.  Bryant shall not produce such

10   information in response to Mattel's interrogatories.  Any disclosure of such

11   protected or privileged information is inadvertent and shall not be construed as a

12   waiver of those privileges or protections.  Bryant reserves the right to correct the

13   record with regard to any such inadvertent disclosure, as provided for in the

14   Protective Order governing this case.

15        8.    Bryant objects to each interrogatory to the extent that it seeks

16   information protected from discovery by the right to privacy or any other

17   applicable privilege.

18        9.    Bryant objects to each interrogatory to the extent that it seeks the

19   disclosure of confidential, proprietary, or trade-secret information.

20       10.    Bryant objects to all instructions, definitions and interrogatories to the

21   extent that they seek documents or information (1) not currently in Bryant's

22   possession, custody, or control; (2) that Bryant cannot locate after a reasonably

23   diligent search; or (3) that refer to persons, entities, or events not known to Bryant.

24   Such instructions, definitions, or requests are objectionable where they seek to

25   require more of Bryant than any obligation imposed by the Federal Rule of Civil

26   Procedure; subject Bryant to unreasonable and undue annoyance, oppression,

27   burden, and expense; and/or seek to impose upon Bryant an obligation to

28   investigate or discover information or materials from sources equally accessible to

2

406258.01

EXHIBIT 6 PAGE 85

1    Mattel.

2        11.    Consistent with Rule 33(d) of the Federal Rules of Civil Procedure,

3    Bryant objects to providing responses to interrogatories that can be derived from

4    documents that have or will be produced (when requested in compliance with Rule

5    26) and where the burden to derive such information is substantially the same for

6    Mattel as it is for Bryant.

7        12.    Bryant objects to the interrogatories to the extent that they seek to

8    restrict the facts on which Bryant may rely on at trial.  Discovery has yet to be

9    completed in this case.  By responding and objecting to these interrogatories,

10    Bryant does not intend to, and does not, limit the evidence he may rely to support

11    his contentions and defenses at trial, or to rebut or impeach contentions, assertions,

12    and evidence presented by Mattel.  Furthermore, Bryant reserves the right to

13    supplement or amend his responses.

14        13.    To the extent that the interrogatories seek information that will be the

15    subject of expert witness testimony, Bryant objects.  Such interrogatories are

16    premature.

17        14.    Bryant objects to each interrogatory to the extent that it call for a legal

18    conclusion.

19        15.    Bryant further objects to several of these interrogatories that appear to

20    be directed at other parties to the litigation and not to Bryant given the nature of

21    the claims asserted against Bryant in this case.

22        16.    Bryant objects to the definitions and instructions to the extent such

23    definitions and instructions purport to enlarge, expand, or alter in any way the plain

24    meaning and scope of any specific term or specific interrogatories on the ground

25    that such enlargement, expansion, or alteration renders such a term or request

26    vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or

27    uncertain.

28        17.    Bryant objects to the terms YOU, YOUR, BRYANT, LARIAN,

3

406258.01

EXHIBIT 6 PAGE 86

1 | MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

2 | BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ

3 | MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE

4 | TO as overbroad, unduly burdensome, vague, and ambiguous. Bryant also objects

5 | to these terms to the extent that the definitions call for legal conclusions.

6 |     18.     Bryant further objects to the terms IDENTIFY or IDENTITY as

7 | overbroad, unduly burdensome, vague and ambiguous, and oppressive. Mattel's

8 | definition of these terms inherently call for answers to multiple discrete questions

9 | or subparts to questions. For example, when those term are used to reference any

10 | BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct

11 | facts: (a) the full name of the product; (b) the number of the product; (c) the SKU

12 | of the product; (d) any other applicable designation of the product useful for

13 | identification; (e) the period of time during which the product was, has been, or

14 | will be sold; and (f) the identity of each person who has licensed from YOU the

15 | right to sell such BRATZ PRODUCT. Therefore, any interrogatory that includes

16 | or incorporates the terms IDENTIFY or IDENTITY are necessarily compound, and

17 | should be posed as separate interrogatories.

18 |     19.     Bryant also objects to the terms "any" and "REFER OR RELATE

19 | TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

20 | and/or are vague and ambiguous in the context of the interrogatories as written and

21 | as those interrogatories would be plainly understood absent Mattel's definitions.

22 |     20.     Bryant's responses and objections to these interrogatories do not, and

23 | are not intended to, waive his contention that anything he did on weekends,

24 | evenings, vacation and / or any other time outside ordinary business hours was not

25 | done while he was working for Mattel. Bryant preserves and intends to preserve

26 | this contention. Bryant's responses and objections may not be taken as an

27 | admission that the information he provides in any way reflects or evidences work

28 | performed by Bryant while he was working for Mattel or that Bryant adopts or

4

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

**EXHIBIT 6 PAGE 87**

1  agrees with any fact or legal conclusion assumed, presumed or contained in any of

2  Mattel's interrogatories.

3    21.    Bryant objects to each of Mattel's interrogatories because Mattel has

4  propounded more than 50 interrogatories, including discrete subparts.  Under

5  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for

6  each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

7    22.    The above stated objections are incorporated by reference as though

8  fully set forth in each response below.  Subject to the existing Protective Order and

9  without waiving any of the foregoing objections, Bryant responds as follows:

10

11    **Specific Responses and Objections**

12  **INTERROGATORY NO. 42:**

13    State all facts that support YOUR contention, if YOU so contend, that any

14  BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT on

15  or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of such

16  facts and all DOCUMENTS that REFER OR RELATE TO such facts.

17  **RESPONSE TO INTERROGATORY NO. 42:**

18    Bryant incorporates by reference his general objections.  Bryant objects that

19  this interrogatory is an overbroad and unduly burdensome contention interrogatory

20  to the extent it asks for "every fact" which supports the denial of a statement or

21  allegation.  *See, e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D.

22  Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and

23  witnesses that support the denial of a statement or allegation of fact" because the

24  "universe of potentially responsive information is almost endless.").

25    Bryant also objects to this interrogatory on the ground that it is overbroad,

26  unduly burdensome, vague and ambiguous both generally and specifically with

27  respect to the terms IDENTIFY and REFER OR RELATE TO.  Bryant also

28  objects to this interrogatory as overbroad, unduly burdensome, vague and

5
CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)
406258.01

**EXHIBIT 6 PAGE 88**

1   ambiguous generally and specifically with respects to the terms BASED ON,

2   BRATZ BOLLS, and BRATZ DESIGNS.  In addition, Bryant objects to this

3   interrogatory to the extent it calls for the disclosure of attorney-client privileged

4   information, information protected from disclosure by the work-product doctrine,

5   the joint defense privilege or the common interest privilege.  Bryant also objects to

6   this interrogatory generally and specifically with respect to the term BASED ON to

7   the extent it calls for a legal conclusion.  Bryant also objects to this interrogatory to

8   the extent it calls for the premature disclosure of expert opinions or analysis.

9   Bryant further objects to the extent that this interrogatory seeks information that is

10  outside Bryant's personal knowledge and is not in Bryant's possession, custody, or

11  control.  In particular, Bryant objects to this interrogatory to the extent that it

12  requests that Bryant "[s]tate *all* facts … and IDENTIFY *all* PERSONS…and *all*

13  DOCUMENTS."  (emphasis added).

14        Bryant objects to this interrogatory because Mattel has propounded more

15  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

16  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049

17  SGL and CV 05-02727]."

18  **INTERROGATORY NO. 43:**

19        For each concept, design, product, product packaging or other matter that

20  YOU contend MATTEL copied or infringed, including but not limited to those

21  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

22  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

23  Supplemental Responses to such Interrogatory), state the date that each such

24  concept, design, product, product packaging or other matter was conceived, and

25  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

26  OR RELATE TO, the foregoing.

27  **RESPONSE TO INTERROGATORY NO. 43:**

28        Bryant incorporates by reference his general objections.  Bryant objects to

6

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

EXHIBIT 6 PAGE 89

1   this interrogatory on the grounds that it is overbroad, unduly burdensome, vague

2   and ambiguous, and compound both generally and specifically with respect to the

3   terms YOU, IDENTIFY, MATTEL, and REFER OR RELATE TO.  In addition,

4   Bryant objects to this interrogatory to the extent it calls for the disclosure of

5   attorney-client privileged information, information protected from disclosure by

6   the work-product doctrine, the joint defense privilege, or the common interest

7   privilege.  Bryant also objects to this interrogatory to the extent it calls for a legal

8   conclusion.  Bryant further objects to the extent that this interrogatory seeks

9   information that outside of Bryant's personal knowledge and that is not in Bryant's

10  possession, custody, or control.  In particular, Bryant objects to this interrogatory

11  to the extent that it that it requests that Bryant "IDENTIFY *all* PERSONS…and *all*

12  DOCUMENTS" (emphasis added).

13       Bryant further objects to this interrogatory on grounds that it appears to be

14  directed at other parties to the litigation, and not to Bryant.  This is evident given

15  the interrogatory's reference to MGA's Responses to Mattel, Inc.'s First Set of

16  Interrogatories re Claims of Unfair Competition, Response to Interrogatory No. 2.

17  Consequently, this interrogatory is inapplicable, nonsensical, harassing, and seeks

18  information that is neither relevant nor reasonably calculated to lead to the

19  discovery of admissible evidence vis-à-vis Bryant.

20       Bryant objects to this interrogatory because Mattel has propounded more

21  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

22  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

23  SGL and CV 05-02727]."

24  **INTERROGATORY NO. 44:**

25       For each concept, design, product, product packaging or other matter that

26  YOU contend MATTEL copied or infringed, including but not limited to those

27  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

28  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

7

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

EXHIBIT 6 PAGE 90

1  supplemental Responses to such Interrogatory), state the date that each such

2  concept, design, product, product packaging or other matter was first fixed in any

3  tangible medium of expression (if ever), and IDENTIFY all PERSONS with

4  knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the

5  foregoing.

6  **RESPONSE TO INTERROGATORY NO. 44:**

7      Bryant incorporates by reference his general objections.  Bryant objects to

8  this interrogatory on the ground that it is overbroad, unduly burdensome, vague

9  and ambiguous, and compound both generally and specifically with respect to the

10  terms YOU, IDENTIFY, MATTEL, and REFER OR RELATE TO.  In addition,

11  Bryant objects to this interrogatory to the extent it calls for the disclosure of

12  attorney-client privileged information, information protected from disclosure by

13  the work-product doctrine, the joint defense privilege, or the common interest

14  privilege.  Bryant also objects to this interrogatory to the extent it calls for a legal

15  conclusion.  Bryant further objects to the extent that this interrogatory seeks

16  information that outside of Bryant's personal knowledge and that is not in Bryant's

17  possession, custody, or control.  In particular, Bryant objects to this interrogatory

18  to the extent that it that it requests that Bryant "IDENTIFY *all* PERSONS...and *all*

19  DOCUMENTS" (emphasis added).

20      Bryant further objects to this interrogatory on grounds that it appears to be

21  directed at other parties to the litigation, and not to Bryant.  This is evident given

22  the interrogatory's reference to MGA's Responses to Mattel, Inc.'s First Set of

23  Interrogatories re Claims of Unfair Competition, Response to Interrogatory No. 2.

24  Consequently, this interrogatory is inapplicable, nonsensical, harassing, and seeks

25  information that is neither relevant nor reasonably calculated to lead to the

26  discovery of admissible evidence vis-à-vis Bryant.

27      Bryant objects to this interrogatory because Mattel has propounded more

28  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

8

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406258.01

**EXHIBIT 6 PAGE 91**

1   "Interrogatories are limited to 0 for each side for both [Case Nos. CV 04-04049-

2   SGL and CV 05-02727]."

3

4   Dated: November 15, 2007            KEKER & VAN NEST, LLP

5

6

7                              By: _____

                                 Christa M. Anderson

8                                    Attorneys for Plaintiff

                                   CARTER BRYANT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

406258.01

EXHIBIT 6 PAGE 92

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On November 15, 2007, I served the following document(s):

**CARTER BRYANT'S OBJECTIONS AND RESPONSES TO MATTEL, INC'S AMENDED FOURTH SET OF INTERROGATORIES**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| John B. Quinn | Thomas J. Nolan |
| Michael T. Zeller | Skadden Arps Slate Meagher & Flom |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | 300 South Grand Avenue, Suite 3400 |
| 865 South Figueroa Street, 10th Floor | Los Angeles, CA 90071-3144 |
| Los Angeles, CA 90017-2543 | Tel: 213/687-5000 |
| Tel: 213/443-3000 | Fax: 213/687-5600 |
| Fax: 213/443-3100 | Email: tnolan@skadden.com |
| Email: johnquinn@quinnemanuel.com | |
| Email: michaelzeller@quinnemanuel.com | |

Executed on November 15, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Julie A. Selby

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 6 PAGE 93**

# EXHIBIT 7

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA  94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT
8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

12

13  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
14                     Plaintiff,        2727

15       v.                              CARTER BRYANT'S RESPONSES
                                         AND OBJECTIONS TO MATTEL,
16  MATTEL, INC. a Delaware              INC'S FIFTH SET OF
    Corporation,                         INTERROGATORIES
17
                       Defendant.
18

19  CONSOLIDATED WITH MATTEL,
    INC., v. BRYANT and MGA
20  ENTERTAINMENT, INC. v.
    MATTEL, INC.
21

22

23

24  PROPOUNDING PARTY: MATTEL, INC.

25  RESPONDING PARTY:   CARTER BRYANT

26  SET NO.:            FIVE

27

28

                                    1         11-21

1

2          Pursuant to Federal Rules of Civil Procedure 33, Carter Bryant responds and answers

3    Mattel Inc.'s Fifth Set of Interrogatories as follows:

4

5                        **Preliminary Statement and General Objections**

6          1.      Bryant's responses are made to the best of Bryant's present knowledge,

7    information and belief.  Discovery in this litigation is ongoing.  Consequently, Bryant's

8    responses are at all times subject to such additional or different information that discovery or

9    further investigation may disclose and, while based on the present state of Bryant's recollection,

10   is subject to such refreshing of recollection, and such additional knowledge of facts, as may

11   result from further discovery or investigation.  Bryant reserves the right to amend or supplement

12   his objections and responses.

13         2.      Bryant reserves the right to make any use of, or to introduce at any hearing or

14   trial, information that is responsive to Mattel's interrogatories, but discovered subsequent to

15   Bryant's responses herein.

16         3.      Bryant's responses are made based on his understanding and interpretation of

17   each interrogatory.  Bryant reserves the right to supplement its objections and responses should

18   Mattel's subsequently put forth an interpretation of any interrogatory that differs from those of

19   Bryant.

20         4.      Bryant reserves the right to object on any ground at any time to such other or

21   supplemental discovery requests as Mattel may propound involving or relating to the same

22   subject matter of these interrogatories.

23         5.      The responses below shall not be construed as an admission as to the relevance or

24   admissibility of any statement or characterization contained in any interrogatory.  Bryant

25   reserves all objections, including without limitation objections as to competency, relevance,

26   materiality, privilege, authenticity, or admissibility.

27         6.      Bryant objects to the definitions, instructions, and interrogatories to the extent

28   they impose on Bryant obligations beyond those imposed by the Federal Rules of Civil

                                                         1

406092.01                    CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
                                          MATTEL, INC'S FIFTH SET OF INTERROGATORIES
                                          CASE NO. CV 04-09049 SGL (RNBx)

                                  **EXHIBIT 7 PAGE 95**

1   Procedure, the local rules of this Court, any orders entered by the Court in this Action, or other

2   applicable law.

3       7.      Bryant objects to the definitions, instructions, and interrogatories to the extent

4   they seek information that was prepared in anticipation of litigation, constitutes attorney work

5   product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for

6   or other representative of Bryant, contains privileged attorney-client communications, or is

7   otherwise protected from disclosure by any other privileges, laws, or rules.  Bryant shall not

8   produce such information in response to Mattel's interrogatories.  Any disclosure of such

9   protected or privileged information is inadvertent and shall not be construed as a waiver of those

10  privileges or protections.  Bryant reserves the right to correct the record with regard to any such

11  inadvertent disclosure, as provided for in the Protective Order governing this case.

12      8.      Bryant objects to each interrogatory to the extent that it seeks information

13  protected from discovery by the right to privacy or any other applicable privilege.

14      9.      Bryant objects to each interrogatory to the extent that it seeks the disclosure of

15  confidential, proprietary, or trade-secret information.

16      10.     Bryant objects to all instructions, definitions and interrogatories to the extent that

17  they seek documents or information (1) not currently in Bryant's possession, custody, or control;

18  (2) that Bryant cannot locate after a reasonably diligent search; or (3) that refer to persons,

19  entities, or events not known to Bryant.  Such instructions, definitions, or requests are

20  objectionable where they seek to require more of Bryant than any obligation imposed by the

21  Federal Rule of Civil Procedure; subject Bryant to unreasonable and undue annoyance,

22  oppression, burden, and expense; and/or seek to impose upon Bryant an obligation to investigate

23  or discover information or materials from sources equally accessible to Mattel.

24      11.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, Bryant

25  objects to providing responses to interrogatories that can be derived from documents that have or

26  will be produced (when requested in compliance with Rule 26) and where the burden to derive

27  such information is substantially the same for Mattel as it is for Bryant.

28      12.     Bryant objects to the interrogatories to the extent that they seek to restrict the facts

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S FIFTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 7 PAGE 96

1   on which Bryant may rely on at trial.  Discovery has yet to be completed in this case.  By

2   responding and objecting to these interrogatories, Bryant does not intend to, and does not, limit

3   the evidence he may rely to support his contentions and defenses at trial, or to rebut or impeach

4   contentions, assertions, and evidence presented by Mattel.  Furthermore, Bryant reserves the

5   right to supplement or amend his responses.

6       13.     To the extent that the interrogatories seek information that will be the subject of

7   expert witness testimony, Bryant objects.  Such interrogatories are premature.

8       14.     Bryant objects to each interrogatory to the extent that it call for a legal conclusion.

9       15.     Bryant further objects to several of these interrogatories that appear to be directed

10   at other parties to the litigation and not to Bryant given the nature of the claims asserted against

11   Bryant in this case.

12      16.     Bryant objects to the definitions and instructions to the extent such definitions and

13   instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any

14   specific term or specific interrogatories on the ground that such enlargement, expansion, or

15   alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly

16   burdensome, and/or uncertain.

17      17.     Bryant objects to the terms YOU, YOUR, BRYANT, LARIAN, MGA,

18   MATTEL, O'MELVENY, CHRISTENSEN, MACHADO, AFFILIATES, PERSON,

19   PERSONS, DESIGN, DESIGNS, BRATZ, DESIGN, DESIGNS, REFER OR RELATE TO,

20   STORAGE DEVICE, and DIGITAL INFORMATION as overbroad, unduly burdensome, vague,

21   and ambiguous.  Bryant also objects to these terms to the extent that the definitions call for legal

22   conclusions.

23      18.     Bryant further objects to the terms IDENTIFY or IDENTITY as overbroad,

24   unduly burdensome, vague and ambiguous, and oppressive.  Mattel's definition of these terms

25   inherently call for answers to multiple discrete questions or subparts to questions.  For example,

26   when those term are used to reference any SOURCE OF INFORMATION, the use of those

27   terms requests at least seven different and distinct facts:  (a) the nature of the SOURCE OF

28   INFORMATION; (b) any unique identifier information for each SOURCE OF INFORMATION;

**EXHIBIT 7 PAGE 97**

1    (c) the SOURCE OF INFORMATION's physical location(s), including full address information

2    and computer network drive information; (d) the IDENTITY of each natural person associated

3    with each SOURCE OF INFORMATION; (e) the dates on which documents were collected

4    from each SOURCE OF INFORMATION; (f) whether each SOURCE OF INFORMATION

5    contained documents that "REFER OR RELATE" to "BRATZ" during the time period prior to

6    February 28, 2001; and (g) the IDENTITY of such documents. Therefore, any interrogatory that

7    includes or incorporates the terms IDENTIFY or IDENTITY are necessarily compound, and

8    should be posed as separate interrogatories.

9          19.    Bryant also objects to the terms "any" and "REFER OR RELATE TO" on the

10   grounds and to the extent that they are overbroad, unduly burdensome, and/or are vague and

11   ambiguous in the context of the interrogatories as written and as those interrogatories would be

12   plainly understood absent Mattel's definitions.

13         20.    Bryant's responses and objections to these interrogatories do not, and are not

14   intended to, waive his contention that anything he did on weekends, evenings, vacation and / or

15   any other time outside ordinary business hours was not done while he was working for Mattel.

16   Bryant preserves and intends to preserve this contention. Bryant's responses and objections may

17   not be taken as an admission that the information he provides in any way reflects or evidences

18   work performed by Bryant while he was working for Mattel or that Bryant adopts or agrees with

19   any fact or legal conclusion assumed, presumed or contained in any of Mattel's interrogatories.

20         21.    Bryant objects to each of Mattel's interrogatories because Mattel has propounded

21   more than 50 interrogatories, including discrete subparts. Under Judge Larson's order of

22   February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

23   04049-SGL and CV 05-02727]."

24         22.    The above stated objections are incorporated by reference as though fully set forth

25   in each response below. Subject to the existing Protective Order and without waiving any of the

26   foregoing objections, Bryant responds as follows:

27

28

406092.01

**EXHIBIT 7 PAGE 98**

1                                       **Specific Responses and Objections**

2   **INTERROGATORY NO. 46:**

3           Without disclosing the content of communications which are protected by the attorney-

4   client privilege, state fully and in detail all facts which REFER OR RELATE TO any dispute

5   relating to THIS ACTION between, on one hand, MGA, LARIAN, BRYANT and/or

6   MACHADO and, on the other hand, O'MELVENY and/or CHRISTENSEN, including but not

7   limited to any and all disputes which were or have been asserted as a basis for, or which underlie,

8   contributed to or were a factor in, the withdrawal, termination and/or substitution of

9   O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and IDENTIFY all

10   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

11   such facts.

12   **RESPONSE TO INTERROGATORY NO. 46:**

13           Bryant incorporates by reference his general objections.  Bryant objects to this

14   interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous, and

15   compound both generally and specifically with respect to the terms MGA, LARIAN, BRYANT,

16   MACHADO, O'MELVENY, CHRISTENSEN, IDENTIFY, and REFER OR RELATE TO.  In

17   addition, Bryant objects to this interrogatory as calling for the disclosure of attorney-client

18   privileged information, information protected from disclosure by the work-product doctrine,

19   and/or information protected by the joint defense privilege and the common interest privilege.

20   Bryant also objects to this interrogatory as oppressive and harassing in that it seeks information

21   that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

22   Bryant further objects to the extent that this interrogatory seeks information that outside of

23   Bryant's personal knowledge and that is not in Bryant's possession, custody, or control.  In

24   particular, Bryant objects to this interrogatory to the extent that it that it requests that Bryant

25   "state ... *all* facts ... IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

26           Bryant further objects to this interrogatory on grounds that it appears to be directed at

27   other parties to the litigation, and not to Bryant, as O'MELVENY and CHRISTENSEN were

28   counsel of record for MGA and Larian, and not Bryant.  Consequently, this interrogatory is

**EXHIBIT 7 PAGE 99**

1    inapplicable and harassing vis-à-vis Bryant.

2        Bryant objects to this interrogatory because Mattel has propounded more than 50

3    interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

4    50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

5        Subject to, and without waiver of, the foregoing objections, Bryant responds as follows:

6    Bryant does not possess any information responsive to this interrogatory.

7    **INTERROGATORY NO. 47:**

8        IDENTIFY each and every SOURCE OF INFORMATION from which YOU have

9    COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and

10   that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of

11   when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or

12   transmitted).

13   **RESPONSE TO INTERROGATORY NO. 47:**

14       Bryant incorporates by reference his general objections.  Bryant further objects to this

15   interrogatory as compound because it contains discrete subparts that require separate, distinct

16   and multiple responses.  Specifically, Mattel's definitions for the terms IDENTIFY and

17   SOURCE OF INFORMATION require Bryant to provide separate, distinct, and multiple

18   responses.  For example, Mattel's definition of the term IDENTIFY in the context of this

19   interrogatory purports to require Bryant to provide a multitude of discrete facts for each

20   SOURCE OF INFORMATION, including:

21       (a) the nature of the SOURCE OF INFORMATION;

22       (b) any unique identifier information for each SOURCE OF INFORMATION;

23       (c) the SOURCE OF INFORMATION's physical location(s), including full address
     information and computer network drive information;

24

25       (d) each natural person associated with each SOURCE OF INFORMATION;

26       (e) the dates on which documents were collected from each SOURCE OF
     INFORMATION;

27       (f) whether each SOURCE OF INFORMATION contained documents that "REFER OR
     RELATE" to "BRATZ" during the time period prior to February 28, 2001; and

28

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S FIFTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406092.01

**EXHIBIT 7 PAGE 100**

1    (g) the IDENTITY of such documents.

2    This interrogatory is further compounded by Mattel's definition of IDENTITY, which purports

3    to require Bryant to provide the following information for each of the "natural persons"

4    requested to be identified as part of Mattel's definition of IDENTIFY, above:  (1) the

5    individual's name; (2) any known business title; (3) the current or last known business

6    affiliation; (4) current or last known residential address; (5) current or last known business

7    address; (6) current or last known relationship to MGA; and (7) current or last known telephone

8    number.  Additionally, through Mattel's definition of the term YOU, this interrogatory asks for

9    all of the foregoing information about SOURCES OF INFORMATION relating to, and searched

10   by, each of the multiple separate responding parties in this litigation.

11        Bryant also objects to this interrogatory on the ground that it is overbroad, unduly

12   burdensome, vague and ambiguous both generally and specifically with respect to the term

13   SOURCE OF INFORMATION.  In addition, Bryant objects to this interrogatory to the extent it

14   calls for the disclosure of attorney-client privileged information, information protected from

15   disclosure by the work-product doctrine, the joint defense privilege, or the common interest

16   privilege.  Bryant further objects to the extent that this interrogatory seeks information that is

17   outside Bryant's personal knowledge and is not in Bryant's possession, custody, or control.

18        Bryant objects to this interrogatory because Mattel has propounded more than 50

19   interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

20   50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

21        Subject to, and without waiver of, the foregoing objections, Bryant is willing to meet and

22   confer with Mattel regarding this interrogatory.

23

24   Dated:  November 21, 2007                    KEKER & VAN NEST, LLP

25

26

27   By:  _Christa Anderson_ /HMK/
                    Christa M. Anderson
28                  Attorneys for Plaintiff
                    CARTER BRYANT

7

406092.01

**EXHIBIT 7 PAGE 101**

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On November 21, 2007, I served the following document(s):

**CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S FIFTH SET OF INTERROGATORIES**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| John B. Quinn<br>Michael T. Zeller<br>Quinn Emanuel Urquhart Oliver &<br>Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Tel: 213/443-3000<br>Fax: 213/443-3100<br>Email: johnquinn@quinnemanuel.com<br>Email: michaelzeller@quinnemanuel.com | Thomas J. Nolan<br>Skadden Arps Slate Meagher & Flom<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071-3144<br>Tel: 213/687-5000<br>Fax: 213/687-5600<br>Email: tnolan@skadden.com |

Executed on November 21, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

PATTY LEMOS

# EXHIBIT 8

1   KEKER & VAN NEST, LLP
    JOHN W. KEKER - #49092
2   jkeker@kvn.com
    MICHAEL H. PAGE - #154913
3   mpage@kvn.com
    CHRISTA M. ANDERSON - #184325
4   canderson@kvn.com
    710 Sansome Street
5   San Francisco, CA  94111-1704
    Telephone:  (415) 391-5400
6   Facsimile:  (415) 397-7188

7   Attorneys for Plaintiff
    CARTER BRYANT

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727 |
| 14                     Plaintiff, | |
| 15       v. | **CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL, INC'S SIXTH SET OF INTERROGATORIES** |
| 16  MATTEL, INC. a Delaware Corporation, | |
| 17                     Defendant. | |
| 18 | |
| 19  CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

22

23

24       PROPOUNDING PARTY:  MATTEL, INC.

25       RESPONDING PARTY:    CARTER BRYANT

26       SET NO.:                      SIX

27

28

1
CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S SIXTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406093.01

**EXHIBIT 8 PAGE 103**

1    Pursuant to Federal Rules of Civil Procedure 33, Carter Bryant responds and answers

2    Mattel Inc.'s Sixth Set of Interrogatories as follows:

3

4    **Preliminary Statement and General Objections**

5    1.    Bryant's responses are made to the best of Bryant's present knowledge,

6    information and belief.  Discovery in this litigation is ongoing.  Consequently, Bryant's

7    responses are at all times subject to such additional or different information that discovery or

8    further investigation may disclose and, while based on the present state of Bryant's recollection,

9    is subject to such refreshing of recollection, and such additional knowledge of facts, as may

10   result from further discovery or investigation.  Bryant reserves the right to amend or supplement

11   his objections and responses.

12   2.    Bryant reserves the right to make any use of, or to introduce at any hearing or

13   trial, information that is responsive to Mattel's interrogatories, but discovered subsequent to

14   Bryant's responses herein.

15   3.    Bryant's responses are made based on his understanding and interpretation of

16   each interrogatory.  Bryant reserves the right to supplement its objections and responses should

17   Mattel's subsequently put forth an interpretation of any interrogatory that differs from those of

18   Bryant.

19   4.    Bryant reserves the right to object on any ground at any time to such other or

20   supplemental discovery requests as Mattel may propound involving or relating to the same

21   subject matter of these interrogatories.

22   5.    The responses below shall not be construed as an admission as to the relevance or

23   admissibility of any statement or characterization contained in any interrogatory.  Bryant

24   reserves all objections, including without limitation objections as to competency, relevance,

25   materiality, privilege, authenticity, or admissibility.

26   6.    Bryant objects to the definitions, instructions, and interrogatories to the extent

27   they impose on Bryant obligations beyond those imposed by the Federal Rules of Civil

28   Procedure, the local rules of this Court, any orders entered by the Court in this Action, or other

1

406093.01

**EXHIBIT 8 PAGE 104**

1 | applicable law.

2 |     7.     Bryant objects to the definitions, instructions, and interrogatories to the extent

3 | they seek information that was prepared in anticipation of litigation, constitutes attorney work

4 | product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for

5 | or other representative of Bryant, contains privileged attorney-client communications, or is

6 | otherwise protected from disclosure by any other privileges, laws, or rules.  Bryant shall not

7 | produce such information in response to Mattel's interrogatories.  Any disclosure of such

8 | protected or privileged information is inadvertent and shall not be construed as a waiver of those

9 | privileges or protections.  Bryant reserves the right to correct the record with regard to any such

10 | inadvertent disclosure, as provided for in the Protective Order governing this case.

11 |     8.     Bryant objects to each interrogatory to the extent that it seeks information

12 | protected from discovery by the right to privacy or any other applicable privilege.

13 |     9.     Bryant objects to each interrogatory to the extent that it seeks the disclosure of

14 | confidential, proprietary, or trade-secret information.

15 |     10.     Bryant objects to all instructions, definitions and interrogatories to the extent that

16 | they seek documents or information (1) not currently in Bryant's possession, custody, or control;

17 | (2) that Bryant cannot locate after a reasonably diligent search; or (3) that refer to persons,

18 | entities, or events not known to Bryant.  Such instructions, definitions, or requests are

19 | objectionable where they seek to require more of Bryant than any obligation imposed by the

20 | Federal Rule of Civil Procedure; subject Bryant to unreasonable and undue annoyance,

21 | oppression, burden, and expense; and/or seek to impose upon Bryant an obligation to investigate

22 | or discover information or materials from sources equally accessible to Mattel.

23 |     11.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, Bryant

24 | objects to providing responses to interrogatories that can be derived from documents that have or

25 | will be produced (when requested in compliance with Rule 26) and where the burden to derive

26 | such information is substantially the same for Mattel as it is for Bryant.

27 |     12.     Bryant objects to the interrogatories to the extent that they seek to restrict the facts

28 | on which Bryant may rely on at trial.  Discovery has yet to be completed in this case.  By

2

CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
MATTEL, INC'S SIXTH SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

406093.01

**EXHIBIT 8 PAGE 105**

1   responding and objecting to these interrogatories, Bryant does not intend to, and does not, limit

2   the evidence he may rely to support his contentions and defenses at trial, or to rebut or impeach

3   contentions, assertions, and evidence presented by Mattel.  Furthermore, Bryant reserves the

4   right to supplement or amend his responses.

5         13.    To the extent that the interrogatories seek information that will be the subject of

6   expert witness testimony, Bryant objects.  Such interrogatories are premature.

7         14.    Bryant objects to each interrogatory to the extent that it call for a legal conclusion.

8         15.    Bryant further objects to several of these interrogatories that appear to be directed

9   at other parties to the litigation and not to Bryant given the nature of the claims asserted against

10  Bryant in this case.

11        16.    Bryant objects to the definitions and instructions to the extent such definitions and

12  instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any

13  specific term or specific interrogatories on the ground that such enlargement, expansion, or

14  alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly

15  burdensome, and/or uncertain.

16        17.    Bryant objects to the terms YOU, YOUR, MGA, PERSON, AFFILIATES,

17  PERSONS, DESIGN, DESIGNS, BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ

18  PRODUCT, BRATZ MOVIE, BRATZ TELEVISION SHOW, and ANGEL as overbroad,

19  unduly burdensome, vague, and ambiguous.  Bryant also objects to these terms to the extent that

20  the definitions call for legal conclusions.

21        18.    Bryant further objects to the terms IDENTIFY or IDENTITY as overbroad,

22  unduly burdensome, vague and ambiguous, and oppressive.  Mattel's definition of these terms

23  inherently call for answers to multiple discrete questions or subparts to questions.  For example,

24  when those term are used to reference any BRATZ PRODUCT, the use of those terms requests

25  at least six different and distinct facts:  (a) the full name of the product; (b) the number of the

26  product; (c) the SKU of the product; (d) any other applicable designation of the product useful

27  for identification; (e) the period of time during which the product was, has been, or will be sold;

28  and (f) the identity of each person who has licensed from YOU the right to sell such BRATZ

1  PRODUCT. Therefore, any interrogatory that includes or incorporates the terms IDENTIFY or

2  IDENTITY are necessarily compound, and should be posed as separate interrogatories.

3      19.    Bryant also objects to the terms "any" and "REFER OR RELATE TO" on the

4  grounds and to the extent that they are overbroad, unduly burdensome, and/or are vague and

5  ambiguous in the context of the interrogatories as written and as those interrogatories would be

6  plainly understood absent Mattel's definitions.

7      20.    Bryant's responses and objections to these interrogatories do not, and are not

8  intended to, waive his contention that anything he did on weekends, evenings, vacation and / or

9  any other time outside ordinary business hours was not done while he was working for Mattel.

10  Bryant preserves and intends to preserve this contention. Bryant's responses and objections may

11  not be taken as an admission that the information he provides in any way reflects or evidences

12  work performed by Bryant while he was working for Mattel or that Bryant adopts or agrees with

13  any fact or legal conclusion assumed, presumed or contained in any of Mattel's interrogatories.

14      21.    Bryant objects to each of Mattel's interrogatories because Mattel has propounded

15  more than 50 interrogatories, including discrete subparts. Under Judge Larson's order of

16  February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

17  04049-SGL and CV 05-02727]."

18      22.    The above stated objections are incorporated by reference as though fully set forth

19  in each response below. Subject to the existing Protective Order and without waiving any of the

20  foregoing objections, Bryant responds as follows:

21

22                          **Specific Responses and Objections**

23  **INTERROGATORY NO. 45:**

24      IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR licensees

25  and, for each such BRATZ PRODUCT, state fully and separately (a) the number of units of each

26  such BRATZ PRODUCT SOLD by YOU or YOUR licensees, (b) the gross and net revenue

27  received by YOU from such SALES of each such BRATZ PRODUCT, (c) all costs YOU have

28  incurred in connection with each such BRATZ PRODUCT, including but not limited to YOUR

1   cost of goods sold, and (d) YOUR gross and net profits from each such BRATZ PRODUCT.

2   **RESPONSE TO INTERROGATORY NO. 45:**

3          Bryant incorporates by reference his general objections.  Bryant further objects to this

4   interrogatory as overbroad, unduly burdensome, harassing and compound because it contains

5   discrete subparts that require separate, distinct and multiple responses.  Specifically, Bryant

6   objects that this interrogatory purports to require Bryant to provide five separate and distinct

7   categories of information for each "BRATZ PRODUCT", including:  (a) the IDENTITY of the

8   product; (b) the number of units SOLD; (c) the gross and net revenue received for each such

9   SALE; (d) all costs incurred in connection with each such BRATZ product, including the costs

10   of goods sold, and (e) gross and net profits for each such BRATZ PRODUCT.  This

11   interrogatory is further compounded by Mattel's definition of the term IDENTIFY, which

12   purports to require Bryant to provide multiple additional discrete categories of information for

13   each "BRATZ PRODUCT", including (1) the full name of the product; (2) the number of the

14   product; (3) the SKU of the product; (4) any other applicable designation of the product useful

15   for identification; (5) the period of time during which the product was, has been, or will be

16   SOLD; and (6) the identity of each person who has licensed from YOU the right to sell such

17   BRATZ PRODUCT.  Additionally, Mattel's definition of the term YOU is compound and could

18   be interpreted as requiring Bryant to provide all of the above information as to each of the

19   multiple responding parties in this litigation.

20          Bryant also objects to this interrogatory on the ground that it is overbroad, unduly

21   burdensome, vague and ambiguous both generally and specifically with respect to the terms

22   BRATZ PRODUCT, SOLD and SALES.  In addition, Bryant objects to this interrogatory to the

23   extent it calls for the disclosure of attorney-client privileged information, information protected

24   from disclosure by the work-product doctrine, the joint defense privilege or the common interest

25   privilege.  Bryant also objects to this interrogatory to the extent it calls for the premature

26   disclosure of expert opinions or analyses.  Bryant further objects to the extent that this

27   interrogatory seeks information that is outside Bryant's personal knowledge and is not in

28   Bryant's possession, custody, or control.  Bryant also objects to this interrogatory to the extent it

5

406093.01

**EXHIBIT 8 PAGE 108**

1  calls for information already produced in this litigation or more easily obtainable from other

2  sources.

3       Bryant objects to this interrogatory because Mattel has propounded more than 50

4  interrogatories.   Under Judge Larson's order of February 22, 2007, "Interrogatories are limited

5  to 50 for each side for both [Case Nos. CV 04-04049 SGL and CV 05-02727]."

6       Subject to, and without waiver of, the foregoing objections, Bryant has not sold any Bratz

7  products.

8

9  Dated:  November 26, 2007                    KEKER & VAN NEST, LLP

10

11

12                                   By:  _____
                                          Christa M. Anderson
13                                        Attorneys for Plaintiff
                                          CARTER BRYANT
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    6
                CARTER BRYANT'S RESPONSES AND OBJECTIONS TO
                MATTEL, INC'S SIXTH SET OF INTERROGATORIES
                CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 8 PAGE 109**

1

PROOF OF SERVICE

2

    I am employed in the City and County of San Francisco, State of California
3 in the office of a member of the bar of this court at whose direction the following
service was made.  I am over the age of eighteen years and not a party to the within
4 action.  My business address is Keker & Van Nest, LLP, 710 Sansome Street, San
Francisco, California 94111.
5

6 On November 26, 2007, I served the following document(s):

7

**CARTER BRYANT'S RESPONSES AND OBJECTIONS TO MATTEL,**
8           **INC'S SIXTH SET OF INTERROGATORIES**

9

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope
10 addressed as shown below.  I am readily familiar with the practice of Keker & Van
Nest, LLP for correspondence for delivery by FedEx Corporation.  According to
11 that practice, items are retrieved daily by a FedEx Corporation employee for
overnight delivery.
12

13 by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and
correct copy scanned into an electronic file in Adobe "pdf" format.  The
14 transmission was reported as complete and without error.
15

16

17 John B. Quinn                   Thomas J. Nolan
Michael T. Zeller            Skadden Arps Slate Meagher & Flom
18 Quinn Emanuel Urquhart Oliver &    300 South Grand Avenue, Suite 3400
Hedges, LLP                 Los Angeles, CA 90071-3144
19 865 South Figueroa Street, 10th Floor   Tel:  213/687-5000
20 Los Angeles, CA 90017-2543      Fax:  213/687-5600
Tel:  213/443-3000           Email:  tnolan@skadden.com
21 Fax:  213/443-3100
22 Email:  johnquinn@quinnemanuel.com
Email:  michaelzeller@quinnemanuel.com
23

24

25     Executed on November 26, 2007, at San Francisco, California.

26     I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.
27

28                          Bryant Cavers

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 8 PAGE 110**