# EXHIBIT 9

**quinn emanuel** trial lawyers . los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

November 16, 2007

**VIA FACSIMILE AND U.S. MAIL**

Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:     Mattel v. Bryant et al.

Dear Michael:

I write pursuant to Section 5 of the Discovery Master Stipulation to request a conference of counsel regarding Mr. Bryant's Responses and Objections to Mattel's Revised Third Set and Amended Fourth Set of Interrogatories, served on November 15, 2007.

Mr. Bryant's responses fail to provide even arguably proper answers to any of Mattel's Interrogatories. Indeed, he provides no answer at all as to Interrogatory Nos. 27, 28, 29, 30, 32, 34, 35, 39, 42, 43, or 44. Further, Mr. Bryant's alleged bases for refusing to answer the Interrogatories are wholly without merit and do not excuse Mr. Bryant's further stonewalling in this case. Their continued assertion is clearly interposed for the purposes of delay and to deprive Mattel of information it is unquestionably entitled to. Absent prompt resolution, Mattel intends to move to compel and for sanctions.

Mr. Bryant's contention that Mattel has purportedly exceeded the fifty interrogatory limit set by Judge Larson is unsupportable and directly conflicts with Judge Infante's September 5, 2007 Order. In that Order, Judge Infante expressly considered whether an interrogatory which asks the responding party to "(1) state all facts, (2) identify all persons with knowledge of such facts, and/or (3) identify all documents referring or relating to such facts" consists of "discrete

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2297117 1

**EXHIBIT 9 PAGE 111**

subparts." Order, at 6. He ruled that such "subparts are *not* discrete," and that "subparts seeking facts supporting a contention, the identity of persons with knowledge, and documents are *not counted separately* for purposes of applying the 50 interrogatory limit." Order, at 7 (emphases added). Given this holding, Mr. Bryant's claim that Mattel's Interrogatories are "impermissibly compound" in that they ask for "all facts" or "every fact" is without merit. Bryant's objections to such terms as "IDENTIFY" and "IDENTITY," which he claims would require a multitude of discrete responses, fail for the same reasons. Moreover, by providing an answer (albeit a terse and insufficient answer) to Interrogatory No. 41, the final interrogatory in Mattel's Revised Third Set, Mr. Bryant implicitly acknowledges that Mattel has not yet exceeded the fifty interrogatory limit, at least up to that point.

Mr. Bryant does not and cannot contest the relevance of the vast majority of Mattel's Interrogatories, therefore conceding that Mattel is entitled to the information it seeks. As to the few Interrogatories for which Mr. Bryant does object on relevance grounds, the objection is clearly unwarranted, as Mattel seeks information relating to directly to its claims in this case.

Mr. Bryant's remaining objections -- including objections that the interrogatories are vague and ambiguous, overbroad, unduly burdensome and oppressive; ask for information not in Mr. Bryant's possession, custody or control; and ask for information protected by the attorney-client, work product, or joint defense privileges -- are boilerplate at best. Indeed, they apparently are grounded in nothing more than the fact that many of the Interrogatories are contention interrogatories. Nor do those purported objections explain, let alone justify, Bryant's failure and refusal to provide any meaningful answers.

Please let us know when you are available for a conference of counsel within the next 5 days as required by the Court. I look forward to hearing from you.

Very truly yours,

*B. Dylan Proctor /sH*

B. Dylan Proctor

**EXHIBIT 9 PAGE 112**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   November 16, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| | **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|---|
| | Michael H. Page, Esq. | (415) 391-5400 | (415) 397-7188 |
| | Keker & Van Nest, LLP | | |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   *Bryant v. Mattel, Inc.*

**MESSAGE:**

FAXED
NOV 1 6 2007

| CLIENT # | 07209 | ROUTE/RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX |
|---|---|---|---|---|
| | | | | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**EXHIBIT 9 PAGE 113**

```
         ***********************
         ***   TX REPORT   ***
         ***********************

    TRANSMISSION OK

    TX/RX NO              4236
    RECIPIENT ADDRESS     9414#07209#14153977188
    DESTINATION ID
    ST. TIME              11/16 18:03
    TIME USE              01'39
    PAGES SENT            3
    RESULT                OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   November 16, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   *Bryant v. Mattel, Inc.*

**MESSAGE:**

**EXHIBIT 9 PAGE 114**

# EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

November 28, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

John Trinidad, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:   <u>Mattel v. Bryant et al.</u>

Dear John:

I write pursuant to Section 5 of the Discovery Master Stipulation to request a conference of counsel regarding Mr. Bryant's Objections and Responses to Mattel's Fifth Set of Interrogatories, served on November 21, 2007, and to Mattel's Sixth and Seventh Sets of Interrogatories, served on November 26, 2007.

With regard to Mr. Bryant's responses to Interrogatory Nos. 45 and 46, please confirm that these are complete responses, and are in no way limited by Mr. Bryant's objections.

As to Mattel's Interrogatories Nos. 47, 48, 49 and 50, however, Mr. Bryant provides no answer at all. As set forth in my letter to Michael Page, dated November 16, 2007, and as discussed at our meet and confer on November 27, 2007, Mr. Bryant's alleged bases for refusing to answer the Interrogatories are without merit. In particular, his claim that Mattel has purportedly exceeded the 50 interrogatory limit directly contravenes Judge Infante's September 5, 2007 Order, holding that an interrogatory which asks the responding party to "(1) state all facts, (2) identify all persons with knowledge of such facts, and/or (3) identify all documents referring or relating to such facts" does not contain discrete subparts and should be counted as a single interrogatory. Further, Mr. Bryant's remaining, boilerplate objections do not justify his continued refusal to

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2306919.1

**EXHIBIT 10 PAGE 115**

provide answers.  Absent prompt resolution, Mattel anticipates filing a motion to compel and may seek sanctions.

Please let us know when you are available for a conference of counsel within the next 5 days as required by the Court.  I look forward to hearing from you.

Very truly yours,

*B. Dylan Proctor /sn*

B. Dylan Proctor

EXHIBIT 10 PAGE 116

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**    November 28, 2007          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| John Trinidad, Esq.<br>Keker & Van Nest | (415) 391-5400 | (415) 397-7188 |

**FROM:**    B. Dylan Proctor, Esq.

**RE:**    *Mattel v. Bryant*

**MESSAGE:**

FAXED
NOV 2 8 2007

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | **Tiffany Garcia** | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *Jenny* | | CONFIRMED?  ☐ NO ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**EXHIBIT 10 PAGE 117**

```
                    *********************
                ***   TX REPORT   ***
                    *********************

        TRANSMISSION OK

        TX/RX NO                4336
        RECIPIENT ADDRESS       76681#7209#14153977188
        DESTINATION ID
        ST. TIME                11/28 18:13
        TIME USE                01'10
        PAGES SENT              3
        RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   November 28, 2007

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| John Trinidad, Esq.<br>Keker & Van Nest | (415) 391-5400 | (415) 397-7188 |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   *Mattel v. Bryant*

**MESSAGE:**

**EXHIBIT 10 PAGE 118**

# EXHIBIT 11

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

December 6, 2007

**VIA FACSIMILE AND U.S. MAIL**

Matthew M. Werdegar, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:   Mattel v. Bryant et al.

Dear Matt:

I write further to our conferences of counsel of December 4 and 5, 2007, regarding Mr. Bryant's Objections and Responses to Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of Interrogatories.

Interrogatory Nos. 27, 28 and 29

As to Interrogatory Nos. 27, 28 and 29, you stated that Mr. Bryant objects to the term "BRATZ INVENTION," as defined by Mattel, as well as to the terms "IDENTIFY" and "IDENTITY." You indicated that the basis for this objection is that (1) the requested information is not properly the subject of an interrogatory and should instead be elicited through deposition testimony; and (2) the interrogatory, as worded, is unduly burdensome.

You stated that Mr. Bryant would be willing to supplement his responses to provide a complete list of all tangible items he created during each of the relevant time periods, including the information requested by Mattel in Interrogatory Nos. 27, 28 and 29, if Mattel agrees to waive any objection to Bryant's failure to provide a list of intangible items created during the time periods. After considering your proposal, I informed you that Mattel is not willing to forgo the information concerning intangible items, which is directly pertinent to Mattel's claims. You

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2314266.1

**EXHIBIT 11 PAGE 119**

stated that Mr. Bryant will nonetheless supplement his responses to these interrogatories, although, I understood, not by providing the inventory of Bryant's tangible Bratz inventions, which you stated you would provide only if Mattel waived its right to compel a complete response.

Interrogatory Nos. 30, 36, 37 and 38

You agreed to supplement Mr. Bryant's responses to Interrogatory Nos. 30, 36, 37 and 38. You informed me, however, that Mr. Bryant's responses will be limited by his objections. Specifically, you indicated that he will provide only the "principal facts" that support his contentions, rather than "all facts." As I explained, we disagree with this limitation. In fact, Defendants previously raised, and Judge Infante did not accept, the very arguments Bryant repeats here, and Judge Infante found Mattel's interrogatories seeking the identification of "all facts," "all persons" with knowledge and "all documents" to be appropriately framed. Judge Larson was similarly not persuaded by these arguments, as he ordered Defendants to state the facts supporting their affirmative defenses, without objection, notwithstanding Defendants' assertions that they are not required to do so under Safeco and the other authorities on which Defendants have relied.

Interrogatory No. 31

You stated that Mr. Bryant's response to Interrogatory No. 31 is complete and is not limited by his objections. Thank you for confirming this.

Interrogatory No. 32

You informed me that Mr. Bryant stands on his objections to Interrogatory No. 32 and that he is unwilling to provide any response to this interrogatory.

Interrogatory No. 33

You stated that Mr. Bryant is unwilling to supplement his response to this interrogatory as well, and that he stands on his objections. In particular, you indicated that Mr. Bryant objects to this interrogatory because Mattel, not Bryant, bears the burden of proving its entitlement to punitive damages. As I explained, that Mattel bears the burden of proof on the issue of punitive damages simply is not a valid basis for refusing to provide information regarding Bryant's contentions.

Interrogatory Nos. 34, 35, 43, 44, 48, 49 and 50

For Interrogatory Nos. 34, 35, 43, 44, 48, 49 and 50, you agreed to supplement Mr. Bryant's responses to state that he does not make any of the contentions at issue. You confirmed that this

07209/2314266.1                                    2

**EXHIBIT 11 PAGE 120**

response will not be limited by Bryant's objections.  Thank you for agreeing to supplement the responses in this manner.

Interrogatory No. 39

You stated that Mr. Bryant will stand on his objections to Interrogatory No. 39 and is unwilling to provide any response to this interrogatory.

Interrogatory No. 40

You agreed to supplement Mr. Bryant's response to Interrogatory No. 40, but stated you were uncertain whether his supplemental response will be limited by his objections or will be complete.

Interrogatory No. 41

As to Interrogatory No. 41, you agreed to supplement Mr. Bryant's response to provide all of the information requested by the interrogatory.  Additionally, you stated that Mr. Bryant's response will not be limited by his objections.

Interrogatory No. 42

You agreed to supplement Mr. Bryant's response to Interrogatory No. 42.  You stated that because the response has not yet been drafted, you cannot represent whether or not the response will be limited by Bryant's objections.  However, you indicated that the response will likely be limited in that, like many of Mr. Bryant's other promised supplemental responses, it will only provide "principal facts" that support Mr. Bryant's contention, not "all facts."

Interrogatory No. 45

Interrogatory No. 45 seeks information regarding each "BRATZ PRODUCT" that Bryant has "SOLD."  Although Mattel's Sixth Set of Interrogatories defines the term "SOLD" as "to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation," you expressed your view that Bryant's conveyance of Bratz designs and other intellectual property for compensation does not fall into the scope of Interrogatory No. 45.  Accordingly, you stated that Mr. Bryant's response to this interrogatory, that he "has not sold any Bratz products," is complete and that Mr. Bryant will not supplement his response.  You indicated, however, that you would give this issue some additional consideration.  Please let me know if you have reconsidered.  As I explained, we believe Mr. Bryant clearly has "sold" Bratz products within the meaning of this interrogatory, and we are entitled to a complete response.

**EXHIBIT 11 PAGE 121**

Interrogatory No. 46

We discussed Bryant's response to Interrogatory No. 46, which seeks information pertaining to the dispute between MGA and its former counsel.  You stated that, with respect to Mr. Bryant's personal knowledge, his response that he has no information regarding the dispute is complete and not limited by his objections.  You indicated, however, that responsive information in the possession of Mr. Bryant's counsel has been withheld on attorney-client privilege and work product grounds.  I explained that the requested information is not subject to any such privileges.

Interrogatory No. 47

You agreed to supplement Mr. Bryant's response to Interrogatory No. 47, and stated that you were inclined to provide a complete response but were not committing to do so.  Thank you for agreeing to provide a supplemental response.

Timing

Finally, you agreed to provide the promised supplemental responses (whether complete or partial, as discussed above) by Tuesday, December 11, 2007.  You also confirmed that Mr. Bryant has not failed to respond to any of Mattel's interrogatories on the basis of his objection that Mattel has purportedly exceeded the fifty interrogatory limit establish by the Court.  We look forward to receiving Mr. Bryant's supplemental responses.  Of course, as we discussed, it appears our remaining disputes will need to be decided by the Court.


Very truly yours,

*B. Dylan Procta /SH*

B. Dylan Proctor

**EXHIBIT 11 PAGE 122**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<u>NEW YORK</u>
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

<u>LOS ANGELES</u>
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

<u>SAN FRANCISCO</u>
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

<u>TOKYO</u>
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   December 6, 2007

**NUMBER OF PAGES, INCLUDING COVER: 5**

|  | **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|---|

Matthew M. Werdegar, Esq.
Keker & Van Nest, LLP

(415) 391-5400      (415) 397-7188

**FROM:**      B. Dylan Proctor, Esq.

**RE:**      *Mattel v. Bryant et al.*

**MESSAGE:**


FAXED
DEC 0 6 2007

| **CLIENT #** | 07209 | **ROUTE/ RETURN TO:** | **Tiffany Garcia** | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| **OPERATOR:** | *priscilla* | | **CONFIRMED?** ☐ NO ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

## EXHIBIT 11 PAGE 123

Confirmation Report — Memory Send

```
                              Page       : 001
                              Date & Time: 12-06-2007  18:27
                              Line 1     : 2134433100
                              Line 2     :
                              Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 684 |
| Date | : | 12-06  18:24 |
| To | : | ☎9414#07209#1415397188 |
| Number of pages | : | 005 |
| Start time | : | 12-06  18:24 |
| End time | : | 12-06  18:27 |
| Pages sent | : | 000 |
| Status | : | NG  B0 |

Job number    : 684          *** SEND FAILED ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
Facsimile: +81 3 5561-1712

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:  December 6, 2007                    NUMBER OF PAGES, INCLUDING COVER: 5

| | PHONE NO. | FAX NO. |
|---|---|---|
| **NAME/COMPANY**<br>Matthew M. Werdeger, Esq.<br>Keker & Van Nest, LLP | (415) 391-5400 | (415) 397-7188 |

FROM:     B. Dylan Proctor, Esq.

RE:       *Mattel v. Bryant et al.*

MESSAGE:

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *priscilla* | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**EXHIBIT 11 PAGE 124**

# EXHIBIT 12

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

December 11, 2007

**VIA FACSIMILE & U.S. MAIL**

B. Dylan Proctor, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re:    Mattel v. Bryant, et al.

Dear Dylan:

I am writing in response to your letter to me dated December 6, 2007, which I received on December 10, 2007. Although your letter purports to summarize our conferences of counsel of December 4 and 5, 2007 regarding Carter Bryant's objections and responses to Mattel's Revised Third, Amended Fourth, Fifth, Sixth, and Seventh Sets of Interrogatories, your letter is not wholly accurate or complete. Consequently, I am writing to set forth my understanding of our conferences, as well as to update you regarding Mr. Bryant's position with respect to certain of the interrogatories we discussed.

**<u>Interrogatory Nos. 27, 28, and 29</u>:**

As you note in your letter, our discussion with respect to these interrogatories focused on Mattel's definition of the term BRATZ INVENTION and its definition of the terms IDENTIFY and IDENTITY. As I explained, and as is reflected in Mr. Bryant's objections to these interrogatories, Mattel's definition of the term BRATZ INVENTION, in combination with Mattel's definitions of IDENTIFY and IDENTITY, is exceedingly overbroad and unduly burdensome, in that it attempts to require Mr. Bryant to catalogue, and to provide seventeen separate pieces of factual information regarding, each and every email, conversation, thought, or idea, however fleeting, that Mr. Bryant may have had that in any way whatsoever relates to BRATZ (itself defined in the broadest possible terms) at any point during a specified multi-month time period. During our telephonic conferences, I inquired whether Mattel would consider any limitation on the scope of this interrogatory, including specifically whether Mattel would consider limiting it to identifying the tangible Bratz-related drawings or designs that Mr. Bryant created during each of the relevant time periods. However, Mattel refused to accept this

407830.01

**EXHIBIT 12 PAGE 125**

B. Dylan Proctor, Esq.
December 11, 2007
Page 2

or any other limitation on the scope of these interrogatories.  Nonetheless, as I indicated, Mr. Bryant will be supplementing his responses to these interrogatories.

**Interrogatory Nos. 30, 36, 37 and 38:**

Your letter is correct that Mr. Bryant has agreed to supplement his responses to these interrogatories to provide the principle facts upon which Mr. Bryant intends to rely upon to support his contentions  Your letter is also correct that we believe that these interrogatories are overbroad and abusive to the extent that they purport to require Mr. Bryant to "state all facts" supporting his defense in this case, particularly to the extent that they require Mr. Bryant to "state all facts" proving a negative.  Mr. Bryant cites three of the many federal decisions supporting this objection in his interrogatory responses.  During our conferences, you did not provide any authority to the contrary.  However, in your letter you assert that this issue has been litigated and decided by both Judge Infante and Judge Larson.  I disagree with that assertion.  The issue of whether interrogatories requiring a party to set forth "all facts" supporting its case has never been expressly argued to or decided by Judge Infante.  Similarly, Judge Larson declined to rule on the issue at the December 3 hearing on Mattel's supplemental interrogatory motion.  However, it is worth noting that in his order granting Mattel's supplemental interrogatory motion, Judge Larson changed the wording of the supplemental interrogatory requested by Mattel from "state all facts which support YOUR affirmative defenses" to "state all facts upon which YOU intend to rely at trial to support YOUR affirmative defenses".

Furthermore, I note that in Mattel's supplemental responses to MGA's First Set of Interrogatories, which supplemental responses were served after our December 4 and 5 conferences, Mattel asserts that MGA's similarly worded interrogatories are "unreasonably burdensome and overbroad in that it purports to require Mattel to summarize all facts and identify all documents on this subject, including without limitation facts that are known to or in the possession, custody and control of the defendants and non-parties, including non-parties associated with defendants."  I do not see how Mattel's continued assertion of this objection can be squared with the position stated in your letter.  Rather, it appears that Mattel is once again seeking to apply a double standard when it comes to the parties' discovery obligations.

**Interrogatory Nos. 31 and 32:**

Although I may have indicated otherwise during our calls, Mr. Bryant will be providing supplemental responses to these interrogatories to provide additional information regarding his current contentions and the factual bases for those contentions.

**Interrogatory No. 33:**

During our conferences, I explained that in order for Mr. Bryant to provide a further response to this interrogatory, he first needed to know the bases for Mattel's contention that it is entitled to exemplary or punitive damages.  Otherwise, Mr. Bryant would be forced guess at what Mattel intended to argue in support of its claim for exemplary or punitive damages in order to determine what facts he needed to rebut that claim—*i.e.*, he would be forced to prove a

**EXHIBIT 12 PAGE 126**

B. Dylan Proctor, Esq.
December 11, 2007
Page 3

negative in a complete vacuum. At that time, Mattel had not provided any responsive information on this issue. However, subsequent to our conferences, Mattel served its supplemental response to MGA's Interrogatory No. 4. In light of that supplemental response, Mr. Bryant will supplement his response to Interrogatory No. 33.

### Interrogatory Nos. 34, 35, 43, 44, 48, 49 and 50:

Mr. Bryant will supplement his responses to these interrogatories either to state that he does not make any of the contentions at issue or to provide the bases for his contentions.

### Interrogatory No. 39:

As your letter indicates, Mr. Bryant is standing by his stated objections to this interrogatory.

### Interrogatory No. 40:

As your letter indicates, Mr. Bryant will be supplementing his response to this interrogatory.

### Interrogatory No. 42:

As your letter indicates, Mr. Bryant will be supplementing his response to this interrogatory. However, as we discussed, this interrogatory suffers the same defect as Mattel's Interrogatory Nos. 30, 36, 37, and 38, discussed above.

### Interrogatory No. 45:

As I explained during our conferences, this interrogatory, as written by Mattel, does not appear to apply to Carter Bryant's transfer of rights to his Bratz idea to MGA in October 2000. The problem with the interrogatory is not Mattel's definition of the term SOLD, which is the focus of your letter, but rather Mattel's definition of the term BRATZ PRODUCT. BRATZ PRODUCT is defined as "any product ...". A "product", particularly as used in this interrogatory (which asks for number of units sold, costs of goods sold, product and SKU numbers, etc.) is not ordinarily understood to mean a unique, abstract idea, such as Bryant's Bratz idea. Rather a "product" ordinarily is defined and understood to mean "an article or substance manufactured for sale." Concise Oxford Dictionary. Mr. Bryant's Bratz idea does not fit such a definition. Nonetheless, Mr. Bryant intends to supplement his response to this interrogatory to make clearer the nature of his transaction with MGA.

### Interrogatory No. 46:

Although he disputes the relevance of this interrogatory to any claim or defense in this litigation, Mr. Bryant nonetheless has provided a complete response to this interrogatory; *i.e.* he has stated that he does not possess any responsive information. During our conferences, you

407830.01

**EXHIBIT 12 PAGE 127**

B. Dylan Proctor, Esq.
December 11, 2007
Page 4

inquired whether Mr. Bryant's response included any and all information that Mr. Bryant's counsel may have regarding the topic of this interrogatory. I informed you that even if Mr. Bryant's counsel had any such information, that information is both irrelevant and privileged. Although you disagreed, you did not specifically articulate the bases for your disagreement (and your letter also does not do so).

Interrogatory No. 47:

As indicated in your letter, Mr. Bryant will be supplementing his response to this interrogatory.

Timing:

During our December 5 conference, I indicated that Mr. Bryant would endeavor to serve his supplemental responses by December 11, 2007. However, I also stated that I would let you know if Mr. Bryant was going to need additional time. It now appears that Mr. Bryant is going to need a couple more days to complete the supplemental responses discussed above. The need for additional time is due, in part, to the fact that we just received yesterday Mattel's supplemental responses to MGA's First Set of Interrogatories. Consequently, Mr. Bryant currently intends to serve his supplemental responses on December 14, 2007.

Final note:

Finally, just so the record is clear and there is no misunderstanding, Mr. Bryant believes that his stated objections to all of the foregoing interrogatories are appropriate. His agreement to supplement his responses is not, and should not be construed as, any kind of admission that his objections are without merit. Rather, Mr. Bryant is agreeing to supplement certain of his responses in a good faith effort to avoid the time, expense and burden of additional discovery motion practice.

Very truly yours,

Matthew Werdega

MMW/mls

cc:    Thomas J. Nolan
       Alexander Cote

407830.01

**EXHIBIT 12 PAGE 128**

# EXHIBIT 13

1 | Hon. Edward A. Infante (Ret.)
  | JAMS
2 | Two Embarcadero Center
  | Suite 1500
3 | San Francisco, California 94111
  | Telephone:    (415) 774-2611
4 | Facsimile:    (415) 982-5287

5

6

7

8

9

                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

                         EASTERN DIVISION

10

11 | CARTER BRYANT, an individual,              | CASE NO. C 04-09049 SGL (RNBx)
                                                | JAMS Reference No. 1100049530
12 |            Plaintiff,

13 |        v.                                   | Consolidated with
                                                | Case No. CV 04-09059
14 | MATTEL, INC., a Delaware corporation,       | Case No. CV 05-2727

15 |            Defendant.                       | **ORDER GRANTING JOINT MOTION**
                                                 | **FOR PROTECTIVE ORDER**
16                                               | **REGARDING MATTEL'S**
                                                 | **INTERROGATORIES; DENYING**
17                                               | **MATTEL'S MOTION TO COMPEL**
                                                 | **INTERROGATORY RESPONSES**
18

19 | CONSOLIDATED WITH
   | MATTEL, INC. v. BRYANT and
20 | MGA ENTERTAINMENT, INC. v. MATTEL,
   | INC.
21

22

23 |                      I. INTRODUCTION

24 |        Presently pending are two separate motions pertaining to Mattel's Third Set of

25 | Interrogatories: (1) MGA Entertainment, Inc., MGA Entertainment (HK) LTD., Isaac Larian, and

26 | Carter Bryant's (collectively "Defendants") Joint Motion For Protective Order Regarding Mattel,

27

28 | Bryant v. Mattel, Inc.,                                                              1
   | CV-04-09049 SGL (RNBx)

9-05-07

**EXHIBIT 13 PAGE 129**

1  Inc.'s ("Mattel") Interrogatories[1]; and (2) Mattel's motion to compel Defendants to answer the

2  Third Set of Interrogatories.[2] Having considered the motion papers and the comments of counsel

3  at the hearing, the joint motion for a protective order is granted, and Mattel's motion to compel

4  interrogatory responses is denied.  MGA's request for sanctions in connection with Mattel's

5  motion to compel interrogatory responses is also denied.[3]

6  <center>II. BACKGROUND</center>

7       In December of 2004, Mattel served Carter Bryant ("Bryant") and MGA Entertainment,

8  Inc. ("MGA") with its First Set of Interrogatories, which consisted of a total of six interrogatories.

9  In April of 2005, Mattel served Bryant and MGA with its Second Set of Interrogatories, asking

10 Bryant four questions and MGA seven questions.  Of these, three interrogatories to Bryant were

11 identical to three interrogatories to MGA.  In December of 2006, Mattel served MGA with its

12 First Set of Interrogatories Re Claims of Unfair Competition, which consisted of ten additional

13 interrogatories.

14      During a scheduling conference held on February 12, 2007, the district court imposed a

15 limit on interrogatories of "50 for each side for both cases."  February 27, 2007 Minute Order,

16 Proctor Dec., Ex. 6; Tr. of scheduling conference, Proctor Dec., Ex. 7.  When MGA asked

17 whether all Defendants would count as one "side" under the court's order, the court confirmed

18 that was its intent:  "there's one party, essentially, on the other side, and [defendants] have two

19 parties."  Tr. of scheduling conference, Proctor Dec., Ex. 7.  After MGA clarified that there were

20 actually six Defendants, the court asked Bryant's counsel if Bryant would need to serve fifty

---

[1] Defendants submitted their joint motion on July 10, 2007. Mattel submitted its opposition on July 17, 2007. Defendants submitted their reply brief on July 20, 2007.

[2] Mattel submitted its motion to compel on July 18, 2007. Defendants submitted an opposition on August 1, 2007. Mattel submitted its reply brief on August 6, 2007.

[3] The Discovery Master determined that a hearing was not necessary.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 13 PAGE 130

1 | interrogatories on Mattel in addition to MGA's interrogatories.  Bryant stated that he probably

2 | would not.  The court responded as follows:

3 | > Let's try to work within the confines of the 50 interrogatories, and if you
4 | > need more, again, the court is going to be forthcoming, if there's a need for it.
5 | > And it's the type of order that if you can stipulate amongst yourselves, you're not
going to need an order from the court.

6 | > But if you're not agreeing amongst yourselves, then you're going to have
7 | > to come back to the court before you bust those limits.  Unlike every other order
the court issues, where once the court issues an order and you need an order from
8 | > the court to alter that, this is one that I will give you authority amongst yourselves
to stipulate to a greater number.  But [let's] be reasonable.  I can't imagine you
9 | > can't work this out.  I just don't want to have open-ended numbers of
interrogatories and experts.

10 | Id. at 24:5-18.  The court also directed the parties to return to court if they were unable to reach

11 | an agreement.  Id. at 24:23.

12 | On June 7, 2007, Mattel served its Third Set of Interrogatories on the "other side" –

13 | MGA, MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian ("Larian") and Bryant

14 | – asking each of these four defendants the same nineteen questions.  On July 9, 2007, MGA,

15 | MGA Hong Kong, Larian and Bryant each separately served objections to the Third Set of

16 | Interrogatories and no responses.  The parties met and conferred on July 10, 2007.  Defendants

17 | refused to answer any of the interrogatories, claiming that Mattel had exceeded the fifty

18 | interrogatory limit and that the interrogatories were otherwise objectionable on several grounds.

19 | Defendants contended that Mattel exceeded the 50 interrogatories limit by serving interrogatories

20 | that are compound and by serving interrogatories on multiple responding parties on the "same

21 | side."  By Defendants' calculations, when each discrete subpart of each of Mattel's

22 | interrogatories served on each of the responding parties are counted separately, Mattel has

23 | served, at a minimum, 227 separate interrogatories.  In contrast, Mattel contended that its

24 | interrogatories are not compound, and that each identical interrogatory it serves should be

25 | counted as one, regardless of how many parties it serves on the "other side."  By Mattel's

26 | calculations, it has propounded a total of forty-three non-identical interrogatories.  The parties

27 |

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 13 PAGE 131

1    also discussed potentially stipulating to a greater number of interrogatories but apparently did not

2    reach an agreement.

3       Defendants move for a protective order preventing Mattel from serving additional

4    interrogatories and requiring Mattel to serve a revised Third Set of Interrogatories or else identify

5    which interrogatories (or subparts) it wishes to be answered, consistent with the limits imposed

6    by the district court.  Mattel opposes the motion, contending that it has not exceeded the 50

7    interrogatory limit set by the district court.  In a separate motion, Mattel moves to compel

8    Defendants to provide responses to its Third Set of Interrogatories.

9                          III. STANDARDS

10       Under Federal Rules of Civil Procedure 26(c), a court may "make any order which justice

11    requires to protect a party or person from annoyance, embarrassment, oppression, or undue

12    burden or expense," including "that the disclosure or discovery not be had."

13                          IV. DISCUSSION

14       Defendants' motion for a protective order raises essentially three issues:  (1) whether an

15    identical interrogatory served on several Defendants should be counted as only one interrogatory

16    or counted separately for each Defendant served with the identical interrogatory; (2) whether an

17    interrogatory that requires a Defendant to "state all facts," "identify all persons with knowledge of

18    such facts," and "identify all documents" should be counted as a single interrogatory or three

19    separate interrogatories; and (3) whether an interrogatory that covers multiple claims, legal

20    theories or other subjects should be counted as a single interrogatory or multiple interrogatories.

21    A. The Fifty "Per Side" Limit

22       The district court limited interrogatories to fifty "per side."  Although the district court's

23    order does not speak directly to this issue, the most reasonable approach is to count one identical

24    interrogatory served on all six of the Defendants as one interrogatory.  Under this approach,

25    Mattel may serve a total of 50 non-identical interrogatories to the "other side," and Defendants

26    collectively may serve a total of 50 non-identical interrogatories on Mattel.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 13 PAGE 132

1   Defendants' alternative approach is not realistic because it would leave Mattel with far

2   fewer interrogatories than the 50 permitted by the district court.  Indeed, Defendants' approach

3   would not even provide Mattel with the presumptive limit of 25 interrogatories permitted under

4   Rule 33(a), Fed.R.Civ.P.  Under Defendants' approach, Mattel would be limited to approximately

5   eight interrogatories for each of the six Defendants, but Defendants would be allowed to serve 50

6   interrogatories on Mattel.  Such an imbalance would be fundamentally unfair.

7   Therefore, for purposes of applying the 50 interrogatory limit, one identical interrogatory

8   served on all six of the Defendants is counted as one interrogatory.

9   B. Interrogatories Requiring Responding Party to:  (1) state all facts; (2) identify all persons with

10  knowledge; and (3) identify all documents

11  Pursuant to Rule 33(a), Fed.R.Civ.P., "discrete subparts" of an interrogatory are to be

12  counted as separate interrogatories for purposes of the statutorily imposed limit on the number of

13  interrogatories a party may serve upon any other party.  Although Rule 33(a) does not define the

14  term "discrete subparts," The Advisory Committee addresses this issue and provides the

15  following guidance as to when subparts should and should not count as separate interrogatories:

16      Each party is allowed to serve 25 interrogatories upon any other party, but must
        secure leave of court (or stipulation from the opposing party) to serve a larger

17      number. Parties cannot evade this presumptive limitation through the device of
        joining as 'subparts' questions that seek information about discrete separate

18      subjects. However, a question asking about communications of a particular type
        should be treated as a single interrogatory even though it requests that the time,

19      place, persons present, and contents be stated separately for each such
        communication.

20

21  Advisory Committee Notes for the 1993 Amendments to Rule 33.  A leading treatise has

22  explained that "it would appear that an interrogatory containing subparts directed at eliciting

23  details concerning the common theme should be considered a single question, although the

24  breadth of an area inquired about may be disputable." 8A Charles A. Wright, Arthur R. Miller &

25  Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed. 1994). "Although

26  there is no bright-line test as to whether a subpart should be counted as an interrogatory, the

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                           5

**EXHIBIT 13 PAGE 133**

1  weight of authority interpreting Rule 33(a) requires examining whether the subparts are

2  'logically or factually subsumed within and necessarily related to the primary question.'"

3  Chapman v. California Dept. of Education, 2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) citing

4  Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998), quoting Ginn v. Gemini

5  Inc., 137 F.R.D. 320, 322 (D. Nev. 1991).

6         Cases applying Rule 33(a), Fed.R.Civ.P., however, have not been consistent in addressing

7  whether an interrogatory constitutes one or more interrogatories if it asks the responding party to

8  (1) state all facts, (2) identify all persons with knowledge of such facts, and/or (3) identify all

9  documents referring or relating to such facts.  On the one hand, for example, in United States ex

10  rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc., 235 F.R.D. 521, 524 (D.C. Cir. 2006),

11  the court explained that an "interrogatory may properly seek identification of documents and facts

12  supporting a contention, but it may not do so in a single interrogatory."  See also Nobles v. Jacobs

13  IMC, 2003 WL 23198817 (D. Virgin Islands 2003) (finding that an interrogatory that asks the

14  responding party to state all facts regarding a particular issue and to identify all persons having

15  knowledge of such information is two separate interrogatories); Chapman v. California Dept. of

16  Education, 2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) (treating an interrogatory seeking

17  disclosure of facts (including the identity of persons with knowledge) and documents as two

18  separate interrogatories); Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685-86 (D.

19  Nevada 1997) (determining that a subpart asking for documents in addition to facts should be

20  treated as two subparts).  On the other hand, for example, in Krawczyc v. City of Dallas, 2004

21  WL 614842 at *3 (N.D. Tex. 2004), the court held that an interrogatory asking a party to state

22  facts supporting a contention and to identify persons with knowledge of those facts counts as one

23  interrogatory because "[w]itnesses and their statements are facts," and hence the subpart is

24  "factually subsumed within and necessarily related to the primary question."

25         In the instant case, most of Mattel's interrogatories follow the same format, asking the

26  responding party to state all facts supporting a contention or contentions, to identity persons with

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 13 PAGE 134

1    knowledge, and to identify all documents that refer or relate to such acts.  Notwithstanding

2    caselaw to the contrary, these subparts are not discrete.  Rather, the subparts are related and

3    directed to the underlying details of a specifically identified contention (or contentions) in a

4    manner similar to the example given in the Advisory Committee Notes: "a question asking about

5    communications of a particular type should be treated as a single interrogatory even though it

6    requests that the time, place, persons present, and contents be stated separately for each such

7    communication."  Therefore, subparts seeking facts supporting a contention, the identity of

8    persons with knowledge, and documents are not counted separately for purposes of applying the

9    50 interrogatory limit.

10   C.  Interrogatories Addressing Several Discrete Issues

11           Notwithstanding the discussion above in Section "B," many of Mattel's interrogatories are

12   compound because they address discrete issues.  For example, Mattel has propounded the

13   following interrogatory:

14                 State all facts that support YOUR contention, if YOU so contend, that one
                 or more of MATTEL's claims against YOU in THIS ACTION is barred, in whole
15               or in part, by the doctrines of unclean hands, estoppel, waiver, or consent, and
                 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
16               that REFER OR RELATE TO such facts.[4]

17   This interrogatory is directed to four separate and discrete defense theories:  unclean hands,

18   estoppel, waiver and consent.  Therefore, the interrogatory is compound and each of the four

19   discrete subparts should be counted as a separate interrogatory.  See Safeco of America, 181

20   F.R.D. at 446 ("Where the underlying requests for admissions [that are the subject of an

21   interrogatory] concern different, separate, or discrete matters, however, the interrogatory should

22   be viewed as containing a subpart for each request."); see also Sec. Ins Co. v. Trustmark Ins. Co.,

23   2003 WL 22326563 (D. Conn. 2003) (finding that a single interrogatory seeking information

24

25

26           [4]  Mattel's Third Set of Interrogatories (No. 18), Glad Dec., Ex. 9.

27

28                                                                                              7
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

**EXHIBIT 13 PAGE 135**

1 | about all elements of a given claim was compound and explaining that each element of a claim is

2 | discrete and constitutes a separate interrogatory).

3 |     Mattel's next interrogatory is even more expansive, covering multiple legal theories and

4 | factual matters:

5 |         State all facts that support YOUR contention, if YOU so contend, that

6 |     YOU did not intentionally interfere with the INVENTIONS AGREEMENT or any other agreement or contract between MATTEL and BRYANT, or aid or abet

7 |     any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL, when BRYANT purported to TRANSFER and MGA purported to ACQUIRE

8 |     rights to BRATZ or when BRATZ performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

9 |     knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.[5]

10 | This interrogatory includes three different legal contentions: (1) intentional interference with the

11 | Inventions Agreement; (2) intentional interference with any other agreement or contract between

12 | Mattel and Bryant; and (3) aiding or abetting any breach of fiduciary duty or duty of loyalty

13 | owed by Bryant to Mattel.[6]  In addition, this interrogatory asks the responding party to apply two

14 | different sets of factual allegations to the three different legal contentions.  Therefore, the

15 | interrogatory consists of six discrete subparts, each of which counts as a separate interrogatory.

16 |     The following additional interrogatories contain similar types of discrete and separate

17 | subparts:  Mattel's First Set of Interrogatories (Unfair Competition), No. 5 (two discrete

18 | subparts); No. 10 (two discrete subparts); Mattel's Third Set of Interrogatories, No. 17 (two

19 | discrete subparts), No. 22 (two discrete subparts), No. 23 (4 discrete subparts), No. 25 (two

20 | discrete subparts), and No. 27 (2 discrete subparts).  When all of these discrete subparts are taken

21 | into consideration, it is evident that Mattel exceeded the 50 interrogatory limit when it

22 |

23 |

24 |     [5] Id. (No. 21).

25 |

26 |     [6] The portion of the interrogatory seeking contentions about a potential breach of a fiduciary duty or the duty of loyalty could potentially be interpreted as two separate interrogatories, but because these theories are similar and presumably would be based on interrelated facts, this portion of the interrogatory will count as one interrogatory.

27 |

28 | Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

    8

**EXHIBIT 13 PAGE 136**

1    propounded its Third Set of Interrogatories. Therefore, Defendants are entitled to a protective

2    order.

3                              V. CONCLUSION

4          For the reasons set forth above, Defendants' motion for a protective order is granted, and

5    Mattel's motion to compel responses to the Third Set of Interrogatories is denied. Mattel may

6    serve a Revised Third Set of Interrogatories that shall not exceed the 50 interrogatory limit

7    imposed by the district court. MGA's request for sanctions in connection with Mattel's motion to

8    compel interrogatory responses is denied.

9          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

10   Master, MGA shall file this Order with the Clerk of Court forthwith.

11

12

13   Dated: September 5, 2007

14                                  HON. EDWARD A. INFANTE (Ret.)
                                         Discovery Master
15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Bryant v. Mattel, Inc.,                                                        9
     CV-04-09049 SGL (RNBx)


**EXHIBIT 13 PAGE 137**

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 5, 2007, I served the attached ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER REGARDING MATTEL'S INTERROGATORIES; DENYING MATTEL'S MOTION TO COMPEL INTERROGATORY RESPONSES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 5, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT 13 PAGE 138

# EXHIBIT 14

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S THIRD SET OF INTERROGATORIES |
| MATTEL, INC., a Delaware corporation, | Discovery Cutoff:  October 22, 2007 |
| Defendant. | Final Pretrial Conf.:  January 14, 2008 Trial Date:  February 12, 2008 |
| AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.:  June 2, 2008 Trial Date:  July 1, 2008 |

PROPOUNDING PARTY:       Mattel, Inc.

RESPONDING PARTIES:      MGA Entertainment, Inc., Isaac Larian, Carter

Bryant and MGA Entertainment HK Limited

SET NO.:                 THREE

07209/2120252.5

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 14 PAGE 139

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant and MGA Entertainment HK Limited (collectively, "the Responding

4  Parties") individually answer the following Interrogatories separately and fully, in

5  writing and under oath, within 30 days after service hereof.  The Responding Parties

6  shall be obligated to supplement their responses to the Interrogatories at such times

7  and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

8

9                              **<u>Definitions</u>**

10    1.    "YOU" and "YOUR" mean each of the Responding Parties.

11    2.    "BRYANT" means Carter Bryant individually.

12    3.    "LARIAN" means Isaac Larian individually.

13    4.    "MGA" means MGA Entertainment, Inc., any of its current or

14  former employees, officers, directors, agents, representatives, attorneys, experts,

15  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

16  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

17  Without limiting the foregoing, "MGA" includes the entities known as ABC

18  International Traders or ABC International Traders, Inc.  For purposes of the these

19  Interrogatories, "MGA" does not include BRYANT.

20    5.    "MATTEL" means Mattel, Inc., its current employees, officers,

21  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

22  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23  PERSON acting on its behalf, pursuant to its authority or subject to its control.

24    6.    "AFFILIATES" means any and all corporations, proprietorships,

25  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

26  indirectly, in whole or in part, own or control, are under common ownership or

27  control with, or are owned or controlled by a PERSON, party or entity, including

28

07209/2120252.5

-1-

1 | without limitation each parent, subsidiary and joint venture of such PERSON, party

2 | or entity.

3 |        7.     "PERSON" or "PERSONS" means all natural persons,

4 | partnerships, corporations, joint ventures and any kind of business, legal or public

5 | entity or organization, as well as its, his or her agents, representatives, employees,

6 | officers and directors and any one else acting on its, his or her behalf, pursuant to

7 | its, his or her authority or subject to its, his or her control.

8 |        8.     "DESIGN" or "DESIGNS" means any and all representations,

9 | whether two-dimensional or three-dimensional, and whether in tangible, digital,

10 | electronic or other form, including but not limited to all works, designs, artwork,

11 | sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12 | diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13 | practice, developments, inventions and/or improvements, as well as all other items,

14 | things and DOCUMENTS in which any of the foregoing are or have been

15 | expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16 | or in part.

17 |        9.     "BRATZ" means any project, product, doll or DESIGN ever

18 | known by that name (whether in whole or in part and regardless of what such

19 | project, product or doll is or has been also, previously or subsequently called) and

20 | any product, doll or DESIGN or any portion thereof that is now or has ever been

21 | known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22 | in part and regardless of what such product, doll or DESIGN or portion thereof is or

23 | has been also, previously or subsequently called) or that is now or has ever been

24 | sold or marketed as part of the "Bratz" line, and each version or iteration of such

25 | product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

26 | DESIGN or any portion thereof" also includes without limitation any names,

27 | fashions, accessories, artwork, packaging or any other works, materials, matters or

28 | items included or associated therewith. Without limiting the generality of the

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 14 PAGE 141

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5     10.   "BRATZ INVENTION" means any representation, idea,

6  concept, work, process, procedure, plan, improvement, design or other development,

7  whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,

8  including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ.

9     11.   "SOLD," "SELL" or "SALE" means to distribute, market,

10 license, sell, offer to sell, or convey or transfer in any way for compensation.

11    12.   "BRATZ DOLL" means any doll that is or has ever been SOLD

12 that REFERS OR RELATES TO BRATZ.

13    13.   "BRATZ MOVIE" means any motion picture or film that is or

14 has ever been SOLD that REFERS OR RELATES TO BRATZ.

15    14.   "BRATZ TELEVISION SHOW" means any production

16 exhibited on television that is or has ever been SOLD that REFERS OR RELATES

17 TO BRATZ.

18    15.   "BRATZ PRODUCT" means any product, whether two-

19 dimensional or three-dimensional, and whether in tangible, digital, electronic or

20 other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

21 RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

22 MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

23 product that is or has ever been SOLD in any packaging that includes the name

24 "Bratz" or REFERS OR RELATES TO BRATZ.

25    16.   "ANGEL" refers to those projects, products, dolls or DESIGNS,

26 sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are

27 the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-

28 20, MGA000724-28 and MGA000734. Without limiting the generality of the

MATTEL'S THIRD SET OF INTERROGATORIES

**EXHIBIT 14 PAGE 142**

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "ANGEL" does not require that there be a doll existing

3  at the time of the event, incident or occurrence that is the subject of, or otherwise

4  relevant or responsive to, the Interrogatories.

5      17.   "ACQUIRE" means to acquire, obtain, have vested in, enter into

6  agreement for, buy, purchase, and/or procure in any way, or purport to do any of the

7  same.

8      18.   "TRANSFER" means to sell, license, give away, vest in or

9  transfer in any way, or purport to do any of the same.

10      19.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

11  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

12  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

13  limited to, all writings and records of every type and description including, but not

14  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

15  electronic mail ("e-mail"), records of telephone conversations, handwritten and

16  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

17  and summaries of meetings, voice recordings, pictures, photographs, drawings,

18  computer cards, tapes, discs, printouts and records of all types, studies, instruction

19  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

20  checks and every other device or medium by which or through which information of

21  any type is transmitted, recorded or preserved.  Without any limitation on the

22  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

23  from the original or other versions of the DOCUMENT, including, but not limited

24  to, all drafts and all copies of such drafts or originals containing initials, comments,

25  notations, insertions, corrections, marginal notes, amendments or any other variation

26  of any kind.

27      20.   "REFER OR RELATE TO" a given subject matter means relate

28  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

1  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

2  contradict, or in any way pertain to that subject matter, either directly or indirectly.

3        21.   "CREATED" means created, produced, prepared, authored,

4  improved, developed, altered, conceived of or reduced to practice, whether in whole

5  or in part, and whether alone or jointly with others.

6        22.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV

7  04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

8  therewith.

9        23.   "INVENTIONS AGREEMENT" means the Confidential

10 Information and Inventions Agreement signed by BRYANT on or about January 4,

11 1999 and produced in this action by MATTEL as M0001596, or any other version

12 of such January 4, 1999 agreement.

13        24.   "COMPLAINT" means Mattel, Inc.'s Complaint in Case No. CV

14 04-9059 SGL (RNBx), filed on April 27, 2004.

15        25.   "COUNTERCLAIMS" means Mattel, Inc.'s Amended Answer in

16 Case No. 05-2727 and Counterclaims, filed on January 12, 2007.

17        26.   "DIGITAL INFORMATION" means any information created or

18 stored digitally, including but not limited to electronically, magnetically or optically.

19        27.   "STORAGE DEVICE" means any computer hard drive,

20 memory, USB device, tape, storage array or any other device or medium that allows

21 a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

22 copy, retain, store or maintain DIGITAL INFORMATION.

23        28.   "IDENTIFY" or "IDENTITY" means the following:

24              (a)   with reference to an individual or individuals, means to

25 state, fully and separately as to each, such individual's full name, any known

26 business title, current or last known business affiliation, current or last known

27 residential address, current or last known business address, current or last known

28 relationship to MGA, and current or last known telephone number.

-5-

**EXHIBIT 14 PAGE 144**

1           (b)    with reference to an entity or entities, means to state, fully

2 and separately as to each, such entity's full name, state (or country) of incorporation

3 or organization, present or last known address, and present or last known telephone

4 number.

5           (c)    with reference to a BRATZ INVENTION or BRATZ

6 INVENTIONS, means to state, fully and separately as to each, the Bates-number of

7 any DOCUMENT which REFERS OR RELATES TO the BRATZ INVENTION or,

8 if no such DOCUMENT has been produced, a full and complete description of the

9 BRATZ INVENTION and of all DOCUMENTS that REFER OR RELATE to the

10 BRATZ INVENTION; the IDENTITY of the individual author(s) or creator(s) of

11 the BRATZ INVENTION as well as of each other individual who contributed in any

12 manner to the BRATZ INVENTION; the form, material and medium of the BRATZ

13 INVENTION, if any (e.g., preliminary three-dimensional resin sculpture, final

14 three-dimensional wax sculpture, digitized file of final three-dimensional wax

15 sculpture, two-dimensional design drawing on paper); the title or name of the

16 BRATZ INVENTION, if any; the version, modification, revision or iteration

17 number of the BRATZ INVENTION, if any; the current location of the original of

18 the BRATZ INVENTION; the first day and last day on which the BRATZ

19 INVENTION was CREATED; and whether the entire invention was CREATED

20 during the period of time listed in the Interrogatory and, if not, which aspects or

21 portions of the BRATZ INVENTION were CREATED during that period of time,

22 which were CREATED earlier, and which were CREATED later.

23           (d)    with reference to a STORAGE DEVICE, means to state,

24 fully and separately as to each, the individual(s) that use or have used the

25 STORAGE DEVICE; the current location of the STORAGE DEVICE if it presently

26 exists (including the IDENTITY of the PERSON who possesses the STORAGE

27 DEVICE) or, if it no longer exists, the date on which it was destroyed or disposed

28 of; the type of STORAGE DEVICE (e.g., hard drive, USB drive, etc.); whether the

1  STORAGE DEVICE has ever been copied or imaged and, if so, the current location

2  of each copy or image of the STORAGE DEVICE that has been made (including the

3  IDENTITY of the PERSONS who possess such copies or images) and the date(s) on

4  which such copies or images were made; the manufacturer name, brand, model

5  name, model number and serial number of the STORAGE DEVICE; and the

6  technical specifications and capacities of such STORAGE DEVICE.

7           (e)    with reference to a bank or financial institution account or

8  accounts, means to state, fully and separately as to each account, the name of the

9  bank or financial institution, the location and/or branch of the bank or financial

10  institution, the account number, the name in which the account is or was held, and

11  the time period during which the account is or was open.

12           (f)    with reference to a BRATZ PRODUCT, means to state,

13  fully and separately as to each, the full name of the product; the number of the

14  product; the SKU of the product; any other applicable designation of the product

15  useful for identification; the period of time during which the product was, has been

16  or will be SOLD; and the IDENTITY of each PERSON who has licensed from

17  YOU the right to SELL such BRATZ PRODUCT.

18           (g)    with reference to any other DOCUMENT or

19  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

20  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

21  respect to each such DOCUMENT, to provide a complete description of it such that

22  it may be the subject of a request for the production of documents, including by

23  stating the date, identity of the author, addressee(s), signatories, parties, or other

24  PERSONS identified therein, its present location or custodian and a description of

25  its contents.

26      29.    "Any" as used in these interrogatories includes the word "all,"

27  and the word "all" as used in these interrogatories includes the word "any."

28

07209/2120252.5

-7-

30.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## Instructions

A.     When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

## Interrogatories

INTERROGATORY NO. 12:

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

07209/2120252.5

-8-

1 | INTERROGATORY NO. 13:

2        IDENTIFY each and every BRATZ INVENTION YOU contend was
3 CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and
4 for each BRATZ INVENTION so identified state all FACTS that support YOUR
5 contention that such BRATZ INVENTION (or aspects or portions thereof) was
6 CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all
7 PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
8 RELATE TO such facts.

9

10 | INTERROGATORY NO. 14:

11        IDENTIFY each and every BRATZ INVENTION that was CREATED,
12 in whole or in part, after January 3, 1999 and before October 21, 2000, and for each
13 BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO
14 the timing of the creation of such BRATZ INVENTION and IDENTIFY all
15 PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
16 RELATE TO such facts.

17

18 | INTERROGATORY NO. 15:

19        State all facts that support YOUR contention, if YOU so contend, that,
20 assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL
21 pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over
22 and/or has superior rights to MATTEL as to such BRATZ INVENTION, and
23 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that
24 REFER OR RELATE TO such facts.

25

26 | INTERROGATORY NO. 16:

27        State all facts that support YOUR contention, if YOU so contend, that
28 the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

07209/2120252.5

-9-

EXHIBIT 14 PAGE 148

1  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

2  RELATE TO such facts.

3

4  INTERROGATORY NO. 17:

5         State all facts that support YOUR contention, if YOU so contend, that

6  one or more of MATTEL's claims against YOU in THIS ACTION is barred, in

7  whole or in part, by a statute of limitations and/or laches, and IDENTIFY all

8  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

9  RELATE TO such facts.

10

11  INTERROGATORY NO. 18:

12        State all facts that support YOUR contention, if YOU so contend, that

13  one or more of MATTEL's claims against YOU in THIS ACTION is barred by the

14  doctrines of unclean hands, estoppel, waiver, or consent, and IDENTIFY all

15  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

16  RELATE TO such facts.

17

18  INTERROGATORY NO. 19:

19        State all facts that support YOUR contention, if YOU so contend, that

20  MATTEL is not or would not be entitled to injunctive relief as requested in its

21  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

22  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all

23  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

24  RELATE TO such facts.

25

26  INTERROGATORY NO. 20:

27        State all facts that support YOUR contention, if YOU so contend, that

28  MATTEL is not entitled to an award of punitive or exemplary damages against

07209/2120252.5

MATTEL'S THIRD SET OF INTERROGATORIES

**EXHIBIT 14 PAGE 149**

1   YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

2   DOCUMENTS that REFER OR RELATE TO such facts.

3

4   INTERROGATORY NO. 21:

5          State all facts that support YOUR contention, if YOU so contend, that

6   YOU did not intentionally interfere with the INVENTIONS AGREEMENT or any

7   other agreement or contract between MATTEL and BRYANT, or aid or abet any

8   breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL, when

9   BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

10  BRATZ or when BRYANT performed work or services with or for MGA while

11  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

12  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

13  facts.

14

15  INTERROGATORY NO. 22:

16         State all facts that support YOUR contention, if YOU so contend, that

17  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

18  not own any rights in any BRATZ INVENTION when BRYANT purported to

19  TRANSFER and MGA purported to ACQUIRE rights to BRATZ or when

20  BRYANT performed work or services with or for MGA while BRYANT was

21  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such

22  facts and all DOCUMENTS that REFER OR RELATE TO such facts.

23

24  INTERROGATORY NO. 23:

25         State all facts that support YOUR contention, if YOU so contend, that

26  BRYANT did not breach the INVENTIONS AGREEMENT or BRYANT's duty of

27  loyalty or fiduciary duties to MATTEL when BRYANT purported to TRANSFER

28  rights to BRATZ to MGA or performed work or services with or for MGA while

07209/2120252.5

-11-

MATTEL'S THIRD SET OF INTERROGATORIES

**EXHIBIT 14 PAGE 150**

1   BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

2   knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

3   facts.

4

5   INTERROGATORY NO. 24:

6           IDENTIFY each and every bank or financial institution account that

7   REFERS OR RELATES TO LARIAN, including accounts in LARIAN's name or

8   for LARIAN's benefit, since January 1, 1999.

9

10  INTERROGATORY NO. 25:

11          IDENTIFY each and every STORAGE DEVICE that YOU have used

12  for any purpose which contains or contained DIGITAL INFORMATION that

13  REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

14

15  INTERROGATORY NO. 26:

16          IDENTIFY all PERSONS who at any time have been employed by or

17  under contract with MATTEL who are now or have been employed by or under

18  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

19  her name, date of hire or effective date of contract, the date on which YOU first had

20  contact with such PERSON regarding potential employment or contracting, the

21  date(s) on which such PERSON was interviewed for possible employment or

22  contracting, each title (if any) such PERSON has held while employed by or under

23  contract with YOU, and the date of termination (if applicable).

24

25  INTERROGATORY NO. 27:

26          For each concept, design, product, product packaging or other matter

27  that YOU contend MATTEL copied or infringed, including but not limited to those

28  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

1 | Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
2 | Supplemental Responses to such Interrogatory), state (a) the date that each such
3 | concept, design, product, product packaging or other matter was conceived, and (b)
4 | the date that each such concept, design, product, product packaging or other matter
5 | was first fixed in any tangible medium of expression (if ever), and IDENTIFY all
6 | PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE
7 | TO, the foregoing.

8

9 | INTERROGATORY NO. 28:

10 |         For each concept, design, product, product packaging or other matter
11 | that YOU contend MATTEL copied or infringed, including but not limited to those
12 | identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re
13 | Claims of Unfair Competition, Response to Interrogatory No. 2 (and any
14 | Supplemental Responses to such Interrogatory), describe, fully and separately, each
15 | and every concept, design, product, product packaging or other matter of or by
16 | MATTEL that YOU contend is a copy of or infringes YOUR alleged concept(s),
17 | design(s), product(s), product packaging or other matter.  Your answer should
18 | describe the Mattel concept, design, product, product packaging or other matter with
19 | specificity and in detail (including without limitation by product name, product
20 | number, SKU, or bar code number), and specify those elements or attributes of
21 | YOUR claimed concept, design, product, product packaging or other matter that
22 | YOU contend were copied or infringed by MATTEL.

23

24 | INTERROGATORY NO. 29:

25 |         For each trade dress for which YOU claim protectable trade dress rights
26 | in this ACTION, describe, fully and separately, each and every element that makes
27 | up the claimed trade dress.

28

1 | **INTERROGATORY NO. 30:**

2 |         IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or

3 | YOUR licensees and, as to each such BRATZ PRODUCT, state fully and separately

4 | (a) the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

5 | licensees, (b) the revenue received by YOU from such SALES of each such BRATZ

6 | PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ

7 | PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR

8 | gross and net profits from each such BRATZ PRODUCT.

9 |

10 | DATED: June 7, 2007                    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11 |

12 |                                        By_____

13 |                                           B. Dylan Proctor
                                               Attorneys for Plaintiff
14 |                                           Mattel, Inc.

MATTEL'S THIRD SET OF INTERROGATORIES

07209/2120252.5

**EXHIBIT 14 PAGE 153**

1

# PROOF OF SERVICE

2          I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4          On June 7, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S THIRD SET OF INTERROGATORIES** on the parties in this action as
5    follows:

6          Diana M. Torres, Esq.                    John W. Keker, Esq.
           **O'MELVENY & MYERS, LLP**              Michael H. Page, Esq.
7          400 S. Hope Street                       Christa M. Anderson, Esq.
           Los Angeles, CA 90071                    **KEKER & VAN NEST, LLP**
8                                                    710 Sansome Street
                                                     San Francisco, CA 94111
9

10   **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
     being served.

11         I declare that I am employed in the office of a member of the bar of this Court at whose
     direction the service was made.

12
           Executed on June 7, 2007, at Los Angeles, California.
13

14                                                 _____

15                                                 NOW LEGAL -- Dave Quintana

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2137828.1

**EXHIBIT 14 PAGE 154**