# EXHIBIT 15

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
6  Facsimile:  (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

                     EASTERN DIVISION
12

13
   CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)
14                                         (consolidated with CV 04-9059 & 05-
                        Plaintiff,         2727
15
          v.
16                                         CARTER BRYANT'S
   MATTEL, INC. a Delaware                 OBJECTIONS TO MATTEL, INC.'S
17 Corporation,                            THIRD SET OF
                                           INTERROGATORIES
18                      Defendant.

19
   CONSOLIDATED WITH MATTEL,               Discovery Cut-Off:  Oct. 22, 2007
20 INC., v. BRYANT and MGA                 Pre-Trial Conference:  Jan. 14, 2008
   ENTERTAINMENT, INC. v.                  Trial Date:   Feb. 12, 2008
21 MATTEL, INC.

22

23
       PROPOUNDING PARTY:     MATTEL, INC.
24
       RESPONDING PARTY:      CARTER BRYANT
25
       SET NO.:               THREE
26

27

28
                                                        cr|10|c7

   CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S THIRD SET OF INTERROGATORIES
                   CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 15 PAGE 155

Pursuant to Federal Rules of Civil Procedure 33, Carter Bryant responds and answers Mattel Inc.'s Third Set of Interrogatories as follows:

## Preliminary Statement and General Objections

1.      Bryant's responses are made to the best of Bryant's present knowledge, information and belief.  Bryant's responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Bryant's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts, as may result from further discovery or investigation.  Bryant reserves the right to amend or supplement his objections and responses.

2.      Bryant reserves the right to make any use of, or to introduce at any hearing or trial, information that is responsive to Mattel's interrogatories, but discovered subsequent to Bryant's responses herein.

3.      Bryant's responses are made based on his understanding and interpretation of each interrogatory.  Bryant reserves the right to supplement its objections and responses should Mattel's subsequently put forth an interpretation of any interrogatory that differs from those of Bryant,

4.      Bryant reserves the right to object on any ground at any time to such other or supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these interrogatories.

5.      The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any interrogatory.  Bryant reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

6.      Bryant objects to the definitions, instructions, and interrogatories to the extent they impose on Bryant obligations beyond those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, any orders entered by the Court in this Action, or other applicable law.

**EXHIBIT 15 PAGE 156**

1

7.      Bryant objects to the each and every interrogatory on that grounds that, with implied subparts, they are unduly burdensome and substantially exceed the limitations on interrogatories imposed by the Federal Rules and Judge Larson's February 22, 2007 order.

8.      Bryant objects to the definitions, instructions, and interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of Bryant, contains privileged attorney-client communications or is otherwise protected from disclosure by any other privileges, laws, or rules.  Bryant shall not produce such information in response to Mattel's interrogatories.  Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of those privileges or protections.  Bryant reserves the right to correct the record as to with regard to any such disclosure, as provided for in the Protective governing this case.

9.      Bryant objects to all instructions, definitions and interrogatories to the extent that they seek documents or information (1) not currently in Bryant's possession, custody, or control; (2) that Bryant cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to Bryant.  Such instructions, definitions, or requests are objectionable where they seek to require more of Bryant than any obligation imposed by the Federal Rule of Civil Procedure; subject Bryant to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon Bryant an obligation to investigate or discover information or materials from sources equally accessible to Mattel.

10.     Bryant objects to the interrogatories to the extent that they require disclosure of confidential, proprietary, or trade-secret information.

11.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, Bryant objects to providing responses to interrogatories that can be derived from documents that have or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for Bryant.

12.     Bryant objects to the interrogatories to the extent that they seek to restrict the facts on which Bryant may rely on at trial.  As previously mentioned, discovery has yet to be

2

1   completed in this case.  By responding and objecting to these interrogatories, Bryant does not

2   intend to, and does not, limit the evidence he may rely to support his contentions and defenses at

3   trial, or to rebut or impeach contentions, assertions, and evidence presented by Mattel.

4   Furthermore, Bryant reserves the right to supplement or amend his responses.  Bryant further

5   reserves the right to supplement or amend his responses.

6         13.     To the extent that the interrogatories seek information that will be the subject of

7   expert witness testimony, Bryant objects.  Such interrogatories are premature.

8         14.     Bryant objects to the Interrogatories to the extent they seek information that is not

9   in Bryant's possession, custody, or control.

10         15.     Bryant objects to the definitions and instructions to the extent such definitions and

11   instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any

12   specific term or specific interrogatories on the ground that such enlargement, expansion, or

13   alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly

14   burdensome, and/or uncertain.

15         16.     Bryant objects to any interrogatories that call for a legal conclusion.

16         17.     Bryant further objects to several of these interrogatories that appear to be directed

17   at other parties to the litigation and not to Bryant given the nature of the claims asserted against

18   Bryant in this case.

19         18.     Bryant objects to the terms YOU, YOUR, BRYANT, MGA, PERSON,

20   PERSONS, BRATZ, BRATZ INVENTION, BRATZ DOLL, BRATZ PRODUCT, ANGEL,

21   CREATED, TRANSFER, ACQUIRE, DIGITAL INFORMATION, STORAGE DEVICE,

22   IDENTIFY, IDENTITY as overbroad, unduly burdensome, vague, and ambiguous.  Bryant also

23   objects to these terms to the extent that the definitions call for legal conclusions.

24         19.     Bryant also objects to the terms "any" and "REFER OR RELATE TO" on the

25   grounds and to the extent that they are overbroad, unduly burdensome, and/or are vague and

26   ambiguous in the context of the interrogatories as written and as those interrogatories would be

27   plainly understood absent Mattel's definitions.

28         20.     Bryant's responses and objections to these interrogatories do not, and are not

1   intended to, waive his contention that anything he did on weekends, evenings ,vacation and any

2   other time outside ordinary business hours was not done while he was working for Mattel.

3   Bryant preserves and intends to preserve this contention.  Bryant's responses and objections may

4   not be taken as an admission that the information he provides in any way reflects or evidences

5   work performed by Mr. Bryant while he was working for Mattel or that Bryant adopts or agrees

6   with any fact or legal conclusion assumed, presumed or contained in Mattel's interrogatory.

7       21.    The above stated objections are incorporated by reference as though fully set forth

8   in each response below.  Subject to the existing Protective Order and without waiving any of the

9   foregoing objections, Bryant responds as follows:

10

11                          **Specific Responses and Objections**

12

13  **INTERROGATORY NO. 12:**

14      IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in

15  whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state

16  all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions

17  thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with

18  knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

19  **RESPONSE TO INTERROGATORY NO. 12:**

20      Bryant incorporates by reference his general objections.  Bryant further objects to this

21  interrogatory as compound because it contains discrete subparts that require separate, distinct

22  and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

23  is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this

24  interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

25  specifically with respect to the terms BRATZ INVENTION, CREATED, and REFER OR

26  RELATE TO.  Bryant objects to the extent that this interrogatory seeks information that is not in

27  Bryant's possession, custody, or control.

28      Bryant objects to this interrogatory because Mattel has propounded more than 50

---

4

1   interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

2   50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

3   previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

4   Bryant and MGA's joint motion for protective order.

5   **INTERROGATORY NO. 13:**

6        IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in

7   whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ

8   INVENTION so identified state all FACTS that support YOUR contention that such BRATZ

9   INVENTION (or aspects or portions thereof) was CREATED after October 19,2000 and before

10  June 1,2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

11  which REFER OR RELATE TO such facts.

12  **RESPONSE TO INTERROGATORY NO. 13:**

13        Bryant incorporates by reference his general objections.  Bryant further objects to this

14  interrogatory as compound because it contains discrete subparts that require separate, distinct

15  and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

16  is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this

17  interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

18  specifically with respect to the terms BRATZ INVENTION, CREATED, and REFER OR

19  RELATE TO.  Bryant further objects to the extent that this interrogatory seeks information that

20  is not in Bryant's possession, custody, or control.

21        Bryant objects to this interrogatory because Mattel has propounded more than 50

22  interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

23  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

24  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

25  Bryant and MGA's joint motion for protective order.

26

27  **INTERROGATORY NO. 14:**

28        IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in

1  part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so

2  identified state all FACTS that REFER OR RELATE TO the timing of the creation of such

3  BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all

4  DOCUMENTS which REFER OR RELATE TO such facts.

5  **RESPONSE TO INTERROGATORY NO. 14:**

6      Bryant incorporates by reference his general objections.  Bryant further objects to this

7  interrogatory as compound because it contains discrete subparts that require separate, distinct

8  and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

9  is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this

10  interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

11  specifically with respect to the terms BRATZ INVENTION, CREATED, and REFER OR

12  RELATE TO.  Bryant further objects to the extent that this interrogatory seeks information that

13  is not in Bryant's possession, custody, or control.

14      Bryant objects to this interrogatory because Mattel has propounded more than 50

15  interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

16  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

17  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

18  Bryant and MGA's joint motion for protective order.

19

20  **INTERROGATORY NO. 15:**

21      State all facts that support YOUR contention. if YOU so contend, that, assuming

22  BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the

23  INTENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to

24  MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of

25  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

26  **RESPONSE TO INTERROGATORY NO. 15:**

27      Bryant incorporates by reference his general objections.  Bryant further objects to this

28  interrogatory as compound because it contains discrete subparts that require separate. distinct

1    and multiple responses.  Bryant also objects that this interrogatory is unintelligible, vague and

2    ambiguous.  Bryant objects to this interrogatory on the ground that it is overbroad, vague and

3    ambiguous both generally and specifically with respect to the terms BRATZ INVENTION and

4    REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to the extent it calls

5    for the disclosure of attorney-client privileged information, information protected from

6    disclosure by the work-product doctrine, the joint defense privilege, or the common interest

7    privilege.  Bryant further objects to the extent that this interrogatory seeks information that is not

8    in Bryant's possession, custody, or control.

9        Bryant objects to this interrogatory because Mattel has propounded more than 50

10    interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

11    50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

12    previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

13    Bryant and MGA's joint motion for protective order.

14

15    **INTERROGATORY NO. 16:**

16        State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS

17    AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of

18    such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

19    **RESPONSE TO INTERROGATORY NO. 16:**

20        Bryant incorporates by reference his general objections.  Bryant further objects to this

21    interrogatory as compound because it contains discrete subparts that require separate, distinct

22    and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

23    is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this

24    interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

25    specifically with respect to the term REFER OR RELATE TO.  In addition, Bryant objects to

26    this interrogatory to the extent it calls for the disclosure of attorney-client privileged information,

27    information protected from disclosure by the work-product doctrine, the joint defense privilege,

28    or the common interest privilege.  Bryant further objects to the extent that this interrogatory

CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 15 PAGE 162**

1    seeks information that is not in Bryant's possession, custody, or control.

2         Bryant objects to this interrogatory because Mattel has propounded more than 50

3    interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

4    50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

5    previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

6    Bryant and MGA's joint motion for protective order.

7

8    **INTERROGATORY NO. 17:**

9         State all facts that support YOUR contention, if YOU so contend, that one or more of

10   MATTEL's claims against YOU in THIS ACTION is barred, in whole or in part, by a statute of

11   limitations and/or laches, and IDENTIFY all PERSONS with knowledge of such facts and all

12   DOCUMENTS that REFER OR RELATE TO such facts.

13   **RESPONSE TO INTERROGATORY NO. 17:**

14        Bryant incorporates by reference his general objections.  Bryant further objects to this

15   interrogatory as compound because it contains discrete subparts that require separate, distinct

16   and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

17   is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this

18   interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

19   specifically with respect to the term REFER OR RELATE TO.  In addition, Bryant objects to

20   this interrogatory to the extent it calls for the disclosure of attorney-client privileged information,

21   information protected from disclosure by the work-product doctrine, the joint defense privilege,

22   or the common interest privilege.  Bryant further objects to the extent that this interrogatory

23   seeks information that is not in Bryant's possession, custody, or control.

24        Bryant objects to this interrogatory because Mattel has propounded more than 50

25   interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

26   50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

27   previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

28   Bryant and MGA's joint motion for protective order.

1

2  **INTERROGATORY NO. 18:**

3        State all facts that support YOUR contention, if YOU so contend, that one or more of

4  MATTEL's claims against YOU in THIS ACTION is barred by the doctrines of unclean hands,

5  estoppel, waiver, or consent, and IDENTIFY all PERSONS with knowledge of such facts and all

6  DOCUMENTS that REFER OR RELATE TO such facts.

7  **RESPONSE TO INTERROGATORY NO. 18:**

8        Bryant incorporates by reference his general objections.  Bryant further objects to this

9  interrogatory as compound because it contains discrete subparts that require separate, distinct

10  and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

11  is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this

12  interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

13  specifically with respect to the term REFER OR RELATE TO.  In addition, Bryant objects to

14  this interrogatory to the extent it calls for the disclosure of attorney-client privileged information,

15  information protected from disclosure by the work-product doctrine, the joint defense privilege,

16  or the common interest privilege.

17        Bryant objects to this interrogatory because Mattel has propounded more than 50

18  interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

19  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

20  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

21  Bryant and MGA's joint motion for protective order.

22

23  **INTERROGATORY NO. 19:**

24        State all facts that support YOUR contention, if YOU so contend, that MATTEL is not or

25  would not be entitled to injunctive relief as requested in its COMPLAIN and/or

26  COUNTERCLAIMS if it is ultimately determined that MATTEL owns one or more BRATZ

27  INVENTIONS, and IDENTIFY all PERSONS with knowledge of such facts and all

28  DOCUMENTS that REFER OR RELATE TO such facts.

9

CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 15 PAGE 164**

**RESPONSE TO INTERROGATORY NO. 19:**

Bryant incorporates by reference his general objections.  Bryant further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this interrogatory on the ground that it is overbroad, vague and ambiguous both generally and specifically with respect to the term REFER OR RELATE TO.  In addition, Bryant objects to this interrogatory to the extent it calls for the disclosure of attorney-client privileged information, information protected from disclosure by the work-product doctrine, the joint defense privilege, or the common interest privilege.

Bryant objects to this interrogatory because Mattel has propounded more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding Bryant and MGA's joint motion for protective order.

**INTERROGATORY NO. 20:**

State all facts that support YOUR contention, if YOU so contend, that MATTEL is not entitled to an award of punitive or exemplary damages against YOU, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 20:**

Bryant incorporates by reference his general objections.  Bryant further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this interrogatory on the ground that it is overbroad, vague and ambiguous both generally and specifically with respect to the term REFER OR RELATE TO.  In addition, Bryant objects to

10

1  this interrogatory to the extent it calls for the disclosure of attorney-client privileged information,

2  information protected from disclosure by the work-product doctrine, the joint defense privilege,

3  or the common interest privilege.  Bryant further objects to the extent that this interrogatory

4  seeks information that is not in Bryant's possession, custody, or control.

5          Bryant objects to this interrogatory because Mattel has propounded more than 50

6  interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

7  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

8  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

9  Bryant and MGA's joint motion for protective order.

10

11  **INTERROGATORY NO. 21:**

12          State all facts that support YOUR contention, if YOU so contend, that YOU did not

13  intentionally interfere with the INVENTIONS AGREEMENT or any other agreement or contract

14  between MATTEL and BRYANT, or aid or abet any breach of fiduciary duty or duty of loyalty

15  owed by BRYANT to MATTEL, when BRYANT purported to TRANSFER and MGA

16  purported to ACQUIRE rights to BRATZ or when BRYANT performed work or services with or

17  for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

18  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

19  **RESPONSE TO INTERROGATORY NO. 21:**

20          Bryant incorporates by reference his general objections.  Bryant further objects to this

21  interrogatory as compound because it contains discrete subparts that require separate, distinct

22  and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

23  is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this

24  interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

25  specifically with respect to the term REFER OR RELATE TO.  In addition, Bryant objects to

26  this interrogatory to the extent it calls for the disclosure of attorney-client privileged information,

27  information protected from disclosure by the work-product doctrine, the joint defense privilege,

28  or the common interest privilege.  Bryant further objects to the extent that this interrogatory

1    seeks information that is not in Bryant's possession, custody, or control.

2              Bryant objects to this interrogatory because Mattel has propounded more than 50

3    interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

4    50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

5    previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

6    Bryant and MGA's joint motion for protective order.

7

8    **INTERROGATORY NO. 22:**

9              State all facts that support YOUR contention, if YOU so contend, that YOU acted with

10   an innocent state of mind or reasonably believed that MATTEL did not own any rights in any

11   BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to

12   ACQUIRE rights to BRATZ or when BRYANT performed work or services with or for MGA

13   while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of

14   such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

15   **RESPONSE TO INTERROGATORY NO. 22:**

16             Bryant incorporates by reference his general objections.  Bryant further objects to this

17   interrogatory as compound because it contains discrete subparts that require separate, distinct

18   and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

19   is vague, ambiguous, overbroad and unduly burdensome.  Bryant also objects to this

20   interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

21   specifically with respect to the terms ACQUIRE, TRANSFER and REFER OR RELATE TO.  In

22   addition, Bryant objects to this interrogatory to the extent it calls for the disclosure of attorney-

23   client privileged information, information protected from disclosure by the work-product

24   doctrine, the joint defense privilege, or the common interest privilege.  Bryant further objects to

25   the extent that this interrogatory seeks information that is not in Bryant's possession, custody, or

26   control.

27             Bryant objects to this interrogatory because Mattel has propounded more than 50

28   interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

12

**EXHIBIT 15 PAGE 167**

1  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]." MGA and Bryant

2  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

3  Bryant and MGA's joint motion for protective order.

4

5  **INTERROGATORY NO. 23:**

6      State all facts that support YOUR contention, if YOU so contend, that BRYANT did not

7  breach the INVENTIONS AGREEMENT or BRYANT's duty of loyalty or fiduciary duties to

8  MATTEL when BRYANT purported to TRANSFER right to BRATZ to MGA or performed

9  work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY

10  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE

11  TO such facts.

12  **RESPONSE TO INTERROGATORY NO. 23:**

13      Bryant incorporates by reference his general objections. Bryant further objects to this

14  interrogatory as compound because it contains discrete subparts that require separate, distinct

15  and multiple responses. Furthermore, Bryant objects to this interrogatory on the grounds that it

16  is vague, ambiguous, overbroad and unduly burdensome. Bryant also objects to this

17  interrogatory on the ground that it is overbroad, vague and ambiguous both generally and

18  specifically with respect to the terms TRANSFER and REFER OR RELATE TO. In addition,

19  Bryant objects to this interrogatory to the extent it calls for the disclosure of attorney-client

20  privileged information, information protected from disclosure by the work-product doctrine, the

21  joint defense privilege, or the common interest privilege. Bryant further objects to the extent that

22  this interrogatory seeks information that is not in Bryant's possession, custody, or control.

23      Bryant objects to this interrogatory because Mattel has propounded more than 50

24  interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

25  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]." MGA and Bryant

26  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

27  Bryant and MGA's joint motion for protective order.

28

CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 15 PAGE 168**

1  **INTERROGATORY NO. 24:**

2      IDENTIFY each and every bank or financial institution account that REFERS OR

3  RELATES TO LARIAN, including accounts in LARIAN's name or for LARIAN'S benefit,

4  since January 1, 1999.

5

6  **RESPONSE TO INTERROGATORY NO. 24:**

7      Bryant incorporates by reference his general objections.  Bryant further objects to this

8  interrogatory as overbroad and unduly burdensome, and seeks information not relevant to the

9  subject matter of this litigation or reasonably calculated to lead to the discovery of admissible

10  evidence.  Bryant further objects to the extent that this interrogatory seeks information that is not

11  in Bryant's possession, custody, or control.

12      Bryant objects to this interrogatory because Mattel has propounded more than 50

13  interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

14  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

15  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

16  Bryant and MGA's joint motion for protective order.

17

18  **INTERROGATORY NO. 25:**

19      IDENTIFY each and every STORAGE DEVICE that YOU have used for any purpose

20  which contains or contained DIGITAL INFORMATION that REFERS OR RELATES TO

21  BRATZ and/or ANGEL prior to January 1,2002.

22  **RESPONSE TO INTERROGATORY NO. 25:**

23      Bryant incorporates by reference his general objections.  Bryant further objects to this

24  interrogatory as compound because it contains discrete subparts that require separate, distinct

25  and multiple responses.  Specifically, the definition for the terms IDENTIFY, and STORAGE

26  DEVICE requires Bryant to provide separate, distinct, and multiple responses.  Bryant further

27  objects to this interrogatory as overbroad and unduly burdensome, and seeks information not

28  relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of

**EXHIBIT 15 PAGE 169**

1    admissible evidence.  Bryant further objects to the extent that this interrogatory seeks

2    information that is not in Bryant's possession, custody, or control.

3         Bryant objects to this interrogatory because Mattel has propounded more than 50

4    interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

5    50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

6    previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

7    Bryant and MGA's joint motion for protective order.

8

9    **INTERROGATORY NO. 26:**

10         IDENTIFY all PERSONS who at any time have been employed by or under contract with

11    MATTEL who are now or have been employed by or under contract with YOU since January 1,

12    1999, and, for each such PERSON, state his or her name, date of hire or effective date of

13    contract, the date on which YOU first had contact with such PERSON regarding potential

14    employment or contracting, the date(s) on which such PERSON was interviewed for possible

15    employment or contracting, each title (if any) such PERSON has held while employed by or

16    under contract with YOU, and the date of termination (if applicable).

17    **RESPONSE TO INTERROGATORY NO. 26:**

18         Bryant incorporates by reference his general objections.  Bryant further objects to this

19    interrogatory as compound because it contains discrete subparts that require separate, distinct

20    and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

21    is vague, ambiguous, overbroad and unduly burdensome, and because it seeks information not

22    relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of

23    admissible evidence.

24         Bryant objects to this interrogatory because Mattel has propounded more than 50

25    interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

26    50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

27    previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

28    Bryant and MGA's joint motion for protective order.

15

CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 15 PAGE 170**

1

2   **INTERROGATORY NO. 27:**

3          For each concept, design, product, product packaging or other matter  that YOU contend

4   MATTEL copied or infringed, including but not limited to those identified in MGA's Responses

5   To Mattel's First Set Of Interrogatories Re Claims Of Unfair Competition, Response To

6   Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state (a) the date

7   that each such concept, design, product, product packaging or other matter was conceived, and

8   (b) the date that each such concept, design, product, product packaging or other matter was first

9   fixed in any tangible medium of expression (if ever), and IDENTIFY all PERSONS with

10  knowledge of, and all DOCUMENTS that REFER OR RELATE  TO, the foregoing.

11  **RESPONSE TO INTERROGATORY NO. 27:**

12         Bryant incorporates by reference his general objections.  Bryant further objects to this

13  interrogatory as compound because it contains discrete subparts that require separate, distinct

14  and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

15  is overbroad and unduly burdensome.  In addition, Bryant objects to this interrogatory to the

16  extent it calls for the disclosure of attorney-client privileged information, information protected

17  from disclosure by the work-product doctrine, the joint defense privilege, or the common interest

18  privilege.  Bryant further objects to the extent that this interrogatory seeks information that is not

19  in Bryant's possession, custody, or control.

20         Bryant objects to this interrogatory because Mattel has propounded more than 50

21  interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

22  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

23  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

24  Bryant and MGA's joint motion for protective order.

25

26  **INTERROGATORY NO. 28:**

27         For each concept, design, product, product packaging or other matter that YOU contend

28  MATTEL copied or infringed, including but not limited to those identified in MGA's Responses

16

**EXHIBIT 15 PAGE 171**

1    to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, Response to.

2    Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), describe, fully and

3    separately, each and every concept, design, product, product packaging or other matter of or by

4    MATTEL that YOU contend is a copy of or infringes YOUR alleged concept(s), design(s),

5    product(s), product packaging or other matter. Your answer should describe the Mattel concept,

6    design, product, product packaging or other matter with specificity and in detail (including

7    without limitation by product name, product number, SKU, or bar code number), and specify

8    those elements or attributes of YOUR claimed concept, design, product, product packaging or

9    other matter that YOU contend were copied or infringed by MATTEL.

10   **RESPONSE TO INTERROGATORY NO. 28:**

11       Bryant incorporates by reference his general objections. Bryant further objects to this

12   interrogatory as compound because it contains discrete subparts that require separate, distinct

13   and multiple responses. Furthermore, Bryant objects to this interrogatory on the grounds that it

14   is overbroad and unduly burdensome. In addition, Bryant objects to this interrogatory to the

15   extent it calls for the disclosure of attorney-client privileged information, information protected

16   from disclosure by the work-product doctrine, the joint defense privilege, or the common interest

17   privilege.

18       Bryant objects to this interrogatory because Mattel has propounded more than 50

19   interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

20   50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]." MGA and Bryant

21   previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

22   Bryant and MGA's joint motion for protective order.

23

24   **INTERROGATORY NO. 29:**

25       For each trade dress for which YOU claim protectable trade dress rights in this ACTION,

26   describe, fully and separately, each and every element that makes up the claimed trade dress.

27   **RESPONSE TO INTERROGATORY NO. 29:**

28       Bryant incorporates by reference his general objections. Bryant further objects to this

17

CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 15 PAGE 172**

1  interrogatory as compound because it contains discrete subparts that require separate, distinct

2  and multiple responses.  Bryant further objects to this interrogatory to the extent it calls for the

3  disclosure of attorney-client privileged information, information protected from disclosure by the

4  work-product doctrine, the joint defense privilege, or the common interest privilege.

5      Bryant objects to this interrogatory because Mattel has propounded more than 50

6  interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

7  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

8  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

9  Bryant and MGA's joint motion for protective order.

10

11  **INTERROGATORY NO. 30:**

12      IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR licensees

13  and, as to each such BRATZ PRODUCT, state fully and separately (a) the number of units of

14  each such BRATZ PRODUCT SOLD by YOU or YOUR licensees, (b) the revenue received by

15  YOU from such SALES of each such BRATZ PRODUCT, (c) all costs YOU have incurred in

16  connection with each such BRATZ PRODUCT, including but not limited to YOUR cost of

17  goods sold, and (d) YOUR gross and net profits from each such BRATZ PRODUCT.

18  **RESPONSE TO INTERROGATORY NO. 30:**

19      Bryant incorporates by reference his general objections.  Bryant further objects to this

20  interrogatory as compound because it contains discrete subparts that require separate, distinct

21  and multiple responses.  Furthermore, Bryant objects to this interrogatory on the grounds that it

22  is overbroad and unduly burdensome.  Bryant further objects to the extent that this interrogatory

23  seeks information that is not in Bryant's possession, custody, or control.

24      Bryant objects to this interrogatory because Mattel has propounded more than 50

25  interrogatories.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to

26  50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."  MGA and Bryant

27  previously raised this issue with Mattel, and the parties have agreed to meet and confer regarding

28  Bryant and MGA's joint motion for protective order.

1

2   Dated:  July 9, 2007                          KEKER & VAN NEST, LLP

3

4

5   By: _____

6       Michael Page
        Attorneys for Plaintiff
        CARTER BRYANT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S THIRD SET OF INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT 15 PAGE 174

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On July 9, 2007, I served the following document(s):

## CARTER BRYANT'S OBJECTIONS TO MATTEL, INC.'S THIRD SET OF INTERROGATORIES

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery; AND

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| John B. Quinn<br>Michael T. Zeller<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017-2543<br>Tel:    213/443-3000<br>Fax:    213/443-3100<br>Email:  johnquinn@quinnemanuel.com<br>Email:  michaelzeller@quinnemanuel.com | Diana M. Torres<br>O'Melveny & Myers, LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>Tel:    213/430-6000<br>Fax:    213/430-6407<br>Email: dtorres@omm.com |

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:    310/553-3000
Fax:    310/556-2920
Email: pglaser@chrisglase.com

Executed on July 9, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Jacquelynn Smith_
Jacquelynn Smith

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

**EXHIBIT 15 PAGE 175**

# EXHIBIT 16

1  DALE M. CENDALI (admitted *pro hac vice*)
   JAMES P. JENAL (S.B. #180190)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA  90071-2899
   Telephone:  (213) 430-6000
4  Facsimile:   (213) 430-6407
   jjenal@omm.com
5
   PATRICIA GLASER (S.B. #55668)
6  CHRISTENSEN, GLASER, FINK,
   JACOBS, WEIL & SHAPIRO, LLP
7  10250 Constellation Boulevard, 19th Floor
   Los Angeles, CA 90067
8  Telephone:  (310) 553-3000
   Facsimile:   (310) 557-9815
9
   Attorneys for MGA Entertainment, Inc.
10
   MICHAEL H. PAGE (S.B. #154913)
11 KEKER & VAN NEST LLP
   710 Sansome Street
12 San Francisco, CA  94111
   Telephone:  (415) 391-5400
13 Facsimile:   (415) 397-7188
14 Attorneys for Carter Bryant
15          UNITED STATES DISTRICT COURT
16          CENTRAL DISTRICT OF CALIFORNIA
17                   EASTERN DIVISION
18

| | |
|---|---|
| 19  CARTER BRYANT, an individual, | Case No.  CV 04-9049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727) |
| 20                   Plaintiff, | |
| 21          v. | [DISCOVERY MATTER] |
| 22  MATTEL, INC., a Delaware corporation, | MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LTD., ISAAC LARIAN, AND CARTER BRYANT'S JOINT NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER REGARDING MATTEL'S INTERROGATORIES |
| 23                   Defendant. | |
| 24  AND CONSOLIDATED ACTIONS | |
| 25 | |
| 26 | Hearing Date:     T.B.D. |
| 27 | Time:             T.B.D. Discovery Cutoff:  October 22, 2007 |
| 28 | Trial Date:       February 12, 2008 |

JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT 16 PAGE 176

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that, at a telephonic conference before Discovery

3 | Master Hon. Edward Infante (Ret.) that will occur at a time to be determined by

4 | Judge Infante, MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd.

5 | ("MGA (HK)"), Isaac Larian ("Mr. Larian"), and Carter Bryant ("Bryant") jointly

6 | will, and hereby do, move the Discovery Master to issue a protective order to limit

7 | the number of interrogatories that Mattel, Inc. ("Mattel") may serve on the parties,

8 | in compliance with the number previously ordered by the District Court.

9 |     This Motion is made pursuant to Federal Rule of Civil Procedure 26 on the

10 | grounds that Mattel has served more than the 50 interrogatories allowed per side by

11 | the District Court's Order and has refused to withdraw or to otherwise serve a

12 | revised set of interrogatories so as to comply with the limit imposed by the District

13 | Court.

14 |     The parties met and conferred regarding this Motion pursuant to Local Rule

15 | 37-1 on July 10, 2007.

16 |     This Motion is based on this Notice of Motion and Motion, the

17 | accompanying Memorandum of Points and Authorities, the Declaration of B.

18 | Jennifer Glad filed concurrently herewith and attached exhibits, the record and files

19 | of this Court, and all other matters of which the Court may take judicial notice.

20 |

21 | Dated: July 10, 2007           O'MELVENY & MYERS LLP

22 |

23 |                        By: James P. Jenal

23 |                        Attorneys for MGA Entertainment, Inc.,

24 |                        MGA Entertainment (HK) Ltd., and
                       Isaac Larian

25 | Dated: July 10, 2007           KEKER & VAN NEST LLP

26 |

27 |                        By: Michael H. Page
                       Attorneys for Carter Bryant

28 |

- 2 -       JOINT MOTION FOR PROTECTIVE ORDER
                           CASE NO. CV 04-9049

EXHIBIT 16 PAGE 177

## I.    INTRODUCTION

Mattel's most recent set of interrogatories is one more example of Mattel's attempts to avoid the District Court's limits on discovery and to engage in abusive and excessive discovery tactics.[1] As Mattel is well aware, the District Court limited the number of interrogatories allowed in the consolidated actions to "50 for each side." In an attempt to circumvent this limitation, however, Mattel has served a series of compound interrogatories which well exceed the number of interrogatories allowed per side. Mattel has also served its most recent set of interrogatories on multiple responding parties, claiming that each interrogatory in that set constitutes only one interrogatory. However, this latest set alone exceeds the total number of interrogatories allowed in the consolidated actions. In fact, Mattel has served more than *five times* the amount of interrogatories allowed by the District Court.

When MGA pointed out Mattel's excessive interrogatories and asked that Mattel withdraw them and serve a revised set consistent with the number of interrogatories allowed by the District Court, Mattel refused. Mattel's conduct belies its claims of cooperation, which it has made repeatedly to both the Discovery Master and the District Court. Mattel's attempt to circumvent the District Court's limitations on discovery and to serve, conservatively, ***227 separate interrogatories,*** should not be allowed.

Accordingly, for the reasons set forth below, the Court should issue a protective order preventing Mattel from serving additional interrogatories and continuing to engage in its abusive and excessive discovery,[2] and require Mattel to serve revised interrogatories or else identify the interrogatories, or subparts of

---

[1] MGA's motions for protective orders in response to Mattel's bandying and abusive 30(b)(6) deposition practice, among others, will be filed separately.

[2] Mattel has also engaged in a practice of serving excessive Requests for Admission. Although the District Court has not currently set any limit on the number of Requests for Admission a party may ask, Mattel's behavior in this regard is consistent with its pattern of serving excessive interrogatories and other abusive discovery tactics. Indeed, to date Mattel has served *4,257* separate Requests for Admission on MGA, MGA (HK), Mr. Larian and Bryant. *See* Declaration of B. Jennifer Glad ("Glad Decl."), ¶ 5.

JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT 16 PAGE 178

1   interrogatories, it wishes to be answered, consistent with the limits imposed by the

2   District Court.

3   **II.     STATEMENT OF FACTS**

4           Since the inception of this case, Mattel has served multiple sets of

5   interrogatories on Bryant and MGA.  On December 27 and 28, 2004, Mattel served

6   its First Sets of Interrogatories on Bryant and MGA, respectively, followed by its

7   Second Sets of Interrogatories propounded on Bryant and MGA on April 28, 2005.

8   Thereafter, on December 20, 2006, Mattel served its First [sic] Set of

9   Interrogatories Re: Claims of Unfair Competition on MGA.

10          On February 12, 2007, the District Court held a scheduling conference,

11  during which time the Court specifically stated that it wanted parameters placed on

12  discovery due to its concern over what it clearly thought was excessive requests for

13  discovery.[3]  In particular, the District Court stated that the parties were limited to 50

14  interrogatories per side for the consolidated actions, in addition to imposing limits

15  on the number of expert and non-expert depositions.[4]  When the issue was raised

16  that the Federal Rules ordinarily provide for interrogatories to "parties" rather than

17  to "sides," the District Court specifically stated that the parties were to work within

18  the confines of the 50 interrogatories allowed per side.[5]  In the hearing before Judge

19  Larson, the parties all agreed to the limitation on the number of interrogatories,

20  however, Mattel has now revealed that it never intended to so limit itself.

21          On June 7, 2007, Mattel served its Third Set of Interrogatories on Bryant,

22  MGA, MGA (HK) and Mr. Larian.  Upon review of this most recent set of Mattel's

---

[3] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12, 2007, at 8:19-25 ("Speaking of discovery -- and this is part of what gives the court so much pause in terms of continuing to let this case go on without some kind of parameters -- that is the mutual request for no limit on the number of expert depositions.  You're asking for 40 non-expert depositions with no limit on the number of Rule 30(b)(6) witnesses.  That is disconcerting."), 24:16-18 ("I just don't want to have open-ended numbers of interrogatories and experts."))

[4] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12, 2007, at 20:21-23:11).

[5] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12, 2007, at 23:12-24:18).

- 4 -                          JOINT MOTION FOR PROTECTIVE ORDER
                              CASE NO. CV 04-9049

EXHIBIT 16 PAGE 179

1  interrogatories, however, it was apparent that Mattel had willfully violated the

2  District Court's Order by exceeding the number of interrogatories allowed per side

3  even though it had never requested that the District Court increase the number of

4  interrogatories allowed.[6]

5        Thereafter, on July 2, 2007, counsel for MGA, MGA (HK), Mr. Larian and

6  Bryant requested that Mattel either withdraw its excessive interrogatories or meet

7  and confer in anticipation of a joint motion for a protective order.[7]  Mattel refused

8  to withdraw its interrogatories, claiming that it had served fewer than 50

9  interrogatories to date, and that none of its interrogatories constituted more than one

10  interrogatory.[8]  Although Mattel originally agreed to meet and confer on July 9,

11  2007, Mattel later stated that it was unavailable to meet on that date and instead

12  insisted that the parties meet and confer on July 10, 2007, the day *after* the parties'

13  responses were due, to discuss this issue as well as to address Mattel's anticipated

14  motion to compel on the same.[9]  MGA, MGA (HK), Mr. Larian and Bryant

15  subsequently served objections to Mattel's improper and excessive interrogatories

16  on July 9, 2007.  Thereafter, on July 10, 2007, the parties met and conferred, at

17  which time Mattel reiterated its refusal to withdraw its Third Set of

18  Interrogatories.[10]

19        To date, Mattel has served a total of 46 differently numbered interrogatories,

20  the vast majority of which are compound or were served on multiple responding

21  parties, thus constituting multiple interrogatories.[11]  Thus, due to the compound

22  nature of its interrogatories, and the fact that its most recent set was served on four

23

24  [6] Any such request to increase the number of interrogatories allowed must be made to the District Court.  *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February

25  12, 2007, at 24:5-23).
  [7] *See* Glad Decl., ¶ 3 & Ex. 3.

26  [8] *Id.*

27  [9] *Id.*
  [10] *Id.*

28  [11] *Id.* ¶ 4 & Exs. 4-9.

- 5 -

JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT 16 PAGE 180

1   separate responding parties on the same "side," Mattel has served, conservatively,

2   *227 separate interrogatories.*  This is well over the 50 interrogatories allowed per

3   side and should not be condoned.

4   **III.   ARGUMENT**

5       **A.   Mattel's Interrogatories Far Exceed the District Court's Allowed Maximum**

6          Mattel's attempt to circumvent the District Court's Order limiting the number

7   of interrogatories is improper and should not be allowed.  Pursuant to the District

8   Court's Scheduling Order, dated February 12, 2007, the number of interrogatories

9   is "limited to 50 for each side" for the consolidated actions.[12]  Additionally, Federal

10  Rule of Civil Procedure 33(a) provides that "discrete subparts" of interrogatories

11  should be counted as separate interrogatories.  Interrogatory subparts are to be

12  counted as discrete subparts if they are not "logically or factually subsumed within

13  and necessarily related to the primary question."[13]  Courts have explained that "[i]f

14  the first question can be answered fully and completely without answering the

15  second question, then the second question is totally independent of the first and not

16  factually subsumed within and necessarily related to the primary question."[14]

17         Mattel has exceeded the 50 interrogatories permitted per side by serving

18  interrogatories that are compound and by serving interrogatories on multiple

19  responding parties.  First, many of the interrogatories propounded by Mattel, both

20  in its latest set as well as those in prior sets, are compound and are, in reality, not

21  one but multiple interrogatories.[15]  For example, Mattel has propounded the

22  following interrogatories:

23

---

24  [12] *Id.,* ¶ 2, Ex. 2 (Scheduling Order, dated February 12, 2007).

25  [13] *See Kendall v. GES Exposition Services, Inc.,* 174 F.R.D. 684, 686 (D. Nev. 1997); *Trevino v. ACB American, Inc.,* 232 F.R.D. 612, 614 (N.D. Cal. 2006).

26  [14] *See Krawczyk v. City of Dallas,* 2004 U.S. Dist. LEXIS 30011, *7 (N.D. Tex. 2004); *Kendall,* 174 F.R.D. at 686.

27  [15] The following interrogatories served by Mattel are compound and constitute multiple interrogatories: Mattel's Second Set of Interrogatories propounded on MGA, Interrogatory No. 10; Mattel's First Set of Interrogatories Re: Claims of Unfair Competition propounded on MGA,

28

                                              - 6 -      JOINT MOTION FOR PROTECTIVE ORDER
                                                          CASE NO. CV 04-9049

EXHIBIT 16 PAGE 181

1   State all facts that support YOUR contention, if YOU so
2   contend, that one or more of MATTEL's claims against
3   YOU in THIS ACTION is barred, in whole or in part, by
4   the doctrines of unclean hands, estoppel, waiver, or
5   consent, and IDENTIFY all PERSONS with knowledge
6   of such facts and all DOCUMENTS that REFER OR
7   RELATE TO such facts.[16]
8
9   State all facts that support YOUR contention, if YOU so
10  contend, that YOU did not intentionally interfere with the
11  INVENTIONS AGREEMENT or any other agreement or
12  contract between MATTEL and Bryant, or aid or abet any
13  breach of fiduciary duty or duty of loyalty owed by
14  BRYANT to MATTEL, when BRYANT purported to
15  TRANSFER and MGA purported to ACQUIRE rights to
16  BRATZ or when BRYANT performed work or services
17  with or for MGA while BRYANT was employed by
18  MATTEL, and IDENTIFY all PERSONS with
19  knowledge of such facts and all DOCUMENTS that
20  REFER OR RELATE TO such facts.[17]
21
22  State all facts that support YOUR contention, if YOU so
23  contend, that BRYANT did not breach the INVENTIONS
24  AGREEMENT or BRYANT's duty of loyalty or
25
26  Interrogatory Nos. 4, 5, 6, 7, 8, 9 and 10; Mattel's Third Set of Interrogatories propounded on MGA, MGA (HK), Mr. Larian and Bryant, Interrogatory Nos. 12, 13, 14, 15, 16, 17, 18, 19, 20,
27  21, 22, 23 and 27. *See* Glad Decl., ¶ 4, Exs. 4-9.
    [16] Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 18).
28  [17] *Id.* ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 21).

- 7 -                           JOINT MOTION FOR PROTECTIVE ORDER
                                CASE NO. CV 04-9049

**EXHIBIT 16 PAGE 182**

1    fiduciary duties to MATTEL when BRYANT purported
2    to TRANSFER rights to BRATZ to MGA or performed
3    work or services with or for MGA while BRYANT was
4    employed by MATTEL, and IDENTIFY all PERSONS
5    with knowledge of such facts and all DOCUMENTS that
6    REFER OR RELATE TO such facts.[18]

7    Each of these interrogatories addresses several discrete issues, and constitutes

8    multiple interrogatories.  Indeed, not only do the interrogatories request that the

9    responding parties "state all facts," "identify all persons with knowledge of such

10   facts," and identify "all documents" referring or relating to such facts, which alone

11   constitutes multiple interrogatories, but the interrogatories also request that the

12   responding parties answer such questions with regard to multiple claims or

13   defenses.  Combining multiple interrogatories in this fashion is clearly improper

14   and should not be allowed.  *See United States ex rel. Pogue v. Diabetes Treatment*

15   *Ctrs. of America, Inc.*, 235 F.R.D. 521, 524 (D.C. Cir. 2006) (explaining that an

16   "interrogatory may properly seek identification of documents and facts supporting a

17   contention, but it may not do so in a single interrogatory"); *Nobles v. Jacobs IMC*,

18   2003 U.S. Dist. LEXIS 24083, *18 (D. V.I. 2003) (finding that an interrogatory that

19   asks the responding party to state all facts regarding a particular issue and to

20   identify all persons having knowledge of such information is two separate

21   interrogatories because "although identity of persons who are the source of various

22   facts inquired about may be logically subsumed within and necessarily related to

23   the primary question, the determination of the identity of all persons having

24   knowledge of such information requires additional effort by Defendant"); *Sec. Ins.*

25   *Co. v. Trustmark Ins. Co.*, 2003 U.S. Dist. LEXIS 18196, *4-5 (D. Conn. 2003)

26   (finding that a single interrogatory seeking information about all elements of a

27

28   _____
     [18] Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 23).

                                    - 8 -    JOINT MOTION FOR PROTECTIVE ORDER
                                             CASE NO. CV 04-9049

EXHIBIT 16 PAGE 183

1   given claim was compound and explaining that each element of a claim is discrete

2   and constitutes a separate interrogatory).  Moreover, many of the definitions in

3   Mattel's interrogatories require distinct subsets of information, further making the

4   interrogatories compound.[19]  Thus, even under a conservative reading of Mattel's

5   interrogatories, Mattel has served well in excess of the 50 permitted.

6          Second, Mattel exceeded the number of interrogatories it was allowed to ask

7   in its Third Set of Interrogatories alone.  In particular, Mattel's Third Set of

8   Interrogatories includes 19 different interrogatories served on four different

9   responding parties on the same side.   In its definitions to the set of interrogatories,

10

11  [19] *See e.g.*, Glad Decl., ¶ 4 & Ex. 9 (Mattel, Inc.'s Third Set of Interrogatories at 2, defining

12  "BRATZ" to mean "any project, product, doll, or DESIGN ever known by that name (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has

13  been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has even been known as, or sold or marketed under, the name or term

14  'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof has been also, previously or subsequently called) or that is now or has ever

15  been sold or marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, 'product, doll or design or portion

16  thereof' also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting

17  the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term 'BRATZ' does not and shall not require that there be a doll

18  existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories."); Glad Decl., ¶ 4 & Ex. 8 (Mattel, Inc.'s First Set of

19  Interrogatories Re Claims of Unfair Competition at 2, defining "CONTESTED MGA PRODUCTS" as "the CONTESTED BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ

20  PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY's LITTLE

21  DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any doll, toy, portion thereof, or version thereof that is now or has ever been known as, or sold, offered for sale,

22  licensed, offered for license or marketed under the name or terms 'Bratz,' '4-Ever Best Friends,' 'Mommy's Little,' 'Alienracers,' or any derivative thereof, that provides a basis for any claim by

23  YOU against MATTEL, including without limitation 'Bratz Dolls,' 'Bratz Dogz,' 'Winter Wonderland,' 'Bratz Sportz,' 'Formal Funk,' 'Sun-Kissed Summer,' 'Funky Fashion Makeover

24  Head,' 'Runway Disco,' '4-Ever Best Friends,' 'Mommy's Little Patient,' and 'Alienracers.'"); Glad Decl., ¶ 4 & Ex. 8 (Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair

25  Competition at 2, defining "EMBODIMENT" to mean "any representation of the identified product or its retail packaging, whether two-dimensional or three-dimensional, and whether in

26  tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams,

27  images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions and/or improvements, as well as other items, things and DOCUMENTS in which any of the

28  foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.")

                                        - 9 -          JOINT MOTION FOR PROTECTIVE ORDER
                                                       CASE NO. CV 04-9049

**EXHIBIT 16 PAGE 184**

1    Mattel defined the terms "YOU" and "YOUR" to mean "each of the Responding

2    Parties."[20]  These interrogatories include questions related to the personal financial

3    information of Mr. Larian,[21] the responding parties' state of mind at various points

4    in time,[22] and the potential defenses that may be raised by the various responding

5    parties,[23] among other questions.  These interrogatories necessarily require each

6    responding party to serve its own specific objections and responses based on the

7    particular information known or otherwise available to the responding party.  Thus,

8    even assuming that these interrogatories are not *textually* compound, which many

9    of them are, at a minimum Mattel's Third Set of Interrogatories alone constitutes 76

10   separate interrogatories by virtue of the multiple responding parties aligned on the

11   same side.

12   **B.    The Court Should Issue a Protective Order Preventing Mattel**
     **From Abusing the Discovery Process and Attempting to Exceed**
13   **the Number of Interrogatories Allowed**

14        Under Federal Rule of Civil Procedure 26(c), a court may "make any order

15   which justice requires to protect a party or person from annoyance, embarrassment,

16   oppression, or undue burden or expense," including "that the disclosure or

17   discovery not be had."  Because Mattel's Third Set of Interrogatories far exceeds

18   the number of interrogatories allowed under the District Court's Order, MGA,

19   MGA (HK), Mr. Larian and Bryant should not be obligated to respond to the

20   [20] Glad Decl., ¶ 4 & Ex. 9 (Mattel, Inc.'s Third Set of Interrogatories at 1).

21   [21] "IDENTIFY each and every bank or financial institution account that REFERS OR RELATES
     TO LARIAN, including accounts in LARIAN's name or for LARIAN's benefit, since January 1,
22   1999." *See* Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 24).

     [22] "State all facts that support YOUR contention, if YOU so contend, that YOU acted with an
23   innocent state of mind or reasonably believed that MATTEL did not own any rights in any
     BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to
24   ACQUIRE rights to BRATZ or when BRYANT performed work or services with or for MGA
     while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of
25   such facts and all DOCUMENTS that REFER OR RELATE to such facts." *See* Glad Decl., ¶ 4
     & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 22).

26   [23] "State all facts that support YOUR contention, if YOU so contend, that one or more of
     MATTEL's claims against YOU in THIS ACTION is barred, in whole or in part, by the doctrines
27   of unclean hands, estoppel, waiver, or consent, and IDENTIFY all PERSONS with knowledge of
     such facts and all DOCUMENTS that REFER OR RELATE to such facts." *See* Glad Decl., ¶ 4
28   & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 18).

- 10 -                    JOINT MOTION FOR PROTECTIVE ORDER
                          CASE NO. CV 04-9049

EXHIBIT 16 PAGE 185

1  interrogatories.  MGA, MGA (HK), Mr. Larian and Bryant respectfully request that

2  the Discovery Master issue a protective order preventing Mattel from serving

3  additional interrogatories and continuing to engage in its abusive and excessive

4  discovery, and require Mattel to withdraw its present set of interrogatories and

5  serve revised interrogatories or else identify the interrogatories, or subparts of

6  interrogatories, it wishes to be answered, consistent with the limits imposed by the

7  District Court.

8  **IV.   CONCLUSION**

9         For the foregoing reasons, MGA, MGA (HK), Mr. Larian and Mr. Bryant

10  respectfully request that the Discovery Master issue a protective order preventing

11  Mattel from serving additional interrogatories and continuing to engage in its

12  abusive and excessive discovery, and require Mattel to serve a revised set of its

13  latest interrogatories or else identify which interrogatories, or subparts of

14  interrogatories, it wishes to be answered, consistent with the limits imposed by the

15  District Court.

16

17

18  Dated:  July 10, 2007                    O'MELVENY & MYERS LLP

19                                           By:  James P. Jenal

20                                           Attorneys for MGA Entertainment, Inc.,
                                             MGA Entertainment (HK) Ltd., and

21                                           Isaac Larian

22  Dated:  July 10, 2007                    KEKER & VAN NEST LLP

23

24                                           By:  Michael H. Page

25                                           Attorneys for Carter Bryant

26

27

28

                                    - 11 -        JOINT MOTION FOR PROTECTIVE ORDER
                                                  CASE NO. CV 04-9049

EXHIBIT 16 PAGE 186

# EXHIBIT 17

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff Mattel, Inc.

9 |

                    UNITED STATES DISTRICT COURT

10 |              CENTRAL DISTRICT OF CALIFORNIA

11 |                      EASTERN DIVISION

12 |

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| Defendant. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET) BY MGA ENTERTAINMENT, INC., ISAAC LARIAN, CARTER BRYANT AND MGA ENTERTAINMENT (HK) LTD; |
| AND CONSOLIDATED ACTIONS | AND MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declarations of B. Dylan Proctor and Tamar Buchakjian filed concurrently] |
| | Date:  TBA
Time:  TBA
Place:  Telephonic |
| | Discovery Cut-off: January 14, 2008
Pre-trial Conference: April 7, 2008
Trial Date: April 29, 2008 |

**EXHIBIT 17 PAGE 187**

c7|18|c7

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |       PLEASE TAKE NOTICE that at a telephonic conference before

3 | Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time

4 | to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby

5 | does, move the Court to compel MGA Entertainment, Inc. ("MGA"), MGA

6 | Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian and Carter Bryant

7 | (together, "Defendants") to answer Interrogatory Nos. 12 through 30 in Mattel's

8 | Third Set of Interrogatories.

9 |       This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u>

10 | 33(b)(5) and 37(a) on the grounds that Mattel's Interrogatories seek discoverable

11 | information and MGA's objections lack merit.

12 |       This Motion is based on this Notice of Motion and Motion, the

13 | accompanying Memorandum of Points and Authorities, the Declarations of Dylan

14 | Proctor and Tamar Buchakjian filed concurrently, the records and files of this Court,

15 | and all other matters of which the Court may take judicial notice.

16 |       **<u>Statement of Rule 37-1 Compliance</u>**

17 |       The parties met and conferred regarding Mattel's Third Set of

18 | Interrogatories on July 10, 2007.

19 |

20 |

21 | DATED: July 17, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

22 |

23 | By_____ for

24 |       Michael T. Zeller
      Attorneys for Plaintiff

25 |

26 |

27 |

28 |

**EXHIBIT 17 PAGE 188**

1

## TABLE OF CONTENTS

2                                                                                      **Page**

3

4   MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

5   PRELIMINARY STATEMENT ............................................................................. 1

6   BACKGROUND ..................................................................................................... 1

7   ARGUMENT........................................................................................................... 4

8   I.      MATTEL'S INTERROGATORIES SEEK RELEVANT,
           DISCOVERABLE INFORMATION. ........................................................ 4
9
    II.     DEFENDANTS' NON-RELEVANCE OBJECTIONS SHOULD
10          ALSO BE OVERRULED. ........................................................................ 9

11  III.    MATTEL HAS NOT EXCEEDED FIFTY INTERROGATORIES.............. 12

12  CONCLUSION...................................................................................................... 13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 17 PAGE 189**

1

## TABLE OF AUTHORITIES

2

**Page**

3

### Cases

4

5 *Adams v. Murakami,*
   54 Cal. 3d 105 (1991).................................................................................... 6

6 *Beach v. City of Olathe, Kans.,*
   203 F.R.D. 489 (D. Ks. 2001) ..................................................................... 10

7

8 *Bessier v. Precise Tool & Eng'g Co., Inc.,*
   778 F. Supp. 1509 (W.D. Mo. 1991).......................................................... 6

9 *Bills v. Kennecott Corp.,*
   108 F.R.D. 459 (D. Utah 1985) ................................................................... 7

10

11 *Britton v. Car Toys, Inc.,*
   2007 WL. 1395290 (D. Colo. 2007) ........................................................... 6

12 *Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,*
   1989 WL. 92038 (E.D.N.Y. 1988) ........................................................... 11

13

14 *Dunn v. Midwestern Indem.,*
   88 F.R.D. 191 (S.D. Ohio 1980) ............................................................. 7, 8

15 *King v. E.F. Hutton & Co., Inc.,*
   117 F.R.D. 2 (D.D.C. 1987) ...................................................................... 11

16

17 *Mitchell v. National R.R. Passenger Corp.,*
   208 F.R.D. 455 (D.D.C. 2002) ................................................................. 10

18 *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,*
   93 F.R.D. 62 (D.P.R. 1981) ....................................................................... 12

19

20 *Morgan v. Woessner,*
   997 F.2d 1244 (9th Cir. 1993) .................................................................... 6

21 *Nagele v. Electronic Data Systems Corp.,*
   193 F.R.D. 94 (W.D.N.Y. 2000) ............................................................... 9

22

23 *North Dakota Fair Housing Council, Inc. v. Allen,*
   298 F. Supp. 2d 897 (D.N.D.2004) ........................................................... 6

24 *Oakes v. Halvorsen Marine Ltd.,*
   179 F.R.D. 281 (C.D.Cal. 1998) ............................................................ 5, 6

25

26 *Pulsecard, Inc. v. Discover Card Srvcs., Inc.,*
   168 F.R.D. 295 (D. Ks. 1996) ................................................................... 10

27 *U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,*
   2000 WL. 307470 (C.D. Cal. 2000) .......................................................... 5

28

-ii-

1  *United States v. Abel,*
      469 U.S. 45 (1984) .................................................................. 5

2

3                              **Statutes**

4  Fed. R. Civ. P. 33(b)(4) .......................................................... 9

5  Fed. R. Civ. P. 33(c) .............................................................. 11

6  Federal Practice & Procedure: Federal Rules of Evidence § 6095 ............... 5

7  Rule 26     ................................................................................ 5

8  Rule 26(a)(5) ........................................................................ 12

9  Rule 26(b)     ......................................................................... 5

10  Rule 26(d)     ......................................................................... 12

11  Rule 30(b)(6)   ....................................................................... 12

12  Rule 37-1     ........................................................................... ii

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 17 PAGE 191**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel served Defendants with its Third Set of Interrogatories on June 7, 2007. Rather than respond, each Defendant served only objections. Defendants should be compelled to provide complete responses.

Defendants' primary basis for their stonewalling is that Mattel purportedly exceeded the fifty interrogatory "per side" limit set by Judge Larson. As shown in Mattel's concurrently filed Opposition to Defendants' Motion for Protective Order, it has not. Mattel's Third Set of Interrogatories includes nineteen interrogatories. Before that, Mattel had served twenty-four non-identical interrogatories in these consolidated cases, and twenty-seven overall. Mattel has not exceeded the limit set by the Court.

Defendants only other purported bases for refusing to answer the Interrogatories are boilerplate objections. When the parties met and conferred on Defendants' objections, Defendants stated that they would "stand on" each of their objections. However, Defendants did not assert a single objection besides the fifty "per side" interrogatory limit issue as a reason for not answering -- at all and in any fashion --Mattel's Interrogatories. Nor could they have. Their remaining objections are meritless and should be stricken. Defendants should be compelled to provide complete responses to Mattel's Third Set of Interrogatories.

### Background

On June 7, 2007, Mattel served its Third Set of Interrogatories on four Defendants -- MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd.

1  ("MGA Hong Kong"), Isaac Larian and Carter Bryant -- asking each of them the

2  same nineteen questions.[1]

3          These Interrogatories all go to central issues in the case, primarily

4  Defendants' contentions on key points in dispute.  In particular, the Interrogatories

5  cover:

6          •    Defendants' contentions regarding which Bratz inventions were created

7  before, during and after Bryant's Mattel employment;[2]

8          •    Defendants' contentions regarding how Bryant's Inventions Agreement

9  with Mattel, assignment of rights to Bratz inventions to MGA, and services

10  with or for MGA while employed by Mattel, affect who owns the rights to

11  Bratz inventions;[3]

12         •    the facts supporting certain of Defendants' affirmative defenses;[4]

13         •    Defendants' contentions regarding the relief that Mattel seeks;[5]

14         •    Defendants' contentions that Mattel copied or infringed Defendants'

15  concepts, designs, products, product packaging or other matters;[6]

16         •    Defendants' contentions that Defendants have protectable trade dress

17  rights in this action;[7]

18         •    the revenues and profits Defendants have obtained from sales of Bratz

19  products and costs of such products;[8]

20         •    the identity of Larian's bank or financial accounts;[9]

21  _____

22  [1]  Mattel's Third Set of Interrogatories, Proctor Dec., Exh. 8.

23  [2]  Id. (Nos. 12, 13, 14).
     [3]  Id. (Nos. 15, 16, 21, 22, 23).

24  [4]  Id. (Nos. 17, 18)

25  [5]  Id. (Nos. 19, 20).
     [6]  Id. (Nos. 27-28).

26  [7]  Id. (No. 29).

27  [8]  Id. (No. 30).
     [9]  Id. (No. 24)

28

07209/2166333.5                                            -2-                   Case No. CV 04-9049 SGL (RNBx)
                   MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

EXHIBIT 17 PAGE 193

1    •   the identity of electronic storage devices Defendants used prior to 2002

2    for digital information related to Bratz;[10] and

3    •   the identity of former Mattel employees who subsequently went to

4    work for MGA.[11]

5    On July 9, 2007, MGA, MGA Hong Kong, Larian and Bryant served

6  objections to the Third Set of Interrogatories and no substantive answers, even to the

7  interrogatories Defendants concede fall within the fifty interrogatory limit.[12]  The

8  parties met and conferred on Defendants' responses on July 10, 2007, both in the

9  context of Defendants' Motion for Protective Order and the present Motion to

10  Compel.[13]  Defendants refused to answer any of the Interrogatories because Mattel

11  purportedly exceeded the fifty "per side" limit that Judge Larson set.  Defendants

12  also refused to withdraw any of their boilerplate objections.[14]  While the meet and

13  confer on the Interrogatories was on-going -- and indeed more than half an hour

14  before it concluded -- Defendants emailed the Discovery Master their Motion for

15  Protective Order (and did so without copying the Mattel attorney handling the meet

16  and confer).[15]

17

18

19

20

21

22   [10]   Id. (No. 25)

23   [11]   Id. (No. 26).

     [12]   MGA's Objections and Responses to Mattel's Third Set of Interrogatories,

24  Proctor Dec., Exh. 9.  The other Defendants' objections are substantively similar to

25  MGA's and are attached separately as Exh. 10 (MGA Hong Kong), 11 (Larian) and
     12 (Bryant).

26   [13]   Proctor Dec., ¶ 11.

27   [14]   Id.
     [15]   Proctor Dec., ¶ 12.

28

EXHIBIT 17 PAGE 194

## **Argument**

I.     **MATTEL'S INTERROGATORIES SEEK RELEVANT,**
        **DISCOVERABLE INFORMATION.**

Defendants do not even assert relevance objections to almost all of the Interrogatories at issue here and thus concede that Mattel is entitled to the information it seeks.[16]   That is because Mattel's Interrogatories all address crucial matters going to heart of this case.

Defendants do not contest the relevance of sixteen interrogatories in the Third Set.  As set forth above, these sixteen interrogatories primarily seek to discover what facts Defendants have to support their contentions on key issues in dispute, such as which Bratz inventions were created before, during and after Bryant's Mattel employment,[17] or how Bryant's Inventions Agreement with Mattel, assignment of rights to Bratz inventions to MGA, and services with or for MGA while employed by Mattel, affect who owns the rights to Bratz inventions.[18]  Mattel is entitled to discover the information it seeks through these interrogatories.

Defendants do object on relevance grounds to Interrogatory Nos. 24, 25 and 26.  Interrogatory No. 24 asks Defendants to "IDENTIFY each and every bank or financial institution account that REFERS OR RELATES TO LARIAN, including accounts in LARIAN's name or for LARIAN's benefit, since January 1, 1999."[19]  This information is clearly discoverable, and Defendants' objection is frivolous given the allegations in this case.  First, Larian's bank account information

---

[16]   MGA's Objections and Responses to Mattel's Third Set of Interrogatories, Proctor Dec., Exh. 9.  MGA and each other Defendant (Exh. Nos. 10-12) only raise relevance objections to Nos. 24-26.
[17]   Mattel Inc.'s Third Set of Interrogatories, Proctor Dec., Exh. 8 (Nos. 12, 13, 14).
[18]   Id. (Nos. 15, 16, 21, 22, 23).
[19]   Id. (No. 24).

**EXHIBIT 17 PAGE 195**

1  may include direct evidence of liability.  Mattel has *explicit* claims for commercial

2  bribery against Larian and MGA.[20]  Payments made to Bryant, including during the

3  term of his Mattel employment, and to other then-Mattel employees would

4  themselves establish such commercial bribery and other tortious conduct that are the

5  subject of Mattel's claims by Larian or MGA.  The timing of such payments would

6  also bear on the timing of Bryant's first involvement with MGA, which is in dispute

7  in this case.  Likewise, the timing and amounts of payments made to other former

8  Mattel employees who Larian and MGA are accused of conspiring with to steal

9  Mattel trade secrets would be critical evidence to Mattel's claims.[21]  And, evidence

10  of payments to any of the numerous witnesses in this case, including Bryant, are

11  obviously relevant to issues of bias.  United States v. Abel, 469 U.S. 45, 50-51

12  (1984) (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen

13  Marine Ltd., 179 F.R.D. 281, 283 (C.D.Cal. 1998) (Rule 26 permits discovery of

14  information which may simply relate to the credibility of a witness or other evidence

15  in the case); Wright & Miller, Federal Practice & Procedure: Federal Rules of

16  Evidence § 6095 (bias is a "particularly favored basis for attacking credibility," and

17  "circumstantial evidence of bias" may include evidence of the "payment of bribes or

18  fees").

19        Second, Mattel has punitive damage claims against Larian.[22]  In

20  assessing punitive damages, the jury is entitled to consider Larian's net worth.  See,

21  _____

22  [20]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
      Claims, Prayers ¶ 12, Proctor Dec., Exh. 16.

23  [21]  See Order of January 25, 2007, at 14:13-17 ("payments to Bryant are relevant
24  to Mattel's recently added claims for trade secret misappropriation.  Payments could
      show when and what trade secret information Bryant and other defendants allegedly
25  misappropriated from Mattel.  Any proof of trade secret theft is also relevant to
26  Mattel's defense against MGA's unfair competition claims.")

27  [22]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
      Claims, Prayers ¶¶ 11-13, Proctor Dec., Exh. 16.

28

07209/2166333.5                                        -5-                    Case No. CV 04-9049 SGL (RNBx)
            MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

EXHIBIT 17 PAGE 196

1   e.g., U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,

2   2000 WL 307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is

3   relevant under Rule 26(b) to plaintiff's claims for damages and punitive damages.");

4   Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 286 (C.D. Cal. 1998) ("The

5   discovery of financial information relevant to a punitive damages claim is

6   permissible under the Federal Rules of Civil Procedure, whether or not such

7   evidence would be admissible at trial.").  Indeed, under California law Mattel is

8   required to introduce evidence of Larian's financial condition to obtain an award of

9   punitive damages against him.  Morgan v. Woessner, 997 F.2d 1244, 1259 (9th Cir.

10  1993) (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)).  Larian's bank account

11  information from recent years is, quite obviously, likely to lead to discoverable

12  information about Larian's financial condition.  Britton v. Car Toys, Inc., 2007 WL

13  1395290, at *3 (D. Colo. 2007) ("Evidence regarding a defendant's earnings and

14  assets may be relevant in proving punitive damages."); North Dakota Fair Housing

15  Council, Inc. v. Allen, 298 F. Supp. 2d 897, 899 (D.N.D.2004) ("The discovery of

16  financial records of a defendant in order to prepare a case on the issue of punitive

17  damages is permissible."); Bessier v. Precise Tool & Eng'g Co., Inc., 778 F.Supp.

18  1509, 1514 (W.D. Mo. 1991) (a plaintiff is "clearly entitled to the discovery of

19  financial records of defendant in order to prepare a case on the issue of punitive

20  damages.").

21          Third, Larian's financial information is relevant impeachment evidence.

22  For example, at the recent trial of another case, *Art Attacks v. MGA*, that also

23  involved Bratz, Mr. Larian claimed under oath that he made far less money than one

24  would expect for the majority owner of a purportedly multi-billion dollar company

25

26

27

28

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

**EXHIBIT 17 PAGE 197**

1 since, Larian claimed, it was mostly ploughed back into the company.[23]  While this

2 alone shows that Mattel's concern that Larian will try to avoid a significant punitive

3 damages award by pleading that he makes relatively little money is far from

4 hypothetical, the financial information also would tend to show that Mr. Larian

5 made misrepresentations about his financial condition under oath.  Such evidence is

6 unquestionably relevant.

7          The second interrogatory Defendants claim is irrelevant (No. 25) asks

8 Defendants to "IDENTIFY each and every STORAGE DEVICE that YOU have

9 used for any purpose which contains or contained DIGITAL INFORMATION that

10 REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002."[24]

11 Federal Courts have long recognized that such information is discoverable.  See, e.g,

12 Bills v. Kennecott Corp., 108 F.R.D. 459, 461 (D. Utah 1985) ("any material

13 relating to the record holder's computer hardware, the programming techniques

14 employed in connection with the relevant data, the principles governing the structure

15 of the stored data, and the operation of the data processing system" is subject to

16 discovery); Dunn v. Midwestern Indem., 88 F.R.D. 191, 195 (S.D. Ohio 1980)

17 (computer systems, programs and tapes were relevant and subject to discovery

18 where claimants sought relevant information that should be in the computers, or

19 information that should not be there but was).  Items like computer hard drives that

20 Defendants used on Bratz in 1999, 2000 and 2001 clearly could contain admissible

21 evidence, and the Discovery Master has already so held in the context of compelling

22 Bryant's hard drives.[25]  This interrogatory is reasonably calculated to lead to the

23 discovery of such evidence.

24

25   [23]   Declaration of Tamar Buchakjian, dated July 17, 2007 and filed concurrently
26 herewith, ¶ 3.
27   [24]   Mattel Inc.'s Third Set of Interrogatories (No. 25), Proctor Dec., Exh. 8.
      [25]   Order of the Discovery Master dated January 25, 2007, at 17.
28

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)
**EXHIBIT 17 PAGE 198**

1    The third and final interrogatory for which Defendants assert a
2  relevance objection (No. 26) asks Defendants to:

3          IDENTIFY all PERSONS who at any time have been employed by or
4          under contract with MATTEL who are now or have been employed by
5          or under contract with YOU since January 1, 1999, and, for each such
6          PERSON, state his or her name, date of hire or effective date of
7          contract, the date on which YOU first had contact with such PERSON
8          regarding potential employment or contracting, the date(s) on which
9          such PERSON was interviewed for possible employment or
10         contracting, each title (if any) such PERSON has held while employed
11         by or under contract with YOU, and the date of termination (if
12         applicable).[26]

13  This information relates directly to Mattel's claims, including its RICO claims.
14  Indeed, MGA's poaching of Mattel employees for the purposes of stealing its trade
15  secrets is specifically alleged in Mattel's claims.[27]  Mattel alleges that MGA paid
16  former Mattel employees in Mexico and Canada, as well as other employees, to
17  leave Mattel and work for MGA and, in the process, steal Mattel trade secrets and
18  other property and deliver them to MGA.[28]  Furthermore, the Interrogatory is
19  relevant to MGA's own claims.  MGA has accused Mattel of copying Bratz and
20  other designs, as well as advertising, packaging, themes and the like.  It is Mattel's
21  position that MGA copied or utilized Mattel projects in development and other
22  confidential, internal information, which is not only trade secret theft but a defense
23  to MGA's claims.  Knowing which employees went to MGA and when will yield

24  _____

25  [26]  Id. (No. 26).
26  [27]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
   Claims, Prayers ¶¶ 12, 13, Proctor Dec., Exh. 16.
27
28

07209/2166333.5                                               -8-                    Case No. CV 04-9049 SGL (RNBx)
                                MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

EXHIBIT 17 PAGE 199

1  evidence showing MGA's access to Mattel's internal information and additionally

2  bear on critical issues of timing about which company was developing which

3  product or product element at issue first.  Without doubt, this interrogatory is likely

4  to lead to the discovery of admissible evidence bearing on these issues.

5        The Discovery Master should overrule the relevance objections

6  Defendants make, regarding Interrogatory Nos. 24, 25 and 26.

7  **II.    DEFENDANTS' NON-RELEVANCE OBJECTIONS SHOULD ALSO**

8        **BE OVERRULED.**

9        The Discovery Master should also overrule Defendants' other

10  boilerplate objections.  Each Defendant asserts that most or all interrogatories are:

11  vague and ambiguous, overbroad, unduly burdensome and oppressive, asking for

12  information not in the possession, custody or control of the Defendant, and asking

13  for information protected by the attorney-client, work product or joint defense

14  privileges."[29]  MGA, MGA Hong Kong and Larian also assert objections that most

15  or all of the interrogatories are "premature" because discovery is ongoing, and that

16  some interrogatories call for a legal conclusion.[30]  None of the these objections has

17  merit.

18        Defendants' "overbroad," "unduly burdensome" and "oppressive"

19  objections lack merit, as demonstrated by Defendants' failure to specify how the

20  questions are overbroad, burdensome or oppressive.  The most Defendants offer is

21  that the interrogatories "would unreasonably require MGA to state, in writing, a

22

23  ─────────────────────

24  [28]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
    Claims, Counter-Claims ¶¶ 37-76, Proctor Dec., Exh 16.
25  [29]  MGA's Objections and Responses to Mattel's Third Set of Interrogatories,
26  Proctor Dec., Exh. 9.  The other MGA parties' objections are identical and Bryant's
    are substantively similar. See id., Exhs. 10-12.
27  [30]  Id., Exh. 9.

28

07209/2166333.5                                          -9-                    Case No. CV 04-9049 SGL (RNBx)
                    MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

EXHIBIT 17 PAGE 200

1  potentially immense multitude of facts."[31]  All grounds for objecting to an

2  interrogatory must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4); Nagele v.

3  Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling

4  "burdensome" objections because objecting party failed to particularize basis for

5  objection).  Furthermore, where a party asserts an "overbroad" objection, it still has

6  to answer whatever part of the question is proper and provide a *meaningful*

7  *explanation* of its basis for its objection to the balance.  Mitchell v. National R.R.

8  Passenger Corp., 208 F.R.D. 455, 458, n. 4 (D.D.C. 2002).  Defendants'

9  "burdensome," "overbroad" and "oppressive" objections are boilerplate and should

10  be overruled.

11          Defendants' "vague and ambiguous" objections also lack merit.

12  Defendants must attribute ordinary definitions to terms and phrases utilized in

13  interrogatories.  There is nothing vague about any of Mattel's terms.  If there truly

14  were some ambiguity, Defendants could have included their own interpretation of

15  the terms they contend are vague in answering the questions.  Pulsecard, Inc. v.

16  Discover Card Srvcs., Inc., 168 F.R.D. 295, 310 (D. Ks. 1996).  They cannot,

17  however, simply stonewall as they have done.  Moreover, "vague and ambiguous"

18  objections should not be sustained if the ambiguity could have been resolved

19  through the meet and confer process.  Beach v. City of Olathe, Kans., 203 F.R.D.

20  489, 497 (D. Ks. 2001).  While Defendants stated during meet and confer that they

21  "are standing on" each of their objections, they did not attempt to support even one

22  (other than their "compound" objections).

23          Defendants also assert various "privilege," "possession, custody or

24  control," and "ongoing discovery" objections and limitations.  MGA, Larian and

25  MGA Hong Kong also assert "legal conclusion" objections to questions that clearly

26  _____

27  [31]  See, e.g., id. at 4:21-22 (Objs. to No. 12).

28

**EXHIBIT 17 PAGE 201**

1    call for, at most, application of law to facts.[32]  All of these objections should be

2    overruled.  Most of the interrogatories at issue here are contention interrogatories.

3    Parties are required to answer interrogatories that ask them to state their contentions

4    about facts or the application of law to facts.  Fed. R. Civ. P. 33(c).  Mattel is

5    entitled to learn the facts in Defendants' possession which they believe support their

6    own contentions.  Mattel is also entitled to learn which documents and persons

7    relate to or are knowledgeable about such facts.  The law is clear that a party cannot

8    avoid responding to contention interrogatories by claiming that they call for a legal

9    conclusion or by invoking the attorney-client privilege or the work product doctrine.

10    Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at

11    *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular

12    allegation in a complaint violates neither the attorney-client or work product

13    privileges."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987)

14    (interrogatories seeking the factual specifics which a party contends supports a

15    contention do not implicate the attorney work product doctrine:  "If this elementary

16    principle were not applicable, contention interrogatories would not exist.  As the

17    Advisory Committee Note reflects, as to requests for even opinions or contentions

18    that call for the application of law to fact, they are permissible and can be most

19    useful in narrowing and sharpening the issues, which is the major purpose of

20    discovery.").

21         Finally, Defendants intersperse a number of other objections on some

22    interrogatories.  Again, despite the requirement that they state the objections with

23    _____

24    [32]  See, e.g., id. at 14-16 (Objs. to No. 21) ("legal conclusion" objection to
25    interrogatory asking Defendants to state facts supporting contention that MGA did
      not intentionally interfere with Bryant's Inventions Agreement with Mattel when
26    Bryant purported to transfer, and MGA purported to acquire, rights to Bratz while
      Bryant worked for Mattel).  The other "legal conclusion" objections are to Nos. 13-
27    18, 20-23 and 29.

28

07209/2166333.5                                                           -11-                    Case No. CV 04-9049 SGL (RNBx)
                        MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

EXHIBIT 17 PAGE 202

specificity, Defendants offer nothing but conclusory statements. For example,
MGA claims -- without explanation -- that Mattel can "more conveniently" obtain
the information through other discovery, or that Mattel is better suited to know the
information.[33] Each of these conclusory objections lacks merit and should be
overruled. They also are without merit. The <u>Rules</u> make clear that the various
methods of discovery provided therein are cumulative, as opposed to alternative or
mutually exclusive. <u>Rule</u> 26(d) provides that "methods of discovery may be used in
any sequence," and <u>Rule</u> 26(a)(5) states that a party "may obtain discovery by one or
more" of the available methods specified in the efficient discovery of facts. <u>Mitsui
& Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority</u>, 93 F.R.D. 62, 65
(D.P.R. 1981) (citing Advisory Committee Note to Rule 30(b)(6)). Thus,
Defendants' attempt to relegate Mattel to some other -- wholly unspecified --
method of obtaining a full explanation of Defendants' defenses and other positions
in this case is unacceptable.

## III.   MATTEL HAS NOT EXCEEDED FIFTY INTERROGATORIES.

Defendants' only argument for not providing a single response to
Mattel's Third Set of Interrogatories is that Mattel has purportedly exceeded the fifty
interrogatory limit. The assertion is not correct, for the reasons fully set forth in
Mattel's concurrently-filed Opposition to Defendants' Motion for Protective Order.

---

[33] <u>Id.</u> at 20 (Objs. to No. 26). This interrogatory asks about MGA employees
that *previously* worked for Mattel -- it is difficult to fathom how Mattel would know
their identities better than MGA. <u>See also</u> Objs. to No. 28.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master compel MGA, MGA Hong Kong, Larian and Bryant to answer completely each of the interrogatories in Mattel's Third Set of Interrogatories and to overrule all of Defendants' objections.

DATED:  July 17, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Michael T. Zeller
Attorneys for Plaintiff

-13-

Case No. CV 04-9049 SGL (RNBx)

EXHIBIT 17 PAGE 204

# EXHIBIT 18

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>MATTEL, INC.'S FOURTH SET OF INTERROGATORIES<br><br>Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008<br><br>Discovery Cutoff: March 3, 2008<br>Final Pretrial Conf.: June 2, 2008<br>Trial Date: July 1, 2008 |

PROPOUNDING PARTY:      Mattel, Inc.

RESPONDING PARTIES:      MGA Entertainment, Inc., Isaac Larian, Carter

Bryant, MGA Entertainment (HK) Limited, MGAE

de Mexico S.R.L. de C.V., and Carlos Gustavo

Machado Gomez

SET NO.:      FOUR

10-12

1    Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc.

2    ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3    Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4    Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5    individually answer the following Interrogatories separately and fully, in writing and

6    under oath, within 30 days after service hereof.  The Responding Parties shall be

7    obligated to supplement their responses to the Interrogatories at such times and to

8    the extent required by the Federal Rules of Civil Procedure.

9

10                              **Definitions**

11         1.      "YOU" and "YOUR" mean each of the Responding Parties.

12         2.      "BRYANT" means Carter Bryant individually.

13         3.      "LARIAN" means Isaac Larian individually.

14         4.      "MGA" means MGA Entertainment, Inc., any of its current or

15    former employees, officers, directors, agents, representatives, attorneys, experts,

16    divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17    other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18    Without limiting the foregoing, "MGA" includes the entities known as ABC

19    International Traders or ABC International Traders, Inc.  For purposes of the these

20    Interrogatories, "MGA" does not include BRYANT.

21         5.      "MATTEL" means Mattel, Inc., its current employees, officers,

22    directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23    AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24    PERSON acting on its behalf, pursuant to its authority or subject to its control.

25         6.      "AFFILIATES" means any and all corporations, proprietorships,

26    d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27    indirectly, in whole or in part, own or control, are under common ownership or

28    control with, or are owned or controlled by a PERSON, party or entity, including

07209/2254170.1

-2-

1  without limitation each parent, subsidiary and joint venture of such PERSON, party

2  or entity.

3        7.     "PERSON" or "PERSONS" means all natural persons,

4  partnerships, corporations, joint ventures and any kind of business, legal or public

5  entity or organization, as well as its, his or her agents, representatives, employees,

6  officers and directors and any one else acting on its, his or her behalf, pursuant to

7  its, his or her authority or subject to its, his or her control.

8        8.     "DESIGN" or "DESIGNS" means any and all representations,

9  whether two-dimensional or three-dimensional, and whether in tangible, digital,

10  electronic or other form, including but not limited to all works, designs, artwork,

11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13  practice, developments, inventions and/or improvements, as well as all other items,

14  things and DOCUMENTS in which any of the foregoing are or have been

15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16  or in part.

17        9.     "BRATZ" means any project, product, doll or DESIGN ever

18  known by that name (whether in whole or in part and regardless of what such

19  project, product or doll is or has been also, previously or subsequently called) and

20  any product, doll or DESIGN or any portion thereof that is now or has ever been

21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22  in part and regardless of what such product, doll or DESIGN or portion thereof is or

23  has been also, previously or subsequently called) or that is now or has ever been

24  sold or marketed as part of the "Bratz" line, and each version or iteration of such

25  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

26  DESIGN or any portion thereof" also includes without limitation any names,

27  fashions, accessories, artwork, packaging or any other works, materials, matters or

28  items included or associated therewith.  Without limiting the generality of the

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5          10.    "SOLD," "SELL" or "SALE" means to distribute, market,

6  license, sell, offer to sell, or convey or transfer in any way for compensation.

7          11.    "BRATZ DOLL" means any doll that is or has ever been SOLD

8  that REFERS OR RELATES TO BRATZ.

9          12.    "BRATZ PRODUCT" means any product, whether two-

10  dimensional or three-dimensional, and whether in tangible, digital, electronic or

11  other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

12  RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

13  MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

14  product that is or has ever been SOLD in any packaging that includes the name

15  "Bratz" or REFERS OR RELATES TO BRATZ.

16          13.    "BRATZ MOVIE" means any motion picture or film that is or

17  has ever been SOLD that REFERS OR RELATES TO BRATZ.

18          14.    "BRATZ TELEVISION SHOW" means any production

19  exhibited on television that is or has ever been SOLD that REFERS OR RELATES

20  TO BRATZ.

21          15.    "BASED ON" means substantially similar to, a copy of or a

22  derivative of.

23          16.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

24  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

25  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

26  limited to, all writings and records of every type and description including, but not

27  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

28  electronic mail ("e-mail"), records of telephone conversations, handwritten and

07209/2254170.1

-4-

EXHIBIT 18 PAGE 208

1  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

2  and summaries of meetings, voice recordings, pictures, photographs, drawings,

3  computer cards, tapes, discs, printouts and records of all types, studies, instruction

4  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

5  checks and every other device or medium by which or through which information of

6  any type is transmitted, recorded or preserved. Without any limitation on the

7  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

8  from the original or other versions of the DOCUMENT, including, but not limited

9  to, all drafts and all copies of such drafts or originals containing initials, comments,

10 notations, insertions, corrections, marginal notes, amendments or any other variation

11 of any kind.

12        17.    "REFER OR RELATE TO" a given subject matter means relate

13 to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

14 identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

15 contradict, or in any way pertain to that subject matter, either directly or indirectly.

16        18.    "IDENTIFY" or "IDENTITY" means the following:

17             (a)    with reference to an individual or individuals, means to

18 state, fully and separately as to each, such individual's full name, any known

19 business title, current or last known business affiliation, current or last known

20 residential address, current or last known business address, current or last known

21 relationship to MGA, and current or last known telephone number.

22             (b)    with reference to an entity or entities, means to state, fully

23 and separately as to each, such entity's full name, state (or country) of incorporation

24 or organization, present or last known address, and present or last known telephone

25 number.

26             (c)    with reference to a BRATZ PRODUCT, means to state,

27 fully and separately as to each, the full name of the product; the number of the

28 product; the SKU of the product; any other applicable designation of the product

-5-

**EXHIBIT 18 PAGE 209**

1 | useful for identification; the period of time during which the product was, has been

2 | or will be SOLD; and the IDENTITY of each PERSON who has licensed from

3 | YOU the right to SELL such BRATZ PRODUCT.

4 |     (d) with reference to any other DOCUMENT or

5 | DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

6 | event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

7 | respect to each such DOCUMENT, to provide a complete description of it such that

8 | it may be the subject of a request for the production of documents, including by

9 | stating the date, identity of the author, addressee(s), signatories, parties, or other

10 | PERSONS identified therein, its present location or custodian and a description of

11 | its contents.

12 |    19. "Any" as used in these interrogatories includes the word "all,"

13 | and the word "all" as used in these interrogatories includes the word "any."

14 |    20. The singular form of a noun or pronoun includes within its

15 | meaning the plural form of the noun or pronoun so used, and vice versa; the use of

16 | the masculine form of a pronoun also includes within its meaning the feminine form

17 | of the pronoun so used, and vice versa; the use of any tense of any verb includes

18 | also within its meaning all other tenses of the verb so used, whenever such

19 | construction results in a broader request for information; and "and" includes "or"

20 | and vice versa, whenever such construction results in a broader disclosure of

21 | documents or information.

22 |

23 |         **Instructions**

24 |    A. When an interrogatory requests that YOU provide information,

25 | YOU are required to supply all information known by or available to YOU or

26 | YOUR employees, officers, directors, agents, representatives, attorneys and experts.

27 | If YOU cannot completely answer the interrogatory after making diligent efforts to

28 | do so, please so state. Then describe in detail all efforts made to answer the

MATTEL'S FOURTH SET OF INTERROGATORIES

**EXHIBIT 18 PAGE 210**

1  interrogatory; identify every PERSON involved in such efforts; and state the
2  additional information YOU need, if any, to respond completely to the interrogatory.
3
4  **<u>Interrogatories</u>**
5
6  <u>INTERROGATORY NO. 42:</u>
7  State all facts that support YOUR contention, if YOU so contend, that
8  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT
9  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of
10  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.
11
12  <u>INTERROGATORY NO. 43:</u>
13  For each concept, design, product, product packaging or other matter
14  that YOU contend MATTEL copied or infringed, including but not limited to those
15  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
16  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
17  Supplemental Responses to such Interrogatory), state the date that each such
18  concept, design, product, product packaging or other matter was conceived, and
19  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER
20  OR RELATE TO, the foregoing.
21
22  <u>INTERROGATORY NO. 44:</u>
23  For each concept, design, product, product packaging or other matter
24  that YOU contend MATTEL copied or infringed, including but not limited to those
25  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
26  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
27  Supplemental Responses to such Interrogatory), state the date that each such
28  concept, design, product, product packaging or other matter was first fixed in any

07209/2254170.1

-7-

MATTEL'S FOURTH SET OF INTERROGATORIES

**EXHIBIT 18 PAGE 211**

1 | tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2 | knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3 |

4 | INTERROGATORY NO. 45:

5 | State all facts which support YOUR contention, if YOU so contend,

6 | that YOU have suffered harm, damage or injury as a result of any act or omission of

7 | MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all

8 | DOCUMENTS that REFER OR RELATE TO such facts.

9 |

10 | DATED:  October 12, 2007                QUINN EMANUEL URQUHART OLIVER &
                                                          HEDGES, LLP

11 |

12 | By: B. Dylan Proctor

13 |                                                        B. Dylan Proctor
                                                          Attorneys for Plaintiff

14 |                                                        Mattel, Inc.

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

07209/2254170.1

-8-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT 18 PAGE 212

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 12, 2007, I served true copies of the following document(s) described as

**1.    MATTEL, INC.'S FOURTH SET OF INTERROGATORIES**

on the parties in this action as follows:

Diana M. Torres, Esq.                           Mark E. Overland, Esq.
**O'MELVENY & MEYERS, LLP**       David C. Scheper, Esq.
400 S. Hope Street                              Alexander H. Cote
Los Angeles, CA 90071                      **OVERLAND BORENSTEIN**
                                                              **SCHEPER & KIM LLP**
                                                              300 South Grand Avenue, Suite 2750
                                                              Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 12, 2007, at Los Angeles, California.

NOW LEGAL – Dave Quintana

07209/2241940.1

-1-

**EXHIBIT 18 PAGE 213**