KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To the Court's Order of Dec. 6, 2006]<br><br>**CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S MOTION (1) TO ENFORCE COURT'S DISCOVERY ORDERS AND TO COMPEL; (2) TO OVERRULE IMPROPER INSTRUCTIONS; (3) FOR SANCTIONS**<br><br>Date:<br>Time:<br>Dept:     Courtroom 1<br>Judge:    Hon. Stephen G. Larson<br><br>Date Comp. Filed:  April 13, 2005<br>Discovery Cut-Off:  Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

CARTER BRYANT'S RESPONSE TO MATTEL, INC.'S MOTION (1) TO ENFORCE COURT'S DISCOVERY ORDERS AND TO COMPEL; (2) TO OVERRULE IMPROPER INSTRUCTIONS; (3) FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

407777.01

## I.     INTRODUCTION

Mattel's motion seeking preclusion sanctions against MGA is not directed at Carter Bryant, and Mattel's asserted bases for the award of such sanctions have nothing to do with Mr. Bryant or his conduct in this litigation. Yet the sanctions sought in Mattel's motion – an order designating certain critical facts and issues established for purposes of this action – would severely prejudice Mr. Bryant. *See* Mattel's Mot. to Enforce Ct.'s Disc. Orders & to Compel; (2) to Overrule Improper Instructions; and (3) For Sanctions ("Mattel Motion re 30(b)(6) Orders"), at 72. Preclusion sanctions are a severe remedy generally reserved only for repeated and serious discovery infractions. *See e.g., Qualcomm Inc. v. Broadcom Corp.*, No. 05CV1392-B, 2007 WL 935617, at *2 (S.D. Cal. March 13, 2007). Even if such sanctions were otherwise warranted (and they are not), they are inappropriate and should not be imposed where, as here, they would profoundly prejudice a blameless party. Moreover, in the context of a joint trial where the proposed sanctions would apply only to one defendant, the sanctions would be utterly unworkable and result in substantial jury confusion. Mattel's motion for preclusion sanctions should therefore be denied.

## II.     ARGUMENT

The preclusion sanctions that Mattel is seeking are among the most severe provided for under Federal Rule of Civil Procedure 37. *See United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980); *Qualcomm*, 2007 WL 935617, at *2; *Klund v. High Tech. Solutions, Inc.*, No. 05CV0565JAH, 2006 WL 549385, at *6 (S.D. Cal. Feb. 27, 2006). Courts have noted that preclusion sanctions can be tantamount to a default judgment where the moving party seeks to preclude facts and issues central to the non-moving party's claims and defenses. *See, e.g., Sumitomo*, 617 F.2d at 1369. The standard for establishing that preclusion sanctions are warranted is therefore a "high" one. *See Klund*, 2006 WL 549385, at *6. In light of the harsh consequences of preclusion

1 sanctions, courts are reluctant to impose them even against a party that has
2 engaged in some degree of discovery abuse, absent a showing of bad faith and
3 "undue prejudice to the opposing side."  *See id*. at *6 (quoting *Amersham*
4 *Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal.
5 2000) (Infante, J.)); *accord Qualcomm*, 2007 WL 935617, at *2.

6     Clearly, then, preclusion sanctions should not be imposed when they would
7 prejudice a party who is not even alleged to have engaged in the alleged discovery
8 abuse.  Mr. Bryant was not involved in the discovery disputes that are the subject
9 of Mattel's motion.  The disputes at issue all relate to Mattel's Rule 30(b)(6)
10 deposition of MGA.  Whatever sanctions, if any, that are imposed as a result of
11 those disputes should not adversely affect Mr. Bryant.  Courts have consistently
12 declined to impose discovery sanctions that would prejudice a blameless party.
13 *See*, *e.g.*, *Nowlin v. Miller Elec. Mfg. Co.*, No. Civ. A 02-993, 2003 WL 21664707,
14 *2 (E.D. La. July 11, 2003) (finding adverse inference instruction inappropriate
15 against party who played no part in spoliation of evidence); *Townsend v. Am.*
16 *Insulated Panel Co.*, 174 F.R.D. 1,  4-5 (D. Ma. 1997) (finding summary judgment
17 sanction inappropriate against party not involved in spoliation of evidence); *Toste*
18 *v. Lewis Controls, Inc.*, No. C-95-01366-MHP, 1996 WL 101189, at *6-7 (N.D.
19 Cal. Feb. 27, 1996) (declining to impose discovery sanctions that would prejudice
20 blameless party); *Baliotis v. McNeil*, 870 F. Supp. 1285, 1291 (M.D. Pa. 1994);
21 *Heineman v. Bright*, 720 A.2d 1182, 1187 (Md. Ct. Spec. App. 1998).  In
22 *Heineman*, for example, a Maryland court rejected the argument that sanctions for
23 one party's discovery abuse could have the effect of excluding evidence necessary
24 for another party's claims.  *Id*. at 1187-88.  The *Heineman* court observed that
25 "discovery sanctions against one party should not adversely affect another who has
26 not participated in the discovery proceedings." *Id*. at 1187.

27     There is no question that the proposed preclusion sanctions against MGA
28 would result in substantial prejudice to Mr. Bryant.  Mattel would have the Court

1  grant an order – without any consideration of the underlying evidence –
2  establishing as fact, *inter alia*, Mattel's allegations regarding: the time period in
3  which Bratz was first exhibited and marketed for sale to third-parties; the period in
4  which communications were first made regarding the manufacture, sale and
5  distribution of Bratz; MGA's alleged access to confidential Mattel information
6  prior to the conception, design, reduction to practice and development of Bratz,
7  and; and the alleged destruction of evidence relating to the origins, design, and
8  development of Bratz.  Mattel Motion re 30(b)(6) Orders, at 72-74.  It is difficult to
9  overstate the importance of these hotly contested factual issues to Mr. Bryant's
10 claims and defenses.  Taken together, as Mattel well knows, these proposed
11 evidentiary sanctions would make it virtually impossible for Mr. Bryant to defend
12 himself at trial.  Indeed, Mattel itself states that the information at issue in its
13 motion "goes to the heart of the case."  *Id.* at 5.

14      While Mattel's proposed sanctions technically would not directly apply to
15 Mr. Bryant, a jury cannot reasonably be expected to track which facts have been
16 deemed admitted by MGA as to MGA's claims but not as to Mr. Bryant's, and
17 which evidence and arguments it may consider for Mr. Bryant's defenses but not
18 for MGA's.  *Cf. Insolia v. Philip Morris, Inc.*, 186 F.R.D. 547, 549 (W.D. Wis.
19 1999) (observing that "when a jury is subjected to a welter of evidence relevant to
20 some parties but not others" it results in prejudice, jury confusion, and a waste of
21 judicial resources).  Furthermore, even if adequate curative instructions to the jury
22 were possible, Mattel is also requesting that MGA be precluded from presenting
23 any evidence, argument, or opinion, "directly or indirectly," on topics relating to
24 the facts it wants the Court to deem admitted.  *See* Mattel Motion re 30(b)(6)
25 Orders, at 74-75.  If the Court were to impose such a sanction, Mr. Bryant could
26 potentially be barred from eliciting testimony from any MGA-affiliated witnesses
27 or introducing any other MGA-related evidence on these critical topics, as doing so
28 could be interpreted as "indirectly" assisting MGA.  And, even if he were

1  permitted to do so, Mr. Bryant alone would have to bear the substantial burden and
2  expense at trial of submitting evidence on these issues, which are primarily within
3  the knowledge of MGA.

4  Additionally, considerations of judicial economy militate heavily against
5  imposing preclusion sanctions against MGA.  *See Wiltec Guam, Inc. v. Kahaluu*
6  *Construction Co.*, 857 F.2d 600, 603 (9th Cir. 1988) (listing the "the public's
7  interest in expeditious resolution of litigation" and "the court's need to manage its
8  docket" as relevant considerations in determining whether to impose harsh Rule 37
9  sanctions).  Sanctions requiring the jury to view numerous facts and issues
10 precluded as to one defendant but not as to another defendant would result in a
11 waste of time and judicial resources.  *See Insolia*, 186 F.R.D. at 551.  Mr. Bryant
12 and the Court both would be forced to spend considerable time at trial attempting
13 to remedy the confusion that Mattel's proposed sanctions would inevitably cause.

14 To the extent that any sanctions should be imposed as a result of the
15 discovery disputes between Mattel and MGA, Rule 37 provides the court with
16 broad discretion in fashioning the appropriate sanctions.  *See Residential Funding*
17 *Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).  A sanction more
18 appropriately tailored to the specific context of this case should be chosen over one
19 that will result in undue prejudice to Mr. Bryant, jury confusion in what is already
20 a complicated case, and waste of time.

### III.   CONCLUSION

22 For the foregoing reasons, Mr. Bryant respectfully requests that the
23 Discovery Master DENY Mattel's motion insofar as it seeks preclusion sanctions
24 against MGA.

4
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION (1) TO ENFORCE COURT'S DISCOVERY ORDERS
AND TO COMPEL; (2) TO OVERRULE IMPROPER INSTRUCTIONS; 3) FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)

407777.01

1  Dated: December 18, 2007                    KEKER & VAN NEST, LLP

                                               By: /s/ Michael H. Page
                                                   MICHAEL H. PAGE
                                                   Attorneys for Plaintiff
                                                   CARTER BRYANT

407777.01

5
CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION (1) TO ENFORCE COURT'S DISCOVERY ORDERS
AND TO COMPEL; (2) TO OVERRULE IMPROPER INSTRUCTIONS; 3) FOR SANCTIONS
CASE NO. CV 04-09049 SGL (RNBx)