1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff and Counter-
   Defendant Mattel, Inc.
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)
                                         Consolidated With Case No. 04-9059
14              Plaintiff,               and Case No. 05-2727

15       vs.                             **DISCOVERY MATTER**

16  MATTEL, INC., a Delaware             **[To Be Heard By Discovery Master
    corporation,                         Hon. Edward Infante (Ret.)]**
17
                Defendant.               MATTEL, INC.'S RENEWED
18                                       NOTICE OF MOTION AND
                                         RENEWED MOTION FOR
19  AND CONSOLIDATED ACTIONS             RECONSIDERATION OF THE
                                         SEPTEMBER 12, 2007 ORDER
20                                       GRANTING IN PART AND
                                         DENYING IN PART MGA'S
21                                       MOTION TO COMPEL
                                         PRODUCTION OF DOCUMENTS;
22                                       AND

23                                       MEMORANDUM OF POINTS AND
                                         AUTHORITIES IN SUPPORT
24                                       THEREOF

25                                       Date:   January 3, 2008
                                         Time:   1:30 p.m.
26                                       Place:  JAMS

27                                       Discovery Cut-off:   January 28, 2008
                                         Pre-trial Conference: May 5, 2008
28                                       Trial Date:          May 27, 2008

MATTEL'S RENEWED MOTION FOR RECONSIDERATION

1    PLEASE TAKE NOTICE THAT, as soon as the matter may be heard

2   by the Honorable Edward Infante, Mattel, Inc. ("Mattel") will, and hereby does,

3   renew its motion pursuant to Rule 26 and 54(b) of the Federal Rules of Civil

4   Procedure and Local Rule 7-18 for reconsideration of that portion of the Discovery

5   Master's September 12, 2007 Order (the "Order") compelling Mattel to produce

6   documents in response to MGA Entertainment, Inc.'s ("MGA") First Set of

7   Requests for the Production of Documents and Things dated January 31, 2005,

8   Document Request Nos. 281-282 and 284-285.

9                    **Grounds for Reconsideration**

10    This Motion is made on the following grounds:

11    <u>First Ground for Reconsideration:</u>  Reconsideration is appropriate for

12   the portion of the Order compelling Mattel to produce documents related to Mattel's

13   contracts and/or negotiations with non-party employees as to the terms of the

14   "Employee Confidential Information and Inventions Agreement" and "Conflict of

15   Interest Questionnaire."  Specifically, Mattel requests that the Discovery Master

16   reconsider and reverse its order compelling Mattel to produce documents responsive

17   to the Order's second and third categories:

18       1.    All documents relating to any discussions or negotiations
19             between Mattel and anyone regarding the terms and conditions
             of any version of either of those agreements; and

20       2.    All documents relating to any instance in which Mattel has taken
21             any action whatsoever to enforce against anyone the same terms
             of any such agreement that Mattel alleges Bryant violated.[1]

22

---

23   [1]  *See* Declaration of Timothy L. Alger, dated December 18, 2007 ("Alger
24   Decl."), Exh. 3 at 13 (Discovery Master's Order dated September 12, 2007).  Mattel
25   does not interpret the first request, for "All documents relating to any form
     'Employee Confidential Information and Inventions Agreement' or 'Conflict of
26   Interest Questionnaire' that Mattel alleges to exist between Mattel and Bryant," to
27   require it to search for all documents relating to *any* form of the agreements as
     executed (or not executed) by *any* Mattel employee.  In other words, Mattel does not
28       (footnote continued)

1       The Order required Mattel to produce these documents based on

2   MGA's assertion that the documents are relevant to "Mattel's claim that Bryant

3   breached the two agreements and Bryant's defenses thereto, including Bryant's

4   contention that the agreements are unenforceable as contracts of adhesion,

5   unconscionable, and violate California law."  At the time of the Order, Bryant's

6   Reply to Mattel's Counterclaims had asserted, in its Tenth and Eleventh Affirmative

7   Defenses, that there was a "failure of contract" and that his contract with Mattel is

8   "unconscionable."  However, on October 4, 2007, the parties signed a stipulation

9   whereby Bryant agreed to withdraw these and other defenses.  Judge Larson

10   approved the stipulation on October 5.  In Bryant's Second Amended Reply, served

11   on October 16, 2007, these defenses had been removed.  Although MGA's amended

12   answer makes references to defenses of waiver, estoppel, and acquiescence, those

13   defenses, as pleaded, are limited to relate solely to the facts underlying MGA's

14   purported laches defense—that is, Mattel's purported delays in suing—which has

15   nothing to do with Mattel's contracts with third parties.

16       As a result, the basis for the Order compelling production of these

17   categories of documents has now been withdrawn.  These documents are no longer

18   relevant to any claim or defense in this action, and the burdens of producing them

19   outweigh any marginal relevance they might have.  Accordingly, MGA's Motion to

20   Compel as to Request Nos. 281-282 and 284-285 should be reconsidered and denied

21   to the extent they seek documents that are not relevant to any live claim or defense

22   in the action.

23       <u>Second Ground for Reconsideration:</u>  In the alternative, reconsideration

24   is appropriate to the extent that Mattel was ordered to search for and produce:

25   

26   read this first request to encompass the second and third requests, and MGA has not
    argued otherwise.  However, to the extent that is the claimed interpretation, Mattel
27   seeks reconsideration of that portion of the Order as well.

28

1
2
      2.    All documents relating to any discussions or negotiations between Mattel and anyone regarding the terms and conditions of any version of either of those agreements.

3      Although the Discovery Master approved this request which includes

4 "discussions or negotiations" with "anyone," the Order also states that the requests

5 as revised by MGA in its reply brief are not overbroad because they do *not* require

6 production of "all documents involving negotiations concerning these two

7 agreements," which this request *does* appear to require.  If construed broadly to

8 include all discussions or negotiations with "anyone," including thousands of

9 current and former employees, this request would require Mattel to engage in a

10 costly needle-in-the-haystack search through thousands of personnel files for

11 documents that (1) are unlikely to exist and, (2) even if found, will have no or

12 minimal relevance.

13      Accordingly, Mattel respectfully requests that the Court reconsider that

14 portion of the Order compelling Mattel to produce documents pursuant to Request

15 Nos. 281-282 and 284-285, and limit Mattel's obligations under those requests to

16 producing:

17
18
19
      1.    All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant.

20
      In the alternative, Mattel respectfully requests that the Court limit

21 Mattel's obligations under those requests to:

22
23
      1.    All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant, and

24
25
26
27
28

07209/2326756.4

-4-
MATTEL'S RENEWED MOTION FOR RECONSIDERATION

1        3.    All documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated.[2]

2

3        Further, if any production pursuant to these requests is ordered, Mattel

4  respectfully requests a 30-day extension of time to find and produce documents

5  responsive to the requests.

6        This Motion is based upon this Notice of Motion and Motion, the

7  accompanying Memorandum of Points and Authorities, the concurrently filed

8  Declaration of Timothy L. Alger, the Declaration of Lissa Freed dated September

9  26, 2007 and filed previously, the pleadings and other papers on file in this action,

10  such matters of which this Court may take judicial notice, and such further argument

11  and evidence as may be presented at or before the hearing.

12        This Motion is made following the conference of counsel pursuant to

13  the Stipulation for the Appointment of Discovery Master, occurring on September

14  24, 2007 and continued at the hearing before the Discovery Master on December 14,

15  2007.

16

17  DATED:  December 18, 2007     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

18

19

20                       By_____
                             Timothy L. Alger

21                           Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

22

23

24

25

26    [2]  Again, Mattel does not interpret the first request as encompassing the second

27  and third requests, and, to the extent that it does, seeks relief from any such overbroad interpretation.

28

1

## **TABLE OF CONTENTS**

2                                                                                          **Page**

3

4

5   PRELIMINARY STATEMENT ............................................................................... 1

6   ARGUMENT ........................................................................................................... 4

7   I.    THE REQUESTS SHOULD BE NARROWED TO ELIMINATE
          DOCUMENTS THAT DO NOT RELATE TO BRYANT ............................. 5
8
9   II.   IN THE ALTERNATIVE, THE REQUESTS SHOULD BE
          NARROWED TO AVOID AN UNDULY BURDENSOME SEARCH
          FOR RECORDS OF ANY DISCUSSIONS OR NEGOTIATIONS
10        BETWEEN MATTEL AND NON-PARTY EMPLOYEES ........................... 6

11  III.  IF PRODUCTION OF DOCUMENTS RESPONSIVE TO THESE
          REQUESTS IS REQUIRED, A REASONABLE EXTENSION
12        SHOULD BE GRANTED ........................................................................... 11

13  CONCLUSION ....................................................................................................... 12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S RENEWED MOTION FOR RECONSIDERATION

# TABLE OF AUTHORITIES

**Page**

## Cases

*Dolgow v. Anderson,*
  53 F.R.D. 661 (E.D.N.Y. 1971) ................................................................. 6

*Laker Airways Ltd. v. Pan American World Airways,*
  559 F. Supp. 1124 (D.D.C. 1983) ........................................................... 6

*Mr. Frank, Inc. v. Waste Management, Inc.,*
  1983 WL. 1859 (N.D. Ill. 1983) .............................................................. 6

*Smith v. Massachusetts,*
  543 U.S. 462 (2005) ................................................................................ 4

## Statutes

Fed. R. Civ. P. 26 .......................................................................................... 5, 6

Fed. R. Civ. P. 54(b) ........................................................................................ 4

Fed. R. Evid. 401 ............................................................................................. 5

Local Rule 7-18(b) ........................................................................................... 4

Local Rule 7-18(c) ........................................................................................... 5

-ii-

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### Preliminary Statement

3      On July 3, 2007, MGA Entertainment, Inc. ("MGA") brought a motion

4  to compel Mattel, Inc. ("Mattel") to produce documents responsive to MGA's First

5  Set of Requests for the Production of Documents and Things dated January 31,

6  2005.  Among other requests, the motion sought an order requiring production of

7  documents in response to Request Nos. 281-282 and 284-285 (collectively the

8  "Requests").  The Requests were facially overbroad, asking for all documents

9  relating to two form agreements Mattel has with its employees.[3]

10      Recognizing the overbreadth of the Requests, MGA revised them in its

11  reply brief to demand:

12      1.      All documents relating to any form "Employee Confidential
          Information and Inventions Agreement" or "Conflict of Interest
13          Questionnaire" that Mattel alleges to exist between Mattel and
          Bryant,
14
      2.      All documents relating to any discussions or negotiations
15          between Mattel and anyone regarding the terms and conditions
          of any version of either of those agreements; and
16
      3.      All documents relating to any instance in which Mattel has taken
17          any action whatsoever to enforce against anyone the same terms
          of any such agreement that Mattel alleges Bryant violated.[4]
18
19      On September 12, 2007, the Discovery Master granted in part and

20  denied in part MGA's motion.  The Court approved the revised Requests, and

21  ordered that Mattel produce documents in response.[5]  Mattel respectfully moves for

22

23  [3]  *See* Alger Decl., Exh. 1 (MGA Entertainment, Inc.'s First Set of Requests for
24  The Production of Documents and Things (the "2005 Requests")).
25  [4]  *See* Alger Decl., Exh. 2 at 16 (Reply of MGA Entertainment, Inc. in Support
     of Its Motion to Compel Mattel, Inc. to Supplement Its Responses and Produce
26  Documents Responsive to MGA's First Set of Requests for The Production of
     Documents and Things).
27  [5]  Alger Decl., Exh. 3.
28

MATTEL'S RENEWED MOTION FOR RECONSIDERATION

1  reconsideration of that Order to the extent that it approved the second and third
2  revised Requests.

3          The requests, as narrowed, were approved in the Order on the grounds
4  that they were relevant to Bryant's defenses that "the agreements are unenforceable
5  as contracts of adhesion, unconscionable and violate California law.  MGA contends
6  that the manner in which Mattel negotiates, interprets, enforces and applies the
7  terms of the two contracts is highly relevant."[6]  These matters were indeed
8  previously raised as defenses in Bryant's Reply to Mattel's counterclaims.  Bryant's
9  Tenth Affirmative Defense declared that there was a "failure of contract," and his
10 Eleventh Affirmative Defense declared the contract "unconscionable."

11         Since the date of the Order, however, the parties signed a stipulation
12 whereby Bryant agreed to withdraw these and other defenses.  This stipulation was
13 approved by Judge Larson on October 5, 2007.[7]  Bryant's Second Amended Reply,
14 served on October 16, 2007, does not contain these affirmative defenses.[8]  Similarly,
15 MGA's amended answer asserts no defenses of contract illegality,
16 unconscionability, or failure of contract.[9]

17         Consequently, the second and third categories of documents in the
18 Order—which relate to non-party employees that have no role in this case—are no
19 longer relevant to any claim or defense still at issue in this action, or, if there is any

20 _____

21   [6]  Alger Decl., Exh. 3 at 13.
22   [7]  Alger Decl., Exh. 6 (Stipulation and Order Regarding Carter Bryant's
23 Amended Reply to Mattel's Counterclaims).
     [8]  *See* Alger Decl., Exh. 7 (Carter Bryant's Second Amended Reply to Mattel's
24 Counterclaims).
     [9]  Although it makes reference to defenses of waiver, estoppel, and
25 acquiescence, those defenses, as pleaded, are limited to and relate solely to MGA's
26 purported laches defense, which has nothing to do with the enforceability or
27 unenforceability of Bryant's agreements.  *See* Alger Decl., Exh. 8 at 21-22
     (Amended Answer and Affirmative Defenses of MGA Inc. *et al.*).

28

1  remaining relevance, it is marginal.  Mattel should not be required to undergo the

2  expense and burden of collecting, reviewing, and producing documents that have

3  little or no bearing on the live controversies in this case.  The Order should be

4  reconsidered and modified to relieve Mattel of that obligation.[10]

5            In the alternative, the Order should be reconsidered and modified to

6  relieve Mattel of the obligation to search for and produce all documents that relate to

7  any "discussions or negotiations" between Mattel and "anyone" regarding the terms

8  and conditions of these standard Mattel agreements.  The second request would

9  seem to require Mattel to perform a manual search through thousands of employee

10  personnel files on the slight chance that they might include documentation

11  evidencing "discussions" or "negotiations" that make no mention of Bryant or

12  MGA.  That burden is unwarranted, and it is unclear whether the Court intended for

13  Mattel to have such an onerous obligation.  In the Order, the Discovery Master

14  accepted the revised Requests as limiting the scope of the original set of Requests.

15  However, the second revised Request did not really narrow the original Requests at

16  all.  In explaining why the revised Requests were acceptable, the Order states that

17  Mattel is *not* required to produce the broad swath of documents sought in the second

18  revised Request:  "[a]s narrowed, the Requests are not overbroad or unduly

19  burdensome *because they no longer call for production of ... any and all*

20  *documents involving negotiations concerning those agreements.*"[11]  However, the

21  language of the second request would appear to require just that.

22            Accordingly, in the event that the Discovery Master does not relieve

23  Mattel of its production burden under the second and third requests (because

24  _____

25  [10]   As noted previously, to the extent MGA now interprets the first request as

26  encompassing documents relating to *any* form of the agreement as executed (or not
   executed) by *any* Mattel employee, *i.e.* as encompassing the second and third

27  requests, Mattel seeks relief from that request on the same grounds.

28

MATTEL'S RENEWED MOTION FOR RECONSIDERATION

1   Mattel's discussions, negotiations and enforcement practices as to non-party

2   employees have little or no relevance), Mattel requests that the Discovery Master

3   reconsider the September 12, 2007 Order and rule that Mattel is not required to

4   search for and produce documents relating to "discussions or negotiations" between

5   Mattel and "anyone," including non-party employees, regarding the Employee

6   Confidential Information and Inventions Agreement and the Conflict of Interest

7   Questionnaire.  By relieving Mattel of this obligation, MGA will still gain access to

8   the documents that it appears to be interested in—documents reflecting Mattel's

9   enforcement as to non-party employees—but Mattel would not have to undertake

10  the unduly burdensome searches discussed in this motion.

11          If on reconsideration the Discovery Master orders any documents

12  produced, Mattel asks the Court to set a deadline for production of responsive

13  documents 30 days after a decision on this motion to provide time for a diligent

14  search and production.

15                              **<u>Argument</u>**

16          The Discovery Master is empowered by the District Court to decide

17  matters falling within the Stipulation for Appointment of a Discovery Master, and

18  therefore may reconsider or modify his September 12, 2007 Order.  *See Smith v.*

19  *Massachusetts,* 543 U.S. 462, 475 (2005) ("'[A] district court has the inherent power

20  to reconsider and modify its interlocutory orders prior to the entry of judgment.'")

21  (quotations omitted); *see also* Fed. R. Civ. P. 54(b) ("any order or other form of

22  decision . . . is subject to revision at any time before the entry of judgment

23  adjudicating all the claims and the rights and liabilities of all parties").

24          Reconsideration is an appropriate remedy where there is "the

25  emergence of new material facts ... after the time of such decision," Local Rule 7-

26

27  [11]   Alger Decl., Exh. 3 at 14.

28

1   18(b), or where there has been "a failure to consider material facts presented to the

2   Court before such decision." Local Rule 7-18(c). The September 12, 2007 Order

3   should be reconsidered by the Court on both of these grounds.

4   **I.     THE REQUESTS SHOULD BE NARROWED TO ELIMINATE**

5   **DOCUMENTS THAT DO NOT RELATE TO BRYANT**

6           "Relevant evidence" is evidence "having any tendency to make the

7   existence of any fact *that is of consequence to the determination of the action* more

8   probable or less probable than it would be without the evidence," Fed. R. Evid. 401,

9   and only evidence "that is relevant to the claim or defense of any party" or, on a

10  showing of good cause, "relevant to the subject matter involved in the action," is

11  discoverable. Fed. R. Civ. P. 26(b)(1). Here, there is no fact of consequence to the

12  action that the demanded documents bear upon. As the Discovery Master noted in

13  the Order, documents relating to non-party employees' contracts with Mattel were

14  ordered produced only because of their claimed relevance to Bryant's now-

15  withdrawn defenses that the agreements are unenforceable and unconscionable.[12]

16  As a result, documents responsive to the second and third requests in the Order will

17  have no bearing on any of the ongoing live controversies in this action, especially in

18  light of Mattel's already completed production of these documents as they relate

19  specifically to Bryant.[13]

20          To the extent that MGA asserts some attenuated theory of relevance for

21  these documents, the extreme burden of their search and production, as detailed

22  further below, substantially outweighs any possible probative value, and Mattel

23  should not be forced to bear that burden. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (court

24  has the power to deny discovery where "the burden or expense of the proposed

25

26  _____

27  [12]  *See* Alger Decl., Exh. 3 at 13.
    [13]  Alger Decl., ¶ 5.

28

1 discovery outweighs its likely benefit, considering … the importance of the
2 discovery in resolving the issues.").

3        Accordingly, Mattel requests that the Discovery Master reconsider and
4 reject MGA's second and third requests as the requests seek documents that are not
5 relevant to any live claim or defense in this action.

6 **II.   IN THE ALTERNATIVE, THE REQUESTS SHOULD BE**
7          **NARROWED TO AVOID AN UNDULY BURDENSOME SEARCH**
8          **FOR RECORDS OF ANY DISCUSSIONS OR NEGOTIATIONS**
9          **BETWEEN MATTEL AND NON-PARTY EMPLOYEES**

10        In the alternative, if Mattel is ordered to produce largely irrelevant
11 documents relating to non-party employees' contracts with Mattel, that burden
12 should be limited to documents relating to Mattel's enforcement of such contracts,
13 as requested in the third request.  Documents relating to discussions and
14 negotiations are far more burdensome to find and have no relevance at all.  At the
15 least, the second request should be eliminated.

16        Rule 26(c) gives this Court authority to "protect a party or person from
17 annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R.
18 Civ. P. 26(c).  Moreover, "[a] trial court has a duty, of special significance in
19 lengthy and complex cases where the possibility of abuse is always present, to
20 supervise and limit discovery to protect parties and witnesses from annoyance and
21 excessive expense." *Dolgow v. Anderson,* 53 F.R.D. 661, 664 (E.D.N.Y. 1971); *see*
22 *also Laker Airways Ltd. v. Pan American World Airways,* 559 F. Supp. 1124, 1133
23 n.36 (D.D.C. 1983) (same); *Mr. Frank, Inc. v. Waste Management, Inc.,* 1983 WL
24 1859 at *1 (N.D. Ill. 1983) (same).  The Requests go far beyond the bounds of
25 proper discovery under Rule 26 and seek documents of zero or marginal relevance
26 that it would be extremely burdensome for Mattel to locate (if any exist at all) and
27 produce.

28

1         The Requests all relate to two standard agreements Mattel has with its

2   employees: the "Employee Confidential Information and Inventions Agreement,"

3   and the "Conflict of Interest Questionnaire." Request Nos. 282 and 285 ask for,

4   "All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing,

5   describing, referring or relating to any negotiations between MATTEL and any

6   employee or prospective employee regarding or concerning any term of MATTEL's

7   form ['Employee Confidential Information and Inventions Agreement' and 'Conflict

8   of Interest Questionnaire.']"[14]

9         In its reply in support of its Motion to Compel, MGA purported to limit

10   this group of Requests—and did so *except* as to "discussions or negotiations."

11   There, however, MGA removed all the *narrower* verbs, and kept the *broadest*.

12   MGA still demanded that Mattel produce "[a]ll documents *relating* to any

13   discussion or negotiations between Mattel *and anyone* regarding the terms and

14   conditions of any version of either of those agreements."[15] Thus, the second revised

15   Request still asks Mattel for any document relating to any discussions or

16   negotiations on these agreements, with "anyone."

17         In approving the revised Requests, the Discovery Master expressed the

18   view that the revised Requests were not overbroad because "they no longer call for

19   production of . . . any and all documents involving negotiations concerning those

20   agreements."[16] Yet MGA's second revised Request appears to demand exactly that.

21         As the Discovery Master appears to have recognized in his prior Order,

22   a search for all negotiations or discussion documents would be unduly burdensome.

23   If enforced as currently written, the Requests could be construed to require Mattel to

24   review the files of thousands of current and former employees for irrelevant

25   _____

26   [14]  Alger Decl., Exh. 1 at 75-76.

27   [15]  Alger Decl., Exh. 2 at 16 (emphasis added).

28   [16]  Alger Decl., Exh. 3 at 14.

1   information.  Mattel asks all employees at its El Segundo headquarters to sign the
2   two agreements, and has done so since at least 1995.[17]  Employment agreements are
3   placed in personnel files, and are not stored and indexed electronically.[18]  Mattel
4   currently employs 1,814 employees at El Segundo.[19]  Thus, as a starting point,
5   Mattel could be required to manually review personnel files for all these individuals.
6           Moreover, a search for negotiation documents could reach far beyond
7   this number because MGA's request, by its terms, requires Mattel to search the
8   records of *former* employees as well.  Like all large companies, a great number of
9   employees leave each year, and many new employees are hired.[20]  As of September
10  2007, 227 employees working in El Segundo have left Mattel.[21]  In 2006, a total of
11  502 employees in El Segundo had left Mattel's employ.[22]  Below is a chart, stating
12  the total number of employees to have left Mattel from the El Segundo headquarters
13  each year:[23]

| Year | Number of Employees in El Segundo to Leave |
|------|---------------------------------------------|
| 1997 | 241 |
| 1998 | 316 |
| 1999 | 490 |
| 2000 | 459 |
| 2001 | 324 |
| 2002 | 395 |

[17]  Freed Decl., ¶¶ 3-4.
[18]  Freed Decl., ¶ 6.
[19]  Freed Decl., ¶ 3.
[20]  Freed Decl., ¶ 8.
[21]  Freed Decl., ¶ 19.
[22]  Freed Decl., ¶ 18.
[23]  Freed Decl., ¶ 9-19.

| 2003 | 365 |
|------|-----|
| 2004 | 386 |
| 2005 | 364 |
| 2006 | 502 |
| 2007 | 227 |

In total, approximately 4,069 employees have left Mattel's El Segundo headquarters since 1997. As part of Mattel's standard practice, these employees would have been requested to sign a version of the "Employee Confidential Information and Inventions Agreement" and "Conflict of Interest Questionnaire" when they were hired.[24] The agreements are placed in the employee's personnel file.[25] So a fair estimate of the files that would have to be reviewed, for Mattel's El Segundo headquarters, would be 5,883 (the number of current employees plus former employees). Many such files are voluminous, and comprise hundreds of pages.[26]

Aside from the costs of collecting these files (many of which are in storage), the legal fees that would be incurred for their review are substantial. A review of approximately 5,883 personnel files for documents that might reflect "discussions or negotiations" about the terms and conditions of the Employee Confidential Information and Inventions Agreement, and Conflict of Interest Questionnaire, involving employees during the past 10 years at Mattel's El Segundo headquarters is likely to cost well in excess of $600,000 in legal fees.[27]

---

[24] Freed Decl., ¶ 8.
[25] Freed Decl., ¶ 6.
[26] Freed Decl., ¶ 7.
[27] Alger Decl., ¶ 4.

1    This burden would be particularly unfair given the marginal relevance

2    of the documents requested, and the very low odds that responsive documents will

3    be found.  Mattel's 30(b)(6) witness stated that she was not aware of anyone

4    refusing to sign the Conflict of Interest Questionnaire, and that no one had asked

5    any questions about the Employee Confidential Information and Inventions

6    Agreement.[28]  There is no reason to believe responsive documents even exist.

7    Moreover, Mattel has made changes to the two agreements at issue over the years.

8    In total, Mattel has used six different versions of the Employee Confidential

9    Information Agreement since 1995, and three different versions of the Conflict of

10   Interest Questionnaire.[29]  Bryant, however, only signed two of each of these

11   agreements, one when he joined Mattel in 1995, and one upon his return from his

12   leave of absence in 1999.[30]  Thus, in many cases Mattel will be looking for

13   documents related to negotiations of versions of these agreements that Carter Bryant

14   did not even sign.  Discussion or negotiation of such agreements does not have any

15   bearing on MGA's or Bryant's defenses.

16        The Discovery Master has already found that the relevance of

17   alternative versions of Mattel's employment agreements is "tenuous" and "thin,"[31]

18   and that was *before* Bryant withdrew his ill-conceived challenges to his Mattel

19   agreements as "unconscionable" and "illegal."  Unless the Order is reconsidered,

20   Mattel might be faced with manually searching through thousands of files of

21   employees for irrelevant documents.

22

---

23   [28]   *See* Alger Decl., Exh. 9 (Excerpts of the Deposition of Lissa Freed).  The

24   relevant testimony is found at 26:2-23 (regarding the Conflict of Interest

25   Questionnaire) and 47:23-48:14 (regarding the Employee Confidential Information

     Agreement).

26   [29]   Freed Decl., ¶ 4.

     [30]   Freed Decl., ¶ 5.

27

28

Accordingly, Mattel requests that, at the least, the Discovery Master reconsider and reject MGA's Requests to the extent they require Mattel to search for documents relating to "discussions or negotiations" of the agreements, and instead, order Mattel to produce at the most:

1.   All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant, and

3.   All documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated.

Pursuant to these requests, MGA would still receive all non-privileged documents regarding the enforcement of the agreements that Mattel alleges Bryant violated, which appear to be the documents that MGA is interested in.  At the same time, an unduly burdensome search for the irrelevant documents requested in Request No. 2 would be avoided.

## III.   IF PRODUCTION OF DOCUMENTS RESPONSIVE TO THESE REQUESTS IS REQUIRED, A REASONABLE EXTENSION SHOULD BE GRANTED

As discussed above, Mattel has thousands of current and former employees who have been asked to sign the relevant agreements.  Review of documents relating to these agreements to locate responsive documents (even if the requests are narrowed) will take hundreds of hours of lawyer and paralegal time.  For this reason, if the Court does not rule that Mattel is not required to produce such documents, Mattel asks for a 30-day extension for the production of documents related to MGA Document Request Nos: 281-282 and 284-285.

---

[31] *See* Alger Decl., Exh. 4 at 27:11-17 (Excerpts from the Transcript of Proceedings before the Hon. Edward A. Infante, dated January 25, 2007).

MATTEL'S RENEWED MOTION FOR RECONSIDERATION

07209/2326756.4

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master reconsider his Order of September 12, 2007 relating to Document Request Nos: 281-282 and 284-285, and rule that Mattel is only required to produce:

    1.    All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant.

In the alternative, Mattel respectfully requests that the Discovery Master reconsider his Order of September 12, 2007 relating to Document Request Nos: 281-282 and 284-285, and rule that Mattel is only required to produce:

    1.    All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant, and

    3.    All documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated.

Mattel further requests that any production pursuant to the requests be extended to a date 30 days after the Discovery Master's decision on this motion for reconsideration.

DATED:  December 18, 2007    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Timothy L. Alger
Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

-12-

MATTEL'S RENEWED MOTION FOR RECONSIDERATION