QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>[PUBLIC REDACTED] DECLARATION OF TIMOTHY L. ALGER IN SUPPORT OF MATTEL, INC.'S RENEWED MOTION FOR RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>Date: January 3, 2008<br>Time: 1:30 p.m.<br>Place: JAMS<br><br>**Phase 1:**<br>Discovery Cutoff:      January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:                 May 27, 2008 |

07209/2327967.1

DECLARATION OF TIMOTHY L. ALGER ISO MATTEL'S RENEWED MOTION FOR RECONSIDERATION

## DECLARATION OF TIMOTHY L. ALGER

1. I, Timothy L. Alger, declare as follows:

1. I am a member of the bar of the State of California and a member of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On September 24, 2007, I met and conferred with Marc Feinstein, counsel for MGA Entertainment, Inc., regarding MGA's interpretation of the September 12, 2007 Order by the Discovery Master and, specifically, the scope of order as it dealt with documents relating to "discussions or negotiations" between Mattel and "anyone" regarding the Employee Confidential Information Agreement or Conflict of Interest Questionnaire. I noted what seems to be an inconsistency between portions of the Order, and the burden it would place on Mattel to search for responsive documents if the Order is broadly construed. I informed Mr. Feinstein of Mattel's intention to move for reconsideration if the parties could not reach agreement as to Mattel's obligations under the Order.

3. Mattel's motion for reconsideration was originally heard on December 14, 2007 before the Discovery Master, Judge Infante. During this hearing, Judge Infante requested that Mattel re-file its motion for reconsideration and raise all the grounds it sought reconsideration on, including those that arose following the filing of its initial motion.

4. I have been informed by Mattel that personnel files range in size, and many exceed several hundred pages. Review of some files would be quite quick, and review of others would take significant time. Based upon my experience, I would estimate that on average it would take approximately a half-hour for an attorney or paralegal to review a personnel file in a search for particular documents. A review of approximately 5,883 personnel files for documents that might reflect

1 | "discussions or negotiations" about the terms and conditions of the Employee
2 | Confidential Information and Inventions Agreement, and Conflict of Interest
3 | Questionnaire, involving employees during the past 10 years at Mattel's El Segundo
4 | headquarters, is likely to cost Mattel well in excess of $600,000 in legal fees.

5.  As of the date of this declaration, Mattel has already produced to MGA and Bryant all documents related specifically to Mattel's discussions or negotiations specifically with Bryant.

6.  Attached as Exhibit 1 is a true and correct copy of MGA Entertainment, Inc.'s First Set of Requests for the Production of Documents and Things dated January 31, 2005.

7.  Attached as Exhibit 2 is a true and correct copy of the Reply of MGA Entertainment, Inc. in Support of Its Motion to Compel Mattel, Inc. to Supplement Its Responses and Produce Documents Responsive to MGA's First Set of Requests for The Production of Documents and Things, dated July 26, 2007.

8.  Attached as Exhibit 3 is a true and correct copy of the Discovery Master's Order Granting in Part and Denying in Part MGA's Motion to Compel Mattel to Supplement Responses and Produce Documents Responsive to First Set of Requests for Production of Documents and Things; Denying Requests for Sanctions, dated September 12, 2007.

9.  Attached as Exhibit 4 is a true and correct copy of excerpts from the Transcript of Proceedings before the Hon. Edward A. Infante, dated January 25, 2007.

10. Attached as Exhibit 5 is a true and correct copy of Bryant's Reply to Mattel's Counterclaims, dated August 13, 2007.

11. On October 4, 2007, the parties signed a stipulation whereby Bryant agreed to withdraw several of his affirmative defenses. The stipulation was signed by Judge Larson on October 5, 2007. Attached as Exhibit 6 is a true and correct

1  copy of the Stipulation and Order Regarding Carter Bryant's Amended Reply to
2  Mattel's Counterclaims, dated October 5, 2007.
3      12.  Attached as Exhibit 7 is a true and correct copy of Carter Bryant's
4  Second Amended Reply to Mattel's Counterclaims, dated October 16, 2007.
5      13.  Attached as Exhibit 8 is a true and correct copy of the Amended
6  Answer and Affirmative Defenses of MGA Entertainment Inc., MGA Entertainment
7  (HK) Limited and MGAE de Mexico S.R.L. de C.V. to Mattel, Inc.'s Second
8  Amended Answer and Counterclaims, dated September 19, 2007.
9      14.  Attached as Exhibit 9 is a true and correct copy of relevant excerpts of
10  the Deposition of Lissa Freed, dated May 3, 2007.
11      I declare under penalty of perjury under the laws of the United States of
12  America that the foregoing is true and correct.
13      Executed on December 18, 2007, at Los Angeles, California.

*[signature]*
Timothy L. Alger