**REQUEST NO. 165.:**

If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was copied from, derived from or infringes any intellectual property owned by MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and such intellectual property on the other.

**REQUEST NO. 166.:**

If you contend that BRATZ or BRATZ INTELLECTUAL PROPERTY was copied from, derived from or infringes any idea, concept, design or product owned by MATTEL, all DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to such product and the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and such product on the other.

**REQUEST NO. 167.:**

All DOCUMENTS evidencing, detailing, discussing, describing, depicting, mentioning, referring to, or relating to the similarities or differences between BRATZ and BRATZ INTELLECTUAL PROPERTY on the one hand and "Funky Tweenz" on the other.

**REQUEST NO. 168.:**

DOCUMENTS that name or are otherwise sufficient to identify the individuals who worked on or were involved in any way with the conception, creation, design and development of any fashion doll at or for MATTEL, other than "Barbie," since 1995.

**REQUEST NO. 169.:**

DOCUMENTS that name or are otherwise sufficient to identify the individuals

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT 1 PAGE 55

1   who worked on or were involved in any way with the marketing of any fashion doll at
2   or for MATTEL, other than "Barbie," since 1995.

**REQUEST NO. 170.:**

All DOCUMENTS discussing, mentioning, relating or referring to MATTEL's target market and marketing strategy for its lines of fashion doll before "BRATZ" became commercially available in the summer of 2001, going back to 1995, and MATTEL's target market and marketing strategy for its lines of fashion dolls after "BRATZ" became commercially available in the summer of 2001 to the present.

**REQUEST NO. 171.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to MATTEL's target market and marketing strategy for its lines of fashion doll before "BRATZ" became commercially available in the summer of 2001, going back to 1995, and MATTEL's target market and marketing strategy for its lines of fashion dolls after "BRATZ" became commercially available in the summer of 2001 to the present.

**REQUEST NO. 172.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation against BRYANT.

**REQUEST NO. 173.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation against MGA.

52                                          MGA'S FIRST SET OF DOCUMENT REQUESTS


EXHIBIT ___ PAGE **56**

**REQUEST NO. 174.:**

All DOCUMENTS discussing, mentioning, relating or referring to any decision or resolution of MATTEL's Board of Directors relating to litigation involving BRATZ.

**REQUEST NO. 175.:**

All DOCUMENTS constituting, discussing, mentioning, relating or referring to MARKET RESEARCH relating to "BRATZ".

**REQUEST NO. 176.:**

All DOCUMENTS sent to or received from the NPD Group discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA past or present employee including, without limitation, Victoria O'Connor and Paula Treantafellas.

**REQUEST NO. 177.:**

All DOCUMENTS sent to or received from CARU discussing, mentioning, relating or referring to "BRATZ", Isaac Larian or MGA.

**REQUEST NO. 178.:**

All DOCUMENTS sent to or received from TIA discussing, mentioning, relating or referring to "BRATZ", Isaac Larian or MGA.

**REQUEST NO. 179.:**

All DOCUMENTS sent to or received from Warner Brothers discussing, mentioning, relating or referring to "BRATZ", Isaac Larian, MGA or any MGA past or present employee including, without limitation, Victoria O'Connor and Paula Treantafellas.



EXHIBIT __1__ PAGE **57**

**REQUEST NO. 180.:**

All DOCUMENTS mentioning, referring or relating to BRYANT including, but not limited to, BRYANT's personnel file and all DOCUMENTS on MATTEL's Zeus computer system that mention BRYANT.

**REQUEST NO. 181.:**

All DOCUMENTS constituting, evidencing, referring to or reflecting BRYANT's work at MATTEL, including the projects he worked on.

**REQUEST NO. 182.:**

All DOCUMENTS evidencing the days and hours BRYANT worked for MATTEL, including all time entries and data on MATTEL's "P2" computer system, and all records reflecting the days and hours BRYANT was on vacation or leave of absence.

**REQUEST NO. 183.:**

All DOCUMENTS constituting, consisting of, comprising or reflecting records of all phone calls BRYANT placed and received and all facsimiles BRYANT sent and received during his employment at MATTEL, including, specifically, without limitation, all phone logs, phone records and facsimile transmittals and facsimile records evidencing all phone calls and facsimiles BRYANT placed or received in September and October 2000.

**REQUEST NO. 184.:**

All DOCUMENTS evidencing, showing, demonstrating, depicting, describing, constituting, mentioning, referring to, or relating to any good sold, marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark, trade dress, service mark or other matter used by MGA, which YOU believe is the same as or similar to any idea, concept, creation, design or other work or property owned by YOU.

54

MGA'S FIRST SET OF DOCUMENT REQUESTS



EXHIBIT  1  PAGE  58

**REQUEST NO. 185.:**

All DOCUMENTS constituting, mentioning, referring to, or relating to YOUR discovery of, and any efforts made by YOU to discover, the source, author, designer, creator, and owner of any good sold marketed, or distributed by MGA, or any image, slogan, logo, brand, trademark, trade dress, service mark or other matter, which YOU believe is the same as or similar to any idea, concept, creation, design or other work or property owned by YOU, including that date of any such discovery and discovery efforts.

**REQUEST NO. 186.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, work on, or connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 187.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 188.:**

All DOCUMENTS mentioning, referring to, or relating to YOUR decision to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 189.:**

All DOCUMENTS mentioning, referring to, or relating to any consideration given by MATTEL to acquiring MGA.

**REQUEST NO. 190.:**

All DOCUMENTS mentioning, referring to, or relating to any decision not to sue BRYANT including, without limitation, COMMUNICATIONS mentioning, discussing, describing, referring to, or relating to the reasons and factors that influenced the decision, the timing of the decision, and the date and manner in which YOU made the decision.

**REQUEST NO. 191.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, work on, and connection to the conception, design, creation or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 192.:**

All DOCUMENTS evidencing, mentioning, referring to, or relating to the date and manner in which YOU first learned of BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 193.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or reflecting YOUR efforts to investigate BRYANT's involvement with, contract with, and work with or for MGA.

**REQUEST NO. 194.:**

All DOCUMENTS evidencing, supporting, documenting or relating to the reasons why YOU did not file a lawsuit against BRYANT sooner than the date of YOUR original complaint including, without limitation, DOCUMENTS evidencing or

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT ___ 1 ___ PAGE __ 60 __

1  reflecting YOUR efforts to investigate the nature and scope of BRYANT's
2  involvement with, work on, or connection to the conception, design, creation or
3  development of BRATZ.

4  **REQUEST NO. 195.:**

5
6      All DOCUMENTS evidencing, supporting, documenting or relating to the
7  reasons why YOU did not file a lawsuit against BRYANT sooner than the date of
8  YOUR original complaint including, without limitation, all non-privileged
9  DOCUMENTS evidencing or reflecting YOUR efforts to investigate the nature and
10  scope of BRYANT's involvement with, work on, or connection to the conception,
11  design, creation or development of BRATZ INTELLECTUAL PROPERTY.

12  **REQUEST NO. 196.:**

13      All DOCUMENTS mentioning, referring to, or relating to this lawsuit including,
14  without limitation, COMMUNICATIONS with third parties and the press about this
15  lawsuit or that mention, refer to, or relate to this lawsuit.

16  **REQUEST NO. 197.:**

17
18      All COMMUNICATIONS between YOU and MGA.

19  **REQUEST NO. 198.:**

20      All COMMUNICATIONS between YOU and Isaac Larian.

21  **REQUEST NO. 199.:**

22
23      All COMMUNICATIONS between YOU and BRYANT.

24  **REQUEST NO. 200.:**

25      All COMMUNICATIONS between YOU and any third party mentioning,
26  referring or relating to BRYANT.

27
28

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT ___ PAGE __

**REQUEST NO. 201.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 202.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the BRATZ CONCEPT.

**REQUEST NO. 203.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the FIRST BRATZ DOLLS.

**REQUEST NO. 204.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to BRATZ DOLLS, if YOU seek in this case to enjoin the sale of BRATZ DOLLS, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by BRATZ DOLLS.

**REQUEST NO. 205.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to the BRATZ PACK, if YOU seek in this case to enjoin the sale of the BRATZ PACK, or seek, as any part of YOUR recovery or damages in this case, any right or interest in, revenues or profits from, or lost profits or other damages caused by the BRATZ PACK.

**REQUEST NO. 206.:**

All COMMUNICATIONS between YOU and any third party mentioning, referring or relating to LIL' BRATZ, if YOU seek in this case to enjoin the sale of LIL' BRATZ, or seek, as any part of YOUR recovery or damages in this case, any

58                                    MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __62__

1  right or interest in, revenues or profits from, or lost profits or other damages caused by

2  LIL' BRATZ.

3  **REQUEST NO. 207.:**

4

5      All COMMUNICATIONS between YOU and any third party mentioning,

6  referring or relating to BRATZ PETZ, if YOU seek in this case to enjoin the sale of

7  BRATZ PETZ, or seek, as any part of YOUR recovery or damages in this case, any

8  right or interest in, revenues or profits from, or lost profits or other damages caused by

9  BRATZ PETZ.

10  **REQUEST NO. 208.:**

11      All COMMUNICATIONS between YOU and any third party mentioning,

12  referring or relating to BRATZ BABYZ, if YOU seek in this case to enjoin the sale of

13  BRATZ BABYZ, or seek, as any part of YOUR recovery or damages in this case, any

14  right or interest in, revenues or profits from, or lost profits or other damages caused by

15  BRATZ BABYZ.

16  **REQUEST NO. 209.:**

17

18      All COMMUNICATIONS between YOU and any third party mentioning,

19  referring or relating to BRATZ BOYZ, if YOU seek in this case to enjoin the sale of

20  BRATZ BOYZ, or seek, as any part of YOUR recovery or damages in this case, any

21  right or interest in, revenues or profits from, or lost profits or other damages caused by

22  BRATZ BOYZ.

23  **REQUEST NO. 210.:**

24      All COMMUNICATIONS between YOU and any third party mentioning,

25  referring or relating to "Funky Tweenz".

26

27

28

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT ___1___ PAGE ___63___ 

**REQUEST NO. 211.:**

All DOCUMENTS, including pleadings, deposition transcripts, declarations and other matter generated in the course of any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 212.:**

All COMMUNICATIONS mentioning, referring to, or relating to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 213.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and Danny K. H. Yu, Paul K. C. Chan or any person at, employed by, working for or under the direction of the law firms of Danny K. H. Yu & Co. and Simon C. W. Yung & Co. on the other, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding o which MGA is or was a party.

**REQUEST NO. 214.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and Toys & Trends (Hong Kong) Limited, Cityworld Limited, or Jurg Willi Kesselring on the other, or any person acting on their behalf or at their direction, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, "Funky Tweenz," "Toon Teens," or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT ___1___ PAGE _64_

**REQUEST NO. 215.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any person or entity adverse to MGA, including any person at, employed by, working for or under the direction of the law firms representing clients adverse to MGA, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 216.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any principal of any entities or persons adverse to MGA on the other, or any person acting on their behalf or at their direction, referring or relating to MGA, BRYANT, this lawsuit, BRATZ, BRATZ INTELLECTUAL PROPERTY, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 217.:**

All COMMUNICATIONS between YOU, including YOUR inside and outside counsel, on the one hand and any third-party on the other, referring or relating to this lawsuit, or any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was a party.

**REQUEST NO. 218.:**

All COMMUNICATIONS sent to or received from any party to any non-MATTEL lawsuit, litigation, arbitration or other legal proceeding to which MGA is or was party, or any agent or representative of such party, including such party's attorney.

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT ___1___ PAGE __65__

**REQUEST NO. 219.:**

All COMMUNICATIONS, and all DOCUMENTS mentioning, referring to, or relating to any COMMUNICATION, between YOU on the one hand, and any person consulted or interviewed regarding any fact or issue relating to this lawsuit, including, without limitation, any experts, investigators, or witnesses.

**REQUEST NO. 220.:**

All DOCUMENTS and COMMUNICATIONS received by YOU from any source expressing, suggesting or implying that BRYANT copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 221.:**

All DOCUMENTS and COMMUNICATIONS received by YOU from any source expressing, suggesting or implying that MGA copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 222.:**

All COMMUNICATIONS, and all DOCUMENTS mentioning, describing, discussing, referring or relating to any investigation performed by YOU in response to any COMMUNICATION YOU may have received from any source expressing, suggesting or implying that BRYANT copied or used any idea, design or intellectual property owned by MATTEL in connection with the conception, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 223.:**

All COMMUNICATIONS, and all DOCUMENTS mentioning, describing, discussing, referring or relating to any investigation performed by YOU in response to

MGA'S FIRST SET OF DOCUMENT REQUESTS



EXHIBIT __1__ PAGE __66__

1   any COMMUNICATION YOU may have received from any source expressing,

2   suggesting or implying that MGA copied or used any idea, design or intellectual

3   property owned by MATTEL in connection with the conception, design or

4   development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

5   **REQUEST NO. 224.:**

6

7       All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

    describing discussing, referring or relating to all COMMUNICATIONS with Anna

8   Rhee that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or

9   BRYANT's work for MGA.

10

11  **REQUEST NO. 225.:**

12      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

13  describing discussing, referring or relating to all COMMUNICATIONS with Anna

14  Rhee that refer or relate to this litigation, the facts and circumstances giving rise to

15  this litigation, or BRYANT's alleged misconduct.

16  **REQUEST NO. 226.:**

17

18      All COMMUNICATIONS and all DOCUMENTS constituting, mentioning,

    describing discussing, referring or relating to all COMMUNICATIONS with

19  Margaret Leahy that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ

20  DOLLS or BRYANT's work for MGA.

21

22  **REQUEST NO. 227.:**

23      All COMMUNICATIONS, and all DOCUMENTS constituting, mentioning,

24  describing discussing, referring or relating to all COMMUNICATIONS with

25  Margaret Leahy that refer or relate to this litigation, the facts and circumstances giving

26  rise to this litigation, or BRYANT's alleged misconduct.

27

28

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __61__

**REQUEST NO. 228.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 229.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Margaret Leahy's husband that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 230.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 231.:**

All COMMUNICATIONS, and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Victoria O'Connor that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 232.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ramona Prince that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

MGA'S FIRST SET OF DOCUMENT REQUESTS


EXHIBIT ___1___ PAGE __68__

**REQUEST NO. 233.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ramona Prince that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 234.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Lilly Martinez that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 235.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Lilly Martinez that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 236.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ron Longsdorff that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 237.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Ron Longsdorff that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __69__

**REQUEST NO. 238.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Matt Bousquette that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 239.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Matt Bousquette that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 240.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Adrienne Fontanella that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 241.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Adrienne Fontanella that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 242.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Tim Kilpin that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __70__

**REQUEST NO. 243.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Tim Kilpin that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 244.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 245.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Sujata Luther that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 246.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Alan Kaye that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 247.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Alan Kaye that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

EXHIBIT __1__ PAGE __7?__ 67        MGA'S FIRST SET OF DOCUMENT REQUESTS

**REQUEST NO. 248.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Veronica Marlowe that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 249.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with Veronica Marlowe that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 250.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with any current or former MATTEL employee or contractor that refer or relate to the BRATZ CONCEPT, the FIRST BRATZ DOLLS or BRYANT's work for MGA.

**REQUEST NO. 251.:**

All COMMUNICATIONS and all DOCUMENTS constituting, mentioning, describing discussing, referring or relating to all COMMUNICATIONS with any current or former MATTEL employee or contractor that refer or relate to this litigation, the facts and circumstances giving rise to this litigation, or BRYANT's alleged misconduct.

**REQUEST NO. 252.:**

All DOCUMENTS and COMMUNICATIONS constituting, discussing, mentioning, describing, referring or relating to the August 5, 2002 anonymous letter

1  sent to Robert Eckert produced in this litigation by MATTEL bearing Bates serial

2  number M 13841.

3  **REQUEST NO. 253.:**

4

5      All DOCUMENTS and COMMUNICATIONS constituting, discussing,

6  mentioning, describing, referring or relating to any investigation of or follow-up

7  regarding the August 5, 2002 anonymous letter sent to Robert Eckert produced in this

8  litigation by MATTEL bearing Bates serial number M 13841.

9  **REQUEST NO. 254.:**

10     All DOCUMENTS, such as organizational charts, describing, depicting, or

11 relating to the corporate structure, chain-of-command, and reporting structure of

12 MATTEL since 1997, and DOCUMENTS sufficient to IDENTIFY its past and

13 present officers and directors since 1997.

14 **REQUEST NO. 255.:**

15

16     All DOCUMENTS, such as organizational charts, describing, depicting, or

17 relating to BRYANT's place in the corporate structure, chain-of-command, and

   reporting structure of MATTEL since 1997.

18

19 **REQUEST NO. 256.:**

20     DOCUMENTS sufficient to show BRYANT's immediate supervisors and all

21 co-workers in BRYANT's department during the periods of BRYANT's employment

22 with MATTEL.

23 **REQUEST NO. 257.:**

24

25     All DOCUMENTS including, without limitation, YOUR corporate resolutions,

   and minutes of all meetings of YOUR directors or shareholders in which this lawsuit,

26 BRATZ INTELLECTUAL PROPERTY, the BRATZ CONCEPT, or BRYANT was

27 discussed.

28

EXHIBIT _1_ PAGE _73_  69

**REQUEST NO. 258.:**

All DOCUMENTS relating to Bryant's employment including, without limitation, DOCUMENTS reflecting the period and conditions of the employment, the terms of the employment, and his job duties and responsibilities.

**REQUEST NO. 259.:**

All DOCUMENTS that evidence, describe, mention, refer or relate to the similarity of any art work created by any MATTEL employee, including but not limited to BRYANT, prior to October 20, 2000, to BRATZ.

**REQUEST NO. 260.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of BRYANT other than his work for MATTEL.

**REQUEST NO. 261.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed in connection with the conception, creation, design or development of BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 262.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such person was employed by MATTEL, in connection with the conception, creation, design or development of any intellectual property done for or at the request of any company, entity or person other than MATTEL.

**REQUEST NO. 263.:**

All DOCUMENTS created after January 4, 1999 that evidence, relate or refer to any activities of any current or former MATTEL employee performed, while such

70                    MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__  PAGE __74__

person was employed by MATTEL, in connection with the conception, creation, design or development of any doll or toy done for or at the request of any company, entity or person other than MATTEL.

**REQUEST NO. 264.:**

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding part-time employment at MATTEL.

**REQUEST NO. 265.:**

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding temporary employment at MATTEL.

**REQUEST NO. 266.:**

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding part-time employment at MATTEL including, without limitation, all DOCUMENTS, including agreements and contracts, that describe, discuss, govern, control, regulate or limit how and to what extent a person employed part-time at MATTEL is allowed, or not allowed, to work for him or herself or other companies or entities, including MGA, while employed by MATTEL.

**REQUEST NO. 267.:**

All DOCUMENTS that constitute, describe, mention, refer or relate to MATTEL's policy regarding temporary employment at MATTEL including, without limitation, all DOCUMENTS, including agreements and contracts, that describe, discuss, govern, control, regulate or limit how and to what extent a person employed part-time at MATTEL is allowed, or not allowed, to work for him or herself or other companies or entities, including MGA, while employed by MATTEL.

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __76__

**REQUEST NO. 268.:**

All hard drives and back-up data, no matter how stored, for all computers used by BRYANT while employed by MATTEL, to the extent such drives and back-up data contain data made or accessed by, sent to or received by BRYANT.

**REQUEST NO. 269.:**

All DOCUMENTS that constitute, evidence, describe, depict, refer or relate to any art work or other work product done by YOU that YOU contend BRYANT utilized or used in connection with his creation of anything for MGA, including, without limitation, BRATZ or BRATZ INTELLECTUAL PROPERTY.

**REQUEST NO. 270.:**

All DOCUMENTS and COMMUNICATIONS in YOUR possession that were exchanged between BRYANT and Anne Wang.

**REQUEST NO. 271.:**

All DOCUMENTS and COMMUNICATIONS in YOUR possession that were exchanged between BRYANT and MGA.

**REQUEST NO. 272.:**

All non-privileged DOCUMENTS and COMMUNICATIONS mentioning, discussing, referring or relating to the "product licensing" and "Licensor Approval Form" that is described at entries numbers 8, 9, 10 and 11 on Mattel's privilege log including, without limitation, the Licensor Approval Form.

**REQUEST NO. 273.:**

All non-privileged DOCUMENTS and COMMUNICATIONS constituting, mentioning, discussing, referring or relating to the "packaging" described at entries numbers 20 and 21 on Mattel's privilege log.

72                    MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT _____ PAGE __76__

**REQUEST NO. 274.:**

All DOCUMENTS referring or relating to the creation, design, development, actual sale, proposed sale, actual marketing, proposed marketing, patent, trademark, trade dress, copyright or other intellectual property rights in, to or of the feet, shoes or skates of the "Barbie" on roller skates or roller-blades that is disclosed in the documents that MATTEL produced in this action.

**REQUEST NO. 275.:**

All DOCUMENTS evidencing whether and how BRYANT had access to, knew of, saw, or worked on the creation, design or development of the feet, shoes or skates of the "Barbie" on roller skates or roller blades that is disclosed in the documents that MATTEL produced in this action.

**REQUEST NO. 276.:**

All DOCUMENTS evidencing whether the "Barbie" on roller skates or roller blades that is disclosed in the documents that MATTEL produced in this action was ever marketed or sold.

**REQUEST NO. 277.:**

All DOCUMENTS mentioning, discussing, referring or relating to the July 18, 2003 Wall Street Journal article in which MATTEL employees and ex-employees are said to be quoted or paraphrased.

**REQUEST NO. 278.:**

All DOCUMENTS naming or otherwise identifying the persons interviewed for the July 18, 2003 Wall Street Journal article in which MATTEL employees and ex-employees are said to be quoted or paraphrased.

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __77__

**REQUEST NO. 279.:**

All DOCUMENTS received from any third-party in response to any subpoena in this case including, without limitation, Empire Bank, the Mattel Federal Credit Union, Alaska Momma, LA Focus and any SBC entity.

**REQUEST NO. 280.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 9 of the COMPLAINT that BRYANT "was employed by Mattel from September 1995 through April 1998, and then again from January 1999 through October 2000, as a product designer at Mattel's design center in El Segundo, California."

**REQUEST NO. 281.:**

All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to MATTEL's form "Employee Confidential Information and Inventions Agreement" mentioned in paragraph 10 of the COMPLAINT, its terms and conditions, the interpretation of its terms and conditions, and the enforcement of its terms and conditions, including, without limitation, all draft and final versions and iterations of the Agreement, all DOCUMENTS referring or relating to any discussions or negotiations between MATTEL and anyone regarding the terms or conditions of any version of the Agreement, and all DOCUMENTS evidencing, mentioning, discussing, describing, referring or relating to any instance in which MATTEL has taken any action whatsoever to enforce any term of any version of the Agreement against anyone, including by litigation, arbitration, formal or informal notice, or any other form of action.

74                                    MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __78__

1  **REQUEST NO. 282.:**

2
3      All DOCUMENTS, from 1997 to the present, constituting, mentioning,

4  discussing, describing, referring or relating to any negotiations between MATTEL and

5  any employee or prospective employee regarding or concerning any term of

6  MATTEL's form "Employee Confidential Information and Inventions Agreement."

7  **REQUEST NO. 283.:**

8      All DOCUMENTS supporting, refuting, or evidencing the allegation in

9  paragraph 10 of the COMPLAINT that Bryant executed an Employee Confidential

10 Information and Inventions Agreement "upon starting his second term of employment

11 by Mattel, and as a condition of and in consideration for his employment."

12 **REQUEST NO. 284.:**

13
14     All DOCUMENTS, from 1997 to the present, constituting, mentioning,

15 discussing, describing, referring or relating to MATTEL's form "Conflict of Interest

16 Questionnaire" mentioned in paragraph 11 of the COMPLAINT, its terms and the

17 interpretation of its terms, and the enforcement of its terms and conditions, including,

18 without limitation, all draft and final versions and iterations of the Questionnaire, all

19 DOCUMENTS referring or relating to any discussions or negotiations between

20 MATTEL and anyone regarding the terms of any version of the Questionnaire, and all

21 DOCUMENTS evidencing, mentioning, discussing, describing, referring or relating to

22 any instance in which MATTEL has taken any action whatsoever against anyone

23 based on any term of or disclosure provided by way of the Questionnaire, including by

24 litigation, arbitration, formal or informal notice, or any other form of action.

25 **REQUEST NO. 285.:**

26     All DOCUMENTS, from 1997 to the present, constituting, mentioning,

27 discussing, describing, referring or relating to any negotiations between MATTEL and

28

75                    MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__   PAGE __79__

1  any employee or prospective employee regarding or concerning any term of

2  MATTEL's form "Conflict of Interest Questionnaire."

3  **REQUEST NO. 286.:**

4

5  All DOCUMENTS supporting, refuting, or evidencing the allegation in

6  paragraph 12 of the COMPLAINT that "[i]n late November 2003, Mattel learned that

7  Bryant had secretly aided, assisted and worked for a Mattel competitor."

8  **REQUEST NO. 287.:**

9  All DOCUMENTS supporting, refuting, or evidencing the allegation in

10  paragraph 12 of the COMPLAINT that "while Bryant was employed by Mattel,

11  Bryant and the other defendants converted, misappropriated and misused Mattel

12  property and resources," and the allegation that the "property and resources" were

13  "converted, misappropriate and misused" for "the benefit of, and to aid and assist,

14  Bryant personally and Mattel's competitor."

15  **REQUEST NO. 288.:**

16

17  All DOCUMENTS supporting, refuting, or evidencing the allegation in

18  paragraph 13 of the COMPLAINT that "Bryant" made "affirmative

19  misrepresentations to Mattel management upon his departure from Mattel, including,

20  without limitation, all DOCUMENTS constituting, mentioning, discussing,

21  describing, referring or relating to the alleged misrepresentations and all

22  DOCUMENTS evidencing what the alleged misrepresentations were, when they were

23  made and to whom they were made.

24  **REQUEST NO. 289.:**

25  All DOCUMENTS constituting, evidencing, referring or relating to any exit

26  interview in which BRYANT participated.

27

28

76

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __80__

**REQUEST NO. 290.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 13 of the COMPLAINT that "Mattel had no reason to suspect that Bryant had worked for the competitor while still employed by Mattel until late November 2003."

**REQUEST NO. 291.:**

All DOCUMENTS evidencing how, when and under what circumstances Mattel received "through an unrelated legal action, a copy of Bryant's agreement with the competitor," as alleged in paragraph 13 of the COMPLAINT.

**REQUEST NO. 292.:**

All DOCUMENTS mentioning, referring or relating to the "unrelated legal action" described in paragraph 13 of the COMPLAINT.

**REQUEST NO. 293.:**

All DOCUMENTS that YOU received "through" the "unrelated legal action" described in paragraph 13 of the COMPLAINT including, without limitation, the "copy of Bryant's agreement with the competitor."

**REQUEST NO. 294.:**

All DOCUMENTS, including, without limitation, all contracts, agreements and drafts, that YOU or YOUR attorneys have exchanged with, between or among any person or entity that is a party to the "unrelated legal action" described in paragraph 13 of the COMPLAINT, or their counsel.

**REQUEST NO. 295.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 14 of the COMPLAINT that "Bryant breached his contracts with Mattel and violated his duty of loyalty and fiduciary duties to Mattel," and the allegation that

77                    MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ PAGE __81__

1   "other defendants have unlawfully aided and abetted his violation of such duties," and

2   the allegation that "each of the defendants has been unjustly enriched and engaged in

3   acts of conversion."

4   **REQUEST NO. 296.:**

5
6   All DOCUMENTS supporting, refuting, or evidencing the allegation in

7   paragraph 17 of the COMPLAINT that the "Employment Agreement and the Conflict

8   Questionnaire are valid, enforceable contracts.".

9   **REQUEST NO. 297.:**

10   All DOCUMENTS supporting, refuting, or evidencing the allegation in

11   paragraph 17 of the COMPLAINT that "Mattel has performed each and every term

12   and condition of the Employment Agreement and Conflict Questionnaire required to

13   be performed by Mattel."

14   **REQUEST NO. 298.:**

15
16   All DOCUMENTS supporting, refuting, or evidencing the allegation in

17   paragraph 19 of the COMPLAINT that "Mattel has suffered and will in the future

18   continue to suffer damages."

19   **REQUEST NO. 299.:**

20   All DOCUMENTS estimating, calculating, determining or evidencing the

21   "amounts paid by the competitor to Bryant during his Mattel employment" as alleged

22   in paragraph 19 of the COMPLAINT.

23   **REQUEST NO. 300.:**

24   All DOCUMENTS estimating, calculating, determining or evidencing the

25   "amounts paid by the competitor to Bryant as result of the work he performed for the

26   competitor during his Mattel employment" as alleged in paragraph 19 of the

27   COMPLAINT.

28

**REQUEST NO. 301.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of information and intellectual property owned by Mattel which Bryant provided to the competitor" as alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 302.:**

All DOCUMENTS constituting, evidencing, describing, showing or depicting the "intellectual property owned by Mattel," alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 303.:**

All patents, copyright registrations, and trademark registrations covering or relating to the "intellectual property owned by Mattel," alleged in paragraph 19 of the COMPLAINT, and any other indicia of ownership, authorship and inventorship including, without limitation, any assignments or licenses for or to the alleged property.

**REQUEST NO. 304.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of the benefits the competitor obtained from Bryant during the time he was employed by Mattel" as alleged in paragraph 19 of the COMPLAINT.

**REQUEST NO. 305.:**

All DOCUMENTS estimating, calculating, determining or evidencing the "value of the benefits the competitor obtained from Bryant as a result of the work he performed for the competitor during his Mattel employment" as alleged in paragraph 19 of the COMPLAINT.

79                    MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT ___1___ PAGE __83__

**REQUEST NO. 306.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 20 of the COMPLAINT that "Bryant's conduct" has caused "irreparable injury to Mattel."

**REQUEST NO. 307.:**

All DOCUMENTS describing, discussing, mentioning, referring or relating to the nature, extent and substance of the "irreparable injury" alleged in paragraph 20 of the COMPLAINT.

**REQUEST NO. 308.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that "Bryant held a position of trust and confidence with Mattel."

**REQUEST NO. 309.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT hold or held positions of trust and confidence with MATTEL.

**REQUEST NO. 310.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that "Bryant had access to" "Mattel's proprietary and confidential information."

**REQUEST NO. 311.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT had or have access to MATTEL's proprietary and confidential information.

EXHIBIT __1__, PAGE __94__

**REQUEST NO. 312.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 229 of the COMPLAINT that "Bryant. . . was entrusted with Mattel's proprietary and confidential information."

**REQUEST NO. 313.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT were or are entrusted with MATTEL's proprietary and confidential information.

**REQUEST NO. 314.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "supervised the work of others.

**REQUEST NO. 315.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT supervised or supervise the work of others.

**REQUEST NO. 316.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "exercised discretion" in "many of his job assignments and duties."

**REQUEST NO. 317.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT exercised or exercise discretion in their job assignments and duties.

81                          MGA'S FIRST SET OF DOCUMENT REQUESTS



EXHIBIT __1__ · PAGE __95__

**REQUEST NO. 318.:**

All DOCUMENTS describing, discussing, mentioning, referring or relating to the nature and scope of Bryant's "job assignments and duties" as alleged in paragraph 22 of the COMPLAINT.

**REQUEST NO. 319.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "worked independently in many of his job assignments and duties."

**REQUEST NO. 320.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT worked or work independently in their job assignments and duties.

**REQUEST NO. 321.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "represented Mattel in its dealings with third parties."

**REQUEST NO. 322.:**

All DOCUMENTS evidencing all instances in which BRYANT represented MATTEL in any dealing with any third party.

**REQUEST NO. 323.:**

All DOCUMENTS evidencing that persons that are or were employed by MATTEL in the same or similar capacity as BRYANT represented or represent MATTEL in its dealings with third parties.

EXHIBIT __1__ PAGE __86__

**REQUEST NO. 324.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 22 of the COMPLAINT that Bryant "in the course and scope of his employment with Mattel, was an agent of Mattel," including, without limitation, all DOCUMENTS evidencing, describing, discussing, mentioning, referring or relating to the nature and scope of the alleged agency.

**REQUEST NO. 325.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 25 of the COMPLAINT that "Mattel has incurred damages" as a "direct and proximate result of defendants' wrongful conduct."

**REQUEST NO. 326.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 26 of the COMPLAINT that "[d]efendants acted with malice, fraud and oppression."

**REQUEST NO. 327.:**

All DOCUMENTS supporting, refuting, or evidencing the allegation in paragraph 36 of the COMPLAINT that "[d]efendants. . . used and diverted Mattel property, resources and opportunities for the benefit of, and to aid and assist, themselves."

**REQUEST NO. 328.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel property" mentioned in paragraph 36 of the COMPLAINT.

MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT __1__ · PAGE __97__

**REQUEST NO. 329.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing or depicting the "used and diverted Mattel . . . resources" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 330.:**

All DOCUMENTS identifying, evidencing or describing the "used and diverted . . . opportunities" mentioned in paragraph 36 of the COMPLAINT.

**REQUEST NO. 331.:**

All DOCUMENTS estimating, calculating, determining or evidencing the amount by which "Defendants have been unjustly enriched" as alleged in paragraph 36 of the COMPLAINT.

**REQUEST NO. 332.:**

All DOCUMENTS constituting, identifying, evidencing, describing, showing, depicting, discussing, mentioning, referring and relating to the "ideas, concepts, rights designs, proprietary information, and other intellectual property and intangible property created by Bryant" alleged to be the "property of Mattel" in paragraph 41 of the COMPLAINT.

Dated: January 31, 2004

                                           DIANA M. TORRES
                                           PAULA E. AMBROSINI
                                           ALICIA C. MEYER
                                           O'MELVENY & MYERS LLP

                                           Paula E. Ambrosini,
                                           Attorneys for MGA Entertainment, Inc.

            MGA'S FIRST SET OF DOCUMENT REQUESTS

EXHIBIT \_\_\_\_ PAGE \_\_99\_\_

## PROOF OF SERVICE

I, Suzanne I. Jimenez, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On January 31, 2005, I served the within document:

### MGA'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the same business day to the person(s) listed above. I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence. In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid.

Michael T. Zeller          **VIA HAND-DELIVERY**
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel: (213) 443-3000
Fax: (213) 443-3100

Keith Jacoby                **VIA REGULAR MAIL**
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
Tel: (310) 553-0308
Fax: (310) 553-5583

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on January 31, 2005, at Los Angeles, California.

*Suzanne I. Jimenez*
Suzanne I. Jimenez

EXHIBIT __1__ PAGE __99__

# EXHIBIT 2

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 3



Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California  94111
Telephone:    (415) 774-2611
Facsimile:     (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO SUPPLEMENT RESPONSES AND PRODUCE DOCUMENTS RESPONSIVE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS; DENYING REQUEST FOR SANCTIONS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

EXHIBIT  3   PAGE  114

1
I. INTRODUCTION

2      On July 3, 2007, MGA Entertainment, Inc. ("MGA") submitted its "Motion to Compel

3   Mattel, Inc. ("Mattel") to Supplement its Responses and Produce Documents Responsive to

4   MGA's First Set of Requests for the Production of Documents and Things dated January 31,

5   2005" (the "Requests") in the Mattel v. Bryant case.  On July 16, 2007, Mattel submitted an

6   opposition brief and served its Second Supplemental Responses to MGA's Requests.  On July 26,

7   2007, MGA submitted a reply brief.[1]  The matter was heard on September 11, 2007.  Having

8   considered the motion papers and the comments of counsel at the hearing, MGA's motion to

9   compel is granted in part and denied in part, and the request for sanctions is denied.

10
II. BACKGROUND

11      On January 31, 2005, MGA propounded its Requests, which consisted of 332 separate

12   requests for, *inter alia*, (a) documents relating to Bryant, his employment, the property MGA

13   allegedly misappropriated, and Mattel's decision to sue; (b) documents generally concerning the

14   agreements Mattel alleges Bryant breached and the fiduciary duties of similarly situated Mattel

15   employees; (c) MGA's Bratz dolls, including comparisons to Mattel products and evidence that

16   Bryant created, developed, or reduced the Bratz idea to practice during his employment with

17   Mattel; and (d) documents relating to allegations in Mattel's complaint, including damages.  Burr

18   Decl., Ex. 1.  Mattel served its responses on March 3, 2005, which consisted entirely of

19   objections.  Burr Decl., Ex. 2.  Most notably, Mattel objected to many of the Requests as

20   duplicative of requests that Bryant had previously propounded and to which Mattel had already

21   responded to by stating it would produce documents.

22

23
_____

24
25      [1] After MGA filed its reply brief, Mattel filed several "supplemental declarations" in support of its Opposition to MGA's motion to compel, which it contends addressed several arguments raised for the first time in MGA's reply brief.  On August 22, 2007, MGA submitted a letter brief requesting that the supplemental declarations
26   be stricken and not considered.  The next day, Mattel submitted a letter brief asserting that the request to strike should be denied on procedural and substantive grounds, and in the alternative, requesting leave to file the "supplemental declarations."  MGA's request to strike the "supplemental declarations" is denied, and Mattel's request for leave to
27   file the "supplemental declarations" is granted.

28

EXHIBIT __3__ PAGE __115__

1    Thereafter, the case was stayed while one of the parties pursued an interlocutory appeal.

2   When the stay was lifted, the parties met and conferred regarding the Requests. Although they

3   were not able to resolve all of their disputes, Mattel apparently confirmed to MGA that it "had

4   already produced documents and would continue to produce documents on the subjects that

5   duplicated Bryant's requests in a manner that was consistent with Mattel's earlier responses."

6   Mattel's Opposition at p.9. In January of 2007, Mattel served supplemental responses to 48

7   Requests ("Supplemental Responses"). Burr Decl., Ex. 3.

8    MGA and Mattel met and conferred again on March 27, 2007. Mattel reiterated that

9   MGA's Requests were duplicative of Bryant's requests. Mattel also contended that MGA's

10   Requests were duplicative of other MGA requests served on November 22, 2006. A few days

11   later, MGA sent a follow-up letter to Mattel identifying the Requests it contended were not

12   duplicative of other requests. Burr Decl., Ex. 5. MGA also sent another letter asking Mattel to

13   confirm whether it would supplement its responses and proposing that Mattel provide such

14   responses by April 10, 2007. When no response was received, on July 3, 2007, MGA filed the

15   instant motion to compel Mattel to supplement its responses to the Requests.

16    MGA contends that Mattel's boilerplate objections, including objections based upon

17   relevance, overbreadth and burden, "vague and ambiguous," and/or "duplicative" are all improper

18   because Mattel has failed to provide any explanation for its objections, much less any evidentiary

19   support for its objections. In addition, MGA contends that Mattel has failed to substantiate its

20   objection that certain Requests are purportedly "duplicative" of other requests. Lastly, MGA

21   contends that Mattel has failed to fulfill its obligation to supplement its responses to the Requests

22   with sufficient information for MGA to determine exactly which documents exist, do not exist,

23   have been produced, or otherwise will not be produced. MGA contends that without the required

24   supplementation, it lacks any means to ascertain the state of Mattel's discovery compliance.

25   Therefore, MGA seeks a court order overruling each of Mattel's objections and compelling

26   Mattel to supplement its responses and produce any remaining documents responsive to MGA's

27   Requests.

28

1   On July 16, 2007, Mattel submitted its opposition to the instant motion, its Second

2   Supplemental Responses to MGA's Requests, and its Corrected Second Supplemental Responses

3   to MGA's Requests (hereinafter collectively referred to as "Second Supplemental Responses").

4   Mattel contends that MGA filed the instant motion without completing the meet and confer

5   process and without identifying which responses are purportedly deficient. Mattel contends that

6   in any event, there is no genuine dispute as to many of the Requests that are the subject of MGA's

7   motion to compel. Mattel contends that during the meet and confer process, Mattel told MGA

8   that it had already produced documents and would continue to produce documents on the subjects

9   that duplicated Bryant's requests in a manner that was consistent with Mattel's earlier responses.

10  Mattel represents that it has been producing documents it can locate after a reasonable search, and

11  that its Second Supplemental Responses confirm which documents it has been producing in

12  response to 45 out of the 72 Requests at issue. Mattel also represents that it has produced in

13  excess of 100,000 pages of documents and has offered to make vast quantities of electronic data

14  available for review, inspection, and copying, including electronic data from Mattel's Zeus

15  computer system tapes. As to the remaining Requests at issue, Mattel stands by its objections that

16  they are overbroad and unduly burdensome.

17      In its reply brief, MGA acknowledges Mattel's Second Supplemental Responses, but

18  contends that they remain inadequate for several reasons. First, MGA contends that Mattel

19  persists in its objections even for those Requests to which Mattel has agreed to produce

20  responsive documents. In particular, MGA takes issue with Mattel's continuing objection that the

21  Requests are "duplicative" of other requests propounded by Bryant or MGA. Therefore, MGA

22  seeks a court order overruling each of Mattel's purportedly baseless objections. Second, MGA

23  contends that Mattel continues to refuse to collect and produce documents in response to 28

24  Requests that are clearly relevant to the claims and defenses in the case. Third, MGA contends

25  that Mattel improperly refuses to conduct a "reasonable search for documents," including a search

26  of its Zeus file server and backup tapes of the Zeus server. MGA's Reply at p.2. Therefore,

27  MGA seeks an order compelling Mattel to search the Zeus file server and backup tapes for

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          4

EXHIBIT __3__ PAGE __117__

1  responsive documents at Mattel's expense.  Finally, MGA anticipates that Mattel will withhold

2  responsive documents as long as possible to prejudice MGA's ability to prepare for depositions

3  and trial, and therefore should be ordered to complete its production forthwith.

4  III. STANDARDS

5      Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

6  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

7  party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

8  discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

9  Fishing expeditions to discover new claims, however, are not permitted.  See Fed.R.Civ.P.

10  26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not

11  condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins.

12  Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note

13  to Amendments Effective December 1, 2000) (Congress's changes in the language of Rule 26(c),

14  substituting the words "claim or defense" for the phrase "subject matter involved in the pending

15  action," were intended to prevent discovery that swept far beyond the claims and defenses of the

16  parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to

17  develop new claims or defenses.).

18      Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

19  extent of use of the discovery methods if the court determines that "(i) the discovery sought is

20  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

21  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

22  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

23  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

24  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

25  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

26  26(b)(2).

27  //

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

5

EXHIBIT 3 PAGE 119

IV. DISCUSSION

1. Requests Concerning Bryant, Bryant's Employment, and Mattel's Decision to Sue Bryant

  **a. Requests seeking documents relating to Mattel's decision to sue Bryant and the timing thereof, any Mattel decision not to sue Bryant, and any Mattel decision as to the litigation against MGA or involving Bratz (Nos. 172-174, 188 and 190)**

  In Request Nos. 172-174, MGA seeks documents related to Mattel's Board of Directors' resolution to litigate regarding Bryant, MGA or Bratz. In Request Nos. 188 and 190, MGA seeks all documents related to "any decision [to sue or not to sue] Bryant."

  MGA contends that documents responsive to Request Nos. 172-174, 188, and 190 are relevant to Bryant's and MGA's defenses based upon the statute of limitations, laches, waiver, and mitigation of damages. MGA contends that during the meet and confer process, Mattel agreed to produce documents responsive to Request Nos. 172-174 and 188, however, the documents have not been produced.

  Mattel represents that it has already produced the Board of Directors meeting minutes that are responsive to Request Nos. 172-174, and that other meeting minutes that have been withheld or redacted for privilege have been placed on a privilege log. Mattel's Opposition at p.32. Mattel objects to Request Nos. 188 and 190 on the grounds that they seek information protected by the attorney-client privilege and/or the work product doctrine. Moreover, Mattel contends that the documents are irrelevant, asserting that Mattel's reasons for suing Bryant have no bearing on the merits of Mattel's claims or MGA's defenses thereto. Nevertheless, Mattel acknowledges that documents responsive to Request Nos. 188 and 190 might be relevant to MGA's statute of limitations and laches defenses. Mattel contends, however, that it has "already agreed to produce documents related to the first time Mattel became aware that Bryant was involved with the creation of Bratz" (Mattel's Opposition at p.33), and that these documents are far more relevant than documents responsive to Request Nos. 188 and 190.

  In its reply, MGA contends that contrary to Mattel's representations, it has not produced non-privileged documents responsive to Request Nos. 172-174. To ensure production, MGA's

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 3 PAGE 119

1   motion is granted as to Request Nos. 172-174.  Any responsive documents withheld on the basis

2   of a privilege must be identified on a privilege log.

3        Like Request Nos. 172-174, Request Nos. 188 and 190 seek documents that are relevant to

4   MGA's defenses, including the statute of limitations and laches because the documents might

5   establish when Mattel first considered taking legal action against Bryant.  That Mattel believes it

6   has produced documents that are more relevant to MGA's and Bryant's defenses (regarding when

7   Mattel became of aware of Bryant's involvement with the creation of Bratz) does not excuse

8   Mattel from complying with Request Nos. 188 and 190.  If responsive documents are protected by

9   the attorney-client privilege or work product doctrine, Mattel must identify such documents on a

10   privilege log.  MGA's motion is granted as to Request Nos. 188 and 190.

11        **b. Requests seeking documents pertaining to Bryant's work at Mattel, *e.g.*, the terms of his employment, job duties and responsibilities; his work at Mattel, including the projects he worked on, days and hours worked, with time and data entries; phone records; and vacation absence records (Nos. 180-183 and 258)**

12

13

14        In Request No. 180, MGA seeks all documents mentioning, referring or relating to Bryant,

15   including but not limited to Bryant's personnel file and all documents on Mattel's Zeus computer

16   system that mention Bryant.  In Request No. 181, MGA seeks all documents constituting,

17   evidencing, referring to, or reflecting Bryant's work at Mattel, including the projects he worked

18   on.  In Request No. 182, MGA seeks all documents "evidencing the days and hours Bryant

19   worked for Mattel, including all time entries and data on Mattel's 'P2' computer system, and all

20   records reflecting the days and hours Bryant was on vacation or leave of absence."  In Request

21   No. 183, MGA seeks all documents "reflecting records of all phone calls Bryant placed and

22   received and all facsimiles Bryant sent and received during his employment at Mattel."  In

23   Request No. 258, MGA seeks all documents relating to Bryant's employment including, without

24   limitation, documents reflecting the period and conditions of the employment, the terms of the

25   employment, and his job duties and responsibilities.

26        MGA contends that Request Nos. 180-183 and 258 seek information that is clearly

27   relevant to support or refute Mattel's claims, and that Mattel has improperly refused to produce

28

1   responsive documents based upon an array of objections.  MGA acknowledges, however, that

2   Mattel has produced Bryant's personnel file, telephone records through September 2000 and some

3   additional responsive documents.  Despite this production, MGA continues to seek phone records

4   from October 2000, when Bryant was still working at Mattel.

5        Mattel's Second Supplemental Responses confirm that it will produce documents

6   responsive to all of the Requests in this category except Request No. 180.  MGA's motion is

7   granted as to Request Nos. 181-183 and 258 to establish a deadline for completing production.

8        With respect to Request No. 180, Mattel represents that it has "repeatedly offered to make

9   Zeus backup tapes, and other electronic data, available to MGA on mutually agreeable terms."

10  Mattel's Opposition at p.23.  Further, Mattel contends that pursuant to Rule 26(b)(2)(B),

11  Fed.R.Civ.P., it is not required to search its Zeus file server data and backup tapes because such

12  an endeavor would be unduly burdensome and costly.  Mattel explains that its Zeus system is an

13  immense computer system consisting of 50 terabytes of electronic files that is largely used by

14  Mattel designers and engineers and overwhelmingly consists of graphical files whose content

15  cannot be searched by keywords.  Mattel's Opposition at p.20.  Further, Mattel represents that it

16  does not have the necessary hardware to restore or search the Zeus backup tapes.  Mattel's

17  Opposition at p.25, n. 98.

18       In its reply brief, MGA counters that Mattel has mischaracterized its Zeus system.

19  According to MGA, Mattel's 30(b)(6) witness, Julia Marine, testified that Zeus' directory

20  structure is organized with top-level folders and various levels of subfolders; that individual

21  Mattel employees are each given a home folder and can create subfolders; and that when an

22  employee leaves the company, the folders set up by that employee are not deleted by Mattel's IT

23  department.  MGA's Reply at p.9.  Therefore, MGA believes it is possible to search the Zeus

24  server for responsive documents by simply locating the folders of relevant departments and

25  employees.  Furthermore, MGA suspects that Mattel should be able to conduct a keyword search

26  of file names, even if the contents of the files consist of graphical images.

27       MGA also contends that Mattel has failed to satisfy its burden of showing that a search of

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          8


EXHIBIT __3__ PAGE __121__

1   its backup tapes for the Zeus server would be unduly burdensome.  Although MGA acknowledges

2   Mattel's representation that it does not have the hardware for searching the backup tapes, MGA

3   contends that Mattel "does not identify any unreasonable cost associated with such a review."

4   MGA's Reply at p.10.

5        Mattel has failed to make the requisite showing that the information on the Zeus system

6   and backup tapes "is not reasonably accessible because of undue burden or cost."  Fed.R.Civ.P.

7   26(b)(2)(B).  MGA has suggested a few reasonable methods for searching the Zeus system based

8   upon the deposition testimony of Julia Marine.  For example, Mattel could search its system for

9   folders of relevant departments and employees.  Mattel could apply a keyword search to locate

10  file names for potentially responsive documents.[2]  Further, Mattel has not attempted to quantify

11  the burden and expense of obtaining the necessary hardware to restore or search the backup tapes,

12  whether in terms of time, financial costs, labor, or otherwise.[3]  Therefore, MGA's motion is

13  granted as to Request No. 180.[4]

14      **c. Documents relating to Bryant's involvement with work on Bratz or for
        MGA, and relating to any activities of Bryant other than his work for Mattel**
15      **(Nos. 186-187, 260)**

16      MGA contends that Request Nos. 186-187 and 260 seek documents relevant to Mattel's

17  claims against Bryant and Bryant's defenses thereto.  MGA contends that Mattel has improperly

18

19      [2]  Indeed, in its supplemental submissions, Mattel clarifies that it has conducted searches for Zeus file
20  names by keyword.  Supp. Zeller Decl. at ¶3.

21      [3]  Rather, the information Mattel has provided suggests that searching the backup tapes is not unduly
    burdensome.  In a declaration filed after the reply brief, counsel for Mattel, Mr. Zeller, represents that "vendors
22  retained by Mattel's counsel, as well as other electronic discovery vendors I am familiar with, have the hardware and
    other data needed to read the Zeus backup tapes and in fact can read them."  Mattel's Notice of Lodging Regarding
23  Mattel's Opposition to MGA's Motion to Compel, Ex. 2, ¶14.  Further, Mr. Zeller states, "[a]s Mattel's 30(b)(6)
    designee Julia Marine also confirmed, one simply needs to buy the tape drives to read these tapes [citation omitted],
24  which Mattel's vendors have done."  Id.

25      [4]  The parties have a general disagreement over whether Mattel has an obligation to search the Zeus system
    and backup tapes for documents responsive to all of MGA's Requests, not just Request No. 180.  See MGA's Reply
26  at pp. 18-20.  As explained above, Mattel has failed to carry its burden of proving that searching the Zeus system and
    backup tapes is unduly burdensome or costly.  Therefore, to the extent MGA's motion to compel is granted as to
27  other Requests herein, Mattel shall conduct a reasonable search of the Zeus system and backup tapes to locate
    responsive documents.

28

EXHIBIT __3__ PAGE __122__

1    refused to produce any responsive documents based upon an array of boilerplate objections.

2    Nevertheless, MGA acknowledges that Mattel "has produced several documents that appear to be

3    responsive." MGA's Motion at p.13. MGA seeks an order overruling Mattel's objections and

4    compelling Mattel to supplement its responses and produce any remaining responsive documents.

5       Mattel's Second Supplemental Responses confirm that it will produce responsive

6    documents. More specifically, in response to Request Nos. 186-187 and 260, Mattel stated, in

7    pertinent part that "[s]ubject to and without waiving the foregoing general and specific objections,

8    Mattel will produce such responsive, non-privileged documents that are in Mattel's possession,

9    custody or control, if any, that Mattel has been able to locate after a diligent search and reasonable

10   inquiry, to the extent not previously produced." Supp. Zeller Dec., Ex. 4. MGA is entitled to a

11   court order to establish a deadline for production. MGA's motion is granted as to Request Nos.

12   186-187 and 260.

13       **d. Documents in Mattel's possession that were exchanged between Bryant and Anne Wang, and between Bryant and MGA (Nos. 270-271)**

14

15       In Request Nos. 270-271, MGA seeks production of documents in Mattel's possession

16   that were exchanged between Bryant and Anne Wang, and between Bryant and MGA. Mattel's

17   Second Supplemental Responses confirm that it will produce responsive documents. MGA is

18   entitled to a court order to establish a deadline for completing production. MGA's motion is

19   granted as to Request Nos. 270-271.

20       **e. Communications and documents referring to communications with various specified individuals concerning Bratz, Bryant's work for MGA, or relating to**

21       **this litigation, the facts and circumstances giving rise to it, or Bryant's alleged**

22       **misconduct (Request Nos. 224-249)**

23       In Request Nos. 224-249, MGA seeks communications with a host of individuals that

24   refer or relate to the Bratz Concept, the First Bratz Dolls or Bryant's work for MGA, or that refer

25   or relate to this litigation, the facts and circumstances giving rise to this litigation, or Bryant's

26   alleged misconduct, and all documents that refer or relate to such communications. For example,

27   Request No. 224 requires production of "[a]ll communications and all documents constituting,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT  3  PAGE  123

1   mentioning, describing, discussing, referring or relating to all communications with Anna Rhee

2   that refer or relate to the Bratz concept, the First Bratz dolls or Bryant's work for MGA." Zeller

3   Decl., Ex. 8.

4   　　　MGA contends that the requested documents are relevant to Mattel's claims that Bryant

5   converted, used, sold, assigned or transferred property that Mattel supposedly owns. Further,

6   MGA contends that the requested documents are relevant to Bryant's defenses based on the

7   statute of limitations, laches, and waiver because the documents could show when Mattel first

8   became aware of Bryant's relationship with MGA. MGA also contends that these Requests are

9   "self-limiting to subject matters of direct relevance to this litigation." MGA's Reply at p.8.

10   　　　Mattel's Second Supplemental Responses confirm that it will produce responsive

11   documents, with two qualifications. First, Mattel agrees to search for and produce only

12   documents that pertain to matters at issue, and not just because they reference MGA. Mattel's

13   Opposition at p.34. Second, Mattel agrees to produce the communications with the various

14   individuals identified in the Requests, but not all documents referring or relating to all

15   communications. Id.

16   　　　Request Nos. 224-249 seek information relevant to the claims and defenses in the case.

17   They are limited to communications with certain key individuals (Anna Rhee, Margaret Leahy,

18   Margaret Leahy's husband, Victoria O'Connor, Ramona Prince, Lilly Martinez, Ron Longsdorff,

19   Matt Bosquette, Adrienne Fontanella, Tim Kilpin, Sujata Luther, Alan Kaye, and Veronica

20   Marlowe), as well as limited in subject matter. Documents relating to the communications are

21   also relevant to the claims and defenses in the case, and Mattel has failed to establish that the

22   burden of producing responsive documents outweighs their likely benefit under Rule 26(b)(2),

23   Fed.R.Civ.P. MGA's motion is granted as to Request Nos. 224-249.

24   　　　　　　**f. Hard drives and backup data for all computers used by Bryant while**
　　　　　　　**employed by Mattel (Request No. 268)**

25

26   　　　In Request No. 268, MGA seeks "[a]ll hard drives and back-up data, no matter how

27   stored, for all computers used by Bryant while employed by Mattel, to the extent such drives and

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT __3__ PAGE __124__

1  back-up data contain data made or accessed by, sent to or received by Bryant." Supp. Zeller

2  Decl., Ex. 4.

3      Mattel contends that issues regarding Bryant's Mattel computer "have long been settled."

4  Mattel's Opposition at p.16. Mattel explains that Bryant claimed at his deposition that he was

5  "computer illiterate," that he had never created any files on any Mattel computers, and that he did

6  not use them for his design work. Id. Further, Mattel represents that when Bryant requested such

7  hard drives, Mattel told him that it would produce any hard drives for computers used by Bryant

8  while at Mattel that could be located. Id. Mattel asserts that it has yet to identify a computer

9  Bryant has used, and that Bryant and MGA have not offered any meaningful information that

10  would assist Mattel in locating one. Mattel represents that Bryant's computer will be produced if

11  and when it is located.

12      Mattel's Second Supplemental Responses confirm that Mattel will produce Bryant's

13  computer if and when it is located. MGA's motion is granted as to Request No. 268 to ensure

14  Mattel's compliance if and when Bryant's computer is located.

15  2. Documents concerning the agreements that Mattel alleges were breached by Bryant and the
    fiduciary duties of persons employed by Mattel in the same or similar capacity as Bryant

16

17          **a. Documents from 1997 to the present relating to Mattel's form "Employee
            Confidential Information and Inventions Agreement" and "Conflict of**

18          **Interest Questionnaire," and negotiations with any employee or prospective
            employee concerning those agreements (Nos. 281-282 and 284-285)**

19

20      In Request Nos. 281 and 284, MGA seeks all versions of Mattel's form "Employee

21  Confidential Information and Inventions Agreement" and Mattel's form "Conflict of Interest

22  Questionnaire," and all documents referring or relating to these agreements, including documents

23  related to any negotiations regarding these agreements and Mattel's enforcement of such

24  agreements. In Request Nos. 282 and 285, MGA seeks all documents referring or relating to

25  negotiations regarding these agreements.

26      MGA contends that the documents it seeks are central to Mattel's claim that Bryant

27  breached the two agreements and Bryant's defenses thereto, including Bryant's contention that

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT __3__ PAGE __125__

1  the agreements are unenforceable as contracts of adhesion, unconscionable and violate California

2  law.  MGA contends that the manner in which Mattel negotiates, interprets, enforces and applies

3  the terms of the two contracts is highly relevant.

4        Mattel represents that it has produced all iterations of the two agreements, including

5  examples of each version of the agreements that Mattel has used since 1995.  Mattel, however,

6  objects to Request Nos. 281-282 and 284-285 as overbroad to the extent MGA seeks all

7  documents "mentioning, discussing, describing, referring or relating to" such agreements and any

8  and all documents involving negotiations concerning these agreements.  Mattel contends that any

9  benefits of producing these additional documents are far outweighed by the cost of production.

10  Mattel further contends that the production is unjustified because Mattel has already produced a

11  Rule 30(b)(6) witness to testify regarding the two agreements.  According to Mattel, MGA and

12  Bryant asked Mattel's designee how often the agreements changed, the process, if any, by which

13  an employee negotiated the terms of an agreement, and whether signing the agreement was a

14  condition of employment.  In addition, Mattel represents that both MGA and Bryant have

15  questioned several designers and other employees about the circumstances under which each

16  signed his or her agreements and whether or not each understood his or her agreements.

17        In its reply brief, MGA represents that it offered to narrow Request Nos. 281-282 and 284-

18  285 during the meet and confer to the following categories of documents:

19        *All documents relating to any form "Employee Confidential Information and Inventions
          Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between
20        Mattel and Bryant;

21        *All documents relating to any discussions or negotiations between Mattel and anyone
          regarding the terms and conditions of any version of either of those agreements; and
22
          *All documents relating to any instance in which Mattel has taken any action whatsoever
23        to enforce against anyone the same terms of any such agreement that Mattel alleges
          Bryant violated.
24

25  MGA's Reply at p. 16.  Apparently, MGA's motion to compel is directed to only the three subsets

26  of responsive documents described above, and not the Requests as originally written.  As

27  narrowed, Request Nos. 281-282 and 284-285 seek documents relevant to the claims and defenses

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                      13

EXHIBIT __3__ PAGE __126__

1    in the case, which Mattel implicitly conceded by producing various iterations of the two

2    agreements.  As narrowed, the Requests are not overbroad or unduly burdensome because they no

3    longer call for production of documents "mentioning, discussing, describing, referring or relating

4    to" the two agreements and any and all documents involving negotiations concerning these

5    agreements.  That MGA has already deposed a few witnesses regarding the two agreements does

6    not preclude MGA from obtaining documentary evidence on the same subject.  Therefore,

7    MGA's motion is granted as to Request Nos. 281-282 and 284-285, as narrowed by MGA.

8            **b. Documents created after January 4, 1999, concerning the activities of any
        Mattel employee in connection with the creation of any property, doll or toy**

9            **for anyone other than Mattel; Mattel's employment policies/contracts
        governing the extent to which a part-time or temporary employee may work**

10           **for himself or other companies while also employed by Mattel (Nos. 262-267)**

11        In Request Nos. 262-263, MGA seeks all documents created after January 4, 1999 that

12   evidence, relate or refer to any activities of any current or former Mattel employee performed,

13   while such person was employed by Mattel, in connection with the conception, creation, design or

14   development of any intellectual property, doll, or toy done for or at the request of any company,

15   entity, or person other than Mattel.  In Request Nos. 264-265, MGA seeks all documents that

16   constitute, describe, mention, refer or relate to Mattel's policy regarding part-time or temporary

17   employment at Mattel.  In Request Nos. 266-267, MGA seeks all documents that constitute,

18   describe, mention, refer, or relate to Mattel's policy regarding part-time or temporary employment

19   at Mattel including, without limitation, all documents, agreements, and contracts that describe,

20   discuss, govern, control, regulate, or limit how and to what extent a person employed part-time at

21   Mattel is allowed, or not allowed, to work for himself or herself or other companies or entities,

22   including MGA, while employed by Mattel.

23        MGA contends that Bryant worked for Mattel on a part-time basis in 1998, and that

24   Request Nos. 262-267 seek relevant documents concerning Mattel's employment policies for

25   part-time and temporary employees, including any restrictions on their abilities to work elsewhere

26   while employed by Mattel.  MGA contends that the requested documents are directly relevant to

27   Mattel's breach of contract claims against Bryant and Bryant's defenses thereto, and therefore all

28

EXHIBIT __3__ PAGE __127__

1   responsive documents should be produced.

2        Mattel represents that it has produced various iterations of agreements and policies applied

3   to part-time and temporary Mattel employees.  Mattel contends, however, that each of the

4   Requests in this category is overbroad to the extent they seek any additional documents.  For

5   example, Mattel contends that the Requests are broad enough to encompass documents

6   concerning subjects such as health benefits and vacation leave that have no conceivable bearing

7   on the case.  Further, Mattel contends that the burden of searching for all responsive documents is

8   outweighed by the marginal benefits of the responsive documents.  In fact, Mattel contends that

9   the requested documents are not relevant at all because Bryant claims to have conceived Bratz

10  after he was a part-time employee.  Mattel's Opposition at p.30.

11       Request Nos. 262 and 263 are overbroad.  As written, these requests would potentially

12  require Mattel to review documents relating to all of its many thousands of current and former

13  employees in order to find evidence that an employee conceived, created, designed or developed

14  any intellectual property or doll or toy for at the request of any company or person other than

15  Mattel.  Even if Mattel succeeded in finding such documents, the burden and expense of

16  conducting such a search outweigh the likely benefit of the documents.  Therefore, MGA's

17  motion is denied as to Request Nos. 262 and 263.

18       In its reply brief, MGA agrees to narrow the remaining Requests in this category as

19  follows:

20       Request No. 264:  DOCUMENTS sufficient to identify all iterations of MATTEL'S
         policy regarding part-time employment at MATTEL.
21
         Request No. 265:  DOCUMENTS sufficient to identify all iterations of MATTEL'S
22       policy regarding temporary employment at MATTEL.

23       Request No. 266:  All DOCUMENTS, including agreements and contracts, that describe,
         discuss, govern, control, regulate or limit how and to what extent a person employed part-
24       time at MATTEL is allowed, or not allowed, to work for him or herself or other
         companies or entities, including MGA, while employed by MATTEL.
25
         Request No. 267:  All DOCUMENTS, including agreements and contracts, that describe,
26       discuss, govern, control, regulate or limit how and to what extent a person employed part-
         time at MATTEL is allowed, or not allowed, to work for him or herself or other
27       companies or entities, including MGA, while employed by MATTEL.

28

1    MGA's Reply brief at p. 15.  As rewritten, these requests target documents that are relevant to

2    Mattel's breach of contract claims against Bryant and Bryant's defenses thereto.  MGA

3    anticipates that Mattel could argue at trial that Bryant conceived of Bratz while he was a part-time

4    employee.  The documents MGA now seeks through its narrowed requests are relevant to

5    establish Mattel's policies and contracts for part-time and temporary employment.  Nor are the

6    Requests unduly burdensome, taking into account the needs of the case, the amount in

7    controversy, the parties' resources, the importance of the issues at stake in the litigation, and the

8    importance of the requested documents in resolving the issues.  MGA's motion is granted as to

9    Request Nos. 264-267 as rewritten in MGA's reply brief.

10   3. Documents concerning Bratz and the purported Mattel property that forms the basis of its
11   claims

12            **a. Documents concerning Bratz including any documents relating to the**
13            **similarities or differences between Bratz and any Mattel property or any**
              **property created by a Mattel employee that it contends served as a source or**
14            **origin for any Bratz concept or product (Nos. 259, 261, and 269)**

15

16            In Request No. 259, MGA seeks production of all documents that evidence, describe,

17   mention, refer, or relate to the similarity of any artwork created by any Mattel employee,

18   including but not limited to Bryant, prior to October 20, 2000, to Bratz.  In Request No. 261,

19   MGA seeks all documents created after January 4, 1999 that evidence, relate or refer to any

20   activities of any current or former Mattel employee performed in connection with the conception,

21   creation, design, or development of Bratz or Bratz intellectual property.  In Request No. 269,

22   MGA seeks all documents that constitute, evidence, describe, depict, refer or relate to any artwork

23   or other work product by Mattel that it contends Bryant used in connection with his creation of

24   anything for MGA, including without limitation, Bratz or Bratz intellectual property.

25            MGA contends that Request Nos. 259, 261, and 269 seek documents that are directly

26   relevant to Mattel's claims that Bryant converted, used, sold, assigned, or transferred property that

27   Mattel claims it owns; damages and causation; and Bryant's defenses, including those based on

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                      16

EXHIBIT **3** PAGE **129**

1    statute of limitations, laches, waiver, and unclean hands.

2        Mattel's Second Supplemental Responses confirm that it will produce responsive

3    documents. More specifically, Mattel represents that it will produce the "prior art that lead to

4    Bratz." Mattel's Opposition at p.36. Mattel objects, however, to producing documents that do

5    not constitute "prior art," such as marketing, sales planning, engineering, electronics, and

6    programming of the voices of Mattel's Diva Starz line.

7        In its reply brief, MGA confirms that it is only seeking documents relating to the original

8    artwork or work product that Mattel claims Bryant copied, and is not seeking all documents

9    relating to the Diva Starz line. With this clarification, MGA's motion is granted as to Request

10   Nos. 259, 261, and 269.

11           **b. Documents discussing or mentioning Isaac Larian, Paula Treantafelles, or**
             **Mercedeh Ward, authored between June 2000 and October 2001 that**
12           **concern, support, or refute Mattel's contentions in this litigation (Nos. 44-46)**

13       In Request Nos. 44-46, MGA seeks all documents discussing or mentioning Isaac Larian,

14   Paula Treantafelles, or Mercedeh Ward authored between June 2000 and October 2001. Mr.

15   Larian is the President and CEO of MGA, and Ms. Treantafelles and Ms. Ward are former Mattel

16   employees who went to work for MGA and later helped develop the Bratz line. During the meet

17   and confer process, MGA agreed to limit Request Nos. 44-46 to documents that "concern, support

18   or refute Mattel's contentions in this litigation."

19       MGA contends that the requested documents are, at the very least, relevant to MGA's

20   statute of limitations and laches defenses. Further, MGA contends that Request Nos. 44-46 are

21   limited in scope to only documents authored between June 2000 and October 2001 and

22   concerning Mattel's contentions in this litigation. MGA therefore seeks an order compelling

23   Mattel to supplement its responses and produce responsive documents.

24       Mattel acknowledges that MGA offered to limit Request Nos. 44-46 to only documents

25   related to the current litigation, but construes MGA's current motion to compel as seeking

26   compliance with the Requests as originally written. Mattel contends that Request Nos. 44-46, as

27   originally written, are overbroad because there are no limitations on subject matter.

28
     Bryant v. Mattel, Inc.,                                                                    17
     CV-04-09049 SGL (RNBx)

EXHIBIT 3 PAGE 130

1    MGA's motion papers make clear that it is not seeking compliance with Request Nos. 44-

2    46 as originally written. Instead, MGA stands by its offer during the meet and confer process to

3    limit the Requests to documents that "concern, support or refute Mattel's contentions in this

4    litigation." MGA's Motion at p. 19. As narrowed by MGA, Request Nos. 44-46 seek documents

5    relevant to the claims and defenses in the case and are limited in subject matter as well as in

6    temporal scope. MGA's motion is granted as to Request Nos. 44-46.

7

8    4. Documents concerning specific allegations set forth in Mattel's complaint and demands for

9    related documents

10              **a. Documents supporting, refuting or evidencing specific allegations set forth**
                **in Mattel's complaint (Nos. 296, 302-303, 306-307, and 329-330)**

11

12            In these Requests, MGA seeks documents supporting, refuting, or evidencing specific

13    allegations in Mattel's complaint, including, among other things, documents related to (a)

14    Mattel's claims that the Employment Agreement and Conflict Questionnaire are valid,

15    enforceable contracts; (b) Mattel's allegations of damages and harm; and (c) Mattel's allegation

16    that Bryant "used and diverted" Mattel resources and opportunities. MGA also seeks documents

17    depicting the intellectual property allegedly owned by Mattel and relating to ownership of that

18    property.

19            Mattel's Second Supplemental Responses confirm that it agrees to produce responsive,

20    non-privileged documents. MGA's motion is granted as to Request Nos. 296, 302-303, 306-307,

21    329-330.

22              **b. Documents evidencing whether persons who are or were employed by**
                **Mattel in the same or similar capacity as Bryant are or were subject to the**
23              **same duties and responsibilities that Bryant was allegedly subject to, as**
                **alleged in Mattel's complaint (Nos. 309, 311, 313, 315, 317, 320, 323)**

24

25            In these Requests, MGA seeks all documents evidencing that persons who are or were

26    employed by Mattel in the same or similar capacity as Bryant: hold or held positions of trust and

27    confidence with Mattel (No. 309); had or have access to Mattel's proprietary and confidential

28    Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                              18

1  information (No. 311); were or are entrusted with Mattel's proprietary and confidential

2  information (No. 313); supervised or supervise the work of others (No. 315); exercised or

3  exercise discretion in their job assignments and duties (No. 317); worked or work independently

4  in their job assignments and duties (No. 320); and represented or represent Mattel in its dealings

5  with third parties (No. 323).

6       MGA contends that these Requests are directly relevant to Mattel's allegations in the

7  complaint that Bryant held a position of trust, had access to and was entrusted with Mattel's

8  proprietary and confidential information, supervised the work of others, exercised discretion and

9  worked independently for many of his job assignments and duties, and represented Mattel in its

10  dealings with third parties.  Further, MGA contends that documents pertaining to Mattel's

11  employees other than Bryant are likely to lead to admissible evidence relating to whether Mattel

12  ordinarily views employees in Bryant's position as fiduciaries.

13       Mattel represents that it has already agreed to produce responsive documents insofar as

14  Bryant is concerned.  Mattel, however, objects to the Requests as overbroad and unduly

15  burdensome to the extent they require production of documents pertaining to other persons who

16  are or were employed "in the same or similar capacity as Bryant," which Mattel interprets to

17  mean all of its "designers."  Mattel represents that in El Segundo, it currently employs over 320

18  individuals for the Barbie line alone, not including former employees or designers on other dolls

19  or toys.  Given the size of Mattel's work force, Mattel contends that the burden of production far

20  outweighs any marginal relevance of the responsive documents.

21       In its reply brief, MGA contends that Mattel's objections are based upon a strained

22  interpretation of the phrase "same or similar capacity as Bryant."  In MGA's view, Bryant was a

23  "low-level, salaried employee" at Mattel.  MGA's Reply at p.17.  MGA, however, does not offer

24  an alternative definition for persons employed in the "same or similar capacity as Bryant,"

25  arguing instead that only Mattel is capable of identifying a narrower group of employees.

26       MGA's motion is denied as to this last category of Requests.  The Requests are overbroad

27  and MGA has not offered to narrow the scope of the Requests to a reasonable number of Mattel

28

EXHIBIT __3__ PAGE __132__

1    employees.

2                 **V. CONCLUSION**

3       For the reasons set forth above, it is hereby ordered as follows:

4       1.       Mattel's objections, except as to privilege, are overruled.

5       2.       Mattel shall produce all non-privileged responsive documents, to the extent they

6 have not already been produced, for the following Requests: Nos. 44-46 (as narrowed by MGA),

7 172-174, 180-183, 186-188, 190, 224-249, 258-261, 264-267 (as narrowed by MGA), 268-271,

8 281-282 (as narrowed by MGA), 284-285 (as narrowed by MGA), 296, 302-303, 306-307, and

9 329-330. If no additional non-privileged responsive documents exist, Mattel shall provide such

10 confirmation in writing as to each request.

11       3.       Mattel shall conduct a reasonable search for documents responsive to the Requests

12 identified above, including a search for responsive documents in the Zeus server and back-up

13 tapes.[5]

14       4.       Mattel shall complete its production of all non-privileged responsive documents in

15 accordance with this Order no later than September 28, 2007.

16       5.       MGA's motion to compel is denied as to Request Nos. 262-263, 309, 311, 313,

17 315, 317, 320 and 323.

18       6.       MGA's request for sanctions is denied.

19       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

20 Master, MGA shall file this Order with the Clerk of Court forthwith.

21

22

23    Dated: September _12_, 2007

24                             HON. EDWARD A. INFANTE (Ret.)

25                                Discovery Master

26 _____

27       [5] The parties shall further meet and confer to establish parameters for conducting a reasonable search of the Zeus system and backup tapes.

28    Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                                 20

EXHIBIT **3** PAGE **133**

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 12, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL MATTEL TO SUPPLEMENT RESPONSES AND PRODUCE DOCUMENTS RESPONSIVE TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS; DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | itrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 12, 2007, at San Francisco, California.

_Sandra Chan_
Sandra Chan

EXHIBIT **3** PAGE **134**

# EXHIBIT 4

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3                 EASTERN DIVISION

4

5     ------------------------------          **Certified Copy**

6     CARTER BRYANT, an individual,    )

7                   Plaintiff,         )

8              vs.                     ) No. CV 04-09049

9     MATTEL, INC., a Delaware         )    SGL (RNBx)

10    corporation,                     ) Consolidated with

11                   Defendant.        ) CV 04-9059 & 05-2727

12    ------------------------------)

13    AND RELATED CROSS-ACTION.        )

14    ------------------------------

15

16

17          Transcript of Proceedings before

18          the Honorable Edward A. Infante,

19          via conference call, commencing at

20          9:04 A.M., Thursday, January 25, 2007,

21          before Cathryn L. Baker, CSR No. 7695.

22

23

24

25    PAGES 1 - 32

                                                    1

EXHIBIT  4  PAGE 135

```
 1    APPEARANCES OF COUNSEL:

 2

 3        FOR MATTEL, INC:

 4

 5            QUINN EMANUEL UPQUHART OLIVER & HEDGES

 6            BY:  JOHN COREY, ESQ.

 7                 DYLAN PROCTOR, ESQ.

 8            865 South Figueroa Street

 9            10th Floor

10            Los Angeles, California 90017

11            (213) 443-3000

12

13        FOR MGA ENTERTAINMENT, INC.:

14

15            O'MELVENY & MYERS LLP

16            BY:  JAMES P. JENAL, ESQ.

17            400 South Hope Street

18            Los Angeles, California 90071

19            (213) 430-6000

20

21

22

23

24

25
                                                        2
```

EXHIBIT **4** PAGE **136**

```
 1    APPEARANCES OF COUNSEL (CONTINUED)

 2

 3        FOR CARTER BRYANT

 4

 5            LITTLER MENDELSON

 6            BY:  KEITH A. JACOBY, ESQ.

 7            2049 Century Park East

 8            5th Floor

 9            Los Angeles, California 90067

10            (310) 553-0308

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

EXHIBIT  4  PAGE 137

1          JUDGE INFANTE:  This is Judge Infante.  I

2    believe all counsel are probably on the phone.  I will

3    go on the record now with the court reporter and take

4    appearances.

5          First, for the moving parties in this joint

6    motion, that would be Carter Bryant and MGA, would you

7    enter your appearances, please.

8          MR. JACOBY:  Yes, Keith Jacoby for Carter

9    Bryant.

10          MR. JENAL:  And Jim Jenal for MGA.

11          JUDGE INFANTE:  For Mattel, please.

12          MR. COREY:   John Corey and Dylan Proctor for

13    Mattel.

14          JUDGE INFANTE:  Okay.  Good morning.  I have

15    before me this joint motion.  I want to acknowledge I

16    received the papers, the opposition papers and the reply

17    papers.  Mr. Jacoby, you may proceed.

18          MR. JACOBY:  Sure.  I was going to address the

19    issue of the 2002 investigation.  If it's okay with your

20    Honor, Mr. Jenal was going to address the joint motion

21    issue first, since that's preliminary, why don't we do

22    that first.

23          JUDGE INFANTE:  Okay.

24          MR. JENAL:  I don't know whether the Court has

25    questions on that point or not.  If not, I'm perfectly

4

EXHIBIT __4__ PAGE 138

1          MR. COREY:  Your Honor, I believe the Court

2     knows this at this point, we have been offered a date in

3     mid-March for MGA's designee on most of the 30(b)(6)

4     topics that Mattel has noticed, I think that pushing the

5     deadline out to the end of April to get these fairly

6     substantive topics taken care of, I believe that a

7     number of people will be testifying on them, is

8     completely reasonable.

9          JUDGE INFANTE:  I think that's too long.  I

10    predict that Judge Larson is going to give you a fairly

11    tight discovery period, just because of the age of this

12    case.  And so I'd be willing to give you until the end

13    of March.

14         MR. COREY:   That's acceptable to Mattel, your

15    Honor.

16         JUDGE INFANTE:  Instead of the end of

17    February, the end of March.  So the only outstanding

18    issue, then, is topics 49 and 50, I guess.

19         MR. COREY:  Your Honor, I will provide the

20    Court with a copy of the order dismissing Bryant's

21    claims if the court would find that helpful.

22         JUDGE INFANTE:  I don't think -- I mean, I

23    still think there's other allegations in the answer that

24    Mr. Jacoby made reference to that create a platform for

25    potential relevance.  Now, the real question is, is it

26

EXHIBIT __4__ PAGE __139__

1   relevant within the subject matter under Rule 26 or

2   relevant to a claim or defense that's still in the case.

3   And is it likely to lead to admissible evidence?  I'm

4   not sure it's likely to lead to admissible evidence,

5   that's on contract interpretation, depending upon who

6   the witness is, I'm not sure.

7           MR. COREY:  I think that's fair, your Honor.

8   The interpretation of a contract between -- of a

9   different contract between a different party is not

10  necessarily informative and --

11          JUDGE INFANTE:  Well, what could be

12  informative is a practice course of conduct with respect

13  to a form contract over the course of time, namely, what

14  is Mattel's actions, and can those actions or inactions

15  support an inference, which would be an admission.  I

16  mean, it's tenuous, it's thin, but I can't say it's

17  irrelevant, I can't.

18          MR. JACOBY:  Your Honor, that precise issue

19  comes up routinely, for example, in trade secret

20  cases -- this is at some level a trade secret case --

21  where people leave their employment and they take their

22  contacts with them.  And lots of companies have policies

23  that say -- and even make people sign contracts that say

24  you'll give back all of your company information and

25  materials upon leaving.  But many companies, my law firm

27

EXHIBIT __4__ PAGE __140__

1   has found, don't enforce that practice.  So when people

2   leave with their contact information, they say, hey,

3   everybody does this.  And those type of waiver defenses

4   are just standard gruel in cases like this.

5            JUDGE INFANTE:  Theoretically, you're right.

6            MR. COREY:  Then I'm going to need some

7   guidance from the court.  Because I'm not sure how one

8   would prepare a corporate designee to testify about the

9   things that Mr. Jacoby has requested in these particular

10  topics.

11           JUDGE INFANTE:  I think you can imagine some

12  of Mr. Jacoby's questions.  I mean, he's going to look

13  into whether or not --

14           MR. COREY:  What Mr. Jacoby is asking about,

15  though, is a practice.

16           JUDGE INFANTE:  Of course, whether there's

17  been conduct of enforceability or not.

18           MR. COREY:  But the topics are only asking

19  about specific pieces of paper, specific versions of the

20  agreement.

21           JUDGE INFANTE:  I think -- have you produced

22  the documents?

23           MR. COREY:  To my recollection, Mattel has not

24  produced documents -- has not produced other versions,

25  if any, of the documents that -- excuse me, the

                                                        28

EXHIBIT 4 PAGE 141

1    contracts that Bryant has signed.  We've taken a

2    position that those are irrelevant, and they're not

3    informative for the contract interpretation of the

4    contracts between Bryant and Mattel.

5        JUDGE INFANTE:  Well, I think that counsel

6    would have the right to inquire of a corporate witness

7    whether or not the contracts that Carter Bryant signed

8    are essentially form contracts that all employees are

9    required to sign.  And if there is a commonalty in all

10   those contracts, he has the right to question the

11   corporate witness about whether those contracts are

12   enforced.

13       MR. COREY:  Whether they're enforced in

14   circumstances similar to the allegations in the Bryant

15   case?

16       JUDGE INFANTE:  Yeah.  Therefore, that's how

17   you would prepare your witness.

18       MR. COREY:  Thank you, your Honor, I

19   appreciate that clarification.

20       JUDGE INFANTE:  I can't strike 49 and 50.  I

21   do think they come within the ambit of Rule 26.  And I'm

22   not here to rule on admissibility of evidence at trial.

23   If I were, you might see a much stricter ruling.

24       MR. COREY:  I'll stipulate, if opposing

25   counsel will, that you can rule on admissibility at

29

EXHIBIT 4  PAGE 142

```
 1    STATE OF CALIFORNIA      )    ss

 2    COUNTY OF LOS ANGELES    )

 3

 4         I, CATHRYN L. BAKER, CSR No. 7695, do

 5    hereby certify

 6         That the foregoing transcript of proceedings

 7    was taken before me at the time and place therein set

 8    forth;

 9         That the hearing was recorded stenographically

10    by me, was thereafter transcribed under my direction and

11    supervision and that the foregoing is a true record of

12    same.

13         I further certify that I am neither counsel

14    for nor related to any party to said action, nor in

15    any way interested in the outcome thereof.

16         IN WITNESS WHEREOF, I have subscribed my

17    name this 29th day of January, 2007.

18

19

20

21

22         CATHRYN BAKER, CSR No. 7695

23

24

25
                                                        32
```

EXHIBIT __4__   PAGE __143__

# EXHIBIT 5

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
6  Facsimile:  (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
15                        Plaintiff,     2727

16       v.                             CARTER BRYANT'S REPLY TO
                                        MATTEL'S COUNTERCLAIMS
17  MATTEL, INC. a Delaware
    Corporation,                        DEMAND FOR JURY TRIAL
18
                          Defendant.    Dept:      Courtroom 1
19                                      Judge:     Hon. Stephen G. Larson
    CONSOLIDATED WITH MATTEL,
20  INC., v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
21  MATTEL, INC.                        Discovery Cut-Off: Jan. 14, 2008
                                        Pre-Trial Conference: April 7, 2008
22                                      Trial Date:  April 29, 2008

23

24       Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27       As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions. Bryant's denial of any allegation

                                        1
400554.01

EXHIBIT ___6___ PAGE ___144___

1   should be construed as a denial of both the allegation itself, and any of the
2   allegation's underlying, unsupported assumptions.

3        Mattel's counterclaims also contain just the sort of argumentative rhetoric in
4   place of factual allegations that Mattel claimed to protest in responding to MGA's
5   claims against it.  Bryant denies all allegations not specifically admitted, including
6   Mattel's argument and innuendo.  Where Bryant admits any portion of an
7   allegation, Bryant admits only the specific facts admitted, and denies all of
8   Mattel's accompanying characterizations, conclusions, and speculation contained
9   in that allegation or in Mattel's counterclaims as a whole.

10       Bryant also submits that Mattel's use of headings throughout its
11  counterclaims is improper, and that therefore no response to Mattel's headings is
12  required.  If any response is required, Bryant denies all allegations contained in
13  Mattel's headings.

14       Finally, Bryant notes that many of the allegations in this complaint allege
15  nothing relating Bryant.  Although Bryant recognizes that he is nonetheless
16  required to answer them, Bryant lacks any knowledge or information concerning
17  these allegations.  In denying these allegations based on his lack of knowledge and
18  information regarding alleged events not involving him, as with all his other
19  denials, Bryant also denies Mattel's negative characterizations and innuendo about
20  all of the alleged events, including any events or facts that may in fact have
21  occurred (such as, for example, MGA's hiring of certain individuals previously
22  employed by Mattel).

### Responses

23  1.       Bryant denies the allegations of this paragraph.
24
25  2.       Bryant admits that he conceived, created and developed Bratz designs,
26  that he entered into an agreement with MGA regarding Bratz, and that Mattel has
27  improperly sought to register copyrights for certain Bratz designs.  Bryant denies
28  all remaining allegations of this paragraph.

3.      Bryant denies that MGA engaged in illegal conduct in entering the agreement with Bryant.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

4.      Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

5.      Bryant denies the allegations of this paragraph.

6.      Bryant admits that Mattel purports to seek relief under 17 U.S.C. § § 101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28 U.S.C. § 1367 for its purported state law claims.  Bryant admits that the Court has jurisdiction to hear claims against Bryant, based on those allegations, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

7.      Bryant admits that venue is proper in this District as to claims against Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

8.      Bryant admits the allegation of this paragraph.

9.      Bryant admits the allegations of the first and second sentences of this paragraph.  Bryant denies the remaining allegations of this paragraph.

10.     Bryant admits the allegations of this paragraph.

11.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

12.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

13.   Bryant admits that Isaac Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles.  Bryant denies the remaining allegations of this paragraph.

14.   Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

15.   Bryant denies the allegations of this paragraph.

16.   Bryant admits that Mattel manufactures and markets toys, games, dolls and other consumer products.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of this paragraph, and on that basis denies them.  Bryant admits that Mattel is a well-known company, and denies all remaining allegations of this paragraph.

17.   Bryant admits that Mattel maintains a large design center in El Segundo, California at which many designers, sculptors, painters and other artists work to create Mattel products.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of this paragraph, and on that basis denies them.

18.   Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

19.   Bryant admits that MGA is a toy manufacturer that launched a fashion doll line.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph, and on that basis denies them.  Bryant denies that MGA stole a fashion doll that was owned by Mattel, and denies all remaining allegations of this paragraph.

20.   Bryant denies all allegations of this paragraph.

21.   Bryant admits that he is a former Mattel employee, that he began working for Mattel in September 1995 and worked in Mattel's Design Center as a Barbie product designer, and that he stopped working with Mattel in or about April

400554.01

EXHIBIT  6  PAGE  147

1    1998. Bryant denies that he moved to Missouri to live with his parents in or about

2    April 1998. Bryant admits that late in 1998, he applied to Mattel to be rehired, and

3    that on or about January 4, 1999, he began working at Mattel in Mattel's Design

4    Center as a product designer. Bryant denies any remaining allegations of this

5    paragraph.

6        22.    Bryant admits that, upon his return to Mattel in January 1999, he

7    signed the document attached to Mattel's Counterclaims as Exhibit A, which is

8    titled "Employee Confidential Information and Inventions Agreement." Bryant

9    denies all remaining allegations of this paragraph, explicit or implicit, including

10   Mattel's allegations regarding the legal significance of this document.

11       23.    Bryant denies the allegations of this paragraph.

12       24.    Bryant admits that, upon his return to Mattel in January 1999, he

13   signed the document attached to Mattel's Counterclaims as Exhibit B, which is

14   titled "Conflict of Interest Questionnaire." Bryant admits that he disclosed on this

15   document freelance work he had performed while in Missouri for Ashton-Drake,

16   which is unrelated to Mattel's allegations here. Bryant denies all remaining

17   allegations of this paragraph, explicit or implicit, including Mattel's allegations

18   regarding the legal significance of this document.

19       25.    Bryant denies the allegations of this paragraph.

20       26.    Bryant denies the allegations of this paragraph, including all the

21   allegations of each of its sub-paragraphs.

22       27.    Bryant denies the allegations of this paragraph.

23       28.    Bryant denies the allegations of this paragraph.

24       29.    Bryant denies the allegations of this paragraph.

25       30.    Bryant lacks knowledge or information sufficient to form a belief as

26   to the truth of the allegations of this paragraph, and on that basis denies them.

27       31.    Bryant admits that samples of the four original Bratz dolls were

28   shown at the Hong Kong Toy Fair in January 2001. Bryant denies the remaining

1   allegations of this paragraph.

2       32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3   products in many countries throughout the world. Bryant lacks knowledge or

4   information sufficient to form a belief as to the truth of the allegations of the

5   second sentence of this paragraph, and on that basis denies them. Bryant admits

6   the allegations of the third sentence of this paragraph. Bryant admits that MGA

7   claims current ownership of Bratz, including the copyrights and copyright

8   registrations attendant thereto. Bryant admits the allegations of the fifth sentence

9   of this paragraph. Bryant denies all remaining allegations of this paragraph

10       33.    Bryant denies the allegations of this paragraph.

11       34.    Bryant denies the allegations of this paragraph.

12       35.    Bryant denies the allegations of this paragraph.

13       36.    Bryant admits that he had an agreement with MGA and the terms of

14   that agreement speak for themselves. Bryant denies all remaining allegations of

15   this paragraph.

16       37.    Bryant lacks knowledge or information sufficient to form a belief as

17   to the truth of the allegations of this paragraph, and on that basis denies them.

18       38.    Bryant lacks knowledge or information sufficient to form a belief as

19   to the truth of the allegations of this paragraph, and on that basis denies them.

20       39.    Bryant lacks knowledge or information sufficient to form a belief as

21   to the truth of the allegations of this paragraph, and on that basis denies them.

22       40.    Bryant lacks knowledge or information sufficient to form a belief as

23   to the truth of the allegations of this paragraph, and on that basis denies them.

24       41.    Bryant lacks knowledge or information sufficient to form a belief as

25   to the truth of the allegations of this paragraph, and on that basis denies them.

26       42.    Bryant lacks knowledge or information sufficient to form a belief as

27   to the truth of the allegations of this paragraph, and on that basis denies them.

28       43.    Bryant lacks knowledge or information sufficient to form a belief as

4D0554.01

EXHIBIT 5 PAGE 149

1  to the truth of the allegations of this paragraph, and on that basis denies them.

2      44.    Bryant lacks knowledge or information sufficient to form a belief as

3  to the truth of the allegations of this paragraph, and on that basis denies them.

4      45.    Bryant lacks knowledge or information sufficient to form a belief as

5  to the truth of the allegations of this paragraph, and on that basis denies them.

6      46.    Bryant lacks knowledge or information sufficient to form a belief as

7  to the truth of the allegations of this paragraph, and on that basis denies them.

8      47.    Bryant lacks knowledge or information sufficient to form a belief as

9  to the truth of the allegations of this paragraph, and on that basis denies them.

10     48.    Bryant lacks knowledge or information sufficient to form a belief as

11  to the truth of the allegations of this paragraph, and on that basis denies them.

12     49.    Bryant lacks knowledge or information sufficient to form a belief as

13  to the truth of the allegations of this paragraph, and on that basis denies them.

14     50.    Bryant lacks knowledge or information sufficient to form a belief as

15  to the truth of the allegations of this paragraph, and on that basis denies them.

16     51.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18     52.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20     53.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22     54.    Bryant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of this paragraph, and on that basis denies them.

24     55.    Bryant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations of this paragraph, and on that basis denies them.

26     56.    Bryant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations of this paragraph, and on that basis denies them.

28     57.    Bryant lacks knowledge or information sufficient to form a belief as

7

400554.01

EXHIBIT __5__  PAGE _150_

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2        58.    Bryant lacks knowledge or information sufficient to form a belief as
3    to the truth of the allegations of this paragraph, and on that basis denies them.

4        59.    Bryant lacks knowledge or information sufficient to form a belief as
5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        60.    Bryant lacks knowledge or information sufficient to form a belief as
7    to the truth of the allegations of this paragraph, and on that basis denies them.

8        61.    Bryant lacks knowledge or information sufficient to form a belief as
9    to the truth of the allegations of this paragraph, and on that basis denies them.

10        62.    Bryant lacks knowledge or information sufficient to form a belief as
11    to the truth of the allegations of this paragraph, and on that basis denies them.

12        63.    Bryant lacks knowledge or information sufficient to form a belief as
13    to the truth of the allegations of this paragraph, and on that basis denies them.

14        64.    Bryant lacks knowledge or information sufficient to form a belief as
15    to the truth of the allegations of this paragraph, and on that basis denies them.

16        65.    Bryant lacks knowledge or information sufficient to form a belief as
17    to the truth of the allegations of this paragraph, and on that basis denies them.

18        66.    Bryant lacks knowledge or information sufficient to form a belief as
19    to the truth of the allegations of this paragraph, and on that basis denies them.

20        67.    Bryant lacks knowledge or information sufficient to form a belief as
21    to the truth of the allegations of this paragraph, and on that basis denies them.

22        68.    Bryant lacks knowledge or information sufficient to form a belief as
23    to the truth of the allegations of this paragraph, and on that basis denies them.

24        69.    Bryant lacks knowledge or information sufficient to form a belief as
25    to the truth of the allegations of this paragraph, and on that basis denies them.

26        70.    Bryant lacks knowledge or information sufficient to form a belief as
27    to the truth of the allegations of this paragraph, and on that basis denies them.

28        71.    Bryant lacks knowledge or information sufficient to form a belief as

400554.01

EXHIBIT   5   PAGE  151

1    to the truth of the allegations of this paragraph, and on that basis denies them.

2        72.    Bryant lacks knowledge or information sufficient to form a belief as
3    to the truth of the allegations of this paragraph, and on that basis denies them.

4        73.    Bryant lacks knowledge or information sufficient to form a belief as
5    to the truth of the allegations of this paragraph, and on that basis denies them.

6        74.    Bryant lacks knowledge or information sufficient to form a belief as
7    to the truth of the allegations of this paragraph, and on that basis denies them.

8        75.    Bryant lacks knowledge or information sufficient to form a belief as
9    to the truth of the allegations of this paragraph, and on that basis denies them.

10        76.    Bryant lacks knowledge or information sufficient to form a belief as
11   to the truth of the allegations of this paragraph, and on that basis denies them.

12        77.    Bryant lacks knowledge or information sufficient to form a belief as
13   to the truth of the allegations of this paragraph, and on that basis denies them.

14        78.    Bryant lacks knowledge or information sufficient to form a belief as
15   to the truth of the allegations of this paragraph, and on that basis denies them.

16        79.    Bryant lacks knowledge or information sufficient to form a belief as
17   to the truth of the allegations of this paragraph, and on that basis denies them.

18        80.    Bryant lacks knowledge or information sufficient to form a belief as
19   to the truth of the allegations of this paragraph, and on that basis denies them.

20        81.    Bryant lacks knowledge or information sufficient to form a belief as
21   to the truth of the allegations of this paragraph, and on that basis denies them.

22                      **Mattel's First Counterclaim**

23        82.    Bryant repeats and realleges his answers to paragraphs 1 through 81
24   above, as though fully set forth here at length.  Bryant denies any allegations not
25   expressly admitted.

26        83.    Bryant denies the allegations of this paragraph.
27        84.    Bryant denies the allegations of this paragraph.
28        85.    Bryant denies the allegations of this paragraph.

400554.01

EXHIBIT **5** PAGE **152**

86. Bryant denies the allegations of this paragraph.

87. Bryant denies the allegations of this paragraph.

### Mattel's Second Counterclaim

88. Bryant repeats and realleges its answers to paragraphs 1 through 87 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

89. Bryant denies the allegations of this paragraph.

90. Bryant denies the allegations of this paragraph.

91. Bryant denies the allegations of this paragraph.

92. Bryant denies the allegations of this paragraph.

93. Bryant denies the allegations of this paragraph, including the allegations of all of its sub-paragraphs.

94. Bryant denies the allegations of this paragraph.

95. Bryant denies the allegations of this paragraph.

96. Bryant denies the allegations of this paragraph.

97. Bryant denies the allegations of this paragraph.

### Mattel's Third Counterclaim

98. Bryant repeats and realleges its answers to paragraphs 1 through 97 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

99. Bryant denies the allegations of this paragraph.

100. Bryant denies the allegations of this paragraph.

101. Bryant denies the allegations of this paragraph.

102. Bryant denies the allegations of this paragraph.

103. Bryant denies the allegations of this paragraph.

104. Bryant denies the allegations of this paragraph.

105. Bryant denies the allegations of this paragraph.

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE __153__

400654.01

## Mattel's Fourth Counterclaim

106.    Bryant repeats and realleges its answers to paragraphs 1 through 105 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

107.    Bryant denies the allegations of this paragraph.

108.    Bryant denies the allegations of this paragraph.

109.    Bryant denies the allegations of this paragraph.

110.    Bryant denies the allegations of this paragraph.

111.    Bryant denies the allegations of this paragraph.

112.    Bryant denies the allegations of this paragraph.

113.    Bryant denies the allegations of this paragraph.

114.    Bryant denies the allegations of this paragraph.

115.    Bryant denies the allegations of this paragraph.

## Mattel's Fifth Counterclaim

116.    Bryant repeats and realleges its answers to paragraphs 1 through 115 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

117.    Bryant denies the allegations of this paragraph.

118.    Bryant denies the allegations of this paragraph.

119.    Bryant denies the allegations of this paragraph.

120.    Bryant denies the allegations of this paragraph.

121.    Bryant denies the allegations of this paragraph.

## Mattel's Sixth Counterclaim

122.    Bryant repeats and realleges its answers to paragraphs 1 through 122 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

123.    Bryant denies the allegations of this paragraph.

124.    Bryant denies the allegations of this paragraph.

EXHIBIT __5__ PAGE __154__

125.   Bryant denies the allegations of this paragraph.

126.   Bryant denies the allegations of this paragraph.

127.   Bryant denies the allegations of this paragraph.

128.   Bryant denies the allegations of this paragraph.

## Mattel's Seventh Counterclaim

129.   Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

130.   Bryant denies the allegations of this paragraph.

131.   Bryant denies the allegations of this paragraph.

132.   Bryant denies the allegations of this paragraph.

133.   Bryant denies the allegations of this paragraph.

134.   Bryant denies the allegations of this paragraph.

135.   Bryant denies the allegations of this paragraph.

## Mattel's Eighth Counterclaim

136.   Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

137.   Bryant denies the allegations of this paragraph.

138.   Bryant denies the allegations of this paragraph.

139.   Bryant denies the allegations of this paragraph.

140.   Bryant denies the allegations of this paragraph.

141.   Bryant denies the allegations of this paragraph.

## Mattel's Ninth Counterclaim

142.   Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

143.   Bryant denies the allegations of this paragraph.

EXHIBIT __5__ PAGE __155__

144. Bryant denies the allegations of this paragraph.

145. Bryant denies the allegations of this paragraph.

146. Bryant denies the allegations of this paragraph.

147. Bryant denies the allegations of this paragraph.

148. Bryant denies the allegations of this paragraph

### Mattel's Tenth Counterclaim

149. Bryant repeats and realleges its answers to paragraphs 1 through 148 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

150. Bryant denies the allegations of this paragraph.

151. Bryant denies the allegations of this paragraph.

152. Bryant denies the allegations of this paragraph.

153. Bryant denies the allegations of this paragraph.

154. Bryant denies the allegations of this paragraph.

### Mattel's Eleventh Counterclaim

155. Bryant repeats and realleges its answers to paragraphs 1 through 154 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

156. Bryant denies the allegations of this paragraph.

157. Bryant denies the allegations of this paragraph.

158. Bryant denies the allegations of this paragraph.

159. Bryant denies the allegations of this paragraph.

160. Bryant denies the allegations of this paragraph.

161. Bryant denies the allegations of this paragraph.

162. Bryant denies the allegations of this paragraph.

### Mattel's Twelfth Counterclaim

163. Bryant repeats and realleges its answers to paragraphs 1 through 162 above, as though fully set forth here at length. Bryant denies any allegations not

400554.01

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__ PAGE __156__

1    expressly admitted.

2        164.   Bryant admits the allegation of this paragraph regarding the contents
3    of section 17200 of the California Business and Professions Code, but denies that
4    Mattel is entitled to any relief or recovery whatsoever on its claims.

5        165.   Bryant denies the allegations of this paragraph.

6        166.   Bryant denies the allegations of this paragraph.

7                        **Mattel's Thirteenth Counterclaim**

8        167.   Bryant repeats and realleges its answers to paragraphs 1 through 166
9    above, as though fully set forth here at length.  Bryant denies any allegations not
10   expressly admitted.

11       168.   Bryant admits that an actual controversy exists between the parties,
12   because of Mattel's campaign of harassing litigation, but denies all other
13   allegations of this paragraph, and denies that Mattel is entitled to any relief or
14   recovery whatsoever.

15       169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but
16   denies all remaining allegations of this paragraph, and denies that Mattel is entitled
17   to any relief or recovery whatsoever.

18       170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but
19   denies all remaining allegations of this paragraph, and denies that Mattel is entitled
20   to any relief or recovery whatsoever.

21                              **Prayer for Relief**

22       This section of Mattel's counterclaims contains no factual allegations, and
23   requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,
24   and respectfully requests judgment dismissing Mattel's counterclaims with
25   prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,
26   and whatever other relief to Bryant the Court deems appropriate.

27       Except as specifically admitted above, Bryant denies each and every
28   allegation in Mattel's counterclaims.

EXHIBIT __6__ PAGE __157__

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Failure to State a Claim)

Mattel's counterclaims, and each claim for relief, fail to state a claim upon which relief may be granted.

### Second Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands.

### Third Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver.

### Fourth Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel.

### Fifth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches.

### Sixth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent.

### Seventh Affirmative Defense (Statute of Limitations)

Mattel's counterclaims, and each claim for relief, are barred by the applicable statutes of limitations, including but not limited to Code of Civil Procedure §§ 337, 339, 343, and 338(c).

400554.01

EXHIBIT __5__ PAGE __156__

### Eighth Affirmative Defense (Failure to Mitigate Damages)

With respect to any alleged damages (the existence of which Bryant denies), Mattel failed to mitigate its damages.

### Ninth Affirmative Defense (Lack of Causation)

Any losses or harms allegedly sustained by Mattel resulted from causes other than any act or omission of Bryant, including but not limited to Mattel's own acts or omissions.

### Tenth Affirmative Defense (Failure of Contract)

Any alleged contract with Mattel fails for lack of consideration, is vague and uncertain, and is void, voidable, and/or unenforceable.

### Eleventh Affirmative Defense (Duress/Unconscionability)

Any alleged contract with Mattel was unconscionable and/or the result of duress, and is void, voidable, and/or unenforceable.

### Twelfth Affirmative Defense (Excuse of Performance)

Any alleged breaches of contract or duty are excused by Mattel's own acts or omissions.

### Thirteenth Affirmative Defense (Alleged Duties Contrary to Law)

Any alleged duties or obligations which Mattel claims are owed by Bryant are contrary to applicable law.

### Fourteenth Affirmative Defense (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

### Fifteenth Affirmative Defense (Good Faith)

Mattel's counterclaims fail because Bryant acted in good faith and in conformity with applicable laws.

### Sixteenth Affirmative Defense (Information Readily Ascertainable)

Bryant cannot be liable for alleged misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use.

400554.01

EXHIBIT __5__ PAGE __159__

## Seventeenth Affirmative Defense (Res Judicata)

Mattel's counterclaims are barred in whole or in part by the doctrine of res judicata.

## Eighteenth Affirmative Defense (Lack of Ownership)

Mattel is neither the legal nor beneficial owner in the copyrights purportedly at issue.

## Nineteenth Affirmative Defense (Copyright Invalidity)

Mattel's purported copyrights are invalid.

## Twentieth Affirmative Defense (No Statutory Damages or Attorney's Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

## Twenty-first Affirmative Defense (Innocent Infringement)

If Bryant infringed any copyright interest held by Mattel (which Bryant denies), he did so without knowledge or intent.

## Twenty-Second Affirmative Defense (Joinder in Defenses of Co-Defendants)

Bryant hereby adopts and incorporates by this reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including MGA) in this litigation to the extent that defendants may share in such affirmative defenses.

Bryant has not knowingly and intentionally waived any applicable affirmative defense and reserves the right to raise additional affirmative defenses as they become known to him through discovery in this litigation. In stating the above affirmative defenses, Bryant also does not in any way waive or limit any defenses raised by its denials of Mattel's allegations above. Bryant further reserves the right to amend his answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that he determines during later discovery are

17.

1  not applicable.

2  ### Prayer for Relief

3  WHEREFORE, Bryant respectfully requests relief as follows:

4  1.  That Mattel's counterclaims be dismissed with prejudice;

5  2.  That Mattel take nothing by its counterclaims;

6  3.  That Mattel's request for injunctive and other equitable relief be

7  denied;

8  4.  That Bryant be awarded the cost of this litigation, including

9  reasonable attorneys' fees and interest; and

10  5.  That Bryant receive such other relief as the Court may deem proper.

11

12  Respectfully submitted,

13

14

15  Dated:  August 13, 2007                    KEKER & VAN NEST, LLP

16

17

18  By: _____
                                              CHRISTA M. ANDERSON
19                                            Attorneys for Plaintiff
                                              CARTER BRYANT
20

21

22

23

24

25

26

27

28

400554.01

EXHIBIT 5 PAGE 161

1

## DEMAND FOR JURY TRIAL

2

3       Bryant respectfully requests a trial by jury for all issues so triable.

4

5    Dated:  August 13, 2007                       KEKER & VAN NEST, LLP

6

7

8                                          By:
                                               CHRISTA M. ANDERSON
9                                              Attorneys for Plaintiff
                                               CARTER BRYANT
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

400554.01

EXHIBIT __5__ PAGE __162__

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On August 13, 2007, I served the following document(s):

**CARTER BRYANT'S REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
johnquinn@quinnemanuel.com
michaelzeller@quinnemanuel.com

Diana M. Torres
O'Melveny & Myers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Tel:   213/430-6000
Fax:   213/430-6407
dtorres@omm.com

Patricia L. Glaser
Christensen Glaser Fink Jacobs Weil & Shapiro
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tel:   310/553-3000
Fax:   310/556-2920
pglaser@chrisglase.com

Executed on August 13, 2007, at San Francisco, California.

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __5__   PAGE __163__

1     I declare under penalty of perjury under the laws of the State of California

2 that the above is true and correct.

3

4                             _Julie Selby_

5                          JULIE A. SELBY

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

395645.01

PROOF OF SERVICE
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT **5**    PAGE **164**

# EXHIBIT 6



**COPY**
LODGED

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

OCT - 9 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> MATTEL, INC., a Delaware corporation, <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with Case Nos. CV 04-09059 and CV 05-02727 <br><br> Hon. Stephen G. Larson <br><br> STIPULATION AND [PROPOSED] ORDER REGARDING CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS <br><br> **Phase 1** <br> Discovery Cut-Off:   January 14, 2008 <br> Pre-Trial Conference:  April 7, 2008 <br> Trial Date:     April 29, 2008 <br><br> **Phase 2** <br> Discovery Cut-Off:   March 3, 2008 <br> Pre-Trial Conference:  June 2, 2008 <br> Trial Date:     July 1, 2008 |

10-5

STIPULATION AND [PROPOSED] ORDER

EXHIBIT _6_  PAGE _165_

## **Stipulation**

1

2     WHEREAS, on July 12, 2007, Mattel, Inc. ("Mattel") filed its Second

3  Amended Answer in Case No. 05-2727 and Counterclaims ("Counterclaims"),

4     WHEREAS, on August 13, 2007, Carter Bryant ("Bryant") filed his reply to

5  Mattel's Counterclaims and asserted twenty-two affirmative defenses,

6     WHEREAS, Mattel contended that Bryant's affirmative defenses were

7  inadequately pleaded and that certain of the defenses were insufficient as a matter of

8  law, and the parties met and conferred regarding a motion Mattel contemplated

9  filing to strike the defenses on those grounds,

10     WHEREAS, Bryant agreed to voluntarily amend his reply to eliminate some

11  of the disputes between the parties and, pursuant to a Stipulation and Order dated

12  September 6, 2007, filed an amended reply to Mattel's Counterclaims on September

13  12, 2007, asserting seventeen affirmative defenses,

14     WHEREAS, Mattel believes that certain of Bryant's defenses remain

15  inadequately pleaded and that certain of the defenses remain insufficient as a matter

16  of law, and the parties have again met and conferred regarding Mattel's

17  contemplated motion to strike the defenses on these grounds, and

18     WHEREAS, Bryant is willing to voluntarily amend his amended reply again

19  in an attempt to eliminate further disputes between the parties, including by

20  withdrawing his Ninth, Tenth, and Eleventh affirmative defenses of "failure of

21  contract," "duress/unconscionability" and "alleged duties contrary to law,"

22  respectively,

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

EXHIBIT _6_ PAGE _166_

1  ///

2       NOW, THEREFORE, Mattel and Bryant hereby stipulate, by and through

3  their counsel of record and subject to the Court's approval, that Bryant will file a

4  Second Amended Reply to Mattel's Counterclaims on or before October 15, 2007.

5  Mattel may then file a motion to strike Bryant's Second Amended Reply pursuant to

6  the time limits set forth in <u>Fed. R. Civ. P.</u> 12(f) as may be appropriate.

7       IT IS SO STIPULATED.

8

9  DATED:  October 4, 2007     QUINN EMANUEL URQUHART OLIVER &
10                       HEDGES, LLP
11
12                       By _____
13                         B. Dylan Proctor
                       Attorneys for Mattel, Inc.
14

15  DATED:  October 4, 2007     KEKER & VAN NEST, LLP
16
17                       By _____
18                         John Trinidad
19                         Attorneys for Carter Bryant

20

21       IT IS SO ORDERED.

22

23  DATED:  October ___, 2007   By     STEPHEN G. LARSON
                       UNITED STATES DISTRICT JUDGE
24                       _____
                     Hon. Stephen G. Larson
25                       United States District Court Judge

26

27

28

404060.01
0720/22115/20.1

-2-

STIPULATION AND [PROPOSED] ORDER

EXHIBIT _6_ PAGE _167_

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 5, 2007, I served true copies of the following document(s) described as **STIPULATION AND [PROPOSED] ORDER REGARDING CARTER BRYANT'S AMENDED REPLY TO MATTEL'S COUNTERCLAIMS** on the parties in this action as follows:

Diana Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

*Attorneys for MGA Entertainment, Inc.*

Michael H. Page, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

*Attorneys for Carter Bryant*

Patricia Glaser, Esq.
**CHRISTENSEN, GLASER, FINK, JACOBS, WEIL & SHAPIRO, LLP**
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

*Attorneys for MGA Entertainment*

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote, Esq.
**OVERLAND, BORENSTEIN, SCHEPER & KIM, LLP**
300 S. Grand Avenue, Suite 2750
Los Angeles, CA 90071

*Attorneys for Carlos Gustav Machado Gomez*

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 5, 2007, at Los Angeles, California.

*Laura Kinsey*
Laura Kinsey

07209/2243792.1

EXHIBIT 6 PAGE 168

# EXHIBIT 7

CALENDARED

RECEIVED

OCT 1 7 2007

1  KEKER & VAN NEST, LLP
   JOHN W. KEKER - #49092
2  jkeker@kvn.com
   MICHAEL H. PAGE - #154913
3  mpage@kvn.com
   CHRISTA M. ANDERSON - #184325
4  canderson@kvn.com
   710 Sansome Street
5  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
6  Facsimile: (415) 397-7188

7  Attorneys for Plaintiff
   CARTER BRYANT

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          (consolidated with CV 04-9059 & 05-
15                        Plaintiff,      2727

16      v.                               CARTER BRYANT'S SECOND
                                          AMENDED REPLY TO MATTEL'S
17  MATTEL, INC. a Delaware              COUNTERCLAIMS
    Corporation,
18                                        DEMAND FOR JURY TRIAL
                         Defendant.
19                                        Dept:    Courtroom 1
    CONSOLIDATED WITH MATTEL,            Judge:   Hon. Stephen G. Larson
20  INC. v. BRYANT and MGA
    ENTERTAINMENT, INC. v.
21  MATTEL, INC.
                                          Discovery Cut-Off: Jan. 14, 2008
22                                        Pre-Trial Conference: April 7, 2008
                                          Trial Date:  April 29, 2008
23

24      Counter-defendant Carter Bryant ("Bryant") replies to Mattel's counter-

25  claims, set forth in Mattel's Second Amended Answer and Counterclaims, as

26  follows:

27      As a preliminary matter, Bryant notes that many of Mattel's allegations

28  implicitly include false premises or assumptions. Bryant's denial of any allegation

                              10-16              1

EXHIBIT 7  PAGE 169

1  should be construed as a denial of both the allegation itself, and any of the

2  allegation's underlying, unsupported assumptions.

3      Mattel's counterclaims also contain just the sort of argumentative rhetoric in

4  place of factual allegations that Mattel claimed to protest in responding to MGA's

5  claims against it. Bryant denies all allegations not specifically admitted, including

6  Mattel's argument and innuendo. Where Bryant admits any portion of an

7  allegation, Bryant admits only the specific facts admitted, and denies all of

8  Mattel's accompanying characterizations, conclusions, and speculation contained

9  in that allegation or in Mattel's counterclaims as a whole.

10      Bryant also submits that Mattel's use of headings throughout its

11  counterclaims is improper, and that therefore no response to Mattel's headings is

12  required. If any response is required, Bryant denies all allegations contained in

13  Mattel's headings.

14      Finally, Bryant notes that many of the allegations in Mattel's counterclaims

15  allege nothing relating Bryant. Although Bryant recognizes that he is nonetheless

16  required to answer them, Bryant lacks any knowledge or information concerning

17  these allegations. In denying these allegations based on his lack of knowledge and

18  information regarding alleged events not involving him, as with all his other

19  denials, Bryant also denies Mattel's negative characterizations and innuendo about

20  all of the alleged events, including any events or facts that may in fact have

21  occurred (such as, for example, MGA's hiring of certain individuals previously

22  employed by Mattel).

23                    **Responses**

24      1.     Bryant denies the allegations of this paragraph.

25      2.     Bryant admits that he conceived, created and developed Bratz designs,

26  that he entered into an agreement with MGA regarding Bratz, and that Mattel has

27  improperly sought to register copyrights for certain Bratz designs. Bryant denies

28  all remaining allegations of this paragraph.

3.     Bryant denies that MGA engaged in illegal conduct in entering the agreement with Bryant.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis denies them.

4.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

5.     Bryant denies the allegations of this paragraph.

6.     Bryant admits that Mattel purports to seek relief under 17 U.S.C. § § 101 *et seq.*, and 18 U.S.C. § 1964(c), with supplemental jurisdiction under 28 U.S.C. § 1367 for its purported state law claims.  Bryant admits that the Court has jurisdiction to hear claims against Bryant, based on those allegations, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

7.     Bryant admits that venue is proper in this District as to claims against Bryant, but denies that Mattel is entitled to any relief or recovery whatsoever on its alleged claims.  Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph regarding other defendants, and on that basis denies them.

8.     Bryant admits the allegation of this paragraph.

9.     Bryant admits the allegations of the first and second sentences of this paragraph.  Bryant denies the remaining allegations of this paragraph.

10.     Bryant admits the allegations of this paragraph.

11.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

12.     Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

13.   Bryant admits that Isaac Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles. Bryant denies the remaining allegations of this paragraph.

14.   Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

15.   Bryant denies the allegations of this paragraph.

16.   Bryant admits that Mattel manufactures and markets toys, games, dolls and other consumer products. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of this paragraph, and on that basis denies them. Bryant admits that Mattel is a well-known company, and denies all remaining allegations of this paragraph.

17.   Bryant admits that Mattel maintains a large design center in El Segundo, California at which many designers, sculptors, painters and other artists work to create Mattel products. Bryant lacks knowledge or information sufficient to form a belief as to the truth of all remaining allegations of this paragraph, and on that basis denies them.

18.   Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies them.

19.   Bryant admits that MGA is a toy manufacturer that launched a fashion doll line. Bryant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph, and on that basis denies them. Bryant denies that MGA stole a fashion doll that was owned by Mattel, and denies all remaining allegations of this paragraph.

20.   Bryant denies all allegations of this paragraph.

21.   Bryant admits that he is a former Mattel employee, that he began working for Mattel in September 1995 and worked in Mattel's Design Center as a Barbie product designer, and that he stopped working with Mattel in or about April

4

1   1998.  Bryant denies that he moved to Missouri to live with his parents in or about

2   April 1998.  Bryant admits that late in 1998, he applied to Mattel to be rehired, and

3   that on or about January 4, 1999, he began working at Mattel in Mattel's Design

4   Center as a product designer.  Bryant denies any remaining allegations of this

5   paragraph.

6       22.     Bryant admits that, upon his return to Mattel in January 1999, he

7   signed the document attached to Mattel's Counterclaims as Exhibit A, which is

8   titled "Employee Confidential Information and Inventions Agreement."  Bryant

9   denies all remaining allegations of this paragraph, explicit or implicit, including

10  Mattel's allegations regarding the legal significance of this document.

11      23.     Bryant denies the allegations of this paragraph.

12      24.     Bryant admits that, upon his return to Mattel in January 1999, he

13  signed the document attached to Mattel's Counterclaims as Exhibit B, which is

14  titled "Conflict of Interest Questionnaire."  Bryant admits that he disclosed on this

15  document freelance work he had performed while in Missouri for Ashton-Drake,

16  which is unrelated to Mattel's allegations here.  Bryant denies all remaining

17  allegations of this paragraph, explicit or implicit, including Mattel's allegations

18  regarding the legal significance of this document.

19      25.     Bryant denies the allegations of this paragraph.

20      26.     Bryant denies the allegations of this paragraph, including all the

21  allegations of each of its sub-paragraphs.

22      27.     Bryant denies the allegations of this paragraph.

23      28.     Bryant denies the allegations of this paragraph.

24      29.     Bryant denies the allegations of this paragraph.

25      30.     Bryant lacks knowledge or information sufficient to form a belief as

26  to the truth of the allegations of this paragraph, and on that basis denies them.

27      31.     Bryant admits that samples of the four original Bratz dolls were

28  shown at the Hong Kong Toy Fair in January 2001.  Bryant denies the remaining

EXHIBIT  7   PAGE  173

1  allegations of this paragraph.

2      32.    Bryant admits that MGA distributes and sells Bratz and Bratz-related

3  products in many countries throughout the world. Bryant lacks knowledge or

4  information sufficient to form a belief as to the truth of the allegations of the

5  second sentence of this paragraph, and on that basis denies them. Bryant admits

6  the allegations of the third sentence of this paragraph. Bryant admits that MGA

7  claims current ownership of Bratz, including the copyrights and copyright

8  registrations attendant thereto. Bryant admits the allegations of the fifth sentence

9  of this paragraph. Bryant denies all remaining allegations of this paragraph

10      33.    Bryant denies the allegations of this paragraph.

11      34.    Bryant denies the allegations of this paragraph.

12      35.    Bryant denies the allegations of this paragraph.

13      36.    Bryant admits that he had an agreement with MGA and the terms of

14  that agreement speak for themselves. Bryant denies all remaining allegations of

15  this paragraph.

16      37.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18      38.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20      39.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22      40.    Bryant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of this paragraph, and on that basis denies them.

24      41.    Bryant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations of this paragraph, and on that basis denies them.

26      42.    Bryant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations of this paragraph, and on that basis denies them.

28      43.    Bryant lacks knowledge or information sufficient to form a belief as

6

EXHIBIT  7  PAGE  174

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2       44.    Bryant lacks knowledge or information sufficient to form a belief as

3   to the truth of the allegations of this paragraph, and on that basis denies them.

4       45.    Bryant lacks knowledge or information sufficient to form a belief as

5   to the truth of the allegations of this paragraph, and on that basis denies them.

6       46.    Bryant lacks knowledge or information sufficient to form a belief as

7   to the truth of the allegations of this paragraph, and on that basis denies them.

8       47.    Bryant lacks knowledge or information sufficient to form a belief as

9   to the truth of the allegations of this paragraph, and on that basis denies them.

10      48.    Bryant lacks knowledge or information sufficient to form a belief as

11  to the truth of the allegations of this paragraph, and on that basis denies them.

12      49.    Bryant lacks knowledge or information sufficient to form a belief as

13  to the truth of the allegations of this paragraph, and on that basis denies them.

14      50.    Bryant lacks knowledge or information sufficient to form a belief as

15  to the truth of the allegations of this paragraph, and on that basis denies them.

16      51.    Bryant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations of this paragraph, and on that basis denies them.

18      52.    Bryant lacks knowledge or information sufficient to form a belief as

19  to the truth of the allegations of this paragraph, and on that basis denies them.

20      53.    Bryant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations of this paragraph, and on that basis denies them.

22      54.    Bryant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations of this paragraph, and on that basis denies them.

24      55.    Bryant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations of this paragraph, and on that basis denies them.

26      56.    Bryant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations of this paragraph, and on that basis denies them.

28      57.    Bryant lacks knowledge or information sufficient to form a belief as

EXHIBIT __7__ PAGE __176__

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2      58.    Bryant lacks knowledge or information sufficient to form a belief as
3   to the truth of the allegations of this paragraph, and on that basis denies them.

4      59.    Bryant lacks knowledge or information sufficient to form a belief as
5   to the truth of the allegations of this paragraph, and on that basis denies them.

6      60.    Bryant lacks knowledge or information sufficient to form a belief as
7   to the truth of the allegations of this paragraph, and on that basis denies them.

8      61.    Bryant lacks knowledge or information sufficient to form a belief as
9   to the truth of the allegations of this paragraph, and on that basis denies them.

10      62.    Bryant lacks knowledge or information sufficient to form a belief as
11   to the truth of the allegations of this paragraph, and on that basis denies them.

12      63.    Bryant lacks knowledge or information sufficient to form a belief as
13   to the truth of the allegations of this paragraph, and on that basis denies them.

14      64.    Bryant lacks knowledge or information sufficient to form a belief as
15   to the truth of the allegations of this paragraph, and on that basis denies them.

16      65.    Bryant lacks knowledge or information sufficient to form a belief as
17   to the truth of the allegations of this paragraph, and on that basis denies them.

18      66.    Bryant lacks knowledge or information sufficient to form a belief as
19   to the truth of the allegations of this paragraph, and on that basis denies them.

20      67.    Bryant lacks knowledge or information sufficient to form a belief as
21   to the truth of the allegations of this paragraph, and on that basis denies them.

22      68.    Bryant lacks knowledge or information sufficient to form a belief as
23   to the truth of the allegations of this paragraph, and on that basis denies them.

24      69.    Bryant lacks knowledge or information sufficient to form a belief as
25   to the truth of the allegations of this paragraph, and on that basis denies them.

26      70.    Bryant lacks knowledge or information sufficient to form a belief as
27   to the truth of the allegations of this paragraph, and on that basis denies them.

28      71.    Bryant lacks knowledge or information sufficient to form a belief as

8

404479.01

EXHIBIT ___7___ PAGE ___196___

1   to the truth of the allegations of this paragraph, and on that basis denies them.

2   72.   Bryant lacks knowledge or information sufficient to form a belief as
3   to the truth of the allegations of this paragraph, and on that basis denies them.

4   73.   Bryant lacks knowledge or information sufficient to form a belief as
5   to the truth of the allegations of this paragraph, and on that basis denies them.

6   74.   Bryant lacks knowledge or information sufficient to form a belief as
7   to the truth of the allegations of this paragraph, and on that basis denies them.

8   75.   Bryant lacks knowledge or information sufficient to form a belief as
9   to the truth of the allegations of this paragraph, and on that basis denies them.

10   76.   Bryant lacks knowledge or information sufficient to form a belief as
11   to the truth of the allegations of this paragraph, and on that basis denies them.

12   77.   Bryant lacks knowledge or information sufficient to form a belief as
13   to the truth of the allegations of this paragraph, and on that basis denies them.

14   78.   Bryant lacks knowledge or information sufficient to form a belief as
15   to the truth of the allegations of this paragraph, and on that basis denies them.

16   79.   Bryant lacks knowledge or information sufficient to form a belief as
17   to the truth of the allegations of this paragraph, and on that basis denies them.

18   80.   Bryant lacks knowledge or information sufficient to form a belief as
19   to the truth of the allegations of this paragraph, and on that basis denies them.

20   81.   Bryant lacks knowledge or information sufficient to form a belief as
21   to the truth of the allegations of this paragraph, and on that basis denies them.

22   **Mattel's First Counterclaim**

23   82.   Bryant repeats and realleges his answers to paragraphs 1 through 81
24   above, as though fully set forth here at length.  Bryant denies any allegations not
25   expressly admitted.

26   83.   Bryant denies the allegations of this paragraph.

27   84.   Bryant denies the allegations of this paragraph.

28   85.   Bryant denies the allegations of this paragraph.

404479.01

EXHIBIT ___7___ PAGE ___177___

86.   Bryant denies the allegations of this paragraph.

87.   Bryant denies the allegations of this paragraph.

### Mattel's Second Counterclaim

88.   Bryant repeats and realleges its answers to paragraphs 1 through 87 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

89.   Bryant denies the allegations of this paragraph.

90.   Bryant denies the allegations of this paragraph.

91.   Bryant denies the allegations of this paragraph.

92.   Bryant denies the allegations of this paragraph.

93.   Bryant denies the allegations of this paragraph, including the allegations of all of its sub-paragraphs.

94.   Bryant denies the allegations of this paragraph.

95.   Bryant denies the allegations of this paragraph.

96.   Bryant denies the allegations of this paragraph.

97.   Bryant denies the allegations of this paragraph.

### Mattel's Third Counterclaim

98.   Bryant repeats and realleges its answers to paragraphs 1 through 97 above, as though fully set forth here at length.  Bryant denies any allegations not expressly admitted.

99.   Bryant denies the allegations of this paragraph.

100.  Bryant denies the allegations of this paragraph.

101.  Bryant denies the allegations of this paragraph.

102.  Bryant denies the allegations of this paragraph.

103.  Bryant denies the allegations of this paragraph.

104.  Bryant denies the allegations of this paragraph.

105.  Bryant denies the allegations of this paragraph.

10

404479.01

EXHIBIT 1   PAGE 178

1

**Mattel's Fourth Counterclaim**

2    106.   Bryant repeats and realleges its answers to paragraphs 1 through 105
3    above, as though fully set forth here at length.  Bryant denies any allegations not
4    expressly admitted.

5    107.   Bryant denies the allegations of this paragraph.

6    108.   Bryant denies the allegations of this paragraph.

7    109.   Bryant denies the allegations of this paragraph.

8    110.   Bryant denies the allegations of this paragraph.

9    111.   Bryant denies the allegations of this paragraph.

10    112.   Bryant denies the allegations of this paragraph.

11    113.   Bryant denies the allegations of this paragraph.

12    114.   Bryant denies the allegations of this paragraph.

13    115.   Bryant denies the allegations of this paragraph.

14    **Mattel's Fifth Counterclaim**

15    116.   Bryant repeats and realleges its answers to paragraphs 1 through 115
16    above, as though fully set forth here at length.  Bryant denies any allegations not
17    expressly admitted.

18    117.   Bryant denies the allegations of this paragraph.

19    118.   Bryant denies the allegations of this paragraph.

20    119.   Bryant denies the allegations of this paragraph.

21    120.   Bryant denies the allegations of this paragraph.

22    121.   Bryant denies the allegations of this paragraph.

23    **Mattel's Sixth Counterclaim**

24    122.   Bryant repeats and realleges its answers to paragraphs 1 through 122
25    above, as though fully set forth here at length.  Bryant denies any allegations not
26    expressly admitted.

27    123.   Bryant denies the allegations of this paragraph.

28    124.   Bryant denies the allegations of this paragraph.

404479.01

CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS
CASE NO. CV 04-09049 SGL (RNBx)

EXHIBIT __7__ PAGE __179__

125. Bryant denies the allegations of this paragraph.

126. Bryant denies the allegations of this paragraph.

127. Bryant denies the allegations of this paragraph.

128. Bryant denies the allegations of this paragraph.

### Mattel's Seventh Counterclaim

129. Bryant repeats and realleges its answers to paragraphs 1 through 128 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

130. Bryant denies the allegations of this paragraph.

131. Bryant denies the allegations of this paragraph.

132. Bryant denies the allegations of this paragraph.

133. Bryant denies the allegations of this paragraph.

134. Bryant denies the allegations of this paragraph.

135. Bryant denies the allegations of this paragraph.

### Mattel's Eighth Counterclaim

136. Bryant repeats and realleges its answers to paragraphs 1 through 135 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

137. Bryant denies the allegations of this paragraph.

138. Bryant denies the allegations of this paragraph.

139. Bryant denies the allegations of this paragraph.

140. Bryant denies the allegations of this paragraph.

141. Bryant denies the allegations of this paragraph.

### Mattel's Ninth Counterclaim

142. Bryant repeats and realleges its answers to paragraphs 1 through 141 above, as though fully set forth here at length. Bryant denies any allegations not expressly admitted.

143. Bryant denies the allegations of this paragraph.

1    144.  Bryant denies the allegations of this paragraph.

2    145.  Bryant denies the allegations of this paragraph.

3    146.  Bryant denies the allegations of this paragraph.

4    147.  Bryant denies the allegations of this paragraph.

5    148.  Bryant denies the allegations of this paragraph

6    **Mattel's Tenth Counterclaim**

7    149.  Bryant repeats and realleges its answers to paragraphs 1 through 148

8 above, as though fully set forth here at length.  Bryant denies any allegations not

9 expressly admitted.

10    150.  Bryant denies the allegations of this paragraph.

11    151.  Bryant denies the allegations of this paragraph.

12    152.  Bryant denies the allegations of this paragraph.

13    153.  Bryant denies the allegations of this paragraph.

14    154.  Bryant denies the allegations of this paragraph.

15    **Mattel's Eleventh Counterclaim**

16    155.  Bryant repeats and realleges its answers to paragraphs 1 through 154

17 above, as though fully set forth here at length.  Bryant denies any allegations not

18 expressly admitted.

19    156.  Bryant denies the allegations of this paragraph.

20    157.  Bryant denies the allegations of this paragraph.

21    158.  Bryant denies the allegations of this paragraph.

22    159.  Bryant denies the allegations of this paragraph.

23    160.  Bryant denies the allegations of this paragraph.

24    161.  Bryant denies the allegations of this paragraph.

25    162.  Bryant denies the allegations of this paragraph.

26    **Mattel's Twelfth Counterclaim**

27    163.  Bryant repeats and realleges its answers to paragraphs 1 through 162

28 above, as though fully set forth here at length.  Bryant denies any allegations not

1  expressly admitted.

2      164.   Bryant admits the allegation of this paragraph regarding the contents

3  of section 17200 of the California Business and Professions Code, but denies that

4  Mattel is entitled to any relief or recovery whatsoever on its claims.

5      165.   Bryant denies the allegations of this paragraph.

6      166.   Bryant denies the allegations of this paragraph.

### Mattel's Thirteenth Counterclaim

8      167.   Bryant repeats and realleges its answers to paragraphs 1 through 166

9  above, as though fully set forth here at length.  Bryant denies any allegations not

10  expressly admitted.

11      168.   Bryant admits that an actual controversy exists between the parties,

12  because of Mattel's campaign of harassing litigation, but denies all other

13  allegations of this paragraph, and denies that Mattel is entitled to any relief or

14  recovery whatsoever.

15      169.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

16  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

17  to any relief or recovery whatsoever.

18      170.   Bryant admits that Mattel seeks the relief recited in this paragraph, but

19  denies all remaining allegations of this paragraph, and denies that Mattel is entitled

20  to any relief or recovery whatsoever.

### Prayer for Relief

22      This section of Mattel's counterclaims contains no factual allegations, and

23  requires no response.  Bryant denies that Mattel is entitled to any relief whatsoever,

24  and respectfully requests judgment dismissing Mattel's counterclaims with

25  prejudice and with costs and attorneys' fees to Bryant, as may be allowed by law,

26  and whatever other relief to Bryant the Court deems appropriate.

27      Except as specifically admitted above, Bryant denies each and every

28  allegation in Mattel's counterclaims.

14

404479.01

EXHIBIT __7__ PAGE __182__

## Affirmative Defenses

Bryant states the following affirmative defenses, but does so without assuming the burden of proof on any defense or issue for which that burden rests with Mattel or any other party, and without admitting any wrongful conduct by any defendant or that Mattel has any right to relief of any kind:

### First Affirmative Defense (Unclean Hands)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of unclean hands. Mattel's conduct towards Bryant and MGA regarding the matters at issue in this litigation has been unfair, and Mattel is undeserving of any relief against Bryant. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later.

### Second Affirmative Defense (Waiver)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of waiver. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel was aware of the relevant facts regarding Mr. Bryant's work for MGA, but intentionally waived and chose to forgo asserting any rights over the Bratz dolls until years later. Mattel has also tolerated conduct by other employees similar to the alleged conduct by Bryant on which Mattel now bases its contract and related claims.

### Third Affirmative Defense (Estoppel)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of estoppel. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls, and was thus apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Mattel either intended that its conduct would be acted upon by Bryant to continue working for a competitor, or Mattel acted in such a way that Bryant had a right to believe it was so intended. Bryant was unaware that Mattel asserted any right over the Bratz dolls or that Mattel would claim that his work for MGA was improper. Should Mattel prevail in this litigation, Bryant would have relied on Mattel's conduct to his detriment. Accordingly, Mattel should be estopped from belatedly raising its claims.

### Fourth Affirmative Defense (Laches)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of laches. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and Mattel shortly thereafter began investigating what it suspected to be wrongdoing in connection with the Bratz dolls. Mattel thus was apprised of the relevant facts. Yet, Mattel waited and said nothing while the dolls were successfully (and at great cost) developed, manufactured and sold, and only filed suit years later. Accordingly, laches should bar Mattel from belatedly raising its claims.

### Fifth Affirmative Defense (Consent)

Mattel's counterclaims, and each claim for relief, are barred by the equitable doctrine of consent. In particular, Mattel believed from the time that Bryant left Mattel's employ that he was going to perform work for a Mattel competitor, and

16

404479.01

EXHIBIT __7__ PAGE _184_

1  Mattel shortly thereafter began investigating what it suspected to be wrongdoing in

2  connection with the Bratz dolls.    Mattel thus was apprised of the relevant facts.

3  Yet, Mattel waited and said nothing while the dolls were successfully (and at great

4  cost) developed, manufactured and sold, and only filed suit years later.  Mattel has

5  also tolerated conduct by other employees similar to the alleged conduct by Bryant

6  on which Mattel now bases its contract and related claims.

### Sixth Affirmative Defense (Statute of Limitations)

8  Mattel's counterclaims, and each claim for relief, are barred by the

9  applicable statutes of limitations, including but not limited to Code of Civil

10  Procedure §§ 337, 339, 343, and 338(c).

### Seventh Affirmative Defense (Failure to Mitigate Damages)

12  With respect to any alleged damages (the existence of which Bryant denies),

13  Mattel failed to mitigate its damages.  For example, Mattel believed from the time

14  that Bryant left Mattel's employ that he was going to perform work for a Mattel

15  competitor.  However, Mattel failed to take action to minimize any alleged

16  damages that arose from Bryant's work for said competitor.

### Eighth Affirmative Defense (Lack of Causation)

18  Any losses or harms allegedly sustained by Mattel resulted from causes

19  other than any act or omission of Bryant, including but not limited to Mattel's own

20  acts or omissions.  For example, Mattel believed from the time that Bryant left

21  Mattel's employ that he was going to perform work for a Mattel competitor.

22  However, Mattel failed to take action to minimize any alleged damages that arose

23  from Bryant's work for said competitor.

### Ninth Affirmative Defense (Lack of Standing)

25  Mattel's counterclaims are barred in whole or in part by its lack of standing,

26  in that Mattel does not own any valid copyright interests in the copyrights that it

27  seeks to assert against Bryant.  In particular, Mattel does not own any valid

28  copyright interest in the following copyrights it seeks to assert against Bryant:  VA

1   1-378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

2   378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

3   378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

4   715-273.

5   ## Tenth Affirmative Defense (Information Readily Ascertainable)

6   Bryant cannot be liable, either on his own account or by association with

7   MGA or other defendants, for alleged misappropriation of information that was

8   readily ascertainable by proper means at the time of the alleged acquisition or use.

9   Such information includes, but is not limited to, the identity of hair manufacturers.

10   ## Eleventh Affirmative Defense (Lack of Ownership)

11   Mattel is neither the legal nor beneficial owner in the copyrights purportedly

12   at issue, including the following copyrights which Mattel purports to own:  VA 1-

13   378-648, VA 1-378-649, VA 1-378-650, VA 1-378-651, VA 1-378-652, VA 1-

14   378-653, VA 1-378-654, VA 1-378-655, VA 1-378-656, VA 1-378-657, VA 1-

15   378-658, VA 1-378-659, VA 1-378-660, VAu 715-270, VAu 715-271, and VAu

16   715-273.

17   ## Twelfth Affirmative Defense (Copyright Invalidity)

18   Mattel's purported copyrights, including VA 1-378-648, VA 1-378-649, VA

19   1-378-650, VA 1-378-651, VA 1-378-652, VA 1-378-653, VA 1-378-654, VA 1-

20   378-655, VA 1-378-656, VA 1-378-657, VA 1-378-658, VA 1-378-659, VA 1-

21   378-660, VAu 715-270, VAu 715-271, and VAu 715-273, are invalid.

22   ## Thirteenth Affirmative Defense (No Statutory Damages or Attorney's Fees)

23   Mattel is barred from recovering statutory damages and/or attorneys' fees

24   because it failed to register the copyrights that are purportedly at issue within the

25   time required by 17 U.S.C. § 412.

26   ## Fourteenth Affirmative Defense (Joinder in Defenses of Co-Defendants)

27   Bryant hereby adopts and incorporates by this reference any and all other

28   affirmative defenses that have been or will be asserted by any other defendant

1  (including MGA) in this litigation to the extent that defendants may share in such

2  affirmative defenses.

3

4      Bryant has not knowingly and intentionally waived any applicable

5  affirmative defense and reserves the right to raise additional affirmative defenses

6  as they become known to him through discovery in this litigation.  In stating the

7  above affirmative defenses, Bryant also does not in any way waive or limit any

8  defenses raised by its denials of Mattel's allegations above.  Bryant further

9  reserves the right to amend his answer and/or affirmative defenses accordingly

10  and/or to delete affirmative defenses that he determines during later discovery are

11  not applicable.

12                              **Prayer for Relief**

13      WHEREFORE, Bryant respectfully requests relief as follows:

14      1.      That Mattel's counterclaims be dismissed with prejudice;

15      2.      That Mattel take nothing by its counterclaims;

16      3.      That Mattel's request for injunctive and other equitable relief be

17  denied;

18      4.      That Bryant be awarded the cost of this litigation, including

19  reasonable attorneys' fees and interest; and

20      5.      That Bryant receive such other relief as the Court may deem proper.

21

22                              Respectfully submitted,

23  Dated: October 16, 2007          KEKER & VAN NEST, LLP

24

25

26  By: _____
                                    CHRISTA M. ANDERSON
27                                  Attorneys for Plaintiff
                                    CARTER BRYANT
28

EXHIBIT __7__ PAGE __187__

1

## DEMAND FOR JURY TRIAL

2

3   Bryant respectfully requests a trial by jury for all issues so triable.

4

5   Dated:  October 16, 2007                   KEKER & VAN NEST, LLP

6

7                                        By: _____

8                                            CHRISTA M. ANDERSON
                                             Attorneys for Plaintiff
9                                            CARTER BRYANT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT  7  PAGE 168

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On October 16, 2007, I served the following document(s):

**CARTER BRYANT'S SECOND AMENDED REPLY TO MATTEL'S COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery.

| | |
|---|---|
| John B. Quinn | Thomas J. Nolan |
| Michael T. Zeller | Skadden Arps Slate Meagher & Flom |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | 300 South Grand Avenue, Suite 3400 |
| | Los Angeles, CA 90071-3144 |
| 865 South Figueroa Street, 10th Floor | Tel: 213/687-5000 |
| Los Angeles, CA 90017-2543 | Fax: 213/687-5600 |
| Tel: 213/443-3000 | tnolan@skadden.com |
| Fax: 213/443-3100 | |
| johnquinn@quinnemanuel.com | |
| michaelzeller@quinnemanuel.com | |

Executed on October 16, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Julie A. Selby_
JULIE A. SELBY

.

# EXHIBIT 8

DALE M. CENDALI (*admitted pro hac vice*)
DIANA M. TORRES (S.B. #162284)
MARC F. FEINSTEIN (S.B. #158901)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California  90067
Telephone:   (310) 553-3000
Facsimile:   (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Counter-defendants MGA
Entertainment, Inc., Isaac Larian, MGA
Entertainment (HK) Limited, and MGAE de
Mexico S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant<br><br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 05-2727 SGL (RNBx)<br>(Consolidated with CV 04-09049 and CV 04-9059)<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**<br><br>Judge:     Hon. Stephen G. Larson<br>Courtroom:  1 |

EXHIBIT 8 PAGE 190

1     Counter-defendants MGA Entertainment, Inc. ("MGA"), MGA

2  Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively

3  the "MGA Defendants") hereby answer, for themselves alone, the Second

4  Amended Answer and Counterclaim of Counter-claimant Mattel Inc., as follows:

5     As a preliminary matter, Mattel's use of headings throughout its

6  counterclaims is improper, and therefore no response to Mattel's headings is

7  required.  If any response is required, MGA Defendants deny all allegations

8  contained in Mattel's headings.

9                 **RESPONSES**

10     1.    MGA Defendants deny the allegations set forth in paragraph 1.

11     2.    MGA Defendants deny the allegations set forth in paragraph 2.

12     3.    MGA Defendants admit that MGA decided to expand into

13  Mexico in or about 2004, and deny the remaining allegations set forth in paragraph

14  3.

15     4.    MGA Defendants deny the allegations set forth in paragraph 4.

16     5.    MGA Defendants deny the allegations set forth in paragraph 5.

17     6.    MGA Defendants admit that the Court has federal question

18  jurisdiction over this action pursuant to 28 U.S.C. § 1331, deny that 17 U.S.C. §§

19  101 and 18 U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the

20  Counterclaims, and deny that Mattel is entitled to any relief on its Counterclaims.

21     7.    MGA Defendants admit that venue is proper in this District for

22  Mattel's claims based on conduct alleged to have occurred within this District and

23  deny that venue is proper in this District for acts alleged to have occurred in

24  Mexico, Canada, Hong Kong, or other places outside of this District.

25     8.    MGA Defendants admit the allegations set forth in paragraph 8.

26     9.    MGA Defendants admit the allegations set forth in the first and

27  second sentences of paragraph 9, and deny the remaining allegations set forth in

28  paragraph 9.

EXHIBIT __9__ PAGE __191__

1          10.    MGA Defendants admit the allegations set forth in paragraph

2   10.

3          11.    MGA Defendants admit the allegations set forth in the first

4   sentence of paragraph 11, and deny the remaining allegations set forth in paragraph

5   11.

6          12.    MGA Defendants admit the allegations set forth in paragraph

7   12.

8          13.    MGA Defendants admit the allegations set forth in the first

9   sentence of paragraph 13, and deny the remaining allegations set forth in paragraph

10  13.

11         14.    MGA Defendants admit the allegations set forth in paragraph

12  14.

13         15.    Paragraph 15 is a statement of Mattel's legal position, to which

14  no response is necessary.  To the extent a response is required, MGA Defendants

15  deny the allegations set forth in paragraph 15.

16         16.    MGA Defendants admit the allegations set forth in the first

17  sentence of paragraph 16.  MGA Defendants are without sufficient knowledge to

18  admit or deny the remaining allegations set forth in paragraph 16, and on that basis,

19  deny the remaining allegations set forth in paragraph 16.

20         17.    MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 17, and on that basis, deny the

22  allegations set forth in paragraph 17.

23         18.    MGA Defendants are without sufficient knowledge to admit or

24  deny the allegations set forth in paragraph 18, and on that basis, deny the

25  allegations set forth in paragraph 18.

26         19.    MGA Defendants admit that MGA is a toy manufacturer, that

27  MGA began as a consumer electronics business and expanded into the toy business

28  with licenses to sell handheld electronic games, and later expanded its business by

EXHIBIT __8__ PAGE __192__

1  launching the Bratz fashion doll line, and deny the remaining allegations set forth in
2  paragraph 19.

3        20.    MGA Defendants deny the allegations set forth in paragraph 20.

4        21.    MGA Defendants admit that Carter Bryant is a former employee
5  of Mattel, and state that they are without sufficient knowledge to admit or deny the
6  remaining allegations set forth in paragraph 21, and on that basis, deny the
7  remaining allegations set forth in paragraph 21.

8        22.    MGA Defendants are without sufficient knowledge to admit or
9  deny the allegations set forth in paragraph 22, and on that basis, deny the
10 allegations set forth in paragraph 22.

11       23.    MGA Defendants are without sufficient knowledge to admit or
12 deny the allegations set forth in paragraph 23, and on that basis, deny the
13 allegations set forth in paragraph 23.

14       24.    MGA Defendants are without sufficient knowledge to admit or
15 deny the allegations set forth in paragraph 24, and on that basis, deny the
16 allegations set forth in paragraph 24.

17       25.    MGA Defendants are without sufficient knowledge to admit or
18 deny the allegations set forth in paragraph 25, and on that basis, deny the
19 allegations set forth in paragraph 25.

20       26.    MGA Defendants deny the allegations set forth in paragraph 26.
21       27.    MGA Defendants deny the allegations set forth in paragraph 27.
22       28.    MGA Defendants deny the allegations set forth in paragraph 28.
23       29.    MGA Defendants deny the allegations set forth in paragraph 29.
24       30.    MGA Defendants admit that after MGA made the decision to
25 proceed with the manufacture of the Bratz dolls, MGA employees communicated
26 with employees of MGA Entertainment (HK) Limited on subjects including the
27 manufacturing of Bratz, and deny the remaining allegations set forth in the first
28

LA2:841935.2

-4-

EXHIBIT  8  PAGE  193

1  sentence of paragraph 30.  MGA Defendants admit the second sentence of
2  paragraph 30.

3       31.    MGA Defendants admit that samples of the four original Bratz
4  dolls were shown at the Hong Kong Toy Fair in January 2001, and deny the
5  remaining allegations set forth in paragraph 31.

6       32.    MGA Defendants admit that MGA and its subsidiaries have
7  distributed and sold Bratz and Bratz-related products in many countries throughout
8  the world, that MGA and its subsidiaries have licensed Bratz to third parties, that
9  MGA has derived annual revenues from its sales and licenses of Bratz in excess of
10 $500 million, that MGA and its subsidiaries continue to market, sell and license
11 Bratz and intend to continue to do so, and deny the remaining allegations set forth
12 in paragraph 32.

13       33.    MGA Defendants deny the allegations set forth in paragraph 33.
14       34.    MGA Defendants deny the allegations set forth in paragraph 34.
15       35.    MGA Defendants deny the allegations set forth in paragraph 35.
16       36.    MGA Defendants admit that Bryant had an agreement with
17 MGA, state that the terms of the agreement speak for themselves, and deny the
18 remaining allegations set forth in paragraph 36.

19       37.    MGA Defendants admit that in or about late 2003 or early 2004,
20 MGA decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to
21 conduct business in Mexico, admit that MGAE de Mexico hired three employees of
22 Mattel's Mexican subsidiary, and deny the remaining allegations set forth in
23 paragraph 37.

24       38.    MGA Defendants admit that Carlos Gustavo Machado Gomez
25 was a Marketing Manager, Boys Division, for Mattel Mexico, admit that Machado
26 was employed at Mattel Mexico from April 1997 until April 19, 2004, admit that
27 Machado had access to some nonpublic business information of Mattel Mexico, and
28 state that they are without sufficient knowledge to admit or deny the remaining

LA2:841935.2                          - 5 -

EXHIBIT __8__ PAGE __194__

1  allegations set forth in paragraph 38, and on that basis, deny the remaining

2  allegations set forth in paragraph 38.

3       39.    MGA Defendants admit that Mariana Trueba Almada was a

4  Marketing Manager, Girls Division, for Mattel Mexico, admit that Trueba had

5  access to some nonpublic business information of Mattel Mexico, and state that

6  they are without sufficient knowledge to admit or deny the remaining allegations

7  set forth in paragraph 39, and on that basis, deny the remaining allegations set forth

8  in paragraph 39.

9       40.    MGA Defendants admit that Pablo Vargas San Jose was a Trade

10  Marketing Manager for Mattel Mexico, admit that Vargas was employed at Mattel

11  Mexico from March 2001 until April 19, 2004, admit that Vargas had access to

12  some nonpublic business information of Mattel Mexico, and state that they are

13  without sufficient knowledge to admit or deny the remaining allegations set forth in

14  paragraph 40, and on that basis, deny the remaining allegations set forth in

15  paragraph 40.

16       41.    MGA Defendants admit that in or about early 2004, Machado,

17  Trueba and Vargas discussed leaving Mattel Mexico, admit that Machado, Trueba

18  and Vargas resigned from Mattel Mexico on April 19, 2004, admit that they did not

19  identify their new employer to Mattel Mexico, admit that Machado, Trueba and

20  Vargas were offered and accepted employment with MGAE de Mexico, and deny

21  the remaining allegations set forth in paragraph 41.

22       42.    MGA Defendants admit that MGA personnel communicated by

23  telephone with Machado and Vargas prior to their Mattel resignations, admit that

24  MGA personnel, including Isaac Larian, communicated by e-mail with Machado

25  and Vargas concerning terms of employment through an America Online e-mail

26  account with the address <plot04@aol.com>, and deny the remaining allegations

27  set forth in paragraph 42.

28

LA2:841935.2

-6-

EXHIBIT  **8**  PAGE **195**

43.   MGA Defendants admit that in or about March 2004, Machado, Trueba, and Vargas made plans to travel from Mexico to Los Angeles in April 2004, admit that in or about March 2004, Machado, Trueba and Vargas discussed with MGA personnel, including Larian, employment at MGAE de Mexico, state that the quoted <plot04@aol.com> e-mails speak for themselves, and deny the remaining allegations set forth in paragraph 43.

44.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 44, and on that basis, deny the allegations set forth in paragraph 44.

45.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 45, and on that basis, deny the allegations set forth in paragraph 45.

46.   MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 46, and on that basis, deny the allegations set forth in paragraph 46.

47.   MGA Defendants are without sufficient knowledge to admit or deny the allegation set forth in the third sentence of paragraph 47, and on that basis, deny these allegations, and deny the remaining allegations set forth in paragraph 47.

48.   MGA Defendants deny the allegations set forth in paragraph 48.

49.   MGA Defendants deny the allegations set forth in paragraph 49.

50.   MGA Defendants are without sufficient knowledge to admit or deny the allegation that MGA publicized a claim that, in 2005, it had increased its Mexican market share by 90% over the prior year, and on that basis, deny this allegation, and deny the remaining allegations set forth in paragraph 50.

51.   MGA Defendants deny the allegations set forth in paragraph 51.

52.   MGA Defendants deny the allegations set forth in paragraph 52.

53.   MGA Defendants admit that on October 27, 2005, Mexican authorities searched MGAE de Mexico and seized certain documents, and state that

EXHIBIT __8__ PAGE __196__

1  they are without sufficient knowledge to admit or deny the remaining allegations

2  set forth in paragraph 53, and on that basis, deny the remaining allegations set forth

3  in paragraph 53.

4      54.    MGA Defendants admit that Machado was transferred from

5  MGAE de Mexico to MGA's office in Van Nuys, California, admit that Machado

6  resides in the County of Los Angeles, and deny the remaining allegations set forth

7  in paragraph 54.

8      55.    MGA Defendants admit the allegations set forth in the first

9  sentence of paragraph 55. MGA Defendants admit that Tyco Toys hired Brawer on

10  April 22, 1996, and state that they are without sufficient knowledge to admit or

11  deny the remaining allegations set forth in the second sentence of paragraph 55, and

12  on that basis, deny the remaining allegations set forth in the second sentence of

13  paragraph 55. MGA Defendants admit the allegations set forth in third sentence of

14  paragraph 55. MGA Defendants admit that on April 9, 1997, Brawer became a

15  Marketing Director for Mattel in Mount Laurel, New Jersey, and state that the

16  remaining allegations in the fourth sentence of paragraph 55 are a statement of

17  Mattel's legal position, to which no response is necessary. To the extent a response

18  is required, MGA Defendants deny the remaining allegations set forth in paragraph

19  55.

20      56.    MGA Defendants are without sufficient knowledge to admit or

21  deny the allegations set forth in paragraph 56, and on that basis, deny the

22  allegations set forth in paragraph 56. The last sentence of paragraph 56 is a

23  statement of Mattel's legal position, to which no response is necessary. To the

24  extent a response is required, MGA Defendants deny the remaining allegations set

25  forth in paragraph 56.

26      57.    MGA Defendants admit that by 2003, Brawer had advanced

27  within Mattel to a Senior Vice President position over customer marketing, and

28  state that the remaining allegations in the first sentence of paragraph 57 are a

EXHIBIT __8__ PAGE 197

1  statement of Mattel's legal position, to which no response is necessary. To the

2  extent a response is required, MGA Defendants deny the remaining allegations set

3  forth in the first sentence of paragraph 57. MGA Defendants admit that in his

4  executive position, Brawer was provided access to certain nonpublic Mattel

5  information.

6       58.   MGA Defendants admit the allegations set forth in the first

7  sentence of paragraph 58. MGA Defendants deny the allegations set forth in the

8  second sentence of paragraph 58. MGA Defendants are without sufficient

9  knowledge to admit or deny the remaining allegations set forth in paragraph 58, and

10  on that basis, deny the remaining allegations set forth in paragraph 58.

11       59.   MGA Defendants are without sufficient knowledge to admit or

12  deny the allegations set forth in paragraph 59, and on that basis, deny the

13  allegations set forth in paragraph 59.

14       60.   MGA Defendants admit that in April 2004, Mattel made Brawer

15  a Senior Vice President/General Manager, and state that they are without sufficient

16  knowledge to admit or deny the remaining allegations set forth in paragraph 60, and

17  on that basis, deny the remaining allegations set forth in paragraph 60.

18       61.   MGA Defendants admit that in May 2004, Brawer began

19  performing General Manager duties, working with one of Mattel's major retail

20  customer accounts, and state that they are without sufficient knowledge to admit or

21  deny the remaining allegations set forth in paragraph 61, and on that basis, deny the

22  remaining allegations set forth in paragraph 61.

23       62.   MGA Defendants admit the allegations set forth in the first

24  sentence of paragraph 62. MGA Defendants admit that as Brawer left, he carried a

25  large cardboard box, and deny the remaining allegations set forth in the second

26  sentence of paragraph 62. MGA Defendants state that they are without sufficient

27  knowledge to admit or deny the remaining allegations set forth in paragraph 62, and

28  on that basis, deny the remaining allegations set forth in paragraph 62.

EXHIBIT __8__ PAGE __198__

1     63.   MGA Defendants admit the allegations set forth in paragraph
2  63.

3     64.   MGA Defendants admit that on September 20, 2004, Mattel
4  hand-delivered a letter to Brawer, state that the contents of the letter speak for
5  themselves, and deny the remaining allegations set forth in paragraph 64.

6     65.   MGA Defendants admit that at his exit interview on September
7  29, 2004, Brawer was given a copy of an agreement with Tyco that he had signed
8  on April 22, 1996, and a copy of Mattel's Code of Conduct, admit that Brawer
9  stated that he had not signed the Code of Conduct, and deny the remaining
10  allegations set forth in paragraph 65.

11     66.   MGA Defendants admit that on October 1, 2004, Brawer's last
12  day of employment with Mattel, Mattel delivered a letter to Brawer, state that the
13  contents of the letter speak for themselves, and deny the remaining allegations set
14  forth in paragraph 66.

15     67.   MGA Defendants admit that Brawer became MGA's Executive
16  Vice President of Sales and Marketing, admit that he was responsible for sales
17  worldwide, admit that he had and continues to have responsibility for MGA's
18  accounts with some of the same retailers that he worked with while at Mattel, and
19  deny the remaining allegations set forth in paragraph 67.

20     68.   MGA Defendants admit that Brawer stated during his exit
21  interview that he had returned all confidential proprietary information to Mattel,
22  state that he did not provide copies of information from his personal contacts file,
23  and deny the remaining allegations set forth in paragraph 68.

24     69.   MGA Defendants admit that since leaving Mattel, Brawer has
25  had contacts with certain Mattel employees, both by telephone and electronic mail,
26  and deny the remaining allegations set forth in paragraph 69.

27     70.   MGA Defendants deny the allegations set forth in paragraph 70.
28

LA2:841935.2                          - 10 -

EXHIBIT  8  PAGE  199

71.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 71, and on that basis, deny the allegations set forth in paragraph 71.

72.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 72, and on that basis, deny the allegations set forth in paragraph 72.

73.    MGA Defendants admit that on September 26, 2005, Brisbois resigned from Mattel Canada, state that she took a position as Vice President of National Accounts at MGAE Canada, and deny the remaining allegations set forth in the first sentence of paragraph 73. MGA Defendants are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 73, and on that basis, deny the remaining allegations set forth in paragraph 73.

74.    MGA Defendants admit that Brisbois spoke with Isaac Larian by telephone on or about the evening of September 22, 2005, deny that Brisbois copied approximately 45 Mattel documents onto a USB or thumb drive on that same date, deny that Brisbois concealed the thumb drive the last time she left Mattel Canada's office, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 74, and on that basis, deny the remaining allegations set forth in paragraph 74.

75.    MGA Defendants are without sufficient knowledge to admit or deny the allegations set forth in paragraph 75, and on that basis, deny the allegations set forth in paragraph 75.

76.    MGA Defendants admit that Brisbois traveled several times to MGA's offices in Van Nuys, California and met with Larian and Brawer, that MGA issued a press release, state that the press release speaks for itself, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76 and, on that basis, deny the remaining allegations set forth in paragraph 76.

EXHIBIT __8__ PAGE __200__

77.    MGA Defendants admit that MGA has hired at least 25 employees directly from Mattel's United States operations in the past few years, and deny the remaining allegations set forth in paragraph 77.

78.    MGA Defendants deny the allegations set forth in the first sentence of paragraph 78. MGA Defendants admit that Larian has sent email messages to a "Bratz News" distribution list, admit that the recipients of e-mail messages sent to the "Bratz News" distribution list includes members of the media as well as representatives of customers of both MGA and Mattel, and deny the remaining allegations set forth in paragraph 78.

79.    MGA Defendants admit that on May 12, 2006, Larian sent an email message to the "Bratz News" distribution list that included a reference to the new My Scene product with real gems, and state that they are without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 79, and on that basis, deny the remaining allegations set forth in paragraph 79.

80.    MGA Defendants admit that Larian told one retailer that such retailer was the only retailer with plans to purchase MY SCENE BLING BLING with real gems, at a time when Larian had a good faith belief that such retailer was the only retailer with plans to purchase MY SCENE BLING BLING with real gems, and deny the remaining allegations set forth in paragraph 80.

81.    MGA Defendants deny the allegation set forth in paragraph 81.

82.    MGA Defendants repeat their responses contained in paragraphs 1 through 81 of this Answer and incorporate them by reference as though fully and completely set forth herein.

83.    MGA Defendants deny the allegations set forth in paragraph 83.

84.    MGA Defendants deny the allegations set forth in paragraph 84.

85.    MGA Defendants deny the allegations set forth in paragraph 85.

86.    MGA Defendants deny the allegations set forth in paragraph 86.

87.    MGA Defendants deny the allegations set forth in paragraph 87.

LA2:841935.2

- 12 -

EXHIBIT __8__ PAGE __201__

1          88.    MGA Defendants repeat their responses contained in paragraphs

2   1 through 87 of this Answer and incorporate them by reference as though fully and

3   completely set forth herein.

4          89.    MGA Defendants deny the allegations set forth in paragraph 89.

5          90.    MGA Defendants deny the allegations set forth in paragraph 90.

6          91.    MGA Defendants deny the allegations set forth in paragraph 91.

7          92.    MGA Defendants deny the allegations set forth in paragraph 92.

8          93.    MGA Defendants deny the allegations set forth in paragraph 93.

9          94.    MGA Defendants deny the allegations set forth in paragraph 94.

10         95.    MGA Defendants deny the allegations set forth in paragraph 95.

11         96.    MGA Defendants deny the allegations set forth in paragraph 96.

12         97.    MGA Defendants deny the allegations set forth in paragraph 97.

13         98.    MGA Defendants repeat their responses contained in paragraphs

14  1 through 97 of this Answer and incorporate them by reference as though fully and

15  completely set forth herein.

16         99.    MGA Defendants deny the allegations set forth in paragraph 99.

17         100.   MGA Defendants deny the allegations set forth in paragraph

18  100.

19         101.   MGA Defendants deny the allegations set forth in paragraph

20  101.

21         102.   MGA Defendants deny the allegations set forth in paragraph

22  102.

23         103.   MGA Defendants deny the allegations set forth in paragraph

24  103.

25         104.   MGA Defendants deny the allegations set forth in paragraph

26  104.

27         105.   MGA Defendants deny the allegations set forth in paragraph

28  105.

LA2:841935.2                              - 13 -

EXHIBIT __8__ PAGE __202__

106.   MGA Defendants repeat their responses contained in paragraphs 1 through 105 of this Answer and incorporate them by reference as though fully and completely set forth herein.

107.   MGA Defendants deny the allegations set forth in paragraph 107.

108.   MGA Defendants deny the allegations set forth in paragraph 108.

109.   MGA Defendants deny the allegations set forth in paragraph 109.

110.   MGA Defendants deny the allegations set forth in paragraph 110.

111.   MGA Defendants deny the allegations set forth in paragraph 111.

112.   MGA Defendants deny the allegations set forth in paragraph 112.

113.   MGA Defendants deny the allegations set forth in paragraph 113.

114.   MGA Defendants deny the allegations set forth in paragraph 114.

115.   MGA Defendants deny the allegations set forth in paragraph 115.

116.   MGA Defendants repeat their responses contained in paragraphs 1 through 115 of this Answer and incorporate them by reference as though fully and completely set forth herein.

117.   MGA Defendants deny the remaining allegations set forth in paragraph 117.

118.   MGA Defendants deny the allegations set forth in paragraph 118.

LA2:841935.2

- 14 -

EXHIBIT __8__ PAGE 203

1          119.  MGA Defendants deny the allegations set forth in paragraph

2  119.

3          120.  MGA Defendants deny the allegations set forth in paragraph

4  120.

5          121.  MGA Defendants deny the allegations set forth in paragraph

6  121.

7          122.  MGA Defendants repeat their responses contained in paragraphs

8  1 through 121 of this Answer and incorporate them by reference as though fully and

9  completely set forth herein.

10         123.  MGA Defendants deny the allegations set forth in paragraph

11  123.

12         124.  MGA Defendants deny the allegations set forth in paragraph

13  124.

14         125.  MGA Defendants deny the allegations set forth in paragraph

15  125.

16         126.  MGA Defendants deny the allegations set forth in paragraph

17  126.

18         127.  MGA Defendants deny the allegations set forth in paragraph

19  127.

20         128.  MGA Defendants deny the allegations set forth in paragraph

21  128.

22         129.  MGA Defendants repeat their responses contained in paragraphs

23  1 through 128 of this Answer and incorporate them by reference as though fully and

24  completely set forth herein.

25         130.  The first and fifth sentences of paragraph 130 are statements of

26  Mattel's legal position, to which no response is necessary.  To the extent a response

27  is required, MGA Defendants deny the allegations set forth in the first and fifth

28  sentences of paragraph 130.  MGA Defendants are without sufficient knowledge to

LA2:841935.2        - 15 -

EXHIBIT __8__ PAGE _204_

1  admit or deny the remaining allegations set forth in paragraph 130, and on that
2  basis, deny the remaining allegations set forth in  paragraph 130.

3          131.  MGA Defendants deny the allegations set forth in paragraph
4  131.

5          132.  MGA Defendants deny the allegations set forth in paragraph
6  132.

7          133.  MGA Defendants deny the allegations set forth in paragraph
8  133.

9          134.  MGA Defendants deny the allegations set forth in paragraph
10  134.

11          135.  MGA Defendants deny the allegations set forth in paragraph
12  135.

13          136.  MGA Defendants repeat their responses contained in paragraphs
14  1 through 135 of this Answer and incorporate them by reference as though fully and
15  completely set forth herein.

16          137.  MGA Defendants deny the allegations set forth in paragraph
17  137.

18          138.  MGA Defendants deny the allegations set forth in paragraph
19  138.

20          139.  MGA Defendants deny the allegations set forth in paragraph
21  139.

22          140.  MGA Defendants deny the allegations set forth in paragraph
23  140.

24          141.  MGA Defendants deny the allegations set forth in paragraph
25  141.

26          142.  MGA Defendants repeat their responses contained in paragraphs
27  1 through 141 of this Answer and incorporate them by reference as though fully and
28  completely set forth herein.

LA2:841935.2                              - 16 -

EXHIBIT __8__ PAGE __206__

1        143.   Paragraph 143 is a statement of Mattel's legal position, to which

2   no response is necessary.  To the extent a response is required, MGA Defendants

3   deny the allegations set forth in the paragraph 143.

4        144.   MGA Defendants deny the allegations set forth in paragraph

5   144.

6        145.   MGA Defendants deny the allegations set forth in paragraph

7   145.

8        146.   MGA Defendants deny the allegations set forth in paragraph

9   146.

10        147.   MGA Defendants deny the allegations set forth in paragraph

11   147.

12        148.   MGA Defendants deny the allegations set forth in paragraph

13   148.

14        149.   MGA Defendants repeat their responses contained in paragraphs

15   1 through 148 of this Answer and incorporate them by reference as though fully and

16   completely set forth herein.

17        150.   MGA Defendants deny the allegations set forth in paragraph

18   150.

19        151.   MGA Defendants deny the allegations set forth in paragraph

20   151.

21        152.   MGA Defendants deny the allegations set forth in paragraph

22   152.

23        153.   MGA Defendants deny the allegations set forth in paragraph

24   153.

25        154.   MGA Defendants deny the allegations set forth in paragraph

26   154.

27

28

EXHIBIT__9__PAGE__206

1    155.  MGA Defendants repeat their responses contained in paragraphs
2    1 through 154 of this Answer and incorporate them by reference as though fully and
3    completely set forth herein.

4    156.  MGA Defendants deny the allegations set forth in paragraph
5    156.

6    157.  MGA Defendants deny the allegations set forth in paragraph
7    157.

8    158.  MGA Defendants deny the allegations set forth in paragraph
9    158.

10   159.  MGA Defendants deny the allegations set forth in paragraph
11   159.

12   160.  MGA Defendants deny the allegations set forth in paragraph
13   160.

14   161.  MGA Defendants deny the allegations set forth in paragraph
15   161.

16   162.  MGA Defendants deny the allegations set forth in paragraph
17   162.

18   163.  MGA Defendants repeat their responses contained in paragraphs
19   1 through 162 of this Answer and incorporate them by reference as though fully and
20   completely set forth herein.

21   164.  MGA Defendants deny the allegations set forth in paragraph
22   164.

23   165.  MGA Defendants deny the allegations set forth in paragraph
24   165.

25   166.  MGA Defendants deny the allegations set forth in paragraph
26   166.

27

28

EXHIBIT  4   PAGE  207

167.   MGA Defendants repeat their responses contained in paragraphs 1 through 166 f this Answer and incorporate them by reference as though fully and completely set forth herein.

168.   MGA Defendants deny the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of MGA Defendants or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, MGA Defendants allege the following affirmative defenses to the Counterclaims.  By designating the following as affirmative defenses, MGA Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein.  MGA Defendants also do not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses. These defenses are pled in the alternative, and are raised to preserve the rights of MGA Defendants to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against MGA Defendants upon which relief can be granted.

LA2:841935.2

- 19 -

EXHIBIT __8__ PAGE __208__

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

EXHIBIT ___8___ PAGE __209__

1    pretense in order to interrogate them about Bratz and this litigation; Mattel's

2    coercing its employees to accept restrictive covenants (right before a massive

3    layoff) and non-compete clauses and other efforts to prevent prospective MGA

4    employees from accepting offers of employment; Mattel's delay in suing Carter

5    Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel

6    case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the

7    public and retailers; and Mattel's taking all measures to conceal its bad acts,

8    including the willful non-retention and destruction of documents.  Additionally,

9    Mattel believed from the time that Carter Bryant left Mattel's employ that he was

10    going to perform work for a Mattel competitor.  Mattel began investigating Bryant

11    and MGA Defendants, including Bryant's role in the creation and development of

12    Bratz, at least as early as March 2002.  Nonetheless, Mattel waited years to bring

13    suit, all the while allowing MGA Defendants to spend years developing their

14    business and invest tens of millions of dollars developing the Bratz products and

15    building the Bratz brand.  These averments are made on information and belief

16    except where MGA Defendants have knowledge thereof.

17                  **THIRD AFFIRMATIVE DEFENSE**

18                             <u>(Laches)</u>

19        Mattel's counterclaims are barred by the equitable doctrine of laches

20    because, among other things, Mattel believed from the time that Carter Bryant left

21    Mattel's employ that he was going to perform work for a Mattel competitor.  Mattel

22    began investigating Bryant and MGA Defendants, including Bryant's role in the

23    creation and development of Bratz, at least as early as March 2002 and thereafter

24    continued its investigation into Bryant's role in the creation and development of

25    Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert

26    Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for

27    Bratz from Mattel and sold it to MGA Defendants.  Nonetheless, Mattel waited

28    years to bring suit, all the while allowing MGA Defendants to spend years

EXHIBIT **8** PAGE **210**

1  developing their business and invest tens of millions of dollars developing the Bratz
2  products and building the Bratz brand.

3  ### FOURTH AFFIRMATIVE DEFENSE
4  ### (Statute of Limitations)

5  Mattel's counterclaims are barred by the applicable statutes of limitations,
6  including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code
7  of Civil Procedure §§ 337, 339, 343 and 338(c).

8  ### FIFTH AFFIRMATIVE DEFENSE
9  ### (*Bona Fide* Purchaser for Value)

10  Mattel cannot maintain its counterclaims against MGA Defendants because
11  MGA Defendants paid valuable consideration for Bryant's assignment of his rights
12  in the original Bratz drawings to MGA Defendants, and MGA Defendants acted
13  with a good faith belief that Bryant owned the rights to his original Bratz drawings
14  and that his assignment of such rights to MGA Defendants was valid and
15  permissible.

16  ### SIXTH AFFIRMATIVE DEFENSE
17  ### (17 U.S.C. § 205(d))

18  Mattel cannot maintain its counterclaims against MGA Defendants because,
19  among other things, MGA Defendants acted with a good faith belief that Bryant
20  owned the rights to his original Bratz drawings and that his assignment of such
21  rights to MGA Defendants was valid and permissible.

22  ### SEVENTH AFFIRMATIVE DEFENSE
23  ### (Information Readily Ascertainable)

24  MGA Defendants cannot be liable, either on their own account or by
25  association with other defendants, for misappropriation of information that was
26  readily ascertainable by proper means at the time of the alleged acquisition or use.
27  Such information includes, but is not limited to, the identity of suppliers,
28

EXHIBIT **8** PAGE **211**

1   manufacturers, distributors and retailers; contact information for the same; and
2   sales, marketing and media data.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Acts or Omissions of Others)

5   Mattel's damages, if any, were not caused by MGA Defendants and are not
6   attributable to any acts or omissions of MGA Defendants.

### NINTH AFFIRMATIVE DEFENSE

#### (Estoppel)

9   Mattel's counterclaims are barred in whole or in part by the equitable
10  doctrine of estoppel because, among other things, Mattel believed from the time
11  that Carter Bryant left Mattel's employ that he was going to perform work for a
12  Mattel competitor. Mattel began investigating Bryant and MGA Defendants,
13  including Bryant's role in the creation and development of Bratz, at least as early as
14  March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing
15  MGA Defendants to spend years developing their business and invest tens of
16  millions of dollars developing the Bratz products and building the Bratz brand.

### TENTH AFFIRMATIVE DEFENSE

#### (Acquiescence)

19  Mattel's counterclaims are barred in whole or in part by acquiescence
20  because, among other things, Mattel believed from the time that Carter Bryant left
21  Mattel's employ that he was going to perform work for a Mattel competitor. Mattel
22  began investigating Bryant and MGA Defendants, including Bryant's role in the
23  creation and development of Bratz, at least as early as March 2002. Nonetheless,
24  Mattel waited years to bring suit, all the while allowing MGA Defendants to spend
25  years developing their business and invest tens of millions of dollars developing the
26  Bratz products and building the Bratz brand. Additionally, Mattel tolerated and
27  condoned conduct by other employees similar to the alleged conduct by Bryant and
28  others on which Mattel bases its claims.

LA2:841935.2

- 23 -

EXHIBIT _9_ PAGE _212_

**ELEVENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

MGA Defendants deny that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA Defendants to spend years developing their business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(*De Minimus* Use)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

EXHIBIT _8_ PAGE _213_

aspect of a Mattel copyrighted work, such use would be *de minimus* and non-infringing.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Joint Authorship)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Competition Privilege/Justification)

Mattel's counterclaims are barred in whole or in part on the grounds that the acts of the MGA Defendants were lawful competition or justified.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Mattel's counterclaims are barred in whole or in part because the MGA Defendants acted in good faith.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Authority)

Mattel's counterclaims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such act on behalf of the MGA Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Joinder in Defenses of Co-Defendants)

MGA Defendants hereby adopt and incorporate by reference any and all other affirmative defenses that have been or will be asserted by any other defendant (including Bryant) in this litigation to the extent that defendants may share in such

LA2:841935.2

EXHIBIT **9** PAGE **214**

1    affirmative defenses.

2              **TWENTY-SECOND AFFIRMATIVE DEFENSE**

3                       (Undiscovered Defenses)

4         MGA Defendants have insufficient knowledge or information upon which to

5    form a belief as to whether additional defenses are available.  MGA Defendants

6    reserve the right to assert any further or additional defenses upon receiving more

7    complete information regarding the matters alleged in the Counterclaims, through

8    discovery or otherwise.

9

10        WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11   Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12        a.     that the Counterclaims be dismissed with prejudice;

13        b.     that judgment be entered in favor of counter-defendants and against

14   counterclaimant;

15        c.     that counter-defendants recover their costs and attorneys' fees; and

16        d.     that the Court award such other and further relief as is just and proper.

17

18   Dated:  September 19, 2007          O'MELVENY & MYERS LLP

19

20

21                                        Marc F. Feinstein
                                          Attorneys for Counter-defendants
22                                        MGA Entertainment, Inc., Isaac Larian,
                                          MGA Entertainment (HK) Limited, and
23                                        MGAE de Mexico S.R.L. de C.V.

24

25

26

27

28

LA2:841935.2                        - 26 -

EXHIBIT __8__ PAGE __215__

## PROOF OF SERVICE

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On September 19, 2007, I served the within document(s):

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

☒  by causing to be personally served the document(s) listed above to the person(s) listed below.

John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Patricia Glaser, Esq.                    Michael H. Page, Esq.
Christensen, Glaser, Fink, Jacobs,       Keker & Van Nest LLP
Weil & Shapiro, LLP                      710 Sansome Street
10250 Constellation Blvd.,               San Francisco, CA 94111
19th Floor
Los Angeles, CA 90067

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

LA2:817525.2

EXHIBIT **8**   PAGE **216**

1       I declare under penalty of perjury under the laws of the United States that the

2 above is true and correct.

3       Executed on September 19, 2007, at Los Angeles, California.

4

5                                 Karen A. Nakatsu

6                                 Karen A. Nakatsu

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:817525.2

EXHIBIT **8** PAGE **217**

# Nationwide Legal, Inc.

## COURT · PROCESS · MESSENGER

**DATE** 9/19/07

**CONTROL #** 20223 021496

www.nationwideasap.com

legal@nationwideasap.com

| | | |
|---|---|---|
| 316 W. 2nd Street, Suite 705 | Los Angeles, CA 90012 | (213) 625-9100 · (213) 625-9111 |
| 611 Civic Center Drive W., Suite 204 | Santa Ana, CA 92701 | (714) 558-2400 · (714) 558-2401 |
| 3637 Ninth Street | Riverside, CA 92501 | (951) 275-0071 · (951) 275-0074 |
| 1255 Post Street, Suite 500 | San Francisco, CA 94109 | (415) 351-0400 · (415) 351-0407 |
| 121 Broadway, Suite 331 | San Diego, CA 92101 | (619) 232-7500 · (619) 232-7600 |

**Firm:** O'MELVENY & MYERS
400 S.HOPE STREET   SUITE 1002
LOS ANGELES   CA  90071
213 430-6129   ACCT# 101

**Telephone:**

**Attorney:** T. GLAD

**Secretary:**

**Email:**

**Ref./Billing #:** 527436-008

## SERVICE TYPES

Reg.   Rush   Hot   Standard 4HR   Gold-Run   ☐ SAME DAY   ☐ NEXT DAY

## MESSENGER SERVICES

**From:**

**Address:**

**City:**                      **Zip:**

**Sender:**

**To:**

**Address:**

**City:**                      **Zip:**

**Attention:**

## COURT SERVICES

**Case Number:**

**Case Name:**

**Court Address:**

☐ Court Filing
☐ Research/Copy
☐ Courtesy Copy
☐ Recording

**DO NOT ADVANCE**

Fees Attached  $_____

Advanced Fees $_____

Check Number _____

## SERVICE OF PROCESS

**Company/Person Being Served:**
QUINN EMANUEL

**Address:** 865 S. FIGUEROA ST.

**City:** LA              **Zip:** 90017

☑ Office Service
☐ Business
☐ Substituted Service
☐ Residence

**Service Deadline**

**DO NOT ADVANCE**

Fees Attached  $_____

Advanced Fees $_____

Check Number _____

**TYPE OF DOCUMENTS:**

CV-05-2727 SGL

BRYANT-V-MATTEL

**SPECIAL INSTRUCTIONS:**

DROP SERVE   SIGN POS

**Received By:**              **Date:**      **Time:**

WHITE-ORIGINAL / YELLOW-BILLING / PINK-TRACKING / GOLD-CLIENT ACCOUNTING FILE

EXHIBIT___8___ PAGE__218__

# EXHIBIT 9

# CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER