QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN AND FOR AWARD OF MONETARY SANCTIONS;<br><br>AND MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Scott B. Kidman filed concurrently herewith]<br><br>Hearing Date:　TBD<br>Time:　　　　　TBD<br>Place:　　　　 TBD<br><br>**Phase 1**<br>Discovery Cut-off:　　 January 28, 2008<br>Pre-trial Conference:　April 21, 2008<br>Trial Date:　　　　　　 May 27, 2008 |

07209/2327244.1

MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court:

(1) to compel Isaac Larian to produce documents responsive to Mattel, Inc.'s First Set of Requests for Documents and Things including, without limitation, Request Nos. 3-12, 16-31, 34, 36-40, 42-60, 77-78, 102-112, 116-122, 126-138, 147-177, 179, 182-189, 193, 200-206, 210-212, 214-220, 226, 229-268, 270, 271 and 276 and a privilege log identifying all documents withheld based on any claimed privilege; and

(2) for an award of sanctions against Larian in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing this Motion.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37 on the grounds that Mattel's Requests seek discoverable information, that Larian agreed to produce documents responsive to the above requests by no later than October 24, 2007, and that Larian has improperly failed to produce the documents as promised or even provide a date by which he will do so.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott B. Kidman filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Rule 37-1 Compliance**

The parties met and conferred regarding this motion on September 11, 2007 and multiple times thereafter. Despite Larian's prior promises to produce the documents at issue, he has failed to do so.

DATED: December 17, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Scott B. Kidman
Scott B. Kidman
Attorneys for Mattel, Inc.

## **TABLE OF CONTENTS**

**Page**

Preliminary Statement ................................................................................................. 1

Background ................................................................................................................. 2

Argument .................................................................................................................... 4

I.    THE COURT SHOULD ORDER LARIAN TO PRODUCE THE DOCUMENTS HE AGREED TO PRODUCE TWO MONTHS AGO .......... 4

II.    LARIAN SHOULD BE SANCTIONED ......................................................... 8

Conclusion .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page**

## Cases

Braley v. Campbell,
    832 F.2d 1504 (10th Cir. 1987) .................................................................. 8

Hyde & Drath v. Baker,
    24 F.3d 1162 (9th Cir. 1994) ..................................................................... 7

RTC v. Dabney,
    73 F.3d 262 (10th Cir. 1995) ..................................................................... 8

## Statutes

28 U.S.C. § 1927 ............................................................................................. 7

Fed. R. Civ. P. 37(a)(4) .................................................................................. 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Isaac Larian is a named defendant in this action, the CEO and majority owner of MGA and a central figure in the conduct that forms the parties' claims and defenses. Nonetheless, more than five months after being served with a request for production and after a lengthy meet and confer process, Larian had not produced a single document and refused to produce key categories of documents, including documents that the Discovery Master had already found were relevant and discoverable in prior Orders compelling other defendants to produce documents. In addition, when Larian did not flat out refuse to provide documents in response to a request, he stated only that he would produce "relevant" documents -- a response that the Discovery Master previously found to be wholly improper in a motion to compel MGA to produce documents because it permitted MGA to withhold entire categories of documents it unilaterally deemed to be not "relevant" without giving Mattel the slightest hint as to what those documents might be.

Only after Mattel had prepared and was about to file an omnibus motion to compel did Larian agree to withdraw his limitation to "relevant" documents and agree to produce any documents at all. Recognizing that he had no legitimate basis to continue to withhold documents, Larian agreed to produce documents in response to the majority of the requests by no later than October 24, 2007. Nevertheless, almost two months after the documents were to have been produced, Larian has yet to produce a single responsive document or even provide a date by which he will do so.

The discovery cut-off for Phase 1 is approaching. The MGA parties' strategy of obstruction and delay is interfering with Mattel's ability to complete the discovery it needs within the deadlines set by the Court. The Court should order

Larian to produce all responsive, non-privileged documents immediately, along with a log identifying all documents withheld based on a claim of privilege.

### **Background**

<u>Mattel's Requests for Production of Documents</u>.  On June 13, 2007, Mattel propounded its First Set of Requests for Production of Documents and Things To Isaac Larian.[1]  The Requests seek discoverable information that goes to Mattel's claims and defenses in this lawsuit, including information that the Court has already found to be relevant and discoverable in Orders compelling MGA and/or Bryant to produce documents regarding the same topics and, in many instances, in response to the same requests.

<u>Larian's Response to Mattel's Request for Production.</u>  Larian failed to respond to the Requests within the time prescribed by <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>.[2]  When Larian finally did respond, he flat out objected and wholly refused to produce a single document in response to nearly half the requests,[3] including requests that the Discovery Master had already ordered Bryant and/or MGA to respond to.

As to the remaining requests, Larian stated that he would produce only **"personal"** documents that are **"relevant"** and **"within the permissible scope of discovery,"** a meaningless response that purported to permit Larian to withhold

---

[1]  Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian dated June 13, 2007 ("Requests"), attached to the Declaration of Scott B. Kidman dated December 17, 2007 ("Kidman Dec.") as Exh. 1.
[2]  Kidman Dec., Exh. 2.
[3]  <u>See</u> Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for Documents and Things dated August 6, 2007 ("Responses"), Request Nos. 1, 2, 46-57, 69, 79-81, 93, 104-112, 114-115, 121, 123-146, 174-175, 178-181, 190-213, 216, 219-228, 231-237, 240-246, 248-250, 253-254, 258-260, 262-269 and 272-276, Kidman Dec., Exh. 3.

07209/2327244.1

-2-
MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL

entire categories of responsive documents he unilaterally deemed to be not "relevant" without providing Mattel any notice of what those documents might be.[4] Months before Larian provided his responses, the Discovery Master specifically had found MGA's virtually identical limitation to "relevant" documents to be improper:

> As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to "relevant and responsive non-objectionable documents" or documents "sufficient" to show when events relating to Bratz occurred. These restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is "relevant" or "sufficient." [MGA] shall provide the responses to document requests ordered herein without these restrictions.[5]

That ruling nevertheless did not deter Larian from incorporating this same improper limitation to "relevant" documents in more than half of his responses.

<u>Larian's Promise to Produce Responsive Documents and Subsequent Failure To Do So</u>. Despite Mattel's repeated attempts to resolve these issues during the meet and confer process, Larian refused to commit to produce a single responsive document or provide supplemental responses, let alone provide a date by which documents would be produced.[6] Only after Mattel's counsel informed Larian's counsel that it would proceed with a motion to compel, and only after

---

[4] <u>Id</u>., Request Nos. 3-13, 15-45, 58-68, 70-78, 82-92, 94-103, 113, 116-120, 122, 147-173, 176-177, 182-189, 214-215, 217-218, 229-230, 238-239, 247, 251-252, 255-257, 261 and 270-271, Kidman Dec., Exh. 3.

[5] Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses By MGA dated May 15, 2007, Kidman Dec., Exh. 12.

[6] Kidman Dec., ¶¶ 5-6 and Exh. 4.

Mattel's counsel had prepared and was about to file the motion, did Larian agree to produce documents in response to any of the requests.[7] To avoid Mattel's motion to compel on certain of the Requests, Larian agreed to supplement his responses (including by withdrawing the improper "relevant" and "personal" documents limitations) and to produce by October 24, 2007 documents responsive to Request Nos. 3-12, 16-31, 34, 36-40, 42-60, 77-78, 102-112, 116-122, 126-138, 147-177, 179, 182-189, 193, 200-206, 210-212, 214-220, 226, 229-268, 270, 271 and 276.[8]

Larian served supplemental responses agreeing to produce documents responsive to each of the above-referenced requests.[9] He failed, however, to produce a single responsive document on October 24, 2007 as promised or any time thereafter. Nor has he given any indication when, if ever, he intends to do so.[10]

## **Argument**

### I. THE COURT SHOULD ORDER LARIAN TO PRODUCE THE DOCUMENTS HE AGREED TO PRODUCE TWO MONTHS AGO

There is no dispute that Mattel is entitled to the documents at issue. The requests seek discoverable information that clearly goes to Mattel's claims and defenses in this lawsuit, including information that the Court has already found to be relevant and discoverable in Orders compelling MGA and/or Bryant to produce

---

[7] Kidman Dec., ¶¶ 7-8.
[8] Kidman Dec., ¶ 7 and Exh. 6. As to the remaining requests where Larian continued to refuse to produce responsive documents or to impose improper limitations, Mattel filed a motion to compel on October 11, 2007. The Court heard Mattel's motion on December 14, 2007 and the parties are awaiting the Court's Order. Kidman Dec., ¶ 10.
[9] Isaac Larian's Supplemental Responses to Mattel, Inc.'s First Second Set of Requests for Documents and Things dated September 25, 2007, Kidman Dec., Exh. 15.
[10] Kidman Dec., ¶ 18.

documents regarding the same topics and, in many instances, in response to the same requests. Indeed, in his supplemental responses, Larian *agreed* to produce these documents. The categories of requested documents include the following:

- The conception, creation, design and origin of Bratz.[11]

- Payments to Bryant including royalty statements and other payment information.[12]

- Contracts or other agreements between Larian or MGA and Bryant.[13]

- Communications with Bryant regarding Mattel or Mattel employees.[14]

- Declarations, affidavits and other sworn testimony regarding Bratz and/or Angel.[15]

---

[11] See Request Nos. 3-4, 8-12, 18-19, 24-31, 34, 36-40, 56-60, 102-103, 155, 157-158, 210-211, Kidman Dec., Exh. 1; Order dated January 15, 2007 at 12-13, Kidman Dec., Exh. 10; Order dated May 15, 2007 at 8-9, Kidman Dec., Exh. 12.

[12] See Request Nos. 5-7 and 22, Kidman Dec., Exh. 1; Order dated January 25, 2007 at 13-14, Kidman Dec., Exh. 10 (finding that "documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several of Mattel's claims.").

[13] See Request Nos. 23 and 42-45, Kidman Dec., Exh. 1; Order dated January 25, 2007 at 11-12, Kidman Dec., Exh. 10 (compelling Bryant to produce agreements with MGA).

[14] See Request Nos. 116 and 156, Kidman Dec., Exh. 1; Order dated January 25, 2007 at 15-16, Kidman Dec., Exh. 10 (finding that communications between MGA and Bryant regarding Mattel and Mattel employees "unquestionably seek relevant information" because "they will reveal what Mattel information Bryant shared with MGA, if any, and when.").

[15] See Request Nos. 117-120, Kidman Dec., Exh. 1; Order dated May 15, 2007 at 10-11, Kidman Dec., Exh. 12 (ordering production of declarations, affidavits and other sworn statements that refer or relate to Bratz or Angel).

- Indemnification Bryant and others have sought, requested or obtained in connection with this litigation.[16]

- Personnel files for Bryant and others involved in the development of Bratz.[17]

- The testing and sampling of documents relating to Bratz or Bryant.[18]

- Financial documents relating to Mattel's claims for damages in this lawsuit.[19]

After months of delay and lengthy meet and confers, Larian promised to produce documents responsive to each of the request at issue by no later than October 24, 2007.[20] Now, after two more months of delay, Larian has failed to produce any of the documents as promised or even provide a date by which he will do so.

This is not the first time the MGA parties have promised to produce documents in order to avoid a motion to compel and/or Court Order only to then later go back on their promise. For example, when Mattel was forced back in

---

[16] See Request Nos. 147-154, Kidman Dec., Exh. 1; Order dated January 25, 2007 at 12, Kidman Dec., Exh. 10 (ordering production of indemnity agreements between MGA and Bryant because they "relevant to demonstrate bias and lack of credibility."); Order dated May 15, 2007 at 10, Kidman Dec., Exh. 12 (same).

[17] See Request Nos. 167-173 and 176-177, Kidman Dec., Exh. 1; Order dated May 15, 2007 at 9-10 regarding Request No. 88, Kidman Dec., Exh. 12 (ordering production of personnel and vendor files for Farhad Larian).

[18] See Request No. 218, Kidman Dec., Exh. 1; Order dated May 15, 2007 at 11, Kidman Dec., Exh. 12 (ordering production of documents that refer or relate to "testing or sampling from any documents that refer or relate to Bratz or Bryant.").

[19] See Request Nos. 229-230, 238-239, 247, 251-252, 255-257, 261 and 270, Kidman Dec., Exh. 1. These requests are identical to Request Nos. 3-4, 12-13, 21, 25-26, 29-31, 35 and 46 of Mattel's Second Set of Requests for Production of Documents and Things to MGA (Kidman Dec., Exh. 13) which the Court ordered MGA to produce at the hearing on December 14, 2007.

[20] Kidman Dec., ¶ 7, Exh. 6.

February to compel MGA to produce obviously discoverable documents about the origins of Bratz, MGA argued that it "has already cured many of the alleged 'deficiencies' in its production and will have resolved any remaining deficiencies before this matter is heard" and, therefore, that "the majority of Mattel's motion to compel is unnecessary and should be denied on that basis alone."[21] Even by the time of the hearing, and then even by the time of the Discovery Master's Order in May, however, MGA had still not produced the documents at issue, and instead went on to appeal the Order compelling production and ask the Discovery Master for more time for compliance.[22] When that was denied, MGA moved *ex parte* before Judge Larson objecting to the Order requiring production and seeking additional time.[23] Even today, ten months after MGA's promises of production and despite Court Order, MGA still has not made a complete production.[24]

The discovery cut-off dates in this matter are fast approaching. Larian's failure to produce documents as promised has already prejudiced Mattel's ability to obtain the discovery it needs within the deadlines set by the Court. Mattel is entitled to an order compelling Larian to produce all documents responsive to these requests without further delay.

---

[21] MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007, p. 10, Kidman Dec., Exh. 16.

[22] MGA Entertainment Inc.'s Notice of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Reponses By MGA, dated May 30, 2007, Kidman Dec., Exh. 17.

[23] MGA's Emergency Ex Parte Application for Review of Special Master Infante's Order Denying MGA's Motion For Stay or Extension, dated June 22, 2007, Kidman Dec., Exh. 14.

[24] E.g., Mattel, Inc.'s Notice of Motion and Motion to Enforce the Court's Order of May 15, 2007, to Compel MGA to Produce Compelled Documents in Un-Redacted Form, and for Sanctions, dated September 10, 2007.

## II. LARIAN SHOULD BE SANCTIONED

Under the Federal Rules, a party bringing a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4).  The burden of establishing substantial justification is on the party being sanctioned. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994). Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under this section are appropriate "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995), citing Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987).

Sanctions are called for here.  Larian's refusal to produce the documents at issue here was completely unjustified in the first place, as the Court has already found most all of the information to be relevant and discoverable in Orders compelling MGA and/or Bryant to produce documents regarding the same topics and, in many instances, in response to the same requests.  Only after Mattel had prepared and was about to file a motion to compel did Larian agree to produce responsive documents.  Larian has now gone back on that promise and failed to produce a single responsive document, forcing Mattel to prepare, and this time file, yet another motion to compel.  In the meantime, several additional months have gone by and Mattel still sits without a single responsive document from Larian.

1    Larian's conduct is part of a pattern of unreasonable and vexatious
2 conduct by Larian and the MGA parties to interfere with Mattel's ability to obtain
3 the discovery to which it is clearly entitled within the deadlines set by the Court.
4 Larian and the MGA parties have no incentive to cease these tactic of delay and
5 obstruction if, at the end of the day, they are simply ordered to produce that which
6 should have, and indeed promised to, produce months before.  Larian and his
7 counsel should be sanctioned for the fees Mattel has been forced to incur in
8 connection with this motion.  Mattel therefore requests that Larian and his counsel
9 be ordered to pay $4,500 as partial reimbursement for the fees Mattel has incurred
10 on this Motion.

## Conclusion

13    For the foregoing reasons, Mattel's motion to compel should be granted
14 in its entirety and monetary sanctions should be awarded against Larian in the
15 amount of $4,500.

17 DATED:  December 17, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

                                    By /s/ Scott B. Kidman
                                       Scott B. Kidman
                                       Attorneys for Mattel, Inc.