QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>[PUBLIC REDACTED] DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN AND FOR AWARD OF MONETARY SANCTIONS<br><br>Hearing Date:  TBA<br>Time:  TBA<br>Place:  TBA<br><br>**Phase 1**<br>Discovery Cut-off:  January 28, 2008<br>Pre-trial Conference:  April 21, 2008<br>Trial Date:  May 27, 2008 |

07209/2326836.1

I, Scott B. Kidman, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian, dated June 13, 2007.

3. Attached as Exhibit 2 is a true and correct copy of a letter from Michael T. Zeller to Diana M. Torres dated August 3, 2007 pointing out Isaac Larian's failure to serve a timely response to Mattel's First Set of Requests for Production of Documents and a subsequent e-mail from Michael T. Zeller to William Charron confirming a post hoc extension of time until August 6, 2007 for Larian to do so.

4. Attached as Exhibit 3 is a true and correct copy of Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for Documents and Things, dated August 6, 2007.

5. Attached as Exhibit 4 is a true and correct copy of a letter from Scott B. Kidman to Diana M. Torres, dated August 30, 2007 requesting a meet and confer regarding the deficiencies in Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Things.

6. I meet and conferred regarding Larian's responses to the Requests with his counsel, William Charron, on several occasions from September 11, 2007 to September 19, 2007. When I spoke with Mr. Charron on September 19, he was unable to confirm whether or when Larian would produce any documents in response to Mattel's document requests. I informed Mr. Charron at that time that Mattel intended to proceed with a motion to compel. On September 21, 2007 at approximately 3:42 p.m., I received an e-mail from Mr. Charron that

there were "several categories of documents we are willing to produce in response to the RFPs to Isaac Larian." The e-mail gave no hint as to which requests Larian claimed to be willing to produce documents in response to, gave no commitment to provide supplemental responses and gave no indication as to when Larian would produce these unidentified documents. Attached as Exhibit 5 is a true and correct copy of this e-mail and my response.

7. Later on September 21, 2007, Mike Zeller and I called Mr. Charron and spoke with him by telephone. We informed Mr. Charron that Mattel had prepared its motion to compel and intended to file it. In that conversation, Mr. Charron stated that, in response to many of the requests, Larian would agree to produce all responsive documents in his possession, custody or control by no later than October 24, 2007 and to serve a supplemental response to the requests by September 25, 2007. Mr. Charron stated that he would provide a list confirming the requests to which Larian agreed to produce all responsive, non-privileged documents. Attached as Exhibit 6 is a true and correct copy of an e-mail from Mr. Charron to me dated September 23, 2007 confirming the requests to which Larian agreed to produce all responsive, non-privileged documents in his possession, custody or control.

8. Attached as Exhibit 7 is a true and correct copy of an e-mail for William Charron to me dated September 23, 2007 clarifying that Larian agreed to produce all responsive, non-privileged documents in response to Request Nos. 210-212.

9. Attached as Exhibit 8 is a true and correct copy of an e-mail from William Charron to me dated September 23, 2007 clarifying that in response to Request No. 185 Larian agreed to produce all responsive documents and make available for inspection all responsive tangible items.

10. As to the remaining requests where Larian continued to refuse to produce responsive documents or to impose improper limitations, Mattel filed a

motion to compel on October 11, 2007.  The Court heard Mattel's motion on December 14, 2007 and the parties are awaiting the Court's Order.

11.     Attached as Exhibit 9 is a true and correct copy of Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible Things to Carter Bryant, dated June 14, 2004.

12.     Attached as Exhibit 10 is a true and correct copy of the Discovery Master's Order Granting Mattel's Motion To Compel Production of Documents By Carter Bryant, dated January 25, 2007.

13.     Attached as Exhibit 11 is a true and correct copy of Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc., dated March 14, 2005.

14.     Attached as Exhibit 12 is a true and correct copy of the Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses By MGA, dated May 15, 2007.

15.     Attached as Exhibit 13 is a true and correct copy of MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things, dated September 17, 2007.

16.     Attached as Exhibit 14 is a true and correct copy of MGA's Emergency Ex Parte Application for Review of Special Master Infante's Order Denying MGA's Motion For Stay or Extension, dated June 22, 2007.

17.     Attached as Exhibit 15 is a true and correct copy of Isaac Larian's Supplemental Responses to Mattel, Inc.'s First Set of Requests for Documents and Things, dated September 25, 2007.

18.     Mr. Larian did not produce any responsive documents on or before October 24, 2007 as promised, and Mattel has no record of receiving any documents from Larian any time thereafter.  Nor has he given any indication when, if ever, he intends to do produce the promised documents.

1    19.    Attached as Exhibit 16 is a true and correct copy of MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Production of Documents and Interrogatory Answers, dated February 20, 2007.

2    20.    Attached as Exhibit 17 is a true and correct copy of MGA Entertainment Inc.'s Notice of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Reponses By MGA.

3    21.    Mattel has incurred attorneys' fees and costs in excess of $4,500.00 in bringing this motion. I spent more than 8 hours of time preparing the motion, for a total of more than $5,400.00 at my billing rate of $675.00 per hour.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of December, 2007, at Los Angeles, California.

/s/ Scott B. Kidman
Scott B. Kidman