# EXHIBIT 3

`

CALENDARED

RECEIVED

AUG 0 9 2007

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  WILLIAM J. CHARRON (S.B. #220518)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  wcharron@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA 90067
   Telephone: (310) 553-3000
9  Facsimile: (310) 557-9815

10 Attorneys for MGA Entertainment, Inc.

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                   EASTERN DIVISION

14

15 CARTER BRYANT, an individual,          Case No. CV 04-9049 SGL (RNBx)
                                           (consolidated with 04-9059 and 05-
16            Plaintiff,                   2727)

17      v.                                **Isaac Larian's Responses To Mattel,
                                          Inc.'s First Set Of Requests For
18 MATTEL, INC., a Delaware              Documents And Things**
   Corporation,
19
              Defendant.
20

21 AND CONSOLIDATED ACTIONS

22

23

24

25

26

27

28

EXHIBIT 3

# PRELIMINARY STATEMENT

Defendant Isaac Larian ("Larian") has not yet completed his investigation relating to the facts of this action and has not completed preparation for trial. Larian makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to him and without prejudice to his right to amend or supplement his responses and to present evidence which may hereafter be discovered or become available.

Larian will respond to each request as he understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of Larian, Larian reserves the right to supplement his objections and responses.

By making these responses, Larian does not concede that any of the information sought by these requests is relevant or discoverable. Larian makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

Larian shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and Larian reserves the right to correct the record with regard to any such information and to supplement or amend

- 2 -

EXHIBIT 3     PAGE 75

1  these responses, which supplemental or amended response shall become the

2  operative response.

3                          **GENERAL OBJECTIONS**

4         1.      Larian objects to each and every request on the ground that

5  production at the date and time demanded will subject Larian to unwarranted

6  oppression and undue burden and expenses.  The time set for compliance is unduly

7  burdensome, especially in light of the number of document requests, and the scope

8  and volume of the material being sought.  Larian intends to proceed expeditiously

9  to collect the documents for production, if any, and will produce them at a date and

10  time, and in such a manner, as may be mutually agreed by counsel for the parties.

11         2.      Larian objects to each request to the extent that it seeks

12  information protected from discovery by the attorney-client privilege, work-product

13  doctrine, right to privacy, or any other applicable privilege.

14         3.      Larian objects to each request to the extent that it seeks the

15  disclosure of confidential, proprietary or trade-secret information.  Should such

16  documents be otherwise responsive, Larian will produce such documents subject to

17  the terms and conditions of the protective order governing this case.

18         4.      Larian objects to each request to the extent that it seeks

19  documents in Mattel's own possession, custody or control or that are accessible to

20  Mattel from public sources or from third parties.

21         5.      Larian objects to each request to the extent that it asks for

22  documents that are not relevant to claims or defenses in this case.

23         6.      Larian objects to each and every request to the extent it purports

24  to require Larian to search all documents and things within his possession, custody

25  or control or within the possession, custody, or control of any of Larian's or MGA's

26  current or former employees, officers, directors, agents, representatives, attorneys,

27  parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

28  in-interest, and any other person acting on his behalf, pursuant to his authority or

- 3 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3   PAGE 76

1 subject to his control, on the grounds that such request is unreasonable, overbroad,

2 unduly burdensome and oppressive, violates the right of privacy, and purports to

3 require Larian to search for documents not within his possession, custody, or

4 control.  Larian will make a reasonably diligent search for responsive documents

5 within his possession, custody, or control.

6        7.    Larian objects to each and every request to the extent its seeks

7 "all documents" responsive to a certain category on the grounds that such request is

8 overbroad and unduly burdensome and oppressive.  On grounds of oppression and

9 undue burden, Larian will not respond to duplicative or cumulative requests and

10 will not re-produce documents it has already produced or produce documents that it

11 has received from Mattel or others in the course of discovery in this matter.

12        8.    Larian objects to each request to the extent it seeks documents

13 not within Larian's possession, custody, or control.

14        9.    Larian objects to the defined terms "You," "Your," and "Larian"

15 on the grounds that these terms, as defined, are overbroad, are vague and

16 ambiguous, and call for legal conclusions.

17       10.    Larian objects to the defined terms "Bratz," "Angel," "Bratz

18 Doll," "Bratz Product," "Bratz License," "Bratz Movie," and "Bratz Television

19 Show" on the grounds that these terms, as defined, are overbroad, are vague and

20 ambiguous, and call for legal conclusions.

21       11.    Larian objects to the defined term "Family Member" on the

22 grounds that this term, as defined, is overbroad, vague, and ambiguous, and calls

23 for legal conclusions.  Larian will interpret the term "Family Member" to be those

24 individuals he knows or believes to be family members of the person at issue.

25 ## SPECIFIC OBJECTIONS AND RESPONSES

26

27 ## REQUEST FOR PRODUCTION NO. 1:

28       All DOCUMENTS prepared, drafted, written, transmitted or received

- 4 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3   PAGE 22

1   (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3         Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein. Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence. Larian also specifically

8   objects to this request on the grounds that it seeks confidential, proprietary, or

9   commercially sensitive information, the disclosure of which would be inimical to

10   the business interests of Larian and one or more third parties. Larian also objects to

11   this request to the extent it calls for the disclosure of attorney-client privileged

12   information or information protected from disclosure by the work product doctrine,

13   joint defense or common interest privilege, or other privilege. Larian also objects

14   to this request to the extent it calls for documents that are within the possession,

15   custody or control of MGA, as opposed to Mr. Larian personally.

16   **REQUEST FOR PRODUCTION NO. 2:**

17         All DOCUMENTS RELATING TO BRATZ and RELATING TO any

18   time prior to December 31, 2001 (regardless of when such DOCUMENT was

19   prepared, written, transmitted or received, whether in whole or in part).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

21         Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein. Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence. Larian also specifically

26   objects to this request on the grounds that it seeks confidential, proprietary, or

27   commercially sensitive information, the disclosure of which would be inimical to

28   the business interests of Larian and one or more third parties. Larian further objects

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 78

1  to this request in the grounds that it is vague and ambiguous in that Larian cannot

2  determine what is meant by the phrase "relating to Bratz and relating to any time

3  prior to December 31, 2001." Larian also objects to this request to the extent it

4  calls for the disclosure of attorney-client privileged information or information

5  protected from disclosure by the work product doctrine, joint defense or common

6  interest privilege, or other privilege.

7  **REQUEST FOR PRODUCTION NO. 3:**

8          All DOCUMENTS RELATING TO the origin(s), conception and

9  creation of BRATZ, including without limitation all DOCUMENTS RELATING

10  TO the timing and the method and manner in which BRATZ first came to YOUR

11  or MGA's attention.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13          Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence. Larian also specifically

18  objects to this request on the grounds that it seeks confidential, proprietary, or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties. Larian also objects to

21  this request to the extent it seeks documents not within Larian's possession,

22  custody, or control. Larian also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work product doctrine, joint defense or common interest privilege,

25  or other privilege.

26          Subject to the foregoing, Larian will produce any personal documents

27  that are relevant and responsive to the request, if any, and that have not already

28  been produced, that he discovers in the course of his reasonable search and diligent

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 79

1  inquiry, which are within the permissible scope of discovery, and to which no

2  privilege or other protection applies, including without limitation, the attorney-

3  client privilege or attorney's work product doctrine.

4  **REQUEST FOR PRODUCTION NO. 4:**

5       All DOCUMENTS RELATING TO the modeling, prototyping,

6  rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,

7  including without limitation all DOCUMENTS RELATING to the creation,

8  preparation or modification of any three-dimensional representation of BRATZ.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10      Larian incorporates by reference the above-stated general objections as

11 if fully set forth herein.  Larian also specifically objects to this request on the

12 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13 information not relevant to the subject matter of this lawsuit or reasonably

14 calculated to lead to the discovery of admissible evidence.  Larian also specifically

15 objects to this request on the grounds that it seeks confidential, proprietary, or

16 commercially sensitive information, the disclosure of which would be inimical to

17 the business interests of Larian and one or more third parties.  Larian also objects to

18 this request to the extent it seeks information the disclosure of which would

19 implicate the rights of third parties to protect private, confidential, proprietary or

20 trade secret information.  Larian further objects to this request in the grounds that it

21 is vague and ambiguous in that Larian cannot determine what is meant by

22 "modeling, prototyping, rotocasting, sculpting, or design of Bratz."  Larian also

23 objects to this request to the extent it seeks documents not within Larian's

24 possession, custody, or control.  Larian also objects to this request to the extent it

25 calls for the disclosure of attorney-client privileged information or information

26 protected from disclosure by the work product doctrine, joint defense or common

27 interest privilege, or other privilege.

28      Subject to the foregoing, Larian will produce any personal documents

- 7 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3

80

1  that are relevant and responsive to the request, if any, and that have not already

2  been produced, that he discovers in the course of his reasonable search and diligent

3  inquiry, which are within the permissible scope of discovery, and to which no

4  privilege or other protection applies, including without limitation, the attorney-

5  client privilege or attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 5:**

7          All DOCUMENTS RELATING TO any payment or transfer of

8  anything of value made to or on behalf of BRYANT for any DESIGN that

9  BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

10  regardless of when such payment was actually made.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the grounds that it is vague and ambiguous in that Larian cannot

18  determine what is meant by "payments made . . . on behalf of Bryant."  Larian also

19  objects to this request on the grounds that it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of Larian and one or more third parties.  Larian further objects

22  to this request to the extent it seeks information the disclosure of which would

23  implicate the rights of third parties to protect private, confidential, proprietary or

24  trade secret information.   Larian also objects to this request to the extent it calls for

25  the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28          Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3**  PAGE **81**

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 6:**

7           All DOCUMENTS that RELATING TO invoices submitted by

8   BRYANT to YOU or MGA prior to January 31, 2001.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10           Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein.  Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence.  Larian also objects to

15   this request on the grounds that it seeks confidential, proprietary or commercially

16   sensitive information, the disclosure of which would be inimical to the business

17   interests of Larian and one or more third parties.  Larian further objects to this

18   request to the extent it seeks information the disclosure of which would implicate

19   the rights of third parties to protect private, confidential, proprietary or trade secret

20   information.  Larian also objects to this request to the extent it calls for the

21   disclosure of attorney-client privileged information or information protected from

22   disclosure by the work-product doctrine, joint defense or common interest

23   privilege, or other privilege.

24           Subject to the foregoing, Larian will produce any personal documents

25   that are relevant and responsive to the request, if any, and that have not already

26   been produced, that he discovers in the course of his reasonable search and diligent

27   inquiry, which are within the permissible scope of discovery, and to which no

28   privilege or other protection applies, including without limitation, the attorney-

- 9 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __82__

1   client privilege or attorney's work product doctrine.

2   **REQUEST FOR PRODUCTION NO. 7:**

3          All royalty statements to or for BRYANT.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

5          Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence.  Larian also objects to

10  this request in that it is overbroad, including without limitation, in that is it not

11  limited as to time of the royalty statements or the product or services to which those

12  royalty statements relate.  Larian also objects to this request on the grounds that it is

13  vague and ambiguous, particularly in that Larian cannot determine what is meant by

14  "royalty statements . . . for BRYANT."  Larian also objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of

17  Larian and one or more third parties.  Larian further objects to this request to the

18  extent it seeks information the disclosure of which would implicate the rights of

19  third parties to protect private, confidential, proprietary or trade secret information.

20  Larian also objects to this request to the extent it calls for the disclosure of attorney-

21  client privileged information or information protected from disclosure by the work-

22  product doctrine, joint defense or common interest privilege, or other privilege.

23          Subject to the foregoing, Larian will produce any personal documents

24  that are relevant and responsive to the request, if any, and that have not already

25  been produced, that he discovers in the course of his reasonable search and diligent

26  inquiry, which are within the permissible scope of discovery, and to which no

27  privilege or other protection applies, including without limitation, the attorney-

28  client privilege or attorney's work product doctrine.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 83

1  **REQUEST FOR PRODUCTION NO. 8:**

2      All DOCUMENTS RELATING TO BRYANT'S participation in the

3  conception, creation, DESIGN, development, sculpting, tooling, production or

4  manufacture of BRATZ.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

6      Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein. Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence. Larian also specifically

11  objects to this request on the grounds that it seeks confidential, proprietary, or

12  commercially sensitive information, the disclosure of which would be inimical to

13  the business interests of Larian and one or more third parties. Larian also objects to

14  this request to the extent it seeks documents not within Larian's possession, custody

15  or control. Larian also objects to this request to the extent it calls for the disclosure

16  of attorney-client privileged information or information protected from disclosure

17  by the work product doctrine, joint defense or common interest privilege, or other

18  privilege.

19      Subject to the foregoing, Larian will produce any personal documents

20  that are relevant and responsive to the request, if any, and that have not already

21  been produced, that he discovers in the course of his reasonable search and diligent

22  inquiry, which are within the permissible scope of discovery, and to which no

23  privilege or other protection applies, including without limitation, the attorney-

24  client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 9:**

26      All DOCUMENTS RELATING TO COMMUNICATIONS between

27  YOU or MGA and BRYANT and RELATING TO the period prior to December

28  31, 2001 (regardless of when such document was prepared, written, transmitted or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 84

1   received, whether in whole or in part), including without limitation all diaries,

2   notes, calendars, logs, phone records and letters, that reflect, record or memorialize

3   or otherwise RELATING TO any such COMMUNICATIONS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5          Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence.  Larian also specifically

10   objects to this request on the grounds that it is overbroad, unduly burdensome, and

11   oppressive in that it seeks all documents relating to communications between

12   Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

13   also objects to this request on the grounds that it is overbroad, unduly burdensome

14   and oppressive including, without limitation, in potentially extending to

15   communications that Bryant may have had with any of MGA's hundreds of

16   employees, agents or representatives, and regardless of whether any such

17   communication is related in any way to the subject matter of this lawsuit, MGA, or

18   MGA's business.  Larian also objects to this request on the grounds that it seeks

19   information in violation of the right of privacy.  Larian also objects to this request

20   on the grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian and one or more third parties.  Larian further objects to this request to the

23   extent it seeks information the disclosure of which would implicate the rights of

24   third parties to protect private, confidential, proprietary or trade secret information.

25   Larian also objects to this request to the extent it calls for the disclosure of attorney-

26   client privileged information or information protected from disclosure by the work-

27   product doctrine, joint defense or common interest privilege, or other privilege.

28   Larian also objects to the extent this request seeks documents not in Larian's

- 12 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __55__

1   possession, custody or control.

2          Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 10:**

9          All DOCUMENTS RELATING TO COMMUNICATIONS between

10  YOU or MGA and BRYANT prior to December 31, 2001, including without

11  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

12  record or memorialize or otherwise RELATING TO any such

13  COMMUNICATIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also specifically

20  objects to this request on the grounds that it is overbroad, unduly burdensome, and

21  oppressive in that it seeks all documents relating to communications between

22  Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

23  also objects to this request on the grounds that it is overbroad, unduly burdensome

24  and oppressive, without limitation, in potentially extending to communications that

25  Bryant may have had with any of MGA's hundreds of employees, agents or

26  representatives, and regardless of whether any such communication is related in any

27  way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

28  objects to this request on the grounds that it seeks information in violation of the

- 13 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 86

1   right of privacy. Larian also objects to this request on the grounds that it seeks

2   confidential, proprietary or commercially sensitive information, the disclosure of

3   which would be inimical to the business interests of Larian and one or more third

4   parties. Larian further objects to this request to the extent it seeks information the

5   disclosure of which would implicate the rights of third parties to protect private,

6   confidential, proprietary or trade secret information. Larian also objects to this

7   request to the extent it calls for the disclosure of attorney-client privileged

8   information or information protected from disclosure by the work-product doctrine,

9   joint defense or common interest privilege, or other privilege. Larian also objects

10   to the extent this request seeks documents not in Larian's possession, custody or

11   control.

12         Subject to the foregoing, Larian will produce any personal documents

13   that are relevant and responsive to the request, if any, and that have not already

14   been produced, that he discovers in the course of his reasonable search and diligent

15   inquiry, which are within the permissible scope of discovery, and to which no

16   privilege or other protection applies, including without limitation, the attorney-

17   client privilege or attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 11:**

19         All COMMUNICATIONS between YOU or MGA and BRYANT

20   prior to December 31, 2001.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

22         Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein. Larian also specifically objects to this request on the

24   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence. Larian also specifically

27   objects to this request on the grounds that it is overbroad, unduly burdensome, and

28   oppressive in that it seeks all communications between Larian or MGA and Bryant,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __87__

1    is not otherwise limited as to subject matter. Larian also objects to this request on

2    the grounds that it is overbroad, unduly burdensome and oppressive, without

3    limitation, in potentially extending to communications that Bryant may have had

4    with any of MGA's hundreds of employees, agents or representatives, and

5    regardless of whether any such communication is related in any way to the subject

6    matter of this lawsuit, MGA, or MGA's business. Larian also objects to this

7    request on the grounds that it seeks information in violation of the right of privacy.

8    Larian also objects to this request on the grounds that it seeks confidential,

9.   proprietary or commercially sensitive information, the disclosure of which would

10   be inimical to the business interests of Larian and one or more third parties. Larian

11   further objects to this request to the extent it seeks information the disclosure of

12   which would implicate the rights of third parties to protect private, confidential,

13   proprietary or trade secret information. Larian also objects to this request to the

14   extent it calls for the disclosure of attorney-client privileged information or

15   information protected from disclosure by the work-product doctrine, joint defense

16   or common interest privilege, or other privilege. Larian also objects to the extent

17   this request seeks documents not in Larian's possession, custody or control.

18          Subject to the foregoing, Larian will produce any personal documents

19   that are relevant and responsive to the request, if any, and that have not already

20   been produced, that he discovers in the course of his reasonable search and diligent

21   inquiry, which are within the permissible scope of discovery, and to which no

22   privilege or other protection applies, including without limitation, the attorney-

23   client privilege or attorney's work product doctrine.

24   **REQUEST FOR PRODUCTION NO. 12:**

25          All DOCUMENTS RELATING TO COMMUNICATIONS between

26   YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

27   DOCUMENT was prepared, written, transmitted or received, whether in whole or

28   in part), including without limitation all diaries, notes, calendars, logs, phone

- 15 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __78__

1   records and letters, that reflect, record or memorialize or otherwise RELATING TO

2   any such COMMUNICATIONS.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4              Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also specifically

9   objects to this request on the grounds that it is overbroad, unduly burdensome, and

10   oppressive in that it seeks all documents relating to communications between

11   Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

12   also objects to this request on the grounds that it is overbroad, unduly burdensome

13   and oppressive, without limitation, in potentially extending to documents relating to

14   communications that Bryant may have had with any of MGA's hundreds of

15   employees, agents or representatives, and regardless of whether any such

16   communication is related in any way to the subject matter of this lawsuit, MGA, or

17   MGA's business.  Larian also objects to this request on the grounds that it seeks

18   information in violation of the right of privacy.  Larian also objects to this request

19   on the grounds that it seeks confidential, proprietary or commercially sensitive

20   information, the disclosure of which would be inimical to the business interests of

21   Larian and one or more third parties.  Larian further objects to this request to the

22   extent it seeks information the disclosure of which would implicate the rights of

23   third parties to protect private, confidential, proprietary or trade secret information.

24   Larian also objects to this request to the extent it calls for the disclosure of attorney-

25   client privileged information or information protected from disclosure by the work-

26   product doctrine, joint defense or common interest privilege, or other privilege.

27   Larian also objects to the extent this request seeks documents not in Larian's

28   possession, custody or control.

- 16 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 89

1    Subject to the foregoing, Larian will produce any personal documents

2    that are relevant and responsive to the request, if any, and that have not already

3    been produced, that he discovers in the course of his reasonable search and diligent

4    inquiry, which are within the permissible scope of discovery, and to which no

5    privilege or other protection applies, including without limitation, the attorney-

6    client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 13:**

8    All COMMUNICATIONS RELATING TO BRATZ between YOU or

9    MGA and any PERSON prior to December 31, 2001.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11   Larian incorporates by reference the above-stated general objections as

12   if fully set forth herein. Larian also specifically objects to this request on the

13   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

14   information not relevant to the subject matter of this lawsuit or reasonably

15   calculated to lead to the discovery of admissible evidence, including, without

16   limitation, in that it would extend to any communication between anyone at MGA

17   and any other person referring or relating in any way to a wide variety of matter

18   that could potentially be construed as "relating" to Bratz, without regard to whether

19   such communications are at all relevant to any claim or defense at issue in this

20   litigation. Larian also objects to this request on the grounds that it is overbroad,

21   unduly burdensome and oppressive in that it purports to require Larian to diligently

22   identify every communication that any of MGA's hundreds of employees may have

23   had with any other person referring or relating to this action. Larian also objects to

24   this request on the grounds that it is overbroad, unduly burdensome and oppressive

25   in that it is not in any way limited as to the persons involved in the

26   communications. Larian also objects to this request on the grounds that it seeks

27   information in violation of the right of privacy. Larian also objects to this request

28   on the grounds that it seeks confidential, proprietary or commercially sensitive

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __90__

1   information, the disclosure of which would be inimical to the business interests of

2   Larian and one or more third parties.  Larian also objects to this request to the

3   extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6          Subject to the foregoing, Larian will produce any personal documents

7   that are relevant and responsive to the request, if any, and that have not already

8   been produced, that he discovers in the course of his reasonable search and diligent

9   inquiry, which are within the permissible scope of discovery, and to which no

10  privilege or other protection applies, including without limitation, the attorney-

11  client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 14:**

13         All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and any PERSON and RELATING TO the period prior to

15  December 31, 2001 (regardless of when such DOCUMENT was prepared, written,

16  transmitted or received, whether in whole or in part), including without limitation

17  all diaries, notes, calendars, logs, phone records and letters, that reflect, record or

18  memorialize or otherwise RELATING TO any such COMMUNICATIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence, including, without

25  limitation, in that it would extend to documents relating to any communication

26  between anyone at MGA and any other person and referring or relating in any way

27  to a wide variety of unidentified subject matter, without regard to whether such

28  communications are at all relevant to any claim or defense at issue in this litigation.

- 18 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 91

1    Larian also objects to this request on the grounds that it is overbroad, unduly

2    burdensome and oppressive in that it purports to require Larian to diligently

3    identify every communication that any of MGA's hundreds of employees may have

4    had with any other person before December 31, 2001.  Larian also objects to this

5    request on the grounds that it is overbroad, unduly burdensome and oppressive in

6    that it is not in any way limited as to the persons involved in the communications.

7    Larian also objects to this request on the grounds that it seeks information in

8    violation of the right of privacy.  Larian also objects to this request on the grounds

9    that it seeks confidential, proprietary or commercially sensitive information, the

10    disclosure of which would be inimical to the business interests of Larian and one or

11    more third parties.  Larian also objects to this request to the extent it calls for the

12    disclosure of attorney-client privileged information or information protected from

13    disclosure by the work-product doctrine, joint defense or common interest

14    privilege, or other privilege.

15    **REQUEST FOR PRODUCTION NO. 15:**

16            All COMMUNICATIONS RELATING TO BRATZ between YOU or

17    MGA and BRYANT.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

19            Larian incorporates by reference the above-stated general objections as

20    if fully set forth herein.  Larian also specifically objects to this request on the

21    grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

22    information not relevant to the subject matter of this lawsuit or reasonably

23    calculated to lead to the discovery of admissible evidence.  Larian also specifically

24    objects to this request on the grounds that it is overbroad, unduly burdensome and

25    oppressive, without limitation, in potentially extending to communications that

26    Bryant may have had with any of MGA's hundreds of employees, agents or

27    representatives, and regardless of whether any such communication is related in any

28    way to the subject matter of this lawsuit, Larian, MGA, or MGA's business.  Larian

- 19 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 92

1    also objects to this request on the grounds that it is overbroad, unduly burdensome

2    and oppressive in that it is not in any way limited as to the persons involved in the

3    communications or as to time.  Larian also objects to this request on the grounds

4    that it seeks information in violation of the right of privacy.  Larian also objects to

5    this request on the grounds that it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business

7    interests of Larian and one or more third parties.  Larian further objects to this

8    request to the extent it seeks information the disclosure of which would implicate

9    the rights of third parties to protect private, confidential, proprietary or trade secret

10   information.  Larian also objects to this request to the extent it calls for the

11   disclosure of attorney-client privileged information or information protected from

12   disclosure by the work-product doctrine, joint defense or common interest

13   privilege, or other privilege.  Larian also objects to the extent this request seeks

14   documents not in Larian's possession, custody or control.

15           Subject to the foregoing, Larian will produce any personal documents

16   that are relevant and responsive to the request, if any, and that have not already

17   been produced, that he discovers in the course of his reasonable search and diligent

18   inquiry, which are within the permissible scope of discovery, and to which no

19   privilege or other protection applies, including without limitation, the attorney-

20   client privilege or attorney's work product doctrine.

21   **REQUEST FOR PRODUCTION NO. 16:**

22           All DOCUMENTS RELATING TO BRYANT's employment by

23   MATTEL.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

25           Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

- 20 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 93

1  calculated to lead to the discovery of admissible evidence.  Larian also specifically

2  objects to this request on the grounds that it is overbroad in that it seeks all

3  documents relating to Bryant's employment by Mattel without limitation as to

4  subject matter or time.  Larian also objects to the extent that it seeks information

5  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

6  the discovery of admissible evidence.  Larian also objects to this request on the

7  grounds that it seeks confidential, proprietary or commercially sensitive

8  information, the disclosure of which would be inimical to the business interests of

9  Larian and one or more third parties.  Larian further objects to the extent this

10  request seeks documents not in Larian's possession, custody or control.  Larian also

11  objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 17:**

21          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

22  BRYANT's employment by MATTEL.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

- 21 -

1  objects to this request on the grounds that it is overbroad, unduly burdensome, and

2  oppressive including, without limitation, in potentially extending to documents that

3  may be in the possession of any of MGA's hundreds of employees, agents or

4  representatives, and regardless of whether any such document is related in any way

5  to the subject matter of this lawsuit. Larian also objects to this request on the

6  grounds that it seeks confidential, proprietary or commercially sensitive

7  information, the disclosure of which would be inimical to the business interests of

8  Larian and one or more third parties. Larian also objects to this request to the

9  extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian further objects to the extent this request seeks documents not in Larian's

12  possession, custody or control. Larian also objects to this request to the extent it

13  calls for the disclosure of attorney-client privileged information or information

14  protected from disclosure by the work-product doctrine, joint defense or common

15  interest privilege, or other privilege.

16       Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 18:**

23       All DOCUMENTS RELATING TO DESIGNS that BRYANT

24  produced, prepared, created, authored, conceived of or reduced to practice, whether

25  alone or jointly with others, prior to December 31, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27       Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request to the extent

- 22 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 95

1   it is overbroad, unduly burdensome and oppressive including, without limitation, in

2   seeking documents relating to designs not in issue in this action, and in that it

3   reaches back into time indefinitely and, thus, for example, calls for documents

4   referring or relating to designs Bryant might have conceived of in his childhood and

5   that have nothing whatsoever to do with this action.  Larian also objects to this

6   request to the extent it seeks information the disclosure of which would implicate

7   the rights of third parties to protect private, confidential, proprietary or trade secret

8   information.  Larian also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of Larian and one or more third

11  parties.  Larian also objects to this request to the extent it calls for the disclosure of

12  attorney-client privileged information or information protected from disclosure by

13  the work-product doctrine, joint defense or common interest privilege, or other

14  privilege.  Larian also objects to this request to the extent that it seeks documents

15  not in Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 19:**

23          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

24  created, authored, conceived of or reduced to practice prior to December 31, 2001,

25  by BRYANT, whether alone or jointly with others, in which YOU or MGA have

26  purported at any time to purchase, acquire or own any right, title or interest

27  (whether in whole or in part).

28

- 23 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _96_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request to the extent it is overbroad, including, without limitation, in seeking documents relating to any designs created, authored, conceived of or reduced to practice prior to December 31, 2001, by Bryant, and is therefore not limited to those designs that may be at issue in this litigation.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent that it seeks documents not in Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents relating to Bratz or Prayer Angels that are relevant and responsive, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including without limitation all

- 24 -

1  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

2  any agreement or contract between BRYANT and MATTEL.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4        Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also specifically

9  objects to this request to the extent it seeks information the disclosure of which

10  would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information.  Larian also objects to this request to the

12  extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege.  Larian also objects to this request

15  to the extent that it seeks documents not in Larian's possession, custody or control.

16        Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 21:**

23        All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  YOUR or MGA's knowledge of any agreement or contract between BRYANT and

26  MATTEL.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

28        Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _98_

1   if fully set forth herein. Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence. Larian also specifically

5   objects to this request to the extent it seeks information the disclosure of which

6   would implicate the rights of third parties to protect private, confidential,

7   proprietary or trade secret information. Larian also objects to this request to the

8   extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege. Larian also objects to this request

11  to the extent that it seeks documents not in Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  that are relevant and responsive to the request, if any, and that have not already

14  been produced, that he discovers in the course of his reasonable search and diligent

15  inquiry, which are within the permissible scope of discovery, and to which no

16  privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 22:**

19          All DOCUMENTS RELATING TO any payment or transfer of

20  anything of value made to or on behalf of BRYANT prior to October 21, 2000 or

21  for work or services performed by BRYANT prior to October 21, 2000 regardless

22  of when such payment was actually made.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also specifically

- 26 -

1  objects to this request on the grounds that it is overbroad, including, without

2  limitation, in that it asks for documents that refer or relate to "any payment or

3  transfer. . .on behalf of Bryant" without regard to what such payment might relate

4  to. Larian also objects to this request on the grounds that it is vague and ambiguous

5  in that Larian cannot determine what is meant by "payment or transfer. . . on behalf

6  of Bryant." Larian also objects to this request to the extent it seeks information the

7  disclosure of which would implicate the rights of third parties to protect private,

8  confidential, proprietary or trade secret information. Larian also objects to this

9  request on the grounds that it seeks confidential, proprietary or commercially

10 sensitive information, the disclosure of which would be inimical to the business

11 interests of Larian and one or more third parties. Larian also objects to this request

12 to the extent it calls for the disclosure of attorney-client privileged information or

13 information protected from disclosure by the work-product doctrine, joint defense

14 or common interest privilege, or other privilege.

15        Subject to the foregoing, Larian will produce any personal documents

16 relating to any payments by Larian or MGA that are relevant and responsive to the

17 request, if any, and that have not already been produced, that he discovers in the

18 course of his reasonable search and diligent inquiry, which are within the

19 permissible scope of discovery, and to which no privilege or other protection

20 applies, including without limitation, the attorney-client privilege or attorney's

21 work product doctrine.

22 **REQUEST FOR PRODUCTION NO. 23:**

23        ALL DOCUMENTS RELATING TO any agreement or contract

24 between YOU or MGA, on the one hand, and BRYANT, on the other hand,

25 including without limitation all drafts thereof, all actual or proposed amendments,

26 modifications and revisions thereto and all COMMUNICATIONS RELATING

27 thereto.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2          Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

8  in seeking all documents that refer or relate to any agreement or contract between

9  Larian or MGA and Bryant.  Larian also objects to this request on the grounds that

10  it seeks confidential, proprietary or commercially sensitive information, the

11  disclosure of which would be inimical to the business interests of Larian and one or

12  more third parties.  Larian also objects to this request to the extent it calls for the

13  disclosure of attorney-client privileged information or information protected from

14  disclosure by the work-product doctrine, joint defense or common interest

15  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to

17  protect private, confidential, proprietary or trade secret information. Larian also

18  objects to this request to the extent that it seeks documents not in Larian's

19  possession, custody or control.

20          Subject to the foregoing, Larian will produce any personal documents

21  that are relevant and responsive to the request, if any, and that have not already

22  been produced, that he discovers in the course of his reasonable search and diligent

23  inquiry, which are within the permissible scope of discovery, and to which no

24  privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 24:**

27          All doll heads, sculpts, prototypes, models, samples and tangible items

28  that were created, prepared or made, whether in whole or in part, prior to December

- 28 -

1  31, 2001 RELATING TO BRATZ.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

3  Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein. Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence. Larian specifically

8  objects to this request to the extent that it seeks tangible items not within Larian's

9  possession, custody or control. Larian also objects to this request to the extent it

10  seeks information the disclosure of which would implicate the rights of third parties

11  to protect private, confidential, proprietary or trade secret information. Larian also

12  specifically objects to this request on the grounds that it seeks confidential,

13  proprietary, or commercially sensitive information, the disclosure of which would

14  be inimical to the business interests of Larian and one or more third parties. Larian

15  also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18  Subject to the foregoing, Larian will produce any personal items for

19  inspection that are relevant and responsive to the request, if any, and that have not

20  already been produced, that he discovers in the course of his reasonable search and

21  diligent inquiry, which are within the permissible scope of discovery, and to which

22  no privilege or other protection applies, including without limitation, the attorney-

23  client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 25:**

25  All doll heads, sculpts, prototypes, models, samples and tangible items

26  that were created, prepared or made, whether in whole or in part, prior to December

27  31, 2001 RELATING TO ANGEL.

28

- 29 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __112__

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

2   　　　　　Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein.  Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence.  Larian also objects to

7   this request on the grounds that it seeks tangible items not within Larian's

8   possession, custody or control.  Larian also objects to this request to the extent it

9   seeks information the disclosure of which would implicate the rights of third parties

10  to protect private, confidential, proprietary or trade secret information.  Larian also

11  specifically objects to this request on the grounds that it seeks confidential,

12  proprietary, or commercially sensitive information, the disclosure of which would

13  be inimical to the business interests of Larian and one or more third parties.  Larian

14  also objects to this request to the extent it calls for the disclosure of attorney-client

15  privileged information or information protected from disclosure by the work

16  product doctrine, joint defense or common interest privilege, or other privilege.

17  　　　　　Subject to the foregoing, Larian will produce any personal items for

18  inspection that are relevant and responsive to the request, if any, and that have not

19  already been produced, that he discovers in the course of his reasonable search and

20  diligent inquiry, which are within the permissible scope of discovery, and to which

21  no privilege or other protection applies, including without limitation, the attorney-

22  client privilege or attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 26:**

24  　　　　　All DOCUMENTS RELATING TO each and every sculpt of BRATZ

25  (including without limitation any model, prototype or sample thereof) prior to June

26  1, 2001.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

28  　　　　　Larian incorporates by reference the above-stated general objections as

- 30 -

EXHIBIT _3_ PAGE _103_

1    if fully set forth herein.  Larian also specifically objects to this request on the

2    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3    information not relevant to the subject matter of this lawsuit or reasonably

4    calculated to lead to the discovery of admissible evidence.  Larian specifically

5    objects to this request to the extent it seeks information the disclosure of which

6    would implicate the rights of third parties to protect private, confidential,

7    proprietary or trade secret information.  Larian also objects to this request on the

8    grounds that it seeks confidential, proprietary or commercially sensitive

9    information, the disclosure of which would be inimical to the business interests of

10   Larian and one or more third parties.  Larian also objects to this request to the

11   extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense

13   or common interest privilege, or other privilege.

14           Subject to the foregoing, Larian will produce any personal documents

15   that are relevant and responsive to the request, if any, and that have not already

16   been produced, that he discovers in the course of his reasonable search and diligent

17   inquiry, which are within the permissible scope of discovery, and to which no

18   privilege or other protection applies, including without limitation, the attorney-

19   client privilege or attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 27:**

21           All DOCUMENTS RELATING TO each and every sculpt of ANGEL

22   (including without limitation any model, prototype or sample thereof).

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

24           Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also specifically

- 31 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __104__

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request on the

4   grounds that it seeks confidential, proprietary or commercially sensitive

5   information, the disclosure of which would be inimical to the business interests of

6   Larian and one or more third parties.  Larian also objects to this request to the

7   extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10       Subject to the foregoing, Larian will produce any personal documents

11  relating to first generation of Prayer Angel that are relevant and responsive to the

12  request, if any, and that have not already been produced, that he discovers in the

13  course of his reasonable search and diligent inquiry, which are within the

14  permissible scope of discovery, and to which no privilege or other protection

15  applies, including without limitation, the attorney-client privilege or attorney's

16  work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 28:**

18       All DOCUMENTS RELATING TO the procurement, fabrication,

19  preparation and production of each and every mold for BRATZ (including without

20  limitation for any model, prototype or sample thereof) prior June 30, 2001,

21  including without limitation all orders, purchase orders and invoices relating

22  thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

24       Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian specifically

- 32 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   3   PAGE /05

1  objects to this request to the extent it seeks information the disclosure of which

2  would implicate the rights of third parties to protect private, confidential,

3  proprietary or trade secret information.  Larian also objects to this request on the

4  grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties.  Larian also objects to this request on the

7  grounds that it is vague and ambiguous in that Larian cannot determine what is

8  meant by "mold . . . (including without limitation any model, prototype or sample

9  thereof)."  Larian also objects to this request to the extent it calls for the disclosure

10  of attorney-client privileged information or information protected from disclosure

11  by the work-product doctrine, joint defense or common interest privilege, or other

12  privilege.

13        Subject to the foregoing, Larian will produce any personal documents

14  that are relevant and responsive to the request, if any, and that have not already

15  been produced, that he discovers in the course of his reasonable search and diligent

16  inquiry, which are within the permissible scope of discovery, and to which no

17  privilege or other protection applies, including without limitation, the attorney-

18  client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 29:**

20        DOCUMENTS sufficient to show when any mold for ANGEL

21  (including without limitation for any model, prototype or sample thereof) was first

22  ordered, requested, procured, fabricated, prepared and produced.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

24        Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

- 33 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  PAGE  100

1   objects to this request on the grounds that it is overbroad in that is it not limited as

2   to time.  Larian also objects to this request to the extent it seeks information the

3   disclosure of which would implicate the rights of third parties to protect private,

4   confidential, proprietary or trade secret information.  Larian also objects to this

5   request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian also objects to this request

8   on the grounds that it is vague and ambiguous in that Larian cannot determine what

9   is meant by "mold . . . (including without limitation any model, prototype or sample

10  thereof)."  Larian also objects to this request to the extent it calls for the disclosure

11  of attorney-client privileged information or information protected from disclosure

12  by the work-product doctrine, joint defense or common interest privilege, or other

13  privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  relating to first generation of Prayer Angel that are relevant and responsive to the

16  request, if any, and that have not already been produced, that he discovers in the

17  course of his reasonable search and diligent inquiry, which are within the

18  permissible scope of discovery, and to which no privilege or other protection

19  applies, including without limitation, the attorney-client privilege or attorney's

20  work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 30:**

22          All DOCUMENTS RELATING TO any showing, presentation or

23  exhibition, or any proposed, offered or requested showing, presentation or

24  exhibition, of BRATZ (including without limitation any model, prototype or sample

25  thereof) prior to June 30, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 107

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence. Larian also specifically

4  objects to this request on the grounds that it seeks information not relevant to the

5  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

6  admissible evidence, including, without limitation, in that it potentially extends to

7  every communication having to do with, for example, any Toy Fair to which Larian

8  or MGA brought, or considered bringing, Bratz during the stated time frame, and is,

9  thus, also overbroad, unduly burdensome and oppressive. Larian also objects to

10  this request on the grounds that it is vague and ambiguous in that Larian cannot

11  determine what is meant by "showing, presentation or exhibition." Larian also

12  objects to this request to the extent it seeks information the disclosure of which

13  would implicate the rights of third parties to protect private, confidential,

14  proprietary or trade secret information. Larian further objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive

16  information, the disclosure of which would be inimical to the business interests of

17  Larian. Larian also objects to this request to the extent it calls for the disclosure of

18  attorney-client privileged information or information protected from disclosure by

19  the work-product doctrine, joint defense or common interest privilege, or other

20  privilege.

21       Subject to the foregoing, Larian will produce any personal documents

22  that are relevant and responsive to the request, if any, and that have not already

23  been produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, which are within the permissible scope of discovery, and to which no

25  privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 31:**

28       DOCUMENTS sufficient to show when ANGEL (including without

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 108

1   limitation any model, prototype or sample thereof) was first exhibited, shown or

2   presented to any third party.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

4             Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also objects to

9   this request on the grounds that it is vague and ambiguous in that Larian cannot

10  determine what is meant by "mold…(including without limitation any model,

11  prototype or sample thereof)."  Larian also objects to this request to the extent it

12  seeks information the disclosure of which would implicate the rights of third parties

13  to protect private, confidential, proprietary or trade secret information.  Larian also

14  objects to this request on the grounds that it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to

16  the business interests of Larian and one or more third parties.  Larian also objects to

17  this request to the extent it calls for the disclosure of attorney-client privileged

18  information or information protected from disclosure by the work-product doctrine,

19  joint defense or common interest privilege, or other privilege.

20            Subject to the foregoing, Larian will produce any personal documents

21  that are relevant and responsive to the request, if any, and that have not already

22  been produced, that he discovers in the course of his reasonable search and diligent

23  inquiry, which are within the permissible scope of discovery, and to which no

24  privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 32:**

27            All COMMUNICATIONS between YOU or MGA and any

28  wholesaler, distributor, and/or retailer RELATING TO BRATZ prior to December

- 36 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 109

1   31, 2001.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

3           Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian also specifically

8   objects to this request on the grounds that it is overbroad, unduly burdensome and

9   oppressive, without limitation, in potentially extending to communications that a

10   wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds

11   of employees, agents or representatives, and regardless of whether any such

12   communication is related in any way to the subject matter of this lawsuit.  Larian

13   also objects to this request to the extent it seeks information the disclosure of which

14   would implicate the rights of third parties to protect private, confidential,

15   proprietary or trade secret information.  Larian also objects to this request on the

16   grounds that it seeks confidential, proprietary or commercially sensitive

17   information, the disclosure of which would be inimical to the business interests of

18   Larian and one or more third parties.  Larian also objects to this request to the

19   extent it calls for the disclosure of attorney-client privileged information or

20   information protected from disclosure by the work-product doctrine, joint defense

21   or common interest privilege, or other privilege.

22           Subject to the foregoing, Larian will produce any personal documents

23   that are relevant and responsive to the request, if any, and that have not already

24   been produced, that he discovers in the course of his reasonable search and diligent

25   inquiry, which are within the permissible scope of discovery, and to which no

26   privilege or other protection applies, including without limitation, the attorney-

27   client privilege or attorney's work product doctrine.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __110__

1   **REQUEST FOR PRODUCTION NO. 33:**

2   　　　　All COMMUNICATIONS between YOU or MGA and any

3   wholesaler, distributor, and/or retailer RELATING TO ANGEL.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

5   　　　　Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it seeks information not relevant to the subject matter of this lawsuit or

8   reasonably calculated to lead to the discovery of admissible evidence including,

9   without limitation, in that is seeks information related to an MGA product not at

10  issue in this lawsuit.  Larian also objects to this request on the grounds that it is

11  overbroad, unduly burdensome and oppressive, without limitation, in potentially

12  extending to communications that a wholesaler, distributor, and/or retailer may

13  have had with any of MGA's hundreds of employees, agents or representatives, and

14  regardless of whether any such communication is related in any way to the subject

15  matter of this lawsuit.  Larian also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to

17  protect private, confidential, proprietary or trade secret information.  Larian also

18  objects to this request on the grounds that it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties.  Larian also objects to

21  this request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.

24  　　　　Subject to the foregoing, Larian will produce any personal documents

25  related to first generation of Prayer Angel that are relevant and responsive to the

26  request, if any, and that have not already been produced, that he discovers in the

27  course of his reasonable search and diligent inquiry, which are within the

28  permissible scope of discovery, and to which no privilege or other protection

- 38 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __111__

1   applies, including without limitation, the attorney-client privilege or attorney's

2   work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 34:**

4         All DOCUMENTS RELATING TO when and where BRATZ

5   (including without limitation any model, prototype or sample thereof) was first

6   marketed to any wholesaler, distributor and/or retailer.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

8         Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also specifically

13  objects to this request on the grounds that it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to

15  the business interests of Larian.  Larian also objects to this request to the extent it

16  seeks information the disclosure of which would implicate the rights of third parties

17  to protect private, confidential, proprietary or trade secret information.  Larian also

18  objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21        Subject to the foregoing, Larian will produce any personal documents

22  that are relevant and responsive to the request, if any, and that have not already

23  been produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, which are within the permissible scope of discovery, and to which no

25  privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 35:**

28        All DOCUMENTS RELATING TO when and where ANGEL

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 112

1 (including without limitation any model, prototype or sample thereof) was first

2 marketed to any wholesaler, distributor and/or retailer.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

4         Larian incorporates by reference the above-stated general objections as

5 if fully set forth herein.  Larian also specifically objects to this request on the

6 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7 information not relevant to the subject matter of this lawsuit or reasonably

8 calculated to lead to the discovery of admissible evidence.   Larian also objects to

9 this request on the grounds that it seeks confidential, proprietary or commercially

10 sensitive information, the disclosure of which would be inimical to the business

11 interests of Larian and one or more third parties.  Larian also objects to this request

12 to the extent it seeks information the disclosure of which would implicate the rights

13 of third parties to protect private, confidential, proprietary or trade secret

14 information.  Larian also objects to this request to the extent it calls for the

15 disclosure of attorney-client privileged information or information protected from

16 disclosure by the work-product doctrine, joint defense or common interest

17 privilege, or other privilege.

18         Subject to the foregoing, Larian will produce any personal documents

19 that are relevant and responsive to the request, if any, and that have not already

20 been produced, that he discovers in the course of his reasonable search and diligent

21 inquiry, which are within the permissible scope of discovery, and to which no

22 privilege or other protection applies, including without limitation, the attorney-

23 client privilege or attorney's work product doctrine.

24 **REQUEST FOR PRODUCTION NO. 36:**

25         DOCUMENTS sufficient to show when and where BRATZ was first

26 shipped, distributed and sold.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

28         Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 113

1  if fully set forth herein. Larian also specifically objects to this request on the

2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3  information not relevant to the subject matter of this lawsuit or reasonably

4  calculated to lead to the discovery of admissible evidence. Larian also specifically

5  objects to this request to the extent it seeks information the disclosure of which

6  would implicate the rights of third parties to protect private, confidential,

7  proprietary or trade secret information. Larian also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive

9  information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties. Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.

14      Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 37:**

21      DOCUMENTS sufficient to show when and where ANGEL was first

22  shipped, distributed and sold.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

24      Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also specifically

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 14

1  objects to this request to the extent it seeks information the disclosure of which

2  would implicate the rights of third parties to protect private, confidential,

3  proprietary or trade secret information.  Larian also objects to this request to the

4  extent it seeks information the disclosure of which would implicate the rights of

5  third parties to protect private, confidential, proprietary or trade secret information.

6  Larian also objects to this request on the grounds that it seeks confidential,

7  proprietary or commercially sensitive information, the disclosure of which would

8  be inimical to the business interests of Larian and one or more third parties.  Larian

9  also objects to this request to the extent it calls for the disclosure of attorney-client

10  privileged information or information protected from disclosure by the work-

11  product doctrine, joint defense or common interest privilege, or other privilege.

12          Subject to the foregoing, Larian will produce any personal documents

13  that are relevant and responsive to the request, if any, and that have not already

14  been produced, that he discovers in the course of his reasonable search and diligent

15  inquiry, which are within the permissible scope of discovery, and to which no

16  privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 38:**

19          All DOCUMENTS RELATING TO the licensing, including without

20  limitation the proposed, offered or requested licensing, of BRATZ prior to

21  December 31, 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also specifically

28  objects to this request on the grounds that it seeks information in violation of the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __115__

1  right of privacy. Larian also objects to this request on the grounds that it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of

3  which would be inimical to the business interests of Larian and one or more third

4  parties. Larian also objects to this request to the extent it calls for the disclosure of

5  attorney-client privileged information or information protected from disclosure by

6  the work-product doctrine, joint defense or common interest privilege, or other

7  privilege. Larian also objects to this request to the extent it seeks documents not

8  within Larian's possession, custody or control.

9       Subject to the foregoing, Larian will produce any personal documents

10  that are relevant and responsive to the request, if any, and that have not already

11  been produced, that he discovers in the course of his reasonable search and diligent

12  inquiry, which are within the permissible scope of discovery, and to which no

13  privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 39:**

16       All COMMUNICATIONS between YOU or MGA and any

17  manufacturer, or any contemplated, proposed or potential manufacturer,

18  RELATING TO BRATZ prior to December 31, 2001.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

20       Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence. Larian also specifically

25  objects to this request to the extent it seeks information the disclosure of which

26  would implicate the rights of third parties to protect private, confidential,

27  proprietary or trade secret information. Larian also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive

- 43 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 116

1    information, the disclosure of which would be inimical to the business interests of

2    Larian and one or more third parties.  Larian also objects to this request to the

3    extent it calls for the disclosure of attorney-client privileged information or

4    information protected from disclosure by the work-product doctrine, joint defense

5    or common interest privilege, or other privilege.

6            Subject to the foregoing, Larian will produce any personal documents

7    that are relevant and responsive to the request, if any, and that have not already

8    been produced, that he discovers in the course of his reasonable search and diligent

9    inquiry, which are within the permissible scope of discovery, and to which no

10   privilege or other protection applies, including without limitation, the attorney-

11   client privilege or attorney's work product doctrine.

12   **REQUEST FOR PRODUCTION NO. 40:**

13           DOCUMENTS sufficient to identify when YOU or MGA first

14   contacted any manufacturer, or any contemplated, proposed or potential

15   manufacturer, for the production or manufacture of ANGEL.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence including, without

22   limitation, in that it seeks information related to an MGA product not at issue in this

23   lawsuit, and in that the manufacturer of Angel has nothing whatsoever to do with

24   Bryant, Mattel, or this lawsuit.  Larian also objects to this request to the extent it

25   seeks information the disclosure of which would implicate the rights of third parties

26   to protect private, confidential, proprietary or trade secret information.  Larian also

27   objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _117_