1   the business interests of Larian and one or more third parties. Larian also objects to

2   this request to the extent it calls for the disclosure of attorney-client privileged

3   information or information protected from disclosure by the work-product doctrine,

4   joint defense or common interest privilege, or other privilege.

5          Subject to the foregoing, Larian will produce any personal documents

6   that are relevant and responsive to the request, if any, and that have not already

7   been produced, that he discovers in the course of his reasonable search and diligent

8   inquiry, which are within the permissible scope of discovery, and to which no

9   privilege or other protection applies, including without limitation, the attorney-

10  client privilege or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 41:**

12         All COMMUNICATIONS between YOU or MGA and any PERSON

13  that REFER OR RELATE TO the distribution or proposed or potential distribution

14  of BRATZ prior to December 31, 2001.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

16         Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence. Larian also specifically

21  objects to this request to the extent it seeks information the disclosure of which

22  would implicate the rights of third parties to protect private, confidential,

23  proprietary or trade secret information. Larian also objects to this request on the

24  grounds that it seeks confidential, proprietary or commercially sensitive

25  information, the disclosure of which would be inimical to the business interests of

26  Larian and one or more third parties. Larian also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

- 45 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _118_

1   or common interest privilege, or other privilege.

2            Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 42:**

9            All DOCUMENTS RELATING TO the performance of any

10  agreement or contract between YOU or MGA, on the one hand, and BRYANT, on

11  the other hand.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13           Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence. Larian also specifically

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking all documents that refer or relate to the performance of any

20  agreement or contract between MGA and Bryant. Larian also objects to this

21  request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties. Larian also objects to this request

24  to the extent it seeks information the disclosure of which would implicate the rights

25  of third parties to protect private, confidential, proprietary or trade secret

26  information. Larian also objects to this request to the extent it calls for the

27  disclosure of attorney-client privileged information or information protected from

28  disclosure by the work-product doctrine, joint defense or common interest

- 46 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 119

1    privilege, or other privilege. Larian also objects to this request to the extent it seeks

2    documents not within Larian's possession, custody or control.

3          Subject to the foregoing, Larian will produce any personal documents

4    related to Bratz or Prayer Angels that are relevant and responsive to the request, if

5    any, and that have not already been produced, that he discovers in the course of his

6    reasonable search and diligent inquiry, which are within the permissible scope of

7    discovery, and to which no privilege or other protection applies, including without

8    limitation, the attorney-client privilege or attorney's work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 43:**

10          All DOCUMENTS RELATING TO the agreement dated as of

11    September 18, 2000 between MGA and BRYANT, including without limitation all

12    drafts thereof, any actual or proposed modifications, amendments or revisions

13    thereto and all COMMUNICATIONS RELATING thereto.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

15          Larian incorporates by reference the above-stated general objections as

16    if fully set forth herein. Larian also specifically objects to this request on the

17    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18    information not relevant to the subject matter of this lawsuit or reasonably

19    calculated to lead to the discovery of admissible evidence. Larian also specifically

20    objects to this request on the grounds that it seeks confidential, proprietary or

21    commercially sensitive information, the disclosure of which would be inimical to

22    the business interests of Larian. Larian also objects to this request to the extent it

23    seeks information the disclosure of which would implicate the rights of third parties

24    to protect private, confidential, proprietary or trade secret information. Larian also

25    objects to this request to the extent it calls for the disclosure of attorney-client

26    privileged information or information protected from disclosure by the work-

27    product doctrine, joint defense or common interest privilege, or other privilege.

28    Larian also objects to this request to the extent it seeks documents not within

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **120**

1   Larian's possession, custody or control.

2         Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 44:**

9         All DOCUMENTS RELATING TO the Modification and Clarification

10  of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

11  including without limitation all drafts thereof, any actual or proposed modifications,

12  amendments or revisions thereto and all COMMUNICATIONS RELATING

13  thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

15        Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also specifically

20  objects to this request on the grounds that it seeks confidential, proprietary or

21  commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of Larian.  Larian also objects to this request to the extent it

23  seeks information the disclosure of which would implicate the rights of third parties

24  to protect private, confidential, proprietary or trade secret information.  Larian also

25  objects to this request to the extent it calls for the disclosure of attorney-client

26  privileged information or information protected from disclosure by the work-

27  product doctrine, joint defense or common interest privilege, or other privilege.

28  Larian also objects to this request to the extent it seeks documents not within

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 121

1   Larian's possession, custody or control.

2      Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 45:**

9      All DOCUMENTS RELATING TO the agreement dated April 2001

10   between MGA and BRYANT, including without limitation all drafts thereof, any

11   actual or proposed modifications, amendments or revisions thereto and all

12   COMMUNICATIONS RELATING thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

14      Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.  Larian also objects to

19   this request on the grounds that it seeks confidential, proprietary or commercially

20   sensitive information, the disclosure of which would be inimical to the business

21   interests of Larian and one or more third parties.  Larian also objects to this request

22   to the extent it seeks information the disclosure of which would implicate the rights

23   of third parties to protect private, confidential, proprietary or trade secret

24   information.  Larian also objects to this request to the extent it calls for the

25   disclosure of attorney-client privileged information or information protected from

26   disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

28   documents not within Larian's possession, custody or control.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3   PAGE 122

1    Subject to the foregoing, Larian will produce any personal documents

2    that are relevant and responsive to the request, if any, and that have not already

3    been produced, that he discovers in the course of his reasonable search and diligent

4    inquiry, which are within the permissible scope of discovery, and to which no

5    privilege or other protection applies, including without limitation, the attorney-

6    client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 46:**

8    All DOCUMENTS that RELATING TO any agreement or contract

9    that REFERS AND RELATES TO BRATZ between Isaac Larian and any

10   PERSON (including without limitation MGA), including without limitation all

11   drafts thereof, all actual or proposed amendments, modifications and revisions

12   thereto and all COMMUNICATIONS RELATING thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

14   Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  L Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.   Larian also objects to

19   this request to the extent it seeks information the disclosure of which would

20   implicate the rights of third parties to protect private, confidential, proprietary or

21   trade secret information.  Larian also objects to this request on the grounds that it

22   seeks confidential, proprietary or commercially sensitive information, the

23   disclosure of which would be inimical to the business interests of Larian and one or

24   more third parties.  Larian also objects to this request to the extent it calls for the

25   disclosure of attorney-client privileged information or information protected from

26   disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

28   documents not within Larian's possession, custody or control.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **123**

1    **REQUEST FOR PRODUCTION NO. 47:**

2        All DOCUMENTS RELATING TO the performance of any

3    agreement or contract that REFERS AND RELATES TO BRATZ between Isaac

4    Larian and any PERSON (including without limitation MGA).

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

6        Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably

10    calculated to lead to the discovery of admissible evidence.   Larian also objects to

11    this request to the extent it seeks information the disclosure of which would

12    implicate the rights of third parties to protect private, confidential, proprietary or

13    trade secret information.  Larian also objects to this request on the grounds that it

14    seeks confidential, proprietary or commercially sensitive information, the

15    disclosure of which would be inimical to the business interests of Larian and one or

16    more third parties.  Larian also objects to this request to the extent it calls for the

17    disclosure of attorney-client privileged information or information protected from

18    disclosure by the work-product doctrine, joint defense or common interest

19    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

20    documents not within Larian's possession, custody or control.

21    **REQUEST FOR PRODUCTION NO. 48:**

22        All DOCUMENTS that REFER OR RELATE TO any agreement or

23    contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

24    any PERSON (including without limitation MGA), including without limitation all

25    drafts thereof, all actual or proposed amendments, modifications and revisions

26    thereto and all COMMUNICATIONS RELATING thereto.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

28        Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE *124*

1  if fully set forth herein. Larian also specifically objects to this request on the

2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3  information not relevant to the subject matter of this lawsuit or reasonably

4  calculated to lead to the discovery of admissible evidence. Larian also objects to

5  this request to the extent it seeks information the disclosure of which would

6  implicate the rights of third parties to protect private, confidential, proprietary or

7  trade secret information. Larian also objects to this request on the grounds that it

8  seeks confidential, proprietary or commercially sensitive information, the

9  disclosure of which would be inimical to the business interests of Larian and one or

10  more third parties. Larian also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege. Larian also objects to this request to the extent it seeks

14  documents not within Larian's possession, custody or control.

15  **REQUEST FOR PRODUCTION NO. 49:**

16      All DOCUMENTS RELATING TO the performance of any

17  agreement or contract that REFERS AND RELATES TO BRYANT between Isaac

18  Larian and any PERSON (including without limitation MGA).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

20      Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence. Larian also objects to

25  this request to the extent it seeks information the disclosure of which would

26  implicate the rights of third parties to protect private, confidential, proprietary or

27  trade secret information. Larian also objects to this request on the grounds that it

28  seeks confidential, proprietary or commercially sensitive information, the

- 52 -

EXHIBIT 3 PAGE 125

1  disclosure of which would be inimical to the business interests of Larian and one or

2  more third parties.  Larian also objects to this request to the extent it calls for the

3  disclosure of attorney-client privileged information or information protected from

4  disclosure by the work-product doctrine, joint defense or common interest

5  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

6  documents not within Larian's possession, custody or control.

7  **REQUEST FOR PRODUCTION NO. 50:**

8  　　　　　All DOCUMENTS that REFER OR RELATE TO any agreement or

9  contract that REFERS AND RELATES TO BRATZ between any FAMILY

10  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

11  and/or Isaac Larian), including without limitation all drafts thereof, all actual or

12  proposed amendments, modifications and revisions thereto and all

13  COMMUNICATIONS RELATING thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

15  　　　　　Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request to the extent it seeks information the disclosure of which would

21  implicate the rights of third parties to protect private, confidential, proprietary or

22  trade secret information.  Larian also objects to this request on the grounds that it

23  seeks confidential, proprietary or commercially sensitive information, the

24  disclosure of which would be inimical to the business interests of Larian and one or

25  more third parties.  Larian also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

- 53 -

EXHIBIT 3 PAGE 126

1  documents not within Larian's possession, custody or control.

2  **REQUEST FOR PRODUCTION NO. 51:**

3  All DOCUMENTS RELATING TO the performance of any

4  agreement or contract that REFERS AND RELATES TO BRATZ between any

5  FAMILY MEMBER of Isaac Larian and any PERSON (including without

6  limitation MGA and/or Isaac Larian).

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

8  Larian incorporates by reference the above-stated general objections as

9  if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also objects to

13  this request to the extent it seeks information the disclosure of which would

14  implicate the rights of third parties to protect private, confidential, proprietary or

15  trade secret information.  Larian also objects to this request on the grounds that it

16  seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of Larian and one or

18  more third parties.  Larian also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

22  documents not within Larian's possession, custody or control.

23  **REQUEST FOR PRODUCTION NO. 52:**

24  All DOCUMENTS RELATING TO any agreement or contract that

25  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of

26  Isaac Larian and any PERSON (including without limitation MGA and/or Isaac

27  Larian), including without limitation all drafts thereof, all actual or proposed

28  amendments, modifications and revisions thereto and all COMMUNICATIONS

- 54 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  PAGE 127

1  RELATING thereto.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

3  Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also objects to

8  this request to the extent it seeks information the disclosure of which would

9  implicate the rights of third parties to protect private, confidential, proprietary or

10  trade secret information.  Larian also objects to this request on the grounds that it

11  seeks confidential, proprietary or commercially sensitive information, the

12  disclosure of which would be inimical to the business interests of Larian and one or

13  more third parties.  Larian also objects to this request to the extent it calls for the

14  disclosure of attorney-client privileged information or information protected from

15  disclosure by the work-product doctrine, joint defense or common interest

16  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

17  documents not within Larian's possession, custody or control.

18  **REQUEST FOR PRODUCTION NO. 53:**

19  All DOCUMENTS RELATING TO the performance of any

20  agreement or contract that REFERS AND RELATES TO BRYANT between any

21  FAMILY MEMBER of Isaac Larian and any PERSON (including without

22  limitation MGA and/or Isaac Larian).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

24  Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 55 -

EXHIBIT _3_ PAGE _128_

1   this request to the extent it seeks information the disclosure of which would

2   implicate the rights of third parties to protect private, confidential, proprietary or

3   trade secret information. Larian also objects to this request on the grounds that it

4   seeks confidential, proprietary or commercially sensitive information, the

5   disclosure of which would be inimical to the business interests of Larian and one or

6   more third parties. Larian also objects to this request to the extent it calls for the

7   disclosure of attorney-client privileged information or information protected from

8   disclosure by the work-product doctrine, joint defense or common interest

9   privilege, or other privilege. Larian also objects to this request to the extent it seeks

10  documents not within Larian's possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 54:**

12          All DOCUMENTS RELATING TO royalties or payments

13  RELATING TO BRATZ that have been made by any PERSON (including without

14  limitation MGA) to, for or on behalf of Isaac Larian.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

16          Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence. Larian also specifically

21  objects to this request on the grounds that it is overbroad including, without

22  limitation, in that it is not limited as to time of the royalties or payments or as to the

23  individuals who made such royalties or payments, if any. Larian also objects to this

24  request on the grounds that it is vague and ambiguous, particularly in that Larian

25  cannot determine what is meant by "royalties or payments…on behalf of Isaac

26  Larian." Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would

28  be inimical to the business interests of Larian and one or more third parties. Larian

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 129

1   also objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request to the

4   extent it calls for the disclosure of attorney-client privileged information or

5   information protected from disclosure by the work-product doctrine, joint defense

6   or common interest privilege, or other privilege.

7   **REQUEST FOR PRODUCTION NO. 55:**

8       All DOCUMENTS RELATING TO royalties or payments

9   RELATING TO BRATZ that have been made by any PERSON (without limitation

10  MGA) to, for or on behalf of any FAMILY MEMBER of Isaac Larian.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12      Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also specifically

17  objects to this request on the grounds that it is overbroad including, without

18  limitation, in that it is not limited as to time of the royalties or payments or as to the

19  individuals who made such royalties or payments, if any.  Larian also objects to this

20  request on the grounds that it is vague and ambiguous, particularly in that Larian

21  cannot determine what is meant by "royalties or payments…on behalf of any family

22  member."  Larian also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of

24  which would be inimical to the business interests of Larian and one or more third

25  parties.  Larian also objects to this request to the extent it seeks information the

26  disclosure of which would implicate the rights of third parties to protect private,

27  confidential, proprietary or trade secret information.  Larian also objects to this

28  request to the extent it calls for the disclosure of attorney-client privileged

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 130

1 | information or information protected from disclosure by the work-product doctrine,

2 | joint defense or common interest privilege, or other privilege. Larian also objects

3 | to this request to the extent it seeks documents not within Larian's possession,

4 | custody or control.

5 | **REQUEST FOR PRODUCTION NO. 56:**

6 | All DOCUMENTS RELATING TO DIVA STARZ and RELATING

7 | TO any time prior to December 31, 2001 (regardless of when such document was

8 | prepared, written, transmitted or received, whether in whole or in part).

9 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

10 | Larian incorporates by reference the above-stated general objections as

11 | if fully set forth herein. Larian also specifically objects to this request on the

12 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13 | information not relevant to the subject matter of this lawsuit or reasonably

14 | calculated to lead to the discovery of admissible evidence. Larian also objects to

15 | this request on the grounds that it seeks confidential, proprietary or commercially

16 | sensitive information, the disclosure of which would be inimical to the business

17 | interests of Larian and one or more third parties. Larian also objects to this request

18 | to the extent it seeks information the disclosure of which would implicate the rights

19 | of third parties to protect private, confidential, proprietary or trade secret

20 | information. Larian also objects to this request to the extent it calls for the

21 | disclosure of attorney-client privileged information or information protected from

22 | disclosure by the work-product doctrine, joint defense or common interest

23 | privilege, or other privilege. Larian also objects to this request to the extent it seeks

24 | documents not within Larian's possession, custody or control.

25 | **REQUEST FOR PRODUCTION NO. 57:**

26 | All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

27 | DIVA STARZ and RELATING TO any time prior to December 31, 2001

28 | (regardless of when such document was prepared, written, transmitted or received,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **131**

1   whether in whole or in part).

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

3           Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein. Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence. Larian also objects to

8   this request on the grounds that it seeks confidential, proprietary or commercially

9   sensitive information, the disclosure of which would be inimical to the business

10  interests of Larian and one or more third parties. Larian also objects to this request

11  to the extent it seeks information the disclosure of which would implicate the rights

12  of third parties to protect private, confidential, proprietary or trade secret

13  information. Larian also objects to this request to the extent it calls for the

14  disclosure of attorney-client privileged information or information protected from

15  disclosure by the work-product doctrine, joint defense or common interest

16  privilege, or other privilege. Larian also objects to this request to the extent it seeks

17  documents not within Larian's possession, custody or control.

18  **REQUEST FOR PRODUCTION NO. 58:**

19          All DOCUMENTS RELATING TO MATTEL's consideration or

20  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

21  any time prior to December 31, 2001 (regardless of when such document was

22  prepared, written, transmitted or received, whether in whole or in part).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 132

1  this request on the grounds that it is vague and ambiguous in that Larian cannot

2  determine what is meant by "proposed use of 'Brats,' 'Chat Brats' or any variation

3  thereon." Larian also objects to this request on the grounds that it seeks

4  confidential, proprietary or commercially sensitive information, the disclosure of

5  which would be inimical to the business interests of Larian and one or more third

6  parties. Larian also objects to this request to the extent it seeks information the

7  disclosure of which would implicate the rights of third parties to protect private,

8  confidential, proprietary or trade secret information. Larian also objects to this

9  request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege. Larian also objects

12  to this request to the extent it seeks documents not within Larian's possession,

13  custody or control.

14        Subject to the foregoing, Larian will produce any personal documents

15  received prior to the inception of this litigation that are relevant and responsive to

16  the request, if any, and that have not already been produced, that he discovers in the

17  course of his reasonable search and diligent inquiry, which are within the

18  permissible scope of discovery, and to which no privilege or other protection

19  applies, including without limitation, the attorney-client privilege or attorney's

20  work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 59:**

22        All DOCUMENTS RELATING TO "Toon Teens."

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

24        Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 133

1  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

2  in seeking all documents relating to "Toon Teens."  Larian also objects to this

3  request on the grounds that it is vague and ambiguous in that Larian cannot

4  determine what is meant by "Toon Teens."  Larian also objects to this request on

5  the grounds that it seeks confidential, proprietary or commercially sensitive

6  information, the disclosure of which would be inimical to the business interests of

7  Larian and one or more third parties.  Larian further objects to this request to the

8  extent it seeks information the disclosure of which would implicate the rights of

9  third parties to protect private, confidential, proprietary or trade secret information.

10  Larian also objects to this request to the extent it calls for the disclosure of attorney-

11  client privileged information or information protected from disclosure by the work-

12  product doctrine, joint defense or common interest privilege, or other privilege.

13  Larian also objects to this request to the extent it seeks documents not within

14  Larian's possession, custody or control.

15         Subject to the foregoing, Larian will produce any personal documents

16  received prior to the inception of this litigation that are relevant and responsive to

17  the request, if any, and that have not already been produced, that he discovers in the

18  course of his reasonable search and diligent inquiry, which are within the

19  permissible scope of discovery, and to which no privilege or other protection

20  applies, including without limitation, the attorney-client privilege or attorney's

21  work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 60:**

23         All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

24  "Toon Teens."

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

26         Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

EXHIBIT 3  PAGE 131

- 61 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also objects to

3   this request on the grounds that it is overbroad, unduly burdensome, in that it is

4   duplicative of request number 59.  Larian also objects to this request on the grounds

5   that it is vague and ambiguous in that Larian cannot determine what is meant by

6   "Toon Teens."  Larian also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of

8   which would be inimical to the business interests of Larian and one or more third

9   parties.  Larian further objects to this request to the extent it seeks information the

10  disclosure of which would implicate the rights of third parties to protect private,

11  confidential, proprietary or trade secret information.  Larian also objects to this

12  request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine,

14  joint defense or common interest privilege, or other privilege.  Larian also objects

15  to this request to the extent it seeks documents not within Larian's possession,

16  custody or control.

17          Subject to the foregoing, Larian will produce any personal documents

18  relating to the knowledge prior to the inception of this litigation that are relevant

19  and responsive to the request, if any, and that have not already been produced, that

20  he discovers in the course of his reasonable search and diligent inquiry, which are

21  within the permissible scope of discovery, and to which no privilege or other

22  protection applies, including without limitation, the attorney-client privilege or

23  attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 61:**

25          All DOCUMENTS, including without limitation

26  COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

27  in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61**:

2           Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein.  Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence.  Larian also objects to

7   this request on the grounds that it seeks confidential, proprietary or commercially

8   sensitive information, the disclosure of which would be inimical to the business

9   interests of Larian and one or more third parties.  Larian also objects to this request

10  to the extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege.

13          Subject to the foregoing, Larian will produce any personal documents

14  relating to Bratz and Prayer Angels that are relevant and responsive to the request,

15  if any, and that have not already been produced, that he discovers in the course of

16  his reasonable search and diligent inquiry, which are within the permissible scope

17  of discovery, and to which no privilege or other protection applies, including

18  without limitation, the attorney-client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 62**:

20          All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without

22  limitation any freelance work or consulting services, by BRYANT for, with or on

23  behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

24  DOCUMENT was prepared, created, received or transmitted, whether in whole or

25  in part).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _136_

1    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably

3    calculated to lead to the discovery of admissible evidence. Larian also objects to

4    this request on the ground that it is overbroad, unduly burdensome, and oppressive

5    in seeking all documents relating to any work, activities or services that Bryant

6    performed for or with Larian or MGA or on their behalf. Larian also objects to this

7    request on the grounds that it is vague and ambiguous in that Larian cannot

8    determine what is meant by "activities or services" and "with or on behalf of YOU

9    or MGA." Larian will interpret "activities or services" to mean "work or services,"

10   and "with" to mean "on behalf of." Larian also objects to this request on the

11   grounds that it seeks confidential, proprietary or commercially sensitive

12   information, the disclosure of which would be inimical to the business interests of

13   Larian and one or more third parties. Larian also objects to this request to the

14   extent it seeks information the disclosure of which would implicate the rights of

15   third parties to protect private, confidential, proprietary or trade secret information.

16   Larian also objects to this request to the extent it calls for the disclosure of attorney-

17   client privileged information or information protected from disclosure by the work-

18   product doctrine, joint defense or common interest privilege, or other privilege.

19   Larian also objects to this request to the extent it seeks documents not within

20   Larian's possession, custody or control.

21            Subject to the foregoing, Larian will produce any personal documents

22   relating to Bratz and Prayer Angels that are relevant and responsive to the request,

23   if any, and that have not already been produced, that he discovers in the course of

24   his reasonable search and diligent inquiry, which are within the permissible scope

25   of discovery, and to which no privilege or other protection applies, including

26   without limitation, the attorney-client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 63:**

28            All DOCUMENTS RELATING TO any actual, potential, proposed,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 137

1   considered or contemplated work, activities or services, including without

2   limitation any freelance work or consulting services, by Anna Rhee for, with or on

3   behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

4   DOCUMENT was prepared, created, received or transmitted, whether in whole or

5   in part).

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

7             Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably

11   calculated to lead to the discovery of admissible evidence.  Larian also objects to

12   this request on the ground that it is overbroad, unduly burdensome, and oppressive

13   in seeking all documents relating to any work, activities or services that Anna Rhee

14   performed for or with Larian or MGA or on their behalf.  Larian also objects to this

15   request on the grounds that it is vague and ambiguous in that Larian cannot

16   determine what is meant by "activities or services" and "with or on behalf of YOU

17   or MGA."  Larian will interpret "activities or services" to mean "work or services,"

18   and "with" to mean "on behalf of."  Larian also objects to this request to the extent

19   it seeks information the disclosure of which would implicate the rights of third

20   parties to protect private, confidential, proprietary or trade secret information.

21   Larian also objects to this request on the grounds that it seeks confidential,

22   proprietary or commercially sensitive information, the disclosure of which would

23   be inimical to the business interests of Larian and one or more third parties.  Larian

24   also objects to this request to the extent it calls for the disclosure of attorney-client

25   privileged information or information protected from disclosure by the work-

26   product doctrine, joint defense or common interest privilege, or other privilege.

27   Larian also objects to this request to the extent it seeks documents not within

28   Larian's possession, custody or control.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3  PAGE 138

1  Subject to the foregoing, Larian will produce any personal documents

2  dated prior to January 1, 2001, that are relevant and responsive to the request, if

3  any, and that have not already been produced, that he discovers in the course of his

4  reasonable search and diligent inquiry, which are within the permissible scope of

5  discovery, and to which no privilege or other protection applies, including without

6  limitation, the attorney-client privilege or attorney's work product doctrine.

7  **REQUEST FOR PRODUCTION NO. 64:**

8  All DOCUMENTS RELATING TO any actual, potential, proposed,

9  considered or contemplated work, activities or services, including without

10  limitation any freelance work or consulting services, by Veronica Marlow for, with

11  or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

12  such DOCUMENT was prepared, created, received or transmitted, whether in

13  whole or in part).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

15  Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the ground that it is overbroad, unduly burdensome, and oppressive

21  in seeking all documents relating to any work, activities or services that Veronica

22  Marlow performed for or with Larian or MGA or on their behalf.  Larian also

23  objects to this request on the grounds that it is vague and ambiguous in that Larian

24  cannot determine what is meant by "activities or services" and "with or on behalf of

25  YOU or MGA."  Larian will interpret "activities or services" to mean "work or

26  services," and "with" to mean "on behalf of."  Larian also objects to this request to

27  the extent it seeks information the disclosure of which would implicate the rights of

28  third parties to protect private, confidential, proprietary or trade secret information.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXT **3** PAGE *139*

1  Larian also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would

3  be inimical to the business interests of Larian and one or more third parties.  Larian

4  also objects to this request to the extent it calls for the disclosure of attorney-client

5  privileged information or information protected from disclosure by the work-

6  product doctrine, joint defense or common interest privilege, or other privilege.

7  Larian also objects to this request to the extent it seeks documents not within

8  Larian's possession, custody or control.

9  Subject to the foregoing, Larian will produce any personal documents

10  dated prior to January 1, 2001, that are relevant and responsive to the request, if

11  any, and that have not already been produced, that he discovers in the course of his

12  reasonable search and diligent inquiry, which are within the permissible scope of

13  discovery, and to which no privilege or other protection applies, including without

14  limitation, the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 65:**

16  All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without

18  limitation any freelance work or consulting services, by Sarah Halpern for, with or

19  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

20  such DOCUMENT was prepared, created, received or transmitted, whether in

21  whole or in part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

23  Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the ground that it is overbroad, unduly burdensome, and oppressive

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _140_

1   in seeking all documents relating to any work, activities or services that Sarah

2   Halpern performed for or with Larian or MGA or on their behalf.  Larian also

3   objects to this request on the grounds that it is vague and ambiguous in that Larian

4   cannot determine what is meant by "activities or services" and "with or on behalf of

5   YOU or MGA."  Larian will interpret "activities or services" to mean "work or

6   services," and "with" to mean "on behalf of."  Larian also objects to this request to

7   the extent it seeks information the disclosure of which would implicate the rights of

8   third parties to protect private, confidential, proprietary or trade secret information.

9   Larian also objects to this request on the grounds that it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would

11  be inimical to the business interests of Larian and one or more third parties.  Larian

12  also objects to this request to the extent it calls for the disclosure of attorney-client

13  privileged information or information protected from disclosure by the work-

14  product doctrine, joint defense or common interest privilege, or other privilege.

15  Larian also objects to this request to the extent it seeks documents not within

16  Larian's possession, custody or control.

17           Subject to the foregoing, Larian will produce any personal documents

18  dated prior to January 1, 2001, that are relevant and responsive to the request, if

19  any, and that have not already been produced, that he discovers in the course of his

20  reasonable search and diligent inquiry, which are within the permissible scope of

21  discovery, and to which no privilege or other protection applies, including without

22  limitation, the attorney-client privilege or attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 66:**

24           All DOCUMENTS RELATING TO any actual, potential, proposed,

25  considered or contemplated work, activities or services, including without

26  limitation any freelance work or consulting services, by Jesse Ramirez for, with or

27  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

28  such DOCUMENT was prepared, created, received or transmitted, whether in

- 68 -

1   whole or in part).

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

3   Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein. Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence. Larian also objects to

8   this request on the ground that it is overbroad, unduly burdensome, and oppressive

9   in seeking all documents relating to any work, activities or services that Jesse

10   Ramirez performed for or with Larian or MGA or on their behalf. Larian also

11   objects to this request on the grounds that it is vague and ambiguous in that Larian

12   cannot determine what is meant by "activities or services" and "with or on behalf of

13   YOU or MGA." Larian will interpret "activities or services" to mean "work or

14   services," and "with" to mean "on behalf of." Larian also objects to this request to

15   the extent it seeks information the disclosure of which would implicate the rights of

16   third parties to protect private, confidential, proprietary or trade secret information.

17   Larian also objects to this request on the grounds that it seeks confidential,

18   proprietary or commercially sensitive information, the disclosure of which would

19   be inimical to the business interests of Larian and one or more third parties. Larian

20   also objects to this request to the extent it calls for the disclosure of attorney-client

21   privileged information or information protected from disclosure by the work-

22   product doctrine, joint defense or common interest privilege, or other privilege.

23   Larian also objects to this request to the extent it seeks documents not within

24   Larian's possession, custody or control.

25   Subject to the foregoing, Larian will produce any personal documents

26   dated prior to January 1, 2001, that are relevant and responsive to the request, if

27   any, and that have not already been produced, that he discovers in the course of his

28   reasonable search and diligent inquiry, which are within the permissible scope of

1  discovery, and to which no privilege or other protection applies, including without

2  limitation, the attorney-client privilege or attorney's work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 67:**

4          All DOCUMENTS RELATING TO any actual, potential, proposed,

5  considered or contemplated work, activities or services, including without

6  limitation any freelance work or consulting services, by Margaret Hatch (also

7  known as Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of

8  YOU or MGA prior to December 31, 2001 (regardless of when any such

9  DOCUMENT was prepared, created, received or transmitted, whether in whole or

10  in part).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the ground that it is overbroad, unduly burdensome, and oppressive

18  in seeking all documents relating to any work, activities or services that Margaret

19  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for

20  or with Larian or MGA or on their behalf.  Larian also objects to this request on the

21  grounds that it is vague and ambiguous in that Larian cannot determine what is

22  meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian

23  will interpret "activities or services" to mean "work or services," and "with" to

24  mean "on behalf of."  Larian also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to

26  protect private, confidential, proprietary or trade secret information.  Larian also

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **143**

1  the business interests of Larian and one or more third parties. Larian also objects to

2  this request to the extent it calls for the disclosure of attorney-client privileged

3  information or information protected from disclosure by the work-product doctrine,

4  joint defense or common interest privilege, or other privilege. Larian also objects

5  to this request to the extent it seeks documents not within Larian's possession,

6  custody or control.

7  　　　　Subject to the foregoing, Larian will produce any personal documents

8  dated prior to January 1, 2001, that are relevant and responsive to the request, if

9  any, and that have not already been produced, that he discovers in the course of his

10  reasonable search and diligent inquiry, which are within the permissible scope of

11  discovery, and to which no privilege or other protection applies, including without

12  limitation, the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 68:**

14  　　　　All DOCUMENTS RELATING TO any actual, potential, proposed,

15  considered or contemplated work, activities or services, including without

16  limitation any freelance work or consulting services, by Elise Cloonan for, with or

17  on behalf of YOU or MGA.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

19  　　　　Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence. Larian also objects to

24  this request on the ground that it is overbroad, unduly burdensome, and oppressive

25  in seeking all documents relating to any work, activities or services that Elise

26  Cloonan performed for or with Larian or MGA or on their behalf, without

27  limitation as to time. Larian also objects to this request on the grounds that it is

28  vague and ambiguous in that Larian cannot determine what is meant by "activities

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 144

1  or services" and "with or on behalf of YOU or MGA." Larian will interpret

2  "activities or services" to mean "work or services," and "with" to mean "on behalf

3  of." Larian also objects to this request to the extent it seeks information the

4  disclosure of which would implicate the rights of third parties to protect private,

5  confidential, proprietary or trade secret information. Larian also objects to this

6  request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties. Larian also objects to this request

9  to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege. Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13  Subject to the foregoing, Larian will produce any personal documents

14  dated prior to January 1, 2001, that are relevant and responsive to the request, if

15  any, and that have not already been produced, that he discovers in the course of his

16  reasonable search and diligent inquiry, which are within the permissible scope of

17  discovery, and to which no privilege or other protection applies, including without

18  limitation, the attorney-client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 69:**

20  All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without

22  limitation any freelance work or consulting services, by Maureen Mullen for, with

23  or on behalf of YOU or MGA.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

25  Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 72 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 145

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the ground that it is overbroad, unduly burdensome, and oppressive

3  in seeking all documents relating to any work, activities or services that Maureen

4  Mullen performed for or with Larian or MGA or on their behalf, without limitation

5  as to time.  Larian also objects to this request on the grounds that it is vague and

6  ambiguous in that Larian cannot determine what is meant by "activities or services"

7  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

8  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

9  also objects to this request to the extent it seeks information the disclosure of which

10  would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information.  Larian also objects to this request on the

12  grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian and one or more third parties.  Larian also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19  **REQUEST FOR PRODUCTION NO. 70:**

20          All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without

22  limitation any freelance work or consulting services, by Billy Ragsdale for, with or

23  on behalf of YOU or MGA.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _146_

1    calculated to lead to the discovery of admissible evidence. Larian also objects to

2    this request on the ground that it is overbroad, unduly burdensome, and oppressive

3    in seeking all documents relating to any work, activities or services that Billy

4    Ragsdale performed for or with Larian or MGA or on their behalf, without

5    limitation as to time. Larian also objects to this request on the grounds that it is

6    vague and ambiguous in that Larian cannot determine what is meant by "activities

7    or services" and "with or on behalf of YOU or MGA." Larian will interpret

8    "activities or services" to mean "work or services," and "with" to mean "on behalf

9    of." Larian also objects to this request to the extent it seeks information the

10    disclosure of which would implicate the rights of third parties to protect private,

11    confidential, proprietary or trade secret information. Larian also objects to this

12    request on the grounds that it seeks confidential, proprietary or commercially

13    sensitive information, the disclosure of which would be inimical to the business

14    interests of Larian and one or more third parties. Larian also objects to this request

15    to the extent it calls for the disclosure of attorney-client privileged information or

16    information protected from disclosure by the work-product doctrine, joint defense

17    or common interest privilege, or other privilege. Larian also objects to this request

18    to the extent it seeks documents not within Larian's possession, custody or control.

19        Subject to the foregoing, Larian will produce any personal documents

20    dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

21    request, if any, and that have not already been produced, that he discovers in the

22    course of his reasonable search and diligent inquiry, which are within the

23    permissible scope of discovery, and to which no privilege or other protection

24    applies, including without limitation, the attorney-client privilege or attorney's

25    work product doctrine.

26    **REQUEST FOR PRODUCTION NO. 71:**

27        All DOCUMENTS RELATING TO any actual, potential, proposed,

28    considered or contemplated work, activities or services, including without

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 147

1  limitation any freelance work or consulting services, by Wendy Ragsdale for, with

2  or on behalf of YOU or MGA.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

4         Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the ground that it is overbroad, unduly burdensome, and oppressive

10 in seeking all documents relating to any work, activities or services that Wendy

11 Ragsdale performed for or with Larian or MGA or on their behalf, without

12 limitation as to time.  Larian also objects to this request on the grounds that it is

13 vague and ambiguous in that Larian cannot determine what is meant by "activities

14 or services" and "with or on behalf of YOU or MGA."  Larian will interpret

15 "activities or services" to mean "work or services," and "with" to mean "on behalf

16 of."  Larian also objects to this request to the extent it seeks information the

17 disclosure of which would implicate the rights of third parties to protect private,

18 confidential, proprietary or trade secret information.  Larian also objects to this

19 request on the grounds that it seeks confidential, proprietary or commercially

20 sensitive information, the disclosure of which would be inimical to the business

21 interests of Larian and one or more third parties.  Larian also objects to this request

22 to the extent it calls for the disclosure of attorney-client privileged information or

23 information protected from disclosure by the work-product doctrine, joint defense

24 or common interest privilege, or other privilege.  Larian also objects to this request

25 to the extent it seeks documents not within Larian's possession, custody or control.

26        Subject to the foregoing, Larian will produce any personal documents

27 dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

28 request, if any, and that have not already been produced, that he discovers in the

- 75 -

1   course of his reasonable search and diligent inquiry, which are within the

2   permissible scope of discovery, and to which no privilege or other protection

3   applies, including without limitation, the attorney-client privilege or attorney's

4   work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 72:**

6           All DOCUMENTS RELATING TO any actual, potential, proposed,

7   considered or contemplated work, activities or services, including without

8   limitation any freelance work or consulting services, by David Dees for, with or on

9   behalf of YOU or MGA.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

11          Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also objects to

16  this request on the ground that it is overbroad, unduly burdensome, and oppressive

17  in seeking all documents relating to any work, activities or services that David Dees

18  performed for or with Larian or MGA or on their behalf, without limitation as to

19  time.  Larian also objects to this request on the grounds that it is vague and

20  ambiguous in that Larian cannot determine what is meant by "activities or services"

21  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

22  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

23  also objects to this request to the extent it seeks information the disclosure of which

24  would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information.  Larian also objects to this request on the

26  grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties.  Larian also objects to this request to the

- 76 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 149

1  extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege.  Larian also objects to this request

4  to the extent it seeks documents not within Larian's possession, custody or control.

5  Subject to the foregoing, Larian will produce any personal documents

6  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

7  request, if any, and that have not already been produced, that he discovers in the

8  course of his reasonable search and diligent inquiry, which are within the

9  permissible scope of discovery, and to which no privilege or other protection

10  applies, including without limitation, the attorney-client privilege or attorney's

11  work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 73:**

13  All DOCUMENTS RELATING TO any actual, potential, proposed,

14  considered or contemplated work, activities or services, including without

15  limitation any freelance work or consulting services, by Steve Linker for, with or on

16  behalf of YOU or MGA.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

18  Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also objects to

23  this request on the ground that it is overbroad, unduly burdensome, and oppressive

24  in seeking all documents relating to any work, activities or services that Steve

25  Linker performed for or with Larian or MGA or on their behalf, without limitation

26  as to time.  Larian also objects to this request on the grounds that it is vague and

27  ambiguous in that Larian cannot determine what is meant by "activities or services"

28  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

EXHIBIT 3   PAGE 150

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   services" to mean "work or services," and "with" to mean "on behalf of." Larian

2   also objects to this request to the extent it seeks information the disclosure of which

3   would implicate the rights of third parties to protect private, confidential,

4   proprietary or trade secret information.  Larian also objects to this request on the

5   grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties.  Larian also objects to this request to the

8   extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.  Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

14  request, if any, and that have not already been produced, that he discovers in the

15  course of his reasonable search and diligent inquiry, which are within the

16  permissible scope of discovery, and to which no privilege or other protection

17  applies, including without limitation, the attorney-client privilege or attorney's

18  work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 74:**

20          All DOCUMENTS RELATING TO Steve Linker and RELATING TO

21  any time prior to December 31, 2001 (regardless of when such document was

22  prepared, written, transmitted or received, whether in whole or in part).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 78 -

1  this request on the grounds that it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the business

3  interests of Larian and one or more third parties.  Larian also objects to this request

4  to the extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense

6  or common interest privilege, or other privilege.  Larian also objects to this request

7  to the extent it seeks documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce any personal documents

9  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

10  request, if any, and that have not already been produced, that he discovers in the

11  course of his reasonable search and diligent inquiry, which are within the

12  permissible scope of discovery, and to which no privilege or other protection

13  applies, including without limitation, the attorney-client privilege or attorney's

14  work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 75:**

16          All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without

18  limitation any freelance work or consulting services, by Liz Hogan for, with or on

19  behalf of YOU or MGA.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request on the ground that it is overbroad, unduly burdensome, and oppressive

27  in seeking all documents relating to any work, activities or services that Liz Hogan

28  performed for or with Larian or MGA or on their behalf, without limitation as to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _152_

1   time.  Larian also objects to this request on the grounds that it is vague and

2   ambiguous in that Larian cannot determine what is meant by "activities or services"

3   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

4   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

5   also objects to this request to the extent it seeks information the disclosure of which

6   would implicate the rights of third parties to protect private, confidential,

7   proprietary or trade secret information.  Larian also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive

9   information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties.  Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.  Larian also objects to this request

14  to the extent it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

17  request, if any, and that have not already been produced, that he discovers in the

18  course of his reasonable search and diligent inquiry, which are within the

19  permissible scope of discovery, and to which no privilege or other protection

20  applies, including without limitation, the attorney-client privilege or attorney's

21  work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 76:**

23          All DOCUMENTS RELATING TO any actual, potential, proposed,

24  considered or contemplated work, activities or services, including without

25  limitation any freelance work or consulting services, by Amy Meyers for, with or

26  on behalf of YOU or MGA.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

28          Larian incorporates by reference the above-stated general objections as

- 80 -

1    if fully set forth herein. Larian also specifically objects to this request on the

2    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3    information not relevant to the subject matter of this lawsuit or reasonably

4    calculated to lead to the discovery of admissible evidence. Larian also objects to

5    this request on the ground that it is overbroad, unduly burdensome, and oppressive

6    in seeking all documents relating to any work, activities or services that Amy

7    Meyers performed for or with Larian or MGA or on their behalf, without limitation

8    as to time. Larian also objects to this request on the grounds that it is vague and

9    ambiguous in that Larian cannot determine what is meant by "activities or services"

10   and "with or on behalf of YOU or MGA." Larian will interpret "activities or

11   services" to mean "work or services," and "with" to mean "on behalf of." Larian

12   also objects to this request to the extent it seeks information the disclosure of which

13   would implicate the rights of third parties to protect private, confidential,

14   proprietary or trade secret information. Larian also objects to this request on the

15   grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of

17   Larian and one or more third parties. Larian also objects to this request to the

18   extent it calls for the disclosure of attorney-client privileged information or

19   information protected from disclosure by the work-product doctrine, joint defense

20   or common interest privilege, or other privilege. Larian also objects to this request

21   to the extent it seeks documents not within Larian's possession, custody or control.

22         Subject to the foregoing, Larian will produce any personal documents

23   dated prior to June 1, 2001, relating to Prayer Angels that are relevant and

24   responsive to the request, if any, and that have not already been produced, that he

25   discovers in the course of his reasonable search and diligent inquiry, which are

26   within the permissible scope of discovery, and to which no privilege or other

27   protection applies, including without limitation, the attorney-client privilege or

28   attorney's work product doctrine.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **154**

1   **REQUEST FOR PRODUCTION NO. 77:**

2        To the extent not covered by other Requests, all DOCUMENTS

3   RELATING TO any actual, potential, proposed, considered or contemplated work,

4   activities or services, including without limitation any freelance work or consulting

5   services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

7        Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any work, activities or services relating to Bratz

14  that any person performed.  Larian also objects to this request on the grounds that it

15  is vague and ambiguous in that Larian cannot determine what is meant by

16  "activities or services."  Larian will interpret "activities or services" to mean "work

17  or services."  Larian also objects to this request to the extent it seeks information

18  the disclosure of which would implicate the rights of third parties to protect private,

19  confidential, proprietary or trade secret information.  Larian also objects to this

20  request on the grounds that it seeks confidential, proprietary or commercially

21  sensitive information, the disclosure of which would be inimical to the business

22  interests of Larian and one or more third parties.  Larian also objects to this request

23  to the extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense

25  or common interest privilege, or other privilege.  Larian also objects to this request

26  to the extent it seeks documents not within Larian's possession, custody or control.

27       Subject to the foregoing, Larian will produce any personal documents

28  dated prior to June 1, 2001, that are relevant and responsive to the request, if any,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _155_

1  and that have not already been produced, that he discovers in the course of his

2  reasonable search and diligent inquiry, which are within the permissible scope of

3  discovery, and to which no privilege or other protection applies, including without

4  limitation, the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 78:**

6          To the extent not covered by other Requests, all DOCUMENTS

7  RELATING TO any actual, potential, proposed, considered or contemplated work,

8  activities or services, including without limitation any freelance work or consulting

9  services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

11          Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also objects to

16  this request on the ground that it is overbroad, unduly burdensome, and oppressive

17  in seeking all documents relating to any work, activities or services relating to

18  Angel that any person performed.  Larian also objects to this request on the grounds

19  that it is vague and ambiguous in that Larian cannot determine what is meant by

20  "activities or services."  Larian will interpret "activities or services" to mean "work

21  or services."  Larian also objects to this request to the extent it seeks information

22  the disclosure of which would implicate the rights of third parties to protect private,

23  confidential, proprietary or trade secret information.  Larian also objects to this

24  request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties.  Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

3  PAGE 156

1   or common interest privilege, or other privilege. Larian also objects to this request

2   to the extent it seeks documents not within Larian's possession, custody or control.

3          Subject to the foregoing, Larian will produce any personal documents

4   sufficient to show the achievement of major milestones on Prayer Angels dated

5   prior to January 1, 2001, that are relevant and responsive to the request, if any, and

6   that have not already been produced, that he discovers in the course of his

7   reasonable search and diligent inquiry, which are within the permissible scope of

8   discovery, and to which no privilege or other protection applies, including without

9   limitation, the attorney-client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 79:**

11          All DOCUMENTS RELATING TO any focus groups RELATING TO

12  BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

13  notes and reports associated therewith.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

15          Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein. Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence. Larian also objects to

20  this request on the grounds that it seeks confidential, proprietary or commercially

21  sensitive information, the disclosure of which would be inimical to the business

22  interests of Larian and one or more third parties. Larian also objects to this request

23  to the extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense

25  or common interest privilege, or other privilege. Larian also objects to this request

26  to the extent it seeks information the disclosure of which would implicate the rights

27  of third parties to protect private, confidential, proprietary or trade secret

28  information. Larian also objects to this request to the extent it seeks documents not

- 84 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 157

1   within Larian's possession, custody or control.

2   **REQUEST FOR PRODUCTION NO. 80:**

3           All DOCUMENTS RELATING TO any services or work performed

4   by L.A. Focus between January 1, 1999 and December 31, 2001, including without

5   limitation all videotapes, summaries, notes and reports associated therewith.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

7           Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably

11   calculated to lead to the discovery of admissible evidence.  Larian also objects to

12   this request on the ground that it is overbroad, unduly burdensome, and oppressive

13   in seeking all documents relating to any services or work that L.A. Focus

14   performed, regardless of the individuals or companies for whom those services

15   were performed.  Larian also objects to this request to the extent it seeks

16   information the disclosure of which would implicate the rights of third parties to

17   protect private, confidential, proprietary or trade secret information.  Larian also

18   objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to

20   the business interests of Larian and one or more third parties.  Larian also objects to

21   this request to the extent it calls for the disclosure of attorney-client privileged

22   information or information protected from disclosure by the work-product doctrine,

23   joint defense or common interest privilege, or other privilege.  Larian also objects

24   to this request to the extent it seeks documents not within Larian's possession,

25   custody or control.

26   **REQUEST FOR PRODUCTION NO. 81:**

27           All DOCUMENTS RELATING TO Alaska Momma.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 158

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

2      Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein. Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence. Larian also objects to

7  this request on the ground that it is overbroad, unduly burdensome, and oppressive

8  in seeking all documents relating to Alaska Momma, without limitation as to

9  subject matter or time. Larian also objects to this request to the extent it seeks

10  information the disclosure of which would implicate the rights of third parties to

11  protect private, confidential, proprietary or trade secret information. Larian also

12  objects to this request on the grounds that it seeks confidential, proprietary or

13  commercially sensitive information, the disclosure of which would be inimical to

14  the business interests of Larian and one or more third parties. Larian also objects to

15  this request to the extent it calls for the disclosure of attorney-client privileged

16  information or information protected from disclosure by the work-product doctrine,

17  joint defense or common interest privilege, or other privilege. Larian also objects

18  to this request to the extent it seeks documents not within Larian's possession,

19  custody or control.

20  **REQUEST FOR PRODUCTION NO. 82:**

21      All DOCUMENTS RELATING TO any actual, potential, proposed,

22  considered or contemplated agreement or contract between YOU or MGA and

23  Anna Rhee, including without limitation all drafts thereof and amendments,

24  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

26      Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein. Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

- 86 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 159

1  information not relevant to the subject matter of this lawsuit or reasonably

2  calculated to lead to the discovery of admissible evidence.  Larian also objects to

3  this request on the grounds that it is overbroad, unlimited as to time, and unduly

4  burdensome and oppressive.  Larian also objects to this request on the grounds that

5  it seeks information in violation of the right of privacy.  Larian also objects to this

6  request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties.  Larian also objects to this request

9  to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege.  Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13      Subject to the foregoing, Larian will produce any personal documents

14  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

15  and responsive to the request, if any, and that have not already been produced, that

16  he discovers in the course of his reasonable search and diligent inquiry, which are

17  within the permissible scope of discovery, and to which no privilege or other

18  protection applies, including without limitation, the attorney-client privilege or

19  attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 83:**

21      All DOCUMENTS RELATING TO any payments of money or the

22  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

24      Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 160

1  this request on the grounds that it is overbroad, unlimited as to time, and unduly

2  burdensome and oppressive.  Larian also objects to this request on the grounds that

3  it seeks information in violation of the right of privacy.  Larian also objects to this

4  request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties.  Larian also objects to this request

7  to the extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege.  Larian also objects to this request

10  to the extent it seeks documents not within Larian's possession, custody or control.

11          Subject to the foregoing, Larian will produce any personal documents

12  dated prior to June 1, 2001, relating to Bratz or Prayer Angels that are relevant and

13  responsive to the request, if any, and that have not already been produced, that he

14  discovers in the course of his reasonable search and diligent inquiry, which are

15  within the permissible scope of discovery, and to which no privilege or other

16  protection applies, including without limitation, the attorney-client privilege or

17  attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 84:**

19          All DOCUMENTS RELATING TO any actual, potential, proposed,

20  considered or contemplated agreement or contract between YOU or MGA and

21  Veronica Marlow or her FAMILY MEMBERS, including without limitation all

22  drafts thereof and amendments, modifications and revisions thereto, and all

23  COMMUNICATIONS relating thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 88 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

3   PAGE 161

1    calculated to lead to the discovery of admissible evidence.  Larian also objects to

2    this request on the grounds that it is overbroad, unlimited as to time, and unduly

3    burdensome and oppressive.  Larian also objects to this request on the grounds that

4    it seeks information in violation of the right of privacy.  Larian also objects to this

5    request on the grounds that it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business

7    interests of Larian and one or more third parties.  Larian also objects to this request

8    to the extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege.  Larian also objects to this request

11   to the extent it seeks documents not within Larian's possession, custody or control.

12           Subject to the foregoing, Larian will produce any personal documents

13   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14   and responsive to the request, if any, and that have not already been produced, that

15   he discovers in the course of his reasonable search and diligent inquiry, which are

16   within the permissible scope of discovery, and to which no privilege or other

17   protection applies, including without limitation, the attorney-client privilege or

18   attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 85:**

20           All DOCUMENTS RELATING TO any payments of money or the

21   transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

23           Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein. Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

- 89 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 162