1 | burdensome and oppressive. Larian also objects to this request on the grounds that

2 | it seeks information in violation of the right of privacy. Larian also objects to this

3 | request on the grounds that it seeks confidential, proprietary or commercially

4 | sensitive information, the disclosure of which would be inimical to the business

5 | interests of Larian and one or more third parties. Larian also objects to this request

6 | to the extent it calls for the disclosure of attorney-client privileged information or

7 | information protected from disclosure by the work-product doctrine, joint defense

8 | or common interest privilege, or other privilege. Larian also objects to this request

9 | to the extent it seeks documents not within Larian's possession, custody or control.

10 | Subject to the foregoing, Larian will produce any personal documents

11 | dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12 | and responsive to the request, if any, and that have not already been produced, that

13 | he discovers in the course of his reasonable search and diligent inquiry, which are

14 | within the permissible scope of discovery, and to which no privilege or other

15 | protection applies, including without limitation, the attorney-client privilege or

16 | attorney's work product doctrine.

17 | **REQUEST FOR PRODUCTION NO. 86:**

18 | All DOCUMENTS RELATING TO any actual, potential, proposed,

19 | considered or contemplated agreement or contract between YOU or MGA and

20 | Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

21 | her FAMILY MEMBERS, including without limitation all drafts thereof and

22 | amendments, modifications and revisions thereto, and all COMMUNICATIONS

23 | relating thereto.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

25 | Larian incorporates by reference the above-stated general objections as

26 | if fully set forth herein. Larian also specifically objects to this request on the

27 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28 | information not relevant to the subject matter of this lawsuit or reasonably

- 90 -

EXHIBIT 3 PAGE 103

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  calculated to lead to the discovery of admissible evidence. Larian also objects to

2  this request on the grounds that it seeks information in violation of the right of

3  privacy. Larian also objects to this request on the grounds that it is overbroad,

4  unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

5  this request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties. Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense

10 or common interest privilege, or other privilege. Larian also objects to this request

11 to the extent it seeks documents not within Larian's possession, custody or control.

12            Subject to the foregoing, Larian will produce any personal documents

13 dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14 and responsive to the request, if any, and that have not already been produced, that

15 he discovers in the course of his reasonable search and diligent inquiry, which are

16 within the permissible scope of discovery, and to which no privilege or other

17 protection applies, including without limitation, the attorney-client privilege or

18 attorney's work product doctrine.

19 **REQUEST FOR PRODUCTION NO. 87:**

20            All DOCUMENTS RELATING TO any payments of money or the

21 transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

22 and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

24            Larian incorporates by reference the above-stated general objections as

25 if fully set forth herein. Larian also specifically objects to this request on the

26 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27 information not relevant to the subject matter of this lawsuit or reasonably

28 calculated to lead to the discovery of admissible evidence. Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 164

1 | this request on the grounds that it is overbroad, unlimited as to time, and unduly
2 | burdensome and oppressive. Larian also objects to this request on the grounds that
3 | it seeks information in violation of the right of privacy. Larian also objects to this
4 | request on the grounds that it seeks confidential, proprietary or commercially
5 | sensitive information, the disclosure of which would be inimical to the business
6 | interests of Larian and one or more third parties. Larian also objects to this request
7 | to the extent it calls for the disclosure of attorney-client privileged information or
8 | information protected from disclosure by the work-product doctrine, joint defense
9 | or common interest privilege, or other privilege. Larian also objects to this request
10 | to the extent it seeks documents not within Larian's possession, custody or control.

11 |        Subject to the foregoing, Larian will produce any personal documents
12 | dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant
13 | and responsive to the request, if any, and that have not already been produced, that
14 | he discovers in the course of his reasonable search and diligent inquiry, which are
15 | within the permissible scope of discovery, and to which no privilege or other
16 | protection applies, including without limitation, the attorney-client privilege or
17 | attorney's work product doctrine.

18 | **REQUEST FOR PRODUCTION NO. 88:**

19 |        All DOCUMENTS RELATING TO any actual, potential, proposed,
20 | considered or contemplated agreement or contract between YOU or MGA and
21 | Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts
22 | thereof and amendments, modifications and revisions thereto, and all
23 | COMMUNICATIONS relating thereto.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

25 |        Larian incorporates by reference the above-stated general objections as
26 | if fully set forth herein. Larian also specifically objects to this request on the
27 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
28 | information not relevant to the subject matter of this lawsuit or reasonably

- 92 -

EXHIBIT 3 PAGE 165

1   calculated to lead to the discovery of admissible evidence. Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy. Larian also objects to this request on the grounds that it is overbroad,

4   unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties. Larian also objects to this request

8   to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege. Larian also objects to this request

11   to the extent it seeks documents not within Larian's possession, custody or control.

12           Subject to the foregoing, Larian will produce any personal documents

13   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14   and responsive to the request, if any, and that have not already been produced, that

15   he discovers in the course of his reasonable search and diligent inquiry, which are

16   within the permissible scope of discovery, and to which no privilege or other

17   protection applies, including without limitation, the attorney-client privilege or

18   attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 89:**

20           All DOCUMENTS RELATING TO any payments of money or the

21   transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

23           Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein. Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence. Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

- 93 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

3  PAGE 166

1  burdensome and oppressive.  Larian also objects to this request on the grounds that

2  it seeks information in violation of the right of privacy.  Larian also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian and one or more third parties.  Larian also objects to this request

6  to the extent it calls for the disclosure of attorney-client privileged information or

7  information protected from disclosure by the work-product doctrine, joint defense

8  or common interest privilege, or other privilege.  Larian also objects to this request

9  to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce any personal documents

11  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12  and responsive to the request, if any, and that have not already been produced, that

13  he discovers in the course of his reasonable search and diligent inquiry, which are

14  within the permissible scope of discovery, and to which no privilege or other

15  protection applies, including without limitation, the attorney-client privilege or

16  attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 90:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19  considered or contemplated agreement or contract between YOU or MGA and Jesse

20  Ramirez or his FAMILY MEMBERS, including without limitation all drafts

21  thereof and amendments, modifications and revisions thereto, and all

22  COMMUNICATIONS relating thereto.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 94 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 167

1  this request on the grounds that it seeks information in violation of the right of

2  privacy.  Larian also objects to this request on the grounds that it is overbroad,

3  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties.  Larian also objects to this request

7  to the extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege.  Larian also objects to this request

10  to the extent it seeks documents not within Larian's possession, custody or control.

11       Subject to the foregoing, Larian will produce any personal documents

12  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

13  and responsive to the request, if any, and that have not already been produced, that

14  he discovers in the course of his reasonable search and diligent inquiry, which are

15  within the permissible scope of discovery, and to which no privilege or other

16  protection applies, including without limitation, the attorney-client privilege or

17  attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 91:**

19       All DOCUMENTS RELATING TO any actual, potential, proposed,

20  considered or contemplated agreement or contract between YOU or MGA and Elise

21  Cloonan or her FAMILY MEMBERS, including without limitation all drafts

22  thereof and amendments, modifications and revisions thereto, and all

23  COMMUNICATIONS relating thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

25       Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _168_

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy.  Larian also objects to this request on the grounds that it is overbroad,

4   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian also objects to this request

8   to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.  Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 92:**

20          All DOCUMENTS RELATING TO any payments of money or the

21  transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3  PAGE 169

1   burdensome and oppressive.  Larian also objects to this request on the grounds that

2   it seeks information in violation of the right of privacy.  Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.  Larian also objects to this request

9   to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce any personal documents

11   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12   and responsive to the request, if any, and that have not already been produced, that

13   he discovers in the course of his reasonable search and diligent inquiry, which are

14   within the permissible scope of discovery, and to which no privilege or other

15   protection applies, including without limitation, the attorney-client privilege or

16   attorney's work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 93:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19   considered or contemplated agreement or contract between YOU or MGA and

20   Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

21   including without limitation all drafts thereof and amendments, modifications and

22   revisions thereto, and all COMMUNICATIONS relating thereto.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 97 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 170

1    this request on the grounds that it seeks information in violation of the right of

2    privacy. Larian also objects to this request on the grounds that it seeks confidential,

3    proprietary or commercially sensitive information, the disclosure of which would

4    be inimical to the business interests of Larian and one or more third parties. Larian

5    also objects to this request to the extent it calls for the disclosure of attorney-client

6    privileged information or information protected from disclosure by the work-

7    product doctrine, joint defense or common interest privilege, or other privilege.

8    Larian also objects to this request to the extent it seeks documents not within

9    Larian's possession, custody or control.

10   **REQUEST FOR PRODUCTION NO. 94:**

11             All DOCUMENTS RELATING TO any actual, potential, proposed,

12   considered or contemplated agreement or contract between YOU or MGA and

13   David Dees or his FAMILY MEMBERS, including without limitation all drafts

14   thereof and amendments, modifications and revisions thereto, and all

15   COMMUNICATIONS relating thereto.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

17             Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein. Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence. Larian also objects to

22   this request on the grounds that it seeks information in violation of the right of

23   privacy. Larian also objects to this request on the grounds that it is overbroad,

24   unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

25   this request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business

27   interests of Larian and one or more third parties. Larian also objects to this request

28   to the extent it calls for the disclosure of attorney-client privileged information or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___3___ PAGE _17_

1   information protected from disclosure by the work-product doctrine, joint defense

2   or common interest privilege, or other privilege.  Larian also objects to this request

3   to the extent it seeks documents not within Larian's possession, custody or control.

4           Subject to the foregoing, Larian will produce any personal documents

5   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

6   and responsive to the request, if any, and that have not already been produced, that

7   he discovers in the course of his reasonable search and diligent inquiry, which are

8   within the permissible scope of discovery, and to which no privilege or other

9   protection applies, including without limitation, the attorney-client privilege or

10  attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 95:**

12          All DOCUMENTS RELATING TO any payments of money or the

13  transfer of anything of value to David Dees or her FAMILY MEMBERS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

15          Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it is overbroad, unlimited as to time, and unduly

21  burdensome and oppressive.  Larian also objects to this request on the grounds that

22  it seeks information in violation of the right of privacy.  Larian also objects to this

23  request on the grounds that it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of Larian and one or more third parties.  Larian also objects to this request

26  to the extent it calls for the disclosure of attorney-client privileged information or

27  information protected from disclosure by the work-product doctrine, joint defense

28  or common interest privilege, or other privilege.  Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 172

1    to the extent it seeks documents not within Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce any personal documents

3    dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

4    and responsive to the request, if any, and that have not already been produced, that

5    he discovers in the course of his reasonable search and diligent inquiry, which are

6    within the permissible scope of discovery, and to which no privilege or other

7    protection applies, including without limitation, the attorney-client privilege or

8    attorney's work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 96:**

10           All DOCUMENTS RELATING TO any actual, potential, proposed,

11   considered or contemplated agreement or contract between YOU or MGA and

12   Steve Linker, including without limitation all drafts thereof and amendments,

13   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

15           Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also objects to

20   this request on the grounds that it seeks information in violation of the right of

21   privacy. Larian also objects to this request on the grounds that it is overbroad,

22   unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

23   this request on the grounds that it seeks confidential, proprietary or commercially

24   sensitive information, the disclosure of which would be inimical to the business

25   interests of Larian and one or more third parties. Larian also objects to this request

26   to the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege. Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 173

1   to the extent it seeks documents not within Larian's possession, custody or control.

2           Subject to the foregoing, Larian will produce any personal documents

3   dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

4   request, if any, and that have not already been produced, that he discovers in the

5   course of his reasonable search and diligent inquiry, which are within the

6   permissible scope of discovery, and to which no privilege or other protection

7   applies, including without limitation, the attorney-client privilege or attorney's

8   work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 97:**

10          All DOCUMENTS RELATING TO any actual, potential, proposed,

11   considered or contemplated agreement or contract between YOU or MGA and Liz

12   Hogan, including without limitation all drafts thereof and amendments,

13   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

15          Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also objects to

20   this request on the grounds that it seeks information in violation of the right of

21   privacy. Larian also objects to this request on the grounds that it is overbroad,

22   unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

23   this request on the grounds that it seeks confidential, proprietary or commercially

24   sensitive information, the disclosure of which would be inimical to the business

25   interests of Larian and one or more third parties. Larian also objects to this request

26   to the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege. Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 174

1    to the extent it seeks documents not within Larian's possession, custody or control.

2           Subject to the foregoing, Larian will produce any personal documents

3    dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

4    request, if any, and that have not already been produced, that he discovers in the

5    course of his reasonable search and diligent inquiry, which are within the

6    permissible scope of discovery, and to which no privilege or other protection

7    applies, including without limitation, the attorney-client privilege or attorney's

8    work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 98:**

10          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

11   created, authored, conceived of or reduced to practice prior to December 31, 2001

12   by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

13   whether alone or jointly with others, in which YOU or MGA have purported at any

14   time to purchase, acquire or own any right, title or interest (whether in whole or in

15   part).

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

17          Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request to the extent

19   it seeks information not relevant or reasonably calculated to lead to the discovery of

20   admissible evidence and is, thus, overbroad, including, without limitation, seeking

21   documents relating to any designs produced, prepared, created, authored, conceived

22   of or reduced to practice prior to December 31, 2001, by Margaret Leahy, and is

23   therefore not limited to those designs that may be at issue in this litigation.  Larian

24   also objects to this request on the grounds that it seeks confidential, proprietary or

25   commercially sensitive information, the disclosure of which would be inimical to

26   the business interests of Larian and one or more third parties.  Larian further objects

27   to this request to the extent it seeks information the disclosure of which would

28   implicate the rights of third parties to protect private, confidential, proprietary or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **175**

1  trade secret information.  Larian also objects to this request to the extent it calls for

2  the disclosure of attorney-client privileged information or information protected

3  from disclosure by the work-product doctrine, joint defense or common interest

4  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

5  documents not within Larian's possession, custody or control.

6         Subject to the foregoing, Larian will produce any personal documents

7  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

8  and responsive to the request, if any, and that have not already been produced, that

9  he discovers in the course of his reasonable search and diligent inquiry, which are

10  within the permissible scope of discovery, and to which no privilege or other

11  protection applies, including without limitation, the attorney-client privilege or

12  attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 99:**

14         All DOCUMENTS RELATING TO DESIGNS produced, prepared,

15  created, authored, conceived of or reduced to practice prior to December 31, 2001

16  by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

17  purported at any time to purchase, acquire or own any right, title or interest

18  (whether in whole or in part).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request to the extent

22  it seeks information not relevant or reasonably calculated to lead to the discovery of

23  admissible evidence and is, thus, overbroad, including, without limitation, seeking

24  documents relating to any designs produced, prepared, created, authored, conceived

25  of or reduced to practice prior to December 31, 2001, by Anna Rhee, and is

26  therefore not limited to those designs that may be at issue in this litigation.  Larian

27  also objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

- 103 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _176_

1  the business interests of Larian and one or more third parties.  Larian further objects

2  to this request to the extent it seeks information the disclosure of which would

3  implicate the rights of third parties to protect private, confidential, proprietary or

4  trade secret information.  Larian also objects to this request to the extent it calls for

5  the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

8  documents not within Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce any personal documents

10  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

11  and responsive to the request, if any, and that have not already been produced, that

12  he discovers in the course of his reasonable search and diligent inquiry, which are

13  within the permissible scope of discovery, and to which no privilege or other

14  protection applies, including without limitation, the attorney-client privilege or

15  attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 100:**

17          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

18  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

19  Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

20  have purported at any time to purchase, acquire or own any right, title or interest

21  (whether in whole or in part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request to the extent

25  it seeks information not relevant or reasonably calculated to lead to the discovery of

26  admissible evidence and is, thus, overbroad, including, without limitation, seeking

27  documents relating to any designs produced, prepared, created, authored, conceived

28  of or reduced to practice prior to January 1, 2001, by Veronica Marlow, and is

1   therefore not limited to those designs that may be at issue in this litigation.  Larian

2   also objects to this request on the grounds that it seeks confidential, proprietary or

3   commercially sensitive information, the disclosure of which would be inimical to

4   the business interests of Larian and one or more third parties.  Larian further objects

5   to this request to the extent it seeks information the disclosure of which would

6   implicate the rights of third parties to protect private, confidential, proprietary or

7   trade secret information.  Larian also objects to this request to the extent it calls for

8   the disclosure of attorney-client privileged information or information protected

9   from disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 101:**

20          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

21  created, authored, conceived of or reduced to practice by Elise Cloonan, whether

22  alone or jointly with others, in which YOU or MGA have purported at any time to

23  purchase, acquire or own any right, title or interest (whether in whole or in part).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request to the extent

27  it seeks information not relevant or reasonably calculated to lead to the discovery of

28  admissible evidence and is, thus, overbroad, including, without limitation, seeking

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _178_

1   documents relating to any designs produced, prepared, created, authored, conceived

2   of or reduced to practice by Elise Cloonan, and is therefore not limited as to time or

3   as to those designs that may be at issue in this litigation.  Larian also objects to this

4   request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties.  Larian further objects to this

7   request to the extent it seeks information the disclosure of which would implicate

8   the rights of third parties to protect private, confidential, proprietary or trade secret

9   information.  Larian also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

13  documents not within Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce any personal documents

15  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

16  request, if any, and that have not already been produced, that he discovers in the

17  course of his reasonable search and diligent inquiry, which are within the

18  permissible scope of discovery, and to which no privilege or other protection

19  applies, including without limitation, the attorney-client privilege or attorney's

20  work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 102:**

22          All DOCUMENTS prepared, written, transmitted or received (whether

23  in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3  PAGE 179

1 calculated to lead to the discovery of admissible evidence. Larian also specifically

2 objects to this request on the grounds that it seeks confidential, proprietary or

3 commercially sensitive information, the disclosure of which would be inimical to

4 the business interests of Larian. Larian also objects to this request to the extent it

5 calls for the disclosure of attorney-client privileged information or information

6 protected from disclosure by the work-product doctrine, joint defense or common

7 interest privilege, or other privilege. Larian also objects to this request to the extent

8 it seeks documents not within Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce any personal documents

10 related to the achievement of major milestones for Prayer Angels that are relevant

11 and responsive to the request, if any, and that have not already been produced, that

12 he discovers in the course of his reasonable search and diligent inquiry, which are

13 within the permissible scope of discovery, and to which no privilege or other

14 protection applies, including without limitation, the attorney-client privilege or

15 attorney's work product doctrine.

16 **REQUEST FOR PRODUCTION NO. 103:**

17          All DOCUMENTS RELATING TO ANGEL RELATING TO any

18 time prior to January 1, 2001 (regardless of when such document was prepared,

19 written, transmitted or received, whether in whole or in part).

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

21          Larian incorporates by reference the above-stated general objections as

22 if fully set forth herein. Larian also specifically objects to this request on the

23 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24 information not relevant to the subject matter of this lawsuit or reasonably

25 calculated to lead to the discovery of admissible evidence. Larian also specifically

26 objects to this request in the grounds that it is vague, ambiguous and unintelligible,

27 particularly in its use of the phrase "relating to Angel relating to ay time prior to

28 January 1, 2001." Larian also objects to this request on the grounds that it seeks

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 180

1   confidential, proprietary or commercially sensitive information, the disclosure of

2   which would be inimical to the business interests of Larian and one or more third

3   parties. Larian also objects to this request to the extent it calls for the disclosure of

4   attorney-client privileged information or information protected from disclosure by

5   the work-product doctrine, joint defense or common interest privilege, or other

6   privilege. Larian also objects to this request to the extent it seeks documents not

7   within Larian's possession, custody or control.

8         Subject to the foregoing, Larian will produce any personal documents

9   related to the achievement of major milestones for Prayer Angels that are relevant

10   and responsive to the request, if any, and that have not already been produced, that

11   he discovers in the course of his reasonable search and diligent inquiry, which are

12   within the permissible scope of discovery, and to which no privilege or other

13   protection applies, including without limitation, the attorney-client privilege or

14   attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 104:**

16         All DOCUMENTS, including without limitation all

17   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

18   any agreement or contract between Margaret Hatch (also known as Margaret Leahy

19   and/or Margaret Hatch-Leahy) and MATTEL.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

21         Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein. Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence. Larian also objects to

26   this request on the grounds that it seeks information in violation of the right of

27   privacy. Larian also objects to this request on the grounds that it is overbroad,

28   unduly burdensome, and oppressive in seeking all communications between Larian

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 181

1   or MGA and any person and without limitation as to time.  Larian also objects to

2   this request on the grounds that it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of Larian and one or more third parties.  Larian also objects to this request

5   to the extent it seeks information the disclosure of which would implicate the rights

6   of third parties to protect private, confidential, proprietary or trade secret

7   information.  Larian also objects to this request to the extent it calls for the

8   disclosure of attorney-client privileged information or information protected from

9   disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12  **REQUEST FOR PRODUCTION NO. 105:**

13          All DOCUMENTS, including without limitation all

14  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

15  any agreement or contract between Kami Gillmour and MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy.  Larian also objects to this request on the grounds that it is overbroad,

24  unduly burdensome, and oppressive in seeking all communications between Larian

25  or MGA and any person and without limitation as to time.  Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

- 109 -

1   to the extent it seeks information the disclosure of which would implicate the rights

2   of third parties to protect private, confidential, proprietary or trade secret

3   information. Larian also objects to this request to the extent it calls for the

4   disclosure of attorney-client privileged information or information protected from

5   disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege. Larian also objects to this request to the extent it seeks

7   documents not within Larian's possession, custody or control.

8   **REQUEST FOR PRODUCTION NO. 106:**

9        All DOCUMENTS, including without limitation all

10   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

11   any agreement or contract between Paula Garcia and MATTEL.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

13        Larian incorporates by reference the above-stated general objections as

14   if fully set forth herein. Larian also specifically objects to this request on the

15   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably

17   calculated to lead to the discovery of admissible evidence. Larian also objects to

18   this request on the grounds that it seeks information in violation of the right of

19   privacy. Larian also objects to this request on the grounds that it is overbroad,

20   unduly burdensome, and oppressive in seeking all communications between Larian

21   or MGA and any person and without limitation as to time. Larian also objects to

22   this request on the grounds that it seeks confidential, proprietary or commercially

23   sensitive information, the disclosure of which would be inimical to the business

24   interests of Larian and one or more third parties. Larian also objects to this request

25   to the extent it seeks information the disclosure of which would implicate the rights

26   of third parties to protect private, confidential, proprietary or trade secret

27   information. Larian also objects to this request to the extent it calls for the

28   disclosure of attorney-client privileged information or information protected from

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 183

1   disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege. Larian also objects to this request to the extent it seeks

3   documents not within Larian's possession, custody or control.

4   **REQUEST FOR PRODUCTION NO. 107:**

5            All DOCUMENTS, including without limitation all

6   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

7   any agreement or contract between Mercedeh Ward and MATTEL.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

9            Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein. Larian also specifically objects to this request on the

11   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence. Larian also objects to

14   this request on the grounds that it seeks information in violation of the right of

15   privacy. Larian also objects to this request on the grounds that it is overbroad,

16   unduly burdensome, and oppressive in seeking all communications between Larian

17   or MGA and any person and without limitation as to time. Larian also objects to

18   this request on the grounds that it seeks confidential, proprietary or commercially

19   sensitive information, the disclosure of which would be inimical to the business

20   interests of Larian and one or more third parties. Larian also objects to this request

21   to the extent it seeks information the disclosure of which would implicate the rights

22   of third parties to protect private, confidential, proprietary or trade secret

23   information. Larian also objects to this request to the extent it calls for the

24   disclosure of attorney-client privileged information or information protected from

25   disclosure by the work-product doctrine, joint defense or common interest

26   privilege, or other privilege. Larian also objects to this request to the extent it seeks

27   documents not within Larian's possession, custody or control.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 184

1  **REQUEST FOR PRODUCTION NO. 108:**

2         All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between Jessie Ramirez and MATTEL.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

6         Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.  Larian also objects to

11  this request on the grounds that it seeks information in violation of the right of

12  privacy.  Larian also objects to this request on the grounds that it is overbroad,

13  unduly burdensome, and oppressive in seeking all communications between Larian

14  or MGA and any person and without limitation as to time.  Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties.  Larian also objects to this request

18  to the extent it seeks information the disclosure of which would implicate the rights

19  of third parties to protect private, confidential, proprietary or trade secret

20  information.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

24  documents not within Larian's possession, custody or control.

25  **REQUEST FOR PRODUCTION NO. 109:**

26         All DOCUMENTS, including without limitation all

27  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

28  any agreement or contract between Billy Ragsdale and MATTEL.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **185**

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

2       Larian incorporates by reference the above-stated general objections as

3 if fully set forth herein. Larian also specifically objects to this request on the

4 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5 information not relevant to the subject matter of this lawsuit or reasonably

6 calculated to lead to the discovery of admissible evidence. Larian also objects to

7 this request on the grounds that it seeks information in violation of the right of

8 privacy. Larian also objects to this request on the grounds that it is overbroad,

9 unduly burdensome, and oppressive in seeking all communications between Larian

10 or MGA and any person and without limitation as to time. Larian also objects to

11 this request on the grounds that it seeks confidential, proprietary or commercially

12 sensitive information, the disclosure of which would be inimical to the business

13 interests of Larian and one or more third parties. Larian also objects to this request

14 to the extent it seeks information the disclosure of which would implicate the rights

15 of third parties to protect private, confidential, proprietary or trade secret

16 information. Larian also objects to this request to the extent it calls for the

17 disclosure of attorney-client privileged information or information protected from

18 disclosure by the work-product doctrine, joint defense or common interest

19 privilege, or other privilege. Larian also objects to this request to the extent it seeks

20 documents not within Larian's possession, custody or control.

21 **REQUEST FOR PRODUCTION NO. 110:**

22       All DOCUMENTS, including without limitation all

23 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

24 any agreement or contract between Wendy Ragsdale and MATTEL.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

26       Larian incorporates by reference the above-stated general objections as

27 if fully set forth herein. Larian also specifically objects to this request on the

28 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 186

1 information not relevant to the subject matter of this lawsuit or reasonably

2 calculated to lead to the discovery of admissible evidence. Larian also objects to

3 this request on the grounds that it seeks information in violation of the right of

4 privacy. Larian also objects to this request on the grounds that it is overbroad,

5 unduly burdensome, and oppressive in seeking all communications between Larian

6 or MGA and any person and without limitation as to time. Larian also objects to

7 this request on the grounds that it seeks confidential, proprietary or commercially

8 sensitive information, the disclosure of which would be inimical to the business

9 interests of Larian and one or more third parties. Larian also objects to this request

10 to the extent it seeks information the disclosure of which would implicate the rights

11 of third parties to protect private, confidential, proprietary or trade secret

12 information. Larian also objects to this request to the extent it calls for the

13 disclosure of attorney-client privileged information or information protected from

14 disclosure by the work-product doctrine, joint defense or common interest

15 privilege, or other privilege. Larian also objects to this request to the extent it seeks

16 documents not within Larian's possession, custody or control.

17 **REQUEST FOR PRODUCTION NO. 111:**

18       All DOCUMENTS, including without limitation all

19 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20 any agreement or contract between Veronica Marlow and MATTEL.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

22       Larian incorporates by reference the above-stated general objections as

23 if fully set forth herein. Larian also specifically objects to this request on the

24 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25 information not relevant to the subject matter of this lawsuit or reasonably

26 calculated to lead to the discovery of admissible evidence. Larian also objects to

27 this request on the grounds that it seeks information in violation of the right of

28 privacy. Larian also objects to this request on the grounds that it is overbroad,

- 114 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 187

1  unduly burdensome, and oppressive in seeking all communications between Larian

2  or MGA and any person and without limitation as to time. Larian also objects to

3  this request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian and one or more third parties. Larian also objects to this request

6  to the extent it seeks information the disclosure of which would implicate the rights

7  of third parties to protect private, confidential, proprietary or trade secret

8  information. Larian also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest

11  privilege, or other privilege. Larian also objects to this request to the extent it seeks

12  documents not within Larian's possession, custody or control.

13  **REQUEST FOR PRODUCTION NO. 112:**

14      To the extent not covered by other Requests, all DOCUMENTS,

15  including without limitation all COMMUNICATIONS between YOU or MGA and

16  any PERSON, RELATING TO any agreement or contract between MATTEL, on

17  the one hand, and any former employee of MATTEL who has been hired,

18  considered, solicited or interviewed for any position or potential position or

19  employment by YOU or MGA.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

21      Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence. Larian also objects to

26  this request on the grounds that it seeks information in violation of the right of

27  privacy. Larian also objects to this request on the grounds that it is overbroad,

28  unduly burdensome, and oppressive. Larian also objects to this request on the

- 115 -

1 | grounds that it seeks confidential, proprietary or commercially sensitive

2 | information, the disclosure of which would be inimical to the business interests of

3 | Larian and one or more third parties. Larian also objects to this request to the

4 | extent it seeks information the disclosure of which would implicate the rights of

5 | third parties to protect private, confidential, proprietary or trade secret information.

6 | Larian also objects to this request to the extent it calls for the disclosure of attorney-

7 | client privileged information or information protected from disclosure by the work-

8 | product doctrine, joint defense or common interest privilege, or other privilege.

9 | Larian also objects to this request to the extent it seeks documents not within

10 | Larian's possession, custody or control.

11 | **REQUEST FOR PRODUCTION NO. 113:**

12 | All COMMUNICATIONS between YOU or MGA and Anne Wang.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

14 | Larian incorporates by reference the above-stated general objections as

15 | if fully set forth herein. Larian also specifically objects to this request on the

16 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17 | information not relevant to the subject matter of this lawsuit or reasonably

18 | calculated to lead to the discovery of admissible evidence. Larian also objects to

19 | this request on the grounds that it is overbroad, unduly burdensome, and oppressive

20 | in seeking all communications between Larian or MGA and Anne Wang, regardless

21 | of subject matter and without limitation as to time. Larian also objects to this

22 | request on the grounds that it seeks confidential, proprietary or commercially

23 | sensitive information, the disclosure of which would be inimical to the business

24 | interests of Larian and one or more third parties. Larian also objects to this request

25 | to the extent it calls for the disclosure of attorney-client privileged information or

26 | information protected from disclosure by the work-product doctrine, joint defense

27 | or common interest privilege, or other privilege.

28 | Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 189

1   dated prior to November 1, 2000, relating to Carter Bryant's agreement with MGA

2   dated September 18, 2000, that are relevant and responsive to the request, if any,

3   and that have not already been produced, that he discovers in the course of his

4   reasonable search and diligent inquiry, which are within the permissible scope of

5   discovery, and to which no privilege or other protection applies, including without

6   limitation, the attorney-client privilege or attorney's work product doctrine.

7   **REQUEST FOR PRODUCTION NO. 114:**

8          All DOCUMENTS, including without limitation all

9   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

10  Anne Wang.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

12         Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

18  in seeking all communications relating to Anne Wang between Larian or MGA and

19  any person, without limitation as to time.  Larian also objects to this request on the

20  grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of

22  Larian and one or more third parties.  Larian also objects to this request to the

23  extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense

25  or common interest privilege, or other privilege.

26  **REQUEST FOR PRODUCTION NO. 115:**

27         All DOCUMENTS, including without limitation all

28  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _190_

1   Brooke Gilbert.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

3          Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein. Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence. Larian also objects to

8   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

9   in seeking all communications relating to Brooke Gilbert between Larian or MGA

10  and any person, without limitation as to time. Larian also objects to this request on

11  the grounds that it seeks confidential, proprietary or commercially sensitive

12  information, the disclosure of which would be inimical to the business interests of

13  Larian and one or more third parties. Larian also objects to this request to the

14  extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.

17  **REQUEST FOR PRODUCTION NO. 116:**

18         All COMMUNICATIONS between YOU or MGA and BRYANT

19  RELATING TO MATTEL or any officer, director, employee or representative of

20  MATTEL.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

22         Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein. Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence. Larian also objects to

27  this request on the grounds that it is unlimited in time and subject matter and is,

28  thus, overbroad, unduly burdensome and oppressive, including, without limitation,

- 118 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3  PAGE 191

1  in calling for communications exchanged between Larian or any person at MGA

2  and Bryant on any subject matter relating in any way to Mattel.  Larian also objects

3  to this request on the grounds that it is overbroad, without limitation, in potentially

4  extending to communications that any of MGA's employees, agents or

5  representatives may have exchanged with Bryant that refer or relate to Mattel or

6  any of its officers, directors, employees, or representatives, regardless of whether

7  any such person was employed by Mattel at the time of the communication, and

8  which communication may be unrelated in any way to the subject matter of this

9  lawsuit, Larian, MGA, MGA's business or may, indeed, have occurred when none

10  of the parties to the communications worked for or on behalf of MGA.  Larian also

11  objects to this request on the grounds that it seeks confidential, proprietary or

12  commercially sensitive information, the disclosure of which would be inimical to

13  the business interests of Larian and one or more third parties.  Larian further objects

14  to this request to the extent it seeks information the disclosure of which would

15  implicate the rights of third parties to protect private, confidential, proprietary or

16  trade secret information.  Larian also objects to this request to the extent it calls for

17  the disclosure of attorney-client privileged information or information protected

18  from disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege.

20          Subject to the foregoing, Larian will produce any personal documents

21  that are relevant and responsive to the request, if any, and that have not already

22  been produced, that he discovers in the course of his reasonable search and diligent

23  inquiry, which are within the permissible scope of discovery, and to which no

24  privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 117:**

27          All declarations, affidavits and other sworn written statements of any

28  other type or form by any PERSON RELATING TO BRATZ (other than those

- 119 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 192

1  previously filed and served in this ACTION), including all such declarations,

2  affidavits and other sworn written statements of any other type or form by or on

3  behalf of YOU.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

5              Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably

9  calculated to lead to the discovery of admissible evidence.  Larian also specifically

10  objects to this request on the grounds that it is overbroad, unduly burdensome and

11  oppressive including, without limitation, in calling for all declarations, affidavits

12  and other sworn written statements relating to Bratz but not otherwise limited as to

13  subject matter, and not limited in any way as to time.  Larian also objects to this

14  request on the grounds that it seeks information that is already known to Mattel

15  and/or is a matter of public record and/or is equally available to Mattel, and is,

16  therefore, unduly burdensome and oppressive.  Larian also objects to this request to

17  the extent that it may seek documents the disclosure of which is or may be

18  governed by court orders.  Larian also objects to this request to the extent it seeks

19  information the disclosure of which would implicate the rights of third parties to

20  protect private, confidential, proprietary or trade secret information.  Larian also

21  objects to this request to the extent it may seek documents the disclosure of which

22  is or may be protected by contract or agreement.  Larian also objects to this request

23  on the grounds that it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian and one or more third parties.  Larian further objects to this request to the

26  extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28  Larian also objects to this request to the extent it calls for the disclosure of attorney-

- 120 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 193

1   client privileged information or information protected from disclosure by the work-

2   product doctrine, joint defense or common interest privilege, or other privilege.

3         Subject to the foregoing, Larian will produce any personal documents

4   that are relevant and responsive to the request, if any, and that have not already

5   been produced, that he discovers in the course of his reasonable search and diligent

6   inquiry, which are within the permissible scope of discovery, and to which no

7   privilege or other protection applies, including without limitation, the attorney-

8   client privilege or attorney's work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 118:**

10         All transcripts and video and/or audio recordings of statements made

11   by any PERSON under oath, including without limitation all deposition transcripts,

12   trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

13   those taken in this ACTION when MATTEL's counsel was in attendance),

14   including all such transcripts and video and/or audio recordings of statements by or

15   on behalf of YOU.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

17         Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence.  Larian also specifically

22   objects to this request on the grounds that it is overbroad, unduly burdensome and

23   oppressive including, without limitation, in calling for all transcripts and video

24   and/or audio recordings of statements made by any person under oath, including

25   without limitation all deposition transcripts, trial transcripts and arbitration

26   transcripts relating to Bratz, but not otherwise limited as to subject matter, and not

27   limited in any way as to time.  Larian also objects to this request on the grounds

28   that it seeks information that is already known to Mattel and/or is a matter of public

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

3   PAGE 194

1  record and/or is equally available to Mattel, and is, therefore, unduly burdensome

2  and oppressive. Larian also objects to this request to the extent it may seek

3  documents the disclosure of which is or may be protected by contract or agreement.

4  Larian also objects to this request to the extent that it may seek documents the

5  disclosure of which is or may be governed by court orders. Larian also objects to

6  this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties. Larian also objects to this request

9  to the extent it seeks information the disclosure of which would implicate the rights

10  of third parties to protect private, confidential, proprietary or trade secret

11  information. Larian also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest

14  privilege, or other privilege.

15          Subject to the foregoing, Larian will produce any personal documents

16  that are relevant and responsive to the request, if any, and that have not already

17  been produced, that he discovers in the course of his reasonable search and diligent

18  inquiry, which are within the permissible scope of discovery, and to which no

19  privilege or other protection applies, including without limitation, the attorney-

20  client privilege or attorney's work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 119:**

22          All declarations, affidavits and other sworn written statements of any

23  other type or form by any PERSON RELATING TO ANGEL (other than those

24  previously filed and served in this ACTION), including all such declarations,

25  affidavits and other sworn written statements of any other type or form by or on

26  behalf of YOU.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

28          Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 195

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also specifically

5   objects to this request on the grounds that it is overbroad, unduly burdensome and

6   oppressive including, without limitation, in calling for all declarations, affidavits

7   and other sworn written statements relating to Angel but not otherwise limited as to

8   subject matter, and not limited in any way as to time.  Larian also objects to this

9   request on the grounds that it seeks information that is already known to Mattel

10  and/or is a matter of public record and/or is equally available to Mattel, and is,

11  therefore, unduly burdensome and oppressive.  Larian also objects to this request to

12  the extent that it may seek documents the disclosure of which is or may be

13  governed by court orders.  Larian also objects to this request to the extent it seeks

14  information the disclosure of which would implicate the rights of third parties to

15  protect private, confidential, proprietary or trade secret information.  Larian also

16  objects to this request to the extent it may seek documents the disclosure of which

17  is or may be protected by contract or agreement.  Larian also objects to this request

18  on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of

20  Larian and one or more third parties.  Larian further objects to this request to the

21  extent it seeks information the disclosure of which would implicate the rights of

22  third parties to protect private, confidential, proprietary or trade secret information.

23  Larian also objects to this request to the extent it calls for the disclosure of attorney-

24  client privileged information or information protected from disclosure by the work-

25  product doctrine, joint defense or common interest privilege, or other privilege.

26          Subject to the foregoing, Larian will produce any personal documents

27  that are relevant and responsive to the request, if any, and that have not already

28  been produced, that he discovers in the course of his reasonable search and diligent

- 123 -

1   inquiry, which are within the permissible scope of discovery, and to which no

2   privilege or other protection applies, including without limitation, the attorney-

3   client privilege or attorney's work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 120:**

5           All transcripts and video and/or audio recordings of statements made

6   by any PERSON under oath, including without limitation all deposition transcripts,

7   trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than

8   those taken in this ACTION when Mattel's counsel was in attendance), including

9   all such declarations, affidavits and other sworn written statements of any other

10  type or form by or on behalf of YOU.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein. Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence. Larian also specifically

17  objects to this request on the grounds that it is overbroad, unduly burdensome and

18  oppressive including, without limitation, in calling for all transcripts and video

19  and/or audio recordings of statements made by any person under oath, including

20  without limitation all deposition transcripts, trial transcripts and arbitration

21  transcripts relating to Angel, but not otherwise limited as to subject matter, and not

22  limited in any way as to time. Larian also objects to this request on the grounds

23  that it seeks information that is already known to Mattel and/or is a matter of public

24  record and/or is equally available to Mattel, and is, therefore, unduly burdensome

25  and oppressive. Larian also objects to this request to the extent it may seek

26  documents the disclosure of which is or may be protected by contract or agreement.

27  Larian also objects to this request to the extent that it may seek documents the

28  disclosure of which is or may be governed by court orders. Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _197_

1  this request on the grounds that it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the business

3  interests of Larian and one or more third parties. Larian also objects to this request

4  to the extent it seeks information the disclosure of which would implicate the rights

5  of third parties to protect private, confidential, proprietary or trade secret

6  information. Larian also objects to this request to the extent it calls for the

7  disclosure of attorney-client privileged information or information protected from

8  disclosure by the work-product doctrine, joint defense or common interest

9  privilege, or other privilege.

10          Subject to the foregoing, Larian will produce any personal documents

11  that are relevant and responsive to the request, if any, and that have not already

12  been produced, that he discovers in the course of his reasonable search and diligent

13  inquiry, which are within the permissible scope of discovery, and to which no

14  privilege or other protection applies, including without limitation, the attorney-

15  client privilege or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 121:**

17          All DOCUMENTS RELATING TO the litigation encaptioned *The*

18  *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

19  on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence. Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties. Larian also objects to this request

- 125 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 198

1    to the extent it calls for the disclosure of attorney-client privileged information or

2    information protected from disclosure by the work-product doctrine, joint defense

3    or common interest privilege, or other privilege. Larian also objects to this request

4    to the extent it seeks documents not within Larian's possession, custody or control.

5    **REQUEST FOR PRODUCTION NO. 122:**

6          All DOCUMENTS seen, viewed or reviewed by YOU at any time in

7    preparation for the deposition of YOU that was taken in this ACTION on July 18,

8    2006.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

10          Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein. Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence. Larian also objects to

15   this request on the grounds that it seeks confidential, proprietary or commercially

16   sensitive information, the disclosure of which would be inimical to the business

17   interests of Larian and one or more third parties. Larian also objects to this request

18   to the extent it calls for the disclosure of attorney-client privileged information or

19   information protected from disclosure by the work-product doctrine, joint defense

20   or common interest privilege, or other privilege.

21          Subject to the foregoing, Larian will produce any personal documents

22   that are relevant and responsive to the request, if any, and that have not already

23   been produced, that he discovers in the course of his reasonable search and diligent

24   inquiry, which are within the permissible scope of discovery, and to which no

25   privilege or other protection applies, including without limitation, the attorney-

26   client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 123:**

28          All DOCUMENTS RELATING TO any and all arbitrations and suits

- 126 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __199__

1    between YOU and Farhad Larian.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

3            Larian incorporates by reference the above-stated general objections as

4    if fully set forth herein.  Larian also specifically objects to this request on the

5    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably

7    calculated to lead to the discovery of admissible evidence.  Larian also specifically

8    objects to this request on the grounds that it is overbroad, unduly burdensome and

9    oppressive including, without limitation, in calling for all documents relating to any

10   and all arbitrations and suits between Larian and Farhad Larian, but not otherwise

11   limited as to subject matter or time.  Larian also objects to this request on the

12   grounds that it seeks information that is already known to Mattel and/or is a matter

13   of public record and/or is equally available to Mattel, and is, therefore, unduly

14   burdensome and oppressive.  Larian also objects to this request to the extent it may

15   seek documents the disclosure of which is or may be protected by contract or

16   agreement.  Larian also objects to this request to the extent that it may seek

17   documents the disclosure of which is or may be governed by court orders.  Larian

18   also objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to

20   the business interests of Larian and one or more third parties.  Larian also objects to

21   this request to the extent it seeks information the disclosure of which would

22   implicate the rights of third parties to protect private, confidential, proprietary or

23   trade secret information.  Larian also objects to this request to the extent it calls for

24   the disclosure of attorney-client privileged information or information protected

25   from disclosure by the work-product doctrine, joint defense or common interest

26   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

27   documents not within Larian's possession, custody or control.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _200_

1   **REQUEST FOR PRODUCTION NO. 124:**

2          All DOCUMENTS filed, submitted or served in the suit and/or

3   arbitration proceedings brought by Farhad Larian against YOU, including without

4   limitation all declarations, affidavits, transcripts, video and/or audio recordings and

5   sworn testimony given by any PERSON in such suit or arbitration proceedings.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

7          Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.

18  **REQUEST FOR PRODUCTION NO. 125:**

19         All DOCUMENTS RELATING TO any and all settlements

20  resolutions or compromises of any suit and/or arbitration proceedings between

21  YOU and Farhad Larian.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

23         Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also specifically

28  objects to this request on the grounds that it is overbroad, unduly burdensome and

- 128 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **201**

1   oppressive including, without limitation, in calling for all transcripts and video

2   and/or audio recordings of statements made by any person under oath, including

3   without limitation all deposition transcripts, trial transcripts and arbitration

4   transcripts relating to any suit and/or arbitration proceedings between Larian and

5   Farhad Larian, but not otherwise limited as to subject matter, and not limited in any

6   way as to time.  Larian also objects to this request on the grounds that it seeks

7   information that is already known to Mattel and/or is a matter of public record

8   and/or is equally available to Mattel, and is, therefore, unduly burdensome and

9   oppressive.  Larian also objects to this request to the extent it may seek documents

10   the disclosure of which is or may be protected by contract or agreement.  Larian

11   also objects to this request to the extent that it may seek documents the disclosure

12   of which is or may be governed by court orders.  Larian also objects to this request

13   on the grounds that it seeks confidential, proprietary or commercially sensitive

14   information, the disclosure of which would be inimical to the business interests of

15   Larian and one or more third parties.  Larian also objects to this request to the

16   extent it seeks information the disclosure of which would implicate the rights of

17   third parties to protect private, confidential, proprietary or trade secret information.

18   Larian also objects to this request to the extent it calls for the disclosure of attorney-

19   client privileged information or information protected from disclosure by the work-

20   product doctrine, joint defense or common interest privilege, or other privilege.

21   **REQUEST FOR PRODUCTION NO. 126:**

22       All contracts or agreements between YOU or MGA and Farhad Larian.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

24       Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 129 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 202

1   this request on the grounds that it is overbroad, unlimited as to time, and unduly

2   burdensome and oppressive. Larian also objects to this request on the grounds that

3   it seeks confidential, proprietary or commercially sensitive information, the

4   disclosure of which would be inimical to the business interests of Larian and one or

5   more third parties. Larian also objects to this request to the extent it calls for the

6   disclosure of attorney-client privileged information or information protected from

7   disclosure by the work-product doctrine, joint defense or common interest

8   privilege, or other privilege.

9   **REQUEST FOR PRODUCTION NO. 127:**

10              All COMMUNICATIONS RELATING TO BRATZ between YOU or

11   MGA and Farhad Larian.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

13              Larian incorporates by reference the above-stated general objections as

14   if fully set forth herein. Larian also specifically objects to this request on the

15   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably

17   calculated to lead to the discovery of admissible evidence. Larian also specifically

18   objects to this request on the grounds that it is overbroad, unlimited as to time, and

19   unduly burdensome and oppressive. Larian also objects to this request on the

20   grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian and one or more third parties. Larian also objects to this request to the

23   extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense

25   or common interest privilege, or other privilege. Larian also objects to this request

26   to the extent it seeks information the disclosure of which would implicate the rights

27   of third parties to protect private, confidential, proprietary or trade secret

28   information. Larian also objects to this request to the extent it seeks documents not

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    within Larian's possession, custody or control.

2    **REQUEST FOR PRODUCTION NO. 128:**

3         All DOCUMENTS RELATING TO COMMUNICATIONS between

4    YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

5    without limitation all diaries, notes, calendars, logs, phone records and letters, that

6    reflect, record or memorialize or otherwise RELATING TO any such

7    COMMUNICATIONS.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

9         Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence.  Larian also objects to

14   this request on the grounds that it seeks confidential, proprietary or commercially

15   sensitive information, the disclosure of which would be inimical to the business

16   interests of Larian and one or more third parties.  Larian also objects to this request

17   to the extent it calls for the disclosure of attorney-client privileged information or

18   information protected from disclosure by the work-product doctrine, joint defense

19   or common interest privilege, or other privilege.

20   **REQUEST FOR PRODUCTION NO. 129:**

21        All COMMUNICATIONS RELATING TO BRYANT between YOU

22   or MGA and Farhad Larian.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

24        Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also specifically

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _204_

1    objects to this request on the grounds that it is overbroad and seeks information not

2    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

3    discovery of admissible evidence. Larian also objects to this request on the grounds

4    that it seeks confidential, proprietary or commercially sensitive information, the

5    disclosure of which would be inimical to the business interests of Larian and one or

6    more third parties. Larian also objects to this request to the extent it calls for the

7    disclosure of attorney-client privileged information or information protected from

8    disclosure by the work-product doctrine, joint defense or common interest

9    privilege, or other privilege.

10 **REQUEST FOR PRODUCTION NO. 130:**

11      All DOCUMENTS RELATING TO COMMUNICATIONS between

12    YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

13    including without limitation all diaries, notes, calendars, logs, phone records and

14    letters, that reflect, record or memorialize or otherwise RELATING TO any such

15    COMMUNICATIONS.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

17      Larian incorporates by reference the above-stated general objections as

18    if fully set forth herein. Larian also specifically objects to this request on the

19    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20    information not relevant to the subject matter of this lawsuit or reasonably

21    calculated to lead to the discovery of admissible evidence. Larian also specifically

22    objects to this request on the grounds that it is overbroad, unduly burdensome and

23    oppressive including, without limitation, in potentially extending to

24    communications that Farhad Larian may have had with any of MGA's hundreds of

25    employees, agents or representatives, and regardless of whether any such

26    communication is related in any way to the subject matter of this lawsuit, MGA, or

27    MGA's business. Larian also objects to this request on the grounds that it seeks

28    information in violation of the right of privacy. Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **205**

1   on the grounds that it seeks confidential, proprietary or commercially sensitive

2   information, the disclosure of which would be inimical to the business interests of

3   Larian and one or more third parties.  Larian further objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of

5   third parties to protect private, confidential, proprietary or trade secret information.

6   Larian also objects to this request to the extent it calls for the disclosure of attorney-

7   client privileged information or information protected from disclosure by the work-

8   product doctrine, joint defense or common interest privilege, or other privilege.

9   Larian also objects to the extent this request seeks documents not in Larian's

10  possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 131:**

12          All DOCUMENTS RELATING TO any and all payments or transfer

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Farhad Larian or

15  his FAMILY MEMBERS at any time since January 1, 2001.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would

25  be inimical to the business interests of Larian and one or more third parties.  Larian

26  also objects to this request to the extent it calls for the disclosure of attorney-client

27  privileged information or information protected from disclosure by the work-

28  product doctrine, joint defense or common interest privilege, or other privilege.

- 133 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __206__

1    Larian also objects to this request to the extent it seeks documents not within

2    Larian's possession, custody or control.

3    **REQUEST FOR PRODUCTION NO. 132:**

4            All contracts or agreements between YOU or MGA and Morad Zarabi.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

6            Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably

10   calculated to lead to the discovery of admissible evidence.  Larian also objects to

11   this request on the grounds that it seeks information in violation of the right of

12   privacy.  Larian also objects to this request on the grounds that it is overbroad,

13   unduly burdensome, and oppressive in seeking all contracts or agreements between

14   Larian or MGA and Morad Zarabi without limitation as to subject matter or time.

15   Larian also objects to this request on the grounds that it seeks confidential,

16   proprietary or commercially sensitive information, the disclosure of which would

17   be inimical to the business interests of Larian and one or more third parties.  Larian

18   also objects to this request to the extent it calls for the disclosure of attorney-client

19   privileged information or information protected from disclosure by the work-

20   product doctrine, joint defense or common interest privilege, or other privilege.

21   **REQUEST FOR PRODUCTION NO. 133:**

22           All COMMUNICATIONS RELATING TO BRATZ between YOU or

23   MGA and Morad Zarabi.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

25           Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

- 134 -

EXHIBIT __3__ PAGE __207__

1  calculated to lead to the discovery of admissible evidence. Larian also objects to

2  this request on the grounds that it is overbroad, unduly burdensome and oppressive,

3  including, without limitation, in that it is unlimited as to time and potentially

4  extends to communications that Morad Zarabi may have had with any of MGA's

5  hundreds of employees, agents or representatives, and regardless of whether any

6  such communication is related in any way to the subject matter of this lawsuit,

7  Larian, MGA, or MGA's business. Larian also objects to this request on the

8  grounds that it seeks information in violation of the right of privacy. Larian also

9  objects to this request on the grounds that it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to

11  the business interests of Larian and one or more third parties. Larian further objects

12  to this request to the extent it seeks information the disclosure of which would

13  implicate the rights of third parties to protect private, confidential, proprietary or

14  trade secret information. Larian also objects to this request to the extent it calls for

15  the disclosure of attorney-client privileged information or information protected

16  from disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege. Larian also objects to the extent this request seeks

18  documents not in Larian's possession, custody or control.

19  **REQUEST FOR PRODUCTION NO. 134:**

20          All DOCUMENTS RELATING TO COMMUNICATIONS between

21  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

22  without limitation all diaries, notes, calendars, logs, phone records and letters, that

23  reflect, record or memorialize or otherwise RELATING TO any such

24  COMMUNICATIONS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein. Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE _208_

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence. Larian also specifically

3   objects to this request on the grounds that it is overbroad, unduly burdensome, and

4   oppressive in that it seeks all documents relating to communications between

5   Larian or MGA and Morad Zarabi that refer or relate to Bratz and is not otherwise

6   limited as to subject matter or time. Larian also objects to this request on the

7   grounds that it is overbroad, unduly burdensome and oppressive including, without

8   limitation, in potentially extending to communications that Morad Zarabi may have

9   had with any of MGA's hundreds of employees, agents or representatives, and

10  regardless of whether any such communication is related in any way to the subject

11  matter of this lawsuit, MGA, or MGA's business. Larian also objects to this

12  request on the grounds that it seeks information in violation of the right of privacy.

13  Larian also objects to this request on the grounds that it seeks confidential,

14  proprietary or commercially sensitive information, the disclosure of which would

15  be inimical to the business interests of Larian and one or more third parties. Larian

16  further objects to this request to the extent it seeks information the disclosure of

17  which would implicate the rights of third parties to protect private, confidential,

18  proprietary or trade secret information. Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege. Larian also objects to the extent

22  this request seeks documents not in Larian's possession, custody or control.

23  **REQUEST FOR PRODUCTION NO. 135:**

24          All COMMUNICATIONS RELATING TO BRYANT between YOU

25  or MGA and Morad Zarabi.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request on the

- 136 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 209

1    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably

3    calculated to lead to the discovery of admissible evidence.  Larian also objects to

4    this request on the grounds that it seeks confidential, proprietary or commercially

5    sensitive information, the disclosure of which would be inimical to the business

6    interests of Larian and one or more third parties.  Larian also objects to this request

7    to the extent it calls for the disclosure of attorney-client privileged information or

8    information protected from disclosure by the work-product doctrine, joint defense

9    or common interest privilege, or other privilege.

10   **REQUEST FOR PRODUCTION NO. 136:**

11         All DOCUMENTS RELATING TO COMMUNICATIONS between

12   YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

13   including without limitation all diaries, notes, calendars, logs, phone records and

14   letters, that reflect, record or memorialize or otherwise RELATING TO any such

15   COMMUNICATIONS.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

17         Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence.  Larian also specifically

22   objects to this request on the grounds that it is overbroad, unduly burdensome, and

23   oppressive in that it seeks all documents relating to communications between

24   Larian or MGA and Morad Zarabi that refer or relate to Bryant and is not otherwise

25   limited as to subject matter or time.  Larian also objects to this request on the

26   grounds that it is overbroad, unduly burdensome and oppressive including, without

27   limitation, in potentially extending to communications that Morad Zarabi may have

28   had with any of MGA's hundreds of employees, agents or representatives, and

- 137 -

EXHIBIT 3 PAGE 210

1   regardless of whether any such communication is related in any way to the subject

2   matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

3   request on the grounds that it seeks information in violation of the right of privacy.

4   Larian also objects to this request on the grounds that it seeks confidential,

5   proprietary or commercially sensitive information, the disclosure of which would

6   be inimical to the business interests of Larian and one or more third parties.  Larian

7   further objects to this request to the extent it seeks information the disclosure of

8   which would implicate the rights of third parties to protect private, confidential,

9   proprietary or trade secret information.  Larian also objects to this request to the

10  extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege.  Larian also objects to the extent

13  this request seeks documents not in Larian's possession, custody or control.

14  **REQUEST FOR PRODUCTION NO. 137:**

15          All DOCUMENTS RELATING TO any and all payments or transfer

16  of anything of value that YOU or MGA have made, have offered or proposed to

17  make or have promised or agreed to make, to or for the benefit of Morad Zarabi or

18  his FAMILY MEMBERS at any time since January 1, 2001.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also objects to

25  this request on the grounds that it seeks information in violation of the right of

26  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would

28  be inimical to the business interests of Larian and one or more third parties.  Larian

- 138 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __211__

1   also objects to this request to the extent it calls for the disclosure of attorney-client

2   privileged information or information protected from disclosure by the work-

3   product doctrine, joint defense or common interest privilege, or other privilege.

4   Larian also objects to this request to the extent it seeks documents not within

5   Larian's possession, custody or control.

6   **REQUEST FOR PRODUCTION NO. 138:**

7          All DOCUMENTS RELATING TO any and all payments or transfers

8   of anything of value that YOU or MGA have made, have offered or proposed to

9   make or have promised or agreed to make, to or for the benefit of BRYANT or his

10   FAMILY MEMBERS.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

12          Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein. Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence. Larian also specifically

17   objects to this request on the grounds that it is overbroad, unlimited as to time, and

18   unduly burdensome and oppressive. Larian also objects to this request on the

19   grounds that it seeks information in violation of the right of privacy. Larian also

20   objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to

22   the business interests of Larian and one or more third parties. Larian also objects to

23   this request to the extent it calls for the disclosure of attorney-client privileged

24   information or information protected from disclosure by the work-product doctrine,

25   joint defense or common interest privilege, or other privilege.

26   **REQUEST FOR PRODUCTION NO. 139:**

27          All DOCUMENTS RELATING TO any and all payments or transfers

28   of anything of value that YOU or MGA have made, have offered or proposed to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 212