1  make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

2  her FAMILY MEMBERS.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

4  Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it is overbroad, unlimited as to time, and unduly

10  burdensome and oppressive.  Larian also objects to this request on the grounds that

11  it seeks information in violation of the right of privacy.  Larian also objects to this

12  request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.

18  **REQUEST FOR PRODUCTION NO. 140:**

19  All DOCUMENTS RELATING TO any and all payments or transfers

20  of anything of value that YOU or MGA have made, have offered or proposed to

21  make or have promised or agreed to make, to or for the benefit of Margaret Hatch

22  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

23  MEMBERS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

25  Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 213

1  calculated to lead to the discovery of admissible evidence. Larian also objects to

2  this request on the grounds that it is overbroad, unlimited as to time, and unduly

3  burdensome and oppressive. Larian also objects to this request on the grounds that

4  it seeks information in violation of the right of privacy. Larian also objects to this

5  request on the grounds that it seeks confidential, proprietary or commercially

6  sensitive information, the disclosure of which would be inimical to the business

7  interests of Larian and one or more third parties. Larian also objects to this request

8  to the extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.

11  **REQUEST FOR PRODUCTION NO. 141:**

12          All DOCUMENTS RELATING TO any and all payments or transfers

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Amy Meyers or

15  her FAMILY MEMBERS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request on the grounds that it is overbroad, unlimited as to time, and unduly

23  burdensome and oppressive. Larian also objects to this request on the grounds that

24  it seeks information in violation of the right of privacy. Larian also objects to this

25  request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties. Larian also objects to this request

28  to the extent it calls for the disclosure of attorney-client privileged information or

1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.

3  **REQUEST FOR PRODUCTION NO. 142:**

4          All DOCUMENTS RELATING TO any and all payments or transfers

5  of anything of value that YOU or MGA have made, have offered or proposed to

6  make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

7  her FAMILY MEMBERS at any time since January 1, 1999.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

9          Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it seeks information in violation of the right of

15  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would

17  be inimical to the business interests of Larian and one or more third parties.  Larian

18  also objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 143:**

22          All DOCUMENTS RELATING TO any and all payments or transfers

23  of anything of value that YOU or MGA have made, have offered or proposed to

24  make or have promised or agreed to make, to or for the benefit of Maureen Mullen

25  or her FAMILY MEMBERS at any time since January 1, 1999.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

- 142 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 215

1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence.  Larian also objects to

4   this request on the grounds that it seeks information in violation of the right of

5   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

6   proprietary or commercially sensitive information, the disclosure of which would

7   be inimical to the business interests of Larian and one or more third parties.  Larian

8   also objects to this request to the extent it calls for the disclosure of attorney-client

9   privileged information or information protected from disclosure by the work-

10  product doctrine, joint defense or common interest privilege, or other privilege.

11  **REQUEST FOR PRODUCTION NO. 144:**

12          All DOCUMENTS RELATING TO any and all payments or transfers

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

15  or her FAMILY MEMBERS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it is overbroad, unlimited as to time, and unduly

23  burdensome and oppressive.  Larian also objects to this request on the grounds that

24  it seeks information in violation of the right of privacy.  Larian also objects to this

25  request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties.  Larian also objects to this request

28  to the extent it calls for the disclosure of attorney-client privileged information or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _210_

1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.

3  **REQUEST FOR PRODUCTION NO. 145:**

4        All DOCUMENTS RELATING TO any and all payments or transfers

5  of anything of value that YOU or MGA have made, have offered or proposed to

6  make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

7  his FAMILY MEMBERS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

9        Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it is overbroad, unlimited as to time, and unduly

15  burdensome and oppressive.  Larian also objects to this request on the grounds that

16  it seeks information in violation of the right of privacy.  Larian also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian and one or more third parties.  Larian also objects to this request

20  to the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.

23  **REQUEST FOR PRODUCTION NO. 146:**

24        All DOCUMENTS RELATING TO any and all payments or transfers

25  of anything of value that YOU or MGA have made, have offered or proposed to

26  make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

27  FAMILY MEMBERS at any time since January 1, 1999.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

2         Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein.  Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence.  arian also objects to this

7   request on the grounds that it seeks information in violation of the right of privacy.

8   Larian also objects to this request on the grounds that it seeks confidential,

9   proprietary or commercially sensitive information, the disclosure of which would

10  be inimical to the business interests of Larian and one or more third parties.  Larian

11  also objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14  **REQUEST FOR PRODUCTION NO. 147:**

15        All DOCUMENTS RELATING TO any indemnification that

16  BRYANT has sought, proposed, requested or obtained in connection with this

17  ACTION.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

19        Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also specifically

24  objects to this request on the grounds that it seeks information in violation of the

25  right of privacy.  Larian also objects to this request on the grounds that it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of

27  which would be inimical to the business interests of Larian and one or more third

28  parties.  Larian also objects to this request to the extent it calls for the disclosure of

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _218_

1  attorney-client privileged information or information protected from disclosure by

2  the work-product doctrine, joint defense or common interest privilege, or other

3  privilege.

4          Subject to the foregoing, Larian will produce any personal documents

5  that are relevant and responsive to the request, if any, and that have not already

6  been produced, that he discovers in the course of his reasonable search and diligent

7  inquiry, which are within the permissible scope of discovery, and to which no

8  privilege or other protection applies, including without limitation, the attorney-

9  client privilege or attorney's work product doctrine.

10 **REQUEST FOR PRODUCTION NO. 148:**

11         All DOCUMENTS RELATING TO any indemnification that Elise

12 Cloonan has sought, proposed, requested or obtained in connection with this

13 ACTION.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

15         Larian incorporates by reference the above-stated general objections as

16 if fully set forth herein.  Larian also specifically objects to this request on the

17 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18 information not relevant to the subject matter of this lawsuit or reasonably

19 calculated to lead to the discovery of admissible evidence.  Larian also objects to

20 this request on the grounds that it seeks information in violation of the right of

21 privacy.  Larian also objects to this request on the grounds that it seeks confidential,

22 proprietary or commercially sensitive information, the disclosure of which would

23 be inimical to the business interests of Larian and one or more third parties.  Larian

24 also objects to this request to the extent it calls for the disclosure of attorney-client

25 privileged information or information protected from disclosure by the work-

26 product doctrine, joint defense or common interest privilege, or other privilege.

27         Subject to the foregoing, Larian will produce any personal documents

28 that are relevant and responsive to the request, if any, and that have not already

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

3  PAGE 219

1   been produced, that he discovers in the course of his reasonable search and diligent

2   inquiry, which are within the permissible scope of discovery, and to which no

3   privilege or other protection applies, including without limitation, the attorney-

4   client privilege or attorney's work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 149:**

6          All DOCUMENTS RELATING TO any indemnification that Margaret

7   Hatch-Leahy has sought, proposed, requested or obtained in connection with this

8   ACTION.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

10          Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein.  Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence.  Larian also objects to

15   this request on the grounds that it seeks information in violation of the right of

16   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

17   proprietary or commercially sensitive information, the disclosure of which would

18   be inimical to the business interests of Larian and one or more third parties.  Larian

19   also objects to this request to the extent it calls for the disclosure of attorney-client

20   privileged information or information protected from disclosure by the work-

21   product doctrine, joint defense or common interest privilege, or other privilege.

22          Subject to the foregoing, Larian will produce any personal documents

23   that are relevant and responsive to the request, if any, and that have not already

24   been produced, that he discovers in the course of his reasonable search and diligent

25   inquiry, which are within the permissible scope of discovery, and to which no

26   privilege or other protection applies, including without limitation, the attorney-

27   client privilege or attorney's work product doctrine.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __220__

1  **REQUEST FOR PRODUCTION NO. 150:**

2         All DOCUMENTS RELATING TO any indemnification that Veronica

3  Marlow has sought, proposed, requested or obtained in connection with this

4  ACTION.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

6         Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.  Larian also objects to

11  this request on the grounds that it seeks information in violation of the right of

12  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would

14  be inimical to the business interests of Larian and one or more third parties.  Larian

15  also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18         Subject to the foregoing, Larian will produce any personal documents

19  that are relevant and responsive to the request, if any, and that have not already

20  been produced, that he discovers in the course of his reasonable search and diligent

21  inquiry, which are within the permissible scope of discovery, and to which no

22  privilege or other protection applies, including without limitation, the attorney-

23  client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 151:**

25         All DOCUMENTS RELATING TO any indemnification that Sarah

26  Halpern has sought, proposed, requested or obtained in connection with this

27  ACTION.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _221_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 152:**

All DOCUMENTS RELATING TO any indemnification that Paula Garcia (also known as Paula Treantafellas) has sought, proposed, requested or obtained in connection with this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3  PAGE 222

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it seeks information in violation of the right of

3  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would

5  be inimical to the business interests of Larian and one or more third parties.  Larian

6  also objects to this request to the extent it calls for the disclosure of attorney-client

7  privileged information or information protected from disclosure by the work-

8  product doctrine, joint defense or common interest privilege, or other privilege.

9         Subject to the foregoing, Larian will produce any personal documents

10  that are relevant and responsive to the request, if any, and that have not already

11  been produced, that he discovers in the course of his reasonable search and diligent

12  inquiry, which are within the permissible scope of discovery, and to which no

13  privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 153:**

16         To the extent not covered by other Requests, all DOCUMENTS

17  RELATING TO any indemnification that any PERSON has sought, proposed,

18  requested or obtained in connection with this ACTION.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad and seeks information not relevant to the subject matter

23  of this lawsuit or reasonably calculated to lead to the discovery of admissible

24  evidence.  Larian also objects to this request on the grounds that it seeks

25  information in violation of the right of privacy.  Larian also objects to this request

26  on the grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties.  Larian also objects to this request to the

- 150 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 223

1  extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege.

4          Subject to the foregoing, Larian will produce any personal documents

5  that are relevant and responsive to the request, if any, and that have not already

6  been produced, that he discovers in the course of his reasonable search and diligent

7  inquiry, which are within the permissible scope of discovery, and to which no

8  privilege or other protection applies, including without limitation, the attorney-

9  client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 154:**

11          All DOCUMENTS RELATING TO any indemnification that YOU or

12  MGA have sought, proposed, requested or obtained in connection with this

13  ACTION.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

15          Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that seeks information not relevant to the subject matter of this lawsuit or

18  reasonably calculated to lead to the discovery of admissible evidence.  Larian also

19  specifically objects to this request on the grounds that it seeks information in

20  violation of the right of privacy.  Larian also objects to this request on the grounds

21  that it seeks confidential, proprietary or commercially sensitive information, the

22  disclosure of which would be inimical to the business interests of Larian and one or

23  more third parties.  Larian also objects to this request to the extent it calls for the

24  disclosure of attorney-client privileged information or information protected from

25  disclosure by the work-product doctrine, joint defense or common interest

26  privilege, or other privilege.

27          Subject to the foregoing, Larian will produce any personal documents

28  that are relevant and responsive to the request, if any, and that have not already

- 151 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

3  PAGE 224

1 been produced, that he discovers in the course of his reasonable search and diligent

2 inquiry, which are within the permissible scope of discovery, and to which no

3 privilege or other protection applies, including without limitation, the attorney-

4 client privilege or attorney's work product doctrine.

5 **REQUEST FOR PRODUCTION NO. 155:**

6    All COMMUNICATIONS between YOU or MGA and Universal

7 Commerce Corp., Ltd. prior to June 1, 2001.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

9    Larian incorporates by reference the above-stated general objections as

10 if fully set forth herein. Larian also specifically objects to this request on the

11 grounds that it is overbroad and unduly burdensome, including, without limitation,

12 in that it seeks all communications between Larian or MGA and Universal

13 Commerce Corp., without regard to subject matter, and extends back in time

14 indefinitely. Larian also objects to this request on the grounds that it seeks

15 confidential, proprietary or commercially sensitive information, the disclosure of

16 which would be inimical to the business interests of Larian and one or more third

17 parties. Larian further objects to this request to the extent it seeks information the

18 disclosure of which would implicate the rights of third parties to protect private,

19 confidential, proprietary or trade secret information. Larian also objects to this

20 request to the extent it calls for the disclosure of attorney-client privileged

21 information or information protected from disclosure by the work-product doctrine,

22 joint defense or common interest privilege, or other privilege.

23    Subject to the foregoing, Larian will produce any personal documents

24 that are relevant and responsive to the request, if any, and that have not already

25 been produced, that he discovers in the course of his reasonable search and diligent

26 inquiry, which are within the permissible scope of discovery, and to which no

27 privilege or other protection applies, including without limitation, the attorney-

28 client privilege or attorney's work product doctrine.

- 152 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **225**

1  **REQUEST FOR PRODUCTION NO. 156:**

2          All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

3  were prepared, authored or created by MATTEL, that BRYANT has ever provided

4  to, shown, described to, communicated to or disclosed in any manner to YOU or

5  MGA.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

7          Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad and seeks information not relevant to the subject matter

10  of this lawsuit or reasonably calculated to lead to the discovery of admissible

11  evidence including, without limitation, in that it seeks all documents that refer or

12  relate to Mattel and is not otherwise limited as to subject matter or time.  Larian

13  also objects to this request on the grounds that it is overbroad, without limitation, in

14  potentially extending to any document that refers or relates to Mattel that Bryant

15  showed to anybody who now works for MGA, even if Bryant showed the document

16  to such person before one or either of them began work for MGA, and, indeed,

17  while Bryant and such person both worked for Mattel, and without regard to

18  whether such person has or had anything to do with the subject matter of this

19  lawsuit.  Larian also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would

21  be inimical to the business interests of Larian and one or more third parties.  Larian

22  further objects to this request to the extent it seeks information the disclosure of

23  which would implicate the rights of third parties to protect private, confidential,

24  proprietary or trade secret information.  Larian also objects to this request to the

25  extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense

27  or common interest privilege, or other privilege.

28          Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXH. 3  PAGE 226

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 157:**

7          All COMMUNICATIONS between YOU or MGA and BRYANT

8   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

9   logs, phone records and letters, that reflect, record or memorialize or otherwise

10   RELATING TO any such COMMUNICATIONS.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

12          Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein. Larian also specifically objects to this request on the

14   grounds that it is overbroad, unduly burdensome and oppressive, without limitation,

15   in potentially extending to communications that Bryant may have had with any of

16   MGA's hundreds of employees, agents or representatives, and regardless of whether

17   any such communication is related in any way to the subject matter of this lawsuit,

18   MGA, or MGA's business. Larian also objects to this request on the grounds that it

19   seeks information in violation of the right of privacy. Larian also objects to this

20   request to the extent it seeks information the disclosure of which would implicate

21   the rights of third parties to protect private, confidential, proprietary or trade secret

22   information. Larian also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of Larian and one or more third

25   parties. Larian also objects to this request to the extent it calls for the disclosure of

26   attorney-client privileged information or information protected from disclosure by

27   the work-product doctrine, joint defense or common interest privilege, or other

28   privilege. Larian also objects to this request to the extent it seeks documents not

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

3   PAGE 227

1 | within Larian's possession, custody or control.

2 |    Subject to the foregoing, Larian will produce any personal documents

3 | that are relevant and responsive to the request, if any, and that have not already

4 | been produced, that he discovers in the course of his reasonable search and diligent

5 | inquiry, which are within the permissible scope of discovery, and to which no

6 | privilege or other protection applies, including without limitation, the attorney-

7 | client privilege or attorney's work product doctrine.

8 | **REQUEST FOR PRODUCTION NO. 158:**

9 |    All COMMUNICATIONS between YOU or MGA and Elise Cloonan

10 | that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

11 | including without limitation all diaries, notes, calendars, logs, phone records and

12 | letters, that reflect, record or memorialize or otherwise RELATING TO any such

13 | COMMUNICATIONS.

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

15 |    Larian incorporates by reference the above-stated general objections as

16 | if fully set forth herein. Larian also specifically objects to this request on the

17 | grounds that it is overbroad, unduly burdensome and oppressive, including, without

18 | limitation, in that it seeks communications that any of MGA's hundreds of

19 | employees, agents or representatives may have exchanged at any time with Elise

20 | Cloonan that refer or relate to Bryant, Mattel (or any of its officers, directors,

21 | employees, or representatives, regardless of whether such person was employed by

22 | Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

23 | whether any such communication is related in any way to the subject matter of this

24 | lawsuit. Larian also objects to this request as overbroad in that it is unlimited as to

25 | time. Larian also objects to this request on the grounds that it seeks information in

26 | violation of the right of privacy. Larian also objects to this request to the extent it

27 | seeks information the disclosure of which would implicate the rights of third parties

28 | to protect private, confidential, proprietary or trade secret information. Larian

- 155 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 228

1  further objects to this request on the grounds that it seeks confidential, proprietary

2  or commercially sensitive information, the disclosure of which would be inimical to

3  the business interests of Larian.  Larian also objects to this request to the extent it

4  calls for the disclosure of attorney-client privileged information or information

5  protected from disclosure by the work-product doctrine, joint defense or common

6  interest privilege, or other privilege.  Larian also objects to this request to the extent

7  it seeks documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce any personal documents

9  that are relevant and responsive to the request, if any, and that have not already

10  been produced, that he discovers in the course of his reasonable search and diligent

11  inquiry, which are within the permissible scope of discovery, and to which no

12  privilege or other protection applies, including without limitation, the attorney-

13  client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 159:**

15          All COMMUNICATIONS between YOU or MGA and Elise Cloonan

16  prior to June 11, 2002, including without limitation all diaries, notes, calendars,

17  logs, phone records and letters, that reflect, record or memorialize or otherwise

18  RELATING TO any such COMMUNICATIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence, including, without

25  limitation, in that it seeks all communications between Larian or MGA and Elise

26  Cloonan and is not otherwise limited as to subject matter.  Larian also objects to

27  this request on the grounds that it is overbroad, unduly burdensome and oppressive,

28  without limitation, in potentially extending to communications that Elise Cloonan

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  3   PAGE 229

1   may have had with any of MGA's hundreds of employees, agents or

2   representatives, and regardless of whether any such communication is related in any

3   way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also

4   objects to this request on the grounds that it seeks information in violation of the

5   right of privacy. Larian also objects to this request to the extent it seeks

6   information the disclosure of which would implicate the rights of third parties to

7   protect private, confidential, proprietary or trade secret information. Larian further

8   objects to this request on the grounds that it seeks confidential, proprietary or

9   commercially sensitive information, the disclosure of which would be inimical to

10  the business interests of Larian. Larian also objects to this request to the extent it

11  calls for the disclosure of attorney-client privileged information or information

12  protected from disclosure by the work-product doctrine, joint defense or common

13  interest privilege, or other privilege. Larian also objects to this request to the extent

14  it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16  that are relevant and responsive to the request, if any, and that have not already

17  been produced, that he discovers in the course of his reasonable search and diligent

18  inquiry, which are within the permissible scope of discovery, and to which no

19  privilege or other protection applies, including without limitation, the attorney-

20  client privilege or attorney's work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 160:**

22          All COMMUNICATIONS between YOU or MGA and Veronica

23  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

24  calendars, logs, phone records and letters, that reflect, record or memorialize or

25  otherwise RELATING TO any such COMMUNICATIONS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request on the

- 157 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3   PAGE 236

1    grounds that it is overbroad, unduly burdensome and oppressive, and seeks

2    information not relevant to the subject matter of this lawsuit or reasonably

3    calculated to lead to the discovery of admissible evidence, including, without

4    limitation, in that it seeks all communications between Larian or MGA and

5    Veronica Marlow and is not otherwise limited as to subject matter.  Larian also

6    objects to this request on the grounds that it is overbroad, unduly burdensome and

7    oppressive, without limitation, in potentially extending to communications that

8    Veronica Marlow may have had with any of MGA's hundreds of employees, agents

9    or representatives, and regardless of whether any such communication is related in

10    any way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian

11    also objects to this request on the grounds that it seeks information in violation of

12    the right of privacy.  Larian also objects to this request to the extent it seeks

13    information the disclosure of which would implicate the rights of third parties to

14    protect private, confidential, proprietary or trade secret information.  Larian further

15    objects to this request on the grounds that it seeks confidential, proprietary or

16    commercially sensitive information, the disclosure of which would be inimical to

17    the business interests of Larian.  Larian also objects to this request to the extent it

18    calls for the disclosure of attorney-client privileged information or information

19    protected from disclosure by the work-product doctrine, joint defense or common

20    interest privilege, or other privilege.  Larian also objects to this request to the extent

21    it seeks documents not within Larian's possession, custody or control.

22         Subject to the foregoing, Larian will produce any personal documents

23    related to Bratz or Prayer Angels that are relevant and responsive to the request, if

24    any, and that have not already been produced, that he discovers in the course of his

25    reasonable search and diligent inquiry, which are within the permissible scope of

26    discovery, and to which no privilege or other protection applies, including without

27    limitation, the attorney-client privilege or attorney's work product doctrine.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXH 3   PAGE 231

1   **REQUEST FOR PRODUCTION NO. 161:**

2        All COMMUNICATIONS between YOU or MGA and Mercedeh

3 Ward prior to November 6, 2000, including without limitation all diaries, notes,

4 calendars, logs, phone records and letters, that reflect, record or memorialize or

5 otherwise RELATING TO any such COMMUNICATIONS.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

7        Larian incorporates by reference the above-stated general objections as

8 if fully set forth herein.  Larian also specifically objects to this request on the

9 grounds that it is overbroad, unduly burdensome and oppressive, and seeks

10 information not relevant to the subject matter of this lawsuit or reasonably

11 calculated to lead to the discovery of admissible evidence, including, without

12 limitation, in that it seeks all communications between Larian or MGA and

13 Mercedeh Ward and is not otherwise limited as to subject matter.  Larian also

14 objects to this request on the grounds that it is overbroad, unduly burdensome and

15 oppressive, without limitation, in potentially extending to communications that

16 Mercedeh Ward may have had with any of MGA's hundreds of employees, agents

17 or representatives, and regardless of whether any such communication is related in

18 any way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian

19 also objects to this request on the grounds that it seeks information in violation of

20 the right of privacy.  Larian also objects to this request to the extent it seeks

21 information the disclosure of which would implicate the rights of third parties to

22 protect private, confidential, proprietary or trade secret information.  Larian further

23 objects to this request on the grounds that it seeks confidential, proprietary or

24 commercially sensitive information, the disclosure of which would be inimical to

25 the business interests of Larian.  Larian also objects to this request to the extent it

26 calls for the disclosure of attorney-client privileged information or information

27 protected from disclosure by the work-product doctrine, joint defense or common

28 interest privilege, or other privilege.  Larian also objects to this request to the extent

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 232

1    it seeks documents not within Larian's possession, custody or control.

2              Subject to the foregoing, Larian will produce any personal documents

3    that are relevant and responsive to the request, if any, and that have not already

4    been produced, that he discovers in the course of his reasonable search and diligent

5    inquiry, which are within the permissible scope of discovery, and to which no

6    privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 162:**

9              All COMMUNICATIONS between YOU or MGA and Margaret

10   Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to

11   January 1, 2001, including without limitation all diaries, notes, calendars, logs,

12   phone records and letters, that reflect, record or memorialize or otherwise

13   RELATING TO any such COMMUNICATIONS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

15             Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence, including, without

20   limitation, in that it seeks all communications between Larian or MGA and

21   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and

22   is not otherwise limited as to subject matter.  Larian also objects to this request on

23   the grounds that it is overbroad, unduly burdensome and oppressive, without

24   limitation, in potentially extending to communications that Margaret Hatch (also

25   known as Margaret Leahy and/or Margaret Hatch-Leahy) may have had with any of

26   MGA's hundreds of employees, agents or representatives, and regardless of

27   whether any such communication is related in any way to the subject matter of this

28   lawsuit, MGA, or MGA's business.  Larian also objects to this request on the

1  grounds that it seeks information in violation of the right of privacy. Larian also

2  objects to this request to the extent it seeks information the disclosure of which

3  would implicate the rights of third parties to protect private, confidential,

4  proprietary or trade secret information. Larian further objects to this request on the

5  grounds that it seeks confidential, proprietary or commercially sensitive

6  information, the disclosure of which would be inimical to the business interests of

7  Larian. Larian also objects to this request to the extent it calls for the disclosure of

8  attorney-client privileged information or information protected from disclosure by

9  the work-product doctrine, joint defense or common interest privilege, or other

10  privilege. Larian also objects to this request to the extent it seeks documents not

11  within Larian's possession, custody or control.

12       Subject to the foregoing, Larian will produce any personal documents

13  that are relevant and responsive to the request, if any, and that have not already

14  been produced, that he discovers in the course of his reasonable search and diligent

15  inquiry, which are within the permissible scope of discovery, and to which no

16  privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 163:**

19       All COMMUNICATIONS between YOU or MGA and Anna Rhee

20  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

21  logs, phone records and letters, that reflect, record or memorialize or otherwise

22  RELATING TO any such COMMUNICATIONS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

24       Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence, including, without

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _234_

1   limitation, in that it seeks all communications between Larian or MGA and Anna

2   Rhee and is not otherwise limited as to subject matter.  Larian also objects to this

3   request on the grounds that it is overbroad, unduly burdensome and oppressive,

4   without limitation, in potentially extending to communications that Anna Rhee may

5   have had with any of MGA's hundreds of employees, agents or representatives, and

6   regardless of whether any such communication is related in any way to the subject

7   matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this request

8   on the grounds that it seeks information in violation of the right of privacy.  Larian

9   also objects to this request to the extent it seeks information the disclosure of which

10  would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information.  Larian further objects to this request on the

12  grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

15  attorney-client privileged information or information protected from disclosure by

16  the work-product doctrine, joint defense or common interest privilege, or other

17  privilege.  Larian also objects to this request to the extent it seeks documents not

18  within Larian's possession, custody or control.

19           Subject to the foregoing, Larian will produce any personal documents

20  relating to Bratz or Prayer Angels that are relevant and responsive to the request, if

21  any, and that have not already been produced, that he discovers in the course of his

22  reasonable search and diligent inquiry, which are within the permissible scope of

23  discovery, and to which no privilege or other protection applies, including without

24  limitation, the attorney-client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 164:**

26           ALL COMMUNICATIONS between Veronica Marlow and Anna

27  Rhee prior to January 1, 2001, including without limitation all diaries, notes,

28  calendars, logs, phone records and letters, that reflect, record or memorialize or

- 162 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 235

1  otherwise RELATING TO any such COMMUNICATIONS.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

3        Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad and unduly burdensome, and seeks information not

6  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

7  discovery of admissible evidence, including, without limitation, in that it seeks all

8  communications between Veronica Marlow and Anna Rhee and is not otherwise

9  limited as to subject matter.  Larian also objects to this request on the grounds that

10  it seeks information in violation of the right of privacy.  Larian also objects to this

11  request to the extent it seeks information the disclosure of which would implicate

12  the rights of third parties to protect private, confidential, proprietary or trade secret

13  information.  Larian also objects to this request on the grounds that it seeks

14  confidential, proprietary or commercially sensitive information, the disclosure of

15  which would be inimical to the business interests of Larian and one or more third

16  parties.  Larian also objects to this request to the extent it calls for the disclosure of

17  attorney-client privileged information or information protected from disclosure by

18  the work-product doctrine, joint defense or common interest privilege, or other

19  privilege.  Larian also objects to this request to the extent it seeks documents not

20  within Larian's possession, custody or control.

21        Subject to the foregoing, Larian will produce any personal documents

22  that are relevant and responsive to the request, if any, and that have not already

23  been produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, which are within the permissible scope of discovery, and to which no

25  privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 165:**

28        All COMMUNICATIONS between YOU or MGA and Sarah Halpern

- 163 -

EXHIBIT 3   PAGE 236

1   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

2   logs, phone records and letters, that reflect, record or memorialize or otherwise

3   RELATING TO any such COMMUNICATIONS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

5              Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence, including, without

10  limitation, in that it seeks all communications between Larian or MGA and Sarah

11  Halpern and is not otherwise limited as to subject matter.  Larian also objects to this

12  request on the grounds that it is overbroad, unduly burdensome and oppressive,

13  without limitation, in potentially extending to communications that Sarah Halpern

14  may have had with any of MGA's hundreds of employees, agents or

15  representatives, and regardless of whether any such communication is related in any

16  way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

17  objects to this request on the grounds that it seeks information in violation of the

18  right of privacy.  Larian also objects to this request to the extent it seeks

19  information the disclosure of which would implicate the rights of third parties to

20  protect private, confidential, proprietary or trade secret information.  Larian further

21  objects to this request on the grounds that it seeks confidential, proprietary or

22  commercially sensitive information, the disclosure of which would be inimical to

23  the business interests of Larian.  Larian also objects to this request to the extent it

24  calls for the disclosure of attorney-client privileged information or information

25  protected from disclosure by the work-product doctrine, joint defense or common

26  interest privilege, or other privilege.  Larian also objects to this request to the extent

27  it seeks documents not within Larian's possession, custody or control.

28              Subject to the foregoing, Larian will produce any personal documents

- 164 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3   PAGE 237

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 166:**

7       All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

8   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

9   logs, phone records and letters, that reflect, record or memorialize or otherwise

10  RELATING TO any such COMMUNICATIONS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

12      Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence, including, without

17  limitation, in that it seeks all communications between Larian or MGA and Jesse

18  Ramirez and is not otherwise limited as to subject matter.  Larian also objects to

19  this request on the grounds that it is overbroad, unduly burdensome and oppressive,

20  without limitation, in potentially extending to communications that Jesse Ramirez

21  may have had with any of MGA's hundreds of employees, agents or

22  representatives, and regardless of whether any such communication is related in any

23  way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

24  objects to this request on the grounds that it seeks information in violation of the

25  right of privacy.  Larian also objects to this request to the extent it seeks

26  information the disclosure of which would implicate the rights of third parties to

27  protect private, confidential, proprietary or trade secret information.  Larian further

28  objects to this request on the grounds that it seeks confidential, proprietary or

- 165 -

1 | commercially sensitive information, the disclosure of which would be inimical to

2 | the business interests of Larian. Larian also objects to this request to the extent it

3 | calls for the disclosure of attorney-client privileged information or information

4 | protected from disclosure by the work-product doctrine, joint defense or common

5 | interest privilege, or other privilege. Larian also objects to this request to the extent

6 | it seeks documents not within Larian's possession, custody or control.

7 |       Subject to the foregoing, Larian will produce any personal documents

8 | that are relevant and responsive to the request, if any, and that have not already

9 | been produced, that he discovers in the course of his reasonable search and diligent

10 | inquiry, which are within the permissible scope of discovery, and to which no

11 | privilege or other protection applies, including without limitation, the attorney-

12 | client privilege or attorney's work product doctrine.

13 | **REQUEST FOR PRODUCTION NO. 167:**

14 |       Any personnel or vendor file that YOU created, control, or maintain

15 | concerning BRYANT.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

17 |       Larian incorporates by reference the above-stated general objections as

18 | if fully set forth herein. Larian also specifically objects to this request on the

19 | grounds that it is overbroad and unduly burdensome, and seeks information not

20 | relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

21 | discovery of admissible evidence, including, without limitation, in that it seeks any

22 | personnel or vendor file concerning Bryant created or maintained by Larian and is

23 | not otherwise limited as to subject matter or time. Larian also objects to this

24 | request on the grounds that it is vague and ambiguous in that Larian cannot

25 | determine what is meant by "vendor file." Larian also objects to this request on the

26 | grounds that it seeks information in violation of the right of privacy. Larian also

27 | objects to this request to the extent it seeks information the disclosure of which

28 | would implicate the rights of third parties to protect private, confidential,

- 166 -

EXHIBIT 3 PAGE 239

LARIAN'S RESPONSE TO MATTEL'S 1ST<br>SET OF REQUESTS FOR PRODUCTION<br>CV 04-9049 SGL (RNBX)

1  proprietary or trade secret information. Larian also objects to this request on the

2  grounds that it seeks confidential, proprietary or commercially sensitive

3  information, the disclosure of which would be inimical to the business interests of

4  Larian and one or more third parties. Larian also objects to this request to the

5  extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense

7  or common interest privilege, or other privilege.

8          Subject to the foregoing, Larian will produce any personal documents

9  that are relevant and responsive to the request, if any, and that have not already

10  been produced, that he discovers in the course of his reasonable search and diligent

11  inquiry, which are within the permissible scope of discovery, and to which no

12  privilege or other protection applies, including without limitation, the attorney-

13  client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 168:**

15          Any personnel file that YOU created, control, or maintain concerning

16  Paula Garcia (also known as Paula Treantafellas).

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein. Larian also specifically objects to this request on the

20  grounds that it is overbroad and unduly burdensome, and seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence, including, without limitation, in that it seeks any

23  personnel or vendor file concerning Paula Garcia created or maintained by Larian

24  and is not otherwise limited as to subject matter or time. Larian also objects to this

25  request on the grounds that it is vague and ambiguous in that Larian cannot

26  determine what is meant by "vendor file." Larian also objects to this request on the

27  grounds that it seeks information in violation of the right of privacy. Larian also

28  objects to this request to the extent it seeks information the disclosure of which

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 240

1   would implicate the rights of third parties to protect private, confidential,

2   proprietary or trade secret information.  Larian also objects to this request on the

3   grounds that it seeks confidential, proprietary or commercially sensitive

4   information, the disclosure of which would be inimical to the business interests of

5   Larian and one or more third parties.  Larian also objects to this request to the

6   extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.

9           Subject to the foregoing, Larian will produce any personal documents

10  that are relevant and responsive to the request, if any, and that have not already

11  been produced, that he discovers in the course of his reasonable search and diligent

12  inquiry, which are within the permissible scope of discovery, and to which no

13  privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 169:**

16          Any personnel file that YOU created, control, or maintain concerning

17  Mercedeh Ward.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad and unduly burdensome, and seeks information not

22  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

23  discovery of admissible evidence, including, without limitation, in that it seeks any

24  personnel or vendor file concerning Mercedeh Ward created or maintained by

25  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

26  to this request on the grounds that it is vague and ambiguous in that Larian cannot

27  determine what is meant by "vendor file."  Larian also objects to this request on the

28  grounds that it seeks information in violation of the right of privacy.  Larian also

- 168 -

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request on the

4   grounds that it seeks confidential, proprietary or commercially sensitive

5   information, the disclosure of which would be inimical to the business interests of

6   Larian and one or more third parties.  Larian also objects to this request to the

7   extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10          Subject to the foregoing, Larian will produce any personal documents

11   that are relevant and responsive to the request, if any, and that have not already

12   been produced, that he discovers in the course of his reasonable search and diligent

13   inquiry, which are within the permissible scope of discovery, and to which no

14   privilege or other protection applies, including without limitation, the attorney-

15   client privilege or attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 170:**

17          Any personnel or vendor file that YOU created, control, or maintain

18   concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

19   Leahy).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad and unduly burdensome, and seeks information not

24   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

25   discovery of admissible evidence, including, without limitation, in that it seeks any

26   personnel or vendor file concerning Margaret Hatch (also known as Margaret

27   Leahy and/or Margaret Hatch-Leahy) created or maintained by Larian and is not

28   otherwise limited as to subject matter or time.  Larian also objects to this request on

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 242

1   the grounds that it is vague and ambiguous in that Larian cannot determine what is

2   meant by "vendor file." Larian also objects to this request on the grounds that it

3   seeks information in violation of the right of privacy. Larian also objects to this

4   request to the extent it seeks information the disclosure of which would implicate

5   the rights of third parties to protect private, confidential, proprietary or trade secret

6   information. Larian also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of

8   which would be inimical to the business interests of Larian and one or more third

9   parties. Larian also objects to this request to the extent it calls for the disclosure of

10  attorney-client privileged information or information protected from disclosure by

11  the work-product doctrine, joint defense or common interest privilege, or other

12  privilege.

13          Subject to the foregoing, Larian will produce all relevant and

14  responsive documents in his possession, custody, or control, if any, that he

15  discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 171:**

20          Any personnel or vendor file that YOU created, control, or maintain

21  concerning Veronica Marlow.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad and unduly burdensome, and seeks information not

26  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

27  discovery of admissible evidence, including, without limitation, in that it seeks any

28  personnel or vendor file concerning Veronica Marlow created or maintained by

1  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

2  to this request on the grounds that it is vague and ambiguous in that Larian cannot

3  determine what is meant by "vendor file."  Larian also objects to this request on the

4  grounds that it seeks information in violation of the right of privacy.  Larian also

5  objects to this request to the extent it seeks information the disclosure of which

6  would implicate the rights of third parties to protect private, confidential,

7  proprietary or trade secret information.  Larian also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive

9  information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties.  Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 172:**

21          Any personnel or vendor file that YOU created, control, or maintain

22  concerning Anna Rhee.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad and unduly burdensome, and seeks information not

27  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

28  discovery of admissible evidence, including, without limitation, in that it seeks any

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **244**

1   personnel or vendor file concerning Anna Rhee created or maintained by Larian

2   and is not otherwise limited as to subject matter or time. Larian also objects to this

3   request on the grounds that it is vague and ambiguous in that Larian cannot

4   determine what is meant by "vendor file." Larian also objects to this request on the

5   grounds that it seeks information in violation of the right of privacy. Larian also

6   objects to this request to the extent it seeks information the disclosure of which

7   would implicate the rights of third parties to protect private, confidential,

8   proprietary or trade secret information. Larian also objects to this request on the

9   grounds that it seeks confidential, proprietary or commercially sensitive

10   information, the disclosure of which would be inimical to the business interests of

11   Larian and one or more third parties. Larian also objects to this request to the

12   extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense

14   or common interest privilege, or other privilege.

15          Subject to the foregoing, Larian will produce any personal documents

16   that are relevant and responsive to the request, if any, and that have not already

17   been produced, that he discovers in the course of his reasonable search and diligent

18   inquiry, which are within the permissible scope of discovery, and to which no

19   privilege or other protection applies, including without limitation, the attorney-

20   client privilege or attorney's work product doctrine.

21   **REQUEST FOR PRODUCTION NO. 173:**

22          Any personnel or vendor file that YOU created, control, or maintain

23   concerning Jessie Ramirez.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

25          Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein. Larian also specifically objects to this request on the

27   grounds that it is overbroad and unduly burdensome, and seeks information not

28   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

- 172 -

1   discovery of admissible evidence, including, without limitation, in that it seeks any

2   personnel or vendor file concerning Jesse Ramirez created or maintained by Larian

3   and is not otherwise limited as to subject matter or time.  Larian also objects to this

4   request on the grounds that it is vague and ambiguous in that Larian cannot

5   determine what is meant by "vendor file."  Larian also objects to this request on the

6   grounds that it seeks information in violation of the right of privacy.  Larian also

7   objects to this request to the extent it seeks information the disclosure of which

8   would implicate the rights of third parties to protect private, confidential,

9   proprietary or trade secret information.  Larian also objects to this request on the

10  grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties.  Larian also objects to this request to the

13  extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense

15  or common interest privilege, or other privilege.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 174:**

23          Any personnel file that YOU created, control, or maintain concerning

24  Shirin Salemnia.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad and unduly burdensome, and seeks information not

- 173 -

EXHIBIT 3 PAGE 246

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

2  discovery of admissible evidence, including, without limitation, in that it seeks any

3  personnel or vendor file concerning Shirin Salemnia created or maintained by

4  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

5  to this request on the grounds that it seeks information in violation of the right of

6  privacy.  Larian also objects to this request to the extent it seeks information the

7  disclosure of which would implicate the rights of third parties to protect private,

8  confidential, proprietary or trade secret information.  Larian also objects to this

9  request on the grounds that it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian and one or more third parties.  Larian also objects to this request

12  to the extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege.

15  **REQUEST FOR PRODUCTION NO. 175:**

16          DOCUMENTS sufficient to show the relationship, whether by blood

17  or marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on

18  the one hand, and Shirin Salemnia.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad and seeks information not relevant to the subject matter

23  of this lawsuit or reasonably calculated to lead to the discovery of admissible

24  evidence.  Larian also objects to this request on the grounds that it seeks

25  information in violation of the right of privacy.  Larian also objects to this request

26  to the extent it calls for the disclosure of attorney-client privileged information or

27  information protected from disclosure by the work-product doctrine, joint defense

28  or common interest privilege, or other privilege.

- 174 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __247__

1 | **REQUEST FOR PRODUCTION NO. 176:**

2           Any personnel file that YOU created, control, or maintain concerning

3 Victoria O'Connor.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

5           Larian incorporates by reference the above-stated general objections as

6 if fully set forth herein. Larian also specifically objects to this request on the

7 grounds that it is overbroad and unduly burdensome, and seeks information not

8 relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

9 discovery of admissible evidence, including, without limitation, in that it seeks any

10 personnel or vendor file concerning Victoria O'Connor created or maintained by

11 Larian and is not otherwise limited as to subject matter or time. Larian also objects

12 to this request on the grounds that it seeks information in violation of the right of

13 privacy. Larian also objects to this request to the extent it seeks information the

14 disclosure of which would implicate the rights of third parties to protect private,

15 confidential, proprietary or trade secret information. Larian also objects to this

16 request on the grounds that it seeks confidential, proprietary or commercially

17 sensitive information, the disclosure of which would be inimical to the business

18 interests of Larian and one or more third parties. Larian also objects to this request

19 to the extent it calls for the disclosure of attorney-client privileged information or

20 information protected from disclosure by the work-product doctrine, joint defense

21 or common interest privilege, or other privilege.

22           Subject to the foregoing, Larian will produce any personal documents

23 that are relevant and responsive to the request, if any, and that have not already

24 been produced, that he discovers in the course of his reasonable search and diligent

25 inquiry, which are within the permissible scope of discovery, and to which no

26 privilege or other protection applies, including without limitation, the attorney-

27 client privilege or attorney's work product doctrine.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __248__

1    **REQUEST FOR PRODUCTION NO. 177:**

2          Any personnel file that YOU created, control, or maintain concerning

3    Farhad Larian.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

5          Larian incorporates by reference the above-stated general objections as

6    if fully set forth herein.  Larian also specifically objects to this request on the

7    grounds that it is overbroad and unduly burdensome, and seeks information not

8    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

9    discovery of admissible evidence, including, without limitation, in that it seeks any

10   personnel or vendor file concerning Farhad Larian created or maintained by Larian

11   and is not otherwise limited as to subject matter or time.  Larian also objects to this

12   request on the grounds that it seeks information in violation of the right of privacy.

13   Larian also objects to this request to the extent it seeks information the disclosure of

14   which would implicate the rights of third parties to protect private, confidential,

15   proprietary or trade secret information.  Larian also objects to this request on the

16   grounds that it seeks confidential, proprietary or commercially sensitive

17   information, the disclosure of which would be inimical to the business interests of

18   Larian and one or more third parties.  Larian also objects to this request to the

19   extent it calls for the disclosure of attorney-client privileged information or

20   information protected from disclosure by the work-product doctrine, joint defense

21   or common interest privilege, or other privilege.

22          Subject to the foregoing, Larian will produce any personal documents

23   that are relevant and responsive to the request, if any, and that have not already

24   been produced, that he discovers in the course of his reasonable search and diligent

25   inquiry, which are within the permissible scope of discovery, and to which no

26   privilege or other protection applies, including without limitation, the attorney-

27   client privilege or attorney's work product doctrine.

28

- 176 -

EXHIBIT _3_ PAGE _249_

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 178:**

2            All DOCUMENTS RELATING TO, including without limitation

3   phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4   time period from January 1, 1998 through January 1, 2001.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

6            Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein.  Larian also specifically objects to this request on the

8   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

9   information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence, including, without

11  limitation, in that it seeks all telephone records for Larian, without limitation as to

12  who placed the call or who was called, thereby potentially revealing to Mattel

13  every customer, vendor, distributor or anyone else Larian called in the referenced

14  time period, and the length and frequency of those calls.  Larian also objects to this

15  request on the grounds that it is overbroad in that it asks for phone records

16  beginning on January 1, 1998.  Larian also objects to this request on the grounds

17  that it seeks information in violation of the right of privacy.  Larian also objects to

18  this request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.

21  **REQUEST FOR PRODUCTION NO. 179:**

22           All DOCUMENTS RELATING TO, including without limitation

23  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

24  time period from January 1, 1998 through January 1, 2001 RELATING TO

25  BRATZ and/or ANGEL.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

27           Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

- 177 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _3_ PAGE _291_

1   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence, including, without

4   limitation, in that it seeks all telephone records for Larian relating to Bratz and/or

5   Angel, without limitation as to who placed the call or who was called, thereby

6   potentially revealing to Mattel every customer, vendor, distributor or anyone else

7   Larian called in the referenced time period, and the length and frequency of those

8   calls. Larian also objects to this request on the grounds that it is overbroad in that it

9   asks for phone records beginning on January 1, 1998. Larian also objects to this

10  request on the grounds that it seeks information in violation of the right of privacy.

11  Larian also objects to this request on the grounds that it seeks confidential,

12  proprietary or commercially sensitive information, the disclosure of which would

13  be inimical to the business interests of Larian and one or more third parties.

14  **REQUEST FOR PRODUCTION NO. 180:**

15          All DOCUMENTS RELATING TO, including without limitation

16  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

17  time period from April 1, 2004 through June 1, 2004.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence, including, without

24  limitation, in that it seeks all telephone records for Larian, without limitation as to

25  who placed the call or who was called, thereby potentially revealing to Mattel

26  every customer, vendor, distributor or anyone else Larian called in the referenced

27  time period, and the length and frequency of those calls. Larian also objects to this

28  request on the grounds that it seeks information in violation of the right of privacy.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __3__ PAGE __25/__

1  Larian also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would

3  be inimical to the business interests of Larian and one or more third parties.

4  **REQUEST FOR PRODUCTION NO. 181:**

5  　　　　All DOCUMENTS RELATING TO, including without limitation

6  phone records for, telephone calls RELATING TO BRYANT by or to YOU or

7  anyone on YOUR behalf at any time.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

9  　　　　Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence, including, without

14  limitation, in that it seeks all telephone records for Larian relating, without

15  limitation as to who placed the call or who was called, thereby potentially revealing

16  to Mattel every customer, vendor, distributor or anyone else Larian called in the

17  referenced time period, and the length and frequency of those calls.  Larian also

18  objects to this request on the grounds that it is overbroad in that it asks for phone

19  without limitation as to time.  Larian also objects to this request on the grounds that

20  it seeks information in violation of the right of privacy.  Larian also objects to this

21  request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.

24  **REQUEST FOR PRODUCTION NO. 182:**

25  　　　　All DOCUMENTS that RELATING TO any actual, proposed,

26  contemplated, considered or potential copyright, patent or any other application or

27  registration for BRATZ or any BRATZ DESIGN, including without limitation all

28  COMMUNICATIONS pertaining thereto.

- 179 -

EXHIBIT 3 PAGE 252

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

2          Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, including, without limitation, in that it seeks all

5  documents relating to any copyright, patent, trademark, or other application for

6  registration for Bratz or any Bratz design not at issue in this litigation, which may

7  include dozens-potentially hundreds of products.  Larian also objects to this request

8  on the grounds that it seeks confidential, proprietary or commercially sensitive

9  information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties.  Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.  Larian also objects to this request

14  on the grounds that it seeks information that is already known to Mattel and/or is a

15  matter of public record.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 183:**

23          All DOCUMENTS RELATING TO any actual, proposed,

24  contemplated, considered or potential copyright, patent or any other application or

25  registration for ANGEL or any ANGEL DESIGN, including without limitation all

26  COMMUNICATIONS pertaining thereto.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

28          Larian incorporates by reference the above-stated general objections as

- 180 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **3** PAGE **253**

1   if fully set forth herein. Larian also specifically objects to this request on the

2   grounds that it is overbroad, including, without limitation, in that it seeks all

3   documents relating to any copyright, patent, trademark, or other application for

4   registration for Angel or any Angel design not at issue in this litigation, which may

5   include dozens-potentially hundreds of products. Larian also objects to this request

6   on the grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of

8   Larian and one or more third parties. Larian further objects to this request to the

9   extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian also objects to this request to the extent it calls for the disclosure of attorney-

12  client privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14  Larian also objects to this request on the grounds that it seeks information that is

15  already known to Mattel and/or is a matter of public record.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 184:**

23          All doll heads, sculpts, prototypes, models, samples and tangible items

24  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

25  or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request on the

- 181 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 254

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence.  Larian also specifically

4  objects to this request to the extent it seeks information the disclosure of which

5  would implicate the rights of third parties to protect private, confidential,

6  proprietary or trade secret information.  Larian also objects to this request on the

7  grounds that it seeks confidential, proprietary or commercially sensitive

8  information, the disclosure of which would be inimical to the business interests of

9  Larian and one or more third parties.  Larian also objects to this request to the

10  extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege.  Larian also objects to this request

13  to the extent it seeks documents not within Larian's possession, custody or control.

14      Subject to the foregoing, Larian will produce any personal items for

15  inspection that are relevant and responsive to the request, if any, and that have not

16  already been produced, that he discovers in the course of his reasonable search and

17  diligent inquiry, which are within the permissible scope of discovery, and to which

18  no privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 185:**

21      All doll heads, sculpts, prototypes, models, samples and tangible items

22  that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

23  BRYANT produced, created, authored, conceived of or reduced to practice,

24  whether alone or jointly with others, prior to January 1, 2001.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

26      Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, unduly burdensome and oppressive including, without

EXHIBIT  3  182  PAGE  255

1   limitation, in that it seeks tangible items that refer or relate to designs for dolls, doll

2   accessories or toys that are not at issue in this lawsuit, and in that it reaches back

3   into time indefinitely and, thus, for example, calls for documents referring or

4   relating to designs Bryant might have conceived of in his childhood and that have

5   nothing whatsoever to do with this action.  Larian also objects to this request on the

6   grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of

8   Larian and one or more third parties.  Larian further objects to this request to the

9   extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian also objects to this request to the extent it calls for the disclosure of attorney-

12  client privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14  Larian also objects to this request to the extent it seeks documents not within

15  Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce any personal items for

17  inspection that are relevant and responsive to the request, if any, and that have not

18  already been produced, that he discovers in the course of his reasonable search and

19  diligent inquiry, which are within the permissible scope of discovery, and to which

20  no privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 186:**

23          All DOCUMENTS RELATING TO the exhibition or showing of

24  BRATZ at the Hong Kong Toy Fair in January 2001.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 256

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence. Larian also specifically

3   objects to this request on the grounds that it is vague and ambiguous in that Larian

4   cannot determine what is meant by "exhibition." Larian also objects to this request

5   on the grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties. Larian also objects to this request to the

8   extent it seeks information the disclosure of which would implicate the rights of

9   third parties to protect private, confidential, proprietary or trade secret information.

10  Larian also objects to this request to the extent it calls for the disclosure of attorney-

11  client privileged information or information protected from disclosure by the work-

12  product doctrine, joint defense or common interest privilege, or other privilege.

13         Subject to the foregoing, Larian will produce any personal documents

14  that are relevant and responsive to the request, if any, and that have not already

15  been produced, that he discovers in the course of his reasonable search and diligent

16  inquiry, which are within the permissible scope of discovery, and to which no

17  privilege or other protection applies, including without limitation, the attorney-

18  client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 187:**

20         All DOCUMENTS RELATING TO the exhibition or showing of

21  BRATZ at the Tokyo Toy Fair in or about February 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

23         Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also specifically

28  objects to this request on the grounds that it is vague and ambiguous in that Larian

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 257

1    cannot determine what is meant by "exhibition." Larian also objects to this request

2    on the grounds that it seeks confidential, proprietary or commercially sensitive

3    information, the disclosure of which would be inimical to the business interests of

4    Larian and one or more third parties. Larian also objects to this request to the

5    extent it seeks information the disclosure of which would implicate the rights of

6    third parties to protect private, confidential, proprietary or trade secret information.

7    Larian also objects to this request to the extent it calls for the disclosure of attorney-

8    client privileged information or information protected from disclosure by the work-

9    product doctrine, joint defense or common interest privilege, or other privilege.

10           Subject to the foregoing, Larian will produce any personal documents

11   that are relevant and responsive to the request, if any, and that have not already

12   been produced, that he discovers in the course of his reasonable search and diligent

13   inquiry, which are within the permissible scope of discovery, and to which no

14   privilege or other protection applies, including without limitation, the attorney-

15   client privilege or attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 188:**

17           All DOCUMENTS RELATING TO the exhibition of BRATZ at the

18   New York Toy Fair in or about February 2001.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

20           Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein. Larian also specifically objects to this request on the

22   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence. Larian also specifically

25   objects to this request on the grounds that it is vague and ambiguous in that Larian

26   cannot determine what is meant by "exhibition." Larian also objects to this request

27   on the grounds that it seeks confidential, proprietary or commercially sensitive

28   information, the disclosure of which would be inimical to the business interests of

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 258

1   Larian and one or more third parties.  Larian also objects to this request to the

2   extent it seeks information the disclosure of which would implicate the rights of

3   third parties to protect private, confidential, proprietary or trade secret information.

4   Larian also objects to this request to the extent it calls for the disclosure of attorney-

5   client privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7          Subject to the foregoing, Larian will produce any personal documents

8   that are relevant and responsive to the request, if any, and that have not already

9   been produced, that he discovers in the course of his reasonable search and diligent

10  inquiry, which are within the permissible scope of discovery, and to which no

11  privilege or other protection applies, including without limitation, the attorney-

12  client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 189:**

14          To the extent not covered by other Requests, all DOCUMENTS

15  RELATING TO the exhibition of BRATZ at any toy fair at any time prior to

16  December 31, 2001.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also specifically

23  objects to this request on the grounds that it is vague and ambiguous in that Larian

24  cannot determine what is meant by "exhibition."  Larian also objects to this request

25  on the grounds that it seeks confidential, proprietary or commercially sensitive

26  information, the disclosure of which would be inimical to the business interests of

27  Larian and one or more third parties.  Larian also objects to this request to the

28  extent it seeks information the disclosure of which would implicate the rights of

- 186 -

EXHIBIT 3  PAGE 259

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    third parties to protect private, confidential, proprietary or trade secret information.

2    Larian also objects to this request to the extent it calls for the disclosure of attorney-

3    client privileged information or information protected from disclosure by the work-

4    product doctrine, joint defense or common interest privilege, or other privilege.

5          Subject to the foregoing, Larian will produce any personal documents

6    that are relevant and responsive to the request, if any, and that have not already

7    been produced, that he discovers in the course of his reasonable search and diligent

8    inquiry, which are within the permissible scope of discovery, and to which no

9    privilege or other protection applies, including without limitation, the attorney-

10   client privilege or attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 190:**

12         All COMMUNICATIONS between YOU and any stock analyst,

13   investment analyst, investment bank, institutional lender, or venture capital fund

14   RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

16         Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein. Larian also specifically objects to this request on the

18   grounds that it is overbroad and seeks information not relevant to the subject matter

19   of this lawsuit or reasonably calculated to lead to the discovery of admissible

20   evidence. Larian also objects to this request on the grounds that it seeks

21   confidential, proprietary or commercially sensitive information, the disclosure of

22   which would be inimical to the business interests of Larian and one or more third

23   parties. Larian further objects to this request to the extent it seeks information the

24   disclosure of which would implicate the rights of third parties to protect private,

25   confidential, proprietary or trade secret information. Larian also objects to this

26   request to the extent it calls for the disclosure of attorney-client privileged

27   information or information protected from disclosure by the work-product doctrine,

28   joint defense or common interest privilege, or other privilege.

- 187 -

1    **REQUEST FOR PRODUCTION NO. 191:**

2             All COMMUNICATIONS between YOU and any member of the

3    press RELATING TO BRATZ, including without limitation RELATING TO the

4    origins, conception, creation, DESIGN or development thereof.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

6             Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that it is overbroad and seeks information not relevant to the subject matter

9    of this lawsuit or reasonably calculated to lead to the discovery of admissible

10   evidence.  Larian also objects to this request on the ground that it is overbroad,

11   unduly burdensome, and oppressive in seeking all communications between Larian

12   and any member of the press relating to Bratz, without further limitation as to

13   subject matter or time.  Larian also objects to this request on the grounds that it

14   seeks confidential, proprietary or commercially sensitive information, the

15   disclosure of which would be inimical to the business interests of Larian and one or

16   more third parties.  Larian further objects to this request to the extent it seeks

17   information the disclosure of which would implicate the rights of third parties to

18   protect private, confidential, proprietary or trade secret information.  Larian also

19   objects to this request to the extent it calls for the disclosure of attorney-client

20   privileged information or information protected from disclosure by the work-

21   product doctrine, joint defense or common interest privilege, or other privilege.

22   **REQUEST FOR PRODUCTION NO. 192:**

23            All COMMUNICATIONS between YOU and any member of the

24   press RELATING TO BRYANT since January 1, 1999.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

26            Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein.  Larian also specifically objects to this request on the

28   grounds that it is overbroad and seeks information not relevant to the subject matter

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3 PAGE 261

1  of this lawsuit or reasonably calculated to lead to the discovery of admissible

2  evidence. Larian also objects to this request on the ground that it is overbroad,

3  unduly burdensome, and oppressive in seeking all communications between Larian

4  and any member of the press relating to Bryant, without further limitation as to

5  subject matter. Larian also objects to this request on the grounds that it seeks

6  confidential, proprietary or commercially sensitive information, the disclosure of

7  which would be inimical to the business interests of Larian and one or more third

8  parties. Larian further objects to this request to the extent it seeks information the

9  disclosure of which would implicate the rights of third parties to protect private,

10 confidential, proprietary or trade secret information. Larian also objects to this

11 request to the extent it calls for the disclosure of attorney-client privileged

12 information or information protected from disclosure by the work-product doctrine,

13 joint defense or common interest privilege, or other privilege.

14 **REQUEST FOR PRODUCTION NO. 193:**

15         All COMMUNICATIONS between YOU and any member of the

16 press RELATING TO this ACTION.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

18         Larian incorporates by reference the above-stated general objections as

19 if fully set forth herein. Larian also specifically objects to this request on the

20 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21 information not relevant to the subject matter of this lawsuit or reasonably

22 calculated to lead to the discovery of admissible evidence. Larian also specifically

23 objects to this request on the grounds that it seeks confidential, proprietary or

24 commercially sensitive information, the disclosure of which would be inimical to

25 the business interests of Larian. Larian further objects to this request to the extent it

26 seeks information the disclosure of which would implicate the rights of third parties

27 to protect private, confidential, proprietary or trade secret information. Larian also

28 objects to this request to the extent it calls for the disclosure of attorney-client

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 3  PAGE 262