# EXHIBIT 4

**quinn emanuel**

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3162

WRITER'S INTERNET ADDRESS
scottkidman@quinnemanuel.com

August 30, 2007

**VIA FACSIMILE AND U.S. MAIL**

Diana M. Torres, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

Re: Mattel, Inc. v. MGA Entertainment, Inc.

Dear Diana:

I write pursuant to section 5 of the Discovery Master Stipulation to request that MGA Entertainment (HK) Limited ("MGA (HK)") meet and confer regarding the many deficiencies in Isaac Larian's Responses to Mattel, Inc.'s First Set of Requests for Documents and Things dated June 13, 2007.

I. **Inappropriate General Objections.**

**General Objection No. 9.**

Larian's objections to the defined terms "You," "Your," and "Larian" on the grounds that they overbroad, vague and ambiguous and call for a legal conclusion have no merit. Please be prepared to identify and discuss any requests where Larian has limited his search for or production of responsive documents based on this general objection.

**General Objection No. 10.**

Larian's objections to the defined terms "Bratz," "Angel," "Bratz Doll," "Bratz Product," "Bratz License," "Bratz Movie" and "Bratz Television Show" on the grounds that they are overbroad, vague and ambiguous and call for a legal conclusion are also without merit. These terms are

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2207339.1



EXHIBIT 4 PAGE 330

clearly defined. They also do not call for a legal conclusion, which in any event is not a proper objection to document requests. Please be prepared to identify and discuss any requests where Larian has limited his search for or production of responsive documents based on this general objection.

**Limitation to personal documents.**

In response to every request to which he provides a response, Larian states that he will produce only "personal documents." This limitation is improper. Rule 34 expressly requires the production of documents that are in the "possession, custody or control of the party upon whom the requests is served." Please be prepared to discuss the manner in which Larian has limited his search for and production or responsive documents based on this limitation.

**II.  Request Nos. 1, 2, 14, 46-57, 69, 79-81, 93, 104-112, 114-115, 121, 123-146, 174-175, 178-181, 190-213, 216, 219-228, 231-237, 240-246, 248-250, 253-254, 258-260, 262-269 and 272-276.**

As to each of these requests, Larian has flatly refused to produce any responsive document. Larian's objections and refusal to produce documents have no merit. As discussed below, each of these requests seek documents relevant to the claims and defenses in this lawsuit. Indeed, the Discovery Master has already found the requested documents to be relevant and discoverable in Orders compelling MGA and/or Bryant to produce documents in response to virtually all of these same topics and, in many instances, in response to the very same requests to which Larian now wholly refuses to produce a single document.

**Request Nos. 1, 2, 14, 56-57, 69, 79-81, 113-115, 178-179, 181 and 210-211.** Each of these requests seek documents relating to, among other things, the conception, creation and origins of Bratz. The Discovery Master previously found document requests that are nearly identical to Request Nos. 1 and 2 to be proper for these very reasons. (See Request Nos. 32 and 33 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 with respect thereto.)[1] Each of the other requests is relevant for the same reason. For example, documents relating to focus groups relating to Bratz and/or Angel and work performed by L.A. Focus between January 1, 1999 and December 31, 2001 (Request Nos. 79 and 80) may provide critical information regarding the timing of the creation of Bratz. Likewise, documents regarding Diva Starz prior to December 31, 2001 and MGA and/or Larian's knowledge of Diva Starz prior to December 31, 2001 go to the origin of Bratz. Request No. 211, which seeks Mattel documents provided to or communicated to MGA or Larian by Bryant or others any time since January 1, 1999, is relevant

---

[1] Larian also refuses to produce documents in response to Request No. 210, which seeks documents sufficient to identify the telephone subscription service accounts Larian had or used since January 1, 1999. This is despite the fact that the Discovery Master has already found such information to be relevant and discoverable on Mattel's motion to compel MGA to answer interrogatories. See Discovery Master's Order dated May 15, 2007 (Interrogatory No. 11) at 13-14.

07209/2207339.1

2

EXHIBIT 4 PAGE 331

to the origin of Bratz as well as Mattel's claims for trade secret misappropriation and its defenses to MGA's unfair competition claims.

**Request Nos. 46-55.** Each of these requests seek documents regarding contracts or agreements between Larian and his family members and others regarding Bratz or Bryant and payments to Larian and his family members regarding Bratz. These requests are also relevant to the timing of the conception, creation and development of Bratz and, in addition, go directly to Mattel's claims for damages. Among other things, Mattel's claims against Larian entitle Mattel to seek disgorgement of benefits Larian has received in connection with Bratz. Mattel is entitled to discovery regarding the amounts that have been paid to Larian, including such amounts paid to his family members as a means of concealing or obscuring the benefits received by Larian. Documents relating to contracts relating to Bratz or Bryant between Larian and potential witnesses in this lawsuit also go to the issue of bias.[2] They additionally are relevant to the commercial bribery predicate acts that are part of Mattel's RICO claims.

**Request Nos. 104-112.** Each of these requests seek documents relating to any contract or agreement between Mattel and various Mattel employees who went to work for MGA including, without limitation, Paula Garcia, Margaret Hatch-Leahy, Veronica Marlow and Mercedeh Ward. These documents go to the timing of work performed by such individuals for MGA, including in connection with Bratz and, in addition, Mattel's claims against Larian and other defendants for tortious interference of contract and aiding and abetting breach of fiduciary duty and duty of loyalty including, without limitation, the issue of such defendants' knowledge of the contractual obligations and duties of Mattel employees to Mattel and the related issue of intent.

**Request Nos. 121, 123-131 and 132-137.** Request Nos. 123-131 seek documents relating to litigation or arbitration proceedings between Isaac Larian and Farhad Larian, including all documents submitted, filed or served in such proceedings, communications between Isaac Larian or MGA and Farhad Larian regarding Bratz or Bryant and contracts or agreements with Farhad Larian and payments to Farhad Larian or his family members. The Discovery Master has already ruled that such requests involving the arbitration proceedings between Isaac Larian and Farhad Larian are proper because they seek information relevant to the conception date for Bratz. In particular, the Discovery Master noted that this issue "appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian" and that in those proceedings "Farhad Larian alleged that Isaac Larian concealed from him that MGA was developing Bratz by early 2000." (See Discovery Master's Order dated May 15, 2007 at 10-11.) Request Nos. 123-131 all seek relevant information for the same reasons articulated in the Discovery Master's May 15, 2007 Order. In addition, agreements and contracts with Farhad Larian and payments to Farhad Larian or his family members are relevant to Mattel's claims and issues of bias for the reasons discussed above.

---

[2] Request No. 93, which seeks documents relating to contracts between Larian and/or MGA and Stephen Lee or members of his family any time after January 1, 2003 is also relevant to the issue of bias.

Request Nos. 132-137 seek communications with Morad Zarabi regarding Bratz or Bryant and contracts or agreements between MGA or Larian and Morad Zarabi and payments to Morad Zarabi or members of his family since January 1, 2001. Morad Zarabi was the arbitrator in the arbitration proceeding between Isaac Larian and Farhad Larian. These documents are relevant for all of the reasons discussed with respect to the requests regarding Farhad Larian.

Likewise, Request No. 121, which seeks documents relating to the litigation encaptioned *The Ships Carpenter, Inc. v. MGA Entertainment, Inc.* seeks clearly relevant documents.

**Request Nos. 138-146 and 221.** Request Nos. 138-146 seek documents relating to payments or transfers of anything of value to Bryant and others who worked on Bratz or their family members. The Discovery Master has already found that documents regarding payments to Bryant by MGA and others are "relevant to several Mattel claims." For example, the Discovery Master ruled that documents regarding such payments are relevant to Mattel's claims for damages, including the disgorgement of "all benefits Bryant received as a result of his alleged violations of his duties to Mattel" and Mattel's claim for copyright damages. In addition, the Discovery Master also reasoned that such documents "might be traceable to work Bryant performed while employed by Mattel, regardless of when the payments were actually made" and that payments to Bryant "could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel." (See Discovery Master's Order dated January 25, 2007 at 13-14.) Payments or transfers to Bryant's family members are also relevant to Mattel's claims for damages, particularly if they conceal amounts paid for the benefit of Bryant. Documents regarding payments to Bryant and his family members are relevant to the issue of bias, much like documents relating to fee and indemnity agreements between MGA and Bryant, which the Discovery Master held are "relevant to demonstrate bias and lack of credibility." (Id. at 11-12.)

Documents regarding payments to other individuals who worked on Bratz or their family members are relevant for many of the same reasons. For example, such documents could show the timing of work performed by such individuals for MGA, including work performed in connection with Bratz and while such individuals were still employed by Mattel. In addition, such documents go to the issue of bias and lack of credibility.

Request No. 221, which seeks documents regarding payments of or offers to pay legal fees for individuals who, as of June 8, 2007, were not employees of MGA, also goes to the issue of bias and lack of credibility. The Discovery Master has rejected defendants' attempts to evade providing such discovery more than once.

**Request Nos. 174-175.** These requests seek any personnel file Larian created, controls or maintains concerning Shirin Salemnia and documents sufficient to show the relationship between Larian or any family member of Larian and Salemnia. Salemnia is a former Mattel employee who has also worked for MGA. The requested documents are clearly relevant to a number of Mattel's claims in this lawsuit, including to predicate acts of commercial bribery.

**Request Nos. 180, 198, 200-206 and 212.** These requests seek documents relating to Larian and MGA's targeting and recruiting of Mattel employees and other documents that are

07209/2207339.1

4

T 4 PAGE 333

relevant to Mattel's claims for trade secret misappropriation. The Discovery Master has already ruled that many of these requests properly sought discoverable and relevant information in granting a Mattel motion to compel against MGA. For example, the Discovery Master found that requests identical to Request Nos. 201 and 212 were proper and ordered MGA to produce documents in response to them. (See Request Nos. 60 and 161 to Mattel's First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition to MGA Entertainment, Inc. and the Discovery Master's Order dated August 13, 2007 regarding the same at 12-14.) Indeed, MGA, recognizing that it has no legitimate objection, previously agreed to produce documents responsive to other requests that are identical to the requests here, including with respect to requests that are identical to Request Nos. 202-203 and 205-206. Larian has no legitimate basis for refusing to do the same.

The remaining requests are also highly relevant. For example, Request No. 204 seeks documents relating to Larian's knowledge of Mattel designs that were never manufactured for sale or placed into the retail market. Larian cannot legitimately dispute that such documents are relevant to Mattel's trade secret claims and defenses to MGA's unfair competition claims.

**Request No. 190-197 and 199**. These requests seek communications between Larian and members of the press or to financial institutions relating to Bratz, Bryant, Mattel or this action. The requests are narrowly tailored to seek information that goes to the issues in this lawsuit and include requests that the Discovery Master held were proper in granting a Mattel motion to compel against MGA. Larian has no basis for refusing to produce responsive documents.

**Request Nos. 207-209**. These requests seek information that relates to Larian's financial condition. Such documents are relevant to Mattel's claims against Larian for damages, including punitive damages. Such documents may also show that Larian has siphoned off MGA assets for his own personal benefit and thus are also relevant to Mattel's damages claims against the MGA entities. Request No. 208 seeks information regarding the identity of Larian's accounts with banks and other financial institutions which may lead to information regarding the timing of payments by Larian to Bryant and others which are relevant for all of the reasons discussed above.

**Request No. 213 and 222-228**. Request No. 213 seeks communications between Larian and any person relating to the retention or destruction of documents or digital information between January 1, 1999 and the present. Larian cannot legitimately claim that such documents are not relevant, particularly in light of the positions that defendants recently took on their unsuccessful motion for terminating sanctions. Indeed, MGA has conceded that it must produce all responsive, non-privileged documents in response to this same requests. (See MGA's Supplemental Response to Request For Production No. 163 to Mattel's First Set of Requests for Production of Documents and Things Re Unfair Competition.) Request Nos. 222-228 seek digital storage devices and documents relating to digital storage devices used by Larian and Bryant to create, prepare, generate, copy, transmit, receive, delete or modify digital information relating to Bratz or Angel or (in the case of Larian) Bryant or (in the case of Bryant) MGA. These requests seek information that is relevant to numerous issues in this lawsuit, including the conception, creation and design of Bratz and the timing thereof.

**Request Nos. 216 and 276.** Request No. 216 seeks documents relating to any facts underlying Mattel's claims for relief and Request No. 276 seeks documents, to the extent not produced in response to other requests, upon which Larian intends to rely in this action. Larian has no plausible grounds for refusing to produce these documents. Indeed, the Discovery Master has already held that a request identical to Request No. 276 was proper. (See Request No. 166 to Mattel's First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition to MGA Entertainment, Inc. and the Discovery Master's Order dated August 13, 2007 regarding the same at 11-12.)

**Request Nos. 219-220.** In his Order dated May 15, 2007, the Discovery Master ordered MGA to produce all documents that refer or relate to "any testing of or sampling from any documents that refer or relate to Bratz or Bryant, including without limitation any such testing or sampling in connection with ink, paper or chemical analysis to date" other than expert reports. The Discovery Master rejected all of MGA's objections, including MGA's objection that the request was premature and called for information that is the subject of expert testimony. (See Discovery Master's Order dated May 15, 2007 at 11.) Indeed, as you know, Judge Infante and Judge Larson both have upheld as proper a Rule 30(b)(6) topic seeking such information and rejected MGA's objections to it. Mattel is entitled to documents regarding Larian's knowledge of such testing (Request No. 219) and documents relating to Erich Speckin, the individual who performed at least some of these tests (Request No. 220) for the same reasons.

**Request Nos. 231-237, 240-246, 248-250, 253-354, 258-260 and 262-269.** Each of these requests seeks documents relating to Mattel's claims for damages. Larian has no basis for refusing to produce them.

**Request Nos. 272-273.** These requests seek documents relating to the ownership of MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V., both which are named defendants in this lawsuit. Larian has no legitimate basis for refusing to produce them.

**Request Nos. 274-275.** These requests seek an electronic copy of and the metadata for documents that were created, prepared, generated, maintained or transmitted in digital form. Mattel is clearly entitled to this information, and Larian should produce it.

Larian has no basis for refusing to produce any of the requested documents. As shown above, the documents sought are clearly relevant and indeed, as to many of them, the Discovery Master has so found, sometimes more than once. Nor are the requests overbroad or unduly burdensome. Moreover, as the Discovery Master has already found, any legitimate concerns regarding "confidential, proprietary or commercially sensitive information" are adequately addressed by the protective order in place in this lawsuit.

Unless we can resolve these issues with Larian's responses, Mattel seek relief that asks the Discovery Master to order Larian to provide supplemental responses and produce all responsive non-privileged documents and to impose monetary sanctions.

### III. Request Nos. 3-13, 15-45, 58-68, 70-78, 82-92, 94-103, 113, 116-120, 122, 147-173, 176-177, 182-189, 214-215, 217-218, 229-230, 238-239, 247, 251-252, 255-257, 261 and 270-271.

In response to each of these requests, Larian states that subject to his general and specific objections, he will produce "relevant and responsive non-objectionable documents that it discovers in the course of its reasonable search and diligent inquiry, which are within the permissible scope of discovery, to which no privilege or other protection applies . . . ."

This response is wholly inadequate. It permits Larian to withhold entire categories of responsive documents he unilaterally deems to be not relevant or otherwise "objectionable" without providing Mattel with the slightest hint as to what those documents might be. For all we know, Larian deems all documents responsive to particular requests to be "objectionable" and has no intention of producing anything. Even if Larian intends to produce some responsive documents, neither Mattel--nor the Discovery Master for that matter--has any basis for evaluating the propriety of Larian's decision to withhold other, undisclosed responsive documents.

Indeed, the Discovery Master previously rejected as improper MGA's identical limitation to produce only supposedly "relevant and responsive non-objectionable documents". As you know, in his May 15, 2007 Order, Judge Infante expressly ruled:

> As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to "relevant and responsive non-objectionable documents" or documents "sufficient" to show when events relating to Bratz occurred. These restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is "relevant" or "sufficient." [MGA] shall provide the responses to document requests ordered herein without these restrictions.

That Larian now repeats this improper limitation in his responses to the above requests highlights the continued obstructionist tactics of delay and bad faith exhibited by the MGA defendants throughout the discovery process. We expect this improper limitation to be withdrawn immediately.

Each of the requests, including the categories specifically discussed below, seeks documents that are highly relevant to Mattel's claims and defenses in this lawsuit and Mattel is entitled to all responsive non-privileged documents.

**Request Nos. 3-4, 8-13, 15, 18-19, 24-41, 58-62, 102-103, 155, 157-158, 182-189.** Each of these requests seeks information relating to, among other things, the conception, creation, design and development of Bratz, including the timing thereof. Larian can hardly dispute the relevance of these documents. Indeed, in granting prior Mattel motions to compel, the Discovery Master has already found to be proper requests that are identical to or substantially the same as these requests, including Request Nos. 3, 8-12, 18-19, 24-36, 30-31, 34, 36, 38-39, 41, 61-62, 102-103, 155, 157-158, 182-189. For example, Request No. 8 to Larian seeks documents relating to Bryant's participation in the conception, creation, design, development, sculpting,

tooling, production or manufacture of Bratz. The Discovery Master has found, on Mattel motions to compel against both MGA and Bryant, this same request to be proper. (See Request No. 40 to Mattel's First Set of Requests for Production of Documents to Carter Bryant and the Discovery Master's Order dated January 25, 2007 at 12; Request No. 46 to Mattel's First Set of Requests for Production of Documents to MGA Entertainment, Inc. and Discovery Master's Order dated May 15, 2007 at 9.)

Larian's limitation on Request Nos. 19 and 61-62 to documents relating to "Bratz or Prayer Angel" is improper. Each of these requests is tailored to seek information relevant to the claims and defenses in this lawsuit and there is no basis for Larian's unilateral restriction. For example, Request No. 19 seeks documents relating to designs created, authored, conceived of or reduced to practice by Bryant prior to December 31, 2001 in which Larian or MGA purport to own any right, title or interest. Such documents are clearly relevant whether or not Larian or MGA deem them to relate to Bratz or Prayer Angel. Indeed, the Discovery Master has already upheld Mattel document requests identical to Requests Nos. 19 and 61-62 for the time period prior to January 1, 2001.

Likewise, Larian's limitation on Requests Nos. 27, 29 and 33 to documents "related to first generation of Prayer Angel" is improper. The Discovery Master has already rejected similar attempts by MGA to unilaterally restrict the scope of production in this manner.

Larian's attempt to limit Request Nos. 58-59 to documents "received prior to the inception of this litigation" is also without merit. Request No. 58 seeks documents relating to Mattel's consideration or proposed use of "Brats," "Chat Brats" or any variation thereon and relating to the time period prior to December 31, 2001. Request No. 59 seeks documents relating to "Toon Teens." For reasons already repeatedly aired in this case, the requested documents may contain highly relevant information regardless when they were created or received. Similarly, Larian's attempt to limit Request No. 60 to documents "relating to the knowledge prior to the inception of this litigation" is without merit. Request No. 60 seeks documents relating to Larian or MGA's knowledge of "Toon Teens." Among other things, such documents may contain highly relevant admissions -- including to issues of similarity that defendants themselves have put at issue -- regardless of when the knowledge was purportedly received.

Nos. 102-103 seek certain documents relating to Angel. Larian's attempt to restrict these requests to documents he deems to be related to "the achievement of major milestones for Prayer Angels" is improper. The Discovery Master previously found these same requests proper on a Mattel motion to compel against MGA. (See Request Nos. 34 and 35 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 with respect thereto.)

**Request Nos. 5-7 and 22.** These requests seek documents regarding payments by Larian or MGA to Bryant. The Discovery Master has already found that "documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several Mattel claims." (See Order Dated January 25, 2007 at 13-14.) Documents relating to any payments by Larian to Bryant are relevant for the same reason. Larian has no basis for refusing to produce all responsive documents.

**Request Nos. 16-17 and 20-21.** These requests seek documents regarding Larian and MGA's knowledge of Bryant's employment and agreements with and obligations to Mattel. This information is clearly relevant to Mattel's claims in this lawsuit, including its claims for intentional interference with contract, aiding and abetting breach of fiduciary duty and aiding and abetting breach of duty of loyalty.

**Request Nos. 23 and 42-45.** These requests seek documents relating to contracts or agreements between Larian or MGA and Bryant. The Discovery Master has found such information to be discoverable and relevant on two prior Mattel motions to compel that he granted. (See Request No. 1 and 2 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 with respect thereto; Request No. 13 to Mattel's First Set of Requests for Production of Documents to Carter Bryant and Order Dated January 25, 2007 with respect thereto.) Larian has no basis for refusing to produce anything less than all documents in response to these same requests and his attempt to unilaterally limit Request No. 42 to documents relating to Bratz and Prayer Angel is completely without merit.

**Request Nos. 63-68, 70-78, 82-92, 94-101 and 159-166.** Each of these requests seek documents concerning Larian and MGA's relationship with individuals involved in the development of Bratz and/or Angel, including (1) documents regarding actual, potential, proposed or contemplated work, activities or services by such individuals for or on behalf of Larian or MGA; (2) documents relating to actual, potential, proposed or contemplated agreements or contracts between such individuals or their family members and Larian or MGA; and (3) documents relating to payments of money or the transfer of anything of value to such individuals or their family members.

Among other things, the requested documents seek information regarding the timing of the conception, creation, design and development of Bratz, which goes to the heart of Mattel's claims in this lawsuit, as well as issues of bias and credibility. Larian's unilaterally imposed restriction to documents dated prior to January 1, 2001 or June 1, 2001 in response to a number of the requests is improper. For example, documents that discuss work these individuals may have performed in connection with the development of Bratz are obviously highly relevant regardless of when such documents were dated. Likewise, documents showing payments to or agreements with such individuals after January or June 2001 are highly relevant to the issue of bias, particularly if such payments were made or agreements entered into during a period of time when such individuals were not providing services to Larian or MGA. And, such payments are relevant to defendants' commercial bribery that serve as predicate acts for Mattel's RICO claims. Indeed, these very issues have been litigated before Judge Infante more than once, and he has rejected attempted limitations by MGA and Bryant that are virtually identical to Larian's here.

Larian's unilaterally imposed restriction to documents relating to Bratz and/or Prayer Angel in response to many of these requests is also improper. For example, documents showing payments to such individuals or their family members may be highly relevant precisely because they are not be related to work performed on Bratz or Prayer Angel or, for that matter, any other work for Larian or MGA.

Larian's limitation on Request No. 78 to documents "sufficient to show the achievement of major milestones on Prayer Angel dated prior to January 1, 2001" is improper for the several reasons discussed above.

**Request Nos. 116 and 156.** These requests seek communications between Larian or MGA and Bryant regarding Mattel and Mattel employees (No. 116) and documents prepared by or that refer or relate to Mattel that Bryant provided to Larian or MGA (No. 156). The Discovery Master previously ruled that communications between Bryant and MGA regarding Mattel and Mattel employees "unquestionably seek relevant information" because "they will reveal what Mattel information Bryant shared with MGA, if any, and when." (See Request No. 20 to Mattel's First Set of Requests for Production of Documents to Carter Bryant and the Discovery Master's Order dated January 25, 2007 at 15-16.) Request No. 156 likewise seeks relevant information for the same reason.

**Request Nos. 117-120.** These requests seek declarations, affidavits and other sworn statements and testimony regarding Bratz and Angel. The Discovery Master has already found such requests proper. (See Request Nos. 37-40 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 with respect thereto.) Judge Infante and Judge Larson further found such information to be discoverable in connection with Mattel's Rule 30(b)(6) notice to MGA.

**Request Nos. 147-154.** Each of these requests seek documents relating to any indemnification Bryant and others (including Paula Garcia, Elise Cloonan and Veronica Marlow) have sought, proposed, requested or obtained in connection with this litigation. In granting Mattel motions to compel against both MGA and Bryant, the Discovery Master has already ruled that documents relating to any indemnification sought, proposed or obtained by Bryant are properly discoverable on grounds that such documents are "relevant to demonstrate bias or lack of credibility." (See Request No. 49 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 with respect thereto; Request No. 48 to Mattel's First Set of Requests for Production of Documents to Carter Bryant and Order Dated January 25, 2007 with respect thereto.) Documents relating to indemnification sought, proposed, requested or obtained by others is relevant, and Larian must produce them.

**Request Nos. 167-173 and 176-177.** These requests seek personnel and vendor files Larian created, controlled or maintained concerning Bryant, other individuals involved in the development of Bratz and/or Angel and Farhad Larian. These requests seek documents that are highly relevant to, among other things, the conception, creation, design and development of Bratz and the timing thereof. Indeed, the Discovery Master has already found MGA's personnel and vendor files for Farhad Larian to be relevant for this very reason. (See Request No. 88 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 at 9-10.) Moreover, as the Discovery Master previously ruled with respect to the personnel file of Isaac Larian, the protective order in place in this case is sufficient to alleviate any privacy concerns. (See Order Dated May 15, 2007 at 11, n.4.)

**Request Nos. 214-215 and 217.** These requests specifically seek documents and things relating to facts underlying Mattel's claims for relief and Larian's defenses thereto. Larian has no basis for not producing all responsive documents. Indeed, the Discovery Master previously found a request that is the same as Request No. 215 to be proper. (See Request No. 100 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 with respect thereto.)

**Request No. 218.** This request seeks documents relating to testing or sampling from any documents relating to Bratz or Bryant. The Discovery Master compelled MGA to produce all such responsive documents (other than expert reports). (See Request No. 92 to Mattel's First Set of Requests for Production of Documents and Tangible Things to MGA Entertainment, Inc. and Order Dated May 15, 2007 with respect thereto.) And, as you know, both Judge Infante and Judge Larson held that such information was discoverable with respect to Mattel's Rule 30(b)(6) notice to MGA.

**Request Nos. 229-230, 238-239, 247, 251-252, 255-257, 261 and 270.** Each of these requests seeks documents that are centrally relevant to Mattel's damages claims in this lawsuit, including damages in connection with its claims for copyright infringement. Moreover, the requests are limited to documents "sufficient to show" the requested information. Larian has no basis for refusing to produce responsive documents.

**Request No. 271.** This request merely seeks documents sufficient to show his positions, titles and functions with and relationship to MGA, including without limitation MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V. Larian has no basis for refusing to produce responsive documents.

Larian's other boilerplate objections, which it repeats in response to nearly everyone of the above requests, are also without merit. The requests are not overbroad or unduly burdensome and Larian cannot demonstrate otherwise. And, as stated above, the Discovery Master has already found that any legitimate concerns regarding "confidential, proprietary or commercially sensitive information" are adequately addressed by the protective order in place in this lawsuit.

Absent Larian's agreement to provide a supplement response stating that he will produce all responsive non-privileged documents, Mattel will file a motion to compel a further response to each of these requests and seek sanctions as well.

Please let me know when Larian's counsel is available to meet and confer on these issues within the time required. I look forward to hearing from you.

Very truly yours,

Scott B. Kidman

07209/2207339.1

11

EXHIBIT 4 PAGE 340

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** August 30, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 12

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Diana M. Torres, Esq.* O'Melveny & Myers LLP | 213.430.6556 | 213.430.6407 |

**FROM:** Helen Lim
Assistant to Scott Kidman

**RE:** *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:** Please see attached.


FAXED 8/30/07

07209/2041819.1

**CLIENT #** 7209   **ROUTE/RETURN TO:** *TIFFANY GARCIA/3TH FLOOR*   ☐ CONFIRM FAX   ☒ INCLUDE CONF. REPORT

**OPERATOR:**   **CONFIRMED?** ☐ NO  ☐ YES:

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 4 PAGE 341

```
TRANSACTION REPORT

Transmission
Transaction(s) completed


NO.  TX  DATE/TIME    DESTINATION                    DURATION    PGS.   RESULT   MODE
128  AUG. 30  12:25   761~9#~209#12134306407#        0°05'35"    012    OK       N  ECM
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6500
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** August 30, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 12

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers LLP | 213.430.6556 | 213.430.6407 |

**FROM:** Helen Lim
Assistant to Scott Kidman

**RE:** Mattel, Inc. v. MGA Entertainment, Inc.

**MESSAGE:** Please see attached.

EXHIBIT 4 PAGE 342