# EXHIBIT 9

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. CV 04-3431 NM (RNBx)<br><br>PLAINTIFF MATTEL, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT CARTER BRYANT |

Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, plaintiff Mattel, Inc. ("Mattel") hereby requests that defendant Carter Bryant produce the following documents and tangible things within thirty days hereof at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, located at 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543. Defendant shall be obligated to supplement responses to these requests at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil Procedure</u>.

<u>Definitions</u>

1. "YOU" or "YOUR" means defendant Carter Bryant and any of his current or former agents, representatives, attorneys, employees, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

2. "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

3. "BRATZ" means any doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name "Bratz" (regardless of what such doll is or has been also or previously called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and all prototypes, models, samples and versions of such doll or any portion thereof.

4. "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

5. "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

6. "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

7. "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note,

memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

8. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

9. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## Instructions

A.  Unless otherwise specified, these requests call for DOCUMENTS prepared on or after January 1, 1995 through the present. Documents shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such document is taken shall be copied and appended to such document and the person for whom or department, division, or office for which the document or the file folder is maintained shall be identified.

B.  In the event that any document called for by these requests is to be withheld on the basis of a claim of privilege or immunity from discovery, that document is to be identified by stating (i) any addressor and addressee; (ii) any indicated or blind copy; (iii) the document's date, subject matter, number of pages,

and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) its present custodian; and (vi) the nature of the privilege or immunity asserted.

C. In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages, and attachments or appendices; (iv) all persons to whom the document was distributed, shown, or explained; (v) the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and, if so, the name of the custodian of each copy.

## Requests for Production

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that REFER OR RELATE TO any work or services pertaining to dolls, doll accessories or toys that YOU performed for or on behalf of any PERSON other than Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and any PERSON pertaining in any manner to any doll, doll accessory or toy that was proposed, offered, discussed, negotiated or executed during the time period(s) that YOU were employed by Mattel, Inc., including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of any PERSON other than Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for any doll, doll accessory or toy that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Mattel, Inc.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that REFER OR RELATE TO any work or services YOU performed for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, for or on behalf of Mattel, Inc. during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 8:

DOCUMENTS sufficient to identify each and every PERSON for whom or on whose behalf YOU have performed any work or services, including without limitation any freelance work or consulting services, since January 1, 1995.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS that REFER OR RELATE TO any copyright, patent or any other application or registration for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, since January 1, 1995, including without limitation all COMMUNICATIONS pertaining thereto.

REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA during that time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS that REFER OR RELATE TO work or services, including without limitation any freelance work or consulting services, that YOU performed for or on behalf of MGA after October 20, 2000.

02284/588892.2                                    -7-                    MATTEL'S DOCUMENT REQUESTS
EXHIBIT 9  PAGE 362

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and MGA, including without limitation all drafts thereof and all COMMUNICATIONS that REFER OR RELATE TO such agreement or contract.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU, whether alone or jointly with others, produced, created, authored, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. and that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice prior to October 21, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to any PERSON other than Mattel, Inc., including without limitation to MGA.

REQUEST FOR PRODUCTION NO. 16:

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, created, authored, conceived of or reduced to practice after October 20, 2000 by YOU, whether alone or jointly with others, that YOU have purported to license, offer for license, sell, offer for sale, convey, assign or transfer any right, title or interest in (whether in whole or in part) to MGA.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice during the time period(s) of YOUR employment by Mattel, Inc. as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice prior to October 21, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS that REFER OR RELATE TO DESIGNS that YOU created, authored, produced, conceived of or reduced to practice after October 20, 2000 as purported "works-made-for-hire" (whether in whole or in part) for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 20:

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc.

REQUEST FOR PRODUCTION NO. 21:

All COMMUNICATIONS between YOU and any PERSON, including without limitation MGA, that REFER OR RELATE TO any of YOUR agreements or contracts with Mattel, Inc.

REQUEST FOR PRODUCTION NO. 22:

All COMMUNICATIONS between YOU and MGA that REFER OR RELATE TO any work or services that YOU performed for or on behalf of Mattel, Inc. or YOUR employment by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and any officer, director, employee or representative of Mattel, Inc. that REFER OR RELATE TO MGA or BRATZ.

REQUEST FOR PRODUCTION NO. 24:

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO BRATZ, including without limitation to any DESIGNS for BRATZ, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA prior to October 21, 2000, including without limitation all COMMUNICATIONS between YOU and MGA concerning YOUR performing work or services for or on behalf of MGA.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS between YOU and MGA after October 20, 2000.

REQUEST FOR PRODUCTION NO. 27:

All COMMUNICATIONS between YOU and any PERSON, including without limitation MGA, that REFER OR RELATE TO any DESIGNS that YOU

produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than Mattel, Inc., including without limitation by MGA, for work, activities or services that YOU performed during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by any PERSON other than Mattel, Inc., including without limitation by MGA, for DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for services or work that YOU performed for or on behalf of MGA after October 20, 2000.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that REFER OR RELATE TO any payment of money or consideration made to YOU or for YOUR benefit by MGA for any DESIGNS, or for any right, title or interest in any DESIGNS, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

**REQUEST FOR PRODUCTION NO. 35:**

All of YOUR royalty statements from MGA.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that REFER OR RELATE TO BRATZ, including without limitation all DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, engineering or sculpting of BRATZ.

REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 39:

All DOCUMENTS that REFER OR RELATE TO work, activities or services that YOU performed concerning BRATZ after October 20, 2000.

REQUEST FOR PRODUCTION NO. 40:

All DOCUMENTS that REFER OR RELATE TO YOUR participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO DESIGNS for BRATZ that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that REFER OR RELATE TO any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid for the license, sale, conveyance, assignment or transfer of any right, title or interest that YOU claim, or ever have claimed, to have or own in BRATZ or any DESIGN for BRATZ.

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS that REFER OR RELATE TO any amount that YOU have been paid by any PERSON other Mattel, Inc. for the license, sale, conveyance, assignment or transfer of any right, title or interest in any DESIGN, including without limitation for any DESIGN for BRATZ, that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that REFER OR RELATE TO any work, activities or services that YOU performed in connection with dolls, doll accessories or toys between April 30, 1998 and January 4, 1999.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or

reduced to practice, whether alone or jointly with others, between April 30, 1998 and January 4, 1999.

REQUEST FOR PRODUCTION NO. 48:

All DOCUMENTS that REFER OR RELATE TO this action, including without limitation all DOCUMENTS that REFER OR RELATE TO any indemnification that YOU have sought, proposed, requested or obtained in connection with the claims asserted in this action.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS that YOU obtained during the course of YOUR employment by Mattel, Inc. that REFER OR RELATE TO dolls, doll accessories or toys.

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were prepared, authored or created by Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc., that YOU have ever provided to, shown, described to, communicated to or disclosed in any manner to MGA.

REQUEST FOR PRODUCTION NO. 51:

All prototypes, models and samples that REFER OR RELATE TO DESIGNS that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, during the time period(s) that YOU were employed by Mattel, Inc.

REQUEST FOR PRODUCTION NO. 52:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to October 21, 2000.

REQUEST FOR PRODUCTION NO. 53:

All prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that YOU produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, after October 20, 2000.

REQUEST FOR PRODUCTION NO. 54:

All prototypes, models, samples and tangible items that REFER OR RELATE TO BRATZ.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS and all prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED: June 14, 2004

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP


By _____
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 1055 W. 7th Street, Suite 250, Los Angeles, CA 90017.

On June 14, 2004, I served the foregoing document(s) described as **PLAINTIFF MATTEL, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANT CARTER BRYANT** on all interested parties in this action.

Robert F. Millman, Esq.
Doughlas A. Wickham, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

[ ] By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ] **BY MAIL**

[ ] I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[ ] **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth below on this date.

[X] **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on June 14, 2004, at Los Angeles, California.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Stephen D. Groth
Print Name

_____
Signature

EXHIBIT 9 PAGE 372