# EXHIBIT 11

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Shane H. McKenzie (Bar No. 228978)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.


# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-09059 NM (RNBx) |
| Plaintiff, | |
| v. | MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO MGA ENTERTAINMENT INC. |
| CARTER BRYANT, an individual | |
| Defendant. | |
| CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public, | |
| Counterclaimant, | |
| v. | |
| MATTEL, INC., a Delaware corporation, | |
| Counter-defendant. | |

ORIGINAL

07209/642197.1

EXHIBIT __11__ PAGE 39

FIRST REQUEST FOR PRODUCTION TO MGA

1          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff

2   and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.

3   make available for inspection and copying the following documents and things

4   within thirty days of the service of these Requests, at the offices of Quinn Emanuel

5   Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los

6   Angeles, California 90036.

7          These Requests shall be deemed to be continuing, and MGA

8   Entertainment Inc. shall be obligated to supplement its responses to these requests

9   at such times and to the extent required by Rule 26(e) of the Federal Rules of Civil

10  Procedure.

11

12                      DEFINITIONS

13

14         For purposes of this Request for Production of Documents:

15         A.    "YOU" or "YOUR" means MGA Entertainment Inc. and any of

16  its current or former employees, officers, directors, agents, representatives,

17  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and

18  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

19  authority or subject to its control.

20         B.    "MATTEL" means Mattel, Inc. and any of its current or former

21  employees, officers, directors, agents, representatives, attorneys, subsidiaries,

22  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

23  other PERSON acting on its behalf, pursuant to its authority or subject to its

24  control.

25         C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

26  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

27  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

28  limited to, all writings and records of every type and description including, but not

-2-

EXHIBIT _11_ PAGE _392_   FIRST REQUEST FOR PRODUCTION TO MGA

1  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

2  electronic mail ("e-mail"), records of telephone conversations, handwritten and

3  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

4  and summaries of meetings, voice recordings, pictures, photographs, drawings,

5  computer cards, tapes, discs, printouts and records of all types, studies, instruction

6  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

7  checks and every other device or medium by which or through which information

8  of any type is transmitted, recorded or preserved.  Without any limitation on the

9  foregoing, the term "DOCUMENT" shall include all copies that differ in any

10  respect from the original or other versions of the DOCUMENT, including, but not

11  limited to, all drafts and all copies of such drafts or originals containing initials,

12  comments, notations, insertions, corrections, marginal notes, amendments or any

13  other variation of any kind.

14       D.     "REFER OR RELATE TO" means constituting, embodying,

15  containing, referring to, commenting on, evidencing, regarding, discussing,

16  describing, mentioning, reflecting, expressing, pertaining to, concerning,

17  supporting, contradicting, negating, revoking or otherwise relating to in any

18  manner.

19       E.     "PERSON" or "PERSONS" means all natural persons,

20  partnerships, corporations, joint ventures and any kind of business, legal or public

21  entity or organization, as well as its, its or her agents, representatives, employees,

22  officers and directors and any one else acting on its, its or her behalf, pursuant to

23  its, its or her authority or subject to its, its or her control.

24       F.     "BRYANT" means Carter Bryant, any of his current or former

25  agents, representatives, attorneys, employees, partners, joint venturers,

26  predecessors-in-interest and successors-in-interest, and any other PERSON acting

27  on his behalf, pursuant to his authority or subject to his control.

28

-3-

EXHIBIT 11 PAGE 393   FIRST REQUEST FOR PRODUCTION TO MGA

1       G.     "BRATZ" means any project ever known by that name

2 (whether in whole or in part and regardless of what such project is or has been

3 also, previously or subsequently called) and any doll or any portion thereof that is

4 now or has ever been known as, or sold or marketed under, the name or term

5 "Bratz" (whether in whole or in part and regardless of what such doll is or has

6 been also, previously or subsequently called) or that is now or has ever been sold

7 or marketed as part of the "Bratz" line, and all prototypes, models, samples and

8 versions of such doll or any portion thereof.

9       H.     "ANGEL" means any project that is the subject of

10 MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

11 MGA000724-28 and MGA000734, and any doll (sometimes purportedly called

12 "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the

13 subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

14 MGA000724-28 and MGA000734, including all prototypes, models, samples and

15 versions of such doll(s) or any portion thereof. Without limiting the generality of

16 the foregoing, "ANGEL" means any project or any doll or any portion thereof that

17 is the subject of MGA000706-08, MGA000710-12, MGA000714-16,

18 MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such

19 project or doll has in fact been called, and regardless of what any such project or

20 doll is or has been also, previously or subsequently called.

21       I.     "DESIGNS" means any and all works, designs, artwork,

22 sketches, drawings, illustrations, representations, depictions, blueprints,

23 schematics, diagrams, descriptions, sculptures, prototypes, models, samples,

24 reductions to practice, developments, know-how, ideas, concepts, inventions

25 and/or improvements, as well as all other items, things and DOCUMENTS in

26 which any of the foregoing are or have been expressed, embodied, contained,

27 fixed or reflected in any manner, whether in whole or in part.

28

07209/642197.1

-4-

LAMBER __11__ PAGE 394  FIRST REQUEST FOR PRODUCTION TO MGA

1    J.    "COMMUNICATION" or "COMMUNICATIONS" means and

2 includes any disclosure, transfer or exchange of information between two or more

3 PERSONS, whether orally or in writing, including, without limitation, any

4 conversation or discussion by means of meeting, letter, telephone, note,

5 memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic

6 or other medium, including without limitation in written, audio or video form.

7    K.    The singular form of a noun or pronoun includes within its

8 meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

9 the masculine form of a pronoun also includes within its meaning the feminine

10 form of the pronoun so used, and *vice versa*; the use of any tense of any verb

11 includes also within its meaning all other tenses of the verb so used, whenever

12 such construction results in a broader request for information; and "and" includes

13 "or" and *vice versa*, whenever such construction results in a broader disclosure of

14 documents or information.

15

16    **INSTRUCTIONS**

17

18    A.    Unless otherwise specified, these requests call for

19 DOCUMENTS prepared on or after January 1, 1995 through the present.

20 Documents shall be produced in their original file folders, or in lieu thereof, any

21 writing on the file folder from which each such document is taken shall be copied

22 and appended to such document and the person for whom or department, division,

23 or office for which the document or the file folder is maintained shall be

24 identified.

25    B.    YOU are to produce all DOCUMENTS requested hereby that

26 are in YOUR possession, custody and control.

27    C.    In the event that any document called for by these requests is to

28 be withheld on the basis of a claim of privilege or immunity from discovery, that

1  document is to be identified by stating (i) any addressor and addressee; (ii) any

2  indicated or blind copy; (iii) the document's date, subject matter, number of pages,

3  and attachments or appendices; (iv) all persons to whom the document was

4  distributed, shown, or explained; (v) its present custodian; and (vi) the nature of

5  the privilege or immunity asserted.

6          D.    In the event that any document called for by these requests has

7  been destroyed or discarded, that document is to be identified by stating: (i) any

8  addressor and addressee; (ii) any indicated or blind copies; (iii) the document's

9  date, subject matter, number of pages, and attachments or appendices; (iv) all

10  persons to whom the document was distributed, shown, or explained; (v) the date

11  of destruction or discard, manner of destruction or discard, and reason for

12  destruction or discard; (vi) the persons who were authorized to carry out such

13  destruction or discard; and (vii) whether any copies of the document presently

14  exist and, if so, the name of the custodian of each copy.

15

16  <u>**REQUESTS FOR PRODUCTION**</u>

17

18  <u>REQUEST FOR PRODUCTION NO. 1:</u>

19          All DOCUMENTS that REFER OR RELATE TO any agreement or

20  contract between YOU and BRYANT, including without limitation all drafts

21  thereof and all actual or proposed amendments, modifications and revisions

22  thereto.

23

24  <u>REQUEST FOR PRODUCTION NO. 2:</u>

25          All DOCUMENTS that REFER OR RELATE TO the performance of

26  any agreement or contract between YOU and BRYANT.

27

28

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS that REFER OR RELATE TO the Modification and Clarification of the Agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS prepared, created, received or transmitted (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that BRYANT performed for or with YOU or on YOUR

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

2  prepared, created, received or transmitted, whether in whole or in part).

3

4  REQUEST FOR PRODUCTION NO. 8:

5          All DOCUMENTS that REFER OR RELATE TO any work,

6  activities or services, including without limitation any freelance work or

7  consulting services, that Anna Rhee performed for or with YOU or on YOUR

8  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

9  prepared, created, received or transmitted, whether in whole or in part).

10

11 REQUEST FOR PRODUCTION NO. 9:

12         All DOCUMENTS that REFER OR RELATE TO any work,

13 activities or services, including without limitation any freelance work or

14 consulting services, that Veronica Marlow performed for or with YOU or on

15 YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT

16 was prepared, created, received or transmitted, whether in whole or in part).

17

18 REQUEST FOR PRODUCTION NO. 10:

19         All DOCUMENTS that REFER OR RELATE TO any work,

20 activities or services, including without limitation any freelance work or

21 consulting services, that Sarah Halpern performed for or with YOU or on YOUR

22 behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

23 prepared, created, received or transmitted, whether in whole or in part).

24

25 REQUEST FOR PRODUCTION NO. 11:

26         All DOCUMENTS that REFER OR RELATE TO any work,

27 activities or services, including without limitation any freelance work or

28 consulting services, that Jesse Ramirez performed for or with YOU or on YOUR

1  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

2  prepared, created, received or transmitted, whether in whole or in part).

3

4  **REQUEST FOR PRODUCTION NO. 12:**

5        All DOCUMENTS that REFER OR RELATE TO any work,

6  activities or services, including without limitation any freelance work or

7  consulting services, that Margaret Hatch (also known as Margaret Leahy and/or

8  Margaret Hatch-Leahy) performed for or with YOU or on YOUR behalf prior to

9  January 1, 2001 (regardless of when any such DOCUMENT was prepared,

10  created, received or transmitted, whether in whole or in part).

11

12  **REQUEST FOR PRODUCTION NO. 13:**

13        All DOCUMENTS that REFER OR RELATE TO any work,

14  activities or services, including without limitation any freelance work or

15  consulting services, that Elise Cloonan performed for or with YOU or on YOUR

16  behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

17  prepared, created, received or transmitted, whether in whole or in part).

18

19  **REQUEST FOR PRODUCTION NO. 14:**

20        All agreements and contracts between YOU and Anna Rhee,

21  including without limitation all drafts thereof and amendments, modifications and

22  revisions thereto.

23

24  **REQUEST FOR PRODUCTION NO. 15:**

25        All DOCUMENTS that REFER OR RELATE TO any agreement or

26  contract between YOU and Anna Rhee, including without limitation all

27  COMMUNICATIONS that REFER OR RELATE thereto.

28

REQUEST FOR PRODUCTION NO. 16:

All agreements and contracts between YOU and Veronica Marlow, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Veronica Marlow, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 18:

All agreements and contracts between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all drafts thereof and amendments, modifications and revisions thereto.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

REQUEST FOR PRODUCTION NO. 20:

All agreements and contracts between YOU and Sarah Halpern, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

**REQUEST FOR PRODUCTION NO. 22:**

All agreements and contracts between YOU and Jesse Ramirez, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

**REQUEST FOR PRODUCTION NO. 24:**

All agreements and contracts between YOU and Elise Cloonan, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS that BRYANT produced, prepared, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared, created, authored, conceived of or reduced to practice prior to January 1, 2001 by BRYANT, whether alone or jointly with others, in which YOU have purported at any time to purchase, acquire or own any right, title or interest (whether in whole or in part).

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that REFER OR RELATE TO DESIGNS produced, prepared, created, authored, conceived of or reduced to practice prior to January 1, 2001 by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), whether alone or jointly with others, in which YOU have purported at any time to purchase, acquire or own any right, title or interest (whether in whole or in part).

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU and any PERSON, that REFER OR RELATE TO any agreement or contract between BRYANT and Mattel, Inc.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU and any PERSON, that REFER OR

1   RELATE TO any agreement or contract between Margaret Hatch (also known as

2   Margaret Leahy and/or Margaret Hatch-Leahy) and Mattel, Inc.

3

4   REQUEST FOR PRODUCTION NO. 31:

5           All COMMUNICATIONS between YOU and BRYANT that REFER

6   OR RELATE TO Mattel, Inc. or any officer, director, employee or representative

7   of Mattel, Inc.

8

9   REQUEST FOR PRODUCTION NO. 32:

10          All DOCUMENTS prepared, written, transmitted or received

11  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

12  TO BRATZ.

13

14  REQUEST FOR PRODUCTION NO. 33:

15          All DOCUMENTS that REFER OR RELATE TO BRATZ that

16  REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

17  such document was prepared, written, transmitted or received, whether in whole or

18  in part).

19

20  REQUEST FOR PRODUCTION NO. 34:

21          All DOCUMENTS prepared, written, transmitted or received

22  (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

23  TO ANGEL.

24

25  REQUEST FOR PRODUCTION NO. 35:

26          All DOCUMENTS that REFER OR RELATE TO ANGEL that

27  REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

28

1   such document was prepared, written, transmitted or received, whether in whole or

2   in part).

3

4   REQUEST FOR PRODUCTION NO. 36:

5          All DOCUMENTS that REFER OR RELATE TO the origin(s),

6   conception or creation of BRATZ, including without limitation all DOCUMENTS

7   that REFER OR RELATE TO the timing of, and the method and manner in which,

8   BRATZ first came to YOUR attention.

9

10   REQUEST FOR PRODUCTION NO. 37:

11          All declarations, affidavits and other sworn written statements of any

12   other type or form by YOU that REFER OR RELATE TO BRATZ (other than

13   those previously filed and served in this action).

14

15   REQUEST FOR PRODUCTION NO. 38:

16          All transcripts and video and/or audio recordings of statements made

17   by YOU under oath, including without limitation all deposition transcripts, trial

18   transcripts and arbitration transcripts, that REFER OR RELATE TO BRATZ

19   (other than those taken in this action when Mattel, Inc.'s counsel was in

20   attendance).

21

22   REQUEST FOR PRODUCTION NO. 39:

23          All declarations, affidavits and other sworn written statements of any

24   other type or form by any PERSON that REFER OR RELATE TO ANGEL (other

25   than those previously filed and served in this action).

26

27

28

-14-

EXHIBIT _11_ PAGE _404_   FIRST REQUEST FOR PRODUCTION TO MGA

REQUEST FOR PRODUCTION NO. 40:

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts, that REFER OR RELATE TO ANGEL (other than those taken in this action when Mattel, Inc.'s counsel was in attendance).

REQUEST FOR PRODUCTION NO. 41:

All DOCUMENTS that REFER OR RELATE TO BRATZ and/or ANGEL filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against Isaac Larian, including without limitation all declarations, affidavits and sworn testimony given by any PERSON in such suit or arbitration proceedings.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT prior to October 21, 2000 or for work or services performed by BRYANT prior to October 21, 2000 regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS that REFER OR RELATE TO any payment made to or on behalf of BRYANT for DESIGNS that BRYANT assigned or transferred to YOU prior to October 21, 2000, regardless of when such payment was actually made.

-15-

EXHIBIT __11__ PAGE 405

FIRST REQUEST FOR PRODUCTION TO MGA

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that REFER OR RELATE TO invoices submitted by BRYANT to YOU prior to January 31, 2001.

**REQUEST FOR PRODUCTION NO. 45:**

All of YOUR royalty statements to or for BRYANT.

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of BRATZ.

**REQUEST FOR PRODUCTION NO. 47:**

All DOCUMENTS that REFER OR RELATE TO BRYANT'S participation in the conception, creation, design, development, sculpting, tooling, production or manufacture of ANGEL.

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO this action.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS that REFER OR RELATE TO any indemnification that BRYANT has sought, proposed, requested or obtained in connection with this action.

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU have sought, proposed, requested or obtained in connection with this action.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 1, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

REQUEST FOR PRODUCTION NO. 54:

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, procured, fabricated, prepared and produced.

**REQUEST FOR PRODUCTION NO. 55**:

All DOCUMENTS that REFER OR RELATE TO the exhibition, or proposed, offered or requested exhibition, of BRATZ (including without limitation any model, prototype or sample thereof) to any third party prior to June 1, 2001.

**REQUEST FOR PRODUCTION NO. 56**:

DOCUMENTS sufficient to show when ANGEL (including without limitation any model, prototype or sample thereof) was first exhibited to any third party.

**REQUEST FOR PRODUCTION NO. 57**:

DOCUMENTS sufficient to show when and where BRATZ (including without limitation any model, prototype or sample thereof) was first marketed to any wholesaler, distributor and/or retailer.

**REQUEST FOR PRODUCTION NO. 58**:

DOCUMENTS sufficient to show when and where ANGEL (including without limitation any model, prototype or sample thereof) was first marketed to any wholesaler, distributor and/or retailer.

**REQUEST FOR PRODUCTION NO. 59**:

DOCUMENTS sufficient to show when and where BRATZ (including without limitation any model, prototype or sample thereof) was first offered for sale to any wholesaler, distributor and/or retailer.

EXHIBIT _11_ PAGE _408_

**REQUEST FOR PRODUCTION NO. 60:**

DOCUMENTS sufficient to show when and where ANGEL (including without limitation any model, prototype or sample thereof) was first offered for sale by YOU to any wholesaler, distributor and/or retailer.

**REQUEST FOR PRODUCTION NO. 61:**

DOCUMENTS sufficient to show when and where BRATZ was first shipped, distributed and sold.

**REQUEST FOR PRODUCTION NO. 62:**

DOCUMENTS sufficient to show when and where ANGEL was first shipped, distributed and sold.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS that REFER OR RELATE TO the licensing, including without limitation the proposed or requested licensing, of BRATZ prior to December 31, 2001.

**REQUEST FOR PRODUCTION NO. 64:**

All COMMUNICATIONS between YOU and any manufacturer, or any contemplated, proposed or potential manufacturer, that REFER OR RELATE TO BRATZ prior to June 1, 2001.

**REQUEST FOR PRODUCTION NO. 65:**

DOCUMENTS sufficient to identify when YOU first contacted any manufacturer, or any contemplated, proposed or potential manufacturer, for the manufacture of ANGEL.

EXHIBIT _11_ PAGE _409_

1   REQUEST FOR PRODUCTION NO. 66:

2          All COMMUNICATIONS between YOU and any PERSON that

3   REFER OR RELATE TO the distribution or proposed or potential distribution of

4   BRATZ prior to June 1, 2001.

5

6   REQUEST FOR PRODUCTION NO. 67:

7          All COMMUNICATIONS between YOU and Universal Commerce

8   Corp., Ltd. prior to June 1, 2001.

9

10  REQUEST FOR PRODUCTION NO. 68:

11         All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that

12  were prepared, authored or created by Mattel, Inc. or any officer, director,

13  employee or representative of Mattel, Inc., that BRYANT has ever provided to,

14  shown, described to, communicated to or disclosed in any manner to YOU.

15

16  REQUEST FOR PRODUCTION NO. 69:

17         All COMMUNICATIONS between YOU and BRYANT prior to

18  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

19  phone records and letters, that reflect, record or memorialize or otherwise REFER

20  OR RELATE TO any such COMMUNICATIONS.

21

22  REQUEST FOR PRODUCTION NO. 70:

23         All COMMUNICATIONS between YOU and Elise Cloonan that

24  REFER OR RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee,

25  including without limitation all diaries, notes, calendars, logs, phone records and

26  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO

27  any such COMMUNICATIONS.

28

1  REQUEST FOR PRODUCTION NO. 71:

2          All COMMUNICATIONS between YOU and Elise Cloonan prior to

3  June 11, 2002, including without limitation all diaries, notes, calendars, logs,

4  phone records and letters, that reflect, record or memorialize or otherwise REFER

5  OR RELATE TO any such COMMUNICATIONS.

6

7  REQUEST FOR PRODUCTION NO. 72:

8          All COMMUNICATIONS between YOU and Veronica Marlow prior

9  to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10  phone records and letters, that reflect, record or memorialize or otherwise REFER

11  OR RELATE TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 73:

14          All COMMUNICATIONS between YOU and Mercedeh Ward prior

15  to November 6, 2000, including without limitation all diaries, notes, calendars,

16  logs, phone records and letters, that reflect, record or memorialize or otherwise

17  REFER OR RELATE TO any such COMMUNICATIONS.

18

19  REQUEST FOR PRODUCTION NO. 74:

20          All COMMUNICATIONS between YOU and Margaret Hatch (also

21  known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001,

22  including without limitation all diaries, notes, calendars, logs, phone records and

23  letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO

24  any such COMMUNICATIONS.

25

26  REQUEST FOR PRODUCTION NO. 75:

27          All COMMUNICATIONS between YOU and Anna Rhee prior to

28  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

1  phone records and letters, that reflect, record or memorialize or otherwise REFER

2  OR RELATE TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 76:

5          All COMMUNICATIONS between Veronica Marlow and Anna Rhee

6  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

7  logs, phone records and letters, that reflect, record or memorialize or otherwise

8  REFER OR RELATE TO any such COMMUNICATIONS.

9

10  REQUEST FOR PRODUCTION NO. 77:

11          All COMMUNICATIONS between YOU and Sarah Halpern prior to

12  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

13  phone records and letters, that reflect, record or memorialize or otherwise REFER

14  OR RELATE TO any such COMMUNICATIONS.

15

16  REQUEST FOR PRODUCTION NO. 78:

17          All COMMUNICATIONS between YOU and Jesse Ramirez prior to

18  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

19  phone records and letters, that reflect, record or memorialize or otherwise REFER

20  OR RELATE TO any such COMMUNICATIONS.

21

22  REQUEST FOR PRODUCTION NO. 79:

23          Any personnel or vendor file that YOU have created or maintained

24  concerning BRYANT.

25

26  REQUEST FOR PRODUCTION NO. 80:

27          Any personnel file that YOU have created or maintained concerning

28  Paula Treantafellas.

REQUEST FOR PRODUCTION NO. 81:

Any personnel file that YOU have created or maintained concerning Mercedeh Ward.

REQUEST FOR PRODUCTION NO. 82:

Any personnel or vendor file that YOU have created or maintained concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy).

REQUEST FOR PRODUCTION NO. 83:

Any personnel or vendor file that YOU have created or maintained concerning Veronica Marlow.

REQUEST FOR PRODUCTION NO. 84:

Any personnel or vendor file that YOU have created or maintained concerning Anna Rhee.

REQUEST FOR PRODUCTION NO. 85:

Any personnel or vendor file that YOU have created or maintained concerning Jessie Ramirez.

REQUEST FOR PRODUCTION NO. 86:

Any personnel file that YOU have created or maintained concerning Shirin Salemnia.

REQUEST FOR PRODUCTION NO. 87:

Any personnel file that YOU have created or maintained concerning Victoria O'Connor.

1   <u>REQUEST FOR PRODUCTION NO. 88</u>:

2              Any personnel file that YOU have created or maintained concerning

3   Farhad Larian.

4

5   <u>REQUEST FOR PRODUCTION NO. 89</u>:

6              All telephone records for MGA Entertainment Inc. for the time period

7   from January 1, 1998 through January 1, 2001.

8

9   <u>REQUEST FOR PRODUCTION NO. 90</u>:

10             All DOCUMENTS that REFER OR RELATE TO any copyright,

11   patent or any other application or registration for BRATZ DESIGNS, including

12   without limitation all COMMUNICATIONS pertaining thereto.

13

14   <u>REQUEST FOR PRODUCTION NO. 91</u>:

15             All DOCUMENTS that REFER OR RELATE TO any copyright,

16   patent or any other application or registration for ANGEL DESIGNS, including

17   without limitation all COMMUNICATIONS pertaining thereto.

18

19   <u>REQUEST FOR PRODUCTION NO. 92</u>:

20             All DOCUMENTS that REFER OR RELATE TO any testing of or

21   sampling from any DOCUMENTS that REFER OR RELATE TO BRATZ or

22   BRYANT, including without limitation any such testing or sampling in connection

23   with any ink, paper or chemical analysis to date any such DOCUMENTS and

24   including without limitation all results and reports relating thereto.

25

26

27

28

-24-

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT  11  PAGE  414

1  REQUEST FOR PRODUCTION NO. 93:

2          An electronic copy of each DOCUMENT that YOU have produced in

3  this action, or that is responsive to these Requests, that is or was created, prepared,

4  generated, maintained or transmitted in digital form.

5

6  REQUEST FOR PRODUCTION NO. 94:

7          The metadata for each DOCUMENT that YOU have produced in this

8  action, or that is responsive to these Requests, that is or was created, prepared,

9  generated, maintained or transmitted in digital form.

10

11  REQUEST FOR PRODUCTION NO. 95:

12          All DOCUMENTS that support, refute or otherwise REFER OR

13  RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

14

15  REQUEST FOR PRODUCTION NO. 96:

16          All doll heads, sculpts, prototypes, models, samples and tangible

17  items that were created, prepared or made, whether in whole or in part, prior to

18  January 1, 2001 that REFER OR RELATE TO BRATZ.

19

20  REQUEST FOR PRODUCTION NO. 97:

21          All doll heads, sculpts, prototypes, models, samples and tangible

22  items that were created, prepared or made, whether in whole or in part, prior to

23  January 1, 2001 that REFER OR RELATE TO ANGEL.

24

25  REQUEST FOR PRODUCTION NO. 98:

26          All doll heads, sculpts, prototypes, models, samples and tangible

27  items that Anna Rhee painted, whether in whole or in part, for or with YOU or on

28  YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

-25-

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT  11  PAGE 415

**REQUEST FOR PRODUCTION NO. 99:**

All doll heads, sculpts, prototypes, models, samples and tangible items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that BRYANT produced, created, authored, conceived of or reduced to practice, whether alone or jointly with others, prior to January 1, 2001.

**REQUEST FOR PRODUCTION NO. 100:**

All doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise REFER OR RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

DATED:  March 14, 2005

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By Shane McKenzie

Shane Heather McKenzie
Attorneys for Plaintiff/Counter-defendant
Mattel, Inc.

1

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2

**STATE OF CALIFORNIA**          )
                                 ) SS

3

**COUNTY OF LOS ANGELES**        )

4

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,

5

Los Angeles, California  90017.

6

On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.**

7

on all interested parties in this action.

8

**Robert F. Millman, Esq.**
**Douglas A. Wickham, Esq.**

9

**Littler Mendelson**
**A Professional Corporation**

10

2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

11

**FAX: 310-553-5583**

12

[  ]   By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

13

[ X ]   **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar"

14

with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon

15

fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

16

postage meter date is more than one day after date of deposit for mailing in affidavit.

17

[ X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)

18

set forth above on this date.

19

Executed on March 14, 2005, at Los Angeles, California.

20

[  ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

[ X ]   (Federal) I declare that I am employed in the office of a member of the bar of this court at

22

whose direction the service was made.

23

24

Rebecca A. Ramos                                   Signature
Print Name

25

26

27

28

EXHIBIT _11_ PAGE _417_

1

### PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

2

**STATE OF CALIFORNIA** )
)  SS
3

**COUNTY OF LOS ANGELES** )

4
    I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5

6
    On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

7

8
                        **Paula E. Ambrosini, Esq.**
                        **O'Melveny & Meyers**
9
                        400 So. Hope Street
                        Los Angeles, CA 90071
10
                        (213) 430-6407

11
[   ]  By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

12
[   ]  **BY MAIL:**  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar"
13
with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon
14
fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or
15
postage meter date is more than one day after date of deposit for mailing in affidavit.

16
[ X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
17
set forth above on this date.

18
[ X ]  **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.
19

Executed on March 14, 2005, at Los Angeles, California.

20
[   ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
21

22
[ X ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

25
Rebecca A. Ramos
Print Name                          Signature

26

27

28

EXHIBIT  _11_  PAGE  _418_