# EXHIBIT 15

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  WILLIAM J. CHARRON (S.B. #220518)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  wcharron@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA 90067
   Telephone: (310) 553-3000
9  Facsimile: (310) 557-9815

10 Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Ltd., and Isaac
11 Larian

RECEIVED

SEP 2 8 2007
LEA 4:35

CALENDARED

12            **UNITED STATES DISTRICT COURT**

13            **CENTRAL DISTRICT OF CALIFORNIA**

14                   **EASTERN DIVISION**

15

16  CARTER BRYANT, an individual,        Case No. CV 04-9049 SGL (RNBx)
                                         (consolidated with 04-9059 and 05-
17                 Plaintiff,            2727)

18         v.                           **Isaac Larian's Supplemental
                                        Responses To Mattel, Inc.'s First Set
19  MATTEL, INC., a Delaware            Of Requests For Documents And
    Corporation,                        Things**
20
                   Defendant.
21

22  AND CONSOLIDATED ACTIONS

23

24

25

26

27

28

EXHIBIT 15 PAGE 491

## PRELIMINARY STATEMENT

1  
2      Defendant Isaac Larian ("Larian") has not yet completed his

3  investigation relating to the facts of this action and has not completed preparation

4  for trial. Larian makes its response to these document requests ("requests," or

5  individually, "request") based upon the information presently available to him and

6  without prejudice to his right to amend or supplement his responses and to present

7  evidence which may hereafter be discovered or become available.

8      Larian will respond to each request as he understands and interprets

9  each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of

10  any request that differs from that of Larian, Larian reserves the right to supplement

11  his objections and responses.

12      By making these responses, Larian does not concede that any of the

13  information sought by these requests is relevant or discoverable. Larian makes

14  these responses and objections without waiving or intending to waive but rather, on

15  the contrary, preserving and intending to preserve: (a) the right to object on any

16  grounds to the use or introduction into evidence of the documents or information

17  provided in response to these requests; (b) the right to object to the use of the

18  documents or information provided in response to the requests in any subsequent

19  proceeding in, or the arbitration of this or any other action; and (c) the right to

20  object on any ground at any time to other requests or further discovery into any of

21  the subject matters addressed in these requests or the responses thereto.

22      Larian shall not provide any privileged or protected information,

23  including without limitation, information protected by the attorney-client privilege

24  or the attorney work product doctrine, and nothing herein may be construed as a

25  waiver of any applicable privilege or protection. Any inadvertent production of

26  privileged or protected documents or information shall not be construed as a waiver

27  of any privilege or protection attaching thereto and Larian reserves the right to

28  correct the record with regard to any such information and to supplement or amend

EXHIBIT _15_ PAGE _492_

1    these responses, which supplemental or amended response shall become the

2    operative response.

3                           **GENERAL OBJECTIONS**

4              1.    Larian objects to each and every request on the ground that

5    production at the date and time demanded will subject Larian to unwarranted

6    oppression and undue burden and expenses.  The time set for compliance is unduly

7    burdensome, especially in light of the number of document requests, and the scope

8    and volume of the material being sought.  Larian intends to proceed expeditiously

9    to collect the documents for production, if any, and will produce them at a date and

10   time, and in such a manner, as may be mutually agreed by counsel for the parties.

11             2.    Larian objects to each request to the extent that it seeks

12   information protected from discovery by the attorney-client privilege, work-product

13   doctrine, right to privacy, or any other applicable privilege.

14             3.    Larian objects to each request to the extent that it seeks the

15   disclosure of confidential, proprietary or trade-secret information.  Should such

16   documents be otherwise responsive, Larian will produce such documents subject to

17   the terms and conditions of the protective order governing this case.

18             4.    Larian objects to each request to the extent that it seeks

19   documents in Mattel's own possession, custody or control or that are accessible to

20   Mattel from public sources or from third parties.

21             5.    Larian objects to each request to the extent that it asks for

22   documents that are not relevant to claims or defenses in this case.

23             6.    Larian objects to each and every request to the extent it purports

24   to require Larian to search all documents and things within his possession, custody

25   or control or within the possession, custody, or control of any of Larian's or MGA's

26   current or former employees, officers, directors, agents, representatives, attorneys,

27   parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

28   in-interest, and any other person acting on his behalf, pursuant to his authority or

1   subject to his control, on the grounds that such request is unreasonable, overbroad,

2   unduly burdensome and oppressive, violates the right of privacy, and purports to

3   require Larian to search for documents not within his possession, custody, or

4   control.  Larian will make a reasonably diligent search for responsive documents

5   within his possession, custody, or control.

6          7.    Larian objects to each and every request to the extent it seeks

7   "all documents" responsive to a certain category on the grounds that such request is

8   overbroad and unduly burdensome and oppressive.  On grounds of oppression and

9   undue burden, Larian will not respond to duplicative or cumulative requests and

10   will not re-produce documents it has already produced or produce documents that it

11   has received from Mattel or others in the course of discovery in this matter.

12          8.    Larian objects to each request to the extent it seeks documents

13   not within Larian's possession, custody, or control.

14          9.    Larian objects to the defined terms "You," "Your," and "Larian"

15   on the grounds that these terms, as defined, are overbroad, are vague and

16   ambiguous, and call for legal conclusions.

17         10.    Larian objects to the defined terms "Bratz," "Angel," "Bratz

18   Doll," "Bratz Product," "Bratz License," "Bratz Movie," and "Bratz Television

19   Show" on the grounds that these terms, as defined, are overbroad, are vague and

20   ambiguous, and call for legal conclusions.

21         11.    Larian objects to the defined term "Family Member" on the

22   grounds that this term, as defined, is overbroad, vague, and ambiguous, and calls

23   for legal conclusions.  Larian will interpret the term "Family Member" to be those

24   individuals he knows or believes to be family members of the person at issue.

25   **SPECIFIC OBJECTIONS AND RESPONSES**

26

27   **REQUEST FOR PRODUCTION NO. 1:**

28       All DOCUMENTS prepared, drafted, written, transmitted or received



EXHIBIT _15_ PAGE _494_

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3 |       Larian incorporates by reference the above-stated general objections as

4 | if fully set forth herein. Larian also specifically objects to this request on the

5 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6 | information not relevant to the subject matter of this lawsuit or reasonably

7 | calculated to lead to the discovery of admissible evidence. Larian also specifically

8 | objects to this request on the grounds that it seeks confidential, proprietary, or

9 | commercially sensitive information, the disclosure of which would be inimical to

10 | the business interests of Larian and one or more third parties. Larian also objects to

11 | this request to the extent it calls for the disclosure of attorney-client privileged

12 | information or information protected from disclosure by the work product doctrine,

13 | joint defense or common interest privilege, or other privilege.

14 |       Subject to the foregoing, Larian will produce all responsive documents

15 | prepared, written, transmitted or received before January 1, 2001 within his

16 | possession, custody, or control, if any, that have not already been produced, and to

17 | which no privilege or other protection applies, including without limitation, the

18 | attorney-client privilege or attorney's work product doctrine.

19 | **REQUEST FOR PRODUCTION NO. 2:**

20 |       All DOCUMENTS RELATING TO BRATZ and RELATING TO any

21 | time prior to December 31, 2001 (regardless of when such DOCUMENT was

22 | prepared, written, transmitted or received, whether in whole or in part).

23 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

24 |       Larian incorporates by reference the above-stated general objections as

25 | if fully set forth herein. Larian also specifically objects to this request on the

26 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27 | information not relevant to the subject matter of this lawsuit or reasonably

28 | calculated to lead to the discovery of admissible evidence. Larian also specifically

1   objects to this request on the grounds that it seeks confidential, proprietary, or

2   commercially sensitive information, the disclosure of which would be inimical to

3   the business interests of Larian and one or more third parties.  Larian further objects

4   to this request in the grounds that it is vague and ambiguous in that Larian cannot

5   determine what is meant by the phrase "relating to Bratz and relating to any time

6   prior to December 31, 2001."  Larian also objects to this request to the extent it

7   calls for the disclosure of attorney-client privileged information or information

8   protected from disclosure by the work product doctrine, joint defense or common

9   interest privilege, or other privilege.

10         Subject to the foregoing, Larian will produce all responsive documents

11  that refer to any time prior to January 1, 2001 within his possession, custody, or

12  control, if any, that have not already been produced, and to which no privilege or

13  other protection applies, including without limitation, the attorney-client privilege

14  or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 3:**

16         All DOCUMENTS RELATING TO the origin(s), conception and

17  creation of BRATZ, including without limitation all DOCUMENTS RELATING

18  TO the timing and the method and manner in which BRATZ first came to YOUR

19  or MGA's attention.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

21         Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also specifically

26  objects to this request on the grounds that it seeks confidential, proprietary, or

27  commercially sensitive information, the disclosure of which would be inimical to

28  the business interests of Larian and one or more third parties.  Larian also objects to

EXHIBIT _15_ PAGE _196_

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  this request to the extent it seeks documents not within Larian's possession,

2  custody, or control.  Larian also objects to this request to the extent it calls for the

3  disclosure of attorney-client privileged information or information protected from

4  disclosure by the work product doctrine, joint defense or common interest privilege,

5  or other privilege.

6          Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 4:**

13          All DOCUMENTS RELATING TO the modeling, prototyping,

14  rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,

15  including without limitation all DOCUMENTS RELATING to the creation,

16  preparation or modification of any three-dimensional representation of BRATZ.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also specifically

23  objects to this request on the grounds that it seeks confidential, proprietary, or

24  commercially sensitive information, the disclosure of which would be inimical to

25  the business interests of Larian and one or more third parties.  Larian also objects to

26  this request to the extent it seeks information the disclosure of which would

27  implicate the rights of third parties to protect private, confidential, proprietary or

28  trade secret information.  Larian further objects to this request in the grounds that it

EXHIBIT _15_ PAGE _497_

1  is vague and ambiguous in that Larian cannot determine what is meant by

2  "modeling, prototyping, rotocasting, sculpting, or design of Bratz." Larian also

3  objects to this request to the extent it seeks documents not within Larian's

4  possession, custody, or control. Larian also objects to this request to the extent it

5  calls for the disclosure of attorney-client privileged information or information

6  protected from disclosure by the work product doctrine, joint defense or common

7  interest privilege, or other privilege.

8         Subject to the foregoing, Larian will produce all documents within his

9  possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 5:**

15         All DOCUMENTS RELATING TO any payment or transfer of

16  anything of value made to or on behalf of BRYANT for any DESIGN that

17  BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

18  regardless of when such payment was actually made.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence. Larian also objects to

25  this request on the grounds that it is vague and ambiguous in that Larian cannot

26  determine what is meant by "payments made . . . on behalf of Bryant." Larian also

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

1  the business interests of Larian and one or more third parties.  Larian further objects

2  to this request to the extent it seeks information the disclosure of which would

3  implicate the rights of third parties to protect private, confidential, proprietary or

4  trade secret information.   Larian also objects to this request to the extent it calls for

5  the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.

8          Subject to the foregoing, Larian will produce all documents within his

9  possession, custody, or control that are responsive to the request, if any, and that

10 have not already been produced, that he discovers in the course of his reasonable

11 search and diligent inquiry, and to which no privilege or other protection applies,

12 including without limitation, the attorney-client privilege or attorney's work

13 product doctrine.

14 **REQUEST FOR PRODUCTION NO. 6:**

15         All DOCUMENTS that RELATING TO invoices submitted by

16 BRYANT to YOU or MGA prior to January 31, 2001.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

18         Larian incorporates by reference the above-stated general objections as

19 if fully set forth herein.  Larian also specifically objects to this request on the

20 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21 information not relevant to the subject matter of this lawsuit or reasonably

22 calculated to lead to the discovery of admissible evidence.  Larian also objects to

23 this request on the grounds that it seeks confidential, proprietary or commercially

24 sensitive information, the disclosure of which would be inimical to the business

25 interests of Larian and one or more third parties.  Larian further objects to this

26 request to the extent it seeks information the disclosure of which would implicate

27 the rights of third parties to protect private, confidential, proprietary or trade secret

28 information.  Larian also objects to this request to the extent it calls for the

EXHIBIT _15_ PAGE _499_ -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  disclosure of attorney-client privileged information or information protected from

2  disclosure by the work-product doctrine, joint defense or common interest

3  privilege, or other privilege.

4          Subject to the foregoing, Larian will produce all documents within his

5  possession, custody, or control that are responsive to the request, if any, and that

6  have not already been produced, that he discovers in the course of his reasonable

7  search and diligent inquiry, and to which no privilege or other protection applies,

8  including without limitation, the attorney-client privilege or attorney's work

9  product doctrine.

10  **REQUEST FOR PRODUCTION NO. 7:**

11          All royalty statements to or for BRYANT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

13          Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence. Larian also objects to

18  this request in that it is overbroad, including without limitation, in that is it not

19  limited as to time of the royalty statements or the product or services to which those

20  royalty statements relate. Larian also objects to this request on the grounds that it is

21  vague and ambiguous, particularly in that Larian cannot determine what is meant by

22  "royalty statements . . . for BRYANT." Larian also objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian and one or more third parties. Larian further objects to this request to the

26  extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28  Larian also objects to this request to the extent it calls for the disclosure of attorney-

1   client privileged information or information protected from disclosure by the work-

2   product doctrine, joint defense or common interest privilege, or other privilege.

3            Subject to the foregoing, Larian will produce all documents within his

4   possession, custody, or control that are responsive to the request, if any, and that

5   have not already been produced, that he discovers in the course of his reasonable

6   search and diligent inquiry, and to which no privilege or other protection applies,

7   including without limitation, the attorney-client privilege or attorney's work

8   product doctrine.

9   **REQUEST FOR PRODUCTION NO. 8:**

10            All DOCUMENTS RELATING TO BRYANT'S participation in the

11   conception, creation, DESIGN, development, sculpting, tooling, production or

12   manufacture of BRATZ.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

14            Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein. Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence. Larian also specifically

19   objects to this request on the grounds that it seeks confidential, proprietary, or

20   commercially sensitive information, the disclosure of which would be inimical to

21   the business interests of Larian and one or more third parties. Larian also objects to

22   this request to the extent it seeks documents not within Larian's possession, custody

23   or control. Larian also objects to this request to the extent it calls for the disclosure

24   of attorney-client privileged information or information protected from disclosure

25   by the work product doctrine, joint defense or common interest privilege, or other

26   privilege.

27

28

EXHIBIT *15* PAGE *501*     - 11 -

1            Subject to the foregoing, Larian will produce all documents within his

2    possession, custody, or control that are responsive to the request, if any, and that

3    have not already been produced, that he discovers in the course of his reasonable

4    search and diligent inquiry, and to which no privilege or other protection applies,

5    including without limitation, the attorney-client privilege or attorney's work

6    product doctrine.

7    **REQUEST FOR PRODUCTION NO. 9:**

8            All DOCUMENTS RELATING TO COMMUNICATIONS between

9    YOU or MGA and BRYANT and RELATING TO the period prior to December

10   31, 2001 (regardless of when such document was prepared, written, transmitted or

11   received, whether in whole or in part), including without limitation all diaries,

12   notes, calendars, logs, phone records and letters, that reflect, record or memorialize

13   or otherwise RELATING TO any such COMMUNICATIONS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

15           Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence.  Larian also specifically

20   objects to this request on the grounds that it is overbroad, unduly burdensome, and

21   oppressive in that it seeks all documents relating to communications between

22   Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

23   also objects to this request on the grounds that it is overbroad, unduly burdensome

24   and oppressive including, without limitation, in potentially extending to

25   communications that Bryant may have had with any of MGA's hundreds of

26   employees, agents or representatives, and regardless of whether any such

27   communication is related in any way to the subject matter of this lawsuit, MGA, or

28   MGA's business.  Larian also objects to this request on the grounds that it seeks

1   information in violation of the right of privacy.  Larian also objects to this request

2   on the grounds that it seeks confidential, proprietary or commercially sensitive

3   information, the disclosure of which would be inimical to the business interests of

4   Larian and one or more third parties.  Larian further objects to this request to the

5   extent it seeks information the disclosure of which would implicate the rights of

6   third parties to protect private, confidential, proprietary or trade secret information.

7   Larian also objects to this request to the extent it calls for the disclosure of attorney-

8   client privileged information or information protected from disclosure by the work-

9   product doctrine, joint defense or common interest privilege, or other privilege.

10  Larian also objects to the extent this request seeks documents not in Larian's

11  possession, custody or control.

12          Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 10:**

19          All DOCUMENTS RELATING TO COMMUNICATIONS between

20  YOU or MGA and BRYANT prior to December 31, 2001, including without

21  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

22  record or memorialize or otherwise RELATING TO any such

23  COMMUNICATIONS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT _15_ PAGE _503_    - 13 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  calculated to lead to the discovery of admissible evidence.  Larian also specifically

2  objects to this request on the grounds that it is overbroad, unduly burdensome, and

3  oppressive in that it seeks all documents relating to communications between

4  Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

5  also objects to this request on the grounds that it is overbroad, unduly burdensome

6  and oppressive, without limitation, in potentially extending to communications that

7  Bryant may have had with any of MGA's hundreds of employees, agents or

8  representatives, and regardless of whether any such communication is related in any

9  way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

10  objects to this request on the grounds that it seeks information in violation of the

11  right of privacy.  Larian also objects to this request on the grounds that it seeks

12  confidential, proprietary or commercially sensitive information, the disclosure of

13  which would be inimical to the business interests of Larian and one or more third

14  parties.  Larian further objects to this request to the extent it seeks information the

15  disclosure of which would implicate the rights of third parties to protect private,

16  confidential, proprietary or trade secret information.  Larian also objects to this

17  request to the extent it calls for the disclosure of attorney-client privileged

18  information or information protected from disclosure by the work-product doctrine,

19  joint defense or common interest privilege, or other privilege.  Larian also objects

20  to the extent this request seeks documents not in Larian's possession, custody or

21  control.

22          Subject to the foregoing, Larian will produce all documents within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28  **REQUEST FOR PRODUCTION NO. 11:**


EXHIBIT _15_ PAGE _504_

- 14 -

1        All COMMUNICATIONS between YOU or MGA and BRYANT

2  prior to December 31, 2001.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

4        Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also specifically

9  objects to this request on the grounds that it is overbroad, unduly burdensome, and

10  oppressive in that it seeks all communications between Larian or MGA and Bryant,

11  is not otherwise limited as to subject matter.  Larian also objects to this request on

12  the grounds that it is overbroad, unduly burdensome and oppressive, without

13  limitation, in potentially extending to communications that Bryant may have had

14  with any of MGA's hundreds of employees, agents or representatives, and

15  regardless of whether any such communication is related in any way to the subject

16  matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

17  request on the grounds that it seeks information in violation of the right of privacy.

18  Larian also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would

20  be inimical to the business interests of Larian and one or more third parties.  Larian

21  further objects to this request to the extent it seeks information the disclosure of

22  which would implicate the rights of third parties to protect private, confidential,

23  proprietary or trade secret information.  Larian also objects to this request to the

24  extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.  Larian also objects to the extent

27  this request seeks documents not in Larian's possession, custody or control.

28        Subject to the foregoing, Larian will produce all documents within his

EXHIBIT _15_ PAGE _505_

- 15 -

possession, custody, or control that are responsive to the request, if any, and that
have not already been produced, that he discovers in the course of his reasonable
search and diligent inquiry, and to which no privilege or other protection applies,
including without limitation, the attorney-client privilege or attorney's work
product doctrine.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO COMMUNICATIONS between
YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such
DOCUMENT was prepared, written, transmitted or received, whether in whole or
in part), including without limitation all diaries, notes, calendars, logs, phone
records and letters, that reflect, record or memorialize or otherwise RELATING TO
any such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Larian incorporates by reference the above-stated general objections as
if fully set forth herein. Larian also specifically objects to this request on the
grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks
information not relevant to the subject matter of this lawsuit or reasonably
calculated to lead to the discovery of admissible evidence. Larian also specifically
objects to this request on the grounds that it is overbroad, unduly burdensome, and
oppressive in that it seeks all documents relating to communications between
Larian or MGA and Bryant and is not otherwise limited as to subject matter. Larian
also objects to this request on the grounds that it is overbroad, unduly burdensome
and oppressive, without limitation, in potentially extending to documents relating to
communications that Bryant may have had with any of MGA's hundreds of
employees, agents or representatives, and regardless of whether any such
communication is related in any way to the subject matter of this lawsuit, MGA, or
MGA's business. Larian also objects to this request on the grounds that it seeks
information in violation of the right of privacy. Larian also objects to this request

EXHIBIT _15_ PAGE _516_   - 16 -

1  on the grounds that it seeks confidential, proprietary or commercially sensitive

2  information, the disclosure of which would be inimical to the business interests of

3  Larian and one or more third parties.  Larian further objects to this request to the

4  extent it seeks information the disclosure of which would implicate the rights of

5  third parties to protect private, confidential, proprietary or trade secret information.

6  Larian also objects to this request to the extent it calls for the disclosure of attorney-

7  client privileged information or information protected from disclosure by the work-

8  product doctrine, joint defense or common interest privilege, or other privilege.

9  Larian also objects to the extent this request seeks documents not in Larian's

10  possession, custody or control.

11         Subject to the foregoing, Larian will produce all documents within his

12  possession, custody, or control that are responsive to the request, if any, and that

13  have not already been produced, that he discovers in the course of his reasonable

14  search and diligent inquiry, and to which no privilege or other protection applies,

15  including without limitation, the attorney-client privilege or attorney's work

16  product doctrine.

17  **REQUEST FOR PRODUCTION NO. 13:**

18         All COMMUNICATIONS RELATING TO BRATZ between YOU or

19  MGA and any PERSON prior to December 31, 2001.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21         Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence, including, without

26  limitation, in that it would extend to any communication between anyone at MGA

27  and any other person referring or relating in any way to a wide variety of matter

28  that could potentially be construed as "relating" to Bratz, without regard to whether

EXHIBIT _15_ PAGE _507_   - 17 -

1  such communications are at all relevant to any claim or defense at issue in this

2  litigation.  Larian also objects to this request on the grounds that it is overbroad,

3  unduly burdensome and oppressive in that it purports to require Larian to diligently

4  identify every communication that any of MGA's hundreds of employees may have

5  had with any other person referring or relating to this action.  Larian also objects to

6  this request on the grounds that it is overbroad, unduly burdensome and oppressive

7  in that it is not in any way limited as to the persons involved in the

8  communications.  Larian also objects to this request on the grounds that it seeks

9  information in violation of the right of privacy.  Larian also objects to this request

10  on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties.  Larian also objects to this request to the

13  extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense

15  or common interest privilege, or other privilege.

16          Subject to the foregoing, Larian will produce all communications

17  made prior to January 1, 2001 within his possession, custody, or control that are

18  responsive to the request, if any, that have not already been produced, that he

19  discovers in the course of his reasonable search and diligent inquiry, and to which

20  no privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 15:**

23          All COMMUNICATIONS RELATING TO BRATZ between YOU or

24  MGA and BRYANT.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

EXHIBIT _15_ PAGE _508_    - 18 -

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also specifically

3   objects to this request on the grounds that it is overbroad, unduly burdensome and

4   oppressive, without limitation, in potentially extending to communications that

5   Bryant may have had with any of MGA's hundreds of employees, agents or

6   representatives, and regardless of whether any such communication is related in any

7   way to the subject matter of this lawsuit, Larian, MGA, or MGA's business.  Larian

8   also objects to this request on the grounds that it is overbroad, unduly burdensome

9   and oppressive in that it is not in any way limited as to the persons involved in the

10   communications or as to time.  Larian also objects to this request on the grounds

11   that it seeks information in violation of the right of privacy.  Larian also objects to

12   this request on the grounds that it seeks confidential, proprietary or commercially

13   sensitive information, the disclosure of which would be inimical to the business

14   interests of Larian and one or more third parties.  Larian further objects to this

15   request to the extent it seeks information the disclosure of which would implicate

16   the rights of third parties to protect private, confidential, proprietary or trade secret

17   information.  Larian also objects to this request to the extent it calls for the

18   disclosure of attorney-client privileged information or information protected from

19   disclosure by the work-product doctrine, joint defense or common interest

20   privilege, or other privilege.  Larian also objects to the extent this request seeks

21   documents not in Larian's possession, custody or control.

22          Subject to the foregoing, Larian will produce all communications

23   made prior to January 1, 2001 within his possession, custody, or control that are

24   responsive to the request, if any, that have not already been produced, that he

25   discovers in the course of his reasonable search and diligent inquiry, and to which

26   no privilege or other protection applies, including without limitation, the attorney-

27   client privilege or attorney's work product doctrine.

28   **REQUEST FOR PRODUCTION NO. 16:**

EXHIBIT _15_ PAGE _504_   - 19 -

1    All DOCUMENTS RELATING TO BRYANT's employment by

2    MATTEL.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4    Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.  Larian also specifically

9    objects to this request on the grounds that it is overbroad in that it seeks all

10   documents relating to Bryant's employment by Mattel without limitation as to

11   subject matter or time.  Larian also objects to the extent that it seeks information

12   not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

13   the discovery of admissible evidence.  Larian also objects to this request on the

14   grounds that it seeks confidential, proprietary or commercially sensitive

15   information, the disclosure of which would be inimical to the business interests of

16   Larian and one or more third parties.  Larian further objects to the extent this

17   request seeks documents not in Larian's possession, custody or control.  Larian also

18   objects to this request to the extent it calls for the disclosure of attorney-client

19   privileged information or information protected from disclosure by the work-

20   product doctrine, joint defense or common interest privilege, or other privilege.

21   Subject to the foregoing, Larian will produce all documents within his

22   possession, custody, or control that are responsive to the request, if any, and that

23   have not already been produced, that he discovers in the course of his reasonable

24   search and diligent inquiry, and to which no privilege or other protection applies,

25   including without limitation, the attorney-client privilege or attorney's work

26   product doctrine.

27   **REQUEST FOR PRODUCTION NO. 14:**

28

EXHIBIT _15_ PAGE _510_    - 20 -

1    All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

2    BRYANT's employment by MATTEL.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

4    Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein. Larian also specifically objects to this request on the

6    grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence. Larian also specifically

9    objects to this request on the grounds that it is overbroad, unduly burdensome, and

10   oppressive including, without limitation, in potentially extending to documents that

11   may be in the possession of any of MGA's hundreds of employees, agents or

12   representatives, and regardless of whether any such document is related in any way

13   to the subject matter of this lawsuit. Larian also objects to this request on the

14   grounds that it seeks confidential, proprietary or commercially sensitive

15   information, the disclosure of which would be inimical to the business interests of

16   Larian and one or more third parties. Larian also objects to this request to the

17   extent it seeks information the disclosure of which would implicate the rights of

18   third parties to protect private, confidential, proprietary or trade secret information.

19   Larian further objects to the extent this request seeks documents not in Larian's

20   possession, custody or control. Larian also objects to this request to the extent it

21   calls for the disclosure of attorney-client privileged information or information

22   protected from disclosure by the work-product doctrine, joint defense or common

23   interest privilege, or other privilege.

24   Subject to the foregoing, Larian will produce all documents within his

25   possession, custody, or control that are responsive to the request, if any, and that

26   have not already been produced, that he discovers in the course of his reasonable

27   search and diligent inquiry, and to which no privilege or other protection applies,

28   including without limitation, the attorney-client privilege or attorney's work

EXHIBIT _15_ PAGE _511_   - 21 -

1   product doctrine.

2   **REQUEST FOR PRODUCTION NO. 18:**

3           All DOCUMENTS RELATING TO DESIGNS that BRYANT

4   produced, prepared, created, authored, conceived of or reduced to practice, whether

5   alone or jointly with others, prior to December 31, 2001.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7           Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein. Larian also specifically objects to this request to the extent

9   it is overbroad, unduly burdensome and oppressive including, without limitation, in

10  seeking documents relating to designs not in issue in this action, and in that it

11  reaches back into time indefinitely and, thus, for example, calls for documents

12  referring or relating to designs Bryant might have conceived of in his childhood and

13  that have nothing whatsoever to do with this action. Larian also objects to this

14  request to the extent it seeks information the disclosure of which would implicate

15  the rights of third parties to protect private, confidential, proprietary or trade secret

16  information. Larian also objects to this request on the grounds that it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of

18  which would be inimical to the business interests of Larian and one or more third

19  parties. Larian also objects to this request to the extent it calls for the disclosure of

20  attorney-client privileged information or information protected from disclosure by

21  the work-product doctrine, joint defense or common interest privilege, or other

22  privilege. Larian also objects to this request to the extent that it seeks documents

23  not in Larian's possession, custody or control.

24          Subject to the foregoing, Larian will produce all documents within his

25  possession, custody, or control that are responsive to the request, if any, and that

26  have not already been produced, that he discovers in the course of his reasonable

27  search and diligent inquiry, and to which no privilege or other protection applies,

28  including without limitation, the attorney-client privilege or attorney's work

EXHIBIT _15_ PAGE _512_   - 22 -

1   product doctrine.

2   **REQUEST FOR PRODUCTION NO. 19:**

3          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

4   created, authored, conceived of or reduced to practice prior to December 31, 2001,

5   by BRYANT, whether alone or jointly with others, in which YOU or MGA have

6   purported at any time to purchase, acquire or own any right, title or interest

7   (whether in whole or in part).

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

9          Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence.  Larian also specifically

14   objects to this request to the extent it is overbroad, including, without limitation, in

15   seeking documents relating to any designs created, authored, conceived of or

16   reduced to practice prior to December 31, 2001, by Bryant, and is therefore not

17   limited to those designs that may be at issue in this litigation.  Larian also objects to

18   this request to the extent it seeks information the disclosure of which would

19   implicate the rights of third parties to protect private, confidential, proprietary or

20   trade secret information.  Larian also objects to this request on the grounds that it

21   seeks confidential, proprietary or commercially sensitive information, the

22   disclosure of which would be inimical to the business interests of Larian and one or

23   more third parties.  Larian also objects to this request to the extent it calls for the

24   disclosure of attorney-client privileged information or information protected from

25   disclosure by the work-product doctrine, joint defense or common interest

26   privilege, or other privilege.  Larian also objects to this request to the extent that it

27   seeks documents not in Larian's possession, custody or control.

28          Subject to the foregoing, Larian will produce all documents within his

EXHIBIT _15_ PAGE_513_   - 23 -

1    possession, custody, or control that are responsive to the request, if any, and that

2    have not already been produced, that he discovers in the course of his reasonable

3    search and diligent inquiry, and to which no privilege or other protection applies,

4    including without limitation, the attorney-client privilege or attorney's work

5    product doctrine.

6    **REQUEST FOR PRODUCTION NO. 20:**

7          All DOCUMENTS, including without limitation all

8    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9    any agreement or contract between BRYANT and MATTEL.

10    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11          Larian incorporates by reference the above-stated general objections as

12    if fully set forth herein. Larian also specifically objects to this request on the

13    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14    information not relevant to the subject matter of this lawsuit or reasonably

15    calculated to lead to the discovery of admissible evidence. Larian also specifically

16    objects to this request to the extent it seeks information the disclosure of which

17    would implicate the rights of third parties to protect private, confidential,

18    proprietary or trade secret information. Larian also objects to this request to the

19    extent it calls for the disclosure of attorney-client privileged information or

20    information protected from disclosure by the work-product doctrine, joint defense

21    or common interest privilege, or other privilege. Larian also objects to this request

22    to the extent that it seeks documents not in Larian's possession, custody or control.

23          Subject to the foregoing, Larian will produce all documents within his

24    possession, custody, or control that are responsive to the request, if any, and that

25    have not already been produced, that he discovers in the course of his reasonable

26    search and diligent inquiry, and to which no privilege or other protection applies,

27    including without limitation, the attorney-client privilege or attorney's work

28    product doctrine.

 *15* PAGE *514* - 24 -

1  **REQUEST FOR PRODUCTION NO. 21:**

2         All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  YOUR or MGA's knowledge of any agreement or contract between BRYANT and

5  MATTEL.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

7         Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein. Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence. Larian also specifically

12  objects to this request to the extent it seeks information the disclosure of which

13  would implicate the rights of third parties to protect private, confidential,

14  proprietary or trade secret information. Larian also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege. Larian also objects to this request

18  to the extent that it seeks documents not in Larian's possession, custody or control.

19         Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 22:**

26         All DOCUMENTS RELATING TO any payment or transfer of

27  anything of value made to or on behalf of BRYANT prior to October 21, 2000 or

28  for work or services performed by BRYANT prior to October 21, 2000 regardless

EXHIBIT _15_ PAGE _5/5_ - 25 -

1  of when such payment was actually made.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

3       Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein. Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence. Larian also specifically

8  objects to this request on the grounds that it is overbroad, including, without

9  limitation, in that it asks for documents that refer or relate to "any payment or

10  transfer. . .on behalf of Bryant" without regard to what such payment might relate

11  to. Larian also objects to this request on the grounds that it is vague and ambiguous

12  in that Larian cannot determine what is meant by "payment or transfer. . . on behalf

13  of Bryant." Larian also objects to this request to the extent it seeks information the

14  disclosure of which would implicate the rights of third parties to protect private,

15  confidential, proprietary or trade secret information. Larian also objects to this

16  request on the grounds that it seeks confidential, proprietary or commercially

17  sensitive information, the disclosure of which would be inimical to the business

18  interests of Larian and one or more third parties. Larian also objects to this request

19  to the extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22       Subject to the foregoing, Larian will produce all documents within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28

EXHIBIT _15_ PAGE _516_  - 26 -

1    **REQUEST FOR PRODUCTION NO. 23:**

2         ALL DOCUMENTS RELATING TO any agreement or contract

3    between YOU or MGA, on the one hand, and BRYANT, on the other hand,

4    including without limitation all drafts thereof, all actual or proposed amendments,

5    modifications and revisions thereto and all COMMUNICATIONS RELATING

6    thereto.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

8         Larian incorporates by reference the above-stated general objections as

9    if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably

12   calculated to lead to the discovery of admissible evidence.  Larian also objects to

13   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

14   in seeking all documents that refer or relate to any agreement or contract between

15   Larian or MGA and Bryant.  Larian also objects to this request on the grounds that

16   it seeks confidential, proprietary or commercially sensitive information, the

17   disclosure of which would be inimical to the business interests of Larian and one or

18   more third parties.  Larian also objects to this request to the extent it calls for the

19   disclosure of attorney-client privileged information or information protected from

20   disclosure by the work-product doctrine, joint defense or common interest

21   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

22   information the disclosure of which would implicate the rights of third parties to

23   protect private, confidential, proprietary or trade secret information. Larian also

24   objects to this request to the extent that it seeks documents not in Larian's

25   possession, custody or control.

26        Subject to the foregoing, Larian will produce all documents within his

27   possession, custody, or control that are responsive to the request, if any, and that

28   have not already been produced, that he discovers in the course of his reasonable

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  search and diligent inquiry, and to which no privilege or other protection applies,

2  including without limitation, the attorney-client privilege or attorney's work

3  product doctrine.

4  **REQUEST FOR PRODUCTION NO. 24:**

5       All doll heads, sculpts, prototypes, models, samples and tangible items

6  that were created, prepared or made, whether in whole or in part, prior to December

7  31, 2001 RELATING TO BRATZ.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

9       Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian specifically

14  objects to this request to the extent that it seeks tangible items not within Larian's

15  possession, custody or control.  Larian also objects to this request to the extent it

16  seeks information the disclosure of which would implicate the rights of third parties

17  to protect private, confidential, proprietary or trade secret information.  Larian also

18  specifically objects to this request on the grounds that it seeks confidential,

19  proprietary, or commercially sensitive information, the disclosure of which would

20  be inimical to the business interests of Larian and one or more third parties.  Larian

21  also objects to this request to the extent it calls for the disclosure of attorney-client

22  privileged information or information protected from disclosure by the work-

23  product doctrine, joint defense or common interest privilege, or other privilege.

24       Subject to the foregoing, Larian will make available for inspection all

25  items within his possession, custody, or control that are responsive to the request, if

26  any, and that have not already been produced, that he discovers in the course of his

27  reasonable search and diligent inquiry, and to which no privilege or other protection

28  applies, including without limitation, the attorney-client privilege or attorney's

EXHIBIT 15 PAGE 518 - 28 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  work product doctrine.

2  **REQUEST FOR PRODUCTION NO. 25:**

3        All doll heads, sculpts, prototypes, models, samples and tangible items

4  that were created, prepared or made, whether in whole or in part, prior to December

5  31, 2001 RELATING TO ANGEL.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

7        Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein. Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence. Larian also objects to

12  this request on the grounds that it seeks tangible items not within Larian's

13  possession, custody or control. Larian also objects to this request to the extent it

14  seeks information the disclosure of which would implicate the rights of third parties

15  to protect private, confidential, proprietary or trade secret information. Larian also

16  specifically objects to this request on the grounds that it seeks confidential,

17  proprietary, or commercially sensitive information, the disclosure of which would

18  be inimical to the business interests of Larian and one or more third parties. Larian

19  also objects to this request to the extent it calls for the disclosure of attorney-client

20  privileged information or information protected from disclosure by the work

21  product doctrine, joint defense or common interest privilege, or other privilege.

22        Subject to the foregoing, Larian will produce all items within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28

EXHIBIT _15_ PAGE _519_ - 29 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **REQUEST FOR PRODUCTION NO. 26:**

2         All DOCUMENTS RELATING TO each and every sculpt of BRATZ

3    (including without limitation any model, prototype or sample thereof) prior to June

4    1, 2001.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

6         Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably

10   calculated to lead to the discovery of admissible evidence.  Larian specifically

11   objects to this request to the extent it seeks information the disclosure of which

12   would implicate the rights of third parties to protect private, confidential,

13   proprietary or trade secret information.  Larian also objects to this request on the

14   grounds that it seeks confidential, proprietary or commercially sensitive

15   information, the disclosure of which would be inimical to the business interests of

16   Larian and one or more third parties.  Larian also objects to this request to the

17   extent it calls for the disclosure of attorney-client privileged information or

18   information protected from disclosure by the work-product doctrine, joint defense

19   or common interest privilege, or other privilege.

20        Subject to the foregoing, Larian will produce all documents within his

21   possession, custody, or control that are responsive to the request, if any, and that

22   have not already been produced, that he discovers in the course of his reasonable

23   search and diligent inquiry, and to which no privilege or other protection applies,

24   including without limitation, the attorney-client privilege or attorney's work

25   product doctrine.

26   **REQUEST FOR PRODUCTION NO. 27:**

27        All DOCUMENTS RELATING TO each and every sculpt of ANGEL

28   (including without limitation any model, prototype or sample thereof).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents relating to Angel within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 30, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

EXHIBIT *15* PAGE *591*   - 31 -

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

2           Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein.  Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence.  Larian specifically

7   objects to this request to the extent it seeks information the disclosure of which

8   would implicate the rights of third parties to protect private, confidential,

9   proprietary or trade secret information.  Larian also objects to this request on the

10  grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties.  Larian also objects to this request on the

13  grounds that it is vague and ambiguous in that Larian cannot determine what is

14  meant by "mold . . . (including without limitation any model, prototype or sample

15  thereof)."  Larian also objects to this request to the extent it calls for the disclosure

16  of attorney-client privileged information or information protected from disclosure

17  by the work-product doctrine, joint defense or common interest privilege, or other

18  privilege.

19          Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 29:**

26          DOCUMENTS sufficient to show when any mold for ANGEL

27  (including without limitation for any model, prototype or sample thereof) was first

28  ordered, requested, procured, fabricated, prepared and produced.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

2           Larian incorporates by reference the above-stated general objections as

3    if fully set forth herein.  Larian also specifically objects to this request on the

4    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably

6    calculated to lead to the discovery of admissible evidence.  Larian also specifically

7    objects to this request on the grounds that it is overbroad in that is it not limited as

8    to time.  Larian also objects to this request to the extent it seeks information the

9    disclosure of which would implicate the rights of third parties to protect private,

10   confidential, proprietary or trade secret information.  Larian also objects to this

11   request on the grounds that it seeks confidential, proprietary or commercially

12   sensitive information, the disclosure of which would be inimical to the business

13   interests of Larian and one or more third parties.  Larian also objects to this request

14   on the grounds that it is vague and ambiguous in that Larian cannot determine what

15   is meant by "mold . . . (including without limitation any model, prototype or sample

16   thereof)."  Larian also objects to this request to the extent it calls for the disclosure

17   of attorney-client privileged information or information protected from disclosure

18   by the work-product doctrine, joint defense or common interest privilege, or other

19   privilege.

20          Subject to the foregoing, Larian will produce all documents within his

21   possession, custody, or control that are responsive to the request, if any, and that

22   have not already been produced, that he discovers in the course of his reasonable

23   search and diligent inquiry, and to which no privilege or other protection applies,

24   including without limitation, the attorney-client privilege or attorney's work

25   product doctrine.

26   **REQUEST FOR PRODUCTION NO. 30:**

27          All DOCUMENTS RELATING TO any showing, presentation or

28   exhibition, or any proposed, offered or requested showing, presentation or

EXHIBIT _15_ PAGE _523_   - 33 -

1    exhibition, of BRATZ (including without limitation any model, prototype or sample

2    thereof) prior to June 30, 2001.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

4              Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.  Larian also specifically

9    objects to this request on the grounds that it seeks information not relevant to the

10   subject matter of this lawsuit or reasonably calculated to lead to the discovery of

11   admissible evidence, including, without limitation, in that it potentially extends to

12   every communication having to do with, for example, any Toy Fair to which Larian

13   or MGA brought, or considered bringing, Bratz during the stated time frame, and is,

14   thus, also overbroad, unduly burdensome and oppressive.  Larian also objects to

15   this request on the grounds that it is vague and ambiguous in that Larian cannot

16   determine what is meant by "showing, presentation or exhibition."  Larian also

17   objects to this request to the extent it seeks information the disclosure of which

18   would implicate the rights of third parties to protect private, confidential,

19   proprietary or trade secret information.  Larian further objects to this request on the

20   grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

23   attorney-client privileged information or information protected from disclosure by

24   the work-product doctrine, joint defense or common interest privilege, or other

25   privilege.

26             Subject to the foregoing, Larian will produce all documents within his

27   possession, custody, or control that are responsive to the request, if any, and that

28   have not already been produced, that he discovers in the course of his reasonable

EXHIBIT _15_ PAGE_524_    - 34 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  search and diligent inquiry, and to which no privilege or other protection applies,

2  including without limitation, the attorney-client privilege or attorney's work

3  product doctrine.

4  **REQUEST FOR PRODUCTION NO. 31:**

5          DOCUMENTS sufficient to show when ANGEL (including without

6  limitation any model, prototype or sample thereof) was first exhibited, shown or

7  presented to any third party.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

9          Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein. Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence. Larian also objects to

14  this request on the grounds that it is vague and ambiguous in that Larian cannot

15  determine what is meant by "mold…(including without limitation any model,

16  prototype or sample thereof)." Larian also objects to this request to the extent it

17  seeks information the disclosure of which would implicate the rights of third parties

18  to protect private, confidential, proprietary or trade secret information. Larian also

19  objects to this request on the grounds that it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of Larian and one or more third parties. Larian also objects to

22  this request to the extent it calls for the disclosure of attorney-client privileged

23  information or information protected from disclosure by the work-product doctrine,

24  joint defense or common interest privilege, or other privilege.

25          Subject to the foregoing, Larian will produce all documents within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

EXHIBIT _15_ PAGE_525_   - 35 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   including without limitation, the attorney-client privilege or attorney's work

2   product doctrine.

3   **REQUEST FOR PRODUCTION NO. 32:**

4       All COMMUNICATIONS between YOU or MGA and any

5   wholesaler, distributor, and/or retailer RELATING TO BRATZ prior to December

6   31, 2001.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

8       Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein. Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence. Larian also specifically

13  objects to this request on the grounds that it is overbroad, unduly burdensome and

14  oppressive, without limitation, in potentially extending to communications that a

15  wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds

16  of employees, agents or representatives, and regardless of whether any such

17  communication is related in any way to the subject matter of this lawsuit. Larian

18  also objects to this request to the extent it seeks information the disclosure of which

19  would implicate the rights of third parties to protect private, confidential,

20  proprietary or trade secret information. Larian also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  Larian and one or more third parties. Larian also objects to this request to the

24  extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.

27      Subject to the foregoing, Larian will produce all communications

28  made prior to June 1, 2001 within his possession, custody, or control that are

EXHIBIT _15_ PAGE _52_ - 36 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  responsive to the request, if any, and that have not already been produced, that he

2  discovers in the course of his reasonable search and diligent inquiry, and to which

3  no privilege or other protection applies, including without limitation, the attorney-

4  client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 33:**

6         All COMMUNICATIONS between YOU or MGA and any

7  wholesaler, distributor, and/or retailer RELATING TO ANGEL.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

9         Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein. Larian also specifically objects to this request on the

11  grounds that it seeks information not relevant to the subject matter of this lawsuit or

12  reasonably calculated to lead to the discovery of admissible evidence including,

13  without limitation, in that is seeks information related to an MGA product not at

14  issue in this lawsuit. Larian also objects to this request on the grounds that it is

15  overbroad, unduly burdensome and oppressive, without limitation, in potentially

16  extending to communications that a wholesaler, distributor, and/or retailer may

17  have had with any of MGA's hundreds of employees, agents or representatives, and

18  regardless of whether any such communication is related in any way to the subject

19  matter of this lawsuit. Larian also objects to this request to the extent it seeks

20  information the disclosure of which would implicate the rights of third parties to

21  protect private, confidential, proprietary or trade secret information. Larian also

22  objects to this request on the grounds that it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of Larian and one or more third parties. Larian also objects to

25  this request to the extent it calls for the disclosure of attorney-client privileged

26  information or information protected from disclosure by the work-product doctrine,

27  joint defense or common interest privilege, or other privilege.

28         Subject to the foregoing, Larian will produce documents within his

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  possession, custody, or control that are sufficient to identify when Larian or MGA

2  first contacted any manufacturer, or any contemplated, proposed or potential

3  manufacturer, for the manufacture of ANGEL, if any, and that have not already

4  been produced, that he discovers in the course of his reasonable search and diligent

5  inquiry, and to which no privilege or other protection applies, including without

6  limitation, the attorney-client privilege or attorney's work product doctrine.

7  **REQUEST FOR PRODUCTION NO. 34:**

8        All DOCUMENTS RELATING TO when and where BRATZ

9  (including without limitation any model, prototype or sample thereof) was first

10  marketed to any wholesaler, distributor and/or retailer.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

12        Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also specifically

17  objects to this request on the grounds that it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to

19  the business interests of Larian.  Larian also objects to this request to the extent it

20  seeks information the disclosure of which would implicate the rights of third parties

21  to protect private, confidential, proprietary or trade secret information.  Larian also

22  objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-

24  product doctrine, joint defense or common interest privilege, or other privilege.

25        Subject to the foregoing, Larian will produce all documents within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

EXHIBIT _15_ PAGE _528_

- 38 -

1 | including without limitation, the attorney-client privilege or attorney's work

2 | product doctrine.

3 | **REQUEST FOR PRODUCTION NO. 35:**

4 | All DOCUMENTS RELATING TO when and where ANGEL

5 | (including without limitation any model, prototype or sample thereof) was first

6 | marketed to any wholesaler, distributor and/or retailer.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

8 | Larian incorporates by reference the above-stated general objections as

9 | if fully set forth herein. Larian also specifically objects to this request on the

10 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11 | information not relevant to the subject matter of this lawsuit or reasonably

12 | calculated to lead to the discovery of admissible evidence. Larian also objects to

13 | this request on the grounds that it seeks confidential, proprietary or commercially

14 | sensitive information, the disclosure of which would be inimical to the business

15 | interests of Larian and one or more third parties. Larian also objects to this request

16 | to the extent it seeks information the disclosure of which would implicate the rights

17 | of third parties to protect private, confidential, proprietary or trade secret

18 | information. Larian also objects to this request to the extent it calls for the

19 | disclosure of attorney-client privileged information or information protected from

20 | disclosure by the work-product doctrine, joint defense or common interest

21 | privilege, or other privilege.

22 | Subject to the foregoing, Larian will produce documents within his

23 | possession, custody, or control that are sufficient to show when and where ANGEL

24 | was first marketed for sale by Larian or MGA to any wholesaler, distributor and/or

25 | retailer, if any, and that have not already been produced, that he discovers in the

26 | course of his reasonable search and diligent inquiry, and to which no privilege or

27 | other protection applies, including without limitation, the attorney-client privilege

28 | or attorney's work product doctrine.

EXHIBIT _15_ PAGE _529_ - 39 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 36:**

2           DOCUMENTS sufficient to show when and where BRATZ was first

3   shipped, distributed and sold.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

5           Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence.  Larian also specifically

10  objects to this request to the extent it seeks information the disclosure of which

11  would implicate the rights of third parties to protect private, confidential,

12  proprietary or trade secret information.  Larian also objects to this request on the

13  grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of

15  Larian and one or more third parties.  Larian also objects to this request to the

16  extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense

18  or common interest privilege, or other privilege.

19          Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 37:**

26          DOCUMENTS sufficient to show when and where ANGEL was first

27  shipped, distributed and sold.

28

EXHIBIT *15* PAGE *530*   - 40 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

2      Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also specifically

7  objects to this request to the extent it seeks information the disclosure of which

8  would implicate the rights of third parties to protect private, confidential,

9  proprietary or trade secret information.  Larian also objects to this request to the

10  extent it seeks information the disclosure of which would implicate the rights of

11  third parties to protect private, confidential, proprietary or trade secret information.

12  Larian also objects to this request on the grounds that it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would

14  be inimical to the business interests of Larian and one or more third parties.  Larian

15  also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18      Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, and to which no privilege or other protection applies,

22  including without limitation, the attorney-client privilege or attorney's work

23  product doctrine.

24  **REQUEST FOR PRODUCTION NO. 38:**

25      All DOCUMENTS RELATING TO the licensing, including without

26  limitation the proposed, offered or requested licensing, of BRATZ prior to

27  December 31, 2001.

28

EXHIBIT _15_ PAGE _531_ - 41 -

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

2       Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also specifically

7  objects to this request on the grounds that it seeks information in violation of the

8  right of privacy.  Larian also objects to this request on the grounds that it seeks

9  confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of Larian and one or more third

11  parties.  Larian also objects to this request to the extent it calls for the disclosure of

12  attorney-client privileged information or information protected from disclosure by

13  the work-product doctrine, joint defense or common interest privilege, or other

14  privilege.  Larian also objects to this request to the extent it seeks documents not

15  within Larian's possession, custody or control.

16       Subject to the foregoing, Larian will produce all documents within his

17  possession, custody, or control that are responsive to the request, if any, and that

18  have not already been produced, that he discovers in the course of his reasonable

19  search and diligent inquiry, and to which no privilege or other protection applies,

20  including without limitation, the attorney-client privilege or attorney's work

21  product doctrine.

22  **REQUEST FOR PRODUCTION NO. 39:**

23       All COMMUNICATIONS between YOU or MGA and any

24  manufacturer, or any contemplated, proposed or potential manufacturer,

25  RELATING TO BRATZ prior to December 31, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

27       Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

EXHIBIT _15_ PAGE _532_ - 42 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
2  information not relevant to the subject matter of this lawsuit or reasonably
3  calculated to lead to the discovery of admissible evidence.  Larian also specifically
4  objects to this request to the extent it seeks information the disclosure of which
5  would implicate the rights of third parties to protect private, confidential,
6  proprietary or trade secret information.  Larian also objects to this request on the
7  grounds that it seeks confidential, proprietary or commercially sensitive
8  information, the disclosure of which would be inimical to the business interests of
9  Larian and one or more third parties.  Larian also objects to this request to the
10  extent it calls for the disclosure of attorney-client privileged information or
11  information protected from disclosure by the work-product doctrine, joint defense
12  or common interest privilege, or other privilege. ·

13          Subject to the foregoing, Larian will produce all documents within his
14  possession, custody, or control that are responsive to the request, if any, and that
15  have not already been produced, that he discovers in the course of his reasonable
16  search and diligent inquiry, and to which no privilege or other protection applies,
17  including without limitation, the attorney-client privilege or attorney's work
18  product doctrine.

19  **REQUEST FOR PRODUCTION NO. 40:**

20          DOCUMENTS sufficient to identify when YOU or MGA first
21  contacted any manufacturer, or any contemplated, proposed or potential
22  manufacturer, for the production or manufacture of ANGEL.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

24          Larian incorporates by reference the above-stated general objections as
25  if fully set forth herein.  Larian also specifically objects to this request on the
26  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks
27  information not relevant to the subject matter of this lawsuit or reasonably
28  calculated to lead to the discovery of admissible evidence including, without

EXHIBIT _15_ PAGE _533_

- 43 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  limitation, in that it seeks information related to an MGA product not at issue in this

2  lawsuit, and in that the manufacturer of Angel has nothing whatsoever to do with

3  Bryant, Mattel, or this lawsuit.  Larian also objects to this request to the extent it

4  seeks information the disclosure of which would implicate the rights of third parties

5  to protect private, confidential, proprietary or trade secret information.  Larian also

6  objects to this request on the grounds that it seeks confidential, proprietary or

7  commercially sensitive information, the disclosure of which would be inimical to

8  the business interests of Larian and one or more third parties.  Larian also objects to

9  this request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege.

12          Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 41:**

19          All COMMUNICATIONS between YOU or MGA and any PERSON

20  that REFER OR RELATE TO the distribution or proposed or potential distribution

21  of BRATZ prior to December 31, 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also specifically

28  objects to this request to the extent it seeks information the disclosure of which

EXHIBIT _15_ PAGES_34_   - 44 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    would implicate the rights of third parties to protect private, confidential,

2    proprietary or trade secret information. Larian also objects to this request on the

3    grounds that it seeks confidential, proprietary or commercially sensitive

4    information, the disclosure of which would be inimical to the business interests of

5    Larian and one or more third parties.  Larian also objects to this request to the

6    extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense

8    or common interest privilege, or other privilege.

9           Subject to the foregoing, Larian will produce all communications

10   made prior to June 1, 2001 within his possession, custody, or control that are

11   responsive to the request, if any, and that have not already been produced, that he

12   discovers in the course of his reasonable search and diligent inquiry, and to which

13   no privilege or other protection applies, including without limitation, the attorney-

14   client privilege or attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 42:**

16          All DOCUMENTS RELATING TO the performance of any

17   agreement or contract between YOU or MGA, on the one hand, and BRYANT, on

18   the other hand.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

20          Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein.  Larian also specifically objects to this request on the

22   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence.  Larian also specifically

25   objects to this request on the grounds that it is overbroad, unduly burdensome, and

26   oppressive in seeking all documents that refer or relate to the performance of any

27   agreement or contract between MGA and Bryant.  Larian also objects to this

28   request on the grounds that it seeks confidential, proprietary or commercially

EXHIBIT *15* PAGE *535*   - 45 -

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of Larian and one or more third parties.  Larian also objects to this request

3  to the extent it seeks information the disclosure of which would implicate the rights

4  of third parties to protect private, confidential, proprietary or trade secret

5  information.  Larian also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest

8  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

9  documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11  possession, custody, or control that are responsive to the request, if any, and that

12  have not already been produced, that he discovers in the course of his reasonable

13  search and diligent inquiry, and to which no privilege or other protection applies,

14  including without limitation, the attorney-client privilege or attorney's work

15  product doctrine.

16  **REQUEST FOR PRODUCTION NO. 43:**

17          All DOCUMENTS RELATING TO the agreement dated as of

18  September 18, 2000 between MGA and BRYANT, including without limitation all

19  drafts thereof, any actual or proposed modifications, amendments or revisions

20  thereto and all COMMUNICATIONS RELATING thereto.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also specifically

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT *15* PAGE *536*

- 46 -

1   the business interests of Larian.  Larian also objects to this request to the extent it

2   seeks information the disclosure of which would implicate the rights of third parties

3   to protect private, confidential, proprietary or trade secret information.  Larian also

4   objects to this request to the extent it calls for the disclosure of attorney-client

5   privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7   Larian also objects to this request to the extent it seeks documents not within

8   Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce all documents within his

10   possession, custody, or control that are responsive to the request, if any, and that

11   have not already been produced, that he discovers in the course of his reasonable

12   search and diligent inquiry, and to which no privilege or other protection applies,

13   including without limitation, the attorney-client privilege or attorney's work

14   product doctrine.

15   **REQUEST FOR PRODUCTION NO. 44:**

16          All DOCUMENTS RELATING TO the Modification and Clarification

17   of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

18   including without limitation all drafts thereof, any actual or proposed modifications,

19   amendments or revisions thereto and all COMMUNICATIONS RELATING

20   thereto.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

22          Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein.  Larian also specifically objects to this request on the

24   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence.  Larian also specifically

27   objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT _15_ PAGE _537_   - 47 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 the business interests of Larian. Larian also objects to this request to the extent it

2 seeks information the disclosure of which would implicate the rights of third parties

3 to protect private, confidential, proprietary or trade secret information. Larian also

4 objects to this request to the extent it calls for the disclosure of attorney-client

5 privileged information or information protected from disclosure by the work-

6 product doctrine, joint defense or common interest privilege, or other privilege.

7 Larian also objects to this request to the extent it seeks documents not within

8 Larian's possession, custody or control.

9 Subject to the foregoing, Larian will produce all documents within his

10 possession, custody, or control that are responsive to the request, if any, and that

11 have not already been produced, that he discovers in the course of his reasonable

12 search and diligent inquiry, and to which no privilege or other protection applies,

13 including without limitation, the attorney-client privilege or attorney's work

14 product doctrine.

15 **REQUEST FOR PRODUCTION NO. 45:**

16 All DOCUMENTS RELATING TO the agreement dated April 2001

17 between MGA and BRYANT, including without limitation all drafts thereof, any

18 actual or proposed modifications, amendments or revisions thereto and all

19 COMMUNICATIONS RELATING thereto.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

21 Larian incorporates by reference the above-stated general objections as

22 if fully set forth herein. Larian also specifically objects to this request on the

23 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24 information not relevant to the subject matter of this lawsuit or reasonably

25 calculated to lead to the discovery of admissible evidence. Larian also objects to

26 this request on the grounds that it seeks confidential, proprietary or commercially

27 sensitive information, the disclosure of which would be inimical to the business

28 interests of Larian and one or more third parties. Larian also objects to this request

15 PAGE 538   - 48 -

1   to the extent it seeks information the disclosure of which would implicate the rights

2   of third parties to protect private, confidential, proprietary or trade secret

3   information. Larian also objects to this request to the extent it calls for the

4   disclosure of attorney-client privileged information or information protected from

5   disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege. Larian also objects to this request to the extent it seeks

7   documents not within Larian's possession, custody or control.

8         Subject to the foregoing, Larian will produce all documents within his

9   possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 46:**

15        All DOCUMENTS that RELATING TO any agreement or contract

16  that REFERS AND RELATES TO BRATZ between Isaac Larian and any

17  PERSON (including without limitation MGA), including without limitation all

18  drafts thereof, all actual or proposed amendments, modifications and revisions

19  thereto and all COMMUNICATIONS RELATING thereto.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

21        Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence. Larian also objects to

26  this request to the extent it seeks information the disclosure of which would

27  implicate the rights of third parties to protect private, confidential, proprietary or

28  trade secret information. Larian also objects to this request on the grounds that it

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)