1    seeks confidential, proprietary or commercially sensitive information, the

2    disclosure of which would be inimical to the business interests of Larian and one or

3    more third parties.  Larian also objects to this request to the extent it calls for the

4    disclosure of attorney-client privileged information or information protected from

5    disclosure by the work-product doctrine, joint defense or common interest

6    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7    documents not within Larian's possession, custody or control.

8           Subject to the foregoing, Larian will produce all documents within his

9    possession, custody, or control that are responsive to the request, if any, and that

10   have not already been produced, that he discovers in the course of his reasonable

11   search and diligent inquiry, and to which no privilege or other protection applies,

12   including without limitation, the attorney-client privilege or attorney's work

13   product doctrine.

14   **REQUEST FOR PRODUCTION NO. 47:**

15          All DOCUMENTS RELATING TO the performance of any

16   agreement or contract that REFERS AND RELATES TO BRATZ between Isaac

17   Larian and any PERSON (including without limitation MGA).

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

19          Larian incorporates by reference the above-stated general objections as

20   if fully set forth herein.  Larian also specifically objects to this request on the

21   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably

23   calculated to lead to the discovery of admissible evidence.  Larian also objects to

24   this request to the extent it seeks information the disclosure of which would

25   implicate the rights of third parties to protect private, confidential, proprietary or

26   trade secret information.  Larian also objects to this request on the grounds that it

27   seeks confidential, proprietary or commercially sensitive information, the

28   disclosure of which would be inimical to the business interests of Larian and one or

EXHIBIT _15_ PAGE _540_                                    - 50 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   more third parties. Larian also objects to this request to the extent it calls for the

2   disclosure of attorney-client privileged information or information protected from

3   disclosure by the work-product doctrine, joint defense or common interest

4   privilege, or other privilege. Larian also objects to this request to the extent it seeks

5   documents not within Larian's possession, custody or control.

6          Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 48:**

13         All DOCUMENTS that REFER OR RELATE TO any agreement or

14  contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

15  any PERSON (including without limitation MGA), including without limitation all

16  drafts thereof, all actual or proposed amendments, modifications and revisions

17  thereto and all COMMUNICATIONS RELATING thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

19         Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence. Larian also objects to

24  this request to the extent it seeks information the disclosure of which would

25  implicate the rights of third parties to protect private, confidential, proprietary or

26  trade secret information. Larian also objects to this request on the grounds that it

27  seeks confidential, proprietary or commercially sensitive information, the

28  disclosure of which would be inimical to the business interests of Larian and one or

EXHIBIT 15 PAGE 541 - 51 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    more third parties. Larian also objects to this request to the extent it calls for the

2    disclosure of attorney-client privileged information or information protected from

3    disclosure by the work-product doctrine, joint defense or common interest

4    privilege, or other privilege. Larian also objects to this request to the extent it seeks

5    documents not within Larian's possession, custody or control.

6            Subject to the foregoing, Larian will produce all documents within his

7    possession, custody, or control that are responsive to the request, if any, and that

8    have not already been produced, that he discovers in the course of his reasonable

9    search and diligent inquiry, and to which no privilege or other protection applies,

10   including without limitation, the attorney-client privilege or attorney's work

11   product doctrine.

12   **REQUEST FOR PRODUCTION NO. 49:**

13           All DOCUMENTS RELATING TO the performance of any

14   agreement or contract that REFERS AND RELATES TO BRYANT between Isaac

15   Larian and any PERSON (including without limitation MGA).

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein. Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence. Larian also objects to

22   this request to the extent it seeks information the disclosure of which would

23   implicate the rights of third parties to protect private, confidential, proprietary or

24   trade secret information. Larian also objects to this request on the grounds that it

25   seeks confidential, proprietary or commercially sensitive information, the

26   disclosure of which would be inimical to the business interests of Larian and one or

27   more third parties. Larian also objects to this request to the extent it calls for the

28   disclosure of attorney-client privileged information or information protected from

1    disclosure by the work-product doctrine, joint defense or common interest

2    privilege, or other privilege. Larian also objects to this request to the extent it seeks

3    documents not within Larian's possession, custody or control.

4           Subject to the foregoing, Larian will produce all documents within his

5    possession, custody, or control that are responsive to the request, if any, and that

6    have not already been produced, that he discovers in the course of his reasonable

7    search and diligent inquiry, and to which no privilege or other protection applies,

8    including without limitation, the attorney-client privilege or attorney's work

9    product doctrine.

10    **REQUEST FOR PRODUCTION NO. 50:**

11           All DOCUMENTS that REFER OR RELATE TO any agreement or

12    contract that REFERS AND RELATES TO BRATZ between any FAMILY

13    MEMBER of Isaac Larian and any PERSON (including without limitation MGA

14    and/or Isaac Larian), including without limitation all drafts thereof, all actual or

15    proposed amendments, modifications and revisions thereto and all

16    COMMUNICATIONS RELATING thereto.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

18           Larian incorporates by reference the above-stated general objections as

19    if fully set forth herein. Larian also specifically objects to this request on the

20    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21    information not relevant to the subject matter of this lawsuit or reasonably

22    calculated to lead to the discovery of admissible evidence. Larian also objects to

23    this request to the extent it seeks information the disclosure of which would

24    implicate the rights of third parties to protect private, confidential, proprietary or

25    trade secret information. Larian also objects to this request on the grounds that it

26    seeks confidential, proprietary or commercially sensitive information, the

27    disclosure of which would be inimical to the business interests of Larian and one or

28    more third parties. Larian also objects to this request to the extent it calls for the

EXHIBIT 15 PAGE 543 - 53 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    disclosure of attorney-client privileged information or information protected from

2    disclosure by the work-product doctrine, joint defense or common interest

3    privilege, or other privilege. Larian also objects to this request to the extent it seeks

4    documents not within Larian's possession, custody or control.

5            Subject to the foregoing, Larian will produce all documents within his

6    possession, custody, or control that are responsive to the request, if any, and that

7    have not already been produced, that he discovers in the course of his reasonable

8    search and diligent inquiry, and to which no privilege or other protection applies,

9    including without limitation, the attorney-client privilege or attorney's work

10   product doctrine.

11   **REQUEST FOR PRODUCTION NO. 51:**

12           All DOCUMENTS RELATING TO the performance of any

13   agreement or contract that REFERS AND RELATES TO BRATZ between any

14   FAMILY MEMBER of Isaac Larian and any PERSON (including without

15   limitation MGA and/or Isaac Larian).

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein. Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence. Larian also objects to

22   this request to the extent it seeks information the disclosure of which would

23   implicate the rights of third parties to protect private, confidential, proprietary or

24   trade secret information. Larian also objects to this request on the grounds that it

25   seeks confidential, proprietary or commercially sensitive information, the

26   disclosure of which would be inimical to the business interests of Larian and one or

27   more third parties. Larian also objects to this request to the extent it calls for the

28   disclosure of attorney-client privileged information or information protected from

EXHIBIT 15 PAGE 544

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  disclosure by the work-product doctrine, joint defense or common interest

2  privilege, or other privilege. Larian also objects to this request to the extent it seeks

3  documents not within Larian's possession, custody or control.

4  Subject to the foregoing, Larian will produce all documents within his

5  possession, custody, or control that are responsive to the request, if any, and that

6  have not already been produced, that he discovers in the course of his reasonable

7  search and diligent inquiry, and to which no privilege or other protection applies,

8  including without limitation, the attorney-client privilege or attorney's work

9  product doctrine.

10  **REQUEST FOR PRODUCTION NO. 52:**

11  All DOCUMENTS RELATING TO any agreement or contract that

12  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of

13  Isaac Larian and any PERSON (including without limitation MGA and/or Isaac

14  Larian), including without limitation all drafts thereof, all actual or proposed

15  amendments, modifications and revisions thereto and all COMMUNICATIONS

16  RELATING thereto.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

18  Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein. Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence. Larian also objects to

23  this request to the extent it seeks information the disclosure of which would

24  implicate the rights of third parties to protect private, confidential, proprietary or

25  trade secret information. Larian also objects to this request on the grounds that it

26  seeks confidential, proprietary or commercially sensitive information, the

27  disclosure of which would be inimical to the business interests of Larian and one or

28  more third parties. Larian also objects to this request to the extent it calls for the

1   disclosure of attorney-client privileged information or information protected from

2   disclosure by the work-product doctrine, joint defense or common interest

3   privilege, or other privilege. Larian also objects to this request to the extent it seeks

4   documents not within Larian's possession, custody or control.

5          Subject to the foregoing, Larian will produce all documents within his

6   possession, custody, or control that are responsive to the request, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, and to which no privilege or other protection applies,

9   including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 53:**

12         All DOCUMENTS RELATING TO the performance of any

13  agreement or contract that REFERS AND RELATES TO BRYANT between any

14  FAMILY MEMBER of Isaac Larian and any PERSON (including without

15  limitation MGA and/or Isaac Larian).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request to the extent it seeks information the disclosure of which would

23  implicate the rights of third parties to protect private, confidential, proprietary or

24  trade secret information. Larian also objects to this request on the grounds that it

25  seeks confidential, proprietary or commercially sensitive information, the

26  disclosure of which would be inimical to the business interests of Larian and one or

27  more third parties. Larian also objects to this request to the extent it calls for the

28  disclosure of attorney-client privileged information or information protected from

EXHIBIT _15_ PAGE _546_          - 56 -

1   disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

3   documents not within Larian's possession, custody or control.

4          Subject to the foregoing, Larian will produce all documents within his

5   possession, custody, or control that are responsive to the request, if any, and that

6   have not already been produced, that he discovers in the course of his reasonable

7   search and diligent inquiry, and to which no privilege or other protection applies,

8   including without limitation, the attorney-client privilege or attorney's work

9   product doctrine.

10  **REQUEST FOR PRODUCTION NO. 54:**

11         All DOCUMENTS RELATING TO royalties or payments

12  RELATING TO BRATZ that have been made by any PERSON (including without

13  limitation MGA) to, for or on behalf of Isaac Larian.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein. Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also specifically

20  objects to this request on the grounds that it is overbroad including, without

21  limitation, in that it is not limited as to time of the royalties or payments or as to the

22  individuals who made such royalties or payments, if any.  Larian also objects to this

23  request on the grounds that it is vague and ambiguous, particularly in that Larian

24  cannot determine what is meant by "royalties or payments...on behalf of Isaac

25  Larian." Larian also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would

27  be inimical to the business interests of Larian and one or more third parties.  Larian

28  also objects to this request to the extent it seeks information the disclosure of which

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   would implicate the rights of third parties to protect private, confidential,

2   proprietary or trade secret information.  Larian also objects to this request to the

3   extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6           Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 55:**

13          All DOCUMENTS RELATING TO royalties or payments

14  RELATING TO BRATZ that have been made by any PERSON (without limitation

15  MGA) to, for or on behalf of any FAMILY MEMBER of Isaac Larian.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also specifically

22  objects to this request on the grounds that it is overbroad including, without

23  limitation, in that it is not limited as to time of the royalties or payments or as to the

24  individuals who made such royalties or payments, if any.  Larian also objects to this

25  request on the grounds that it is vague and ambiguous, particularly in that Larian

26  cannot determine what is meant by "royalties or payments…on behalf of any family

27  member."  Larian also objects to this request on the grounds that it seeks

28  confidential, proprietary or commercially sensitive information, the disclosure of

1    which would be inimical to the business interests of Larian and one or more third

2    parties. Larian also objects to this request to the extent it seeks information the

3    disclosure of which would implicate the rights of third parties to protect private,

4    confidential, proprietary or trade secret information. Larian also objects to this

5    request to the extent it calls for the disclosure of attorney-client privileged

6    information or information protected from disclosure by the work-product doctrine,

7    joint defense or common interest privilege, or other privilege. Larian also objects

8    to this request to the extent it seeks documents not within Larian's possession,

9    custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11   possession, custody, or control that are responsive to the request, if any, and that

12   have not already been produced, that he discovers in the course of his reasonable

13   search and diligent inquiry, and to which no privilege or other protection applies,

14   including without limitation, the attorney-client privilege or attorney's work

15   product doctrine.

16   **REQUEST FOR PRODUCTION NO. 56:**

17          All DOCUMENTS RELATING TO DIVA STARZ and RELATING

18   TO any time prior to December 31, 2001 (regardless of when such document was

19   prepared, written, transmitted or received, whether in whole or in part).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein. Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence. Larian also objects to

26   this request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of Larian and one or more third parties. Larian also objects to this request

EXHIBIT *15* PAGE *549* - 59 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   to the extent it seeks information the disclosure of which would implicate the rights
2   of third parties to protect private, confidential, proprietary or trade secret
3   information.  Larian also objects to this request to the extent it calls for the
4   disclosure of attorney-client privileged information or information protected from
5   disclosure by the work-product doctrine, joint defense or common interest
6   privilege, or other privilege.  Larian also objects to this request to the extent it seeks
7   documents not within Larian's possession, custody or control.

8                Subject to the foregoing, Larian will produce all documents within his
9   possession, custody, or control that are responsive to the request, if any, and that
10  have not already been produced, that he discovers in the course of his reasonable
11  search and diligent inquiry, and to which no privilege or other protection applies,
12  including without limitation, the attorney-client privilege or attorney's work
13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 57:**

15               All DOCUMENTS RELATING TO YOUR or MGA's knowledge of
16  DIVA STARZ and RELATING TO any time prior to December 31, 2001
17  (regardless of when such document was prepared, written, transmitted or received,
18  whether in whole or in part).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

20               Larian incorporates by reference the above-stated general objections as
21  if fully set forth herein.  Larian also specifically objects to this request on the
22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
23  information not relevant to the subject matter of this lawsuit or reasonably
24  calculated to lead to the discovery of admissible evidence.  Larian also objects to
25  this request on the grounds that it seeks confidential, proprietary or commercially
26  sensitive information, the disclosure of which would be inimical to the business
27  interests of Larian and one or more third parties.  Larian also objects to this request
28  to the extent it seeks information the disclosure of which would implicate the rights

EXHIBIT *15* PAGE *55*   - 60 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  of third parties to protect private, confidential, proprietary or trade secret

2  information. Larian also objects to this request to the extent it calls for the

3  disclosure of attorney-client privileged information or information protected from

4  disclosure by the work-product doctrine, joint defense or common interest

5  privilege, or other privilege. Larian also objects to this request to the extent it seeks

6  documents not within Larian's possession, custody or control.

7          Subject to the foregoing, Larian will produce all documents within his

8  possession, custody, or control that are responsive to the request, if any, and that

9  have not already been produced, that he discovers in the course of his reasonable

10  search and diligent inquiry, and to which no privilege or other protection applies,

11  including without limitation, the attorney-client privilege or attorney's work

12  product doctrine.

13  **REQUEST FOR PRODUCTION NO. 58:**

14          All DOCUMENTS RELATING TO MATTEL's consideration or

15  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

16  any time prior to December 31, 2001 (regardless of when such document was

17  prepared, written, transmitted or received, whether in whole or in part).

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence. Larian also objects to

24  this request on the grounds that it is vague and ambiguous in that Larian cannot

25  determine what is meant by "proposed use of 'Brats,' 'Chat Brats' or any variation

26  thereon." Larian also objects to this request on the grounds that it seeks

27  confidential, proprietary or commercially sensitive information, the disclosure of

28  which would be inimical to the business interests of Larian and one or more third

EXHIBIT _15_ PAGE_51_    - 61 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   parties.  Larian also objects to this request to the extent it seeks information the

2   disclosure of which would implicate the rights of third parties to protect private,

3   confidential, proprietary or trade secret information.  Larian also objects to this

4   request to the extent it calls for the disclosure of attorney-client privileged

5   information or information protected from disclosure by the work-product doctrine,

6   joint defense or common interest privilege, or other privilege.  Larian also objects

7   to this request to the extent it seeks documents not within Larian's possession,

8   custody or control.

9          Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request, if any, and that

11  have not already been produced, that he discovers in the course of his reasonable

12  search and diligent inquiry, and to which no privilege or other protection applies,

13  including without limitation, the attorney-client privilege or attorney's work

14  product doctrine.

15  **REQUEST FOR PRODUCTION NO. 59:**

16          All DOCUMENTS RELATING TO "Toon Teens."

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also objects to

23  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

24  in seeking all documents relating to "Toon Teens."  Larian also objects to this

25  request on the grounds that it is vague and ambiguous in that Larian cannot

26  determine what is meant by "Toon Teens."  Larian also objects to this request on

27  the grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of

EXHIBIT 15  PAGE 552   - 62 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Larian and one or more third parties.  Larian further objects to this request to the

2    extent it seeks information the disclosure of which would implicate the rights of

3    third parties to protect private, confidential, proprietary or trade secret information.

4    Larian also objects to this request to the extent it calls for the disclosure of attorney-

5    client privileged information or information protected from disclosure by the work-

6    product doctrine, joint defense or common interest privilege, or other privilege.

7    Larian also objects to this request to the extent it seeks documents not within

8    Larian's possession, custody or control.

9            Subject to the foregoing, Larian will produce all documents within his

10   possession, custody, or control that are responsive to the request, if any, and that

11   have not already been produced, that he discovers in the course of his reasonable

12   search and diligent inquiry, and to which no privilege or other protection applies,

13   including without limitation, the attorney-client privilege or attorney's work

14   product doctrine.

15   **REQUEST FOR PRODUCTION NO. 60:**

16           All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

17   "Toon Teens."

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

19           Larian incorporates by reference the above-stated general objections as

20   if fully set forth herein.  Larian also specifically objects to this request on the

21   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably

23   calculated to lead to the discovery of admissible evidence.  Larian also objects to

24   this request on the grounds that it is overbroad, unduly burdensome, in that it is

25   duplicative of request number 59.  Larian also objects to this request on the grounds

26   that it is vague and ambiguous in that Larian cannot determine what is meant by

27   "Toon Teens." Larian also objects to this request on the grounds that it seeks

28   confidential, proprietary or commercially sensitive information, the disclosure of

EXHIBIT *15* PAGE *553*   - 63 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1     which would be inimical to the business interests of Larian and one or more third

2     parties. Larian further objects to this request to the extent it seeks information the

3     disclosure of which would implicate the rights of third parties to protect private,

4     confidential, proprietary or trade secret information. Larian also objects to this

5     request to the extent it calls for the disclosure of attorney-client privileged

6     information or information protected from disclosure by the work-product doctrine,

7     joint defense or common interest privilege, or other privilege. Larian also objects

8     to this request to the extent it seeks documents not within Larian's possession,

9     custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11     possession, custody, or control that are responsive to the request, if any, and that

12     have not already been produced, that he discovers in the course of his reasonable

13     search and diligent inquiry, and to which no privilege or other protection applies,

14     including without limitation, the attorney-client privilege or attorney's work

15     product doctrine.

16     **REQUEST FOR PRODUCTION NO. 61:**

17          All DOCUMENTS, including without limitation

18     COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

19     in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

20     **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

21          Larian incorporates by reference the above-stated general objections as

22     if fully set forth herein. Larian also specifically objects to this request on the

23     grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24     information not relevant to the subject matter of this lawsuit or reasonably

25     calculated to lead to the discovery of admissible evidence. Larian also objects to

26     this request on the grounds that it seeks confidential, proprietary or commercially

27     sensitive information, the disclosure of which would be inimical to the business

28     interests of Larian and one or more third parties. Larian also objects to this request

EXHIBIT *15* PAGE *554*  - 64 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  to the extent it calls for the disclosure of attorney-client privileged information or
2  information protected from disclosure by the work-product doctrine, joint defense
3  or common interest privilege, or other privilege.

4      Subject to the foregoing, Larian will produce all communications
5  made prior to January 1, 2001 within his possession, custody, or control that are
6  responsive to the request, if any, and that have not already been produced, that he
7  discovers in the course of his reasonable search and diligent inquiry, and to which
8  no privilege or other protection applies, including without limitation, the attorney-
9  client privilege or attorney's work product doctrine.

10 **REQUEST FOR PRODUCTION NO. 62:**

11     All DOCUMENTS RELATING TO any actual, potential, proposed,
12 considered or contemplated work, activities or services, including without
13 limitation any freelance work or consulting services, by BRYANT for, with or on
14 behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such
15 DOCUMENT was prepared, created, received or transmitted, whether in whole or
16 in part).

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

18     Larian incorporates by reference the above-stated general objections as
19 if fully set forth herein. Larian also specifically objects to this request on the
20 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
21 information not relevant to the subject matter of this lawsuit or reasonably
22 calculated to lead to the discovery of admissible evidence. Larian also objects to
23 this request on the ground that it is overbroad, unduly burdensome, and oppressive
24 in seeking all documents relating to any work, activities or services that Bryant
25 performed for or with Larian or MGA or on their behalf. Larian also objects to this
26 request on the grounds that it is vague and ambiguous in that Larian cannot
27 determine what is meant by "activities or services" and "with or on behalf of YOU
28 or MGA." Larian will interpret "activities or services" to mean "work or services,"

EXHIBIT 15 PAGE 555 - 65 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 and "with" to mean "on behalf of." Larian also objects to this request on the

2 grounds that it seeks confidential, proprietary or commercially sensitive

3 information, the disclosure of which would be inimical to the business interests of

4 Larian and one or more third parties. Larian also objects to this request to the

5 extent it seeks information the disclosure of which would implicate the rights of

6 third parties to protect private, confidential, proprietary or trade secret information.

7 Larian also objects to this request to the extent it calls for the disclosure of attorney-

8 client privileged information or information protected from disclosure by the work-

9 product doctrine, joint defense or common interest privilege, or other privilege.

10 Larian also objects to this request to the extent it seeks documents not within

11 Larian's possession, custody or control.

12        Subject to the foregoing, Larian will produce all documents within his

13 possession, custody, or control that are responsive to the request and that were

14 created, received or transmitted prior to January 1, 2001, if any, and that have not

15 already been produced, that he discovers in the course of his reasonable search and

16 diligent inquiry, and to which no privilege or other protection applies, including

17 without limitation, the attorney-client privilege or attorney's work product doctrine.

18 **REQUEST FOR PRODUCTION NO. 63:**

19        All DOCUMENTS RELATING TO any actual, potential, proposed,

20 considered or contemplated work, activities or services, including without

21 limitation any freelance work or consulting services, by Anna Rhee for, with or on

22 behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

23 DOCUMENT was prepared, created, received or transmitted, whether in whole or

24 in part).

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

26        Larian incorporates by reference the above-stated general objections as

27 if fully set forth herein. Larian also specifically objects to this request on the

28 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence. Larian also objects to

3   this request on the ground that it is overbroad, unduly burdensome, and oppressive

4   in seeking all documents relating to any work, activities or services that Anna Rhee

5   performed for or with Larian or MGA or on their behalf. Larian also objects to this

6   request on the grounds that it is vague and ambiguous in that Larian cannot

7   determine what is meant by "activities or services" and "with or on behalf of YOU

8   or MGA." Larian will interpret "activities or services" to mean "work or services,"

9   and "with" to mean "on behalf of." Larian also objects to this request to the extent

10  it seeks information the disclosure of which would implicate the rights of third

11  parties to protect private, confidential, proprietary or trade secret information.

12  Larian also objects to this request on the grounds that it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would

14  be inimical to the business interests of Larian and one or more third parties. Larian

15  also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18  Larian also objects to this request to the extent it seeks documents not within

19  Larian's possession, custody or control.

20          Subject to the foregoing, Larian will produce all documents within his

21  possession, custody, or control that are responsive to the request and that either

22  pertain to services performed prior to January 1, 2001 or pertain to work performed

23  on Bratz or Angel, if any, and that have not already been produced, that he

24  discovers in the course of his reasonable search and diligent inquiry, and to which

25  no privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 64:**

28          All DOCUMENTS RELATING TO any actual, potential, proposed,

EXHIBIT _15_ PAGE 557  - 67 -

1   considered or contemplated work, activities or services, including without

2   limitation any freelance work or consulting services, by Veronica Marlow for, with

3   or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

4   such DOCUMENT was prepared, created, received or transmitted, whether in

5   whole or in part).

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

7            Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein. Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence. Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any work, activities or services that Veronica

14  Marlow performed for or with Larian or MGA or on their behalf. Larian also

15  objects to this request on the grounds that it is vague and ambiguous in that Larian

16  cannot determine what is meant by "activities or services" and "with or on behalf of

17  YOU or MGA." Larian will interpret "activities or services" to mean "work or

18  services," and "with" to mean "on behalf of." Larian also objects to this request to

19  the extent it seeks information the disclosure of which would implicate the rights of

20  third parties to protect private, confidential, proprietary or trade secret information.

21  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties. Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27  Larian also objects to this request to the extent it seeks documents not within

28  Larian's possession, custody or control.

EXHIBIT _15_ PAGE _558_   - 68 -

1          Subject to the foregoing, Larian will produce all documents within his

2    possession, custody, or control that are responsive to the request and that either

3    pertain to services performed prior to January 1, 2001 or pertain to work performed

4    on Bratz or Angel, if any, and that have not already been produced, that he

5    discovers in the course of his reasonable search and diligent inquiry, and to which

6    no privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 65:**

9          All DOCUMENTS RELATING TO any actual, potential, proposed,

10    considered or contemplated work, activities or services, including without

11    limitation any freelance work or consulting services, by Sarah Halpern for, with or

12    on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

13    such DOCUMENT prepared, created, received or transmitted, whether in

14    whole or in part).

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

16          Larian incorporates by reference the above-stated general objections as

17    if fully set forth herein.  Larian also specifically objects to this request on the

18    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19    information not relevant to the subject matter of this lawsuit or reasonably

20    calculated to lead to the discovery of admissible evidence.  Larian also objects to

21    this request on the ground that it is overbroad, unduly burdensome, and oppressive

22    in seeking all documents relating to any work, activities or services that Sarah

23    Halpern performed for or with Larian or MGA or on their behalf.  Larian also

24    objects to this request on the grounds that it is vague and ambiguous in that Larian

25    cannot determine what is meant by "activities or services" and "with or on behalf of

26    YOU or MGA."  Larian will interpret "activities or services" to mean "work or

27    services," and "with" to mean "on behalf of."  Larian also objects to this request to

28    the extent it seeks information the disclosure of which would implicate the rights of

EXHIBIT 15 PAGE 559    - 69 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | third parties to protect private, confidential, proprietary or trade secret information.
2 | Larian also objects to this request on the grounds that it seeks confidential,
3 | proprietary or commercially sensitive information, the disclosure of which would
4 | be inimical to the business interests of Larian and one or more third parties.  Larian
5 | also objects to this request to the extent it calls for the disclosure of attorney-client
6 | privileged information or information protected from disclosure by the work-
7 | product doctrine, joint defense or common interest privilege, or other privilege.
8 | Larian also objects to this request to the extent it seeks documents not within
9 | Larian's possession, custody or control.

10 |         Subject to the foregoing, Larian will produce all documents within his
11 | possession, custody, or control that are responsive to the request and that either
12 | pertain to services performed prior to January 1, 2001 or pertain to work performed
13 | on Bratz or Angel, if any, and that have not already been produced, that he
14 | discovers in the course of his reasonable search and diligent inquiry, and to which
15 | no privilege or other protection applies, including without limitation, the attorney-
16 | client privilege or attorney's work product doctrine.

17 | **REQUEST FOR PRODUCTION NO. 66:**

18 |         All DOCUMENTS RELATING TO any actual, potential, proposed,
19 | considered or contemplated work, activities or services, including without
20 | limitation any freelance work or consulting services, by Jesse Ramirez for, with or
21 | on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any
22 | such DOCUMENT was prepared, created, received or transmitted, whether in
23 | whole or in part).

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

25 |         Larian incorporates by reference the above-stated general objections as
26 | if fully set forth herein.  Larian also specifically objects to this request on the
27 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
28 | information not relevant to the subject matter of this lawsuit or reasonably

*15 PAGE 560*  - 70 -

1   calculated to lead to the discovery of admissible evidence. Larian also objects to

2   this request on the ground that it is overbroad, unduly burdensome, and oppressive

3   in seeking all documents relating to any work, activities or services that Jesse

4   Ramirez performed for or with Larian or MGA or on their behalf. Larian also

5   objects to this request on the grounds that it is vague and ambiguous in that Larian

6   cannot determine what is meant by "activities or services" and "with or on behalf of

7   YOU or MGA." Larian will interpret "activities or services" to mean "work or

8   services," and "with" to mean "on behalf of." Larian also objects to this request to

9   the extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian also objects to this request on the grounds that it seeks confidential,

12  proprietary or commercially sensitive information, the disclosure of which would

13  be inimical to the business interests of Larian and one or more third parties. Larian

14  also objects to this request to the extent it calls for the disclosure of attorney-client

15  privileged information or information protected from disclosure by the work-

16  product doctrine, joint defense or common interest privilege, or other privilege.

17  Larian also objects to this request to the extent it seeks documents not within

18  Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request and that either

21  pertain to services performed prior to January 1, 2001 or pertain to work performed

22  on Bratz or Angel, if any, and that have not already been produced, that he

23  discovers in the course of his reasonable search and diligent inquiry, and to which

24  no privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 67:**

27          All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated work, activities or services, including without

EXHIBIT *15* PAGE *561*

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   limitation any freelance work or consulting services, by Margaret Hatch (also

2   known as Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of

3   YOU or MGA prior to December 31, 2001 (regardless of when any such

4   DOCUMENT was prepared, created, received or transmitted, whether in whole or

5   in part).

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

7          Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any work, activities or services that Margaret

14  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for

15  or with Larian or MGA or on their behalf.  Larian also objects to this request on the

16  grounds that it is vague and ambiguous in that Larian cannot determine what is

17  meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian

18  will interpret "activities or services" to mean "work or services," and "with" to

19  mean "on behalf of."  Larian also objects to this request to the extent it seeks

20  information the disclosure of which would implicate the rights of third parties to

21  protect private, confidential, proprietary or trade secret information.  Larian also

22  objects to this request on the grounds that it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of Larian and one or more third parties.  Larian also objects to

25  this request to the extent it calls for the disclosure of attorney-client privileged

26  information or information protected from disclosure by the work-product doctrine,

27  joint defense or common interest privilege, or other privilege.  Larian also objects

28  to this request to the extent it seeks documents not within Larian's possession,

1   custody or control.

2          Subject to the foregoing, Larian will produce all documents within his

3   possession, custody, or control that are responsive to the request and that either

4   pertain to services performed prior to January 1, 2001 or pertain to work performed

5   on Bratz or Angel, if any, and that have not already been produced, that he

6   discovers in the course of his reasonable search and diligent inquiry, and to which

7   no privilege or other protection applies, including without limitation, the attorney-

8   client privilege or attorney's work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 68:**

10         All DOCUMENTS RELATING TO any actual, potential, proposed,

11  considered or contemplated work, activities or services, including without

12  limitation any freelance work or consulting services, by Elise Cloonan for, with or

13  on behalf of YOU or MGA.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein. Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence. Larian also objects to

20  this request on the ground that it is overbroad, unduly burdensome, and oppressive

21  in seeking all documents relating to any work, activities or services that Elise

22  Cloonan performed for or with Larian or MGA or on their behalf, without

23  limitation as to time. Larian also objects to this request on the grounds that it is

24  vague and ambiguous in that Larian cannot determine what is meant by "activities

25  or services" and "with or on behalf of YOU or MGA." Larian will interpret

26  "activities or services" to mean "work or services," and "with" to mean "on behalf

27  of." Larian also objects to this request to the extent it seeks information the

28  disclosure of which would implicate the rights of third parties to protect private,

1   confidential, proprietary or trade secret information.  Larian also objects to this

2   request on the grounds that it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of Larian and one or more third parties.  Larian also objects to this request

5   to the extent it calls for the disclosure of attorney-client privileged information or

6   information protected from disclosure by the work-product doctrine, joint defense

7   or common interest privilege, or other privilege.  Larian also objects to this request

8   to the extent it seeks documents not within Larian's possession, custody or control.

9           Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request and that either

11  pertain to services performed prior to January 1, 2001 or pertain to work performed

12  on Bratz or Angel, if any, and that have not already been produced, that he

13  discovers in the course of his reasonable search and diligent inquiry, and to which

14  no privilege or other protection applies, including without limitation, the attorney-

15  client privilege or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 69:**

17          All DOCUMENTS RELATING TO any actual, potential, proposed,

18  considered or contemplated work, activities or services, including without

19  limitation any freelance work or consulting services, by Maureen Mullen for, with

20  or on behalf of YOU or MGA.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also objects to

27  this request on the ground that it is overbroad, unduly burdensome, and oppressive

28  in seeking all documents relating to any work, activities or services that Maureen

EXHIBIT **15** PAGE **566** - 74 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Mullen performed for or with Larian or MGA or on their behalf, without limitation

2   as to time.  Larian also objects to this request on the grounds that it is vague and

3   ambiguous in that Larian cannot determine what is meant by "activities or services"

4   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

5   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

6   also objects to this request to the extent it seeks information the disclosure of which

7   would implicate the rights of third parties to protect private, confidential,

8   proprietary or trade secret information.  Larian also objects to this request on the

9   grounds that it seeks confidential, proprietary or commercially sensitive

10  information, the disclosure of which would be inimical to the business interests of

11  Larian and one or more third parties.  Larian also objects to this request to the

12  extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege.  Larian also objects to this request

15  to the extent it seeks documents not within Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce all documents within his

17  possession, custody, or control that are responsive to the request and that pertain to

18  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

19  have not already been produced, that he discovers in the course of his reasonable

20  search and diligent inquiry, and to which no privilege or other protection applies,

21  including without limitation, the attorney-client privilege or attorney's work

22  product doctrine.

23  **REQUEST FOR PRODUCTION NO. 70:**

24          All DOCUMENTS RELATING TO any actual, potential, proposed,

25  considered or contemplated work, activities or services, including without

26  limitation any freelance work or consulting services, by Billy Ragsdale for, with or

27  on behalf of YOU or MGA.

28

EXHIBIT 25 PAGE 565   - 75 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

2          Larian incorporates by reference the above-stated general objections as

3 if fully set forth herein. Larian also specifically objects to this request on the

4 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5 information not relevant to the subject matter of this lawsuit or reasonably

6 calculated to lead to the discovery of admissible evidence. Larian also objects to

7 this request on the ground that it is overbroad, unduly burdensome, and oppressive

8 in seeking all documents relating to any work, activities or services that Billy

9 Ragsdale performed for or with Larian or MGA or on their behalf, without

10 limitation as to time. Larian also objects to this request on the grounds that it is

11 vague and ambiguous in that Larian cannot determine what is meant by "activities

12 or services" and "with or on behalf of YOU or MGA." Larian will interpret

13 "activities or services" to mean "work or services," and "with" to mean "on behalf

14 of." Larian also objects to this request to the extent it seeks information the

15 disclosure of which would implicate the rights of third parties to protect private,

16 confidential, proprietary or trade secret information. Larian also objects to this

17 request on the grounds that it seeks confidential, proprietary or commercially

18 sensitive information, the disclosure of which would be inimical to the business

19 interests of Larian and one or more third parties. Larian also objects to this request

20 to the extent it calls for the disclosure of attorney-client privileged information or

21 information protected from disclosure by the work-product doctrine, joint defense

22 or common interest privilege, or other privilege. Larian also objects to this request

23 to the extent it seeks documents not within Larian's possession, custody or control.

24          Subject to the foregoing, Larian will produce all documents within his

25 possession, custody, or control that are responsive to the request and that pertain to

26 work performed on Bratz or Angel prior to December 31, 2001, if any, and that

27 have not already been produced, that he discovers in the course of his reasonable

28 search and diligent inquiry, and to which no privilege or other protection applies,

EXHIBIT _15_ PAGE _566_    - 76 -

1    including without limitation, the attorney-client privilege or attorney's work

2    product doctrine.

3

4    **REQUEST FOR PRODUCTION NO. 71:**

5          All DOCUMENTS RELATING TO any actual, potential, proposed,

6    considered or contemplated work, activities or services, including without

7    limitation any freelance work or consulting services, by Wendy Ragsdale for, with

8    or on behalf of YOU or MGA.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

10         Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein. Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence. Larian also objects to

15   this request on the ground that it is overbroad, unduly burdensome, and oppressive

16   in seeking all documents relating to any work, activities or services that Wendy

17   Ragsdale performed for or with Larian or MGA or on their behalf, without

18   limitation as to time. Larian also objects to this request on the grounds that it is

19   vague and ambiguous in that Larian cannot determine what is meant by "activities

20   or services" and "with or on behalf of YOU or MGA." Larian will interpret

21   "activities or services" to mean "work or services," and "with" to mean "on behalf

22   of." Larian also objects to this request to the extent it seeks information the

23   disclosure of which would implicate the rights of third parties to protect private,

24   confidential, proprietary or trade secret information. Larian also objects to this

25   request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business

27   interests of Larian and one or more third parties. Larian also objects to this request

28   to the extent it calls for the disclosure of attorney-client privileged information or

EXHIBIT *15* PAGE *567* - 77 -

1   information protected from disclosure by the work-product doctrine, joint defense

2   or common interest privilege, or other privilege. Larian also objects to this request

3   to the extent it seeks documents not within Larian's possession, custody or control.

4          Subject to the foregoing, Larian will produce all documents within his

5   possession, custody, or control that are responsive to the request and that pertain to

6   work performed on Bratz or Angel prior to December 31, 2001, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, and to which no privilege or other protection applies,

9   including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 72:**

12         All DOCUMENTS RELATING TO any actual, potential, proposed,

13  considered or contemplated work, activities or services, including without

14  limitation any freelance work or consulting services, by David Dees for, with or on

15  behalf of YOU or MGA.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request on the ground that it is overbroad, unduly burdensome, and oppressive

23  in seeking all documents relating to any work, activities or services that David Dees

24  performed for or with Larian or MGA or on their behalf, without limitation as to

25  time. Larian also objects to this request on the grounds that it is vague and

26  ambiguous in that Larian cannot determine what is meant by "activities or services"

27  and "with or on behalf of YOU or MGA." Larian will interpret "activities or

28  services" to mean "work or services," and "with" to mean "on behalf of." Larian

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   also objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request on the

4   grounds that it seeks confidential, proprietary or commercially sensitive

5   information, the disclosure of which would be inimical to the business interests of

6   Larian and one or more third parties.  Larian also objects to this request to the

7   extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.  Larian also objects to this request

10  to the extent it seeks documents not within Larian's possession, custody or control.

11          Subject to the foregoing, Larian will produce all documents within his

12  possession, custody, or control that are responsive to the request and that pertain to

13  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 73:**

19          All DOCUMENTS RELATING TO any actual, potential, proposed,

20  considered or contemplated work, activities or services, including without

21  limitation any freelance work or consulting services, by Steve Linker for, with or on

22  behalf of YOU or MGA.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

EXHIBIT *15* PAGE *569*   - 79 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    this request on the ground that it is overbroad, unduly burdensome, and oppressive

2    in seeking all documents relating to any work, activities or services that Steve

3    Linker performed for or with Larian or MGA or on their behalf, without limitation

4    as to time.  Larian also objects to this request on the grounds that it is vague and

5    ambiguous in that Larian cannot determine what is meant by "activities or services"

6    and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

7    services" to mean "work or services," and "with" to mean "on behalf of."  Larian

8    also objects to this request to the extent it seeks information the disclosure of which

9    would implicate the rights of third parties to protect private, confidential,

10   proprietary or trade secret information.  Larian also objects to this request on the

11   grounds that it seeks confidential, proprietary or commercially sensitive

12   information, the disclosure of which would be inimical to the business interests of

13   Larian and one or more third parties.  Larian also objects to this request to the

14   extent it calls for the disclosure of attorney-client privileged information or

15   information protected from disclosure by the work-product doctrine, joint defense

16   or common interest privilege, or other privilege.  Larian also objects to this request

17   to the extent it seeks documents not within Larian's possession, custody or control.

18           Subject to the foregoing, Larian will produce all documents within his

19   possession, custody, or control that are responsive to the request and that pertain to

20   work performed on Bratz or Angel prior to December 31, 2001, if any, and that

21   have not already been produced, that he discovers in the course of his reasonable

22   search and diligent inquiry, and to which no privilege or other protection applies,

23   including without limitation, the attorney-client privilege or attorney's work

24   product doctrine.

25   **REQUEST FOR PRODUCTION NO. 15:**

26           All DOCUMENTS RELATING TO Steve Linker and RELATING TO

27   any time prior to December 31, 2001 (regardless of when such document was

28   prepared, written, transmitted or received, whether in whole or in part).

*15* PAGE *57* - 80 -

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

2           Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein.  Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence.  Larian also objects to

7   this request on the grounds that it seeks confidential, proprietary or commercially

8   sensitive information, the disclosure of which would be inimical to the business

9   interests of Larian and one or more third parties.  Larian also objects to this request

10  to the extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege.  Larian also objects to this request

13  to the extent it seeks documents not within Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request and that pertain to

16  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

17  have not already been produced, that he discovers in the course of his reasonable

18  search and diligent inquiry, and to which no privilege or other protection applies,

19  including without limitation, the attorney-client privilege or attorney's work

20  product doctrine.

21  **REQUEST FOR PRODUCTION NO. 75:**

22          All DOCUMENTS RELATING TO any actual, potential, proposed,

23  considered or contemplated work, activities or services, including without

24  limitation any freelance work or consulting services, by Liz Hogan for, with or on

25  behalf of YOU or MGA.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence.  Larian also objects to

4  this request on the ground that it is overbroad, unduly burdensome, and oppressive

5  in seeking all documents relating to any work, activities or services that Liz Hogan

6  performed for or with Larian or MGA or on their behalf, without limitation as to

7  time.  Larian also objects to this request on the grounds that it is vague and

8  ambiguous in that Larian cannot determine what is meant by "activities or services"

9  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

10  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

11  also objects to this request to the extent it seeks information the disclosure of which

12  would implicate the rights of third parties to protect private, confidential,

13  proprietary or trade secret information.  Larian also objects to this request on the

14  grounds that it seeks confidential, proprietary or commercially sensitive

15  information, the disclosure of which would be inimical to the business interests of

16  Larian and one or more third parties.  Larian also objects to this request to the

17  extent it calls for the disclosure of attorney-client privileged information or

18  information protected from disclosure by the work-product doctrine, joint defense

19  or common interest privilege, or other privilege.  Larian also objects to this request

20  to the extent it seeks documents not within Larian's possession, custody or control.

21          Subject to the foregoing, Larian will produce all documents within his

22  possession, custody, or control that are responsive to the request and that pertain to

23  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 76:**

2              All DOCUMENTS RELATING TO any actual, potential, proposed,

3   considered or contemplated work, activities or services, including without

4   limitation any freelance work or consulting services, by Amy Meyers for, with or

5   on behalf of YOU or MGA.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

7              Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein. Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence. Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any work, activities or services that Amy

14  Meyers performed for or with Larian or MGA or on their behalf, without limitation

15  as to time. Larian also objects to this request on the grounds that it is vague and

16  ambiguous in that Larian cannot determine what is meant by "activities or services"

17  and "with or on behalf of YOU or MGA." Larian will interpret "activities or

18  services" to mean "work or services," and "with" to mean "on behalf of." Larian

19  also objects to this request to the extent it seeks information the disclosure of which

20  would implicate the rights of third parties to protect private, confidential,

21  proprietary or trade secret information. Larian also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive

23  information, the disclosure of which would be inimical to the business interests of

24  Larian and one or more third parties. Larian also objects to this request to the

25  extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense

27  or common interest privilege, or other privilege. Larian also objects to this request

28  to the extent it seeks documents not within Larian's possession, custody or control.

EXHIBIT _15_ PAGE _573_ - 83 -

1    Subject to the foregoing, Larian will produce all documents within his

2    possession, custody, or control that are responsive to the request and that pertain to

3    work performed on Bratz or Angel prior to December 31, 2001, if any, and that

4    have not already been produced, that he discovers in the course of his reasonable

5    search and diligent inquiry, and to which no privilege or other protection applies,

6    including without limitation, the attorney-client privilege or attorney's work

7    product doctrine.

8    **REQUEST FOR PRODUCTION NO. 77:**

9    To the extent not covered by other Requests, all DOCUMENTS

10   RELATING TO any actual, potential, proposed, considered or contemplated work,

11   activities or services, including without limitation any freelance work or consulting

12   services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

14   Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.  Larian also objects to

19   this request on the ground that it is overbroad, unduly burdensome, and oppressive

20   in seeking all documents relating to any work, activities or services relating to Bratz

21   that any person performed.  Larian also objects to this request on the grounds that it

22   is vague and ambiguous in that Larian cannot determine what is meant by

23   "activities or services."  Larian will interpret "activities or services" to mean "work

24   or services."  Larian also objects to this request to the extent it seeks information

25   the disclosure of which would implicate the rights of third parties to protect private,

26   confidential, proprietary or trade secret information.  Larian also objects to this

27   request on the grounds that it seeks confidential, proprietary or commercially

28   sensitive information, the disclosure of which would be inimical to the business

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 84 -

 EXHIBIT _15_ PAGE _574_

1  interests of Larian and one or more third parties.  Larian also objects to this request

2  to the extent it calls for the disclosure of attorney-client privileged information or

3  information protected from disclosure by the work-product doctrine, joint defense

4  or common interest privilege, or other privilege.  Larian also objects to this request

5  to the extent it seeks documents not within Larian's possession, custody or control.

6          Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 78:**

13          To the extent not covered by other Requests, all DOCUMENTS

14  RELATING TO any actual, potential, proposed, considered or contemplated work,

15  activities or services, including without limitation any freelance work or consulting

16  services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also objects to

23  this request on the ground that it is overbroad, unduly burdensome, and oppressive

24  in seeking all documents relating to any work, activities or services relating to

25  Angel that any person performed.  Larian also objects to this request on the grounds

26  that it is vague and ambiguous in that Larian cannot determine what is meant by

27  "activities or services."  Larian will interpret "activities or services" to mean "work

28  or services."  Larian also objects to this request to the extent it seeks information

EXHIBIT _15_ PAGE _575_

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   the disclosure of which would implicate the rights of third parties to protect private,

2   confidential, proprietary or trade secret information.  Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.  Larian also objects to this request

9   to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11   possession, custody, or control that are responsive to the request, if any, and that

12   have not already been produced, that he discovers in the course of his reasonable

13   search and diligent inquiry, and to which no privilege or other protection applies,

14   including without limitation, the attorney-client privilege or attorney's work

15   product doctrine.

16   **REQUEST FOR PRODUCTION NO. 79:**

17          All DOCUMENTS RELATING TO any focus groups RELATING TO

18   BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

19   notes and reports associated therewith.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also objects to

26   this request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of Larian and one or more third parties.  Larian also objects to this request

EXHIBIT 15 PAGE 576

- 86 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   to the extent it calls for the disclosure of attorney-client privileged information or
2   information protected from disclosure by the work-product doctrine, joint defense
3   or common interest privilege, or other privilege. Larian also objects to this request
4   to the extent it seeks information the disclosure of which would implicate the rights
5   of third parties to protect private, confidential, proprietary or trade secret
6   information. Larian also objects to this request to the extent it seeks documents not
7   within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce all documents within his
9   possession, custody, or control that relate to focus groups for "MGA contested
10  products" and "Mattel contested products", as those terms are defined in Mattel's
11  First Requests for Production regarding Claims of Unfair Competition, if any, and
12  that have not already been produced, that he discovers in the course of his
13  reasonable search and diligent inquiry, and to which no privilege or other protection
14  applies, including without limitation, the attorney-client privilege or attorney's
15  work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 80:**

17         All DOCUMENTS RELATING TO any services or work performed
18  by L.A. Focus between January 1, 1999 and December 31, 2001, including without
19  limitation all videotapes, summaries, notes and reports associated therewith.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

21         Larian incorporates by reference the above-stated general objections as
22  if fully set forth herein. Larian also specifically objects to this request on the
23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
24  information not relevant to the subject matter of this lawsuit or reasonably
25  calculated to lead to the discovery of admissible evidence. Larian also objects to
26  this request on the ground that it is overbroad, unduly burdensome, and oppressive
27  in seeking all documents relating to any services or work that L.A. Focus
28  performed, regardless of the individuals or companies for whom those services

EXHIBIT _15_ PAGE _577_

- 87 -

1   were performed.  Larian also objects to this request to the extent it seeks

2   information the disclosure of which would implicate the rights of third parties to

3   protect private, confidential, proprietary or trade secret information.  Larian also

4   objects to this request on the grounds that it seeks confidential, proprietary or

5   commercially sensitive information, the disclosure of which would be inimical to

6   the business interests of Larian and one or more third parties.  Larian also objects to

7   this request to the extent it calls for the disclosure of attorney-client privileged

8   information or information protected from disclosure by the work-product doctrine,

9   joint defense or common interest privilege, or other privilege.  Larian also objects

10  to this request to the extent it seeks documents not within Larian's possession,

11  custody or control.

12          Subject to the foregoing, Larian will produce all documents relating or

13  referring to Bratz or Angel within his possession, custody, or control that are

14  responsive to the request, if any, and that have not already been produced, that he

15  discovers in the course of his reasonable search and diligent inquiry, and to which

16  no privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 81:**

19          All DOCUMENTS RELATING TO Alaska Momma.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request on the ground that it is overbroad, unduly burdensome, and oppressive

27  in seeking all documents relating to Alaska Momma, without limitation as to

28  subject matter or time.  Larian also objects to this request to the extent it seeks

EXHIBIT _15_ PAGE _578_

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information the disclosure of which would implicate the rights of third parties to

2   protect private, confidential, proprietary or trade secret information.  Larian also

3   objects to this request on the grounds that it seeks confidential, proprietary or

4   commercially sensitive information, the disclosure of which would be inimical to

5   the business interests of Larian and one or more third parties.  Larian also objects to

6   this request to the extent it calls for the disclosure of attorney-client privileged

7   information or information protected from disclosure by the work-product doctrine,

8   joint defense or common interest privilege, or other privilege.  Larian also objects

9   to this request to the extent it seeks documents not within Larian's possession,

10   custody or control.

11          Subject to the foregoing, Larian will produce all documents relating or

12   referring to Bratz, Angel, or Bryant within his possession, custody, or control that

13   are responsive to the request, if any, and that have not already been produced, that

14   he discovers in the course of his reasonable search and diligent inquiry, and to

15   which no privilege or other protection applies, including without limitation, the

16   attorney-client privilege or attorney's work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 82:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19   considered or contemplated agreement or contract between YOU or MGA and

20   Anna Rhee, including without limitation all drafts thereof and amendments,

21   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

23          Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein. Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

EXHIBIT _15_ PAGE _579_ - 89 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)