1    burdensome and oppressive. Larian also objects to this request on the grounds that

2    it seeks information in violation of the right of privacy. Larian also objects to this

3    request on the grounds that it seeks confidential, proprietary or commercially

4    sensitive information, the disclosure of which would be inimical to the business

5    interests of Larian and one or more third parties. Larian also objects to this request

6    to the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense

8    or common interest privilege, or other privilege. Larian also objects to this request

9    to the extent it seeks documents not within Larian's possession, custody or control.

10           Subject to the foregoing, Larian will produce all documents pertaining

11   to work performed prior to January 1, 2001 and all documents pertaining to work

12   related to Bratz or Angel performed prior to December 31, 2001 within his

13   possession, custody, or control that are responsive to the request, if any, and that

14   have not already been produced, that he discovers in the course of his reasonable

15   search and diligent inquiry, and to which no privilege or other protection applies,

16   including without limitation, the attorney-client privilege or attorney's work

17   product doctrine.

18   **REQUEST FOR PRODUCTION NO. 83:**

19           All DOCUMENTS RELATING TO any payments of money or the

20   transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

22           Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein. Larian also specifically objects to this request on the

24   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence. Larian also objects to

27   this request on the grounds that it is overbroad, unlimited as to time, and unduly

28   burdensome and oppressive. Larian also objects to this request on the grounds that

EXHIBIT _15_ PAGE_580_  - 90 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    it seeks information in violation of the right of privacy.  Larian also objects to this

2    request on the grounds that it seeks confidential, proprietary or commercially

3    sensitive information, the disclosure of which would be inimical to the business

4    interests of Larian and one or more third parties.  Larian also objects to this request

5    to the extent it calls for the disclosure of attorney-client privileged information or

6    information protected from disclosure by the work-product doctrine, joint defense

7    or common interest privilege, or other privilege.  Larian also objects to this request

8    to the extent it seeks documents not within Larian's possession, custody or control.

9         Subject to the foregoing, Larian will produce all documents pertaining

10    to work performed prior to January 1, 2001 and all documents pertaining to work

11    related to Bratz or Angel performed prior to December 31, 2001 within his

12    possession, custody, or control that are responsive to the request, if any, and that

13    have not already been produced, that he discovers in the course of his reasonable

14    search and diligent inquiry, and to which no privilege or other protection applies,

15    including without limitation, the attorney-client privilege or attorney's work

16    product doctrine.

17 **REQUEST FOR PRODUCTION NO. 16:**

18         All DOCUMENTS RELATING TO any actual, potential, proposed,

19    considered or contemplated agreement or contract between YOU or MGA and

20    Veronica Marlow or her FAMILY MEMBERS, including without limitation all

21    drafts thereof and amendments, modifications and revisions thereto, and all

22    COMMUNICATIONS relating thereto.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

24         Larian incorporates by reference the above-stated general objections as

25    if fully set forth herein. Larian also specifically objects to this request on the

26    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably

28    calculated to lead to the discovery of admissible evidence.  Larian also objects to

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _15_ PAGE _58_

1    this request on the grounds that it is overbroad, unlimited as to time, and unduly

2    burdensome and oppressive.  Larian also objects to this request on the grounds that

3    it seeks information in violation of the right of privacy.  Larian also objects to this

4    request on the grounds that it seeks confidential, proprietary or commercially

5    sensitive information, the disclosure of which would be inimical to the business

6    interests of Larian and one or more third parties.  Larian also objects to this request

7    to the extent it calls for the disclosure of attorney-client privileged information or

8    information protected from disclosure by the work-product doctrine, joint defense

9    or common interest privilege, or other privilege.  Larian also objects to this request

10   to the extent it seeks documents not within Larian's possession, custody or control.

11            Subject to the foregoing, Larian will produce all documents pertaining

12   to work performed prior to January 1, 2001 and all documents pertaining to work

13   related to Bratz or Angel performed prior to December 31, 2001 within his

14   possession, custody, or control that are responsive to the request, if any, and that

15   have not already been produced, that he discovers in the course of his reasonable

16   search and diligent inquiry, and to which no privilege or other protection applies,

17   including without limitation, the attorney-client privilege or attorney's work

18   product doctrine.

19   **REQUEST FOR PRODUCTION NO. 85:**

20            All DOCUMENTS RELATING TO any payments of money or the

21   transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

23            Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein. Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

EXHIBIT _15_ PAGE _582_

1    burdensome and oppressive.  Larian also objects to this request on the grounds that

2    it seeks information in violation of the right of privacy.  Larian also objects to this

3    request on the grounds that it seeks confidential, proprietary or commercially

4    sensitive information, the disclosure of which would be inimical to the business

5    interests of Larian and one or more third parties.  Larian also objects to this request

6    to the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense

8    or common interest privilege, or other privilege.  Larian also objects to this request

9    to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents pertaining

11   to work performed prior to January 1, 2001 and all documents pertaining to work

12   related to Bratz or Angel performed prior to December 31, 2001 within his

13   possession, custody, or control that are responsive to the request, if any, and that

14   have not already been produced, that he discovers in the course of his reasonable

15   search and diligent inquiry, and to which no privilege or other protection applies,

16   including without limitation, the attorney-client privilege or attorney's work

17   product doctrine.

18   **REQUEST FOR PRODUCTION NO. 86:**

19          All DOCUMENTS RELATING TO any actual, potential, proposed,

20   considered or contemplated agreement or contract between YOU or MGA and

21   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

22   her FAMILY MEMBERS, including without limitation all drafts thereof and

23   amendments, modifications and revisions thereto, and all COMMUNICATIONS

24   relating thereto.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

26          Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein.  Larian also specifically objects to this request on the

28   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

EXHIBIT _15_ PAGE _583_ 93 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information not relevant to the subject matter of this lawsuit or reasonably

2  calculated to lead to the discovery of admissible evidence.  Larian also objects to

3  this request on the grounds that it seeks information in violation of the right of

4  privacy.  Larian also objects to this request on the grounds that it is overbroad,

5  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

6  this request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties.  Larian also objects to this request

9  to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege.  Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13       Subject to the foregoing, Larian will produce all documents pertaining

14  to work performed prior to January 1, 2001 and all documents pertaining to work

15  related to Bratz or Angel performed prior to December 31, 2001 within his

16  possession, custody, or control that are responsive to the request, if any, and that

17  have not already been produced, that he discovers in the course of his reasonable

18  search and diligent inquiry, and to which no privilege or other protection applies,

19  including without limitation, the attorney-client privilege or attorney's work

20  product doctrine.

21  **REQUEST FOR PRODUCTION NO. 87:**

22       All DOCUMENTS RELATING TO any payments of money or the

23  transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

24  and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

26       Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks


EXHIBIT 15 PAGE 584

- 94 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also objects to

3   this request on the grounds that it is overbroad, unlimited as to time, and unduly

4   burdensome and oppressive.  Larian also objects to this request on the grounds that

5   it seeks information in violation of the right of privacy.  Larian also objects to this

6   request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of Larian and one or more third parties.  Larian also objects to this request

9   to the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege.  Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13          Subject to the foregoing, Larian will produce all documents pertaining

14  to work performed prior to January 1, 2001 and all documents pertaining to work

15  related to Bratz or Angel performed prior to December 31, 2001 within his

16  possession, custody, or control that are responsive to the request, if any, and that

17  have not already been produced, that he discovers in the course of his reasonable

18  search and diligent inquiry, and to which no privilege or other protection applies,

19  including without limitation, the attorney-client privilege or attorney's work

20  product doctrine.

21  **REQUEST FOR PRODUCTION NO. 88:**

22          All DOCUMENTS RELATING TO any actual, potential, proposed,

23  considered or contemplated agreement or contract between YOU or MGA and

24  Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts

25  thereof and amendments, modifications and revisions thereto, and all

26  COMMUNICATIONS relating thereto.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

28          Larian incorporates by reference the above-stated general objections as

EXHIBIT _15_ PAGE 585

- 95 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also objects to

5   this request on the grounds that it seeks information in violation of the right of

6   privacy.  Larian also objects to this request on the grounds that it is overbroad,

7   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

8   this request on the grounds that it seeks confidential, proprietary or commercially

9   sensitive information, the disclosure of which would be inimical to the business

10  interests of Larian and one or more third parties.  Larian also objects to this request

11  to the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.  Larian also objects to this request

14  to the extent it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce all documents pertaining

16  to work performed prior to January 1, 2001 and all documents pertaining to work

17  related to Bratz or Angel performed prior to December 31, 2001 within his

18  possession, custody, or control that are responsive to the request, if any, and that

19  have not already been produced, that he discovers in the course of his reasonable

20  search and diligent inquiry, and to which no privilege or other protection applies,

21  including without limitation, the attorney-client privilege or attorney's work

22  product doctrine.

23  **REQUEST FOR PRODUCTION NO. 89:**

24          All DOCUMENTS RELATING TO any payments of money or the

25  transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request on the

 EXHIBIT 15 PAGE 586

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence.  Larian also objects to

4  this request on the grounds that it is overbroad, unlimited as to time, and unduly

5  burdensome and oppressive.  Larian also objects to this request on the grounds that

6  it seeks information in violation of the right of privacy.  Larian also objects to this

7  request on the grounds that it seeks confidential, proprietary or commercially

8  sensitive information, the disclosure of which would be inimical to the business

9  interests of Larian and one or more third parties.  Larian also objects to this request

10  to the extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege.  Larian also objects to this request

13  to the extent it seeks documents not within Larian's possession, custody or control.

14         Subject to the foregoing, Larian will produce all documents pertaining

15  to work performed prior to January 1, 2001 and all documents pertaining to work

16  related to Bratz or Angel performed prior to December 31, 2001 within his

17  possession, custody, or control that are responsive to the request, if any, and that

18  have not already been produced, that he discovers in the course of his reasonable

19  search and diligent inquiry, and to which no privilege or other protection applies,

20  including without limitation, the attorney-client privilege or attorney's work

21  product doctrine.

22  **REQUEST FOR PRODUCTION NO. 90:**

23         All DOCUMENTS RELATING TO any actual, potential, proposed,

24  considered or contemplated agreement or contract between YOU or MGA and Jesse

25  Ramirez or his FAMILY MEMBERS, including without limitation all drafts

26  thereof and amendments, modifications and revisions thereto, and all

27  COMMUNICATIONS relating thereto.

28

EXHIBIT _15_ PAGE _587_ -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

2          Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the grounds that it seeks information in violation of the right of

8  privacy.  Larian also objects to this request on the grounds that it is overbroad,

9  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

10 this request on the grounds that it seeks confidential, proprietary or commercially

11 sensitive information, the disclosure of which would be inimical to the business

12 interests of Larian and one or more third parties.  Larian also objects to this request

13 to the extent it calls for the disclosure of attorney-client privileged information or

14 information protected from disclosure by the work-product doctrine, joint defense

15 or common interest privilege, or other privilege.  Larian also objects to this request

16 to the extent it seeks documents not within Larian's possession, custody or control.

17         Subject to the foregoing, Larian will produce all documents pertaining

18 to work performed prior to January 1, 2001 and all documents pertaining to work

19 related to Bratz or Angel performed prior to December 31, 2001 within his

20 possession, custody, or control that are responsive to the request, if any, and that

21 have not already been produced, that he discovers in the course of his reasonable

22 search and diligent inquiry, and to which no privilege or other protection applies,

23 including without limitation, the attorney-client privilege or attorney's work

24 product doctrine.

25 **REQUEST FOR PRODUCTION NO. 91:**

26         All DOCUMENTS RELATING TO any actual, potential, proposed,

27 considered or contemplated agreement or contract between YOU or MGA and Elise

28 Cloonan or her FAMILY MEMBERS, including without limitation all drafts

EXHIBIT  _15_  PAGE _568_    - 98 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  thereof and amendments, modifications and revisions thereto, and all

2  COMMUNICATIONS relating thereto.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

4          Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it seeks information in violation of the right of

10  privacy.  Larian also objects to this request on the grounds that it is overbroad,

11  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce all documents pertaining

20  to work performed prior to January 1, 2001 and all documents pertaining to work

21  related to Bratz or Angel performed prior to December 31, 2001 within his

22  possession, custody, or control that are responsive to the request, if any, and that

23  have not already been produced, that he discovers in the course of his reasonable

24  search and diligent inquiry, and to which no privilege or other protection applies,

25  including without limitation, the attorney-client privilege or attorney's work

26  product doctrine.

27  **REQUEST FOR PRODUCTION NO. 92:**

28          All DOCUMENTS RELATING TO any payments of money or the

EXHIBIT *15* PAGE 589

1  transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

3          Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also objects to

8  this request on the grounds that it is overbroad, unlimited as to time, and unduly

9  burdensome and oppressive.  Larian also objects to this request on the grounds that

10  it seeks information in violation of the right of privacy.  Larian also objects to this

11  request on the grounds that it seeks confidential, proprietary or commercially

12  sensitive information, the disclosure of which would be inimical to the business

13  interests of Larian and one or more third parties.  Larian also objects to this request

14  to the extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.  Larian also objects to this request

17  to the extent it seeks documents not within Larian's possession, custody or control.

18          Subject to the foregoing, Larian will produce all documents pertaining

19  to work performed prior to January 1, 2001 and all documents pertaining to work

20  related to Bratz or Angel performed prior to December 31, 2001 within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he discovers in the course of his reasonable

23  search and diligent inquiry, and to which no privilege or other protection applies,

24  including without limitation, the attorney-client privilege or attorney's work

25  product doctrine.

26  **REQUEST FOR PRODUCTION NO. 93:**

27          All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and

EXHIBIT _15_ PAGE _590_ -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

2  including without limitation all drafts thereof and amendments, modifications and

3  revisions thereto, and all COMMUNICATIONS relating thereto.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

5        Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably

9  calculated to lead to the discovery of admissible evidence.  Larian also objects to

10  this request on the grounds that it seeks information in violation of the right of

11  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

12  proprietary or commercially sensitive information, the disclosure of which would

13  be inimical to the business interests of Larian and one or more third parties.  Larian

14  also objects to this request to the extent it calls for the disclosure of attorney-client

15  privileged information or information protected from disclosure by the work-

16  product doctrine, joint defense or common interest privilege, or other privilege.

17  Larian also objects to this request to the extent it seeks documents not within

18  Larian's possession, custody or control.

19        Subject to the foregoing, Larian will produce all agreements or

20  contracts presently in effect within his possession, custody, or control that are

21  responsive to the request, if any, and that have not already been produced, that he

22  discovers in the course of his reasonable search and diligent inquiry, and to which

23  no privilege or other protection applies, including without limitation, the attorney-

24  client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 94:**

26        All DOCUMENTS RELATING TO any actual, potential, proposed,

27  considered or contemplated agreement or contract between YOU or MGA and

28  David Dees or his FAMILY MEMBERS, including without limitation all drafts

EXHIBIT _15_ PAGE _591_  - 101 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  thereof and amendments, modifications and revisions thereto, and all

2  COMMUNICATIONS relating thereto.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

4      Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it seeks information in violation of the right of

10  privacy.  Larian also objects to this request on the grounds that it is overbroad,

11  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19      Subject to the foregoing, Larian will produce all documents pertaining

20  to work performed prior to January 1, 2001 and all documents pertaining to work

21  related to Bratz or Angel performed prior to December 31, 2001 within his

22  possession, custody, or control that are responsive to the request, if any, and that

23  have not already been produced, that he discovers in the course of his reasonable

24  search and diligent inquiry, and to which no privilege or other protection applies,

25  including without limitation, the attorney-client privilege or attorney's work

26  product doctrine.

27  **REQUEST FOR PRODUCTION NO. 95:**

28      All DOCUMENTS RELATING TO any payments of money or the


EXHIBIT _15_ PAGE _592_

- 102 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  transfer of anything of value to David Dees or her FAMILY MEMBERS.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

3        Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also objects to

8  this request on the grounds that it is overbroad, unlimited as to time, and unduly

9  burdensome and oppressive.  Larian also objects to this request on the grounds that

10  it seeks information in violation of the right of privacy.  Larian also objects to this

11  request on the grounds that it seeks confidential, proprietary or commercially

12  sensitive information, the disclosure of which would be inimical to the business

13  interests of Larian and one or more third parties.  Larian also objects to this request

14  to the extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.  Larian also objects to this request

17  to the extent it seeks documents not within Larian's possession, custody or control.

18        .  Subject to the foregoing, Larian will produce all documents pertaining

19  to work performed prior to January 1, 2001 and all documents pertaining to work

20  related to Bratz or Angel performed prior to December 31, 2001 within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he discovers in the course of his reasonable

23  search and diligent inquiry, and to which no privilege or other protection applies,

24  including without limitation, the attorney-client privilege or attorney's work

25  product doctrine.

26  **REQUEST FOR PRODUCTION NO. 96:**

27        All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and

1   Steve Linker, including without limitation all drafts thereof and amendments,

2   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

4           Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein. Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence. Larian also objects to

9   this request on the grounds that it seeks information in violation of the right of

10  privacy. Larian also objects to this request on the grounds that it is overbroad,

11  unlimited as to time, and unduly burdensome and oppressive. Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties. Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege. Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce all documents pertaining

20  to work performed prior to January 1, 2001 and all documents pertaining to work

21  related to Bratz or Angel performed prior to December 31, 2001 within his

22  possession, custody, or control that are responsive to the request, if any, and that

23  have not already been produced, that he discovers in the course of his reasonable

24  search and diligent inquiry, and to which no privilege or other protection applies,

25  including without limitation, the attorney-client privilege or attorney's work

26  product doctrine.

27  **REQUEST FOR PRODUCTION NO. 97:**

28          All DOCUMENTS RELATING TO any actual, potential, proposed,

EXHIBIT __15__ PAGE __594__

- 104 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  considered or contemplated agreement or contract between YOU or MGA and Liz

2  Hogan, including without limitation all drafts thereof and amendments,

3  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

5          Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably

9  calculated to lead to the discovery of admissible evidence.  Larian also objects to

10  this request on the grounds that it seeks information in violation of the right of

11  privacy.  Larian also objects to this request on the grounds that it is overbroad,

12  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

13  this request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian and one or more third parties.  Larian also objects to this request

16  to the extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense

18  or common interest privilege, or other privilege.  Larian also objects to this request

19  to the extent it seeks documents not within Larian's possession, custody or control.

20          Subject to the foregoing, Larian will produce all documents pertaining

21  to work performed prior to January 1, 2001 and all documents pertaining to work

22  related to Bratz or Angel performed prior to December 31, 2001 within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28

EXHIBIT _15_ PAGE _595_ - 105 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **REQUEST FOR PRODUCTION NO. 17:**

2              All DOCUMENTS RELATING TO DESIGNS produced, prepared,

3    created, authored, conceived of or reduced to practice prior to December 31, 2001

4    by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

5    whether alone or jointly with others, in which YOU or MGA have purported at any

6    time to purchase, acquire or own any right, title or interest (whether in whole or in

7    part).

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

9              Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein. Larian also specifically objects to this request to the extent

11   it seeks information not relevant or reasonably calculated to lead to the discovery of

12   admissible evidence and is, thus, overbroad, including, without limitation, seeking

13   documents relating to any designs produced, prepared, created, authored, conceived

14   of or reduced to practice prior to December 31, 2001, by Margaret Leahy, and is

15   therefore not limited to those designs that may be at issue in this litigation. Larian

16   also objects to this request on the grounds that it seeks confidential, proprietary or

17   commercially sensitive information, the disclosure of which would be inimical to

18   the business interests of Larian and one or more third parties. Larian further objects

19   to this request to the extent it seeks information the disclosure of which would

20   implicate the rights of third parties to protect private, confidential, proprietary or

21   trade secret information. Larian also objects to this request to the extent it calls for

22   the disclosure of attorney-client privileged information or information protected

23   from disclosure by the work-product doctrine, joint defense or common interest

24   privilege, or other privilege. Larian also objects to this request to the extent it seeks

25   documents not within Larian's possession, custody or control.

26             Subject to the foregoing, Larian will produce all documents pertaining

27   to work performed prior to January 1, 2001 and all documents pertaining to work

28   related to Bratz or Angel performed prior to December 31, 2001 within his

1    possession, custody, or control that are responsive to the request, if any, and that

2    have not already been produced, that he discovers in the course of his reasonable

3    search and diligent inquiry, and to which no privilege or other protection applies,

4    including without limitation, the attorney-client privilege or attorney's work

5    product doctrine.

6    **REQUEST FOR PRODUCTION NO. 99:**

7            All DOCUMENTS RELATING TO DESIGNS produced, prepared,

8    created, authored, conceived of or reduced to practice prior to December 31, 2001

9    by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

10   purported at any time to purchase, acquire or own any right, title or interest

11   (whether in whole or in part).

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

13           Larian incorporates by reference the above-stated general objections as

14   if fully set forth herein. Larian also specifically objects to this request to the extent

15   it seeks information not relevant or reasonably calculated to lead to the discovery of

16   admissible evidence and is, thus, overbroad, including, without limitation, seeking

17   documents relating to any designs produced, prepared, created, authored, conceived

18   of or reduced to practice prior to December 31, 2001, by Anna Rhee, and is

19   therefore not limited to those designs that may be at issue in this litigation. Larian

20   also objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to

22   the business interests of Larian and one or more third parties. Larian further objects

23   to this request to the extent it seeks information the disclosure of which would

24   implicate the rights of third parties to protect private, confidential, proprietary or

25   trade secret information. Larian also objects to this request to the extent it calls for

26   the disclosure of attorney-client privileged information or information protected

27   from disclosure by the work-product doctrine, joint defense or common interest

28   privilege, or other privilege. Larian also objects to this request to the extent it seeks

EXHIBIT _15_ PAGE _597_

1    documents not within Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce all documents pertaining

3    to work performed prior to January 1, 2001 and all documents pertaining to work

4    related to Bratz or Angel performed prior to December 31, 2001 within his

5    possession, custody, or control that are responsive to the request, if any, and that

6    have not already been produced, that he discovers in the course of his reasonable

7    search and diligent inquiry, and to which no privilege or other protection applies,

8    including without limitation, the attorney-client privilege or attorney's work

9    product doctrine.

10   **REQUEST FOR PRODUCTION NO. 100:**

11           All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12   created, authored, conceived of or reduced to practice prior to January 1, 2001 by

13   Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

14   have purported at any time to purchase, acquire or own any right, title or interest

15   (whether in whole or in part).

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request to the extent

19   it seeks information not relevant or reasonably calculated to lead to the discovery of

20   admissible evidence and is, thus, overbroad, including, without limitation, seeking

21   documents relating to any designs produced, prepared, created, authored, conceived

22   of or reduced to practice prior to January 1, 2001, by Veronica Marlow, and is

23   therefore not limited to those designs that may be at issue in this litigation.  Larian

24   also objects to this request on the grounds that it seeks confidential, proprietary or

25   commercially sensitive information, the disclosure of which would be inimical to

26   the business interests of Larian and one or more third parties.  Larian further objects

27   to this request to the extent it seeks information the disclosure of which would

28   implicate the rights of third parties to protect private, confidential, proprietary or

EXHIBIT _15_ PAGE _598_   - 108 -

1  trade secret information.  Larian also objects to this request to the extent it calls for

2  the disclosure of attorney-client privileged information or information protected

3  from disclosure by the work-product doctrine, joint defense or common interest

4  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

5  documents not within Larian's possession, custody or control.

6          Subject to the foregoing, Larian will produce all documents pertaining

7  to work performed prior to January 1, 2001 and all documents pertaining to work

8  related to Bratz or Angel performed prior to December 31, 2001 within his

9  possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 101:**

15          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

16  created, authored, conceived of or reduced to practice by Elise Cloonan, whether

17  alone or jointly with others, in which YOU or MGA have purported at any time to

18  purchase, acquire or own any right, title or interest (whether in whole or in part).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request to the extent

22  it seeks information not relevant or reasonably calculated to lead to the discovery of

23  admissible evidence and is, thus, overbroad, including, without limitation, seeking

24  documents relating to any designs produced, prepared, created, authored, conceived

25  of or reduced to practice by Elise Cloonan, and is therefore not limited as to time or

26  as to those designs that may be at issue in this litigation.  Larian also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

EXHIBIT *15* PAGE 599

- 109 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents pertaining to work performed prior to January 1, 2001 and all documents pertaining to work related to Bratz or Angel performed prior to December 31, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine..

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS prepared, written, transmitted or received (whether in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian.  Larian also objects to this request to the extent it

 EXHIBIT *15* PAGE *600*

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  calls for the disclosure of attorney-client privileged information or information

2  protected from disclosure by the work-product doctrine, joint defense or common

3  interest privilege, or other privilege.  Larian also objects to this request to the extent

4  it seeks documents not within Larian's possession, custody or control.

5           Subject to the foregoing, Larian will produce all documents within his

6  possession, custody, or control that are responsive to the request, if any, and that

7  have not already been produced, that he discovers in the course of his reasonable

8  search and diligent inquiry, and to which no privilege or other protection applies,

9  including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 103:**

12           All DOCUMENTS RELATING TO ANGEL RELATING TO any

13  time prior to January 1, 2001 (regardless of when such document was prepared,

14  written, transmitted or received, whether in whole or in part).

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

16           Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence.  Larian also specifically

21  objects to this request in the grounds that it is vague, ambiguous and unintelligible,

22  particularly in its use of the phrase "relating to Angel relating to ay time prior to

23  January 1, 2001."  Larian also objects to this request on the grounds that it seeks

24  confidential, proprietary or commercially sensitive information, the disclosure of

25  which would be inimical to the business interests of Larian and one or more third

26  parties.  Larian also objects to this request to the extent it calls for the disclosure of

27  attorney-client privileged information or information protected from disclosure by

28  the work-product doctrine, joint defense or common interest privilege, or other

1  privilege. Larian also objects to this request to the extent it seeks documents not

2  within Larian's possession, custody or control.

3  Subject to the foregoing, Larian will produce all documents within his

4  possession, custody, or control that are responsive to the request, if any, and that

5  have not already been produced, that he discovers in the course of his reasonable

6  search and diligent inquiry, and to which no privilege or other protection applies,

7  including without limitation, the attorney-client privilege or attorney's work

8  product doctrine.

9  **REQUEST FOR PRODUCTION NO. 104:**

10  All DOCUMENTS, including without limitation all

11  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

12  any agreement or contract between Margaret Hatch (also known as Margaret Leahy

13  and/or Margaret Hatch-Leahy) and MATTEL.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

15  Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein. Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence. Larian also objects to

20  this request on the grounds that it seeks information in violation of the right of

21  privacy. Larian also objects to this request on the grounds that it is overbroad,

22  unduly burdensome, and oppressive in seeking all communications between Larian

23  or MGA and any person and without limitation as to time. Larian also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties. Larian also objects to this request

27  to the extent it seeks information the disclosure of which would implicate the rights

28  of third parties to protect private, confidential, proprietary or trade secret

1  information.  Larian also objects to this request to the extent it calls for the

2  disclosure of attorney-client privileged information or information protected from

3  disclosure by the work-product doctrine, joint defense or common interest

4  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

5  documents not within Larian's possession, custody or control.

6          Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 105:**

13          All DOCUMENTS, including without limitation all

14  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

15  any agreement or contract between Kami Gillmour and MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy.  Larian also objects to this request on the grounds that it is overbroad,

24  unduly burdensome, and oppressive in seeking all communications between Larian

25  or MGA and any person and without limitation as to time.  Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    to the extent it seeks information the disclosure of which would implicate the rights

2    of third parties to protect private, confidential, proprietary or trade secret

3    information.  Larian also objects to this request to the extent it calls for the

4    disclosure of attorney-client privileged information or information protected from

5    disclosure by the work-product doctrine, joint defense or common interest

6    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7    documents not within Larian's possession, custody or control.

8             Subject to the foregoing, Larian will produce all documents within his

9    possession, custody, or control that are responsive to the request, if any, and that

10   have not already been produced, that he discovers in the course of his reasonable

11   search and diligent inquiry, and to which no privilege or other protection applies,

12   including without limitation, the attorney-client privilege or attorney's work

13   product doctrine.

14   **REQUEST FOR PRODUCTION NO. 106:**

15             All DOCUMENTS, including without limitation all

16   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

17   any agreement or contract between Paula Garcia and MATTEL.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

19             Larian incorporates by reference the above-stated general objections as

20   if fully set forth herein.  Larian also specifically objects to this request on the

21   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably

23   calculated to lead to the discovery of admissible evidence.  Larian also objects to

24   this request on the grounds that it seeks information in violation of the right of

25   privacy.  Larian also objects to this request on the grounds that it is overbroad,

26   unduly burdensome, and oppressive in seeking all communications between Larian

27   or MGA and any person and without limitation as to time.  Larian also objects to

28   this request on the grounds that it seeks confidential, proprietary or commercially

EXHIBIT _15_ PAGE _104_ - 114 -

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of Larian and one or more third parties.  Larian also objects to this request

3  to the extent it seeks information the disclosure of which would implicate the rights

4  of third parties to protect private, confidential, proprietary or trade secret

5  information.  Larian also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest

8  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

9  documents not within Larian's possession, custody or control.

10        Subject to the foregoing, Larian will produce all documents within his

11  possession, custody, or control that are responsive to the request, if any, and that

12  have not already been produced, that he discovers in the course of his reasonable

13  search and diligent inquiry, and to which no privilege or other protection applies,

14  including without limitation, the attorney-client privilege or attorney's work

15  product doctrine.

16  **REQUEST FOR PRODUCTION NO. 107:**

17        All DOCUMENTS, including without limitation all

18  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

19  any agreement or contract between Mercedeh Ward and MATTEL.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

21        Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request on the grounds that it seeks information in violation of the right of

27  privacy.  Larian also objects to this request on the grounds that it is overbroad,

28  unduly burdensome, and oppressive in seeking all communications between Larian

EXHIBIT 15 PAGE 605   - 115 -

1  or MGA and any person and without limitation as to time.  Larian also objects to

2  this request on the grounds that it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of Larian and one or more third parties.  Larian also objects to this request

5  to the extent it seeks information the disclosure of which would implicate the rights

6  of third parties to protect private, confidential, proprietary or trade secret

7  information.  Larian also objects to this request to the extent it calls for the

8  disclosure of attorney-client privileged information or information protected from

9  disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12         Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 108:**

19         All DOCUMENTS, including without limitation all

20  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

21  any agreement or contract between Jessie Ramirez and MATTEL.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

23         Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the grounds that it seeks information in violation of the right of

EXHIBIT _15_ PAGE _606_    - 116 -

1   privacy.  Larian also objects to this request on the grounds that it is overbroad,

2   unduly burdensome, and oppressive in seeking all communications between Larian

3   or MGA and any person and without limitation as to time.  Larian also objects to

4   this request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties.  Larian also objects to this request

7   to the extent it seeks information the disclosure of which would implicate the rights

8   of third parties to protect private, confidential, proprietary or trade secret

9   information.  Larian also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

13  documents not within Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, and to which no privilege or other protection applies,

18  including without limitation, the attorney-client privilege or attorney's work

19  product doctrine.

20  **REQUEST FOR PRODUCTION NO. 18:**

21          All DOCUMENTS, including without limitation all

22  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

23  any agreement or contract between Billy Ragsdale and MATTEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy.  Larian also objects to this request on the grounds that it is overbroad,

4   unduly burdensome, and oppressive in seeking all communications between Larian

5   or MGA and any person and without limitation as to time.  Larian also objects to

6   this request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of Larian and one or more third parties.  Larian also objects to this request

9   to the extent it seeks information the disclosure of which would implicate the rights

10  of third parties to protect private, confidential, proprietary or trade secret

11  information.  Larian also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest

14  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

15  documents not within Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce all documents within his

17  possession, custody, or control that are responsive to the request, if any, and that

18  have not already been produced, that he discovers in the course of his reasonable

19  search and diligent inquiry, and to which no privilege or other protection applies,

20  including without limitation, the attorney-client privilege or attorney's work

21  product doctrine.

22  **REQUEST FOR PRODUCTION NO. 110:**

23          All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  any agreement or contract between Wendy Ragsdale and MATTEL.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

EXHIBIT _15_ PAGE _608_ - 118 -

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence. Larian also objects to

4  this request on the grounds that it seeks information in violation of the right of

5  privacy. Larian also objects to this request on the grounds that it is overbroad,

6  unduly burdensome, and oppressive in seeking all communications between Larian

7  or MGA and any person and without limitation as to time. Larian also objects to

8  this request on the grounds that it seeks confidential, proprietary or commercially

9  sensitive information, the disclosure of which would be inimical to the business

10  interests of Larian and one or more third parties. Larian also objects to this request

11  to the extent it seeks information the disclosure of which would implicate the rights

12  of third parties to protect private, confidential, proprietary or trade secret

13  information. Larian also objects to this request to the extent it calls for the

14  disclosure of attorney-client privileged information or information protected from

15  disclosure by the work-product doctrine, joint defense or common interest

16  privilege, or other privilege. Larian also objects to this request to the extent it seeks

17  documents not within Larian's possession, custody or control.

18  Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, and to which no privilege or other protection applies,

22  including without limitation, the attorney-client privilege or attorney's work

23  product doctrine.

24  **REQUEST FOR PRODUCTION NO. 111:**

25  All DOCUMENTS, including without limitation all

26  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

27  any agreement or contract between Veronica Marlow and MATTEL.

28

EXHIBIT **15** PAGE **609**   -119-

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

2        Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein. Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence. Larian also objects to

7   this request on the grounds that it seeks information in violation of the right of

8   privacy. Larian also objects to this request on the grounds that it is overbroad,

9   unduly burdensome, and oppressive in seeking all communications between Larian

10   or MGA and any person and without limitation as to time. Larian also objects to

11   this request on the grounds that it seeks confidential, proprietary or commercially

12   sensitive information, the disclosure of which would be inimical to the business

13   interests of Larian and one or more third parties. Larian also objects to this request

14   to the extent it seeks information the disclosure of which would implicate the rights

15   of third parties to protect private, confidential, proprietary or trade secret

16   information. Larian also objects to this request to the extent it calls for the

17   disclosure of attorney-client privileged information or information protected from

18   disclosure by the work-product doctrine, joint defense or common interest

19   privilege, or other privilege. Larian also objects to this request to the extent it seeks

20   documents not within Larian's possession, custody or control.

21        Subject to the foregoing, Larian will produce all documents within his

22   possession, custody, or control that are responsive to the request, if any, and that

23   have not already been produced, that he discovers in the course of his reasonable

24   search and diligent inquiry, and to which no privilege or other protection applies,

25   including without limitation, the attorney-client privilege or attorney's work

26   product doctrine.

27   **REQUEST FOR PRODUCTION NO. 112:**

28        To the extent not covered by other Requests, all DOCUMENTS,

EXHIBIT _15_ PAGE _610_ - 120 -

1    including without limitation all COMMUNICATIONS between YOU or MGA and

2    any PERSON, RELATING TO any agreement or contract between MATTEL, on

3    the one hand, and any former employee of MATTEL who has been hired,

4    considered, solicited or interviewed for any position or potential position or

5    employment by YOU or MGA.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

7            Larian incorporates by reference the above-stated general objections as

8    if fully set forth herein. Larian also specifically objects to this request on the

9    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably

11   calculated to lead to the discovery of admissible evidence. Larian also objects to

12   this request on the grounds that it seeks information in violation of the right of

13   privacy. Larian also objects to this request on the grounds that it is overbroad,

14   unduly burdensome, and oppressive. Larian also objects to this request on the

15   grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of

17   Larian and one or more third parties. Larian also objects to this request to the

18.  extent it seeks information the disclosure of which would implicate the rights of

19   third parties to protect private, confidential, proprietary or trade secret information.

20   Larian also objects to this request to the extent it calls for the disclosure of attorney-

21   client privileged information or information protected from disclosure by the work-

22   product doctrine, joint defense or common interest privilege, or other privilege.

23   Larian also objects to this request to the extent it seeks documents not within

24   Larian's possession, custody or control.

25           Subject to the foregoing, Larian will produce all documents within his

26   possession, custody, or control that are responsive to the request, if any, and that

27   have not already been produced, that he discovers in the course of his reasonable

28   search and diligent inquiry, and to which no privilege or other protection applies,

EXHIBIT _15_ PAGE _611_       - 121 -

1 | including without limitation, the attorney-client privilege or attorney's work
2 | product doctrine.
3 | **REQUEST FOR PRODUCTION NO. 113:**
4 | All COMMUNICATIONS between YOU or MGA and Anne Wang.
5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**
6 | Larian incorporates by reference the above-stated general objections as
7 | if fully set forth herein. Larian also specifically objects to this request on the
8 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
9 | information not relevant to the subject matter of this lawsuit or reasonably
10 | calculated to lead to the discovery of admissible evidence. Larian also objects to
11 | this request on the grounds that it is overbroad, unduly burdensome, and oppressive
12 | in seeking all communications between Larian or MGA and Anne Wang, regardless
13 | of subject matter and without limitation as to time. Larian also objects to this
14 | request on the grounds that it seeks confidential, proprietary or commercially
15 | sensitive information, the disclosure of which would be inimical to the business
16 | interests of Larian and one or more third parties. Larian also objects to this request
17 | to the extent it calls for the disclosure of attorney-client privileged information or
18 | information protected from disclosure by the work-product doctrine, joint defense
19 | or common interest privilege, or other privilege.
20 | Subject to the foregoing, Larian will produce all documents relating to
21 | Bratz, Angel, or Bryant within his possession, custody, or control that are
22 | responsive to the request, if any, and that have not already been produced, that he
23 | discovers in the course of his reasonable search and diligent inquiry, and to which
24 | no privilege or other protection applies, including without limitation, the attorney-
25 | client privilege or attorney's work product doctrine.
26 | **REQUEST FOR PRODUCTION NO. 114:**
27 | All DOCUMENTS, including without limitation all
28 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

EXHIBIT *15* PAGE *602* - 122 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | Anne Wang.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

3 |         Larian incorporates by reference the above-stated general objections as

4 | if fully set forth herein. Larian also specifically objects to this request on the

5 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6 | information not relevant to the subject matter of this lawsuit or reasonably

7 | calculated to lead to the discovery of admissible evidence. Larian also objects to

8 | this request on the grounds that it is overbroad, unduly burdensome, and oppressive

9 | in seeking all communications relating to Anne Wang between Larian or MGA and

10 | any person, without limitation as to time. Larian also objects to this request on the

11 | grounds that it seeks confidential, proprietary or commercially sensitive

12 | information, the disclosure of which would be inimical to the business interests of

13 | Larian and one or more third parties. Larian also objects to this request to the

14 | extent it calls for the disclosure of attorney-client privileged information or

15 | information protected from disclosure by the work-product doctrine, joint defense

16 | or common interest privilege, or other privilege.

17 |         Subject to the foregoing, Larian will produce all documents relating to

18 | Bratz, Angel, or Bryant within his possession, custody, or control that are

19 | responsive to the request, if any, and that have not already been produced, that he

20 | discovers in the course of his reasonable search and diligent inquiry, and to which

21 | no privilege or other protection applies, including without limitation, the attorney-

22 | client privilege or attorney's work product doctrine.

23 | **REQUEST FOR PRODUCTION NO. 115:**

24 |         All DOCUMENTS, including without limitation all

25 | COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

26 | Brooke Gilbert.

27 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

28 |         Larian incorporates by reference the above-stated general objections as

EXHIBIT _15_ PAGE _6 of 3_ - 123 -

1  if fully set forth herein. Larian also specifically objects to this request on the

2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3  information not relevant to the subject matter of this lawsuit or reasonably

4  calculated to lead to the discovery of admissible evidence. Larian also objects to

5  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

6  in seeking all communications relating to Brooke Gilbert between Larian or MGA

7  and any person, without limitation as to time. Larian also objects to this request on

8  the grounds that it seeks confidential, proprietary or commercially sensitive

9  information, the disclosure of which would be inimical to the business interests of

10 Larian and one or more third parties. Larian also objects to this request to the

11 extent it calls for the disclosure of attorney-client privileged information or

12 information protected from disclosure by the work-product doctrine, joint defense

13 or common interest privilege, or other privilege.

14         Subject to the foregoing, Larian will produce all documents relating to

15 Bratz, Angel, or Bryant within his possession, custody, or control that are

16 responsive to the request, if any, and that have not already been produced, that he

17 discovers in the course of his reasonable search and diligent inquiry, and to which

18 no privilege or other protection applies, including without limitation, the attorney-

19 client privilege or attorney's work product doctrine.

20 **REQUEST FOR PRODUCTION NO. 116:**

21         All COMMUNICATIONS between YOU or MGA and BRYANT

22 RELATING TO MATTEL or any officer, director, employee or representative of

23 MATTEL.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

25         Larian incorporates by reference the above-stated general objections as

26 if fully set forth herein. Larian also specifically objects to this request on the

27 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28 information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT **15** PAGE **614** - 124 -

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it is unlimited in time and subject matter and is,

3  thus, overbroad, unduly burdensome and oppressive, including, without limitation,

4  in calling for communications exchanged between Larian or any person at MGA

5  and Bryant on any subject matter relating in any way to Mattel.  Larian also objects

6  to this request on the grounds that it is overbroad, without limitation, in potentially

7  extending to communications that any of MGA's employees, agents or

8  representatives may have exchanged with Bryant that refer or relate to Mattel or

9  any of its officers, directors, employees, or representatives, regardless of whether

10  any such person was employed by Mattel at the time of the communication, and

11  which communication may be unrelated in any way to the subject matter of this

12  lawsuit, Larian, MGA, MGA's business or may, indeed, have occurred when none

13  of the parties to the communications worked for or on behalf of MGA.  Larian also

14  objects to this request on the grounds that it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to

16  the business interests of Larian and one or more third parties.  Larian further objects

17  to this request to the extent it seeks information the disclosure of which would

18  implicate the rights of third parties to protect private, confidential, proprietary or

19  trade secret information.  Larian also objects to this request to the extent it calls for

20  the disclosure of attorney-client privileged information or information protected

21  from disclosure by the work-product doctrine, joint defense or common interest

22  privilege, or other privilege.

23          Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, and to which no privilege or other protection applies,

27  including without limitation, the attorney-client privilege or attorney's work

28  product doctrine.

EXHIBIT _15_ PAGE _6 15_ - 125 -

**REQUEST FOR PRODUCTION NO. 117:**

All declarations, affidavits and other sworn written statements of any other type or form by any PERSON RELATING TO BRATZ (other than those previously filed and served in this ACTION), including all such declarations, affidavits and other sworn written statements of any other type or form by or on behalf of YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all declarations, affidavits and other sworn written statements relating to Bratz but not otherwise limited as to subject matter, and not limited in any way as to time. Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive. Larian also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian further objects to this request to the

EXHIBIT *15* PAGE *616*          - 126 -

1   extent it seeks information the disclosure of which would implicate the rights of

2   third parties to protect private, confidential, proprietary or trade secret information.

3   Larian also objects to this request to the extent it calls for the disclosure of attorney-

4   client privileged information or information protected from disclosure by the work-

5   product doctrine, joint defense or common interest privilege, or other privilege.

6           Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10   including without limitation, the attorney-client privilege or attorney's work

11   product doctrine.

12   **REQUEST FOR PRODUCTION NO. 118:**

13           All transcripts and video and/or audio recordings of statements made

14   by any PERSON under oath, including without limitation all deposition transcripts,

15   trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

16   those taken in this ACTION when MATTEL's counsel was in attendance),

17   including all such transcripts and video and/or audio recordings of statements by or

18   on behalf of YOU.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

20           Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein. Larian also specifically objects to this request on the

22   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence. Larian also specifically

25   objects to this request on the grounds that it is overbroad, unduly burdensome and

26   oppressive including, without limitation, in calling for all transcripts and video

27   and/or audio recordings of statements made by any person under oath, including

28   without limitation all deposition transcripts, trial transcripts and arbitration

EXHIBIT *15* PAGE *617* - 127 -

1   transcripts relating to Bratz, but not otherwise limited as to subject matter, and not

2   limited in any way as to time.  Larian also objects to this request on the grounds

3   that it seeks information that is already known to Mattel and/or is a matter of public

4   record and/or is equally available to Mattel, and is, therefore, unduly burdensome

5   and oppressive.  Larian also objects to this request to the extent it may seek

6   documents the disclosure of which is or may be protected by contract or agreement.

7   Larian also objects to this request to the extent that it may seek documents the

8   disclosure of which is or may be governed by court orders.  Larian also objects to

9   this request on the grounds that it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian and one or more third parties.  Larian also objects to this request

12  to the extent it seeks information the disclosure of which would implicate the rights

13  of third parties to protect private, confidential, proprietary or trade secret

14  information.  Larian also objects to this request to the extent it calls for the

15  disclosure of attorney-client privileged information or information protected from

16  disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.

18          Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, and to which no privilege or other protection applies,

22  including without limitation, the attorney-client privilege or attorney's work

23  product doctrine.

24  **REQUEST FOR PRODUCTION NO. 119:**

25          All declarations, affidavits and other sworn written statements of any

26  other type or form by any PERSON RELATING TO ANGEL (other than those

27  previously filed and served in this ACTION), including all such declarations,

28  affidavits and other sworn written statements of any other type or form by or on

EXHIBIT *15* PAGE *618* - 128 -

1 | behalf of YOU.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

3 |        Larian incorporates by reference the above-stated general objections as

4 | if fully set forth herein. Larian also specifically objects to this request on the

5 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6 | information not relevant to the subject matter of this lawsuit or reasonably

7 | calculated to lead to the discovery of admissible evidence. Larian also specifically

8 | objects to this request on the grounds that it is overbroad, unduly burdensome and

9 | oppressive including, without limitation, in calling for all declarations, affidavits

10 | and other sworn written statements relating to Angel but not otherwise limited as to

11 | subject matter, and not limited in any way as to time. Larian also objects to this

12 | request on the grounds that it seeks information that is already known to Mattel

13 | and/or is a matter of public record and/or is equally available to Mattel, and is,

14 | therefore, unduly burdensome and oppressive. Larian also objects to this request to

15 | the extent that it may seek documents the disclosure of which is or may be

16 | governed by court orders. Larian also objects to this request to the extent it seeks

17 | information the disclosure of which would implicate the rights of third parties to

18 | protect private, confidential, proprietary or trade secret information. Larian also

19 | objects to this request to the extent it may seek documents the disclosure of which

20 | is or may be protected by contract or agreement. Larian also objects to this request

21 | on the grounds that it seeks confidential, proprietary or commercially sensitive

22 | information, the disclosure of which would be inimical to the business interests of

23 | Larian and one or more third parties. Larian further objects to this request to the

24 | extent it seeks information the disclosure of which would implicate the rights of

25 | third parties to protect private, confidential, proprietary or trade secret information.

26 | Larian also objects to this request to the extent it calls for the disclosure of attorney-

27 | client privileged information or information protected from disclosure by the work-

28 | product doctrine, joint defense or common interest privilege, or other privilege.

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 120:**

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than those taken in this ACTION when Mattel's counsel was in attendance), including all such declarations, affidavits and other sworn written statements of any other type or form by or on behalf of YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all transcripts and video and/or audio recordings of statements made by any person under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts relating to Angel, but not otherwise limited as to subject matter, and not limited in any way as to time. Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive. Larian also objects to this request to the extent it may seek

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  documents the disclosure of which is or may be protected by contract or agreement.

2  Larian also objects to this request to the extent that it may seek documents the

3  disclosure of which is or may be governed by court orders.  Larian also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties.  Larian also objects to this request

7  to the extent it seeks information the disclosure of which would implicate the rights

8  of third parties to protect private, confidential, proprietary or trade secret

9  information.  Larian also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege.

13  Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, and to which no privilege or other protection applies,

17  including without limitation, the attorney-client privilege or attorney's work

18  product doctrine.

19  **REQUEST FOR PRODUCTION NO. 121:**

20  All DOCUMENTS RELATING TO the litigation encaptioned *The*

21  *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

22  on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

24  Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

*15* PAGE *621*     - 131 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  this request on the grounds that it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the business

3  interests of Larian and one or more third parties. Larian also objects to this request

4  to the extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense

6  or common interest privilege, or other privilege. Larian also objects to this request

7  to the extent it seeks documents not within Larian's possession, custody or control.

8         Subject to the foregoing, Larian will produce all documents within his

9  possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 122:**

15         All DOCUMENTS seen, viewed or reviewed by YOU at any time in

16  preparation for the deposition of YOU that was taken in this ACTION on July 18,

17  2006.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

19         Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence. Larian also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties. Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

1    or common interest privilege, or other privilege.

2             Subject to the foregoing, Larian will produce all documents within his

3    possession, custody, or control that are responsive to the request, if any, and that

4    have not already been produced, that he discovers in the course of his reasonable

5    search and diligent inquiry, and to which no privilege or other protection applies,

6    including without limitation, the attorney-client privilege or attorney's work

7    product doctrine.

8    **REQUEST FOR PRODUCTION NO. 123:**

9             All DOCUMENTS RELATING TO any and all arbitrations and suits

10   between YOU and Farhad Larian.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

12            Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also specifically

17   objects to this request on the grounds that it is overbroad, unduly burdensome and

18   oppressive including, without limitation, in calling for all documents relating to any

19   and all arbitrations and suits between Larian and Farhad Larian, but not otherwise

20   limited as to subject matter or time.  Larian also objects to this request on the

21   grounds that it seeks information that is already known to Mattel and/or is a matter

22   of public record and/or is equally available to Mattel, and is, therefore, unduly

23   burdensome and oppressive.  Larian also objects to this request to the extent it may

24   seek documents the disclosure of which is or may be protected by contract or

25   agreement.  Larian also objects to this request to the extent that it may seek

26   documents the disclosure of which is or may be governed by court orders.  Larian

27   also objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to

*15* PAGE *623* - 133 -

1  the business interests of Larian and one or more third parties.  Larian also objects to

2  this request to the extent it seeks information the disclosure of which would

3  implicate the rights of third parties to protect private, confidential, proprietary or

4  trade secret information.  Larian also objects to this request to the extent it calls for

5  the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

8  documents not within Larian's possession, custody or control.

9        Subject to the foregoing, Larian will produce all documents referring

10  or relating to Bratz within his possession, custody, or control that are responsive to

11  the request, if any, and that have not already been produced, that he discovers in the

12  course of his reasonable search and diligent inquiry, and to which no privilege or

13  other protection applies, including without limitation, the attorney-client privilege

14  or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 124:**

16        All DOCUMENTS filed, submitted or served in the suit and/or

17  arbitration proceedings brought by Farhad Larian against YOU, including without

18  limitation all declarations, affidavits, transcripts, video and/or audio recordings and

19  sworn testimony given by any PERSON in such suit or arbitration proceedings.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

21        Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

EXHIBIT _15_ PAGE _624_     - 134 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   to the extent it calls for the disclosure of attorney-client privileged information or

2   information protected from disclosure by the work-product doctrine, joint defense

3   or common interest privilege, or other privilege.

4              Subject to the foregoing, Larian will produce all documents referring

5   or relating to Bratz within his possession, custody, or control that are responsive to

6   the request, if any, and that have not already been produced, that he discovers in the

7   course of his reasonable search and diligent inquiry, and to which no privilege or

8   other protection applies, including without limitation, the attorney-client privilege

9   or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 125:**

11             All DOCUMENTS RELATING TO any and all settlements

12  resolutions or compromises of any suit and/or arbitration proceedings between

13  YOU and Farhad Larian.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

15             Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also specifically

20  objects to this request on the grounds that it is overbroad, unduly burdensome and

21  oppressive including, without limitation, in calling for all transcripts and video

22  and/or audio recordings of statements made by any person under oath, including

23  without limitation all deposition transcripts, trial transcripts and arbitration

24  transcripts relating to any suit and/or arbitration proceedings between Larian and

25  Farhad Larian, but not otherwise limited as to subject matter, and not limited in any

26  way as to time.  Larian also objects to this request on the grounds that it seeks

27  information that is already known to Mattel and/or is a matter of public record

28  and/or is equally available to Mattel, and is, therefore, unduly burdensome and

1   oppressive. Larian also objects to this request to the extent it may seek documents

2   the disclosure of which is or may be protected by contract or agreement. Larian

3   also objects to this request to the extent that it may seek documents the disclosure

4   of which is or may be governed by court orders. Larian also objects to this request

5   on the grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties. Larian also objects to this request to the

8   extent it seeks information the disclosure of which would implicate the rights of

9   third parties to protect private, confidential, proprietary or trade secret information.

10  Larian also objects to this request to the extent it calls for the disclosure of attorney-

11  client privileged information or information protected from disclosure by the work-

12  product doctrine, joint defense or common interest privilege, or other privilege.

13          Subject to the foregoing, Larian will produce all documents referring

14  or relating to Bratz within his possession, custody, or control that are responsive to

15  the request, if any, and that have not already been produced, that he discovers in the

16  course of his reasonable search and diligent inquiry, and to which no privilege or

17  other protection applies, including without limitation, the attorney-client privilege

18  or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 126:**

20          All contracts or agreements between YOU or MGA and Farhad Larian.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein. Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence. Larian also objects to

27  this request on the grounds that it is overbroad, unlimited as to time, and unduly

28  burdensome and oppressive. Larian also objects to this request on the grounds that

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    it seeks confidential, proprietary or commercially sensitive information, the

2    disclosure of which would be inimical to the business interests of Larian and one or

3    more third parties.  Larian also objects to this request to the extent it calls for the

4    disclosure of attorney-client privileged information or information protected from

5    disclosure by the work-product doctrine, joint defense or common interest

6    privilege, or other privilege.

7            Subject to the foregoing, Larian will produce all documents within his

8    possession, custody, or control that are responsive to the request, if any, and that

9    have not already been produced, that he discovers in the course of his reasonable

10   search and diligent inquiry, and to which no privilege or other protection applies,

11   including without limitation, the attorney-client privilege or attorney's work

12   product doctrine.

13   **REQUEST FOR PRODUCTION NO. 127:**

14            All COMMUNICATIONS RELATING TO BRATZ between YOU or

15   MGA and Farhad Larian.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

17            Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence.  Larian also specifically

22   objects to this request on the grounds that it is overbroad, unlimited as to time, and

23   unduly burdensome and oppressive.  Larian also objects to this request on the

24   grounds that it seeks confidential, proprietary or commercially sensitive

25   information, the disclosure of which would be inimical to the business interests of

26   Larian and one or more third parties.  Larian also objects to this request to the

27   extent it calls for the disclosure of attorney-client privileged information or

28   information protected from disclosure by the work-product doctrine, joint defense

1  or common interest privilege, or other privilege.  Larian also objects to this request

2  to the extent it seeks information the disclosure of which would implicate the rights

3  of third parties to protect private, confidential, proprietary or trade secret

4  information.  Larian also objects to this request to the extent it seeks documents not

5  within Larian's possession, custody or control.

6         Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 128:**

13         All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

15  without limitation all diaries, notes, calendars, logs, phone records and letters, that

16  reflect, record or memorialize or otherwise RELATING TO any such

17  COMMUNICATIONS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

19         Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties.  Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

EXHIBIT __15__ PAGE __28__   - 138 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   or common interest privilege, or other privilege.

2         Subject to the foregoing, Larian will produce all documents within his

3   possession, custody, or control that are responsive to the request, if any, and that

4   have not already been produced, that he discovers in the course of his reasonable

5   search and diligent inquiry, and to which no privilege or other protection applies,

6   including without limitation, the attorney-client privilege or attorney's work

7   product doctrine.

8   **REQUEST FOR PRODUCTION NO. 129:**

9         All COMMUNICATIONS RELATING TO BRYANT between YOU

10  or MGA and Farhad Larian.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

12        Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also specifically

17  objects to this request on the grounds that it is overbroad and seeks information not

18  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

19  discovery of admissible evidence.  Larian also objects to this request on the grounds

20  that it seeks confidential, proprietary or commercially sensitive information, the

21  disclosure of which would be inimical to the business interests of Larian and one or

22  more third parties.  Larian also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work-product doctrine, joint defense or common interest

25  privilege, or other privilege.

26        Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request, if any, and that

28  have not already been produced, that he discovers in the course of his reasonable