1  search and diligent inquiry, and to which no privilege or other protection applies,

2  including without limitation, the attorney-client privilege or attorney's work

3  product doctrine.

4  **REQUEST FOR PRODUCTION NO. 130:**

5      All DOCUMENTS RELATING TO COMMUNICATIONS between

6  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

7  including without limitation all diaries, notes, calendars, logs, phone records and

8  letters, that reflect, record or memorialize or otherwise RELATING TO any such

9  COMMUNICATIONS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

11      Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also specifically

16  objects to this request on the grounds that it is overbroad, unduly burdensome and

17  oppressive including, without limitation, in potentially extending to

18  communications that Farhad Larian may have had with any of MGA's hundreds of

19  employees, agents or representatives, and regardless of whether any such

20  communication is related in any way to the subject matter of this lawsuit, MGA, or

21  MGA's business.  Larian also objects to this request on the grounds that it seeks

22  information in violation of the right of privacy.  Larian also objects to this request

23  on the grounds that it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian and one or more third parties.  Larian further objects to this request to the

26  extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28  Larian also objects to this request to the extent it calls for the disclosure of attorney-

EXHIBIT *15* PAGE *630*

- 140 -

1  client privileged information or information protected from disclosure by the work-

2  product doctrine, joint defense or common interest privilege, or other privilege.

3  Larian also objects to the extent this request seeks documents not in Larian's

4  possession, custody or control.

5         Subject to the foregoing, Larian will produce all documents within his

6  possession, custody, or control that are responsive to the request, if any, and that

7  have not already been produced, that he discovers in the course of his reasonable

8  search and diligent inquiry, and to which no privilege or other protection applies,

9  including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 131:**

12         All DOCUMENTS RELATING TO any and all payments or transfer

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Farhad Larian or

15  his FAMILY MEMBERS at any time since January 1, 2001.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy. Larian also objects to this request on the grounds that it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would

25  be inimical to the business interests of Larian and one or more third parties. Larian

26  also objects to this request to the extent it calls for the disclosure of attorney-client

27  privileged information or information protected from disclosure by the work-

28  product doctrine, joint defense or common interest privilege, or other privilege.

EXHIBIT _15_ PAGE _63_ - 141 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Larian also objects to this request to the extent it seeks documents not within

2   Larian's possession, custody or control.

3          Subject to the foregoing, Larian will produce all documents within his

4   possession, custody, or control that are responsive to the request, if any, and that

5   have not already been produced, that he discovers in the course of his reasonable

6   search and diligent inquiry, and to which no privilege or other protection applies,

7   including without limitation, the attorney-client privilege or attorney's work

8   product doctrine.

9   **REQUEST FOR PRODUCTION NO. 132:**

10          All contracts or agreements between YOU or MGA and Morad Zarabi.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein. Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence. Larian also objects to

17  this request on the grounds that it seeks information in violation of the right of

18  privacy. Larian also objects to this request on the grounds that it is overbroad,

19  unduly burdensome, and oppressive in seeking all contracts or agreements between

20  Larian or MGA and Morad Zarabi without limitation as to subject matter or time.

21  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties. Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27          Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

1  have not already been produced, that he discovers in the course of his reasonable

2  search and diligent inquiry, and to which no privilege or other protection applies,

3  including without limitation, the attorney-client privilege or attorney's work

4  product doctrine.

5  **REQUEST FOR PRODUCTION NO. 133:**

6       All COMMUNICATIONS RELATING TO BRATZ between YOU or

7  MGA and Morad Zarabi.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

9       Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it is overbroad, unduly burdensome and oppressive,

15  including, without limitation, in that it is unlimited as to time and potentially

16  extends to communications that Morad Zarabi may have had with any of MGA's

17  hundreds of employees, agents or representatives, and regardless of whether any

18  such communication is related in any way to the subject matter of this lawsuit,

19  Larian, MGA, or MGA's business.  Larian also objects to this request on the

20  grounds that it seeks information in violation of the right of privacy.  Larian also

21  objects to this request on the grounds that it seeks confidential, proprietary or

22  commercially sensitive information, the disclosure of which would be inimical to

23  the business interests of Larian and one or more third parties.  Larian further objects

24  to this request to the extent it seeks information the disclosure of which would

25  implicate the rights of third parties to protect private, confidential, proprietary or

26  trade secret information.  Larian also objects to this request to the extent it calls for

27  the disclosure of attorney-client privileged information or information protected

28  from disclosure by the work-product doctrine, joint defense or common interest

EXHIBIT _15_ PAGE _033_

- 143 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  privilege, or other privilege. Larian also objects to the extent this request seeks

2  documents not in Larian's possession, custody or control.

3       Subject to the foregoing, Larian will produce all documents within his

4  possession, custody, or control that are responsive to the request, if any, and that

5  have not already been produced, that he discovers in the course of his reasonable

6  search and diligent inquiry, and to which no privilege or other protection applies,

7  including without limitation, the attorney-client privilege or attorney's work

8  product doctrine.

9  **REQUEST FOR PRODUCTION NO. 134:**

10       All DOCUMENTS RELATING TO COMMUNICATIONS between

11  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

12  without limitation all diaries, notes, calendars, logs, phone records and letters, that

13  reflect, record or memorialize or otherwise RELATING TO any such

14  COMMUNICATIONS.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

16       Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence. Larian also specifically

21  objects to this request on the grounds that it is overbroad, unduly burdensome, and

22  oppressive in that it seeks all documents relating to communications between

23  Larian or MGA and Morad Zarabi that refer or relate to Bratz and is not otherwise

24  limited as to subject matter or time. Larian also objects to this request on the

25  grounds that it is overbroad, unduly burdensome and oppressive including, without

26  limitation, in potentially extending to communications that Morad Zarabi may have

27  had with any of MGA's hundreds of employees, agents or representatives, and

28  regardless of whether any such communication is related in any way to the subject

1  matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

2  request on the grounds that it seeks information in violation of the right of privacy.

3  Larian also objects to this request on the grounds that it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would

5  be inimical to the business interests of Larian and one or more third parties.  Larian

6  further objects to this request to the extent it seeks information the disclosure of

7  which would implicate the rights of third parties to protect private, confidential,

8  proprietary or trade secret information.  Larian also objects to this request to the

9  extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege.  Larian also objects to the extent

12  this request seeks documents not in Larian's possession, custody or control.

13          Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, and to which no privilege or other protection applies,

17  including without limitation, the attorney-client privilege or attorney's work

18  product doctrine.

19  **REQUEST FOR PRODUCTION NO. 135:**

20          All COMMUNICATIONS RELATING TO BRYANT between YOU

21  or MGA and Morad Zarabi.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the grounds that it seeks confidential, proprietary or commercially

EXHIBIT _15_ PAGE _655_    - 45 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   sensitive information, the disclosure of which would be inimical to the business

2   interests of Larian and one or more third parties.  Larian also objects to this request

3   to the extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6          Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 136:**

13          All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

15  including without limitation all diaries, notes, calendars, logs, phone records and

16  letters, that reflect, record or memorialize or otherwise RELATING TO any such

17  COMMUNICATIONS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also specifically

24  objects to this request on the grounds that it is overbroad, unduly burdensome, and

25  oppressive in that it seeks all documents relating to communications between

26  Larian or MGA and Morad Zarabi that refer or relate to Bryant and is not otherwise

27  limited as to subject matter or time.  Larian also objects to this request on the

28  grounds that it is overbroad, unduly burdensome and oppressive including, without

EXHIBIT _15_ PAGE _632_    - 146 -

1  limitation, in potentially extending to communications that Morad Zarabi may have

2  had with any of MGA's hundreds of employees, agents or representatives, and

3  regardless of whether any such communication is related in any way to the subject

4  matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

5  request on the grounds that it seeks information in violation of the right of privacy.

6  Larian also objects to this request on the grounds that it seeks confidential,

7  proprietary or commercially sensitive information, the disclosure of which would

8  be inimical to the business interests of Larian and one or more third parties.  Larian

9  further objects to this request to the extent it seeks information the disclosure of

10  which would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information.  Larian also objects to this request to the

12  extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege.  Larian also objects to the extent

15  this request seeks documents not in Larian's possession, custody or control.

16         Subject to the foregoing, Larian will produce all documents within his

17  possession, custody, or control that are responsive to the request, if any, and that

18  have not already been produced, that he discovers in the course of his reasonable

19  search and diligent inquiry, and to which no privilege or other protection applies,

20  including without limitation, the attorney-client privilege or attorney's work

21  product doctrine.

22  **REQUEST FOR PRODUCTION NO. 137:**

23         All DOCUMENTS RELATING TO any and all payments or transfer

24  of anything of value that YOU or MGA have made, have offered or proposed to

25  make or have promised or agreed to make, to or for the benefit of Morad Zarabi or

26  his FAMILY MEMBERS at any time since January 1, 2001.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

28         Larian incorporates by reference the above-stated general objections as

EXHIBIT _15_ PAGE _637_  - 147 -

1   if fully set forth herein. Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also objects to

5   this request on the grounds that it seeks information in violation of the right of

6   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

7   proprietary or commercially sensitive information, the disclosure of which would

8   be inimical to the business interests of Larian and one or more third parties.  Larian

9   also objects to this request to the extent it calls for the disclosure of attorney-client

10   privileged information or information protected from disclosure by the work-

11   product doctrine, joint defense or common interest privilege, or other privilege.

12   Larian also objects to this request to the extent it seeks documents not within

13   Larian's possession, custody or control.

14            Subject to the foregoing, Larian will produce all documents within his

15   possession, custody, or control that are responsive to the request, if any, and that

16   have not already been produced, that he discovers in the course of his reasonable

17   search and diligent inquiry, and to which no privilege or other protection applies,

18   including without limitation, the attorney-client privilege or attorney's work

19   product doctrine.

20   **REQUEST FOR PRODUCTION NO. 138:**

21            All DOCUMENTS RELATING TO any and all payments or transfers

22   of anything of value that YOU or MGA have made, have offered or proposed to

23   make or have promised or agreed to make, to or for the benefit of BRYANT or his

24   FAMILY MEMBERS.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

26            Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein.  Larian also specifically objects to this request on the

28   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information not relevant to the subject matter of this lawsuit or reasonably

2  calculated to lead to the discovery of admissible evidence. Larian also specifically

3  objects to this request on the grounds that it is overbroad, unlimited as to time, and

4  unduly burdensome and oppressive. Larian also objects to this request on the

5  grounds that it seeks information in violation of the right of privacy. Larian also

6  objects to this request on the grounds that it seeks confidential, proprietary or

7  commercially sensitive information, the disclosure of which would be inimical to

8  the business interests of Larian and one or more third parties. Larian also objects to

9  this request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege.

12        Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 139:**

19        All DOCUMENTS RELATING TO any and all payments or transfers

20  of anything of value that YOU or MGA have made, have offered or proposed to

21  make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

22  her FAMILY MEMBERS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

24        Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

EXHIBIT _15_ PAGE _639_ - 149 -

1  this request on the grounds that it is overbroad, unlimited as to time, and unduly

2  burdensome and oppressive. Larian also objects to this request on the grounds that

3  it seeks information in violation of the right of privacy. Larian also objects to this

4  request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties. Larian also objects to this request

7  to the extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege.

10          Subject to the foregoing, Larian will produce all documents relating to

11  payments made before January 1, 2001 and all documents pertaining to payments

12  related to Bratz or Angel made prior to December 31, 2001 within his possession,

13  custody, or control that are responsive to the request, if any, and that have not

14  already been produced, that he discovers in the course of his reasonable search and

15  diligent inquiry, and to which no privilege or other protection applies, including

16  without limitation, the attorney-client privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 140:**

18          All DOCUMENTS RELATING TO any and all payments or transfers

19  of anything of value that YOU or MGA have made, have offered or proposed to

20  make or have promised or agreed to make, to or for the benefit of Margaret Hatch

21  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

22  MEMBERS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

EXHIBIT _15_ PAGE _640_     - 150 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   this request on the grounds that it is overbroad, unlimited as to time, and unduly

2   burdensome and oppressive. Larian also objects to this request on the grounds that

3   it seeks information in violation of the right of privacy. Larian also objects to this

4   request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of Larian and one or more third parties. Larian also objects to this request

7   to the extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10          Subject to the foregoing, Larian will produce all documents relating to

11   payments made before January 1, 2001 and all documents pertaining to payments

12   related to Bratz or Angel made prior to December 31, 2001 within his possession,

13   custody, or control that are responsive to the request, if any, and that have not

14   already been produced, that he discovers in the course of his reasonable search and

15   diligent inquiry, and to which no privilege or other protection applies, including

16   without limitation, the attorney-client privilege or attorney's work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 141:**

18          All DOCUMENTS RELATING TO any and all payments or transfers

19   of anything of value that YOU or MGA have made, have offered or proposed to

20   make or have promised or agreed to make, to or for the benefit of Amy Meyers or

21   her FAMILY MEMBERS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

23          Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein. Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence. Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

EXHIBIT _15_ PAGE _641_   - 151 -

1   burdensome and oppressive.  Larian also objects to this request on the grounds that

2   it seeks information in violation of the right of privacy.  Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.

9           Subject to the foregoing, Larian will produce all documents relating to

10  payments made before January 1, 2001 and all documents pertaining to payments

11  related to Bratz or Angel made prior to December 31, 2001 within his possession,

12  custody, or control that are responsive to the request, if any, and that have not

13  already been produced, that he discovers in the course of his reasonable search and

14  diligent inquiry, and to which no privilege or other protection applies, including

15  without limitation, the attorney-client privilege or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 142:**

17          All DOCUMENTS RELATING TO any and all payments or transfers

18  of anything of value that YOU or MGA have made, have offered or proposed to

19  make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

20  her FAMILY MEMBERS at any time since January 1, 1999.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also objects to

27  this request on the grounds that it seeks information in violation of the right of

28  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

EXHIBIT _15_ PAGE _642_ - 152 -

1  proprietary or commercially sensitive information, the disclosure of which would

2  be inimical to the business interests of Larian and one or more third parties.  Larian

3  also objects to this request to the extent it calls for the disclosure of attorney-client

4  privileged information or information protected from disclosure by the work-

5  product doctrine, joint defense or common interest privilege, or other privilege.

6           Subject to the foregoing, Larian will produce all documents relating to

7  payments made before January 1, 2001 and all documents pertaining to payments

8  related to Bratz or Angel made prior to December 31, 2001 within his possession,

9  custody, or control that are responsive to the request, if any, and that have not

10  already been produced, that he discovers in the course of his reasonable search and

11  diligent inquiry, and to which no privilege or other protection applies, including

12  without limitation, the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 143:**

14           All DOCUMENTS RELATING TO any and all payments or transfers

15  of anything of value that YOU or MGA have made, have offered or proposed to

16  make or have promised or agreed to make, to or for the benefit of Maureen Mullen

17  or her FAMILY MEMBERS at any time since January 1, 1999.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

19           Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it seeks information in violation of the right of

25  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would

27  be inimical to the business interests of Larian and one or more third parties.  Larian

28  also objects to this request to the extent it calls for the disclosure of attorney-client

EXHIBIT _15_ PAGE _643_ - 153 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   privileged information or information protected from disclosure by the work-

2   product doctrine, joint defense or common interest privilege, or other privilege.

3           Subject to the foregoing, Larian will produce all documents relating to

4   payments made before January 1, 2001 and all documents pertaining to payments

5   related to Bratz or Angel made prior to December 31, 2001 within his possession,

6   custody, or control that are responsive to the request, if any, and that have not

7   already been produced, that he discovers in the course of his reasonable search and

8   diligent inquiry, and to which no privilege or other protection applies, including

9   without limitation, the attorney-client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 144:**

11          All DOCUMENTS RELATING TO any and all payments or transfers

12  of anything of value that YOU or MGA have made, have offered or proposed to

13  make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

14  or her FAMILY MEMBERS.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

16          Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence. Larian also objects to

21  this request on the grounds that it is overbroad, unlimited as to time, and unduly

22  burdensome and oppressive. Larian also objects to this request on the grounds that

23  it seeks information in violation of the right of privacy. Larian also objects to this

24  request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties. Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

EXHIBIT 15 PAGE 6044
- 154 -
LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   or common interest privilege, or other privilege.

2          Subject to the foregoing, Larian will produce all documents relating to

3   payments made before January 1, 2001 and all documents pertaining to payments

4   related to Bratz or Angel made prior to December 31, 2001 within his possession,

5   custody, or control that are responsive to the request, if any, and that have not

6   already been produced, that he discovers in the course of his reasonable search and

7   diligent inquiry, and to which no privilege or other protection applies, including

8   without limitation, the attorney-client privilege or attorney's work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 145:**

10          All DOCUMENTS RELATING TO any and all payments or transfers

11   of anything of value that YOU or MGA have made, have offered or proposed to

12   make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

13   his FAMILY MEMBERS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

15          Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also objects to

20   this request on the grounds that it is overbroad, unlimited as to time, and unduly

21   burdensome and oppressive. Larian also objects to this request on the grounds that

22   it seeks information in violation of the right of privacy. Larian also objects to this

23   request on the grounds that it seeks confidential, proprietary or commercially

24   sensitive information, the disclosure of which would be inimical to the business

25   interests of Larian and one or more third parties. Larian also objects to this request

26   to the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege.

EXHIBIT *15* PAGE *645* - 155 -

1    Subject to the foregoing, Larian will produce all documents relating to

2  payments made before January 1, 2001 and all documents pertaining to payments

3  related to Bratz or Angel made prior to December 31, 2001 within his possession,

4  custody, or control that are responsive to the request, if any, and that have not

5  already been produced, that he discovers in the course of his reasonable search and

6  diligent inquiry, and to which no privilege or other protection applies, including

7  without limitation, the attorney-client privilege or attorney's work product doctrine.

8  **REQUEST FOR PRODUCTION NO. 146:**

9    All DOCUMENTS RELATING TO any and all payments or transfers

10  of anything of value that YOU or MGA have made, have offered or proposed to

11  make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

12  FAMILY MEMBERS at any time since January 1, 1999.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

14    Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence.  Larian also objects to

19  this request on the grounds that it seeks information in violation of the right of

20  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would

22  be inimical to the business interests of Larian and one or more third parties.  Larian

23  also objects to this request to the extent it calls for the disclosure of attorney-client

24  privileged information or information protected from disclosure by the work-

25  product doctrine, joint defense or common interest privilege, or other privilege.

26    Subject to the foregoing, Larian will produce all documents relating to

27  payments made before January 1, 2001 and all documents pertaining to payments

28  related to Bratz or Angel made prior to December 31, 2001 within his possession,

EXHIBIT **15** PAGE **646** - 156 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  custody, or control that are responsive to the request, if any, and that have not

2  already been produced, that he discovers in the course of his reasonable search and

3  diligent inquiry, and to which no privilege or other protection applies, including

4  without limitation, the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 147:**

6        All DOCUMENTS RELATING TO any indemnification that

7  BRYANT has sought, proposed, requested or obtained in connection with this

8  ACTION.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

10       Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein. Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence. Larian also specifically

15  objects to this request on the grounds that it seeks information in violation of the

16  right of privacy. Larian also objects to this request on the grounds that it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of

18  which would be inimical to the business interests of Larian and one or more third

19  parties. Larian also objects to this request to the extent it calls for the disclosure of

20  attorney-client privileged information or information protected from disclosure by

21  the work-product doctrine, joint defense or common interest privilege, or other

22  privilege.

23       Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, and to which no privilege or other protection applies,

27  including without limitation, the attorney-client privilege or attorney's work

28  product doctrine.

15  PAGE 647  - 157 -

1   **REQUEST FOR PRODUCTION NO. 148:**

2         All DOCUMENTS RELATING TO any indemnification that Elise

3   Cloonan has sought, proposed, requested or obtained in connection with this

4   ACTION.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

6         Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein. Larian also specifically objects to this request on the

8   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably

10   calculated to lead to the discovery of admissible evidence. Larian also objects to

11   this request on the grounds that it seeks information in violation of the right of

12   privacy. Larian also objects to this request on the grounds that it seeks confidential,

13   proprietary or commercially sensitive information, the disclosure of which would

14   be inimical to the business interests of Larian and one or more third parties. Larian

15   also objects to this request to the extent it calls for the disclosure of attorney-client

16   privileged information or information protected from disclosure by the work-

17   product doctrine, joint defense or common interest privilege, or other privilege.

18         Subject to the foregoing, Larian will produce all documents within his

19   possession, custody, or control that are responsive to the request, if any, and that

20   have not already been produced, that he discovers in the course of his reasonable

21   search and diligent inquiry, and to which no privilege or other protection applies,

22   including without limitation, the attorney-client privilege or attorney's work

23   product doctrine.

24   **REQUEST FOR PRODUCTION NO. 149:**

25         All DOCUMENTS RELATING TO any indemnification that Margaret

26   Hatch-Leahy has sought, proposed, requested or obtained in connection with this

27   ACTION.

28



- 158 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

2        Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the grounds that it seeks information in violation of the right of

8  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would

10  be inimical to the business interests of Larian and one or more third parties.  Larian

11  also objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14        Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, and to which no privilege or other protection applies,

18  including without limitation, the attorney-client privilege or attorney's work

19  product doctrine.

20  **REQUEST FOR PRODUCTION NO. 150:**

21        All DOCUMENTS RELATING TO any indemnification that Veronica

22  Marlow has sought, proposed, requested or obtained in connection with this

23  ACTION.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

25        Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

4   proprietary or commercially sensitive information, the disclosure of which would

5   be inimical to the business interests of Larian and one or more third parties.  Larian

6   also objects to this request to the extent it calls for the disclosure of attorney-client

7   privileged information or information protected from disclosure by the work-

8   product doctrine, joint defense or common interest privilege, or other privilege.

9          Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request, if any, and that

11  have not already been produced, that he discovers in the course of his reasonable

12  search and diligent inquiry, and to which no privilege or other protection applies,

13  including without limitation, the attorney-client privilege or attorney's work

14  product doctrine.

15  **REQUEST FOR PRODUCTION NO. 151:**

16          All DOCUMENTS RELATING TO any indemnification that Sarah

17  Halpern has sought, proposed, requested or obtained in connection with this

18  ACTION.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also objects to

25  this request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties.  Larian also objects to this request

28  on the grounds that it seeks information in violation of the right of privacy.  Larian

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   also objects to this request to the extent it calls for the disclosure of attorney-client

2   privileged information or information protected from disclosure by the work-

3   product doctrine, joint defense or common interest privilege, or other privilege.

4          Subject to the foregoing, Larian will produce all documents within his

5   possession, custody, or control that are responsive to the request, if any, and that

6   have not already been produced, that he discovers in the course of his reasonable

7   search and diligent inquiry, and to which no privilege or other protection applies,

8   including without limitation, the attorney-client privilege or attorney's work

9   product doctrine.

10  **REQUEST FOR PRODUCTION NO. 152:**

11         All DOCUMENTS RELATING TO any indemnification that Paula

12  Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

13  obtained in connection with this ACTION.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it seeks information in violation of the right of

21  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties.  Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27         Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

15 _ PAGE 65 161 -

1  have not already been produced, that he discovers in the course of his reasonable

2  search and diligent inquiry, and to which no privilege or other protection applies,

3  including without limitation, the attorney-client privilege or attorney's work

4  product doctrine.

5  **REQUEST FOR PRODUCTION NO. 153:**

6          To the extent not covered by other Requests, all DOCUMENTS

7  RELATING TO any indemnification that any PERSON has sought, proposed,

8  requested or obtained in connection with this ACTION.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

10          Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad and seeks information not relevant to the subject matter

13  of this lawsuit or reasonably calculated to lead to the discovery of admissible

14  evidence.  Larian also objects to this request on the grounds that it seeks

15  information in violation of the right of privacy.  Larian also objects to this request

16  on the grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22          Subject to the foregoing, Larian will produce all documents within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28



-162-

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **REQUEST FOR PRODUCTION NO. 154:**

2        All DOCUMENTS RELATING TO any indemnification that YOU or

3  MGA have sought, proposed, requested or obtained in connection with this

4  ACTION.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

6        Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that seeks information not relevant to the subject matter of this lawsuit or

9  reasonably calculated to lead to the discovery of admissible evidence.  Larian also

10  specifically objects to this request on the grounds that it seeks information in

11  violation of the right of privacy.  Larian also objects to this request on the grounds

12  that it seeks confidential, proprietary or commercially sensitive information, the

13  disclosure of which would be inimical to the business interests of Larian and one or

14  more third parties.  Larian also objects to this request to the extent it calls for the

15  disclosure of attorney-client privileged information or information protected from

16  disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.

18        Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, and to which no privilege or other protection applies,

22  including without limitation, the attorney-client privilege or attorney's work

23  product doctrine.

24  **REQUEST FOR PRODUCTION NO. 155:**

25        All COMMUNICATIONS between YOU or MGA and Universal

26  Commerce Corp., Ltd. prior to June 1, 2001.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

28        Larian incorporates by reference the above-stated general objections as

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    if fully set forth herein. Larian also specifically objects to this request on the

2    grounds that it is overbroad and unduly burdensome, including, without limitation,

3    in that it seeks all communications between Larian or MGA and Universal

4    Commerce Corp., without regard to subject matter, and extends back in time

5    indefinitely. Larian also objects to this request on the grounds that it seeks

6    confidential, proprietary or commercially sensitive information, the disclosure of

7    which would be inimical to the business interests of Larian and one or more third

8    parties. Larian further objects to this request to the extent it seeks information the

9    disclosure of which would implicate the rights of third parties to protect private,

10   confidential, proprietary or trade secret information. Larian also objects to this

11   request to the extent it calls for the disclosure of attorney-client privileged

12   information or information protected from disclosure by the work-product doctrine,

13   joint defense or common interest privilege, or other privilege.

14           Subject to the foregoing, Larian will produce all documents within his

15   possession, custody, or control that are responsive to the request, if any, and that

16   have not already been produced, that he discovers in the course of his reasonable

17   search and diligent inquiry, and to which no privilege or other protection applies,

18   including without limitation, the attorney-client privilege or attorney's work

19   product doctrine.

20   **REQUEST FOR PRODUCTION NO. 156:**

21           All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

22   were prepared, authored or created by MATTEL, that BRYANT has ever provided

23   to, shown, described to, communicated to or disclosed in any manner to YOU or

24   MGA.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

26           Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein. Larian also specifically objects to this request on the

28   grounds that it is overbroad and seeks information not relevant to the subject matter

*15* PAGE *654* - 164 -

of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence including, without limitation, in that it seeks all documents that refer or relate to Mattel and is not otherwise limited as to subject matter or time. Larian also objects to this request on the grounds that it is overbroad, without limitation, in potentially extending to any document that refers or relates to Mattel that Bryant showed to anybody who now works for MGA, even if Bryant showed the document to such person before one or either of them began work for MGA, and, indeed, while Bryant and such person both worked for Mattel, and without regard to whether such person has or had anything to do with the subject matter of this lawsuit. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 157:**

All COMMUNICATIONS between YOU or MGA and BRYANT prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise

EXHIBIT _15_ PAGE _655_   - 165 -

1   RELATING TO any such COMMUNICATIONS.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

3           Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, unduly burdensome and oppressive, without limitation,

6   in potentially extending to communications that Bryant may have had with any of

7   MGA's hundreds of employees, agents or representatives, and regardless of whether

8   any such communication is related in any way to the subject matter of this lawsuit,

9   MGA, or MGA's business.  Larian also objects to this request on the grounds that it

10  seeks information in violation of the right of privacy.  Larian also objects to this

11  request to the extent it seeks information the disclosure of which would implicate

12  the rights of third parties to protect private, confidential, proprietary or trade secret

13  information.  Larian also objects to this request on the grounds that it seeks

14  confidential, proprietary or commercially sensitive information, the disclosure of

15  which would be inimical to the business interests of Larian and one or more third

16  parties.  Larian also objects to this request to the extent it calls for the disclosure of

17  attorney-client privileged information or information protected from disclosure by

18  the work-product doctrine, joint defense or common interest privilege, or other

19  privilege.  Larian also objects to this request to the extent it seeks documents not

20  within Larian's possession, custody or control.

21          Subject to the foregoing, Larian will produce all documents within his

22  possession, custody, or control that are responsive to the request, if any, and that

23  have not already been produced, that he discovers in the course of his reasonable

24  search and diligent inquiry, and to which no privilege or other protection applies,

25  including without limitation, the attorney-client privilege or attorney's work

26  product doctrine.

27  **REQUEST FOR PRODUCTION NO. 158:**

28          All COMMUNICATIONS between YOU or MGA and Elise Cloonan

EXHIBIT _15_ PAGE _69_

- 166 -

1   that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

2   including without limitation all diaries, notes, calendars, logs, phone records and

3   letters, that reflect, record or memorialize or otherwise RELATING TO any such

4   COMMUNICATIONS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

6            Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein.  Larian also specifically objects to this request on the

8   grounds that it is overbroad, unduly burdensome and oppressive, including, without

9   limitation, in that it seeks communications that any of MGA's hundreds of

10  employees, agents or representatives may have exchanged at any time with Elise

11  Cloonan that refer or relate to Bryant, Mattel (or any of its officers, directors,

12  employees, or representatives, regardless of whether such person was employed by

13  Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

14  whether any such communication is related in any way to the subject matter of this

15  lawsuit.  Larian also objects to this request as overbroad in that it is unlimited as to

16  time.  Larian also objects to this request on the grounds that it seeks information in

17  violation of the right of privacy.  Larian also objects to this request to the extent it

18  seeks information the disclosure of which would implicate the rights of third parties

19  to protect private, confidential, proprietary or trade secret information.  Larian

20  further objects to this request on the grounds that it seeks confidential, proprietary

21  or commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of Larian.  Larian also objects to this request to the extent it

23  calls for the disclosure of attorney-client privileged information or information

24  protected from disclosure by the work-product doctrine, joint defense or common

25  interest privilege, or other privilege.  Larian also objects to this request to the extent

26  it seeks documents not within Larian's possession, custody or control.

27           Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

EXHIBIT _15_ PAGE _657_ - 167 -

1   have not already been produced, that he discovers in the course of his reasonable

2   search and diligent inquiry, and to which no privilege or other protection applies,

3   including without limitation, the attorney-client privilege or attorney's work

4   product doctrine.

5   **REQUEST FOR PRODUCTION NO. 159:**

6         All COMMUNICATIONS between YOU or MGA and Elise Cloonan

7   prior to June 11, 2002, including without limitation all diaries, notes, calendars,

8   logs, phone records and letters, that reflect, record or memorialize or otherwise

9   RELATING TO any such COMMUNICATIONS.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11        Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein. Larian also specifically objects to this request on the

13  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence, including, without

16  limitation, in that it seeks all communications between Larian or MGA and Elise

17  Cloonan and is not otherwise limited as to subject matter. Larian also objects to

18  this request on the grounds that it is overbroad, unduly burdensome and oppressive,

19  without limitation, in potentially extending to communications that Elise Cloonan

20  may have had with any of MGA's hundreds of employees, agents or

21  representatives, and regardless of whether any such communication is related in any

22  way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also

23  objects to this request on the grounds that it seeks information in violation of the

24  right of privacy. Larian also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to

26  protect private, confidential, proprietary or trade secret information. Larian further

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT *15* PAGE *658* - 168 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  the business interests of Larian.  Larian also objects to this request to the extent it

2  calls for the disclosure of attorney-client privileged information or information

3  protected from disclosure by the work-product doctrine, joint defense or common

4  interest privilege, or other privilege.  Larian also objects to this request to the extent

5  it seeks documents not within Larian's possession, custody or control.

6        Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 160:**

13        All COMMUNICATIONS between YOU or MGA and Veronica

14  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

15  calendars, logs, phone records and letters, that reflect, record or memorialize or

16  otherwise RELATING TO any such COMMUNICATIONS.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

18        Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence, including, without

23  limitation, in that it seeks all communications between Larian or MGA and

24  Veronica Marlow and is not otherwise limited as to subject matter.  Larian also

25  objects to this request on the grounds that it is overbroad, unduly burdensome and

26  oppressive, without limitation, in potentially extending to communications that

27  Veronica Marlow may have had with any of MGA's hundreds of employees, agents

28  or representatives, and regardless of whether any such communication is related in

EXHIBIT _15_ PAGE _659_ - 169 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

any way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 161:**

All COMMUNICATIONS between YOU or MGA and Mercedeh Ward prior to November 6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without



1  limitation, in that it seeks all communications between Larian or MGA and

2  Mercedeh Ward and is not otherwise limited as to subject matter.  Larian also

3  objects to this request on the grounds that it is overbroad, unduly burdensome and

4  oppressive, without limitation, in potentially extending to communications that

5  Mercedeh Ward may have had with any of MGA's hundreds of employees, agents

6  or representatives, and regardless of whether any such communication is related in

7  any way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian

8  also objects to this request on the grounds that it seeks information in violation of

9  the right of privacy.  Larian also objects to this request to the extent it seeks

10  information the disclosure of which would implicate the rights of third parties to

11  protect private, confidential, proprietary or trade secret information.  Larian further

12  objects to this request on the grounds that it seeks confidential, proprietary or

13  commercially sensitive information, the disclosure of which would be inimical to

14  the business interests of Larian.  Larian also objects to this request to the extent it

15  calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work-product doctrine, joint defense or common

17  interest privilege, or other privilege.  Larian also objects to this request to the extent

18  it seeks documents not within Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 162:**

26          All COMMUNICATIONS between YOU or MGA and Margaret

27  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to

28  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

EXHIBIT _15_ PAGE _667_      - 171 -

1   phone records and letters, that reflect, record or memorialize or otherwise

2   RELATING TO any such COMMUNICATIONS.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

4           Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein. Larian also specifically objects to this request on the

6   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence, including, without

9   limitation, in that it seeks all communications between Larian or MGA and

10  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and

11  is not otherwise limited as to subject matter. Larian also objects to this request on

12  the grounds that it is overbroad, unduly burdensome and oppressive, without

13  limitation, in potentially extending to communications that Margaret Hatch (also

14  known as Margaret Leahy and/or Margaret Hatch-Leahy) may have had with any of

15  MGA's hundreds of employees, agents or representatives, and regardless of

16  whether any such communication is related in any way to the subject matter of this

17  lawsuit, MGA, or MGA's business. Larian also objects to this request on the

18  grounds that it seeks information in violation of the right of privacy. Larian also

19  objects to this request to the extent it seeks information the disclosure of which

20  would implicate the rights of third parties to protect private, confidential,

21  proprietary or trade secret information. Larian further objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive

23  information, the disclosure of which would be inimical to the business interests of

24  Larian. Larian also objects to this request to the extent it calls for the disclosure of

25  attorney-client privileged information or information protected from disclosure by

26  the work-product doctrine, joint defense or common interest privilege, or other

27  privilege. Larian also objects to this request to the extent it seeks documents not

28  within Larian's possession, custody or control.

 EXHIBIT _15_ PAGE _662_ - 172 -

1    Subject to the foregoing, Larian will produce all documents within his

2  possession, custody, or control that are responsive to the request, if any, and that

3  have not already been produced, that he discovers in the course of his reasonable

4  search and diligent inquiry, and to which no privilege or other protection applies,

5  including without limitation, the attorney-client privilege or attorney's work

6  product doctrine.

7  **REQUEST FOR PRODUCTION NO. 163:**

8    All COMMUNICATIONS between YOU or MGA and Anna Rhee

9  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

10  logs, phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

13    Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence, including, without

18  limitation, in that it seeks all communications between Larian or MGA and Anna

19  Rhee and is not otherwise limited as to subject matter. Larian also objects to this

20  request on the grounds that it is overbroad, unduly burdensome and oppressive,

21  without limitation, in potentially extending to communications that Anna Rhee may

22  have had with any of MGA's hundreds of employees, agents or representatives, and

23  regardless of whether any such communication is related in any way to the subject

24  matter of this lawsuit, MGA, or MGA's business. Larian also objects to this request

25  on the grounds that it seeks information in violation of the right of privacy. Larian

26  also objects to this request to the extent it seeks information the disclosure of which

27  would implicate the rights of third parties to protect private, confidential,

28  proprietary or trade secret information. Larian further objects to this request on the

LARIAN 15 PAGE 663 - 173 -

1  grounds that it seeks confidential, proprietary or commercially sensitive

2  information, the disclosure of which would be inimical to the business interests of

3  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

4  attorney-client privileged information or information protected from disclosure by

5  the work-product doctrine, joint defense or common interest privilege, or other

6  privilege.  Larian also objects to this request to the extent it seeks documents not

7  within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce all documents within his

9  possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, and to which no privilege or other protection applies,

12  including without limitation, the attorney-client privilege or attorney's work

13  product doctrine.

14  **REQUEST FOR PRODUCTION NO. 164:**

15          ALL COMMUNICATIONS between Veronica Marlow and Anna

16  Rhee prior to January 1, 2001, including without limitation all diaries, notes,

17  calendars, logs, phone records and letters, that reflect, record or memorialize or

18  otherwise RELATING TO any such COMMUNICATIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad and unduly burdensome, and seeks information not

23  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

24  discovery of admissible evidence, including, without limitation, in that it seeks all

25  communications between Veronica Marlow and Anna Rhee and is not otherwise

26  limited as to subject matter.  Larian also objects to this request on the grounds that

27  it seeks information in violation of the right of privacy.  Larian also objects to this

28  request to the extent it seeks information the disclosure of which would implicate



LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   the rights of third parties to protect private, confidential, proprietary or trade secret

2   information. Larian also objects to this request on the grounds that it seeks

3   confidential, proprietary or commercially sensitive information, the disclosure of

4   which would be inimical to the business interests of Larian and one or more third

5   parties. Larian also objects to this request to the extent it calls for the disclosure of

6   attorney-client privileged information or information protected from disclosure by

7   the work-product doctrine, joint defense or common interest privilege, or other

8   privilege. Larian also objects to this request to the extent it seeks documents not

9   within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11  possession, custody, or control that are responsive to the request, if any, and that

12  have not already been produced, that he discovers in the course of his reasonable

13  search and diligent inquiry, and to which no privilege or other protection applies,

14  including without limitation, the attorney-client privilege or attorney's work

15  product doctrine.

16  **REQUEST FOR PRODUCTION NO. 165:**

17          All COMMUNICATIONS between YOU or MGA and Sarah Halpern

18  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

19  logs, phone records and letters, that reflect, record or memorialize or otherwise

20  RELATING TO any such COMMUNICATIONS.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

22          Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein. Larian also specifically objects to this request on the

24  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence, including, without

27  limitation, in that it seeks all communications between Larian or MGA and Sarah

28  Halpern and is not otherwise limited as to subject matter. Larian also objects to this

1  request on the grounds that it is overbroad, unduly burdensome and oppressive,

2  without limitation, in potentially extending to communications that Sarah Halpern

3  may have had with any of MGA's hundreds of employees, agents or

4  representatives, and regardless of whether any such communication is related in any

5  way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also

6  objects to this request on the grounds that it seeks information in violation of the

7  right of privacy. Larian also objects to this request to the extent it seeks

8  information the disclosure of which would implicate the rights of third parties to

9  protect private, confidential, proprietary or trade secret information. Larian further

10  objects to this request on the grounds that it seeks confidential, proprietary or

11  commercially sensitive information, the disclosure of which would be inimical to

12  the business interests of Larian. Larian also objects to this request to the extent it

13  calls for the disclosure of attorney-client privileged information or information

14  protected from disclosure by the work-product doctrine, joint defense or common

15  interest privilege, or other privilege. Larian also objects to this request to the extent

16  it seeks documents not within Larian's possession, custody or control.

17  Subject to the foregoing, Larian will produce all documents within his

18  possession, custody, or control that are responsive to the request, if any, and that

19  have not already been produced, that he discovers in the course of his reasonable

20  search and diligent inquiry, and to which no privilege or other protection applies,

21  including without limitation, the attorney-client privilege or attorney's work

22  product doctrine.

23  **REQUEST FOR PRODUCTION NO. 166:**

24  All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

25  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

26  logs, phone records and letters, that reflect, record or memorialize or otherwise

27  RELATING TO any such COMMUNICATIONS.

28

EXHIBIT _15_ PAGE _Coldo_ - 176 -

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

2          Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein. Larian also specifically objects to this request on the

4   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence, including, without

7   limitation, in that it seeks all communications between Larian or MGA and Jesse

8   Ramirez and is not otherwise limited as to subject matter. Larian also objects to

9   this request on the grounds that it is overbroad, unduly burdensome and oppressive,

10   without limitation, in potentially extending to communications that Jesse Ramirez

11   may have had with any of MGA's hundreds of employees, agents or

12   representatives, and regardless of whether any such communication is related in any

13   way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also

14   objects to this request on the grounds that it seeks information in violation of the

15   right of privacy. Larian also objects to this request to the extent it seeks

16   information the disclosure of which would implicate the rights of third parties to

17   protect private, confidential, proprietary or trade secret information. Larian further

18   objects to this request on the grounds that it seeks confidential, proprietary or

19   commercially sensitive information, the disclosure of which would be inimical to

20   the business interests of Larian. Larian also objects to this request to the extent it

21   calls for the disclosure of attorney-client privileged information or information

22   protected from disclosure by the work-product doctrine, joint defense or common

23   interest privilege, or other privilege. Larian also objects to this request to the extent

24   it seeks documents not within Larian's possession, custody or control.

25          Subject to the foregoing, Larian will produce all documents within his

26   possession, custody, or control that are responsive to the request, if any, and that

27   have not already been produced, that he discovers in the course of his reasonable

28   search and diligent inquiry, and to which no privilege or other protection applies,



EXHIBIT *15* PAGE *667* - 177 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   including without limitation, the attorney-client privilege or attorney's work

2   product doctrine.

3   **REQUEST FOR PRODUCTION NO. 167:**

4       Any personnel or vendor file that YOU created, control, or maintain

5   concerning BRYANT.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

7       Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad and unduly burdensome, and seeks information not

10   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

11   discovery of admissible evidence, including, without limitation, in that it seeks any

12   personnel or vendor file concerning Bryant created or maintained by Larian and is

13   not otherwise limited as to subject matter or time.  Larian also objects to this

14   request on the grounds that it is vague and ambiguous in that Larian cannot

15   determine what is meant by "vendor file."  Larian also objects to this request on the

16   grounds that it seeks information in violation of the right of privacy.  Larian also

17   objects to this request to the extent it seeks information the disclosure of which

18   would implicate the rights of third parties to protect private, confidential,

19   proprietary or trade secret information.  Larian also objects to this request on the

20   grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian and one or more third parties.  Larian also objects to this request to the

23   extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense

25   or common interest privilege, or other privilege.

26       Subject to the foregoing, Larian will produce all documents within his

27   possession, custody, or control that are responsive to the request, if any, and that

28   have not already been produced, that he discovers in the course of his reasonable



- 178 -

1   search and diligent inquiry, and to which no privilege or other protection applies,

2   including without limitation, the attorney-client privilege or attorney's work

3   product doctrine.

4   **REQUEST FOR PRODUCTION NO. 168:**

5      Any personnel file that YOU created, control, or maintain concerning

6   Paula Garcia (also known as Paula Treantafellas).

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

8      Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad and unduly burdensome, and seeks information not

11   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

12   discovery of admissible evidence, including, without limitation, in that it seeks any

13   personnel or vendor file concerning Paula Garcia created or maintained by Larian

14   and is not otherwise limited as to subject matter or time.  Larian also objects to this

15   request on the grounds that it is vague and ambiguous in that Larian cannot

16   determine what is meant by "vendor file."  Larian also objects to this request on the

17   grounds that it seeks information in violation of the right of privacy.  Larian also

18   objects to this request to the extent it seeks information the disclosure of which

19   would implicate the rights of third parties to protect private, confidential,

20   proprietary or trade secret information.  Larian also objects to this request on the

21   grounds that it seeks confidential, proprietary or commercially sensitive

22   information, the disclosure of which would be inimical to the business interests of

23   Larian and one or more third parties.  Larian also objects to this request to the

24   extent it calls for the disclosure of attorney-client privileged information or

25   information protected from disclosure by the work-product doctrine, joint defense

26   or common interest privilege, or other privilege.

27      Subject to the foregoing, Larian will produce all documents within his

28   possession, custody, or control that are responsive to the request, if any, and that


15   PAGE 669                     - 179 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   have not already been produced, that he discovers in the course of his reasonable

2   search and diligent inquiry, and to which no privilege or other protection applies,

3   including without limitation, the attorney-client privilege or attorney's work

4   product doctrine.

5   **REQUEST FOR PRODUCTION NO. 16919:**

6         Any personnel file that YOU created, control, or maintain concerning

7   Mercedeh Ward.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

9         Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it is overbroad and unduly burdensome, and seeks information not

12   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

13   discovery of admissible evidence, including, without limitation, in that it seeks any

14   personnel or vendor file concerning Mercedeh Ward created or maintained by

15   Larian and is not otherwise limited as to subject matter or time.  Larian also objects

16   to this request on the grounds that it is vague and ambiguous in that Larian cannot

17   determine what is meant by "vendor file."  Larian also objects to this request on the

18   grounds that it seeks information in violation of the right of privacy.  Larian also

19   objects to this request to the extent it seeks information the disclosure of which

20   would implicate the rights of third parties to protect private, confidential,

21   proprietary or trade secret information.  Larian also objects to this request on the

22   grounds that it seeks confidential, proprietary or commercially sensitive

23   information, the disclosure of which would be inimical to the business interests of

24   Larian and one or more third parties.  Larian also objects to this request to the

25   extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense

27   or common interest privilege, or other privilege.

28         Subject to the foregoing, Larian will produce all documents within his

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  possession, custody, or control that are responsive to the request, if any, and that

2  have not already been produced, that he discovers in the course of his reasonable

3  search and diligent inquiry, and to which no privilege or other protection applies,

4  including without limitation, the attorney-client privilege or attorney's work

5  product doctrine.

6  **REQUEST FOR PRODUCTION NO. 170:**

7        Any personnel or vendor file that YOU created, control, or maintain

8  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

9  Leahy).

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

11        Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad and unduly burdensome, and seeks information not

14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

15  discovery of admissible evidence, including, without limitation, in that it seeks any

16  personnel or vendor file concerning Margaret Hatch (also known as Margaret

17  Leahy and/or Margaret Hatch-Leahy) created or maintained by Larian and is not

18  otherwise limited as to subject matter or time.  Larian also objects to this request on

19  the grounds that it is vague and ambiguous in that Larian cannot determine what is

20  meant by "vendor file."  Larian also objects to this request on the grounds that it

21  seeks information in violation of the right of privacy.  Larian also objects to this

22  request to the extent it seeks information the disclosure of which would implicate

23  the rights of third parties to protect private, confidential, proprietary or trade secret

24  information.  Larian also objects to this request on the grounds that it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of Larian and one or more third

27  parties. Larian also objects to this request to the extent it calls for the disclosure of

28  attorney-client privileged information or information protected from disclosure by

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  the work-product doctrine, joint defense or common interest privilege, or other

2  privilege.

3              Subject to the foregoing, Larian will produce all documents within his

4  possession, custody, or control that are responsive to the request, if any, and that

5  have not already been produced, that he discovers in the course of his reasonable

6  search and diligent inquiry, and to which no privilege or other protection applies,

7  including without limitation, the attorney-client privilege or attorney's work

8  product doctrine.

9  **REQUEST FOR PRODUCTION NO. 171:**

10             Any personnel or vendor file that YOU created, control, or maintain

11  concerning Veronica Marlow.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

13             Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad and unduly burdensome, and seeks information not

16  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

17  discovery of admissible evidence, including, without limitation, in that it seeks any

18  personnel or vendor file concerning Veronica Marlow created or maintained by

19  Larian and is not otherwise limited as to subject matter or time. Larian also objects

20  to this request on the grounds that it is vague and ambiguous in that Larian cannot

21  determine what is meant by "vendor file." Larian also objects to this request on the

22  grounds that it seeks information in violation of the right of privacy. Larian also

23  objects to this request to the extent it seeks information the disclosure of which

24  would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information. Larian also objects to this request on the

26  grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties. Larian also objects to this request to the

1    extent it calls for the disclosure of attorney-client privileged information or

2    information protected from disclosure by the work-product doctrine, joint defense

3    or common interest privilege, or other privilege.

4             Subject to the foregoing, Larian will produce all documents within his

5    possession, custody, or control that are responsive to the request, if any, and that

6    have not already been produced, that he discovers in the course of his reasonable

7    search and diligent inquiry, and to which no privilege or other protection applies,

8    including without limitation, the attorney-client privilege or attorney's work

9    product doctrine.

10   **REQUEST FOR PRODUCTION NO. 20:**

11            Any personnel or vendor file that YOU created, control, or maintain

12   concerning Anna Rhee.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

14            Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  Larian also specifically objects to this request on the

16   grounds that it is overbroad and unduly burdensome, and seeks information not

17   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

18   discovery of admissible evidence, including, without limitation, in that it seeks any

19   personnel or vendor file concerning Anna Rhee created or maintained by Larian

20   and is not otherwise limited as to subject matter or time.  Larian also objects to this

21   request on the grounds that it is vague and ambiguous in that Larian cannot

22   determine what is meant by "vendor file." Larian also objects to this request on the

23   grounds that it seeks information in violation of the right of privacy.  Larian also

24   objects to this request to the extent it seeks information the disclosure of which

25   would implicate the rights of third parties to protect private, confidential,

26   proprietary or trade secret information.  Larian also objects to this request on the

27   grounds that it seeks confidential, proprietary or commercially sensitive

28   information, the disclosure of which would be inimical to the business interests of

1   Larian and one or more third parties.  Larian also objects to this request to the

2   extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense

4   or common interest privilege, or other privilege.

5          Subject to the foregoing, Larian will produce all documents within his

6   possession, custody, or control that are responsive to the request, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, and to which no privilege or other protection applies,

9   including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 173:**

12         Any personnel or vendor file that YOU created, control, or maintain

13  concerning Jessie Ramirez.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad and unduly burdensome, and seeks information not

18  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

19  discovery of admissible evidence, including, without limitation, in that it seeks any

20  personnel or vendor file concerning Jesse Ramirez created or maintained by Larian

21  and is not otherwise limited as to subject matter or time.  Larian also objects to this

22  request on the grounds that it is vague and ambiguous in that Larian cannot

23  determine what is meant by "vendor file."  Larian also objects to this request on the

24  grounds that it seeks information in violation of the right of privacy.  Larian also

25  objects to this request to the extent it seeks information the disclosure of which

26  would implicate the rights of third parties to protect private, confidential,

27  proprietary or trade secret information.  Larian also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive

- 184 -

1  information, the disclosure of which would be inimical to the business interests of

2  Larian and one or more third parties.  Larian also objects to this request to the

3  extent it calls for the disclosure of attorney-client privileged information or

4  information protected from disclosure by the work-product doctrine, joint defense

5  or common interest privilege, or other privilege.

6         Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 21:**

13         Any personnel file that YOU created, control, or maintain concerning

14  Shirin Salemnia.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

16         Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad and unduly burdensome, and seeks information not

19  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

20  discovery of admissible evidence, including, without limitation, in that it seeks any

21  personnel or vendor file concerning Shirin Salemnia created or maintained by

22  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

23  to this request on the grounds that it seeks information in violation of the right of

24  privacy.  Larian also objects to this request to the extent it seeks information the

25  disclosure of which would implicate the rights of third parties to protect private,

26  confidential, proprietary or trade secret information.  Larian also objects to this

27  request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

EXHIBIT *15* PAGE *675*    - 185 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  interests of Larian and one or more third parties. Larian also objects to this request

2  to the extent it calls for the disclosure of attorney-client privileged information or

3  information protected from disclosure by the work-product doctrine, joint defense

4  or common interest privilege, or other privilege.

5  Subject to the foregoing, Larian will produce all documents within his

6  possession, custody, or control that are responsive to the request, if any, and that

7  have not already been produced, that he discovers in the course of his reasonable

8  search and diligent inquiry, and to which no privilege or other protection applies,

9  including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 175:**

12  DOCUMENTS sufficient to show the relationship, whether by blood

13  or marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on

14  the one hand, and Shirin Salemnia.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

16  Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad and seeks information not relevant to the subject matter

19  of this lawsuit or reasonably calculated to lead to the discovery of admissible

20  evidence. Larian also objects to this request on the grounds that it seeks

21  information in violation of the right of privacy. Larian also objects to this request

22  to the extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense

24  or common interest privilege, or other privilege.

25  Subject to the foregoing, Larian will produce all documents within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

EXHIBIT _15_ PAGE _676_ - 186 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   including without limitation, the attorney-client privilege or attorney's work

2   product doctrine.

3   **REQUEST FOR PRODUCTION NO. 22:**

4       Any personnel file that YOU created, control, or maintain concerning

5   Victoria O'Connor.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

7       Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad and unduly burdensome, and seeks information not

10  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

11  discovery of admissible evidence, including, without limitation, in that it seeks any

12  personnel or vendor file concerning Victoria O'Connor created or maintained by

13  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

14  to this request on the grounds that it seeks information in violation of the right of

15  privacy.  Larian also objects to this request to the extent it seeks information the

16  disclosure of which would implicate the rights of third parties to protect private,

17  confidential, proprietary or trade secret information.  Larian also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.  Larian also objects to this request

21  to the extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense

23  or common interest privilege, or other privilege.

24      Subject to the foregoing, Larian will produce all documents within his

25  possession, custody, or control that are responsive to the request, if any, and that

26  have not already been produced, that he discovers in the course of his reasonable

27  search and diligent inquiry, and to which no privilege or other protection applies,

28  including without limitation, the attorney-client privilege or attorney's work

EXHIBIT *15* PAGE *677* - 187 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    product doctrine.

2    **REQUEST FOR PRODUCTION NO. 177:**

3              Any personnel file that YOU created, control, or maintain concerning

4    Farhad Larian.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

6              Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that it is overbroad and unduly burdensome, and seeks information not

9    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

10   discovery of admissible evidence, including, without limitation, in that it seeks any

11   personnel or vendor file concerning Farhad Larian created or maintained by Larian

12   and is not otherwise limited as to subject matter or time.  Larian also objects to this

13   request on the grounds that it seeks information in violation of the right of privacy.

14   Larian also objects to this request to the extent it seeks information the disclosure of

15   which would implicate the rights of third parties to protect private, confidential,

16   proprietary or trade secret information.  Larian also objects to this request on the

17   grounds that it seeks confidential, proprietary or commercially sensitive

18   information, the disclosure of which would be inimical to the business interests of

19   Larian and one or more third parties.  Larian also objects to this request to the

20   extent it calls for the disclosure of attorney-client privileged information or

21   information protected from disclosure by the work-product doctrine, joint defense

22   or common interest privilege, or other privilege.

23             Subject to the foregoing, Larian will produce all documents within his

24   possession, custody, or control that are responsive to the request, if any, and that

25   have not already been produced, that he discovers in the course of his reasonable

26   search and diligent inquiry, and to which no privilege or other protection applies,

27   including without limitation, the attorney-client privilege or attorney's work

28   product doctrine.

EXHIBIT _15_ PAGE _678_ - 188 -

1  **REQUEST FOR PRODUCTION NO. 179:**

2          All DOCUMENTS RELATING TO, including without limitation

3  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4  time period from January 1, 1998 through January 1, 2001 RELATING TO

5  BRATZ and/or ANGEL.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

7          Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence, including, without

12  limitation, in that it seeks all telephone records for Larian relating to Bratz and/or

13  Angel, without limitation as to who placed the call or who was called, thereby

14  potentially revealing to Mattel every customer, vendor, distributor or anyone else

15  Larian called in the referenced time period, and the length and frequency of those

16  calls.  Larian also objects to this request on the grounds that it is overbroad in that it

17  asks for phone records beginning on January 1, 1998.  Larian also objects to this

18  request on the grounds that it seeks information in violation of the right of privacy.

19  Larian also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would

21  be inimical to the business interests of Larian and one or more third parties.

22          Subject to the foregoing, Larian will produce all documents within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, and to which no privilege or other protection applies,

26  including without limitation, the attorney-client privilege or attorney's work

27  product doctrine.

28

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)