1   **REQUEST FOR PRODUCTION NO. 181:**

2       All DOCUMENTS RELATING TO, including without limitation

3   phone records for, telephone calls RELATING TO BRYANT by or to YOU or

4   anyone on YOUR behalf at any time.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

6       Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein. Larian also specifically objects to this request on the

8   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

9   information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence, including, without

11  limitation, in that it seeks all telephone records for Larian relating, without

12  limitation as to who placed the call or who was called, thereby potentially revealing

13  to Mattel every customer, vendor, distributor or anyone else Larian called in the

14  referenced time period, and the length and frequency of those calls. Larian also

15  objects to this request on the grounds that it is overbroad in that it asks for phone

16  without limitation as to time. Larian also objects to this request on the grounds that

17  it seeks information in violation of the right of privacy. Larian also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.

21      Subject to the foregoing, Larian will produce all documents pertaining

22  to communications made prior to January 1, 2001 within his possession, custody, or

23  control that are responsive to the request, if any, and that have not already been

24  produced, that he discovers in the course of his reasonable search and diligent

25  inquiry, and to which no privilege or other protection applies, including without

26  limitation, the attorney-client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 182:**

28      All DOCUMENTS that RELATING TO any actual, proposed,

EXHIBIT _15_ PAGE _680_   - 190 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  contemplated, considered or potential copyright, patent or any other application or

2  registration for BRATZ or any BRATZ DESIGN, including without limitation all

3  COMMUNICATIONS pertaining thereto.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

5          Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad, including, without limitation, in that it seeks all

8  documents relating to any copyright, patent, trademark, or other application for

9  registration for Bratz or any Bratz design not at issue in this litigation, which may

10  include dozens-potentially hundreds of products.  Larian also objects to this request

11  on the grounds that it seeks confidential, proprietary or commercially sensitive

12  information, the disclosure of which would be inimical to the business interests of

13  Larian and one or more third parties.  Larian also objects to this request to the

14  extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.  Larian also objects to this request

17  on the grounds that it seeks information that is already known to Mattel and/or is a

18  matter of public record.

19          Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, and to which no privilege or other protection applies,

23  including without limitation, the attorney-client privilege or attorney's work

24  product doctrine.

25  **REQUEST FOR PRODUCTION NO. 183:**

26          All DOCUMENTS RELATING TO any actual, proposed,

27  contemplated, considered or potential copyright, patent or any other application or

28  registration for ANGEL or any ANGEL DESIGN, including without limitation all

EXHIBIT _15_ PAGE _68_   - 191 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   COMMUNICATIONS pertaining thereto.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

3           Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, including, without limitation, in that it seeks all

6   documents relating to any copyright, patent, trademark, or other application for

7   registration for Angel or any Angel design not at issue in this litigation, which may

8   include dozens-potentially hundreds of products.  Larian also objects to this request

9   on the grounds that it seeks confidential, proprietary or commercially sensitive

10   information, the disclosure of which would be inimical to the business interests of

11   Larian and one or more third parties.  Larian further objects to this request to the

12   extent it seeks information the disclosure of which would implicate the rights of

13   third parties to protect private, confidential, proprietary or trade secret information.

14   Larian also objects to this request to the extent it calls for the disclosure of attorney-

15   client privileged information or information protected from disclosure by the work-

16   product doctrine, joint defense or common interest privilege, or other privilege.

17   Larian also objects to this request on the grounds that it seeks information that is

18   already known to Mattel and/or is a matter of public record.

19           Subject to the foregoing, Larian will produce all documents within his

20   possession, custody, or control that are responsive to the request, if any, and that

21   have not already been produced, that he discovers in the course of his reasonable

22   search and diligent inquiry, and to which no privilege or other protection applies,

23   including without limitation, the attorney-client privilege or attorney's work

24   product doctrine.

25   **REQUEST FOR PRODUCTION NO. 184:**

26           All doll heads, sculpts, prototypes, models, samples and tangible items

27   that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

28   or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

EXHIBIT _15_ PAGE _082_ 192 -

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

2    Larian incorporates by reference the above-stated general objections as

3    if fully set forth herein.  Larian also specifically objects to this request on the

4    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably

6    calculated to lead to the discovery of admissible evidence.  Larian also specifically

7    objects to this request to the extent it seeks information the disclosure of which

8    would implicate the rights of third parties to protect private, confidential,

9    proprietary or trade secret information.  Larian also objects to this request on the

10   grounds that it seeks confidential, proprietary or commercially sensitive

11   information, the disclosure of which would be inimical to the business interests of

12   Larian and one or more third parties.  Larian also objects to this request to the

13   extent it calls for the disclosure of attorney-client privileged information or

14   information protected from disclosure by the work-product doctrine, joint defense

15   or common interest privilege, or other privilege.  Larian also objects to this request

16   to the extent it seeks documents not within Larian's possession, custody or control.

17   Subject to the foregoing, Larian will make available for inspection all

18   items within his possession, custody, or control that are responsive to the request, if

19   any, and that have not already been produced, that he discovers in the course of his

20   reasonable search and diligent inquiry, and to which no privilege or other protection

21   applies, including without limitation, the attorney-client privilege or attorney's

22   work product doctrine.

23   **REQUEST FOR PRODUCTION NO. 185:**

24   All doll heads, sculpts, prototypes, models, samples and tangible items

25   that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

26   BRYANT produced, created, authored, conceived of or reduced to practice,

27   whether alone or jointly with others, prior to January 1, 2001.

28

EXHIBIT _15_ PAGE _083_  - 193 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

2                Larian incorporates by reference the above-stated general objections as

3    if fully set forth herein.  Larian also specifically objects to this request on the

4    grounds that it is overbroad, unduly burdensome and oppressive including, without

5    limitation, in that it seeks tangible items that refer or relate to designs for dolls, doll

6    accessories or toys that are not at issue in this lawsuit, and in that it reaches back

7    into time indefinitely and, thus, for example, calls for documents referring or

8    relating to designs Bryant might have conceived of in his childhood and that have

9    nothing whatsoever to do with this action.  Larian also objects to this request on the

10   grounds that it seeks confidential, proprietary or commercially sensitive

11   information, the disclosure of which would be inimical to the business interests of

12   Larian and one or more third parties.  Larian further objects to this request to the

13   extent it seeks information the disclosure of which would implicate the rights of

14   third parties to protect private, confidential, proprietary or trade secret information.

15   Larian also objects to this request to the extent it calls for the disclosure of attorney-

16   client privileged information or information protected from disclosure by the work-

17   product doctrine, joint defense or common interest privilege, or other privilege.

18   Larian also objects to this request to the extent it seeks documents not within

19   Larian's possession, custody or control.

20               Subject to the foregoing, Larian will make available for inspection all

21   items produced, created, authored, conceived of or reduced to practice prior to

22   January 1, 2001 within his possession, custody, or control that are responsive to the

23   request, if any, and that have not already been produced, that he discovers in the

24   course of his reasonable search and diligent inquiry, and to which no privilege or

25   other protection applies, including without limitation, the attorney-client privilege

26   or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 23:**

28               All DOCUMENTS RELATING TO the exhibition or showing of

EXHIBIT _15_ PAGE _684_    - 194 -         LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                           1ST SET OF REQUESTS FOR PRODUCTION
                                           CV 04-9049 SGL (RNBX)

1  BRATZ at the Hong Kong Toy Fair in January 2001.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

3        Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also specifically

8  objects to this request on the grounds that it is vague and ambiguous in that Larian

9  cannot determine what is meant by "exhibition."  Larian also objects to this request

10  on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties.  Larian also objects to this request to the

13  extent it seeks information the disclosure of which would implicate the rights of

14  third parties to protect private, confidential, proprietary or trade secret information.

15  Larian also objects to this request to the extent it calls for the disclosure of attorney-

16  client privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18        Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, and to which no privilege or other protection applies,

22  including without limitation, the attorney-client privilege or attorney's work

23  product doctrine.

24  **REQUEST FOR PRODUCTION NO. 187:**

25        All DOCUMENTS RELATING TO the exhibition or showing of

26  BRATZ at the Tokyo Toy Fair in or about February 2001.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

28        Larian incorporates by reference the above-stated general objections as

EXHIBIT *15* PAGE *685*

- 195 -

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also specifically

5   objects to this request on the grounds that it is vague and ambiguous in that Larian

6   cannot determine what is meant by "exhibition."  Larian also objects to this request

7   on the grounds that it seeks confidential, proprietary or commercially sensitive

8   information, the disclosure of which would be inimical to the business interests of

9   Larian and one or more third parties.  Larian also objects to this request to the

10   extent it seeks information the disclosure of which would implicate the rights of

11   third parties to protect private, confidential, proprietary or trade secret information.

12   Larian also objects to this request to the extent it calls for the disclosure of attorney-

13   client privileged information or information protected from disclosure by the work-

14   product doctrine, joint defense or common interest privilege, or other privilege.

15          Subject to the foregoing, Larian will produce all documents within his

16   possession, custody, or control that are responsive to the request, if any, and that

17   have not already been produced, that he discovers in the course of his reasonable

18   search and diligent inquiry, and to which no privilege or other protection applies,

19   including without limitation, the attorney-client privilege or attorney's work

20   product doctrine.

21   **REQUEST FOR PRODUCTION NO. 188:**

22          All DOCUMENTS RELATING TO the exhibition of BRATZ at the

23   New York Toy Fair in or about February 2001.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

25          Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT _15_ PAGE _686_   - 196 -

1  calculated to lead to the discovery of admissible evidence. Larian also specifically

2  objects to this request on the grounds that it is vague and ambiguous in that Larian

3  cannot determine what is meant by "exhibition." Larian also objects to this request

4  on the grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties. Larian also objects to this request to the

7  extent it seeks information the disclosure of which would implicate the rights of

8  third parties to protect private, confidential, proprietary or trade secret information.

9  Larian also objects to this request to the extent it calls for the disclosure of attorney-

10  client privileged information or information protected from disclosure by the work-

11  product doctrine, joint defense or common interest privilege, or other privilege.

12         Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, and to which no privilege or other protection applies,

16  including without limitation, the attorney-client privilege or attorney's work

17  product doctrine.

18  **REQUEST FOR PRODUCTION NO. 189:**

19         To the extent not covered by other Requests, all DOCUMENTS

20  RELATING TO the exhibition of BRATZ at any toy fair at any time prior to

21  December 31, 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

23         Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also specifically

28  objects to this request on the grounds that it is vague and ambiguous in that Larian

EXHIBIT 15 PAGE 68

- 97 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  cannot determine what is meant by "exhibition."  Larian also objects to this request

2  on the grounds that it seeks confidential, proprietary or commercially sensitive

3  information, the disclosure of which would be inimical to the business interests of

4  Larian and one or more third parties.  Larian also objects to this request to the

5  extent it seeks information the disclosure of which would implicate the rights of

6  third parties to protect private, confidential, proprietary or trade secret information.

7  Larian also objects to this request to the extent it calls for the disclosure of attorney-

8  client privileged information or information protected from disclosure by the work-

9  product doctrine, joint defense or common interest privilege, or other privilege.

10      Subject to the foregoing, Larian will produce all documents within his

11  possession, custody, or control that are responsive to the request, if any, and that

12  have not already been produced, that he discovers in the course of his reasonable

13  search and diligent inquiry, and to which no privilege or other protection applies,

14  including without limitation, the attorney-client privilege or attorney's work

15  product doctrine.

16  **REQUEST FOR PRODUCTION NO. 193:**

17      All COMMUNICATIONS between YOU and any member of the

18  press RELATING TO this ACTION.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

20      Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also specifically

25  objects to this request on the grounds that it seeks confidential, proprietary or

26  commercially sensitive information, the disclosure of which would be inimical to

27  the business interests of Larian.  Larian further objects to this request to the extent it

28  seeks information the disclosure of which would implicate the rights of third parties

EXHIBIT _15_ PAGE _688_                -198-

1   to protect private, confidential, proprietary or trade secret information.  Larian also

2   objects to this request to the extent it calls for the disclosure of attorney-client

3   privileged information or information protected from disclosure by the work-

4   product doctrine, joint defense or common interest privilege, or other privilege.

5         Subject to the foregoing, Larian will produce all documents within his

6   possession, custody, or control that are responsive to the request, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, and to which no privilege or other protection applies,

9   including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 200:**

12        All DOCUMENTS RELATING TO any effort by YOU or MGA to

13  recruit employees or contractors who have been or are employed by or who have

14  worked for MATTEL since January 1, 1999, including but not limited to

15  advertising, media releases, brochures, articles, catalogs, handbooks, and public

16  relations material.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

18        Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad and seeks information not relevant to the subject matter

21  of this lawsuit or reasonably calculated to lead to the discovery of admissible

22  evidence.  Larian also objects to this request on the grounds that it seeks

23  confidential, proprietary or commercially sensitive information, the disclosure of

24  which would be inimical to the business interests of Larian and one or more third

25  parties.  Larian also objects to this request to the extent it seeks information the

26  disclosure of which would implicate the rights of third parties to protect private,

27  confidential, proprietary or trade secret information.  Larian also objects to this

28  request to the extent it calls for the disclosure of attorney-client privileged

EXHIBIT 15 PAGE 689      - 199 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information or information protected from disclosure by the work-product doctrine,

2  joint defense or common interest privilege, or other privilege. Larian also objects

3  to this request to the extent that it seeks information that is already known to Mattel

4  and/or is a matter of public record.

5  Subject to the foregoing, Larian will produce all documents within his

6  possession, custody, or control that are responsive to the request, if any, and that

7  have not already been produced, that he discovers in the course of his reasonable

8  search and diligent inquiry, and to which no privilege or other protection applies,

9  including without limitation, the attorney-client privilege or attorney's work

10  product doctrine.

11  **REQUEST FOR PRODUCTION NO. 201:**

12  All DOCUMENTS RELATING TO the hiring, engagement, or

13  retention by YOU or MGA of any current or former MATTEL employee or

14  contractor since January 1, 1999, including but not limited to all employment

15  agreements and agreements RELATING TO confidentiality or the invention,

16  authorship, or ownership of any concept or product.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

18  Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein. Larian also specifically objects to this request on the

20  grounds that it is overbroad and seeks information not relevant to the subject matter

21  of this lawsuit or reasonably calculated to lead to the discovery of admissible

22  evidence. Larian also objects to this request on the ground that it is overbroad,

23  unduly burdensome, and oppressive in seeking all documents relating to the hiring,

24  engagement, or retention of current or former Mattel employees or contractors,

25  regardless of the individuals or the work or services they performed. Larian also

26  objects to this request on the grounds that it seeks confidential, proprietary or

27  commercially sensitive information, the disclosure of which would be inimical to

28  the business interests of Larian and one or more third parties. Larian also objects to

EXHIBIT _15_ PAGE _690_

- 200 -

1 | this request to the extent it seeks information the disclosure of which would

2 | implicate the rights of third parties to protect private, confidential, proprietary or

3 | trade secret information. Larian also objects to this request on the grounds that it

4 | seeks information in violation of the right of privacy. Larian also objects to this

5 | request to the extent it calls for the disclosure of attorney-client privileged

6 | information or information protected from disclosure by the work-product doctrine,

7 | joint defense or common interest privilege, or other privilege.

8 |     Subject to the foregoing, Larian will produce all documents within his

9 | possession, custody, or control that are responsive to the request, if any, and that

10 | have not already been produced, that he discovers in the course of his reasonable

11 | search and diligent inquiry, and to which no privilege or other protection applies,

12 | including without limitation, the attorney-client privilege or attorney's work

13 | product doctrine.

14 | **REQUEST FOR PRODUCTION NO. 202:**

15 |     All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

16 | receipt, reproduction, copying, storage, transmission, transfer, retention,

17 | destruction, deletion or use of any DOCUMENTS or DIGITAL INFORMATION,

18 | including but not limited to any compilation of information, that was prepared,

19 | made, created, generated, assembled or compiled by or for MATTEL and that was

20 | not publicly available at the time of YOUR receipt of such DOCUMENT or

21 | DIGITAL INFORMATION.

22 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

23 |     Larian incorporates by reference the above-stated general objections as

24 | if fully set forth herein. Larian also specifically objects to this request on the

25 | grounds that it is overbroad and seeks information not relevant to the subject matter

26 | of this lawsuit or reasonably calculated to lead to the discovery of admissible

27 | evidence. Larian also objects to this request on the grounds that it seeks

28 | confidential, proprietary or commercially sensitive information, the disclosure of

EXHIBIT 15 PAGE 691 - 201 -

1  which would be inimical to the business interests of Larian and one or more third

2  parties. Larian also objects to this request to the extent it calls for the disclosure of

3  attorney-client privileged information or information protected from disclosure by

4  the work-product doctrine, joint defense or common interest privilege, or other

5  privilege.

6        Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 203:**

13        All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

14  knowledge of any MATTEL product prior to the time that such product had been

15  announced or disclosed by MATTEL to retailers or the public.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

17        Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad and seeks information not relevant to the subject matter

20  of this lawsuit or reasonably calculated to lead to the discovery of admissible

21  evidence and is, thus, overbroad, unduly burdensome an oppressive, including,

22  without limitation, in that it seeks documents related to Mattel products not at issue

23  in this litigation. Larian also objects to this request on the grounds that it seeks

24  confidential, proprietary or commercially sensitive information, the disclosure of

25  which would be inimical to the business interests of Larian and one or more third

26  parties. Larian also objects to this request to the extent it seeks information the

27  disclosure of which would implicate the rights of third parties to protect private,

28  confidential, proprietary or trade secret information. Larian also objects to this

EXHIBIT _15_ PAGE _092_

- 202 -

1    request to the extent it calls for the disclosure of attorney-client privileged

2    information or information protected from disclosure by the work-product doctrine,

3    joint defense or common interest privilege, or other privilege.

4            Subject to the foregoing, Larian will produce all documents within his

5    possession, custody, or control that are responsive to the request, if any, and that

6    have not already been produced, that he discovers in the course of his reasonable

7    search and diligent inquiry, and to which no privilege or other protection applies,

8    including without limitation, the attorney-client privilege or attorney's work

9    product doctrine.

10   **REQUEST FOR PRODUCTION NO. 204:**

11           All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

12   knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,

13   or created by any PERSON employed by or under contract with MATTEL at the

14   time of the DESIGN's creation, that was not manufactured for sale or placed into

15   the retail market.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein. Larian also specifically objects to this request on the

19   grounds that it is overbroad and seeks information not relevant to the subject matter

20   of this lawsuit or reasonably calculated to lead to the discovery of admissible

21   evidence. Larian also objects to this request on the grounds that it seeks

22   confidential, proprietary or commercially sensitive information, the disclosure of

23   which would be inimical to the business interests of Larian and one or more third

24   parties. Larian also objects to this request to the extent it seeks information the

25   disclosure of which would implicate the rights of third parties to protect private,

26   confidential, proprietary or trade secret information. Larian also objects to this

27   request to the extent it calls for the disclosure of attorney-client privileged

28   information or information protected from disclosure by the work-product doctrine,

EXHIBIT _15_ PAGE _693_    - 203 -

1  joint defense or common interest privilege, or other privilege.

2        Subject to the foregoing, Larian will produce all documents within his

3  possession, custody, or control that are responsive to the request, if any, and that

4  have not already been produced, that he discovers in the course of his reasonable

5  search and diligent inquiry, and to which no privilege or other protection applies,

6  including without limitation, the attorney-client privilege or attorney's work

7  product doctrine.

8  **REQUEST FOR PRODUCTION NO. 205:**

9        All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

10  receipt, reproduction, copying, storage, transmission, transfer, retention,

11  destruction, deletion or use of any MATTEL line list or other DOCUMENT

12  prepared by MATTEL identifying MATTEL products in the planning, design or

13  development phase.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

15        Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein. Larian also specifically objects to this request on the

17  grounds that it is overbroad and seeks information not relevant to the subject matter

18  of this lawsuit or reasonably calculated to lead to the discovery of admissible

19  evidence. Larian also objects to this request on the grounds that it seeks

20  confidential, proprietary or commercially sensitive information, the disclosure of

21  which would be inimical to the business interests of Larian and one or more third

22  parties. Larian also objects to this request to the extent it seeks information the

23  disclosure of which would implicate the rights of third parties to protect private,

24  confidential, proprietary or trade secret information. Larian also objects to this

25  request to the extent it calls for the disclosure of attorney-client privileged

26  information or information protected from disclosure by the work-product doctrine,

27  joint defense or common interest privilege, or other privilege.

28        Subject to the foregoing, Larian will produce all documents within his

EXHIBIT _15_ PAGE _694_ -204 -

possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 206:**

All DOCUMENTS, since January 1, 1999, RELATING TO MGA's receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any MATTEL line list or other DOCUMENT prepared by MATTEL identifying MATTEL products in the planning, design or development phase.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive, including, without limitation, in that it is duplicative of request number 205. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his

EXHIBIT _15_ PAGE _645_

- 205 -

1  possession, custody, or control that are responsive to the request, if any, and that

2  have not already been produced, that he discovers in the course of his reasonable

3  search and diligent inquiry, and to which no privilege or other protection applies,

4  including without limitation, the attorney-client privilege or attorney's work

5  product doctrine.

6  **REQUEST FOR PRODUCTION NO. 210:**

7          DOCUMENTS sufficient to IDENTIFY each telephone subscription

8  service account that YOU have or have had, or that YOU use or have used, since

9  January 1, 1999.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

11          Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein. Larian also specifically objects to this request on the

13  grounds that it is overbroad and seeks information not relevant to the subject matter

14  of this lawsuit or reasonably calculated to lead to the discovery of admissible

15  evidence. Larian also objects to this request on the grounds that it seeks

16  confidential, proprietary or commercially sensitive information, the disclosure of

17  which would be inimical to the business interests of Larian and one or more third

18  parties. Larian also objects to this request to the extent it calls for the disclosure of

19  attorney-client privileged information or information protected from disclosure by

20  the work-product doctrine, joint defense or common interest privilege, or other

21  privilege.

22          Subject to the foregoing, Larian will produce all documents pertaining

23  to the retention or destruction of documents or digital information relevant to this

24  action within his possession, custody, or control that are responsive to the request,

25  if any, and that have not already been produced, that he discovers in the course of

26  his reasonable search and diligent inquiry, and to which no privilege or other

27  protection applies, including without limitation, the attorney-client privilege or

28  attorney's work product doctrine.

EXHIBIT _15_ PAGE _696_ - 206 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **REQUEST FOR PRODUCTION NO. 211:**

2        All MATTEL DOCUMENTS that BRYANT or any other PERSON

3  has shown, given, provided, summarized or otherwise communicated to YOU or

4  MGA (whether directly or indirectly) at any time since January 1, 1999.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**

6        Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad and seeks information not relevant to the subject matter

9  of this lawsuit or reasonably calculated to lead to the discovery of admissible

10  evidence.  Larian also objects to this request to the extent it seeks information the

11  disclosure of which would implicate the rights of third parties to protect private,

12  confidential, proprietary or trade secret information.  Larian also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian and one or more third parties.  Larian also objects to this request

16  to the extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense

18  or common interest privilege, or other privilege.

19        Subject to the foregoing, Larian will produce all documents pertaining

20  to the retention or destruction of documents or digital information relevant to this

21  action within his possession, custody, or control that are responsive to the request,

22  if any, and that have not already been produced, that he discovers in the course of

23  his reasonable search and diligent inquiry, and to which no privilege or other

24  protection applies, including without limitation, the attorney-client privilege or

25  attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 212:**

27        All DOCUMENTS that YOU knew or were informed that, or ever had

28  any reason to believe, had been or were created by or originated from MATTEL,

EXHIBIT *15* PAGE *697*   - 207 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   other than MATTEL products that YOU or MGA purchased at retail.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

3           Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad and seeks information not relevant to the subject matter

6   of this lawsuit or reasonably calculated to lead to the discovery of admissible

7   evidence.  Larian also objects to this request on the grounds that it seeks

8   confidential, proprietary or commercially sensitive information, the disclosure of

9   which would be inimical to the business interests of Larian and one or more third

10   parties.  Larian also objects to this request to the extent it calls for the disclosure of

11   attorney-client privileged information or information protected from disclosure by

12   the work-product doctrine, joint defense or common interest privilege, or other

13   privilege.

14           Subject to the foregoing, Larian will produce all documents pertaining

15   to the retention or destruction of documents or digital information relevant to this

16   action within his possession, custody, or control that are responsive to the request,

17   if any, and that have not already been produced, that he discovers in the course of

18   his reasonable search and diligent inquiry, and to which no privilege or other

19   protection applies, including without limitation, the attorney-client privilege or

20   attorney's work product doctrine.

21   **REQUEST FOR PRODUCTION NO. 213:**

22           All COMMUNICATIONS between YOU and any PERSON

23   RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

24   INFORMATION between January 1, 1999 and the present.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

26           Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein.  Larian also specifically objects to this request on the

28   grounds that it is overbroad and seeks information not relevant to the subject matter

EXHIBIT _15_ PAGE _698_ - 208 -

1  of this lawsuit or reasonably calculated to lead to the discovery of admissible

2  evidence. Larian also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the business interests of Larian and one or more third

5  parties. Larian also objects to this request to the extent it calls for the disclosure of

6  attorney-client privileged information or information protected from disclosure by

7  the work-product doctrine, joint defense or common interest privilege, or other

8  privilege.

9          Subject to the foregoing, Larian will produce all documents pertaining

10  to the retention or destruction of documents or digital information relevant to this

11  action within his possession, custody, or control that are responsive to the request,

12  if any, and that have not already been produced, that he discovers in the course of

13  his reasonable search and diligent inquiry, and to which no privilege or other

14  protection applies, including without limitation, the attorney-client privilege or

15  attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 214:**

17          All DOCUMENTS RELATING TO any facts underlying any of

18  YOUR defenses in this ACTION.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad and unduly burdensome in that it calls for all

23  documents that support, refute or otherwise refer or relate to any facts underlying

24  Larian's defenses. Larian also objects to this request on the grounds that it calls for

25  legal conclusions. Larian also objects to this request on the grounds that it seeks

26  information in Mattel's possession and/or in the public record, and/or equally

27  available to Mattel. Larian also objects to this request to the extent it calls for the

28  disclosure of attorney-client privileged information or information protected from

EXHIBIT _15_ PAGE _699_ - 209 -

1   disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.

3          Subject to the foregoing, Larian will produce all documents within his

4   possession, custody, or control that are responsive to the request, if any, and that

5   have not already been produced, that he discovers in the course of his reasonable

6   search and diligent inquiry, and to which no privilege or other protection applies,

7   including without limitation, the attorney-client privilege or attorney's work

8   product doctrine.

9   **REQUEST FOR PRODUCTION NO. 215:**

10         All doll heads, sculpts, prototypes, models, samples and tangible items

11  RELATING TO any facts underlying any of YOUR defenses in this ACTION.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

13         Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that it is overbroad and unduly burdensome in that it calls for all

16  documents that support, refute or otherwise refer or relate to any facts underlying

17  Larian's defenses. Larian also objects to this request on the grounds that it calls for

18  legal conclusions. Larian also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of Larian and one or more third

21  parties. Larian also objects to this request to the extent it calls for the disclosure of

22  attorney-client privileged information or information protected from disclosure by

23  the work-product doctrine, joint defense or common interest privilege, or other

24  privilege.

25         Subject to the foregoing, Larian will produce all documents within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, and to which no privilege or other protection applies,

EXHIBIT _15_ PAGE _700_   -210-

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    including without limitation, the attorney-client privilege or attorney's work

2    product doctrine.

3    **REQUEST FOR PRODUCTION NO. 216:**

4              All DOCUMENTS RELATING TO any facts underlying the claims

5    for relief in MATTEL's Complaint (including without limitation its Counterclaims)

6    against YOU or any other PERSON in this ACTION.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

8              Larian incorporates by reference the above-stated general objections as

9    if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad and unduly burdensome in that it calls for all

11   documents that support, refute or otherwise refer or relate to any facts underlying

12   Larian's defenses.  Larian also objects to this request on the grounds that it calls for

13   legal conclusions.  Larian also objects to this request on the grounds that it seeks

14   information in Mattel's possession and/or in the public record, and/or equally

15   available to Mattel.  Larian also objects to this request to the extent it calls for the

16   disclosure of attorney-client privileged information or information protected from

17   disclosure by the work-product doctrine, joint defense or common interest

18   privilege, or other privilege.

19             Subject to the foregoing, Larian will produce all documents within his

20   possession, custody, or control that are responsive to the request, if any, and that

21   have not already been produced, that he discovers in the course of his reasonable

22   search and diligent inquiry, and to which no privilege or other protection applies,

23   including without limitation, the attorney-client privilege or attorney's work

24   product doctrine.

25   **REQUEST FOR PRODUCTION NO. 217:**

26             All doll heads, sculpts, prototypes, models, samples and tangible items

27   RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

28   (including without limitation its Counterclaims) against YOU or any other

EXHIBIT _15_ PAGE _701_   - 211 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   PERSON in this ACTION.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

3          Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad and unduly burdensome in that it calls for all

6   documents that support, refute or otherwise refer or relate to any facts underlying

7   Larian's defenses.  Larian also objects to this request on the grounds that it calls for

8   legal conclusions.  Larian also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of Larian and one or more third

11  parties.  Larian also objects to this request to the extent it calls for the disclosure of

12  attorney-client privileged information or information protected from disclosure by

13  the work-product doctrine, joint defense or common interest privilege, or other

14  privilege.

15         Subject to the foregoing, Larian will produce all documents within his

16  possession, custody, or control that are responsive to the request, if any, and that

17  have not already been produced, that he discovers in the course of his reasonable

18  search and diligent inquiry, and to which no privilege or other protection applies,

19  including without limitation, the attorney-client privilege or attorney's work

20  product doctrine.

21  **REQUEST FOR PRODUCTION NO. 218:**

22         All DOCUMENTS RELATING TO any testing of or sampling from

23  any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

24  limitation any such testing or sampling in connection with any ink, paper or

25  chemical analysis to date any such DOCUMENTS and including without limitation

26  all results and reports relating thereto.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

28         Larian incorporates by reference the above-stated general objections as

EXHIBIT _15_ PAGE _702_   - 212 -

1  if fully set forth herein. Larian also specifically objects to this request on the

2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3  information not relevant to the subject matter of this lawsuit or reasonably

4  calculated to lead to the discovery of admissible evidence. Larian also specifically

5  objects to this request to the extent it seeks documents not within Larian's

6  possession, custody or control. Larian also objects to this request on the grounds

7  that it seeks confidential, proprietary or commercially sensitive information, the

8  disclosure of which would be inimical to the business interests of Larian and one or

9  more third parties. Larian also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege.

13       Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, and to which no privilege or other protection applies,

17  including without limitation, the attorney-client privilege or attorney's work

18  product doctrine.

19  **REQUEST FOR PRODUCTION NO. 219:**

20       All DOCUMENTS RELATING TO YOUR knowledge of any testing

21  of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

23       Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also specifically

28  objects to this request on the grounds that it seeks confidential, proprietary or

EXHIBIT _15_ PAGE _203_   - 213 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  commercially sensitive information, the disclosure of which would be inimical to

2  the business interests of Larian.  Larian also objects to this request to the extent it

3  calls for the disclosure of attorney-client privileged information or information

4  protected from disclosure by the work-product doctrine, joint defense or common

5  interest privilege, or other privilege.

6          Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, and to which no privilege or other protection applies,

10  including without limitation, the attorney-client privilege or attorney's work

11  product doctrine.

12  **REQUEST FOR PRODUCTION NO. 220:**

13          All DOCUMENTS RELATING TO Erich Speckin.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**

15          Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also specifically

20  objects to this request on the grounds that it is overbroad and seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence.  Larian also objects to this request on the ground

23  that it is overbroad, unduly burdensome, and oppressive in seeking all documents

24  relating to Erich Speckin, without limitation as to subject matter or time.  Larian

25  also objects to this request to the extent it seeks information the disclosure of which

26  would implicate the rights of third parties to protect private, confidential,

27  proprietary or trade secret information.  Larian also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive

EXHIBIT 15 PAGE 704   -214-

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information, the disclosure of which would be inimical to the business interests of

2  Larian and one or more third parties.  Larian also objects to this request to the

3  extent it calls for the disclosure of attorney-client privileged information or

4  information protected from disclosure by the work-product doctrine, joint defense

5  or common interest privilege, or other privilege.  Larian also objects to this request

6  to the extent it seeks documents not within Larian's possession, custody or control.

7         Subject to the foregoing, Larian will produce all documents within his

8  possession, custody, or control that are responsive to the request, if any, and that

9  have not already been produced, that he discovers in the course of his reasonable

10  search and diligent inquiry, and to which no privilege or other protection applies,

11  including without limitation, the attorney-client privilege or attorney's work

12  product doctrine.

13  **REQUEST FOR PRODUCTION NO. 221:**

14         All DOCUMENTS RELATING TO YOUR payment of, or offer,

15  promise or agreement to pay, fees or costs in connection with the representation of

16  or provision of legal advice or legal services to any PERSON who is not, as of June

17  8, 2007, an MGA employee, including without limitation all contracts and

18  agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

19  such PERSON and the dates on which such payments were made.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

21         Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad and seeks information not relevant to the subject matter

24  of this lawsuit or reasonably calculated to lead to the discovery of admissible

25  evidence.  Larian also objects to this request on the grounds that it seeks

26  information in violation of the right of privacy.  Larian also objects to this request

27  on the grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of

EXHIBIT _15_ PAGE _705_ - 215 -

1   Larian and one or more third parties.  Larian also objects to this request to the

2   extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense

4   or common interest privilege, or other privilege.

5          Subject to the foregoing, Larian will produce all documents relating to

6   this action within his possession, custody, or control that are responsive to the

7   request, if any, and that have not already been produced, that he discovers in the

8   course of his reasonable search and diligent inquiry, and to which no privilege or

9   other protection applies, including without limitation, the attorney-client privilege

10  or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 24:**

12         DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE

13  that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete

14  or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL,

15  YOU or MGA.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad and seeks information not relevant to the subject matter

20  of this lawsuit or reasonably calculated to lead to the discovery of admissible

21  evidence.  Larian also objects to this request on the grounds that it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of

23  which would be inimical to the business interests of Larian and one or more third

24  parties.  Larian also objects to this request to the extent it calls for the disclosure of

25  attorney-client privileged information or information protected from disclosure by

26  the work-product doctrine, joint defense or common interest privilege, or other

27  privilege.  Larian also objects to this request to the extent it seeks documents not

28  within Larian's possession, custody or control.

EXHIBIT _15_ PAGE _206_   - 216 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Subject to the foregoing, Larian will produce all documents within his

2  possession, custody, or control that are responsive to the request, if any, and that

3  have not already been produced, that he discovers in the course of his reasonable

4  search and diligent inquiry, and to which no privilege or other protection applies,

5  including without limitation, the attorney-client privilege or attorney's work

6  product doctrine.

7  **REQUEST FOR PRODUCTION NO. 229:**

8    DOCUMENTS sufficient to identify by product name, product number

9  and SKU each BRATZ PRODUCT including without limitation each BRATZ

10  DOLL, sold by MGA or its licensees.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 229:**

12    Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad and seeks information not relevant to the subject matter

15  of this lawsuit or reasonably calculated to lead to the discovery of admissible

16  evidence.  Larian also objects to this request on the grounds that it is overbroad,

17  unduly burdensome, and oppressive in seeking information identifying all product

18  names, numbers, and SKU of Bratz products and Bratz dolls sold by MGA or its

19  licensees.  Larian also objects to this request on the grounds that it seeks

20  confidential, proprietary or commercially sensitive information, the disclosure of

21  which would be inimical to the business interests of Larian and one or more third

22  parties.  Larian also objects to this request to the extent it seeks information the

23  disclosure of which would implicate the rights of third parties to protect private,

24  confidential, proprietary or trade secret information.  Larian also objects to this

25  request to the extent it calls for the disclosure of attorney-client privileged

26  information or information protected from disclosure by the work-product doctrine,

27  joint defense or common interest privilege, or other privilege.  Larian also objects

28  to this request to the extent it seeks documents not within Larian's possession,

EXHIBIT _15_ PAGE _707_ -217-

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   custody or control.

2          Subject to the foregoing, Larian will produce documents, consistent

3   with the parties' agreement concerning the same requests to MGA in Mattel's

4   Second Set of Requests for Production to MGA, as reflected in MGA's

5   Supplemental Responses to those Requests, within his possession, custody, or

6   control that are responsive to the request, if any, and that have not already been

7   produced, that he discovers in the course of his reasonable search and diligent

8   inquiry, and to which no privilege or other protection applies, including without

9   limitation, the attorney-client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 230:**

11          DOCUMENTS sufficient to show the number of units of each BRATZ

12  DOLL sold by MGA or its licensees.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

14          Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad and seeks information not relevant to the subject matter

17  of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence.  Larian also objects to this request on the grounds that it is overbroad,

19  unduly burdensome, and oppressive in seeking the number of units of all Bratz

20  dolls sold by MGA or its licensees.  Larian also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  Larian and one or more third parties.  Larian also objects to this request to the

24  extent it seeks information the disclosure of which would implicate the rights of

25  third parties to protect private, confidential, proprietary or trade secret information.

26  Larian also objects to this request to the extent it calls for the disclosure of attorney-

27  client privileged information or information protected from disclosure by the work-

28  product doctrine, joint defense or common interest privilege, or other privilege.

EXHIBIT _15_ PAGE _708_ - 218 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  Larian also objects to this request to the extent it seeks documents not within

2  Larian's possession, custody or control.

3         Subject to the foregoing, Larian will produce documents, consistent

4  with the parties' agreement concerning the same requests to MGA in Mattel's

5  Second Set of Requests for Production to MGA, as reflected in MGA's

6  Supplemental Responses to those Requests, within his possession, custody, or

7  control that are responsive to the request, if any, and that have not already been

8  produced, that he discovers in the course of his reasonable search and diligent

9  inquiry, and to which no privilege or other protection applies, including without

10  limitation, the attorney-client privilege or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 231:**

12         DOCUMENTS sufficient to show the revenue received by YOU from

13  the sale of each BRATZ DOLL sold by MGA or its licensees.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 231:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein. Larian also specifically objects to this request on the

17  grounds that it is overbroad and seeks information not relevant to the subject matter

18  of this lawsuit or reasonably calculated to lead to the discovery of admissible

19  evidence. Larian also objects to this request on the grounds that it is overbroad,

20  unduly burdensome, and oppressive in seeking documents showing all revenue

21  received by Larian for the sale of all Bratz dolls sold by MGA or its licensees.

22  Larian also objects to this request on the grounds that it seeks confidential,

23  proprietary or commercially sensitive information, the disclosure of which would

24  be inimical to the business interests of Larian and one or more third parties. Larian

25  also objects to this request to the extent it seeks information the disclosure of which

26  would implicate the rights of third parties to protect private, confidential,

27  proprietary or trade secret information. Larian also objects to this request to the

28  extent it calls for the disclosure of attorney-client privileged information or

EXHIBIT _15_ PAGE _209_   - 219 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)