ORIGINAL

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

DEC 11 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | DECLARATION OF JUAN PABLO ALBÁN IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL KAYE SCHOLER TO PRODUCE DOCUMENTS |
| AND CONSOLIDATED ACTIONS | |

Hearing Date:   January 10, 2007
Time:           9:00 a.m.
Place:          Telephonic Hearing

**Phase 1**
Discovery Cut-Off:   January 28, 2008
Pre-Trial Conference: May 5, 2008
Trial Date:          May 27, 2008

**PUBLIC REDACTED**

## DECLARATION OF JUAN PABLO ALBÁN

I, Juan Pablo Albán, declare as follows:

1.    I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Plaintiff. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of a subpoena that Mattel, Inc. served on Kaye Scholer dated September 6, 2007.

3.    Attached as Exhibit 2 is a true and correct copy of Kaye Scholer's objections to Mattel's subpoena dated September 18, 2007.

4.    Attached as Exhibit 3 is a true and correct copy of a letter from me to Bryant S. Delgadillo of Kaye Scholer dated September 24, 2007.

5.    Attached as Exhibit 4 is a true and correct copy of a letter from Mr. Delgadillo to me dated September 26, 2007.

6.    Attached as Exhibit 5 is a true and correct copy of a letter from Mr. Delgadillo to me dated September 27, 2007.

7.    Attached as Exhibit 6 is a true and correct copy of a letter from me to Mr. Delgadillo dated November 16, 2007.

8.    Attached as Exhibit 7 is a true and correct copy of a letter from Mr. Delgadillo to me dated November 21, 2007.

9.    Attached as Exhibit 8 is a true and correct copy of Mattel's First Set of Requests for Production of Documents to MGA dated March 14, 2005.

10.    Since October 1, 2007, MGA has produced to Mattel more than two million pages of documents, which Quinn Emanuel is in the process of diligently reviewing. I consulted with attorneys coordinating the review of MGA's documents and requested that, by using different key word searches, including some which I suggested, they search for any and all documents MGA produced related to the <u>Larian v. Larian</u> proceedings. As of December 4, 2007, Quinn Emanuel has

identified four such documents: a September 15, 2003 letter and three documents related to payments to Morad Zarabi. MGA's production, then, does not appear to include documents critical to those proceedings, such as the "raw data" MGA provided to Mr. Zarabi and/or Ernest Dutcher for purposes of appraisals of MGA conducted in 2000, and then again 2003 and 2004 after Farhad Larian alleged that Isaac Larian had concealed the conception and development Bratz for the 2000 appraisals. It appears that MGA has not complied with its discovery obligations with respect to <u>Larian v. Larian</u> proceedings despite the Court's May 15, 2007 order to do so. Mattel has separately approached MGA about this.

11.   Attached as Exhibit 9 are true and correct copies of relevant sections of Mattel, Inc.'s First Set of Requests For Production of Documents to Isaac Larian dated June 13, 2007. Isaac Larian also has not produced documents in this action, including documents related to the <u>Larian v. Larian</u> proceedings.

12.   Quinn Emanuel attorneys searched and arranged copying of documents from public filings in the two lawsuits that Farhad Larian filed against Isaac Larian and Morad Zarabi in 2003 and 2005. I personally reviewed the documents that Quinn Emanuel pulled as well as indexes of publicly available documents. The documents Mattel found in public filings include Mr. Dutcher's declaration attached here as Exhibit 20. Quinn Emanuel did not locate in public filings any of the raw data on which Mr. Dutcher relied to conduct appraisals of MGA in 2000, 2003 and 2004, including, for example, MGA's 2000 and 2001 financial statements or Mr. Morad's Zarabi's "reconciliations" related to the appraisals. Public filings also do not appear to include transcripts of proceedings or evidence presented during the arbitration that commenced on November 16, 2005.

13.   Besides serving a third party subpoena on Kaye Scholer, Mattel also served subpoenas on Farhad Larian, Farhad Larian's attorneys during his disputes with Isaac Larian and Mr. Zarabi (Conkle, Kremer & Engel; Cotkin & Collins; Howarth & Smith and Kabatech Brown Kellner); on another one of Isaac

Larian's attorneys (Joel Klevens); and on Mr. Zarabi and his attorneys (Krane & Smith and Stern & Goldberg).  Of these, Cotkin, Howarth and Krane have produced responsive documents.  I have personally reviewed all of these.  Farhad Larian has produced a limited and incomplete set of responsive documents, the last production of which Quinn Emanuel received on the evening of December 6, 2007.  Quinn Emanuel is still in the process of reviewing these.  Kabatech agreed to produce documents but has not done so.  Conkle & Kremer, Mr. Klevens and Mr. Zarabi represented they do not have any responsive documents.  Don Howarth of Howarth & Smith represented that his law firm gave everything it had obtained through discovery to Farhad Larian, and did not retain any copies.  Conkle represented that it gave twelve to fifteen boxes from the <u>Larian v. Larian</u> proceedings to Kabatech Brown Kellner when Conkle stopped representing Farhad Larian.  Ralph Loeb of Krane & Smith, who represented Mr. Zarabi for purposes of Mattel's subpoena, told me that Mr. Zarabi told Krane that he had given everything he had related to the <u>Larian v. Larian</u> proceedings to Isaac Larian.  Mattel obtained much of the evidence presented herein through these third parties.  However, that discovery confirms that Mattel still does not have, and Kaye Scholer appears to have, many of the critical documents related to Farhad Larian's Bratz-related allegations.  For example, no party has produced most or any of the discovery Farhad Larian obtained from MGA, Isaac Larian, Morad Zarabi and Ernest Dutcher between 2003 and 2006, including transcripts of any depositions he took or defended, nor any of the transcripts or evidence presented during the November 2005 arbitration.

14.    Attached as Exhibit 10 is a true and correct copy of a protective ordered entered in <u>Larian v. Larian</u>, Case No. BC301371, dated September 23, 2004.

15.    Attached as Exhibit 11 is a true and correct copy of a letter from Stern to Howarth and Kaye Scholer dated May 21, 2004.

16.    Attached as Exhibit 12 is a true and correct copy of a letter from Alan N. Goldberg to me dated October 16, 2007.

1    17.    Attached as Exhibit 13 is a true and correct copy of a letter from
2    me to Mr. Goldberg dated October 25, 2007.

3    18.    Attached as Exhibit 14 is a true and correct copy of a letter from
4    Mr. Goldberg to me dated October 31, 2007.

5    19.    Attached as Exhibit 15 is a true and correct copy of a Declaration
6    of Morad Zarabi dated September 14, 2004.

7    20.    Attached as Exhibit 16 is a true and correct copy of a letter from
8    Howarth to Kaye Scholer dated April 6, 2004.

9    21.    Attached as Exhibit 17 is a true and correct copy of an Order
10   Granting Mattel's Motion to Compel Production of Documents dated May 15, 2007.

11   22.    Attached as Exhibit 18 is a true and correct copy of a Declaration
12   of Farhad Larian dated November 7, 2003, without exhibits.

13   23.    Attached as Exhibit 19 is a true and correct copy of a Subpoena,
14   including Requests for Production, that Farhad Larian served on Morad Zarabi dated
15   September 19, 2003.

16   24.    Attached as Exhibit 20 is a true and correct copy of a Declaration
17   of Ernest Dutcher dated January 9, 2005, including exhibits.

18   25.    Attached as Exhibit 21 is a true and correct copy of a Certified
19   Transcript of Audiotaped Meeting with Ernest Dutcher dated September 10, 2003.

20   26.    Attached as Exhibit 22 is a true and correct copy of Mattel's
21   Second Amended Answer and Counterclaims dated July 12, 2007.

22   27.    Attached as Exhibit 23 are true and correct copies of relevant
23   excerpts from Volume 1 of the deposition transcript of Paula Garcia dated May 24,
24   2007.

25   28.    Attached as Exhibit 24 is a true and correct copy of an Order of
26   the Discovery Master dated September 25, 2007

27   29.    Attached as Exhibit 25 is a true and correct copy of the
28   Stipulation and Protective Order in effect in this action dated January 4, 2005.

30.     Attached as Exhibit 26 is a true and correct copy of an Order of the Discovery Master dated January 25, 2007.

31.     Attached as Exhibit 27 is a true and correct copy of letter from Patricia Glaser to John Quinn dated July 5, 2007.

32.     Attached as Exhibit 28 is a true and correct copy of a protective ordered entered in Larian v. Larian, ADRS Case No. 05-2096-ABH, dated November 16, 2005.  Ms. Lever informed me on December 4, 2007 that Mr. Larian agreed to stipulate to modify this protective order in order to allow production here.

33.     Attached as Exhibit 29 is a true and correct copy of letter from Ms. Lever to me dated December 6, 2007.

34.     Attached as Exhibit 30 is a true and correct copy of an email exchange between Jon Corey and Raoul Kennedy between December 4 and 5, 2007.

35.     Attached as Exhibit 31 is a true and correct copy of Non-Party MGA's Motion for Protective Order in ADRS Case No. 05-2096-ABH dated November 14, 2005.

36.     Attached as Exhibit 32 are true and correct copies relevant sections of MGA's audited financial statements from 2002-2006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 10, 2007, at Los Angeles, California.

_____
Juan Pablo Albán

## DECLARATION OF JUAN PABLO ALBÁN

I, Juan Pablo Albán, declare as follows:

1.      I am a member of the bar of the State of California and an associate with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Plaintiff.  I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached as Exhibit 1 is a true and correct copy of a subpoena that Mattel, Inc. served on Kaye Scholer dated September 6, 2007.

3.      Attached as Exhibit 2 is a true and correct copy of Kaye Scholer's objections to Mattel's subpoena dated September 18, 2007.

4.      Attached as Exhibit 3 is a true and correct copy of a letter from me to Bryant S. Delgadillo of Kaye Scholer dated September 24, 2007.

5.      Attached as Exhibit 4 is a true and correct copy of a letter from Mr. Delgadillo to me dated September 26, 2007.

6.      Attached as Exhibit 5 is a true and correct copy of a letter from Mr. Delgadillo to me dated September 27, 2007.

7.      Attached as Exhibit 6 is a true and correct copy of a letter from me to Mr. Delgadillo dated November 16, 2007.

8.      Attached as Exhibit 7 is a true and correct copy of a letter from Mr. Delgadillo to me dated November 21, 2007.

9.      Attached as Exhibit 8 is a true and correct copy of Mattel's First Set of Requests for Production of Documents to MGA dated March 14, 2005.

10.      Since October 1, 2007, MGA has produced to Mattel more than two million pages of documents, which Quinn Emanuel is in the process of diligently reviewing.  I consulted with attorneys coordinating the review of MGA's documents and requested that, by using different key word searches, including some which I suggested, they search for any and all documents MGA produced related to the Larian v. Larian proceedings.  As of December 4, 2007, Quinn Emanuel has

1    identified four such documents: a September 15, 2003 letter and three documents

2    related to payments to Morad Zarabi.  MGA's production, then, does not appear to

3    include documents critical to those proceedings, such as the "raw data" MGA

4    provided to Mr. Zarabi and/or Ernest Dutcher for purposes of appraisals of MGA

5    conducted in 2000, and then again 2003 and 2004 after Farhad Larian alleged that

6    Isaac Larian had concealed the conception and development Bratz for the 2000

7    appraisals.  It appears that MGA has not complied with its discovery obligations

8    with respect to <u>Larian v. Larian</u> proceedings despite the Court's May 15, 2007 order

9    to do so.  Mattel has separately approached MGA about this.

10           11.    Attached as Exhibit 9 are true and correct copies of relevant

11    sections of Mattel, Inc.'s First Set of Requests For Production of Documents to

12    Isaac Larian dated June 13, 2007.  Isaac Larian also has not produced documents in

13    this action, including documents related to the <u>Larian v. Larian</u> proceedings.

14           12.    Quinn Emanuel attorneys searched and arranged copying of

15    documents from public filings in the two lawsuits that Farhad Larian filed against

16    Isaac Larian and Morad Zarabi in 2003 and 2005.  I personally reviewed the

17    documents that Quinn Emanuel pulled as well as indexes of publicly available

18    documents.  The documents Mattel found in public filings include Mr. Dutcher's

19    declaration attached here as Exhibit 20.  Quinn Emanuel did not locate in public

20    filings any of the raw data on which Mr. Dutcher relied to conduct appraisals of

21    MGA in 2000, 2003 and 2004, including, for example, MGA's 2000 and 2001

22    financial statements or Mr. Morad's Zarabi's "reconciliations" related to the

23    appraisals.  Public filings also do not appear to include transcripts of proceedings or

24    evidence presented during the arbitration that commenced on November 16, 2005.

25           13.    Besides serving a third party subpoena on Kaye Scholer, Mattel

26    also served subpoenas on Farhad Larian, Farhad Larian's attorneys during his

27    disputes with Isaac Larian and Mr. Zarabi (Conkle, Kremer & Engel; Cotkin &

28    Collins; Howarth & Smith and Kabatech Brown Kellner); on another one of Isaac

1  Larian's attorneys (Joel Klevens); and on Mr. Zarabi and his attorneys (Krane &

2  Smith and Stern & Goldberg). Of these, Cotkin, Howarth and Krane have produced

3  responsive documents. I have personally reviewed all of these. Farhad Larian has

4  produced a limited and incomplete set of responsive documents, the last production

5  of which Quinn Emanuel received on the evening of December 6, 2007. Quinn

6  Emanuel is still in the process of reviewing these. Kabatech agreed to produce

7  documents but has not done so. Conkle & Kremer, Mr. Klevens and Mr. Zarabi

8  represented they do not have any responsive documents. Don Howarth of Howarth

9  & Smith represented that his law firm gave everything it had obtained through

10  discovery to Farhad Larian, and did not retain any copies. Conkle represented that it

11  gave twelve to fifteen boxes from the <u>Larian v. Larian</u> proceedings to Kabatech

12  Brown Kellner when Conkle stopped representing Farhad Larian. Ralph Loeb of

13  Krane & Smith, who represented Mr. Zarabi for purposes of Mattel's subpoena, told

14  me that Mr. Zarabi told Krane that he had given everything he had related to the

15  <u>Larian v. Larian</u> proceedings to Isaac Larian. Mattel obtained much of the evidence

16  presented herein through these third parties. However, that discovery confirms that

17  Mattel still does not have, and Kaye Scholer appears to have, many of the critical

18  documents related to Farhad Larian's Bratz-related allegations. For example, no

19  party has produced most or any of the discovery Farhad Larian obtained from MGA,

20  Isaac Larian, Morad Zarabi and Ernest Dutcher between 2003 and 2006, including

21  transcripts of any depositions he took or defended, nor any of the transcripts or

22  evidence presented during the November 2005 arbitration.

23         14.    Attached as Exhibit 10 is a true and correct copy of a protective

24  ordered entered in <u>Larian v. Larian</u>, Case No. BC301371, dated September 23, 2004.

25         15.    Attached as Exhibit 11 is a true and correct copy of a letter from

26  Stern to Howarth and Kaye Scholer dated May 21, 2004.

27         16.    Attached as Exhibit 12 is a true and correct copy of a letter from

28  Alan N. Goldberg to me dated October 16, 2007.

17.     Attached as Exhibit 13 is a true and correct copy of a letter from me to Mr. Goldberg dated October 25, 2007.

18.     Attached as Exhibit 14 is a true and correct copy of a letter from Mr. Goldberg to me dated October 31, 2007.

19.     Attached as Exhibit 15 is a true and correct copy of a Declaration of Morad Zarabi dated September 14, 2004.

20.     Attached as Exhibit 16 is a true and correct copy of a letter from Howarth to Kaye Scholer dated April 6, 2004.

21.     Attached as Exhibit 17 is a true and correct copy of an Order Granting Mattel's Motion to Compel Production of Documents dated May 15, 2007.

22.     Attached as Exhibit 18 is a true and correct copy of a Declaration of Farhad Larian dated November 7, 2003, without exhibits.

23.     Attached as Exhibit 19 is a true and correct copy of a Subpoena, including Requests for Production, that Farhad Larian served on Morad Zarabi dated September 19, 2003.

24.     Attached as Exhibit 20 is a true and correct copy of a Declaration of Ernest Dutcher dated January 9, 2005, including exhibits.

25.     Attached as Exhibit 21 is a true and correct copy of a Certified Transcript of Audiotaped Meeting with Ernest Dutcher dated September 10, 2003.

26.     Attached as Exhibit 22 is a true and correct copy of Mattel's Second Amended Answer and Counterclaims dated July 12, 2007.

27.     Attached as Exhibit 23 are true and correct copies of relevant excerpts from Volume 1 of the deposition transcript of Paula Garcia dated May 24, 2007.

28.     Attached as Exhibit 24 is a true and correct copy of an Order of the Discovery Master dated September 25, 2007

29.     Attached as Exhibit 25 is a true and correct copy of the Stipulation and Protective Order in effect in this action dated January 4, 2005.

30.     Attached as Exhibit 26 is a true and correct copy of an Order of the Discovery Master dated January 25, 2007.

31.     Attached as Exhibit 27 is a true and correct copy of letter from Patricia Glaser to John Quinn dated July 5, 2007.

32.     Attached as Exhibit 28 is a true and correct copy of a protective ordered entered in <u>Larian v. Larian</u>, ADRS Case No. 05-2096-ABH, dated November 16, 2005.  Ms. Lever informed me on December 4, 2007 that Mr. Larian agreed to stipulate to modify this protective order in order to allow production here.

33.     Attached as Exhibit 29 is a true and correct copy of letter from Ms. Lever to me dated December 6, 2007.

34.     Attached as Exhibit 30 is a true and correct copy of an email exchange between Jon Corey and Raoul Kennedy between December 4 and 5, 2007.

35.     Attached as Exhibit 31 is a true and correct copy of Non-Party MGA's Motion for Protective Order in ADRS Case No. 05-2096-ABH dated November 14, 2005.

36.     Attached as Exhibit 32 are true and correct copies relevant sections of MGA's audited financial statements from 2002-2006.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 10, 2007, at Los Angeles, California.

Juan Pablo Albán

AO88 (Rev. 12/06) Subpoena in a Civil Case.

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

V.

CARTER BRYANT, an Individual; and DOES 1 through 10, inclusive

Case Number:[1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059 and CV 05-2727

TO: Kaye Scholer LLP
    1999 Avenue of the Stars, Suite 1700
    Los Angeles, CA 90067-6048

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 South Figueroa St., 10th Floor Los Angeles, CA 90017 | September 20, 2007 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael T. Zeller* Attorney for Plaintiff, Mattel, Inc. | September 6, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Michael T. Zeller, Esq., QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017   (213) 443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT 1 PAGE 7**

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT 1 PAGE 8**

## ATTACHMENT A

## Documents To Be Produced

1.   **DEFINITIONS.**

    a.    "YOU" or "YOUR" means Kaye Scholer LLP, and all of YOUR current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control, including without limitation Larry Feldman, Esq., Robert Turner, Esq. and Raymond Warner, Esq. and J. Andrew Sjoblom, Esq.

    b.    "FARHAD LARIAN" means Farhad Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

    c.    "MORAD ZARABI" means Morad Zarabi, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

    d.    "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

    e.    "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

    f.    "ERNEST DUTCHER" means Ernest Dutcher, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors,

**EXHIBIT 1 PAGE 9**

consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

g.      "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

h.      "ANGEL" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Angel" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Angel" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "ANGEL" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

i.      "PRAYER ANGELS" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Prayer Angels" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Prayer Angels" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting

**EXHIBIT 1 PAGE 10**

the generality of the foregoing, the term "PRAYER ANGELS" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

j.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

k.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

l.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

m.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

n.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, COMMUNICATIONS,

**EXHIBIT 1 PAGE 11**

facsimiles, electronic mail, records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

   o. "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

   p. "RELATING TO" means referencing, referring to, constituting, evidencing, pertaining to, mentioning, supporting, contradicting, negating, bearing on, touching on, containing, embodying, reflecting, identifying, stating, dealing with, concerning, commenting on, summarizing, responding to, relating to, describing or discussing in any way.

   q. "FAMILY MEMBER" means any PERSON who at any time is, was or has been a spouse or child of another PERSON.

   r. "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether permanently, temporarily or otherwise, to create, generate, transmit, copy, retain, store or maintain DIGITAL INFORMATION. "DIGITAL INFORMATION" means any information created, maintained or stored digitally, including but not limited to electronically, magnetically or optically.

   s. "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA

4

**EXHIBIT 1 PAGE 12**

Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

   t.  The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of DOCUMENTS or information.

2.  <u>INSTRUCTIONS.</u>

   a.  YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

   b.  If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

     (1)  The privilege or protection that you claim precludes disclosure;

     (2)  The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

     (3)  The date, author(s), addressee(s); and

     (4)  Any additional facts on which YOU would base YOUR claim of privilege or protection.

   c.  YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

   d.  YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

**EXHIBIT 1 PAGE 13**

     e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    <u>DOCUMENTS TO BE PRODUCED.</u>

    (1)    All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any and all lawsuits and/or arbitrations between FARHAD LARIAN and ISAAC LARIAN, including without limitation all video and/or sound recordings, transcripts, exhibits, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection therewith.

    (2)    All DOCUMENTS, including all COMMUNICATIONS, RELATING TO Los Angeles Superior Court Case No. BC301371 filed by FARHAD LARIAN against ISAAC LARIAN and/or any related proceedings, including any appeal thereof, and including without limitation all video and/or sound recordings, transcripts, exhibits, pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection with such suit and/or related proceedings and/or any appeal related to such lawsuit.

    (3)    All DOCUMENTS RELATING TO Los Angeles Superior Court Case No. BC329501 filed by FARHAD LARIAN against ISAAC LARIAN, MORAD ZARABI and Kambiz Zarabi, and/or any related proceedings and/or any appeal of such lawsuit, including without limitation all video and/or sound recordings, transcripts, exhibits, pleadings, briefs, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection with such suit and/or related proceedings and/or any appeal related to such lawsuit.

    (4)    All DOCUMENTS RELATING TO any contract or agreement, or any proposed, offered or requested contract or agreement, between FARHAD LARIAN and/or any FAMILY MEMBER of FARHAD LARIAN, on the one hand, and ISAAC LARIAN and/or MGA, on the other hand, at any time since January 1, 1999, including without limitation any and all actual, proposed, offered or requested amendments or modifications thereto, and including without limitation: (a) the Agreement for Sale of Stock, entered into on or about December 4, 2000, (b) the Agreement to Arbitrate and Selection of Arbitrator between FARHAD LARIAN and ISAAC LARIAN, (c) any and all employment and consulting agreements RELATING

**EXHIBIT 1 PAGE 14**

TO FARHAD LARIAN, (d) any and all settlements, resolutions or compromises of any kind, and (e) any and all fee or indemnification agreements.

(5)    All DOCUMENTS RELATING TO BRYANT, including without limitation his agreement with MGA dated "as of" September 18, 2000, his work on BRATZ and his employment by MATTEL.

(6)    All DOCUMENTS RELATING TO BRATZ that discuss, concern or reference the time period prior to January 1, 2002, regardless of when such DOCUMENT was generated, created, received or transmitted.

(7)    All DOCUMENTS RELATING TO the creation, conception, development, design or origins of BRATZ, including without limitation all statements by ISAAC LARIAN, BRYANT or any other PERSON relating thereto at any time.

(8)    All COMMUNICATIONS to or from YOU, FARHAD LARIAN, ISAAC LARIAN, MORAD ZARABI, BRYANT, Veronica Marlow, Mercedeh Ward, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and/or Anna Rhee RELATING TO BRATZ, including without limitation all diaries, notes, calendars, logs, phone records, letters and other DOCUMENTS relating thereto.

(9)    All planners and calendars, including without limitation any Franklin planner or Outlook calendar, used by FARHAD LARIAN, ISAAC LARIAN or any other PERSON at MGA RELATING TO the time period between January 1, 1999 and December 31, 2001, inclusive.

(10)    All DOCUMENTS RELATING TO the timing of any meetings between FARHAD LARIAN and anyone at MGA RELATING TO BRATZ, including but not limited to any planners, calendars, or other meeting records.

(11)    All DOCUMENTS that REFER OR RELATE to any ownership rights or interest, or any claimed or alleged ownership rights or interest, in BRATZ.

(12)    All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any actual, proposed, contemplated, considered or potential copyright, patent, trademark, design rights or any other application or registration RELATING TO BRATZ.

**EXHIBIT 1 PAGE 15**

(13)   All DOCUMENTS RELATING TO ANGEL.

(14)   All DOCUMENTS RELATING TO PRAYER ANGELS.

(15)   All DOCUMENTS RELATING TO Elise Cloonan or any of her FAMILY MEMBERS, including without limitation all such COMMUNICATIONS RELATING TO BRYANT, MATTEL, BRATZ, ISAAC LARIAN, MGA and/or Anna Rhee, and including without limitation all diaries, notes, calendars, logs, phone records, letters and other DOCUMENTS RELATING TO such COMMUNICATIONS.

(16)   ALL DOCUMENTS RELATING TO any financial appraisal of MGA and/or BRATZ, including without limitation any appraisal or appraisals performed by ERNEST DUTCHER and any instructions given to ERNEST DUTCHER regarding such appraisal or appraisals.

(17)   All DOCUMENTS RELATING TO any financial or other information considered, relied upon or used in any manner to conduct any valuation or appraisal of MGA and/or BRATZ, including without limitation for the time period from January 1, 1999 to December 31, 2001.

(18)   All DOCUMENTS RELATING TO the value of MGA and/or BRATZ at any time since January 1, 1999.

(19)   All DOCUMENTS RELATING TO allegations that ISAAC LARIAN concealed from FARHAD LARIAN and/or MORAD ZARABI facts relating to BRATZ and/or BRYANT.

(20)   All DOCUMENTS RELATING TO the meeting on or about January 26, 2003 between FARHAD LARIAN, MORAD ZARABI, ISAAC LARIAN and Mike Shenasafar, including without limitation all notes and video and/or sound recordings relating thereto.

(21)   DOCUMENTS sufficient to identify any and all appraisers, accountants and consultants who participated or were involved in any lawsuit or arbitration, including pre-arbitration proceedings, or any other dispute between FARHAD LARIAN and ISAAC LARIAN RELATING TO MGA or BRATZ.

**EXHIBIT 1 PAGE 16**

(22)   All DOCUMENTS RELATING TO any and all payments of money or transfers of anything of value that ISAAC LARIAN, his FAMILY MEMBERS and/or MGA have made, have offered or have proposed, promised or agreed to make, to or for the benefit of FARHAD LARIAN or his FAMILY MEMBERS at any time from January 1, 1999 through the present.

(23)   All DOCUMENTS RELATING TO any and all payments of money or transfers of anything of value that any PERSON has made, has offered or has proposed, promised or agreed to make, to or for the benefit of FARHAD LARIAN or his FAMILY MEMBERS and that was related in any way to BRATZ, BRYANT, MGA or this ACTION at any time from January 1, 1999 through the present.

(24)   All DOCUMENTS RELATING TO any royalties paid, proposed, offered or promised to or for the benefit of any PERSON RELATING TO BRATZ, including without limitation any such royalties paid, proposed, offered or promised to or for the benefit of ISAAC LARIAN and/or FARHAD LARIAN.

(25)   All DOCUMENTS RELATING TO this ACTION, including all COMMUNICATIONS relating thereto.

(26)   All COMMUNICATIONS between FARHAD LARIAN and MATTEL since January 1, 1999, and all DOCUMENTS relating thereto.

(27)   All DOCUMENTS that FARHAD LARIAN and/or YOU showed MATTEL at any time since January 1, 1999, including without limitation all such DOCUMENTS that attorneys for FARHAD LARIAN showed MATTEL in connection with this ACTION, including without limitation each of the following:

(a)   The MGA email dated November 16, 2000 that summarizes "last week's meeting" with K-Mart and references BRATZ.

(b)   FARHAD LARIAN's email to ISAAC LARIAN dated November 22, 2000 mentioning prices for a "Bratz Fashion Pack."

(c)   The November 22, 2000 chart describing changes to the Bratz Doll Assortment and Bratz Holiday doll.

**EXHIBIT 1 PAGE 17**

(d)   FARHAD LARIAN's August 19, 2005 email to Scott Bachrach (at scottbac@aol.com) inquiring about the first contact between Mr. Bachrach and MGA concerning BRATZ, as well as associated COMMUNICATIONS.

(e)   FARHAD LARIAN's August 22, 2005 email to Colleen O'Higgins asking about BRYANT and BRATZ, as well as associated COMMUNICATIONS.

(f)   The COMMUNICATIONS with Bin Ton, Michael Lingg and Jennifer Maurus regarding BRATZ, including without limitation those relating to actual and/or draft declaration(s) by the foregoing regarding BRATZ.

(g)   The December 21, 2000 email from ISAAC LARIAN to Paul Warner, with copies to Dennis Medici and FARHAD LARIAN, that mentions TRU purchases for products including BRATZ.

(h)   FARHAD LARIAN's August 1, 2005 email to Victoria O'Connor regarding BRATZ licensees, as well as associated COMMUNICATIONS.

(i)   FARHAD LARIAN's August 1, 2005 email chain with employees at dng.com asking about BRATZ, as well as associated COMMUNICATIONS.

(j)   The August 7, 2005 email from Mark Fragel responding to questions regarding BRATZ materials shown to Paulette Prim in November 2000.

(k)   FARHAD LARIAN's May 24, 2000 email to ISAAC LARIAN that states ISAAC LARIAN had instructed FARHAD LARIAN to withhold original documents that had been located in connection with the Fireman's Fund case and "to tell him [an MGA attorney] we could not find the originals."

(l)   The document entitled "Analysis of Design, Packaging & Mock-Up Expense for 6 Months Ending 6/30/99 and 6/30/00" attached to the August 11, 2000 email from Dennis Medici to ISAAC LARIAN and FARHAD LARIAN.

(m)   The August 14, 2000 ISAAC LARIAN email to Medici, Warner and FARHAD LARIAN that references cost tracking software used by MATTEL that ISAAC LARIAN says he learned about from interviewing MATTEL employees.

10

**EXHIBIT 1 PAGE 18**

(n)   The emails between ISAAC LARIAN and Jahangir Makabi requesting that Mr. Makabi sign an affidavit that he lost his original stock certificates despite Mr. Makabi's protestation that he never had any such certificates, as well as associated COMMUNICATIONS.

(o)   The January 31, 2001 email from ISAAC LARIAN to All in Marketing and Product Development, Medici and Didi Brown asserting that he (ISAAC LARIAN) had been purportedly diagnosed with "Alzheimer's" and denying in substance that he ever said anything that cannot be confirmed by a writing.

(p)   The November 15, 2000 Paula Treantafelles email to FARHAD LARIAN that says MGA will be selling a BRATZ backpack and states that a design for it is attached.

(28)   All DOCUMENTS that MATTEL provided to YOU and/or FARHAD LARIAN, or provided for YOUR review and/or for the review of FARHAD LARIAN, since January 1, 1999.

(29)   All DOCUMENTS RELATING TO the payment, offering or promising of money or anything of value by ISAAC LARIAN, MGA and/or FARHAD LARIAN to any PERSON who was at the time employed by or worked for MATTEL.

(30)   All DOCUMENTS, since January 1, 1999, RELATING TO FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any MATTEL line list or other DOCUMENT prepared or compiled by MATTEL identifying MATTEL products in the planning, design or development phase.

(31)   All DOCUMENTS, since January 1, 1999, RELATING TO FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MATTEL and that was not publicly available at the time of FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's receipt of such DOCUMENT.

07209/2212837.1

11

**EXHIBIT 1 PAGE 19**

(32)   All DOCUMENTS, since January 1, 1999, RELATING TO FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's knowledge of MATTEL's employment or inventions agreements.

(33)   Any STORAGE DEVICE used by FARHAD LARIAN RELATING TO any portion of the time period from January 1, 1999 through December 31, 2002, inclusive, and/or any DOCUMENTS responsive to any other Request herein.

(34)   All   DOCUMENTS   RELATING   TO   any   instruction   or COMMUNICATION by or to YOU, FARHAD LARIAN, ISAAC LARIAN and/or MGA to destroy, conceal, secret or withhold any DOCUMENT since January 1, 1998, including without limitation in connection with this ACTION.

(35)   All DOCUMENTS, including all COMMUNICATIONS, RELATING TO the preservation, retention or destruction of any DOCUMENT that is sought by or the subject of Request Nos. 1 through 34, inclusive.

**EXHIBIT 1 PAGE 20**

CALENDARED

RECEIVED

SEP 19 2007

Larry R. Feldman, Bar Number 45126
Bryant S. Delgadillo, Bar Number 208361
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 788-1000
Facsimile:  (310) 788-1200
Email address:  bdelgadillo@kayescholer.com

Attorneys for Non-Party
KAYE SCHOLER LLP

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| v. | **OBJECTION TO SUBPOENA IN A CIVIL CASE** |
| MATTEL, INC., | |
| Defendant. | Hon. Stephen G. Larson |
| ------------------------------------------- | |
| AND CONSOLIDATED CASES | |

23229080.DOC

OBJECTION TO SUBPOENA

**EXHIBIT 2 PAGE 21**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, KAYE SCHOLER LLP ("Kaye Scholer"), hereby objects to the Subpoena in a Civil Case ("Subpoena") issued by Mattel, Inc. ("Mattel").

Kaye Scholer objects to the Subpoena and each individual request for production of documents therein on the following grounds:

## GENERAL OBJECTIONS

**1.    Privileged or Protected Material**

Kaye Scholer objects to the Subpoena and each and every request for production therein on the grounds and to the extent they call for the production of documents that contain information protected from disclosure pursuant to the attorney-client privilege or the attorney work-product doctrine.

**2.    Proprietary or Confidential Information**

Kaye Scholer objects to the Subpoena and each and every request for production therein on the grounds and to the extent they call for the production of documents that contain proprietary or confidential information or trade secrets, disclosure of which would be prejudicial to Kaye Scholer and/or its client, any witness testifying on behalf of Kaye Scholer, or the person or persons who provided the information to Kaye Scholer. Kaye Scholer will not produce such documents absent an appropriate protective order.

**3.    Third Party Privacy Rights**

Kaye Scholer objects to the Subpoena and each and every request for production therein on the grounds and to the extent they call for the production of documents that contain confidential and private information of clients, employees, or of other third parties, or the joint confidential information of Kaye Scholer and a third party. Kaye Scholer will not produce such documents until the client, employee, or other third party has been notified of such requests and the client, employee, or the third party has consented to the production of the documents requested.

1

23229080.DOC

**EXHIBIT 2 PAGE 22**

4.    **Relevance**

Kaye Scholer objects to the Subpoena and each and every request for production therein on the grounds and to the extent they call for the production of documents that are neither relevant to the subject matter of the pending proceedings, nor reasonably calculated to lead to the discovery of admissible evidence.

5.    **Vagueness and Ambiguity**

Kaye Scholer objects to the Subpoena and each and every request for production therein on the grounds and to the extent they are vague or ambiguous, or both, and, as such, would require Kaye Scholer to speculate as to the meaning of the request for production.

6.    **Documents Otherwise Available**

Kaye Scholer objects to the Subpoena and each and every request for production therein on the grounds and to the extent they call for the production of documents that are readily accessible to Mattel or are in publicly available material, the public record, or Mattel's files, having been produced by parties in this litigation.

7.    **Overly broad, Duplicative, Unreasonably Cumulative, Harassing and/or Oppressive**

Kaye Scholer objects to the Subpoena and each and every request for production therein on the grounds and to the extent they are overly broad, duplicative, unreasonably cumulative, harassing and/or oppressive in that the Subpoena requires Kaye Scholer to: a) produce documents that are in Mattel's possession; b) produce documents not within Kaye Scholer's possession, custody, or control; c) produce documents that are in the possession, custody or control of third parties; and d) produce documents without limitations as to time or scope.

Kaye Scholer further objects to the Subpoena, including all definitions, and to each individual request for production of documents therein, to the extent the Subpoena ask for "all" documents, thereby causing the Subpoena to: (a) be overly broad, (b) be burdensome and oppressive, (c) seek information that is neither relevant

2

1    to the subject matter of this action, nor reasonably calculated to lead to the discovery

2    of admissible evidence, and (d) seek documents protected by the attorney/client and

3    attorney work product privileges.

4    **8.**    **Relevant Time Period**

5       Kaye Scholer objects to the Subpoena and each and every request for

6    production therein on the grounds and to the extent they seek the production of

7    documents without any limit as to time period.

8    **9.**    **Duplication**

9       Kaye Scholer objects to the Subpoena and each and every request for

10   production therein on the grounds and to the extent they are duplicative of other

11   request for production propounded therein, or requests documents that have already

12   been produced by other parties.

13   **10.**    **Untimely**

14      Kaye Scholer objects to the Subpoena and each and every request for

15   production therein on the grounds and to the extent they are untimely and fail to give

16   Kaye Scholer a reasonable amount of time to comply.

17   **11.**    **Improper Notice**

18      Kaye Scholer objects to the Subpoena and each and every request for

19   production therein on the grounds and to the extent they violate Federal Rules of Civil

20   Procedure, Rule 45(b)(1) in that Mattel failed to give prior notice of any commanded

21   production of documents on each party in the manner prescribed by Rule 5(b).

22   **12.**    **Violation of C.C.P. Section 1985.3(c)**

23      Kaye Scholer objects to the Subpoena and each and every request for

24   production therein on the grounds and to the extent they violate Code of Civil

25   Procedure § 1985.3(c), because they seek production of a variety of consumer records

26   of MGA Entertainment, Inc. ("MGA") within the meaning of California Code of Civil

27   Procedure section 1985.3(a), but do not include a Notice to Consumer and/or MGA's

28   written authorization to release such records or a proof of service attesting to

3

23229080.DOC

**EXHIBIT 2 PAGE 24**

compliance with § 1985.3(b).

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

**REQUEST NO. 1:** All DOCUMENTS, including all COMMUNICATIONS, RELATING TO any and all arbitration proceedings between FARHAD LARIAN and ISAAC LARIAN, including without limitation all video and/or sound recordings, transcripts, exhibits, memoranda, witness statements, declarations, affidavits and sworn testimony given by any PERSON in connection with such arbitration proceedings.

**RESPONSE NO. 1:**      Kaye Scholer incorporates by reference each and every General Objection set forth above as though fully set forth herein. Kaye Scholer further objects specifically to request for production No. 1 as overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in that it: 1) seeks information and documents not within Kaye Scholer's possession, custody, or control, and/or documents that are in the possession, custody or control of third parties; 2) seeks disclosure of facts and documents protected by or subject to the attorney-client privilege, and/or attorney work-product doctrine or any other applicable privilege or immunity; 3) seeks disclosure of facts and documents that contain sensitive confidential and proprietary business information and/or constitute trade secret information; 4) seeks production of voluminous records without limitations as to time; 5) seeks information that is neither relevant to the subject matter of the pending proceeding, nor reasonably calculated to lead to the discovery of admissible evidence; and 6) seeks information and documents readily accessible to Mattel from other sources or are otherwise publicly available.

**REQUEST NO. 2:** All DOCUMENTS, including all COMMUNICATIONS, RELATING TO Los Angeles Superior Court Case No. BC301371 filed by FARHAD LARIAN against ISAAC LARIAN and/or any related proceedings, including any

4

KAYE SCHOLER LLP

1    appeal thereof, and including without limitation all video and/or sound recordings,

2    transcripts, exhibits, pleadings, briefs, memoranda, witness statements, declarations,

3    affidavits and sworn testimony given by any PERSON in connection with such suit

4    and/or related proceedings and/or any appeal related to such lawsuit.

5    **RESPONSE NO. 2:**      Kaye Scholer incorporates by reference each and every

6    General Objection set forth above as though fully set forth herein.  Kaye Scholer

7    further objects specifically to request for production No. 2 as overly broad,

8    duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

9    that it:  1)  seeks information and documents not within Kaye Scholer's possession,

10   custody, or control, and/or documents that are in the possession, custody or control of

11   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

12   attorney-client privilege, and/or attorney work-product doctrine or any other

13   applicable privilege or immunity;  3) seeks disclosure of facts and documents that

14   contain sensitive confidential and proprietary business information and/or constitute

15   trade secret information;  4) seeks production of voluminous records without

16   limitations as to time;  5) seeks information that is neither relevant to the subject

17   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

18   admissible evidence;  and 6) seeks information and documents readily accessible to

19   Mattel from other sources or are otherwise publicly available.

20

21   **REQUEST NO. 3:**   All DOCUMENTS RELATING TO Los Angeles Superior Court

22   Case No. BC329501 filed by FARHAD LARIAN against ISAAC LARIAN, MORAD

23   ZARABI and Kambiz Zarabi, and/or any related proceedings and/or any appeal of

24   such lawsuit, including without limitation all video and/or sound recordings,

25   transcripts, exhibits, pleadings, briefs, memoranda, witness statements, declarations,

26   affidavits and sworn testimony given by any PERSON in connection with such suit

27   and/or related proceedings and/or any appeal related to such lawsuit.

28   **RESPONSE NO. 3:**      Kaye Scholer incorporates by reference each and every

5

23229080.DOC

**EXHIBIT 2 PAGE 26**

1   General Objection set forth above as though fully set forth herein.  Kaye Scholer

2   further objects specifically to request for production No. 3 as overly broad,

3   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

4   that it:  1) seeks information and documents not within Kaye Scholer's possession,

5   custody, or control, and/or documents that are in the possession, custody or control of

6   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

7   attorney-client privilege, and/or attorney work-product doctrine or any other

8   applicable privilege or immunity;  3) seeks disclosure of facts and documents that

9   contain sensitive confidential and proprietary business information and/or constitute

10  trade secret information;  4) seeks production of voluminous records without

11  limitations as to time;  5) seeks information that is neither relevant to the subject

12  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

13  admissible evidence;  and  6) seeks information and documents readily accessible to

14  Mattel from other sources or are otherwise publicly available.

15

16  **REQUEST NO. 4:**  All DOCUMENTS RELATING TO any contract or agreement,

17  or any proposed, offered or requested contract or agreement, between FARHAD

18  LARIAN and/or any FAMILY MEMBER of FARHAD LARIAN, on the one hand,

19  and ISAAC LARIAN and/or MGA, on the other hand, at any time since January 1,

20  1999, including without limitation any and all actual, proposed, offered or requested

21  amendments or modifications thereto, and including without limitation:  (a) the

22  Agreement for Sale of Stock, entered into on or about December 4, 200. (b) the

23  Agreement to Arbitrate and Selection of Arbitrator between FARHAD LARIAN and

24  ISAAC LARIAN, (c) any and all employment and consulting agreements RELATING

25  TO FARHAD LARIAN, (d) any and all settlements, resolutions or compromises of

26  any kind, and (e) any and all fee or indemnification agreements.

27  **RESPONSE NO. 4:**      Kaye Scholer incorporates by reference each and every

28  General Objection set forth above as though fully set forth herein.  Kaye Scholer

6

23229080.DOC

**EXHIBIT 2 PAGE 27**

1   further objects specifically to request for production No. 4 in that the definition of

2   "FAMILY MEMBER" is vague, ambiguous and overly broad, and as such would

3   require Kaye Scholer to speculate as to the meaning of the request. In addition, Kaye

4   Scholer further objects specifically to request for production No. 4 as overly broad,

5   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

6   that it:  1) seeks information and documents not within Kaye Scholer's possession,

7   custody, or control, and/or documents that are in the possession, custody or control of

8   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

9   attorney-client privilege, and/or attorney work-product doctrine or any other

10  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

11  contain sensitive confidential and proprietary business information and/or constitute

12  trade secret information;  4) seeks production of voluminous records without

13  limitations as to time;  5) seeks information that is neither relevant to the subject

14  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

15  admissible evidence;  and 6) seeks information and documents readily accessible to

16  Mattel from other sources.

17

18  **REQUEST NO. 5:**   All DOCUMENTS RELATING TO BRYANT, including

19  without limitation his agreement with MGA dated "as of" September 18, 2000, his

20  work on BRATZ and his employment by MATTEL.

21  **RESPONSE NO. 5:**      Kaye Scholer incorporates by reference each and every

22  General Objection set forth above as though fully set forth herein.  Kaye Scholer

23  further objects specifically to request for production No. 5 as overly broad,

24  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

25  that it:  1) seeks information and documents not within Kaye Scholer's possession,

26  custody, or control, and/or documents that are in the possession, custody or control of

27  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

28  attorney-client privilege, and/or attorney work-product doctrine or any other

7

23229080.DOC

**EXHIBIT 2 PAGE 28**

1  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

2  contain sensitive confidential and proprietary business information and/or constitute

3  trade secret information;  4) seeks production of voluminous records without

4  limitations as to time;  5) seeks information that is neither relevant to the subject

5  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

6  admissible evidence;  and 6) seeks information and documents readily accessible to

7  Mattel from other sources or are otherwise publicly available.

8

9  **REQUEST NO. 6:**  All DOCUMENTS RELATING TO BRATZ that discuss,

10  concern or reference the time period prior to January 1, 2002, regardless of when such

11  DOCUMENT was generated, created, received or transmitted.

12  **RESPONSE NO. 6:**  Kaye Scholer incorporates by reference each and every

13  General Objection set forth above as though fully set forth herein.  Kaye Scholer

14  further objects specifically to request for production No. 6 as overly broad,

15  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

16  that it:  1) seeks information and documents not within Kaye Scholer's possession,

17  custody, or control, and/or documents that are in the possession, custody or control of

18  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

19  attorney-client privilege, and/or attorney work-product doctrine or any other

20  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

21  contain sensitive confidential and proprietary business information and/or constitute

22  trade secret information;  4) seeks production of voluminous records without

23  limitations as to time;  5) seeks information that is neither relevant to the subject

24  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

25  admissible evidence;  and 6) seeks information and documents readily accessible to

26  Mattel from other sources or are otherwise publicly available.

27

28  **REQUEST NO. 7:**  All DOCUMENTS RELATING the creation, conception,

8

23229080.DOC

**EXHIBIT 2 PAGE 29**

1   development, design or origins of BRATZ, including without limitation all statements

2   by ISAAC LARIAN, BRYANT or any other PERSON relating thereto at any time.

3   **RESPONSE NO. 7:**     Kaye Scholer incorporates by reference each and every

4   General Objection set forth above as though fully set forth herein.  Kaye Scholer

5   further objects specifically to request for production No. 7 as overly broad,

6   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

7   that it:  1) seeks information and documents not within Kaye Scholer's possession,

8   custody, or control, and/or documents that are in the possession, custody or control of

9   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

10  attorney-client privilege, and/or attorney work-product doctrine or any other

11  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

12  contain sensitive confidential and proprietary business information and/or constitute

13  trade secret information;  4) seeks production of voluminous records without

14  limitations as to time;  5) seeks information that is neither relevant to the subject

15  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

16  admissible evidence;  and 6) seeks information and documents readily accessible to

17  Mattel from other sources.

19  **REQUEST NO. 8:**   All COMMUNICATIONS to or from YOU, FARHAD

20  LARIAN, ISAAC LARIAN, MORAD ZARABI, BRYANT, Veronica Marlow,

21  Mercedeh Ward, Margaret Hatch (also known as Margaret Leahy and/or Margaret

22  Hatch-Leahy) and/or Anna Rhee RELATING TO BRATZ, including without

23  limitation all diaries, notes, calendars, logs, phone records, letters and other

24  DOCUMENTS relating thereto.

25  **RESPONSE NO. 8:**     Kaye Scholer incorporates by reference each and every

26  General Objection set forth above as though fully set forth herein.  Kaye Scholer

27  further objects specifically to request for production No. 8 as overly broad,

28  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

9

23229080.DOC

**EXHIBIT 2 PAGE 30**

1  that it:  1) seeks information and documents not within Kaye Scholer's possession,

2  custody, or control, and/or documents that are in the possession, custody or control of

3  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

4  attorney-client privilege, and/or attorney work-product doctrine or any other

5  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

6  contain sensitive confidential and proprietary business information and/or constitute

7  trade secret information;  4) seeks production of voluminous records without

8  limitations as to time;  5) seeks information that is neither relevant to the subject

9  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

10  admissible evidence; and 6) seeks information and documents readily accessible to

11  Mattel from other sources.

12

13  **REQUEST NO. 9:**   All planners and calendars, including without limitation any

14  Franklin planner or Outlook calendar, used by FARHAD LARIAN, ISAAC LARIAN

15  or any other PERSON at MGA RELATING TO the time period between January 1,

16  1999 and December 31, 2001, inclusive.

17  **RESPONSE NO. 9:**      Kaye Scholer incorporates by reference each and every

18  General Objection set forth above as though fully set forth herein.  Kaye Scholer

19  further objects specifically to request for production No. 9 as overly broad,

20  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

21  that it:  1) seeks information and documents not within Kaye Scholer's possession,

22  custody, or control, and/or documents that are in the possession, custody or control of

23  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

24  attorney-client privilege, and/or attorney work-product doctrine or any other

25  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

26  contain sensitive confidential and proprietary business information and/or constitute

27  trade secret information;  4) seeks information that is neither relevant to the subject

28  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

10

23229080.DOC

**EXHIBIT 2 PAGE 31**

1   admissible evidence; and 5) seeks information and documents readily accessible to

2   Mattel from other sources.

3

4   **REQUEST NO. 10:**   All DOCUMENTS RELATING TO the timing of any meetings

5   between FARHAD LARIAN and anyone at MGA RELATING TO BRATZ,

6   including but not limited to any planners, calendars, or other meeting records.

7   **RESPONSE NO. 10:**     Kaye Scholer incorporates by reference each and every

8   General Objection set forth above as though fully set forth herein.  Kaye Scholer

9   further objects specifically to request for production No. 10 as overly broad,

10  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

11  that it:  1) seeks information and documents not within Kaye Scholer's possession,

12  custody, or control, and/or documents that are in the possession, custody or control of

13  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

14  attorney-client privilege, and/or attorney work-product doctrine or any other

15  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

16  contain sensitive confidential and proprietary business information and/or constitute

17  trade secret information;  4) seeks production of voluminous records without

18  limitations as to time;  5) seeks information that is neither relevant to the subject

19  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

20  admissible evidence; and 6) seeks information and documents readily accessible to

21  Mattel from other sources.

22

23  **REQUEST NO. 11:**   All DOCUMENTS that REFER OR RELATE to any

24  ownership rights or interest, or any claimed or alleged ownership rights or interest, in

25  BRATZ.

26  **RESPONSE NO. 11:**     Kaye Scholer incorporates by reference each and every

27  General Objection set forth above as though fully set forth herein.  Kaye Scholer

28  further objects specifically to request for production No. 11 as overly broad,

11

KAYE SCHOLER LLP

1   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

2   that it: 1) seeks information and documents not within Kaye Scholer's possession,

3   custody, or control, and/or documents that are in the possession, custody or control of

4   third parties; 2) seeks disclosure of facts and documents protected by or subject to the

5   attorney-client privilege, and/or attorney work-product doctrine or any other

6   applicable privilege or immunity; 3) seeks disclosure of facts and documents that

7   contain sensitive confidential and proprietary business information and/or constitute

8   trade secret information; 4) seeks production of voluminous records without

9   limitations as to time; 5) seeks information that is neither relevant to the subject

10   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

11   admissible evidence; and 6) seeks information and documents readily accessible to

12   Mattel from other sources.

13

14   **REQUEST NO. 12:**  All DOCUMENTS, including all COMMUNICATIONS,

15   RELATING TO any actual, proposed, contemplated, considered or potential

16   copyright, patent, trademark, design rights or any other application or registration

17   RELATING TO BRATZ.

18   **RESPONSE NO. 12:**  Kaye Scholer incorporates by reference each and every

19   General Objection set forth above as though fully set forth herein. Kaye Scholer

20   further objects specifically to request for production No. 12 as overly broad,

21   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

22   that it: 1) seeks information and documents not within Kaye Scholer's possession,

23   custody, or control, and/or documents that are in the possession, custody or control of

24   third parties; 2) seeks disclosure of facts and documents protected by or subject to the

25   attorney-client privilege, and/or attorney work-product doctrine or any other

26   applicable privilege or immunity; 3) seeks disclosure of facts and documents that

27   contain sensitive confidential and proprietary business information and/or constitute

28   trade secret information; 4) seeks production of voluminous records without

12

23229080.DOC

**EXHIBIT 2 PAGE 33**

1    limitations as to time;  5) seeks information that is neither relevant to the subject

2    matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

3    admissible evidence; and 6) seeks information and documents readily accessible to

4    Mattel from other sources.

5

6    **REQUEST NO. 13:**   All DOCUMENTS RELATING TO ANGEL.

7    **RESPONSE NO. 13:**     Kaye Scholer incorporates by reference each and every

8    General Objection set forth above as though fully set forth herein.  Kaye Scholer

9    further objects specifically to request for production No. 13 in that the definition of

10   "ANGEL" is vague, ambiguous and overly broad, and as such would require Kaye

11   Scholer to speculate as to the meaning of the request.  In addition, Kaye Scholer

12   further objects specifically to request for production No. 13 as overly broad,

13   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

14   that it:  1) seeks information and documents not within Kaye Scholer's possession,

15   custody, or control, and/or documents that are in the possession, custody or control of

16   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

17   attorney-client privilege, and/or attorney work-product doctrine or any other

18   applicable privilege or immunity;  3) seeks disclosure of facts and documents that

19   contain sensitive confidential and proprietary business information and/or constitute

20   trade secret information;  4) seeks production of voluminous records without

21   limitations as to time;  5) seeks information that is neither relevant to the subject

22   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

23   admissible evidence; and  6) seeks information and documents readily accessible to

24   Mattel from other sources.

25

26   **REQUEST NO. 14:**   All DOCUMENTS RELATING TO PRAYER ANGELS.

27   **RESPONSE NO. 14:**     Kaye Scholer incorporates by reference each and every

28   General Objection set forth above as though fully set forth herein.  Kaye Scholer

13

23229080.DOC

**EXHIBIT 2 PAGE 34**

1  further objects specifically to request for production No. 14 in that the definition of

2  "PRAYER ANGELS" is vague, ambiguous and overly broad, and as such would

3  require Kaye Scholer to speculate as to the meaning of the request.  In addition, Kaye

4  Scholer further objects specifically to request for production No. 14 as overly broad,

5  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

6  that it:  1) seeks information and documents not within Kaye Scholer's possession,

7  custody, or control, and/or documents that are in the possession, custody or control of

8  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

9  attorney-client privilege, and/or attorney work-product doctrine or any other

10 applicable privilege or immunity;  3) seeks disclosure of facts and documents that

11 contain sensitive confidential and proprietary business information and/or constitute

12 trade secret information;  4) seeks production of voluminous records without

13 limitations as to time;  5) seeks information that is neither relevant to the subject

14 matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

15 admissible evidence; and  6) seeks information and documents readily accessible to

16 Mattel from other sources.

17

18 **REQUEST NO. 15:**  All DOCUMENTS RELATING TO Elise Cloonan, or any of

19 her FAMILY MEMBERS, including without limitation all such

20 COMMUNICATIONS RELATING TO BRYANT, MATTEL, BRATZ, ISAAC

21 LARIAN, MGA and/or Anna Rhee, and including without limitation all diaries, notes,

22 calendars, logs, phone records, letters and other DOCUMENTS RELATING TO such

23 COMMUNICATIONS.

24 **RESPONSE NO. 15:**    Kaye Scholer incorporates by reference each and every

25 General Objection set forth above as though fully set forth herein.  Kaye Scholer

26 further objects specifically to request for production No. 15 in that the definition of

27 "FAMILY MEMBER" is vague, ambiguous and overly broad, and as such would

28 require Kaye Scholer to speculate as to the meaning of the request.  In addition, Kaye

14

23229080.DOC

**EXHIBIT 2 PAGE 35**

KAYE SCHOLER LLP

1  Scholer further objects specifically to request for production No. 15 as overly broad,

2  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

3  that it:  1) seeks information and documents not within Kaye Scholer's possession,

4  custody, or control, and/or documents that are in the possession, custody or control of

5  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

6  attorney-client privilege, and/or attorney work-product doctrine or any other

7  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

8  contain sensitive confidential and proprietary business information and/or constitute

9  trade secret information;  4) seeks production of voluminous records without

10  limitations as to time;  5) seeks information that is neither relevant to the subject

11  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

12  admissible evidence; and 6) seeks information and documents readily accessible to

13  Mattel from other sources.

14

15  **REQUEST NO. 16:**   All DOCUMENTS RELATING TO any financial appraisal of

16  MGA and/or BRATZ, including without limitation any appraisal or appraisals

17  performed by ERNEST DUTCHER and any instructions given to ERNEST

18  DUTCHER regarding such appraisal or appraisals.

19  **RESPONSE NO. 16:**    Kaye Scholer incorporates by reference each and every

20  General Objection set forth above as though fully set forth herein.  Kaye Scholer

21  further objects specifically to request for production No. 16 as vague, ambiguous and

22  overly broad, specifically as to the term "financial appraisal," and as such would

23  require Kaye Scholer to speculate as to the meaning of the request.  In addition, Kaye

24  Scholer further objects specifically to request for production No. 16 as overly broad,

25  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

26  that it:  1) seeks information and documents not within Kaye Scholer's possession,

27  custody, or control, and/or documents that are in the possession, custody or control of

28  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

15

1  attorney-client privilege, and/or attorney work-product doctrine or any other

2  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

3  contain sensitive confidential and proprietary business information and/or constitute

4  trade secret information;  4) seeks production of voluminous records without

5  limitations as to time;  5) seeks information that is neither relevant to the subject

6  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

7  admissible evidence; and 6) seeks information and documents readily accessible to

8  Mattel from other sources.

9

10  **REQUEST NO. 17:**   All DOCUMENTS RELATING TO any financial or other

11  information considered, relied upon or used in any manner to conduct any valuation or

12  appraisal of MGA and/or BRATZ, including without limitation for the time period of

13  1999 to December 31, 2001.

14  **RESPONSE NO. 17:**    Kaye Scholer incorporates by reference each and every

15  General Objection set forth above as though fully set forth herein.  Kaye Scholer

16  further objects specifically to request for production No. 17 as vague, ambiguous and

17  overly broad, specifically as to the term "financial appraisal," and as such would

18  require Kaye Scholer to speculate as to the meaning of the request.  In addition, Kaye

19  Scholer further objects specifically to request for production No. 17 as overly broad,

20  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

21  that it:  1) seeks information and documents not within Kaye Scholer's possession,

22  custody, or control, and/or documents that are in the possession, custody or control of

23  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

24  attorney-client privilege, and/or attorney work-product doctrine or any other

25  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

26  contain sensitive confidential and proprietary business information and/or constitute

27  trade secret information;  4) seeks information that is neither relevant to the subject

28  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

16

23229080.DOC

**EXHIBIT 2 PAGE 37**

KAYE SCHOLER LLP

1    admissible evidence; and 5) seeks information and documents readily accessible to

2    Mattel from other sources.

3

4    **REQUEST NO. 18:**   All DOCUMENTS RELATING TO the value of MGA and/or

5    BRATZ at any time since January 1, 1999.

6    **RESPONSE NO. 18:**   Kaye Scholer incorporates by reference each and every

7    General Objection set forth above as though fully set forth herein.  Kaye Scholer

8    further objects specifically to request for production No. 18 as vague, ambiguous and

9    overly broad, specifically as to the term "value," and as such would require Kaye

10   Scholer to speculate as to the meaning of the request.  In addition, Kaye Scholer

11   further objects specifically to request for production No. 18 as overly broad,

12   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

13   that it:  1) seeks information and documents not within Kaye Scholer's possession,

14   custody, or control, and/or documents that are in the possession, custody or control of

15   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

16   attorney-client privilege, and/or attorney work-product doctrine or any other

17   applicable privilege or immunity;  3) seeks disclosure of facts and documents that

18   contain sensitive confidential and proprietary business information and/or constitute

19   trade secret information;  4) seeks information that is neither relevant to the subject

20   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

21   admissible evidence; and 5) seeks information and documents readily accessible to

22   Mattel from other sources.

23

24   **REQUEST NO. 19:**   All DOCUMENTS RELATING TO allegations that ISAAC

25   LARIAN concealed from FARHAD LARIAN and/or from MORAD ZARABI facts

26   relating to BRATZ and/or BRYANT.

27   **RESPONSE NO. 19:**   Kaye Scholer incorporates by reference each and every

28   General Objection set forth above as though fully set forth herein.  Kaye Scholer

17

23229080.DOC

**EXHIBIT 2 PAGE 38**

1   further objects specifically to request for production No. 19 as overly broad,

2   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

3   that it:  1) seeks information and documents not within Kaye Scholer's possession,

4   custody, or control, and/or documents that are in the possession, custody or control of

5   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

6   attorney-client privilege, and/or attorney work-product doctrine or any other

7   applicable privilege or immunity;  3) seeks disclosure of facts and documents that

8   contain sensitive confidential and proprietary business information and/or constitute

9   trade secret information;  4) seeks production of voluminous records without

10  limitations as to time;  5) seeks information that is neither relevant to the subject

11  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

12  admissible evidence; and 6) seeks information and documents readily accessible to

13  Mattel from other sources.

14

15  **REQUEST NO. 20:**   All DOCUMENTS RELATING TO the meeting on or around

16  January 26, 2003 between FARHAD LARIAN, MORAD ZARABI, ISAAC

17  LARIAN, and Mike Shenasafar, including without limitation all video and/or sound

18  recordings and notes relating thereto.

19  **RESPONSE NO. 20:**    Kaye Scholer incorporates by reference each and every

20  General Objection set forth above as though fully set forth herein.  Kaye Scholer

21  further objects specifically to request for production No. 20 as overly broad,

22  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

23  that it:  1) seeks information and documents not within Kaye Scholer's possession,

24  custody, or control, and/or documents that are in the possession, custody or control of

25  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

26  attorney-client privilege, and/or attorney work-product doctrine or any other

27  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

28  contain sensitive confidential and proprietary business information and/or constitute

- 18

23229080.DOC

**EXHIBIT 2 PAGE 39**

1  trade secret information;  4) seeks information that is neither relevant to the subject

2  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

3  admissible evidence; and 5) seeks information and documents readily accessible to

4  Mattel from other sources.

5

6  **REQUEST NO. 21:**   DOCUMENTS sufficient to identify any and all appraisers,

7  accountants and consultants who participated or were involved in any lawsuit or

8  arbitration, including pre-arbitration proceedings, or any other dispute between

9  FARHAD LARIAN and ISAAC LARIAN RELATING TO MGA or BRATZ.

10  **RESPONSE NO. 21:**    Kaye Scholer incorporates by reference each and every

11  General Objection set forth above as though fully set forth herein.  Kaye Scholer

12  further objects specifically to request for production No. 21 as overly broad,

13  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

14  that it:  1) seeks information and documents not within Kaye Scholer's possession,

15  custody, or control, and/or documents that are in the possession, custody or control of

16  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

17  attorney-client privilege, and/or attorney work-product doctrine or any other

18  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

19  contain sensitive confidential and proprietary business information and/or constitute

20  trade secret information;  4) seeks production of voluminous records without

21  limitations as to time;  5) seeks information that is neither relevant to the subject

22  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

23  admissible evidence; and 6) seeks information and documents readily accessible to

24  Mattel from other sources.

25

26  **REQUEST NO. 22:**  All DOCUMENTS RELATING TO any and all payments of

27  money or transfers of anything of value that ISAAC LARIAN, his FAMILY

28  MEMBERS and/or MGA have made, have offered or have proposed, promised or

KAYE SCHOLER LLP

19

23229080.DOC

**EXHIBIT 2 PAGE 40**

1   agreed to make, to or for the benefit of FARHAD LARIAN or his FAMILY

2   MEMBERS at any time from January 1, 1999 through the present.

3   **RESPONSE NO. 22:**    Kaye Scholer incorporates by reference each and every

4   General Objection set forth above as though fully set forth herein.  Kaye Scholer

5   further objects specifically to request for production No. 22 in that the definition of

6   "FAMILY MEMBER" is vague, ambiguous and overly broad, and as such would

7   require Kaye Scholer to speculate as to the meaning of the request.  In addition, Kaye

8   Scholer further objects specifically to request for production No. 22 as overly broad,

9   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

10   that it:  1) seeks information and documents not within Kaye Scholer's possession,

11   custody, or control, and/or documents that are in the possession, custody or control of

12   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

13   attorney-client privilege, and/or attorney work-product doctrine or any other

14   applicable privilege or immunity;  3) seeks disclosure of facts and documents that

15   contain sensitive confidential and proprietary business information and/or constitute

16   trade secret information;  4) seeks information that is neither relevant to the subject

17   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

18   admissible evidence; and 5) seeks information and documents readily accessible to

19   Mattel from other sources.

20

21   **REQUEST NO. 23:**  All DOCUMENTS RELATING TO any and all payments of

22   money or transfers of anything of value that any PERSON has made, has offered or

23   has proposed, promised or agreed to make, to or for the benefit of FARHAD LARIAN

24   or his FAMILY MEMBERS and that was related in any way to BRATZ, BRYANT,

25   MGA or this ACTION at any time from January 1, 1999 through the present.

26   **RESPONSE NO. 23:**    Kaye Scholer incorporates by reference each and every

27   General Objection set forth above as though fully set forth herein.  Kaye Scholer

28   further objects specifically to request for production No. 23 in that the definition of

20

1    "FAMILY MEMBER" is vague, ambiguous and overly broad, and as such would

2    require Kaye Scholer to speculate as to the meaning of the request. In addition, Kaye

3    Scholer further objects specifically to request for production No. 23 as overly broad,

4    duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

5    that it: 1) seeks information and documents not within Kaye Scholer's possession,

6    custody, or control, and/or documents that are in the possession, custody or control of

7    third parties; 2) seeks disclosure of facts and documents protected by or subject to the

8    attorney-client privilege, and/or attorney work-product doctrine or any other

9    applicable privilege or immunity; 3) seeks disclosure of facts and documents that

10   contain sensitive confidential and proprietary business information and/or constitute

11   trade secret information;  4) seeks information that is neither relevant to the subject

12   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

13   admissible evidence; and 5) seeks information and documents readily accessible to

14   Mattel from other sources.

15

16   **REQUEST NO. 24:**   All DOCUMENTS RELATING TO any royalties paid,

17   proposed, offered or promised to or for the benefit of any PERSON RELATING TO

18   BRATZ, including without limitation any such royalties paid, proposed, offered or

19   promised to or for the benefit of ISAAC LARIAN and/or FARHAD LARIAN.

20   **RESPONSE NO. 24:**    Kaye Scholer incorporates by reference each and every

21   General Objection set forth above as though fully set forth herein.  Kaye Scholer

22   further objects specifically to request for production No. 24 as overly broad,

23   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

24   that it: 1) seeks information and documents not within Kaye Scholer's possession,

25   custody, or control, and/or documents that are in the possession, custody or control of

26   third parties; 2) seeks disclosure of facts and documents protected by or subject to the

27   attorney-client privilege, and/or attorney work-product doctrine or any other

28   applicable privilege or immunity; 3) seeks disclosure of facts and documents that

21

23229080.DOC

**EXHIBIT 2 PAGE 42**

1   contain sensitive confidential and proprietary business information and/or constitute

2   trade secret information;  4) seeks production of voluminous records without

3   limitations as to time;  5) seeks information that is neither relevant to the subject

4   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

5   admissible evidence; and 6) seeks information and documents readily accessible to

6   Mattel from other sources.

7

8   **REQUEST NO. 25:**   All DOCUMENTS RELATING TO this ACTION, including

9   all COMMUNICATIONS relating thereto.

10   **RESPONSE NO. 25:**    Kaye Scholer incorporates by reference each and every

11   General Objection set forth above as though fully set forth herein.  Kaye Scholer

12   further objects specifically to request for production No. 25 as overly broad,

13   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

14   that it:  1) seeks information and documents not within Kaye Scholer's possession,

15   custody, or control, and/or documents that are in the possession, custody or control of

16   third parties;  2) seeks disclosure of facts and documents protected by or subject to the

17   attorney-client privilege, and/or attorney work-product doctrine or any other

18   applicable privilege or immunity;  3) seeks disclosure of facts and documents that

19   contain sensitive confidential and proprietary business information and/or constitute

20   trade secret information;  4) seeks production of voluminous records without

21   limitations as to time;  5) seeks information that is neither relevant to the subject

22   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

23   admissible evidence; and 6) seeks information and documents readily accessible to

24   Mattel from other sources.

25

26   **REQUEST NO. 26:**     All COMMUNICATIONS between FARHAD LARIAN

27   and MATTEL since January 1, 1999, and all DOCUMENTS relating thereto.

28   **RESPONSE NO. 26:**    Kaye Scholer incorporates by reference each and every

22

KAYE SCHOLER LLP

1  General Objection set forth above as though fully set forth herein.  Kaye Scholer

2  further objects specifically to request for production No. 26 as overly broad,

3  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

4  that it:  1) seeks information and documents not within Kaye Scholer's possession,

5  custody, or control, and/or documents that are in the possession, custody or control of

6  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

7  attorney-client privilege, and/or attorney work-product doctrine or any other

8  applicable privilege or immunity;  3) seeks information that is neither relevant to the

9  subject matter of the pending proceeding, nor reasonably calculated to lead to the

10  discovery of admissible evidence; and 4) seeks information and documents readily

11  accessible to Mattel from other sources.

12  **REQUEST NO. 27:**     All DOCUMENTS that FARHAD LARIAN and/or YOU

13  showed MATTEL at any time since January 1, 1999, including without all such

14  DOCUMENTS that attorneys for FARHAD LARIAN showed MATTEL in

15  connection with this ACTION, including without limitation each of the following:

16       (a)  The MGA email dated November 16, 2000 that summarizes "last week's

17  meeting" with K-Mart and references BRATZ.

18       (b)  FARHAD LARIAN's email to ISAAC LARIAN dated November 22,

19  2000 mentioning prices for a "Bratz Fashion Pack."

20       (c)  The November 22, 2000 chart describing changes to the Bratz Doll

21  Assortment and Bratz Holiday doll.

22       (d)  FARHAD LARIAN's August 19, 2005 email to Scott Bachrach (at

23  scottbac@aol.com) inquiring about the first contact between Mr. Bachrach and MGA

24  concerning BRATZ, as well as associated COMMUNICATIONS.

25       (e)  FARHAD LARIAN's August 22, 2005 email to Colleen O'Higgins

26  asking about BRYANT and BRATZ, as well as associated COMMUNICATIONS.

27       (f)  The COMMUNICATIONS with Bin Ton, Michael Lingg and Jennifer

28  Maurus regarding BRATZ, including without limitation those relating to actual and/or

23

23229080.DOC

**EXHIBIT 2 PAGE 44**