1  draft declaration(s) by the foregoing regarding BRATZ.

2      (g)    The December 21, 2000 email from ISAAC LARIAN to Paul Warner,

3  with copies to Dennis Medici and FARHAD LARIAN, that mentions TRU purchases

4  for products including BRATZ.

5      (h)    FARHAD LARIAN's August 1, 2005 email to Victoria O'Connor

6  regarding BRATZ licensees, as well as associated COMMUNICATIONS.

7      (i)    FARHAD LARIAN's August 1, 2005 email chain with employees at

8  dng.com asking about BRATZ, as well as associated COMMUNICATIONS.

9      (j)    The August 7, 2005 email from Mark Fragel responding to questions

10  regarding BRATZ materials shown to Paulette Prim in November 2000.

11      (k)    FARHAD LARIAN's May 24, 2000 email to ISAAC LARIAN that

12  states ISAAC LARIAN had instructed FARHAD LARIAN to withhold original

13  documents that had been located in connection with the Fireman's Fund case and "to

14  tell him [an MGA attorney] we could not find the originals."

15      (l)    The document entitled "Analysis of Design, Packaging & Mock-Up

16  Expense for 6 Months Ending 6/30/00 and 6/30/00" attached to the August 11, 2000

17  email from Dennis Medici to ISAAC LARIAN and FARHAD LARIAN.

18      (m)    The August 14, 2000 ISAAC LARIAN email to Medici, Warner and

19  FARHAD LARIAN that references cost tracking software used by MATTEL that

20  ISAAC LARIAN says he learned about from interviewing MATTEL employees.

21      (n)    The emails between ISAAC LARIAN and Jahangir Makabi requesting

22  that Mr. Makabi sign an affidavit that he lost his original stock certificates despite Mr.

23  Makabi's protestation that he never had any such certificates, as well as associated

24  COMMUNICATIONS.

25      (o)    The January 31, 2001 email from ISAAC LARIAN to All in Marketing

26  and Product Development, Medici and Didi Brown asserting that he (ISAAC

27  LARIAN) had been purportedly diagnosed with "Alzheimer's" and denying in

28  substance that he ever said anything that cannot be confirmed by a writing.

24

23229080.DOC

**EXHIBIT 2 PAGE 45**

KAYE SCHOLER LLP

1        (p)    The November 15, 2000 Paula Treantafelles email to FARHAD

2    LARIAN that says MGA will be selling a BRATZ backpack and states that a design

3    for it is attached.

4    **RESPONSE NO. 27:**    Kaye Scholer incorporates by reference each and every

5    General Objection set forth above as though fully set forth herein.  Kaye Scholer

6    further objects specifically to request for production No. 27 as vague, ambiguous and

7    overly broad, specifically as to the phrase "showed MATTEL," and as such would

8    require Kaye Scholer to speculate as to the meaning of the request.  In addition, Kaye

9    Scholer further objects specifically to request for production No. 27 as overly broad,

10    duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

11    that it:  1) seeks information and documents not within Kaye Scholer's possession,

12    custody, or control, and/or documents that are in the possession, custody or control of

13    third parties;  2) seeks disclosure of facts and documents protected by or subject to the

14    attorney-client privilege, and/or attorney work-product doctrine or any other

15    applicable privilege or immunity;  3) seeks disclosure of facts and documents that

16    contain sensitive confidential and proprietary business information and/or constitute

17    trade secret information;  4) seeks production of voluminous records without

18    limitations as to time;  5) seeks information that is neither relevant to the subject

19    matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

20    admissible evidence; and 6) seeks information and documents readily accessible to

21    Mattel from other sources.

22

23    **REQUEST NO. 28:**    All DOCUMENTS that MATTEL provided to YOU and/or

24    FARHAD LARIAN, or provided for YOUR review and/or for the review of

25    FARHAD LARIAN since January 1, 1999.

26    **RESPONSE NO. 28:**     Kaye Scholer incorporates by reference each and every

27    General Objection set forth above as though fully set forth herein.  Kaye Scholer

28    further objects specifically to request for production No. 28 as overly broad,

25

23229080.DOC

**EXHIBIT 2 PAGE 46**

1    duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

2    that it: 1) seeks information and documents not within Kaye Scholer's possession,

3    custody, or control, and/or documents that are in the possession, custody or control of

4    third parties; 2) seeks disclosure of facts and documents protected by or subject to the

5    attorney-client privilege, and/or attorney work-product doctrine or any other

6    applicable privilege or immunity; 3) seeks disclosure of facts and documents that

7    contain sensitive confidential and proprietary business information and/or constitute

8    trade secret information; 4) seeks production of voluminous records without

9    limitations as to time; 5) seeks information that is neither relevant to the subject

10   matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

11   admissible evidence; and 6) seeks information and documents readily accessible to

12   Mattel from other sources.

13

14   **REQUEST NO. 29:** All DOCUMENTS RELATING TO the payment, offering or

15   promising of money or anything of value by ISAAC LARIAN, MGA and/or

16   FARHAD LARIAN to any PERSON who was at the time employed by or worked for

17   MATTEL.

18   **RESPONSE NO. 29:** Kaye Scholer incorporates by reference each and every

19   General Objection set forth above as though fully set forth herein. Kaye Scholer

20   further objects specifically to request for production No. 29 as overly broad,

21   duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

22   that it: 1) seeks information and documents not within Kaye Scholer's possession,

23   custody, or control, and/or documents that are in the possession, custody or control of

24   third parties; 2) seeks disclosure of facts and documents protected by or subject to the

25   attorney-client privilege, and/or attorney work-product doctrine or any other

26   applicable privilege or immunity; 3) seeks disclosure of facts and documents that

27   contain sensitive confidential and proprietary business information and/or constitute

28   trade secret information; 4) seeks production of voluminous records without

26

23229080.DOC

**EXHIBIT 2 PAGE 47**

1  limitations as to time;  5) seeks information that is neither relevant to the subject

2  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

3  admissible evidence; and 6) seeks information and documents readily accessible to

4  Mattel from other sources.

5

6  **REQUEST NO. 30:**   All DOCUMENTS, since January 1, 1999, RELATING TO

7  FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's receipt, reproduction,

8  copying, storage, transmission, transfer, retention, destruction, deletion or use of any

9  MATTEL line list or other DOCUMENT prepared or compiled by MATTEL

10  identifying MATTEL products in the planning, design or development phase.

11  **RESPONSE NO. 30:**    Kaye Scholer incorporates by reference each and every

12  General Objection set forth above as though fully set forth herein.  Kaye Scholer

13  further objects specifically to request for production No. 30 as vague, ambiguous and

14  overly broad, specifically as to the terms "MATTEL line list" and MATTEL

15  products," and as such would require Kaye Scholer to speculate as to the meaning of

16  the request.  In addition, Kaye Scholer further objects specifically to request for

17  production No. 30 as overly broad, duplicative, unreasonably cumulative, harassing,

18  burdensome and/or oppressive in that it:  1) seeks information and documents not

19  within Kaye Scholer's possession, custody, or control, and/or documents that are in

20  the possession, custody or control of third parties;  2) seeks disclosure of facts and

21  documents protected by or subject to the attorney-client privilege, and/or attorney

22  work-product doctrine or any other applicable privilege or immunity;  3) seeks

23  disclosure of facts and documents that contain sensitive confidential and proprietary

24  business information and/or constitute trade secret information;  4) seeks information

25  that is neither relevant to the subject matter of the pending proceeding, nor reasonably

26  calculated to lead to the discovery of admissible evidence; and 5) seeks information

27  and documents readily accessible to Mattel from other sources.

28

KAYE SCHOLER LLP

23229080.DOC

27

**EXHIBIT 2 PAGE 48**

1    **REQUEST NO. 31:**   All DOCUMENTS, since January 1, 1999, RELATING TO

2    FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's receipt, reproduction,

3    copying, storage, transmission, transfer, retention, destruction, deletion or use of any

4    DOCUMENTS, including but not limited to any compilation of information, that was

5    prepared, made, created, generated, assembled or compiled by or for MATTEL and

6    that was not publicly available at the time of FARHAD LARIAN's, ISAAC

7    LARIAN's and/or MGA's receipt of such DOCUMENT.

8    **RESPONSE NO. 31:**     Kaye Scholer incorporates by reference each and every

9    General Objection set forth above as though fully set forth herein.  Kaye Scholer

10   further objects specifically to request for production No. 31 as vague, ambiguous and

11   overly broad, specifically as to the term "compilation of information," and as such

12   would require Kaye Scholer to speculate as to the meaning of the request.  In addition,

13   Kaye Scholer further objects specifically to request for production No. 31 as overly

14   broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

15   oppressive in that it:  1) seeks information and documents not within Kaye Scholer's

16   possession, custody, or control, and/or documents that are in the possession, custody

17   or control of third parties;  2) seeks disclosure of facts and documents protected by or

18   subject to the attorney-client privilege, and/or attorney work-product doctrine or any

19   other applicable privilege or immunity;  3) seeks disclosure of facts and documents

20   that contain sensitive confidential and proprietary business information and/or

21   constitute trade secret information;  4) seeks information that is neither relevant to the

22   subject matter of the pending proceeding, nor reasonably calculated to lead to the

23   discovery of admissible evidence; and 5) seeks information and documents readily

24   accessible to Mattel from other sources.

25

26   **REQUEST NO. 32:**   All DOCUMENTS, since January 1, 1999, RELATING TO

27   FARHAD LARIAN's, ISAAC LARIAN's and/or MGA's knowledge of MATTEL's

28   employment or inventions agreement.

KAYE SCHOLER LLP

28

1   **RESPONSE NO. 32:**     Kaye Scholer incorporates by reference each and every

2   General Objection set forth above as though fully set forth herein.  Kaye Scholer

3   further objects specifically to request for production No. 32 as vague, ambiguous and

4   overly broad, specifically as to the term "employment or inventions agreement," and

5   as such would require Kaye Scholer to speculate as to the meaning of the request.  In

6   addition, Kaye Scholer further objects specifically to request for production No. 32 as

7   overly broad, duplicative, unreasonably cumulative, harassing, burdensome and/or

8   oppressive in that it:  1) seeks information and documents not within Kaye Scholer's

9   possession, custody, or control, and/or documents that are in the possession, custody

10  or control of third parties;  2) seeks disclosure of facts and documents protected by or

11  subject to the attorney-client privilege, and/or attorney work-product doctrine or any

12  other applicable privilege or immunity;  3) seeks disclosure of facts and documents

13  that contain sensitive confidential and proprietary business information and/or

14  constitute trade secret information;  4) seeks information that is neither relevant to the

15  subject matter of the pending proceeding, nor reasonably calculated to lead to the

16  discovery of admissible evidence; and 5) seeks information and documents readily

17  accessible to Mattel from other sources.

18

19  **REQUEST NO. 33:**   Any STORAGE DEVICE used by FARHAD LARIAN

20  RELATING TO any portion of the time period from January 1, 1999 through

21  December 31, 2002, inclusive, and/or any DOCUMENTS responsive to any other

22  Request herein.

23  **RESPONSE NO. 33:**     Kaye Scholer incorporates by reference each and every

24  General Objection set forth above as though fully set forth herein.  Kaye Scholer

25  further objects specifically to request for production No. 33 as overly broad,

26  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

27  that it:  1) seeks information and documents not within Kaye Scholer's possession,

28  custody, or control, and/or documents that are in the possession, custody or control of

29

23229080.DOC

**EXHIBIT 2 PAGE 50**

1  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

2  attorney-client privilege, and/or attorney work-product doctrine or any other

3  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

4  contain sensitive confidential and proprietary business information and/or constitute

5  trade secret information;  4) seeks information that is neither relevant to the subject

6  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

7  admissible evidence; and 5) seeks information and documents readily accessible to

8  Mattel from other sources.

9

10  **REQUEST NO. 34:**   All DOCUMENTS RELATING TO any instruction or

11  COMMUNICATION by or to YOU, FARHAD LARIAN, ISAAC LARIAN and/or

12  MGA to destroy, conceal, secret or withhold any DOCUMENT since January 1, 1998,

13  including without limitation in connection with this ACTION.

14  **RESPONSE NO. 34:**    Kaye Scholer incorporates by reference each and every

15  General Objection set forth above as though fully set forth herein.  Kaye Scholer

16  further objects specifically to request for production No. 34 as overly broad,

17  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

18  that it:  1) seeks information and documents not within Kaye Scholer's possession,

19  custody, or control, and/or documents that are in the possession, custody or control of

20  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

21  attorney-client privilege, and/or attorney work-product doctrine or any other

22  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

23  contain sensitive confidential and proprietary business information and/or constitute

24  trade secret information;  4) seeks information that is neither relevant to the subject

25  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

26  admissible evidence; and 5) seeks information and documents readily accessible to

27  Mattel from other sources.

28

30

23229080.DOC

**EXHIBIT 2 PAGE 51**

1  **REQUEST NO. 35:**   All DOCUMENTS, including all COMMUNICATIONS,

2  RELATING TO the preservation, retention or destruction of any DOCUMENT that is

3  sought by or the subject of Request Nos. 1 through 24, inclusive.

4  **RESPONSE NO. 35:**    Kaye Scholer incorporates by reference each and every

5  General Objection set forth above as though fully set forth herein.  Kaye Scholer

6  further objects specifically to request for production No. 35 as overly broad,

7  duplicative, unreasonably cumulative, harassing, burdensome and/or oppressive in

8  that it:  1) seeks information and documents not within Kaye Scholer's possession,

9  custody, or control, and/or documents that are in the possession, custody or control of

10  third parties;  2) seeks disclosure of facts and documents protected by or subject to the

11  attorney-client privilege, and/or attorney work-product doctrine or any other

12  applicable privilege or immunity;  3) seeks disclosure of facts and documents that

13  contain sensitive confidential and proprietary business information and/or constitute

14  trade secret information;  4) seeks information that is neither relevant to the subject

15  matter of the pending proceeding, nor reasonably calculated to lead to the discovery of

16  admissible evidence; and  5) seeks information and documents readily accessible to

17  Mattel from other sources.

18

19  DATED:__9/18/2007__

20                                                      KAYE SCHOLER LLP

21

22                                                      By:_____

23                                                      Bryant S. Delgadillo

24                                                      Attorneys for Non-Party
                                                        KAYE SCHOLER

25

26

27

28

23229080.DOC

31

**EXHIBIT 2 PAGE 52**

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                               ) ss.
COUNTY OF LOS ANGELES   )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

      On September 18, 2007, I served the documents described as:

### OBJECTION TO SUBPOENA IN A CIVIL CASE

by placing a copy of the above entitled document in a sealed envelope addressed as stated below:

**Michael T. Zeller, Esq.**
**Quinn Emanuel Urquhart Oliver & Hedges, LLP**
**865 S. Figueroa Street, 10th Floor**
**Los Angeles, CA 90017-2543**
**(213) 443-3000 Fax (213) 443-3100**

by placing a copy of the above entitled document in a sealed envelope addressed as stated on the attached service list.

\_\_\_    by **FAX**

_X_    by **U.S. MAIL** (I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.)

\_\_\_    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 14, 2007, at Los Angeles, California.

Stephanie Vaughn

KAYE SCHOLER LLP

23229589.WPD

**EXHIBIT 2 PAGE 53**

**quinnemanuel** triallawyers | losangeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
juanpabloalban@quinnemanuel.com

September 24, 2007

**VIA FACSIMILE AND U.S. MAIL**
**310-788-1200**

Bryant S. Delgadillo
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067

Re:    Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Delgadillo:

We are in receipt of two separate sets of objections that Kaye Scholer served in response to Mattel, Inc.'s subpoenas to Morad Z. Zarabi and Kaye Scholer in the above-referenced matter.

The responses object to every request and do not offer to produce any documents. Mattel does not believe that any of the objections have merit. We request a meet and confer on your objections pursuant to Fed. R. Civ. P. 37 and Section 5 of the Order Appointing a Discovery Master governing discovery disputes in this litigation. Under the Discovery Master Order, Kaye Scholer has five days to meet and confer regarding the objections.

Preliminarily, please note that the law firm of Krane & Smith also served objections on behalf of Mr. Zarabi. Please confirm whether your firm represents Mr. Zarabi for purposes of Mattel's subpoena.

**Boilerplate Objections**

Addressing both Kaye Scholer's and Mr. Zarabi's objections on the assumption that your firm represents Mr. Zarabi, the vast majority of the objections are boilerplate. For the meet and

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

**EXHIBIT 3 PAGE 54**

Bryant S. Delgadillo
September 24, 2007

confer, please be prepared to discuss the basis for each of the objections and also to discuss, for
each document request, which objections you are relying on, if any, to withhold documents. For
example, it is difficult to fathom how any of Mattel's requests are "harassing" and "oppressive"
given that you presumably have case files that are readily searchable.

There is no basis for any of these objections, and we expect them to be withdrawn or Mattel
contemplates moving to overrule them.

## Relevance

Subpoenas under <u>Rule</u> 45 permit discovery from nonparties equivalent to discovery from parties
under <u>Rule</u> 34. <u>See</u> Adv. Comm. Note on 1991 Amendment to <u>Fed R. Civ. P.</u> 45. Each of
Mattel's document requests is highly relevant to <u>Mattel v. Bryant</u>. The relevance of the
arbitration between Isaac and Farhad Larian, which Mr. Morad Zarabi arbitrated, and its related
litigation cannot be seriously disputed. As you may know, a central issue in this litigation is the
timing of the origins, creation and development of Bratz. The dates of creation and development
of Bratz, as well as MGA's and Isaac Larian's efforts to conceal the creation and early
development of Bratz, are highly salient to those issues. Of course, those facts were also central
to the disputes to which Mr. Isaac Larian and your firm were involved. Furthermore, the facts,
evidence and documents underlying the arbitration and litigation are relevant to other issues in
this case, such as the net value of Bratz and MGA, payments to Farhad Larian and the credibility
of Isaac Larian's testimony in this case. The Discovery Master has in fact already ruled that
documents related to the arbitration and the ensuing litigation are relevant and responsive to
Mattel document requests.

MGA itself put these matters directly at issue as well. The document requests in Mattel's
subpoenas are also relevant because MGA is currently seeking to disqualify Quinn Emanuel
from representing Mattel in this action because Quinn Emanuel communicated with Farhad
Larian. The documents Mattel requests are relevant for Mattel to defend MGA's meritless
threats of disqualification.

There is no basis for the relevance objections, and we expect them to be withdrawn or Mattel
contemplates moving to overrule them.

## Claims of Privilege

The claims of attorney-client and work product privileges in the objections have no basis or at
least are premature because Mattel is not asking for the production of any documents that are
legitimately privileged. To the contrary, the instructions in the subpoenas set forth a procedure
for asserting privilege that comports with the requirement of <u>Rule</u> 45(d)(2): "When information
subject to a subpoena is withheld on a claim that it is privileged . . ., the claim shall be made
expressly and shall be supported by a description of the nature of the documents,

2

**EXHIBIT 3 PAGE 55**

Bryant S. Delgadillo
September 24, 2007

communications, or things not produced that is sufficient to enable the demanding party to
contest the claim." Id.

The further claim of the "arbitral immunity or privilege" as to Mr. Zarabi's objections is
groundless.  If Mattel understands this claim correctly, any such privilege only applies to actions
*that address the results of an arbitration* -- i.e., that are going to the merits of the controversy
adjudicated by the arbitration. See, e.g.,  National Hockey League Players' Ass'n v. Bettman,
1994 WL 38130, at *7 (S.D.N.Y. 1994), Arco Alaska, Inc. v. Sup. Ct., 168 Cal. App. 3d 139,
149 (1985).  Thus, reliance on that doctrine is wholly misplaced here.

To the extent that you are purporting to rely on some contractual basis of confidentiality, a clause
in a private arbitration agreement in no way supersedes your discovery obligations under a
subpoena.[1]  Furthermore, there is a Protective Order in this action that provides for
confidentiality.

Please let me know of your availability to conduct the conference within the time required.  In
the event that the parties are not able to amicably resolve these matters, Mattel anticipates filing
a motion to compel production.

I look forward to hearing from you.

Very truly yours,

Juan Pablo Albán

07209/2227655.1

---

[1]  When the Discovery Master ruled that documents related to the arbitration between the
Larian brothers were relevant and discoverable, he noted that MGA had failed to provide any
confidentiality agreement that would prevent Mattel from seeking such discovery.

3

**EXHIBIT 3 PAGE 56**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td><u>SAN FRANCISCO</u><br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6600</td><td><u>LOS ANGELES</u><br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3400</td><td><u>NEW YORK</u><br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7400</td></tr>
</table>

<u>SILICON VALLEY</u>
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5300

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**    September 24, 2007

**NUMBER OF PAGES, INCLUDING COVER:** 4

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Bryant S. Delgadillo | | 310-788-1200 |

**FROM:**    Juan Pablo Alban

**RE:**    Mattel v. Bryant, Case No. CV 04-9049

**MESSAGE:**

Please see attached



| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Lorraine Robles | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3100 AS SOON AS POSSIBLE.

**EXHIBIT 3 PAGE 57**

```
                    ***********************
                    ***   TX REPORT   ***
                    ***********************


        TRANSMISSION OK

        TX/RX NO                2259
        RECIPIENT ADDRESS       76681#7209#13107881200
        DESTINATION ID
        ST. TIME                09/24 17:33
        TIME USE                00'54
        PAGES SENT              4
        RESULT                  OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6800

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3400

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7400

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5300

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

DATE:   September 24, 2007                   NUMBER OF PAGES, INCLUDING COVER: 4

| NAME/COMPANY | | PHONE NO. | FAX NO. |
|---|---|---|---|
| Bryant S. Delgadillo | | | 310-788-1200 |

FROM:   Juan Pablo Alban

RE:   Mattel v. Bryant, Case No. CV 04-9049

MESSAGE:

Please see attached

**EXHIBIT 3 PAGE 58**

**RECEIVED**

SEP 2 8 2007

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067–6048
310 788–1000
Fax 310 788–1200
www.kayescholer.com

Bryant S. Delgadillo
310 788–1341
Fax 310 788–1200
bdelgadillo@kayescholer.com

September 26, 2007

**VIA FACSIMILE AND U.S. MAIL**

Juan Pablo Alban
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:    **Mattel v. Bryant, et al. Case No.: CV 04-9049-SGL(RNBx)**

Dear  Mr. Alban:

We are receipt of your letter of September 24, 2007 regarding the objections to the subpoenas served by Mattel, Inc. in the above captioned case.  Please be advised that Kaye Scholer no longer represents Mr. Zarabi for the purposes of responding to Mattel's subpoena. Mr. Zarabi is represented by Krane & Smith.

I will respond on behalf of Kaye Scholer to your letter in another letter.

Sincerely yours,

Bryant S. Delgadillo

BSD:vjh

cc:  Marc Smith

23230058.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

**EXHIBIT 4 PAGE 59**

CALENDARED   RECEIVED

OCT 0 2 2007

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067-6048
310 788-1000
Fax 310 788-1200
www.kayescholer.com

Bryant S. Delgadillo
310 788-1341
Fax 310 788-1200
bdelgadillo@kayescholer.com

September 27, 2007

**VIA FACSIMILE AND U.S. MAIL**

Juan Pablo Alban
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

>   Re:   **Mattel v. Bryant, et al. Case No.: CV 04-9049-SGL(RNBx)**

Dear Mr. Alban:

We are in receipt of your letter of September 24, 2007 regarding Kaye Scholer's objections to the subpoenas served by Mattel, Inc. ("Mattel") in the above captioned case. We look forward to meeting and conferring with you about these objections. Please be advised, however, I am unavailable to meet until the week of October 1, 2007. Please let me know your availability that week.

While we plan to address each and every topic you raised in your letter during the meet and confer, there are a few points we need to address now. First, in your letter you repeatedly refer to the "Order Appointing a Discovery Master" and the "Discovery Master Order," as well as certain discovery rulings apparently made by the Discovery Master in the above-captioned case. As a nonparty, Kaye Scholer does not believe it is bound by these orders and rulings. More importantly, Kaye Scholer cannot evaluate your demands (such as your contention that the parties must meet and confer within five days) until it has reviewed these orders and/or rulings. Please provide a copy of the orders and/or ruling you believe are applicable prior to our meet and confer.

Second, contrary to your assertion, discovery of a nonparty under FRCP, Rule 45 is not equivalent to discovery of parties under FRCP, Rule 34. Rather, the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protections from the courts. *See United States v. C.B.S.*, 666 F.2d 364, 371-72 (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party . . . [A] witness's nonparty status is an important factor to be considered in determining whether to allocate

23230072:DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

**EXHIBIT 5 PAGE 60**

# KAYE SCHOLER LLP

Juan Pablo Alban
September 27, 2007
Page 2

discovery costs on the demanding or producing party."). Thus, in light of the Ninth Circuit's
stance on unnecessarily burdening nonparties with discovery requests, in combination with the
express language of FRCP, Rule 45(c)(1) ("A party or an attorney responsible for the issuance
and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense
on a person subject to that subpoena"), it is incumbent upon Mattel to limit the scope of these
requests so as not to place an undue burden upon Kaye Scholer. This is particularly true when
the subpoenaing party can more easily and inexpensively obtain the documents from a party
rather than from a nonparty. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal.
2005) (*citing Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir.
1980)).

Third, as I am sure you are aware, the vast majority of the documents which you are
seeking from Kaye Scholer's files are protected from disclosure by multiple privileges, including
but not limited to the attorney-client privilege and the attorney work product privilege. Kaye
Scholer represented Mr. Larian in litigation which spanned numerous years. Over the course of
those years, that representation generated a tremendous amount of documents (over 50 banker's
boxes). To force a creation of a document-by-document privilege log in such a situation would
be unreasonable and unduly burdensome. *See In re Imperial Corporation of America*, 174
F.R.D. 475, 479 (S.D. Cal. 1997). Thus, your contention that Kaye Scholer must create a
privilege log in this case is objectionable.

Lastly, many of the documents which you are seeking from Kaye Scholer's files are
covered by various protective orders entered in other cases. To the extent there are any relevant,
non-privileged documents in Kaye Scholer's files, Kaye Scholer may be prohibited from
disclosing those documents absent an appropriate court order and/or consent from the parties.

I look forward to discussing these matters with you next week.

Sincerely yours,

Bryant S. Delgadillo

BSD:vjh

23230072.DOC

**quinnemanuel** triallawyers | losangeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S INTERNET ADDRESS
juanpabloalban@quinnemanuel.com

November 16, 2007

<u>**VIA FACSIMILE AND U.S. MAIL**</u>
**310-788-1200**

Bryant S. Delgadillo
Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067

Re:     <u>Bryant v. Mattel, Case No. CV 04-9049 SGL (RNBx)</u>

Dear Mr. Delgadillo:

This letter memorializes the conference of counsel that Jon Corey, you and I held on October 11, 2007, and continued on October 29, 2007. As you may know, there was a two-week discovery stay in this action that ended yesterday.

You stated that Kaye Scholer has in excess of fifty boxes of case files for the <u>Larian v. Larian</u> disputes, in which Kaye Scholer represented Isaac Larian. You agreed to provide Mattel with pleading and discovery clips. Please send us those along with your document production on November 19, 2007. You did not agree to allow us to see any other index, including indexes of arbitration exhibits or correspondence, in order for us to try to narrow our production requests.

You stated that you would not produce documents as to which you assert attorney-client or attorney work product privileges. Mattel does not take issue with you withholding documents validly subject to these two privileges. You also stated that you would not produce a privilege log listing each withheld document absent an order to do so. You are also unwilling to allow a Quinn Emanuel paralegal to inspect your case files with an express agreement that it would not constitute waiver of any privilege. We remind you that <u>Rule</u> 45(2)(A) requires that any claim of privilege be made "expressly and shall be supported by a description of the nature of the

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

**EXHIBIT 6 PAGE 62**

Bryant S. Delgadillo
November 16, 2007

documents, communications, or things not produced that is sufficient to enable [Mattel] to contest the claim." For example, towards the end of the conference, you stated that you were not willing to produce non-privileged documents attached to privileged communications. Mattel has a right to contest a claim of privilege for such documents, and any privilege log would have to clearly identify that category of documents as withheld, if you do indeed withhold them.

You also stated that two protective orders potentially prevent you from producing some documents responsive to Mattel's requests. We agreed to review the protective orders and discuss potential alternatives, including attempting to get consent from the parties purportedly bound by the protective orders, or seeking relief from the court/arbitrator that issued the orders. Should the issue remain unresolved at the time you are ready to produce documents, please include the documents withheld pursuant to these protective orders on any privilege log. As a clarification, the protective orders do not apply to documents Isaac Larian had in his possession, custody or control prior to his entering into the protective orders. Any withholding of such documents by Mr. Larian or you, as his attorneys, would be improper.

Subject to the above objections, you agreed to produce documents in your possession, if any, responsive to Mattel's Request Nos. 1, 2, 3, 5, 7, 8, 9, 11, 12, 15, 16, 17, 18, 19, 20, 21, 22,[1] 23, 24, 26, 27, 28, 29,[2] 30, 31, 32,[3] 33, 34 and 35. You stated that documents should be ready for production by November 19, 2007. Please have them delivered to my attention.

For Request No. 4, you objected to production based on relevance and because draft agreements would be covered under "different privileges." We do not understand how draft agreements exchanged between Isaac Larian and Farhad Larian could be subject to any privilege. If you do withhold any responsive documents based on privilege, Mattel needs to see the basis on a privilege log. You also mentioned that you would not produce "settlement communications."

---

[1]   For Request No. 22, you stated that you would withhold documents that constituted attorney-client settlement communications, but that you would not rely on Federal Rule of Evidence 408, as you could not, to withhold documents. Request No. 22 asks for "All DOCUMENTS RELATING TO any an all payments of money or transfers of anything of value that ISAAC LARIAN, his FAMILY MEMBERS and/or MGA have made, have offered or have proposed, promised or agreed to make, to or for the benefit of FARHAD LARIAN or his FAMILY MEMBERS at any time from January 1, 1999 to the present."

[2]   For Request No. 29, we agreed to give you a specific list of persons whom Mattel has reason to believe received payments. Those persons include but are not limited to Carter Bryant, Carlos Gustavo Machado Gomez, Marian Trueba Almada, Pablo Vargas San Jose, Ron Brawer, Janine Brisbois, Veronica Marlow, Paula Garcia (formerly known as Paula Treantafelles).

[3]   For Request No. 32, we agreed to give you the agreements Carter Bryant signed to guide your search of responsive documents. The agreements are attached to this letter.

2

**EXHIBIT 6 PAGE 63**

Bryant S. Delgadillo
November 16, 2007

We assume by this you meant a similar objection as for Request No. 22 and that you will not rely on <u>Federal Rule of Evidence</u> 408 to withhold documents (<u>see</u> note 1). As you know, that rule only places certain limits on admissibility, not on discovery.

You stated that Request No. 6 was too broad to comply with the request without undue burden. We disagree. Information related to "Bratz" prior to January 1, 2002 is at the center of this litigation. The request may be broad and encompass many documents in your possession, but any burden is mitigated by Mattel's offer to pay for all of your copying costs or to have a paralegal inspect your existing files, an offer you rejected. The fact is that a large volume of documents are relevant in this litigation.

You also did not agree to respond to Request Nos. 10, 13 and 14 because the requests are overbroad. Again, Mattel disagrees with the validity of these objections. Request Number 10 is a limited request regarding the timing of meetings between Farhad Larian and MGA related to Bratz. Given Farhad's claims of Isaac Larian's concealment of Bratz in late 1999 and 2000, claims which are also at the heart of this litigation, the timing of any meetings about Bratz involving Farhad is critical. As for Request Nos. 13 and 14, MGA placed "Angel" and "Project Angel" products at issue in this litigation by raising the products as a defense to Mattel's allegations that Bryant and MGA were developing Bratz while Bryant worked for Mattel.

Finally, for Request No. 25, Mattel does not seek copies of pleadings it already has, but rather an identification of the pleadings and other documents related to this litigation that Kaye Scholer has received. You did not know if you had any, agreed to tell us if you do, but did not agree to identify any documents. Your basis for this was that even the identification of the documents would reveal attorney-client communications and/or work product. Again, the basis for any withholding of this category of documents should be clearly identified in any privilege log.

Very truly yours,

Juan Pablo Albán
07209/2297135.1

3

**EXHIBIT 6 PAGE 64**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

</td><td>

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

</td><td>

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

</td></tr>
</table>

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     November 16, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 10**

| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| Bryant S. Delgadillo<br>KAYE SCHOLER LLP | | 310-788-1200 |

**FROM:**     Juan Pablo Albán, Esq.

**RE:**     *Bryant v. Mattel, Inc.*

**MESSAGE:**

*FAXED*
*NOV 1 6 2007*

---

07209/2252520.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Lorraine R. - 4th Floor | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ No  ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

## EXHIBIT 6 PAGE 65

Confirmation Report - Memory Send

```
                              Page      : 001
                              Date & Time: 11-16-2007   16:59
                              Line 1    : 2134433100
                              Line 2    :
                              Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 440 |
| Date | : | 11-16  16:55 |
| To | : | ☎9414#07209#13107881200 |
| Number of pages | : | 010 |
| Start time | : | 11-16  16:56 |
| End time | : | 11-16  16:59 |
| Pages sent | : | 010 |
| Status | : | OK |

Job number    : 440          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA  90017 | San Francisco, CA  94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

| | |
|---|---|
| DATE: November 16, 2007 | NUMBER OF PAGES, INCLUDING COVER: 10 |

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Bryant S. Delgadillo | | 310-788-1200 |
| KAYE SCHOLER LLP | | |

FROM:    Juan Pablo Albán, Esq.

RE:    *Bryant v. Mattel, Inc.*

MESSAGE:

07209/2252520.1

| CLIENT # | 7209 | ROUTE/RETURN TO: | Lorraine R. - 4th Floor | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *CWRh* | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**EXHIBIT 6 PAGE 66**

Received:   11/21/07 11:32AM   -> QUINN EMANUEL;   Page 2

NOV-21-07   11:33AM   FROM-KayeScholer                                    +                    T-774   P.002/005   F-988

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067-6048
310 788-1000
Fax 310 788-1200
www.kayescholer.com

Bryant S. Delgadillo
310 788-1341
Fax 310 788-1200
bdelgadillo@kayescholer.com

November 21, 2007

**VIA FACSIMILE AND U.S. MAIL**
Juan Pablo Alban
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   <u>**Mattel v. Bryant, et al. Case No.: CV 04-9049-SGL(RNBx)**</u>

Dear  Mr. Alban:

      I am in receipt of your letter of November 16, 2007 (which we received after the close of business on Friday) purportedly memorializing the two conferences of counsel we held concerning the third-party subpoenas served by Mattel, Inc. ("Mattel") upon Kaye Scholer LLP ("Kaye Scholer") in the above captioned case.  While we continue to stand by every one of our objections to the subpoena, I write to address several points raised in your letter.

      First, I need to clarify the scope of the search that we agreed to undertake.  As I am sure you are aware, when a party seeks documents from a law firm's files, the vast majority of those documents will be protected from disclosure by multiple privileges, including but not limited to, the attorney-client and attorney work product privileges.  To require a non-party law firm to create a document by document privilege log in such a situation would be unreasonable and unduly burdensome.  This burden is compounded when the subpoena at issue is overbroad (the subpoena here contains five (5) pages of single-space definitions and instructions, and then propounds thirty-five (35) different requests, many of which contain numerous categories of documents and subparts).  In an attempt to reduce this burden, yet comply with your broadly worded requests, we agreed to review the following files for responsive documents:  1) pleading files[1]; 2) discovery files (i.e., documents produced in other litigation); and 3) arbitration exhibit (i.e., documents identified and/or submitted as an exhibit during arbitration).  By focusing on these files, we are attempting to minimize the burden, expense and inconvenience imposed by the subpoena since, unlike the vast majority of the documents in our files, most of the documents in the files we agreed to search would not covered by the attorney-client privilege or the attorney

---

[1]   In response to your claim that Mattel did not want copies of every pleading in our files, but rather only copies of certain pleadings which Mattel did not already posses, we agreed to provide *redacted* versions of the indexes of our pleading clips.  I did not agree to provide indexes of our discovery clips and do not intend to provide them.
23233857.DOC

**EXHIBIT 7 PAGE 67**

# KAYE SCHOLER LLP

Juan Pablo Alban
November 21, 2007
Page 2

work product privilege.  We believe this is a more than reasonable offer, particularly since many,
if not all of the documents you are seeking are readily obtainable from a party in this action, in
publicly available material, or have already been produced to Mattel by parties in this litigation.
Nevertheless, we are in the process of reviewing these files (and will need to re-review these
files in light of your clarifications of certain requests as discussed below) and will produce any
responsive, non-privileged documents contained in those files.

Second, we cannot and will not, however, produce any documents at this time.  As you
memorialized in your letter, at least two protective orders prevent us from producing documents
in this case.  The protective order entered on November 16, 2005 in the underlying Larian v.
Larian arbitration (ADRS Case No.: 05-2096) is of particular concern (hereinafter "11/16
Protective Order").[2]  That protective order covers, among other things, "documents produced by
third party MGA Entertainment, Inc. ("MGA") and MGA documents produced by any Party or
third party, all information copied or extracted therefrom, all copies, excerpts, summaries, or
compilations thereof, and all testimony presented to the arbitrator, and transcripts of such
testimony from any current or former MGA employee or contractor pertaining to MGA's
business."  *See* 11/16 Protective Order at ¶2.  The vast majority of the responsive, non-privileged
documents we have found so far are either: (1) documents produced by MGA or MGA
documents produced by a party or third party during the arbitration, or (2) testimony or
documents presented to the arbitrator.  Thus, those documents would be covered by the 11/16
Protective Order.  The restriction on the dissemination of such material is clearly detailed in the
11/16 Protective Order:

> No party or person shall be permitted to share or disseminate the
> documents produced by MGA or the transcripts of these
> proceedings to others (including any preliminary, "rough," livenote
> version thereof) remove them from the arbitration, make copies of
> them, or inform third parties of their existence or content or
> otherwise disclose the same to anyone, unless compelled by law.

> In short, this is a private proceeding; whatever may be disclosed
> about MGA's business, in privacy and confidence during the
> course of the arbitration, should remain private and confidential
> both during -- and after -- the arbitration.

---

[2]   There may be another protective order that covers some responsive, non-privileged documents in our files which
were produced in another litigation.  We are trying to determine whether such a protective order exists, and if so,
whether these documents are covered by that order.

23233857.DOC

**EXHIBIT 7 PAGE 68**

# KAYE SCHOLER LLP

Juan Pablo Alban
November 21, 2007
Page 3

*See* 11/16 Protective Order at ¶4.5.  Thus, absent consent from the parties or a court order relieving Kaye Scholer from any obligations imposed by the 11/16 Protective Order, we are unable to produce these documents.[3]

With respect to your discussion of certain specific requests, we respond as follows:

- Request Nos. 1, 2 and 3:  We did not agree to produce documents responsive to these requests.  These requests are grossly overbroad as drafted in that they seek "All DOCUMENTS" relating to any and all lawsuits and/or arbitrations between Isaac Larian and Farhad Larian, including certain specifically identified Superior Court actions.  As Mr. Isaac Larian's litigation counsel during some of these actions, every document in our files would arguably be responsive to these requests.  Instead, without waiving any objections, we agreed to produce redacted versions of indexes of our pleading clips so you can determine whether you are missing any of the pleadings filed in those cases.

- Request Nos. 6, 10, 13 and 14:  You admit that Request No. 6 "may be broad and encompass many documents in your possession" yet you continue to insist that Kaye Scholer, as a non-party, comply with this request as drafted.  In addition, you claim that request nos. 10, 13 and 14 seek documents which are at the "heart of the litigation" or were placed "at issue in this litigation" by MGA, yet you have never explained why you are making a non-party respond to these admittedly overbroad requests, instead of getting these critical documents directly from MGA, a party to this action.  We have tried to work with you by agreeing to the search procedure outlined in the first paragraph of this letter.  These requests, particularly requests nos. 6 and 10, would effectively require us to review every document in our files (as each document in our files arguably "relates to Bratz" in some way) and would render null our proposed procedure for eliminating the burden, expense and inconveinence imposed by the subpoena.  In such a situation, we believe that any Court would view these requests as duplicative and overly burdensome since Kaye Scholer is a third party and the requested documents are readily obtainable from a party in this action.  *See* F.R.C.P. 26(b)(2)(C)(i) (court may exercise its discretion to limit the use of discovery methods otherwise permitted under the Federal Rules if the Court determines that the discovery is obtainable from some other source that is more convenient, less burdensome or less expensive).  Your offer to have a one of your

---

[3]  Your assertion that these protective orders do not apply to documents Mr. Larian had in his possession, custody, or control prior to entering into the protective order is unsupported.  In addition, we also reject your request to identify any documents "withheld pursuant to these protective orders on any privilege log" as we are not withholding these documents based upon any privileged.  Moreover, as we indicated to you on numerous occasions, we do not believe we are required to create a privilege log in this case.  Lastly, a creation of a log that identifies documents that are covered by the 11/16 Protective Order would arguably violate that order as well.
23233857.DOC

**EXHIBIT 7 PAGE 69**

Received: 11/21/07 11:35AM    -> QUINN EMANUEL;    Page 5

NOV-21-07   11:34AM   FROM-KayeScholer                     +                    T-774   P.005/005   F-888

# KAYE SCHOLER LLP

Juan Pablo Alban
November 21, 2007
Page 4

paralegals comb through our litigation files does nothing to alleviate this burden or inconvenience.

- Request Nos. 4 and 22: As you stated, we will not produce any documents covered by the attorney-client privilege, the attorney work product privilege, the federal settlement privilege or the joint defense/common interest privilege. To the extent there are any responsive documents within the files we agreed to search, and we withhold any documents responsive to these requests, we will provide you with a privilege log with respect to these requests only.

- Request Nos. 29 and 32: Since we just received your clarifications and/or guidance with respect to these requests in your November 16, 2007 letter, we will now have to go back and review our files again with these clarifications and/or guidance in mind. So even if we could have produced documents on November 19th (which we cannot for the reasons stated above), we obviously will need some additional time to re-review our files for these documents.

Please feel free to contact me should you have any questions or comments regarding this letter. In particular, I would like to discuss how we can resolve this issue with respect to the protective orders.

Sincerely yours,

Bryant S. Delgadillo

BSD:vjh

23233857.DOC

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

**EXHIBIT 7 PAGE 70**

Received: 11/21/07 11:37AM   -> QUINN EMANUEL ; Page 1

NOV-21-07   11:33AM   FROM-KayeScholer            +                    T-774   P.001/005   F-988

# KAYE SCHOLERᴸᴸᴾ

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067-6048
310 788-1000
Fax 310 788-1200

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| Date: | November 21, 2007 | Client No.: | 36037-0007 |
| To: | Juan Pablo Alban | Phone No.: | (213) 443-3000 |
| | | Fax No.: | (213) 443-3100 |
| From: | Bryant Delgadillo<br>bdelgadillo@kayescholer.com | Direct Dial No.:<br>Direct Fax No.: | (310) 788-1341<br>(310) 788-1205 |
| Re: | Mattel v. Bryant, et al., Case No. CV 04-9049 | | |

Number of Pages: __5__  (Including Cover Sheet)

**Message:**

**IF ALL PAGES ARE NOT RECEIVED, CALL (310) 788-1230**
(or Call Direct Dial Number Listed Above)

*NOTE:  This facsimile transmission contains confidential and/or legally privileged information from the law firm Kaye Scholer LLP intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.*

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

23230076.WPD

**EXHIBIT 7 PAGE 71**



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Shane H. McKenzie (Bar No. 228978)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
5
    Attorneys for Plaintiff and Counter-Defendant
6   Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11

12   MATTEL, INC., a Delaware corporation,   ) Case No. CV 04-09059 NM (RNBx)
                                             )
13                    Plaintiff,             )
                                             ) MATTEL, INC.'S FIRST SET OF
14          v.                               ) REQUESTS FOR PRODUCTION
                                             ) OF DOCUMENTS AND
15   CARTER BRYANT, an individual            ) TANGIBLE THINGS TO MGA
                                             ) ENTERTAINMENT INC.
16                    Defendant.             )
                                             )
17                                           )
                                             )
18   CARTER BRYANT, on behalf of himself,    )
     all present and former employees of     )
19   Mattel, Inc., and the general public,    )
                                             )
20                    Counterclaimant,        )
                                             )
21          v.                               )
                                             )
22   MATTEL, INC., a Delaware corporation,    )
                                             )
23                    Counter-defendant.      )
                                             )
24

25

26

27

28

07209/642197.1

3/14

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 72**

1    Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Plaintiff
2  and Counter-Defendant Mattel, Inc. hereby requests that MGA Entertainment Inc.
3  make available for inspection and copying the following documents and things
4  within thirty days of the service of these Requests, at the offices of Quinn Emanuel
5  Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los
6  Angeles, California 90036.

7    These Requests shall be deemed to be continuing, and MGA
8  Entertainment Inc. shall be obligated to supplement its responses to these requests
9  at such times and to the extent required by <u>Rule</u> 26(e) of the <u>Federal Rules of Civil</u>
10  <u>Procedure</u>.

11

12                    <u>DEFINITIONS</u>

13

14    For purposes of this Request for Production of Documents:
15    A.   "YOU" or "YOUR" means MGA Entertainment Inc. and any of
16  its current or former employees, officers, directors, agents, representatives,
17  attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and
18  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
19  authority or subject to its control.
20    B.   "MATTEL" means Mattel, Inc. and any of its current or former
21  employees, officers, directors, agents, representatives, attorneys, subsidiaries,
22  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any
23  other PERSON acting on its behalf, pursuant to its authority or subject to its
24  control.
25    C.   "DOCUMENT" or "DOCUMENTS" means all "writings" and
26  "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>
27  <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not
28  limited to, all writings and records of every type and description including, but not

07209/642197.1

-2-

**EXHIBIT 8 PAGE 73**

1  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

2  electronic mail ("e-mail"), records of telephone conversations, handwritten and

3  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

4  and summaries of meetings, voice recordings, pictures, photographs, drawings,

5  computer cards, tapes, discs, printouts and records of all types, studies, instruction

6  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

7  checks and every other device or medium by which or through which information

8  of any type is transmitted, recorded or preserved.  Without any limitation on the

9  foregoing, the term "DOCUMENT" shall include all copies that differ in any

10  respect from the original or other versions of the DOCUMENT, including, but not

11  limited to, all drafts and all copies of such drafts or originals containing initials,

12  comments, notations, insertions, corrections, marginal notes, amendments or any

13  other variation of any kind.

14       D.    "REFER OR RELATE TO" means constituting, embodying,

15  containing, referring to, commenting on, evidencing, regarding, discussing,

16  describing, mentioning, reflecting, expressing, pertaining to, concerning,

17  supporting, contradicting, negating, revoking or otherwise relating to in any

18  manner.

19       E.    "PERSON" or "PERSONS" means all natural persons,

20  partnerships, corporations, joint ventures and any kind of business, legal or public

21  entity or organization, as well as its, its or her agents, representatives, employees,

22  officers and directors and any one else acting on its, its or her behalf, pursuant to

23  its, its or her authority or subject to its, its or her control.

24       F.    "BRYANT" means Carter Bryant, any of his current or former

25  agents, representatives, attorneys, employees, partners, joint venturers,

26  predecessors-in-interest and successors-in-interest, and any other PERSON acting

27  on his behalf, pursuant to his authority or subject to his control.

28

07209/642197.1

-3-

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 74**

1        G.    "BRATZ" means any project ever known by that name
2 (whether in whole or in part and regardless of what such project is or has been
3 also, previously or subsequently called) and any doll or any portion thereof that is
4 now or has ever been known as, or sold or marketed under, the name or term
5 "Bratz" (whether in whole or in part and regardless of what such doll is or has
6 been also, previously or subsequently called) or that is now or has ever been sold
7 or marketed as part of the "Bratz" line, and all prototypes, models, samples and
8 versions of such doll or any portion thereof.
9        H.    "ANGEL" means any project that is the subject of
10 MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,
11 MGA000724-28 and MGA000734, and any doll (sometimes purportedly called
12 "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the
13 subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,
14 MGA000724-28 and MGA000734, including all prototypes, models, samples and
15 versions of such doll(s) or any portion thereof.  Without limiting the generality of
16 the foregoing, "ANGEL" means any project or any doll or any portion thereof that
17 is the subject of MGA000706-08, MGA000710-12, MGA000714-16,
18 MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such
19 project or doll has in fact been called, and regardless of what any such project or
20 doll is or has been also, previously or subsequently called.
21        I.    "DESIGNS" means any and all works, designs, artwork,
22 sketches, drawings, illustrations, representations, depictions, blueprints,
23 schematics, diagrams, descriptions, sculptures, prototypes, models, samples,
24 reductions to practice, developments, know-how, ideas, concepts, inventions
25 and/or improvements, as well as all other items, things and DOCUMENTS in
26 which any of the foregoing are or have been expressed, embodied, contained,
27 fixed or reflected in any manner, whether in whole or in part.
28

07209/642197.1

-4-

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 75**

1    J.    "COMMUNICATION" or "COMMUNICATIONS" means and
2    includes any disclosure, transfer or exchange of information between two or more
3    PERSONS, whether orally or in writing, including, without limitation, any
4    conversation or discussion by means of meeting, letter, telephone, note,
5    memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic
6    or other medium, including without limitation in written, audio or video form.

7    K.    The singular form of a noun or pronoun includes within its
8    meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
9    the masculine form of a pronoun also includes within its meaning the feminine
10   form of the pronoun so used, and *vice versa*; the use of any tense of any verb
11   includes also within its meaning all other tenses of the verb so used, whenever
12   such construction results in a broader request for information; and "and" includes
13   "or" and *vice versa*, whenever such construction results in a broader disclosure of
14   documents or information.

15

16                              <u>INSTRUCTIONS</u>

17

18   A.    Unless otherwise specified, these requests call for
19   DOCUMENTS prepared on or after January 1, 1995 through the present.
20   Documents shall be produced in their original file folders, or in lieu thereof, any
21   writing on the file folder from which each such document is taken shall be copied
22   and appended to such document and the person for whom or department, division,
23   or office for which the document or the file folder is maintained shall be
24   identified.

25   B.    YOU are to produce all DOCUMENTS requested hereby that
26   are in YOUR possession, custody and control.

27   C.    In the event that any document called for by these requests is to
28   be withheld on the basis of a claim of privilege or immunity from discovery, that

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 76**

1  document is to be identified by stating (i) any addressor and addressee; (ii) any

2  indicated or blind copy; (iii) the document's date, subject matter, number of pages,

3  and attachments or appendices; (iv) all persons to whom the document was

4  distributed, shown, or explained; (v) its present custodian; and (vi) the nature of

5  the privilege or immunity asserted.

6          D.   In the event that any document called for by these requests has

7  been destroyed or discarded, that document is to be identified by stating: (i) any

8  addressor and addressee; (ii) any indicated or blind copies; (iii) the document's

9  date, subject matter, number of pages, and attachments or appendices; (iv) all

10  persons to whom the document was distributed, shown, or explained; (v) the date

11  of destruction or discard, manner of destruction or discard, and reason for

12  destruction or discard; (vi) the persons who were authorized to carry out such

13  destruction or discard; and (vii) whether any copies of the document presently

14  exist and, if so, the name of the custodian of each copy.

15

16                    <u>REQUESTS FOR PRODUCTION</u>

17

18  <u>REQUEST FOR PRODUCTION NO. 1</u>:

19          All DOCUMENTS that REFER OR RELATE TO any agreement or

20  contract between YOU and BRYANT, including without limitation all drafts

21  thereof and all actual or proposed amendments, modifications and revisions

22  thereto.

23

24  <u>REQUEST FOR PRODUCTION NO. 2</u>:

25          All DOCUMENTS that REFER OR RELATE TO the performance of

26  any agreement or contract between YOU and BRYANT.

27

28

07209/642197.1

-6-

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 77**

REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 4:

ALL DOCUMENTS that REFER OR RELATE TO the Modification and Clarification of the Agreement dated as of September 18, 2000 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 5:

ALL DOCUMENTS that REFER OR RELATE TO the agreement dated April 2001 between YOU and BRYANT, including without limitation all drafts thereof and any actual or proposed modifications, amendments or revisions thereto.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS prepared, created, received or transmitted (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE TO BRYANT.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that REFER OR RELATE TO any work, activities or services, including without limitation any freelance work or consulting services, that BRYANT performed for or with YOU or on YOUR

EXHIBIT 8 PAGE 78

1    behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

2    prepared, created, received or transmitted, whether in whole or in part).

3

4    **REQUEST FOR PRODUCTION NO. 8:**

5            All DOCUMENTS that REFER OR RELATE TO any work,

6    activities or services, including without limitation any freelance work or

7    consulting services, that Anna Rhee performed for or with YOU or on YOUR

8    behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

9    prepared, created, received or transmitted, whether in whole or in part).

10

11   **REQUEST FOR PRODUCTION NO. 9:**

12           All DOCUMENTS that REFER OR RELATE TO any work,

13   activities or services, including without limitation any freelance work or

14   consulting services, that Veronica Marlow performed for or with YOU or on

15   YOUR behalf prior to January 1, 2001 (regardless of when any such DOCUMENT

16   was prepared, created, received or transmitted, whether in whole or in part).

17

18   **REQUEST FOR PRODUCTION NO. 10:**

19           All DOCUMENTS that REFER OR RELATE TO any work,

20   activities or services, including without limitation any freelance work or

21   consulting services, that Sarah Halpern performed for or with YOU or on YOUR

22   behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

23   prepared, created, received or transmitted, whether in whole or in part).

24

25   **REQUEST FOR PRODUCTION NO. 11:**

26           All DOCUMENTS that REFER OR RELATE TO any work,

27   activities or services, including without limitation any freelance work or

28   consulting services, that Jesse Ramirez performed for or with YOU or on YOUR

-8-

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT 8 PAGE 79

1 behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

2 prepared, created, received or transmitted, whether in whole or in part).

3

4 REQUEST FOR PRODUCTION NO. 12:

5          All DOCUMENTS that REFER OR RELATE TO any work,

6 activities or services, including without limitation any freelance work or

7 consulting services, that Margaret Hatch (also known as Margaret Leahy and/or

8 Margaret Hatch-Leahy) performed for or with YOU or on YOUR behalf prior to

9 January 1, 2001 (regardless of when any such DOCUMENT was prepared,

10 created, received or transmitted, whether in whole or in part).

11

12 REQUEST FOR PRODUCTION NO. 13:

13          All DOCUMENTS that REFER OR RELATE TO any work,

14 activities or services, including without limitation any freelance work or

15 consulting services, that Elise Cloonan performed for or with YOU or on YOUR

16 behalf prior to January 1, 2001 (regardless of when any such DOCUMENT was

17 prepared, created, received or transmitted, whether in whole or in part).

18

19 REQUEST FOR PRODUCTION NO. 14:

20          All agreements and contracts between YOU and Anna Rhee,

21 including without limitation all drafts thereof and amendments, modifications and

22 revisions thereto.

23

24 REQUEST FOR PRODUCTION NO. 15:

25          All DOCUMENTS that REFER OR RELATE TO any agreement or

26 contract between YOU and Anna Rhee, including without limitation all

27 COMMUNICATIONS that REFER OR RELATE thereto.

28

07209/642197.1

-9-

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 80**

1  REQUEST FOR PRODUCTION NO. 16:

2          All agreements and contracts between YOU and Veronica Marlow,

3  including without limitation all drafts thereof and amendments, modifications and

4  revisions thereto.

5

6  REQUEST FOR PRODUCTION NO. 17:

7          All DOCUMENTS that REFER OR RELATE TO any agreement or

8  contract between YOU and Veronica Marlow, including without limitation all

9  COMMUNICATIONS that REFER OR RELATE thereto.

10

11  REQUEST FOR PRODUCTION NO. 18:

12          All agreements and contracts between YOU and Margaret Hatch (also

13  known as Margaret Leahy and/or Margaret Hatch-Leahy), including without

14  limitation all drafts thereof and amendments, modifications and revisions thereto.

15

16  REQUEST FOR PRODUCTION NO. 19:

17          All DOCUMENTS that REFER OR RELATE TO any agreement or

18  contract between YOU and Margaret Hatch (also known as Margaret Leahy and/or

19  Margaret Hatch-Leahy), including without limitation all COMMUNICATIONS

20  that REFER OR RELATE thereto.

21

22  REQUEST FOR PRODUCTION NO. 20:

23          All agreements and contracts between YOU and Sarah Halpern,

24  including without limitation all drafts thereof and amendments, modifications and

25  revisions thereto.

26

27

28

07209/642197.1

-10-

FIRST REQUEST FOR PRODUCTION TO MGA

EXHIBIT 8 PAGE 81

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Sarah Halpern, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

**REQUEST FOR PRODUCTION NO. 22:**

All agreements and contracts between YOU and Jesse Ramirez, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Jesse Ramirez, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

**REQUEST FOR PRODUCTION NO. 24:**

All agreements and contracts between YOU and Elise Cloonan, including without limitation all drafts thereof and amendments, modifications and revisions thereto.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that REFER OR RELATE TO any agreement or contract between YOU and Elise Cloonan, including without limitation all COMMUNICATIONS that REFER OR RELATE thereto.

1   REQUEST FOR PRODUCTION NO. 26:

2          All DOCUMENTS that REFER OR RELATE TO DESIGNS that

3   BRYANT produced, prepared, created, authored, conceived of or reduced to

4   practice, whether alone or jointly with others, prior to January 1, 2001.

5

6   REQUEST FOR PRODUCTION NO. 27:

7          All DOCUMENTS that REFER OR RELATE TO DESIGNS

8   produced, prepared, created, authored, conceived of or reduced to practice prior to

9   January 1, 2001 by BRYANT, whether alone or jointly with others, in which YOU

10  have purported at any time to purchase, acquire or own any right, title or interest

11  (whether in whole or in part).

12

13  REQUEST FOR PRODUCTION NO. 28:

14         All DOCUMENTS that REFER OR RELATE TO DESIGNS

15  produced, prepared, created, authored, conceived of or reduced to practice prior to

16  January 1, 2001 by Margaret Hatch (also known as Margaret Leahy and/or

17  Margaret Hatch-Leahy), whether alone or jointly with others, in which YOU have

18  purported at any time to purchase, acquire or own any right, title or interest

19  (whether in whole or in part).

20

21  REQUEST FOR PRODUCTION NO. 29:

22         All DOCUMENTS, including without limitation all

23  COMMUNICATIONS between YOU and any PERSON, that REFER OR

24  RELATE TO any agreement or contract between BRYANT and Mattel, Inc.

25

26  REQUEST FOR PRODUCTION NO. 30:

27         All DOCUMENTS, including without limitation all

28  COMMUNICATIONS between YOU and any PERSON, that REFER OR

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 83**

1   RELATE TO any agreement or contract between Margaret Hatch (also known as

2   Margaret Leahy and/or Margaret Hatch-Leahy) and Mattel, Inc.

3

4   **REQUEST FOR PRODUCTION NO. 31:**

5       All COMMUNICATIONS between YOU and BRYANT that REFER

6   OR RELATE TO Mattel, Inc. or any officer, director, employee or representative

7   of Mattel, Inc.

8

9   **REQUEST FOR PRODUCTION NO. 32:**

10       All DOCUMENTS prepared, written, transmitted or received

11   (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

12   TO BRATZ.

13

14   **REQUEST FOR PRODUCTION NO. 33:**

15       All DOCUMENTS that REFER OR RELATE TO BRATZ that

16   REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

17   such document was prepared, written, transmitted or received, whether in whole or

18   in part).

19

20   **REQUEST FOR PRODUCTION NO. 34:**

21       All DOCUMENTS prepared, written, transmitted or received

22   (whether in whole or in part) prior to January 1, 2001 that REFER OR RELATE

23   TO ANGEL.

24

25   **REQUEST FOR PRODUCTION NO. 35:**

26       All DOCUMENTS that REFER OR RELATE TO ANGEL that

27   REFER OR RELATE TO any time prior to January 1, 2001 (regardless of when

28

07209/642197.1

-13-

**EXHIBIT 8 PAGE 84**

1  such document was prepared, written, transmitted or received, whether in whole or

2  in part).

3

4  REQUEST FOR PRODUCTION NO. 36:

5          All DOCUMENTS that REFER OR RELATE TO the origin(s),

6  conception or creation of BRATZ, including without limitation all DOCUMENTS

7  that REFER OR RELATE TO the timing of, and the method and manner in which,

8  BRATZ first came to YOUR attention.

9

10  REQUEST FOR PRODUCTION NO. 37:

11          All declarations, affidavits and other sworn written statements of any

12  other type or form by YOU that REFER OR RELATE TO BRATZ (other than

13  those previously filed and served in this action).

14

15  REQUEST FOR PRODUCTION NO. 38:

16          All transcripts and video and/or audio recordings of statements made

17  by YOU under oath, including without limitation all deposition transcripts, trial

18  transcripts and arbitration transcripts, that REFER OR RELATE TO BRATZ

19  (other than those taken in this action when Mattel, Inc.'s counsel was in

20  attendance).

21

22  REQUEST FOR PRODUCTION NO. 39:

23          All declarations, affidavits and other sworn written statements of any

24  other type or form by any PERSON that REFER OR RELATE TO ANGEL (other

25  than those previously filed and served in this action).

26

27

28

1   REQUEST FOR PRODUCTION NO. 40:

2         All transcripts and video and/or audio recordings of statements made

3   by any PERSON under oath, including without limitation all deposition

4   transcripts, trial transcripts and arbitration transcripts, that REFER OR RELATE

5   TO ANGEL (other than those taken in this action when Mattel, Inc.'s counsel was

6   in attendance).

7

8   REQUEST FOR PRODUCTION NO. 41:

9         All DOCUMENTS that REFER OR RELATE TO BRATZ and/or

10   ANGEL filed, submitted or served in the suit and/or arbitration proceedings

11   brought by Farhad Larian against Isaac Larian, including without limitation all

12   declarations, affidavits and sworn testimony given by any PERSON in such suit or

13   arbitration proceedings.

14

15   REQUEST FOR PRODUCTION NO. 42:

16         All DOCUMENTS that REFER OR RELATE TO any payment made

17   to or on behalf of BRYANT prior to October 21, 2000 or for work or services

18   performed by BRYANT prior to October 21, 2000 regardless of when such

19   payment was actually made.

20

21   REQUEST FOR PRODUCTION NO. 43:

22         All DOCUMENTS that REFER OR RELATE TO any payment made

23   to or on behalf of BRYANT for DESIGNS that BRYANT assigned or transferred

24   to YOU prior to October 21, 2000, regardless of when such payment was actually

25   made.

26

27

28

1    REQUEST FOR PRODUCTION NO. 44:

2            All DOCUMENTS that REFER OR RELATE TO invoices submitted

3    by BRYANT to YOU prior to January 31, 2001.

4

5    REQUEST FOR PRODUCTION NO. 45:

6            All of YOUR royalty statements to or for BRYANT.

7

8    REQUEST FOR PRODUCTION NO. 46:

9            All DOCUMENTS that REFER OR RELATE TO BRYANT'S

10   participation in the conception, creation, design, development, sculpting, tooling,

11   production or manufacture of BRATZ.

12

13   REQUEST FOR PRODUCTION NO. 47:

14           All DOCUMENTS that REFER OR RELATE TO BRYANT'S

15   participation in the conception, creation, design, development, sculpting, tooling,

16   production or manufacture of ANGEL.

17

18   REQUEST FOR PRODUCTION NO. 48:

19           All non-privileged COMMUNICATIONS between YOU and any

20   PERSON that REFER OR RELATE TO this action.

21

22   REQUEST FOR PRODUCTION NO. 49:

23           All DOCUMENTS that REFER OR RELATE TO any

24   indemnification that BRYANT has sought, proposed, requested or obtained in

25   connection with this action.

26

27

28

07209/642197.1

-16-

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 87**

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS that REFER OR RELATE TO any indemnification that YOU have sought, proposed, requested or obtained in connection with this action.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 52:

All DOCUMENTS that REFER OR RELATE TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

REQUEST FOR PRODUCTION NO. 53:

All DOCUMENTS that REFER OR RELATE TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 1, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

REQUEST FOR PRODUCTION NO. 54:

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, procured, fabricated, prepared and produced.

07209/642197.1

-17-

1  REQUEST FOR PRODUCTION NO. 55:

2        All DOCUMENTS that REFER OR RELATE TO the exhibition, or

3  proposed, offered or requested exhibition, of BRATZ (including without limitation

4  any model, prototype or sample thereof) to any third party prior to June 1, 2001.

5

6  REQUEST FOR PRODUCTION NO. 56:

7        DOCUMENTS sufficient to show when ANGEL (including without

8  limitation any model, prototype or sample thereof) was first exhibited to any third

9  party.

10

11  REQUEST FOR PRODUCTION NO. 57:

12        DOCUMENTS sufficient to show when and where BRATZ

13  (including without limitation any model, prototype or sample thereof) was first

14  marketed to any wholesaler, distributor and/or retailer.

15

16  REQUEST FOR PRODUCTION NO. 58:

17        DOCUMENTS sufficient to show when and where ANGEL

18  (including without limitation any model, prototype or sample thereof) was first

19  marketed to any wholesaler, distributor and/or retailer.

20

21  REQUEST FOR PRODUCTION NO. 59:

22        DOCUMENTS sufficient to show when and where BRATZ

23  (including without limitation any model, prototype or sample thereof) was first

24  offered for sale to any wholesaler, distributor and/or retailer.

25

26

27

28

1    REQUEST FOR PRODUCTION NO. 60:

2              DOCUMENTS sufficient to show when and where ANGEL

3    (including without limitation any model, prototype or sample thereof) was first

4    offered for sale by YOU to any wholesaler, distributor and/or retailer.

5

6    REQUEST FOR PRODUCTION NO. 61:

7              DOCUMENTS sufficient to show when and where BRATZ was first

8    shipped, distributed and sold.

9

10   REQUEST FOR PRODUCTION NO. 62:

11             DOCUMENTS sufficient to show when and where ANGEL was first

12   shipped, distributed and sold.

13

14   REQUEST FOR PRODUCTION NO. 63:

15             All DOCUMENTS that REFER OR RELATE TO the licensing,

16   including without limitation the proposed or requested licensing, of BRATZ prior

17   to December 31, 2001.

18

19   REQUEST FOR PRODUCTION NO. 64:

20             All COMMUNICATIONS between YOU and any manufacturer, or

21   any contemplated, proposed or potential manufacturer, that REFER OR RELATE

22   TO BRATZ prior to June 1, 2001.

23

24   REQUEST FOR PRODUCTION NO. 65:

25             DOCUMENTS sufficient to identify when YOU first contacted any

26   manufacturer, or any contemplated, proposed or potential manufacturer, for the

27   manufacture of ANGEL.

28

07209/642197.1

-19-

REQUEST FOR PRODUCTION NO. 66:

All COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO the distribution or proposed or potential distribution of BRATZ prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 67:

All COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 68:

All DOCUMENTS that REFER OR RELATE TO Mattel, Inc., or that were prepared, authored or created by Mattel, Inc. or any officer, director, employee or representative of Mattel, Inc., that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

REQUEST FOR PRODUCTION NO. 69:

All COMMUNICATIONS between YOU and BRYANT prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 70:

All COMMUNICATIONS between YOU and Elise Cloonan that REFER OR RELATE TO BRYANT, Mattel, Inc., BRATZ and/or Anna Rhee, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 71:

All COMMUNICATIONS between YOU and Elise Cloonan prior to June 11, 2002, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 72:

All COMMUNICATIONS between YOU and Veronica Marlow prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 73:

All COMMUNICATIONS between YOU and Mercedeh Ward prior to November 6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 74:

All COMMUNICATIONS between YOU and Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise REFER OR RELATE TO any such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 75:

All COMMUNICATIONS between YOU and Anna Rhee prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

-21-

**EXHIBIT 8 PAGE 92**

1  phone records and letters, that reflect, record or memorialize or otherwise REFER

2  OR RELATE TO any such COMMUNICATIONS.

3

4  **REQUEST FOR PRODUCTION NO. 76:**

5  All COMMUNICATIONS between Veronica Marlow and Anna Rhee

6  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

7  logs, phone records and letters, that reflect, record or memorialize or otherwise

8  REFER OR RELATE TO any such COMMUNICATIONS.

9

10  **REQUEST FOR PRODUCTION NO. 77:**

11  All COMMUNICATIONS between YOU and Sarah Halpern prior to

12  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

13  phone records and letters, that reflect, record or memorialize or otherwise REFER

14  OR RELATE TO any such COMMUNICATIONS.

15

16  **REQUEST FOR PRODUCTION NO. 78:**

17  All COMMUNICATIONS between YOU and Jesse Ramirez prior to

18  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

19  phone records and letters, that reflect, record or memorialize or otherwise REFER

20  OR RELATE TO any such COMMUNICATIONS.

21

22  **REQUEST FOR PRODUCTION NO. 79:**

23  Any personnel or vendor file that YOU have created or maintained

24  concerning BRYANT.

25

26  **REQUEST FOR PRODUCTION NO. 80:**

27  Any personnel file that YOU have created or maintained concerning

28  Paula Treantafellas.

07209/642197.1

-22-

1  REQUEST FOR PRODUCTION NO. 81:

2          Any personnel file that YOU have created or maintained concerning

3  Mercedeh Ward.

4

5  REQUEST FOR PRODUCTION NO. 82:

6          Any personnel or vendor file that YOU have created or maintained

7  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret

8  Hatch-Leahy).

9

10  REQUEST FOR PRODUCTION NO. 83:

11          Any personnel or vendor file that YOU have created or maintained

12  concerning Veronica Marlow.

13

14  REQUEST FOR PRODUCTION NO. 84:

15          Any personnel or vendor file that YOU have created or maintained

16  concerning Anna Rhee.

17

18  REQUEST FOR PRODUCTION NO. 85:

19          Any personnel or vendor file that YOU have created or maintained

20  concerning Jessie Ramirez.

21

22  REQUEST FOR PRODUCTION NO. 86:

23          Any personnel file that YOU have created or maintained concerning

24  Shirin Salemnia.

25

26  REQUEST FOR PRODUCTION NO. 87:

27          Any personnel file that YOU have created or maintained concerning

28  Victoria O'Connor.

-23-

**EXHIBIT 8 PAGE 94**

1  REQUEST FOR PRODUCTION NO. 88:

2        Any personnel file that YOU have created or maintained concerning

3  Farhad Larian.

4

5  REQUEST FOR PRODUCTION NO. 89:

6        All telephone records for MGA Entertainment Inc. for the time period

7  from January 1, 1998 through January 1, 2001.

8

9  REQUEST FOR PRODUCTION NO. 90:

10       All DOCUMENTS that REFER OR RELATE TO any copyright,

11  patent or any other application or registration for BRATZ DESIGNS, including

12  without limitation all COMMUNICATIONS pertaining thereto.

13

14  REQUEST FOR PRODUCTION NO. 91:

15       All DOCUMENTS that REFER OR RELATE TO any copyright,

16  patent or any other application or registration for ANGEL DESIGNS, including

17  without limitation all COMMUNICATIONS pertaining thereto.

18

19  REQUEST FOR PRODUCTION NO. 92:

20       All DOCUMENTS that REFER OR RELATE TO any testing of or

21  sampling from any DOCUMENTS that REFER OR RELATE TO BRATZ or

22  BRYANT, including without limitation any such testing or sampling in connection

23  with any ink, paper or chemical analysis to date any such DOCUMENTS and

24  including without limitation all results and reports relating thereto.

25

26

27

28

07209/642197.1

-24-

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 95**

1  REQUEST FOR PRODUCTION NO. 93:

2          An electronic copy of each DOCUMENT that YOU have produced in

3  this action, or that is responsive to these Requests, that is or was created, prepared,

4  generated, maintained or transmitted in digital form.

5

6  REQUEST FOR PRODUCTION NO. 94:

7          The metadata for each DOCUMENT that YOU have produced in this

8  action, or that is responsive to these Requests, that is or was created, prepared,

9  generated, maintained or transmitted in digital form.

10

11 REQUEST FOR PRODUCTION NO. 95:

12         All DOCUMENTS that support, refute or otherwise REFER OR

13 RELATE TO any facts underlying YOUR Affirmative Defenses in this action.

14

15 REQUEST FOR PRODUCTION NO. 96:

16         All doll heads, sculpts, prototypes, models, samples and tangible

17 items that were created, prepared or made, whether in whole or in part, prior to

18 January 1, 2001 that REFER OR RELATE TO BRATZ.

19

20 REQUEST FOR PRODUCTION NO. 97:

21         All doll heads, sculpts, prototypes, models, samples and tangible

22 items that were created, prepared or made, whether in whole or in part, prior to

23 January 1, 2001 that REFER OR RELATE TO ANGEL.

24

25 REQUEST FOR PRODUCTION NO. 98:

26         All doll heads, sculpts, prototypes, models, samples and tangible

27 items that Anna Rhee painted, whether in whole or in part, for or with YOU or on

28 YOUR behalf or for or on behalf of BRYANT prior to January 1, 2001.

**EXHIBIT 8 PAGE 96**

1   REQUEST FOR PRODUCTION NO. 99:

2          All doll heads, sculpts, prototypes, models, samples and tangible

3   items that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys

4   that BRYANT produced, created, authored, conceived of or reduced to practice,

5   whether alone or jointly with others, prior to January 1, 2001.

6

7   REQUEST FOR PRODUCTION NO. 100:

8          All doll heads, sculpts, prototypes, models, samples and tangible

9   items that support, refute or otherwise REFER OR RELATE TO any facts

10  underlying YOUR Affirmative Defenses in this action.

11

12

    DATED:  March 14, 2005

13                                      QUINN EMANUEL URQUHART
                                        OLIVER & HEDGES, LLP

14
                                        By
15                                         Shane Heather McKenzie
                                           Attorneys for Plaintiff/Counter-defendant
16                                         Mattel, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

07209/642197.1

-26-

FIRST REQUEST FOR PRODUCTION TO MGA

**EXHIBIT 8 PAGE 97**

1

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

2

STATE OF CALIFORNIA          )
                             ) SS
3

COUNTY OF LOS ANGELES        )

4

     I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5

6

     On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

7

8

**Robert F. Millman, Esq.**
**Douglas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
**FAX: 310-553-5583**

9

10

11

12

[   ]  By placing [ ] the original [ ] true copies thereof enclosed in sealed envelopes addressed as follows:

13

[ X ]  **BY MAIL:**  I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

17

[ X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

18

19

Executed on March 14, 2005, at Los Angeles, California.

20

[   ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

[ X ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23

24

Rebecca A. Ramos
Print Name

25

Signature

26

27

28

**EXHIBIT 8 PAGE 98**

1

<u>**PROOF OF SERVICE**</u>
1013A(3) CCP Revised 5/1/88

2

**STATE OF CALIFORNIA**              )
                                     } SS

3

**COUNTY OF LOS ANGELES**            )

4

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5

6

On March 14, 2005, I served the foregoing document described as **Mattel, Inc.'s First Set of Requests For Production of Documents And Tangible Things to MGA Entertainment Inc.** on all interested parties in this action.

7

8

**Paula E. Ambrosini, Esq.**
**O'Melveny & Meyers**
400 So. Hope Street
Los Angeles, CA 90071
(213) 430-6407

9

10

11

[  ]  By placing [  ] the original [  ] true copies thereof enclosed in sealed envelopes addressed as follows:

12

[  ]  **BY MAIL:**   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

13

14

15

16

[ X ]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

17

18

[ X ]  **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the addressee.

19

Executed on March 14, 2005, at Los Angeles, California.

20

[  ]  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22

[ X ]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

25

Rebecca A. Ramos
Print Name                                    Signature

26

27

28

**EXHIBIT 8 PAGE 99**