1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
                                           Consolidated with
13               Plaintiff,                Case Nos. CV 04-09059 & CV 05-2727

14        vs.                              **DISCOVERY MATTER**

15  MATTEL, INC., a Delaware               **[To Be Heard By Hon. Edward
    corporation,                           Infante (Ret.) Pursuant To Order Of
16                                         December 6, 2006]**
                 Defendant.
17  ─────────────────────────────         [PUBLIC REDACTED]
                                           DECLARATION OF JON D. COREY
18  AND CONSOLIDATED ACTIONS               IN SUPPORT OF MATTEL, INC.'S
                                           OPPOSITION TO MGA'S AND
19                                         CARTER BRYANT'S MOTION TO
                                           OVERRULE MATTEL'S
20                                         RELEVANCE OBJECTION AND
                                           COMPEL DISCOVERY RELEVANT
21                                         TO STATUTE OF LIMITATIONS
                                           AND LACHES DEFENSES

22                                         Date:    January 3, 2008
                                           Time:    1:30 p.m.
23                                         Place:   JAMS
                                                    Two Embarcadero Center
24                                                  Suite 1500
                                                    San Francisco, California
25
                                           **Phase 1**
26                                         Discovery Cut-Off:    January 28, 2008
                                           Pre-Trial Conference: May 5, 2008
27                                         Trial Date:           May 27, 2008

28

07209/2327207.3

1           DECLARATION OF JON D. COREY

2           I, Jon D. Corey, declare as follows:

3           1.      I am a member of the bars of the State of California and the

4   District of Columbia. I am a partner at Quinn Emanuel Urquhart Oliver &

5   Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration in

6   support of Mattel's Opposition to MGA's and Carter Bryant's Motion to Overrule

7   Mattel's Relevance Objection and Compel Discovery Relevant to Statute of

8   Limitations and Laches Defenses. I make this declaration of personal, firsthand

9   knowledge, and if called and sworn as a witness, I could and would testify

10  competently thereto.

11          2.      I had a telephonic conference with Marcus Mumford, counsel for

12  MGA Entertainment, Inc. and the other MGA defendants, including Isaac Larian

13  (collectively "MGA") and Matthew Werdegar, counsel for Carter Bryant, regarding

14  the Rule 30(b)(6) topics at issue in MGA's and Bryant's Motion to Overrule Mattel's

15  Relevance Objection and Compel Discovery Relevant to Statute of Limitations and

16  Laches Defenses on December 6, 2007.

17          3.      During that conference of counsel, I reiterated Mattel's positions,

18  objections, and made clear that it was willing to prepare a witness to testify

19  regarding when Mattel first learned that Bryant was performing work for MGA

20  while a Mattel employee. Bryant and MGA rejected that offer.

21          4.      I explained during that meeting of counsel that Bryant's and

22  MGA's discovery requests should be tailored to meet claims and defenses at issue in

23  this case, including, for example, Mattel's claim that Bryant breached obligations to

24  Mattel when he worked for MGA while a Mattel employee. I further explained that

25  Bryant's and MGA's statute of limitations and laches defenses are to those claims

26  only; any statute of limitations or laches defense to claims that Mattel has not

27  brought, such as a claim that Bratz infringes the Toon Teen copyrights, are

28  irrelevant.

1    5.    Neither counsel for Bryant nor counsel for MGA were familiar

2 with the discussions that occurred during the parties' March 15, 2005 meet and

3 confer regarding these same discovery topics.

4    6.    Bryant's counsel requested a copy of the transcript of the March

5 15, 2005 meeting of counsel, which I provided to him.  Neither MGA's nor Bryant's

6 counsel responded to that transcript that I provided.

7    7.    During the December 6, 2007 meeting of counsel, we discussed

8 Topic No. 26, which reads:  "Communications, discussion, meetings, analyses and

9 the decision-making process regarding measures taken or contemplated by Mattel

10 including, without limitation, any legal action brought or threatened to be brought

11 (including demand letters or other notices) against Bryant including, without

12 limitation, the filing of the Complaint."  I informed counsel for MGA and Bryant

13 that Mattel viewed all of the information sought in that request as privileged.  I

14 asked for an explanation of what type of information within the scope of that Topic

15 could not be privileged.  Bryant's counsel suggested that information about meetings

16 that occurred exclusively among business people at Mattel—to the exclusion of

17 lawyers—about whether or not to sue Bryant for solely business reasons, could be

18 one example.  I understand from the concurrently filed Declaration of Michael

19 Moore that no such meetings occurred.

20    8.    MGA and Bryant ask the Discovery Master to enter an order

21 requiring Mattel to overrule any relevancy objection and to supplement all of its

22 discovery responses and document productions to date.  Although MGA and Bryant

23 have identified a small number of specific discovery requests as examples of

24 discovery that they believe Mattel should be ordered to supplement, MGA and

25 Bryant do not seek an order compelling a response as to those requests, nor have

26 they met and conferred on those requests.  At the meeting of counsel on December

27 6, 2007, I informed Mr. Mumford, counsel for the MGA defendants and Isaac

28 Larian, and Mr. Werdegar, counsel for Carter Bryant, that if either had issues with

07209/2327207.3

-2-

DECLARATION OF JON COREY

1 specific requests, specific questions at deposition, or with specific entries on

2 Mattel's privilege logs, then Mattel would be willing to meet and confer regarding

3 those specific things. I further informed them that a blanket approach was improper

4 and that if they moved on that basis, then Mattel would take the position that neither

5 had engaged in a good faith meeting of counsel.

6        9.        Significant portions of the evidence produced in discovery,

7 particularly as it relates to the early development of Bratz, has been identified by

8 MGA or Bryant as Attorney's Eyes Only under the Protective Order. Material so

9 designated includes, for example, evidence relating to payments to Bryant by MGA,

10 invoices submitted by Anna Rhee to MGA, and payments to Veronica Marlow all

11 before Bryant left Mattel. Attached as Exhibit 1 is a true and correct copy of

12 Exhibit 593 to the Deposition of Kerri Brode, held on August 15, 2007. Attached as

13 Exhibit 2 is a true and correct copy of various exhibits to the Deposition of

14 Charnayne Brooks, held on March 2, 2007. Attached as Exhibit 3 is a true and

15 correct copy of Exhibit 606 to the Deposition of Kerri Brode, held on August 15,

16 2007.

17        10.        Attached as Exhibit 4 is a true and correct copy of the Stipulated

18 Protective Order and Order, dated January 4, 2005.

19        11.        Attached as Exhibit 5 is a true and correct copy of relevant

20 excerpts of the Transcript of Meet and Confer, dated March 15, 2005.

21        12.        Attached as Exhibit 6 is a true and correct copy of the Stipulation

22 and Order Re Certain Discovery Issues, dated May 4, 2005.

23        13.        Attached as Exhibit 7 is a true and correct copy of the Court's

24 Minute Order Re Discovery Stay, dated May 20, 2005.

25        14.        A true and correct copy of Mattel's Second Amended Answer In

26 Case No. 05-2727 and Counterclaims (Without Exhibit C), dated July 12, 2007, is

27 attached as Exhibit 8.

28

12/18/2007 12:05 FAX 1213443310(    )    QEttoh LA0 2                                    ☒006/006

1    15.    Attached as Exhibit 9 is a true and correct copy of the Court's

2  Order Denying Motion for Terminating Sanctions, dated August 27, 2007.

3    16.    Attached as Exhibit 10 is a true and correct copy of Webster's

4  Encyclopedic Unabridged Dictionary, page 103.

5    17.    Attached as Exhibit 11 is a true and correct copy of relevant

6  excerpts of the Transcript of June 19, 2007 Hearing.

7    18.    Attached as Exhibit 12 is a true and correct copy of relevant

8  excerpts of the Transcript of May 4, 2007 Hearing.

9    19.    Attached as Exhibit 13 is a true and correct copy of relevant

10  excerpts of the Transcript of June 26, 2006 Hearing.

11    20.    Attached as Exhibit 14 is a true and correct copy of the Court's

12  Order Granting in Part and Denying in Part MGA's Motion to Compel Documents

13  Responsive to First Set of Requests for Production of Documents Dated November

14  22, 2006, dated May 22, 2007.

15    21.    Attached as Exhibit 15 is a true and correct copy of Mattel's

16  Supplemental Privilege Log, dated October 29, 2007, page 1.

17

18    I declare under penalty of perjury under the laws of the United States of

19  America that the foregoing is true and correct.

20    Executed on December 18, 2007, at El Segundo, California.

21

22

23  _____
    Jon D. Corey

24

25

26

27

28