1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                    EASTERN DIVISION

| | |
|---|---|
| 11 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12           Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 13    vs. | Case No. CV 05-2727 |
| 14 MATTEL, INC., a Delaware | **DISCOVERY MATTER** |
| 15 corporation, | [To be Heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to Court Order of December 6, 2006] |
| 16           Defendant. | |
| 17 | MATTEL, INC.'S OPPOSITION TO JOINT MOTION TO COMPEL THE DEPOSITION TESTIMONY OF ROBERT ECKERT |
| 18 AND CONSOLIDATED ACTIONS | |
| 19 | Date: January 4, 2008<br>Time: TBD |
| 20 | |
| 21 | Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |
| 22 | |
| 23 | |
| 24 | [Declaration of Bridget Hauler filed concurrently herewith] |

25                 **CONFIDENTIAL**
26
27  **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**
28

07209/2326744.2

OPPOSITION TO JOINT MOTION

## Preliminary Statement

With this Joint Motion, MGA Entertainment, Inc. and Carter Bryant (collectively, the "defendants") improperly seek to compel the deposition Robert Eckert, Mattel, Inc.'s Chairman of the Board and Chief Executive Officer, for seven hours of testimony. Defendants' motion defies well-settled law governing depositions of high-ranking corporate officers, misstates that extraordinarily limited scope of his knowledge and misstates the history of discovery in this case. The motion is unfounded and should be rejected.

Defendants argue that because Mr. Eckert has "personal knowledge on several [unidentified] key issues in this lawsuit" (Mot. at 1), he should be subjected to an entire day of deposition. But the law is clear that, because of its potential for abuse, the deposition of an "apex" witness should be limited to those issues on which he or she has *superior and unique* personal knowledge. Defendants make no persuasive showing that Mr. Eckert has such knowledge. The evidence shows that Mr. Eckert has superior and unique personal knowledge on only discrete matters relevant to this suit. Although Mattel accordingly has offered to provide Mr. Eckert for deposition in an appropriately limited manner, defendants argue that the apex rule does not apply. This argument misapprehends the apex rule and runs counter to the wealth of decisions holding that even where a high-ranking officer has knowledge, limitations should still properly be placed on the deposition.

## I. APEX DEPOSITIONS ARE WARRANTED ONLY UNDER LIMITED CIRCUMSTANCES

### A. The Apex Rule Applies Even Where Deponent Has Some Knowledge

Federal courts have long been attuned to the potentially troublesome and disruptive qualities attendant to the deposition of high-ranking corporate officers: "Virtually every court that has addressed deposition notices directed at an official at

- 1 -

1 | the highest level or 'apex' of corporate management has observed that such
2 | discovery creates a tremendous potential for abuse or harassment." <u>Celerity, Inc. v.
3 | Ultra Clean Holding, Inc.</u>, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) (citing
4 | <u>Mulley v. Chrysler Corp.</u>, 106 F.R.D. 364 (D.R.I. 1985)).

5 | Flying in the face of this well-settled policy, defendants argue that because Mr. Eckert has some knowledge—no matter how limited and no matter how non-unique—the apex rule does not apply. (Mot. at 5.) The apex rule is not an either/or proposition, however, and the fact that an executive may have *some* knowledge of some type does not eviscerate the rule. It does not work a wholesale transformation, requiring Mr. Eckert to submit to an ordinary seven-hour deposition on any topic imaginable, even as to those he has no unique knowledge of, as defendants' argument suggests. Defendants misapprehend the interplay between the apex rule and <u>Federal Rule of Civil Procedure</u> 26 when they suggest that if the apex rule does not apply then the deposition should go forward. (Mot. at 4-6.) The apex rule is not an independent rule in opposition of <u>Rule</u> 26; rather, it is an *application* of <u>Rule</u> 26 which grants a court "discretion to limit discovery and impose restrictions where the discovery sought 'is obtainable from some other source that is more convenient, less burdensome, or less expensive.'" <u>WebSideStory, Inc. v. NewRatings, Inc.</u>, 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007) (quoting <u>Fed. R. Civ. P.</u> 26(b)(1)).

**B.     Where Apex Depositions Are Warranted, Courts Establish Significant Limitations**

When presented with situations of high-ranking corporate officers who have some limited personal knowledge, courts often have permitted depositions to go forward—but only on a limited basis because "[e]ven when an executive does have personal knowledge about the case, the court still may fashion a remedy which reduces the burden on the executive." <u>Folwell v. Hernandez</u>, 210 F.R.D. 169, 174 (M.D.N.C. 2002) (quoting <u>In re Bridgestone/Firestone, Inc. Tires Prods. Liab.</u>

Litig., 205 F.R.D. 535 (S.D. Ind. 2002)); see also Malletier v. Dooney & Bourke, Inc., 2006 WL 3476735, at *13 (S.D.N.Y. Nov. 30, 2006) (holding the deposition of an executive with some knowledge could proceed but that "it is equally appropriate to place significant limitations on such a deposition").

     Generally, such depositions will be permitted only on topics where the proposed deponent posseses "first-hand, non-repetitive" knowledge which is "unique or superior" and which cannot be inquired into with other witnesses (including corporate designees) or through less burdensome means of discovery. WebSideStory, 2007 WL 1120567, at *2. This showing is "an essential component of the standard for an apex deposition—unique personal knowledge by the high corporate official, unavailable from less intrusive discovery, including interrogatories and the depositions of lower-level employees." Celerity, 2007 WL 205067, at *4-5 (holding that the party seeking deposition had not "met its burden to justify these apex depositions according to the case law").

     Accordingly, even where a high-ranking corporate officer may have some personal knowledge, courts generally will require a party to first exhaust other less intrusive discovery methods. WebSideStory, 2007 WL 1120567, at *2. And the scope of the deposition will be strictly limited to those topics on which the officer possesses unique and superior information. The decision in WebSideStory—on which defendants rely heavily—is instructive. There, the court held that even though the high-ranking corporate officer had knowledge as to certain topics, the deposition of a corporate designee should occur first to minimize the topics for the apex deposition. Id. at *5. Moreover, the court ordered that the apex deposition be "appropriately limit[ed]" to those topics as to which the officer had "unique, first hand knowledge." Id.; see also Google, Inc. v. Am. Blind, 2006 WL 2578277, at *3 (N.D. Cal. Sept. 6, 2006) (limiting scope of deposition to those few topics on which executive had superior knowledge).

OPPOSITION TO JOINT MOTION

Further, as suggested by WebSideStory and shown in numerous other decisions, the topics on which a high-ranking corporate official will actually have superior and unique knowledge which cannot be obtained through other discovery are often quite limited. WebSideStory, 2007 WL 1120567, at *5. As such, courts frequently limit the deposition to a few hours or less. See, e.g., First Nat'l. Mortg. Co. v. Fed. Realty Inv. Trust, 2007 WL 4170548, at *3 (N.D. Cal. Nov. 19, 2007) (limiting the deposition to two hours).[1] In determining an appropriate length for the deposition, courts consider the position of the proposed deponent—including his or her business responsibilities and the likely business disruption—and the scope of the inquiry for which only the proposed deponent can provide unique testimony. See Malletier, 2006 WL 3476735, at *13 (limiting deposition to three hours given deponent's "senior position in, and responsibility for business affairs at, [the company] and the narrowness of the inquiries that may be appropriately directed to him").

---

[1] See also Bush v. Dictaphone Corp., 161 F.3d 363, 367 (6th Cir. 1998) (affirming district court's limitation of executive's deposition to two hours); Malletier, 2006 WL 3476735, at *13 (S.D.N.Y. Nov. 30, 2006) (limiting to three hours); Google, 2006 WL 2578277, at *3 (N.D. Cal. Sept. 6, 2006) (same); Morales v. E.D. Etnyre & Co., 229 F.R.D. 661, 663 (D.N.M. 2005) (limiting to one hour); Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 182 (S.D.N.Y. 2004) (limiting to three hours); Frere v. Orthofix, Inc., 2000 WL 1789641, *8 (S.D.N.Y. Dec. 6, 2000) (limiting to two hours); Yholman v. ICN Pharms., Inc., 1999 WL 1267459, at *1-2 (S.D.N.Y. Dec. 29, 1999) (limiting to four hours); Steadfast Ins. Co., Inc. v. Auto Marketing Network, Inc., 1999 WL 300231, at *2 (N.D. Ill. May, 3 1999) (same).

## II. DEFENDANTS HAVE FAILED TO JUSTIFY MR. ECKERT'S DEPOSITION

### A. Mr. Eckert's Unique Personal Knowledge Is Limited And His Deposition Should Be Limited Accordingly

Defendants argue that Mr. Eckert has "personal knowledge on several key issues in this lawsuit" and therefore should be deposed for a full day. (Mot. at 1.) Defendants' argument is wholly unpersuasive, and fails to meet the standards required under the apex rule. Personal knowledge, alone, is not a sufficient basis to warrant the deposition of Mattel's high-ranking corporate executives. Rather, testimony from Mr. Eckert should be limited to those issues on which he has superior and unique personal knowledge.

Although defendants assert in conclusory fashion that it is "beyond dispute" that Mr. Eckert, as Mattel's CEO, must have "personal knowledge regarding the fact's underlying Mattel's claims and defenses," they have failed to show, as they must, how Mr. Eckert's alleged knowledge is unique or superior to other witnesses or could not be obtained through less exhaustive means. To justify their argument, defendants point to the fact that Mr. Eckert was identified (among scores of others) in Mattel's Rule 26(a)(1) disclosures and in its interrogatory responses. (Mot. at 1-2.) But the mere inclusion or exclusion of his name in initial disclosures or interrogatory answers as a person with some knowledge does not address, let alone establish, the key fact that defendants must prove—namely, that Mr. Eckert's knowledge is personal and unique and superior to other witnesses.[2]

---

[2] Defendants' own authorities highlight the point. See WebSideStory, 2007 WL 1120567, at *4. While the WebSideStory Court allowed a *limited* deposition to proceed, it noted inclusion or exclusion in initial disclosures is hardly illuminating "[because parties] are free to identify witnesses under Rule 26 and to change such identifications as [they] deem[] appropriate." Id. As such, "removal or change of (footnote continued)

1   Next, in an attempt to "demonstrate Mr. Eckert's firsthand knowledge and
2   involvement in the facts underlying this case," defendants make much of the fact
3   that in Mattel's document production "there are more than 120 documents that
4   contain the statements of, or otherwise reference or concern, Mr. Eckert." (Mot. at
5   3; see also Mot. at 2.) To date, Mattel has produced hundreds of thousands of pages
6   of documents in this litigation.[3] It is hardly surprising that among them are pages
7   that reference or contain statements by Mattel's CEO.

8   Tellingly, among the "more than 120 documents" offered by defendants as
9   relevant to Mr. Eckert's knowledge, they cite only to one document, the "anonymous
10  letter."[4] Defendants give absolutely no information about the remaining documents
11  which purportedly demonstrate Mr. Eckert's knowledge. They do not identify the
12  specific bates numbers of the documents or even the kinds of documents, much less
13  how those documents show Mr. Eckert's unique and superior personal knowledge.
14  Mattel's own review of the documents produced shows that approximately 94
15  mention Mr. Eckert.[5] Of those, more than one-half are simply newspaper and press
16  articles which discuss or mention Mr. Eckert.[6] Defendants' attempt to use Mr.

---

witness identification does not preclude the opposing party from deposing the witness," while inclusion, by implication, does not mandate a witness should be deposed. Id.

[3] See Declaration of Bridget Hauler in Support of Opposition to Joint Motion to Compel the Deposition Testimony of Robert Eckert, dated December 18, 2007 ("Hauler Dec.") ¶ 2.

[4] See Ex. 1 attached to the Declaration of Marcus R. Mumford in Support of Joint Motion to Compel the Deposition Testimony of Robert Eckert ("Mumford Dec.").

[5] See Hauler Dec. ¶ 3.

[6] See id.; see, e.g., Andria Cheng, "World Barbie Means Business," The Age (Apr. 21, 2004), Hauler Dec., Ex. 1; Greg Levine, "Faces in the News: Eckert's Mattel Touts Barbie as Multimedia Star," Forbes.com (June 20, 2006), Hauler Dec., Ex. 2; Queena Sook Kim & Suzanne Vranica, "'Tween Queen Comes to Fashion Doll's Aid," Wall Street Journal (Aug. 23, 2004), Hauler Dec., Ex. 3; Alex Veiga, "Rehabbed Barbie Aims to Win," Associated Press (Nov. 29, 2004), Hauler Dec., Ex. 4.

Eckert's statements in the business press to show Mr. Eckert's superior and unique personal knowledge defies all applicable law. If every tangential public statement made by a high-ranking corporate officer could be similarly used to bootstrap a showing of superior and unique personal knowledge, then the apex rule would cease to exist.

The remaining documents are equally lacking in evidence of Mr. Eckert's unique and superior knowledge as to any of the significant issues in this case. They include, for example, correspondence from Mr. Eckert to various Mattel employees summarizing his experience at industry events[7] or documents relating to employee compensation.[8] These types of documents simply offer no basis to conclude that Mr. Eckert has unique and superior personal knowledge. Of course, defendants' failure to cite any other documents of these supposedly important "120 documents" is explained quite simply: there are none.[9]

Only a handful of documents have any true relevance to any issue as to which it can be credibly argued that Mr. Eckert has any *superior and unique* personal knowledge. The only topic on which Mr. Eckert has any "first-hand, non-repetitive" knowledge which is "unique or superior" and which cannot be inquired into with other witnesses (including corporate designees) or through less burdensome means of discovery, relates to the "anonymous letter" addressed to Mattel's CEO which Mr. Eckert received. Mattel has never argued that Mr. Eckert has no personal

---

[7] See, e.g., February 16, 2004 email from Robert Eckert to Mattel Employees, Hauler Dec., Ex. 5.

[8] See, e.g., March 28, 2003 Letter from Robert Eckert to Ron Brawer, Hauler Dec., Ex. 6.

[9] Having failed to in their motion to show Mr. Eckert's unique and superior knowledge, defendants' reply will no doubt cite to various other documents that they failed to mention in their motion. While these are unlikely to be illuminating, they (footnote continued)

1  Judge Larson observed that the letter was scarcely sufficient basis for any suit.[16]
2  Given its at best marginal relevance, its limited scope, Mr. Eckert's limited
3  knowledge, and the fact that defendants have received and will continue to receive
4  testimony from other Mattel employees and executives about the anonymous letter,
5  the letter simply cannot justify subjecting Mattel to the burden and distraction of
6  having its CEO and Chairman of the Board sit for seven hours of deposition.

## CONCLUSION

For the foregoing reasons Mattel respectfully requests that the Court issue an order requiring defendants to first exhaust less burdensome means of discovery and limiting Mr. Eckert's deposition testimony to no more than one hour on specific topics for which he has unique and superior personal knowledge.

DATED: December 18, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon Corey / ZDK
Jon D. Corey
Attorneys for Mattel, Inc.

---

[15] See, e.g., Bouchard v. New York Archdiocese, 2007 WL 2728666, at *4-5 (S.D.N.Y. Sept. 19, 2007) (first requiring deposition through written questions under Rule 31).

[16] See Order Denying Motion for Terminating Sanctions, dated August 27, 2007, at 3-4, Hauler Dec., Ex. 8.