QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated With Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>MATTEL, INC.'S RENEWED NOTICE OF MOTION AND RENEWED MOTION FOR RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date: January 3, 2008<br>Time: 1:30 p.m.<br>Place: JAMS<br><br>Discovery Cut-off: January 28, 2008<br>Pre-trial Conference: May 5, 2008<br>Trial Date: May 27, 2008 |

07209/2326756.4

MATTEL'S RENEWED MOTION FOR RECONSIDERATION

PLEASE TAKE NOTICE THAT, as soon as the matter may be heard by the Honorable Edward Infante, Mattel, Inc. ("Mattel") will, and hereby does, renew its motion pursuant to Rule 26 and 54(b) of the Federal Rules of Civil Procedure and Local Rule 7-18 for reconsideration of that portion of the Discovery Master's September 12, 2007 Order (the "Order") compelling Mattel to produce documents in response to MGA Entertainment, Inc.'s ("MGA") First Set of Requests for the Production of Documents and Things dated January 31, 2005, Document Request Nos. 281-282 and 284-285.

### Grounds for Reconsideration

This Motion is made on the following grounds:

<u>First Ground for Reconsideration:</u>  Reconsideration is appropriate for the portion of the Order compelling Mattel to produce documents related to Mattel's contracts and/or negotiations with non-party employees as to the terms of the "Employee Confidential Information and Inventions Agreement" and "Conflict of Interest Questionnaire." Specifically, Mattel requests that the Discovery Master reconsider and reverse its order compelling Mattel to produce documents responsive to the Order's second and third categories:

1. All documents relating to any discussions or negotiations between Mattel and anyone regarding the terms and conditions of any version of either of those agreements; and

2. All documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated.[1]

---

[1] See Declaration of Timothy L. Alger, dated December 18, 2007 ("Alger Decl."), Exh. 3 at 13 (Discovery Master's Order dated September 12, 2007). Mattel does not interpret the first request, for "All documents relating to any form 'Employee Confidential Information and Inventions Agreement' or 'Conflict of Interest Questionnaire' that Mattel alleges to exist between Mattel and Bryant," to require it to search for all documents relating to *any* form of the agreements as executed (or not executed) by *any* Mattel employee. In other words, Mattel does not (footnote continued)

The Order required Mattel to produce these documents based on MGA's assertion that the documents are relevant to "Mattel's claim that Bryant breached the two agreements and Bryant's defenses thereto, including Bryant's contention that the agreements are unenforceable as contracts of adhesion, unconscionable, and violate California law." At the time of the Order, Bryant's Reply to Mattel's Counterclaims had asserted, in its Tenth and Eleventh Affirmative Defenses, that there was a "failure of contract" and that his contract with Mattel is "unconscionable." However, on October 4, 2007, the parties signed a stipulation whereby Bryant agreed to withdraw these and other defenses. Judge Larson approved the stipulation on October 5. In Bryant's Second Amended Reply, served on October 16, 2007, these defenses had been removed. Although MGA's amended answer makes references to defenses of waiver, estoppel, and acquiescence, those defenses, as pleaded, are limited to and relate solely to the facts underlying MGA's purported laches defense—that is, Mattel's purported delays in suing—which has nothing to do with Mattel's contracts with third parties.

As a result, the basis for the Order compelling production of these categories of documents has now been withdrawn. These documents are no longer relevant to any claim or defense in this action, and the burdens of producing them outweigh any marginal relevance they might have. Accordingly, MGA's Motion to Compel as to Request Nos. 281-282 and 284-285 should be reconsidered and denied to the extent they seek documents that are not relevant to any live claim or defense in the action.

<u>Second Ground for Reconsideration:</u> In the alternative, reconsideration is appropriate to the extent that Mattel was ordered to search for and produce:

---

read this first request to encompass the second and third requests, and MGA has not argued otherwise. However, to the extent that is the claimed interpretation, Mattel seeks reconsideration of that portion of the Order as well.

2. All documents relating to any discussions or negotiations between Mattel and anyone regarding the terms and conditions of any version of either of those agreements.

Although the Discovery Master approved this request which includes "discussions or negotiations" with "anyone," the Order also states that the requests as revised by MGA in its reply brief are not overbroad because they do *not* require production of "all documents involving negotiations concerning these two agreements," which this request *does* appear to require. If construed broadly to include all discussions or negotiations with "anyone," including thousands of current and former employees, this request would require Mattel to engage in a costly needle-in-the-haystack search through thousands of personnel files for documents that (1) are unlikely to exist and, (2) even if found, will have no or minimal relevance.

Accordingly, Mattel respectfully requests that the Court reconsider that portion of the Order compelling Mattel to produce documents pursuant to Request Nos. 281-282 and 284-285, and limit Mattel's obligations under those requests to producing:

1. All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant.

In the alternative, Mattel respectfully requests that the Court limit Mattel's obligations under those requests to:

1. All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant, and

3.   All documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated.[2]

Further, if any production pursuant to these requests is ordered, Mattel respectfully requests a 30-day extension of time to find and produce documents responsive to the requests.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Timothy L. Alger, the Declaration of Lissa Freed dated September 26, 2007 and filed previously, the pleadings and other papers on file in this action, such matters of which this Court may take judicial notice, and such further argument and evidence as may be presented at or before the hearing.

This Motion is made following the conference of counsel pursuant to the Stipulation for the Appointment of Discovery Master, occurring on September 24, 2007 and continued at the hearing before the Discovery Master on December 14, 2007.

DATED: December 18, 2007    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: /s/ Timothy L. Alger
Timothy L. Alger
Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

---

[2] Again, Mattel does not interpret the first request as encompassing the second and third requests, and, to the extent that it does, seeks relief from any such overbroad interpretation.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ..................................................................................................... 4

I. THE REQUESTS SHOULD BE NARROWED TO ELIMINATE DOCUMENTS THAT DO NOT RELATE TO BRYANT .............................. 5

II. IN THE ALTERNATIVE, THE REQUESTS SHOULD BE NARROWED TO AVOID AN UNDULY BURDENSOME SEARCH FOR RECORDS OF ANY DISCUSSIONS OR NEGOTIATIONS BETWEEN MATTEL AND NON-PARTY EMPLOYEES ............................ 6

III. IF PRODUCTION OF DOCUMENTS RESPONSIVE TO THESE REQUESTS IS REQUIRED, A REASONABLE EXTENSION SHOULD BE GRANTED ............................................................................ 11

CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

**Page**

## Cases

*Dolgow v. Anderson*,
  53 F.R.D. 661 (E.D.N.Y. 1971) .................................................................. 6

*Laker Airways Ltd. v. Pan American World Airways*,
  559 F. Supp. 1124 (D.D.C. 1983) ............................................................... 6

*Mr. Frank, Inc. v. Waste Management, Inc.*,
  1983 WL. 1859 (N.D. Ill. 1983) .................................................................. 6

*Smith v. Massachusetts*,
  543 U.S. 462 (2005) .................................................................................... 4

## Statutes

Fed. R. Civ. P. 26 ............................................................................................ 5, 6

Fed. R. Civ. P. 54(b) ........................................................................................... 4

Fed. R. Evid. 401 ................................................................................................ 5

Local Rule 7-18(b) .............................................................................................. 4

Local Rule 7-18(c) .............................................................................................. 5

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **Preliminary Statement**

On July 3, 2007, MGA Entertainment, Inc. ("MGA") brought a motion to compel Mattel, Inc. ("Mattel") to produce documents responsive to MGA's First Set of Requests for the Production of Documents and Things dated January 31, 2005. Among other requests, the motion sought an order requiring production of documents in response to Request Nos. 281-282 and 284-285 (collectively the "Requests"). The Requests were facially overbroad, asking for all documents relating to two form agreements Mattel has with its employees.[3]

Recognizing the overbreadth of the Requests, MGA revised them in its reply brief to demand:

1. All documents relating to any form "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant,

2. All documents relating to any discussions or negotiations between Mattel and anyone regarding the terms and conditions of any version of either of those agreements; and

3. All documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated.[4]

On September 12, 2007, the Discovery Master granted in part and denied in part MGA's motion. The Court approved the revised Requests, and ordered that Mattel produce documents in response.[5] Mattel respectfully moves for

---

[3] *See* Alger Decl., Exh. 1 (MGA Entertainment, Inc.'s First Set of Requests for The Production of Documents and Things (the "2005 Requests")).

[4] *See* Alger Decl., Exh. 2 at 16 (Reply of MGA Entertainment, Inc. in Support of Its Motion to Compel Mattel, Inc. to Supplement Its Responses and Produce Documents Responsive to MGA's First Set of Requests for The Production of Documents and Things).

[5] Alger Decl., Exh. 3.

reconsideration of that Order to the extent that it approved the second and third revised Requests.

The requests, as narrowed, were approved in the Order on the grounds that they were relevant to Bryant's defenses that "the agreements are unenforceable as contracts of adhesion, unconscionable and violate California law. MGA contends that the manner in which Mattel negotiates, interprets, enforces and applies the terms of the two contracts is highly relevant."[6] These matters were indeed previously raised as defenses in Bryant's Reply to Mattel's counterclaims. Bryant's Tenth Affirmative Defense declared that there was a "failure of contract," and his Eleventh Affirmative Defense declared the contract "unconscionable."

Since the date of the Order, however, the parties signed a stipulation whereby Bryant agreed to withdraw these and other defenses. This stipulation was approved by Judge Larson on October 5, 2007.[7] Bryant's Second Amended Reply, served on October 16, 2007, does not contain these affirmative defenses.[8] Similarly, MGA's amended answer asserts no defenses of contract illegality, unconscionability, or failure of contract.[9]

Consequently, the second and third categories of documents in the Order—which relate to non-party employees that have no role in this case—are no longer relevant to any claim or defense still at issue in this action, or, if there is any

---

[6] Alger Decl., Exh. 3 at 13.
[7] Alger Decl., Exh. 6 (Stipulation and Order Regarding Carter Bryant's Amended Reply to Mattel's Counterclaims).
[8] See Alger Decl., Exh. 7 (Carter Bryant's Second Amended Reply to Mattel's Counterclaims).
[9] Although it makes reference to defenses of waiver, estoppel, and acquiescence, those defenses, as pleaded, are limited to and relate solely to MGA's purported laches defense, which has nothing to do with the enforceability or unenforceability of Bryant's agreements. See Alger Decl., Exh. 8 at 21-22 (Amended Answer and Affirmative Defenses of MGA Inc. *et al.*).

remaining relevance, it is marginal. Mattel should not be required to undergo the expense and burden of collecting, reviewing, and producing documents that have little or no bearing on the live controversies in this case. The Order should be reconsidered and modified to relieve Mattel of that obligation.[10]

In the alternative, the Order should be reconsidered and modified to relieve Mattel of the obligation to search for and produce all documents that relate to any "discussions or negotiations" between Mattel and "anyone" regarding the terms and conditions of these standard Mattel agreements. The second request would seem to require Mattel to perform a manual search through thousands of employee personnel files on the slight chance that they might include documentation evidencing "discussions" or "negotiations" that make no mention of Bryant or MGA. That burden is unwarranted, and it is unclear whether the Court intended for Mattel to have such an onerous obligation. In the Order, the Discovery Master accepted the revised Requests as limiting the scope of the original set of Requests. However, the second revised Request did not really narrow the original Requests at all. In explaining why the revised Requests were acceptable, the Order states that Mattel is *not* required to produce the broad swath of documents sought in the second revised Request: "[a]s narrowed, the Requests are not overbroad or unduly burdensome **because they no longer call for production of ... any and all documents involving negotiations concerning those agreements.**"[11] However, the language of the second request would appear to require just that.

Accordingly, in the event that the Discovery Master does not relieve Mattel of its production burden under the second and third requests (because

---

[10] As noted previously, to the extent MGA now interprets the first request as encompassing documents relating to *any* form of the agreement as executed (or not executed) by *any* Mattel employee, *i.e.* as encompassing the second and third requests, Mattel seeks relief from that request on the same grounds.

Mattel's discussions, negotiations and enforcement practices as to non-party employees have little or no relevance), Mattel requests that the Discovery Master reconsider the September 12, 2007 Order and rule that Mattel is not required to search for and produce documents relating to "discussions or negotiations" between Mattel and "anyone," including non-party employees, regarding the Employee Confidential Information and Inventions Agreement and the Conflict of Interest Questionnaire. By relieving Mattel of this obligation, MGA will still gain access to the documents that it appears to be interested in—documents reflecting Mattel's enforcement as to non-party employees—but Mattel would not have to undertake the unduly burdensome searches discussed in this motion.

If on reconsideration the Discovery Master orders any documents produced, Mattel asks the Court to set a deadline for production of responsive documents 30 days after a decision on this motion to provide time for a diligent search and production.

### Argument

The Discovery Master is empowered by the District Court to decide matters falling within the Stipulation for Appointment of a Discovery Master, and therefore may reconsider or modify his September 12, 2007 Order. *See Smith v. Massachusetts,* 543 U.S. 462, 475 (2005) ("'[A] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'") (quotations omitted); *see also* Fed. R. Civ. P. 54(b) ("any order or other form of decision . . . is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties").

Reconsideration is an appropriate remedy where there is "the emergence of new material facts … after the time of such decision," Local Rule 7-

---

[11] Alger Decl., Exh. 3 at 14.

18(b), or where there has been "a failure to consider material facts presented to the Court before such decision." Local Rule 7-18(c). The September 12, 2007 Order should be reconsidered by the Court on both of these grounds.

## I. THE REQUESTS SHOULD BE NARROWED TO ELIMINATE DOCUMENTS THAT DO NOT RELATE TO BRYANT

"Relevant evidence" is evidence "having any tendency to make the existence of any fact *that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence," Fed. R. Evid. 401, and only evidence "that is relevant to the claim or defense of any party" or, on a showing of good cause, "relevant to the subject matter involved in the action," is discoverable. Fed. R. Civ. P. 26(b)(1). Here, there is no fact of consequence to the action that the demanded documents bear upon. As the Discovery Master noted in the Order, documents relating to non-party employees' contracts with Mattel were ordered produced only because of their claimed relevance to Bryant's now-withdrawn defenses that the agreements are unenforceable and unconscionable.[12] As a result, documents responsive to the second and third requests in the Order will have no bearing on any of the ongoing live controversies in this action, especially in light of Mattel's already completed production of these documents as they relate specifically to Bryant.[13]

To the extent that MGA asserts some attenuated theory of relevance for these documents, the extreme burden of their search and production, as detailed further below, substantially outweighs any possible probative value, and Mattel should not be forced to bear that burden. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (court has the power to deny discovery where "the burden or expense of the proposed

---

[12] *See* Alger Decl., Exh. 3 at 13.
[13] Alger Decl., ¶ 5.

discovery outweighs its likely benefit, considering … the importance of the discovery in resolving the issues.").

Accordingly, Mattel requests that the Discovery Master reconsider and reject MGA's second and third requests as the requests seek documents that are not relevant to any live claim or defense in this action.

## II. IN THE ALTERNATIVE, THE REQUESTS SHOULD BE NARROWED TO AVOID AN UNDULY BURDENSOME SEARCH FOR RECORDS OF ANY DISCUSSIONS OR NEGOTIATIONS BETWEEN MATTEL AND NON-PARTY EMPLOYEES

In the alternative, if Mattel is ordered to produce largely irrelevant documents relating to non-party employees' contracts with Mattel, that burden should be limited to documents relating to Mattel's enforcement of such contracts, as requested in the third request. Documents relating to discussions and negotiations are far more burdensome to find and have no relevance at all. At the least, the second request should be eliminated.

Rule 26(c) gives this Court authority to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c). Moreover, "[a] trial court has a duty, of special significance in lengthy and complex cases where the possibility of abuse is always present, to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." *Dolgow v. Anderson,* 53 F.R.D. 661, 664 (E.D.N.Y. 1971); *see also Laker Airways Ltd. v. Pan American World Airways,* 559 F. Supp. 1124, 1133 n.36 (D.D.C. 1983) (same); *Mr. Frank, Inc. v. Waste Management, Inc.,* 1983 WL 1859 at *1 (N.D. Ill. 1983) (same). The Requests go far beyond the bounds of proper discovery under Rule 26 and seek documents of zero or marginal relevance that it would be extremely burdensome for Mattel to locate (if any exist at all) and produce.

The Requests all relate to two standard agreements Mattel has with its employees: the "Employee Confidential Information and Inventions Agreement," and the "Conflict of Interest Questionnaire." Request Nos. 282 and 285 ask for, "All DOCUMENTS, from 1997 to the present, constituting, mentioning, discussing, describing, referring or relating to any negotiations between MATTEL and any employee or prospective employee regarding or concerning any term of MATTEL's form ['Employee Confidential Information and Inventions Agreement' and 'Conflict of Interest Questionnaire.']"[14]

In its reply in support of its Motion to Compel, MGA purported to limit this group of Requests—and did so *except* as to "discussions or negotiations." There, however, MGA removed all the *narrower* verbs, and kept the *broadest*. MGA still demanded that Mattel produce "[a]ll documents *relating* to any discussion or negotiations between Mattel *and anyone* regarding the terms and conditions of any version of either of those agreements."[15] Thus, the second revised Request still asks Mattel for any document relating to any discussions or negotiations on these agreements, with "anyone."

In approving the revised Requests, the Discovery Master expressed the view that the revised Requests were not overbroad because "they no longer call for production of . . . any and all documents involving negotiations concerning those agreements."[16] Yet MGA's second revised Request appears to demand exactly that.

As the Discovery Master appears to have recognized in his prior Order, a search for all negotiations or discussion documents would be unduly burdensome. If enforced as currently written, the Requests could be construed to require Mattel to review the files of thousands of current and former employees for irrelevant

---

[14] Alger Decl., Exh. 1 at 75-76.
[15] Alger Decl., Exh. 2 at 16 (emphasis added).
[16] Alger Decl., Exh. 3 at 14.

information. Mattel asks all employees at its El Segundo headquarters to sign the two agreements, and has done so since at least 1995.[17] Employment agreements are placed in personnel files, and are not stored and indexed electronically.[18] Mattel currently employs 1,814 employees at El Segundo.[19] Thus, as a starting point, Mattel could be required to manually review personnel files for all these individuals.

Moreover, a search for negotiation documents could reach far beyond this number because MGA's request, by its terms, requires Mattel to search the records of *former* employees as well. Like all large companies, a great number of employees leave each year, and many new employees are hired.[20] As of September 2007, 227 employees working in El Segundo have left Mattel.[21] In 2006, a total of 502 employees in El Segundo had left Mattel's employ.[22] Below is a chart, stating the total number of employees to have left Mattel from the El Segundo headquarters each year:[23]

| Year | Number of Employees in El Segundo to Leave |
|------|-------|
| 1997 | 241 |
| 1998 | 316 |
| 1999 | 490 |
| 2000 | 459 |
| 2001 | 324 |
| 2002 | 395 |

---

[17] Freed Decl., ¶¶ 3-4.
[18] Freed Decl., ¶ 6.
[19] Freed Decl., ¶ 3.
[20] Freed Decl., ¶ 8.
[21] Freed Decl., ¶ 19.
[22] Freed Decl., ¶ 18.
[23] Freed Decl., ¶ 9-19.

| 2003 | 365 |
|------|-----|
| 2004 | 386 |
| 2005 | 364 |
| 2006 | 502 |
| 2007 | 227 |

In total, approximately 4,069 employees have left Mattel's El Segundo headquarters since 1997. As part of Mattel's standard practice, these employees would have been requested to sign a version of the "Employee Confidential Information and Inventions Agreement" and "Conflict of Interest Questionnaire" when they were hired.[24] The agreements are placed in the employee's personnel file.[25] So a fair estimate of the files that would have to be reviewed, for Mattel's El Segundo headquarters, would be 5,883 (the number of current employees plus former employees). Many such files are voluminous, and comprise hundreds of pages.[26]

Aside from the costs of collecting these files (many of which are in storage), the legal fees that would be incurred for their review are substantial. A review of approximately 5,883 personnel files for documents that might reflect "discussions or negotiations" about the terms and conditions of the Employee Confidential Information and Inventions Agreement, and Conflict of Interest Questionnaire, involving employees during the past 10 years at Mattel's El Segundo headquarters is likely to cost well in excess of $600,000 in legal fees.[27]

---

[24] Freed Decl., ¶ 8.
[25] Freed Decl., ¶ 6.
[26] Freed Decl., ¶ 7.
[27] Alger Decl., ¶ 4.

This burden would be particularly unfair given the marginal relevance of the documents requested, and the very low odds that responsive documents will be found. Mattel's 30(b)(6) witness stated that she was not aware of anyone refusing to sign the Conflict of Interest Questionnaire, and that no one had asked any questions about the Employee Confidential Information and Inventions Agreement.[28] There is no reason to believe responsive documents even exist. Moreover, Mattel has made changes to the two agreements at issue over the years. In total, Mattel has used six different versions of the Employee Confidential Information Agreement since 1995, and three different versions of the Conflict of Interest Questionnaire.[29] Bryant, however, only signed two of each of these agreements, one when he joined Mattel in 1995, and one upon his return from his leave of absence in 1999.[30] Thus, in many cases Mattel will be looking for documents related to negotiations of versions of these agreements that Carter Bryant did not even sign. Discussion or negotiation of such agreements does not have any bearing on MGA's or Bryant's defenses.

The Discovery Master has already found that the relevance of alternative versions of Mattel's employment agreements is "tenuous" and "thin,"[31] and that was *before* Bryant withdrew his ill-conceived challenges to his Mattel agreements as "unconscionable" and "illegal." Unless the Order is reconsidered, Mattel might be faced with manually searching through thousands of files of employees for irrelevant documents.

---

[28] See Alger Decl., Exh. 9 (Excerpts of the Deposition of Lissa Freed). The relevant testimony is found at 26:2-23 (regarding the Conflict of Interest Questionnaire) and 47:23-48:14 (regarding the Employee Confidential Information Agreement).
[29] Freed Decl., ¶ 4.
[30] Freed Decl., ¶ 5.

Accordingly, Mattel requests that, at the least, the Discovery Master reconsider and reject MGA's Requests to the extent they require Mattel to search for documents relating to "discussions or negotiations" of the agreements, and instead, order Mattel to produce at the most:

1. All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant, and

3. All documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated.

Pursuant to these requests, MGA would still receive all non-privileged documents regarding the enforcement of the agreements that Mattel alleges Bryant violated, which appear to be the documents that MGA is interested in. At the same time, an unduly burdensome search for the irrelevant documents requested in Request No. 2 would be avoided.

## III. IF PRODUCTION OF DOCUMENTS RESPONSIVE TO THESE REQUESTS IS REQUIRED, A REASONABLE EXTENSION SHOULD BE GRANTED

As discussed above, Mattel has thousands of current and former employees who have been asked to sign the relevant agreements. Review of documents relating to these agreements to locate responsive documents (even if the requests are narrowed) will take hundreds of hours of lawyer and paralegal time. For this reason, if the Court does not rule that Mattel is not required to produce such documents, Mattel asks for a 30-day extension for the production of documents related to MGA Document Request Nos: 281-282 and 284-285.

---

[31] See Alger Decl., Exh. 4 at 27:11-17 (Excerpts from the Transcript of Proceedings before the Hon. Edward A. Infante, dated January 25, 2007).

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Discovery Master reconsider his Order of September 12, 2007 relating to Document Request Nos: 281-282 and 284-285, and rule that Mattel is only required to produce:

1. All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant.

In the alternative, Mattel respectfully requests that the Discovery Master reconsider his Order of September 12, 2007 relating to Document Request Nos: 281-282 and 284-285, and rule that Mattel is only required to produce:

1. All documents relating to any "Employee Confidential Information and Inventions Agreement" or "Conflict of Interest Questionnaire" that Mattel alleges to exist between Mattel and Bryant, and

3. All documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated.

Mattel further requests that any production pursuant to the requests be extended to a date 30 days after the Discovery Master's decision on this motion for reconsideration.

DATED: December 18, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Timothy L. Alger
Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

07209/2326756.4

-12-

MATTEL'S RENEWED MOTION FOR RECONSIDERATION