KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**DECLARATION OF MATTHEW M. WERDEGAR IN SUPPORT OF CARTER BRYANT'S OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES**<br><br>Date:     January 3, 2008<br>Time:    1:30 p.m.<br><br>**Phase I:**<br>Date Comp. Filed:  April 13, 2005<br>Discovery Cut-Off:  Jan. 28, 2008<br>Trial Date:  May 27, 2008 |

**PUBLICLY FILED- REDACTED VERSION**

1

DECLARATION OF MATTHEW WERDEGAR IN SUPPORT OF CARTER BRYANT'S OPPOSITION TO
MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

408247.02

I, MATTHEW WERDEGAR, declare and state that:

1. I am an attorney licensed to practice law in the State of California and am a member of the law firm of Keker & Van Nest LLP, located at 710 Sansome Street, San Francisco, California 94111, counsel for plaintiff Carter Bryant in the above-captioned action. I am duly admitted to practice law before this Court. Except where expressly stated, I have knowledge of the facts set forth herein, and if called to testify as a witness thereto, could do so competently under oath.

2. I am informed and believe that on November 27, 2007, my colleague, John Trinidad, spoke on the telephone with counsel for Mattel, Inc., B. Dylan Proctor, regarding Bryant's initial objections and responses to Mattel's Revised Third and Amended Fourth Sets of Interrogatories. On December 4 and December 5, 2007, I spoke on the telephone with counsel for Mattel, Inc., B. Dylan Proctor, regarding Bryant's initial objections and responses to Mattel's Revised Third and Amended Fourth Sets of Interrogatories. During the December 5, 2007 telephone conversation, Mr. Proctor and I also conferred about Bryant's objections and responses to Mattel's Fifth, Sixth, and Seventh Sets of Interrogatories.

3. Over the course of my telephone conversations with Mr. Proctor, I explained the bases for Bryant's objections to the interrogatories and attempted to reach a mutually-acceptable agreement regarding the scope and number of the interrogatories. For example, I inquired whether Mattel would consider any limitation regarding the scope of Interrogatory Nos. 27-29. I asked if Mattel would consider limiting those interrogatories to identifying tangible Bratz-related drawings and designs. Mr. Proctor indicated that Mattel refused to accept this or any other limitation on the scope of these interrogatories.

4. Also over the course of my telephone conversations with Mr. Proctor, I communicated that Bryant was willing to provide complete supplemental responses to Interrogatory Nos. 40 and 47. To the extent that I felt unable to fully commit to providing Mattel with responses not limited in any way by Bryant's

2
DECLARATION OF MATTHEW WERDEGAR IN SUPPORT OF CARTER BRYANT'S OPPOSITION TO MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES
CASE NO. CV 04-09049 SGL (RNBx)

408247.02

objections, it was due to the concern – communicated to Mr. Proctor – that Mattel's broad definitions of the specially defined terms, such as "COLLECTED", in these interrogatories could implicate attorney-client privilege and the attorney work product doctrine. I told Mr. Proctor that Bryant needed to evaluate further, as he prepared his supplemental responses, whether any responsive information was in fact privileged.

5. Also over the course of my telephone conversations with Mr. Proctor, I communicated that Bryant's response to Interrogatory No. 31 was not limited by his objections. Shortly thereafter, however, Bryant and his counsel concluded that some additional supplementation of his response to Interrogatory No. 31 was warranted. Consequently, in a December 11, 2007 letter to Mr. Proctor, I indicated that Bryant would also be supplementing his response to Interrogatory No. 31. My December 11, 2007 letter to Mr. Proctor has been filed as Exhibit 12 to the Declaration of B. Dylan Proctor in Support of Mattel Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27, 28, 29, 30,31, 32,33, 36,37, 38,39, 40, 42, 45 and 47) by Carter Bryant ("Declaration of B. Dylan Proctor"). This letter also corrects a number of incomplete and inaccurate statements in Mr. Proctor's December 6, 2007 letter to me. Mr. Proctor's December 6 letter is attached as Exhibit 11 to his declaration.

6. Despite Mattel's refusal to compromise as to any of its interrogatories, I informed Mr. Proctor both by phone and by letter (attached as Exhibit 12 to the Declaration of B. Dylan Proctor) that Bryant would supplement his responses to numerous interrogatories, including Interrogatory Nos. 27-33, 36-38, 40, 43, 45 and 47, by December 14, 2007.

7. Following the filing of the instant motion to compel on December 13, 2007, I mailed and faxed a letter to Mr. Proctor to remind him of Bryant's forthcoming supplemental disclosures, to request that he withdraw the motion as premature, and to request that he meet and confer regarding Bryant's supplemental

responses. I also informed Mr. Proctor that due to the need to gather some additional responsive information, Bryant's supplemental responses would be served the following business day, Monday, December 17, 2007. A true and correct copy of that letter, dated December 14, 2007, is attached hereto as Exhibit 1.

8. Bryant's Supplemental Responses to Mattel's Revised Third, Amended Fourth, Fifth, Sixth, and Seventh Sets of Interrogatories were served to Mattel on December 17, 2007.

9. After the close of business on December 19, 2007, at approximately 10:45 p.m., my office received via facsimile a letter from Mr. Proctor requesting to meet and confer regarding Bryant's supplemental interrogatory responses. This was Mattel's first, and to date it's only, attempt to contact Bryant regarding his supplemental responses. A true and correct copy of Mr. Proctor's letter is attached hereto as Exhibit 2.

10. I responded to Mattel's request to meet and confer regarding Bryant's supplemental responses on December 20, 2007. In a letter mailed and faxed to Mr. Proctor on that date, I stated that Bryant was ready and willing to meet and confer regarding his supplemental responses. Because Bryant's opposition to the instant motion to compel was due later that same day, I suggested that Mattel withdraw the motion without prejudice so that the parties would have an opportunity to resolve any remaining disputes without the necessity of court intervention. In the event that Mattel was unwilling to withdraw the motion, I informed Mr. Proctor that I was available to meet and confer regarding Bryant's supplemental responses the following day or the next week. A true and correct copy of my December 20, 2007 letter to Mr. Proctor is attached as Exhibit 3.

11. Attached hereto as Exhibit 4 is a true and correct copy of Bryant's Supplemental Responses to Mattel's Revised Third Set of Interrogatories.

12. Attached hereto as Exhibit 5 is a true and correct copy of Bryant's

Supplemental Responses to Mattel's Amended Fourth Set of Interrogatories.

13. Attached hereto as Exhibit 6 is a true and correct copy of Bryant's Supplemental Responses to Mattel's Fifth Set of Interrogatories.

14. Attached hereto as Exhibit 7 is a true and correct copy of Bryant's Supplemental Responses to Mattel's Sixth Set of Interrogatories.

15. Attached hereto as Exhibit 8 is a true and correct copy of Bryant's Supplemental Responses to Mattel's Seventh Set of Interrogatories.

16. Attached hereto as Exhibit 9 is a true and correct copy of the relevant excerpts from Mattel's Supplemental Responses to MGA's First Set of Interrogatories.

17. Attached hereto as Exhibit 10 is a true and correct copy of Mattel's Seventh Set of Interrogatories.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on December 20, 2007, at San Francisco, California.

*/s/ Matthew Werdegar*
MATTHEW WERDEGAR