**EXHIBIT 2**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 19, 2007

**VIA FACSIMILE AND U.S. MAIL**

Matthew M. Werdegar, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111-1704

Re:    Mattel v. Bryant et al.

Dear Matt:

I write in response to your December 14, 2007 letter regarding Mattel's motion to compel Carter
Bryant's responses to Mattel's interrogatories.

You suggest in your letter that Mattel's motion was filed prematurely.  We disagree.  Given your
express and repeated confirmation that, like his original responses, Mr. Bryant's then-promised
supplemental responses would continue to be limited by what Mattel believes are spurious
objections, Mattel saw no reason to delay its motion.  When Mr. Bryant failed to serve his
supplemental responses on December 11, 2007, as he had previously promised, Mattel thus
moved to compel.  There was nothing premature about that filing.

Mattel received Mr. Bryant's supplemental responses on the evening of Monday, December 17,
2007.  After reviewing the responses, it is clear on their face that they remain incomplete.

First, Mr. Bryant still refuses to provide any response whatsoever to Interrogatory No. 39.

Second, Mr. Bryant's responses to Interrogatory Nos. 27, 28, 29 and 47 are woefully deficient,
even as supplemented.  These responses fail to provide much of the information requested in
Mattel's Interrogatories.  For example, Mr. Bryant's responses to Nos. 27-29, which now track

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
PALM SPRINGS | 45-025 Manitou Drive, Suite 10, Indian Wells, California 92210 | TEL 760-341-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-3336

07209/2330677.1

those of MGA, are obviously limited by the fact that Bryant has ignored Mattel's definition of "INVENTION" and instead responded in light of some other definition (as MGA acknowledged it did as well). To take another example, Mattel's definition of "IDENTIFY" for Interrogatory No. 47 asks Bryant to state whether the sources of information contained or included documents relating to Bratz and the time period prior to February 28, 2001. Bryant recognizes that in his objections, yet provides no such information.

Third, Mr. Bryant's response to Interrogatory No. 40 also remains deficient on its face. Most notably, Mr. Bryant has failed for some unexplained reason to provide the requested information regarding the computers at his parents' home in Missouri and Elise Cloonan's computer. Please let me know whether Mr. Bryant is willing to further supplement his response to provide a full and complete answer not limited by objections.

Fourth, it appears that Mr. Bryant's supplemental responses to Interrogatory Nos. 30, 31, 32, 33, 36, 37, 38 and 42 continue to be limited by objections, as you indicated they would be when we last discussed this matter. This is apparent from both the brevity of Mr. Bryant's answers as well as the fact that he reasserts his baseless objections -- including his objection that he need not state "all facts" that support his contentions -- in his supplemental responses. Mr. Bryant also generally continues to fail to identify documents with specificity. If any of Bryant's responses are, contrary to appearances, now full and complete and not limited by objections, please let me know. Or, if Mr. Bryant is now willing to further supplement his responses to provide full and complete information that is not limited by objections, please let me know.

Fifth, in his supplemental response to Interrogatory No. 45, Mr. Bryant states that he "has produced or will produce documents sufficient to show the total royalties he has received pursuant to his contract with MGA." Assuming Mr. Bryant (1) is identifying these royalties as reflecting his net profits from Bratz (which is part of the requested information), (2) does not possess other responsive information (such as cost information), and (3) is not limiting his identification of royalty statements by any objections, this would appear to be an adequate response. (I assume the reference to documents that Bryant "will produce" relates to future royalty statements, and that all existing royalty statements have already been produced.)

To the extent you believe this may be useful in light of the above, Mattel would welcome further
discussion of Bryant's responses to determine if the parties can minimize the number of issues
that need to be addressed by the Court.  I can make myself available for most of the day
tomorrow if you wish to engage in such discussions.  I recognize that Mr. Bryant's opposition to
Mattel's motion to compel is due tomorrow, December 20, 2007.  If you need an extension of
that deadline to Friday, December 21, 2007, so that we may discuss Mr. Bryant's supplemental
responses, please let me know and we will be happy to agree to that.

I look forward to hearing from you.

Very truly yours,

*B. Dylan Proctor /sw*

B. Dylan Proctor