**EXHIBIT 3**

LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

MATTHEW M. WERDEGAR
MWERDEGAR@KVN.COM

December 20, 2007

**VIA EMAIL & U.S. MAIL**

B. Dylan Proctor, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Re: Mattel v. Bryant, et al.

Dear Dylan:

    I am writing in response to your letter of December 19, 2007, which my office received via facsimile after the close of business at approximately 10:45 pm. I interpret your letter to be a request to meet and confer regarding Carter Bryant's supplemental interrogatory responses, which were served on December 17, 2007. I note that this is the first such request we have received, and that this request is being made nearly a week after Mattel filed its motion to compel regarding these interrogatories, and five days after my letter to you urging Mattel to withdraw its motion as premature.

    Mr. Bryant is ready and willing to meet and confer with Mattel regarding his supplemental responses. However, he is not prepared to do so while at same time facing an imminent deadline to file an opposition to Mattel's 32-page motion to compel. Your offer to extend the deadline for him to file his opposition by one day is not sufficient to solve this problem. If the parties cannot resolve all of their remaining disputes through your proposed conference of counsel today, Bryant will be left with less than one day to finalize his opposition, and to address any new issue or arguments Mattel may seek to raise in the conference of counsel.

    Consequently, and because (as your letter makes clear) the scope of Mattel's concerns regarding Mr. Bryant's supplemental responses is different from those argued in Mattel's motion, Mr. Bryant believes that Mattel should withdraw its current motion to compel, so that the parties can meet and confer about Mr. Bryant's supplemental responses. Mattel's withdrawal of its motion, of course, would be without prejudice to Mattel filing a new motion to compel directed at any remaining disputes between the parties. This approach would allow the parties to focus on what is most important -- reaching a mutually agreeable resolution to this dispute -- and it would

408322.01

B. Dylan Proctor, Esq.
December 20, 2007
Page 2

save the Discovery Master from having to wade through extensive briefing on issues that are moot.

Please let me know immediately (and no later than 1 pm) whether Mattel will agree to withdraw its motion. If you agree to do so, I am available this afternoon to meet and confer regarding Mr. Bryant's supplemental responses (otherwise, I will be finalizing Mr. Bryant's opposition to Mattel's motion). If Mattel declines to withdraw its motion, Mr. Bryant will file his opposition today, as planned, and he may seek sanctions against Mattel.

Finally, just so there is no confusion, Mr. Bryant's offer to meet and confer regarding his supplemental responses is not contingent upon Mattel withdrawing its motion, only the timing of the meet and confer. I will be available to meet and confer regarding Mr. Bryant's supplemental responses on Friday, or any day next week except Christmas, in the event Mattel does not withdraw its motion. But it remains Mr. Bryant's firm view that Mattel's present motion to compel is untimely and improper.

Very truly yours,

Matthew Werdegar

MMW/mls

cc: Thomas J. Nolan
Alexander Cote

408322.01