**EXHIBIT 10**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S SEVENTH SET OF INTERROGATORIES |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |
| AND CONSOLIDATED ACTIONS | Discovery Cutoff: March 3, 2008<br>Final Pretrial Conf.: June 2, 2008<br>Trial Date: July 1, 2008 |

PROPOUNDING PARTY: Mattel, Inc.

RESPONDING PARTIES: MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez

SET NO.: SEVENTH

07209/2264383.1

MATTEL'S SEVENTH SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof. The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the Federal Rules of Civil Procedure.

### Definitions

1. "YOU" and "YOUR" mean each of the Responding Parties.

2. "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES (including without limitation MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc. For purposes of the these Interrogatories, "MGA" does not include BRYANT.

3. "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4. "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

5. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

6. "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

7. "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated therewith.

8. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

9. "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to that subject matter, either directly or indirectly.

10. "IDENTIFY" or "IDENTITY" means the following:

(a) with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b) with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c) with reference to a product or packaging, means to state, fully and separately as to each, the full name of the product or, in the case of packaging, the product or item with which the packaging is used; the SKU number or any other applicable unique identifier or designation of the product or, in the case of packaging, the product or item with which the packaging is used; the time period during which the product was, has been or will be SOLD or, in the case of product packaging, the time period during which the product packaging was, has been or will be used; and the IDENTITY of each PERSON who has licensed from YOU the right to SELL such product or, in the case of product packaging, the IDENTITY of the PERSON who has licensed from YOU the right to use the packaging or to SELL the products with which the packaging is used.

(d) with reference to any other DOCUMENT or DOCUMENTS, means to describe each DOCUMENT by Bates number. In the event that a DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each such DOCUMENT, to provide a complete description of it such that it may be the subject of a request for the production of documents, including by stating the date,

identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.

(e) with reference to a trade dress, means to describe, fully and separately, each and every element that makes up the claimed trade dress and to IDENTIFY each and every product or product packaging SOLD by YOU or YOUR licensees that embodies, uses or employs the claimed trade dress.

(f) with reference to the protectibility of a trade dress, means to state, fully and separately, all facts that support YOUR contention that such trade dress is inherently distinctive or has acquired secondary meaning and that such trade dress is famous if YOU so contend that such trade dress is famous; the date that YOU contend such trade dress acquired secondary meaning and, if YOU contend the trade dress is famous, the date on which YOU contend that it became famous; all facts that support YOUR contention that such trade dress is not functional; and, if YOU are relying on advertising to establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or anyone acting on YOUR behalf on advertising that features such trade dress.

11. "Any" as used in these interrogatories includes the word "all," and the word "all" as used in these interrogatories includes the word "any."

12. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## Instructions

A. When an interrogatory requests disclosure of a COMMUNICATION or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, identify each PERSON who participated in or had knowledge of the COMMUNICATION or other information and provide the following:

(i) the privilege or protection that YOU claim precludes disclosure;

(ii) the subject matter of the COMMUNICATION or information (without revealing the content as to which the privilege is claimed); and

(iii) any additional facts or grounds on which YOU base YOUR claim of privilege or protection.

B. When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

## Interrogatories

**INTERROGATORY NO. 48:**

Separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in THIS ACTION.

**INTERROGATORY NO. 49:**

For each trade dress identified in response to Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL product, packaging or other matter that YOU contend copies, infringes or dilutes such trade dress, including without limitation by describing fully and separately, for each such MATTEL product, packaging or other matter, each and every element of the claimed trade dress that YOU contend MATTEL has copied, infringed or diluted.

**INTERROGATORY NO. 50:**

For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the foregoing.

DATED: October 25, 2007             QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                    By /s/ Michael T. Zeller
                                       Michael T. Zeller
                                       Attorneys for Plaintiff
                                       Mattel, Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 25, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SEVENTH SET OF INTERROGATORIES** on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 25, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana