THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:   tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California  94111-5974
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698
Email:   rkennedy@skadden.com

Attorneys for MGA Entertainment, Inc.,
MGA Entertainment (HK) Limited,
MGA De Mexico, S.R.L. DE C.V., and
Isaac Larian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To be heard by Discovery Master Hon. Edward A. Infante (Ret.)]**<br><br>**DECLARATION OF RAOUL D. KENNEDY IN SUPPORT OF MGA ENTERTAINMENT, INC.'S OPPOSITION TO MATTEL, INC.'S RENEWED MOTION FOR RECONSIDERATION OF THE SEPTEMBER 12, 2007 ORDER GRANTING IN PART AND DENYING IN PART MGA'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Hearing Date: January 3, 2008<br>Time:  1:30 p.m.<br>Place:  JAMS<br>**Phase 1:**<br>Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date:  May 27, 2008 |

DECL. OF RAOUL KENNEDY IN SUPPT. OF OPP. TO MATTEL'S RENEWED MOT. FOR RECONSIDERATION

I, Raoul D. Kennedy, hereby declare as follows:

I am an attorney licensed to practice law in the State of California and am a partner at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, attorneys of record for MGA Entertainment, Inc. ("MGA") and Isaac Larian ("Mr. Larian" or "Larian"), in the above-captioned matter. I submit this Declaration in support of MGA's Opposition to Mattel, Inc.'s Renewed Motion for Reconsideration of the September 12, 2007 Order Granting in Part and Denying in Part MGA's Motion to Compel Production of Documents ("the Motion"). Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently thereto.

1. On November 16, 2007, I attended an in-person meet and confer at the Quinn, Emanuel offices in Los Angeles. During that conference, I asked Mattel's lawyers how it was that they were going to be able to produce, without undue burden, "documents relating to any instance in which Mattel has taken any action whatsoever to enforce against anyone the same terms of any such agreement that Mattel alleges Bryant violated" and why those same sources could not be used to obtain "documents relating to any discussions or negotiation between Mattel and anyone regarding the terms and conditions of any version of either of those agreements." Jon Corey, one of Mattel's lawyers, responded that there were records, other than personnel files, from which documents responsive to "any action whatsoever to enforce" category could be identified. Mr. Corey did not state what those other sources might be.

2. I participated in the December 14 Omnibus discovery hearing before the Honorable Edward A. Infante (Ret.). A true and correct copy of pages 49-52 the Reporter's Transcript for which is attached as Exhibit A.

3. As set forth in Exhibit A, I reiterated what had transpired at the meet and confer and again asked why the production burden would not be the same for both categories.

4.     Dylan Proctor, another of Mattel's attorneys, replied:

> In response to Mr. Kennedy's first point.  And I believe, I believe we have explained this before, although I could be mistaken so I apologize if we have not.  The third category, which is documents relating to enforcement of the same terms of these contracts against other people.  Those records, to the extent they exist, are accessible by other means.  They're accessible in the legal department.  They're accessible by talking to people.  They don't require going through the personnel files for every Mattel employee in order to access those records [Ex. A, at 3-4].

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of December, 2007, at San Francisco, California.

                              /s/ Raoul D. Kennedy
                              Raoul D. Kennedy