Larry McFarland (Bar No. 129668)
Christian C. Dowell (Bar No. 241973)
KEATS, McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
Telephone: (310) 248-3830
Facsimile:  (310) 860-0363
Email: lmcfarland@kmwlaw.com
       cdowell@kmwlaw.com

Attorneys for non-parties
ANAELISE CLOONAN, MARGARET HATCH-LEAHY,
VERONICA MARLOW, SARAH HALPERN
and LUCY ARANT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation<br><br>　　　　Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**NON-PARTIES ANAELISE CLOONAN'S, MARGARET HATCH-LEAHY'S, VERONICA MARLOW'S, SARAH HALPERN'S AND LUCY ARANT'S OPPOSITION TO MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES, INCLUDING THOSE WITH THIRD PARTIES**<br><br>[Declaration of Larry McFarland Filed under Separate Cover]<br><br>Hearing Date:　January 7, 2008<br>Time:　　　　　10 a.m.<br>Place:　　　　　Courtroom 1 |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | Factual Background | 2 |
| | A. The Discovery Master Stipulation | 2 |
| | B. Non-Party Witnesses' Meet-And-Confer With Mattel Regarding The Subpoenas | 3 |
| | C. Mattel Brings A Motion Against Non-Party Witnesses Before The Court, Not The Discovery Master | 3 |
| | D. Mattel Threatens To Bring This Motion Ex Parte | 4 |
| III. | Argument | 5 |
| | A. A Rule 53 Master Is An Arbiter of Last Resort, After The Court And A United States Magistrate | 5 |
| | B. Judge Infante Lacks Authority To Decide Disputes Between Non-Party Witnesses And Mattel | 5 |
| | C. The Result Mattel Seeks Violates Non-Parties' Due Process Rights | 9 |
| IV. | CONCLUSION | 10 |

-i-

NON-PARTY WITNESSES' OPPOSITION TO MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES   NO. CV 05-2727 SGL (RNBx)

## I. INTRODUCTION

Non-parties Anaelise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, Sarah Halpern and Lucy Arant ("Non-Party Witnesses" or "Non-Parties") respectfully oppose Mattel, Inc.'s ("Mattel") Motion For Order Confirming That The Discovery Master Hears And Resolves All Discovery Disputes, Including Those With Third Parties ("Motion").

The Motion is based on Mattel's assertion that Non-Party Witnesses, among other third parties, should be held bound to the litigants' Stipulation For Appointment Of A Discovery Master ("Stipulation"). Mattel asks for an order requiring Non-Party Witnesses, all individuals, to submit their disputes with Mattel to a private special master, retired judge Edward Infante ("Judge Infante").

Mattel's Motion should be denied for four main reasons:

**First**, while it is true that the *parties* have consented to the special master performing certain duties, Non-Party Witnesses never did. Non-Parties never signed or saw, let alone agreed to, the Stipulation. Non-Parties cannot be bound by an agreement they never consented to.

**Second,** the Stipulation imposes affirmative obligations and, if Mattel had its druthers, would deprive Non-Party Witnesses of important rights otherwise available to them, including, but not limited to, their constitutional right of access to the courts. *See generally M.L.B. v. S.L.J.*, 519 U.S. 102 (1996); *Boddie v. Connecticut*, 401 U.S. 371 (1971). Non-Parties, however, were never given notice and an opportunity to be heard prior to the Court's adoption of the Stipulation. The result sought by Mattel therefore runs afoul of due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950).

**Third,** a Rule 53 master is an arbiter of last resort, after the Court and a United States Magistrate. Fed. R. Civ. P. 53(a)(1)(A)-(C). *See also Ash Grove Cement Co. v. Wausau Ins. Co.*, No. 05-2339 (JWL-GLR), 2007 U.S. Dist. LEXIS 19934 (D. Kan. Mar. 1, 2007); Fed. R. Civ. P. 53, advisory committee's note, 2003

-1-

amendments. Mattel's motion fails to make any showing that its disputes with Non-Party Witnesses cannot be addressed by this Court or by Magistrate Judge Block.

**Finally,** before appointing a Rule 53 master the Court must "consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense . . ." Fed. R. Civ. P. 53(a)(3). Non-Party Witnesses are individuals who Mattel is dragging into this case. One is an unemployed mother. It would be unfair to force Non-Parties to submit to a private party-selected arbiter, when they never agreed, and do not agree to do it. It would also be unfair to force them to pay Judge Infante's significant hourly rate.

Mattel's motion should be denied.

## II. Factual Background

### A. The Discovery Master Stipulation

In December 2006, the named parties to this litigation negotiated and signed a "Stipulation For Appointment Of A Discovery Master" ("Discovery Master Stipulation" or "Stipulation"). The Stipulation states that "*the parties* are in agreement" that a discovery master should resolve their discovery disputes, and that "*the parties* have agreed upon a nominee . . ." Declaration of Juan Pablo Alban In Support Of Motion ["Alban Decl."] Ex. 1 at 9:1-9 (emphasis added). In the Stipulation, the litigants agreed to appoint Judge Infante as "Discovery Master." Among other things, the Stipulation goes on to provide that the Judge Infante shall be compensated at a rate of $750 per hour. *Id.* at 11 ¶9.

On December 6, 2006, this Court signed a one-sentence "Order" at the end of the Stipulation, stating that "[t]he foregoing stipulation for Appointment of a Discovery Master is SO ORDERED . . ." *Id.* at 13.[1]

---

[1] At the time the Court signed the Stipulation, there was apparently one handwritten modification to the Stipulation relating to ex parte communications with Judge Infante. Alban Decl. Ex. 1 at 12, 13.

NON-PARTY WITNESSES' OPPOSITION TO MATTEL, INC.'S MOTION FOR ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES         NO. CV 05-2727 SGL (RNBx)

### B. Non-Party Witnesses' Meet-And-Confer With Mattel Regarding The Subpoenas

In March and May of 2005, Mattel served Anaelise Cloonan, Margaret Hatch-Leahy, Veronica Marlow, and Sarah Halpern with document subpoenas in the 04-9059 case requesting a broad range of documents and things. Declaration of Larry McFarland ("McFarland Decl.") ¶ 1.[2] Shortly thereafter, the action was stayed pending Mattel's appeal to the Ninth Circuit. *Id.* Beginning in June 2007, after the stay was lifted, counsel for Non-Party Witnesses met and conferred with Mattel's counsel on a variety of issues raised by the subpoenas issued to Ms. Cloonan, Ms. Hatch-Leahy, Ms. Marlow, and Ms. Halpern. *Id.* at ¶ 2. One issue discussed in the meet and confer process was whether Judge Infante had jurisdiction to hear disputes between Non-Party Witnesses and Mattel. *Id.* at ¶ 3. Beginning on approximately September 19, 2007, and at various other times thereafter, counsel for Non-Parties apprised Mattel's counsel of their position that Judge Infante has no authority to decide their disputes with Mattel. *Id.*

Mattel argues in its Motion that Non-Parties' objections to Mattel's subpoenas are a "delay tactic." Motion p. 10. The argument, however, is belied by the fact that Mattel itself has known for months about Non-Parties' view as to Judge Infante's authority, but has failed to address it until now. McFarland Decl. at ¶ 3. It is Mattel that has delayed resolution of this issue, not Non-Parties.

### C. Mattel Brings A Motion Against Non-Party Witnesses Before The Court, Not The Discovery Master

On November 15, 2007, Mattel brought an ex parte motion to compel against Anaelise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow ("Previous Motion"). Alban Decl. at Ex. 25. Mattel brought the Previous Motion before the Court, *not* Judge Infante. *Id.* In their opposition to the Previous Motion, Anaelise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow again confirmed their

---

[2] In October of 2007, Mattel served Lucy Arant with a document subpoena in the 04-9049 case requesting the production of documents. *Id.* at ¶ 7.

-3-

position that Judge Infante cannot properly resolve disputes between Non-Party Witnesses and Mattel. McFarland Decl. at ¶ 4.[3]

Mattel now claims to have brought the previous motion because Non-Parties Cloonan, Leahy and Marlow purportedly "refused to confirm deposition dates in any binding way . . ." Motion p. 5:18-19. This is inaccurate. These witnesses agreed to be deposed.[4] McFarland Decl. Ex. B at 1-2. The only issue was scheduling. *Id.* Furthermore, Mattel fails to mention that it served deposition subpoenas *for the first time* on these witnesses on the same day it filed the Previous Motion. *Id.* at 6:5-7.

Continuing its mischaracterization of the record, Mattel falsely claims that Anaelise Cloonan is an "MGA-Affiliated Witness." Motion p. 5. Anaelise Cloonan has never worked for MGA and has never received anything of value from MGA. McFarland Decl. Ex. D at 277:9-15; 278:12-24. All of the Non-Party Witnesses are individuals who are not employed by MGA.[5]

### D. Mattel Threatens To Bring This Motion Ex Parte

On December 7, 2007, months after this issue was first raised with Mattel, Mattel's counsel stated that it would file an emergency ex parte application with the Court to resolve the issue of whether the Discovery Master has authority to hear disputes between various non-parties and Mattel. *Id.* at ¶ 5. Non-Party Witnesses did not hear from Mattel for almost a week. On December 13, 2007, Mattel filed this motion.

---

[3] Apparently unhappy with the Court's ruling on the previous motion, Mattel now wants to shop around for another forum in hopes of getting a better result. But Mattel's personal predilections are not a proper basis for the relief it seeks. Moreover, Mattel's previous motion suggests that Mattel already knows that the Court should be resolving disputes between Mattel and Non-Party Witnesses, not the Discovery Master.

[4] Non-Party Elise Cloonan recently appeared for her deposition. McFarland Decl. Ex. D.

[5] Veronica Marlow and Sarah Halpern are former independent contractors who worked for MGA and Margaret Hatch-Leahy is a former independent contractor and former employee of MGA. Lucy Arant is an attorney who, relevant to this case, worked on MGA trademark applications several years ago.

-4-

### III. Argument

The question is: Who should decide disputes between Non-Parties and Mattel? Non-Parties urge it should be Magistrate Judge Block.

#### A. A Rule 53 Master Is An Arbiter of Last Resort, After The Court And A United States Magistrate

Ordinarily, the Article III judge assigned to a case decides all disputes, including discovery disputes. *See* Fed. R. Civ. P. 53, advisory committee's note, 2003 amendments ("District judges bear primary responsibility for the work of their courts"). That is the rule. There are two limited exceptions:

First, to the extent necessary and appropriate, the Court may delegate authority to decide discovery disputes to a United States Magistrate Judge under 12 U.S.C. Section 636(b)(1). If authority must be delegated in this regard, the United States Magistrate Judge is the preference: "Ordinarily a district judge who delegates these functions should refer them to a magistrate judge *acting as a magistrate judge*." Fed. R. Civ. P. 53, advisory committee's note, 2003 amendments (emphasis added). *See also* Fed. R. Civ. P. 53(a)(1)(C).

Second, to the extent no Magistrate is able to address the matter, the Court may appoint a private Master under the limited circumstances specifically set forth in Rule 53(a)(1).

#### B. Judge Infante Lacks Authority To Decide Disputes Between Non-Party Witnesses And Mattel

The "core" of Rule 53 is "its prescription that appointment of a master must be the exception and not the rule." Fed. R. Civ. P. 53, advisory committee's note, 2003 amendments. "A pretrial master should be appointed [under Rule 53(a)(1)(C)] only when the *need is clear*" "in limited circumstances." *Id.* (emphasis added). *See also Ash Grove Cement Co.*, 2007 U.S. Dist. LEXIS 19934 (declining to appoint a master under Rule 53(a)(1)(C)); *Ribadab Props. Corp. v. Eaton,* No. CV-0502338 (PHX-DGC), 2006 U.S. Dist. LEXIS 40911 (D. Ariz. June 16, 2006) (same).

Rule 53 provides:

      a) Appointment.

        (1) *Scope.* Unless a statute provides otherwise, a court may appoint a master only to:
          (A) *perform duties consented to by the parties;*
          (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
            (i) some exceptional condition; or
            (ii) the need to perform an accounting or resolve a difficult computation of damages; or
          (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53 (emphasis added).

      1.    <u>Disputes Between Non-Parties And Mattel Are Not Within The Judge Infante's Stipulated Authority Under Rule 53(a)(1)(A)</u>

The parties' Stipulation is the sole source of Judge Infante's authority. Alban Decl. Ex. 1. Judge Infante's authority is therefore confined to "perform[ing] duties consented to by the parties" under Rule 53(a)(1)(A). Fed. R. Civ. P. 53(a)(1)(A).

Non-Party Witnesses never signed, saw or consented to anything in the Stipulation. Non-Parties did not agree to have a private judge resolve their objections to Mattel's subpoenas. Nor did they ever agree to pay such individual an hourly rate of $750. Mattel cannot articulate a viable theory as to why Non-Parties should be held legally bound by an agreement in which they did not participate. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a non-party"); *Gulf Trading & Transp. Co. v. M/V Tento*, 694 F.2d 1191, 1196 n.8 (9th Cir. 1982) ("nonparties cannot be bound by an agreement"); *Smith v. American Asiatic Underwriters, Federal, Inc.*, 127 F.2d 754, 757 (9th Cir. 1942) ("The Secretary, however, was not a party to the stipulation and is not bound thereby. The stipulation is therefore disregarded").

Hence, Judge Infante has no authority to resolve Non-Party Witnesses' disputes with Mattel.

2. <u>Mattel's Argument That Judge Infante Was Appointed Under Rule 53(a)(1)(C) Is A Fiction</u>

Rule 53(a)(1)(C) gives the Court authority, without the parties' consent, to appoint a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). Mattel argues that Rule 53(a)(1)(C) applies here. The argument is a red-herring. As explained, the Court's appointment of Judge Infante was expressly based on, and is confined to, the parties' Stipulation. Alban Decl. Ex. 1. The Order of appointment is *a part of the Stipulation* and states only that the Stipulation is "SO ORDERED." *Id.* at 13. Judge Infante's authority is limited to the litigants' agreement. Fed. R. Civ. P. 53(a)(1)(A).

Rule 53(a)(1)(C) cannot justify an appointment here for additional reasons.

**First**, an indispensable precondition to appointment of a master under Rule 53(a)(1)(C) is a finding that neither this Court nor Magistrate Judge Block can "effectively and timely address[]" these matters. Fed. R. Civ. P. 53(a)(1)(C). Mattel has not even attempted to make this showing, and nothing in the Court's order adopting the Stipulation addresses it. As noted, a Rule 53 master is an arbiter of last resort. The "core" of Rule 53 is "its prescription that appointment of a master must be the exception and not the rule." Fed. R. Civ. P. 53, advisory committee's note, 2003 amendments. "A pretrial master should be appointed [under Rule 53(a)(1)(C)] only when the *need is clear*" and "in limited circumstances." *Id.* (emphasis added). *See also Ash Grove*, 2007 U.S. Dist. LEXIS 19934 (declining to appoint a master under Rule 53(a)(1)(C)); *Ribadab Props.*, 2006 U.S. Dist. LEXIS 40911 (same). Mattel has not established any "clear need" for a Rule 53 master to resolve Non-Party Witnesses' objections.

**Second**, before an order of appointment under Rule 53(a)(1)(C) can properly issue "the court must give the parties notice and an opportunity to be heard before appointing a master." Fed. R. Civ. P. 53(b)(1). No such notice or opportunity has

-7-

been given here with respect to a Rule 53(a)(1)(C) appointment. Instead, the litigants stipulated to the appointment of a master under Rule 53(a)(1)(A).

**Third**, there has been no written order under Local Rule 53-1 appointing a master pursuant to Rule 53(a)(1)(C), let alone one with the detail mandated by Rule 53(b)(2). Rather, as noted, the only appointment was by stipulation only, under Rule 53(a)(1)(A).[6]

**Fourth**, in appointing a Master under Rule 53(a)(1)(C), the Court must "consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense . . ." Fed. R. Civ. P. 53(a)(3). This is a particularly important factor here, where Mattel is demanding that Non-Party Witnesses, all of whom are *individuals*, pay a significant hourly fee to the Judge Infante. To take an example, Non-Party Anaelise Cloonan is an unemployed mother, with no affiliation whatsoever with MGA.[7] It would be patently unfair to force Ms. Cloonan not only to submit to a party-selected private arbiter, but to pay him hundreds of dollars an hour.

**Finally,** Mattel has cited no law that supports its arguments. The only cited case —*In re Agent Orange Product Liability Litigation*, 94 F.R.D. 173 (D.C.N.Y. 1982) (Motion at 9:2-3)—is inapposite. In *In re Agent Orange*, the court based its order appointing a discovery master on,

> the magnitude of the case, the complexity of the anticipated discovery problems, the sheer volume of documents to be reviewed, many of which are subject to claims of privilege, the number of witnesses to be deposed, the need for a speedy processing of all discovery problems in order to

---

[6] "The order appointing a pretrial master is vitally important in informing the master and the parties about the nature and extent of the master's duties and authority. Care must be taken to make the order as precise as possible. The parties must be given notice and opportunity to be heard on the question whether a master should be appointed and on the terms of the appointment." Fed. R. Civ. P. 53, advisory committee's note, 2003 amendments.

[7] Anaelise Cloonan is not an "MGA-Affiliated Witness", but a friend of Carter Bryant and former roommate. McFarland Decl. Ex. D at 16:13-16, 33:6-9; 43:7-8; 277:9-15; 278:12-24.

> meet the trial date established in this order, all argue in favor of using a special master to supervise discovery and prepare the pretrial order. . . .

*Id.* at 173.

*In re Agent Orange* was a huge and complex case, involving personal injury claims by a class of veterans against a slew of chemical companies, among other defendants. *Id.* The government, a non-party, objected on the grounds that appointment of a master "at this stage would be premature." *Id.* at 174. The court noted in response "that there [we]re an estimated four million government documents yet to be produced, and an estimated two thousand documents that the government ha[d] tentatively asserted [we]re privileged." *Id.*

As shown in *In re Agent Orange*, Rule 53 "contemplate[s] the appointment of a master in situations that have some inherent complexity, technical issues that call for someone with specific expertise, or even to pursue some policing or investigation outside the traditional role of judicial officers." *Ash Grove*, 2007 U.S. Dist. LEXIS 19934, at *9. Mattel has not established that its disputes with Non-Parties are inherently complex or involve technical issues, or that they cannot be resolved in manageable motion practice before this Court or Magistrate Judge Block.

**C.     The Result Mattel Seeks Violates Non-Parties' Due Process Rights**

"The outer boundaries of Rule 53 authority are established by Article III and the due process clause of the constitution." *Active Products Corp. v. A.H. Choitz & Co., Inc.*, 163 F.R.D. 274, *20 (N.D. Ind. 1995). Due process requires that deprivation of important rights "be preceded by notice and an opportunity for a hearing appropriate to the nature of the case." *Mullane*, 339 U.S. at 313. *See also In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448-49 (9th Cir. 1985). Here, the Stipulation imposes affirmative obligations and, if applied to Non-Parties, would deprive Non-Parties of important rights otherwise available to them, including, but not limited to, their constitutional right of access to the courts. *See generally M.L.B. v. S.L.J.*, 519 U.S. 102 (1996); *Boddie v. Connecticut*, 401 U.S. 371 (1971). Not one

-9-

of Non-Parties, however, was ever given notice and an opportunity to be heard prior to the Court's order on the Stipulation, despite the fact that Mattel served subpoenas on Non-Parties Anaelise Cloonan, Margaret Leahy, Veronica Marlow, and Sara Halpern a year and a half before the Stipulation was executed.  McFarland Decl. ¶ 1; Alban Decl. Ex. 1.  The result Mattel seeks therefore violates due process. *Mullane*, 339 U.S. at 313.

## IV.     CONCLUSION

For the foregoing reasons, Mattel's motion should be denied.

DATED: December ____, 2007

                                  KEATS McFARLAND & WILSON LLP

                                By: _____/s/_____
                                     LARRY W. MCFARLAND
                                     CHRISTIAN C. DOWELL
                                     Attorneys for Non-Parties
                                     ANAELISE CLOONAN,
                                     MARGARET HATCH-LEAHY,
                                     VERONICA MARLOW, SARAH
                                     HALPERN and LUCY ARANT