THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA  94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

## UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>**DISCOVERY MATTER**<br><br>MGA'S NOTICE OF MOTION AND MOTION TO COMPEL MATTEL TO PRODUCE WITNESSES PURSUANT TO NOTICE OF DEPOSITION UNDER RULE 30(b)(6), OR, IN THE ALTERNATIVE, FOR LEAVE TO SERVE SUCH NOTICE<br><br>[To be heard by Discovery Master Hon. Edward Infante (Ret.) Pursuant to Court Order of December 6, 2006]<br><br>Hearing Date: TBD<br>Time: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that MGA Entertainment, Inc. ("MGA") hereby moves the court for an order pursuant to Federal Rule of Civil Procedure 30(b)(6) compelling Mattel, Inc. ("Mattel") to designate and produce witnesses to testify on the following topics identified in MGA's Rule 30(b)(6) notice: topics 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 30, 31, 32, 39, 42, 47, 48, 58, 60, 65, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84 and 85. MGA also hereby moves the Court pursuant to Rule 37(a) for an Order awarding MGA its costs of bringing this motion.

In the alternative, MGA moves the court for leave, pursuant to Federal Rule of Civil Procedure Rule 30(a)(2), to serve notice on Mattel of the above-listed deposition topics, together with an Order awarding its costs of seeking leave.

This motion is made on the grounds that Mattel refuses to identify or produce any witness to testify on these topics, which are relevant to MGA's claims and defenses and reasonable in scope in accordance with Federal Rule of Civil Procedure 26(b).  The parties met and conferred regarding this Motion, as mandated by Local Rule 37-1 and Section 5 of the Discovery Master Stipulation, but were unable to come to a resolution of the dispute.

///

///

///

This Motion is based upon this notice of motion and accompanying memorandum of points and authorities, the declaration of Marcus R. Mumford filed concurrently herewith, the records and files of this court, and any other matter of which the court may take judicial notice. Discovery Master Hon. Edward Infante (Ret.) will preside over the hearing on this Motion, which will occur at a time and manner to be determined.

DATED: December 21, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____

Raoul D. Kennedy
Attorney for MGA Entertainment, Inc.

MGA'S MOTION TO COMPEL PRODUCTION OF 30(B)(6) WITNESSES

# <u>TABLE OF CONTENTS</u>

INTRODUCTION .......................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND .............................................. 1

    A.    Mattel Serves Three Rule 30(b)(6) Notices On MGA Over More Than Two Years, During Which Time the Parties Make Material Amendments to the Pleadings. ............................................................. 1

    B.    MGA Serves Its First and Only 30(b)(6) Deposition Notice on Mattel, and Mattel Categorically Refuses to Identify or Produce Witnesses in Response ........................................................................ 4

ARGUMENT ................................................................................................ 4

I.    The Court Should Compel Mattel to Produce Witnesses for Each of the Topics at Issue ................................................................................... 4

II.    The Court Should Sanction Mattel in the Amount of MGA's Costs in Bringing this Motion. .......................................................................... 7

CONCLUSION ............................................................................................. 7

## INTRODUCTION

Although Mattel has itself served *three* Rule 30(b)(6) notices upon MGA, Mattel has taken the position that MGA is not entitled to serve a single 30(b)(6) notice upon Mattel. This position is contrary to law, contrary to Mattel's own prior legal argument in this case, unfair and untenable. <u>First</u>, MGA is entitled, like Mattel, to notice a 30(b)(6) deposition to develop its claims and defenses. <u>Second</u>, Mattel's argument that *Carter Bryant's* 2004 notice of deposition should be attributed to MGA and constitute MGA's only opportunity to identify topics for 30(b)(6) deposition is without merit. <u>Third</u>, even if Bryant's 2004 notice could properly be attributed to MGA, which it cannot, three years of intervening litigation have changed the landscape of the case, and the parties have amended their pleadings to add new claims and defenses. MGA therefore seeks an Order compelling production of witnesses, and monetary sanctions against Mattel for the costs of bringing this motion.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

### A.   Mattel Serves Three Rule 30(b)(6) Notices On MGA Over More Than Two Years, During Which Time the Parties Make Material Amendments to the Pleadings.

In December 2004, shortly after MGA was allowed to intervene in this case, Carter Bryant served on Mattel a notice of deposition pursuant to Rule 30(b)(6).[2] The notice was served by Bryant's attorneys only, not MGA's, and are targeted to the development of Bryant's claims and defenses, not MGA's. For example, Bryant's name appears in most of the descriptions of the 56 designated topics, while MGA is named in only a handful.[3]

---

[1] Attached as Exhibit 1 to the Declaration of Marcus R. Mumford in Support of MGA's Motion To Compel Production of 30(b)(6) Witnesses ("Mumford Decl."), is MGA's Notice of Deposition of Mattel Pursuant to Fed. R. Civ. P. 30(b)(6).

[2] Mumford Decl., Ex. 2, Bryant's Notice of Deposition of Plaintiff and Counterdefendant Mattel, Inc.

[3] *Id., passim.*

In February 2005, Mattel served on MGA its first of three notices of deposition under Rule 30(b)(6) (the "First Mattel Notice"), listing eight topics.[4] The First Mattel Notice focused, among other things, on certain purported MGA projects entitled "Angel Faces" and "Prayer Angels" that were the alleged subject matter of certain documents produced to Mattel by MGA.[5]

In April, 2005, MGA served its complaint against Mattel in Case Number CV 05-02727 CBM(RZx), which was later consolidated with this action. That complaint raised, among other issues, certain intellectual property claims that are the subject of "Phase 2" of this litigation.[6]

In November, 2006, Mattel moved to amend its complaint, raising numerous additional allegations against MGA.[7]  Mattel's motion was granted in January 2007.

Mattel served its second Rule 30(b)(6) notice on MGA (the "Second Mattel Notice") in February 2007.[8]  The Second Mattel Notice expanded the number of deposition topics, adding 46 new topics and focusing, among other things, on numerous issues relating to "Bratz" dolls.

In June 2007, Mattel served its third Rule 30(b)(6) notice on MGA (the "Third Mattel Notice" or "Third Notice").[9]  The Third Mattel Notice identified 16

---

[4] Mumford Decl., Ex. 3, Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

[5] Id. at 3.

[6] Mumford Decl., Ex. 4, MGA's Complaint for False Designation of Origin and other claims.

[7] Mumford Decl., Ex. 5, Mattel's Notice of Motion and Motion for Leave to File Amended Complaint.

[8] Mumford Decl., Ex. 6, Second Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

[9] Mumford Decl., Ex. 7, Third Notice of Deposition of MGA Entertainment Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

new deposition topics relating to, among other things, statements to the press by Isaac Larian and any payments by MGA to Isaac or Farhad Larian.[10]

Because Mattel had already served two notices on MGA pursuant to Rule 30(b)(6), MGA objected to the Third Mattel Notice.  In July 2007, Mattel filed a motion to compel.[11]  Among other things, Mattel argued that "[Federal Rule of Civil Procedure] 30(a)(2)(B)'s requirement to obtain leave of Court prior to deposing a person for a second [sic] time does *not* apply to 30(b)(6) depositions."[12]

The Court found it unnecessary to resolve this legal issue and treated Mattel's motion as one "for leave to serve an additional 30(b)(6) notice with additional topics."[13]  Pursuant to this analysis, the Court granted Mattel leave to serve notice of some topics (including statements to the press by Isaac Larian and payments by MGA to Isaac or Farhad Larian), but not of others (including, for example, topics regarding any payments made to Larian family members).

Finally, also in July 2007, Mattel served amended claims against MGA pursuant to the Court's prior Orders regarding the scope of the parties' pleadings.[14]

Thus, Mattel has now successfully served three separate notices of deposition under Rule 30(b)(6) on MGA.

---

[10] *Id.* at 6-9.

[11] Mumford Decl., Ex. 8, Mattel's Notice of Motion and Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for Sanctions.  Because MGA's opposition brief was marked "Attorneys' Eyes Only," it is not reprinted in MGA's exhibits hereto.

[12] Mumford Decl., Ex. 9, Mattel's Reply Brief at 4:6-7 (emphasis in original).

[13] Mumford Decl., Ex. 10, Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6); Denying Request for Sanctions, at 6.

[14] Mumford Decl., Ex. 11, Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims.

**B.   MGA Serves Its First and Only 30(b)(6) Deposition Notice on Mattel, and Mattel Categorically Refuses to Identify or Produce Witnesses in Response.**

On September 5, 2007, MGA served its first and only Rule 30(b)(6) notice on Mattel, identifying 86 deposition topics, 47 of which are the subject of this motion to compel.  Consistent with the size and complexity of this case, these topics cover a range of issues relating to different aspects of the litigation.  MGA's topics do not materially overlap with those served three years ago by Carter Bryant, and MGA has made clear in the "meet and confer" process that for now it is only seeking testimony relating to Phase I topics.

Notwithstanding MGA's attempts to meet and confer on this issue, Mattel has refused to identify or produce a single witness, or even to acknowledge MGA's right to notice a 30(b)(6) deposition upon Mattel.[15]  Rather, Mattel has taken the position that, because Carter Bryant served a Rule 30(b)(6) notice in 2004, MGA categorically may not do so now.

## ARGUMENT

**I.   The Court Should Compel Mattel to Produce Witnesses for Each of the Topics at Issue.**

Having successfully served three separate notices of deposition under Rule 30(b)(6) on MGA, Mattel now refuses to acknowledge MGA's right to serve even one.  The relief MGA seeks from the Court is thus based on a far narrower interpretation of Rule 30(b)(6) than Mattel itself has argued for in support of its own discovery rights.  Mattel has flatly rejected MGA's repeated requests to identify and produce responsive witnesses, claiming that because *another party*, Carter Bryant, served a 30(b)(6) notice on Mattel *in 2004*, MGA is not entitled to serve any 30(b)(6)

---

[15] *See, e.g.,* Mumford Decl., Ex. 12, Letter from Paul M. Eckles to Jon D. Corey, Esq. dated December 12, 2007, at 2 (requesting meet-and-confer); Ex. 14, Letter from Jon D. Corey, Esq. to Paul Eckles, Esq. dated December 20, 2007, at 2 ("MGA's Notice of Deposition of [Mattel] is a nullity given that it seeks to depose a person more than once without leave of court in violation of Rule 30.").

1  notice on Mattel.[16]  Mattel's position is contrary to law, unfair, inconsistent with

2  other positions it has taken in this litigation, and should be rejected by the Court.

3         <u>First</u>, MGA has not previously noticed any 30(b)(6) depositions on

4  Mattel.  As Mattel itself has argued to this Court:

5         There is no limit to the number of topics a 30(b)(6) notice
6         may contain, and a 30(b)(6) deposition counts as a single
          deposition regardless of the number of witnesses
7         designated.  Therefore, *there is no question that, had
          Mattel included all topics in its Third Notice in its first* [17]
8         *30(b)(6) notice, leave of Court would not be required ....*

9  Mattel cannot credibly argue that *it* is entitled to multiple 30(b)(6) notices, while

10  MGA is entitled to none.  To be sure, MGA opposed Mattel's sweeping form of this

11  argument, but Mattel prevailed and was granted the same relief that MGA seeks in

12  this motion.

13         Mattel's reason for rejecting MGA's notice also represents a complete

14  about-face from the position Mattel took when arguing in support of its own Third

15  Notice, which was that repeated 30(b)(6) deposition notices are permissible without

16  leave of Court, even when made by the same party.[18]  Here, MGA has served no

17  _____

[16] *See id.*

18  [17] Mattel's Reply Brief (Ex. 9), at 4:15-19 (emphasis added).  (MGA notes that,
19  under the revised Federal Rules adopted as of December 1, 2007, the relevant Rule is
    30(a)(2)(A)(ii).  However, any such changes to Rule 30 "are intended to be stylistic
20  only."  Fed. R. Civ. P. 30, commentary to 2007 Amendment.)

21  [18] *See, e.g.,* Mattel's Reply Brief (Ex. 9), at 4:6-7 ("Rule 30(a)(2)(B)'s requirement
    to obtain leave of Court prior to deposing a person for a second [sic] time does *not*
22  apply to 30(b)(6) depositions." (emphasis in original), *citing Quality Aero Tech., Inc.
    v. Telemetrie Elektronik,* 212 F.R.D. 313, 319 (E.D.N.C. 2002).  *Compare* Letter of
23  Jon D. Corey, Esq. dated December 20, 2007 (Ex. 13), at 2 (in response to MGA's
    request to meet and confer on this issue, Mattel stated: "MGA's Notice of Deposition
24  of [Mattel] is a nullity given that it seeks to depose a person more than once without
    leave of court in violation of Rule 30.").

25  Indeed, in correspondence with other counsel in this litigation, Mattel has all but
    acknowledged the inherent conflict in its position.  *See* Mumford Decl., Ex. 14,
26  Letter from Jon D. Corey, Esq. to Amman A. Khan, Esq. dated October 2, 2007, at 2
    ("[I]n light of Judge Infante's ruling regarding Mattel's Third Notice of Deposition
27  of MGA, Mattel is reconsidering its response to MGA's Notice of Deposition of
    Mattel.").  Notably, despite this representation that it was "reconsidering its
28

prior 30(b)(6) notice on Mattel, and Mattel's stunningly one-sided interpretation of the parties' discovery rights and obligations amounts to an improper attempt to deprive MGA of information fundamental to MGA's claims and defenses.

Second, Mattel's attribution to MGA of Carter Bryant's 2004 30(b)(6) notice on Mattel is fundamentally misconceived.  As explained above, Carter Bryant is a different party from MGA, represented by different counsel, and his 30(b)(6) notice served on Mattel was crafted to develop Bryant's own claims and defenses, not MGA's.  Moreover, Bryant's notice was served only weeks after MGA intervened in the case.  Thus, Mattel's unsupported attempt to equate Bryant's discovery request with MGA's is baseless.

Third, even if it were proper to attribute to MGA *Carter Bryant's* 2004 30(b)(6) notice on Mattel, which it is not, that notice was served *three years ago*.  In the intervening years of litigation, both MGA and Mattel have amended their pleadings, raising numerous additional claims and defenses, while the case (and therefore the nature of discovery sought by all parties) has evolved with time.  Indeed, Mattel has found it necessary to serve three separate notices upon MGA as the issues in the case have continued to evolve.  In light of these factors, Mattel's objection to MGA's notice is without merit.[19]

response," in the more that two months since this letter was written, Mattel has continued to reject categorically MGA's right to notice its 30(b)(6) depositions.

[19] Likewise, if the Court reaches MGA's alternative request for relief and considers whether MGA should be granted leave to serve its 30(b)(6) notice, these same factors weigh in favor of granting leave.  Since Mattel has unreasonably refused to enter a stipulation allowing MGA to serve such notice, *see* Fed. R. Civ. P. 30(a)(2)(A), formerly Rule 30(a), MGA also seeks its costs for seeking such leave of Court.

**II.    The Court Should Sanction Mattel in the Amount of MGA's Costs in Bringing this Motion.**

Federal Rule of Civil Procedure 37(a)(5) (formerly Rule 37(a)(4))[20] states that a party forced to bring a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees[,]" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).  Here, none of the three excusing factors apply to Mattel's wholesale refusal to produce witnesses in response to MGA's 30(b)(6) notice (or its refusal to stipulate to MGA's right to serve such notice).  The Court, therefore, should award MGA its costs in bringing this motion.

### CONCLUSION

For the foregoing reasons, MGA respectfully requests this court to issue an order compelling Mattel to produce witnesses responsive to MGA's notice, with costs.  Alternatively, MGA respectfully requests leave to serve its Notice of Deposition of Mattel Pursuant to Fed. R. Civ. P. 30(b)(6),[21] together with MGA's costs of seeking leave.

DATED:  December 21, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By:  _____
Raoul D. Kennedy
Attorney   for   MGA   ENTERTAINMENT, INC.

---

[20] Changes to Rule 37 "are intended to be stylistic only."  Fed. R. Civ. P. 37, commentary to 2007 Amendment.

[21] Mumford Decl., Ex. 1.