# EXHIBIT 6

COURTESY COPY

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,

13                                        SECOND NOTICE OF DEPOSITION
                                          OF MGA ENTERTAINMENT, INC.
14        vs.                             PURSUANT TO FEDERAL RULE OF
                                          CIVIL PROCEDURE 30(B)(6)
15  MATTEL, INC., a Delaware
16  corporation,                          Discovery Cut-off: None Set
                                          Pre-trial Conference: None Set
17              Defendant.                Trial Date: None Set

18  ─────────────────────────────

19  AND CONSOLIDATED ACTIONS

20

21

22

23

24

25

26

27

28

7209/2048031.1

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

Exhibit 6   Page 180

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 15, 2007 beginning on 9:30 a.m. Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017. Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.

DATED: February 1, 2007               QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                      By _____
                                         Michael T. Zeller
                                         Attorneys for Mattel, Inc.

# EXHIBIT A

Exhibit 6   Page 182

## EXHIBIT A

1.     "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.     "BRATZ" means any project ever known by that name (whether in whole or in part and regardless of what such project is or has been also, previously or subsequently called) and any product or doll or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product or doll or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each EMBODIMENT of such doll or any portion thereof. As used herein, "product or doll or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

4.     "DESIGN" or "DESIGNS" means any and all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, descriptions, sculptures, prototypes, models, samples, reductions to practice, developments, know-how, ideas, concepts, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the

1  foregoing are or have been expressed, embodied, contained, fixed or reflected in any
2  manner, whether in whole or in part.

3       5.    "EMBODIMENT" means any representation, whether two-
4  dimensional or three-dimensional, and whether in tangible, digital, electronic or other
5  form, including but not limited to all works, designs, artwork, sketches, drawings,
6  illustrations, representations, depictions, blueprints, schematics, diagrams, images,
7  sculptures, prototypes, models, samples, reductions to practice, developments,
8  inventions and/or improvements, as well as all other items, things and DOCUMENTS
9  in which any of the foregoing are or have been expressed, embodied, contained, fixed
10 or reflected in any manner, whether in whole or in part.

11      6.    The DRAWINGS means those documents produced as Bates Nos.
12 MGA000053-57,    MGA000392-395,    MGA000435-439,    MGA000455-481
13 MGA004606,  MGA004608,  MGA004640,  MGA005065,  MGA006423-6426,
14 MGA006432-6436, MGA006438-06440, MGA006442-6467, and SL00016-45.

15      7.    "BASED ON" means copied or reproduced from, substantially
16 similar to, based on or derived from in any manner, whether in whole or in part.

17      8.    "CREATED" means produced, prepared, created, authored,
18 conceived of or reduced to practice, whether in whole or in part and whether alone or
19 jointly with others.

20      9.    "IDENTIFY" or "IDENTITY" means the following:
21         (a)    With reference to an individual, means such individual's
22 name, current or last known business title, current or last known business affiliation,
23 current or last known relationship to YOU, current or last known residential and
24 business address, and current or last known telephone number.
25         (b)    With reference to an entity or governmental organization,
26 means such entity's or organization's name, present or last-known address, and present
27
28

-3-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

Exhibit 6   Page 184

1  or last-known telephone number and the IDENTITY of each individual who has served

2  or participated as a contact for or on behalf of such entity or organization.

3  (c)  With reference to an EMBODIMENT, means the IDENTITY

4  of the individual author(s) or creator(s) of the EMBODIMENT as well as of each other

5  individual who contributed in any manner to the EMBODIMENT; the form, material

6  and medium of the EMBODIMENT (*e.g.*, preliminary three-dimensional resin

7  sculpture, final three-dimensional wax sculpture, digitized file of final three-

8  dimensional wax sculpture, two-dimensional design drawing on paper); each title or

9  name of the EMBODIMENT; the start and end date(s) of the EMBODIMENT's

10  creation or preparation; and the current location of the EMBODIMENT.

11  10.  "COMMUNICATION" or "COMMUNICATIONS" means and

12  includes any disclosure, transfer or exchange of information between two or more

13  PERSONS, whether orally or in writing, including, without limitation, any conversation

14  or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,

15  telex, telecopier, electronic mail, or any other electronic or other medium, including

16  without limitation in written, audio or video form.

17  11.  "ACTION" shall mean this action now consolidated under Case

18  No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first

19  filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA*

20  *Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses

21  therein.

22  12.  "DIGITAL INFORMATION" shall mean any information created

23  or stored digitally, including but not limited to electronically, magnetically or optically.

24  13.  "SYSTEM" or "SYSTEMS" shall mean any computer or network

25  of computers or other network devices that allow a two or more computers to share

26  information and equipment, including but not limited to local area networks, wide area

27  networks, storage area networks, client-server networks or peer-to-peer networks. The

28

7209/2048031.

-4-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

Exhibit 6   Page 185

use of the term "SYSTEM" or "SYSTEMS" shall also include the brand, model number, technical specifications, and capacities of the computers who are part of each such SYSTEM.

14.   "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

15.   "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

16.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and

7209/2048031.

-5-

Exhibit 6  Page 186

directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

17.    The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## Topics of Examination

1.    The origin, conception, creation, design, sculpting, development, engineering, rotocasting, modeling and prototyping of BRATZ and BRATZ DESIGNS CREATED prior to June 30, 2001 (regardless of when or whether such was released in any form to the public), including without limitation the timing thereof, the IDENTITY of each PERSON with knowledge thereof, the IDENTITY of each PERSON involved therein, and the nature, extent and time period(s) of each such PERSON's involvement.

2.    The circumstances under which BRATZ or any BRATZ DESIGN first came to YOUR attention, including without limitation the timing, method and manner thereof and the IDENTITY of each PERSON with knowledge thereof.

3.    The identity of each doll, product, work or item produced, developed, manufactured, licensed, sold or offered for sale by or for YOU or on YOUR behalf that was BASED ON any BRATZ DESIGN which BRYANT CREATED.

4.    To the extent not covered by Topic 3, each EMBODIMENT of any doll, doll accessory or toy that BRYANT CREATED prior to June 30, 2001.

5.    The work, activities and/or services that BRYANT performed for or with YOU or on YOUR behalf prior to June 30, 2001.

Exhibit 6   Page 187

6.     The origin, conception and creation of DESIGNS that BRYANT CREATED prior to June 30, 2001 and in which YOU claim to have, or have ever claimed to have, any right, title or interest (whether in whole or in part).

7.     The identity of, and the design, development, sculpting, development, engineering, rotocasting, modeling, prototyping and first sale of, any doll, product, work or item that has been produced, developed, manufactured, licensed, sold or offered for sale by, for or on behalf of YOU and that was BASED ON any DESIGN referenced in Topic 6.

8.     Each EMBODIMENT of BRATZ that was CREATED prior to June 30, 2001 or that was at any time BASED ON any BRATZ DESIGN which was CREATED prior to June 30, 2001.

9.     The DRAWINGS, including without limitation the authorship, creation, dissemination and use thereof and the source, meaning, authenticity and timing of any dates thereon.

10.    The IDENTITY of each vendor or third party who performed or contributed, or who was considered, solicited, requested, proposed or contemplated by YOU or BRYANT to perform or contribute, any activities, work or services in connection with BRATZ or BRATZ DESIGNS prior to June 30, 2001, YOUR COMMUNICATIONS therewith, and the nature, extent and timing of such activities, work or services.

11.    The exhibition, or proposed, offered, contemplated or requested exhibition, of BRATZ or any BRATZ DESIGN to any third party prior to June 30, 2001, including without limitation each instance in which BRATZ or any BRATZ DESIGN was marketed, offered for sale, pitched, shown or disclosed to, or otherwise discussed with or communicated to, any retailer, wholesaler or distributor and the DOCUMENTS that REFER OR RELATE thereto.

12.    The actual, proposed, requested or contemplated manufacture, fabrication or tooling (including the production of molds) of BRATZ, including without

-7-

Exhibit 6   Page 188

1   limitation the timing thereof and the IDENTITY of each manufacturer and potential

2   manufacturer used, proposed or considered.

3         13.  COMMUNICATIONS prior to June 30, 2001 between YOU and

4   any manufacturer, distributor, wholesaler, retailer, or any contemplated, proposed or

5   potential manufacturer, distributor, wholesaler or retailer, that REFER OR RELATE

6   TO BRATZ or any BRATZ DESIGN.

7         14.  When and where BRATZ was first manufactured, shipped,

8   distributed and sold, and the IDENTITIES and roles of PERSONS involved therein.

9         15.  The licensing, including without limitation the proposed or

10   requested licensing, of BRATZ or any BRATZ DESIGN prior to December 31, 2001,

11   including without limitation the timing thereof, the IDENTITY of each such licensee or

12   proposed or requested licensee and the product(s) or proposed product(s) involved.

13         16.  COMMUNICATIONS between YOU and BRYANT prior to

14   January 1, 2001, including without limitation the content, means and timing of such

15   COMMUNICATIONS, the IDENTITY of the PERSONS who were parties thereto and

16   the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

17         17.  COMMUNICATIONS that BRYANT made for YOU or on YOUR

18   behalf with any PERSON other than YOU that REFER OR RELATE TO BRATZ prior

19   to June 30, 2001.

20         18.  YOUR agreements and contracts with BRYANT, including without

21   limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that

22   REFER OR RELATE thereto, and any actual or proposed amendments thereto.

23         19.  Each agreement or contract between YOU and any PERSON other

24   than BRYANT that REFERS OR RELATES TO BRATZ or BRATZ DESIGNS that

25   REFERS OR RELATES to the time period prior to December 31, 2001 (regardless of

26   when such agreement or contract was negotiated or executed), including without

27   limitation the timing thereof, the negotiations, drafts and COMMUNICATIONS that

28   REFER OR RELATE thereto, and any actual or proposed amendments thereto.

17209/2048031.

Exhibit 6   Page 189

1    20.    YOUR knowledge, prior to April 29, 2004, of BRYANT's contracts

2  and agreements with, and his obligations to, MATTEL.

3    21.    YOUR knowledge of, and access to, non-public MATTEL DIVA

4  STARZ project information and DESIGNS prior to June 30, 2001.

5    22.    The payment of money or anything of value by or for YOU or on

6  YOUR behalf that has been made to, for or on behalf of BRYANT (a) for work,

7  services or activities performed by BRYANT prior to January 1, 2001 (regardless of

8  when such payment was actually made), (b) for DESIGNS CREATED by BRYANT

9  prior to January 1, 2001 (regardless of when such payment was actually made) or (c) in

10  connection with BRATZ or any BRATZ DESIGN at any time, including without

11  limitation the timing, manner and amount(s) thereof and the reasons therefor.

12    23.    The payment of royalties to, for or on behalf of BRYANT made by

13  or for YOU or on YOUR behalf, including the timing, manner and amounts of such

14  payments and the reasons therefor.

15    24.    Any indemnification and fee arrangement that YOU and/or

16  BRYANT has sought, proposed, requested or obtained in connection with this

17  ACTION.

18    25.    YOUR revenues and profits from BRATZ, including without

19  limitation YOUR gross and net profits, and YOUR costs associated therewith.

20    26.    YOUR net worth.

21    27.    The payment of money or anything of value that YOU have made or

22  offered to make to, for or on behalf of Elise Cloonan, or that has been requested, sought

23  or received by, for or on behalf of Elise Cloonan, and the timing, manner, amount(s)

24  and reasons therefor.

25    28.    COMMUNICATIONS between YOU and Elise Cloonan that

26  REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including

27  the DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

28

7209/2048031.

-9-

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

Exhibit 6   Page 190

29.   COMMUNICATIONS made by, for or on behalf of YOU, whether directly or indirectly, with Anna Rhee, including without limitation since February 2005 (but not including any such COMMUNICATIONS with her legal counsel).

30.   COMMUNICATIONS between YOU and Veronica Marlow, Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy), Sarah Halpern, Steve Linker, Liz Hogan and/or Jesse Ramirez that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee, including without limitation all DOCUMENTS that REFER OR RELATE TO such COMMUNICATIONS.

31.   The IDENTITY of each PERSON who, at any time since January 1, 1998, has performed any work or services for, by or on behalf of YOU while such PERSON was employed by MATTEL, the nature and timing of each such PERSON's work or services and the amount(s) paid by YOU to each such PERSON.

32.   COMMUNICATIONS between YOU and BRYANT that REFER OR RELATE TO MATTEL or REFER OR RELATE TO any DOCUMENT that was prepared, authored or created by MATTEL that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU.

33.   The applications for registration and the registrations for copyright, patent, trademark or any other right that REFER OR RELATE TO BRATZ or BRATZ DESIGNS sought, made or obtained by, for or on behalf of YOU or BRYANT, including without limitation COMMUNICATIONS pertaining thereto.

34.   Other than those previously filed and served in this ACTION or in which Mattel, Inc.'s counsel in this ACTION was in attendance, the testimony, transcripts, declarations, affidavits and other sworn written statements of any other type by or from YOU or made on YOUR behalf that REFER OR RELATE TO BRATZ THAT REFER OR RELATE TO the time period prior to June 30, 2001 (regardless of when such testimony or sworn statement was taken, given, signed, made or filed).

35.   COMMUNICATIONS between YOU and Universal Commerce Corp., Ltd. prior to June 30, 2001.

-10-
NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

7209/2048031.

Exhibit 6   Page 191

1      36.    The source, meaning and authenticity of SL00013-14, including

2  without limitation the timing of its creation and the handwriting thereon.

3      37.    YOUR corporate structure since January 1, 1999, including without

4  limitation the relationship between MGA Entertainment, Inc. and any of its

5  predecessors, affiliates and subsidiaries.

6      38.    The retention or destruction policies, procedures and practices for

7  YOUR DOCUMENTS and DIGITAL INFORMATION that REFER OR RELATE TO

8  BRATZ since January 1, 1999, including without limitation the retention or destruction

9  of DOCUMENTS and DIGITAL INFORMATION when (a) hardware is replaced,

10  modified or upgraded and (b) when PERSONS leave YOUR employ.

11      39.    The preservation, collection, destruction, removal, transfer, loss or

12  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION in connection

13  with the ACTION and/or any DOCUMENTS requested by MATTEL in the ACTION.

14      40.    The preservation, collection, destruction, removal, transfer, loss or

15  impairment of YOUR DOCUMENTS and DIGITAL INFORMATION since January 1,

16  1999 that REFER OR RELATE TO MATTEL (including without limitation to any

17  MATTEL product, plan or information) that YOU received in any manner from any

18  PERSON who was at the time an employee of MATTEL or who had previously been

19  an employee of MATTEL.

20      41.    The testing of or sampling from DOCUMENTS that REFER OR

21  RELATE TO BRATZ or BRYANT, including without limitation such testing or

22  sampling in connection with any ink, paper or chemical analysis performed or

23  attempted to be performed to date, any DOCUMENTS that REFER OR RELATE

24  thereto and all results and reports relating thereto.

25      42.    YOUR DIGITAL INFORMATION data backup policies, practices

26  and procedures from January 1, 1999 to the present, including without limitation the

27  location and specifications of any media used to preserve YOUR DIGITAL

28

-11-

Exhibit 6  Page 192

1 INFORMATION and the software, if any, used to preserve YOUR DIGITAL
2 INFORMATION.

3       43.    The DIGITAL INFORMATION SYSTEMS and the application
4 software that YOU have used since January 1, 1999 that REFER OR RELATE TO
5 design, development, planning, inventory, manufacturing, sales, shipping and
6 accounting, including without limitation the common or shared storage for such
7 DIGITAL INFORMATION SYSTEMS, remote access of such DIGITAL
8 INFORMATION SYSTEMS, and any changes, modifications or upgrades to such
9 DIGITAL INFORMATION SYSTEMS or application software.

10       44.    The IDENTITY of PERSONS, including without limitation
11 vendors, who since January 1, 1999 have been responsible for or supported YOUR
12 DIGITAL INFORMATION SYSTEMS, including without limitation the IDENTITY of
13 such PERSON who serviced or provided hardware for YOUR DIGITAL
14 INFORMATION SYSTEMS, hosted, stored, archived or maintained YOUR DIGITAL
15 INFORMATION, including but not limited to internet service providers, and provided
16 analytical, training or implementation services with respect to YOUR DIGITAL
17 INFORMATION SYSTEMS.

18       45.    The electronic messaging SYSTEMS used by YOUR employees
19 within the scope of their employment between January 1, 1999 and the present,
20 including but not limited to electronic mail, instant messenger, telephone or voice-mail,
21 and the routing of such electronic messages to, from or within MGA.

22       46.    YOUR policies, practices and procedures regarding the use of
23 transportable media that contain or are capable of containing DIGITAL
24 INFORMATION, including but not limited to floppy discs, compact discs, DVDs, USB
25 drives, portable hard drives, digital cameras and personal digital assistants.

26

27

28

07209/2048031.

NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC.

Exhibit 6   Page 193

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On February 1, 2007, I served true copies of the following document(s) described as **SECOND NOTICE OF DEPOSITION OF MGA ENTERTAINMENT, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on the parties in this action as follows:

**BY MAIL TO:**

Keith A. Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA  90067-3107
Telephone: (310) 553-0308
Facsimile: (310) 553-5583

I enclosed the foregoing as well as a **COURTESY COPY** into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  (Courtesy copy

**BY PERSONAL SERVICE ON:**

Diana M. Torres, Esq.
O'Melveney & Meyers
400 So. Hope Street
Los Angeles, CA  90071
Telephone: (213) 430-6000
**Facsimile: (213) 430-6407**

I delivered such envelope(s) **(COURTESY COPY INCLUDED)** by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 1, 2007, at Los Angeles, California.

_____
Mia Albert

_____
Dave Quintana

07209/2049386.1

Exhibit 6   Page 194