# EXHIBIT 7

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

12          Plaintiff,                      Consolidated with
                                            Case No. CV 04-09059
13                                          Case No. CV 05-02727
         vs.
14                                          THIRD NOTICE OF DEPOSITION OF
                                            MGA ENTERTAINMENT, INC.
15  MATTEL, INC., a Delaware                PURSUANT TO FEDERAL RULE OF
   corporation,                             CIVIL PROCEDURE 30(B)(6)
16
            Defendant.                      Discovery Cut-Off:  October 22, 2007
17                                          Pre-Trial Conference: January 14, 2008
                                            Trial Date: February 12, 2008
18  AND CONSOLIDATED ACTIONS

19

20

21

22

23

24

25

26

27

28

r209/2048031.1

                              THIRD NOTICE OF DEPOSITION OF MGA

Exhibit 7   Page 195

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on June 26, 2007 beginning on 9:30 a.m.

3  Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant

4  MGA Entertainment, Inc. at the offices of Quinn Emanuel Urquhart Oliver & Hedges

5  LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.  Pursuant to Fed. R.

6  Civ. P. 30(b)(6), MGA Entertainment, Inc. shall designate one or more officers,

7  directors, managing agents or other persons who consent to testify on its behalf

8  concerning each of the topics set forth in Exhibit A hereto.

9      PLEASE TAKE FURTHER NOTICE that the deposition will take place

10  before a duly authorized notary public or other officer authorized to administer oaths at

11  depositions, and will continue from day to day, Sundays, Saturdays and legal holidays

12  excepted, until completed.

13      PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

14  P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

15  Livenote or other technology for real-time transcription of the testimony.

16  DATED:  June 5, 2007          QUINN EMANUEL URQUHART OLIVER &

17                                HEDGES, LLP

18

19                                By _____

20                                Michael T. Zeller
                                  Attorneys for Mattel, Inc.

21

22

23

24

25

26

27

28

!09/2048031.

-1-

THIRD NOTICE OF DEPOSITION OF MGA

Exhibit 7  Page 196

## EXHIBIT A

1.   "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2.   "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

3.   "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or DESIGNS or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

209/2048031.

-2-

THIRD NOTICE OF DEPOSITION OF MGA

Exhibit 7   Page 197

4.   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

5.   "ANGEL" refers to those projects, products, dolls or DESIGNS, sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "ANGEL" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Topics of Examination herein.

6.   "IDENTIFY" or "IDENTITY" means the following:

   (a)   With reference to an individual, means such individual's name, current or last known business title, current or last known business affiliation, current or last known relationship to YOU, current or last known residential and business address, and current or last known telephone number.

   (b)   With reference to an entity or governmental organization, means such entity's or organization's name, present or last-known address, and present or last-known telephone number and the IDENTITY of each individual who has served or participated as a contact for or on behalf of such entity or organization.

   (c)   With reference to an account with a bank or financial institution, means the name and address of the bank or financial institution, the account

209/2048031.

-3-

number(s) for or otherwise associated with such account and the name of each holder, including without limitation each beneficial holder, of each such account.

(d)    With reference to a STORAGE DEVICE, means the manufacturer name, brand, model name and number, serial number and all other manufacturer identifiers, and the technical specifications and capacities of such STORAGE DEVICE.

7.    "ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly *Mattel v. Bryant, Inc.*, first filed in Los Angeles County Superior Court; *Bryant v. Mattel, Inc.*; and *MGA Entertainment, Inc. v. Mattel, Inc.*; and all counterclaims, cross-claims and defenses therein.

8.    "DIGITAL INFORMATION" means any information created or stored digitally, including but not limited to electronically, magnetically or optically.

9.    "STORAGE DEVICE" means any computer hard drive, memory, USB device, tape, storage array or any other device or medium that allows a user, whether permanently, temporarily or otherwise, to create, generate, transmit, copy, retain, store or maintain DIGITAL INFORMATION.

10.    "EMPLOYEE AGREEMENT" or "EMPLOYEE AGREEMENTS" means any agreement or contract between YOU and any of YOUR employees that purports to assign to, convey to or vest in YOU in any manner, whether in whole or in part, and whether expressly or by implication or in effect, any right, title or interest in any such employee's inventions, works, work product, ideas, concepts, discoveries, improvements, processes, developments, DESIGNS, know-how, data and/or formulae.

11.    "FAMILY MEMBER" means any PERSON who at any time is, was or has been a parent, spouse, or child of another PERSON.

12.    "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing,

THIRD NOTICE OF DEPOSITION OF MGA

Exhibit 7   Page 199

1  mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting,

2  negating, revoking or otherwise relating to in any manner.

3      13.    "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as

4  those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and

5  Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings

6  and records of every type and description including, but not limited to, contracts,

7  agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"),

8  records of telephone conversations, handwritten and typewritten notes of any kind,

9  statements, reports, minutes, recordings, transcripts and summaries of meetings, voice

10  recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and

11  records of all types, studies, instruction manuals, policy manuals and statements, books,

12  pamphlets, invoices, canceled checks and every other device or medium by which or

13  through which information of any type is transmitted, recorded or preserved.  Without

14  any limitation on the foregoing, the term "DOCUMENT" shall include all copies that

15  differ in any respect from the original or other versions of the DOCUMENT, including,

16  but not limited to, all drafts and all copies of such drafts or originals containing initials,

17  comments, notations, insertions, corrections, marginal notes, amendments or any other

18  variation of any kind.

19      14.    "PERSON" or "PERSONS" means all natural persons, partnerships,

20  corporations, joint ventures and any kind of business, legal or public entity or

21  organization, as well as its, his or her agents, representatives, employees, officers and

22  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

23  authority or subject to its, his or her control.

24      15.    The singular form of a noun or pronoun includes within its meaning

25  the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine

26  form of a pronoun also includes within its meaning the feminine form of the pronoun so

27  used, and *vice versa*; the use of any tense of any verb includes also within its meaning

28

-5-

THIRD NOTICE OF DEPOSITION OF MGA

Exhibit 7  Page 200

all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

### Topics of Examination

1.      The IDENTITY, current or last known location, and disposition of each STORAGE DEVICE that each of the following PERSONS has used to create, generate, prepare, draft, send and/or receive any DOCUMENT or DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL at any time since January 1, 1999, including without limitation the date of acquisition and the date of disposition of each such STORAGE DEVICE:

        Isaac Larian

        Farhad Larian

        Paula Garcia

        BRYANT

        Kami Gillmour

        Veronica Marlow

        Mercedeh Ward

        Margaret Hatch-Leahy

        Jennifer Maurus

        Judy Rich

        Ninette Pembleton

        Kerri Brode

        Victoria O'Connor

        Aileen Storer

        Charles O'Connor

        Helene Bartels

        Colleen O'Higgins

-6-

Exhibit 7   Page 201

1      Vivian Matt

2      Maureen Mullen

3      Rachel Harris

4      Barbara Malcolm

5      David Dees

6      Ben Ton

7      Dave Malacrida

8      2.    The IDENTITY, current or last known location, and disposition of

9 each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of this

10 Notice, including without limitation the date of creation and the date of disposition of

11 each such backup or copy.

12      3.    YOUR search for and production of DOCUMENTS and DIGITAL

13 INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this Notice.

14      4.    Each of YOUR EMPLOYEE AGREEMENTS since January 1,

15 1995, including without limitation the meaning, validity and enforcement of such

16 EMPLOYEE AGREEMENTS.

17      5.    Any requirement or practice by YOU, at any time since January 1,

18 1995, that YOUR employees sign or execute EMPLOYEE AGREEMENTS.

19      6.    YOUR statements to Christopher Palmeri in connection with the

20 *Business Week* article entitled "To Really Be A Player, Mattel Needs Hotter Toys,"

21 published on or about July 28, 2003, including without limitation in connection with the

22 statement that Isaac Larian "got the idea for Bratz after seeing his own kids run around

23 in navel-bearing tops and hip-huggers."

24      7.    YOUR statements to Denise I. O'Neal in connection with the

25 *Chicago Sun-Times* article entitled "Bratz Packers Are What's Cool in Doll World,"

26 published on or about March 5, 2004, including without limitation in connection with

27 the statements that MGA's "creative team decided the name should be catchy and not

28

-7-

09/2048031.

1  have more than six letters. Keeping with today's trend of making names more 'cool' by
2  changing the spelling, MGA executives decided to replace the 's' with a 'z.'"

3          8.      YOUR statements to Jeff Weiss in connection with the *San*
4  *Fernando Valley Business Journal* article entitled "Immigrant's Creative Company
5  Shakes Up Toy Industry," published on or about March 29, 2004, including without
6  limitation in connection with the statement that "[i]t was Jason's idea for Bratz."

7          9.      The IDENTITY of each PERSON who YOU had perform, or who
8  YOU requested, asked or solicited to perform, any "test project" in advance of or in
9  consideration of employment by YOU since January 1, 1995, including without
10 limitation the IDENTITY of each such PERSON who was a MATTEL employee at the
11 time.

12          10.     YOUR relationship with Stephen Lee since April 1, 2004, including
13 without limitation any agreements or contracts between YOU and Stephen Lee.

14          11.     Payments of money or any other item of value that YOU have made
15 to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac Larian since
16 January 1, 1999, including without limitation (a) the amounts of such payment and the
17 equivalent dollar value of each of item of value, (b) the dates of such payment, (c) the
18 IDENTITY of each recipient of such payment, (d) the IDENTITY of each bank or
19 financial institution account to which such payment was made and (e) the reasons for
20 each such payment.

21          12.     Payments of money or any other item of value that YOU have made
22 to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad Larian since
23 January 1, 1999, including without limitation (a) the amounts of each such payment and
24 the equivalent dollar value of each of item of value, (b) the timing of each such
25 payment, (c) the IDENTITY of each recipient of each such payment, (d) the
26 IDENTITY of each bank or financial institution account to which such payment was
27 made and (e) the reasons for each such payment.

28

209/2041031.

-8-

THIRD NOTICE OF DEPOSITION OF MGA

Exhibit 7   Page 203

1      13.    Payments of money or any other item of value that YOU have made
2  to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad Zarabi since
3  January 1, 1999, including without limitation (a) the amounts of each such payment and
4  the equivalent dollar value of each of item of value, (b) the timing of each such
5  payment, (c) the IDENTITY of each recipient of each such payment, (d) the
6  IDENTITY of each bank or financial institution account to which such payment was
7  made and (e) the reasons for each such payment.

8      14.    The nature, extent and timing of work and services that Veronica
9  Marlow, Amy Myers, Sarah Halpern, Maureen Mullen and David Dees provided to, or
10  were requested, solicited or proposed by, YOU at any time from January 1, 1999
11  through December 31, 2001, inclusive.

12      15.    Payments of money or any other item of value that YOU have made
13  to Veronica Marlow, Amy Myers, Sarah Halpern, Maureen Mullen and David Dees
14  since January 1, 1999, including without limitation (a) the amounts of each such
15  payment and the equivalent dollar value of each of item of value, (b) the timing of each
16  such payment, (c) the IDENTITY of each recipient of each such payment, (d) the
17  IDENTITY of each bank or financial institution account to which such payment was
18  made and (e) the reasons for each such payment.

19      16.    The IDENTITY of each PERSON who is not, as of June 5, 2007, an
20  MGA employee and for whom or on behalf of whom YOU are paying, have paid or
21  have offered, promised or agreed to pay fees or costs in connection with this ACTION,
22  any contracts, agreements or other DOCUMENTS between YOU and such PERSON
23  pertaining thereto, the amounts YOU have so paid or agreed to pay to such PERSON
24  and the dates on which such payments were made.

25
26
27
28

09/2048031.

-9-

THIRD NOTICE OF DEPOSITION OF MGA

Exhibit 7    Page 204

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Duane R. Lyons (Bar No. 125091)
5    (duanelyons@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Counter-
   Defendant Mattel, Inc.

9

10            UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                 EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated With Case No. 04-9059 and
                                         Case No. 05-2727
15        vs.
                                         Hon. Stephen G. Larson
16  MATTEL, INC., a Delaware corporation,

17              Defendant.               PROOF OF SERVICE

18  _____
   AND CONSOLIDATED ACTIONS.
19

209/2027422.1

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

3

4   On June 5, 2007 served true copies of the following document(s) described as:

5   on the parties in this action as follows:

6

7   **BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

8

9

10

11      MICHAEL H. PAGE, ESQ.
        *KEKER & VAN NEST, LLP*
        710 SANSOME STREET
12      San Francisco, CA 94111-1704

13      JAMES W. SPERTUS, ESQ.
        **LAW OFFICES OF JAMES W. SPERTUS**
14      12100 Wilshire Blvd., Suite 620
        Los Angeles, CA 90025

15

16      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18      Executed on June 5, 2007, at Los Angeles, California.

19

20      Mia Albert

21

22

23

24

25

26

27

28

07209/2136308.1

Exhibit 7   Page 206

1    **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
2    being served.

3         DIANA M. TORRES, ESQ.
         **O'MELVENY & MYERS, LLP**
4        400 S. Hope Street
         Los Angeles, CA 90071

5

6         I declare that I am employed in the office of a member of the bar of this Court at whose
     direction the service was made.

7

         Executed on June 5, 2007, at Los Angeles, California.

8

9

10                                              NOW LEGAL – Dave Quintana

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2136308.1                          -2-

Exhibit 7   Page 207