# EXHIBIT 9

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                        UNITED STATES DISTRICT COURT

10                      CENTRAL DISTRICT OF CALIFORNIA

11                              EASTERN DIVISION

12  CARTER BRYANT, an individual,         CASE NO. CV 04-9049 SGL (RNBx)

          Plaintiff,                      Consolidated with
13                                        Case No. CV 04-09059
      vs.                                 Case No. CV 05-02727
14
    MATTEL, INC., a Delaware              **DISCOVERY MATTER**
15  corporation,
                                          **[To Be Heard By Discovery Master
16        Defendant.                      Hon. Edward Infante (Ret.) Pursuant
                                          To The Court's Order of December 6,
17                                        2006]**

18  AND CONSOLIDATED ACTIONS              MATTEL, INC.'S REPLY IN
                                          SUPPORT OF MOTION TO COMPEL
19                                        MGA TO PRODUCE WITNESSES
                                          PURSUANT TO MATTEL'S THIRD
20                                        NOTICE OF DEPOSITION UNDER
                                          RULE 30(B)(6) AND FOR
21                                        SANCTIONS

22                                        [Supplemental Declaration of Michael
                                          T. Zeller filed concurrently herewith]
23
                                          Hearing Date:    TBA
24                                        Time:            TBA
                                          Place:           Telephonic
25
                                          Discovery Cut-off: January 14, 2008
26                                        Pre-trial Conference:  April 7, 2008
                                          Trial Date: April 29, 2008
27

28

07209/2185225.1

MATTEL'S REPLY I/S/O MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

Exhibit 9   Page 241

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................ 1

ARGUMENT ................................................................................................ 3

I.   LEAVE OF COURT IS NOT REQUIRED TO OBTAIN DEPOSITIONS PURSUANT TO MATTEL'S THIRD 30(B)(6) NOTICE ................................................................................................ 3

II.  MGA SHOULD BE COMPELLED TO PRODUCE A WITNESS ON PRIOR STATEMENTS TO THE PRESS RELATED TO BRATZ ............... 5

III. MGA SHOULD BE COMPELLED TO PRODUCE A WITNESS ON STORAGE DEVICES MGA EMPLOYEES USED FOR DIGITAL INFORMATION RELATED TO BRATZ OR ANGEL ............................... 6

IV.  MGA SHOULD BE COMPELLED TO PRODUCE A WITNESS ON PERSONS WHO PERFORMED "TEST PROJECTS" FOR MGA ............... 9

V.   MGA SHOULD BE COMPELLED TO PRODUCE A WITNESS ON MGA'S PAYMENTS TO ISAAC LARIAN, FARHAD LARIAN AND MORAD ZARABI ................................................................................ 11

CONCLUSION .......................................................................................... 16

07209/2185225.1

-i-

1

# TABLE OF AUTHORITIES

2

Page(s)

3

## Cases

4 Adams v. Murakami,
    54 Cal. 3d 105 (1991)...................................................................... 15

5 Ameristar Jet Charter, Inc. v. Signal Composites, Inc.,
6    244 F.3d 189 (1st Cir. 2001) ....................................................... 4, 5

7 Beach v. City of Olathe, Kans.,
    203 F.R.D. 489 (D. Kan. 2001)...................................................... 10

8 Bendt v. G.D. Searle & Co.,
9    1990 WL 299926 (D. Minn. 1990) .................................................. 9

10 Caruso v. Coleman Co.,
    157 F.R.D. 344 (E.D. Pa. 1994)..................................................... 14

11

12 Chenoweth v. Schaaf,
    98 F.R.D. 587 (W.D. Pa. 1983)..................................................... 14

13 Ierardi v. Lorillard, Inc.,
    1991 WL 158911 (E.D. Pa. 1991)..................................................... 9

14

15 Jack Frost Laboratories, Inc. v. Physicians & Nurses Mfg. Corp.,
    1994 WL 9690 (S.D.N.Y. 1994)....................................................... 4

16 Marker v. Union Fidelity Life Ins. Co.,
    125 F.R.D. 121 (M.D.N.C. 1989)..................................................... 8

17

18 Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,
    93 F.R.D. 62 (D.P.R. 1981)........................................................... 8

19 Morgan v. Woessner,
    997 F.2d 1244 (9th Cir. 1993)....................................................... 15

20

21 Oakes v. Halvorsen Marine Ltd.,
    179 F.R.D. 281 (C.D. Cal. 1998).................................................... 13

22 Quality Aero Tech., Inc. v. Telemetrie Elektronik,
    212 F.R.D. 313 (E.D.N.C. 2002)...................................................... 4

23

24 Sanders v. Circle K Corp.,
    137 F.R.D. 292, Zeller Dec., Exh. 22.............................................. 6

25 United States v. Abel,
    469 U.S. 45 (1984) ...................................................................... 13

26

27 Zamora v. D'Arrigo Brother Co. of Cal.,
    2006 WL 3227870 (N.D. Cal. 2006)................................................ 5

28

-ii-

Exhibit 9 Page 243

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Statutes

Federal Rules of Civil Procedure

Rule 26(b)(1) .................................................................................. 7

Rule 26 .......................................................................................... 13

Rule 26(a)(5) .................................................................................. 8

Rule 26(d) ....................................................................................... 8

Rule 30(a)(2)(B) ........................................................................... 3, 4

Rule 30(b)(6) ........................................................ 3, 4, 5, 6, 8, 9, 14, 15

Rule 32(d)(1) ................................................................................... 3

07209/2185225.1

-iii-

MATTEL'S REPLY I/S/O MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

Exhibit 9   Page 244

## Preliminary Statement

MGA's opposition underscores the extent of game-playing it is willing to engage in to avoid its discovery obligations. First, MGA claims -- for the first time -- that the "one deposition: provision of <u>Rule</u> 30(a)(2)(B) allows it to evade producing any corporate designees in response to the Topics in Mattel's Third Notice of Deposition of MGA Entertainment, Inc. ("Third Notice") that are the subject of this Motion. MGA did not raise this objection in its written responses to the Third Notice or at the parties' meet and confer, thus waiving the objection. In fact, MGA agreed to produce witnesses on certain other Topics in the Third Notice, showing that even MGA recognizes that <u>Rule</u> 30(a)(2)(B) does not apply and that leave is not required. MGA also never raised the objection in response to Mattel's Second Notice of Deposition, which both the Discovery Master and Judge Larson compelled MGA to produce witnesses in response to without leave of Court. MGA has waived the right to raise the objection now. It lacks merit in any case and is contrary to the language and purpose of <u>Rule</u> 30(b)(6).

Second, in refusing to produce a witness on prior statements to the press about the origins of Bratz, MGA repeats the same arguments that the Discovery Master and Judge Larson previously rejected. In compelling MGA to produce a <u>Rule</u> 30(b)(6) witness on prior sworn statements related to Bratz, both the Discovery Master and Judge Larson overruled MGA's objection. Yet, that is what MGA again attempts to rehash in arguing that Mattel can only depose the individuals who made the prior statements to the press at issue rather than an MGA <u>Rule</u> 30(b)(6) witness. The analysis is the same now as it was then, and Mattel is entitled to a corporate witness from MGA about these statements.

Third, MGA refuses to produce a witness on the location of its employees' storage devices for digital information. Under the <u>Federal Rules</u>, Mattel is clearly entitled to such information. MGA claims that Mattel should be required

MATTEL'S REPLY I/S/O MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

Exhibit 9   Page 245

1  to obtain this information from an interrogatory rather than a deposition. The law is

2  settled that interrogatories are not a substitute for deposition testimony. Moreover,

3  Mattel indeed did propound an interrogatory on a related issue -- the identity of

4  MGA's storage devices for electronic information regarding Bratz -- and,

5  predictably, MGA has flatly refused to answer it. MGA is not interested in

6  providing Mattel information through the supposedly "appropriate discovery tool."

7  It simply seeks to hide the facts altogether.

8           Next, MGA refuses to produce a witness to identify persons who MGA

9  asked to perform "test projects" by playing word games to claim that it is Mattel and

10  not Bryant who first referenced the term. MGA suggests that Bryant's testimony

11  that he performed a "kind of a project," "kind of a test" and "a test assignment"

12  demonstrates that Bryant did not refer to a "test project" because the words "test"

13  and "project" were not in close enough proximity in his testimony for MGA's taste.

14  This is nonsensical. MGA knows exactly what information Mattel seeks. It is in

15  fact a supposed defense MGA and Bryant have raised to excuse Bryant's work with

16  MGA while he was employed by Mattel as supposedly being part of an industry-

17  standard interview process. MGA should produce a witness.

18           Last, MGA refuses to produce a witness on payments made by MGA to

19  MGA's CEO Isaac Larian, his brother and former MGA executive Farhad Larian,

20  and Morad Zarabi. The law is clear that payments by a party to a witness are

21  relevant to establish bias and are discoverable, and all three of these individuals are

22  witnesses. In fact, evidence of payments to Farhad Larian would be directly

23  relevant to a matter at issue now. In recent weeks, MGA has threatened to move to

24  disqualify Quinn Emanuel Urquhart Oliver & Hedges for allegedly improperly

25  meeting with Farhad Larian. Evidence of MGA's payments to Farhad Larian would

26  be highly relevant to this issue. Moreover, Isaac Larian is a party to this action

27  against whom Mattel seeks punitive damages.

28

-2-
MATTEL'S REPLY I/S/O MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

Exhibit 9   Page 246

## Argument

I.   **LEAVE OF COURT IS NOT REQUIRED TO OBTAIN DEPOSITIONS PURSUANT TO MATTEL'S THIRD 30(B)(6) NOTICE**

MGA argues that Rule 30(a)(2)(B) requires a party to seek leave of Court before a further 30(b)(6) deposition of a party may be noticed. MGA, however, (1) never raised that objection in its written response to the Third Notice; (2) did not claim during the parties' meet and confer that it was refusing to produce witnesses in response to the Third Notice on that ground; and (3) agreed to produce witnesses in response to six of the 16 Topics in the Third Notice.[1] MGA has waived any objection that leave of Court is required. See Fed. R. Civ. P. 32(d)(1) ("All errors and irregularities in the notice for taking deposition are waived unless written objection is promptly served upon the party giving the notice").

Moreover, MGA tellingly made no such argument in response to Mattel's Second Notice of Deposition of MGA ("Second Notice"), despite raising numerous other objections and improperly refusing to produce designees on nearly all forty-six topics.[2] The Discovery Master ultimately compelled MGA to produce witnesses in response to the Second Notice, and Judge Larson subsequently rejected MGA's appeal in its entirety.[3] MGA's claim now that leave is required whenever additional topics of information are sought from a corporate party is merely an after-thought, and one that even MGA recognizes is groundless.

---

[1] Supplemental Declaration of Michael T. Zeller ("Supp. Zeller Dec."), ¶ 2; MGA's Objections to Mattel's Third Notice of Deposition of MGA, dated June 29, 2007 attached as Exhibit 24 to the Declaration of Michael T. Zeller ("Zeller Dec."); Letter from Zeller to Jenal, dated July 6, 2007, Zeller Dec., Exh. 25.

[2] MGA's Objections to Mattel's Second Notice of Deposition of MGA, dated February 14, 2007, Zeller Dec. Exh. 17.

[3] Order of the Discovery Master Granting Mattel, Inc.'s Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Zeller Dec., Exh. 20; Minute Order of the Hon. Stephen G. Larson, dated July 2, 2007, Zeller Dec., Exh. 22.

07709/2185225.1

-3-

1         In addition to being waived, MGA's argument that <u>Rule</u> 30(a)(2)(B)

2   should apply to <u>Rule</u> 30(b)(6) depositions is contrary to <u>Rule</u> 30(b)(6). It ignores

3   the significant differences between the deposition of an individual and the

4   deposition of a corporation. The court in <u>Quality Aero Tech., Inc. v. Telemetrie</u>

5   <u>Elektronik</u>, 212 F.R.D. 313, 319 (E.D.N.C. 2002), highlighted those differences in

6   holding that <u>Rule</u> 30(a)(2)(B)'s requirement to obtain leave of Court prior to

7   deposing a person for a second time does *not* apply to 30(b)(6) depositions. The

8   Court cited the Advisory Committee Notes to the 1993 amendments to the Rules,

9   noting that "for purposes of calculating the number of depositions in a case, a

10  30(b)(6) deposition is separately counted as a single deposition, regardless of the

11  number of witnesses designated. Further, there is no aspect of the Rules which

12  either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for

13  taking a 30(b)(6) deposition." <u>Id.</u>[4]

14        MGA's construction of the <u>Rules</u> here elevates form over substance in

15  another way. There is no limit to the number of topics a 30(b)(6) notice may

16  contain, and a 30(b)(6) deposition counts as a single deposition regardless of the

17  number of witnesses designated. Therefore, there is no question that, had Mattel

18  included all topics in its Third Notice in its first 30(b)(6) notice, leave of Court

19  would not be required, even according to MGA. To require leave of Court merely

20  because the topics appeared in more than one notice would be improperly

21  formalistic, something the discovery rules seek to avoid. <u>See</u> <u>Jack Frost</u>

22  <u>Laboratories, Inc. v. Physicians & Nurses Mfg. Corp.</u>, 1994 WL 9690, at *3 n.4

23  (S.D.N.Y. 1994) (elevating form over substance is contrary to policy of discovery

24  rules).

25      [4]  The <u>Quality Aero Tech.</u> court directly addressed <u>Ameristar Jet Charter, Inc. v.</u>

26  <u>Signal Composites, Inc.</u>, 244 F.3d 189 (1st Cir. 2001), on which MGA relies, finding the Court of Appeal's opinion in that case was a function of the deferential

27  standard of review of the District Court's decision "rather than an interpretation of the rule." <u>Quality Aero Tech.</u>, 212 F.R.D. at 319. The court concluded by stating

28  (footnote continued)

Exhibit 9  Page 248

1         Finally, even if (contrary to law) leave were required, the Discovery

2   Master should treat Mattel's motion as a request for leave.  See Zamora v. D'Arrigo

3   Brother Co. of Cal., 2006 WL 3227870 (N.D. Cal. 2006) (treating motion to compel

4   second deposition as request for leave).  Leave should be granted here, if needed,

5   because Mattel's notice seeks clearly relevant, discoverable information, as

6   discussed below.

7

8   **II.   MGA SHOULD BE COMPELLED TO PRODUCE A WITNESS ON**

9   **PRIOR STATEMENTS TO THE PRESS RELATED TO BRATZ**

10        MGA argues that Mattel cannot depose MGA regarding prior

11  statements to the press related to Bratz because Mattel has already deposed Isaac

12  Larian in his individual capacity.  The Discovery Master should reject that

13  argument, as the Discovery Master and Judge Larson have before.  MGA does not

14  deny that the statements to the press at issue here were made by MGA personnel

15  acting in their corporate capacities.  It also does not deny the statements are relevant.

16  Given that, and the fact that MGA itself has sought and obtained Mattel testimony

17  on prior statements to the press, there is simply no reason to deny Mattel a corporate

18  witness on these statements.

19        When MGA resisted Mattel's prior sworn statements Rule 30(b)(6)

20  topic, it argued, as it does now, that Mattel should be required to depose each

21  individual who made a prior statement.  The Discovery Master and Judge Larson

22  both rejected that argument.[5]  As Judge Larson stated, "The purpose behind Rule

23  _____

24  that it "declines to read [Ameristar] for the proposition that leave of court is necessary every time a second 30(b)(6) deposition is sought." Id.

25  [5]   Order of the Discovery Master Granting Mattel, Inc.'s Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May

26  16, 2007, Zeller Dec., Exh. 20; Minute Order of the Hon. Stephen G. Larson, dated July 2, 2007, Zeller Dec., Exh. 22.

27

28

07209/2185225.1

-5-

1   30(b)(6) is to create testimony that will bind the corporation."[6]   MGA's assertion

2   that Mattel has already deposed Mr. Larian about prior statements to the press thus

3   misses the point.  Mattel is not seeking to depose Mr. Larian on the subject.  It is

4   seeking to depose MGA to obtain the corporation's knowledge and to bind the

5   corporation, including to avoid being sandbagged by MGA at trial.  MGA may

6   designate any individual with knowledge of the prior statements as its corporate

7   witness; whether that is Mr. Larian or someone else.  But, whoever it is, Mattel is

8   entitled to a 30(b)(6) witness on these prior statements, and MGA should be

9   compelled to produce a designee(s) on these Topics.

10

11   **III.   MGA SHOULD BE COMPELLED TO PRODUCE A WITNESS ON**

12   **STORAGE DEVICES MGA EMPLOYEES USED FOR DIGITAL**

13   **INFORMATION RELATED TO BRATZ OR ANGEL**

14           Topic No. 1 seeks information regarding the location and disposition of

15   computer hard drives or other storage devices that contain or contained documents

16   related to the Bratz or Angel products used by specified MGA employees or

17   contractors.  Topic Nos. 2 and 3 seek additional information related to the hard

18   drives or storage devices identified in Topic No. 1.[7]   MGA refuses to produce a

19   witness on these Topics, claiming that requiring it "to gather information about

20   where the documents another [sic] other information is stored, when [Mattel] has

21   already demanded and received the documents stored in those computers, is

22   pointless."[8]   MGA's argument is flatly contrary to the Rules and misses the point.

---

23   [6]   Minute Order of the Hon. Stephen G. Larson, dated July 2, 2007, p. 4 (quoting
24   *Sanders v. Circle K Corp.*, 137 F.R.D. 292, 294 (D. Ariz. 1991)), Zeller Dec., Exh.
      22.
25   [7]   Topic No. 2 seeks the identification and location of any backup, copy or image
      of the hard drives or storage devices identified in Topic No. 1.  Topic No. 3 seeks
26   information regarding MGA's search for and production of documents and digital
      information from the hard drives and storage devices referenced in Topic No. 1.
27   [8]   MGA's Opposition to Mattel's Motion to Compel MGA to Produce Witnesses
      Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) ("MGA's
28   Opposition"), p. 8.

1          Under the express terms of the <u>Federal Rules</u>, Mattel is entitled to

2   information about the existence, nature, custody and location of any documents it

3   seeks in discovery: "Parties may obtain discovery regarding any matter, not

4   privileged, that is relevant to the claim or defense of any party, including *the*

5   *existence*, description, *nature*, *custody*, condition, and *location of any* books,

6   *documents*, *or other tangible things*. . . ." <u>Fed. R. Civ. P.</u> 26(b)(1) (emphasis

7   added).  The existence, nature, custody and location of documents is not "pointless"

8   simply because MGA claims they have already been produced.  Rather, these factual

9   matters -- which are explicitly deemed discoverable under the <u>Rules</u> -- are relevant

10  so that Mattel can, among other things, assess MGA's production, including whether

11  any documents requested by Mattel or compelled by the Court were destroyed, not

12  collected or otherwise made unavailable to Mattel.

13         This is especially important in this case.  As the Court knows, MGA

14  has repeatedly obstructed discovery, and the Court itself has expressed serious

15  concerns about MGA's apparent spoliation of evidence.[9]  Bryant too long withheld

16  critical evidence from Mattel.  As an example, the Court ordered Bryant to produce

17  the hard drive of his computer.[10]  When Bryant finally produced it (months after the

18  Court-ordered deadline), examination of the image of Bryant's hard drive revealed

19  that it had a program called "Evidence Eliminator" installed on it.[11]  This is so even

20  though Bryant's counsel, in opposing Mattel's motions to compel Bryant's hard

21  drive, represented to Judge Block and to the Discovery Master that defendants had

22  _____

23  [9]   Order Denying Appointment of Expert Witness, dated August 11, 2006, p. 11 ("That there are serious questions concerning the handling of these critical documents certainly causes the Court much concern about whether the truth seeking

24  functions of the adversarial system have been fundamentally compromised in this case."), Supp. Zeller Dec., Exh. 1.

25  [10]   January 25, 2007 Order of the Discovery Master Granting Mattel's Motion to Compel Production of Documents, Zeller Dec., Exh. 32.

26  [11]   Declaration of Michael T. Zeller in Support of Motion of Plaintiff Mattel, Inc.

27  for Additional Time and/or to Reopen the Deposition of Carter Bryant for all Purposes and to Overrule Additional Instructions not to Answer at the Deposition,

28  dated August 1, 2007, ¶ 17 attached as Exhibit 1 to the Notice of Lodging submitted herewith ("Notice of Lodging").

-7-

MATTEL'S REPLY I/S/O MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

Exhibit 9   Page 251

1   reviewed the hard drive of Bryant's computer, but located no "relevant" or

2   "responsive" documents.[12]

3           MGA further argues that the computer storage information Mattel seeks

4   is more properly obtained through the use of interrogatories. But MGA has no

5   intention of responding to any interrogatories on the subject either. In fact, MGA

6   has wholly refused to answer an interrogatory that sought the identification of hard

7   drives and storage devices that contained information about Bratz.[13]

8           Even more importantly, MGA's attempt to relegate Mattel to a method of

9   discovery that would block cross-examination is legally frivolous. The Rules make

10  clear that the various methods of discovery provided therein are cumulative, as opposed

11  to alternative or mutually exclusive. Rule 26(d) provides that "methods of discovery

12  may be used in any sequence," and Rule 26(a)(5) states that a party "may obtain

13  discovery by one or more" of the available methods specified in the efficient discovery

14  of facts. Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93

15  F.R.D. 62, 65 (D.P.R. 1981) (citing Advisory Committee Note to Rule 30(b)(6)).

16  Courts also have repeatedly rejected the argument that interrogatories are an adequate

17  substitute for deposition testimony. "Nothing in the Federal Rules of Civil Procedure

18  gives a party the right to not respond or inadequately respond to a Rule 30(b)(6)

19  deposition notice…and elect to supply the answers in a written response to an

20  interrogatory.  An attempt to so limit a Rule 30(b)(6) deposition is not warranted.

21  Because of its nature, the deposition process provides a means to obtain more complete

22  information and is, therefore, favored." Marker v. Union Fidelity Life Ins. Co., 125

23  _____

[12]  Declaration of Michael T. Zeller in Support of Motion of Plaintiff Mattel, Inc.
24  for Additional Time and/or to Reopen the Deposition of Carter Bryant for all
    Purposes and to Overrule Additional Instructions not to Answer at the Deposition,
25  dated August 1, 2007, ¶ 15, Notice of Lodging, Exh. 1.
    [13]  MGA's Objections and Responses to Mattel's Third Set of Interrogatories,
26  dated July 9, 2007 ("Interrogatory No. 25: IDENTIFY each and every STORAGE
    DEVICE that YOU have used for any purpose which contains or contained
27  DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or
    ANGEL prior to January 1, 2002"), Supp. Zeller Dec., Exh. 2.

28

Exhibit 9   Page 252

1  F.R.D. 121, 126 (M.D.N.C. 1989). See also Ierardi v. Lorillard, Inc., 1991 WL 158911,

2  at *2 (E.D. Pa. 1991) (answers to interrogatories "are an inadequate substitute" for

3  deposition testimony pursuant to Rule 30(b)(6)); Bendt v. G.D. Searle & Co., 1990 WL

4  299926, at *1 (D. Minn. 1990) ("Interrogatories are not substitutes for depositions, and

5  are not per se more efficient or economical.").

6          Finally, MGA's claim that Kenneth Lockhart already testified about

7  these Topics is simply incorrect. Mr. Lockhart's testimony on the point, quoted at

8  length in Mattel's Motion, makes clear that he had no knowledge regarding the

9  locations of the hard drives used by the individuals identified in Topic No. 1 and he

10 could not meaningfully discuss the disposition of those hard drives.[14] Similarly, he

11 was unprepared to testify regarding the location of backup, copy or images of those

12 hard drives (as requested in Topic No. 2) or MGA's efforts to search for and produce

13 documents and digital information from the hard drives (as requested in Topic No.

14 3).[15] Mattel is entitled to a Rule 30(b)(6) witness on Topic Nos. 1-3.

15

16 **IV.   MGA SHOULD BE COMPELLED TO PRODUCE A WITNESS ON**

17       **PERSONS WHO PERFORMED "TEST PROJECTS" FOR MGA**

18          MGA refuses to produce a witness in response to Topic 9, arguing that

19 Mattel's request for the identification of persons who have done "test projects" for

20 MGA is vague, irrelevant and overbroad. MGA's objections lack merit.

21          MGA quibbles that Mattel, not MGA or Bryant, first referred to the

22 term "test projects." MGA acknowledges, however, that Bryant testified that he did

23 work for MGA while he was a Mattel employee as a supposed "tryout kind of a

24 project," "kind of a test" and "a test assignment."[16] That is what Mattel is referring

25

26 [14]  Mattel's Notice of Motion and Motion to Compel MGA to Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6), pp. 13-16.
   [15]  Id.

27 [16]  MGA's Opposition, pp. 9-10.

28

07209/2185225.1

MATTEL'S REPLY I/S/O MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

Exhibit 9   Page 253

1  to here, as MGA knows.[17]  In any case, even if MGA did have a legitimate ground

2  to object to the phrase as "vague," it is not a proper basis for refusing to designate

3  and produce a witness, particularly given that Mattel informed MGA during the

4  meet and confer that this was what was meant by "test project."  See Beach v. City

5  of Olathe, Kans., 203 F.R.D. 489, 497 (D. Kan. 2001) (vague and ambiguous

6  objections should not be sustained if the ambiguity could be resolved through meet

7  and confer).

8           MGA's argument that Topic 9 is irrelevant and overbroad similarly

9  lacks merit.  MGA and Bryant have raised the issue in their own defense, claiming

10  that Bryant's work for MGA while employed by Mattel was no different than a

11  supposedly standard industry practice of having candidates for creative positions

12  make artwork as part of the job interview.  Whether *MGA* engaged in this

13  supposedly standard industry practice during the period starting in 1995 that Bryant

14  has been in the industry is plainly relevant.  Mattel also is entitled to know whether

15  MGA was engaged in the claimed industry practice both before and after it claims it

16  utilized the practice in "interviewing" (and paying) Bryant.  Moreover, Bryant has

17  made discovery demands -- demands that MGA has adopted as its own -- regarding

18  Mattel's employment contracts "from 1995 to the present," and the Court agreed that

19  Mattel was required to produce a witness knowledgeable on that time period.[18]  The

20  result should be the same here.

21  _____

22  [17]  In connection with MGA's use of the phrase, MGA asserts that MGA's counsel was quoting from Mattel's interrogatory responses when questioning a Mattel witness about "test projects" and accuses Mattel of misleading the Court.

23  MGA is the one that attempts to mislead the Court.  The Mattel interrogatory response at issue refers to *what Bryant characterized* as a 'test project' to aid and

24  assist MGA." (MGA's Opposition, p. 10).  Mattel certainly did not come up with the novel idea that Bryant's work for MGA while employed by Mattel was just some

25  innocuous test project, and MGA's effort to suggest otherwise is nonsensical.

    [18]  Notice of Deposition of Mattel, Inc., pp. 4-10 (Topics 6, 7, 50), Zeller Dec.,

26  Exh. 29; January 30, 2007 Order Granting in Part Carter Bryant and MGA Entertainment, Inc.'s Motion to Compel the Production of Documents and 30(b)(6)

27  Depositions, Zeller Dec., Exh. 30.

28

Exhibit 9   Page 254

1          Finally, MGA again makes the disingenuous argument that Mattel

2  should seek this information through an interrogatory request to Bryant. Not only

3  are interrogatories not a proper substitute for deposition testimony, as shown above,

4  but Mattel also is entitled to *MGA's* corporate testimony, as also shown above. This

5  is especially so since Bryant is likely to claim that he has no idea what MGA's

6  practices on this subject have been and indeed Bryant stated in his testimony that he

7  had never even heard of MGA prior to July 2000.[19] And, for good measure, Bryant

8  has joined in MGA's motion seeking to prohibit Mattel from propounding further

9  interrogatories, thus again confirming that MGA's touting of "alternative" discovery

10  methods is really an argument that MGA should not have to provide plainly relevant

11  discovery at all.

12

13  **V.   MGA SHOULD BE COMPELLED TO PRODUCE A WITNESS ON**

14      **MGA'S PAYMENTS TO ISAAC LARIAN, FARHAD LARIAN AND**

15      **MORAD ZARABI**

16          MGA argues that payments made by MGA to Isaac Larian, Farhad

17  (Fred) Larian and Morad Zarabi are not relevant because they "have nothing to do

18  with this lawsuit." That is false and was previously rejected by the Discovery

19  Master.

20          Mr. Zarabi arbitrated a dispute between Isaac Larian and Farhad Larian

21  that involved the timing of the creation of Bratz.[20] Farhad Larian filed a complaint

22  in Superior Court regarding his dispute with Isaac Larian and the parties' arbitration

23  before Mr. Zarabi.[21] The complaint details Farhad Larian's claim that Isaac Larian

24  concealed from him MGA's development with Carter Bryant of Bratz dolls and

25   [19]  Bryant Deposition Transcript, at 5:10 - 5:17, Supp. Zeller Dec., Exh. 3.

26   [20]  Verified Complaint filed in Superior Court of the State of California on

August 25, 2003 (Case No. BC301371) ("Larian Compaint"), ¶¶ 20-25, Supp. Zeller

27  Dec., Exh. 4.

   [21]  Larian Complaint, Supp. Zeller Dec., Exh. 4.

28

07209/2185225.1

-11-

MATTEL'S REPLY I/S/O MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

Exhibit 9   Page 255

1 alleged that Bryant began working with MGA during a time Bryant was employed

2 by Mattel and indeed months before MGA and Bryant have claimed they were first

3 introduced to one another in August 2000:[22]

4       13.   Plaintiff [Farhad Larian] is informed an believes

5 that in or about late 1999 and early 2000, Isaac became aware of

6 a potential new product line that had tremendous potential for

7 the Company [MGA]. The new product line involved the

8 "Bratz" dolls and related products. . . .

9       . . .

10       15.   In or about early 2000, Isaac called a meeting to

11 discuss the new Bratz product line with selected individuals in

12 the Company. Plaintiff is informed and believes that those

13 present at the meeting spoke enthusiastically of the tremendous

14 opportunity the Bratz line presented for the Company as, *inter*

15 *alia*, it captured a vacant market niche. Fred was not present for

16 this meeting. Upon information and belief, Isaac took steps to

17 conceal the results of the meeting from Fred.

18       16.   Also in or about February 2000, Isaac tried to

19 dissuade Fred from attending the New York Toy Fair, even

20 though Fred had routinely and regularly attended such toy fairs

21 in the past. . . . Plaintiff was expelled from meetings he tried to

22 attend and was excluded from any discussions Isaac may have

23 had relating to the Bratz line of products at the fair.

24       17.   In early March 2000, while continuing to conceal

25 from Fred the Company's plans for the Bratz line, Isaac offered

26

[22]  Bryant Deposition Transcript, at 9:25 - 10:12, Supp. Zeller Dec., Exh. 3.

27

28

Exhibit 9 Page 256

1      to purchase all of Plaintiff's 45 percent interest in the Company

2      for $9 million. . . .[23]

3          The Larian brothers' arbitration involved issues of the timing of the

4   creation and development of Bratz.  That is at the heart of the claims in this case, as

5   the Discovery Master has recognized.[24]  Indeed, the Discovery Master has already

6   ruled that the Bratz-related arbitration between the Larian brothers in particular is

7   relevant in this litigation.[25]  And, even beyond this, the issues relating to MGA's and

8   Isaac Larian's concealment of Bratz are relevant to a host of other matters in this

9   case, including to defendants' own statute of limitations defense and to impeachment

10  of defendants' claims as to when they first began working together and when Bratz

11  was developed.  MGA's assertion that Farhad Larian and Mr. Zarabi are "not

12  witnesses in this action" is absurd -- they clearly are.  And Isaac Larian is not only a

13  witness, he is a party.

14          As the Court has ruled, evidence of payments from a party to a witness

15  is discoverable information that goes to bias.[26]  See also United States v. Abel, 469

16  U.S. 45, 50-51 (1984); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.

17  Cal. 1998) (Rule 26 permits discovery of information which may simply relate to

18  the credibility of a witness or other evidence in a case).  For that reason alone MGA

19  should be compelled to produce a designee on payments made by MGA to the

20  Larian brothers and Mr. Zarabi.[27]

21  _____
       [23]  Larian Complaint, ¶¶ 13, 15, Supp. Zeller Dec., Exh. 4.
22     [24]  Order Granting Mattel's Motion to Enforce Stipulation to Make Original
    Documents Available, p. 2, Supp. Zeller Dec., Exh. 5.
23     [25]  May 15, 2007 Order Granting Mattel's Motion to Compel Production of
    Documents and Interrogatory Responses by MGA, pp. 10-11, Zeller Dec., Exh. 31.
24     [26]  May 15, 2007 Order of the Discovery Master Granting Mattel's Motion to
    Compel Production of Documents and Interrogatory Responses by MGA, p. 10,
25  Zeller Dec., Exh. 31.
       [27]  MGA's argument that Mattel is not entitled to the detailed financial records of
26  non-party witnesses is a red herring.  That is not what Mattel seeks.  Mattel merely
27  seeks payments made by MGA -- a party in this action -- to Farhad Larian and Mr.
    Zarabi, not their entire financial records.
28

1    Payments made by MGA to Isaac Larian are also relevant to Mattel's

2  claim for punitive damages against Mr. Larian and as impeachment evidence against

3  him. As Mattel notes in its Motion, payments MGA has made to Mr. Larian are

4  relevant to Mattel's prayer for punitive damages against him. MGA's claim that

5  Mattel must first make a threshold showing before being permitted to proceed with

6  discovery regarding Mr. Larian's financial condition flies in the face of the Orders of

7  the Discovery Master and Judge Larson in this case. Both the Discovery Master and

8  Judge Larson already have ordered MGA to produce a witness on MGA's own "net

9  worth."[28] Payments made to Mr. Larian are relevant and discoverable for the same

10  reason -- Mattel seeks punitive damages against Mr. Larian. Having litigated and

11  lost its prior refusals to produce punitive damages evidence, MGA should not be

12  heard to rely on its latest excuse for refusing to produce other evidence going to this

13  same, clearly relevant subject.

14    MGA relies on Chenoweth v. Schaaf, 98 F.R.D. 587, 590 (W.D. Pa.

15  1983), in support of its claim that Mattel must first make a threshold showing before

16  obtaining discovery regarding punitive damages. That case has been roundly

17  criticized, including by courts in its own Circuit. See Caruso v. Coleman Co., 157

18  F.R.D. 344, 348-49 (E.D. Pa. 1994) (rejecting the holding in Chenoweth and noting

19  that no court within the Third Circuit had followed the Chenoweth decision and

20  courts in other Circuits had criticized the holding). "The law is well settled that

21  information regarding damages is as discoverable as information which pertains to

22  liability." Id. at 348 (citations omitted).

23    Mattel's need for information related to Mr. Larian's finances is

24  particularly great here. Under California law, Mattel is required to introduce

25  evidence of Larian's financial condition to obtain an award of punitive damages

26  ───────────

27  [28]  Order of the Discovery Master Granting Mattel, Inc.'s Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Zeller Dec., Exh. 20; Minute Order of the Hon. Stephen G. Larson, dated

28  July 2, 2007, Zeller Dec., Exh. 22.

07209/2185225 1

-14-

1  against him. <u>Morgan v. Woessner</u>, 997 F.2d 1244, 1259 (9th Cir. 1993) (citing

2  <u>Adams v. Murakami</u>, 54 Cal. 3d 105 (1991)). Payment made by MGA to Mr.

3  Larian are relevant to his financial condition.

4        MGA makes no effort in its opposition to address the fact that

5  testimony regarding payments made to Isaac Larian are independently relevant and

6  discoverable for the purposes of impeachment. Mr. Larian testified in *Art Attacks v.*

7  *MGA* (a case that also involved Bratz) that he made far less money than one would

8  expect for the majority owner of a purportedly multi-billion dollar company. Mattel

9  is entitled to information regarding MGA's payments to Mr. Larian to show that he

10  made misrepresentations under oath about his financial condition.

11        Finally, with respect to payments to Isaac Larian, MGA repeats its

12  argument that because Mr. Larian was deposed in his individual capacity and asked

13  questions regarding payments he received from MGA, Mattel is somehow barred

14  from asking MGA about such payments. This fails for the same reasons discussed

15  above and indeed for the reasons already found by the Discovery Master and Judge

16  Larson. Mattel is entitled to *MGA's* corporate testimony and, in any event, Mr.

17  Larian, if deposed as an individual, can conveniently deny knowledge of payments

18  made by MGA to deprive Mattel of evidence it needs to obtain punitive damages.

19  An MGA corporate witness, in stark contrast, would be required to testify as to the

20  knowledge in the corporation's possession or reasonably available to it. The

21  deposition of Mr. Larian in his personal capacity is no substitute for an MGA <u>Rule</u>

22  <u>30(b)(6)</u> witness.

23

24

25

26

27

28

07209/2185225.1

-15-

## Conclusion

For the foregoing reasons, the Court should compel MGA to produce witnesses to testify on Mattel's Third Notice, Topics 1-3, 6-8, 9 and 11-13, and overrule all of MGA's objections and limitations.  Further, MGA should be sanctioned.

DATED:  August 6, 2007                    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By _Michael T. Zeller /BS_
Michael T. Zeller
Attorneys for Plaintiff and Cross-Defendant
Mattel, Inc.

MATTEL'S REPLY I/S/O MOTION TO COMPEL PRODUCTION OF WITNESSES FOR DEPOSITION

07209/2185225.1

Exhibit 9  Page 260