# EXHIBIT 10

**CONFORMED COPY**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7

8

9

FILED
2007 SEP 26  PM 2: 28
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
RIVERSIDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

10

11  CARTER BRYANT, an individual,

12              Plaintiff,

13       v.

14  MATTEL, INC., a Delaware corporation,

15              Defendant.

16

17

18

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
21

22

CASE NO. C 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL MGA TO
PRODUCE WITNESSES PURSUANT
TO THIRD NOTICE OF DEPOSITION
UNDER RULE 30(b)(6); DENYING
REQUEST FOR SANCTIONS**

23                    **I. INTRODUCTION**

24       On July 13, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Compel MGA to

25  Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for

26  Sanctions." Specifically, Mattel seeks an order compelling MGA Entertainment, Inc. ("MGA")

27  to produce witnesses on Topics 1-3, 6-8, 9 and 11-13 of Mattel's Third Rule 30(b)(6) Notice. On

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

**EXHIBIT 36 PAGE 560**

Exhibit 10   Page 261

1   July 31, 2007, MGA submitted an opposition brief.  On August 6, 2007, Mattel submitted a reply

2   brief.  The matter was heard on September 24, 2007.  Having considered the motion papers and

3   the comments of counsel, Mattel's motion is granted in part and denied in part, and the request for

4   sanctions is denied.

### II. BACKGROUND

6   Mattel first served a Rule 30(b)(6) Notice of Deposition of MGA in February of 2005,

7   which specified eight topics for deposition.  Mattel served a Second Notice of Deposition of

8   MGA in February of 2007, which specified forty-six topics for deposition.  On June 5, 2007,

9   Mattel served a Third Notice of Deposition of MGA (the "Third Notice"), which is the subject of

10  the present motion to compel.  The Third Notice specifies sixteen topics for deposition.  On June

11  29, 2007, MGA served objections to the Third Notice, and on July 5, 2007, the parties met and

12  conferred.  The parties were not able to resolve their disputes regarding four subject matters: hard

13  drives and other storage devices (Topics 1-3); prior inconsistent statements to the press (Topics 6-

14  8); "test projects" for MGA (Topic 9); and payments MGA made to Isaac Larian, Farhad Larian

15  and Morad Zarabi (Topic 11-13).  The topics at issue are set forth below.

### Hard Drives and Other Storage Devices

17      1.      The IDENTITY, current or last known location, and disposition of

18  each STORAGE DEVICE that each of the following PERSONS has used to

19  create, generate, prepare, draft, send and/or receive any DOCUMENT or

20  DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or

21  ANGEL at any time since January 1, 1999, including without limitation the date

22  of acquisition and the date of disposition of each STORAGE DEVICE:  Isaac

23  Larian, Farhad Larian, Paula Garcia, BRYANT, Kami Gillmour, Veronica

24  Marlow, Mercedeh Ward, Margaret Hatch-Leahy, Jennifer Maurus, Judy Rich,

25  Ninette Pembleton, Kerrie Brode, Victoria O'Connor, Aileen Storer, Charles

26  O'Connor, Helene Bartels, Colleen O'Higgins, Vivian Matt, Maureen Mullen,

27  Rachel Harris, Barbara Malcolm, David Dees, Ben Ton, Dave Malaccida.

28
Bryant v. Mattel, Inc.,
CV-04-09049-SGL (RNBx)

2

EXHIBIT 36 PAGE 561

Exhibit 10   Page 262

1       2.    The IDENTITY, current or last known location, and disposition of

2   each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of

3   this Notice, including without limitation the date of creation and the date of

4   disposition of each such backup or copy.

5       3.    YOUR search for and production of DOCUMENTS and DIGITAL

6   INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this

7   Notice.

8                 Prior Inconsistent Statements to the Press

9       6.    YOUR statements to Christopher Palmeri in connection with the

10  Business Week article entitled "To Really Be A Player, Mattel Needs Hotter

11  Toys," published on or about July 28, 2003, including without limitation in

12  connection with the statement that Isaac Larian "got the idea for Bratz after seeing

13  his own kids run around in navel-bearing tops and hip-huggers."

14      7.    YOUR statements to Denise I. O'Neal in connection with the

15  Chicago Sun-Times article entitled "Bratz Packers Are What's Cool in Doll

16  World," published on or about March 5, 2004, including without limitation in

17  connection with the statements that MGA's "creative team decided the name

18  should be catchy and not have more than six letters.  Keeping with today's trend

19  of making names more 'cool' by changing the spelling, MGA executives decided

20  to replace the 's' with a 'z'"

21      8.    YOUR statements to Jeff Weiss in connection with the San

22  Fernando Valley Business Journal article entitled "Immigrant's Creative

23  Company Shakes Up Toy Industry," published on or about March 29, 2004,

24  including without limitation in connection with the statement that "[i]t was

25  Jason's idea for Bratz."

26                "Test Projects" for MGA

27      9.    The IDENTITY of each PERSON who YOU had perform, or who

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                    3

**EXHIBIT 36 PAGE 562**

Exhibit 10   Page 263

1    YOU requested, asked or solicited to perform, any "test project" in advance of or

2    in consideration of employment by YOU since January 1, 1995, including without

3    limitation the IDENTITY of each such PERSON who was a MATTEL employee

4    at the time.

5    <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi</u>

6      11.     Payments of money or any other item of value that YOU have

7    made to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac

8    Larian since January 1, 1999, including without limitation (a) the amounts of such

9    payment and the equivalent dollar value of each of item of value, (b) the dates of

10    such payment, (c) the IDENTITY of each recipient of such payment, (d) the

11    IDENTITY of each bank or financial institution account to which such payment

12    was made and (e) the reasons for each such payment.

13      12.     Payments of money or any other item of value that YOU have

14    made to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad

15    Larian since January 1, 1999, including without limitation (a) the amounts of each

16    such payment and the equivalent dollar value of each item of value, (b) the

17    timing of each such payment, (c) the IDENTITY of each recipient of each such

18    payment, (d) the IDENTITY of each bank or financial institution account to

19    which such payment was made and (e) the reasons for each such payment.

20      13.     Payments of money or any other item of value that YOU have

21    made to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad

22    Zarabi since January 1, 1999, including without limitation (a) the amounts of each

23    such payment and the equivalent dollar value of each item of value, (b) the timing

24    of each such payment, (c) the IDENTITY of each recipient of each such payment,

25    (d) the IDENTITY of each bank or financial institution account to which such

26    payment was made and (e) the reasons for each such payment.

27    Zeller Decl., Ex. 23.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT 36 PAGE 563**

Exhibit 10   Page 264

1    Mattel seeks an order compelling MGA to produce witnesses to testify on Topics 1-3, 6-8,

2    9 and 11-13, and overruling all of MGA's objections and limitations. Mattel contends that the

3    testimony it seeks is relevant, not unduly burdensome, and not otherwise objectionable as

4    cumulative or duplicative of any other deposition testimony already given in the case.

5    MGA contends that Mattel's Third Notice is invalid because Mattel failed to obtain leave

6    of court to take MGA's deposition after having previously deposed several 30(b)(6) designees.

7    MGA contends that Rule 30(a)(2)(B), Fed.R.Civ.P., requires Mattel to establish good cause for

8    examining MGA any further.  MGA further contends that Mattel has not established the requisite

9    good cause, and instead improperly has attempted to shift the burden of proof to MGA to justify

10   its objections to the Third Notice.  Lastly, MGA contends that Mattel has had many opportunities

11   to obtain, and in many cases has already obtained, the information it now moves to compel.

12                                   III. STANDARDS

13   Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

14   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

15   party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

16   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

17   Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court shall limit the frequency or extent of

18   use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably

19   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

20   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

21   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

22   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

23   amount in controversy, the parties' resources, the importance of the issues at stake in the

24   litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

25   26(b)(2)(C).

26   Pursuant to Rule 30, Fed.R.Civ.P., a party may take the testimony of any person, including

27   a party, by deposition upon oral examination without leave of court, except as provided in Rule

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                    5

EXHIBIT 36 PAGE 564

Exhibit 10   Page 265

1  30(a)(2), Fed.R.Civ.P.  In particular, Rule 30(a)(2) specifies that a party must obtain leave of

2  court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2),

3  Fed.R.Civ.P., if "the person to be examined already has been deposed in the case."  Fed.R.Civ.P.

4  30(a)(2)(B).

5                                    IV. DISCUSSION

6          As a threshold matter, the parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies

7  to depositions taken pursuant Rule 30(b)(6), Fed.R.Civ.P.  There is caselaw to support each

8  party's position.  See e.g. Ameristar Jet Starter, Inc. v. Signal Composites, Inc., 244 F.3d 189 (1st

9  Cir. 2001) (second Rule 30(b)(6) subpoena issued without leave of court was invalid); In re

10  Sulfuric Acid Antitrust Litig., 2005 WL 1994105 (D. Ill. Aug. 19, 2005) (holding that second

11  Rule 30(b)(6) subpoena issued without leave of court was invalid); Innomed Labs, LLC v. Alza

12  Corp., 211 F.R.D. 237 (S.D. N.Y. 2002) (quashing overbroad 30(b)(6) subpoena issued without

13  leave of court); Quality Aero Tech., Inc. v. Telemetrie Elektronik, 212 F.R.D. 313, 319 (E.D.

14  N.C. 2002) (holding that Rule 30(a)(2)(B) does not apply to Rule 30(b)(6) depositions).  For

15  purposes of the present motion, however, it is unnecessary to resolve this conflict in the law

16  because the debate is purely academic and inconsequential.  As Mattel has requested, Mattel's

17  motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with

18  additional topics.  In evaluating the appropriateness of the topics, it is Mattel's burden to

19  demonstrate that there is good cause for such discovery (see e.g. Boston Scientific Corp. v. Cordis

20  Corp., 2004 WL 1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2),

21  Fed.R.Civ.P.

22                          Hard Drives and Other Storage Devices (Topics 1-3)

23          Topic 1 seeks information regarding the location and disposition of computer hard drives

24  or other storage devices used by specified MGA employees or contractors that contain or

25  contained documents related to the Bratz or Angel projects.  Topic 2 seeks the identification and

26  last known location of any backup, copy or image of the hard drives or storage devices identified

27  in Topic 1.  Topic 3 seeks information regarding MGA's search for and production of documents

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                     6

EXHIBIT 36 PAGE 565

Exhibit 10   Page 266

1    and digital information from the hard drives and storage devices referenced in Topic 1.

2        MGA objected to Topics 1-3 as overbroad, unduly burdensome, vague, ambiguous,

3    irrelevant, and not reasonably calculated to lead to admissible evidence.  MGA also objected to

4    Topics 1-3 to the extent that the information sought is obtainable through other more convenient,

5    less burdensome and less expensive means.  Lastly, MGA objected to Topics 1-3 as unreasonably

6    cumulative and duplicative of information already provided by Ken Lockhart, Vice President and

7    Chief Information Officer for MGA.

8        Topics 1-3 unquestionably seek information that is relevant within the meaning of Rule

9    26(b)(1), Fed.R.Civ.P., which specifically authorizes discovery regarding any matter, not

10   privileged, that is relevant to the claim or defense of any party, including "the existence,

11   description, nature, custody, condition, and location of any books, documents or other things."  A

12   portion of the discovery sought, however, is unreasonably cumulative and duplicative of

13   information already provided by Mr. Lockhart.  MGA designated Mr. Lockhart as a 30(b)(6)

14   witness to testify about MGA's retention, destruction and data back-up policies, MGA's digital

15   information systems and application software, employees' electronic messaging systems, and

16   MGA's policies regarding the use of transportable media.  Mr. Lockhart testified about the

17   location and disposition of MGA employees' hard drives and storage devices in general.

18       Mattel contends that Topics 1-3 differ from the topics in the Second Notice and the

19   testimony previously given by Mr. Lockhart in that Mattel now seeks information about the

20   locations and dispositions of hard drives used by 24 named individuals.  Mattel contends that the

21   testimony it seeks will enable it to assess MGA's production, including whether any documents

22   requested or compelled by the Court were destroyed, not collected or otherwise made unavailable

23   to Mattel.  Mattel's Reply at p.7.

24       Although Mattel's stated objective for seeking testimony regarding Topics 1-3 may be

25   legitimate, the burden and expense of a Rule 30(b)(6) deposition is not justified under the

26   circumstances of this case.  Mattel has accused MGA of obstructing discovery, and in particular

27   withholding Bryant's computer.  There is no evidence, however, to suggest that MGA has refused

28

Bryant v. Mattel, Inc.,                                                                                    7
CV-04-09049 SGL (RNBx)

EXHIBIT 36 PAGE 566

Exhibit 10   Page 267

1   or failed to search for and produce responsive documents located on the hard drives of the other

2   individuals named in Topic 1.  It is burdensome and expensive to prepare a witness to testify

3   about the locations and dispositions of hard drives used for 24 different individuals. The likely

4   benefit of undergoing such a burden and expense is doubtful.  Furthermore, there are other less

5   burdensome and less expensive means of assessing whether MGA has complied with its

6   discovery obligations, including for example, document requests and interrogatories.  Therefore,

7   Mattel's motion is denied as to Topics 1-3.

8   <u>Prior Inconsistent Statements to the Press (Topics 6-8)</u>

9          Topics 6-8 seek testimony regarding three public statements made by Isaac Larian

10  regarding who conceived of Bratz.  MGA objected to Topics 6-8 as irrelevant and not reasonably

11  calculated to lead to admissible evidence.  MGA also objected to Topics 6-8 to the extent that the

12  information sought is obtainable through other more convenient, less burdensome and less

13  expensive means.  Further, MGA objected to Topics 6-8 as unreasonably cumulative and

14  duplicative of information already provided by MGA and/or Carter Bryant.  MGA also objected

15  to a deposition on these Topics "to the extent that the statements referenced above were not made

16  by MGA as a corporate actor and thus they are not the appropriate subject of a 30(b)(6)

17  designation." Zeller Decl., Ex. 24.

18         Mattel contends that Topics 6-8 are the proper subject of a Rule 30(b)(6) deposition

19  because each of the statements identified therein was made by MGA's Chief Executive Officer,

20  Isaac Larian.  Mattel acknowledges that it already deposed Isaac Larian regarding one of the

21  articles identified in Topics 6-8, but contends that it is not attempting to re-depose him.  Rather,

22  Mattel contends that it is entitled to elicit testimony that will bind the corporation so that it will

23  not be "sandbagged" at trial.  Mattel's Reply at p.6.

24         MGA accuses Mattel of misusing the 30(b)(6) procedure when Mattel knows that Isaac

25  Larian is the person who should be, and already has been, deposed about the statements identified

26  in Topics 6-8.  MGA also contends that Mattel opted to limit its examination of Isaac Larian to

27  one article, and that Mattel's failure to fully question Isaac Larian in no way justifies deposing

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT 36 PAGE 567**

Exhibit 10   Page 268

1  MGA now.  MGA also contends that Mattel could avail itself of other discovery methods, such as

2  interrogatories or requests for admission, to obtain further information about the publications

3  identified in Topics 6-8.

4      Topics 6-8 seek information relevant to the central issue in the case:  who conceived of

5  Bratz.  Mattel's use of the 30(b)(6) procedure is justified in order to obtain testimony that will

6  bind the corporation.  The testimony Mattel now seeks is not unreasonably cumulative or

7  duplicative of testimony it has already sought from Isaac Larian because Mattel previously

8  questioned Isaac Larian about only one of the articles identified in Topics 6-8.  Further, the likely

9  benefit to Mattel of testimony from Isaac Larian (or another corporate designee) regarding Topics

10 6-8 outweighs the burden and expense to MGA, given the importance of the testimony Mattel

11 seeks.  Mattel's motion is granted as to Topics 6-8.

12                         "Test Projects" for MGA (Topic 9)

13     In Topic 9, Mattel seeks the identity of each person MGA had perform or who MGA

14 requested, asked or solicited to perform, any "test project" in advance of or in consideration of

15 employment by MGA since January 1, 1995.  MGA objected to Topic 9 as irrelevant, not

16 reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly

17 burdensome, and unreasonably cumulative and duplicative.  MGA also objected to Topic 9 as

18 vague and ambiguous, particularly with respect to the term "test project."  MGA also objected to

19 Topic 9 to the extent that the information sought is obtainable through other, more convenient,

20 less burdensome and less expensive means.  MGA also objected to Topic 9 as seeking

21 confidential, proprietary, and commercially sensitive information with no relevance to the

22 litigation.

23     When Carter Bryant was deposed by Mattel, he testified that he "did sort of a tryout kind

24 of a project for" MGA.  Zeller Decl., Ex. 29 at 9:19-20.  He also referred to this "tryout" project

25 as a "test assignment."  Id. at 515-516.  In light of Bryant's testimony, Mattel's stated purpose of

26 Topic 9 is to "obtain information that will refute MGA and Bryant's assertions that Bryant's

27 working for MGA while employed by Mattel was no different than a supposedly standard

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 36 PAGE 568

Exhibit 10   Page 269

1    industry practice of having candidates for creative positions make artwork as part of the job

2    interview." Mattel's Motion at p.22.

3         MGA acknowledges that Mattel provided a definition for the phrase "test assignment" in

4    its motion papers. MGA's Opposition at p.10.  MGA nevertheless contends that Topic 9 remains

5    objectionable as overbroad, reasoning that it would require MGA to provide information "with

6    regard to how it proceeded with hiring virtually every single employee hired since 1995."

7    MGA's Opposition at p.9.  MGA also contends that it would be unduly burdensome to require

8    MGA to have a designee review and potentially memorize information about every single person

9    who has applied for a job at MGA since 1995, particularly when Bryant only began working for

10   MGA in 2000.  MGA contends that a contention interrogatory is more appropriate than a 30(b)(6)

11   deposition to obtain the information called for in Topic 9.

12        Topic 9 seeks information relevant to one of MGA and Bryant's defenses, namely their

13   claim that Bryant's work for MGA while employed by Mattel was no different than a standard

14   industry practice of having candidates for creative positions make artwork as part of the job

15   interview.  Topic 9, however, is objectionable because it is overbroad and burdensome.  In

16   particular, Topic 9 is overbroad in terms of the specified time frame because Bryant did not begin

17   working at MGA until the year 2000.  Topic 9 is also objectionable because the information

18   sought is more appropriately obtained through a contention interrogatory, which would be

19   significantly less burdensome and less expensive than a 30(b)(6) deposition.  Therefore, Mattel's

20   motion is denied as to Topic 9.  In lieu of taking a 30(b)(6) deposition on Topic 9, Mattel is

21   granted leave to serve a contention interrogatory regarding Topic 9 limited to the years 1998

22   through 2004.

23   <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi (Topics 11-13)</u>

24        In Topics 11-13, Mattel seeks information regarding payments made by MGA to Isaac

25   Larian (Topic 11), Farhad Larian (Topic 12), and Morad Zarabi (Topic 13).  MGA objected to

26   these Topics as irrelevant, not reasonably calculated to lead to the discovery of admissible

27   evidence, overbroad, unduly burdensome, and unreasonably cumulative and duplicative.  MGA

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

10

EXHIBIT 36 PAGE 569

Exhibit 10   Page 270

1   also objected to Topics 11-13 to the extent that the information sought is obtainable through

2   other, more convenient, less burdensome and less expensive means.  MGA also objected to

3   Topics 11-13 as seeking confidential, proprietary, and commercially sensitive information with no

4   relevance to the litigation.

5        Mattel explains that Morad Zarabi arbitrated a dispute between Isaac Larian and Farhad

6   Larian that involved the timing of the creation of Bratz.  More specifically, Farhad Larian claimed

7   that Isaac Larian concealed from him MGA's development with Carter Bryant of Bratz dolls and

8   alleged that Bryant began working with MGA during a time Bryant was employed by Mattel.

9   Mattel considers all three individuals involved in the arbitration as witnesses in this litigation, and

10  therefore seeks information that may establish their bias.  Mattel also emphasizes that Isaac

11  Larian is a party to the litigation, and that payments made by MGA to him are relevant to Mattel's

12  claim for punitive damages, and may be used as impeachment evidence.  Lastly, although Mattel

13  acknowledges that it deposed Isaac Larian regarding payments he received from MGA, Mattel

14  contends that it is entitled to testimony from MGA to corroborate or refute his testimony.

15       MGA contends that Topics 11-13 are not relevant to this lawsuit.  In particular, MGA

16  objects to Topics 12 and 13 as seeking "private financial records of persons who are neither

17  parties nor witnesses in this action, and whose only connection is knowing people involved in the

18  lawsuit."  MGA's Opposition at p. 13.  With regard to payments to Isaac Larian, MGA contends

19  that Mattel already had the opportunity to ask him about payments during his deposition.  MGA

20  also contends that Mattel is not entitled to conduct discovery regarding Isaac Larian's net worth at

21  this time.  Even if Mattel is entitled to conduct such discovery, MGA contends that payments

22  made to him would not establish his net worth because they represent only one of many sources

23  of income and do not account for his other assets and liabilities.

24       MGA's payments to Isaac Larian and Farhad Larian are relevant to the claims and

25  defenses in the case.  Payments to Isaac Larian and Farhad Larian may also show possible bias

26  and be used for impeachment purposes.  Moreover, MGA's payments to Isaac Larian may be

27  relevant to Mattel's claim for punitive damages.  Payments to Isaac Larian are a component of his

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                              11

**EXHIBIT 36 PAGE 570**

Exhibit 10   Page 271

1    net worth, even if they represent one source of income. The burden of producing such information

2    does not outweigh its relevance, taking into consideration the circumstances of this case.

3    Furthermore, there is no stay on discovery pertaining to punitive damages. Accordingly, Mattel's

4    motion is granted as to Topics 11 and 12.

5         In contrast, MGA's payments to Morad Zarabi are irrelevant. His only connection to this

6    litigation appears to be with the arbitration proceedings. Any potential relevance of MGA's

7    payments to Morad Zarabi is outweighed by the burden and the intrusion into his private financial

8    affairs. Mattel's motion is denied as to Topic 13.

9                                  V. CONCLUSION

10        For the reasons set forth above, it is hereby ordered as follows:

11        1.    Mattel's motion to compel is granted as to Topics 6-8, 11 and 12.

12        2.    Mattel's motion to compel is denied as to Topics 1-3, 9 and 13. In lieu of taking a

13   deposition on Topic 9, Mattel is hereby granted leave to serve a contention interrogatory

14   regarding Topic 9 that is limited to the years 1998 through 2004.

15        3. Mattel's request for sanctions is denied.

16   Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

17   Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20   Dated: September 25, 2007

                                     HON. EDWARD A. INFANTE (Ret.)
21                                   Discovery Master

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,                                                                    12
CV-04-09049 SGL (RNBx)


EXHIBIT 36 PAGE 571


Exhibit 10   Page 272

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 26, 2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES PURSUANT TO THIRD NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cms@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 26, 2007, at San Francisco, California.

_Sandra Chan_
                    Sandra Chan

**EXHIBIT 36 PAGE 572**

Exhibit 10   Page 273