**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
MARK E. OVERLAND (State Bar No. 38375)
moverland@obsklaw.com
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@obsklaw.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@obsklaw.com
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

Attorneys for
Carlos Gustavo Machado Gomez

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC.,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with CV 04-9059 and CV 05-2727<br><br>**CARLOS GUSTAVO MACHADO GOMEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND COMPEL CARTER BRYANT AND CARLOS GUSTAVO MACHADO GOMEZ TO PROVIDE PRESERVATION AFFIDAVITS; DECLARATION OF ALEXANDER H. COTE IN SUPPORT THEREOF**<br><br>Date:　　　　January 7, 2008<br>Time:　　　　10:00 AM<br>Place:　　　　Courtroom 1<br><br>**Phase 1**<br>Discovery Cut Off:　January 28, 2008<br>Pre-Trial Conf.:　　May 5, 2008<br>Trial Date:　　　　May 27, 2008 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE MOTION IS MOOT

On November 27, 2007, counsel for Gustavo Machado wrote to Mattel's counsel, enclosing Mr. Machado's declaration regarding document preservation. (Cote Decl. Ex. A.) As the declaration has been provided, the motion should be denied as moot.[1]

## II. NO SANCTIONS SHOULD ISSUE

Mattel's request for sanctions is completely unsupported. First, Mattel claims that "[s]anctions are justified here as a deterrent and to obtain compliance." (Motion at 10:16.) That basis is inapplicable here, since Mr. Machado has already complied with the Court's order.

Second, Mattel cannot even keep its own story straight. On the one hand, Mattel alleges that counsel for Mr. Machado *refused* to "provide the affidavit because the criminal prosecution against him by Mexican authorities has limited his ability to travel out of Mexico." Yet, earlier in its motion, Mattel admits that Mr. Machado's counsel informed Mattel that a declaration would be forthcoming. (*Compare* Motion at 4:12-16 *and* Motion at 5:15-16.) Clearly, Mattel cannot be entitled to sanctions after this mendacious display.

---

[1] Mr. Machado understands that counsel for Carter Bryant may take the position that the Court's order regarding document preservation declarations was not meant to apply to individual defendants, such as Mr. Bryant and Mr. Machado, as such individuals do not have "preservation policies" regarding document retention. Mr. Bryant's position appears to depend, at least in part, on statements made by the Court during the hearing that precipitated the order. Mr. Machado was not represented at that hearing, and therefore, cannot dispute Mr. Bryant's interpretation of events. Although Mr. Bryant's interpretation of the Court's order sounds eminently reasonable to Mr. Machado, he nonetheless voluntarily provided a declaration at Mattel's request.

- 1 -

Third, the alleged delay described by Mattel is greatly exaggerated. Counsel for Mr. Machado requested to be substituted into this case on September 28, 2007, and that request was not granted until October 2, 2007. As a result, Mr. Machado's present counsel was unaware of the Court's August 27, 2007 order until Mattel raised the issue in correspondence on September 26, 2007.[2] (Cote Decl. Ex. B.) Nevertheless, Mattel's September 26 letter requested that the parties meet and confer regarding the Court's order (*see* Cote Decl. Ex. B at 2), and counsel for Mr. Machado met willingly with Mattel on October 17, 2007 (*see* Motion at 4:8). Mattel never requested an earlier meeting of counsel, and never objected that the October 17, 2007 meeting should occur earlier. Within two weeks of that meeting, the declaration had been signed by Mr. Machado. (Cote Decl. Ex. A.)

However, the Court had imposed a "hard stay" on all matters in the case on October 31, 2007. As a result, counsel for Mr. Machado did not produce the declaration during the stay. Once the stay was lifted, on November 14, 2007, Mattel never renewed its request for the declaration, even though, as Mattel now admits, it knew Mr. Machado would be providing one.

Instead, Mattel filed the instant motion. Had counsel for Mattel made a brief phone call or sent a quick email after the stay expired, counsel for Mr. Machado would have been happy to provide the declaration. Instead of extending even that modicum of professional courtesy, however, Mattel instead chose to waste the Court's time and the parties' expense in completely unnecessary motion practice.

If any party is guilty of "multipl[ying] the proceedings in any case unreasonably and vexatiously" it is Mattel, not Mr. Machado. (Motion at 10:8-15 (*citing* 28 U.S.C. § 1927).) Accordingly, Mr. Machado respectfully requests that

---

[2] This letter was addressed to Mr. Machado's former counsel. (Cote Decl. Ex. B.)

- 2 -

1 Mattel be admonished to extend professional courtesy to its adversaries and refrain from bringing such unnecessary motions in the future.

For the foregoing reasons, Mattel's motion should be denied as moot and its request for sanctions denied in its entirety.

DATED: December 24, 2007

OVERLAND BORENSTEIN SCHEPER & KIM LLP
MARK E. OVERLAND
DAVID C. SCHEPER
ALEXANDER H. COTE


By: \_\_\_\_/s/_____
    Alexander H. Cote
    Attorneys for CARLOS GUSTAVO MACHADO GOMEZ

## DECLARATION OF ALEXANDER H. COTE

I, ALEXANDER COTE, declare as follows:

1. I am an attorney at Overland Borenstein Scheper & Kim LLP. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. Attached hereto as Exhibit A is a true and correct copy of my November 27, 2007 letter to counsel for Mattel. Enclosed with that letter was Mr. Machado's declaration.

3. Attached hereto as Exhibit B is a true and correct copy of Mattel's counsel's September 26, 2007 correspondence (without enclosure), which I received from Mr. Machado's former counsel.

I declare under penalty of perjury that the foregoing is true. Executed this 24th day of December, 2007 at Los Angeles, California.

/s/
Alexander H. Cote

-4-