QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES (NOS. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49 AND 50) BY THE MGA PARTIES; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of B. Dylan Proctor and Separate Statement filed concurrently]<br><br>Hearing Date:    TBD<br>Time:            TBD<br>Place:           TBD<br><br>Phase 1:<br>Discovery Cut-off:      January 28, 2008<br>Pre-trial Conference:   May 5, 2008<br>Trial Date:             May 27, 2008 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a hearing before Discovery Master

3  Hon. Edward Infante (Ret.) that will occur on a date and at a time and place to be

4  determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,

5  move the Court to (1) overrule the objections of MGA Entertainment, Inc., MGA

6  Hong Kong, MGAE de Mexico S.R.L. de C.V. and Isaac Larian (collectively

7  "MGA") in their responses to Mattel's Revised Third, Amended Fourth, Fifth and

8  Seventh Sets of Interrogatories, and (2) compel those parties to answer completely

9  Interrogatory Nos. 27-44 and 46-50.

10          This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 26,

11  33(b)(5) and 37(a) on the grounds that Mattel's Interrogatories seek discoverable

12  information and MGA's objections lack merit.

13          This Motion is based on this Notice of Motion and Motion, the

14  accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan

15  Proctor and Separate Statement filed concurrently, the records and files of this

16  Court, and all other matters of which the Court may take judicial notice.

17                **<u>Statement of Rule 37-1 Compliance</u>**

18          The parties met and conferred regarding MGA's Responses to Mattel's

19  Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of Interrogatories on

20  December 10, 2007 and at times thereafter.

21

22  DATED: December 20, 2007     QUINN EMANUEL URQUHART OLIVER &
                           HEDGES, LLP

23

24                  By  *B. Dylan Proctor /HM*

25                     B. Dylan Proctor
                   Attorneys for Plaintiff

26

27

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ............................................................................. 1

BACKGROUND ..................................................................................................... 4

ARGUMENT ........................................................................................................... 9

I.   MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS INTERROGATORIES ................................................................................... 9

II.  MGA'S OBJECTIONS SHOULD BE OVERRULED ................................. 10

    A.   MGA's Boilerplate Objections Lack Merit ......................................... 10

    B.   MGA's Objections to Interrogatories Requesting "All Facts" ............. 12

III. MGA SHOULD BE COMPELLED TO PROVIDE COMPLETE RESPONSES TO MATTEL'S INTERROGATORIES ................................. 18

    A.   Mattel's Interrogatories About The Identity Of Bratz Inventions ........ 18

    B.   Mattel's Interrogatory About The Identity Of Former Mattel Employees Hired By MGA ................................................................... 22

    C.   Mattel's Interrogatories Seeking Dates On Which The Products MGA Alleges Were Copied or Infringed Originated .......................... 23

    D.   Mattel's Interrogatories About The Trade Dress MGA Claims Mattel Products Infringe .................................................................... 24

    E.   Mattel's Interrogatory About The Identity of MGA's Bank Accounts ............................................................................................. 25

    F.   Mattel's Contention Interrogatories ................................................... 29

    G.   Mattel's Interrogatories About MGA's Searches For Documents And Storage Devices Containing Evidence Of Early Work On Bratz .................................................................................................. 32

    H.   Mattel's Interrogatory Regarding MGA's Substitution of Counsel ...... 36

CONCLUSION ....................................................................................................... 39

# TABLE OF AUTHORITIES

**Page**

## Cases

Adams v. Murakami,
  54 Cal. 3d 105 (1991)..................................................................27

Ameriwood Industries v. Liberman,
  2006 WL. 3825291 (E.D. Mo. 2006) ............................................34

Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
  1995 WL. 625953 (D. Kan. 1995)................................................14

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
  2006 WL. 3253636 (N.D. Ill. 2006) ........................................13, 18

Bessier v. Precise Tool & Eng'g Co., Inc.,
  778 F. Supp. 1509 (W.D. Mo. 1991)............................................27

Blowers v. Lawyers Co-op. Pub. Co.,
  1982 WL. 221 (W.D.N.Y. 1982)..................................................38

Britton v. Car Toys, Inc.,
  2007 WL. 1395290 (D. Colo. 2007) ............................................27

Chapman v. California Dept. of Education,
  2002 WL. 32854376 (N.D. Cal. 2002)......................................14, 17

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
  1989 WL. 92038 (E.D.N.Y. 1989)..............................................11

Dang v. Cross,
  2002 WL. 432197 (C.D. Cal. 2002)............................................13

Gaeta v. Perrigo Pharmaceuticals Co.,
  2007 WL. 3343043 (N.D. Cal. 2007)...........................................17

Garcia v. City of El Centro,
  214 F.R.D. 587 (S.D. Cal. 2003).................................................37

George v. Siemens Indus. Automation, Inc.,
  182 F.R.D. 134 (D.N.J. 1998) .....................................................38

In re Grand Jury Investigation,
  974 F.2d 1068 (9th Cir. 2002).....................................................37

Josephs v. Harris Corp.,
  677 F.2d 985 (3d Cir. 1982) ...........................................14, 17, 21

King v. E.F. Hutton & Co.,
  117 F.R.D. 2 (D.D.C. 1987) .......................................................11

King v. Georgia Power Co.,
    50 F.R.D. 134 (N.D. Ga. 1970) .................................................................. 15

Lawrence v. First Kansas Bank & Trust, Co.,
    169 F.R.D. 657 (D. Kan. 1996) .................................................................. 14

Miller v. National School of Health Technology,
    73 F.R.D. 628 (E.D. Pa. 1977) ............................................................. 10, 18

Mitchell v. National R.R. Passenger Corp.,
    208 F.R.D. 455 (D.D.C. 2002) ................................................................... 11

Morgan v. Woessner,
    997 F.2d 1244 (9th Cir. 1993) ................................................................... 26

Nagele v. Electronic Data Systems Corp.,
    193 F.R.D. 94 (W.D.N.Y. 2000) ................................................................ 10

North Dakota Fair Housing Council, Inc. v. Allen,
    298 F. Supp. 2d 897 (D.N.D. 2004) ........................................................... 27

Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,
    120 F.R.D. 504 (W.D. La. 1988) ................................................................ 37

Oakes,
    179 F.R.D. at 286 ....................................................................................... 26

Pension Ben. Guar. Corp v. Ziffer,
    1994 WL. 11654 (N.D. Ill. 1994) ............................................................... 14

Playboy Enterprises, Inc. v. Welles,
    60 F. Supp. 2d 1050 (S.D. Cal. 1999) ....................................................... 34

Ramirez v. Nicholson,
    2007 WL. 2990283 (S.D. Cal. 2007) ........................................................... 9

Roesberg v. Johns-Manville Corp.,
    85 F.R.D. 292 (E.D. Pa. 1980) .......................................................... 10, 21, 35

Safeco of Am. v. Rawstron,
    181 F.R.D. 441 (C.D. Cal. 1998) .......................................................... 14, 16

Seff v. General Outdoor Advertising Co.,
    11 F.R.D. 597 (N.D. Ohio 1951) ................................................................ 15

Simons Prop. Group L.P. v. Simon, Inc.,
    194 F.R.D. 639 (S.D. Ind. 2000) ................................................................ 34

Tennison v. San Francisco,
    226 F.R.D. 615 (N.D. Cal. 2005) ............................................................... 13

Thomas & Betts Corp. v. Panduit Corp.,
    1996 WL. 169389 (N.D. Ill. 1996) ............................................................. 18

Trane Co. v. Klutznick,
   87 F.R.D. 473 (W.D. Wis. 1980) ................................................................ 9, 18

Twigg v. Pilgrim's Pride Corp.,
   2007 WL. 676208 (N.D. W. Va. 2007)...................................................... 13

U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
   2000 WL. 307470 (C.D. Cal. 2000) .......................................................... 26

Upjohn Co. v. United States,
   449 U.S. 383 (1981) ..................................................................................... 37

Walker v. Lakewood Condominium Owners Ass'n,
   186 F.R.D. 584 (C.D. Cal. 1999) .................................................. 14, 17, 21

Williams v. The Art Inst. of Atl.,
   2006 WL. 3694649 (N.D. Ga. 2006)......................................................... 13

Wilson v. Thompson/Center Arms Co.,
   2006 WL. 3524250 (E.D. La. 2006) .......................................................... 13

Wright v. Touhy,
   2003 WL. 22439864 (N.D. Ill. 2003)....................................................... 15

Zapata v. IBP, Inc.,
   1997 WL. 122588 (D. Kan. 1997).............................................................. 13

### Statutes

Fed. R. Civ. P. 26(b)(1) ...................................................................... 9, 15, 33

Fed. R. Civ. P. 30(b)(6)  ................................................................ 27, 28, 29

Fed. R. Civ. P. 33............................................................................................ 9

Fed. R. Civ. P. 33(a)(2) ............................................................................... 11

Fed. R. Civ. P. 33(b)(4) ............................................................................... 10

Fed. R. Civ. P. 34(a) ..................................................................................... 33

Fed. R. Civ. P. 69(a) ............................................................................... 27, 28

### Other Authorities

8A Wright & Miller, supra, § 2174 .......................................................... 21

California Rule of Professional Conduct 3-700(c)................................. 38

Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1734 (Rutter's Group 2007)............ 11

Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174 ................. 15

1 | Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970)................... 37
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The responses of the MGA Parties to Mattel's Revised Third, Amended Fourth, Fifth and Seventh Sets of Interrogatories are woefully deficient. Though MGA provides partial answers for most interrogatories, all the responses are significantly limited. Among other things, MGA has confirmed that each of these partial responses merely lays out the "basic facts" on which it intends to rely, and no details, and in many cases the responses are limited because MGA unilaterally disregarded the definitions in Mattel's requests. Although MGA has promised to provided supplemental responses in several weeks, it refuses to commit to provide complete responses, will not specify what interrogatories it intends to supplement, and has made clear that it will not supplement its responses (or non-responses) to many of Mattel's interrogatories. MGA refuses to provide any response at all to some of Mattel's interrogatories. Accordingly, MGA's objections and limitations should be overruled and it should be compelled to provide full and complete responses to Mattel's interrogatories.[1]

The interrogatories at issue go to central issues in the case, primarily MGA's contentions on key points in dispute. In particular, the Interrogatories cover:

---

[1]  Because the responses of MGA Entertainment, Inc., MGA Hong Kong, MGAE de Mexico S.R.L. de C.V. and Isaac Larian are substantially similar in most cases, they will be treated jointly except where it is necessary to distinguish their various responses.

1    •    MGA's contentions regarding which Bratz inventions were created
2  before, during and after Carter Bryant's Mattel employment;[2]

3    •    the identity of electronic storage devices MGA used prior to 2002 for
4  digital information related to Bratz;[3]

5    •    the identity of the sources of information from which MGA has
6  collected documents in this litigation which relate to Bratz and the time
7  period prior to February 28, 2001;[4]

8    •    the facts allegedly supporting MGA's contention that the Bratz dolls are
9  not based on designs Bryant created while employed by Mattel;[5]

10   •    MGA's contentions on central issues about Mattel's claims against
11  MGA, Bryant and others, including how Carter Bryant's Inventions
12  Agreement with Mattel and his assignment of rights to Bratz inventions to
13  MGA and services with or for MGA while employed by Mattel affect who
14  owns the rights to Bratz inventions, and the alleged basis for MGA's claims
15  that it purportedly acted with innocent intent;[6]

16   •    the identity of MGA's bank or financial accounts;[7]

17   •    the identity of former Mattel employees that have been employed by
18  MGA;[8]

19

20

21

_____

22  [2]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-
23  10 (Nos. 27, 28, 29), Proctor Dec., Exh. 7.
    [3]  Id. at 13 (No. 40).
24  [4]  Id. at 9 (No. 47).
    [5]  Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7
25  (No. 42), Proctor Dec., Exh. 9.
26  [6]  Id. at 10-12 (Nos. 30-38).
    [7]  Id. at 13 (No. 39).
27  [8]  Id. at 13 (No. 41).
28

1    •    relevant, non-privileged facts concerning the dispute leading to the

2    withdrawal of MGA's prior counsel that relate to MGA's handling of

3    discovery in this case;[9]

4    •    the facts supporting key contentions relating to MGA's claims  against

5    Mattel, including MGA's contentions that Mattel has copied, infringed or

6    diluted MGA's trade dress;[10] and

7    •    the relevant dates regarding the products MGA asserts Mattel has

8    copied or infringed;[11]

9    MGA has already conceded that Mattel is entitled to responses for most

10   of these interrogatories -- it has already provided a partial response to all but Nos.

11   39, 46 and 47.  It has also promised to provide supplemental responses in January.

12   However, MGA refuses to provide full and complete answers to disclose in detail

13   the facts that support its various contentions; narrowly and artificially limits its

14   responses by ignoring Mattel's definitions; and refuses to identify the documents on

15   which it relies with any specificity.   Those refusals are unfounded.   Mattel's

16   interrogatories address MGA's own contentions on central issues relating to both

17   Mattel's claims and MGA's claims and other crucial matters.  Fully responding to

18   Mattel's interrogatories will undoubtedly require some effort, but there is nothing

19   "undue" about that burden in this major, high stakes litigation.  MGA's objections

20   should be overruled, and it should be compelled to provide complete responses to

21   Interrogatory Nos. 27-44 and 46-50.[12]

22

23   [9]   Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9 (No. 46),

24   Proctor Dec., Exh. 10.

25   [10]   Mattel's Seventh Set of Interrogatories, dated October 25, 2007, at 7
     (Nos. 48-50), Proctor Dec., Exh. 12.

26   [11]   Id. at 7-8 (Nos. 43, 44).

27   [12]   As one of its many objections, MGA claims in its responses that Mattel has
     purportedly exceeded the fifty interrogatory limit set by the Court.  See, e.g., MGA

28   (footnote continued)

## Background

Mattel's Third Set of Interrogatories.   On June 7, 2007, Mattel served its Third Set of Interrogatories on four Defendants -- MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian and Carter Bryant -- asking each of them the same nineteen questions.[13]   Rather than respond, each Defendant served only objections on July 9, 2007, and refused to withdraw any of their boilerplate objections during the parties' meet and confer.[14] Defendants then filed a motion for protective order, claiming that Mattel had exceeded the fifty "per side" interrogatory limit established by the Court.[15]   On July 17, 2007, Mattel moved to compel responses.[16]

---

Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Fifth Set of Interrogatories, dated November 19, 2007, at 8, Proctor Dec., Exh. 15. This objection is clearly erroneous and directly contravenes the Discovery Master's September 5, 2007 Order, which provided that an interrogatory that asks a defendant to "state all facts," "identify all persons with knowledge of such facts," and "identify all documents" counts as a single interrogatory. Order Granting Joint Motion for Protective Order, dated September 5, 2007, at 5-7, Proctor Dec., Exh. 33. In any case, during the meet and confer process, counsel for MGA represented to Mattel that MGA is *not* refusing to respond to any of Mattel's interrogatories based on this objection. See Letter from B. Dylan Proctor to Timothy A. Miller, dated December 13, 2007, at 1, Proctor Dec., Exh. 5. Based on that representation, Mattel does not address it further in this motion.

[13]   Mattel's Third Set of Interrogatories, dated June 7, 2007, Proctor Dec., Exh. 34.

[14]   MGA's Objections and Responses to Mattel's Third Set of Interrogatories, dated July 9, 2007, Proctor Dec., Exh. 35. The other Defendants' objections are substantively similar to MGA's.

[15]   Defendants' Joint Motion for Protective Order Regarding Mattel's Interrogatories, dated July 10, 2007, Proctor Dec., Exh. 36.

[16]   Mattel's Motion to Compel Responses to Interrogatories (Third Set) By MGA Entertainment, Inc., Isaac Larian, Carter Bryant and MGA Entertainment (HK) Ltd, dated July 17, 2007, Proctor Dec., Exh. 37.

1           The Court's September 5, 2007 Order.   The Discovery Master ruled on

2    the parties' respective motions on September 5, 2007.  The Court held that:  (1) an

3    identical interrogatory served on several defendants is counted as only one

4    interrogatory;[17] (2) an interrogatory that asks a defendant to "state all facts,"

5    "identify all persons with knowledge of such facts," and "identify all documents" is

6    likewise counted as a single interrogatory;[18] and (3) an interrogatory "that covers

7    multiple claims, legal theories or other subjects" is counted as a separate

8    interrogatory for each such claim, theory or subject.[19]  Based on this final holding,

9    the Court concluded that Mattel had exceeded the fifty interrogatory limit because

10   its interrogatories seeking the bases for defendants' multitude of affirmative

11   defenses counted as multiple interrogatories.[20]  In so ruling, however, the Discovery

12   Master expressly granted Mattel leave to serve revised interrogatories consistent

13   with the Order.[21]

14          Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets

15   of Interrogatories.   Mattel served its Revised Third Set of Interrogatories on

16   defendants Carter Bryant, MGA, MGA Hong Kong, MGAE de Mexico S.R.L. de

17   C.V., Isaac Larian and Carlos Gustavo Machado Gomez on September 21, 2007,

18   asking each of them the same fifteen questions (Nos. 27-41).[22]  Consistent with the

19   September 5, 2007 Order, each of the interrogatories in Mattel's Revised Third Set

20

21      [17]   Order Granting Joint Motion for Protective Order, dated September 5, 2007,

22   at 4-5, Proctor Dec., Exh. 33.
        [18]   Id. at 5-7.

23      [19]   Id. at 7-8.

24      [20]   Over defendant's objections, Judge Larson subsequently granted Mattel's
     motion for leave to serve an interrogatory regarding defendants' affirmative

25   defenses.  See Court's Order, dated December 3, 2007, Proctor Dec., Exh. 38.
        [21]   Order Granting Joint Motion for Protective Order, dated September 5, 2007,

26   at 9, Proctor Dec., Exh. 33.

27

28

is addressed to a single issue or theory.[23]   Although some of these interrogatories have not been before the Court previously, the Court has already reviewed a number of them in Mattel's Third Set of Interrogatories.  For example, Interrogatory Nos. 12, 13 and 14 in Mattel's Third Set of Interrogatories are identical to Interrogatory Nos. 27, 28 and 29 in Mattel's Revised Third Set.

Mattel served its Fourth Set of Interrogatories on these same defendants on October 12, 2007, propounding four additional interrogatories (Nos. 42-45).[24] Mattel served an Amended Fourth Set on October 23, 2007, removing one interrogatory (No. 45) and hence reducing the Fourth Set to three interrogatories (Nos. 42-44).[25]   Mattel served its Fifth Set of Interrogatories on defendants on October 19, 2007, asking two additional questions (Nos. 46-47).[26]  Mattel served its Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to replace the previous, withdrawn No. 45 from Mattel's Fourth Set, on October 23, 2007.[27] Mattel served its Seventh Set, which consisted on Interrogatory Nos. 48, 49 and 50, on October 25, 2007.[28]

MGA Parties' Responses and Objections to Mattel's Interrogatories. The MGA Parties served Responses and Objections to Mattel's Revised Third and

---

[22]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, Proctor Dec., Exh. 7.
[23]   Id.
[24]   Mattel's Fourth Set of Interrogatories, dated October 12, 2007, Proctor Dec., Exh. 8.
[25]   Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, Proctor Dec., Exh. 9.
[26]   Mattel's Fifth Set of Interrogatories, dated October 19, 2007, Proctor Dec., Exh. 10.
[27]   Mattel's Sixth Set of Interrogatories, dated October 23, 2007, Proctor Dec., Exh. 11.
[28]   Mattel's Seventh Set of Interrogatories, dated October 25, 2007, Proctor Dec., Exh. 12.

1    Amended Fourth Sets of Interrogatories on November 15, 2007.[29]   They served

2    Responses and Objections to Mattel's Fifth Set of Interrogatories on November 21,

3    2007, and Responses and Objections to Mattel's Sixth and Seventh Sets on

4    November 26, 2007.[30]   These responses were comprised almost entirely of

5    objections.   MGA served supplemental responses to Mattel's Revised Third,

6    Amended Fourth, and Seventh Sets of Interrogatories on November 30, 2007.[31]

7              For the most part, the answers of each of the MGA Parties are

8    substantially similar.   However, in several instances where MGA Entertainment,

9    Inc. provides a partial response, either MGA Entertainment (HK), MGAE de

10   Mexico S.R.L. de C.V. and/or Larian do not, asserting that the interrogatory

11   "appears directed at another party."[32]   In addition, although MGA Entertainment,

12   Inc. provided supplemental responses to Mattel's Seventh Set of Interrogatories,

13   MGA Entertainment (HK), MGAE de Mexico S.R.L. de C.V. and Larian did not.

14              The Parties' Meet and Confers.  On December 10 and 12, 2007, counsel

15   for Mattel and MGA met and conferred regarding the MGA parties' responses to

16   _____

17   [29]   MGA Entertainment, Inc.'s Objections and Responses to Mattel's Revised
18   Third Set of Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 13; MGA
     Entertainment, Inc.'s Objections and Responses to Mattel's Amended Fourth Set of
19   Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 14.
20   [30]   MGA Entertainment, Inc.'s Objections and Responses to Mattel's Fifth Set of
     Interrogatories, dated November 21, 2007, Proctor Dec., Exh. 15; MGA
21   Entertainment, Inc.'s Objections and Responses to Mattel's Sixth Set of
     Interrogatories, dated November 26, 2007, Proctor Dec., Exh. 19.
22
     [31]   MGA's Supplemental Responses to Mattel, Inc.'s Revised Third Set of
23   Interrogatories, dated November 30, 2007, Proctor Dec., Exh. 21.; MGA's
24   Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories,
     dated November 30, 2007, Proctor Dec., Exh. 25.; MGA's Supplemental Responses
25   to Mattel, Inc.'s Seventh Set of Interrogatories, dated November 30, 2007, Proctor
26   Dec., Exh. 29.

27

28

1   Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of
2   Interrogatories.   During these discussions, counsel for MGA confirmed that the
3   responses and supplemental responses MGA has provided to date merely lay out the
4   "basic facts," on which MGA intends to rely, without "details."[33]   As to Mattel's
5   contention interrogatories, MGA explained that all the facts on which it intends to
6   rely are "encompassed" by the facts it has disclosed, but that MGA has not
7   articulated those facts.[34]   Even a cursory review of MGA's responses makes this
8   clear as well, since even the longest of its actual responses remains brief. Mattel, on
9   the other hand, recently served a supplemental interrogatory response that was over
10   110 pages, providing appropriate detail about its contentions.[35]

11        MGA also confirmed that it has unilaterally limited many of its
12   responses by disregarding the definitions in Mattel's requests.[36]   MGA appears to
13   have limited most of its responses through this tactic.  Further, MGA confirmed that
14   it has not and will not identify documents with specificity for Mattel's requests that
15   call for an identification of documents.[37]

16        MGA offered to provide Mattel by January 7, 2007 with what it said
17   should be a "substantial supplement" to many of its responses.[38]   However, MGA
18   would not specify which responses it intended to supplement and refused to commit
19

20   [32]   MGAE de Mexico S.R.L. de C.V.'s Supplemental Responses to Mattel, Inc.'s
21   Revised Third Set of Interrogatories, dated November 30, 2007, at 45, Proctor Dec., Exh. 23.
22   [33]   Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec.,
23   Exh. 5.
     [34]   Id. at 1-2.
24   [35]   Proctor Dec., ¶ 40.
25   [36]   Letter from Proctor to Miller, dated December 13, 2007, at 1-2, Proctor Dec., Exh. 5.
26   [37]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27   Exh. 5.
     [38]   Id.
28

1  to provide a full and complete response not limited by objections to *any* of Mattel's
2  interrogatories.[39]  MGA also confirmed that it would not use Mattel's definitions in
3  forming any supplemental responses and would not commit to fully respond in light
4  of the meaning of those terms specified in the interrogatories.  MGA also confirmed
5  that its supplemental responses would not identify the documents it intends to rely
6  on with specificity.[40]

7

8                                  <u>**Argument**</u>
9  **I.    <u>MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS</u>**
10          **<u>INTERROGATORIES</u>**
11              MGA's responses to Mattel's Interrogatories are at odds with both the
12  <u>Federal Rules of Civil Procedure</u> and pertinent case law.  "The Federal Rules allow
13  for broad discovery in civil actions:  'Parties may obtain discovery regarding any
14  matter, not privileged, that is relevant to the claim or defense of any party. . . .
15  Relevant information need not be admissible at trial if the discovery appears
16  reasonably calculated to lead to the discovery of admissible evidence."  <u>Ramirez v.</u>
17  <u>Nicholson</u>, 2007 WL 2990283, at *2 (S.D. Cal. 2007) (quoting <u>Fed. R. Civ. P.</u>
18  26(b)(1)).  <u>Rule</u> 26(b) is liberally interpreted to permit "wide-ranging discovery of
19  information necessary for parties to evaluate and resolve their dispute."  <u>Ramirez</u>,
20  2007 WL 2990283, at *2 (citing <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281,
21  283 (C.D. Cal. 1995)).

22              <u>Rule</u> 33 allows a party to propound interrogatories, for which the
23  responding party is required to furnish such information as is available to the party
24  after conducting a reasonable inquiry.  <u>See</u> <u>Fed. R. Civ. P.</u> 33.  In responding to
25  interrogatories, a party must give "full and complete" answers.  <u>See</u> <u>Trane Co. v.</u>
26  _____
27  [39]  <u>Id.</u>
28

1  Klutznick, 87 F.R.D. 473, 476 (W.D. Wis. 1980); see also Miller v. National School
2  of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977) ("Answers must be
3  complete, explicit and responsive."). "If a party cannot furnish details, he should
4  say so under oath, say why and set forth the efforts he used to obtain the
5  information." Miller, 73 F.R.D. at 632. To the extent a party objects, the burden is
6  on the objecting party to show why an interrogatory is improper. See Roesberg v.
7  Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980).

8  **II.    MGA'S OBJECTIONS SHOULD BE OVERRULED**

9      **A.    MGA's Boilerplate Objections Lack Merit**

10  As an initial matter, the Discovery Master should overrule MGA's
11  boilerplate objections.[41]  MGA asserts that most or all interrogatories are vague and
12  ambiguous, overbroad, unduly burdensome and oppressive, seek information not in
13  the possession, custody or control of MGA, seek information protected by the
14  attorney-client, work product or joint defense privileges, and call for a legal
15  conclusion.[42]  None of the these objections has merit.

16  MGA's generic "overbroad," "unduly burdensome" and "oppressive"
17  objections lack merit, as demonstrated by its failure to specify how the questions are
18  overbroad, burdensome or oppressive.  The most MGA offers is that the
19  interrogatories "contain discrete subparts that require separate, distinct and multiple
20  responses."[43]  MGA's grounds for objecting to an interrogatory must be stated "with
21  specificity." Fed. R. Civ. P. 33(b)(4); Nagele v. Electronic Data Systems Corp., 193

---

[40]  Id.
[41]  For the convenience of the Court, MGA's objections and responses have been set forth verbatim in Mattel's Separate Statement, filed concurrently herewith.
[42]  See e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated November 30, 2007, Proctor Dec., Exh. 21.
[43]  See e.g., id. at 11 (Objs. to No. 27).

1  F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because

2  objecting party failed to particularize basis for objection).  Furthermore, where a

3  party asserts an "overbroad" objection, it still has to answer whatever part of the

4  question is proper and provide a *meaningful explanation* of its basis for its objection

5  to the balance.  See Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc.

6  Before Trial, § 11:1734 (Rutter's Group 2007) (citing Mitchell v. National R.R.

7  Passenger Corp., 208 F.R.D. 455, 458, n.4 (D.D.C. 2002)).  MGA has not met these

8  standards.   MGA's "burdensome," "overbroad," "oppressive" and vagueness

9  objections are boilerplate and should be overruled.

10           MGA also asserts various "privilege" and "legal conclusion" objections

11  to questions that clearly call for, at most, application of law to facts.[44]  All of these

12  objections should be overruled.  Most of the interrogatories at issue are contention

13  interrogatories.  Parties are required to answer interrogatories that ask them to state

14  their contentions about facts or the application of law to facts.  Fed. R. Civ. P.

15  33(a)(2).  Mattel is entitled to learn the facts in MGA's possession which MGA and

16  its counsel believe support its contentions.  Mattel is also entitled to learn which

17  documents relate to, and which persons are knowledgeable about, such facts.  The

18  law is clear that a party cannot avoid responding to interrogatories such as Mattel's

19  by claiming that they call for a legal conclusion or by invoking the attorney-client

20  privilege or the work product doctrine.   Convergent Business Systems, Inc. v.

21  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1989) ("Seeking the

22  facts and documents which support a particular allegation in a complaint violates

23  neither the attorney-client or work product privileges."); King v. E.F. Hutton & Co.,

24  

_____

25  [44]  See e.g., id. at 53 (Objs. to No. 37) ("legal conclusion" objection to

26  interrogatory asking MGA to state facts supporting contention that Bryant did not

27  breach his Inventions Agreement with Mattel when he purported to transfer rights to

    Bratz to MGA).

28

1 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics
2 which a party contends supports a contention do not implicate the attorney work
3 product doctrine:  "If this elementary principle were not applicable, contention
4 interrogatories would not exist.  As the Advisory Committee Note reflects, as to
5 requests for even opinions or contentions that call for the application of law to fact,
6 they are permissible and can be most useful in narrowing and sharpening the issues,
7 which is the major purpose of discovery.").

8     Further, the Court has previously considered, and rejected, these same
9 arguments in connection with Mattel's requests for admission.  There, Bryant relied
10 on "legal conclusion" and "privilege" objections in refusing to comply with his
11 discovery obligations.[45]   The Discovery Master overruled Bryant's "legal
12 conclusion" objection, holding that the plain language of the Federal Rules and
13 relevant case law provided that "requests for admission calling for application of
14 law to facts are permissible."[46]   The Discovery Master concluded that Bryant's
15 "privilege" and "work product" objections were similarly without merit, as "[t]he
16 fact that Bryant may need to consult with counsel to respond to the requests does not
17 make the response privileged."[47]   The Court should similarly overrule these
18 objections here.

19     **B.    MGA's Objections to Interrogatories Requesting "All Facts"**

20     MGA intersperses a few other objections throughout his responses,
21 including that Mattel's interrogatories are purportedly improper because they
22 request "that MGA 'state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all*

23

24

25 [45]   See Order Granting Mattel's Motion to Compel Carter Bryant to Answer
   Requests for Admission or to Order Requests Admitted, dated August 20, 2007, at
26 6-7, Proctor Dec., Exh. 39.

27 [46]   Id. at 6.
   [47]   Id.
28

DOCUMENTS.'"[48]   Relatedly, MGA objects to Mattel's purportedly "negative" interrogatories because they ask "for 'every fact' which supports the denial of a statement or allegation," and because Mattel "bears the burden of proof" on the issues addressed by the interrogatories.[49] These objections also lack merit.

Interrogatories like those served by Mattel are commonly used to elucidate facts regarding a party's contentions, and numerous courts have held them proper.  See, e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC, 2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer interrogatories requesting "all supporting facts, documents, exhibits, testimony and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL 432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that interrogatories requesting "all facts" in support of a denial of a statement were not unduly burdensome); Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12 (N.D. W. Va. 2007) (holding that interrogatory asking party to state "each fact" in support of contention is proper); Wilson v. Thompson/Center Arms Co., 2006 WL 3524250, at *1 (E.D. La. 2006) (overruling vagueness and burden objections, and compelling defendants to "fully respond" to interrogatories requesting "each fact, exhibit and witness" in support of contentions); Williams v. The Art Inst. of Atl., 2006 WL 3694649, at *7 (N.D. Ga. 2006) (granting plaintiff's motion to compel as to interrogatories asking defendant to "[s]tate all facts that support defendant's contentions"); Zapata v. IBP, Inc., 1997 WL 122588, at *1 (D. Kan. 1997) (ordering

---

[48]   See e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated November 30, 2007, at 11 (Objs. to No. 27), Proctor Dec., Exh. 21.
[49]   See e.g., id. at 53 (Objs. to No. 37).

1   defendant to fully answer interrogatory asking for factual basis for each of

2   defendant's defenses, as well as all witnesses with knowledge of and all documents

3   relating to those facts); Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,

4   1995 WL 625953, at *1 (D. Kan. 1995) (approving contention interrogatories

5   seeking "all facts" because "parties 'are entitled to know the factual basis' of the

6   claims, defenses, or denials of their opponents" and rejecting defendant's objection

7   that it could not answer interrogatories because it had not obtained sufficient

8   discovery from plaintiff, as a party "may not withhold discovery solely because it

9   has not obtained to its satisfaction other discovery"); Pension Ben. Guar. Corp v.

10   Ziffer, 1994 WL 11654, at *1 (N.D. Ill. 1994) (stating that interrogatories asking for

11   "all facts" supporting contentions "are appropriately made").

12          MGA relies in its objections on Safeco of Am. v. Rawstron, 181 F.R.D.

13   441, 447-48 (C.D. Cal. 1998), Lawrence v. First Kansas Bank & Trust, Co., 169

14   F.R.D. 657, 663-64 (D. Kan. 1996) and Grynberg v. Total S.A., No. 03-cv-01280-

15   WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006), but these authorities

16   do not undermine Mattel's interrogatories.   Rather, they merely recognize that

17   interrogatories seeking all facts supporting the denial of an assertion may, in some

18   circumstances and in some cases, impose an undue burden.   See Chapman v.

19   California Dept. of Education, 2002 WL 32854376, at *2 (N.D. Cal. 2002) ("While

20   interrogatories that call for all facts, documents and witnesses may, in some

21   circumstances, place an unreasonable burden on the responding party . . . an

22   interrogatory that requests 'all facts' in support of a refusal to admit specific

23   relevant facts is not burdensome and oppressive per se."). MGA has failed to make

24   a specific showing of burden here, and cannot do so. See, e.g., Josephs v. Harris

25   Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the

26   interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not

27   adequate to voice a successful objection."); Walker v. Lakewood Condominium

28

1  Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized
2  objections are inadequate and tantamount to not making any objection at all.").

3              To determine whether an interrogatory imposes an "undue burden,"
4  courts have adopted a "proportionality approach that balances the burden on the
5  interrogated party against the benefit that having the information would provide to
6  the party submitting the interrogatory."  8A Wright & Miller, Federal Practice &
7  Procedure: Federal Rules of Civil Procedure § 2174; see also King v. Georgia Power
8  Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that
9  interrogatory was burdensome and oppressive, even though preparation of answer
10 would be time-consuming and costly, because information was crucial to the issues
11 of the suit and in exclusive custody of defendant); Seff v. General Outdoor
12 Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly
13 burdensome" objection because value of information to plaintiff clearly outweighed
14 any annoyance or expense involved in disclosure by defendant).  Here, as discussed
15 in further detail below, the information sought by Mattel's interrogatories goes to
16 core issues in this case and is exclusively within MGA's possession.  Mattel's need
17 to discover MGA's key contentions clearly outweighs any efforts MGA will be
18 required to undertake to disclose the information in his possession.

19             By MGA's reasoning, a defendant may refuse to disclose facts and
20 other information supporting his own contentions, even though such information is
21 indisputably available to him (and not to the plaintiff), either because he should only
22 have to state some of the facts he intends to rely on or because the plaintiff bears the
23 burden of proof.  Such an approach would subvert the Rules and improperly permit
24 MGA to sandbag Mattel at trial.   See Fed. R. Civ. P. 26(b)(1) (parties may "obtain
25 discovery regarding any nonprivileged matter that is relevant to *any party's* claim or
26 defense") (emphasis added); see also Wright v. Touhy, 2003 WL 22439864, at *4
27 (N.D. Ill. 2003) (the Federal Rules "are designed to promote liberal discovery in an
28 effort to narrow the issues for trial and to prevent unfair surprise").  Indeed, belying

1  MGA's complaints here, defendants themselves have propounded interrogatories
2  seeking "all facts" upon Mattel.[50]

3      Moreover, the Court has previously rejected these objections.
4  Defendants argued precisely these points to Judge Larson when Mattel recently
5  sought leave to serve a supplemental interrogatory, beyond the fifty interrogatory
6  limit, regarding defendants' affirmative defenses.  Defendants claimed that Safeco
7  disapproves Mattel's proposed form of interrogatory.[51]  They claimed that some of
8  their affirmative defenses are "negatives," and that they should not have to state the
9  facts supporting such negative contentions where Mattel bears the burden of proof.[52]
10 They claimed courts disapprove interrogatories which seek all facts, witnesses and
11 documents, like Mattel's.[53]  Judge Larson rejected all of these assertions, and
12 ordered Defendants to answer -- "without objection" -- an interrogatory providing:

13      State the facts upon which YOU intend to rely at trial to support YOUR
14      affirmative defenses, and IDENTIFY all PERSONS with knowledge of
15      those facts and all DOCUMENTS that REFER OR RELATE TO those
16      facts.[54]

17 Just as Judge Larson did not deem it too arduous a task for Defendants to state the
18 facts supporting their affirmative defenses, the Court should compel MGA to state
19 the facts supporting the contentions at issue now as well.

20

21 _____

22  [50]  See Defendant's First Set of Interrogatories Propounded on Plaintiff Mattel,
23 Inc., dated June 14, 2004, Proctor Dec., Exh. 55; MGA's Second Set of
   Interrogatories to Mattel, Inc. dated December 4, 2007, Proctor Dec., Exh. 56.
24  [51]  Defendants' Joint Opposition to Mattel's Motion for Leave to Serve a
25 Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated
   November 19, 2007, at 8, Proctor Dec., Exh. 40.
26  [52]  Id.
27  [53]  Id.
   [54]  Court's Order, dated December 3, 2007, Proctor Dec., Exh. 38.
28

1      MGA objects that for many of the interrogatories, the documents Mattel asks

2 it to identify are "too numerous to identify individually without undue burden to

3 MGA."[55] The objection is groundless. It scarcely can be an undue burden for MGA

4 to specifically identify by Bates number the very documents it contends support its

5 own positions in this case. Nor can it be plausibly argued that because identifying

6 all such documents would be supposedly burdensome, MGA is free to refuse to

7 identify <u>any</u> of them. Courts also frequently approve interrogatories seeking an

8 identification of documents and require that identification to be with specificity.

9 <u>See</u> <u>Chapman v. California Dept. of Educ.</u>, 2002 WL 32854376, at *1-2 (N.D. Cal.

10 2002) (granting party leave to serve interrogatories that required responding party to

11 "identify. . .*with specificity* all documents and other tangible things that support your

12 response and state the name, address, and telephone number of the person who has

13 each document or thing") (emphasis added); <u>Gaeta v. Perrigo Pharmaceuticals Co.</u>,

14 2007 WL 3343043, at *6 (N.D. Cal. 2007) ("To the extent [a responding party] finds

15 that references to specific documents are responsive to [an] interrogatory, [the

16 responding party] shall set forth with specificity the relevant documents, records and

17 literature."). Furthermore, in any event, as MGA cannot make a specific showing of

18 burden, this objection cannot be sustained. <u>See, e.g.</u>, <u>Josephs v. Harris Corp.</u>, 677

19 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was

20 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a

21 successful objection."); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186

22 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are

23 inadequate and tantamount to not making any objection at all.").

24

25 _____

26   [55]  <u>See, e.g.</u>, MGA Entertainment, Inc.'s Supplemental Responses to Mattel,

27 Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at 38, Proctor Dec., Exh. 21.

28

**III.    MGA SHOULD BE COMPELLED TO PROVIDE COMPLETE
RESPONSES TO MATTEL'S INTERROGATORIES**

To date, MGA has provided only partial answers to Interrogatory Nos.
27-38, 40-44, and 48-50, and no response to Nos. 39, 46 and 47.  These responses
are clearly inadequate.  In fact, MGA conceded as much when it offered to provide
Mattel with what it said would be a "substantial supplement" to many of its
responses on January 7, 2007.[56]  However, MGA (1) refused to specify which
interrogatories it would supplement, (2) refused to provide a full and complete
response to <u>any</u> of Mattel's interrogatories, (3) refused to identify documents with
specificity, and (4) made clear that it would not supplement its responses to some
interrogatories at all.[57]  Given the late stage of discovery, it is time for MGA "to
commit to a position and give factual specifics supporting" its claims and defenses.
<u>Thomas & Betts Corp. v. Panduit Corp.</u>, 1996 WL 169389, at *2 (N.D. Ill. 1996);
<u>see also</u> <u>Auto Meter Prods.</u>, 2006 WL 3253636, at *3 (N.D. Ill. 2006) ("At this late
stage of the case, the court agrees that it is time for [defendant] to fully and
completely answer [plaintiff's] interrogatories.").    The Court should overrule
MGA's objections and compel complete responses.  <u>See</u> <u>Trane</u>, 87 F.R.D. at 476
(party must give "full and complete" answers); <u>Miller</u>, 73 F.R.D. at 632 ("Answers
must be complete, explicit and responsive.").

**A.    Mattel's Interrogatories About The Identity Of Bratz Inventions**

Interrogatory Nos. 27, 28 and 29 request information relating to Bratz
inventions created during three key time periods -- (1) prior to January 4, 1999, (2)
after October 19, 2000 and before June 1, 2001, and (3) after January 3, 1999 and

---

[56] <u>Id.</u> at 2.
[57] <u>Id.</u> at 2.

before October 21, 2000.[58]   Interrogatory No. 29 seeks an identification of the inventions created during Bryant's Mattel employment.  Interrogatory Nos. 27 and 28 seek to discover which Bratz inventions MGA contends were created before or shortly after Bryant's Mattel employment.  This information is plainly relevant and discoverable.  MGA does not contend otherwise.[59]

Rather, MGA primarily objects to these interrogatories (in its objections at least) on the grounds that they purportedly are "compound" because they contain "discrete subparts that require separate, distinct and multiple responses."[60]  Interrogatory Nos. 27, 28 and 29 provide:

**Interrogatory No. 27:**   IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**Interrogatory No. 28:**   IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**Interrogatory No. 29:**   IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all

---

[58]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-10, Proctor Dec., Exh. 7.
[59]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated November 30, 2007, at 8-25, Proctor Dec., Exh. 21.
[60]  See, e.g., id. at 11.

1               FACTS that REFER OR RELATE TO the timing of the
creation of such BRATZ INVENTION and IDENTIFY all
2               PERSONS with knowledge of such facts and all
DOCUMENTS which REFER OR RELATE TO such
3               facts.[61]

4    MGA points to specific terms in the interrogatories, such as "BRATZ

5    INVENTION" and "IDENTIFY," and contends that Mattel's definitions of the

6    terms require "responses to multiple discrete subparts."[62]   However, MGA made

7    clear during the pre-filing conference of counsel that it was not refusing to answer

8    these interrogatories (or others) based on this objection.[63]   And, indeed, it would be

9    completely improper for it to do so given that the Court has already ruled that these

10   exact interrogatories -- verbatim -- count as only one interrogatory each.[64]

11       MGA also objects to Interrogatory Nos. 27, 28 and 29 on the grounds that

12   certain terms contained therein, particularly "BRATZ INVENTION," supposedly

13   present an undue burden, a point which MGA pressed during the parties' meet and

14   confer.  Apparently for this reason, MGA did not consider the definition of the term

15   "BRATZ INVENTION" provided by Mattel in its Revised Third Set of

16   Interrogatories, but instead interpreted these interrogatories by using the more

17   limited definition of the term "invention" that MGA believes is used in "utility

18   patent law."[65]   As MGA acknowledged, this significantly limited MGA's response

19   and directly contradicted MGA's assurance in its Supplemental Responses to

20

21      [61]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-
22   10, Proctor Dec., Exh. 7.
       [62]   MGA's Supplemental Responses to Mattel's Revised Third Set of
23   Interrogatories, dated November 30, 2007, at 11, Proctor Dec., Exh. 21.
24      [63]   Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec.,
   Exh. 5.
25      [64]   Order Granting Joint Motion for Protective Order, dated September 5, 2007,
26   Proctor Dec., Exh. 33.
       [65]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27   Exh. 5.

28

1   Mattel, Inc.'s Revised Third Set of Interrogatories that MGA "[would] respond
2   using words contained within the Mattel definition in their normal accepted
3   meaning."[66] The responses MGA provided are clearly inadequate.

4          MGA bears the burden of proving that Mattel's interrogatories are
5   burdensome or oppressive. See Roesberg, 85 F.R.D. at 296-97 ("the party resisting
6   discovery 'must show specifically how . . . each interrogatory is not relevant or how
7   each question is overly broad, burdensome or oppressive'"); Josephs, 677 F.2d at
8   992; Walker, 186 F.R.D. at 587. MGA can make no such showing here. These
9   interrogatories seek an identification of Bratz inventions that, pursuant to the
10  Inventions Agreement, were assigned to Mattel and therefore **constitute Mattel's**
11  **property** -- as well as an identification of which inventions were created just before
12  or after Bryant's Mattel employment, according to MGA. The importance to Mattel
13  of obtaining this information -- information which, in and of itself, would prove
14  liability as to a number of Mattel's claims -- clearly outweighs MGA's burden in
15  producing it. See 8A Wright & Miller, Supra, § 2174 (courts balance "the burden
16  on the interrogated party against the benefit that having the information would
17  provide to the party submitting the interrogatory"). Moreover, knowing which
18  inventions MGA claims were created before and just after Bryant's second stint at
19  Mattel is essential so that Mattel can avoid unfair surprise at trial and impeach
20  defendants' chronology of Bratz design and development.

21         MGA can hardly dispute any of this. The fact that MGA has already
22  provided partial responses to these interrogatories, although incomplete,
23  demonstrates that the information Mattel seeks is properly discoverable. MGA

24

25    [66] MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s
26  Revised Third Set of Interrogatories, dated November 30, 2007, at 5, Proctor Dec.,
    Exh. 21; Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27  Exh. 5.

28

1  should be ordered to provide full and complete responses for Interrogatory Nos. 27,
2  28 and 29.

3    **B.**    **Mattel's Interrogatory About The Identity Of Former Mattel**
4            **Employees Hired By MGA**

5            Interrogatory No. 41 asks MGA to "IDENTIFY" all former Mattel
6  employees "who are now or have been employed" by MGA since January 1, 1999.[67]
7  MGA does not dispute the relevance of this information, and in fact provided a
8  partial response containing what it claims is every former Mattel employee which
9  has been employed by MGA at any time since January 1, 1999, his/her job title(s)
10 and the dates of their employment.[68]  However, this answer is clearly incomplete.
11 For example, the interrogatory asks that MGA provide both the date "on which
12 YOU first had contact with such PERSON regarding potential employment or
13 contracting" as well as that on which "such PERSON was interviewed for possible
14 employment or contracting,"[69] but MGA's response provides no such information.
15 At the parties' meet and confers, MGA promised that it would look into these
16 deficiencies and consider supplementing, but then never responded.[70]  MGA should
17 be compelled to provide a full and complete response.

18
19
20
21 ────────────────

22   [67]   Mattel, Inc.'s Third Revised Set of Interrogatories, dated September 21, 2007,
23 at 13, Proctor Dec., Exh. 7.
     [68]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Revised
24 Third Set of Interrogatories, dated November 30, 2007 at 63-70, Proctor Dec., Exh.
25 21.
     [69]   Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007,
26 at 13, Proctor Dec., Exh. 7.
27   [70]   Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec.,
   Exh. 5.
28

C.   **Mattel's Interrogatories Seeking Dates On Which The Products MGA Alleges Were Copied or Infringed Originated**

Interrogatory Nos. 43 and 44 request dates on which each "concept, design, product, product packaging or other matter that YOU contend Mattel copied or infringed" was (1) "conceived" and (2) "first fixed in any tangible medium of expression."[71] For its own claims, MGA has alleged that certain of its products have been copied or infringed by certain Mattel products.[72] One of Mattel's defenses is that Mattel was the one that came up with relevant matters first -- before MGA -- and that MGA was the one who copied or stole from Mattel.[73] For example, in response to MGA's allegation that Mattel copied its "Wintertime Wonderland" doll theme, Mattel has asserted that although it did "release a doll called 'Chillin Out!,'" it "has released such themed dolls over the course of many years" and "denies that MGA originated such a theme."[74] Accordingly, timing is key. Knowing when MGA's purportedly copied or infringed concepts and products originated is information necessary to determine whether such concepts and products were actually copied or infringed.

MGA provided a partial response to this interrogatory. However, the answer MGA has provided is non-responsive. Interrogatory Nos. 43 and 44 request the date the MGA products at issue were "conceived" and "first fixed in any tangible

[71]   Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7-8, Proctor Dec., Exh. 9.
[72]   Complaint of MGA Entertainment, Inc., dated April 13, 2005, ¶¶ 101-123, Proctor Dec., Exh. 48.
[73]   Court Order Regarding Mattel's Motion for Leave to Amend, dated January 12, 2007, at 24, Proctor Dec., Exh. 57.
[74]   Mattel, Inc.'s Second Amended Answer and Counterclaims, dated July 12, 2007, ¶ 48, Proctor Dec., Exh. 41.

medium of expression," respectively.[75]  MGA's answers simply refer Mattel to its responses to Interrogatory No. 3 of Mattel's First Set of Interrogatories Re Claims of Unfair Competition, which requested different information -- the dates on which the products were first "disclosed to any PERSON not employed by MGA" and first "made available for sale."[76]  Thus, MGA's current answers do not provide responsive information.  MGA should be compelled to provide full and complete responses.

**D.    Mattel's Interrogatories About The Trade Dress MGA Claims Mattel Products Infringe**

Interrogatory Nos. 48 and 49 ask MGA to "separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted" and to "separately and fully IDENTIFY each and every MATTEL product, packaging or other matter that YOU contend copies, infringes or dilutes such trade dress."[77] These interrogatories seek the core contentions underlying MGA's trade dress infringement claims and are clearly proper.[78]  Recognizing that, MGA has provided partial responses.  However, as with MGA's other supplemental responses, MGA has merely provided what it claims are the "basic facts," without any details.[79] Thus, MGA's response to No. 48 did not identify with specificity a single product that MGA alleges was infringed, let alone every product.  MGA also stated that its

---

[75]   Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7-8, Proctor Dec., Exh. 9.

[76]   Mattel's First Set of Interrogatories Re Claims of Unfair Competition, dated March 2, 2007, at 10, Proctor Dec., Exh. 49.

[77]   Mattel, Inc.'s Seventh Set of Interrogatories, dated October 25, 2007, at 7, Proctor Dec., Exh. 12.

[78]   MGA has brought claims against Mattel for False Designation of Origin, Unfair Competition, Dilution and Unjust Enrichment.  See Complaint of MGA Entertainment, Inc., dated April 13, 2005, Proctor Dec., Exh. 48.

1   answer to No. 48 was limited by the fact that its answer "may be incomplete" as the

2   subject matter of this interrogatory will be the source of expert testimony, and an

3   expert may identify additional facts that support MGA's contentions.[80]  Such a

4   limitation is improper because it would allow MGA to sandbag Mattel by

5   introducing new products into the litigation in expert disclosures, after fact

6   discovery has closed.[81]  MGA has no basis for failing to provide full and complete

7   responses to Interrogatory Nos. 48 and 49.

8         E.   **Mattel's Interrogatory About The Identity of MGA's Bank**

9              **Accounts**

10         Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or

11  financial institution account that REFERS OR RELATES TO YOU, including

12  accounts in YOUR name or for YOUR benefit, since January 1, 1999."[82]  MGA

13  objects to this interrogatory as seeking information "not relevant to the claims or

14  defenses of any party to the action and not reasonably calculated to lead to the

15  discovery of admissible evidence."[83]  This objection is unsupportable.

16         This information is clearly discoverable.  MGA's bank account information

17  may lead to direct evidence of liability regarding Mattel's allegations of commercial

18  bribery (which are explicitly alleged as RICO predicate acts) against MGA and

19

20

21

22     [79]  Letter from Proctor to Miller, dated December 13, 2007, at 4, Proctor Dec.,

23  Exh. 5.
   [80]  Id. at 4.

24     [81]  Id. at 4.

25     [82]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
at 13, Proctor Dec., Exh. 7.

26     [83]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s

27  Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec.,
Exh. 21.

28

1   Larian.[84]   Payments made to Bryant and to other then-Mattel employees from
2   MGA's bank accounts would establish commercial bribery and other tortious
3   conduct.  The timing of such payments would also bear on the timing of Bryant's
4   first involvement with MGA.  Similarly, the timing and amounts of payments made
5   to other former Mattel employees who MGA and other defendants are accused of
6   conspiring with to steal Mattel trade secrets would be critical evidence on both
7   Mattel's claims and MGA's claims, and indeed the Discovery Master so held in
8   compelling Bryant to produce his financial information.[85]  Evidence of payments to
9   any of the numerous witnesses in this case, including Bryant, are also obviously
10  relevant to issues of bias.

11         Mattel also has punitive damage claims against MGA.[86]  In assessing
12  punitive damages, the jury is entitled to consider MGA's net worth.  See, e.g., U.S.
13  Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL
14  307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is relevant
15  under Rule 26(b) to plaintiff's claims for damages and punitive damages"); Oakes,
16  179 F.R.D. at 286 ("The discovery of financial information relevant to a punitive
17  damages claim is permissible under the Federal Rules of Civil Procedure, whether
18  or not such evidence would be admissible at trial.").  Indeed, under California law
19  Mattel is required to introduce evidence of MGA's financial condition to obtain an
20  award of punitive damages against MGA.  See Morgan v. Woessner, 997 F.2d 1244,

21  _____

22  [84]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
23  Claims, ¶ 94-97, Prayers ¶ 12, Proctor Dec., Exh. 41.
      [85]  See Order of January 25, 2007, at 14:13-17 ("payments to Bryant are relevant
24  to Mattel's recently added claims for trade secret misappropriation.  Payments could
25  show when and what trade secret information Bryant and other defendants allegedly
      misappropriated from Mattel.  Any proof of trade secret theft is also relevant to
26  Mattel's defense against MGA's unfair competition claims."), Proctor Dec., Exh. 56.
      [86]  See, e.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and
27  Counter-Claims, dated July 12, 2007, Prayers ¶¶ 11-13, Proctor Dec. Exh. 41.
28

1259 (9th Cir. 1993) (citing <u>Adams v. Murakami</u>, 54 Cal. 3d 105 (1991)).  MGA's bank account information from recent years is, quite obviously, likely to lead to discoverable information about MGA's financial condition.  See <u>Britton v. Car Toys, Inc.</u>, 2007 WL 1395290, at *3 (D. Colo. 2007) ("Evidence regarding a defendant's earnings and assets may be relevant in proving punitive damages."); <u>North Dakota Fair Housing Council, Inc. v. Allen</u>, 298 F. Supp. 2d 897, 899 (D.N.D. 2004) ("The discovery of financial records of a defendant in order to prepare a case on the issue of punitive damages is permissible.");  <u>Bessier v. Precise Tool & Eng'g Co., Inc.</u>, 778 F.Supp. 1509, 1514 (W.D. Mo. 1991) (a plaintiff is "clearly entitled to the discovery of financial records of defendant in order to prepare a case on the issue of punitive damages").

For these reasons, the Court has already held precisely that Mr. Larian's bank account information is discoverable.  See Court's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 (compelling MGA to produce a witness on the topic of payments to Larian, including the accounts to which such payments were made, because "MGA's payments to Isaac Larian may be relevant to Mattel's claim for punitive damages"). Nevertheless, MGA still refuses to respond.[87]

In its objections, MGA asserts that this interrogatory is "premature asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no judgment for the payment of money pending against MGA."[88]  This objection fails. First, <u>Rule</u> 69(a), which allows a judgment creditor to obtain discovery in aid of a

---

[87]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec., Exh. 5.

1   judgment or execution, simply has no application here.  See Fed. R. Civ. P. 69(a).

2   Nothing in the Rule precludes a party from seeking discovery pertaining to issues of

3   liability, bias and punitive damages as Mattel seeks here.  See id.  Second, both the

4   Discovery Master and the District Court have ruled that Mattel may properly seek

5   such discovery.  MGA's net worth was among the topics noticed in Mattel's Second

6   Notice of Deposition Under Rule 30(b)(6).[89]  Concluding that information relating

7   to MGA's net worth was properly the subject of discovery, the Discovery Master

8   ordered MGA to produce a witness responsive to this topic in his May 16, 2007

9   Order.[90]   MGA then objected to the Discovery Master's Order on the grounds,

10  among others, that such discovery was premature.[91]   Judge Larson rejected that

11  argument and affirmed the Discovery Master's May 16, 2007 Order, stating that:

12          [a]lthough MGA's net worth may not be known to it, MGA does not

13          contend that the information is not readily available.  That net worth is

14          generally the subject of expert testimony at trial -- a proposition

15          disputed by neither Mattel nor the Court -- does not render it an

16          improper subject for a Rule 30(b)(6).[92]

17          And, as noted, Mattel's Third Notice of Deposition Under Rule 30(b)(6)

18  included a topic addressing payments of money made by MGA to Larian since

19  _____

20  [88]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s

21  Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec., Exh. 21.

22  [89]   Mattel's Second Notice of Deposition Under Rule 30(b)(6), dated February 1,

23  2007, Proctor Dec., Exh. 42.

    [90]   Court's Order Granting Mattel's Motion to Compel MGA to Produce

24  Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Proctor

25  Dec., Exh. 43.

    [91]   MGA's Memorandum of Points and Authorities in Support of its Motion

26  Objecting to Portions of the Discovery Master's May 16, 2007 Order, dated May 31,

27  2007, at 5-6, Proctor Dec., Exh. 44.

    [92]   Court's July 2, 2007 Minute Order, at 5, Proctor Dec., Exh. 45.

28

January 1, 1999, including information related to bank or financial institution accounts to which any such payments were made.[93]   MGA objected to this topic on a number of bases, including by contending that "Mattel is not entitled to conduct discovery regarding Isaac Larian's net worth at this time."[94]   Rejecting MGA's arguments, the Discovery Master held:

> MGA's payments to Isaac Larian . . . are relevant to the claims and defenses in the case.  Payments to Isaac Larian . . . may also show possible bias and be used for impeachment purposes.  Moreover, MGA's payments to Isaac Larian may be relevant to Mattel's claim for punitive damages.  Payments to Isaac Larian are a component of his net worth, even if they represent one source of income.  The burden of producing such information does not outweigh its relevance, taking into consideration the circumstances of this case.  Furthermore, there is no stay on discovery pertaining to punitive damages.[95]

MGA's refusal to answer this interrogatory at all, even in light of this Order, is improper.  A complete response should be ordered.

### F.   Mattel's Contention Interrogatories

In its responses, MGA provided only partial answers to Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 42 and 50.  Not a single one of these responses is full and complete.  Rather, during the parties' meet and confers, MGA confirmed that (1) its answers regarding its various contentions contain only the "basic facts" on which it will rely, (2) it has limited its responses by its "interpretation" of Mattel's defined

---

[93]   Mattel's Third Notice of Deposition Under Rule 30(b)(6), dated June 5, 2007, Proctor Dec., Exh. 46.
[94]   Court's Order Granting in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007, at 11-12, Proctor Dec., Exh. 47.
[95]   Id.

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

terms, and (3) it has not identified documents as requested.[96]  MGA also confirmed that its supplemental responses will continue to be limited by its objections.[97]

These interrogatories provide:

**Interrogatory No. 30:**  State all facts that support YOUR contention, if YOU to contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 31:**  State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 32:**  State all facts that support YOUR contention, if YOU so contend, that MATTEL is not or would not be entitled to injunctive relief as requested in its COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 33:**  State all facts that support YOUR contention, if YOU so contend, that MATTEL is not entitled to an award of punitive or exemplary damages against YOU, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 34:**  State all facts that support YOUR contention, if YOU so contend, that YOU did not intentionally interfere with the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

[96]  Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec., Exh. 7.
[97]  Id.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Interrogatory No. 35:** State all facts that support YOUR contention, if YOU so contend, that YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 36:** State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any tights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA. purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with. knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 37:** State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER right to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 38:** State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services. with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 42:** State all facts that support YOUR contention, if YOU so contend, that any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.[98]

**Interrogatory No. 50:** For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectible, all

---

[98] Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 10-13, Proctor Dec. Exh. 7; Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7, Proctor Dec., Exh. 9.

1    DOCUMENTS that REFER OR RELATE to the
foregoing and all PERSONS with knowledge of the
2    foregoing.

3            Each of these interrogatories seeks facts relating to key issues in this

4 case -- including MGA's contentions, if any, regarding the priority of Mattel's rights

5 in Bratz vis-à-vis MGA; how Bryant's Inventions Agreement with Mattel,

6 assignment of rights to Bratz inventions to MGA, and services with or for MGA

7 while employed by Mattel affect who owns the rights to Bratz inventions; Mattel's

8 entitlement to punitive damages and other relief; MGA's purported innocent state of

9 mind; MGA's intentionally interference with the Inventions Agreement between

10 Bryant and Mattel; MGA's aiding and abetting Bryant's breach of fiduciary duty and

11 duty of loyalty to Mattel; why the Bratz dolls purportedly are not based on designs

12 Bryant created during his Mattel employment; and why the trade dress MGA

13 contends Mattel infringed is protectible. Given that these interrogatories go to core

14 issues in this litigation, Mattel indisputably has a substantial need for the requested

15 information. MGA cannot show burden sufficient to outweigh Mattel's need for this

16 critical information.[99]  Further, any claim by MGA that the interrogatories are

17 improper because they request "all facts" supporting MGA's contentions or an

18 identification of documents is without merit, as discussed above.[100]  The Court

19 should overrule MGA's objections and compel complete responses to Interrogatory

20 Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 42 and 50.

21    **G.**    **Mattel's Interrogatories About MGA's Searches For Documents**

22          **And Storage Devices Containing Evidence Of Early Work On**

23          **Bratz**

24            The information sought by Interrogatory Nos. 40 and 47 is also clearly

25 discoverable. These interrogatories provide:

26

27    [99]  <u>See</u> Argument, Section II, <u>infra</u>.

28

**Interrogatory No. 40:**   IDENTIFY each and every STORAGE DEVICE that YOU have used for any purpose which contains or contained DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

**Interrogatory No. 47:**   IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).[101]

These interrogatories are designed to test MGA's productions in this litigation and obtain additional responsive documents and information. Such discovery plainly is proper under the Federal Rules. See Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things"); see also Fed. R. Civ. P. 34(a) (permitting a party to serve a request to "inspect, copy, test, or sample" any "electronically stored information . . . stored in any medium from which information can be obtained").

Nevertheless, MGA provided no answer whatsoever for No. 47 and only a partial answer for No. 40. That partial response lacks most of the information requested by Mattel, including an identification of specific storage devices, the individuals who have used them, the persons who currently possess them, the dates on which they were destroyed or copied (if any), etc.[102]

---

[100]   See id.

[101]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 13, Proctor Dec., Exh. 7; Mattel's Fifth Set of Interrogatories, dated October 19, 2007, Proctor Dec., Exh. 10.

[102]   See Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 8, 13, Proctor Dec., Exh. 7.; MGA Entertainment, Inc.'s Supplemental Responses (footnote continued)

1    MGA's limited responses are improper.  The law is clear that access to

2   a party's information storage systems may be granted in appropriate circumstances,

3   including where the party is shown to have improperly withheld relevant documents

4   or information.  See, e.g., Ameriwood Industries v. Liberman, 2006 WL 3825291, at

5   *1 (E.D. Mo. 2006) (granting motion to compel imaging of defendant's hard drive

6   because the court had "cause to question whether defendants had produced all

7   responsive documents"); Simons Prop. Group L.P. v. Simon, Inc., 194 F.R.D. 639,

8   641 (S.D. Ind. 2000) (allowing plaintiff to inspect defendant's computer system

9   because plaintiff demonstrated "troubling discrepancies with respect to defendant's

10  document production"); Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050,

11  1054 (S.D. Cal. 1999) (allowing access to party's computer system where party had

12  systematically deleted e-mails after litigation commenced).  Interrogatory Nos. 40

13  and 47 are directed at precisely this issue.  Interrogatory No. 47 asks MGA to

14  identify the sources of information -- i.e., the media -- from which he has collected

15  documents relating to Bratz and the period prior to February 28, 2001, a key early

16  time period.  By identifying such information, Mattel will be able to discover what

17  sources MGA has examined to produce the key documents in this case, and perhaps

18  more important, the sources MGA has not examined.[103]   That is legitimate

19  discovery.  Interrogatory No. 40, which seeks the identification of the storage

20  devices MGA has used that contain early Bratz-related information, is also

21  _____

22  to Mattel, Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at
    59-63, Proctor Dec., Exh. 21.
23  [103]   See Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 6-7
24  (defining scope of Interrogatory No. 47 to include not only sources of information
    from which MGA has produced documents, but also any source MGA has collected,
25  reviewed, requested, sought, looked for, searched for or analyzed), Proctor Dec.,
    Exh. 10; see id. at 7 (requiring MGA to state whether "each such SOURCE OF
26  INFORMATION contained or included DOCUMENTS that REFER OR RELATE
27  TO BRATZ and the time period prior to February 28, 2001").

28

1  legitimate discovery because Mattel may have a right to access such storage devices.

2  The information requested by Mattel is necessary to determine whether MGA has

3  withheld responsive documents and to enable Mattel to obtain such documents.

4  MGA has not articulated valid objections to these interrogatories, nor can it.  See

5  Roesberg, 85 F.R.D. at 296-97 (objecting party has the burden of proving the

6  interrogatory improper).   MGA's objections should be overruled and complete

7  responses should be ordered.

8         During the meet and confer process, MGA proposed that the parties

9  exchange what MGA called "source logs" regarding the entirety of their productions

10  in lieu of MGA's provision of a response to Interrogatory Nos. 40 and 47.[104]

11  According to MGA's proposal, these "source logs" would provide certain

12  information for every document provided by MGA, including each document's

13  Bates number, the identity of the individual who created the document and the

14  location where the document was located by MGA.[105]   However, as Mattel pointed

15  out, these interrogatories do not request source information for every document in

16  the case, and instead seek information only about key early Bratz documents.   In

17  addition, the interrogatories seek additional information MGA proposes not be

18  included on the "source logs."[106]   For example, Interrogatory No. 40 seeks the

19  identification of all storage devices used by MGA to store relevant documents.

20  Such information would not be contained in MGA's proposed "source log," which

21  by definition would only provide the locations of documents actually produced by

22  MGA. It thus would not reveal sources that contain early Bratz documents that

23  MGA has not produced documents from.  The proposed a "source log" is not an

24

25  ———————————————

    [104]  Letter from Proctor to Miller, dated December 13, 2007, at 3-4, Proctor Dec.,
26  Exh. 5.
    [105]  Id.
27  [106]  Id.

28

adequate substitute for answering the interrogatories as it would do little to show Mattel where MGA looked for documents, as well as where MGA failed to look, and would do even less to identify storage devices.

### H.   Mattel's Interrogatory Regarding MGA's Substitution of Counsel

MGA refuses to provide any response to Interrogatory No. 46, which calls for the "facts" relating to the dispute regarding this litigation between MGA and its former counsel.  During the meet and confer process, counsel for MGA refused to supplement this answer, asserting that "all" of the information called for is protected by the attorney-client privilege.[107]  That argument is not tenable.

By its terms, Interrogatory No. 46 is limited to matters not protected by the attorney-client privilege and calls only for the revelation of non-privileged *facts*:

> **Interrogatory No. 46:**  Without disclosing the content of communications which are protected by the attorney-client privilege, state fully and in detail all facts which REFER OR RELATE TO any dispute regarding THIS ACTION between, on the one hand, O'MELVENY and/or CHRISTENSEN, including but not limited to any and all disputes which were or have been asserted as a basis for, or which underlie, contributed to or were a factor in, the withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.[108]

In light of the terms of the interrogatory, MGA's purported basis for refusing to respond is baseless.  In general, neither the attorney-client privilege nor the work product doctrine protects *facts*, as the Court held.[109]  The protection of the

---

[107]   Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec., Exh. 5.

[108]   Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9, Proctor Dec., Exh. 10.

[109]   E.g., Order Granting Mattel's Motion for an Extension of Time to Depose Paula Garcia in her Individual Capacity and as a 30(b)(6) Designee; Denying Request for Sanctions, dated August 14, 2007, at 12-13, Proctor Dec., Exh. 50.

1   attorney-client privilege extends only to communications; it does not extend to the

2   facts underlying privileged communications.  Upjohn Co. v. United States, 449 U.S.

3   383, 390 (1981); see also In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th

4   Cir. 2002) (the party asserting the privilege has the burden of establishing that the

5   privilege applies).  In addition, "courts have consistently held that the work-product

6   concept furnished no shield to discovery...*of the facts* that the adverse party's lawyer

7   has learned, or the persons from whom he has learned such facts, or the existence or

8   non-existence of documents, even though such documents themselves may not be

9   subject to discovery."  Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,

10  120 F.R.D. 504, 509 (W.D. La. 1988) (citing 8 Wright & Miller, Federal Practice &

11  Procedure, § 2023, at 194 (1970) (emphasis added); Garcia v. City of El Centro, 214

12  F.R.D. 587, 591 (S.D. Cal. 2003) ("[B]ecause the work product doctrine is intended

13  only to guard against divulging the attorney's strategies and legal impressions, it

14  does not protect *facts* concerning the creation of work product or *facts* contained

15  within work product.") (emphasis added).  MGA's blanket privilege objection is

16  improper.

17        Further belying MGA's contentions, Mr. Larian and MGA's counsel

18  have discussed this matter in the press. For example, in a November 2, 2007 article

19  published on Law.com, both Larian and MGA's counsel made statements about

20  what they claimed to be the crux of the dispute that led to a substitution of

21  counsel.[110]  Larian stated that the substitution of counsel was due in part to the fact

22  that "O'Melveny was pushing for [one of its attorneys] to come in as new trial

23  counsel in this case, and we decided against that," and that "[MGA] decided to go

24  with Skadden and Tom Nolan."[111]  In the same article, Mr. Nolan stated that "Patty

25

26    [110]  Article entitled Behind the Scenes, Bratz Doll Case Heats Up, published on
27  Law.com on November 11, 2007, Proctor Dec., Exh. 53.
         [111]  Id.
28

1  Glaser agreed that the matter should be handled by one firm."[112] Thus, MGA has
2  already intentionally disclosed to the public what it claims are the facts underlying
3  MGA's dispute with its former counsel.   Assuming this information ever were
4  privileged, it has now been waived.

5          The facts sought by this interrogatory clearly are discoverable and
6  relevant.   In its application to the Court regarding its withdrawal, the O'Melveny
7  firm cited <u>California Rule of Professional Conduct</u> 3-700(c) as a basis for its
8  withdrawal,[113] but did not clarify which of the eleven prongs of that section applied.
9  If, to take one of many possible examples, O'Melveny attempted to withdraw
10 because MGA was seeking "to pursue an illegal course of conduct" or "insist[ed]
11 that the member pursue a course of conduct that is illegal or that is prohibited under
12 these rules or the State Bar Act," such information would be both non-privileged
13 and highly relevant to Mattel's case.   If O'Melveny attempted to withdraw because
14 MGA sought to provide false testimony, that would be relevant and non-privileged.
15 Because they clearly can reveal relevant, non-privileged information that in fairness
16 an opposing party should have access to, Courts grant disclosure of the facts relating
17 to counsel's withdrawal in appropriate cases.   <u>See</u>, <u>e.g.</u>, <u>George v. Siemens Indus.</u>
18 <u>Automation, Inc.</u>, 182 F.R.D. 134, 142 (D.N.J. 1998) (following motion to
19 withdraw, *sua sponte* granting defendant access to language in attorney's *in camera*
20 declaration discussing plaintiff's mental state where her psychological condition was
21 relevant to the suit and the facts in the declaration were not privileged); <u>Blowers v.</u>
22 <u>Lawyers Co-op. Pub. Co.</u>, 1982 WL 221, *5 (W.D.N.Y. 1982) (granting motion to
23 obtain transcript of *in camera* proceedings related to motion to withdraw as counsel

24

25  [112]  <u>Id.</u>
26  [113]  *Ex Parte* Application of O'Melveny & Myers LLP for Order Shortening
27  Time for Hearing Its Motion to Withdraw and Requiring *In Camera* Inspection of
    Supporting Documents, dated October 8, 2007, at 1, Proctor Dec., Exh. 51.
28

1  where discussion involved non-privileged fee arrangements).  This is such a case.

2  MGA should be compelled to provide a full and complete answer to Interrogatory

3  No. 39 that will disclose relevant, non-privileged facts.

4

5                              <u>Conclusion</u>

6            For the foregoing reasons, Mattel respectfully requests that the

7  Discovery Master (1) overrule all of MGA's objections and limitations and (2)

8  compel MGA to provide full and complete responses to Interrogatory Nos. 27-44

9  and 46-50 in Mattel's Revised Third, Amended Fourth, Fifth and Seventh Sets of

10 Interrogatories.

11

12

13 DATED:  December 20, 2007         QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
14

15

16           By   *B. Dylan Proctor /mm*

17                B. Dylan Proctor
                  Attorneys for Plaintiff
18

19

20

21

22

23

24

25

26

27

28

                                   -39-          Case No. CV 04-9049 SGL (RNBx)
                            MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES