THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:       tnolan@skadden.com

RAOUL D. KENNEDY (Bar No.  40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, California  94111-5974
Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698
Email:        rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED, and MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | DISCOVERY MATTER |
| MATTEL, INC., a Delaware corporation | **MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER** |
| Defendant. |  |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | [To Be Heard By Discovery Master Hon. Edward Infante (Ret.)] |
|  | Hearing Date:  TBD<br>Time:             TBD<br>Place:           TBD |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................. iii

I.   THE DISCOVERY MASTER SHOULD QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO THE REQUESTS IN WHICH MATTEL SEEKS IRRELEVANT AND DUPLICATIVE FINANCIAL INFORMATION REGARDING MGA AND ISAAC LARIAN (REQUESTS 1-5 TO WELLS FARGO; REQUESTS 1-7 AND 12 TO WACHOVIA; REQUESTS 1-3 AND 8 TO ERNST & YOUNG; REQUESTS 1-3 AND 8 TO DELOITTE & TOUCHE; REQUESTS 1, 2, 6-8, 12-16, AND 18 TO MOSS ADAMS)........................1

    A.   Mattel's Requests and MGA's Responses .....................................1

    B.   MGA's Statements of Position ....................................................28

II.  THE DISCOVERY MASTER SHOULD QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO THE REQUESTS IN WHICH MATTEL SEEKS IRRELEVANT FINANCIAL INFORMATION REGARDING NON-PARTIES. (REQUESTS 1-5 TO WELLS FARGO; REQUESTS 1-7 AND 12 TO WACHOVIA; REQUESTS 1-3 AND 8 TO ERNST & YOUNG; REQUESTS 1-3 AND 8 TO DELOITTE & TOUCHE; REQUESTS 1-8, 12-16, 18, AND 19 TO MOSS ADAMS; REQUESTS 1-8, 14, AND 15 TO THE ISAAC AND ANGELA LARIAN TRUST; REQUESTS 1-8, 14, AND 15 TO THE ISAAC LARIAN ANNUITY TRUST) ..................................46

    A.   Mattel's Requests and MGA's Responses .....................................46

    B.   MGA's Statements of Position ....................................................82

III. THE DISCOVERY MASTER SHOULD QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO THE REQUESTS IN WHICH MATTEL SEEKS IRRELEVANT AND DUPLICATIVE INFORMATION REGARDING LITIGATION BETWEEN ISAAC AND FARHAD LARIAN. (REQUEST 10 TO WACHOVIA; REQUEST 6 TO ERNST & YOUNG; REQUEST 6 TO DELOITTE & TOUCHE; REQUEST 11 TO MOSS ADAMS; REQUEST 14 TO CONSUMERQUEST; REQUEST 12 TO THE ISAAC AND ANGELA LARIAN TRUST; REQUEST 12 TO THE ISAAC LARIAN ANNUITY TRUST) ................................................................87

    A.   Mattel's Requests and MGA's Responses .....................................87

    B.   MGA's Statements of Position ....................................................92

# TABLE OF CONTENTS

**Page**

IV.  THE DISCOVERY MASTER SHOULD QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO MATTEL'S ABUSIVELY DRAWN REQUESTS IN WHICH IT SEEKS DOCUMENTS RELATED TO MGA'S PRODUCTS OR CARTER BRYANT. (REQUESTS 8-9 TO WACHOVIA; REQUESTS 4-5 TO ERNST & YOUNG; REQUESTS 4-5 TO DELOITTE & TOUCHE; REQUEST 9-10 TO MOSS ADAMS; REQUESTS 1-8 AND 10-13 TO CONSUMERQUEST; REQUESTS 9-11 TO THE ISAAC AND ANGELA LARIAN TRUST; REQUESTS 9-11 TO THE ISAAC LARIAN ANNUITY TRUST)..................................................94

    A.   Mattel's Requests and MGA's Responses ..........................................94

    B.   MGA's Statements of Position .......................................................109

# TABLE OF AUTHORITIES

**Page**

## Cases

*Aliotti v. Senora*,
  217 F.R.D. 496 (N.D. Cal. 2003) ................................................................*passim*

*In re Ashworth, Inc. Sec. Litig.*,
  Civil No. 99cv0121 L (JAH),
  2002 U.S. Dist. LEXIS 27991 (S.D. Cal. May 10, 2002) ..................27, 32, 36, 40

*Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*,
  212 F.R.D. 567 (E.D. Cal 2002).................................................................*passim*

*Mattel, Inc. v. Walking Mountain Productions*,
  353 F.3d 792 (9th Cir. 2003) ....................................................................*passim*

*Moon v. SCP Pool Corp.*,
  232 F.R.D. 633 (C.D. Cal 2005)........................................................................89

*Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*,
  262 F. Supp. 2d 923 (N.D. Ill. 2003) ....................................28, 32, 37, 41

*Premium Serv. Corp. v. Sperry & Hutchinson Co.*,
  511 F.2d 225 (9th Cir. 1975) .................................................................6, 50

*S. Cal. Hous. Rights Ctr. v. Krug*,
  Case No. CV 06-1420 SJO (JCx),
  2006 U.S. Dist. LEXIS 65330 (C.D. Cal. Sept. 5, 2006) ..............................*passim*

*S.F. Bay Area Rapid Transit Dist. v. Spencer*,
  C 04-04632 SI,
  2006 U.S. Dist. LEXIS 81681 (N.D. Cal. Oct. 23, 2006) ............................6, 50

*Sammut v. Sammut*,
  103 Cal. App. 3d 557 (1980) ...................................................................6, 50

*Sav-On Drugs, Inc. v. Superior Court*,
  15 Cal. 3d 1 (1975) ................................................................................6, 50

*Webb v. Standard Oil Co. of Cal.*,
  49 Cal. 2d. 509 (1957).............................................................................6, 50

## Rules

Federal Rule of Civil Procedure 26(b)(1)...........................................29, 33, 38, 42

Federal Rule of Civil Procedure 26(b)(2)(C)........................................................*passim*

Federal Rule of Civil Procedure 45(c)(1) ........................................................*passim*

iii

I. **THE DISCOVERY MASTER SHOULD QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO THE REQUESTS IN WHICH MATTEL SEEKS IRRELEVANT AND DUPLICATIVE FINANCIAL INFORMATION REGARDING MGA AND ISAAC LARIAN (REQUESTS 1-5 TO WELLS FARGO; REQUESTS 1-7 AND 12 TO WACHOVIA; REQUESTS 1-3 AND 8 TO ERNST & YOUNG; REQUESTS 1-3 AND 8 TO DELOITTE & TOUCHE; REQUESTS 1, 2, 6-8, 12-16, AND 18 TO MOSS ADAMS)**

   A.   **Mattel's Requests And MGA's Responses**

**WELLS FARGO REQUEST NO. 1:**

All DOCUMENTS REFERRING OR RELATING TO MGA from January 1, 1999 to the present, inclusive.

**RESPONSE TO WELLS FARGO REQUEST NO. 1:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time.  The MGA Entities object to the definition of "MGA," as vague, ambiguous and overbroad.

**WELLS FARGO REQUEST NO. 2:**

All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 9600112551, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly

1 transaction history reports, deposit reports, deposit slips, canceled checks, signature

2 cards, and COMMUNICATIONS REFERRING OR RELATING TO such

3 ACCOUNT, created between January 1, 1999 and the present, inclusive.

4 **RESPONSE TO WELLS FARGO REQUEST NO. 2:**

5 The MGA Entities incorporate by reference their General Objections as

6 though fully set forth herein.  The MGA Entities further object to the extent that this

7 request seeks information that is protected from disclosure under the attorney-client

8 privilege, the work product doctrine. The MGA Entities further object to this request

9 to the extent that it seeks documents that contain trade secrets, confidential,

10 commercially sensitive and/or other proprietary or competitive information that is

11 subject to the MGA Entities' or any other person's constitutional, statutory or

12 common law right of privacy or protection.  The MGA Entities further object that

13 this request calls for the production of documents that are not relevant to the subject

14 matter involved in the pending litigation or reasonably calculated to lead to the

15 discovery of admissible evidence.  The MGA Entities further object to this request

16 on the grounds that it is overbroad as to subject matter and time.  The MGA Entities

17 further object on the grounds that this request is vague, ambiguous and overbroad,

18 particularly as to the meaning of "statements," "daily transaction history reports,"

19 "monthly transaction history reports," and "deposit reports."

20 **WELLS FARGO REQUEST NO. 3:**

21 All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT

22 maintained by YOU that is in the name of, for the benefit of or concerns MGA,

23 including but not limited to statements, monthly statements, annual statements, daily

24 transaction history reports, monthly transaction history reports, deposit reports,

25 deposit slips, canceled checks, signature cards, and COMMUNICATIONS

26 REFERRING OR RELATING TO such ACCOUNTS, crated between January 1,

27 1999 and the present, inclusive.

28

**RESPONSE TO WELLS FARGO REQUEST NO. 3:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "MGA," "statements," "daily transaction history reports," "monthly transaction history reports," and "deposit reports."

**WELLS FARGO REQUEST NO. 4:**

DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MGA between January 1, 1999 and the present, inclusive.

**RESPONSE TO WELLS FARGO REQUEST NO. 4:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  subject to the MGA Entities' or any other person's constitutional, statutory or

2  common law right of privacy or protection.  The MGA Entities further object that

3  this request calls for the production of documents that are not relevant to the subject

4  matter involved in the pending litigation or reasonably calculated to lead to the

5  discovery of admissible evidence.  The MGA Entities further object to this request

6  on the grounds that it is overbroad as to subject matter and time.  The MGA Entities

7  further object on the grounds that this request is vague, ambiguous and overbroad,

8  particularly as to the meaning of "MGA," "benefit of" and "concerning."

9  **WELLS FARGO REQUEST NO. 5:**

10        All DOCUMENTS showing or relating to any account(s) held by MGA or any

11  account(s) on which MGA has signatory authority at any other financial institution.

12  **RESPONSE TO WELLS FARGO REQUEST NO. 5:**

13        The MGA Entities incorporate by reference their General Objections as

14  though fully set forth herein.  The MGA Entities further object to the extent that this

15  request seeks information that is protected from disclosure under the attorney-client

16  privilege, the work product doctrine.  The MGA Entities further object to this request

17  to the extent that it seeks documents that contain trade secrets, confidential,

18  commercially sensitive and/or other proprietary or competitive information that is

19  subject to the MGA Entities' or any other person's constitutional, statutory or

20  common law right of privacy or protection.  The MGA Entities further object that

21  this request calls for the production of documents that are not relevant to the subject

22  matter involved in the pending litigation or reasonably calculated to lead to the

23  discovery of admissible evidence.  The MGA Entities further object to this request

24  on the grounds that it is overbroad as to subject matter and time.  The MGA Entities

25  object to the definition of "MGA," as vague, ambiguous and overbroad.

26

27

28

4

**WACHOVIA REQUEST NO. 1:**

All documents relating to any loan agreement, including without limitation any line of credit or other financing arrangement, that YOU have entered into with MGA since January 1, 1999, including without limitation drafts of any agreements.

**RESPONSE TO WACHOVIA REQUEST NO. 1:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," and "financing arrangement."

**WACHOVIA REQUEST NO. 2:**

To the extent not included in YOUR production responsive to Request No. 1, all documents that MGA or any other person provided to YOU for purposes of

1   entering into any loan agreement between YOU and MGA, including without

2   limitation any line of credit or other financing arrangement or agreement, at any time

3   since January 1, 1999, including without limitation accounting records, tax returns,

4   pro formas, expense records, financial projections, budgets or business plans.

5   **RESPONSE TO WACHOVIA REQUEST NO. 2:**

6          The MGA Entities incorporate by reference their General Objections as

7   though fully set forth herein.  The MGA Entities further object to the extent that this

8   request seeks information that is protected from disclosure under the attorney-client

9   privilege, the work product doctrine and/or the joint interest privilege.  The MGA

10  Entities further object to this request to the extent that it seeks documents that

11  contain trade secrets, confidential, commercially sensitive and/or other proprietary or

12  competitive information that is subject to the MGA Entities' or any other person's

13  constitutional, statutory or common law right of privacy or protection.  The MGA

14  Entities further object to this request to the extent it seeks documents protected by

15  the accountant-client privilege.  MGA further objects to the request on the grounds

16  that it seeks documents protected from disclosure by applicable federal and state tax

17  return privileges.  *See, e.g., Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511

18  F.2d 225, 229 (9th Cir. 1975); *S. Cal. Hous. Rights Ctr. v. Krug*, Case No. CV 06-

19  1420 SJO (JCx), 2006 U.S. Dist. LEXIS 65330, at **9-10 (C.D. Cal. Sept. 5, 2006);

20  *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *S.F. Bay Area Rapid Transit

21  Dist. v. Spencer*, C 04-04632 SI, 2006 U.S. Dist. LEXIS 81681, at **3-4 (N.D. Cal.

22  Oct. 23, 2006).  *See also Webb v. Standard Oil Co. of Cal.*, 49 Cal. 2d. 509, 513-14

23  (1957); *Sav-On Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v.

24  Sammut*, 103 Cal. App. 3d 557, 562 (1980).  The MGA Entities further object that

25  this request calls for the production of documents that are not relevant to the subject

26  matter involved in the pending litigation or reasonably calculated to lead to the

27  discovery of admissible evidence.  The MGA Entities further object to this request as

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   being overly broad, burdensome and harassing to a non-party to the extent that it

2   seeks to force Wachovia to produce documents or information available from parties

3   to the litigation.  The MGA Entities further object to this request on the grounds that

4   it is overbroad as to subject matter and time; in particular, the MGA Entities object

5   to the definition of "MGA," on the grounds that it is overbroad.  The MGA Entities

6   further object on the grounds that this request is vague, ambiguous and overbroad,

7   particularly as to the meaning of "financing arrangement," "pro formas," "expense

8   records," "financial projections," "budgets" and "business plans."

9   **WACHOVIA REQUEST NO. 3:**

10          To the extent not included in YOUR production responsive to Request Nos. 1-

11  2, all documents that were in the "three (3) boxes of loan documents" that YOU refer

12  to in YOUR November 15, 2005 letter to Robert G. Wilson, Esq., letter which is

13  included herein as Attachment "B."

14  **RESPONSE TO WACHOVIA REQUEST NO. 3:**

15          The MGA Entities incorporate by reference their General Objections as

16  though fully set forth herein.  The MGA Entities further object to the extent that this

17  request seeks information that is protected from disclosure under the attorney-client

18  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

19  Entities further object to this request to the extent that it seeks documents that

20  contain trade secrets, confidential, commercially sensitive and/or other proprietary or

21  competitive information that is subject to the MGA Entities' or any other person's

22  constitutional, statutory or common law right of privacy or protection.  The MGA

23  Entities further object that this request calls for the production of documents that are

24  not relevant to the subject matter involved in the pending litigation or reasonably

25  calculated to lead to the discovery of admissible evidence.  The MGA Entities

26  further object to this request as being overly broad, burdensome and harassing to a

27  non-party to the extent that it seeks to force Wachovia to produce documents or

28

7

1  information available from parties to the litigation.  The MGA Entities further object
2  to this request on the grounds that it is overbroad; in particular, the MGA Entities
3  object to the definition of "MGA," on the grounds that it is overbroad.

4  **WACHOVIA REQUEST NO. 4:**

5      To the extent not included in YOUR production responsive to Request Nos, 1-
6  3, all documents relating to any loan agreement entered into by MGA, or sought or
7  requested by MGA, during the time period January 1, 1999 and December 31, 2000,
8  inclusive.

9  **RESPONSE TO WACHOVIA REQUEST NO. 4:**

10      The MGA Entities incorporate by reference their General Objections as
11  though fully set forth herein.  The MGA Entities further object to the extent that this
12  request seeks information that is protected from disclosure under the attorney-client
13  privilege, the work product doctrine and/or the joint interest privilege.  The MGA
14  Entities further object to this request to the extent that it seeks documents that
15  contain trade secrets, confidential, commercially sensitive and/or other proprietary or
16  competitive information that is subject to the MGA Entities' or any other person's
17  constitutional, statutory or common law right of privacy or protection.  The MGA
18  Entities further object that this request calls for the production of documents that are
19  not relevant to the subject matter involved in the pending litigation or reasonably
20  calculated to lead to the discovery of admissible evidence.  The MGA Entities
21  further object to this request as being overly broad, burdensome and harassing to a
22  non-party to the extent that it seeks to force Wachovia to produce documents or
23  information available from parties to the litigation.  The MGA Entities further object
24  to this request on the grounds that it is overbroad; in particular, the MGA Entities
25  object to the definition of "MGA," on the grounds that it is overbroad.  The MGA
26  Entities further object on the grounds that this request is vague and ambiguous,
27  particularly as to the meaning of "relating to."

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**WACHOVIA REQUEST NO. 5:**

To the extent not included in YOUR production responsive to Request Nos. 1-4, all communications between YOU and MGA during the time period January 1, 1999 and December 31, 2000, inclusive.

**RESPONSE TO WACHOVIA REQUEST NO. 5:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is overbroad, vague and ambiguous, particularly as to the meaning of "communications."

**WACHOVIA REQUEST NO. 6:**

To the extent not included in YOUR production responsive to Request Nos. 1-5, all documents indicating or showing a calculation of MGA's net worth or value.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO WACHOVIA REQUEST NO. 6:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation.  The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating," and "value."

**WACHOVIA REQUEST NO. 7:**

To the extent not included in YOUR production responsive to Request Nos. 1-6, all documents indicating or calculating the value of MGA's intellectual property or goodwill.

**RESPONSE TO WACHOVIA REQUEST NO. 7:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client

10

privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation.  The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating," "value," and "intellectual property."

## WACHOVIA REQUEST NO. 12:

Documents sufficient to identify any other MGA lender or person who extended or was requested to extend a line of credit to MGA since January 1, 1998.

## RESPONSE TO WACHOVIA REQUEST NO. 12:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   constitutional, statutory or common law right of privacy or protection.  The MGA

2   Entities further object to this request as being overly broad, burdensome and

3   harassing to a non-party to the extent that it seeks to force Wachovia to produce

4   documents or information available from parties to the litigation.  The MGA Entities

5   further object that this request calls for the production of documents that are not

6   relevant to the subject matter involved in the pending litigation or reasonably

7   calculated to lead to the discovery of admissible evidence.  The MGA Entities

8   further object to this request on the grounds that it is overbroad as to subject matter

9   and time, and overbroad, vague and ambiguous, particularly as to the meaning of

10   "sufficient to identify" and "MGA."

11   **ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 1:**

12        All documents constituting or relating to MGA's annual audits, including

13   without limitation accounting records, audit programs, audit reports and drafts

14   thereof, tax returns, work papers, worksheets, payroll records, financial projections,

15   pro formas and budgets, from the period beginning January 1, 1999 to the present.

16   **RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE**
17   **REQUEST NO. 1:**

18        The MGA Entities incorporate by reference their General Objections as

19   though fully set forth herein.  The MGA Entities further object to the extent that this

20   request seeks information that is protected from disclosure under the attorney-client

21   privilege, the work product doctrine and/or the joint interest privilege.  The MGA

22   Entities further object to this request to the extent it seeks documents protected by

23   the accountant-client privilege.  The MGA Entities further object to the request on

24   the grounds that it seeks documents protected from disclosure by applicable federal

25   and state tax return privileges.  The MGA Entities further object to this request to the

26   extent that it seeks documents that contain trade secrets, confidential, commercially

27   sensitive and/or other proprietary or competitive information that is subject to the

28

1  MGA Entities' or any other person's constitutional, statutory or common law right of

2  privacy or protection.  The MGA Entities further object that this request calls for the

3  production of documents that are not relevant to the subject matter involved in the

4  pending litigation or reasonably calculated to lead to the discovery of admissible

5  evidence.  The MGA Entities further object to this request as being overly broad,

6  burdensome and harassing to a non-party to the extent that it seeks to force D & T to

7  produce documents or information available from parties to the litigation. The MGA

8  Entities further object to this request on the grounds that it is overbroad as to subject

9  matter and time; in particular, the MGA Entities object to the definition of "MGA,"

10  on the grounds that it is overbroad.  The MGA Entities further object on the grounds

11  that this request is vague, ambiguous and overbroad, particularly as to the meaning

12  of "relating to," "accounting records," "audit programs," "audit reports," "work

13  papers," "worksheets," "financial projections," "pro formas" and "budgets."

14  **ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 2:**

15      To the extent not included in your production responsive to Request No. 1, all

16  documents indicating or calculating MGA's net worth.

17  **RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE**
18  **REQUEST NO. 2:**

19      The MGA Entities incorporate by reference their General Objections as

20  though fully set forth herein.  The MGA Entities further object to the extent that this

21  request seeks information that is protected from disclosure under the attorney-client

22  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

23  Entities further object to this request to the extent it seeks documents protected by

24  the accountant-client privilege.  The MGA Entities further object to the request on

25  the grounds that it seeks documents protected from disclosure by applicable federal

26  and state tax return privileges.  The MGA Entities further object to this request to the

27  extent that it seeks documents that contain trade secrets, confidential, commercially

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  sensitive and/or other proprietary or competitive information that is subject to the

2  MGA Entities' or any other person's constitutional, statutory or common law right of

3  privacy or protection.  The MGA Entities further object that this request calls for the

4  production of documents that are not relevant to the subject matter involved in the

5  pending litigation or reasonably calculated to lead to the discovery of admissible

6  evidence.  The MGA Entities further object to this request as being overly broad,

7  burdensome and harassing to a non-party to the extent that it seeks to force D & T to

8  produce documents or information available from parties to the litigation. The MGA

9  Entities further object to this request on the grounds that it is overbroad as to subject

10  matter and time; in particular, the MGA Entities object to the definition of "MGA,"

11  on the grounds that it is overbroad.  The MGA Entities further object on the grounds

12  that this request is vague, ambiguous and overbroad, particularly as to the meaning

13  of "indicating."

14  **ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 3:**

15      To the extent not included in your production responsive to Request Nos. 1-2,

16  all documents indicating or calculating the value of MGA's intellectual property or

17  goodwill.

18  **RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE**
    **REQUEST NO. 3:**
19

20      The MGA Entities incorporate by reference their General Objections as

21  though fully set forth herein.  The MGA Entities further object to the extent that this

22  request seeks information that is protected from disclosure under the attorney-client

23  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

24  Entities further object to this request to the extent it seeks documents protected by

25  the accountant-client privilege.  The MGA Entities further object to the request on

26  the grounds that it seeks documents protected from disclosure by applicable federal

27  and state tax return privileges.  The MGA Entities further object to this request to the

28

1  extent that it seeks documents that contain trade secrets, confidential, commercially

2  sensitive and/or other proprietary or competitive information that is subject to the

3  MGA Entities' or any other person's constitutional, statutory or common law right of

4  privacy or protection.  The MGA Entities further object that this request calls for the

5  production of documents that are not relevant to the subject matter involved in the

6  pending litigation or reasonably calculated to lead to the discovery of admissible

7  evidence.  The MGA Entities further object to this request as being overly broad,

8  burdensome and harassing to a non-party to the extent that it seeks to force D & T to

9  produce documents or information available from parties to the litigation. The MGA

10  Entities further object to this request on the grounds that it is overbroad as to subject

11  matter and time; in particular, the MGA Entities object to the definition of "MGA,"

12  on the grounds that it is overbroad.  The MGA Entities further object on the grounds

13  that this request is vague, ambiguous and overbroad, particularly as to the meaning

14  of "indicating," and "goodwill."

15  **ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 8:**

16      Documents sufficient to identify any other person or company who has served

17  as MGA's auditor(s) or accountant(s) since January 1, 1999.

18  **RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE**
**REQUEST NO. 8:**

19

20      The MGA Entities incorporate by reference their General Objections as

21  though fully set forth herein.  The MGA Entities further object to the extent that this

22  request seeks information that is protected from disclosure under the attorney-client

23  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

24  Entities further object to this request to the extent it seeks documents protected by

25  the accountant-client privilege.  The MGA Entities further object to the request on

26  the grounds that it seeks documents protected from disclosure by applicable federal

27  and state tax return privileges.  The MGA Entities further object to this request to the

28

1 extent that it seeks documents that contain trade secrets, confidential, commercially

2 sensitive and/or other proprietary or competitive information that is subject to the

3 MGA Entities' or any other person's constitutional, statutory or common law right of

4 privacy or protection.  The MGA Entities further object that this request calls for the

5 production of documents that are not relevant to the subject matter involved in the

6 pending litigation or reasonably calculated to lead to the discovery of admissible

7 evidence.  The MGA Entities further object to this request as being overly broad,

8 burdensome and harassing to a non-party to the extent that it seeks to force D & T to

9 produce documents or information available from parties to the litigation. The MGA

10 Entities further object to this request on the grounds that it is overbroad as to subject

11 matter and time.  The MGA Entities further object on the grounds that this request is

12 vague, ambiguous and overbroad, particularly as to the meaning of "sufficient to

13 identify."

14 **MOSS ADAMS REQUEST NO. 1:**

15     All DOCUMENTS RELATING TO MGA, including without limitation

16 accounting records, tax returns and schedules (including without limitation Form

17 1040, Form 1099, Form 1120, Schedule E or Schedule K-l) and drafts thereof, work

18 papers, worksheets, payroll records, financial statements (audited and unaudited), pro

19 formas and budgets from the period beginning January 1, 1999 to the present.

20 **RESPONSE TO MOSS ADAMS REQUEST NO. 1:**

21     The MGA Entities incorporate by reference their General Objections as

22 though fully set forth herein.  The MGA Entities further object to the extent that this

23 request seeks information that is protected from disclosure under the attorney-client

24 privilege, the work product doctrine and/or the joint interest privilege.  The MGA

25 Entities further object to this request to the extent it seeks documents protected by

26 the accountant-client privilege.  The MGA Entities further object to the request on

27 the grounds that it seeks documents protected from disclosure by applicable federal

28

1  and state tax return privileges.  The MGA Entities further object to this request to the

2  extent that it seeks documents that contain trade secrets, confidential, commercially

3  sensitive and/or other proprietary or competitive information that is subject to the

4  MGA Entities' or any other person's constitutional, statutory or common law right of

5  privacy or protection.  The MGA Entities further object that this request calls for the

6  production of documents that are not relevant to a claim or defense in the pending

7  litigation or reasonably calculated to lead to the discovery of admissible evidence.

8  The MGA Entities further object to this request as being overly broad, burdensome

9  and harassing to a non-party to the extent that it seeks to force Moss Adams to

10  produce documents or information available from parties to the litigation. The MGA

11  Entities further object to this request on the grounds that it is overbroad as to subject

12  matter and time; in particular, the MGA Entities object to the definitions of

13  "RELATING TO" and "MGA," on the grounds that they are overbroad, vague and

14  ambiguous.  The MGA Entities further object on the grounds that this request is

15  vague, ambiguous and overbroad, particularly as to the meaning of "accounting

16  records," "schedules," "work papers," "worksheets," "financial statements," "pro

17  formas" and "budgets."

18  **MOSS ADAMS REQUEST NO. 2:**

19       All DOCUMENTS RELATING TO ISAAC LARIAN, including without

20  limitation accounting records, tax returns and schedules (including without limitation

21  Form 1040, Form 1099, Form 1120, Schedule E and Schedule K-l) and drafts thereof,

22  W-2s, work papers, worksheets, payroll records, financial statements (audited and

23  unaudited), pro formas, budgets, account information and account statements, from

24  the period beginning January 1, 1999 to the present.

25  **RESPONSE TO MOSS ADAMS REQUEST NO. 2:**

26       The MGA Entities incorporate by reference their General Objections as

27  though fully set forth herein.  The MGA Entities further object to the extent that this

28

request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "RELATING TO" and "ISAAC LARIAN," on the grounds that they are overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "accounting records," "schedules," "work papers," "worksheets," "financial statements," "pro formas," "account information," "account statements" and "budgets."

**MOSS ADAMS REQUEST NO. 6:**

To the extent not included in your production responsive to Request Nos. 1-5, all DOCUMENTS indicating ISAAC LARIAN's net worth.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO MOSS ADAMS REQUEST NO. 6:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "ISAAC LARIAN," on the grounds that it is overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating."

**MOSS ADAMS REQUEST NO. 7:**

To the extent not included in your production responsive to Request Nos. 1-6, all DOCUMENTS indicating MGA' s net worth.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO MOSS ADAMS REQUEST NO. 7:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege.  The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad, vague and ambiguous.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating."

**MOSS ADAMS REQUEST NO. 8:**

To the extent not included in your production responsive to Request Nos. 1-7, all DOCUMENTS indicating or calculating the value of MGA's intellectual property or goodwill.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO MOSS ADAMS REQUEST NO. 8:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "intellectual property" and "goodwill."

**MOSS ADAMS REQUEST NO. 12:**

All DOCUMENTS evidencing, showing or relating to payments to or transfers of value from MGA to ISAAC LARIAN, ISAAC LARIAN ANNUITY TRUST, or ISAAC AND ANGELA ANNUITY TRUST.

**RESPONSE TO MOSS ADAMS REQUEST NO. 12:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege.  The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN," "ISAAC LARIAN ANNUITY TRUST," and "ISAAC AND ANGELA ANNUITY TRUST," on the grounds that they are overbroad, vague and ambiguous.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," "showing," "evidencing," "payments" and "transfers of value."

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**MOSS ADAMS REQUEST NO. 13:**

All DOCUMENTS evidencing, showing or relating to payments to or transfers of value from MGA or ISAAC LARIAN to BRYANT.

**RESPONSE TO MOSS ADAMS REQUEST NO. 13:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN," and "BRYANT," on the grounds that they are overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," "showing," "evidencing," "payments" and "transfers of value."

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**MOSS ADAMS REQUEST NO. 14:**

All DOCUMENTS evidencing, showing or relating to payments to or transfers of value from MGA or ISAAC LARIAN to GARCIA.

**RESPONSE TO MOSS ADAMS REQUEST NO. 14:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN" and "GARCIA," on the grounds that they are overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," "showing," "evidencing," "payments" and "transfers of value."

**MOSS ADAMS REQUEST NO. 15:**

All DOCUMENTS evidencing, showing or relating to payments to or transfers of value from MGA or ISAAC LARIAN to MARLOW.

**RESPONSE TO MOSS ADAMS REQUEST NO. 15:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege.  The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN" and "MARLOW," on the grounds that they are overbroad, vague and ambiguous.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," "showing," "evidencing," "payments" and "transfers of value."

**MOSS ADAMS REQUEST NO. 16:**

All DOCUMENTS evidencing, showing or relating to non-payroll payments to or transfers of value from MGA or ISAAC LARIAN to any FORMER MATTEL EMPLOYEE.

**RESPONSE TO MOSS ADAMS REQUEST NO. 16:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege.  The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN" and "FORMER MATTEL EMPLOYEE," on the grounds that they are overbroad, vague and ambiguous.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the

1  meaning of "relating to," "showing," "evidencing," "non-payroll payments" and

2  "transfers of value."

3  **MOSS ADAMS REQUEST NO. 18:**

4      DOCUMENTS sufficient to identify any other PERSON who has served as

5  MGA's, ISAAC LARIAN's, FARHAD LARIAN's, the ISAAC AND ANGELA

6  LARIAN FAMILY TRUST or the ISAAC LARIAN ANNUITY TRUST'S auditor(s)

7  or accountant(s) since January 1, 1999.

8  **RESPONSE TO MOSS ADAMS REQUEST NO. 18:**

9      The MGA Entities incorporate by reference their General Objections as

10  though fully set forth herein.  The MGA Entities further object to the extent that this

11  request seeks information that is protected from disclosure under the attorney-client

12  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

13  Entities further object to this request to the extent it seeks documents protected by

14  the accountant-client privilege.  The MGA Entities further object to the request to the

15  extent that it seeks documents protected from disclosure by applicable federal and

16  state tax return privileges.  The MGA Entities further object to this request to the

17  extent that it seeks documents that contain trade secrets, confidential, commercially

18  sensitive and/or other proprietary or competitive information that is subject to the

19  MGA Entities' or any other person's constitutional, statutory or common law right of

20  privacy or protection.  The MGA Entities further object that this request calls for the

21  production of documents that are not relevant to a claim or defense in the pending

22  litigation or reasonably calculated to lead to the discovery of admissible evidence.

23  The MGA Entities further object to this request as being overly broad, burdensome

24  and harassing to a non-party to the extent that it seeks to force Moss Adams to

25  produce documents or information available from parties to the litigation. The MGA

26  Entities further object to this request on the grounds that it is overbroad as to subject

27  matter and time; in particular, the MGA Entities object to the definitions of "MGA,"

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  "ISAAC LARIAN," "FARHAD LARIAN," "ISAAC AND ANGELA LARIAN

2  FAMILY TRUST," and "ISAAC LARIAN ANNUITY TRUST," on the grounds that

3  they are overbroad, vague and ambiguous.  The MGA Entities further object on the

4  grounds that this request is vague, ambiguous and overbroad, particularly as to the

5  meaning of "sufficient to identify."

6        **B.**     **MGA's Statements of Position**

7            **1.**     **MGA's Statement of Position Regarding Requests 1-5 to**

8                  **Wells Fargo**

9      Mattel has subpoenaed five different entities that perform financial services

10  for MGA or Mr. Larian seeking virtually every scrap of paper and byte of data

11  pertaining to MGA and Mr. Larian's finances over the last nine years.  The instant

12  requests are examples of these overbroad requests.  There is no justification for

13  issuing such expansive subpoenas, with requests such as these which cover largely

14  irrelevant material, particularly since whatever small amount of relevant information

15  may be covered by the subpoenas has already been requested from the parties.

16      When a party subpoenas an adverse party's financial information, courts are

17  especially vigilant in limiting a subpoena's scope such that irrelevant financial

18  information is not produced.  *See S. Cal. Hous. Rights Ctr. v. Krug,* Case No. CV 06-

19  1420 SJO (JCx), 2006 U.S. Dist. LEXIS 65330 (C.D. Cal. Sept. 5, 2006) (denying

20  request for production of tax return because plaintiff could not show a compelling

21  need for the return where less intrusive means could be used to establish defendant's

22  net worth); *In re Ashworth, Inc. Sec. Litig.*, Civil No. 99cv0121 L (JAH), 2002 U.S.

23  Dist. LEXIS 27991, at *20 (S.D. Cal. May 10, 2002).  In *Ashworth*, for example, the

24  district court quashed subpoenas issued to the defendant's financial analysts and

25  investment companies as "overwhelmingly broad in category and content" because

26  "[a]s they are phrased, the requests appear, in this Court's view, to seek all

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   documents in the third party financial analysts' possession that refer to or mention

2   Ashworth in any shape or form."  2002 U.S. Dist. LEXIS 27991, at *20.

3        Here, Mattel's subpoena to Wells Fargo does not merely appear to ask for

4   everything relating to MGA or Mr. Larian, it *literally* demand everything.  Request 1

5   demands "[a]ll DOCUMENTS REFERRING OR RELATING TO MGA from

6   January 1, 1999 to the present, inclusive."  (Park Decl., Ex. 11 at Request 1).  While

7   requests 2-5 request all documents related to any MGA account at Wells Fargo or

8   any other financial institution.  (Park Decl., Ex. 11 at Requests 2-5).  Moreover, in

9   case it was not clear enough from these requests that Mattel truly wanted *everything*,

10  Mattel gave the term "RELATING TO" an unnecessarily broad construction.  (*Id*. at

11  4 (defined as "reflecting, identifying, describing, summarizing, evidencing,

12  referencing, concerning, discussing or indicating in any way.").)

13       Mattel argues that it needs this financial information because it is relevant to

14  damages, Mattel's commercial bribery allegations, and to counter a statement Mr.

15  Larian made in a prior litigation that, as of 2007, he could not recall whether he

16  received a bonus in 2003 because MGA's owners invested the company's profits

17  back into the company.  Such inchoate assertions of relevance are insufficient to

18  justify the type of unfettered access to MGA and Mr. Larian's financial information

19  that Mattel seeks.  *See, e.g., Ocean Atl. Woodland Corp. v. DRH Cambridge Homes,*

20  *Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003).

21       In *Ocean Atl.*, the copyright owner of real estate development plans sued a

22  developer for infringement with respect to one of its development sites.  The

23  plaintiff's "interrogatories and production requests [sought] all of the defendants'

24  financial records relating to their entire business and professional activities, on all

25  construction projects throughout the country, beginning from 1997 through present

26  date."  *Id*. at 926.  Posing the question "can anything remotely relevant to the claims

27  and defenses-or more pointedly to damages-arising from use of the Development

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1    Plans at the Liberty Grove development site justify this massive body of discovery,"

2    the court answered, "*We hardly think so*." *Id.* (emphasis added). "This court

3    perceives an improper motive and purpose to this broad discovery. We cannot

4    conceive of any relevance to the claims or defenses asserted in this copyright

5    infringement case, or of any legitimate purpose of this massive discovery demand.

6    The production of virtually the entirety of defendants' business books and records

7    relating to all of its projects could not lead to any admissible evidence." *Id.* at 927.

8         The Discovery Master should reach the same conclusion in this case. Mattel's

9    alleged damages in this case are tied to the particular products at issue, not MGA or

10   Mr. Larian's entire financial history. Documents such as all of MGA and Mr.

11   Larian's tax returns, account statements and expense records, or the audit files and

12   loan documents for MGA, are neither relevant to damages in this case nor reasonably

13   calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P.

14   26(b)(1). Indeed, the Discovery Master in this case already rejected an attempt by

15   Mattel to obtain Carter Bryant's tax returns. (Park Decl., Ex. 27 (1/25/07 Order) at

16   14-15.)

17        Similarly, Mattel's assertion that the requested financial information is relevant

18   to its commercial bribery allegations is specious. Mattel's bribery allegations consist

19   of nothing more than an assertion that MGA financed Bryant to develop Bratz while

20   he was still employed at Mattel. Mattel's Second Am. Answer & Counterclaim at 37

21   (¶ 33), 59 (¶ 93(d)), 74 (¶ 165). Thus, the only financial documents that could

22   possibly be relevant to this allegation are documents showing any payments by

23   MGA to Bryant during the time he was a Mattel employee.

24        Mattel's claim that it needs all of Mr. Larian's financial records to counter his

25   statement that he did not think he received a bonus in 2003 because MGA's owners

26   invested the company's profits back into MGA is nothing more than an absurd

27   fishing expedition. *See Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003)

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  (rejecting request for party-opponent's tax returns for impeachment purposes because

2  request was "the kind of 'fishing expedition' that would undermine the public policy

3  against unnecessary public disclosure of tax returns") (quotation marks and citations

4  omitted).  Setting aside the issue of relevance, Mattel does not need to comb through

5  nine years' worth of Mr. Larian's financial records to determine whether he received

6  a bonus from MGA in 2003.  That information is obtainable from MGA.

7       In addition to seeking irrelevant information, these requests seek information

8  that is already covered by one or more of the more than 2,300 document requests that

9  Mattel has served on the MGA Defendants.  (Park Decl., Ex. 28 at 1-12 (chart

10  comparing Mattel's requests to Non-Parties with Mattel's document requests to MGA

11  Defendants).)

12       In addition, numerous documents requested pursuant to these requests are

13  duplicative of documents that the MGA Defendants have already produced.  *See* Fed.

14  R. Civ. P. 26(b)(2)(C) (limiting discovery if it "is unreasonably cumulative or

15  duplicative, or can be obtained from some other source that is more convenient, less

16  burdensome, or less expensive").  The financial documents produced by the MGA

17  Defendants to date include:

18       •    Audited and unaudited quarterly and annual profit and loss statements;

19       •    Audited and unaudited quarterly and annual statements;

20       •    Annual reports;

21       •    Various MGA financial reports;

22       •    Various financial documents relating to Veronica Marlow;

23       •    Documents showing royalty payments to Carter Bryant;

24       •    Documents showing MGA's sales, returns and costs of good sold for
25            each month, by SKU, since 2001;

26       •    Documents showing MGA's promotional, advertising and media
            expenditures, including MGA's internal allocation of those expenditures
27            by brand and/or product;

28

31

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

- • Documents showing MGA's amortization and depreciation of certain capital assets and expenditures;

- • Documents showing MGA's monthly general ledger entries aggregated by account, including income and expense accounts, reserves and liabilities; and

- • Documents sufficient to explicate MGA's various accounts as presently and historically maintained in MGA's books and records, as well as various nomenclature assigned to items, products, brands, sub-brands, and profit centers.

(Park Decl., ¶ 3.)

In view of the many requests for financial information that Mattel has served on the MGA Defendants, as well as the ample financial documents that the MGA Defendants have produced or will be producing, there is no basis for Mattel to obtain the broad financial information asked for in this request.

Mattel has no legitimate need to discover the entirety of MGA and Mr. Larian's financial records over the last nine years. Nor is there any reason to unduly burden non-parties with these expansive requests for such records when those materials either are irrelevant or are properly the subject of party discovery. Accordingly, the Discovery Master should bar Mattel from seeking information pursuant to these requests from Wells Fargo.

## 2. MGA's Statement of Position Regarding Requests 1-7 and 12 to Wachovia

Mattel has subpoenaed five different entities that perform financial services for MGA or Mr. Larian seeking virtually every scrap of paper and byte of data pertaining to MGA and Mr. Larian's finances over the last nine years. The instant requests are examples of these overbroad requests. There is no justification for issuing such expansive subpoenas, with requests such as these which cover largely irrelevant material, particularly since whatever small amount of relevant information may be covered by the subpoenas has already been requested from the parties.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1    When a party subpoenas an adverse party's financial information, courts are

2  especially vigilant in limiting the subpoena's scope such that irrelevant financial

3  information is not produced.  *See S. Cal. Hous. Rights Ctr. v. Krug,* Case No. CV 06-

4  1420 SJO (JCx), 2006 U.S. Dist. LEXIS 65330 (C.D. Cal. Sept. 5, 2006) (denying

5  request for production of tax return because plaintiff could not show a compelling

6  need for the return where less intrusive means could be used to establish defendant's

7  net worth); *In re Ashworth, Inc. Sec. Litig.*, Civil No. 99cv0121 L (JAH), 2002 U.S.

8  Dist. LEXIS 27991, at *20 (S.D. Cal. May 10, 2002).  In *Ashworth*, for example, the

9  district court quashed subpoenas issued to the defendant's financial analysts and

10  investment companies as "overwhelmingly broad in category and content" because

11  "[a]s they are phrased, the requests appear, in this Court's view, to seek all

12  documents in the third party financial analysts' possession that refer to or mention

13  Ashworth in any shape or form."  2002 U.S. Dist. LEXIS 27991, at *20.

14    Mattel's subpoena to Wachovia is unrestrained in scope.  For example,

15  Mattel's subpoena requests all documents relating to the financial services that

16  Wachovia has provided MGA over the last nine years.  (Park Decl., Ex. 9 (Wachovia

17  Subpoena) at Request 1 ("All documents relating to any loan agreement … that YOU

18  have entered into with MGA since January 1, 1999…"); *see also id.* at Requests 2-7

19  (seeking a broad array of information that is not properly limited in time, scope, or

20  both).)  Mattel has also requested that the Wachovia produce documents identifying

21  other lenders, auditors or accountants of MGA or Mr. Larian, presumably because

22  Mattel wants to serve them with similar subpoenas.  (Park Decl., Ex. 9 (Wachovia

23  Subpoena) at Request 12.).)

24    Mattel argues that it needs this financial information because the information

25  is relevant to damages, Mattel's commercial bribery allegations, and to counter a

26  statement Mr. Larian made in a prior litigation that, as of 2007, he could not recall

27  whether he received a bonus in 2003 because MGA's owners invested the company's

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1 | profits back into the company. Such inchoate assertions of relevance are insufficient

2 | to justify the type of unfettered access to MGA and Mr. Larian's financial

3 | information that Mattel seeks. *See, e.g., Ocean Atl. Woodland Corp. v. DRH*

4 | *Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003).

5 | In *Ocean Atl.*, the copyright owner of real estate development plans sued a

6 | developer for infringement with respect to one of its development sites. The

7 | plaintiff's "interrogatories and production requests [sought] all of the defendants'

8 | financial records relating to their entire business and professional activities, on all

9 | construction projects throughout the country, beginning from 1997 through present

10 | date." *Id.* at 926. Posing the question "can anything remotely relevant to the claims

11 | and defenses-or more pointedly to damages-arising from use of the Development

12 | Plans at the Liberty Grove development site justify this massive body of discovery,"

13 | the court answered, "***We hardly think so***." *Id.* (emphasis added). "This court

14 | perceives an improper motive and purpose to this broad discovery. We cannot

15 | conceive of any relevance to the claims or defenses asserted in this copyright

16 | infringement case, or of any legitimate purpose of this massive discovery demand.

17 | The production of virtually the entirety of defendants' business books and records

18 | relating to all of its projects could not lead to any admissible evidence." *Id.* at 927.

19 | The Discovery Master should reach the same conclusion in this case. Mattel's

20 | alleged damages in this case are tied to the particular products at issue, not MGA or

21 | Mr. Larian's entire financial history. Documents such as all of MGA and Mr.

22 | Larian's tax returns, account statements and expense records, or the audit files and

23 | loan documents for MGA, are neither relevant to damages in this case nor reasonably

24 | calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P.

25 | 26(b)(1). Indeed, the Discovery Master in this case already rejected an attempt by

26 | Mattel to obtain Carter Bryant's tax returns. (Park Decl., Ex. 27 (1/25/07 Order) at

27 | 14-15.)

28 |

34

1   Similarly, Mattel's assertion that the requested financial information is relevant
2   to its commercial bribery allegations is specious.  Mattel's bribery allegations consist
3   of nothing more than an assertion that MGA financed Bryant to develop Bratz while
4   he was still employed at Mattel.  Mattel's Second Am. Answer & Counterclaim at 37
5   (¶ 33), 59 (¶ 93(d)), 74 (¶ 165).  Thus, the only financial documents that could
6   possibly be relevant to this allegation are documents showing any payments by
7   MGA to Bryant during the time he was a Mattel employee.

8   Mattel's claim that it needs all of Mr. Larian's financial records to counter his
9   statement that he did not think he received a bonus in 2003 because MGA's owners
10  invested the company's profits back into MGA is nothing more than an absurd
11  fishing expedition.  *See Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003)
12  (rejecting request for party-opponent's tax returns for impeachment purposes because
13  request was "the kind of 'fishing expedition' that would undermine the public policy
14  against unnecessary public disclosure of tax returns") (quotation marks and citations
15  omitted).  Setting aside the issue of relevance, Mattel does not need to comb through
16  nine years' worth of Mr. Larian's financial records to determine whether he received
17  a bonus from MGA in 2003.  That information is obtainable from MGA.

18  In addition to seeking irrelevant information, these requests seek information
19  that is already covered by one or more of the more than 2,300 document requests that
20  Mattel has served on the MGA Defendants.  (Park Decl., Ex. 28 at 13-37 (chart
21  comparing Mattel's requests to Non-Parties with Mattel's document requests to MGA
22  Defendants).)

23  In addition, numerous documents requested pursuant to these request are
24  duplicative of documents that the MGA Defendants have already produced.  *See* Fed.
25  R. Civ. P. 26(b)(2)(C) (limiting discovery if it "is unreasonably cumulative or
26  duplicative, or can be obtained from some other source that is more convenient, less

27
28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

burdensome, or less expensive").  The financial documents produced by the MGA Defendants to date include:

- Audited and unaudited quarterly and annual profit and loss statements;

- Audited and unaudited quarterly and annual statements;

- Annual reports;

- Various MGA financial reports;

- Various financial documents relating to Veronica Marlow;

- Documents showing royalty payments to Carter Bryant;

- Documents showing MGA's sales, returns and costs of good sold for each month, by SKU, since 2001;

- Documents showing MGA's promotional, advertising and media expenditures, including MGA's internal allocation of those expenditures by brand and/or product;

- Documents showing MGA's amortization and depreciation of certain capital assets and expenditures;

- Documents showing MGA's monthly general ledger entries aggregated by account, including income and expense accounts, reserves and liabilities; and

- Documents sufficient to explicate MGA's various accounts as presently and historically maintained in MGA's books and records, as well as various nomenclature assigned to items, products, brands, sub-brands, and profit centers.

(Park Decl., ¶ 3.)

In view of the many requests for financial information that Mattel has served on the MGA Defendants, as well as the ample financial documents that the MGA Defendants have produced or will be producing, there is no basis for Mattel to obtain the broad financial information asked for in these requests.

Mattel has no legitimate need to discover the entirety of MGA and Mr. Larian's financial records over the last nine years.  Nor is there any reason to unduly burden non-parties with this expansive request for such records when those materials either are irrelevant or are properly the subject of party discovery.  Accordingly, the

36

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  Discovery Master should bar Mattel from seeking information pursuant to these

2  requests from Wachovia.

3          **3.      MGA's Statement of Position Regarding Requests 1-3 and 8 to Ernst & Young & Deloitte & Touche[1]**

4

5          Mattel has subpoenaed five different entities that perform financial services

6  for MGA or Mr. Larian seeking virtually every scrap of paper and byte of data

7  pertaining to MGA and Mr. Larian's finances over the last nine years.  The instant

8  requests are examples of these overbroad requests.  There is no justification for

9  issuing such expansive subpoenas, with requests such as these which cover largely

10 irrelevant material, particularly since whatever small amount of relevant information

11 may be covered by the subpoenas has already been requested from the parties.

12         When a party subpoenas an adverse party's financial information, courts are

13 especially vigilant in limiting the subpoena's scope such that irrelevant financial

14 information is not produced.  *See S. Cal. Hous. Rights Ctr. v. Krug,* Case No. CV 06-

15 1420 SJO (JCx), 2006 U.S. Dist. LEXIS 65330 (C.D. Cal. Sept. 5, 2006) (denying

16 request for production of tax return because plaintiff could not show a compelling

17 need for the return where less intrusive means could be used to establish defendant's

18 net worth); *In re Ashworth, Inc. Sec. Litig.*, Civil No. 99cv0121 L (JAH), 2002 U.S.

19 Dist. LEXIS 27991, at *20 (S.D. Cal. May 10, 2002).  In *Ashworth*, for example, the

20 district court quashed subpoenas issued to the defendant's financial analysts and

21 investment companies as "overwhelmingly broad in category and content" because

22 "[a]s they are phrased, the requests appear, in this Court's view, to seek all

23 documents in the third party financial analysts' possession that refer to or mention

24 Ashworth in any shape or form."  2002 U.S. Dist. LEXIS 27991, at *20.

25

26 _____

27 [1] This Statement deals with subpoenas to Ernst & Young and Deloitte & Touche in the same section because Mattel's requests to each of these parties are identical.

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   Mattel's subpoenas to MGA's auditors are unrestrained in scope.  For example,
2   Mattel's subpoenas request all documents relating to the financial services that
3   MGA's auditors have provided MGA over the last nine years.  (Park Decl., Exs. 7-8
4   (Ernst & Young and Deloitte & Touche Subpoenas) at Request 1 ("All documents
5   constituting or relating to MGA's annual audits…from the period beginning January
6   1, 1999 to the present."); *see also id.* at Requests 2-3 (seeking financial information
7   with no limitation on the time period of the information sought.).)  Mattel has also
8   requested that Ernst & Young and Deloitte & Touche produce documents identifying
9   other lenders, auditors or accountants of MGA or Mr. Larian, presumably because
10  Mattel wants to serve them with similar subpoenas.  (Park Decl., Exs. 7-8 (Ernst &
11  Young and Deloitte & Touche Subpoenas) at Request 8.)

12  Mattel argues that it needs this financial information because the information
13  is relevant to damages, Mattel's commercial bribery allegations, and to counter a
14  statement Mr. Larian made in a prior litigation that, as of 2007, he could not recall
15  whether he received a bonus in 2003 because MGA's owners invested the company's
16  profits back into the company.  Such inchoate assertions of relevance are insufficient
17  to justify the type of unfettered access to MGA and Mr. Larian's financial
18  information that Mattel seeks.  *See, e.g., Ocean Atl. Woodland Corp. v. DRH*
19  *Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003).

20  In *Ocean Atl.*, the copyright owner of real estate development plans sued a
21  developer for infringement with respect to one of its development sites.  The
22  plaintiff's "interrogatories and production requests [sought] all of the defendants'
23  financial records relating to their entire business and professional activities, on all
24  construction projects throughout the country, beginning from 1997 through present
25  date."  *Id.* at 926.  Posing the question "can anything remotely relevant to the claims
26  and defenses-or more pointedly to damages-arising from use of the Development
27  Plans at the Liberty Grove development site justify this massive body of discovery,"
28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  the court answered, "*We hardly think so*." *Id.* (emphasis added). "This court

2  perceives an improper motive and purpose to this broad discovery. We cannot

3  conceive of any relevance to the claims or defenses asserted in this copyright

4  infringement case, or of any legitimate purpose of this massive discovery demand.

5  The production of virtually the entirety of defendants' business books and records

6  relating to all of its projects could not lead to any admissible evidence." *Id.* at 927.

7       The Discovery Master should reach the same conclusion in this case. Mattel's

8  alleged damages in this case are tied to the particular products at issue, not MGA or

9  Mr. Larian's entire financial history. Documents such as all of MGA and Mr.

10  Larian's tax returns, account statements and expense records, or the audit files and

11  loan documents for MGA, are neither relevant to damages in this case nor reasonably

12  calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P.

13  26(b)(1). Indeed, the Discovery Master in this case already rejected an attempt by

14  Mattel to obtain Carter Bryant's tax returns. (Park Decl., Ex. 27 (1/25/07 Order) at

15  14-15.)

16       Similarly, Mattel's assertion that the requested financial information is relevant

17  to its commercial bribery allegations is specious. Mattel's bribery allegations consist

18  of nothing more than an assertion that MGA financed Bryant to develop Bratz while

19  he was still employed at Mattel. Mattel's Second Am. Answer & Counterclaim at 37

20  (¶ 33), 59 (¶ 93(d)), 74 (¶ 165). Thus, the only financial documents that could

21  possibly be relevant to this allegation are documents showing any payments by

22  MGA to Bryant during the time he was a Mattel employee.

23       Mattel's claim that it needs all of Mr. Larian's financial records to counter his

24  statement that he did not think he received a bonus in 2003 because MGA's owners

25  invested the company's profits back into MGA is nothing more than an absurd

26  fishing expedition. *See Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003)

27  (rejecting request for party-opponent's tax returns for impeachment purposes because

28

39

request was "the kind of 'fishing expedition' that would undermine the public policy against unnecessary public disclosure of tax returns") (quotation marks and citations omitted). Setting aside the issue of relevance, Mattel does not need to comb through nine years' worth of Mr. Larian's financial records to determine whether he received a bonus from MGA in 2003. That information is obtainable from MGA.

In addition to seeking irrelevant information, these requests seek information that is already covered by one or more of the more than 2,300 document requests that Mattel has served on the MGA Defendants. (Park Decl., Ex. 28 at 38-49 (chart comparing Mattel's requests to Non-Parties with Mattel's document requests to MGA Defendants).)

In addition, numerous documents requested pursuant to these requests are duplicative of documents that the MGA Defendants have already produced. *See* Fed. R. Civ. P. 26(b)(2)(C) (limiting discovery if it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"). The financial documents produced by the MGA Defendants to date include:

- Audited and unaudited quarterly and annual profit and loss statements;
- Audited and unaudited quarterly and annual statements;
- Annual reports;
- Various MGA financial reports;
- Various financial documents relating to Veronica Marlow;
- Documents showing royalty payments to Carter Bryant;
- Documents showing MGA's sales, returns and costs of good sold for each month, by SKU, since 2001;
- Documents showing MGA's promotional, advertising and media expenditures, including MGA's internal allocation of those expenditures by brand and/or product;
- Documents showing MGA's amortization and depreciation of certain capital assets and expenditures;

- Documents showing MGA's monthly general ledger entries aggregated by account, including income and expense accounts, reserves and liabilities; and

- Documents sufficient to explicate MGA's various accounts as presently and historically maintained in MGA's books and records, as well as various nomenclature assigned to items, products, brands, sub-brands, and profit centers.

(Park Decl., ¶ 3.)

In view of the many requests for financial information that Mattel has served on the MGA Defendants, as well as the ample financial documents that the MGA Defendants have produced or will be producing, there is no basis for Mattel to obtain the broad financial information asked for in these requests.

Mattel has no legitimate need to discover the entirety of MGA and Mr. Larian's financial records over the last nine years. Nor is there any reason to unduly burden non-parties with this expansive request for such records when those materials either are irrelevant or are properly the subject of party discovery. Accordingly, the Discovery Master should bar Mattel from seeking information pursuant to these requests from Ernst & Young or Deloitte & Touche.

### 4.   MGA's Statement of Position Regarding Requests 1, 2, 6-8, 12-16, and 18 to Moss Adams

Mattel has subpoenaed five different entities that perform financial services for MGA or Mr. Larian seeking virtually every scrap of paper and byte of data pertaining to MGA and Mr. Larian's finances over the last nine years. The instant requests are an example of these overbroad requests. There is no justification for issuing such expansive subpoenas, with requests such as these which cover largely irrelevant material, particularly since whatever small amount of relevant information may be covered by the subpoenas has already been requested from the parties.

When a party subpoenas an adverse party's financial information, courts are especially vigilant in limiting the subpoena's scope such that irrelevant financial

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   information is not produced.  *See S. Cal. Hous. Rights Ctr. v. Krug,* Case No. CV 06-

2   1420 SJO (JCx), 2006 U.S. Dist. LEXIS 65330 (C.D. Cal. Sept. 2006) (denying

3   request for production of tax return because plaintiff could not show a compelling

4   need for the return where less intrusive means could be used to establish defendant's

5   net worth); *In re Ashworth, Inc. Sec. Litig.*, Civil No. 99cv0121 L (JAH), 2002 U.S.

6   Dist. LEXIS 27991, at *20 (S.D. Cal. May 10, 2002).  In *Ashworth*, for example, the

7   district court quashed subpoenas issued to the defendant's financial analysts and

8   investment companies as "overwhelmingly broad in category and content" because

9   "[a]s they are phrased, the requests appear, in this Court's view, to seek all

10  documents in the third party financial analysts' possession that refer to or mention

11  Ashworth in any shape or form."  2002 U.S. Dist. LEXIS 27991, at *20.

12      Mattel's subpoena to Moss Adams is unrestrained in scope.  For example,

13  Mattel's subpoena requests all documents about either MGA or Isaac Larian that

14  Moss Admas has in its possession from the last nine years. (Park Decl., Ex. 12 (Moss

15  Adams Subpoena) at Request 1 ("All documents relating to MGA…from the period

16  beginning January 1, 1999 to the present."); *see also id.* at Request 2 ("All

17  documents relating to Isaac Larian…from the period beginning January 1, 1999 to

18  the present.").)  Mattel has also requested that Moss Adams produce documents

19  showing all of its valuation calculations performed for both MGA and Isaac Larian

20  as well as documents showing MGA's and Isaac Larian's disbursements—regardless

21  of when these calculations or disbursements took place.  (Park Decl., Ex. 12 (Moss

22  Adams Subpoena) at Requests 6-8 and 12-16.)  Finally, Mattel has requested that

23  Moss Adams produce documents identifying other lenders, auditors or accountants

24  of MGA or Mr. Larian, presumably because Mattel wants to serve them with similar

25  subpoenas.  (Park Decl., Ex. 12 (Moss Adams Subpoena) at Request 18.)

26      Mattel argues that it needs this financial information because the information

27  is relevant to damages, Mattel's commercial bribery allegations, and to counter a

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   statement Mr. Larian made in a prior litigation that, as of 2007, he could not recall

2   whether he received a bonus in 2003 because MGA's owners invested the company's

3   profits back into the company.  Such inchoate assertions of relevance are insufficient

4   to justify the type of unfettered access to MGA and Mr. Larian's financial

5   information that Mattel seeks.  *See, e.g., Ocean Atl. Woodland Corp. v. DRH*

6   *Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003).

7        In *Ocean Atl.*, the copyright owner of real estate development plans sued a

8   developer for infringement with respect to one of its development sites.  The

9   plaintiff's "interrogatories and production requests [sought] all of the defendants'

10   financial records relating to their entire business and professional activities, on all

11   construction projects throughout the country, beginning from 1997 through present

12   date." *Id.* at 926.  Posing the question "can anything remotely relevant to the claims

13   and defenses-or more pointedly to damages-arising from use of the Development

14   Plans at the Liberty Grove development site justify this massive body of discovery,"

15   the court answered, "***We hardly think so***." *Id.* (emphasis added).  "This court

16   perceives an improper motive and purpose to this broad discovery. We cannot

17   conceive of any relevance to the claims or defenses asserted in this copyright

18   infringement case, or of any legitimate purpose of this massive discovery demand.

19   The production of virtually the entirety of defendants' business books and records

20   relating to all of its projects could not lead to any admissible evidence." *Id.* at 927.

21        The Discovery Master should reach the same conclusion in this case.  Mattel's

22   alleged damages in this case are tied to the particular products at issue, not MGA or

23   Mr. Larian's entire financial history.  Documents such as all of MGA and Mr.

24   Larian's tax returns, account statements and expense records, or the audit files and

25   loan documents for MGA, are neither relevant to damages in this case nor reasonably

26   calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P.

27   26(b)(1).  Indeed, the Discovery Master in this case already rejected an attempt by

28

43

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH<br>SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   Mattel to obtain Carter Bryant's tax returns.  (Park Decl., Ex. 27 (1/25/07 Order) at

2   14-15.)

3        Similarly, Mattel's assertion that the requested financial information is relevant

4   to its commercial bribery allegations is specious.  Mattel's bribery allegations consist

5   of nothing more than an assertion that MGA financed Bryant to develop Bratz while

6   he was still employed at Mattel.  Mattel's Second Am. Answer & Counterclaim at 37

7   (¶ 33), 59 (¶ 93(d)), 74 (¶ 165).  Thus, the only financial documents that could

8   possibly be relevant to this allegation are documents showing any payments by

9   MGA to Bryant during the time he was a Mattel employee.

10       Mattel's claim that it needs all of Mr. Larian's financial records to counter his

11  statement that he did not think he received a bonus in 2003 because MGA's owners

12  invested the company's profits back into MGA is nothing more than an absurd

13  fishing expedition.  *See Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003)

14  (rejecting request for party-opponent's tax returns for impeachment purposes because

15  request was "the kind of 'fishing expedition' that would undermine the public policy

16  against unnecessary public disclosure of tax returns") (quotation marks and citations

17  omitted).  Setting aside the issue of relevance, Mattel does not need to comb through

18  nine years' worth of Mr. Larian's financial records to determine whether he received

19  a bonus from MGA in 2003. That information is obtainable from MGA.

20       In addition to seeking irrelevant information, these requests seek information

21  that is already covered by one or more of the more than 2,300 document requests that

22  Mattel has served on the MGA Defendants.  (Park Decl., Ex. 28 at 50-67 (chart

23  comparing Mattel's requests to Non-Parties with Mattel's document requests to MGA

24  Defendants).)

25       In addition, numerous documents requested pursuant to these requests are

26  duplicative of documents that the MGA Defendants have already produced.  *See* Fed.

27  R. Civ. P. 26(b)(2)(C) (limiting discovery if it "is unreasonably cumulative or

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive").  The financial documents produced by the MGA Defendants to date include:

- Audited and unaudited quarterly and annual profit and loss statements;

- Audited and unaudited quarterly and annual statements;

- Annual reports;

- Various MGA financial reports;

- Various financial documents relating to Veronica Marlow;

- Documents showing royalty payments to Carter Bryant;

- Documents showing MGA's sales, returns and costs of good sold for each month, by SKU, since 2001;

- Documents showing MGA's promotional, advertising and media expenditures, including MGA's internal allocation of those expenditures by brand and/or product;

- Documents showing MGA's amortization and depreciation of certain capital assets and expenditures;

- Documents showing MGA's monthly general ledger entries aggregated by account, including income and expense accounts, reserves and liabilities; and

- Documents sufficient to explicate MGA's various accounts as presently and historically maintained in MGA's books and records, as well as various nomenclature assigned to items, products, brands, sub-brands, and profit centers.

(Park Decl., ¶ 3.)

In view of the many requests for financial information that Mattel has served on the MGA Defendants, as well as the ample financial documents that the MGA Defendants have produced or will be producing, there is no basis for Mattel to obtain the broad financial information asked for in these requests.

Mattel has no legitimate need to discover the entirety of MGA and Mr. Larian's financial records over the last nine years.  Nor is there any reason to unduly burden non-parties with these expansive requests for such records when those materials either are irrelevant or are properly the subject of party discovery.

45

1  Accordingly, the Discovery Master should bar Mattel from seeking information

2  pursuant to these requests from Moss Adams.

3  **II.    THE DISCOVERY MASTER SHOULD QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO THE REQUESTS IN**

4  **WHICH MATTEL SEEKS IRRELEVANT FINANCIAL INFORMATION REGARDING NON-PARTIES. (REQUESTS 1-5 TO**

5  **WELLS FARGO; REQUESTS 1-7 AND 12 TO WACHOVIA; REQUESTS 1-3 AND 8 TO ERNST & YOUNG; REQUESTS 1-3 AND 8**

6  **TO DELOITTE & TOUCHE; REQUESTS 1-8, 12-16, 18, AND 19 TO MOSS ADAMS; REQUESTS 1-8, 14, AND 15 TO THE ISAAC AND**

7  **ANGELA LARIAN TRUST; REQUESTS 1-8, 14, AND 15 TO THE ISAAC LARIAN ANNUITY TRUST)**

8

9  **A.    Mattel's Requests and MGA's Responses**

10  **WELLS FARGO REQUEST NO. 1:**

11  All DOCUMENTS REFERRING OR RELATING TO MGA from January 1,

12  1999 to the present, inclusive.

13  **RESPONSE TO WELLS FARGO REQUEST NO. 1:**

14  The MGA Entities incorporate by reference their General Objections as

15  though fully set forth herein.  The MGA Entities further object to the extent that this

16  request seeks information that is protected from disclosure under the attorney-client

17  privilege, the work product doctrine.  The MGA Entities further object to this request

18  to the extent that it seeks documents that contain trade secrets, confidential,

19  commercially sensitive and/or other proprietary or competitive information that is

20  subject to the MGA Entities' or any other person's constitutional, statutory or

21  common law right of privacy or protection.  The MGA Entities further object that

22  this request calls for the production of documents that are not relevant to the subject

23  matter involved in the pending litigation or reasonably calculated to lead to the

24  discovery of admissible evidence.  The MGA Entities further object to this request

25  on the grounds that it is overbroad as to subject matter and time.  The MGA Entities

26  object to the definition of "MGA," as vague, ambiguous and overbroad.

27

28

**WELLS FARGO REQUEST NO. 2:**

All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 9600112551, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

**RESPONSE TO WELLS FARGO REQUEST NO. 2:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "statements," "daily transaction history reports," "monthly transaction history reports," and "deposit reports."

**WELLS FARGO REQUEST NO. 3:**

All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MGA, including but not limited to statements, monthly statements, annual statements, daily

47

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  transaction history reports, monthly transaction history reports, deposit reports,

2  deposit slips, canceled checks, signature cards, and COMMUNICATIONS

3  REFERRING OR RELATING TO such ACCOUNTS, crated between January 1,

4  1999 and the present, inclusive.

5  **RESPONSE TO WELLS FARGO REQUEST NO. 3:**

6        The MGA Entities incorporate by reference their General Objections as

7  though fully set forth herein.  The MGA Entities further object to the extent that this

8  request seeks information that is protected from disclosure under the attorney-client

9  privilege, the work product doctrine.  The MGA Entities further object to this request

10 to the extent that it seeks documents that contain trade secrets, confidential,

11 commercially sensitive and/or other proprietary or competitive information that is

12 subject to the MGA Entities' or any other person's constitutional, statutory or

13 common law right of privacy or protection.  The MGA Entities further object that

14 this request calls for the production of documents that are not relevant to the subject

15 matter involved in the pending litigation or reasonably calculated to lead to the

16 discovery of admissible evidence.  The MGA Entities further object to this request

17 on the grounds that it is overbroad as to subject matter and time.  The MGA Entities

18 further object on the grounds that this request is vague, ambiguous and overbroad,

19 particularly as to the meaning of "MGA," "statements," "daily transaction history

20 reports," "monthly transaction history reports," and "deposit reports."

21 **WELLS FARGO REQUEST NO. 4:**

22        DOCUMENTS sufficient to show the account number of all ACCOUNTS

23 maintained by YOU in the name of, for the benefit of or concerning MGA between

24 January 1, 1999 and the present, inclusive.

25 **RESPONSE TO WELLS FARGO REQUEST NO. 4:**

26        The MGA Entities incorporate by reference their General Objections as

27 though fully set forth herein.  The MGA Entities further object to the extent that this

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  request seeks information that is protected from disclosure under the attorney-client

2  privilege, the work product doctrine.  The MGA Entities further object to this request

3  to the extent that it seeks documents that contain trade secrets, confidential,

4  commercially sensitive and/or other proprietary or competitive information that is

5  subject to the MGA Entities' or any other person's constitutional, statutory or

6  common law right of privacy or protection.  The MGA Entities further object that

7  this request calls for the production of documents that are not relevant to the subject

8  matter involved in the pending litigation or reasonably calculated to lead to the

9  discovery of admissible evidence.  The MGA Entities further object to this request

10  on the grounds that it is overbroad as to subject matter and time.  The MGA Entities

11  further object on the grounds that this request is vague, ambiguous and overbroad,

12  particularly as to the meaning of "MGA," "benefit of" and "concerning."

13  **WELLS FARGO REQUEST NO. 5:**

14  All DOCUMENTS showing or relating to any account(s) held by MGA or any

15  account(s) on which MGA has signatory authority at any other financial institution.

16  **RESPONSE TO WELLS FARGO REQUEST NO. 5:**

17  The MGA Entities incorporate by reference their General Objections as

18  though fully set forth herein.  The MGA Entities further object to the extent that this

19  request seeks information that is protected from disclosure under the attorney-client

20  privilege, the work product doctrine.  The MGA Entities further object to this request

21  to the extent that it seeks documents that contain trade secrets, confidential,

22  commercially sensitive and/or other proprietary or competitive information that is

23  subject to the MGA Entities' or any other person's constitutional, statutory or

24  common law right of privacy or protection.  The MGA Entities further object that

25  this request calls for the production of documents that are not relevant to the subject

26  matter involved in the pending litigation or reasonably calculated to lead to the

27  discovery of admissible evidence.  The MGA Entities further object to this request

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  on the grounds that it is overbroad as to subject matter and time.  The MGA Entities

2  object to the definition of "MGA," as vague, ambiguous and overbroad.

3  **WACHOVIA REQUEST NO. 1:**

4       All documents relating to any loan agreement, including without limitation

5  any line of credit or other financing arrangement, that YOU have entered into with

6  MGA since January 1, 1999, including without limitation drafts of any agreements.

7  **RESPONSE TO WACHOVIA REQUEST NO. 1:**

8       The MGA Entities incorporate by reference their General Objections as

9  though fully set forth herein.  The MGA Entities further object to the extent that this

10  request seeks information that is protected from disclosure under the attorney-client

11  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

12  Entities further object to this request to the extent that it seeks documents that

13  contain trade secrets, confidential, commercially sensitive and/or other proprietary or

14  competitive information that is subject to the MGA Entities' or any other person's

15  constitutional, statutory or common law right of privacy or protection.  The MGA

16  Entities further object that this request calls for the production of documents that are

17  not relevant to the subject matter involved in the pending litigation or reasonably

18  calculated to lead to the discovery of admissible evidence.  The MGA Entities

19  further object to this request as being overly broad, burdensome and harassing to a

20  non-party to the extent that it seeks to force Wachovia to produce documents or

21  information available from parties to the litigation.  The MGA Entities further object

22  to this request on the grounds that it is overbroad as to subject matter and time; in

23  particular, the MGA Entities object to the definition of "MGA," on the grounds that

24  it is overbroad.  The MGA Entities further object on the grounds that this request is

25  vague, ambiguous and overbroad, particularly as to the meaning of "relating to," and

26  "financing arrangement."

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**WACHOVIA REQUEST NO. 2:**

To the extent not included in YOUR production responsive to Request No. 1, all documents that MGA or any other person provided to YOU for purposes of entering into any loan agreement between YOU and MGA, including without limitation any line of credit or other financing arrangement or agreement, at any time since January 1, 1999, including without limitation accounting records, tax returns, pro formas, expense records, financial projections, budgets or business plans.

**RESPONSE TO WACHOVIA REQUEST NO. 2:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege.  MGA further objects to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  *See, e.g., Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *S. Cal. Hous. Rights Ctr. v. Krug*, 2006 U.S. Dist. LEXIS 65330, at **9-10 (C.D. Cal. Sept. 5, 2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *S.F. Bay Area Rapid Transit Dist. v. Spencer*, No. C 04-04632 SI, 2006 U.S. Dist. LEXIS 81681, at **3-4 (N.D. Cal. Oct. 23, 2006).  *See also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-14 (1957); *Sav-On Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1980).  The MGA Entities further object that this request calls for the

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  production of documents that are not relevant to the subject matter involved in the

2  pending litigation or reasonably calculated to lead to the discovery of admissible

3  evidence.  The MGA Entities further object to this request as being overly broad,

4  burdensome and harassing to a non-party to the extent that it seeks to force

5  Wachovia to produce documents or information available from parties to the

6  litigation.  The MGA Entities further object to this request on the grounds that it is

7  overbroad as to subject matter and time; in particular, the MGA Entities object to the

8  definition of "MGA," on the grounds that it is overbroad.  The MGA Entities further

9  object on the grounds that this request is vague, ambiguous and overbroad,

10  particularly as to the meaning of "financing arrangement," "pro formas," "expense

11  records," "financial projections," "budgets" and "business plans."

12  **WACHOVIA REQUEST NO. 3:**

13       To the extent not included in YOUR production responsive to Request Nos. 1-

14  2, all documents that were in the "three (3) boxes of loan documents" that YOU refer

15  to in YOUR November 15, 2005 letter to Robert G. Wilson, Esq., letter which is

16  included herein as Attachment "B."

17  **RESPONSE TO WACHOVIA REQUEST NO. 3:**

18       The MGA Entities incorporate by reference their General Objections as

19  though fully set forth herein.  The MGA Entities further object to the extent that this

20  request seeks information that is protected from disclosure under the attorney-client

21  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

22  Entities further object to this request to the extent that it seeks documents that

23  contain trade secrets, confidential, commercially sensitive and/or other proprietary or

24  competitive information that is subject to the MGA Entities' or any other person's

25  constitutional, statutory or common law right of privacy or protection.  The MGA

26  Entities further object that this request calls for the production of documents that are

27  not relevant to the subject matter involved in the pending litigation or reasonably

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  calculated to lead to the discovery of admissible evidence.  The MGA Entities
2  further object to this request as being overly broad, burdensome and harassing to a
3  non-party to the extent that it seeks to force Wachovia to produce documents or
4  information available from parties to the litigation.  The MGA Entities further object
5  to this request on the grounds that it is overbroad; in particular, the MGA Entities
6  object to the definition of "MGA," on the grounds that it is overbroad.

7  **WACHOVIA REQUEST NO. 4:**

8       To the extent not included in YOUR production responsive to Request Nos, 1-
9  3, all documents relating to any loan agreement entered into by MGA, or sought or
10 requested by MGA, during the time period January 1, 1999 and December 31, 2000,
11 inclusive.

12 **RESPONSE TO WACHOVIA REQUEST NO. 4:**

13      The MGA Entities incorporate by reference their General Objections as
14 though fully set forth herein.  The MGA Entities further object to the extent that this
15 request seeks information that is protected from disclosure under the attorney-client
16 privilege, the work product doctrine and/or the joint interest privilege.  The MGA
17 Entities further object to this request to the extent that it seeks documents that
18 contain trade secrets, confidential, commercially sensitive and/or other proprietary or
19 competitive information that is subject to the MGA Entities' or any other person's
20 constitutional, statutory or common law right of privacy or protection.  The MGA
21 Entities further object that this request calls for the production of documents that are
22 not relevant to the subject matter involved in the pending litigation or reasonably
23 calculated to lead to the discovery of admissible evidence.  The MGA Entities
24 further object to this request as being overly broad, burdensome and harassing to a
25 non-party to the extent that it seeks to force Wachovia to produce documents or
26 information available from parties to the litigation.  The MGA Entities further object
27 to this request on the grounds that it is overbroad; in particular, the MGA Entities
28

53

1  object to the definition of "MGA," on the grounds that it is overbroad.  The MGA

2  Entities further object on the grounds that this request is vague and ambiguous,

3  particularly as to the meaning of "relating to."

4  **WACHOVIA REQUEST NO. 5:**

5      To the extent not included in YOUR production responsive to Request Nos. 1-

6  4, all communications between YOU and MGA during the time period January 1,

7  1999 and December 31, 2000, inclusive.

8  **RESPONSE TO WACHOVIA REQUEST NO. 5:**

9      The MGA Entities incorporate by reference their General Objections as

10  though fully set forth herein.  The MGA Entities further object to the extent that this

11  request seeks information that is protected from disclosure under the attorney-client

12  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

13  Entities further object to this request to the extent that it seeks documents that

14  contain trade secrets, confidential, commercially sensitive and/or other proprietary or

15  competitive information that is subject to the MGA Entities' or any other person's

16  constitutional, statutory or common law right of privacy or protection.  The MGA

17  Entities further object that this request calls for the production of documents that are

18  not relevant to the subject matter involved in the pending litigation or reasonably

19  calculated to lead to the discovery of admissible evidence.  The MGA Entities

20  further object to this request as being overly broad, burdensome and harassing to a

21  non-party to the extent that it seeks to force Wachovia to produce documents or

22  information available from parties to the litigation.  The MGA Entities further object

23  to this request on the grounds that it is overbroad; in particular, the MGA Entities

24  object to the definition of "MGA," on the grounds that it is overbroad.  The MGA

25  Entities further object on the grounds that this request is overbroad, vague and

26  ambiguous, particularly as to the meaning of "communications."

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**WACHOVIA REQUEST NO. 6:**

To the extent not included in YOUR production responsive to Request Nos. 1-5, all documents indicating or showing a calculation of MGA's net worth or value.

**RESPONSE TO WACHOVIA REQUEST NO. 6:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating," and "value."

**WACHOVIA REQUEST NO. 7:**

To the extent not included in YOUR production responsive to Request Nos. 1-6, all documents indicating or calculating the value of MGA's intellectual property or goodwill.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO WACHOVIA REQUEST NO. 7:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation.  The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating," "value," and "intellectual property."

**WACHOVIA REQUEST NO. 12:**

Documents sufficient to identify any other MGA lender or person who extended or was requested to extend a line of credit to MGA since January 1, 1998.

**RESPONSE TO WACHOVIA REQUEST NO. 12:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client

1  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

2  Entities further object to this request to the extent that it seeks documents that

3  contain trade secrets, confidential, commercially sensitive and/or other proprietary or

4  competitive information that is subject to the MGA Entities' or any other person's

5  constitutional, statutory or common law right of privacy or protection.  The MGA

6  Entities further object to this request as being overly broad, burdensome and

7  harassing to a non-party to the extent that it seeks to force Wachovia to produce

8  documents or information available from parties to the litigation.  The MGA Entities

9  further object that this request calls for the production of documents that are not

10  relevant to the subject matter involved in the pending litigation or reasonably

11  calculated to lead to the discovery of admissible evidence.  The MGA Entities

12  further object to this request on the grounds that it is overbroad as to subject matter

13  and time, and overbroad, vague and ambiguous, particularly as to the meaning of

14  "sufficient to identify" and "MGA."

15  **ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 1:**

16        All documents constituting or relating to MGA's annual audits, including

17  without limitation accounting records, audit programs, audit reports and drafts

18  thereof, tax returns, work papers, worksheets, payroll records, financial projections,

19  pro formas and budgets, from the period beginning January 1, 1999 to the present.

20  **RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE**
   **REQUEST NO. 1:**

21

22        The MGA Entities incorporate by reference their General Objections as

23  though fully set forth herein.  The MGA Entities further object to the extent that this

24  request seeks information that is protected from disclosure under the attorney-client

25  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

26  Entities further object to this request to the extent it seeks documents protected by

27  the accountant-client privilege.  The MGA Entities further object to the request on

28

the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force D & T to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," "accounting records," "audit programs," "audit reports," "work papers," "worksheets," "financial projections," "pro formas" and "budgets."

**ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 2:**

To the extent not included in your production responsive to Request No. 1, all documents indicating or calculating MGA's net worth.

**RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 2:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent it seeks documents protected by

the accountant-client privilege.  The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force D & T to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating."

**ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 3:**

To the extent not included in your production responsive to Request Nos. 1-2, all documents indicating or calculating the value of MGA's intellectual property or goodwill.

**RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 3:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA

59

1   Entities further object to this request to the extent it seeks documents protected by

2   the accountant-client privilege.  The MGA Entities further object to the request on

3   the grounds that it seeks documents protected from disclosure by applicable federal

4   and state tax return privileges.  The MGA Entities further object to this request to the

5   extent that it seeks documents that contain trade secrets, confidential, commercially

6   sensitive and/or other proprietary or competitive information that is subject to the

7   MGA Entities' or any other person's constitutional, statutory or common law right of

8   privacy or protection.  The MGA Entities further object that this request calls for the

9   production of documents that are not relevant to the subject matter involved in the

10  pending litigation or reasonably calculated to lead to the discovery of admissible

11  evidence.  The MGA Entities further object to this request as being overly broad,

12  burdensome and harassing to a non-party to the extent that it seeks to force D & T to

13  produce documents or information available from parties to the litigation. The MGA

14  Entities further object to this request on the grounds that it is overbroad as to subject

15  matter and time; in particular, the MGA Entities object to the definition of "MGA,"

16  on the grounds that it is overbroad.  The MGA Entities further object on the grounds

17  that this request is vague, ambiguous and overbroad, particularly as to the meaning

18  of "indicating," and "goodwill."

19  **ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 8:**

20      Documents sufficient to identify any other person or company who has served

21  as MGA's auditor(s) or accountant(s) since January 1, 1999.

22  **RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE**
    **REQUEST NO. 8:**
23

24      The MGA Entities incorporate by reference their General Objections as

25  though fully set forth herein.  The MGA Entities further object to the extent that this

26  request seeks information that is protected from disclosure under the attorney-client

27  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  Entities further object to this request to the extent it seeks documents protected by

2  the accountant-client privilege.  The MGA Entities further object to the request on

3  the grounds that it seeks documents protected from disclosure by applicable federal

4  and state tax return privileges.  The MGA Entities further object to this request to the

5  extent that it seeks documents that contain trade secrets, confidential, commercially

6  sensitive and/or other proprietary or competitive information that is subject to the

7  MGA Entities' or any other person's constitutional, statutory or common law right of

8  privacy or protection.  The MGA Entities further object that this request calls for the

9  production of documents that are not relevant to the subject matter involved in the

10  pending litigation or reasonably calculated to lead to the discovery of admissible

11  evidence.  The MGA Entities further object to this request as being overly broad,

12  burdensome and harassing to a non-party to the extent that it seeks to force D & T to

13  produce documents or information available from parties to the litigation. The MGA

14  Entities further object to this request on the grounds that it is overbroad as to subject

15  matter and time.  The MGA Entities further object on the grounds that this request is

16  vague, ambiguous and overbroad, particularly as to the meaning of "sufficient to

17  identify."

18  **MOSS ADAMS REQUEST NO. 1:**

19       All DOCUMENTS RELATING TO MGA, including without limitation

20  accounting records, tax returns and schedules (including without limitation Form

21  1040, Form 1099, Form 1120, Schedule E or Schedule K-l) and drafts thereof, work

22  papers, worksheets, payroll records, financial statements (audited and unaudited), pro

23  formas and budgets from the period beginning January 1, 1999 to the present.

24  **RESPONSE TO MOSS ADAMS REQUEST NO. 1:**

25       The MGA Entities incorporate by reference their General Objections as

26  though fully set forth herein.  The MGA Entities further object to the extent that this

27  request seeks information that is protected from disclosure under the attorney-client

28

1   privilege, the work product doctrine and/or the joint interest privilege. The MGA

2   Entities further object to this request to the extent it seeks documents protected by

3   the accountant-client privilege. The MGA Entities further object to the request on

4   the grounds that it seeks documents protected from disclosure by applicable federal

5   and state tax return privileges. The MGA Entities further object to this request to the

6   extent that it seeks documents that contain trade secrets, confidential, commercially

7   sensitive and/or other proprietary or competitive information that is subject to the

8   MGA Entities' or any other person's constitutional, statutory or common law right of

9   privacy or protection. The MGA Entities further object that this request calls for the

10   production of documents that are not relevant to a claim or defense in the pending

11   litigation or reasonably calculated to lead to the discovery of admissible evidence.

12   The MGA Entities further object to this request as being overly broad, burdensome

13   and harassing to a non-party to the extent that it seeks to force Moss Adams to

14   produce documents or information available from parties to the litigation. The MGA

15   Entities further object to this request on the grounds that it is overbroad as to subject

16   matter and time; in particular, the MGA Entities object to the definitions of

17   "RELATING TO" and "MGA," on the grounds that they are overbroad, vague and

18   ambiguous. The MGA Entities further object on the grounds that this request is

19   vague, ambiguous and overbroad, particularly as to the meaning of "accounting

20   records," "schedules," "work papers," "worksheets," "financial statements," "pro

21   formas" and "budgets."

22   **MOSS ADAMS REQUEST NO. 2:**

23        All DOCUMENTS RELATING TO ISAAC LARIAN, including without

24   limitation accounting records, tax returns and schedules (including without limitation

25   Form 1040, Form 1099, Form 1120, Schedule E and Schedule K-l) and drafts thereof,

26   W-2s, work papers, worksheets, payroll records, financial statements (audited and

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  unaudited), pro formas, budgets, account information and account statements, from

2  the period beginning January 1, 1999 to the present.

3  **RESPONSE TO MOSS ADAMS REQUEST NO. 2:**

4    The MGA Entities incorporate by reference their General Objections as

5  though fully set forth herein.  The MGA Entities further object to the extent that this

6  request seeks information that is protected from disclosure under the attorney-client

7  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

8  Entities further object to this request to the extent it seeks documents protected by

9  the accountant-client privilege.  The MGA Entities further object to the request on

10  the grounds that it seeks documents protected from disclosure by applicable federal

11  and state tax return privileges.  The MGA Entities further object to this request to the

12  extent that it seeks documents that contain trade secrets, confidential, commercially

13  sensitive and/or other proprietary or competitive information that is subject to the

14  MGA Entities' or any other person's constitutional, statutory or common law right of

15  privacy or protection.  The MGA Entities further object that this request calls for the

16  production of documents that are not relevant to a claim or defense in the pending

17  litigation or reasonably calculated to lead to the discovery of admissible evidence.

18  The MGA Entities further object to this request as being overly broad, burdensome

19  and harassing to a non-party to the extent that it seeks to force Moss Adams to

20  produce documents or information available from parties to the litigation. The MGA

21  Entities further object to this request on the grounds that it is overbroad as to subject

22  matter and time; in particular, the MGA Entities object to the definitions of

23  "RELATING TO" and "ISAAC LARIAN," on the grounds that they are overbroad,

24  vague and ambiguous.  The MGA Entities further object on the grounds that this

25  request is vague, ambiguous and overbroad, particularly as to the meaning of

26  "accounting records," "schedules," "work papers," "worksheets," "financial

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  statements," "pro formas," "account information," "account statements" and

2  "budgets."

3  **MOSS ADAMS REQUEST NO. 3:**

4       All DOCUMENTS RELATING TO FARHAD LARIAN, including without

5  limitation accounting records, tax returns and schedules (including without limitation

6  Form 1040, Form 1099, Form 1120, Schedule E and Schedule K-l) and drafts thereof,

7  W-2s, work papers, worksheets, payroll records, financial statements (audited and

8  unaudited), pro formas, budgets, account information and account statements from

9  the period beginning January 1, 1999 to the present.

10  **RESPONSE TO MOSS ADAMS REQUEST NO. 3:**

11       The MGA Entities incorporate by reference their General Objections as

12  though fully set forth herein.  The MGA Entities further object to the extent that this

13  request seeks information that is protected from disclosure under the attorney-client

14  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

15  Entities further object to this request to the extent it seeks documents protected by

16  the accountant-client privilege.  The MGA Entities further object to the request on

17  the grounds that it seeks documents protected from disclosure by applicable federal

18  and state tax return privileges.  The MGA Entities further object to this request to the

19  extent that it seeks documents that contain trade secrets, confidential, commercially

20  sensitive and/or other proprietary or competitive information that is subject to the

21  MGA Entities' or any other person's constitutional, statutory or common law right of

22  privacy or protection.  The MGA Entities further object that this request calls for the

23  production of documents that are not relevant to a claim or defense in the pending

24  litigation or reasonably calculated to lead to the discovery of admissible evidence.

25  The MGA Entities further object to this request as being overly broad, burdensome

26  and harassing to a non-party to the extent that it seeks to force Moss Adams to

27  produce documents or information available from parties to the litigation. The MGA

28

1  Entities further object to this request on the grounds that it is overbroad as to subject

2  matter and time; in particular, the MGA Entities object to the definitions of

3  "RELATING TO" and "FARHAD LARIAN," on the grounds that they are

4  overbroad, vague and ambiguous.  The MGA Entities further object on the grounds

5  that this request is vague, ambiguous and overbroad, particularly as to the meaning

6  of "accounting records," "schedules," "work papers," "worksheets," "financial

7  statements," "pro formas," "account information," "account statements" and

8  "budgets."

9  **MOSS ADAMS REQUEST NO. 4:**

10      All DOCUMENTS RELATING TO the ISAAC AND ANGELA LARIAN

11  TRUST, including without limitation accounting records, tax returns and schedules

12  (including without limitation Form 1040, Form 1099, Form 1120, Schedule E and

13  Schedule K-l) and drafts thereof, W-2s, work papers, worksheets, payroll records,

14  financial statements (audited and unaudited), pro formas, budgets, account

15  information and account statements from the period beginning January 1, 1999 to the

16  present.

17  **RESPONSE TO MOSS ADAMS REQUEST NO. 4:**

18      The MGA Entities incorporate by reference their General Objections as

19  though fully set forth herein.  The MGA Entities further object to the extent that this

20  request seeks information that is protected from disclosure under the attorney-client

21  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

22  Entities further object to this request to the extent it seeks documents protected by

23  the accountant-client privilege.  The MGA Entities further object to the request on

24  the grounds that it seeks documents protected from disclosure by applicable federal

25  and state tax return privileges.  The MGA Entities further object to this request to the

26  extent that it seeks documents that contain trade secrets, confidential, commercially

27  sensitive and/or other proprietary or competitive information that is subject to the

28

1  MGA Entities' or any other person's constitutional, statutory or common law right of

2  privacy or protection.  The MGA Entities further object that this request calls for the

3  production of documents that are not relevant to a claim or defense in the pending

4  litigation or reasonably calculated to lead to the discovery of admissible evidence.

5  The MGA Entities further object to this request as being overly broad, burdensome

6  and harassing to a non-party to the extent that it seeks to force Moss Adams to

7  produce documents or information available from parties to the litigation. The MGA

8  Entities further object to this request on the grounds that it is overbroad as to subject

9  matter and time; in particular, the MGA Entities object to the definitions of

10  "RELATING TO" and "ISAAC AND ANGELA LARIAN TRUST," on the grounds

11  that they are overbroad, vague and ambiguous.  The MGA Entities further object on

12  the grounds that this request is vague, ambiguous and overbroad, particularly as to

13  the meaning of "accounting records," "schedules," "work papers," "worksheets,"

14  "financial statements," "pro formas," "account information," "account statements"

15  and "budgets."

16  **MOSS ADAMS REQUEST NO. 5:**

17       All DOCUMENTS RELATING TO the ISAAC LARIAN ANNUITY TRUST,

18  including without limitation accounting records, tax returns and schedules (including

19  without limitation Form 1040, Form 1099, Form 1120, Schedule E and Schedule K-l)

20  and drafts thereof, W-2s, work papers, worksheets, payroll records, financial

21  statements (audited and unaudited), pro formas, budgets, account information and

22  account statements from the period beginning January 1, 1999 to the present.

23  **RESPONSE TO MOSS ADAMS REQUEST NO. 5:**

24       The MGA Entities incorporate by reference their General Objections as

25  though fully set forth herein.  The MGA Entities further object to the extent that this

26  request seeks information that is protected from disclosure under the attorney-client

27  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

28

1   Entities further object to this request to the extent it seeks documents protected by

2   the accountant-client privilege.  The MGA Entities further object to the request on

3   the grounds that it seeks documents protected from disclosure by applicable federal

4   and state tax return privileges.  The MGA Entities further object to this request to the

5   extent that it seeks documents that contain trade secrets, confidential, commercially

6   sensitive and/or other proprietary or competitive information that is subject to the

7   MGA Entities' or any other person's constitutional, statutory or common law right of

8   privacy or protection.  The MGA Entities further object that this request calls for the

9   production of documents that are not relevant to a claim or defense in the pending

10  litigation or reasonably calculated to lead to the discovery of admissible evidence.

11  The MGA Entities further object to this request as being overly broad, burdensome

12  and harassing to a non-party to the extent that it seeks to force Moss Adams to

13  produce documents or information available from parties to the litigation. The MGA

14  Entities further object to this request on the grounds that it is overbroad as to subject

15  matter and time; in particular, the MGA Entities object to the definitions of

16  "RELATING TO" and "ISAAC LARIAN ANNUITY TRUST," on the grounds that

17  they are overbroad, vague and ambiguous.  The MGA Entities further object on the

18  grounds that this request is vague, ambiguous and overbroad, particularly as to the

19  meaning of "accounting records," "schedules," "work papers," "worksheets,"

20  "financial statements," "pro formas," "account information," "account statements"

21  and "budgets."

22  **MOSS ADAMS REQUEST NO. 6:**

23        To the extent not included in your production responsive to Request Nos. 1-5,

24  all DOCUMENTS indicating ISAAC LARIAN's net worth.

25  **RESPONSE TO MOSS ADAMS REQUEST NO. 6:**

26        The MGA Entities incorporate by reference their General Objections as

27  though fully set forth herein.  The MGA Entities further object to the extent that this

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  request seeks information that is protected from disclosure under the attorney-client

2  privilege, the work product doctrine and/or the joint interest privilege. The MGA

3  Entities further object to this request to the extent it seeks documents protected by

4  the accountant-client privilege. The MGA Entities further object to the request on

5  the grounds that it seeks documents protected from disclosure by applicable federal

6  and state tax return privileges. The MGA Entities further object to this request to the

7  extent that it seeks documents that contain trade secrets, confidential, commercially

8  sensitive and/or other proprietary or competitive information that is subject to the

9  MGA Entities' or any other person's constitutional, statutory or common law right of

10 privacy or protection. The MGA Entities further object that this request calls for the

11 production of documents that are not relevant to a claim or defense in the pending

12 litigation or reasonably calculated to lead to the discovery of admissible evidence.

13 The MGA Entities further object to this request as being overly broad, burdensome

14 and harassing to a non-party to the extent that it seeks to force Moss Adams to

15 produce documents or information available from parties to the litigation. The MGA

16 Entities further object to this request on the grounds that it is overbroad as to subject

17 matter and time; in particular, the MGA Entities object to the definition of "ISAAC

18 LARIAN," on the grounds that it is overbroad, vague and ambiguous. The MGA

19 Entities further object on the grounds that this request is vague, ambiguous and

20 overbroad, particularly as to the meaning of "indicating."

21 **MOSS ADAMS REQUEST NO. 7:**

22      To the extent not included in your production responsive to Request Nos. 1-6,

23 all DOCUMENTS indicating MGA' s net worth.

24 **RESPONSE TO MOSS ADAMS REQUEST NO. 7:**

25      The MGA Entities incorporate by reference their General Objections as

26 though fully set forth herein. The MGA Entities further object to the extent that this

27 request seeks information that is protected from disclosure under the attorney-client

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   privilege, the work product doctrine and/or the joint interest privilege.  The MGA

2   Entities further object to this request to the extent it seeks documents protected by

3   the accountant-client privilege.  The MGA Entities further object to the request on

4   the grounds that it seeks documents protected from disclosure by applicable federal

5   and state tax return privileges.  The MGA Entities further object to this request to the

6   extent that it seeks documents that contain trade secrets, confidential, commercially

7   sensitive and/or other proprietary or competitive information that is subject to the

8   MGA Entities' or any other person's constitutional, statutory or common law right of

9   privacy or protection.  The MGA Entities further object that this request calls for the

10  production of documents that are not relevant to a claim or defense in the pending

11  litigation or reasonably calculated to lead to the discovery of admissible evidence.

12  The MGA Entities further object to this request as being overly broad, burdensome

13  and harassing to a non-party to the extent that it seeks to force Moss Adams to

14  produce documents or information available from parties to the litigation. The MGA

15  Entities further object to this request on the grounds that it is overbroad as to subject

16  matter and time; in particular, the MGA Entities object to the definition of "MGA,"

17  on the grounds that it is overbroad, vague and ambiguous.  The MGA Entities further

18  object on the grounds that this request is vague, ambiguous and overbroad,

19  particularly as to the meaning of "indicating."

20  **MOSS ADAMS REQUEST NO. 8:**

21       To the extent not included in your production responsive to Request Nos. 1-7,

22  all DOCUMENTS indicating or calculating the value of MGA's intellectual property

23  or goodwill.

24  **RESPONSE TO MOSS ADAMS REQUEST NO. 8:**

25       The MGA Entities incorporate by reference their General Objections as

26  though fully set forth herein.  The MGA Entities further object to the extent that this

27  request seeks information that is protected from disclosure under the attorney-client

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1 privilege, the work product doctrine and/or the joint interest privilege. The MGA

2 Entities further object to this request to the extent it seeks documents protected by

3 the accountant-client privilege. The MGA Entities further object to the request on

4 the grounds that it seeks documents protected from disclosure by applicable federal

5 and state tax return privileges. The MGA Entities further object to this request to the

6 extent that it seeks documents that contain trade secrets, confidential, commercially

7 sensitive and/or other proprietary or competitive information that is subject to the

8 MGA Entities' or any other person's constitutional, statutory or common law right of

9 privacy or protection. The MGA Entities further object that this request calls for the

10 production of documents that are not relevant to a claim or defense in the pending

11 litigation or reasonably calculated to lead to the discovery of admissible evidence.

12 The MGA Entities further object to this request as being overly broad, burdensome

13 and harassing to a non-party to the extent that it seeks to force Moss Adams to

14 produce documents or information available from parties to the litigation. The MGA

15 Entities further object to this request on the grounds that it is overbroad as to subject

16 matter and time; in particular, the MGA Entities object to the definition of "MGA,"

17 on the grounds that it is overbroad, vague and ambiguous. The MGA Entities further

18 object on the grounds that this request is vague, ambiguous and overbroad,

19 particularly as to the meaning of "intellectual property" and "goodwill."

20 **MOSS ADAMS REQUEST NO. 12:**

21    All DOCUMENTS evidencing, showing or relating to payments to or transfers

22 of value from MGA to ISAAC LARIAN, ISAAC LARIAN ANNUITY TRUST, or

23 ISAAC AND ANGELA ANNUITY TRUST.

24 **RESPONSE TO MOSS ADAMS REQUEST NO. 12:**

25    The MGA Entities incorporate by reference their General Objections as

26 though fully set forth herein. The MGA Entities further object to the extent that this

27 request seeks information that is protected from disclosure under the attorney-client

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   privilege, the work product doctrine and/or the joint interest privilege.  The MGA

2   Entities further object to this request to the extent it seeks documents protected by

3   the accountant-client privilege.  The MGA Entities further object to the request on

4   the grounds that it seeks documents protected from disclosure by applicable federal

5   and state tax return privileges.  The MGA Entities further object to this request to the

6   extent that it seeks documents that contain trade secrets, confidential, commercially

7   sensitive and/or other proprietary or competitive information that is subject to the

8   MGA Entities' or any other person's constitutional, statutory or common law right of

9   privacy or protection.  The MGA Entities further object that this request calls for the

10  production of documents that are not relevant to a claim or defense in the pending

11  litigation or reasonably calculated to lead to the discovery of admissible evidence.

12  The MGA Entities further object to this request as being overly broad, burdensome

13  and harassing to a non-party to the extent that it seeks to force Moss Adams to

14  produce documents or information available from parties to the litigation. The MGA

15  Entities further object to this request on the grounds that it is overbroad as to subject

16  matter and time; in particular, the MGA Entities object to the definitions of "MGA,"

17  "ISAAC LARIAN," "ISAAC LARIAN ANNUITY TRUST," and "ISAAC AND

18  ANGELA ANNUITY TRUST," on the grounds that they are overbroad, vague and

19  ambiguous.  The MGA Entities further object on the grounds that this request is

20  vague, ambiguous and overbroad, particularly as to the meaning of "relating to,"

21  "showing," "evidencing," "payments" and "transfers of value."

22  **MOSS ADAMS REQUEST NO. 13:**

23      All DOCUMENTS evidencing, showing or relating to payments to or transfers

24  of value from MGA or ISAAC LARIAN to BRYANT.

25  **RESPONSE TO MOSS ADAMS REQUEST NO. 13:**

26      The MGA Entities incorporate by reference their General Objections as

27  though fully set forth herein.  The MGA Entities further object to the extent that this

28

71

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  request seeks information that is protected from disclosure under the attorney-client

2  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

3  Entities further object to this request to the extent it seeks documents protected by

4  the accountant-client privilege.  The MGA Entities further object to the request on

5  the grounds that it seeks documents protected from disclosure by applicable federal

6  and state tax return privileges.  The MGA Entities further object to this request to the

7  extent that it seeks documents that contain trade secrets, confidential, commercially

8  sensitive and/or other proprietary or competitive information that is subject to the

9  MGA Entities' or any other person's constitutional, statutory or common law right of

10  privacy or protection.  The MGA Entities further object that this request calls for the

11  production of documents that are not relevant to a claim or defense in the pending

12  litigation or reasonably calculated to lead to the discovery of admissible evidence.

13  The MGA Entities further object to this request as being overly broad, burdensome

14  and harassing to a non-party to the extent that it seeks to force Moss Adams to

15  produce documents or information available from parties to the litigation. The MGA

16  Entities further object to this request on the grounds that it is overbroad as to subject

17  matter and time; in particular, the MGA Entities object to the definitions of "MGA,"

18  "ISAAC LARIAN," and "BRYANT," on the grounds that they are overbroad, vague

19  and ambiguous.  The MGA Entities further object on the grounds that this request is

20  vague, ambiguous and overbroad, particularly as to the meaning of "relating to,"

21  "showing," "evidencing," "payments" and "transfers of value."

22  **MOSS ADAMS REQUEST NO. 14:**

23       All DOCUMENTS evidencing, showing or relating to payments to or transfers

24  of value from MGA or ISAAC LARIAN to GARCIA.

25  **RESPONSE TO MOSS ADAMS REQUEST NO. 14:**

26       The MGA Entities incorporate by reference their General Objections as

27  though fully set forth herein.  The MGA Entities further object to the extent that this

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  request seeks information that is protected from disclosure under the attorney-client

2  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

3  Entities further object to this request to the extent it seeks documents protected by

4  the accountant-client privilege.  The MGA Entities further object to the request on

5  the grounds that it seeks documents protected from disclosure by applicable federal

6  and state tax return privileges.  The MGA Entities further object to this request to the

7  extent that it seeks documents that contain trade secrets, confidential, commercially

8  sensitive and/or other proprietary or competitive information that is subject to the

9  MGA Entities' or any other person's constitutional, statutory or common law right of

10  privacy or protection.  The MGA Entities further object that this request calls for the

11  production of documents that are not relevant to a claim or defense in the pending

12  litigation or reasonably calculated to lead to the discovery of admissible evidence.

13  The MGA Entities further object to this request as being overly broad, burdensome

14  and harassing to a non-party to the extent that it seeks to force Moss Adams to

15  produce documents or information available from parties to the litigation. The MGA

16  Entities further object to this request on the grounds that it is overbroad as to subject

17  matter and time; in particular, the MGA Entities object to the definitions of "MGA,"

18  "ISAAC LARIAN" and "GARCIA," on the grounds that they are overbroad, vague

19  and ambiguous.  The MGA Entities further object on the grounds that this request is

20  vague, ambiguous and overbroad, particularly as to the meaning of "relating to,"

21  "showing," "evidencing," "payments" and "transfers of value."

22  **MOSS ADAMS REQUEST NO. 15:**

23      All DOCUMENTS evidencing, showing or relating to payments to or transfers

24  of value from MGA or ISAAC LARIAN to MARLOW.

25  **RESPONSE TO MOSS ADAMS REQUEST NO. 15:**

26      The MGA Entities incorporate by reference their General Objections as

27  though fully set forth herein.  The MGA Entities further object to the extent that this

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN" and "MARLOW," on the grounds that they are overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," "showing," "evidencing," "payments" and "transfers of value."

**MOSS ADAMS REQUEST NO. 16:**

All DOCUMENTS evidencing, showing or relating to non-payroll payments to or transfers of value from MGA or ISAAC LARIAN to any FORMER MATTEL EMPLOYEE.

**RESPONSE TO MOSS ADAMS REQUEST NO. 16:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN" and "FORMER MATTEL EMPLOYEE," on the grounds that they are overbroad, vague and ambiguous. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," "showing," "evidencing," "non-payroll payments" and "transfers of value."

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**MOSS ADAMS REQUEST NO. 18:**

DOCUMENTS sufficient to identify any other PERSON who has served as MGA's, ISAAC LARIAN's, FARHAD LARIAN's, the ISAAC AND ANGELA LARIAN FAMILY TRUST or the ISAAC LARIAN ANNUITY TRUST'S auditor(s) or accountant(s) since January 1, 1999.

**RESPONSE TO MOSS ADAMS REQUEST NO. 18:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN," "FARHAD LARIAN," "ISAAC AND ANGELA LARIAN FAMILY TRUST," and "ISAAC LARIAN ANNUITY TRUST," on the grounds that

1  they are overbroad, vague and ambiguous.  The MGA Entities further object on the

2  grounds that this request is vague, ambiguous and overbroad, particularly as to the

3  meaning of "sufficient to identify."

4  **MOSS ADAMS REQUEST NO. 19:**

5      DOCUMENTS sufficient to identify all trusts or other entity in which ISAAC

6  LARIAN is an officer, director, member, shareholder or trustee; has or had a direct

7  or indirect ownership interest; had or has direct or indirect control or of which he or

8  any member of his family (by blood or marriage) is or was an owner, shareholder,

9  employee, officer, director, trustee, member or beneficiary.

10  **RESPONSE TO MOSS ADAMS REQUEST NO. 19:**

11      The MGA Entities incorporate by reference their General Objections as

12  though fully set forth herein.  The MGA Entities further object to the extent that this

13  request seeks information that is protected from disclosure under the attorney-client

14  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

15  Entities further object to this request to the extent it seeks documents protected by

16  the accountant-client privilege.  The MGA Entities further object to the request to the

17  extent that it seeks documents protected from disclosure by applicable federal and

18  state tax return privileges.  The MGA Entities further object to this request to the

19  extent that it seeks documents that contain trade secrets, confidential, commercially

20  sensitive and/or other proprietary or competitive information that is subject to the

21  MGA Entities' or any other person's constitutional, statutory or common law right of

22  privacy or protection.  The MGA Entities further object that this request calls for the

23  production of documents that are not relevant to a claim or defense in the pending

24  litigation or reasonably calculated to lead to the discovery of admissible evidence.

25  The MGA Entities further object to this request as being overly broad, burdensome

26  and harassing to a non-party to the extent that it seeks to force Moss Adams to

27  produce documents or information available from parties to the litigation. The MGA

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "ISAAC LARIAN," on the grounds that it is overbroad, vague and ambiguous.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indirect," "control" and "beneficiary."

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 1:**

All of YOUR formation DOCUMENTS, and drafts thereof.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 1:**

Objections to this Subpoena are not yet due.  The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 2:**

All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 2:**

Objections to this Subpoena are not yet due.  The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 3:**

To the extent not included in YOUR response to Request No. 2, all DOCUMENTS relating to or reflecting YOUR tax liabilities from the period beginning January 1, 1999 to the present.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 3:**

Objections to this Subpoena are not yet due. The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 4:**

DOCUMENTS sufficient to identify each of YOUR trustees from the period beginning January 1, 1999 to the present.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 4:**

Objections to this Subpoena are not yet due. The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 5:**

DOCUMENTS sufficient to identify each of YOUR beneficiaries from the period beginning January 1, 1999 to the present.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 5:**

Objections to this Subpoena are not yet due. The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 6:**

DOCUMENTS sufficient to identify all disbursements from YOU to any of YOUR beneficiaries from the period beginning January 1, 1999 to the present.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 6:**

Objections to this Subpoena are not yet due. The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 7:**

DOCUMENTS sufficient to identify all assets YOU own or have owned from the period beginning January 1, 1999 to the present.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 7:**

Objections to this Subpoena are not yet due. The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 8:**

DOCUMENTS sufficient to identify all liabilities that YOU owe or have owed for the period beginning January 1, 1999 to the present.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 8:**

Objections to this Subpoena are not yet due.  The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 14:**

DOCUMENTS sufficient to identify any person who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 14:**

Objections to this Subpoena are not yet due.  The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 15:**

DOCUMENTS sufficient to identify all trusts or other entity in which ISAAC LARIAN is an officer, director, member, shareholder or trustee; has or had a direct or indirect ownership interest; has or had direct or indirect control of which he or any member of his family (by blood or marriage) is or was an owner, shareholder, employee, officer, director, trustee, member or beneficiary.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 15:**

Objections to this Subpoena are not yet due.  The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**B.      MGA's Statements of Position**

**1.      MGA's Statement of Position Regarding Requests 1-5 to Wells Fargo; Requests 1-7 and 12 to Wachovia; Requests 1-3 and 8 to Ernst & Young; and Requests 1-3 and 8 to Deloitte & Touche**

In its subpoenas, Mattel has also demanded financial documents regarding numerous non-parties, including everyone who has ever worked for or represented MGA or Isaac Larian, and every conceivable relative of Mr. Larian.  (Park Decl., Ex. 11 (Wells Fargo Subpoena) at Requests 1-5; Ex. 9 (Wachovia Subpoena) at Requests 1-7, 12; Exs. 7-8 (Ernst & Young and Deloitte & Touche Subpoenas) at Requests 1-3, 8.)  Such documents are plainly irrelevant and Mattel's efforts to discover them constitute a clear abuse of the non-party discovery process.

Mattel has demanded that Wells Fargo, Ernst & Young, Deloitte & Touche and Wachovia produce financial records for numerous non-parties by using an overly broad definition of "MGA."  Specifically, Mattel has broadly defined "MGA" to include "any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control."  (Park Decl., Ex. 11 (Wells Fargo Subpoena) at 1.  *See also* Ex. 7 (Ernst & Young Subpoena) at 1-2; Ex. 8 (Deloitte & Touche Subpoena) at 1-2; Park Decl., Ex. 9 (Wachovia Subpoena) at 1-2.)

1   Mattel's sweeping definition has no legitimate purpose and were intended

2   solely for harassment.  Mattel cannot credibly assert that the tax returns, financial

3   statements, payroll records and other financial records for all of these non-parties are

4   even remotely relevant to proving damages or establishing or refuting any of the

5   parties' claims or defenses.  Even if Mattel could concoct some theory of relevance,

6   any probative value would be far outweighed by the burden and expense associated

7   with identifying all of these individuals and searching for and collecting responsive

8   documents as to each of them, as well as by the substantial privacy interests of the

9   many non-parties who would be affected by compliance with Mattel's subpoenas.

10   Mattel's attempt to seek financial records of non-parties such as everyone who

11   has ever done any work for MGA or Mr. Larian mirrors the abusive non-party

12   discovery tactics that Mattel and Quinn Emanuel employed in *Mattel, Inc. v. Walking

13   Mountain Productions*, 353 F.3d 792, 813 (9th Cir. 2003).  As was the case in

14   *Walking Mountain*, none of the non-party information that Mattel is demanding in

15   this case has anything to do with this litigation.  In addition, Mattel's requests are

16   overly broad and have not been tailored in any way to focus on relevant documents

17   that Mattel actually needs.  Indeed, Mattel appears to have deliberately drafted these

18   requests to be as broad as possible.  Mattel's conduct is unconscionable and the

19   Discovery Master should respond in the same manner that the district court and

20   Ninth Circuit responded in *Walking Mountain*—quash these requests.

21   **2.  MGA's Statement of Position Regarding Requests 1-8, 12-16,
22   18, and 19 to Moss Adams**

23   In its subpoena to Moss Adams, Mattel has also demanded financial

24   documents regarding numerous non-parties, including everyone who has ever

25   worked for or represented MGA or Isaac Larian, and every conceivable relative of

26   Mr. Larian.  (Park Decl., Ex. 12 (Moss Adams Subpoena) at Requests 1-8, 12-16, 18,

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

19.)  Such documents are plainly irrelevant and Mattel's efforts to discover them constitute a clear abuse of the non-party discovery process.

Mattel's subpoena to Moss Adams includes requests that expressly demand the production of a wide array of financial records relating to the Larian Trusts and Farhad Larian.  (Park Decl., Ex. 12 (Moss Adams Subpoena) at Requests 3-5, 12.).  The financial records of the Larian Trusts and Farhad Larian are not relevant to this case.  None of them are parties to this litigation or alleged to have participated in any of the wrongful acts charged by Mattel.

Mattel asserts that financial information regarding Farhad Larian and the Larian Trusts is relevant to show what Mr. Larian did with his money.  How Larian spent or invested his money, however, is irrelevant to the party's claims and defenses. Mattel's conversion counterclaim, for example, alleges that Mr. Larian wrongfully obtained property and monies belonging to Mattel.  Mattel's Second Am. Answer and Counterclaim at 72-73.  *See also id.* at 76 (requesting disgorgement of monies "obtained as a result of the conduct alleged herein").  How Larian spent or invested his money does not bear on the issue of where that money came from or how Larian obtained it.  Nor is such information reasonably calculated to lead to admissible evidence regarding that issue.

In addition to the Larian Trusts and Farhad Larian, Mattel has demanded that Moss Adams produce financial records for numerous non-parties by using overly broad definitions of "MGA" and "ISAAC LARIAN."  Specifically, Mattel has broadly defined "MGA" to include "any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control."  (Park Decl., Ex. 12 (Moss Adams Subpoena) at 3.)  Similarly, Mattel has defined "ISAAC LARIAN" to include "all of his current or former employees, agents, representatives, attorneys,

84

1  accountants, vendors, consultants, independent contractors, predecessors-in-interest
2  and successors-in-interest, relatives (whether by blood or marriage), and any other
3  PERSON acting on his behalf, pursuant to his authority or subject to his control."
4  (Park Decl., Ex. 12 (Moss Adams Subpoena) at 1.)

5       Mattel's sweeping definitions have no legitimate purpose and were intended
6  solely for harassment.  Indeed, Mattel's definition of Mr. Larian even extends to his
7  children.  Mattel cannot credibly assert that the tax returns, financial statements,
8  payroll records and other financial records for all of these non-parties are even
9  remotely relevant to proving damages or establishing or refuting any of the parties'
10  claims or defenses.  Even if Mattel could concoct some theory of relevance, any
11  probative value would be far outweighed by the burden and expense associated with
12  identifying all of these individuals and searching for and collecting responsive
13  documents as to each of them, as well as by the substantial privacy interests of the
14  many non-parties who would be affected by compliance with Mattel's subpoenas.

15       Mattel's attempt to seek financial records of non-parties such as the Larian
16  Trusts, all of Mr. Larian's relatives and everyone who has ever done any work for
17  MGA or Mr. Larian mirrors the abusive non-party discovery tactics that Mattel and
18  Quinn Emanuel employed in *Walking Mountain*.  As was the case in *Walking*
19  *Mountain*, none of the non-party information that Mattel is demanding in this case
20  has anything to do with this litigation.  In addition, Mattel's requests are overly broad
21  and have not been tailored in any way to focus on relevant documents that Mattel
22  actually needs.  Indeed, Mattel appears to have deliberately drafted these requests to
23  be as broad as possible.  Mattel's conduct is unconscionable and the Discovery
24  Master should respond in the same manner that the district court and Ninth Circuit
25  responded in *Walking Mountain*—quash these requests.

26
27
28

### 3.   MGA's Statement of Position Regarding Requests 1-8, 14, and 15 to the Isaac and Angela Larian Trust and the Isaac Larian Annuity Trust[2]

In its subpoenas to the Larian Trusts, Mattel has demanded financial documents regarding numerous non-parties, including everyone who has ever worked for or represented MGA or Isaac Larian, and every conceivable relative of Mr. Larian.  (Park Decl., Exs. 13-14 (Larian Trusts Subpoenas) at Requests 1-8, 14, 15.)  Such documents are plainly irrelevant and Mattel's efforts to discover them constitute a clear abuse of the non-party discovery process.

Mattel's subpoenas to the Larian Trusts, for example, include requests that expressly demand the production of a wide array of financial records relating to the Larian Trusts.  Among the documents sought from the Larian Trusts are "[a]ll of [their] formation DOCUMENTS," all tax returns and any other tax-related documents from 1999 to the present, and documents relating to every material aspect of the Larian Trusts' operation since 1999, including every trustee and beneficiary of each trust, every disbursement made by each trust, every asset owned by each trust, and every liability owed by each trust.  (Park Decl., Exs. 13-14 (Larian Trusts Subpoenas) at Requests 1-8.)

The financial records of the Larian Trusts are not relevant to this case.  They are not parties to this litigation or alleged to have participated in any of the wrongful acts charged by Mattel.  Mattel asserts that financial information regarding the Larian Trusts is relevant to show what Mr. Larian did with his money.  How Larian spent or invested his money, however, is irrelevant to the party's claims and defenses.  Mattel's conversion counterclaim, for example, alleges that Mr. Larian wrongfully obtained property and monies belonging to Mattel.  Mattel's Second Am. Answer

---

[2] This Statement deals with subpoenas to Isaac and Angela Larian Trust and the Isaac Larian Annuity Trust in the same section because Mattel's requests to each of these parties are identical.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  and Counterclaim at 72-73.  *See also id.* at 76 (requesting disgorgement of monies

2  "obtained as a result of the conduct alleged herein").  How Larian spent or invested

3  his money does not bear on the issue of where that money came from or how Larian

4  obtained it.  Nor is such information reasonably calculated to lead to admissible

5  evidence regarding that issue.

6       Mattel's attempt to seek financial records of non-parties such as the Larian

7  Trusts mirrors the abusive non-party discovery tactics that Mattel and Quinn

8  Emanuel employed in *Walking Mountain*.  As was the case in *Walking Mountain*,

9  none of the non-party information that Mattel is demanding in this case has anything

10  to do with this litigation.  In addition, these rquests are overly broad and have not

11  been tailored in any way to focus on relevant documents that Mattel actually needs.

12  Indeed, Mattel appears to have deliberately drafted these requests to be as broad as

13  possible.  Mattel's conduct is unconscionable and the Discovery Master should

14  respond in the same manner that the district Discovery Master and Ninth Circuit

15  responded in *Walking Mountain*—quash these requests.

16  **III.    THE DISCOVERY MASTER SHOULD QUASH OR ENTER A**

17  **PROTECTIVE ORDER WITH RESPECT TO THE REQUESTS IN WHICH MATTEL SEEKS IRRELEVANT AND DUPLICATIVE INFORMATION REGARDING LITIGATION BETWEEN ISAAC AND**

18  **FARHAD LARIAN. (REQUEST 10 TO WACHOVIA; REQUEST 6 TO ERNST & YOUNG; REQUEST 6 TO DELOITTE & TOUCHE;**

19  **REQUEST 11 TO MOSS ADAMS; REQUEST 14 TO CONSUMERQUEST; REQUEST 12 TO THE ISAAC AND ANGELA**

20  **LARIAN TRUST; REQUEST 12 TO THE ISAAC LARIAN ANNUITY TRUST)**

21

22      **A.    Mattel's Requests and MGA's Responses**

23  **WACHOVIA REQUEST NO. 10:**

24      All documents relating to the FARHAD LARIAN DISPUTES, including

25  without limitation any discovery requests received by YOU in connection therewith

26  and any communications between YOU and counsel for Farhad Larian or counsel for

27  Isaac Larian.

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO WACHOVIA REQUEST NO. 10:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation.  The MGA Entities further object to this request on the grounds that it is overbroad, vague and ambiguous, particularly as to the meaning of "communications," "relating to" and " FARHAD LARIAN DISPUTES."

**ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 6:**

All documents relating to the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection therewith and any communications between YOU and counsel for Farhad Larian or counsel for Isaac Larian.

**RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 6:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege.  The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force D & T to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "FARHAD LARIAN DISPUTES," on the grounds that it is overbroad and refers to, purports to encompass, and purports to call for, documents that are not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to."

## MOSS ADAMS REQUEST NO. 11:

All DOCUMENTS RELATING TO the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection

1  therewith and any communications between YOU and counsel for FARHAD

2  LARIAN or counsel for ISAAC LARIAN.

3  **RESPONSE TO MOSS ADAMS REQUEST NO. 11:**

4          The MGA Entities incorporate by reference their General Objections as

5  though fully set forth herein.  The MGA Entities further object to the extent that this

6  request seeks information that is protected from disclosure under the attorney-client

7  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

8  Entities further object to this request to the extent it seeks documents protected by

9  the accountant-client privilege.  The MGA Entities further object to the request on

10 the grounds that it seeks documents protected from disclosure by applicable federal

11 and state tax return privileges.  The MGA Entities further object to this request to the

12 extent that it seeks documents that contain trade secrets, confidential, commercially

13 sensitive and/or other proprietary or competitive information that is subject to the

14 MGA Entities' or any other person's constitutional, statutory or common law right of

15 privacy or protection.  The MGA Entities further object that this request calls for the

16 production of documents that are not relevant to a claim or defense in the pending

17 litigation or reasonably calculated to lead to the discovery of admissible evidence.

18 The MGA Entities further object to this request as being overly broad, burdensome

19 and harassing to a non-party to the extent that it seeks to force Moss Adams to

20 produce documents or information available from parties to the litigation. The MGA

21 Entities further object to this request on the grounds that it is overbroad as to subject

22 matter and time; in particular, the MGA Entities object to the definitions of

23 "RELATING TO," "FARHAD LARIAN DISPUTES," "YOU," "FARHAD

24 LARIAN," and "ISAAC LARIAN," on the grounds that they are overbroad, vague

25 and ambiguous.

26

27

28

**CONSUMERQUEST REQUEST NO. 14:**

All DOCUMENTS, including without limitation all COMMUNICATIONS, REFERRING OR RELATING TO any lawsuit, arbitration, legal action or other dispute between ISAAC LARIAN and FARHAD LARIAN.

**RESPONSE TO CONSUMERQUEST REQUEST NO. 14:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of  "REFERRING OR RELATING TO," "ISAAC LARIAN," FARHAD LARIAN "legal action" and "dispute" as vague, ambiguous and/or overbroad.

**ISAAC AND ANGELA LARIAN TRUST AND ISSAC LARIAN ANNUITY TRUST REQUEST NO. 12:**

All DOCUMENTS RELATING TO the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection therewith and any communications between YOU and counsel for FARHAD LARIAN or counsel for ISAAC LARIAN.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISSAC LARIAN ANNUITY TRUST REQUEST NO. 12:**

Objections to this Subpoena are not yet due.  The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

### B.    MGA's Statements of Position

#### 1.    MGA's Statement of Position Regarding Request 10 to Wachovia; Request 6 to Ernst & Young; Request 6 to Deloitte & Touche; Request 11 to Moss Adams; Request 14 to Consumerquest; Request 12 to the Isaac and Angela Larian Trust; Request 12 to the Isaac Larian Annuity Trust

Each of Mattel's subpoenas to the Non-Parties except Wells Fargo includes a request for all documents relating to any litigation between Isaac Larian and his brother Farhad.  (Park Decl., Ex. 9 (Wachovia Subpoena) at Request 10; Exs. 7-8 (Ernst & Young and Deloitte & Touche Subpoenas) at Request 6; Ex. 12 (Moss Adams Subpoena) at Request 11; Ex. 10 (ConsumerQuest Subpoena) at Request 14; Exs. 13-14 (Larian Trusts Subpoenas) at Request 12.)  These requests are excessive and unnecessary because Mattel has requested all such documents from the best sources of those materials and, to the extent they are relevant and discoverable, has obtained or will obtain the documents from those other sources.  *See* Fed. R. Civ. P. 26(b)(2)(C) (limiting discovery where it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal 2005) (finding subpoena unduly burdensome where subpoenaing party "can more easily and inexpensively obtain the documents from [another party]").

Mattel's requests to the Non-Parties for documents relating to any litigation between Isaac and Farhad Larian are duplicative of requests that Mattel previously served on Isaac Larian, MGA, Farhad Larian, Stern & Goldberg and Kaye Scholer.

1   (Park Decl., Ex. 28 (Comparison Chart) at 28-29, 44, 57, and 92.)  Mattel has already

2   received some documents in response to those previously served requests and is

3   currently engaged in motion practice with respect to the production of additional

4   documents by Isaac Larian, Farhad Larian and the law firms.  (Park Decl., ¶ 6.)

5   Notably, Mattel has not asserted that the Non-Parties possess any unique set of

6   relevant, non-privileged materials relating to litigation between Isaac and Farhad

7   Larian that neither Isaac Larian, Farhad Larian, nor the law firms possess.  Under the

8   circumstances, Mattel's duplicative requests to the Non-Parties are improper.

9       As to documents that Mattel has already received, Mattel's demand that the

10  Non-Parties search for and produce the same documents is unduly burdensome.  To

11  the extent production of additional documents is ordered in connection with the

12  pending discovery motions, Mattel's requests that the Non-Parties also produce those

13  documents would be improper since Mattel would already be obtaining such

14  materials from other sources.  Moreover, to the extent it is determined that Mattel is

15  not entitled to any further production by Isaac Larian, Farhad Larian or the two law

16  firms, Mattel should not be permitted to circumvent that ruling by seeking such

17  production from the Non-Parties.

18      Accordingly, these requests for documents relating to any litigation between

19  Isaac and Farhad Larian must be rejected.

20

21

22

23

24

25

26

27

28

93

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**IV.    THE DISCOVERY MASTER SHOULD QUASH OR ENTER A PROTECTIVE ORDER WITH RESPECT TO MATTEL'S ABUSIVELY DRAWN REQUESTS IN WHICH IT SEEKS DOCUMENTS RELATED TO MGA'S PRODUCTS OR CARTER BRYANT. (REQUESTS 8-9 TO WACHOVIA; REQUESTS 4-5 TO ERNST & YOUNG; REQUESTS 4-5 TO DELOITTE & TOUCHE; REQUEST 9-10 TO MOSS ADAMS; REQUESTS 1-8 AND 10-13 TO CONSUMERQUEST; REQUESTS 9-11 TO THE ISAAC AND ANGELA LARIAN TRUST; REQUESTS 9-11 TO THE ISAAC LARIAN ANNUITY TRUST)**

**A.    Mattel's Requests and MGA's Responses**

**WACHOVIA REQUEST NO. 8:**

All documents relating to BRATZ, including without limitation those YOU obtained from MGA, since January 1, 1999.

**RESPONSE TO WACHOVIA REQUEST NO. 8:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation.  The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definitions of "BRATZ" and "MGA" on the grounds that they are

94

1   overbroad.  The MGA Entities further object on the grounds that this request is

2   overbroad, vague and ambiguous, particularly as to the meaning of "relating to."

3   **WACHOVIA REQUEST NO. 9:**

4        All documents relating to the MATTEL ACTION.

5   **RESPONSE TO WACHOVIA REQUEST NO. 9:**

6        The MGA Entities incorporate by reference their General Objections as

7   though fully set forth herein.  The MGA Entities further object to the extent that this

8   request seeks information that is protected from disclosure under the attorney-client

9   privilege, the work product doctrine and/or the joint interest privilege.  The MGA

10  Entities further object to this request to the extent that it seeks documents that

11  contain trade secrets, confidential, commercially sensitive and/or other proprietary or

12  competitive information that is subject to the MGA Entities' or any other person's

13  constitutional, statutory or common law right of privacy or protection.  The MGA

14  Entities further object that this request calls for the production of documents that are

15  not relevant to the subject matter involved in the pending litigation or reasonably

16  calculated to lead to the discovery of admissible evidence.  The MGA Entities

17  further object to this request as being overly broad, burdensome and harassing to a

18  non-party to the extent that it seeks to force Wachovia to produce documents or

19  information available from parties to the litigation.  The MGA Entities further object

20  to this request on the grounds that it is overbroad, vague and ambiguous, particularly

21  as to the meaning of "relating to" and "MATTEL ACTION."

22  **ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 4:**

23       All documents relating to BRATZ that YOU obtained from MGA or otherwise

24  since January 1, 1999.

25

26

27

28
                                    95

**RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 4:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force D & T to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA" and "BRATZ" as vague, ambiguous, overbroad and designed to mislead and confuse the trier of fact. The MGA Entities further object on the grounds that this request is vague and ambiguous, particularly as to the meaning of "relating to."

**ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 5:**

Any documents relating to the MATTEL ACTION.

**RESPONSE TO ERNST & YOUNG AND DELOITTE & TOUCHE REQUEST NO. 5:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force D & T to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to."

**MOSS ADAMS REQUEST NO. 9:**

All DOCUMENTS RELATING TO BRATZ that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO MOSS ADAMS REQUEST NO. 9:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege.  The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to a claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Moss Adams to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "RELATING TO," "BRATZ," "YOU," and "ISAAC LARIAN," on the grounds that they are overbroad, vague and ambiguous.

**MOSS ADAMS REQUEST NO. 10:**

All DOCUMENTS RELATING to the MATTEL ACTION.

**RESPONSE TO MOSS ADAMS REQUEST NO. 10:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this

1  request seeks information that is protected from disclosure under the attorney-client

2  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

3  Entities further object to this request to the extent it seeks documents protected by

4  the accountant-client privilege.  The MGA Entities further object to the request on

5  the grounds that it seeks documents protected from disclosure by applicable federal

6  and state tax return privileges.  The MGA Entities further object to this request to the

7  extent that it seeks documents that contain trade secrets, confidential, commercially

8  sensitive and/or other proprietary or competitive information that is subject to the

9  MGA Entities' or any other person's constitutional, statutory or common law right of

10  privacy or protection.  The MGA Entities further object that this request calls for the

11  production of documents that are not relevant to a claim or defense in the pending

12  litigation or reasonably calculated to lead to the discovery of admissible evidence.

13  The MGA Entities further object to this request as being overly broad, burdensome

14  and harassing to a non-party to the extent that it seeks to force Moss Adams to

15  produce documents or information available from parties to the litigation. The MGA

16  Entities further object to this request on the grounds that it is overbroad as to subject

17  matter and time; in particular, the MGA Entities object to the definition of

18  "RELATING TO," on the grounds that it is overbroad, vague and ambiguous.

19  **CONSUMERQUEST REQUEST NO. 1:**

20       All DOCUMENTS REFERRING OR RELATING TO BRATZ.

21  **RESPONSE TO CONSUMERQUEST REQUEST NO. 1:**

22       The MGA Entities incorporate by reference their General Objections as

23  though fully set forth herein.  The MGA Entities further object to the extent that this

24  request seeks information that is protected from disclosure under the attorney-client

25  privilege, the work product doctrine.  The MGA Entities further object to this request

26  to the extent that it seeks documents that contain trade secrets, confidential,

27  commercially sensitive and/or other proprietary or competitive information that is

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  subject to the MGA Entities' or any other person's constitutional, statutory or

2  common law right of privacy or protection.  The MGA Entities further object that

3  this request calls for the production of documents that are not relevant to the claims

4  or defenses in this action or reasonably calculated to lead to the discovery of

5  admissible evidence.  The MGA Entities further object to this request on the grounds

6  that it is overbroad as to subject matter and time; in particular, the MGA Entities

7  object to the definitions of "BRATZ" and "REFERRING OR RELATING TO" as

8  vague, ambiguous and/or overbroad.

9  **CONSUMERQUEST REQUEST NO. 2:**

10     All DOCUMENTS REFERRING OR RELATING TO SCOOTER

11  SAMANTHA.

12  **RESPONSE TO CONSUMERQUEST REQUEST NO. 2:**

13     The MGA Entities incorporate by reference their General Objections as

14  though fully set forth herein.  The MGA Entities further object to the extent that this

15  request seeks information that is protected from disclosure under the attorney-client

16  privilege, the work product doctrine.  The MGA Entities further object to this request

17  to the extent that it seeks documents that contain trade secrets, confidential,

18  commercially sensitive and/or other proprietary or competitive information that is

19  subject to the MGA Entities' or any other person's constitutional, statutory or

20  common law right of privacy or protection.  The MGA Entities further object that

21  this request calls for the production of documents that are not relevant to the claims

22  or defenses in this action or reasonably calculated to lead to the discovery of

23  admissible evidence.  The MGA Entities further object to this request on the grounds

24  that it is overbroad as to subject matter and time; in particular, the MGA Entities

25  object to the definitions of "SCOOTER SAMANTHA" "REFERRING OR

26  RELATING TO" as vague, ambiguous and/or overbroad.

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**CONSUMERQUEST REQUEST NO. 3:**

All DOCUMENTS REFERRING OR RELATING TO any study, survey, focus group, research group or other work or services for MGA relating to BRATZ, including without limitation all tangible items relating thereto and all photographs, videos or other images depicting any such tangible items and all viability reports relating thereto.

**RESPONSE TO CONSUMERQUEST REQUEST NO. 3:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein.  The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine.  The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection.  The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence.  The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "BRATZ," "MGA," "REFERRING OR RELATING TO," "tangible items" and "viability reports" as vague, ambiguous and/or overbroad.

**CONSUMERQUEST REQUEST NO. 4:**

All DOCUMENTS REFERRING OR RELATING TO any study, survey, focus group, research group or other work or services for MGA relating to SCOOTER SAMANTHA, including without limitation all tangible items relating thereto and all photographs, videos or other images depicting any such tangible items and all viability reports relating thereto.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO CONSUMERQUEST REQUEST NO. 4:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "SCOOTER SAMANTHA," "MGA," "REFERRING OR RELATING TO," "tangible items" and "viability reports" as vague, ambiguous and/or overbroad.

**CONSUMERQUEST REQUEST NO. 5:**

All DOCUMENTS, including without limitation COMMUNICATIONS, and all tangible things REFERRING OR RELATING TO BRATZ prior to December 31, 2002.

**RESPONSE TO CONSUMERQUEST REQUEST NO. 5:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is

1  subject to the MGA Entities' or any other person's constitutional, statutory or

2  common law right of privacy or protection.  The MGA Entities further object that

3  this request calls for the production of documents that are not relevant to the claims

4  or defenses in this action or reasonably calculated to lead to the discovery of

5  admissible evidence.  The MGA Entities further object to this request on the grounds

6  that it is overbroad as to subject matter and time; in particular, the MGA Entities

7  object to the definitions of "BRATZ," " REFERRING OR RELATING TO" and

8  "tangible things" as vague, ambiguous and overbroad.

9  **CONSUMERQUEST REQUEST NO. 6:**

10        To the extent not produced in response to any other Request for Production, all

11  DOCUMENTS REFERRING OR RELATING TO any study, survey, focus group,

12  research group or other work or services for MGA that YOU conducted, facilitated

13  or were otherwise involved with prior to December 31, 2002, including without

14  limitation all tangible items relating thereto and all photographs, videos or other

15  images depicting any such tangible items.

16  **RESPONSE TO CONSUMERQUEST REQUEST NO. 6:**

17        The MGA Entities incorporate by reference their General Objections as

18  though fully set forth herein.  The MGA Entities further object to the extent that this

19  request seeks information that is protected from disclosure under the attorney-client

20  privilege, the work product doctrine.  The MGA Entities further object to this request

21  to the extent that it seeks documents that contain trade secrets, confidential,

22  commercially sensitive and/or other proprietary or competitive information that is

23  subject to the MGA Entities' or any other person's constitutional, statutory or

24  common law right of privacy or protection.  The MGA Entities further object that

25  this request calls for the production of documents that are not relevant to the claims

26  or defenses in this action or reasonably calculated to lead to the discovery of

27  admissible evidence.  The MGA Entities further object to this request on the grounds

28

1  that it is overbroad as to subject matter and time; in particular, the MGA Entities

2  object to the definitions of "MGA", "REFERRING OR RELATING TO," "work,"

3  "services," "tangible item," "facilitated" and "involved with" as vague, ambiguous

4  and/or overbroad.

5  **CONSUMERQUEST REQUEST NO. 7:**

6      To the extent not produced in response to any other Request for Production,

7  DOCUMENTS sufficient to show each DOLL, product or other tangible item that

8  was the subject of any study, survey, focus group, research group or other work or

9  services for MGA that YOU conducted, facilitated or were otherwise involved with

10  since January 1, 1998 and the time period during which such study, survey, focus

11  group, research group or other work or services were performed.

12  **RESPONSE TO CONSUMERQUEST REQUEST NO. 7:**

13      The MGA Entities incorporate by reference their General Objections as

14  though fully set forth herein.  The MGA Entities further object to the extent that this

15  request seeks information that is protected from disclosure under the attorney-client

16  privilege, the work product doctrine.  The MGA Entities further object to this request

17  to the extent that it seeks documents that contain trade secrets, confidential,

18  commercially sensitive and/or other proprietary or competitive information that is

19  subject to the MGA Entities' or any other person's constitutional, statutory or

20  common law right of privacy or protection.  The MGA Entities further object that

21  this request calls for the production of documents that are not relevant to the claims

22  or defenses in this action or reasonably calculated to lead to the discovery of

23  admissible evidence.  The MGA Entities further object to this request on the grounds

24  that it is overbroad as to subject matter and time; in particular, the MGA Entities

25  object to the definitions of "MGA", "DOLL," "work," "services," "tangible item,"

26  "facilitated" and "involved with" as vague, ambiguous and/or overbroad.

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**CONSUMERQUEST REQUEST NO. 8:**

All DOCUMENTS REFERRING OR RELATING TO any study, survey, focus group, research group or other work or services for MGA relating to "4-ever Best Friends," "Mommy's Little Patient" and/or "Mommy's Little" or "Alienracers," including without limitation all viability reports relating thereto.

**RESPONSE TO CONSUMERQUEST REQUEST NO. 8:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "REFERRING OR RELATING TO," "work," "services" and "viability reports" as vague, ambiguous and/or overbroad.

**CONSUMERQUEST REQUEST NO. 10:**

RESPONSE All COMMUNICATIONS REFERRING OR RELATING TO any request to perform work or services for or on behalf of MGA including, without limitation, any decision by YOU not to perform such work.

**RESPONSE TO CONSUMERQUEST REQUEST NO. 10:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this

1  request seeks information that is protected from disclosure under the attorney-client

2  privilege, the work product doctrine.  The MGA Entities further object to this request

3  to the extent that it seeks documents that contain trade secrets, confidential,

4  commercially sensitive and/or other proprietary or competitive information that is

5  subject to the MGA Entities' or any other person's constitutional, statutory or

6  common law right of privacy or protection.  The MGA Entities further object that

7  this request calls for the production of documents that are not relevant to the claims

8  or defenses in this action or reasonably calculated to lead to the discovery of

9  admissible evidence.  The MGA Entities further object to this request on the grounds

10 that it is overbroad as to subject matter and time; in particular, the MGA Entities

11 object to the definitions of "MGA," "REFERRING OR RELATING TO," "work,"

12 "services" and "decision" as vague, ambiguous and/or overbroad.

13 **CONSUMERQUEST REQUEST NO. 11:**

14     All COMMUNICATIONS with MGA, ISAAC LARIAN, FARHAD LARIAN

15 or BRYANT REFERRING OR RELATING TO BRYANT.

16 **RESPONSE TO CONSUMERQUEST REQUEST NO. 11:**

17     The MGA Entities incorporate by reference their General Objections as

18 though fully set forth herein.  The MGA Entities further object to the extent that this

19 request seeks information that is protected from disclosure under the attorney-client

20 privilege, the work product doctrine.  The MGA Entities further object to this request

21 to the extent that it seeks documents that contain trade secrets, confidential,

22 commercially sensitive and/or other proprietary or competitive information that is

23 subject to the MGA Entities' or any other person's constitutional, statutory or

24 common law right of privacy or protection.  The MGA Entities further object that

25 this request calls for the production of documents that are not relevant to the claims

26 or defenses in this action or reasonably calculated to lead to the discovery of

27 admissible evidence.  The MGA Entities further object to this request on the grounds

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  that it is overbroad as to subject matter and time; in particular, the MGA Entities

2  object to the definitions of "MGA," "ISAAC LARIAN," "FARHAD LARIAN,"

3  "BRYANT" and "REFERRING OR RELATING TO" as vague, ambiguous and/or

4  overbroad.

5  **CONSUMERQUEST REQUEST NO. 12:**

6      All contracts or agreements or proposed or requested contracts or agreements

7  with MGA, ISAAC LARIAN, FARHAD LARIAN or BRYANT since January 1,

8  1998.

9  **RESPONSE TO CONSUMERQUEST REQUEST NO. 12:**

10      The MGA Entities incorporate by reference their General Objections as

11  though fully set forth herein.  The MGA Entities further object to the extent that this

12  request seeks information that is protected from disclosure under the attorney-client

13  privilege, the work product doctrine.  The MGA Entities further object to this request

14  to the extent that it seeks documents that contain trade secrets, confidential,

15  commercially sensitive and/or other proprietary or competitive information that is

16  subject to the MGA Entities' or any other person's constitutional, statutory or

17  common law right of privacy or protection.  The MGA Entities further object that

18  this request calls for the production of documents that are not relevant to the claims

19  or defenses in this action or reasonably calculated to lead to the discovery of

20  admissible evidence.  The MGA Entities further object to this request on the grounds

21  that it is overbroad as to subject matter and time; in particular, the MGA Entities

22  object to the definitions of "MGA," "ISAAC LARIAN," "FARHAD LARIAN,"

23  "BRYANT" and "agreements" as vague, ambiguous and/or overbroad.

24  **CONSUMERQUEST REQUEST NO. 13:**

25      All COMMUNICATIONS with MGA or ISAAC LARIAN REFERRING OR

26  RELATING TO "4-ever Best Friends," "Mommy's Little Patient" and/or "Mommy's

27  Little" or "Alienracers."

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**RESPONSE TO CONSUMERQUEST REQUEST NO. 13:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN," and "REFERRING OR RELATING TO" as vague, ambiguous and/or overbroad.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 9:**

All DOCUMENTS RELATING TO BRATZ that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 9:**

Objections to this Subpoena are not yet due. The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 10:**

All DOCUMENTS RELATING TO BRYANT that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 10:**

Objections to this Subpoena are not yet due.  The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 11:**

All DOCUMENTS RELATING to the MATTEL ACTION.

**RESPONSE TO ISAAC AND ANGELA LARIAN TRUST AND ISAAC LARIAN ANNUITY TRUST REQUEST NO. 11:**

Objections to this Subpoena are not yet due.  The MGA Defendants' objections to this request are reflected in the arguments set forth in this Separate Statement and the accompanying Motion to Quash or, in the Alternative, for Protective Order.

**B.    MGA's Statements of Position**

**1.    MGA's Statement of Position Regarding Requests 8-9 to Wachovia**

Mattel's subpoena to Wachovia includes these requests for all documents relating to Bratz and/or the instant suit.  Although some of these documents regarding MGA's products or Mr. Bryant may be relevant, Mattel's requests are improper because they overly broad and not tailored to exclude irrelevant or duplicative information.  *See* Fed. R. Civ. P. 26(b)(2)(C); *Walking Mountain,* 353

1  F.3d at 813 (9th Cir. 2003) (quashing subpoena issued by Mattel and Quinn Emanuel

2  because "no attempt had been made to try to tailor the information request to the

3  immediate needs of the case").

4          Over the past three years, Mattel has taken vast amounts of discovery

5  regarding Bratz, other MGA products at issue and Mr. Bryant—including discovery

6  on the topics at issue in these requests.  Mattel has served the MGA Defendants with

7  hundreds of document requests covering these subjects and has received in response

8  to its requests more than three million pages of responsive documents.  (Park Decl., ¶

9  2.)  For example, Mattel has already requested and obtained from MGA mountains

10 of documents relating to Bratz.  (*See, e.g.,* Park Decl., Ex. 29 (Mattel's 1st Set of

11 RFPs to MGA) at Request 32 ("ALL DOCUMENTS prepared, written, transmitted

12 or received (whether in whole or in part) prior to January 1, 2001 that REFER OR

13 RELATE TO BRATZ.") & Request 33 ("ALL DOCUMENTS that REFER OR

14 RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1,

15 2001 (regardless of when such document was prepared, written, transmitted or

16 received, whether in whole or in part).").)  Similarly, documents relating to market

17 research for MGA's "4 Best Friends," "Mommy's Little Patient," "Mommy's Little"

18 and "Alienracers" products are already the subject of several of Mattel's document

19 requests to MGA..  (*See, e.g.,* Park Decl., Ex. 30 (Mattel's 1st Set of RFPs Re Unfair

20 Competition) at Request 26 ("All DOCUMENTS RELATING TO the target market

21 or potential target market, and the demographics of any actual, potential or

22 prospective consumers, customers, purchasers or licensees of the CONTESTED

23 MGA PRODUCTS.") & Request 36 ("All DOCUMENTS RELATING TO any

24 consumer studies, reports, surveys, interviews or reports regarding the CONTESTED

25 MGA PRODUCTS…").)

26         Having had ample opportunity to take discovery regarding Bratz, the other

27 MGA products at issue, the instant suit, and Mr. Bryant, Mattel should not be

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1    permitted to burden the Non-Parties with duplicative discovery requests.  Fed. R. Civ.

2    P. 26(b)(2)(C); *Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567,

3    573 (E.D. Cal 2002) (granting protective order against subpoenas that requested

4    information that was already the subject of party discovery).  Even if some of the

5    documents Mattel seeks are relevant, Mattel has a duty to "take reasonable steps to

6    avoid imposing undue burden or expense on [subpoenaed non-parties]."  Fed. R. Civ.

7    P. 45(c)(1).  Such steps include tailoring the requests by specifying only the relevant,

8    non-duplicative materials that Mattel needs.  *See Walking Mountain*, 353 F.3d at 813

9    (quashing Mattel's subpoena where Mattel made "no attempt … to try to tailor the

10   information request to the immediate needs of the case"); *Lectrolarm*, 212 F.R.D. at

11   573 (holding that plaintiff could only obtain documents from non-party "with a

12   showing that there is specific, *relevant* information in [non-party's] possession that

13   [is not privileged]") (emphasis in original).

14          Mattel has made no effort to tailor its requests, but has deliberately drafted its

15   requests to cast as wide a net as possible.  Because Mattel has failed to take any steps,

16   let along reasonable steps, to avoid unduly burdening Wachovia, these requests are

17   improper and must be quashed or substantially narrowed.

18                    **2.    MGA's Statement of Position Regarding Requests 4-5 to**
                              **Ernst & Young and Deloitte & Touche**
19

20          Mattel's subpoenas to Ernst & Young and Deloitte & Touche include these

21   requests for all documents relating to Bratz and/or the instant suit.  Although some of

22   these documents regarding MGA's products or Mr. Bryant may be relevant, Mattel's

23   requests are improper because they are overly broad and not tailored to exclude

24   irrelevant or duplicative information.  *See* Fed. R. Civ. P. 26(b)(2)(C); *Walking*

25   *Mountain*, 353 F.3d at 813 (quashing subpoena issued by Mattel and Quinn Emanuel

26   because "no attempt had been made to try to tailor the information request to the

27   immediate needs of the case").

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1     Over the past three years, Mattel has taken vast amounts of discovery

2  regarding Bratz, other MGA products at issue and Mr. Bryant—including discovery

3  on the topics at issue in these requests.  Mattel has served the MGA Defendants with

4  hundreds of document requests covering these subjects and has received in response

5  to its requests more than three million pages of responsive documents.  (Park Decl., ¶

6  2.)  For example, Mattel has already requested and obtained from MGA mountains

7  of documents relating to Bratz.  (*See, e.g.,* Park Decl., Ex. 29 (Mattel's 1st Set of

8  RFPs to MGA) at Request 32 ("ALL DOCUMENTS prepared, written, transmitted

9  or received (whether in whole or in part) prior to January 1, 2001 that REFER OR

10 RELATE TO BRATZ.") & Request 33 ("ALL DOCUMENTS that REFER OR

11 RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1,

12 2001 (regardless of when such document was prepared, written, transmitted or

13 received, whether in whole or in part).").)  Similarly, documents relating to market

14 research for MGA's "4 Best Friends," "Mommy's Little Patient," "Mommy's Little"

15 and "Alienracers" products are already the subject of several of Mattel's document

16 requests to MGA..  (*See, e.g.,* Park Decl., Ex. 30 (Mattel's 1st Set of RFPs Re Unfair

17 Competition) at Request 26 ("All DOCUMENTS RELATING TO the target market

18 or potential target market, and the demographics of any actual, potential or

19 prospective consumers, customers, purchasers or licensees of the CONTESTED

20 MGA PRODUCTS.") & Request 36 ("All DOCUMENTS RELATING TO any

21 consumer studies, reports, surveys, interviews or reports regarding the CONTESTED

22 MGA PRODUCTS…").)

23     Having had ample opportunity to take discovery regarding Bratz, the other

24 MGA products at issue, the instant suit, and Mr. Bryant, Mattel should not be

25 permitted to burden the Non-Parties with duplicative discovery requests.  Fed. R. Civ.

26 P. 26(b)(2)(C); *Lectrolarm*, 212 F.R.D. at 573 (granting protective order against

27 subpoenas that requested information that was already the subject of party discovery).

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   Even if some of the documents Mattel seeks are relevant, Mattel has a duty to "take

2   reasonable steps to avoid imposing undue burden or expense on [subpoenaed non-

3   parties]." Fed. R. Civ. P. 45(c)(1). Such steps include tailoring the requests by

4   specifying only the relevant, non-duplicative materials that Mattel needs. *See*

5   *Walking Mountain*, 353 F.3d at 813 (quashing Mattel's subpoena where Mattel made

6   "no attempt … to try to tailor the information request to the immediate needs of the

7   case"); *Lectrolarm*, 212 F.R.D. at 573 (holding that plaintiff could only obtain

8   documents from non-party "with a showing that there is specific, *relevant*

9   information in [non-party's] possession that [is not privileged]") (emphasis in

10   original).

11          Mattel has made no effort to tailor its requests, but has deliberately drafted its

12   requests to cast as wide a net as possible. Because Mattel has failed to take any steps,

13   let along reasonable steps, to avoid unduly burdening Ernst & Young and Deloitte &

14   Touche, these requests are improper and must be quashed or substantially narrowed.

15          **3.    MGA's Statement of Position Regarding Requests 9-10 to**
               **Moss Adams**

16          Mattel's subpoena to Moss Adams includes these requests for all documents

17   relating to Bratz and/or the instant suit. Although some of these documents

18   regarding MGA's products or Mr. Bryant may be relevant, Mattel's requests are

19   improper because they are overly broad and not tailored to exclude irrelevant or

20   duplicative information. *See* Fed. R. Civ. P. 26(b)(2)(C); *Walking Mountain*, 353

21   F.3d at 813 (quashing subpoena issued by Mattel and Quinn Emanuel because "no

22   attempt had been made to try to tailor the information request to the immediate needs

23   of the case").

24          Over the past three years, Mattel has taken vast amounts of discovery

25   regarding Bratz, other MGA products at issue and Mr. Bryant—including discovery

26   on the topics at issue in this request. Mattel has served the MGA Defendants with

27   hundreds of document requests covering these subjects and has received in response

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  to its requests more than three million pages of responsive documents.  (Park Decl., ¶

2  2.)  For example, Mattel has already requested and obtained from MGA mountains

3  of documents relating to Bratz.  (*See, e.g.,* Park Decl., Ex. 29 (Mattel's 1st Set of

4  RFPs to MGA) at Request 32 ("ALL DOCUMENTS prepared, written, transmitted

5  or received (whether in whole or in part) prior to January 1, 2001 that REFER OR

6  RELATE TO BRATZ.") & Request 33 ("ALL DOCUMENTS that REFER OR

7  RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1,

8  2001 (regardless of when such document was prepared, written, transmitted or

9  received, whether in whole or in part).").)  Similarly, documents relating to market

10  research for MGA's "4 Best Friends," "Mommy's Little Patient," "Mommy's Little"

11  and "Alienracers" products are already the subject of several of Mattel's document

12  requests to MGA.  (*See, e.g.,* Park Decl., Ex. 30 (Mattel's 1st Set of RFPs Re Unfair

13  Competition) at Request 26 ("All DOCUMENTS RELATING TO the target market

14  or potential target market, and the demographics of any actual, potential or

15  prospective consumers, customers, purchasers or licensees of the CONTESTED

16  MGA PRODUCTS.") & Request 36 ("All DOCUMENTS RELATING TO any

17  consumer studies, reports, surveys, interviews or reports regarding the CONTESTED

18  MGA PRODUCTS…").)

19      Having had ample opportunity to take discovery regarding Bratz, the other

20  MGA products at issue, the instant suit, and Mr. Bryant, Mattel should not be

21  permitted to burden the Non-Parties with duplicative discovery requests.  Fed. R. Civ.

22  P. 26(b)(2)(C); *Lectrolarm*, 212 F.R.D. at 573 (granting protective order against

23  subpoenas that requested information that was already the subject of party discovery).

24  Even if some of the documents Mattel seeks are relevant, Mattel has a duty to "take

25  reasonable steps to avoid imposing undue burden or expense on [subpoenaed non-

26  parties]."  Fed. R. Civ. P. 45(c)(1).  Such steps include tailoring the requests by

27  specifying only the relevant, non-duplicative materials that Mattel needs.  *See*

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

*Walking Mountain*, 353 F.3d at 813 (quashing Mattel's subpoena where Mattel made "no attempt … to try to tailor the information request to the immediate needs of the case"); *Lectrolarm*, 212 F.R.D. at 573 (holding that plaintiff could only obtain documents from non-party "with a showing that there is specific, *relevant* information in [non-party's] possession that [is not privileged]") (emphasis in original).

Mattel has made no effort to tailor its requests, but has deliberately drafted its requests to cast as wide a net as possible.  Because Mattel has failed to take any steps, let along reasonable steps, to avoid unduly burdening Moss Adams, these requests are improper and must be quashed or substantially narrowed.

### 4.    MGA's Statement of Position Regarding Requests 1-8 and 10-13 to ConsumerQuest

Mattel's subpoena to ConsumerQuest includes these requests for documents relating to Carter Bryant, Bratz, other MGA products or work performed for MGA by ConsumerQuest..  Although some of these documents regarding Bryant and MGA's products may be relevant, Mattel's requests are improper because they are overly broad and not tailored to exclude irrelevant or duplicative information.  *See* Fed. R. Civ. P. 26(b)(2)(C); *Walking Mountain*, 353 F.3d at 813 (quashing subpoena issued by Mattel and Quinn Emanuel because "no attempt had been made to try to tailor the information request to the immediate needs of the case").

Over the past three years, Mattel has taken vast amounts of discovery regarding Bratz, other MGA products at issue and Mr. Bryant—including discovery on the topics at issue in these requests.  Mattel has served the MGA Defendants with hundreds of document requests covering these subjects and has received in response to its requests more than three million pages of responsive documents.  (Park Decl., ¶ 2.)  For example, Mattel has already requested and obtained from MGA mountains of documents relating to Bratz.  (*See, e.g.,* Park Decl., Ex. 29 (Mattel's 1st Set of

1   RFPs to MGA) at Request 32 ("ALL DOCUMENTS prepared, written, transmitted

2   or received (whether in whole or in part) prior to January 1, 2001 that REFER OR

3   RELATE TO BRATZ.") & Request 33 ("ALL DOCUMENTS that REFER OR

4   RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1,

5   2001 (regardless of when such document was prepared, written, transmitted or

6   received, whether in whole or in part).").)  Similarly, documents relating to market

7   research for MGA's "4 Best Friends," "Mommy's Little Patient," "Mommy's Little"

8   and "Alienracers" products are already the subject of several of Mattel's document

9   requests to MGA..  (*See, e.g.*, Park Decl., Ex. 30 (Mattel's 1st Set of RFPs Re Unfair

10  Competition) at Request 26 ("All DOCUMENTS RELATING TO the target market

11  or potential target market, and the demographics of any actual, potential or

12  prospective consumers, customers, purchasers or licensees of the CONTESTED

13  MGA PRODUCTS.") & Request 36 ("All DOCUMENTS RELATING TO any

14  consumer studies, reports, surveys, interviews or reports regarding the CONTESTED

15  MGA PRODUCTS…").)

16          Having had ample opportunity to take discovery regarding Bratz, the other

17  MGA products at issue, the instant suit, and Mr. Bryant, Mattel should not be

18  permitted to burden the Non-Parties with duplicative discovery requests.  Fed. R. Civ.

19  P. 26(b)(2)(C); *Lectrolarm*, 212 F.R.D. at 573 (granting protective order against

20  subpoenas that requested information that was already the subject of party discovery).

21  Even if some of the documents Mattel seeks are relevant, Mattel has a duty to "take

22  reasonable steps to avoid imposing undue burden or expense on [subpoenaed non-

23  parties]."  Fed. R. Civ. P. 45(c)(1).  Such steps include tailoring the requests by

24  specifying only the relevant, non-duplicative materials that Mattel needs.  *See*

25  *Walking Mountain*, 353 F.3d at 813 (quashing Mattel's subpoena where Mattel made

26  "no attempt … to try to tailor the information request to the immediate needs of the

27  case"); *Lectrolarm*, 212 F.R.D. at 573 (holding that plaintiff could only obtain

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1  documents from non-party "with a showing that there is specific, *relevant*

2  information in [non-party's] possession that [is not privileged]") (emphasis in

3  original).

4      Mattel has made no effort to tailor its requests, but has deliberately drafted its

5  requests to cast as wide a net as possible.  Because Mattel has failed to take any steps,

6  let along reasonable steps, to avoid unduly burdening ConsumerQuest, these requests

7  are improper and must be quashed or substantially narrowed.

8          **5.    MGA's Statement of Position Regarding Requests 9-11 to the**
           **Isaac and Angela Larian Trust and the Isaac Larian Annuity**
9          **Trust**

10     Mattel's subpoena to the Isaac and Angela Larian Trust and the Isaac Larian

11  Annuity Trust includes these requests for all documents relating to Carter, Bryant,

12  Bratz and/or the instant suit.  Although some of these documents regarding MGA's

13  products or Mr. Bryant may be relevant, Mattel's requests are improper because it is

14  overly broad and not tailored to exclude irrelevant or duplicative information.  *See*

15  Fed. R. Civ. P. 26(b)(2)(C); *Walking Mountain*, 353 F.3d at 813 (quashing subpoena

16  issued by Mattel and Quinn Emanuel because "no attempt had been made to try to

17  tailor the information request to the immediate needs of the case").

18     Over the past three years, Mattel has taken vast amounts of discovery

19  regarding Bratz, other MGA products at issue and Mr. Bryant—including discovery

20  on the topics at issue in this request.  Mattel has served the MGA Defendants with

21  hundreds of document requests covering these subjects and has received in response

22  to its requests more than three million pages of responsive documents.  (Park Decl., ¶

23  2.)  For example, Mattel has already requested and obtained from MGA mountains

24  of documents relating to Bratz.  (*See, e.g.,* Park Decl., Ex. 29 (Mattel's 1st Set of

25  RFPs to MGA) at Request 32 ("ALL DOCUMENTS prepared, written, transmitted

26  or received (whether in whole or in part) prior to January 1, 2001 that REFER OR

27  RELATE TO BRATZ.") & Request 33 ("ALL DOCUMENTS that REFER OR

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1 RELATE TO BRATZ that REFER OR RELATE TO any time prior to January 1,
2 2001 (regardless of when such document was prepared, written, transmitted or
3 received, whether in whole or in part).").)  Similarly, documents relating to market
4 research for MGA's "4 Best Friends," "Mommy's Little Patient," "Mommy's Little"
5 and "Alienracers" products are already the subject of several of Mattel's document
6 requests to MGA.  (*See, e.g.,* Park Decl., Ex. 30 (Mattel's 1st Set of RFPs Re Unfair
7 Competition) at Request 26 ("All DOCUMENTS RELATING TO the target market
8 or potential target market, and the demographics of any actual, potential or
9 prospective consumers, customers, purchasers or licensees of the CONTESTED
10 MGA PRODUCTS.") & Request 36 ("All DOCUMENTS RELATING TO any
11 consumer studies, reports, surveys, interviews or reports regarding the CONTESTED
12 MGA PRODUCTS…").)

13         Having had ample opportunity to take discovery regarding Bratz, the other
14 MGA products at issue, the instant suit, and Mr. Bryant, Mattel should not be
15 permitted to burden the Non-Parties with duplicative discovery requests.  Fed. R. Civ.
16 P. 26(b)(2)(C); *Lectrolarm*, 212 F.R.D. at 573 (granting protective order against
17 subpoenas that requested information that was already the subject of party discovery).
18 Even if some of the documents Mattel seeks are relevant, Mattel has a duty to "take
19 reasonable steps to avoid imposing undue burden or expense on [subpoenaed non-
20 parties]."  Fed. R. Civ. P. 45(c)(1).  Such steps include tailoring the requests by
21 specifying only the relevant, non-duplicative materials that Mattel needs.  *See*
22 *Walking Mountain*, 353 F.3d at 813 (quashing Mattel's subpoena where Mattel made
23 "no attempt … to try to tailor the information request to the immediate needs of the
24 case"); *Lectrolarm*, 212 F.R.D. at 573 (holding that plaintiff could only obtain
25 documents from non-party "with a showing that there is specific, *relevant*
26 information in [non-party's] possession that [is not privileged]") (emphasis in
27 original).

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER

1   Mattel has made no effort to tailor its requests, but has deliberately drafted its

2   requests to cast as wide a net as possible. Because Mattel has failed to take any steps,

3   let along reasonable steps, to avoid unduly burdening the Isaac and Angela Larian

4   Trust and the Isaac Larian Annuity Trust, these requests are improper and must be

5   quashed or substantially narrowed.

6   DATED: December 21, 2007

7                                   SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
                                    By: _____/s/_____

8                                            Thomas J. Nolan
9                                   Attorneys for Counter-Defendants, MGA
                                    ENTERTAINMENT, INC., ISAAC
10                                  LARIAN, MGA ENTERTAINMENT (HK)
                                    LIMITED, and MGAE de MEXICO S.R.L.
11                                  de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA DEFENDANTS' SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH
SUBPOENAS OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER