# EXHIBIT 11

AO88  (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN   DISTRICT OF OHIO

CARTER BRYANT, an Individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware Corporation

Case Number:[1]  Misc. Case No.
Central District of California
CV 04-9049 SGL (RNBx)

TO:  Wells Fargo Bank, N.A.
115 Hospital Drive
Van Wert, OH 45891

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | **DATE AND TIME** |
|  | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| A1 Investigations<br>114 N. West Street, Suite 204<br>Lima, OH 45801 | December 5, 2007<br>9:00 a.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Mattel, Inc. | November 20, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

B. Dylan Proctor, Esq., QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017  (213) 443-3000

EXHIBIT  ))
PAGE  )) ⬡

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| | | |

| SERVED | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT __|__
PAGE __|__7

## ATTACHMENT A

### Documents To Be Produced

1.   **DEFINITIONS.**

        i.    "YOU" or "YOUR" means Wells Fargo Bank, N.A., and all of YOUR parents, subsidiaries, affiliates or affiliated entities, past or present employees, agents, representatives, consultants, independent contractors, any predecessors or successors in interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

        ii.    "MGA" means MGA Entertainment Inc., tax identification number 95-3726898, any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

        iii.    "ACCOUNT" or "ACCOUNTS" means any account of any type, including but not limited to any checking account, savings account, deposit account, credit card account, line of credit account, charge account, and any other account of any other type.

        iv.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and anyone else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

        v.    "DOCUMENT" means any "writing" or "recording" as defined in <u>Federal Rule of Civil Procedure</u> 34 and/or <u>Federal Rule of Evidence</u> 1001 and includes any tangible thing upon which any expression, communication or representation has been recorded, including but not limited to correspondence, e-mails, preliminary, intermediate or final drafts, memoranda, notes, reports of telephone or other oral conversations, audio or videotape recordings, computer tape, computer disk or storage media, computer printout, CD-ROM disk, optical storage disk, other electronic medium, and all other writings and recordings of any kind.

vi.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

vii.    "REFERRING OR RELATING TO" means reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing or indicating in any way.

viii.   Wherever used herein, the singular shall include the plural and the plural shall include the singular.


2.   INSTRUCTIONS.

a.     YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

b.     If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

(1)    The privilege or protection that you claim precludes disclosure;

(2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

(3)    The date, author(s), addressee(s); and

(4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

c.     YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

d.     YOU are required to identify the source of all DOCUMENTS

EXHIBIT  ( )
PAGE  119

produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

     e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

3.    <u>DOCUMENTS TO BE PRODUCED.</u>

    (1)    All DOCUMENTS REFERRING OR RELATING TO MGA from January 1, 1999 to the present, inclusive.

    (2)    All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 9600112551, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

    (3)    All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MGA, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, created between January 1, 1999 and the present, inclusive.

    (4)    DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MGA between January 1, 1999 and the present, inclusive.

    (5)    All DOCUMENTS showing or relating to any account(s) held by MGA or any account(s) on which MGA has signatory authority at any other financial institution.

EXHIBIT _1)___
PAGE _120__

07209/2241457.1

# EXHIBIT 12

AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

_____Central_____ DISTRICT OF __California__

CARTER BRYANT, an Individual

V.

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 04-9059 NM (RNBx)
Consolidated with cases CV 04-9059
and CV 05-2727

TO:  Moss Adams
     11766 Wilshire Blvd., Suite 900
     Los Angeles, CA 90025

[ ]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP 865 South Figueroa St., 10th Floor Los Angeles, CA 90017 | Dececember 14, 2007 10 a.m. |

[ ]  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _signature_ Attorney for Plaintiff, Mattel, Inc. | November 26, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Juan Pablo Albán, Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa St., 10th Floor  (213) 443-3624

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)
[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT 12
PAGE 121

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT 12**
**PAGE 122**

# ATTACHMENT A

## Documents To Be Produced

1.   **DEFINITIONS.**

      a.   "YOU" or "YOUR" means Moss Adams, current or former employees, attorneys, including partners, associates and shareholders, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      b.   "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      c.   "FARHAD LARIAN" means Farhad Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

      d.   "ISAAC AND ANGELA LARIAN TRUST" means the Isaac and Angela Larian Trust and any other trust of which ISAAC LARIAN is a trustee or of which any member of Isaac Larian's family, whether by blood or marriage, is a beneficiary, the current or former trustees, beneficiaries, attorneys, agents, representatives, accountants, vendors, consultants or any other PERSON acting on its behalf, subject to its authority or its control.

      e.   "ISAAC LARIAN ANNUITY TRUST" means the Isaac Larian Annuity Trust and any other trust of which ISAAC LARIAN is a trustee or of which any member of Isaac Larian's family, whether by blood or marriage, is a beneficiary, the current or former trustees, beneficiaries, attorneys, agents, representatives, accountants, vendors, consultants or any other PERSON acting on its behalf, subject to its authority or its control.

07209/2251749.4

1

EXHIBIT 12
PAGE 123

f.     "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

g.     "GARCIA" means Paula Garcia, formerly known as Paula Treantafelles, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

h.     "MARLOW" means Veronica Marlow and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (whether by blood or marriage), and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

i.     "FORMER MATTEL EMPLOYEE" means any PERSON whom MATTEL employed and whom MGA subsequently employed, or who otherwise performed any service for the benefit of MGA during or after his or her employment at Mattel, including without limitation as an independent contractor.

j.     "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

k.     "DESIGN" or "DESIGNS" means any and all representations,

whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and documents in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.  the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

l.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, shareholders, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

m.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

n.    "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

o.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, COMMUNICATIONS, facsimiles, electronic mail, records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and

07209/2251749.4

3

EXHIBIT __12__
PAGE __125__

summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including without limitation all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

       p.    "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

       q.    "RELATING TO" means referencing, referring to, constituting, evidencing, pertaining to, mentioning, supporting, contradicting, negating, bearing on, touching on, containing, embodying, reflecting, identifying, stating, dealing with, concerning, commenting on, summarizing, responding to, relating to, describing or discussing in any way.

       r.    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

       s.    The "FARHAD LARIAN DISPUTES" means any and all suits, arbitrations and disputes between Farhad Larian, on the one hand, and Isaac Larian, on the other hand, including without limitation the actions captioned Farhad Larian v. Isaac Larian, Los Angeles Superior Court Case No. BC 301371 and Farhad Larian v. Mora Zarabi et al., Los Angeles Superior Court Case No. BC 329501, and the arbitration captioned Farhad Larian v. Isaac Larian before ADR Services, Inc., ADRS Case No. 05-2096-ABH.

       t.    The singular form of a noun or pronoun includes within its

07209/2251749.4

4

EXHIBIT 12
PAGE 126

meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of DOCUMENTS or information.

2.    INSTRUCTIONS.

        a.    YOU are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody and control.

        b.    If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such DOCUMENTS identify each DOCUMENT and provide the following information:

                (1)    The privilege or protection that you claim precludes disclosure;

                (2)    The subject matter of the DOCUMENT (without revealing the content as to which the privilege or protection is claimed);

                (3)    The date, author(s), addressee(s); and

                (4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

        c.    YOU are required to identify any and all DOCUMENTS sought by this document request that have been destroyed.

        d.    YOU are required to identify the source of all DOCUMENTS produced, and the person for whom, or department, division or office for which, such DOCUMENTS are maintained.

        e.    Each DOCUMENT shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT.

07209/2251749.4

EXHIBIT 12
PAGE 127

3.    <u>DOCUMENTS TO BE PRODUCED.</u>

(1)    All DOCUMENTS RELATING TO MGA, including without limitation
accounting records, tax returns and schedules (including without limitation Form
1040, Form 1099, Form 1120, Schedule E or Schedule K-1) and drafts thereof, work
papers, worksheets, payroll records, financial statements (audited and unaudited), pro
formas and budgets from the period beginning January 1, 1999 to the present.

(2)    All DOCUMENTS RELATING TO ISAAC LARIAN, including without
limitation accounting records, tax returns and schedules (including without limitation
Form 1040, Form 1099, Form 1120, Schedule E and Schedule K-1) and drafts thereof,
W-2s, work papers, worksheets, payroll records, financial statements (audited and
unaudited), pro formas, budgets, account information and account statements, from
the period beginning January 1, 1999 to the present.

(3)    All DOCUMENTS RELATING TO FARHAD LARIAN, including
without limitation accounting records, tax returns and schedules (including without
limitation Form 1040, Form 1099, Form 1120, Schedule E and Schedule K-1) and
drafts thereof, W-2s, work papers, worksheets, payroll records, financial statements
(audited and unaudited), pro formas, budgets, account information and account
statements from the period beginning January 1, 1999 to the present.

(4)    All DOCUMENTS RELATING TO the ISAAC AND ANGELA
LARIAN TRUST, including without limitation accounting records, tax returns and
schedules (including without limitation Form 1040, Form 1099, Form 1120, Schedule
E and Schedule K-1) and drafts thereof, W-2s, work papers, worksheets, payroll
records, financial statements (audited and unaudited), pro formas, budgets, account
information and account statements from the period beginning January 1, 1999 to the ·
present.

(5)    All DOCUMENTS RELATING TO the ISAAC LARIAN ANNUITY
TRUST, including without limitation accounting records, tax returns and schedules
(including without limitation Form 1040, Form 1099, Form 1120, Schedule E and
Schedule K-1) and drafts thereof, W-2s, work papers, worksheets, payroll records,
financial statements (audited and unaudited), pro formas, budgets, account
information and account statements from the period beginning January 1, 1999 to the
present.

EXHIBIT 12
PAGE 128

(6)     To the extent not included in your production responsive to Request Nos. 1-5, all DOCUMENTS indicating ISAAC LARIAN's net worth.

(7)     To the extent not included in your production responsive to Request Nos. 1-6, all DOCUMENTS indicating MGA's net worth.

(8)     To the extent not included in your production responsive to Request Nos. 1-7, all DOCUMENTS indicating or calculating the value of MGA's intellectual property or goodwill.

(9)     All DOCUMENTS RELATING TO BRATZ that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

(10)    All DOCUMENTS RELATING to the MATTEL ACTION.

(11)    All DOCUMENTS RELATING TO the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection therewith and any communications between YOU and counsel for FARHAD LARIAN or counsel for ISAAC LARIAN.

(12)    All DOCUMENTS evidencing, showing or relating to payments to or transfers of value from MGA to ISAAC LARIAN, ISAAC LARIAN ANNUITY TRUST, or ISAAC AND ANGELA ANNUITY TRUST.

(13)    All DOCUMENTS evidencing, showing or relating to payments to or transfers of value from MGA or ISAAC LARIAN to BRYANT.

(14)    All DOCUMENTS evidencing, showing or relating to payments to or transfers of value from MGA or ISAAC LARIAN to GARCIA.

(15)    All DOCUMENTS evidencing, showing or relating to payments to or transfers of value from MGA or ISAAC LARIAN to MARLOW.

(16)    All DOCUMENTS evidencing, showing or relating to non-payroll payments to or transfers of value from MGA or ISAAC LARIAN to any FORMER MATTEL EMPLOYEE.

07209/2251749.4

EXHIBIT 12
PAGE 129

(17)    DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 14.

(18)    DOCUMENTS sufficient to identify any other PERSON who has served as MGA's, ISAAC LARIAN's, FARHAD LARIAN's, the ISAAC AND ANGELA LARIAN FAMILY TRUST or the ISAAC LARIAN ANNUITY TRUST's auditor(s) or accountant(s) since January 1, 1999.

(19)    DOCUMENTS sufficient to identify all trusts or other entity in which ISAAC LARIAN is an officer, director, member, shareholder or trustee; has or had a direct or indirect ownership interest; had or has direct or indirect control or of which he or any member of his family (by blood or marriage) is or was an owner, shareholder, employee, officer, director, trustee, member or beneficiary.

07209/2251749.4

8

EXHIBIT 12
PAGE 130

# EXHIBIT 13

AO88  (Rev. 12/06) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

__Central__   DISTRICT OF __California__

MATTEL, INC., a Delaware Corporation

**SUBPOENA IN A CIVIL CASE**

V.

CARTER BRYANT, an Individual; and DOES
1 through 10, inclusive

Case Number: [1]  CV 04-9059 NM (RNBx)

TO:  Isaac and Angela Larian Trust
     c/o Thomas J. Nolan, Esq., Skadden Arps Slate Meagher & Flom LLP
     Los Angeles, California 90071

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
    the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | January 7, 2008 |
| 865 So. Figueroa, 10th Floor | 10 a.m. |
| Los Angeles, California 90017 |  |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jon D. Corey /spc*  Jon D. Corey | December 14, 2008 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 So. Figueroa
St., 10th Floor, Los Angeles, CA 90017.  213-443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 13
PAGE 131**

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| | | | |

| SERVED | | | |
|---|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| | | | |
| SERVED BY (PRINT NAME) | | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 13
PAGE 132

## ATTACHMENT A

### Documents To Be Produced

1.   **DEFINITIONS.**

      a.    "YOU" or "YOUR" means the Isaac and Angela Larian Trust, current or former trustees, employees, beneficiaries, attorneys, agents, representatives, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other person acting on YOUR behalf, pursuant to YOUR authority or subject to YOUR control.

      b.    "ISAAC LARIAN" means Isaac Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (by blood or marriage) and any other person acting on his behalf, pursuant to his authority or subject to his control.

      c.    "FARHAD LARIAN" means Farhad Larian, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (by blood or marriage) and any other person acting on his behalf, pursuant to his authority or subject to his control.

      d.    "BRYANT" means Carter Bryant, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, relatives (by blood or marriage) and any other person acting on his behalf, pursuant to his authority or subject to his control.

      e.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll

07209/2291738.1

1

EXHIBIT 13
PAGE 133

or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

f.   "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and documents in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

g.   "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

h.   "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control.

i.   "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

j.   The "FARHAD LARIAN DISPUTES" means any and all suits,

07209/2291738.1

2

EXHIBIT 13
PAGE 134

arbitrations and disputes between Farhad Larian, on the one hand, and Isaac Larian, on the other hand, including without limitation the civil actions captioned <u>Farhad Larian v. Isaac Larian</u>, Los Angeles Superior Court Case No. BC 301371 and <u>Farhad Larian v. Morad Zarabi et al.</u>, Los Angeles Superior Court Case No. BC 329501, and the arbitration captioned <u>Farhad Larian v. Isaac Larian</u> before ADR Services, Inc., ADRS Case No. 05-2096-ABH.

2.    <u>INSTRUCTIONS.</u>

        a.    YOU are to produce all documents requested hereby that are in YOUR possession, custody and control.

        b.    If YOU contend that YOU are not required to produce certain documents called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such documents identify each document and provide the following information:

                (1)    The privilege or protection that you claim precludes disclosure;

                (2)    The subject matter of the document (without revealing the content as to which the privilege or protection is claimed);

                (3)    The date, author(s), addressee(s); and

                (4)    Any additional facts on which YOU would base YOUR claim of privilege or protection.

        c.    YOU are required to identify any and all documents sought by this document request that have been destroyed.

        d.    YOU are required to identify the source of all documents produced, and the person for whom, or department, division or office for which, such documents are maintained.

        e.    Each document shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such document is taken shall be copied and appended to such document.

07209/2291738.1

3

EXHIBIT 13
PAGE 135

3.    <u>DOCUMENTS TO BE PRODUCED.</u>

(1)    All of YOUR formation DOCUMENTS, and drafts thereof.

(2)    All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)    To the extent not included in YOUR response to Request No. 2, all DOCUMENTS relating to or reflecting YOUR tax liabilities from the period beginning January 1, 1999 to the present.

(4)    DOCUMENTS sufficient to identify each of YOUR trustees from the period beginning January 1, 1999 to the present.

(5)    DOCUMENTS sufficient to identify each of YOUR beneficiaries from the period beginning January 1, 1999 to the present.

(6)    DOCUMENTS sufficient to identify all disbursements from YOU to any of YOUR beneficiaries from the period beginning January 1, 1999 to the present.

(7)    DOCUMENTS sufficient to identify all assets YOU own or have owned from the period beginning January 1, 1999 to the present.

(8)    DOCUMENTS sufficient to identify all liabilities that YOU owe or have owed for the period beginning January 1, 1999 to the present.

(9)    All DOCUMENTS RELATING TO BRATZ that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

(10)   All DOCUMENTS RELATING TO BRYANT that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

(11)   All DOCUMENTS RELATING to the MATTEL ACTION.

(12)   All DOCUMENTS RELATING TO the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in

07209/2291738.1

4

EXHIBIT 13
PAGE 136

connection therewith and any communications between YOU and counsel for FARHAD LARIAN or counsel for ISAAC LARIAN.

(13)   DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of documents sought by or the subject of Request Nos. 1 through 11.

(14)   DOCUMENTS sufficient to identify any person who has served as YOUR auditor(s) or accountant(s) since January 1, 1999.

(15)   DOCUMENTS sufficient to identify all trusts or other entity in which ISAAC LARIAN is an officer, director, member, shareholder or trustee; has or had a direct or indirect ownership interest; has or had direct or indirect control or of which he or any member of his family (by blood or marriage) is or was an owner, shareholder, employee, officer, director, trustee, member or beneficiary.

# EXHIBIT 14

AO88  (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

<u>Central</u>   DISTRICT OF <u>California</u>

MATTEL, INC., a Delaware Corporation

## SUBPOENA IN A CIVIL CASE

V.

CARTER BRYANT, an Individual; and DOES 1 through 10, inclusive

Case Number: [1]  CV 04-9059 NM (RNBx)

TO:  Isaac Larian Annuity Trust
     c/o Thomas J. Nolan, Esq., Skadden Arps Slate Meagher & Flom LLP
     300 South Grand Ave., Suite 3400

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP<br>865 So. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | January 7, 2008<br>10 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jon D. Creyfun*<br>Jon D. Corey | December 14, 2007 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges LLP, 10th Floor, Los Angeles, CA 90017, 213-443-3000.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT 14**
**PAGE 138**

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 14
PAGE 139

ATTACHMENT A

Documents To Be Produced

1.   DEFINITIONS.

    a.   "YOU" or "YOUR" means the Isaac Larian Annuity Trust, current
or former trustees, employees, beneficiaries, attorneys, agents, representatives,
accountants, vendors, consultants, independent contractors, predecessors-in-interest
and successors-in-interest, and any other person acting on YOUR behalf, pursuant to
YOUR authority or subject to YOUR control.

    b.   "ISAAC LARIAN" means Isaac Larian, and all of his current or
former employees, agents, representatives, attorneys, accountants, vendors,
consultants, independent contractors, predecessors-in-interest and successors-in-
interest, relatives (by blood or marriage) and any other person acting on his behalf,
pursuant to his authority or subject to his control.

    c.   "FARHAD LARIAN" means Farhad Larian, and all of his current
or former employees, agents, representatives, attorneys, accountants, vendors,
consultants, independent contractors, predecessors-in-interest and successors-in-
interest, relatives (by blood or marriage) and any other person acting on his behalf,
pursuant to his authority or subject to his control.

    d.   "BRYANT" means Carter Bryant, and all of his current or former
employees, agents, representatives, attorneys, accountants, vendors, consultants,
independent contractors, predecessors-in-interest and successors-in-interest, relatives
(by blood or marriage) and any other person acting on his behalf, pursuant to his
authority or subject to his control.

    e.   "BRATZ" means any project, product, doll or DESIGN ever
known by that name (whether in whole or in part and regardless of what such project,
product or doll is or has been also, previously or subsequently called) and any product,
doll or DESIGN or any portion thereof that is now or has ever been known as, or sold
or marketed under, the name or term "Bratz" (whether in whole or in part and
regardless of what such product, doll or DESIGN or portion thereof is or has been
also, previously or subsequently called) or that is now or has ever been sold or
marketed as part of the "Bratz" line, and each version or iteration of such product, doll

07209/2266990.1

1

EXHIBIT 14
PAGE 140

or DESIGN or any portion thereof. Without limiting the generality of the foregoing, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

f.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, concepts, ideas, inventions and/or improvements, as well as all other items, things and documents in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part. the phrase "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith.

g.    "MGA" means MGA Entertainment Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control. Without any limitation on the foregoing, "MGA" includes "ABC International Traders, Inc.," as MGA was formerly known.

h.    "MATTEL" means Mattel, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control.

i.    "MATTEL ACTION" means this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

j.    The "FARHAD LARIAN DISPUTES" means any and all suits,

07209/2266990.1

2

EXHIBIT 14
PAGE 141

arbitrations and disputes between Farhad Larian, on the one hand, and Isaac Larian, on the other hand, including without limitation the civil actions captioned <u>Farhad Larian v. Isaac Larian</u>, Los Angeles Superior Court Case No. BC 301371 and <u>Farhad Larian v. Morad Zarabi et al.</u>, Los Angeles Superior Court Case No. BC 329501, and the arbitration captioned <u>Farhad Larian v. Isaac Larian</u> before ADR Services, Inc., ADRS Case No. 05-2096-ABH.

2.   <u>INSTRUCTIONS.</u>

     a.   YOU are to produce all documents requested hereby that are in YOUR possession, custody and control.

     b.   If YOU contend that YOU are not required to produce certain documents called for by these requests on the grounds of a privilege or protection that YOU are not prepared to waive, in lieu of producing such documents identify each document and provide the following information:

     (1)   The privilege or protection that you claim precludes disclosure;

     (2)   The subject matter of the document (without revealing the content as to which the privilege or protection is claimed);

     (3)   The date, author(s), addressee(s); and

     (4)   Any additional facts on which YOU would base YOUR claim of privilege or protection.

     c.   YOU are required to identify any and all documents sought by this document request that have been destroyed.

     d.   YOU are required to identify the source of all documents produced, and the person for whom, or department, division or office for which, such documents are maintained.

     e.   Each document shall be produced in its original file folder, or in lieu thereof, any writing on the file folder from which each such document is taken shall be copied and appended to such document.

07209/2266990.1

EXHIBIT  14
PAGE  142

3.   <u>DOCUMENTS TO BE PRODUCED.</u>

(1)    All of YOUR formation DOCUMENTS, and drafts thereof.

(2)    All of YOUR tax returns and schedules, including without limitation Forms 1041 and 8453F, and Schedules C, C-EZ, D, E, F and K-1, and drafts thereof, from the period beginning January 1, 1999 to the present.

(3)    To the extent not included in YOUR response to Request No. 2, all DOCUMENTS relating to or reflecting YOUR tax liabilities from the period beginning January 1, 1999 to the present.

(4)    DOCUMENTS sufficient to identify each of YOUR trustees from the period beginning January 1, 1999 to the present.

(5)    DOCUMENTS sufficient to identify each of YOUR beneficiaries from the period beginning January 1, 1999 to the present.

(6)    DOCUMENTS sufficient to identify all disbursements from YOU to any of YOUR beneficiaries from the period beginning January 1, 1999 to the present.

(7)    DOCUMENTS sufficient to identify all assets YOU own or have owned from the period beginning January 1, 1999 to the present.

(8)    DOCUMENTS sufficient to identify all liabilities that YOU owe or have owed for the period beginning January 1, 1999 to the present.

(9)    All DOCUMENTS RELATING TO BRATZ that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

(10)   All DOCUMENTS RELATING TO BRYANT that YOU obtained from ISAAC LARIAN or otherwise since January 1, 1999.

(11)   All DOCUMENTS RELATING to the MATTEL ACTION.

(12)   All DOCUMENTS RELATING TO the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in

07209/2266990.1

4

EXHIBIT 14
PAGE 143

connection therewith and any communications between YOU and counsel for
FARHAD LARIAN or counsel for ISAAC LARIAN.

(13)    DOCUMENTS sufficient to show YOUR policies or practices relating to
the preservation, retention or destruction of documents sought by or the subject of
Request Nos. 1 through 11.

(14)    DOCUMENTS sufficient to identify any person who has served as
YOUR auditor(s) or accountant(s) since January 1, 1999.

(15)    DOCUMENTS sufficient to identify all trusts or other entity in which
ISAAC LARIAN is an officer, director, member, shareholder or trustee; has or had a
direct or indirect ownership interest; has or had direct or indirect control or of which
he or any member of his family (by blood or marriage) is or was an owner,
shareholder, employee, officer, director, trustee, member or beneficiary.

07209/2266990.1

5

EXHIBIT  14
PAGE  144

# EXHIBIT 15

1  John M. Baran (093479)
   ERNST & YOUNG LLP
2  725 South Figueroa Street, Suite 300
   Los Angeles, California 90017
3  Telephone: (213) 977-3200
   Telecopier: (213) 977-3541
4
   Attorneys for Non-Party
5  ERNST & YOUNG LLP

6

7

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11                                        ) CASE NO. 04-9049 SGL (RNBx)
   CARTER BRYANT,                         )
12                                        )
                    Plaintiff,            ) OBJECTIONS OF NON-PARTY ERNST
13      v.                                ) & YOUNG LLP SUBPOENA IN A CIVIL
                                          ) CASE
14  MATTEL, INC.,                         )
                                          )
15                  Defendants.           )
                                          )
16  ─────────────────────────────────────

17
          Non-Party Ernst & Young LLP ("Ernst & Young") received a subpoena on October 25,
18
    2007, which purports to require Ernst & Young to produce documents on November 8, 2007.
19
    Ernst & Young hereby objects to the subpoena for the inspection and copying of any and all
20
    documents in its possession, custody and/or control, which may be responsive to the subpoena, on
21
    the grounds stated below.
22
          1.     Ernst & Young objects to the subpoena on the ground that it seeks information that
23
    is available from sources other than Ernst & Young, including parties to the action, and as such it
24
    is improper, burdensome and oppressive to require Ernst & Young to produce such information.
25
          2.     Ernst & Young objects to the subpoena on the ground that the subpoena violates
26
    Rule 45(c)(1) and its express mandate that "[a] party or an attorney responsible for the issuance
27
    and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense"
28

                                 EXHIBIT  15
                                 PAGE  143

1   on Ernst & Young, including without limitation defendants' failure to narrow the scope of each

2   and every request insofar as it is vague, ambiguous and overbroad.

3     3. Ernst & Young objects to the subpoena on the ground that it seeks proprietary,

4   confidential and trade secret information of Ernst & Young, which is not relevant to the subject

5   matter of this action.

6     4. Ernst & Young objects to the subpoena on the ground that it seeks proprietary,

7   confidential and trade secret information of persons or entities other than Ernst & Young and that

8   was provided to Ernst & Young based on an expectation, understanding or obligation of

9   confidentiality.

10     5. Ernst & Young objects to the subpoena on the ground that it is vague and

11   ambiguous.

12     6. Ernst & Young objects to the subpoena on the ground that it is unduly burdensome

13   and oppressive, and calculated to vex, harass, and annoy Ernst & Young.

14     7. Ernst & Young objects to the subpoena to the extent it seeks the production of

15   information protected by the attorney-client privilege, work product doctrine, or any other

16   applicable privilege or immunity.

17     8. Ernst & Young objects to the production of any documents until there is a court

18   order regarding confidentiality.

19     9. The subpoena seeks the production of information that Ernst & Young is prohibited

20   from producing by virtue of various taxpayer privileges, including 26 U.S.C. § 7216.

21     10. Ernst & Young objects to the date and place set forth for production of documents

22   as it does not afford adequate time for the production of documents.

23     11. EY objects to any request that would require EY to search backup tapes or drives,

24   deleted data, or legacy data from obsolete systems for responsive documents.  These types of

25   media are not reasonably accessible and would entail undue burden and expense to restore and

26   search.  EY also objects to any request that would require EY to suspend the routine operation of

27   its electronic information systems.

28

EXHIBIT 15
PAGE 146

1        12.    Ernst & Young objects to the instructions and definitions on the grounds that they

2    render the subpoena overly broad, compound, unduly burdensome, oppressive, vague and

3    ambiguous.  Ernst & Young further objects to the instructions and definitions on the ground that

4    they would subject Ernst & Young to oppression, undue burden, and expense to require Ernst &

5    Young and purport to impose on Ernst & Young obligations in excess of the requirements of the

6    Federal Rules of Civil Procedure.

7

8    Dated: November 2, 2007                               ERNST & YOUNG LLP

9

10                                                          By: _____

11                                                              John M. Baran
                                                                Attorney for Non-Party
                                                                ERNST & YOUNG LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT 15
PAGE 142

# EXHIBIT 16

# Deloitte.

Deloitte & Touche USA LLP
1633 Broadway
New York, NY 10019-6754
USA

Tel: +1 212 492 4000
Fax: +1 212 492 4201
www.deloitte.com

November 7, 2007

**Via Facsimile (213) 443-3100 and Mail**

Juan Pablo Alban, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

        Re:    Carter Bryant v. Mattel, Inc.
                <u>Subpoena to Deloitte & Touche USA LLP</u>

Dear Mr. Alban:

I write regarding the subpoena addressed to Deloitte & Touche USA LLP ("Deloitte USA") in the above-referenced matter. As a threshold matter, Deloitte USA does not provide professional services and performed no work for MGA Entertainment, Inc. Deloitte & Touche LLP ("D&T") does provide professional services. Accordingly, the subpoena is objectionable because it is not directed to D&T. Nevertheless, without waiving any objection that the subpoena is improperly directed to D&T USA and not to D&T, and that the two are separate legal entities, I am prepared to discuss the subpoena on behalf of D&T.

D&T is objecting pursuant to Rule 45 of the Federal Rules of Civil Procedure in order to preserve its rights pending such discussions. D&T's objections to the subpoena are as follows:

1.  D&T objects to the subpoena in its entirety as being overly broad on its face, unduly burdensome and oppressive, including, without limitation, to the extent that it seeks to compel the production of voluminous documents for an extended and open-ended period ("from the period beginning January 1, 1999 to the present"). D&T objects to the subpoena to the extent it seeks a production of documents for a time frame outside the scope of the litigation.

2.  Upon information and belief, by virtue of its overbroad nature the subpoena calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Member of
Deloitte Touche Tohmatsu

EXHIBIT 16
PAGE 148

Objections
Page 2

3.  Upon information and belief, many of the documents or the information requested are available from the parties (*see* Requests Nos. 1-3, 5, 6, 8), and D&T, a non-party, should not be put to the time and expense of producing such documents where the plaintiff could obtain the information from the defendants or from its own files.

4.  D&T objects to the subpoena as being overly broad, burdensome and harassing to a non-party to the extent it purports to seek non-party D&T's own *"policies or practices relating to the preservation, retention or destruction of documents sought by or the subject of Requests Nos. 1 through 6"* (*see* Request No. 7), which are wholly irrelevant to the subject matter of the pending litigation and which relate to D&T internal matters.

5.  D&T, a non-party to this action, objects to the subpoena to the extent that it calls for the production of documents that constitute proprietary information, trade secrets and/or other confidential, research, development or commercial information of D&T (including, without limitation, proprietary information in the name of a trade secret such as D&T's audit programs (*see* Request No. 1). Such documents have been developed at great expense to and effort by D&T and their disclosure would be competitively harmful to D&T. No confidentiality stipulation provides adequate protection for their production. Further, such documents are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

6.  D&T objects to Definition [D] to the extent that by use of a broad brush definition of "MGA", such definition is overly broad and purports to encompass more than just the entity itself. As such, the purported definition is so ambiguous and vague that it would make any search for documents impossible. For instance, references to unspecified, undefined or unnamed *"current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control"* as set forth in Definition [D] place not only an undue burden, but also an impossible burden, upon D&T to know the unspecified, undefined or unnamed persons or entities referred to which is impossible and which D&T is not required to do under the Federal Rules of Civil Procedure.

7.  D&T objects to the subpoena to the extent that it purports to require the production of documents that are protected by the accountant-client privilege, the attorney-client privilege, the work product doctrine, the privilege of self-critical analysis or any other applicable privilege, rule, or duty of confidentiality which precludes or limits production or disclosure of information therein.

EXHIBIT 16
PAGE 149

Objections
Page 3

8.  The Deloitte US Firms object to the subpoena to the extent that it purports to require the preservation, review and production of documents and data from legacy data sources, including data sources maintained for disaster-recovery related purposes only, obsolete data, data preserved for matters unrelated to this Request and other non-active data, including data on historic back-up tapes, hard drives and other media in the possession of the Deloitte US Firms which are no longer in use. Generally, such data is not reasonably accessible and likely is duplicative of data available from other active and readily accessible sources. Because of the lack of relevance of such legacy data and the cost associated with searching, preserving and accessing the legacy data sources, the Deloitte US Firms, non-parties to this matter, will not preserve and search legacy data sources in response to this Request.

9.  The subpoena may seek the production of tax returns or tax return information in violation of Section 7216 of the Internal Revenue Code (*see* Request No. 1).

10.  D&T objects to the Definitions and Instructions to the extent they purport to impose any obligations upon D&T beyond those required by the Federal Rules of Civil Procedure.

11.  D&T objects to the subpoena to the extent it calls for the production of any documents that are not in the possession, custody or control of D&T, the partnership entity.

12.  D&T objects to the subpoena to the extent it purports to require D&T to produce documents related to individuals, entities and/or clients that are not at issue in the instant action and/or are not parties to the action, documents related to work unrelated to the subject matter of the action or documents relating to other actions (*see* Request No. 6).

13.  The subpoena requests confidential information of D&T's client and/or D&T. Therefore, D&T objects to the subpoena absent entry of a confidentiality order protecting the confidentiality of the documents. No documents will be produced absent such a confidentiality order.

14.  D&T objects to producing the material sought by the subpoena in the absence of your client's prior written commitment to pay for all reasonable costs of production.

In making the above objections, D&T is not suggesting or implying in any way that it has documents responsive to a particular Request.

Given the above objections, no documents will be produced at this time. Please notify all counsel of record. While I am willing to discuss the scope of the subpoena with you, I

EXHIBIT _1 b_
PAGE _150_

Objections
Page 4

understand that counsel for MGA Entertainment, Inc. may file motions with respect to this subpoena. Accordingly, it seems prudent to postpone our discussions regarding the subpoena until such time as the motions have been resolved. In the interim, it would be helpful if you would send me a copy of the complaint(s), a service list of counsel and a copy of any confidentiality stipulation or protective order in place in the case.

Thank you for your anticipated cooperation.

Very truly yours,

Annica H. Jin-Hendel
Assistant General Counsel

cc: Amy Park, Esq. (by facsimile)

EXHIBIT  16
PAGE 1 5

# EXHIBIT 17

# DAVIS POLK & WARDWELL

1600 EL CAMINO REAL
MENLO PARK, CA 94025
650 752 2000
FAX 650 752 2111

NEW YORK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

NEAL A. POTISCHMAN
650 752 2021
NEAL.POTISCHMAN@DPW.COM

November 23, 2007

Re:   **Non-Party Subpoena in** *Carter Bryant v. Mattel, Inc.*

Juan Pablo Albán, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Dear Mr. Albán:

Per the voice mail that I left for you on November 21, 2007, I represent Wachovia Corporation ("Wachovia") in connection with its response to the third-party subpoena that you apparently signed on October 25 seeking various categories of documents (the "Subpoena").

In order to expedite our response to the Subpoena and to minimize needless burden on Wachovia, I would appreciate it if your office can forward to me as soon as possible copies of the following documents: (1) the operative pleadings in this matter; (2) any protective order(s) that the Court has entered that apply to the production of documents by non-parties, such as Wachovia; (3) any response that you or your firm made to the November 13, 2007 letter from William H. Kiekhofer III; and (4) proof of service on my client of the Subpoena itself.

With respect to Wachovia's substantive response to the Subpoena, we incorporate the substance of Mr. Kiekhofer's letter and reiterate that any production of documents prior to the conclusion of the meet-and-confer process in which the parties currently are engaged, and the conclusion of motion practice that may arise thereafter, would be both inefficient and improper. Once the scope of the Subpoena has been narrowed and clarified, Wachovia will be able to determine whether it needs to move for a protective order and can also prepare objections, search for responsive materials, and produce non-privileged, responsive documents in its possession, if any.

EXHIBIT 17
PAGE 152

Juan Pablo Albán, Esq.                    2                    November 23, 2007

In the interim, however, I also want to make clear that Wachovia objects to the Subpoena, as drafted, in numerous respects. Though no response by my client is even due at this time, we are providing this non-exhaustive list of objections now in the hope that doing so will help facilitate the parties' discussions and lead to a substantial narrowing of the Subpoena's scope:

First, Wachovia objects to the Subpoena's definitions and instructions to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Pennsylvania, or any other applicable rules.

Second, Wachovia objects to the Subpoena's definition of "You" and "Your," which the Subpoena defines to include countless entities and literally hundreds of thousands of individuals. The definition is overly broad, includes entities and individuals over which Wachovia has no control, and attempts to impose obligations beyond those imposed by applicable rules. In this regard, responding to the Subpoena would be impossible; even attempting to respond to it would be unduly burdensome.

Third, Wachovia objects to the Subpoena's definition of "MGA," which the Subpoena likewise defines to include countless entities and individuals. The definition is overly broad and causes the Subpoena to seek extensive information that has no bearing on this litigation, including, for example, all documents relating to any loan that Wachovia has made to any person who has ever had virtually any connection to MGA. Yet again, responding to the Subpoena would be impossible; even attempting to respond to it would be unduly burdensome.

Fourth, Wachovia objects to the Subpoena to the extent that it calls for the production of documents protected from disclosure by various privileges or immunities, including the attorney-client privilege and the work product doctrine.

Fifth, Wachovia objects to the Subpoena because it seeks "all" documents in various categories. Such requests both fail to describe the documents sought with reasonable particularity and also potentially seek innumerable documents that are not reasonably accessible to Wachovia, rendering the Subpoena overly broad, particularly as directed to a non-party. In this regard, responding to the Subpoena would be unduly burdensome.

Sixth, Wachovia objects to the Subopena because it appears to seek extensive information that is not reasonably calculated to lead to the discovery of admissible evidence, including, for example, information that has nothing to do with "Bratz."

Seventh, Wachovia objects to the Subpoena to the extent that it calls for documents that are not within Wachovia's possession, custody or control, or are more appropriately sought from parties, or which are publicly available. Wachovia also objects to the Subpoena to the extent that it seeks documents that

EXHIBIT 17
PAGE 153

Juan Pablo Albán, Esq.                    3                    November 23, 2007

are already in Mattel's possession, custody, or control, or are equally available to Mattel.

Eighth, Wachovia objects to the Subpoena to the extent that it calls for the production of proprietary, commercially-sensitive, or other confidential documents.

Ninth, Wachovia objects to the Subpoena insofar as it calls for documents during a nine-year period and without regard to geographic scope. In this regard, particularly for a non-party, the Subpoena is overbroad and attempting to respond to it would be unduly burdensome.

Tenth, Wachovia objects to the Subpoena to the extent that it is vague, ambiguous, and/or incomprehensible, requiring Wachovia to engage in conjecture as to its meaning.

For all of the foregoing reasons, responding to the Subpoena would impose undue burden and expense on Wachovia.

Wachovia reserves the right to revise or supplement these responses and objections.

I look forward to receiving the materials described in the second paragraph of this letter and to speaking with you at your convenience.

Very truly yours,

Neal A. Potischman

*Admitted to Practice in New York Only*

cc:    Amy S. Park

By Facsimile & Mail

EXHIBIT 17
PAGE 154

# EXHIBIT 18



November 29, 2007

Scott B. Kidman
QUINN EMANUEL
865 S. Figueroa St.
10th Floor
Los Angeles CA 90017

Dear Scott:

You indicated in our telephone conversation of November 19 that you would get back to me with answers to my concerns regarding the subpoena. It has been 9 days and now only 3 business days are left before the December 3 deadline. Therefore, I am assuming that you do not intend to respond. Accordingly, please note that I / ConsumerQuest objects to the subpoena of ConsumerQuest's records on the following grounds:

1) It is an undue burden and an undue expense. The time expense required to meet the needs of the subpoena is enormous. The time requirement is unrealistic. ConsumerQuest will need much more time and reasonable compensation for the labor, lost business, and out of pocket expenses involved in producing these documents.

2) The subpoena appears to ask for documents that are not relevant to your case. It is unclear what the documents you requested have to do with the case. I have nothing to do with the Carter Bryant v. Mattel dispute. Why is ConsumerQuest being targeted?

3) It would seem reasonable to assume that whatever information in these documents that is relevant to your case would be available from the parties in the case. Why should ConsumerQuest be asked to invest time and expense in producing them?

4) Except for projects in the public domain or projects approved by clients for publicizing, all of our work is confidential. This is the inherent nature of custom, proprietary market research. I fail to see how our proprietary market research relates to the dispute you are involved in. It is imperative that confidentiality of our work and of our clients be protected. I am not comfortable violating this sacred principal of my profession. The reputation of my firm and my work is at stake.

5) Our work involves internal ConsumerQuest methods, internal ConsumerQuest secrets, and internal ConsumerQuest processes. These are not available for disclosure, especially to Mattel that has been a client of ConsumerQuest. Such documents have been developed at great expense to and effort by ConsumerQuest and their disclosure would be competitively harmful to ConsumerQuest. No confidentiality stipulation provides adequate protection for their production. Further, because we believe Mattel has copied our work in the past and used it to hurt our firm's success, we object to disclosure or production of such information as requested.

EXHIBIT 18
PAGE 155

6) Some important terms in the subpoena are ambiguous and unclear.  For example, references to "current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control" places not only an undue burden, but also an impossible burden, upon ConsumerQuest.

7) It appears that the subpoena asks for documents that we do not have or control.

8) To the extent they might impose any obligations upon ConsumerQuest beyond those required by the Federal Rules of Civil Procedure, this also is an objection.  Also, it seems that he subpoena seeks documents generated after service of the subpoena, which also seems unreasonable.

Finally, subsequent to our conversation last week, it has come to my attention that MGA's attorneys may file their own objections to this subpoena.  It would probably be best for all parties involved to include MGA's attorneys in any discussions we have regarding this subpoena.

Sincerely,

Cory Schwartz
President


cc:     Amy S. Park, Esq.

EXHIBIT  18
PAGE  156

# EXHIBIT 19

Pillsbury
Winthrop
Shaw
Pittman LLP

50 Fremont Street          MAILING ADDRESS
San Francisco, CA 94105    P. O. Box 7880
Tel 415.983.1000           San Francisco, CA 94120
Fax 415.983.1200           www.pillsburylaw.com

December 4, 2007                                 Albert J. Boro, Jr.
                                                 Phone: 415.983.1436
                                                 albert.boro@pillsburylaw.com

Via Facsimile & Mail

B. Dylan Proctor
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 S. Figueroa St.
10th Floor
Los Angeles, CA 90017

            Re:   Objections to Subpoena (N.D. Ohio) served on Wells Fargo Bank, N.A. in
                  *Bryant v. Mattel, Inc.*, No. 04-9049 SGL (RNBx) (C.D. Cal.)

Dear Mr. Proctor:

This firm represents Wells Fargo Bank, N.A., who you have served with a subpoena for
documents, issued out of the Northern District of Ohio, in the above-captioned case.
Wells Fargo Bank, N.A. hereby serves on you these objections to the inspection and
copying of all of the materials requested by the subpoenas, pursuant to Federal Rule of
Civil Procedure 45.

Wells Fargo Bank, N.A. objects to the subpoena in its entirety, including each of the five
Requests for Documents ("Requests") made therein, on the following grounds:

**OBJECTIONS:**

1.      Wells Fargo Bank, N.A. objects to the subpoena, including but not limited to the
definitions and instructions to the extent that the subpoena seeks to impose a duty upon
Wells Fargo Bank, N.A. to locate, review, and produce documents that are not records of
Wells Fargo Bank, N.A., but may be records of separate entities that are affiliates of
Wells Fargo Bank, N.A., including but not limited to, corporations or corporations or
national banking associations. The subpoena may only properly seek documents of
Wells Fargo Bank, N.A., and obtaining documents of other separate entities, including
but not limited to, corporations or national banking associations that are affiliates of
Wells Fargo Bank, N.A., requires the issuance of subpoenas addressed to those persons
and proper service of the same. Wells Fargo Bank, N.A. also objects to the definition of
"YOU" or "YOUR" used in the subpoena on the basis that it purports to require the
production of documents in the possession, custody, or control of independent

EXHIBIT 19
PAGE 157

B. Dylan Proctor
December 4, 2007
Page 2

contractors, consultants, predecessors or successors in interest, and/or agents, and Wells
Fargo Bank, N.A. will not produce documents from such persons, unless, and only if, the
documents are in its own possession, custody, or control.

2.      Wells Fargo Bank, N.A. objects to the subpoena to the extent that it seeks
documents and information that are not located in the Northern District of Ohio. To the
extent the subpoenaing party is seeking documents from separate entities other than
Wells Fargo Bank, N.A., including but not limited to, corporations or national banking
associations that are affiliates of Wells Fargo Bank, N.A., then Federal Rule of Civil
Procedure 45(a)(2) requires that the subpoena must issue "from the court for the district
in which the production or inspection is to be made."

3.      Wells Fargo Bank, N.A. objects to the subpoena to the extent that it seeks
documents and information protected by the attorney-client privilege, attorney work
product doctrine, joint defense privilege, or any other applicable privilege. The subpoena
is unduly burdensome and oppressive for a nonparty because it has five overbroad
categories of documents requested, contains one overbroad request that has no limitation
on the time period for documents being requested, and provides insufficient time to
respond and prepare a privilege log listing each privileged document individually and the
basis for claiming the privilege. *See* Fed. R. Civ. P. 45(c)(3)(A)(i).

4.      Wells Fargo Bank, N.A. objects to the subpoena because its Requests are vague,
ambiguous, and overbroad, and do not identify the documents sought with sufficient
specificity to enable Wells Fargo Bank, N.A. to identify them and avoid undertaking an
overbroad search entailing an unreasonable and large expense. By way of example and
not limitation, the request for "[a]ll DOCUMENTS REFERRING OR RELATING TO
any other ACCOUNT maintained by YOU that . . . concerns MGA" (Request 3) is vague,
ambiguous, and overbroad because it cannot be determined what "concerns" MGA.
Request 4 is similarly vague, ambiguous and overbroad by using the phrase "concerning
MGA." Further, by way of example and not limitation, the requests that include the
phrase "REFERRING OR RELATING TO" (Requests 1, 2 and 3) are vague, ambiguous,
and overbroad because the definition of "REFERRING OR RELATING TO" is so
encompassing and broad that it cannot be determined what is responsive. Moreover, by
way of example and not limitation, the request for "DOCUMENTS sufficient to show the
account number" (Request 4) is vague and ambiguous because a determination of what is
"sufficient" is subjective and undefined.

5.      Wells Fargo Bank, N.A. objects to the subpoena as imposing undue and unfair
financial burdens on it as a nonparty because it allows insufficient time for Wells Fargo

EXHIBIT 19
PAGE 158

B. Dylan Proctor
December 4, 2007
Page 3

Bank, N.A. to locate and review the requested documents. *See* Fed. R. Civ. P. 45(c)(3)(A). The subpoena calls for production to A1 Investigations, 114 North West Street, Suite 204 in Lima, Ohio on December 5, 2007, but this is insufficient time for Wells Fargo Bank, N.A. to comply with the subpoena. Wells Fargo Bank, N.A. further objects to the subpoena because it requires the production of documents in Lima, Ohio and that location is not convenient for Wells Fargo Bank, N.A. The choice of location appears to be vexatious and harrassing. Based on Wells Fargo Bank, N.A.'s initial review, Wells Fargo Bank, N.A. believes that many of the potentially responsive documents are not located in Ohio.

6.      Wells Fargo Bank, N.A. objects to the subpoena because it seeks information that is confidential, private, proprietary, or trade secret information. Wells Fargo Bank, N.A. would be damaged by this information becoming public, and/or being made available to its competitors and suppliers or vendors and potential suppliers or vendors. Wells Fargo Bank, N.A. will not produce its nonpublic, confidential, and/or trade secret documents until an appropriate protective order has been agreed to by the parties and entered by the Court. Any protective order pursuant to which any documents will be produced should have provisions protecting the confidentiality of third-party documents, such as those requested from Wells Fargo Bank, N.A., so that Wells Fargo Bank, N.A. would not be unfairly burdened with having to undertake substantial attorneys' fees to prevent the unsealing of its confidential, private, proprietary, or trade secret documents produced in this litigation.

7.      Wells Fargo Bank, N.A. objects to the subpoena because it seeks confidential, private, proprietary, or trade secret information of its customers, including MGA. Production of such material should be pursuant to a protective order. Wells Fargo Bank, N.A., MGA and the subpoenaing party should meet and confer regarding the production of MGA's confidential, private, proprietary, or trade secret information.

8.      Wells Fargo Bank, N.A. objects to the subpoena because it seeks confidential, private, or proprietary information of individuals or customers of MGA. The subpoenaing party should provide notice to individuals or customers of MGA that their confidential, private or proprietary information is being requested by the subpoena.

9.      Wells Fargo Bank, N.A. objects to the subpoena as imposing undue and unfair financial burdens on it as a nonparty. Prior to undertaking a costly search to determine if it has responsive documents, Wells Fargo Bank, N.A. demands that the subpoenaing party agree to reimburse Wells Fargo Bank, N.A. for its normal costs of locating and

EXHIBIT ____19____
PAGE ___159___

B. Dylan Proctor
December 4, 2007
Page 4

producing records of $2.00 per item and $25.00 per hour for research and copying time. *See* Fed. R. Civ. P. 45(c)(2)(B).

Wells Fargo Bank, N.A. is willing to meet and confer with you about narrowing of the scope and breadth of the subpoena and the timing of production of documents in order to address these objections.

Very truly yours,

*Albert J. Boro, Jr.* /PT

Albert J. Boro, Jr.

cc:     Thomas J. Nolan, Skadden, Arps, Slate, Meagher & Flom LLP (*via facsimile*)
        Raoul D. Kennedy, Skadden, Arps, Slate, Meagher & Flom LLP (*via facsimile*)
        Amy S. Park, Skadden, Arps, Slate, Meagher & Flom LLP (*via facsimile*)
        John W. Keker, Keker & Van Nest, LLP (*via facsimile*)
        Michael H. Page, Keker & Van Nest, LLP (*via facsimile*)
        Christina M. Anderson, Keker & Van Nest, LLP (*via facsimile*)
        Mark E. Overland, Overland Borenstein Scheper & Kim LLP (*via facsimile*)
        Alexander H. Cote, Overland Borenstein Scheper & Kim LLP (*via facsimile*)
        David C. Scheper, Overland Borenstein Scheper & Kim LLP (*via facsimile*)

EXHIBIT 19
PAGE 100

# EXHIBIT 20

# MOSS ADAMS LLP

CERTIFIED PUBLIC ACCOUNTANTS | BUSINESS CONSULTANTS

www.mossadams.com

December 12, 2007

## VIA FACSIMILE AND REGULAR MAIL

John B. Quinn
QUINN EMANUEL URQUHARD OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:    Subpoena to Moss Adams LLP in
       *Carter Bryant v. Mattel, Inc*

Dear Mr. Quinn:

This letter constitutes the objections of Moss Adams LLP ("Moss Adams") to the above-referenced subpoena pursuant to Fed. R. Civ. Proc. 45(c).

As directed by MGA Entertainment, Inc and Isaac and Angela Larian, Moss Adams' objections to the subpoena are as follows:

1.     The subpoena seeks documents not relevant to the subject matter involved in the pending litigation.

2.     The subpoena is unduly broad and burdensome.

3.     The subpoena seeks the production of tax returns or tax return information, the production of which would violate Section 7216 of the Internal Revenue Code and/or state statutes prohibiting the production of such materials. Moss Adams is prohibited by law from producing such materials absent express waiver of statutory protection by Moss Adams' client or an order of the Court.

4.     The subpoena seeks documents containing confidential and proprietary business information. Specifically, Request # 17 which asks for "DOCUMENTS sufficient to show YOUR policies or practices relating to the preservation, retention or destruction of DOCUMENTS sought by or the subject of Request Nos. 1 through 14."

1999 Third Avenue, Suite 2700
Seattle, WA 98104-4019

**EXHIBIT 20**
**PAGE 161**

**MOSS-ADAMS** LLP

CERTIFIED PUBLIC ACCOUNTANTS | BUSINESS CONSULTANTS

John B. Quinn
December 12, 2007
Page 2 of 2

Subject to and without waiver of these objections, Moss Adams is prepared to produce the records as agreed to by the parties, or as ordered by the court.

Sincerely,

Scott A. Kallander
General Counsel

cc:    Amy Park (via facsimile)

EXHIBIT 20
PAGE 162

# EXHIBIT 21

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA 94111
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698

8
   Attorneys for Counter-Defendants,
9  MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12
                          EASTERN DIVISION
13  CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                          )
14             Plaintiff,                 )  Consolidated with Case No. 04-9059
                                          )  and Case No. 05-2727
15       v.                               )
                                          )  OBJECTIONS OF MGA
16  MATTEL, INC., a Delaware              )  ENTERTAINMENT, INC.,
    corporation                           )  ISAAC LARIAN, MGA
17                                         )  ENTERTAINMENT (HK)
               Defendant.                 )  LIMITED, AND MGAE DE
18                                         )  MEXICO S.R.L. DE C.V. TO
                                          )  MATTEL INC.'S SUBPOENA
19                                         )  TO ERNST & YOUNG
                                          )
20                                         )
                                          )
21                                         )  Honorable Stephen G. Larson
                                          )  Courtroom 1
22                                         )
                                          )
23  ─────────────────────────────────────  )
    Consolidated with MATTEL, INC. v.      )
24  BRYANT and MGA                         )
    ENTERTAINMENT, INC. v.                 )
25  MATTEL, INC.                           )
                                          )
26
27
28
                        OBJECTIONS OF THE MGA ENTITIES TO
        MATTEL'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY ERNST & YOUNG
                              EXHIBIT  21
                              PAGE  163

1    MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

2  Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Entities") hereby

3  respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents

4  (the "Requests" or the "Subpoena"), served on Ernst & Young, as follows:

5                           **GENERAL OBJECTIONS**

6          1.    The MGA Entities object to the Subpoena and each and every

7  Request to the extent that they seek documents that are protected from disclosure by

8  any applicable privilege, doctrine or right, including without limitation the attorney-

9  client privilege, the work product doctrine, the right of privacy, which is protected by

10  virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1

11  of the California Constitution, and all other rights and privileges recognized under

12  the constitutional, statutory or decisional law of the United States, the State of

13  California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is

14  intended to or shall operate as a waiver by the MGA Entities, intentionally or

15  otherwise, of the attorney-client privilege, work product doctrine protection, or any

16  other applicable privilege, doctrine or immunity protecting the communications,

17  transactions or records of the MGA Entities or any other person from disclosure.

18          2.    The MGA Entities object to the Subpoena and each and every

19  Request to the extent that they seek documents that are protected from disclosure by

20  the accountant-client privilege.

21          3.    The MGA Entities object to the Subpoena and each and every

22  Request to the extent that they seek documents that are protected from disclosure by

23  applicable federal and state tax return privileges.  *See, e.g., Premium Service Corp. v.*

24  *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

25  *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.

26  2006); Aliotti v. Senora, 217 FRD 496 , 498 (N.D. Cal. 2003); *San Francisco Bay*

27  *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681 , **3-4 (N.D.

28                                    1

1 | Cal. 2006). *See also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957);
2 | *Sav-On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.
3 | App. 3d 557, 562 (1982).

4 |         4.      The MGA Entities object to the Subpoena and each and every
5 | Request to the extent that they seek the production of documents that contain trade
6 | secrets, confidential, commercially sensitive and/or other proprietary or competitive
7 | information that is subject to Ernst & Young's, the MGA Entities', or any other
8 | person's constitutional, statutory or common law right of privacy or protection.  The
9 | MGA Entities object to the production of any such documents, to the extent they
10 | exist.

11 |         5.      The MGA Entities object to the Subpoena and each and every
12 | Request to the extent that they seek documents that are not relevant to the subject
13 | matter of this litigation and/or are not reasonably calculated to lead to the discovery
14 | of admissible evidence.  The MGA Entities' response to any Request that seeks
15 | documents beyond that scope shall not be deemed an admission or acknowledgment
16 | that such Request calls for information relevant to the subject matter of this action
17 | and is without prejudice to the MGA Entities' right to contend at any other time that
18 | the requested documents are irrelevant, immaterial or otherwise objectionable.

19 |         6.      The MGA Entities object to the Subpoena and each and every
20 | Request insofar as they seek the production of documents that, by reason of public
21 | filing, other public availability, or otherwise, are already in Plaintiff's possession,
22 | custody or control.

23 |         7.      The MGA Entities object to the Subpoena and each and every
24 | Request (including the Definitions) to the extent that they are overbroad, otherwise
25 | unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant,
26 | duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly
27 | burdensome, thereby rendering the Subpoena unenforceable.  *See, e.g.,* Fed. R. Civ.

28 |

EXHIBIT  21
PAGE  110S

1   P. 45(c)(l) ("A party or an attorney responsible for the issuance and service of a

2   subpoena shall take reasonable steps to avoid imposing undue burden or expense on

3   a person subject to that subpoena."); *High Tech Medical Instrumentation v. New*

4   *Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long

5   held that nonparties subject to discovery requests deserve extra protection from the

6   courts.").

7              8.      The MGA Entities object to the Subpoena and each and every

8   Request insofar as they seek the production of documents that are more easily

9   obtained from other entities, including the parties to this action.

10             9.      The MGA Entities object to the Subpoena and each and every

11  Request to the extent they seek production of documents that have already been

12  produced to Plaintiff, whether in these proceedings or any others.

13             10.     The MGA Entities object to the Definitions on the grounds that

14  they are vague, unclear or overbroad and, when applied to the Requests, purport to

15  impose obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure.

16  The MGA Entities specifically object to the following definitions:

17             (a)     The MGA Entities object to the term "MGA" as vague,

18  ambiguous, overbroad, and unduly burdensome.  The definition includes "MGA

19  Entertainment, Inc., any of its current or former employees, officers, directors,

20  agents, representatives, attorneys, accountants, vendors, consultants, independent

21  contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-

22  interest and successors-in-interest, and any other person acting on its behalf,

23  pursuant to its authority or subject to its control. . . [including] ABC International

24  Traders, Inc. . . . . [and] Isaac Larian."  In many instances, it is impossible for the

25  MGA Entities, much less Ernst & Young, to know whether a particular person

26  comes within this definition unless that person or entity at some point in time held

27  himself or herself out as such.  The MGA Entities additionally object to these terms

28                                                3

1  because they call for legal conclusions.

2      (b)    The MGA Entities object to the definition of the term
3  "BRATZ" as vague, ambiguous, overly broad and unduly burdensome, and
4  designed to mislead and confuse the trier of fact.  The definition includes "any
5  project, product, doll or DESIGN ever known by [the Bratz] name (whether in
6  whole or in part and regardless of what such project, product or doll is or has been
7  also, previously or subsequently called) and any product, doll or DESIGN or any
8  portion thereof that is now or has ever been known as, or sold or marketed under,
9  the name or term 'Bratz' (whether in whole or in part and regardless of what such
10  product, doll or DESIGN or portion thereof is or has been also, previously or
11  subsequently called) or that is now or has ever been marketed as part of the 'Bratz'
12  line, and each version or iteration of such product, doll or DESIGN or any portion
13  thereof," and it goes on.  By incorporating the definition of "DESIGN," the overly
14  broad definition of "BRATZ" includes two-dimensional and three-dimensional
15  representations, including "works, designs, artwork, sketches, drawings, illustrations,
16  representations, depictions, blueprints, schematics, diagrams, images, sculptures,
17  prototypes, models, samples, rotocasts, reductions to practice, developments,
18  inventions and/or improvements . . . ."  These convoluted and multi-part definitions
19  combine to render the document requests that refer to the term vague, ambiguous
20  and overly broad, and to include within the term "BRATZ" things that do not fairly
21  represent the Bratz line of dolls, accessories and related products that are the subject
22  of this case.

23

24      (c)    The MGA Entities object to the term "FARHAD LARIAN
25  DISPUTES" on the grounds that it is overbroad and refers to, purports to encompass,
26  and as used in these requests purports to call for documents that are not relevant to
27  the subject matter of this action or reasonably calculated to lead to the discovery of

28                               4

1 | admissible evidence.

2 |        11.    The MGA Entities object to the Requests to the extent that they

3 | purport to impose on it any requirements not imposed by the Federal Rules of Civil

4 | Procedure. Federal Rule of Civil Procedure 45(d)(l) requires only that "[a] person

5 | responding to a subpoena to produce documents shall produce them as they are kept

6 | in the usual course of business or shall organize and label them to correspond with

7 | the categories in the demand."

8 |        12.    The MGA Entities object to the Subpoena and each and every

9 | Request to the extent they seek production of documents generated after service of

10 | the Subpoena.

11 |        13.    Except as otherwise stated below, an objection to a specific

12 | document Request does not imply that documents responsive to that category exist or

13 | that the MGA Entities accept the purported factual predicate for any Request.

14 |        14.    Without waiving any of the foregoing General Objections, each

15 | of which is expressly incorporated into each individual response as if fully stated

16 | therein, the MGA Entities object to each and every specific Request for documents,

17 | subject to the following additional express reservations of rights:

18 |        a.    The right to object on any and all grounds, at any time, to

19 | these or any other requests for production and inspection of documents or other

20 | discovery procedures involving or relating to the subject matter of the Requests,

21 | including by way of a motion to quash or modify the subpoena or a motion for a

22 | protective order; and

23 |        b.    The right at any time to revise, correct, supplement or

24 | clarify any of the responses and objections propounded herein.

25 |

26 |

27 |

28 |

# SPECIFIC OBJECTIONS AND RESPONSES

1

2  REQUEST NO. 1

3      All documents constituting or relating to MGA's annual audits, including

4  without limitation accounting records, audit programs, audit reports and drafts

5  thereof, tax returns, work papers, worksheets, payroll records, financial projections,

6  pro formas and budgets, from the period beginning January 1, 1999 to the present.

7  RESPONSE TO REQUEST NO. 1:

8      The MGA Entities incorporate by reference their General Objections as

9  though fully set forth herein.  The MGA Entities further object to the extent that this

10 request seeks information that is protected from disclosure under the attorney-client

11 privilege, the work product doctrine and/or the joint interest privilege.  The MGA

12 Entities further object to this request to the extent it seeks documents protected by

13 the accountant-client privilege.  The MGA Entities further object to the request on

14 the grounds that it seeks documents protected from disclosure by applicable federal

15 and state tax return privileges.  The MGA Entities further object to this request to the

16 extent that it seeks documents that contain trade secrets, confidential, commercially

17 sensitive and/or other proprietary or competitive information that is subject to the

18 MGA Entities' or any other person's constitutional, statutory or common law right of

19 privacy or protection.  The MGA Entities further object that this request calls for the

20 production of documents that are not relevant to the subject matter involved in the

21 pending litigation or reasonably calculated to lead to the discovery of admissible

22 evidence.  The MGA Entities further object to this request as being overly broad,

23 burdensome and harassing to a non-party to the extent that it seeks to force Ernst &

24 Young to produce documents or information available from parties to the litigation.

25 The MGA Entities further object to this request on the grounds that it is overbroad as

26 to subject matter and time; in particular, the MGA Entities object to the definition of

27 "MGA," on the grounds that it is overbroad.  The MGA Entities further object on the

28

6

1  grounds that this request is vague, ambiguous and overbroad, particularly as to the

2  meaning of "relating to," "accounting records," "audit programs," "audit reports,"

3  "work papers," "worksheets," "financial projections," "pro formas" and "budgets."

4  REQUEST NO. 2:

5      To the extent not included in your production responsive to Request No. 1, all

6  documents indicating or calculating MGA's net worth.

7  RESPONSE TO REQUEST NO. 2:

8      The MGA Entities incorporate by reference their General Objections as

9  though fully set forth herein.  The MGA Entities further object to the extent that this

10  request seeks information that is protected from disclosure under the attorney-client

11  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

12  Entities further object to this request to the extent it seeks documents protected by

13  the accountant-client privilege.  The MGA Entities further object to the request on

14  the grounds that it seeks documents protected from disclosure by applicable federal

15  and state tax return privileges.  The MGA Entities further object to this request to the

16  extent that it seeks documents that contain trade secrets, confidential, commercially

17  sensitive and/or other proprietary or competitive information that is subject to the

18  MGA Entities'  or any other person's constitutional, statutory or common law right

19  of privacy or protection.  The MGA Entities further object that this request calls for

20  the production of documents that are not relevant to the subject matter involved in

21  the pending litigation or reasonably calculated to lead to the discovery of admissible

22  evidence.  The MGA Entities further object to this request as being overly broad,

23  burdensome and harassing to a non-party to the extent that it seeks to force Ernst &

24  Young to produce documents or information available from parties to the litigation.

25  The MGA Entities further object to this request on the grounds that it is overbroad as

26  to subject matter and time; in particular, the MGA Entities object to the definition of

27  "MGA," on the grounds that it is overbroad.  The MGA Entities further object on the

28

7

1 | grounds that this request is vague, ambiguous and overbroad, particularly as to the
2 | meaning of "indicating."
3 | REQUEST NO. 3:
4 | To the extent not included in your production responsive to Request Nos. 1-2,
5 | all documents indicating or calculating the value of MGA's intellectual property or
6 | goodwill.
7 | RESPONSE TO REQUEST NO. 3:
8 | The MGA Entities incorporate by reference their General Objections as
9 | though fully set forth herein. The MGA Entities further object to the extent that this
10 | request seeks information that is protected from disclosure under the attorney-client
11 | privilege, the work product doctrine and/or the joint interest privilege. The MGA
12 | Entities further object to this request to the extent it seeks documents protected by
13 | the accountant-client privilege. The MGA Entities further object to the request on
14 | the grounds that it seeks documents protected from disclosure by applicable federal
15 | and state tax return privileges. The MGA Entities further object to this request to the
16 | extent that it seeks documents that contain trade secrets, confidential, commercially
17 | sensitive and/or other proprietary or competitive information that is subject to the
18 | MGA Entities' or any other person's constitutional, statutory or common law right of
19 | privacy or protection. The MGA Entities further object that this request calls for the
20 | production of documents that are not relevant to the subject matter involved in the
21 | pending litigation or reasonably calculated to lead to the discovery of admissible
22 | evidence. The MGA Entities further object to this request as being overly broad,
23 | burdensome and harassing to a non-party to the extent that it seeks to force Ernst &
24 | Young to produce documents or information available from parties to the litigation.
25 | The MGA Entities further object to this request on the grounds that it is overbroad as
26 | to subject matter and time; in particular, the MGA Entities object to the definition of
27 | "MGA," on the grounds that it is overbroad. The MGA Entities further object on the
28 |

8

1  grounds that this request is vague, ambiguous and overbroad, particularly as to the

2  meaning of "indicating," and "goodwill."

3  REQUEST NO. 4:

4       All documents relating to BRATZ that YOU obtained from MGA or otherwise

5  since January 1, 1999.

6  RESPONSE TO REQUEST NO. 4:

7       The MGA Entities incorporate by reference their General Objections as

8  though fully set forth herein.  The MGA Entities further object to the extent that this

9  request seeks information that is protected from disclosure under the attorney-client

10 privilege, the work product doctrine and/or the joint interest privilege.  The MGA

11 Entities further object to this request to the extent it seeks documents protected by

12 the accountant-client privilege.  The MGA Entities further object to the request on

13 the grounds that it seeks documents protected from disclosure by applicable federal

14 and state tax return privileges.  The MGA Entities further object to this request to the

15 extent that it seeks documents that contain trade secrets, confidential, commercially

16 sensitive and/or other proprietary or competitive information that is subject to the

17 MGA Entities' or any other person's constitutional, statutory or common law right of

18 privacy or protection.  The MGA Entities further object that this request calls for the

19 production of documents that are not relevant to the subject matter involved in the

20 pending litigation or reasonably calculated to lead to the discovery of admissible

21 evidence.  The MGA Entities further object to this request as being overly broad,

22 burdensome and harassing to a non-party to the extent that it seeks to force Ernst &

23 Young to produce documents or information available from parties to the litigation.

24 The MGA Entities further object to this request on the grounds that it is overbroad as

25 to subject matter and time; in particular, the MGA Entities object to the definitions of

26 "MGA" and "BRATZ" as vague, ambiguous, overbroad and designed to mislead and

27

28

9

1  confuse the trier of fact.  The MGA Entities further object on the grounds that this

2  request is vague and ambiguous, particularly as to the meaning of "relating to."

3  REQUEST NO. 5:

4        Any documents relating to the MATTEL ACTION.

5  RESPONSE TO REQUEST NO. 5:

6        The MGA Entities incorporate by reference their General Objections as

7  though fully set forth herein.  The MGA Entities further object to the extent that this

8  request seeks information that is protected from disclosure under the attorney-client

9  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

10 Entities further object to this request to the extent it seeks documents protected by

11 the accountant-client privilege.  The MGA Entities further object to the request on

12 the grounds that it seeks documents protected from disclosure by applicable federal

13 and state tax return privileges.  The MGA Entities further object to this request to the

14 extent that it seeks documents that contain trade secrets, confidential, commercially

15 sensitive and/or other proprietary or competitive information that is subject to the

16 MGA Entities' or any other person's constitutional, statutory or common law right of

17 privacy or protection.  The MGA Entities further object that this request calls for the

18 production of documents that are not relevant to the subject matter involved in the

19 pending litigation or reasonably calculated to lead to the discovery of admissible

20 evidence.  The MGA Entities further object to this request as being overly broad,

21 burdensome and harassing to a non-party to the extent that it seeks to force Ernst &

22 Young to produce documents or information available from parties to the litigation.

23 The MGA Entities further object to this request on the grounds that it is overbroad as

24 to subject matter and time.  The MGA Entities further object on the grounds that this

25 request is vague, ambiguous and overbroad, particularly as to the meaning of

26 "relating to."

27

28

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PRODI    **EXHIBIT  1 )**    O NON-PARTY ERNST & YOUNG
**PAGE 1 93**

1 REQUEST NO. 6:

2      All documents relating to the FARHAD LARIAN DISPUTES, including

3 without limitation any discovery requests received by YOU in connection therewith

4 and any communications between YOU and counsel for Farhad Larian or counsel for

5 Isaac Larian.

6 RESPONSE TO REQUEST NO. 6:

7      The MGA Entities incorporate by reference their General Objections as

8 though fully set forth herein. The MGA Entities further object to the extent that this

9 request seeks information that is protected from disclosure under the attorney-client

10 privilege, the work product doctrine and/or the joint interest privilege. The MGA

11 Entities further object to this request to the extent it seeks documents protected by

12 the accountant-client privilege. The MGA Entities further object to the request on

13 the grounds that it seeks documents protected from disclosure by applicable federal

14 and state tax return privileges. The MGA Entities further object to this request to the

15 extent that it seeks documents that contain trade secrets, confidential, commercially

16 sensitive and/or other proprietary or competitive information that is subject to the

17 MGA Entities' or any other person's constitutional, statutory or common law right of

18 privacy or protection. The MGA Entities further object that this request calls for the

19 production of documents that are not relevant to the subject matter involved in the

20 pending litigation or reasonably calculated to lead to the discovery of admissible

21 evidence. The MGA Entities further object to this request as being overly broad,

22 burdensome and harassing to a non-party to the extent that it seeks to force Ernst &

23 Young to produce documents or information available from parties to the litigation.

24 The MGA Entities further object to this request on the grounds that it is overbroad as

25 to subject matter and time; in particular, the MGA Entities object to the definition of

26 "FARHAD LARIAN DISPUTES," on the grounds that it is overbroad and refers to,

27 purports to encompass, and purports to call for, documents that are not relevant to

28

11

1  the subject matter of this action or reasonably calculated to lead to the discovery of

2  admissible evidence.  The MGA Entities further object on the grounds that this

3  request is vague, ambiguous and overbroad, particularly as to the meaning of

4  "relating to."

5  REQUEST NO. 7:

6       Documents sufficient to show YOUR policies or practices relating to the

7  preservation, retention or destruction of documents sought by or the subject of

8  Request Nos. 1 through 6.

9  RESPONSE TO REQUEST NO. 7:

10       The MGA Entities incorporate by reference their General Objections as

11  though fully set forth herein.  The MGA Entities further object to the extent that this

12  request seeks information that is protected from disclosure under the attorney-client

13  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

14  Entities further object to this request to the extent it seeks documents protected by

15  the accountant-client privilege.  The MGA Entities further object to the request on

16  the grounds that it seeks documents protected from disclosure by applicable federal

17  and state tax return privileges.  The MGA Entities further object to this request to the

18  extent that it seeks documents that contain trade secrets, confidential, commercially

19  sensitive and/or other proprietary or competitive information that is subject to the

20  MGA Entities' or any other person's constitutional, statutory or common law right of

21  privacy or protection.  The MGA Entities further object that this request calls for the

22  production of documents that are not relevant to the subject matter involved in the

23  pending litigation or reasonably calculated to lead to the discovery of admissible

24  evidence.  The MGA Entities further object to this request on the grounds that it is

25  overbroad as to subject matter and time.  The MGA Entities further object on the

26  grounds that this request is vague, ambiguous and overbroad, particularly as to the

27  meaning of "sufficient to show" and "relating to."

28

12

1 | REQUEST NO. 8:

2 |     Documents sufficient to identify any other person or company who has served

3 | as MGA's auditor(s) or accountant(s) since January 1, 1999.

4 | RESPONSE TO REQUEST NO. 8:

5 |     The MGA Entities incorporate by reference their General Objections as

6 | though fully set forth herein. The MGA Entities further object to the extent that this

7 | request seeks information that is protected from disclosure under the attorney-client

8 | privilege, the work product doctrine and/or the joint interest privilege. The MGA

9 | Entities further object to this request to the extent it seeks documents protected by

10 | the accountant-client privilege. The MGA Entities further object to the request on

11 | the grounds that it seeks documents protected from disclosure by applicable federal

12 | and state tax return privileges. The MGA Entities further object to this request to the

13 | extent that it seeks documents that contain trade secrets, confidential, commercially

14 | sensitive and/or other proprietary or competitive information that is subject to the

15 | MGA Entities' or any other person's constitutional, statutory or common law right of

16 | privacy or protection. The MGA Entities further object that this request calls for the

17 | production of documents that are not relevant to the subject matter involved in the

18 | pending litigation or reasonably calculated to lead to the discovery of admissible

19 | evidence. The MGA Entities further object to this request as being overly broad,

20 | burdensome and harassing to a non-party to the extent that it seeks to force Ernst &

21 | Young to produce documents or information available from parties to the litigation.

22 | The MGA Entities further object to this request on the grounds that it is overbroad as

23 | to subject matter and time. The MGA Entities further object on the grounds that this

24 | request is vague, ambiguous and overbroad, particularly as to the meaning of

25 | "sufficient to identify."

26 |

27 |

28 |

13

1

2  DATED:  November 26, 2007

3                                        SKADDEN, ARPS, SLATE, MEAGHER &
                                         FLOM, LLP
4
                                         By: _____
5                                              Thomas J. Nolan
                                         Attorneys for Counter-Defendants, MGA
6                                        ENTERTAINMENT, INC., ISAAC LARIAN,
                                         MGA ENTERTAINMENT (HK) LIMITED,
7                                        AND MGAE de MEXICO S.R.L. de C.V.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PR...    ...S TO NON-PARTY ERNST & YOUNG
254855-Palo Alto Server 1A - MSW

EXHIBIT 21
PAGE 177

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On November 26, 2007, I served the foregoing document described as:

OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO ERNST & YOUNG

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]    (BY PERSONAL SERVICE)    ☐    By personally delivering a copy to the person served. (FEDERAL) (As Noted.)

[X]    I caused such document to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X]    BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on November 26, 2007, at Los Angeles, California.

Allison G. Velkes
PRINT NAME                           SIGNATURE

EXHIBIT 21
PAGE 178

1                           <u>SERVICE LIST</u>

2

3   John B. Quinn, Esq.                John W. Keker, Esq.
    Michael T. Zeller, Esq.            Michael H. Page, Esq.

4   Jon D. Corey, Esq.                Keker & Van Nest, LLP
    Timothy L. Alger, Esq.            710 Sansome Street

5   Quinn Emanuel Urquhart Oliver &    San Francisco, CA  94111
    Hedges, LLP                     (415)  391-5400

6   865 South Figueroa Street, 10th Floor   (415)  397-7188 (Fax)
    Los Angeles, CA  90017-2543

7   (213)  443-3000                Attorneys for Carter Bryant
    (213)  443-3100 (Fax)           [Federal Express]

8

9   Attorneys for Mattel, Inc.
    [Personal Service]

10

11

12   Mark E. Overland, Esq.           John M. Baran, Esq.
    Alexander H. Cote, Esq.          Ernst & Young  LLP

13   David C. Scheper, Esq.           725 South Figueroa Street, Suite 300
    Overland Borenstein Scheper & Kim   Los Angeles, CA  90017

14   300 South Grand Avenue, Suite 2750
    Los Angeles, CA  90071         Attorneys for Ernst & Young LLP

15   (213)  613-4655                [Federal Express]
    (213)  613-4656 (Fax)

16   Attorneys for Carlos Gustavo Machado
    Gomez

17   [Federal Express]

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE                                           NO. CV 04-9049 SGL (RNBx)

EXHIBIT 21
PAGE 179

# EXHIBIT 22

1 | THOMAS J. NOLAN (Bar No. 066992)
  | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
  | Los Angeles, California 90071-3144
3 | Telephone:  (213) 687-5000
  | Facsimile:   (213) 687-5600
4 | E-mail:   tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
  | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
  | San Francisco, CA  94111
7 | Telephone: (415) 984-6400
  | Facsimile:  (415) 984-2698

8 |

9 | Attorneys for Counter-Defendants,
  | MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
  | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

10 |

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO DELOITTE & TOUCHE** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY DELOITTE & TOUCHE

**EXHIBIT 22**
**PAGE 180**

1   MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

2   Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Entities") hereby

3   respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents he

4   "Requests" or the "Subpoena"), served on Deloitte & Touche ("D&T"), as follows:

5   **GENERAL OBJECTIONS**

6           1.      The MGA Entities object to the Subpoena and each and every

7   Request to the extent that they seek documents that are protected from disclosure by

8   any applicable privilege, doctrine or right, including without limitation the attorney-

9   client privilege, the work product doctrine, the right of privacy, which is protected by

10  virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1

11  of the California Constitution, and all other rights and privileges recognized under

12  the constitutional, statutory or decisional law of the United States, the State of

13  California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is

14  intended to or shall operate as a waiver by the MGA Entities, intentionally or

15  otherwise, of the attorney-client privilege, work product doctrine protection, or any

16  other applicable privilege, doctrine or immunity protecting the communications,

17  transactions or records of the MGA Entities or any other person from disclosure.

18          2.      The MGA Entities object to the Subpoena and each and every

19  Request to the extent that they seek documents that are protected from disclosure by

20  the accountant-client privilege.

21          3.      The MGA Entities object to the Subpoena and each and every

22  Request to the extent that they seek documents that are protected from disclosure by

23  applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v.*

24  *Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California*

25  *Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal.

26  2006); Aliotti v. Senora, 217 FRD 496 , 498 (N.D. Cal. 2003); *San Francisco Bay*

27  *Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681 , **3-4 (N.D.

28

1

1  Cal. 2006).  *See also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957);

2  *Sav-On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal.

3  App. 3d 557, 562 (1982).

4       4.    The MGA Entities object to the Subpoena and each and every

5  Request to the extent that they seek the production of documents that contain trade

6  secrets, confidential, commercially sensitive and/or other proprietary or competitive

7  information that is subject to D&T's, the MGA Entities', or any other person's

8  constitutional, statutory or common law right of privacy or protection.  The MGA

9  Entities object to the production of any such documents, to the extent they exist.

10      5.    The MGA Entities object to the Subpoena and each and every

11  Request to the extent that they seek documents that are not relevant to the subject

12  matter of this litigation and/or are not reasonably calculated to lead to the discovery

13  of admissible evidence.  The MGA Entities' response to any Request that seeks

14  documents beyond that scope shall not be deemed an admission or acknowledgment

15  that such Request calls for information relevant to the subject matter of this action

16  and is without prejudice to the MGA Entities' right to contend at any other time that

17  the requested documents are irrelevant, immaterial or otherwise objectionable.

18      6.    The MGA Entities object to the Subpoena and each and every

19  Request insofar as they seek the production of documents that, by reason of public

20  filing, other public availability, or otherwise, are already in Plaintiff's possession,

21  custody or control.

22      7.    The MGA Entities object to the Subpoena and each and every

23  Request (including the Definitions) to the extent that they are overbroad, otherwise

24  unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant,

25  duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly

26  burdensome, thereby rendering the Subpoena unenforceable.  *See, e.g.,* Fed. R. Civ.

27  P. 45(c)(l) ("A party or an attorney responsible for the issuance and service of a

28

---

2

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PRO      ) NON-PARTY DELOITTE & TOUCHE

EXHIBIT  22
PAGE  182

1  subpoena shall take reasonable steps to avoid imposing undue burden or expense on

2  a person subject to that subpoena."); *High Tech Medical Instrumentation v. New*

3  *Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long

4  held that nonparties subject to discovery requests deserve extra protection from the

5  courts.").

6      8.    The MGA Entities object to the Subpoena and each and every

7  Request insofar as they seek the production of documents that are more easily

8  obtained from other entities, including the parties to this action.

9      9.    The MGA Entities object to the Subpoena and each and every

10  Request to the extent they seek production of documents that have already been

11  produced to Plaintiff, whether in these proceedings or any others.

12      10.   The MGA Entities object to the Definitions on the grounds that

13  they are vague, unclear or overbroad and, when applied to the Requests, purport to

14  impose obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure.

15  The MGA Entities specifically object to the following definitions:

16      (a)    The MGA Entities object to the term "MGA" as vague,

17  ambiguous, overbroad, and unduly burdensome.  The definition includes "MGA

18  Entertainment, Inc., any of its current or former employees, officers, directors,

19  agents, representatives, attorneys, accountants, vendors, consultants, independent

20  contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-

21  interest and successors-in-interest, and any other person acting on its behalf,

22  pursuant to its authority or subject to its control. . . [including] ABC International

23  Traders, Inc. . . . [and] Isaac Larian."  In many instances, it is impossible for the

24  MGA Entities, much less D&T, to know whether a particular person comes within

25  this definition unless that person or entity at some point in time held himself or

26  herself out as such.  The MGA Entities additionally object to these terms because

27  they call for legal conclusions.

28

(b)    The MGA Entities object to the definition of the term

"BRATZ" as vague, ambiguous, overly broad and unduly burdensome, and

designed to mislead and confuse the trier of fact.  The definition includes "any

project, product, doll or DESIGN ever known by [the Bratz] name (whether in

whole or in part and regardless of what such project, product or doll is or has been

also, previously or subsequently called) and any product, doll or DESIGN or any

portion thereof that is now or has ever been known as, or sold or marketed under,

the name or term 'Bratz' (whether in whole or in part and regardless of what such

product, doll or DESIGN or portion thereof is or has been also, previously or

subsequently called) or that is now or has ever been marketed as part of the 'Bratz'

line, and each version or iteration of such product, doll or DESIGN or any portion

thereof," and it goes on.  By incorporating the definition of "DESIGN," the overly

broad definition of "BRATZ" includes two-dimensional and three-dimensional

representations, including "works, designs, artwork, sketches, drawings, illustrations,

representations, depictions, blueprints, schematics, diagrams, images, sculptures,

prototypes, models, samples, rotocasts, reductions to practice, developments,

inventions and/or improvements . . . ."  These convoluted and multi-part definitions

combine to render the document requests that refer to the term vague, ambiguous

and overly broad, and to include within the term "BRATZ" things that do not fairly

represent the Bratz line of dolls, accessories and related products that are the subject

of this case.

(c)    The MGA Entities object to the term "FARHAD LARIAN

DISPUTES" on the grounds that it is overbroad and refers to, purports to encompass,

and as used in these requests purports to call for documents that are not relevant to

the subject matter of this action or reasonably calculated to lead to the discovery of

admissible evidence.

1    11.    The MGA Entities object to the Requests to the extent that they
2    purport to impose on it any requirements not imposed by the Federal Rules of Civil
3    Procedure.  Federal Rule of Civil Procedure 45(d)(l) requires only that "[a] person
4    responding to a subpoena to produce documents shall produce them as they are kept
5    in the usual course of business or shall organize and label them to correspond with
6    the categories in the demand."

7    12.    The MGA Entities object to the Subpoena and each and every
8    Request to the extent they seek production of documents generated after service of
9    the Subpoena.

10    13.    Except as otherwise stated below, an objection to a specific
11    document Request does not imply that documents responsive to that category exist or
12    that the MGA Entities accept the purported factual predicate for any Request.

13    14.    Without waiving any of the foregoing General Objections, each
14    of which is expressly incorporated into each individual response as if fully stated
15    therein, the MGA Entities object to each and every specific Request for documents,
16    subject to the following additional express reservations of rights:

17    a.    The right to object on any and all grounds, at any time, to
18    these or any other requests for production and inspection of documents or other
19    discovery procedures involving or relating to the subject matter of the Requests,
20    including by way of a motion to quash or modify the subpoena or a motion for a
21    protective order; and

22    b.    The right at any time to revise, correct, supplement or
23    clarify any of the responses and objections propounded herein.

24    **SPECIFIC OBJECTIONS AND RESPONSES**

25    REQUEST NO. 1

26    All documents constituting or relating to MGA's annual audits, including
27    without limitation accounting records, audit programs, audit reports and drafts

28

1  thereof, tax returns, work papers, worksheets, payroll records, financial projections,
2  pro formas and budgets, from the period beginning January 1, 1999 to the present.
3  RESPONSE TO REQUEST NO. 1:
4      The MGA Entities incorporate by reference their General Objections as
5  though fully set forth herein.  The MGA Entities further object to the extent that this
6  request seeks information that is protected from disclosure under the attorney-client
7  privilege, the work product doctrine and/or the joint interest privilege.  The MGA
8  Entities further object to this request to the extent it seeks documents protected by
9  the accountant-client privilege.  The MGA Entities further object to the request on
10 the grounds that it seeks documents protected from disclosure by applicable federal
11 and state tax return privileges.  The MGA Entities further object to this request to the
12 extent that it seeks documents that contain trade secrets, confidential, commercially
13 sensitive and/or other proprietary or competitive information that is subject to the
14 MGA Entities' or any other person's constitutional, statutory or common law right of
15 privacy or protection.  The MGA Entities further object that this request calls for the
16 production of documents that are not relevant to the subject matter involved in the
17 pending litigation or reasonably calculated to lead to the discovery of admissible
18 evidence.  The MGA Entities further object to this request as being overly broad,
19 burdensome and harassing to a non-party to the extent that it seeks to force D & T to
20 produce documents or information available from parties to the litigation. The MGA
21 Entities further object to this request on the grounds that it is overbroad as to subject
22 matter and time; in particular, the MGA Entities object to the definition of "MGA,"
23 on the grounds that it is overbroad.  The MGA Entities further object on the grounds
24 that this request is vague, ambiguous and overbroad, particularly as to the meaning
25 of "relating to," "accounting records," "audit programs," "audit reports," "work
26 papers," "worksheets," "financial projections," "pro formas" and "budgets."
27
28

---

6

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PRODU...                    ...ON-PARTY DELOITTE & TOUCHE

**EXHIBIT 22**
**PAGE 186**

**REQUEST NO. 2:**

To the extent not included in your production responsive to Request No. 1, all documents indicating or calculating MGA's net worth.

**RESPONSE TO REQUEST NO. 2:**

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force D & T to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating."

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PROD... ... NON-PARTY DELOITTE & TOUCHE

EXHIBIT 22
PAGE 187

1  REQUEST NO. 3:

2        To the extent not included in your production responsive to Request Nos. 1-2,

3  all documents indicating or calculating the value of MGA's intellectual property or

4  goodwill.

5  RESPONSE TO REQUEST NO. 3:

6        The MGA Entities incorporate by reference their General Objections as

7  though fully set forth herein.  The MGA Entities further object to the extent that this

8  request seeks information that is protected from disclosure under the attorney-client

9  privilege, the work product doctrine and/or the joint interest privilege.  The MGA

10  Entities further object to this request to the extent it seeks documents protected by

11  the accountant-client privilege.  The MGA Entities further object to the request on

12  the grounds that it seeks documents protected from disclosure by applicable federal

13  and state tax return privileges.  The MGA Entities further object to this request to the

14  extent that it seeks documents that contain trade secrets, confidential, commercially

15  sensitive and/or other proprietary or competitive information that is subject to the

16  MGA Entities' or any other person's constitutional, statutory or common law right of

17  privacy or protection.  The MGA Entities further object that this request calls for the

18  production of documents that are not relevant to the subject matter involved in the

19  pending litigation or reasonably calculated to lead to the discovery of admissible

20  evidence.  The MGA Entities further object to this request as being overly broad,

21  burdensome and harassing to a non-party to the extent that it seeks to force D & T to

22  produce documents or information available from parties to the litigation. The MGA

23  Entities further object to this request on the grounds that it is overbroad as to subject

24  matter and time; in particular, the MGA Entities object to the definition of "MGA,"

25  on the grounds that it is overbroad.  The MGA Entities further object on the grounds

26  that this request is vague, ambiguous and overbroad, particularly as to the meaning

27  of "indicating," and "goodwill."

28

REQUEST NO. 4:

All documents relating to BRATZ that YOU obtained from MGA or otherwise since January 1, 1999.

RESPONSE TO REQUEST NO. 4:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. The MGA Entities further object to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force D & T to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA" and "BRATZ" as vague, ambiguous, overbroad and designed to mislead and confuse the trier of fact. The MGA Entities further object on the grounds that this request is vague and ambiguous, particularly as to the meaning of "relating to."

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PRO!   **EXHIBIT** 2-2   NON-PARTY DELOITTE & TOUCHE
**PAGE** 189

1    REQUEST NO. 5:

2        Any documents relating to the MATTEL ACTION.

3    RESPONSE TO REQUEST NO. 5:

4        The MGA Entities incorporate by reference their General Objections as

5    though fully set forth herein.  The MGA Entities further object to the extent that this

6    request seeks information that is protected from disclosure under the attorney-client

7    privilege, the work product doctrine and/or the joint interest privilege.  The MGA

8    Entities further object to this request to the extent it seeks documents protected by

9    the accountant-client privilege.  The MGA Entities further object to the request on

10   the grounds that it seeks documents protected from disclosure by applicable federal

11   and state tax return privileges.  The MGA Entities further object to this request to the

12   extent that it seeks documents that contain trade secrets, confidential, commercially

13   sensitive and/or other proprietary or competitive information that is subject to the

14   MGA Entities' or any other person's constitutional, statutory or common law right of

15   privacy or protection.  The MGA Entities further object that this request calls for the

16   production of documents that are not relevant to the subject matter involved in the

17   pending litigation or reasonably calculated to lead to the discovery of admissible

18   evidence.  The MGA Entities further object to this request as being overly broad,

19   burdensome and harassing to a non-party to the extent that it seeks to force D & T to

20   produce documents or information available from parties to the litigation. The MGA

21   Entities further object to this request on the grounds that it is overbroad as to subject

22   matter and time.  The MGA Entities further object on the grounds that this request is

23   vague, ambiguous and overbroad, particularly as to the meaning of "relating to."

24   REQUEST NO. 6:

25       All documents relating to the FARHAD LARIAN DISPUTES, including

26   without limitation any discovery requests received by YOU in connection therewith

27

28

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PROD    **EXHIBIT** 22    ION-PARTY DELOITTE & TOUCHE
**PAGE** 190

1 | and any communications between YOU and counsel for Farhad Larian or counsel for

2 | Isaac Larian.

3 | RESPONSE TO REQUEST NO. 6:

4 |      The MGA Entities incorporate by reference their General Objections as

5 | though fully set forth herein. The MGA Entities further object to the extent that this

6 | request seeks information that is protected from disclosure under the attorney-client

7 | privilege, the work product doctrine and/or the joint interest privilege. The MGA

8 | Entities further object to this request to the extent it seeks documents protected by

9 | the accountant-client privilege. The MGA Entities further object to the request on

10 | the grounds that it seeks documents protected from disclosure by applicable federal

11 | and state tax return privileges. The MGA Entities further object to this request to the

12 | extent that it seeks documents that contain trade secrets, confidential, commercially

13 | sensitive and/or other proprietary or competitive information that is subject to the

14 | MGA Entities' or any other person's constitutional, statutory or common law right of

15 | privacy or protection. The MGA Entities further object that this request calls for the

16 | production of documents that are not relevant to the subject matter involved in the

17 | pending litigation or reasonably calculated to lead to the discovery of admissible

18 | evidence. The MGA Entities further object to this request as being overly broad,

19 | burdensome and harassing to a non-party to the extent that it seeks to force D & T to

20 | produce documents or information available from parties to the litigation. The MGA

21 | Entities further object to this request on the grounds that it is overbroad as to subject

22 | matter and time; in particular, the MGA Entities object to the definition of

23 | "FARHAD LARIAN DISPUTES," on the grounds that it is overbroad and refers to,

24 | purports to encompass, and purports to call for, documents that are not relevant to

25 | the subject matter of this action or reasonably calculated to lead to the discovery of

26 | admissible evidence. The MGA Entities further object on the grounds that this

27 |

28 |

1 | request is vague, ambiguous and overbroad, particularly as to the meaning of
2 | "relating to."
3 | REQUEST NO. 7:
4 |      Documents sufficient to show YOUR policies or practices relating to the
5 | preservation, retention or destruction of documents sought by or the subject of
6 | Request Nos. 1 through 6.
7 | RESPONSE TO REQUEST NO. 7:
8 |      The MGA Entities incorporate by reference their General Objections as
9 | though fully set forth herein.  The MGA Entities further object to the extent that this
10 | request seeks information that is protected from disclosure under the attorney-client
11 | privilege, the work product doctrine and/or the joint interest privilege.  The MGA
12 | Entities further object to this request to the extent it seeks documents protected by
13 | the accountant-client privilege.  The MGA Entities further object to the request on
14 | the grounds that it seeks documents protected from disclosure by applicable federal
15 | and state tax return privileges.  The MGA Entities further object to this request to the
16 | extent that it seeks documents that contain trade secrets, confidential, commercially
17 | sensitive and/or other proprietary or competitive information that is subject to the
18 | MGA Entities' or any other person's constitutional, statutory or common law right of
19 | privacy or protection.  The MGA Entities further object that this request calls for the
20 | production of documents that are not relevant to the subject matter involved in the
21 | pending litigation or reasonably calculated to lead to the discovery of admissible
22 | evidence.  The MGA Entities further object to this request on the grounds that it is
23 | overbroad as to subject matter and time.  The MGA Entities further object on the
24 | grounds that this request is vague, ambiguous and overbroad, particularly as to the
25 | meaning of "sufficient to show" and "relating to."
26 |
27 |
28 |

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PRODU    **EXHIBIT** 22    )N-PARTY DELOITTE & TOUCHE
**PAGE** 192

1 REQUEST NO. 8:

2     Documents sufficient to identify any other person or company who has served

3 as MGA's auditor(s) or accountant(s) since January 1, 1999.

4 RESPONSE TO REQUEST NO. 8:

5     The MGA Entities incorporate by reference their General Objections as

6 though fully set forth herein.  The MGA Entities further object to the extent that this

7 request seeks information that is protected from disclosure under the attorney-client

8 privilege, the work product doctrine and/or the joint interest privilege.  The MGA

9 Entities further object to this request to the extent it seeks documents protected by

10 the accountant-client privilege.  The MGA Entities further object to the request on

11 the grounds that it seeks documents protected from disclosure by applicable federal

12 and state tax return privileges.  The MGA Entities further object to this request to the

13 extent that it seeks documents that contain trade secrets, confidential, commercially

14 sensitive and/or other proprietary or competitive information that is subject to the

15 MGA Entities' or any other person's constitutional, statutory or common law right of

16 privacy or protection.  The MGA Entities further object that this request calls for the

17 production of documents that are not relevant to the subject matter involved in the

18 pending litigation or reasonably calculated to lead to the discovery of admissible

19 evidence.  The MGA Entities further object to this request as being overly broad,

20 burdensome and harassing to a non-party to the extent that it seeks to force D & T to

21 produce documents or information available from parties to the litigation. The MGA

22 Entities further object to this request on the grounds that it is overbroad as to subject

23 matter and time.  The MGA Entities further object on the grounds that this request is

24 vague, ambiguous and overbroad, particularly as to the meaning of "sufficient to

25 identify."

26

27

28

1  DATED:  November 26, 2007

2                                    SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM, LLP
3                                    By: _____
4                                            Thomas J. Nolan
                                         Attorneys for Counter-Defendants,
5                                     MGA ENTERTAINMENT, INC., ISAAC
                                     LARIAN, MGA ENTERTAINMENT (HK)
6                                     LIMITED, AND MGAE de MEXICO S.R.L.
                                                  de C.V.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                  14
                                    OBJECTIONS OF THE MGA ENTITIES TO
        MATTEL'S SUBPOENA FOR PROI   EXHIBIT  22      NON-PARTY DELOITTE & TOUCHE
254858-Palo Alto Server 1A - MSW                PAGE 194

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On November 26, 2007, I served the foregoing document described as:

OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO DELOITTE & TOUCHE

on the interested parties in this action addressed as follows:

## SEE ATTACHED SERVICE LIST

[X]   (BY PERSONAL SERVICE)   ☐   By personally delivering a copy to the person served. (FEDERAL) (As Noted.)

[X]   I caused such document to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X]   BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on November 26, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME

SIGNATURE

SERVICE LIST

1

2

3  John B. Quinn, Esq.
   Michael T. Zeller, Esq.
4  Jon D. Corey, Esq.
   Timothy L. Alger, Esq.
5  Quinn Emanuel Urquhart Oliver &
   Hedges, LLP
6  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017-2543
7  (213) 443-3000
   (213) 443-3100 (Fax)
8
   Attorneys for Mattel, Inc.
9  [Personal Service]

10

11

12 Mark E. Overland, Esq.
   Alexander H. Cote, Esq.
   David C. Scheper, Esq.
13 Overland Borenstein Scheper & Kim
   300 South Grand Avenue, Suite 2750
14 Los Angeles, CA 90071
   (213) 613-4655
15 (213) 613-4656 (Fax)

16 Attorneys for Carlos Gustavo Machado
   Gomez
17 [Federal Express]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

Annica H. Jin-Hendel, Esq.
Assistant General Counsel
Deloitte & Touche USA LLP
1633 Broadway El Camino Real
New York, NY 10019-6754

Attorneys for Deloitte & Touche USA LLP
[Federal Express]

18
19
20
21
22
23
24
25
26
27
28

1

PROOF OF SERVICE    EXHIBIT 22 PAGE 196    NO. CV 04-9049 SGL (RNBx)