# EXHIBIT 23

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

CARTER BRYANT, an individual

Plaintiff,

v.

MATTEL, INC., a Delaware corporation

Defendant.

Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.

CASE NO. CV 04-9049 SGL (RNBx)

Consolidated with Case No. 04-9059 and Case No. 05-2727

**OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO WACHOVIA**

Honorable Stephen G. Larson
Courtroom 1

EXHIBIT 23
PAGE 197

MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Entities") hereby respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the "Subpoena"), served on Wachovia Corporation ("Wachovia), as follows:

## GENERAL OBJECTIONS

1. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by the MGA Entities, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of the MGA Entities or any other person from disclosure.

2. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by the accountant-client privilege.

3. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal. 2006); Aliotti v. Senora, 217 FRD 496 , 498 (N.D. Cal. 2003); *San Francisco Bay*

EXHIBIT 23
PAGE 198

*Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681 , **3-4 (N.D. Cal. 2006). *See also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982).

4. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Wachovia's, the MGA Entities', or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities object to the production of any such documents, to the extent they exist.

5. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are not relevant to the subject matter of this litigation and/or are not reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities' response to any Request that seeks documents beyond that scope shall not be deemed an admission or acknowledgment that such Request calls for information relevant to the subject matter of this action and is without prejudice to the MGA Entities' right to contend at any other time that the requested documents are irrelevant, immaterial or otherwise objectionable.

6. The MGA Entities object to the Subpoena and each and every Request insofar as they seek the production of documents that, by reason of public filing, other public availability, or otherwise, are already in Plaintiff's possession, custody or control.

7. The MGA Entities object to the Subpoena and each and every Request (including the Definitions) to the extent that they are overbroad, otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.*, Fed. R. Civ.

P. 45(c)(l) ("A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."); *High Tech Medical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

8. The MGA Entities object to the Subpoena and each and every Request insofar as they seek the production of documents that are more easily obtained from other entities, including the parties to this action.

9. The MGA Entities object to the Subpoena and each and every Request to the extent they seek production of documents that have already been produced to Plaintiff, whether in these proceedings or any others.

10. The MGA Entities object to the Definitions on the grounds that they are vague, unclear or overbroad and, when applied to the Requests, purport to impose obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure. The MGA Entities specifically object to the following definitions:

(a) The MGA Entities object to the term "MGA" as vague, ambiguous, overbroad, and unduly burdensome. The definition includes "MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control. . . [including] ABC International Traders, Inc. . . . [and] Isaac Larian." In many instances, it is impossible for the MGA Entities, much less Wachovia, to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as such. The MGA Entities additionally object to these terms because

they call for legal conclusions.

(b) The MGA Entities object to the definition of the term "BRATZ" as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of "DESIGN," the overly broad definition of "BRATZ" includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." These convoluted and multi-part definitions combine to render the document requests that refer to the term vague, ambiguous and overly broad, and to include within the term "BRATZ" things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case.

(c) The MGA Entities object to the term "FARHAD LARIAN DISPUTES" on the grounds that it is overbroad and refers to, purports to encompass, and as used in these requests purports to call for documents that are not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of

admissible evidence.

11. The MGA Entities object to the Requests to the extent that they purport to impose on it any requirements not imposed by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 45(d)(1) requires only that "[a] person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand."

12. The MGA Entities object to the Subpoena and each and every Request to the extent they seek production of documents generated after service of the Subpoena.

13. Except as otherwise stated below, an objection to a specific document Request does not imply that documents responsive to that category exist or that the MGA Entities accept the purported factual predicate for any Request.

14. Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as if fully stated therein, the MGA Entities object to each and every specific Request for documents, subject to the following additional express reservations of rights:

a. The right to object on any and all grounds, at any time, to these or any other requests for production and inspection of documents or other discovery procedures involving or relating to the subject matter of the Requests, including by way of a motion to quash or modify the subpoena or a motion for a protective order; and

b. The right at any time to revise, correct, supplement or clarify any of the responses and objections propounded herein.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST NO. 1:

All documents relating to any loan agreement, including without limitation any line of credit or other financing arrangement, that YOU have entered into with MGA since January 1, 1999, including without limitation drafts of any agreements.

RESPONSE TO REQUEST NO. 1:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "relating to," and "financing arrangement."

REQUEST NO. 2:

To the extent not included in YOUR production responsive to Request No. 1, all documents that MGA or any other person provided to YOU for purposes of entering into any loan agreement between YOU and MGA, including without limitation any line of credit or other financing arrangement or agreement, at any time since January 1, 1999, including without limitation accounting records, tax returns, pro formas, expense records, financial projections, budgets or business plans.

RESPONSE TO REQUEST NO. 2:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object to this request to the extent it seeks documents protected by the accountant-client privilege. MGA further objects to the request on the grounds that it seeks documents protected from disclosure by applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California Housing Rights Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal. 2006); Aliotti v. Senora, 217 FRD 496 , 498 (N.D. Cal. 2003); *San Francisco Bay Area Rapid Transit District v. Spencer*, 2006 U.S. Dist. LEXIS 81681 , **3-4 (N.D. Cal. 2006). *See also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982). The MGA Entities further object that this request calls for the production of documents

that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "financing arrangement," "pro formas," "expense records," "financial projections," "budgets" and "business plans."

REQUEST NO. 3:

To the extent not included in YOUR production responsive to Request Nos. 1-2, all documents that were in the "three (3) boxes of loan documents" that YOU refer to in YOUR November 15, 2005 letter to Robert G. Wilson, Esq., letter which is included herein as Attachment "B."

RESPONSE TO REQUEST NO. 3:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably

calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad.

REQUEST NO. 4:

To the extent not included in YOUR production responsive to Request Nos, 1-3, all documents relating to any loan agreement entered into by MGA, or sought or requested by MGA, during the time period January 1, 1999 and December 31, 2000, inclusive.

RESPONSE TO REQUEST NO. 4:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities

object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is vague and ambiguous, particularly as to the meaning of "relating to."

REQUEST NO. 5:

To the extent not included in YOUR production responsive to Request Nos. 1-4, all communications between YOU and MGA during the time period January 1, 1999 and December 31, 2000, inclusive.

RESPONSE TO REQUEST NO. 5:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is overbroad, vague and ambiguous, particularly as to the meaning of "communications."

REQUEST NO. 6:

To the extent not included in YOUR production responsive to Request Nos. 1-5, all documents indicating or showing a calculation of MGA's net worth or value.

RESPONSE TO REQUEST NO. 6:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating," and "value."

REQUEST NO. 7:

To the extent not included in YOUR production responsive to Request Nos. 1-6, all documents indicating or calculating the value of MGA's intellectual property or goodwill.

RESPONSE TO REQUEST NO. 7:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definition of "MGA," on the grounds that it is overbroad. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "indicating," "value," and "intellectual property."

REQUEST NO. 8:

All documents relating to BRATZ, including without limitation those YOU obtained from MGA, since January 1, 1999.

RESPONSE TO REQUEST NO. 8:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client

privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad; in particular, the MGA Entities object to the definitions of "BRATZ" and "MGA" on the grounds that they are overbroad. The MGA Entities further object on the grounds that this request is overbroad, vague and ambiguous, particularly as to the meaning of "relating to."

REQUEST NO. 9:

All documents relating to the MATTEL ACTION.

RESPONSE TO REQUEST NO. 9:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are

not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object to this request on the grounds that it is overbroad, vague and ambiguous, particularly as to the meaning of "relating to" and "MATTEL ACTION."

REQUEST NO. 10:

All documents relating to the FARHAD LARIAN DISPUTES, including without limitation any discovery requests received by YOU in connection therewith and any communications between YOU and counsel for Farhad Larian or counsel for Isaac Larian.

RESPONSE TO REQUEST NO. 10:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object

to this request on the grounds that it is overbroad, vague and ambiguous, particularly as to the meaning of "communications," "relating to" and " FARHAD LARIAN DISPUTES."

REQUEST NO. 11:

Documents sufficient to show your preservation, retention or destruction policies applicable to documents sought by or the subject of Request Nos. 1 through 10.

RESPONSE TO REQUEST NO. 11:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad, vague and ambiguous, particularly as to the meaning of "sufficient to show."

REQUEST NO. 12:

Documents sufficient to identify any other MGA lender or person who extended or was requested to extend a line of credit to MGA since January 1, 1998.

RESPONSE TO REQUEST NO. 12:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this

request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object to this request as being overly broad, burdensome and harassing to a non-party to the extent that it seeks to force Wachovia to produce documents or information available from parties to the litigation. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time, and overbroad, vague and ambiguous, particularly as to the meaning of "sufficient to identify" and "MGA."

DATED: November 26, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: ______________________
Thomas J. Nolan
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On November 26, 2007, I served the foregoing document described as:

OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO WACHOVIA

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] (BY PERSONAL SERVICE) ☐ By personally delivering a copy to the person served. (FEDERAL) (As Noted.)

[X] I caused such document to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X] BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on November 26, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME

[signature]
SIGNATURE

SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

Attorneys for Carlos Gustavo Machado Gomez
[Federal Express]

Neal A. Potischman, Esq.
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, CA 94025

(650) 752-2000
(650) 752-2111 (Fax)

Attorneys for Wachovia Corporation
[Federal Express]

# EXHIBIT 24

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO CONSUMERQUEST**<br><br>Honorable Stephen G. Larson<br>Courtroom 1 |

EXHIBIT 24
PAGE 216

MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Entities") hereby respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the "Subpoena"), served on ConsumerQuest, as follows:

**GENERAL OBJECTIONS**

1. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by the MGA Entities, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of the MGA Entities or any other person from disclosure.

2. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to ConsumerQuest's, the MGA Entities', or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities object to the production of any such documents, to the extent they exist.

3. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are not relevant to the claims or defenses in this action and/or are not reasonably calculated to lead to the discovery

of admissible evidence. The MGA Entities' response to any Request that seeks documents beyond that scope shall not be deemed an admission or acknowledgment that such Request calls for information relevant to the subject matter of this action and is without prejudice to the MGA Entities' right to contend at any other time that the requested documents are irrelevant, immaterial or otherwise objectionable.

4. The MGA Entities object to the Subpoena and each and every Request insofar as they seek the production of documents that, by reason of public filing, other public availability, or otherwise, are already in Plaintiff's possession, custody or control.

5. The MGA Entities object to the Subpoena and each and every Request (including the Definitions and Instructions) to the extent that they are overbroad, otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.*, Fed. R. Civ. P. 45(c)(l) ("A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

6. The MGA Entities object to the Subpoena and each and every Request insofar as they seek the production of documents that are more easily obtained from other entities, including the parties to this action.

7. The MGA Entities object to the Subpoena and each and every Request to the extent they seek production of documents that have already been produced to Plaintiff, whether in these proceedings or any others.

8. The MGA Entities object to the Definitions on the grounds that they are vague, unclear or overbroad and, when applied to the Requests, purport to impose obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure. The MGA Entities specifically object to the following definitions:

(a) The MGA Entities object to the term "MGA" as vague, ambiguous, overbroad, and unduly burdensome. The definition includes "MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control. . . [including] ABC International Traders, Inc. . . . [and] Isaac Larian." In many instances, it is impossible for the MGA Entities, much less ConsumerQuest, to know whether a particular person comes within this definition unless that person or entity at some point in time held himself or herself out as such. The MGA Entities additionally object to these terms because they call for legal conclusions.

(b) The MGA Entities object to the definition of the term "BRATZ" as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz'

line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of "DESIGN," the overly broad definition of "BRATZ" includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." These convoluted and multi-part definitions combine to render the document requests that refer to the term vague, ambiguous and overly broad, and to include within the term "BRATZ" things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case.

(c) The MGA Entities object to the definition of the term "SCOOTER SAMANTHA" as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "any project, product, doll or DESIGN ever known by [the Scooter Samantha] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Scooter Samantha' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of "DESIGN," the overly broad definition of "SCOOTER SAMANTHA" includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." These convoluted and multi-part definitions combine to render the document requests that refer to the term vague, ambiguous and overly broad, and to include within the term "SCOOTER SAMANTHA" things

that do not fairly represent the Scooter Samantha line of dolls, accessories and related products.

9. The MGA Entities object to the Instructions to the extent that they purport to impose on it any requirements not imposed by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 45(d)(l) requires only that "[a] person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand." *See*, Fed. R. Civ. P. 45(d)(1)(A).

10. The MGA Entities object to the Subpoena and each and every Request to the extent they seek production of documents generated after service of the Subpoena.

11. Except as otherwise stated below, an objection to a specific document Request does not imply that documents responsive to that category exist or that the MGA Entities accept the purported factual predicate for any Request.

12. Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as if fully stated therein, the MGA Entities object to each and every specific Request for documents, subject to the following additional express reservations of rights:

a. The right to object on any and all grounds, at any time, to these or any other requests for production and inspection of documents or other discovery procedures involving or relating to the subject matter of the Requests, including by way of a motion to quash or modify the subpoena or a motion for a protective order; and

b. The right at any time to revise, correct, supplement or clarify any of the responses and objections propounded herein.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST NO. 1

All DOCUMENTS REFERRING OR RELATING TO BRATZ.

RESPONSE TO REQUEST NO. 1:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "BRATZ" and "REFERRING OR RELATING TO" as vague, ambiguous and/or overbroad.

REQUEST NO. 2:

All DOCUMENTS REFERRING OR RELATING TO SCOOTER SAMANTHA.

RESPONSE TO REQUEST NO. 2:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential,

commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "SCOOTER SAMANTHA" "REFERRING OR RELATING TO" as vague, ambiguous and/or overbroad.

REQUEST NO. 3:

All DOCUMENTS REFERRING OR RELATING TO any study, survey, focus group, research group or other work or services for MGA relating to BRATZ, including without limitation all tangible items relating thereto and all photographs, videos or other images depicting any such tangible items and all viability reports relating thereto.

RESPONSE TO REQUEST NO. 3:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds

that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "BRATZ," "MGA," "REFERRING OR RELATING TO," "tangible items" and "viability reports" as vague, ambiguous and/or overbroad.

REQUEST NO. 4:

All DOCUMENTS REFERRING OR RELATING TO any study, survey, focus group, research group or other work or services for MGA relating to SCOOTER SAMANTHA, including without limitation all tangible items relating thereto and all photographs, videos or other images depicting any such tangible items and all viability reports relating thereto.

RESPONSE TO REQUEST NO. 4:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "SCOOTER SAMANTHA," "MGA," "REFERRING OR RELATING TO," "tangible items" and "viability reports" as vague, ambiguous and/or overbroad.

REQUEST NO. 5:

All DOCUMENTS, including without limitation COMMUNICATIONS, and all tangible things REFERRING OR RELATING TO BRATZ prior to December 31, 2002.

RESPONSE TO REQUEST NO. 5:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "BRATZ," " REFERRING OR RELATING TO" and "tangible things" as vague, ambiguous and overbroad.

REQUEST NO. 6:

To the extent not produced in response to any other Request for Production, all DOCUMENTS REFERRING OR RELATING TO any study, survey, focus group, research group or other work or services for MGA that YOU conducted, facilitated or were otherwise involved with prior to December 31, 2002, including without limitation all tangible items relating thereto and all photographs, videos or other images depicting any such tangible items.

RESPONSE TO REQUEST NO. 6:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA", "REFERRING OR RELATING TO," "work," "services," "tangible item," "facilitated" and "involved with" as vague, ambiguous and/or overbroad.

REQUEST NO. 7:

To the extent not produced in response to any other Request for Production, DOCUMENTS sufficient to show each DOLL, product or other tangible item that was the subject of any study, survey, focus group, research group or other work or services for MGA that YOU conducted, facilitated or were otherwise involved with since January 1, 1998 and the time period during which such study, survey, focus group, research group or other work or services were performed.

RESPONSE TO REQUEST NO. 7:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client

privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA", "DOLL," "work," "services," "tangible item," "facilitated" and "involved with" as vague, ambiguous and/or overbroad.

REQUEST NO. 8:

All DOCUMENTS REFERRING OR RELATING TO any study, survey, focus group, research group or other work or services for MGA relating to "4-ever Best Friends," "Mommy's Little Patient" and/or "Mommy's Little" or "Alienracers," including without limitation all viability reports relating thereto.

RESPONSE TO REQUEST NO. 8:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of

admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "REFERRING OR RELATING TO," "work," "services" and "viability reports" as vague, ambiguous and/or overbroad.

REQUEST NO. 9:

All COMMUNICATIONS WITH MGA or ISAAC LARIAN REFERRING OR RELATING TO MATTEL since January 1, 1998.

RESPONSE TO REQUEST NO. 9:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN," "REFERRING OR RELATING TO," and "MATTEL" as vague, ambiguous and/or overbroad.

REQUEST NO. 10:

All COMMUNICATIONS REFERRING OR RELATING TO any request to perform work or services for or on behalf of MGA including, without limitation, any decision by YOU not to perform such work.

RESPONSE TO REQUEST NO. 10:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "REFERRING OR RELATING TO," "work," "services" and "decision" as vague, ambiguous and/or overbroad.

REQUEST NO. 11:

All COMMUNICATIONS with MGA, ISAAC LARIAN, FARHAD LARIAN or BRYANT REFERRING OR RELATING TO BRYANT.

RESPONSE TO REQUEST NO. 11:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that

this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN," "FARHAD LARIAN," "BRYANT" and "REFERRING OR RELATING TO" as vague, ambiguous and/or overbroad.

REQUEST NO. 12:

All contracts or agreements or proposed or requested contracts or agreements with MGA, ISAAC LARIAN, FARHAD LARIAN or BRYANT since January 1, 1998.

RESPONSE TO REQUEST NO. 12:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN," "FARHAD LARIAN," "BRYANT" and "agreements" as vague, ambiguous and/or overbroad.

REQUEST NO. 13:

All COMMUNICATIONS with MGA or ISAAC LARIAN REFERRING OR RELATING TO "4-ever Best Friends," "Mommy's Little Patient" and/or "Mommy's Little" or "Alienracers."

RESPONSE TO REQUEST NO. 13:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "MGA," "ISAAC LARIAN," and "REFERRING OR RELATING TO" as vague, ambiguous and/or overbroad.

REQUEST NO. 14:

All DOCUMENTS, including without limitation all COMMUNICATIONS, REFERRING OR RELATING TO any lawsuit, arbitration, legal action or other dispute between ISAAC LARIAN and FARHAD LARIAN.

RESPONSE TO REQUEST NO. 14:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client

privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the claims or defenses in this action or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time; in particular, the MGA Entities object to the definitions of "REFERRING OR RELATING TO," "ISAAC LARIAN," FARHAD LARIAN "legal action" and "dispute" as vague, ambiguous and/or overbroad.

DATED: November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: [signature]
Thomas J. Nolan
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

16

OBJECTIONS OF THE MGA ENTITIES TO MATTEL'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY CONSUMERQUEST
255011-Palo Alto Server 1A - MSW

EXHIBIT 24
PAGE 232

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On November 30, 2007, I served the foregoing document described as:

**OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO CONSUMERQUEST**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] (BY PERSONAL SERVICE) [ ] By personally delivering a copy to the person served. (FEDERAL) (As Noted.)

[X] I caused such document to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X] BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on November 30, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME

[signature]
SIGNATURE

SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

Attorneys for Carlos Gustavo Machado Gomez
[Federal Express]

ConsumerQuest
12100 Wilshire Boulevard, Suite 1135
Los Angeles, CA 90025

[Federal Express]

# EXHIBIT 25

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
Email: rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO WELLS FARGO**<br><br>Honorable Stephen G. Larson<br>Courtroom 1 |

OBJECTIONS OF THE MGA ENTITIES TO
MATTEL'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY WELLS FARGO

EXHIBIT 25
PAGE 235

MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Entities") hereby respond to Plaintiff Mattel's ("Plaintiff") Subpoena for Production of Documents (the "Requests" or the "Subpoena"), served on Wells Fargo Bank, N.A., ("Wells Fargo"), as follows:

## GENERAL OBJECTIONS

1. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions. Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by the MGA Entities, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of the MGA Entities or any other person from disclosure.

2. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Wells Fargo's, the MGA Entities', or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities object to the production of any such documents, to the extent they exist.

3. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek the production of documents that are protected by the accountant-client privilege.

4. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek the production of documents that are protected from disclosure by applicable federal and state tax return privileges. *See, e.g., Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *S. California Housing Rights Ctr. v. Krug*, 2006 U.S. Dist. LEXIS 65330 (C.D. Cal. 2006); *Aliotti v. Senora*, 217 FRD 496 (N.D. Cal. 2003); *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2006 U.S. LEXIS 81681 (N.D. Cal. 2006). *See also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-On Drugs, Inc. v. Superior Court*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982).

5. The MGA Entities object to the Subpoena and each and every Request to the extent that they seek documents that are not relevant to the subject matter of this litigation and/or are not reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities' response to any Request that seeks documents beyond that scope shall not be deemed an admission or acknowledgment that such Request calls for information relevant to the subject matter of this action and is without prejudice to the MGA Entities' right to contend at any other time that the requested documents are irrelevant, immaterial or otherwise objectionable.

6. The MGA Entities object to the Subpoena and each and every Request insofar as they seek the production of documents that, by reason of public filing, other public availability, or otherwise, are already in Plaintiff's possession, custody or control.

7. The MGA Entities object to the Subpoena and each and every Request (including the Definitions and Instructions) to the extent that they are

overbroad, otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.*, Fed. R. Civ. P. 45(c)(1) ("A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."); *High Tech Med. Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

8. The MGA Entities object to the Subpoena and each and every Request insofar as they seek the production of documents that are more easily obtained from other entities, including the parties to this action.

9. The MGA Entities object to the Subpoena and each and every Request to the extent they seek production of documents that have already been produced to Plaintiff, whether in these proceedings or any others.

10. The MGA Entities object to the Definitions on the grounds that they are vague, unclear or overbroad and, when applied to the Requests, purport to impose obligations not authorized by Rule 45 of the Federal Rules of Civil Procedure. The MGA Entities specifically object definition of "MGA" as vague, ambiguous, overbroad, and unduly burdensome. The definition includes "MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, shareholders, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control. . . [including] ABC International Traders, Inc. . . . [and] Isaac Larian." In many instances, it is impossible for the MGA Entities, much less Wells Fargo, to know whether a particular person comes within this definition

unless that person or entity at some point in time held himself or herself out as such. The MGA Entities additionally object to the term "MGA" because it calls for legal conclusions.

11. The MGA Entities object to the Instructions to the extent that they purport to impose any requirements not imposed by the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 45(d)(1) requires only that "[a] person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand."

12. The MGA Entities object to the Subpoena and each and every Request to the extent they seek production of documents generated after service of the Subpoena.

13. Except as otherwise stated below, an objection to a specific document Request does not imply that documents responsive to that category exist or that the MGA Entities accept the purported factual predicate for any Request.

14. Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as if fully stated therein, the MGA Entities object to each and every specific Request for documents, subject to the following additional express reservations of rights:

a. The right to object on any and all grounds, at any time, to these or any other requests for production and inspection of documents or other discovery procedures involving or relating to the subject matter of the Requests, including by way of a motion to quash or modify the subpoena or a motion for a protective order; and

b. The right at any time to revise, correct, supplement or clarify any of the responses and objections propounded herein.

## SPECIFIC OBJECTIONS AND RESPONSES

REQUEST NO. 1:

All DOCUMENTS REFERRING OR RELATING TO MGA from January 1, 1999 to the present, inclusive.

RESPONSE TO REQUEST NO. 1:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time. The MGA Entities object to the definition of "MGA," as vague, ambiguous and overbroad.

REQUEST NO. 2:

All DOCUMENTS REFERRING OR RELATING TO the ACCOUNT maintained by YOU numbered 9600112551, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created between January 1, 1999 and the present, inclusive.

RESPONSE TO REQUEST NO. 2:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "statements," "daily transaction history reports," "monthly transaction history reports," and "deposit reports."

REQUEST NO. 3:

All DOCUMENTS REFERRING OR RELATING TO any other ACCOUNT maintained by YOU that is in the name of, for the benefit of or concerns MGA, including but not limited to statements, monthly statements, annual statements, daily transaction history reports, monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNTS, crated between January 1, 1999 and the present, inclusive.

RESPONSE TO REQUEST NO. 3:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this

EXHIBIT 25
PAGE 241

request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "MGA," "statements," "daily transaction history reports," "monthly transaction history reports," and "deposit reports."

REQUEST NO. 4:

DOCUMENTS sufficient to show the account number of all ACCOUNTS maintained by YOU in the name of, for the benefit of or concerning MGA between January 1, 1999 and the present, inclusive.

RESPONSE TO REQUEST NO. 4:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject

matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time. The MGA Entities further object on the grounds that this request is vague, ambiguous and overbroad, particularly as to the meaning of "MGA," "benefit of" and "concerning."

REQUEST NO. 5:

All DOCUMENTS showing or relating to any account(s) held by MGA or any account(s) on which MGA has signatory authority at any other financial institution.

RESPONSE TO REQUEST NO. 5:

The MGA Entities incorporate by reference their General Objections as though fully set forth herein. The MGA Entities further object to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine. The MGA Entities further object to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to the MGA Entities' or any other person's constitutional, statutory or common law right of privacy or protection. The MGA Entities further object that this request calls for the production of documents that are not relevant to the subject matter involved in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The MGA Entities further object to this request on the grounds that it is overbroad as to subject matter and time. The MGA Entities object to the definition of "MGA," as vague, ambiguous and overbroad.

DATED: December 3, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: [signature]
Thomas J. Nolan
Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 South Grand Avenue, 34th Floor, Los Angeles, CA 90071.

On December 3, 2007, I served the foregoing document described as:

**OBJECTIONS OF MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL INC.'S SUBPOENA TO WELLS FARGO**

on the interested parties in this action addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] (BY PERSONAL SERVICE) [ ] By personally delivering a copy to the person served. (FEDERAL) (As Noted.)

[X] I caused such document to be hand delivered to the office of the addressee. (FEDERAL) (As Noted.)

[X] BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with Federal Express and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices. (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on December 3, 2007 at Los Angeles, California.

Allison G. Velkes
PRINT NAME

[signature]
SIGNATURE

EXHIBIT 25
PAGE 244

SERVICE LIST

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Jon D. Corey, Esq.
Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
(213) 443-3000
(213) 443-3100 (Fax)

Attorneys for Mattel, Inc.
[Personal Service]

John W. Keker, Esq.
Michael H. Page, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
(415) 391-5400
(415) 397-7188 (Fax)

Attorneys for Carter Bryant
[Federal Express]

Mark E. Overland, Esq.
Alexander H. Cote, Esq.
David C. Scheper, Esq.
Overland Borenstein Scheper & Kim
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071
(213) 613-4655
(213) 613-4656 (Fax)

Attorneys for Carlos Gustavo Machado Gomez
[Federal Express]

Wells Fargo Bank, N.A.
115 Hospital Drive
Van Wert, OH 45891

[Federal Express]