# EXHIBIT 30

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7    Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                 EASTERN DIVISION

12 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)

13 |              Plaintiff,              | Consolidated with
                                           Case No. CV 04-09059
14 |     v.                              | Case No. CV 05-02727

15 | MATTEL, INC., a Delaware            | MATTEL, INC.'S FIRST SET OF
     corporation,                         REQUESTS FOR DOCUMENTS AND
16 |                                     | THINGS RE CLAIMS OF UNFAIR
                Defendant.                 COMPETITION TO MGA
17 |                                     | ENTERTAINMENT, INC.

18 | AND CONSOLIDATED CASES.

19

20

21        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

22 Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these

23 document requests ("Requests") and make available for inspection and copying

24 originals of the following documents within 30 days of service at the offices of

25 Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

26 floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement responses to

27 these requests at such times and to the extent required by Rule 26(e) of the Federal

28 Rules of Civil Procedure.

07975/1928319.2

PERSONALLY SERVED 6:20pm

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT 30
PAGE 438

1    I.    **DEFINITIONS**

2              For purposes of these Requests, the following definitions apply:

3              A.    The terms "YOU," "YOUR" and "MGA" mean MGA

4    Entertainment, Inc. and any individual or entity acting directly or indirectly by,

5    through, under or on behalf of MGA Entertainment, Inc., including but not limited

6    to current or former directors, officers, employees, agents, contractors, attorneys,

7    accountants, or representatives of MGA Entertainment, Inc. and any corporation,

8    partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-

9    interest and successor-in-interest, and any other PERSON acting on its behalf.

10             B.    The term "MATTEL" means Mattel, Inc. and all current or

11   former directors, officers, employees, agents, contractors, attorneys, accountants,

12   representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and

13   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

14   authority or subject to its control.

15             C.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

16   "recordings" as those terms are defined in Rule 1001 of the Federal Rules of

17   Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all

18   writings, including but not limited to handwriting, typewriting, printing, image,

19   photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

20   to) electronic mail (including instant messages and text messages) or facsimile,

21   video and audio recordings, and every other means of recording upon any tangible

22   thing, any form of communication or representation, and any record thereby created,

23   regardless of the manner in which the record has been stored, and all non-identical

24   copies of such DOCUMENTS, in the possession, custody, or control of YOU,

25   YOUR counsel, or any other PERSON acting on YOUR behalf.

26             D.    The term "COMMUNICATION," in the plural as well as the

27   singular, means any transmittal and/or receipt of information, whether such was oral

28   or written, and whether such was by chance, prearranged, formal or informal, and

07975/1928319.2

-2-

EXHIBIT 30
PAGE 439

1 specifically includes, but is not limited to, conversations in person, telephone

2 conversations, electronic mail (including instant messages and text messages),

3 voicemail, letters, memoranda, statements, media releases, magazine and newspaper

4 articles, and video and audio transmissions.

5       E.    "EMBODIMENT" means any representation of the identified

6 product or its retail packaging, whether two-dimensional or three-dimensional, and

7 whether in tangible, digital, electronic or other form, including but not limited to all

8 works, designs, artwork, sketches, drawings, illustrations, representations,

9 depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

10 samples, reductions to practice, developments, inventions and/or improvements, as

11 well as all other items, things and DOCUMENTS in which any of the foregoing are

12 or have been expressed, embodied, contained, fixed or reflected in any manner,

13 whether in whole or in part.

14       F.    "CONTESTED MGA PRODUCTS" means the CONTESTED

15 BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the

16 CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the

17 CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED

18 MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS

19 PRODUCTS, and any doll, toy, portion thereof, or version thereof that is now or has

20 ever been known as, or sold, offered for sale, licensed, offered for license or

21 marketed under the name or terms "Bratz," "4-ever Best Friends," "Mommy's

22 Little," "Alienracers," or any derivative thereof, that provides a basis for any claim

23 by YOU against MATTEL, including but not limited to "Bratz Dolls," "Bratz

24 Dogz," "Winter Wonderland," "Bratz Sportz," "Formal Funk," "Sun-Kissed

25 Summer," "Funky Fashion Makeover Head," "Runway Disco," "4-ever Best

26 Friends," "Mommy's Little Patient," and "Alienracers."

27       G.    "CONTESTED BRATZ DOLLS PRODUCTS" means any of

28 the following that provides a basis for any claim by YOU against MATTEL: (i) any

-3-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT 30
PAGE 440

1  EMBODIMENT or project ever known by the name "Bratz" or any derivative
2  thereof (whether in whole or in part and regardless of what such EMBODIMENT or
3  project is or has been also, previously or subsequently called) and any doll or any
4  portion thereof that is now or has ever been known as, or sold, offered for sale,
5  licensed, offered for license or marketed under, the name or term "Bratz" or any
6  derivative thereof (whether in whole or in part and regardless of what such doll is or
7  has been also, previously or subsequently called), and all prototypes, models,
8  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
9  playset and accessory that YOU distribute under the name "Bratz" or any derivative
10  thereof; and/or (iii) any and all other goods, product packaging, advertisements,
11  promotional materials or other thing or item or material manufactured, produced,
12  printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
13  imported, exported, licensed, offered for license, sold or offered for sale by YOU or
14  on YOUR behalf under the name "Bratz" or any derivative thereof.

15         H.      "CONTESTED BRATZ PETZ PRODUCTS" means any of the
16  following that provides a basis for any claim by YOU against MATTEL:  (i) any
17  EMBODIMENT or project ever known by the name "Bratz Petz" or any derivative
18  thereof (whether in whole or in part and regardless of what such EMBODIMENT or
19  project is or has been also, previously or subsequently called) and any toy pet or any
20  portion thereof that is now or has ever been known as, or sold, offered for sale,
21  licensed, offered for license or marketed under, the name or term "Bratz" or any
22  derivative thereof (whether in whole or in part and regardless of what such toy pet is
23  or has been also, previously or subsequently called), and all prototypes, models,
24  samples and versions of such EMBODIMENT, toy pet or any portion thereof; (ii)
25  any playset and accessory that YOU distribute under the name "Bratz Petz" or any
26  derivative thereof; and/or (iii) any and all other goods, product packaging,
27  advertisements, promotional materials or other thing or item or material
28  manufactured, produced, printed, ordered, marketed, advertised, promoted,

EXHIBIT 30
PAGE 441

1 displayed, distributed, shipped, imported, exported, licensed, offered for license,
2 sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Petz" or
3 any derivative thereof.

4        I.     "CONTESTED BRATZ FUNKY FASHION MAKEOVER
5 HEAD" means any of the following that provides a basis for any claim by YOU
6 against MATTEL: (i) any EMBODIMENT or project ever known by the name
7 "Bratz Funky Fashion Makeover Head" or any derivative thereof (whether in whole
8 or in part and regardless of what such EMBODIMENT or project is or has been
9 also, previously or subsequently called) and any styling head or any portion thereof
10 that is now or has ever been known as, or sold, offered for sale, licensed, offered for
11 license or marketed under, the name or term "Bratz" or any derivative thereof
12 (whether in whole or in part and regardless of what such styling head is or has been
13 also, previously or subsequently called), and all prototypes, models, samples and
14 versions of such EMBODIMENT, styling head or any portion thereof; (ii) any
15 accessory that YOU distribute under the name "Bratz Funky Fashion Makeover
16 Head" or any derivative thereof; and/or (iii) any and all other goods, product
17 packaging, advertisements, promotional materials or other thing or item or material
18 manufactured, produced, printed, ordered, marketed, advertised, promoted,
19 displayed, distributed, shipped, imported, exported, licensed, offered for license,
20 sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Funky
21 Fashion Makeover Head" or any derivative thereof.

22        J.     "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means
23 any of the following that provides a basis for any claim by YOU against MATTEL:
24 (i) any EMBODIMENT or project ever known by the name "4-ever Best Friends" or
25 any derivative thereof (whether in whole or in part and regardless of what such
26 EMBODIMENT or project is or has been also, previously or subsequently called)
27 and any doll or any portion thereof that is now or has ever been known as, or sold,
28 offered for sale, licensed, offered for license or marketed under, the name or term

-5-

**EXHIBIT** 30
**PAGE** 442

1 "4-ever Best Friends" or any derivative thereof (whether in whole or in part and
2 regardless of what such doll is or has been also, previously or subsequently called),
3 and all prototypes, models, samples and versions of such EMBODIMENT, doll or
4 any portion thereof; (ii) any playset and accessory that YOU distribute under the
5 name "4-ever Best Friends" or any derivative thereof; and/or (iii) any and all other
6 goods, product packaging, advertisements, promotional materials or other thing or
7 item or material manufactured, produced, printed, ordered, marketed, advertised,
8 promoted, displayed, distributed, shipped, imported, exported, licensed, offered for
9 license, sold or offered for sale by YOU or on YOUR behalf under the name "4-ever
10 Best Friends" or any derivative thereof.

11         K.    "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS"
12 means any of the following that provides a basis for any claim by YOU against
13 MATTEL: (i) any EMBODIMENT or project ever known by the name "Mommy's
14 Little Patient" or similar name or any derivative thereof (whether in whole or in part
15 and regardless of what such EMBODIMENT or project is or has been also,
16 previously or subsequently called) and any doll or any portion thereof that is now or
17 has ever been known as, or sold, offered for sale, licensed, offered for license or
18 marketed under, the name or term "Mommy's Little Patient" or similar name or any
19 derivative thereof (whether in whole or in part and regardless of what such doll is or
20 has been also, previously or subsequently called), and all prototypes, models,
21 samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
22 playset and accessory that YOU distribute under the name "Mommy's Little Patient"
23 or similar name or any derivative thereof; and/or (iii) any and all other goods,
24 product packaging, advertisements, promotional materials or other thing or item or
25 material manufactured, produced, printed, ordered, marketed, advertised, promoted,
26 displayed, distributed, shipped, imported, exported, licensed, offered for license,
27 sold or offered for sale by YOU or on YOUR behalf under the name "Mommy's
28 Little Patient" or similar name or any derivative thereof.

07975/1928319.2

-6-

EXHIBIT 30
PAGE 443

1         L.     "CONTESTED ALIENRACERS PRODUCTS" means any of

2 the following that provides a basis for any claim by YOU against MATTEL: (i) any

3 EMBODIMENT or project ever known by the name "Alienracers" or any derivative

4 thereof (whether in whole or in part and regardless of what such EMBODIMENT or

5 project is or has been also, previously or subsequently called) and any toy vehicle,

6 character, or any portion thereof that is now or has ever been known as, or sold,

7 offered for sale, licensed, offered for license or marketed under, the name or term

8 "Alienracers" or any derivative thereof (whether in whole or in part and regardless

9 of what such toy is or has been also, previously or subsequently called), and all

10 prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,

11 character, or any portion thereof; (ii) any playset and accessory that YOU distribute

12 under the name "Alienracers" or any derivative thereof; and/or (iii) any and all other

13 goods, product packaging, advertisements, promotional materials or other thing or

14 item or material manufactured, produced, printed, ordered, marketed, advertised,

15 promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

16 license, sold or offered for sale by YOU or on YOUR behalf under the name

17 "Alienracers" or any derivative thereof.

18         M.     "CONTESTED MATTEL PRODUCTS" means the

19 CONTESTED MATTEL MY SCENE DOLLS PRODUCTS, the CONTESTED

20 MATTEL MY SCENE PETS PRODUCTS, the CONTESTED MATTEL MY

21 SCENE STYLING HEAD, the CONTESTED MATTEL WEE-3 PRODUCTS, the

22 CONTESTED MATTEL LITTLE MOMMY DOLL PRODUCTS, and the

23 CONTESTED MATTEL ACCELERACERS PRODUCTS, and any doll, toy,

24 portion thereof, or version thereof that is now or has ever been known as, or sold,

25 offered for sale, licensed, offered for license or marketed under the name or terms

26 "My Scene," "Wee-3," "Little Mommy," "AcceleRacerS," or any derivative thereof,

27 that provides a basis for any claim by YOU against MATTEL, including but not

28 limited to "My Scene Dolls," "My Scene Pets," "My Scene Chillin' Out," "My Scene

07975/1928319.2

-7-

EXHIBIT 30
PAGE 444

1 | Miami Getaway," "My Scene Night on the Town," "My Scene Jammin' in Jamaica,"
2 | "My Scene Guava Gulch Tiki Lounge," "My Scene Sound Lounge," "My Scene
3 | Stylin' Head," "Mattel Wee-3," "Mattel Little Mommy Potty Training Baby Doll,"
4 | and "Mattel Acceleracers."

5 |       N.    "CONTESTED MATTEL MY SCENE DOLLS PRODUCTS"
6 | means any of the following that provides a basis for any claim by YOU against
7 | MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene"
8 | or any derivative thereof (whether in whole or in part and regardless of what such
9 | EMBODIMENT or project is or has been also, previously or subsequently called)
10 | and any doll or any portion thereof that is now or has ever been known as, or sold,
11 | offered for sale, licensed, offered for license or marketed under, the name or term
12 | "My Scene" or any derivative thereof (whether in whole or in part and regardless of
13 | what such doll is or has been also, previously or subsequently called), and all
14 | prototypes, models, samples and versions of such EMBODIMENT, doll or any
15 | portion thereof; (ii) any playset and accessory that MATTEL distributes under the
16 | name "My Scene" or any derivative thereof; and/or (iii) any and all other goods,
17 | product packaging, advertisements, promotional materials or other thing or item or
18 | material manufactured, produced, printed, ordered, marketed, advertised, promoted,
19 | displayed, distributed, shipped, imported, exported, licensed, offered for license,
20 | sold or offered for sale by MATTEL under the name "My Scene" or any derivative
21 | thereof.

22 |       O.    "CONTESTED MATTEL MY SCENE PETS PRODUCTS"
23 | means any of the following that provides a basis for any claim by YOU against
24 | MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene
25 | Pets" or any derivative thereof (whether in whole or in part and regardless of what
26 | such EMBODIMENT or project is or has been also, previously or subsequently
27 | called) and any toy pet or any portion thereof that is now or has ever been known as,
28 | or sold, offered for sale, licensed, offered for license or marketed under, the name or

EXHIBIT 30
PAGE 445

1   term "My Scene" or any derivative thereof (whether in whole or in part and
2   regardless of what such toy pet is or has been also, previously or subsequently
3   called), and all prototypes, models, samples and versions of such EMBODIMENT,
4   toy pet or any portion thereof; (ii) any playset and accessory that MATTEL
5   distributes under the name "My Scene Pets" or any derivative thereof; and/or (iii)
6   any and all other goods, product packaging, advertisements, promotional materials
7   or other thing or item or material manufactured, produced, printed, ordered,
8   marketed, advertised, promoted, displayed, distributed, shipped, imported, exported,
9   licensed, offered for license, sold or offered for sale by MATTEL under the name
10  "My Scene Pets" or any derivative thereof.

11          P.      "CONTESTED MATTEL MY SCENE STYLING HEAD"
12  means any of the following that provides a basis for any claim by YOU against
13  MATTEL: (i) any EMBODIMENT or project ever known by the name "My Scene
14  Styling Head" or any derivative thereof (whether in whole or in part and regardless
15  of what such EMBODIMENT or project is or has been also, previously or
16  subsequently called) and any styling head or any portion thereof that is now or has
17  ever been known as, or sold, offered for sale, licensed, offered for license or
18  marketed under, the name or term "My Scene" or any derivative thereof (whether in
19  whole or in part and regardless of what such styling head is or has been also,
20  previously or subsequently called), and all prototypes, models, samples and versions
21  of such EMBODIMENT, styling head or any portion thereof; (ii) any accessory that
22  MATTEL distributes under the name "My Scene Styling Head" or any derivative
23  thereof; and/or (iii) any and all other goods, product packaging, advertisements,
24  promotional materials or other thing or item or material manufactured, produced,
25  printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
26  imported, exported, licensed, offered for license, sold or offered for sale by
27  MATTEL under the name "My Scene Styling Head" or any derivative thereof.

28

EXHIBIT  30
PAGE  446

1        Q.   "CONTESTED MATTEL WEE-3 PRODUCTS" means any of
2 the following that provides a basis for any claim by YOU against MATTEL: (i) any
3 EMBODIMENT or project ever known by the name "Wee-3" or any derivative
4 thereof (whether in whole or in part and regardless of what such EMBODIMENT or
5 project is or has been also, previously or subsequently called) and any doll or any
6 portion thereof that is now or has ever been known as, or sold, offered for sale,
7 licensed, offered for license or marketed under, the name or term "Wee-3" or any
8 derivative thereof (whether in whole or in part and regardless of what such doll is or
9 has been also, previously or subsequently called), and all prototypes, models,
10 samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
11 playset and accessory that MATTEL distributes under the name "Wee-3" or any
12 derivative thereof; and/or (iii) any and all other goods, product packaging,
13 advertisements, promotional materials or other thing or item or material
14 manufactured, produced, printed, ordered, marketed, advertised, promoted,
15 displayed, distributed, shipped, imported, exported, licensed, offered for license,
16 sold or offered for sale by MATTEL under the name "Wee-3" or any derivative
17 thereof.

18        R.   "CONTESTED MATTEL LITTLE MOMMY DOLL
19 PRODUCTS" means any of the following that provides a basis for any claim by
20 YOU against MATTEL: (i) any EMBODIMENT or project ever known by the
21 name "Little Mommy" or any derivative thereof (whether in whole or in part and
22 regardless of what such EMBODIMENT or project is or has been also, previously or
23 subsequently called) and any doll or any portion thereof that is now or has ever been
24 known as, or sold, offered for sale, licensed, offered for license or marketed under,
25 the name or term "Little Mommy" or any derivative thereof (whether in whole or in
26 part and regardless of what such doll is or has been also, previously or subsequently
27 called), and all prototypes, models, samples and versions of such EMBODIMENT,
28 doll or any portion thereof; (ii) any playset and accessory that MATTEL distributes

07975/1928319.2

EXHIBIT 30
PAGE 447

1  under the name "Little Mommy" or any derivative thereof; and/or (iii) any and all

2  other goods, product packaging, advertisements, promotional materials or other

3  thing or item or material manufactured, produced, printed, ordered, marketed,

4  advertised, promoted, displayed, distributed, shipped, imported, exported, licensed,

5  offered for license, sold or offered for sale by MATTEL under the name "Little

6  Mommy" or any derivative thereof.

7          S.      "CONTESTED MATTEL ACCELERACERS PRODUCTS"

8  means any of the following that provides a basis for any claim by YOU against

9  MATTEL: (i) any EMBODIMENT or project ever known by the name

10  "AcceleRacers" or any derivative thereof (whether in whole or in part and regardless

11  of what such EMBODIMENT or project is or has been also, previously or

12  subsequently called) and any toy vehicle, character, or any portion thereof that is

13  now or has ever been known as, or sold, offered for sale, licensed, offered for

14  license or marketed under, the name or term "AcceleRacers" or any derivative

15  thereof (whether in whole or in part and regardless of what such toy is or has been

16  also, previously or subsequently called), and all prototypes, models, samples and

17  versions of such EMBODIMENT, toy vehicle, character, or any portion thereof; (ii)

18  any playset and accessory that MATTEL distributes under the name "AcceleRacers"

19  or any derivative thereof ; and/or (iii) any and all other goods, product packaging,

20  advertisements, promotional materials or other thing or item or material

21  manufactured, produced, printed, ordered, marketed, advertised, promoted,

22  displayed, distributed, shipped, imported, exported, licensed, offered for license,

23  sold or offered for sale by MATTEL under the name "AcceleRacers" or any

24  derivative thereof.

25          T.      The term "PERSON," in the plural as well as the singular, means

26  any natural person, association, partnership, corporation, joint venture, government

27  entity, organization, trust, institution, proprietorship, or any other entity recognized

28  as having an existence under the laws in United States or any other nation.

07975/4928319.2

-11-

EXHIBIT 30
PAGE 448

1       U.    The term "RELATING TO" means any and all of the following

2 terms and their synonyms: refer to, discuss, constitute, evidence, pertain to,

3 mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,

4 identify, state, deal with, concern, comment on, respond to, relevant to, or describe.

5       V.    "COMPLAINT" means the Complaint for False Designation of

6 Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair

7 Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 *et seq.* and

8 California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code

9 § 14330 and California Common Law); and Unjust Enrichment, filed by YOU on or

10 about April 13, 2005.

11

12 **II.**   **INSTRUCTIONS**

13       A.    YOU are to produce all requested DOCUMENTS in YOUR

14 possession, custody or control.

15       B.    If YOU contend that YOU are not required to produce certain

16 DOCUMENTS called for by these Requests on the grounds of a privilege or

17 protection that YOU are not prepared to waive, identify each such DOCUMENT

18 and provide the following information:

19       1.     the date and type of the DOCUMENT, the author(s) and

20             all recipients;

21       2.     the privilege or protection that YOU claim permits YOU

22             to withhold the DOCUMENT;

23       3.     the title and subject matter of the DOCUMENT;

24       4.     any additional facts on which YOU base YOUR claim of

25             privilege or protection; and

26       5.     the identity of the current custodian of the original of the

27             DOCUMENT.

28

EXHIBIT 30
PAGE 449

1      C.    DOCUMENTS shall be produced in their original file folders, or

2 in lieu thereof, any writing on the file folder from which each such DOCUMENT is

3 taken shall be copied and appended to such DOCUMENT and the PERSON for

4 whom or department, division or office for which the DOCUMENT or the file

5 folder is maintained shall be identified.

6      D.    The DOCUMENTS should be produced in their complete and

7 unaltered form. Attachments to DOCUMENTS should not be removed. The

8 DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

9 any reason, including alleged nonrelevance. If emails are produced that had

10 attachments, the attachments shall be attached when produced.

11      E.    DOCUMENTS in electronic form shall be produced in that form.

12      F.    In the event that any DOCUMENT called for by these requests

13 has been destroyed or discarded, that DOCUMENT is to be identified by stating:

14      1.    the date and type of the DOCUMENT, the author(s) and

15          all recipients;

16      2.    the DOCUMENT's date, subject matter, number of pages,

17          and attachments or appendices;

18      3.    the date of destruction or discard, manner of destruction

19          or discard, and reason for destruction or discard;

20      4.    the PERSONS who were authorized to carry out such

21          destruction or discard;

22      5.    the PERSONS who have knowledge of the content,

23          origins, distribution and destruction of the DOCUMENT;

24          and

25      6.    whether any copies of the document exist and, if so, the

26          name of the custodian of each copy.

27

28

**EXHIBIT** 30
**PAGE** 450

## III.  REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

A sample of each of the CONTESTED MGA PRODUCTS, together with each such product's packaging and all instructions, promotional literature, coupons, bounce-back cards and any other materials inserted in or associated with such packaging.

REQUEST FOR PRODUCTION NO. 2:

A sample of each display, including but not limited to each point-of-purchase or in-store display, prepared, produced, printed, manufactured or used in connection with the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 3:

A complete copy of each advertisement or promotional statement prepared, produced, printed, broadcast, made available to anyone in any manner via the Internet, or otherwise used or disseminated in any way in connection with the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 4:

A complete copy of each COMMUNICATION, advertisement, promotional statement that provides a basis for any claim by YOU against MATTEL.

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO the invention, creation, origin, conception, authorship, and ownership of the CONTESTED MGA PRODUCTS.

07975/1928319.2

-14-

EXHIBIT 30
PAGE 451

1  REQUEST FOR PRODUCTION NO. 6:

2        All DOCUMENTS RELATING TO the invention, creation, origin,
3  conception, authorship, and ownership of any product packaging that provides a
4  basis for any claim by YOU against MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 7:

7        All DOCUMENTS RELATING TO COMMUNICATIONS with any
8  PERSON regarding the invention, creation, origin, conception, authorship, and
9  ownership of the CONTESTED MGA PRODUCTS.

10

11  REQUEST FOR PRODUCTION NO. 8:

12        All DOCUMENTS RELATING TO COMMUNICATIONS with any
13  PERSON regarding the invention, creation, origin, conception, authorship, and
14  ownership of all product packaging that provides a basis for any claim by YOU
15  against MATTEL.

16

17  REQUEST FOR PRODUCTION NO. 9:

18        All DOCUMENTS RELATING TO the invention, creation, origin,
19  conception, authorship, design, development, production, engineering, manufacture,
20  distribution, sale, and ownership of products and packaging that YOU contend
21  provide a basis for any claim against MATTEL, whether or not such claim is made
22  in the COMPLAINT.

23

24  REQUEST FOR PRODUCTION NO. 10:

25        All DOCUMENTS RELATING TO the invention, creation, origin,
26  conception, authorship, design, development, production, engineering, manufacture,
27  distribution, sale, and ownership of all products and packaging that YOU contend
28  MATTEL copied or infringed.

-15-

EXHIBIT 30
PAGE 452

REQUEST FOR PRODUCTION NO. 11:

All DOCUMENTS RELATING TO COMMUNICATIONS with any PERSON regarding the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale, and ownership of the CONTESTED MATTEL PRODUCTS and their associated packaging.

REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS RELATING TO COMMUNICATIONS with any PERSON regarding the invention, creation, origin, conception, authorship, design, development, production, engineering, manufacture, distribution, sale, and ownership of all products and packaging that YOU contend MATTEL copied or infringed.

REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS RELATING TO any revision of any CONTESTED MGA PRODUCTS, including but not limited to any proposed alternatives, modifications or changes (whether or not implemented) to such CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 14:

All DOCUMENTS RELATING TO the first date of availability for retail sale of each of the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 15:

All DOCUMENTS RELATING TO the first date that each of the CONTESTED MGA PRODUCTS was shown to any PERSON not employed by MGA, whether in concept, prototype, or finished form.

EXHIBIT 30
PAGE 453

1  REQUEST FOR PRODUCTION NO. 16:

2          All head sculptures, including all preliminary head sculptures and all

3  versions of such sculptures, made, produced or prepared in connection with the

4  CONTESTED BRATZ DOLLS PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 17:

7          All DOCUMENTS RELATING TO the tooling for any of the

8  CONTESTED BRATZ DOLLS PRODUCTS, including but not limited to all

9  invoices, contracts, sales orders, purchase orders and payment relating thereto and

10  including but not limited to all DOCUMENTS relating to the engineering,

11  preparation, fabrication and creation of the molds and face paint masks used in

12  connection therewith and to the film and/or digital files used in connection with the

13  packaging therefor.

14

15  REQUEST FOR PRODUCTION NO. 18:

16          All DOCUMENTS RELATING TO the marketing, advertising,

17  promotion, licensing, offering for sale or sale of the CONTESTED MGA

18  PRODUCTS, including but not limited to all marketing studies, marketing plans,

19  sales plans, sales forecasts, strategies, surveys and analyses and including but not

20  limited to all catalogs, advertisements, brochures, displays and Internet publications.

21

22  REQUEST FOR PRODUCTION NO. 19:

23          All DOCUMENTS RELATING TO the ownership of any right, title or

24  interest, whether in whole or in part, in or to the CONTESTED MGA PRODUCTS.

25

26  REQUEST FOR PRODUCTION NO. 20:

27          All DOCUMENTS RELATING TO any copyright, patent, design right

28  or any other registration or application for registration of the CONTESTED MGA

EXHIBIT 30
PAGE 454

1  PRODUCTS, including but not limited to the complete file history relating thereto,

2  all COMMUNICATIONS relating thereto, and all filings, declarations, affidavits,

3  correspondence, notes and other DOCUMENTS relating thereto.

4

5  REQUEST FOR PRODUCTION NO. 21:

6          Documents sufficient to identify each of the CONTESTED MGA

7  PRODUCTS by internal job or product number, SKU, and bar code number.

8

9  REQUEST FOR PRODUCTION NO. 22:

10          Documents sufficient to identify the individuals who worked on or

11  were involved in any manner with the invention, creation, origin, conception,

12  authorship, or design of the CONTESTED MGA PRODUCTS.

13

14  REQUEST FOR PRODUCTION NO. 23:

15          All DOCUMENTS RELATING TO the display, exhibition,

16  distribution, publication, circulation, or other dissemination of the CONTESTED

17  MGA PRODUCTS to distributors, the media, or the public, including but not

18  limited to toy and trade shows and conventions.

19

20  REQUEST FOR PRODUCTION NO. 24:

21          All DOCUMENTS RELATING TO any contracts or licenses entered

22  into, negotiated, proposed, or requested RELATING TO any of the CONTESTED

23  MGA PRODUCTS.

24

25  REQUEST FOR PRODUCTION NO. 25:

26          All DOCUMENTS RELATING TO any actual, proposed, offered, or

27  requested licensing, sale, or purchase of the CONTESTED MGA PRODUCTS,

28

-18-

EXHIBIT 30
PAGE 455

1  including but not limited to all contracts and proposed or offered contracts relating
2  thereto.

3

4  REQUEST FOR PRODUCTION NO. 26:

5      All DOCUMENTS RELATING TO the target market or potential
6  target market, and the demographics of any actual, potential or prospective
7  consumers, customers, purchasers or licensees of the CONTESTED MGA
8  PRODUCTS.

9

10  REQUEST FOR PRODUCTION NO. 27:

11      All DOCUMENTS RELATING TO the number of units of the
12  CONTESTED MGA PRODUCTS manufactured, produced, ordered, stored in
13  inventory, imported, exported, shipped, sold, or offered for sale by any PERSON,
14  including but not limited to YOU.

15

16  REQUEST FOR PRODUCTION NO. 28:

17      All DOCUMENTS RELATING TO revenues received by YOU in
18  connection with each of the CONTESTED MGA PRODUCTS.

19

20  REQUEST FOR PRODUCTION NO. 29:

21      All DOCUMENTS RELATING TO YOUR costs, including but not
22  limited to YOUR per-unit cost, for each of the CONTESTED MGA PRODUCTS.

23

24  REQUEST FOR PRODUCTION NO. 30:

25      All DOCUMENTS RELATING TO YOUR profits, including but not
26  limited to gross, incremental and net profits, for each of the CONTESTED MGA
27  PRODUCTS.

28

07975/1928319.2

-19-

EXHIBIT 30
PAGE 456

1  REQUEST FOR PRODUCTION NO. 31:

2          All DOCUMENTS RELATING TO any complaints or dissatisfaction

3  concerning the CONTESTED MGA PRODUCTS, including but not limited to

4  DOCUMENTS recording the returns of, or the number of or rate of defects for, such

5  products.

6

7  REQUEST FOR PRODUCTION NO. 32:

8          All DOCUMENTS RELATING TO the belief of any PERSON

9  (whether or not such belief is accurate) as to the origin, affiliation, sponsorship or

10 association of the CONTESTED MGA PRODUCTS, including but not limited to all

11 studies, surveys, interviews, reports, and COMMUNICATIONS regarding any such

12 belief.

13

14 REQUEST FOR PRODUCTION NO. 33:

15         All DOCUMENTS RELATING TO the belief of any PERSON

16 (whether or not such belief is accurate) as to the origin, affiliation, sponsorship or

17 association of the CONTESTED MATTEL PRODUCTS, including but not limited

18 to all studies, surveys, interviews, reports and COMMUNICATIONS regarding any

19 such belief.

20

21 REQUEST FOR PRODUCTION NO. 34:

22         All DOCUMENTS RELATING TO any potential or actual confusion,

23 any potential or actual mistake or any potential or actual deception of any PERSON

24 as to the origin, affiliation, sponsorship or association of the CONTESTED MGA

25 PRODUCTS, including but not limited to all studies, surveys, interviews, reports

26 and COMMUNICATIONS regarding any such confusion, mistake or deception.

27

28

EXHIBIT _30_
PAGE _457_

1 REQUEST FOR PRODUCTION NO. 35:

2       All DOCUMENTS RELATING TO any potential or actual confusion,
3 any potential or actual mistake or any potential or actual deception of any PERSON
4 as to the origin, affiliation, sponsorship or association of the CONTESTED
5 MATTEL PRODUCTS, including but not limited to all studies, surveys, interviews,
6 reports and COMMUNICATIONS regarding any such confusion, mistake or
7 deception.

8

9 REQUEST FOR PRODUCTION NO. 36:

10       All DOCUMENTS RELATING TO any consumer studies, reports,
11 surveys, interviews or reports regarding the CONTESTED MGA PRODUCTS or
12 the CONTESTED MATTEL PRODUCTS.

13

14 REQUEST FOR PRODUCTION NO. 37:

15       All DOCUMENTS RELATING TO the marketing, advertising,
16 promotion, licensing, offering for sale or sale of the CONTESTED MATTEL
17 PRODUCTS, including but not limited to all marketing studies, marketing plans,
18 sales plans, sales forecasts, strategies, surveys and analyses and including but not
19 limited to all catalogs, advertisements, brochures, displays and Internet publications.

20

21 REQUEST FOR PRODUCTION NO. 38:

22       All DOCUMENTS RELATING TO the ownership of any right, title or
23 interest, whether in whole or in part, in or to the CONTESTED MATTEL
24 PRODUCTS.

25

26

27

28

EXHIBIT 30
PAGE 458

1  REQUEST FOR PRODUCTION NO. 39:

2        All DOCUMENTS RELATING TO the invention, creation, origin,

3  conception, authorship, design, and ownership of the CONTESTED MATTEL

4  PRODUCTS.

5

6  REQUEST FOR PRODUCTION NO. 40:

7        All DOCUMENTS RELATING TO the display, exhibition,

8  distribution, publication, circulation, or other dissemination of the CONTESTED

9  MATTEL PRODUCTS to distributors, the media, or the public, including but not

10  limited to toy and trade shows and conventions.

11

12  REQUEST FOR PRODUCTION NO. 41:

13        All COMMUNICATIONS between YOU and any stock analyst,

14  investment analyst, investment bank, institutional lender, or venture capital fund

15  since January 1, 1999.

16

17  REQUEST FOR PRODUCTION NO. 42:

18        All COMMUNICATIONS between YOU and any individual while the

19  individual was employed by MATTEL.

20

21  REQUEST FOR PRODUCTION NO. 43:

22        All COMMUNICATIONS between YOU and MATTEL RELATING

23  TO the CONTESTED MGA PRODUCTS or the CONTESTED MATTEL

24  PRODUCTS.

25

26

27

28

-22-

EXHIBIT 30
PAGE 459

1 REQUEST FOR PRODUCTION NO. 44:

2 All COMMUNICATIONS between YOU and any PERSON

3 RELATING TO the claims made in YOUR COMPLAINT or the facts that YOU

4 contend support such claims.

5

6 REQUEST FOR PRODUCTION NO. 45:

7 All DOCUMENTS RELATING TO YOUR knowledge of MATTEL's

8 alleged infringement of YOUR claimed EMBODIMENTS.

9

10 REQUEST FOR PRODUCTION NO. 46:

11 All DOCUMENTS RELATING TO any unjust enrichment, damage,

12 loss, or injury that YOU claim has been sustained by reason of any act or omission

13 by MATTEL, including but not limited to all DOCUMENTS RELATING TO any

14 alleged lost profits, lost sales, lost opportunity, lost license, price erosion,

15 consequential or incidental damage, information or intellectual property provided to

16 any competitor, or benefit obtained by any competitor, including but not limited to

17 all DOCUMENTS RELATING TO the causation for any such alleged unjust

18 enrichment, damage, loss, or injury.

19

20 REQUEST FOR PRODUCTION NO. 47:

21 All DOCUMENTS supporting YOUR contention that MATTEL

22 created, designed, derived, or developed products, packaging, and advertising using

23 concepts, products, or intellectual property owned by YOU.

24

25 REQUEST FOR PRODUCTION NO. 48:

26 All DOCUMENTS RELATING TO the copying, reproduction or use

27 of any MATTEL work, product, or EMBODIMENT by YOU or on YOUR behalf.

28

**EXHIBIT** 30
**PAGE** 460

1  REQUEST FOR PRODUCTION NO. 49:

2         All DOCUMENTS RELATING TO any similarity or dissimilarity

3  between, on the one hand, any of the CONTESTED MGA PRODUCTS and any

4  other work or product developed, manufactured, or distributed by any other person

5  or entity, including but not limited to MATTEL.

6

7  REQUEST FOR PRODUCTION NO. 50:

8         All DOCUMENTS RELATING TO the reasons why consumers

9  purchase any of the CONTESTED MGA PRODUCTS, including but not limited to

10  all consumer surveys, studies and comments pertaining thereto.

11

12  REQUEST FOR PRODUCTION NO. 51:

13         All DOCUMENTS RELATING TO the channels of trade or potential

14  or prospective channels of trade for the CONTESTED MGA PRODUCTS.

15

16  REQUEST FOR PRODUCTION NO. 52:

17         All DOCUMENTS RELATING TO any similarity or dissimilarity

18  between any of the CONTESTED MGA PRODUCTS and any EMBODIMENTS

19  authored, created, distributed, made, sold or offered for sale by any PERSON other

20  than YOU.

21

22  REQUEST FOR PRODUCTION NO. 53:

23         All DOCUMENTS RELATING TO any similarity or dissimilarity

24  between any of the CONTESTED MGA PRODUCTS and any of the CONTESTED

25  MATTEL PRODUCTS.

26

27

28

07975/1928319.2

-24-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT 30
PAGE 461

1 REQUEST FOR PRODUCTION NO. 54:

2         All DOCUMENTS RELATING TO any COMMUNICATION by

3 YOU with any news organization regarding the CONTESTED MGA PRODUCTS

4 or the CONTESTED MATTEL PRODUCTS.

5

6 REQUEST FOR PRODUCTION NO. 55:

7         All periodicals, whether they be magazines, newspapers, newsletters, or

8 any other type of periodical, that mention the CONTESTED MGA PRODUCTS that

9 have been published since January 1, 1999.

10

11 REQUEST FOR PRODUCTION NO. 56:

12         All television or radio broadcasts or cablecasts that mention the

13 CONTESTED MGA PRODUCTS that have been disseminated since January 1,

14 1999.

15

16 REQUEST FOR PRODUCTION NO. 57:

17         All Internet postings or COMMUNICATIONS that mention the

18 CONTESTED MGA PRODUCTS that have been disseminated since January 1,

19 1999.

20

21 REQUEST FOR PRODUCTION NO. 58:

22         All DOCUMENTS RELATING TO publicity by YOU or about the

23 CONTESTED MGA PRODUCTS since January 1, 1999, including but not limited

24 to advertising, media releases, and public relations material.

25

26 REQUEST FOR PRODUCTION NO. 59:

27         All DOCUMENTS RELATING TO any effort by YOU to recruit

28 employees or contractors since January 1, 1999, including but not limited to

EXHIBIT 30
PAGE 462

1 advertising, media releases, brochures, articles, catalogs, handbooks, and public
2 relations material.

3

4 REQUEST FOR PRODUCTION NO. 60:

5    All DOCUMENTS RELATING TO the hiring, engagement, or
6 retention by YOU of any current or former MATTEL employee or contractor since
7 January 1, 1999, including but not limited to all employment agreements and
8 agreements RELATING TO confidentiality or the invention, authorship, or
9 ownership of any concept or product.

10

11 REQUEST FOR PRODUCTION NO. 61:

12    All DOCUMENTS RELATING TO any of the CONTESTED
13 MATTEL PRODUCTS that were obtained by YOU before the date that such
14 product was first offered for sale to the general public.

15

16 REQUEST FOR PRODUCTION NO. 62:

17    All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
18 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
19 deletion or use of any DOCUMENTS, data and/or information, including but not
20 limited to any compilation of information, that was prepared, made, created,
21 generated, assembled or compiled by or for MATTEL and that was not publicly
22 available at the time of YOUR receipt of such DOCUMENT, data and/or
23 information.

24

25 REQUEST FOR PRODUCTION NO. 63:

26    All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
27 knowledge of any MATTEL product prior to the time that such product had been
28

EXHIBIT 30
PAGE 463

1 announced or disclosed by MATTEL to retailers or the public, including but not

2 limited to the CONTESTED MATTEL PRODUCTS.

3

4 REQUEST FOR PRODUCTION NO. 64:

5        All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

6 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

7 deletion or use of any MATTEL line list or other DOCUMENT prepared by

8 MATTEL identifying MATTEL products in the planning, design or development

9 phase.

10

11 REQUEST FOR PRODUCTION NO. 65:

12        Copies of all DOCUMENTS that were seized by Mexican authorities

13 from MGA's office in Mexico City, Mexico.

14

15 REQUEST FOR PRODUCTION NO. 66:

16        All DOCUMENTS RELATING TO the DOCUMENTS, data and/or

17 information that were seized by Mexican authorities from MGA's office in Mexico

18 City, Mexico.

19

20 REQUEST FOR PRODUCTION NO. 67:

21        All DOCUMENTS, including all COMMUNICATIONS, RELATING

22 to the search of MGA's office in Mexico City, Mexico that was conducted by

23 Mexican authorities.

24

25 REQUEST FOR PRODUCTION NO. 68:

26        All DOCUMENTS RELATING TO the email account

27 <plot04@aol.com>, including but not limited to all emails and attachments sent

28

EXHIBIT 30
PAGE 464

1  from, sent to, received by, transmitted by way of or through and/or stored in such
2  account in any manner.

3

4  REQUEST FOR PRODUCTION NO. 69:

5          All DOCUMENTS RELATING TO when the email account
6  <plot04@aol.com> was first registered, set up or established.

7

8  REQUEST FOR PRODUCTION NO. 70:

9          All DOCUMENTS identifying each PERSON who registered, set up,
10 established or used the email account <plot04@aol.com>.

11

12 REQUEST FOR PRODUCTION NO. 71:

13         All COMMUNICATIONS between YOU and Carlos Gustavo
14 Machado Gomez ("Machado") prior to April 20, 2004.

15

16 REQUEST FOR PRODUCTION NO. 72:

17         All DOCUMENTS RELATING TO COMMUNICATIONS between
18 YOU and Machado prior to April 20, 2004, including but not limited to all calendar
19 entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21 REQUEST FOR PRODUCTION NO. 73:

22         All DOCUMENTS, including but not limited to all
23 COMMUNICATIONS with any PERSON, RELATING TO Machado prior to April
24 20, 2004.

25

26

27

28

07975/1928319.2

-28-

EXHIBIT 30
PAGE 465

1 | REQUEST FOR PRODUCTION NO. 74:

2 | All DOCUMENTS, including but not limited to all

3 | COMMUNICATIONS with any PERSON, RELATING TO Machado's resignation

4 | from Mattel.

5 |

6 | REQUEST FOR PRODUCTION NO. 75:

7 | All DOCUMENTS, including but not limited to all

8 | COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9 | or any other item of value paid to Machado, whether directly or indirectly, by YOU.

10 |

11 | REQUEST FOR PRODUCTION NO. 76:

12 | All DOCUMENTS received by YOU, directly or indirectly, from

13 | Machado RELATING TO any MATTEL product or plan.

14 |

15 | REQUEST FOR PRODUCTION NO. 77:

16 | All DOCUMENTS, including but not limited to all

17 | COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18 | reproduction, copying, storage, transmission, transfer, retention, destruction,

19 | deletion or use of any DOCUMENTS, data and/or information, including but not

20 | limited to any compilation of information, that was prepared, made, created,

21 | generated, assembled or compiled by or for MATTEL and that YOU received,

22 | directly or indirectly, from Machado.

23 |

24 | REQUEST FOR PRODUCTION NO. 78:

25 | A copy of each personnel file maintained or created by YOU

26 | RELATING TO Machado.

27 |

28 |

07975/1928319.2

-29-

**EXHIBIT** 30
**PAGE** 466

REQUEST FOR PRODUCTION NO. 79:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Machado RELATING TO any of the CONTESTED MGA PRODUCTS.

REQUEST FOR PRODUCTION NO. 80:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or in part, by Machado RELATING TO any of the CONTESTED MATTEL PRODUCTS.

REQUEST FOR PRODUCTION NO. 81:

All COMMUNICATIONS between YOU and Mariana Trueba Almada ("Trueba") prior to April 20, 2004.

REQUEST FOR PRODUCTION NO. 82:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and Trueba prior to April 20, 2004, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 83:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO Trueba prior to April 20, 2004.

EXHIBIT 30
PAGE 467

1  REQUEST FOR PRODUCTION NO. 84:

2      All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Trueba's resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 85:

7      All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Trueba, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 86:

12      All DOCUMENTS received by YOU, directly or indirectly, from

13  Trueba RELATING TO any MATTEL product or plan.

14  .

15  REQUEST FOR PRODUCTION NO. 87:

16      All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not.

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Trueba.

23

24  REQUEST FOR PRODUCTION NO. 88:

25      A copy of each personnel file maintained or created by YOU

26  RELATING TO Trueba.

27

28

-31-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT 3O
PAGE 468

1 REQUEST FOR PRODUCTION NO. 89:

2          All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4 in part, by Trueba RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6 REQUEST FOR PRODUCTION NO. 90:

7          All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9 in part, by Trueba RELATING TO any of the CONTESTED MATTEL

10 PRODUCTS.

11

12 REQUEST FOR PRODUCTION NO. 91:

13          All COMMUNICATIONS between YOU and Pablo Vargas San Jose

14 ("Vargas") prior to April 20, 2004.

15

16 REQUEST FOR PRODUCTION NO. 92:

17          All DOCUMENTS RELATING TO COMMUNICATIONS between

18 YOU and Vargas prior to April 20, 2004, including but not limited to all calendar

19 entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21 REQUEST FOR PRODUCTION NO. 93:

22          All DOCUMENTS, including but not limited to all

23 COMMUNICATIONS with any PERSON, RELATING TO Vargas prior to April

24 20, 2004.

25

26

27

28

-32-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT 30
PAGE 469

1 <u>REQUEST FOR PRODUCTION NO. 94</u>:

2       All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS with any PERSON, RELATING TO Vargas' resignation

4 from Mattel.

5

6 <u>REQUEST FOR PRODUCTION NO. 95</u>:

7       All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9 or any other item of value paid to Vargas, whether directly or indirectly, by YOU.

10

11 <u>REQUEST FOR PRODUCTION NO. 96</u>:

12       All DOCUMENTS received by YOU, directly or indirectly, from

13 Vargas RELATING TO any MATTEL product or plan.

14

15 <u>REQUEST FOR PRODUCTION NO. 97</u>:

16       All DOCUMENTS, including but not limited to all

17 COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18 reproduction, copying, storage, transmission, transfer, retention, destruction,

19 deletion or use of any DOCUMENTS, data and/or information, including but not

20 limited to any compilation of information, that was prepared, made, created,

21 generated, assembled or compiled by or for MATTEL and that YOU received,

22 directly or indirectly, from Vargas.

23

24 <u>REQUEST FOR PRODUCTION NO. 98</u>:

25       A copy of each personnel file maintained or created by YOU

26 RELATING TO Vargas.

27

28

07975/1928319.2

-33-

**EXHIBIT** 30
**PAGE** 470

1 REQUEST FOR PRODUCTION NO. 99:

2            All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4 in part, by Vargas RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6 REQUEST FOR PRODUCTION NO. 100:

7            All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9 in part, by Vargas RELATING TO any of the CONTESTED MATTEL

10 PRODUCTS.

11

12 REQUEST FOR PRODUCTION NO. 101:

13            All COMMUNICATIONS between YOU and Janine Brisbois

14 ("Brisbois") prior to September 27, 2005.

15

16 REQUEST FOR PRODUCTION NO. 102:

17            All DOCUMENTS RELATING TO COMMUNICATIONS between

18 YOU and Brisbois prior to September 27, 2005, including but not limited to all

19 calendar entries, phone logs, phone records and notes reflecting such

20 COMMUNICATIONS.

21

22 REQUEST FOR PRODUCTION NO. 103:

23            All DOCUMENTS, including but not limited to all

24 COMMUNICATIONS with any PERSON, RELATING TO Brisbois prior to

25 September 27, 2005.

26

27

28

07975/1928319.2

-34-

EXHIBIT 3ᵇ
PAGE 47l

1  REQUEST FOR PRODUCTION NO. 104:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, RELATING TO Brisbois' resignation

4  from Mattel.

5

6  REQUEST FOR PRODUCTION NO. 105:

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9  or any other item of value paid to Brisbois, whether directly or indirectly, by YOU.

10

11  REQUEST FOR PRODUCTION NO. 106:

12          All DOCUMENTS received by YOU, directly or indirectly, from

13  Brisbois RELATING TO any MATTEL product or plan.

14

15  REQUEST FOR PRODUCTION NO. 107:

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MATTEL and that YOU received,

22  directly or indirectly, from Brisbois.

23

24  REQUEST FOR PRODUCTION NO. 108:

25          A copy of each personnel file maintained or created by YOU

26  RELATING TO Brisbois.

27

28

EXHIBIT 30
PAGE 472

1 | REQUEST FOR PRODUCTION NO. 109:

2 | All DOCUMENTS, including but not limited to all

3 | COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

4 | in part, by Brisbois RELATING TO any of the CONTESTED MGA PRODUCTS.

5

6 | REQUEST FOR PRODUCTION NO. 110:

7 | All DOCUMENTS, including but not limited to all

8 | COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

9 | in part, by Brisbois RELATING TO any of the CONTESTED MATTEL

10 | PRODUCTS.

11

12 | REQUEST FOR PRODUCTION NO. 111:

13 | All COMMUNICATIONS between YOU and Ron Brawer ("Brawer")

14 | prior to October 2, 2004.

15

16 | REQUEST FOR PRODUCTION NO. 112:

17 | All DOCUMENTS RELATING TO COMMUNICATIONS between

18 | YOU and Brawer prior to October 2, 2004, including but not limited to all calendar

19 | entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

20

21 | REQUEST FOR PRODUCTION NO. 113:

22 | All DOCUMENTS, including but not limited to all

23 | COMMUNICATIONS with any PERSON, RELATING TO Brawer prior to

24 | October 2, 2004.

25

26

27

28

07975/1928319.2

-36-

**EXHIBIT** 30
**PAGE** 473

1 REQUEST FOR PRODUCTION NO. 114:

2       All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS with any PERSON, RELATING TO Brawer's resignation

4 from Mattel.

5

6 REQUEST FOR PRODUCTION NO. 115:

7       All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS with any PERSON, RELATING TO compensation, money

9 or any other item of value paid to Brawer, whether directly or indirectly, by YOU.

10

11 REQUEST FOR PRODUCTION NO. 116:

12       All DOCUMENTS received by YOU, directly or indirectly, from

13 Brawer RELATING TO any MATTEL product or plan.

14

15 REQUEST FOR PRODUCTION NO. 117:

16       All DOCUMENTS, including but not limited to all

17 COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

18 reproduction, copying, storage, transmission, transfer, retention, destruction,

19 deletion or use of any DOCUMENTS, data and/or information, including but not

20 limited to any compilation of information, that was prepared, made, created,

21 generated, assembled or compiled by or for MATTEL and that YOU received,

22 directly or indirectly, from Brawer.

23

24 REQUEST FOR PRODUCTION NO. 118:

25       All DOCUMENTS RELATING TO the existence or extent of

26 competition or substitution between any of the CONTESTED MGA PRODUCTS

27 and any of the CONTESTED MATTEL PRODUCTS.

28

07975/1928319.2

-37-

**EXHIBIT** 30
**PAGE** 474

1  REQUEST FOR PRODUCTION NO. 119:

2         All DOCUMENTS RELATING TO the facts that YOU contend

3  support the claims for relief in YOUR COMPLAINT.

4

5  REQUEST FOR PRODUCTION NO. 120:

6         All DOCUMENTS RELATING TO any claim by YOU that any of the

7  CONTESTED MGA PRODUCTS have acquired secondary meaning or are famous.

8

9  REQUEST FOR PRODUCTION NO. 121:

10        All DOCUMENTS RELATING TO any claim by YOU that

11  MATTEL's actions have caused actual dilution.

12

13  REQUEST FOR PRODUCTION NO. 122:

14        All DOCUMENTS RELATING TO the allegation in Paragraph 9 of

15  YOUR COMPLAINT that "Mattel has intimidated, coerced and threatened retailers,

16  licensees, suppliers and others in the industry."

17

18  REQUEST FOR PRODUCTION NO. 123:

19        All DOCUMENTS RELATING TO the allegation in Paragraph 9 of

20  YOUR COMPLAINT that "Mattel has . . . serially imitated and copy-catted [sic] the

21  look of MGA products, trade dress, trademarks, themes, ideas, advertising and

22  packaging."

23

24  REQUEST FOR PRODUCTION NO. 124:

25        All DOCUMENTS RELATING TO the allegation in Paragraphs 34

26  and 36 of YOUR COMPLAINT that the Bratz dolls launched in 2001 were "unique

27  and distinctive."

28

1 REQUEST FOR PRODUCTION NO. 125:

2        All DOCUMENTS RELATING TO any allegation by YOU that YOU

3 have any legally protected interest in any of the following "themes" or any other

4 Bratz "theme" that you contend was copied by MATTEL: "Winter Wonderland,"

5 "Bratz Sportz," "Formal Funk," "Sun-Kissed Summer."

6

7 REQUEST FOR PRODUCTION NO. 126:

8        All DOCUMENTS RELATING TO any allegation by YOU that YOU

9 have any legally protected interest in any "color scheme" that you contend was

10 copied by MATTEL.

11

12 REQUEST FOR PRODUCTION NO. 127:

13        All DOCUMENTS RELATING TO the allegation in Paragraph 56 of

14 YOUR COMPLAINT that the press has confused YOUR products with those of

15 MATTEL, or vice versa.

16

17 REQUEST FOR PRODUCTION NO. 128:

18        All DOCUMENTS RELATING TO any allegation by YOU that

19 anyone has confused any commercial for YOUR Funky Fashion Makeover Head

20 with any commercial for MATTEL's My Scene Styling Head.

21

22 REQUEST FOR PRODUCTION NO. 129:

23        All DOCUMENTS RELATING TO any allegation by YOU that

24 MATTEL has used any "tag line" allegedly belonging to YOU, including but not

25 limited to "Passion for Fashion" or any derivative thereof.

26

27

28

EXHIBIT 30
PAGE 476

1  REQUEST FOR PRODUCTION NO. 130:

2          All DOCUMENTS RELATING TO the allegation in Paragraph 61 of

3  YOUR COMPLAINT that retailers have been confused by Bratz Petz and

4  MATTEL's My Scene Pets, including but not limited to YOUR allegation that "even

5  sophisticated retailers . . . have mistakenly merchandised 'My Scene' dogs in the

6  middle of the 'BRATZ' section of a retail display, next to and as if they were part of

7  MGA's 'BRATZ Petz' line."

8

9  REQUEST FOR PRODUCTION NO. 131:

10          All DOCUMENTS RELATING TO the allegation in Paragraph 62 of

11  YOUR COMPLAINT that advertising executives have "expressed concern" about

12  "Bratz" and Mattel's "My Scene," including but not limited to the alleged remarks

13  set forth in Paragraph 62.

14

15  REQUEST FOR PRODUCTION NO. 132:

16          All DOCUMENTS RELATING TO the allegations in Paragraph 63 of

17  YOUR COMPLAINT that the press "has taken notice" of alleged confusion

18  between "Bratz" and Mattel's "My Scene," including but not limited to the alleged

19  remarks set forth in Paragraph 63.

20

21  REQUEST FOR PRODUCTION NO. 133:

22          All DOCUMENTS RELATING TO the allegation in Paragraph 64 of

23  YOUR COMPLAINT that customers have contacted YOU to purchase Mattel's "My

24  Scene" dolls.

25

26

27

28

07975/1928319.2

EXHIBIT 30
PAGE 777

1  REQUEST FOR PRODUCTION NO. 134:

2  All DOCUMENTS RELATING TO any allegation by YOU that YOU

3  have a legally protected interest in what YOU describe in Paragraph 71 of YOUR

4  COMPLAINT as "MGA's 'other-worldly' theme."

5

6  REQUEST FOR PRODUCTION NO. 135:

7  All DOCUMENTS RELATING TO the allegation in Paragraph 71 of

8  YOUR COMPLAINT that MATTEL's commercials and product "mimic[] MGA's

9  alien theme and commercials in which MGA's 'AlienRacers' are engaged in a 'race

10  to save the universe.'"

11

12  REQUEST FOR PRODUCTION NO. 136:

13  All DOCUMENTS RELATING TO the allegation in Paragraph 74 of

14  YOUR COMPLAINT that MATTEL has engaged in "strong-arm tactics, and other

15  illegitimate, unfair and anti-competitive means."

16

17  REQUEST FOR PRODUCTION NO. 137:

18  All DOCUMENTS RELATING TO the allegations in Paragraph 75 of

19  YOUR COMPLAINT regarding MATTEL's dealings and COMMUNICATIONS

20  with former employees, including but not limited to all COMMUNICATIONS

21  between YOU and any present or former employees or contractors of MATTEL.

22

23  REQUEST FOR PRODUCTION NO. 138:

24  All COMMUNICATIONS between YOU and any PERSON

25  RELATING TO the departure from MATTEL of any current or former MATTEL

26  employee or contractor.

27

28

EXHIBIT 30
PAGE 478

REQUEST FOR PRODUCTION NO. 139:

All COMMUNICATIONS between YOU and any PERSON RELATING TO the obligations to MATTEL, including the duty of confidentiality, of any current or former MATTEL employee or contractor.

REQUEST FOR PRODUCTION NO. 140:

All COMMUNICATIONS between YOU and any current or former MATTEL employee or contractor RELATING TO the ownership of any idea, concept, design, or product.

REQUEST FOR PRODUCTION NO. 141:

All COMMUNICATIONS between YOU and any PERSON RELATING TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MATTEL employee or contractor.

REQUEST FOR PRODUCTION NO. 142:

All DOCUMENTS RELATING TO the "warnings" or "threats" alleged in Paragraph 76 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS with any present or former licensees of MATTEL.

REQUEST FOR PRODUCTION NO. 143:

All DOCUMENTS RELATING TO the "intimidation" alleged in Paragraph 77 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS with any present or former distributors and retailers of MGA and MATTEL products.

EXHIBIT  30
PAGE  479

1 | REQUEST FOR PRODUCTION NO. 144:

2 | All COMMUNICATIONS between YOU and any retailer, wholesaler

3 | or distributor RELATING TO the CONTESTED MATTEL PRODUCTS.

4 |

5 | REQUEST FOR PRODUCTION NO. 145:

6 | All DOCUMENTS RELATING TO the allegation in Paragraph 78 of

7 | YOUR COMPLAINT that MATTEL was responsible for what YOU refer to as a

8 | "shortage of doll hair in October 2002."

9 |

10 | REQUEST FOR PRODUCTION NO. 146:

11 | All DOCUMENTS RELATING TO the allegation in Paragraph 79 of

12 | YOUR COMPLAINT that MATTEL has "manipulated the retail market," including

13 | but not limited to all COMMUNICATIONS with any persons RELATING TO

14 | YOUR allegation that "Mattel merchandisers have been caught tampering with

15 | MGA's retail displays."

16 |

17 | REQUEST FOR PRODUCTION NO. 147:

18 | All DOCUMENTS RELATING TO any allegation by YOU that

19 | MATTEL has made false statements about YOU or YOUR business practices,

20 | including but not limited to the allegations in Paragraph 79 of YOUR

21 | COMPLAINT.

22 |

23 | REQUEST FOR PRODUCTION NO. 148:

24 | All DOCUMENTS RELATING TO any allegation by YOU that

25 | MATTEL has violated any rules or restrictions relating to data provided to

26 | subscribers by NPD or engaged in any other wrongful conduct relating to NPD.

27 |

28 |

07975/1928319.2

-43-

EXHIBIT 30
PAGE 480

REQUEST FOR PRODUCTION NO. 149:

All DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and NPD, other than periodic reports, between January 1, 2000 and the present.

REQUEST FOR PRODUCTION NO. 150:

DOCUMENTS sufficient to show the status of YOUR NPD subscription between January 1, 2000 and the present.

REQUEST FOR PRODUCTION NO. 151:

All DOCUMENTS RELATING TO the allegation in Paragraph 89 of YOUR COMPLAINT that MATTEL "used its influence . . . to induce CARU to place onerous restrictions on MGA advertisements, and require MGA to amend aspects of commercials that have gone unchallenged in other parties' commercials."

REQUEST FOR PRODUCTION NO. 152:

All DOCUMENTS RELATING TO any COMMUNICATIONS between YOU and CARU between January 1, 2000 and the present.

REQUEST FOR PRODUCTION NO. 153:

All DOCUMENTS RELATING TO any allegation by YOU that MATTEL has exercised improper influence with or within TIA, including but not limited to the procedures for and manner in which the Toy of the Year was selected for 2003.

REQUEST FOR PRODUCTION NO. 154:

All DOCUMENTS RELATING TO any COMMUNICATIONS with TIA RELATING TO Toy of the Year since January 1, 2000.

MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

07975/1928319.2

EXHIBIT 30
PAGE 481

1  REQUEST FOR PRODUCTION NO. 155:

2          All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

3  YOUR COMPLAINT that MATTEL has "willfully and maliciously used its power,

4  influence and intimidation to threaten certain retailers, suppliers, licensees,

5  distributors and manufacturers so as to limit, if not prevent, MGA from doing

6  business with these retailers, suppliers, licensees, distributors and manufacturers,

7  using its power and influence to intimidate and manipulate industry bodies."

8

9  REQUEST FOR PRODUCTION NO. 156:

10          All DOCUMENTS RELATING TO the allegation in Paragraph 113 of

11  YOUR COMPLAINT that MATTEL has "used its power and influence to attempt

12  to, if not actually, intimidate and threaten MGA's current and potential employees so

13  as to cause MGA competitive injury."

14

15  REQUEST FOR PRODUCTION NO. 157:

16          YOUR quarterly and annual profit and loss statements (both audited

17  and unaudited) for the years 2000 through the present, inclusive.

18

19  REQUEST FOR PRODUCTION NO. 158:

20          YOUR quarterly and annual financial statements (both audited and

21  unaudited) for the years 2000 through the present, inclusive.

22

23  REQUEST FOR PRODUCTION NO. 159:

24          YOUR annual reports for each of the years 2000 through the present,

25  inclusive.

26

27

28

-45-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT 30
PAGE 482

1  REQUEST FOR PRODUCTION NO. 160:

2          All DOCUMENTS received from MATTEL (whether directly or

3  indirectly) by YOU at any time since January 1, 1999.

4

5  REQUEST FOR PRODUCTION NO. 161:

6          All DOCUMENTS that YOU have reason to believe were created by or

7  originated from MATTEL, other than MATTEL products that YOU purchased at

8  retail.

9

10 REQUEST FOR PRODUCTION NO. 162:

11         All DOCUMENTS RELATING TO the destruction or retention of any

12 DOCUMENT RELATING TO the CONTESTED MGA PRODUCTS or the

13 CONTESTED MATTEL PRODUCTS.

14

15 REQUEST FOR PRODUCTION NO. 163:

16         All internal MGA COMMUNICATIONS and schedules RELATING

17 TO document retention or destruction between January 1, 1999 and the present.

18

19 REQUEST FOR PRODUCTION NO. 164:

20         All DOCUMENTS RELATING TO any COMMUNICATIONS with,

21 or inquiry or investigation by, any government entity RELATING TO the

22 CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS.

23

24 REQUEST FOR PRODUCTION NO. 165:

25         All DOCUMENTS RELATING TO any COMMUNICATIONS with,

26 or inquiry or investigation by, any toy industry organization, safety compliance, or

27 consumer organization RELATING TO the CONTESTED MGA PRODUCTS or

28 the CONTESTED MATTEL PRODUCTS.

07975/1928319.2

-46-

EXHIBIT 30
PAGE 483

REQUEST FOR PRODUCTION NO. 166:

To the extent not produced in response to any other Request for Production, all DOCUMENTS and tangible things upon which YOU intend to rely upon in this action.

DATED: December 18, 2006     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
Timothy L. Alger
Attorneys for Mattel, Inc.

-47-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS (UNFAIR COMPETITION)

EXHIBIT 30
PAGE 484

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On December 18, 2006, I true copies of the following document(s) described as:

## MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC.

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq. | Keith A. Jacoby, Esq. |
| O'Melveny & Myers | Littler Mendelson |
| 400 So. Hope Street | 2049 Century Park East, 5th Floor |
| Los Angeles, CA 90071 | Los Angeles, CA 90067-3107 |
| Telephone: (213) 430-6000 | Telephone: (310) 553-0308 |
| Facsimile: (213) 430-6407 | Facsimile: (310) 553-5583 |

[√]    [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on December 18, 2006 at Los Angeles, California.

David Quintana

07209/2020338.1

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

EXHIBIT  30
PAGE  485

# EXHIBIT 31

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                     UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12                           EASTERN DIVISION

13  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14               Plaintiff,                Consolidated with
                                           Case No. CV 04-09059
15        vs.                              Case No. CV 05-02727

16  MATTEL, INC., a Delaware               MATTEL, INC.'S THIRD SET OF
    corporation,                           REQUESTS FOR DOCUMENTS AND
17                                         THINGS TO MGA
                 Defendant.                ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22

23

24

25

26

27

28

07209/2261215.1

                                        DOCUMENT REQUESTS TO MGA ENTERTAINMENT

                              EXHIBIT  3 )
                              PAGE  486

1       Pursuant to Rule 34 of the Federal Rules of Civil Procedure,

2 Mattel, Inc. hereby requests that MGA Entertainment, Inc. respond to these

3 document requests ("Requests") and make available for inspection and copying

4 originals of the following documents within 30 days of service at the offices of

5 Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6 floor, Los Angeles, CA 90017. MGA Entertainment, Inc. shall be obligated to

7 supplement responses to these requests at such times and to the extent required by

8 Rule 26(e) of the Federal Rules of Civil Procedure.

9

10 **I.    DEFINITIONS**

11

12       For purposes of these Requests, the following definitions apply:

13       A.    "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc.

14 and all of its current or former directors, officers, employees, agents, contractors,

15 attorneys, accountants, representatives, subsidiaries, divisions, AFFILIATES,

16 predecessors-in-interest and successors-in-interest, and any other PERSON acting

17 on its behalf, pursuant to its authority or subject to its control.

18       B.    "MATTEL" means Mattel, Inc. and all of its current or former

19 directors, officers, employees, agents, contractors, attorneys, accountants,

20 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

21 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

22 authority or subject to its control.

23       C.    "AFFILIATES" means any and all corporations, proprietorships,

24 d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

25 indirectly, in whole or in part, own or control, are under common ownership or

26 control with, or are owned or controlled by a PERSON, party or entity, including

27 without limitation each parent, subsidiary and joint venture of such PERSON, party

28 or entity.

-2-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 3)
PAGE 487

1      D.      "PERSON" or "PERSONS" means all natural persons,

2   partnerships, corporations, joint ventures and any kind of business, legal or public

3   entity or organization, as well as its, his or her agents, representatives, employees,

4   officers and directors and any one else acting on its, his or her behalf, pursuant to

5   its, his or her authority or subject to its, his or her control.

6      E.      "BRATZ" means any project, product, doll or DESIGN ever

7   known by that name (whether in whole or in part and regardless of what such

8   project, product or doll is or has been also, previously or subsequently called) and

9   any product, doll or DESIGN or any portion thereof that is now or has ever been

10  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

11  in part and regardless of what such product, doll or DESIGN or portion thereof is or

12  has been also, previously or subsequently called) or that is now or has ever been

13  sold or marketed as part of the "Bratz" line, and each version or iteration of such

14  product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

15  DESIGNS or any portion thereof" also includes without limitation any names,

16  fashions, accessories, artwork, packaging or any other works, materials, matters or

17  items included or associated therewith. Without limiting the generality of the

18  foregoing, the term "BRATZ" does not and shall not require that there be a doll,

19  product or three-dimensional embodiment existing at the time of the event, incident

20  or occurrence that is the subject of, or otherwise relevant or responsive to, the

21  Requests herein.

22     F.      "SCOOTER SAMANTHA" means any project, product, doll or

23  DESIGN ever known by that name (whether in whole or in part and regardless of

24  what such project, product or doll is or has been also, previously or subsequently

25  called) and any product, doll or DESIGN or any portion thereof that is now or has

26  ever been known as, or sold or marketed under, the name or term "Scooter

27  Samantha" (whether in whole or in part and regardless of what such product, doll or

28  DESIGN or portion thereof is or has been also, previously or subsequently called) or

EXHIBIT  3)
PAGE  488

1  that is now or has ever been sold or marketed as part of the "Scooter Samantha"

2  line, and each version or iteration of such product, doll or DESIGN or any portion

3  thereof. As used herein, "product, doll or DESIGNS or any portion thereof" also

4  includes without limitation any names, fashions, accessories, artwork, packaging or

5  any other works, materials, matters or items included or associated therewith.

6  Without limiting the generality of the foregoing, the term "SCOOTER

7  SAMANTHA" does not and shall not require that there be a doll, product or three-

8  dimensional embodiment existing at the time of the event, incident or occurrence

9  that is the subject of, or otherwise relevant or responsive to, the Requests herein.

10        G.    "SPACE BABES" means the project, product, doll or DESIGN

11  referenced in MGA 2144569 or that has ever known by that name (whether in whole

12  or in part and regardless of what such project, product or doll is or has been also,

13  previously or subsequently called) and any product, doll or DESIGN or any portion

14  thereof that is now or has ever been known as, or sold or marketed under, the name

15  or term "Space Babes" (whether in whole or in part and regardless of what such

16  product, doll or DESIGN or portion thereof is or has been also, previously or

17  subsequently called) or that is now or has ever been sold or marketed as part of the

18  "Scooter Samantha" line, and each version or iteration of such product, doll or

19  DESIGN or any portion thereof. As used herein, "product, doll or DESIGNS or any

20  portion thereof" also includes without limitation any names, fashions, accessories,

21  artwork, packaging or any other works, materials, matters or items included or

22  associated therewith. Without limiting the generality of the foregoing, the term

23  "SPACE BABES" does not and shall not require that there be a doll, product or

24  three-dimensional embodiment existing at the time of the event, incident or

25  occurrence that is the subject of, or otherwise relevant or responsive to, the Requests

26  herein.

27        H.    "SCOOTER SHANNEN" means any project, product, doll or

28  DESIGN ever known by that name (whether in whole or in part and regardless of

07209/2261215.1

-4-

EXHIBIT 3)
PAGE 489

1  what such project, product or doll is or has been also, previously or subsequently
2  called) and any product, doll or DESIGN or any portion thereof that is now or has
3  ever been known as, or sold or marketed under, the name or term "Scooter Shannen"
4  (whether in whole or in part and regardless of what such product, doll or DESIGN
5  or portion thereof is or has been also, previously or subsequently called) or that is
6  now or has ever been sold or marketed as part of the "Scooter Shannen" line, and
7  each version or iteration of such product, doll or DESIGN or any portion thereof.
8  As used herein, "product, doll or DESIGNS or any portion thereof" also includes
9  without limitation any names, fashions, accessories, artwork, packaging or any other
10  works, materials, matters or items included or associated therewith. Without
11  limiting the generality of the foregoing, the term "SCOOTER SHANNEN" does not
12  and shall not require that there be a doll, product or three-dimensional embodiment
13  existing at the time of the event, incident or occurrence that is the subject of, or
14  otherwise relevant or responsive to, the Requests herein.

15      I.      "DESIGN" or "DESIGNS" means any and all representations,
16  whether two-dimensional or three-dimensional, and whether in tangible, digital,
17  electronic or other form, including but not limited to all works, designs, artwork,
18  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
19  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
20  practice, developments, inventions and/or improvements, as well as all other items,
21  things and DOCUMENTS in which any of the foregoing are or have been
22  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
23  or in part.

24      J.      "DOCUMENT" or "DOCUMENTS" means all "writings" and
25  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
26  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
27  limited to, all writings and records of every type and description including, but not
28  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

07209/2261215.1

-5-

EXHIBIT 31
PAGE 490

1   electronic mail ("e-mail"), records of telephone conversations, handwritten and
2   typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
3   and summaries of meetings, voice recordings, pictures, photographs, drawings,
4   computer cards, tapes, discs, printouts and records of all types, studies, instruction
5   manuals, policy manuals and statements, books, pamphlets, invoices, canceled
6   checks and every other device or medium by which or through which information of
7   any type is transmitted, recorded or preserved. Without any limitation on the
8   foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
9   from the original or other versions of the DOCUMENT, including, but not limited
10  to, all drafts and all copies of such drafts or originals containing initials, comments,
11  notations, insertions, corrections, marginal notes, amendments or any other variation
12  of any kind.

13          K.      "THIRD-PARTY LAWSUIT" or "THIRD-PARTY
14  LAWSUITS" means any legal proceeding of any kind, including without limitation
15  any suit, lawsuit, action, arbitration or customs proceeding, other than this ACTION.

16          L.      "BRATZ LAWSUITS" means any legal proceeding of any kind,
17  including without limitation any suit, lawsuit, action, arbitration or customs
18  proceeding, other than this ACTION that REFERS OR RELATES to BRATZ,
19  including without limitation each of the following legal actions and each of their
20  associated proceedings and appeals:

21              *MGA Entertainment Inc. v. Wai Man International (H.K.) Limited*
22              *MGA Entertainment inc. v. Sunny Toys Industrial Company Limited*
23              *MGA Entertainment Inc. and Elliot Rudell trading as Rudell Design v.*
24  *Wealth Ocean Industrial Limited*
25              *MGA Entertainment Inc. v. Registrar of Companies & Yokon*
26  *International Limited & Wong Tat*
27              *MGA Entertainment Inc. and MGA Entertainment (H.K.) Limited v.*
28  *Double Grand Corporation Limited*

EXHIBIT  3 1
PAGE  491

1    *MGA Entertainment Inc. v. Hunglam Toys Company Limited*

2    *MGA Entertainment Inc. v. Union Top (HK) Company Limited*

3    *MGA Entertainment Inc. v. Uni-Fortune Toys Industrial Limited & Fu*

4    *Wei Toys Company Limited*

5    *MGA Entertainment Inc. v. Linwell Industries Limited*

6    *MGA Entertainment Inc. v. Yokon International Limited; Golden City*

7    *Toys Company Limited; Wong Tat*

8    *MGA Entertainment Inc. v. Fu Li Sheng Craft Toy Company Limited*

9    *and Xie Jun Yu trading as Tracy Industrial (H.K.) Company*

10    *Kin Yat Industrial Company Limited v. MGA Entertainment (H.K.)*

11    *Limited*

12    *ABC International Traders doing business as MGA Entertainment v.*

13    *Toys & Trends (Hong Kong) Limited; Cityworld Limited; Jurg Willi Kesselring*

14    *Golden Bright Manufacturer Limited v. MGA Entertainment (HK)*

15    *Limited*

16    *MGA Entertainment (HK) Limited v. Leaves Industries Limited*

17    *Queentex Company Limited v. MGA Entertainment (HK) Limited*

18    *MGA Entertainment (HK) Limited v. Queentex Company Limited*

19    *ABC International Traders doing business as MGA Entertainment v.*

20    *Qualiman Industrial Company Ltd.*

21    *Golden Bright Manufacturer Limited v. Sunlight Electronic Toys*

22    *Larian v. Larian*

23    *MGA Entertainment v. Ubisoft Entertainment S.A.*

24    *MGA Entertainment v. Fun-4-All*

25    *McDonald's Corporation v. MGA Entertainment, Inc. f/k/a ABC*

26    *International Traders*

27    *Karen Dudnikov, Michael Meadors v. MGA Entertainment, Inc.*

28    *Art Attacks Ink, LLC v. MGA Entertainment, Inc.*

EXHIBIT  3)
PAGE  492

1    M.    "INFRINGE" or "INFRINGES" means infringe, dilute, be
2 substantially or confusingly similar to, or otherwise violate any rights in, whether
3 statutory, common law, contractual or otherwise.

4    N.    "REFER OR RELATE TO" means constituting, embodying,
5 containing, referring to, commenting on, evidencing, regarding, discussing,
6 describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,
7 contradicting, negating, revoking or otherwise relating to in any manner.

8    O.    "IDENTIFY" or "IDENTITY" means the following:

9    (i)    with reference to an individual or individuals, means to
10 state, fully and separately as to each, such individual's full name, any known
11 business title, current or last known business affiliation, current or last known
12 residential address, current or last known business address, current or last known
13 relationship to MGA Entertainment, Inc., and current or last known telephone
14 number.

15    (ii)    with reference to an entity or entities, means to state, fully
16 and separately as to each, such entity's full name, state (or country) of incorporation
17 or organization, present or last known address, and present or last known telephone
18 number.

19    P.    "Any" as used in these Requests includes the word "all," and the
20 word "all" as used in these Requests includes the word "any."

21    Q.    The singular form of a noun or pronoun includes within its
22 meaning the plural form of the noun or pronoun so used, and vice versa; the use of
23 the masculine form of a pronoun also includes within its meaning the feminine form
24 of the pronoun so used, and vice versa; the use of any tense of any verb includes
25 also within its meaning all other tenses of the verb so used, whenever such
26 construction results in a broader request for information; and "and" includes "or"
27 and vice versa, whenever such construction results in a broader disclosure of
28 documents or information.

/7209/2261215.1

-8-

EXHIBIT  3)
PAGE  493

## II.  INSTRUCTIONS

A.  YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B.  If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

1.  the date and type of the DOCUMENT, the author(s) and all recipients;

2.  the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.  the title and subject matter of the DOCUMENT;

4.  any additional facts on which YOU base YOUR claim of privilege or protection; and

5.  the identity of the current custodian of the original of the DOCUMENT.

C.  DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.  The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that have or had attachments, the attachments shall be attached when produced.

E.  DOCUMENTS in electronic form shall be produced in that form.

EXHIBIT 3)
PAGE 494

1           F.    In the event that any DOCUMENT called for by these requests

2    has been destroyed or discarded, that DOCUMENT is to be identified by stating:

3             1.    the date and type of the DOCUMENT, the author(s) and all

4                  recipients;

5             2.    the DOCUMENT's date, subject matter, number of pages, and

6                  attachments or appendices;

7             3.    the date of destruction or discard, manner of destruction or

8                  discard, and reason for destruction or discard;

9             4.    the PERSONS who were authorized to carry out such destruction

10                 or discard;

11            5.    the PERSONS who have knowledge of the content, origins,

12                 distribution and destruction of the DOCUMENT; and

13            6.    whether any copies of the document exist and, if so, the name of

14                 the custodian of each copy.

15

16   **III.   REQUESTS FOR DOCUMENTS AND THINGS**

17

18   <u>REQUEST FOR PRODUCTION NO. 1:</u>

19          A sample of each doll, product or other matter that, whether in whole or

20   in part, YOU have alleged or contended INFRINGES BRATZ in any THIRD-

21   PARTY LAWSUIT, including without limitation in the BRATZ LAWSUITS.

22

23   <u>REQUEST FOR PRODUCTION NO. 2:</u>

24          To the extent not produced in Response to Request No. 1, a sample of

25   each doll, product or other matter that, whether in whole or in part, YOU have

26   alleged or contended, including in any cease and desist letter, INFRINGES BRATZ.

27

28

-10-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT  31
PAGE  495

1  REQUEST FOR PRODUCTION NO. 3:

2         All photographs, digital scans or other depictions of each and every

3  doll, product or other matter that, whether in whole or in part, YOU have alleged or

4  contended INFRINGES BRATZ in any THIRD-PARTY LAWSUIT, including

5  without limitation in the BRATZ LAWSUITS.

6

7  REQUEST FOR PRODUCTION NO. 4:

8         To the extent not produced in Response to Request No. 3, all

9  photographs, digital scans or other depictions of each doll, product or other matter

10 that, whether in whole or in part, YOU have ever alleged or contended, including in

11 any cease and desist letter, INFRINGES BRATZ.

12

13 REQUEST FOR PRODUCTION NO. 5:

14        DOCUMENTS sufficient to identify each doll, product or other matter

15 sold, offered for sale, manufactured, distributed, promoted or advertised by any

16 PERSON other than MATTEL that YOU have alleged or contended, whether in

17 whole or in part, INFRINGES BRATZ.

18

19 REQUEST FOR PRODUCTION NO. 6:.

20        All DOCUMENTS that REFER OR RELATE TO any claim or

21 contention by YOU (other than in this ACTION) that any doll, product or other

22 matter, whether in whole or in part, that has been sold, offered for sale,

23 manufactured, distributed, promoted or advertised by any PERSON INFRINGES

24 BRATZ.

25

26 REQUEST FOR PRODUCTION NO. 7:

27        All COMMUNICATIONS, including without limitation cease and

28 desist letters, between YOU and any other PERSON that REFER OR RELATE TO

)7209/2261215.1

-11-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 3)
PAGE 496

1 | any claim or contention by YOU that any doll or product, whether in whole or in
2 | part, sold, offered for sale, manufactured, distributed, promoted or advertised by
3 | such PERSON INFRINGES BRATZ.

4

5 | REQUEST FOR PRODUCTION NO. 8:

6 | All complaints, statements of claim, counterclaims and answers in the

7 | BRATZ LAWSUITS, including without limitation all amendments thereto.

8

9 | REQUEST FOR PRODUCTION NO. 9:

10 | All witness lists and other disclosures of witness names or identities in

11 | the BRATZ LAWSUITS, including without limitation all amendments thereto.

12

13 | REQUEST FOR PRODUCTION NO. 10:

14 | All interrogatory responses by YOU or made on YOUR behalf in the

15 | BRATZ LAWSUITS, including without limitation all amendments thereto.

16

17 | REQUEST FOR PRODUCTION NO. 11:

18 | All transcripts of proceedings, including all trial and hearing

19 | transcripts, in the BRATZ LAWSUITS, including without limitation all

20 | amendments thereto.

21

22 | REQUEST FOR PRODUCTION NO. 12:

23 | All transcripts of depositions given by or on behalf of YOU in the

24 | BRATZ LAWSUITS, including without limitation all amendments thereto.

25

26 | REQUEST FOR PRODUCTION NO. 13:

27 | All pleadings and other DOCUMENTS filed, submitted or served by

28 | YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

07209/2261215.1

-12-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

**EXHIBIT** 3)
**PAGE** 497

REQUEST FOR PRODUCTION NO. 14:

1    All pleadings and other DOCUMENTS filed, submitted or served by
2    YOU in the BRATZ LAWSUITS that compare BRATZ to any other doll or product,
3    whether in whole or in part.
4
5    REQUEST FOR PRODUCTION NO. 15:
6
7    All pleadings and other DOCUMENTS filed, submitted or served by
8    YOU in the BRATZ LAWSUITS that claim, allege or assert that the appearance or
9    features of any doll or other product, whether in whole or in part, INFRINGES
10   BRATZ.
11
12   REQUEST FOR PRODUCTION NO. 16:
13   All demonstrative exhibits filed, submitted, introduced, displayed or
14   used by YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.
15
16   REQUEST FOR PRODUCTION NO. 17:
17   All expert reports and expert disclosures filed, submitted or served by
18   YOU in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.
19
20   REQUEST FOR PRODUCTION NO. 18:
21   All subpoenas served in the BRATZ LAWSUITS that REFER OR
22   RELATE TO BRATZ.
23
24   REQUEST FOR PRODUCTION NO. 19:
25   All DOCUMENTS produced pursuant to any subpoena in the BRATZ
26   LAWSUITS that REFER OR RELATE TO BRATZ.
27
28

J7209/2261215.1

-13-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 3)
PAGE 498

1 | REQUEST FOR PRODUCTION NO. 20:

2 |       All DOCUMENTS produced or made available for inspection by YOU

3 | in the BRATZ LAWSUITS.

4 |

5 | REQUEST FOR PRODUCTION NO. 21:

6 |       All DOCUMENTS produced or made available for inspection by YOU

7 | in the BRATZ LAWSUITS that REFER OR RELATE TO BRATZ.

8 |

9 | REQUEST FOR PRODUCTION NO. 22:

10 |       All DOCUMENTS produced or made available for inspection by YOU

11 | in the BRATZ LAWSUITS that REFER OR RELATE TO MGA, including without

12 | limitation the finances or financial condition of MGA.

13 |

14 | REQUEST FOR PRODUCTION NO. 23:

15 |       All Court orders, decisions and judgments in the BRATZ LAWSUITS.

16 |

17 | REQUEST FOR PRODUCTION NO. 24:

18 |       All Court orders, decisions and judgments in any THIRD-PARTY

19 | LAWSUIT in which YOU have claimed, alleged or stated, in words or substance,

20 | that any doll or product sold, offered for sale, manufactured, distributed, promoted

21 | or advertised by any PERSON infringes, dilutes or is confusingly similar to

22 | BRATZ.

23 |

24 | REQUEST FOR PRODUCTION NO. 25:

25 |       To the extent not produced in response to any other Request for

26 | Production, all DOCUMENTS in which YOU have claimed, alleged or stated, in

27 | words or substance, that any doll, product or other matter sold, offered for sale,

28 |

07209/2261215.1

-14-

EXHIBIT 3
PAGE 499

1  manufactured, distributed, promoted or advertised by any PERSON infringes,

2  dilutes or is confusingly similar to BRATZ.

3

4  REQUEST FOR PRODUCTION NO. 26:

5        To the extent not produced in response to any other Request for

6  Production, all DOCUMENTS, including without limitation pleadings, in which

7  YOU have referenced or described YOUR alleged trade dress rights or potential

8  trade dress in BRATZ.

9

10  REQUEST FOR PRODUCTION NO. 27:

11        To the extent not produced in response to any other Request for

12  Production, all DOCUMENTS, including without limitation pleadings, in which

13  YOU have referenced or described YOUR alleged copyright rights or potential

14  copyright rights in BRATZ.

15

16  REQUEST FOR PRODUCTION NO. 28:

17        To the extent not produced in response to any other Request for

18  Production, all DOCUMENTS, including without limitation pleadings, in which

19  YOU have referenced or described YOUR alleged patent rights or potential patent

20  rights in BRATZ.

21

22  REQUEST FOR PRODUCTION NO. 29:

23        All DOCUMENTS that REFER OR RELATE TO any agreements

24  settling, resolving, compromising or otherwise disposing of the BRATZ

25  LAWSUITS.

26

27

28

-15-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT   3)

PAGE   500

1 | REQUEST FOR PRODUCTION NO. 30:

2      All DOCUMENTS that REFER OR RELATE TO any agreements

3 settling, resolving, compromising or otherwise disposing of any legal proceedings in

4 which YOU have claimed that any product sold, offered for sale, manufactured,

5 distributed, promoted or advertised by such PERSON infringes, dilutes or is

6 confusingly similar to BRATZ.

7

8 | REQUEST FOR PRODUCTION NO. 31:

9      All DOCUMENTS that REFER OR RELATE to any use or

10 considered, proposed or potential use, of the term "Jade" in connection with any

11 MGA doll, product or other matter, including without limitation all trademark

12 search report for "Jade."

13

14 | REQUEST FOR PRODUCTION NO. 32:

15      All DOCUMENTS that REFER OR RELATE to when and the

16 circumstances under which Sandra Bilotto first came to YOUR attention.

17

18 | REQUEST FOR PRODUCTION NO. 33:

19      All DOCUMENTS that REFER OR RELATE to when and the

20 circumstances under which YOU first hired or engaged for any reason Sandra

21 Bilotto.

22

23 | REQUEST FOR PRODUCTION NO. 34:

24      All DOCUMENTS that REFER OR RELATE to the work or services

25 that Sandra Bilotto provided to YOU in connection with her first engagement by

26 YOU, including without limitation all invoices relating thereto.

27

28

EXHIBIT 3)
PAGE 501

1 | REQUEST FOR PRODUCTION NO. 35:

2 | All DOCUMENTS that REFER OR RELATE to work or services

3 | provided by Sandra Bilotto to YOU prior to January 1, 2001.

4 |

5 | REQUEST FOR PRODUCTION NO. 36:

6 | All DOCUMENTS that REFER OR RELATE to work or services

7 | provided by Sandra Bilotto to MATTEL prior to January 1, 2001.

8 |

9 | REQUEST FOR PRODUCTION NO. 37:

10 | All tangible items, including without limitation all head sculpts,

11 | prototypes and models, provided by Sandra Bilotto to YOU prior to January 1, 2001.

12 |

13 | REQUEST FOR PRODUCTION NO. 38:

14 | All DOCUMENTS that REFER OR RELATE to YOUR knowledge of

15 | the work or services provided by Sandra Bilotto to MATTEL prior to January 1,

16 | 2001, regardless of when such knowledge was acquired.

17 |

18 | REQUEST FOR PRODUCTION NO. 39:

19 | All DOCUMENTS that REFER OR RELATE to payments made by

20 | YOU to Sandra Bilotto prior to January 1, 2001.

21 |

22 | REQUEST FOR PRODUCTION NO. 40:

23 | All DOCUMENTS that REFER OR RELATE to payments made by

24 | YOU to Sandra Bilotto after January 1, 2001.

25 |

26 |

27 |

28 |

J7209/2261215.1

-17-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 31

PAGE 502

1  REQUEST FOR PRODUCTION NO. 41:

2         All COMMUNICATIONS between Isaac Larian and Sandra Bilotto,

3  including without limitation all such COMMUNICATIONS that REFER OR

4  RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

5

6  REQUEST FOR PRODUCTION NO. 42:

7         All COMMUNICATIONS between Isaac Larian and Paula Garcia,

8  including without limitation all such COMMUNICATIONS that REFER OR

9  RELATE TO MATTEL, any MATTEL doll or product, BRYANT or BRATZ.

10

11  REQUEST FOR PRODUCTION NO. 43:

12         All DOCUMENTS that REFER OR RELATE TO when and under

13  what circumstances SCOOTER SAMANTHA was first conceived of, including

14  without limitation all such DOCUMENTS that identify the PERSON who conceived

15  of SCOOTER SAMANTHA.

16

17  REQUEST FOR PRODUCTION NO. 44:

18         All DOCUMENTS that REFER OR RELATE TO the conception,

19  creation, design, development, sculpting, tooling, production and manufacture of

20  SCOOTER SAMANTHA.

21

22  REQUEST FOR PRODUCTION NO. 45:

23         A sample of each doll or other product that, whether in whole or in

24  part, has been sold as or under the name SCOOTER SAMANTHA or as part of the

25  SCOOTER SAMANTHA line.

26

27

28

07209/2261215.1

-18-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT  3

PAGE  503

REQUEST FOR PRODUCTION NO. 46:

All prototypes, models, samples and tangible items that REFER OR RELATE TO SCOOTER SAMANTHA.

REQUEST FOR PRODUCTION NO. 47:

All prototypes, models, samples and tangible items that REFER OR RELATE TO SCOOTER SHANNEN.

REQUEST FOR PRODUCTION NO. 48:

All DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA as it was first presented to YOU.

REQUEST FOR PRODUCTION NO. 49:

All DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA prior to January 1, 2002.

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS that REFER OR RELATE TO SCOOTER SHANNEN and REFER OR RELATE TO the time period prior to January 1, 2002 (regardless of when such DOCUMENT was created, drafted, generated, sent, received or transmitted).

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in connection with or role in SCOOTER SAMANTHA.

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 3)
PAGE 504

1  REQUEST FOR PRODUCTION NO. 52:

2       All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

3  in connection with or role in SCOOTER SAMANTHA.

4

5  REQUEST FOR PRODUCTION NO. 53:

6       DOCUMENTS sufficient to show the first manufacture date of each

7  and every SCOOTER SAMANTHA product.

8

9  REQUEST FOR PRODUCTION NO. 54:

10      DOCUMENTS sufficient to show the first ship date of each and every

11 SCOOTER SAMANTHA product.

12

13 REQUEST FOR PRODUCTION NO. 55:

14      DOCUMENTS sufficient to show YOUR revenues from SCOOTER

15 SAMANTHA.

16

17 REQUEST FOR PRODUCTION NO. 56:

18      All DOCUMENTS that REFER OR RELATE TO when and under

19 what circumstances SPACE BABES was first conceived of, including without

20 limitation all such DOCUMENTS that identify the PERSON who conceived of

21 SPACE BABES.

22

23 REQUEST FOR PRODUCTION NO. 57:

24      All DOCUMENTS that REFER OR RELATE TO the conception,

25 creation, design, development, sculpting, tooling, production and manufacture of

26 SPACE BABES.

27

28

)7209/2261215.1

-20-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 3

PAGE 505

1  REQUEST FOR PRODUCTION NO. 58:

2      A sample of each doll or other product that, whether in whole or in

3  part, has been sold as or under the name SPACE BABES or as part of the SPACE

4  BABES line.

5

6  REQUEST FOR PRODUCTION NO. 59:

7      All prototypes, models, samples and tangible items that REFER OR

8  RELATE TO SPACE BABES.

9

10  REQUEST FOR PRODUCTION NO. 60:

11      All DOCUMENTS that REFER OR RELATE TO SPACE BABES as

12  it was first presented to YOU.

13

14  REQUEST FOR PRODUCTION NO. 61:

15      All DOCUMENTS that REFER OR RELATE TO SPACE BABES

16  prior to January 1, 2005.

17

18  REQUEST FOR PRODUCTION NO. 62:

19      All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work

20  in connection with or role in SPACE BABES.

21

22  REQUEST FOR PRODUCTION NO. 63:

23      All DESIGNS conceived of, made, produced or created, whether in

24  whole or in part, by Scot Reyes in connection with SPACE BABES.

25

26

27

28

07209/2261215.1

-21-

EXHIBIT 3
PAGE 506

1  REQUEST FOR PRODUCTION NO. 64:

2          All DOCUMENTS that REFER OR RELATE TO DESIGNS

3  conceived of, made, produced or created, whether in whole or in part, by Scot Reyes

4  in connection with SPACE BABES.

5

6  REQUEST FOR PRODUCTION NO. 65:

7          All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in

8  connection with or role in SPACE BABES.

9

10  REQUEST FOR PRODUCTION NO. 66:

11          All actual or proposed contracts and agreements between YOU and

12  Scot Reyes that REFER OR RELATE TO SPACE BABES, including without

13  limitation all drafts thereof.

14

15  REQUEST FOR PRODUCTION NO. 67:

16          All DOCUMENTS that REFER OR RELATE TO payments by YOU

17  to Scot Reyes for or in connection with SPACE BABES.

18

19  REQUEST FOR PRODUCTION NO. 68:

20          All DOCUMENTS that REFER OR RELATE TO payments by YOU

21  to Scot Reyes.

22

23  REQUEST FOR PRODUCTION NO. 69:

24          All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work

25  in connection with or role in SPACE BABES.

26

27

28

07209/2261215.1

-22-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT  3)
PAGE  567

1 | REQUEST FOR PRODUCTION NO. 70:

2 |        DOCUMENTS sufficient to show the first manufacture date of each

3 | and every SPACE BABES product.

4

5 | REQUEST FOR PRODUCTION NO. 71:

6 |        DOCUMENTS sufficient to show the first ship date of each and every

7 | SPACE BABES product.

8

9 | REQUEST FOR PRODUCTION NO. 72:

10 |        DOCUMENTS sufficient to show YOUR revenues from SPACE

11 | BABES.

12

13 | REQUEST FOR PRODUCTION NO. 73:

14 |        All DOCUMENTS that REFER OR RELATE TO any DESIGN

15 | offered, submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired

16 | or purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by

17 | YOU from Scot Reyes or made, created, produced or conceived of, whether in

18 | whole or in party, by Scot Reyes on YOUR behalf.

19

20 | REQUEST FOR PRODUCTION NO. 74:

21 |        All COMMUNICATIONS between YOU and Scot Reyes that REFER

22 | OR RELATE TO MATTEL or any MATTEL doll or product.

23

24 | REQUEST FOR PRODUCTION NO. 75:

25 |        All DOCUMENTS that REFER OR RELATE TO MATTEL

26 | documents or information provided, shown or otherwise disclosed to YOU by Scot

27 | Reyes.

28

07209/2261215.1

-23-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 3 1
PAGE 508

1 | REQUEST FOR PRODUCTION NO. 76:

2 |      All DOCUMENTS that REFER OR RELATE to payments made by

3 | YOU to Paula Garcia prior to January 1, 2002.

4 |

5 | REQUEST FOR PRODUCTION NO. 77:

6 |      All DOCUMENTS that REFER OR RELATE to any payments made

7 | by YOU to Paula Garcia, including without limitation any and all bonuses and

8 | incentive payments made by YOU to Paula Garcia.

9 |

10 | REQUEST FOR PRODUCTION NO. 78:

11 |      All personnel and vendor files for Maureen Mullen (formerly

12 | Chianese).

13 |

14 | REQUEST FOR PRODUCTION NO. 79:

15 |      All personnel and vendor files for Scot Reyes.

16 |

17 | REQUEST FOR PRODUCTION NO. 80:

18 |      All personnel and vendor files for Sandra Bilotto.

19 |

20 | REQUEST FOR PRODUCTION NO. 81:

21 |      All personnel and vendor files for Steve Linker.

22 |

23 | REQUEST FOR PRODUCTION NO. 82:

24 |      All personnel and vendor files for Veronica Marlow.

25 |

26 | REQUEST FOR PRODUCTION NO. 83:

27 |      All personnel and vendor files for Peter Marlow.

28 |

-24-
DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 3)
PAGE 509

1 | REQUEST FOR PRODUCTION NO. 84:

2 | All personnel and vendor files for Wendy Ragsdale.

3 |

4 | REQUEST FOR PRODUCTION NO. 85:

5 | All personnel and vendor files for Billy Ragsdale.

6 |

7 | REQUEST FOR PRODUCTION NO. 86:

8 | All personnel and vendor files for Sarah Halpern.

9 |

10 | REQUEST FOR PRODUCTION NO. 87:

11 | To the extent not produced in response to any other Request for

12 | Production, all personnel and vendor files for each person identified in Exhibit 664

13 | (bearing Bates numbers MGA 0868630-31).

14 |

15 | REQUEST FOR PRODUCTION NO. 88:

16 | To the extent not produced in response to any other Request for

17 | Production, all personnel and vendor files for each person who has worked as an

18 | employee of or vendor for YOU and who also has been at any time an employee of

19 | or vendor for MATTEL.

20 |

21 | DATED: October 24, 2007

22 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23 |

24 | By: *Michael T. Zeller*

25 | Michael T. Zeller
    Attorneys for Mattel, Inc.

26 |

27 |

28 |

07209/2261215.1

-25-

DOCUMENT REQUESTS TO MGA ENTERTAINMENT

EXHIBIT 31

PAGE 510

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.

9

10               UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13  CARTER BRYANT, an          CASE NO. CV 04-9049 SGL (RNBx)
    individual,
14                             Consolidated with Case Nos. CV 04-09059
              Plaintiff,       and CV 05-02727
15
       vs.                     **PROOF OF SERVICE**
16
    MATTEL, INC., a Delaware
17  corporation,               Discovery Cutoff:       January 14, 2008
                               Pre-Trial Conference:  April 7, 2008
18            Defendant..      Trial Date:            April 29, 2008

19
    AND CONSOLIDATED
20  ACTIONS

21

22

23

24

25

26

27

28

EXHIBIT 3 1
PAGE 51

1                  **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6        On October 24, 2007, I served true copies of the following documents

7 described as:  **SEE DOCUMENT LIST**

8 on the parties in this action as follows:

9 Thomas J. Nolan
   **Skadden, Arps, Slate, Meagher &**
10 **Flom LLP**
   300 South Grand Ave., Ste. 3400
11 Los Angeles, California 90071

12     [√]   [PERSONAL] by personally delivering the document listed above to

13        the person(s) at the address(es) set forth above.

14        I declare that I am employed in the office of a member of the bar of this court

15 at whose direction the service was made

16        Executed on October 24, 2007, at Los Angeles, California.

17

18                            _____

19                        Dave Quintana

20

21

22

23

24

25

26

27

28

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT _3 l_
PAGE _5/2_

1                     **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5      On October 24, 2007, I served true copies of the following documents

6 described as: **SEE DOCUMENT LIST**

7 on the parties in this action as follows:

| 8   Mark E. Overland, Esq.<br>9   David C. Scheper, Esq.<br>    Alexander H. Cote, Esq.<br>    **Overland Borenstein Scheper & Kim,**<br>10 **LLP**<br>    300 South Grand Avenue, Suite 2750<br>11 Los Angeles, CA 90071-3144 | John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christina M. Anderson, Esq.<br>**Keker & Van Nest, LLP**<br>710 Sansome Street<br>San Francisco, CA 94111 |
|---|---|

12

13      [√]    **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed

14 as shown above, and I deposited such envelope(s) in the mail at Los Angeles,

15 California. The envelope was mailed with postage thereon fully prepaid.

16

17      Executed on October 24, 2007, at Los Angeles, California.

18                        _Tiffany V. Garcia_

19                     Tiffany Garcia

20

21

22

23

24

25

26

27

28

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT 31
PAGE 513

## DOCUMENT LIST

1. MATTEL, INC.'S THIRD SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT 31
PAGE 514