# EXHIBIT 32

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2 | johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 |

10 |                    UNITED STATES DISTRICT COURT

11 |                   CENTRAL DISTRICT OF CALIFORNIA

12 |                          EASTERN DIVISION

13 | CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14 |            Plaintiff,                Consolidated with
                                         Case No. CV 04-09059
15 |     vs.                             Case No. CV 05-02727

16 | MATTEL, INC., a Delaware            MATTEL, INC.'S FOURTH SET OF
     corporation,                       REQUESTS FOR DOCUMENTS AND
17 |                                     THINGS TO MGA
              Defendant.                ENTERTAINMENT, INC.
18 |

19 | AND CONSOLIDATED CASES

20 |

21 |

22 |             Pursuant to Rule 34 of the Federal Rules of Civil Procedure, MGA

23 | Entertainment, Inc. ("MGA") is required to make available for inspection and

24 | copying, the following documents within 30 days of service, at the offices of Quinn

25 | Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor,

26 | Los Angeles, CA 90017. MGA shall be obligated to supplement responses to these

27 | requests at such times and to the extent required by Rule 26(e) of the Federal Rules

28 | of Civil Procedure.

7209/2175380.1

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 515

I. **DEFINITIONS**

For purposes of these Requests, the following definitions apply:

A. "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any PERSON acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B. "MATTEL" means Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C. "BRAWER" means Ron Brawer, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

D. "BRISBOIS" means Janine Brisbois, and all of her current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other PERSON acting on her behalf, pursuant to her authority or subject to her control.

E. "CASTILLA" means Jorge Castilla, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-

EXHIBIT 32
PAGE 516

1 | interest, and any other PERSON acting on his behalf, pursuant to his authority or
2 | subject to his control.

3 |  F.  "CONTRERAS" means Nic Contreras, and all of his current or
4 | former employees, agents, representatives, attorneys, accountants, vendors,
5 | consultants, independent contractors, predecessors-in-interest and successors-in-
6 | interest, and any other PERSON acting on his behalf, pursuant to his authority or
7 | subject to his control.

8 |  G.  "COONEY" means Daniel Cooney, and all of his current or
9 | former employees, agents, representatives, attorneys, accountants, vendors,
10 | consultants, independent contractors, predecessors-in-interest and successors-in-
11 | interest, and any other PERSON acting on his behalf, pursuant to his authority or
12 | subject to his control.

13 |  H.  "HAN" means Janet Han, and all of her current or former
14 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
15 | independent contractors, predecessors-in-interest and successors-in-interest, and any
16 | other PERSON acting on her behalf, pursuant to her authority or subject to her
17 | control.

18 |  I.  "HINH" means Michael Hinh, and all of his current or former
19 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
20 | independent contractors, predecessors-in-interest and successors-in-interest, and any
21 | other PERSON acting on his behalf, pursuant to his authority or subject to his
22 | control.

23 |  J.  "KAO" means Alice Kao, and all of her current or former
24 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
25 | independent contractors, predecessors-in-interest and successors-in-interest, and any
26 | other PERSON acting on her behalf, pursuant to her authority or subject to her
27 | control.

28 |

7209/2175380.1

-3-
MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 517

1          K.    "MACHADO" means Carlos Gustavo Machado Gomez, and all

2 of his current or former employees, agents, representatives, attorneys, accountants,

3 vendors, consultants, independent contractors, predecessors-in-interest and

4 successors-in-interest, and any other PERSON acting on his behalf, pursuant to his

5 authority or subject to his control.

6          L.    "THOMPSON" means Marla Thompson, and all of her current

7 or former employees, agents, representatives, attorneys, accountants, vendors,

8 consultants, independent contractors, predecessors-in-interest and successors-in-

9 interest, and any other PERSON acting on her behalf, pursuant to her authority or

10 subject to her control.

11         M.    "TRUEBA" means Mariana Trueba Almada, and all of her

12 current or former employees, agents, representatives, attorneys, accountants,

13 vendors, consultants, independent contractors, predecessors-in-interest and

14 successors-in-interest, and any other PERSON acting on her behalf, pursuant to her

15 authority or subject to her control.

16         N.    "VARGAS" means Pablo Vargas San Jose, and all of his current

17 or former employees, agents, representatives, attorneys, accountants, vendors,

18 consultants, independent contractors, predecessors-in-interest and successors-in-

19 interest, and any other PERSON acting on his behalf, pursuant to his authority or

20 subject to his control.

21         O.    "FORMER MATTEL EMPLOYEES" means BRAWER,

22 CASTILLA, CONTRERAS, COONEY, HAN, HINH, KAO and THOMPSON.

23         P.    "MATTEL DOCUMENTS" means all DOCUMENTS authored

24 by MATTEL or taken from MATTEL and in the possession of MGA or any

25 FORMER MATTEL EMPLOYEE, including but not limited to those documents

26 which have been identified as Bates Numbers M 0019162-M 0019365, M 0019375-

27 M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M

28 0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M

-4-

EXHIBIT 32
PAGE 5/8

1  0029043-M 0029044, M 0029045-M 0029050, M 0029051-M 0029053, M
2  0031471-M 0031473, M 0029054-M 0029255, M 0031474-M 0031485, M
3  0029226-M 0030163, M 0030164-M 0030173, M 0030174-M 0030183, M0030261-
4  M 0030268, M 0030269-M 0030278, M 0030440-M 0030441, M 0030505-M
5  0030575, M 0030577-M 0030608, M 0019366-M 0019374, M 0030184-M
6  0030240, M 0030254-M 0030260, M 0030279-M 0030439, M 0030442-M
7  0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M
8  0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M
9  0030675-M 0030754, M 0030755-M 0030756, M 0030770-M 0030782, M
10  0030757-M 0030769, M 0030783-M.0030788, M 0030789-M 0030799, M
11  0030800-M 0030834, M 0030835, M 0030836-M 0030838, M 0030839-M
12  0030841, M 0030842-M 0030845, M 0030846-M 0030850, M 0030851- M
13  0030959, M 0030960-M 0030972, M 0030973-M 0031141, M 0031142-M
14  0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173, M
15  0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M
16  0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M
17  0031263-M 0031264, M 0031265, M 0031266, M 0031267, M 0031268, M
18  0031269, M 0031270-M 0031278, M 0031279-M 0031280, M 0031281-M
19  0031282, M 0031283-M 0031291, M 0031292-M 0031470, M 0032318, M
20  0031486-M 0031503, M 0031504-M 0031612, M 0031613-M 0031860, M
21  0031863-M 0031864, M 0031865-M 0031919, M 0031861-M 0031862, M
22  0031925-M 0032000, M 0031920-M 0031924, M 0032001-M 0032009, M
23  0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M
24  0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M
25  0075253-M 0075260, M 0075261-M 0075277, M 0075278-M 0075289, M
26  0075290-M 0075307, M 0075308-M 0075309, M 0075310-M 0075315, M
27  0075316-M 0075317, M 0075318-M 0075322, M 0075323-M 0075324, M
28  0075325, M 0075326-M 0075328, M 0075329-M 0075333, M 0075334-M

-5-

EXHIBIT 32
PAGE 519

1 | 0075375, M 0075376-M 0075378, M 0075379-M 0075380, M 0075381-M
2 | 0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390, M
3 | 0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M
4 | 0075407, M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M
5 | 0075421, M 0075422-M 0075469, M 0075470-M 0075490, M 0075491-M
6 | 0075494, M 0075495-M 0075515, M 0075516-M 0075531, M 0075532-M
7 | 0075552, M 0075553-M 0075572, M 0075573, M 0075574-M 0075594, M
8 | 0075595-M 0075616, M 0075617, M 0075618-M 0075619, M 0075620-M
9 | 0075635, M 0075636-M 0075654, M 0075655-M 0075661, M 0075662-M
10 | 0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M
11 | 0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M
12 | 0075842, M 0075843-M 0075906, M 0075907-M 0075949, M 0075950-M
13 | 0076018, M 0076019, M 0076020-M 0076132, M 0076133-M 0076143, M
14 | 0076144-M 0076145, M 0076146-M 0076148, M 0076149-M 0076155, M
15 | 0076156-M 0076169, M 0076170-M 0076171, M 0076172-M 0076196, M
16 | 0076197-M 0076215, M 0076216-M 0076250, M 0076251-M 0076264, M
17 | 0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M
18 | 0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M
19 | 0076426-M 0076427, M 0076428-M 0076431, M 0076432- M 0076442, M
20 | 0076443-M 0076446, M 0100646-M 0100653, M 0098687-M 0098688, M
21 | 0098689-M 0098697, M 0098698-M 0098723, M 0098724-M 0098771, M
22 | 0098772-M 0098832, M 0098833-M 0098846, M 0098847-M 0098865, M
23 | 0098866-M 0098879, M 0098880-M 0098883, M 0098884-M 0098933, M
24 | 0098934-M 0098936, M 0098937-M 0098971, M 0098972-M 0099436, M
25 | 0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M
26 | 0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M
27 | 0099494-M 0099529, M 0099530-M 0099594, M 0099595-M 0099597, M
28 | 0099598-M 0099601, M 0099602-M 0099618, M 0099619-M 0099628, M

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

**EXHIBIT** 32
**PAGE** 520

1  0099629-M 0099656, M 0099657-M 0099665, M 0099666-M 0099725, M
2  0099726-M 0100622, M 0100623-M 0100645, M 0100646-M 0100653, M
3  0100654-M 0100695, M 0100696-M 0100698, M 0100699-M 0100700, M
4  0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M
5  0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M
6  0100783-M 0100789, M 0100790-M 0100795, M 0100796-M 0100858, M
7  0100859-M 0100868, M 0100869-M 0100878, M 0100879-M 0100891, M
8  0100892-M 0100905, M 0100906-M 0100918, M 0100919-M 0100932, M
9  0100933-M 0100941, M 0100942-M 0100952, M 0100953, M 0100954-M
10 0100955, M 0100956-M 0100983, M 0100984-M 0101013, M 0101014-M
11 0101064, M 0101065 and M 0101069-M 0101128.

12           Q.     "O'MELVENY" means the law firm of O'Melveny & Myers,
13 LLP, and any of its current or former attorneys, partners, associates, employees,
14 agents, representatives, predecessors-in-interest and successors-in-interest, and any
15 other PERSON acting on its behalf, pursuant to its authority or subject to its control.

16           R.     "CHRISTENSEN" means the law firm of Christensen, Glaser,
17 Fink, Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys,
18 partners, associates, employees, agents, representatives, predecessors-in-interest and
19 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
20 authority or subject to its control.

21           S.     "DOCUMENT" or "DOCUMENTS" means all "writings" and
22 "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
23 Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
24 writings, including but not limited to handwriting, typewriting, printing, image,
25 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
26 to) electronic mail (including instant messages and text messages) or facsimile,
27 video and audio recordings, and every other means of recording upon any tangible
28 thing, any form of communication or representation, and any record thereby created,

EXHIBIT 32
PAGE  521

1   regardless of the manner in which the record has been stored, and all non-identical
2   copies of such DOCUMENTS, in the possession, custody, or control of YOU,
3   YOUR counsel, or any other PERSON acting on YOUR behalf.

4        T.   "COMMUNICATION," in the plural as well as the singular,
5   means any transmittal and/or receipt of information, whether such was oral or
6   written, and whether such was by chance, prearranged, formal or informal, and
7   specifically includes, but is not limited to, conversations in person, telephone
8   conversations, electronic mail (including instant messages and text messages),
9   voicemail, letters, memoranda, statements, media releases, magazine and newspaper
10  articles, and video and audio transmissions.

11       U.   "PERSON," in the plural as well as the singular, means any
12  natural person, association, partnership, corporation, joint venture, government
13  entity, organization, trust, institution, proprietorship, or any other entity recognized
14  as having an existence under the laws in United States or any other nation.

15       V.   "ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-
16  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated
17  therewith.

18       W.   "RELATING TO," "REFERRING OR RELATING TO" and
19  "REFER OR RELATE TO" mean any and all of the following terms and their
20  synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support,
21  contradict, negate, bear on, touch on, contain, embody, reflect, identify, state, deal
22  with, concern, comment on, respond to, relevant to, or describe.

23       X.   "IDENTIFY" means the following:

24       (a)   with reference to an individual or individuals, means to
25  state, fully and separately as to each, such individual's full name, any known
26  business title, current or last known business affiliation, current or last known
27  residential address, current or last known business address, current or last known
28  relationship to MGA, and current or last known telephone number.

-8-

EXHIBIT 32
PAGE 522

1          (b)     with reference to an entity or entities, means to state, fully
2  and separately as to each, such entity's full name, state (or country) of incorporation
3  or organization, present or last known address, and present or last known telephone
4  number.

5          (c)     with reference to any other DOCUMENT or
6  DOCUMENTS, means to describe each DOCUMENT by Bates number. In the
7  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
8  respect to each such DOCUMENT, to provide a complete description of it such that
9  it may be the subject of a request for the production of documents, including by
10  stating the date, identity of the author, addressee(s), signatories, parties, or other
11  PERSONS identified therein, its present location or custodian and a description of
12  its contents.

13          Y.     The singular form of a noun or pronoun includes within its
14  meaning the plural form of the noun or pronoun so used, and vice versa; the use of
15  the masculine form of a pronoun also includes within its meaning the feminine form
16  of the pronoun so used, and vice versa; the use of any tense of any verb includes
17  also within its meaning all other tenses of the verb so used, whenever such
18  construction results in a broader request for information; and "and" includes "or"
19  and vice versa, whenever such construction results in a broader disclosure of
20  documents or information.

21

22  **II.     INSTRUCTIONS**

23          A.     YOU are to produce all requested DOCUMENTS in YOUR
24  possession, custody or control.

25          B.     If YOU contend that YOU are not required to produce certain
26  DOCUMENTS called for by these Requests on the grounds of a privilege or
27  protection that YOU are not prepared to waive, identify each such DOCUMENT
28  and provide the following information:

EXHIBIT 32
PAGE 523

1.    the date and type of the DOCUMENT, the author(s) and all recipients;

2.    the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.    the title and subject matter of the DOCUMENT;

4.    any additional facts on which YOU base YOUR claim of privilege or protection; and

5.    the identity of the current custodian of the original of the DOCUMENT.

C.    DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.    The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.    DOCUMENTS in electronic form shall be produced in that form.

F.    In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.    the date and type of the DOCUMENT, the author(s) and all recipients;

2.    the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.    the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

EXHIBIT 32
PAGE 524

1     4.    the PERSONS who were authorized to carry out such destruction
2           or discard;
3     5.    the PERSONS who have knowledge of the content, origins,
4           distribution and destruction of the DOCUMENT; and
5     6.    whether any copies of the document exist and, if so, the name of
6           the custodian of each copy.
7

8  **III.    REQUESTS FOR DOCUMENTS AND THINGS**
9

10  **REQUEST FOR PRODUCTION NO. 1:**
11          All DOCUMENTS, including but not limited to all
12  COMMUNICATIONS with any PERSON, RELATING TO any of the FORMER
13  MATTEL EMPLOYEES' resignations from MATTEL.
14

15  **REQUEST FOR PRODUCTION NO. 2:**
16          All DOCUMENTS, including but not limited to all
17  COMMUNICATIONS with any PERSON, RELATING TO compensation, money
18  or any other item of value paid to any of the FORMER MATTEL EMPLOYEES,
19  whether directly or indirectly, by YOU.
20

21  **REQUEST FOR PRODUCTION NO. 3:**
22          All DOCUMENTS received by YOU, directly or indirectly, from any
23  FORMER MATTEL EMPLOYEE authored by or for the benefit of MATTEL, or
24  RELATING TO MATTEL, or any MATTEL product, plan, client, customer,
25  current or former MATTEL employee, sales, advertising, marketing, analysis, tool
26  or procedure.
27
28

-11-

EXHIBIT 3 2
PAGE 5 2 5

1  REQUEST FOR PRODUCTION NO. 4:

2           All DOCUMENTS received by YOU, directly or indirectly, from Paula

3  Garcia that were authored by or for the benefit of MATTEL, or RELATING TO

4  MATTEL, or any MATTEL product, plan, client, customer, current or former

5  MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

6

7  REQUEST FOR PRODUCTION NO. 5:

8           All DOCUMENTS received by YOU, directly or indirectly, from

9  Veronica Marlow that were authored by or for the benefit of MATTEL, or

10 RELATING TO MATTEL, or any MATTEL product, plan, client, customer,

11 current or former MATTEL employee, sales, advertising, marketing, analysis, tool

12 or procedure.

13

14 REQUEST FOR PRODUCTION NO. 6:

15          All DOCUMENTS received by YOU, directly or indirectly, from

16 Margaret Hatch-Leahy that were authored by or for the benefit of MATTEL, or

17 RELATING TO MATTEL, or any MATTEL product, plan, client, customer,

18 current or former MATTEL employee, sales, advertising, marketing, analysis, tool

19 or procedure.

20

21 REQUEST FOR PRODUCTION NO. 7:

22          All DOCUMENTS received by YOU, directly or indirectly, from Sarah

23 Halpern that were authored by or for the benefit of MATTEL, or RELATING TO

24 MATTEL, or any MATTEL product, plan, client, customer, current or former

25 MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

26

27

28

EXHIBIT 32
PAGE 526

1  REQUEST FOR PRODUCTION NO. 8:

2          To the extent not produced in response to any other Request for

3  Production, all DOCUMENTS received by YOU, directly or indirectly, at any time

4  from any PERSON identified in Exhibit 664 (bearing Bates numbers MGA

5  0868630-31) that was authored by or for the benefit of MATTEL, or RELATING

6  TO MATTEL, or any MATTEL product, plan, client, customer, current or former

7  MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

8

9  REQUEST FOR PRODUCTION NO. 9:

10          To the extent not produced in response to any other Request for

11  Production, all DOCUMENTS received by YOU, directly or indirectly, at any time

12  after January 1, 1998 from any current or former MATTEL employee or MATTEL

13  contractor that was authored by or for the benefit of MATTEL, or RELATING TO

14  MATTEL, or any MATTEL product, plan, client, customer, current or former

15  MATTEL employee, sales, advertising, marketing, analysis, tool or procedure.

16

17  REQUEST FOR PRODUCTION NO. 10:

18          All DOCUMENTS, including but not limited to all

19  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

20  reproduction, copying, storage, transmission, transfer, retention, destruction,

21  deletion or use of any DOCUMENTS, data and/or information, including but not

22  limited to any compilation of information, that was prepared, made, created,

23  generated, assembled or compiled by or for MATTEL and that YOU received,

24  directly or indirectly, from any FORMER MATTEL EMPLOYEE.

25

26  REQUEST FOR PRODUCTION NO. 11:

27          All DOCUMENTS, including but not limited to all

28  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

EXHIBIT 32
PAGE 527

1 | reproduction, copying, storage, transmission, transfer, retention, destruction,

2 | deletion or use of any DOCUMENTS, data and/or information, including but not

3 | limited to any compilation of information, that was prepared, made, created,

4 | generated, assembled or compiled by or for MATTEL and that YOU received,

5 | directly or indirectly, from Paula Garcia.

6

7 | REQUEST FOR PRODUCTION NO. 12:

8 | All DOCUMENTS, including but not limited to all

9 | COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

10 | reproduction, copying, storage, transmission, transfer, retention, destruction,

11 | deletion or use of any DOCUMENTS, data and/or information, including but not

12 | limited to any compilation of information, that was prepared, made, created,

13 | generated, assembled or compiled by or for MATTEL and that YOU received,

14 | directly or indirectly, from Margaret Hatch-Leahy.

15

16 | REQUEST FOR PRODUCTION NO. 13:

17 | All DOCUMENTS, including but not limited to all

18 | COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

19 | reproduction, copying, storage, transmission, transfer, retention, destruction,

20 | deletion or use of any DOCUMENTS, data and/or information, including but not

21 | limited to any compilation of information, that was prepared, made, created,

22 | generated, assembled or compiled by or for MATTEL and that YOU received,

23 | directly or indirectly, from Sarah Halpern.

24

25 | REQUEST FOR PRODUCTION NO. 14:

26 | All DOCUMENTS, including but not limited to all

27 | COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

28 | reproduction, copying, storage, transmission, transfer, retention, destruction,

EXHIBIT 32
PAGE 528

1  deletion or use of any DOCUMENTS, data and/or information, including but not

2  limited to any compilation of information, that was prepared, made, created,

3  generated, assembled or compiled by or for MATTEL and that YOU received,

4  directly or indirectly, from Veronica Marlow.

5

6  REQUEST FOR PRODUCTION NO. 15:

7          To the extent not produced in response to any other Request for

8  Production, all DOCUMENTS, including but not limited to all

9  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

10  reproduction, copying, storage, transmission, transfer, retention, destruction,

11  deletion or use of any DOCUMENTS, data and/or information, including but not

12  limited to any compilation of information, that was prepared, made, created,

13  generated, assembled or compiled by or for MATTEL and that YOU received,

14  directly or indirectly, from any PERSON identified in Exhibit 664 (bearing Bates

15  numbers MGA 0868630-31).

16

17  REQUEST FOR PRODUCTION NO. 16:

18          To the extent not produced in response to any other Request for

19  Production, all DOCUMENTS, including but not limited to all

20  COMMUNICATIONS with any PERSON, RELATING TO YOUR receipt,

21  reproduction, copying, storage, transmission, transfer, retention, destruction,

22  deletion or use of any DOCUMENTS, data and/or information, including but not

23  limited to any compilation of information, that was prepared, made, created,

24  generated, assembled or compiled by or for MATTEL and that YOU received,

25  directly or indirectly, at any time after January 1, 1998 from any current or former

26  MATTEL employee or MATTEL contractor.

27

28

07209/2175380.1

-15-

EXHIBIT 32
PAGE 529

REQUEST FOR PRODUCTION NO. 17:

To the extent not produced in response to any other Request for Production, a copy of each personnel file maintained or created by YOU RELATING TO any of the FORMER MATTEL EMPLOYEES.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS REFERRING OR RELATING TO any of the FORMER MATTEL EMPLOYEES' job titles and job duties in each position the FORMER MATTEL EMPLOYEES held while employed by MGA.

REQUEST FOR PRODUCTION NO. 19:

All DOCUMENTS REFERRING OR RELATING TO BRAWER's job title and job duties in each position BRAWER held while employed by MGA.

REQUEST FOR PRODUCTION NO. 20:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans prepared, created, sent or transmitted, whether in whole or in part, by BRAWER at any time prior to December 31, 2005.

REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO Bratz Head Gamez prepared, created, sent or transmitted, whether in whole or in part, by BRAWER.

1    REQUEST FOR PRODUCTION NO. 22:

2        All DOCUMENTS, including but not limited to all

3 COMMUNICATIONS, RELATING TO Bratz Secret Date prepared, created, sent

4 or transmitted, whether in whole or in part, by BRAWER.

5

6    REQUEST FOR PRODUCTION NO. 23:

7        All DOCUMENTS, including but not limited to all

8 COMMUNICATIONS, RELATING TO Bratz Hollywood Style prepared, created,

9 sent or transmitted, whether in whole or in part, by BRAWER.

10

11   REQUEST FOR PRODUCTION NO. 24:

12       All DOCUMENTS REFERRING OR RELATING TO MACHADO's

13 job title and job duties in each position MACHADO held while employed by MGA.

14

15   REQUEST FOR PRODUCTION NO. 25:

16       All DOCUMENTS, including but not limited to all

17 COMMUNICATIONS, RELATING TO MGA's market planning and product

18 development RELATING TO the toy market in Mexico prepared, created, sent or

19 transmitted, whether in whole or in part, by MACHADO at any time prior to April

20 30, 2005.

21

22   REQUEST FOR PRODUCTION NO. 26:

23       All DOCUMENTS REFERRING OR RELATING TO TRUEBA'S job

24 title and job duties in each position TRUEBA held while employed by MGA.

25

26   REQUEST FOR PRODUCTION NO. 27:

27       All DOCUMENTS, including but not limited to all

28 COMMUNICATIONS, RELATING TO MGA's market planning and product

07209/2175380.1

-17-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 531

1  development RELATING TO the toy market in Mexico prepared, created, sent or
2  transmitted, whether in whole or in part, by TRUEBA between six months before
3  she left to one year after she left MATTEL.

4

5  REQUEST FOR PRODUCTION NO. 28:

6            All DOCUMENTS REFERRING OR RELATING TO VARGAS' job
7  title and job duties in each position VARGAS held while employed by MGA.

8

9  REQUEST FOR PRODUCTION NO. 29:

10            All DOCUMENTS, including but not limited to all
11  COMMUNICATIONS, RELATING TO MGA's promotional spending and
12  activities in Mexico prepared, created, sent or transmitted, whether in whole or in
13  part, by VARGAS at any time prior to April 30, 2005.

14

15  REQUEST FOR PRODUCTION NO. 30:

16            All COMMUNICATIONS between YOU and COONEY prior to April
17  28, 2006.

18

19  REQUEST FOR PRODUCTION NO. 31:

20            All DOCUMENTS RELATING TO COMMUNICATIONS between
21  YOU and COONEY prior to April 28, 2006, including but not limited to all calendar
22  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

23

24  REQUEST FOR PRODUCTION NO. 32:

25            All DOCUMENTS, including but not limited to all
26  COMMUNICATIONS with any PERSON, RELATING TO COONEY prior to
27  April 28, 2006.

28

07209/2175380.1

-18-

EXHIBIT _32_
PAGE _532_

1 | REQUEST FOR PRODUCTION NO. 33:

2 |         All COMMUNICATIONS between COONEY and any Toys 'R Us

3 | employee, agent or representative prior to May 31, 2007.

4 |

5 | REQUEST FOR PRODUCTION NO. 34:

6 |         All DOCUMENTS RELATING TO Toys 'R Us prepared, created, sent

7 | or transmitted by COONEY prior to May 31, 2007.

8 |

9 | REQUEST FOR PRODUCTION NO. 35:

10 |         All COMMUNICATIONS between COONEY and any MGA customer

11 | prior to May 31, 2007.

12 |

13 | REQUEST FOR PRODUCTION NO. 36:

14 |         All COMMUNICATIONS between YOU and CASTILLA prior to

15 | March 13, 2006.

16 |

17 | REQUEST FOR PRODUCTION NO. 37:

18 |         All DOCUMENTS RELATING TO COMMUNICATIONS between

19 | YOU and CASTILLA prior to March 13, 2006, including but not limited to all

20 | calendar entries, phone logs, phone records and notes reflecting such

21 | COMMUNICATIONS.

22 |

23 | REQUEST FOR PRODUCTION NO. 38:

24 |         All DOCUMENTS, including but not limited to all

25 | COMMUNICATIONS with any PERSON, RELATING TO CASTILLA prior to

26 | March 13, 2006.

27 |

28 |

07209/2175380.1

-19-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 533

1  REQUEST FOR PRODUCTION NO. 39:

2          All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS, RELATING TO sales planning or inventory management

4  prepared, created, sent or transmitted, whether in whole or in part, by CASTILLA

5  prior to March 31, 2007.

6

7  REQUEST FOR PRODUCTION NO. 40:

8          All DOCUMENTS REFERRING OR RELATING TO BRISBOIS' job

9  title and job duties in each position BRISBOIS held while employed by MGA.

10

11  REQUEST FOR PRODUCTION NO. 41:

12          All COMMUNICATIONS between BRISBOIS and any employee,

13  agent or representative of Wal-Mart, including but not limited to Wal-Mart Canada,

14  prior to September 30, 2006.

15

16  REQUEST FOR PRODUCTION NO. 42:

17          All DOCUMENTS RELATING TO Wal-Mart, including but not

18  limited to Wal-Mart Canada, prepared, created, sent or transmitted by BRISBOIS

19  prior to September 30, 2006.

20

21  REQUEST FOR PRODUCTION NO. 43:

22          All COMMUNICATIONS between BRISBOIS and any employee,

23  agent or representative of Toys 'R Us, including but not limited to Toys 'R Us

24  Canada, prior to September 30, 2006.

25

26

27

28

EXHIBIT 32
PAGE 534

1 | REQUEST FOR PRODUCTION NO. 44:

2 |     All DOCUMENTS RELATING TO Toys 'R Us, including but not

3 | limited to Toys 'R Us Canada, prepared, created, sent or transmitted by BRISBOIS

4 | prior to September 30, 2006.

5 |

6 | REQUEST FOR PRODUCTION NO. 45:

7 |     All COMMUNICATIONS between BRISBOIS and any MGA

8 | customer prior to September 30, 2006.

9 |

10 | REQUEST FOR PRODUCTION NO. 46:

11 |     All DOCUMENTS RELATING TO MGA's plans for product launches

12 | and promotions in or for 2005 and Spring 2006 prepared, created, sent, transmitted

13 | or received by BRISBOIS.

14 |

15 | REQUEST FOR PRODUCTION NO. 47:

16 |     All COMMUNICATIONS RELATING TO MGA's plans for product

17 | launches and promotions in or for 2005 and Spring 2006 prepared, created, sent,

18 | transmitted or received by BRISBOIS.

19 |

20 | REQUEST FOR PRODUCTION NO. 48:

21 |     All COMMUNICATIONS between YOU and CONTRERAS prior to

22 | November 13, 2004.

23 |

24 | REQUEST FOR PRODUCTION NO. 49:

25 |     All DOCUMENTS RELATING TO COMMUNICATIONS between

26 | YOU and CONTRERAS prior to November 13, 2004, including but not limited to

27 | all calendar entries, phone logs, phone records and notes reflecting such

28 | COMMUNICATIONS.

-21-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 535

REQUEST FOR PRODUCTION NO. 50:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO CONTRERAS prior to November 13, 2004.

REQUEST FOR PRODUCTION NO. 51:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans prepared, created, sent or transmitted, whether in whole or in part, by CONTRERAS prior to December 31, 2005.

REQUEST FOR PRODUCTION NO. 52:

All COMMUNICATIONS between CONTRERAS and any MATTEL employee after November 13, 2004.

REQUEST FOR PRODUCTION NO. 53:

All COMMUNICATIONS between YOU and HAN prior to March 9, 2005.

REQUEST FOR PRODUCTION NO. 54:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and HAN prior to March 9, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 55:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO HAN prior to March 9, 2005.

1  REQUEST FOR PRODUCTION NO. 56:

2          All COMMUNICATIONS between HAN and any Wal-Mart employee,

3  agent or representative prior to March 31, 2006.

4

5  REQUEST FOR PRODUCTION NO. 57:

6          All DOCUMENTS RELATING TO Wal-Mart prepared, created, sent

7  or transmitted by HAN prior to March 31, 2006.

8

9  REQUEST FOR PRODUCTION NO. 58:

10          All COMMUNICATIONS between HAN and any MGA customer

11  prior to March 31, 2006.

12

13  REQUEST FOR PRODUCTION NO. 59:

14          All COMMUNICATIONS between YOU and HINH prior to June 28,

15  2005.

16

17  REQUEST FOR PRODUCTION NO. 60:

18          All DOCUMENTS RELATING TO COMMUNICATIONS between

19  YOU and HINH prior to June 28, 2005, including but not limited to all calendar

20  entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

21

22  REQUEST FOR PRODUCTION NO. 61:

23          All DOCUMENTS, including but not limited to all

24  COMMUNICATIONS with any PERSON, RELATING TO HINH prior to June 28,

25  2005.

26

27

28

-23-
MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 537

REQUEST FOR PRODUCTION NO. 62:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans prepared, created, sent or transmitted, whether in whole or in part, by HINH prior to June 30, 2006.

REQUEST FOR PRODUCTION NO. 63:

All COMMUNICATIONS between YOU and KAO prior to February 17, 2005.

REQUEST FOR PRODUCTION NO. 64:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU and KAO prior to February 17, 2005, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

REQUEST FOR PRODUCTION NO. 65:

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, RELATING TO KAO prior to February 17, 2005.

REQUEST FOR PRODUCTION NO. 66:

All DOCUMENTS, including but not limited to all COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans prepared, created, sent or transmitted, whether in whole or in part, by KAO prior to February 28, 2006.

1  REQUEST FOR PRODUCTION NO. 67:

2          All COMMUNICATIONS between YOU and THOMPSON prior to

3  March 19, 2005.

4

5  REQUEST FOR PRODUCTION NO. 68:

6          All DOCUMENTS RELATING TO COMMUNICATIONS between

7  YOU and THOMPSON prior to March 19, 2005, including but not limited to all

8  calendar entries, phone logs, phone records and notes reflecting such

9  COMMUNICATIONS.

10

11  REQUEST FOR PRODUCTION NO. 69:

12          All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, RELATING TO THOMPSON prior to

14  March 19, 2005.

15

16  REQUEST FOR PRODUCTION NO. 70:

17          All DOCUMENTS, including but not limited to all

18  COMMUNICATIONS, RELATING TO MGA's sales strategy, technique or plans

19  prepared, created, sent or transmitted, whether in whole or in part, by THOMPSON

20  prior to March 31, 2006.

21

22  REQUEST FOR PRODUCTION NO. 71:

23          All DOCUMENTS REFERRING OR RELATING TO any promotion

24  received by any of the FORMER MATTEL EMPLOYEES while employed by

25  YOU, including without limitation all DOCUMENTS REFERRING OR

26  RELATING TO the reasons therefor.

27

28

07209/2175380.1

-25-

EXHIBIT  3 2
PAGE  5 3 9

1  REQUEST FOR PRODUCTION NO. 72:

2          All DOCUMENTS REFERRING OR RELATING TO any demotion

3  of any of the FORMER MATTEL EMPLOYEES while employed by YOU,

4  including without limitation all DOCUMENTS REFERRING OR RELATING TO

5  the reasons therefor.

6

7  REQUEST FOR PRODUCTION NO. 73:

8          All DOCUMENTS REFERRING OR RELATING TO any increase in

9  salary, pay or benefits received by any of the FORMER MATTEL EMPLOYEES

10  while employed by YOU, including without limitation all DOCUMENTS

11  REFERRING OR RELATING TO the reasons therefor.

12

13  REQUEST FOR PRODUCTION NO. 74:

14          All DOCUMENTS REFERRING OR RELATING TO any bonuses,

15  monetary incentives or payments other than as part of base salary received by any of

16  the FORMER MATTEL EMPLOYEES while employed by YOU, including without

17  limitation all DOCUMENTS REFERRING OR RELATING TO the reasons

18  therefor.

19

20  REQUEST FOR PRODUCTION NO. 75:

21          All DOCUMENTS REFERRING OR RELATING TO any warning,

22  admonition, discipline or other adverse employment action received by any of the

23  FORMER MATTEL EMPLOYEES while employed by YOU, including without

24  limitation all DOCUMENTS REFERRING OR RELATING TO the reasons

25  therefor.

26

27

28

REQUEST FOR PRODUCTION NO. 76:

All DOCUMENTS that REFER OR RELATE TO any warning, admonition, discipline or any other adverse employment action that YOU have taken toward any of YOUR current or former employees for using a competitor's confidential or proprietary information, trade secrets or intellectual property.

REQUEST FOR PRODUCTION NO. 77:

All DOCUMENTS that are or REFER OR RELATE TO YOUR policies and procedures, if any, regarding the use or prohibition of use of a competitor's confidential or proprietary information, trade secrets or intellectual property.

REQUEST FOR PRODUCTION NO. 78:

All DOCUMENTS that REFER OR RELATE TO YOUR destruction, loss, failure to preserve, or otherwise render unavailable or inaccessible any MATTEL DOCUMENTS.

REQUEST FOR PRODUCTION NO. 79:

The original of any media or device on which any MATTEL DOCUMENT was delivered to YOU.

REQUEST FOR PRODUCTION NO. 80:

The original of any MATTEL DOCUMENT delivered to YOU.

REQUEST FOR PRODUCTION NO. 81:

All DOCUMENTS that YOU contend prove or that YOU will rely on at trial to prove that YOU did not use or disclose any MATTEL DOCUMENT or any information contained in any MATTEL DOCUMENT.

EXHIBIT 32
PAGE 541

1  REQUEST FOR PRODUCTION NO. 82:

2        All DOCUMENTS that YOU contend prove or that YOU will rely on

3  at trial to prove that MATTEL agreed or consented to or acquiesced in YOUR

4  taking, use or possession of any MATTEL DOCUMENT.

5

6  REQUEST FOR PRODUCTION NO. 83:

7        All DOCUMENTS that YOU contend prove or that YOU will rely on

8  at trial to prove that YOU did not acquire any MATTEL DOCUMENT through

9  improper means.

10

11  REQUEST FOR PRODUCTION NO. 84:

12        All DOCUMENTS that YOU contend prove or that YOU will rely on

13  at trial to prove that the information in the MATTEL DOCUMENTS does not

14  derive independent economic value from not being generally known to the public or

15  other persons who can obtain economic value from its use.

16

17  REQUEST FOR PRODUCTION NO. 85:

18        DOCUMENTS sufficient to IDENTIFY any MATTEL DOCUMENT

19  that contains information generally known to the public or to PERSONS who can

20  obtain economic value from its disclosure and use.

21

22  REQUEST FOR PRODUCTION NO. 86:

23        All DOCUMENTS that YOU contend prove or that YOU will rely on

24  at trial to prove that MATTEL did not take reasonable efforts under the

25  circumstances to maintain the secrecy of the information in the MATTEL

26  DOCUMENTS.

27

28

J7209/2175380.1

-28-

EXHIBIT 32
PAGE 542

1  REQUEST FOR PRODUCTION NO. 87:

2          DOCUMENTS sufficient to show all efforts that YOU take to maintain

3  the secrecy of YOUR trade secrets, and the date YOU started such efforts, including

4  but not limited to all policies and procedures related thereto.

5

6  REQUEST FOR PRODUCTION NO. 88:

7          All DOCUMENTS that REFER OR RELATE TO any failures to

8  comply with YOUR efforts or violation of YOUR policies or procedure to maintain

9  the secrecy of YOUR trade secrets.

10

11  REQUEST FOR PRODUCTION NO. 89:

12          DOCUMENTS sufficient to IDENTIFY who failed to comply with

13  YOUR efforts or violated YOUR policies and procedures to maintain the secrecy of

14  YOUR trade secrets.

15

16  REQUEST FOR PRODUCTION NO. 90:

17          All DOCUMENTS that REFER OR RELATE TO YOUR use or

18  disclosure of any information in the MATTEL DOCUMENTS.

19

20  REQUEST FOR PRODUCTION NO. 91:

21          All DOCUMENTS that REFER OR RELATE TO YOUR access to any

22  information in the MATTEL DOCUMENTS.

23

24  REQUEST FOR PRODUCTION NO. 92:

25          All DOCUMENTS created, authored, modified or copied by YOU or

26  for YOUR benefit that contain any portion of information contained in any

27  MATTEL DOCUMENT.

28

-29-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 543

1  REQUEST FOR PRODUCTION NO. 93:

2          DOCUMENTS sufficient to IDENTIFY the date of creation,

3  modification, access or transmission of any DOCUMENT created, authored,

4  modified or copied by YOU or for YOUR benefit that contains any portion of

5  information contained in any MATTEL DOCUMENT.

6

7  REQUEST FOR PRODUCTION NO. 94:

8          DOCUMENTS sufficient to IDENTIFY each PERSON who created,

9  accessed, modified, used, copied or transmitted any DOCUMENT created, authored,

10  modified or copied by YOU or for YOUR benefit that contains any portion of

11  information contained in any MATTEL DOCUMENT.

12

13  REQUEST FOR PRODUCTION NO. 95:

14          DOCUMENTS sufficient to IDENTIFY the date of creation,

15  modification, access or transmission of any DOCUMENTS that REFER OR

16  RELATE TO YOUR access to any information in the MATTEL DOCUMENTS.

17

18  REQUEST FOR PRODUCTION NO. 96:

19          DOCUMENTS sufficient to IDENTIFY each PERSON who created,

20  accessed, modified, used, copied or transmitted any DOCUMENTS that REFER OR

21  RELATE TO YOUR access to any information in the MATTEL DOCUMENTS.

22

23  REQUEST FOR PRODUCTION NO. 97:

24          All DOCUMENTS that YOU contend prove or that YOU will rely on

25  at trial to prove that MATTEL suffered no harm caused by YOUR use and/or

26  disclosure of any information in the MATTEL DOCUMENTS.

27

28

07209/2175380.1

-30-

EXHIBIT 32
PAGE 544

1  REQUEST FOR PRODUCTION NO. 98:

2          All DOCUMENTS that YOU contend prove or that YOU will rely on

3  at trial to prove that YOU obtained no benefit from YOUR use and/or disclosure of

4  any information in the MATTEL DOCUMENTS.

5

6  REQUEST FOR PRODUCTION NO. 99:

7          All California and federal tax returns filed by YOU, including all

8  schedules and work papers RELATED TO the preparation and filing of YOUR tax

9  returns.

10

11  REQUEST FOR PRODUCTION NO. 100:

12          All DOCUMENTS that REFER OR RELATE TO YOUR product or

13  product line offerings, or contemplated or proposed product or product line

14  offerings, for calendar year 2003, including without limitation YOUR product line

15  lists for such time period and all DOCUMENTS that REFER OR RELATE TO

16  changes or amendments or contemplated or proposed changes or amendments

17  thereto.

18

19  REQUEST FOR PRODUCTION NO. 101:

20          All DOCUMENTS that REFER OR RELATE TO YOUR product or

21  product line offerings, or contemplated or proposed product or product line

22  offerings, for calendar year 2004, including without limitation YOUR product line

23  lists for such time period and all DOCUMENTS that REFER OR RELATE TO

24  changes or amendments or contemplated or proposed changes or amendments

25  thereto.

26

27

28

i7209/2175380.1

-31-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 3 2

PAGE 545

1 | REQUEST FOR PRODUCTION NO. 102:

2 |       All DOCUMENTS that REFER OR RELATE TO YOUR product or

3 | product line offerings, or contemplated or proposed product or product line

4 | offerings, for calendar year 2005, including without limitation YOUR product line

5 | lists for such time period and all DOCUMENTS that REFER OR RELATE TO

6 | changes or amendments or contemplated or proposed changes or amendments

7 | thereto.

8 |

9 | REQUEST FOR PRODUCTION NO. 103:

10 |       All DOCUMENTS that REFER OR RELATE TO YOUR product or

11 | product line offerings, or contemplated or proposed product or product line

12 | offerings, for calendar year 2006, including without limitation YOUR product line

13 | lists for such time period and all DOCUMENTS that REFER OR RELATE TO

14 | changes or amendments or contemplated or proposed changes or amendments

15 | thereto.

16 |

17 | REQUEST FOR PRODUCTION NO. 104:

18 |       All DOCUMENTS that REFER OR RELATE TO YOUR product or

19 | product line offerings, or contemplated or proposed product or product line

20 | offerings, for calendar year 2007, including without limitation YOUR product line

21 | lists for such time period and all DOCUMENTS that REFER OR RELATE TO

22 | changes or amendments or contemplated or proposed changes or amendments

23 | thereto.

24 |

25 | REQUEST FOR PRODUCTION NO. 105:

26 |       All DOCUMENTS that REFER OR RELATE TO YOUR product or

27 | product line offerings, or contemplated or proposed product or product line

28 | offerings, for calendar year 2008, including without limitation YOUR product line

-32-

MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 546

1   lists for such time period and all DOCUMENTS that REFER OR RELATE TO

2   changes or amendments or contemplated or proposed changes or amendments

3   thereto.

4

5   REQUEST FOR PRODUCTION NO. 106:

6           All DOCUMENTS that REFER OR RELATE TO any dispute,

7   disagreement or controversy relating to THIS ACTION between, on the one hand,

8   MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,

9   O'MELVENY and/or CHRISTENSEN, including but not limited to any and all

10  disputes which were or have been asserted as a basis for, or which underlie,

11  contributed to or were a factor in, the withdrawal, termination and/or substitution of

12  O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION.

13

14  REQUEST FOR PRODUCTION NO. 107:

15          All DOCUMENTS that REFER OR RELATE TO YOUR corporate

16  formation and administration, including but not limited to by-laws, article of

17  incorporations, stock certificates, cancelled or void stock certificates, stock ledgers,

18  stock transfer ledgers or records, stockholder or shareholder agreements, voting

19  agreements or any other agreement that REFERS OR RELATES TO YOUR

20  stockholders or shareholders.

21

22

23

24  DATED:  October 25, 2007          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
25

26                                  By  Jon Corey

27                                      Jon Corey
                                        Attorneys for Mattel, Inc.
28

77209/2175380.1

-33-
MATTEL'S FOURTH SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 32
PAGE 547

1 **PROOF OF SERVICE**

2    I am employed in the County of Los Angeles, State of California. I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6    On October 26, 2007, I served true copies of the following documents

7 described as: **MATTEL, INC.'S FOURTH SET OF REQUESTS FOR**

8 **DOCUMENTS AND THINGS TO MGA ENTERTAINMENT INC.**

9 on the parties in this action as follows:

10 Thomas J. Nolan
   **Skadden, Arps, Slate, Meagher &**
11 **Flom LLP**
   300 South Grand Ave., Ste. 3400
12 Los Angeles, California 90071

13

14    [√]    [PERSONAL] by personally delivering the document listed above to

15       the person(s) at the address(es) set forth above.

16    I declare that I am employed in the office of a member of the bar of this court

17 at whose direction the service was made

18    Executed on October 26, 2007, at Los Angeles, California.

19

20                              _____

21                              Dave Quintana

22

23

24

25

26

27

28

7209/2266886.107209/22
5307.1.1

-2-                    Case No. CV 04-9049 SGL (RNBx)

EXHIBIT 32
PAGE 548

1                      **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California. I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5        On October 26, 2007, I served true copies of the following documents

6 described as: **MATTEL, INC.'S FOURTH SET OF REQUESTS FOR**

7 **DOCUMENTS AND THINGS TO MGA ENTERTAINMENT INC..**

8 on the parties in this action as follows:

9 John W. Keker, Esq.                        Mark E. Overland, Esq.
    Michael H. Page, Esq.                    David C. Scheper, Esq.
10 Christina M. Anderson, Esq.            Alexander H. Cote, Esq.
    **Keker & Van Nest, LLP**            **Overland Borenstein Scheper & Kim,**
11 710 Sansome Street                      **LLP**
    San Francisco, CA 94111            300 South Grand Avenue, Suite 2750
12                                         Los Angeles, CA 90071-3144

13

14     [√]    **BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed

as shown above, and I deposited such envelope(s) in the mail at Los Angeles,
15
California. The envelope was mailed with postage thereon fully prepaid.
16

17

18        Executed on October 26, 2007, at Los Angeles, California.

19                                      *Linda Cano*

20                                     Linda Cano

21

22

23

24

25

26

27

28

EXHIBIT 32
PAGE 549