# EXHIBIT 33

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11                 EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with |
| 14 | v. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 15 | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SECOND SET OF REQUESTS TO MGA |
| 16 | Defendant. | ENTERTAINMENT, INC. FOR DOCUMENTS AND THINGS RE |
| 17 | | CLAIMS OF UNFAIR COMPETITION |
| 18 | AND CONSOLIDATED CASES. | |

19

20

21          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,

22  Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to these

23  document requests ("Requests") and make available for inspection and copying

24  originals of the following documents within 30 days of service at the offices of

25  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

26  floor, Los Angeles, CA 90017. MGA shall be obligated to supplement responses to

27  these requests at such times and to the extent required by Rule 26(e) of the Federal

28  Rules of Civil Procedure.

775/2117623.3

MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

EXHIBIT 33
PAGE 550

1  **I.    DEFINITIONS**

2          For purposes of these Requests, the following definitions apply:

3          A.      The terms "YOU," "YOUR" AND "MGA" mean MGA
4  Entertainment, Inc. AND ANY individual OR entity acting directly OR indirectly
5  by, through, under OR on behalf of MGA Entertainment, Inc., including but not
6  limited to current OR former directors, officers, employees, agents, contractors,
7  attorneys, accountants, OR representatives of MGA Entertainment, Inc. AND ANY
8  corporation, partnership, association, trust, parent, subsidiary, division, affiliate,
9  predecessor-in-interest AND successor-in-interest, AND ANY other PERSON
10 acting on its behalf.

11         B.      The term "MATTEL" means Mattel, Inc. AND ALL current OR
12 former directors, officers, employees, agents, contractors, attorneys, accountants,
13 representatives, subsidiaries, divisions, affiliates, predecessors-in-interest AND
14 successors-in-interest, AND ANY other PERSON acting on its behalf, pursuant to
15 its authority OR subject to its control.

16         C.      "DOCUMENT" OR "DOCUMENTS" means ALL "writings"
17 AND "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
18 Evidence AND Rule 34 of the Federal Rules of Civil Procedure AND shall include
19 ALL writings, including but not limited to handwriting, typewriting, printing,
20 image, photograph, photocopy, digital file of ANY kind, transmittal by (OR as an
21 attachment to) electronic mail (including instant messages AND text messages) OR
22 facsimile, video AND audio recordings, AND every other means of recording upon
23 ANY tangible thing, ANY form of communication OR representation, AND ANY
24 record thereby created, regardless of the manner in which the record has been
25 stored, AND ALL non-identical copies of such DOCUMENTS, in the possession,
26 custody, OR control of YOU, YOUR counsel, OR ANY other PERSON acting on
27 YOUR behalf.

28

975/2117623.3

EXHIBIT 33
PAGE 55

1              D.      The term "COMMUNICATION," in the plural as well as the
2   singular, means ANY transmittal AND/OR receipt of information, whether such was
3   oral OR written, AND whether such was by chance, prearranged, formal OR
4   informal, AND specifically includes, but is not limited to, conversations in person,
5   telephone conversations, electronic mail (including instant messages AND text
6   messages), voicemail, letters, memoranda, statements, media releases, magazine
7   AND newspaper articles, AND video AND audio transmissions.

8              E.      "USER" means ANY PERSON who has USED OR currently
9   USES ANY part of YOUR COMPUTER SYSTEM, OR in ANY manner has
10  directed or currently directs another PERSON to USE ANY part of YOUR
11  COMPUTER SYSTEMS, whether authorized by YOU or not.

12             F.      "USED" OR "USE" OR "USES" OR "USAGE," when used with
13  respect to ANY component or part of YOUR COMPUTERS OR COMPUTER
14  SYSTEMS, means to access, store, retrieve from, change, update OR reference
15  ANY ELECTRONIC DATA.

16             G.      "COMPUTER" OR "COMPUTER EQUIPMENT" means ALL
17  data processing equipment, including but not limited to, central processing units
18  ("CPUs"), whether contained in a server OR free standing computer OR laptop OR
19  PDA OR similar device that may contain data storage capabilities, AND also
20  including ANY equipment where computer files, hidden system files OR metadata
21  presently reside such as hard disk drives, optical disk drives, removable media, such
22  as floppy disk drives, CD-ROM AND DVD drives, Zip drives, Jaz drives, Maxtor
23  drives OR snap drives, data processing cards, computer magnetic tapes, backup
24  tapes, drum AND disk storage devices OR ANY other similar electronic storage
25  media OR system of whatever name OR description. "COMPUTER" OR
26  "COMPUTER EQUIPMENT" also means ALL digital image evidence that may be
27  stored on ANY type of hardware used to store OR manipulate electronic images,
28  including, but not limited to, microfilm, microfiche AND their repositories AND

175/2117623.3

EXHIBIT 33
PAGE 552

1 readers, OR design OR engineering computer systems AND regardless of ANY
2 digital image's format, including .jpg, .bmp, OR some other advanced OR
3 proprietary form of digital image format, such as CAD layered drawings.
4 "COMPUTER" OR "COMPUTER EQUIPMENT" also refers to sources of digital
5 evidence that may not presently be in use by YOUR company OR may have been
6 eliminated from YOUR active systems, whether the source is a backup tape OR
7 disk, some other data retention system OR some form of disaster recovery system.
8 "COMPUTER OR COMPUTER EQUIPMENT" also refers to places where digital
9 evidence may reside that may have been deleted from YOUR active files AND
10 which may not be readily recoverable from a backup medium, such as metadata.

11        H.      "COMPUTER SYSTEM" means an assembly of COMPUTER
12 EQUIPMENT, computer operations AND procedures, persons AND hardware AND
13 software, united by some form of regulated interaction to form an organized whole.
14 "COMPUTER SYSTEM" refers to free standing servers, computers AND laptops,
15 AND also refers to the network infrastructure AND computer support systems of
16 MGA OR subject to the MGA's control, such as its subsidiaries, predecessors,
17 successors, assigns, joint venturers, partners, parents, agents OR affiliates (in this
18 country OR throughout the world), including, but not limited to, the following:

19               1. Local Area Network ("LAN"), Wide Area Network ("WAN")
20 OR other network systems, regardless of methods of connectivity (*e.g.*, by T1, T3
21 OR optical lines), domains, including PDCs, network OS (such as Novell,
22 Microsoft, UNIX, Citrix OR some other similar type) OR protocols, backup AND
23 disaster recovery hardware AND media, regardless of the physical location of those
24 electronic storage systems.

25               2. EMAIL servers AND ANY repository of EMAIL (including
26 within the inbox, sent box, deleted box OR some similar file of the computers of
27 ALL MGA employees AND management), OR in ANY backup form whatsoever,
28 regardless of whether YOU use Microsoft Exchange, Outlook, Outlook Express,

-4-

EXHIBIT 33
PAGE 553

1   Lotus Notes OR some combination of EMAIL management software OR some
2   alternative commercial OR proprietary EMAIL management software.

3                          3. Information System administrative offices, including backup
4   AND disaster recovery restoration plans AND repositories, data retention plans
5   AND repositories, PURGE plans AND internal or hosted repositories, training plans
6   AND repositories, AND libraries of hardcopy materials of ANY description
7   (regardless of where located) AND online training AND operation manuals that
8   have been scanned to disk.

9                          4. ALL offsite technical AND service bureau support systems,
10  including but not limited to ASP (application service provider) support, scanning
11  OR data conversion support, offsite data storage OR archive support.

12                         5. Web hosting AND administration services AND hosted
13  repositories, including intranet AND extranet sites, regardless of whether they have
14  been OR are now publicly posted OR exist in English, OR some other language.

15          I.      "DOCUMENT MANAGEMENT SYSTEM" means a
16  COMPUTER PROGRAM USED to store, index, categorize, monitor and retrieve
17  ELECTRONIC DATA in YOUR COMPUTER SYSTEMS.

18          J.      "COMPUTER PROGRAM" means computer software that runs
19  on a computer system.

20          K.      "PDA" means a personal digital assistant AND ANY other
21  portable storage device capable of storing electronic data, including, but not limited
22  to, flash drives, cellular phones, blackberries, digital cameras AND digital music
23  players.

24          L.      "PC" means personal computer.

25          M.      "COMPUTER INFORMATION" OR "ELECTRONIC
26  INFORMATION" OR "ELECTRONIC DATA" means ALL types of characters,
27  data and information, in whatever form, that is input, contained, stored, OR
28  processed, in ANY MGA COMPUTER SYSTEM for ANY purpose.

975/2117623.3
                                             -5-

EXHIBIT 33
PAGE 554

1    N.    "EMAIL" means an electronic messaging application that
2  provides for the receipt AND sending of electronic messages among users of a
3  computer system AND possibly to AND from remote COMPUTERS. EMAIL also
4  includes, but is not limited to, ANY AND ALL electronic messages received, sent,
5  delivered, transmitted by USERS on OR over MGA'S COMPUTER SYSTEMS.

6    O.    "BACK-UP," when used with respect to ANY component or part
7  of YOUR COMPUTERS OR COMPUTER SYSTEM, refers to the process USED
8  to store, save, back-up OR archive ELECTRONIC DATA originally input,
9  contained, stored, OR processed, in ANY component or part of MGA's
10 COMPUTER SYSTEMS.

11    P.    "BACK-UP MEDIA" means ANY form of media, including, but
12 not limited to, magnetic tape, USED to BACK-UP ANY component or part of
13 MGA's COMPUTER SYSTEMS.

14    Q.    "PURGE" means to periodically OR randomly delete, remove
15 OR take off ELECTRONIC DATA from a COMPUTER SYSTEM AND transfer
16 the ELECTRONIC DATA to BACK-UP MEDIA to restore OR create usable
17 computer memory.

18    R.    The term "PERSON," in the plural as well as the singular, means
19 ANY natural person, association, partnership, corporation, joint venture,
20 government entity, organization, trust, institution, proprietorship, OR ANY other
21 entity recognized as having an existence under the laws in United States OR ANY
22 other nation.

23    S.    The terms "RELATING TO," "IDENTIFYING" AND
24 "DESCRIBING" mean ANY AND ALL of the following terms AND their
25 synonyms: refer to, discuss, constitute, evidence, pertain to, mention, support,
26 contradict, negate, bear on, touch on, contain, embody, reflect, identify, state, deal
27 with, concern, comment on, respond to, relevant to, OR describe.

28

775/2117623.3

-6-

MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

EXHIBIT 33
PAGE 555

1        T.    "AND" and "OR" must be construed both conjunctively and
2 disjunctively, as necessary in order to bring within the scope of the request all
3 responses that otherwise might be construed to be outside its scope. The singular
4 form of a noun OR pronoun includes the plural form and vice versa.

5        U.    "ANY" is to be understood to include AND encompass "ALL";
6 the word "ALL" also includes "EACH" AND vice versa.

7

8

9 **II.   INSTRUCTIONS**

10        A.    YOU are to produce ALL requested DOCUMENTS in YOUR
11 possession, custody OR control.

12        B.    ALL DOCUMENTS shall be produced that respond to ANY part
13 OR clause of ANY paragraph of these requests, without abridgement, abbreviation
14 OR expurgation of ANY sort. If ANY such DOCUMENTS cannot be produced in
15 full, produce the DOCUMENTS to the extent possible AND indicate in YOUR
16 written response what portion of the DOCUMENT is not produced AND why it
17 could not be produced.

18        C.    If YOU contend that YOU are not required to produce certain
19 DOCUMENTS called for by these Requests on the grounds of a privilege OR
20 protection that YOU are not prepared to waive, identify each such DOCUMENT
21 AND provide the following information:

22        1.    the date AND type of the DOCUMENT, the author(s)
23 AND ALL recipients;

24        2.    the privilege OR protection that YOU claim permits YOU
25 to withhold the DOCUMENT;

26        3.    the title AND subject matter of the DOCUMENT;

27        4.    ANY additional facts on which YOU base YOUR claim of
28 privilege OR protection; and

EXHIBIT 33
PAGE 556

1          5.      the identity of the current custodian of the original of the
2  DOCUMENT.

3          D.      DOCUMENTS shall be produced in their original file folders,
4  OR in lieu thereof, ANY writing on the file folder from which each such
5  DOCUMENT is taken shall be copied and appended to such DOCUMENT and the
6  PERSON for whom OR department, division OR office for which the DOCUMENT
7  OR the file folder is maintained shall be identified.

8          E.      The DOCUMENTS should be produced in their complete AND
9  unaltered form. Attachments to DOCUMENTS should not be removed. The
10 DOCUMENTS should not be cut-up, pasted over, redacted OR altered in ANY way
11 for ANY reason, including alleged nonrelevance. If emails are produced that had
12 attachments, the attachments shall be attached when produced.

13         F.      DOCUMENTS in electronic form shall be produced in that form.
14         G.      Responsive documents should be produced in a Concordance or
15 Summation load file(s) or as a single page TIFF files with accompanying control file
16 or control files in Opticon format or equivalent (.dat, .dii, .csv, .opt, or .lfp). Any
17 corresponding optical character recognition versions of these files that you have
18 already generated or to which you have access should be produced concurrently.
19 Both paths and file names of images must exactly match their text files (except for
20 the file extensions), including case sensitivity. DOCUMENTS should be organized
21 by Document Request number and clearly labeled and organized (with documents
22 that are responsive to multiple requests clearly labeled as such).

23         H.      In the event that ANY DOCUMENT called for by these requests
24 has been destroyed OR discarded, that DOCUMENT is to be identified by stating:

25         1.      the date and type of the DOCUMENT, the author(s) and
26 ALL recipients;

27         2.      the DOCUMENT's date, subject matter, number of pages,
28 and attachments OR appendices;

/75/2117623.3

-8-

EXHIBIT  33
PAGE  557

1          3.    the date of destruction OR discard, manner of destruction

2 OR discard, and reason for destruction OR discard;

3          4.    the PERSONS who were authorized to carry out such

4 destruction OR discard;

5          5.    the PERSONS who have knowledge of the content,

6 origins, distribution and destruction of the DOCUMENT; and

7          6.    whether ANY copies of the document exist and, if so, the

8 name of the custodian of each copy.

9        I.    If a DOCUMENT was prepared in several copies OR if

10 additional copies were thereafter made, AND if ANY such copies were not identical

11 OR are not longer identical by reason of notation OR modification of ANY kind

12 whatsoever, including, without limitation, notations on the front OR back of ANY

13 pages thereof, then each such copy must be produced. This includes ALL

14 preliminary, intermediate, final AND revised drafts of such DOCUMENTS.

-9-

EXHIBIT 33
PAGE 558

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 167:

DOCUMENTS sufficient to describe the specifications, features and operations of EACH COMPUTER SYSTEM YOU have USED, from January 1, 1998 to present, including, but not limited to, operating manuals.

REQUEST FOR PRODUCTION NO. 168:

ALL DOCUMENTS DESCRIBING the specifications, features and operations of YOUR DOCUMENT MANAGEMENT SYSTEMS, from January 1, 1998 to present, including, but not limited to, operating manuals.

REQUEST FOR PRODUCTION NO. 169:

DOCUMENTS sufficient to describe the specifications, features and operations of YOUR COMPUTER SYSTEMS that have permitted OR currently permit remote access by USERS of YOUR COMPUTERS, from January 1, 1998 to present, including, but not limited to, operating manuals.

REQUEST FOR PRODUCTION NO. 170:

DOCUMENTS sufficient to describe the specifications, features and operations of ANY COMPUTER SYSTEM to detect, monitor, track, supervise, examine OR analyze unauthorized USE OF YOUR COMPUTER SYSTEMS, from January 1, 1998 to present, including, but not limited to, operating manuals.

REQUEST FOR PRODUCTION NO. 171:

DOCUMENTS sufficient to describe the specifications, features and operations of ANY COMPUTER SYSTEM to detect, monitor, track, supervise, examine OR analyze the unauthorized addition, removal, transfer, deletion or

EXHIBIT 33
PAGE 559

1 transmission of ELECTRONIC DATA to, from OR on YOUR COMPUTER

2 SYSTEMS, from January 1, 1998 to present, including, but not limited to, operating

3 manuals.

4

5 REQUEST FOR PRODUCTION NO. 172:

6          DOCUMENTS sufficient to describe the inter-connectivity, if any,

7 between OR among YOUR COMPUTER SYSTEMS, from January 1, 1998 to

8 present, including, but not limited to:

9          (a) ALL possible ways in which ELECTRONIC DATA is

10 shared between YOUR COMPUTER SYSTEMS;

11          (b) The method of transmission between YOUR COMPUTER

12 SYSTEMS;

13          (c) The type(s) of ELECTRONIC DATA transferred between

14 YOUR COMPUTER SYSTEMS;

15          (d) The names of ALL individuals possessing the capability to

16 transfer ELECTRONIC DATA between YOUR COMPUTER SYSTEMS; and

17          (e) The individual(s) responsible for supervising inter-

18 connectivity, if any, of YOUR COMPUTER SYSTEMS.

19

20 REQUEST FOR PRODUCTION NO. 173:

21          DOCUMENTS sufficient to describe EACH EMAIL COMPUTER

22 SYSTEM YOU have USED, from January 1, 1998 to present, including, but not

23 limited to:

24          (a) ALL EMAIL software versions USED by YOU AND the

25 dates of USE;

26          (b) ALL hardware that has been USED OR is currently in USE

27 by YOU as a server for EACH EMAIL COMPUTER SYSTEM, including its name;

28 and

975/2117623.3

-11-
MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

EXHIBIT 33
PAGE 500

1           (c)  EACH specific type of hardware USED as a terminal into the

2  EMAIL COMPUTER SYSTEM, including, but not limited to, home PCs, laptops,

3  desktops, cellular telephones AND PDAs.

4

5  REQUEST FOR PRODUCTION NO. 174:

6          ALL DOCUMENTS DESCRIBING whether at ANY time, from

7  January 1, 1998 to present, YOUR ELECTRONIC DATA, including, but not

8  limited to, YOUR EMAIL, has been encrypted in ANY way, including, but not

9  limited to, the encryption software USED.

10

11  REQUEST FOR PRODUCTION NO. 175:

12          YOUR written policies, procedures AND guidelines with reference to

13  employee USE of YOUR COMPUTER SYSTEMS AND ELECTRONIC DATA,

14  from January 1, 1998 to present, including ALL such versions of YOUR policies,

15  procedures AND guidelines, from January 1, 1998 to present.

16

17  REQUEST FOR PRODUCTION NO. 176:

18          YOUR written policies, procedures AND guidelines with reference to

19  employee USE of a personal OR home COMPUTER OR PDA for work-related

20  activities, from January 1, 1998 to present, including ALL such versions of YOUR

21  policies, procedures AND guidelines, from January 1, 1998 to present.

22

23  REQUEST FOR PRODUCTION NO. 177:

24          ALL DOCUMENTS RELATING TO YOUR written policies,

25  procedures AND guidelines with reference to ELECTRONIC DATA retention AND

26  preservation, including ALL such versions of YOUR policies from January 1, 1998

27  to present.

28

975/2117623.3

-12-

EXHIBIT 33
PAGE 561

1 | REQUEST FOR PRODUCTION NO. 178:

2            ALL DOCUMENTS DESCRIBING EACH instance, from January 1,
3 | 1998 to present, of ANY USER violating, OR not complying with, YOUR written
4 | policies, procedures AND guidelines on ELECTRONIC DATA retention AND
5 | preservation.

6

7 | REQUEST FOR PRODUCTION NO. 179:

8            ALL DOCUMENTS RELATING TO YOUR written policies,
9 | procedures AND guidelines with reference to ELECTRONIC DATA retention AND
10 | preservation of work-related files created by employees on a personal OR home
11 | COMPUTER OR PDA, from January 1, 1998 to present, including ALL such
12 | versions of YOUR policies, procedures AND guidelines, from January 1, 1998 to
13 | present.

14

15 | REQUEST FOR PRODUCTION NO. 180:

16            ALL DOCUMENTS DESCRIBING EACH instance, from January 1,
17 | 1998 to present, of ANY USER violating, OR not complying with, YOUR written
18 | policies, procedures AND guidelines with reference to ELECTRONIC DATA
19 | retention AND preservation of work-related files created by employees on a
20 | personal OR home COMPUTER OR PDA.

21

22 | REQUEST FOR PRODUCTION NO. 181:

23            ALL DOCUMENTS RELATING TO YOUR written policies,
24 | procedures AND guidelines with reference to ANY classes or groups of
25 | ELECTRONIC DATA that are or were subject to periodically-scheduled
26 | destruction, including ALL such versions of YOUR policies, procedures AND
27 | guidelines, from January 1, 1998 to present.

28

/75/2117623.3

-13-

EXHIBIT 33
PAGE 202

1 | REQUEST FOR PRODUCTION NO. 182:

2 |    ALL DOCUMENTS DESCRIBING EACH instance, from January 1,
3 | 1998 to present, of ANY USER violating, OR not complying with, YOUR written
4 | policies, procedures AND guidelines with reference to ANY classes or groups of
5 | ELECTRONIC DATA that are or were subject to periodically-scheduled
6 | destruction.

7 |

8 | REQUEST FOR PRODUCTION NO. 183:

9 |    ALL DOCUMENTS DESCRIBING whether YOU have modified,
10 | altered or suspended YOUR policy, if any, since January 1, 1998, on classes or
11 | groups of ELECTRONIC DATA subject to periodically-scheduled destruction.

12 |

13 | REQUEST FOR PRODUCTION NO. 184:

14 |    DOCUMENTS sufficient to describe EACH instance, since January 1,
15 | 1998, of ANY USER violating, OR not complying with, YOUR written policies,
16 | procedures AND guidelines on classes or groups of ELECTRONIC DATA subject
17 | to periodically-scheduled destruction.

18 |

19 | REQUEST FOR PRODUCTION NO. 185:

20 |    DOCUMENTS sufficient to describe ALL ELECTRONIC
21 | INFORMATION deleted, physically destroyed, discarded, damaged, physically OR
22 | logically, OR overwritten, since January 1, 1998, including, but not limited to,
23 | pursuant to YOUR policy, if ANY, on classes or groups of ELECTRONIC DATA
24 | subject to periodically-scheduled destruction.

25 |

26 | REQUEST FOR PRODUCTION NO. 186:

27 |    YOUR written policies, procedures AND guidelines with reference to
28 | YOUR BACK-UP of software AND ELECTRONIC DATA on ANY COMPUTER

775/2117623.3

-14-

EXHIBIT 33
PAGE 563

1　SYSTEM YOU have USED, from January 1, 1998 to present, including, but limited
2　to, the following:

3　　　　　　　　　　(a) Names of BACK-UP software YOU USED;

4　　　　　　　　　　(b) The frequency of YOUR BACK-UP procedures;

5　　　　　　　　　　(c) BACK-UP MEDIA YOU USED, including the type of
6　media, the name AND version number of media, AND the capacity of data stored on
7　each BACK-UP MEDIA USED;

8　　　　　　　　　　(d) YOUR BACK-UP MEDIA rotation policy AND schedule;

9　　　　　　　　　　(e) How YOU maintain BACK-UP ELECTRONIC DATA
10　AND whether YOUR BACK-UPS are full OR incremental;

11　　　　　　　　　　(f) Whether YOU store and retain BACK-UP MEDIA off-site
12　OR on-site; and

13　　　　　　　　　　(g) The individual(s) who conduct AND supervise YOUR
14　BACK-UP procedures.

15

16　REQUEST FOR PRODUCTION NO. 187:

17　　　　　　DOCUMENTS IDENTIFYING COMPUTER SYSTEMS AND other
18　types of ELECTRONIC DATA that YOU have BACKED-UP, from January 1,
19　1998 to present.

20

21　REQUEST FOR PRODUCTION NO. 188:

22　　　　　　DOCUMENTS sufficient to describe ALL BACK-UP MEDIA YOU
23　have created or USED since January 1, 1998.

24

25　REQUEST FOR PRODUCTION NO. 189:

26　　　　　　DOCUMENTS sufficient to identify the current location of ALL
27　BACK-UP MEDIA YOU have created or USED since January 1, 1998.

28

EXHIBIT 33
PAGE 569

1  REQUEST FOR PRODUCTION NO. 190:

2        DOCUMENTS sufficient to identify the custodian of ALL BACK-UP

3  MEDIA YOU have created or USED, since January 1, 1998.

4

5  REQUEST FOR PRODUCTION NO. 191:

6        DOCUMENTS sufficient to identify the identification number OR

7  other system for identification of BACK-UP MEDIA YOU have created or USED,

8  since January 1, 1998.

9

10 REQUEST FOR PRODUCTION NO. 192:

11       YOUR written policies, procedures AND guidelines with reference to

12 the period of time YOU store BACK-UP MEDIA before reusing OR discarding

13 them, including ALL such versions of YOUR policies, procedures AND guidelines

14 from, January 1, 1998 to present.

15

16 REQUEST FOR PRODUCTION NO. 193:

17       YOUR written policies, procedures AND guidelines with reference to

18 PURGES of MGA'S EMAIL AND COMPUTER SYSTEMS, including ALL such

19 versions of YOUR policies, procedures AND guidelines, from January 1, 1998 to

20 present.

21

22 REQUEST FOR PRODUCTION NO. 194:

23       DOCUMENTS IDENTIFYING EACH PURGE of YOUR

24 COMPUTER SYSTEMS, including, but not limited to, YOUR EMAIL SYSTEM,

25 from January 1, 1998 to present.

26

27

28

775/2117623.3

-16-

MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

EXHIBIT 33
PAGE 565

1 | REQUEST FOR PRODUCTION NO. 195:

2 |       ALL DOCUMENTS DESCRIBING how YOUR COMPUTER

3 | SYSTEM handles the deletion OR "trash" disposal of EMAIL messages by a

4 | USER.

5 |

6 | REQUEST FOR PRODUCTION NO. 196:

7 |       DOCUMENTS IDENTIFYING ANY MGA COMPUTER that has

8 | been "wiped clean" OR reformatted, since January 1, 1998, such that YOU claim

9 | that the ELECTRONIC INFORMATION on the COMPUTER is permanently

10 | destroyed, lost or not retrievable, including, but not limited to, the following:

11 |       (a) The date on which ANY COMPUTER was "wiped clean";

12 |       (b) The method OR PROGRAM USED to "wipe clean" the

13 | COMPUTER;

14 |       (c) The persons who performed OR supervised EACH such

15 | procedure;

16 |       (d) The substance of ALL ELECTRONIC DATA "wiped clean"

17 | on EACH instance.

18 |

19 | REQUEST FOR PRODUCTION NO. 197:

20 |       ALL DOCUMENTS DESCRIBING YOUR disaster recovery plan,

21 | including ALL such versions of YOUR plan, from January 1, 1998 to present.

22 |

23 | REQUEST FOR PRODUCTION NO. 198:

24 |       ALL organization charts of YOUR Information Technology OR

25 | Information Services departments OR divisions, from January 1, 1998 to the

26 | present.

27 |

28 |

75/21117623.3

-17-

MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

EXHIBIT 33
PAGE 5 66

1 | REQUEST FOR PRODUCTION NO. 199:

2           ALL DOCUMENTS sufficient to show the current physical location of

3 | YOUR COMPUTER servers, including, but not limited to, ELECTRONIC MAIL,

4 | ELECTRONIC DATA OR application servers, from January 1, 1998 to present.

5

6 | DATED: May 14, 2007         QUINN EMANUEL URQUHART OLIVER &
                       HEDGES, LLP

7

8

9                      By *Jon D. Corey* /by HSR
                        Jon D. Corey

10                        Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-
MATTEL'S SECOND SET OF REQUESTS TO MGA FOR DOCUMENTS RE UNFAIR COMPETITION

EXHIBIT 33
PAGE 67

1                                **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4        On May 14, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SECOND SET OF REQUESTS TO MGA ENTERTAINMENT, INC.**

5   **FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR COMPETITION** on the parties in this action as follows:

6

7       Diana M. Torres, Esq.                 *Attorneys for MGA Entertainment*
        O'Melveny & Myers
        400 S. Hope Street

8       Los Angeles, CA 90071
        Telephone: (213) 430-6000

9       Facsimile: (213) 430-6407

10

11   **BY PERSONAL SERVICE:** I delivered such envelope(s) containing true copies of the above document(s) by hand to Dave Quintana of NOW Legal Service, who I instructed to deliver said

12   envelope(s) by hand to the office(s) of the person(s) listed above.

13

14                             Catherine Estacio

15

16   **BY PERSONAL SERVICE:** I delivered by hand the envelope(s) provided to NOW Legal Service by Catherine Estacio, to the office of the person(s) listed above.

17        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

19        Executed on May 14, 2007, at Los Angeles, California.

20

21                       NOW Legal Service - Dave Quintana

22

23

24

25

26

27

28

07975/2120850.1

EXHIBIT 33
PAGE 509

1

## PROOF OF SERVICE

2

3      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.

4

5      On May 14, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SECOND SET OF REQUESTS TO MGA ENTERTAINMENT, INC. FOR DOCUMENTS AND THINGS RE CLAIMS OF UNFAIR COMPETITION** on the

6  parties in this action as follows:

| | |
|---|---|
| 7  Keith A. Jacoby, Esq.<br>Littler Mendelson<br>8  2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107<br>9  Telephone: 310.553.0308<br>Facsimile: 310.553.5583 | *Attorneys for Carter Bryant* |
| 11  John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>12  Keker & Van Nest, LLP<br>710 Sansome Street<br>13  San Francisco, CA 94111<br>Telephone: 415.391.5400<br>14  Fascimile: 415.397.7188 | *Attorneys for Carter Bryant* |

10

15

16  **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal

17  Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business, addressed as set forth below. I am aware that on motion of the party

18  served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

19

20      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

21      Executed on May 14, 2007, at Los Angeles, California.

22

23                                              Catherine Estacio

24

25

26

27

28

07975/2120850.1                            -2-

EXHIBIT 33
PAGE 560

# EXHIBIT 34

**COPY**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
      Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

13                 Plaintiff,            Consolidated with
                                         Case No. CV 04-09059
14         v.                            Case No. CV 05-02727

15  MATTEL, INC., a Delaware             MATTEL, INC.'S FIRST SET OF
      corporation,                       REQUESTS FOR DOCUMENTS AND
16                                       THINGS TO ISAAC LARIAN
                   Defendant.
17

18  AND CONSOLIDATED CASES.

19

20

21

22

23

24

25

26

27

28

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 31
PAGE 570

1        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Mattel,
2    Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these
3    document requests ("Requests") and make available for inspection and copying
4    originals of the following documents within 30 days of service at the offices of
5    Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th
6    floor, Los Angeles, CA 90017.  Larian shall be obligated to supplement the
7    responses to these Requests at such times and to the extent required by Rule 26(e) of
8    the Federal Rules of Civil Procedure.

9

10   **I.    DEFINITIONS**

11

12        For purposes of these Requests, the following definitions apply:
13        A.    "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any
14   individual or entity acting directly or indirectly by, through, under or on behalf of
15   Isaac Larian, including but not limited to current or former directors, officers,
16   agents, attorneys, employees, partners, joint venturers, contractors, accountants, or
17   representatives of Isaac Larian or any entity under the control or direction of Isaac
18   Larian (including but not limited to MGA), and any corporation, partnership,
19   association, trust, predecessor-in-interest and successor-in-interest, and any other
20   PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to
21   his control.

22        B.    "MGA" means MGA Entertainment, Inc. and all current or
23   former directors, officers, employees, agents, contractors, attorneys, accountants,
24   representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and
25   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
26   authority or subject to its control.

27        C.    "MATTEL" means Mattel, Inc. and all current or former
28   directors, officers, employees, agents, contractors, attorneys, accountants,

07209/2142932.1

-2-

EXHIBIT 34
PAGE 57

1  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and
2  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
3  authority or subject to its control.

4          D.      "BRYANT" means Carter Bryant, any of his current or former
5  agents, representatives, attorneys, employees, partners, joint venturers,
6  predecessors-in-interest and successors-in-interest, and any other PERSON acting
7  on his behalf, pursuant to his authority or subject to his control. For purposes of
8  these Requests, "MGA" and "LARIAN" do not include "BRYANT."

9          E.      "DOCUMENT" or "DOCUMENTS" means all "writings" and
10  "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>
11  <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all
12  writings, including but not limited to handwriting, typewriting, printing, image,
13  photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
14  to) electronic mail (including instant messages and text messages) or facsimile,
15  video and audio recordings, and every other means of recording upon any tangible
16  thing, any form of communication or representation, and any record thereby created,
17  regardless of the manner in which the record has been stored, and all non-identical
18  copies of such DOCUMENTS, in the possession, custody, or control of YOU,
19  YOUR counsel, or any other PERSON acting on YOUR behalf.

20          F.      "COMMUNICATION," in the plural as well as the singular,
21  means any transmittal and/or receipt of information, whether such was oral or
22  written, and whether such was by chance, prearranged, formal or informal, and
23  specifically includes, but is not limited to, conversations in person, telephone
24  conversations, electronic mail (including instant messages and text messages),
25  voicemail, letters, memoranda, statements, media releases, magazine and newspaper
26  articles, and video and audio transmissions.

27          G.      "DESIGN" or "DESIGNS" means any and all representations,
28  whether two-dimensional or three-dimensional, and whether in tangible, digital,

07209/2142932.1

-3-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 3 4
PAGE 572

1  electronic or other form, including but not limited to all works, designs, artwork,
2  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
3  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
4  practice, developments, concepts, ideas, inventions and/or improvements, as well as
5  all other items, things and DOCUMENTS in which any of the foregoing are or have
6  been expressed, embodied, contained, fixed or reflected in any manner, whether in
7  whole or in part.

8       H.  "BRATZ" means any project, product, doll or DESIGN or any
9  portion thereof ever known by that name, that is now or has ever been known as, or
10  sold or marketed under, the name or term "Bratz" or that is now or has ever been
11  sold or marketed as part of the "Bratz" line, including without limitation all
12  prototypes, models, samples and versions thereof. As used herein, "products, dolls
13  or DESIGNS or any portion thereof" also includes without limitation any names,
14  fashions, accessories, artwork, packaging or any other works, materials, matters or
15  items included or associated therewith. Without limiting the generality of the
16  foregoing, "BRATZ" includes any such project, product, doll or DESIGN,
17  regardless of what any such project, product, doll or DESIGN has in fact been
18  called, and regardless of what any such project, product, doll or DESIGN is or has
19  been also, previously or subsequently called. Also without limiting the generality of
20  the foregoing, and contrary to MGA's recent assertions in connection with other
21  Mattel discovery requests, the term "BRATZ" does not require that there be a doll
22  existing at the time of the event, incident or occurrence that is the subject of, or
23  otherwise relevant or responsive to, the Requests herein.

24       I.  "ANGEL" refers to those projects, products, dolls or DESIGNS
25  or any portion thereof, sometimes called "Angel Faces" and/or "Prayer Angels," that
26  MGA has claimed are the subject of MGA000706-08, MGA000710-12,
27  MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including
28  without limitation all prototypes, models, samples and versions thereof. As used

17209/2142932.1

-4-

EXHIBIT 34
PAGE 573

1  herein, "products, dolls or DESIGNS or any portion thereof" also includes without
2  limitation any names, fashions, accessories, artwork, packaging or any other works,
3  materials, matters or items included or associated therewith. Without limiting the
4  generality of the foregoing, "ANGEL" includes any such project, product, doll or
5  DESIGN, regardless of what any such project, product, doll or DESIGN has in fact
6  been called, and regardless of what any such project, product, doll or DESIGN is or
7  has been also, previously or subsequently called. Also without limiting the
8  generality of the foregoing, and contrary to MGA's recent assertions in connection
9  with other Mattel discovery requests, the term "ANGEL" does not require that there
10  be a doll existing at the time of the event, incident or occurrence that is the subject
11  of, or otherwise relevant or responsive to, the Requests herein.

12         J.     "AFFILIATES" means any and all corporations, proprietorships,
13  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
14  indirectly, in whole or in part, own or control, are under common ownership or
15  control with, or are owned or controlled by a PERSON, party or entity, including
16  without limitation each parent, subsidiary and joint venture of such PERSON, party
17  or entity.

18         K.     "IDENTIFY" or "IDENTITY" means the following:

19                (a)    With reference to an individual, means such individual's
20  name, current or last known business title, current or last known business affiliation,
21  current or last known relationship to YOU, current or last known residential and
22  business address, and current or last known telephone number.

23                (b)    With reference to an entity or governmental organization,
24  means such entity's or organization's name, present or last-known address, and
25  present or last-known telephone number and the IDENTITY of each individual who
26  has served or participated as a contact for or on behalf of such entity or organization.

27                (c)    With reference to an account with a bank or financial
28  institution, means the name and address of the bank or financial institution, the

7209/2142932.1

1  account number(s) for or otherwise associated with such account and the name of
2  each holder, including without limitation each beneficial holder, of each such
3  account.

4              (d)     With reference to a STORAGE DEVICE, means the
5  manufacturer name, brand, model name and number, serial number and all other
6  manufacturer identifiers, and the technical specifications and capacities of such
7  STORAGE DEVICE.

8         L.     "ACTION" means this action now consolidated under Case No.
9  04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first
10  filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA
11  Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses
12  therein.

13         M.     "DIGITAL INFORMATION" means any information created or
14  stored digitally, including but not limited to electronically, magnetically or optically.

15         N.     "STORAGE DEVICE" means any computer hard drive,
16  memory, USB device, tape, storage array or any other device or medium that allows
17  a user, whether permanently, temporarily or otherwise, to create, generate, prepare,
18  transmit, copy, retain, store or maintain DIGITAL INFORMATION.

19         O.     "FAMILY MEMBER" means any PERSON who at any time is,
20  was or has been a parent, spouse, or child of another PERSON.

21         P.     "RELATING," "RELATING TO," "REFERRING OR
22  RELATING TO," or "REFER OR RELATE TO" means any and all of the following
23  terms and their synonyms: refer to, discuss, constitute, evidence, pertain to,
24  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,
25  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or
26  describe.

27         Q.     "PERSON," in the plural as well as the singular, means any
28  natural person, association, partnership, corporation, joint venture, government

J7209/2142932.1

-6-

EXHIBIT 34
PAGE 575

1   entity, organization, trust, institution, proprietorship, or any other entity recognized

2   as having an existence under the laws in the United States or any other nation.

3   　　　　R.　　"BRATZ PRODUCT" means any product, whether two-

4   dimensional or three-dimensional, and whether in tangible, digital, electronic or

5   other form: (i) that is or has ever been distributed, marketed or sold under the name

6   "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,

7   consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever

8   been distributed, marketed or sold in any packaging that includes the name "Bratz"

9   or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO

10  BRATZ.

11  　　　　S.　　"BRATZ DOLL" means any doll that is or has ever been

12  distributed, marketed, sold or offered for sale under the name "Bratz" or as part of

13  the "Bratz" line.

14  　　　　T.　　"BRATZ MOVIE" means any motion picture or film that

15  depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ

16  or any BRATZ DESIGN.

17  　　　　U.　　"BRATZ TELEVISION SHOW" means any production

18  exhibited on television that depicts, incorporates, embodies, consists of or REFERS

19  OR RELATES TO BRATZ or any BRATZ DESIGN.

20  　　　　V.　　"DIVA STARZ" means any project, product, doll or DESIGN or

21  any portion thereof ever known by that name, that is now or has ever been known

22  as, or sold or marketed under, the name or term "DIVA STARZ" or that is now or

23  has ever been sold or marketed as part of the "DIVA STARZ" line, including

24  without limitation "Chat Girls," "Brats," and "Chat Brats," and including without

25  limitation all prototypes, models, samples and versions thereof. As used herein,

26  "products, dolls or DESIGNS or any portion thereof" also includes without

27  limitation any names, fashions, accessories, artwork, packaging or any other works,

28  materials, matters or items included or associated therewith. Without limiting the

J7209/2142932.1

-7-

EXHIBIT 34
PAGE 576

1  generality of the foregoing, "DIVA STARZ" includes any such project, product, doll
2  or DESIGN, regardless of what any such project, product, doll or DESIGN has in
3  fact been called, and regardless of what any such project, product, doll or DESIGN
4  is or has been also, previously or subsequently called. Also without limiting the
5  generality of the foregoing, and contrary to MGA's recent assertions in connection
6  with other Mattel discovery requests, the term "DIVA STARZ" does not require that
7  there be a doll existing at the time of the event, incident or occurrence that is the
8  subject of, or otherwise relevant or responsive to, the Requests herein.

9       W.    The singular form of a noun or pronoun includes within its
10  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
11  the masculine form of a pronoun also includes within its meaning the feminine form
12  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes
13  also within its meaning all other tenses of the verb so used, whenever such
14  construction results in a broader request for information; and "and" includes "or"
15  and *vice versa*, whenever such construction results in a broader disclosure of
16  documents or information

17

18  **II.   INSTRUCTIONS**

19

20       A.    YOU are to produce all requested DOCUMENTS in YOUR
21  possession, custody or control.

22       B.    If YOU contend that YOU are not required to produce certain
23  DOCUMENTS called for by these Requests on the grounds of a privilege or
24  protection that YOU are not prepared to waive, identify each such DOCUMENT
25  and provide the following information:

26          1.    the date and type of the DOCUMENT, the author(s) and
27               all recipients;

28

07209/2142932.1

1      2.        the privilege or protection that YOU claim permits YOU

2               to withhold the DOCUMENT;

3      3.        the title and subject matter of the DOCUMENT;

4      4.        any additional facts on which YOU base YOUR claim of

5               privilege or protection; and

6      5.        the identity of the current custodian of the original of the

7               DOCUMENT.

8      C.     DOCUMENTS shall be produced in their original file folders, or

9  in lieu thereof, any writing on the file folder from which each such DOCUMENT is

10  taken shall be copied and appended to such DOCUMENT and the PERSON for

11  whom or department, division or office for which the DOCUMENT or the file

12  folder is maintained shall be identified.

13      D.     The DOCUMENTS should be produced in their complete and

14  unaltered form. Attachments to DOCUMENTS should not be removed. The

15  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

16  any reason, including alleged nonrelevance. If emails are produced that had

17  attachments, the attachments shall be attached when produced.

18      E.     DOCUMENTS in electronic form shall be produced in that form.

19      F.     In the event that any DOCUMENT called for by these requests

20  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

21      1.        the date and type of the DOCUMENT, the author(s) and

22               all recipients;

23      2.        the DOCUMENT's date, subject matter, number of pages,

24               and attachments or appendices;

25      3.        the date of destruction or discard, manner of destruction

26               or discard, and reason for destruction or discard;

27      4.        the PERSONS who were authorized to carry out such

28               destruction or discard;

-9-

EXHIBIT 3 4
PAGE 5 7 8

5.        the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.        whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III.   REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS prepared, drafted, written, transmitted or received (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO BRATZ and RELATING TO any time prior to December 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted or received, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO the origin(s), conception and creation of BRATZ, including without limitation all DOCUMENTS RELATING TO the timing and the method and manner in which BRATZ first came to YOUR or MGA's attention.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO the modeling, prototyping, rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001, including without limitation all DOCUMENTS RELATING to the creation, preparation or modification of any three-dimensional representation of BRATZ.

-10-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 579

REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS RELATING TO any payment or transfer of anything of value made to or on behalf of BRYANT for any DESIGN that BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000, regardless of when such payment was actually made.

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that RELATING TO invoices submitted by BRYANT to YOU or MGA prior to January 31, 2001.

REQUEST FOR PRODUCTION NO. 7:

All royalty statements to or for BRYANT.

REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATING TO BRYANT's participation in the conception, creation, DESIGN, development, sculpting, tooling, production or manufacture of BRATZ.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO COMMUNICATIONS between YOU or MGA and BRYANT and RELATING TO the period prior to December 31, 2001 (regardless of when such document was prepared, written, transmitted or received, whether in whole or in part), including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

-11-

EXHIBIT 34
PAGE 580

1  REQUEST FOR PRODUCTION NO. 10:

2          All DOCUMENTS RELATING TO COMMUNICATIONS between

3  YOU or MGA and BRYANT prior to December 31, 2001, including without

4  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

5  record or memorialize or otherwise RELATING TO any such

6  COMMUNICATIONS.

7

8  REQUEST FOR PRODUCTION NO. 11:

9          All COMMUNICATIONS between YOU or MGA and BRYANT prior

10  to December 31, 2001.

11

12  REQUEST FOR PRODUCTION NO. 12:

13          All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

15  DOCUMENT was prepared, written, transmitted or received, whether in whole or in

16  part), including without limitation all diaries, notes, calendars, logs, phone records

17  and letters, that reflect, record or memorialize or otherwise RELATING TO any

18  such COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 13:

21          All COMMUNICATIONS RELATING TO BRATZ between YOU or

22  MGA and any PERSON prior to December 31, 2001.

23

24  REQUEST FOR PRODUCTION NO. 14:

25          All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and any PERSON and RELATING TO the period prior to December

27  31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted

28  or received, whether in whole or in part), including without limitation all diaries,

07209/2142932.1

-12-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 581

1  notes, calendars, logs, phone records and letters, that reflect, record or memorialize
2  or otherwise RELATING TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 15:

5          All COMMUNICATIONS RELATING TO BRATZ between YOU or
6  MGA and BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 16:

9          All DOCUMENTS RELATING TO BRYANT's employment by
10 MATTEL.

11

12 REQUEST FOR PRODUCTION NO. 17:

13         All DOCUMENTS RELATING TO YOUR or MGA's knowledge of
14 BRYANT's employment by MATTEL.

15

16 REQUEST FOR PRODUCTION NO. 18:

17         All DOCUMENTS RELATING TO DESIGNS that BRYANT
18 produced, prepared, created, authored, conceived of or reduced to practice, whether
19 alone or jointly with others, prior to December 31, 2001.

20

21 REQUEST FOR PRODUCTION NO. 19:

22         All DOCUMENTS RELATING TO DESIGNS produced, prepared,
23 created, authored, conceived of or reduced to practice prior to December 31, 2001
24 by BRYANT, whether alone or jointly with others, in which YOU or MGA have
25 purported at any time to purchase, acquire or own any right, title or interest (whether
26 in whole or in part).

27

28

J7209/2142932.1

-13-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 582

1  REQUEST FOR PRODUCTION NO. 20:

2          All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between BRYANT and MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 21:

7          All DOCUMENTS, including without limitation all

8  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9  YOUR or MGA's knowledge of any agreement or contract between BRYANT and

10  MATTEL.

11

12  REQUEST FOR PRODUCTION NO. 22:

13          All DOCUMENTS RELATING TO any payment or transfer of

14  anything of value made to or on behalf of BRYANT prior to October 21, 2000 or for

15  work or services performed by BRYANT prior to October 21, 2000 regardless of

16  when such payment was actually made.

17

18  REQUEST FOR PRODUCTION NO. 23:

19          All DOCUMENTS RELATING TO any agreement or contract

20  between YOU or MGA, on the one hand, and BRYANT, on the other hand,

21  including without limitation all drafts thereof, all actual or proposed amendments,

22  modifications and revisions thereto and all COMMUNICATIONS RELATING

23  thereto.

24

25  REQUEST FOR PRODUCTION NO. 24:

26          All doll heads, sculpts, prototypes, models, samples and tangible items

27  that were created, prepared or made, whether in whole or in part, prior to December

28  31, 2001 RELATING TO BRATZ.

-14-

EXHIBIT  3 4
PAGE ≤ 83

1 | REQUEST FOR PRODUCTION NO. 25:

2 |  All doll heads, sculpts, prototypes, models, samples and tangible items

3 | that were created, prepared or made, whether in whole or in part, prior to December

4 | 31, 2001 RELATING TO ANGEL.

5 |

6 | REQUEST FOR PRODUCTION NO. 26:

7 |  All DOCUMENTS RELATING TO each and every sculpt of BRATZ

8 | (including without limitation any model, prototype or sample thereof) prior to June

9 | 1, 2001.

10 |

11 | REQUEST FOR PRODUCTION NO. 27:

12 |  All DOCUMENTS RELATING TO each and every sculpt of ANGEL

13 | (including without limitation any model, prototype or sample thereof).

14 |

15 | REQUEST FOR PRODUCTION NO. 28:

16 |  All DOCUMENTS RELATING TO the procurement, fabrication,

17 | preparation and production of each and every mold for BRATZ (including without

18 | limitation for any model, prototype or sample thereof) prior June 30, 2001,

19 | including without limitation all orders, purchase orders and invoices relating thereto.

20 |

21 | REQUEST FOR PRODUCTION NO. 29:

22 |  DOCUMENTS sufficient to show when any mold for ANGEL

23 | (including without limitation for any model, prototype or sample thereof) was first

24 | ordered, requested, procured, fabricated, prepared and produced.

25 |

26 | REQUEST FOR PRODUCTION NO. 30:

27 |  All DOCUMENTS RELATING TO any showing, presentation or

28 | exhibition, or any proposed, offered or requested showing, presentation or

17209/2142932.1

-15-

EXHIBIT 34
PAGE 584

1  exhibition, of BRATZ (including without limitation any model, prototype or sample
2  thereof) prior to June 30, 2001.

3

4  REQUEST FOR PRODUCTION NO. 31:

5           DOCUMENTS sufficient to show when ANGEL (including without
6  limitation any model, prototype or sample thereof) was first exhibited, shown or
7  presented to any third party.

8

9  REQUEST FOR PRODUCTION NO. 32:

10          All COMMUNICATIONS between YOU or MGA and any wholesaler,
11  distributor, and/or retailer RELATING TO BRATZ prior to December 31, 2001.

12

13  REQUEST FOR PRODUCTION NO. 33:

14          All COMMUNICATIONS between YOU or MGA and any wholesaler,
15  distributor, and/or retailer RELATING TO ANGEL.

16

17  REQUEST FOR PRODUCTION NO. 34:

18          All DOCUMENTS RELATING TO when and where BRATZ
19  (including without limitation any model, prototype or sample thereof) was first
20  marketed to any wholesaler, distributor and/or retailer.

21

22  REQUEST FOR PRODUCTION NO. 35:

23          All DOCUMENTS RELATING TO when and where ANGEL
24  (including without limitation any model, prototype or sample thereof) was first
25  marketed to any wholesaler, distributor and/or retailer.

26

27

28

07209/2142932.1

-16-

EXHIBIT 3 4
PAGE 585

1  REQUEST FOR PRODUCTION NO. 36:

2              DOCUMENTS sufficient to show when and where BRATZ was first

3  shipped, distributed and sold.

4

5  REQUEST FOR PRODUCTION NO. 37:

6              DOCUMENTS sufficient to show when and where ANGEL was first

7  shipped, distributed and sold.

8

9  REQUEST FOR PRODUCTION NO. 38:

10             All DOCUMENTS RELATING TO the licensing, including without

11  limitation the proposed, offered or requested licensing, of BRATZ prior to

12  December 31, 2001.

13

14  REQUEST FOR PRODUCTION NO. 39:

15             All COMMUNICATIONS between YOU or MGA and any

16  manufacturer, or any contemplated, proposed or potential manufacturer,

17  RELATING TO BRATZ prior to December 31, 2001.

18

19  REQUEST FOR PRODUCTION NO. 40:

20             DOCUMENTS sufficient to identify when YOU or MGA first

21  contacted any manufacturer, or any contemplated, proposed or potential

22  manufacturer, for the production or manufacture of ANGEL.

23

24  REQUEST FOR PRODUCTION NO. 41:

25             All COMMUNICATIONS between YOU or MGA and any PERSON

26  that REFER OR RELATE TO the distribution or proposed or potential distribution

27  of BRATZ prior to December 31, 2001.

28

07209/2142932.1

-17-

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS RELATING TO the performance of any agreement or contract between YOU or MGA, on the one hand, and BRYANT, on the other hand.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS RELATING TO the agreement dated as of September 18, 2000 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS RELATING TO the Modification and Clarification of the Agreement dated as of September 18, 2000 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS RELATING TO the agreement dated April 2001 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that RELATING TO any agreement or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and any PERSON (including without limitation MGA), including without limitation all drafts thereof,

-18-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 3 4
PAGE 587

1   all actual or proposed amendments, modifications and revisions thereto and all

2   COMMUNICATIONS RELATING thereto.

3

4   REQUEST FOR PRODUCTION NO. 47:

5           All DOCUMENTS RELATING TO the performance of any agreement

6   or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and

7   any PERSON (including without limitation MGA).

8

9   REQUEST FOR PRODUCTION NO. 48:

10          All DOCUMENTS that REFER OR RELATE TO any agreement or

11  contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

12  any PERSON (including without limitation MGA), including without limitation all

13  drafts thereof, all actual or proposed amendments, modifications and revisions

14  thereto and all COMMUNICATIONS RELATING thereto.

15

16  REQUEST FOR PRODUCTION NO. 49:

17          All DOCUMENTS RELATING TO the performance of any agreement

18  or contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

19  any PERSON (including without limitation MGA).

20

21  REQUEST FOR PRODUCTION NO. 50:

22          All DOCUMENTS that REFER OR RELATE TO any agreement or

23  contract that REFERS AND RELATES TO BRATZ between any FAMILY

24  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

25  and/or Isaac Larian), including without limitation all drafts thereof, all actual or

26  proposed amendments, modifications and revisions thereto and all

27  COMMUNICATIONS RELATING thereto.

28

-19-

EXHIBIT 34
PAGE 588

1  REQUEST FOR PRODUCTION NO. 51:

2          All DOCUMENTS RELATING TO the performance of any agreement
3  or contract that REFERS AND RELATES TO BRATZ between any FAMILY
4  MEMBER of Isaac Larian and any PERSON (including without limitation MGA
5  and/or Isaac Larian).

6

7  REQUEST FOR PRODUCTION NO. 52:

8          All DOCUMENTS RELATING TO any agreement or contract that
9  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of
10 Isaac Larian and any PERSON (including without limitation MGA and/or Isaac
11 Larian), including without limitation all drafts thereof, all actual or proposed
12 amendments, modifications and revisions thereto and all COMMUNICATIONS
13 RELATING thereto.

14

15 REQUEST FOR PRODUCTION NO. 53:

16         All DOCUMENTS RELATING TO the performance of any agreement
17 or contract that REFERS AND RELATES TO BRYANT between any FAMILY
18 MEMBER of Isaac Larian and any PERSON (including without limitation MGA
19 and/or Isaac Larian).

20

21 REQUEST FOR PRODUCTION NO. 54:

22         All DOCUMENTS RELATING TO royalties or payments RELATING
23 TO BRATZ that have been made by any PERSON (including without limitation
24 MGA) to, for or on behalf of Isaac Larian.

25

26

27

28

07209/2142932.1

-20-

1 REQUEST FOR PRODUCTION NO. 55:

2          All DOCUMENTS RELATING TO royalties or payments RELATING

3 TO BRATZ that have been made by any PERSON (without limitation MGA) to, for

4 or on behalf of any FAMILY MEMBER of Isaac Larian.

5

6 REQUEST FOR PRODUCTION NO. 56:

7          All DOCUMENTS RELATING TO DIVA STARZ and RELATING

8 TO any time prior to December 31, 2001 (regardless of when such document was

9 prepared, written, transmitted or received, whether in whole or in part).

10

11 REQUEST FOR PRODUCTION NO. 57:

12          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

13 DIVA STARZ and RELATING TO any time prior to December 31, 2001

14 (regardless of when such document was prepared, written, transmitted or received,

15 whether in whole or in part).

16

17 REQUEST FOR PRODUCTION NO. 58:

18          All DOCUMENTS RELATING TO MATTEL's consideration or

19 proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

20 any time prior to December 31, 2001 (regardless of when such document was

21 prepared, written, transmitted or received, whether in whole or in part).

22

23 REQUEST FOR PRODUCTION NO. 59:

24          All DOCUMENTS RELATING TO "Toon Teens."

25

26 REQUEST FOR PRODUCTION NO. 60:

27          All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

28 "Toon Teens."

J7209/2142932.1

-21-

EXHIBIT 34
PAGE 590

1
2
3 REQUEST FOR PRODUCTION NO. 61:
4      All DOCUMENTS, including without limitation
5 COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether
6 in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.
7
8 REQUEST FOR PRODUCTION NO. 62:
9      All DOCUMENTS RELATING TO any actual, potential, proposed,
10 considered or contemplated work, activities or services, including without limitation
11 any freelance work or consulting services, by BRYANT for, with or on behalf of
12 YOU or MGA prior to December 31, 2001 (regardless of when any such
13 DOCUMENT was prepared, created, received or transmitted, whether in whole or in
14 part).
15
16 REQUEST FOR PRODUCTION NO. 63:
17      All DOCUMENTS RELATING TO any actual, potential, proposed,
18 considered or contemplated work, activities or services, including without limitation
19 any freelance work or consulting services, by Anna Rhee for, with or on behalf of
20 YOU or MGA prior to December 31, 2001 (regardless of when any such
21 DOCUMENT was prepared, created, received or transmitted, whether in whole or in
22 part).
23
24 REQUEST FOR PRODUCTION NO. 64:
25      All DOCUMENTS RELATING TO any actual, potential, proposed,
26 considered or contemplated work, activities or services, including without limitation
27 any freelance work or consulting services, by Veronica Marlow for, with or on
28 behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

-22-

1 | DOCUMENT was prepared, created, received or transmitted, whether in whole or in
2 | part).

3

4 | REQUEST FOR PRODUCTION NO. 65:

5 |        All DOCUMENTS RELATING TO any actual, potential, proposed,
6 | considered or contemplated work, activities or services, including without limitation
7 | any freelance work or consulting services, by Sarah Halpern for, with or on behalf
8 | of YOU or MGA prior to December 31, 2001 (regardless of when any such
9 | DOCUMENT was prepared, created, received or transmitted, whether in whole or in
10 | part).

11

12 | REQUEST FOR PRODUCTION NO. 66:

13 |        All DOCUMENTS RELATING TO any actual, potential, proposed,
14 | considered or contemplated work, activities or services, including without limitation
15 | any freelance work or consulting services, by Jesse Ramirez for, with or on behalf of
16 | YOU or MGA prior to December 31, 2001 (regardless of when any such
17 | DOCUMENT was prepared, created, received or transmitted, whether in whole or in
18 | part).

19

20 | REQUEST FOR PRODUCTION NO. 67:

21 |        All DOCUMENTS RELATING TO any actual, potential, proposed,
22 | considered or contemplated work, activities or services, including without limitation
23 | any freelance work or consulting services, by Margaret Hatch (also known as
24 | Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of YOU or
25 | MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was
26 | prepared, created, received or transmitted, whether in whole or in part).

27

28

J7209/2142932.1

-23-

1 | REQUEST FOR PRODUCTION NO. 68:

2          All DOCUMENTS RELATING TO any actual, potential, proposed,

3 considered or contemplated work, activities or services, including without limitation

4 any freelance work or consulting services, by Elise Cloonan for, with or on behalf of

5 YOU or MGA.

6

7 | REQUEST FOR PRODUCTION NO. 69:

8          All DOCUMENTS RELATING TO any actual, potential, proposed,

9 considered or contemplated work, activities or services, including without limitation

10 any freelance work or consulting services, by Maureen Mullen for, with or on behalf

11 of YOU or MGA.

12

13 | REQUEST FOR PRODUCTION NO. 70:

14          All DOCUMENTS RELATING TO any actual, potential, proposed,

15 considered or contemplated work, activities or services, including without limitation

16 any freelance work or consulting services, by Billy Ragsdale for, with or on behalf

17 of YOU or MGA.

18

19 | REQUEST FOR PRODUCTION NO. 71:

20          All DOCUMENTS RELATING TO any actual, potential, proposed,

21 considered or contemplated work, activities or services, including without limitation

22 any freelance work or consulting services, by Wendy Ragsdale for, with or on

23 behalf of YOU or MGA.

24

25 | REQUEST FOR PRODUCTION NO. 72:

26          All DOCUMENTS RELATING TO any actual, potential, proposed,

27 considered or contemplated work, activities or services, including without limitation

28

-24-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 593

1  any freelance work or consulting services, by David Dees for, with or on behalf of

2  YOU or MGA.

3

4  REQUEST FOR PRODUCTION NO. 73:

5          All DOCUMENTS RELATING TO any actual, potential, proposed,

6  considered or contemplated work, activities or services, including without limitation

7  any freelance work or consulting services, by Steve Linker for, with or on behalf of

8  YOU or MGA.

9

10 REQUEST FOR PRODUCTION NO. 74:

11          All DOCUMENTS RELATING TO Steve Linker and RELATING TO

12 any time prior to December 31, 2001 (regardless of when such document was

13 prepared, written, transmitted or received, whether in whole or in part).

14

15 REQUEST FOR PRODUCTION NO. 75:

16          All DOCUMENTS RELATING TO any actual, potential, proposed,

17 considered or contemplated work, activities or services, including without limitation

18 any freelance work or consulting services, by Liz Hogan for, with or on behalf of

19 YOU or MGA.

20

21 REQUEST FOR PRODUCTION NO. 76:

22          All DOCUMENTS RELATING TO any actual, potential, proposed,

23 considered or contemplated work, activities or services, including without limitation

24 any freelance work or consulting services, by Amy Meyers for, with or on behalf of

25 YOU or MGA.

26

27

28

J7209/2142932.1

-25-

1  REQUEST FOR PRODUCTION NO. 77:

2          To the extent not covered by other Requests, all DOCUMENTS

3  RELATING TO any actual, potential, proposed, considered or contemplated work,

4  activities or services, including without limitation any freelance work or consulting

5  services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6

7  REQUEST FOR PRODUCTION NO. 78:

8          To the extent not covered by other Requests, all DOCUMENTS

9  RELATING TO any actual, potential, proposed, considered or contemplated work,

10  activities or services, including without limitation any freelance work or consulting

11  services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

12

13  REQUEST FOR PRODUCTION NO. 79:

14          All DOCUMENTS RELATING TO any focus groups RELATING TO

15  BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

16  notes and reports associated therewith.

17

18  REQUEST FOR PRODUCTION NO. 80:

19          All DOCUMENTS RELATING TO any services or work performed by

20  L.A. Focus between January 1, 1999 and December 31, 2001, including without

21  limitation all videotapes, summaries, notes and reports associated therewith.

22

23  REQUEST FOR PRODUCTION NO. 81:

24          All DOCUMENTS RELATING TO Alaska Momma.

25

26  REQUEST FOR PRODUCTION NO. 82:

27          All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and Anna

07209/2142932.1

-26-

EXHIBIT 34
PAGE 595

1  Rhee, including without limitation all drafts thereof and amendments, modifications
2  and revisions thereto, and all COMMUNICATIONS relating thereto.
3
4  REQUEST FOR PRODUCTION NO. 83:
5          All DOCUMENTS RELATING TO any payments of money or the
6  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.
7
8  REQUEST FOR PRODUCTION NO. 84:
9          All DOCUMENTS RELATING TO any actual, potential, proposed,
10  considered or contemplated agreement or contract between YOU or MGA and
11  Veronica Marlow or her FAMILY MEMBERS, including without limitation all
12  drafts thereof and amendments, modifications and revisions thereto, and all
13  COMMUNICATIONS relating thereto.
14
15  REQUEST FOR PRODUCTION NO. 85:
16          All DOCUMENTS RELATING TO any payments of money or the
17  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.
18
19  REQUEST FOR PRODUCTION NO. 86:
20          All DOCUMENTS RELATING TO any actual, potential, proposed,
21  considered or contemplated agreement or contract between YOU or MGA and
22  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or
23  her FAMILY MEMBERS, including without limitation all drafts thereof and
24  amendments, modifications and revisions thereto, and all COMMUNICATIONS
25  relating thereto.
26
27
28

07209/2142932.1

-27-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 596

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts thereof and amendments, modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS RELATING TO any payments of money or the transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Jesse Ramirez or his FAMILY MEMBERS, including without limitation all drafts thereof and amendments, modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

**REQUEST FOR PRODUCTION NO. 91:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated agreement or contract between YOU or MGA and Elise Cloonan or her FAMILY MEMBERS, including without limitation all drafts thereof

1 | and amendments, modifications and revisions thereto, and all

2 | COMMUNICATIONS relating thereto.

3

4 | REQUEST FOR PRODUCTION NO. 92:

5 | All DOCUMENTS RELATING TO any payments of money or the

6 | transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

7

8 | REQUEST FOR PRODUCTION NO. 93:

9 | All DOCUMENTS RELATING TO any actual, potential, proposed,

10 | considered or contemplated agreement or contract between YOU or MGA and

11 | Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

12 | including without limitation all drafts thereof and amendments, modifications and

13 | revisions thereto, and all COMMUNICATIONS relating thereto.

14

15 | REQUEST FOR PRODUCTION NO. 94:

16 | All DOCUMENTS RELATING TO any actual, potential, proposed,

17 | considered or contemplated agreement or contract between YOU or MGA and

18 | David Dees or his FAMILY MEMBERS, including without limitation all drafts

19 | thereof and amendments, modifications and revisions thereto, and all

20 | COMMUNICATIONS relating thereto.

21

22 | REQUEST FOR PRODUCTION NO. 95:

23 | All DOCUMENTS RELATING TO any payments of money or the

24 | transfer of anything of value to David Dees or her FAMILY MEMBERS.

25

26 | REQUEST FOR PRODUCTION NO. 96:

27 | All DOCUMENTS RELATING TO any actual, potential, proposed,

28 | considered or contemplated agreement or contract between YOU or MGA and Steve

07209/2142932.1

-29-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34

PAGE 598

1   Linker, including without limitation all drafts thereof and amendments,

2   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4   REQUEST FOR PRODUCTION NO. 97:

5         All DOCUMENTS RELATING TO any actual, potential, proposed,

6   considered or contemplated agreement or contract between YOU or MGA and Liz

7   Hogan, including without limitation all drafts thereof and amendments,

8   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

9

10   REQUEST FOR PRODUCTION NO. 98:

11         All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12   created, authored, conceived of or reduced to practice prior to December 31, 2001

13   by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

14   whether alone or jointly with others, in which YOU or MGA have purported at any

15   time to purchase, acquire or own any right, title or interest (whether in whole or in

16   part).

17

18   REQUEST FOR PRODUCTION NO. 99:

19         All DOCUMENTS RELATING TO DESIGNS produced, prepared,

20   created, authored, conceived of or reduced to practice prior to December 31, 2001

21   by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

22   purported at any time to purchase, acquire or own any right, title or interest (whether

23   in whole or in part).

24

25   REQUEST FOR PRODUCTION NO. 100:

26         All DOCUMENTS RELATING TO DESIGNS produced, prepared,

27   created, authored, conceived of or reduced to practice prior to January 1, 2001 by

28   Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

EXHIBIT 34
PAGE 599

1   have purported at any time to purchase, acquire or own any right, title or interest
2   (whether in whole or in part).
3
4   REQUEST FOR PRODUCTION NO. 101:
5           All DOCUMENTS RELATING TO DESIGNS produced, prepared,
6   created, authored, conceived of or reduced to practice by Elise Cloonan, whether
7   alone or jointly with others, in which YOU or MGA have purported at any time to
8   purchase, acquire or own any right, title or interest (whether in whole or in part).
9
10  REQUEST FOR PRODUCTION NO. 102:
11          All DOCUMENTS prepared, written, transmitted or received (whether
12  in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.
13
14  REQUEST FOR PRODUCTION NO. 103:
15          All DOCUMENTS RELATING TO ANGEL RELATING TO any time
16  prior to January 1, 2001 (regardless of when such document was prepared, written,
17  transmitted or received, whether in whole or in part).
18
19  REQUEST FOR PRODUCTION NO. 104:
20          All DOCUMENTS, including without limitation all
21  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
22  any agreement or contract between Margaret Hatch (also known as Margaret Leahy
23  and/or Margaret Hatch-Leahy) and MATTEL.
24
25  REQUEST FOR PRODUCTION NO. 105:
26          All DOCUMENTS, including without limitation all
27  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
28  any agreement or contract between Kami Gillmour and MATTEL.

07209/2142932.1

-31-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 600

REQUEST FOR PRODUCTION NO. 106:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between Paula Garcia and MATTEL.

REQUEST FOR PRODUCTION NO. 107:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between Mercedeh Ward and MATTEL.

REQUEST FOR PRODUCTION NO. 108:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between Jessie Ramirez and MATTEL.

REQUEST FOR PRODUCTION NO. 109:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between Billy Ragsdale and MATTEL.

REQUEST FOR PRODUCTION NO. 110:

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between Wendy Ragsdale and MATTEL.

-32-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 601

1  REQUEST FOR PRODUCTION NO. 111:

2          All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between Veronica Marlow and MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 112:

7          To the extent not covered by other Requests, all DOCUMENTS,

8  including without limitation all COMMUNICATIONS between YOU or MGA and

9  any PERSON, RELATING TO any agreement or contract between MATTEL, on

10  the one hand, and any former employee of MATTEL who has been hired,

11  considered, solicited or interviewed for any position or potential position or

12  employment by YOU or MGA.

13

14  REQUEST FOR PRODUCTION NO. 113:

15          All COMMUNICATIONS between YOU or MGA and Anne Wang.

16

17  REQUEST FOR PRODUCTION NO. 114:

18          All DOCUMENTS, including without limitation all

19  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20  Anne Wang.

21

22  REQUEST FOR PRODUCTION NO. 115:

23          All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  Brooke Gilbert.

26

27

28

-33-

EXHIBIT 3 4
PAGE 602

1 | REQUEST FOR PRODUCTION NO. 116:

2        All COMMUNICATIONS between YOU or MGA and BRYANT

3 RELATING TO MATTEL or any officer, director, employee or representative of

4 MATTEL.

5

6 | REQUEST FOR PRODUCTION NO. 117:

7        All declarations, affidavits and other sworn written statements of any

8 other type or form by any PERSON RELATING TO BRATZ (other than those

9 previously filed and served in this ACTION), including all such declarations,

10 affidavits and other sworn written statements of any other type or form by or on

11 behalf of YOU.

12

13 | REQUEST FOR PRODUCTION NO. 118:

14        All transcripts and video and/or audio recordings of statements made

15 by any PERSON under oath, including without limitation all deposition transcripts,

16 trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

17 those taken in this ACTION when MATTEL's counsel was in attendance),

18 including all such transcripts and video and/or audio recordings of statements by or

19 on behalf of YOU.

20

21 | REQUEST FOR PRODUCTION NO. 119:

22        All declarations, affidavits and other sworn written statements of any

23 other type or form by any PERSON RELATING TO ANGEL (other than those

24 previously filed and served in this ACTION), including all such declarations,

25 affidavits and other sworn written statements of any other type or form by or on

26 behalf of YOU.

27

28

-34-

EXHIBIT 34
PAGE 603

1 REQUEST FOR PRODUCTION NO. 120:

2    All transcripts and video and/or audio recordings of statements made
3 by any PERSON under oath, including without limitation all deposition transcripts,
4 trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than
5 those taken in this ACTION when Mattel's counsel was in attendance), including all
6 such declarations, affidavits and other sworn written statements of any other type or
7 form by or on behalf of YOU.

8

9 REQUEST FOR PRODUCTION NO. 121:

10    All DOCUMENTS RELATING TO the litigation encaptioned *The*
11 *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court
12 on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

13

14 REQUEST FOR PRODUCTION NO. 122:

15    All DOCUMENTS seen, viewed or reviewed by YOU at any time in
16 preparation for the deposition of YOU that was taken in this ACTION on July 18,
17 2006.

18

19 REQUEST FOR PRODUCTION NO. 123:

20    All DOCUMENTS RELATING TO any and all arbitrations and suits
21 between YOU and Farhad Larian.

22

23 REQUEST FOR PRODUCTION NO. 124:

24    All DOCUMENTS filed, submitted or served in the suit and/or
25 arbitration proceedings brought by Farhad Larian against YOU, including without
26 limitation all declarations, affidavits, transcripts, video and/or audio recordings and
27 sworn testimony given by any PERSON in such suit or arbitration proceedings.

28

J7209/2142932.1

1  REQUEST FOR PRODUCTION NO. 125:

2        All DOCUMENTS RELATING TO any and all settlements resolutions

3  or compromises of any suit and/or arbitration proceedings between YOU and Farhad

4  Larian.

5

6  REQUEST FOR PRODUCTION NO. 126:

7        All contracts or agreements between YOU or MGA and Farhad Larian.

8

9  REQUEST FOR PRODUCTION NO. 127:

10        All COMMUNICATIONS RELATING TO BRATZ between YOU or

11  MGA and Farhad Larian.

12

13  REQUEST FOR PRODUCTION NO. 128:

14        All DOCUMENTS RELATING TO COMMUNICATIONS between

15  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

16  without limitation all diaries, notes, calendars, logs, phone records and letters, that

17  reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 129:

21        All COMMUNICATIONS RELATING TO BRYANT between YOU

22  or MGA and Farhad Larian.

23

24  REQUEST FOR PRODUCTION NO. 130:

25        All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

27  including without limitation all diaries, notes, calendars, logs, phone records and

28

17209/2142932.1

-36-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 605

1 letters, that reflect, record or memorialize or otherwise RELATING TO any such

2 COMMUNICATIONS.

3

4 REQUEST FOR PRODUCTION NO. 131:

5       All DOCUMENTS RELATING TO any and all payments or transfer of

6 anything of value that YOU or MGA have made, have offered or proposed to make

7 or have promised or agreed to make, to or for the benefit of Farhad Larian or his

8 FAMILY MEMBERS at any time since January 1, 2001.

9

10 REQUEST FOR PRODUCTION NO. 132:

11       All contracts or agreements between YOU or MGA and Morad Zarabi.

12

13 REQUEST FOR PRODUCTION NO. 133:

14       All COMMUNICATIONS RELATING TO BRATZ between YOU or

15 MGA and Morad Zarabi.

16

17 REQUEST FOR PRODUCTION NO. 134:

18       All DOCUMENTS RELATING TO COMMUNICATIONS between

19 YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

20 without limitation all diaries, notes, calendars, logs, phone records and letters, that

21 reflect, record or memorialize or otherwise RELATING TO any such

22 COMMUNICATIONS.

23

24 REQUEST FOR PRODUCTION NO. 135:

25       All COMMUNICATIONS RELATING TO BRYANT between YOU

26 or MGA and Morad Zarabi.

27

28

-37-

EXHIBIT 34
PAGE 606

1  REQUEST FOR PRODUCTION NO. 136:

2          All DOCUMENTS RELATING TO COMMUNICATIONS between

3  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

4  including without limitation all diaries, notes, calendars, logs, phone records and

5  letters, that reflect, record or memorialize or otherwise RELATING TO any such

6  COMMUNICATIONS.

7

8  REQUEST FOR PRODUCTION NO. 137:

9          All DOCUMENTS RELATING TO any and all payments or transfer of

10 anything of value that YOU or MGA have made, have offered or proposed to make

11 or have promised or agreed to make, to or for the benefit of Morad Zarabi or his

12 FAMILY MEMBERS at any time since January 1, 2001.

13

14 REQUEST FOR PRODUCTION NO. 138:

15         All DOCUMENTS RELATING TO any and all payments or transfers

16 of anything of value that YOU or MGA have made, have offered or proposed to

17 make or have promised or agreed to make, to or for the benefit of BRYANT or his

18 FAMILY MEMBERS.

19

20 REQUEST FOR PRODUCTION NO. 139:

21         All DOCUMENTS RELATING TO any and all payments or transfers

22 of anything of value that YOU or MGA have made, have offered or proposed to

23 make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

24 her FAMILY MEMBERS.

25

26 REQUEST FOR PRODUCTION NO. 140:

27         All DOCUMENTS RELATING TO any and all payments or transfers

28 of anything of value that YOU or MGA have made, have offered or proposed to

07209/2142932.1

-38-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 607

1 | make or have promised or agreed to make, to or for the benefit of Margaret Hatch
2 | (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY
3 | MEMBERS.

4

5 | REQUEST FOR PRODUCTION NO. 141:

6 |        All DOCUMENTS RELATING TO any and all payments or transfers
7 | of anything of value that YOU or MGA have made, have offered or proposed to
8 | make or have promised or agreed to make, to or for the benefit of Amy Meyers or
9 | her FAMILY MEMBERS.

10

11 | REQUEST FOR PRODUCTION NO. 142:

12 |        All DOCUMENTS RELATING TO any and all payments or transfers
13 | of anything of value that YOU or MGA have made, have offered or proposed to
14 | make or have promised or agreed to make, to or for the benefit of Sarah Halpern or
15 | her FAMILY MEMBERS at any time since January 1, 1999.

16

17 | REQUEST FOR PRODUCTION NO. 143:

18 |        All DOCUMENTS RELATING TO any and all payments or transfers
19 | of anything of value that YOU or MGA have made, have offered or proposed to
20 | make or have promised or agreed to make, to or for the benefit of Maureen Mullen
21 | or her FAMILY MEMBERS at any time since January 1, 1999.

22

23 | REQUEST FOR PRODUCTION NO. 144:

24 |        All DOCUMENTS RELATING TO any and all payments or transfers
25 | of anything of value that YOU or MGA have made, have offered or proposed to
26 | make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale
27 | or her FAMILY MEMBERS.

28

-39-

EXHIBIT 34
PAGE 608

1  REQUEST FOR PRODUCTION NO. 145:

2          All DOCUMENTS RELATING TO any and all payments or transfers
3  of anything of value that YOU or MGA have made, have offered or proposed to
4  make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or
5  his FAMILY MEMBERS.

6

7  REQUEST FOR PRODUCTION NO. 146:

8          All DOCUMENTS RELATING TO any and all payments or transfers
9  of anything of value that YOU or MGA have made, have offered or proposed to
10  make or have promised or agreed to make, to or for the benefit of Anna Rhee or her
11  FAMILY MEMBERS at any time since January 1, 1999.

12

13  REQUEST FOR PRODUCTION NO. 147:

14          All DOCUMENTS RELATING TO any indemnification that
15  BRYANT has sought, proposed, requested or obtained in connection with this
16  ACTION.

17

18  REQUEST FOR PRODUCTION NO. 148:

19          All DOCUMENTS RELATING TO any indemnification that Elise
20  Cloonan has sought, proposed, requested or obtained in connection with this
21  ACTION.

22

23  REQUEST FOR PRODUCTION NO. 149:

24          All DOCUMENTS RELATING TO any indemnification that Margaret
25  Hatch-Leahy has sought, proposed, requested or obtained in connection with this
26  ACTION.

27

28

07209/2142932.1

-40-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 109

1  REQUEST FOR PRODUCTION NO. 150:

2          All DOCUMENTS RELATING TO any indemnification that Veronica

3  Marlow has sought, proposed, requested or obtained in connection with this

4  ACTION.

5

6  REQUEST FOR PRODUCTION NO. 151:

7          All DOCUMENTS RELATING TO any indemnification that Sarah

8  Halpern has sought, proposed, requested or obtained in connection with this

9  ACTION.

10

11  REQUEST FOR PRODUCTION NO. 152:

12          All DOCUMENTS RELATING TO any indemnification that Paula

13  Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

14  obtained in connection with this ACTION.

15

16  REQUEST FOR PRODUCTION NO. 153:

17          To the extent not covered by other Requests, all DOCUMENTS

18  RELATING TO any indemnification that any PERSON has sought, proposed,

19  requested or obtained in connection with this ACTION.

20

21  REQUEST FOR PRODUCTION NO. 154:

22          All DOCUMENTS RELATING TO any indemnification that YOU or

23  MGA have sought, proposed, requested or obtained in connection with this

24  ACTION.

25

26  REQUEST FOR PRODUCTION NO. 155:

27          All COMMUNICATIONS between YOU or MGA and Universal

28  Commerce Corp., Ltd. prior to June 1, 2001.

07209/2142932.1

-41-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 610

1   REQUEST FOR PRODUCTION NO. 156:

2         All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

3   were prepared, authored or created by MATTEL, that BRYANT has ever provided

4   to, shown, described to, communicated to or disclosed in any manner to YOU or

5   MGA.

6

7   REQUEST FOR PRODUCTION NO. 157:

8         All COMMUNICATIONS between YOU or MGA and BRYANT prior

9   to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10  phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 158:

14        All COMMUNICATIONS between YOU or MGA and Elise Cloonan

15  that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

16  including without limitation all diaries, notes, calendars, logs, phone records and

17  letters, that reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 159:

21        All COMMUNICATIONS between YOU or MGA and Elise Cloonan

22  prior to June 11, 2002, including without limitation all diaries, notes, calendars,

23  logs, phone records and letters, that reflect, record or memorialize or otherwise

24  RELATING TO any such COMMUNICATIONS.

25

26  REQUEST FOR PRODUCTION NO. 160:

27        All COMMUNICATIONS between YOU or MGA and Veronica

28  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

1   calendars, logs, phone records and letters, that reflect, record or memorialize or

2   otherwise RELATING TO any such COMMUNICATIONS.

3

4   <u>REQUEST FOR PRODUCTION NO. 161:</u>

5           All COMMUNICATIONS between YOU or MGA and Mercedeh

6   Ward prior to November 6, 2000, including without limitation all diaries, notes,

7   calendars, logs, phone records and letters, that reflect, record or memorialize or

8   otherwise RELATING TO any such COMMUNICATIONS.

9

10   <u>REQUEST FOR PRODUCTION NO. 162:</u>

11           All COMMUNICATIONS between YOU or MGA and Margaret Hatch

12   (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1,

13   2001, including without limitation all diaries, notes, calendars, logs, phone records

14   and letters, that reflect, record or memorialize or otherwise RELATING TO any

15   such COMMUNICATIONS.

16

17   <u>REQUEST FOR PRODUCTION NO. 163:</u>

18           All COMMUNICATIONS between YOU or MGA and Anna Rhee

19   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

20   logs, phone records and letters, that reflect, record or memorialize or otherwise

21   RELATING TO any such COMMUNICATIONS.

22

23   <u>REQUEST FOR PRODUCTION NO. 164:</u>

24           All COMMUNICATIONS between Veronica Marlow and Anna Rhee

25   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

26   logs, phone records and letters, that reflect, record or memorialize or otherwise

27   RELATING TO any such COMMUNICATIONS.

28

-43-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 612

1  REQUEST FOR PRODUCTION NO. 165:

2  All COMMUNICATIONS between YOU or MGA and Sarah Halpern

3  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

4  logs, phone records and letters, that reflect, record or memorialize or otherwise

5  RELATING TO any such COMMUNICATIONS.

6

7  REQUEST FOR PRODUCTION NO. 166:

8  All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

9  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

10  logs, phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 167:

14  Any personnel or vendor file that YOU created, control, or maintain

15  concerning BRYANT.

16

17  REQUEST FOR PRODUCTION NO. 168:

18  Any personnel file that YOU created, control, or maintain concerning

19  Paula Garcia (also known as Paula Treantafellas).

20

21  REQUEST FOR PRODUCTION NO. 169:

22  Any personnel file that YOU created, control, or maintain concerning

23  Mercedeh Ward.

24

25  REQUEST FOR PRODUCTION NO. 170:

26  Any personnel or vendor file that YOU created, control, or maintain

27  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

28  Leahy).

07209/2142932.1

-44-

1   REQUEST FOR PRODUCTION NO. 171:

2          Any personnel or vendor file that YOU created, control, or maintain

3   concerning Veronica Marlow.

4

5   REQUEST FOR PRODUCTION NO. 172:

6          Any personnel or vendor file that YOU created, control, or maintain

7   concerning Anna Rhee.

8

9   REQUEST FOR PRODUCTION NO. 173:

10          Any personnel or vendor file that YOU created, control, or maintain

11   concerning Jessie Ramirez.

12

13   REQUEST FOR PRODUCTION NO. 174:

14          Any personnel file that YOU created, control, or maintain concerning

15   Shirin Salemnia.

16

17   REQUEST FOR PRODUCTION NO. 175:

18          DOCUMENTS sufficient to show the relationship, whether by blood or

19   marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on the

20   one hand, and Shirin Salemnia.

21

22   REQUEST FOR PRODUCTION NO. 176:

23          Any personnel file that YOU created, control, or maintain concerning

24   Victoria O'Connor.

25

26   REQUEST FOR PRODUCTION NO. 177:

27          Any personnel file that YOU created, control, or maintain concerning

28   Farhad Larian.

-45-

EXHIBIT 34
PAGE 614

REQUEST FOR PRODUCTION NO. 178:

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the time period from January 1, 1998 through January 1, 2001.

REQUEST FOR PRODUCTION NO. 179:

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the time period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ and/or ANGEL.

REQUEST FOR PRODUCTION NO. 180:

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the time period from April 1, 2004 through June 1, 2004.

REQUEST FOR PRODUCTION NO. 181:

All DOCUMENTS RELATING TO, including without limitation phone records for, telephone calls RELATING TO BRYANT by or to YOU or anyone on YOUR behalf at any time.

REQUEST FOR PRODUCTION NO. 182:

All DOCUMENTS that RELATING TO any actual, proposed, contemplated, considered or potential copyright, patent or any other application or registration for BRATZ or any BRATZ DESIGN, including without limitation all COMMUNICATIONS pertaining thereto.

1 | REQUEST FOR PRODUCTION NO. 183:

2 |     All DOCUMENTS RELATING TO any actual, proposed,

3 | contemplated, considered or potential copyright, patent or any other application or

4 | registration for ANGEL or any ANGEL DESIGN, including without limitation all

5 | COMMUNICATIONS pertaining thereto.

6 |

7 | REQUEST FOR PRODUCTION NO. 184:

8 |     All doll heads, sculpts, prototypes, models, samples and tangible items

9 | that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

10 | or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

11 |

12 | REQUEST FOR PRODUCTION NO. 185:

13 |     All doll heads, sculpts, prototypes, models, samples and tangible items

14 | that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

15 | BRYANT produced, created, authored, conceived of or reduced to practice, whether

16 | alone or jointly with others, prior to January 1, 2001.

17 |

18 | REQUEST FOR PRODUCTION NO. 186:

19 |     All DOCUMENTS RELATING TO the exhibition or showing of

20 | BRATZ at the Hong Kong Toy Fair in January 2001.

21 |

22 | REQUEST FOR PRODUCTION NO. 187:

23 |     All DOCUMENTS RELATING TO the exhibition or showing of

24 | BRATZ at the Tokyo Toy Fair in or about February 2001.

25 |

26 | REQUEST FOR PRODUCTION NO. 188:

27 |     All DOCUMENTS RELATING TO the exhibition of BRATZ at the

28 | New York Toy Fair in or about February 2001.

-47-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 616

1

2 REQUEST FOR PRODUCTION NO. 189:

3         To the extent not covered by other Requests, all DOCUMENTS

4 RELATING TO the exhibition of BRATZ at any toy fair at any time prior to

5 December 31, 2001.

6

7 REQUEST FOR PRODUCTION NO. 190:

8         All COMMUNICATIONS between YOU and any stock analyst,

9 investment analyst, investment bank, institutional lender, or venture capital fund

10 RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

11

12 REQUEST FOR PRODUCTION NO. 191:

13         All COMMUNICATIONS between YOU and any member of the press

14 RELATING TO BRATZ, including without limitation RELATING TO the origins,

15 conception, creation, DESIGN or development thereof.

16

17 REQUEST FOR PRODUCTION NO. 192:

18         All COMMUNICATIONS between YOU and any member of the press

19 RELATING TO BRYANT since January 1, 1999.

20

21 REQUEST FOR PRODUCTION NO. 193:

22         All COMMUNICATIONS between YOU and any member of the press

23 RELATING TO this ACTION.

24

25 REQUEST FOR PRODUCTION NO. 194:

26         All COMMUNICATIONS between YOU and any member of the press

27 RELATING TO MATTEL since January 1, 1999.

28

-48-

1  REQUEST FOR PRODUCTION NO. 195:

2          All DOCUMENTS RELATING TO any statements made by YOU to

3  any stock analyst, investment analyst, investment bank, institutional lender, or

4  venture capital fund RELATING TO BRYANT since January 1, 1999.

5

6  REQUEST FOR PRODUCTION NO. 196:

7          All DOCUMENTS RELATING TO any statements made by YOU to

8  any stock analyst, investment analyst, investment bank, institutional lender, or

9  venture capital fund RELATING TO this ACTION.

10

11  REQUEST FOR PRODUCTION NO. 197:

12          All DOCUMENTS RELATING TO any statements made by YOU to

13  any stock analyst, investment analyst, investment bank, institutional lender, or

14  venture capital fund RELATING TO MATTEL since January 1, 1999.

15

16

17  REQUEST FOR PRODUCTION NO. 198:

18          All COMMUNICATIONS between YOU and any individual while the

19  individual was employed by MATTEL.

20

21  REQUEST FOR PRODUCTION NO. 199:

22          All DOCUMENTS RELATING TO publicity by YOU or MGA

23  RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999,

24  including but not limited to advertising, media releases, and public relations

25  material.

26

27

28

-49-

EXHIBIT 34
PAGE 618

1 | REQUEST FOR PRODUCTION NO. 200:

2 | All DOCUMENTS RELATING TO any effort by YOU or MGA to
3 | recruit employees or contractors who have been or are employed by or who have
4 | worked for MATTEL since January 1, 1999, including but not limited to
5 | advertising, media releases, brochures, articles, catalogs, handbooks, and public
6 | relations material.

7 |

8 | REQUEST FOR PRODUCTION NO. 201:

9 | All DOCUMENTS RELATING TO the hiring, engagement, or
10 | retention by YOU or MGA of any current or former MATTEL employee or
11 | contractor since January 1, 1999, including but not limited to all employment
12 | agreements and agreements RELATING TO confidentiality or the invention,
13 | authorship, or ownership of any concept or product.

14 |

15 | REQUEST FOR PRODUCTION NO. 202:

16 | All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
17 | receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
18 | deletion or use of any DOCUMENTS or DIGITAL INFORMATION, including but
19 | not limited to any compilation of information, that was prepared, made, created,
20 | generated, assembled or compiled by or for MATTEL and that was not publicly
21 | available at the time of YOUR receipt of such DOCUMENT or DIGITAL
22 | INFORMATION.

23 |

24 | REQUEST FOR PRODUCTION NO. 203:

25 | All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
26 | knowledge of any MATTEL product prior to the time that such product had been
27 | announced or disclosed by MATTEL to retailers or the public.

28 |

07209/2142932.1

-50-

EXHIBIT 34
PAGE 619

1 | REQUEST FOR PRODUCTION NO. 204:

2 All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
3 knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,
4 or created by any PERSON employed by or under contract with MATTEL at the
5 time of the DESIGN's creation, that was not manufactured for sale or placed into the
6 retail market.

7

8 | REQUEST FOR PRODUCTION NO. 205:

9 All DOCUMENTS, since January 1, 1999, RELATING TO YOUR
10 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
11 deletion or use of any MATTEL line list or other DOCUMENT prepared by
12 MATTEL identifying MATTEL products in the planning, design or development
13 phase.

14

15 | REQUEST FOR PRODUCTION NO. 206:

16 All DOCUMENTS, since January 1, 1999, RELATING TO MGA's
17 receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,
18 deletion or use of any MATTEL line list or other DOCUMENT prepared by
19 MATTEL identifying MATTEL products in the planning, design or development
20 phase.

21

22 | REQUEST FOR PRODUCTION NO. 207:

23 DOCUMENTS sufficient to IDENTIFY each account with any bank or
24 financial institution that YOU have or have had, or that YOU have or have had any
25 legal or beneficial interest in, since January 1, 1999.

26

27

28

07209/2142932.1

-51-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 1020

1 | REQUEST FOR PRODUCTION NO. 208:

2       Documents sufficient to establish YOUR gross income, and the sources

3 | of that gross income, for the years 1999 through the present, inclusive.

4

5 | REQUEST FOR PRODUCTION NO. 209:

6       YOUR federal and state tax returns for each of the years 1999 through

7 | the present, inclusive.

8

9 | REQUEST FOR PRODUCTION NO. 210:

10       DOCUMENTS sufficient to IDENTIFY each telephone subscription

11 | service account that YOU have or have had, or that YOU use or have used, since

12 | January 1, 1999.

13

14 | REQUEST FOR PRODUCTION NO. 211:

15       All MATTEL DOCUMENTS that BRYANT or any other PERSON

16 | has shown, given, provided, summarized or otherwise communicated to YOU or

17 | MGA (whether directly or indirectly) at any time since January 1, 1999.

18

19 | REQUEST FOR PRODUCTION NO. 212:

20       All DOCUMENTS that YOU knew or were informed that, or ever had

21 | any reason to believe, had been or were created by or originated from MATTEL,

22 | other than MATTEL products that YOU or MGA purchased at retail.

23

24 | REQUEST FOR PRODUCTION NO. 213:

25       All COMMUNICATIONS between YOU and any PERSON

26 | RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

27 | INFORMATION between January 1, 1999 and the present.

28

-52-

**EXHIBIT** 34
**PAGE** 621

1  REQUEST FOR PRODUCTION NO. 214:

2          All DOCUMENTS RELATING TO any facts underlying any of

3  YOUR defenses in this ACTION.

4

5  REQUEST FOR PRODUCTION NO. 215:

6          All doll heads, sculpts, prototypes, models, samples and tangible items

7  RELATING TO any facts underlying any of YOUR defenses in this ACTION.

8

9  REQUEST FOR PRODUCTION NO. 216:

10          All DOCUMENTS RELATING TO any facts underlying the claims for

11  relief in MATTEL's Complaint (including without limitation its Counterclaims)

12  against YOU or any other PERSON in this ACTION.

13

14  REQUEST FOR PRODUCTION NO. 217:

15          All doll heads, sculpts, prototypes, models, samples and tangible items

16  RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

17  (including without limitation its Counterclaims) against YOU or any other PERSON

18  in this ACTION.

19

20  REQUEST FOR PRODUCTION NO. 218:

21          All DOCUMENTS RELATING TO any testing of or sampling from

22  any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

23  limitation any such testing or sampling in connection with any ink, paper or

24  chemical analysis to date any such DOCUMENTS and including without limitation

25  all results and reports relating thereto.

26

27

28

07209/2142932.1

-53-

EXHIBIT 34
PAGE 622

1 | REQUEST FOR PRODUCTION NO. 219:

2 |      All DOCUMENTS RELATING TO YOUR knowledge of any testing

3 | of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

4 |

5 | REQUEST FOR PRODUCTION NO. 220:

6 |      All DOCUMENTS RELATING TO Erich Speckin.

7 |

8 | REQUEST FOR PRODUCTION NO. 221:

9 |      All DOCUMENTS RELATING TO YOUR payment of, or offer,

10 | promise or agreement to pay, fees or costs in connection with the representation of

11 | or provision of legal advice or legal services to any PERSON who is not, as of June

12 | 8, 2007, an MGA employee, including without limitation all contracts and

13 | agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

14 | such PERSON and the dates on which such payments were made.

15 |

16 | REQUEST FOR PRODUCTION NO. 222:

17 |      Each STORAGE DEVICE that YOU have used to create, prepare,

18 | generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

19 | RELATING TO BRATZ, ANGEL or BRYANT.

20 |

21 | REQUEST FOR PRODUCTION NO. 223:

22 |      DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

23 | YOU have used to create, prepare, generate, copy, transmit, receive, delete or

24 | modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

25 | BRYANT.

26 |

27 |

28 |

07209/2142932.1

EXHIBIT 34
PAGE 623

1  REQUEST FOR PRODUCTION NO. 224:

2         All DOCUMENTS RELATING TO the purchase, acquisition,

3  installation, transfer, shipment, destruction or disposition of each STORAGE

4  DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive,

5  delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

6  ANGEL or BRYANT.

7

8  REQUEST FOR PRODUCTION NO. 225:

9         Each STORAGE DEVICE that BRYANT has used to create, prepare,

10  generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

11  RELATING TO BRATZ, ANGEL or MGA.

12

13  REQUEST FOR PRODUCTION NO. 226:

14         DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

15  BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or

16  modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU

17  or MGA.

18

19  REQUEST FOR PRODUCTION NO. 227:

20         All DOCUMENTS RELATING TO the purchase, acquisition,

21  installation, transfer, shipment, destruction or disposition of each STORAGE

22  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

23  receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ,

24  ANGEL, YOU or MGA.

25

26  REQUEST FOR PRODUCTION NO. 228:

27         All DOCUMENTS RELATING TO the purchase, acquisition,

28  installation, transfer, shipment, destruction or disposition of each STORAGE

1  DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

2  receive, delete or modify any DIGITAL INFORMATION.

3

4  REQUEST FOR PRODUCTION NO. 229:

5          DOCUMENTS sufficient to identify by product name, product number

6  and SKU each BRATZ PRODUCT including without limitation each BRATZ

7  DOLL, sold by MGA or its licensees.

8

9  REQUEST FOR PRODUCTION NO. 230:

10          DOCUMENTS sufficient to show the number of units of each BRATZ

11  DOLL sold by MGA or its licensees.

12

13  REQUEST FOR PRODUCTION NO. 231:

14          DOCUMENTS sufficient to show the revenue received by YOU from

15  the sale of each BRATZ DOLL sold by MGA or its licensees.

16

17  REQUEST FOR PRODUCTION NO. 232:

18          DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

19  and other costs for each BRATZ DOLL sold by MGA or its licensees.

20

21  REQUEST FOR PRODUCTION NO. 233:

22          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

23  YOUR profits from the sale of each BRATZ DOLL sold by MGA or its licensees.

24

25  REQUEST FOR PRODUCTION NO. 234:

26          For each customer to whom YOU or YOUR licensees have ever sold

27  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

28  such BRATZ DOLL sold by MGA or its licensees to that customer.

1  REQUEST FOR PRODUCTION NO. 235:

2          For each customer to whom YOU or YOUR licensees have ever sold

3  any BRATZ DOLL, documents sufficient to show the revenue received by YOU

4  from each such BRATZ DOLL sold by MGA or its licensees to that customer.

5

6  REQUEST FOR PRODUCTION NO. 236:

7          ·For each customer to whom YOU or YOUR licensees have ever sold

8  any BRATZ DOLL, documents sufficient to show YOUR profits from each such

9  BRATZ DOLL sold by MGA or its licensees to that customer.

10

11  REQUEST FOR PRODUCTION NO. 237:

12          DOCUMENTS sufficient to show customer returns to YOU of BRATZ

13  DOLLS sold or distributed by MGA or its licensees.

14

15  REQUEST FOR PRODUCTION NO. 238:

16          DOCUMENTS sufficient to show customer rebates or credits given by

17  MGA or its licensees to customers in connection with BRATZ DOLLS.

18

19  REQUEST FOR PRODUCTION NO. 239:

20          DOCUMENTS sufficient to show, by product number or SKU, the

21  number of units of each BRATZ DOLL sold by MGA or its licensees.

22

23  REQUEST FOR PRODUCTION NO. 240:

24          DOCUMENTS sufficient to show, by product number or SKU, the

25  revenue received by YOU from the sale of each BRATZ DOLL sold by MGA or its

26  licensees.

27

28

EXHIBIT 34
PAGE 626

1 | REQUEST FOR PRODUCTION NO. 241:

2 |         DOCUMENTS sufficient to show, by product number or SKU, YOUR

3 | cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by MGA

4 | or its licensees.

5 |

6 | REQUEST FOR PRODUCTION NO. 242:

7 |         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

8 | YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

9 | sold by MGA or its licensees.

10 |

11 | REQUEST FOR PRODUCTION NO. 243:

12 |         For each customer to whom YOU or YOUR licensees have ever sold

13 | any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

14 | the number of units of each such BRATZ DOLL sold by MGA or its licensees to

15 | that customer.

16 |

17 | REQUEST FOR PRODUCTION NO. 244:

18 |         For each customer to whom YOU or YOUR licensees have ever sold

19 | any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

20 | the revenue received by YOU from each such BRATZ DOLL sold by MGA or its

21 | licensees to that customer.

22 |

23 | REQUEST FOR PRODUCTION NO. 245:

24 |         For each customer to whom YOU or YOUR licensees have ever sold

25 | any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26 | YOUR profits from each such BRATZ DOLL sold by MGA or its licensees to that

27 | customer.

28 |

07209/2142932.1

-58-

EXHIBIT __34__
PAGE __627__

1 | REQUEST FOR PRODUCTION NO. 246:

2         DOCUMENTS sufficient to show the revenue and profits derived by
3 | YOU from the sale by MGA or its licensees of BRATZ DOLLS including, without
4 | limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold,
5 | variable costs, gross margins, royalties paid and received, gross profits and nets
6 | profits.

7

8 | REQUEST FOR PRODUCTION NO. 247:

9         DOCUMENTS sufficient to show the number of units of each BRATZ
10 | PRODUCT sold by MGA or its licensees.

11

12 | REQUEST FOR PRODUCTION NO. 248:

13         DOCUMENTS sufficient to show the revenue received by YOU from
14 | the sale of each BRATZ PRODUCT sold by MGA or its licensees.

15

16 | REQUEST FOR PRODUCTION NO. 249:

17         DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost
18 | and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

19

20 | REQUEST FOR PRODUCTION NO. 250:

21         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO
22 | YOUR profits from the sale of each BRATZ PRODUCT sold by MGA or its
23 | licensees.

24

25 | REQUEST FOR PRODUCTION NO. 251:

26         DOCUMENTS sufficient to IDENTIFY all customers to whom MGA
27 | or its licensees have ever sold any BRATZ PRODUCT.

28

1  REQUEST FOR PRODUCTION NO. 252:

2          For each customer to whom MGA or its licensees have ever sold any

3  BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of each

4  such BRATZ PRODUCT sold by MGA or its licensees to that customer.

5

6  REQUEST FOR PRODUCTION NO. 253:

7          For each customer to whom MGA or its licensees have ever sold any

8  BRATZ PRODUCT, documents sufficient to show the revenue received by YOU

9  from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

10

11  REQUEST FOR PRODUCTION NO. 254:

12          For each customer to whom MGA or its licensees have ever sold any

13  BRATZ PRODUCT, documents sufficient to show YOUR profits from each such

14  BRATZ PRODUCT sold by MGA or its licensees to that customer.

15

16  REQUEST FOR PRODUCTION NO. 255:

17          DOCUMENTS sufficient to show customer returns to MGA of

18  BRATZ PRODUCTS sold or distributed by MGA or its licensees.

19

20  REQUEST FOR PRODUCTION NO. 256:

21          DOCUMENTS sufficient to show customer rebates and credits given

22  by MGA or its licensees to customers in connection with BRATZ PRODUCTS.

23

24  REQUEST FOR PRODUCTION NO. 257:

25          DOCUMENTS sufficient to show, by product number or SKU, the

26  number of units of each BRATZ PRODUCT sold by MGA or its licensees.

27

28

07209/2142932.1

1 | REQUEST FOR PRODUCTION NO. 258:

2 | DOCUMENTS sufficient to show, by product number or SKU, the
3 | revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA
4 | or its licensees.

5 |

6 | REQUEST FOR PRODUCTION NO. 259:

7 | DOCUMENTS sufficient to show, by product number or SKU, YOUR
8 | cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by
9 | MGA or its licensees.

10 |

11 | REQUEST FOR PRODUCTION NO. 260:

12 | All DOCUMENTS that evidence, reflect or REFER OR RELATE TO
13 | YOUR or MGA's profits, by product number or SKU, from the sale of each BRATZ
14 | PRODUCT sold by MGA or its licensees.

15 |

16 | REQUEST FOR PRODUCTION NO. 261:

17 | For each customer to whom MGA or its licensees have ever sold any
18 | BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or
19 | SKU, the number of units of each such BRATZ PRODUCT sold by MGA or its
20 | licensees to that customer.

21 |

22 | REQUEST FOR PRODUCTION NO. 262:

23 | For each customer to whom MGA or its licensees have ever sold any
24 | BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or
25 | SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by
26 | MGA or its licensees to that customer.

27 |

28 |

-61-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 630

1 | REQUEST FOR PRODUCTION NO. 263:

2 DOCUMENTS sufficient to show the revenue and profits derived by
3 YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ
4 PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales
5 revenue, costs of goods sold, variable costs, gross margins, royalties paid and
6 received, gross profits and nets profits.

7

8 | REQUEST FOR PRODUCTION NO. 264:

9 DOCUMENTS sufficient to show the revenue and profits derived by
10 YOU or MGA from BRATZ MOVIES including, without limitation,
11 DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,
12 gross margins, royalties paid and received, gross profits and net profits.

13

14 | REQUEST FOR PRODUCTION NO. 265:

15 DOCUMENTS sufficient to show the revenue and profits derived by
16 YOU or MGA from BRATZ TELEVISION SHOWS including, without limitation,
17 DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,
18 gross margins, royalties paid and received, gross profits and net profits.

19

20 | REQUEST FOR PRODUCTION NO. 266:

21 All quarterly and annual profit and loss statements for BRATZ.

22

23 | REQUEST FOR PRODUCTION NO. 267:

24 All sales, profit and cash flow projections or forecasts for BRATZ
25 DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION
26 SHOWS.

27

28

17209/2142932.1

EXHIBIT 34
PAGE 431

1   REQUEST FOR PRODUCTION NO. 268:

2           All DOCUMENTS that REFER OR RELATE TO the value of the

3   BRATZ brand.

4

5   REQUEST FOR PRODUCTION NO. 269:

6           DOCUMENTS sufficient to show or calculate YOUR net worth on a

7   yearly basis for each year from 1999 to the present.

8

9   REQUEST FOR PRODUCTION NO. 270:

10          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11  the BRATZ DOLL's share of the fashion doll market including, without limitation,

12  the extent to which Bratz has been or is gaining or losing market share in the fashion

13  doll market.

14

15  REQUEST FOR PRODUCTION NO. 271:

16          DOCUMENTS sufficient to show each of YOUR position(s), titles and

17  functions with and relationship to MGA, including without limitation with or to

18  MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.

19

20  REQUEST FOR PRODUCTION NO. 272:

21          All DOCUMENTS RELATING TO the ownership of MGA

22  Entertainment HK Limited.

23

24

25

26

27

28

07209/2142932.1

1  REQUEST FOR PRODUCTION NO. 273:

2          All DOCUMENTS RELATING TO the ownership of MGAE de

3  Mexico, S.r.l. de C.V.

4

5  REQUEST FOR PRODUCTION NO. 274:

6          An electronic copy of each DOCUMENT that YOU have produced in

7  this action, or that is responsive to these Requests, that is or was created, prepared,

8  generated, maintained or transmitted in digital form.

9

10  REQUEST FOR PRODUCTION NO. 275:

11          The metadata for each DOCUMENT that YOU have produced in this

12  action, or that is responsive to these Requests, that is or was created, prepared,

13  generated, maintained or transmitted in digital form.

14

15  REQUEST FOR PRODUCTION NO. 276:

16          To the extent not produced in response to any other Request for

17  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18  in this ACTION.

19

20  DATED: June 13, 2007          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
21

22

23                       By  *Michael T. Zeller/*
                             Michael T. Zeller
24                           Attorneys for Mattel, Inc.

25

26

27

28

7209/2142932.1

-64-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

EXHIBIT 34
PAGE 633

1               **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3 Street, 10th Floor, Los Angeles, California 90017-2543.

4        On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5 **ISAAC LARIAN** on the parties in this action as follows:

6

7      John W. Keker, Esq.
     Michael H. Page, Esq.

8      Christa M. Anderson, Esq.
     KEKER & VAN NEST, LLP

9      710 Sansome Street
     San Francisco, California  94111

10

11

12 **BY MAIL:**  I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal

13 Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  I enclosed the foregoing in sealed envelope(s)

14 addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary

15 business practices.

16       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18      Executed on June 13, 2007, at Los Angeles, California.

19

20                    Elaine Chavarria

21

22

23

24

25

26

27

28

09819/2143538.1

EXHIBIT 34
PAGE 634

1                               **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa
3 Street, 10th Floor, Los Angeles, California 90017-2543.

4         On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC'.S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5 **ISAAC LARIAN** on the parties in this action as follows:

6

7         Diana M. Torres, Esq.
        O'Melveny & Myers, LLP
8         400 South Hope Street
        Los Angeles, California  90071
9

10 **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
11 being served.

12         I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.
13

        Executed on June 13, 2007, at Los Angeles, California.
14

15

16                                 DAVE QUINTANA

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 34
PAGE 635