# EXHIBIT 36



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Jon D. Corey (Bar No. 185066)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone:  (213) 443-3000
   Facsimile:   (213) 443-3100
5
   Attorneys for Plaintiff and Cross-Defendant
6  Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware                )  CASE NO. CV 04-9059 NM (RNBx)
    Corporation,                            )
12                                          )  MATTEL, INC.'S FIRST SET OF
                         Plaintiff,         )  INTERROGATORIES TO MGA
13                                          )  ENTERTAINMENT, INC.
             v.                             )
14                                          )
    CARTER BRYANT, an individual; and       )
15  DOES 1 through 10, inclusive,           )
                                            )
16                       Defendants.        )
                                            )
17                                          )
    CARTER BRYANT, on behalf of             )
18  himself, all present and former         )
    employees of Mattel, Inc., and the      )
19  general public,                         )
                                            )
20                       Counterclaimant,   )
                                            )
21           v.                             )
                                            )
22  MATTEL, INC., a Delaware                )
    Corporation,                            )
23                                          )
                         Counter-Defendant. )
24

25

26

27

28

07209/626796.2

                                            FIRST SET OF INTERROGATORIES

EXHIBIT   36
PAGE   678

1    Pursuant to Fed. R. Civ. P. 33, MGA Entertainment, Inc. is requested to
2    respond to the following interrogatories, in writing and under oath, within thirty days
3    hereof. MGA Entertainment, Inc. shall be obligated to supplement its responses to
4    these interrogatories at such times and to the extent required by the Federal Rules of
5    Civil Procedure.

6

7                                   Definitions

8

9         1.    "MGA" or "YOU" means MGA Entertainment, Inc., any of its
10   current or former employees, officers, directors, agents, representatives, attorneys,
11   divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any
12   other PERSON acting on its behalf, pursuant to its authority or subject to its control.
13   Without limiting the foregoing, "MGA" and "YOU" include the entity known as ABC
14   International Traders and/or ABC International Traders, Inc.

15        2.    "AFFILIATES" means any and all corporations, proprietorships,
16   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
17   indirectly, in whole or in part, own or control, are under common ownership or
18   control with, or are owned or controlled by a PERSON, party or entity, including
19   without limitation each parent, subsidiary and joint venture of such PERSON, party
20   or entity.

21        3.    "BRYANT" means defendant and cross-claimant Carter Bryant
22   and any of his current or former agents, representatives, attorneys, employees,
23   predecessors-in-interest and successors-in-interest, and any other PERSON acting on
24   his behalf, pursuant to his authority or subject to his control.

25        4.    "PAYMENT" means the transfer of, in any manner, money or any
26   other item of value.

27        5.    "REVENUES" means gross receipts.

28

07209/626796.2                              1

EXHIBIT  36
PAGE  679

1           6.    "PROFITS" means gross receipts less cost of goods sold and other
2    direct costs but not including overhead.

3           7.    "IDENTIFY" means, in connection with a PAYMENT, to state the
4    dollar amount paid and the date on which YOU made the PAYMENT and to describe,
5    by Bates number, all DOCUMENTS that REFER OR RELATE to such PAYMENT.
6    In the event that a DOCUMENT does not have a Bates number, "IDENTIFY" means,
7    with respect to that DOCUMENT, a complete description of it such that it may be the
8    subject of a request for the production of documents. In the event that a PAYMENT
9    was made as anything other than as a sum of money, "IDENTIFY" means to state,
10   with respect to that PAYMENT, the nature of the item transferred and its value in
11   dollar terms.

12          8.    "IDENTIFY" means, in connection with REVENUES, to state the
13   dollar amounts received and the date(s) on which YOU received such dollar amounts
14   and to describe, by Bates number, all DOCUMENTS that REFER OR RELATE to
15   such REVENUES. In the event that a DOCUMENT does not have a Bates number,
16   "IDENTIFY" means, with respect to that DOCUMENT, a complete description of it
17   such that it may be the subject of a request for the production of documents. In the
18   event that any REVENUES include anything that was received other than as a sum
19   of money, "IDENTIFY" means to state, with respect to such REVENUES, the nature
20   of the item or other consideration received and its value in dollar terms.

21          9.    "IDENTIFY" means, in connection with PROFITS, to state the
22   dollar amount of all such PROFITS and to describe, by Bates number, all
23   DOCUMENTS that REFER OR RELATE to such PROFITS. In the event that a
24   DOCUMENT does not have a Bates number, "IDENTIFY" means, with respect to
25   that DOCUMENT, a complete description of it such that it may be the subject of a
26   request for the production of documents.

27         10.   "REFER OR RELATE TO" means constituting, embodying,
28   containing, referring to, commenting on, evidencing, regarding, discussing,

07209/626796.2

**2**

EXHIBIT   36
PAGE   680

1  describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,
2  contradicting, negating, revoking or otherwise relating to in any manner.

3       11.   "DOCUMENT" means all "WRITINGS" and "RECORDINGS"
4  as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and
5  Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings
6  and records of every type and description including, but not limited to, contracts,
7  agreements, correspondence, memoranda, letters, facsimiles, electronic mail
8  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
9  any kind, statements, reports, minutes, recordings, transcripts and summaries of
10  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
11  discs, printouts and records of all types, studies, instruction manuals, policy manuals
12  and statements, books, pamphlets, invoices, canceled checks and every other device
13  or medium by which or through which information of any type is transmitted,
14  recorded or preserved.  Without any limitation on the foregoing, the term
15  "DOCUMENT" shall include all copies that differ in any respect from the original or
16  other versions of the DOCUMENT, including, but not limited to, all drafts and all
17  copies of such drafts or originals containing initials, comments, notations, insertions,
18  corrections, marginal notes, amendments or any other variation of any kind.

19       12.   "COMMUNICATION" or "COMMUNICATIONS" means and
20  includes any disclosure, transfer or exchange of information between two or more
21  PERSONS, whether orally or in writing, including, without limitation, any
22  conversation or discussion by means of meeting, letter, telephone, note,
23  memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or
24  other medium, including without limitation in written, audio or video form.

25       13.   "PERSON" or "PERSONS" means all natural persons,
26  partnerships, corporations, joint ventures and any kind of business, legal or public
27  entity or organization, as well as its, his or her agents, representatives, employees,
28

07209/626796.2

3

**FIRST SET OF INTERROGATORIES**

EXHIBIT ___36___
PAGE ___681___

1 officers and directors and any one else acting on its, his or her behalf, pursuant to its,
2 his or her authority or subject to its, his or her control.

3       14.   The singular form of a noun or pronoun includes within its
4 meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
5 the masculine form of a pronoun also includes within its meaning the feminine form
6 of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also
7 within its meaning all other tenses of the verb so used, whenever such construction
8 results in a broader request for information; and "and" includes "or" and *vice versa*,
9 whenever such construction results in a broader disclosure of documents or
10 information.

11

12                              Instructions

13

14       A.   When an interrogatory requests disclosure of a
15 COMMUNICATION or other information as to which YOU claim any privilege or
16 protection as a ground for nondisclosure, identify each PERSON who participated in
17 or had knowledge of the COMMUNICATION or other information and provide the
18 following:

19             (i)    the privilege or protection that YOU claim precludes
20 disclosure;

21             (ii)   the subject matter of the COMMUNICATION or
22 information (without revealing the content as to which the privilege is claimed); and

23             (iii)  any additional facts or grounds on which YOU base YOUR
24 claim of privilege or protection.

25       B.   When an interrogatory requests that YOU provide information,
26 YOU are required to supply all information known by or available to YOU or YOUR
27 employees, officers, directors, agents, representatives, attorneys and experts.

28

07209/626796.2                          **4**
                                              FIRST SET OF INTERROGATORIES

EXHIBIT 36
PAGE 682

1      <u>Interrogatories</u>

2

3      <u>INTERROGATORY NO. 1:</u>

4              Please IDENTIFY, fully and separately, each and every PAYMENT that

5      YOU made to BRYANT during the periods of time that BRYANT was employed by

6      Mattel, Inc.

7

8      <u>INTERROGATORY NO. 2:</u>

9              Please IDENTIFY, fully and separately, each and every PAYMENT that

10     YOU made to BRYANT at any time as a result of work or services which BRYANT

11     performed for or provided to YOU during the periods of time that BRYANT was

12     employed by Mattel, Inc.

13

14     <u>INTERROGATORY NO. 3:</u>

15             Please IDENTIFY, fully and completely, all REVENUES that YOU have

16     received at any time from any source as a result of work or services which BRYANT

17     performed for or provided to YOU during the periods of time that BRYANT was

18     employed by Mattel, Inc.

19

20     <u>INTERROGATORY NO. 4</u>

21             Please IDENTIFY, fully and completely, all PROFITS that YOU have

22     earned at any time from any source as a result of work or services which BRYANT

23     performed for or provided to YOU during the periods of time that BRYANT was

24     employed by Mattel, Inc.

25

26

27

28

                                                   **FIRST SET OF INTERROGATORIES**

EXHIBIT   36
PAGE   683



1   Dated: December 27, 2004          QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP
2

3                                     By
4                                        Michael T. Zeller
                                         Attorneys for Plaintiff
5                                        and Counter-Defendant
                                         Mattel, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/626796.2                                6
                                     FIRST SET OF INTERROGATORIES

EXHIBIT _36_
PAGE _687_

Dec-28-04  04:54pm  From-QUINN EMANUEL                                T-312  P.008/010  F-808

**PROOF OF SERVICE**
1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.

On December 28, 2004, I served the foregoing document(s) described as **MATTEL, INC.'S FIRST SET OF INTERROGATORIES TO MGA ENTERTAINMENT** on all interested parties in this action.

Robert F. Millman, Esq.
Doughlas A. Wickham, Esq.
Littler Mendelson
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107

[X]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth below on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 28, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                          Signature

EXHIBIT 36
PAGE 685

Dec-28-04    04:54pm    From-QUINN EMANUEL                                    T-312   P.010/010   F-908

1                                    **PROOF OF SERVICE**
                                    1013A(3) CCP Revised 5/1/88
2    **STATE OF CALIFORNIA )**
     **COUNTY OF LOS ANGELES )**

3           I am employed in the county of Los Angeles State of California. I am over the age of 18
     and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
4    Los Angeles, CA 90012.

5           On December 28, 2004, I served the foregoing document described as MATTEL INC.'S
     FIRST SET OF INTERROGATORIES TO MGA ENTERTAINMENT on all interested
6    parties in this action.

7
                      **Diana M. Torres**
8                **O'Melveny & Myers LLP**
                     **400 South Hope Street**
9    **Los Angeles, California 90071-2899**
                      **TEL: 213-430-6000**
10                    **FAX: 213-430-6407**

11

12   [ ]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
            as follows:
13
     [ ]    **BY MAIL**
14
     [ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed
15          with postage thereon fully prepaid.

16   [ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing
            correspondence for mailing. Under that practice it would be deposited with U.S. postal
17          service on that same day with postage thereon fully prepaid at Los Angeles, California in the
            ordinary course of business. I am aware that on motion of the party served, service is
18          presumed invalid if postal cancellation date or postage meter date is more than one day after
            date of deposit for mailing in affidavit.

19   [ ]    **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent
            by Federal Express.
20
     [ ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
21          set forth above on this date.

22   [X]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

23   Executed on December 28, 2004, at Los Angeles, California.

24   [ ]    (State) I declare under penalty of perjury under the laws of the State of California that the
            above is true and correct.
25
     [X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at
26          whose direction the service was made.

27   Maria Albert
     **Print Name**                                   **Signature**
28

EXHIBIT    36
PAGE    686

# EXHIBIT 37



1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 Michael T. Zeller (Bar No. 196417)
Jon D. Corey (Bar No. 185066)
3 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
4 (213) 443-3000 (telephone)
(213) 443-3100 (facsimile)
5
Attorneys for Plaintiff and Counter-Defendant
6 Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10 MATTEL, INC., a Delaware            )   CASE NO. CV 04-9059 NM (RNBx)
   corporation,                       )
11                Plaintiff,           )   MATTEL, INC.'S SECOND SET OF
                                       )   INTERROGATORIES TO
12        v.                           )   DEFENDANT MGA
                                       )   ENTERTAINMENT INC.
13 CARTER BRYANT, an individual, and   )
   DOES 1 through 10, inclusive,       )
14                Defendants.          )
                                       )
15                                     )
   CARTER BRYANT, on behalf of         )
16 himself, all present and former     )
   employees of Mattel, Inc., and the  )
17 general public,                     )
                                       )
18            Counter-Claimant,        )
                                       )
19        v.                           )
                                       )
20 MATTEL, INC., a Delaware            )
   corporation,                        )
21                                     )
              Counter-Defendant.       )
22                                     )

23

24

25

26

27

28

07209/650821.1
                                         MATTEL'S SECOND SET INTERROGATORIES TO MGA

EXHIBIT  37
PAGE  687

1    Pursuant to Federal Rule of Civil Procedure 33, plaintiff and counter-
2  defendant Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc.
3  ("MGA") answer the following Interrogatories separately and fully, in writing and
4  under oath, within 30 days after service hereof. MGA shall be obligated to
5  supplement its responses to the Interrogatories at such times and to the extent
6  required by the Federal Rules of Civil Procedure.
7
8                          Definitions
9
10    1.    "YOU," "YOUR" or "MGA" means MGA Entertainment, Inc.,
11  any of its current or former employees, officers, directors, agents, representatives,
12  attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and
13  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
14  authority or subject to its control. Without limiting the foregoing, "MGA"
15  includes the entities known as ABC International Traders or ABC International
16  Traders, Inc.
17    2.    "AFFILIATES" means any and all corporations,
18  proprietorships, d/b/a's, partnerships, joint ventures and business entities of any
19  kind that, directly or indirectly, in whole or in part, own or control, are under
20  common ownership or control with, or are owned or controlled by a PERSON,
21  including without limitation each parent, subsidiary and joint venture of such
22  PERSON.
23    3.    "PERSON" or "PERSONS" means all natural persons,
24  partnerships, corporations, joint ventures and any kind of business, legal or public
25  entity or organization, as well as its, his or her agents, representatives, employees,
26  officers and directors and any one else acting on its, his or her behalf, pursuant to
27  its, his or her authority or subject to its, his or her control.
28

07209/650821.1
                          -2-
MATTEL'S SECOND SET INTERROGATORIES TO MGA

EXHIBIT 37
PAGE 688

1        4.    "BRATZ" means any doll or any portion thereof that is now or

2 has ever been known as, or sold or marketed under, the name "Bratz" (regardless

3 of what such doll is or has been also or previously called) or that is now or has

4 ever been manufactured, distributed, displayed, sold or marketed as part of the

5 "Bratz" line, and all prototypes, models, samples, versions and iterations of such

6 doll or any portion thereof.

7        5.    "EMBODIMENT" means any representation of BRATZ,

8 whether two-dimensional or three-dimensional, and whether in tangible, digital,

9 electronic or other form, including but not limited to all works, designs, artwork,

10 sketches, drawings, illustrations, representations, depictions, blueprints,

11 schematics, diagrams, images, sculptures, prototypes, models, samples, reductions

12 to practice, developments, inventions and/or improvements, as well as all other

13 items, things and DOCUMENTS in which any of the foregoing are or have been

14 expressed, embodied, contained, fixed or reflected in any manner, whether in

15 whole or in part. For purposes of these Interrogatories, each version, draft or

16 iteration of, or modification or revision to, an EMBODIMENT is, and shall be

17 treated as, separate and distinct from each other EMBODIMENT.

18        6.    "SWORN STATEMENT" means any declaration, affidavit,

19 witness statement, deposition testimony, trial testimony, arbitration testimony or

20 any other statement, testimony or representation given under oath or under penalty

21 of perjury that was or has been prepared, taken, given, transcribed, recorded,

22 submitted or filed by YOU or on YOUR behalf, but excluding any SWORN

23 STATEMENT that was given or taken in the presence of Mattel's counsel in this

24 action or that has been served upon Mattel's counsel in this action.

25        7.    "REFER OR RELATE TO" a given subject matter means relate

26 to, refer to, constitute, contain, embody, reflect, identify, state, deal with, comment

27 on, respond to, describe, analyze, support, refute, contradict, or in any way pertain

28 to that subject matter, either directly or indirectly.

-3-

EXHIBIT 37
PAGE 689

1        8.    "IDENTIFY" or "IDENTITY" means the following:

2           (a)    with reference to an individual, means to state such 3 individual's full name, any known business title, current or last known business 4 affiliation, current or last known residential address, current or last known 5 business address, current or last known relationship to MGA, and current or last 6 known telephone number.

7           (b)    with reference to an entity, means to state such entity's 8 full name, state (or country) of incorporation or organization, present or last-9 known address, and present or last-known telephone number.

10          (c)    with reference to a SWORN STATEMENT, means to 11 state the date thereof, the IDENTITY of the PERSON(S) signing or giving the 12 SWORN STATEMENT, the name of the court or forum in which or in connection 13 with each was prepared, taken, given, transcribed, recorded, submitted or filed and 14 the case name and docket or other identification number associated therewith.

15          (d)    with reference to an EMBODIMENT, means to state the 16 IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well 17 as of each other individual who contributed in any manner to the EMBODIMENT; 18 the form, material and medium of the EMBODIMENT (*e.g.*, preliminary three-19 dimensional resin sculpture, final three-dimensional wax sculpture, digitized file 20 of final three-dimensional wax sculpture, two-dimensional design drawing on 21 paper); the title or name of the EMBODIMENT; the start and end date(s) of the 22 EMBODIMENT's creation or preparation; the Bates-number of any DOCUMENT 23 which REFERS OR RELATES TO the EMBODIMENT or, if no such 24 DOCUMENT has been produced, a full and complete description of the 25 EMBODIMENT and of all DOCUMENTS that REFER OR RELATE to the 26 EMBODIMENT; the version, modification, revision or iteration number, if 27 applicable; and the current location of the EMBODIMENT.

28

-4-

EXHIBIT _37_
PAGE _690_

1    (e)    with reference to any other matter, shall mean to fully
2  state and describe each such matter, and, if applicable, to state the IDENTITY of
3  each PERSON involved in such matter, the date and the geographical location
4  (including without limitation, city and State or, if outside the United States, the
5  city and country) of each such event.
6    9.    "DOCUMENTS" has the same meaning herein as in <u>Federal</u>
7  <u>Rule of Civil Procedure</u> 34(a), and means original and all copies, unless identical,
8  regardless of origin or location, of written, recorded and graphic matter, however
9  produced or reproduced, formal or informal, including without limitation working
10  papers, preliminary, intermediate or final drafts, designs, drawings, diagrams,
11  schematics, correspondence, memoranda, letters, telegrams, notes, notebooks,
12  compilations, blueprints, laboratory notebooks, process specifications, product
13  specifications, manuals, instructions, models, performance specifications,
14  inventor's notebooks, inventor's workbooks, invention records, invention
15  disclosures, computer inputs or runs, computer discs or tapes, e-mails, evaluations,
16  agreements, entries, video cassettes or tapes, audio cassettes or tapes, audio discs,
17  calendars, reports, minutes of any type of meeting, appointment records, diaries,
18  studies, statistical analyses, invoices, financial or accounting records, financial
19  calculations, transcripts, court pleadings, lists, reports of telephone or other oral
20  conversations, desk calendars, appointment books, telephone logs, telephone
21  records, patents or patent applications, or trademarks or trade names or
22  applications for same; and any other writings or documents of whatever
23  description or kind, including attachments or other matters affixed thereto and
24  copies of any of the foregoing in the possession, custody or control of YOU,
25  YOUR counsel or any other person acting on your behalf, including without
26  limitation any material described above that originally may have been generated
27  by any party hereto and is now in YOUR possession, custody or control.
28

EXHIBIT  37
PAGE  69

1    10.    "ANGEL" means the project that is the subject of

2 MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

3 MGA000724-28 and MGA000734, and any doll (sometimes purportedly called

4 "Angel," "Angel Faces" and/or "Prayer Angels") or any portion thereof that is the

5 subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20,

6 MGA000724-28 and MGA000734, including all prototypes, models, samples and

7 versions of such doll(s) or any portion thereof. Without limiting the generality of

8 the foregoing, "ANGEL" means any project or any doll or any portion thereof that

9 is the subject of MGA000706-08, MGA000710-12, MGA000714-16,

10 MGA000718-20, MGA000724-28 and MGA000734, regardless of what any such

11 project or doll has in fact been called, and regardless of what any such project or

12 doll is or has been also, previously or subsequently called.

13    11.    "Any" as used in these interrogatories includes the word "all,"

14 and the word "all" as used in these interrogatories includes the word "any."

15    12.    The singular form of a noun or pronoun includes within its

16 meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of

17 the masculine form of a pronoun also includes within its meaning the feminine

18 form of the pronoun so used, and *vice versa*; the use of any tense of any verb

19 includes also within its meaning all other tenses of the verb so used, whenever

20 such construction results in a broader request for information; and "and" includes

21 "or" and *vice versa*, whenever such construction results in a broader disclosure of

22 documents or information.

23

24                            Instructions

25

26    A.    When an interrogatory requests that YOU provide information,

27 YOU are required to supply all information known by or available to YOU or YOUR

28 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

07209/650821.1                            -6-

EXHIBIT  37
PAGE  692

1  cannot completely answer the interrogatory after making diligent efforts to do so,
2  please so state. Then describe in detail all efforts made to answer the interrogatory;
3  identify every PERSON involved in such efforts; and state the additional information
4  YOU need, if any, to respond completely to the interrogatory.

5
6                                      Interrogatories
7
8  INTERROGATORY NO. 5:
9            IDENTIFY, fully and separately, each and every PERSON who was
10 involved in the conception, origin, creation, design, development, sculpting,
11 engineering, reduction to practice, tooling or painting of, or who otherwise produced
12 or contributed to any EMBODIMENT of, BRATZ before December 31, 2001,
13 including without limitation by fully and separately describing each such PERSON's
14 role and the start and end dates of such PERSON's involvement.

15
16 INTERROGATORY NO. 6:
17            IDENTIFY, fully and separately, each and every PERSON who was
18 involved in the conception, origin, creation, design, development, sculpting,
19 engineering, reduction to practice, tooling or painting of, or who otherwise produced
20 or contributed to any EMBODIMENT of, ANGEL, including without limitation by
21 fully and separately stating each such PERSON's role and the start and end dates of
22 such PERSON's involvement.

23
24 INTERROGATORY NO. 7:
25            IDENTIFY, fully and separately, each and every EMBODIMENT of
26 BRATZ prior to December 31, 2001.

27
28

07209/650821.1                          -7-
                              MATTEL'S SECOND SET INTERROGATORIES TO MGA

EXHIBIT __37__
PAGE __693__

1  INTERROGATORY NO. 8:

2      IDENTIFY, fully and separately, each and every EMBODIMENT of
3  ANGEL.

4

5  INTERROGATORY NO. 9:

6      IDENTIFY, fully and separately, each and every SWORN STATEMENT
7  that REFERS OR RELATES TO the conception, origin, creation, design,
8  development, sculpting, engineering, tooling or painting of BRATZ.

9

10  INTERROGATORY NO. 10:

11      IDENTIFY each and every instance in which BRATZ was shown,
12  displayed or exhibited prior to June 1, 2001, including without limitation by stating
13  the date(s) on which each such instance occurred and the location where each such
14  instance occurred, and IDENTIFY each and every PERSON with knowledge thereof.

15

16  INTERROGATORY NO. 11:

17      State, fully and separately, the number for each and every telephone,
18  including without limitation each office, home and cell phone number, in the name
19  of, for the benefit of or for the account of Isaac Larian and any other telephone that
20  Isaac Larian used from January 1, 1998 through the present, and IDENTIFY each and
21  every carrier (including without limitation any long-distance carrier) for each such
22  number.

23

24  DATED:  April 28, 2005        QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
25

26                          By
                                  Michael T. Zeller
27                                Attorneys for Plaintiff and Counter-Defendant
                                  Mattel, Inc.
28

07209/650821.1                    -8-
                                  MATTEL'S SECOND SET INTERROGATORIES TO MGA

EXHIBIT  37
PAGE  694

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On April 28, 2005 I served the foregoing document described as **MATTEL, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT MGA ENTERTAINMENT INC** on all interested parties in this action.

Robert F. Millman, Esq.            Diana M. Torres, Esq.
Douglas A. Wickham, Esq.           Paula Ambrosini, Esq.
Keith A. Jacoby, Esq.              O'Melveney & Meyers
**Littler Mendelson**              400 S. Hope Street
**A Professional Corporation**     Los Angeles, CA 90071
2049 Century Park East, 5th Floor  Phone: 213-430-6000
Los Angeles, California 90067-3107 **Fax: 213-430-6407**
Phone: 310-553-0308
**Fax: 310-553-5583**

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[X]   **BY PERSONAL SERVICE:** I caused personal delivery of said document(s) listed above to the person(s) at the address(es) set forth above.

Executed on April 28, 2005, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Print Name _____   Signature _____

EXHIBIT 37
PAGE 695

# EXHIBIT 38

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12 | CARTER BRYANT, an individual,          | CASE NO. CV 04-09049 SGL (RNBx)
13 |              Plaintiff,                  | Consolidated with Case Nos. CV 04-
   |                                          | 9059 and CV 05-2727
14 |         vs.
   |                                          | MATTEL, INC.'S REVISED THIRD
15 | MATTEL, INC., a Delaware                 | SET OF INTERROGATORIES
   | corporation,
16 |                                          | Discovery Cut-off: January 14, 2008
   |              Defendant.                  | Pre-trial Conference: April 7, 2008
17 |                                          | Trial Date: April 29, 2008

18 | AND CONSOLIDATED ACTIONS                 | Discovery Cutoff: March 3, 2008
   |                                          | Final Pretrial Conf.: June 2, 2008
19 |                                          | Trial Date: July 1, 2008

20

21

22 PROPOUNDING PARTY:        Mattel, Inc.

23 RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

24                           Bryant, MGA Entertainment (HK) Limited, MGAE

25                           de Mexico S.R.L. de C.V., and Carlos Gustavo

26                           Machado Gomez

27 SET NO.:                  THREE

28

07209/2229699.1

                    PERSONALLY
                    SERVED 5:00PM
                              MATTEL'S REVISED THIRD SET OF INTERROGATORIES

EXHIBIT 38
PAGE 696

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof. The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                                **Definitions**

11         1.    "YOU" and "YOUR" mean each of the Responding Parties.

12         2.    "BRYANT" means Carter Bryant individually.

13         3.    "LARIAN" means Isaac Larian individually.

14         4.    "MGA" means MGA Entertainment, Inc., any of its current or

15  former employees, officers, directors, agents, representatives, attorneys, experts,

16  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18  Without limiting the foregoing, "MGA" includes the entities known as ABC

19  International Traders or ABC International Traders, Inc. For purposes of the these

20  Interrogatories, "MGA" does not include BRYANT.

21         5.    "MATTEL" means Mattel, Inc., its current employees, officers,

22  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24  PERSON acting on its behalf, pursuant to its authority or subject to its control.

25         6.    "AFFILIATES" means any and all corporations, proprietorships,

26  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27  indirectly, in whole or in part, own or control, are under common ownership or

28  control with, or are owned or controlled by a PERSON, party or entity, including

07209/2229699.1

-2-

**EXHIBIT** 38
**PAGE** 697

1    without limitation each parent, subsidiary and joint venture of such PERSON, party
2    or entity.

3              7.    "PERSON" or "PERSONS" means all natural persons,
4    partnerships, corporations, joint ventures and any kind of business, legal or public
5    entity or organization, as well as its, his or her agents, representatives, employees,
6    officers and directors and any one else acting on its, his or her behalf, pursuant to
7    its, his or her authority or subject to its, his or her control.

8              8.    "DESIGN" or "DESIGNS" means any and all representations,
9    whether two-dimensional or three-dimensional, and whether in tangible, digital,
10   electronic or other form, including but not limited to all works, designs, artwork,
11   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
12   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
13   practice, developments, inventions and/or improvements, as well as all other items,
14   things and DOCUMENTS in which any of the foregoing are or have been
15   expressed, embodied, contained, fixed or reflected in any manner, whether in whole
16   or in part.

17             9.    "BRATZ" means any project, product, doll or DESIGN ever
18   known by that name (whether in whole or in part and regardless of what such
19   project, product or doll is or has been also, previously or subsequently called) and
20   any product, doll or DESIGN or any portion thereof that is now or has ever been
21   known as, or sold or marketed under, the name or term "Bratz" (whether in whole or
22   in part and regardless of what such product, doll or DESIGN or portion thereof is or
23   has been also, previously or subsequently called) or that is now or has ever been
24   sold or marketed as part of the "Bratz" line, and each version or iteration of such
25   product, doll or DESIGN or any portion thereof. As used herein, "product, doll or
26   DESIGN or any portion thereof" also includes without limitation any names,
27   fashions, accessories, artwork, packaging or any other works, materials, matters or
28   items included or associated therewith. Without limiting the generality of the

EXHIBIT 38
PAGE 698

1 foregoing, and contrary to MGA's recent assertions in connection with other Mattel
2 discovery requests, the term "BRATZ" does not and shall not require that there be a
3 doll existing at the time of the event, incident or occurrence that is the subject of, or
4 otherwise relevant or responsive to, the Interrogatories.

5         10. "BRATZ INVENTION" means any representation, idea,
6 concept, work, process, procedure, plan, improvement, design or other development,
7 whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,
8 including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ.

9         11. "SOLD," "SELL" or "SALE" means to distribute, market,
10 license, sell, offer to sell, or convey or transfer in any way for compensation.

11         12. "BRATZ DOLL" means any doll that is or has ever been SOLD
12 that REFERS OR RELATES TO BRATZ.

13         13. "BRATZ MOVIE" means any motion picture or film that is or
14 has ever been SOLD that REFERS OR RELATES TO BRATZ.

15         14. "BRATZ TELEVISION SHOW" means any production
16 exhibited on television that is or has ever been SOLD that REFERS OR RELATES
17 TO BRATZ.

18         15. "BRATZ PRODUCT" means any product, whether two-
19 dimensional or three-dimensional, and whether in tangible, digital, electronic or
20 other form, that is or has ever been SOLD that, in whole or in part, REFERS OR
21 RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ
22 MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any
23 product that is or has ever been SOLD in any packaging that includes the name
24 "Bratz" or REFERS OR RELATES TO BRATZ.

25         16. "ANGEL" refers to those projects, products, dolls or DESIGNS,
26 sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are
27 the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-
28 20, MGA000724-28 and MGA000734. Without limiting the generality of the

07209/2229699.1

-4-

EXHIBIT 38
PAGE 699

1   foregoing, and contrary to MGA's recent assertions in connection with other Mattel
2   discovery requests, the term "ANGEL" does not require that there be a doll existing
3   at the time of the event, incident or occurrence that is the subject of, or otherwise
4   relevant or responsive to, the Interrogatories.

5           17.   "ACQUIRE" means to acquire, obtain, have vested in, enter into
6   agreement for, buy, purchase, and/or procure in any way, or purport to do any of the
7   same.

8           18.   "TRANSFER" means to sell, license, give away, vest in or
9   transfer in any way, or purport to do any of the same.

10          19.   "DOCUMENT" or "DOCUMENTS" means all "writings" and
11   "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
12   Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
13   limited to, all writings and records of every type and description including, but not
14   limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
15   electronic mail ("e-mail"), records of telephone conversations, handwritten and
16   typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
17   and summaries of meetings, voice recordings, pictures, photographs, drawings,
18   computer cards, tapes, discs, printouts and records of all types, studies, instruction
19   manuals, policy manuals and statements, books, pamphlets, invoices, canceled
20   checks and every other device or medium by which or through which information of
21   any type is transmitted, recorded or preserved. Without any limitation on the
22   foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
23   from the original or other versions of the DOCUMENT, including, but not limited
24   to, all drafts and all copies of such drafts or originals containing initials, comments,
25   notations, insertions, corrections, marginal notes, amendments or any other variation
26   of any kind.

27          20.   "REFER OR RELATE TO" a given subject matter means relate
28   to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

-5-

**EXHIBIT** 38
**PAGE** 700

1 | identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

2 | contradict, or in any way pertain to that subject matter, either directly or indirectly.

3 |     21.    "CREATED" means created, produced, prepared, authored,

4 | improved, developed, altered, conceived of or reduced to practice, whether in whole

5 | or in part, and whether alone or jointly with others.

6 |     22.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV

7 | 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

8 | therewith.

9 |     23.    "INVENTIONS AGREEMENT" means the Confidential

10 | Information and Inventions Agreement signed by BRYANT on or about January 4,

11 | 1999 and produced in this action by MATTEL as M0001596, or any other version

12 | of such January 4, 1999 agreement.

13 |     24.    "COMPLAINT" means Mattel, Inc.'s Complaint in Case No. CV

14 | 04-9059 SGL (RNBx), filed on April 27, 2004.

15 |     25.    "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended

16 | Answer in Case No. 05-2727 and Counterclaims, filed on July 12, 2007.

17 |     26.    "DIGITAL INFORMATION" means any information created or

18 | stored digitally, including but not limited to electronically, magnetically or optically.

19 |     27.    "STORAGE DEVICE" means any computer hard drive,

20 | memory, USB device, tape, storage array or any other device or medium that allows

21 | a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

22 | copy, retain, store or maintain DIGITAL INFORMATION.

23 |     28.    "IDENTIFY" or "IDENTITY" means the following:

24 |         (a)    with reference to an individual or individuals, means to

25 | state, fully and separately as to each, such individual's full name, any known

26 | business title, current or last known business affiliation, current or last known

27 | residential address, current or last known business address, current or last known

28 | relationship to MGA, and current or last known telephone number.

EXHIBIT 38
PAGE 70

1          (b)     with reference to an entity or entities, means to state, fully
2   and separately as to each, such entity's full name, state (or country) of incorporation
3   or organization, present or last known address, and present or last known telephone
4   number.

5          (c)     with reference to a BRATZ INVENTION or BRATZ
6   INVENTIONS, means to state, fully and separately as to each, the Bates-number of
7   any DOCUMENT which REFERS OR RELATES TO the BRATZ INVENTION or,
8   if no such DOCUMENT has been produced, a full and complete description of the
9   BRATZ INVENTION and of all DOCUMENTS that REFER OR RELATE to the
10  BRATZ INVENTION; the IDENTITY of the individual author(s) or creator(s) of
11  the BRATZ INVENTION as well as of each other individual who contributed in any
12  manner to the BRATZ INVENTION; the form, material and medium of the BRATZ
13  INVENTION, if any (e.g., preliminary three-dimensional resin sculpture, final
14  three-dimensional wax sculpture, digitized file of final three-dimensional wax
15  sculpture, two-dimensional design drawing on paper); the title or name of the
16  BRATZ INVENTION, if any; the version, modification, revision or iteration
17  number of the BRATZ INVENTION, if any; the current location of the original of
18  the BRATZ INVENTION; the first day and last day on which the BRATZ
19  INVENTION was CREATED; and whether the entire invention was CREATED
20  during the period of time listed in the Interrogatory and, if not, which aspects or
21  portions of the BRATZ INVENTION were CREATED during that period of time,
22  which were CREATED earlier, and which were CREATED later.

23         (d)     with reference to a STORAGE DEVICE, means to state,
24  fully and separately as to each, the individual(s) that use or have used the
25  STORAGE DEVICE; the current location of the STORAGE DEVICE if it presently
26  exists (including the IDENTITY of the PERSON who possesses the STORAGE
27  DEVICE) or, if it no longer exists, the date on which it was destroyed or disposed
28  of; the type of STORAGE DEVICE (e.g., hard drive, USB drive, etc.); whether the

07209/2229699.1

-7-
MATTEL'S REVISED THIRD SET OF INTERROGATORIES

**EXHIBIT** 38
**PAGE** 702

1   STORAGE DEVICE has ever been copied or imaged and, if so, the current location
2   of each copy or image of the STORAGE DEVICE that has been made (including the
3   IDENTITY of the PERSONS who possess such copies or images) and the date(s) on
4   which such copies or images were made; the manufacturer name, brand, model
5   name, model number and serial number of the STORAGE DEVICE; and the
6   technical specifications and capacities of such STORAGE DEVICE.

7           (e)    with reference to a bank or financial institution account or
8   accounts, means to state, fully and separately as to each account, the name of the
9   bank or financial institution, the location and/or branch of the bank or financial
10   institution, the account number, the name in which the account is or was held, and
11   the time period during which the account is or was open.

12           (f)    with reference to a BRATZ PRODUCT, means to state,
13   fully and separately as to each, the full name of the product; the number of the
14   product; the SKU of the product; any other applicable designation of the product
15   useful for identification; the period of time during which the product was, has been
16   or will be SOLD; and the IDENTITY of each PERSON who has licensed from
17   YOU the right to SELL such BRATZ PRODUCT.

18           (g)    with reference to any other DOCUMENT or
19   DOCUMENTS, means to describe each DOCUMENT by Bates number. In the
20   event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
21   respect to each such DOCUMENT, to provide a complete description of it such that
22   it may be the subject of a request for the production of documents, including by
23   stating the date, identity of the author, addressee(s), signatories, parties, or other
24   PERSONS identified therein, its present location or custodian and a description of
25   its contents.

26       29.    "Any" as used in these interrogatories includes the word "all,"
27   and the word "all" as used in these interrogatories includes the word "any."

28

07209/2229699.1

-8-

EXHIBIT 38
PAGE 703

1    30.    The singular form of a noun or pronoun includes within its
2  meaning the plural form of the noun or pronoun so used, and vice versa; the use of
3  the masculine form of a pronoun also includes within its meaning the feminine form
4  of the pronoun so used, and vice versa; the use of any tense of any verb includes
5  also within its meaning all other tenses of the verb so used, whenever such
6  construction results in a broader request for information; and "and" includes "or"
7  and vice versa, whenever such construction results in a broader disclosure of
8  documents or information.
9
10                              **Instructions**
11    A.    When an interrogatory requests that YOU provide information,
12  YOU are required to supply all information known by or available to YOU or
13  YOUR employees, officers, directors, agents, representatives, attorneys and experts.
14  If YOU cannot completely answer the interrogatory after making diligent efforts to
15  do so, please so state. Then describe in detail all efforts made to answer the
16  interrogatory; identify every PERSON involved in such efforts; and state the
17  additional information YOU need, if any, to respond completely to the interrogatory.
18
19                              **Interrogatories**
20
21  INTERROGATORY NO. 27:
22    IDENTIFY each and every BRATZ INVENTION YOU contend was
23  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ
24  INVENTION so identified state all facts that support YOUR contention that such
25  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to
26  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and
27  all DOCUMENTS which REFER OR RELATE TO such facts.
28

07209/2229699.1
                                        -9-



EXHIBIT _38_
PAGE _704_

1 INTERROGATORY NO. 28:

2        IDENTIFY each and every BRATZ INVENTION YOU contend was
3 CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and
4 for each BRATZ INVENTION so identified state all FACTS that support YOUR
5 contention that such BRATZ INVENTION (or aspects or portions thereof) was
6 CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all
7 PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
8 RELATE TO such facts.

9

10 INTERROGATORY NO. 29:

11        IDENTIFY each and every BRATZ INVENTION that was CREATED,
12 in whole or in part, after January 3, 1999 and before October 21, 2000, and for each
13 BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO
14 the timing of the creation of such BRATZ INVENTION and IDENTIFY all
15 PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
16 RELATE TO such facts.

17

18 INTERROGATORY NO. 30:

19        State all facts that support YOUR contention, if YOU so contend, that,
20 assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL
21 pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over
22 and/or has superior rights to MATTEL as to such BRATZ INVENTION, and
23 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that
24 REFER OR RELATE TO such facts.

25

26 INTERROGATORY NO. 31:

27        State all facts that support YOUR contention, if YOU so contend, that
28 the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

07209/2229699.1

-10-
MATTEL'S REVISED THIRD SET OF INTERROGATORIES

EXHIBIT 38
PAGE 705

1 | PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
2 | RELATE TO such facts.

3

4 | INTERROGATORY NO. 32:

5 | State all facts that support YOUR contention, if YOU so contend, that
6 | MATTEL is not or would not be entitled to injunctive relief as requested in its
7 | COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that
8 | MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all
9 | PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
10 | RELATE TO such facts.

11

12 | INTERROGATORY NO. 33:

13 | State all facts that support YOUR contention, if YOU so contend, that
14 | MATTEL is not entitled to an award of punitive or exemplary damages against
15 | YOU, and IDENTIFY all PERSONS with knowledge of such facts and all
16 | DOCUMENTS that REFER OR RELATE TO such facts.

17

18 | INTERROGATORY NO. 34:

19 | State all facts that support YOUR contention, if YOU so contend, that
20 | YOU did not intentionally interfere with the INVENTIONS AGREEMENT when
21 | BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
22 | BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
23 | DOCUMENTS that REFER OR RELATE TO such facts.

24

25 | INTERROGATORY NO. 35:

26 | State all facts that support YOUR contention, if YOU so contend, that
27 | YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by
28 | BRYANT to MATTEL when BRYANT performed work or services with or for

07209/2229699.1

-11-

**EXHIBIT** 38
**PAGE** 706

1 | MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS
2 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
3 | such facts.

4

5 | INTERROGATORY NO. 36:

6 | State all facts that support YOUR contention, if YOU so contend, that
7 | YOU acted with an innocent state of mind or reasonably believed that MATTEL did
8 | not own any rights in any BRATZ INVENTION when BRYANT purported to
9 | TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY
10 | all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
11 | RELATE TO such facts.

12

13 | INTERROGATORY NO. 37:

14 | State all facts that support YOUR contention, if YOU so contend, that
15 | BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT
16 | purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS
17 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
18 | such facts.

19

20 | INTERROGATORY NO. 38:

21 | State all facts that support YOUR contention, if YOU so contend, that
22 | BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to
23 | MATTEL when BRYANT performed work or services with or for MGA while
24 | BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with
25 | knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such
26 | facts.

27

28

07209/2229699.1

-12-

EXHIBIT _38_
PAGE _707_

1 INTERROGATORY NO. 39:

2        IDENTIFY each and every bank or financial institution account that
3 REFERS OR RELATES TO YOU, including accounts in YOUR name or for
4 YOUR benefit, since January 1, 1999.

5

6 INTERROGATORY NO. 40:

7        IDENTIFY each and every STORAGE DEVICE that YOU have used
8 for any purpose which contains or contained DIGITAL INFORMATION that
9 REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10

11 INTERROGATORY NO. 41:

12        IDENTIFY all PERSONS who at any time have been employed by or
13 under contract with MATTEL who are now or have been employed by or under
14 contract with YOU since January 1, 1999, and, for each such PERSON, state his or
15 her name, date of hire or effective date of contract, the date on which YOU first had
16 contact with such PERSON regarding potential employment or contracting, the
17 date(s) on which such PERSON was interviewed for possible employment or
18 contracting, each title (if any) such PERSON has held while employed by or under
19 contract with YOU, and the date of termination (if applicable).

20

21 DATED:  September 21, 2007       QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

22

23                        By

24                            B. Dylan Proctor

25                          Attorneys for Plaintiff
                         Mattel, Inc.

26

27

28

-13-
MATTEL'S REVISED THIRD SET OF INTERROGATORIES

EXHIBIT _38_
PAGE _708_

1                                 **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4   On September 21, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** on the parties in this

5   action as follows:

      Diana M. Torres, Esq.                John W. Keker, Esq.

6       **O'MELVENY & MYERS, LLP**        Michael H. Page, Esq.

      400 S. Hope Street                 Christina M. Anderson, Esq.

7       Los Angeles, CA 90071            Keker & Van Nest, LLP

      *Attorneys for MGA ENTERTAINMENT,*   710 Sansome Street

8       *INC.*                           San Francisco, CA 94111

                                       *Attorneys for Carter Bryant*

9

      Patricia Glaser, Esq.              James Spertus

10      **Christensen, Glaser, Fink, Jacobs, Weil**   **Law Offices of James W. Spertus**

      **& Shapiro, LLP**              12100 Wilshire Blvd., Suite 620

11      10250 Constellation Blvd., 19th Floor    Los Angeles, CA 90025

      Los Angeles, CA 90067

12      *Attorney for MGA Entertainment*

13   **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

14

        I declare that I am employed in the office of a member of the bar of this Court at whose

15   direction the service was made.

16       Executed on September 21, 2007, at Los Angeles, California.

17

18                              NOW LEGAL -- Dave Quintana

19

20

21

22

23

24

25

26

27

28

07209/2229579.1

EXHIBIT _38_
PAGE _769_

# EXHIBIT 39

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  |   John B. Quinn (Bar No. 090378)
2 |   johnquinn@quinnemanuel.com
  |   Michael T. Zeller (Bar No. 196417)
3 |   (michaelzeller@quinnemanuel.com)
  |   Jon D. Corey (Bar No. 185066)
4 |   (joncorey@quinnemanuel.com)
  |   Timothy L. Alger (Bar No. 160303)
5 |   (timalger@quinnemanuel.com)
  | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
  | Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff Mattel, Inc.

9 | <center>UNITED STATES DISTRICT COURT</center>

10 | <center>CENTRAL DISTRICT OF CALIFORNIA</center>

11 | <center>EASTERN DIVISION</center>

12 | CARTER BRYANT, an individual,     CASE NO. CV 04-09049 SGL (RNBx)

13 |      Plaintiff,          Consolidated with Case Nos. CV 04-9059 and CV 05-2727

14 |      vs.

15 | MATTEL, INC., a Delaware      MATTEL, INC.'S AMENDED FOURTH SET OF
   | corporation,               INTERROGATORIES

16 |

17 |      Defendant.       [Amended Only to Delete Former Interrogatory No. 45]

18 | AND CONSOLIDATED ACTIONS    Discovery Cut-off: January 14, 2008
   |                             Pre-trial Conference: April 7, 2008
19 |                             Trial Date: April 29, 2008

20 |                             Discovery Cutoff: March 3, 2008
   |                             Final Pretrial Conf.: June 2, 2008
21 |                             Trial Date: July 1, 2008

22 |

23 | PROPOUNDING PARTY:     Mattel, Inc.

24 | RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

25 |                          Bryant, MGA Entertainment (HK) Limited, MGAE

26 |                          de Mexico S.R.L. de C.V., and Carlos Gustavo

27 |                          Machado Gomez

28 | SET NO.:            FOUR     **EXHIBIT 66 PAGE 864**

7209/2254170.1

<center>10-23</center>

<center>EXHIBIT 39<br>PAGE 710</center>

1    Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc.

2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3   Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4   Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5   individually answer the following Interrogatories separately and fully, in writing and

6   under oath, within 30 days after service hereof.  The Responding Parties shall be

7   obligated to supplement their responses to the Interrogatories at such times and to

8   the extent required by the Federal Rules of Civil Procedure.

9

10                              **Definitions**

11          1.    "YOU" and "YOUR" mean each of the Responding Parties.

12          2.    "BRYANT" means Carter Bryant individually.

13          3.    "LARIAN" means Isaac Larian individually.

14          4.    "MGA" means MGA Entertainment, Inc., any of its current or

15   former employees, officers, directors, agents, representatives, attorneys, experts,

16   divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17   other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18   Without limiting the foregoing, "MGA" includes the entities known as ABC

19   International Traders or ABC International Traders, Inc.  For purposes of the these

20   Interrogatories, "MGA" does not include BRYANT.

21          5.    "MATTEL" means Mattel, Inc., its current employees, officers,

22   directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24   PERSON acting on its behalf, pursuant to its authority or subject to its control.

25          6.    "AFFILIATES" means any and all corporations, proprietorships,

26   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27   indirectly, in whole or in part, own or control, are under common ownership or

28   control with, or are owned or controlled by a PERSON, party or entity, including

J7209/2254170.1                    **EXHIBIT 66 PAGE 865**      -2-

                                    MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT   39
PAGE   711

1 | without limitation each parent, subsidiary and joint venture of such PERSON, party
2 | or entity.

3 |         7.      "PERSON" or "PERSONS" means all natural persons,
4 | partnerships, corporations, joint ventures and any kind of business, legal or public
5 | entity or organization, as well as its, his or her agents, representatives, employees,
6 | officers and directors and any one else acting on its, his or her behalf, pursuant to
7 | its, his or her authority or subject to its, his or her control.

8 |         8.      "DESIGN" or "DESIGNS" means any and all representations,
9 | whether two-dimensional or three-dimensional, and whether in tangible, digital,
10 | electronic or other form, including but not limited to all works, designs, artwork,
11 | sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
12 | diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
13 | practice, developments, inventions and/or improvements, as well as all other items,
14 | things and DOCUMENTS in which any of the foregoing are or have been
15 | expressed, embodied, contained, fixed or reflected in any manner, whether in whole
16 | or in part.

17 |         9.      "BRATZ" means any project, product, doll or DESIGN ever
18 | known by that name (whether in whole or in part and regardless of what such
19 | project, product or doll is or has been also, previously or subsequently called) and
20 | any product, doll or DESIGN or any portion thereof that is now or has ever been
21 | known as, or sold or marketed under, the name or term "Bratz" (whether in whole or
22 | in part and regardless of what such product, doll or DESIGN or portion thereof is or
23 | has been also, previously or subsequently called) or that is now or has ever been
24 | sold or marketed as part of the "Bratz" line, and each version or iteration of such
25 | product, doll or DESIGN or any portion thereof. As used herein, "product, doll or
26 | DESIGN or any portion thereof" also includes without limitation any names,
27 | fashions, accessories, artwork, packaging or any other works, materials, matters or
28 | items included or associated therewith. Without limiting the generality of the

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT 39
PAGE 712

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5          10.    "SOLD," "SELL" or "SALE" means to distribute, market,

6  license, sell, offer to sell, or convey or transfer in any way for compensation.

7          11.    "BRATZ DOLL" means any doll that is or has ever been SOLD

8  that REFERS OR RELATES TO BRATZ.

9          12.    "BRATZ PRODUCT" means any product, whether two-

10  dimensional or three-dimensional, and whether in tangible, digital, electronic or

11  other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

12  RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

13  MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

14  product that is or has ever been SOLD in any packaging that includes the name

15  "Bratz" or REFERS OR RELATES TO BRATZ.

16          13.    "BRATZ MOVIE" means any motion picture or film that is or

17  has ever been SOLD that REFERS OR RELATES TO BRATZ.

18          14.    "BRATZ TELEVISION SHOW" means any production

19  exhibited on television that is or has ever been SOLD that REFERS OR RELATES

20  TO BRATZ.

21          15.    "BASED ON" means substantially similar to, a copy of or a

22  derivative of.

23          16.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

24  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

25  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

26  limited to, all writings and records of every type and description including, but not

27  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

28  electronic mail ("e-mail"), records of telephone conversations, handwritten and

07209/2254170.1                    **EXHIBIT 66 PAGE 867**   -4-

MATTEL'S FOURTH SET OF INTERROGATORIES

**EXHIBIT  39**
**PAGE  713**

1 | typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
2 | and summaries of meetings, voice recordings, pictures, photographs, drawings,
3 | computer cards, tapes, discs, printouts and records of all types, studies, instruction
4 | manuals, policy manuals and statements, books, pamphlets, invoices, canceled
5 | checks and every other device or medium by which or through which information of
6 | any type is transmitted, recorded or preserved. Without any limitation on the
7 | foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
8 | from the original or other versions of the DOCUMENT, including, but not limited
9 | to, all drafts and all copies of such drafts or originals containing initials, comments,
10 | notations, insertions, corrections, marginal notes, amendments or any other variation
11 | of any kind.

12 |       17.    "REFER OR RELATE TO" a given subject matter means relate
13 | to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,
14 | identify, state, deal with, comment on, respond to, describe, analyze, support, refute,
15 | contradict, or in any way pertain to that subject matter, either directly or indirectly.

16 |       18.    "IDENTIFY" or "IDENTITY" means the following:
17 |          (a)    with reference to an individual or individuals, means to
18 | state, fully and separately as to each, such individual's full name, any known
19 | business title, current or last known business affiliation, current or last known
20 | residential address, current or last known business address, current or last known
21 | relationship to MGA, and current or last known telephone number.

22 |          (b)    with reference to an entity or entities, means to state, fully
23 | and separately as to each, such entity's full name, state (or country) of incorporation
24 | or organization, present or last known address, and present or last known telephone
25 | number.

26 |          (c)    with reference to a BRATZ PRODUCT, means to state,
27 | fully and separately as to each, the full name of the product; the number of the
28 | product; the SKU of the product; any other applicable designation of the product

17209/2254170.1

**EXHIBIT 66 PAGE 868**   -5-

**EXHIBIT** 39
**PAGE** 714

1 useful for identification; the period of time during which the product was, has been
2 or will be SOLD; and the IDENTITY of each PERSON who has licensed from
3 YOU the right to SELL such BRATZ PRODUCT.

4         (d)     with reference to any other DOCUMENT or
5 DOCUMENTS, means to describe each DOCUMENT by Bates number. In the
6 event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
7 respect to each such DOCUMENT, to provide a complete description of it such that
8 it may be the subject of a request for the production of documents, including by
9 stating the date, identity of the author, addressee(s), signatories, parties, or other
10 PERSONS identified therein, its present location or custodian and a description of
11 its contents.

12       19.    "Any" as used in these interrogatories includes the word "all,"
13 and the word "all" as used in these interrogatories includes the word "any."

14       20.    The singular form of a noun or pronoun includes within its
15 meaning the plural form of the noun or pronoun so used, and vice versa; the use of
16 the masculine form of a pronoun also includes within its meaning the feminine form
17 of the pronoun so used, and vice versa; the use of any tense of any verb includes
18 also within its meaning all other tenses of the verb so used, whenever such
19 construction results in a broader request for information; and "and" includes "or"
20 and vice versa, whenever such construction results in a broader disclosure of
21 documents or information.

22

23                     **Instructions**

24       A.    When an interrogatory requests that YOU provide information,
25 YOU are required to supply all information known by or available to YOU or
26 YOUR employees, officers, directors, agents, representatives, attorneys and experts.
27 If YOU cannot completely answer the interrogatory after making diligent efforts to
28 do so, please so state. Then describe in detail all efforts made to answer the

07209/2254170.1            **EXHIBIT 66 PAGE 869**    -6-

EXHIBIT 39
PAGE 715

1 | interrogatory; identify every PERSON involved in such efforts; and state the
2 | additional information YOU need, if any, to respond completely to the interrogatory.
3 |
4 | **Interrogatories**
5 |
6 | INTERROGATORY NO. 42:
7 | State all facts that support YOUR contention, if YOU so contend, that
8 | any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT
9 | on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of
10 | such facts and all DOCUMENTS that REFER OR RELATE TO such facts.
11 |
12 | INTERROGATORY NO. 43:
13 | For each concept, design, product, product packaging or other matter
14 | that YOU contend MATTEL copied or infringed, including but not limited to those
15 | identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
16 | Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
17 | Supplemental Responses to such Interrogatory), state the date that each such
18 | concept, design, product, product packaging or other matter was conceived, and
19 | IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER
20 | OR RELATE TO, the foregoing.
21 |
22 | INTERROGATORY NO. 44:
23 | For each concept, design, product, product packaging or other matter
24 | that YOU contend MATTEL copied or infringed, including but not limited to those
25 | identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
26 | Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
27 | Supplemental Responses to such Interrogatory), state the date that each such
28 | concept, design, product, product packaging or other matter was first fixed in any

07209/2254170.1

**EXHIBIT 66 PAGE 870** ___ -7-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT   39
PAGE   716



1 | tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2 | knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4

5 | DATED: October 23, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
6

7                                  By B. Dylan Proctor
8                                     B. Dylan Proctor
                                      Attorneys for Plaintiff
9                                     Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2254170.1

**EXHIBIT 66 PAGE 871**        -8-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT 39
PAGE 717

1                          **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California. I am over the age of
   eighteen years and not a party to the within action; my business address is Now Legal Service,
3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4          On October 23, 2007, I served true copies of the following document(s) described as

5  **1.     MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
   **        [Amended Only to Delete Former Interrogatory No. 45]**
6
           on the parties in this action as follows:
7
           Thomas Nolan, Esq.                          Mark E. Overland, Esq.
8          **SKADDEN ARPS SLATE MEAGHER**             David C. Scheper, Esq.
           **& FLOM, LLP**                            Alexander H. Cote
9          300 South Grand Avenue, Suite 3400         **OVERLAND BORENSTEIN**
           Los Angeles, CA 90071                      **SCHEPER & KIM LLP**
10                                                    300 South Grand Avenue, Suite 2750
                                                      Los Angeles, CA 90071-3144
11

12

13
   **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
14 being served.

15         I declare that I am employed in the office of a member of the bar of this Court at whose
   direction the service was made.
16
           Executed on October 23, 2007, at Los Angeles, California.
17

18

19                                          NOW LEGAL -- Dave Quintana

20

21

22

23

24

25

26

27

28
                          **EXHIBIT 66 PAGE 872**
   07109076310.1                           -1-

EXHIBIT 39
PAGE 718

1                              **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3 Street, 10th Floor, Los Angeles, California 90017-2543.

4         On October 23, 2007, I served true copies of the following document(s) described as

5   **1.**     **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
             **[Amended Only to Delete Former Interrogatory No. 45]**

6

        on the parties in this action as follows:

7

        John W. Keker, Esq.

8         Michael H. Page, Esq.
        Christina M. Anderson, Esq.

9         **KEKER & VAN NEST, LLP**
        710 Sansome Street

10        San Francisco, CA 94111

11 **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive

12 documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

13

        I declare that I am employed in the office of a member of the bar of this Court at whose

14 direction the service was made.

15        Executed on October 23, 2007, at Los Angeles, California.

16

17

18                                  Charlene Ho

19

20

21

22

23

24

25

26

27

28

                **EXHIBIT 66 PAGE 873**

07209/2241940.1                 -1-

                                    **EXHIBIT**  _39_
                                    **PAGE**  _719_