# EXHIBIT 40

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7    Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14      vs. | |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIFTH SET OF INTERROGATORIES |
| 16          Defendant. | Discovery Cut-off: January 14, 2008 Pre-trial Conference: April 7, 2008 |
| 17 | Trial Date: April 29, 2008 |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cutoff: March 3, 2008 Final Pretrial Conf.: June 2, 2008 |
| 19 | Trial Date: July 1, 2008 |

20

21

22  PROPOUNDING PARTY:     Mattel, Inc.

23  RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter

24                         Bryant, MGA Entertainment (HK) Limited, MGAE

25                         de Mexico S.R.L. de C.V., and Carlos Gustavo

26                         Machado Gomez

27  SET NO.:               FIVE

28

**EXHIBIT 65 PAGE 853**

10-19

07209/2259967.1

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT  40
PAGE  720

1        Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.
2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant,
3   MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos
4   Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer
5   the following Interrogatories separately and fully, in writing and under oath, within 30
6   days after service hereof. The Responding Parties shall be obligated to supplement
7   their responses to the Interrogatories at such times and to the extent required by the
8   <u>Federal Rules of Civil Procedure</u>.

9

10                                **Definitions**

11

12        1.    "YOU" and "YOUR" mean each of the Responding Parties.

13        2.    "MGA" means MGA Entertainment, Inc., any of its current or
14   former employees, officers, directors, agents, representatives, attorneys, experts,
15   divisions, AFFILIATES (including without limitation defendants MGA Entertainment
16   (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and
17   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
18   authority or subject to its control. Without limiting the foregoing, "MGA" includes the
19   entities known as ABC International Traders or ABC International Traders, Inc. For
20   purposes of the these Interrogatories, "MGA" does not include BRYANT.

21        3.    "MATTEL" means Mattel, Inc., its current employees, officers,
22   directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
23   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
24   PERSON acting on its behalf, pursuant to its authority or subject to its control.

25        4.    "O'MELVENY" means the law firm of O'Melveny & Myers, LLP,
26   and any of its current or former attorneys, partners, associates, employees, agents,
27   representatives, predecessors-in-interest and successors-in-interest, and any other
28   PERSON acting on its behalf, pursuant to its authority or subject to its control.

**EXHIBIT** 40
**PAGE** 721

1       5.    "CHRISTENSEN" means the law firm of Christensen, Glaser, Fink,
2 Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys, partners,
3 associates, employees, agents, representatives, predecessors-in-interest and successors-
4 in-interest, and any other PERSON acting on its behalf, pursuant to its authority or
5 subject to its control.

6       6.    "BRYANT" means Carter Bryant individually, and his current or
7 former employees, agents, representatives, attorneys, accountants, experts,
8 predecessors-in-interest and successors-in-interest, and any other PERSON acting on
9 his behalf, pursuant to his authority or subject to his control.

10       7.    "LARIAN" means Isaac Larian individually, and his current or
11 former employees, agents, representatives, attorneys, accountants, experts,
12 predecessors-in-interest and successors-in-interest, and any other PERSON acting on
13 his behalf, pursuant to his authority or subject to his control.

14       8.    "MACHADO" means Carlos Gustavo Machado Gomez, and his
15 current or former employees, agents, representatives, attorneys, accountants, experts,
16 predecessors-in-interest and successors-in-interest, and any other PERSON acting on
17 his behalf, pursuant to his authority or subject to his control.

18       9.    "AFFILIATES" means any and all corporations, proprietorships,
19 d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
20 indirectly, in whole or in part, own or control, are under common ownership or control
21 with, or are owned or controlled by a PERSON, party or entity, including without
22 limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

23       10.    "PERSON" or "PERSONS" means all natural persons, partnerships,
24 corporations, joint ventures and any kind of business, legal or public entity or
25 organization, as well as its, his or her agents, representatives, employees, officers and
26 directors and any one else acting on its, his or her behalf, pursuant to its, his or her
27 authority or subject to its, his or her control.

28

EXHIBIT 65 PAGE 855    -3-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT 40
PAGE 722

1    11.   "BRATZ" means any project, product, doll or DESIGN ever known
2  by that name (whether in whole or in part and regardless of what such project, product
3  or doll is or has been also, previously or subsequently called) and any product, doll or
4  DESIGN or any portion thereof that is now or has ever been known as, or sold or
5  marketed under, the name or term "Bratz" (whether in whole or in part and regardless
6  of what such product, doll or DESIGN or portion thereof is or has been also, previously
7  or subsequently called) or that is now or has ever been sold or marketed as part of the
8  "Bratz" line, and each version or iteration of such product, doll or DESIGN or any
9  portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also
10  includes without limitation any names, fashions, accessories, artwork, packaging or any
11  other works, materials, matters or items included or associated therewith.  Without
12  limiting the generality of the foregoing, and contrary to MGA's recent assertions in
13  connection with other Mattel discovery requests, the term "BRATZ" does not and shall
14  not require that there be a doll existing at the time of the event, incident or occurrence
15  that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

16    12.   "DESIGN" or "DESIGNS" means any and all representations,
17  whether two-dimensional or three-dimensional, and whether in tangible, digital,
18  electronic or other form, including but not limited to all works, designs, artwork,
19  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
20  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
21  practice, developments, inventions and/or improvements, as well as all other items,
22  things and DOCUMENTS in which any of the foregoing are or have been
23  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
24  or in part.

25    13.   "DOCUMENT" or "DOCUMENTS" means all "writings" and
26  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
27  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited
28  to, all writings and records of every type and description including, but not limited to,

**EXHIBIT 65 PAGE 856**     -4-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT  40
PAGE  723

1  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
2  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
3  any kind, statements, reports, minutes, recordings, transcripts and summaries of
4  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
5  discs, printouts and records of all types, studies, instruction manuals, policy manuals
6  and statements, books, pamphlets, invoices, canceled checks and every other device or
7  medium by which or through which information of any type is transmitted, recorded or
8  preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall
9  include all copies that differ in any respect from the original or other versions of the
10 DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
11 originals containing initials, comments, notations, insertions, corrections, marginal
12 notes, amendments or any other variation of any kind.

13          14.    "COMMUNICATION" or "COMMUNICATIONS" means and
14 includes any disclosure, transfer or exchange of information between two or more
15 PERSONS, whether orally or in writing, including without limitation, any conversation
16 or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
17 telex, telecopier, electronic mail, or any other electronic or other medium, including
18 without limitation in written, audio or video form.

19          15.    "REFER OR RELATE TO" a given subject matter means relate to,
20 refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,
21 state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,
22 or in any way pertain to that subject matter, either directly or indirectly.

23          16.    "DIGITAL INFORMATION" means any information created or
24 stored digitally, including but not limited to electronically, magnetically or optically.

25          17.    "STORAGE DEVICE" means any computer hard drive,
26 memory, USB device, tape, storage array or any other device or medium that allows
27 a user, whether permanently, temporarily or otherwise, to create, generate, transmit,
28 copy, retain, store or maintain DIGITAL INFORMATION.

**EXHIBIT** 40
**PAGE** 724

1      18.   "SOURCE OF INFORMATION" means any medium containing
2 DOCUMENTS or other information, whether in paper, electronic or other form,
3 including but not limited to any STORAGE DEVICE, file, file cabinet or other any
4 other source of information or DOCUMENTS.

5      19.   "COLLECT," "COLLECTED" or "COLLECTION," with reference
6 to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,
7 analyze or in any other way collect or review or attempt to collect or review such
8 DOCUMENTS in connection with YOUR search for, review of and/or production of
9 DOCUMENTS in this ACTION.

10      20.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-
11 9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated
12 therewith.

13      21.   "IDENTIFY" or "IDENTITY" means the following:

14      (a)   with reference to an individual or individuals, means to state,
15 fully and separately as to each, such individual's full name, any known business title,
16 current or last known business affiliation, current or last known residential address,
17 current or last known business address, current or last known relationship to MGA, and
18 current or last known telephone number.

19      (b)   with reference to an entity or entities, means to state, fully and
20 separately as to each, such entity's full name, state (or country) of incorporation or
21 organization, present or last known address, and present or last known telephone
22 number.

23      (c)   with reference to a SOURCE OF INFORMATION, means
24 to describe and state, fully and separately as to each, the SOURCE OF
25 INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION
26 and differentiate each such SOURCE OF INFORMATION from all other SOURCES
27 OF INFORMATION, including without limitation by stating its nature (e.g., USB
28 drive, computer hard drive, file cabinet, etc.), and any unique identifier information

**EXHIBIT 65 PAGE 858**    -6-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT  40
PAGE  725

1  (such as hard drive serial number); the physical location(s), including full address
2  information and full identifying computer network drive information if applicable, of
3  each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of
4  DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such
5  DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the
6  IDENTITY of each natural person or individual who is, was or has been associated
7  with each such SOURCE OF INFORMATION; the date(s) on which YOU
8  COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in
9  connection with this ACTION; whether, at the time of YOUR COLLECTION of
10  DOCUMENTS from such SOURCE OF INFORMATION, each such SOURCE OF
11  INFORMATION contained or included DOCUMENTS that REFER OR RELATE TO
12  BRATZ and the time period prior to February 28, 2001; and the IDENTITY of any
13  DOCUMENTS, by Bates number, that YOU have produced from each such SOURCE
14  OF INFORMATION to Mattel in this ACTION that REFER OR RELATE TO BRATZ
15  and that also REFER OR RELATE TO the time period prior to February 28, 2001
16  (regardless of when such DOCUMENT was, in whole or part, created, drafted,
17  generated, sent, received or transmitted).

18          (d)    with reference to any other DOCUMENT or DOCUMENTS,
19  means to describe each DOCUMENT by Bates number. In the event that a
20  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
21  such DOCUMENT, to provide a complete description of it such that it may be the
22  subject of a request for the production of documents, including by stating the date,
23  identity of the author, addressee(s), signatories, parties, or other PERSONS identified
24  therein, its present location or custodian and a description of its contents.

25          22.    "Any" as used in these interrogatories includes the word "all," and
26  the word "all" as used in these interrogatories includes the word "any."

27          23.    The singular form of a noun or pronoun includes within its meaning
28  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

07209/2259967.1          **EXHIBIT 65 PAGE 859**    -7-

EXHIBIT  40
PAGE  726

1 form of a pronoun also includes within its meaning the feminine form of the pronoun so
2 used, and vice versa; the use of any tense of any verb includes also within its meaning
3 all other tenses of the verb so used, whenever such construction results in a broader
4 request for information; and "and" includes "or" and vice versa, whenever such
5 construction results in a broader disclosure of documents or information.

6

7                                    **Instructions**

8

9          A.      When      an     interrogatory      requests      disclosure      of      a
10 COMMUNICATION or other information as to which YOU claim any privilege or
11 protection as a ground for nondisclosure, identify each PERSON who participated in or
12 had knowledge of the COMMUNICATION or other information and provide the
13 following:

14          (i)     the privilege or protection that YOU claim precludes disclosure;
15          (ii)    the subject matter of the COMMUNICATION or information
16                  (without revealing the content as to which the privilege is claimed);
17                  and
18          (iii)   any additional facts or grounds on which YOU base YOUR claim
19                  of privilege or protection.

20          B.      When an interrogatory requests that YOU provide information,
21 YOU are required to supply all information known by or available to YOU or
22 YOUR employees, officers, directors, agents, representatives, attorneys and experts.
23 If YOU cannot completely answer the interrogatory after making diligent efforts to
24 do so, please so state. Then describe in detail all efforts made to answer the
25 interrogatory; identify every PERSON involved in such efforts; and state the
26 additional information YOU need, if any, to respond completely to the interrogatory.

27

28

07209/2259967.1                    EXHIBIT 65 PAGE 860    -8-

                                                         MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT __40__
PAGE __727__

## Interrogatories

INTERROGATORY NO. 46:

Without disclosing the content of communications which are protected by the attorney-client privilege, state fully and in detail all facts which REFER OR RELATE TO any dispute relating to THIS ACTION between, on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to any and all disputes which were or have been asserted as a basis for, or which underlie, contributed to or were a factor in, the withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 47:

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).

DATED: October 19, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By:_____
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

EXHIBIT 65 PAGE 861    -9-
MATTEL'S FIFTH SET OF INTERROGATORIES

07209/2259967.1

EXHIBIT 40
PAGE 728

1    ## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over the age of
     eighteen years and not a party to the within action; my business address is Now Legal Service,
3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4    On October 19, 2007, I served true copies of the following document(s) described as

5    1.    **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES**

6    on the parties in this action as follows:

7    Thomas Nolan, Esq.                          Mark E. Overland, Esq.
     **SKADDEN ARPS SLATE MEAGHER**            David C. Scheper, Esq.
8    **& FLOM, LLP**                             Alexander H. Cote
     300 South Grand Avenue, Suite 3400          **OVERLAND BORENSTEIN**
9    Los Angeles, CA 90071                       **SCHEPER & KIM LLP**
                                                 300 South Grand Avenue, Suite 2750
10                                               Los Angeles, CA 90071-3144

11

12

13   **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
     being served.
14
     I declare that I am employed in the office of a member of the bar of this Court at whose
15   direction the service was made.

16   Executed on October 19, 2007, at Los Angeles, California.

17

18                                           _____
                                             NOW LEGAL -- Dave Quintana
19

20

21

22

23

24

25

26

27

28

**EXHIBIT 65 PAGE 862**

07209/2261472.1                          -1-

**EXHIBIT** 40
**PAGE** 729

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES** on the parties in this action as follows:

Michael H. Page, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

Charlene Ho

EXHIBIT 65 PAGE 863

07209/2261482.1

EXHIBIT 40
PAGE 730

# EXHIBIT 41



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
      Telephone: (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9                      UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                             EASTERN DIVISION

12   CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)

13              Plaintiff,                  Consolidated with Case Nos. CV 04-
                                            9059 and CV 05-2727
14        vs.
                                            MATTEL, INC.'S SIXTH SET OF
15   MATTEL, INC., a Delaware               INTERROGATORIES
     corporation,
16                                          [INTERROGATORY NO. 45 TO
                Defendant.                  REPLACE PRIOR, AND
17                                          WITHDRAWN, INTERROGATORY
                                            NO. 45 IN MATTEL, INC.'S FOURTH
18   AND CONSOLIDATED ACTIONS               SET OF INTERROGATORIES]

19                                          Discovery Cut-off: January 14, 2008
                                            Pre-trial Conference: April 7, 2008
20                                          Trial Date: April 29, 2008

21                                          Discovery Cutoff: March 3, 2008
                                            Final Pretrial Conf.: June 2, 2008
22                                          Trial Date: July 1, 2008

23

24   PROPOUNDING PARTY:       Mattel, Inc.

25   RESPONDING PARTIES:      MGA Entertainment, Inc., Isaac Larian, Carter

26                            Bryant, MGA Entertainment (HK) Limited, MGAE

27                            de Mexico S.R.L. de C.V., and Carlos Gustavo

28                            Machado Gomez

7209/2263699.1     **EXHIBIT 67 PAGE 874**    10 - 23
                                            MATTEL'S SIXTH SET OF INTERROGATORIES

                        EXHIBIT ___41___
                        PAGE ___731___

1    Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof. The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the Federal Rules of Civil Procedure.

9

10                              **Definitions**

11    1.    "YOU" and "YOUR" mean each of the Responding Parties.

12    2.    "MGA" means MGA Entertainment, Inc., any of its current or

13  former employees, officers, directors, agents, representatives, attorneys, experts,

14  divisions, AFFILIATES (including without limitation MGA Entertainment (HK)

15  Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

16  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

17  authority or subject to its control. Without limiting the foregoing, "MGA" includes the

18  entities known as ABC International Traders or ABC International Traders, Inc. For

19  purposes of the these Interrogatories, "MGA" does not include BRYANT.

20    3.    "AFFILIATES" means any and all corporations, proprietorships,

21  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

22  indirectly, in whole or in part, own or control, are under common ownership or control

23  with, or are owned or controlled by a PERSON, party or entity, including without

24  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

25    4.    "PERSON" or "PERSONS" means all natural persons, partnerships,

26  corporations, joint ventures and any kind of business, legal or public entity or

27  organization, as well as its, his or her agents, representatives, employees, officers and

28

07209/2263699.1 07209/2
3194.1

**EXHIBIT 67 PAGE 875**    -2-

MATTEL'S SIXTH SET OF INTERROGATORIES

**EXHIBIT** ___41___
**PAGE** ___732___

1  directors and any one else acting on its, his or her behalf, pursuant to its, his or her
2  authority or subject to its, his or her control.

3       5.    "DESIGN" or "DESIGNS" means any and all representations,
4  whether two-dimensional or three-dimensional, and whether in tangible, digital,
5  electronic or other form, including but not limited to all works, designs, artwork,
6  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
7  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
8  practice, developments, inventions and/or improvements, as well as all other items,
9  things and DOCUMENTS in which any of the foregoing are or have been expressed,
10  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11       6.    "BRATZ" means any project, product, doll or DESIGN ever known
12  by that name (whether in whole or in part and regardless of what such project, product
13  or doll is or has been also, previously or subsequently called) and any product, doll or
14  DESIGN or any portion thereof that is now or has ever been known as, or sold or
15  marketed under, the name or term "Bratz" (whether in whole or in part and regardless
16  of what such product, doll or DESIGN or portion thereof is or has been also, previously
17  or subsequently called) or that is now or has ever been sold or marketed as part of the
18  "Bratz" line, and each version or iteration of such product, doll or DESIGN or any
19  portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also
20  includes without limitation any names, fashions, accessories, artwork, packaging or any
21  other works, materials, matters or items included or associated therewith. Without
22  limiting the generality of the foregoing, and contrary to MGA's recent assertions in
23  connection with other Mattel discovery requests, the term "BRATZ" does not and shall
24  not require that there be a doll existing at the time of the event, incident or occurrence
25  that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

26       7.    "SOLD," "SELL" or "SALE" means to distribute, market, license,
27  sell, offer to sell, or convey or transfer in any way for compensation.

28

**EXHIBIT 67 PAGE 876**   -3-

EXHIBIT 41
PAGE 733

1      8.    "BRATZ PRODUCT" means any product, whether two-dimensional
2 or three-dimensional, and whether in tangible, digital, electronic or other form, that is
3 or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ,
4 including but not limited to any BRATZ DOLL, BRATZ MOVIE, or BRATZ
5 TELEVISION SHOW, and including but not limited to any product that is or has ever
6 been SOLD in any packaging that includes the name "Bratz" or REFERS OR
7 RELATES TO BRATZ.

8      9.    "BRATZ DOLL" means any doll that is or has ever been SOLD
9 that REFERS OR RELATES TO BRATZ.

10      10.    "BRATZ MOVIE" means any motion picture or film that is or has
11 ever been SOLD that REFERS OR RELATES TO BRATZ.

12      11.    "BRATZ TELEVISION SHOW" means any production exhibited
13 on television that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

14      12.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
15 "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
16 Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited
17 to, all writings and records of every type and description including, but not limited to,
18 contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
19 ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
20 any kind, statements, reports, minutes, recordings, transcripts and summaries of
21 meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
22 discs, printouts and records of all types, studies, instruction manuals, policy manuals
23 and statements, books, pamphlets, invoices, canceled checks and every other device or
24 medium by which or through which information of any type is transmitted, recorded or
25 preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall
26 include all copies that differ in any respect from the original or other versions of the
27 DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

28

**EXHIBIT 67 PAGE 877**   -4-

**EXHIBIT** 41
**PAGE** 734

1 | originals containing initials, comments, notations, insertions, corrections, marginal
2 | notes, amendments or any other variation of any kind.

3 | 13. "COMMUNICATION" or "COMMUNICATIONS" means and
4 | includes any disclosure, transfer or exchange of information between two or more
5 | PERSONS, whether orally or in writing, including without limitation, any conversation
6 | or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
7 | telex, telecopier, electronic mail, or any other electronic or other medium, including
8 | without limitation in written, audio or video form.

9 | 14. "IDENTIFY" or "IDENTITY" means the following:

10 | (a) with reference to an individual or individuals, means to state,
11 | fully and separately as to each, such individual's full name, any known business title,
12 | current or last known business affiliation, current or last known residential address,
13 | current or last known business address, current or last known relationship to MGA, and
14 | current or last known telephone number.

15 | (b) with reference to an entity or entities, means to state, fully and
16 | separately as to each, such entity's full name, state (or country) of incorporation or
17 | organization, present or last known address, and present or last known telephone
18 | number.

19 | (c) with reference to a BRATZ PRODUCT, means to state, fully
20 | and separately as to each, the full name of the product; the number of the product; the
21 | SKU of the product; any other applicable designation of the product useful for
22 | identification; the period of time during which the product was, has been or will be
23 | SOLD; and the IDENTITY of each PERSON who has licensed from YOU the right to
24 | SELL such BRATZ PRODUCT.

25 | (d) with reference to any other DOCUMENT or DOCUMENTS,
26 | means to describe each DOCUMENT by Bates number. In the event that a
27 | DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
28 | such DOCUMENT, to provide a complete description of it such that it may be the

7209/2263699.107209/7
3194.1

-5-

**EXHIBIT 67 PAGE 878**

MATTEL'S SIXTH SET OF INTERROGATORIES

EXHIBIT  4(
PAGE   735

1 || subject of a request for the production of documents, including by stating the date,
2 || identity of the author, addressee(s), signatories, parties, or other PERSONS identified
3 || therein, its present location or custodian and a description of its contents.

4 ||         15.    "Any" as used in these interrogatories includes the word "all," and
5 || the word "all" as used in these interrogatories includes the word "any."

6 ||         16.    The singular form of a noun or pronoun includes within its meaning
7 || the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
8 || form of a pronoun also includes within its meaning the feminine form of the pronoun so
9 || used, and vice versa; the use of any tense of any verb includes also within its meaning
10 || all other tenses of the verb so used, whenever such construction results in a broader
11 || request for information; and "and" includes "or" and vice versa, whenever such
12 || construction results in a broader disclosure of documents or information.

13
14 ||                                **Instructions**
15

16 ||         A.     When    an    interrogatory    requests    disclosure    of    a
17 || COMMUNICATION or other information as to which YOU claim any privilege or
18 || protection as a ground for nondisclosure, identify each PERSON who participated in or
19 || had knowledge of the COMMUNICATION or other information and provide the
20 || following:

21 ||         (i)     the privilege or protection that YOU claim precludes disclosure;
22 ||         (ii)    the subject matter of the COMMUNICATION or information
23 ||                 (without revealing the content as to which the privilege is claimed);
24 ||                 and
25 ||         (iii)   any additional facts or grounds on which YOU base YOUR claim
26 ||                 of privilege or protection.

27 ||         B.     When an interrogatory requests that YOU provide information,
28 || YOU are required to supply all information known by or available to YOU or

7209/2263699.107209/22
3194.1
                                    -6-
                         **EXHIBIT 67 PAGE 879**
                                            MATTEL'S SIXTH SET OF INTERROGATORIES

EXHIBIT    41
PAGE    736

1  YOUR employees, officers, directors, agents, representatives, attorneys and experts.
2  If YOU cannot completely answer the interrogatory after making diligent efforts to
3  do so, please so state. Then describe in detail all efforts made to answer the
4  interrogatory; identify every PERSON involved in such efforts; and state the
5  additional information YOU need, if any, to respond completely to the interrogatory.
6
7                              **Interrogatory**
8
9  INTERROGATORY NO. 45:
10        IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or
11  YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a)
12  the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR
13  licensees, (b) the gross and net revenue received by YOU from such SALES of each
14  such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each
15  such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and
16  (d) YOUR gross and net profits from each such BRATZ PRODUCT.
17
18  DATED: October 23, 2007        QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
19
20                              By Michael T. Zeller
21                                 Michael T. Zeller
                                   Attorneys for Plaintiff
22                                 Mattel, Inc.
23
24
25
26
27
28

J7209/2263699.107209/2
i3194.1

**EXHIBIT 67 PAGE 880**   -7-

MATTEL'S SIXTH SET OF INTERROGATORIES

**EXHIBIT** 41
**PAGE** 737

1    **PROOF OF SERVICE**

2         I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4         On October 23, 2007, I served true copies of the following document(s) described as

5    1.    **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES**
            **[INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN,**
6           **INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF**
            **INTERROGATORIES]**
7
           on the parties in this action as follows:
8
     Thomas Nolan, Esq.                          Mark E. Overland, Esq.
9    **SKADDEN ARPS SLATE MEAGHER**              David C. Scheper, Esq.
     **& FLOM, LLP**                             Alexander H. Cote
10   300 South Grand Avenue, Suite 3400          **OVERLAND BORENSTEIN**
     Los Angeles, CA 90071                       **SCHEPER & KIM LLP**
11                                               300 South Grand Avenue, Suite 2750
                                                 Los Angeles, CA 90071-3144
12

13

14
     **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
15   being served.

16        I declare that I am employed in the office of a member of the bar of this Court at whose
     direction the service was made.
17
          Executed on October 23, 2007, at Los Angeles, California.
18

19

20                                               NOW LEGAL -- Dave Quintana

21

22

23

24

25

26

27

28

                         **EXHIBIT 67 PAGE 881**
     07209/2263102.1                     -1-

**EXHIBIT** 41
**PAGE** 738

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.     **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES**
       **[INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN,**
       **INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF**
       **INTERROGATORIES]**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

**EXHIBIT 67 PAGE 882**

07209/2241940.1                                    -1-

EXHIBIT  41
PAGE  739

# EXHIBIT 42



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)

13           Plaintiff,                    Consolidated with Case Nos. CV 04-
                                           9059 and CV 05-2727
14       vs.
                                           MATTEL, INC.'S SEVENTH SET OF
15  MATTEL, INC., a Delaware               INTERROGATORIES
     corporation,
16                                         Discovery Cut-off: January 14, 2008
             Defendant.                    Pre-trial Conference: April 7, 2008
17                                         Trial Date: April 29, 2008

18  AND CONSOLIDATED ACTIONS              Discovery Cutoff: March 3, 2008
                                           Final Pretrial Conf.: June 2, 2008
19                                         Trial Date: July 1, 2008

20

21

22  PROPOUNDING PARTY:       Mattel, Inc.

23  RESPONDING PARTIES:      MGA Entertainment, Inc., Isaac Larian, Carter

24                           Bryant, MGA Entertainment (HK) Limited, MGAE

25                           de Mexico S.R.L. de C.V., and Carlos Gustavo

26                           Machado Gomez

27  SET NO.:                 SEVENTH

28

7209/2264383.1        **EXHIBIT 68 PAGE 883**    10-25

                                    MATTEL'S SEVENTH SET OF INTERROGATORIES

EXHIBIT  42
PAGE  740

1         Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc.
2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant,
3   MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos
4   Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer
5   the following Interrogatories separately and fully, in writing and under oath, within 30
6   days after service hereof. The Responding Parties shall be obligated to supplement
7   their responses to the Interrogatories at such times and to the extent required by the
8   Federal Rules of Civil Procedure.

9

10                                **Definitions**

11        1.      "YOU" and "YOUR" mean each of the Responding Parties.

12        2.      "MGA" means MGA Entertainment, Inc., any of its current or
13  former employees, officers, directors, agents, representatives, attorneys, experts,
14  divisions, AFFILIATES (including without limitation MGA Entertainment (HK)
15  Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and
16  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its
17  authority or subject to its control. Without limiting the foregoing, "MGA" includes the
18  entities known as ABC International Traders or ABC International Traders, Inc. For
19  purposes of the these Interrogatories, "MGA" does not include BRYANT.

20        3.      "MATTEL" means Mattel, Inc., its current employees, officers,
21  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
22  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
23  PERSON acting on its behalf, pursuant to its authority or subject to its control.

24        4.      "AFFILIATES" means any and all corporations, proprietorships,
25  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
26  indirectly, in whole or in part, own or control, are under common ownership or control
27  with, or are owned or controlled by a PERSON, party or entity, including without
28  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

7209/2264383.10720902
3218.1                    **EXHIBIT 68 PAGE 884**                    -2-

                                              MATTEL'S SEVENTH SET OF INTERROGATORIES

EXHIBIT 42
PAGE 741

1       5.      "PERSON" or "PERSONS" means all natural persons, partnerships,
2   corporations, joint ventures and any kind of business, legal or public entity or
3   organization, as well as its, his or her agents, representatives, employees, officers and
4   directors and any one else acting on its, his or her behalf, pursuant to its, his or her
5   authority or subject to its, his or her control.

6       6.      "SOLD," "SELL" or "SALE" means to distribute, market, license,
7   sell, offer to sell, or convey or transfer in any way for compensation.

8       7.      "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-
9   9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated
10  therewith.

11      8.      "DOCUMENT" or "DOCUMENTS" means all "writings" and
12  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
13  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited
14  to, all writings and records of every type and description including, but not limited to,
15  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
16  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
17  any kind, statements, reports, minutes, recordings, transcripts and summaries of
18  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
19  discs, printouts and records of all types, studies, instruction manuals, policy manuals
20  and statements, books, pamphlets, invoices, canceled checks and every other device or
21  medium by which or through which information of any type is transmitted, recorded or
22  preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall
23  include all copies that differ in any respect from the original or other versions of the
24  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
25  originals containing initials, comments, notations, insertions, corrections, marginal
26  notes, amendments or any other variation of any kind.

27      9.      "REFER OR RELATE TO" a given subject matter means relate to,
28  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

07209/2264383.107209/2
63218.1
                                        -3-
———————— EXHIBIT 68 PAGE 885 ————————
                                        MATTEL'S SEVENTH SET OF INTERROGATORIES

EXHIBIT 42
PAGE 742

1 | state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,
2 | or in any way pertain to that subject matter, either directly or indirectly.

3 |           10.     "IDENTIFY" or "IDENTITY" means the following:

4 |                   (a)     with reference to an individual or individuals, means to state,
5 | fully and separately as to each, such individual's full name, any known business title,
6 | current or last known business affiliation, current or last known residential address,
7 | current or last known business address, current or last known relationship to MGA, and
8 | current or last known telephone number.

9 |                   (b)     with reference to an entity or entities, means to state, fully and
10 | separately as to each, such entity's full name, state (or country) of incorporation or
11 | organization, present or last known address, and present or last known telephone
12 | number.

13 |                   (c)     with reference to a product or packaging, means to state, fully
14 | and separately as to each, the full name of the product or, in the case of packaging, the
15 | product or item with which the packaging is used; the SKU number or any other
16 | applicable unique identifier or designation of the product or, in the case of packaging,
17 | the product or item with which the packaging is used; the time period during which the
18 | product was, has been or will be SOLD or, in the case of product packaging, the time
19 | period during which the product packaging was, has been or will be used; and the
20 | IDENTITY of each PERSON who has licensed from YOU the right to SELL such
21 | product or, in the case of product packaging, the IDENTITY of the PERSON who has
22 | licensed from YOU the right to use the packaging or to SELL the products with which
23 | the packaging is used.

24 |                   (d)     with reference to any other DOCUMENT or DOCUMENTS,
25 | means to describe each DOCUMENT by Bates number.   In the event that a
26 | DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
27 | such DOCUMENT, to provide a complete description of it such that it may be the
28 | subject of a request for the production of documents, including by stating the date,

J7209/2264383.1 07209/2
53218.1

-4-

——————— EXHIBIT 68 PAGE 886 ———————

MATTEL'S SEVENTH SET OF INTERROGATORIES

EXHIBIT  42
PAGE  743

1   identity of the author, addressee(s), signatories, parties, or other PERSONS identified
2   therein, its present location or custodian and a description of its contents.

3            (e)   with reference to a trade dress, means to describe, fully and
4   separately, each and every element that makes up the claimed trade dress and to
5   IDENTIFY each and every product or product packaging SOLD by YOU or YOUR
6   licensees that embodies, uses or employs the claimed trade dress.

7            (f)   with reference to the protectibility of a trade dress, means to
8   state, fully and separately, all facts that support YOUR contention that such trade dress
9   is inherently distinctive or has acquired secondary meaning and that such trade dress is
10   famous if YOU so contend that such trade dress is famous; the date that YOU contend
11   such trade dress acquired secondary meaning and, if YOU contend the trade dress is
12   famous, the date on which YOU contend that it became famous; all facts that support
13   YOUR contention that such trade dress is not functional; and, if YOU are relying on
14   advertising to establish secondary meaning or fame, the dollar amounts, by year, spent
15   by YOU or anyone acting on YOUR behalf on advertising that features such trade
16   dress.

17          11.   "Any" as used in these interrogatories includes the word "all," and
18   the word "all" as used in these interrogatories includes the word "any."

19          12.   The singular form of a noun or pronoun includes within its meaning
20   the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
21   form of a pronoun also includes within its meaning the feminine form of the pronoun so
22   used, and vice versa; the use of any tense of any verb includes also within its meaning
23   all other tenses of the verb so used, whenever such construction results in a broader
24   request for information; and "and" includes "or" and vice versa, whenever such
25   construction results in a broader disclosure of documents or information.

26

27

28

J7209/2264383.107209/22
53218.1

**EXHIBIT 68 PAGE 887**   -5-

MATTEL'S SEVENTH SET OF INTERROGATORIES

**EXHIBIT** 42
**PAGE** 744

## Instructions

A. When an interrogatory requests disclosure of a COMMUNICATION or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, identify each PERSON who participated in or had knowledge of the COMMUNICATION or other information and provide the following:

      (i)    the privilege or protection that YOU claim precludes disclosure;

      (ii)   the subject matter of the COMMUNICATION or information (without revealing the content as to which the privilege is claimed); and

      (iii)  any additional facts or grounds on which YOU base YOUR claim of privilege or protection.

B. When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

07209/2264383.10/7209/2
63218.1

**EXHIBIT 68 PAGE 888**   -6-

MATTEL'S SEVENTH SET OF INTERROGATORIES

EXHIBIT 42
PAGE 745

1    **Interrogatories**

2

3    INTERROGATORY NO. 48:

4         Separately IDENTIFY each trade dress that YOU contend MATTEL has

5    copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses

6    or allegations in THIS ACTION.

7

8    INTERROGATORY NO. 49:

9         For each trade dress identified in response to Interrogatory No. 48,

10   separately and fully IDENTIFY each and every MATTEL product, packaging or other

11   matter that YOU contend copies, infringes or dilutes such trade dress, including without

12   limitation by describing fully and separately, for each such MATTEL product,

13   packaging or other matter, each and every element of the claimed trade dress that YOU

14   contend MATTEL has copied, infringed or diluted.

15

16   INTERROGATORY NO. 50:

17        For each trade dress identified in response to Interrogatory No. 48,

18   separately and completely IDENTIFY all facts that support YOUR contention that such

19   trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the foregoing

20   and all PERSONS with knowledge of the foregoing.

21

22   DATED:  October 25, 2007         QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
23

24                                   By _____
25                                      Michael T. Zeller
                                        Attorneys for Plaintiff
26                                      Mattel, Inc.

27

28

/7209/2264383.107209/2
-3218.1                  **EXHIBIT 68 PAGE 889**     -7-
                                            MATTEL'S SEVENTH SET OF INTERROGATORIES

EXHIBIT  42
PAGE    746

1                                    **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California. I am over the age of
   eighteen years and not a party to the within action; my business address is Now Legal Service,
3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4          On October 25, 2007, I served true copies of the following document(s) described as
   **MATTEL, INC.'S SEVENTH SET OF INTERROGATORIES** on the parties in this action as
5  follows:

6
           Thomas Nolan, Esq.                        Mark E. Overland, Esq.
7          **SKADDEN ARPS SLATE MEAGHER**            David C. Scheper, Esq.
           **& FLOM, LLP**                           Alexander H. Cote
8          300 South Grand Avenue, Suite 3400        **OVERLAND BORENSTEIN**
           Los Angeles, CA 90071                     **SCHEPER & KIM LLP**
9                                                    300 South Grand Avenue, Suite 2750
                                                     Los Angeles, CA 90071-3144
10
           John W. Keker, Esq.
11         Michael H. Page, Esq.
           Christina M. Anderson, Esq.
12         **KEKER & VAN NEST, LLP**
           710 Sansome Street
13         San Francisco, CA 94111

14

15  **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
    being served.
16
           I declare that I am employed in the office of a member of the bar of this Court at whose
17  direction the service was made.

18         Executed on October 25, 2007, at Los Angeles, California.

19

20                                        NOW LEGAL – Dave Quintana

21

22

23

24

25

26

27

28

                             **EXHIBIT 68 PAGE 890**
                                          -1-

**EXHIBIT** 42
**PAGE** 747

# EXHIBIT 43

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7    Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| --- | --- |
13 | Plaintiff, | Consolidated with
Case No. CV 04-09059 |
14 | v. | Case No. CV 05-02727 |
15 | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FIRST SET OF INTERROGATORIES RE CLAIMS OF UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC. |
16 | Defendant. | |
17 | | |
18 | AND CONSOLIDATED CASES | |

19

20

21        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Mattel,

22  Inc. hereby requests that MGA Entertainment, Inc. ("MGA") answer these

23  interrogatories ("Interrogatories") separately and fully, in writing and under oath,

24  within 30 days of service. MGA shall be obligated to supplement responses to these

25  requests at such times and to the extent required by Rule 26(e) of the Federal Rules

26  of Civil Procedure.

27

28

EXHIBIT 43
PAGE 748

I. **DEFINITIONS**

For purposes of these Interrogatories, the following definitions apply:

A.     The term "YOU," "YOUR" and "MGA" mean MGA Entertainment, Inc. and any individual or entity acting directly or indirectly by, through, under or on behalf of MGA Entertainment, Inc., including but not limited to current or former directors, officers, employees, agents, contractors, attorneys, accountants, or representatives of MGA Entertainment, Inc. and any corporation, partnership, association, trust, parent, subsidiary, division, affiliate, predecessor-in-interest and successor-in-interest, and any other PERSON acting on its behalf.

B.     The term "MATTEL" means defendant Mattel, Inc. and all current or former directors, officers, employees, agents, contractors, attorneys, accountants, representatives, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

C.     "EMBODIMENT" means any representation of the identified product or its retail packaging, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

D.     "CONTESTED MGA PRODUCTS" means the CONTESTED BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY'S LITTLE DOLL PRODUCTS, and the CONTESTED ALIENRACERS

EXHIBIT  43
PAGE  749

1 || PRODUCTS, and any doll, toy, portion thereof, or version thereof that is now or has
2 || ever been known as, or sold, offered for sale, licensed, offered for license or
3 || marketed under the name or terms "Bratz," "4-ever Best Friends," "Mommy's
4 || Little," "Alienracers," or any derivative thereof, that provides a basis for any claim
5 || by YOU against MATTEL, including without limitation "Bratz Dolls," "Bratz
6 || Dogz," "Winter Wonderland," "Bratz Sportz," "Formal Funk," "Sun-Kissed
7 || Summer," "Funky Fashion Makeover Head," "Runway Disco," "4-ever Best
8 || Friends," "Mommy's Little Patient," and "Alienracers."

9          E.     "CONTESTED BRATZ DOLLS PRODUCTS" means any of
10 || the following that provides a basis for any claim by YOU against MATTEL: (i) any
11 || EMBODIMENT or project ever known by the name "Bratz" or any derivative
12 || thereof (whether in whole or in part and regardless of what such EMBODIMENT or
13 || project is or has been also, previously or subsequently called) and any doll or any
14 || portion thereof that is now or has ever been known as, or sold, offered for sale,
15 || licensed, offered for license or marketed under, the name or term "Bratz" or any
16 || derivative thereof (whether in whole or in part and regardless of what such doll is or
17 || has been also, previously or subsequently called), and all prototypes, models,
18 || samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
19 || playset and accessory that YOU distribute under the name "Bratz" or any derivative
20 || thereof; and/or (iii) any and all other goods, product packaging, advertisements,
21 || promotional materials or other thing or item or material manufactured, produced,
22 || printed, ordered, marketed, advertised, promoted, displayed, distributed, shipped,
23 || imported, exported, licensed, offered for license, sold or offered for sale by YOU or
24 || on YOUR behalf under the name "Bratz" or any derivative thereof.

25          F.     "CONTESTED BRATZ PETZ PRODUCTS" means any of the
26 || following that provides a basis for any claim by YOU against MATTEL: (i) any
27 || EMBODIMENT or project ever known by the name "Bratz Petz" or any derivative
28 || thereof (whether in whole or in part and regardless of what such EMBODIMENT or

EXHIBIT 43
PAGE 750

1  project is or has been also, previously or subsequently called) and any toy pet or any
2  portion thereof that is now or has ever been known as, or sold, offered for sale,
3  licensed, offered for license or marketed under, the name or term "Bratz" or any
4  derivative thereof (whether in whole or in part and regardless of what such toy pet is
5  or has been also, previously or subsequently called), and all prototypes, models,
6  samples and versions of such EMBODIMENT, toy pet or any portion thereof; (ii)
7  any playset and accessory that YOU distribute under the name "Bratz Petz" or any
8  derivative thereof; and/or (iii) any and all other goods, product packaging,
9  advertisements, promotional materials or other thing or item or material
10 manufactured, produced, printed, ordered, marketed, advertised, promoted,
11 displayed, distributed, shipped, imported, exported, licensed, offered for license,
12 sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Petz" or
13 any derivative thereof.

14       G.     "CONTESTED BRATZ FUNKY FASHION MAKEOVER
15 HEAD" means any of the following that provides a basis for any claim by YOU
16 against MATTEL: (i) any EMBODIMENT or project ever known by the name
17 "Bratz Funky Fashion Makeover Head" or any derivative thereof (whether in whole
18 or in part and regardless of what such EMBODIMENT or project is or has been
19 also, previously or subsequently called) and any styling head or any portion thereof
20 that is now or has ever been known as, or sold, offered for sale, licensed, offered for
21 license or marketed under, the name or term "Bratz" or any derivative thereof
22 (whether in whole or in part and regardless of what such styling head is or has been
23 also, previously or subsequently called), and all prototypes, models, samples and
24 versions of such EMBODIMENT, styling head or any portion thereof; (ii) any
25 accessory that YOU distribute under the name "Bratz Funky Fashion Makeover
26 Head" or any derivative thereof; and/or (iii) any and all other goods, product
27 packaging, advertisements, promotional materials or other thing or item or material
28 manufactured, produced, printed, ordered, marketed, advertised, promoted,

EXHIBIT 43
PAGE 751

1 displayed, distributed, shipped, imported, exported, licensed, offered for license,

2 sold or offered for sale by YOU or on YOUR behalf under the name "Bratz Funky

3 Fashion Makeover Head" or any derivative thereof.

4         H.     "CONTESTED 4-EVER BEST FRIENDS PRODUCTS" means

5 any of the following that provides a basis for any claim by YOU against MATTEL:

6 (i) any EMBODIMENT or project ever known by the name "4-ever Best Friends" or

7 any derivative thereof (whether in whole or in part and regardless of what such

8 EMBODIMENT or project is or has been also, previously or subsequently called)

9 and any doll or any portion thereof that is now or has ever been known as, or sold,

10 offered for sale, licensed, offered for license or marketed under, the name or term

11 "4-ever Best Friends" or any derivative thereof (whether in whole or in part and

12 regardless of what such doll is or has been also, previously or subsequently called),

13 and all prototypes, models, samples and versions of such EMBODIMENT, doll or

14 any portion thereof; (ii) any playset and accessory that YOU distribute under the

15 name "4-ever Best Friends" or any derivative thereof; and/or (iii) any and all other

16 goods, product packaging, advertisements, promotional materials or other thing or

17 item or material manufactured, produced, printed, ordered, marketed, advertised,

18 promoted, displayed, distributed, shipped, imported, exported, licensed, offered for

19 license, sold or offered for sale by YOU or on YOUR behalf under the name "4-ever

20 Best Friends" or any derivative thereof.

21         I.     "CONTESTED MOMMY'S LITTLE DOLL PRODUCTS"

22 means any of the following that provides a basis for any claim by YOU against

23 MATTEL: (i) any EMBODIMENT or project ever known by the name "Mommy's

24 Little Patient" or similar name or any derivative thereof (whether in whole or in part

25 and regardless of what such EMBODIMENT or project is or has been also,

26 previously or subsequently called) and any doll or any portion thereof that is now or

27 has ever been known as, or sold, offered for sale, licensed, offered for license or

28 marketed under, the name or term "Mommy's Little Patient" or similar name or any

EXHIBIT __43__
PAGE __752__

1  derivative thereof (whether in whole or in part and regardless of what such doll is or
2  has been also, previously or subsequently called), and all prototypes, models,
3  samples and versions of such EMBODIMENT, doll or any portion thereof; (ii) any
4  playset and accessory that YOU distribute under the name "Mommy's Little Patient"
5  or similar name or any derivative thereof; and/or (iii) any and all other goods,
6  product packaging, advertisements, promotional materials or other thing or item or
7  material manufactured, produced, printed, ordered, marketed, advertised, promoted,
8  displayed, distributed, shipped, imported, exported, licensed, offered for license,
9  sold or offered for sale by YOU or on YOUR behalf under the name "Mommy's
10 Little Patient" or similar name or any derivative thereof.

11            J.      "CONTESTED ALIENRACERS PRODUCTS" means any of
12 the following that provides a basis for any claim by YOU against MATTEL: (i) any
13 EMBODIMENT or project ever known by the name "Alienracers" or any derivative
14 thereof (whether in whole or in part and regardless of what such EMBODIMENT or
15 project is or has been also, previously or subsequently called) and any toy vehicle,
16 character, or any portion thereof that is now or has ever been known as, or sold,
17 offered for sale, licensed, offered for license or marketed under, the name or term
18 "Alienracers" or any derivative thereof (whether in whole or in part and regardless
19 of what such toy is or has been also, previously or subsequently called), and all
20 prototypes, models, samples and versions of such EMBODIMENT, toy vehicle,
21 character, or any portion thereof; (ii) any playset and accessory that YOU distribute
22 under the name "Alienracers" or any derivative thereof; and/or (iii) any and all other
23 goods, product packaging, advertisements, promotional materials or other thing or
24 item or material manufactured, produced, printed, ordered, marketed, advertised,
25 promoted, displayed, distributed, shipped, imported, exported, licensed, offered for
26 license, sold or offered for sale by YOU or on YOUR behalf under the name
27 "Alienracers" or any derivative thereof.

28

'973/20221221

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S FIRST SET OF INTERROGATORIES (UNFAIR COMPETITION)

EXHIBIT  43
PAGE  753

1    K.    The term "PERSON," in the plural as well as the singular, means
2 any natural person, association, partnership, corporation, joint venture, government
3 entity, organization, trust, institution, proprietorship, or any other entity recognized
4 as having an existence under the laws in United States or any other nation.

5    L.    The term "RELATING TO" shall mean any and all of the
6 following terms and their synonyms:  refer to, discuss, constitute, evidence, pertain
7 to, mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,
8 identify, state, deal with, concern, comment on, respond to, relevant to, or describe.

9    M.    "DOCUMENT" or "DOCUMENTS" means all "writings" and
10 "recordings" as those terms are defined in Rule 1001 of the Federal Rules of
11 Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all
12 writings, including without limitation handwriting, typewriting, printing, image,
13 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment
14 to) electronic mail (including instant messages and text messages) or facsimile,
15 video and audio recordings, and every other means of recording upon any tangible
16 thing, any form of communication or representation, and any record thereby created,
17 regardless of the manner in which the record has been stored, and all non-identical
18 copies of such DOCUMENTS.

19    N.    "IDENTIFY" shall mean the following:

20         1.    When used in reference to a natural person, such person's
21     name, present or last-known home and business addresses, present or last-
22     known employment or business affiliation, present or last-known business
23     title or position, and present or last-known home and business telephone
24     number.

25         2.    When used in reference to an entity, such entity's name,
26     state (or country) of incorporation or organization, present or last-known
27     address, present or last-known telephone number, name of the contact person
28

7975/2022122.1

EXHIBIT 43
PAGE 154

1     for such entity, and the business address and business phone number for the
2     contact person.

3              3.     When used in reference to an EMBODIMENT, the names
4     of the individual author(s) or creator(s) of the EMBODIMENT as well as of
5     each other individual who contributed in any manner to the EMBODIMENT;
6     the form, material and medium of the EMBODIMENT (e.g., preliminary
7     three-dimensional resin sculpture, final three-dimensional wax sculpture,
8     digitized file of final three-dimensional wax sculpture, two-dimensional
9     EMBODIMENT drawing on paper); the title or name of the EMBODIMENT;
10    the start and end date(s) of the EMBODIMENT's creation or preparation; the
11    Bates-number of any DOCUMENT which REFERS OR RELATES TO the
12    EMBODIMENT or, if no such DOCUMENT has been produced, a full and
13    complete description of the EMBODIMENT and of all DOCUMENTS that
14    REFER OR RELATE to the EMBODIMENT; the version, modification,
15    revision or iteration number, if applicable; and the current location of the
16    EMBODIMENT.

17             O.     "COMPLAINT" means the Complaint for False Designation of
18    Origin, Affiliation, Association or Sponsorship (15 U.S.C. § 1125(a)); Unfair
19    Competition (15 U.S.C. § 1125(a)); Cal. Bus. & Prof. Code § 17200 *et seq.* and
20    California Common Law); Dilution (15 U.S.C. § 1125(c), Cal Bus. & Prof. Code §
21    14330 and California Common Law); and Unjust Enrichment, filed by YOU on or
22    about April 13, 2005.

23    **II.    INTERROGATORIES**

24

25    INTERROGATORY NO. 1:

26             IDENTIFY, fully and separately, each and every PERSON who was
27    involved in the marketing, advertising, promotion, licensing, offering for sale,
28    conception, origin, creation, design, development, sculpting, engineering, reduction

7975/2022122.1
                                          Case No. CV 04-9049 SGL (RNBx)
                        MATTEL'S FIRST SET OF INTERROGATORIES (UNFAIR COMPETITION)

EXHIBIT 43
PAGE 755

1  to practice, tooling or painting of, or who otherwise produced or contributed to any
2  EMBODIMENT of the CONTESTED MGA PRODUCTS, including without
3  limitation by fully and separately describing each such PERSON's role and the start
4  and end dates of such PERSON's involvement.

5

6  INTERROGATORY NO. 2:

7         IDENTIFY, fully and separately, each and every concept, design,
8  product, or product packaging that YOU contend MATTEL copied or infringed
9  (including without limitation by internal job or product number, SKU, and bar code
10 number) and, for each such concept, design, product, or product packaging,
11 describe, with specificity and in detail, those attributes of the concept, design,
12 product, or product packaging that were copied or infringed by MATTEL and the
13 alleged source(s) of those attributes.

14

15 INTERROGATORY NO. 3:

16        For each concept, design, product, or product packaging identified in
17 YOUR response to Interrogatory No. 2, state the following facts and IDENTIFY all
18 PERSONS with knowledge of those facts: (1) the first date that each such concept,
19 design, product, or product packaging was shown or otherwise disclosed to any
20 PERSON not employed by MGA; (2) the circumstances and location of that
21 disclosure and the name(s) of PERSONS to whom the disclosure was made; and (3)
22 the first date that each product was made available for retail sale.

23

24 INTERROGATORY NO. 4:

25        State all facts RELATING TO any claim that YOU have sustained
26 damage, loss, or injury, or there has been unjust enrichment, by reason of any act or
27 omission by MATTEL. YOUR response should explain in detail any calculation of
28 damage, loss, injury, or unjust enrichment that YOU have made or which has been

7975/2022122.1

EXHIBIT  43
PAGE  756

1  made on YOUR behalf or at YOUR request, and should IDENTIFY all

2  DOCUMENTS that support or otherwise bear on YOUR response and all

3  PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

4

5  INTERROGATORY NO. 5:

6        State all facts RELATING TO the allegations in Paragraphs 9 and 113

7  of YOUR COMPLAINT that MATTEL "intimidated, coerced and threatened

8  retailers, licensees, suppliers and others in the industry" and "willfully and

9  maliciously used its power, influence and intimidation to threaten certain retailers,

10  suppliers, licensees, distributors and manufacturers so as to limit, if not prevent,

11  MGA from doing business with these retailers, suppliers, licensees, distributors and

12  manufacturers, using its power and influence to intimidate and manipulate industry

13  bodies." YOUR response should IDENTIFY all DOCUMENTS that support or

14  otherwise bear on YOUR response and all PERSONS who have knowledge of the

15  facts stated in YOUR RESPONSE.

16

17  INTERROGATORY NO. 6:

18        State all facts RELATING TO the allegation in Paragraph 9 of YOUR

19  COMPLAINT that "Mattel has . . . serially imitated and copy-catted [*sic*] the look of

20  MGA products, trade dress, trademarks, themes, ideas, advertising and packaging,"

21  or any other contention by YOU that MATTEL created, designed, derived, or

22  developed products, packaging, and advertising using concepts, products, or

23  intellectual property owned by YOU. YOUR response should IDENTIFY all

24  DOCUMENTS that support or otherwise bear on YOUR response and all

25  PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

26

27

28

EXHIBIT  42
PAGE  757

INTERROGATORY NO. 7:

State all facts RELATING TO the allegations in YOUR COMPLAINT that consumers, the press, and retailers have confused YOUR products, packaging, and commercials with those of MATTEL, or vice versa. YOUR response should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

INTERROGATORY NO. 8:

State all facts RELATING TO the allegation in Paragraph 79 of YOUR COMPLAINT that MATTEL has "manipulated the retail market," including but not limited to all COMMUNICATIONS with any persons RELATING TO YOUR allegation that "Mattel merchandisers have been caught tampering with MGA's retail displays." YOUR response should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

INTERROGATORY NO. 9:

State all facts RELATING TO any allegation by YOU that MATTEL engaged in any unfair practice RELATING TO NPD, including without limitation the use of NPD data, alleged changes of NPD product classifications, or MGA's NPD subscription. YOUR response should IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

INTERROGATORY NO. 10:

State all facts RELATING TO any allegation by YOU that MATTEL engaged in any unfair practice RELATING TO any toy industry or consumer organization, including without limitation CARU and TIA. YOUR response should

EXHIBIT  43
PAGE  758

1   IDENTIFY all DOCUMENTS that support or otherwise bear on YOUR response
2   and all PERSONS who have knowledge of the facts stated in YOUR RESPONSE.

3

4   DATED:  December 20, 2006         QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
5

6                                     By
7                                        Timothy L. Alger
8                                        Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7975/2022122.1

Case No. CV 04-9049 SGL (RNBx)
MATTEL'S FIRST SET OF INTERROGATORIES (UNFAIR COMPETITION)

EXHIBIT  43
PAGE  759

1   **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California.  I am over

3   the age of eighteen years and not a party to the within action; my business address is

4   NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5   California 90026.

6          On December 20, 2006 I served true copies of the following document(s)

7   described as:

8   **MATTEL, INC.'S FIRST SET OF INTERROGATORIES RE CLAIMS OF**

9       **UNFAIR COMPETITION TO MGA ENTERTAINMENT, INC.**

10  on the parties in this action as follows:

11  | Diana M. Torres, Esq. | Keith A. Jacoby, Esq. |
    | O'Melveny & Myers | Littler Mendelson |
12  | 400 So. Hope Street | 2049 Century Park East, 5th Floor |
    | Los Angeles, CA  90071 | Los Angeles, CA  90067-3107 |
13  | Telephone: (213) 430-6000 | Telephone: (310) 553-0308 |
    | Facsimile: (213) 430-6407 | Facsimile: (310) 553-5583 |

14

15          [√]      [PERSONAL] by personally delivering the document listed above to

16       the person(s) at the address(es) set forth above.

17

18          I declare that I am employed in the office of a member of the bar of this court

19  at whose direction the service was made

20

21          Executed on December 20, 2006 at Los Angeles, California.

22

23

24  _____

25       David Quintana

26

27

28

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

EXHIBIT  43
PAGE  766

# EXHIBIT 44

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   Telephone:  (213) 443-3000
    Facsimile:  (213) 443-3100
5
    Attorneys for Plaintiff and Cross-Defendant
6   Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware            CASE NO. CV 04-9059 NM (RNBx)
    Corporation,
12                                      MATTEL, INC.'S FIRST SET OF
                      Plaintiff,        INTERROGATORIES TO BRYANT
13
            v.
14
    CARTER BRYANT, an individual; and
15  DOES 1 through 10, inclusive,
16                    Defendants.

17
    CARTER BRYANT, on behalf of
18  himself, all present and former
    employees of Mattel, Inc., and the
19  general public,

20                    Counterclaimant,

21          v.

22  MATTEL, INC., a Delaware
    Corporation,
23
                      Counter-Defendant.
24

25

26

27

28

07209/626685.1
                                        FIRST SET OF INTERROGATORIES

EXHIBIT   44
PAGE   761

1            Pursuant to Fed. R. Civ. P. 33, defendant and counter-claimant Carter

2 Bryant is requested to respond to the following interrogatories, in writing and under

3 oath, within thirty days hereof. Bryant shall be obligated to supplement his responses

4 to these interrogatories at such times and to the extent required by the Federal Rules

5 of Civil Procedure.

6

7                        Definitions

8

9        1.      "YOU" or "YOUR" means defendant and counter-claimant Carter

10 Bryant and any of his current or former agents, representatives, attorneys, employees,

11 predecessors-in-interest and successors-in-interest, and any other PERSON acting on

12 his behalf, pursuant to his authority or subject to his control.

13        2.      "MGA" means MGA Entertainment, Inc., any of its current or

14 former employees, officers, directors, agents, representatives, attorneys, divisions,

15 AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

16 PERSON acting on its behalf, pursuant to its authority or subject to its control.

17 Without limiting the foregoing, "MGA" includes the entity known as ABC

18 International Traders and/or ABC International Traders, Inc.

19        3.      "AFFILIATES" means any and all corporations, proprietorships,

20 d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

21 indirectly, in whole or in part, own or control, are under common ownership or

22 control with, or are owned or controlled by a PERSON, party or entity, including

23 without limitation each parent, subsidiary and joint venture of such PERSON, party

24 or entity.

25        4.      "PAYMENT" means the transfer of, in any manner, money or any

26 other item of value.

27        5.      "IDENTIFY" means, in connection with a PAYMENT, to state the

28 dollar amount received, the date on which YOU received it and the name of the

07209/626685.1

1

EXHIBIT 44
PAGE 762

1   PERSON who made the payment and to describe, by Bates number, all
2   DOCUMENTS that REFER OR RELATE to such PAYMENT. In the event that a
3   DOCUMENT does not have a Bates number, "IDENTIFY" means, with respect to
4   that DOCUMENT, a complete description of it such that it may be the subject of a
5   request for the production of documents. In the event that a PAYMENT was made
6   as anything other than as a sum of money, "IDENTIFY" means to state, with respect
7   to that PAYMENT, the nature of the item received and its value in dollar terms.

8          6.     "REFER OR RELATE TO" means constituting, embodying,
9   containing, referring to, commenting on, evidencing, regarding, discussing,
10  describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,
11  contradicting, negating, revoking or otherwise relating to in any manner.

12          7.     "DOCUMENT" means all "WRITINGS" and "RECORDINGS"
13  as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and
14  Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings
15  and records of every type and description including, but not limited to, contracts,
16  agreements, correspondence, memoranda, letters, facsimiles, electronic mail
17  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
18  any kind, statements, reports, minutes, recordings, transcripts and summaries of
19  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
20  discs, printouts and records of all types, studies, instruction manuals, policy manuals
21  and statements, books, pamphlets, invoices, canceled checks and every other device
22  or medium by which or through which information of any type is transmitted,
23  recorded or preserved.   Without any limitation on the foregoing, the term
24  "DOCUMENT" shall include all copies that differ in any respect from the original or
25  other versions of the DOCUMENT, including, but not limited to, all drafts and all
26  copies of such drafts or originals containing initials, comments, notations, insertions,
27  corrections, marginal notes, amendments or any other variation of any kind.

28

07209/626685.1

                                    2
                                            FIRST SET OF INTERROGATORIES

EXHIBIT 44
PAGE 763

1          8.    "COMMUNICATION" or "COMMUNICATIONS" means and
2   includes any disclosure, transfer or exchange of information between two or more
3   PERSONS, whether orally or in writing, including, without limitation, any
4   conversation or discussion by means of meeting, letter, telephone, note,
5   memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or
6   other medium, including without limitation in written, audio or video form.

7          9.    "PERSON" or "PERSONS" means all natural persons,
8   partnerships, corporations, joint ventures and any kind of business, legal or public
9   entity or organization, as well as its, his or her agents, representatives, employees,
10  officers and directors and any one else acting on its, his or her behalf, pursuant to its,
11  his or her authority or subject to its, his or her control.

12         10.   The singular form of a noun or pronoun includes within its
13  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
14  the masculine form of a pronoun also includes within its meaning the feminine form
15  of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also
16  within its meaning all other tenses of the verb so used, whenever such construction
17  results in a broader request for information; and "and" includes "or" and *vice versa*,
18  whenever such construction results in a broader disclosure of documents or
19  information.

20
21                              Instructions
22

23         A.    When    an    interrogatory    requests    disclosure    of    a
24  COMMUNICATION or other information as to which YOU claim any privilege or
25  protection as a ground for nondisclosure, identify each PERSON who participated in
26  or had knowledge of the COMMUNICATION or other information and provide the
27  following:
28

                                          FIRST SET OF INTERROGATORIES

EXHIBIT  44
PAGE  764

1                          (i)      the privilege or protection that YOU claim precludes
2    disclosure;

3                          (ii)     the subject matter of the COMMUNICATION or
4    information (without revealing the content as to which the privilege is claimed); and

5                          (iii)    any additional facts or grounds on which YOU base YOUR
6    claim of privilege or protection.

7            B.      When an interrogatory requests that YOU provide information,
8    YOU are required to supply all information known by or available to YOU or YOUR
9    employees, officers, directors, agents, representatives, attorneys and experts.

10

11                                      Interrogatories

12

13   INTERROGATORY NO. 1:

14           Please IDENTIFY, fully and separately, each and every PAYMENT that
15   YOU received during the periods of time that YOU were employed by Mattel, Inc.
16   from any PERSON other than Mattel, Inc., including without limitation from MGA,
17   for work or services relating to dolls or toys which YOU performed for or provided
18   to such PERSON.

19

20   INTERROGATORY NO. 2:

21           Please IDENTIFY, fully and separately, each and every PAYMENT that
22   YOU received at any time from any PERSON other than Mattel, Inc., including
23   without limitation from MGA, as a result of work or services relating to dolls or toys
24   which YOU performed for or provided to such PERSON during the periods of time
25   that YOU were employed by Mattel, Inc.

26

27

28

07209/626685.1                             -4
                                                  FIRST SET OF INTERROGATORIES

EXHIBIT 44
PAGE 765



1   Dated:  December 27, 2004        QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP
2

3                                    By
4                                       Michael T. Zeller
                                        Attorneys for Plaintiff
5                                       and Counter-Defendant
                                        Mattel, Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/626685.1                                5
                                     FIRST SET OF INTERROGATORIES

EXHIBIT  44
PAGE  766

# PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 27, 2004, I served the foregoing document described as **MATTEL, INC.'S FIRST SET OF INTERROGATORIES TO BRYANT** on all interested parties in this action.

> Douglas A. Wickham, Esq.
> Keith A. Jacoby, Esq.
> Littler Mendelson
> A Professional Corporation
> 2049 Century Park East, 5th Floor
> Los Angeles, California 90067-3107
> TEL: 310-553-0308
> FAX: 310-553-5583

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 27, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                                    Signature

EXHIBIT   44
PAGE   767

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 27, 2004, I served the foregoing document described as **MATTEL, INC.'S FIRST SET OF INTERROGATORIES TO BRYANT** on all interested parties in this action.

Diana M. Torres
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
TEL: 213-430-6000
FAX: 213-430-6407

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 27, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                                          Signature

EXHIBIT   44
PAGE   768

# EXHIBIT 45

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | Michael T. Zeller (Bar No. 196417)
Jon D. Corey (Bar No. 185066)
3 | 865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
4 | (213) 443-3000 (telephone)
(213) 443-3100 (facsimile)
5
Attorneys for Plaintiff and Counter-Defendant
6 | Mattel, Inc.

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | MATTEL, INC., a Delaware corporation,          )   CASE NO. CV 04-9059 NM (RNBx)
11 |                           Plaintiff,            )   MATTEL, INC.'S SECOND SET OF
    |                                               )   INTERROGATORIES TO
12 |        v.                                      )   DEFENDANT CARTER BRYANT
13 | CARTER BRYANT, an individual, and              )
    | DOES 1 through 10, inclusive,                 )
14 |                           Defendants.          )
15 |                                                )
    | CARTER BRYANT, on behalf of                   )
16 | himself, all present and former                )
    | employees of Mattel, Inc., and the            )
17 | general public,                                )
18 |                           Counter-Claimant,    )
19 |        v.                                      )
20 | MATTEL, INC., a Delaware                       )
    | corporation,                                  )
21 |                                                )
    |                           Counter-Defendant.  )
22 |

23

24

25

26

27

28

07209/651684.1

EXHIBIT 45
PAGE 769

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff and counter-
2  defendant Mattel, Inc. ("Mattel") hereby requests that Carter Bryant answer the
3  following Interrogatories separately and fully, in writing and under oath, within 30
4  days after service hereof. Carter Bryant shall be obligated to supplement his
5  responses to the Interrogatories at such times and to the extent required by the
6  <u>Federal Rules of Civil Procedure.</u>

7

8                                    Definitions

9

10    1.    "YOU" or "YOUR" means defendant and counter-claimant
11  Carter Bryant and any of his current or former agents, representatives, attorneys,
12  employees, predecessors-in-interest and successors-in-interest, and any other
13  PERSON acting on his behalf, pursuant to his authority or subject to his control.

14    2.    "PERSON" or "PERSONS" means all natural persons,
15  partnerships, corporations, joint ventures and any kind of business, legal or public
16  entity or organization, as well as its, his or her agents, representatives, employees,
17  officers and directors and any one else acting on its, his or her behalf, pursuant to
18  its, his or her authority or subject to its, his or her control.

19    3.    "BRATZ" means any doll or any portion thereof that is now or
20  has ever been known as, or sold or marketed under, the name "Bratz" (regardless
21  of what such doll is or has been also or previously called) or that is now or has
22  ever been manufactured, distributed, displayed, sold or marketed as part of the
23  "Bratz" line, and all prototypes, models, samples, versions and iterations of such
24  doll or any portion thereof.

25    4.    "EMBODIMENT" means any representation of BRATZ,
26  whether two-dimensional or three-dimensional, and whether in tangible, digital,
27  electronic or other form, including but not limited to all works, designs, artwork,
28  sketches, drawings, illustrations, representations, depictions, blueprints,

                                    -2-
                                    MATTEL'S SECOND SET INTERROGATORIES TO BRYANT

EXHIBIT  45
PAGE  770

1  schematics, diagrams, images, sculptures, prototypes, models, samples, reductions
2  to practice, developments, inventions and/or improvements, as well as all other
3  items, things and DOCUMENTS in which any of the foregoing are or have been
4  expressed, embodied, contained, fixed or reflected in any manner, whether in
5  whole or in part. For purposes of these Interrogatories, each version, draft or
6  iteration of, or modification or revision to, an EMBODIMENT is, and shall be
7  treated as, separate and distinct from each other EMBODIMENT.

8          5.      "REFER OR RELATE TO" a given subject matter means relate
9  to, refer to, constitute, contain, embody, reflect, identify, state, deal with, comment
10 on, respond to, describe, analyze, support, refute, contradict, or in any way pertain
11 to that subject matter, either directly or indirectly.

12          6.      "IDENTIFY" or "IDENTITY" means the following:

13              (a)      with reference to an individual, means to state such
14 individual's full name, any known business title, current or last known business
15 affiliation, current or last known residential address, current or last known
16 business address, current or last known relationship to MGA, and current or last
17 known telephone number.

18              (b)      with reference to an entity, means to state such entity's
19 full name, state (or country) of incorporation or organization, present or last-
20 known address, and present or last-known telephone number.

21              (c)      with reference to an EMBODIMENT, means to state the
22 IDENTITY of the individual author(s) or creator(s) of the EMBODIMENT as well
23 as of each other individual who contributed in any manner to the EMBODIMENT;
24 the form, material and medium of the EMBODIMENT (*e.g.*, preliminary three-
25 dimensional resin sculpture, final three-dimensional wax sculpture, digitized file
26 of final three-dimensional wax sculpture, two-dimensional design drawing on
27 paper); the title or name of the EMBODIMENT; the start and end date(s) of the
28 EMBODIMENT's creation or preparation; the Bates-number of any DOCUMENT

EXHIBIT 45
PAGE 771

1 which REFERS OR RELATES TO the EMBODIMENT or, if no such
2 DOCUMENT has been produced, a full and complete description of the
3 EMBODIMENT and of all DOCUMENTS that REFER OR RELATE to the
4 EMBODIMENT; the version, modification, revision or iteration number, if
5 applicable; and the current location of the EMBODIMENT.

6        7.    "DOCUMENTS" has the same meaning herein as in <u>Federal</u>
7 <u>Rule of Civil Procedure</u> 34(a), and means original and all copies, unless identical,
8 regardless of origin or location, of written, recorded and graphic matter, however
9 produced or reproduced, formal or informal, including without limitation working
10 papers, preliminary, intermediate or final drafts, designs, drawings, diagrams,
11 schematics, correspondence, memoranda, letters, telegrams, notes, notebooks,
12 compilations, blueprints, laboratory notebooks, process specifications, product
13 specifications, manuals, instructions, models, performance specifications,
14 inventor's notebooks, inventor's workbooks, invention records, invention
15 disclosures, computer inputs or runs, computer discs or tapes, e-mails, evaluations,
16 agreements, entries, video cassettes or tapes, audio cassettes or tapes, audio discs,
17 calendars, reports, minutes of any type of meeting, appointment records, diaries,
18 studies, statistical analyses, invoices, financial or accounting records, financial
19 calculations, transcripts, court pleadings, lists, reports of telephone or other oral
20 conversations, desk calendars, appointment books, telephone logs, telephone
21 records, patents or patent applications, or trademarks or trade names or
22 applications for same; and any other writings or documents of whatever
23 description or kind, including attachments or other matters affixed thereto and
24 copies of any of the foregoing in the possession, custody or control of YOU,
25 YOUR counsel or any other person acting on your behalf, including without
26 limitation any material described above that originally may have been generated
27 by any party hereto and is now in YOUR possession, custody or control.

28

EXHIBIT 45
PAGE 772

1    8.    "Any" as used in these interrogatories includes the word "all,"
2  and the word "all" as used in these interrogatories includes the word "any."
3    9.    The singular form of a noun or pronoun includes within its
4  meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of
5  the masculine form of a pronoun also includes within its meaning the feminine
6  form of the pronoun so used, and *vice versa*; the use of any tense of any verb
7  includes also within its meaning all other tenses of the verb so used, whenever
8  such construction results in a broader request for information; and "and" includes
9  "or" and *vice versa*, whenever such construction results in a broader disclosure of
10 documents or information.

11

12                              Instructions

13

14    A.    When an interrogatory requests that YOU provide information,
15 YOU are required to supply all information known by or available to YOU or YOUR
16 employees, officers, directors, agents, representatives, attorneys and experts. If YOU
17 cannot completely answer the interrogatory after making diligent efforts to do so,
18 please so state. Then describe in detail all efforts made to answer the interrogatory;
19 identify every PERSON involved in such efforts; and state the additional information
20 YOU need, if any, to respond completely to the interrogatory.

21

22                             Interrogatories

23

24 INTERROGATORY NO. 4:

25    IDENTIFY, fully and separately, each and every PERSON who was
26 involved in the conception, origin, creation, design, development, sculpting,
27 engineering, reduction to practice, tooling or painting of, or who otherwise produced
28 or contributed to any EMBODIMENT of, BRATZ before December 31, 2001,

EXHIBIT 45
PAGE 773

1 including without limitation by fully and separately describing each such PERSON's
2 role and the start and end dates of such PERSON's involvement.

3

4 INTERROGATORY NO. 5:

5        IDENTIFY, fully and separately, each and every EMBODIMENT of
6 BRATZ prior to December 31, 2001.

7

8 INTERROGATORY NO. 6:

9        For each EMBODIMENT set forth in response to Interrogatory No. 5,
10 describe, in detail and fully, each and every contribution or direction that YOU made
11 or gave with respect to each such EMBODIMENT, including without limitation the
12 specifics of each instruction, direction or contribution that YOU made or gave, the
13 manner in which YOU gave or delivered any such instruction or direction, the
14 IDENTITY of the PERSON who received and/or carried out such instruction or
15 direction and each of the date(s) on which YOU made such contribution or gave such
16 instruction or direction.

17

18 INTERROGATORY NO. 7:

19        IDENTIFY each and every instance in which BRATZ was shown,
20 displayed or exhibited prior to June 1, 2001, including without limitation by stating
21 the date(s) on which each such instance occurred and the location where each such
22 instance occurred, and IDENTIFY each and every PERSON with knowledge thereof.

23

24 DATED: April 28, 2005       QUINN EMANUEL URQUHART OLIVER &
                               HEDGES, LLP
25

26                  By _____
                          Michael T. Zeller
27                         Attorneys for Plaintiff and Counter-Defendant
                        Mattel, Inc.
28

-6-

EXHIBIT _45_
PAGE _774_

1013A(3) CCP Revised 5/1/88

1  **STATE OF CALIFORNIA )**
2  **COUNTY OF LOS ANGELES )**

3     I am employed in the county of Los Angeles  State of California.  I am over the age of 18
   and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor,
4  Los Angeles, CA 90012.

5     On April 28, 2005 I served the foregoing document described as **MATTEL, INC.'S**
   **SECOND SET OF INTERROGATORIES TO DEFENDANT CARTER BRYANT**
6  on all interested parties in this action.

   **Robert F. Millman, Esq.**               **Diana M. Torres, Esq.**
7  **Douglas A. Wickham, Esq.**              **Paula Ambrosini, Esq.**
   **Keith A. Jacoby, Esq.**                 **O'Melveney & Meyers**
8  **Littler Mendelson**                     **400 S. Hope Street**
   **A Professional Corporation**            **Los Angeles, CA 90071**
9  2049 Century Park East, 5th Floor         **Phone: 213-430-6000**
   Los Angeles, California 90067-3107        Fax: 213-430-6407
10 Phone: 310-553-0308
   **Fax: 310-553-5583**

11

12 [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed
       as follows:

13 [X]   **BY MAIL**

14 [ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed
       with postage thereon fully prepaid.

15

16 [ ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing
       correspondence for mailing.  Under that practice it would be deposited with U.S. postal
17     service on that same day with postage thereon fully prepaid at Los Angeles, California in the
       ordinary course of business.  I am aware that on motion of the party served, service is
18     presumed invalid if postal cancellation date or postage meter date is more than one day after
       date of deposit for mailing in affidavit.

19 [ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
       set forth above on this date.

20 [X]   **BY PERSONAL SERVICE:** I caused personal delivery of said document(s) listed above
       to the person(s) at the address(es) set forth above.
21

22 Executed on April 28, 2005, at Los Angeles, California.

23 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the
       above is true and correct.

24 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at
       whose direction the service was made.

25 _____              _____
26 Print Name                     Signature

27

28

**EXHIBIT  45**
**PAGE  775**