**Exhibit 1**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

November 19, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144

Re:     <u>Mattel v. Bryant et al.</u>

Dear Tom:

I write pursuant to Section 5 of the Discovery Master Stipulation to request a conference of counsel regarding MGA Entertainment, Inc.'s, MGA Entertainment (HK) Ltd.'s, MGAE de Mexico S.R.L. de C.V.'s, and Isaac Larian's Objections and Responses to Mattel's Revised Third Set and Amended Fourth Set of Interrogatories, served on November 15, 2007.

The MGA Defendants and Mr. Larian have failed to provide answers to any of Mattel's Interrogatories. Their alleged bases for refusing to answer the Interrogatories are wholly without merit and do not excuse their further stonewalling in this case. Absent prompt resolution, Mattel intends to move to compel and for sanctions.

Mattel's Revised Third and Amended Fourth Sets of Interrogatories are consistent with Judge Infante's September 5, 2007 Order. Yet, the MGA Defendants and Mr. Larian insist on rehashing the same objections they have previously asserted -- most notably that Mattel has propounded more than fifty interrogatories. This contention that Mattel has purportedly exceeded the limit set by Judge Larson is unsupportable, and directly conflicts with the September 5, 2007 Order. In that Order, the Discovery Master expressly considered whether an interrogatory which asks the responding party to "(1) state all facts, (2) identify all persons with

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-1107 FAX 858-812-3336

07209/2298641.1

EXHIBIT ___1___ PAGE __8__

knowledge of such facts, and/or (3) identify all documents referring or relating to such facts" consists of "discrete subparts."  Order, at 6.  He ruled that such "subparts are *not* discrete," and that "subparts seeking facts supporting a contention, the identity of persons with knowledge, and documents are *not counted separately* for purposes of applying the 50 interrogatory limit." Order, at 7 (emphases added).  As Judge Infante explained, interrogatories "'containing subparts directed at eliciting details concerning [a] common theme should be considered a single question.'"  Order, at 5 (quoting 8A Wright & Miller, Federal Practice & Procedure § 2168.1 (2d ed. 1994)).  Given this holding, your clients' objections to terms such as "IDENTIFY," IDENTITY," and "STORAGE DEVICE," which they claim would require a multitude of discrete responses, are without merit.  Their claim that Mattel's interrogatories are "overbroad and unduly burdensome" to the extent they seek "all facts" fails for the same reason.

The MGA Defendants and Mr. Larian do not and cannot contest the relevance of the vast majority of Mattel's Interrogatories, therefore conceding that Mattel is entitled to the information it seeks.  As to the few Interrogatories for which they do object on relevance grounds, the objection is clearly unwarranted, as Mattel seeks information relating directly to its claims in this case.

The remaining objections -- including objections that the interrogatories are vague and ambiguous, overbroad, unduly burdensome and oppressive; ask for information not in the MGA Defendants' or Mr. Larian's possession, custody or control; and ask for information protected by the attorney-client, work product, or joint defense privileges -- are boilerplate at best.  Indeed, they apparently are grounded in nothing more than the fact that many of the Interrogatories are contention interrogatories.  Nor do those purported objections explain, let alone justify, your clients' failure and refusal to provide any answers whatsoever.

Please let us know when your clients are available for a conference of counsel within the next 5 days as required by the Court.  I look forward to hearing from you.

Very truly yours,

*B. Dylan Proctor/*sn

B. Dylan Proctor

EXHIBIT __1__ PAGE __9__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     November 19, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas J. Nolan, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 |

**FROM:**     B. Dylan Proctor, Esq.

**RE:**     *Mattel v. Bryant et al.*

**MESSAGE:**

```
FAXED
NOV 1 9 2007
```

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX |
|---|---|---|---|---|
| | | | | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | *Tiffany* | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT   1   PAGE  10

# Confirmation Report — Memory Send

```
Page      : 001
Date & Time: 11-19-2007   16:15
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 516 |
| Date | : | 11-19  16:14 |
| To | : | ☎766B1☎720906875600 |
| Number of pages | : | 003 |
| Start time | : | 11-19  16:14 |
| End time | : | 11-19  16:15 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 516          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 445-7000
Facsimile: (212) 445-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   November 19, 2007          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas J. Nolan, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | (213) 687-5000 | (213)687-5600 |

**FROM:**   B. Dylan Proctor, Esq.

**RE:**   *Mattel v. Bryant et al.*

**MESSAGE:**

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Tiffany Garcia | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___1___   PAGE ___11___

**Exhibit 2**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

November 26, 2007

**VIA FACSIMILE AND U.S. MAIL**

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144

Re:     Mattel v. Bryant et al.

Dear Tom:

I write pursuant to Section 5 of the Discovery Master Stipulation to request a meet and confer regarding the Objections and Responses to Mattel's Fifth Set of Interrogatories of MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico S.R.L. de C.V. and Isaac Larian, served on November 19, 2007.

Defendants have failed to provide answers to any of Mattel's Interrogatories. As set forth in Dylan Proctor's letter, dated November 19, 2007, regarding your clients' insufficient responses to Mattel's Revised Third and Amended Fourth Sets of Interrogatories, their objections are without merit. Absent prompt resolution, Mattel anticipates filing a motion to compel and may seek sanctions.

Specifically, defendants' continued contention that Mattel has purportedly exceeded the 50 interrogatory limit is wrong. As we have previously explained, the Discovery Master's September 5, 2007 Order expressly considered whether an interrogatory which asks the responding party to "(1) state all facts, (2) identify all persons with knowledge of such facts, and/or (3) identify all documents referring or relating to such facts" consists of "discrete subparts." Order, at 6. He ruled that such "subparts are *not* discrete," and that "subparts seeking

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07975/2302086.1

EXHIBIT  2  PAGE  12

facts supporting a contention, the identity of persons with knowledge, and documents are *not
counted separately* for purposes of applying the 50 interrogatory limit." Order, at 7 (emphases
added). As Judge Infante explained, interrogatories "'containing subparts directed at eliciting
details concerning [a] common theme should be considered a single question.'" Order, at 5
(quoting 8A Wright & Miller, Federal Practice & Procedure § 2168.1 (2d ed. 1994)). As such,
your clients' claim that terms such as "IDENTIFY" and "SOURCE OF INFORMATION"
contain discrete subparts and would require "separate, distinct and multiple responses," is
without merit. Their reliance on the portions that require them to "state . . . all facts . . .
IDENTIFY all PERSONS . . . and all DOCUMENTS" is misplaced for the same reasons.

Further, contrary to defendants' assertion, Mattel's Interrogatory No. 46 -- which seeks
information related to the breakdown in your clients' relationship with prior counsel -- is
reasonably calculated to lead to the discovery of relevant, admissible evidence. The facts
surrounding O'Melveny's withdrawal may be highly relevant, and those facts are not privileged.
If, for example, O'Melveny withdrew because your clients sought to pursue an illegal course of
conduct or to provide false testimony in this matter, such facts would certainly be relevant and
discoverable by Mattel.

The remaining objections -- including objections that the interrogatories are vague and
ambiguous, overbroad, unduly burdensome and oppressive; ask for information not in the MGA
Defendants' or Mr. Larian's possession, custody or control; and ask for information protected by
the attorney-client, work product, or joint defense privileges -- are boilerplate at best. These
purported objections do not explain, let alone justify, your clients' failure and refusal to provide
any answers whatsoever.

Please be prepared to discuss your clients' responses to Mattel's Fifth Set of Interrogatories at the
same time we discuss their responses to the Revised Third and Amended Fourth Sets. I look
forward to hearing from you.

Very truly yours,

*Michael T. Zeller/cw*

Michael T. Zeller

EXHIBIT   2   PAGE   13

**Exhibit 3**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

November 29, 2007

**VIA FACSIMILE AND EMAIL**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center
San Francisco, CA 94111-4144

Re:     Mattel v. Bryant et al.

Dear Tim:

I write pursuant to Section 5 of the Discovery Master Stipulation to request a meet and confer regarding the Objections and Responses to Mattel's Sixth and Seventh Sets of Interrogatories of MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico S.R.L. de C.V. and Isaac Larian, served on November 26, 2007.

Defendants have failed to provide answers to Mattel's Interrogatories.  As set forth in Dylan Proctor's letter, dated November 19, 2007, and my letter dated November 26, 2007, the defendants' alleged bases for refusing to answer the Interrogatories are without merit.  In particular, their claim that Mattel has purportedly exceeded the 50 interrogatory limit directly contravenes Judge Infante's September 5, 2007 Order, holding that an interrogatory which asks the responding party to "(1) state all facts, (2) identify all persons with knowledge of such facts, and/or (3) identify all documents referring or relating to such facts" does not contain discrete subparts and should be counted as a single interrogatory.  Further, defendants' remaining, boilerplate objections do not justify their continued refusal to provide answers.  Absent prompt resolution, Mattel anticipates filing a motion to compel and may seek sanctions.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT __3__ PAGE __14__

Please be prepared to discuss your clients' responses to Mattel's Sixth and Seventh Sets of Interrogatories at the same time we discuss their responses to the Revised Third, Amended Fourth, and Fifth Sets.  I look forward to hearing from you.

Very truly yours,

*Michael J. Zeller /pw*

Michael T. Zeller

cc:    Marcus Mumford, Esq.
       David Jin

2

EXHIBIT 3    PAGE 15

Exhibit 4

### SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400
FAX: (415) 984-2698
http://www.skadden.com

DIRECT DIAL
415-984-2647
EMAIL ADDRESS
TMILLER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
WASHINGTON, D.C.
WILMINGTON
—————
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

December 3, 2007

Via E-Mail and Facsimile

Michael Zeller, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:    Mattel v. Bryant, et al.

Dear Mike:

   We received your letter to Tom Nolan dated November 26, 2007,
requesting a conference of counsel regarding the Objections and Responses to
Mattel's Fifth Set of Interrogatories of MGA Entertainment, Inc., MGA
Entertainment (HK) Ltd., MGAE de Mexico S.R.L. de C.V. and Isaac Larian, served
on November 19, 2007. I sent you an e-mail on Thursday, November 29, 2007,
offering to confer by telephone today, December 3, 2007, at 3:30 p.m. I did not hear
from you in response to my offer. I thought it would be productive to the meet and
confer process to outline for you in this letter the position of MGA, MGA (HK),
MGA Mexico and Mr. Larian with respect to those objections and responses and the
points raised in your letter.

   Mattel's Interrogatory No. 46, which, as you say, "seeks information
related to the breakdown of your clients' relationship with prior counsel," improperly
seeks to invade the attorney-client relationship between the MGA entities and Mr.
Larian, on the one hand, and prior counsel, on the other hand. The MGA entities and
Mr. Larian will not respond further to that interrogatory.

   With respect to Mattel's Interrogatory No. 47, which seeks
information regarding the sources of information from which the MGA entities and
Mr. Larian have collected documents related to Bratz, the MGA entities and Mr.
Larian remain willing to meet and confer regarding their objections and responses to
this interrogatory. In connection with our continued meet and confer, be advised that

EXHIBIT  4  PAGE  16

Michael Zeller, Esq.
December 3, 2007
Page 2

the MGA entities and Mr. Larian do not stand on the objection that Mattel's Fifth Set of Interrogatories exceed the 50-interrogatory limit as a basis for refusing to respond to the interrogatories contained in the Fifth Set.

I would be available for a confer by telephone regarding the Objections and Responses of the MGA entities' and Mr. Larian to Mattel's Fifth Set of Interrogatories tomorrow afternoon, December 4, 2007, at 3:30 p.m.  Please let me know if you are available at that time.  Please do not hesitate to call if you have any questions.

Very truly yours,

Timothy A. Miller

EXHIBIT __4__ PAGE __17__

**Exhibit  5**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 13, 2007

**VIA FACSIMILE AND U.S. MAIL**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:   Mattel, Inc. v. Carter Bryant, et al.

Dear Tim:

I write further to our meet and confers of Monday, December 10, 2007, and Wednesday, December 12, 2007, regarding the MGA Parties' ("MGA") responses and supplemental responses to Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh sets of interrogatories.

First, MGA confirmed, as it had stated in prior correspondence, that it does not stand on the objection that Mattel's Third, Fourth or Fifth Sets of Interrogatories purportedly exceeds the 50-interrogatory limit as a basis for refusing to respond to these interrogatories. You also stated that MGA was not standing on this objection with respect the Sixth and Seventh sets as well, and indeed, MGA has provided a partial response to Mattel's 48th, 49th and 50th interrogatories.

Second, you confirmed that the responses and supplemental responses MGA has provided to date merely lay out what MGA views as the "basic facts" or a "fair representation of the facts," and do not provide details. You explained, regarding Mattel's contention interrogatories, that all the facts on which MGA intends to rely are encompassed by the facts it has disclosed, but that MGA

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT  5  PAGE  18

has not articulated all of those facts. MGA also confirmed that, in some cases, it has unilaterally limited its responses by disregarding the definitions in Mattel's requests, and instead answering as though Mattel's defined terms do not have the definitions specified in the interrogatories. MGA also confirmed that it has not and will not identify documents with specificity for Mattel's requests that call for an identification of documents. As we explained, Mattel disagrees with these limitations on MGA's responses.

MGA did offer to provide Mattel with what it said should be a "substantial supplement" to many of its responses to provide addition detail by January 7, 2007. However, when I asked which interrogatories MGA is willing to supplement, you stated that MGA was not yet certain of this. You also would not commit to providing a full and complete response not limited by objections to any of Mattel's interrogatories. You also said MGA would not use the definitions of "Bratz Invention" and other terms provided in Mattel's interrogatories in forming its responses, and may or may not fully respond in light of the meaning of those terms specified in the interrogatories, and would not commit to identify all documents by Bates number.

MGA also identified several interrogatories for which MGA refuses to provide any supplemental response, namely Nos. 39 and 46.

<u>Interrogatories Nos. 27, 28, 29</u>

MGA stated that in responding to Nos. 27, 28 and 29, it did not use the definition of the term "Bratz Invention" provided by Mattel in its Revised Third Set of Interrogatories, but instead interpreted these interrogatories by using the more limited definition of the term "invention" that MGA believes is used in utility patent law. Mattel pointed out that this significantly limited MGA's response, and also directly contradicted MGA's assurance in its Supplemental Responses to Mattel, Inc.'s Revised Third Set of Interrogatories that MGA "[would] respond using words contained within the Mattel definition in their normal accepted meaning." You confirmed that MGA had not so responded.

MGA also stated that the facts it had identified as supporting its contentions were, as with the other requests, the "basic facts" on which it intends to rely, but not the "details." I explained that Mattel disagrees with that limitation, and with MGA's failure to identify documents for these and all other requests that call for an identification of documents.

<u>Interrogatories Nos. 30, 31, 32, 34, 35, 36, 37, 38, 42</u>

Mattel pointed out that all of MGA's responses to these interrogatories are incomplete for one or more reasons, either because they fail to adequately disclose the facts supporting MGA's contentions, do not identify any witnesses with knowledge of the facts on which MGA's contentions are based, or do not identify any documents at all, by category or number. You confirmed that, while these responses do not contain a detailed explanation of all the facts on which MGA's contentions are based, they do provide the "basic facts" or a "fair representation of MGA's position" with respect to the subject of each of these interrogatories.

EXHIBIT  5    PAGE  19

With respect to Interrogatory No. 34, you stated that some of the documents to be identified are privileged, as reflected in the Responses, and that MGA would not produce such documents. I asked whether MGA would identify them on its privilege logs. You said you would consider that.

Interrogatory No. 39

In response to MGA's inquiry as to why bank account information is relevant, Mattel has explained more than once that it is entitled to third party discovery, including from bank and financial institutions, in order to verify relevant financial information provided by MGA or any other party in the suit and to obtain financial information that MGA has failed to produce. We also pointed out that Judge Infante has already effectively ruled on this issue. Furthermore, both parties have put MGA's financial information and status directly at issue. MGA engaged in financial transactions that directly relate to and thus evidence the timing of Bratz. MGA has committed acts in commercial bribery, which makes its financial transactions directly at issue. MGA itself has chosen put entire acquisitions, such as those involving Zapf and Smoby, at issue in its unclean hands defense. Furthermore, Mattel has punitive damages claims to which MGA's financials are pertinent.

Interrogatory No. 41

Mattel pointed out that MGA's response is incomplete in that it fails to provide either the date of first contact or the date of any employment interview(s) for any of the employees listed in the response. Mattel also pointed out that MGA provided no dates of employment whatsoever with respect to Carter Bryant. MGA promised to investigate this matter, and consider whether it would supplement. MGA confirmed that the list of employees it has provided is complete to the best of its knowledge, and not limited by objections. Please let me know if MGA is willing to supplement its response to this interrogatory as soon as possible.

Interrogatories Nos. 43 and 44

Mattel pointed out that MGA's responses to Nos. 43 and 44 are improper in that they simply refer to MGA's response to Interrogatory No. 3 of Mattel's First Set of Interrogatories Re: Claims of Unfair Competition, which do not provide the information requested in these interrogatories.

Interrogatory No. 45

MGA stated that it produced the documents needed to obtain the information sought in this interrogatory, on Friday, Dec. 7, 2007 and Wednesday, December 12, 2007.

Interrogatory No. 46

MGA continues to refuse to respond to Interrogatory No. 46. When I asked why, you stated that MGA's position is that all of the information requested is protected by the attorney-client privilege. As I explained, we disagree with that assertion.

EXHIBIT __5__ PAGE __20__

### Interrogatories Nos. 40 and 47

MGA did not commit to provide an additional supplemental response to No. 40 or any substantive response to No. 47, but instead proposed that Mattel and MGA exchange "source logs" regarding the entirety of their productions in lieu of MGA's provision of a response. According to MGA's proposal, these "source logs" would provide certain information for every document produced by MGA, including each document's Bates number, the identity of the individual who created the document and the location where the document was located by MGA for production, e.g. the server where it was found.  MGA stated that it has already gathered this information for 90% of the documents it produced in this case.  Mattel pointed out that the interrogatory is both more narrow and more broad than this -- it does not request source information for every document in this case, and instead seeks information only about key early Bratz documents, but it also does seek additional information MGA proposes not be included on the source logs.

According to MGA's proposal, Mattel must waive its right to seek a full response to this interrogatory were it to accept.  Mattel is unwilling to agree to MGA's proposal because, under it, MGA would not provide the information Mattel seeks.  MGA then said it would consider whether it would supplement its response.  Please let me know if it intends to.

### Interrogatory No. 48

Mattel pointed out that MGA's response is incomplete in that it fails to identify each product which MGA contends has been infringed by Mattel.  MGA responded that its answer contains the "basic facts."  MGA also added that its answer may be incomplete as the subject matter of this interrogatory will be the source of expert testimony, and an expert may identify additional facts that support MGA's contention.  That is not acceptable since it necessarily will allow MGA to sandbag Mattel by introducing new products into the litigation at the time of expert reports and thus after fact discovery has closed.

### Interrogatory No. 49

Mattel stated that MGA's response is incomplete in that it fails to identify each Mattel product that MGA contends copies, infringes or dilutes any MGA trade dress.  MGA responded that it contends that every MY SCENE doll infringes each identified element of the trade dress of the Bratz line of dolls and each MY SCENE PET doll infringes upon each identified element of the trade dress of the Bratz Petz line of dolls.

### Interrogatory No. 50

MGA stated that its response to No. 50 is a "fair representation of MGA's position" with respect to its contention that any trade dress identified in No. 48 is protectible, though details are not provided.

EXHIBIT __5__ PAGE __21__

As we discussed, please let me know if MGA is willing to agree to supplement any of the interrogatories as to which it has not yet responded with its position.

Very truly yours,

*B. Dylan Proctor /MJM*

B. Dylan Proctor

EXHIBIT  5  PAGE 22

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     December 13, 2007

**NUMBER OF PAGES, INCLUDING COVER: 6**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller, Esq. Skadden, Arps, Slate, Meagher & Flom | | 888-329-1836 |

**FROM:**     Mark J. Murray

**RE:**     Mattel, Inc. v. Carter Bryant, et al.

**MESSAGE:**

Please deliver promptly.

| CLIENT# | 7209 | ROUTE/ RETURN TO: | | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT     5     PAGE 23

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

FAXED
DEC 1 3 2007

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** 12/13/07

**NUMBER OF PAGES, INCLUDING COVER:**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Timothy A. Miller | | 213-687-5600 |

**FROM:** Mark Murray

**RE:**

**MESSAGE:**

**CLIENT #** 7209   **ROUTE/ RETURN TO:** Mark M.   ☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT

**OPERATOR:**   **CONFIRMED?** ☐ No ☐ Yes: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT___5___ PAGE__24__

Confirmation Report — Memory Send

Page         : 001
Date & Time: 12-13-2007   18:07
Line 1       : 2134433100
Line 2       :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 828 |
| Date | : | 12-13  18:04 |
| To | : | ☎9414000720901213687560 |
| Number of pages | : | 006 |
| Start time | : | 12-13  18:04 |
| End time | : | 12-13  18:07 |
| Pages sent | : | 006 |
| Status | : | OK |

Job number     : 828              *** SEND SUCCESSFUL ***

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 100-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

LOS ANGELES OFFICE
FACSIMILE TRANSMISSION

DATE: 12-/13/07

NUMBER OF PAGES, INCLUDING COVER:

NAME/COMPANY          Timothy A. Miller

FROM:          Mark Murray

PHONE NO.

FAX NO.          213 -687- 5700

RE:

MESSAGE:

CLIENT # 7209      ROUTE/RETURN TO:  Mark M.          ☐ CONFIRM FAX
OPERATOR:                                              ☐ INCLUDE CONF. REPORT
                            CONFIRMED?    ☐ No  ☐ Yes

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  5  PAGE  25

Exhibit 6

**From:** Miller, Timothy A [mailto:Timothy.Miller@skadden.com]
**Sent:** Tuesday, December 18, 2007 1:24 PM
**To:** Dylan Proctor
**Cc:** Nolan, Thomas J (LAC); Adler, Douglas B (LAC); Park, Amy S (PAL); Kennedy, Raoul D (SFC)
**Subject:** Your December 13, 2007, Letter re the MGA Parties' supplemental responses to Interrogatories

Dylan:

I am in receipt of your December 13, 2007, letter following up on our December 10 meet and confer regarding the MGA Parties supplemental responses to Mattel's Revised Third, Amended Fouth, Fifth, Sixth and Seventh sets of Interrogatories.  I have been very busy preparing MGA's opposition to Mattel's motion re 30(b)(6) orders, particularly given your firm's refusal to grant us a one-day extension of time to file those papers (notwithstanding our agreement to grant you a requested one-day extension on a Mattel filing).  I will respond to your letter as soon as I am able.

Regards,

Tim

**Timothy A. Miller**
**Skadden, Arps, Slate, Meagher & Flom LLP**
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Direct Dial:  415-984-2647
Fax: 415-984-2698
tmiller@skadden.com

EXHIBIT __6__ PAGE 26

----------------------------------------------------------------------------------

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise (

*****************************************************

This e-mail and any attachments thereto, is intended only for use by the addressee(s) named here:

Further information about the firm, a list of the Partners and their professional qualifications

*****************************************************

======================================================================================

EXHIBIT ___6___ PAGE _27_

**Exhibit 7**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13            Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14       vs. | |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES |
| 16            Defendant. | Discovery Cut-off: January 14, 2008 Pre-trial Conference:  April 7, 2008 |
| 17 | Trial Date:  April 29, 2008 |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.:  June 2, 2008 |
| 19 | Trial Date:  July 1, 2008 |

20

21

22  PROPOUNDING PARTY:     Mattel, Inc.

23  RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter

24                         Bryant, MGA Entertainment (HK) Limited, MGAE

25                         de Mexico S.R.L. de C.V., and Carlos Gustavo

26                         Machado Gomez

27  SET NO.:               THREE

28                                    9-21-07

07209/2229699.1

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

EXHIBIT 7    PAGE 28

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof.  The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                         **<u>Definitions</u>**

11      1.    "YOU" and "YOUR" mean each of the Responding Parties.

12      2.    "BRYANT" means Carter Bryant individually.

13      3.    "LARIAN" means Isaac Larian individually.

14      4.    "MGA" means MGA Entertainment, Inc., any of its current or

15  former employees, officers, directors, agents, representatives, attorneys, experts,

16  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18  Without limiting the foregoing, "MGA" includes the entities known as ABC

19  International Traders or ABC International Traders, Inc.  For purposes of the these

20  Interrogatories, "MGA" does not include BRYANT.

21      5.    "MATTEL" means Mattel, Inc., its current employees, officers,

22  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24  PERSON acting on its behalf, pursuant to its authority or subject to its control.

25      6.    "AFFILIATES" means any and all corporations, proprietorships,

26  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27  indirectly, in whole or in part, own or control, are under common ownership or

28  control with, or are owned or controlled by a PERSON, party or entity, including

07209/2229699.1

-2-
EXHIBIT __7__ PAGE _29_

1  without limitation each parent, subsidiary and joint venture of such PERSON, party

2  or entity.

3          7.      "PERSON" or "PERSONS" means all natural persons,

4  partnerships, corporations, joint ventures and any kind of business, legal or public

5  entity or organization, as well as its, his or her agents, representatives, employees,

6  officers and directors and any one else acting on its, his or her behalf, pursuant to

7  its, his or her authority or subject to its, his or her control.

8          8.      "DESIGN" or "DESIGNS" means any and all representations,

9  whether two-dimensional or three-dimensional, and whether in tangible, digital,

10 electronic or other form, including but not limited to all works, designs, artwork,

11 sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12 diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13 practice, developments, inventions and/or improvements, as well as all other items,

14 things and DOCUMENTS in which any of the foregoing are or have been

15 expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16 or in part.

17         9.      "BRATZ" means any project, product, doll or DESIGN ever

18 known by that name (whether in whole or in part and regardless of what such

19 project, product or doll is or has been also, previously or subsequently called) and

20 any product, doll or DESIGN or any portion thereof that is now or has ever been

21 known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22 in part and regardless of what such product, doll or DESIGN or portion thereof is or

23 has been also, previously or subsequently called) or that is now or has ever been

24 sold or marketed as part of the "Bratz" line, and each version or iteration of such

25 product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

26 DESIGN or any portion thereof" also includes without limitation any names,

27 fashions, accessories, artwork, packaging or any other works, materials, matters or

28 items included or associated therewith.  Without limiting the generality of the

1   foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2   discovery requests, the term "BRATZ" does not and shall not require that there be a

3   doll existing at the time of the event, incident or occurrence that is the subject of, or

4   otherwise relevant or responsive to, the Interrogatories.

5           10.   "BRATZ INVENTION" means any representation, idea,

6   concept, work, process, procedure, plan, improvement, design or other development,

7   whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,

8   including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ.

9           11.   "SOLD," "SELL" or "SALE" means to distribute, market,

10  license, sell, offer to sell, or convey or transfer in any way for compensation.

11          12.   "BRATZ DOLL" means any doll that is or has ever been SOLD

12  that REFERS OR RELATES TO BRATZ.

13          13.   "BRATZ MOVIE" means any motion picture or film that is or

14  has ever been SOLD that REFERS OR RELATES TO BRATZ.

15          14.   "BRATZ TELEVISION SHOW" means any production

16  exhibited on television that is or has ever been SOLD that REFERS OR RELATES

17  TO BRATZ.

18          15.   "BRATZ PRODUCT" means any product, whether two-

19  dimensional or three-dimensional, and whether in tangible, digital, electronic or

20  other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

21  RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

22  MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

23  product that is or has ever been SOLD in any packaging that includes the name

24  "Bratz" or REFERS OR RELATES TO BRATZ.

25          16.   "ANGEL" refers to those projects, products, dolls or DESIGNS,

26  sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are

27  the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-

28  20, MGA000724-28 and MGA000734. Without limiting the generality of the

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "ANGEL" does not require that there be a doll existing

3  at the time of the event, incident or occurrence that is the subject of, or otherwise

4  relevant or responsive to, the Interrogatories.

5          17.   "ACQUIRE" means to acquire, obtain, have vested in, enter into

6  agreement for, buy, purchase, and/or procure in any way, or purport to do any of the

7  same.

8          18.   "TRANSFER" means to sell, license, give away, vest in or

9  transfer in any way, or purport to do any of the same.

10          19.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

11  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

12  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

13  limited to, all writings and records of every type and description including, but not

14  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

15  electronic mail ("e-mail"), records of telephone conversations, handwritten and

16  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

17  and summaries of meetings, voice recordings, pictures, photographs, drawings,

18  computer cards, tapes, discs, printouts and records of all types, studies, instruction

19  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

20  checks and every other device or medium by which or through which information of

21  any type is transmitted, recorded or preserved. Without any limitation on the

22  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

23  from the original or other versions of the DOCUMENT, including, but not limited

24  to, all drafts and all copies of such drafts or originals containing initials, comments,

25  notations, insertions, corrections, marginal notes, amendments or any other variation

26  of any kind.

27          20.   "REFER OR RELATE TO" a given subject matter means relate

28  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

EXHIBIT  7   PAGE  32

1 identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

2 contradict, or in any way pertain to that subject matter, either directly or indirectly.

3        21.   "CREATED" means created, produced, prepared, authored,

4 improved, developed, altered, conceived of or reduced to practice, whether in whole

5 or in part, and whether alone or jointly with others.

6        22.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV

7 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

8 therewith.

9        23.   "INVENTIONS AGREEMENT" means the Confidential

10 Information and Inventions Agreement signed by BRYANT on or about January 4,

11 1999 and produced in this action by MATTEL as M0001596, or any other version

12 of such January 4, 1999 agreement.

13        24.   "COMPLAINT" means Mattel, Inc.'s Complaint in Case No. CV

14 04-9059 SGL (RNBx), filed on April 27, 2004.

15        25.   "COUNTERCLAIMS" means Mattel, Inc.'s Second Amended

16 Answer in Case No. 05-2727 and Counterclaims, filed on July 12, 2007.

17        26.   "DIGITAL INFORMATION" means any information created or

18 stored digitally, including but not limited to electronically, magnetically or optically.

19        27.   "STORAGE DEVICE" means any computer hard drive,

20 memory, USB device, tape, storage array or any other device or medium that allows

21 a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

22 copy, retain, store or maintain DIGITAL INFORMATION.

23        28.   "IDENTIFY" or "IDENTITY" means the following:

24        (a)   with reference to an individual or individuals, means to

25 state, fully and separately as to each, such individual's full name, any known

26 business title, current or last known business affiliation, current or last known

27 residential address, current or last known business address, current or last known

28 relationship to MGA, and current or last known telephone number.

-6-

1          (b)  with reference to an entity or entities, means to state, fully

2  and separately as to each, such entity's full name, state (or country) of incorporation

3  or organization, present or last known address, and present or last known telephone

4  number.

5          (c)  with reference to a BRATZ INVENTION or BRATZ

6  INVENTIONS, means to state, fully and separately as to each, the Bates-number of

7  any DOCUMENT which REFERS OR RELATES TO the BRATZ INVENTION or,

8  if no such DOCUMENT has been produced, a full and complete description of the

9  BRATZ INVENTION and of all DOCUMENTS that REFER OR RELATE to the

10  BRATZ INVENTION; the IDENTITY of the individual author(s) or creator(s) of

11  the BRATZ INVENTION as well as of each other individual who contributed in any

12  manner to the BRATZ INVENTION; the form, material and medium of the BRATZ

13  INVENTION, if any (*e.g.*, preliminary three-dimensional resin sculpture, final

14  three-dimensional wax sculpture, digitized file of final three-dimensional wax

15  sculpture, two-dimensional design drawing on paper); the title or name of the

16  BRATZ INVENTION, if any; the version, modification, revision or iteration

17  number of the BRATZ INVENTION, if any; the current location of the original of

18  the BRATZ INVENTION; the first day and last day on which the BRATZ

19  INVENTION was CREATED; and whether the entire invention was CREATED

20  during the period of time listed in the Interrogatory and, if not, which aspects or

21  portions of the BRATZ INVENTION were CREATED during that period of time,

22  which were CREATED earlier, and which were CREATED later.

23          (d)  with reference to a STORAGE DEVICE, means to state,

24  fully and separately as to each, the individual(s) that use or have used the

25  STORAGE DEVICE; the current location of the STORAGE DEVICE if it presently

26  exists (including the IDENTITY of the PERSON who possesses the STORAGE

27  DEVICE) or, if it no longer exists, the date on which it was destroyed or disposed

28  of; the type of STORAGE DEVICE (*e.g.*, hard drive, USB drive, etc.); whether the

-7-

1  STORAGE DEVICE has ever been copied or imaged and, if so, the current location

2  of each copy or image of the STORAGE DEVICE that has been made (including the

3  IDENTITY of the PERSONS who possess such copies or images) and the date(s) on

4  which such copies or images were made; the manufacturer name, brand, model

5  name, model number and serial number of the STORAGE DEVICE; and the

6  technical specifications and capacities of such STORAGE DEVICE.

7              (e)     with reference to a bank or financial institution account or

8  accounts, means to state, fully and separately as to each account, the name of the

9  bank or financial institution, the location and/or branch of the bank or financial

10 institution, the account number, the name in which the account is or was held, and

11 the time period during which the account is or was open.

12             (f)     with reference to a BRATZ PRODUCT, means to state,

13 fully and separately as to each, the full name of the product; the number of the

14 product; the SKU of the product; any other applicable designation of the product

15 useful for identification; the period of time during which the product was, has been

16 or will be SOLD; and the IDENTITY of each PERSON who has licensed from

17 YOU the right to SELL such BRATZ PRODUCT.

18             (g)     with reference to any other DOCUMENT or

19 DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

20 event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

21 respect to each such DOCUMENT, to provide a complete description of it such that

22 it may be the subject of a request for the production of documents, including by

23 stating the date, identity of the author, addressee(s), signatories, parties, or other

24 PERSONS identified therein, its present location or custodian and a description of

25 its contents.

26             29.    "Any" as used in these interrogatories includes the word "all,"

27 and the word "all" as used in these interrogatories includes the word "any."

28

1    30.    The singular form of a noun or pronoun includes within its

2  meaning the plural form of the noun or pronoun so used, and vice versa; the use of

3  the masculine form of a pronoun also includes within its meaning the feminine form

4  of the pronoun so used, and vice versa; the use of any tense of any verb includes

5  also within its meaning all other tenses of the verb so used, whenever such

6  construction results in a broader request for information; and "and" includes "or"

7  and vice versa, whenever such construction results in a broader disclosure of

8  documents or information.

9

10                              **Instructions**

11    A.    When an interrogatory requests that YOU provide information,

12  YOU are required to supply all information known by or available to YOU or

13  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

14  If YOU cannot completely answer the interrogatory after making diligent efforts to

15  do so, please so state. Then describe in detail all efforts made to answer the

16  interrogatory; identify every PERSON involved in such efforts; and state the

17  additional information YOU need, if any, to respond completely to the interrogatory.

18

19                              **Interrogatories**

20

21  INTERROGATORY NO. 27:

22    IDENTIFY each and every BRATZ INVENTION YOU contend was

23  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

24  INVENTION so identified state all facts that support YOUR contention that such

25  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

26  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and

27  all DOCUMENTS which REFER OR RELATE TO such facts.

28

1 INTERROGATORY NO. 28:

2       IDENTIFY each and every BRATZ INVENTION YOU contend was

3 CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

4 for each BRATZ INVENTION so identified state all FACTS that support YOUR

5 contention that such BRATZ INVENTION (or aspects or portions thereof) was

6 CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

7 PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

8 RELATE TO such facts.

9

10 INTERROGATORY NO. 29:

11       IDENTIFY each and every BRATZ INVENTION that was CREATED,

12 in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

13 BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

14 the timing of the creation of such BRATZ INVENTION and IDENTIFY all

15 PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

16 RELATE TO such facts.

17

18 INTERROGATORY NO. 30:

19       State all facts that support YOUR contention, if YOU so contend, that,

20 assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

21 pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

22 and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

23 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

24 REFER OR RELATE TO such facts.

25

26 INTERROGATORY NO. 31:

27       State all facts that support YOUR contention, if YOU so contend, that

28 the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

-10-
MATTEL'S REVISED THIRD SET OF INTERROGATORIES

EXHIBIT ___7___ PAGE 37

1   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
2   RELATE TO such facts.

3

4   <u>INTERROGATORY NO. 32:</u>

5         State all facts that support YOUR contention, if YOU so contend, that
6   MATTEL is not or would not be entitled to injunctive relief as requested in its
7   COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that
8   MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all
9   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
10  RELATE TO such facts.

11

12  <u>INTERROGATORY NO. 33:</u>

13        State all facts that support YOUR contention, if YOU so contend, that
14  MATTEL is not entitled to an award of punitive or exemplary damages against
15  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all
16  DOCUMENTS that REFER OR RELATE TO such facts.

17

18  <u>INTERROGATORY NO. 34:</u>

19        State all facts that support YOUR contention, if YOU so contend, that
20  YOU did not intentionally interfere with the INVENTIONS AGREEMENT when
21  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
22  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
23  DOCUMENTS that REFER OR RELATE TO such facts.

24

25  <u>INTERROGATORY NO. 35:</u>

26        State all facts that support YOUR contention, if YOU so contend, that
27  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by
28  BRYANT to MATTEL when BRYANT performed work or services with or for

EXHIBIT __7__ PAGE _38_

1   MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

2   with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

3   such facts.

4

5   INTERROGATORY NO. 36:

6          State all facts that support YOUR contention, if YOU so contend, that

7   YOU acted with an innocent state of mind or reasonably believed that MATTEL did

8   not own any rights in any BRATZ INVENTION when BRYANT purported to

9   TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

10  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

11  RELATE TO such facts.

12

13  INTERROGATORY NO. 37:

14         State all facts that support YOUR contention, if YOU so contend, that

15  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

16  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

17  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

18  such facts.

19

20  INTERROGATORY NO. 38:

21         State all facts that support YOUR contention, if YOU so contend, that

22  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to

23  MATTEL when BRYANT performed work or services with or for MGA while

24  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

25  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

26  facts.

27

28

-12-
MATTEL'S REVISED THIRD SET OF INTERROGATORIES

EXHIBIT ___7___ PAGE _39_

1   INTERROGATORY NO. 39:

2           IDENTIFY each and every bank or financial institution account that

3   REFERS OR RELATES TO YOU, including accounts in YOUR name or for

4   YOUR benefit, since January 1, 1999.

5

6   INTERROGATORY NO. 40:

7           IDENTIFY each and every STORAGE DEVICE that YOU have used

8   for any purpose which contains or contained DIGITAL INFORMATION that

9   REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10

11   INTERROGATORY NO. 41:

12           IDENTIFY all PERSONS who at any time have been employed by or

13   under contract with MATTEL who are now or have been employed by or under

14   contract with YOU since January 1, 1999, and, for each such PERSON, state his or

15   her name, date of hire or effective date of contract, the date on which YOU first had

16   contact with such PERSON regarding potential employment or contracting, the

17   date(s) on which such PERSON was interviewed for possible employment or

18   contracting, each title (if any) such PERSON has held while employed by or under

19   contract with YOU, and the date of termination (if applicable).

20

21   DATED:  September 21, 2007          QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP
22

23

24                                       By_____
                                            B. Dylan Proctor
25                                          Attorneys for Plaintiff
                                            Mattel, Inc.
26

27

28

07209/2229699.1

-13-

MATTEL'S REVISED THIRD SET OF INTERROGATORIES

EXHIBIT  7   PAGE 40

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4   On September 21, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** on the parties in this

5   action as follows:  .

6   Diana M. Torres, Esq.                    John W. Keker, Esq.
    **O'MELVENY & MYERS, LLP**        Michael H. Page, Esq.

7   400 S. Hope Street                      Christina M. Anderson, Esq.
    Los Angeles, CA 90071           Keker & Van Nest, LLP

8   *Attorneys for MGA ENTERTAINMENT,*   710 Sansome Street
    *INC.*                             San Francisco, CA 94111

9                                            *Attorneys for Carter Bryant*

10  Patricia Glaser, Esq.                James Spertus
    **Christensen, Glaser, Fink, Jacobs, Weil**  **Law Offices of James W. Spertus**

11      **& Shapiro, LLP**             12100 Wilshire Blvd., Suite 620
    10250 Constellation Blvd., 19th Floor   Los Angeles, CA 90025

12  Los Angeles, CA  90067
    *Attorney for MGA Entertainment*

13  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

14      I declare that I am employed in the office of a member of the bar of this Court at whose

15  direction the service was made.

16      Executed on September 21, 2007, at Los Angeles, California.

17

18                                _____

19                      NOW LEGAL – Dave Quintana

20

21

22

23

24

25

26

27

28

07209/2229579.1

EXHIBIT 7   PAGE 41

**Exhibit 8**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
4    Jon D. Corey (Bar No. 185066)
     (joncorey@quinnemanuel.com)
5    Timothy L. Alger (Bar No. 160303)
     (timalger@quinnemanuel.com)
6  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
7  Telephone:  (213) 443-3000
   Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14  vs. | |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S FOURTH SET OF INTERROGATORIES |
| 16  Defendant. | Discovery Cut-off: January 14, 2008 Pre-trial Conference:  April 7, 2008 |
| 17 | Trial Date:  April 29, 2008 |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.: June 2, 2008 |
| 19 | Trial Date:  July 1, 2008 |

20
21
22  PROPOUNDING PARTY:        Mattel, Inc.

23  RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

24                            Bryant, MGA Entertainment (HK) Limited, MGAE

25                            de Mexico S.R.L. de C.V., and Carlos Gustavo

26                            Machado Gomez

27  SET NO.:                  FOUR

28

*10-12*

07209/2254170.1

1      Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof.  The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the Federal Rules of Civil Procedure.

9

10                            **Definitions**

11        1.    "YOU" and "YOUR" mean each of the Responding Parties.

12        2.    "BRYANT" means Carter Bryant individually.

13        3.    "LARIAN" means Isaac Larian individually.

14        4.    "MGA" means MGA Entertainment, Inc., any of its current or

15  former employees, officers, directors, agents, representatives, attorneys, experts,

16  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18  Without limiting the foregoing, "MGA" includes the entities known as ABC

19  International Traders or ABC International Traders, Inc.  For purposes of the these

20  Interrogatories, "MGA" does not include BRYANT.

21        5.    "MATTEL" means Mattel, Inc., its current employees, officers,

22  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24  PERSON acting on its behalf, pursuant to its authority or subject to its control.

25        6.    "AFFILIATES" means any and all corporations, proprietorships,

26  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27  indirectly, in whole or in part, own or control, are under common ownership or

28  control with, or are owned or controlled by a PERSON, party or entity, including

07209/2254170.1

-2-

1   without limitation each parent, subsidiary and joint venture of such PERSON, party
2   or entity.

3          7.    "PERSON" or "PERSONS" means all natural persons,
4   partnerships, corporations, joint ventures and any kind of business, legal or public
5   entity or organization, as well as its, his or her agents, representatives, employees,
6   officers and directors and any one else acting on its, his or her behalf, pursuant to
7   its, his or her authority or subject to its, his or her control.

8          8.    "DESIGN" or "DESIGNS" means any and all representations,
9   whether two-dimensional or three-dimensional, and whether in tangible, digital,
10  electronic or other form, including but not limited to all works, designs, artwork,
11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
13  practice, developments, inventions and/or improvements, as well as all other items,
14  things and DOCUMENTS in which any of the foregoing are or have been
15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
16  or in part.

17         9.    "BRATZ" means any project, product, doll or DESIGN ever
18  known by that name (whether in whole or in part and regardless of what such
19  project, product or doll is or has been also, previously or subsequently called) and
20  any product, doll or DESIGN or any portion thereof that is now or has ever been
21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or
22  in part and regardless of what such product, doll or DESIGN or portion thereof is or
23  has been also, previously or subsequently called) or that is now or has ever been
24  sold or marketed as part of the "Bratz" line, and each version or iteration of such
25  product, doll or DESIGN or any portion thereof. As used herein, "product, doll or
26  DESIGN or any portion thereof" also includes without limitation any names,
27  fashions, accessories, artwork, packaging or any other works, materials, matters or
28  items included or associated therewith. Without limiting the generality of the

-3-

EXHIBIT __8__   PAGE __44__

1 foregoing, and contrary to MGA's recent assertions in connection with other Mattel
2 discovery requests, the term "BRATZ" does not and shall not require that there be a
3 doll existing at the time of the event, incident or occurrence that is the subject of, or
4 otherwise relevant or responsive to, the Interrogatories.

5           10.   "SOLD," "SELL" or "SALE" means to distribute, market,
6 license, sell, offer to sell, or convey or transfer in any way for compensation.

7           11.   "BRATZ DOLL" means any doll that is or has ever been SOLD
8 that REFERS OR RELATES TO BRATZ.

9           12.   "BRATZ PRODUCT" means any product, whether two-
10 dimensional or three-dimensional, and whether in tangible, digital, electronic or
11 other form, that is or has ever been SOLD that, in whole or in part, REFERS OR
12 RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ
13 MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any
14 product that is or has ever been SOLD in any packaging that includes the name
15 "Bratz" or REFERS OR RELATES TO BRATZ.

16           13.   "BRATZ MOVIE" means any motion picture or film that is or
17 has ever been SOLD that REFERS OR RELATES TO BRATZ.

18           14.   "BRATZ TELEVISION SHOW" means any production
19 exhibited on television that is or has ever been SOLD that REFERS OR RELATES
20 TO BRATZ.

21           15.   "BASED ON" means substantially similar to, a copy of or a
22 derivative of.

23           16.   "DOCUMENT" or "DOCUMENTS" means all "writings" and
24 "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil
25 Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not
26 limited to, all writings and records of every type and description including, but not
27 limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
28 electronic mail ("e-mail"), records of telephone conversations, handwritten and

1  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

2  and summaries of meetings, voice recordings, pictures, photographs, drawings,

3  computer cards, tapes, discs, printouts and records of all types, studies, instruction

4  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

5  checks and every other device or medium by which or through which information of

6  any type is transmitted, recorded or preserved.  Without any limitation on the

7  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

8  from the original or other versions of the DOCUMENT, including, but not limited

9  to, all drafts and all copies of such drafts or originals containing initials, comments,

10  notations, insertions, corrections, marginal notes, amendments or any other variation

11  of any kind.

12        17.    "REFER OR RELATE TO" a given subject matter means relate

13  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

14  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

15  contradict, or in any way pertain to that subject matter, either directly or indirectly.

16        18.    "IDENTIFY" or "IDENTITY" means the following:

17        (a)    with reference to an individual or individuals, means to

18  state, fully and separately as to each, such individual's full name, any known

19  business title, current or last known business affiliation, current or last known

20  residential address, current or last known business address, current or last known

21  relationship to MGA, and current or last known telephone number.

22        (b)    with reference to an entity or entities, means to state, fully

23  and separately as to each, such entity's full name, state (or country) of incorporation

24  or organization, present or last known address, and present or last known telephone

25  number.

26        (c)    with reference to a BRATZ PRODUCT, means to state,

27  fully and separately as to each, the full name of the product; the number of the

28  product; the SKU of the product; any other applicable designation of the product

1  useful for identification; the period of time during which the product was, has been

2  or will be SOLD; and the IDENTITY of each PERSON who has licensed from

3  YOU the right to SELL such BRATZ PRODUCT.

4          (d)    with reference to any other DOCUMENT or

5  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

6  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

7  respect to each such DOCUMENT, to provide a complete description of it such that

8  it may be the subject of a request for the production of documents, including by

9  stating the date, identity of the author, addressee(s), signatories, parties, or other

10 PERSONS identified therein, its present location or custodian and a description of

11 its contents.

12         19.    "Any" as used in these interrogatories includes the word "all,"

13 and the word "all" as used in these interrogatories includes the word "any."

14         20.    The singular form of a noun or pronoun includes within its

15 meaning the plural form of the noun or pronoun so used, and vice versa; the use of

16 the masculine form of a pronoun also includes within its meaning the feminine form

17 of the pronoun so used, and vice versa; the use of any tense of any verb includes

18 also within its meaning all other tenses of the verb so used, whenever such

19 construction results in a broader request for information; and "and" includes "or"

20 and vice versa, whenever such construction results in a broader disclosure of

21 documents or information.

22

23              **Instructions**

24         A.    When an interrogatory requests that YOU provide information,

25 YOU are required to supply all information known by or available to YOU or

26 YOUR employees, officers, directors, agents, representatives, attorneys and experts.

27 If YOU cannot completely answer the interrogatory after making diligent efforts to

28 do so, please so state. Then describe in detail all efforts made to answer the

EXHIBIT  8  PAGE  47

1    interrogatory; identify every PERSON involved in such efforts; and state the

2    additional information YOU need, if any, to respond completely to the interrogatory.

3

4    **Interrogatories**

5

6    INTERROGATORY NO. 42:

7          State all facts that support YOUR contention, if YOU so contend, that

8    any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

9    on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

10   such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11

12   INTERROGATORY NO. 43:

13         For each concept, design, product, product packaging or other matter

14   that YOU contend MATTEL copied or infringed, including but not limited to those

15   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

16   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

17   Supplemental Responses to such Interrogatory), state the date that each such

18   concept, design, product, product packaging or other matter was conceived, and

19   IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

20   OR RELATE TO, the foregoing.

21

22   INTERROGATORY NO. 44:

23         For each concept, design, product, product packaging or other matter

24   that YOU contend MATTEL copied or infringed, including but not limited to those

25   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

26   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

27   Supplemental Responses to such Interrogatory), state the date that each such

28   concept, design, product, product packaging or other matter was first fixed in any

                              -7-

EXHIBIT 8 PAGE 48

1 | tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2 | knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4 | **INTERROGATORY NO. 45:**

5 |     State all facts which support YOUR contention, if YOU so contend,

6 | that YOU have suffered harm, damage or injury as a result of any act or omission of

7 | MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all

8 | DOCUMENTS that REFER OR RELATE TO such facts.

9

10 | DATED:  October 12, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11

12 |                                  By_B. Dylan Proctor_____

13 |                                  B. Dylan Proctor
                                      Attorneys for Plaintiff

14 |                                  Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT __8__ PAGE __49__

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 12, 2007, I served true copies of the following document(s) described as

1.      **MATTEL, INC.'S FOURTH SET OF INTERROGATORIES**

on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MEYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 12, 2007, at Los Angeles, California.

NOW LEGAL – Dave Quintana

07209/2241940.1

-1-

EXHIBIT __8__   PAGE __50__

**Exhibit 9**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13         Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14         vs. | |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES |
| 16 | |
| 17         Defendant. | [Amended Only to Delete Former Interrogatory No. 45] |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cut-off: January 14, 2008 |
| 19 | Pre-trial Conference: April 7, 2008 Trial Date: April 29, 2008 |
| 20 | Discovery Cutoff: March 3, 2008 |
| 21 | Final Pretrial Conf.: June 2, 2008 Trial Date: July 1, 2008 |
| 22 | |

23  PROPOUNDING PARTY:      Mattel, Inc.

24  RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

25                          Bryant, MGA Entertainment (HK) Limited, MGAE

26                          de Mexico S.R.L. de C.V., and Carlos Gustavo

27                          Machado Gomez

28  SET NO.:                FOUR

10-23

EXHIBIT __9__ PAGE __51__

1   Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3   Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4   Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5   individually answer the following Interrogatories separately and fully, in writing and

6   under oath, within 30 days after service hereof.  The Responding Parties shall be

7   obligated to supplement their responses to the Interrogatories at such times and to

8   the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                              **Definitions**

11       1.      "YOU" and "YOUR" mean each of the Responding Parties.

12       2.      "BRYANT" means Carter Bryant individually.

13       3.      "LARIAN" means Isaac Larian individually.

14       4.      "MGA" means MGA Entertainment, Inc., any of its current or

15   former employees, officers, directors, agents, representatives, attorneys, experts,

16   divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

17   other PERSON acting on its behalf, pursuant to its authority or subject to its control.

18   Without limiting the foregoing, "MGA" includes the entities known as ABC

19   International Traders or ABC International Traders, Inc.  For purposes of the these

20   Interrogatories, "MGA" does not include BRYANT.

21       5.      "MATTEL" means Mattel, Inc., its current employees, officers,

22   directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

23   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

24   PERSON acting on its behalf, pursuant to its authority or subject to its control.

25       6.      "AFFILIATES" means any and all corporations, proprietorships,

26   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

27   indirectly, in whole or in part, own or control, are under common ownership or

28   control with, or are owned or controlled by a PERSON, party or entity, including

-2-

EXHIBIT 9   PAGE 52

1   without limitation each parent, subsidiary and joint venture of such PERSON, party

2   or entity.

3        7.    "PERSON" or "PERSONS" means all natural persons,

4   partnerships, corporations, joint ventures and any kind of business, legal or public

5   entity or organization, as well as its, his or her agents, representatives, employees,

6   officers and directors and any one else acting on its, his or her behalf, pursuant to

7   its, his or her authority or subject to its, his or her control.

8        8.    "DESIGN" or "DESIGNS" means any and all representations,

9   whether two-dimensional or three-dimensional, and whether in tangible, digital,

10  electronic or other form, including but not limited to all works, designs, artwork,

11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13  practice, developments, inventions and/or improvements, as well as all other items,

14  things and DOCUMENTS in which any of the foregoing are or have been

15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16  or in part.

17       9.    "BRATZ" means any project, product, doll or DESIGN ever

18  known by that name (whether in whole or in part and regardless of what such

19  project, product or doll is or has been also, previously or subsequently called) and

20  any product, doll or DESIGN or any portion thereof that is now or has ever been

21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22  in part and regardless of what such product, doll or DESIGN or portion thereof is or

23  has been also, previously or subsequently called) or that is now or has ever been

24  sold or marketed as part of the "Bratz" line, and each version or iteration of such

25  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

26  DESIGN or any portion thereof" also includes without limitation any names,

27  fashions, accessories, artwork, packaging or any other works, materials, matters or

28  items included or associated therewith.  Without limiting the generality of the

07209/2254170.1

-3-

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5          10.    "SOLD," "SELL" or "SALE" means to distribute, market,

6  license, sell, offer to sell, or convey or transfer in any way for compensation.

7          11.    "BRATZ DOLL" means any doll that is or has ever been SOLD

8  that REFERS OR RELATES TO BRATZ.

9          12.    "BRATZ PRODUCT" means any product, whether two-

10  dimensional or three-dimensional, and whether in tangible, digital, electronic or

11  other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

12  RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

13  MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

14  product that is or has ever been SOLD in any packaging that includes the name

15  "Bratz" or REFERS OR RELATES TO BRATZ.

16          13.    "BRATZ MOVIE" means any motion picture or film that is or

17  has ever been SOLD that REFERS OR RELATES TO BRATZ.

18          14.    "BRATZ TELEVISION SHOW" means any production

19  exhibited on television that is or has ever been SOLD that REFERS OR RELATES

20  TO BRATZ.

21          15.    "BASED ON" means substantially similar to, a copy of or a

22  derivative of.

23          16.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

24  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

25  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

26  limited to, all writings and records of every type and description including, but not

27  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

28  electronic mail ("e-mail"), records of telephone conversations, handwritten and

-4-

EXHIBIT ___9___ PAGE _54_

1   typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
2   and summaries of meetings, voice recordings, pictures, photographs, drawings,
3   computer cards, tapes, discs, printouts and records of all types, studies, instruction
4   manuals, policy manuals and statements, books, pamphlets, invoices, canceled
5   checks and every other device or medium by which or through which information of
6   any type is transmitted, recorded or preserved.  Without any limitation on the
7   foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
8   from the original or other versions of the DOCUMENT, including, but not limited
9   to, all drafts and all copies of such drafts or originals containing initials, comments,
10  notations, insertions, corrections, marginal notes, amendments or any other variation
11  of any kind.

12          17.    "REFER OR RELATE TO" a given subject matter means relate
13  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,
14  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,
15  contradict, or in any way pertain to that subject matter, either directly or indirectly.

16          18.    "IDENTIFY" or "IDENTITY" means the following:
17                 (a)    with reference to an individual or individuals, means to
18  state, fully and separately as to each, such individual's full name, any known
19  business title, current or last known business affiliation, current or last known
20  residential address, current or last known business address, current or last known
21  relationship to MGA, and current or last known telephone number.

22                 (b)    with reference to an entity or entities, means to state, fully
23  and separately as to each, such entity's full name, state (or country) of incorporation
24  or organization, present or last known address, and present or last known telephone
25  number.

26                 (c)    with reference to a BRATZ PRODUCT, means to state,
27  fully and separately as to each, the full name of the product; the number of the
28  product; the SKU of the product; any other applicable designation of the product

07209/2254170.1

-5-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT __9__ PAGE __55__

1   useful for identification; the period of time during which the product was, has been

2   or will be SOLD; and the IDENTITY of each PERSON who has licensed from

3   YOU the right to SELL such BRATZ PRODUCT.

4              (d)      with reference to any other DOCUMENT or

5   DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the

6   event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

7   respect to each such DOCUMENT, to provide a complete description of it such that

8   it may be the subject of a request for the production of documents, including by

9   stating the date, identity of the author, addressee(s), signatories, parties, or other

10   PERSONS identified therein, its present location or custodian and a description of

11   its contents.

12         19.    "Any" as used in these interrogatories includes the word "all,"

13   and the word "all" as used in these interrogatories includes the word "any."

14         20.    The singular form of a noun or pronoun includes within its

15   meaning the plural form of the noun or pronoun so used, and vice versa; the use of

16   the masculine form of a pronoun also includes within its meaning the feminine form

17   of the pronoun so used, and vice versa; the use of any tense of any verb includes

18   also within its meaning all other tenses of the verb so used, whenever such

19   construction results in a broader request for information; and "and" includes "or"

20   and vice versa, whenever such construction results in a broader disclosure of

21   documents or information.

22

23                        **Instructions**

24         A.     When an interrogatory requests that YOU provide information,

25   YOU are required to supply all information known by or available to YOU or

26   YOUR employees, officers, directors, agents, representatives, attorneys and experts.

27   If YOU cannot completely answer the interrogatory after making diligent efforts to

28   do so, please so state. Then describe in detail all efforts made to answer the

07209/2254170.1

-6-

EXHIBIT __9__ PAGE __56__

1  interrogatory; identify every PERSON involved in such efforts; and state the

2  additional information YOU need, if any, to respond completely to the interrogatory.

3

4  **Interrogatories**

5

6  INTERROGATORY NO. 42:

7  State all facts that support YOUR contention, if YOU so contend, that

8  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

9  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

10  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11

12  INTERROGATORY NO. 43:

13  For each concept, design, product, product packaging or other matter

14  that YOU contend MATTEL copied or infringed, including but not limited to those

15  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

16  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

17  Supplemental Responses to such Interrogatory), state the date that each such

18  concept, design, product, product packaging or other matter was conceived, and

19  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

20  OR RELATE TO, the foregoing.

21

22  INTERROGATORY NO. 44:

23  For each concept, design, product, product packaging or other matter

24  that YOU contend MATTEL copied or infringed, including but not limited to those

25  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

26  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

27  Supplemental Responses to such Interrogatory), state the date that each such

28  concept, design, product, product packaging or other matter was first fixed in any

07209/2254170.1

-7-

EXHIBIT ___9___ PAGE __57__

1  tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2  knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4

5  DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                                    By B. Dylan Proctor

8                                    B. Dylan Proctor
                                     Attorneys for Plaintiff
9                                    Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2254170.1

-8-

EXHIBIT  9  PAGE  58

1

## PROOF OF SERVICE

2

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

3

4

On October 23, 2007, I served true copies of the following document(s) described as

5

**1.      MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
**[Amended Only to Delete Former Interrogatory No. 45]**

6

7

on the parties in this action as follows:

8

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER
& FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN
SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

9

10

11

12

13

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

14

15

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

16

Executed on October 23, 2007, at Los Angeles, California.

17

18

19

NOW LEGAL -- Dave Quintana

20

21

22

23

24

25

26

27

28

07209/2263102.1

-1-

EXHIBIT   9   PAGE   59

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.  **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
    **[Amended Only to Delete Former Interrogatory No. 45]**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

07209/2241940.1

-1-

EXHIBIT  9  PAGE  60