**Exhibit 10**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>MATTEL, INC.'S FIFTH SET OF INTERROGATORIES<br><br>Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008<br><br>Discovery Cutoff: March 3, 2008<br>Final Pretrial Conf.: June 2, 2008<br>Trial Date: July 1, 2008 |

PROPOUNDING PARTY:      Mattel, Inc.

RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

Bryant, MGA Entertainment (HK) Limited, MGAE

de Mexico S.R.L. de C.V., and Carlos Gustavo

Machado Gomez

SET NO.:                FIVE

07209/2259967.1

10-19

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof. The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure.</u>

## **<u>Definitions</u>**

1.      "YOU" and "YOUR" mean each of the Responding Parties.

2.      "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES (including without limitation defendants MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc. For purposes of the these Interrogatories, "MGA" does not include BRYANT.

3.      "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.      "O'MELVENY" means the law firm of O'Melveny & Myers, LLP, and any of its current or former attorneys, partners, associates, employees, agents, representatives, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

-2-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT __10__ PAGE __62__

5.     "CHRISTENSEN" means the law firm of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP and any of its current or former attorneys, partners, associates, employees, agents, representatives, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

6.     "BRYANT" means Carter Bryant individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

7.     "LARIAN" means Isaac Larian individually, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

8.     "MACHADO" means Carlos Gustavo Machado Gomez, and his current or former employees, agents, representatives, attorneys, accountants, experts, predecessors-in-interest and successors-in-interest, and any other PERSON acting on his behalf, pursuant to his authority or subject to his control.

9.     "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

10.     "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

07209/2259967.1

-3-

EXHIBIT __10__ PAGE __63__

11.    "BRATZ" means any project, product, doll or DESIGN ever known by that name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term "Bratz" (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the "Bratz" line, and each version or iteration of such product, doll or DESIGN or any portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also includes without limitation any names, fashions, accessories, artwork, packaging or any other works, materials, matters or items included or associated therewith. Without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "BRATZ" does not and shall not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

12.    "DESIGN" or "DESIGNS" means any and all representations, whether two-dimensional or three-dimensional, and whether in tangible, digital, electronic or other form, including but not limited to all works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements, as well as all other items, things and DOCUMENTS in which any of the foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner, whether in whole or in part.

13.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to,

1   contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail
2   ("e-mail"), records of telephone conversations, handwritten and typewritten notes of
3   any kind, statements, reports, minutes, recordings, transcripts and summaries of
4   meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,
5   discs, printouts and records of all types, studies, instruction manuals, policy manuals
6   and statements, books, pamphlets, invoices, canceled checks and every other device or
7   medium by which or through which information of any type is transmitted, recorded or
8   preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall
9   include all copies that differ in any respect from the original or other versions of the
10  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or
11  originals containing initials, comments, notations, insertions, corrections, marginal
12  notes, amendments or any other variation of any kind.

13          14.   "COMMUNICATION" or "COMMUNICATIONS" means and
14  includes any disclosure, transfer or exchange of information between two or more
15  PERSONS, whether orally or in writing, including without limitation, any conversation
16  or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,
17  telex, telecopier, electronic mail, or any other electronic or other medium, including
18  without limitation in written, audio or video form.

19          15.   "REFER OR RELATE TO" a given subject matter means relate to,
20  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,
21  state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,
22  or in any way pertain to that subject matter, either directly or indirectly.

23          16.   "DIGITAL INFORMATION" means any information created or
24  stored digitally, including but not limited to electronically, magnetically or optically.

25          17.   "STORAGE DEVICE" means any computer hard drive,
26  memory, USB device, tape, storage array or any other device or medium that allows
27  a user, whether permanently, temporarily or otherwise, to create, generate, transmit,
28  copy, retain, store or maintain DIGITAL INFORMATION.

07209/2259967.1

-5-

EXHIBIT __10__ PAGE __65__

18.   "SOURCE OF INFORMATION" means any medium containing DOCUMENTS or other information, whether in paper, electronic or other form, including but not limited to any STORAGE DEVICE, file, file cabinet or other any other source of information or DOCUMENTS.

19.   "COLLECT," "COLLECTED" or "COLLECTION," with reference to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for, analyze or in any other way collect or review or attempt to collect or review such DOCUMENTS in connection with YOUR search for, review of and/or production of DOCUMENTS in this ACTION.

20.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated therewith.

21.   "IDENTIFY" or "IDENTITY" means the following:

(a)   with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b)   with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c)   with reference to a SOURCE OF INFORMATION, means to describe and state, fully and separately as to each, the SOURCE OF INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION and differentiate each such SOURCE OF INFORMATION from all other SOURCES OF INFORMATION, including without limitation by stating its nature (e.g., USB drive, computer hard drive, file cabinet, etc.), and any unique identifier information

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT __10__   PAGE __66__

1  (such as hard drive serial number); the physical location(s), including full address

2  information and full identifying computer network drive information if applicable, of

3  each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of

4  DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such

5  DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the

6  IDENTITY of each natural person or individual who is, was or has been associated

7  with each such SOURCE OF INFORMATION; the date(s) on which YOU

8  COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in

9  connection with this ACTION; whether, at the time of YOUR COLLECTION of

10 DOCUMENTS from such SOURCE OF INFORMATION, each such SOURCE OF

11 INFORMATION contained or included DOCUMENTS that REFER OR RELATE TO

12 BRATZ and the time period prior to February 28, 2001; and the IDENTITY of any

13 DOCUMENTS, by Bates number, that YOU have produced from each such SOURCE

14 OF INFORMATION to Mattel in this ACTION that REFER OR RELATE TO BRATZ

15 and that also REFER OR RELATE TO the time period prior to February 28, 2001

16 (regardless of when such DOCUMENT was, in whole or part, created, drafted,

17 generated, sent, received or transmitted).

18          (d)     with reference to any other DOCUMENT or DOCUMENTS,

19 means to describe each DOCUMENT by Bates number.  In the event that a

20 DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

21 such DOCUMENT, to provide a complete description of it such that it may be the

22 subject of a request for the production of documents, including by stating the date,

23 identity of the author, addressee(s), signatories, parties, or other PERSONS identified

24 therein, its present location or custodian and a description of its contents.

25          22.    "Any" as used in these interrogatories includes the word "all," and

26 the word "all" as used in these interrogatories includes the word "any."

27          23.    The singular form of a noun or pronoun includes within its meaning

28 the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

-7-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT ___10___ PAGE ___67___

1  form of a pronoun also includes within its meaning the feminine form of the pronoun so

2  used, and vice versa; the use of any tense of any verb includes also within its meaning

3  all other tenses of the verb so used, whenever such construction results in a broader

4  request for information; and "and" includes "or" and vice versa, whenever such

5  construction results in a broader disclosure of documents or information.

6

7                                     **Instructions**

8

9          A.     When     an     interrogatory     requests     disclosure     of     a

10  COMMUNICATION or other information as to which YOU claim any privilege or

11  protection as a ground for nondisclosure, identify each PERSON who participated in or

12  had knowledge of the COMMUNICATION or other information and provide the

13  following:

14          (i)     the privilege or protection that YOU claim precludes disclosure;

15          (ii)    the subject matter of the COMMUNICATION or information

16                  (without revealing the content as to which the privilege is claimed);

17                  and

18          (iii)   any additional facts or grounds on which YOU base YOUR claim

19                  of privilege or protection.

20          B.     When an interrogatory requests that YOU provide information,

21  YOU are required to supply all information known by or available to YOU or

22  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

23  If YOU cannot completely answer the interrogatory after making diligent efforts to

24  do so, please so state.  Then describe in detail all efforts made to answer the

25  interrogatory; identify every PERSON involved in such efforts; and state the

26  additional information YOU need, if any, to respond completely to the interrogatory.

27

28

07209/2259967.1

-8-

MATTEL'S FIFTH SET OF INTERROGATORIES

EXHIBIT __10__ PAGE __68__

## Interrogatories

INTERROGATORY NO. 46:

Without disclosing the content of communications which are protected by the attorney-client privilege, state fully and in detail all facts which REFER OR RELATE TO any dispute relating to THIS ACTION between, on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to any and all disputes which were or have been asserted as a basis for, or which underlie, contributed to or were a factor in, the withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 47:

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).

DATED:  October 19, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By Dylan Proctor
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

07209/2259967.1

-9-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 19, 2007, I served true copies of the following document(s) described as

**1.      MATTEL, INC.'S FIFTH SET OF INTERROGATORIES**

on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

_____
NOW LEGAL — Dave Quintana

07209/2261472.1

-1-

EXHIBIT ___10___ PAGE ___70___

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 19, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIFTH SET OF INTERROGATORIES** on the parties in this action as follows:

> Michael H. Page, Esq.
> **KEKER & VAN NEST, LLP**
> 710 Sansome Street
> San Francisco, CA 94111

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 19, 2007, at Los Angeles, California.

Charlene Ho

EXHIBIT __10__ PAGE __71__

Exhibit 11

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|----|-------------------------------|--------------------------------|
| 13 | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14 | vs. | |
| 15 | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SIXTH SET OF INTERROGATORIES |
| 16 | Defendant. | [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND |
| 17 | | WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH |
| 18 | AND CONSOLIDATED ACTIONS | SET OF INTERROGATORIES] |
| 19 | | Discovery Cut-off: January 14, 2008 Pre-trial Conference: April 7, 2008 |
| 20 | | Trial Date: April 29, 2008 |
| 21 | | Discovery Cutoff: March 3, 2008 Final Pretrial Conf.: June 2, 2008 |
| 22 | | Trial Date: July 1, 2008 |
| 23 | | |
| 24 | PROPOUNDING PARTY: | Mattel, Inc. |
| 25 | RESPONDING PARTIES: | MGA Entertainment, Inc., Isaac Larian, Carter |
| 26 | | Bryant, MGA Entertainment (HK) Limited, MGAE |
| 27 | | de Mexico S.R.L. de C.V., and Carlos Gustavo |
| 28 | | Machado Gomez |

07209/2263699.1

10 - 23

EXHIBIT   11   PAGE   72

1          Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2 ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3 Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4 Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5 individually answer the following Interrogatories separately and fully, in writing and

6 under oath, within 30 days after service hereof.  The Responding Parties shall be

7 obligated to supplement their responses to the Interrogatories at such times and to

8 the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                        **<u>Definitions</u>**

11       1.      "YOU" and "YOUR" mean each of the Responding Parties.

12       2.      "MGA" means MGA Entertainment, Inc., any of its current or

13 former employees, officers, directors, agents, representatives, attorneys, experts,

14 divisions, AFFILIATES (including without limitation MGA Entertainment (HK)

15 Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

16 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

17 authority or subject to its control.  Without limiting the foregoing, "MGA" includes the

18 entities known as ABC International Traders or ABC International Traders, Inc.  For

19 purposes of the these Interrogatories, "MGA" does not include BRYANT.

20       3.      "AFFILIATES" means any and all corporations, proprietorships,

21 d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

22 indirectly, in whole or in part, own or control, are under common ownership or control

23 with, or are owned or controlled by a PERSON, party or entity, including without

24 limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

25       4.      "PERSON" or "PERSONS" means all natural persons, partnerships,

26 corporations, joint ventures and any kind of business, legal or public entity or

27 organization, as well as its, his or her agents, representatives, employees, officers and

28

1   directors and any one else acting on its, his or her behalf, pursuant to its, his or her

2   authority or subject to its, his or her control.

3        5.     "DESIGN" or "DESIGNS" means any and all representations,

4   whether two-dimensional or three-dimensional, and whether in tangible, digital,

5   electronic or other form, including but not limited to all works, designs, artwork,

6   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

7   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

8   practice, developments, inventions and/or improvements, as well as all other items,

9   things and DOCUMENTS in which any of the foregoing are or have been expressed,

10  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11       6.     "BRATZ" means any project, product, doll or DESIGN ever known

12  by that name (whether in whole or in part and regardless of what such project, product

13  or doll is or has been also, previously or subsequently called) and any product, doll or

14  DESIGN or any portion thereof that is now or has ever been known as, or sold or

15  marketed under, the name or term "Bratz" (whether in whole or in part and regardless

16  of what such product, doll or DESIGN or portion thereof is or has been also, previously

17  or subsequently called) or that is now or has ever been sold or marketed as part of the

18  "Bratz" line, and each version or iteration of such product, doll or DESIGN or any

19  portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also

20  includes without limitation any names, fashions, accessories, artwork, packaging or any

21  other works, materials, matters or items included or associated therewith. Without

22  limiting the generality of the foregoing, and contrary to MGA's recent assertions in

23  connection with other Mattel discovery requests, the term "BRATZ" does not and shall

24  not require that there be a doll existing at the time of the event, incident or occurrence

25  that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

26       7.     "SOLD," "SELL" or "SALE" means to distribute, market, license,

27  sell, offer to sell, or convey or transfer in any way for compensation.

28

-3-

EXHIBIT __11__ PAGE __74__

1        8.      "BRATZ PRODUCT" means any product, whether two-dimensional

2   or three-dimensional, and whether in tangible, digital, electronic or other form, that is

3   or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ,

4   including but not limited to any BRATZ DOLL, BRATZ MOVIE, or BRATZ

5   TELEVISION SHOW, and including but not limited to any product that is or has ever

6   been SOLD in any packaging that includes the name "Bratz" or REFERS OR

7   RELATES TO BRATZ.

8        9.      "BRATZ DOLL" means any doll that is or has ever been SOLD

9   that REFERS OR RELATES TO BRATZ.

10       10.     "BRATZ MOVIE" means any motion picture or film that is or has

11  ever been SOLD that REFERS OR RELATES TO BRATZ.

12       11.     "BRATZ TELEVISION SHOW" means any production exhibited

13  on television that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

14       12.     "DOCUMENT" or "DOCUMENTS" means all "writings" and

15  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

16  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited

17  to, all writings and records of every type and description including, but not limited to,

18  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

19  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

20  any kind, statements, reports, minutes, recordings, transcripts and summaries of

21  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

22  discs, printouts and records of all types, studies, instruction manuals, policy manuals

23  and statements, books, pamphlets, invoices, canceled checks and every other device or

24  medium by which or through which information of any type is transmitted, recorded or

25  preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall

26  include all copies that differ in any respect from the original or other versions of the

27  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

28

07209/2263699.107209/22
63194.1

-4-

1  originals containing initials, comments, notations, insertions, corrections, marginal

2  notes, amendments or any other variation of any kind.

3       13.   "COMMUNICATION" or "COMMUNICATIONS" means and

4  includes any disclosure, transfer or exchange of information between two or more

5  PERSONS, whether orally or in writing, including without limitation, any conversation

6  or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,

7  telex, telecopier, electronic mail, or any other electronic or other medium, including

8  without limitation in written, audio or video form.

9       14.   "IDENTIFY" or "IDENTITY" means the following:

10       (a)   with reference to an individual or individuals, means to state,

11  fully and separately as to each, such individual's full name, any known business title,

12  current or last known business affiliation, current or last known residential address,

13  current or last known business address, current or last known relationship to MGA, and

14  current or last known telephone number.

15       (b)   with reference to an entity or entities, means to state, fully and

16  separately as to each, such entity's full name, state (or country) of incorporation or

17  organization, present or last known address, and present or last known telephone

18  number.

19       (c)   with reference to a BRATZ PRODUCT, means to state, fully

20  and separately as to each, the full name of the product; the number of the product; the

21  SKU of the product; any other applicable designation of the product useful for

22  identification; the period of time during which the product was, has been or will be

23  SOLD; and the IDENTITY of each PERSON who has licensed from YOU the right to

24  SELL such BRATZ PRODUCT.

25       (d)   with reference to any other DOCUMENT or DOCUMENTS,

26  means to describe each DOCUMENT by Bates number.  In the event that a

27  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

28  such DOCUMENT, to provide a complete description of it such that it may be the

1 subject of a request for the production of documents, including by stating the date,
2 identity of the author, addressee(s), signatories, parties, or other PERSONS identified
3 therein, its present location or custodian and a description of its contents.

4        15.     "Any" as used in these interrogatories includes the word "all," and
5 the word "all" as used in these interrogatories includes the word "any."

6        16.     The singular form of a noun or pronoun includes within its meaning
7 the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
8 form of a pronoun also includes within its meaning the feminine form of the pronoun so
9 used, and vice versa; the use of any tense of any verb includes also within its meaning
10 all other tenses of the verb so used, whenever such construction results in a broader
11 request for information; and "and" includes "or" and vice versa, whenever such
12 construction results in a broader disclosure of documents or information.

13

14                        **Instructions**

15

16        A.      When   an   interrogatory   requests   disclosure   of   a
17 COMMUNICATION or other information as to which YOU claim any privilege or
18 protection as a ground for nondisclosure, identify each PERSON who participated in or
19 had knowledge of the COMMUNICATION or other information and provide the
20 following:

21        (i)     the privilege or protection that YOU claim precludes disclosure;
22        (ii)    the subject matter of the COMMUNICATION or information
23                (without revealing the content as to which the privilege is claimed);
24                and
25        (iii)   any additional facts or grounds on which YOU base YOUR claim
26                of privilege or protection.
27        B.      When an interrogatory requests that YOU provide information,
28 YOU are required to supply all information known by or available to YOU or

07209/2263699.107209/22
63194.1

-6-

EXHIBIT   11   PAGE   77

1  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

2  If YOU cannot completely answer the interrogatory after making diligent efforts to

3  do so, please so state.  Then describe in detail all efforts made to answer the

4  interrogatory; identify every PERSON involved in such efforts; and state the

5  additional information YOU need, if any, to respond completely to the interrogatory.

6

7  **Interrogatory**

8

9  INTERROGATORY NO. 45:

10      IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or

11  YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a)

12  the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

13  licensees, (b) the gross and net revenue received by YOU from such SALES of each

14  such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each

15  such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and

16  (d) YOUR gross and net profits from each such BRATZ PRODUCT.

17

18  DATED: October 23, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
19

20                          By _____

21                              Michael T. Zeller
                                Attorneys for Plaintiff
22                              Mattel, Inc.

23

24

25

26

27

28

07209/2263699.1072092
63194.1

-7-

MATTEL'S SIXTH SET OF INTERROGATORIES

EXHIBIT __11__ PAGE __78__

1

**PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3   1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On October 23, 2007, I served true copies of the following document(s) described as

5   1.      **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES**
             **[INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN,**
6            **INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF**
             **INTERROGATORIES]**

7

8      on the parties in this action as follows:

9   Thomas Nolan, Esq.                        Mark E. Overland, Esq.
    **SKADDEN ARPS SLATE MEAGHER**            David C. Scheper, Esq.
    **& FLOM, LLP**                           Alexander H. Cote
10  300 South Grand Avenue, Suite 3400        **OVERLAND BORENSTEIN**
    Los Angeles, CA 90071                     **SCHEPER & KIM LLP**
11                                            300 South Grand Avenue, Suite 2750
                                              Los Angeles, CA 90071-3144
12

13

14

    **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
15  being served.

16      I declare that I am employed in the office of a member of the bar of this Court at whose
    direction the service was made.
17

18      Executed on October 23, 2007, at Los Angeles, California.

19

20  NOW LEGAL -- Dave Quintana

21

22

23

24

25

26

27

28

07209/2263102.1                        **-1-**

EXHIBIT ⏟ 11 ⏟ PAGE ⏟ 79 ⏟

1        **PROOF OF SERVICE**

2        I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3        Street, 10th Floor, Los Angeles, California 90017-2543.

4        On October 23, 2007, I served true copies of the following document(s) described as

5    **1.      MATTEL, INC.'S SIXTH SET OF INTERROGATORIES**
         **[INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN,**

6        **INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF**
         **INTERROGATORIES]**

7
         on the parties in this action as follows:

8

9        John W. Keker, Esq.
         Michael H. Page, Esq.

10       Christina M. Anderson, Esq.
         **KEKER & VAN NEST, LLP**

11       710 Sansome Street
         San Francisco, CA 94111

12
    **BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by

13   FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive
     documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or

14   provided for, addressed to the person(s) being served.

15       I declare that I am employed in the office of a member of the bar of this Court at whose
     direction the service was made.

16
         Executed on October 23, 2007, at Los Angeles, California.

17

18

19                                         Charlene Ho

20

21

22

23

24

25

26

27

28

07209/2241940.1                          -1-

EXHIBIT __11__ PAGE 80

Exhibit  12

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>MATTEL, INC.'S SEVENTH SET OF INTERROGATORIES<br><br>Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008<br><br>Discovery Cutoff: March 3, 2008<br>Final Pretrial Conf.: June 2, 2008<br>Trial Date: July 1, 2008 |

PROPOUNDING PARTY:        Mattel, Inc.

RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter

                          Bryant, MGA Entertainment (HK) Limited, MGAE

                          de Mexico S.R.L. de C.V., and Carlos Gustavo

                          Machado Gomez

SET NO.:                  SEVENTH

07209/2264383.1

10-25

1        Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant,

3   MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos

4   Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer

5   the following Interrogatories separately and fully, in writing and under oath, within 30

6   days after service hereof.  The Responding Parties shall be obligated to supplement

7   their responses to the Interrogatories at such times and to the extent required by the

8   <u>Federal Rules of Civil Procedure</u>.

9

10        **<u>Definitions</u>**

11       1.   "YOU" and "YOUR" mean each of the Responding Parties.

12       2.   "MGA" means MGA Entertainment, Inc., any of its current or

13   former employees, officers, directors, agents, representatives, attorneys, experts,

14   divisions, AFFILIATES (including without limitation MGA Entertainment (HK)

15   Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

16   successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

17   authority or subject to its control.  Without limiting the foregoing, "MGA" includes the

18   entities known as ABC International Traders or ABC International Traders, Inc.  For

19   purposes of the these Interrogatories, "MGA" does not include BRYANT.

20       3.   "MATTEL" means Mattel, Inc., its current employees, officers,

21   directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

22   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

23   PERSON acting on its behalf, pursuant to its authority or subject to its control.

24       4.   "AFFILIATES" means any and all corporations, proprietorships,

25   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

26   indirectly, in whole or in part, own or control, are under common ownership or control

27   with, or are owned or controlled by a PERSON, party or entity, including without

28   limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

1        5.     "PERSON" or "PERSONS" means all natural persons, partnerships,

2  corporations, joint ventures and any kind of business, legal or public entity or

3  organization, as well as its, his or her agents, representatives, employees, officers and

4  directors and any one else acting on its, his or her behalf, pursuant to its, his or her

5  authority or subject to its, his or her control.

6        6.     "SOLD," "SELL" or "SALE" means to distribute, market, license,

7  sell, offer to sell, or convey or transfer in any way for compensation.

8        7.     "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

9  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

10  therewith.

11        8.     "DOCUMENT" or "DOCUMENTS" means all "writings" and

12  "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

13  <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited

14  to, all writings and records of every type and description including, but not limited to,

15  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

16  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

17  any kind, statements, reports, minutes, recordings, transcripts and summaries of

18  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

19  discs, printouts and records of all types, studies, instruction manuals, policy manuals

20  and statements, books, pamphlets, invoices, canceled checks and every other device or

21  medium by which or through which information of any type is transmitted, recorded or

22  preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall

23  include all copies that differ in any respect from the original or other versions of the

24  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

25  originals containing initials, comments, notations, insertions, corrections, marginal

26  notes, amendments or any other variation of any kind.

27        9.     "REFER OR RELATE TO" a given subject matter means relate to,

28  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

1  state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

2  or in any way pertain to that subject matter, either directly or indirectly.

3      10.    "IDENTIFY" or "IDENTITY" means the following:

4          (a)    with reference to an individual or individuals, means to state,

5  fully and separately as to each, such individual's full name, any known business title,

6  current or last known business affiliation, current or last known residential address,

7  current or last known business address, current or last known relationship to MGA, and

8  current or last known telephone number.

9          (b)    with reference to an entity or entities, means to state, fully and

10  separately as to each, such entity's full name, state (or country) of incorporation or

11  organization, present or last known address, and present or last known telephone

12  number.

13          (c)    with reference to a product or packaging, means to state, fully

14  and separately as to each, the full name of the product or, in the case of packaging, the

15  product or item with which the packaging is used; the SKU number or any other

16  applicable unique identifier or designation of the product or, in the case of packaging,

17  the product or item with which the packaging is used; the time period during which the

18  product was, has been or will be SOLD or, in the case of product packaging, the time

19  period during which the product packaging was, has been or will be used; and the

20  IDENTITY of each PERSON who has licensed from YOU the right to SELL such

21  product or, in the case of product packaging, the IDENTITY of the PERSON who has

22  licensed from YOU the right to use the packaging or to SELL the products with which

23  the packaging is used.

24          (d)    with reference to any other DOCUMENT or DOCUMENTS,

25  means to describe each DOCUMENT by Bates number.  In the event that a

26  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

27  such DOCUMENT, to provide a complete description of it such that it may be the

28  subject of a request for the production of documents, including by stating the date,

EXHIBIT  12   PAGE  84

1   identity of the author, addressee(s), signatories, parties, or other PERSONS identified

2   therein, its present location or custodian and a description of its contents.

3                           (e)     with reference to a trade dress, means to describe, fully and

4   separately, each and every element that makes up the claimed trade dress and to

5   IDENTIFY each and every product or product packaging SOLD by YOU or YOUR

6   licensees that embodies, uses or employs the claimed trade dress.

7                           (f)     with reference to the protectibility of a trade dress, means to

8   state, fully and separately, all facts that support YOUR contention that such trade dress

9   is inherently distinctive or has acquired secondary meaning and that such trade dress is

10  famous if YOU so contend that such trade dress is famous; the date that YOU contend

11  such trade dress acquired secondary meaning and, if YOU contend the trade dress is

12  famous, the date on which YOU contend that it became famous; all facts that support

13  YOUR contention that such trade dress is not functional; and, if YOU are relying on

14  advertising to establish secondary meaning or fame, the dollar amounts, by year, spent

15  by YOU or anyone acting on YOUR behalf on advertising that features such trade

16  dress.

17           11.     "Any" as used in these interrogatories includes the word "all," and

18  the word "all" as used in these interrogatories includes the word "any."

19           12.     The singular form of a noun or pronoun includes within its meaning

20  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

21  form of a pronoun also includes within its meaning the feminine form of the pronoun so

22  used, and vice versa; the use of any tense of any verb includes also within its meaning

23  all other tenses of the verb so used, whenever such construction results in a broader

24  request for information; and "and" includes "or" and vice versa, whenever such

25  construction results in a broader disclosure of documents or information.

26

27

28

**Instructions**

A.    When    an    interrogatory    requests    disclosure    of    a COMMUNICATION or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, identify each PERSON who participated in or had knowledge of the COMMUNICATION or other information and provide the following:

      (i)    the privilege or protection that YOU claim precludes disclosure;

      (ii)    the subject matter of the COMMUNICATION or information (without revealing the content as to which the privilege is claimed); and

      (iii)    any additional facts or grounds on which YOU base YOUR claim of privilege or protection.

B.    When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

07209/2264383.107209/22
63218.1

-6-

**Interrogatories**

**INTERROGATORY NO. 48:**

Separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in THIS ACTION.

**INTERROGATORY NO. 49:**

For each trade dress identified in response to Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL product, packaging or other matter that YOU contend copies, infringes or dilutes such trade dress, including without limitation by describing fully and separately, for each such MATTEL product, packaging or other matter, each and every element of the claimed trade dress that YOU contend MATTEL has copied, infringed or diluted.

**INTERROGATORY NO. 50:**

For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the foregoing.

DATED: October 25, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 25, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SEVENTH SET OF INTERROGATORIES** on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 25, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

07209/2263102.1

-1-

EXHIBIT ___12___ PAGE ___88___

Exhibit 13



1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:    tnolan@skadden.com
              hposner@skadden.com
5
   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Times Square
7  New York, NY  10036
   Telephone:  (212) 735-3000
8  Facsimile:  (212) 735-2000
   E-mail:    kplevan@skadden.com
9
   Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11
12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA
                     EASTERN DIVISION
14 CARTER BRYANT, an individual       )  CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15                Plaintiff,           )  Consolidated with Case No. 04-9059
                                       )  and Case No. 05-2727
16      v.                             )
                                       )  MGA ENTERTAINMENT,
17 MATTEL, INC., a Delaware            )  INC.'S OBJECTIONS AND
   corporation                         )  RESPONSES TO MATTEL'S
18                                     )  REVISED THIRD SET OF
                  Defendant.           )  INTERROGATORIES
19                                     )
                                       )  Honorable Stephen G. Larson
20                                     )  Courtroom 1
21
22
23
24
25
26
27
28
                           11-15
   ────────────────────────────────────────────────────────────────
   MGA'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES      NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___13___ PAGE __89__

1

2   Consolidated with MATTEL, INC. v.          )   Discovery Cut-Off: March 3, 2008
    BRYANT and MGA                             )
3   ENTERTAINMENT, INC. v.                     )
    MATTEL, INC.                               )
4                                              )

5   **PROPOUNDING PARTY:**    **MATTEL, INC. ("Mattel")**

6   **RESPONDING PARTY:**     **MGA ENTERTAINMENT, INC. ("MGA")**

7   **SET NUMBER:**           **REVISED THIRD**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

MGA'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT  13  PAGE  90

## PRELIMINARY STATEMENT

MGA hereby serves its objections to Mattel's Revised Third Set of Interrogatories.  MGA is not yet in a position to serve its substantive responses to Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of MGA's representation from prior counsel of record to Skadden, Arps.  MGA intends to supplement its objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Revised Third Set of Interrogatories as soon as it is in a position to do so and after it has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

The General Response set forth herein applies to all responses that MGA is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA's discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  Mattel has produced almost no documents to date and has produced no documents from its Zeus computer system, and has not provided other discovery responses, including without limitation supplemental responses to its March 7, 2005, responses to MGA's First Set of Interrogatories (which responses were comprised almost entirely of objections).  It is

1 anticipated that further discovery, independent investigation, and legal research and

2 analysis will supply additional facts and meaning to the known facts, as well as

3 establish entirely new factual conclusions, all of which may lead MGA to discover

4 other information responsive to these Interrogatories. MGA therefore reserves the

5 right to amend or supplement this Response at any time in light of future

6 investigation, research or analysis, and also expressly reserves the right to rely on, at

7 any time, including trial, subsequently discovered information omitted from this

8 Response as a result of mistake, error, oversight or inadvertence. MGA does not

9 hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

10 characterization contained in the Interrogatories or any particular request therein,

11 even where MGA has not otherwise objected to a particular interrogatory, or has

12 agreed to provide information responsive to a particular interrogatory.

13       No incidental or implied admissions are intended by this Response.

14 These responses should not be taken as an admission that MGA accepts or admits the

15 existence of any facts set forth or assumed by any instruction, definition or

16 interrogatory.

17 **GENERAL OBJECTIONS**

18       MGA responds to these Interrogatories subject to the following general

19 objections and limitations, each of which is incorporated into each and every

20 response as though fully set forth therein:

21       1.      MGA objects to these Interrogatories to the extent they seek

22 information that is not subject to disclosure under any applicable privilege, doctrine

23 or immunity, including without limitation the attorney-client privilege, the work

24 product doctrine, the right of privacy, and all other privileges recognized under the

25 constitutional, statutory or decisional law of the United States of America, the State

26 of California or any other applicable jurisdiction.

27       2.      MGA objects to these Interrogatories to the extent they seek

28 information not relevant to the claims or defenses of any party to this action and not

1   reasonably calculated to lead to the discovery of admissible evidence.

2          3.      MGA objects to these Interrogatories to the extent they seek

3   information which by reason of public filing or otherwise is already in Mattel's

4   possession or is readily accessible to Mattel.

5          4.      MGA objects to these Interrogatories to the extent they seek the

6   disclosure of information (1) not currently within its possession, custody or control;

7   (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

8   persons, entities, or events not known to MGA.

9          5.      MGA objects to these Interrogatories to the extent they are

10  overbroad and unduly burdensome.

11         6.      MGA objects to the definitions and instructions to the extent

12  such definitions and instructions purport to enlarge, expand, or alter in any way the

13  plain meaning and scope of any specific term or specific interrogatories on the

14  ground that such enlargement, expansion, or alteration renders such a term or request

15  vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

16         7.      MGA objects to the following definitions in these

17  Interrogatories:

18         (a)      MGA objects to the definition of the term "BRATZ"

19  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

20  designed to mislead and confuse the trier of fact.  The definition includes "any

21  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

22  or in part and regardless of what such project, product or doll is or has been also,

23  previously or subsequently called) and any product, doll or DESIGN or any portion

24  thereof that is now or has ever been known as, or sold or marketed under, the name

25  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

26  or DESIGN or portion thereof is or has been also, previously or subsequently called)

27  or that is now or has ever been marketed as part of the 'Bratz' line, and each version

28  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

3

EXHIBIT   13   PAGE  93

1  By incorporating the definition of DESIGN, the overly broad definition of BRATZ

2  includes two-dimensional and three-dimensional representations, including "works,

3  designs, artwork, sketches, drawings, illustrations, representations, depictions,

4  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

5  rotocasts, reductions to practice, developments, inventions and/or improvements . . .

6  ." (Definitions, ¶ 8.) These convoluted and multi-part definitions combine to render

7  the interrogatories vague, ambiguous and overly broad, and to include within the

8  term BRATZ things that do not fairly represent the Bratz line of dolls, accessories

9  and related products that are the subject of this case.  In responding to these

10  interrogatories, MGA will interpret the term BRATZ to mean the line of dolls

11  introduced by MGA to the market for sale in May or June of 2001 and subsequent

12  dolls, accessories and other products known as Bratz or associated by MGA with the

13  Bratz line of dolls;

14          (b)    MGA objects to the definition of the term "BRATZ

15  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

16  burdensome, and designed to mislead and confuse the trier of fact.  The definition

17  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

18  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

19  "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,

20  what dolls may "deal with, comment on, respond to, . . . or in any way pertain"

21  (Definitions ¶ 20) to "BRATZ."  In responding to these interrogatories, MGA will

22  interpret the term "BRATZ DOLL" to mean the line of dolls introduced by MGA to

23  the market for sale in May or June of 2001 and subsequent dolls known as Bratz;

24          (c)    MGA objects to the definition of the term "CREATED"

25  (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly burdensome, and

26  designed to mislead and confuse the trier of fact.  The definition strays far from the

27  English meaning of the term "created" by including concepts such as "improved,"

28  "altered," "conceived of" and "reduced to practice."  Thus, by way of example, under

4

EXHIBIT __13__ PAGE __94__

1  Mattel's definition of "CREATED," the jury could be misled into believing that a
2  person "CREATED" a particular thing when that person did not, but only slightly
3  altered or improved the thing.  In responding to these interrogatories, MGA will not
4  interpret the term "CREATED," but rather will respond using words contained
5  within the Mattel definition in their normal, accepted meaning;

6          (d)    MGA objects to the definition of the term "INVENTIONS
7  AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly broad and unduly
8  burdensome, and designed to mislead and confuse the trier of fact.  The definition
9  includes "any other version of such January 4, 1999 agreement."  In responding to
10 these interrogatories, MGA will interpret the term "INVENTIONS AGREEMENT"
11 to refer to the document Bates numbered M0001596;

12         (e)    MGA objects to the definition of the term "BRATZ
13 INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly
14 burdensome, and designed to mislead and confuse the trier of fact.  The definition
15 strays far from the English meaning of the term "invention" by including concepts
16 such as representation, idea, concept, work, process, procedure, plan, improvement,
17 design and development, none of which necessarily equate to an invention.  In
18 responding to these interrogatories, MGA will not interpret the term "BRATZ
19 INVENTION," but rather will respond using words contained within the Mattel
20 definition in their normal, accepted meaning.

21         (f)    MGA objects to the terms "IDENTIFY" or "IDENTITY"
22 (Definitions ¶ 28) as overbroad, unduly burdensome, vague, ambiguous, and
23 oppressive.  Mattel's definition of these terms inherently call for answers to multiple
24 discrete questions or subparts to questions.  For example, when those terms are used
25 to reference any BRATZ INVENTION, the use of those terms requests at least 10
26 different and distinct facts: (a) the Bates number of any document that "REFERS OR
27 RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual
28 author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

1 | individual who contributed in any manner to the BRATZ INVENTION; (d) the form,
2 | material and medium of the BRATZ INVENTION; (e) the title or name of the
3 | BRATZ INVENTION; (f) the version, modification, revision or iteration number of
4 | the BRATZ INVENTION; (g) the current location of the original of the BRATZ
5 | INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)
6 | the last day on which the BRATZ INVENTION was CREATED; (j) whether the
7 | entire invention was CREATED during the period of time listed in the Interrogatory
8 | (and if not, which portions were created during, earlier, or later than the period of
9 | time listed in the Interrogatory.)  Therefore, any interrogatory that includes or
10 | incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and
11 | should be posed as separate interrogatories.

12 | (g)  MGA objects to the terms "any" and "REFER OR
13 | RELATE TO" on the grounds and to the extent that they are overbroad, unduly
14 | burdensome or are vague and ambiguous in the context of the interrogatories as
15 | written and as those interrogatories would be plainly understood absent Mattel's
16 | definitions.

17 | 8.  MGA objects to these interrogatories to the extent that they may
18 | unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not
19 | been completed and MGA is not yet necessarily in possession of all the facts and
20 | documents upon which MGA intends to rely.  All of the responses submitted
21 | herewith are tendered to Mattel with the reservation that the responses are submitted
22 | without limiting the evidence on which MGA may rely to support the contentions
23 | and defenses that MGA may assert at the trial of this action and to rebut or impeach
24 | the contentions, assertions and evidence that Mattel may present.  MGA reserves the
25 | right to supplement or amend these responses at a future date.

26 | 9.  MGA objects to each interrogatory to the extent that it seeks
27 | information that will be the subject of expert witness testimony and that is therefore
28 | premature.

6

EXHIBIT 13  PAGE 96

10. MGA objects to each interrogatory to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

11. MGA objects to each interrogatory to the extent that it calls for a legal conclusion.

12. MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these interrogatories.

13. The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any interrogatory. MGA reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14. Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MGA objects to providing responses to interrogatories that can be derived from documents that have or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA.

15. In responding to these Interrogatories, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure and any applicable local rule.

16. To the extent MGA responds to an interrogatory, it does so without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation and any other time outside ordinary business hours was not done while he was working for Mattel. MGA's response may not be taken as an admission that the information it provides in its response in any way reflects or evidences work performed by Mr. Bryant while he was working for Mattel or that MGA adopts or agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

7

EXHIBIT 13 PAGE 97

1 | interrogatory.

2 |     17.    MGA objects to each of Mattel's interrogatories because Mattel

3 | has propounded more than 50 interrogatories, including discrete subparts. Under

4 | Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

5 | side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

6 | **SPECIFIC OBJECTIONS AND RESPONSES**

7 |     Without waiving or departing from its General Response and General

8 | Objections, and specifically incorporating them in its response to each Interrogatory

9 | below, MGA makes the following additional objections and responses to specific

10 | Interrogatories:

11 | **INTERROGATORY NO. 27:**

12 |     IDENTIFY each and every BRATZ INVENTION YOU contend was

13 | CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

14 | INVENTION so identified state all facts that support YOUR contention that such

15 | BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

16 | January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

17 | DOCUMENTS which REFER OR RELATE TO such facts.

18 | **RESPONSE TO INTERROGATORY NO. 27:**

19 |     MGA incorporates by reference its General Response and General

20 | Objections above, as though fully set forth herein and specifically incorporates

21 | General Objection No. 7 (regarding the Definitions), including but not limited to its

22 | objections to the definitions of the terms BRATZ INVENTION, CREATED,

23 | IDENTIFY and REFER OR RELATES TO. MGA further objects to this

24 | interrogatory as compound because it contains discrete subparts that require separate,

25 | distinct and multiple responses. Specifically, MGA objects to the term IDENTIFY

26 | as overbroad and unduly burdensome, as Mattel's definition of this term calls for

27 | responses to multiple discrete subparts. For example, Mattel's definition of the term

28 | IDENTIFY in the context of this interrogatory would require MGA to provide a

8

EXHIBIT __13__ PAGE __98__

1  multitude of discrete responses for each BRATZ INVENTION, including:

2          (a)    the Bates number of any document that "REFERS OR RELATES

3  TO the BRATZ INVENTION;"

4          (b)    the IDENTITY of the individual author or creator of the BRATZ

5  INVENTION;

6          (c)    the IDENTITY of each other individual who contributed in any

7  manner to the BRATZ INVENTION;

8          (d)    the form, material and medium of the BRATZ INVENTION;

9          (e)    the title or name of the BRATZ INVENTION;

10         (f)    the version, modification, revision or iteration number of the

11  BRATZ INVENTION;

12         (g)    the current location of the original of the BRATZ INVENTION;

13         (h)    the first day on which the BRATZ INVENTION was CREATED;

14         (i)    the last day on which the BRATZ INVENTION was CREATED;

15         (j)    whether the entire invention was CREATED during the period of

16  time listed in the Interrogatory (and if not, which portions were created during,

17  earlier, or later than the period of time listed in the Interrogatory).

18         This interrogatory is further compounded by Mattel's definition of

19  IDENTITY, which purports to require MGA to provide the following information

20  for each of the individuals Mattel is requesting that MGA identify with respect to

21  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

22  (c) the current or last known business affiliation; (d) current or last known residential

23  address; (e) current or last known business address; (f) current or last known

24  relationship to MGA; and (g) current or last known telephone number.

25         MGA further objects to this interrogatory on the grounds that it is

26  overbroad, unduly burdensome, vague and ambiguous both generally and

27  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

28  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

EXHIBIT __13__ PAGE __99__

1 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

2 RELATES TO, is so broad and over-inclusive that it could be read to include each

3 and every thought, idea and conversation that anyone may have had about BRATZ

4 during the time period at issue.

5         MGA further objects to the extent that this interrogatory seeks

6 information that is outside of MGA's knowledge and is not in MGA's possession,

7 custody or control.  In particular, MGA objects to this interrogatory to the extent that

8 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

9 DOCUMENTS" (emphasis added).

10         MGA also objects to this interrogatory to the extent it seeks information

11 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

12 including without limitation the attorney-client privilege, the work product doctrine,

13 the right of privacy, and all other privileges recognized under the constitutional,

14 statutory or decisional law of the United States of America, the State of California or

15 any other applicable jurisdiction.  MGA further objects to the interrogatory on the

16 ground that it is premature because the invention, creation, conception, or reduction

17 to practice of Bratz (and related issues) will be the subject of expert testimony at

18 trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

19 testimony that MGA may seek to introduce at trial.  MGA will identify its experts

20 and make related disclosures in accordance with the Court's orders and applicable

21 rules.

22         MGA further objects to this interrogatory because Mattel has

23 propounded more than 50 interrogatories.  Under Judge Larson's order of February

24 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

25 04049-SGL and CV 05-02727]."

26         Subject to and without waiving the foregoing objections, MGA

27 responds as follows:  MGA is willing to meet and confer with Mattel regarding this

28 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

EXHIBIT 13     100

1    Set of Interrogatories.

2    **INTERROGATORY NO. 28:**

3        IDENTIFY each and every BRATZ INVENTION YOU contend was

4    CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

5    for each BRATZ INVENTION so identified state all FACTS that support YOUR

6    contention that such BRATZ INVENTION (or aspects or portions thereof) was

7    CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

8    PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

9    RELATE TO such facts.

10    **RESPONSE TO INTERROGATORY NO. 28:**

11        MGA incorporates by reference its General Response and General

12    Objections above, as though fully set forth herein and specifically incorporates

13    General Objection No. 7 (regarding the Definitions), including but not limited to its

14    objections to the definitions of the terms BRATZ INVENTION, CREATED,

15    IDENTIFY, and REFER OR RELATED TO. MGA further objects to this

16    interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

17    ambiguous both generally and specifically with respect to the term BRATZ

18    INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

19    RELATES TO, is so broad and over-inclusive that it could be read to include each

20    and every thought, idea and conversation that anyone may have had about BRATZ

21    during the time period at issue.

22        MGA further objects to this interrogatory as compound because it

23    contains discrete subparts that require separate, distinct and multiple responses.

24    Specifically, MGA objects to the term IDENTIFY as overbroad and unduly

25    burdensome, as Mattel's definition of this term calls for responses to multiple

26    discrete subparts. For example, Mattel's definition of the term IDENTIFY in the

27    context of this interrogatory would require MGA to provide a multitude of discrete

28    responses for each BRATZ INVENTION, including:

11

EXHIBIT __13__     161

1        (a)    the Bates number of any document that "REFERS OR RELATES

2  TO the BRATZ INVENTION;"

3        (b)    the IDENTITY of the individual author or creator of the BRATZ

4  INVENTION;

5        (c)    the IDENTITY of each other individual who contributed in any

6  manner to the BRATZ INVENTION;

7        (d)    the form, material and medium of the BRATZ INVENTION;

8        (e)    the title or name of the BRATZ INVENTION;

9        (f)    the version, modification, revision or iteration number of the

10  BRATZ INVENTION;

11        (g)    the current location of the original of the BRATZ INVENTION;

12        (h)    the first day on which the BRATZ INVENTION was CREATED;

13        (i)    the last day on which the BRATZ INVENTION was CREATED;

14        (j)    whether the entire invention was CREATED during the period of

15  time listed in the Interrogatory (and if not, which portions were created during,

16  earlier, or later than the period of time listed in the Interrogatory).

17        This interrogatory is further compounded by Mattel's definition of

18  IDENTITY, which purports to require MGA to provide the following information

19  for each of the individuals Mattel is requesting that MGA identify with respect to

20  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

21  (c) the current or last known business affiliation; (d) current or last known residential

22  address; (e) current or last known business address; (f) current or last known

23  relationship to MGA; and (g) current or last known telephone number.

24        MGA further objects to the extent that this interrogatory seeks

25  information that is outside of MGA's knowledge and is not in MGA's possession,

26  custody or control.  In particular, MGA objects to this interrogatory to the extent that

27  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

28  DOCUMENTS" (emphasis added).

12

EXHIBIT 13  PAGE 102

1   MGA also objects to this interrogatory to the extent it seeks information

2   that is not subject to disclosure under any applicable privilege, doctrine or immunity,

3   including without limitation the attorney-client privilege, the work product doctrine,

4   the right of privacy, and all other privileges recognized under the constitutional,

5   statutory or decisional law of the United States of America, the State of California or

6   any other applicable jurisdiction.

7          MGA further objects to the interrogatory on the ground that it is

8   premature because the invention, creation, conception, or reduction to practice of

9   Bratz (and related issues) will be the subject of expert testimony at trial. MGA

10  objects to this interrogatory to the extent it seeks to limit the expert testimony that

11  MGA may seek to introduce at trial. MGA will identify its experts and make related

12  disclosures in accordance with the Court's orders and applicable rules. MGA further

13  objects to the interrogatory as unduly burdensome, on the grounds that it would

14  require MGA to identify numerous documents that have already been produced and

15  are readily available to Mattel.

16         MGA further objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories. Under Judge Larson's order of February

18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19  04049-SGL and CV 05-02727]."

20         Subject to and without waiving the foregoing objections, MGA

21  responds as follows: MGA is willing to meet and confer with Mattel regarding this

22  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

23  Set of Interrogatories.

24  **INTERROGATORY NO. 29:**

25         IDENTIFY each and every BRATZ INVENTION that was CREATED,

26  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

27  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

28  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

13

EXHIBIT __13__ PAGE 103

1  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

2  RELATE TO such facts.

3  **RESPONSE TO INTERROGATORY NO. 29:**

4        MGA incorporates by reference its General Response and General

5  Objections above, as though fully set forth herein and specifically incorporates

6  General Objection No. 7 (regarding Definitions), including but not limited to its

7  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

8  OR RELATE TO, and IDENTIFY.  MGA further objects to this interrogatory as

9  compound because it contains discrete subparts that require separate, distinct and

10  multiple responses.  Specifically, MGA objects to the term IDENTIFY as overbroad

11  and unduly burdensome, as Mattel's definition of this term calls for responses to

12  multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY

13  in the context of this interrogatory would require MGA to provide a multitude of

14  discrete responses for each BRATZ INVENTION, including:

15        (a)    the Bates number of any document that "REFERS OR RELATES

16  TO the BRATZ INVENTION;"

17        (b)    the IDENTITY of the individual author or creator of the BRATZ

18  INVENTION;

19        (c)    the IDENTITY of each other individual who contributed in any

20  manner to the BRATZ INVENTION;

21        (d)    the form, material and medium of the BRATZ INVENTION;

22        (e)    the title or name of the BRATZ INVENTION;

23        (f)    the version, modification, revision or iteration number of the

24  BRATZ INVENTION;

25        (g)    the current location of the original of the BRATZ INVENTION;

26        (h)    the first day on which the BRATZ INVENTION was CREATED;

27        (i)    the last day on which the BRATZ INVENTION was CREATED;

28        (j)    whether the entire invention was CREATED during the period of

14

EXHIBIT _13_ PAGE _104_

1  time listed in the Interrogatory (and if not, which portions were created during,

2  earlier, or later than the period of time listed in the Interrogatory).

3        This interrogatory is further compounded by Mattel's definition of

4  IDENTITY, which purports to require MGA to provide the following information

5  for each of the individuals Mattel is requesting that MGA identify with respect to

6  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

7  (c) the current or last known business affiliation; (d) current or last known residential

8  address; (e) current or last known business address; (f) current or last known

9  relationship to MGA; and (g) current or last known telephone number.

10        MGA further objects to this interrogatory on the grounds that it is

11  overbroad, unduly burdensome, vague and ambiguous both generally and

12  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

13  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

14  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

15  RELATES TO, is so broad and over-inclusive that it could be read to include each

16  and every thought, idea and conversation that anyone may have had about BRATZ

17  during the time period at issue.

18        MGA further objects to the extent that this interrogatory seeks

19  information that is outside of MGA's knowledge and is not in MGA's possession,

20  custody or control.  In particular, MGA objects to this interrogatory to the extent that

21  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

22  DOCUMENTS" (emphasis added).

23        MGA also objects to this interrogatory to the extent it seeks information

24  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

25  including without limitation the attorney-client privilege, the work product doctrine,

26  the right of privacy, and all other privileges recognized under the constitutional,

27  statutory or decisional law of the United States of America, the State of California or

28  any other applicable jurisdiction.

15

EXHIBIT 13   PAGE 105

1      MGA further objects to the interrogatory on the ground that it is

2  premature because the invention, creation, conception, or reduction to practice of

3  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

4  objects to this interrogatory to the extent it seeks to limit the expert testimony that

5  MGA may seek to introduce at trial.  MGA will identify its experts and make related

6  disclosures in accordance with the Court's orders and applicable rules.  MGA further

7  objects to the interrogatory as unduly burdensome, on the grounds that it would

8  require MGA to identify numerous documents that have already been produced and

9  are readily available to Mattel.

10      MGA further objects to this interrogatory because Mattel has

11  propounded more than 50 interrogatories.  Under Judge Larson's order of February

12  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

13  04049-SGL and CV 05-02727]."

14      Subject to and without waiving the foregoing objections, MGA

15  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

16  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

17  Set of Interrogatories.

18  **INTERROGATORY NO. 30:**

19      State all facts that support YOUR contention, if YOU so contend, that,

20  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

21  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

22  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

23  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

24  REFER OR RELATE TO such facts.

25  **RESPONSE TO INTERROGATORY NO. 30:**

26      MGA incorporates by reference its General Response and General

27  Objections above, as though fully set forth herein and specifically incorporates

28  General Objection No. 7 (regarding Definitions), including but not limited to its

16

EXHIBIT _13_  PAGE _106_

1   objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

2   AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA also objects to

3   this interrogatory to the extent it seeks information that is not subject to disclosure

4   under any applicable privilege, doctrine or immunity, including without limitation

5   the attorney-client privilege, the work product doctrine, the right of privacy, and all

6   other privileges recognized under the constitutional, statutory or decisional law of

7   the United States of America, the State of California or any other applicable

8   jurisdiction. MGA further objects to this interrogatory to the extent it calls for a

9   legal conclusion. MGA further objects to the extent that this interrogatory seeks

10   information that is outside MGA's knowledge and is not in MGA's possession,

11   custody, or control. In particular, MGA objects to this interrogatory to the extent

12   that it requests MGA to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*

13   DOCUMENTS" (emphasis added).

14           MGA further objects to the interrogatory on the grounds that it is vague,

15   ambiguous and threatens to mislead the trier of fact in that it is stated in the

16   hypothetical and therefore proceeds from the false premise that Bryant assigned

17   rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

18   AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125

19   F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

20   interrogatories directed at hypothetical scenarios). Any response to this interrogatory

21   depends on, among other factual and legal factors, specifically which BRATZ

22   INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

23   which rights he assigned, which information is not provided in the incomplete

24   hypothetical scenario posited in this interrogatory.

25           MGA further objects to the interrogatory on the ground that it is

26   premature because the invention, creation, conception, or reduction to practice of

27   Bratz (and related issues) will be the subject of expert testimony at trial. MGA

28   objects to this interrogatory to the extent it seeks to limit the expert testimony that

17

EXHIBIT 13 PAGE 107

1  MGA may seek to introduce at trial.  MGA further objects on the grounds that the

2  interrogatory seeks information not relevant to any claim or defense in the action and

3  is not reasonably calculated to the discovery of admissible evidence because MGA

4  denies that Bryant assigned any such rights to Mattel.

5          MGA objects to this interrogatory because Mattel has propounded more

6  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

7  "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

8  04049-SGL and CV 05-02727]."

9  **INTERROGATORY NO. 31:**

10          State all facts that support YOUR contention, if YOU so contend, that

11  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

12  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

13  RELATE TO such facts.

14  **RESPONSE TO INTERROGATORY NO. 31:**

15          MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including but not limited to its

18  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

19  and REFER OR RELATE TO.  MGA also objects to this interrogatory to the extent

20  it seeks information that is not subject to disclosure under any applicable privilege,

21  doctrine or immunity, including without limitation the attorney-client privilege, the

22  work product doctrine, the right of privacy, and all other privileges recognized under

23  the constitutional, statutory or decisional law of the United States of America, the

24  State of California or any other applicable jurisdiction.  MGA also objects to this

25  interrogatory to the extent that it calls for a legal conclusion.

26          MGA objects that this interrogatory is an overbroad and unduly

27  burdensome contention interrogatory to the extent it asks for "all facts" which

28  supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron,*

EXHIBIT 13 PAGE 108

1  181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

2  facts, documents, and witnesses that support the denial of a statement or allegation of

3  fact" because the "universe of potentially responsive information is almost endless").

4  MGA further objects to the extent that this interrogatory seeks information outside of

5  MGA's personal knowledge and is not in MGA's possession, custody or control.  In

6  particular, MGA objects to this interrogatory to the extent that it requests that MGA

7  "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

8  (emphasis added).

9        MGA objects to this interrogatory because Mattel has propounded more

10  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

11  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

12  SGL and CV 05-02727]."

13        Subject to and without waiving the foregoing objections, MGA

14  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

15  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

16  Set of Interrogatories.

17  **INTERROGATORY NO. 32:**

18        State all facts that support YOUR contention, if YOU so contend, that

19  MATTEL is not or would not be entitled to injunctive relief as requested in its

20  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

21  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

22  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

23  such facts.

24  **RESPONSE TO INTERROGATORY NO. 32:**

25        MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 7 (regarding Definitions), including but not limited to its

28  objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

19

EXHIBIT 13 PAGE 109

1  REFER OR RELATE TO, and further objects on the ground that the interrogatory is

2  overbroad, unduly burdensome, vague and ambiguous both generally and

3  specifically with respect to the terms YOUR, YOU, MATTEL. MGA also objects to

4  this interrogatory to the extent it seeks information that is not subject to disclosure

5  under any applicable privilege, doctrine or immunity, including without limitation

6  the attorney-client privilege, the work product doctrine, the right of privacy, and all

7  other privileges recognized under the constitutional, statutory or decisional law of

8  the United States of America, the State of California or any other applicable

9  jurisdiction. MGA further objects to the interrogatory on the ground that it is

10  premature because matters affecting Mattel's ability to obtain injunctive relief may

11  be the subject of expert testimony at trial. MGA objects to this interrogatory to the

12  extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.

13  MGA will identify its experts and make related disclosures in accordance with the

14  Court's orders and applicable rules.

15       MGA notes that the issue of injunctive relief will be decided by the

16  Court after the conclusion of all jury deliberation relevant to the issue. MGA

17  believes accordingly that the Court's review of injunctive relief issue will not occur

18  until the conclusion of Phase 2.

19       MGA further objects on the ground that this interrogatory is an

20  overbroad and unduly burdensome contention interrogatory to the extent it asks for

21  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

22  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

23  requests seeking "all facts, documents, and witnesses that support the denial of a

24  statement or allegation of fact" because the "universe of potentially responsive

25  information is almost endless").

26       MGA further objects to the extent that this interrogatory seeks

27  information that is outside MGA's knowledge and is not in MGA's possession,

28  custody, or control. In particular, MGA objects to this interrogatory to the extent

EXHIBIT __13__ PAGE __110__

1  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

2  DOCUMENTS" (emphasis added).

3      MGA further objects to this interrogatory as it asks MGA to assume

4  facts contrary to evidence, and further asks it to base any response on an incomplete

5  and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan,* 125

6  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

7  interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or would

8  or would not be "entitled to injunctive relief" depends on, among other factual and

9  legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found

10  to own, and whether and/or to what extent it is determined that any Bratz products

11  that have been produced and sold are derivative works of any such BRATZ

12  INVENTIONS, which information is not provided in the incomplete hypothetical

13  scenario posited in this interrogatory.  MGA also objects to this interrogatory on the

14  grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled

15  to injunctive relief, if it is ultimately determined that Mattel owns one or more

16  BRATZ INVENTIONS.

17      MGA further objects to this interrogatory because Mattel has

18  propounded more than 50 interrogatories.  Under Judge Larson's order of February

19  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

20  04049-SGL and CV 05-02727]."

21  **INTERROGATORY NO. 33:**

22      State all facts that support YOUR contention, if YOU so contend, that

23  MATTEL is not entitled to an award of punitive or exemplary damages against

24  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

25  DOCUMENTS that REFER OR RELATE TO such facts.

26  **RESPONSE TO INTERROGATORY NO. 33:**

27      MGA incorporates by reference its General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

EXHIBIT __13__ PAGE __111__

1  General Objection No. 7 (regarding Definitions), including but not limited to its

2  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

3  and further objects on the ground that the interrogatory is overbroad, unduly

4  burdensome, vague and ambiguous both generally and specifically with respect to

5  the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term

6  YOU as defined by Mattel could be read to require MGA to state all facts supporting

7  why Mattel is not entitled to an award of punitive damages against each of the

8  responding parties in this litigation, thereby rendering the interrogatory

9  impermissibly compound.  MGA also objects to this interrogatory to the extent it

10  seeks information that is not subject to disclosure under any applicable privilege,

11  doctrine or immunity, including without limitation the attorney-client privilege, the

12  work product doctrine, the right of privacy, and all other privileges recognized under

13  the constitutional, statutory or decisional law of the United States of America, the

14  State of California or any other applicable jurisdiction.  MGA further objects to the

15  interrogatory to the extent it calls for a legal conclusion.

16        MGA further objects on the ground that this interrogatory is an

17  overbroad and unduly burdensome contention interrogatory to the extent it asks for

18  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

19  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

20  requests seeking "all facts, documents, and witnesses that support the denial of a

21  statement or allegation of fact" because the "universe of potentially responsive

22  information is almost endless").

23        MGA further objects to the extent that this interrogatory seeks

24  information that is outside MGA's knowledge and is not in MGA's possession,

25  custody, or control.  In particular, MGA objects to this interrogatory to the extent

26  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

27  DOCUMENTS" (emphasis added).

28        MGA also objects to this interrogatory on the grounds that Mattel – not

EXHIBIT 13   PAGE 112

1  MGA ~ bears the burden of proof to show that it is entitled to an award of punitive or

2  exemplary damages.

3       MGA further objects to this interrogatory because Mattel has

4  propounded more than 50 interrogatories.  Under Judge Larson's order of February

5  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

6  04049-SGL and CV 05-02727]."

7       Subject to and without waiving the foregoing objections, MGA

8  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

9  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

10  Set of Interrogatories.

11  **INTERROGATORY NO. 34:**

12       State all facts that support YOUR contention, if YOU so contend, that

13  YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

14  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

15  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

16  DOCUMENTS that REFER OR RELATE TO such facts.

17  **RESPONSE TO INTERROGATORY NO. 34:**

18       MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 7 (regarding Definitions), including but not limited to its

21  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

22  and REFER OR RELATE TO, and further objects on the ground that the

23  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

24  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

25  TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

26  defined by Mattel could be read to require MGA to state all facts supporting why

27  each of the responding parties did not "intentionally interfere with the

28  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

EXHIBIT 13   PAGE 113

1  compound. MGA also objects to this interrogatory to the extent it seeks information

2  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

3  including without limitation the attorney-client privilege, the work product doctrine,

4  the right of privacy, and all other privileges recognized under the constitutional,

5  statutory or decisional law of the United States of America, the State of California or

6  any other applicable jurisdiction. MGA further objects to the interrogatory to the

7  extent it calls for a legal conclusion.

8          MGA further objects on the ground that this interrogatory is an

9  overbroad and unduly burdensome contention interrogatory to the extent it asks for

10  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

11  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

12  requests seeking "all facts, documents, and witnesses that support the denial of a

13  statement or allegation of fact" because the "universe of potentially responsive

14  information is almost endless").

15          MGA further objects to the extent that this interrogatory seeks

16  information that is outside MGA's knowledge and is not in MGA's possession,

17  custody, or control. In particular, MGA objects to this interrogatory to the extent

18  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

19  DOCUMENTS" (emphasis added).

20          MGA further objects to this interrogatory because Mattel has

21  propounded more than 50 interrogatories. Under Judge Larson's order of February

22  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

23  04049-SGL and CV 05-02727]."

24  **INTERROGATORY NO. 35:**

25          State all facts that support YOUR contention, if YOU so contend, that

26  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

27  BRYANT to MATTEL when BRYANT performed work or services with or for

28  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

24

EXHIBIT 13 PAGE 114

1  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
2  such facts.
3  **RESPONSE TO INTERROGATORY NO. 35:**
4           MGA incorporates by reference its General Response and General
5  Objections above, as though fully set forth herein and specifically incorporates
6  General Objection No. 7 (regarding Definitions), including but not limited to its
7  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
8  and further objects on the ground that the interrogatory is overbroad, unduly
9  burdensome, vague and ambiguous both generally and specifically with respect to
10 the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,
11 the term YOU as defined by Mattel could be read to require MGA to state all facts
12 supporting why each of the responding parties "did not aid or abet any breach of
13 fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby
14 rendering the interrogatory impermissibly compound.  MGA also objects to this
15 interrogatory to the extent it seeks information that is not subject to disclosure under
16 any applicable privilege, doctrine or immunity, including without limitation the
17 attorney-client privilege, the work product doctrine, the right of privacy, and all other
18 privileges recognized under the constitutional, statutory or decisional law of the
19 United States of America, the State of California or any other applicable jurisdiction.
20 MGA further objects to the interrogatory to the extent it calls for a legal conclusion.
21          MGA further objects on the ground that this interrogatory is an
22 overbroad and unduly burdensome contention interrogatory to the extent it asks for
23 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
24 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
25 requests seeking "all facts, documents, and witnesses that support the denial of a
26 statement or allegation of fact" because the "universe of potentially responsive
27 information is almost endless").
28          MGA further objects to the extent that this interrogatory seeks

25

EXHIBIT  13  PAGE  115

1   information that is outside MGA's knowledge and is not in MGA's possession,

2   custody, or control.  In particular, MGA objects to this interrogatory to the extent

3   that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

4   DOCUMENTS" (emphasis added).

5           MGA further objects to this interrogatory because Mattel has

6   propounded more than 50 interrogatories.  Under Judge Larson's order of February

7   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

8   04049-SGL and CV 05-02727]."

9   **INTERROGATORY NO. 36:**

10          State all facts that support YOUR contention, if YOU so contend, that

11   YOU acted with an innocent state of mind or reasonably believed that MATTEL did

12   not own any rights in any BRATZ INVENTION when BRYANT purported to

13   TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

14   all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

15   RELATE TO such facts.

16   **RESPONSE TO INTERROGATORY NO. 36:**

17          MGA incorporates by reference its General Response and General

18   Objections above, as though fully set forth herein and specifically incorporates

19   General Objection No. 7 (regarding Definitions), including but not limited to its

20   objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

21   RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

22   unduly burdensome, vague and ambiguous both generally and specifically with

23   respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

24   ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

25   could be read to require MGA to state all facts supporting why each of the

26   responding parties "acted with an innocent state of mind," thereby rendering the

27   interrogatory impermissibly compound.  MGA also objects to this interrogatory to

28   the extent it seeks information that is not subject to disclosure under any applicable

MGA'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES        NO. CV 04-9049 SGL (RNBx)

EXHIBIT 13 PAGE 116

1 privilege, doctrine or immunity, including without limitation the attorney-client

2 privilege, the work product doctrine, the right of privacy, and all other privileges

3 recognized under the constitutional, statutory or decisional law of the United States

4 of America, the State of California or any other applicable jurisdiction.

5          Subject to and without waiving the foregoing objections, MGA

6 responds as follows:  MGA is willing to meet and confer with Mattel regarding this

7 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

8 Set of Interrogatories.

9 **INTERROGATORY NO. 37:**

10          State all facts that support YOUR contention, if YOU so contend, that

11 BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

12 purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

13 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

14 such facts.

15 **RESPONSE TO INTERROGATORY NO. 37:**

16          MGA incorporates by reference its General Response and General

17 Objections above, as though fully set forth herein and specifically incorporates

18 General Objection No. 7 (regarding Definitions), including but not limited to its

19 objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

20 and REFER OR RELATE TO, and further objects on the ground that the

21 interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

22 and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

23 TRANSFER.  MGA also objects to this interrogatory to the extent it seeks

24 information that is not subject to disclosure under any applicable privilege, doctrine

25 or immunity, including without limitation the attorney-client privilege, the work

26 product doctrine, the right of privacy, and all other privileges recognized under the

27 constitutional, statutory or decisional law of the United States of America, the State

28 of California or any other applicable jurisdiction.  MGA further objects to the

27

EXHIBIT  13    PAGE  117

1  interrogatory to the extent it calls for a legal conclusion.  MGA further objects to the

2  interrogatory on the ground that Mattel – not MGA – bears the burden of proof to

3  show that Bryant breached the INVENTIONS AGREEMENT.

4         MGA further objects on the ground that this interrogatory is an

5  overbroad and unduly burdensome contention interrogatory to the extent it asks for

6  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

7  *Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

8  requests seeking "all facts, documents, and witnesses that support the denial of a

9  statement or allegation of fact" because the "universe of potentially responsive

10  information is almost endless").  MGA further objects on the ground that it is an

11  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

12  case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

13  *& Trust, Co.,* 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.,* No.

14  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

15  that interrogatory that asks defendant to "plead and prove its entire case, and to

16  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

17  an abuse of the discovery process").

18         MGA further objects to the extent that this interrogatory seeks

19  information that is outside MGA's knowledge and is not in MGA's possession,

20  custody, or control.  In particular, MGA objects to this interrogatory to the extent

21  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

22  DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

23  undertakes only to make a good faith, reasonable effort to summarize facts currently

24  known to it, and reserves the right to supplement its response.

25         MGA further objects to this interrogatory because Mattel has

26  propounded more than 50 interrogatories.  Under Judge Larson's order of February

27  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

28  04049-SGL and CV 05-02727]."

28

EXHIBIT __13__ PAGE __118__

1         Subject to and without waiving the foregoing objections, MGA

2  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

4  Set of Interrogatories.

5  **INTERROGATORY NO. 38:**

6         State all facts that support YOUR contention, if YOU so contend, that

7  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

8  when BRYANT performed work or services with or for MGA while BRYANT was

9  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

10  and all DOCUMENTS that REFER OR RELATE TO such facts.

11  **RESPONSE TO INTERROGATORY NO. 38:**

12         MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 7 (regarding Definitions), including but not limited to its

15  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

16  and further objects on the ground that the interrogatory is overbroad, unduly

17  burdensome, vague and ambiguous both generally and specifically with respect to

18  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA also

19  objects to this interrogatory to the extent it seeks information that is not subject to

20  disclosure under any applicable privilege, doctrine or immunity, including without

21  limitation the attorney-client privilege, the work product doctrine, the right of

22  privacy, and all other privileges recognized under the constitutional, statutory or

23  decisional law of the United States of America, the State of California or any other

24  applicable jurisdiction.  MGA further objects to the interrogatory to the extent it calls

25  for a legal conclusion.  MGA further objects to the interrogatory on the ground that

26  Mattel – not MGA -- bears the burden of proof to show that Bryant breached any

27  duties, fiduciary or otherwise, to Mattel.

28         MGA further objects on the ground that this interrogatory is an

29

EXHIBIT __13__ PAGE __119__

1  overbroad and unduly burdensome contention interrogatory to the extent it asks for

2  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

3  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

4  requests seeking "all facts, documents, and witnesses that support the denial of a

5  statement or allegation of fact" because the "universe of potentially responsive

6  information is almost endless"). MGA further objects on the ground that it is an

7  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

8  case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*

9  *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

10  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

11  that interrogatory that asks defendant to "plead and prove its entire case, and to

12  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

13  an abuse of the discovery process").

14        MGA further objects to the extent that this interrogatory seeks

15  information that is outside MGA's knowledge and is not in MGA's possession,

16  custody, or control. In particular, MGA objects to this interrogatory to the extent

17  that it requests that MGA "state all facts … and IDENTIFY all PERSONS…and all

18  DOCUMENTS" (emphasis added). In responding to this interrogatory, MGA

19  undertakes only to make a good faith, reasonable effort to summarize facts currently

20  known to it, and reserves the right to supplement its response.

21        MGA further objects to this interrogatory because Mattel has

22  propounded more than 50 interrogatories. Under Judge Larson's order of February

23  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

24  04049-SGL and CV 05-02727]."

25        Subject to and without waiving the foregoing objections, MGA

26  responds as follows: MGA is willing to meet and confer with Mattel regarding this

27  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

28  Set of Interrogatories.

MGA'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES                    NO. CV 04-9049 SGL (RNBx)

EXHIBIT 13 PAGE 120

1 **INTERROGATORY NO. 39:**

2          IDENTIFY each and every bank or financial institution account that

3 REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR

4 benefit, since January 1, 1999.

5 **RESPONSE TO INTERROGATORY NO. 39:**

6          MGA incorporates by reference its General Response and General

7 Objections above, as though fully set forth herein and specifically incorporates

8 General Objection No. 7 (regarding Definitions), including but not limited to its

9 objections to the definitions of the terms IDENTIFY and REFERS OR RELATES

10 TO, and further objects on the ground that the interrogatory is overbroad, unduly

11 burdensome, vague and ambiguous both generally and specifically with respect to

12 the terms YOU and YOUR.  MGA also objects to this interrogatory to the extent it

13 seeks information that is not subject to disclosure under any applicable privilege,

14 doctrine or immunity, including without limitation the attorney-client privilege, the

15 work product doctrine, the right of privacy, and all other privileges recognized under

16 the constitutional, statutory or decisional law of the United States of America, the

17 State of California or any other applicable jurisdiction.  MGA further objects to this

18 interrogatory as premature asset discovery under Federal Rule of Civil Procedure

19 69(a), as there is presently no judgment for the payment of money pending against

20 MGA.  MGA further objects on the grounds that it is overbroad, not relevant to the

21 claims or defenses of any party to the action and not reasonably calculated to lead to

22 the discovery of admissible evidence.

23 **INTERROGATORY NO. 40:**

24          IDENTIFY each and every STORAGE DEVICE that YOU have used

25 for any purpose which contains or contained DIGITAL INFORMATION that

26 REFERS OR RELATES TO BRATZ prior to January 1, 2002.

27 **RESPONSE TO INTERROGATORY NO. 40:**

28          MGA incorporates by reference its General Response and General

EXHIBIT __13__ PAGE __121__

1 | Objections above, as though fully set forth herein and specifically incorporates
2 | General Objection No. 7 (regarding Definitions), including but not limited to its
3 | objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO
4 | and BRATZ, and further objects to this interrogatory on the grounds that it is
5 | overbroad, unduly burdensome, vague and ambiguous both generally and
6 | specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL
7 | INFORMATION.   MGA further objects to this interrogatory as compound because
8 | it contains discrete subparts that require separate, distinct and multiple responses.
9 | Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as
10 | overbroad and unduly burdensome, as Mattel's definition of this term calls for
11 | responses to multiple discrete subparts.  For example, Mattel's definition of the term
12 | IDENTIFY in the context of this interrogatory would require MGA to provide
13 | numerous discrete facts for each STORAGE DEVICE, including:
14 |        (a)   the individual(s) that use or have used the STORAGE DEVICE;
15 |        (b)   the current location of the STORAGE DEVICE;
16 |        (c)   the IDENTITY of the PERSON who possesses the STORAGE
17 | DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;
18 |        (d)   the type of STORAGE DEVICE;
19 |        (e)   whether the STORAGE DEVICE has ever been copied or imaged
20 | (and if so, the current location of each copy or image and the IDENTITY of the
21 | PERSONS who possess such copies or image);
22 |        (f)   the date(s) on which such copies or images were made;
23 |        (g)   the manufacturer name, brand, model name, model number, and
24 | serial number of the STORAGE DEVICE;
25 |        (h)   the technical specifications and capacities of such STORAGE
26 | DEVICE.
27 |        In addition, Mattel's definition of YOU could be read to require MGA to
28 | provide the foregoing information about STORAGE DEVICES belonging to each of

EXHIBIT 13   PAGE 122

1   the responding parties.

2          MGA also objects to this interrogatory to the extent it seeks information

3   that is not subject to disclosure under any applicable privilege, doctrine or immunity,

4   including without limitation the attorney-client privilege, the work product doctrine,

5   the right of privacy, and all other privileges recognized under the constitutional,

6   statutory or decisional law of the United States of America, the State of California or

7   any other applicable jurisdiction.  MGA further objects to the interrogatory on the

8   ground that it is premature because the invention, creation, conception, or reduction

9   to practice of Bratz (and related issues) will be the subject of expert testimony at

10  trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

11  testimony that MGA may seek to introduce at trial.  MGA will identify its experts

12  and make related disclosures in accordance with the Court's orders and applicable

13  rules.  MGA further objects to the extent that this interrogatory seeks information

14  that is outside of MGA's knowledge and is not in MGA's possession, custody or

15  control.

16          MGA further objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories.  Under Judge Larson's order of February

18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19  04049-SGL and CV 05-02727]."

20          Subject to and without waiving the foregoing objections, MGA

21  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

22  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

23  Set of Interrogatories.

24  **INTERROGATORY NO. 41:**

25          IDENTIFY all PERSONS who at any time have been employed by or

26  under contract with MATTEL who are now or have been employed by or under

27  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

28  her name, date of hire or effective date of contract, the date on which YOU first had

EXHIBIT __13__ PAGE __123__

1 | contact with such PERSON regarding potential employment or contracting, the
2 | date(s) on which such PERSON was interviewed for possible employment or
3 | contracting, each title (if any) such PERSON has held while employed by or under
4 | contract with YOU, and the date of termination (if applicable).

5 | **RESPONSE TO INTERROGATORY NO. 41:**

6 |          MGA incorporates by reference its General Response and General
7 | Objections above, as though fully set forth herein and specifically incorporates
8 | General Objection No. 7 (regarding Definitions), including but not limited to its
9 | objections to the definitions of the term IDENTIFY and further objects to this
10 | interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
11 | ambiguous both generally and specifically with respect to the terms YOU. MGA
12 | also objects to this interrogatory to the extent it seeks information that is not subject
13 | to disclosure under any applicable privilege, doctrine or immunity, including without
14 | limitation the attorney-client privilege, the work product doctrine, the right of
15 | privacy, and all other privileges recognized under the constitutional, statutory or
16 | decisional law of the United States of America, the State of California or any other
17 | applicable jurisdiction.

18
19
20
21
22
23
24
25
26
27
28

MGA'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___13__ PAGE ___124

1         Subject to and without waiving the foregoing objections, MGA

2  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

4  Set of Interrogatories.

5         AS TO OBJECTIONS ONLY:

6

7  DATED:  November 15, 2007

8                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

9                            By:  _____

10                                 Thomas J. Nolan

11                          Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED,

12                          AND MGAE de MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES     NO. CV 04-9049 SGL (RNBx)
201548-San Francisco Server 1A - MSW

EXHIBIT __13 PAGE __125