**Exhibit 14**



THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
E-mail:    tnolan@skadden.com
           hposner@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
E-mail:    kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |

11-15

EXHIBIT  14  PAGE  126

1
2   Consolidated with MATTEL, INC. v.      }   Discovery Cut-Off:  March 3, 2008
    BRYANT and MGA
3   ENTERTAINMENT, INC. v.                 }
    MATTEL, INC.                           }
4
5   **PROPOUNDING PARTY:**     **MATTEL, INC.**

6   **RESPONDING PARTY:**      **MGA ENTERTAINMENT, INC.**

7   **SET NUMBER:**            **AMENDED FOURTH**

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT __14__ PAGE __127__

## PRELIMINARY STATEMENT

1
2      MGA hereby serves its objections to Mattel's Amended Fourth Set of
3 Interrogatories. MGA is not yet in a position to serve its substantive responses to
4 Mattel's Amended Fourth Set of Interrogatories, in part due to Mattel's failure to
5 provide meaningful document, deposition and other discovery and also the transition
6 of MGA's representation from prior counsel of record to Skadden, Arps. MGA
7 intends to supplement its objections with substantive responses to the
8 unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth
9 Set of Interrogatories as soon as it is in a position to do so and after it has concluded
10 meet and confer sessions with Mattel, including with respect to Mattel's outstanding
11 discovery obligations.

12      MGA hereby serves its objections to Mattel's Amended Fourth Set of
13 Interrogatories. MGA is not yet in a position to serve its substantive responses to
14 Mattel's Amended Fourth Set of Interrogatories, in part due to the transition of
15 MGA's representation from prior counsel of record to Skadden, Arps and also due to
16 Mattel's failure to provide meaningful document, deposition and other discovery.
17 MGA intends to supplement its objections with substantive responses to the
18 unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth
19 Set of Interrogatories as soon as it is in a position to do so.

20      The General Response set forth herein applies to all responses that
21 MGA is providing in response to these interrogatories (the "Interrogatories") or may
22 in the future provide in response to any discovery request in this action. The
23 Response is made without waiving, or intending to waive but, on the contrary,
24 expressly reserving: (a) the right to object, on the grounds of competency, privilege,
25 relevancy or materiality, or any other proper grounds, to the use of the Response, for
26 any purpose in whole or in part, in any subsequent step or proceeding in this action
27 or any other action; (b) the right to object on any and all grounds, at any time, to
28 other interrogatories or other discovery procedures; and (c) the right at any time to

1

EXHIBIT __14__ PAGE __128__

1  revise, correct, add to, or clarify any of the responses propounded herein.

2         The Response reflects only the present state of MGA's discovery

3  regarding the information that Mattel seeks.  Discovery and other investigation or

4  research concerning this litigation are continuing.  It is anticipated that further

5  discovery, independent investigation, and legal research and analysis will supply

6  additional facts and meaning to the known facts, as well as establish entirely new

7  factual conclusions, all of which may lead MGA to discover other information

8  responsive to these Interrogatories.  MGA therefore reserves the right to amend or

9  supplement this Response at any time in light of future investigation, research or

10 analysis, and also expressly reserves the right to rely on, at any time, including trial,

11 subsequently discovered information omitted from this Response as a result of

12 mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

13 acquiesce in any factual or legal contention, assertion or characterization contained

14 in the Interrogatories or any particular request therein, even where MGA has not

15 otherwise objected to a particular interrogatory, or has agreed to provide information

16 responsive to a particular interrogatory.

17         No incidental or implied admissions are intended by this Response.

18 These responses should not be taken as an admission that MGA accepts or admits the

19 existence of any facts set forth or assumed by any instruction, definition or

20 interrogatory.

21                        **GENERAL OBJECTIONS**

22         MGA responds to these Interrogatories subject to the following general

23 objections and limitations, each of which is incorporated into each and every

24 response as though fully set forth therein:

25         1.     MGA objects to these Interrogatories to the extent they seek

26 information that is not subject to disclosure under any applicable privilege, doctrine

27 or immunity, including without limitation the attorney-client privilege, the work

28 product doctrine, the right of privacy, and all other privileges recognized under the

EXHIBIT  14    PAGE  129

1  constitutional, statutory or decisional law of the United States of America, the State

2  of California or any other applicable jurisdiction.  MGA shall not produce such

3  information in response to Mattel's interrogatories.  Any disclosure of such protected

4  or privileged information is inadvertent and shall not be construed as a waiver of

5  those privileges or protections.  MGA reserves the right to correct the record with

6  regard to any such inadvertent disclosure, as provided for in the Protective Order

7  governing this case.

8         2.     MGA objects to these Interrogatories to the extent they seek

9  information not relevant to the claims or defenses of any party to this action and not

10  reasonably calculated to lead to the discovery of admissible evidence.

11         3.     MGA objects to these Interrogatories to the extent they seek

12  information which by reason of public filing or otherwise is already in Mattel's

13  possession or is readily accessible to Mattel.

14         4.     MGA objects to these Interrogatories to the extent they seek the

15  disclosure of information (1) not within its possession, custody or control; (2) that

16  MGA cannot locate after a reasonably diligent search; or (3) that refer to persons,

17  entities, or events not known to MGA.  Such instructions, definitions, or requests are

18  objectionable where they seek to require more of MGA than any obligation imposed

19  by the Federal Rules of Civil Procedure; subject MGA to unreasonable and undue

20  annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an

21  obligation to investigate or discover information or materials from sources equally

22  accessible to Mattel.

23         5.     MGA objects to these Interrogatories to the extent they are

24  overbroad and unduly burdensome.

25         6.  ·   MGA objects to the definitions and instructions to the extent such

26  definitions and instructions purport to enlarge, expand, or alter in any way the plain

27  meaning and scope of any specific term or specific interrogatories on the ground that

28  such enlargement, expansion, or alteration renders such a term or request vague,

EXHIBIT  14   PAGE  130

1   ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

2         7.    MGA objects to the terms YOU, YOUR, BRYANT, LARIAN,

3   MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

4   BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ

5   MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE

6   TO on the grounds that these terms render the interrogatories overbroad, unduly

7   burdensome, vague and ambiguous and to the extent that they could be read to call

8   for legal conclusions in responding to the interrogatories, including, by way of

9   example and without limitation, as follows:

10         (a)    MGA objects to the definition of the term "BRATZ"

11   (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

12   designed to mislead and confuse the trier of fact.  The definition includes "any

13   project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

14   or in part and regardless of what such project, product or doll is or has been also,

15   previously or subsequently called) and any product, doll or DESIGN or any portion

16   thereof that is now or has ever been known as, or sold or marketed under, the name

17   or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

18   or DESIGN or portion thereof is or has been also, previously or subsequently called)

19   or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

20   version or iteration of such product, doll or DESIGN or any portion thereof," and it

21   goes on.  By incorporating the definition of DESIGN, the overly broad definition of

22   BRATZ includes two-dimensional and three-dimensional representations, including

23   "works, designs, artwork, sketches, drawings, illustrations, representations,

24   depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

25   samples, rotocasts, reductions to practice, developments, inventions and/or

26   improvements . . . ." (Definitions ¶ 8.)  These convoluted and multi-part definitions

27   combine to render the interrogatories vague, ambiguous and overly broad, and to

28   include within the term BRATZ things that do not fairly represent the Bratz line of

EXHIBIT 14 PAGE 131

1  dolls, accessories and related products that are the subject of this case.  In responding

2  to these interrogatories, MGA will interpret the term BRATZ to mean the line of

3  dolls introduced by MGA to the market for sale in May or June of 2001 and

4  subsequent dolls, accessories and other products known as Bratz or associated by

5  MGA with the Bratz line of dolls;

6            (b)       MGA objects to the definition of the term "BRATZ

7  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

8  burdensome, and designed to mislead and confuse the trier of fact.  The definition

9  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

10 the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

11 "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,

12 what dolls may "deal with, comment on, respond to, . . . or pertain" (Definitions ¶

13 17) to "BRATZ."  In responding to these interrogatories, MGA will interpret the

14 term "BRATZ DOLL" to mean the line of dolls introduced by MGA to the market

15 for sale in May or June of 2001 and subsequent dolls known as Bratz;

16            (c)       MGA objects to the definition of the term "BASED ON" as

17 vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

18 and confuse the trier of fact.  The definition strays far from the English meaning of

19 "based on" by including terms loaded with legal significance in intellectual property

20 law, such as "substantially similar to," or "a derivative of."  In responding to these

21 interrogatories, MGA will not interpret the term "BASED ON," but rather will

22 respond using "based on" in its normal accepted meaning.

23            (d)       MGA objects to the terms "IDENTIFY" or "IDENTITY"

24 as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's

25 definition of these terms inherently call for answers to multiple discrete questions or

26 subparts to questions.  For example, when those terms are used to reference any

27 BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct

28 facts: (a) the full name of the product; (b) the number of the product; (c) the SKU of

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT  14   PAGE  132

1  the number; (d) any other applicable designation of the product useful for

2  identification; (e) the period of time during which the product was, has been, or will

3  be sold; and (f) the identity of each person who has licensed from YOU the right to

4  sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or

5  incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

6  should be posed as separate interrogatories.

7          (e)    MGA objects to the term "any" and "REFER OR RELATE

8  TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

9  and/or are vague and ambiguous in the context of the interrogatories as written and

10  as those interrogatories would be plainly understood absent Mattel's definitions.

11        8.    MGA objects to these interrogatories to the extent that they may

12  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

13  been completed and MGA is not yet necessarily in possession of all the facts and

14  documents upon which MGA intends to rely.  All of the responses submitted

15  herewith are tendered to Mattel with the reservation that the responses are submitted

16  without limiting the evidence on which MGA may rely to support the contentions

17  and defenses that MGA may assert at the trial of this action and to rebut or impeach

18  the contentions, assertions and evidence that Mattel may present.  MGA reserves the

19  right to supplement or amend these responses at a future date.

20        9.    MGA objects to each interrogatory to the extent that it seeks

21  information that will be the subject of expert witness testimony and that is therefore

22  premature.

23        10.    In responding to these interrogatories, MGA has not and will not

24  comply with any instructions or definitions that seek to impose requirements in

25  addition to those imposed by the Federal Rules of Civil Procedure and any applicable

26  local rule, any orders entered by the Court in this Action, or other applicable law.

27        11.    Consistent with Rule 33(d) of the Federal Rules of Civil

28  Procedure, MGA objects to providing responses to interrogatories that can be

EXHIBIT 14   PAGE 133

1   derived from documents that have or will be produced (when requested in

2   compliance with Rule 26) and where the burden to derive such information is

3   substantially the same for Mattel as it is for MGA.

4        12.   MGA objects to each interrogatory to the extent that it seeks the

5   disclosure of confidential, proprietary, or trade-secret information.

6        13.   MGA objects to each interrogatory to the extent that it calls for a

7   legal conclusion.

8        14.   MGA objects to several of those interrogatories that appear to be

9   directed at other parties to the litigation and not to MGA, given the nature of the

10  claims asserted against MGA in this case.

11       15.   MGA reserves the right to object on any ground at any time to

12  such other or supplemental discovery requests as Mattel may propound involving or

13  relating to the same subject matter of these interrogatories.

14       16.   To the extent MGA responds to an interrogatory, it does so

15  without waiving or intending to waive but rather, on the contrary, preserving and

16  intending to preserve, its contention that anything Mr. Bryant did on weekends,

17  evenings, vacation and any other time outside ordinary business hours was not done

18  while he was working for Mattel.  MGA's response may not be taken as an admission

19  that the information it provides in its response in any way reflects or evidences work

20  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

21  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

22  interrogatory.

23       17.   MGA objects to each of Mattel's interrogatories because Mattel

24  has propounded more than 50 interrogatories, including discrete subparts.  Under

25  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

26  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

27       18.   MGA's responses are made based on its understanding and

28  interpretation of each interrogatory.  MGA reserves the right to supplement its

EXHIBIT 14 - PAGE 134

1  objections and responses should Mattel subsequently put forth an interpretation of

2  any interrogatory that differs from those of MGA.

3  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

4  Without waiving or departing from its General Response and General

5  Objections, and specifically incorporating them in its response to each Interrogatory

6  below, MGA makes the following additional objections and responses to specific

7  Interrogatories:

8  **INTERROGATORY NO. 42:**

9  State all facts that support YOUR contention, if YOU so contend, that

10  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

11  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

12  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

13  **RESPONSE TO INTERROGATORY NO. 42:**

14  MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection No. 7 (regarding Definitions), including without limitation

17  MGA's objection to the definition of the terms BASED ON, BRATZ DOLLS,

18  BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and further objects to

19  this interrogatory on the ground that it is overbroad, unduly burdensome, vague and

20  ambiguous.

21  MGA also objects to this interrogatory to the extent it seeks information

22  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

23  including without limitation the attorney-client privilege, the work product doctrine,

24  the right of privacy, and all other privileges recognized under the constitutional,

25  statutory or decisional law of the United States of America, the State of California or

26  any other applicable jurisdiction.  MGA objects to this interrogatory to the extent it

27  calls for a legal conclusion.

28  MGA further objects to this interrogatory on the ground that it is

8

EXHIBIT 14   PAGE 135

1  premature because the invention, creation, conception, or reduction to practice of

2  Bratz (and other legal concepts that may be relevant) will be the subject of expert

3  testimony at trial.  MGA objects to this interrogatory to the extent it seeks to limit the

4  expert testimony that MGA may seek to introduce at trial.  MGA will identify its

5  experts and make related disclosures in accordance with the Court's orders and

6  applicable rules.

7        MGA further objects to this interrogatory on the grounds that it seeks

8  information that is not relevant to the claims or defenses of any party to the action

9  and is not reasonably calculated to lead to the discovery of admissible evidence

10  because the INVENTIONS AGREEMENT executed by Carter Bryant in or around

11  January 1999, purports to state that any inventions conceived or reduced to practice

12  by him during his employment with Mattel would be owned by Mattel.  The

13  references to the conception and reduction to practice of an invention are terms of art

14  in patent law.  Accordingly, copyright law principles of substantial similarity,

15  copying, and derivative works are not relevant to the INVENTIONS AGREEMENT

16  which, by its terms, involves only principles of patent law.

17        MGA further objects that on the ground that this interrogatory is an

18  overbroad and unduly burdensome contention interrogatory to the extent it asks for

19  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

20  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

21  requests seeking "all facts, documents, and witnesses that support the denial of a

22  statement or allegation of fact" because the "universe of potentially responsive

23  information is almost endless").

24        MGA further objects to the extent that this interrogatory seeks

25  information that is outside MGA's knowledge and is not in MGA's possession,

26  custody, or control.  In particular, MGA objects to this interrogatory to the extent

27  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

28  DOCUMENTS" (emphasis added).

9

EXHIBIT __14__ PAGE __136__

1    MGA further objects to this interrogatory because Mattel has

2    propounded more than 50 interrogatories.  Under Judge Larson's order of February

3    22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

4    04049-SGL and CV 05-02727]."

5    **INTERROGATORY NO. 43:**

6    For each concept, design, product, product packaging or other matter

7    that YOU contend MATTEL copied or infringed, including but not limited to those

8    identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

9    Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

10   Supplemental Responses to such Interrogatory), state the date that each such concept,

11   design, product, product packaging or other matter was conceived, and IDENTIFY

12   all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

13   TO, the foregoing.

14   **RESPONSE TO INTERROGATORY NO. 43:**

15   MGA incorporates by reference its General Response and General

16   Objections above, as though fully set forth herein and specifically incorporates

17   General Objection No. 7 (regarding Definitions), including without limitation its

18   objections to the terms IDENTIFY and REFER OR RELATE.

19   MGA also objects to this interrogatory to the extent it seeks information

20   that is not subject to disclosure under any applicable privilege, doctrine or immunity,

21   including without limitation the attorney-client privilege, the work product doctrine,

22   the right of privacy, and all other privileges recognized under the constitutional,

23   statutory or decisional law of the United States of America, the State of California or

24   any other applicable jurisdiction.  MGA further objects to the interrogatory to the

25   extent it calls for a legal conclusion.

26   MGA also objects to this interrogatory on the ground that it is premature

27   because the invention, creation, conception, or reduction to practice of Bratz (and

28   related issues) will be the subject of expert testimony at trial.  MGA objects to this

10

EXHIBIT 14   PAGE 137

1  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

2  to introduce at trial.  MGA will identify its experts and make related disclosures in

3  accordance with the Court's orders and applicable rules.

4          MGA further objects to this interrogatory to the extent that it seeks

5  information that is not relevant to the claims or defenses of any party to this action

6  and is not reasonably calculated to lead to the discovery of admissible evidence; the

7  term "conceived" is not a legal term of art that is relevant to MGA's affirmative

8  claims for false designation of origin, affiliation, association or sponsorship, unfair

9  competition, dilution, and unjust enrichment.

10         MGA further objects to the extent that this interrogatory seeks

11  information that is outside MGA's knowledge and is not in MGA's possession,

12  custody, or control.  In particular, MGA objects to this interrogatory to the extent

13  that it requests that MGA "IDENTIFY *all* PERSONS…and *all* DOCUMENTS"

14  (emphasis added).

15         MGA further objects to this interrogatory because Mattel has

16  propounded more than 50 interrogatories.  Under Judge Larson's order of February

17  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

18  04049-SGL and CV 05-02727]."

19         Subject to and without waiving the foregoing objections, MGA

20  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

21  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

22  Set of Interrogatories.

23  **INTERROGATORY NO. 44:**

24         For each concept, design, product, product packaging or other matter

25  that YOU contend MATTEL copied or infringed, including but not limited to those

26  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

27  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

28  Supplemental Responses to such Interrogatory), state the date that each such concept,

11

EXHIBIT 14 PAGE 138

1 | design, product, product packaging or other matter was first fixed in any tangible
2 | medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,
3 | and all DOCUMENTS that REFER OR RELATE TO, the foregoing.
4 | **RESPONSE TO INTERROGATORY NO. 44:**
5 |     MGA incorporates by reference its General Response and General
6 | Objections above, as though fully set forth herein and specifically incorporates
7 | General Objection No. 7 (regarding Definitions), including without limitation its
8 | objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to
9 | this interrogatory to the extent it seeks information that is not subject to disclosure
10 | under any applicable privilege, doctrine or immunity, including without limitation
11 | the attorney-client privilege, the work product doctrine, the right of privacy, and all
12 | other privileges recognized under the constitutional, statutory or decisional law of
13 | the United States of America, the State of California or any other applicable
14 | jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a
15 | legal conclusion.
16 |     MGA also objects to this interrogatory on the ground that it is premature
17 | because the invention, creation, conception, or reduction to practice of Bratz (and
18 | related issues) will be the subject of expert testimony at trial.  MGA objects to this
19 | interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
20 | to introduce at trial.  MGA will identify its experts and make related disclosures in
21 | accordance with the Court's orders and applicable rules.
22 |     MGA further objects to this interrogatory to the extent that it seeks
23 | information that is not relevant to the claims or defenses of any party to this action
24 | and not reasonably calculated to lead to the discovery of admissible evidence
25 | because the phrase "fixed in a tangible medium of expression" is a legal term of art
26 | that does not have relevance to MGA's affirmative claims, which are for false
27 | designation of origin, affiliation, association or sponsorship, unfair competition,
28 | dilution, and unjust enrichment.

12

EXHIBIT 14 PAGE 139

1         MGA further objects to the extent that this interrogatory seeks

2   information that is outside MGA's knowledge and is not in MGA's possession,

3   custody, or control.  In particular, MGA objects to this interrogatory to the extent

4   that it requests that MGA "IDENTIFY all PERSONS...and all DOCUMENTS"

5   (emphasis added).

6         MGA further objects to this interrogatory because Mattel has

7   propounded more than 50 interrogatories.  Under Judge Larson's order of February

8   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

9   04049-SGL and CV 05-02727]."

10        Subject to and without waiving the foregoing objections, MGA

11  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

12  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

13  Set of Interrogatories.

14        AS TO OBJECTIONS ONLY:

15

16  DATED:  November 15, 2007

17

18                  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

19                  By: _____

20                      Thomas J. Nolan

                Attorneys for Counter-Defendants, MGA

21                  ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED,

22                  AND MGAE de MEXICO S.R.L. de C.V.

23

24

25

26

27

28

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)
201550-San Francisco Server 1A - MSW

EXHIBIT  14  PAGE  140

Exhibit  15

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:      tnolan@skadden.com

5  KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Times Square
   New York, NY  10036
7  Telephone:  (212) 735-3000
   Facsimile:   (212) 735-2000
8  E-mail:      kplevan@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11           UNITED STATES DISTRICT COURT

12          CENTRAL DISTRICT OF CALIFORNIA

13               EASTERN DIVISION

13  CARTER BRYANT, an individual          ) CASE NO. CV 04-9049 SGL (RNBx)

14                    Plaintiff,          ) Consolidated with Case No. 04-9059
                                          ) and Case No. 05-2727
15                                        )
        v.                                )
16                                        ) **MGA ENTERTAINMENT**
    MATTEL, INC., a Delaware              ) **INC.'S OBJECTIONS AND**
17  corporation                           ) **RESPONSES TO MATTEL**
                                          ) **INC.'S FIFTH SET OF**
18                    Defendant.          ) **INTERROGATORIES**
                                          )
19                                        )
                                          )
20                                        ) Honorable Stephen G. Larson
                                          ) Courtroom 1
21                                        )
                                          )
22  Consolidated with MATTEL, INC. v.     ) Discovery Cut-Off: March 3, 2008
    BRYANT and MGA                        )
23  ENTERTAINMENT, INC. v.                )
    MATTEL, INC.                          )
24
    **PROPOUNDING PARTY:**    **MATTEL, INC.**
25
    **RESPONDING PARTY:**     **MGA ENTERTAINMENT, INC.**
26
    **SET NUMBER:**           **FIFTH**
27

28
                         *11-19*

MGA'S RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT  15  PAGE 141

## PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that MGA is providing in response to these interrogatories or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA's discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA to discover other information responsive to these interrogatories.  MGA therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Interrogatories or any particular request therein, even where MGA has not otherwise objected to a particular interrogatory, or has agreed to provide information responsive to a particular interrogatory.

No incidental or implied admissions are intended by this Response. These responses should not be taken as an admission that MGA accepts or admits the

1

EXHIBIT 15 PAGE 142

1  existence of any facts set forth or assumed by any instruction, definition or

2  interrogatory.

3  **<u>GENERAL OBJECTIONS</u>**

4      MGA responds to these interrogatories subject to the following general

5  objections and limitations, each of which is incorporated into each and every

6  response as though fully set forth therein:

7      1.    MGA objects to these interrogatories to the extent they seek

8  information that is not subject to disclosure under any applicable privilege, doctrine

9  or immunity, including without limitation the attorney-client privilege, the work

10 product doctrine, the right of privacy, and all other privileges recognized under the

11 constitutional, statutory or decisional law of the United States of America, the State

12 of California or any other applicable jurisdiction.

13     2.    MGA objects to these interrogatories to the extent they seek

14 information not relevant to the claims or defenses of any party to this action and not

15 reasonably calculated to lead to the discovery of admissible evidence.

16     3.    MGA objects to these interrogatories to the extent they seek

17 information which by reason of public filing or otherwise is already in Mattel's

18 possession or is readily accessible to Mattel.

19     4.    MGA objects to these interrogatories to the extent they seek the

20 disclosure of information (1) not currently within its possession, custody or control;

21 (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

22 persons, entities, or events not known to MGA.  Such instructions, definitions, or

23 requests are objectionable where they seek to require more of MGA than any

24 obligation imposed by the Federal Rules of Civil Procedure; subject MGA to

25 unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to

26 impose upon MGA an obligation to investigate or discover information or materials

27 from sources equally accessible to Mattel.

28

2

EXHIBIT 15 PAGE 143

5.     MGA objects to these interrogatories to the extent they are overbroad and unduly burdensome. .

6.     MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

7.     MGA objects to the following definitions in these interrogatories:

(a)     MGA objects to the definition of the term "BRATZ" (Definitions ¶ 11) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact.  The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of "DESIGN," the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." (Definitions ¶ 12.)  These convoluted and multi-part definitions combine to render the interrogatories vague, ambiguous and overly broad, and to include within the term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case.  In responding

3

EXHIBIT  15  PAGE  144

1  to these interrogatories, MGA will interpret the term "BRATZ" to mean the line of

2  dolls introduced by MGA to the market for sale in May or June 2001 and subsequent

3  dolls, accessories and other products known as Bratz or associated by MGA with the

4  Bratz line of dolls;

5          (b)     MGA objects to the definition of the terms "IDENTIFY" or

6  "IDENTITY" as overbroad, unduly burdensome, vague and ambiguous, and

7  oppressive.  Mattel's definition of these terms inherently call for answers to multiple

8  discrete questions or subparts to questions.  For example, as those terms are used

9  with reference to a "SOURCE OF INFORMATION" (Definitions ¶ 21(c)), the use of

10  those terms request at least seven different and distinct facts:  (a) the nature of the

11  "SOURCE OF INFORMATION"; (b) any "unique identifier information" for each

12  "SOURCE OF INFORMATION"; (c) the "SOURCE OF INFORMATION's"

13  physical location(s), including full address information and computer network drive

14  information; (d) the "IDENTITY" of each natural person or individual who is, was or

15  has been associated with each such "SOURCE OF INFORMATION"; (e) the date(s)

16  on which documents were collected from each "SOURCE OF INFORMATION"; (f)

17  whether each "SOURCE OF INFORMATION" contained documents that "REFER

18  OR RELATE TO" "BRATZ" during the time period prior to February 28, 2001; and

19  (g) the "IDENTITY of any DOCUMENTS".  Therefore, any interrogatory that

20  includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

21  compound, and should be posed as separate interrogatories.  MGA will interpret the

22  term "IDENTIFY" when used in these interrogatories with reference to a "SOURCE

23  OF INFORMATION" as requesting MGA to identify the "SOURCE OF

24  INFORMATION" searched for the referenced documents with reasonable

25  particularity so as to distinguish it from other sources of information searched for

26  those documents;

27          (c)     MGA also objects to the terms "any" (Definitions ¶ 22) and

28  "REFER OR RELATE TO" (Definitions ¶ 15) on the grounds and to the extent they

4

EXHIBIT 15   PAGE 145

1  are overbroad, unduly burdensome, and/or are vague and ambiguous in the context

2  of the interrogatories as written and as those interrogatories would be plainly

3  understood absent Mattel's definitions.

4         8.    MGA objects to these interrogatories to the extent they may

5  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

6  been completed and MGA is not yet necessarily in possession of all the facts and

7  documents upon which MGA intends to rely.  All of the responses submitted

8  herewith are tendered to Mattel with the reservation that the responses are submitted

9  without limiting the evidence on which MGA may rely to support the contentions

10  and defenses that MGA may assert at the trial of this action and to rebut or impeach

11  the contentions, assertions and evidence that Mattel may present.  MGA reserves the

12  right to supplement or amend these responses at a future date.

13         9.    MGA objects to each interrogatory to the extent it seeks

14  information that will be the subject of expert witness testimony and that is therefore

15  premature.

16         10.    MGA objects to each interrogatory to the extent it calls for a legal

17  conclusion.

18         11.    MGA objects to each interrogatory to the extent it seeks the

19  disclosure of confidential, proprietary, or trade-secret information.

20         12.    MGA reserves the right to object on any ground at any time to

21  such other supplemental discovery requests as Mattel may propound involving or

22  relating to the same subject matter of these interrogatories.

23         13.    In responding to these interrogatories, MGA has not complied

24  and will not comply with any instructions or definitions that seek to impose

25  requirements in addition to those imposed by the Federal Rules of Civil Procedure,

26  the local rules of this Court, any orders entered by the Court in this action, or other

27  applicable law.

28

5

MGA'S RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES       NO. CV 04-9049 SGL (RNBx)

EXHIBIT __15__ PAGE __146__

14. Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MGA objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA.

15. MGA objects to the definitions, instructions, and interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or otherwise representative of MGA, contains privileged attorney-client communications, or is otherwise protected from disclosure by any privileges, laws or rules. MGA shall not produce such information in response to Mattel's interrogatories. Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of those privileges or protections. MGA reserves the right to correct the record with regard to any such inadvertent disclosure, as provided for in the Protective Order governing this case.

16. MGA objects to each of Mattel's interrogatories because Mattel has propounded more than 50 interrogatories, including discrete subparts. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

17. The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any interrogatory. MGA reserves all objections, including without limitation, objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

18. To the extent MGA responds to an interrogatory, it does so without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation and any other time outside ordinary business hours was not done

6

EXHIBIT __15__ PAGE __147__

1 while he was working for Mattel. MGA's response may not be taken as an admission

2 that the information it provides in its response in any way reflects or evidences work

3 performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

4 agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

5 interrogatory.

6 **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

7       Without waiving or departing from its General Response and General

8 Objections, and specifically incorporating them in its response to each interrogatory

9 below, MGA makes the following additional objections and responses to specific

10 interrogatories:

11 **INTERROGATORY NO. 46:**

12       Without disclosing the content of communications which are protected

13 by the attorney-client privilege, state fully and in detail all facts which REFER OR

14 RELATE TO any dispute relating to THIS ACTION between, on the one hand,

15 MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,

16 O'MELVENY and/or CHRISTENSEN, including but not limited to any and all

17 disputes which were or have been asserted as a basis for, or which underlie,

18 contributed to or were a factor in, the withdrawal, termination and/or substitution of

19 O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and

20 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

21 REFER OR RELATE TO such facts.

22 **RESPONSE TO INTERROGATORY NO. 46:**

23       MGA incorporates by reference its General Response and General

24 Objections above, as though fully set forth herein and specifically incorporates

25 General Objection No. 7 (regarding Definitions), including but not limited to its

26 objections to the definitions of the terms "IDENTIFY" and "REFER OR RELATE

27 TO". MGA also objects to this interrogatory to the extent it seeks information that is

28 not subject to disclosure under any applicable privilege, doctrine or immunity,

7

EXHIBIT 15 PAGE 148

1  including without limitation the attorney-client privilege, the work product doctrine,

2  the right of privacy, and all other privileges recognized under the constitutional,

3  statutory or decisional law of the United States of America, the State of California or

4  any other applicable jurisdiction.  MGA further objects to this interrogatory on the

5  grounds that it is compound, vague, ambiguous and overly broad in that it seeks

6  disclosure of "facts" that "REFER OR RELATE TO" a "dispute" between certain

7  parties and their former counsel without any reference to the claims or defenses in

8  this action.  MGA also objects to the extent that this interrogatory requests that MGA

9  "state . . . *all* facts . . . IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

10  (emphasis added).  MGA further objects to this interrogatory as oppressive and

11  harassing in that it seeks information not relevant to the claims or defenses of any

12  party to this action and not reasonably calculated to lead to the discovery of

13  admissible evidence.

14     MGA objects to this interrogatory because Mattel has propounded more

15  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

16  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

17  SGL and CV 05-02727]."

18     Based on these objections, MGA will not respond further to this

19  interrogatory.

20  **INTERROGATORY NO. 47:**

21     IDENTIFY each and every SOURCE OF INFORMATION from which

22  YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR

23  RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior

24  to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part,

25  created, drafted, generated, sent, received or transmitted).

26  **RESPONSE TO INTERROGATORY NO. 47:**

27     MGA incorporates by reference its General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

8

EXHIBIT  15  PAGE 149

General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the term "IDENTIFY" insofar as it is used to refer to a "SOURCE OF INFORMATION" and "REFER OR RELATE TO." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome insofar as it could be read to require MGA to search the hundreds of thousands of pages of documents it has produced in this action to "IDENTIFY" each document that "REFERS OR RELATES TO" "BRATZ" and also "REFERS OR RELATES TO" the period prior to February 28, 2001. The Federal Rules of Civil Procedure do not require MGA to conduct such a search.

MGA objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, Mattel's definitions of the terms "IDENTIFY" and "SOURCE OF INFORMATION" require MGA to provide separate, distinct, and multiple responses. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory purports to require MGA to provide a multitude of discrete facts for each SOURCE OF INFORMATION, including: (a) the nature of the SOURCE OF INFORMATION; (b) any "unique identifier information" for each SOURCE OF INFORMATION; (c) the SOURCE OF INFORMATION's physical location(s), including full address information and computer network drive information; (d) the "IDENTITY" of each natural person or individual who is, was or has been associated with each such SOURCE OF INFORMATION; (e) the date(s) on which documents were collected from each SOURCE OF INFORMATION; (f) whether each

9

EXHIBIT 15 PAGE 150

1 SOURCE OF INFORMATION contained documents that "REFER OR RELATE
2 TO" "BRATZ" during the time period prior to February 28, 2001; and (g) the
3 IDENTITY of any DOCUMENTS. This interrogatory is further compounded by
4 Mattel's definition of "IDENTITY," which purports to require MGA to provide the
5 following information for each of the "natural persons" requested to be identified as
6 part of Mattel's definition of "IDENTIFY," above: (1) the individual's name; (2) any
7 known business title; (3) the current or last known business affiliation; (4) the current
8 or last known residential address; (5) the current or last known business address; (6)
9 the current or last known relationship to MGA; and (7) the current or last known
10 telephone number. Additionally, through Mattel's definition of "YOU," this
11 interrogatory asks for all of the foregoing information about "SOURCES OF
12 INFORMATION" relating to, and searched by, each of the multiple separate
13 responding parties in this litigation. MGA further objects to the extent this
14 interrogatory seeks information that is beyond MGA's personal knowledge and is not
15 in MGA's possession, custody, or control.
16      MGA objects to this interrogatory because Mattel has propounded more
17 than 50 interrogatories. Under Judge Larson's order of February 22, 2007,
18 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
19 SGL and CV 05-02727.]"
20
21
22
23
24
25
26
27
28

10

EXHIBIT \15 PAGE 151

1    Subject to and without waiving the foregoing objections, MGA

2  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3  interrogatory.

4    AS TO OBJECTIONS ONLY:

5  DATED:  November 19, 2007

6

7    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

8    By: _____

9    Thomas J. Nolan
     Attorneys for Counter-Defendants, MGA

10   ENTERTAINMENT, INC., ISAAC LARIAN,
     MGA ENTERTAINMENT (HK) LIMITED,
11   AND MGAE de MEXICO S.R.L. de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)
201398-San Francisco Server 1A - MSW

EXHIBIT  15  PAGE  152

**Exhibit 16**

1   THOMAS J. NOLAN (Bar No. 066992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, California 90071-3144
3   Telephone:   (213) 687-5000
    Facsimile:   (213) 687-5600
4   E-mail:       tnolan@skadden.com

5   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   4 Times Square
    New York, NY  10036
7   Telephone:   (212) 735-3000
    Facsimile:   (212) 735-2000
8   E-mail:       kplevan@skadden.com

9   Attorneys for Counter-Defendants,
    MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10  (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                   EASTERN DIVISION

14  CARTER BRYANT, an individual      )   CASE NO. CV 04-9049 SGL (RNBx)
                                       )
15              Plaintiff,             )   Consolidated with Case No. 04-9059
                                       )   and Case No. 05-2727
16       v.                            )
                                       )   **MGA ENTERTAINMENT (HK)**
17  MATTEL, INC., a Delaware           )   **LTD.'S OBJECTIONS AND**
    corporation                        )   **RESPONSES TO MATTEL**
18                                     )   **INC.'S FIFTH SET OF**
                Defendant.             )   **INTERROGATORIES**
19                                     )
                                       )
20                                     )   Honorable Stephen G. Larson
                                       )   Courtroom 1
21                                     )
                                       )
22  Consolidated with MATTEL, INC. v.  )   Discovery Cut-Off:  March 3, 2008
    BRYANT and MGA                     )
23  ENTERTAINMENT, INC. v.             )
    MATTEL, INC.                       )
24  ─────────────────────────────────

    **PROPOUNDING PARTY:     MATTEL, INC. ("Mattel")**
25
    **RESPONDING PARTY:      MGA ENTERTAINMENT (HK) LTD.**
26
    **SET NUMBER:            FIFTH**
27

28

                        11-19

    ────────────────────────────────────────────────────────
    MGA HK'S RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES        NO. CV 04-9049 SGL (RNBx)

EXHIBIT  16        153

## PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that MGA Entertainment (HK) Ltd. ("MGA (HK)") is providing in response to these interrogatories or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA (HK)'s discovery regarding the information that Mattel seeks. Discovery and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA (HK) to discover other information responsive to these interrogatories. MGA (HK) therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence. MGA (HK) does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Interrogatories or any particular request therein, even where MGA (HK) has not otherwise objected to a particular interrogatory, or has agreed to provide information responsive to a particular interrogatory.

No incidental or implied admissions are intended by this Response. These responses should not be taken as an admission that MGA (HK) accepts or

1

EXHIBIT __16__ PAGE __154__

1  admits the existence of any facts set forth or assumed by any instruction, definition

2  or interrogatory.

3  **GENERAL OBJECTIONS**

4       MGA (HK) responds to these interrogatories subject to the following

5  general objections and limitations, each of which is incorporated into each and every

6  response as though fully set forth therein:

7       1.    MGA (HK) objects to these interrogatories to the extent they seek

8  information that is not subject to disclosure under any applicable privilege, doctrine

9  or immunity, including without limitation the attorney-client privilege, the work

10  product doctrine, the right of privacy, and all other privileges recognized under the

11  constitutional, statutory or decisional law of the United States of America, the State

12  of California or any other applicable jurisdiction.

13       2.    MGA (HK) objects to these interrogatories to the extent they seek

14  information not relevant to the claims or defenses of any party to this action and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16       3.    MGA (HK) objects to these interrogatories to the extent they seek

17  information which by reason of public filing or otherwise is already in Mattel's

18  possession or is readily accessible to Mattel.

19       4.    MGA (HK) objects to these interrogatories to the extent they seek

20  the disclosure of information (1) not currently within its possession, custody or

21  control; (2) that MGA (HK) cannot locate after a reasonably diligent search; or (3)

22  that refer to persons, entities, or events not known to MGA (HK).  Such instructions,

23  definitions, or requests are objectionable where they seek to require more of MGA

24  (HK) than any obligation imposed by the Federal Rules of Civil Procedure; subject

25  MGA (HK) to unreasonable and undue annoyance, oppression, burden, and expense;

26  and/or seek to impose upon MGA (HK) an obligation to investigate or discover

27  information or materials from sources equally accessible to Mattel.

28

2

EXHIBIT __16__ PAGE __155__

5.     MGA (HK) objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.     MGA (HK) objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

7.     MGA (HK) objects to the following definitions in these interrogatories:

(a)     MGA (HK) objects to the definition of the term "BRATZ" (Definitions ¶ 11) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact.  The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of "DESIGN," the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ."  (Definitions ¶ 12.)  These convoluted and multi-part definitions combine to render the interrogatories vague, ambiguous and overly broad, and to

3

EXHIBIT 16 PAGE 156

1  include within the term "BRATZ" things that do not fairly represent the Bratz line of

2  dolls, accessories and related products that are the subject of this case. In responding

3  to these interrogatories, MGA (HK) will interpret the term "BRATZ" to mean the

4  line of dolls introduced by MGA to the market for sale in May or June 2001 and

5  subsequent dolls, accessories and other products known as Bratz or associated by

6  MGA with the Bratz line of dolls;

7          (b)     MGA (HK) objects to the definition of the terms

8  "IDENTIFY" and "IDENTITY" as overbroad, unduly burdensome, vague and

9  ambiguous, and oppressive. Mattel's definition of these terms inherently call for

10 answers to multiple discrete questions or subparts to questions. For example, as

11 those terms are used with reference to a "SOURCE OF INFORMATION"

12 (Definitions ¶ 21(c)), the use of those terms request at least seven different and

13 distinct facts: (a) the nature of the "SOURCE OF INFORMATION"; (b) any

14 "unique identifier information" for each "SOURCE OF INFORMATION"; (c) the

15 "SOURCE OF INFORMATION's" physical location(s), including full address

16 information and computer network drive information; (d) the "IDENTITY" of each

17 natural person or individual who is, was or has been associated with each such

18 "SOURCE OF INFORMATION"; (e) the date(s) on which documents were collected

19 from each "SOURCE OF INFORMATION"; (f) whether each "SOURCE OF

20 INFORMATION" contained documents that "REFER OR RELATE TO" "BRATZ"

21 during the time period prior to February 28, 2001; and (g) the "IDENTITY of any

22 DOCUMENTS". Therefore, any interrogatory that includes or incorporates the

23 terms "IDENTIFY" or "IDENTITY" are necessarily compound, and should be posed

24 as separate interrogatories. MGA (HK) will interpret the term "IDENTIFY" when

25 used in these interrogatories with reference to a "SOURCE OF INFORMATION" as

26 requesting MGA (HK) to identify the "SOURCE OF INFORMATION" searched for

27 the referenced documents with reasonable particularity so as to distinguish it from

28 other sources of information searched for those documents;

4

EXHIBIT  16  PAGE  157

1    (c)   MGA (HK) also objects to the terms "any" (Definitions ¶
2  22) and "REFER OR RELATE TO" (Definitions ¶ 15) on the grounds and to the
3  extent they are overbroad, unduly burdensome, and/or are vague and ambiguous in
4  the context of the interrogatories as written and as those interrogatories would be
5  plainly understood absent Mattel's definitions.

6    8.   MGA (HK) objects to these interrogatories to the extent they may
7  unfairly seek to restrict the facts on which MGA (HK) may rely at trial. Discovery
8  has not been completed and MGA (HK) is not yet necessarily in possession of all the
9  facts and documents upon which MGA (HK) intends to rely. All of the responses
10 submitted herewith are tendered to Mattel with the reservation that the responses are
11 submitted without limiting the evidence on which MGA (HK) may rely to support
12 the contentions and defenses that MGA (HK) may assert at the trial of this action and
13 to rebut or impeach the contentions, assertions and evidence that Mattel may present.
14 MGA (HK) reserves the right to supplement or amend these responses at a future
15 date.

16    9.   MGA (HK) objects to each interrogatory to the extent it seeks
17 information that will be the subject of expert witness testimony and that is therefore
18 premature.

19    10.   MGA (HK) objects to each interrogatory to the extent it calls for
20 a legal conclusion.

21    11.   MGA (HK) objects to each interrogatory to the extent it seeks the
22 disclosure of confidential, proprietary, or trade-secret information.

23    12.   MGA (HK) reserves the right to object on any ground at any time
24 to such other supplemental discovery requests as Mattel may propound involving or
25 relating to the same subject matter of these interrogatories.

26    13.   In responding to these interrogatories, MGA (HK) has not
27 complied and will not comply with any instructions or definitions that seek to impose
28 requirements in addition to those imposed by the Federal Rules of Civil Procedure,

5

EXHIBIT 16 PAGE 158

1  the local rules of this Court, any orders entered by the Court in this action, or other

2  applicable law.

3          14.    Consistent with Rule 33(d) of the Federal Rules of Civil

4  Procedure, MGA (HK) objects to providing responses to interrogatories that can be

5  derived from documents that have been or will be produced (when requested in

6  compliance with Rule 26) and where the burden to derive such information is

7  substantially the same for Mattel as it is for MGA (HK).

8          15.    MGA (HK) objects to the definitions, instructions, and

9  interrogatories to the extent they seek information that was prepared in anticipation

10 of litigation, constitutes attorney work product, discloses mental impressions,

11 conclusions, opinions or legal theories of any attorney for or otherwise representative

12 of MGA (HK), contains privileged attorney-client communications, or is otherwise

13 protected from disclosure by any privileges, laws or rules.  MGA (HK) shall not

14 produce such information in response to Mattel's interrogatories.  Any disclosure of

15 such protected or privileged information is inadvertent and shall not be construed as

16 a waiver of those privileges or protections.  MGA (HK) reserves the right to correct

17 the record with regard to any such inadvertent disclosure, as provided for in the

18 Protective Order governing this case.

19         16.    MGA (HK) objects to each of Mattel's interrogatories because

20 Mattel has propounded more than 50 interrogatories, including discrete subparts.

21 Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50

22 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

23         17.    The responses below shall not be construed as an admission as to

24 the relevance or admissibility of any statement or characterization contained in any

25 interrogatory.  MGA (HK) reserves all objections, including without limitation,

26 objections as to competency, relevance, materiality, privilege, authenticity, or

27 admissibility.

28

EXHIBIT __16__ PAGE 159

18.    To the extent MGA (HK) responds to an interrogatory, it does so
without waiving or intending to waive but rather, on the contrary, preserving and
intending to preserve, its contention that anything Mr. Bryant did on weekends,
evenings, vacation and any other time outside ordinary business hours was not done
while he was working for Mattel.  MGA (HK)'s response may not be taken as an
admission that the information it provides in its response in any way reflects or
evidences work performed by Mr. Bryant while he was working for Mattel or that
MGA (HK) adopts or agrees with any fact or legal conclusion assumed, presumed or
contained in Mattel's interrogatory.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

Without waiving or departing from its General Response and General
Objections, and specifically incorporating them in its response to each interrogatory
below, MGA (HK) makes the following additional objections and responses to
specific interrogatories:

## INTERROGATORY NO. 46:

Without disclosing the content of communications which are protected
by the attorney-client privilege, state fully and in detail all facts which REFER OR
RELATE TO any dispute relating to THIS ACTION between, on the one hand,
MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,
O'MELVENY and/or CHRISTENSEN, including but not limited to any and all
disputes which were or have been asserted as a basis for, or which underlie,
contributed to or were a factor in, the withdrawal, termination and/or substitution of
O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and
IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that
REFER OR RELATE TO such facts.

## RESPONSE TO INTERROGATORY NO. 46:

MGA (HK) incorporates by reference its General Response and General
Objections above, as though fully set forth herein and specifically incorporates

7

EXHIBIT  16  PAGE  160

1 General Objection No. 7 (regarding Definitions), including but not limited to its

2 objections to the definitions of the terms "IDENTIFY" and "REFER OR RELATE

3 TO". MGA (HK) also objects to this interrogatory to the extent it seeks information

4 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

5 including without limitation the attorney-client privilege, the work product doctrine,

6 the right of privacy, and all other privileges recognized under the constitutional,

7 statutory or decisional law of the United States of America, the State of California or

8 any other applicable jurisdiction. MGA (HK) further objects to this interrogatory on

9 the grounds that it is compound, vague, ambiguous and overly broad in that it seeks

10 disclosure of "facts" that "REFER OR RELATE TO" a "dispute" between certain

11 parties and their former counsel without any reference to the claims or defenses in

12 this action. MGA (HK) also objects to the extent that this interrogatory requests that

13 MGA (HK) "state . . . *all* facts . . . IDENTIFY *all* PERSONS . . . and *all*

14 DOCUMENTS" (emphasis added). MGA (HK) further objects to this interrogatory

15 as oppressive and harassing in that it seeks information not relevant to the claims or

16 defenses of any party to this action and not reasonably calculated to lead to the

17 discovery of admissible evidence.

18      MGA (HK) objects to this interrogatory because Mattel has propounded

19 more than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

20 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

21 SGL and CV 05-02727]."

22      Based on these objections, MGA (HK) will not respond further to this

23 interrogatory.

24 **INTERROGATORY NO. 47:**

25      IDENTIFY each and every SOURCE OF INFORMATION from which

26 YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR

27 RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior

28

EXHIBIT 16 PAGE 161

1 | to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part,
2 | created, drafted, generated, sent, received or transmitted).

3 | **RESPONSE TO INTERROGATORY NO. 47:**

4 | MGA (HK) incorporates by reference its General Response and General
5 | Objections above, as though fully set forth herein and specifically incorporates
6 | General Objection No. 7 (regarding Definitions), including without limitation its
7 | objection to the definition of the term "IDENTIFY" insofar as it is used to refer to a
8 | "SOURCE OF INFORMATION" and "REFER OR RELATE TO." MGA (HK) also
9 | objects to this interrogatory to the extent it seeks information that is not subject to
10 | disclosure under any applicable privilege, doctrine or immunity, including without
11 | limitation the attorney-client privilege, the work product doctrine, the right of
12 | privacy, and all other privileges recognized under the constitutional, statutory or
13 | decisional law of the United States of America, the State of California or any other
14 | applicable jurisdiction. MGA (HK) further objects to the interrogatory on the
15 | grounds that it is vague, ambiguous, overly broad and unduly burdensome insofar as
16 | it could be read to require MGA (HK) to search the hundreds of thousands of pages
17 | of documents it has produced in this action to "IDENTIFY" each document that
18 | "REFERS OR RELATES TO" "BRATZ" and also "REFERS OR RELATES TO"
19 | the period prior to February 28, 2001. The Federal Rules of Civil Procedure do not
20 | require MGA (HK) to conduct such a search.

21 | MGA (HK) objects to this interrogatory as compound because it
22 | contains discrete subparts that require separate, distinct and multiple responses.
23 | Specifically, Mattel's definitions of the terms "IDENTIFY" and "SOURCE OF
24 | INFORMATION" require MGA (HK) to provide separate, distinct, and multiple
25 | responses. For example, Mattel's definition of the term IDENTIFY in the context of
26 | this interrogatory purports to require MGA (HK) to provide a multitude of discrete
27 | facts for each SOURCE OF INFORMATION, including: (a) the nature of the
28 | SOURCE OF INFORMATION; (b) any "unique identifier information" for each

9

EXHIBIT __16__ PAGE __162__

1  SOURCE OF INFORMATION; (c) the SOURCE OF INFORMATION's physical
2  location(s), including full address information and computer network drive
3  information; (d) the "IDENTITY" of each natural person or individual who is, was or
4  has been associated with each such SOURCE OF INFORMATION; (e) the date(s)
5  on which documents were collected from each SOURCE OF INFORMATION; (f)
6  whether each SOURCE OF INFORMATION contained documents that "REFER OR
7  RELATE TO" "BRATZ" during the time period prior to February 28, 2001; and (g)
8  the IDENTITY of any DOCUMENTS.  This interrogatory is further compounded by
9  Mattel's definition of "IDENTITY," which purports to require MGA (HK) to provide
10  the following information for each of the "natural persons" requested to be identified
11  as part of Mattel's definition of "IDENTIFY," above: (1) the individual's name; (2)
12  any known business title; (3) the current or last known business affiliation; (4) the
13  current or last known residential address; (5) the current or last known business
14  address; (6) the current or last known relationship to MGA; and (7) the current or last
15  known telephone number.  Additionally, through Mattel's definition of "YOU," this
16  interrogatory asks for all of the foregoing information about "SOURCES OF
17  INFORMATION" relating to, and searched by, each of the multiple separate
18  responding parties in this litigation.  MGA (HK) further objects to the extent this
19  interrogatory seeks information that is beyond MGA (HK)'s personal knowledge and
20  is not in MGA (HK)'s possession, custody, or control.
21      MGA (HK) objects to this interrogatory because Mattel has propounded
22  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
23  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
24  SGL and CV 05-02727.]"
25
26
27
28

10

EXHIBIT 16 PAGE 163

1    Subject to and without waiving the foregoing objections, MGA (HK)

2  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

3  this interrogatory.

4

5    AS TO OBJECTIONS ONLY:

6

7  DATED:  November 19, 2007

8

9                                  SKADDEN, ARPS, SLATE, MEAGHER &
                                   FLOM LLP

10                                 By: _____
                                        Thomas J. Nolan
11                                 Attorneys for Counter-Defendants, MGA
                                   ENTERTAINMENT, INC., ISAAC LARIAN,
12                                 MGA ENTERTAINMENT (HK) LIMITED,
                                   AND MGAE de MEXICO S.R.L. de C.V.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        11

EXHIBIT 16 PAGE 164

**Exhibit 17**