**Exhibit 17**

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
4 | E-mail:      tnolan@skadden.com

5 | KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | 4 Times Square
New York, NY  10036
7 | Telephone:  (212) 735-3000
Facsimile:   (212) 735-2000
8 | E-mail:      kplevan@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGAE DE MEXICO S.R.L. DE C.V.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES** |
| Defendant. | |
| | |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Honorable Stephen G. Larson Courtroom 1 |
| | Discovery Cut-Off:  March 3, 2008 |

**PROPOUNDING PARTY:**   **MATTEL, INC. ("Mattel")**

**RESPONDING PARTY:**   **MGAE DE MEXICO S.R.L. DE C.V.**

**SET NUMBER:**   **FIFTH**

h-19

EXHIBIT 17  PAGE 165

## PRELIMINARY STATEMENT

1  The General Response set forth herein applies to all responses that
2  MGAE de Mexico S.R.L. de C. V., ("MGA (Mexico)") is providing in response to
3  these interrogatories or may in the future provide in response to any discovery
4  request in this action.  The Response is made without waiving, or intending to waive
5  but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of
6  competency, privilege, relevancy or materiality, or any other proper grounds, to the
7  use of the Response, for any purpose in whole or in part, in any subsequent step or
8  proceeding in this action or any other action; (b) the right to object on any and all
9  grounds, at any time, to other interrogatories or other discovery procedures; and (c)
10 the right at any time to revise, correct, add to, or clarify any of the responses
11 propounded herein.

12 The Response reflects only the present state of MGA (Mexico)'s
13 discovery regarding the information that Mattel seeks.  Discovery and other
14 investigation or research concerning this litigation are continuing.  It is anticipated
15 that further discovery, independent investigation, and legal research and analysis will
16 supply additional facts and meaning to the known facts, as well as establish entirely
17 new factual conclusions, all of which may lead MGA (Mexico) to discover other
18 information responsive to these interrogatories.  MGA (Mexico) therefore reserves
19 the right to amend or supplement this Response at any time in light of future
20 investigation, research or analysis, and also expressly reserves the right to rely on, at
21 any time, including trial, subsequently discovered information omitted from this
22 Response as a result of mistake, error, oversight or inadvertence.  MGA (Mexico)
23 does not hereby admit, adopt or acquiesce in any factual or legal contention,
24 assertion or characterization contained in the Interrogatories or any particular request
25 therein, even where MGA (Mexico) has not otherwise objected to a particular
26 interrogatory, or has agreed to provide information responsive to a particular
27 interrogatory.

MGA MEXICO'S RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)

EXHIBIT 17 PAGE 166

1    No incidental or implied admissions are intended by this Response.

2  These responses should not be taken as an admission that MGA (Mexico) accepts or

3  admits the existence of any facts set forth or assumed by any instruction, definition

4  or interrogatory.

## GENERAL OBJECTIONS

5

6    MGA (Mexico) responds to these interrogatories subject to the

7  following general objections and limitations, each of which is incorporated into each

8  and every response as though fully set forth therein:

9    1.    MGA (Mexico) objects to these interrogatories to the extent they

10  seek information that is not subject to disclosure under any applicable privilege,

11  doctrine or immunity, including without limitation the attorney-client privilege, the

12  work product doctrine, the right of privacy, and all other privileges recognized under

13  the constitutional, statutory or decisional law of the United States of America, the

14  State of California or any other applicable jurisdiction.

15    2.    MGA (Mexico) objects to these interrogatories to the extent they

16  seek information not relevant to the claims or defenses of any party to this action and

17  not reasonably calculated to lead to the discovery of admissible evidence.

18    3.    MGA (Mexico) objects to these interrogatories to the extent they

19  seek information which by reason of public filing or otherwise is already in Mattel's

20  possession or is readily accessible to Mattel.

21    4.    MGA (Mexico) objects to these interrogatories to the extent they

22  seek the disclosure of information (1) not currently within its possession, custody or

23  control; (2) that MGA (Mexico) cannot locate after a reasonably diligent search; or

24  (3) that refer to persons, entities, or events not known to MGA (Mexico).  Such

25  instructions, definitions, or requests are objectionable where they seek to require

26  more of MGA (Mexico) than any obligation imposed by the Federal Rules of Civil

27  Procedure; subject MGA (Mexico) to unreasonable and undue annoyance,

28  oppression, burden, and expense; and/or seek to impose upon MGA (Mexico) an

2

EXHIBIT 17    PAGE 167

1  obligation to investigate or discover information or materials from sources equally

2  accessible to Mattel.

3          5.      MGA (Mexico) objects to these interrogatories to the extent they

4  are overbroad and unduly burdensome.

5          6.      MGA (Mexico) objects to the definitions and instructions to the

6  extent such definitions and instructions purport to enlarge, expand, or alter in any

7  way the plain meaning and scope of any specific term or specific interrogatories on

8  the ground that such enlargement, expansion, or alteration renders such a term or

9  request vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or

10 uncertain.

11         7.      MGA (Mexico) objects to the following definitions in these

12 interrogatories:

13                 (a)     MGA (Mexico) objects to the definition of the term

14 "BRATZ" (Definitions ¶ 11) as vague, ambiguous, overly broad and unduly

15 burdensome, and designed to mislead and confuse the trier of fact.  The definition

16 includes "any project, product, doll or DESIGN ever known by [the Bratz] name

17 (whether in whole or in part and regardless of what such project, product or doll is or

18 has been also, previously or subsequently called) and any product, doll or DESIGN

19 or any portion thereof that is now or has ever been known as, or sold or marketed

20 under, the name or term 'Bratz' (whether in whole or in part and regardless of what

21 such product, doll or DESIGN or portion thereof is or has been also, previously or

22 subsequently called) or that is now or has ever been marketed as part of the 'Bratz'

23 line, and each version or iteration of such product, doll or DESIGN or any portion

24 thereof," and it goes on.  By incorporating the definition of "DESIGN," the overly

25 broad definition of BRATZ includes two-dimensional and three-dimensional

26 representations, including "works, designs, artwork, sketches, drawings, illustrations,

27 representations, depictions, blueprints, schematics, diagrams, images, sculptures,

28 prototypes, models, samples, rotocasts, reductions to practice, developments,

3

EXHIBIT 17   PAGE 168

1  inventions and/or improvements . . . ." (Definitions ¶ 12.) These convoluted and
2  multi-part definitions combine to render the interrogatories vague, ambiguous and
3  overly broad, and to include within the term "BRATZ" things that do not fairly
4  represent the Bratz line of dolls, accessories and related products that are the subject
5  of this case. In responding to these interrogatories, MGA (Mexico) will interpret the
6  term "BRATZ" to mean the line of dolls introduced by MGA to the market for sale
7  in May or June 2001 and subsequent dolls, accessories and other products known as
8  Bratz or associated by MGA with the Bratz line of dolls;

9          (b)    MGA (Mexico) objects to the definition of the term
10 "IDENTIFY" or "IDENTITY" as overbroad, unduly burdensome, vague and
11 ambiguous, and oppressive. Mattel's definition of these terms inherently call for
12 answers to multiple discrete questions or subparts to questions. For example, as
13 those terms are used with reference to a "SOURCE OF INFORMATION"
14 (Definitions ¶ 21(c)), the use of those terms request at least seven different and
15 distinct facts: (a) the nature of the "SOURCE OF INFORMATION"; (b) any
16 "unique identifier information" for each "SOURCE OF INFORMATION"; (c) the
17 "SOURCE OF INFORMATION's" physical location(s), including full address
18 information and computer network drive information; (d) the "IDENTITY" of each
19 natural person or individual who is, was or has been associated with each such
20 "SOURCE OF INFORMATION"; (e) the date(s) on which documents were collected
21 from each "SOURCE OF INFORMATION"; (f) whether each "SOURCE OF
22 INFORMATION" contained documents that "REFER OR RELATE TO" "BRATZ"
23 during the time period prior to February 28, 2001; and (g) the "IDENTITY of any
24 DOCUMENTS". Therefore, any interrogatory that includes or incorporates the
25 terms "IDENTIFY" or "IDENTITY" are necessarily compound, and should be posed
26 as separate interrogatories. MGA (Mexico) will interpret the term "IDENTIFY"
27 when used in these interrogatories with reference to a "SOURCE OF
28 INFORMATION" as requesting MGA (Mexico) to identify the "SOURCE OF

4

EXHIBIT  17  PAGE  169

1  INFORMATION" searched for the referenced documents with reasonable

2  particularity so as to distinguish it from other sources of information searched for

3  those documents;

4           (c)     MGA (Mexico) also objects to the terms "any" (Definitions

5  ¶ 22) and "REFER OR RELATE TO" (Definitions ¶ 15) on the grounds and to the

6  extent they are overbroad, unduly burdensome, and/or are vague and ambiguous in

7  the context of the interrogatories as written and as those interrogatories would be

8  plainly understood absent Mattel's definitions.

9           8.     MGA (Mexico) objects to these interrogatories to the extent they

10  may unfairly seek to restrict the facts on which MGA (Mexico) may rely at trial.

11  Discovery has not been completed and MGA (Mexico) is not yet necessarily in

12  possession of all the facts and documents upon which MGA (Mexico) intends to

13  rely.  All of the responses submitted herewith are tendered to Mattel with the

14  reservation that the responses are submitted without limiting the evidence on which

15  MGA (Mexico) may rely to support the contentions and defenses that MGA

16  (Mexico) may assert at the trial of this action and to rebut or impeach the

17  contentions, assertions and evidence that Mattel may present.  MGA (Mexico)

18  reserves the right to supplement or amend these responses at a future date.

19           9.     MGA (Mexico) objects to each interrogatory to the extent it seeks

20  information that will be the subject of expert witness testimony and that is therefore

21  premature.

22           10.    MGA (Mexico) objects to each interrogatory to the extent it calls

23  for a legal conclusion.

24           11.    MGA (Mexico) objects to each interrogatory to the extent it seeks

25  the disclosure of confidential, proprietary, or trade-secret information.

26           12.    MGA (Mexico) reserves the right to object on any ground at any

27  time to such other supplemental discovery requests as Mattel may propound

28  involving or relating to the same subject matter of these interrogatories.

5

EXHIBIT __17__ PAGE __170__

13.    In responding to these interrogatories, MGA (Mexico) has not complied and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, any orders entered by the Court in this action, or other applicable law.

14.    Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MGA (Mexico) objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA (Mexico).

15.    MGA (Mexico) objects to the definitions, instructions, and interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or otherwise representative of MGA (Mexico), contains privileged attorney-client communications, or is otherwise protected from disclosure by any privileges, laws or rules. MGA (Mexico) shall not produce such information in response to Mattel's interrogatories. Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of those privileges or protections. MGA (Mexico) reserves the right to correct the record with regard to any such inadvertent disclosure, as provided for in the Protective Order governing this case.

16.    MGA (Mexico) objects to each of Mattel's interrogatories because Mattel has propounded more than 50 interrogatories, including discrete subparts. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

17.    The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any

6

EXHIBIT ___ PAGE ___

1    interrogatory. MGA (Mexico) reserves all objections, including without limitation,

2    objections as to competency, relevance, materiality, privilege, authenticity, or

3    admissibility.

4          18.     To the extent MGA (Mexico) responds to an interrogatory, it does

5    so without waiving or intending to waive but rather, on the contrary, preserving and

6    intending to preserve, its contention that anything Mr. Bryant did on weekends,

7    evenings, vacation and any other time outside ordinary business hours was not done

8    while he was working for Mattel. MGA (Mexico)'s response may not be taken as an

9    admission that the information it provides in its response in any way reflects or

10    evidences work performed by Mr. Bryant while he was working for Mattel or that

11    MGA (Mexico) adopts or agrees with any fact or legal conclusion assumed,

12    presumed or contained in Mattel's interrogatory.

13    **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

14          Without waiving or departing from its General Response and General

15    Objections, and specifically incorporating them in its response to each interrogatory

16    below, MGA (Mexico) makes the following additional objections and responses to

17    specific interrogatories:

18    **INTERROGATORY NO. 46:**

19          Without disclosing the content of communications which are protected

20    by the attorney-client privilege, state fully and in detail all facts which REFER OR

21    RELATE TO any dispute relating to THIS ACTION between, on the one hand,

22    MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,

23    O'MELVENY and/or CHRISTENSEN, including but not limited to any and all

24    disputes which were or have been asserted as a basis for, or which underlie,

25    contributed to or were a factor in, the withdrawal, termination and/or substitution of

26    O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and

27    IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

28    REFER OR RELATE TO such facts.

7

EXHIBIT 17 PAGE 172

## RESPONSE TO INTERROGATORY NO. 46:

MGA (Mexico) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms "IDENTIFY" and "REFER OR RELATE TO." MGA (Mexico) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA (Mexico) further objects to this interrogatory on the grounds that it is compound, vague, ambiguous and overly broad in that it seeks disclosure of "facts" that "REFER OR RELATE TO" a "dispute" between certain parties and their former counsel without any reference to the claims or defenses in this action. MGA (Mexico) also objects to the extent that this interrogatory requests that MGA (Mexico) "state . . . *all* facts . . . IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS" (emphasis added). MGA (Mexico) further objects to this interrogatory as oppressive and harassing in that it seeks information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

MGA (Mexico) objects to this interrogatory because Mattel has propounded more than 50 interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

Based on these objections, MGA (Mexico) will not respond further to this interrogatory.

8

EXHIBIT 14 PAGE 173

**INTERROGATORY NO. 47:**

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part, created, drafted, generated, sent, received or transmitted).

**RESPONSE TO INTERROGATORY NO. 47:**

MGA (Mexico) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the term "IDENTIFY" insofar as it is used to refer to a "SOURCE OF INFORMATION" and "REFER OR RELATE TO." MGA (Mexico) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA (Mexico) further objects to the interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome insofar as it could be read to require MGA (Mexico) to search the hundreds of thousands of pages of documents it has produced in this action to "IDENTIFY" each document that "REFERS OR RELATES TO" "BRATZ" and also "REFERS OR RELATES TO" the period prior to February 28, 2001. The Federal Rules of Civil Procedure do not require MGA (Mexico) to conduct such a search.

MGA (Mexico) objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, Mattel's definitions of the terms "IDENTIFY" and "SOURCE OF INFORMATION" require MGA (Mexico) to provide separate, distinct, and multiple

9

EXHIBIT '47 PAGE 174

1  responses.  For example, Mattel's definition of the term IDENTIFY in the context of

2  this interrogatory purports to require MGA (Mexico) to provide a multitude of

3  discrete facts for each SOURCE OF INFORMATION, including:  (a) the nature of

4  the SOURCE OF INFORMATION; (b) any "unique identifier information" for each

5  SOURCE OF INFORMATION; (c) the SOURCE OF INFORMATION's physical

6  location(s), including full address information and computer network drive

7  information; (d) the "IDENTITY" of each natural person or individual who is, was or

8  has been associated with each such SOURCE OF INFORMATION; (e) the date(s)

9  on which documents were collected from each SOURCE OF INFORMATION; (f)

10  whether each SOURCE OF INFORMATION contained documents that "REFER OR

11  RELATE TO" "BRATZ" during the time period prior to February 28, 2001; and (g)

12  the IDENTITY of any DOCUMENTS.  This interrogatory is further compounded by

13  Mattel's definition of "IDENTITY," which purports to require MGA (Mexico) to

14  provide the following information for each of the "natural persons" requested to be

15  identified as part of Mattel's definition of "IDENTIFY," above:  (1) the individual's

16  name; (2) any known business title; (3) the current or last known business affiliation;

17  (4) the current or last known residential address; (5) the current or last known

18  business address; (6) the current or last known relationship to MGA; and (7) the

19  current or last known telephone number.  Additionally, through Mattel's definition of

20  "YOU," this interrogatory asks for all of the foregoing information about

21  "SOURCES OF INFORMATION" relating to, and searched by, each of the multiple

22  separate responding parties in this litigation.  MGA (Mexico) further objects to the

23  extent this interrogatory seeks information that is beyond MGA (Mexico)'s personal

24  knowledge and is not in MGA (Mexico)'s possession, custody, or control.

25          MGA (Mexico) objects to this interrogatory because Mattel has

26  propounded more than 50 interrogatories.  Under Judge Larson's order of February

27  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

28  04049-SGL and CV 05-02727.]"

10

EXHIBIT  17  PAGE  175

1         Subject to and without waiving the foregoing objections, MGA

2 (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

3 Mattel regarding this interrogatory.

4

5         AS TO OBJECTIONS ONLY:

6 DATED:  November 19, 2007

7

8                                 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

9                                 By: _____

10                                 Thomas J. Nolan
                                Attorneys for Counter-Defendants, MGA

11                                 ENTERTAINMENT, INC., ISAAC LARIAN,
                                MGA ENTERTAINMENT (HK) LIMITED,

12                                 AND MGAE de MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

EXHIBIT __17__ PAGE __176__

Exhibit  18

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:      tnolan@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
Telephone:  (212) 735-3000
Facsimile:   (212) 735-2000
E-mail:      kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **ISAAC LARIAN'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  March 3, 2008 |

PROPOUNDING PARTY:      MATTEL, INC. ("Mattel")

RESPONDING PARTY:        ISAAC LARIAN

SET NUMBER:                   FIFTH

11-19

LARIAN'S RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT  18   PAGE  177

# PRELIMINARY STATEMENT

1
2          The General Response set forth herein applies to all responses that Isaac
3   Larian, ("Larian") is providing in response to these interrogatories or may in the
4   future provide in response to any discovery request in this action.  The Response is
5   made without waiving, or intending to waive but, on the contrary, expressly
6   reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy
7   or materiality, or any other proper grounds, to the use of the Response, for any
8   purpose in whole or in part, in any subsequent step or proceeding in this action or
9   any other action; (b) the right to object on any and all grounds, at any time, to other
10  interrogatories or other discovery procedures; and (c) the right at any time to revise,
11  correct, add to, or clarify any of the responses propounded herein.
12         The Response reflects only the present state of Larian's discovery
13  regarding the information that Mattel seeks.  Discovery and other investigation or
14  research concerning this litigation are continuing.  It is anticipated that further
15  discovery, independent investigation, and legal research and analysis will supply
16  additional facts and meaning to the known facts, as well as establish entirely new
17  factual conclusions, all of which may lead Larian to discover other information
18  responsive to these interrogatories.  Larian therefore reserves the right to amend or
19  supplement this Response at any time in light of future investigation, research or
20  analysis, and also expressly reserves the right to rely on, at any time, including trial,
21  subsequently discovered information omitted from this Response as a result of
22  mistake, error, oversight or inadvertence.  Larian does not hereby admit, adopt or
23  acquiesce in any factual or legal contention, assertion or characterization contained
24  in the Interrogatories or any particular request therein, even where Larian has not
25  otherwise objected to a particular interrogatory, or has agreed to provide information
26  responsive to a particular interrogatory.
27         No incidental or implied admissions are intended by this Response.
28  These responses should not be taken as an admission that Larian accepts or admits

1

EXHIBIT __18__ PAGE __178__

the existence of any facts set forth or assumed by any instruction, definition or interrogatory.

## GENERAL OBJECTIONS

Larian responds to these interrogatories subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1. Larian objects to these interrogatories to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2. Larian objects to these interrogatories to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3. Larian objects to these interrogatories to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4. Larian objects to these interrogatories to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that Larian cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to Larian. Such instructions, definitions, or requests are objectionable where they seek to require more of Larian than any obligation imposed by the Federal Rules of Civil Procedure; subject Larian to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon Larian an obligation to investigate or discover information or materials from sources equally accessible to Mattel.

2

EXHIBIT __18__ PAGE __179__

5.    Larian objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.    Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

7.    Larian objects to the following definitions in these interrogatories:

(a)    Larian objects to the definition of the term "BRATZ" (Definitions ¶ 11) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of "DESIGN," the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." (Definitions ¶ 12.) These convoluted and multi-part definitions combine to render the interrogatories vague, ambiguous and overly broad, and to include within the term BRATZ things that do not fairly represent the Bratz line of

3

EXHIBIT 18   PAGE 180

1   dolls, accessories and related products that are the subject of this case. In responding

2   to these interrogatories, Larian will interpret the term "BRATZ" to mean the line of

3   dolls introduced by MGA to the market for sale in May or June 2001 and subsequent

4   dolls, accessories and other products known as Bratz or associated by MGA with the

5   Bratz line of dolls;

6             (b)    Larian objects to the definition of the term "IDENTIFY" or

7   "IDENTITY" as overbroad, unduly burdensome, vague and ambiguous, and

8   oppressive. Mattel's definition of these terms inherently call for answers to multiple

9   discrete questions or subparts to questions. For example, as those terms are used

10   with reference to a "SOURCE OF INFORMATION" (Definitions ¶ 21(c)) the use of

11   those terms request at least seven different and distinct facts: (a) the nature of the

12   "SOURCE OF INFORMATION"; (b) any "unique identifier information" for each

13   "SOURCE OF INFORMATION"; (c) the "SOURCE OF INFORMATION's"

14   physical location(s), including full address information and computer network drive

15   information; (d) the "IDENTITY" of each natural person or individual who is, was or

16   has been associated with each such "SOURCE OF INFORMATION"; (e) the date(s)

17   on which documents were collected from each "SOURCE OF INFORMATION"; (f)

18   whether each "SOURCE OF INFORMATION" contained documents that "REFER

19   OR RELATE TO" "BRATZ" during the time period prior to February 28, 2001; and

20   (g) the "IDENTITY of any DOCUMENTS". Therefore, any interrogatory that

21   includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

22   compound, and should be posed as separate interrogatories. Larian will interpret the

23   term "IDENTIFY" when used in these interrogatories with reference to a "SOURCE

24   OF INFORMATION" as requesting Larian to identify the "SOURCE OF

25   INFORMATION" searched for the referenced documents with reasonable

26   particularity so as to distinguish it from other sources of information searched for

27   those documents;

28

4

EXHIBIT 18 PAGE 181

1          (c)     Larian also objects to the terms "any" (Definitions ¶ 22)

2   and "REFER OR RELATE TO" (Definitions ¶ 15) on the grounds and to the extent

3   they are overbroad, unduly burdensome, and/or are vague and ambiguous in the

4   context of the interrogatories as written and as those interrogatories would be plainly

5   understood absent Mattel's definitions.

6          8.      Larian objects to these interrogatories to the extent they may

7   unfairly seek to restrict the facts on which Larian may rely at trial.  Discovery has

8   not been completed and Larian is not yet necessarily in possession of all the facts and

9   documents upon which Larian intends to rely.  All of the responses submitted

10  herewith are tendered to Mattel with the reservation that the responses are submitted

11  without limiting the evidence on which Larian may rely to support the contentions

12  and defenses that Larian may assert at the trial of this action and to rebut or impeach

13  the contentions, assertions and evidence that Mattel may present.  Larian reserves the

14  right to supplement or amend these responses at a future date.

15         9.      Larian objects to each interrogatory to the extent it seeks

16  information that will be the subject of expert witness testimony and that is therefore

17  premature.

18         10.     Larian objects to each interrogatory to the extent it calls for a

19  legal conclusion.

20         11.     Larian objects to each interrogatory to the extent it seeks the

21  disclosure of confidential, proprietary, or trade-secret information.

22         12.     Larian reserves the right to object on any ground at any time to

23  such other supplemental discovery requests as Mattel may propound involving or

24  relating to the same subject matter of these interrogatories.

25         13.     In responding to these interrogatories, Larian has not complied

26  and will not comply with any instructions or definitions that seek to impose

27  requirements in addition to those imposed by the Federal Rules of Civil Procedure,

28

LARIAN'S RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 18   PAGE 182

1 the local rules of this Court, any orders entered by the Court in this action, or other

2 applicable law.

3      14.    Consistent with Rule 33(d) of the Federal Rules of Civil

4 Procedure, Larian objects to providing responses to interrogatories that can be

5 derived from documents that have been or will be produced (when requested in

6 compliance with Rule 26) and where the burden to derive such information is

7 substantially the same for Mattel as it is for Larian.

8      15.    Larian objects to the definitions, instructions, and interrogatories

9 to the extent they seek information that was prepared in anticipation of litigation,

10 constitutes attorney work product, discloses mental impressions, conclusions,

11 opinions or legal theories of any attorney for or otherwise representative of Larian,

12 contains privileged attorney-client communications, or is otherwise protected from

13 disclosure by any privileges, laws or rules.  Larian shall not produce such

14 information in response to Mattel's interrogatories.  Any disclosure of such protected

15 or privileged information is inadvertent and shall not be construed as a waiver of

16 those privileges or protections.  Larian reserves the right to correct the record with

17 regard to any such inadvertent disclosure, as provided for in the Protective Order

18 governing this case.

19      16.    Larian objects to each of Mattel's interrogatories because Mattel

20 has propounded more than 50 interrogatories, including discrete subparts.  Under

21 Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

22 side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

23      17.    The responses below shall not be construed as an admission as to

24 the relevance or admissibility of any statement or characterization contained in any

25 interrogatory.  Larian reserves all objections, including without limitation, objections

26 as to competency, relevance, materiality, privilege, authenticity, or admissibility.

27      18.    To the extent Larian responds to an interrogatory, he does so

28 without waiving or intending to waive but rather, on the contrary, preserving and

EXHIBIT 18 PAGE 183

1  intending to preserve, its contention that anything Mr. Bryant did on weekends,

2  evenings, vacation and any other time outside ordinary business hours was not done

3  while he was working for Mattel. Larian's response may not be taken as an

4  admission that the information he provides in his response in any way reflects or

5  evidences work performed by Mr. Bryant while he was working for Mattel or that

6  Larian adopts or agrees with any fact or legal conclusion assumed, presumed or

7  contained in Mattel's interrogatory.

8  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

9  Without waiving or departing from its General Response and General

10  Objections, and specifically incorporating them in his response to each interrogatory

11  below, Larian makes the following additional objections and responses to specific

12  interrogatories:

13  **INTERROGATORY NO. 46:**

14  Without disclosing the content of communications which are protected

15  by the attorney-client privilege, state fully and in detail all facts which REFER OR

16  RELATE TO any dispute relating to THIS ACTION between, on the one hand,

17  MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,

18  O'MELVENY and/or CHRISTENSEN, including but not limited to any and all

19  disputes which were or have been asserted as a basis for, or which underlie,

20  contributed to or were a factor in, the withdrawal, termination and/or substitution of

21  O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and

22  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

23  REFER OR RELATE TO such facts.

24  **RESPONSE TO INTERROGATORY NO. 46:**

25  Larian incorporates by reference his General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 7 (regarding Definitions), including but not limited to its

28  objections to the definitions of the terms "IDENTIFY" and "REFER OR RELATE

7

EXHIBIT __18__ PAGE __184__

1  TO".  Larian also objects to this interrogatory to the extent it seeks information that

2  is not subject to disclosure under any applicable privilege, doctrine or immunity,

3  including without limitation the attorney-client privilege, the work product doctrine,

4  the right of privacy, and all other privileges recognized under the constitutional,

5  statutory or decisional law of the United States of America, the State of California or

6  any other applicable jurisdiction.  Larian further objects to this interrogatory on the

7  grounds that it is compound, vague, ambiguous and overly broad in that it seeks

8  disclosure of "facts" that "REFER OR RELATE TO" a "dispute" between certain

9  parties and their former counsel without any reference to the claims or defenses in

10  this action.  Larian also objects to the extent that this interrogatory requests that

11  Larian "state . . . *all* facts . . . IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

12  (emphasis added).  Larian further objects to this interrogatory as oppressive and

13  harassing in that it seeks information not relevant to the claims or defenses of any

14  party to this action and not reasonably calculated to lead to the discovery of

15  admissible evidence.

16       Larian objects to this interrogatory because Mattel has propounded

17  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

18  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

19  SGL and CV 05-02727]."

20       Based on these objections, Larian will not respond further to this

21  interrogatory.

22  **INTERROGATORY NO. 47:**

23       IDENTIFY each and every SOURCE OF INFORMATION from which

24  YOU have COLLECTED DOCUMENTS in THIS ACTION that REFER OR

25  RELATE TO BRATZ and that also REFER OR RELATE TO the time period prior

26  to February 28, 2001 (regardless of when such DOCUMENT was, in whole or part,

27  created, drafted, generated, sent, received or transmitted).

28

8

EXHIBIT __18__ PAGE __185__

## RESPONSE TO INTERROGATORY NO. 47:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the term "IDENTIFY" insofar as it is used to refer to a "SOURCE OF INFORMATION" and "REFER OR RELATE TO." Larian also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to the interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome insofar as it could be read to require Larian to search the hundreds of thousands of pages of documents it has produced in this action to "IDENTIFY" each document that "REFERS OR RELATES TO" "BRATZ" and also "REFERS OR RELATES TO" the period prior to February 28, 2001. The Federal Rules of Civil Procedure do not require Larian to conduct such a search.

Larian objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, Mattel's definitions of the terms "IDENTIFY" and "SOURCE OF INFORMATION" require Larian to provide separate, distinct, and multiple responses. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory purports to require Larian to provide a multitude of discrete facts for each SOURCE OF INFORMATION, including: (a) the nature of the SOURCE OF INFORMATION; (b) any "unique identifier information" for each SOURCE OF INFORMATION; (c) the SOURCE OF INFORMATION's physical location(s), including full address information and computer network drive information; (d) the

9

EXHIBIT 18 PAGE 186

1   "IDENTITY" of each natural person or individual who is, was or has been associated

2   with each such SOURCE OF INFORMATION; (e) the date(s) on which documents

3   were collected from each SOURCE OF INFORMATION; (f) whether each

4   SOURCE OF INFORMATION contained documents that "REFER OR RELATE

5   TO" "BRATZ" during the time period prior to February 28, 2001; and (g) the

6   IDENTITY of any DOCUMENTS.  This interrogatory is further compounded by

7   Mattel's definition of "IDENTITY," which purports to require Larian to provide the

8   following information for each of the "natural persons" requested to be identified as

9   part of Mattel's definition of "IDENTIFY," above:  (1) the individual's name; (2) any

10  known business title; (3) the current or last known business affiliation; (4) the current

11  or last known residential address; (5) the current or last known business address; (6)

12  the current or last known relationship to MGA; and (7) the current or last known

13  telephone number.  Additionally, through Mattel's definition of "YOU," this

14  interrogatory asks for all of the foregoing information about "SOURCES OF

15  INFORMATION" relating to, and searched by, each of the multiple separate

16  responding parties in this litigation.  Larian further objects to the extent this

17  interrogatory seeks information that is beyond Larian's personal knowledge and is

18  not in Larian's possession, custody, or control.

19          Larian objects to this interrogatory because Mattel has propounded

20  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

21  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

22  SGL and CV 05-02727.]"

23

24

25

26

27

28

10

LARIAN'S RESPONSES TO MATTEL INC.'S FIFTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT __18__ PAGE __187__

1    Subject to and without waiving the foregoing objections, Larian

2  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

3  interrogatory.

4

5    AS TO OBJECTIONS ONLY:

6

7  DATED:  November 19, 2007

8

9                              SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM LLP

10                             By: _____

11                                   Thomas J. Nolan
                               Attorneys for Counter-Defendants, MGA

12                             ENTERTAINMENT, INC., ISAAC LARIAN,
                               MGA ENTERTAINMENT (HK) LIMITED,

13                             AND MGAE de MEXICO S.R.L. de C.V.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        11

EXHIBIT __18__ PAGE 188

**Exhibit  19**

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
4 | E-mail:    tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
7 | Telephone:  (415) 984-6400
Facsimile:  (415) 984-2698
8 | E-mail:    rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  March 3, 2008 |

25 | **PROPOUNDING PARTY:**    **MATTEL, INC. ("MATTEL")**

26 | **RESPONDING PARTY:**    **MGA ENTERTAINMENT, INC.**

27 | **SET NUMBER:**    **SIXTH**

28 |

11-26

EXHIBIT 19   PAGE 189

## PRELIMINARY STATEMENT

1
2          The General Response set forth herein applies to all responses that
3   MGA Entertainment, Inc. ("MGA") is providing in response to these interrogatories
4   or may in the future provide in response to any discovery request in this action.  The
5   Response is made without waiving, or intending to waive but, on the contrary,
6   expressly reserving:  (a) the right to object, on the grounds of competency, privilege,
7   relevancy or materiality, or any other proper grounds, to the use of the Response, for
8   any purpose in whole or in part, in any subsequent step or proceeding in this action
9   or any other action; (b) the right to object on any and all grounds, at any time, to
10  other interrogatories or other discovery procedures; and (c) the right at any time to
11  revise, correct, add to, or clarify any of the responses propounded herein.
12         The Response reflects only the present state of MGA's discovery
13  regarding the information that Mattel seeks.  Discovery and other investigation or
14  research concerning this litigation are continuing.  It is anticipated that further
15  discovery, independent investigation, and legal research and analysis will supply
16  additional facts and meaning to the known facts, as well as establish entirely new
17  factual conclusions, all of which may lead MGA to discover other information
18  responsive to these interrogatories.  MGA therefore reserves the right to amend or
19  supplement this Response at any time in light of future investigation, research or
20  analysis, and also expressly reserves the right to rely on, at any time, including trial,
21  subsequently discovered information omitted from this Response as a result of
22  mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or
23  acquiesce in any factual or legal contention, assertion or characterization contained
24  in the Interrogatories or any particular request therein, even where MGA has not
25  otherwise objected to a particular interrogatory, or has agreed to provide information
26  responsive to a particular interrogatory.
27         No incidental or implied admissions are intended by this Response.
28  These responses should not be taken as an admission that MGA accepts or admits the

MGA'S RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___19___  PAGE ___190___

1 | existence of any facts set forth or assumed by any instruction, definition or

2 | interrogatory.

3 | ## GENERAL OBJECTIONS

4 | MGA responds to these interrogatories subject to the following general

5 | objections and limitations, each of which is incorporated into each and every

6 | response as though fully set forth therein:

7 | 1.   MGA objects to these interrogatories to the extent they seek

8 | information that is not subject to disclosure under any applicable privilege, doctrine

9 | or immunity, including without limitation the attorney-client privilege, the work

10 | product doctrine, the right of privacy, and all other privileges recognized under the

11 | constitutional, statutory or decisional law of the United States of America, the State

12 | of California or any other applicable jurisdiction.

13 | 2.   MGA objects to these interrogatories to the extent they seek

14 | information not relevant to the claims or defenses of any party to this action and not

15 | reasonably calculated to lead to the discovery of admissible evidence.

16 | 3.   MGA objects to these interrogatories to the extent they seek

17 | information which by reason of public filing or otherwise is already in Mattel's

18 | possession or is readily accessible to Mattel.

19 | 4.   MGA objects to these interrogatories to the extent they seek the

20 | disclosure of information (1) not currently within its possession, custody or control;

21 | (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

22 | persons, entities, or events not known to MGA.  Such instructions, definitions, or

23 | requests are objectionable where they seek to require more of MGA than any

24 | obligation imposed by the Federal Rules of Civil Procedure; subject MGA to

25 | unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to

26 | impose upon MGA an obligation to investigate or discover information or materials

27 | from sources equally accessible to Mattel.

28 |

MGA'S RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES                    NO. CV 04-9049 SGL (RNBx)

EXHIBIT 19 PAGE 191

5.   MGA objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.   MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

7.   MGA objects to the following definitions in these interrogatories:

(a)   MGA objects to the definition of the term "BRATZ" (Definitions ¶ 6) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact.  The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.  By incorporating the definition of "DESIGN," the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ."  (Definitions ¶ 5.)  These convoluted and multi-part definitions combine to render the interrogatories vague, ambiguous and overly broad, and to include within the term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case.  In responding

3

EXHIBIT __19__ PAGE __192__

1  to these interrogatories, MGA will interpret the term "BRATZ" to mean the line of

2  dolls introduced by MGA to the market for sale in May or June of 2001 and

3  subsequent dolls, accessories and other products known as Bratz or associated by

4  MGA with the Bratz line of dolls;

5          (b)     MGA objects to the definition of the term "BRATZ

6  DOLL" (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly

7  burdensome, and designed to mislead and confuse the trier of fact.  The definition

8  includes any doll that "REFERS OR RELATES TO BRATZ."  However, Mattel

9  does not define the capitalized term "REFERS OR RELATES TO."  In responding to

10  these interrogatories, MGA will interpret the term "BRATZ DOLL" to mean the line

11  of dolls introduced by MGA to the market for sale in May or June of 2001 and

12  subsequent dolls known as Bratz;

13          (c)     MGA objects to the definition of the term "BRATZ

14  PRODUCT" (Definitions ¶ 8) as vague, ambiguous, overly broad and unduly

15  burdensome, and designed to mislead and confuse the trier of fact.  The definition

16  includes "any product, whether two-dimensional or three-dimensional, and whether

17  in tangible, digital, electronic or other form, that is or has ever been SOLD that, in

18  whole or in part, REFERS OR RELATES TO BRATZ, including but not limited to

19  any BRATZ DOLL, BRATZ MOVIE, or BRATZ TELEVISION SHOW, and

20  including but not limited to any product that is or has ever been SOLD in any

21  packaging that includes the name "Bratz" or "REFERS OR RELATES TO BRATZ."

22  However, Mattel does not define the capitalized term "REFERS OR RELATES TO."

23  In responding to these interrogatories, MGA will interpret the term "BRATZ

24  PRODUCT" to mean the line of dolls introduced by MGA to the market for sale in

25  May or June of 2001 and the subsequent dolls known as Bratz;

26          (d)     MGA objects to the definition of the terms "IDENTIFY" or

27  "IDENTITY" as overbroad, unduly burdensome, vague and ambiguous, and

28  oppressive.  Mattel's definition of these terms inherently calls for answers to multiple

4

1 | discrete questions or subparts to questions. For example, as those terms are used
2 | with reference to a "BRATZ PRODUCT" (Definitions ¶ 14(c)), the use of those
3 | terms request at least six different and distinct facts: (a) the full name of the product;
4 | (b) the number of the product; (c) the SKU of the product; (d) any other applicable
5 | designation of the product useful for identification; (e) the period of time during
6 | which the product was, has been or will be SOLD; and (f) the IDENTITY of each
7 | PERSON who has licensed from YOU the right to SELL such BRATZ PRODUCT.
8 | Therefore, any interrogatory that includes or incorporates the terms "IDENTIFY" or
9 | "IDENTITY" is necessarily compound, and should be posed as separate
10 | interrogatories;

11 |         (e)    MGA also objects to the term "any" (Definitions ¶ 15) on
12 | the grounds and to the extent it is overbroad, unduly burdensome, and/or is vague
13 | and ambiguous in the context of the interrogatories as written and as those
14 | interrogatories would be plainly understood absent Mattel's definitions;

15 |         (f)    MGA objects to the definition of the terms "SOLD,"
16 | "SELL" or "SALE" (Definitions ¶ 7) as overbroad, unduly burdensome, vague and
17 | ambiguous, and oppressive and strays far from the English meaning of the terms by
18 | including concepts such as distribution, licensing and marketing, which are distinct
19 | from selling. MGA will interpret the terms "SOLD," "SELL" or "SALE" consistent
20 | with their ordinary, common usages.

21 |      8.    MGA objects to these interrogatories to the extent they may
22 | unfairly seek to restrict the facts on which MGA may rely at trial. Discovery has not
23 | been completed and MGA is not yet necessarily in possession of all the facts and
24 | documents upon which MGA intends to rely. All of the responses submitted
25 | herewith are tendered to Mattel with the reservation that the responses are submitted
26 | without limiting the evidence on which MGA may rely to support the contentions
27 | and defenses that MGA may assert at the trial of this action and to rebut or impeach
28 |

5

EXHIBIT 19 PAGE 194

1   the contentions, assertions and evidence that Mattel may present. MGA reserves the

2   right to supplement or amend these responses at a future date.

3           9.     MGA objects to each interrogatory to the extent it seeks

4   information that will be the subject of expert witness testimony and that is therefore

5   premature.

6         10.     MGA objects to each interrogatory to the extent it calls for a legal

7   conclusion.

8         11.     MGA objects to each interrogatory to the extent it seeks the

9   disclosure of confidential, proprietary, or trade-secret information.

10        12.     MGA reserves the right to object on any ground at any time to

11   such other supplemental discovery requests as Mattel may propound involving or

12   relating to the same subject matter of these interrogatories.

13        13.     In responding to these interrogatories, MGA has not complied

14   and will not comply with any instructions or definitions that seek to impose

15   requirements in addition to those imposed by the Federal Rules of Civil Procedure,

16   the local rules of this Court, any orders entered by the Court in this action, or other

17   applicable law.

18        14.     Consistent with Rule 33(d) of the Federal Rules of Civil

19   Procedure, MGA objects to providing responses to interrogatories that can be

20   derived from documents that have been or will be produced (when requested in

21   compliance with Rule 26) and where the burden of deriving such information is

22   substantially the same for Mattel as it is for MGA.

23        15.     MGA objects to the definitions, instructions, and interrogatories

24   to the extent they seek information that was prepared in anticipation of litigation,

25   constitutes attorney work product, discloses mental impressions, conclusions,

26   opinions or legal theories of any attorney for or otherwise representative of MGA,

27   contains privileged attorney-client communications, or is otherwise protected from

28   disclosure by any privileges, laws or rules. MGA shall not produce such information

MGA'S RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES         NO. CV 04-9049 SGL (RNBx)

EXHIBIT __19__ PAGE __195__

1  in response to Mattel's interrogatories.  Any disclosure of such protected or

2  privileged information is inadvertent and shall not be construed as a waiver of those

3  privileges or protections.  MGA reserves the right to correct the record with regard to

4  any such inadvertent disclosure, as provided for in the Protective Order governing

5  this case.

6       16.    MGA objects to each of Mattel's interrogatories because Mattel

7  has propounded more than 50 interrogatories, including discrete subparts.  Under

8  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

9  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

10       17.    The responses below shall not be construed as an admission as to

11  the relevance or admissibility of any statement or characterization contained in any

12  interrogatory.  MGA reserves all objections, including without limitation, objections

13  as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14       18.    To the extent MGA responds to an interrogatory, it does so

15  without waiving or intending to waive but rather, on the contrary, preserving and

16  intending to preserve, its contention that anything Mr. Bryant did on weekends,

17  evenings, vacation and any other time outside ordinary business hours was not done

18  while he was working for Mattel.  MGA's response may not be taken as an admission

19  that the information it provides in its response in any way reflects or evidences work

20  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

21  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

22  interrogatory.

23  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

24       Without waiving or departing from its General Response and General

25  Objections, and specifically incorporating them in its response to each interrogatory

26  below, MGA makes the following additional objections and responses to specific

27  interrogatories:

28

EXHIBIT __19__ PAGE __196__

## INTERROGATORY NO. 45:

IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a) the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR licensees, (b) the gross and net revenue received by YOU from such SALES of each such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such BRATZ PRODUCT.

## RESPONSE TO INTERROGATORY NO. 45:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and "IDENTIFY" insofar as it is used to refer to a "BRATZ PRODUCT." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the interrogatory on the grounds that it is oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile detailed financial reports of information not reasonably available to MGA solely for the purpose of responding to this interrogatory.

MGA objects to this interrogatory on the grounds that it is compound in that it asks four discrete subparts with respect to numerous "BRATZ PRODUCTS." MGA further objects because the interrogatory additionally contains discrete subparts which, due to the use of Mattel's defined terms, require separate, distinct and multiple responses. Specifically, Mattel's definitions of the terms "IDENTIFY"

8

EXHIBIT __19__ PAGE __197__

1 and "BRATZ PRODUCT" require MGA to provide separate, distinct, and multiple

2 responses. For example, Mattel's definition of the term "IDENTIFY" in the context

3 of this interrogatory purports to require MGA to provide a multitude of discrete facts

4 for each BRATZ PRODUCT, including: (a) the full name of the product; (b) the

5 number of the product; (c) the SKU of the product; (d) any other applicable

6 designation of the product useful for identification; (e) the period of time during

7 which the product was, has been or will be SOLD; and (f) the IDENTITY of each

8 PERSON who has licensed from YOU the right to SELL such BRATZ PRODUCT.

9 This interrogatory is further compounded by Mattel's definition of "IDENTITY,"

10 which purports to require MGA to provide the following information for each of the

11 "natural persons" requested to be identified as part of Mattel's definition of

12 "IDENTIFY," above: (1) the individual's name; (2) any known business title; (3) the

13 current or last known business affiliation; (4) current or last known residential

14 address; (5) current or last known business address; (6) current or last known

15 relationship to MGA; and (7) current or last known telephone number. Additionally,

16 through Mattel's definition of "YOU," this interrogatory asks for all of the foregoing

17 information about "BRATZ PRODUCT" sold by each of the multiple separate

18 responding parties in this litigation.

19        MGA further objects to this interrogatory on the ground that it is

20 premature because the subject matter of this interrogatory will be the subject of

21 expert testimony at trial. MGA objects to this interrogatory to the extent it seeks to

22 limit the expert testimony that MGA may seek to introduce at trial. MGA will

23 identify its experts and make related disclosures in accordance with the Court's

24 orders and applicable rules.

25        MGA further objects to the extent that this interrogatory seeks

26 information that is beyond MGA's personal knowledge and is not in MGA's

27 possession, custody, or control. MGA also objects to this interrogatory to the extent

28 it calls for information already produced in this litigation or more easily obtainable

9

MGA'S RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___19___ PAGE ___198___

1 | from other sources. MGA objects to providing responses to interrogatories that can
2 | be derived from documents that have been or will be produced (when requested in
3 | compliance with Rule 26) and where the burden to derive such information is
4 | substantially the same for Mattel as it is for MGA. MGA further objects to this
5 | interrogatory as premature to the extent it seeks financial information purportedly
6 | relevant to a claim for punitive damages as there is presently no judgment for
7 | punitive damages against MGA.

8 |        MGA objects to this interrogatory because Mattel has propounded more
9 | than 50 interrogatories. Under Judge Larson's order of February 22, 2007,
10 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
11 | SGL and CV 05-02727.]"

12 |        Subject to and without waiving the foregoing objections, MGA
13 | responds as follows: To the extent the information sought in this interrogatory is
14 | within the possession, custody or control of MGA and knowable absent expert
15 | analysis, such information may be derived or ascertained from the business records
16 | of MGA, and the burden of deriving or ascertaining such information is substantially
17 | the same for Mattel as it is for MGA. Therefore, pursuant to Rule 33(d) of the
18 | Federal Rules of Civil Procedure, MGA will specify and produce to Mattel copies of
19 | the records from which the answer to this interrogatory may be derived or
20 | ascertained.

21 |
22 | DATED: November 26, 2007

23 |
24 |                                  SKADDEN, ARPS, SLATE, MEAGHER &
                                     FLOM LLP
25 |
26 |                                  By: _____
                                          Thomas J. Nolan
27 |                                  Attorneys for Counter-Defendants, MGA
                                     ENTERTAINMENT, INC., ISAAC LARIAN,
28 |                                  MGA ENTERTAINMENT (HK) LTD., and
                                     MGAE de MEXICO S.R.L. de C.V.

                                          10

## VERIFICATION

1    I, Lisa Tonnu, declare:

2

3    I am an officer of MGA ENTERTAINMENT, INC., a corporation

4 organized and existing under the laws of California, which is a defendant-in-

5 intervention in the above-entitled action, and I have been authorized to make this

6 verification on its behalf.

7    I have read the foregoing MGA'S OBJECTIONS AND RESPONSES

8 TO MATTEL'S SIXTH SET OF INTERROGATORIES and know the contents

9 thereof. The same is true of my own knowledge, except as to those matters which

10 are therein stated on information and belief, and, as to those matters, I believe them

11 to be true.

12    I declare under penalty of perjury under the laws of the United States

13 that the foregoing is true and correct.

14    Executed at Van Nuys, California on this 26th day of November, 2007.

15

16 

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES     NO. CV 04-9049 SGL (RNBx)
201517-San Francisco Server 1A - MSW

EXHIBIT 19   PAGE 200

**Exhibit 20**

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off: March 3, 2008 |

**PROPOUNDING PARTY:**   MATTEL, INC. ("MATTEL")

**RESPONDING PARTY:**   MGA ENTERTAINMENT, INC.

**SET NUMBER:**   SEVENTH

EXHIBIT 20 PAGE 201

**PRELIMINARY STATEMENT**

1
2          MGA Entertainment, Inc. ("MGA") hereby serves its objections to
3   Mattel's Seventh Set of Interrogatories.  MGA is not yet in a position to serve its
4   substantive responses to Mattel's Seventh Set of Interrogatories, in part due to
5   Mattel's failure to provide meaningful document, deposition and other discovery and
6   also the transition of MGA's representation from prior counsel of record to Skadden,
7   Arps.  MGA intends to supplement its objections with substantive responses to the
8   unobjectionable portions of the interrogatories contained in Mattel's Seventh Set of
9   Interrogatories as soon as it is in a position to do so and after it has concluded meet
10  and confer sessions with Mattel, including with respect to Mattel's outstanding
11  discovery obligations.
12          The General Response set forth herein applies to all responses that
13  MGA is providing in response to these interrogatories or may in the future provide in
14  response to any discovery request in this action.  The Response is made without
15  waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right
16  to object, on the grounds of competency, privilege, relevancy or materiality, or any
17  other proper grounds, to the use of the Response, for any purpose in whole or in part,
18  in any subsequent step or proceeding in this action or any other action; (b) the right
19  to object on any and all grounds, at any time, to other interrogatories or other
20  discovery procedures; and (c) the right at any time to revise, correct, add to, or
21  clarify any of the responses propounded herein.
22          The Response reflects only the present state of MGA's discovery
23  regarding the information that Mattel seeks.  Discovery and other investigation or
24  research concerning this litigation are continuing.  It is anticipated that further
25  discovery, independent investigation, and legal research and analysis will supply
26  additional facts and meaning to the known facts, as well as establish entirely new
27  factual conclusions, all of which may lead MGA to discover other information
28  responsive to these interrogatories.  MGA therefore reserves the right to amend or

1

1 supplement this Response at any time in light of future investigation, research or

2 analysis, and also expressly reserves the right to rely on, at any time, including trial,

3 subsequently discovered information omitted from this Response as a result of

4 mistake, error, oversight or inadvertence. MGA does not hereby admit, adopt or

5 acquiesce in any factual or legal contention, assertion or characterization contained

6 in the Interrogatories or any particular request therein, even where MGA has not

7 otherwise objected to a particular interrogatory, or has agreed to provide information

8 responsive to a particular interrogatory.

9 No incidental or implied admissions are intended by this Response.

10 These responses should not be taken as an admission that MGA accepts or admits the

11 existence of any facts set forth or assumed by any instruction, definition or

12 interrogatory.

13 ## GENERAL OBJECTIONS

14 MGA responds to these interrogatories subject to the following general

15 objections and limitations, each of which is incorporated into each and every

16 response as though fully set forth therein:

17 1. MGA objects to these interrogatories to the extent they seek

18 information that is not subject to disclosure under any applicable privilege, doctrine

19 or immunity, including without limitation the attorney-client privilege, the work

20 product doctrine, the right of privacy, and all other privileges recognized under the

21 constitutional, statutory or decisional law of the United States of America, the State

22 of California or any other applicable jurisdiction.

23 2. MGA objects to these interrogatories to the extent they seek

24 information not relevant to the claims or defenses of any party to this action and not

25 reasonably calculated to lead to the discovery of admissible evidence.

26 3. MGA objects to these interrogatories to the extent they seek

27 information which by reason of public filing or otherwise is already in Mattel's

28 possession or is readily accessible to Mattel.

2

EXHIBIT __20__ PAGE __203__

1  4.    MGA objects to these interrogatories to the extent they seek the
2 disclosure of information (1) not currently within its possession, custody or control;
3 (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to
4 persons, entities, or events not known to MGA.  Such instructions, definitions, or
5 requests are objectionable where they seek to require more of MGA than any
6 obligation imposed by the Federal Rules of Civil Procedure; subject MGA to
7 unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to
8 impose upon MGA an obligation to investigate or discover information or materials
9 from sources equally accessible to Mattel.

10  5.    MGA objects to these interrogatories to the extent they are
11 overbroad and unduly burdensome.

12  6.    MGA objects to the definitions and instructions to the extent such
13 definitions and instructions purport to enlarge, expand, or alter in any way the plain
14 meaning and scope of any specific term or specific interrogatories on the ground that
15 such enlargement, expansion, or alteration renders such a term or request vague,
16 ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

17  7.    MGA objects to the following definitions in these interrogatories:
18  (a)    MGA objects to the definition of the terms "IDENTIFY" or
19 "IDENTITY" (Definitions ¶ 10) as overbroad, unduly burdensome, vague and
20 ambiguous, and oppressive.  Mattel's definition of these terms inherently calls for
21 answers to multiple discrete questions or subparts to questions.  For example, as
22 those terms are used with reference to a protectibility of a trade dress (Definitions ¶
23 10(f)), the use of those terms request at least four different and distinct facts: (a) all
24 facts that support YOUR contention that such trade dress is inherently distinctive or
25 has acquired secondary meaning and that such trade dress is famous; (b) the date that
26 YOU contend such trade dress acquired secondary meaning and, if YOU contend the
27 trade dress is famous, the date on which YOU contend that it became famous; (c) all
28 facts that support YOUR contention that such trade dress is not functional; and (d) if

3

MGA'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES     NO. CV 04-9049 SGL (RNBx)

EXHIBIT 20 PAGE 204

1  YOU are relying on advertising to establish secondary meaning or fame, the dollar
2  amounts, by year, spent by YOU or anyone acting on YOUR behalf on advertising
3  that features such trade dress.  Therefore, any interrogatory that includes or
4  incorporates the terms "IDENTIFY" or "IDENTITY" is necessarily compound, and
5  should be posed as separate interrogatories;

6          (b)    MGA also objects to the term "any" (Definitions ¶ 11) on
7  the grounds and to the extent it is overbroad, unduly burdensome, and/or is vague
8  and ambiguous in the context of the interrogatories as written and as those
9  interrogatories would be plainly understood absent Mattel's definitions;

10         (c)    MGA objects to the definition of the terms "SOLD,"
11 "SELL" or "SALE" (Definitions ¶ 6) as overbroad, unduly burdensome, vague and
12 ambiguous, and oppressive and strays far from the English meaning of the terms by
13 including concepts such as distribution, licensing and marketing, which are distinct
14 from selling.  MGA will interpret the terms "SOLD," "SELL" or "SALE" consistent
15 with their ordinary, common usages.

16      8.    MGA objects to these interrogatories to the extent they may
17 unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not
18 been completed and MGA is not yet necessarily in possession of all the facts and
19 documents upon which MGA intends to rely.  All of the responses submitted
20 herewith are tendered to Mattel with the reservation that the responses are submitted
21 without limiting the evidence on which MGA may rely to support the contentions
22 and defenses that MGA may assert at the trial of this action and to rebut or impeach
23 the contentions, assertions and evidence that Mattel may present.  MGA reserves the
24 right to supplement or amend these responses at a future date.

25      9.    MGA objects to each interrogatory to the extent it seeks
26 information that will be the subject of expert witness testimony and that is therefore
27 premature.

28

MGA'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES M          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 20 PAGE 205

10.    MGA objects to each interrogatory to the extent it calls for a legal conclusion.

11.    MGA objects to each interrogatory to the extent it seeks the disclosure of confidential, proprietary, or trade-secret information.

12.    MGA reserves the right to object on any ground at any time to such other supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these interrogatories.

13.    In responding to these interrogatories, MGA has not complied and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, any orders entered by the Court in this action, or other applicable law.

14.    Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MGA objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden of deriving such information is substantially the same for Mattel as it is for MGA.

15.    MGA objects to the definitions, instructions, and interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or otherwise representative of MGA, contains privileged attorney-client communications, or is otherwise protected from disclosure by any privileges, laws or rules.  MGA shall not produce such information in response to Mattel's interrogatories.  Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of those privileges or protections.  MGA reserves the right to correct the record with regard to any such inadvertent disclosure, as provided for in the Protective Order governing this case.

5

16.    MGA objects to each of Mattel's interrogatories because Mattel has propounded more than 50 interrogatories, including discrete subparts.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

17.    The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any interrogatory.  MGA reserves all objections, including without limitation, objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

18.    To the extent MGA responds to an interrogatory, it does so without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation and any other time outside ordinary business hours was not done while he was working for Mattel.  MGA's response may not be taken as an admission that the information it provides in its response in any way reflects or evidences work performed by Mr. Bryant while he was working for Mattel or that MGA adopts or agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's interrogatory.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

Without waiving or departing from its General Response and General Objections, and specifically incorporating them in its response to each interrogatory below, MGA makes the following additional objections and responses to specific interrogatories:

## INTERROGATORY NO. 48:

Separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in THIS ACTION.

## RESPONSE TO INTERROGATORY NO. 48:

MGA incorporates by reference its General Response and General

6

1 Objections above, as though fully set forth herein and specifically incorporates

2 General Objection No. 7 (regarding Definitions), including without limitation its

3 objection to the definitions of the terms "IDENTIFY" and "SOLD." MGA also

4 objects to this interrogatory to the extent it seeks information that is not subject to

5 disclosure under any applicable privilege, doctrine or immunity, including without

6 limitation the attorney-client privilege, the work product doctrine, the right of

7 privacy, and all other privileges recognized under the constitutional, statutory or

8 decisional law of the United States of America, the State of California or any other

9 applicable jurisdiction.

10      MGA further objects because the interrogatory additionally contains

11 discrete subparts that require separate, distinct and multiple responses through

12 defined terms. Specifically, Mattel's definitions of the terms "IDENTIFY" and

13 "IDENTITY" as applied to trade dress would require MGA to provide separate,

14 distinct, and multiple responses. For example, Mattel's definition of the term

15 "IDENTIFY" in the context of this interrogatory purports to require MGA to

16 "IDENTIFY" discrete facts for each copied, infringed or diluted trade dress,

17 including: (a) each and every element that makes up the claimed trade dress; and (b)

18 each and every product or product packaging SOLD that embodies, uses or employs

19 the claimed trade dress. This interrogatory is further compounded by Mattel's

20 definition of "IDENTITY," which purports to require MGA to provide the following

21 information for each of the product or product packing requested to be identified as

22 part of Mattel's definition of "IDENTIFY," above: (1) the full name of the product,

23 or in the case of packaging, the product or item with which the packaging is used; (2)

24 the SKU number or any other applicable unique identifier or designation of the

25 product or, in the case of packaging, the product or item with which the packaging is

26 used; (3) the time period during which the product was, has been or will be SOLD

27 or, in the case of product packaging, the time period during which the product

28 packaging was, has been or will be used; and (4) the IDENTITY of each PERSON

1  who has licensed from YOU the right to SELL such product or, in the case of

2  product packaging, the IDENTITY of the PERSON who has licensed from YOU the

3  right to use the packaging or to SELL the products with which the packaging is used.

4  This interrogatory is further compounded by Mattel's definition of "IDENTITY,"

5  which purports to require MGA to provide the following information for each of the

6  persons requested to be identified as part of Mattel's definition of "IDENTIFY,"

7  above: (1) the individual's name; (2) any known business title; (3) the current or last

8  known business affiliation; (4) the current or last known residential address; (5) the

9  current or last known business address; (6) the current or last known relationship to

10  MGA; and (7) the current or last known telephone number.  Additionally, through

11  Mattel's definition of "YOU," this interrogatory asks for all of the foregoing

12  information about contentions regarding trade dress by each of the multiple separate

13  responding parties to this set of interrogatories.

14          MGA further objects to the extent this interrogatory seeks information

15  that is beyond MGA's personal knowledge and is not in MGA's possession, custody,

16  or control.  MGA also objects to this interrogatory to the extent it calls for

17  information already produced in this litigation or more easily obtainable from other

18  sources.  MGA objects to providing responses to interrogatories that can be derived

19  from documents that have or will be produced (when requested in compliance with

20  Rule 26) and where the burden to derive such information is substantially the same

21  for Mattel as it is for MGA.

22          MGA objects to this interrogatory because Mattel has propounded more

23  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

24  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

25  SGL and CV 05-02727.]"

26          MGA further objects to this interrogatory on the ground that it is

27  premature because MGA's trade dress (and other legal concepts that may be

28  relevant) will be the subject of expert testimony at trial.  MGA objects to this

8

EXHIBIT 20   PAGE 209

1 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

2 to introduce at trial. MGA will identify its experts and make related disclosures in

3 accordance with the Court's orders and applicable rules.

4          Subject to and without waiving the foregoing objections, MGA

5 responds as follows: MGA is willing to meet and confer with Mattel regarding this

6 interrogatory.

7 **INTERROGATORY NO. 49:**

8          For each trade dress identified in response to Interrogatory No. 48,

9 separately and fully IDENTIFY each and every MATTEL product, packaging or

10 other matter that YOU contend copies, infringes or dilutes such trade dress,

11 including without limitation by describing fully and separately, for each such

12 MATTEL product, packaging or other matter, each and every element of the claimed

13 trade dress that YOU contend MATTEL has copied, infringed or diluted.

14 **RESPONSE TO INTERROGATORY NO. 49:**

15          MGA incorporates by reference its General Response and General

16 Objections above, as though fully set forth herein and specifically incorporates

17 General Objection No. 7 (regarding Definitions), including without limitation its

18 objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and

19 "IDENTIFY" insofar as it is used to refer to "product or packaging." MGA also

20 objects to this interrogatory to the extent it seeks information that is not subject to

21 disclosure under any applicable privilege, doctrine or immunity, including without

22 limitation the attorney-client privilege, the work product doctrine, the right of

23 privacy, and all other privileges recognized under the constitutional, statutory or

24 decisional law of the United States of America, the State of California or any other

25 applicable jurisdiction.

26          MGA objects because the interrogatory is compound on its face. MGA

27 further objects because the interrogatory additionally contains discrete subparts that

28 require separate, distinct and multiple responses through defined terms. Specifically,

9

MGA'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 20 PAGE 210

1  Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it pertains to

2  "product or packaging" requires MGA to provide separate, distinct, and multiple

3  responses.  For example, Mattel's definition of the term "IDENTIFY" in the context

4  of this interrogatory purports to require MGA to provide a multitude of discrete facts

5  for each infringing or diluting product, packaging or other matter, including:  (1) the

6  full name of the product, or in the case of packaging, the product or item with which

7  the packaging is used; (2) the SKU number or any other applicable unique identifier

8  or designation of the product or, in the case of packaging, the product or item with

9  which the packaging is used; (3) the time period during which the product was, has

10  been or will be SOLD or, in the case of product packaging, the time period during

11  which the product packaging was, has been or will be used; and (4) the IDENTITY

12  of each PERSON who has licensed from YOU the right to SELL such product or, in

13  the case of product packaging, the IDENTITY of the PERSON who has licensed

14  from YOU the right to use the packaging or to SELL the products with which the

15  packaging is used.  This interrogatory is further compounded by Mattel's definition

16  of "IDENTITY," which purports to require MGA to provide the following

17  information for each of the persons requested to be identified as part of Mattel's

18  definition of "IDENTIFY," above:  (1) the individual's name; (2) any known

19  business title; (3) the current or last known business affiliation; (4) the current or last

20  known residential address; (5) the current or last known business address; (6) the

21  current or last known relationship to MGA; and (7) the current or last known

22  telephone number.  Additionally, through Mattel's definition of "YOU," this

23  interrogatory asks for all of the foregoing information about contentions regarding

24  trade dress by each of the multiple separate responding parties to this set of

25  interrogatories.

26          MGA further objects to the extent this interrogatory seeks information

27  that is beyond MGA's personal knowledge and is not in MGA's possession, custody,

28  or control.  MGA also objects to this interrogatory to the extent it calls for

10

1 information already produced in this litigation or more easily obtainable from other

2 sources. MGA objects to providing responses to interrogatories that can be derived

3 from documents that have or will be produced (when requested in compliance with

4 Rule 26) and where the burden to derive such information is substantially the same

5 for Mattel as it is for MGA.

6         MGA objects to this interrogatory because Mattel has propounded more

7 than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

8 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

9 SGL and CV 05-02727.]"

10         MGA further objects to this interrogatory on the ground that it is

11 premature because MGA's trade dress (and other legal concepts that may be

12 relevant) will be the subject of expert testimony at trial. MGA objects to this

13 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

14 to introduce at trial. MGA will identify its experts and make related disclosures in

15 accordance with the Court's orders and applicable rules.

16         Subject to and without waiving the foregoing objections, MGA

17 responds as follows: MGA is willing to meet and confer with Mattel regarding this

18 interrogatory.

19 **INTERROGATORY NO. 50:**

20         For each trade dress identified in response to Interrogatory No. 48,

21 separately and completely IDENTIFY all facts that support YOUR contention that

22 such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the

23 foregoing and all PERSONS with knowledge of the foregoing.

24 **RESPONSE TO INTERROGATORY NO. 50:**

25         MGA incorporates by reference its General Response and General

26 Objections above, as though fully set forth herein and specifically incorporates

27 General Objection No. 7 (regarding Definitions), including without limitation its

28 objection to the definitions of the terms "IDENTIFY" or "IDENTITY," and "REFER

EXHIBIT __20__ PAGE __212__

1  OR RELATE TO."  MGA also objects to this interrogatory to the extent it seeks
2  information that is not subject to disclosure under any applicable privilege, doctrine
3  or immunity, including without limitation the attorney-client privilege, the work
4  product doctrine, the right of privacy, and all other privileges recognized under the
5  constitutional, statutory or decisional law of the United States of America, the State
6  of California or any other applicable jurisdiction.

7      MGA further objects to the interrogatory on the grounds that it is
8  oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile
9  detailed financial reports of information not reasonably available solely for the
10 purpose of responding this interrogatory.

11     MGA further objects because the interrogatory additionally contains
12 discrete subparts that require separate, distinct and multiple responses through
13 defined terms.  Specifically, Mattel's definitions of the term "IDENTIFY" as applied
14 to the protectibility of trade dress would require MGA to provide separate, distinct,
15 and multiple responses.

16     For example, Mattel's definition of the term "IDENTIFY," in the
17 context of protectibility of a trade dress (Definitions ¶ 10(f)), requests at least four
18 different and distinct facts:  (a) all facts that support YOUR contention that such
19 trade dress is inherently distinctive or has acquired secondary meaning and that such
20 trade dress is famous; (b) the date that YOU contend such trade dress acquired
21 secondary meaning and, if YOU contend the trade dress is famous, the date on which
22 YOU contend that it became famous; (c) all facts that support YOUR contention that
23 such trade dress is not functional; and (d) if YOU are relying on advertising to
24 establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or
25 anyone acting on YOUR behalf on advertising that features such trade dress.
26 Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of
27 the foregoing information about contentions regarding trade dress by each of the
28 multiple separate responding parties to this set of interrogatories.

12

EXHIBIT 20   PAGE 213

1    MGA further objects to the extent this interrogatory seeks information
2  that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
3  or control.  In particular, MGA objects to this interrogatory to the extent that it
4  requests that MGA "IDENTIFY *all* facts . . . *all* DOCUMENTS . . . and *all*
5  PERSONS" (emphasis added).  MGA also objects to this interrogatory to the extent
6  it calls for information already produced in this litigation or more easily obtainable
7  from other sources.  MGA objects to providing responses to interrogatories that can
8  be derived from documents that have or will be produced (when requested in
9  compliance with Rule 26) and where the burden to derive such information is
10  substantially the same for Mattel as it is for MGA.
11    MGA objects to this interrogatory because Mattel has propounded more
12  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
13  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
14  SGL and CV 05-02727.]"
15    MGA further objects to this interrogatory on the ground that it is
16  premature because MGA's trade dress (and other legal concepts that may be
17  relevant) will be the subject of expert testimony at trial.  MGA objects to this
18  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
19  to introduce at trial.  MGA will identify its experts and make related disclosures in
20  accordance with the Court's orders and applicable rules.
21
22
23
24
25
26
27
28

13

MGA'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 20 PAGE 214

1    Subject to and without waiving the foregoing objections, MGA

2  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3  interrogatory.

4

5    AS TO OBJECTIONS ONLY:

6  DATED:  November 26, 2007

7

8    SKADDEN, ARPS, SLATE, MEAGHER &
    FLOM LLP

9

10   By:  _____
    Thomas J. Nolan

11   Attorneys for Counter-Defendants, MGA
    ENTERTAINMENT, INC., ISAAC LARIAN,

12   MGA ENTERTAINMENT (HK) LTD., and
    MGAE de MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES     NO. CV 04-9049 SGL (RNBx)
201773.01-San Francisco Server 1A - MSWM

EXHIBIT  20  PAGE 215