**Exhibit 21**

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:   (213) 687-5000
Facsimile:    (213) 687-5600
E-mail:        tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
Telephone:   (415) 984-6400
Facsimile:    (415) 984-2698
E-mail:        rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  March 3, 2008 |

**PROPOUNDING PARTY:**     **MATTEL, INC.  ("MATTEL")**

**RESPONDING PARTY:**      **MGA ENTERTAINMENT, INC.  ("MGA")**

**SET NUMBER:**            **REVISED THIRD**

11-30

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT   21   PAGE 216

## PRELIMINARY STATEMENT

MGA hereby serves its objections to Mattel's Revised Third Set of Interrogatories. MGA is not yet in a position to serve its substantive responses to Mattel's Revised Third Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of MGA's representation from prior counsel of record to Skadden, Arps. MGA intends to supplement its objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Revised Third Set of Interrogatories as soon as it is in a position to do so and after it has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

The General Response set forth herein applies to all responses that MGA is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA's discovery regarding the information that Mattel seeks. Discovery and other investigation or research concerning this litigation are continuing. Mattel has produced almost no documents to date and has produced no documents from its Zeus computer system, and has not provided other discovery responses, including without limitation supplemental responses to its March 7, 2005, responses to MGA's First Set of Interrogatories (which responses were comprised almost entirely of objections). It is

1

EXHIBIT __21__ PAGE __217__

1  anticipated that further discovery, independent investigation, and legal research and

2  analysis will supply additional facts and meaning to the known facts, as well as

3  establish entirely new factual conclusions, all of which may lead MGA to discover

4  other information responsive to these Interrogatories.  MGA therefore reserves the

5  right to amend or supplement this Response at any time in light of future

6  investigation, research or analysis, and also expressly reserves the right to rely on, at

7  any time, including trial, subsequently discovered information omitted from this

8  Response as a result of mistake, error, oversight or inadvertence.  MGA does not

9  hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

10  characterization contained in the Interrogatories or any particular request therein,

11  even where MGA has not otherwise objected to a particular interrogatory, or has

12  agreed to provide information responsive to a particular interrogatory.

13          No incidental or implied admissions are intended by this Response.

14  These responses should not be taken as an admission that MGA accepts or admits the

15  existence of any facts set forth or assumed by any instruction, definition or

16  interrogatory.

17                          **GENERAL OBJECTIONS**

18          MGA responds to these Interrogatories subject to the following general

19  objections and limitations, each of which is incorporated into each and every

20  response as though fully set forth therein:

21          1.      MGA objects to these Interrogatories to the extent they seek

22  information that is not subject to disclosure under any applicable privilege, doctrine

23  or immunity, including without limitation the attorney-client privilege, the work

24  product doctrine, the right of privacy, and all other privileges recognized under the

25  constitutional, statutory or decisional law of the United States of America, the State

26  of California or any other applicable jurisdiction.

27          2.      MGA objects to these Interrogatories to the extent they seek

28  information not relevant to the claims or defenses of any party to this action and not

EXHIBIT  21  PAGE  218

1  reasonably calculated to lead to the discovery of admissible evidence.

2          3.      MGA objects to these Interrogatories to the extent they seek

3  information which by reason of public filing or otherwise is already in Mattel's

4  possession or is readily accessible to Mattel.

5          4.      MGA objects to these Interrogatories to the extent they seek the

6  disclosure of information (1) not currently within its possession, custody or control;

7  (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to

8  persons, entities, or events not known to MGA.

9          5.      MGA objects to these Interrogatories to the extent they are

10  overbroad and unduly burdensome.

11          6.      MGA objects to the definitions and instructions to the extent

12  such definitions and instructions purport to enlarge, expand, or alter in any way the

13  plain meaning and scope of any specific term or specific interrogatories on the

14  ground that such enlargement, expansion, or alteration renders such a term or request

15  vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

16          7.      MGA objects to the following definitions in these

17  Interrogatories:

18          (a)      MGA objects to the definition of the term "BRATZ"

19  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

20  designed to mislead and confuse the trier of fact.  The definition includes "any

21  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

22  or in part and regardless of what such project, product or doll is or has been also,

23  previously or subsequently called) and any product, doll or DESIGN or any portion

24  thereof that is now or has ever been known as, or sold or marketed under, the name

25  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

26  or DESIGN or portion thereof is or has been also, previously or subsequently called)

27  or that is now or has ever been marketed as part of the 'Bratz' line, and each version

28  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

3

EXHIBIT  21  PAGE  219

1  By incorporating the definition of DESIGN, the overly broad definition of BRATZ

2  includes two-dimensional and three-dimensional representations, including "works,

3  designs, artwork, sketches, drawings, illustrations, representations, depictions,

4  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

5  rotocasts, reductions to practice, developments, inventions and/or improvements . . .

6  ." (Definitions, ¶ 8.) These convoluted and multi-part definitions combine to render

7  the interrogatories vague, ambiguous and overly broad, and to include within the

8  term BRATZ things that do not fairly represent the Bratz line of dolls, accessories

9  and related products that are the subject of this case.  In responding to these

10  interrogatories, MGA will interpret the term BRATZ to mean the line of dolls

11  introduced by MGA to the market for sale in May or June of 2001 and subsequent

12  dolls, accessories and other products known as Bratz or associated by MGA with the

13  Bratz line of dolls;

14          (b)     MGA objects to the definition of the term "BRATZ

15  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

16  burdensome, and designed to mislead and confuse the trier of fact.  The definition

17  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

18  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

19  "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,

20  what dolls may "deal with, comment on, respond to, . . . or in any way pertain"

21  (Definition ¶ 20) to "BRATZ."  In responding to these interrogatories, MGA will

22  interpret the term "BRATZ DOLL" to mean the line of dolls introduced by MGA to

23  the market for sale in May or June of 2001 and subsequent dolls known as Bratz;

24          (c)     MGA objects to the definition of the term "CREATED"

25  (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly burdensome, and

26  designed to mislead and confuse the trier of fact.  The definition strays far from the

27  English meaning of the term "created" by including concepts such as "improved,"

28  "altered," "conceived of" and "reduced to practice."  Thus, by way of example, under

4

EXHIBIT  21   PAGE  220

1  Mattel's definition of "CREATED," the jury could be misled into believing that a

2  person "CREATED" a particular thing when that person did not, but only slightly

3  altered or improved the thing.  In responding to these interrogatories, MGA will not

4  interpret the term "CREATED," but rather will respond using words contained

5  within the Mattel definition in their normal, accepted meaning;

6  (d)  MGA objects to the definition of the term "INVENTIONS

7  AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly broad and unduly

8  burdensome, and designed to mislead and confuse the trier of fact.  The definition

9  includes "any other version of such January 4, 1999 agreement."  In responding to

10  these interrogatories, MGA will interpret the term "INVENTIONS AGREEMENT"

11  to refer to the document Bates numbered M0001596;

12  (e)  MGA objects to the definition of the term "BRATZ

13  INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly

14  burdensome, and designed to mislead and confuse the trier of fact.  The definition

15  strays far from the English meaning of the term "invention" by including concepts

16  such as representation, idea, concept, work, process, procedure, plan, improvement,

17  design and development, none of which necessarily equate to an invention.  In

18  responding to these interrogatories, MGA will not interpret the term "BRATZ

19  INVENTION," but rather will respond using words contained within the Mattel

20  definition in their normal, accepted meaning.

21  (f)  MGA objects to the terms "IDENTIFY" or "IDENTITY"

22  (Definitions ¶ 28) as overbroad, unduly burdensome, vague, ambiguous, and

23  oppressive.  Mattel's definition of these terms inherently call for answers to multiple

24  discrete questions or subparts to questions.  For example, when those terms are used

25  to reference any BRATZ INVENTION, the use of those terms requests at least 10

26  different and distinct facts: (a) the Bates number of any document that "REFERS OR

27  RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual

28  author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

5

EXHIBIT 21 PAGE 221

1   individual who contributed in any manner to the BRATZ INVENTION; (d) the form,

2   material and medium of the BRATZ INVENTION; (e) the title or name of the

3   BRATZ INVENTION; (f) the version, modification, revision or iteration number of

4   the BRATZ INVENTION; (g) the current location of the original of the BRATZ

5   INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

6   the last day on which the BRATZ INVENTION was CREATED; (j) whether the

7   entire invention was CREATED during the period of time listed in the Interrogatory

8   (and if not, which portions were created during, earlier, or later than the period of

9   time listed in the Interrogatory.)  Therefore, any interrogatory that includes or

10  incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and

11  should be posed as separate interrogatories.

12          (g)     MGA objects to the terms "any" and "REFER OR

13  RELATE TO" on the grounds and to the extent that they are overbroad, unduly

14  burdensome or are vague and ambiguous in the context of the interrogatories as

15  written and as those interrogatories would be plainly understood absent Mattel's

16  definitions.

17          8.      MGA objects to these interrogatories to the extent that they may

18  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

19  been completed and MGA is not yet necessarily in possession of all the facts and

20  documents upon which MGA intends to rely.  All of the responses submitted

21  herewith are tendered to Mattel with the reservation that the responses are submitted

22  without limiting the evidence on which MGA may rely to support the contentions

23  and defenses that MGA may assert at the trial of this action and to rebut or impeach

24  the contentions, assertions and evidence that Mattel may present.  MGA reserves the

25  right to supplement or amend these responses at a future date.

26          9.      MGA objects to each interrogatory to the extent that it seeks

27  information that will be the subject of expert witness testimony and that is therefore

28  premature.

6

Exhibit 21                222

10.     MGA objects to each interrogatory to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

11.     MGA objects to each interrogatory to the extent that it calls for a legal conclusion.

12.     MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these interrogatories.

13.     The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any interrogatory. MGA reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MGA objects to providing responses to interrogatories that can be derived from documents that have or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA.

15.     In responding to these Interrogatories, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure and any applicable local rule.

16.     To the extent MGA responds to an interrogatory, it does so without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation and any other time outside ordinary business hours was not done while he was working for Mattel. MGA's response may not be taken as an admission that the information it provides in its response in any way reflects or evidences work performed by Mr. Bryant while he was working for Mattel or that MGA adopts or agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

EXHIBIT  21   PAGE  223

1 interrogatory.

2         17.    MGA objects to each of Mattel's interrogatories because Mattel

3 has propounded more than 50 interrogatories, including discrete subparts. Under

4 Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

5 side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

6 **SPECIFIC OBJECTIONS AND RESPONSES**

7         Without waiving or departing from its General Response and General

8 Objections, and specifically incorporating them in its response to each Interrogatory

9 below, MGA makes the following additional objections and responses to specific

10 Interrogatories:

11 **INTERROGATORY NO. 27:**

12         IDENTIFY each and every BRATZ INVENTION YOU contend was

13 CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

14 INVENTION so identified state all facts that support YOUR contention that such

15 BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

16 January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

17 DOCUMENTS which REFER OR RELATE TO such facts.

18 **RESPONSE TO INTERROGATORY NO. 27:**

19         MGA incorporates by reference its General Response and General

20 Objections above, as though fully set forth herein and specifically incorporates

21 General Objection No. 7 (regarding the Definitions), including but not limited to its

22 objections to the definitions of the terms BRATZ INVENTION, CREATED,

23 IDENTIFY and REFER OR RELATES TO. MGA further objects to this

24 interrogatory as compound because it contains discrete subparts that require separate,

25 distinct and multiple responses. Specifically, MGA objects to the term IDENTIFY

26 as overbroad and unduly burdensome, as Mattel's definition of this term calls for

27 responses to multiple discrete subparts. For example, Mattel's definition of the term

28 IDENTIFY in the context of this interrogatory would require MGA to provide a

8

EXHIBIT 21     224

1  multitude of discrete responses for each BRATZ INVENTION, including:

2      (a)    the Bates number of any document that "REFERS OR RELATES

3  TO the BRATZ INVENTION;"

4      (b)    the IDENTITY of the individual author or creator of the BRATZ

5  INVENTION;

6      (c)    the IDENTITY of each other individual who contributed in any

7  manner to the BRATZ INVENTION;

8      (d)    the form, material and medium of the BRATZ INVENTION;

9      (e)    the title or name of the BRATZ INVENTION;

10      (f)    the version, modification, revision or iteration number of the

11  BRATZ INVENTION;

12      (g)    the current location of the original of the BRATZ INVENTION;

13      (h)    the first day on which the BRATZ INVENTION was CREATED;

14      (i)    the last day on which the BRATZ INVENTION was CREATED;

15      (j)    whether the entire invention was CREATED during the period of

16  time listed in the Interrogatory (and if not, which portions were created during,

17  earlier, or later than the period of time listed in the Interrogatory).

18      This interrogatory is further compounded by Mattel's definition of

19  IDENTITY, which purports to require MGA to provide the following information

20  for each of the individuals Mattel is requesting that MGA identify with respect to

21  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

22  (c) the current or last known business affiliation; (d) current or last known residential

23  address; (e) current or last known business address; (f) current or last known

24  relationship to MGA; and (g) current or last known telephone number.

25      MGA further objects to this interrogatory on the grounds that it is

26  overbroad, unduly burdensome, vague and ambiguous both generally and

27  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

28  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

21   225

1 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

2 RELATES TO, is so broad and over-inclusive that it could be read to include each

3 and every thought, idea and conversation that anyone may have had about BRATZ

4 during the time period at issue.

5       MGA further objects to the extent that this interrogatory seeks

6 information that is outside of MGA's knowledge and is not in MGA's possession,

7 custody or control.  In particular, MGA objects to this interrogatory to the extent that

8 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

9 DOCUMENTS" (emphasis added).

10       MGA also objects to this interrogatory to the extent it seeks information

11 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

12 including without limitation the attorney-client privilege, the work product doctrine,

13 the right of privacy, and all other privileges recognized under the constitutional,

14 statutory or decisional law of the United States of America, the State of California or

15 any other applicable jurisdiction.  MGA further objects to the interrogatory on the

16 ground that it is premature because the invention, creation, conception, or reduction

17 to practice of Bratz (and related issues) will be the subject of expert testimony at

18 trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert

19 testimony that MGA may seek to introduce at trial.  MGA will identify its experts

20 and make related disclosures in accordance with the Court's orders and applicable

21 rules.

22       MGA further objects to this interrogatory because Mattel has

23 propounded more than 50 interrogatories.  Under Judge Larson's order of February

24 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

25 04049-SGL and CV 05-02727]."

26       Subject to and without waiving the foregoing objections, MGA

27 responds as follows:  MGA is willing to meet and confer with Mattel regarding this

28 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

10

EXHIBIT 21 PAGE 226

1  Set of Interrogatories.

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

3        MGA incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection No. 7 (regarding the Definitions), including but not limited to its

6  objections to the definitions of the terms BRATZ INVENTION, CREATED,

7  IDENTIFY and REFER OR RELATES TO.  MGA further objects to this

8  interrogatory as compound because it contains discrete subparts that require separate,

9  distinct and multiple responses.  Specifically, MGA objects to the term IDENTIFY

10  as overbroad and unduly burdensome, as Mattel's definition of this term calls for

11  responses to multiple discrete subparts.  For example, Mattel's definition of the term

12  IDENTIFY in the context of this interrogatory would require MGA to provide a

13  multitude of discrete responses for each BRATZ INVENTION, including:

14        (a)    the Bates number of any document that "REFERS OR RELATES

15  TO the BRATZ INVENTION;"

16        (b)    the IDENTITY of the individual author or creator of the BRATZ

17  INVENTION;

18        (c)    the IDENTITY of each other individual who contributed in any

19  manner to the BRATZ INVENTION;

20        (d)    the form, material and medium of the BRATZ INVENTION;

21        (e)    the title or name of the BRATZ INVENTION;

22        (f)    the version, modification, revision or iteration number of the

23  BRATZ INVENTION;

24        (g)    the current location of the original of the BRATZ INVENTION;

25        (h)    the first day on which the BRATZ INVENTION was CREATED;

26        (i)    the last day on which the BRATZ INVENTION was CREATED;

27        (j)    whether the entire invention was CREATED during the period of

28  time listed in the Interrogatory (and if not, which portions were created during,

11

EXHIBIT  21  PAGE  227

1  earlier, or later than the period of time listed in the Interrogatory).

2          This interrogatory is further compounded by Mattel's definition of

3  IDENTITY, which purports to require MGA to provide the following information

4  for each of the individuals Mattel is requesting that MGA identify with respect to

5  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

6  (c) the current or last known business affiliation; (d) current or last known residential

7  address; (e) current or last known business address; (f) current or last known

8  relationship to MGA; and (g) current or last known telephone number.

9          MGA further objects to this interrogatory on the grounds that it is

10  overbroad, unduly burdensome, vague and ambiguous both generally and

11  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

12  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

13  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

14  RELATES TO, is so broad and over-inclusive that it could be read to include each

15  and every thought, idea and conversation that anyone may have had about BRATZ

16  during the time period at issue.

17          MGA further objects to the extent that this interrogatory seeks

18  information that is outside of MGA's knowledge and is not in MGA's possession,

19  custody or control.  In particular, MGA objects to this interrogatory to the extent that

20  it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

21  DOCUMENTS" (emphasis added).

22          MGA also objects to this interrogatory to the extent it seeks information

23  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

24  including without limitation the attorney-client privilege, the work product doctrine,

25  the right of privacy, and all other privileges recognized under the constitutional,

26  statutory or decisional law of the United States of America, the State of California or

27  any other applicable jurisdiction.  MGA further objects to the interrogatory on the

28  ground that it is premature because the invention, creation, conception, or reduction

                                             12

EXHIBIT  21  PAGE  228

1 | to practice of Bratz (and related issues) will be the subject of expert testimony at
2 | trial. MGA objects to this interrogatory to the extent it seeks to limit the expert
3 | testimony that MGA may seek to introduce at trial. MGA will identify its experts
4 | and make related disclosures in accordance with the Court's orders and applicable
5 | rules.

6 |      Subject to and without waiving the foregoing objections, MGA
7 | responds as follows:

8 |      With respect to "inventions" as that term is used in utility patent law,
9 | MGA does not make any affirmative contentions as to whether there were any such
10 | inventions, except that MGA contends that the conception and/or reduction to
11 | practice of any such invention occurred before January 1999 and/or after October 20,
12 | 2000. With respect to design patents, in August or September of 1998, Carter
13 | Bryant, inspired by images he was exposed to, including in the August 1998 issue of
14 | *Seventeen Magazine*, the appearance of teenagers, as well as other images in the
15 | public domain, conceived of an idea for a line of dolls he named Bratz. At the same
16 | time, Bryant sketched a series of drawings to illustrate his idea. To the extent said
17 | idea contained elements covered by design patent law, no such invention was
18 | "reduced to practice" until after October 20, 2000. Nor did it fall within the scope of
19 | the term "inventions" as used in the "INVENTIONS AGREEMENT."

20 |      The following persons have knowledge of the facts and circumstances
21 | surrounding Bryant's conception and his illustrative drawings that he named Bratz:
22 | Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;
23 | Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

24 |      The following documents may be relevant to these facts: the sketches
25 | drawn by Bryant in August or September of 1998; publicly available materials that
26 | Bryant identified in his deposition testimony as inspiring his conception of a line of
27 | dolls in August or September of 1998, including but not limited to the August 1998
28 | issue of *Seventeen Magazine*; and other documents shown to Bryant at his November

EXHIBIT 21 PAGE 229

1 | 2004 deposition.

2 | **INTERROGATORY NO. 28:**

3 |          IDENTIFY each and every BRATZ INVENTION YOU contend was
4 | CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and
5 | for each BRATZ INVENTION so identified state all FACTS that support YOUR
6 | contention that such BRATZ INVENTION (or aspects or portions thereof) was
7 | CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all
8 | PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
9 | RELATE TO such facts.

10 | **RESPONSE TO INTERROGATORY NO. 28:**

11 |          MGA incorporates by reference its General Response and General
12 | Objections above, as though fully set forth herein and specifically incorporates
13 | General Objection No. 7 (regarding the Definitions), including but not limited to its
14 | objections to the definitions of the terms BRATZ INVENTION, CREATED,
15 | IDENTIFY, and REFER OR RELATED TO.  MGA further objects to this
16 | interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
17 | ambiguous both generally and specifically with respect to the term BRATZ
18 | INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
19 | RELATES TO, is so broad and over-inclusive that it could be read to include each
20 | and every thought, idea and conversation that anyone may have had about BRATZ
21 | during the time period at issue.

22 |          MGA further objects to this interrogatory as compound because it
23 | contains discrete subparts that require separate, distinct and multiple responses.
24 | Specifically, MGA objects to the term IDENTIFY as overbroad and unduly
25 | burdensome, as Mattel's definition of this term calls for responses to multiple
26 | discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the
27 | context of this interrogatory would require MGA to provide a multitude of discrete
28 | responses for each BRATZ INVENTION, including:

14

21        230

1        (a)    the Bates number of any document that "REFERS OR RELATES

2 TO the BRATZ INVENTION;"

3        (b)    the IDENTITY of the individual author or creator of the BRATZ

4 INVENTION;

5        (c)    the IDENTITY of each other individual who contributed in any

6 manner to the BRATZ INVENTION;

7        (d)    the form, material and medium of the BRATZ INVENTION;

8        (e)    the title or name of the BRATZ INVENTION;

9        (f)    the version, modification, revision or iteration number of the

10 BRATZ INVENTION;

11        (g)    the current location of the original of the BRATZ INVENTION;

12        (h)    the first day on which the BRATZ INVENTION was CREATED;

13        (i)    the last day on which the BRATZ INVENTION was CREATED;

14        (j)    whether the entire invention was CREATED during the period of

15 time listed in the Interrogatory (and if not, which portions were created during,

16 earlier, or later than the period of time listed in the Interrogatory).

17        This interrogatory is further compounded by Mattel's definition of

18 IDENTITY, which purports to require MGA to provide the following information

19 for each of the individuals Mattel is requesting that MGA identify with respect to

20 each BRATZ INVENTION:  (a) the individual's name (b) any known business title;

21 (c) the current or last known business affiliation; (d) current or last known residential

22 address; (e) current or last known business address; (f) current or last known

23 relationship to MGA; and (g) current or last known telephone number.

24        MGA further objects to the extent that this interrogatory seeks

25 information that is outside of MGA's knowledge and is not in MGA's possession,

26 custody or control.  In particular, MGA objects to this interrogatory to the extent that

27 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*

28 DOCUMENTS" (emphasis added).

15

EXHIBIT __21__   PAGE __231__

1    MGA also objects to this interrogatory to the extent it seeks information

2  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

3  including without limitation the attorney-client privilege, the work product doctrine,

4  the right of privacy, and all other privileges recognized under the constitutional,

5  statutory or decisional law of the United States of America, the State of California or

6  any other applicable jurisdiction.

7    MGA further objects to the interrogatory on the ground that it is

8  premature because the invention, creation, conception, or reduction to practice of

9  Bratz (and related issues) will be the subject of expert testimony at trial. MGA

10  objects to this interrogatory to the extent it seeks to limit the expert testimony that

11  MGA may seek to introduce at trial. MGA will identify its experts and make related

12  disclosures in accordance with the Court's orders and applicable rules. MGA further

13  objects to the interrogatory as unduly burdensome, on the grounds that it would

14  require MGA to identify numerous documents that have already been produced and

15  are readily available to Mattel.

16    MGA further objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories. Under Judge Larson's order of February

18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19  04049-SGL and CV 05-02727]."

20    Subject to and without waiving the foregoing objections, MGA

21  responds as follows: MGA is willing to meet and confer with Mattel regarding this

22  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

23  Set of Interrogatories.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

25    MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 7 (regarding the Definitions), including but not limited to its

28  objections to the definitions of the terms BRATZ INVENTION, CREATED,

EXHIBIT 21  PAGE 232

1  IDENTIFY, and REFER OR RELATED TO.  MGA further objects to this

2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3  ambiguous both generally and specifically with respect to the term BRATZ

4  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

5  RELATES TO, is so broad and over-inclusive that it could be read to include each

6  and every thought, idea and conversation that anyone may have had about BRATZ

7  during the time period at issue.

8          MGA further objects to this interrogatory as compound because it

9  contains discrete subparts that require separate, distinct and multiple responses.

10  Specifically, MGA objects to the term IDENTIFY as overbroad and unduly

11  burdensome, as Mattel's definition of this term calls for responses to multiple

12  discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

13  context of this interrogatory would require MGA to provide a multitude of discrete

14  responses for each BRATZ INVENTION, including:

15          (a)     the Bates number of any document that "REFERS OR RELATES

16  TO the BRATZ INVENTION;"

17          (b)     the IDENTITY of the individual author or creator of the BRATZ

18  INVENTION;

19          (c)     the IDENTITY of each other individual who contributed in any

20  manner to the BRATZ INVENTION;

21          (d)     the form, material and medium of the BRATZ INVENTION;

22          (e)     the title or name of the BRATZ INVENTION;

23          (f)     the version, modification, revision or iteration number of the

24  BRATZ INVENTION;

25          (g)     the current location of the original of the BRATZ INVENTION;

26          (h)     the first day on which the BRATZ INVENTION was CREATED;

27          (i)     the last day on which the BRATZ INVENTION was CREATED;

28          (j)     whether the entire invention was CREATED during the period of

EXHIBIT 21 PAGE 233

1 | time listed in the Interrogatory (and if not, which portions were created during,
2 | earlier, or later than the period of time listed in the Interrogatory).
3 |       This interrogatory is further compounded by Mattel's definition of
4 | IDENTITY, which purports to require MGA to provide the following information
5 | for each of the individuals Mattel is requesting that MGA identify with respect to
6 | each BRATZ INVENTION: (a) the individual's name (b) any known business title;
7 | (c) the current or last known business affiliation; (d) current or last known residential
8 | address; (e) current or last known business address; (f) current or last known
9 | relationship to MGA; and (g) current or last known telephone number.
10 |       MGA further objects to the extent that this interrogatory seeks
11 | information that is outside of MGA's knowledge and is not in MGA's possession,
12 | custody or control. In particular, MGA objects to this interrogatory to the extent that
13 | it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*
14 | DOCUMENTS" (emphasis added).
15 |       MGA also objects to this interrogatory to the extent it seeks information
16 | that is not subject to disclosure under any applicable privilege, doctrine or immunity,
17 | including without limitation the attorney-client privilege, the work product doctrine,
18 | the right of privacy, and all other privileges recognized under the constitutional,
19 | statutory or decisional law of the United States of America, the State of California or
20 | any other applicable jurisdiction.
21 |       MGA further objects to the interrogatory on the ground that it is
22 | premature because the invention, creation, conception, or reduction to practice of
23 | Bratz (and related issues) will be the subject of expert testimony at trial. MGA
24 | objects to this interrogatory to the extent it seeks to limit the expert testimony that
25 | MGA may seek to introduce at trial. MGA will identify its experts and make related
26 | disclosures in accordance with the Court's orders and applicable rules. MGA further
27 | objects to the interrogatory as unduly burdensome, on the grounds that it would
28 | require MGA to identify numerous documents that have already been produced and

18

EXHIBIT 21 PAGE 234

1   are readily available to Mattel.

2       Subject to and without waiving the foregoing objections, MGA

3   responds as follows:

4       With respect to Bratz dolls and accessories, as concerns the term

5   "inventions" as that is used in utility patent law, and/or in the "INVENTIONS

6   AGREEMENT," MGA does not make any affirmative contentions as to whether

7   there were any such inventions, except that MGA contends the conception and/or

8   reduction to practice of any such invention occurred before January 1999 and/or after

9   October 20, 2000.  With respect to package design for Bratz products, MGA

10  contends that certain aspects of said designs qualified as design patents.  With

11  respect to design patents, to the extent that the Bratz line of dolls, first marketed by

12  MGA in 2001, contained features covered by design patent law, said inventions were

13  "reduced to practice" by MGA after October 20, 2000 and before June 1, 2001.

14      The following persons have knowledge of the facts and circumstances

15  regarding the foregoing:  Isaac Larian; Carter Bryant; Margaret Leahy; Veronica

16  Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);

17  Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam

18  Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

19  Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir

20  Khare.

21      The following documents may be relevant to these facts:  all

22  "DOCUMENTS" that refer to or evidence the work performed by MGA employees

23  and freelancers toward the reduction to practice of the first generation of Bratz dolls

24  during the period after October 19, 2000 through June 1, 2001, including but not

25  limited to:  (i) documents showing the development of the first generation of Bratz

26  dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the

27  development of the first generation of Bratz dolls; (iii) documents showing the

28  timing of the development of packaging, fashion, and accessories for the first

EXHIBIT __21__ PAGE __235__

1  generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy

2  fair; (v) documents related to the February 2001 New York toy fair; (vi)

3  polyurethane samples of prototypes; (vii) rotocasts and sculpts in Hong Kong; and

4  (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria

5  O'Connor, and other invoices submitted by freelancers for work performed on the

6  Bratz project. The documents evidencing this work are too numerous to identify

7  individually.

8  **INTERROGATORY NO. 29:**

9          IDENTIFY each and every BRATZ INVENTION that was CREATED,

10  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

11  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

12  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

13  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

14  RELATE TO such facts.

15  **RESPONSE TO INTERROGATORY NO. 29:**

16          MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including but not limited to its

19  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

20  OR RELATE TO, and IDENTIFY. MGA further objects to this interrogatory as

21  compound because it contains discrete subparts that require separate, distinct and

22  multiple responses. Specifically, MGA objects to the term IDENTIFY as overbroad

23  and unduly burdensome, as Mattel's definition of this term calls for responses to

24  multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY

25  in the context of this interrogatory would require MGA to provide a multitude of

26  discrete responses for each BRATZ INVENTION, including:

27          (a)    the Bates number of any document that "REFERS OR RELATES

28  TO the BRATZ INVENTION;"

20

EXHIBIT 21 PAGE 236

1       (b)    the IDENTITY of the individual author or creator of the BRATZ

2 INVENTION;

3       (c)    the IDENTITY of each other individual who contributed in any

4 manner to the BRATZ INVENTION;

5       (d)    the form, material and medium of the BRATZ INVENTION;

6       (e)    the title or name of the BRATZ INVENTION;

7       (f)    the version, modification, revision or iteration number of the

8 BRATZ INVENTION;

9       (g)    the current location of the original of the BRATZ INVENTION;

10       (h)    the first day on which the BRATZ INVENTION was CREATED;

11       (i)    the last day on which the BRATZ INVENTION was CREATED;

12       (j)    whether the entire invention was CREATED during the period of

13 time listed in the Interrogatory (and if not, which portions were created during,

14 earlier, or later than the period of time listed in the Interrogatory).

15       This interrogatory is further compounded by Mattel's definition of

16 IDENTITY, which purports to require MGA to provide the following information

17 for each of the individuals Mattel is requesting that MGA identify with respect to

18 each BRATZ INVENTION: (a) the individual's name (b) any known business title;

19 (c) the current or last known business affiliation; (d) current or last known residential

20 address; (e) current or last known business address; (f) current or last known

21 relationship to MGA; and (g) current or last known telephone number.

22       MGA further objects to this interrogatory on the grounds that it is

23 overbroad, unduly burdensome, vague and ambiguous both generally and

24 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

25 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

26 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

27 RELATES TO, is so broad and over-inclusive that it could be read to include each

28 and every thought, idea and conversation that anyone may have had about BRATZ

21

EXHIBIT __2\__ PAGE __237__

1 during the time period at issue.

2       MGA further objects to the extent that this interrogatory seeks
3 information that is outside of MGA's knowledge and is not in MGA's possession,
4 custody or control.  In particular, MGA objects to this interrogatory to the extent that
5 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS ... and *all*
6 DOCUMENTS" (emphasis added).

7       MGA also objects to this interrogatory to the extent it seeks information
8 that is not subject to disclosure under any applicable privilege, doctrine or immunity,
9 including without limitation the attorney-client privilege, the work product doctrine,
10 the right of privacy, and all other privileges recognized under the constitutional,
11 statutory or decisional law of the United States of America, the State of California or
12 any other applicable jurisdiction.

13       MGA further objects to the interrogatory on the ground that it is
14 premature because the invention, creation, conception, or reduction to practice of
15 Bratz (and related issues) will be the subject of expert testimony at trial.  MGA
16 objects to this interrogatory to the extent it seeks to limit the expert testimony that
17 MGA may seek to introduce at trial.  MGA will identify its experts and make related
18 disclosures in accordance with the Court's orders and applicable rules.  MGA further
19 objects to the interrogatory as unduly burdensome, on the grounds that it would
20 require MGA to identify numerous documents that have already been produced and
21 are readily available to Mattel.

22       MGA further objects to this interrogatory because Mattel has
23 propounded more than 50 interrogatories.  Under Judge Larson's order of February
24 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
25 04049-SGL and CV 05-02727]."

26       Subject to and without waiving the foregoing objections, MGA
27 responds as follows:  MGA is willing to meet and confer with Mattel regarding this
28 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

22

EXHIBIT __21__ PAGE __238__

1  Set of Interrogatories.

2  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

3        MGA incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection No. 7 (regarding Definitions), including but not limited to its

6  objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

7  OR RELATE TO, and IDENTIFY.  MGA further objects to this interrogatory as

8  compound because it contains discrete subparts that require separate, distinct and

9  multiple responses.  Specifically, MGA objects to the term IDENTIFY as overbroad

10 and unduly burdensome, as Mattel's definition of this term calls for responses to

11 multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY

12 in the context of this interrogatory would require MGA to provide a multitude of

13 discrete responses for each BRATZ INVENTION, including:

14       (a)    the Bates number of any document that "REFERS OR RELATES

15 TO THE BRATZ INVENTION;"

16       (b)    the IDENTITY of the individual author or creator of the BRATZ

17 INVENTION;

18       (c)    the IDENTITY of each other individual who contributed in any

19 manner to the BRATZ INVENTION;

20       (d)    the form, material and medium of the BRATZ INVENTION;

21       (e)    the title or name of the BRATZ INVENTION;

22       (f)    the version, modification, revision or iteration number of the

23 BRATZ INVENTION;

24       (g)    the current location of the original of the BRATZ INVENTION;

25       (h)    the first day on which the BRATZ INVENTION was CREATED;

26       (i)    the last day on which the BRATZ INVENTION was CREATED;

27       (j)    whether the entire invention was CREATED during the period of

28 time listed in the Interrogatory (and if not, which portions were created during,

EXHIBIT 21 PAGE 239

1 earlier, or later than the period of time listed in the Interrogatory).

2      This interrogatory is further compounded by Mattel's definition of

3 IDENTITY, which purports to require MGA to provide the following information

4 for each of the individuals Mattel is requesting that MGA identify with respect to

5 each BRATZ INVENTION: (a) the individual's name (b) any known business title;

6 (c) the current or last known business affiliation; (d) current or last known residential

7 address; (e) current or last known business address; (f) current or last known

8 relationship to MGA; and (g) current or last known telephone number.

9      MGA further objects to this interrogatory on the grounds that it is

10 overbroad, unduly burdensome, vague and ambiguous both generally and

11 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

12 DESIGN and REFER OR RELATES TO. In particular, the term BRATZ

13 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

14 RELATES TO, is so broad and over-inclusive that it could be read to include each

15 and every thought, idea and conversation that anyone may have had about BRATZ

16 during the time period at issue.

17      MGA further objects to the extent that this interrogatory seeks

18 information that is outside of MGA's knowledge and is not in MGA's possession,

19 custody or control. In particular, MGA objects to this interrogatory to the extent that

20 it requests that MGA "state *all* facts . . . and IDENTIFY *all* PERSONS … and *all*

21 DOCUMENTS" (emphasis added).

22      MGA also objects to this interrogatory to the extent it seeks information

23 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

24 including without limitation the attorney-client privilege, the work product doctrine,

25 the right of privacy, and all other privileges recognized under the constitutional,

26 statutory or decisional law of the United States of America, the State of California or

27 any other applicable jurisdiction.

28      MGA further objects to the interrogatory on the ground that it is

24

EXHIBIT   21   PAGE   240

1 premature because the invention, creation, conception, or reduction to practice of

2 Bratz (and related issues) will be the subject of expert testimony at trial. MGA

3 objects to this interrogatory to the extent it seeks to limit the expert testimony that

4 MGA may seek to introduce at trial. MGA will identify its experts and make related

5 disclosures in accordance with the Court's orders and applicable rules. MGA further

6 objects to the interrogatory as unduly burdensome, on the grounds that it would

7 require MGA to identify numerous documents that have already been produced and

8 are readily available to Mattel.

9         Subject to and without waiving the foregoing objections, MGA

10 responds as follows:

11         There were no inventions related to Bratz after January 3, 1999 and

12 before October 21, 2000.

13 **INTERROGATORY NO. 30:**

14         State all facts that support YOUR contention, if YOU so contend, that,

15 assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

16 pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

17 and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

18 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

19 REFER OR RELATE TO such facts.

20 **RESPONSE TO INTERROGATORY NO. 30:**

21         MGA incorporates by reference its General Response and General

22 Objections above, as though fully set forth herein and specifically incorporates

23 General Objection No. 7 (regarding Definitions), including but not limited to its

24 objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

25 AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA also objects to

26 this interrogatory to the extent it seeks information that is not subject to disclosure

27 under any applicable privilege, doctrine or immunity, including without limitation

28 the attorney-client privilege, the work product doctrine, the right of privacy, and all

EXHIBIT _21_ PAGE _241_

1  other privileges recognized under the constitutional, statutory or decisional law of

2  the United States of America, the State of California or any other applicable

3  jurisdiction.  MGA further objects to this interrogatory to the extent it calls for a

4  legal conclusion.  MGA further objects to the extent that this interrogatory seeks

5  information that is outside MGA's knowledge and is not in MGA's possession,

6  custody, or control.  In particular, MGA objects to this interrogatory to the extent

7  that it requests MGA to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*

8  DOCUMENTS" (emphasis added).

9          MGA further objects to the interrogatory on the grounds that it is vague,

10  ambiguous and threatens to mislead the trier of fact in that it is stated in the

11  hypothetical and therefore proceeds from the false premise that Bryant assigned

12  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

13  AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan*, 125

14  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

15  interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

16  depends on, among other factual and legal factors, specifically which BRATZ

17  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

18  which rights he assigned, which information is not provided in the incomplete

19  hypothetical scenario posited in this interrogatory.

20          MGA further objects to the interrogatory on the ground that it is

21  premature because the invention, creation, conception, or reduction to practice of

22  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

23  objects to this interrogatory to the extent it seeks to limit the expert testimony that

24  MGA may seek to introduce at trial.  MGA further objects on the grounds that the

25  interrogatory seeks information not relevant to any claim or defense in the action and

26  is not reasonably calculated to the discovery of admissible evidence because MGA

27  denies that Bryant assigned any such rights to Mattel.

28          MGA objects to this interrogatory because Mattel has propounded more

EXHIBIT _21_  PAGE _242_

1   than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

2   "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

3   04049-SGL and CV 05-02727]."

4   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

5           MGA incorporates by reference its General Response and General

6   Objections above, as though fully set forth herein and specifically incorporates

7   General Objection No. 7 (regarding Definitions), including but not limited to its

8   objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

9   AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA also objects to

10  this interrogatory to the extent it seeks information that is not subject to disclosure

11  under any applicable privilege, doctrine or immunity, including without limitation

12  the attorney-client privilege, the work product doctrine, the right of privacy, and all

13  other privileges recognized under the constitutional, statutory or decisional law of

14  the United States of America, the State of California or any other applicable

15  jurisdiction.  MGA further objects to this interrogatory to the extent it calls for a

16  legal conclusion.  MGA further objects to the extent that this interrogatory seeks

17  information that is outside MGA's knowledge and is not in MGA's possession,

18  custody, or control.  In particular, MGA objects to this interrogatory to the extent

19  that it requests MGA to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*

20  DOCUMENTS" (emphasis added).

21          MGA further objects to the interrogatory on the grounds that it is vague,

22  ambiguous and threatens to mislead the trier of fact in that it is stated in the

23  hypothetical and therefore proceeds from the false premise that Bryant assigned

24  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

25  AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan*, 125

26  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

27  interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

28  depends on, among other factual and legal factors, specifically which BRATZ

EXHIBIT __21__ PAGE __243__

1 INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

2 which rights he assigned, which information is not provided in the incomplete

3 hypothetical scenario posited in this interrogatory.

4         MGA further objects to the interrogatory on the ground that it is

5 premature because the invention, creation, conception, or reduction to practice of

6 Bratz (and related issues) will be the subject of expert testimony at trial. MGA

7 objects to this interrogatory to the extent it seeks to limit the expert testimony that

8 MGA may seek to introduce at trial. MGA further objects on the grounds that the

9 interrogatory seeks information not relevant to any claim or defense in the action and

10 is not reasonably calculated to the discovery of admissible evidence because MGA

11 denies that Bryant assigned any such rights to Mattel.

12         Subject to and without waiving the foregoing objections, MGA

13 responds as follows:

14         MGA incorporates by reference its supplemental responses to

15 Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds

16 further that, assuming Bryant assigned rights to inventions related to Bratz pursuant

17 to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and

18 for inventions conceived of and/or reduced to practice during the period of Bryant's

19 employment with Mattel to which said Agreement relates), MGA would have

20 superior rights in the Bratz dolls because: (i) there were no "inventions" related to

21 Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were

22 neither substantially similar to, nor a copy of, nor derivative of, Mattel's hypothetical

23 rights; and (iii) Mattel waived any rights it may have had due to laches and the

24 statute of limitations.

25 **INTERROGATORY NO. 31:**

26         State all facts that support YOUR contention, if YOU so contend, that

27 the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

28 PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

EXHIBIT 21 PAGE 244

1  RELATE TO such facts.

2  **RESPONSE TO INTERROGATORY NO. 31:**

3        MGA incorporates by reference its General Response and General

4  Objections above, as though fully set forth herein and specifically incorporates

5  General Objection No. 7 (regarding Definitions), including but not limited to its

6  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

7  and REFER OR RELATE TO.  MGA also objects to this interrogatory to the extent

8  it seeks information that is not subject to disclosure under any applicable privilege,

9  doctrine or immunity, including without limitation the attorney-client privilege, the

10 work product doctrine, the right of privacy, and all other privileges recognized under

11 the constitutional, statutory or decisional law of the United States of America, the

12 State of California or any other applicable jurisdiction.  MGA also objects to this

13 interrogatory to the extent that it calls for a legal conclusion.

14        MGA objects that this interrogatory is an overbroad and unduly

15 burdensome contention interrogatory to the extent it asks for "all facts" which

16 supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron*,

17 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

18 facts, documents, and witnesses that support the denial of a statement or allegation of

19 fact" because the "universe of potentially responsive information is almost endless").

20 MGA further objects to the extent that this interrogatory seeks information outside of

21 MGA's personal knowledge and is not in MGA's possession, custody or control.  In

22 particular, MGA objects to this interrogatory to the extent that it requests that MGA

23 "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

24 (emphasis added).

25        MGA objects to this interrogatory because Mattel has propounded more

26 than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

27 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

28 SGL and CV 05-02727]."

EXHIBIT  21   PAGE 245

1    Subject to and without waiving the foregoing objections, MGA

2  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

4  Set of Interrogatories.

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

6    MGA incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including but not limited to its

9  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

10  and REFER OR RELATE TO.  MGA also objects to this interrogatory to the extent

11  it seeks information that is not subject to disclosure under any applicable privilege,

12  doctrine or immunity, including without limitation the attorney-client privilege, the

13  work product doctrine, the right of privacy, and all other privileges recognized under

14  the constitutional, statutory or decisional law of the United States of America, the

15  State of California or any other applicable jurisdiction.  MGA also objects to this

16  interrogatory to the extent that it calls for a legal conclusion.

17    MGA objects that this interrogatory is an overbroad and unduly

18  burdensome contention interrogatory to the extent it asks for "all facts" which

19  supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron*,

20  181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

21  facts, documents, and witnesses that support the denial of a statement or allegation of

22  fact" because the "universe of potentially responsive information is almost endless").

23  MGA further objects to the extent that this interrogatory seeks information outside of

24  MGA's personal knowledge and is not in MGA's possession, custody or control.  In

25  particular, MGA objects to this interrogatory to the extent that it requests that MGA

26  "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

27  (emphasis added).

28    Subject to and without waiving the foregoing objections, MGA

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  21  PAGE  246

1  responds as follows:

2       MGA contends that Paragraph 3-a of the "INVENTIONS

3  AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the

4  statute of limitations, in that Mattel intentionally delayed in taking legal action

5  against MGA or Carter Bryant for several years in the belief that Mattel would be

6  able to drive Bratz out of the marketplace through the introduction of a copycat line

7  of My Scene Barbie dolls.  Mattel only took legal action well after MGA had

8  invested substantial amounts of capital and creative and innovative human effort in

9  the Bratz line of dolls and had experienced enormous success in the market place,

10 changing the fashion doll business forever.  In addition, many Mattel employees

11 knew following the introduction of the first generation of Bratz dolls to the market

12 that Carter Bryant was the originator of the idea that led to the first generation of

13 Bratz dolls.

14       The "INVENTIONS AGREEMENT" is also invalid and unenforceable

15 insofar as it purports to prohibit Bryant from engaging in good faith and reasonable

16 efforts to seek professional opportunities with Mattel competitors while still

17 employed by Mattel.

18       These contentions are based on the following facts and circumstances:

19 MGA is informed and believes that it was common knowledge at Mattel that many

20 Mattel employees employed in the Mattel design center worked on a freelance basis

21 for third parties, including Mattel competitors.  Despite knowledge of this activity,

22 Mattel rarely, if ever, enforced any rights it may have had to prohibit such

23 freelancing.  Mattel has therefore waived any right it may have had to enforce

24 Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by

25 virtue of course-of-conduct contract law principles.

26       The following persons have knowledge of the facts and circumstances

27 supporting this contention: current and former members of Mattel management,

28 current and former members of Mattel's legal department, current and former

EXHIBIT  21  PAGE  247

1  employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt

2  Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.

3        The following documents may be relevant to these facts:  the

4  "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's

5  enforcement, or lack thereof, of the provisions of similar agreements between Mattel

6  and its employees; Mattel documents referring or relating to Mattel's knowledge or

7  investigation of suspected violations of similar agreements between Mattel and its

8  employees; Mattel's internal emails that have not been produced; documents from

9  Mattel's Zeus computer systems; documents referring or relating to Mattel's market

10  research; documents referring or relating to Mattel's public relations efforts;

11  documents  referring or relating to Mattel's advertising and advertising strategies.

12  Mattel has produced very few documents in this action in response to MGA's

13  outstanding requests.  MGA recently served additional requests for production of

14  documents.  MGA reserves the right to supplement this response and all of its other

15  responses after Mattel has completed its production.

16        This response is without prejudice to MGA's position that the

17  "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a

18  violation of public policy.

19  **INTERROGATORY NO. 32:**

20        State all facts that support YOUR contention, if YOU so contend, that

21  MATTEL is not or would not be entitled to injunctive relief as requested in its

22  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

23  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

24  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

25  such facts.

26  **RESPONSE TO INTERROGATORY NO. 32:**

27        MGA incorporates by reference its General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 21 PAGE 248

1   General Objection No. 7 (regarding Definitions), including but not limited to its
2   objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
3   REFER OR RELATE TO, and further objects on the ground that the interrogatory is
4   overbroad, unduly burdensome, vague and ambiguous both generally and
5   specifically with respect to the terms YOUR, YOU, MATTEL.  MGA also objects to
6   this interrogatory to the extent it seeks information that is not subject to disclosure
7   under any applicable privilege, doctrine or immunity, including without limitation
8   the attorney-client privilege, the work product doctrine, the right of privacy, and all
9   other privileges recognized under the constitutional, statutory or decisional law of
10   the United States of America, the State of California or any other applicable
11   jurisdiction.  MGA further objects to the interrogatory on the ground that it is
12   premature because matters affecting Mattel's ability to obtain injunctive relief may
13   be the subject of expert testimony at trial.  MGA objects to this interrogatory to the
14   extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.
15   MGA will identify its experts and make related disclosures in accordance with the
16   Court's orders and applicable rules.
17        MGA notes that the issue of injunctive relief will be decided by the
18   Court after the conclusion of all jury deliberation relevant to the issue.  MGA
19   believes accordingly that the Court's review of injunctive relief issue will not occur
20   until the conclusion of Phase 2.
21        MGA further objects on the ground that this interrogatory is an
22   overbroad and unduly burdensome contention interrogatory to the extent it asks for
23   "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
24   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
25   requests seeking "all facts, documents, and witnesses that support the denial of a
26   statement or allegation of fact" because the "universe of potentially responsive
27   information is almost endless").
28        MGA further objects to the extent that this interrogatory seeks

EXHIBIT 21 PAGE 249

1  information that is outside MGA's knowledge and is not in MGA's possession,
2  custody, or control.  In particular, MGA objects to this interrogatory to the extent
3  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
4  DOCUMENTS" (emphasis added).

5       MGA further objects to this interrogatory as it asks MGA to assume
6  facts contrary to evidence, and further asks it to base any response on an incomplete
7  and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v. Sullivan*, 125
8  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
9  interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or would
10 or would not be "entitled to injunctive relief" depends on, among other factual and
11 legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found
12 to own, and whether and/or to what extent it is determined that any Bratz products
13 that have been produced and sold are derivative works of any such BRATZ
14 INVENTIONS, which information is not provided in the incomplete hypothetical
15 scenario posited in this interrogatory.  MGA also objects to this interrogatory on the
16 grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled
17 to injunctive relief, it if is ultimately determined that Mattel owns one or more
18 BRATZ INVENTIONS.

19      MGA further objects to this interrogatory because Mattel has
20 propounded more than 50 interrogatories.  Under Judge Larson's order of February
21 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
22 04049-SGL and CV 05-02727]."

23 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

24      MGA incorporates by reference its General Response and General
25 Objections above, as though fully set forth herein and specifically incorporates
26 General Objection No. 7 (regarding Definitions), including but not limited to its
27 objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
28 REFER OR RELATE TO, and further objects on the ground that the interrogatory is

EXHIBIT  21   PAGE  250