1  overbroad, unduly burdensome, vague and ambiguous both generally and

2  specifically with respect to the terms YOUR, YOU, MATTEL. MGA also objects to

3  this interrogatory to the extent it seeks information that is not subject to disclosure

4  under any applicable privilege, doctrine or immunity, including without limitation

5  the attorney-client privilege, the work product doctrine, the right of privacy, and all

6  other privileges recognized under the constitutional, statutory or decisional law of

7  the United States of America, the State of California or any other applicable

8  jurisdiction. MGA further objects to the interrogatory on the ground that it is

9  premature because matters affecting Mattel's ability to obtain injunctive relief may

10  be the subject of expert testimony at trial. MGA objects to this interrogatory to the

11  extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.

12  MGA will identify its experts and make related disclosures in accordance with the

13  Court's orders and applicable rules.

14        MGA notes that the issue of injunctive relief will be decided by the

15  Court after the conclusion of all jury deliberation relevant to the issue. MGA

16  believes accordingly that the Court's review of injunctive relief issue will not occur

17  until the conclusion of Phase 2.

18        MGA further objects on the ground that this interrogatory is an

19  overbroad and unduly burdensome contention interrogatory to the extent it asks for

20  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

21  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

22  requests seeking "all facts, documents, and witnesses that support the denial of a

23  statement or allegation of fact" because the "universe of potentially responsive

24  information is almost endless").

25        MGA further objects to the extent that this interrogatory seeks

26  information that is outside MGA's knowledge and is not in MGA's possession,

27  custody, or control. In particular, MGA objects to this interrogatory to the extent

28  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

EXHIBIT  2 \  PAGE  25 \

1 DOCUMENTS" (emphasis added).

2       MGA further objects to this interrogatory as it asks MGA to assume

3 facts contrary to evidence, and further asks it to base any response on an incomplete

4 and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125

5 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

6 interrogatories directed at hypothetical scenarios). Whether or not Mattel is or would

7 or would not be "entitled to injunctive relief" depends on, among other factual and

8 legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found

9 to own, and whether and/or to what extent it is determined that any Bratz products

10 that have been produced and sold are derivative works of any such BRATZ

11 INVENTIONS, which information is not provided in the incomplete hypothetical

12 scenario posited in this interrogatory. MGA also objects to this interrogatory on the

13 grounds that Mattel – not MGA – bears the burden of proof to show that it is entitled

14 to injunctive relief, it if is ultimately determined that Mattel owns one or more

15 BRATZ INVENTIONS.

16       Subject to and without waiving the foregoing objections, MGA

17 responds as follows:

18       Mattel is not entitled to injunctive relief for the following reasons:

19       (a)    Mattel is not entitled to injunctive relief in accordance with the

20 principles established by the United States Supreme Court in <u>eBay v. MercExchange</u>,

21 126 S. Ct. 1837 (2006).

22       (b)    The original concepts contributed by Bryant to the creation of the

23 Bratz dolls represent only one of the many factors that combined to make Bratz one

24 of the most successful fashion dolls on the market. The contributions made by MGA

25 to the Bratz dolls far outweigh any contributions made by Bryant prior to October

26 21, 2000 in terms of the overall factors that contributed to the commercial success of

27 Bratz.

28       (c)    Mattel played no role in the creation and/or selection of the Bratz

36

EXHIBIT 21 PAGE 252

1  slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

2          (d)    Mattel played no role in the development of the Bratz line of

3  dolls' innovative and trend-setting packaging.

4          (e)    Mattel played no role in MGA's improvements, enhancements

5  and changes to the Bratz dolls in the months and years on and/or after October 21,

6  2000.

7          (f)    Mattel played no role in MGA's development of the fashions for

8  the Bratz dolls.

9          (g)    Mattel played no role in the development of Bratz Kidz, Bratz

10  Petz, Bratz Babyz and other successful additions to the Bratz doll family.

11          (h)    Mattel played no role in the development of the myriad of

12  accessories for the Bratz dolls.

13          (i)    Mattel played no role in the development of the successful

14  themes that have enhanced the popularity of the Bratz dolls.

15          (j)    Mattel played no role in the development of the Bratz animated

16  TV series, Bratz TV commercials, or Bratz the movie.

17          (k)    Mattel played no role in the development of the Bratz brand.

18          (l)    If in 2000 Mattel had been presented with the opportunity to

19  develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said

20  opportunity because of a perceived threat to Mattel's Barbie franchise.

21          (m)    Mattel's inequitable conduct through years of efforts to eliminate

22  competition to its lines of fashion dolls.

23          (n)    Mattel's inequitable conduct through specific acts of unfair

24  competition, as previously set forth in MGA's Responses and Supplemental

25  Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition

26  Nos. 5, 6, 8, 9 and 10.

27          (o)    The equitable doctrine of laches, in that Mattel intentionally

28  delayed in taking legal action against MGA or Carter Bryant for several years in the

EXHIBIT  21  PAGE  253

1 belief that Mattel would be able to drive Bratz out of the marketplace through the
2 introduction of a copycat line of My Scene Barbie dolls.  Mattel only took legal
3 action well after MGA had invested substantial amounts of capital and creative and
4 innovative human effort in the Bratz line of dolls and had experienced enormous
5 success in the marketplace, changing the fashion doll business forever.

6         (p)    The statute of limitations.

7         The persons who have knowledge of the facts and circumstances
8 supporting these contentions of inequitable conduct by Mattel have already been
9 provided in MGA's supplemental responses to Interrogatory Nos. 27, 28, and 31.

10         To the extent that Mattel's interrogatory could be interpreted to require
11 MGA to identify all documents that "REFER OR RELATE TO" substantially all
12 facets of MGA's business, these documents are too numerous to identify individually
13 without undue burden to MGA.  The following categories of documents may be
14 relevant to these facts: Mattel's Brand Directional Outlines; analyses and assessments
15 of Mattel's marketing strategies prepared and/or produced by Young and Rubicam
16 Brands; Mattel's Marketing Department assessments of Mattel's advertising and
17 branding strategies; Mattel's Creative Briefs; and publicly available documents
18 evidencing MGA's trademarks, patents, and copyrights.

19 **INTERROGATORY NO. 33:**

20         State all facts that support YOUR contention, if YOU so contend, that
21 MATTEL is not entitled to an award of punitive or exemplary damages against
22 YOU, and IDENTIFY all PERSONS with knowledge of such facts and all
23 DOCUMENTS that REFER OR RELATE TO such facts.

24 **RESPONSE TO INTERROGATORY NO. 33:**

25         MGA incorporates by reference its General Response and General
26 Objections above, as though fully set forth herein and specifically incorporates
27 General Objection No. 7 (regarding Definitions), including but not limited to its
28 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

EXHIBIT 21 PAGE 254

1  and further objects on the ground that the interrogatory is overbroad, unduly
2  burdensome, vague and ambiguous both generally and specifically with respect to
3  the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term
4  YOU as defined by Mattel could be read to require MGA to state all facts supporting
5  why Mattel is not entitled to an award of punitive damages against each of the
6  responding parties in this litigation, thereby rendering the interrogatory
7  impermissibly compound.  MGA also objects to this interrogatory to the extent it
8  seeks information that is not subject to disclosure under any applicable privilege,
9  doctrine or immunity, including without limitation the attorney-client privilege, the
10  work product doctrine, the right of privacy, and all other privileges recognized under
11  the constitutional, statutory or decisional law of the United States of America, the
12  State of California or any other applicable jurisdiction.  MGA further objects to the
13  interrogatory to the extent it calls for a legal conclusion.

14         MGA further objects on the ground that this interrogatory is an
15  overbroad and unduly burdensome contention interrogatory to the extent it asks for
16  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*
17  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
18  requests seeking "all facts, documents, and witnesses that support the denial of a
19  statement or allegation of fact" because the "universe of potentially responsive
20  information is almost endless").

21         MGA further objects to the extent that this interrogatory seeks
22  information that is outside MGA's knowledge and is not in MGA's possession,
23  custody, or control.  In particular, MGA objects to this interrogatory to the extent
24  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
25  DOCUMENTS" (emphasis added).

26         MGA also objects to this interrogatory on the grounds that Mattel – not
27  MGA – bears the burden of proof to show that it is entitled to an award of punitive or
28  exemplary damages.

39

EXHIBIT 21  PAGE 255

1  MGA further objects to this interrogatory because Mattel has
2  propounded more than 50 interrogatories. Under Judge Larson's order of February
3  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
4  04049-SGL and CV 05-02727]."
5  Subject to and without waiving the foregoing objections, MGA
6  responds as follows: MGA is willing to meet and confer with Mattel regarding this
7  interrogatory and the obligation of Mattel to supplement its responses to MGA's First
8  Set of Interrogatories.
9  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**
10  MGA incorporates by reference its General Response and General
11  Objections above, as though fully set forth herein and specifically incorporates
12  General Objection No. 7 (regarding Definitions), including but not limited to its
13  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
14  and further objects on the ground that the interrogatory is overbroad, unduly
15  burdensome, vague and ambiguous both generally and specifically with respect to
16  the terms YOUR, YOU, and MATTEL. In particular, by way of example, the term
17  YOU as defined by Mattel could be read to require MGA to state all facts supporting
18  why Mattel is not entitled to an award of punitive damages against each of the
19  responding parties in this litigation, thereby rendering the interrogatory
20  impermissibly compound. MGA also objects to this interrogatory to the extent it
21  seeks information that is not subject to disclosure under any applicable privilege,
22  doctrine or immunity, including without limitation the attorney-client privilege, the
23  work product doctrine, the right of privacy, and all other privileges recognized under
24  the constitutional, statutory or decisional law of the United States of America, the
25  State of California or any other applicable jurisdiction. MGA further objects to the
26  interrogatory to the extent it calls for a legal conclusion.
27  MGA further objects on the ground that this interrogatory is an
28  overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT 21 PAGE 256

1   "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

2   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3   requests seeking "all facts, documents, and witnesses that support the denial of a

4   statement or allegation of fact" because the "universe of potentially responsive

5   information is almost endless").

6          MGA further objects to the extent that this interrogatory seeks

7   information that is outside MGA's knowledge and is not in MGA's possession,

8   custody, or control.  In particular, MGA objects to this interrogatory to the extent

9   that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

10  DOCUMENTS" (emphasis added).

11         MGA also objects to this interrogatory on the grounds that Mattel – not

12  MGA – bears the burden of proof to show that it is entitled to an award of punitive or

13  exemplary damages.

14         Subject to and without waiving the foregoing objections, MGA

15  responds as follows:

16         Mattel is not entitled to an award of punitive or exemplary damages

17  against MGA because:  (i) Mattel does not own any rights in the Bratz dolls; (ii)

18  MGA has not violated or infringed any rights of Mattel with respect to the Bratz

19  dolls; (iii) Mattel has not shown that MGA acted in bad faith; and (iv) Mattel has not

20  presented any evidence to support the requirements for such an award against MGA.

21  **INTERROGATORY NO. 34:**

22         State all facts that support YOUR contention, if YOU so contend, that

23  YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

24  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

25  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

26  DOCUMENTS that REFER OR RELATE TO such facts.

27  **RESPONSE TO INTERROGATORY NO. 34:**

28         MGA incorporates by reference its General Response and General

EXHIBIT 21 PAGE 257

1  Objections above, as though fully set forth herein and specifically incorporates

2  General Objection No. 7 (regarding Definitions), including but not limited to its

3  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

4  and REFER OR RELATE TO, and further objects on the ground that the

5  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

6  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

7  TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

8  defined by Mattel could be read to require MGA to state all facts supporting why

9  each of the responding parties did not "intentionally interfere with the

10  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

11  compound.  MGA also objects to this interrogatory to the extent it seeks information

12  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

13  including without limitation the attorney-client privilege, the work product doctrine,

14  the right of privacy, and all other privileges recognized under the constitutional,

15  statutory or decisional law of the United States of America, the State of California or

16  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

17  extent it calls for a legal conclusion.

18      MGA further objects on the ground that this interrogatory is an

19  overbroad and unduly burdensome contention interrogatory to the extent it asks for

20  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

21  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

22  requests seeking "all facts, documents, and witnesses that support the denial of a

23  statement or allegation of fact" because the "universe of potentially responsive

24  information is almost endless").

25      MGA further objects to the extent that this interrogatory seeks

26  information that is outside MGA's knowledge and is not in MGA's possession,

27  custody, or control.  In particular, MGA objects to this interrogatory to the extent

28  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

EXHIBIT 21   PAGE 258

1  DOCUMENTS" (emphasis added).

2         MGA further objects to this interrogatory because Mattel has

3  propounded more than 50 interrogatories.  Under Judge Larson's order of February

4  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5  04049-SGL and CV 05-02727]."

6  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

7         MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 7 (regarding Definitions), including but not limited to its

10  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

11  and REFER OR RELATE TO, and further objects on the ground that the

12  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

13  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

14  TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

15  defined by Mattel could be read to require MGA to state all facts supporting why

16  each of the responding parties did not "intentionally interfere with the

17  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

18  compound.  MGA also objects to this interrogatory to the extent it seeks information

19  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

20  including without limitation the attorney-client privilege, the work product doctrine,

21  the right of privacy, and all other privileges recognized under the constitutional,

22  statutory or decisional law of the United States of America, the State of California or

23  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

24  extent it calls for a legal conclusion.

25         MGA further objects on the ground that this interrogatory is an

26  overbroad and unduly burdensome contention interrogatory to the extent it asks for

27  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

28  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT  21    PAGE  259

1  requests seeking "all facts, documents, and witnesses that support the denial of a
2  statement or allegation of fact" because the "universe of potentially responsive
3  information is almost endless").

4          MGA further objects to the extent that this interrogatory seeks
5  information that is outside MGA's knowledge and is not in MGA's possession,
6  custody, or control.  In particular, MGA objects to this interrogatory to the extent
7  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
8  DOCUMENTS" (emphasis added).

9          Subject to and without waiving the foregoing objections, MGA
10 responds as follows:

11         MGA incorporates by reference its supplemental responses to
12 Interrogatory No. 33 as though fully set forth herein, and further responds that MGA
13 did not know, despite fair inquiry, that Carter Bryant had entered into the
14 "INVENTIONS AGREEMENT."  MGA responds further that MGA did not
15 intentionally induce Bryant to breach any agreement (known or unknown) with
16 Mattel, but instead it was Bryant who, through an intermediary, approached MGA,
17 and pitched the Bratz concept to MGA.  In addition, MGA does not believe that
18 Bryant has breached the "INVENTIONS AGREEMENT" or any other agreement
19 with Mattel, or breached any duties or obligations to Mattel.

20         The persons who have knowledge of the facts and circumstances
21 supporting this contention that MGA did not intentionally interfere with the
22 INVENTIONS AGREEMENT when Bryant transferred his rights in Bratz to MGA
23 have already been identified in the supplemental responses to Interrogatory Nos. 27,
24 28, and 31.

25         Documents responsive to this interrogatory are protected by the
26 attorney-client privileged or work product doctrine.  MGA previously offered to
27 stipulate to a limited waiver of these privileges and protections to permit inspection
28 of such documents, but Mattel refused.  Subject to these objections, MGA responds

EXHIBIT 21  PAGE 260

1  that the following documents may be relevant to these facts: all documents showing

2  Bryant's work on his "pitch" materials; documents evidencing Bryant's desire to be a

3  freelance artist; documents evidencing Bryant's interactions with MGA prior to the

4  execution of the October 4, 2000 agreement between Bryant and MGA; and the

5  October 4, 2000 agreement between Bryant and MGA.

6  **INTERROGATORY NO. 35:**

7           State all facts that support YOUR contention, if YOU so contend, that

8  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

9  BRYANT to MATTEL when BRYANT performed work or services with or for

10  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

11  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

12  such facts.

13  **RESPONSE TO INTERROGATORY NO. 35:**

14           MGA incorporates by reference its General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection No. 7 (regarding Definitions), including but not limited to its

17  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

18  and further objects on the ground that the interrogatory is overbroad, unduly

19  burdensome, vague and ambiguous both generally and specifically with respect to

20  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

21  the term YOU as defined by Mattel could be read to require MGA to state all facts

22  supporting why each of the responding parties "did not aid or abet any breach of

23  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

24  rendering the interrogatory impermissibly compound.  MGA also objects to this

25  interrogatory to the extent it seeks information that is not subject to disclosure under

26  any applicable privilege, doctrine or immunity, including without limitation the

27  attorney-client privilege, the work product doctrine, the right of privacy, and all other

28  privileges recognized under the constitutional, statutory or decisional law of the

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 21  PAGE 261

1   United States of America, the State of California or any other applicable jurisdiction.

2   MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

3           MGA further objects on the ground that this interrogatory is an

4   overbroad and unduly burdensome contention interrogatory to the extent it asks for

5   "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

6   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

7   requests seeking "all facts, documents, and witnesses that support the denial of a

8   statement or allegation of fact" because the "universe of potentially responsive

9   information is almost endless").

10          MGA further objects to the extent that this interrogatory seeks

11  information that is outside MGA's knowledge and is not in MGA's possession,

12  custody, or control.  In particular, MGA objects to this interrogatory to the extent

13  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

14  DOCUMENTS" (emphasis added).

15          MGA further objects to this interrogatory because Mattel has

16  propounded more than 50 interrogatories.  Under Judge Larson's order of February

17  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

18  04049-SGL and CV 05-02727]."

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

20          MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 7 (regarding Definitions), including but not limited to its

23  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

24  and further objects on the ground that the interrogatory is overbroad, unduly

25  burdensome, vague and ambiguous both generally and specifically with respect to

26  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

27  the term YOU as defined by Mattel could be read to require MGA to state all facts

28  supporting why each of the responding parties "did not aid or abet any breach of

46

EXHIBIT   21   PAGE 262

1  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

2  rendering the interrogatory impermissibly compound.  MGA also objects to this

3  interrogatory to the extent it seeks information that is not subject to disclosure under

4  any applicable privilege, doctrine or immunity, including without limitation the

5  attorney-client privilege, the work product doctrine, the right of privacy, and all other

6  privileges recognized under the constitutional, statutory or decisional law of the

7  United States of America, the State of California or any other applicable jurisdiction.

8  MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

9          MGA further objects on the ground that this interrogatory is an

10 overbroad and unduly burdensome contention interrogatory to the extent it asks for

11 "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

12 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13 requests seeking "all facts, documents, and witnesses that support the denial of a

14 statement or allegation of fact" because the "universe of potentially responsive

15 information is almost endless").

16         MGA further objects to the extent that this interrogatory seeks

17 information that is outside MGA's knowledge and is not in MGA's possession,

18 custody, or control.  In particular, MGA objects to this interrogatory to the extent

19 that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

20 DOCUMENTS" (emphasis added).

21         Subject to and without waiving the foregoing objections, MGA

22 responds as follows:

23         MGA incorporates by reference its supplemental responses to

24 Interrogatory Nos. 34 and 38 as though fully set forth herein.  In addition, MGA

25 denies that Bryant was a fiduciary with respect to his efforts to become a freelance

26 artist.

27 **INTERROGATORY NO. 36:**

28         State all facts that support YOUR contention, if YOU so contend, that

47

EXHIBIT __21__ PAGE _263_

1  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

2  not own any rights in any BRATZ INVENTION when BRYANT purported to

3  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

4  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

5  RELATE TO such facts.

6  **RESPONSE TO INTERROGATORY NO. 36:**

7           MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 7 (regarding Definitions), including but not limited to its

10 objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

11 RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

12 unduly burdensome, vague and ambiguous both generally and specifically with

13 respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

14 ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

15 could be read to require MGA to state all facts supporting why each of the

16 responding parties "acted with an innocent state of mind," thereby rendering the

17 interrogatory impermissibly compound.  MGA also objects to this interrogatory to

18 the extent it seeks information that is not subject to disclosure under any applicable

19 privilege, doctrine or immunity, including without limitation the attorney-client

20 privilege, the work product doctrine, the right of privacy, and all other privileges

21 recognized under the constitutional, statutory or decisional law of the United States

22 of America, the State of California or any other applicable jurisdiction.

23           Subject to and without waiving the foregoing objections, MGA

24 responds as follows:  MGA is willing to meet and confer with Mattel regarding this

25 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

26 Set of Interrogatories.

27 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

28           MGA incorporates by reference its General Response and General

48

EXHIBIT __21__ PAGE __264__

1  Objections above, as though fully set forth herein and specifically incorporates

2  General Objection No. 7 (regarding Definitions), including but not limited to its

3  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

4  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

5  unduly burdensome, vague and ambiguous both generally and specifically with

6  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

7  ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

8  could be read to require MGA to state all facts supporting why each of the

9  responding parties "acted with an innocent state of mind," thereby rendering the

10  interrogatory impermissibly compound.  MGA also objects to this interrogatory to

11  the extent it seeks information that is not subject to disclosure under any applicable

12  privilege, doctrine or immunity, including without limitation the attorney-client

13  privilege, the work product doctrine, the right of privacy, and all other privileges

14  recognized under the constitutional, statutory or decisional law of the United States

15  of America, the State of California or any other applicable jurisdiction.

16          Subject to and without waiving the foregoing objections, MGA

17  responds as follows:

18          Mattel cannot show that MGA acted in bad faith when Bryant

19  transferred and MGA acquired all rights to the Bratz concept on October 4, 2000,

20  because of the following facts of which MGA was aware in the September to

21  October 2000 time period: (i) Bryant had an idea in August or September of 1998,

22  when he was not employed by Mattel, for a series of characters that he named Bratz

23  that could be used to create, among other things, a line of fashion dolls; (ii) at the

24  same time, Bryant sketched a series of drawings to illustrate his conception; (iii)

25  Bryant was the rightful owner of the concepts reflected in his drawings and other

26  representations of his ideas and of his drawings; (iv) Bryant and his counsel

27  represented and warranted to MGA that he was the exclusive originator and owner of

28  his Bratz ideas and drawing and that no third party had any interest or rights in the

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 21  PAGE 265

1  drawings or the ideas reflected in the drawings; (v) Bryant came recommended by

2  Veronica Marlow, a trusted freelancer who had worked for MGA in the past; (vi)

3  immediately upon entering into a written freelance agreement with Bryant, Isaac

4  Larian, the CEO of MGA, instructed Bryant to immediately resign from Mattel; (vii)

5  MGA employees and freelance artists had made substantial original and creative

6  contributions to the creation of what ultimately was marketed as Bratz dolls; and

7  (viii) assuming some part of the Bratz concept was a feature that could have been

8  protected by a design patent, any such invention was not "reduced to practice" prior

9  to October 20, 2000.

10      The following persons have knowledge of these facts:  Carter Bryant;

11  Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant; Jeanne Galvano;

12  Richard Irmen; Elise Cloonan; Ramona Prince; Margaret Leahy; Veronica Marlow;

13  Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia); Steve

14  Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Samuel

15  Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

16  Harris; Maggie Siu; Ben Ton; Sam Wong; Ray Wong.

17      The following documents may be relevant to these facts:  MGA's

18  agreement with Carter Bryant; and documents that refer to or evidence the work

19  performed by MGA employees and freelancers toward the reduction to practice of

20  the Bratz line of dolls.  Documents responsive to this interrogatory are protected by

21  the attorney-client privilege and work product doctrine.  MGA previously offered to

22  stipulate to a limited waiver of these privileges and protections to permit inspection

23  of such documents, but Mattel refused.

24  **INTERROGATORY NO. 37:**

25      State all facts that support YOUR contention, if YOU so contend, that

26  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

27  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

28  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

EXHIBIT  21  PAGE 266

1 | such facts.

2 | **RESPONSE TO INTERROGATORY NO. 37:**

3 |       MGA incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection No. 7 (regarding Definitions), including but not limited to its

6 | objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

7 | and REFER OR RELATE TO, and further objects on the ground that the

8 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

9 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

10 | TRANSFER. MGA also objects to this interrogatory to the extent it seeks

11 | information that is not subject to disclosure under any applicable privilege, doctrine

12 | or immunity, including without limitation the attorney-client privilege, the work

13 | product doctrine, the right of privacy, and all other privileges recognized under the

14 | constitutional, statutory or decisional law of the United States of America, the State

15 | of California or any other applicable jurisdiction. MGA further objects to the

16 | interrogatory to the extent it calls for a legal conclusion. MGA further objects to the

17 | interrogatory on the ground that Mattel – not MGA – bears the burden of proof to

18 | show that Bryant breached the INVENTIONS AGREEMENT.

19 |       MGA further objects on the ground that this interrogatory is an

20 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

21 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

22 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

23 | requests seeking "all facts, documents, and witnesses that support the denial of a

24 | statement or allegation of fact" because the "universe of potentially responsive

25 | information is almost endless"). MGA further objects on the ground that it is an

26 | abuse of the discovery process to effectively ask a Party to prove his, her or its entire

27 | case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*

28 | *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

EXHIBIT __21__ PAGE __267__

1  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

2  that interrogatory that asks defendant to "plead and prove its entire case, and to

3  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

4  an abuse of the discovery process").

5       MGA further objects to the extent that this interrogatory seeks

6  information that is outside MGA's knowledge and is not in MGA's possession,

7  custody, or control.  In particular, MGA objects to this interrogatory to the extent

8  that it requests that MGA "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

9  DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

10  undertakes only to make a good faith, reasonable effort to summarize facts currently

11  known to it, and reserves the right to supplement its response.

12       MGA further objects to this interrogatory because Mattel has

13  propounded more than 50 interrogatories.  Under Judge Larson's order of February

14  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

15  04049-SGL and CV 05-02727]."

16       Subject to and without waiving the foregoing objections, MGA

17  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

18  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

19  Set of Interrogatories.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**

21       MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 7 (regarding Definitions), including but not limited to its

24  objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

25  and REFER OR RELATE TO, and further objects on the ground that the

26  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

27  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

28  TRANSFER.  MGA also objects to this interrogatory to the extent it seeks

52

EXHIBIT 21  PAGE 268

1  information that is not subject to disclosure under any applicable privilege, doctrine

2  or immunity, including without limitation the attorney-client privilege, the work

3  product doctrine, the right of privacy, and all other privileges recognized under the

4  constitutional, statutory or decisional law of the United States of America, the State

5  of California or any other applicable jurisdiction.  MGA further objects to the

6  interrogatory to the extent it calls for a legal conclusion.  MGA further objects to the

7  interrogatory on the ground that Mattel – not MGA – bears the burden of proof to

8  show that Bryant breached the INVENTIONS AGREEMENT.

9          MGA further objects on the ground that this interrogatory is an

10  overbroad and unduly burdensome contention interrogatory to the extent it asks for

11  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

12  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13  requests seeking "all facts, documents, and witnesses that support the denial of a

14  statement or allegation of fact" because the "universe of potentially responsive

15  information is almost endless").  MGA further objects on the ground that it is an

16  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

17  case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

18  *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

19  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

20  that interrogatory that asks defendant to "plead and prove its entire case, and to

21  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

22  an abuse of the discovery process").

23          MGA further objects to the extent that this interrogatory seeks

24  information that is outside MGA's knowledge and is not in MGA's possession,

25  custody, or control.  In particular, MGA objects to this interrogatory to the extent

26  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

27  DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

28

EXHIBIT 21   PAGE 269

1  undertakes only to make a good faith, reasonable effort to summarize facts currently

2  known to it, and reserves the right to supplement its response.

3          Subject to and without waiving the foregoing objections, MGA

4  responds as follows:

5          In August or September of 1998, Carter Bryant, inspired by images he

6  was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the

7  appearance of teenagers as well as other images in the public domain, had an idea for

8  a line of fashion dolls that he named Bratz.  At the same time, Bryant sketched a

9  series of drawings to illustrate his conception.  To the extent that some aspect of

10  Bryant's idea would have been protectible under patent law, there was neither a

11  conception nor reduction to practice during the period of Bryant's unemployment

12  with Mattel.  In addition, Bryant's idea for a unique approach to fashion dolls was

13  not covered by the "INVENTIONS AGREEMENT."

14  **INTERROGATORY NO. 38:**

15          State all facts that support YOUR contention, if YOU so contend, that

16  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

17  when BRYANT performed work or services with or for MGA while BRYANT was

18  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

19  and all DOCUMENTS that REFER OR RELATE TO such facts.

20  **RESPONSE TO INTERROGATORY NO. 38:**

21          MGA incorporates by reference its General Response and General

22  Objections above, as though fully set forth herein and specifically incorporates

23  General Objection No. 7 (regarding Definitions), including but not limited to its

24  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

25  and further objects on the ground that the interrogatory is overbroad, unduly

26  burdensome, vague and ambiguous both generally and specifically with respect to

27  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA also

28  objects to this interrogatory to the extent it seeks information that is not subject to

EXHIBIT  21  PAGE

1  disclosure under any applicable privilege, doctrine or immunity, including without

2  limitation the attorney-client privilege, the work product doctrine, the right of

3  privacy, and all other privileges recognized under the constitutional, statutory or

4  decisional law of the United States of America, the State of California or any other

5  applicable jurisdiction.  MGA further objects to the interrogatory to the extent it calls

6  for a legal conclusion.  MGA further objects to the interrogatory on the ground that

7  Mattel – not MGA – bears the burden of proof to show that Bryant breached any

8  duties, fiduciary or otherwise, to Mattel.

9           MGA further objects on the ground that this interrogatory is an

10 overbroad and unduly burdensome contention interrogatory to the extent it asks for

11 "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

12 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13 requests seeking "all facts, documents, and witnesses that support the denial of a

14 statement or allegation of fact" because the "universe of potentially responsive

15 information is almost endless").  MGA further objects on the ground that it is an

16 abuse of the discovery process to effectively ask a Party to prove his, her or its entire

17 case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

18 *& Trust, Co.,* 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.,* No.

19 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

20 that interrogatory that asks defendant to "plead and prove its entire case, and to

21 marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

22 an abuse of the discovery process").

23          MGA further objects to the extent that this interrogatory seeks

24 information that is outside MGA's knowledge and is not in MGA's possession,

25 custody, or control.  In particular, MGA objects to this interrogatory to the extent

26 that it requests that MGA "state all facts … and IDENTIFY all PERSONS…and all

27 DOCUMENTS" (emphasis added).  In responding to this interrogatory, MGA

28 undertakes only to make a good faith, reasonable effort to summarize facts currently

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 21  PAGE 271

1  known to it, and reserves the right to supplement its response.

2        MGA further objects to this interrogatory because Mattel has

3  propounded more than 50 interrogatories. Under Judge Larson's order of February

4  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5  04049-SGL and CV 05-02727]."

6        Subject to and without waiving the foregoing objections, MGA

7  responds as follows: MGA is willing to meet and confer with Mattel regarding this

8  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

9  Set of Interrogatories.

10 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**

11       MGA incorporates by reference its General Response and General

12 Objections above, as though fully set forth herein and specifically incorporates

13 General Objection No. 7 (regarding Definitions), including but not limited to its

14 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

15 and further objects on the ground that the interrogatory is overbroad, unduly

16 burdensome, vague and ambiguous both generally and specifically with respect to

17 the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ. MGA also

18 objects to this interrogatory to the extent it seeks information that is not subject to

19 disclosure under any applicable privilege, doctrine or immunity, including without

20 limitation the attorney-client privilege, the work product doctrine, the right of

21 privacy, and all other privileges recognized under the constitutional, statutory or

22 decisional law of the United States of America, the State of California or any other

23 applicable jurisdiction. MGA further objects to the interrogatory to the extent it calls

24 for a legal conclusion. MGA further objects to the interrogatory on the ground that

25 Mattel – not MGA – bears the burden of proof to show that Bryant breached any

26 duties, fiduciary or otherwise, to Mattel.

27       MGA further objects on the ground that this interrogatory is an

28 overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT 21 PAGE 272

1  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

2  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3  requests seeking "all facts, documents, and witnesses that support the denial of a

4  statement or allegation of fact" because the "universe of potentially responsive

5  information is almost endless"). MGA further objects on the ground that it is an

6  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

7  case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*

8  *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

9  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

10 that interrogatory that asks defendant to "plead and prove its entire case, and to

11 marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

12 an abuse of the discovery process").

13        MGA further objects to the extent that this interrogatory seeks

14 information that is outside MGA's knowledge and is not in MGA's possession,

15 custody, or control. In particular, MGA objects to this interrogatory to the extent

16 that it requests that MGA "state all facts … and IDENTIFY all PERSONS…and all

17 DOCUMENTS" (emphasis added). In responding to this interrogatory, MGA

18 undertakes only to make a good faith, reasonable effort to summarize facts currently

19 known to it, and reserves the right to supplement its response.

20        Subject to and without waiving the foregoing objections, MGA

21 responds as follows:

22        Bryant was not a fiduciary of Mattel. Bryant was not an officer or

23 director of Mattel. Mattel has not proven any facts that would support its claim that

24 Bryant was a fiduciary of Mattel. MGA responds further that Bryant did not perform

25 any services for MGA prior to signing his agreement with MGA on October 4, 2000.

26 Bryant's activities with respect to the Bratz concept prior to October 4, 2000, were

27 directed to securing a commercially beneficial relationship with MGA, i.e., Bryant

28 "pitched" the concept of Bratz to MGA. In addition, Bryant's employment with

57

EXHIBIT 21 PAGE 273

1 Mattel was at will, and Bryant had the right to leave Mattel to join a competitor, or to
2 work for a competitor, at any time.  Any work that Bryant performed relating to his
3 Bratz ideas during the time period that he was still employed by Mattel constituted
4 lawful steps by Bryant to prepare to embark upon a new career.  Isaac Larian
5 instructed Bryant to leave Mattel immediately upon executing his contract with
6 MGA.  During the period from October 4, 2000, through October 20, 2000, Bryant
7 contributed very little to the development of what later became the first generation of
8 Bratz dolls.

9          The following persons have knowledge of the facts and circumstances
10 supporting this contention:  Isaac Larian, Carter Bryant, Victoria O'Connor, Margaret
11 Leahy, Aileen Storer, Veronica Marlow, Paula Garcia, and Anne Wang.

12 **INTERROGATORY NO. 39:**

13          IDENTIFY each and every bank or financial institution account that
14 REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR
15 benefit, since January 1, 1999.

16 **RESPONSE TO INTERROGATORY NO. 39:**

17          MGA incorporates by reference its General Response and General
18 Objections above, as though fully set forth herein and specifically incorporates
19 General Objection No. 7 (regarding Definitions), including but not limited to its
20 objections to the definitions of the terms IDENTIFY and REFERS OR RELATES
21 TO, and further objects on the ground that the interrogatory is overbroad, unduly
22 burdensome, vague and ambiguous both generally and specifically with respect to
23 the terms YOU and YOUR.  MGA also objects to this interrogatory to the extent it
24 seeks information that is not subject to disclosure under any applicable privilege,
25 doctrine or immunity, including without limitation the attorney-client privilege, the
26 work product doctrine, the right of privacy, and all other privileges recognized under
27 the constitutional, statutory or decisional law of the United States of America, the
28 State of California or any other applicable jurisdiction.  MGA further objects to this

EXHIBIT 21   PAGE 274

1 | interrogatory as premature asset discovery under Federal Rule of Civil Procedure
2 | 69(a), as there is presently no judgment for the payment of money pending against
3 | MGA. MGA further objects on the grounds that it is overbroad, not relevant to the
4 | claims or defenses of any party to the action and not reasonably calculated to lead to
5 | the discovery of admissible evidence.

6 | **INTERROGATORY NO. 40:**

7 | IDENTIFY each and every STORAGE DEVICE that YOU have used
8 | for any purpose which contains or contained DIGITAL INFORMATION that
9 | REFERS OR RELATES TO BRATZ prior to January 1, 2002.

10 | **RESPONSE TO INTERROGATORY NO. 40:**

11 | MGA incorporates by reference its General Response and General
12 | Objections above, as though fully set forth herein and specifically incorporates
13 | General Objection No. 7 (regarding Definitions), including but not limited to its
14 | objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO
15 | and BRATZ, and further objects to this interrogatory on the grounds that it is
16 | overbroad, unduly burdensome, vague and ambiguous both generally and
17 | specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL
18 | INFORMATION. MGA further objects to this interrogatory as compound because
19 | it contains discrete subparts that require separate, distinct and multiple responses.
20 | Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as
21 | overbroad and unduly burdensome, as Mattel's definition of this term calls for
22 | responses to multiple discrete subparts. For example, Mattel's definition of the term
23 | IDENTIFY in the context of this interrogatory would require MGA to provide
24 | numerous discrete facts for each STORAGE DEVICE, including:

25 | (a)   the individual(s) that use or have used the STORAGE DEVICE;
26 | (b)   the current location of the STORAGE DEVICE;
27 | (c)   the IDENTITY of the PERSON who possesses the STORAGE
28 | DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  21   PAGE 275

1      (d)    the type of STORAGE DEVICE;

2      (e)    whether the STORAGE DEVICE has ever been copied or imaged

3 (and if so, the current location of each copy or image and the IDENTITY of the

4 PERSONS who possess such copies or image);

5      (f)    the date(s) on which such copies or images were made;

6      (g)    the manufacturer name, brand, model name, model number, and

7 serial number of the STORAGE DEVICE;

8      (h)    the technical specifications and capacities of such STORAGE

9 DEVICE.

10      In addition, Mattel's definition of YOU could be read to require MGA to

11 provide the foregoing information about STORAGE DEVICES belonging to each of

12 the responding parties.

13      MGA also objects to this interrogatory to the extent it seeks information

14 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

15 including without limitation the attorney-client privilege, the work product doctrine,

16 the right of privacy, and all other privileges recognized under the constitutional,

17 statutory or decisional law of the United States of America, the State of California or

18 any other applicable jurisdiction. MGA further objects to the interrogatory on the

19 ground that it is premature because the invention, creation, conception, or reduction

20 to practice of Bratz (and related issues) will be the subject of expert testimony at

21 trial. MGA objects to this interrogatory to the extent it seeks to limit the expert

22 testimony that MGA may seek to introduce at trial. MGA will identify its experts

23 and make related disclosures in accordance with the Court's orders and applicable

24 rules. MGA further objects to the extent that this interrogatory seeks information

25 that is outside of MGA's knowledge and is not in MGA's possession, custody or

26 control.

27      MGA further objects to this interrogatory because Mattel has

28 propounded more than 50 interrogatories. Under Judge Larson's order of February

EXHIBIT 21    PAGE 276

22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

Subject to and without waiving the foregoing objections, MGA responds as follows:  MGA is willing to meet and confer with Mattel regarding this interrogatory and the obligation of Mattel to supplement its responses to MGA's First Set of Interrogatories.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 40:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO and BRATZ, and further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL INFORMATION.  MGA further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, MGA objects to the terms IDENTIFY and STORAGE DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA to provide numerous discrete facts for each STORAGE DEVICE, including:

(a)    the individual(s) that use or have used the STORAGE DEVICE;

(b)    the current location of the STORAGE DEVICE;

(c)    the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

(d)    the type of STORAGE DEVICE;

(e)    whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image and the IDENTITY of the

1  PERSONS who possess such copies or image);

2  (f)  the date(s) on which such copies or images were made;

3  (g)  the manufacturer name, brand, model name, model number, and
4  serial number of the STORAGE DEVICE;

5  (h)  the technical specifications and capacities of such STORAGE
6  DEVICE.

7  In addition, Mattel's definition of YOU could be read to require MGA to
8  provide the foregoing information about STORAGE DEVICES belonging to each of
9  the responding parties.

10  MGA also objects to this interrogatory to the extent it seeks information
11  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
12  including without limitation the attorney-client privilege, the work product doctrine,
13  the right of privacy, and all other privileges recognized under the constitutional,
14  statutory or decisional law of the United States of America, the State of California or
15  any other applicable jurisdiction.  MGA further objects to the interrogatory on the
16  ground that it is premature because the invention, creation, conception, or reduction
17  to practice of Bratz (and related issues) will be the subject of expert testimony at
18  trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert
19  testimony that MGA may seek to introduce at trial.  MGA will identify its experts
20  and make related disclosures in accordance with the Court's orders and applicable
21  rules.  MGA further objects to the extent that this interrogatory seeks information
22  that is outside of MGA's knowledge and is not in MGA's possession, custody or
23  control.

24  Subject to and without waiving the foregoing objections, MGA
25  responds as follows:

26  With respect to North America prior to January 1, 2002, MGA
27  maintained several Snap servers in Los Angeles containing mostly graphic art files.
28  The servers are no longer in service but are currently archived at MGA's Southern

62

EXHIBIT  21  PAGE  278

1  California facility.  MGA Art Department personnel also used Macintosh desktops
2  and laptops that linked to the snap servers which may have contained files referring
3  to Bratz.  Files created with accounting and other back office software applications
4  were saved on sequel servers located in Los Angeles via an application called "Great
5  Plains."  MGA personnel's emails were located on an exchange server, also housed
6  in Los Angeles.  MGA employees save all company related work files on a file
7  server called the "U Drive," which is also used by MGA Entertainment (HK) Ltd.
8  ("MGA Hong Kong") employees.  This Drive is still in production and has been
9  upgraded to a Netapp Storage System.
10          With respect to MGA's offices in Hong Kong prior to January 1, 2002,
11  MGA Hong Kong Art Department personnel utilized Macintosh desktops that linked
12  to a few file servers housed in Hong Kong to store graphic files.  MGA Hong Kong
13  personnel connected to the "Great Plains" sequel server located in Southern
14  California.  MGA Hong Kong maintained its own exchange server in Hong Kong for
15  emails to and from MGA Hong Kong employees.

16  **INTERROGATORY NO. 41:**

17          IDENTIFY all PERSONS who at any time have been employed by or
18  under contract with MATTEL who are now or have been employed by or under
19  contract with YOU since January 1, 1999, and, for each such PERSON, state his or
20  her name, date of hire or effective date of contract, the date on which YOU first had
21  contact with such PERSON regarding potential employment or contracting, the
22  date(s) on which such PERSON was interviewed for possible employment or
23  contracting, each title (if any) such PERSON has held while employed by or under
24  contract with YOU, and the date of termination (if applicable).

25  **RESPONSE TO INTERROGATORY NO. 41:**

26          MGA incorporates by reference its General Response and General
27  Objections above, as though fully set forth herein and specifically incorporates
28  General Objection No. 7 (regarding Definitions), including but not limited to its

EXHIBIT  21  PAGE  279

1  objections to the definitions of the term IDENTIFY and further objects to this
2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
3  ambiguous both generally and specifically with respect to the terms YOU.  MGA
4  also objects to this interrogatory to the extent it seeks information that is not subject
5  to disclosure under any applicable privilege, doctrine or immunity, including without
6  limitation the attorney-client privilege, the work product doctrine, the right of
7  privacy, and all other privileges recognized under the constitutional, statutory or
8  decisional law of the United States of America, the State of California or any other
9  applicable jurisdiction.

10  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

11          MGA incorporates by reference its General Response and General
12  Objections above, as though fully set forth herein and specifically incorporates
13  General Objection No. 7 (regarding Definitions), including but not limited to its
14  objections to the definitions of the term IDENTIFY and further objects to this
15  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
16  ambiguous both generally and specifically with respect to the terms YOU.  MGA
17  also objects to this interrogatory to the extent it seeks information that is not subject
18  to disclosure under any applicable privilege, doctrine or immunity, including without
19  limitation the attorney-client privilege, the work product doctrine, the right of
20  privacy, and all other privileges recognized under the constitutional, statutory or
21  decisional law of the United States of America, the State of California or any other
22  applicable jurisdiction.

23          Subject to and without waiving the foregoing objections, MGA
24  responds as follows:  the following is a list of all former Mattel employees who have
25  been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.
26  since January 1, 1999:

27

28

EXHIBIT 21  PAGE 280

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04- Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06- Present |
| Black, Nanette | SVP, HR | 2/12/07 - Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06- Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02- Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04- Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05- Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06- Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06- Present |
| Cheng, Steve | Sr. Designer | 04/08/02- Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06- Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04- Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06- Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03- Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02- Present |
| Feldman, Joe | Design Engineer | 12/08/04- Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06- Present |
| Garcia, Mia | Dev. Designer | 2/23/05- Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00- Present |

65

EXHIBIT 21 PAGE 281

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance;<br><br>Quality Assurance Mgr. | 10/16/06–Present;<br><br>1/3/05–8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 – Present |
| Hansen, Melody | Face Painter | 03/13/06–Present |
| Hansen, Todd | Packaging Engineer | 5/2/05–Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 – Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05–Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05–Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05–Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05–Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 – Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03–Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05–Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04–Present |
| Kirst, Kristen | Hair Designer | 03/31/03–Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03–Present |
| Larson, Jill | Sales Associate | 12/20/06–Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06–Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05–Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05–Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04–Present |
| Min, Aye Aye | Hair Designer | 04/17/06–Present |

66

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 21   PAGE 282

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT 21 PAGE 283

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  21   PAGE  284

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz;<br><br>VP Marketing | 08/17/06 – Unknown;<br><br>5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |

MGA'S SUPPL. RESPONSES TO MATTEL'S REVISED THIRD SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)

EXHIBIT  21  PAGE  285

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Thomas J. Nolan
Attorneys for Counter-Defendants, MGA
ENTERTAINMENT, INC., ISAAC LARIAN,
MGA ENTERTAINMENT (HK) LIMITED,
AND MGAE de MEXICO S.R.L. de C.V.

70

EXHIBIT  21   PAGE 286