**Exhibit 22**



1 │ THOMAS J. NOLAN (Bar No. 066992)
  │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 │ 300 South Grand Avenue
  │ Los Angeles, CA 90071-3144
3 │ Telephone: (213) 687-5000
  │ Facsimile: (213) 687-5600
4 │ E-mail: tnolan@skadden.com

5 │ RAOUL D. KENNEDY (Bar No. 40892)
  │ SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 │ Four Embarcadero Center, Suite 3800
  │ San Francisco, CA 94111
7 │ Telephone: (415) 984-6400
  │ Facsimile: (415) 984-2698
8 │ E-mail: rkennedy@skadden.com

9 │ Attorneys for Counter-Defendants,
  │ MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 │ (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 │

12 │ **UNITED STATES DISTRICT COURT**

13 │ **CENTRAL DISTRICT OF CALIFORNIA**

   │ **EASTERN DIVISION**

14 │ CARTER BRYANT, an individual          ) CASE NO. CV 04-9049 SGL (RNBx)

15 │                    Plaintiff,         ) Consolidated with Case No. 04-9059
                                          ) and Case No. 05-2727
16 │      v.                              )
                                          ) **MGA ENTERTAINMENT (HK)**
17 │ MATTEL, INC., a Delaware             ) **LTD.'S SUPPLEMENTAL**
   │ corporation                          ) **RESPONSES TO MATTEL,**
18 │                                      ) **INC.'S REVISED THIRD SET**
   │                    Defendant.         ) **OF INTERROGATORIES**
19 │                                      )
                                          ) Honorable Stephen G. Larson
20 │                                      ) Courtroom 1
                                          )
21 │ _____         )
   │ Consolidated with MATTEL, INC. v.    ) Discovery Cut-Off: March 3, 2008
22 │ BRYANT and MGA                       )
   │ ENTERTAINMENT, INC. v.               )
23 │ MATTEL, INC.                         )
                                          )
24 │

25 │ **PROPOUNDING PARTY:    MATTEL, INC. ("MATTEL")**

26 │ **RESPONDING PARTY:     MGA ENTERTAINMENT (HK) LTD.**

27 │ **SET NUMBER:           REVISED THIRD**

28 │

   │                              11-30
   │ ─────────────────────────────────────────────────────────────
   │ MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT 22 PAGE 287

# PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that MGA Entertainment (HK) Ltd. ("MGA (HK)") is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA (HK)'s discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  Mattel has produced almost no documents to date and has produced no documents from its Zeus computer system, and has not provided other discovery responses, including without limitation supplemental responses to its March 7, 2005, responses to MGA's First Set of Interrogatories (which responses were comprised almost entirely of objections).  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA (HK) to discover other information responsive to these Interrogatories.  MGA (HK) therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence.  MGA (HK) does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

1

EXHIBIT __22__ PAGE __288__

1 characterization contained in the Interrogatories or any particular request therein,

2 even where MGA (HK) has not otherwise objected to a particular interrogatory, or

3 has agreed to provide information responsive to a particular interrogatory.

4         No incidental or implied admissions are intended by this Response.

5 These responses should not be taken as an admission that MGA (HK) accepts or

6 admits the existence of any facts set forth or assumed by any instruction, definition

7 or interrogatory.

8 **GENERAL OBJECTIONS**

9         MGA (HK) responds to these Interrogatories subject to the following

10 general objections and limitations, each of which is incorporated into each and every

11 response as though fully set forth therein:

12         1.     MGA (HK) objects to these Interrogatories to the extent they

13 seek information that is not subject to disclosure under any applicable privilege,

14 doctrine or immunity, including without limitation the attorney-client privilege, the

15 work product doctrine, the right of privacy, and all other privileges recognized under

16 the constitutional, statutory or decisional law of the United States of America, the

17 State of California or any other applicable jurisdiction.

18         2.     MGA (HK) objects to these Interrogatories to the extent they

19 seek information not relevant to the claims or defenses of any party to this action and

20 not reasonably calculated to lead to the discovery of admissible evidence.

21         3.     MGA (HK) objects to these Interrogatories to the extent they

22 seek information which by reason of public filing or otherwise is already in Mattel's

23 possession or is readily accessible to Mattel.

24         4.     MGA (HK) objects to these Interrogatories to the extent they

25 seek the disclosure of information (1) not currently within its possession, custody or

26 control; (2) that MGA (HK) cannot locate after a reasonably diligent search; or (3)

27 that refer to persons, entities, or events not known to MGA (HK).

28         5.     MGA (HK) objects to these Interrogatories to the extent they are

2

EXHIBIT 22 PAGE 289

1  overbroad and unduly burdensome.

2        6.    MGA (HK) objects to the definitions and instructions to the

3  extent such definitions and instructions purport to enlarge, expand, or alter in any

4  way the plain meaning and scope of any specific term or specific interrogatories on

5  the ground that such enlargement, expansion, or alteration renders such a term or

6  request vague, ambiguous, unintelligible, overly broad, unduly burdensome or

7  uncertain.

8        7.    MGA (HK) objects to the following definitions in these

9  Interrogatories:

10        (a)    MGA (HK) objects to the definition of the term "BRATZ"

11  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

12  designed to mislead and confuse the trier of fact.  The definition includes "any

13  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

14  or in part and regardless of what such project, product or doll is or has been also,

15  previously or subsequently called) and any product, doll or DESIGN or any portion

16  thereof that is now or has ever been known as, or sold or marketed under, the name

17  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

18  or DESIGN or portion thereof is or has been also, previously or subsequently called)

19  or that is now or has ever been marketed as part of the 'Bratz' line, and each version

20  or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

21  By incorporating the definition of DESIGN, the overly broad definition of BRATZ

22  includes two-dimensional and three-dimensional representations, including "works,

23  designs, artwork, sketches, drawings, illustrations, representations, depictions,

24  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

25  rotocasts, reductions to practice, developments, inventions and/or improvements . . .

26  ." (Definitions ¶ 8.)  These convoluted and multi-part definitions combine to render

27  the interrogatories vague, ambiguous and overly broad, and to include within the

28  term BRATZ things that do not fairly represent the Bratz line of dolls, accessories

EXHIBIT 22 PAGE 290

1 and related products that are the subject of this case. In responding to these

2 interrogatories, MGA (HK) will interpret the term BRATZ to mean the line of dolls

3 introduced by MGA (HK) to the market for sale in May or June of 2001 and

4 subsequent dolls, accessories and other products known as Bratz or associated by

5 MGA (HK) with the Bratz line of dolls;

6                (b)    MGA (HK) objects to the definition of the term "BRATZ

7 DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

8 burdensome, and designed to mislead and confuse the trier of fact. The definition

9 includes any doll that "REFERS OR RELATES TO BRATZ." Mattel's definition of

10 the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

11 "BRATZ DOLL" unintelligible because MGA (HK) cannot know, by way of

12 example, what dolls may "deal with, comment on, respond to, . . . or in any way

13 pertain" (Definitions ¶ 20) to "BRATZ." In responding to these interrogatories,

14 MGA (HK) will interpret the term "BRATZ DOLL" to mean the line of dolls

15 introduced by MGA (HK) to the market for sale in May or June of 2001 and

16 subsequent dolls known as Bratz;

17                (c)    MGA (HK) objects to the definition of the term

18 "CREATED" (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly

19 burdensome, and designed to mislead and confuse the trier of fact. The definition

20 strays far from the English meaning of the term "created" by including concepts such

21 as "improved," "altered," "conceived of" and "reduced to practice." Thus, by way of

22 example, under Mattel's definition of "CREATED," the jury could be misled into

23 believing that a person "CREATED" a particular thing when that person did not, but

24 only slightly altered or improved the thing. In responding to these interrogatories,

25 MGA (HK) will not interpret the term "CREATED," but rather will respond using

26 words contained within the Mattel definition in their normal, accepted meaning;

27                (d)    MGA (HK) objects to the definition of the term

28 "INVENTIONS AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly

4

EXHIBIT 22 PAGE 291

1  broad and unduly burdensome, and designed to mislead and confuse the trier of fact.

2  The definition includes "any other version of such January 4, 1999 agreement."  In

3  responding to these interrogatories, MGA (HK) will interpret the term

4  "INVENTIONS AGREEMENT" to refer to the document Bates numbered

5  M0001596;

6            (e)    MGA (HK) objects to the definition of the term "BRATZ

7  INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly

8  burdensome, and designed to mislead and confuse the trier of fact.  The definition

9  strays far from the English meaning of the term "invention" by including concepts

10 such as representation, idea, concept, work, process, procedure, plan, improvement,

11 design and development, none of which necessarily equate to an invention.  In

12 responding to these interrogatories, MGA (HK) will not interpret the term "BRATZ

13 INVENTION," but rather will respond using words contained within the Mattel

14 definition in their normal, accepted meaning.

15            (f)    MGA (HK) objects to the terms "IDENTIFY" or

16 "IDENTITY" (Definitions ¶ 28) as overbroad, unduly burdensome, vague,

17 ambiguous, and oppressive.  Mattel's definition of these terms inherently call for

18 answers to multiple discrete questions or subparts to questions.  For example, when

19 those terms are used to reference any BRATZ INVENTION, the use of those terms

20 requests at least 10 different and distinct facts: (a) the Bates number of any document

21 that "REFERS OR RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of

22 the individual author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of

23 each other individual who contributed in any manner to the BRATZ INVENTION;

24 (d) the form, material and medium of the BRATZ INVENTION; (e) the title or name

25 of the BRATZ INVENTION; (f) the version, modification, revision or iteration

26 number of the BRATZ INVENTION; (g) the current location of the original of the

27 BRATZ INVENTION; (h) the first day on which the BRATZ INVENTION was

28 created; (i) the last day on which the BRATZ INVENTION was CREATED; (j)

EXHIBIT 22   PAGE 292

1 whether the entire invention was CREATED during the period of time listed in the

2 Interrogatory (and if not, which portions were created during, earlier, or later than

3 the period of time listed in the Interrogatory.)  Therefore, any interrogatory that

4 includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

5 compound and should be posed as separate interrogatories.

6         (g)    MGA (HK) objects to the terms "any" and "REFER OR

7 RELATE TO" on the grounds and to the extent that they are overbroad, unduly

8 burdensome or are vague and ambiguous in the context of the interrogatories as

9 written and as those interrogatories would be plainly understood absent Mattel's

10 definitions.

11         8.    MGA (HK) objects to these interrogatories to the extent that they

12 may unfairly seek to restrict the facts on which MGA (HK) may rely at trial.

13 Discovery has not been completed and MGA (HK) is not yet necessarily in

14 possession of all the facts and documents upon which MGA (HK) intends to rely.

15 All of the responses submitted herewith are tendered to Mattel with the reservation

16 that the responses are submitted without limiting the evidence on which MGA (HK)

17 may rely to support the contentions and defenses that MGA (HK) may assert at the

18 trial of this action and to rebut or impeach the contentions, assertions and evidence

19 that Mattel may present.  MGA (HK) reserves the right to supplement or amend

20 these responses at a future date.

21         9.    MGA (HK) objects to each interrogatory to the extent that it

22 seeks information that will be the subject of expert witness testimony and that is

23 therefore premature.

24        10.    MGA (HK) objects to each interrogatory to the extent that it

25 seeks the disclosure of confidential, proprietary, or trade-secret information.

26        11.    MGA (HK) objects to each interrogatory to the extent that it

27 calls for a legal conclusion.

28        12.    MGA (HK) reserves the right to object on any ground at any

EXHIBIT 22   PAGE 293

1 time to such other and supplemental discovery requests as Mattel may propound

2 involving or relating to the same subject matter of these interrogatories.

3         13.     The responses below shall not be construed as an admission as to

4 the relevance or admissibility of any statement or characterization contained in any

5 interrogatory. MGA (HK) reserves all objections, including without limitation

6 objections as to competency, relevance, materiality, privilege, authenticity, or

7 admissibility.

8         14.     Consistent with Rule 33(d) of the Federal Rules of Civil

9 Procedure, MGA (HK) objects to providing responses to interrogatories that can be

10 derived from documents that have or will be produced (when requested in

11 compliance with Rule 26) and where the burden to derive such information is

12 substantially the same for Mattel as it is for MGA (HK).

13         15.     In responding to these Interrogatories, MGA (HK) has not and

14 will not comply with any instructions or definitions that seek to impose requirements

15 in addition to those imposed by the Federal Rules of Civil Procedure and any

16 applicable local rule.

17         16.     To the extent MGA (HK) responds to an interrogatory, it does so

18 without waiving or intending to waive but rather, on the contrary, preserving and

19 intending to preserve, its contention that anything Mr. Bryant did on weekends,

20 evenings, vacation and any other time outside ordinary business hours was not done

21 while he was working for Mattel. MGA (HK)'s response may not be taken as an

22 admission that the information it provides in its response in any way reflects or

23 evidences work performed by Mr. Bryant while he was working for Mattel or that

24 MGA (HK) adopts or agrees with any fact or legal conclusion assumed, presumed or

25 contained in Mattel's interrogatory.

26         17.     MGA (HK) objects to each of Mattel's interrogatories because

27 Mattel has propounded more than 50 interrogatories, including discrete subparts.

28 Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50

EXHIBIT 22 PAGE 294

1  for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

2  <u>**SPECIFIC OBJECTIONS AND RESPONSES**</u>

3      Without waiving or departing from its General Response and General

4  Objections, and specifically incorporating them in its response to each Interrogatory

5  below, MGA (HK) makes the following additional objections and responses to

6  specific Interrogatories:

7  <u>**INTERROGATORY NO. 27:**</u>

8      IDENTIFY each and every BRATZ INVENTION YOU contend was

9  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

10  INVENTION so identified state all facts that support YOUR contention that such

11  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

12  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

13  DOCUMENTS which REFER OR RELATE TO such facts.

14  <u>**RESPONSE TO INTERROGATORY NO. 27:**</u>

15      MGA (HK) incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding the Definitions), including but not limited to its

18  objections to the definitions of the terms BRATZ INVENTION, CREATED,

19  IDENTIFY and REFER OR RELATES TO.  MGA (HK) further objects to this

20  interrogatory as compound because it contains discrete subparts that require separate,

21  distinct and multiple responses.  Specifically, MGA (HK) objects to the term

22  IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term

23  calls for responses to multiple discrete subparts.  For example, Mattel's definition of

24  the term IDENTIFY in the context of this interrogatory would require MGA (HK) to

25  provide a multitude of discrete responses for each BRATZ INVENTION, including:

26      (a)    the Bates number of any document that "REFERS OR RELATES

27  TO the BRATZ INVENTION;"

28      (b)    the IDENTITY of the individual author or creator of the BRATZ

8

EXHIBIT __22__ PAGE295

1  INVENTION;

2       (c)   the IDENTITY of each other individual who contributed in any

3  manner to the BRATZ INVENTION;

4       (d)   the form, material and medium of the BRATZ INVENTION;

5       (e)   the title or name of the BRATZ INVENTION;

6       (f)   the version, modification, revision or iteration number of the

7  BRATZ INVENTION;

8       (g)   the current location of the original of the BRATZ INVENTION;

9       (h)   the first day on which the BRATZ INVENTION was CREATED;

10      (i)   the last day on which the BRATZ INVENTION was CREATED;

11      (j)   whether the entire invention was CREATED during the period of

12  time listed in the Interrogatory (and if not, which portions were created during,

13  earlier, or later than the period of time listed in the Interrogatory).

14       This interrogatory is further compounded by Mattel's definition of

15  IDENTITY, which purports to require MGA (HK) to provide the following

16  information for each of the individuals Mattel is requesting that MGA (HK) identify

17  with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

18  known business title; (c) the current or last known business affiliation; (d) current or

19  last known residential address; (e) current or last known business address; (f) current

20  or last known relationship to MGA (HK); and (g) current or last known telephone

21  number.

22       MGA (HK) further objects to this interrogatory on the grounds that it is

23  overbroad, unduly burdensome, vague and ambiguous both generally and

24  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

25  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

26  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

27  RELATES TO, is so broad and over-inclusive that it could be read to include each

28  and every thought, idea and conversation that anyone may have had about BRATZ

9

EXHIBIT __22 PAGE 296

1    during the time period at issue.

2            MGA (HK) further objects to the extent that this interrogatory seeks

3    information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

4    possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

5    to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

6    PERSONS ... and *all* DOCUMENTS" (emphasis added).

7            MGA (HK) also objects to this interrogatory to the extent it seeks

8    information that is not subject to disclosure under any applicable privilege, doctrine

9    or immunity, including without limitation the attorney-client privilege, the work

10   product doctrine, the right of privacy, and all other privileges recognized under the

11   constitutional, statutory or decisional law of the United States of America, the State

12   of California or any other applicable jurisdiction.  MGA (HK) further objects to the

13   interrogatory on the ground that it is premature because the invention, creation,

14   conception, or reduction to practice of Bratz (and related issues) will be the subject

15   of expert testimony at trial.  MGA (HK) objects to this interrogatory to the extent it

16   seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.

17   MGA (HK) will identify its experts and make related disclosures in accordance with

18   the Court's orders and applicable rules.

19           MGA (HK) further objects to this interrogatory because Mattel has

20   propounded more than 50 interrogatories.  Under Judge Larson's order of February

21   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

22   04049-SGL and CV 05-02727]."

23           Subject to and without waiving the foregoing objections, MGA (HK)

24   responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

25   this interrogatory and the obligation of Mattel to supplement its responses to MGA's

26   First Set of Interrogatories.

27   <u>**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**</u>

28           MGA (HK) incorporates by reference its General Response and General

EXHIBIT 22    PAGE 297

1  Objections above, as though fully set forth herein and specifically incorporates

2  General Objection No. 7 (regarding the Definitions), including but not limited to its

3  objections to the definitions of the terms BRATZ INVENTION, CREATED,

4  IDENTIFY and REFER OR RELATES TO. MGA (HK) further objects to this

5  interrogatory as compound because it contains discrete subparts that require separate,

6  distinct and multiple responses. Specifically, MGA (HK) objects to the term

7  IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term

8  calls for responses to multiple discrete subparts. For example, Mattel's definition of

9  the term IDENTIFY in the context of this interrogatory would require MGA (HK) to

10 provide a multitude of discrete responses for each BRATZ INVENTION, including:

11         (a)    the Bates number of any document that "REFERS OR RELATES

12 TO the BRATZ INVENTION;"

13         (b)    the IDENTITY of the individual author or creator of the BRATZ

14 INVENTION;

15         (c)    the IDENTITY of each other individual who contributed in any

16 manner to the BRATZ INVENTION;

17         (d)    the form, material and medium of the BRATZ INVENTION;

18         (e)    the title or name of the BRATZ INVENTION;

19         (f)    the version, modification, revision or iteration number of the

20 BRATZ INVENTION;

21         (g)    the current location of the original of the BRATZ INVENTION;

22         (h)    the first day on which the BRATZ INVENTION was CREATED;

23         (i)    the last day on which the BRATZ INVENTION was CREATED;

24         (j)    whether the entire invention was CREATED during the period of

25 time listed in the Interrogatory (and if not, which portions were created during,

26 earlier, or later than the period of time listed in the Interrogatory).

27         This interrogatory is further compounded by Mattel's definition of

28 IDENTITY, which purports to require MGA (HK) to provide the following

EXHIBIT 22 PAGE 298

1  information for each of the individuals Mattel is requesting that MGA (HK) identify
2  with respect to each BRATZ INVENTION: (a) the individual's name; (b) any
3  known business title; (c) the current or last known business affiliation; (d) current or
4  last known residential address; (e) current or last known business address; (f) current
5  or last known relationship to MGA (HK); and (g) current or last known telephone
6  number.

7          MGA (HK) further objects to this interrogatory on the grounds that it is
8  overbroad, unduly burdensome, vague and ambiguous both generally and
9  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,
10 DESIGN and REFER OR RELATES TO. In particular, the term BRATZ
11 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
12 RELATES TO, is so broad and over-inclusive that it could be read to include each
13 and every thought, idea and conversation that anyone may have had about BRATZ
14 during the time period at issue.

15         MGA (HK) further objects to the extent that this interrogatory seeks
16 information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s
17 possession, custody or control. In particular, MGA (HK) objects to this interrogatory
18 to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*
19 PERSONS ... and *all* DOCUMENTS" (emphasis added).

20         MGA (HK) also objects to this interrogatory to the extent it seeks
21 information that is not subject to disclosure under any applicable privilege, doctrine
22 or immunity, including without limitation the attorney-client privilege, the work
23 product doctrine, the right of privacy, and all other privileges recognized under the
24 constitutional, statutory or decisional law of the United States of America, the State
25 of California or any other applicable jurisdiction. MGA (HK) further objects to the
26 interrogatory on the ground that it is premature because the invention, creation,
27 conception, or reduction to practice of Bratz (and related issues) will be the subject
28 of expert testimony at trial. MGA (HK) objects to this interrogatory to the extent it

12

EXHIBIT __22__ PAGE __299__

1  seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.
2  MGA (HK) will identify its experts and make related disclosures in accordance with
3  the Court's orders and applicable rules.

4          Subject to and without waiving the foregoing objections, MGA (HK)
5  responds as follows:

6          With respect to "inventions" as that term is used in utility patent law,
7  MGA (HK) does not make any affirmative contentions as to whether there were any
8  such inventions, except that MGA (HK) contends that the conception and/or
9  reduction to practice of any such invention occurred before January 1999 and/or after
10 October 20, 2000.  With respect to design patents, in August or September of 1998,
11 Carter Bryant, inspired by images he was exposed to, including in the August 1998
12 issue of *Seventeen Magazine*, the appearance of teenagers, as well as other images in
13 the public domain, conceived of an idea for a line of dolls he named Bratz.  At the
14 same time, Bryant sketched a series of drawings to illustrate his idea.  To the extent
15 said idea contained elements covered by design patent law, no such invention was
16 "reduced to practice" until after October 20, 2000.  Nor did it fall within the scope of
17 the term "inventions" as used in the "INVENTIONS AGREEMENT."

18          The following persons have knowledge of the facts and circumstances
19 surrounding Bryant's conception and his illustrative drawings that he named Bratz:
20 Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;
21 Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

22          The following documents may be relevant to these facts:  the sketches
23 drawn by Bryant in August or September of 1998; publicly available materials that
24 Bryant identified in his deposition testimony as inspiring his conception of a line of
25 dolls in August or September of 1998, including but not limited to the August 1998
26 issue of *Seventeen Magazine*; and other documents shown to Bryant at his November
27 2004 deposition.

28

EXHIBIT __22__ PAGE __300__

**INTERROGATORY NO. 28:**

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 28:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding the Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, CREATED, IDENTIFY, and REFER OR RELATED TO. MGA (HK) further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the term BRATZ INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so broad and over-inclusive that it could be read to include each and every thought, idea and conversation that anyone may have had about BRATZ during the time period at issue.

MGA (HK) further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, MGA (HK) objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA (HK) to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a)     the Bates number of any document that "REFERS OR RELATES

14

EXHIBIT _22_   PAGE _301_

1  TO the BRATZ INVENTION;"

2          (b)    the IDENTITY of the individual author or creator of the BRATZ

3  INVENTION;

4          (c)    the IDENTITY of each other individual who contributed in any

5  manner to the BRATZ INVENTION;

6          (d)    the form, material and medium of the BRATZ INVENTION;

7          (e)    the title or name of the BRATZ INVENTION;

8          (f)    the version, modification, revision or iteration number of the

9  BRATZ INVENTION;

10          (g)    the current location of the original of the BRATZ INVENTION;

11          (h)    the first day on which the BRATZ INVENTION was CREATED;

12          (i)    the last day on which the BRATZ INVENTION was CREATED;

13          (j)    whether the entire invention was CREATED during the period of

14  time listed in the Interrogatory (and if not, which portions were created during,

15  earlier, or later than the period of time listed in the Interrogatory).

16          This interrogatory is further compounded by Mattel's definition of

17  IDENTITY, which purports to require MGA (HK) to provide the following

18  information for each of the individuals Mattel is requesting that MGA (HK) identify

19  with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

20  known business title; (c) the current or last known business affiliation; (d) current or

21  last known residential address; (e) current or last known business address; (f) current

22  or last known relationship to MGA (HK); and (g) current or last known telephone

23  number.

24          MGA (HK) further objects to the extent that this interrogatory seeks

25  information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

26  possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

27  to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

28  PERSONS ... and *all* DOCUMENTS" (emphasis added).

EXHIBIT 22    PAGE 302

1    MGA (HK) also objects to this interrogatory to the extent it seeks

2  information that is not subject to disclosure under any applicable privilege, doctrine

3  or immunity, including without limitation the attorney-client privilege, the work

4  product doctrine, the right of privacy, and all other privileges recognized under the

5  constitutional, statutory or decisional law of the United States of America, the State

6  of California or any other applicable jurisdiction.

7    MGA (HK) further objects to the interrogatory on the ground that it is

8  premature because the invention, creation, conception, or reduction to practice of

9  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

10  objects to this interrogatory to the extent it seeks to limit the expert testimony that

11  MGA (HK) may seek to introduce at trial.  MGA (HK) will identify its experts and

12  make related disclosures in accordance with the Court's orders and applicable rules.

13  MGA (HK) further objects to the interrogatory as unduly burdensome, on the

14  grounds that it would require MGA (HK) to identify numerous documents that have

15  already been produced and are readily available to Mattel.

16    MGA (HK) further objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories.  Under Judge Larson's order of February

18  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19  04049-SGL and CV 05-02727]."

20    Subject to and without waiving the foregoing objections, MGA (HK)

21  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

22  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

23  First Set of Interrogatories.

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

25    MGA (HK) incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 7 (regarding the Definitions), including but not limited to its

28  objections to the definitions of the terms BRATZ INVENTION, CREATED,

EXHIBIT 22  PAGE 303

1  IDENTIFY, and REFER OR RELATED TO.  MGA (HK) further objects to this

2  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3  ambiguous both generally and specifically with respect to the term BRATZ

4  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

5  RELATES TO, is so broad and over-inclusive that it could be read to include each

6  and every thought, idea and conversation that anyone may have had about BRATZ

7  during the time period at issue.

8         MGA (HK) further objects to this interrogatory as compound because it

9  contains discrete subparts that require separate, distinct and multiple responses.

10  Specifically, MGA (HK) objects to the term IDENTIFY as overbroad and unduly

11  burdensome, as Mattel's definition of this term calls for responses to multiple

12  discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

13  context of this interrogatory would require MGA (HK) to provide a multitude of

14  discrete responses for each BRATZ INVENTION, including:

15         (a)     the Bates number of any document that "REFERS OR RELATES

16  TO the BRATZ INVENTION;"

17         (b)     the IDENTITY of the individual author or creator of the BRATZ

18  INVENTION;

19         (c)     the IDENTITY of each other individual who contributed in any

20  manner to the BRATZ INVENTION;

21         (d)     the form, material and medium of the BRATZ INVENTION;

22         (e)     the title or name of the BRATZ INVENTION;

23         (f)     the version, modification, revision or iteration number of the

24  BRATZ INVENTION;

25         (g)     the current location of the original of the BRATZ INVENTION;

26         (h)     the first day on which the BRATZ INVENTION was CREATED;

27         (i)     the last day on which the BRATZ INVENTION was CREATED;

28         (j)     whether the entire invention was CREATED during the period of

EXHIBIT 22 PAGE 304

1  time listed in the Interrogatory (and if not, which portions were created during,

2  earlier, or later than the period of time listed in the Interrogatory).

3          This interrogatory is further compounded by Mattel's definition of

4  IDENTITY, which purports to require MGA (HK) to provide the following

5  information for each of the individuals Mattel is requesting that MGA (HK) identify

6  with respect to each BRATZ INVENTION: (a) the individual's name; (b) any

7  known business title; (c) the current or last known business affiliation; (d) current or

8  last known residential address; (e) current or last known business address; (f) current

9  or last known relationship to MGA (HK); and (g) current or last known telephone

10  number.

11          MGA (HK) further objects to the extent that this interrogatory seeks

12  information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

13  possession, custody or control. In particular, MGA (HK) objects to this interrogatory

14  to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

15  PERSONS ... and *all* DOCUMENTS" (emphasis added).

16          MGA (HK) also objects to this interrogatory to the extent it seeks

17  information that is not subject to disclosure under any applicable privilege, doctrine

18  or immunity, including without limitation the attorney-client privilege, the work

19  product doctrine, the right of privacy, and all other privileges recognized under the

20  constitutional, statutory or decisional law of the United States of America, the State

21  of California or any other applicable jurisdiction.

22          MGA (HK) further objects to the interrogatory on the ground that it is

23  premature because the invention, creation, conception, or reduction to practice of

24  Bratz (and related issues) will be the subject of expert testimony at trial. MGA (HK)

25  objects to this interrogatory to the extent it seeks to limit the expert testimony that

26  MGA (HK) may seek to introduce at trial. MGA (HK) will identify its experts and

27  make related disclosures in accordance with the Court's orders and applicable rules.

28  MGA (HK) further objects to the interrogatory as unduly burdensome, on the

EXHIBIT __22__ PAGE __305__

1  grounds that it would require MGA (HK) to identify numerous documents that have

2  already been produced and are readily available to Mattel.

3          Subject to and without waiving the foregoing objections, MGA (HK)

4  responds as follows:

5          With respect to Bratz dolls and accessories, as concerns the term

6  "inventions" as that is used in utility patent law, and/or in the "INVENTIONS

7  AGREEMENT," MGA (HK) does not make any affirmative contentions as to

8  whether there were any such inventions, except that MGA (HK) contends the

9  conception and/or reduction to practice of any such invention occurred before

10 January 1999 and/or after October 20, 2000. With respect to package design for

11 Bratz products, MGA (HK) contends that certain aspects of said designs qualified as

12 design patents. With respect to design patents, to the extent that the Bratz line of

13 dolls, first marketed by MGA in 2001, contained features covered by design patent

14 law, said inventions were "reduced to practice" by MGA after October 20, 2000 and

15 before June 1, 2001.

16         The following persons have knowledge of the facts and circumstances

17 regarding the foregoing: Isaac Larian; Carter Bryant; Margaret Leahy; Veronica

18 Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);

19 Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam

20 Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

21 Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir

22 Khare.

23         The following documents may be relevant to these facts: all

24 "DOCUMENTS" that refer to or evidence the work performed by MGA employees

25 and freelancers toward the reduction to practice of the first generation of Bratz dolls

26 during the period after October 19, 2000 through June 1, 2001, including but not

27 limited to: (i) documents showing the development of the first generation of Bratz

28 dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the

19

EXHIBIT __22__ PAGE __306__

1  development of the first generation of Bratz dolls; (iii) documents showing the

2  timing of the development of packaging, fashion, and accessories for the first

3  generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy

4  fair; (v) documents related to the February 2001 New York toy fair; (vi)

5  polyurethane samples of prototypes; (vii) rotocasts and sculpts in Hong Kong; and

6  (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria

7  O'Connor, and other invoices submitted by freelancers for work performed on the

8  Bratz project. The documents evidencing this work are too numerous to identify

9  individually.

10 **INTERROGATORY NO. 29:**

11      IDENTIFY each and every BRATZ INVENTION that was CREATED,

12 in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

13 BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

14 the timing of the creation of such BRATZ INVENTION and IDENTIFY all

15 PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

16 RELATE TO such facts.

17 **RESPONSE TO INTERROGATORY NO. 29:**

18      MGA (HK) incorporates by reference its General Response and General

19 Objections above, as though fully set forth herein and specifically incorporates

20 General Objection No. 7 (regarding Definitions), including but not limited to its

21 objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

22 OR RELATE TO, and IDENTIFY. MGA (HK) further objects to this interrogatory

23 as compound because it contains discrete subparts that require separate, distinct and

24 multiple responses. Specifically, MGA (HK) objects to the term IDENTIFY as

25 overbroad and unduly burdensome, as Mattel's definition of this term calls for

26 responses to multiple discrete subparts. For example, Mattel's definition of the term

27 IDENTIFY in the context of this interrogatory would require MGA (HK) to provide

28 a multitude of discrete responses for each BRATZ INVENTION, including:

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT _22_ PAGE _307_

1       (a)    the Bates number of any document that "REFERS OR RELATES

2  TO the BRATZ INVENTION;"

3       (b)    the IDENTITY of the individual author or creator of the BRATZ

4  INVENTION;

5       (c)    the IDENTITY of each other individual who contributed in any

6  manner to the BRATZ INVENTION;

7       (d)    the form, material and medium of the BRATZ INVENTION;

8       (e)    the title or name of the BRATZ INVENTION;

9       (f)    the version, modification, revision or iteration number of the

10  BRATZ INVENTION;

11       (g)    the current location of the original of the BRATZ INVENTION;

12       (h)    the first day on which the BRATZ INVENTION was CREATED;

13       (i)    the last day on which the BRATZ INVENTION was CREATED;

14       (j)    whether the entire invention was CREATED during the period of

15  time listed in the Interrogatory (and if not, which portions were created during,

16  earlier, or later than the period of time listed in the Interrogatory).

17       This interrogatory is further compounded by Mattel's definition of

18  IDENTITY, which purports to require MGA (HK) to provide the following

19  information for each of the individuals Mattel is requesting that MGA (HK) identify

20  with respect to each BRATZ INVENTION: (a) the individual's name; (b) any

21  known business title; (c) the current or last known business affiliation; (d) current or

22  last known residential address; (e) current or last known business address; (f) current

23  or last known relationship to MGA (HK); and (g) current or last known telephone

24  number.

25       MGA (HK) further objects to this interrogatory on the grounds that it is

26  overbroad, unduly burdensome, vague and ambiguous both generally and

27  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

28  DESIGN and REFER OR RELATES TO. In particular, the term BRATZ

EXHIBIT _22_ PAGE _308_

1 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
2 RELATES TO, is so broad and over-inclusive that it could be read to include each
3 and every thought, idea and conversation that anyone may have had about BRATZ
4 during the time period at issue.

5      MGA (HK) further objects to the extent that this interrogatory seeks
6 information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s
7 possession, custody or control.  In particular, MGA (HK) objects to this interrogatory
8 to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*
9 PERSONS ... and *all* DOCUMENTS" (emphasis added).

10      MGA (HK) also objects to this interrogatory to the extent it seeks
11 information that is not subject to disclosure under any applicable privilege, doctrine
12 or immunity, including without limitation the attorney-client privilege, the work
13 product doctrine, the right of privacy, and all other privileges recognized under the
14 constitutional, statutory or decisional law of the United States of America, the State
15 of California or any other applicable jurisdiction.

16      MGA (HK) further objects to the interrogatory on the ground that it is
17 premature because the invention, creation, conception, or reduction to practice of
18 Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)
19 objects to this interrogatory to the extent it seeks to limit the expert testimony that
20 MGA (HK) may seek to introduce at trial.  MGA (HK) will identify its experts and
21 make related disclosures in accordance with the Court's orders and applicable rules.
22 MGA (HK) further objects to the interrogatory as unduly burdensome, on the
23 grounds that it would require MGA (HK) to identify numerous documents that have
24 already been produced and are readily available to Mattel.

25      MGA (HK) further objects to this interrogatory because Mattel has
26 propounded more than 50 interrogatories.  Under Judge Larson's order of February
27 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
28 04049-SGL and CV 05-02727]."

EXHIBIT 22 PAGE 309

1    Subject to and without waiving the foregoing objections, MGA (HK)

2 responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

3 this interrogatory and the obligation of Mattel to supplement its responses to MGA's

4 First Set of Interrogatories.

5 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

6    MGA (HK) incorporates by reference its General Response and General

7 Objections above, as though fully set forth herein and specifically incorporates

8 General Objection No. 7 (regarding Definitions), including but not limited to its

9 objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

10 OR RELATE TO, and IDENTIFY.  MGA (HK) further objects to this interrogatory

11 as compound because it contains discrete subparts that require separate, distinct and

12 multiple responses.  Specifically, MGA (HK) objects to the term IDENTIFY as

13 overbroad and unduly burdensome, as Mattel's definition of this term calls for

14 responses to multiple discrete subparts.  For example, Mattel's definition of the term

15 IDENTIFY in the context of this interrogatory would require MGA (HK) to provide

16 a multitude of discrete responses for each BRATZ INVENTION, including:

17    (a)    the Bates number of any document that "REFERS OR RELATES

18 TO the BRATZ INVENTION;"

19    (b)    the IDENTITY of the individual author or creator of the BRATZ

20 INVENTION;

21    (c)    the IDENTITY of each other individual who contributed in any

22 manner to the BRATZ INVENTION;

23    (d)    the form, material and medium of the BRATZ INVENTION;

24    (e)    the title or name of the BRATZ INVENTION;

25    (f)    the version, modification, revision or iteration number of the

26 BRATZ INVENTION;

27    (g)    the current location of the original of the BRATZ INVENTION;

28    (h)    the first day on which the BRATZ INVENTION was CREATED;

23

EXHIBIT 22 PAGE 310

1      (i)      the last day on which the BRATZ INVENTION was CREATED;

2      (j)      whether the entire invention was CREATED during the period of

3  time listed in the Interrogatory (and if not, which portions were created during,

4  earlier, or later than the period of time listed in the Interrogatory).

5          This interrogatory is further compounded by Mattel's definition of

6  IDENTITY, which purports to require MGA (HK) to provide the following

7  information for each of the individuals Mattel is requesting that MGA (HK) identify

8  with respect to each BRATZ INVENTION:  (a) the individual's name; (b) any

9  known business title; (c) the current or last known business affiliation; (d) current or

10  last known residential address; (e) current or last known business address; (f) current

11  or last known relationship to MGA (HK); and (g) current or last known telephone

12  number.

13          MGA (HK) further objects to this interrogatory on the grounds that it is

14  overbroad, unduly burdensome, vague and ambiguous both generally and

15  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

16  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

17  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

18  RELATES TO, is so broad and over-inclusive that it could be read to include each

19  and every thought, idea and conversation that anyone may have had about BRATZ

20  during the time period at issue.

21          MGA (HK) further objects to the extent that this interrogatory seeks

22  information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s

23  possession, custody or control.  In particular, MGA (HK) objects to this interrogatory

24  to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

25  PERSONS … and *all* DOCUMENTS" (emphasis added).

26          MGA (HK) also objects to this interrogatory to the extent it seeks

27  information that is not subject to disclosure under any applicable privilege, doctrine

28  or immunity, including without limitation the attorney-client privilege, the work

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT __22__ PAGE __311__

1  product doctrine, the right of privacy, and all other privileges recognized under the

2  constitutional, statutory or decisional law of the United States of America, the State

3  of California or any other applicable jurisdiction.

4          MGA (HK) further objects to the interrogatory on the ground that it is

5  premature because the invention, creation, conception, or reduction to practice of

6  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

7  objects to this interrogatory to the extent it seeks to limit the expert testimony that

8  MGA (HK) may seek to introduce at trial.  MGA (HK) will identify its experts and

9  make related disclosures in accordance with the Court's orders and applicable rules.

10 MGA (HK) further objects to the interrogatory as unduly burdensome, on the

11 grounds that it would require MGA (HK) to identify numerous documents that have

12 already been produced and are readily available to Mattel.

13          Subject to and without waiving the foregoing objections, MGA (HK)

14 responds as follows:

15          There were no inventions related to Bratz after January 3, 1999 and

16 before October 21, 2000.

17 **INTERROGATORY NO. 30:**

18          State all facts that support YOUR contention, if YOU so contend, that,

19 assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

20 pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

21 and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

22 IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

23 REFER OR RELATE TO such facts.

24 **RESPONSE TO INTERROGATORY NO. 30:**

25          MGA (HK) incorporates by reference its General Response and General

26 Objections above, as though fully set forth herein and specifically incorporates

27 General Objection No. 7 (regarding Definitions), including but not limited to its

28 objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

EXHIBIT 22 PAGE 312

1  AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA (HK) also objects

2  to this interrogatory to the extent it seeks information that is not subject to disclosure

3  under any applicable privilege, doctrine or immunity, including without limitation

4  the attorney-client privilege, the work product doctrine, the right of privacy, and all

5  other privileges recognized under the constitutional, statutory or decisional law of

6  the United States of America, the State of California or any other applicable

7  jurisdiction.  MGA (HK) further objects to this interrogatory to the extent it calls for

8  a legal conclusion.  MGA (HK) further objects to the extent that this interrogatory

9  seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

10  possession, custody, or control.  In particular, MGA (HK) objects to this

11  interrogatory to the extent that it requests MGA (HK) to "state *all facts . . . and*

12  IDENTIFY all PERSONS . . . and *all* DOCUMENTS" (emphasis added).

13         MGA (HK) further objects to the interrogatory on the grounds that it is

14  vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

15  hypothetical and therefore proceeds from the false premise that Bryant assigned

16  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

17  AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan*, 125

18  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

19  interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

20  depends on, among other factual and legal factors, specifically which BRATZ

21  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

22  which rights he assigned, which information is not provided in the incomplete

23  hypothetical scenario posited in this interrogatory.

24         MGA (HK) further objects to the interrogatory on the ground that it is

25  premature because the invention, creation, conception, or reduction to practice of

26  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

27  objects to this interrogatory to the extent it seeks to limit the expert testimony that

28  MGA (HK) may seek to introduce at trial.  MGA (HK) further objects on the

EXHIBIT __22__ PAGE _313_

1   grounds that the interrogatory seeks information not relevant to any claim or defense

2   in the action and is not reasonably calculated to the discovery of admissible evidence

3   because MGA (HK) denies that Bryant assigned any such rights to Mattel.

4          MGA (HK) objects to this interrogatory because Mattel has propounded

5   more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

6   "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

7   04049-SGL and CV 05-02727]."

8   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

9          MGA (HK) incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection No. 7 (regarding Definitions), including but not limited to its

12  objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

13  AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA (HK) also objects

14  to this interrogatory to the extent it seeks information that is not subject to disclosure

15  under any applicable privilege, doctrine or immunity, including without limitation

16  the attorney-client privilege, the work product doctrine, the right of privacy, and all

17  other privileges recognized under the constitutional, statutory or decisional law of

18  the United States of America, the State of California or any other applicable

19  jurisdiction.  MGA (HK) further objects to this interrogatory to the extent it calls for

20  a legal conclusion.  MGA (HK) further objects to the extent that this interrogatory

21  seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

22  possession, custody, or control.  In particular, MGA (HK) objects to this

23  interrogatory to the extent that it requests MGA (HK) to "state *all facts . . . and*

24  IDENTIFY all PERSONS . . . and *all* DOCUMENTS" (emphasis added).

25         MGA (HK) further objects to the interrogatory on the grounds that it is

26  vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

27  hypothetical and therefore proceeds from the false premise that Bryant assigned

28  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

EXHIBIT 22 PAGE 314

1   AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125

2   F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

3   interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

4   depends on, among other factual and legal factors, specifically which BRATZ

5   INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

6   which rights he assigned, which information is not provided in the incomplete

7   hypothetical scenario posited in this interrogatory.

8         MGA (HK) further objects to the interrogatory on the ground that it is

9   premature because the invention, creation, conception, or reduction to practice of

10   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA (HK)

11   objects to this interrogatory to the extent it seeks to limit the expert testimony that

12   MGA (HK) may seek to introduce at trial.  MGA (HK) further objects on the

13   grounds that the interrogatory seeks information not relevant to any claim or defense

14   in the action and is not reasonably calculated to the discovery of admissible evidence

15   because MGA (HK) denies that Bryant assigned any such rights to Mattel.

16         Subject to and without waiving the foregoing objections, MGA (HK)

17   responds as follows:

18         MGA (HK) incorporates by reference its supplemental responses to

19   Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds

20   further that, assuming Bryant assigned rights to inventions related to Bratz pursuant

21   to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and

22   for inventions conceived of and/or reduced to practice during the period of Bryant's

23   employment with Mattel to which said Agreement relates), MGA would have

24   superior rights in the Bratz dolls because:  (i) there were no "inventions" related to

25   Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were

26   neither substantially similar to, nor a copy of, nor derivative of, Mattel's hypothetical

27   rights; and (iii) Mattel waived any rights it may have had due to laches and the

28   statute of limitations.

EXHIBIT __22__ PAGE __315__

**INTERROGATORY NO. 31:**

State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 31:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA (HK) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA (HK) also objects to this interrogatory to the extent that it calls for a legal conclusion.

MGA (HK) objects that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless"). MGA (HK) further objects to the extent that this interrogatory seeks information outside of MGA (HK)'s personal knowledge and is not in MGA (HK)'s possession, custody or control. In particular, MGA (HK) objects to this interrogatory to the extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS" (emphasis added).

29

EXHIBIT 22 PAGE 316

1    MGA (HK) objects to this interrogatory because Mattel has propounded
2    more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
3    "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
4    SGL and CV 05-02727]."
5    Subject to and without waiving the foregoing objections, MGA (HK)
6    responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding
7    this interrogatory and the obligation of Mattel to supplement its responses to MGA's
8    First Set of Interrogatories.

9    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

10    MGA (HK) incorporates by reference its General Response and General
11    Objections above, as though fully set forth herein and specifically incorporates
12    General Objection No. 7 (regarding Definitions), including but not limited to its
13    objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY
14    and REFER OR RELATE TO.  MGA (HK) also objects to this interrogatory to the
15    extent it seeks information that is not subject to disclosure under any applicable
16    privilege, doctrine or immunity, including without limitation the attorney-client
17    privilege, the work product doctrine, the right of privacy, and all other privileges
18    recognized under the constitutional, statutory or decisional law of the United States
19    of America, the State of California or any other applicable jurisdiction.  MGA (HK)
20    also objects to this interrogatory to the extent that it calls for a legal conclusion.

21    MGA (HK) objects that this interrogatory is an overbroad and unduly
22    burdensome contention interrogatory to the extent it asks for "all facts" which
23    supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron,*
24    181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all
25    facts, documents, and witnesses that support the denial of a statement or allegation of
26    fact" because the "universe of potentially responsive information is almost endless").
27    MGA (HK) further objects to the extent that this interrogatory seeks information
28    outside of MGA (HK)'s personal knowledge and is not in MGA (HK)'s possession,

EXHIBIT 22   PAGE 314

1  custody or control.  In particular, MGA (HK) objects to this interrogatory to the

2  extent that it requests that MGA (HK) "state *all* facts . . . and IDENTIFY *all*

3  PERSONS . . . and *all* DOCUMENTS" (emphasis added).

4      Subject to and without waiving the foregoing objections, MGA (HK)

5  responds as follows:

6      MGA (HK) contends that Paragraph 3-a of the "INVENTIONS

7  AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the

8  statute of limitations, in that Mattel intentionally delayed in taking legal action

9  against MGA or Carter Bryant for several years in the belief that Mattel would be

10  able to drive Bratz out of the marketplace through the introduction of a copycat line

11  of My Scene Barbie dolls.  Mattel only took legal action well after MGA had

12  invested substantial amounts of capital and creative and innovative human effort in

13  the Bratz line of dolls and had experienced enormous success in the market place,

14  changing the fashion doll business forever.  In addition, many Mattel employees

15  knew following the introduction of the first generation of Bratz dolls to the market

16  that Carter Bryant was the originator of the idea that led to the first generation of

17  Bratz dolls.

18      The "INVENTIONS AGREEMENT" is also invalid and unenforceable

19  insofar as it purports to prohibit Bryant from engaging in good faith and reasonable

20  efforts to seek professional opportunities with Mattel competitors while still

21  employed by Mattel.

22      These contentions are based on the following facts and circumstances:

23  MGA (HK) is informed and believes that it was common knowledge at Mattel that

24  many Mattel employees employed in the Mattel design center worked on a freelance

25  basis for third parties, including Mattel competitors.  Despite knowledge of this

26  activity, Mattel rarely, if ever, enforced any rights it may have had to prohibit such

27  freelancing.  Mattel has therefore waived any right it may have had to enforce

28  Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by

EXHIBIT 22 PAGE 318

1  virtue of course-of-conduct contract law principles.

2        The following persons have knowledge of the facts and circumstances

3  supporting this contention: current and former members of Mattel management,

4  current and former members of Mattel's legal department, current and former

5  employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt

6  Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.

7        The following documents may be relevant to these facts: the

8  "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's

9  enforcement, or lack thereof, of the provisions of similar agreements between Mattel

10  and its employees; Mattel documents referring or relating to Mattel's knowledge or

11  investigation of suspected violations of similar agreements between Mattel and its

12  employees; Mattel's internal emails that have not been produced; documents from

13  Mattel's Zeus computer systems; documents referring or relating to Mattel's market

14  research; documents referring or relating to Mattel's public relations efforts;

15  documents referring or relating to Mattel's advertising and advertising strategies.

16  Mattel has produced very few documents in this action in response to MGA's

17  outstanding requests.  MGA recently served additional requests for production of

18  documents.  MGA (HK) reserves the right to supplement this response and all of its

19  other responses after Mattel has completed its production.

20        This response is without prejudice to MGA (HK)'s position that the

21  "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a

22  violation of public policy.

23  **INTERROGATORY NO. 32:**

24        State all facts that support YOUR contention, if YOU so contend, that

25  MATTEL is not or would not be entitled to injunctive relief as requested in its

26  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

27  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

28  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

EXHIBIT 22  PAGE 319

1 | such facts.

2 | **RESPONSE TO INTERROGATORY NO. 32:**

3 |     MGA (HK) incorporates by reference its General Response and General

4 | Objections above, as though fully set forth herein and specifically incorporates

5 | General Objection No. 7 (regarding Definitions), including but not limited to its

6 | objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

7 | REFER OR RELATE TO, and further objects on the ground that the interrogatory is

8 | overbroad, unduly burdensome, vague and ambiguous both generally and

9 | specifically with respect to the terms YOUR, YOU, MATTEL.  MGA (HK) also

10 | objects to this interrogatory to the extent it seeks information that is not subject to

11 | disclosure under any applicable privilege, doctrine or immunity, including without

12 | limitation the attorney-client privilege, the work product doctrine, the right of

13 | privacy, and all other privileges recognized under the constitutional, statutory or

14 | decisional law of the United States of America, the State of California or any other

15 | applicable jurisdiction.  MGA (HK) further objects to the interrogatory on the ground

16 | that it is premature because matters affecting Mattel's ability to obtain injunctive

17 | relief may be the subject of expert testimony at trial.  MGA (HK) objects to this

18 | interrogatory to the extent it seeks to limit the expert testimony that MGA (HK) may

19 | seek to introduce at trial.  MGA (HK) will identify its experts and make related

20 | disclosures in accordance with the Court's orders and applicable rules.

21 |     MGA (HK) notes that the issue of injunctive relief will be decided by

22 | the Court after the conclusion of all jury deliberation relevant to the issue.  MGA

23 | (HK) believes accordingly that the Court's review of injunctive relief issue will not

24 | occur until the conclusion of Phase 2.

25 |     MGA (HK) further objects on the ground that this interrogatory is an

26 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

27 | "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

28 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

33

EXHIBIT ___22___   320

1  requests seeking "all facts, documents, and witnesses that support the denial of a

2  statement or allegation of fact" because the "universe of potentially responsive

3  information is almost endless").

4        MGA (HK) further objects to the extent that this interrogatory seeks

5  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

6  possession, custody, or control.  In particular, MGA (HK) objects to this

7  interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

8  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

9        MGA (HK) further objects to this interrogatory as it asks MGA (HK) to

10  assume facts contrary to evidence, and further asks it to base any response on an

11  incomplete and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v.*

12  *Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit

13  contention interrogatories directed at hypothetical scenarios).  Whether or not Mattel

14  is or would or would not be "entitled to injunctive relief" depends on, among other

15  factual and legal factors, which specific "BRATZ INVENTION" Mattel is

16  hypothetically found to own, and whether and/or to what extent it is determined that

17  any Bratz products that have been produced and sold are derivative works of any

18  such BRATZ INVENTIONS, which information is not provided in the incomplete

19  hypothetical scenario posited in this interrogatory.  MGA (HK) also objects to this

20  interrogatory on the grounds that Mattel – not MGA (HK) – bears the burden of

21  proof to show that it is entitled to injunctive relief, if it is ultimately determined that

22  Mattel owns one or more BRATZ INVENTIONS.

23        MGA (HK) further objects to this interrogatory because Mattel has

24  propounded more than 50 interrogatories.  Under Judge Larson's order of February

25  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

26  04049-SGL and CV 05-02727]."

27  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

28        MGA (HK) incorporates by reference its General Response and General

---

34

EXHIBIT 22  PAGE 321