1  Objections above, as though fully set forth herein and specifically incorporates
2  General Objection No. 7 (regarding Definitions), including but not limited to its
3  objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
4  REFER OR RELATE TO, and further objects on the ground that the interrogatory is
5  overbroad, unduly burdensome, vague and ambiguous both generally and
6  specifically with respect to the terms YOUR, YOU, MATTEL. MGA (HK) also
7  objects to this interrogatory to the extent it seeks information that is not subject to
8  disclosure under any applicable privilege, doctrine or immunity, including without
9  limitation the attorney-client privilege, the work product doctrine, the right of
10  privacy, and all other privileges recognized under the constitutional, statutory or
11  decisional law of the United States of America, the State of California or any other
12  applicable jurisdiction. MGA (HK) further objects to the interrogatory on the ground
13  that it is premature because matters affecting Mattel's ability to obtain injunctive
14  relief may be the subject of expert testimony at trial. MGA (HK) objects to this
15  interrogatory to the extent it seeks to limit the expert testimony that MGA (HK) may
16  seek to introduce at trial. MGA (HK) will identify its experts and make related
17  disclosures in accordance with the Court's orders and applicable rules.
18          MGA (HK) notes that the issue of injunctive relief will be decided by
19  the Court after the conclusion of all jury deliberation relevant to the issue. MGA
20  (HK) believes accordingly that the Court's review of injunctive relief issue will not
21  occur until the conclusion of Phase 2.
22          MGA (HK) further objects on the ground that this interrogatory is an
23  overbroad and unduly burdensome contention interrogatory to the extent it asks for
24  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
25  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
26  requests seeking "all facts, documents, and witnesses that support the denial of a
27  statement or allegation of fact" because the "universe of potentially responsive
28  information is almost endless").

EXHIBIT 22     322

1    MGA (HK) further objects to the extent that this interrogatory seeks
2 information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
3 possession, custody, or control. In particular, MGA (HK) objects to this
4 interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and
5 IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

6    MGA (HK) further objects to this interrogatory as it asks MGA (HK) to
7 assume facts contrary to evidence, and further asks it to base any response on an
8 incomplete and incomprehensible hypothetical scenario. *See, e.g., Kendrick v.*
9 *Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit
10 contention interrogatories directed at hypothetical scenarios). Whether or not Mattel
11 is or would or would not be "entitled to injunctive relief" depends on, among other
12 factual and legal factors, which specific "BRATZ INVENTION" Mattel is
13 hypothetically found to own, and whether and/or to what extent it is determined that
14 any Bratz products that have been produced and sold are derivative works of any
15 such BRATZ INVENTIONS, which information is not provided in the incomplete
16 hypothetical scenario posited in this interrogatory. MGA (HK) also objects to this
17 interrogatory on the grounds that Mattel – not MGA (HK) – bears the burden of
18 proof to show that it is entitled to injunctive relief, if it is ultimately determined that
19 Mattel owns one or more BRATZ INVENTIONS.

20    Subject to and without waiving the foregoing objections, MGA (HK)
21 responds as follows:

22    Mattel is not entitled to injunctive relief for the following reasons:

23    (a) Mattel is not entitled to injunctive relief in accordance with the
24 principles established by the United States Supreme Court in eBay v. MercExchange,
25 126 S. Ct. 1837 (2006).

26    (b) The original concepts contributed by Bryant to the creation of the
27 Bratz dolls represent only one of the many factors that combined to make Bratz one
28 of the most successful fashion dolls on the market. The contributions made by MGA

36

EXHIBIT 22 PAGE 323

1  to the Bratz dolls far outweigh any contributions made by Bryant prior to October
2  21, 2000 in terms of the overall factors that contributed to the commercial success of
3  Bratz.

4         (c)    Mattel played no role in the creation and/or selection of the Bratz
5  slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

6         (d)    Mattel played no role in the development of the Bratz line of
7  dolls' innovative and trend-setting packaging.

8         (e)    Mattel played no role in MGA's improvements, enhancements
9  and changes to the Bratz dolls in the months and years on and/or after October 21,
10  2000.

11         (f)    Mattel played no role in MGA's development of the fashions for
12  the Bratz dolls.

13         (g)    Mattel played no role in the development of Bratz Kidz, Bratz
14  Petz, Bratz Babyz and other successful additions to the Bratz doll family.

15         (h)    Mattel played no role in the development of the myriad of
16  accessories for the Bratz dolls.

17         (i)    Mattel played no role in the development of the successful
18  themes that have enhanced the popularity of the Bratz dolls.

19         (j)    Mattel played no role in the development of the Bratz animated
20  TV series, Bratz TV commercials, or Bratz the movie.

21         (k)    Mattel played no role in the development of the Bratz brand.

22         (l)    If in 2000 Mattel had been presented with the opportunity to
23  develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said
24  opportunity because of a perceived threat to Mattel's Barbie franchise.

25         (m)    Mattel's inequitable conduct through years of efforts to eliminate
26  competition to its lines of fashion dolls.

27         (n)    Mattel's inequitable conduct through specific acts of unfair
28  competition, as previously set forth in MGA's Responses and Supplemental

EXHIBIT 22   PAGE 324

1  Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition

2  Nos. 5, 6, 8, 9 and 10.

3        (o)    The equitable doctrine of laches, in that Mattel intentionally

4  delayed in taking legal action against MGA or Carter Bryant for several years in the

5  belief that Mattel would be able to drive Bratz out of the marketplace through the

6  introduction of a copycat line of My Scene Barbie dolls.  Mattel only took legal

7  action well after MGA had invested substantial amounts of capital and creative and

8  innovative human effort in the Bratz line of dolls and had experienced enormous

9  success in the marketplace, changing the fashion doll business forever.

10        (p)    The statute of limitations.

11        The persons who have knowledge of the facts and circumstances

12  supporting these contentions of inequitable conduct by Mattel have already been

13  provided in MGA (HK)'s supplemental responses to Interrogatory Nos. 27, 28, and

14  31.

15        To the extent that Mattel's interrogatory could be interpreted to require

16  MGA (HK) to identify all documents that "REFER OR RELATE TO" substantially

17  all facets of MGA's business, these documents are too numerous to identify

18  individually without undue burden to MGA (HK).  The following categories of

19  documents may be relevant to these facts: Mattel's Brand Directional Outlines;

20  analyses and assessments of Mattel's marketing strategies prepared and/or produced

21  by Young and Rubicam Brands; Mattel's Marketing Department assessments of

22  Mattel's advertising and branding strategies; Mattel's Creative Briefs; and publicly

23  available documents evidencing MGA's trademarks, patents, and copyrights.

24  **INTERROGATORY NO. 33:**

25        State all facts that support YOUR contention, if YOU so contend, that

26  MATTEL is not entitled to an award of punitive or exemplary damages against

27  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

28  DOCUMENTS that REFER OR RELATE TO such facts.

EXHIBIT __22__ PAGE __325__

**RESPONSE TO INTERROGATORY NO. 33:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term YOU as defined by Mattel could be read to require MGA (HK) to state all facts supporting why Mattel is not entitled to an award of punitive damages against each of the responding parties in this litigation, thereby rendering the interrogatory impermissibly compound.  MGA (HK) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA (HK) further objects to the interrogatory to the extent it calls for a legal conclusion.

MGA (HK) further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless").

MGA (HK) further objects to the extent that this interrogatory seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s possession, custody, or control.  In particular, MGA (HK) objects to this

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

1 | interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

2 | IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

3 | MGA (HK) also objects to this interrogatory on the grounds that Mattel

4 | – not MGA (HK) – bears the burden of proof to show that it is entitled to an award of

5 | punitive or exemplary damages.

6 | MGA (HK) further objects to this interrogatory because Mattel has

7 | propounded more than 50 interrogatories.  Under Judge Larson's order of February

8 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

9 | 04049-SGL and CV 05-02727]."

10 | Subject to and without waiving the foregoing objections, MGA (HK)

11 | responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

12 | this interrogatory and the obligation of Mattel to supplement its responses to MGA's

13 | First Set of Interrogatories.

14 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

15 | MGA (HK) incorporates by reference its General Response and General

16 | Objections above, as though fully set forth herein and specifically incorporates

17 | General Objection No. 7 (regarding Definitions), including but not limited to its

18 | objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

19 | and further objects on the ground that the interrogatory is overbroad, unduly

20 | burdensome, vague and ambiguous both generally and specifically with respect to

21 | the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term

22 | YOU as defined by Mattel could be read to require MGA (HK) to state all facts

23 | supporting why Mattel is not entitled to an award of punitive damages against each

24 | of the responding parties in this litigation, thereby rendering the interrogatory

25 | impermissibly compound.  MGA (HK) also objects to this interrogatory to the extent

26 | it seeks information that is not subject to disclosure under any applicable privilege,

27 | doctrine or immunity, including without limitation the attorney-client privilege, the

28 | work product doctrine, the right of privacy, and all other privileges recognized under

EXHIBIT 22 PAGE 327

1  the constitutional, statutory or decisional law of the United States of America, the

2  State of California or any other applicable jurisdiction.  MGA (HK) further objects to

3  the interrogatory to the extent it calls for a legal conclusion.

4       MGA (HK) further objects on the ground that this interrogatory is an

5  overbroad and unduly burdensome contention interrogatory to the extent it asks for

6  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

7  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

8  requests seeking "all facts, documents, and witnesses that support the denial of a

9  statement or allegation of fact" because the "universe of potentially responsive

10  information is almost endless").

11       MGA (HK) further objects to the extent that this interrogatory seeks

12  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

13  possession, custody, or control.  In particular, MGA (HK) objects to this

14  interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

15  IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

16       MGA (HK) also objects to this interrogatory on the grounds that Mattel

17  – not MGA (HK) – bears the burden of proof to show that it is entitled to an award of

18  punitive or exemplary damages.

19       Subject to and without waiving the foregoing objections, MGA (HK)

20  responds as follows:

21       Mattel is not entitled to an award of punitive or exemplary damages

22  against MGA (HK) because:  (i) Mattel does not own any rights in the Bratz dolls,

23  (ii) MGA (HK) has not violated or infringed any rights of Mattel with respect to the

24  Bratz dolls, (iii) Mattel has not shown that MGA (HK) acted in bad faith and (iv)

25  Mattel has not presented any evidence to support the requirements for such an award

26  against MGA (HK).

27  **INTERROGATORY NO. 34:**

28       State all facts that support YOUR contention, if YOU so contend, that

41

EXHIBIT 22   PAGE 328

1   YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

2   BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

3   BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all

4   DOCUMENTS that REFER OR RELATE TO such facts.

5   **RESPONSE TO INTERROGATORY NO. 34:**

6           MGA (HK) incorporates by reference its General Response and General

7   Objections above, as though fully set forth herein and specifically incorporates

8   General Objection No. 7 (regarding Definitions), including but not limited to its

9   objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

10  and REFER OR RELATE TO, and further objects on the ground that the

11  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

12  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

13  TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

14  defined by Mattel could be read to require MGA (HK) to state all facts supporting

15  why each of the responding parties did not "intentionally interfere with the

16  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

17  compound.  MGA (HK) also objects to this interrogatory to the extent it seeks

18  information that is not subject to disclosure under any applicable privilege, doctrine

19  or immunity, including without limitation the attorney-client privilege, the work

20  product doctrine, the right of privacy, and all other privileges recognized under the

21  constitutional, statutory or decisional law of the United States of America, the State

22  of California or any other applicable jurisdiction.  MGA (HK) further objects to the

23  interrogatory to the extent it calls for a legal conclusion.

24          MGA (HK) further objects on the ground that this interrogatory is an

25  overbroad and unduly burdensome contention interrogatory to the extent it asks for

26  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

27  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

28  requests seeking "all facts, documents, and witnesses that support the denial of a

EXHIBIT __22__ PAGE __3__

1  statement or allegation of fact" because the "universe of potentially responsive
2  information is almost endless").

3          MGA (HK) further objects to the extent that this interrogatory seeks
4  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
5  possession, custody, or control. In particular, MGA (HK) objects to this
6  interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and
7  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

8          MGA (HK) further objects to this interrogatory because Mattel has
9  propounded more than 50 interrogatories. Under Judge Larson's order of February
10  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
11  04049-SGL and CV 05-02727]."

12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

13          MGA (HK) incorporates by reference its General Response and General
14  Objections above, as though fully set forth herein and specifically incorporates
15  General Objection No. 7 (regarding Definitions), including but not limited to its
16  objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY
17  and REFER OR RELATE TO, and further objects on the ground that the
18  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
19  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,
20  TRANSFER and ACQUIRE. In particular, by way of example, the term YOU as
21  defined by Mattel could be read to require MGA (HK) to state all facts supporting
22  why each of the responding parties did not "intentionally interfere with the
23  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly
24  compound. MGA (HK) also objects to this interrogatory to the extent it seeks
25  information that is not subject to disclosure under any applicable privilege, doctrine
26  or immunity, including without limitation the attorney-client privilege, the work
27  product doctrine, the right of privacy, and all other privileges recognized under the
28  constitutional, statutory or decisional law of the United States of America, the State

EXHIBIT 22  PAGE 330

1 | of California or any other applicable jurisdiction. MGA (HK) further objects to the
2 | interrogatory to the extent it calls for a legal conclusion.

3 |       MGA (HK) further objects on the ground that this interrogatory is an
4 | overbroad and unduly burdensome contention interrogatory to the extent it asks for
5 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
6 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
7 | requests seeking "all facts, documents, and witnesses that support the denial of a
8 | statement or allegation of fact" because the "universe of potentially responsive
9 | information is almost endless").

10 |       MGA (HK) further objects to the extent that this interrogatory seeks
11 | information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
12 | possession, custody, or control. In particular, MGA (HK) objects to this
13 | interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and
14 | IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

15 |       Subject to and without waiving the foregoing objections, MGA (HK)
16 | responds as follows:

17 |       This interrogatory appears to be directed at other parties to the litigation,
18 | and not to MGA (HK). MGA (HK) was not involved in Bryant's transfer of rights in
19 | Bratz to MGA. MGA acquired the rights in Bratz, and MGA will respond to this
20 | interrogatory.

21 | **INTERROGATORY NO. 35:**

22 |       State all facts that support YOUR contention, if YOU so contend, that
23 | YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by
24 | BRYANT to MATTEL when BRYANT performed work or services with or for
25 | MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS
26 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
27 | such facts.

28 |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT 22   PAGE 331

**RESPONSE TO INTERROGATORY NO. 35:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example, the term YOU as defined by Mattel could be read to require MGA (HK) to state all facts supporting why each of the responding parties "did not aid or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby rendering the interrogatory impermissibly compound.  MGA (HK) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA (HK) further objects to the interrogatory to the extent it calls for a legal conclusion.

MGA (HK) further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless").

MGA (HK) further objects to the extent that this interrogatory seeks information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

45

1   possession, custody, or control.  In particular, MGA (HK) objects to this

2   interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

3   IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

4          MGA (HK) further objects to this interrogatory because Mattel has

5   propounded more than 50 interrogatories.  Under Judge Larson's order of February

6   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

7   04049-SGL and CV 05-02727]."

8   <u>**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**</u>

9          MGA (HK) incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection No. 7 (regarding Definitions), including but not limited to its

12  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

13  and further objects on the ground that the interrogatory is overbroad, unduly

14  burdensome, vague and ambiguous both generally and specifically with respect to

15  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

16  the term YOU as defined by Mattel could be read to require MGA (HK) to state all

17  facts supporting why each of the responding parties "did not aid or abet any breach

18  of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

19  rendering the interrogatory impermissibly compound.  MGA (HK) also objects to

20  this interrogatory to the extent it seeks information that is not subject to disclosure

21  under any applicable privilege, doctrine or immunity, including without limitation

22  the attorney-client privilege, the work product doctrine, the right of privacy, and all

23  other privileges recognized under the constitutional, statutory or decisional law of

24  the United States of America, the State of California or any other applicable

25  jurisdiction.  MGA (HK) further objects to the interrogatory to the extent it calls for

26  a legal conclusion.

27          MGA (HK) further objects on the ground that this interrogatory is an

28  overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT 22 PAGE 333

1 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

2 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3 requests seeking "all facts, documents, and witnesses that support the denial of a

4 statement or allegation of fact" because the "universe of potentially responsive

5 information is almost endless").

6        MGA (HK) further objects to the extent that this interrogatory seeks

7 information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

8 possession, custody, or control.  In particular, MGA (HK) objects to this

9 interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

10 IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

11        Subject to and without waiving the foregoing objections, MGA (HK)

12 responds as follows:

13        This interrogatory appears to be directed at other parties to the litigation,

14 and not to MGA (HK).  Bryant has not performed work or services for MGA (HK).

15 Bryant performed work for MGA, and MGA will respond to this interrogatory.

16 **INTERROGATORY NO. 36:**

17        State all facts that support YOUR contention, if YOU so contend, that

18 YOU acted with an innocent state of mind or reasonably believed that MATTEL did

19 not own any rights in any BRATZ INVENTION when BRYANT purported to

20 TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

21 all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

22 RELATE TO such facts.

23 **RESPONSE TO INTERROGATORY NO. 36:**

24        MGA (HK) incorporates by reference its General Response and General

25 Objections above, as though fully set forth herein and specifically incorporates

26 General Objection No. 7 (regarding Definitions), including but not limited to its

27 objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

28 RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

EXHIBIT 22   PAGE 334

1  unduly burdensome, vague and ambiguous both generally and specifically with

2  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

3  ACQUIRE. In particular, by way of example, the term YOU as defined by Mattel

4  could be read to require MGA (HK) to state all facts supporting why each of the

5  responding parties "acted with an innocent state of mind," thereby rendering the

6  interrogatory impermissibly compound. MGA (HK) also objects to this

7  interrogatory to the extent it seeks information that is not subject to disclosure under

8  any applicable privilege, doctrine or immunity, including without limitation the

9  attorney-client privilege, the work product doctrine, the right of privacy, and all other

10  privileges recognized under the constitutional, statutory or decisional law of the

11  United States of America, the State of California or any other applicable jurisdiction.

12        Subject to and without waiving the foregoing objections, MGA (HK)

13  responds as follows: MGA (HK) is willing to meet and confer with Mattel regarding

14  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

15  First Set of Interrogatories.

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

17        MGA (HK) incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 7 (regarding Definitions), including but not limited to its

20  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

21  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

22  unduly burdensome, vague and ambiguous both generally and specifically with

23  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

24  ACQUIRE. In particular, by way of example, the term YOU as defined by Mattel

25  could be read to require MGA (HK) to state all facts supporting why each of the

26  responding parties "acted with an innocent state of mind," thereby rendering the

27  interrogatory impermissibly compound. MGA (HK) also objects to this

28  interrogatory to the extent it seeks information that is not subject to disclosure under

EXHIBIT  22  PAGE  335

1   any applicable privilege, doctrine or immunity, including without limitation the

2   attorney-client privilege, the work product doctrine, the right of privacy, and all other

3   privileges recognized under the constitutional, statutory or decisional law of the

4   United States of America, the State of California or any other applicable jurisdiction.

5          Subject to and without waiving the foregoing objections, MGA (HK)

6   responds as follows:

7          This interrogatory appears to be directed at other parties to the litigation,

8   and not to MGA (HK).  MGA (HK) was not involved in Bryant's transfer of rights in

9   Bratz to MGA.  MGA acquired the rights in Bratz, and MGA will respond to this

10  interrogatory.

11  **INTERROGATORY NO. 37:**

12          State all facts that support YOUR contention, if YOU so contend, that

13  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

14  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

15  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

16  such facts.

17  **RESPONSE TO INTERROGATORY NO. 37:**

18          MGA (HK) incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 7 (regarding Definitions), including but not limited to its

21  objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

22  and REFER OR RELATE TO, and further objects on the ground that the

23  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

24  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

25  TRANSFER.  MGA (HK) also objects to this interrogatory to the extent it seeks

26  information that is not subject to disclosure under any applicable privilege, doctrine

27  or immunity, including without limitation the attorney-client privilege, the work

28  product doctrine, the right of privacy, and all other privileges recognized under the

EXHIBIT 22 PAGE 336

1   constitutional, statutory or decisional law of the United States of America, the State

2   of California or any other applicable jurisdiction.  MGA (HK) further objects to the

3   interrogatory to the extent it calls for a legal conclusion.  MGA (HK) further objects

4   to the interrogatory on the ground that Mattel – not MGA (HK) – bears the burden of

5   proof to show that Bryant breached the INVENTIONS AGREEMENT.

6          MGA (HK) further objects on the ground that this interrogatory is an

7   overbroad and unduly burdensome contention interrogatory to the extent it asks for

8   "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

9   *Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

10  requests seeking "all facts, documents, and witnesses that support the denial of a

11  statement or allegation of fact" because the "universe of potentially responsive

12  information is almost endless").  MGA (HK) further objects on the ground that it is

13  an abuse of the discovery process to effectively ask a Party to prove his, her or its

14  entire case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas*

15  *Bank & Trust, Co.,* 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.,*

16  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

17  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

18  to marshal all evidence, in response to one interrogatory" is overbroad and

19  "constitutes an abuse of the discovery process").

20         MGA (HK) further objects to the extent that this interrogatory seeks

21  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

22  possession, custody, or control.  In particular, MGA (HK) objects to this

23  interrogatory to the extent that it requests that MGA (HK) "state *all* facts … and

24  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).  In

25  responding to this interrogatory, MGA (HK) undertakes only to make a good faith,

26  reasonable effort to summarize facts currently known to it, and reserves the right to

27  supplement its response.

28         MGA (HK) further objects to this interrogatory because Mattel has

50

EXHIBIT 22  PAGE 337

1  propounded more than 50 interrogatories.  Under Judge Larson's order of February

2  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

3  04049-SGL and CV 05-02727]."

4        Subject to and without waiving the foregoing objections, MGA (HK)

5  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding

6  this interrogatory and the obligation of Mattel to supplement its responses to MGA's

7  First Set of Interrogatories.

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**

9        MGA (HK) incorporates by reference its General Response and General

10  Objections above, as though fully set forth herein and specifically incorporates

11  General Objection No. 7 (regarding Definitions), including but not limited to its

12  objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

13  and REFER OR RELATE TO, and further objects on the ground that the

14  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

15  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

16  TRANSFER.  MGA (HK) also objects to this interrogatory to the extent it seeks

17  information that is not subject to disclosure under any applicable privilege, doctrine

18  or immunity, including without limitation the attorney-client privilege, the work

19  product doctrine, the right of privacy, and all other privileges recognized under the

20  constitutional, statutory or decisional law of the United States of America, the State

21  of California or any other applicable jurisdiction.  MGA (HK) further objects to the

22  interrogatory to the extent it calls for a legal conclusion.  MGA (HK) further objects

23  to the interrogatory on the ground that Mattel – not MGA (HK) – bears the burden of

24  proof to show that Bryant breached the INVENTIONS AGREEMENT.

25        MGA (HK) further objects on the ground that this interrogatory is an

26  overbroad and unduly burdensome contention interrogatory to the extent it asks for

27  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

28  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT 22 PAGE 338

1  requests seeking "all facts, documents, and witnesses that support the denial of a

2  statement or allegation of fact" because the "universe of potentially responsive

3  information is almost endless"). MGA (HK) further objects on the ground that it is

4  an abuse of the discovery process to effectively ask a Party to prove his, her or its

5  entire case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas*

6  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

7  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

8  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

9  to marshal all evidence, in response to one interrogatory" is overbroad and

10  "constitutes an abuse of the discovery process").

11         MGA (HK) further objects to the extent that this interrogatory seeks

12  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

13  possession, custody, or control. In particular, MGA (HK) objects to this

14  interrogatory to the extent that it requests that MGA (HK) "state *all* facts ... and

15  IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added). In

16  responding to this interrogatory, MGA (HK) undertakes only to make a good faith,

17  reasonable effort to summarize facts currently known to it, and reserves the right to

18  supplement its response.

19         Subject to and without waiving the foregoing objections, MGA (HK)

20  responds as follows:

21         In August or September of 1998, Carter Bryant, inspired by images he

22  was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the

23  appearance of teenagers as well as other images in the public domain, had an idea for

24  a line of fashion dolls that he named Bratz. At the same time, Bryant sketched a

25  series of drawings to illustrate his conception. To the extent that some aspect of

26  Bryant's idea would have been protectible under patent law, there was neither a

27  conception nor reduction to practice during the period of Bryant's unemployment

28  with Mattel. In addition, Bryant's idea for a unique approach to fashion dolls was

EXHIBIT 22   PAGE 339

1  not covered by the "INVENTIONS AGREEMENT."

2  **INTERROGATORY NO. 38:**

3          State all facts that support YOUR contention, if YOU so contend, that
4  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL
5  when BRYANT performed work or services with or for MGA while BRYANT was
6  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts
7  and all DOCUMENTS that REFER OR RELATE TO such facts.

8  **RESPONSE TO INTERROGATORY NO. 38:**

9          MGA (HK) incorporates by reference its General Response and General
10 Objections above, as though fully set forth herein and specifically incorporates
11 General Objection No. 7 (regarding Definitions), including but not limited to its
12 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
13 and further objects on the ground that the interrogatory is overbroad, unduly
14 burdensome, vague and ambiguous both generally and specifically with respect to
15 the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA (HK) also
16 objects to this interrogatory to the extent it seeks information that is not subject to
17 disclosure under any applicable privilege, doctrine or immunity, including without
18 limitation the attorney-client privilege, the work product doctrine, the right of
19 privacy, and all other privileges recognized under the constitutional, statutory or
20 decisional law of the United States of America, the State of California or any other
21 applicable jurisdiction.  MGA (HK) further objects to the interrogatory to the extent
22 it calls for a legal conclusion.  MGA (HK) further objects to the interrogatory on the
23 ground that Mattel -- not MGA (HK) – bears the burden of proof to show that Bryant
24 breached any duties, fiduciary or otherwise, to Mattel.

25          MGA (HK) further objects on the ground that this interrogatory is an
26 overbroad and unduly burdensome contention interrogatory to the extent it asks for
27 "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*
28 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT _22_ PAGE 340

1  requests seeking "all facts, documents, and witnesses that support the denial of a
2  statement or allegation of fact" because the "universe of potentially responsive
3  information is almost endless"). MGA (HK) further objects on the ground that it is
4  an abuse of the discovery process to effectively ask a Party to prove his, her or its
5  entire case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas*
6  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,
7  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)
8  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and
9  to marshal all evidence, in response to one interrogatory" is overbroad and
10  "constitutes an abuse of the discovery process").
11       MGA (HK) further objects to the extent that this interrogatory seeks
12  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s
13  possession, custody, or control. In particular, MGA (HK) objects to this
14  interrogatory to the extent that it requests that MGA (HK) "state all facts … and
15  IDENTIFY all PERSONS…and all DOCUMENTS" (emphasis added). In
16  responding to this interrogatory, MGA (HK) undertakes only to make a good faith,
17  reasonable effort to summarize facts currently known to it, and reserves the right to
18  supplement its response.
19       MGA (HK) further objects to this interrogatory because Mattel has
20  propounded more than 50 interrogatories. Under Judge Larson's order of February
21  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
22  04049-SGL and CV 05-02727]."
23       Subject to and without waiving the foregoing objections, MGA (HK)
24  responds as follows: MGA (HK) is willing to meet and confer with Mattel regarding
25  this interrogatory and the obligation of Mattel to supplement its responses to MGA's
26  First Set of Interrogatories.

27  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**
28       MGA (HK) incorporates by reference its General Response and General

54

EXHIBIT 22 PAGE 341

1  Objections above, as though fully set forth herein and specifically incorporates

2  General Objection No. 7 (regarding Definitions), including but not limited to its

3  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

4  and further objects on the ground that the interrogatory is overbroad, unduly

5  burdensome, vague and ambiguous both generally and specifically with respect to

6  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA (HK) also

7  objects to this interrogatory to the extent it seeks information that is not subject to

8  disclosure under any applicable privilege, doctrine or immunity, including without

9  limitation the attorney-client privilege, the work product doctrine, the right of

10  privacy, and all other privileges recognized under the constitutional, statutory or

11  decisional law of the United States of America, the State of California or any other

12  applicable jurisdiction.  MGA (HK) further objects to the interrogatory to the extent

13  it calls for a legal conclusion.  MGA (HK) further objects to the interrogatory on the

14  ground that Mattel – not MGA (HK) – bears the burden of proof to show that Bryant

15  breached any duties, fiduciary or otherwise, to Mattel.

16            MGA (HK) further objects on the ground that this interrogatory is an

17  overbroad and unduly burdensome contention interrogatory to the extent it asks for

18  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

19  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

20  requests seeking "all facts, documents, and witnesses that support the denial of a

21  statement or allegation of fact" because the "universe of potentially responsive

22  information is almost endless").  MGA (HK) further objects on the ground that it is

23  an abuse of the discovery process to effectively ask a Party to prove his, her or its

24  entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*

25  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

26  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

27  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

28  to marshal all evidence, in response to one interrogatory" is overbroad and

EXHIBIT 22 PAGE 342

1  "constitutes an abuse of the discovery process").

2          MGA (HK) further objects to the extent that this interrogatory seeks

3  information that is outside MGA (HK)'s knowledge and is not in MGA (HK)'s

4  possession, custody, or control. In particular, MGA (HK) objects to this

5  interrogatory to the extent that it requests that MGA (HK) "state all facts ... and

6  IDENTIFY all PERSONS...and all DOCUMENTS" (emphasis added). In

7  responding to this interrogatory, MGA (HK) undertakes only to make a good faith,

8  reasonable effort to summarize facts currently known to it, and reserves the right to

9  supplement its response.

10         Subject to and without waiving the foregoing objections, MGA (HK)

11  responds as follows:

12         Bryant was not a fiduciary of Mattel. Bryant was not an officer or

13  director of Mattel. Mattel has not proven any facts that would support its claim that

14  Bryant was a fiduciary of Mattel. MGA (HK) responds further that Bryant did not

15  perform any services for MGA prior to signing his agreement with MGA on October

16  4, 2000. Bryant's activities with respect to the Bratz concept prior to October 4,

17  2000, were directed to securing a commercially beneficial relationship with MGA,

18  i.e., Bryant "pitched" the concept of Bratz to MGA. In addition, Bryant's

19  employment with Mattel was at will, and Bryant had the right to leave Mattel to join

20  a competitor, or to work for a competitor, at any time. Any work that Bryant

21  performed relating to his Bratz ideas during the time period that he was still

22  employed by Mattel constituted lawful steps by Bryant to prepare to embark upon a

23  new career. Isaac Larian instructed Bryant to leave Mattel immediately upon

24  executing his contract with MGA. During the period from October 4, 2000, through

25  October 20, 2000, Bryant contributed very little to the development of what later

26  became the first generation of Bratz dolls.

27         The following persons have knowledge of the facts and circumstances

28  supporting this contention: Isaac Larian, Carter Bryant, Victoria O'Connor, Margaret

EXHIBIT __22__ PAGE __343__

1 Leahy, Aileen Storer, Veronica Marlow, Paula Garcia, and Anne Wang.

2 **INTERROGATORY NO. 39:**

3        IDENTIFY each and every bank or financial institution account that

4 REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR

5 benefit, since January 1, 1999.

6 **RESPONSE TO INTERROGATORY NO. 39:**

7        MGA (HK) incorporates by reference its General Response and General

8 Objections above, as though fully set forth herein and specifically incorporates

9 General Objection No. 7 (regarding Definitions), including but not limited to its

10 objections to the definitions of the terms IDENTIFY and REFERS OR RELATES

11 TO, and further objects on the ground that the interrogatory is overbroad, unduly

12 burdensome, vague and ambiguous both generally and specifically with respect to

13 the terms YOU and YOUR. MGA (HK) also objects to this interrogatory to the

14 extent it seeks information that is not subject to disclosure under any applicable

15 privilege, doctrine or immunity, including without limitation the attorney-client

16 privilege, the work product doctrine, the right of privacy, and all other privileges

17 recognized under the constitutional, statutory or decisional law of the United States

18 of America, the State of California or any other applicable jurisdiction. MGA (HK)

19 further objects to this interrogatory as premature asset discovery under Federal Rule

20 of Civil Procedure 69(a), as there is presently no judgment for the payment of money

21 pending against MGA (HK). MGA (HK) further objects on the grounds that it is

22 overbroad, not relevant to the claims or defenses of any party to the action and not

23 reasonably calculated to lead to the discovery of admissible evidence.

24 **INTERROGATORY NO. 40:**

25        IDENTIFY each and every STORAGE DEVICE that YOU have used

26 for any purpose which contains or contained DIGITAL INFORMATION that

27 REFERS OR RELATES TO BRATZ prior to January 1, 2002.

28

EXHIBIT 22   PAGE 344

**RESPONSE TO INTERROGATORY NO. 40:**

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO and BRATZ, and further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL INFORMATION. MGA (HK) further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, MGA (HK) objects to the terms IDENTIFY and STORAGE DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA (HK) to provide numerous discrete facts for each STORAGE DEVICE, including:

      (a)    the individual(s) that use or have used the STORAGE DEVICE;

      (b)    the current location of the STORAGE DEVICE;

      (c)    the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

      (d)    the type of STORAGE DEVICE;

      (e)    whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image and the IDENTITY of the PERSONS who possess such copies or image);

      (f)    the date(s) on which such copies or images were made;

      (g)    the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

      (h)    the technical specifications and capacities of such STORAGE DEVICE.

EXHIBIT __22__ PAGE __345__

In addition, Mattel's definition of YOU could be read to require MGA (HK) to provide the foregoing information about STORAGE DEVICES belonging to each of the responding parties.

MGA (HK) also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA (HK) further objects to the interrogatory on the ground that it is premature because the invention, creation, conception, or reduction to practice of Bratz (and related issues) will be the subject of expert testimony at trial. MGA (HK) objects to this interrogatory to the extent it seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial. MGA (HK) will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules. MGA (HK) further objects to the extent that this interrogatory seeks information that is outside of MGA (HK)'s knowledge and is not in MGA (HK)'s possession, custody or control.

MGA (HK) further objects to this interrogatory because Mattel has propounded more than 50 interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

Subject to and without waiving the foregoing objections, MGA (HK) responds as follows: MGA (HK) is willing to meet and confer with Mattel regarding this interrogatory and the obligation of Mattel to supplement its responses to MGA's First Set of Interrogatories.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 40:

MGA (HK) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates

EXHIBIT __22__ PAGE __346__

1  General Objection No. 7 (regarding Definitions), including but not limited to its

2  objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO

3  and BRATZ, and further objects to this interrogatory on the grounds that it is

4  overbroad, unduly burdensome, vague and ambiguous both generally and

5  specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL

6  INFORMATION.   MGA (HK) further objects to this interrogatory as compound

7  because it contains discrete subparts that require separate, distinct and multiple

8  responses.  Specifically, MGA (HK) objects to the terms IDENTIFY and STORAGE

9  DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term

10  calls for responses to multiple discrete subparts.  For example, Mattel's definition of

11  the term IDENTIFY in the context of this interrogatory would require MGA (HK) to

12  provide numerous discrete facts for each STORAGE DEVICE, including:

13          (a)    the individual(s) that use or have used the STORAGE DEVICE;

14          (b)    the current location of the STORAGE DEVICE;

15          (c)    the IDENTITY of the PERSON who possesses the STORAGE

16  DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

17          (d)    the type of STORAGE DEVICE;

18          (e)    whether the STORAGE DEVICE has ever been copied or imaged

19  (and if so, the current location of each copy or image and the IDENTITY of the

20  PERSONS who possess such copies or image);

21          (f)    the date(s) on which such copies or images were made;

22          (g)    the manufacturer name, brand, model name, model number, and

23  serial number of the STORAGE DEVICE;

24          (h)    the technical specifications and capacities of such STORAGE

25  DEVICE.

26          In addition, Mattel's definition of YOU could be read to require MGA

27  (HK) to provide the foregoing information about STORAGE DEVICES belonging to

28  each of the responding parties.

EXHIBIT __22__ PAGE __347__

1   MGA (HK) also objects to this interrogatory to the extent it seeks

2   information that is not subject to disclosure under any applicable privilege, doctrine

3   or immunity, including without limitation the attorney-client privilege, the work

4   product doctrine, the right of privacy, and all other privileges recognized under the

5   constitutional, statutory or decisional law of the United States of America, the State

6   of California or any other applicable jurisdiction. MGA (HK) further objects to the

7   interrogatory on the ground that it is premature because the invention, creation,

8   conception, or reduction to practice of Bratz (and related issues) will be the subject

9   of expert testimony at trial. MGA (HK) objects to this interrogatory to the extent it

10  seeks to limit the expert testimony that MGA (HK) may seek to introduce at trial.

11  MGA (HK) will identify its experts and make related disclosures in accordance with

12  the Court's orders and applicable rules. MGA (HK) further objects to the extent that

13  this interrogatory seeks information that is outside of MGA (HK)'s knowledge and is

14  not in MGA (HK)'s possession, custody or control.

15      Subject to and without waiving the foregoing objections, MGA (HK)

16  responds as follows:

17      With respect to North America prior to January 1, 2002, MGA

18  maintained several Snap servers in Los Angeles containing mostly graphic art files.

19  The servers are no longer in service but are currently archived at MGA's Southern

20  California facility. MGA Art Department personnel also used Macintosh desktops

21  and laptops that linked to the snap servers which may have contained files referring

22  to Bratz. Files created with accounting and other back office software applications

23  were saved on sequel servers located in Los Angeles via an application called "Great

24  Plains." MGA personnel's emails were located on an exchange server, also housed

25  in Los Angeles. MGA employees save all company related work files on a file

26  server called the "U Drive," which is also used by MGA (HK) employees. This

27  Drive is still in production and has been upgraded to a Netapp Storage System.

28      With respect to MGA's offices in Hong Kong prior to January 1, 2002,

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT __22__ PAGE __348__

1  MGA (HK) Art Department personnel utilized Macintosh desktops that linked to a

2  few file servers housed in Hong Kong to store graphic files.  MGA (HK) personnel

3  connected to the "Great Plains" sequel server located in Southern California.  MGA

4  (HK) maintained its own exchange server in Hong Kong for emails to and from

5  MGA (HK) employees.

6  **INTERROGATORY NO. 41:**

7  IDENTIFY all PERSONS who at any time have been employed by or

8  under contract with MATTEL who are now or have been employed by or under

9  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

10  her name, date of hire or effective date of contract, the date on which YOU first had

11  contact with such PERSON regarding potential employment or contracting, the

12  date(s) on which such PERSON was interviewed for possible employment or

13  contracting, each title (if any) such PERSON has held while employed by or under

14  contract with YOU, and the date of termination (if applicable).

15  **RESPONSE TO INTERROGATORY NO. 41:**

16  MGA (HK) incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including but not limited to its

19  objections to the definitions of the term IDENTIFY and further objects to this

20  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

21  ambiguous both generally and specifically with respect to the terms YOU.  MGA

22  (HK) also objects to this interrogatory to the extent it seeks information that is not

23  subject to disclosure under any applicable privilege, doctrine or immunity, including

24  without limitation the attorney-client privilege, the work product doctrine, the right

25  of privacy, and all other privileges recognized under the constitutional, statutory or

26  decisional law of the United States of America, the State of California or any other

27  applicable jurisdiction.

28  Subject to and without waiving the foregoing objections, MGA (HK)

EXHIBIT  22  PAGE  349

1  responds as follows:  MGA (HK) is willing to meet and confer with Mattel regarding
2  this interrogatory and the obligation of Mattel to supplement its responses to MGA's
3  First Set of Interrogatories.

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

5        MGA (HK) incorporates by reference its General Response and General
6  Objections above, as though fully set forth herein and specifically incorporates
7  General Objection No. 7 (regarding Definitions), including but not limited to its
8  objections to the definitions of the term IDENTIFY and further objects to this
9  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
10 ambiguous both generally and specifically with respect to the terms YOU.  MGA
11 (HK) also objects to this interrogatory to the extent it seeks information that is not
12 subject to disclosure under any applicable privilege, doctrine or immunity, including
13 without limitation the attorney-client privilege, the work product doctrine, the right
14 of privacy, and all other privileges recognized under the constitutional, statutory or
15 decisional law of the United States of America, the State of California or any other
16 applicable jurisdiction.

17       Subject to and without waiving the foregoing objections, MGA (HK)
18 responds as follows:  the following is a list of all former Mattel employees who have
19 been employed by MGA, MGA (HK) or MGAE de MEXICO S.R.L. de C.V. since
20 January 1, 1999:

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04- Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06- Present |
| Black, Nanette | SVP, HR | 2/12/07 – Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06- Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02- Present |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT __22__ PAGE 350

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04- Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05- Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06- Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06- Present |
| Cheng, Steve | Sr. Designer | 04/08/02- Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06- Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04- Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06- Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03- Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02- Present |
| Feldman, Joe | Design Engineer | 12/08/04- Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06- Present |
| Garcia, Mia | Dev. Designer | 2/23/05- Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00- Present |
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance; | 10/16/06- Present; |
| | Quality Assurance Mgr. | 1/3/05- 8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 - Present |
| Hansen, Melody | Face Painter | 03/13/06- Present |
| Hansen, Todd | Packaging Engineer | 5/2/05- Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT _22_ PAGE _351_

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Hinh, Michael | Mgr. Category Adv. | 6/28/05-Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05-Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05-Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05-Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 -Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03-Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05-Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04-Present |
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT _22_ PAGE _352_

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soal, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT 22   PAGE 353

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 – 3/2/07, 4/16/07 – Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 – Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz; VP Marketing | 08/17/06 – Unknown; 5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |

67

EXHIBIT _22_ PAGE _354_

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |

MGA HK'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT 22   PAGE 355

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

DATED:  November 30, 2007

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:

Thomas J. Nolan

Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) Ltd., and MGAE de MEXICO S.R.L. de C.V.

69

EXHIBIT  22   PAGE 356