**Exhibit 23**



THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail:    tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail:    rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual <br><br> Plaintiff, <br><br> v. <br><br> MATTEL, INC., a Delaware corporation <br><br> Defendant. <br><br> ———————————————— <br> Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx) <br><br> Consolidated with Case No. 04-9059 and Case No. 05-2727 <br><br> **MGAE DE MEXICO S.R.L. DE C.V.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** <br><br> Honorable Stephen G. Larson <br> Courtroom 1 <br><br> Discovery Cut-Off: March 3, 2008 |

**PROPOUNDING PARTY:**   **MATTEL, INC.  ("MATTEL")**

**RESPONDING PARTY:**   **MGAE DE MEXICO S.R.L. DE C.V.**

**SET NUMBER:**   **REVISED THIRD**

11/30

EXHIBIT 23   PAGE 357

## PRELIMINARY STATEMENT

1

2       The General Response set forth herein applies to all responses that

3  MGAE de Mexico S.R.L. de C. V., ("MGA (Mexico)") is providing in response to

4  these interrogatories (the "Interrogatories") or may in the future provide in response

5  to any discovery request in this action.  The Response is made without waiving, or

6  intending to waive but, on the contrary, expressly reserving:  (a) the right to object,

7  on the grounds of competency, privilege, relevancy or materiality, or any other

8  proper grounds, to the use of the Response, for any purpose in whole or in part, in

9  any subsequent step or proceeding in this action or any other action; (b) the right to

10  object on any and all grounds, at any time, to other interrogatories or other discovery

11  procedures; and (c) the right at any time to revise, correct, add to, or clarify any of

12  the responses propounded herein.

13       The Response reflects only the present state of MGA (Mexico)'s

14  discovery regarding the information that Mattel seeks.  Discovery and other

15  investigation or research concerning this litigation are continuing.  Mattel has

16  produced almost no documents to date and has produced no documents from its Zeus

17  computer system, and has not provided other discovery responses, including without

18  limitation supplemental responses to its March 7, 2005, responses to MGA's First Set

19  of Interrogatories (which responses were comprised almost entirely of objections).  It

20  is anticipated that further discovery, independent investigation, and legal research

21  and analysis will supply additional facts and meaning to the known facts, as well as

22  establish entirely new factual conclusions, all of which may lead MGA (Mexico) to

23  discover other information responsive to these Interrogatories.  MGA (Mexico)

24  therefore reserves the right to amend or supplement this Response at any time in

25  light of future investigation, research or analysis, and also expressly reserves the

26  right to rely on, at any time, including trial, subsequently discovered information

27  omitted from this Response as a result of mistake, error, oversight or inadvertence.

28  MGA (Mexico) does not hereby admit, adopt or acquiesce in any factual or legal

1

EXHIBIT 23 PAGE 358

1  contention, assertion or characterization contained in the Interrogatories or any
2  particular request therein, even where MGA (Mexico) has not otherwise objected to
3  a particular interrogatory, or has agreed to provide information responsive to a
4  particular interrogatory.

5       No incidental or implied admissions are intended by this Response.
6  These responses should not be taken as an admission that MGA (Mexico) accepts or
7  admits the existence of any facts set forth or assumed by any instruction, definition
8  or interrogatory.

9                    **GENERAL OBJECTIONS**

10      MGA (Mexico) responds to these Interrogatories subject to the
11 following general objections and limitations, each of which is incorporated into each
12 and every response as though fully set forth therein:

13      1.    MGA (Mexico) objects to these Interrogatories to the extent they
14 seek information that is not subject to disclosure under any applicable privilege,
15 doctrine or immunity, including without limitation the attorney-client privilege, the
16 work product doctrine, the right of privacy, and all other privileges recognized under
17 the constitutional, statutory or decisional law of the United States of America, the
18 State of California or any other applicable jurisdiction.

19      2.    MGA (Mexico) objects to these Interrogatories to the extent they
20 seek information not relevant to the claims or defenses of any party to this action and
21 not reasonably calculated to lead to the discovery of admissible evidence.

22      3.    MGA (Mexico) objects to these Interrogatories to the extent they
23 seek information which by reason of public filing or otherwise is already in Mattel's
24 possession or is readily accessible to Mattel.

25      4.    MGA (Mexico) objects to these Interrogatories to the extent they
26 seek the disclosure of information (1) not currently within its possession, custody or
27 control; (2) that MGA (Mexico) cannot locate after a reasonably diligent search; or
28 (3) that refer to persons, entities, or events not known to MGA (Mexico).

                    2

EXHIBIT 23 PAGE 359

1    5.    MGA (Mexico) objects to these Interrogatories to the extent they

2    are overbroad and unduly burdensome.

3    6.    MGA (Mexico) objects to the definitions and instructions to the

4    extent such definitions and instructions purport to enlarge, expand, or alter in any

5    way the plain meaning and scope of any specific term or specific interrogatories on

6    the ground that such enlargement, expansion, or alteration renders such a term or

7    request vague, ambiguous, unintelligible, overly broad, unduly burdensome or

8    uncertain.

9    7.    MGA (Mexico) objects to the following definitions in these

10   Interrogatories:

11   (a)    MGA (Mexico) objects to the definition of the term

12   "BRATZ" (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly

13   burdensome, and designed to mislead and confuse the trier of fact.  The definition

14   includes "any project, product, doll or DESIGN ever known by [the Bratz] name

15   (whether in whole or in part and regardless of what such project, product or doll is or

16   has been also, previously or subsequently called) and any product, doll or DESIGN

17   or any portion thereof that is now or has ever been known as, or sold or marketed

18   under, the name or term 'Bratz' (whether in whole or in part and regardless of what

19   such product, doll or DESIGN or portion thereof is or has been also, previously or

20   subsequently called) or that is now or has ever been marketed as part of the 'Bratz'

21   line, and each version or iteration of such product, doll or DESIGN or any portion

22   thereof," and it goes on.  By incorporating the definition of DESIGN, the overly

23   broad definition of BRATZ includes two-dimensional and three-dimensional

24   representations, including "works, designs, artwork, sketches, drawings, illustrations,

25   representations, depictions, blueprints, schematics, diagrams, images, sculptures,

26   prototypes, models, samples, rotocasts, reductions to practice, developments,

27   inventions and/or improvements . . . ."  (Definitions ¶ 8.)  These convoluted and

28   multi-part definitions combine to render the interrogatories vague, ambiguous and

3

EXHIBIT 23   PAGE 360

1  overly broad, and to include within the term BRATZ things that do not fairly

2  represent the Bratz line of dolls, accessories and related products that are the subject

3  of this case.  In responding to these interrogatories, MGA (Mexico) will interpret the

4  term BRATZ to mean the line of dolls introduced by MGA (Mexico) to the market

5  for sale in May or June of 2001 and subsequent dolls, accessories and other products

6  known as Bratz or associated by MGA (Mexico) with the Bratz line of dolls;

7              (b)      MGA (Mexico) objects to the definition of the term

8  "BRATZ DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

9  burdensome, and designed to mislead and confuse the trier of fact.  The definition

10  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

11  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

12  "BRATZ DOLL" unintelligible because MGA (Mexico) cannot know, by way of

13  example, what dolls may "deal with, comment on, respond to, . . . or in any way

14  pertain" (Definitions ¶ 20) to "BRATZ."  In responding to these interrogatories,

15  MGA (Mexico) will interpret the term "BRATZ DOLL" to mean the line of dolls

16  introduced by MGA (Mexico) to the market for sale in May or June of 2001 and

17  subsequent dolls known as Bratz;

18              (c)      MGA (Mexico) objects to the definition of the term

19  "CREATED" (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly

20  burdensome, and designed to mislead and confuse the trier of fact.  The definition

21  strays far from the English meaning of the term "created" by including concepts such

22  as "improved," "altered," "conceived of" and "reduced to practice."  Thus, by way of

23  example, under Mattel's definition of "CREATED," the jury could be misled into

24  believing that a person "CREATED" a particular thing when that person did not, but

25  only slightly altered or improved the thing.  In responding to these interrogatories,

26  MGA (Mexico) will not interpret the term "CREATED," but rather will respond

27  using words contained within the Mattel definition in their normal, accepted

28  meaning;

EXHIBIT 23    PAGE 361

1    (d)    MGA (Mexico) objects to the definition of the term

2  "INVENTIONS AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly

3  broad and unduly burdensome, and designed to mislead and confuse the trier of fact.

4  The definition includes "any other version of such January 4, 1999 agreement."  In

5  responding to these interrogatories, MGA (Mexico) will interpret the term

6  "INVENTIONS AGREEMENT" to refer to the document Bates numbered

7  M0001596;

8    (e)    MGA (Mexico) objects to the definition of the term

9  "BRATZ INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and

10  unduly burdensome, and designed to mislead and confuse the trier of fact.  The

11  definition strays far from the English meaning of the term "invention" by including

12  concepts such as representation, idea, concept, work, process, procedure, plan,

13  improvement, design and development, none of which necessarily equate to an

14  invention.  In responding to these interrogatories, MGA (Mexico) will not interpret

15  the term "BRATZ INVENTION," but rather will respond using words contained

16  within the Mattel definition in their normal, accepted meaning.

17    (f)    MGA (Mexico) objects to the terms "IDENTIFY" or

18  "IDENTITY" as overbroad, unduly burdensome, vague, ambiguous, and oppressive.

19  Mattel's definition of these terms inherently call for answers to multiple discrete

20  questions or subparts to questions.  For example, when those terms are used to

21  reference any BRATZ INVENTION, the use of those terms requests at least 10

22  different and distinct facts: (a) the Bates number of any document that "REFERS OR

23  RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual

24  author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

25  individual who contributed in any manner to the BRATZ INVENTION; (d) the form,

26  material and medium of the BRATZ INVENTION; (e) the title or name of the

27  BRATZ INVENTION; (f) the version, modification, revision or iteration number of

28  the BRATZ INVENTION; (g) the current location of the original of the BRATZ

EXHIBIT 23  PAGE 362

1  INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

2  the last day on which the BRATZ INVENTION was CREATED; (j) whether the

3  entire invention was CREATED during the period of time listed in the Interrogatory

4  (and if not, which portions were created during, earlier, or later than the period of

5  time listed in the Interrogatory.)  Therefore, any interrogatory that includes or

6  incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and

7  should be posed as separate interrogatories.

8           (g)    MGA (Mexico) objects to the terms "any" and "REFER

9  OR RELATE TO" on the grounds and to the extent that they are overbroad, unduly

10  burdensome or are vague and ambiguous in the context of the interrogatories as

11  written and as those interrogatories would be plainly understood absent Mattel's

12  definitions.

13           8.    MGA (Mexico) objects to these interrogatories to the extent that

14  they may unfairly seek to restrict the facts on which MGA (Mexico) may rely at trial.

15  Discovery has not been completed and MGA (Mexico) is not yet necessarily in

16  possession of all the facts and documents upon which MGA (Mexico) intends to

17  rely.  All of the responses submitted herewith are tendered to Mattel with the

18  reservation that the responses are submitted without limiting the evidence on which

19  MGA (Mexico) may rely to support the contentions and defenses that MGA

20  (Mexico) may assert at the trial of this action and to rebut or impeach the

21  contentions, assertions and evidence that Mattel may present.  MGA (Mexico)

22  reserves the right to supplement or amend these responses at a future date.

23           9.    MGA (Mexico) objects to each interrogatory to the extent that it

24  seeks information that will be the subject of expert witness testimony and that is

25  therefore premature.

26           10.   MGA (Mexico) objects to each interrogatory to the extent that it

27  seeks the disclosure of confidential, proprietary, or trade-secret information.

28           11.   MGA (Mexico) objects to each interrogatory to the extent that it

6

EXHIBIT 23  PAGE 363

1   calls for a legal conclusion.

2        12.    MGA (Mexico) reserves the right to object on any ground at any

3   time to such other and supplemental discovery requests as Mattel may propound

4   involving or relating to the same subject matter of these interrogatories.

5        13.    The responses below shall not be construed as an admission as to

6   the relevance or admissibility of any statement or characterization contained in any

7   interrogatory.  MGA (Mexico) reserves all objections, including without limitation

8   objections as to competency, relevance, materiality, privilege, authenticity, or

9   admissibility.

10       14.    Consistent with Rule 33(d) of the Federal Rules of Civil

11  Procedure, MGA (Mexico) objects to providing responses to interrogatories that can

12  be derived from documents that have or will be produced (when requested in

13  compliance with Rule 26) and where the burden to derive such information is

14  substantially the same for Mattel as it is for MGA (Mexico).

15       15.    In responding to these Interrogatories, MGA (Mexico) has not

16  and will not comply with any instructions or definitions that seek to impose

17  requirements in addition to those imposed by the Federal Rules of Civil Procedure

18  and any applicable local rule.

19       16.    To the extent MGA (Mexico) responds to an interrogatory, it

20  does so without waiving or intending to waive but rather, on the contrary, preserving

21  and intending to preserve, its contention that anything Mr. Bryant did on weekends,

22  evenings, vacation and any other time outside ordinary business hours was not done

23  while he was working for Mattel.  MGA (Mexico)'s response may not be taken as an

24  admission that the information it provides in its response in any way reflects or

25  evidences work performed by Mr. Bryant while he was working for Mattel or that

26  MGA (Mexico) adopts or agrees with any fact or legal conclusion assumed,

27  presumed or contained in Mattel's interrogatory.

28       17.    MGA (Mexico) objects to each of Mattel's interrogatories

7

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT  23   PAGE  364

1  because Mattel has propounded more than 50 interrogatories, including discrete

2  subparts.  Under Judge Larson's order of February 22, 2007, "Interrogatories are

3  limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-

4  02727]."

5  **SPECIFIC OBJECTIONS AND RESPONSES**

6  Without waiving or departing from its General Response and General

7  Objections, and specifically incorporating them in its response to each Interrogatory

8  below, MGA (Mexico) makes the following additional objections and responses to

9  specific Interrogatories:

10  **INTERROGATORY NO. 27:**

11  IDENTIFY each and every BRATZ INVENTION YOU contend was

12  CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

13  INVENTION so identified state all facts that support YOUR contention that such

14  BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

15  January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

16  DOCUMENTS which REFER OR RELATE TO such facts.

17  **RESPONSE TO INTERROGATORY NO. 27:**

18  MGA (Mexico) incorporates by reference its General Response and

19  General Objections above, as though fully set forth herein and specifically

20  incorporates General Objection No. 7 (regarding the Definitions), including but not

21  limited to its objections to the definitions of the terms BRATZ INVENTION,

22  CREATED, IDENTIFY and REFER OR RELATES TO.  MGA (Mexico) further

23  objects to this interrogatory as compound because it contains discrete subparts that

24  require separate, distinct and multiple responses.  Specifically, MGA (Mexico)

25  objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's

26  definition of this term calls for responses to multiple discrete subparts.  For example,

27  Mattel's definition of the term IDENTIFY in the context of this interrogatory would

28  require MGA (Mexico) to provide a multitude of discrete responses for each BRATZ

8

EXHIBIT_23     PAGE 365

1    INVENTION, including:

2            (a)    the Bates number of any document that "REFERS OR RELATES

3    TO the BRATZ INVENTION;"

4            (b)    the IDENTITY of the individual author or creator of the BRATZ

5    INVENTION;

6            (c)    the IDENTITY of each other individual who contributed in any

7    manner to the BRATZ INVENTION;

8            (d)    the form, material and medium of the BRATZ INVENTION;

9            (e)    the title or name of the BRATZ INVENTION;

10            (f)    the version, modification, revision or iteration number of the

11    BRATZ INVENTION;

12            (g)    the current location of the original of the BRATZ INVENTION;

13            (h)    the first day on which the BRATZ INVENTION was CREATED;

14            (i)    the last day on which the BRATZ INVENTION was CREATED;

15            (j)    whether the entire invention was CREATED during the period of

16    time listed in the Interrogatory (and if not, which portions were created during,

17    earlier, or later than the period of time listed in the Interrogatory).

18            This interrogatory is further compounded by Mattel's definition of

19    IDENTITY, which purports to require MGA (Mexico) to provide the following

20    information for each of the individuals Mattel is requesting that MGA (Mexico)

21    identify with respect to each BRATZ INVENTION: (a) the individual's name; (b)

22    any known business title; (c) the current or last known business affiliation; (d)

23    current or last known residential address; (e) current or last known business address;

24    (f) current or last known relationship to MGA (Mexico); and (g) current or last

25    known telephone number.

26            MGA (Mexico) further objects to this interrogatory on the grounds that

27    it is overbroad, unduly burdensome, vague and ambiguous both generally and

28    specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

9

EXHIBIT  23  PAGE  366

1  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

2  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

3  RELATES TO, is so broad and over-inclusive that it could be read to include each

4  and every thought, idea and conversation that anyone may have had about BRATZ

5  during the time period at issue.

6          MGA (Mexico) further objects to the extent that this interrogatory seeks

7  information that is outside of MGA (Mexico)'s knowledge and is not in MGA

8  (Mexico)'s possession, custody or control.  In particular, MGA (Mexico) objects to

9  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .

10 and IDENTIFY *all* PERSONS ... and *all* DOCUMENTS" (emphasis added).

11          MGA (Mexico) also objects to this interrogatory to the extent it seeks

12 information that is not subject to disclosure under any applicable privilege, doctrine

13 or immunity, including without limitation the attorney-client privilege, the work

14 product doctrine, the right of privacy, and all other privileges recognized under the

15 constitutional, statutory or decisional law of the United States of America, the State

16 of California or any other applicable jurisdiction.  MGA (Mexico) further objects to

17 the interrogatory on the ground that it is premature because the invention, creation,

18 conception, or reduction to practice of Bratz (and related issues) will be the subject

19 of expert testimony at trial.  MGA (Mexico) objects to this interrogatory to the extent

20 it seeks to limit the expert testimony that MGA (Mexico) may seek to introduce at

21 trial.  MGA (Mexico) will identify its experts and make related disclosures in

22 accordance with the Court's orders and applicable rules.

23          MGA (Mexico) further objects to this interrogatory because Mattel has

24 propounded more than 50 interrogatories.  Under Judge Larson's order of February

25 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

26 04049-SGL and CV 05-02727]."

27          Subject to and without waiving the foregoing objections, MGA

28 (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

EXHIBIT __23__ PAGE __367__

1  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

2  responses to MGA's First Set of Interrogatories.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

4       MGA (Mexico) incorporates by reference its General Response and

5  General Objections above, as though fully set forth herein and specifically

6  incorporates General Objection No. 7 (regarding the Definitions), including but not

7  limited to its objections to the definitions of the terms BRATZ INVENTION,

8  CREATED, IDENTIFY and REFER OR RELATES TO.  MGA (Mexico) further

9  objects to this interrogatory as compound because it contains discrete subparts that

10  require separate, distinct and multiple responses.  Specifically, MGA (Mexico)

11  objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's

12  definition of this term calls for responses to multiple discrete subparts.  For example,

13  Mattel's definition of the term IDENTIFY in the context of this interrogatory would

14  require MGA (Mexico) to provide a multitude of discrete responses for each BRATZ

15  INVENTION, including:

16       (a)   the Bates number of any document that "REFERS OR RELATES

17  TO the BRATZ INVENTION;"

18       (b)   the IDENTITY of the individual author or creator of the BRATZ

19  INVENTION;

20       (c)   the IDENTITY of each other individual who contributed in any

21  manner to the BRATZ INVENTION;

22       (d)   the form, material and medium of the BRATZ INVENTION;

23       (e)   the title or name of the BRATZ INVENTION;

24       (f)   the version, modification, revision or iteration number of the

25  BRATZ INVENTION;

26       (g)   the current location of the original of the BRATZ INVENTION;

27       (h)   the first day on which the BRATZ INVENTION was CREATED;

28       (i)   the last day on which the BRATZ INVENTION was CREATED;

11

EXHIBIT 23 : 368

1    (j)    whether the entire invention was CREATED during the period of
2    time listed in the Interrogatory (and if not, which portions were created during,
3    earlier, or later than the period of time listed in the Interrogatory).
4         This interrogatory is further compounded by Mattel's definition of
5    IDENTITY, which purports to require MGA (Mexico) to provide the following
6    information for each of the individuals Mattel is requesting that MGA (Mexico)
7    identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b)
8    any known business title; (c) the current or last known business affiliation; (d)
9    current or last known residential address; (e) current or last known business address;
10   (f) current or last known relationship to MGA (Mexico); and (g) current or last
11   known telephone number.
12        MGA (Mexico) further objects to this interrogatory on the grounds that
13   it is overbroad, unduly burdensome, vague and ambiguous both generally and
14   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,
15   DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ
16   INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
17   RELATES TO, is so broad and over-inclusive that it could be read to include each
18   and every thought, idea and conversation that anyone may have had about BRATZ
19   during the time period at issue.
20        MGA (Mexico) further objects to the extent that this interrogatory seeks
21   information that is outside of MGA (Mexico)'s knowledge and is not in MGA
22   (Mexico)'s possession, custody or control.  In particular, MGA (Mexico) objects to
23   this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .
24   and IDENTIFY *all* PERSONS ... and *all* DOCUMENTS" (emphasis added).
25        MGA (Mexico) also objects to this interrogatory to the extent it seeks
26   information that is not subject to disclosure under any applicable privilege, doctrine
27   or immunity, including without limitation the attorney-client privilege, the work
28   product doctrine, the right of privacy, and all other privileges recognized under the

12

EXHIBIT 23

369

1  constitutional, statutory or decisional law of the United States of America, the State

2  of California or any other applicable jurisdiction.  MGA (Mexico) further objects to

3  the interrogatory on the ground that it is premature because the invention, creation,

4  conception, or reduction to practice of Bratz (and related issues) will be the subject

5  of expert testimony at trial.  MGA (Mexico) objects to this interrogatory to the extent

6  it seeks to limit the expert testimony that MGA (Mexico) may seek to introduce at

7  trial.  MGA (Mexico) will identify its experts and make related disclosures in

8  accordance with the Court's orders and applicable rules.

9          Subject to and without waiving the foregoing objections, MGA

10  (Mexico) responds as follows:

11          With respect to "inventions" as that term is used in utility patent law,

12  MGA (Mexico) does not make any affirmative contentions as to whether there were

13  any such inventions, except that MGA (Mexico) contends that the conception and/or

14  reduction to practice of any such invention occurred before January 1999 and/or after

15  October 20, 2000.  With respect to design patents, in August or September of 1998,

16  Carter Bryant, inspired by images he was exposed to, including in the August 1998

17  issue of *Seventeen Magazine*, the appearance of teenagers, as well as other images in

18  the public domain, conceived of an idea for a line of dolls he named Bratz.  At the

19  same time, Bryant sketched a series of drawings to illustrate his idea.  To the extent

20  said idea contained elements covered by design patent law, no such invention was

21  "reduced to practice" until after October 20, 2000.  Nor did it fall within the scope of

22  the term "inventions" as used in the "INVENTIONS AGREEMENT."

23          The following persons have knowledge of the facts and circumstances

24  surrounding Bryant's conception and his illustrative drawings that he named Bratz:

25  Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;

26  Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

27          The following documents may be relevant to these facts:  the sketches

28  drawn by Bryant in August or September of 1998; publicly available materials that

EXHIBIT  23  PAGE  370

1   Bryant identified in his deposition testimony as inspiring his conception of a line of

2   dolls in August or September of 1998, including but not limited to the August 1998

3   issue of *Seventeen Magazine*; and other documents shown to Bryant at his November

4   2004 deposition.

5   **INTERROGATORY NO. 28:**

6           IDENTIFY each and every BRATZ INVENTION YOU contend was

7   CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

8   for each BRATZ INVENTION so identified state all FACTS that support YOUR

9   contention that such BRATZ INVENTION (or aspects or portions thereof) was

10  CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

11  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

12  RELATE TO such facts.

13  **RESPONSE TO INTERROGATORY NO. 28:**

14          MGA (Mexico) incorporates by reference its General Response and

15  General Objections above, as though fully set forth herein and specifically

16  incorporates General Objection No. 7 (regarding the Definitions), including but not

17  limited to its objections to the definitions of the terms BRATZ INVENTION,

18  CREATED, IDENTIFY, and REFER OR RELATED TO. MGA (Mexico) further

19  objects to this interrogatory on the grounds that it is overbroad, unduly burdensome,

20  vague and ambiguous both generally and specifically with respect to the term

21  BRATZ INVENTION, which incorporates the terms BRATZ, DESIGN and REFER

22  OR RELATES TO, is so broad and over-inclusive that it could be read to include

23  each and every thought, idea and conversation that anyone may have had about

24  BRATZ during the time period at issue.

25          MGA (Mexico) further objects to this interrogatory as compound

26  because it contains discrete subparts that require separate, distinct and multiple

27  responses. Specifically, MGA (Mexico) objects to the term IDENTIFY as overbroad

28  and unduly burdensome, as Mattel's definition of this term calls for responses to

14

EXH. 23

371

1 multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY

2 in the context of this interrogatory would require MGA (Mexico) to provide a

3 multitude of discrete responses for each BRATZ INVENTION, including:

4       (a)   the Bates number of any document that "REFERS OR RELATES

5 TO the BRATZ INVENTION;"

6       (b)   the IDENTITY of the individual author or creator of the BRATZ

7 INVENTION;

8       (c)   the IDENTITY of each other individual who contributed in any

9 manner to the BRATZ INVENTION;

10       (d)   the form, material and medium of the BRATZ INVENTION;

11       (e)   the title or name of the BRATZ INVENTION;

12       (f)   the version, modification, revision or iteration number of the

13 BRATZ INVENTION;

14       (g)   the current location of the original of the BRATZ INVENTION;

15       (h)   the first day on which the BRATZ INVENTION was CREATED;

16       (i)   the last day on which the BRATZ INVENTION was CREATED;

17       (j)   whether the entire invention was CREATED during the period of

18 time listed in the Interrogatory (and if not, which portions were created during,

19 earlier, or later than the period of time listed in the Interrogatory).

20       This interrogatory is further compounded by Mattel's definition of

21 IDENTITY, which purports to require MGA (Mexico) to provide the following

22 information for each of the individuals Mattel is requesting that MGA (Mexico)

23 identify with respect to each BRATZ INVENTION: (a) the individual's name; (b)

24 any known business title; (c) the current or last known business affiliation; (d)

25 current or last known residential address; (e) current or last known business address;

26 (f) current or last known relationship to MGA (Mexico); and (g) current or last

27 known telephone number.

28       MGA (Mexico) further objects to the extent that this interrogatory seeks

15

1 | information that is outside of MGA (Mexico)'s knowledge and is not in MGA
2 | (Mexico)'s possession, custody or control. In particular, MGA (Mexico) objects to
3 | this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .
4 | and IDENTIFY *all* PERSONS ... and *all* DOCUMENTS" (emphasis added).

5 |      MGA (Mexico) also objects to this interrogatory to the extent it seeks
6 | information that is not subject to disclosure under any applicable privilege, doctrine
7 | or immunity, including without limitation the attorney-client privilege, the work
8 | product doctrine, the right of privacy, and all other privileges recognized under the
9 | constitutional, statutory or decisional law of the United States of America, the State
10 | of California or any other applicable jurisdiction.

11 |      MGA (Mexico) further objects to the interrogatory on the ground that it
12 | is premature because the invention, creation, conception, or reduction to practice of
13 | Bratz (and related issues) will be the subject of expert testimony at trial. MGA
14 | (Mexico) objects to this interrogatory to the extent it seeks to limit the expert
15 | testimony that MGA (Mexico) may seek to introduce at trial. MGA (Mexico) will
16 | identify its experts and make related disclosures in accordance with the Court's
17 | orders and applicable rules. MGA (Mexico) further objects to the interrogatory as
18 | unduly burdensome, on the grounds that it would require MGA (Mexico) to identify
19 | numerous documents that have already been produced and are readily available to
20 | Mattel.

21 |      MGA (Mexico) further objects to this interrogatory because Mattel has
22 | propounded more than 50 interrogatories. Under Judge Larson's order of February
23 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
24 | 04049-SGL and CV 05-02727]."

25 |      Subject to and without waiving the foregoing objections, MGA
26 | (Mexico) responds as follows: MGA (Mexico) is willing to meet and confer with
27 | Mattel regarding this interrogatory and the obligation of Mattel to supplement its
28 | responses to MGA's First Set of Interrogatories.

16

EXHIBIT 23  PAGE 373

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

MGA (Mexico) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding the Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, CREATED, IDENTIFY, and REFER OR RELATED TO. MGA (Mexico) further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the term BRATZ INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so broad and over-inclusive that it could be read to include each and every thought, idea and conversation that anyone may have had about BRATZ during the time period at issue.

MGA (Mexico) further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, MGA (Mexico) objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA (Mexico) to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a) the Bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION;"

(b) the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c) the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d) the form, material and medium of the BRATZ INVENTION;

(e) the title or name of the BRATZ INVENTION;

(f) the version, modification, revision or iteration number of the

17

EXHIBIT 23   PAGE 374

1  BRATZ INVENTION;

2  (g)   the current location of the original of the BRATZ INVENTION;

3  (h)   the first day on which the BRATZ INVENTION was CREATED;

4  (i)   the last day on which the BRATZ INVENTION was CREATED;

5  (j)   whether the entire invention was CREATED during the period of

6  time listed in the Interrogatory (and if not, which portions were created during,

7  earlier, or later than the period of time listed in the Interrogatory).

8  This interrogatory is further compounded by Mattel's definition of

9  IDENTITY, which purports to require MGA (Mexico) to provide the following

10  information for each of the individuals Mattel is requesting that MGA (Mexico)

11  identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b)

12  any known business title; (c) the current or last known business affiliation; (d)

13  current or last known residential address; (e) current or last known business address;

14  (f) current or last known relationship to MGA (Mexico); and (g) current or last

15  known telephone number.

16  MGA (Mexico) further objects to the extent that this interrogatory seeks

17  information that is outside of MGA (Mexico)'s knowledge and is not in MGA

18  (Mexico)'s possession, custody or control.  In particular, MGA (Mexico) objects to

19  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .

20  and IDENTIFY *all* PERSONS ... and *all* DOCUMENTS" (emphasis added).

21  MGA (Mexico) also objects to this interrogatory to the extent it seeks

22  information that is not subject to disclosure under any applicable privilege, doctrine

23  or immunity, including without limitation the attorney-client privilege, the work

24  product doctrine, the right of privacy, and all other privileges recognized under the

25  constitutional, statutory or decisional law of the United States of America, the State

26  of California or any other applicable jurisdiction.

27  MGA (Mexico) further objects to the interrogatory on the ground that it

28  is premature because the invention, creation, conception, or reduction to practice of

18

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT  23  PAGE  375

1  Bratz (and related issues) will be the subject of expert testimony at trial. MGA
2  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert
3  testimony that MGA (Mexico) may seek to introduce at trial. MGA (Mexico) will
4  identify its experts and make related disclosures in accordance with the Court's
5  orders and applicable rules. MGA (Mexico) further objects to the interrogatory as
6  unduly burdensome, on the grounds that it would require MGA (Mexico) to identify
7  numerous documents that have already been produced and are readily available to
8  Mattel.
9       Subject to and without waiving the foregoing objections, MGA
10 (Mexico) responds as follows:
11       With respect to Bratz dolls and accessories, as concerns the term
12 "inventions" as that is used in utility patent law, and/or in the "INVENTIONS
13 AGREEMENT," MGA (Mexico) does not make any affirmative contentions as to
14 whether there were any such inventions, except that MGA (Mexico) contends the
15 conception and/or reduction to practice of any such invention occurred before
16 January 1999 and/or after October 20, 2000. With respect to package design for
17 Bratz products, MGA (Mexico) contends that certain aspects of said designs
18 qualified as design patents. With respect to design patents, to the extent that the
19 Bratz line of dolls, first marketed by MGA in 2001, contained features covered by
20 design patent law, said inventions were "reduced to practice" by MGA after October
21 20, 2000 and before June 1, 2001.
22       The following persons have knowledge of the facts and circumstances
23 regarding the foregoing: Isaac Larian; Carter Bryant; Margaret Leahy; Veronica
24 Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);
25 Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam
26 Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel
27 Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir
28 Khare.

EXHIBIT 23                 376

1        The following documents may be relevant to these facts: all
2   "DOCUMENTS" that refer to or evidence the work performed by MGA employees
3   and freelancers toward the reduction to practice of the first generation of Bratz dolls
4   during the period after October 19, 2000 through June 1, 2001, including but not
5   limited to: (i) documents showing the development of the first generation of Bratz
6   dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the
7   development of the first generation of Bratz dolls; (iii) documents showing the
8   timing of the development of packaging, fashion, and accessories for the first
9   generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy
10  fair; (v) documents related to the February 2001 New York toy fair; (vi)
11  polyurethane samples of prototypes; (vii) rotocasts and sculpts in Hong Kong; and
12  (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria
13  O'Connor, and other invoices submitted by freelancers for work performed on the
14  Bratz project. The documents evidencing this work are too numerous to identify
15  individually.

16  **INTERROGATORY NO. 29:**

17       IDENTIFY each and every BRATZ INVENTION that was CREATED,
18  in whole or in part, after January 3, 1999 and before October 21, 2000, and for each
19  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO
20  the timing of the creation of such BRATZ INVENTION and IDENTIFY all
21  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
22  RELATE TO such facts.

23  **RESPONSE TO INTERROGATORY NO. 29:**

24       MGA (Mexico) incorporates by reference its General Response and
25  General Objections above, as though fully set forth herein and specifically
26  incorporates General Objection No. 7 (regarding Definitions), including but not
27  limited to its objections to the definitions of the terms BRATZ INVENTION,
28  CREATED, REFER OR RELATE TO, and IDENTIFY. MGA (Mexico) further

EXHIBIT 23   PAGE 377

1  objects to this interrogatory as compound because it contains discrete subparts that

2  require separate, distinct and multiple responses.  Specifically, MGA (Mexico)

3  objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's

4  definition of this term calls for responses to multiple discrete subparts.  For example,

5  Mattel's definition of the term IDENTIFY in the context of this interrogatory would

6  require MGA (Mexico) to provide a multitude of discrete responses for each BRATZ

7  INVENTION, including:

8         (a)     the Bates number of any document that "REFERS OR RELATES

9  TO the BRATZ INVENTION;"

10        (b)     the IDENTITY of the individual author or creator of the BRATZ

11  INVENTION;

12        (c)     the IDENTITY of each other individual who contributed in any

13  manner to the BRATZ INVENTION;

14        (d)     the form, material and medium of the BRATZ INVENTION;

15        (e)     the title or name of the BRATZ INVENTION;

16        (f)     the version, modification, revision or iteration number of the

17  BRATZ INVENTION;

18        (g)     the current location of the original of the BRATZ INVENTION;

19        (h)     the first day on which the BRATZ INVENTION was CREATED;

20        (i)     the last day on which the BRATZ INVENTION was CREATED;

21        (j)     whether the entire invention was CREATED during the period of

22  time listed in the Interrogatory (and if not, which portions were created during,

23  earlier, or later than the period of time listed in the Interrogatory).

24             This interrogatory is further compounded by Mattel's definition of

25  IDENTITY, which purports to require MGA (Mexico) to provide the following

26  information for each of the individuals Mattel is requesting that MGA (Mexico)

27  identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b)

28  any known business title; (c) the current or last known business affiliation; (d)

EXHIBIT  23  PAGE 378

1   current or last known residential address; (e) current or last known business address;

2   (f) current or last known relationship to MGA (Mexico); and (g) current or last

3   known telephone number.

4          MGA (Mexico) further objects to this interrogatory on the grounds that

5   it is overbroad, unduly burdensome, vague and ambiguous both generally and

6   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

7   DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

8   INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

9   RELATES TO, is so broad and over-inclusive that it could be read to include each

10  and every thought, idea and conversation that anyone may have had about BRATZ

11  during the time period at issue.

12         MGA (Mexico) further objects to the extent that this interrogatory seeks

13  information that is outside of MGA (Mexico)'s knowledge and is not in MGA

14  (Mexico)'s possession, custody or control.  In particular, MGA (Mexico) objects to

15  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .

16  and IDENTIFY *all* PERSONS … and *all* DOCUMENTS" (emphasis added).

17         MGA (Mexico) also objects to this interrogatory to the extent it seeks

18  information that is not subject to disclosure under any applicable privilege, doctrine

19  or immunity, including without limitation the attorney-client privilege, the work

20  product doctrine, the right of privacy, and all other privileges recognized under the

21  constitutional, statutory or decisional law of the United States of America, the State

22  of California or any other applicable jurisdiction.

23         MGA (Mexico) further objects to the interrogatory on the ground that it

24  is premature because the invention, creation, conception, or reduction to practice of

25  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

26  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

27  testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will

28  identify its experts and make related disclosures in accordance with the Court's

22

EXHIBIT __23__ PAGE __379__

1   orders and applicable rules.  MGA (Mexico) further objects to the interrogatory as
2   unduly burdensome, on the grounds that it would require MGA (Mexico) to identify
3   numerous documents that have already been produced and are readily available to
4   Mattel.
5          MGA (Mexico) further objects to this interrogatory because Mattel has
6   propounded more than 50 interrogatories.  Under Judge Larson's order of February
7   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
8   04049-SGL and CV 05-02727]."
9          Subject to and without waiving the foregoing objections, MGA
10  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with
11  Mattel regarding this interrogatory and the obligation of Mattel to supplement its
12  responses to MGA's First Set of Interrogatories.
13  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**
14         MGA (Mexico) incorporates by reference its General Response and
15  General Objections above, as though fully set forth herein and specifically
16  incorporates General Objection No. 7 (regarding Definitions), including but not
17  limited to its objections to the definitions of the terms BRATZ INVENTION,
18  CREATED, REFER OR RELATE TO, and IDENTIFY.  MGA (Mexico) further
19  objects to this interrogatory as compound because it contains discrete subparts that
20  require separate, distinct and multiple responses.  Specifically, MGA (Mexico)
21  objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's
22  definition of this term calls for responses to multiple discrete subparts.  For example,
23  Mattel's definition of the term IDENTIFY in the context of this interrogatory would
24  require MGA (Mexico) to provide a multitude of discrete responses for each BRATZ
25  INVENTION, including:
26         (a)    the Bates number of any document that "REFERS OR RELATES
27  TO the BRATZ INVENTION;"
28         (b)    the IDENTITY of the individual author or creator of the BRATZ

23

EXHIBIT 23 PAGE 380

1  INVENTION;

2      (c)    the IDENTITY of each other individual who contributed in any

3  manner to the BRATZ INVENTION;

4      (d)    the form, material and medium of the BRATZ INVENTION;

5      (e)    the title or name of the BRATZ INVENTION;

6      (f)    the version, modification, revision or iteration number of the

7  BRATZ INVENTION;

8      (g)    the current location of the original of the BRATZ INVENTION;

9      (h)    the first day on which the BRATZ INVENTION was CREATED;

10     (i)    the last day on which the BRATZ INVENTION was CREATED;

11     (j)    whether the entire invention was CREATED during the period of

12  time listed in the Interrogatory (and if not, which portions were created during,

13  earlier, or later than the period of time listed in the Interrogatory).

14      This interrogatory is further compounded by Mattel's definition of

15  IDENTITY, which purports to require MGA (Mexico) to provide the following

16  information for each of the individuals Mattel is requesting that MGA (Mexico)

17  identify with respect to each BRATZ INVENTION:  (a) the individual's name; (b)

18  any known business title; (c) the current or last known business affiliation; (d)

19  current or last known residential address; (e) current or last known business address;

20  (f) current or last known relationship to MGA (Mexico); and (g) current or last

21  known telephone number.

22      MGA (Mexico) further objects to this interrogatory on the grounds that

23  it is overbroad, unduly burdensome, vague and ambiguous both generally and

24  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

25  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

26  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

27  RELATES TO, is so broad and over-inclusive that it could be read to include each

28  and every thought, idea and conversation that anyone may have had about BRATZ

24

EXHIBIT __23__ PAGE __381__

1  during the time period at issue.

2       MGA (Mexico) further objects to the extent that this interrogatory seeks
3  information that is outside of MGA (Mexico)'s knowledge and is not in MGA
4  (Mexico)'s possession, custody or control.  In particular, MGA (Mexico) objects to
5  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . .
6  and IDENTIFY *all* PERSONS ... and *all* DOCUMENTS" (emphasis added).

7       MGA (Mexico) also objects to this interrogatory to the extent it seeks
8  information that is not subject to disclosure under any applicable privilege, doctrine
9  or immunity, including without limitation the attorney-client privilege, the work
10 product doctrine, the right of privacy, and all other privileges recognized under the
11 constitutional, statutory or decisional law of the United States of America, the State
12 of California or any other applicable jurisdiction.

13      MGA (Mexico) further objects to the interrogatory on the ground that it
14 is premature because the invention, creation, conception, or reduction to practice of
15 Bratz (and related issues) will be the subject of expert testimony at trial.  MGA
16 (Mexico) objects to this interrogatory to the extent it seeks to limit the expert
17 testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will
18 identify its experts and make related disclosures in accordance with the Court's
19 orders and applicable rules.  MGA (Mexico) further objects to the interrogatory as
20 unduly burdensome, on the grounds that it would require MGA (Mexico) to identify
21 numerous documents that have already been produced and are readily available to
22 Mattel.

23      Subject to and without waiving the foregoing objections, MGA
24 (Mexico) responds as follows:

25      There were no inventions related to Bratz after January 3, 1999 and
26 before October 21, 2000.

27 **INTERROGATORY NO. 30:**

28      State all facts that support YOUR contention, if YOU so contend, that,

25

EXHIBIT  23  PAGE  382

1  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL
2  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over
3  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and
4  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that
5  REFER OR RELATE TO such facts.

6  **RESPONSE TO INTERROGATORY NO. 30:**

7         MGA (Mexico) incorporates by reference its General Response and
8  General Objections above, as though fully set forth herein and specifically
9  incorporates General Objection No. 7 (regarding Definitions), including but not
10  limited to its objections to the definitions of the terms BRATZ INVENTION,
11  INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA
12  (Mexico) also objects to this interrogatory to the extent it seeks information that is
13  not subject to disclosure under any applicable privilege, doctrine or immunity,
14  including without limitation the attorney-client privilege, the work product doctrine,
15  the right of privacy, and all other privileges recognized under the constitutional,
16  statutory or decisional law of the United States of America, the State of California or
17  any other applicable jurisdiction. MGA (Mexico) further objects to this
18  interrogatory to the extent it calls for a legal conclusion. MGA (Mexico) further
19  objects to the extent that this interrogatory seeks information that is outside MGA
20  (Mexico)'s knowledge and is not in MGA (Mexico)'s possession, custody, or control.
21  In particular, MGA (Mexico) objects to this interrogatory to the extent that it
22  requests MGA (Mexico) to "state *all facts . . . and* IDENTIFY all PERSONS . . . and
23  *all* DOCUMENTS" (emphasis added).

24         MGA (Mexico) further objects to the interrogatory on the grounds that
25  it is vague, ambiguous and threatens to mislead the trier of fact in that it is stated in
26  the hypothetical and therefore proceeds from the false premise that Bryant assigned
27  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS
28  AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125

26

EXHIBIT __23__        383

1  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

2  interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

3  depends on, among other factual and legal factors, specifically which BRATZ

4  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

5  which rights he assigned, which information is not provided in the incomplete

6  hypothetical scenario posited in this interrogatory.

7  　　　　　MGA (Mexico) further objects to the interrogatory on the ground that it

8  is premature because the invention, creation, conception, or reduction to practice of

9  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

10  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

11  testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) further

12  objects on the grounds that the interrogatory seeks information not relevant to any

13  claim or defense in the action and is not reasonably calculated to the discovery of

14  admissible evidence because MGA (Mexico) denies that Bryant assigned any such

15  rights to Mattel.

16  　　　　　MGA (Mexico) objects to this interrogatory because Mattel has

17  propounded more than 50 interrogatories.  Under Judge Larson's order of February

18  22, 2007, "Interrogatories are to be limited to 50 for each side for both [Case Nos.

19  CV 04-04049-SGL and CV 05-02727]."

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

21  　　　　　MGA (Mexico) incorporates by reference its General Response and

22  General Objections above, as though fully set forth herein and specifically

23  incorporates General Objection No. 7 (regarding Definitions), including but not

24  limited to its objections to the definitions of the terms BRATZ INVENTION,

25  INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA

26  (Mexico) also objects to this interrogatory to the extent it seeks information that is

27  not subject to disclosure under any applicable privilege, doctrine or immunity,

28  including without limitation the attorney-client privilege, the work product doctrine,

1  the right of privacy, and all other privileges recognized under the constitutional,

2  statutory or decisional law of the United States of America, the State of California or

3  any other applicable jurisdiction.  MGA (Mexico) further objects to this

4  interrogatory to the extent it calls for a legal conclusion.  MGA (Mexico) further

5  objects to the extent that this interrogatory seeks information that is outside MGA

6  (Mexico)'s knowledge and is not in MGA (Mexico)'s possession, custody, or control.

7  In particular, MGA (Mexico) objects to this interrogatory to the extent that it

8  requests MGA (Mexico) to "state *all facts . . . and* IDENTIFY all PERSONS . . . and

9  *all* DOCUMENTS" (emphasis added).

10         MGA (Mexico) further objects to the interrogatory on the grounds that

11  it is vague, ambiguous and threatens to mislead the trier of fact in that it is stated in

12  the hypothetical and therefore proceeds from the false premise that Bryant assigned

13  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

14  AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan*, 125

15  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

16  interrogatories directed at hypothetical scenarios).  Any response to this interrogatory

17  depends on, among other factual and legal factors, specifically which BRATZ

18  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

19  which rights he assigned, which information is not provided in the incomplete

20  hypothetical scenario posited in this interrogatory.

21         MGA (Mexico) further objects to the interrogatory on the ground that it

22  is premature because the invention, creation, conception, or reduction to practice of

23  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

24  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

25  testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) further

26  objects on the grounds that the interrogatory seeks information not relevant to any

27  claim or defense in the action and is not reasonably calculated to the discovery of

28  admissible evidence because MGA (Mexico) denies that Bryant assigned any such

EXHIBIT __23__ PAGE __385__

1  rights to Mattel.

2  Subject to and without waiving the foregoing objections, MGA

3  (Mexico) responds as follows:

4  MGA (Mexico) incorporates by reference its supplemental responses to

5  Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds

6  further that, assuming Bryant assigned rights to inventions related to Bratz pursuant

7  to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and

8  for inventions conceived of and/or reduced to practice during the period of Bryant's

9  employment with Mattel to which said Agreement relates), MGA would have

10  superior rights in the Bratz dolls because:  (i) there were no "inventions" related to

11  Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were

12  neither substantially similar to, nor a copy of, nor derivative of, Mattel's hypothetical

13  rights; and (iii) Mattel waived any rights it may have had due to laches and the

14  statute of limitations.

15  **INTERROGATORY NO. 31:**

16  State all facts that support YOUR contention, if YOU so contend, that

17  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

18  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

19  RELATE TO such facts.

20  **RESPONSE TO INTERROGATORY NO. 31:**

21  MGA (Mexico) incorporates by reference its General Response and

22  General Objections above, as though fully set forth herein and specifically

23  incorporates General Objection No. 7 (regarding Definitions), including but not

24  limited to its objections to the definitions of the terms INVENTIONS

25  AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA (Mexico) also

26  objects to this interrogatory to the extent it seeks information that is not subject to

27  disclosure under any applicable privilege, doctrine or immunity, including without

28  limitation the attorney-client privilege, the work product doctrine, the right of

29

EXHIBIT  23  PAGE 386

1 privacy, and all other privileges recognized under the constitutional, statutory or

2 decisional law of the United States of America, the State of California or any other

3 applicable jurisdiction. MGA (Mexico) also objects to this interrogatory to the

4 extent that it calls for a legal conclusion.

5        MGA (Mexico) objects that this interrogatory is an overbroad and

6 unduly burdensome contention interrogatory to the extent it asks for "all facts" which

7 supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*,

8 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

9 facts, documents, and witnesses that support the denial of a statement or allegation of

10 fact" because the "universe of potentially responsive information is almost endless").

11 MGA (Mexico) further objects to the extent that this interrogatory seeks information

12 outside of MGA (Mexico)'s personal knowledge and is not in MGA (Mexico)'s

13 possession, custody or control. In particular, MGA (Mexico) objects to this

14 interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . . and

15 IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS" (emphasis added).

16        MGA (Mexico) objects to this interrogatory because Mattel has

17 propounded more than 50 interrogatories. Under Judge Larson's order of February

18 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

19 04049-SGL and CV 05-02727]."

20        Subject to and without waiving the foregoing objections, MGA

21 (Mexico) responds as follows: MGA (Mexico) is willing to meet and confer with

22 Mattel regarding this interrogatory and the obligation of Mattel to supplement its

23 responses to MGA's First Set of Interrogatories.

24 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

25        MGA (Mexico) incorporates by reference its General Response and

26 General Objections above, as though fully set forth herein and specifically

27 incorporates General Objection No. 7 (regarding Definitions), including but not

28 limited to its objections to the definitions of the terms INVENTIONS

30

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS      NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23 PAGE 387

1  AGREEMENT, IDENTIFY and REFER OR RELATE TO.  MGA (Mexico) also

2  objects to this interrogatory to the extent it seeks information that is not subject to

3  disclosure under any applicable privilege, doctrine or immunity, including without

4  limitation the attorney-client privilege, the work product doctrine, the right of

5  privacy, and all other privileges recognized under the constitutional, statutory or

6  decisional law of the United States of America, the State of California or any other

7  applicable jurisdiction.  MGA (Mexico) also objects to this interrogatory to the

8  extent that it calls for a legal conclusion.

9          MGA (Mexico) objects that this interrogatory is an overbroad and

10  unduly burdensome contention interrogatory to the extent it asks for "all facts" which

11  supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron*,

12  181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

13  facts, documents, and witnesses that support the denial of a statement or allegation of

14  fact" because the "universe of potentially responsive information is almost endless").

15  MGA (Mexico) further objects to the extent that this interrogatory seeks information

16  outside of MGA (Mexico)'s personal knowledge and is not in MGA (Mexico)'s

17  possession, custody or control.  In particular, MGA (Mexico) objects to this

18  interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts . . . and

19  IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS" (emphasis added).

20          Subject to and without waiving the foregoing objections, MGA

21  (Mexico) responds as follows:

22          MGA (Mexico) contends that Paragraph 3-a of the "INVENTIONS

23  AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the

24  statute of limitations, in that Mattel intentionally delayed in taking legal action

25  against MGA or Carter Bryant for several years in the belief that Mattel would be

26  able to drive Bratz out of the marketplace through the introduction of a copycat line

27  of My Scene Barbie dolls.  Mattel only took legal action well after MGA had

28  invested substantial amounts of capital and creative and innovative human effort in

EXHIBIT__23__PAGE__388

1 | the Bratz line of dolls and had experienced enormous success in the market place,
2 | changing the fashion doll business forever.  In addition, many Mattel employees
3 | knew following the introduction of the first generation of Bratz dolls to the market
4 | that Carter Bryant was the originator of the idea that led to the first generation of
5 | Bratz dolls.
6 |       The "INVENTIONS AGREEMENT" is also invalid and unenforceable
7 | insofar as it purports to prohibit Bryant from engaging in good faith and reasonable
8 | efforts to seek professional opportunities with Mattel competitors while still
9 | employed by Mattel.
10 |       These contentions are based on the following facts and circumstances:
11 | MGA (Mexico) is informed and believes that it was common knowledge at Mattel
12 | that many Mattel employees employed in the Mattel design center worked on a
13 | freelance basis for third parties, including Mattel competitors.  Despite knowledge of
14 | this activity, Mattel rarely, if ever, enforced any rights it may have had to prohibit
15 | such freelancing.  Mattel has therefore waived any right it may have had to enforce
16 | Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by
17 | virtue of course-of-conduct contract law principles.
18 |       The following persons have knowledge of the facts and circumstances
19 | supporting this contention: current and former members of Mattel management,
20 | current and former members of Mattel's legal department, current and former
21 | employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt
22 | Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.
23 |       The following documents may be relevant to these facts:  the
24 | "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's
25 | enforcement, or lack thereof, of the provisions of similar agreements between Mattel
26 | and its employees; Mattel documents referring or relating to Mattel's knowledge or
27 | investigation of suspected violations of similar agreements between Mattel and its
28 | employees; Mattel's internal emails that have not been produced; documents from

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS     NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23 PAGE 389

1  Mattel's Zeus computer systems; documents referring or relating to Mattel's market
2  research; documents referring or relating to Mattel's public relations efforts;
3  documents  referring or relating to Mattel's advertising and advertising strategies.
4  Mattel has produced very few documents in this action in response to MGA's
5  outstanding requests.  MGA recently served additional requests for production of
6  documents.  MGA (Mexico) reserves the right to supplement this response and all of
7  its other responses after Mattel has completed its production.
8         This response is without prejudice to MGA (Mexico)'s position that the
9  "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a
10  violation of public policy.

11  **INTERROGATORY NO. 32:**

12         State all facts that support YOUR contention, if YOU so contend, that
13  MATTEL is not or would not be entitled to injunctive relief as requested in its
14  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that
15  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS
16  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
17  such facts.

18  **RESPONSE TO INTERROGATORY NO. 32:**

19         MGA (Mexico) incorporates by reference its General Response and
20  General Objections above, as though fully set forth herein and specifically
21  incorporates General Objection No. 7 (regarding Definitions), including but not
22  limited to its objections to the definitions of the terms BRATZ INVENTIONS,
23  IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the
24  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
25  and specifically with respect to the terms YOUR, YOU, MATTEL.  MGA (Mexico)
26  also objects to this interrogatory to the extent it seeks information that is not subject
27  to disclosure under any applicable privilege, doctrine or immunity, including without
28  limitation the attorney-client privilege, the work product doctrine, the right of

33

EXHIBIT  23  PAGE  390

1 | privacy, and all other privileges recognized under the constitutional, statutory or

2 | decisional law of the United States of America, the State of California or any other

3 | applicable jurisdiction. MGA (Mexico) further objects to the interrogatory on the

4 | ground that it is premature because matters affecting Mattel's ability to obtain

5 | injunctive relief may be the subject of expert testimony at trial. MGA (Mexico)

6 | objects to this interrogatory to the extent it seeks to limit the expert testimony that

7 | MGA (Mexico) may seek to introduce at trial. MGA (Mexico) will identify its

8 | experts and make related disclosures in accordance with the Court's orders and

9 | applicable rules.

10 | MGA (Mexico) notes that the issue of injunctive relief will be decided

11 | by the Court after the conclusion of all jury deliberation relevant to the issue. MGA

12 | (Mexico) believes accordingly that the Court's review of injunctive relief issue will

13 | not occur until the conclusion of Phase 2.

14 | MGA (Mexico) further objects on the ground that this interrogatory is

15 | an overbroad and unduly burdensome contention interrogatory to the extent it asks

16 | for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco*

17 | *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

18 | requests seeking "all facts, documents, and witnesses that support the denial of a

19 | statement or allegation of fact" because the "universe of potentially responsive

20 | information is almost endless").

21 | MGA (Mexico) further objects to the extent that this interrogatory seeks

22 | information that is outside MGA (Mexico)'s knowledge and is not in MGA

23 | (Mexico)'s possession, custody, or control. In particular, MGA (Mexico) objects to

24 | this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts ...

25 | and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

26 | MGA (Mexico) further objects to this interrogatory as it asks MGA

27 | (Mexico) to assume facts contrary to evidence, and further asks it to base any

28 | response on an incomplete and incomprehensible hypothetical scenario. *See, e.g.,*

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS                NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23   PAGE 391