1 | *Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not
2 | permit contention interrogatories directed at hypothetical scenarios).  Whether or not
3 | Mattel is or would or would not be "entitled to injunctive relief" depends on, among
4 | other factual and legal factors, which specific "BRATZ INVENTION" Mattel is
5 | hypothetically found to own, and whether and/or to what extent it is determined that
6 | any Bratz products that have been produced and sold are derivative works of any
7 | such BRATZ INVENTIONS, which information is not provided in the incomplete
8 | hypothetical scenario posited in this interrogatory.  MGA (Mexico) also objects to
9 | this interrogatory on the grounds that Mattel – not MGA (Mexico) – bears the burden
10 | of proof to show that it is entitled to injunctive relief, if it is ultimately determined
11 | that Mattel owns one or more BRATZ INVENTIONS.

12 | MGA (Mexico) further objects to this interrogatory because Mattel has
13 | propounded more than 50 interrogatories.  Under Judge Larson's order of February
14 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
15 | 04049-SGL and CV 05-02727]."

16 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

17 | MGA (Mexico) incorporates by reference its General Response and
18 | General Objections above, as though fully set forth herein and specifically
19 | incorporates General Objection No. 7 (regarding Definitions), including but not
20 | limited to its objections to the definitions of the terms BRATZ INVENTIONS,
21 | IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the
22 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
23 | and specifically with respect to the terms YOUR, YOU, MATTEL.  MGA (Mexico)
24 | also objects to this interrogatory to the extent it seeks information that is not subject
25 | to disclosure under any applicable privilege, doctrine or immunity, including without
26 | limitation the attorney-client privilege, the work product doctrine, the right of
27 | privacy, and all other privileges recognized under the constitutional, statutory or
28 | decisional law of the United States of America, the State of California or any other

EXHIBIT 23   PAGE 392

1  applicable jurisdiction.  MGA (Mexico) further objects to the interrogatory on the

2  ground that it is premature because matters affecting Mattel's ability to obtain

3  injunctive relief may be the subject of expert testimony at trial.  MGA (Mexico)

4  objects to this interrogatory to the extent it seeks to limit the expert testimony that

5  MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will identify its

6  experts and make related disclosures in accordance with the Court's orders and

7  applicable rules.

8       MGA (Mexico) notes that the issue of injunctive relief will be decided

9  by the Court after the conclusion of all jury deliberation relevant to the issue.  MGA

10  (Mexico) believes accordingly that the Court's review of injunctive relief issue will

11  not occur until the conclusion of Phase 2.

12       MGA (Mexico) further objects on the ground that this interrogatory is

13  an overbroad and unduly burdensome contention interrogatory to the extent it asks

14  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

15  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

16  requests seeking "all facts, documents, and witnesses that support the denial of a

17  statement or allegation of fact" because the "universe of potentially responsive

18  information is almost endless").

19       MGA (Mexico) further objects to the extent that this interrogatory seeks

20  information that is outside MGA (Mexico)'s knowledge and is not in MGA

21  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

22  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

23  and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

24       MGA (Mexico) further objects to this interrogatory as it asks MGA

25  (Mexico) to assume facts contrary to evidence, and further asks it to base any

26  response on an incomplete and incomprehensible hypothetical scenario.  *See, e.g.,*

27  *Kendrick v. Sullivan*, 125 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not

28  permit contention interrogatories directed at hypothetical scenarios).  Whether or not

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23  PAGE 393

1    Mattel is or would or would not be "entitled to injunctive relief" depends on, among

2    other factual and legal factors, which specific "BRATZ INVENTION" Mattel is

3    hypothetically found to own, and whether and/or to what extent it is determined that

4    any Bratz products that have been produced and sold are derivative works of any

5    such BRATZ INVENTIONS, which information is not provided in the incomplete

6    hypothetical scenario posited in this interrogatory.  MGA (Mexico) also objects to

7    this interrogatory on the grounds that Mattel – not MGA (Mexico) – bears the burden

8    of proof to show that it is entitled to injunctive relief, if it is ultimately determined

9    that Mattel owns one or more BRATZ INVENTIONS.

10         Subject to and without waiving the foregoing objections, MGA

11   (Mexico) responds as follows:

12         Mattel is not entitled to injunctive relief for the following reasons:

13         (a)    Mattel is not entitled to injunctive relief in accordance with the

14   principles established by the United States Supreme Court in eBay v. MercExchange,

15   126 S. Ct. 1837 (2006).

16         (b)    The original concepts contributed by Bryant to the creation of the

17   Bratz dolls represent only one of the many factors that combined to make Bratz one

18   of the most successful fashion dolls on the market.  The contributions made by MGA

19   to the Bratz dolls far outweigh any contributions made by Bryant prior to October

20   21, 2000 in terms of the overall factors that contributed to the commercial success of

21   Bratz.

22         (c)    Mattel played no role in the creation and/or selection of the Bratz

23   slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

24         (d)    Mattel played no role in the development of the Bratz line of

25   dolls' innovative and trend-setting packaging.

26         (e)    Mattel played no role in MGA's improvements, enhancements

27   and changes to the Bratz dolls in the months and years on and/or after October 21,

28   2000.

EXHIBIT 23 PAGE 394

1          (f)     Mattel played no role in MGA's development of the fashions for
2    the Bratz dolls.

3          (g)     Mattel played no role in the development of Bratz Kidz, Bratz
4    Petz, Bratz Babyz and other successful additions to the Bratz doll family.

5          (h)     Mattel played no role in the development of the myriad of
6    accessories for the Bratz dolls.

7          (i)     Mattel played no role in the development of the successful
8    themes that have enhanced the popularity of the Bratz dolls.

9          (j)     Mattel played no role in the development of the Bratz animated
10   TV series, Bratz TV commercials, or Bratz the movie.

11         (k)     Mattel played no role in the development of the Bratz brand.

12         (l)     If in 2000 Mattel had been presented with the opportunity to
13   develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said
14   opportunity because of a perceived threat to Mattel's Barbie franchise.

15         (m)     Mattel's inequitable conduct through years of efforts to eliminate
16   competition to its lines of fashion dolls.

17         (n)     Mattel's inequitable conduct through specific acts of unfair
18   competition, as previously set forth in MGA's Responses and Supplemental
19   Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition
20   Nos. 5, 6, 8, 9 and 10.

21         (o)     The equitable doctrine of laches, in that Mattel intentionally
22   delayed in taking legal action against MGA or Carter Bryant for several years in the
23   belief that Mattel would be able to drive Bratz out of the marketplace through the
24   introduction of a copycat line of My Scene Barbie dolls.  Mattel only took legal
25   action well after MGA had invested substantial amounts of capital and creative and
26   innovative human effort in the Bratz line of dolls and had experienced enormous
27   success in the marketplace, changing the fashion doll business forever.

28         (p)     The statute of limitations.

EXHIBIT 23  PAGE 395

1    The persons who have knowledge of the facts and circumstances

2  supporting these contentions of inequitable conduct by Mattel have already been

3  provided in MGA (Mexico)'s supplemental responses to Interrogatory Nos. 27, 28,

4  and 31.

5    To the extent that Mattel's interrogatory could be interpreted to require

6  MGA (Mexico) to identify all documents that "REFER OR RELATE TO"

7  substantially all facets of MGA's business, these documents are too numerous to

8  identify individually without undue burden to MGA (Mexico).  The following

9  categories of documents may be relevant to these facts: Mattel's Brand Directional

10  Outlines; analyses and assessments of Mattel's marketing strategies prepared and/or

11  produced by Young and Rubicam Brands; Mattel's Marketing Department

12  assessments of Mattel's advertising and branding strategies; Mattel's Creative Briefs;

13  and publicly available documents evidencing MGA's trademarks, patents, and

14  copyrights.

15  **INTERROGATORY NO. 33:**

16    State all facts that support YOUR contention, if YOU so contend, that

17  MATTEL is not entitled to an award of punitive or exemplary damages against

18  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

19  DOCUMENTS that REFER OR RELATE TO such facts.

20  **RESPONSE TO INTERROGATORY NO. 33:**

21    MGA (Mexico) incorporates by reference its General Response and

22  General Objections above, as though fully set forth herein and specifically

23  incorporates General Objection No. 7 (regarding Definitions), including but not

24  limited to its objections to the definitions of the terms IDENTIFY and REFER OR

25  RELATE TO, and further objects on the ground that the interrogatory is overbroad,

26  unduly burdensome, vague and ambiguous both generally and specifically with

27  respect to the terms YOUR, YOU, and MATTEL.  In particular, by way of example,

28  the term YOU as defined by Mattel could be read to require MGA (Mexico) to state

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT  23  PAGE  396

1   all facts supporting why Mattel is not entitled to an award of punitive damages

2   against each of the responding parties in this litigation, thereby rendering the

3   interrogatory impermissibly compound.  MGA (Mexico) also objects to this

4   interrogatory to the extent it seeks information that is not subject to disclosure under

5   any applicable privilege, doctrine or immunity, including without limitation the

6   attorney-client privilege, the work product doctrine, the right of privacy, and all other

7   privileges recognized under the constitutional, statutory or decisional law of the

8   United States of America, the State of California or any other applicable jurisdiction.

9   MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

10   conclusion.

11         MGA (Mexico) further objects on the ground that this interrogatory is

12   an overbroad and unduly burdensome contention interrogatory to the extent it asks

13   for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco*

14   *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

15   requests seeking "all facts, documents, and witnesses that support the denial of a

16   statement or allegation of fact" because the "universe of potentially responsive

17   information is almost endless").

18         MGA (Mexico) further objects to the extent that this interrogatory seeks

19   information that is outside MGA (Mexico)'s knowledge and is not in MGA

20   (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

21   this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

22   and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

23         MGA (Mexico) also objects to this interrogatory on the grounds that

24   Mattel – not MGA (Mexico) – bears the burden of proof to show that it is entitled to

25   an award of punitive or exemplary damages.

26         MGA (Mexico) further objects to this interrogatory because Mattel has

27   propounded more than 50 interrogatories.  Under Judge Larson's order of February

28   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

EXHIBIT __23__ PAGE __397__

1  04049-SGL and CV 05-02727]."

2     Subject to and without waiving the foregoing objections, MGA

3  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

4  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

5  responses to MGA's First Set of Interrogatories.

6  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

7     MGA (Mexico) incorporates by reference its General Response and

8  General Objections above, as though fully set forth herein and specifically

9  incorporates General Objection No. 7 (regarding Definitions), including but not

10  limited to its objections to the definitions of the terms IDENTIFY and REFER OR

11  RELATE TO, and further objects on the ground that the interrogatory is overbroad,

12  unduly burdensome, vague and ambiguous both generally and specifically with

13  respect to the terms YOUR, YOU, and MATTEL.  In particular, by way of example,

14  the term YOU as defined by Mattel could be read to require MGA (Mexico) to state

15  all facts supporting why Mattel is not entitled to an award of punitive damages

16  against each of the responding parties in this litigation, thereby rendering the

17  interrogatory impermissibly compound.  MGA (Mexico) also objects to this

18  interrogatory to the extent it seeks information that is not subject to disclosure under

19  any applicable privilege, doctrine or immunity, including without limitation the

20  attorney-client privilege, the work product doctrine, the right of privacy, and all other

21  privileges recognized under the constitutional, statutory or decisional law of the

22  United States of America, the State of California or any other applicable jurisdiction.

23  MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

24  conclusion.

25     MGA (Mexico) further objects on the ground that this interrogatory is

26  an overbroad and unduly burdensome contention interrogatory to the extent it asks

27  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

28  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

EXHIBIT 23  PAGE 398

1  requests seeking "all facts, documents, and witnesses that support the denial of a
2  statement or allegation of fact" because the "universe of potentially responsive
3  information is almost endless").

4         MGA (Mexico) further objects to the extent that this interrogatory seeks
5  information that is outside MGA (Mexico)'s knowledge and is not in MGA
6  (Mexico)'s possession, custody, or control. In particular, MGA (Mexico) objects to
7  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …
8  and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

9         MGA (Mexico) also objects to this interrogatory on the grounds that
10 Mattel – not MGA (Mexico) – bears the burden of proof to show that it is entitled to
11 an award of punitive or exemplary damages.

12        Subject to and without waiving the foregoing objections, MGA
13 (Mexico) responds as follows:

14        Mattel is not entitled to an award of punitive or exemplary damages
15 against MGA (Mexico) because: (i) Mattel does not own any rights in the Bratz
16 dolls, (ii) MGA (Mexico) has not violated or infringed any rights of Mattel with
17 respect to the Bratz dolls, (iii) Mattel has not shown that MGA (Mexico) acted in bad
18 faith and (iv) Mattel has not presented any evidence to support the requirements for
19 such an award against MGA (Mexico).

20 **INTERROGATORY NO. 34:**

21        State all facts that support YOUR contention, if YOU so contend, that
22 YOU did not intentionally interfere with the INVENTIONS AGREEMENT when
23 BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
24 BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
25 DOCUMENTS that REFER OR RELATE TO such facts.

26 **RESPONSE TO INTERROGATORY NO. 34:**

27        MGA (Mexico) incorporates by reference its General Response and
28 General Objections above, as though fully set forth herein and specifically

EXHIBIT 23   PAGE 399

1  incorporates General Objection No. 7 (regarding Definitions), including but not

2  limited to its objections to the definitions of the terms INVENTIONS

3  AGREEMENT, IDENTIFY and REFER OR RELATE TO, and further objects on

4  the ground that the interrogatory is overbroad, unduly burdensome, vague and

5  ambiguous both generally and specifically with respect to the terms YOUR, YOU,

6  BRYANT, MGA, TRANSFER and ACQUIRE.  In particular, by way of example,

7  the term YOU as defined by Mattel could be read to require MGA (Mexico) to state

8  all facts supporting why each of the responding parties did not "intentionally

9  interfere with the INVENTIONS AGREEMENT," thereby rendering the

10  interrogatory impermissibly compound.  MGA (Mexico) also objects to this

11  interrogatory to the extent it seeks information that is not subject to disclosure under

12  any applicable privilege, doctrine or immunity, including without limitation the

13  attorney-client privilege, the work product doctrine, the right of privacy, and all other

14  privileges recognized under the constitutional, statutory or decisional law of the

15  United States of America, the State of California or any other applicable jurisdiction.

16  MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

17  conclusion.

18       MGA (Mexico) further objects on the ground that this interrogatory is

19  an overbroad and unduly burdensome contention interrogatory to the extent it asks

20  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

21  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

22  requests seeking "all facts, documents, and witnesses that support the denial of a

23  statement or allegation of fact" because the "universe of potentially responsive

24  information is almost endless").

25       MGA (Mexico) further objects to the extent that this interrogatory seeks

26  information that is outside MGA (Mexico)'s knowledge and is not in MGA

27  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

28  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

43

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23  PAGE 400

1  and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

2       MGA (Mexico) further objects to this interrogatory because Mattel has

3  propounded more than 50 interrogatories.  Under Judge Larson's order of February

4  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

5  04049-SGL and CV 05-02727]."

6  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

7       MGA (Mexico) incorporates by reference its General Response and

8  General Objections above, as though fully set forth herein and specifically

9  incorporates General Objection No. 7 (regarding Definitions), including but not

10  limited to its objections to the definitions of the terms INVENTIONS

11  AGREEMENT, IDENTIFY and REFER OR RELATE TO, and further objects on

12  the ground that the interrogatory is overbroad, unduly burdensome, vague and

13  ambiguous both generally and specifically with respect to the terms YOUR, YOU,

14  BRYANT, MGA, TRANSFER and ACQUIRE.  In particular, by way of example,

15  the term YOU as defined by Mattel could be read to require MGA (Mexico) to state

16  all facts supporting why each of the responding parties did not "intentionally

17  interfere with the INVENTIONS AGREEMENT," thereby rendering the

18  interrogatory impermissibly compound.  MGA (Mexico) also objects to this

19  interrogatory to the extent it seeks information that is not subject to disclosure under

20  any applicable privilege, doctrine or immunity, including without limitation the

21  attorney-client privilege, the work product doctrine, the right of privacy, and all other

22  privileges recognized under the constitutional, statutory or decisional law of the

23  United States of America, the State of California or any other applicable jurisdiction.

24  MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

25  conclusion.

26       MGA (Mexico) further objects on the ground that this interrogatory is

27  an overbroad and unduly burdensome contention interrogatory to the extent it asks

28  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

EXHIBIT 23  PAGE 401

1   *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

2   requests seeking "all facts, documents, and witnesses that support the denial of a

3   statement or allegation of fact" because the "universe of potentially responsive

4   information is almost endless").

5        MGA (Mexico) further objects to the extent that this interrogatory seeks

6   information that is outside MGA (Mexico)'s knowledge and is not in MGA

7   (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

8   this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

9   and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

10       Subject to and without waiving the foregoing objections, MGA

11  (Mexico) responds as follows:

12       This interrogatory appears to be directed at other parties to the litigation,

13  and not to MGA (Mexico).  MGA (Mexico) had not been formed at the time of

14  Bryant's transfer of rights in Bratz to MGA, and MGA (Mexico) was not involved in

15  the transfer.  MGA acquired the rights in Bratz, and MGA will respond to this

16  interrogatory.

17  **INTERROGATORY NO. 35:**

18       State all facts that support YOUR contention, if YOU so contend, that

19  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

20  BRYANT to MATTEL when BRYANT performed work or services with or for

21  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

22  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

23  such facts.

24  **RESPONSE TO INTERROGATORY NO. 35:**

25       MGA (Mexico) incorporates by reference its General Response and

26  General Objections above, as though fully set forth herein and specifically

27  incorporates General Objection No. 7 (regarding Definitions), including but not

28  limited to its objections to the definitions of the terms IDENTIFY and REFER OR

1 | RELATE TO, and further objects on the ground that the interrogatory is overbroad,
2 | unduly burdensome, vague and ambiguous both generally and specifically with
3 | respect to the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of
4 | example, the term YOU as defined by Mattel could be read to require MGA
5 | (Mexico) to state all facts supporting why each of the responding parties "did not aid
6 | or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to
7 | MATTEL," thereby rendering the interrogatory impermissibly compound.  MGA
8 | (Mexico) also objects to this interrogatory to the extent it seeks information that is
9 | not subject to disclosure under any applicable privilege, doctrine or immunity,
10 | including without limitation the attorney-client privilege, the work product doctrine,
11 | the right of privacy, and all other privileges recognized under the constitutional,
12 | statutory or decisional law of the United States of America, the State of California or
13 | any other applicable jurisdiction.  MGA (Mexico) further objects to the interrogatory
14 | to the extent it calls for a legal conclusion.

15 |        MGA (Mexico) further objects on the ground that this interrogatory is
16 | an overbroad and unduly burdensome contention interrogatory to the extent it asks
17 | for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco*
18 | *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
19 | requests seeking "all facts, documents, and witnesses that support the denial of a
20 | statement or allegation of fact" because the "universe of potentially responsive
21 | information is almost endless").

22 |        MGA (Mexico) further objects to the extent that this interrogatory seeks
23 | information that is outside MGA (Mexico)'s knowledge and is not in MGA
24 | (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to
25 | this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts ...
26 | and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

27 |        MGA (Mexico) further objects to this interrogatory because Mattel has
28 | propounded more than 50 interrogatories.  Under Judge Larson's order of February

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS            NO. CV 04-9049 SGL (RNBx)

EXHIBIT  23  PAGE  403

1  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

2  04049-SGL and CV 05-02727]."

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

4             MGA (Mexico) incorporates by reference its General Response and

5  General Objections above, as though fully set forth herein and specifically

6  incorporates General Objection No. 7 (regarding Definitions), including but not

7  limited to its objections to the definitions of the terms IDENTIFY and REFER OR

8  RELATE TO, and further objects on the ground that the interrogatory is overbroad,

9  unduly burdensome, vague and ambiguous both generally and specifically with

10  respect to the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of

11  example, the term YOU as defined by Mattel could be read to require MGA

12  (Mexico) to state all facts supporting why each of the responding parties "did not aid

13  or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to

14  MATTEL," thereby rendering the interrogatory impermissibly compound.  MGA

15  (Mexico) also objects to this interrogatory to the extent it seeks information that is

16  not subject to disclosure under any applicable privilege, doctrine or immunity,

17  including without limitation the attorney-client privilege, the work product doctrine,

18  the right of privacy, and all other privileges recognized under the constitutional,

19  statutory or decisional law of the United States of America, the State of California or

20  any other applicable jurisdiction.  MGA (Mexico) further objects to the interrogatory

21  to the extent it calls for a legal conclusion.

22             MGA (Mexico) further objects on the ground that this interrogatory is

23  an overbroad and unduly burdensome contention interrogatory to the extent it asks

24  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

25  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

26  requests seeking "all facts, documents, and witnesses that support the denial of a

27  statement or allegation of fact" because the "universe of potentially responsive

28  information is almost endless").

47

EXHIBIT __23__ PAGE __404__

1    MGA (Mexico) further objects to the extent that this interrogatory seeks
2 information that is outside MGA (Mexico)'s knowledge and is not in MGA
3 (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to
4 this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts ...
5 and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).

6    Subject to and without waiving the foregoing objections, MGA
7 (Mexico) responds as follows:

8    This interrogatory appears to be directed at other parties to the litigation,
9 and not to MGA (Mexico).  Bryant has not performed work or services for MGA
10 (Mexico).  Bryant performed work for MGA, and MGA will respond to this
11 interrogatory.

12 **INTERROGATORY NO. 36:**

13    State all facts that support YOUR contention, if YOU so contend, that
14 YOU acted with an innocent state of mind or reasonably believed that MATTEL did
15 not own any rights in any BRATZ INVENTION when BRYANT purported to
16 TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY
17 all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
18 RELATE TO such facts.

19 **RESPONSE TO INTERROGATORY NO. 36:**

20    MGA (Mexico) incorporates by reference its General Response and
21 General Objections above, as though fully set forth herein and specifically
22 incorporates General Objection No. 7 (regarding Definitions), including but not
23 limited to its objections to the definitions of BRATZ INVENTION, IDENTIFY and
24 REFER OR RELATE TO, and further objects on the grounds that the interrogatory
25 is overbroad, unduly burdensome, vague and ambiguous both generally and
26 specifically with respect to the terms YOU, BRYANT, MGA, TRANSFER,
27 MATTEL and ACQUIRE.  In particular, by way of example, the term YOU as
28 defined by Mattel could be read to require MGA (Mexico) to state all facts

EXHIBIT 23   PAGE 405

1  supporting why each of the responding parties "acted with an innocent state of

2  mind," thereby rendering the interrogatory impermissibly compound.  MGA

3  (Mexico) also objects to this interrogatory to the extent it seeks information that is

4  not subject to disclosure under any applicable privilege, doctrine or immunity,

5  including without limitation the attorney-client privilege, the work product doctrine,

6  the right of privacy, and all other privileges recognized under the constitutional,

7  statutory or decisional law of the United States of America, the State of California or

8  any other applicable jurisdiction.

9          Subject to and without waiving the foregoing objections, MGA

10  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

11  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

12  responses to MGA's First Set of Interrogatories.

13  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

14          MGA (Mexico) incorporates by reference its General Response and

15  General Objections above, as though fully set forth herein and specifically

16  incorporates General Objection No. 7 (regarding Definitions), including but not

17  limited to its objections to the definitions of BRATZ INVENTION, IDENTIFY and

18  REFER OR RELATE TO, and further objects on the grounds that the interrogatory

19  is overbroad, unduly burdensome, vague and ambiguous both generally and

20  specifically with respect to the terms YOU, BRYANT, MGA, TRANSFER,

21  MATTEL and ACQUIRE.  In particular, by way of example, the term YOU as

22  defined by Mattel could be read to require MGA (Mexico) to state all facts

23  supporting why each of the responding parties "acted with an innocent state of

24  mind," thereby rendering the interrogatory impermissibly compound.  MGA

25  (Mexico) also objects to this interrogatory to the extent it seeks information that is

26  not subject to disclosure under any applicable privilege, doctrine or immunity,

27  including without limitation the attorney-client privilege, the work product doctrine,

28  the right of privacy, and all other privileges recognized under the constitutional,

EXHIBIT 23 PAGE 406

1  statutory or decisional law of the United States of America, the State of California or

2  any other applicable jurisdiction.

3          Subject to and without waiving the foregoing objections, MGA

4  (Mexico) responds as follows:

5          This interrogatory appears to be directed at other parties to the litigation,

6  and not to MGA (Mexico).  MGA (Mexico) had not been formed at the time of

7  Bryant's transfer of rights in Bratz to MGA, and MGA (Mexico) was not involved in

8  the transfer.  MGA acquired the rights in Bratz, and MGA will respond to this

9  interrogatory.

10 **INTERROGATORY NO. 37:**

11         State all facts that support YOUR contention, if YOU so contend, that

12 BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

13 purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

14 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

15 such facts.

16 **RESPONSE TO INTERROGATORY NO. 37:**

17         MGA (Mexico) incorporates by reference its General Response and

18 General Objections above, as though fully set forth herein and specifically

19 incorporates General Objection No. 7 (regarding Definitions), including but not

20 limited to its objections to the definitions of the terms INVENTIONS

21 AGREEMENT, BRATZ and REFER OR RELATE TO, and further objects on the

22 ground that the interrogatory is overbroad, unduly burdensome, vague and

23 ambiguous both generally and specifically with respect to the terms YOUR, YOU,

24 BRYANT, MGA and TRANSFER.  MGA (Mexico) also objects to this interrogatory

25 to the extent it seeks information that is not subject to disclosure under any

26 applicable privilege, doctrine or immunity, including without limitation the attorney-

27 client privilege, the work product doctrine, the right of privacy, and all other

28 privileges recognized under the constitutional, statutory or decisional law of the

EXHIBIT  23  PAGE  407

1 | United States of America, the State of California or any other applicable jurisdiction.

2 | MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

3 | conclusion.  MGA (Mexico) further objects to the interrogatory on the ground that

4 | Mattel – not MGA (Mexico) – bears the burden of proof to show that Bryant

5 | breached the INVENTIONS AGREEMENT.

6 | MGA (Mexico) further objects on the ground that this interrogatory is

7 | an overbroad and unduly burdensome contention interrogatory to the extent it asks

8 | for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

9 | *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

10 | requests seeking "all facts, documents, and witnesses that support the denial of a

11 | statement or allegation of fact" because the "universe of potentially responsive

12 | information is almost endless").  MGA (Mexico) further objects on the ground that it

13 | is an abuse of the discovery process to effectively ask a Party to prove his, her or its

14 | entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*

15 | *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

16 | No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

17 | (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

18 | to marshal all evidence, in response to one interrogatory" is overbroad and

19 | "constitutes an abuse of the discovery process").

20 | MGA (Mexico) further objects to the extent that this interrogatory seeks

21 | information that is outside MGA (Mexico)'s knowledge and is not in MGA

22 | (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

23 | this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

24 | and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).  In

25 | responding to this interrogatory, MGA (Mexico) undertakes only to make a good

26 | faith, reasonable effort to summarize facts currently known to it, and reserves the

27 | right to supplement its response.

28 | MGA (Mexico) further objects to this interrogatory because Mattel has

EXHIBIT 23   PAGE 408

1  propounded more than 50 interrogatories.  Under Judge Larson's order of February

2  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

3  04049-SGL and CV 05-02727]."

4           Subject to and without waiving the foregoing objections, MGA

5  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

6  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

7  responses to MGA's First Set of Interrogatories.

8  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**

9           MGA (Mexico) incorporates by reference its General Response and

10  General Objections above, as though fully set forth herein and specifically

11  incorporates General Objection No. 7 (regarding Definitions), including but not

12  limited to its objections to the definitions of the terms INVENTIONS

13  AGREEMENT, BRATZ and REFER OR RELATE TO, and further objects on the

14  ground that the interrogatory is overbroad, unduly burdensome, vague and

15  ambiguous both generally and specifically with respect to the terms YOUR, YOU,

16  BRYANT, MGA and TRANSFER.  MGA (Mexico) also objects to this interrogatory

17  to the extent it seeks information that is not subject to disclosure under any

18  applicable privilege, doctrine or immunity, including without limitation the attorney-

19  client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  MGA (Mexico) further objects to the interrogatory to the extent it calls for a legal

23  conclusion.  MGA (Mexico) further objects to the interrogatory on the ground that

24  Mattel – not MGA (Mexico) – bears the burden of proof to show that Bryant

25  breached the INVENTIONS AGREEMENT.

26           MGA (Mexico) further objects on the ground that this interrogatory is

27  an overbroad and unduly burdensome contention interrogatory to the extent it asks

28  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

52

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23   PAGE 409

1  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

2  requests seeking "all facts, documents, and witnesses that support the denial of a

3  statement or allegation of fact" because the "universe of potentially responsive

4  information is almost endless").   MGA (Mexico) further objects on the ground that it

5  is an abuse of the discovery process to effectively ask a Party to prove his, her or its

6  entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas*

7  *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

8  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

9  (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

10  to marshal all evidence, in response to one interrogatory" is overbroad and

11  "constitutes an abuse of the discovery process").

12          MGA (Mexico) further objects to the extent that this interrogatory seeks

13  information that is outside MGA (Mexico)'s knowledge and is not in MGA

14  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

15  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts ...

16  and IDENTIFY *all* PERSONS...and *all* DOCUMENTS" (emphasis added).  In

17  responding to this interrogatory, MGA (Mexico) undertakes only to make a good

18  faith, reasonable effort to summarize facts currently known to it, and reserves the

19  right to supplement its response.

20          Subject to and without waiving the foregoing objections, MGA

21  (Mexico) responds as follows:

22          In August or September of 1998, Carter Bryant, inspired by images he

23  was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the

24  appearance of teenagers as well as other images in the public domain, had an idea for

25  a line of fashion dolls that he named Bratz.  At the same time, Bryant sketched a

26  series of drawings to illustrate his conception.  To the extent that some aspect of

27  Bryant's idea would have been protectible under patent law, there was neither a

28  conception nor reduction to practice during the period of Bryant's unemployment

EXHIBIT 23  PAGE 410

1   with Mattel.  In addition, Bryant's idea for a unique approach to fashion dolls was

2   not covered by the "INVENTIONS AGREEMENT."

3   **INTERROGATORY NO. 38:**

4            State all facts that support YOUR contention, if YOU so contend, that

5   BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

6   when BRYANT performed work or services with or for MGA while BRYANT was

7   employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

8   and all DOCUMENTS that REFER OR RELATE TO such facts.

9   **RESPONSE TO INTERROGATORY NO. 38:**

10           MGA (Mexico) incorporates by reference its General Response and

11  General Objections above, as though fully set forth herein and specifically

12  incorporates General Objection No. 7 (regarding Definitions), including but not

13  limited to its objections to the definitions of the terms IDENTIFY and REFER OR

14  RELATE TO,  and further objects on the ground that the interrogatory is overbroad,

15  unduly burdensome, vague and ambiguous both generally and specifically with

16  respect to the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA

17  (Mexico) also objects to this interrogatory to the extent it seeks information that is

18  not subject to disclosure under any applicable privilege, doctrine or immunity,

19  including without limitation the attorney-client privilege, the work product doctrine,

20  the right of privacy, and all other privileges recognized under the constitutional,

21  statutory or decisional law of the United States of America, the State of California or

22  any other applicable jurisdiction.  MGA (Mexico) further objects to the interrogatory

23  to the extent it calls for a legal conclusion.  MGA (Mexico) further objects to the

24  interrogatory on the ground that Mattel – not MGA (Mexico) – bears the burden of

25  proof to show that Bryant breached any duties, fiduciary or otherwise, to Mattel.

26           MGA (Mexico) further objects on the ground that this interrogatory is

27  an overbroad and unduly burdensome contention interrogatory to the extent it asks

28  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

EXHIBIT 23   PAGE 411

1   *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

2   requests seeking "all facts, documents, and witnesses that support the denial of a

3   statement or allegation of fact" because the "universe of potentially responsive

4   information is almost endless"). MGA (Mexico) further objects on the ground that it

5   is an abuse of the discovery process to effectively ask a Party to prove his, her or its

6   entire case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas*

7   *Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,

8   No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

9   (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

10   to marshal all evidence, in response to one interrogatory" is overbroad and

11   "constitutes an abuse of the discovery process").

12        MGA (Mexico) further objects to the extent that this interrogatory seeks

13   information that is outside MGA (Mexico)'s knowledge and is not in MGA

14   (Mexico)'s possession, custody, or control. In particular, MGA (Mexico) objects to

15   this interrogatory to the extent that it requests that MGA (Mexico) "state all facts …

16   and IDENTIFY all PERSONS…and all DOCUMENTS" (emphasis added). In

17   responding to this interrogatory, MGA (Mexico) undertakes only to make a good

18   faith, reasonable effort to summarize facts currently known to it, and reserves the

19   right to supplement its response.

20        MGA (Mexico) further objects to this interrogatory because Mattel has

21   propounded more than 50 interrogatories. Under Judge Larson's order of February

22   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

23   04049-SGL and CV 05-02727]."

24        Subject to and without waiving the foregoing objections, MGA

25   (Mexico) responds as follows: MGA (Mexico) is willing to meet and confer with

26   Mattel regarding this interrogatory and the obligation of Mattel to supplement its

27   responses to MGA's First Set of Interrogatories.

28

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS      NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23  PAGE 412

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**

1   
2          MGA (Mexico) incorporates by reference its General Response and
3   General Objections above, as though fully set forth herein and specifically
4   incorporates General Objection No. 7 (regarding Definitions), including but not
5   limited to its objections to the definitions of the terms IDENTIFY and REFER OR
6   RELATE TO,  and further objects on the ground that the interrogatory is overbroad,
7   unduly burdensome, vague and ambiguous both generally and specifically with
8   respect to the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  MGA
9   (Mexico) also objects to this interrogatory to the extent it seeks information that is
10  not subject to disclosure under any applicable privilege, doctrine or immunity,
11  including without limitation the attorney-client privilege, the work product doctrine,
12  the right of privacy, and all other privileges recognized under the constitutional,
13  statutory or decisional law of the United States of America, the State of California or
14  any other applicable jurisdiction.  MGA (Mexico) further objects to the interrogatory
15  to the extent it calls for a legal conclusion.  MGA (Mexico) further objects to the
16  interrogatory on the ground that Mattel – not MGA (Mexico) – bears the burden of
17  proof to show that Bryant breached any duties, fiduciary or otherwise, to Mattel.

18         MGA (Mexico) further objects on the ground that this interrogatory is
19  an overbroad and unduly burdensome contention interrogatory to the extent it asks
20  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco
21  of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
22  requests seeking "all facts, documents, and witnesses that support the denial of a
23  statement or allegation of fact" because the "universe of potentially responsive
24  information is almost endless").  MGA (Mexico) further objects on the ground that it
25  is an abuse of the discovery process to effectively ask a Party to prove his, her or its
26  entire case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas
27  Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*,
28  No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006)

EXHIBIT  23  PAGE  413

1 (ruling that interrogatory that asks defendant to "plead and prove its entire case, and

2 to marshal all evidence, in response to one interrogatory" is overbroad and

3 "constitutes an abuse of the discovery process").

4      MGA (Mexico) further objects to the extent that this interrogatory seeks

5 information that is outside MGA (Mexico)'s knowledge and is not in MGA

6 (Mexico)'s possession, custody, or control. In particular, MGA (Mexico) objects to

7 this interrogatory to the extent that it requests that MGA (Mexico) "state all facts ...

8 and IDENTIFY all PERSONS...and all DOCUMENTS" (emphasis added). In

9 responding to this interrogatory, MGA (Mexico) undertakes only to make a good

10 faith, reasonable effort to summarize facts currently known to it, and reserves the

11 right to supplement its response.

12      Subject to and without waiving the foregoing objections, MGA

13 (Mexico) responds as follows:

14      Bryant was not a fiduciary of Mattel. Bryant was not an officer or

15 director of Mattel. Mattel has not proven any facts that would support its claim that

16 Bryant was a fiduciary of Mattel. MGA (Mexico) responds further that Bryant did

17 not perform any services for MGA prior to signing his agreement with MGA on

18 October 4, 2000. Bryant's activities with respect to the Bratz concept prior to

19 October 4, 2000, were directed to securing a commercially beneficial relationship

20 with MGA, i.e., Bryant "pitched" the concept of Bratz to MGA. In addition, Bryant's

21 employment with Mattel was at will, and Bryant had the right to leave Mattel to join

22 a competitor, or to work for a competitor, at any time. Any work that Bryant

23 performed relating to his Bratz ideas during the time period that he was still

24 employed by Mattel constituted lawful steps by Bryant to prepare to embark upon a

25 new career. Isaac Larian instructed Bryant to leave Mattel immediately upon

26 executing his contract with MGA. During the period from October 4, 2000, through

27 October 20, 2000, Bryant contributed very little to the development of what later

28 became the first generation of Bratz dolls.

EXHIBIT 23 PAGE 414

1  The following persons have knowledge of the facts and circumstances
2  supporting this contention:  Isaac Larian, Carter Bryant, Victoria O'Connor, Margaret
3  Leahy, Aileen Storer, Veronica Marlow, Paula Garcia, and Anne Wang.

4  **INTERROGATORY NO. 39:**

5  IDENTIFY each and every bank or financial institution account that
6  REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR
7  benefit, since January 1, 1999.

8  **RESPONSE TO INTERROGATORY NO. 39:**

9  MGA (Mexico) incorporates by reference its General Response and
10 General Objections above, as though fully set forth herein and specifically
11 incorporates General Objection No. 7 (regarding Definitions), including but not
12 limited to its objections to the definitions of the terms IDENTIFY and REFERS OR
13 RELATES TO, and further objects on the ground that the interrogatory is overbroad,
14 unduly burdensome, vague and ambiguous both generally and specifically with
15 respect to the terms YOU and YOUR.  MGA (Mexico) also objects to this
16 interrogatory to the extent it seeks information that is not subject to disclosure under
17 any applicable privilege, doctrine or immunity, including without limitation the
18 attorney-client privilege, the work product doctrine, the right of privacy, and all other
19 privileges recognized under the constitutional, statutory or decisional law of the
20 United States of America, the State of California or any other applicable jurisdiction.
21 MGA (Mexico) further objects to this interrogatory as premature asset discovery
22 under Federal Rule of Civil Procedure 69(a), as there is presently no judgment for
23 the payment of money pending against MGA (Mexico).  MGA (Mexico) further
24 objects on the grounds that it is overbroad, not relevant to the claims or defenses of
25 any party to the action and not reasonably calculated to lead to the discovery of
26 admissible evidence.

27 **INTERROGATORY NO. 40:**

28 IDENTIFY each and every STORAGE DEVICE that YOU have used

58

EXHIBIT 23 PAGE 415

1 | for any purpose which contains or contained DIGITAL INFORMATION that

2 | REFERS OR RELATES TO BRATZ prior to January 1, 2002.

3 | **RESPONSE TO INTERROGATORY NO. 40:**

4 | MGA (Mexico) incorporates by reference its General Response and

5 | General Objections above, as though fully set forth herein and specifically

6 | incorporates General Objection No. 7 (regarding Definitions), including but not

7 | limited to its objections to the definitions of the terms IDENTIFY, REFERS OR

8 | RELATES TO and BRATZ, and further objects to this interrogatory on the grounds

9 | that it is overbroad, unduly burdensome, vague and ambiguous both generally and

10 | specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL

11 | INFORMATION.   MGA (Mexico) further objects to this interrogatory as compound

12 | because it contains discrete subparts that require separate, distinct and multiple

13 | responses.  Specifically, MGA (Mexico) objects to the terms IDENTIFY and

14 | STORAGE DEVICE as overbroad and unduly burdensome, as Mattel's definition of

15 | this term calls for responses to multiple discrete subparts.  For example, Mattel's

16 | definition of the term IDENTIFY in the context of this interrogatory would require

17 | MGA (Mexico) to provide numerous discrete facts for each STORAGE DEVICE,

18 | including:

19 | (a)     the individual(s) that use or have used the STORAGE DEVICE;

20 | (b)     the current location of the STORAGE DEVICE;

21 | (c)     the IDENTITY of the PERSON who possesses the STORAGE

22 | DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

23 | (d)     the type of STORAGE DEVICE;

24 | (e)     whether the STORAGE DEVICE has ever been copied or imaged

25 | (and if so, the current location of each copy or image and the IDENTITY of the

26 | PERSONS who possess such copies or image);

27 | (f)     the date(s) on which such copies or images were made;

28 | (g)     the manufacturer name, brand, model name, model number, and

EXHIBIT  23  PAGE 416

1   serial number of the STORAGE DEVICE;

2          (h)    the technical specifications and capacities of such STORAGE

3   DEVICE.

4          In addition, Mattel's definition of YOU could be read to require MGA

5   (Mexico) to provide the foregoing information about STORAGE DEVICES

6   belonging to each of the responding parties.

7          MGA (Mexico) also objects to this interrogatory to the extent it seeks

8   information that is not subject to disclosure under any applicable privilege, doctrine

9   or immunity, including without limitation the attorney-client privilege, the work

10  product doctrine, the right of privacy, and all other privileges recognized under the

11  constitutional, statutory or decisional law of the United States of America, the State

12  of California or any other applicable jurisdiction. MGA (Mexico) further objects to

13  the interrogatory on the ground that it is premature because the invention, creation,

14  conception, or reduction to practice of Bratz (and related issues) will be the subject

15  of expert testimony at trial. MGA (Mexico) objects to this interrogatory to the extent

16  it seeks to limit the expert testimony that MGA (Mexico) may seek to introduce at

17  trial. MGA (Mexico) will identify its experts and make related disclosures in

18  accordance with the Court's orders and applicable rules. MGA (Mexico) further

19  objects to the extent that this interrogatory seeks information that is outside of MGA

20  (Mexico)'s knowledge and is not in MGA (Mexico)'s possession, custody or control.

21         MGA (Mexico) further objects to this interrogatory because Mattel has

22  propounded more than 50 interrogatories. Under Judge Larson's order of February

23  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

24  04049-SGL and CV 05-02727]."

25         Subject to and without waiving the foregoing objections, MGA

26  (Mexico) responds as follows: MGA (Mexico) is willing to meet and confer with

27  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

28  responses to MGA's First Set of Interrogatories.

EXHIBIT 23 PAGE 417

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 40:**

MGA (Mexico) incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO and BRATZ, and further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL INFORMATION.   MGA (Mexico) further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses.  Specifically, MGA (Mexico) objects to the terms IDENTIFY and STORAGE DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA (Mexico) to provide numerous discrete facts for each STORAGE DEVICE, including:

(a)     the individual(s) that use or have used the STORAGE DEVICE;

(b)     the current location of the STORAGE DEVICE;

(c)     the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

(d)     the type of STORAGE DEVICE;

(e)     whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image and the IDENTITY of the PERSONS who possess such copies or image);

(f)     the date(s) on which such copies or images were made;

(g)     the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

(h)     the technical specifications and capacities of such STORAGE

61

EXHIBIT  23  PAGE  418

1  DEVICE.

2          In addition, Mattel's definition of YOU could be read to require MGA

3  (Mexico) to provide the foregoing information about STORAGE DEVICES

4  belonging to each of the responding parties.

5          MGA (Mexico) also objects to this interrogatory to the extent it seeks

6  information that is not subject to disclosure under any applicable privilege, doctrine

7  or immunity, including without limitation the attorney-client privilege, the work

8  product doctrine, the right of privacy, and all other privileges recognized under the

9  constitutional, statutory or decisional law of the United States of America, the State

10  of California or any other applicable jurisdiction.  MGA (Mexico) further objects to

11  the interrogatory on the ground that it is premature because the invention, creation,

12  conception, or reduction to practice of Bratz (and related issues) will be the subject

13  of expert testimony at trial.  MGA (Mexico) objects to this interrogatory to the extent

14  it seeks to limit the expert testimony that MGA (Mexico) may seek to introduce at

15  trial.  MGA (Mexico) will identify its experts and make related disclosures in

16  accordance with the Court's orders and applicable rules.  MGA (Mexico) further

17  objects to the extent that this interrogatory seeks information that is outside of MGA

18  (Mexico)'s knowledge and is not in MGA (Mexico)'s possession, custody or control.

19          Subject to and without waiving the foregoing objections, MGA

20  (Mexico) responds as follows:

21          This interrogatory appears to be directed to other parties to the

22  litigation, and not to MGA (Mexico).  MGA (Mexico) had not been formed in

23  January 1, 2002.

24  **INTERROGATORY NO. 41:**

25          IDENTIFY all PERSONS who at any time have been employed by or

26  under contract with MATTEL who are now or have been employed by or under

27  contract with YOU since January 1, 1999, and, for each such PERSON, state his or

28  her name, date of hire or effective date of contract, the date on which YOU first had

62

EXHIBIT __23__ PAGE __419__

1  contact with such PERSON regarding potential employment or contracting, the

2  date(s) on which such PERSON was interviewed for possible employment or

3  contracting, each title (if any) such PERSON has held while employed by or under

4  contract with YOU, and the date of termination (if applicable).

5  **RESPONSE TO INTERROGATORY NO. 41:**

6  　　　　MGA (Mexico) incorporates by reference its General Response and

7  General Objections above, as though fully set forth herein and specifically

8  incorporates General Objection No. 7 (regarding Definitions), including but not

9  limited to its objections to the definitions of the term IDENTIFY and further objects

10  to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague

11  and ambiguous both generally and specifically with respect to the terms YOU.

12  MGA (Mexico) also objects to this interrogatory to the extent it seeks information

13  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

14  including without limitation the attorney-client privilege, the work product doctrine,

15  the right of privacy, and all other privileges recognized under the constitutional,

16  statutory or decisional law of the United States of America, the State of California or

17  any other applicable jurisdiction.

18  　　　　Subject to and without waiving the foregoing objections, MGA

19  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

20  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

21  responses to MGA's First Set of Interrogatories.

22  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

23  　　　　MGA (Mexico) incorporates by reference its General Response and

24  General Objections above, as though fully set forth herein and specifically

25  incorporates General Objection No. 7 (regarding Definitions), including but not

26  limited to its objections to the definitions of the term IDENTIFY and further objects

27  to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague

28  and ambiguous both generally and specifically with respect to the terms YOU.

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS　　　　NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23  PAGE 420

1  MGA (Mexico) also objects to this interrogatory to the extent it seeks information

2  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

3  including without limitation the attorney-client privilege, the work product doctrine,

4  the right of privacy, and all other privileges recognized under the constitutional,

5  statutory or decisional law of the United States of America, the State of California or

6  any other applicable jurisdiction.

7          Subject to and without waiving the foregoing objections, MGA

8  (Mexico) responds as follows:  the following is a list of all former Mattel employees

9  who have been employed by MGA, MGA Entertainment (HK) Ltd., or MGA

10  (Mexico) since January 1, 1999:

11

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04-Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06-Present |
| Black, Nanette | SVP, HR | 2/12/07 -Present |
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06-Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02-Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04-Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05-Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06-Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06-Present |
| Cheng, Steve | Sr. Designer | 04/08/02-Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06-Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04-Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06-Present |

64

EXHIBIT  23   PAGE 421

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03- Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02- Present |
| Feldman, Joe | Design Engineer | 12/08/04- Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06- Present |
| Garcia, Mia | Dev. Designer | 2/23/05- Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00- Present |
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance; <br><br> Quality Assurance Mgr. | 10/16/06- Present; <br><br> 1/3/05- 8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., CE/YE | 08/07/06 - Present |
| Hansen, Melody | Face Painter | 03/13/06- Present |
| Hansen, Todd | Packaging Engineer | 5/2/05- Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05- Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05- Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05- Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05- Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 - Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03- Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05- Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04- Present |

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS     NO. CV 04-9049 SGL (RNBx)

EXHIBIT __23__ PAGE __422__

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Kirst, Kristen | Hair Designer | 03/31/03-Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03-Present |
| Larson, Jill | Sales Associate | 12/20/06-Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06-Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05-Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05-Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04-Present |
| Min, Aye Aye | Hair Designer | 04/17/06-Present |
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07-Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07-Present |
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05-Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04-Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04-Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04-Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05-Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03-Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04-Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07-Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06-Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04-Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06-Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04-Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03-Present |

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23   PAGE 423

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Salemnia, Shirin | Research Mgr. | 02/17/03-Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05-Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03-Present |
| Su, Jier | Dir. of Prod. Planning | 8/16/05-Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02-Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05-Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04-Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04-Present |
| Umana, Esteban | Quality Engineer | 03/19/07-Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05-Present |
| Vargas, Pablo | Dir. Sales | 04/26/04-Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04-Present |
| Ward, Lance | Structural Engineer | 08/02/04-Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04-Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02-Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS/TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07-3/2/07, 4/16/07-Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07-Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Ser. Dir. | 10/25/99-04/14/00 |

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23    PAGE 424

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aguilar, Lourdes | Brand Mgr. | 9/01/04-6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04-09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03-03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03-05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02-06/27/06 |
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02-08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01-11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02-Unknown |
| Gillmour, Kami | VP Marketing | 05/24/99-07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01-07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01-06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown-10/04 |
| Huntley, James | Independent Contractor – Miuchiz;  VP Marketing | 08/17/06 – Unknown;  5/23/05-08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02-07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99-01/11/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 – 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03-05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02-01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06-07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03-01/03/05 |

68

EXHIBIT 23 PAGE 425

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04-07/22/04 |
| Otero, Jose | Web Designer | 08/11/03-2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04-12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04-6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04-01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96-04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05-12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00-01/12/01 |
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04-3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 – 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00-08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01-04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04-06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03-1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02-07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01-06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96-03/97 |
| Williams, Patrick | SVP Sales | 01/07/01-05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03-05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04-8/24/05 |
| Zbojniewicz, Dave | Dir. Bus. Planning/Independent Contractor | 04/04-09/04 |

EXHIBIT 23 PAGE 426

1

2 DATED:  November 30, 2007

3                                   SKADDEN, ARPS, SLATE, MEAGHER &
                                    FLOM LLP
4

5                                   By: _____
                                                Thomas J. Nolan
6                                   Attorneys for Counter-Defendants, MGA
                                    ENTERTAINMENT, INC., ISAAC LARIAN,
7                                   MGA ENTERTAINMENT (HK) Ltd., and
                                    MGAE de MEXICO S.R.L. de C.V.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



MGA MEXICO'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 23 PAGE 427