**Exhibit  24**

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:      tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  E-mail:      rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11                 **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

                      **EASTERN DIVISION**

| | |
|---|---|
| 13  CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 14              Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 15       v. | |
| 16  MATTEL, INC., a Delaware corporation | **ISAAC LARIAN'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S REVISED THIRD SET OF INTERROGATORIES** |
| 17              Defendant. | |
| 18 | Honorable Stephen G. Larson |
| 19 | Courtroom 1 |
| 20 | |
| 21  Consolidated with MATTEL, INC. v. BRYANT and MGA | Discovery Cut-Off:  March 3, 2008 |
| 22  ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 23 | |

24  **PROPOUNDING PARTY:**     **MATTEL, INC.  ("MATTEL")**

25  **RESPONDING PARTY:**       **ISAAC LARIAN**

26  **SET NUMBER:**             **REVISED THIRD**

27

28
                              11/30/07
   ─────────────────────────────────────────────────────
   LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT 24   PAGE 428

# PRELIMINARY STATEMENT

1
2       The General Response set forth herein applies to all responses that Isaac
3   Larian ("Larian") is providing in response to these interrogatories (the
4   "Interrogatories") or may in the future provide in response to any discovery request
5   in this action.  The Response is made without waiving, or intending to waive but, on
6   the contrary, expressly reserving:  (a) the right to object, on the grounds of
7   competency, privilege, relevancy or materiality, or any other proper grounds, to the
8   use of the Response, for any purpose in whole or in part, in any subsequent step or
9   proceeding in this action or any other action; (b) the right to object on any and all
10  grounds, at any time, to other interrogatories or other discovery procedures; and (c)
11  the right at any time to revise, correct, add to, or clarify any of the responses
12  propounded herein.

13      The Response reflects only the present state of Larian's discovery.
14  regarding the information that Mattel seeks.  Discovery and other investigation or
15  research concerning this litigation are continuing.  Mattel has produced almost no
16  documents to date and has produced no documents from its Zeus computer system,
17  and has not provided other discovery responses, including without limitation
18  supplemental responses to its March 7, 2005, responses to MGA's First Set of
19  Interrogatories (which responses were comprised almost entirely of objections).  It is
20  anticipated that further discovery, independent investigation, and legal research and
21  analysis will supply additional facts and meaning to the known facts, as well as
22  establish entirely new factual conclusions, all of which may lead Larian to discover
23  other information responsive to these Interrogatories.  Larian therefore reserves the
24  right to amend or supplement this Response at any time in light of future
25  investigation, research or analysis, and also expressly reserves the right to rely on, at
26  any time, including trial, subsequently discovered information omitted from this
27  Response as a result of mistake, error, oversight or inadvertence.  Larian does not
28  hereby admit, adopt or acquiesce in any factual or legal contention, assertion or

1

EXHIBIT 24   PAGE 429

1 characterization contained in the Interrogatories or any particular request therein,

2 even where Larian has not otherwise objected to a particular interrogatory, or has

3 agreed to provide information responsive to a particular interrogatory.

4          No incidental or implied admissions are intended by this Response.

5 These responses should not be taken as an admission that Larian accepts or admits

6 the existence of any facts set forth or assumed by any instruction, definition or

7 interrogatory.

8                          **GENERAL OBJECTIONS**

9          Larian responds to these Interrogatories subject to the following general

10 objections and limitations, each of which is incorporated into each and every

11 response as though fully set forth therein:

12          1.     Larian objects to these Interrogatories to the extent they seek

13 information that is not subject to disclosure under any applicable privilege, doctrine

14 or immunity, including without limitation the attorney-client privilege, the work

15 product doctrine, the right of privacy, and all other privileges recognized under the

16 constitutional, statutory or decisional law of the United States of America, the State

17 of California or any other applicable jurisdiction.

18          2.     Larian objects to these Interrogatories to the extent they seek

19 information not relevant to the claims or defenses of any party to this action and not

20 reasonably calculated to lead to the discovery of admissible evidence.

21          3.     Larian objects to these Interrogatories to the extent they seek

22 information which by reason of public filing or otherwise is already in Mattel's

23 possession or is readily accessible to Mattel.

24          4.     Larian objects to these Interrogatories to the extent they seek the

25 disclosure of information (1) not currently within his possession, custody or control;

26 (2) that Larian cannot locate after a reasonably diligent search; or (3) that refer to

27 persons, entities, or events not known to Larian.

28          5.     Larian objects to these Interrogatories to the extent they are

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx) M

EXHIBIT 24 · 430

1 | overbroad and unduly burdensome.

2 |    6.  Larian objects to the definitions and instructions to the extent

3 | such definitions and instructions purport to enlarge, expand, or alter in any way the

4 | plain meaning and scope of any specific term or specific interrogatories on the

5 | ground that such enlargement, expansion, or alteration renders such a term or request

6 | vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

7 |    7.  Larian objects to the following definitions in these

8 | Interrogatories:

9 |    (a)  Larian objects to the definition of the term "BRATZ"

10 | (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

11 | designed to mislead and confuse the trier of fact.  The definition includes "any

12 | project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

13 | or in part and regardless of what such project, product or doll is or has been also,

14 | previously or subsequently called) and any product, doll or DESIGN or any portion

15 | thereof that is now or has ever been known as, or sold or marketed under, the name

16 | or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

17 | or DESIGN or portion thereof is or has been also, previously or subsequently called)

18 | or that is now or has ever been marketed as part of the 'Bratz' line, and each version

19 | or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.

20 | By incorporating the definition of DESIGN, the overly broad definition of BRATZ

21 | includes two-dimensional and three-dimensional representations, including "works,

22 | designs, artwork, sketches, drawings, illustrations, representations, depictions,

23 | blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

24 | rotocasts, reductions to practice, developments, inventions and/or improvements . . .

25 | ." (Definitions ¶ 8.)  These convoluted and multi-part definitions combine to render

26 | the interrogatories vague, ambiguous and overly broad, and to include within the

27 | term BRATZ things that do not fairly represent the Bratz line of dolls, accessories

28 | and related products that are the subject of this case.  In responding to these

EXHIBIT 24 PAGE 431

1  interrogatories, Larian will interpret the term BRATZ to mean the line of dolls

2  introduced by Larian to the market for sale in May or June of 2001 and subsequent

3  dolls, accessories and other products known as Bratz or associated by Larian with the

4  Bratz line of dolls;

5              (b)     Larian objects to the definition of the term "BRATZ

6  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

7  burdensome, and designed to mislead and confuse the trier of fact.  The definition

8  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

9  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

10  "BRATZ DOLL" unintelligible because Larian cannot know, by way of example,

11  what dolls may "deal with, comment on, respond to, . . . or in any way pertain"

12  (Definitions ¶ 20) to "BRATZ."  In responding to these interrogatories, Larian will

13  interpret the term "BRATZ DOLL" to mean the line of dolls introduced by Larian to

14  the market for sale in May or June of 2001 and subsequent dolls known as Bratz;

15              (c)     Larian objects to the definition of the term "CREATED"

16  (Definitions ¶ 21) as vague, ambiguous, overly broad and unduly burdensome, and

17  designed to mislead and confuse the trier of fact.  The definition strays far from the

18  English meaning of the term "created" by including concepts such as "improved,"

19  "altered," "conceived of" and "reduced to practice."  Thus, by way of example, under

20  Mattel's definition of "CREATED," the jury could be misled into believing that a

21  person "CREATED" a particular thing when that person did not, but only slightly

22  altered or improved the thing.  In responding to these interrogatories, Larian will not

23  interpret the term "CREATED," but rather will respond using words contained

24  within the Mattel definition in their normal, accepted meaning;

25              (d)     Larian objects to the definition of the term "INVENTIONS

26  AGREEMENT" (Definitions ¶ 23) as vague, ambiguous, overly broad and unduly

27  burdensome, and designed to mislead and confuse the trier of fact.  The definition

28  includes "any other version of such January 4, 1999 agreement."  In responding to

4

EXHIBIT 24 PAGE 432

1 these interrogatories, Larian will interpret the term "INVENTIONS AGREEMENT"

2 to refer to the document Bates numbered M0001596;

3         (e)    Larian objects to the definition of the term "BRATZ

4 INVENTION" (Definitions ¶ 10) as vague, ambiguous, overly broad and unduly

5 burdensome, and designed to mislead and confuse the trier of fact. The definition

6 strays far from the English meaning of the term "invention" by including concepts

7 such as representation, idea, concept, work, process, procedure, plan, improvement,

8 design and development, none of which necessarily equate to an invention. In

9 responding to these interrogatories, Larian will not interpret the term "BRATZ

10 INVENTION," but rather will respond using words contained within the Mattel

11 definition in their normal, accepted meaning.

12         (f)    Larian objects to the terms "IDENTIFY" or "IDENTITY"

13 (Definitions ¶ 28) as overbroad, unduly burdensome, vague, ambiguous, and

14 oppressive. Mattel's definition of these terms inherently call for answers to multiple

15 discrete questions or subparts to questions. For example, when those terms are used

16 to reference any BRATZ INVENTION, the use of those terms requests at least 10

17 different and distinct facts: (a) the Bates number of any document that "REFERS OR

18 RELATES TO the BRATZ INVENTION"; (b) the IDENTITY of the individual

19 author or creator of the BRATZ INVENTIONS; (c) the IDENTITY of each other

20 individual who contributed in any manner to the BRATZ INVENTION; (d) the form,

21 material and medium of the BRATZ INVENTION; (e) the title or name of the

22 BRATZ INVENTION; (f) the version, modification, revision or iteration number of

23 the BRATZ INVENTION; (g) the current location of the original of the BRATZ

24 INVENTION; (h) the first day on which the BRATZ INVENTION was created; (i)

25 the last day on which the BRATZ INVENTION was CREATED; (j) whether the

26 entire invention was CREATED during the period of time listed in the Interrogatory

27 (and if not, which portions were created during, earlier, or later than the period of

28 time listed in the Interrogatory.) Therefore, any interrogatory that includes or

5

EXHIBIT 24  PAGE 433

1  incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and

2  should be posed as separate interrogatories.

3          (g)    Larian objects to the terms "any" and "REFER OR

4  RELATE TO" on the grounds and to the extent that they are overbroad, unduly

5  burdensome or are vague and ambiguous in the context of the interrogatories as

6  written and as those interrogatories would be plainly understood absent Mattel's

7  definitions.

8         8.    Larian objects to these interrogatories to the extent that they may

9  unfairly seek to restrict the facts on which Larian may rely at trial.  Discovery has

10  not been completed and Larian is not yet necessarily in possession of all the facts and

11  documents upon which Larian intends to rely.  All of the responses submitted

12  herewith are tendered to Mattel with the reservation that the responses are submitted

13  without limiting the evidence on which Larian may rely to support the contentions

14  and defenses that Larian may assert at the trial of this action and to rebut or impeach

15  the contentions, assertions and evidence that Mattel may present.  Larian reserves the

16  right to supplement or amend these responses at a future date.

17         9.    Larian objects to each interrogatory to the extent that it seeks

18  information that will be the subject of expert witness testimony and that is therefore

19  premature.

20        10.    Larian objects to each interrogatory to the extent that it seeks the

21  disclosure of confidential, proprietary, or trade-secret information.

22        11.    Larian objects to each interrogatory to the extent that it calls for

23  a legal conclusion.

24        12.    Larian reserves the right to object on any ground at any time to

25  such other and supplemental discovery requests as Mattel may propound involving

26  or relating to the same subject matter of these interrogatories.

27        13.    The responses below shall not be construed as an admission as to

28  the relevance or admissibility of any statement or characterization contained in any

6

EXHIBIT 24   PAGE 434

1  interrogatory.  Larian reserves all objections, including without limitation objections

2  as to competency, relevance, materiality, privilege, authenticity, or admissibility.

3         14.     Consistent with Rule 33(d) of the Federal Rules of Civil

4  Procedure, Larian objects to providing responses to interrogatories that can be

5  derived from documents that have or will be produced (when requested in

6  compliance with Rule 26) and where the burden to derive such information is

7  substantially the same for Mattel as it is for Larian.

8         15.     In responding to these Interrogatories, Larian has not and will

9  not comply with any instructions or definitions that seek to impose requirements in

10 addition to those imposed by the Federal Rules of Civil Procedure and any applicable

11 local rule.

12         16.     To the extent Larian responds to an interrogatory, it does so

13 without waiving or intending to waive but rather, on the contrary, preserving and

14 intending to preserve, its contention that anything Mr. Bryant did on weekends,

15 evenings, vacation and any other time outside ordinary business hours was not done

16 while he was working for Mattel.  Larian's response may not be taken as an

17 admission that the information it provides in its response in any way reflects or

18 evidences work performed by Mr. Bryant while he was working for Mattel or that

19 Larian adopts or agrees with any fact or legal conclusion assumed, presumed or

20 contained in Mattel's interrogatory.

21         17.     Larian objects to each of Mattel's interrogatories because Mattel

22 has propounded more than 50 interrogatories, including discrete subparts.  Under

23 Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

24 side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

25                **SPECIFIC OBJECTIONS AND RESPONSES**

26         Without waiving or departing from its General Response and General

27 Objections, and specifically incorporating them in its response to each Interrogatory

28 below, Larian makes the following additional objections and responses to specific

7

EXHIBIT 24   PAGE 435

1 | Interrogatories:

2 | **INTERROGATORY NO. 27:**

3 |       IDENTIFY each and every BRATZ INVENTION YOU contend was

4 | CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

5 | INVENTION so identified state all facts that support YOUR contention that such

6 | BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

7 | January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

8 | DOCUMENTS which REFER OR RELATE TO such facts.

9 | **RESPONSE TO INTERROGATORY NO. 27:**

10 |       Larian incorporates by reference his General Response and General

11 | Objections above, as though fully set forth herein and specifically incorporates

12 | General Objection No. 7 (regarding the Definitions), including but not limited to his

13 | objections to the definitions of the terms BRATZ INVENTION, CREATED,

14 | IDENTIFY and REFER OR RELATES TO.  Larian further objects to this

15 | interrogatory as compound because it contains discrete subparts that require separate,

16 | distinct and multiple responses.  Specifically, Larian objects to the term IDENTIFY

17 | as overbroad and unduly burdensome, as Mattel's definition of this term calls for

18 | responses to multiple discrete subparts.  For example, Mattel's definition of the term

19 | IDENTIFY in the context of this interrogatory would require Larian to provide a

20 | multitude of discrete responses for each BRATZ INVENTION, including:

21 |       (a)    the Bates number of any document that "REFERS OR RELATES

22 | TO the BRATZ INVENTION;"

23 |       (b)    the IDENTITY of the individual author or creator of the BRATZ

24 | INVENTION;

25 |       (c)    the IDENTITY of each other individual who contributed in any

26 | manner to the BRATZ INVENTION;

27 |       (d)    the form, material and medium of the BRATZ INVENTION;

28 |       (e)    the title or name of the BRATZ INVENTION;

EXHIBIT 24 PAGE 436

1       (f)    the version, modification, revision or iteration number of the

2 BRATZ INVENTION;

3       (g)    the current location of the original of the BRATZ INVENTION;

4       (h)    the first day on which the BRATZ INVENTION was CREATED;

5       (i)    the last day on which the BRATZ INVENTION was CREATED;

6       (j)    whether the entire invention was CREATED during the period of

7 time listed in the Interrogatory (and if not, which portions were created during,

8 earlier, or later than the period of time listed in the Interrogatory).

9       This interrogatory is further compounded by Mattel's definition of

10 IDENTITY, which purports to require Larian to provide the following information

11 for each of the individuals Mattel is requesting that Larian identify with respect to

12 each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

13 (c) the current or last known business affiliation; (d) current or last known residential

14 address; (e) current or last known business address; (f) current or last known

15 relationship to Larian; and (g) current or last known telephone number.

16       Larian further objects to this interrogatory on the grounds that it is

17 overbroad, unduly burdensome, vague and ambiguous both generally and

18 specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

19 DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

20 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

21 RELATES TO, is so broad and over-inclusive that it could be read to include each

22 and every thought, idea and conversation that anyone may have had about BRATZ

23 during the time period at issue.

24       Larian further objects to the extent that this interrogatory seeks

25 information that is outside of Larian's knowledge and is not in Larian's possession,

26 custody or control.  In particular, Larian objects to this interrogatory to the extent

27 that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS … and

28 *all* DOCUMENTS" (emphasis added).

9

EXHIBIT 24   PAGE 437

1          Larian also objects to this interrogatory to the extent it seeks

2  information that is not subject to disclosure under any applicable privilege, doctrine

3  or immunity, including without limitation the attorney-client privilege, the work

4  product doctrine, the right of privacy, and all other privileges recognized under the

5  constitutional, statutory or decisional law of the United States of America, the State

6  of California or any other applicable jurisdiction.  Larian further objects to the

7  interrogatory on the ground that it is premature because the invention, creation,

8  conception, or reduction to practice of Bratz (and related issues) will be the subject

9  of expert testimony at trial.  Larian objects to this interrogatory to the extent it seeks

10  to limit the expert testimony that Larian may seek to introduce at trial.  Larian will

11  identify his experts and make related disclosures in accordance with the Court's

12  orders and applicable rules.

13          Larian further objects to this interrogatory because Mattel has

14  propounded more than 50 interrogatories.  Under Judge Larson's order of February

15  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

16  04049-SGL and CV 05-02727]."

17          Subject to and without waiving the foregoing objections, Larian

18  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

19  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

20  Set of Interrogatories.

21  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

22          Larian incorporates by reference his General Response and General

23  Objections above, as though fully set forth herein and specifically incorporates

24  General Objection No. 7 (regarding the Definitions), including but not limited to his

25  objections to the definitions of the terms BRATZ INVENTION, CREATED,

26  IDENTIFY and REFER OR RELATES TO.  Larian further objects to this

27  interrogatory as compound because it contains discrete subparts that require separate,

28  distinct and multiple responses.  Specifically, Larian objects to the term IDENTIFY

10

EXHIBIT _24_ PAGE _438_

1 | as overbroad and unduly burdensome, as Mattel's definition of this term calls for
2 | responses to multiple discrete subparts.  For example, Mattel's definition of the term
3 | IDENTIFY in the context of this interrogatory would require Larian to provide a
4 | multitude of discrete responses for each BRATZ INVENTION, including:

5 |      (a)    the Bates number of any document that "REFERS OR RELATES
6 | TO THE BRATZ INVENTION;"

7 |      (b)    the IDENTITY of the individual author or creator of the BRATZ
8 | INVENTION;

9 |      (c)    the IDENTITY of each other individual who contributed in any
10 | manner to the BRATZ INVENTION;

11 |      (d)    the form, material and medium of the BRATZ INVENTION;

12 |      (e)    the title or name of the BRATZ INVENTION;

13 |      (f)    the version, modification, revision or iteration number of the
14 | BRATZ INVENTION;

15 |      (g)    the current location of the original of the BRATZ INVENTION;

16 |      (h)    the first day on which the BRATZ INVENTION was CREATED;

17 |      (i)    the last day on which the BRATZ INVENTION was CREATED;

18 |      (j)    whether the entire invention was CREATED during the period of
19 | time listed in the Interrogatory (and if not, which portions were created during,
20 | earlier, or later than the period of time listed in the Interrogatory).

21 |      This interrogatory is further compounded by Mattel's definition of
22 | IDENTITY, which purports to require Larian to provide the following information
23 | for each of the individuals Mattel is requesting that Larian identify with respect to
24 | each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;
25 | (c) the current or last known business affiliation; (d) current or last known residential
26 | address; (e) current or last known business address; (f) current or last known
27 | relationship to Larian; and (g) current or last known telephone number.

28 |      Larian further objects to this interrogatory on the grounds that it is

11

EXHIBIT 24 PAGE 439

1  overbroad, unduly burdensome, vague and ambiguous both generally and

2  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

3  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

4  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

5  RELATES TO, is so broad and over-inclusive that it could be read to include each

6  and every thought, idea and conversation that anyone may have had about BRATZ

7  during the time period at issue.

8        Larian further objects to the extent that this interrogatory seeks

9  information that is outside of Larian's knowledge and is not in Larian's possession,

10 custody or control.  In particular, Larian objects to this interrogatory to the extent

11 that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS … and

12 *all* DOCUMENTS" (emphasis added).

13       Larian also objects to this interrogatory to the extent it seeks

14 information that is not subject to disclosure under any applicable privilege, doctrine

15 or immunity, including without limitation the attorney-client privilege, the work

16 product doctrine, the right of privacy, and all other privileges recognized under the

17 constitutional, statutory or decisional law of the United States of America, the State

18 of California or any other applicable jurisdiction.  Larian further objects to the

19 interrogatory on the ground that it is premature because the invention, creation,

20 conception, or reduction to practice of Bratz (and related issues) will be the subject

21 of expert testimony at trial.  Larian objects to this interrogatory to the extent it seeks

22 to limit the expert testimony that Larian may seek to introduce at trial.  Larian will

23 identify his experts and make related disclosures in accordance with the Court's

24 orders and applicable rules.

25       Subject to and without waiving the foregoing objections, Larian

26 responds as follows:

27       With respect to "inventions" as that term is used in utility patent law,

28 Larian does not make any affirmative contentions as to whether there were any such

12

EXHIBIT  24  PAGE 440

1  inventions, except that Larian contends that the conception and/or reduction to

2  practice of any such invention occurred before January 1999 and/or after October 20,

3  2000.  With respect to design patents, in August or September of 1998, Carter

4  Bryant, inspired by images he was exposed to, including in the August 1998 issue of

5  *Seventeen Magazine*, the appearance of teenagers, as well as other images in the

6  public domain, conceived of an idea for a line of dolls he named Bratz.  At the same

7  time, Bryant sketched a series of drawings to illustrate his idea.  To the extent said

8  idea contained elements covered by design patent law, no such invention was

9  "reduced to practice" until after October 20, 2000.  Nor did it fall within the scope of

10  the term "inventions" as used in the "INVENTIONS AGREEMENT."

11        The following persons have knowledge of the facts and circumstances

12  surrounding Bryant's conception and his illustrative drawings that he named Bratz:

13  Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;

14  Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

15        The following documents may be relevant to these facts:  the sketches

16  drawn by Bryant in August or September of 1998; publicly available materials that

17  Bryant identified in his deposition testimony as inspiring his conception of a line of

18  dolls in August or September of 1998, including but not limited to the August 1998

19  issue of *Seventeen Magazine*; and other documents shown to Bryant at his November

20  2004 deposition.

21  **INTERROGATORY NO. 28:**

22        IDENTIFY each and every BRATZ INVENTION YOU contend was

23  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

24  for each BRATZ INVENTION so identified state all FACTS that support YOUR

25  contention that such BRATZ INVENTION (or aspects or portions thereof) was

26  CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

27  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

28  RELATE TO such facts.

13

EXHIBIT 24    PAGE 441

**RESPONSE TO INTERROGATORY NO. 28:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding the Definitions), including but not limited to his objections to the definitions of the terms BRATZ INVENTION, CREATED, IDENTIFY, and REFER OR RELATED TO. Larian further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the term BRATZ INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so broad and over-inclusive that it could be read to include each and every thought, idea and conversation that anyone may have had about BRATZ during the time period at issue.

Larian further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, Larian objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require Larian to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a)     the Bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION;"

(b)     the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c)     the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d)     the form, material and medium of the BRATZ INVENTION;

(e)     the title or name of the BRATZ INVENTION;

(f)     the version, modification, revision or iteration number of the

14

EXHIBIT 24    PAGE 442

1  BRATZ INVENTION;

2          (g)     the current location of the original of the BRATZ INVENTION;

3          (h)     the first day on which the BRATZ INVENTION was CREATED;

4          (i)     the last day on which the BRATZ INVENTION was CREATED;

5          (j)     whether the entire invention was CREATED during the period of

6  time listed in the Interrogatory (and if not, which portions were created during,

7  earlier, or later than the period of time listed in the Interrogatory).

8          This interrogatory is further compounded by Mattel's definition of

9  IDENTITY, which purports to require Larian to provide the following information

10 for each of the individuals Mattel is requesting that Larian identify with respect to

11 each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

12 (c) the current or last known business affiliation; (d) current or last known residential

13 address; (e) current or last known business address; (f) current or last known

14 relationship to Larian; and (g) current or last known telephone number.

15          Larian further objects to the extent that this interrogatory seeks

16 information that is outside of Larian's knowledge and is not in Larian's possession,

17 custody or control.  In particular, Larian objects to this interrogatory to the extent

18 that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS ... and

19 *all* DOCUMENTS" (emphasis added).

20          Larian also objects to this interrogatory to the extent it seeks

21 information that is not subject to disclosure under any applicable privilege, doctrine

22 or immunity, including without limitation the attorney-client privilege, the work

23 product doctrine, the right of privacy, and all other privileges recognized under the

24 constitutional, statutory or decisional law of the United States of America, the State

25 of California or any other applicable jurisdiction.

26          Larian further objects to the interrogatory on the ground that it is

27 premature because the invention, creation, conception, or reduction to practice of

28 Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

                                        15

EXHIBIT 24   PAGE 443

1 | objects to this interrogatory to the extent it seeks to limit the expert testimony that

2 | Larian may seek to introduce at trial. Larian will identify his experts and make

3 | related disclosures in accordance with the Court's orders and applicable rules. Larian

4 | further objects to the interrogatory as unduly burdensome, on the grounds that it

5 | would require Larian to identify numerous documents that have already been

6 | produced and are readily available to Mattel.

7 |      Larian further objects to this interrogatory because Mattel has

8 | propounded more than 50 interrogatories. Under Judge Larson's order of February

9 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

10 | 04049-SGL and CV 05-02727]."

11 |      Subject to and without waiving the foregoing objections, Larian

12 | responds as follows: Larian is willing to meet and confer with Mattel regarding this

13 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First

14 | Set of Interrogatories.

15 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:**

16 |      Larian incorporates by reference his General Response and General

17 | Objections above, as though fully set forth herein and specifically incorporates

18 | General Objection No. 7 (regarding the Definitions), including but not limited to his

19 | objections to the definitions of the terms BRATZ INVENTION, CREATED,

20 | IDENTIFY, and REFER OR RELATED TO. Larian further objects to this

21 | interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

22 | ambiguous both generally and specifically with respect to the term BRATZ

23 | INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

24 | RELATES TO, is so broad and over-inclusive that it could be read to include each

25 | and every thought, idea and conversation that anyone may have had about BRATZ

26 | during the time period at issue.

27 |      Larian further objects to this interrogatory as compound because it

28 | contains discrete subparts that require separate, distinct and multiple responses.

EXHIBIT 24    PAGE 444

1  Specifically, Larian objects to the term IDENTIFY as overbroad and unduly

2  burdensome, as Mattel's definition of this term calls for responses to multiple

3  discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the

4  context of this interrogatory would require Larian to provide a multitude of discrete

5  responses for each BRATZ INVENTION, including:

6          (a)    the Bates number of any document that "REFERS OR RELATES

7  TO the BRATZ INVENTION;"

8          (b)    the IDENTITY of the individual author or creator of the BRATZ

9  INVENTION;

10          (c)    the IDENTITY of each other individual who contributed in any

11  manner to the BRATZ INVENTION;

12          (d)    the form, material and medium of the BRATZ INVENTION;

13          (e)    the title or name of the BRATZ INVENTION;

14          (f)    the version, modification, revision or iteration number of the

15  BRATZ INVENTION;

16          (g)    the current location of the original of the BRATZ INVENTION;

17          (h)    the first day on which the BRATZ INVENTION was CREATED;

18          (i)    the last day on which the BRATZ INVENTION was CREATED;

19          (j)    whether the entire invention was CREATED during the period of

20  time listed in the Interrogatory (and if not, which portions were created during,

21  earlier, or later than the period of time listed in the Interrogatory).

22          This interrogatory is further compounded by Mattel's definition of

23  IDENTITY, which purports to require Larian to provide the following information

24  for each of the individuals Mattel is requesting that Larian identify with respect to

25  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

26  (c) the current or last known business affiliation; (d) current or last known residential

27  address; (e) current or last known business address; (f) current or last known

28  relationship to Larian; and (g) current or last known telephone number.

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 24 PAGE 445

1    Larian further objects to the extent that this interrogatory seeks

2 information that is outside of Larian's knowledge and is not in Larian's possession,

3 custody or control.  In particular, Larian objects to this interrogatory to the extent

4 that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS ... and

5 *all* DOCUMENTS" (emphasis added).

6    Larian also objects to this interrogatory to the extent it seeks

7 information that is not subject to disclosure under any applicable privilege, doctrine

8 or immunity, including without limitation the attorney-client privilege, the work

9 product doctrine, the right of privacy, and all other privileges recognized under the

10 constitutional, statutory or decisional law of the United States of America, the State

11 of California or any other applicable jurisdiction.

12    Larian further objects to the interrogatory on the ground that it is

13 premature because the invention, creation, conception, or reduction to practice of

14 Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

15 objects to this interrogatory to the extent it seeks to limit the expert testimony that

16 Larian may seek to introduce at trial.  Larian will identify his experts and make

17 related disclosures in accordance with the Court's orders and applicable rules.  Larian

18 further objects to the interrogatory as unduly burdensome, on the grounds that it

19 would require Larian to identify numerous documents that have already been

20 produced and are readily available to Mattel.

21    Subject to and without waiving the foregoing objections, Larian

22 responds as follows:

23    With respect to Bratz dolls and accessories, as concerns the term

24 "inventions" as that is used in utility patent law, and/or in the "INVENTIONS

25 AGREEMENT," Larian does not make any affirmative contentions as to whether

26 there were any such inventions, except that Larian contends the conception and/or

27 reduction to practice of any such invention occurred before January 1999 and/or after

28 October 20, 2000.  With respect to package design for Bratz products, Larian

18

EXHIBIT 24  PAGE 446

1  contends that certain aspects of said designs qualified as design patents.  With

2  respect to design patents, to the extent that the Bratz line of dolls, first marketed by

3  MGA in 2001, contained features covered by design patent law, said inventions were

4  "reduced to practice" by MGA after October 20, 2000 and before June 1, 2001.

5      The following persons have knowledge of the facts and circumstances

6  regarding the foregoing:  Isaac Larian; Carter Bryant; Margaret Leahy; Veronica

7  Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);

8  Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam

9  Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

10  Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir

11  Khare.

12      The following documents may be relevant to these facts:  all

13  "DOCUMENTS" that refer to or evidence the work performed by MGA employees

14  and freelancers toward the reduction to practice of the first generation of Bratz dolls

15  during the period after October 19, 2000 through June 1, 2001, including but not

16  limited to:  (i) documents showing the development of the first generation of Bratz

17  dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the

18  development of the first generation of Bratz dolls; (iii) documents showing the

19  timing of the development of packaging, fashion, and accessories for the first

20  generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy

21  fair; (v) documents related to the February 2001 New York toy fair; (vi)

22  polyurethane samples of prototypes; (vii)  rotocasts and sculpts in Hong Kong; and

23  (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria

24  O'Connor, and other invoices submitted by freelancers for work performed on the

25  Bratz project.  The documents evidencing this work are too numerous to identify

26  individually.

27  **INTERROGATORY NO. 29:**

28      IDENTIFY each and every BRATZ INVENTION that was CREATED,

19

EXHIBIT 24  PAGE 447

1   in whole or in part, after January 3, 1999 and before October 21, 2000, and for each

2   BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

3   the timing of the creation of such BRATZ INVENTION and IDENTIFY all

4   PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

5   RELATE TO such facts.

6   **RESPONSE TO INTERROGATORY NO. 29:**

7          Larian incorporates by reference his General Response and General

8   Objections above, as though fully set forth herein and specifically incorporates

9   General Objection No. 7 (regarding Definitions), including but not limited to his

10   objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

11   OR RELATE TO, and IDENTIFY.  Larian further objects to this interrogatory as

12   compound because it contains discrete subparts that require separate, distinct and

13   multiple responses.  Specifically, Larian objects to the term IDENTIFY as overbroad

14   and unduly burdensome, as Mattel's definition of this term calls for responses to

15   multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY

16   in the context of this interrogatory would require Larian to provide a multitude of

17   discrete responses for each BRATZ INVENTION, including:

18         (a)    the Bates number of any document that "REFERS OR RELATES

19   TO the BRATZ INVENTION;"

20         (b)    the IDENTITY of the individual author or creator of the BRATZ

21   INVENTION;

22         (c)    the IDENTITY of each other individual who contributed in any

23   manner to the BRATZ INVENTION;

24         (d)    the form, material and medium of the BRATZ INVENTION;

25         (e)    the title or name of the BRATZ INVENTION;

26         (f)    the version, modification, revision or iteration number of the

27   BRATZ INVENTION;

28         (g)    the current location of the original of the BRATZ INVENTION;

EXHIBIT 24 PAGE 448

1    (h)    the first day on which the BRATZ INVENTION was CREATED;

2    (i)    the last day on which the BRATZ INVENTION was CREATED;

3    (j)    whether the entire invention was CREATED during the period of

4    time listed in the Interrogatory (and if not, which portions were created during,

5    earlier, or later than the period of time listed in the Interrogatory).

6    This interrogatory is further compounded by Mattel's definition of

7    IDENTITY, which purports to require Larian to provide the following information

8    for each of the individuals Mattel is requesting that Larian identify with respect to

9    each BRATZ INVENTION: (a) the individual's name; (b) any known business title;

10   (c) the current or last known business affiliation; (d) current or last known residential

11   address; (e) current or last known business address; (f) current or last known

12   relationship to Larian; and (g) current or last known telephone number.

13   Larian further objects to this interrogatory on the grounds that it is

14   overbroad, unduly burdensome, vague and ambiguous both generally and

15   specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

16   DESIGN and REFER OR RELATES TO. In particular, the term BRATZ

17   INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

18   RELATES TO, is so broad and over-inclusive that it could be read to include each

19   and every thought, idea and conversation that anyone may have had about BRATZ

20   during the time period at issue.

21   Larian further objects to the extent that this interrogatory seeks

22   information that is outside of Larian's knowledge and is not in Larian's possession,

23   custody or control. In particular, Larian objects to this interrogatory to the extent

24   that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS … and

25   *all* DOCUMENTS" (emphasis added).

26   Larian also objects to this interrogatory to the extent it seeks

27   information that is not subject to disclosure under any applicable privilege, doctrine

28   or immunity, including without limitation the attorney-client privilege, the work

21

EXHIBIT __24__ PAGE __449__

1 | product doctrine, the right of privacy, and all other privileges recognized under the

2 | constitutional, statutory or decisional law of the United States of America, the State

3 | of California or any other applicable jurisdiction.

4 |        Larian further objects to the interrogatory on the ground that it is

5 | premature because the invention, creation, conception, or reduction to practice of

6 | Bratz (and related issues) will be the subject of expert testimony at trial. Larian

7 | objects to this interrogatory to the extent it seeks to limit the expert testimony that

8 | Larian may seek to introduce at trial. Larian will identify his experts and make

9 | related disclosures in accordance with the Court's orders and applicable rules. Larian

10 | further objects to the interrogatory as unduly burdensome, on the grounds that it

11 | would require Larian to identify numerous documents that have already been

12 | produced and are readily available to Mattel.

13 |        Larian further objects to this interrogatory because Mattel has

14 | propounded more than 50 interrogatories. Under Judge Larson's order of February

15 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

16 | 04049-SGL and CV 05-02727]."

17 |        Subject to and without waiving the foregoing objections, Larian

18 | responds as follows: Larian is willing to meet and confer with Mattel regarding this

19 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First

20 | Set of Interrogatories.

21 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

22 |        Larian incorporates by reference his General Response and General

23 | Objections above, as though fully set forth herein and specifically incorporates

24 | General Objection No. 7 (regarding Definitions), including but not limited to his

25 | objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER

26 | OR RELATE TO, and IDENTIFY. Larian further objects to this interrogatory as

27 | compound because it contains discrete subparts that require separate, distinct and

28 | multiple responses. Specifically, Larian objects to the term IDENTIFY as overbroad

22

EXHIBIT 24   PAGE 450

1  and unduly burdensome, as Mattel's definition of this term calls for responses to

2  multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY

3  in the context of this interrogatory would require Larian to provide a multitude of

4  discrete responses for each BRATZ INVENTION, including:

5          (a)     the Bates number of any document that "REFERS OR RELATES

6  TO THE BRATZ INVENTION;"

7          (b)     the IDENTITY of the individual author or creator of the BRATZ

8  INVENTION;

9          (c)     the IDENTITY of each other individual who contributed in any

10  manner to the BRATZ INVENTION;

11          (d)     the form, material and medium of the BRATZ INVENTION;

12          (e)     the title or name of the BRATZ INVENTION;

13          (f)     the version, modification, revision or iteration number of the

14  BRATZ INVENTION;

15          (g)     the current location of the original of the BRATZ INVENTION;

16          (h)     the first day on which the BRATZ INVENTION was CREATED;

17          (i)     the last day on which the BRATZ INVENTION was CREATED;

18          (j)     whether the entire invention was CREATED during the period of

19  time listed in the Interrogatory (and if not, which portions were created during,

20  earlier, or later than the period of time listed in the Interrogatory).

21          This interrogatory is further compounded by Mattel's definition of

22  IDENTITY, which purports to require Larian to provide the following information

23  for each of the individuals Mattel is requesting that Larian identify with respect to

24  each BRATZ INVENTION:  (a) the individual's name; (b) any known business title;

25  (c) the current or last known business affiliation; (d) current or last known residential

26  address; (e) current or last known business address; (f) current or last known

27  relationship to Larian; and (g) current or last known telephone number.

28          Larian further objects to this interrogatory on the grounds that it is

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 24  PAGE 451

1  overbroad, unduly burdensome, vague and ambiguous both generally and

2  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

3  DESIGN and REFER OR RELATES TO.  In particular, the term BRATZ

4  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

5  RELATES TO, is so broad and over-inclusive that it could be read to include each

6  and every thought, idea and conversation that anyone may have had about BRATZ

7  during the time period at issue.

8        Larian further objects to the extent that this interrogatory seeks

9  information that is outside of Larian's knowledge and is not in Larian's possession,

10  custody or control.  In particular, Larian objects to this interrogatory to the extent

11  that it requests that Larian "state *all* facts . . . and IDENTIFY *all* PERSONS … and

12  *all* DOCUMENTS" (emphasis added).

13        Larian also objects to this interrogatory to the extent it seeks

14  information that is not subject to disclosure under any applicable privilege, doctrine

15  or immunity, including without limitation the attorney-client privilege, the work

16  product doctrine, the right of privacy, and all other privileges recognized under the

17  constitutional, statutory or decisional law of the United States of America, the State

18  of California or any other applicable jurisdiction.

19        Larian further objects to the interrogatory on the ground that it is

20  premature because the invention, creation, conception, or reduction to practice of

21  Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

22  objects to this interrogatory to the extent it seeks to limit the expert testimony that

23  Larian may seek to introduce at trial.  Larian will identify his experts and make

24  related disclosures in accordance with the Court's orders and applicable rules.  Larian

25  further objects to the interrogatory as unduly burdensome, on the grounds that it

26  would require Larian to identify numerous documents that have already been

27  produced and are readily available to Mattel.

28        Subject to and without waiving the foregoing objections, Larian

24

EXHIBIT 24  PAGE 452

1  responds as follows:

2          There were no inventions related to Bratz after January 3, 1999 and

3  before October 21, 2000.

4  **INTERROGATORY NO. 30:**

5          State all facts that support YOUR contention, if YOU so contend, that,

6  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

7  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

8  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

9  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

10  REFER OR RELATE TO such facts.

11  **RESPONSE TO INTERROGATORY NO. 30:**

12          Larian incorporates by reference his General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection No. 7 (regarding Definitions), including but not limited to his

15  objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

16  AGREEMENT, IDENTIFY and REFER OR RELATE TO.  Larian also objects to

17  this interrogatory to the extent it seeks information that is not subject to disclosure

18  under any applicable privilege, doctrine or immunity, including without limitation

19  the attorney-client privilege, the work product doctrine, the right of privacy, and all

20  other privileges recognized under the constitutional, statutory or decisional law of

21  the United States of America, the State of California or any other applicable

22  jurisdiction.  Larian further objects to this interrogatory to the extent it calls for a

23  legal conclusion.  Larian further objects to the extent that this interrogatory seeks

24  information that is outside Larian's knowledge and is not in Larian's possession,

25  custody, or control.  In particular, Larian objects to this interrogatory to the extent

26  that it requests Larian to "state *all facts* . . . *and* IDENTIFY all PERSONS . . . and *all*

27  DOCUMENTS" (emphasis added).

28          Larian further objects to the interrogatory on the grounds that it is

EXHIBIT  24  PAGE  453

1  vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

2  hypothetical and therefore proceeds from the false premise that Bryant assigned

3  rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

4  AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125

5  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

6  interrogatories directed at hypothetical scenarios). Any response to this interrogatory

7  depends on, among other factual and legal factors, specifically which BRATZ

8  INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

9  which rights he assigned, which information is not provided in the incomplete

10  hypothetical scenario posited in this interrogatory.

11       Larian further objects to the interrogatory on the ground that it is

12  premature because the invention, creation, conception, or reduction to practice of

13  Bratz (and related issues) will be the subject of expert testimony at trial. Larian

14  objects to this interrogatory to the extent it seeks to limit the expert testimony that

15  Larian may seek to introduce at trial. Larian further objects on the grounds that the

16  interrogatory seeks information not relevant to any claim or defense in the action and

17  is not reasonably calculated to the discovery of admissible evidence because Larian

18  denies that Bryant assigned any such rights to Mattel.

19       Larian objects to this interrogatory because Mattel has propounded

20  more than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

21  "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

22  04049-SGL and CV 05-02727]."

23  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

24       Larian incorporates by reference his General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection No. 7 (regarding Definitions), including but not limited to his

27  objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

28  AGREEMENT, IDENTIFY and REFER OR RELATE TO. Larian also objects to

26

EXHIBIT 24  PAGE 454

1 this interrogatory to the extent it seeks information that is not subject to disclosure

2 under any applicable privilege, doctrine or immunity, including without limitation

3 the attorney-client privilege, the work product doctrine, the right of privacy, and all

4 other privileges recognized under the constitutional, statutory or decisional law of

5 the United States of America, the State of California or any other applicable

6 jurisdiction. Larian further objects to this interrogatory to the extent it calls for a

7 legal conclusion. Larian further objects to the extent that this interrogatory seeks

8 information that is outside Larian's knowledge and is not in Larian's possession,

9 custody, or control. In particular, Larian objects to this interrogatory to the extent

10 that it requests Larian to "state *all facts . . . and* IDENTIFY all PERSONS . . . and *all*

11 DOCUMENTS" (emphasis added).

12          Larian further objects to the interrogatory on the grounds that it is

13 vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

14 hypothetical and therefore proceeds from the false premise that Bryant assigned

15 rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

16 AGREEMENT are binding and enforceable. *See e.g., Kendrick v. Sullivan*, 125

17 F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

18 interrogatories directed at hypothetical scenarios). Any response to this interrogatory

19 depends on, among other factual and legal factors, specifically which BRATZ

20 INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA and

21 which rights he assigned, which information is not provided in the incomplete

22 hypothetical scenario posited in this interrogatory.

23          Larian further objects to the interrogatory on the ground that it is

24 premature because the invention, creation, conception, or reduction to practice of

25 Bratz (and related issues) will be the subject of expert testimony at trial. Larian

26 objects to this interrogatory to the extent it seeks to limit the expert testimony that

27 Larian may seek to introduce at trial. Larian further objects on the grounds that the

28 interrogatory seeks information not relevant to any claim or defense in the action and

Exhibit 24          455

1 is not reasonably calculated to the discovery of admissible evidence because Larian

2 denies that Bryant assigned any such rights to Mattel.

3          Subject to and without waiving the foregoing objections, Larian

4 responds as follows:

5          Larian incorporates by reference his supplemental responses to

6 Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds

7 further that, assuming Bryant assigned rights to inventions related to Bratz pursuant

8 to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and

9 for inventions conceived of and/or reduced to practice during the period of Bryant's

10 employment with Mattel to which said Agreement relates), MGA would have

11 superior rights in the Bratz dolls because:  (i) there were no "inventions" related to

12 Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were

13 neither substantially similar to, nor a copy of, nor derivative of, Mattel's hypothetical

14 rights; and (iii) Mattel waived any rights it may have had due to laches and the

15 statute of limitations.

16 **INTERROGATORY NO. 31:**

17          State all facts that support YOUR contention, if YOU so contend, that

18 the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

19 PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

20 RELATE TO such facts.

21 **RESPONSE TO INTERROGATORY NO. 31:**

22          Larian incorporates by reference his General Response and General

23 Objections above, as though fully set forth herein and specifically incorporates

24 General Objection No. 7 (regarding Definitions), including but not limited to his

25 objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

26 and REFER OR RELATE TO.  Larian also objects to this interrogatory to the extent

27 it seeks information that is not subject to disclosure under any applicable privilege,

28 doctrine or immunity, including without limitation the attorney-client privilege, the

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx) M

EXHIBIT 24 PAGE 456

1 | work product doctrine, the right of privacy, and all other privileges recognized under

2 | the constitutional, statutory or decisional law of the United States of America, the

3 | State of California or any other applicable jurisdiction.  Larian also objects to this

4 | interrogatory to the extent that it calls for a legal conclusion.

5 |      Larian objects that this interrogatory is an overbroad and unduly

6 | burdensome contention interrogatory to the extent it asks for "all facts" which

7 | supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron,*

8 | 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

9 | facts, documents, and witnesses that support the denial of a statement or allegation of

10 | fact" because the "universe of potentially responsive information is almost endless").

11 | Larian further objects to the extent that this interrogatory seeks information outside

12 | of Larian's personal knowledge and is not in Larian's possession, custody or control.

13 | In particular, Larian objects to this interrogatory to the extent that it requests that

14 | Larian "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

15 | (emphasis added).

16 |      Larian objects to this interrogatory because Mattel has propounded

17 | more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

18 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

19 | SGL and CV 05-02727]."

20 |      Subject to and without waiving the foregoing objections, Larian

21 | responds as follows:  Larian is willing to meet and confer with Mattel regarding this

22 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First

23 | Set of Interrogatories.

24 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

25 |      Larian incorporates by reference his General Response and General

26 | Objections above, as though fully set forth herein and specifically incorporates

27 | General Objection No. 7 (regarding Definitions), including but not limited to his

28 | objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

29

Exhibit 24

457

1 | and REFER OR RELATE TO.  Larian also objects to this interrogatory to the extent

2 | it seeks information that is not subject to disclosure under any applicable privilege,

3 | doctrine or immunity, including without limitation the attorney-client privilege, the

4 | work product doctrine, the right of privacy, and all other privileges recognized under

5 | the constitutional, statutory or decisional law of the United States of America, the

6 | State of California or any other applicable jurisdiction.  Larian also objects to this

7 | interrogatory to the extent that it calls for a legal conclusion.

8 |       Larian objects that this interrogatory is an overbroad and unduly

9 | burdensome contention interrogatory to the extent it asks for "all facts" which

10 | supports the denial of a statement or allegation.  *See e.g., Safeco of Am. v. Rawstron*,

11 | 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all

12 | facts, documents, and witnesses that support the denial of a statement or allegation of

13 | fact" because the "universe of potentially responsive information is almost endless").

14 | Larian further objects to the extent that this interrogatory seeks information outside

15 | of Larian's personal knowledge and is not in Larian's possession, custody or control.

16 | In particular, Larian objects to this interrogatory to the extent that it requests that

17 | Larian "state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all* DOCUMENTS"

18 | (emphasis added).

19 |       Subject to and without waiving the foregoing objections, Larian

20 | responds as follows:

21 |       Larian contends that Paragraph 3-a of the "INVENTIONS

22 | AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the

23 | statute of limitations, in that Mattel intentionally delayed in taking legal action

24 | against MGA or Carter Bryant for several years in the belief that Mattel would be

25 | able to drive Bratz out of the marketplace through the introduction of a copycat line

26 | of My Scene Barbie dolls.  Mattel only took legal action well after MGA had

27 | invested substantial amounts of capital and creative and innovative human effort in

28 | the Bratz line of dolls and had experienced enormous success in the market place,

EXHIBIT 24

458

1  changing the fashion doll business forever.  In addition, many Mattel employees

2  knew following the introduction of the first generation of Bratz dolls to the market

3  that Carter Bryant was the originator of the idea that led to the first generation of

4  Bratz dolls.

5      The "INVENTIONS AGREEMENT" is also invalid and unenforceable

6  insofar as it purports to prohibit Bryant from engaging in good faith and reasonable

7  efforts to seek professional opportunities with Mattel competitors while still

8  employed by Mattel.

9      These contentions are based on the following facts and circumstances:

10  Larian is informed and believes that it was common knowledge at Mattel that many

11  Mattel employees employed in the Mattel design center worked on a freelance basis

12  for third parties, including Mattel competitors.  Despite knowledge of this activity,

13  Mattel rarely, if ever, enforced any rights it may have had to prohibit such

14  freelancing.  Mattel has therefore waived any right it may have had to enforce

15  Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by

16  virtue of course-of-conduct contract law principles.

17      The following persons have knowledge of the facts and circumstances

18  supporting this contention: current and former members of Mattel management,

19  current and former members of Mattel's legal department, current and former

20  employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt

21  Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.

22      The following documents may be relevant to these facts:  the

23  "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's

24  enforcement, or lack thereof, of the provisions of similar agreements between Mattel

25  and its employees; Mattel documents referring or relating to Mattel's knowledge or

26  investigation of suspected violations of similar agreements between Mattel and its

27  employees; Mattel's internal emails that have not been produced; documents from

28  Mattel's Zeus computer systems; documents referring or relating to Mattel's market

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx) M

EXHIBIT 24   PAGE 459