1 | research; documents referring or relating to Mattel's public relations efforts;

2 | documents referring or relating to Mattel's advertising and advertising strategies.

3 | Mattel has produced very few documents in this action in response to MGA's

4 | outstanding requests. MGA recently served additional requests for production of

5 | documents. Larian reserves the right to supplement this response and all of its other

6 | responses after Mattel has completed its production.

7 |       This response is without prejudice to Larian's position that the

8 | "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a

9 | violation of public policy.

10 | **INTERROGATORY NO. 32:**

11 |       State all facts that support YOUR contention, if YOU so contend, that

12 | MATTEL is not or would not be entitled to injunctive relief as requested in its

13 | COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

14 | MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

15 | with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

16 | such facts.

17 | **RESPONSE TO INTERROGATORY NO. 32:**

18 |       Larian incorporates by reference his General Response and General

19 | Objections above, as though fully set forth herein and specifically incorporates

20 | General Objection No. 7 (regarding Definitions), including but not limited to his

21 | objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

22 | REFER OR RELATE TO, and further objects on the ground that the interrogatory is

23 | overbroad, unduly burdensome, vague and ambiguous both generally and

24 | specifically with respect to the terms YOUR, YOU, MATTEL. Larian also objects

25 | to this interrogatory to the extent it seeks information that is not subject to disclosure

26 | under any applicable privilege, doctrine or immunity, including without limitation

27 | the attorney-client privilege, the work product doctrine, the right of privacy, and all

28 | other privileges recognized under the constitutional, statutory or decisional law of

EXHIBIT 24 PAGE 460

1 | the United States of America, the State of California or any other applicable

2 | jurisdiction. Larian further objects to the interrogatory on the ground that it is

3 | premature because matters affecting Mattel's ability to obtain injunctive relief may

4 | be the subject of expert testimony at trial. Larian objects to this interrogatory to the

5 | extent it seeks to limit the expert testimony that Larian may seek to introduce at trial.

6 | Larian will identify his experts and make related disclosures in accordance with the

7 | Court's orders and applicable rules.

8 | Larian notes that the issue of injunctive relief will be decided by the

9 | Court after the conclusion of all jury deliberation relevant to the issue. Larian

10 | believes accordingly that the Court's review of injunctive relief issue will not occur

11 | until the conclusion of Phase 2.

12 | Larian further objects on the ground that this interrogatory is an

13 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

14 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

15 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

16 | requests seeking "all facts, documents, and witnesses that support the denial of a

17 | statement or allegation of fact" because the "universe of potentially responsive

18 | information is almost endless").

19 | Larian further objects to the extent that this interrogatory seeks

20 | information that is outside Larian's knowledge and is not in Larian's possession,

21 | custody, or control. In particular, Larian objects to this interrogatory to the extent

22 | that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

23 | DOCUMENTS" (emphasis added).

24 | Larian further objects to this interrogatory as it asks Larian to assume

25 | facts contrary to evidence, and further asks it to base any response on an incomplete

26 | and incomprehensible hypothetical scenario. *See, e.g., Kendrick v. Sullivan*, 125

27 | F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

28 | interrogatories directed at hypothetical scenarios). Whether or not Mattel is or would

24 461

1   or would not be "entitled to injunctive relief" depends on, among other factual and

2   legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found

3   to own, and whether and/or to what extent it is determined that any Bratz products

4   that have been produced and sold are derivative works of any such BRATZ

5   INVENTIONS, which information is not provided in the incomplete hypothetical

6   scenario posited in this interrogatory. Larian also objects to this interrogatory on the

7   grounds that Mattel – not Larian – bears the burden of proof to show that it is entitled

8   to injunctive relief, if it is ultimately determined that Mattel owns one or more

9   BRATZ INVENTIONS.

10             Larian further objects to this interrogatory because Mattel has

11   propounded more than 50 interrogatories. Under Judge Larson's order of February

12   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

13   04049-SGL and CV 05-02727]."

14   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

15             Larian incorporates by reference his General Response and General

16   Objections above, as though fully set forth herein and specifically incorporates

17   General Objection No. 7 (regarding Definitions), including but not limited to his

18   objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and

19   REFER OR RELATE TO, and further objects on the ground that the interrogatory is

20   overbroad, unduly burdensome, vague and ambiguous both generally and

21   specifically with respect to the terms YOUR, YOU, MATTEL. Larian also objects

22   to this interrogatory to the extent it seeks information that is not subject to disclosure

23   under any applicable privilege, doctrine or immunity, including without limitation

24   the attorney-client privilege, the work product doctrine, the right of privacy, and all

25   other privileges recognized under the constitutional, statutory or decisional law of

26   the United States of America, the State of California or any other applicable

27   jurisdiction. Larian further objects to the interrogatory on the ground that it is

28   premature because matters affecting Mattel's ability to obtain injunctive relief may

EXHIBIT 24 PAGE 462

1  be the subject of expert testimony at trial.  Larian objects to this interrogatory to the

2  extent it seeks to limit the expert testimony that Larian may seek to introduce at trial.

3  Larian will identify his experts and make related disclosures in accordance with the

4  Court's orders and applicable rules.

5  　　　　Larian notes that the issue of injunctive relief will be decided by the

6  Court after the conclusion of all jury deliberation relevant to the issue.  Larian

7  believes accordingly that the Court's review of injunctive relief issue will not occur

8  until the conclusion of Phase 2.

9  　　　　Larian further objects on the ground that this interrogatory is an

10  overbroad and unduly burdensome contention interrogatory to the extent it asks for

11  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

12  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

13  requests seeking "all facts, documents, and witnesses that support the denial of a

14  statement or allegation of fact" because the "universe of potentially responsive

15  information is almost endless").

16  　　　　Larian further objects to the extent that this interrogatory seeks

17  information that is outside Larian's knowledge and is not in Larian's possession,

18  custody, or control.  In particular, Larian objects to this interrogatory to the extent

19  that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

20  DOCUMENTS" (emphasis added).

21  　　　　Larian further objects to this interrogatory as it asks Larian to assume

22  facts contrary to evidence, and further asks it to base any response on an incomplete

23  and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v. Sullivan*, 125

24  F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

25  interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or would

26  or would not be "entitled to injunctive relief" depends on, among other factual and

27  legal factors, which specific "BRATZ INVENTION" Mattel is hypothetically found

28  to own, and whether and/or to what extent it is determined that any Bratz products

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx) M

EXHIBIT 24  PAGE 463

1   that have been produced and sold are derivative works of any such BRATZ

2   INVENTIONS, which information is not provided in the incomplete hypothetical

3   scenario posited in this interrogatory.  Larian also objects to this interrogatory on the

4   grounds that Mattel – not Larian – bears the burden of proof to show that it is entitled

5   to injunctive relief, if it is ultimately determined that Mattel owns one or more

6   BRATZ INVENTIONS.

7            Subject to and without waiving the foregoing objections, Larian

8   responds as follows:

9            Mattel is not entitled to injunctive relief for the following reasons:

10           (a)      Mattel is not entitled to injunctive relief in accordance with the

11   principles established by the United States Supreme Court in eBay v. MercExchange,

12   126 S. Ct. 1837 (2006).

13           (b)      The original concepts contributed by Bryant to the creation of the

14   Bratz dolls represent only one of the many factors that combined to make Bratz one

15   of the most successful fashion dolls on the market.  The contributions made by MGA

16   to the Bratz dolls far outweigh any contributions made by Bryant prior to October

17   21, 2000 in terms of the overall factors that contributed to the commercial success of

18   Bratz.

19           (c)      Mattel played no role in the creation and/or selection of the Bratz

20   slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

21           (d)      Mattel played no role in the development of the Bratz line of

22   dolls' innovative and trend-setting packaging.

23           (e)      Mattel played no role in MGA's improvements, enhancements

24   and changes to the Bratz dolls in the months and years on and/or after October 21,

25   2000.

26           (f)      Mattel played no role in MGA's development of the fashions for

27   the Bratz dolls.

28           (g)      Mattel played no role in the development of Bratz Kidz, Bratz

36

EXHIBIT 24   PAGE 464

1   Petz, Bratz Babyz and other successful additions to the Bratz doll family.

2         (h)    Mattel played no role in the development of the myriad of

3   accessories for the Bratz dolls.

4         (i)    Mattel played no role in the development of the successful

5   themes that have enhanced the popularity of the Bratz dolls.

6         (j)    Mattel played no role in the development of the Bratz animated

7   TV series, Bratz TV commercials, or Bratz the movie.

8         (k)    Mattel played no role in the development of the Bratz brand.

9         (l)    If in 2000 Mattel had been presented with the opportunity to

10  develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said

11  opportunity because of a perceived threat to Mattel's Barbie franchise.

12        (m)    Mattel's inequitable conduct through years of efforts to eliminate

13  competition to its lines of fashion dolls.

14        (n)    Mattel's inequitable conduct through specific acts of unfair

15  competition, as previously set forth in MGA's Responses and Supplemental

16  Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition

17  Nos. 5, 6, 8, 9 and 10.

18        (o)    The equitable doctrine of laches, in that Mattel intentionally

19  delayed in taking legal action against MGA or Carter Bryant for several years in the

20  belief that Mattel would be able to drive Bratz out of the marketplace through the

21  introduction of a copycat line of My Scene Barbie dolls.  Mattel only took legal

22  action well after MGA had invested substantial amounts of capital and creative and

23  innovative human effort in the Bratz line of dolls and had experienced enormous

24  success in the marketplace, changing the fashion doll business forever.

25        (p)    The statute of limitations.

26        The persons who have knowledge of the facts and circumstances

27  supporting these contentions of inequitable conduct by Mattel have already been

28  provided in Larian's supplemental responses to Interrogatory Nos. 27, 28, and 31.

EXHIBIT 24   PAGE 465

1    To the extent that Mattel's interrogatory could be interpreted to require

2  Larian to identify all documents that "REFER OR RELATE TO" substantially all

3  facets of MGA's business, these documents are too numerous to identify individually

4  without undue burden to Larian.  The following categories of documents may be

5  relevant to these facts: Mattel's Brand Directional Outlines; analyses and assessments

6  of Mattel's marketing strategies prepared and/or produced by Young and Rubicam

7  Brands; Mattel's Marketing Department assessments of Mattel's advertising and

8  branding strategies; Mattel's Creative Briefs; and publicly available documents

9  evidencing MGA's trademarks, patents, and copyrights.

10  **INTERROGATORY NO. 33:**

11    State all facts that support YOUR contention, if YOU so contend, that

12  MATTEL is not entitled to an award of punitive or exemplary damages against

13  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

14  DOCUMENTS that REFER OR RELATE TO such facts.

15  **RESPONSE TO INTERROGATORY NO. 33:**

16    Larian incorporates by reference his General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including but not limited to his

19  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

20  and further objects on the ground that the interrogatory is overbroad, unduly

21  burdensome, vague and ambiguous both generally and specifically with respect to

22  the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term

23  YOU as defined by Mattel could be read to require Larian to state all facts

24  supporting why Mattel is not entitled to an award of punitive damages against each

25  of the responding parties in this litigation, thereby rendering the interrogatory

26  impermissibly compound.  Larian also objects to this interrogatory to the extent it

27  seeks information that is not subject to disclosure under any applicable privilege,

28  doctrine or immunity, including without limitation the attorney-client privilege, the

EXHIBIT  24  PAGE  466

1   work product doctrine, the right of privacy, and all other privileges recognized under
2   the constitutional, statutory or decisional law of the United States of America, the
3   State of California or any other applicable jurisdiction.  Larian further objects to the
4   interrogatory to the extent it calls for a legal conclusion.

5       Larian further objects on the ground that this interrogatory is an
6   overbroad and unduly burdensome contention interrogatory to the extent it asks for
7   "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*
8   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
9   requests seeking "all facts, documents, and witnesses that support the denial of a
10  statement or allegation of fact" because the "universe of potentially responsive
11  information is almost endless").

12      Larian further objects to the extent that this interrogatory seeks
13  information that is outside Larian's knowledge and is not in Larian's possession,
14  custody, or control.  In particular, Larian objects to this interrogatory to the extent
15  that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
16  DOCUMENTS" (emphasis added).

17      Larian also objects to this interrogatory on the grounds that Mattel – not
18  Larian – bears the burden of proof to show that it is entitled to an award of punitive
19  or exemplary damages.

20      Larian further objects to this interrogatory because Mattel has
21  propounded more than 50 interrogatories.  Under Judge Larson's order of February
22  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
23  04049-SGL and CV 05-02727]."

24      Subject to and without waiving the foregoing objections, Larian
25  responds as follows:  Larian is willing to meet and confer with Mattel regarding this
26  interrogatory and the obligation of Mattel to supplement its responses to MGA's First
27  Set of Interrogatories.

28

EXHIBIT  24  PAGE  467

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:

1. 
2.     Larian incorporates by reference his General Response and General
3. Objections above, as though fully set forth herein and specifically incorporates
4. General Objection No. 7 (regarding Definitions), including but not limited to his
5. objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
6. and further objects on the ground that the interrogatory is overbroad, unduly
7. burdensome, vague and ambiguous both generally and specifically with respect to
8. the terms YOUR, YOU, and MATTEL. In particular, by way of example, the term
9. YOU as defined by Mattel could be read to require Larian to state all facts
10. supporting why Mattel is not entitled to an award of punitive damages against each
11. of the responding parties in this litigation, thereby rendering the interrogatory
12. impermissibly compound. Larian also objects to this interrogatory to the extent it
13. seeks information that is not subject to disclosure under any applicable privilege,
14. doctrine or immunity, including without limitation the attorney-client privilege, the
15. work product doctrine, the right of privacy, and all other privileges recognized under
16. the constitutional, statutory or decisional law of the United States of America, the
17. State of California or any other applicable jurisdiction. Larian further objects to the
18. interrogatory to the extent it calls for a legal conclusion.
19.     Larian further objects on the ground that this interrogatory is an
20. overbroad and unduly burdensome contention interrogatory to the extent it asks for
21. "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
22. *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
23. requests seeking "all facts, documents, and witnesses that support the denial of a
24. statement or allegation of fact" because the "universe of potentially responsive
25. information is almost endless").
26.     Larian further objects to the extent that this interrogatory seeks
27. information that is outside Larian's knowledge and is not in Larian's possession,
28. custody, or control. In particular, Larian objects to this interrogatory to the extent

40

EXHIBIT 24  PAGE 468

1 that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
2 DOCUMENTS" (emphasis added).
3        Larian also objects to this interrogatory on the grounds that Mattel – not
4 Larian – bears the burden of proof to show that it is entitled to an award of punitive
5 or exemplary damages.
6        Subject to and without waiving the foregoing objections, Larian
7 responds as follows:
8        Mattel is not entitled to an award of punitive or exemplary damages
9 against Larian because:  (i) Mattel does not own any rights in the Bratz dolls, (ii)
10 Larian has not violated or infringed any rights of Mattel with respect to the Bratz
11 dolls, (iii) Mattel has not shown that Larian acted in bad faith and (iv) Mattel has not
12 presented any evidence to support the requirements for such an award against Larian.
13 **INTERROGATORY NO. 34:**
14        State all facts that support YOUR contention, if YOU so contend, that
15 YOU did not intentionally interfere with the INVENTIONS AGREEMENT when
16 BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
17 BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
18 DOCUMENTS that REFER OR RELATE TO such facts.
19 **RESPONSE TO INTERROGATORY NO. 34:**
20        Larian incorporates by reference his General Response and General
21 Objections above, as though fully set forth herein and specifically incorporates
22 General Objection No. 7 (regarding Definitions), including but not limited to his
23 objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY
24 and REFER OR RELATE TO, and further objects on the ground that the
25 interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
26 and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,
27 TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as
28 defined by Mattel could be read to require Larian to state all facts supporting why

41

EXHIBIT 24            469

1  each of the responding parties did not "intentionally interfere with the

2  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

3  compound.  Larian also objects to this interrogatory to the extent it seeks information

4  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

5  including without limitation the attorney-client privilege, the work product doctrine,

6  the right of privacy, and all other privileges recognized under the constitutional,

7  statutory or decisional law of the United States of America, the State of California or

8  any other applicable jurisdiction.  Larian further objects to the interrogatory to the

9  extent it calls for a legal conclusion.

10      Larian further objects on the ground that this interrogatory is an

11  overbroad and unduly burdensome contention interrogatory to the extent it asks for

12  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

13  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

14  requests seeking "all facts, documents, and witnesses that support the denial of a

15  statement or allegation of fact" because the "universe of potentially responsive

16  information is almost endless").

17      Larian further objects to the extent that this interrogatory seeks

18  information that is outside Larian's knowledge and is not in Larian's possession,

19  custody, or control.  In particular, Larian objects to this interrogatory to the extent

20  that it requests that Larian "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

21  DOCUMENTS" (emphasis added).

22      Larian further objects to this interrogatory because Mattel has

23  propounded more than 50 interrogatories.  Under Judge Larson's order of February

24  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

25  04049-SGL and CV 05-02727]."

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

27      Larian incorporates by reference his General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

42

EXHIBIT 24  PAGE 470

1 General Objection No. 7 (regarding Definitions), including but not limited to his

2 objections to the definitions of the terms INVENTIONS AGREEMENT, IDENTIFY

3 and REFER OR RELATE TO, and further objects on the ground that the

4 interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

5 and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,

6 TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as

7 defined by Mattel could be read to require Larian to state all facts supporting why

8 each of the responding parties did not "intentionally interfere with the

9 INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly

10 compound.  Larian also objects to this interrogatory to the extent it seeks information

11 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

12 including without limitation the attorney-client privilege, the work product doctrine,

13 the right of privacy, and all other privileges recognized under the constitutional,

14 statutory or decisional law of the United States of America, the State of California or

15 any other applicable jurisdiction.  Larian further objects to the interrogatory to the

16 extent it calls for a legal conclusion.

17          Larian further objects on the ground that this interrogatory is an

18 overbroad and unduly burdensome contention interrogatory to the extent it asks for

19 "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

20 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

21 requests seeking "all facts, documents, and witnesses that support the denial of a

22 statement or allegation of fact" because the "universe of potentially responsive

23 information is almost endless").

24          Larian further objects to the extent that this interrogatory seeks

25 information that is outside Larian's knowledge and is not in Larian's possession,

26 custody, or control.  In particular, Larian objects to this interrogatory to the extent

27 that it requests that Larian "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

28 DOCUMENTS" (emphasis added).

EXHIBIT 24    PAGE 471

1    Subject to and without waiving the foregoing objections, Larian

2  responds as follows:

3    Larian incorporates by reference his supplemental responses to

4  Interrogatory No. 33 as though fully set forth herein, and further responds that Larian

5  did not know, despite fair inquiry, that Carter Bryant had entered into the

6  "INVENTIONS AGREEMENT."  Larian responds further that Larian did not

7  intentionally induce Bryant to breach any agreement (known or unknown) with

8  Mattel, but instead it was Bryant who, through an intermediary, approached MGA,

9  and pitched the Bratz concept to MGA.  In addition, Larian does not believe that

10  Bryant has breached the "INVENTIONS AGREEMENT" or any other agreement

11  with Mattel, or breached any duties or obligations to Mattel.

12    The persons who have knowledge of the facts and circumstances

13  supporting this contention that Larian did not intentionally interfere with the

14  INVENTIONS AGREEMENT when Bryant transferred his rights in Bratz to MGA

15  have already been identified in the supplemental responses to Interrogatory Nos. 27,

16  28, and 31.

17    Documents responsive to this interrogatory are protected by the

18  attorney-client privileged or work product doctrine.  MGA previously offered to

19  stipulate to a limited waiver of these privileges and protections to permit inspection

20  of such documents, but Mattel refused.  Subject to these objections, Larian responds

21  that the following documents may be relevant to these facts: all documents showing

22  Bryant's work on his "pitch" materials; documents evidencing Bryant's desire to be a

23  freelance artist; documents evidencing Bryant's interactions with MGA prior to the

24  execution of the October 4, 2000 agreement between Bryant and MGA; and the

25  October 4, 2000 agreement between Bryant and MGA.

26  **INTERROGATORY NO. 35:**

27    State all facts that support YOUR contention, if YOU so contend, that

28  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

44

EXHIBIT 24    PAGE 472

1  BRYANT to MATTEL when BRYANT performed work or services with or for

2  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

3  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

4  such facts.

5  **RESPONSE TO INTERROGATORY NO. 35:**

6      Larian incorporates by reference his General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including but not limited to his

9  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

10  and further objects on the ground that the interrogatory is overbroad, unduly

11  burdensome, vague and ambiguous both generally and specifically with respect to

12  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

13  the term YOU as defined by Mattel could be read to require Larian to state all facts

14  supporting why each of the responding parties "did not aid or abet any breach of

15  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby

16  rendering the interrogatory impermissibly compound.  Larian also objects to this

17  interrogatory to the extent it seeks information that is not subject to disclosure under

18  any applicable privilege, doctrine or immunity, including without limitation the

19  attorney-client privilege, the work product doctrine, the right of privacy, and all other

20  privileges recognized under the constitutional, statutory or decisional law of the

21  United States of America, the State of California or any other applicable jurisdiction.

22  Larian further objects to the interrogatory to the extent it calls for a legal conclusion.

23      Larian further objects on the ground that this interrogatory is an

24  overbroad and unduly burdensome contention interrogatory to the extent it asks for

25  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

26  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

27  requests seeking "all facts, documents, and witnesses that support the denial of a

28  statement or allegation of fact" because the "universe of potentially responsive

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 24 PAGE 473

1  information is almost endless").

2          Larian further objects to the extent that this interrogatory seeks
3  information that is outside Larian's knowledge and is not in Larian's possession,
4  custody, or control.  In particular, Larian objects to this interrogatory to the extent
5  that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*
6  DOCUMENTS" (emphasis added).

7          Larian further objects to this interrogatory because Mattel has
8  propounded more than 50 interrogatories.  Under Judge Larson's order of February
9  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
10  04049-SGL and CV 05-02727]."

11  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:**

12          Larian incorporates by reference his General Response and General
13  Objections above, as though fully set forth herein and specifically incorporates
14  General Objection No. 7 (regarding Definitions), including but not limited to his
15  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
16  and further objects on the ground that the interrogatory is overbroad, unduly
17  burdensome, vague and ambiguous both generally and specifically with respect to
18  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,
19  the term YOU as defined by Mattel could be read to require Larian to state all facts
20  supporting why each of the responding parties "did not aid or abet any breach of
21  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby
22  rendering the interrogatory impermissibly compound.  Larian also objects to this
23  interrogatory to the extent it seeks information that is not subject to disclosure under
24  any applicable privilege, doctrine or immunity, including without limitation the
25  attorney-client privilege, the work product doctrine, the right of privacy, and all other
26  privileges recognized under the constitutional, statutory or decisional law of the
27  United States of America, the State of California or any other applicable jurisdiction.
28  Larian further objects to the interrogatory to the extent it calls for a legal conclusion.

EXHIBIT 24          474

1    Larian further objects on the ground that this interrogatory is an

2 overbroad and unduly burdensome contention interrogatory to the extent it asks for

3 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

4 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

5 requests seeking "all facts, documents, and witnesses that support the denial of a

6 statement or allegation of fact" because the "universe of potentially responsive

7 information is almost endless").

8    Larian further objects to the extent that this interrogatory seeks

9 information that is outside Larian's knowledge and is not in Larian's possession,

10 custody, or control. In particular, Larian objects to this interrogatory to the extent

11 that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

12 DOCUMENTS" (emphasis added).

13    Subject to and without waiving the foregoing objections, Larian

14 responds as follows:

15    Larian incorporates by reference his supplemental responses to

16 Interrogatory Nos. 34 and 38 as though fully set forth herein. In addition, Larian

17 denies that Bryant was a fiduciary with respect to his efforts to become a freelance

18 artist.

19 **INTERROGATORY NO. 36:**

20    State all facts that support YOUR contention, if YOU so contend, that

21 YOU acted with an innocent state of mind or reasonably believed that MATTEL did

22 not own any rights in any BRATZ INVENTION when BRYANT purported to

23 TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

24 all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

25 RELATE TO such facts.

26 **RESPONSE TO INTERROGATORY NO. 36:**

27    Larian incorporates by reference his General Response and General

28 Objections above, as though fully set forth herein and specifically incorporates

Exhibit 24                    475

1  General Objection No. 7 (regarding Definitions), including but not limited to his

2  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

3  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

4  unduly burdensome, vague and ambiguous both generally and specifically with

5  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

6  ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

7  could be read to require Larian to state all facts supporting why each of the

8  responding parties "acted with an innocent state of mind," thereby rendering the

9  interrogatory impermissibly compound.  Larian also objects to this interrogatory to

10  the extent it seeks information that is not subject to disclosure under any applicable

11  privilege, doctrine or immunity, including without limitation the attorney-client

12  privilege, the work product doctrine, the right of privacy, and all other privileges

13  recognized under the constitutional, statutory or decisional law of the United States

14  of America, the State of California or any other applicable jurisdiction.

15      Subject to and without waiving the foregoing objections, Larian

16  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

17  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

18  Set of Interrogatories.

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

20      Larian incorporates by reference his General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 7 (regarding Definitions), including but not limited to his

23  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

24  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

25  unduly burdensome, vague and ambiguous both generally and specifically with

26  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

27  ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

28  could be read to require Larian to state all facts supporting why each of the

48

EXHIBIT 24   PAGE 476

1   responding parties "acted with an innocent state of mind," thereby rendering the

2   interrogatory impermissibly compound.  Larian also objects to this interrogatory to

3   the extent it seeks information that is not subject to disclosure under any applicable

4   privilege, doctrine or immunity, including without limitation the attorney-client

5   privilege, the work product doctrine, the right of privacy, and all other privileges

6   recognized under the constitutional, statutory or decisional law of the United States

7   of America, the State of California or any other applicable jurisdiction.

8        Subject to and without waiving the foregoing objections, Larian

9   responds as follows:

10       Mattel cannot show that Larian acted in bad faith when Bryant

11  transferred and MGA acquired all rights to the Bratz concept on October 4, 2000,

12  because of the following facts of which Larian was aware in the September to

13  October 2000 time period: (i) Bryant had an idea in August or September of 1998,

14  when he was not employed by Mattel, for a series of characters that he named Bratz

15  that could be used to create, among other things, a line of fashion dolls; (ii) at the

16  same time, Bryant sketched a series of drawings to illustrate his conception; (iii)

17  Bryant was the rightful owner of the concepts reflected in his drawings and other

18  representations of his ideas and of his drawings; (iv) Bryant and his counsel

19  represented and warranted to MGA that he was the exclusive originator and owner of

20  his Bratz ideas and drawing and that no third party had any interest or rights in the

21  drawings or the ideas reflected in the drawings; (v) Bryant came recommended by

22  Veronica Marlow, a trusted freelancer who had worked for MGA in the past; (vi)

23  immediately upon entering into a written freelance agreement with Bryant, Larian

24  instructed Bryant to immediately resign from Mattel; (vii) MGA employees and

25  freelance artists had made substantial original and creative contributions to the

26  creation of what ultimately was marketed as Bratz dolls; and (viii) assuming some

27  part of the Bratz concept was a feature that could have been protected by a design

28  patent, any such invention was not "reduced to practice" prior to October 20, 2000.

EXHIBIT 24  PAGE 477

1   The following persons have knowledge of these facts:  Carter Bryant;

2   Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant; Jeanne Galvano;

3   Richard Irmen; Elise Cloonan; Ramona Prince; Margaret Leahy; Veronica Marlow;

4   Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia); Steve

5   Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Samuel

6   Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

7   Harris; Maggie Siu; Ben Ton; Sam Wong; Ray Wong.

8   The following documents may be relevant to these facts:  MGA's

9   agreement with Carter Bryant; and documents that refer to or evidence the work

10  performed by MGA employees and freelancers toward the reduction to practice of

11  the Bratz line of dolls.  Documents responsive to this interrogatory are protected by

12  the attorney-client privilege and work product doctrine.  MGA previously offered to

13  stipulate to a limited waiver of these privileges and protections to permit inspection

14  of such documents, but Mattel refused.

15  **INTERROGATORY NO. 37:**

16  State all facts that support YOUR contention, if YOU so contend, that

17  BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT

18  purported to TRANSFER rights to BRATZ to MGA, and IDENTIFY all PERSONS

19  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

20  such facts.

21  **RESPONSE TO INTERROGATORY NO. 37:**

22  Larian incorporates by reference his General Response and General

23  Objections above, as though fully set forth herein and specifically incorporates

24  General Objection No. 7 (regarding Definitions), including but not limited to his

25  objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ

26  and REFER OR RELATE TO, and further objects on the ground that the

27  interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally

28  and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and

Exh. 24                478

1  TRANSFER.  Larian also objects to this interrogatory to the extent it seeks

2  information that is not subject to disclosure under any applicable privilege, doctrine

3  or immunity, including without limitation the attorney-client privilege, the work

4  product doctrine, the right of privacy, and all other privileges recognized under the

5  constitutional, statutory or decisional law of the United States of America, the State

6  of California or any other applicable jurisdiction.  Larian further objects to the

7  interrogatory to the extent it calls for a legal conclusion.  Larian further objects to the

8  interrogatory on the ground that Mattel – not Larian – bears the burden of proof to

9  show that Bryant breached the INVENTIONS AGREEMENT.

10       Larian further objects on the ground that this interrogatory is an

11  overbroad and unduly burdensome contention interrogatory to the extent it asks for

12  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

13  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

14  requests seeking "all facts, documents, and witnesses that support the denial of a

15  statement or allegation of fact" because the "universe of potentially responsive

16  information is almost endless").  Larian further objects on the ground that it is an

17  abuse of the discovery process to effectively ask a Party to prove his, her or its entire

18  case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*

19  *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

20  03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

21  that interrogatory that asks defendant to "plead and prove its entire case, and to

22  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

23  an abuse of the discovery process").

24       Larian further objects to the extent that this interrogatory seeks

25  information that is outside Larian's knowledge and is not in Larian's possession,

26  custody, or control.  In particular, Larian objects to this interrogatory to the extent

27  that it requests that Larian "state *all* facts … and IDENTIFY *all* PERSONS…and *all*

28  DOCUMENTS" (emphasis added).  In responding to this interrogatory, Larian

51

EXHIBIT 24  PAGE 479

1 | undertakes only to make a good faith, reasonable effort to summarize facts currently
2 | known to it, and reserves the right to supplement its response.
3 |          Larian further objects to this interrogatory because Mattel has
4 | propounded more than 50 interrogatories.  Under Judge Larson's order of February
5 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
6 | 04049-SGL and CV 05-02727]."
7 |          Subject to and without waiving the foregoing objections, Larian
8 | responds as follows:  Larian is willing to meet and confer with Mattel regarding this
9 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First
10 | Set of Interrogatories.
11 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 37:**
12 |          Larian incorporates by reference his General Response and General
13 | Objections above, as though fully set forth herein and specifically incorporates
14 | General Objection No. 7 (regarding Definitions), including but not limited to his
15 | objections to the definitions of the terms INVENTIONS AGREEMENT, BRATZ
16 | and REFER OR RELATE TO, and further objects on the ground that the
17 | interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally
18 | and specifically with respect to the terms YOUR, YOU, BRYANT, MGA and
19 | TRANSFER.  Larian also objects to this interrogatory to the extent it seeks
20 | information that is not subject to disclosure under any applicable privilege, doctrine
21 | or immunity, including without limitation the attorney-client privilege, the work
22 | product doctrine, the right of privacy, and all other privileges recognized under the
23 | constitutional, statutory or decisional law of the United States of America, the State
24 | of California or any other applicable jurisdiction.  Larian further objects to the
25 | interrogatory to the extent it calls for a legal conclusion.  Larian further objects to the
26 | interrogatory on the ground that Mattel – not Larian – bears the burden of proof to
27 | show that Bryant breached the INVENTIONS AGREEMENT.
28 |          Larian further objects on the ground that this interrogatory is an

52

EXHIBIT 24 PAGE 480

1 | overbroad and unduly burdensome contention interrogatory to the extent it asks for
2 | "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*
3 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
4 | requests seeking "all facts, documents, and witnesses that support the denial of a
5 | statement or allegation of fact" because the "universe of potentially responsive
6 | information is almost endless").  Larian further objects on the ground that it is an
7 | abuse of the discovery process to effectively ask a Party to prove his, her or its entire
8 | case in response to a single interrogatory.  *See, e.g., Lawrence v. First Kansas Bank*
9 | *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.
10 | 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling
11 | that interrogatory that asks defendant to "plead and prove its entire case, and to
12 | marshal all evidence, in response to one interrogatory" is overbroad and "constitutes
13 | an abuse of the discovery process").
14 |     Larian further objects to the extent that this interrogatory seeks
15 | information that is outside Larian's knowledge and is not in Larian's possession,
16 | custody, or control.  In particular, Larian objects to this interrogatory to the extent
17 | that it requests that Larian "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
18 | DOCUMENTS" (emphasis added).  In responding to this interrogatory, Larian
19 | undertakes only to make a good faith, reasonable effort to summarize facts currently
20 | known to it, and reserves the right to supplement its response.
21 |     Subject to and without waiving the foregoing objections, Larian
22 | responds as follows:
23 |     In August or September of 1998, Carter Bryant, inspired by images he
24 | was exposed to, including in the August 1998 issue of *Seventeen Magazine*, the
25 | appearance of teenagers as well as other images in the public domain, had an idea for
26 | a line of fashion dolls that he named Bratz.  At the same time, Bryant sketched a
27 | series of drawings to illustrate his conception.  To the extent that some aspect of
28 | Bryant's idea would have been protectible under patent law, there was neither a

53

EXHIBIT 24   PAGE 481

1  conception nor reduction to practice during the period of Bryant's unemployment

2  with Mattel.  In addition, Bryant's idea for a unique approach to fashion dolls was

3  not covered by the "INVENTIONS AGREEMENT."

4  **INTERROGATORY NO. 38:**

5          State all facts that support YOUR contention, if YOU so contend, that

6  BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL

7  when BRYANT performed work or services with or for MGA while BRYANT was

8  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

9  and all DOCUMENTS that REFER OR RELATE TO such facts.

10  **RESPONSE TO INTERROGATORY NO. 38:**

11          Larian incorporates by reference his General Response and General

12  Objections above, as though fully set forth herein and specifically incorporates

13  General Objection No. 7 (regarding Definitions), including but not limited to his

14  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

15  and further objects on the ground that the interrogatory is overbroad, unduly

16  burdensome, vague and ambiguous both generally and specifically with respect to

17  the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ.  Larian also

18  objects to this interrogatory to the extent it seeks information that is not subject to

19  disclosure under any applicable privilege, doctrine or immunity, including without

20  limitation the attorney-client privilege, the work product doctrine, the right of

21  privacy, and all other privileges recognized under the constitutional, statutory or

22  decisional law of the United States of America, the State of California or any other

23  applicable jurisdiction.  Larian further objects to the interrogatory to the extent it

24  calls for a legal conclusion.  Larian further objects to the interrogatory on the ground

25  that Mattel – not Larian – bears the burden of proof to show that Bryant breached

26  any duties, fiduciary or otherwise, to Mattel.

27          Larian further objects on the ground that this interrogatory is an

28  overbroad and unduly burdensome contention interrogatory to the extent it asks for

EXHIBIT 24  PAGE 482

1   "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

2   *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

3   requests seeking "all facts, documents, and witnesses that support the denial of a

4   statement or allegation of fact" because the "universe of potentially responsive

5   information is almost endless"). Larian further objects on the ground that it is an

6   abuse of the discovery process to effectively ask a Party to prove his, her or its entire

7   case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank*

8   *& Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No.

9   03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

10   that interrogatory that asks defendant to "plead and prove its entire case, and to

11   marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

12   an abuse of the discovery process").

13         Larian further objects to the extent that this interrogatory seeks

14   information that is outside Larian's knowledge and is not in Larian's possession,

15   custody, or control. In particular, Larian objects to this interrogatory to the extent

16   that it requests that Larian "state all facts … and IDENTIFY all PERSONS…and all

17   DOCUMENTS" (emphasis added). In responding to this interrogatory, Larian

18   undertakes only to make a good faith, reasonable effort to summarize facts currently

19   known to it, and reserves the right to supplement its response.

20         Larian further objects to this interrogatory because Mattel has

21   propounded more than 50 interrogatories. Under Judge Larson's order of February

22   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

23   04049-SGL and CV 05-02727]."

24         Subject to and without waiving the foregoing objections, Larian

25   responds as follows: Larian is willing to meet and confer with Mattel regarding this

26   interrogatory and the obligation of Mattel to supplement its responses to MGA's First

27   Set of Interrogatories.

28

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx) M

EXHIBIT 24   483

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 38:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to his objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOUR, YOU, BRYANT, MATTEL, MGA and BRATZ. Larian also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to the interrogatory to the extent it calls for a legal conclusion. Larian further objects to the interrogatory on the ground that Mattel – not Larian – bears the burden of proof to show that Bryant breached any duties, fiduciary or otherwise, to Mattel.

Larian further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless"). Larian further objects on the ground that it is an abuse of the discovery process to effectively ask a Party to prove his, her or its entire case in response to a single interrogatory. *See, e.g., Lawrence v. First Kansas Bank & Trust, Co.*, 169 F.R.D. 657, 663-64 (D. Kan. 1996); *Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006) (ruling

56

EXHIBIT 24   PAGE 484

1  that interrogatory that asks defendant to "plead and prove its entire case, and to

2  marshal all evidence, in response to one interrogatory" is overbroad and "constitutes

3  an abuse of the discovery process").

4         Larian further objects to the extent that this interrogatory seeks

5  information that is outside Larian's knowledge and is not in Larian's possession,

6  custody, or control. In particular, Larian objects to this interrogatory to the extent

7  that it requests that Larian "state all facts ... and IDENTIFY all PERSONS...and all

8  DOCUMENTS" (emphasis added). In responding to this interrogatory, Larian

9  undertakes only to make a good faith, reasonable effort to summarize facts currently

10 known to it, and reserves the right to supplement its response.

11        Subject to and without waiving the foregoing objections, Larian

12 responds as follows:

13        Bryant was not a fiduciary of Mattel. Bryant was not an officer or

14 director of Mattel. Mattel has not proven any facts that would support its claim that

15 Bryant was a fiduciary of Mattel. Larian responds further that Bryant did not

16 perform any services for MGA prior to signing his agreement with MGA on October

17 4, 2000. Bryant's activities with respect to the Bratz concept prior to October 4,

18 2000, were directed to securing a commercially beneficial relationship with MGA,

19 i.e., Bryant "pitched" the concept of Bratz to MGA. In addition, Bryant's

20 employment with Mattel was at will, and Bryant had the right to leave Mattel to join

21 a competitor, or to work for a competitor, at any time. Any work that Bryant

22 performed relating to his Bratz ideas during the time period that he was still

23 employed by Mattel constituted lawful steps by Bryant to prepare to embark upon a

24 new career. Larian instructed Bryant to leave Mattel immediately upon executing his

25 contract with MGA. During the period from October 4, 2000, through October 20,

26 2000, Bryant contributed very little to the development of what later became the first

27 generation of Bratz dolls.

28        The following persons have knowledge of the facts and circumstances

EXHIBIT 24 PAGE 485

1  supporting this contention:  Larian, Carter Bryant, Victoria O'Connor, Margaret

2  Leahy, Aileen Storer, Veronica Marlow, Paula Garcia, and Anne Wang.

3  **INTERROGATORY NO. 39:**

4           IDENTIFY each and every bank or financial institution account that

5  REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR

6  benefit, since January 1, 1999.

7  **RESPONSE TO INTERROGATORY NO. 39:**

8           Larian incorporates by reference his General Response and General

9  Objections above, as though fully set forth herein and specifically incorporates

10  General Objection No. 7 (regarding Definitions), including but not limited to his

11  objections to the definitions of the terms IDENTIFY and REFERS OR RELATES

12  TO, and further objects on the ground that the interrogatory is overbroad, unduly

13  burdensome, vague and ambiguous both generally and specifically with respect to

14  the terms YOU and YOUR.  Larian also objects to this interrogatory to the extent it

15  seeks information that is not subject to disclosure under any applicable privilege,

16  doctrine or immunity, including without limitation the attorney-client privilege, the

17  work product doctrine, the right of privacy, and all other privileges recognized under

18  the constitutional, statutory or decisional law of the United States of America, the

19  State of California or any other applicable jurisdiction.  Larian further objects to this

20  interrogatory as premature asset discovery under Federal Rule of Civil Procedure

21  69(a), as there is presently no judgment for the payment of money pending against

22  Larian.  Larian further objects on the grounds that it is overbroad, not relevant to the

23  claims or defenses of any party to the action and not reasonably calculated to lead to

24  the discovery of admissible evidence.

25  **INTERROGATORY NO. 40:**

26           IDENTIFY each and every STORAGE DEVICE that YOU have used

27  for any purpose which contains or contained DIGITAL INFORMATION that

28  REFERS OR RELATES TO BRATZ prior to January 1, 2002.

EXHIBIT 24  PAGE 486

**RESPONSE TO INTERROGATORY NO. 40:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to his objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO and BRATZ, and further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL INFORMATION.   Larian further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses. Specifically, Larian objects to the terms IDENTIFY and STORAGE DEVICE as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require Larian to provide numerous discrete facts for each STORAGE DEVICE, including:

(a)     the individual(s) that use or have used the STORAGE DEVICE;

(b)     the current location of the STORAGE DEVICE;

(c)     the IDENTITY of the PERSON who possesses the STORAGE DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

(d)     the type of STORAGE DEVICE;

(e)     whether the STORAGE DEVICE has ever been copied or imaged (and if so, the current location of each copy or image and the IDENTITY of the PERSONS who possess such copies or image);

(f)     the date(s) on which such copies or images were made;

(g)     the manufacturer name, brand, model name, model number, and serial number of the STORAGE DEVICE;

(h)     the technical specifications and capacities of such STORAGE DEVICE.

EXHIBIT 24 PAGE 487

1       In addition, Mattel's definition of YOU could be read to require Larian

2   to provide the foregoing information about STORAGE DEVICES belonging to each

3   of the responding parties.

4       Larian also objects to this interrogatory to the extent it seeks

5   information that is not subject to disclosure under any applicable privilege, doctrine

6   or immunity, including without limitation the attorney-client privilege, the work

7   product doctrine, the right of privacy, and all other privileges recognized under the

8   constitutional, statutory or decisional law of the United States of America, the State

9   of California or any other applicable jurisdiction.  Larian further objects to the

10  interrogatory on the ground that it is premature because the invention, creation,

11  conception, or reduction to practice of Bratz (and related issues) will be the subject

12  of expert testimony at trial.  Larian objects to this interrogatory to the extent it seeks

13  to limit the expert testimony that Larian may seek to introduce at trial.  Larian will

14  identify his experts and make related disclosures in accordance with the Court's

15  orders and applicable rules.  Larian further objects to the extent that this

16  interrogatory seeks information that is outside of Larian's knowledge and is not in

17  Larian's possession, custody or control.

18      Larian further objects to this interrogatory because Mattel has

19  propounded more than 50 interrogatories.  Under Judge Larson's order of February

20  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

21  04049-SGL and CV 05-02727]."

22      Subject to and without waiving the foregoing objections, Larian

23  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

24  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

25  Set of Interrogatories.

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 40:**

27      Larian incorporates by reference his General Response and General

28  Objections above, as though fully set forth herein and specifically incorporates

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 24 PAGE 488

1  General Objection No. 7 (regarding Definitions), including but not limited to his

2  objections to the definitions of the terms IDENTIFY, REFERS OR RELATES TO

3  and BRATZ, and further objects to this interrogatory on the grounds that it is

4  overbroad, unduly burdensome, vague and ambiguous both generally and

5  specifically with respect to the terms YOU, STORAGE DEVICE and DIGITAL

6  INFORMATION.   Larian further objects to this interrogatory as compound because

7  it contains discrete subparts that require separate, distinct and multiple responses.

8  Specifically, Larian objects to the terms IDENTIFY and STORAGE DEVICE as

9  overbroad and unduly burdensome, as Mattel's definition of this term calls for

10  responses to multiple discrete subparts.  For example, Mattel's definition of the term

11  IDENTIFY in the context of this interrogatory would require Larian to provide

12  numerous discrete facts for each STORAGE DEVICE, including:

13          (a)    the individual(s) that use or have used the STORAGE DEVICE;

14          (b)    the current location of the STORAGE DEVICE;

15          (c)    the IDENTITY of the PERSON who possesses the STORAGE

16  DEVICE or if it no longer exists, the date on which it was destroyed or disposed of;

17          (d)    the type of STORAGE DEVICE;

18          (e)    whether the STORAGE DEVICE has ever been copied or imaged

19  (and if so, the current location of each copy or image and the IDENTITY of the

20  PERSONS who possess such copies or image);

21          (f)    the date(s) on which such copies or images were made;

22          (g)    the manufacturer name, brand, model name, model number, and

23  serial number of the STORAGE DEVICE;

24          (h)    the technical specifications and capacities of such STORAGE

25  DEVICE.

26          In addition, Mattel's definition of YOU could be read to require Larian

27  to provide the foregoing information about STORAGE DEVICES belonging to each

28  of the responding parties.

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx) M

EXHIBIT 24   PAGE 489

1    Larian also objects to this interrogatory to the extent it seeks

2   information that is not subject to disclosure under any applicable privilege, doctrine

3   or immunity, including without limitation the attorney-client privilege, the work

4   product doctrine, the right of privacy, and all other privileges recognized under the

5   constitutional, statutory or decisional law of the United States of America, the State

6   of California or any other applicable jurisdiction. Larian further objects to the

7   interrogatory on the ground that it is premature because the invention, creation,

8   conception, or reduction to practice of Bratz (and related issues) will be the subject

9   of expert testimony at trial. Larian objects to this interrogatory to the extent it seeks

10   to limit the expert testimony that Larian may seek to introduce at trial. Larian will

11   identify his experts and make related disclosures in accordance with the Court's

12   orders and applicable rules. Larian further objects to the extent that this

13   interrogatory seeks information that is outside of Larian's knowledge and is not in

14   Larian's possession, custody or control.

15    Subject to and without waiving the foregoing objections, Larian

16   responds as follows:

17    From the time period between mid-1999 and December 31, 2001,

18   Larian used laptop computers issued by MGA, one or more of which may have

19   contained digital information related to Bratz. Consistent with the ordinary business

20   policies and practices of MGA at the time, and in the ordinary course of MGA's

21   business operations, when Larian received a new laptop computer from MGA, any

22   digital information stored on the old laptop computer was transferred to the new

23   laptop computer, and the old computer was reformatted and reissued to another

24   MGA employee. To the best of Larian's knowledge, any information on laptop

25   computers used by Larian between mid-1999 and December 31, 2001 would have

26   been transferred to each successive laptop computer used by Larian.

27   **INTERROGATORY NO. 41:**

28    IDENTIFY all PERSONS who at any time have been employed by or

62

EXHIBIT 24 PAGE 490

1 under contract with MATTEL who are now or have been employed by or under

2 contract with YOU since January 1, 1999, and, for each such PERSON, state his or

3 her name, date of hire or effective date of contract, the date on which YOU first had

4 contact with such PERSON regarding potential employment or contracting, the

5 date(s) on which such PERSON was interviewed for possible employment or

6 contracting, each title (if any) such PERSON has held while employed by or under

7 contract with YOU, and the date of termination (if applicable).

8 **RESPONSE TO INTERROGATORY NO. 41:**

9        Larian incorporates by reference his General Response and General

10 Objections above, as though fully set forth herein and specifically incorporates

11 General Objection No. 7 (regarding Definitions), including but not limited to his

12 objections to the definitions of the term IDENTIFY and further objects to this

13 interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

14 ambiguous both generally and specifically with respect to the terms YOU. Larian

15 also objects to this interrogatory to the extent it seeks information that is not subject

16 to disclosure under any applicable privilege, doctrine or immunity, including without

17 limitation the attorney-client privilege, the work product doctrine, the right of

18 privacy, and all other privileges recognized under the constitutional, statutory or

19 decisional law of the United States of America, the State of California or any other

20 applicable jurisdiction.

21        Subject to and without waiving the foregoing objections, Larian

22 responds as follows: Larian is willing to meet and confer with Mattel regarding this

23 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

24 Set of Interrogatories.

25 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

26        Larian incorporates by reference his General Response and General

27 Objections above, as though fully set forth herein and specifically incorporates

28 General Objection No. 7 (regarding Definitions), including but not limited to his

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 24 PAGE 491

1    objections to the definitions of the term IDENTIFY and further objects to this

2    interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

3    ambiguous both generally and specifically with respect to the terms YOU. Larian

4    also objects to this interrogatory to the extent it seeks information that is not subject

5    to disclosure under any applicable privilege, doctrine or immunity, including without

6    limitation the attorney-client privilege, the work product doctrine, the right of

7    privacy, and all other privileges recognized under the constitutional, statutory or

8    decisional law of the United States of America, the State of California or any other

9    applicable jurisdiction.

10         Subject to and without waiving the foregoing objections, Larian

11    responds as follows:

12         This interrogatory appears to be directed to other parties to the

13    litigation, and not to Larian. Larian has not personally employed any persons who at

14    any time have been employed by or under contract with Mattel. MGA has employed

15    former Mattel employees and will respond to this interrogatory.

16    DATED:  November 30, 2007

17                SKADDEN, ARPS, SLATE, MEAGHER &

18                FLOM LLP

19                By:

20                     Thomas J. Nolan
                 Attorneys for Counter-Defendants, MGA

21                 ENTERTAINMENT, INC., ISAAC LARIAN,
                 MGA ENTERTAINMENT (HK) Ltd., and

22                 MGAE de MEXICO S.R.L. de C.V.

23

24

25

26

27

28

LARIAN'S SUPPL. RESPONSES TO MATTEL'S REVISED 3RD SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 24   PAGE 492