EXHIBIT 25

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 26

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 27

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | EASTERN DIVISION

14 | CARTER BRYANT, an individual ) CASE NO. CV 04-9049 SGL (RNBx)
        )
15 |        Plaintiff, ) Consolidated with Case No. 04-9059
        ) and Case No. 05-2727
16 |   v. )
        ) **MGAE DE MEXICO S.R.L. DE**
17 | MATTEL, INC., a Delaware ) **C.V.'S SUPPLEMENTAL**
corporation ) **RESPONSES TO MATTEL,**
        ) **INC.'S AMENDED FOURTH**
18 |        Defendant. ) **SET OF INTERROGATORIES**
        )
19 |        ) Honorable Stephen G. Larson
        ) Courtroom 1
20 |        )
        )
21 |        )
        )
22 | Consolidated with MATTEL, INC. v. ) Discovery Cut-Off: March 3, 2008
BRYANT and MGA )
23 | ENTERTAINMENT, INC. v. )
MATTEL, INC. )
24 |        )

25 | **PROPOUNDING PARTY:**   **MATTEL, INC.**

26 | **RESPONDING PARTY:**    **MGAE DE MEXICO S.R.L. DE C.V.**

27 | **SET NUMBER:**          **AMENDED FOURTH**

28 |

11/30

Exhibit 27 PG 533

# PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that MGAE de Mexico S.R.L. de C. V., ("MGA (Mexico)") is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA (Mexico)'s discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA (Mexico) to discover other information responsive to these Interrogatories.  MGA (Mexico) therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence.  MGA (Mexico) does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Interrogatories or any particular request therein, even where MGA (Mexico) has not otherwise objected to a particular interrogatory, or has agreed to provide information responsive to a particular interrogatory.

1

EXHIBIT 27   PAGE 534

1   No incidental or implied admissions are intended by this Response.
2   These responses should not be taken as an admission that MGA (Mexico) accepts or
3   admits the existence of any facts set forth or assumed by any instruction, definition
4   or interrogatory.

5   ## GENERAL OBJECTIONS

6   MGA (Mexico) responds to these Interrogatories subject to the
7   following general objections and limitations, each of which is incorporated into each
8   and every response as though fully set forth therein:

9   1.   MGA (Mexico) objects to these Interrogatories to the extent they
10  seek information that is not subject to disclosure under any applicable privilege,
11  doctrine or immunity, including without limitation the attorney-client privilege, the
12  work product doctrine, the right of privacy, and all other privileges recognized under
13  the constitutional, statutory or decisional law of the United States of America, the
14  State of California or any other applicable jurisdiction. MGA (Mexico) shall not
15  produce such information in response to Mattel's interrogatories. Any disclosure of
16  such protected or privileged information is inadvertent and shall not be construed as
17  a waiver of those privileges or protections. MGA (Mexico) reserves the right to
18  correct the record with regard to any such inadvertent disclosure, as provided for in
19  the Protective Order governing this case.

20  2.   MGA (Mexico) objects to these Interrogatories to the extent they
21  seek information not relevant to the claims or defenses of any party to this action and
22  not reasonably calculated to lead to the discovery of admissible evidence.

23  3.   MGA (Mexico) objects to these Interrogatories to the extent they
24  seek information which by reason of public filing or otherwise is already in Mattel's
25  possession or is readily accessible to Mattel.

26  4.   MGA (Mexico) objects to these Interrogatories to the extent they
27  seek the disclosure of information (1) not within its possession, custody or control;
28  (2) that MGA (Mexico) cannot locate after a reasonably diligent search; or (3) that

2

EXHIBIT 27          535

1 refer to persons, entities, or events not known to MGA (Mexico). Such instructions,
2 definitions, or requests are objectionable where they seek to require more of MGA
3 (Mexico) than any obligation imposed by the Federal Rules of Civil Procedure;
4 subject MGA (Mexico) to unreasonable and undue annoyance, oppression, burden,
5 and expense; and/or seek to impose upon MGA (Mexico) an obligation to investigate
6 or discover information or materials from sources equally accessible to Mattel.

7      5.     MGA (Mexico) objects to these Interrogatories to the extent they
8 are overbroad and unduly burdensome.

9      6.     MGA (Mexico) objects to the definitions and instructions to the
10 extent such definitions and instructions purport to enlarge, expand, or alter in any
11 way the plain meaning and scope of any specific term or specific interrogatories on
12 the ground that such enlargement, expansion, or alteration renders such a term or
13 request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or
14 uncertain.

15      7.     MGA (Mexico) objects to the terms YOU, YOUR, BRYANT,
16 LARIAN, MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN,
17 DESIGNS, BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT,
18 BRATZ MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR
19 RELATE TO on the grounds that these terms render the interrogatories overbroad,
20 unduly burdensome, vague and ambiguous and to the extent that they could be read
21 to call for legal conclusions in responding to the interrogatories, including, by way of
22 example and without limitation, as follows:

23      (a)     MGA (Mexico) objects to the definition of the term
24 "BRATZ" (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly
25 burdensome, and designed to mislead and confuse the trier of fact. The definition
26 includes "any project, product, doll or DESIGN ever known by [the Bratz] name
27 (whether in whole or in part and regardless of what such project, product or doll is or
28 has been also, previously or subsequently called) and any product, doll or DESIGN

27

536

1  or any portion thereof that is now or has ever been known as, or sold or marketed

2  under, the name or term 'Bratz' (whether in whole or in part and regardless of what

3  such product, doll or DESIGN or portion thereof is or has been also, previously or

4  subsequently called) or that is now or has ever been sold or marketed as part of the

5  'Bratz' line, and each version or iteration of such product, doll or DESIGN or any

6  portion thereof," and it goes on.  By incorporating the definition of DESIGN, the

7  overly broad definition of BRATZ includes two-dimensional and three-dimensional

8  representations, including "works, designs, artwork, sketches, drawings, illustrations,

9  representations, depictions, blueprints, schematics, diagrams, images, sculptures,

10  prototypes, models, samples, rotocasts, reductions to practice, developments,

11  inventions and/or improvements . . . ."  (Definitions ¶ 8.)  These convoluted and

12  multi-part definitions combine to render the interrogatories vague, ambiguous and

13  overly broad, and to include within the term BRATZ things that do not fairly

14  represent the Bratz line of dolls, accessories and related products that are the subject

15  of this case.  In responding to these interrogatories, MGA (Mexico) will interpret the

16  term BRATZ to mean the line of dolls introduced by MGA to the market for sale in

17  May or June of 2001 and subsequent dolls, accessories and other products known as

18  Bratz or associated by MGA (Mexico) with the Bratz line of dolls;

19           (b)     MGA (Mexico) objects to the definition of the term

20  "BRATZ DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

21  burdensome, and designed to mislead and confuse the trier of fact.  The definition

22  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

23  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

24  "BRATZ DOLL" unintelligible because MGA (Mexico) cannot know, by way of

25  example, what dolls may "deal with, comment on, respond to, . . . or pertain"

26  (Definitions ¶ 17) to "BRATZ."  In responding to these interrogatories, MGA

27  (Mexico) will interpret the term "BRATZ DOLL" to mean the line of dolls

28  introduced by MGA to the market for sale in May or June of 2001 and subsequent

4

EXHIBIT 27  PAGE 537

1 dolls known as Bratz;

2     (c)    MGA (Mexico) objects to the definition of the term

3 "BASED ON" as vague, ambiguous, overly broad and unduly burdensome, and

4 designed to mislead and confuse the trier of fact.  The definition strays far from the

5 English meaning of "based on" by including terms loaded with legal significance in

6 intellectual property law, such as "substantially similar to," or "a derivative of."  In

7 responding to these interrogatories, MGA (Mexico) will not interpret the term

8 "BASED ON," but rather will respond using "based on" in its normal accepted

9 meaning.

10     (d)    MGA (Mexico) objects to the terms "IDENTIFY" or

11 "IDENTITY" as overbroad, unduly burdensome, vague, ambiguous, and oppressive.

12 Mattel's definition of these terms inherently call for answers to multiple discrete

13 questions or subparts to questions.  For example, when those terms are used to

14 reference any BRATZ PRODUCT, the use of those terms requests at least 6 different

15 and distinct facts: (a) the full name of the product; (b) the number of the product; (c)

16 the SKU of the number; (d) any other applicable designation of the product useful

17 for identification; (e) the period of time during which the product was, has been, or

18 will be sold; and (f) the identity of each person who has licensed from YOU the right

19 to sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or

20 incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

21 should be posed as separate interrogatories.

22     (e)    MGA (Mexico) objects to the term "any" and "REFER OR

23 RELATE TO" on the grounds and to the extent that they are overbroad, unduly

24 burdensome, and/or are vague and ambiguous in the context of the interrogatories as

25 written and as those interrogatories would be plainly understood absent Mattel's

26 definitions.

27     8.    MGA (Mexico) objects to these interrogatories to the extent that

28 they may unfairly seek to restrict the facts on which MGA (Mexico) may rely at trial.

EXHIBIT 27   PG. 538

1  Discovery has not been completed and MGA (Mexico) is not yet necessarily in
2  possession of all the facts and documents upon which MGA (Mexico) intends to
3  rely.  All of the responses submitted herewith are tendered to Mattel with the
4  reservation that the responses are submitted without limiting the evidence on which
5  MGA (Mexico) may rely to support the contentions and defenses that MGA
6  (Mexico) may assert at the trial of this action and to rebut or impeach the
7  contentions, assertions and evidence that Mattel may present.  MGA (Mexico)
8  reserves the right to supplement or amend these responses at a future date.

9        9.    MGA (Mexico) objects to each interrogatory to the extent that it
10  seeks information that will be the subject of expert witness testimony and that is
11  therefore premature.

12        10.    In responding to these interrogatories, MGA (Mexico) has not
13  and will not comply with any instructions or definitions that seek to impose
14  requirements in addition to those imposed by the Federal Rules of Civil Procedure
15  and any applicable local rule, any orders entered by the Court in this Action, or other
16  applicable law.

17        11.    Consistent with Rule 33(d) of the Federal Rules of Civil
18  Procedure, MGA (Mexico) objects to providing responses to interrogatories that can
19  be derived from documents that have or will be produced (when requested in
20  compliance with Rule 26) and where the burden to derive such information is
21  substantially the same for Mattel as it is for MGA (Mexico).

22        12.    MGA (Mexico) objects to each interrogatory to the extent that it
23  seeks the disclosure of confidential, proprietary, or trade-secret information.

24        13.    MGA (Mexico) objects to each interrogatory to the extent that it
25  calls for a legal conclusion.

26        14.    MGA (Mexico) objects to several of those interrogatories that
27  appear to be directed at other parties to the litigation and not to MGA (Mexico),
28  given the nature of the claims asserted against MGA (Mexico) in this case.

6

EXHIBIT 27  PAGE 539

15.     MGA (Mexico) reserves the right to object on any ground at any time to such other or supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these interrogatories.

16.     To the extent MGA (Mexico) responds to an interrogatory, it does so without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation and any other time outside ordinary business hours was not done while he was working for Mattel.  MGA (Mexico)'s response may not be taken as an admission that the information it provides in its response in any way reflects or evidences work performed by Mr. Bryant while he was working for Mattel or that MGA (Mexico) adopts or agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's interrogatory.

17.     MGA (Mexico) objects to each of Mattel's interrogatories because Mattel has propounded more than 50 interrogatories, including discrete subparts.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

18.     MGA (Mexico)'s responses are made based on its understanding and interpretation of each interrogatory.  MGA (Mexico) reserves the right to supplement its objections and responses should Mattel subsequently put forth an interpretation of any interrogatory that differs from those of MGA (Mexico).

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

Without waiving or departing from its General Response and General Objections, and specifically incorporating them in its response to each Interrogatory below, MGA (Mexico) makes the following additional objections and responses to specific Interrogatories:

## INTERROGATORY NO. 42:

State all facts that support YOUR contention, if YOU so contend, that

7

EXHIBIT 27   PAGE 540

1  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

2  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

3  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

4  **RESPONSE TO INTERROGATORY NO. 42:**

5      MGA (Mexico) incorporates by reference its General Response and

6  General Objections above, as though fully set forth herein and specifically

7  incorporates General Objection No. 7 (regarding Definitions), including without

8  limitation MGA (Mexico)'s objection to the definition of the terms BASED ON,

9  BRATZ DOLLS, BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and

10  further objects to this interrogatory on the ground that it is overbroad, unduly

11  burdensome, vague and ambiguous.

12      MGA (Mexico) also objects to this interrogatory to the extent it seeks

13  information that is not subject to disclosure under any applicable privilege, doctrine

14  or immunity, including without limitation the attorney-client privilege, the work

15  product doctrine, the right of privacy, and all other privileges recognized under the

16  constitutional, statutory or decisional law of the United States of America, the State

17  of California or any other applicable jurisdiction.  MGA (Mexico) objects to this

18  interrogatory to the extent it calls for a legal conclusion.

19      MGA (Mexico) further objects to this interrogatory on the ground that it

20  is premature because the invention, creation, conception, or reduction to practice of

21  Bratz (and other legal concepts that may be relevant) will be the subject of expert

22  testimony at trial.  MGA (Mexico) objects to this interrogatory to the extent it seeks

23  to limit the expert testimony that MGA (Mexico) may seek to introduce at trial.

24  MGA (Mexico) will identify its experts and make related disclosures in accordance

25  with the Court's orders and applicable rules.

26      MGA (Mexico) further objects to this interrogatory on the grounds that

27  it seeks information that is not relevant to the claims or defenses of any party to the

28  action and is not reasonably calculated to lead to the discovery of admissible

27      541

1  evidence because the INVENTIONS AGREEMENT executed by Carter Bryant in or
2  around January 1999, purports to state that any inventions conceived or reduced to
3  practice by him during his employment with Mattel would be owned by Mattel.  The
4  references to the conception and reduction to practice of an invention are terms of art
5  in patent law.  Accordingly, copyright law principles of substantial similarity,
6  copying, and derivative works are not relevant to the INVENTIONS AGREEMENT
7  which, by its terms, involves only principles of patent law.

8          MGA (Mexico) further objects on the ground that this interrogatory is
9  an overbroad and unduly burdensome contention interrogatory to the extent it asks
10  for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*
11  *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
12  requests seeking "all facts, documents, and witnesses that support the denial of a
13  statement or allegation of fact" because the "universe of potentially responsive
14  information is almost endless").

15          MGA (Mexico) further objects to the extent that this interrogatory seeks
16  information that is outside MGA (Mexico)'s knowledge and is not in MGA
17  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to
18  this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …
19  and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

20          MGA (Mexico) further objects to this interrogatory because Mattel has
21  propounded more than 50 interrogatories.  Under Judge Larson's order of February
22  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
23  04049-SGL and CV 05-02727]."

24  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 42:**

25          MGA (Mexico) incorporates by reference its General Response and
26  General Objections above, as though fully set forth herein and specifically
27  incorporates General Objection No. 7 (regarding Definitions), including without
28  limitation MGA (Mexico)'s objection to the definition of the terms BASED ON,

9

EXHIBIT 27   PAGE 542

1 | BRATZ DOLLS, BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and
2 | further objects to this interrogatory on the ground that it is overbroad, unduly
3 | burdensome, vague and ambiguous.

4 | MGA (Mexico) also objects to this interrogatory to the extent it seeks
5 | information that is not subject to disclosure under any applicable privilege, doctrine
6 | or immunity, including without limitation the attorney-client privilege, the work
7 | product doctrine, the right of privacy, and all other privileges recognized under the
8 | constitutional, statutory or decisional law of the United States of America, the State
9 | of California or any other applicable jurisdiction. MGA (Mexico) objects to this
10 | interrogatory to the extent it calls for a legal conclusion.

11 | MGA (Mexico) further objects to this interrogatory on the ground that it
12 | is premature because the invention, creation, conception, or reduction to practice of
13 | Bratz (and other legal concepts that may be relevant) will be the subject of expert
14 | testimony at trial. MGA (Mexico) objects to this interrogatory to the extent it seeks
15 | to limit the expert testimony that MGA (Mexico) may seek to introduce at trial.
16 | MGA (Mexico) will identify its experts and make related disclosures in accordance
17 | with the Court's orders and applicable rules.

18 | MGA (Mexico) further objects to this interrogatory on the grounds that
19 | it seeks information that is not relevant to the claims or defenses of any party to the
20 | action and is not reasonably calculated to lead to the discovery of admissible
21 | evidence because the INVENTIONS AGREEMENT executed by Carter Bryant in or
22 | around January 1999, purports to state that any inventions conceived or reduced to
23 | practice by him during his employment with Mattel would be owned by Mattel. The
24 | references to the conception and reduction to practice of an invention are terms of art
25 | in patent law. Accordingly, copyright law principles of substantial similarity,
26 | copying, and derivative works are not relevant to the INVENTIONS AGREEMENT
27 | which, by its terms, involves only principles of patent law.

28 | MGA (Mexico) further objects on the ground that this interrogatory is

EXHIBIT 27 PAGE 543

1   an overbroad and unduly burdensome contention interrogatory to the extent it asks

2   for "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco*

3   *of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

4   requests seeking "all facts, documents, and witnesses that support the denial of a

5   statement or allegation of fact" because the "universe of potentially responsive

6   information is almost endless").

7         MGA (Mexico) further objects to the extent that this interrogatory seeks

8   information that is outside MGA (Mexico)'s knowledge and is not in MGA

9   (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

10   this interrogatory to the extent that it requests that MGA (Mexico) "state *all* facts …

11   and IDENTIFY *all* PERSONS…and *all* DOCUMENTS" (emphasis added).

12         Subject to and without waiving the foregoing objections, MGA

13   (Mexico) responds as follows:

14         Should there be a finding that any intellectual property rights associated

15   with the drawings completed by Carter Bryant in August or September, 1998, and/or

16   subsequent drawings, sketches, and/or representations that Bryant created prior to

17   October 4, 2000, are owned by Mattel, it is MGA (Mexico)'s position that the first

18   generation of Bratz dolls, first "reduced to practice," and first expressed in a tangible

19   medium, after October 20, 2000, and all subsequent Bratz dolls, are not substantially

20   similar to, are not a copy of, and are not derivative of Carter Bryant's aforementioned

21   works.

22         MGA (Mexico) further responds that said first generation of Bratz dolls

23   differ markedly and significantly from the drawings or designs completed by Carter

24   Bryant prior to October 19, 2000.  First, with respect to the three-dimensional

25   "dummy" to which Bryant referred at his deposition, it had no material resemblance

26   to the first generation of Bratz dolls.  Second, with respect to Carter Bryant's

27   drawings, MGA (Mexico) points out that two-dimensional drawings do not translate

28   into three-dimensional dolls without original, creative effort.  Third, there are

11

EXHIBIT  27  PAGE 544

1  recognizable and material differences in the total overall look and feel of the first

2  generation Bratz dolls compared to Carter Bryant's drawings completed prior to

3  October 21, 2000.  Fourth, there are recognizable and material differences in

4  individual elements of the first generation Bratz dolls compared to Carter Bryant's

5  drawings completed prior to October 21, 2000, including, but not limited to, with

6  respect to the following: hair styles; hair colors; facial expression; depiction of

7  noses; eye art; extent of detail of eye art; lip art; eyebrow art; proportions of the

8  bodies; posture; spatial arrangement of hands; wrists and arms; and proportions and

9  spatial arrangements of the eyes, noses, and mouths.  Additional details regarding

10  such differences will be the subject of expert disclosures and will be provided at a

11  later time.

12          With respect to any design relating to the Bratz concept that Carter

13  Bryant may have contributed after October 4, 2000 and before October 21, 2000, i.e.,

14  during a period that he was performing such services for MGA pursuant to a

15  freelance contract, MGA (Mexico) notes that any such design would have

16  incorporated the original and/or creative input of other artists working for or on

17  behalf of MGA on the Bratz concept, which was owned by MGA as a consequence

18  of the October 4, 2000 transfer of rights from Bryant to MGA.  In addition, the first

19  generation of Bratz dolls, and all subsequent Bratz dolls, are not substantially similar

20  to, derivative of, and/or a copy of any work performed or created by Carter Bryant

21  from October 4-October 20, 2000.

22          The following persons have knowledge of said facts: Isaac Larian;

23  Carter Bryant; Margaret Leahy; Veronica Marlow; Anna Rhee; Mercedeh Ward;

24  Sarah Halpern; Paula Treantafelles (Garcia); Steve Tarmichael; Rebecca Harris;

25  Cecilia Kwok; David Dees; Jesse Ramirez; and Samuel Wong.

26          The following documents may be relevant to these facts:  all

27  DOCUMENTS that refer to or evidence the work performed by MGA employees

28  and freelancers toward the reduction to practice of the first generation of Bratz dolls

12

EXHIBIT 27  PAGE 545

1  during the period after October 20, 2000 through June 1, 2001, including but not

2  limited to: Carter Bryant's drawings; the Bratz dolls; My Scene dolls;

3  DOCUMENTS evidencing the development of the first generation of Bratz dolls by

4  employees and freelance artists working for MGA; and invoices submitted by

5  freelancers for work performed on the Bratz Project.  The documents evidencing this

6  work are too numerous to identify individually.

7  **INTERROGATORY NO. 43:**

8         For each concept, design, product, product packaging or other matter

9  that YOU contend MATTEL copied or infringed, including but not limited to those

10  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

11  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

12  Supplemental Responses to such Interrogatory), state the date that each such concept,

13  design, product, product packaging or other matter was conceived, and IDENTIFY

14  all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

15  TO, the foregoing.

16  **RESPONSE TO INTERROGATORY NO. 43:**

17         MGA (Mexico) incorporates by reference its General Response and

18  General Objections above, as though fully set forth herein and specifically

19  incorporates General Objection No. 7 (regarding Definitions), including without

20  limitation its objections to the terms IDENTIFY and REFER OR RELATE.

21         MGA (Mexico) also objects to this interrogatory to the extent it seeks

22  information that is not subject to disclosure under any applicable privilege, doctrine

23  or immunity, including without limitation the attorney-client privilege, the work

24  product doctrine, the right of privacy, and all other privileges recognized under the

25  constitutional, statutory or decisional law of the United States of America, the State

26  of California or any other applicable jurisdiction.  MGA (Mexico) further objects to

27  the interrogatory to the extent it calls for a legal conclusion.

28         MGA (Mexico) also objects to this interrogatory on the ground that it is

13

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS    NO. CV 04-9049 SGL (RNBx)

EXHIBIT  27  PAGE  546

1  premature because the invention, creation, conception, or reduction to practice of

2  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

3  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

4  testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will

5  identify its experts and make related disclosures in accordance with the Court's

6  orders and applicable rules.

7        MGA (Mexico) further objects to this interrogatory to the extent that it

8  seeks information that is not relevant to the claims or defenses of any party to this

9  action and is not reasonably calculated to lead to the discovery of admissible

10  evidence; the term "conceived" is not a legal term of art that is relevant to MGA

11  (Mexico)'s affirmative claims for false designation of origin, affiliation, association

12  or sponsorship, unfair competition, dilution, and unjust enrichment.

13        MGA (Mexico) further objects to the extent that this interrogatory seeks

14  information that is outside MGA (Mexico)'s knowledge and is not in MGA

15  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

16  this interrogatory to the extent that it requests that MGA (Mexico) "IDENTIFY *all*

17  PERSONS…and *all* DOCUMENTS" (emphasis added).

18        MGA (Mexico) further objects to this interrogatory because Mattel has

19  propounded more than 50 interrogatories.  Under Judge Larson's order of February

20  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

21  04049-SGL and CV 05-02727]."

22        Subject to and without waiving the foregoing objections, MGA

23  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

24  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

25  responses to MGA's First Set of Interrogatories.

26  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 43:**

27        MGA (Mexico) incorporates by reference its General Response and

28  General Objections above, as though fully set forth herein and specifically

EXHIBIT 27 PAGE 547

1   incorporates General Objection No. 7 (regarding Definitions), including without

2   limitation its objections to the terms IDENTIFY and REFER OR RELATE.

3          MGA (Mexico) also objects to this interrogatory to the extent it seeks

4   information that is not subject to disclosure under any applicable privilege, doctrine

5   or immunity, including without limitation the attorney-client privilege, the work

6   product doctrine, the right of privacy, and all other privileges recognized under the

7   constitutional, statutory or decisional law of the United States of America, the State

8   of California or any other applicable jurisdiction.  MGA (Mexico) further objects to

9   the interrogatory to the extent it calls for a legal conclusion.

10          MGA (Mexico) also objects to this interrogatory on the ground that it is

11   premature because the invention, creation, conception, or reduction to practice of

12   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

13   (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

14   testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will

15   identify its experts and make related disclosures in accordance with the Court's

16   orders and applicable rules.

17          MGA (Mexico) further objects to this interrogatory to the extent that it

18   seeks information that is not relevant to the claims or defenses of any party to this

19   action and is not reasonably calculated to lead to the discovery of admissible

20   evidence; the term "conceived" is not a legal term of art that is relevant to MGA

21   (Mexico)'s affirmative claims for false designation of origin, affiliation, association

22   or sponsorship, unfair competition, dilution, and unjust enrichment.

23          MGA (Mexico) further objects to the extent that this interrogatory seeks

24   information that is outside MGA (Mexico)'s knowledge and is not in MGA

25   (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

26   this interrogatory to the extent that it requests that MGA (Mexico) "IDENTIFY *all*

27   PERSONS...and *all* DOCUMENTS" (emphasis added).

28          Subject to and without waiving the foregoing objections, MGA

15

EXHIBIT 27 PAGE 548

1  (Mexico) responds as follows:

2       The interrogatory appears to be directed to other parties.  MGA

3  (Mexico) does not assert claims of copying or infringement against Mattel.  MGA

4  will respond to this interrogatory.

5  **INTERROGATORY NO. 44:**

6       For each concept, design, product, product packaging or other matter

7  that YOU contend MATTEL copied or infringed, including but not limited to those

8  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

9  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

10 Supplemental Responses to such Interrogatory), state the date that each such concept,

11 design, product, product packaging or other matter was first fixed in any tangible

12 medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

13 and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

14 **RESPONSE TO INTERROGATORY NO. 44:**

15      MGA (Mexico) incorporates by reference its General Response and

16 General Objections above, as though fully set forth herein and specifically

17 incorporates General Objection No. 7 (regarding Definitions), including without

18 limitation its objections to the terms IDENTIFY and REFER OR RELATE.  MGA

19 (Mexico) also objects to this interrogatory to the extent it seeks information that is

20 not subject to disclosure under any applicable privilege, doctrine or immunity,

21 including without limitation the attorney-client privilege, the work product doctrine,

22 the right of privacy, and all other privileges recognized under the constitutional,

23 statutory or decisional law of the United States of America, the State of California or

24 any other applicable jurisdiction.  MGA (Mexico) also objects to this interrogatory to

25 the extent that it calls for a legal conclusion.

26      MGA (Mexico) also objects to this interrogatory on the ground that it is

27 premature because the invention, creation, conception, or reduction to practice of

28 Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

EXHIBIT 27 PAGE 549

1  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

2  testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will

3  identify its experts and make related disclosures in accordance with the Court's

4  orders and applicable rules.

5        MGA (Mexico) further objects to this interrogatory to the extent that it

6  seeks information that is not relevant to the claims or defenses of any party to this

7  action and not reasonably calculated to lead to the discovery of admissible evidence

8  because the phrase "fixed in a tangible medium of expression" is a legal term of art

9  that does not have relevance to MGA (Mexico)'s affirmative claims, which are for

10  false designation of origin, affiliation, association or sponsorship, unfair competition,

11  dilution, and unjust enrichment.

12        MGA (Mexico) further objects to the extent that this interrogatory seeks

13  information that is outside MGA (Mexico)'s knowledge and is not in MGA

14  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

15  this interrogatory to the extent that it requests that MGA (Mexico) "IDENTIFY all

16  PERSONS…and all DOCUMENTS" (emphasis added).

17        MGA (Mexico) further objects to this interrogatory because Mattel has

18  propounded more than 50 interrogatories.  Under Judge Larson's order of February

19  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

20  04049-SGL and CV 05-02727]."

21        Subject to and without waiving the foregoing objections, MGA

22  (Mexico) responds as follows:  MGA (Mexico) is willing to meet and confer with

23  Mattel regarding this interrogatory and the obligation of Mattel to supplement its

24  responses to MGA's First Set of Interrogatories.

25  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 44:**

26        MGA (Mexico) incorporates by reference its General Response and

27  General Objections above, as though fully set forth herein and specifically

28  incorporates General Objection No. 7 (regarding Definitions), including without

17

EXHIBIT 27 PAGE 550

1  limitation its objections to the terms IDENTIFY and REFER OR RELATE.  MGA

2  (Mexico) also objects to this interrogatory to the extent it seeks information that is

3  not subject to disclosure under any applicable privilege, doctrine or immunity,

4  including without limitation the attorney-client privilege, the work product doctrine,

5  the right of privacy, and all other privileges recognized under the constitutional,

6  statutory or decisional law of the United States of America, the State of California or

7  any other applicable jurisdiction.  MGA (Mexico) also objects to this interrogatory to

8  the extent that it calls for a legal conclusion.

9          MGA (Mexico) also objects to this interrogatory on the ground that it is

10  premature because the invention, creation, conception, or reduction to practice of

11  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

12  (Mexico) objects to this interrogatory to the extent it seeks to limit the expert

13  testimony that MGA (Mexico) may seek to introduce at trial.  MGA (Mexico) will

14  identify its experts and make related disclosures in accordance with the Court's

15  orders and applicable rules.

16          MGA (Mexico) further objects to this interrogatory to the extent that it

17  seeks information that is not relevant to the claims or defenses of any party to this

18  action and not reasonably calculated to lead to the discovery of admissible evidence

19  because the phrase "fixed in a tangible medium of expression" is a legal term of art

20  that does not have relevance to MGA (Mexico)'s affirmative claims, which are for

21  false designation of origin, affiliation, association or sponsorship, unfair competition,

22  dilution, and unjust enrichment.

23          MGA (Mexico) further objects to the extent that this interrogatory seeks

24  information that is outside MGA (Mexico)'s knowledge and is not in MGA

25  (Mexico)'s possession, custody, or control.  In particular, MGA (Mexico) objects to

26  this interrogatory to the extent that it requests that MGA (Mexico) "IDENTIFY all

27  PERSONS...and all DOCUMENTS" (emphasis added).

28          Subject to and without waiving the foregoing objections, MGA

18

EXHIBIT   27   PAGE 551

1  (Mexico) responds as follows:

2        The interrogatory appears to be directed to other parties.  MGA

3  (Mexico) does not assert claims of copying or infringement against Mattel.  MGA

4  will respond to this interrogatory.

5  DATED:  November 30, 2007

6

7              SKADDEN, ARPS, SLATE, MEAGHER &
            FLOM, LLP

8

9              By: _____
                  Thomas J. Nolan

10              Attorneys for Counter-Defendants, MGA
            ENTERTAINMENT, INC., ISAAC LARIAN,

11              MGA ENTERTAINMENT (HK) LIMITED,
            AND MGAE de MEXICO S.R.L. de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA MEXICO'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS   NO. CV 04-9049 SGL (RNBx)

EXHIBIT 27 PAGE 552