**EXHIBIT 28**



1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  E-mail:     rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11            UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                  EASTERN DIVISION

14 CARTER BRYANT, an individual      )  CASE NO. CV 04-9049 SGL (RNBx)
                                     )
15            Plaintiff,             )  Consolidated with Case No. 04-9059
                                     )  and Case No. 05-2727
16       v.                          )
                                     )  ISAAC LARIAN'S
17 MATTEL, INC., a Delaware          )  SUPPLEMENTAL RESPONSES
   corporation                       )  TO MATTEL, INC.'S
18                                   )  AMENDED FOURTH SET OF
            Defendant.               )  INTERROGATORIES
19                                   )
                                     )  Honorable Stephen G. Larson
20                                   )  Courtroom 1
                                     )
21                                   )
                                     )
22 Consolidated with MATTEL, INC. v. )  Discovery Cut-Off:  March 3, 2008
   BRYANT and MGA                    )
23 ENTERTAINMENT, INC. v.            )
   MATTEL, INC.                      )
24                                   )

25 PROPOUNDING PARTY:     MATTEL, INC. ("MATTEL")

26 RESPONDING PARTY:      ISAAC LARIAN

27 SET NUMBER:            AMENDED FOURTH

28
                              11/30

## PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that Isaac Larian ("Larian") is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of Larian's discovery regarding the information that Mattel seeks. Discovery and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead Larian to discover other information responsive to these Interrogatories. Larian therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence. Larian does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Interrogatories or any particular request therein, even where Larian has not otherwise objected to a particular interrogatory, or has agreed to provide information responsive to a particular interrogatory.

1

Exhibit 28      554

1   No incidental or implied admissions are intended by this Response.
2   These responses should not be taken as an admission that Larian accepts or admits
3   the existence of any facts set forth or assumed by any instruction, definition or
4   interrogatory.

5   **GENERAL OBJECTIONS**

6   Larian responds to these Interrogatories subject to the following general
7   objections and limitations, each of which is incorporated into each and every
8   response as though fully set forth therein:

9   1.   Larian objects to these Interrogatories to the extent they seek
10  information that is not subject to disclosure under any applicable privilege, doctrine
11  or immunity, including without limitation the attorney-client privilege, the work
12  product doctrine, the right of privacy, and all other privileges recognized under the
13  constitutional, statutory or decisional law of the United States of America, the State
14  of California or any other applicable jurisdiction.  Larian shall not produce such
15  information in response to Mattel's interrogatories.  Any disclosure of such protected
16  or privileged information is inadvertent and shall not be construed as a waiver of
17  those privileges or protections.  Larian reserves the right to correct the record with
18  regard to any such inadvertent disclosure, as provided for in the Protective Order
19  governing this case.

20  2.   Larian objects to these Interrogatories to the extent they seek
21  information not relevant to the claims or defenses of any party to this action and not
22  reasonably calculated to lead to the discovery of admissible evidence.

23  3.   Larian objects to these Interrogatories to the extent they seek
24  information which by reason of public filing or otherwise is already in Mattel's
25  possession or is readily accessible to Mattel.

26  4.   Larian objects to these Interrogatories to the extent they seek the
27  disclosure of information (1) not within his possession, custody or control; (2) that
28  Larian cannot locate after a reasonably diligent search; or (3) that refer to persons,

2

EXHIBIT 28   PAGE 555

1 entities, or events not known to Larian.  Such instructions, definitions, or requests are
2 objectionable where they seek to require more of Larian than any obligation imposed
3 by the Federal Rules of Civil Procedure; subject Larian to unreasonable and undue
4 annoyance, oppression, burden, and expense; and/or seek to impose upon Larian an
5 obligation to investigate or discover information or materials from sources equally
6 accessible to Mattel.

7      5.    Larian objects to these Interrogatories to the extent they are
8 overbroad and unduly burdensome.

9      6.    Larian objects to the definitions and instructions to the extent
10 such definitions and instructions purport to enlarge, expand, or alter in any way the
11 plain meaning and scope of any specific term or specific interrogatories on the
12 ground that such enlargement, expansion, or alteration renders such a term or request
13 vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or
14 uncertain.

15      7.    Larian objects to the terms YOU, YOUR, BRYANT, LARIAN,
16 MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,
17 BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ
18 MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE
19 TO on the grounds that these terms render the interrogatories overbroad, unduly
20 burdensome, vague and ambiguous and to the extent that they could be read to call
21 for legal conclusions in responding to the interrogatories, including, by way of
22 example and without limitation, as follows:

23      (a)    Larian objects to the definition of the term "BRATZ"
24 (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and
25 designed to mislead and confuse the trier of fact.  The definition includes "any
26 project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole
27 or in part and regardless of what such project, product or doll is or has been also,
28 previously or subsequently called) and any product, doll or DESIGN or any portion

3

EXHIBIT 28 PAGE 556

1  thereof that is now or has ever been known as, or sold or marketed under, the name

2  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

3  or DESIGN or portion thereof is or has been also, previously or subsequently called)

4  or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

5  version or iteration of such product, doll or DESIGN or any portion thereof," and it

6  goes on.  By incorporating the definition of DESIGN, the overly broad definition of

7  BRATZ includes two-dimensional and three-dimensional representations, including

8  "works, designs, artwork, sketches, drawings, illustrations, representations,

9  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

10  samples, rotocasts, reductions to practice, developments, inventions and/or

11  improvements . . . ."  (Definitions ¶ 8.)  These convoluted and multi-part definitions

12  combine to render the interrogatories vague, ambiguous and overly broad, and to

13  include within the term BRATZ things that do not fairly represent the Bratz line of

14  dolls, accessories and related products that are the subject of this case.  In responding

15  to these interrogatories, Larian will interpret the term BRATZ to mean the line of

16  dolls introduced by MGA to the market for sale in May or June of 2001 and

17  subsequent dolls, accessories and other products known as Bratz or associated by

18  Larian with the Bratz line of dolls;

19           (b)      Larian objects to the definition of the term "BRATZ

20  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

21  burdensome, and designed to mislead and confuse the trier of fact.  The definition

22  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

23  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

24  "BRATZ DOLL" unintelligible because Larian cannot know, by way of example,

25  what dolls may "deal with, comment on, respond to, . . . or pertain" (Definitions ¶

26  17) to "BRATZ."  In responding to these interrogatories, Larian will interpret the

27  term "BRATZ DOLL" to mean the line of dolls introduced by MGA to the market

28  for sale in May or June of 2001 and subsequent dolls known as Bratz;

1    (c)    Larian objects to the definition of the term "BASED ON"
2  as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead
3  and confuse the trier of fact. The definition strays far from the English meaning of
4  "based on" by including terms loaded with legal significance in intellectual property
5  law, such as "substantially similar to," or "a derivative of." In responding to these
6  interrogatories, Larian will not interpret the term "BASED ON," but rather will
7  respond using "based on" in its normal accepted meaning.

8    (d)    Larian objects to the terms "IDENTIFY" or "IDENTITY"
9  as overbroad, unduly burdensome, vague, ambiguous, and oppressive. Mattel's
10  definition of these terms inherently call for answers to multiple discrete questions or
11  subparts to questions. For example, when those terms are used to reference any
12  BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct
13  facts: (a) the full name of the product; (b) the number of the product; (c) the SKU of
14  the number; (d) any other applicable designation of the product useful for
15  identification; (e) the period of time during which the product was, has been, or will
16  be sold; and (f) the identity of each person who has licensed from YOU the right to
17  sell such BRATZ PRODUCT. Therefore, any interrogatory that includes or
18  incorporates the terms IDENTIFY or IDENTITY are necessarily compound and
19  should be posed as separate interrogatories.

20    (e)    Larian objects to the term "any" and "REFER OR
21  RELATE TO" on the grounds and to the extent that they are overbroad, unduly
22  burdensome, and/or are vague and ambiguous in the context of the interrogatories as
23  written and as those interrogatories would be plainly understood absent Mattel's
24  definitions.

25    8.    Larian objects to these interrogatories to the extent that they may
26  unfairly seek to restrict the facts on which Larian may rely at trial. Discovery has
27  not been completed and Larian is not yet necessarily in possession of all the facts and
28  documents upon which Larian intends to rely. All of the responses submitted

5

EXHIBIT 28  PAGE 558

1  herewith are tendered to Mattel with the reservation that the responses are submitted

2  without limiting the evidence on which Larian may rely to support the contentions

3  and defenses that Larian may assert at the trial of this action and to rebut or impeach

4  the contentions, assertions and evidence that Mattel may present. Larian reserves the

5  right to supplement or amend these responses at a future date.

6          9.     Larian objects to each interrogatory to the extent that it seeks

7  information that will be the subject of expert witness testimony and that is therefore

8  premature.

9          10.    In responding to these interrogatories, Larian has not and will not

10  comply with any instructions or definitions that seek to impose requirements in

11  addition to those imposed by the Federal Rules of Civil Procedure and any applicable

12  local rule, any orders entered by the Court in this Action, or other applicable law.

13          11.    Consistent with Rule 33(d) of the Federal Rules of Civil

14  Procedure, Larian objects to providing responses to interrogatories that can be

15  derived from documents that have or will be produced (when requested in

16  compliance with Rule 26) and where the burden to derive such information is

17  substantially the same for Mattel as it is for Larian.

18          12.    Larian objects to each interrogatory to the extent that it seeks the

19  disclosure of confidential, proprietary, or trade-secret information.

20          13.    Larian objects to each interrogatory to the extent that it calls for a

21  legal conclusion.

22          14.    Larian objects to several of those interrogatories that appear to be

23  directed at other parties to the litigation and not to Larian, given the nature of the

24  claims asserted against Larian in this case.

25          15.    Larian reserves the right to object on any ground at any time to

26  such other or supplemental discovery requests as Mattel may propound involving or

27  relating to the same subject matter of these interrogatories.

28          16.    To the extent Larian responds to an interrogatory, he does so

EXHIBIT 28 PAGE 559

1  without waiving or intending to waive but rather, on the contrary, preserving and

2  intending to preserve, his contention that anything Mr. Bryant did on weekends,

3  evenings, vacation and any other time outside ordinary business hours was not done

4  while he was working for Mattel. Larian's response may not be taken as an

5  admission that the information he provides in his response in any way reflects or

6  evidences work performed by Mr. Bryant while he was working for Mattel or that

7  Larian adopts or agrees with any fact or legal conclusion assumed, presumed or

8  contained in Mattel's interrogatory.

9        17.   Larian objects to each of Mattel's interrogatories because Mattel

10  has propounded more than 50 interrogatories, including discrete subparts. Under

11  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

12  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

13        18.   Larian's responses are made based on his understanding and

14  interpretation of each interrogatory. Larian reserves the right to supplement its

15  objections and responses should Mattel subsequently put forth an interpretation of

16  any interrogatory that differs from those of Larian.

17  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

18        Without waiving or departing from his General Response and General

19  Objections, and specifically incorporating them in his response to each Interrogatory

20  below, Larian makes the following additional objections and responses to specific

21  Interrogatories:

22  **INTERROGATORY NO. 42:**

23        State all facts that support YOUR contention, if YOU so contend, that

24  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

25  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

26  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

27  **RESPONSE TO INTERROGATORY NO. 42:**

28        Larian incorporates by reference his General Response and General

7

EXHIBIT 28 PAGE 560

1 Objections above, as though fully set forth herein and specifically incorporates

2 General Objection No. 7 (regarding Definitions), including without limitation

3 Larian's objection to the definition of the terms BASED ON, BRATZ DOLLS,

4 BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and further objects to

5 this interrogatory on the ground that it is overbroad, unduly burdensome, vague and

6 ambiguous.

7 　　　　　Larian also objects to this interrogatory to the extent it seeks

8 information that is not subject to disclosure under any applicable privilege, doctrine

9 or immunity, including without limitation the attorney-client privilege, the work

10 product doctrine, the right of privacy, and all other privileges recognized under the

11 constitutional, statutory or decisional law of the United States of America, the State

12 of California or any other applicable jurisdiction.  Larian objects to this interrogatory

13 to the extent it calls for a legal conclusion.

14 　　　　　Larian further objects to this interrogatory on the ground that it is

15 premature because the invention, creation, conception, or reduction to practice of

16 Bratz (and other legal concepts that may be relevant) will be the subject of expert

17 testimony at trial.  Larian objects to this interrogatory to the extent it seeks to limit

18 the expert testimony that Larian may seek to introduce at trial.  Larian will identify

19 his experts and make related disclosures in accordance with the Court's orders and

20 applicable rules.

21 　　　　　Larian further objects to this interrogatory on the grounds that it seeks

22 information that is not relevant to the claims or defenses of any party to the action

23 and is not reasonably calculated to lead to the discovery of admissible evidence

24 because the INVENTIONS AGREEMENT executed by Carter Bryant in or around

25 January 1999, purports to state that any inventions conceived or reduced to practice

26 by him during his employment with Mattel would be owned by Mattel.  The

27 references to the conception and reduction to practice of an invention are terms of art

28 in patent law.  Accordingly, copyright law principles of substantial similarity,

8

EXHIBIT 28 PAGE 561

1  copying, and derivative works are not relevant to the INVENTIONS AGREEMENT
2  which, by its terms, involves only principles of patent law.

3      Larian further objects on the ground that this interrogatory is an
4  overbroad and unduly burdensome contention interrogatory to the extent it asks for
5  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
6  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
7  requests seeking "all facts, documents, and witnesses that support the denial of a
8  statement or allegation of fact" because the "universe of potentially responsive
9  information is almost endless").

10      Larian further objects to the extent that this interrogatory seeks
11  information that is outside Larian's knowledge and is not in Larian's possession,
12  custody, or control.  In particular, Larian objects to this interrogatory to the extent
13  that it requests that Larian "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*
14  DOCUMENTS" (emphasis added).

15      Larian further objects to this interrogatory because Mattel has
16  propounded more than 50 interrogatories.  Under Judge Larson's order of February
17  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
18  04049-SGL and CV 05-02727]."

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 42:**

20      Larian incorporates by reference his General Response and General
21  Objections above, as though fully set forth herein and specifically incorporates
22  General Objection No. 7 (regarding Definitions), including without limitation
23  Larian's objection to the definition of the terms BASED ON, BRATZ DOLLS,
24  BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and further objects to
25  this interrogatory on the ground that it is overbroad, unduly burdensome, vague and
26  ambiguous.

27      Larian also objects to this interrogatory to the extent it seeks
28  information that is not subject to disclosure under any applicable privilege, doctrine

9

EXHIBIT 28 PAGE 562

1 | or immunity, including without limitation the attorney-client privilege, the work

2 | product doctrine, the right of privacy, and all other privileges recognized under the

3 | constitutional, statutory or decisional law of the United States of America, the State

4 | of California or any other applicable jurisdiction. Larian objects to this interrogatory

5 | to the extent it calls for a legal conclusion.

6 |      Larian further objects to this interrogatory on the ground that it is

7 | premature because the invention, creation, conception, or reduction to practice of

8 | Bratz (and other legal concepts that may be relevant) will be the subject of expert

9 | testimony at trial. Larian objects to this interrogatory to the extent it seeks to limit

10 | the expert testimony that Larian may seek to introduce at trial. Larian will identify

11 | his experts and make related disclosures in accordance with the Court's orders and

12 | applicable rules.

13 |      Larian further objects to this interrogatory on the grounds that it seeks

14 | information that is not relevant to the claims or defenses of any party to the action

15 | and is not reasonably calculated to lead to the discovery of admissible evidence

16 | because the INVENTIONS AGREEMENT executed by Carter Bryant in or around

17 | January 1999, purports to state that any inventions conceived or reduced to practice

18 | by him during his employment with Mattel would be owned by Mattel. The

19 | references to the conception and reduction to practice of an invention are terms of art

20 | in patent law. Accordingly, copyright law principles of substantial similarity,

21 | copying, and derivative works are not relevant to the INVENTIONS AGREEMENT

22 | which, by its terms, involves only principles of patent law.

23 |      Larian further objects on the ground that this interrogatory is an

24 | overbroad and unduly burdensome contention interrogatory to the extent it asks for

25 | "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*

26 | *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

27 | requests seeking "all facts, documents, and witnesses that support the denial of a

28 | statement or allegation of fact" because the "universe of potentially responsive

EXHIBIT 28 PAGE 563

1  information is almost endless").

2       Larian further objects to the extent that this interrogatory seeks

3  information that is outside Larian's knowledge and is not in Larian's possession,

4  custody, or control.  In particular, Larian objects to this interrogatory to the extent

5  that it requests that Larian "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

6  DOCUMENTS" (emphasis added).

7       Subject to and without waiving the foregoing objections, Larian

8  responds as follows:

9       Should there be a finding that any intellectual property rights associated

10  with the drawings completed by Carter Bryant in August or September, 1998, and/or

11  subsequent drawings, sketches, and/or representations that Bryant created prior to

12  October 4, 2000, are owned by Mattel, it is Larian's position that the first generation

13  of Bratz dolls, first "reduced to practice," and first expressed in a tangible medium,

14  after October 20, 2000, and all subsequent Bratz dolls, are not substantially similar

15  to, are not a copy of, and are not derivative of Carter Bryant's aforementioned works.

16       Larian further responds that said first generation of Bratz dolls differ

17  markedly and significantly from the drawings or designs completed by Carter Bryant

18  prior to October 19, 2000.  First, with respect to the three-dimensional "dummy" to

19  which Bryant referred at his deposition, it had no material resemblance to the first

20  generation of Bratz dolls.  Second, with respect to Carter Bryant's drawings, Larian

21  points out that two-dimensional drawings do not translate into three-dimensional

22  dolls without original, creative effort.  Third, there are recognizable and material

23  differences in the total overall look and feel of the first generation Bratz dolls

24  compared to Carter Bryant's drawings completed prior to October 21, 2000.  Fourth,

25  there are recognizable and material differences in individual elements of the first

26  generation Bratz dolls compared to Carter Bryant's drawings completed prior to

27  October 21, 2000, including, but not limited to, with respect to the following: hair

28  styles; hair colors; facial expression; depiction of noses; eye art; extent of detail of

EXHIBIT 28 PAGE 564

1   eye art; lip art; eyebrow art; proportions of the bodies; posture; spatial arrangement
2   of hands; wrists and arms; and proportions and spatial arrangements of the eyes,
3   noses, and mouths.  Additional details regarding such differences will be the subject
4   of expert disclosures and will be provided at a later time.

5          With respect to any design relating to the Bratz concept that Carter
6   Bryant may have contributed after October 4, 2000 and before October 21, 2000, i.e.,
7   during a period that he was performing such services for MGA pursuant to a
8   freelance contract, Larian notes that any such design would have incorporated the
9   original and/or creative input of other artists working for or on behalf of MGA on the
10  Bratz concept, which was owned by MGA as a consequence of the October 4, 2000
11  transfer of rights from Bryant to MGA.  In addition, the first generation of Bratz
12  dolls, and all subsequent Bratz dolls, are not substantially similar to, derivative of,
13  and/or a copy of any work performed or created by Carter Bryant from October 4-
14  October 20, 2000.

15         The following persons have knowledge of said facts: Isaac Larian;
16  Carter Bryant; Margaret Leahy; Veronica Marlow; Anna Rhee; Mercedeh Ward;
17  Sarah Halpern; Paula Treantafelles (Garcia); Steve Tarmichael; Rebecca Harris;
18  Cecilia Kwok; David Dees; Jesse Ramirez; and Samuel Wong.

19         The following documents may be relevant to these facts:  all
20  DOCUMENTS that refer to or evidence the work performed by MGA employees
21  and freelancers toward the reduction to practice of the first generation of Bratz dolls
22  during the period after October 20, 2000 through June 1, 2001, including but not
23  limited to: Carter Bryant's drawings; the Bratz dolls; My Scene dolls;
24  DOCUMENTS evidencing the development of the first generation of Bratz dolls by
25  employees and freelance artists working for MGA; and invoices submitted by
26  freelancers for work performed on the Bratz Project.  The documents evidencing this
27  work are too numerous to identify individually.

28

EXHIBIT 28 PAGE 565

**INTERROGATORY NO. 43:**

For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied or infringed, including but not limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other matter was conceived, and IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

**RESPONSE TO INTERROGATORY NO. 43:**

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objections to the terms IDENTIFY and REFER OR RELATE.

Larian also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to the interrogatory to the extent it calls for a legal conclusion.

Larian also objects to this interrogatory on the ground that it is premature because the invention, creation, conception, or reduction to practice of Bratz (and related issues) will be the subject of expert testimony at trial. Larian objects to this interrogatory to the extent it seeks to limit the expert testimony that Larian may seek to introduce at trial. Larian will identify his experts and make related disclosures in accordance with the Court's orders and applicable rules.

Larian further objects to this interrogatory to the extent that it seeks

13

EXHIBIT 28 PAGE 566

1  information that is not relevant to the claims or defenses of any party to this action

2  and is not reasonably calculated to lead to the discovery of admissible evidence; the

3  term "conceived" is not a legal term of art that is relevant to Larian's affirmative

4  claims for false designation of origin, affiliation, association or sponsorship, unfair

5  competition, dilution, and unjust enrichment.

6         Larian further objects to the extent that this interrogatory seeks

7  information that is outside Larian's knowledge and is not in Larian's possession,

8  custody, or control.  In particular, Larian objects to this interrogatory to the extent

9  that it requests that Larian "IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

10  (emphasis added).

11         Larian further objects to this interrogatory because Mattel has

12  propounded more than 50 interrogatories.  Under Judge Larson's order of February

13  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

14  04049-SGL and CV 05-02727]."

15         Subject to and without waiving the foregoing objections, Larian

16  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

17  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

18  Set of Interrogatories.

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 43:**

20         Larian incorporates by reference his General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 7 (regarding Definitions), including without limitation its

23  objections to the terms IDENTIFY and REFER OR RELATE.

24         Larian also objects to this interrogatory to the extent it seeks

25  information that is not subject to disclosure under any applicable privilege, doctrine

26  or immunity, including without limitation the attorney-client privilege, the work

27  product doctrine, the right of privacy, and all other privileges recognized under the

28  constitutional, statutory or decisional law of the United States of America, the State

14

EXHIBIT  25  PAGE  567

1   of California or any other applicable jurisdiction.  Larian further objects to the

2   interrogatory to the extent it calls for a legal conclusion.

3          Larian also objects to this interrogatory on the ground that it is

4   premature because the invention, creation, conception, or reduction to practice of

5   Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

6   objects to this interrogatory to the extent it seeks to limit the expert testimony that

7   Larian may seek to introduce at trial.  Larian will identify his experts and make

8   related disclosures in accordance with the Court's orders and applicable rules.

9          Larian further objects to this interrogatory to the extent that it seeks

10  information that is not relevant to the claims or defenses of any party to this action

11  and is not reasonably calculated to lead to the discovery of admissible evidence; the

12  term "conceived" is not a legal term of art that is relevant to Larian's affirmative

13  claims for false designation of origin, affiliation, association or sponsorship, unfair

14  competition, dilution, and unjust enrichment.

15         Larian further objects to the extent that this interrogatory seeks

16  information that is outside Larian's knowledge and is not in Larian's possession,

17  custody, or control.  In particular, Larian objects to this interrogatory to the extent

18  that it requests that Larian "IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

19  (emphasis added).

20         Subject to and without waiving the foregoing objections, Larian

21  responds as follows:

22         The interrogatory appears to be directed to other parties.  Larian does

23  not assert claims of copying or infringement against Mattel.  MGA will respond to

24  this interrogatory.

25  **INTERROGATORY NO. 44:**

26         For each concept, design, product, product packaging or other matter

27  that YOU contend MATTEL copied or infringed, including but not limited to those

28  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

EXHIBIT 28   PAGE 568

1   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

2   Supplemental Responses to such Interrogatory), state the date that each such concept,

3   design, product, product packaging or other matter was first fixed in any tangible

4   medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

5   and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

6   **RESPONSE TO INTERROGATORY NO. 44:**

7          Larian incorporates by reference his General Response and General

8   Objections above, as though fully set forth herein and specifically incorporates

9   General Objection No. 7 (regarding Definitions), including without limitation its

10  objections to the terms IDENTIFY and REFER OR RELATE.  Larian also objects to

11  this interrogatory to the extent it seeks information that is not subject to disclosure

12  under any applicable privilege, doctrine or immunity, including without limitation

13  the attorney-client privilege, the work product doctrine, the right of privacy, and all

14  other privileges recognized under the constitutional, statutory or decisional law of

15  the United States of America, the State of California or any other applicable

16  jurisdiction.  Larian also objects to this interrogatory to the extent that it calls for a

17  legal conclusion.

18         Larian also objects to this interrogatory on the ground that it is

19  premature because the invention, creation, conception, or reduction to practice of

20  Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

21  objects to this interrogatory to the extent it seeks to limit the expert testimony that

22  Larian may seek to introduce at trial.  Larian will identify his experts and make

23  related disclosures in accordance with the Court's orders and applicable rules.

24         Larian further objects to this interrogatory to the extent that it seeks

25  information that is not relevant to the claims or defenses of any party to this action

26  and not reasonably calculated to lead to the discovery of admissible evidence

27  because the phrase "fixed in a tangible medium of expression" is a legal term of art

28  that does not have relevance to Larian's affirmative claims, which are for false

16

EXHIBIT 28   PAGE 569

1  designation of origin, affiliation, association or sponsorship, unfair competition,

2  dilution, and unjust enrichment.

3        Larian further objects to the extent that this interrogatory seeks

4  information that is outside Larian's knowledge and is not in Larian's possession,

5  custody, or control.  In particular, Larian objects to this interrogatory to the extent

6  that it requests that Larian "IDENTIFY all PERSONS...and all DOCUMENTS"

7  (emphasis added).

8        Larian further objects to this interrogatory because Mattel has

9  propounded more than 50 interrogatories.  Under Judge Larson's order of February

10  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

11  04049-SGL and CV 05-02727]."

12        Subject to and without waiving the foregoing objections, Larian

13  responds as follows:  Larian is willing to meet and confer with Mattel regarding this

14  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

15  Set of Interrogatories.

16  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 44:**

17        Larian incorporates by reference his General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 7 (regarding Definitions), including without limitation its

20  objections to the terms IDENTIFY and REFER OR RELATE.  Larian also objects to

21  this interrogatory to the extent it seeks information that is not subject to disclosure

22  under any applicable privilege, doctrine or immunity, including without limitation

23  the attorney-client privilege, the work product doctrine, the right of privacy, and all

24  other privileges recognized under the constitutional, statutory or decisional law of

25  the United States of America, the State of California or any other applicable

26  jurisdiction.  Larian also objects to this interrogatory to the extent that it calls for a

27  legal conclusion.

28        Larian also objects to this interrogatory on the ground that it is

17

LARIAN'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS        NO. CV 04-9049 SGL (RNBx)

EXHIBIT 28 PAGE 570

1  premature because the invention, creation, conception, or reduction to practice of

2  Bratz (and related issues) will be the subject of expert testimony at trial.  Larian

3  objects to this interrogatory to the extent it seeks to limit the expert testimony that

4  Larian may seek to introduce at trial.  Larian will identify his experts and make

5  related disclosures in accordance with the Court's orders and applicable rules.

6          Larian further objects to this interrogatory to the extent that it seeks

7  information that is not relevant to the claims or defenses of any party to this action

8  and not reasonably calculated to lead to the discovery of admissible evidence

9  because the phrase "fixed in a tangible medium of expression" is a legal term of art

10  that does not have relevance to Larian's affirmative claims, which are for false

11  designation of origin, affiliation, association or sponsorship, unfair competition,

12  dilution, and unjust enrichment.

13          Larian further objects to the extent that this interrogatory seeks

14  information that is outside Larian's knowledge and is not in Larian's possession,

15  custody, or control.  In particular, Larian objects to this interrogatory to the extent

16  that it requests that Larian "IDENTIFY all PERSONS…and all DOCUMENTS"

17  (emphasis added).

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 28          PAGE  571

1       Subject to and without waiving the foregoing objections, Larian

2   responds as follows:

3       The interrogatory appears to be directed to other parties.  Larian does

4   not assert claims of copying or infringement against Mattel.  MGA will respond to

5   this interrogatory.

6   DATED:  November 30, 2007

7

8                           SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM, LLP

9                           By: _____
10                               Thomas J. Nolan
                            Attorneys for Counter-Defendants, MGA
11                          ENTERTAINMENT, INC., ISAAC LARIAN,
                            MGA ENTERTAINMENT (HK) LTD., and
12                          MGAE de MEXICO S.R.L. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LARIAN'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 28 PAGE 572

**EXHIBIT 29**

1   THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
   Los Angeles, CA  90071-3144
3   Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4   E-mail:    tnolan@skadden.com

5   RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7   Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8   E-mail:    rkennedy@skadden.com

9   Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10  (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11               UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                 EASTERN DIVISION

| | |
|---|---|
| 14  CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| 15         Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| 16    v. | MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL |
| 17  MATTEL, INC., a Delaware corporation | RESPONSES TO MATTEL, INC.'S SEVENTH SET OF |
| 18         Defendant. | INTERROGATORIES |
| 19 | Honorable Stephen G. Larson Courtroom 1 |
| 20 | |
| 21  Consolidated with MATTEL, INC. v. BRYANT and MGA | Discovery Cut-Off:  March 3, 2008 |
| 22  ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 23 | |

24  PROPOUNDING PARTY:    MATTEL, INC. ("MATTEL")

25  RESPONDING PARTY:    MGA ENTERTAINMENT, INC.

26  SET NUMBER:        SEVENTH

27

28



4130

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

EXHIBIT 29  PAGE 573

## PRELIMINARY STATEMENT

1                  The General Response set forth herein applies to all responses that

2  MGA Entertainment, Inc. ("MGA") is providing in response to these interrogatories

3  or may in the future provide in response to any discovery request in this action.  The

4  Response is made without waiving, or intending to waive but, on the contrary,

5  expressly reserving:  (a) the right to object, on the grounds of competency, privilege,

6  relevancy or materiality, or any other proper grounds, to the use of the Response, for

7  any purpose in whole or in part, in any subsequent step or proceeding in this action

8  or any other action; (b) the right to object on any and all grounds, at any time, to

9  other interrogatories or other discovery procedures; and (c) the right at any time to

10  revise, correct, add to, or clarify any of the responses propounded herein.

11                  The Response reflects only the present state of MGA's discovery

12  regarding the information that Mattel seeks.  Discovery and other investigation or

13  research concerning this litigation are continuing.  It is anticipated that further

14  discovery, independent investigation, and legal research and analysis will supply

15  additional facts and meaning to the known facts, as well as establish entirely new

16  factual conclusions, all of which may lead MGA to discover other information

17  responsive to these interrogatories.  MGA therefore reserves the right to amend or

18  supplement this Response at any time in light of future investigation, research or

19  analysis, and also expressly reserves the right to rely on, at any time, including trial,

20  subsequently discovered information omitted from this Response as a result of

21  mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

22  acquiesce in any factual or legal contention, assertion or characterization contained

23  in the Interrogatories or any particular request therein, even where MGA has not

24  otherwise objected to a particular interrogatory, or has agreed to provide information

25  responsive to a particular interrogatory.

26                  No incidental or implied admissions are intended by this Response.

27  These responses should not be taken as an admission that MGA accepts or admits the

1

EXHIBIT 29

574

1  existence of any facts set forth or assumed by any instruction, definition or
2  interrogatory.

## **GENERAL OBJECTIONS**

4         MGA responds to these interrogatories subject to the following general
5  objections and limitations, each of which is incorporated into each and every
6  response as though fully set forth therein:

7         1.    MGA objects to these interrogatories to the extent they seek
8  information that is not subject to disclosure under any applicable privilege, doctrine
9  or immunity, including without limitation the attorney-client privilege, the work
10 product doctrine, the right of privacy, and all other privileges recognized under the
11 constitutional, statutory or decisional law of the United States of America, the State
12 of California or any other applicable jurisdiction.

13        2.    MGA objects to these interrogatories to the extent they seek
14 information not relevant to the claims or defenses of any party to this action and not
15 reasonably calculated to lead to the discovery of admissible evidence.

16        3.    MGA objects to these interrogatories to the extent they seek
17 information which by reason of public filing or otherwise is already in Mattel's
18 possession or is readily accessible to Mattel.

19        4.    MGA objects to these interrogatories to the extent they seek the
20 disclosure of information (1) not currently within its possession, custody or control;
21 (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to
22 persons, entities, or events not known to MGA.  Such instructions, definitions, or
23 requests are objectionable where they seek to require more of MGA than any
24 obligation imposed by the Federal Rules of Civil Procedure; subject MGA to
25 unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to
26 impose upon MGA an obligation to investigate or discover information or materials
27 from sources equally accessible to Mattel.

28

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

EXHIBIT 29 PAGE 575

5.     MGA objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.     MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

7.     MGA objects to the following definitions in these interrogatories:

(a)     MGA objects to the definition of the terms "IDENTIFY" or "IDENTITY" (Definitions ¶ 10) as overbroad, unduly burdensome, vague and ambiguous, and oppressive. Mattel's definition of these terms inherently calls for answers to multiple discrete questions or subparts to questions. For example, as those terms are used with reference to a protectibility of a trade dress (Definitions ¶ 10(f)), the use of those terms request at least four different and distinct facts:  (a) all facts that support YOUR contention that such trade dress is inherently distinctive or has acquired secondary meaning and that such trade dress is famous; (b) the date that YOU contend such trade dress acquired secondary meaning and, if YOU contend the trade dress is famous, the date on which YOU contend that it became famous; (c) all facts that support YOUR contention that such trade dress is not functional; and (d) if YOU are relying on advertising to establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or anyone acting on YOUR behalf on advertising that features such trade dress.  Therefore, any interrogatory that includes or incorporates the terms "IDENTIFY" or "IDENTITY" is necessarily compound, and should be posed as separate interrogatories;

(b)     MGA also objects to the term "any" (Definitions ¶ 11) on the grounds and to the extent it is overbroad, unduly burdensome, and/or is vague and ambiguous in the context of the interrogatories as written and as those interrogatories would be plainly understood absent Mattel's definitions;

3

EXHIBIT 29

576

1          (c)    MGA objects to the definition of the terms "SOLD,"

2  "SELL" or "SALE" (Definitions ¶ 6) as overbroad, unduly burdensome, vague and

3  ambiguous, and oppressive and strays far from the English meaning of the terms by

4  including concepts such as distribution, licensing and marketing, which are distinct

5  from selling.  MGA will interpret the terms "SOLD," "SELL" or "SALE" consistent

6  with their ordinary, common usages.

7          8.    MGA objects to these interrogatories to the extent they may

8  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

9  been completed and MGA is not yet necessarily in possession of all the facts and

10  documents upon which MGA intends to rely.  All of the responses submitted

11  herewith are tendered to Mattel with the reservation that the responses are submitted

12  without limiting the evidence on which MGA may rely to support the contentions

13  and defenses that MGA may assert at the trial of this action and to rebut or impeach

14  the contentions, assertions and evidence that Mattel may present.  MGA reserves the

15  right to supplement or amend these responses at a future date.

16          9.    MGA objects to each interrogatory to the extent it seeks

17  information that will be the subject of expert witness testimony and that is therefore

18  premature.

19          10.    MGA objects to each interrogatory to the extent it calls for a legal

20  conclusion.

21          11.    MGA objects to each interrogatory to the extent it seeks the

22  disclosure of confidential, proprietary, or trade-secret information.

23          12.    MGA reserves the right to object on any ground at any time to

24  such other supplemental discovery requests as Mattel may propound involving or

25  relating to the same subject matter of these interrogatories.

26          13.    In responding to these interrogatories, MGA has not complied

27  and will not comply with any instructions or definitions that seek to impose

28  requirements in addition to those imposed by the Federal Rules of Civil Procedure,

EXHIBIT 29  PAGE 577

1 the local rules of this Court, any orders entered by the Court in this action, or other

2 applicable law.

3        14.     Consistent with Rule 33(d) of the Federal Rules of Civil

4 Procedure, MGA objects to providing responses to interrogatories that can be

5 derived from documents that have been or will be produced (when requested in

6 compliance with Rule 26) and where the burden of deriving such information is

7 substantially the same for Mattel as it is for MGA.

8        15.     MGA objects to the definitions, instructions, and interrogatories

9 to the extent they seek information that was prepared in anticipation of litigation,

10 constitutes attorney work product, discloses mental impressions, conclusions,

11 opinions or legal theories of any attorney for or otherwise representative of MGA,

12 contains privileged attorney-client communications, or is otherwise protected from

13 disclosure by any privileges, laws or rules. MGA shall not produce such information

14 in response to Mattel's interrogatories. Any disclosure of such protected or

15 privileged information is inadvertent and shall not be construed as a waiver of those

16 privileges or protections. MGA reserves the right to correct the record with regard to

17 any such inadvertent disclosure, as provided for in the Protective Order governing

18 this case.

19        16.     MGA objects to each of Mattel's interrogatories because Mattel

20 has propounded more than 50 interrogatories, including discrete subparts. Under

21 Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

22 side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

23        17.     The responses below shall not be construed as an admission as to

24 the relevance or admissibility of any statement or characterization contained in any

25 interrogatory. MGA reserves all objections, including without limitation, objections

26 as to competency, relevance, materiality, privilege, authenticity, or admissibility.

27        18.     To the extent MGA responds to an interrogatory, it does so

28 without waiving or intending to waive but rather, on the contrary, preserving and

EXHIBIT 29 PAGE 578

1 intending to preserve, its contention that anything Mr. Bryant did on weekends,

2 evenings, vacation and any other time outside ordinary business hours was not done

3 while he was working for Mattel. MGA's response may not be taken as an admission

4 that the information it provides in its response in any way reflects or evidences work

5 performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

6 agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

7 interrogatory.

8 **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

9 Without waiving or departing from its General Response and General

10 Objections, and specifically incorporating them in its response to each interrogatory

11 below, MGA makes the following additional objections and responses to specific

12 interrogatories:

13 **INTERROGATORY NO. 48:**

14 Separately IDENTIFY each trade dress that YOU contend MATTEL

15 has copied, infringed or diluted or that is otherwise the subject of YOUR claims,

16 defenses or allegations in THIS ACTION.

17 **RESPONSE TO INTERROGATORY NO. 48:**

18 MGA incorporates by reference its General Response and General

19 Objections above, as though fully set forth herein and specifically incorporates

20 General Objection No. 7 (regarding Definitions), including without limitation its

21 objection to the definitions of the terms "IDENTIFY" and "SOLD." MGA also

22 objects to this interrogatory to the extent it seeks information that is not subject to

23 disclosure under any applicable privilege, doctrine or immunity, including without

24 limitation the attorney-client privilege, the work product doctrine, the right of

25 privacy, and all other privileges recognized under the constitutional, statutory or

26 decisional law of the United States of America, the State of California or any other

27 applicable jurisdiction.

28 MGA further objects because the interrogatory additionally contains

6

EXHIBIT   29   PAGE   579

1   discrete subparts that require separate, distinct and multiple responses through
2   defined terms.  Specifically, Mattel's definitions of the terms "IDENTIFY" and
3   "IDENTITY" as applied to trade dress would require MGA to provide separate,
4   distinct, and multiple responses.  For example, Mattel's definition of the term
5   "IDENTIFY" in the context of this interrogatory purports to require MGA to
6   "IDENTIFY" discrete facts for each copied, infringed or diluted trade dress,
7   including:  (a) each and every element that makes up the claimed trade dress; and (b)
8   each and every product or product packaging SOLD that embodies, uses or employs
9   the claimed trade dress.  This interrogatory is further compounded by Mattel's
10  definition of "IDENTITY," which purports to require MGA to provide the following
11  information for each of the product or product packing requested to be identified as
12  part of Mattel's definition of "IDENTIFY," above:  (1) the full name of the product,
13  or in the case of packaging, the product or item with which the packaging is used; (2)
14  the SKU number or any other applicable unique identifier or designation of the
15  product or, in the case of packaging, the product or item with which the packaging is
16  used; (3) the time period during which the product was, has been or will be SOLD
17  or, in the case of product packaging, the time period during which the product
18  packaging was, has been or will be used; and (4) the IDENTITY of each PERSON
19  who has licensed from YOU the right to SELL such product or, in the case of
20  product packaging, the IDENTITY of the PERSON who has licensed from YOU the
21  right to use the packaging or to SELL the products with which the packaging is used.
22  This interrogatory is further compounded by Mattel's definition of "IDENTITY,"
23  which purports to require MGA to provide the following information for each of the
24  persons requested to be identified as part of Mattel's definition of "IDENTIFY,"
25  above: (1) the individual's name; (2) any known business title; (3) the current or last
26  known business affiliation; (4) the current or last known residential address; (5) the
27  current or last known business address; (6) the current or last known relationship to
28  MGA; and (7) the current or last known telephone number.  Additionally, through

7

EXHIBIT 29   PAGE 580

1 Mattel's definition of "YOU," this interrogatory asks for all of the foregoing
2 information about contentions regarding trade dress by each of the multiple separate
3 responding parties to this set of interrogatories.

4      MGA further objects to the extent this interrogatory seeks information
5 that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
6 or control.  MGA also objects to this interrogatory to the extent it calls for
7 information already produced in this litigation or more easily obtainable from other
8 sources.  MGA objects to providing responses to interrogatories that can be derived
9 from documents that have or will be produced (when requested in compliance with
10 Rule 26) and where the burden to derive such information is substantially the same
11 for Mattel as it is for MGA.

12      MGA objects to this interrogatory because Mattel has propounded more
13 than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,
14 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
15 SGL and CV 05-02727.]"

16      MGA further objects to this interrogatory on the ground that it is
17 premature because MGA's trade dress (and other legal concepts that may be
18 relevant) will be the subject of expert testimony at trial.  MGA objects to this
19 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
20 to introduce at trial.  MGA will identify its experts and make related disclosures in
21 accordance with the Court's orders and applicable rules.

22      Subject to and without waiving the foregoing objections, MGA
23 responds as follows:  MGA is willing to meet and confer with Mattel regarding this
24 interrogatory.

25 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 48:**

26      MGA incorporates by reference its General Response and General
27 Objections above, as though fully set forth herein and specifically incorporates
28 General Objection No. 7 (regarding Definitions), including without limitation its

EXHIBIT 29  PAGE 581

1  objection to the definitions of the terms "IDENTIFY" and "SOLD." MGA also

2  objects to this interrogatory to the extent it seeks information that is not subject to

3  disclosure under any applicable privilege, doctrine or immunity, including without

4  limitation the attorney-client privilege, the work product doctrine, the right of

5  privacy, and all other privileges recognized under the constitutional, statutory or

6  decisional law of the United States of America, the State of California or any other

7  applicable jurisdiction.

8         MGA further objects because the interrogatory additionally contains

9  discrete subparts that require separate, distinct and multiple responses through

10  defined terms. Specifically, Mattel's definitions of the terms "IDENTIFY" and

11  "IDENTITY" as applied to trade dress would require MGA to provide separate,

12  distinct, and multiple responses. For example, Mattel's definition of the term

13  "IDENTIFY" in the context of this interrogatory purports to require MGA to

14  "IDENTIFY" discrete facts for each copied, infringed or diluted trade dress,

15  including: (a) each and every element that makes up the claimed trade dress; and (b)

16  each and every product or product packaging SOLD that embodies, uses or employs

17  the claimed trade dress. This interrogatory is further compounded by Mattel's

18  definition of "IDENTITY," which purports to require MGA to provide the following

19  information for each of the product or product packing requested to be identified as

20  part of Mattel's definition of "IDENTIFY," above: (1) the full name of the product,

21  or in the case of packaging, the product or item with which the packaging is used; (2)

22  the SKU number or any other applicable unique identifier or designation of the

23  product or, in the case of packaging, the product or item with which the packaging is

24  used; (3) the time period during which the product was, has been or will be SOLD

25  or, in the case of product packaging, the time period during which the product

26  packaging was, has been or will be used; and (4) the IDENTITY of each PERSON

27  who has licensed from YOU the right to SELL such product or, in the case of

28  product packaging, the IDENTITY of the PERSON who has licensed from YOU the

EXHIBIT 30 PAGE 582

1  right to use the packaging or to SELL the products with which the packaging is used.
2  This interrogatory is further compounded by Mattel's definition of "IDENTITY,"
3  which purports to require MGA to provide the following information for each of the
4  persons requested to be identified as part of Mattel's definition of "IDENTIFY,"
5  above: (1) the individual's name; (2) any known business title; (3) the current or last
6  known business affiliation; (4) the current or last known residential address; (5) the
7  current or last known business address; (6) the current or last known relationship to
8  MGA; and (7) the current or last known telephone number. Additionally, through
9  Mattel's definition of "YOU," this interrogatory asks for all of the foregoing
10 information about contentions regarding trade dress by each of the multiple separate
11 responding parties to this set of interrogatories.

12         MGA further objects to the extent this interrogatory seeks information
13 that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
14 or control. MGA also objects to this interrogatory to the extent it calls for
15 information already produced in this litigation or more easily obtainable from other
16 sources. MGA objects to providing responses to interrogatories that can be derived
17 from documents that have or will be produced (when requested in compliance with
18 Rule 26) and where the burden to derive such information is substantially the same
19 for Mattel as it is for MGA.

20         MGA further objects to this interrogatory on the ground that it is
21 premature because MGA's trade dress (and other legal concepts that may be
22 relevant) will be the subject of expert testimony at trial. MGA objects to this
23 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
24 to introduce at trial. MGA will identify its experts and make related disclosures in
25 accordance with the Court's orders and applicable rules.

26         Subject to and without waiving the foregoing objections, MGA provides
27 the following supplemental response:

28         The unique and distinctive trade dress of MGA's "Bratz" line of dolls

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

EXHIBIT 29 PAGE 583

1    that Mattel has copied, infringed, and diluted is comprised of the following elements:

2          • the unique, unusual geometric-shaped packaging, with increased
3            transparency including transparent open sides, and with a "flying
4            banner" style slogan;
5          • the proportions and special arrangements of the eyes, noses,
6            mouths and hairlines;
7          • the shape of the eyes, faces, heads and lips;
8          • the unique face paint, design, and color scheme depicting facial
9            features;
10          • the disproportionately oversized heads;
11          • the oversized shoes; and
12          • the trendy, hip clothing and hair styles.

13       The unique and distinctive trade dress of MGA's "Bratz Petz" line of
14    dolls that Mattel has copied, infringed and diluted is comprised of the following
15    elements:

16          • the open box packaging with no top cover and with partial side
17            panels that slope from a narrow front panel to a higher back panel;
18          • the large, humanlike, artfully made-up eyes with long eyelashes
19            that sweep out and away from the outer corner of the eye;
20          • the disproportionately oversized heads; and
21          • the trendy human clothing.

22    **INTERROGATORY NO. 49:**

23       For each trade dress identified in response to Interrogatory No. 48,
24    separately and fully IDENTIFY each and every MATTEL product, packaging or
25    other matter that YOU contend copies, infringes or dilutes such trade dress,
26    including without limitation by describing fully and separately, for each such
27    MATTEL product, packaging or other matter, each and every element of the claimed
28    trade dress that YOU contend MATTEL has copied, infringed or diluted.

11

EXHIBIT 29 PAGE 584

**RESPONSE TO INTERROGATORY NO. 49:**

        MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and "IDENTIFY" insofar as it is used to refer to "product or packaging." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

        MGA objects because the interrogatory is compound on its face. MGA further objects because the interrogatory additionally contains discrete subparts that require separate, distinct and multiple responses through defined terms. Specifically, Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it pertains to "product or packaging" requires MGA to provide separate, distinct, and multiple responses. For example, Mattel's definition of the term "IDENTIFY" in the context of this interrogatory purports to require MGA to provide a multitude of discrete facts for each infringing or diluting product, packaging or other matter, including: (1) the full name of the product, or in the case of packaging, the product or item with which the packaging is used; (2) the SKU number or any other applicable unique identifier or designation of the product or, in the case of packaging, the product or item with which the packaging is used; (3) the time period during which the product was, has been or will be SOLD or, in the case of product packaging, the time period during which the product packaging was, has been or will be used; and (4) the IDENTITY of each PERSON who has licensed from YOU the right to SELL such product or, in the case of product packaging, the IDENTITY of the PERSON who has licensed

12

EXHIBIT 29 PAGE 585

1   from YOU the right to use the packaging or to SELL the products with which the

2   packaging is used.  This interrogatory is further compounded by Mattel's definition

3   of "IDENTITY," which purports to require MGA to provide the following

4   information for each of the persons requested to be identified as part of Mattel's

5   definition of "IDENTIFY," above:  (1) the individual's name; (2) any known

6   business title; (3) the current or last known business affiliation; (4) the current or last

7   known residential address; (5) the current or last known business address; (6) the

8   current or last known relationship to MGA; and (7) the current or last known

9   telephone number.  Additionally, through Mattel's definition of "YOU," this

10  interrogatory asks for all of the foregoing information about contentions regarding

11  trade dress by each of the multiple separate responding parties to this set of

12  interrogatories.

13          MGA further objects to the extent this interrogatory seeks information

14  that is beyond MGA's personal knowledge and is not in MGA's possession, custody,

15  or control.  MGA also objects to this interrogatory to the extent it calls for

16  information already produced in this litigation or more easily obtainable from other

17  sources.  MGA objects to providing responses to interrogatories that can be derived

18  from documents that have or will be produced (when requested in compliance with

19  Rule 26) and where the burden to derive such information is substantially the same

20  for Mattel as it is for MGA.

21          MGA objects to this interrogatory because Mattel has propounded more

22  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

23  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

24  SGL and CV 05-02727.]"

25          MGA further objects to this interrogatory on the ground that it is

26  premature because MGA's trade dress (and other legal concepts that may be

27  relevant) will be the subject of expert testimony at trial.  MGA objects to this

28  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

13

EXHIBIT 29 PAGE 586

1 to introduce at trial. MGA will identify its experts and make related disclosures in

2 accordance with the Court's orders and applicable rules.

3        Subject to and without waiving the foregoing objections, MGA

4 responds as follows: MGA is willing to meet and confer with Mattel regarding this

5 interrogatory.

6 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 49:**

7        MGA incorporates by reference its General Response and General

8 Objections above, as though fully set forth herein and specifically incorporates

9 General Objection No. 7 (regarding Definitions), including without limitation its

10 objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and

11 "IDENTIFY" insofar as it is used to refer to "product or packaging." MGA also

12 objects to this interrogatory to the extent it seeks information that is not subject to

13 disclosure under any applicable privilege, doctrine or immunity, including without

14 limitation the attorney-client privilege, the work product doctrine, the right of

15 privacy, and all other privileges recognized under the constitutional, statutory or

16 decisional law of the United States of America, the State of California or any other

17 applicable jurisdiction.

18        MGA objects because the interrogatory is compound on its face. MGA

19 further objects because the interrogatory additionally contains discrete subparts that

20 require separate, distinct and multiple responses through defined terms. Specifically,

21 Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it pertains to

22 "product or packaging" requires MGA to provide separate, distinct, and multiple

23 responses. For example, Mattel's definition of the term "IDENTIFY" in the context

24 of this interrogatory purports to require MGA to provide a multitude of discrete facts

25 for each infringing or diluting product, packaging or other matter, including: (1) the

26 full name of the product, or in the case of packaging, the product or item with which

27 the packaging is used; (2) the SKU number or any other applicable unique identifier

28 or designation of the product or, in the case of packaging, the product or item with

14

EXHIBIT 29 PAGE 587

1  which the packaging is used; (3) the time period during which the product was, has
2  been or will be SOLD or, in the case of product packaging, the time period during
3  which the product packaging was, has been or will be used; and (4) the IDENTITY
4  of each PERSON who has licensed from YOU the right to SELL such product or, in
5  the case of product packaging, the IDENTITY of the PERSON who has licensed
6  from YOU the right to use the packaging or to SELL the products with which the
7  packaging is used. This interrogatory is further compounded by Mattel's definition
8  of "IDENTITY," which purports to require MGA to provide the following
9  information for each of the persons requested to be identified as part of Mattel's
10 definition of "IDENTIFY," above: (1) the individual's name; (2) any known
11 business title; (3) the current or last known business affiliation; (4) the current or last
12 known residential address; (5) the current or last known business address; (6) the
13 current or last known relationship to MGA; and (7) the current or last known
14 telephone number. Additionally, through Mattel's definition of "YOU," this
15 interrogatory asks for all of the foregoing information about contentions regarding
16 trade dress by each of the multiple separate responding parties to this set of
17 interrogatories.

18         MGA further objects to the extent this interrogatory seeks information
19 that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
20 or control. MGA also objects to this interrogatory to the extent it calls for
21 information already produced in this litigation or more easily obtainable from other
22 sources. MGA objects to providing responses to interrogatories that can be derived
23 from documents that have or will be produced (when requested in compliance with
24 Rule 26) and where the burden to derive such information is substantially the same
25 for Mattel as it is for MGA.

26         MGA further objects to this interrogatory on the ground that it is
27 premature because MGA's trade dress (and other legal concepts that may be
28 relevant) will be the subject of expert testimony at trial. MGA objects to this

15

EXHIBIT 29 PAGE 588

1  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
2  to introduce at trial.  MGA will identify its experts and make related disclosures in
3  accordance with the Court's orders and applicable rules.

4         Subject to and without waiving the foregoing objections, MGA provides
5  the following supplemental response:

6         Each of Mattel's "My Scene" fashion dolls copied, infringed and
7  diluted:

8        • the unique, unusual geometric-shaped packaging, with increased
9         transparency including transparent open sides, and with a "flying
10         banner" style slogan;
11        • the proportions and special arrangements of the eyes, noses,
12         mouths and hairlines;
13        • the shape of the eyes, faces, heads and lips;
14        • the unique face paint, design, and color scheme depicting facial
15         features;
16        • the disproportionately oversized heads;
17        • the oversized shoes; and
18        • the trendy, hip clothing and hair styles.
19  Each of Mattel's "My Scene" pet dolls copied, infringed and diluted:
20        • the large, humanlike, artfully made-up eyes with long eyelashes
21         that sweep out and away from the outer corner of the eye;
22        • the disproportionately oversized heads;
23        • the trendy human clothing; and
24        • the open box packaging with no top cover and with partial side
25         panels that slope from a narrow front panel to a higher back
26         panel.

27  **INTERROGATORY NO. 50:**

28         For each trade dress identified in response to Interrogatory No. 48,

EXHIBIT 29 PAGE 589

1  separately and completely IDENTIFY all facts that support YOUR contention that

2  such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the

3  foregoing and all PERSONS with knowledge of the foregoing.

4  **RESPONSE TO INTERROGATORY NO. 50:**

5  MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection No. 7 (regarding Definitions), including without limitation its

8  objection to the definitions of the terms "IDENTIFY" or "IDENTITY," and "REFER

9  OR RELATE TO."  MGA also objects to this interrogatory to the extent it seeks

10  information that is not subject to disclosure under any applicable privilege, doctrine

11  or immunity, including without limitation the attorney-client privilege, the work

12  product doctrine, the right of privacy, and all other privileges recognized under the

13  constitutional, statutory or decisional law of the United States of America, the State

14  of California or any other applicable jurisdiction.

15  MGA further objects to the interrogatory on the grounds that it is

16  oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile

17  detailed financial reports of information not reasonably available solely for the

18  purpose of responding this interrogatory.

19  MGA further objects because the interrogatory additionally contains

20  discrete subparts that require separate, distinct and multiple responses through

21  defined terms.  Specifically, Mattel's definitions of the term "IDENTIFY" as applied

22  to the protectibility of trade dress would require MGA to provide separate, distinct,

23  and multiple responses.

24  For example, Mattel's definition of the term "IDENTIFY," in the

25  context of protectibility of a trade dress (Definitions ¶ 10(f)), requests at least four

26  different and distinct facts:  (a) all facts that support YOUR contention that such

27  trade dress is inherently distinctive or has acquired secondary meaning and that such

28  trade dress is famous; (b) the date that YOU contend such trade dress acquired

17

EXHIBIT _29_ PAGE _590_

1  secondary meaning and, if YOU contend the trade dress is famous, the date on which

2  YOU contend that it became famous; (c) all facts that support YOUR contention that

3  such trade dress is not functional; and (d) if YOU are relying on advertising to

4  establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or

5  anyone acting on YOUR behalf on advertising that features such trade dress.

6  Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of

7  the foregoing information about contentions regarding trade dress by each of the

8  multiple separate responding parties to this set of interrogatories.

9          MGA further objects to the extent this interrogatory seeks information

10  that is beyond MGA's personal knowledge and is not in MGA's possession, custody,

11  or control.  In particular, MGA objects to this interrogatory to the extent that it

12  requests that MGA "IDENTIFY *all* facts . . . *all* DOCUMENTS . . . and *all*

13  PERSONS" (emphasis added).  MGA also objects to this interrogatory to the extent

14  it calls for information already produced in this litigation or more easily obtainable

15  from other sources.  MGA objects to providing responses to interrogatories that can

16  be derived from documents that have or will be produced (when requested in

17  compliance with Rule 26) and where the burden to derive such information is

18  substantially the same for Mattel as it is for MGA.

19          MGA objects to this interrogatory because Mattel has propounded more

20  than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

21  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

22  SGL and CV 05-02727.]"

23          MGA further objects to this interrogatory on the ground that it is

24  premature because MGA's trade dress (and other legal concepts that may be

25  relevant) will be the subject of expert testimony at trial.  MGA objects to this

26  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

27  to introduce at trial.  MGA will identify its experts and make related disclosures in

28  accordance with the Court's orders and applicable rules.

18

EXHIBIT 29 PAGE 591

1       Subject to and without waiving the foregoing objections, MGA

2   responds as follows:  MGA is willing to meet and confer with Mattel regarding this

3   interrogatory.

4   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 50:**

5       MGA incorporates by reference its General Response and General

6   Objections above, as though fully set forth herein and specifically incorporates

7   General Objection No. 7 (regarding Definitions), including without limitation its

8   objection to the definitions of the terms "IDENTIFY" or "IDENTITY," and "REFER

9   OR RELATE TO."  MGA also objects to this interrogatory to the extent it seeks

10  information that is not subject to disclosure under any applicable privilege, doctrine

11  or immunity, including without limitation the attorney-client privilege, the work

12  product doctrine, the right of privacy, and all other privileges recognized under the

13  constitutional, statutory or decisional law of the United States of America, the State

14  of California or any other applicable jurisdiction.

15      MGA further objects to the interrogatory on the grounds that it is

16  oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile

17  detailed financial reports of information not reasonably available solely for the

18  purpose of responding this interrogatory.

19      MGA further objects because the interrogatory additionally contains

20  discrete subparts that require separate, distinct and multiple responses through

21  defined terms.  Specifically, Mattel's definitions of the term "IDENTIFY" as applied

22  to the protectibility of trade dress would require MGA to provide separate, distinct,

23  and multiple responses.

24      For example, Mattel's definition of the term "IDENTIFY," in the

25  context of protectibility of a trade dress (Definitions ¶ 10(f)), requests at least four

26  different and distinct facts:  (a) all facts that support YOUR contention that such

27  trade dress is inherently distinctive or has acquired secondary meaning and that such

28  trade dress is famous; (b) the date that YOU contend such trade dress acquired

EXHIBIT 29 PAGE 592

1  secondary meaning and, if YOU contend the trade dress is famous, the date on which

2  YOU contend that it became famous; (c) all facts that support YOUR contention that

3  such trade dress is not functional; and (d) if YOU are relying on advertising to

4  establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or

5  anyone acting on YOUR behalf on advertising that features such trade dress.

6  Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of

7  the foregoing information about contentions regarding trade dress by each of the

8  multiple separate responding parties to this set of interrogatories.

9        MGA further objects to the extent this interrogatory seeks information

10  that is beyond MGA's personal knowledge and is not in MGA's possession, custody,

11  or control.  In particular, MGA objects to this interrogatory to the extent that it

12  requests that MGA "IDENTIFY *all* facts . . . *all* DOCUMENTS . . . and *all*

13  PERSONS" (emphasis added).  MGA also objects to this interrogatory to the extent

14  it calls for information already produced in this litigation or more easily obtainable

15  from other sources.  MGA objects to providing responses to interrogatories that can

16  be derived from documents that have or will be produced (when requested in

17  compliance with Rule 26) and where the burden to derive such information is

18  substantially the same for Mattel as it is for MGA.

19        MGA further objects to this interrogatory on the ground that it is

20  premature because MGA's trade dress (and other legal concepts that may be

21  relevant) will be the subject of expert testimony at trial.  MGA objects to this

22  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

23  to introduce at trial.  MGA will identify its experts and make related disclosures in

24  accordance with the Court's orders and applicable rules.

25        Subject to and without waiving the foregoing objections, MGA provides

26  the following supplemental response:

27        That the elements of MGA's trade dress in its "Bratz" and "Bratz Petz"

28  lines are aesthetic and non-functional is apparent from an examination of the Bratz

EXHIBIT  29  PAGE  593

1   products and packaging, compared to other leading fashion dolls.  That MGA's
2   packaging was and is inherently distinctive is apparent from a comparison of said
3   packaging to the state of fashion doll packaging when Bratz was introduced in 2001,
4   the fact that following the Bratz introduction competitors have copied significant,
5   innovative elements of the Bratz packaging, and the fact that the packaging has won
6   industry awards.  MGA's trade dress has also acquired secondary meaning as a
7   source indicator for "Bratz" as a result of the enormous success of the Bratz dolls in
8   the market, and the marketing and promotional efforts employed by MGA to support
9   Bratz.

10          Documents evidencing the market strength of the Bratz trade dress
11   features include documents evidencing (i) sales totals; (ii) package awards; (iii)
12   package related design patents; (iv) publicity given to the Bratz dolls and their
13   success; and (v) documents evidencing industry awards given to MGA on account of
14   the success of the Bratz dolls and/or their innovative packaging, and the fact that said
15   packaging has been copied and mimicked by competitors.

16          Persons with knowledge of the packaging issues include Steffen Smith
17   (Director of Structural Engineering/Creative Package Development), Leon
18   Djiguerian (in Product Development), Samir Khare and Aileen Storer (Creative
19   Director of Bratz & Dolls).  Such issues also fall within the scope of expert
20   testimony.  Many individuals are knowledgeable of the striking similarities between
21   the protected trade dress of Bratz and features of My Scene Barbie dolls and
22   packaging.  These include Carter Bryant and Paula Garcia.

23
24
25
26
27
28

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES   NO. CV 04-9049 SGL (RNBx)

EXHIBIT 29 PAGE 594

1        That the unique aspects of the Bratz dolls heads/facial features have

2 acquired secondary meaning falls within the scope of expert testimony.

3 DATED:  November 30, 2007

4

5                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

6

7                                By: _____

8                                        Thomas J. Nolan
                               Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN,

9                                MGA ENTERTAINMENT (HK) LTD., and MGAE de MEXICO S.R.L. de C.V.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES    NO. CV 04-9049 SGL (RNBx)

EXHIBIT 29  PAGE 595

**EXHIBIT 30**

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone: (213) 687-5000
Facsimile: (213) 687-5600
E-mail: tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA 94111
Telephone: (415) 984-6400
Facsimile: (415) 984-2698
E-mail: rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT (HK) LTD.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off: March 3, 2008 |

PROPOUNDING PARTY:     MATTEL, INC. ("MATTEL")

RESPONDING PARTY:     MGA ENTERTAINMENT (HK) LTD.

SET NUMBER:     SEVENTH

EXHIBIT 30  PAGE 596

## PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that MGA Entertainment (HK) Ltd. ("MGA HK") is providing in response to these interrogatories or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA HK's discovery regarding the information that Mattel seeks. Discovery and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA HK to discover other information responsive to these interrogatories. MGA HK therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence. MGA HK does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Interrogatories or any particular request therein, even where MGA HK has not otherwise objected to a particular interrogatory, or has agreed to provide information responsive to a particular interrogatory.

No incidental or implied admissions are intended by this Response. These responses should not be taken as an admission that MGA HK accepts or

1

EXHIBIT 30   PAGE 597

1 admits the existence of any facts set forth or assumed by any instruction, definition

2 or interrogatory.

## GENERAL OBJECTIONS

4         MGA HK responds to these interrogatories subject to the following

5 general objections and limitations, each of which is incorporated into each and every

6 response as though fully set forth therein:

7         1.    MGA HK objects to these interrogatories to the extent they seek

8 information that is not subject to disclosure under any applicable privilege, doctrine

9 or immunity, including without limitation the attorney-client privilege, the work

10 product doctrine, the right of privacy, and all other privileges recognized under the

11 constitutional, statutory or decisional law of the United States of America, the State

12 of California or any other applicable jurisdiction.

13        2.    MGA HK objects to these interrogatories to the extent they seek

14 information not relevant to the claims or defenses of any party to this action and not

15 reasonably calculated to lead to the discovery of admissible evidence.

16        3.    MGA HK objects to these interrogatories to the extent they seek

17 information which by reason of public filing or otherwise is already in Mattel's

18 possession or is readily accessible to Mattel.

19        4.    MGA HK objects to these interrogatories to the extent they seek

20 the disclosure of information (1) not currently within its possession, custody or

21 control; (2) that MGA HK cannot locate after a reasonably diligent search; or (3) that

22 refer to persons, entities, or events not known to MGA HK.  Such instructions,

23 definitions, or requests are objectionable where they seek to require more of MGA

24 HK than any obligation imposed by the Federal Rules of Civil Procedure; subject

25 MGA HK to unreasonable and undue annoyance, oppression, burden, and expense;

26 and/or seek to impose upon MGA HK an obligation to investigate or discover

27 information or materials from sources equally accessible to Mattel.

28

5.    MGA HK objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.    MGA HK objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

7.    MGA HK objects to the following definitions in these interrogatories:

(a)    MGA HK objects to the definition of the terms "IDENTIFY" or "IDENTITY" (Definitions ¶ 10) as overbroad, unduly burdensome, vague and ambiguous, and oppressive.  Mattel's definition of these terms inherently calls for answers to multiple discrete questions or subparts to questions.  For example, as those terms are used with reference to a protectibility of a trade dress (Definitions ¶ 10(f)), the use of those terms request at least four different and distinct facts:  (a) all facts that support YOUR contention that such trade dress is inherently distinctive or has acquired secondary meaning and that such trade dress is famous; (b) the date that YOU contend such trade dress acquired secondary meaning and, if YOU contend the trade dress is famous, the date on which YOU contend that it became famous; (c) all facts that support YOUR contention that such trade dress is not functional; and (d) if YOU are relying on advertising to establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or anyone acting on YOUR behalf on advertising that features such trade dress.  Therefore, any interrogatory that includes or incorporates the terms "IDENTIFY" or "IDENTITY" is necessarily compound, and should be posed as separate interrogatories;

(b)    MGA HK also objects to the term "any" (Definitions ¶ 11) on the grounds and to the extent it is overbroad, unduly burdensome, and/or is vague

1  and ambiguous in the context of the interrogatories as written and as those

2  interrogatories would be plainly understood absent Mattel's definitions;

3          (c)    MGA HK objects to the definition of the terms "SOLD,"

4  "SELL" or "SALE" (Definitions ¶ 6) as overbroad, unduly burdensome, vague and

5  ambiguous, and oppressive and strays far from the English meaning of the terms by

6  including concepts such as distribution, licensing and marketing, which are distinct

7  from selling.  MGA HK will interpret the terms "SOLD," "SELL" or "SALE"

8  consistent with their ordinary, common usages.

9          8.    MGA HK objects to these interrogatories to the extent they may

10  unfairly seek to restrict the facts on which MGA HK may rely at trial.  Discovery has

11  not been completed and MGA HK is not yet necessarily in possession of all the facts

12  and documents upon which MGA HK intends to rely.  All of the responses submitted

13  herewith are tendered to Mattel with the reservation that the responses are submitted

14  without limiting the evidence on which MGA HK may rely to support the

15  contentions and defenses that MGA HK may assert at the trial of this action and to

16  rebut or impeach the contentions, assertions and evidence that Mattel may present.

17  MGA HK reserves the right to supplement or amend these responses at a future date.

18          9.    MGA HK objects to each interrogatory to the extent it seeks

19  information that will be the subject of expert witness testimony and that is therefore

20  premature.

21          10.    MGA HK objects to each interrogatory to the extent it calls for a

22  legal conclusion.

23          11.    MGA HK objects to each interrogatory to the extent it seeks the

24  disclosure of confidential, proprietary, or trade-secret information.

25          12.    MGA HK reserves the right to object on any ground at any time

26  to such other supplemental discovery requests as Mattel may propound involving or

27  relating to the same subject matter of these interrogatories.

28

4

EXHIBIT 30    PAGE 600

13.     In responding to these interrogatories, MGA HK has not complied and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, any orders entered by the Court in this action, or other applicable law.

14.     Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, MGA HK objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden of deriving such information is substantially the same for Mattel as it is for MGA HK.

15.     MGA HK objects to the definitions, instructions, and interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or otherwise representative of MGA HK, contains privileged attorney-client communications, or is otherwise protected from disclosure by any privileges, laws or rules. MGA HK shall not produce such information in response to Mattel's interrogatories. Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of those privileges or protections. MGA HK reserves the right to correct the record with regard to any such inadvertent disclosure, as provided for in the Protective Order governing this case.

16.     MGA HK objects to each of Mattel's interrogatories because Mattel has propounded more than 50 interrogatories, including discrete subparts. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

17.     The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any interrogatory. MGA HK reserves all objections, including without limitation,

5

EXHIBIT 30     PAGE 661

1  objections as to competency, relevance, materiality, privilege, authenticity, or

2  admissibility.

3          18.     To the extent MGA HK responds to an interrogatory, it does so

4  without waiving or intending to waive but rather, on the contrary, preserving and

5  intending to preserve, its contention that anything Mr. Bryant did on weekends,

6  evenings, vacation and any other time outside ordinary business hours was not done

7  while he was working for Mattel.  MGA HK's response may not be taken as an

8  admission that the information it provides in its response in any way reflects or

9  evidences work performed by Mr. Bryant while he was working for Mattel or that

10 MGA HK adopts or agrees with any fact or legal conclusion assumed, presumed or

11 contained in Mattel's interrogatory.

12 **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

13         Without waiving or departing from its General Response and General

14 Objections, and specifically incorporating them in its response to each interrogatory

15 below, MGA HK makes the following additional objections and responses to

16 specific interrogatories:

17 **INTERROGATORY NO. 48:**

18         Separately IDENTIFY each trade dress that YOU contend MATTEL

19 has copied, infringed or diluted or that is otherwise the subject of YOUR claims,

20 defenses or allegations in THIS ACTION.

21 **RESPONSE TO INTERROGATORY NO. 48:**

22         MGA HK incorporates by reference its General Response and General

23 Objections above, as though fully set forth herein and specifically incorporates

24 General Objection No. 7 (regarding Definitions), including without limitation its

25 objection to the definitions of the terms "IDENTIFY" and "SOLD."  MGA HK also

26 objects to this interrogatory to the extent it seeks information that is not subject to

27 disclosure under any applicable privilege, doctrine or immunity, including without

28 limitation the attorney-client privilege, the work product doctrine, the right of

6

EXHIBIT 30    PAGE 602

1 privacy, and all other privileges recognized under the constitutional, statutory or

2 decisional law of the United States of America, the State of California or any other

3 applicable jurisdiction.

4         MGA HK further objects because the interrogatory additionally contains

5 discrete subparts that require separate, distinct and multiple responses through

6 defined terms. Specifically, Mattel's definitions of the terms "IDENTIFY" as applied

7 to trade dress would require MGA HK to provide separate, distinct, and multiple

8 responses. For example, Mattel's definition of the term "IDENTIFY" in the context

9 of this interrogatory purports to require MGA HK to "IDENTIFY" discrete facts for

10 each copied, infringed or diluted trade dress, including: (a) each and every element

11 that makes up the claimed trade dress; and (b) each and every product or product

12 packaging SOLD that embodies, uses or employs the claimed trade dress. This

13 interrogatory is further compounded by Mattel's definition of "IDENTITY," which

14 purports to require MGA HK to provide the following information for each of the

15 product or product packing requestedto be identified as part of Mattel's definition of

16 "IDENTIFY," above: (1) the full name of the product, or in the case of packaging,

17 the product or item with which the packaging is used; (2) the SKU number or any

18 other applicable unique identifier or designation of the product or, in the case of

19 packaging, the product or item with which the packaging is used; (3) the time period

20 during which the product was, has been or will be SOLD or, in the case of product

21 packaging, the time period during which the product packaging was, has been or will

22 be used; and (4) the IDENTITY of each PERSON who has licensed from YOU the

23 right to SELL such product or, in the case of product packaging, the IDENTITY of

24 the PERSON who has licensed from YOU the right to use the packaging or to SELL

25 the products with which the packaging is used. This interrogatory is further

26 compounded by Mattel's definition of "IDENTITY," which purports to require MGA

27 HK to provide the following information for each of the persons requested to be

28 identified as part of Mattel's definition of "IDENTIFY," above: (1) the individual's

7

1 name; (2) any known business title; (3) the current or last known business affiliation;

2 (4) the current or last known residential address; (5) the current or last known

3 business address; (6) the current or last known relationship to MGA; and (7) the

4 current or last known telephone number.  Additionally, through Mattel's definition of

5 "YOU," this interrogatory asks for all of the foregoing information about contentions

6 regarding trade dress by each of the multiple separate responding parties to this set of

7 interrogatories.

8        MGA HK further objects to the extent this interrogatory seeks

9 information that is beyond MGA HK's personal knowledge and is not in MGA HK's

10 possession, custody, or control.  MGA HK also objects to this interrogatory to the

11 extent it calls for information already produced in this litigation or more easily

12 obtainable from other sources.  MGA HK objects to providing responses to

13 interrogatories that can be derived from documents that have been or will be

14 produced (when requested in compliance with Rule 26) and where the burden to

15 derive such information is substantially the same for Mattel as it is for MGA HK.

16        MGA HK further objects to this interrogatory on the grounds that it

17 appears to be directed at other parties to the litigation, and not MGA HK.  MGA HK

18 does not assert trade dress claims in this action.  Therefore, this interrogatory is

19 inapplicable to MGA HK, seeks information that is not relevant to the claims and

20 defense in this action, and is not reasonably calculated to lead to the discovery of

21 admissible evidence.

22        MGA HK objects to this interrogatory because Mattel has propounded

23 more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

24 "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

25 SGL and CV 05-02727.]"

26 **INTERROGATORY NO. 49:**

27        For each trade dress identified in response to Interrogatory No. 48,

28 separately and fully IDENTIFY each and every MATTEL product, packaging or

8

EXHIBIT 30   PAGE 604

1  other matter that YOU contend copies, infringes or dilutes such trade dress,

2  including without limitation by describing fully and separately, for each such

3  MATTEL product, packaging or other matter, each and every element of the claimed

4  trade dress that YOU contend MATTEL has copied, infringed or diluted.

5  **RESPONSE TO INTERROGATORY NO. 49:**

6        MGA HK incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including without limitation its

9  objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and

10  "IDENTIFY" insofar as it is used to refer to "product or packaging." MGA HK also

11  objects to this interrogatory to the extent it seeks information that is not subject to

12  disclosure under any applicable privilege, doctrine or immunity, including without

13  limitation the attorney-client privilege, the work product doctrine, the right of

14  privacy, and all other privileges recognized under the constitutional, statutory or

15  decisional law of the United States of America, the State of California or any other

16  applicable jurisdiction.

17        MGA HK objects because the interrogatory is compound on its face.

18  MGA HK further objects because the interrogatory additionally contains discrete

19  subparts that require separate, distinct and multiple responses through defined terms.

20  Specifically, Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it

21  pertains to "product or packaging" requires MGA HK to provide separate, distinct,

22  and multiple responses. For example, Mattel's definition of the term "IDENTIFY" in

23  the context of this interrogatory purports to require MGA HK to provide a multitude

24  of discrete facts for each infringing or diluting product, packaging or other matter,

25  including: (1) the full name of the product, or in the case of packaging, the product

26  or item with which the packaging is used; (2) the SKU number or any other

27  applicable unique identifier or designation of the product or, in the case of

28  packaging, the product or item with which the packaging is used; (3) the time period

1  during which the product was, has been or will be SOLD or, in the case of product

2  packaging, the time period during which the product packaging was, has been or will

3  be used; and (4) the IDENTITY of each PERSON who has licensed from YOU the

4  right to SELL such product or, in the case of product packaging, the IDENTITY of

5  the PERSON who has licensed from YOU the right to use the packaging or to SELL

6  the products with which the packaging is used.  This interrogatory is further

7  compounded by Mattel's definition of "IDENTITY," which purports to require MGA

8  HK to provide the following information for each of the persons requested to be

9  identified as part of Mattel's definition of "IDENTIFY," above:  (1) the individual's

10  name; (2) any known business title; (3) the current or last known business affiliation;

11  (4) the current or last known residential address; (5) the current or last known

12  business address; (6) the current or last known relationship to MGA; and (7) the

13  current or last known telephone number.  Additionally, through Mattel's definition of

14  "YOU," this interrogatory asks for all of the foregoing information about contentions

15  regarding trade dress by each of the multiple separate responding parties to this set of

16  interrogatories.

17       MGA HK further objects to the extent this interrogatory seeks

18  information that is beyond MGA HK's personal knowledge and is not in MGA HK's

19  possession, custody, or control.  MGA HK also objects to this interrogatory to the

20  extent it calls for information already produced in this litigation or more easily

21  obtainable from other sources.  MGA HK objects to providing responses to

22  interrogatories that can be derived from documents that have been or will be

23  produced (when requested in compliance with Rule 26) and where the burden to

24  derive such information is substantially the same for Mattel as it is for MGA HK.

25       MGA HK further objects to this interrogatory on the grounds that it

26  appears to be directed at other parties to the litigation, and not MGA HK.  MGA HK

27  does not assert trade dress claims in this action.  Therefore, this interrogatory is

28  inapplicable to MGA HK, seeks information that is not relevant to the claims and

10

EXHIBIT 30  PAGE 666

1  defense in this action, and is not reasonably calculated to lead to the discovery of

2  admissible evidence.

3          MGA HK objects to this interrogatory because Mattel has propounded

4  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

5  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

6  SGL and CV 05-02727.]"

7  **INTERROGATORY NO. 50:**

8          For each trade dress identified in response to Interrogatory No. 48,

9  separately and completely IDENTIFY all facts that support YOUR contention that

10 such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the

11 foregoing and all PERSONS with knowledge of the foregoing.

12 **RESPONSE TO INTERROGATORY NO. 50:**

13         MGA HK incorporates by reference its General Response and General

14 Objections above, as though fully set forth herein and specifically incorporates

15 General Objection No. 7 (regarding Definitions), including without limitation its

16 objection to the definitions of the terms "IDENTIFY" or "IDENTITY," and "REFER

17 OR RELATE TO."  MGA HK also objects to this interrogatory to the extent it seeks

18 information that is not subject to disclosure under any applicable privilege, doctrine

19 or immunity, including without limitation the attorney-client privilege, the work

20 product doctrine, the right of privacy, and all other privileges recognized under the

21 constitutional, statutory or decisional law of the United States of America, the State

22 of California or any other applicable jurisdiction.

23         MGA HK further objects to the interrogatory on the grounds that it is

24 oppressive, harassing, and unduly burdensome insofar as it requires MGA HK to

25 compile detailed financial reports of information not reasonably available solely for

26 the purpose of responding to this interrogatory.

27         MGA HK further objects because the interrogatory additionally contains

28 discrete subparts that require separate, distinct and multiple responses through

11

MGA HK'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES         NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT 30     PAGE 607

1   defined terms.  Specifically, Mattel's definitions of the terms "IDENTIFY" as applied

2   to the protectibility of trade dress would require MGA HK to provide separate,

3   distinct, and multiple responses.

4            For example, Mattel's definition of the term "IDENTIFY," in the

5   context of protectibility of a trade dress (Definitions ¶ 10(f)), requests at least four

6   different and distinct facts: (a) all facts that support YOUR contention that such

7   trade dress is inherently distinctive or has acquired secondary meaning and that such

8   trade dress is famous; (b) the date that YOU contend such trade dress acquired

9   secondary meaning and, if YOU contend the trade dress is famous, the date on which

10  YOU contend that it became famous; (c) all facts that support YOUR contention that

11  such trade dress is not functional; and (d) if YOU are relying on advertising to

12  establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or

13  anyone acting on YOUR behalf on advertising that features such trade dress.

14  Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of

15  the foregoing information about contentions regarding trade dress by each of the

16  multiple separate responding parties to this set of interrogatories.

17           MGA HK further objects to the extent this interrogatory seeks

18  information that is beyond MGA HK's personal knowledge and is not in MGA HK's

19  possession, custody, or control.  In particular, MGA HK objects to this interrogatory

20  to the extent that it requests that MGA HK "IDENTIFY *all* facts . . . *all*

21  DOCUMENTS . . . and *all* PERSONS" (emphasis added).  MGA HK also objects to

22  this interrogatory to the extent it calls for information already produced in this

23  litigation or more easily obtainable from other sources.  MGA HK objects to

24  providing responses to interrogatories that can be derived from documents that have

25  been or will be produced (when requested in compliance with Rule 26) and where

26  the burden to derive such information is substantially the same for Mattel as it is for

27  MGA HK.

28           MGA HK further objects to this interrogatory on the grounds that it

EXHIBIT 30   PAGE 608

1  appears to be directed at other parties to the litigation, and not MGA HK.  MGA HK

2  does not assert trade dress claims in this action.  Therefore, this interrogatory is

3  inapplicable to MGA HK, seeks information that is not relevant to the claims and

4  defense in this action, and is not reasonably calculated to lead to the discovery of

5  admissible evidence.

6          MGA HK objects to this interrogatory because Mattel has propounded

7  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

8  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

9  SGL and CV 05-02727.]"

10          AS TO OBJECTIONS ONLY:

11

12  DATED:  November 26, 2007

13

14                          SKADDEN, ARPS, SLATE, MEAGHER &
                            FLOM LLP

15

16                          By: _____

17                                  Thomas J. Nolan
                            Attorneys for Counter-Defendants, MGA
18                          ENTERTAINMENT, INC., ISAAC LARIAN,
                            MGA ENTERTAINMENT (HK) LTD., and
                            MGAE de MEXICO S.R.L. de C.V.

19

20

21

22

23

24

25

26

27

28

                                          13
MGA HK'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES       NO. CV 04-9049 SGL (RNBx)
201775-San Francisco Server 1A - MSWM

EXHIBIT  30   PAGE  609