BLUEBIRD OFFICE SUPPLIES (888) 477-4 www.bluebird.com

**EXHIBIT 31**

1 THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 300 South Grand Avenue
   Los Angeles, California 90071-3144
3 Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4 E-mail:   tnolan@skadden.com

5 RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7 Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8 E-mail:      rkennedy@skadden.com

9 Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11                  UNITED STATES DISTRICT COURT

12               CENTRAL DISTRICT OF CALIFORNIA

13                      EASTERN DIVISION

14 CARTER BRYANT, an individual      )   CASE NO. CV 04-9049 SGL (RNBx)
                                     )
15              Plaintiff,           )   Consolidated with Case No. 04-9059
                                     )   and Case No. 05-2727
16        v.                         )
                                     )   MGAE DE MEXICO S.R.L. DE
17 MATTEL, INC., a Delaware          )   C.V.'S OBJECTIONS AND
   corporation                       )   RESPONSES TO MATTEL
18                                   )   INC.'S SEVENTH SET OF
                Defendant.           )   INTERROGATORIES
19                                   )
                                     )
20                                   )   Honorable Stephen G. Larson
                                     )   Courtroom 1
21                                   )
                                     )
22 Consolidated with MATTEL, INC. v. )   Discovery Cut-Off:  March 3, 2008
   BRYANT and MGA                    )
23 ENTERTAINMENT, INC. v.            )
   MATTEL, INC.                      )
24                                   )

25 PROPOUNDING PARTY:       MATTEL, INC. ("MATTEL")

26 RESPONDING PARTY:        MGAE DE MEXICO S.R.L. DE C.V.

27 SET NUMBER:              SEVENTH

28

---

EXHIBIT 31    PAGE 610

## PRELIMINARY STATEMENT

The General Response set forth herein applies to all responses that MGAE de Mexico S.R.L. de C.V. ("MGA Mexico") is providing in response to these interrogatories or may in the future provide in response to any discovery request in this action.  The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of MGA Mexico's discovery regarding the information that Mattel seeks.  Discovery and other investigation or research concerning this litigation are continuing.  It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead MGA Mexico to discover other information responsive to these interrogatories.  MGA Mexico therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence.  MGA Mexico does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Interrogatories or any particular request therein, even where MGA Mexico has not otherwise objected to a particular interrogatory, or has agreed to provide information responsive to a particular interrogatory.

No incidental or implied admissions are intended by this Response. These responses should not be taken as an admission that MGA Mexico accepts or

1

EXHIBIT 31    PAGE 611

admits the existence of any facts set forth or assumed by any instruction, definition or interrogatory.

## GENERAL OBJECTIONS

MGA Mexico responds to these interrogatories subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1. MGA Mexico objects to these interrogatories to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2. MGA Mexico objects to these interrogatories to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3. MGA Mexico objects to these interrogatories to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4. MGA Mexico objects to these interrogatories to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that MGA Mexico cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA Mexico. Such instructions, definitions, or requests are objectionable where they seek to require more of MGA Mexico than any obligation imposed by the Federal Rules of Civil Procedure; subject MGA Mexico to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon MGA Mexico an obligation to investigate or discover information or materials from sources equally accessible to Mattel.

2

EXHIBIT 31    PAGE 612

5.     MGA Mexico objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.     MGA Mexico objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

7.     MGA Mexico objects to the following definitions in these interrogatories:

(a)     MGA Mexico objects to the definition of the terms "IDENTIFY" or "IDENTITY" (Definitions ¶ 10) as overbroad, unduly burdensome, vague and ambiguous, and oppressive. Mattel's definition of these terms inherently calls for answers to multiple discrete questions or subparts to questions. For example, as those terms are used with reference to a protectibility of a trade dress (Definitions ¶ 10(f)), the use of those terms request at least four different and distinct facts: (a) all facts that support YOUR contention that such trade dress is inherently distinctive or has acquired secondary meaning and that such trade dress is famous; (b) the date that YOU contend such trade dress acquired secondary meaning and, if YOU contend the trade dress is famous, the date on which YOU contend that it became famous; (c) all facts that support YOUR contention that such trade dress is not functional; and (d) if YOU are relying on advertising to establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or anyone acting on YOUR behalf on advertising that features such trade dress. Therefore, any interrogatory that includes or incorporates the terms "IDENTIFY" or "IDENTITY" is necessarily compound, and should be posed as separate interrogatories;

(b)     MGA Mexico also objects to the term "any" (Definitions ¶ 11) on the grounds and to the extent it is overbroad, unduly

3

1  burdensome, and/or is vague and ambiguous in the context of the interrogatories as
2  written and as those interrogatories would be plainly understood absent Mattel's
3  definitions;

4            (c)    MGA Mexico objects to the definition of the terms
5  "SOLD," "SELL" or "SALE" (Definitions ¶ 6) as overbroad, unduly burdensome,
6  vague and ambiguous, and oppressive and strays far from the English meaning of the
7  terms by including concepts such as distribution, licensing and marketing, which are
8  distinct from selling.  MGA Mexico will interpret the terms "SOLD," "SELL" or
9  "SALE" consistent with their ordinary, common usages.

10           8.    MGA Mexico objects to these interrogatories to the extent they
11  may unfairly seek to restrict the facts on which MGA Mexico may rely at trial.
12  Discovery has not been completed and MGA Mexico is not yet necessarily in
13  possession of all the facts and documents upon which MGA Mexico intends to rely.
14  All of the responses submitted herewith are tendered to Mattel with the reservation
15  that the responses are submitted without limiting the evidence on which MGA
16  Mexico may rely to support the contentions and defenses that MGA Mexico may
17  assert at the trial of this action and to rebut or impeach the contentions, assertions
18  and evidence that Mattel may present.  MGA Mexico reserves the right to
19  supplement or amend these responses at a future date.

20           9.    MGA Mexico objects to each interrogatory to the extent it seeks
21  information that will be the subject of expert witness testimony and that is therefore
22  premature.

23           10.    MGA Mexico objects to each interrogatory to the extent it calls
24  for a legal conclusion.

25           11.    MGA Mexico objects to each interrogatory to the extent it seeks
26  the disclosure of confidential, proprietary, or trade-secret information.

27

28

EXHIBIT 31    PAGE 614

1    12.    MGA Mexico reserves the right to object on any ground at any
2 time to such other supplemental discovery requests as Mattel may propound
3 involving or relating to the same subject matter of these interrogatories.

4    13.    In responding to these interrogatories, MGA Mexico has not
5 complied and will not comply with any instructions or definitions that seek to impose
6 requirements in addition to those imposed by the Federal Rules of Civil Procedure,
7 the local rules of this Court, any orders entered by the Court in this action, or other
8 applicable law.

9    14.    Consistent with Rule 33(d) of the Federal Rules of Civil
10 Procedure, MGA Mexico objects to providing responses to interrogatories that can
11 be derived from documents that have been or will be produced (when requested in
12 compliance with Rule 26) and where the burden of deriving such information is
13 substantially the same for Mattel as it is for MGA Mexico.

14    15.    MGA Mexico objects to the definitions, instructions, and
15 interrogatories to the extent they seek information that was prepared in anticipation
16 of litigation, constitutes attorney work product, discloses mental impressions,
17 conclusions, opinions or legal theories of any attorney for or otherwise representative
18 of MGA Mexico, contains privileged attorney-client communications, or is otherwise
19 protected from disclosure by any privileges, laws or rules.  MGA Mexico shall not
20 produce such information in response to Mattel's interrogatories.  Any disclosure of
21 such protected or privileged information is inadvertent and shall not be construed as
22 a waiver of those privileges or protections.  MGA Mexico reserves the right to
23 correct the record with regard to any such inadvertent disclosure, as provided for in
24 the Protective Order governing this case.

25    16.    MGA Mexico objects to each of Mattel's interrogatories because
26 Mattel has propounded more than 50 interrogatories, including discrete subparts.
27 Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50
28 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

MGA MEXICO'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES  NO. CV 04-9049 SGL (RNBx)
M

EXHIBIT  31    PAGE  615

1    17.    The responses below shall not be construed as an admission as to

2  the relevance or admissibility of any statement or characterization contained in any

3  interrogatory. MGA Mexico reserves all objections, including without limitation,

4  objections as to competency, relevance, materiality, privilege, authenticity, or

5  admissibility.

6    18.    To the extent MGA Mexico responds to an interrogatory, it does

7  so without waiving or intending to waive but rather, on the contrary, preserving and

8  intending to preserve, its contention that anything Mr. Bryant did on weekends,

9  evenings, vacation and any other time outside ordinary business hours was not done

10 while he was working for Mattel.  MGA Mexico's response may not be taken as an

11 admission that the information it provides in its response in any way reflects or

12 evidences work performed by Mr. Bryant while he was working for Mattel or that

13 MGA Mexico adopts or agrees with any fact or legal conclusion assumed, presumed

14 or contained in Mattel's interrogatory.

15 **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

16    Without waiving or departing from its General Response and General

17 Objections, and specifically incorporating them in its response to each interrogatory

18 below, MGA Mexico makes the following additional objections and responses to

19 specific interrogatories:

20 **INTERROGATORY NO. 48:**

21    Separately IDENTIFY each trade dress that YOU contend MATTEL

22 has copied, infringed or diluted or that is otherwise the subject of YOUR claims,

23 defenses or allegations in THIS ACTION.

24 **RESPONSE TO INTERROGATORY NO. 48:**

25    MGA Mexico incorporates by reference its General Response and

26 General Objections above, as though fully set forth herein and specifically

27 incorporates General Objection No. 7 (regarding Definitions), including without

28 limitation its objection to the definitions of the terms "IDENTIFY" and "SOLD."

6

EXHIBIT 31   PAGE 616

1 MGA Mexico also objects to this interrogatory to the extent it seeks information that

2 is not subject to disclosure under any applicable privilege, doctrine or immunity,

3 including without limitation the attorney-client privilege, the work product doctrine,

4 the right of privacy, and all other privileges recognized under the constitutional,

5 statutory or decisional law of the United States of America, the State of California or

6 any other applicable jurisdiction.

7        MGA Mexico further objects because the interrogatory additionally

8 contains discrete subparts that require separate, distinct and multiple responses

9 through defined terms. Specifically, Mattel's definitions of the terms "IDENTIFY"

10 as applied to trade dress would require MGA Mexico to provide separate, distinct,

11 and multiple responses. For example, Mattel's definition of the term "IDENTIFY" in

12 the context of this interrogatory purports to require MGA Mexico to "IDENTIFY"

13 discrete facts for each copied, infringed or diluted trade dress, including: (a) each

14 and every element that makes up the claimed trade dress; and (b) each and every

15 product or product packaging SOLD that embodies, uses or employs the claimed

16 trade dress. This interrogatory is further compounded by Mattel's definition of

17 "IDENTITY," which purports to require MGA Mexico to provide the following

18 information for each of the product or product packing requested to be identified as

19 part of Mattel's definition of "IDENTIFY," above: (1) the full name of the product,

20 or in the case of packaging, the product or item with which the packaging is used; (2)

21 the SKU number or any other applicable unique identifier or designation of the

22 product or, in the case of packaging, the product or item with which the packaging is

23 used; (3) the time period during which the product was, has been or will be SOLD

24 or, in the case of product packaging, the time period during which the product

25 packaging was, has been or will be used; and (4) the IDENTITY of each PERSON

26 who has licensed from YOU the right to SELL such product or, in the case of

27 product packaging, the IDENTITY of the PERSON who has licensed from YOU the

28 right to use the packaging or to SELL the products with which the packaging is used.

1   This interrogatory is further compounded by Mattel's definition of "IDENTITY,"
2   which purports to require MGA Mexico to provide the following information for
3   each of the persons requested to be identified as part of Mattel's definition of
4   "IDENTIFY," above: (1) the individual's name; (2) any known business title; (3) the
5   current or last known business affiliation; (4) the current or last known residential
6   address; (5) the current or last known business address; (6) the current or last known
7   relationship to MGA; and (7) the current or last known telephone number.
8   Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of
9   the foregoing information·about contentions regarding trade dress by each of the
10   multiple separate responding parties to this set of interrogatories.

11          MGA Mexico further objects to the extent this interrogatory seeks
12   information that is beyond MGA Mexico's personal knowledge and is not in MGA
13   Mexico's possession, custody, or control.  MGA Mexico also objects to this
14   interrogatory to the extent it calls for information already produced in this litigation
15   or more easily obtainable from other sources.  MGA Mexico objects to providing
16   responses to interrogatories that can be derived from documents that have been or
17   will be produced (when requested in compliance with Rule 26) and where the burden
18   to derive such information is substantially the same for Mattel as it is for MGA
19   Mexico.

20          MGA Mexico further objects to this interrogatory on the grounds that it
21   appears to be directed at other parties to the litigation, and not MGA Mexico.  MGA
22   Mexico does not assert trade dress claims in this action.  Therefore, this interrogatory
23   is inapplicable to MGA Mexico, seeks information that is not relevant to the claims
24   and defense in this action, and is not reasonably calculated to lead to the discovery of
25   admissible evidence.

26          MGA Mexico objects to this interrogatory because Mattel has
27   propounded more than 50 interrogatories.  Under Judge Larson's order of February
28   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

8

1  04049-SGL and CV 05-02727.]"

2  **INTERROGATORY NO. 49:**

3        For each trade dress identified in response to Interrogatory No. 48,

4  separately and fully IDENTIFY each and every MATTEL product, packaging or

5  other matter that YOU contend copies, infringes or dilutes such trade dress,

6  including without limitation by describing fully and separately, for each such

7  MATTEL product, packaging or other matter, each and every element of the claimed

8  trade dress that YOU contend MATTEL has copied, infringed or diluted.

9  **RESPONSE TO INTERROGATORY NO. 49:**

10        MGA Mexico incorporates by reference its General Response and

11  General Objections above, as though fully set forth herein and specifically

12  incorporates General Objection No. 7 (regarding Definitions), including without

13  limitation its objection to the definition of the terms "SOLD," "REFER OR RELATE

14  TO" and "IDENTIFY" insofar as it is used to refer to "product or packaging." MGA

15  Mexico also objects to this interrogatory to the extent it seeks information that is not

16  subject to disclosure under any applicable privilege, doctrine or immunity, including

17  without limitation the attorney-client privilege, the work product doctrine, the right

18  of privacy, and all other privileges recognized under the constitutional, statutory or

19  decisional law of the United States of America, the State of California or any other

20  applicable jurisdiction.

21        MGA Mexico objects because the interrogatory is compound on its

22  face. MGA Mexico further objects because the interrogatory additionally contains

23  discrete subparts that require separate, distinct and multiple responses through

24  defined terms. Specifically, Mattel's definition of the term "IDENTIFY"

25  (Definitions ¶ 10(c)) as it pertains to "product or packaging" requires MGA Mexico

26  to provide separate, distinct, and multiple responses. For example, Mattel's

27  definition of the term "IDENTIFY" in the context of this interrogatory purports to

28  require MGA Mexico to provide a multitude of discrete facts for each infringing or

EXHIBIT 31  PAGE 619

1 | diluting product, packaging or other matter, including: (1) the full name of the
2 | product, or in the case of packaging, the product or item with which the packaging is
3 | used; (2) the SKU number or any other applicable unique identifier or designation of
4 | the product or, in the case of packaging, the product or item with which the
5 | packaging is used; (3) the time period during which the product was, has been or will
6 | be SOLD or, in the case of product packaging, the time period during which the
7 | product packaging was, has been or will be used; and (4) the IDENTITY of each
8 | PERSON who has licensed from YOU the right to SELL such product or, in the case
9 | of product packaging, the IDENTITY of the PERSON who has licensed from YOU
10 | the right to use the packaging or to SELL the products with which the packaging is
11 | used. This interrogatory is further compounded by Mattel's definition of
12 | "IDENTITY," which purports to require MGA Mexico to provide the following
13 | information for each of the persons requested to be identified as part of Mattel's
14 | definition of "IDENTIFY," above: (1) the individual's name; (2) any known
15 | business title; (3) the current or last known business affiliation; (4) the current or last
16 | known residential address; (5) the current or last known business address; (6) the
17 | current or last known relationship to MGA; and (7) the current or last known
18 | telephone number. Additionally, through Mattel's definition of "YOU," this
19 | interrogatory asks for all of the foregoing information about contentions regarding
20 | trade dress by each of the multiple separate responding parties to this set of
21 | interrogatories.
22 |        MGA Mexico further objects to the extent this interrogatory seeks
23 | information that is beyond MGA Mexico's personal knowledge and is not in MGA
24 | Mexico's possession, custody, or control. MGA Mexico also objects to this
25 | interrogatory to the extent it calls for information already produced in this litigation
26 | or more easily obtainable from other sources. MGA Mexico objects to providing
27 | responses to interrogatories that can be derived from documents that have been or
28 | will be produced (when requested in compliance with Rule 26) and where the burden

EXHIBIT 31     PAGE 620

1  to derive such information is substantially the same for Mattel as it is for MGA
2  Mexico.

3         MGA Mexico further objects to this interrogatory on the grounds that it
4  appears to be directed at other parties to the litigation, and not MGA Mexico.  MGA
5  Mexico does not assert trade dress claims in this action.  Therefore, this interrogatory
6  is inapplicable to MGA Mexico, seeks information that is not relevant to the claims
7  and defense in this action, and is not reasonably calculated to lead to the discovery of
8  admissible evidence.

9         MGA Mexico objects to this interrogatory because Mattel has
10  propounded more than 50 interrogatories.  Under Judge Larson's order of February
11  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
12  04049-SGL and CV 05-02727.]"

13 **INTERROGATORY NO. 50:**

14         For each trade dress identified in response to Interrogatory No. 48,
15  separately and completely IDENTIFY all facts that support YOUR contention that
16  such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the
17  foregoing and all PERSONS with knowledge of the foregoing.

18 **RESPONSE TO INTERROGATORY NO. 50:**

19         MGA Mexico incorporates by reference its General Response and
20  General Objections above, as though fully set forth herein and specifically
21  incorporates General Objection No. 7 (regarding Definitions), including without
22  limitation its objection to the definitions of the terms "IDENTIFY" or "IDENTITY,"
23  and "REFER OR RELATE TO."  MGA Mexico also objects to this interrogatory to
24  the extent it seeks information that is not subject to disclosure under any applicable
25  privilege, doctrine or immunity, including without limitation the attorney-client
26  privilege, the work product doctrine, the right of privacy, and all other privileges
27  recognized under the constitutional, statutory or decisional law of the United States
28  of America, the State of California or any other applicable jurisdiction.

11

EXHIBIT 3\   PAGE 621

1         MGA Mexico further objects to the interrogatory on the grounds that it

2 is oppressive, harassing, and unduly burdensome insofar as it requires MGA Mexico

3 to compile detailed financial reports of information not reasonably available solely

4 for the purpose of responding to this interrogatory.

5         MGA Mexico further objects because the interrogatory additionally

6 contains discrete subparts that require separate, distinct and multiple responses

7 through defined terms. Specifically, Mattel's definitions of the terms "IDENTIFY"

8 as applied to the protectibility of trade dress would require MGA Mexico to provide

9 separate, distinct, and multiple responses.

10         For example, Mattel's definition of the term "IDENTIFY," in the

11 context of protectibility of a trade dress (Definitions ¶ 10(f)), requests at least four

12 different and distinct facts: (a) all facts that support YOUR contention that such

13 trade dress is inherently distinctive or has acquired secondary meaning and that such

14 trade dress is famous; (b) the date that YOU contend such trade dress acquired

15 secondary meaning and, if YOU contend the trade dress is famous, the date on which

16 YOU contend that it became famous; (c) all facts that support YOUR contention that

17 such trade dress is not functional; and (d) if YOU are relying on advertising to

18 establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or

19 anyone acting on YOUR behalf on advertising that features such trade dress.

20 Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of

21 the foregoing information about contentions regarding trade dress by each of the

22 multiple separate responding parties to this set of interrogatories.

23         MGA Mexico further objects to the extent this interrogatory seeks

24 information that is beyond MGA Mexico's personal knowledge and is not in MGA

25 Mexico's possession, custody, or control. In particular, MGA Mexico objects to this

26 interrogatory to the extent that it requests that MGA Mexico "IDENTIFY *all*

27 facts . . . *all* DOCUMENTS . . . and *all* PERSONS" (emphasis added). MGA

28 Mexico also objects to this interrogatory to the extent it calls for information already

EXHIBIT 31 PAGE 622

1 | produced in this litigation or more easily obtainable from other sources. MGA

2 | Mexico objects to providing responses to interrogatories that can be derived from

3 | documents that have been or will be produced (when requested in compliance with

4 | Rule 26) and where the burden to derive such information is substantially the same

5 | for Mattel as it is for MGA Mexico.

6 |        MGA Mexico further objects to this interrogatory on the grounds that it

7 | appears to be directed at other parties to the litigation, and not MGA Mexico. MGA

8 | Mexico does not assert trade dress claims in this action. Therefore, this interrogatory

9 | is inapplicable to MGA Mexico, seeks information that is not relevant to the claims

10 | and defense in this action, and is not reasonably calculated to lead to the discovery of

11 | admissible evidence.

12 |        MGA Mexico objects to this interrogatory because Mattel has

13 | propounded more than 50 interrogatories. Under Judge Larson's order of February

14 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

15 | 04049-SGL and CV 05-02727.]"

16 |        AS TO OBJECTIONS ONLY:

17 |

18 | DATED: November 26, 2007

19 |

20 |                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

21 |

22 |                    By: _____

23 |                       Thomas J. Nolan
                      Attorneys for Counter-Defendants, MGA

24 |                       ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LTD., and MGAE de MEXICO S.R.L. de C.V.

25 |

26 |

27 |

28 |

EXHIBIT 31   PAGE 623

**EXHIBIT 32**

1 THOMAS J. NOLAN (Bar No. 066992)
  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 300 South Grand Avenue
  Los Angeles, California 90071-3144
3 Telephone: (213) 687-5000
  Facsimile: (213) 687-5600
4 E-mail: tnolan@skadden.com

5 RAOUL D. KENNEDY (Bar No. 40892)
  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 Four Embarcadero Center, Suite 3800
  San Francisco, CA 94111
7 Telephone: (415) 984-6400
  Facsimile: (415) 984-2698
8 E-mail: rkennedy@skadden.com

9 Attorneys for Counter-Defendants,
  MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                        EASTERN DIVISION

14 CARTER BRYANT, an individual          ) CASE NO. CV 04-9049 SGL (RNBx)
                                         )
15            Plaintiff,                 ) Consolidated with Case No. 04-9059
                                         ) and Case No. 05-2727
16       v.                              )
                                         ) ISAAC LARIAN'S
17 MATTEL, INC., a Delaware              ) OBJECTIONS AND
   corporation                          ) RESPONSES TO MATTEL
18                                       ) INC.'S SEVENTH SET OF
            Defendant.                   ) INTERROGATORIES
19                                       )
                                         )
20                                       ) Honorable Stephen G. Larson
                                         ) Courtroom 1
21                                       )
                                         )
22 Consolidated with MATTEL, INC. v.     ) Discovery Cut-Off: March 3, 2008
   BRYANT and MGA                        )
23 ENTERTAINMENT, INC. v.                )
   MATTEL, INC.                          )
24                                       )

25 PROPOUNDING PARTY:     MATTEL, INC. ("MATTEL")

26 RESPONDING PARTY:      ISAAC LARIAN

27 SET NUMBER:            SEVENTH

28

EXHIBIT 32    PAGE 624

## PRELIMINARY STATEMENT

1

2      The General Response set forth herein applies to all responses that Isaac

3  Larian ("Larian") is providing in response to these interrogatories or may in the

4  future provide in response to any discovery request in this action.  The Response is

5  made without waiving, or intending to waive but, on the contrary, expressly

6  reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy

7  or materiality, or any other proper grounds, to the use of the Response, for any

8  purpose in whole or in part, in any subsequent step or proceeding in this action or

9  any other action; (b) the right to object on any and all grounds, at any time, to other

10  interrogatories or other discovery procedures; and (c) the right at any time to revise,

11  correct, add to, or clarify any of the responses propounded herein.

12      The Response reflects only the present state of Larian's discovery

13  regarding the information that Mattel seeks.  Discovery and other investigation or

14  research concerning this litigation are continuing.  It is anticipated that further

15  discovery, independent investigation, and legal research and analysis will supply

16  additional facts and meaning to the known facts, as well as establish entirely new

17  factual conclusions, all of which may lead Larian to discover other information

18  responsive to these interrogatories.  Larian therefore reserves the right to amend or

19  supplement this Response at any time in light of future investigation, research or

20  analysis, and also expressly reserves the right to rely on, at any time, including trial,

21  subsequently discovered information omitted from this Response as a result of

22  mistake, error, oversight or inadvertence.  Larian does not hereby admit, adopt or

23  acquiesce in any factual or legal contention, assertion or characterization contained

24  in the Interrogatories or any particular request therein, even where Larian has not

25  otherwise objected to a particular interrogatory, or has agreed to provide information

26  responsive to a particular interrogatory.

27      No incidental or implied admissions are intended by this Response.

28  These responses should not be taken as an admission that Larian accepts or admits

1

EXHIBIT __32__   PAGE __625__

1  the existence of any facts set forth or assumed by any instruction, definition or

2  interrogatory.

3  ## GENERAL OBJECTIONS

4       Larian responds to these interrogatories subject to the following general

5  objections and limitations, each of which is incorporated into each and every

6  response as though fully set forth therein:

7       1.     Larian objects to these interrogatories to the extent they seek

8  information that is not subject to disclosure under any applicable privilege, doctrine

9  or immunity, including without limitation the attorney-client privilege, the work

10  product doctrine, the right of privacy, and all other privileges recognized under the

11  constitutional, statutory or decisional law of the United States of America, the State

12  of California or any other applicable jurisdiction.

13       2.     Larian objects to these interrogatories to the extent they seek

14  information not relevant to the claims or defenses of any party to this action and not

15  reasonably calculated to lead to the discovery of admissible evidence.

16       3.     Larian objects to these interrogatories to the extent they seek

17  information which by reason of public filing or otherwise is already in Mattel's

18  possession or is readily accessible to Mattel.

19       4.     Larian objects to these interrogatories to the extent they seek the

20  disclosure of information (1) not currently within his possession, custody or control;

21  (2) that Larian cannot locate after a reasonably diligent search; or (3) that refer to

22  persons, entities, or events not known to Larian.  Such instructions, definitions, or

23  requests are objectionable where they seek to require more of Larian than any

24  obligation imposed by the Federal Rules of Civil Procedure; subject Larian to

25  unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to

26  impose upon Larian an obligation to investigate or discover information or materials

27  from sources equally accessible to Mattel.

28

5.    Larian objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.    Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

7.    Larian objects to the following definitions in these interrogatories:

(a)    Larian objects to the definition of the terms "IDENTIFY" or "IDENTITY" (Definitions ¶ 10) as overbroad, unduly burdensome, vague and ambiguous, and oppressive.  Mattel's definition of these terms inherently calls for answers to multiple discrete questions or subparts to questions.  For example, as those terms are used with reference to a protectibility of a trade dress (Definitions ¶ 10(f)), the use of those terms request at least four different and distinct facts:  (a) all facts that support YOUR contention that such trade dress is inherently distinctive or has acquired secondary meaning and that such trade dress is famous; (b) the date that YOU contend such trade dress acquired secondary meaning and, if YOU contend the trade dress is famous, the date on which YOU contend that it became famous; (c) all facts that support YOUR contention that such trade dress is not functional; and (d) if YOU are relying on advertising to establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or anyone acting on YOUR behalf on advertising that features such trade dress.  Therefore, any interrogatory that includes or incorporates the terms "IDENTIFY" or "IDENTITY" is necessarily compound, and should be posed as separate interrogatories;

(b)    Larian also objects to the term "any" (Definitions ¶ 11) on the grounds and to the extent it is overbroad, unduly burdensome, and/or is vague

3

EXHIBIT 32   PAGE 627

1 | and ambiguous in the context of the interrogatories as written and as those
2 | interrogatories would be plainly understood absent Mattel's definitions;
3 |        (c)    Larian objects to the definition of the terms "SOLD,"
4 | "SELL" or "SALE" (Definitions ¶ 6) as overbroad, unduly burdensome, vague and
5 | ambiguous, and oppressive and strays far from the English meaning of the terms by
6 | including concepts such as distribution, licensing and marketing, which are distinct
7 | from selling. Larian will interpret the terms "SOLD," "SELL" or "SALE" consistent
8 | with their ordinary, common usages.
9 |     8.    Larian objects to these interrogatories to the extent they may
10 | unfairly seek to restrict the facts on which Larian may rely at trial. Discovery has
11 | not been completed and Larian is not yet necessarily in possession of all the facts and
12 | documents upon which Larian intends to rely. All of the responses submitted
13 | herewith are tendered to Mattel with the reservation that the responses are submitted
14 | without limiting the evidence on which Larian may rely to support the contentions
15 | and defenses that Larian may assert at the trial of this action and to rebut or impeach
16 | the contentions, assertions and evidence that Mattel may present. Larian reserves the
17 | right to supplement or amend these responses at a future date.
18 |     9.    Larian objects to each interrogatory to the extent it seeks
19 | information that will be the subject of expert witness testimony and that is therefore
20 | premature.
21 |     10.    Larian objects to each interrogatory to the extent it calls for a
22 | legal conclusion.
23 |     11.    Larian objects to each interrogatory to the extent it seeks the
24 | disclosure of confidential, proprietary, or trade-secret information.
25 |     12.    Larian reserves the right to object on any ground at any time to
26 | such other supplemental discovery requests as Mattel may propound involving or
27 | relating to the same subject matter of these interrogatories.
28 |

13.    In responding to these interrogatories, Larian has not complied and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure, the local rules of this Court, any orders entered by the Court in this action, or other applicable law.

14.    Consistent with Rule 33(d) of the Federal Rules of Civil Procedure, Larian objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden of deriving such information is substantially the same for Mattel as it is for Larian.

15.    Larian objects to the definitions, instructions, and interrogatories to the extent they seek information that was prepared in anticipation of litigation, constitutes attorney work product, discloses mental impressions, conclusions, opinions or legal theories of any attorney for or otherwise representative of Larian, contains privileged attorney-client communications, or is otherwise protected from disclosure by any privileges, laws or rules.  Larian shall not produce such information in response to Mattel's interrogatories.  Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of those privileges or protections.  Larian reserves the right to correct the record with regard to any such inadvertent disclosure, as provided for in the Protective Order governing this case.

16.    Larian objects to each of Mattel's interrogatories because Mattel has propounded more than 50 interrogatories, including discrete subparts.  Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

17.    The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any

EXHIBIT 32   PAGE 629

1 interrogatory.  Larian reserves all objections, including without limitation, objections

2 as to competency, relevance, materiality, privilege, authenticity, or admissibility.

3        18.   To the extent Larian responds to an interrogatory, he does so

4 without waiving or intending to waive but rather, on the contrary, preserving and

5 intending to preserve, his contention that anything Mr. Bryant did on weekends,

6 evenings, vacation and any other time outside ordinary business hours was not done

7 while he was working for Mattel.  Larian's response may not be taken as an

8 admission that the information he provides in his response in any way reflects or

9 evidences work performed by Mr. Bryant while he was working for Mattel or that

10 Larian adopts or agrees with any fact or legal conclusion assumed, presumed or

11 contained in Mattel's interrogatory.

12 **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

13        Without waiving or departing from his General Response and General

14 Objections, and specifically incorporating them in his response to each interrogatory

15 below, Larian makes the following additional objections and responses to specific

16 interrogatories:

17 **INTERROGATORY NO. 48:**

18        Separately IDENTIFY each trade dress that YOU contend MATTEL

19 has copied, infringed or diluted or that is otherwise the subject of YOUR claims,

20 defenses or allegations in THIS ACTION.

21 **RESPONSE TO INTERROGATORY NO. 48:**

22        Larian incorporates by reference his General Response and General

23 Objections above, as though fully set forth herein and specifically incorporates

24 General Objection No. 7 (regarding Definitions), including without limitation his

25 objection to the definitions of the terms "IDENTIFY" and "SOLD."  Larian also

26 objects to this interrogatory to the extent it seeks information that is not subject to

27 disclosure under any applicable privilege, doctrine or immunity, including without

28 limitation the attorney-client privilege, the work product doctrine, the right of

1  privacy, and all other privileges recognized under the constitutional, statutory or

2  decisional law of the United States of America, the State of California or any other

3  applicable jurisdiction.

4         Larian further objects because the interrogatory additionally contains

5  discrete subparts that require separate, distinct and multiple responses through

6  defined terms.  Specifically, Mattel's definitions of the terms "IDENTIFY" as applied

7  to trade dress would require Larian to provide separate, distinct, and multiple

8  responses.  For example, Mattel's definition of the term "IDENTIFY" in the context

9  of this interrogatory purports to require Larian to "IDENTIFY" discrete facts for

10  each copied, infringed or diluted trade dress, including:  (a) each and every element

11  that makes up the claimed trade dress; and (b) each and every product or product

12  packaging SOLD that embodies, uses or employs the claimed trade dress.  This

13  interrogatory is further compounded by Mattel's definition of "IDENTITY," which

14  purports to require Larian to provide the following information for each of the

15  product or product packing requested to be identified as part of Mattel's definition of

16  "IDENTIFY," above:  (1) the full name of the product, or in the case of packaging,

17  the product or item with which the packaging is used; (2) the SKU number or any

18  other applicable unique identifier or designation of the product or, in the case of

19  packaging, the product or item with which the packaging is used; (3) the time period

20  during which the product was, has been or will be SOLD or, in the case of product

21  packaging, the time period during which the product packaging was, has been or will

22  be used; and (4) the IDENTITY of each PERSON who has licensed from YOU the

23  right to SELL such product or, in the case of product packaging, the IDENTITY of

24  the PERSON who has licensed from YOU the right to use the packaging or to SELL

25  the products with which the packaging is used.  This interrogatory is further

26  compounded by Mattel's definition of "IDENTITY," which purports to require

27  Larian to provide the following information for each of the persons requested to be

28  identified as part of Mattel's definition of "IDENTIFY," above:  (1) the individual's

LARIAN'S RESPONSES TO MATTEL INC.'S SEVENTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 32   PAGE 631

1  name; (2) any known business title; (3) the current or last known business affiliation;

2  (4) the current or last known residential address; (5) the current or last known

3  business address; (6) the current or last known relationship to MGA; and (7) the

4  current or last known telephone number.  Additionally, through Mattel's definition of

5  "YOU," this interrogatory asks for all of the foregoing information about contentions

6  regarding trade dress by each of the multiple separate responding parties to this set of

7  interrogatories.

8        Larian further objects to the extent this interrogatory seeks information

9  that is beyond Larian's personal knowledge and is not in Larian's possession,

10  custody, or control.  Larian also objects to this interrogatory to the extent it calls for

11  information already produced in this litigation or more easily obtainable from other

12  sources.  Larian objects to providing responses to interrogatories that can be derived

13  from documents that have been or will be produced (when requested in compliance

14  with Rule 26) and where the burden to derive such information is substantially the

15  same for Mattel as it is for Larian.

16        Larian further objects to this interrogatory on the grounds that it appears

17  to be directed at other parties to the litigation, and not Larian.  Larian does not assert

18  trade dress claims in this action.  Therefore, this interrogatory is inapplicable to

19  Larian, seeks information that is not relevant to the claims and defense in this action,

20  and is not reasonably calculated to lead to the discovery of admissible evidence.

21        Larian objects to this interrogatory because Mattel has propounded

22  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

23  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

24  SGL and CV 05-02727.]"

25

26  **INTERROGATORY NO. 49:**

27        For each trade dress identified in response to Interrogatory No. 48,

28  separately and fully IDENTIFY each and every MATTEL product, packaging or

1  other matter that YOU contend copies, infringes or dilutes such trade dress,

2  including without limitation by describing fully and separately, for each such

3  MATTEL product, packaging or other matter, each and every element of the claimed

4  trade dress that YOU contend MATTEL has copied, infringed or diluted.

5  **RESPONSE TO INTERROGATORY NO. 49:**

6  　　　　　Larian incorporates by reference his General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including without limitation his

9  objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and

10  "IDENTIFY" insofar as it is used to refer to "product or packaging." Larian also

11  objects to this interrogatory to the extent it seeks information that is not subject to

12  disclosure under any applicable privilege, doctrine or immunity, including without

13  limitation the attorney-client privilege, the work product doctrine, the right of

14  privacy, and all other privileges recognized under the constitutional, statutory or

15  decisional law of the United States of America, the State of California or any other

16  applicable jurisdiction.

17  　　　　　Larian objects because the interrogatory is compound on its face.

18  Larian further objects because the interrogatory additionally contains discrete

19  subparts that require separate, distinct and multiple responses through defined terms.

20  Specifically, Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it

21  pertains to "product or packaging" requires Larian to provide separate, distinct, and

22  multiple responses. For example, Mattel's definition of the term "IDENTIFY" in the

23  context of this interrogatory purports to require Larian to provide a multitude of

24  discrete facts for each infringing or diluting product, packaging or other matter,

25  including: (1) the full name of the product, or in the case of packaging, the product

26  or item with which the packaging is used; (2) the SKU number or any other

27  applicable unique identifier or designation of the product or, in the case of

28  packaging, the product or item with which the packaging is used; (3) the time period

9

EXHIBIT　32　PAGE　633

1  during which the product was, has been or will be SOLD or, in the case of product

2  packaging, the time period during which the product packaging was, has been or will

3  be used; and (4) the IDENTITY of each PERSON who has licensed from YOU the

4  right to SELL such product or, in the case of product packaging, the IDENTITY of

5  the PERSON who has licensed from YOU the right to use the packaging or to SELL

6  the products with which the packaging is used.  This interrogatory is further

7  compounded by Mattel's definition of "IDENTITY," which purports to require

8  Larian to provide the following information for each of the persons requested to be

9  identified as part of Mattel's definition of "IDENTIFY," above:  (1) the individual's

10  name; (2) any known business title; (3) the current or last known business affiliation;

11  (4) the current or last known residential address; (5) the current or last known

12  business address; (6) the current or last known relationship to MGA; and (7) the

13  current or last known telephone number.  Additionally, through Mattel's definition of

14  "YOU," this interrogatory asks for all of the foregoing information about contentions

15  regarding trade dress by each of the multiple separate responding parties to this set of

16  interrogatories.

17          Larian further objects to the extent this interrogatory seeks information

18  that is beyond Larian's personal knowledge and is not in Larian's possession,

19  custody, or control.  Larian also objects to this interrogatory to the extent it calls for

20  information already produced in this litigation or more easily obtainable from other

21  sources.  Larian objects to providing responses to interrogatories that can be derived

22  from documents that have been or will be produced (when requested in compliance

23  with Rule 26) and where the burden to derive such information is substantially the

24  same for Mattel as it is for Larian.

25          Larian further objects to this interrogatory on the grounds that it appears

26  to be directed at other parties to the litigation, and not Larian.  Larian does not assert

27  trade dress claims in this action.  Therefore, this interrogatory is inapplicable to

28  Larian, seeks information that is not relevant to the claims and defense in this action,

10

EXHIBIT __32__ PAGE __634__

1 | and is not reasonably calculated to lead to the discovery of admissible evidence.

2 |    Larian objects to this interrogatory because Mattel has propounded

3 | more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

4 | "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

5 | SGL and CV 05-02727.]"

6 | **INTERROGATORY NO. 50:**

7 |    For each trade dress identified in response to Interrogatory No. 48,

8 | separately and completely IDENTIFY all facts that support YOUR contention that

9 | such trade dress is protectible, all DOCUMENTS that REFER OR RELATE to the

10 | foregoing and all PERSONS with knowledge of the foregoing.

11 | **RESPONSE TO INTERROGATORY NO. 50:**

12 |    Larian incorporates by reference his General Response and General

13 | Objections above, as though fully set forth herein and specifically incorporates

14 | General Objection No. 7 (regarding Definitions), including without limitation his

15 | objection to the definitions of the terms "IDENTIFY" or "IDENTITY," and "REFER

16 | OR RELATE TO."  Larian also objects to this interrogatory to the extent it seeks

17 | information that is not subject to disclosure under any applicable privilege, doctrine

18 | or immunity, including without limitation the attorney-client privilege, the work

19 | product doctrine, the right of privacy, and all other privileges recognized under the

20 | constitutional, statutory or decisional law of the United States of America, the State

21 | of California or any other applicable jurisdiction.

22 |    Larian further objects to the interrogatory on the grounds that it is

23 | oppressive, harassing, and unduly burdensome insofar as it requires Larian to

24 | compile detailed financial reports of information not reasonably available solely for

25 | the purpose of responding to this interrogatory.

26 |    Larian further objects because the interrogatory additionally contains

27 | discrete subparts that require separate, distinct and multiple responses through

28 | defined terms.  Specifically, Mattel's definitions of the terms "IDENTIFY" as applied

EXHIBIT __32__ PAGE __635__

1   to the protectibility of trade dress would require Larian to provide separate, distinct,

2   and multiple responses.

3         For example, Mattel's definition of the term "IDENTIFY," in the

4   context of protectibility of a trade dress (Definitions ¶ 10(f)), requests at least four

5   different and distinct facts: (a) all facts that support YOUR contention that such

6   trade dress is inherently distinctive or has acquired secondary meaning and that such

7   trade dress is famous; (b) the date that YOU contend such trade dress acquired

8   secondary meaning and, if YOU contend the trade dress is famous, the date on which

9   YOU contend that it became famous; (c) all facts that support YOUR contention that

10  such trade dress is not functional; and (d) if YOU are relying on advertising to

11  establish secondary meaning or fame, the dollar amounts, by year, spent by YOU or

12  anyone acting on YOUR behalf on advertising that features such trade dress.

13  Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of

14  the foregoing information about contentions regarding trade dress by each of the

15  multiple separate responding parties to this set of interrogatories.

16        Larian further objects to the extent this interrogatory seeks information

17  that is beyond Larian's personal knowledge and is not in Larian's possession,

18  custody, or control.  In particular, Larian objects to this interrogatory to the extent

19  that it requests that Larian "IDENTIFY *all* facts . . . *all* DOCUMENTS . . . and *all*

20  PERSONS" (emphasis added).  Larian also objects to this interrogatory to the extent

21  it calls for information already produced in this litigation or more easily obtainable

22  from other sources.  Larian objects to providing responses to interrogatories that can

23  be derived from documents that have been or will be produced (when requested in

24  compliance with Rule 26) and where the burden to derive such information is

25  substantially the same for Mattel as it is for Larian.

26        Larian further objects to this interrogatory on the grounds that it appears

27  to be directed at other parties to the litigation, and not Larian.  Larian does not assert

28  trade dress claims in this action.  Therefore, this interrogatory is inapplicable to

12

EXHIBIT 32   PAGE 636

1  Larian, seeks information that is not relevant to the claims and defense in this action,

2  and is not reasonably calculated to lead to the discovery of admissible evidence.

3       Larian objects to this interrogatory because Mattel has propounded

4  more than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

5  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

6  SGL and CV 05-02727.]"

7       AS TO OBJECTIONS ONLY:

8

9  DATED:  November 26, 2007

10

11                 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

12

13                 By: _____

14                     Thomas J. Nolan
   Attorneys for Counter-Defendants, MGA

15  ENTERTAINMENT, INC., ISAAC LARIAN,
   MGA ENTERTAINMENT (HK) LTD., and
   MGAE de MEXICO S.R.L. de C.V.

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __32__ PAGE __637__

**EXHIBIT 33**

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7                      UNITED STATES DISTRICT COURT

8                     CENTRAL DISTRICT OF CALIFORNIA

9                            EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12              Plaintiff,

13        v.                               Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 ORDER GRANTING JOINT MOTION
                                           FOR PROTECTIVE ORDER
16                                         REGARDING MATTEL'S
                                           INTERROGATORIES; DENYING
17                                         MATTEL'S MOTION TO COMPEL
                                           INTERROGATORY RESPONSES
18
    CONSOLIDATED WITH
19  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
20  INC.

21

22

23                          I. INTRODUCTION

24      Presently pending are two separate motions pertaining to Mattel's Third Set of

25  Interrogatories:  (1) MGA Entertainment, Inc., MGA Entertainment (HK) LTD., Isaac Larian, and

26  Carter Bryant's (collectively "Defendants") Joint Motion For Protective Order Regarding Mattel,

27

28  Bryant v. Mattel, Inc.,                                                          1
    CV-04-09049 SGL (RNBx)

                              9-05-07

EXHIBIT 33    PAGE 638

1  Inc.'s ("Mattel") Interrogatories[1]; and (2) Mattel's motion to compel Defendants to answer the

2  Third Set of Interrogatories.[2] Having considered the motion papers and the comments of counsel

3  at the hearing, the joint motion for a protective order is granted, and Mattel's motion to compel

4  interrogatory responses is denied. MGA's request for sanctions in connection with Mattel's

5  motion to compel interrogatory responses is also denied.[3]

6  ## II. BACKGROUND

7  In December of 2004, Mattel served Carter Bryant ("Bryant") and MGA Entertainment,

8  Inc. ("MGA") with its First Set of Interrogatories, which consisted of a total of six interrogatories.

9  In April of 2005, Mattel served Bryant and MGA with its Second Set of Interrogatories, asking

10  Bryant four questions and MGA seven questions. Of these, three interrogatories to Bryant were

11  identical to three interrogatories to MGA. In December of 2006, Mattel served MGA with its

12  First Set of Interrogatories Re Claims of Unfair Competition, which consisted of ten additional

13  interrogatories.

14  During a scheduling conference held on February 12, 2007, the district court imposed a

15  limit on interrogatories of "50 for each side for both cases." February 27, 2007 Minute Order,

16  Proctor Dec., Ex. 6; Tr. of scheduling conference, Proctor Dec., Ex. 7. When MGA asked

17  whether all Defendants would count as one "side" under the court's order, the court confirmed

18  that was its intent: "there's one party, essentially, on the other side, and [defendants] have two

19  parties." Tr. of scheduling conference, Proctor Dec., Ex. 7. After MGA clarified that there were

20  actually six Defendants, the court asked Bryant's counsel if Bryant would need to serve fifty

21

22

23

24  [1] Defendants submitted their joint motion on July 10, 2007. Mattel submitted its opposition on July 17, 2007. Defendants submitted their reply brief on July 20, 2007.

25  [2] Mattel submitted its motion to compel on July 18, 2007. Defendants submitted an opposition on August 1, 2007. Mattel submitted its reply brief on August 6, 2007.

26  [3] The Discovery Master determined that a hearing was not necessary.

27

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 33   PAGE 639

1   interrogatories on Mattel in addition to MGA's interrogatories.  Bryant stated that he probably

2   would not.  The court responded as follows:

3           Let's try to work within the confines of the 50 interrogatories, and if you
    need more, again, the court is going to be forthcoming, if there's a need for it.

4   And it's the type of order that if you can stipulate amongst yourselves, you're not
    going to need an order from the court.

5

6           But if you're not agreeing amongst yourselves, then you're going to have
    to come back to the court before you bust those limits.  Unlike every other order

7   the court issues, where once the court issues an order and you need an order from
    the court to alter that, this is one that I will give you authority amongst yourselves

8   to stipulate to a greater number.  But [let's] be reasonable.  I can't imagine you
    can't work this out.  I just don't want to have open-ended numbers of

9   interrogatories and experts.

10  Id. at 24:5-18.  The court also directed the parties to return to court if they were unable to reach

11  an agreement.  Id. at 24:23.

12          On June 7, 2007, Mattel served its Third Set of Interrogatories on the "other side" –

13  MGA, MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian ("Larian") and Bryant

14  – asking each of these four defendants the same nineteen questions.  On July 9, 2007, MGA,

15  MGA Hong Kong, Larian and Bryant each separately served objections to the Third Set of

16  Interrogatories and no responses.  The parties met and conferred on July 10, 2007.  Defendants

17  refused to answer any of the interrogatories, claiming that Mattel had exceeded the fifty

18  interrogatory limit and that the interrogatories were otherwise objectionable on several grounds.

19  Defendants contended that Mattel exceeded the 50 interrogatories limit by serving interrogatories

20  that are compound and by serving interrogatories on multiple responding parties on the "same

21  side."  By Defendants' calculations, when each discrete subpart of each of Mattel's

22  interrogatories served on each of the responding parties are counted separately, Mattel has

23  served, at a minimum, 227 separate interrogatories.  In contrast, Mattel contended that its

24  interrogatories are not compound, and that each identical interrogatory it serves should be

25  counted as one, regardless of how many parties it serves on the "other side."  By Mattel's

26  calculations, it has propounded a total of forty-three non-identical interrogatories.  The parties

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                        3

EXHIBIT 33   PAGE 640

1   also discussed potentially stipulating to a greater number of interrogatories but apparently did not

2   reach an agreement.

3        Defendants move for a protective order preventing Mattel from serving additional

4   interrogatories and requiring Mattel to serve a revised Third Set of Interrogatories or else identify

5   which interrogatories (or subparts) it wishes to be answered, consistent with the limits imposed

6   by the district court.  Mattel opposes the motion, contending that it has not exceeded the 50

7   interrogatory limit set by the district court.  In a separate motion, Mattel moves to compel

8   Defendants to provide responses to its Third Set of Interrogatories.

9                              III. STANDARDS

10       Under Federal Rules of Civil Procedure 26(c), a court may "make any order which justice

11  requires to protect a party or person from annoyance, embarrassment, oppression, or undue

12  burden or expense," including "that the disclosure or discovery not be had."

13                              IV. DISCUSSION

14       Defendants' motion for a protective order raises essentially three issues:  (1) whether an

15  identical interrogatory served on several Defendants should be counted as only one interrogatory

16  or counted separately for each Defendant served with the identical interrogatory; (2) whether an

17  interrogatory that requires a Defendant to "state all facts," "identify all persons with knowledge of

18  such facts," and "identify all documents" should be counted as a single interrogatory or three

19  separate interrogatories; and (3) whether an interrogatory that covers multiple claims, legal

20  theories or other subjects should be counted as a single interrogatory or multiple interrogatories.

21  A. The Fifty "Per Side" Limit

22       The district court limited interrogatories to fifty "per side." Although the district court's

23  order does not speak directly to this issue, the most reasonable approach is to count one identical

24  interrogatory served on all six of the Defendants as one interrogatory.  Under this approach,

25  Mattel may serve a total of 50 non-identical interrogatories to the "other side," and Defendants

26  collectively may serve a total of 50 non-identical interrogatories on Mattel.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 33   PAGE 641

1    Defendants' alternative approach is not realistic because it would leave Mattel with far

2    fewer interrogatories than the 50 permitted by the district court.  Indeed, Defendants' approach

3    would not even provide Mattel with the presumptive limit of 25 interrogatories permitted under

4    Rule 33(a), Fed.R.Civ.P.  Under Defendants' approach, Mattel would be limited to approximately

5    eight interrogatories for each of the six Defendants, but Defendants would be allowed to serve 50

6    interrogatories on Mattel.  Such an imbalance would be fundamentally unfair.

7        Therefore, for purposes of applying the 50 interrogatory limit, one identical interrogatory

8    served on all six of the Defendants is counted as one interrogatory.

9    B. Interrogatories Requiring Responding Party to:  (1) state all facts; (2) identify all persons with

10   knowledge; and (3) identify all documents

11       Pursuant to Rule 33(a), Fed.R.Civ.P., "discrete subparts" of an interrogatory are to be

12   counted as separate interrogatories for purposes of the statutorily imposed limit on the number of

13   interrogatories a party may serve upon any other party.  Although Rule 33(a) does not define the

14   term "discrete subparts," The Advisory Committee addresses this issue and provides the

15   following guidance as to when subparts should and should not count as separate interrogatories:

16       Each party is allowed to serve 25 interrogatories upon any other party, but must
     secure leave of court (or stipulation from the opposing party) to serve a larger
17   number. Parties cannot evade this presumptive limitation through the device of
     joining as 'subparts' questions that seek information about discrete separate
18   subjects. However, a question asking about communications of a particular type
     should be treated as a single interrogatory even though it requests that the time,
19   place, persons present, and contents be stated separately for each such
     communication.

20

21   Advisory Committee Notes for the 1993 Amendments to Rule 33.  A leading treatise has

22   explained that "it would appear that an interrogatory containing subparts directed at eliciting

23   details concerning the common theme should be considered a single question, although the

24   breadth of an area inquired about may be disputable."  8A Charles A. Wright, Arthur R. Miller &

25   Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 261 (2d ed. 1994).  "Although

26   there is no bright-line test as to whether a subpart should be counted as an interrogatory, the

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                          5

EXHIBIT 33  PAGE 642

1  weight of authority interpreting Rule 33(a) requires examining whether the subparts are

2  'logically or factually subsumed within and necessarily related to the primary question.'"

3  Chapman v. California Dept. of Education, 2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) citing

4  Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal. 1998), quoting Ginn v. Gemini

5  Inc., 137 F.R.D. 320, 322 (D. Nev. 1991).

6        Cases applying Rule 33(a), Fed.R.Civ.P., however, have not been consistent in addressing

7  whether an interrogatory constitutes one or more interrogatories if it asks the responding party to

8  (1) state all facts, (2) identify all persons with knowledge of such facts, and/or (3) identify all

9  documents referring or relating to such facts.  On the one hand, for example, in United States ex

10  rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc., 235 F.R.D. 521, 524 (D.C. Cir. 2006),

11  the court explained that an "interrogatory may properly seek identification of documents and facts

12  supporting a contention, but it may not do so in a single interrogatory."  See also Nobles v. Jacobs

13  IMC, 2003 WL 23198817 (D. Virgin Islands 2003) (finding that an interrogatory that asks the

14  responding party to state all facts regarding a particular issue and to identify all persons having

15  knowledge of such information is two separate interrogatories); Chapman v. California Dept. of

16  Education, 2002 WL 32854376 (N.D. Cal. Feb. 6, 2002) (treating an interrogatory seeking

17  disclosure of facts (including the identity of persons with knowledge) and documents as two

18  separate interrogatories); Kendall v. GES Exposition Services, Inc., 174 F.R.D. 684, 685-86 (D.

19  Nevada 1997) (determining that a subpart asking for documents in addition to facts should be

20  treated as two subparts).  On the other hand, for example, in Krawczyc v. City of Dallas, 2004

21  WL 614842 at *3 (N.D. Tex. 2004), the court held that an interrogatory asking a party to state

22  facts supporting a contention and to identify persons with knowledge of those facts counts as one

23  interrogatory because "[w]itnesses and their statements are facts," and hence the subpart is

24  "factually subsumed within and necessarily related to the primary question."

25        In the instant case, most of Mattel's interrogatories follow the same format, asking the

26  responding party to state all facts supporting a contention or contentions, to identity persons with

27

28

EXHIBIT 33 PAGE 643

1  knowledge, and to identify all documents that refer or relate to such acts. Notwithstanding

2  caselaw to the contrary, these subparts are not discrete. Rather, the subparts are related and

3  directed to the underlying details of a specifically identified contention (or contentions) in a

4  manner similar to the example given in the Advisory Committee Notes: "a question asking about

5  communications of a particular type should be treated as a single interrogatory even though it

6  requests that the time, place, persons present, and contents be stated separately for each such

7  communication." Therefore, subparts seeking facts supporting a contention, the identity of

8  persons with knowledge, and documents are not counted separately for purposes of applying the

9  50 interrogatory limit.

10  C. Interrogatories Addressing Several Discrete Issues

11       Notwithstanding the discussion above in Section "B," many of Mattel's interrogatories are

12  compound because they address discrete issues. For example, Mattel has propounded the

13  following interrogatory:

14          State all facts that support YOUR contention, if YOU so contend, that one
   or more of MATTEL's claims against YOU in THIS ACTION is barred, in whole

15  or in part, by the doctrines of unclean hands, estoppel, waiver, or consent, and
   IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

16  that REFER OR RELATE TO such facts.[4]

17  This interrogatory is directed to four separate and discrete defense theories: unclean hands,

18  estoppel, waiver and consent. Therefore, the interrogatory is compound and each of the four

19  discrete subparts should be counted as a separate interrogatory. See Safeco of America, 181

20  F.R.D. at 446 ("Where the underlying requests for admissions [that are the subject of an

21  interrogatory] concern different, separate, or discrete matters, however, the interrogatory should

22  be viewed as containing a subpart for each request."); see also Sec. Ins Co. v. Trustmark Ins. Co.,

23  2003 WL 22326563 (D. Conn. 2003) (finding that a single interrogatory seeking information

24

25

26       [4] Mattel's Third Set of Interrogatories (No. 18), Glad Dec., Ex. 9.

27

28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                                                 7

EXHIBIT 33   PAGE 644

1   about all elements of a given claim was compound and explaining that each element of a claim is

2   discrete and constitutes a separate interrogatory).

3       Mattel's next interrogatory is even more expansive, covering multiple legal theories and

4   factual matters:

5           State all facts that support YOUR contention, if YOU so contend, that
        YOU did not intentionally interfere with the INVENTIONS AGREEMENT or

6           any other agreement or contract between MATTEL and BRYANT, or aid or abet
        any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL,

7           when BRYANT purported to TRANSFER and MGA purported to ACQUIRE
        rights to BRATZ or when BRATZ performed work or services with or for MGA

8           while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with
        knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

9           such facts.[5]

10   This interrogatory includes three different legal contentions: (1) intentional interference with the

11   Inventions Agreement; (2) intentional interference with any other agreement or contract between

12   Mattel and Bryant; and (3) aiding or abetting any breach of fiduciary duty or duty of loyalty

13   owed by Bryant to Mattel.[6]  In addition, this interrogatory asks the responding party to apply two

14   different sets of factual allegations to the three different legal contentions.  Therefore, the

15   interrogatory consists of six discrete subparts, each of which counts as a separate interrogatory.

16       The following additional interrogatories contain similar types of discrete and separate

17   subparts:  Mattel's First Set of Interrogatories (Unfair Competition), No. 5 (two discrete

18   subparts); No. 10 (two discrete subparts); Mattel's Third Set of Interrogatories, No. 17 (two

19   discrete subparts), No. 22 (two discrete subparts), No. 23 (4 discrete subparts), No. 25 (two

20   discrete subparts), and No. 27 (2 discrete subparts).  When all of these discrete subparts are taken

21   into consideration, it is evident that Mattel exceeded the 50 interrogatory limit when it

22

23

24       [5]  Id. (No. 21).

25

26       [6]  The portion of the interrogatory seeking contentions about a potential breach of a fiduciary duty or the duty of loyalty could potentially be interpreted as two separate interrogatories, but because these theories are similar and presumably would be based on interrelated facts, this portion of the interrogatory will count as one interrogatory.

27

28

EXHIBIT 33  PAGE 645

1    propounded its Third Set of Interrogatories.  Therefore, Defendants are entitled to a protective

2    order.

3                                    V. CONCLUSION

4              For the reasons set forth above, Defendants' motion for a protective order is granted, and

5    Mattel's motion to compel responses to the Third Set of Interrogatories is denied.  Mattel may

6    serve a Revised Third Set of Interrogatories that shall not exceed the 50 interrogatory limit

7    imposed by the district court.  MGA's request for sanctions in connection with Mattel's motion to

8    compel interrogatory responses is denied.

9              Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

10   Master, MGA shall file this Order with the Clerk of Court forthwith.

11

12

13   Dated: September 5, 2007

14                                         HON. EDWARD A. INFANTE (Ret.)
                                                  Discovery Master
15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Bryant v. Mattel, Inc.,                                                              9
     CV-04-09049 SGL (RNBx)

EXHIBIT 33   PAGE 646

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 5, 2007, I served the attached ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER REGARDING MATTEL'S INTERROGATORIES; DENYING MATTEL'S MOTION TO COMPEL INTERROGATORY RESPONSES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendall Esq. | O'Melveny & Myers LLP | dcendall@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 5, 2007, at San Francisco, California.

*Sandra Chan*

Sandra Chan

EXT 33 PAGE 647

**EXHIBIT 34**

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   |    John B. Quinn (Bar No. 090378)
2 |    johnquinn@quinnemanuel.com
   |    Michael T. Zeller (Bar No. 196417)
3 |    (michaelzeller@quinnemanuel.com)
   |    Jon D. Corey (Bar No. 185066)
4 |    (joncorey@quinnemanuel.com)
   |    Timothy L. Alger (Bar No. 160303)
5 |    (timalger@quinnemanuel.com)
   | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   | Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff Mattel, Inc.

9 |               UNITED STATES DISTRICT COURT

10 |             CENTRAL DISTRICT OF CALIFORNIA

11 |                    EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S THIRD SET OF INTERROGATORIES |
| Defendant. | Discovery Cutoff: October 22, 2007<br>Final Pretrial Conf.: January 14, 2008<br>Trial Date: February 12, 2008 |
| AND CONSOLIDATED ACTIONS | Discovery Cutoff: March 3, 2008<br>Final Pretrial Conf.: June 2, 2008<br>Trial Date: July 1, 2008 |

PROPOUNDING PARTY:   Mattel, Inc.

RESPONDING PARTIES:   MGA Entertainment, Inc., Isaac Larian, Carter Bryant and MGA Entertainment HK Limited

SET NO.:   THREE

07209/2120252.5

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 34   PAGE 648

1   Pursuant to Federal Rule of Civil Procedure 33, plaintiff Mattel, Inc.
2   ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter
3   Bryant and MGA Entertainment HK Limited (collectively, "the Responding
4   Parties") individually answer the following Interrogatories separately and fully, in
5   writing and under oath, within 30 days after service hereof.  The Responding Parties
6   shall be obligated to supplement their responses to the Interrogatories at such times
7   and to the extent required by the Federal Rules of Civil Procedure.
8
9                               **Definitions**
10      1.      "YOU" and "YOUR" mean each of the Responding Parties.
11      2.      "BRYANT" means Carter Bryant individually.
12      3.      "LARIAN" means Isaac Larian individually.
13      4.      "MGA" means MGA Entertainment, Inc., any of its current or
14   former employees, officers, directors, agents, representatives, attorneys, experts,
15   divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any
16   other PERSON acting on its behalf, pursuant to its authority or subject to its control.
17   Without limiting the foregoing, "MGA" includes the entities known as ABC
18   International Traders or ABC International Traders, Inc.  For purposes of the these
19   Interrogatories, "MGA" does not include BRYANT.
20      5.      "MATTEL" means Mattel, Inc., its current employees, officers,
21   directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
22   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
23   PERSON acting on its behalf, pursuant to its authority or subject to its control.
24      6.      "AFFILIATES" means any and all corporations, proprietorships,
25   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
26   indirectly, in whole or in part, own or control, are under common ownership or
27   control with, or are owned or controlled by a PERSON, party or entity, including
28

07209/2120252.5

-1-

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT __34__ PAGE _49_

1 without limitation each parent, subsidiary and joint venture of such PERSON, party

2 or entity.

3       7.    "PERSON" or "PERSONS" means all natural persons,

4 partnerships, corporations, joint ventures and any kind of business, legal or public

5 entity or organization, as well as its, his or her agents, representatives, employees,

6 officers and directors and any one else acting on its, his or her behalf, pursuant to

7 its, his or her authority or subject to its, his or her control.

8       8.    "DESIGN" or "DESIGNS" means any and all representations,

9 whether two-dimensional or three-dimensional, and whether in tangible, digital,

10 electronic or other form, including but not limited to all works, designs, artwork,

11 sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12 diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13 practice, developments, inventions and/or improvements, as well as all other items,

14 things and DOCUMENTS in which any of the foregoing are or have been

15 expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16 or in part.

17       9.    "BRATZ" means any project, product, doll or DESIGN ever

18 known by that name (whether in whole or in part and regardless of what such

19 project, product or doll is or has been also, previously or subsequently called) and

20 any product, doll or DESIGN or any portion thereof that is now or has ever been

21 known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22 in part and regardless of what such product, doll or DESIGN or portion thereof is or

23 has been also, previously or subsequently called) or that is now or has ever been

24 sold or marketed as part of the "Bratz" line, and each version or iteration of such

25 product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

26 DESIGN or any portion thereof" also includes without limitation any names,

27 fashions, accessories, artwork, packaging or any other works, materials, matters or

28 items included or associated therewith. Without limiting the generality of the

07209/2120252.5

-2-

EXHIBIT _34_   PAGE _650_

1   foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2   discovery requests, the term "BRATZ" does not and shall not require that there be a

3   doll existing at the time of the event, incident or occurrence that is the subject of, or

4   otherwise relevant or responsive to, the Interrogatories.

5          10.     "BRATZ INVENTION" means any representation, idea,

6   concept, work, process, procedure, plan, improvement, design or other development,

7   whether fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,

8   including but not limited to any DESIGN that REFERS OR RELATES TO BRATZ.

9          11.     "SOLD," "SELL" or "SALE" means to distribute, market,

10   license, sell, offer to sell, or convey or transfer in any way for compensation.

11          12.     "BRATZ DOLL" means any doll that is or has ever been SOLD

12   that REFERS OR RELATES TO BRATZ.

13          13.     "BRATZ MOVIE" means any motion picture or film that is or

14   has ever been SOLD that REFERS OR RELATES TO BRATZ.

15          14.     "BRATZ TELEVISION SHOW" means any production

16   exhibited on television that is or has ever been SOLD that REFERS OR RELATES

17   TO BRATZ.

18          15.     "BRATZ PRODUCT" means any product, whether two-

19   dimensional or three-dimensional, and whether in tangible, digital, electronic or

20   other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

21   RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

22   MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

23   product that is or has ever been SOLD in any packaging that includes the name

24   "Bratz" or REFERS OR RELATES TO BRATZ.

25          16.     "ANGEL" refers to those projects, products, dolls or DESIGNS,

26   sometimes called "Angel Faces" and/or "Prayer Angels," that MGA has claimed are

27   the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-

28   20, MGA000724-28 and MGA000734.  Without limiting the generality of the

1   foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2   discovery requests, the term "ANGEL" does not require that there be a doll existing

3   at the time of the event, incident or occurrence that is the subject of, or otherwise

4   relevant or responsive to, the Interrogatories.

5          17.     "ACQUIRE" means to acquire, obtain, have vested in, enter into

6   agreement for, buy, purchase, and/or procure in any way, or purport to do any of the

7   same.

8          18.     "TRANSFER" means to sell, license, give away, vest in or

9   transfer in any way, or purport to do any of the same.

10         19.     "DOCUMENT" or "DOCUMENTS" means all "writings" and

11  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

12  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

13  limited to, all writings and records of every type and description including, but not

14  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

15  electronic mail ("e-mail"), records of telephone conversations, handwritten and

16  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

17  and summaries of meetings, voice recordings, pictures, photographs, drawings,

18  computer cards, tapes, discs, printouts and records of all types, studies, instruction

19  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

20  checks and every other device or medium by which or through which information of

21  any type is transmitted, recorded or preserved.  Without any limitation on the

22  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

23  from the original or other versions of the DOCUMENT, including, but not limited

24  to, all drafts and all copies of such drafts or originals containing initials, comments,

25  notations, insertions, corrections, marginal notes, amendments or any other variation

26  of any kind.

27         20.     "REFER OR RELATE TO" a given subject matter means relate

28  to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,

EXHIBIT 24   PAGE 652

1  identify, state, deal with, comment on, respond to, describe, analyze, support, refute,

2  contradict, or in any way pertain to that subject matter, either directly or indirectly.

3      21.  "CREATED" means created, produced, prepared, authored,

4  improved, developed, altered, conceived of or reduced to practice, whether in whole

5  or in part, and whether alone or jointly with others.

6      22.  "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV

7  04-9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

8  therewith.

9      23.  "INVENTIONS AGREEMENT" means the Confidential

10  Information and Inventions Agreement signed by BRYANT on or about January 4,

11  1999 and produced in this action by MATTEL as M0001596, or any other version

12  of such January 4, 1999 agreement.

13     24.  "COMPLAINT" means Mattel, Inc.'s Complaint in Case No. CV

14  04-9059 SGL (RNBx), filed on April 27, 2004.

15     25.  "COUNTERCLAIMS" means Mattel, Inc.'s Amended Answer in

16  Case No. 05-2727 and Counterclaims, filed on January 12, 2007.

17     26.  "DIGITAL INFORMATION" means any information created or

18  stored digitally, including but not limited to electronically, magnetically or optically.

19     27.  "STORAGE DEVICE" means any computer hard drive,

20  memory, USB device, tape, storage array or any other device or medium that allows

21  a user, whether permanently, temporarily or otherwise, to create, generate, transmit,

22  copy, retain, store or maintain DIGITAL INFORMATION.

23     28.  "IDENTIFY" or "IDENTITY" means the following:

24          (a)  with reference to an individual or individuals, means to

25  state, fully and separately as to each, such individual's full name, any known

26  business title, current or last known business affiliation, current or last known

27  residential address, current or last known business address, current or last known

28  relationship to MGA, and current or last known telephone number.

-5-

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT _34_  PAGE _653_

1        (b)    with reference to an entity or entities, means to state, fully

2 and separately as to each, such entity's full name, state (or country) of incorporation

3 or organization, present or last known address, and present or last known telephone

4 number.

5        (c)    with reference to a BRATZ INVENTION or BRATZ

6 INVENTIONS, means to state, fully and separately as to each, the Bates-number of

7 any DOCUMENT which REFERS OR RELATES TO the BRATZ INVENTION or,

8 if no such DOCUMENT has been produced, a full and complete description of the

9 BRATZ INVENTION and of all DOCUMENTS that REFER OR RELATE to the

10 BRATZ INVENTION; the IDENTITY of the individual author(s) or creator(s) of

11 the BRATZ INVENTION as well as of each other individual who contributed in any

12 manner to the BRATZ INVENTION; the form, material and medium of the BRATZ

13 INVENTION, if any (*e.g.*, preliminary three-dimensional resin sculpture, final

14 three-dimensional wax sculpture, digitized file of final three-dimensional wax

15 sculpture, two-dimensional design drawing on paper); the title or name of the

16 BRATZ INVENTION, if any; the version, modification, revision or iteration

17 number of the BRATZ INVENTION, if any; the current location of the original of

18 the BRATZ INVENTION; the first day and last day on which the BRATZ

19 INVENTION was CREATED; and whether the entire invention was CREATED

20 during the period of time listed in the Interrogatory and, if not, which aspects or

21 portions of the BRATZ INVENTION were CREATED during that period of time,

22 which were CREATED earlier, and which were CREATED later.

23        (d)    with reference to a STORAGE DEVICE, means to state,

24 fully and separately as to each, the individual(s) that use or have used the

25 STORAGE DEVICE; the current location of the STORAGE DEVICE if it presently

26 exists (including the IDENTITY of the PERSON who possesses the STORAGE

27 DEVICE) or, if it no longer exists, the date on which it was destroyed or disposed

28 of; the type of STORAGE DEVICE (*e.g.*, hard drive, USB drive, etc.); whether the

1  STORAGE DEVICE has ever been copied or imaged and, if so, the current location

2  of each copy or image of the STORAGE DEVICE that has been made (including the

3  IDENTITY of the PERSONS who possess such copies or images) and the date(s) on

4  which such copies or images were made; the manufacturer name, brand, model

5  name, model number and serial number of the STORAGE DEVICE; and the

6  technical specifications and capacities of such STORAGE DEVICE.

7        (e)    with reference to a bank or financial institution account or

8  accounts, means to state, fully and separately as to each account, the name of the

9  bank or financial institution, the location and/or branch of the bank or financial

10  institution, the account number, the name in which the account is or was held, and

11  the time period during which the account is or was open.

12        (f)    with reference to a BRATZ PRODUCT, means to state,

13  fully and separately as to each, the full name of the product; the number of the

14  product; the SKU of the product; any other applicable designation of the product

15  useful for identification; the period of time during which the product was, has been

16  or will be SOLD; and the IDENTITY of each PERSON who has licensed from

17  YOU the right to SELL such BRATZ PRODUCT.

18        (g)    with reference to any other DOCUMENT or

19  DOCUMENTS, means to describe each DOCUMENT by Bates number. In the

20  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with

21  respect to each such DOCUMENT, to provide a complete description of it such that

22  it may be the subject of a request for the production of documents, including by

23  stating the date, identity of the author, addressee(s), signatories, parties, or other

24  PERSONS identified therein, its present location or custodian and a description of

25  its contents.

26        29.    "Any" as used in these interrogatories includes the word "all,"

27  and the word "all" as used in these interrogatories includes the word "any."

28

EXHIBIT _34_ PAGE _655_

30.   The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## Instructions

A.   When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

## Interrogatories

INTERROGATORY NO. 12:

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**INTERROGATORY NO. 13:**

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**INTERROGATORY NO. 14:**

IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**INTERROGATORY NO. 15:**

State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**INTERROGATORY NO. 16:**

State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

1  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

2  RELATE TO such facts.

3

4  INTERROGATORY NO. 17:

5          State all facts that support YOUR contention, if YOU so contend, that

6  one or more of MATTEL's claims against YOU in THIS ACTION is barred, in

7  whole or in part, by a statute of limitations and/or laches, and IDENTIFY all

8  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

9  RELATE TO such facts.

10

11  INTERROGATORY NO. 18:

12          State all facts that support YOUR contention, if YOU so contend, that

13  one or more of MATTEL's claims against YOU in THIS ACTION is barred by the

14  doctrines of unclean hands, estoppel, waiver, or consent, and IDENTIFY all

15  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

16  RELATE TO such facts.

17

18  INTERROGATORY NO. 19:

19          State all facts that support YOUR contention, if YOU so contend, that

20  MATTEL is not or would not be entitled to injunctive relief as requested in its

21  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

22  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all

23  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

24  RELATE TO such facts.

25

26  INTERROGATORY NO. 20:

27          State all facts that support YOUR contention, if YOU so contend, that

28  MATTEL is not entitled to an award of punitive or exemplary damages against

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 34  PAGE 658

07209/2120252.5

1  YOU, and IDENTIFY all PERSONS with knowledge of such facts and all

2  DOCUMENTS that REFER OR RELATE TO such facts.

3

4  INTERROGATORY NO. 21:

5          State all facts that support YOUR contention, if YOU so contend, that

6  YOU did not intentionally interfere with the INVENTIONS AGREEMENT or any

7  other agreement or contract between MATTEL and BRYANT, or aid or abet any

8  breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL, when

9  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to

10  BRATZ or when BRYANT performed work or services with or for MGA while

11  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

12  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

13  facts.

14

15  INTERROGATORY NO. 22:

16          State all facts that support YOUR contention, if YOU so contend, that

17  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

18  not own any rights in any BRATZ INVENTION when BRYANT purported to

19  TRANSFER and MGA purported to ACQUIRE rights to BRATZ or when

20  BRYANT performed work or services with or for MGA while BRYANT was

21  employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such

22  facts and all DOCUMENTS that REFER OR RELATE TO such facts.

23

24  INTERROGATORY NO. 23:

25          State all facts that support YOUR contention, if YOU so contend, that

26  BRYANT did not breach the INVENTIONS AGREEMENT or BRYANT's duty of

27  loyalty or fiduciary duties to MATTEL when BRYANT purported to TRANSFER

28  rights to BRATZ to MGA or performed work or services with or for MGA while

07209/2120252.5

-11-

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 34  PAGE 159

1  BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with
2  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such
3  facts.

4

5  INTERROGATORY NO. 24:

6          IDENTIFY each and every bank or financial institution account that
7  REFERS OR RELATES TO LARIAN, including accounts in LARIAN's name or
8  for LARIAN's benefit, since January 1, 1999.

9

10  INTERROGATORY NO. 25:

11          IDENTIFY each and every STORAGE DEVICE that YOU have used
12  for any purpose which contains or contained DIGITAL INFORMATION that
13  REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

14

15  INTERROGATORY NO. 26:

16          IDENTIFY all PERSONS who at any time have been employed by or
17  under contract with MATTEL who are now or have been employed by or under
18  contract with YOU since January 1, 1999, and, for each such PERSON, state his or
19  her name, date of hire or effective date of contract, the date on which YOU first had
20  contact with such PERSON regarding potential employment or contracting, the
21  date(s) on which such PERSON was interviewed for possible employment or
22  contracting, each title (if any) such PERSON has held while employed by or under
23  contract with YOU, and the date of termination (if applicable).

24

25  INTERROGATORY NO. 27:

26          For each concept, design, product, product packaging or other matter
27  that YOU contend MATTEL copied or infringed, including but not limited to those
28  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

1  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
2  Supplemental Responses to such Interrogatory), state (a) the date that each such
3  concept, design, product, product packaging or other matter was conceived, and (b)
4  the date that each such concept, design, product, product packaging or other matter
5  was first fixed in any tangible medium of expression (if ever), and IDENTIFY all
6  PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE
7  TO, the foregoing.
8
9  <u>INTERROGATORY NO. 28:</u>
10          For each concept, design, product, product packaging or other matter
11  that YOU contend MATTEL copied or infringed, including but not limited to those
12  identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re
13  Claims of Unfair Competition, Response to Interrogatory No. 2 (and any
14  Supplemental Responses to such Interrogatory), describe, fully and separately, each
15  and every concept, design, product, product packaging or other matter of or by
16  MATTEL that YOU contend is a copy of or infringes YOUR alleged concept(s),
17  design(s), product(s), product packaging or other matter.  Your answer should
18  describe the Mattel concept, design, product, product packaging or other matter with
19  specificity and in detail (including without limitation by product name, product
20  number, SKU, or bar code number), and specify those elements or attributes of
21  YOUR claimed concept, design, product, product packaging or other matter that
22  YOU contend were copied or infringed by MATTEL.
23
24  <u>INTERROGATORY NO. 29:</u>
25          For each trade dress for which YOU claim protectable trade dress rights
26  in this ACTION, describe, fully and separately, each and every element that makes
27  up the claimed trade dress.
28

07209/2120252.5

-13-

EXHIBIT 34   PAGE 661

1  INTERROGATORY NO. 30:

2          IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or

3  YOUR licensees and, as to each such BRATZ PRODUCT, state fully and separately

4  (a) the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

5  licensees, (b) the revenue received by YOU from such SALES of each such BRATZ

6  PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ

7  PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR

8  gross and net profits from each such BRATZ PRODUCT.

9

10  DATED:  June 7, 2007                QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP

11

12                                      By

13                                      B. Dylan Proctor
                                        Attorneys for Plaintiff

14                                      Mattel, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT  34  PAGE  1062

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On June 7, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S THIRD SET OF INTERROGATORIES** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

John W. Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 7, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

07209/2137828.1

EXHIBIT 34 PAGE 663