BLUEBIRD

**EXHIBIT 35**

RECEIVED

JUL 0 9 2007

LEA 5:11PM

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  JAMES P. JENAL (S.B. # 180190)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email:      jjenal@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK, JACOBS,
7  WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA 90067
   Telephone: (310) 553-3000
9  Facsimile: (310) 557-9815

10 Attorneys for MGA ENTERTAINMENT, INC.

11

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15 CARTER BRYANT, an individual,      Case No. CV 04-09049 SGL (RNBx)
                                       (consolidated with CV 04-9059 & 05-2727)
              Plaintiff,
16                                     **MGA'S OBJECTIONS AND
        v.                             RESPONSES TO MATTEL'S THIRD
17                                     SET OF INTERROGATORIES**
   MATTEL, INC., a Delaware
18 Corporation,

              Defendant.
19

20 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and
21 MGA ENTERTAINMENT, INC. v.
   MATTEL, INC.
22

23

24 **PROPOUNDING PARTY:**     **MATTEL, INC.**

25 **RESPONDING PARTY:**      **MGA ENTERTAINMENT, INC.**

26 **SET NUMBER:**            **THREE**

27

28

# PRELIMINARY STATEMENT

MGA Entertainment, Inc., ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these interrogatories based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each interrogatory as it understands and interprets each interrogatory. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any interrogatory that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By making these responses, MGA does not concede that any of the information sought by these interrogatories is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the information provided in response to these interrogatories; (b) the right to object to the use of the information provided in response to the interrogatories in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other interrogatories or further discovery into any of the subject matters addressed in these interrogatories or the responses thereto.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right, as set forth in the Protective Order governing this case, to correct the record with regard to any such information

1

1   and to supplement or amend these responses, which supplemental or amended
2   response shall become the operative response.

3
## GENERAL OBJECTIONS
4

5       1.      MGA objects to each interrogatory to the extent that it seeks
6   information protected from discovery by the attorney-client privilege, work-product
7   doctrine, right to privacy, or any other applicable privilege.

8       2.      MGA objects to each interrogatory to the extent that it seeks the
9   disclosure of confidential, proprietary or trade-secret information. MGA may provide
10  some such information subject to the terms and conditions of the protective order
11  governing this case.

12      3.      MGA objects to each interrogatory to the extent that it seeks
13  information that is accessible to Mattel from public sources, from third parties, or
14  from materials produced or to be produced to Mattel by MGA or Carter Bryant.

15      4.      MGA objects to these interrogatories to the extent that they may
16  unfairly seek to restrict the facts on which MGA may rely at trial. Discovery has not
17  been completed and MGA is not yet in possession of all the facts and documents upon
18  which MGA expects to rely. All of the responses submitted herewith are tendered to
19  Mattel with the reservation that the responses are submitted without limiting the
20  evidence on which MGA may rely to support the contentions and defenses that MGA
21  may assert at the trial of this action and to rebut or impeach the contentions, assertions
22  and evidence that Mattel may present. MGA reserves the right to supplement or
23  amend these responses at a future date.

24      5.      MGA objects to each interrogatory to the extent that it seeks
25  information that will be the subject of expert witness testimony and that is therefore
26  premature.

27      6.      MGA objects to each interrogatory on the ground that Mattel has
28  exceeded the total number of interrogatories allowed pursuant to the District Court's

2

1    Scheduling Order, dated February 12, 2007.

2           7.    MGA objects to Mattel's definitions of "MGA," "YOU,"

3    "YOUR," "AFFILIATES," "BRYANT," "PERSON" or "PERSONS," "BRATZ,"

4    "IDENTIFY," "IDENTITY," "ANGEL," "BRATZ INVENTION," "BRATZ

5    PRODUCT," "DESIGN" or "DESIGNS," "SOLD," "SELL" and "SALE" as

6    overbroad and unduly burdensome, vague and ambiguous and on the grounds that the

7    definitions call for legal conclusions.

8           8.    MGA objects to Mattel's definitions of "any" and "REFER OR

9    RELATE TO" on the grounds and to the extent they are overbroad and unduly

10    burdensome and/or vague and ambiguous in the context of the interrogatories as

11    written and as those interrogatories would be plainly understood absent Mattel's

12    definitions.

13           9.    MGA objects to Mattel's definitions of "INVENTIONS

14    AGREEMENT," "STORAGE DEVICE" and "DIGITAL INFORMATION" on the

15    grounds that the definitions are overbroad, vague and ambiguous.

16          10.    To the extent MGA responds to an interrogatory, it dos so without

17    waiving or intending to waive but rather, on the contrary, preserving and intending to

18    preserve, its contention that anything Mr. Bryant did on weekends, evenings, vacation

19    and any other time outside ordinary business hours was not done while he was

20    working for Mattel.  MGA's response may not be taken as an admission that the

21    information it provides in its response in any way reflects or evidences work

22    performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

23    agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

24    interrogatory.

25

26                       **SPECIFIC OBJECTIONS AND RESPONSES**

27    **INTERROGATORY NO. 12:**

28          IDENTIFY each and every BRATZ INVENTION YOU contend was

3

1   CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ

2   INVENTION so identified state all facts that support YOUR contention that such

3   BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to

4   January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

5   DOCUMENTS which REFER OR RELATE TO such facts.

6   **RESPONSE TO INTERROGATORY NO. 12:**

7           MGA incorporates by reference the above-stated general objections as if fully

8   set forth herein.  MGA also specifically objects to this interrogatory on the grounds

9   that it is compound in seeking MGA to (1) identify "each and every BRATZ

10  INVENTION" created prior to January 4, 1999, (2) "state all facts" that support

11  MGA's contention that the "BRATZ INVENTION" was created prior to January 4,

12  1999, (3) "identify all persons with knowledge of such facts," and (4) identify "all

13  documents" which refer or relate to such facts, and is, in reality, not one but multiple

14  interrogatories.  MGA further objects to this interrogatory on the ground that Mattel

15  has exceeded the total number of interrogatories allowed pursuant to the District

16  Court's Scheduling Order, dated February 12, 2007.  MGA also specifically objects to

17  this interrogatory on the grounds that it is unduly burdensome and oppressive in

18  requiring MGA to identify "each and every BRATZ INVENTION" created prior to

19  January 4, 1999, and to state "all facts," identify "all persons" and identify "all

20  documents" supporting MGA's contention that the "BRATZ INVENTION" was

21  created prior to January 4, 1999.  Such an interrogatory would unreasonably require

22  MGA to state, in writing, a potentially immense multitude of facts.  MGA also objects

23  to this interrogatory to the extent it requests MGA to identify "all documents which

24  refer or relate to" MGA's response and "all persons with knowledge of such facts" in

25  this response as overbroad and premature as discovery is still ongoing and thus MGA

26  cannot identify all documents that will support its responses or persons who have

27  knowledge of the facts at this time.  MGA also objects to this interrogatory to the

28  extent that it calls for a legal conclusion.  MGA also objects to this interrogatory on

4

1     the grounds that it seeks information that is not in the possession, custody or control

2     of MGA.

3        Based on the foregoing objections, MGA will not respond to this interrogatory.

4

5     **INTERROGATORY NO. 13:**

6        IDENTIFY each and every BRATZ INVENTION YOU contend was

7     CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and

8     for each BRATZ INVENTION so identified state all FACTS that support YOUR

9     contention that such BRATZ INVENTION (or aspects or portions thereof) was

10     CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all

11     PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

12     RELATE TO such facts.

13     **RESPONSE TO INTERROGATORY NO. 13:**

14        MGA incorporates by reference the above-stated general objections as if fully

15     set forth herein.  MGA also specifically objects to this interrogatory on the grounds

16     that it is compound in seeking MGA to (1) identify "each and every BRATZ

17     INVENTION" created after October 19, 2000 and before June 1, 2001, (2) "state all

18     facts" that support MGA's contention that the "BRATZ INVENTION" was created

19     during this time, (3) "identify all persons with knowledge of such facts," and (4)

20     identify "all documents" which refer or relate to such facts, and is, in reality, not one

21     but multiple interrogatories.  MGA further objects to this interrogatory on the ground

22     that Mattel has exceeded the total number of interrogatories allowed pursuant to the

23     District Court's Scheduling Order, dated February 12, 2007.  MGA also specifically

24     objects to this interrogatory on the grounds that it is unduly burdensome and

25     oppressive in requiring MGA to identify "each and every BRATZ INVENTION"

26     created after October 19, 2000 and before June 1, 2001, and to state "all facts,"

27     identify "all persons" and identify "all documents" supporting MGA's contention that

28     the "BRATZ INVENTION" was created after October 19, 2000 and before June 1,

5

1   2001.  Such an interrogatory would unreasonably require MGA to state, in writing, a

2   potentially immense multitude of facts.  MGA also objects to this interrogatory to the

3   extent it requests MGA to identify "all documents which refer or relate to" MGA's

4   response and "all persons with knowledge of such facts" in this response as overbroad

5   and premature as discovery is still ongoing and thus MGA cannot identify all

6   documents that will support its responses or persons who have knowledge of the facts

7   at this time.  MGA also objects to this interrogatory to the extent that it calls for a

8   legal conclusion.  MGA also objects to this interrogatory on the grounds that it seeks

9   information that is not in the possession, custody or control of MGA.

10      Based on the foregoing objections, MGA will not respond to this interrogatory.

11

12  **INTERROGATORY NO. 14:**

13      IDENTIFY each and every BRATZ INVENTION that was CREATED, in

14  whole or in part, after January 3, 1999 and before October 21, 2000, and for each

15  BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO

16  the timing of the creation of such BRATZ INVENTION and IDENTIFY all

17  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR

18  RELATE TO such facts.

19  **RESPONSE TO INTERROGATORY NO. 14:**

20      MGA incorporates by reference the above-stated general objections as if fully

21  set forth herein.  MGA also specifically objects to this interrogatory on the grounds

22  that it is compound in seeking MGA to (1) identify "each and every BRATZ

23  INVENTION" created after January 3, 1999 and before October 21, 2000, (2) "state

24  all facts" that refer or relate to the timing of the creation of the "BRATZ

25  INVENTION," (3) "identify all persons with knowledge of such facts," and (4)

26  identify "all documents" which refer or relate to such facts, and is, in reality, not one

27  but multiple interrogatories.  MGA further objects to this interrogatory on the ground

28  that Mattel has exceeded the total number of interrogatories allowed pursuant to the

6

EXHIBIT 35   PAGE 670

1   District Court's Scheduling Order, dated February 12, 2007. MGA also specifically

2   objects to this interrogatory on the grounds that it is unduly burdensome and

3   oppressive in requiring MGA to identify "each and every BRATZ INVENTION"

4   created after January 3, 1999 and before October 21, 2000, to state "all facts" that

5   refer or relate to the timing of the creation of the "BRATZ INVENTION," to identify

6   "all persons" with knowledge of such facts and "all documents" which refer or relate

7   to such facts. Such an interrogatory would unreasonably require MGA to state, in

8   writing, a potentially immense multitude of facts. MGA also objects to this

9   interrogatory to the extent it requests MGA to identify "all documents which refer or

10  relate to" MGA's response and "all persons with knowledge of such facts" in this

11  response as overbroad and premature as discovery is still ongoing and thus MGA

12  cannot identify all documents that will support its responses or persons who have

13  knowledge of the facts at this time. MGA also objects to this interrogatory to the

14  extent that it calls for a legal conclusion. MGA also objects to this interrogatory on

15  the grounds that it seeks information that is not in the possession, custody or control

16  of MGA.

17       Based on the foregoing objections, MGA will not respond to this interrogatory.

18

19  **INTERROGATORY NO. 15:**

20       State all facts that support YOUR contention, if YOU so contend, that,

21  assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL

22  pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over

23  and/or has superior rights to MATTEL as to such BRATZ INVENTION, and

24  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that

25  REFER OR RELATE TO such facts.

26  **RESPONSE TO INTERROGATORY NO. 15:**

27       MGA incorporates by reference the above-stated general objections as if fully

28  set forth herein. MGA also specifically objects to this interrogatory on the grounds

7

1   that it is compound in seeking MGA to (1) state "all facts" that support MGA's

2   contention, if it so contends, that MGA is entitled to priority over and/or has superior

3   rights to MATTEL in the "BRATZ INVENTION," (2) identify "all persons with

4   knowledge of such facts," and (3) identify "all documents" that refer or relate to such

5   facts, and is, in reality, not one but multiple interrogatories.  MGA further objects to

6   this interrogatory on the ground that Mattel has exceeded the total number of

7   interrogatories allowed pursuant to the District Court's Scheduling Order, dated

8   February 12, 2007.  MGA also specifically objects to this interrogatory on the grounds

9   that it is unduly burdensome and oppressive in requiring MGA to state "all facts,"

10   identify "all persons" with knowledge of such facts and "all documents" which refer

11   or relate to such facts.  Such an interrogatory would unreasonably require MGA to

12   state, in writing, a potentially immense multitude of facts.  MGA also objects to this

13   interrogatory to the extent it requests MGA to identify "all documents which refer or

14   relate to" MGA's response and "all persons with knowledge of such facts" in this

15   response as overbroad and premature as discovery is still ongoing and thus MGA

16   cannot identify all documents that will support its responses or persons who have

17   knowledge of the facts at this time.  MGA also objects to this interrogatory to the

18   extent that it calls for a legal conclusion.  MGA also objects to this interrogatory on

19   the grounds that it seeks information that is not in the possession, custody or control

20   of MGA.  MGA further objects to this interrogatory to the extent it seeks information

21   protected from disclosure by the attorney-client privilege, work product doctrine, the

22   joint defense privilege or common interest privilege.

23        Based on the foregoing objections, MGA will not respond to this interrogatory.

24

25   **INTERROGATORY NO. 16:**

26        State all facts that support YOUR contention, if YOU so contend, that the

27   INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

28   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

8

EXHIBIT 76   PAGE 672

1    RELATE TO such facts.

2    **RESPONSE TO INTERROGATORY NO. 16:**

3        MGA incorporates by reference the above-stated general objections as if fully

4    set forth herein.  MGA also specifically objects to this interrogatory on the grounds

5    that it is compound in seeking MGA to (1) state "all facts" that support MGA's

6    contention, if it so contends, that the "INVENTIONS AGREEMENT" is not valid and

7    enforceable, (2) identify "all persons with knowledge of such facts," and (3) identify

8    "all documents" that refer or relate to such facts, and is, in reality, not one but multiple

9    interrogatories.  MGA further objects to this interrogatory on the ground that Mattel

10   has exceeded the total number of interrogatories allowed pursuant to the District

11   Court's Scheduling Order, dated February 12, 2007.  MGA also specifically objects to

12   this interrogatory on the grounds that it is unduly burdensome and oppressive in

13   requiring MGA to state "all facts," identify "all persons" with knowledge of such facts

14   and "all documents" which refer or relate to such facts.  Such an interrogatory would

15   unreasonably require MGA to state, in writing, a potentially immense multitude of

16   facts.  MGA also objects to this interrogatory to the extent it requests MGA to identify

17   "all documents which refer or relate to" MGA's response and "all persons with

18   knowledge of such facts" in this response as overbroad and premature as discovery is

19   still ongoing and thus MGA cannot identify all documents that will support its

20   responses or persons who have knowledge of the facts at this time.  MGA also objects

21   to this interrogatory to the extent that it calls for a legal conclusion.  MGA also objects

22   to this interrogatory on the grounds that it seeks information that is not in the

23   possession, custody or control of MGA.  MGA further objects to this interrogatory to

24   the extent it seeks information protected from disclosure by the attorney-client

25   privilege, work product doctrine, the joint defense privilege or common interest

26   privilege.

27       Based on the foregoing objections, MGA will not respond to this interrogatory.

28

MGA'S OBJECTIONS AND RESPONSES TO MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT _35_ PAGE73

1    **INTERROGATORY NO. 17:**

2         State all facts that support YOUR contention, if YOU so contend, that one or

3    more of MATTEL's claims against YOU in THIS ACTION is barred, in whole or in

4    part, by a statute of limitations and/or laches, and IDENTIFY all PERSONS with

5    knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

6    facts.

7    **RESPONSE TO INTERROGATORY NO. 17:**

8         MGA incorporates by reference the above-stated general objections as if fully

9    set forth herein. MGA also specifically objects to this interrogatory on the grounds

10   that it is compound in seeking MGA to (1) state "all facts" that support MGA's

11   contention, if it so contends, that Mattel's claims against MGA in this action are

12   barred by the statute of limitations *or* the doctrine of laches, (2) identify "all persons

13   with knowledge of such facts," and (3) identify "all documents" that refer or relate to

14   such facts, and is, in reality, not one but multiple interrogatories. MGA further objects

15   to this interrogatory on the ground that Mattel has exceeded the total number of

16   interrogatories allowed pursuant to the District Court's Scheduling Order, dated

17   February 12, 2007. MGA also specifically objects to this interrogatory on the grounds

18   that it is unduly burdensome and oppressive in requiring MGA to state "all facts,"

19   identify "all persons" with knowledge of such facts and "all documents" which refer

20   or relate to such facts. Such an interrogatory would unreasonably require MGA to

21   state, in writing, a potentially immense multitude of facts. MGA also objects to this

22   interrogatory to the extent it requests MGA to identify "all documents which refer or

23   relate to" MGA's response and "all persons with knowledge of such facts" in this

24   response as overbroad and premature as discovery is still ongoing and thus MGA

25   cannot identify all documents that will support its responses or persons who have

26   knowledge of the facts at this time. MGA also objects to this interrogatory to the

27   extent that it calls for a legal conclusion. MGA also objects to this interrogatory on

28   the grounds that it seeks information that is not in the possession, custody or control

10

1     of MGA. MGA further objects to this interrogatory to the extent it seeks information

2     protected from disclosure by the attorney-client privilege, work product doctrine, the

3     joint defense privilege or common interest privilege.

4          Based on the foregoing objections, MGA will not respond to this interrogatory.

5

6 **INTERROGATORY NO. 18:**

7          State all facts that support YOUR contention, if YOU so contend, that one or

8     more of MATTEL's claims against YOU in THIS ACTION is barred by the doctrines

9     of unclean hands, estoppel, waiver, or consent, and IDENTIFY all PERSONS with

10     knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

11     facts.

12 **RESPONSE TO INTERROGATORY NO. 18:**

13          MGA incorporates by reference the above-stated general objections as if fully

14     set forth herein. MGA also specifically objects to this interrogatory on the grounds

15     that it is compound in seeking MGA to (1) state "all facts" that support MGA's

16     contention, if it so contends, that Mattel's claims against MGA in this action are

17     barred by the doctrines of unclean hands *or* estoppel, *or* waiver *or* consent, (2)

18     identify "all persons with knowledge of such facts," and (3) identify "all documents"

19     that refer or relate to such facts, and is, in reality, not one but multiple interrogatories.

20     MGA further objects to this interrogatory on the ground that Mattel has exceeded the

21     total number of interrogatories allowed pursuant to the District Court's Scheduling

22     Order, dated February 12, 2007. MGA also specifically objects to this interrogatory

23     on the grounds that it is unduly burdensome and oppressive in requiring MGA to state

24     "all facts," identify "all persons" with knowledge of such facts and "all documents"

25     which refer or relate to such facts. Such an interrogatory would unreasonably require

26     MGA to state, in writing, a potentially immense multitude of facts. MGA also objects

27     to this interrogatory to the extent it requests MGA to identify "all documents which

28     refer or relate to" MGA's response and "all persons with knowledge of such facts" in

MGA'S OBJECTIONS AND RESPONSES TO MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 35 PAGE 675

1  this response as overbroad and premature as discovery is still ongoing and thus MGA

2  cannot identify all documents that will support its responses or persons who have

3  knowledge of the facts at this time. MGA also objects to this interrogatory to the

4  extent that it calls for a legal conclusion. MGA also objects to this interrogatory on

5  the grounds that it seeks information that is not in the possession, custody or control

6  of MGA. MGA further objects to this interrogatory to the extent it seeks information

7  protected from disclosure by the attorney-client privilege, work product doctrine, the

8  joint defense privilege or common interest privilege.

9       Based on the foregoing objections, MGA will not respond to this interrogatory.

10

11 **INTERROGATORY NO. 19:**

12       State all facts that support YOUR contention, if YOU so contend, that

13  MATTEL is not or would not be entitled to injunctive relief as requested in its

14  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that

15  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all PERSONS

16  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

17  such facts.

18 **RESPONSE TO INTERROGATORY NO. 19:**

19       MGA incorporates by reference the above-stated general objections as if fully

20  set forth herein. MGA also specifically objects to this interrogatory on the grounds

21  that it is compound in seeking MGA to (1) state "all facts" that support MGA's

22  contention, if it so contends, that Mattel is not or would not be entitled to injunctive

23  relief if it is ultimately determined that Mattel owns one or more "BRATZ

24  INVENTIONS," (2) identify "all persons with knowledge of such facts," and (3)

25  identify "all documents" that refer or relate to such facts, and is, in reality, not one but

26  multiple interrogatories. MGA further objects to this interrogatory on the ground that

27  Mattel has exceeded the total number of interrogatories allowed pursuant to the

28  District Court's Scheduling Order, dated February 12, 2007. MGA also specifically

12

EXHIBIT 35 PAGE 676

1   objects to this interrogatory on the grounds that it is unduly burdensome and

2   oppressive in requiring MGA to state "all facts," identify "all persons" with

3   knowledge of such facts and "all documents" which refer or relate to such facts.  Such

4   an interrogatory would unreasonably require MGA to state, in writing, a potentially

5   immense multitude of facts.  MGA also objects to this interrogatory to the extent it

6   requests MGA to identify "all documents which refer or relate to" MGA's response

7   and "all persons with knowledge of such facts" in this response as overbroad and

8   premature as discovery is still ongoing and thus MGA cannot identify all documents

9   that will support its responses or persons who have knowledge of the facts at this time.

10  MGA also objects to this interrogatory to the extent that it calls for a legal conclusion.

11  MGA also objects to this interrogatory on the grounds that it seeks information that is

12  not in the possession, custody or control of MGA.  MGA further objects to this

13  interrogatory to the extent it seeks information protected from disclosure by the

14  attorney-client privilege, work product doctrine, the joint defense privilege or

15  common interest privilege.

16      Based on the foregoing objections, MGA will not respond to this interrogatory.

17

18  **INTERROGATORY NO. 20:**

19      State all facts that support YOUR contention, if YOU so contend, that

20  MATTEL is not entitled to an award of punitive or exemplary damages against YOU,

21  and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

22  that REFER OR RELATE TO such facts.

23  **RESPONSE TO INTERROGATORY NO. 20:**

24      MGA incorporates by reference the above-stated general objections as if fully

25  set forth herein.  MGA also specifically objects to this interrogatory on the grounds

26  that it is compound in seeking MGA to (1) state "all facts" that support MGA's

27  contention, if so contends, that Mattel is not entitled to an award of punitive *or*

28  exemplary damages against MGA, (2) identify "all persons with knowledge of such

13

EXHIBIT _25_   PAGE _677_

1  facts," and (3) identify "all documents" that refer or relate to such facts, and is, in

2  reality, not one but multiple interrogatories.  MGA further objects to this interrogatory

3  on the ground that Mattel has exceeded the total number of interrogatories allowed

4  pursuant to the District Court's Scheduling Order, dated February 12, 2007.  MGA

5  also specifically objects to this interrogatory on the grounds that it is unduly

6  burdensome and oppressive in requiring MGA to state "all facts," identify "all

7  persons" with knowledge of such facts and "all documents" which refer or relate to

8  such facts.  Such an interrogatory would unreasonably require MGA to state, in

9  writing, a potentially immense multitude of facts.  MGA also objects to this

10  interrogatory to the extent it requests MGA to identify "all documents which refer or

11  relate to" MGA's response and "all persons with knowledge of such facts" in this

12  response as overbroad and premature as discovery is still ongoing and thus MGA

13  cannot identify all documents that will support its responses or persons who have

14  knowledge of the facts at this time.  MGA also objects to this interrogatory to the

15  extent that it calls for a legal conclusion.  MGA also objects to this interrogatory on

16  the grounds that it seeks information that is not in the possession, custody or control

17  of MGA.  MGA further objects to this interrogatory to the extent it seeks information

18  protected from disclosure by the attorney-client privilege, work product doctrine, the

19  joint defense privilege or common interest privilege.

20        Based on the foregoing objections, MGA will not respond to this interrogatory.

21

22  **INTERROGATORY NO. 21:**

23        State all facts that support YOUR contention, if YOU so contend, that YOU did

24  not intentionally interfere with the INVENTIONS AGREEMENT or any other

25  agreement or contract between MATTEL and BRYANT, or aid or abet any breach of

26  fiduciary duty or duty of loyalty owed by BRYANT to MATTEL, when BRYANT

27  purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ or

28  when BRYANT performed work or services with or for MGA while BRYANT was

14

1   employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

2   and all DOCUMENTS that REFER OR RELATE TO such facts.

3   **RESPONSE TO INTERROGATORY NO. 21:**

4         MGA incorporates by reference the above-stated general objections as if fully

5   set forth herein. MGA also specifically objects to this interrogatory on the grounds

6   that it is compound in seeking MGA to (1) state "all facts" that support MGA's

7   contention, if it so contends, that MGA did not intentionally interfere with the

8   "INVENTIONS AGREEMENT" between Mattel and Bryant *or* any other agreement

9   *or* contract between MATTEL and BRYANT," *or* aid and abet any breach of

10  fiduciary duty *or* duty of loyalty purportedly owed by Bryant to Mattel when Bryant

11  transferred his rights in Bratz to MGA *or* when Bryant performed work or services for

12  MGA, (2) identify "all persons with knowledge of such facts," and (3) identify "all

13  documents" that refer or relate to such facts," and is, in reality, not one but multiple

14  interrogatories. MGA further objects to this interrogatory on the ground that Mattel

15  has exceeded the total number of interrogatories allowed pursuant to the District

16  Court's Scheduling Order, dated February 12, 2007. MGA also specifically objects to

17  this interrogatory on the grounds that it is unduly burdensome and oppressive in

18  requiring MGA to state "all facts," identify "all persons" with knowledge of such facts

19  and "all documents" which refer or relate to such facts. Such an interrogatory would

20  unreasonably require MGA to state, in writing, a potentially immense multitude of

21  facts. MGA also objects to this interrogatory to the extent it requests MGA to identify

22  "all documents which refer or relate to" MGA's response and "all persons with

23  knowledge of such facts" in this response as overbroad and premature as discovery is

24  still ongoing and thus MGA cannot identify all documents that will support its

25  responses or persons who have knowledge of the facts at this time. MGA also objects

26  to this interrogatory to the extent that it calls for a legal conclusion. MGA also objects

27  to this interrogatory on the grounds that it seeks information that is not in the

28  possession, custody or control of MGA. MGA further objects to this interrogatory to

15

1  the extent it seeks information protected from disclosure by the attorney-client

2  privilege, work product doctrine, the joint defense privilege or common interest

3  privilege.

4        Based on the foregoing objections, MGA will not respond to this interrogatory.

5

6  **INTERROGATORY NO. 22:**

7        State all facts that support YOUR contention, if YOU so contend, that YOU

8  acted with an innocent state of mind or reasonably believed that MATTEL did not

9  own any rights in any BRATZ INVENTION when BRYANT purported to

10  TRANSFER and MGA purported to ACQUIRE rights to BRATZ or when BRYANT

11  performed work or services with or for MGA while BRYANT was employed by

12  MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all

13  DOCUMENTS that REFER OR RELATE TO such facts.

14  **RESPONSE TO INTERROGATORY NO. 22:**

15        MGA incorporates by reference the above-stated general objections as if fully

16  set forth herein.  MGA also specifically objects to this interrogatory on the grounds

17  that it is compound in seeking MGA to (1) state "all facts" that support MGA's

18  contention, if so contends, that MGA "acted with an innocent state of mind or

19  reasonably believed" that Mattel did not own any rights in any "BRATZ

20  INVENTION" when Bryant performed any work or services with or for MGA while

21  Bryant was employed by Mattel, (2) identify "all persons with knowledge of such

22  facts," and (3) identify "all documents" that refer or relate to such facts," and is, in

23  reality, not one but multiple interrogatories.  MGA further objects to this interrogatory

24  on the ground that Mattel has exceeded the total number of interrogatories allowed

25  pursuant to the District Court's Scheduling Order, dated February 12, 2007.  MGA

26  also specifically objects to this interrogatory on the grounds that it is unduly

27  burdensome and oppressive in requiring MGA to state "all facts," identify "all

28  persons" with knowledge of such facts and "all documents" which refer or relate to

16

EXHIBIT 25   PAGE 680

1    such facts. Such an interrogatory would unreasonably require MGA to state, in

2    writing, a potentially immense multitude of facts. MGA also objects to this

3    interrogatory to the extent it requests MGA to identify "all documents which refer or

4    relate to" MGA's response and "all persons with knowledge of such facts" in this

5    response as overbroad and premature as discovery is still ongoing and thus MGA

6    cannot identify all documents that will support its responses or persons who have

7    knowledge of the facts at this time. MGA also objects to this interrogatory to the

8    extent that it calls for a legal conclusion. MGA also objects to this interrogatory on

9    the grounds that it seeks information that is not in the possession, custody or control

10   of MGA. MGA further objects to this interrogatory to the extent it seeks information

11   protected from disclosure by the attorney-client privilege, work product doctrine, the

12   joint defense privilege or common interest privilege.

13          Based on the foregoing objections, MGA will not respond to this interrogatory.

14

15   **INTERROGATORY NO. 23:**

16          State all facts that support YOUR contention, if YOU so contend, that

17   BRYANT did not breach the INVENTIONS AGREEMENT or BRYANT's duty of

18   loyalty or fiduciary duties to MATTEL when BRYANT purported to TRANSFER

19   rights to BRATZ to MGA or performed work or services with or for MGA while

20   BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with

21   knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

22   facts.

23   **RESPONSE TO INTERROGATORY NO. 23:**

24          MGA incorporates by reference the above-stated general objections as if fully

25   set forth herein. MGA also specifically objects to this interrogatory on the grounds

26   that it is compound in seeking MGA to (1) state "all facts" that support MGA's

27   contention, if it so contends, that Bryant did not breach the "INVENTIONS

28   AGREEMENT" *or* his duty of loyalty *or* fiduciary duties to Mattel when Bryant

17

1  transferred his rights in Bratz to MGA *or* performed work or services with or for

2  MGA while Bryant was employed by Mattel, (2) identify "all persons with knowledge

3  of such facts," and (3) identify "all documents" that refer or relate to such facts," and

4  is, in reality, not one but multiple interrogatories.  MGA further objects to this

5  interrogatory on the ground that Mattel has exceeded the total number of

6  interrogatories allowed pursuant to the District Court's Scheduling Order, dated

7  February 12, 2007.  MGA also specifically objects to this interrogatory on the grounds

8  that it is unduly burdensome and oppressive in requiring MGA to state "all facts,"

9  identify "all persons" with knowledge of such facts and "all documents" which refer

10  or relate to such facts.  Such an interrogatory would unreasonably require MGA to

11  state, in writing, a potentially immense multitude of facts.  MGA also objects to this

12  interrogatory to the extent it requests MGA to identify "all documents which refer or

13  relate to" MGA's response and "all persons with knowledge of such facts" in this

14  response as overbroad and premature as discovery is still ongoing and thus MGA

15  cannot identify all documents that will support its responses or persons who have

16  knowledge of the facts at this time.  MGA also objects to this interrogatory to the

17  extent that it calls for a legal conclusion.  MGA also objects to this interrogatory on

18  the grounds that it seeks information that is not in the possession, custody or control

19  of MGA.  MGA further objects to this interrogatory to the extent it seeks information

20  protected from disclosure by the attorney-client privilege, work product doctrine, the

21  joint defense privilege or common interest privilege.

22      Based on the foregoing objections, MGA will not respond to this interrogatory.

23

24  **INTERROGATORY NO. 24:**

25      IDENTIFY each and every bank or financial institution account that REFERS

26  OR RELATES TO LARIAN, including accounts in LARIAN's name or for

27  LARIAN's benefit, since January 1, 1999.

28

18

**RESPONSE TO INTERROGATORY NO. 24:**

1   MGA incorporates by reference the above-stated general objections as if fully
2   set forth herein. MGA also specifically objects to this interrogatory on the grounds
3   that it is overbroad and unduly burdensome, and seeks information not relevant to the
4   subject matter of this lawsuit or reasonably calculated to lead to the discovery of
5   admissible evidence. MGA also objects to this interrogatory on the grounds that it
6   seeks information in violation of the privacy rights of third parties. MGA further
7   objects to this interrogatory on the ground that Mattel has exceeded the total number
8   of interrogatories allowed pursuant to the District Court's Scheduling Order, dated
9   February 12, 2007. MGA also objects to this interrogatory on the grounds that it
10  seeks information that is not in the possession, custody or control of MGA.

11  Based on the foregoing objections, MGA will not respond to this interrogatory.

**INTERROGATORY NO. 25:**

14  IDENTIFY each and every STORAGE DEVICE that YOU have used for any
15  purpose which contains or contained DIGITAL INFORMATION that REFERS OR
16  RELATES TO BRATZ and/or ANGEL prior to January 1, 2002.

**RESPONSE TO INTERROGATORY NO. 25:**

17  MGA incorporates by reference the above-stated general objections as if fully
18  set forth herein. MGA also specifically objects to this interrogatory on the grounds
19  that it is compound in that it seeks information about both Bratz and Prayer Angels,
20  which are two different line of products. MGA also objects to this interrogatory on
21  the grounds that it is overbroad and unduly burdensome, and seeks information not
22  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the
23  discovery of admissible evidence. MGA further objects to this interrogatory on the
24  ground that Mattel has exceeded the total number of interrogatories allowed pursuant
25  to the District Court's Scheduling Order, dated February 12, 2007.

28  Based on the foregoing objections, MGA will not respond to this interrogatory.

19

1

2 **INTERROGATORY NO. 26:**

3      IDENTIFY all PERSONS who at any time have been employed by or under

4 contract with MATTEL who are now or have been employed by or under contract

5 with YOU since January 1, 1999, and, for each such PERSON, state his or her name,

6 date of hire or effective date of contract, the date on which YOU first had contact with

7 such PERSON regarding potential employment or contracting, the date(s) on which

8 such PERSON was interviewed for possible employment or contracting, each title (if

9 any) such PERSON has held while employed by or under contract with YOU, and the

10 date of termination (if applicable).

11 **RESPONSE TO INTERROGATORY NO. 26:**

12      MGA incorporates by reference the above-stated general objections as if fully

13 set forth herein.  MGA also specifically objects to this interrogatory on the grounds

14 that it is compound in that it requests that MGA identify (1)"all persons" employed by

15 Mattel who have been or are currently employed by MGA since January 1, 1999, (2)

16 the dates of such employment, (3) the dates of first contact with such persons, (4) the

17 dates of any interviews, (5) the titles the person held while employed with MGA, and

18 (6) the date of termination.  MGA further objects to this interrogatory on the grounds

19 that it is overbroad and unduly burdensome, and seeks information not relevant to the

20 subject matter of this lawsuit or reasonably calculated to lead to the discovery of

21 admissible evidence.  MGA also objects to this interrogatory on the grounds that it

22 seeks information that Mattel can obtain with more convenience, less burden and less

23 expense using other methods of discovery.  MGA also objects to this interrogatory on

24 the grounds that it seeks information that is uniquely or better known to Mattel.  MGA

25 also objects to this interrogatory on the grounds that it seeks information in violation

26 of the rights of third parties.  MGA further objects to this interrogatory on the ground

27 that Mattel has exceeded the total number of interrogatories allowed pursuant to the

28 District Court's Scheduling Order, dated February 12, 2007.

EXHIBIT _25_ PAGE _684_

1    Based on the foregoing objections, MGA will not respond to this interrogatory.

2

3    **INTERROGATORY NO. 27:**

4           For each concept, design, product, product packaging or other matter that YOU

5    contend MATTEL copied or infringed, including but not limited to those identified in

6    MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of Unfair

7    Competition, Response To Interrogatory No. 2 (and any Supplemental Responses to

8    such Interrogatory), state (a) the date that each such concept, design, product, product

9    packaging or other matter was conceived, and (b) the date that each such concept,

10    design, product, product packaging or other matter was first fixed in any tangible

11    medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

12    and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

13    **RESPONSE TO INTERROGATORY NO. 27:**

14           MGA incorporates by reference the above-stated general objections as if fully

15    set forth herein.  MGA also specifically objects to this interrogatory on the grounds

16    that it is compound in seeking MGA to (1) state the date that each concept, design,

17    product, product packaging or other matter that MGA contends Mattel copied or

18    infringed was conceived, (2) the date that each such concept, design, product, product

19    packaging or other matter was first fixed in any tangible medium of expression, (3)

20    identify "all persons with knowledge of such facts," and (4) identify "all documents"

21    that refer or relate to such facts," and is, in reality, not one but multiple

22    interrogatories.  Such an interrogatory would unreasonably require MGA to state, in

23    writing, a potentially immense multitude of facts.  MGA also objects to this

24    interrogatory to the extent it requests MGA to identify "all documents which refer or

25    relate to" MGA's response and "all persons with knowledge of such facts" in this

26    response as overbroad and premature as discovery is still ongoing and thus MGA

27    cannot identify all documents that will support its responses or persons who have

28    knowledge of the facts at this time.  MGA also specifically objects to this

EXHIBIT __35__ PAGE __685__

1   interrogatory on the grounds that it is overbroad and unduly burdensome.  MGA

2   further objects to this interrogatory on the ground that Mattel has exceeded the total

3   number of interrogatories allowed pursuant to the District Court's Scheduling Order,

4   dated February 12, 2007.  MGA also objects to this interrogatory on the grounds that

5   it seeks information that may be the subject of expert witness analysis and testimony

6   and is premature and on the grounds that there are no exceptional circumstances

7   justifying the requesting of such information at this stage in discovery.

8        Based on the foregoing objections, MGA will not respond to this interrogatory.

9

10  **INTERROGATORY NO. 28:**

11       For each concept, design, product, product packaging or other matter that YOU

12  contend MATTEL copied or infringed, including but not limited to those identified in

13  MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair

14  Competition, Response to Interrogatory No. 2 (and any Supplemental Responses to

15  such Interrogatory), describe, fully and separately, each and every concept, design,

16  product, product packaging or other matter of or by MATTEL that YOU contend is a

17  copy of or infringes YOUR alleged concept(s), design(s), product(s), product

18  packaging or other matter.  Your answer should describe the Mattel concept, design,

19  product, product packaging or other matter with specificity and in detail (including

20  without limitation by product name, product number, SKU, or bar code number), and

21  specify those elements or attributes of YOUR claimed concept, design, product,

22  product packaging or other matter that YOU contend were copied or infringed by

23  MATTEL.

24  **RESPONSE TO INTERROGATORY NO. 28:**

25       MGA incorporates by reference the above-stated general objections as if fully

26  set forth herein.  MGA also specifically objects to this interrogatory on the grounds

27  that it is compound, overbroad and unduly burdensome.  MGA further objects to this

28  interrogatory on the ground that Mattel has exceeded the total number of

1   interrogatories allowed pursuant to the District Court's Scheduling Order, dated
2   February 12, 2007. MGA also objects to this interrogatory on the grounds that it
3   seeks information that Mattel can obtain with more convenience, less burden and less
4   expense using other methods of discovery. MGA also objects to this interrogatory on
5   the grounds that it seeks information that is uniquely or better known to Mattel. MGA
6   further objects to this interrogatory on the grounds that it calls for a legal conclusion.
7   MGA also objects to this interrogatory on the grounds that it seeks information not in
8   the possession, custody or control of MGA. MGA also objects to this interrogatory on
9   the grounds that it seeks information that may be the subject of expert witness analysis
10  and testimony and is premature and on the grounds that there are no exceptional
11  circumstances justifying the requesting of such information at this stage in discovery.
12      Based on the foregoing objections, MGA will not respond to this interrogatory.
13
14  **INTERROGATORY NO. 29:**
15      For each trade dress for which YOU claim protectable trade dress rights in this
16  ACTION, describe, fully and separately, each and every element that makes up the
17  claimed trade dress.
18  **RESPONSE TO INTERROGATORY NO. 29:**
19      MGA incorporates by reference the above-stated general objections as if fully
20  set forth herein. MGA also specifically objects to this interrogatory on the grounds
21  that it is compound, overbroad and unduly burdensome. Such an interrogatory would
22  unreasonably require MGA to state, in writing, a potentially immense multitude of
23  facts. MGA further objects to this interrogatory on the ground that Mattel has
24  exceeded the total number of interrogatories allowed pursuant to the District Court's
25  Scheduling Order, dated February 12, 2007. MGA further objects to this interrogatory
26  on the grounds that it calls for a legal conclusion. MGA also objects to this
27  interrogatory on the grounds that it seeks information that may be the subject of expert
28  witness analysis and testimony and is premature and on the grounds that there are no

23

1    exceptional circumstances justifying the requesting of such information at this stage in

2    discovery. MGA further objects to this interrogatory to the extent it seeks information

3    protected from disclosure by the attorney-client privilege, work product doctrine, the

4    joint defense privilege or common interest privilege.

5        Based on the foregoing objections, MGA will not respond to this interrogatory.

6

7    **INTERROGATORY NO. 30:**

8        IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR

9    licensees and, as to each such BRATZ PRODUCT, state fully and separately (a) the

10   number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

11   licensees, (b) the revenue received by YOU from such SALES of each such BRATZ

12   PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ

13   PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR

14   gross and net profits from each such BRATZ PRODUCT.

15   **RESPONSE TO INTERROGATORY NO. 30:**

16       MGA incorporates by reference the above-stated general objections as if fully

17   set forth herein. MGA also specifically objects to this interrogatory on the grounds

18   that it is compound in that it requests that MGA identify *every* Bratz product ever

19   sold, the number of units for each such product, the revenue received from the sales of

20   such products, costs incurred, and gross and net profits from the sale of each such

21   product. Such a request seeks information on hundreds of Bratz products and is

22   overbroad and unduly burdensome. Additionally, such an interrogatory would

23   unreasonably require MGA to state, in writing, a potentially immense multitude of

24   facts. MGA further objects to this interrogatory on the ground that Mattel has

25   exceeded the total number of interrogatories allowed pursuant to the District Court's

26   Scheduling Order, dated February 12, 2007. MGA also objects to this interrogatory

27   on the grounds that it seeks information not in the possession, custody or control of

28   MGA. MGA further objects to this interrogatory on the grounds that it seeks

24

EXHIBIT 35 PAGE 688

1   information in violation of the privacy rights of third parties.  MGA also objects to

2   this interrogatory on the grounds that it seeks information that may be the subject of

3   expert witness analysis and testimony and is premature and on the grounds that there

4   are no exceptional circumstances justifying the requesting of such information at this

5   stage in discovery.

6          Based on the foregoing objections, MGA will not respond to this interrogatory.

7

8          AS TO OBJECTIONS ONLY:

9

10  Dated:  July 9, 2007                          O'MELVENY & MYERS LLP

11

12                                                _____

13                                                James P. Jenal
                                                  Attorneys for MGA Entertainment, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S OBJECTIONS AND RESPONSES TO MATTEL'S THIRD SET OF INTERROGATORIES

EXHIBIT 35   PAGE 689

BLUEBIRD

EXHIBIT 36

1  DALE M. CENDALI (admitted *pro hac vice*)
   JAMES P. JENAL (S.B. #180190)
2  O'MELVENY & MYERS LLP
   400 South Hope Street
3  Los Angeles, CA 90071-2899
   Telephone:  (213) 430-6000
4  Facsimile:  (213) 430-6407
   jjenal@omm.com
5
   PATRICIA GLASER (S.B. #55668)
6  CHRISTENSEN, GLASER, FINK,
   JACOBS, WEIL & SHAPIRO, LLP
7  10250 Constellation Boulevard, 19th Floor
   Los Angeles, CA 90067
8  Telephone:  (310) 553-3000
   Facsimile:  (310) 557-9815
9
10 Attorneys for MGA Entertainment, Inc.

11 MICHAEL H.  PAGE (S.B. #154913)
   KEKER & VAN NEST LLP
12 710 Sansome Street
   San Francisco, CA 94111
12 Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
13
14 Attorneys for Carter Bryant

15            UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17                   EASTERN DIVISION

18

19 CARTER BRYANT, an individual,        Case No.  CV 04-9049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-
20              Plaintiff,              2727)

21       v.                            **[DISCOVERY MATTER]**

22 MATTEL, INC., a Delaware            **MGA ENTERTAINMENT, INC.,**
   corporation,                        **MGA ENTERTAINMENT (HK)**
23                                      **LTD., ISAAC LARIAN, AND**
                Defendant.             **CARTER BRYANT'S JOINT**
24                                      **NOTICE OF MOTION AND**
                                        **MOTION FOR PROTECTIVE**
25 AND CONSOLIDATED ACTIONS            **ORDER REGARDING MATTEL'S**
                                        **INTERROGATORIES**
26
                                        Hearing Date:    T.B.D.
27                                      Time:            T.B.D.
                                        Discovery Cutoff: October 22, 2007
28                                      Trial Date:      February 12, 2008

                                        JOINT MOTION FOR PROTECTIVE ORDER
                                                    CASE NO. CV 04-9049

EXHIBIT 36   PAGE 690

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, at a telephonic conference before Discovery

3  Master Hon. Edward Infante (Ret.) that will occur at a time to be determined by

4  Judge Infante, MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd.

5  ("MGA (HK)"), Isaac Larian ("Mr. Larian"), and Carter Bryant ("Bryant") jointly

6  will, and hereby do, move the Discovery Master to issue a protective order to limit

7  the number of interrogatories that Mattel, Inc. ("Mattel") may serve on the parties,

8  in compliance with the number previously ordered by the District Court.

9      This Motion is made pursuant to Federal Rule of Civil Procedure 26 on the

10  grounds that Mattel has served more than the 50 interrogatories allowed per side by

11  the District Court's Order and has refused to withdraw or to otherwise serve a

12  revised set of interrogatories so as to comply with the limit imposed by the District

13  Court.

14      The parties met and conferred regarding this Motion pursuant to Local Rule

15  37-1 on July 10, 2007.

16      This Motion is based on this Notice of Motion and Motion, the

17  accompanying Memorandum of Points and Authorities, the Declaration of B.

18  Jennifer Glad filed concurrently herewith and attached exhibits, the record and files

19  of this Court, and all other matters of which the Court may take judicial notice.

20

21  Dated:  July 10, 2007        O'MELVENY & MYERS LLP

22

23                     By: James P. Jenal
                   Attorneys for MGA Entertainment, Inc.,
                   MGA Entertainment (HK) Ltd., and

24                     Isaac Larian

25  Dated:  July 10, 2007        KEKER & VAN NEST LLP

26

27                     By: Michael H. Page
                   Attorneys for Carter Bryant

28

               - 2 -     JOINT MOTION FOR PROTECTIVE ORDER
                            CASE NO. CV 04-9049

EXHIBIT 36  PAGE 691

## I.   INTRODUCTION

Mattel's most recent set of interrogatories is one more example of Mattel's attempts to avoid the District Court's limits on discovery and to engage in abusive and excessive discovery tactics.[1]  As Mattel is well aware, the District Court limited the number of interrogatories allowed in the consolidated actions to "50 for each side."  In an attempt to circumvent this limitation, however, Mattel has served a series of compound interrogatories which well exceed the number of interrogatories allowed per side.  Mattel has also served its most recent set of interrogatories on multiple responding parties, claiming that each interrogatory in that set constitutes only one interrogatory.  However, this latest set alone exceeds the total number of interrogatories allowed in the consolidated actions.  In fact, Mattel has served more than *five times* the amount of interrogatories allowed by the District Court.

When MGA pointed out Mattel's excessive interrogatories and asked that Mattel withdraw them and serve a revised set consistent with the number of interrogatories allowed by the District Court, Mattel refused.  Mattel's conduct belies its claims of cooperation, which it has made repeatedly to both the Discovery Master and the District Court.  Mattel's attempt to circumvent the District Court's limitations on discovery and to serve, conservatively, *227 separate interrogatories,* should not be allowed.

Accordingly, for the reasons set forth below, the Court should issue a protective order preventing Mattel from serving additional interrogatories and continuing to engage in its abusive and excessive discovery,[2] and require Mattel to serve revised interrogatories or else identify the interrogatories, or subparts of

---

[1] MGA's motions for protective orders in response to Mattel's bandying and abusive 30(b)(6) deposition practice, among others, will be filed separately.

[2] Mattel has also engaged in a practice of serving excessive Requests for Admission.  Although the District Court has not currently set any limit on the number of Requests for Admission a party may ask, Mattel's behavior in this regard is consistent with its pattern of serving excessive interrogatories and other abusive discovery tactics.  Indeed, to date Mattel has served *4,257* separate Requests for Admission on MGA, MGA (HK), Mr. Larian and Bryant.  *See* Declaration of B. Jennifer Glad ("Glad Decl."), ¶ 5.

- 3 -

JOINT MOTION FOR PROTECTIVE ORDER
CASE NO. CV 04-9049

EXHIBIT __30__ PAGE _692_

1   interrogatories, it wishes to be answered, consistent with the limits imposed by the

2   District Court.

3   **II.    STATEMENT OF FACTS**

4          Since the inception of this case, Mattel has served multiple sets of

5   interrogatories on Bryant and MGA.  On December 27 and 28, 2004, Mattel served

6   its First Sets of Interrogatories on Bryant and MGA, respectively, followed by its

7   Second Sets of Interrogatories propounded on Bryant and MGA on April 28, 2005.

8   Thereafter, on December 20, 2006, Mattel served its First [sic] Set of

9   Interrogatories Re: Claims of Unfair Competition on MGA.

10          On February 12, 2007, the District Court held a scheduling conference,

11   during which time the Court specifically stated that it wanted parameters placed on

12   discovery due to its concern over what it clearly thought was excessive requests for

13   discovery.[3]  In particular, the District Court stated that the parties were limited to 50

14   interrogatories per side for the consolidated actions, in addition to imposing limits

15   on the number of expert and non-expert depositions.[4]  When the issue was raised

16   that the Federal Rules ordinarily provide for interrogatories to "parties" rather than

17   to "sides," the District Court specifically stated that the parties were to work within

18   the confines of the 50 interrogatories allowed per side.[5]  In the hearing before Judge

19   Larson, the parties all agreed to the limitation on the number of interrogatories,

20   however, Mattel has now revealed that it never intended to so limit itself.

21          On June 7, 2007, Mattel served its Third Set of Interrogatories on Bryant,

22   MGA, MGA (HK) and Mr. Larian.  Upon review of this most recent set of Mattel's

23

---

24   [3] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12, 2007, at 8:19-25 ("Speaking of discovery -- and this is part of what gives the court so much pause in terms of continuing to let this case go on without some kind of parameters -- that is the mutual

25   request for no limit on the number of expert depositions.  You're asking for 40 non-expert depositions with no limit on the number of Rule 30(b)(6) witnesses.  That is disconcerting."), 24:16-18 ("I just don't want to have open-ended numbers of interrogatories and experts."))

26   [4] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12,

27   2007, at 20:21-23:11).

28   [5] *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February 12, 2007, at 23:12-24:18).

EXHIBIT 36 PAGE 693

1  interrogatories, however, it was apparent that Mattel had willfully violated the
2  District Court's Order by exceeding the number of interrogatories allowed per side
3  even though it had never requested that the District Court increase the number of
4  interrogatories allowed.[6]
5      Thereafter, on July 2, 2007, counsel for MGA, MGA (HK), Mr. Larian and
6  Bryant requested that Mattel either withdraw its excessive interrogatories or meet
7  and confer in anticipation of a joint motion for a protective order.[7] Mattel refused
8  to withdraw its interrogatories, claiming that it had served fewer than 50
9  interrogatories to date, and that none of its interrogatories constituted more than one
10  interrogatory.[8] Although Mattel originally agreed to meet and confer on July 9,
11  2007, Mattel later stated that it was unavailable to meet on that date and instead
12  insisted that the parties meet and confer on July 10, 2007, the day *after* the parties'
13  responses were due, to discuss this issue as well as to address Mattel's anticipated
14  motion to compel on the same.[9] MGA, MGA (HK), Mr. Larian and Bryant
15  subsequently served objections to Mattel's improper and excessive interrogatories
16  on July 9, 2007. Thereafter, on July 10, 2007, the parties met and conferred, at
17  which time Mattel reiterated its refusal to withdraw its Third Set of
18  Interrogatories.[10]
19      To date, Mattel has served a total of 46 differently numbered interrogatories,
20  the vast majority of which are compound or were served on multiple responding
21  parties, thus constituting multiple interrogatories.[11] Thus, due to the compound
22  nature of its interrogatories, and the fact that its most recent set was served on four
23
24  ───────────────
    [6] Any such request to increase the number of interrogatories allowed must be made to the District
25  Court. *See* Glad Decl., ¶ 2 & Ex. 1 (Transcript of Status/Scheduling Conference, dated February
    12, 2007, at 24:5-23).
26  [7] *See* Glad Decl., ¶ 3 & Ex. 3.
    [8] *Id.*
27  [9] *Id.*
    [10] *Id.*
28  [11] *Id.* ¶ 4 & Exs. 4-9.

- 5 -                    JOINT MOTION FOR PROTECTIVE ORDER
                        CASE NO. CV 04-9049

EXHIBIT 36 PAGE 694

1   separate responding parties on the same "side," Mattel has served, conservatively,

2   *227 separate interrogatories*.  This is well over the 50 interrogatories allowed per

3   side and should not be condoned.

4   **III.   ARGUMENT**

5        **A.   Mattel's Interrogatories Far Exceed the District Court's Allowed Maximum**

6

7        Mattel's attempt to circumvent the District Court's Order limiting the number

8   of interrogatories is improper and should not be allowed.  Pursuant to the District

9   Court's Scheduling Order, dated February 12, 2007, the number of interrogatories

10  is "limited to 50 for each side" for the consolidated actions.[12]  Additionally, Federal

11  Rule of Civil Procedure 33(a) provides that "discrete subparts" of interrogatories

12  should be counted as separate interrogatories.  Interrogatory subparts are to be

13  counted as discrete subparts if they are not "logically or factually subsumed within

14  and necessarily related to the primary question."[13]  Courts have explained that "[i]f

15  the first question can be answered fully and completely without answering the

16  second question, then the second question is totally independent of the first and not

17  factually subsumed within and necessarily related to the primary question."[14]

18       Mattel has exceeded the 50 interrogatories permitted per side by serving

19  interrogatories that are compound and by serving interrogatories on multiple

20  responding parties.  First, many of the interrogatories propounded by Mattel, both

21  in its latest set as well as those in prior sets, are compound and are, in reality, not

22  one but multiple interrogatories.[15]  For example, Mattel has propounded the

23  following interrogatories:

24  _____
    [12] *Id.*, ¶ 2, Ex. 2 (Scheduling Order, dated February 12, 2007).

25  [13] *See Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 686 (D. Nev. 1997); *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006).

26  [14] *See Krawczyk v. City of Dallas*, 2004 U.S. Dist. LEXIS 30011, *7 (N.D. Tex. 2004); *Kendall*, 174 F.R.D. at 686.

27  [15] The following interrogatories served by Mattel are compound and constitute multiple interrogatories: Mattel's Second Set of Interrogatories propounded on MGA, Interrogatory No.

28  10; Mattel's First Set of Interrogatories Re: Claims of Unfair Competition propounded on MGA,

                                    - 6 -        JOINT MOTION FOR PROTECTIVE ORDER
                                                 CASE NO. CV 04-9049

EXHIBIT __36__ PAGE __695__

1    State all facts that support YOUR contention, if YOU so

2    contend, that one or more of MATTEL's claims against

3    YOU in THIS ACTION is barred, in whole or in part, by

4    the doctrines of unclean hands, estoppel, waiver, or

5    consent, and IDENTIFY all PERSONS with knowledge

6    of such facts and all DOCUMENTS that REFER OR

7    RELATE TO such facts.[16]

8

9    State all facts that support YOUR contention, if YOU so

10   contend, that YOU did not intentionally interfere with the

11   INVENTIONS AGREEMENT or any other agreement or

12   contract between MATTEL and Bryant, or aid or abet any

13   breach of fiduciary duty or duty of loyalty owed by

14   BRYANT to MATTEL, when BRYANT purported to

15   TRANSFER and MGA purported to ACQUIRE rights to

16   BRATZ or when BRYANT performed work or services

17   with or for MGA while BRYANT was employed by

18   MATTEL, and IDENTIFY all PERSONS with

19   knowledge of such facts and all DOCUMENTS that

20   REFER OR RELATE TO such facts.[17]

21

22   State all facts that support YOUR contention, if YOU so

23   contend, that BRYANT did not breach the INVENTIONS

24   AGREEMENT or BRYANT's duty of loyalty or

25

26   Interrogatory Nos. 4, 5, 6, 7, 8, 9 and 10;  Mattel's Third Set of Interrogatories propounded on
     MGA, MGA (HK), Mr. Larian and Bryant, Interrogatory Nos. 12, 13, 14, 15, 16, 17, 18, 19, 20,
27   21, 22, 23 and 27.  *See* Glad Decl., ¶ 4, Exs. 4-9.
     [16] Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 18).
28   [17] *Id.* ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 21).

- 7 -       JOINT MOTION FOR PROTECTIVE ORDER
            CASE NO. CV 04-9049

EXHIBIT 30   PAGE 696

1            fiduciary duties to MATTEL when BRYANT purported

2            to TRANSFER rights to BRATZ to MGA or performed

3            work or services with or for MGA while BRYANT was

4            employed by MATTEL, and IDENTIFY all PERSONS

5            with knowledge of such facts and all DOCUMENTS that

6            REFER OR RELATE TO such facts.[18]

7 Each of these interrogatories addresses several discrete issues, and constitutes

8 multiple interrogatories. Indeed, not only do the interrogatories request that the

9 responding parties "state all facts," "identify all persons with knowledge of such

10 facts," and identify "all documents" referring or relating to such facts, which alone

11 constitutes multiple interrogatories, but the interrogatories also request that the

12 responding parties answer such questions with regard to multiple claims or

13 defenses. Combining multiple interrogatories in this fashion is clearly improper

14 and should not be allowed. *See United States ex rel. Pogue v. Diabetes Treatment*

15 *Ctrs. of America, Inc.*, 235 F.R.D. 521, 524 (D.C. Cir. 2006) (explaining that an

16 "interrogatory may properly seek identification of documents and facts supporting a

17 contention, but it may not do so in a single interrogatory"); *Nobles v. Jacobs IMC*,

18 2003 U.S. Dist. LEXIS 24083, *18 (D. V.I. 2003) (finding that an interrogatory that

19 asks the responding party to state all facts regarding a particular issue and to

20 identify all persons having knowledge of such information is two separate

21 interrogatories because "although identity of persons who are the source of various

22 facts inquired about may be logically subsumed within and necessarily related to

23 the primary question, the determination of the identity of all persons having

24 knowledge of such information requires additional effort by Defendant"); *Sec. Ins.*

25 *Co. v. Trustmark Ins. Co.*, 2003 U.S. Dist. LEXIS 18196, *4-5 (D. Conn. 2003)

26 (finding that a single interrogatory seeking information about all elements of a

27

28 _____
[18] Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 23).

- 8 -      JOINT MOTION FOR PROTECTIVE ORDER
                                    CASE NO. CV 04-9049

EXHIBIT 36   PAGE 697

1  given claim was compound and explaining that each element of a claim is discrete

2  and constitutes a separate interrogatory).  Moreover, many of the definitions in

3  Mattel's interrogatories require distinct subsets of information, further making the

4  interrogatories compound.[19]  Thus, even under a conservative reading of Mattel's

5  interrogatories, Mattel has served well in excess of the 50 permitted.

6      Second, Mattel exceeded the number of interrogatories it was allowed to ask

7  in its Third Set of Interrogatories alone.  In particular, Mattel's Third Set of

8  Interrogatories includes 19 different interrogatories served on four different

9  responding parties on the same side.  In its definitions to the set of interrogatories,

10

11  [19] See e.g., Glad Decl., ¶ 4 & Ex. 9 (Mattel, Inc.'s Third Set of Interrogatories at 2, defining
    "BRATZ" to mean "any project, product, doll, or DESIGN ever known by that name (whether in
12  whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has
    been also, previously or subsequently called) and any product, doll or DESIGN or any portion
13  thereof that is now or has even been known as, or sold or marketed under, the name or term
    'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or
14  portion thereof is or has been also, previously or subsequently called) or that is now or has ever
    been sold or marketed as part of the 'Bratz' line, and each version or iteration of such product,
15  doll or DESIGN or any portion thereof.  As used herein, 'product, doll or design or portion
    thereof' also includes without limitation any names, fashions, accessories, artwork, packaging or
16  any other works, materials, matters or items included or associated therewith.  Without limiting
    the generality of the foregoing, and contrary to MGA's recent assertions in connection with other
17  Mattel discovery requests, the term 'BRATZ' does not and shall not require that there be a doll
    existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant
18  or responsive to, the Interrogatories."); Glad Decl., ¶ 4 & Ex. 8 (Mattel, Inc.'s First Set of
    Interrogatories Re Claims of Unfair Competition at 2, defining "CONTESTED MGA
19  PRODUCTS" as "the CONTESTED BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ
    PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION MAKEOVER HEAD, the
20  CONTESTED 4-EVER BEST FRIENDS PRODUCTS, the CONTESTED MOMMY's LITTLE
    DOLL PRODUCTS, and the CONTESTED ALIENRACERS PRODUCTS, and any doll, toy,
21  portion thereof, or version thereof that is now or has ever been known as, or sold, offered for sale,
    licensed, offered for license or marketed under the name or terms 'Bratz,' '4-Ever Best Friends,'
22  'Mommy's Little,' 'Alienracers,' or any derivative thereof, that provides a basis for any claim by
    YOU against MATTEL, including without limitation 'Bratz Dolls,' 'Bratz Dogz,' 'Winter
23  Wonderland,' 'Bratz Sportz,' 'Formal Funk,' 'Sun-Kissed Summer,' 'Funky Fashion Makeover
    Head,' 'Runway Disco,' '4-Ever Best Friends,' 'Mommy's Little Patient,' and 'Alienracers.'");
24  Glad Decl., ¶ 4 & Ex. 8 (Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair
    Competition at 2, defining "EMBODIMENT" to mean "any representation of the identified
25  product or its retail packaging, whether two-dimensional or three-dimensional, and whether in
    tangible, digital, electronic or other form, including but not limited to all works, designs, artwork,
26  sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams,
    images, sculptures, prototypes, models, samples, reductions to practice, developments, inventions
27  and/or improvements, as well as other items, things and DOCUMENTS in which any of the
    foregoing are or have been expressed, embodied, contained, fixed or reflected in any manner,
28  whether in whole or in part.")

                                        - 9 -          JOINT MOTION FOR PROTECTIVE ORDER
                                                           CASE NO. CV 04-9049

EXHIBIT 36   PAGE 698

1    Mattel defined the terms "YOU" and "YOUR" to mean "each of the Responding

2    Parties."[20]  These interrogatories include questions related to the personal financial

3    information of Mr. Larian,[21] the responding parties' state of mind at various points

4    in time,[22] and the potential defenses that may be raised by the various responding

5    parties,[23] among other questions.  These interrogatories necessarily require each

6    responding party to serve its own specific objections and responses based on the

7    particular information known or otherwise available to the responding party.  Thus,

8    even assuming that these interrogatories are not *textually* compound, which many

9    of them are, at a minimum Mattel's Third Set of Interrogatories alone constitutes 76

10   separate interrogatories by virtue of the multiple responding parties aligned on the

11   same side.

12       **B.     The Court Should Issue a Protective Order Preventing Mattel
                  From Abusing the Discovery Process and Attempting to Exceed
13                the Number of Interrogatories Allowed**

14             Under Federal Rule of Civil Procedure 26(c), a court may "make any order

15   which justice requires to protect a party or person from annoyance, embarrassment,

16   oppression, or undue burden or expense," including "that the disclosure or

17   discovery not be had."  Because Mattel's Third Set of Interrogatories far exceeds

18   the number of interrogatories allowed under the District Court's Order, MGA,

19   MGA (HK), Mr. Larian and Bryant should not be obligated to respond to the

20   ────────────
[20] Glad Decl., ¶ 4 & Ex. 9 (Mattel, Inc.'s Third Set of Interrogatories at 1).

21   [21] "IDENTIFY each and every bank or financial institution account that REFERS OR RELATES
     TO LARIAN, including accounts in LARIAN's name or for LARIAN's benefit, since January 1,
22   1999." *See* Glad Decl., ¶ 4 & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 24).

     [22] "State all facts that support YOUR contention, if YOU so contend, that YOU acted with an
23   innocent state of mind or reasonably believed that MATTEL did not own any rights in any
     BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to
24   ACQUIRE rights to BRATZ or when BRYANT performed work or services with or for MGA
     while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of
25   such facts and all DOCUMENTS that REFER OR RELATE to such facts." *See* Glad Decl., ¶ 4
     & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 22).

26   [23] "State all facts that support YOUR contention, if YOU so contend, that one or more of
     MATTEL's claims against YOU in THIS ACTION is barred, in whole or in part, by the doctrines
27   of unclean hands, estoppel, waiver, or consent, and IDENTIFY all PERSONS with knowledge of
     such facts and all DOCUMENTS that REFER OR RELATE to such facts." *See* Glad Decl., ¶ 4
28   & Ex. 9 (Mattel's Third Set of Interrogatories, Interrogatory No. 18).

                              - 10 -          JOINT MOTION FOR PROTECTIVE ORDER
                                              CASE NO. CV 04-9049

EXHIBIT 36   PAGE 699

1  interrogatories.  MGA, MGA (HK), Mr. Larian and Bryant respectfully request that
2  the Discovery Master issue a protective order preventing Mattel from serving
3  additional interrogatories and continuing to engage in its abusive and excessive
4  discovery, and require Mattel to withdraw its present set of interrogatories and
5  serve revised interrogatories or else identify the interrogatories, or subparts of
6  interrogatories, it wishes to be answered, consistent with the limits imposed by the
7  District Court.

8  **IV.   CONCLUSION**

9        For the foregoing reasons, MGA, MGA (HK), Mr. Larian and Mr. Bryant
10  respectfully request that the Discovery Master issue a protective order preventing
11  Mattel from serving additional interrogatories and continuing to engage in its
12  abusive and excessive discovery, and require Mattel to serve a revised set of its
13  latest interrogatories or else identify which interrogatories, or subparts of
14  interrogatories, it wishes to be answered, consistent with the limits imposed by the
15  District Court.

16
17
18  Dated:  July 10, 2007                         O'MELVENY & MYERS LLP
19
20                                               By:  James P. Jenal
                                                 Attorneys for MGA Entertainment, Inc.,
21                                               MGA Entertainment (HK) Ltd., and
                                                 Isaac Larian
22  Dated:  July 10, 2007                         KEKER & VAN NEST LLP
23
24                                               By: Michael H. Page
25                                               Attorneys for Carter Bryant
26
27
28
                          - 11 -            JOINT MOTION FOR PROTECTIVE ORDER
                                           CASE NO. CV 04-9049

EXHIBIT 36    PAGE 700

BLUEBIRD

**EXHIBIT 37**

FILED

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5   (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13 CARTER BRYANT, an            CASE NO. CV 04-9049 SGL (RNBx)
   individual,
14                             Consolidated with Case Nos. CV 04-09059
            Plaintiff,         and CV 05-02727
15
       vs.                     DISCOVERY MATTER
16
   MATTEL, INC., a Delaware    [To Be Heard By Discovery Master Hon.
17 corporation,                Edward Infante (Ret.) Pursuant To The
                               Court's Order Of December 6, 2006]
18          Defendant.
                               MATTEL, INC.'S NOTICE OF MOTION
19 AND CONSOLIDATED            AND MOTION TO COMPEL RESPONSES
   ACTIONS                     TO INTERROGATORIES (THIRD SET)
20                             BY MGA ENTERTAINMENT, INC.,
                               ISAAC LARIAN, CARTER BRYANT AND
21                             MGA ENTERTAINMENT (HK) LTD.

22                             AND MEMORANDUM OF POINTS AND
                               AUTHORITIES
23
                               [Declarations of B. Dylan Proctor and Tamar
24                             Buchakjian filed concurrently]

25                             Date:   TBA
                               Time:   TBA
26                             Place:  Telephonic

27                             Discovery Cut-off: January 14, 2008
                               Pre-trial Conference: March 3, 2008
28                             Trial Date: April 29, 2008

                                                CV 18107

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a telephonic conference before Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court to compel MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian and Carter Bryant (together, "Defendants") to answer Interrogatory Nos. 12 through 30 in Mattel's Third Set of Interrogatories.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 33(b)(5) and 37(a) on the grounds that Mattel's Interrogatories seek discoverable information and MGA's objections lack merit.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Dylan Proctor and Tamar Buchakjian filed concurrently, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Statement of Rule 37-1 Compliance**

The parties met and conferred regarding Mattel's Third Set of Interrogatories on July 10, 2007.

DATED: July 17, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Michael T. Zeller
Attorneys for Plaintiff

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 1

PRELIMINARY STATEMENT ......................................................... 1

BACKGROUND ..................................................................... 1

ARGUMENT ....................................................................... 4

I.   MATTEL'S INTERROGATORIES SEEK RELEVANT, DISCOVERABLE INFORMATION. ......................................... 4

II.  DEFENDANTS' NON-RELEVANCE OBJECTIONS SHOULD ALSO BE OVERRULED. ......................................... 9

III. MATTEL HAS NOT EXCEEDED FIFTY INTERROGATORIES. ............. 12

CONCLUSION .................................................................... 13

EXHIBIT 37   PAGE 703

# TABLE OF AUTHORITIES

**Page**

## Cases

*Adams v. Murakami,*
54 Cal. 3d 105 (1991)..................................................................... 6

*Beach v. City of Olathe, Kans.,*
203 F.R.D. 489 (D. Ks. 2001)......................................................... 10

*Bessier v. Precise Tool & Eng'g Co., Inc.,*
778 F. Supp. 1509 (W.D. Mo. 1991)............................................... 6

*Bills v. Kennecott Corp.,*
108 F.R.D. 459 (D. Utah 1985)........................................................ 7

*Britton v. Car Toys, Inc.,*
2007 WL. 1395290 (D. Colo. 2007) ............................................... 6

*Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,*
1989 WL. 92038 (E.D.N.Y. 1988) ................................................ 11

*Dunn v. Midwestern Indem.,*
88 F.R.D. 191 (S.D. Ohio 1980) ................................................ 7, 8

*King v. E.F. Hutton & Co., Inc.,*
117 F.R.D. 2 (D.D.C. 1987) .......................................................... 11

*Mitchell v. National R.R. Passenger Corp.,*
208 F.R.D. 455 (D.D.C. 2002)....................................................... 10

*Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,*
93 F.R.D. 62 (D.P.R. 1981)............................................................ 12

*Morgan v. Woessner,*
997 F.2d 1244 (9th Cir. 1993) ......................................................... 6

*Nagele v. Electronic Data Systems Corp.,*
193 F.R.D. 94 (W.D.N.Y. 2000)...................................................... 9

*North Dakota Fair Housing Council, Inc. v. Allen,*
298 F. Supp. 2d 897 (D.N.D.2004) .................................................. 6

*Oakes v. Halvorsen Marine Ltd.,*
179 F.R.D. 281 (C.D.Cal. 1998) .................................................. 5, 6

*Pulsecard, Inc. v. Discover Card Srvcs., Inc.,*
168 F.R.D. 295 (D. Ks. 1996) ........................................................ 10

*U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,*
2000 WL. 307470 (C.D. Cal. 2000) ................................................. 5

EXHIBIT 37   PAGE 709

1  *United States v. Abel,*
     469 U.S. 45 (1984) ................................................................................ 5
2

3                                   **Statutes**

4  Fed. R. Civ. P. 33(b)(4) ........................................................................ 9

5  Fed. R. Civ. P. 33(c) ............................................................................ 11

6  Federal Practice & Procedure: Federal Rules of Evidence § 6095 ............. 5

7  Rule 26    ................................................................................................ 5

8  Rule 26(a)(5) ......................................................................................... 12

9  Rule 26(b)    ........................................................................................... 5

10 Rule 26(d)    ........................................................................................... 12

11 Rule 30(b)(6)    ....................................................................................... 12

12 Rule 37-1    ............................................................................................. ii

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 37   PAGE 205

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel served Defendants with its Third Set of Interrogatories on June 7, 2007. Rather than respond, each Defendant served only objections. Defendants should be compelled to provide complete responses.

Defendants' primary basis for their stonewalling is that Mattel purportedly exceeded the fifty interrogatory "per side" limit set by Judge Larson. As shown in Mattel's concurrently filed Opposition to Defendants' Motion for Protective Order, it has not. Mattel's Third Set of Interrogatories includes nineteen interrogatories. Before that, Mattel had served twenty-four non-identical interrogatories in these consolidated cases, and twenty-seven overall. Mattel has not exceeded the limit set by the Court.

Defendants only other purported bases for refusing to answer the Interrogatories are boilerplate objections. When the parties met and conferred on Defendants' objections, Defendants stated that they would "stand on" each of their objections. However, Defendants did not assert a single objection besides the fifty "per side" interrogatory limit issue as a reason for not answering -- at all and in any fashion --Mattel's Interrogatories. Nor could they have. Their remaining objections are meritless and should be stricken. Defendants should be compelled to provide complete responses to Mattel's Third Set of Interrogatories.

## Background

On June 7, 2007, Mattel served its Third Set of Interrogatories on four Defendants -- MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Ltd.

1   ("MGA Hong Kong"), Isaac Larian and Carter Bryant -- asking each of them the

2   same nineteen questions.[1]

3            These Interrogatories all go to central issues in the case, primarily

4   Defendants' contentions on key points in dispute.  In particular, the Interrogatories

5   cover:

6        •    Defendants' contentions regarding which Bratz inventions were created

7        before, during and after Bryant's Mattel employment;[2]

8        •    Defendants' contentions regarding how Bryant's Inventions Agreement

9        with Mattel, assignment of rights to Bratz inventions to MGA, and services

10       with or for MGA while employed by Mattel, affect who owns the rights to

11       Bratz inventions;[3]

12       •    the facts supporting certain of Defendants' affirmative defenses;[4]

13       •    Defendants' contentions regarding the relief that Mattel seeks;[5]

14       •    Defendants' contentions that Mattel copied or infringed Defendants'

15       concepts, designs, products, product packaging or other matters;[6]

16       •    Defendants' contentions that Defendants have protectable trade dress

17       rights in this action;[7]

18       •    the revenues and profits Defendants have obtained from sales of Bratz

19       products and costs of such products;[8]

20       •    the identity of Larian's bank or financial accounts;[9]

21   ─────────────────────

22   [1]   Mattel's Third Set of Interrogatories, Proctor Dec., Exh. 8.

23   [2]   Id. (Nos. 12, 13, 14).
     [3]   Id. (Nos. 15, 16, 21, 22, 23).

24   [4]   Id. (Nos. 17, 18)

25   [5]   Id. (Nos. 19, 20).
     [6]   Id. (Nos. 27-28).

26   [7]   Id. (No. 29).

27   [8]   Id. (No. 30).

28   [9]   Id. (No. 24)

EXHIBIT  37  PAGE  707

1    •    the identity of electronic storage devices Defendants used prior to 2002

2    for digital information related to Bratz;[10] and

3    •    the identity of former Mattel employees who subsequently went to

4    work for MGA.[11]

5        On July 9, 2007, MGA, MGA Hong Kong, Larian and Bryant  served

6    objections to the Third Set of Interrogatories and no substantive answers, even to the

7    interrogatories Defendants concede fall within the fifty interrogatory limit.[12]  The

8    parties met and conferred on Defendants' responses on July 10, 2007, both in the

9    context of Defendants' Motion for Protective Order and the present Motion to

10   Compel.[13]  Defendants refused to answer any of the Interrogatories because Mattel

11   purportedly exceeded the fifty "per side" limit that Judge Larson set.  Defendants

12   also refused to withdraw any of their boilerplate objections.[14]  While the meet and

13   confer on the Interrogatories was on-going -- and indeed more than half an hour

14   before it concluded -- Defendants emailed the Discovery Master their Motion for

15   Protective Order (and did so without copying the Mattel attorney handling the meet

16   and confer).[15]

17

18

19

20

21

22   [10]  Id. (No. 25)

23   [11]  Id. (No. 26).
     [12]  MGA's Objections and Responses to Mattel's Third Set of Interrogatories,

24   Proctor Dec., Exh. 9.  The other Defendants' objections are substantively similar to

25   MGA's and are attached separately as Exh. 10 (MGA Hong Kong), 11 (Larian) and
     12 (Bryant).

26   [13]  Proctor Dec., ¶ 11.

27   [14]  Id.
     [15]  Proctor Dec., ¶ 12.

28

07209/2166333.5

1

**Argument**

2  I.  **MATTEL'S INTERROGATORIES SEEK RELEVANT,**

3  **DISCOVERABLE INFORMATION.**

4  Defendants do not even assert relevance objections to almost all of the

5  Interrogatories at issue here and thus concede that Mattel is entitled to the

6  information it seeks.[16]  That is because Mattel's Interrogatories all address crucial

7  matters going to heart of this case.

8  Defendants do not contest the relevance of sixteen interrogatories in the

9  Third Set.  As set forth above, these sixteen interrogatories primarily seek to

10  discover what facts Defendants have to support their contentions on key issues in

11  dispute, such as which Bratz inventions were created before, during and after

12  Bryant's Mattel employment,[17] or how Bryant's Inventions Agreement with Mattel,

13  assignment of rights to Bratz inventions to MGA, and services with or for MGA

14  while employed by Mattel, affect who owns the rights to Bratz inventions.[18]  Mattel

15  is entitled to discover the information it seeks through these interrogatories.

16  Defendants do object on relevance grounds to Interrogatory Nos. 24, 25

17  and 26.  Interrogatory No. 24 asks Defendants to "IDENTIFY each and every bank

18  or financial institution account that REFERS OR RELATES TO LARIAN,

19  including accounts in LARIAN's name or for LARIAN's benefit, since January 1,

20  1999."[19]  This information is clearly discoverable, and Defendants' objection is

21  frivolous given the allegations in this case.  First, Larian's bank account information

22

23  [16]  MGA's Objections and Responses to Mattel's Third Set of Interrogatories,

24  Proctor Dec., Exh. 9.  MGA and each other Defendant (Exh. Nos. 10-12) only raise

25  relevance objections to Nos. 24-26.

[17]  Mattel Inc.'s Third Set of Interrogatories, Proctor Dec., Exh. 8 (Nos. 12, 13,

26  14).

[18]  Id. (Nos. 15, 16, 21, 22, 23).

27  [19]  Id. (No. 24).

28

EXHIBIT _31_ PAGE _709_

1   may include direct evidence of liability.  Mattel has *explicit* claims for commercial

2   bribery against Larian and MGA.[20]  Payments made to Bryant, including during the

3   term of his Mattel employment, and to other then-Mattel employees would

4   themselves establish such commercial bribery and other tortious conduct that are the

5   subject of Mattel's claims by Larian or MGA.  The timing of such payments would

6   also bear on the timing of Bryant's first involvement with MGA, which is in dispute

7   in this case.  Likewise, the timing and amounts of payments made to other former

8   Mattel employees who Larian and MGA are accused of conspiring with to steal

9   Mattel trade secrets would be critical evidence to Mattel's claims.[21]  And, evidence

10  of payments to any of the numerous witnesses in this case, including Bryant, are

11  obviously relevant to issues of bias.  United States v. Abel, 469 U.S. 45, 50-51

12  (1984) (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen

13  Marine Ltd., 179 F.R.D. 281, 283 (C.D.Cal. 1998) (Rule 26 permits discovery of

14  information which may simply relate to the credibility of a witness or other evidence

15  in the case); Wright & Miller, Federal Practice & Procedure: Federal Rules of

16  Evidence § 6095 (bias is a "particularly favored basis for attacking credibility," and

17  "circumstantial evidence of bias" may include evidence of the "payment of bribes or

18  fees").

19          Second, Mattel has punitive damage claims against Larian.[22]  In

20  assessing punitive damages, the jury is entitled to consider Larian's net worth.  See,

21  _____

22  [20]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
    Claims, Prayers ¶ 12, Proctor Dec., Exh. 16.

23  [21]  See Order of January 25, 2007, at 14:13-17 ("payments to Bryant are relevant

24  to Mattel's recently added claims for trade secret misappropriation.  Payments could

25  show when and what trade secret information Bryant and other defendants allegedly
    misappropriated from Mattel.  Any proof of trade secret theft is also relevant to

26  Mattel's defense against MGA's unfair competition claims.")

27  [22]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
    Claims, Prayers ¶¶ 11-13, Proctor Dec., Exh. 16.

28

EXHIBIT 31   PAGE 710

1   e.g., U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,

2   2000 WL 307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is

3   relevant under Rule 26(b) to plaintiff's claims for damages and punitive damages.");

4   Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 286 (C.D. Cal. 1998) ("The

5   discovery of financial information relevant to a punitive damages claim is

6   permissible under the Federal Rules of Civil Procedure, whether or not such

7   evidence would be admissible at trial.").  Indeed, under California law Mattel is

8   required to introduce evidence of Larian's financial condition to obtain an award of

9   punitive damages against him.  Morgan v. Woessner, 997 F.2d 1244, 1259 (9th Cir.

10  1993) (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)).  Larian's bank account

11  information from recent years is, quite obviously, likely to lead to discoverable

12  information about Larian's financial condition.  Britton v. Car Toys, Inc., 2007 WL

13  1395290, at *3 (D. Colo. 2007) ("Evidence regarding a defendant's earnings and

14  assets may be relevant in proving punitive damages."); North Dakota Fair Housing

15  Council, Inc. v. Allen, 298 F. Supp. 2d 897, 899 (D.N.D.2004) ("The discovery of

16  financial records of a defendant in order to prepare a case on the issue of punitive

17  damages is permissible.");  Bessier v. Precise Tool & Eng'g Co., Inc., 778 F.Supp.

18  1509, 1514 (W.D. Mo. 1991) (a plaintiff is "clearly entitled to the discovery of

19  financial records of defendant in order to prepare a case on the issue of punitive

20  damages.").

21          Third, Larian's financial information is relevant impeachment evidence.

22  For example, at the recent trial of another case, *Art Attacks v. MGA*, that also

23  involved Bratz, Mr. Larian claimed under oath that he made far less money than one

24  would expect for the majority owner of a purportedly multi-billion dollar company

25

26

27

28

EXHIBIT 37 PAGE 711

1   since, Larian claimed, it was mostly ploughed back into the company.[23]  While this

2   alone shows that Mattel's concern that Larian will try to avoid a significant punitive

3   damages award by pleading that he makes relatively little money is far from

4   hypothetical, the financial information also would tend to show that Mr. Larian

5   made misrepresentations about his financial condition under oath.  Such evidence is

6   unquestionably relevant.

7           The second interrogatory Defendants claim is irrelevant (No. 25) asks

8   Defendants to "IDENTIFY each and every STORAGE DEVICE that YOU have

9   used for any purpose which contains or contained DIGITAL INFORMATION that

10  REFERS OR RELATES TO BRATZ and/or ANGEL prior to January 1, 2002."[24]

11  Federal Courts have long recognized that such information is discoverable.  See, e.g,

12  Bills v. Kennecott Corp., 108 F.R.D. 459, 461 (D. Utah 1985) ("any material

13  relating to the record holder's computer hardware, the programming techniques

14  employed in connection with the relevant data, the principles governing the structure

15  of the stored data, and the operation of the data processing system" is subject to

16  discovery); Dunn v. Midwestern Indem., 88 F.R.D. 191, 195 (S.D. Ohio 1980)

17  (computer systems, programs and tapes were relevant and subject to discovery

18  where claimants sought relevant information that should be in the computers, or

19  information that should not be there but was).  Items like computer hard drives that

20  Defendants used on Bratz in 1999, 2000 and 2001 clearly could contain admissible

21  evidence, and the Discovery Master has already so held in the context of compelling

22  Bryant's hard drives.[25]  This interrogatory is reasonably calculated to lead to the

23  discovery of such evidence.

24  ─────────────────────

25  [23]  Declaration of Tamar Buchakjian, dated July 17, 2007 and filed concurrently

26  herewith, ¶ 3.

27  [24]  Mattel Inc.'s Third Set of Interrogatories (No. 25), Proctor Dec., Exh. 8.

    [25]  Order of the Discovery Master dated January 25, 2007, at 17.

28

1    The third and final interrogatory for which Defendants assert a

2    relevance objection (No. 26) asks Defendants to:

3         IDENTIFY all PERSONS who at any time have been employed by or

4         under contract with MATTEL who are now or have been employed by

5         or under contract with YOU since January 1, 1999, and, for each such

6         PERSON, state his or her name, date of hire or effective date of

7         contract, the date on which YOU first had contact with such PERSON

8         regarding potential employment or contracting, the date(s) on which

9         such PERSON was interviewed for possible employment or

10        contracting, each title (if any) such PERSON has held while employed

11        by or under contract with YOU, and the date of termination (if

12        applicable).[26]

13   This information relates directly to Mattel's claims, including its RICO claims.

14   Indeed, MGA's poaching of Mattel employees for the purposes of stealing its trade

15   secrets is specifically alleged in Mattel's claims.[27]   Mattel alleges that MGA paid

16   former Mattel employees in Mexico and Canada, as well as other employees, to

17   leave Mattel and work for MGA and, in the process, steal Mattel trade secrets and

18   other property and deliver them to MGA.[28]   Furthermore, the Interrogatory is

19   relevant to MGA's own claims.  MGA has accused Mattel of copying Bratz and

20   other designs, as well as advertising, packaging, themes and the like.  It is Mattel's

21   position that MGA copied or utilized Mattel projects in development and other

22   confidential, internal information, which is not only trade secret theft but a defense

23   to MGA's claims.  Knowing which employees went to MGA and when will yield

24   _____

25   [26]  Id. (No. 26).

26   [27]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
     Claims, Prayers ¶¶ 12, 13, Proctor Dec., Exh. 16.

27

28

EXHIBIT 37   PAGE 713

1  evidence showing MGA's access to Mattel's internal information and additionally

2  bear on critical issues of timing about which company was developing which

3  product or product element at issue first.  Without doubt, this interrogatory is likely

4  to lead to the discovery of admissible evidence bearing on these issues.

5       The Discovery Master should overrule the relevance objections

6  Defendants make, regarding Interrogatory Nos. 24, 25 and 26.

7  **II.**   **DEFENDANTS' NON-RELEVANCE OBJECTIONS SHOULD ALSO**

8       **BE OVERRULED.**

9       The Discovery Master should also overrule Defendants' other

10 boilerplate objections.  Each Defendant asserts that most or all interrogatories are:

11 vague and ambiguous, overbroad, unduly burdensome and oppressive, asking for

12 information not in the possession, custody or control of the Defendant, and asking

13 for information protected by the attorney-client, work product or joint defense

14 privileges."[29]  MGA, MGA Hong Kong and Larian also assert objections that most

15 or all of the interrogatories are "premature" because discovery is ongoing, and that

16 some interrogatories call for a legal conclusion.[30]  None of the these objections has

17 merit.

18      Defendants' "overbroad," "unduly burdensome" and "oppressive"

19 objections lack merit, as demonstrated by Defendants' failure to specify how the

20 questions are overbroad, burdensome or oppressive.  The most Defendants offer is

21 that the interrogatories "would unreasonably require MGA to state, in writing, a

22

23 _____

24 [28]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
Claims, Counter-Claims ¶¶ 37-76, Proctor Dec., Exh 16.

25

26 [29]  MGA's Objections and Responses to Mattel's Third Set of Interrogatories,
Proctor Dec., Exh. 9.  The other MGA parties' objections are identical and Bryant's

27 are substantively similar.  See id., Exhs. 10-12.

28 [30]  Id., Exh. 9.

EXHIBIT _37_ PAGE _94_

1   potentially immense multitude of facts."[31]  All grounds for objecting to an

2   interrogatory must be stated "with specificity."  Fed. R. Civ. P. 33(b)(4); Nagele v.

3   Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling

4   "burdensome" objections because objecting party failed to particularize basis for

5   objection).  Furthermore, where a party asserts an "overbroad" objection, it still has

6   to answer whatever part of the question is proper and provide a *meaningful*

7   *explanation* of its basis for its objection to the balance.  Mitchell v. National R.R.

8   Passenger Corp., 208 F.R.D. 455, 458, n. 4 (D.D.C. 2002).  Defendants'

9   "burdensome," "overbroad" and "oppressive" objections are boilerplate and should

10  be overruled.

11          Defendants' "vague and ambiguous" objections also lack merit.

12  Defendants must attribute ordinary definitions to terms and phrases utilized in

13  interrogatories.  There is nothing vague about any of Mattel's terms.  If there truly

14  were some ambiguity, Defendants could have included their own interpretation of

15  the terms they contend are vague in answering the questions.  Pulsecard, Inc. v.

16  Discover Card Srvcs., Inc., 168 F.R.D. 295, 310 (D. Ks. 1996).  They cannot,

17  however, simply stonewall as they have done.  Moreover, "vague and ambiguous"

18  objections should not be sustained if the ambiguity could have been resolved

19  through the meet and confer process.  Beach v. City of Olathe, Kans., 203 F.R.D.

20  489, 497 (D. Ks. 2001).  While Defendants stated during meet and confer that they

21  "are standing on" each of their objections, they did not attempt to support even one

22  (other than their "compound" objections).

23          Defendants also assert various "privilege," "possession, custody or

24  control," and "ongoing discovery" objections and limitations.  MGA, Larian and

25  MGA Hong Kong also assert "legal conclusion" objections to questions that clearly

26

27  [31]  See, e.g., id. at 4:21-22 (Objs. to No. 12).

28

EXHIBIT 37   PAGE 715

1  call for, at most, application of law to facts.[32]  All of these objections should be

2  overruled.  Most of the interrogatories at issue here are contention interrogatories.

3  Parties are required to answer interrogatories that ask them to state their contentions

4  about facts or the application of law to facts.  Fed. R. Civ. P. 33(c).  Mattel is

5  entitled to learn the facts in Defendants' possession which they believe support their

6  own contentions.  Mattel is also entitled to learn which documents and persons

7  relate to or are knowledgeable about such facts.  The law is clear that a party cannot

8  avoid responding to contention interrogatories by claiming that they call for a legal

9  conclusion or by invoking the attorney-client privilege or the work product doctrine.

10  Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at

11  *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular

12  allegation in a complaint violates neither the attorney-client or work product

13  privileges."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987)

14  (interrogatories seeking the factual specifics which a party contends supports a

15  contention do not implicate the attorney work product doctrine:  "If this elementary

16  principle were not applicable, contention interrogatories would not exist.  As the

17  Advisory Committee Note reflects, as to requests for even opinions or contentions

18  that call for the application of law to fact, they are permissible and can be most

19  useful in narrowing and sharpening the issues, which is the major purpose of

20  discovery.").

21         Finally, Defendants intersperse a number of other objections on some

22  interrogatories.  Again, despite the requirement that they state the objections with

23

24  [32]  See, e.g., id. at 14-16 (Objs. to No. 21) ("legal conclusion" objection to

25  interrogatory asking Defendants to state facts supporting contention that MGA did
    not intentionally interfere with Bryant's Inventions Agreement with Mattel when

26  Bryant purported to transfer, and MGA purported to acquire, rights to Bratz while

27  Bryant worked for Mattel).  The other "legal conclusion" objections are to Nos. 13-
    18, 20-23 and 29.

28

07209/2166333.5                    -11-                    Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

EXHIBIT  37  PAGE  716

1    specificity, Defendants offer nothing but conclusory statements. For example,

2    MGA claims -- without explanation -- that Mattel can "more conveniently" obtain

3    the information through other discovery, or that Mattel is better suited to know the

4    information.[33] Each of these conclusory objections lacks merit and should be

5    overruled. They also are without merit. The Rules make clear that the various

6    methods of discovery provided therein are cumulative, as opposed to alternative or

7    mutually exclusive. Rule 26(d) provides that "methods of discovery may be used in

8    any sequence," and Rule 26(a)(5) states that a party "may obtain discovery by one or

9    more" of the available methods specified in the efficient discovery of facts. Mitsui

10   & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority, 93 F.R.D. 62, 65

11   (D.P.R. 1981) (citing Advisory Committee Note to Rule 30(b)(6)). Thus,

12   Defendants' attempt to relegate Mattel to some other -- wholly unspecified --

13   method of obtaining a full explanation of Defendants' defenses and other positions

14   in this case is unacceptable.

15   **III.   MATTEL HAS NOT EXCEEDED FIFTY INTERROGATORIES.**

16           Defendants' only argument for not providing a single response to

17   Mattel's Third Set of Interrogatories is that Mattel has purportedly exceeded the fifty

18   interrogatory limit. The assertion is not correct, for the reasons fully set forth in

19   Mattel's concurrently-filed Opposition to Defendants' Motion for Protective Order.

20

21

22

23

24

25

---

26   [33] Id. at 20 (Objs. to No. 26). This interrogatory asks about MGA employees

27   that *previously* worked for Mattel -- it is difficult to fathom how Mattel would know their identities better than MGA. See also Objs. to No. 28.

28

07209/2166333.5

EXHIBIT 37   PAGE 77

1

## Conclusion

2

For the foregoing reasons, Mattel respectfully requests that the

3 Discovery Master compel MGA, MGA Hong Kong, Larian and Bryant to answer

4 completely each of the interrogatories in Mattel's Third Set of Interrogatories and to

5 overrule all of Defendants' objections.

6

7 DATED: July 17, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9

10 By _____

11          Michael T. Zeller
         Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2166333.5

Case No. CV 04-9049 SGL (RNBx)

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES (THIRD SET)

EXHIBIT 37 PAGE 218

**EXHIBIT 38**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.  CV 04-09049 SGL(RNBx)                    Date: December 3, 2007
Title:    CARTER BRYANT -v- MATTEL, INC.
          AND CONSOLIDATED ACTIONS

================================================================
=
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                        Theresa Lanza
        Courtroom Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Matthew M. Werdegar                 Michael T. Zeller
                                    B. Dylan Proctor
                                    Jon D. Corey

ATTORNEYS PRESENT FOR MGA:          ATTORNEY PRESENT FOR CARLOS
                                    GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                     Alexander H. Cote
Carl A. Roth
Ryan Weinstein

PROCEEDINGS:   **ORDER GRANTING MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL
               INTERROGATORY; ORDER DENYING MOTION TO STRIKE (OR
               ALTERNATIVELY, FOR SUMMARY JUDGMENT AS TO) AFFIRMATIVE
               DEFENSES**

        The Court heard argument on these motions on December 3, 2007.  For reasons discussed
on the record, the Court **GRANTS** the motion for leave to serve a supplemental interrogatory.
Mattel may serve on all opposing parties, and all parties served shall answer without objection
thereto, the following interrogatory:

        State the facts upon which YOU intend to rely at trial to support YOUR
        affirmative defenses, and IDENTIFY all PERSONS with knowledge of those facts and

MINUTES FORM 90                                   Initials of Deputy Clerk ___jh_____
CIVIL -- GEN                          1           Time: 00/45

**EXHIBIT 20 PAGE 225**

EXHIBIT 38   PAGE 719

Case 2:04-cv-09049-DOC-RNB   Document 1322-17   Filed 12/21/07   Page 61 of 61   Page ID
#:125339
Case 2:04-cv-09049-SGL-RNB    Document 3180    Filed 12/03/2007    Page 2 of 2

all DOCUMENTS that REFER OR RELATE TO those facts.

In light of the Court's granting of the motion for leave to file a supplemental interrogatory, the motion to strike (or alternatively, for summary judgment as to) MGA's affirmative defenses is **DENIED WITHOUT PREJUDICE** pending completion of discovery in this action.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____
Time: 00/45

EXHIBIT 20 PAGE 226      EXHIBIT _39_ PAGE _720_