1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11 | CARTER BRYANT, an individual,        | CASE NO. CV 04-9049 SGL (RNBx)
   |                                      |
12 |              Plaintiff,              | Consolidated with
   |                                      | Case No. CV 04-09059
13 |        vs.                           | Case No. CV 05-02727
   |                                      |
14 | MATTEL,   INC.,   a   Delaware       | **DISCOVERY MATTER**
   | corporation,                         |
15 |                                      | **[To Be Heard By Discovery Master Hon.**
   |              Defendant.              | **Edward Infante (Ret.) Pursuant To The**
16 |                                      | **Court's Order Of December 6, 2006]**
   |                                      |
17 | AND CONSOLIDATED ACTIONS             | [PUBLIC REDACTED] MATTEL, INC.'S
   |                                      | SEPARATE STATEMENT IN SUPPORT
18 |                                      | OF MOTION TO COMPEL RESPONSES
   |                                      | TO INTERROGATORIES (NOS. 27, 28,
19 |                                      | 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39,
   |                                      | 40, 41, 42, 43, 44, 46, 47, 48, 49 AND 50)
20 |                                      | BY THE MGA PARTIES
   |                                      |
21 |                                      | Hearing Date:      TBD
   |                                      | Time:              TBD
22 |                                      | Place:             TBD
   |                                      |
23 |                                      | Phase 1:
   |                                      | Discovery Cut-off:   January 28, 2008
24 |                                      | Pre-trial Conference:  May 5, 2008
   |                                      | Trial Date:           May 27, 2008
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.  MATTEL'S INTERROGATORIES ABOUT THE IDENTITY OF BRATZ INVENTIONS.................................................................. 1

    A.  Interrogatory Nos. 27, 28 and 29 ......................................... 1

    B.  MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 27, 28 And 29 .................................................................. 18

II.  MATTEL'S INTERROGATORY ABOUT THE IDENTITY OF FORMER MATTEL EMPLOYEES THAT MGA HAS HIRED ................. 21

    A.  Interrogatory No. 41 ............................................................ 21

    B.  MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide A Complete Response To Interrogatory No. 41 ................................................................................. 29

III.  MATTEL'S INTERROGATORIES SEEKING DATES ON WHICH THE PRODUCTS MGA ALLEGES WERE COPIED OR INFRINGED ORIGINATED ..................................................... 30

    A.  Interogatory Nos. 43 and 44 ................................................ 30

    B.  MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 43 and 44 ..................................................................... 36

IV.  MATTEL'S INTERROGATORIES ABOUT THE TRADE DRESS MGA CLAIMS MATTEL PRODUCTS INFRINGE ........................ 38

    A.  Interrogatory Nos. 48 and 49 ............................................... 38

    B.  MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 48 and 49 ..................................................................... 49

V.  MATTEL'S INTERROGATORY ABOUT THE IDENTITY OF MGA'S BANK ACCOUNTS.................................................... 50

    A.  Interrogatory No. 39............................................................ 50

    B.  MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide A Complete Response To Interrogatory No. 39 ................................................................................. 51

VI.  MATTEL'S CONTENTION INTERROGATORIES............................... 55

    A.  Interrogatory Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 42 and 50........... 55

07209/2331985.1

-i-

B.     MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 42 and 50 ................................. 99

VII.  MATTEL'S INTERROGATORIES ABOUT MGA'S SEARCHES FOR DOCUMENTS AND STORAGE DEVICES CONTAINING EVIDENCE OF EARLY WORK ON BRATZ ............................................ 104

A.     Interrogatory Nos. 40 and 47 ............................................................. 104

B.     MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 40 And 47 ...................................................................................... 111

VIII. MATTEL'S INTERROGATORY REGARDING MGA'S SUBSTITUTION OF COUNSEL ............................................................. 114

A.     Interrogatory No. 46 ........................................................................... 114

B.     MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide A Complete Response To Interrogatory No. 46 .................................................................................................... 115

MATTEL'S SEPARATE STMT ISO MTC RESPONSE TO INTERROGATORIES

# TABLE OF AUTHORITIES

**Page**

## Cases

Adams v. Murakami,
  54 Cal. 3d 105 (1991) ............................................................. 52

Ameriwood Industries v. Liberman,
  2006 WL. 3825291 (E.D. Mo. 2006) ..................................... 111

Bessier v. Precise Tool & Eng'g Co., Inc.,
  778 F. Supp. 1509 (W.D. Mo. 1991) ......................................... 52

Blowers v. Lawyers Co-op. Pub. Co.,
  1982 WL. 221 (W.D.N.Y. 1982) ............................................. 117

Britton v. Car Toys, Inc.,
  2007 WL. 1395290 (D. Colo. 2007) ......................................... 52

eBay v. MercExchange,
  126 S. Ct. 1837 (2006) ............................................................ 66

Garcia v. City of El Centro,
  214 F.R.D. 587 (S.D. Cal. 2003) ............................................ 116

George v. Siemens Indus. Automation, Inc.,
  182 F.R.D. 134 (D.N.J. 1998) ................................................. 117

In re Grand Jury Investigation,
  974 F.2d 1068 (9th Cir. 2002) ................................................ 116

Grynberg v. Total S.A.,
  No. 03-cv-01280-WYD-BNB, 2006 WL. 1186836
  (D. Colo. May 3, 2006) ........................................... 82, 83, 87, 101

Josephs v. Harris Corp.,
  677 F.2d 985 (3d Cir. 1982) .............................................. 20, 101

Kendrick v. Sullivan,
  125 F.R.D. 1 (D. D.C. 1989) ............................... 56, 57, 64, 66

Lawrence v. First Kansas Bank & Trust, Co.,
  169 F.R.D. 657 (D. Kan. 1996) ........................ 82, 93, 85, 87, 101

Morgan v. Woessner,
  997 F.2d 1244 (9th Cir. 1993) ................................................ 52

North Dakota Fair Housing Council, Inc. v. Allen,
   298 F. Supp. 2d 897 (D.N.D. 2004) ........................................................ 52

Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,
   120 F.R.D. 504 (W.D. La. 1988) .......................................................... 116

Oakes v. Halvorsen Marine Ltd.,
   179 F.R.D. 281 (C.D. Cal. 1995) ........................................................... 52

Playboy Enterprises, Inc. v. Welles,
   60 F. Supp. 2d 1050 (S.D. Cal. 1999) ................................................... 112

Roesberg v. Johns-Manville Corp.,
   85 F.R.D. 292 (D. Pa. 1980) ........................................................ 20, 112

Safeco of Am. v. Rawstron,
   181 F.R.D. 441 (C.D. Cal. 1998) ..................................................... passim

Simons Prop. Group L.P. v. Simon, Inc.,
   194 F.R.D. 639 (S.D. Ind. 2000) .......................................................... 112

U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
   2000 WL 307470 (C.D. Cal. 2000) ........................................................ 52

Upjohn Co. v. United States,
   449 U.S. 383 (1981) ............................................................................ 116

Walker,
   186 F.R.D. at 587 ................................................................................. 20

## Statutes

Fed. R. Civ. P. 26 ....................................................................... passim

Fed. R. Civ. P. 26(b) ........................................................................ 52

Fed. R. Civ. P. 26(b)(1) .......................................................... 102, 111

Fed. R. Civ. P. 30(b)(6) ......................................................... 53, 54, 116

Fed. R. Civ. P. 33 .......................................................... 56, 57, 64, 66

Fed. R. Civ. P. 34(a) ...................................................................... 111

Fed. R. Civ. P. 69(a) ................................................................. 50, 53

1

## **Other Authorities**

2   California Rule of Professional Conduct 3-700(c) ........................................ 117

3   8A Wright & Miller, supra, § 2174 ................................................................. 20

4   8 Wright & Miller, Federal Practice & Procedure, § 2023 (1970) ................. 116

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mattel, Inc. ("Mattel") respectfully submits this Separate Statement in Support of its Motion to Compel Responses to Interrogatories 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49 and 50 by the MGA Parties.

## I.   MATTEL'S INTERROGATORIES ABOUT THE IDENTITY OF BRATZ INVENTIONS

### A.   Interrogatory Nos. 27, 28 and 29

**INTERROGATORY NO. 27:**

IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999, and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 27:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding the Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, CREATED, IDENTIFY and REFER OR RELATES TO.   MGA further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple responses.   Specifically, MGA objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subparts.   For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a)   the Bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION;"

1            (b)     the IDENTITY of the individual author or creator of the BRATZ

2 INVENTION;

3            (c)     the IDENTITY of each other individual who contributed in any

4 manner to the BRATZ INVENTION;

5            (d)     the form, material and medium of the BRATZ INVENTION;

6            (e)     the title or name of the BRATZ INVENTION;

7            (f)     the version, modification, revision or iteration number of the

8 BRATZ INVENTION;

9            (g)     the current location of the original of the BRATZ INVENTION;

10            (h)     the first day on which the BRATZ INVENTION was

11 CREATED;

12            (i)     the last day on which the BRATZ INVENTION was CREATED;

13            (j)     whether the entire invention was CREATED during the period of

14 time listed in the Interrogatory (and if not, which portions were created during,

15 earlier, or later than the period of time listed in the Interrogatory).

16        This interrogatory is further compounded by Mattel's definition of

17 IDENTITY, which purports to require MGA to provide the following information

18 for each of the individuals Mattel is requesting that MGA identify with respect to

19 each BRATZ INVENTION: (a) the individual's name; (b) any known business title;

20 (c) the current or last known business affiliation; (d) current or last known

21 residential address; (e) current or last known business address; (f) current or last

22 known relationship to MGA; and (g) current or last known telephone number.

23        MGA further objects to this interrogatory on the grounds that it is

24 overbroad, unduly burdensome, vague and ambiguous both generally and

25 specifically with respect to the teems BRATZ INVENTION, BRATZ, CREATED,

26 DESIGN and REFER OR RELATES TO.   In particular, the term BRATZ

27 INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

28 RELATES TO, is so broad and over-inclusive that it could be read to include each

1 | and every thought, idea and conversation that anyone may have had about BRATZ
2 | during the time period at issue.

3 |     MGA further objects to the extent that this interrogatory seeks
4 | information that is outside of MGA's knowledge and is not in MGA's possession,
5 | custody or control.  In particular, MGA objects to this interrogatory to the extent
6 | that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*
7 | DOCUMENTS" (emphasis added).

8 |     MGA also objects to this interrogatory to the extent it seeks
9 | information that is not subject to disclosure under any applicable privilege, doctrine
10 | or immunity, including without limitation the attorney-client privilege, the work
11 | product doctrine, the right of privacy, and all other privileges recognized under the
12 | constitutional, statutory or decisional law of the United States of America, the State
13 | of California or any other applicable jurisdiction.  MGA further objects to the
14 | interrogatory on the ground that it is premature because the invention, creation,
15 | conception, or reduction to practice of Bratz (and related issues) will be the subject
16 | of expert testimony at trial.  MGA objects to this interrogatory to the extent it seeks
17 | to limit the expert testimony that MGA may seek to introduce at trial.  MGA will
18 | identify its experts and make related disclosures in accordance with the Court's
19 | orders and applicable rules.

20 |     MGA further objects to this interrogatory because Mattel has
21 | propounded more than 50 interrogatories.  Under Judge Larson's order of February .
22 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
23 | 04049-SGL and CV 05-02727]."

24 |     Subject to and without waiving the foregoing objections, MGA
25 | responds as follows:  MGA is willing to meet and confer with Mattel regarding this
26 | interrogatory and the obligation of Mattel to supplement its responses to MGA's
27 | First Set of Interrogatories.
28 |

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 27:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding the Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, CREATED, IDENTIFY and REFER OR RELATES TO. MGA further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple response. Specifically, MGA objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subpart. For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a)    the Bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION;"

(b)    the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c)    the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d)    the form, material and medium of the BRATZ INVENTION;

(e)    the title or name of the BRATZ INVENTION;

(f)    the version, modification, revision or iteration number of the BRATZ INVENTION;

(g)    the current location of the original of the BRATZ INVENTION;

(h)    the first day on which the BRATZ INVENTION was CREATED;

(i)    the last day on which the BRATZ INVENTION was CREATED;

1     (j)    whether the entire invention was CREATED during the period of

2  time listed in the Interrogatory (and if not, which portions were created during,

3  earlier, or later than the period of time listed in the Interrogatory).

4       This interrogatory is further compounded by Mattel's definition of

5  IDENTITY, which purports to require MGA to provide the following information

6  for each of the individuals Mattel is requesting that MGA identify with respect to

7  each BRATZ INVENTION: (a) the individual's name; (b) any known business title;

8  (c) the current or last known business affiliation; (d) current or last known

9  residential address; (e) current or last known business address; (f) current or last

10  known relationship to MGA; and (g) current or last known telephone number.

11       MGA further objects to this interrogatory on the grounds that it is

12  overbroad, unduly burdensome, vague and ambiguous both generally and

13  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,

14  DESIGN and REFER OR RELATES TO.   In particular, the term BRATZ

15  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

16  RELATES TO, is so broad and over-inclusive that it could be read to include each

17  and every thought, idea and conversation that anyone may have had about BRATZ

18  during the time period at issue.

19       MGA further objects to the extent that this interrogatory seeks

20  information that is outside of MGA's knowledge and is not in MGA's possession,

21  custody or control.  In particular, MGA objects to this interrogatory to the extent

22  that it requests that MGA "state *all* facts .. and IDENTIFY *all* PERSONS .. and *all*

23  DOCUMENTS" (emphasis added).

24       MGA also objects to this interrogatory to the extent it seeks

25  information that is not subject to disclosure under any applicable privilege, doctrine

26  or immunity, including without limitation the attorney-client privilege, the work

27  product doctrine, the right of privacy, and all other privileges recognized under the

28  constitutional, statutory or decisional law of the United States of America, the State

1  of California or any other applicable jurisdiction.  MGA further objects to the

2  interrogatory on the ground that it is premature because the invention, creation,

3  conception, or reduction to practice of Bratz (and related issues) will be the subject

4  of expert testimony at trial.  MGA objects to this interrogatory to the extent it seeks

5  to limit the expert testimony that MGA may seek to introduce at trial.  MGA will

6  identify its experts and make related disclosures in accordance with the Court's

7  orders and applicable rules.

8          Subject to and without waiving the foregoing objections, MGA

9  responds as follows:

10          With respect to "inventions" as that term is used in utility patent law,

11  MGA does not make any affirmative contentions as to whether there were any such

12  inventions, except that MGA contends that the conception and/or reduction to

13  practice of any such invention occurred before January 1999 and/or after October

14  20, 2000.  With respect to design patents, in August or September of 1998, Carter

15  Bryant, inspired by images he was exposed to, including in the August 1998 issue of

16  Seventeen Magazine, the appearance of teenagers, as well as other images in the

17  public domain, conceived of an idea for a line of dolls he named Bratz.  At the same

18  time, Bryant sketched a series of drawings to illustrate his idea.  To the extent said

19  idea contained elements covered by design patent law, no such invention was

20  "reduced to practice" until after October 20, 2000.  Nor did it fall within the scope of

21  the term "inventions" as used in the "INVENTIONS AGREEMENT."

22          The following persons have knowledge of the facts and circumstances

23  surrounding Bryant's conception and his illustrative drawings that he named Bratz:

24  Carter Bryant; Bryant's mother, Janet Bryant; Bryant's father, Thomas Bryant;

25  Jeanne Galvano; Richard Irmen; Elise Cloonan; Ramona Prince.

26          The following documents may be relevant to these facts: the sketches

27  drawn by Bryant in August or September of 1998; publicly available materials that

28  Bryant identified in his deposition testimony as inspiring his conception of a line of

1  dolls in August or September of 1998, including but not limited to the August 1998
2  issue of Seventeen Magazine; and other documents shown to Bryant at his
3  November 2004 deposition.

4  **INTERROGATORY NO. 28:**

5       IDENTIFY each and every BRATZ INVENTION YOU contend was
6  CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and
7  for each BRATZ INVENTION so identified state all FACTS that support YOUR
8  contention that such BRATZ INVENTION (or aspects or portions thereof) was
9  CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all
10  PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR
11  RELATE TO such facts.

12  **RESPONSE TO INTERROGATORY NO. 28:**

13       MGA incorporates by reference its General Response and General
14  Objections above, as though fully set forth herein and specifically incorporates
15  General Objection No. 7 (regarding the Definitions), including but not limited to its
16  objections to the definitions of the terms BRATZ INVENTION, CREATED,
17  IDENTIFY, and REFER OR RELATED TO.   MGA further objects to this
18  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and
19  ambiguous both generally and specifically with respect to the term BRATZ
20  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
21  RELATES TO, is so broad and over-inclusive that it could be read to include each
22  and every thought, idea and conversation that anyone may have had about BRATZ
23  during the time period at issue.

24       MGA further objects to this interrogatory as compound because it
25  contains discrete subparts that require separate, distinct and multiple response.
26  Specifically, MGA objects to the term IDENTIFY as overbroad and unduly
27  burdensome, as Mattel's definition of this term calls for responses to multiple
28  discrete subpart.  For example, Mattel's definition of the term IDENTIFY in the

context of this interrogatory would require MGA to provide a multitude of discrete responses for each BRATZ INVENTION, including:

        (a)    the Bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION;"

        (b)    the IDENTITY of the individual author or creator of the BRATZ INVENTION;

        (c)    the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

        (d)    the form, material and medium of the BRATZ INVENTION;

        (e)    the title or name of the BRATZ INVENTION;

        (f)    the version, modification, revision or iteration number of the BRATZ INVENTION;

        (g)    the current location of the original of the BRATZ INVENTION;

        (h)    the first day on which the BRATZ INVENTION was CREATED;

        (i)    the last day on which the BRATZ INVENTION was CREATED;

        (j)    whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

        This interrogatory is further compounded by Mattel's definition of IDENTITY, which purports to require MGA to provide the following information for each of the individuals Mattel is requesting that MGA identify with respect to each BRATZ INVENTION: (a) the individual's name (b) any known business title; (c) the current or last known business affiliation; (d) current or last known residential address; (e) current or last known business address; (f) current or last known relationship to MGA; and (g) current or last known telephone number.

        MGA further objects to the extent that this interrogatory seeks information that is outside of MGA's knowledge and is not in MGA's possession,

1   custody or control.  In particular, MGA objects to this interrogatory to the extent

2   that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*

3   DOCUMENTS" (emphasis added).

4            MGA also objects to this interrogatory to the extent it seeks

5   information that is not subject to disclosure under any applicable privilege, doctrine

6   or immunity, including without limitation the attorney-client privilege, the work

7   product doctrine, the right of privacy, and all other privileges recognized under the

8   constitutional, statutory or decisional law of the United States of America, the State

9   of California or any other applicable jurisdiction.

10           MGA further objects to the interrogatory on the ground that it is

11   premature because the invention, creation, conception, or reduction to practice of

12   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

13   objects to this interrogatory to the extent it seeks to limit the expert testimony that

14   MGA may seek to introduce at trial.  MGA will identify its experts and make related

15   disclosures in accordance with the Court's orders and applicable rule.  MGA further

16   objects to the interrogatory as unduly burdensome, on the grounds that it would

17   require MGA to identify numerous documents that have already been produced and

18   are readily available to Mattel.

19           MGA further objects to this interrogatory because Mattel has

20   propounded more than 50 interrogatories.   Under Judge Larson's order of

21   February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case

22   Nos. CV 04-04049-SGL and CV 05-02727]."

23           Subject to and without waiving the foregoing objections, MGA

24   responds as follows: MGA is willing to meet and confer with Mattel regarding this

25   interrogatory and the obligation of Mattel to supplement its responses to MGA's

26   First Set of Interrogatories.

27

28

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 28:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding the Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, CREATED, IDENTIFY, and REFER OR RELATED TO.   MGA further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the term BRATZ INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR RELATES TO, is so broad and over-inclusive that it could be read to include each and every thought, idea and conversation that anyone may have had about BRATZ during the time period at issue:

MGA further objects to this interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple response. Specifically, MGA objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subpart.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a)     the Bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION;"

(b)     the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c)     the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d)     the form, material and medium of the BRATZ INVENTION;

(e)     the title or name of the BRATZ INVENTION;

(f)   the version, modification, revision or iteration number of the BRATZ INVENTION;

(g)   the current location of the original of the BRATZ INVENTION;

(h)   the first day on which the BRATZ INVENTION was CREATED;

(i)   the last day on which the BRATZ INVENTION was CREATED;

(j)   whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

This interrogatory is further compounded by Mattel's definition of IDENTITY, which purports to require MGA to provide the following information for each of the individuals Mattel is requesting that MGA identify with respect to each BRATZ INVENTION: (a) the individual's name (b) any known business title; (c) the current or last known business affiliation; (d) current or last known residential address; (e) current or last known business address; (f) current or last known relationship to MGA; and (g) current or last known telephone number.

MGA further objects to the extent that this interrogatory seeks information that is outside of MGA's knowledge and is not in MGA's possession, custody or control. In particular, MGA objects to this interrogatory to the extent that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all* DOCUMENTS" (emphasis added).

MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

1        MGA further objects to the interrogatory on the ground that it is

2  premature because the invention, creation, conception, or reduction to practice of

3  Bratz (and related issues) will be the subject of expert testimony at trial. MGA

4  objects to this interrogatory to the extent it seeks to limit the expert testimony that

5  MGA may seek to introduce at trial. MGA will identify its experts and make related

6  disclosures in accordance with the Court's orders and applicable rule. MGA further

7  objects to the interrogatory as unduly burdensome, on the grounds that it would

8  require MGA to identify numerous documents that have already been produced and

9  are readily available to Mattel.

10        Subject to and without waiving the foregoing objections, MGA

11  responds as follows:

12        With respect to Bratz dolls and accessories, as concerns the term

13  "inventions" as that is used in utility patent law, and/or in the "INVENTIONS

14  AGREEMENT," MGA does not make any affirmative contentions as to whether

15  there were any such inventions, except that MGA contends the conception and/or

16  reduction to practice of any such invention occurred before January 1999 and/or

17  after October 20, 2000. With respect to package design for Bratz products, MGA

18  contends that certain aspects of said designs qualified as design patent. With respect

19  to design patents, to the extent that the Bratz line of dolls, first marketed by MGA in

20  2001, contained features covered by design patent law, said inventions were

21  "reduced to practice" by MGA after October 20, 2000 and before June 1, 2001.

22        The following persons have knowledge of the facts and circumstances

23  regarding the foregoing: Isaac Larian; Carter Bryant; Margaret Leahy; Veronica

24  Marlow; Anna Rhee; Mercedeh Ward; Sarah Halpern; Paula Treantafelles (Garcia);

25  Steve Tarmichael; Rebecca Harris; Cecilia Kwok; David Dees; Jesse Ramirez; Sam

26  Wong; Edmond Lee; Steven Lee; Aileen Storer; Eric Yip; Leon Djiguerian; Rachel

27  Harris; Maggie Siu; Ben Ton; Samuel Wong; Ray Wong; Steffan Smith; and Samir

28  Khare.

The following documents may be relevant to these facts: all "DOCUMENTS" that refer to or evidence the work performed by MGA employees and freelancers toward the reduction to practice of the first generation of Bratz dolls during the period after October 19, 2000 through June 1, 2001, including but not limited to: (i) documents showing the development of the first generation of Bratz dolls; (ii) documents showing exchanges with the Hong Kong factory regarding the development of the first generation of Bratz dolls; (iii) documents showing the timing of the development of packaging, fashion, and accessories for the first generation of Bratz dolls; (iv) documents related to the January 2001 Hong Kong toy fair; (v) documents related t. the February 2001 New York toy fair; (vi) polyurethane samples of prototypes; (vii) rotocasts and sculpts in Hong Kong; and (viii) invoices submitted from Carter Bryant, Veronica Marlow, Anna Rhee, Victoria O'Connor, and other invoices submitted by freelancers for work performed on the Bratz project. The documents evidencing this work are too numerous to identify individually.

**INTERROGATORY NO. 29:**

IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 29:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, CREATED, REFER OR RELATE TO, and IDENTIFY. MGA further objects to this

interrogatory as compound because it contains discrete subparts that require separate, distinct and multiple response.  Specifically, MGA objects to the term IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term calls for responses to multiple discrete subpart.  For example, Mattel's definition of the term IDENTIFY in the context of this interrogatory would require MGA to provide a multitude of discrete responses for each BRATZ INVENTION, including:

(a) the Bates number of any document that "REFERS OR RELATES TO the BRATZ INVENTION;"

(b)     the IDENTITY of the individual author or creator of the BRATZ INVENTION;

(c)     the IDENTITY of each other individual who contributed in any manner to the BRATZ INVENTION;

(d)     the form, material and medium of the BRATZ INVENTION;

(e)     the title or name of the BRATZ INVENTION;

(f)     the version, modification, revision or iteration number of the BRATZ INVENTION;

(g)     the current location of the original of the BRATZ INVENTION;

(h)     the first day on which the BRATZ INVENTION was CREATED;

(i)     the last day on which the BRATZ INVENTION was CREATED;

(j)     whether the entire invention was CREATED during the period of time listed in the Interrogatory (and if not, which portions were created during, earlier, or later than the period of time listed in the Interrogatory).

This interrogatory is further compounded by Mattel's definition of IDENTITY, which purports to require MGA to provide the following information for each of the individuals Mattel is requesting that MGA identify with respect to each BRATZ INVENTION: (a) the individual's name (b) any known business title; (c) the current or last known business affiliation; (d) current or last known

1  residential address; (e) current or last known business address; (f) current or last
2  known relationship to MGA; and (g) current or last known telephone number.

3          MGA further objects to this interrogatory on the grounds that it is
4  overbroad, unduly burdensome, vague and ambiguous both generally and
5  specifically with respect to the terms BRATZ INVENTION, BRATZ, CREATED,
6  DESIGN and REFER OR RELATES TO.   In particular, the term BRATZ
7  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR
8  RELATES TO, is so broad and over-inclusive that it could be read to include each
9  and every thought, idea and conversation that anyone may have had about BRATZ
10 during the time period at issue.

11         MGA further objects to the extent that this interrogatory seeks
12 information that is outside of MGA's knowledge and is not in MGA's possession,
13 custody or control.   In particular, MGA objects to this interrogatory to the extent
14 that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*
15 DOCUMENTS" (emphasis added).

16         MGA also objects to this interrogatory to the extent it seeks
17 information that is not subject to disclosure under any applicable privilege, doctrine
18 or immunity, including without limitation the attorney-client privilege, the work
19 product doctrine, the right of privacy, and all other privileges recognized under the
20 constitutional, statutory or decisional law of the United States of America, the State
21 of California or any other applicable jurisdiction.

22         MGA further objects to the interrogatory on the ground that it is
23 premature because the invention, creation, conception, or reduction to practice of
24 Bratz (and related issues) will be the subject of expert testimony at trial.   MGA
25 objects to this interrogatory to the extent it seeks to limit the expert testimony that
26 MGA may seek to introduce at trial.   MGA will identify its experts and make related
27 disclosures in accordance with the Court's orders and applicable rules.   MGA further
28 objects to the interrogatory as unduly burdensome, on the grounds that it would

1  require MGA to identify numerous documents that have already been produced and
2  are readily available to Mattel.

3      MGA further objects to this interrogatory because Mattel has
4  propounded more than 50 interrogatories.   Under Judge Larson's order of
5  February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case
6  Nos. CV 04-04049-SGL and CV 05-02727]."

7      Subject to and without waiving the foregoing objections, MGA
8  responds as follows:  MGA is willing to meet and confer with Mattel regarding this
9  interrogatory and the obligation of Mattel to supplement its responses to MGA's
10  First Set of Interrogatories.

11  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

12      MGA incorporates by reference its General Response and General
13  Objections above, as though fully set forth herein and specifically incorporates
14  General Objection No. 7 (regarding Definitions), including but not limited to its
15  objections to the definitions of the terms BRATZ INVENTION, CREATED,
16  REFER, OR RELATE TO, and IDENTIFY.   MGA further objects to this
17  interrogatory as compound because it contains discrete subparts that require
18  separate, distinct and multiple response.  Specifically, MGA objects to the term
19  IDENTIFY as overbroad and unduly burdensome, as Mattel's definition of this term
20  calls for responses to multiple discrete subpart.  For example, Mattel's definition of
21  the term IDENTIFY in the context of this interrogatory would require MGA to
22  provide a multitude of discrete responses for each BRATZ INVENTION, including:

23      (a)   the Bates number of any document that "REFERS OR
24  RELATES TO the BRATZ INVENTION;"

25      (b)   the IDENTITY of the individual author or creator of the BRATZ
26  INVENTION;

27      (c)   the IDENTITY of each other individual who contributed in any
28  manner to the BRATZ INVENTION;

-16-

1      (d)    the form, material and medium of the BRATZ INVENTION;

2      (e)    the title or name of the BRATZ INVENTION;

3      (f)    the version, modification, revision or iteration number of the

4  BRATZ INVENTION;

5      (g)    the current location of the original of the BRATZ INVENTION;

6      (h)    the first day on which the BRATZ INVENTION was

7  CREATED;

8      (i)    the last day on which the BRATZ INVENTION was CREATED;

9      (j)    whether the entire invention was CREATED during the period of

10  time listed in the Interrogatory (and if not, which portions were created during,

11  earlier, or later than the period of time listed in the Interrogatory).

12      This interrogatory is further compounded by Mattel's definition of

13  IDENTITY, which purports to require MGA to provide the following information

14  for each of the individuals Mattel is requesting that MGA identify with respect to

15  each BRATZ INVENTION: (a) the individual's name (b) any known business title;

16  (c) the current or last known business affiliation; (d) current or last known

17  residential address; (e) current or last known business address; (f) current or last

18  known relationship to MGA; and (g) current or last known telephone number.

19      MGA further objects to this interrogatory on the grounds that it is

20  overbroad, unduly burdensome, vague and ambiguous both generally and

21  specifically with respect to the terms BRATZ INVENTION, BRATZ. CREATED,

22  DESIGN and REFER OR RELATES TO.   In particular, the term BRATZ

23  INVENTION, which incorporates the terms BRATZ, DESIGN and REFER OR

24  RELATES TO, is so broad and over-inclusive that it could be read to include each

25  and every thought, idea and conversation that anyone may have had about BRATZ

26  during the time period at issue.

27      MGA further objects to the extent that this interrogatory seeks

28  information that is outside of MGA's knowledge and is not in MGA's possession,

1   custody or control.  In particular, MGA objects to this interrogatory to the extent

2   that it requests that MGA "state *all* facts. ... and IDENTIFY *all* PERSONS ... and *all*

3   DOCUMENTS" (emphasis added).

4        MGA also objects to this interrogatory to the extent it seeks

5   information that is not subject to disclosure under any applicable privilege, doctrine

6   or immunity, including without limitation the attorney-client privilege, the work

7   product doctrine, the right of privacy, and all other privileges recognized under the

8   constitutional, statutory or decisional law of the United States of America, the State

9   of California or any other applicable jurisdiction.

10        MGA further objects to the interrogatory on the ground that it is

11   premature because the invention, creation, conception, or reduction to practice of

12   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

13   objects to this interrogatory to the extent it seeks to limit the expert testimony that

14   MGA may seek to introduce at trial.  MGA will identify its experts and make related

15   disclosures in accordance with the Court's orders and applicable rule.  MGA further

16   objects to the interrogatory as unduly burdensome, on the grounds that it would

17   require MGA to identify numerous documents that have already been produced and

18   are readily available to Mattel.

19        Subject to and without waiving the foregoing objections, MGA

20   responds as follows:

21        There were no inventions related to Bratz after January 3, 1999 and

22   before October 21, 2000.

23   **B.**   **MGA's Objections Should Be Overruled And MGA Should Be**

24   **Compelled To Provide Complete Responses To Interrogatory**

25   **Nos. 27, 28 And 29**

26        Interrogatory Nos. 27, 28 and 29 request information relating to Bratz

27   inventions created during three key time periods -- (1) prior to January 4, 1999,

28   (2) after October 19, 2000 and before June 1, 2001, and (3) after January 3, 1999

1   and before October 21, 2000.[1]  Interrogatory No. 29 seeks an identification of the

2   inventions created during Bryant's Mattel employment.  Interrogatory Nos. 27 and

3   28 seek to discover which Bratz inventions MGA contends were created before or

4   shortly after Bryant's Mattel employment.  This information is plainly relevant and

5   discoverable.  MGA does not contend otherwise.[2]

6          Rather, MGA primarily objects to these interrogatories (in its

7   objections at least) on the grounds that they purportedly are "compound" because

8   they contain "discrete subparts that require separate, distinct and multiple

9   responses."[3]  MGA points to specific terms in the interrogatories, such as "BRATZ

10  INVENTION" and "IDENTIFY," and contends that Mattel's definitions of the

11  terms require "responses to multiple discrete subparts."[4]   However, MGA made

12  clear during the pre-filing conference of counsel that it was not refusing to answer

13  these interrogatories (or others) based on this objection.[5]  And, indeed, it would be

14  completely improper for it to do so given that the Court has already ruled that these

15  exact interrogatories -- verbatim -- count as only one interrogatory each.[6]

16          MGA also objects to Interrogatory Nos. 27, 28 and 29 on the grounds

17  that certain terms contained therein, particularly "BRATZ INVENTION,"

18  supposedly present an undue burden, a point which MGA pressed during the parties'

19

20

---

[1]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-10, Proctor Dec., Exh. 7.

[2]    MGA Entertainment, Inc.'s Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated November 30, 2007, at 8-25, Proctor Dec., Exh. 21.

[3]   See, e.g., id. at 11.

[4]    MGA's Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated November 30, 2007, at 11, Proctor Dec., Exh. 21.

[5]    Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec., Exh. 5.

[6]    Order Granting Joint Motion for Protective Order, dated September 5, 2007, Proctor Dec., Exh. 33.

meet and confer.  Apparently for this reason, MGA did not consider the definition of the term "BRATZ INVENTION" provided by Mattel in its Revised Third Set of Interrogatories, but instead interpreted these interrogatories by using the more limited definition of the term "invention" that MGA believes is used in "utility patent law."[7]  As MGA acknowledged, this significantly limited MGA's response and directly contradicted MGA's assurance in its Supplemental Responses to Mattel, Inc.'s Revised Third Set of Interrogatories that MGA "[would] respond using words contained within the Mattel definition in their normal accepted meaning."[8]  The responses MGA provided are clearly inadequate.

MGA bears the burden of proving that Mattel's interrogatories are burdensome or oppressive.  See Roesberg, 85 F.R.D. at 296-97 ("the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive'"); Josephs, 677 F.2d at 992; Walker, 186 F.R.D. at 587.  MGA can make no such showing here.  These interrogatories seek an identification of Bratz inventions that, pursuant to the Inventions Agreement, were assigned to Mattel and therefore **constitute Mattel's property** -- as well as an identification of which inventions were created just before or after Bryant's Mattel employment, according to MGA.  The importance to Mattel of obtaining this information -- information which, in and of itself, would prove liability as to a number of Mattel's claims -- clearly outweighs MGA's burden in producing it.  See 8A Wright & Miller, supra, § 2174 (courts balance "the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory").  Moreover, knowing which inventions

---

[7]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec., Exh. 5.

[8]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at 5, Proctor Dec., Exh. 21; Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec., Exh. 5.

MGA claims were created before and just after Bryant's second stint at Mattel is essential so that Mattel can avoid unfair surprise at trial and impeach defendants' chronology of Bratz design and development.

MGA can hardly dispute any of this. The fact that MGA has already provided partial responses to these interrogatories, although incomplete, demonstrates that the information Mattel seeks is properly discoverable. MGA should be ordered to provide full and complete responses for Interrogatory Nos. 27, 28 and 29.

## II. MATTEL'S INTERROGATORY ABOUT THE IDENTITY OF FORMER MATTEL EMPLOYEES THAT MGA HAS HIRED

### A. Interrogatory No. 41

**INTERROGATORY NO. 41:**

IDENTIFY all PERSONS who at any time have been employed by or under contract with MATTEL who are now or have been employed by or under contract with YOU since January 1, 1999, and, for each such PERSON, state his or her name, date of hire or effective date of contract, the date on which YOU first had contact with such PERSON regarding potential employment or contracting, the date(s) on which such PERSON was interviewed for possible employment or contracting, each title (if any) such PERSON has held while employed by or under contract with YOU, and the date of termination (if applicable).

**RESPONSE TO INTERROGATORY NO. 41:**

MGA incorporates by reference its General Response and General objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the term IDENTIFY and further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU. MGA also objects to this interrogatory to the extent it seeks information that is not subject

1   to disclosure under any applicable privilege, doctrine or immunity, including

2   without limitation the attorney-client privilege, the work product doctrine, the right

3   of privacy, and all other privileges recognized under the constitutional, statutory or

4   decisional law of the United States of America, the State of California or any other

5   applicable jurisdiction.

6   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 41:**

7        MGA incorporates by reference its General Response and General

8   Objections above, as though fully set forth herein and specifically incorporates

9   General Objection No. 7 (regarding Definitions), including but not limited to its

10  objections to the definitions of the term IDENTIFY and further objects to this

11  interrogatory on the grounds that it is overbroad, unduly burdensome, vague and

12  ambiguous both generally and specifically with respect to the terms YOU.  MGA

13  also objects to this interrogatory to the extent it seeks information that is not subject

14  to disclosure under any applicable privilege, doctrine or immunity, including

15  without limitation the attorney-client privilege, the work product doctrine, the right

16  of privacy, and all other privileges recognized under the constitutional, statutory or

17  decisional law of the United States of America, the State of California or any other

18  applicable jurisdiction.

19       Subject to and without waiving the foregoing objections, MGA

20  responds as follows:  the following is a list of all former Mattel employees who have

21  been employed by MGA, MGA Hong Kong or MGAE de MEXICO S.R.L. de C.V.

22  since January 1, 1999:

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Abundis, Ricardo | Dir. of Inventory/Customer Finance | 12/01/04 – Present |
| Bate, Ian | Quality Assurance Mgr. | 7/31/06 – Present |
| Black, Nanette | SVP, HR | 2/12/07 – Present |

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Bloodworth III, John E. | Prod. Mgr., Games | 08/21/06 - Present |
| Bloomfield, Kevin | Sr. Designer | 11/25/02 - Present |
| Brawer, Ron | President, Sales, Marketing & Strategic Planning | 10/05/04 - Present |
| Brisbois, Janine (CANADA) | VP Nat'l Accts. | 10/04/05 - Present |
| Castilla, Jorge | Mgr. Sales Planning | 04/03/06 - Present |
| Chang, Suzy | Sr. Development Designer | 08/28/06 - Present |
| Cheng, Steve | Sr. Designer | 04/08/02 - Present |
| Cody Jr, Gerry | Sr. Designer - Boys Toys | 11/20/06 - Present |
| Contreras, Nick | VP Customer Marketing | 11/29/04 - Present |
| Cooney Jr., Daniel | VP National Account Mgr. | 05/15/06- Present |
| De La Cruz, Maria | Fashion Design Mgr., Style Guides | 2/12/07 - Present |
| Dixon, Karen | Sr. Producer | 2/19/07 - Present |
| Domingo, Luisito H | Sr. Prelim Dolls Designer | 07/07/03 - Present |
| Dominguez, Greg Paul | Prod. Designer | 04/01/02 - Present |
| Feldman, Joe | Design Engineer | 12/08/04 - Present |
| Forrest, Craig | Prod. Mgr., Games | 5/15/06 - Present |
| Garcia, Mia | Dev. Designer | 2/23/05 - Present |
| Garcia, Paula | VP Girls Toy Prod. Dev. | 04/17/00 - Present |
| Gonzalez, Eduardo | Sr. Dir. of Quality Assurance; Quality Assurance Mgr. | 10/16/06 - Present; 1/3/05 - 8/18/05 |
| Hall, Tracy | Sr. Dir. of Prod. Dev., | 08/07/06 - Present |

-23-

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| | CE/YE | |
| Hansen, Melody | Face Painter | 03/13/06 - Present |
| Hansen, Todd | Packaging Engineer | 5/2/05 - Present |
| Hatch, Jill | Sr. Dir., National Sales | 09/18/06 - Present |
| Hinh, Michael | Mgr. Category Adv. | 6/28/05 - Present |
| Hsu, Janet | SVP Non Toys Prod. Dev. & Licensing | 3/9/05 - Present |
| Kao, Alice | Cust. Marketing Mgr. - Hong Kong Office | 2/21/05 - Present |
| Kaufman, Ken | Advertising Exec. | 01/03/05 - Present |
| Keller, Pamela E | VP Supply Chain & Operations | 09/25/06 -Present |
| Keossian, Alejandro Gabriel | Gr. Designer | 08/11/03 - Present |
| Kim (Lee), Joyce | Sr. Playset Designer | 2/23/05 - Present |
| Kim, Young Ran | Sample Maker Specialist | 01/15/04 - Present |
| Kirst, Kristen | Hair Designer | 03/31/03 - Present |
| Komatsu, Ellen | Sr. Prelim Dolls Designer | 08/25/03 - Present |
| Larson, Jill | Sales Associate | 12/20/06 - Present |
| Law, Adrian (Chi Shing) | Dev. Design Mgr. | 05/01/06 - Present |
| Lumabao, Bo | Prod. Mgr. | 2/14/05 - Present |
| Marks, Dorothy | Sample Maker Specialist | 07/26/05 - Present |
| Martin, Raymond John | Prod. Mgr. of Consumer Electronics | 02/23/04 - Present |
| Min, Aye Aye | Hair Designer | 04/17/06 - Present |
| Nakamura, Yumi | Mgr. of Style Guides | 1/22/07 - Present |
| Natareno, Marvin | Jr. Project Analyst | 01/03/07 - Present |

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Nigoghossian, Christine | Sr. Doll Designer | 04/25/05 - Present |
| Ochoa, Laura | Trade Marketing Mgr. | 09/01/04 - Present |
| Palijo, Amelia Ivy Arafiles | Sr. Sculptress | 02/23/04 - Present |
| Pestonji, Danny | Dir. Prod. Dev. Preschool | 06/01/04 - Present |
| Phelan, Denise | Sample Maker Specialist | 01/18/05 - Present |
| Phoosopha, Poottipong | Face Painter | 12/08/03 - Present |
| Pickard, Michael | Sr. Project Packaging Engineer | 03/22/04 - Present |
| Rae, Ronald | SVP, National Account Sales | 03/12/07 - Present |
| Ratleff, Leland | Sr. HR Dir. | 12/04/06 - Present |
| Ronquillo, Desiree Elisabeth | Sr. Dev. Designer | 05/03/04 - Present |
| Ruiz, Micaela | Sample Maker Specialist | 2/13/06 - Present |
| Sasic-Koetsier, Natasha | Illustrator | 06/01/04 - Present |
| Salazar, Maria Elena | Sample Maker Supervisor | 03/31/03 - Present |
| Salemnia, Shirin | Research Mgr. | 02/17/03 - Present |
| Scott, Harvey | Sample Maker Specialist | 08/01/05 - Present |
| Smith, Steffen J. | Dir. of Package Dev. | 10/13/03 - Present |
| Su, Jier | Dir. of Prod. Planning | 8/16105 - Present |
| Soai, Dennis | Dolls Dev. Design Mgr. | 03/04/02 - Present |
| Thompson, Marla | Sample Sourcing & Procurement Mgr. | 04/04/05 - Present |
| Tran, Chau Ngoc | Sample Maker Specialist | 05/10/04 - Present |
| Trueba, Mariana | Marketing Mgr. | 04/26/04 - Present |

| ACTIVE EMPLOYEES | MGA POSITION | DATES |
|---|---|---|
| Umana, Esteban | Quality Engineer | 03/19/07 - Present |
| Upshaw, Gail | Sample Maker Specialist | 5/23/05 - Present |
| Vargas, Pablo | Dir. Sales | 04/26/04 - Present |
| Wang, Chang-Chin | Assoc. Face Designer | 05/03/04 - Present |
| Ward, Lance | Structural Engineer | 08/02/04 - Present |
| Whittaker, Dawn | Sr. Prod. Designer | 12/06/04 - Present |
| Wong, Jenny | Sr. Gr. Designer | 09/09/02 - Present |

| CURRENT MGA INDEPENDENT CONTRACTORS/FREELANCERS /TEMPS | MGA POSITION | DATES |
|---|---|---|
| Augborne, Troy | Structural Engineer (Temp) | 2/26/07 - 3/2/07, 4/16/07 - Present |
| Bryant, Carter | Prod. Designer/Independent Contractor | |
| Zetino, Reyna | Samplemaker, Temp Assignment | 04/13/07 - Present |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Aryapour, Daryoush | Creative Se. Dir. | 10/25/99 - 04/14/00 |
| Aguilar, Lourdes | Brand Mgr. | 9/01/04 - 6/11/06 |
| Blaser, Janet | Dev. Designer | 06/14/04 - 09/10/04 |
| Bower Violette, Mari Joanne | Prod. Mgr. | 10/13/03 - 03/10/06 |
| Brown, Lilia | Gr. Designer | 03/31/03 - 05/05/05 |
| Burlando, Gabriella | Prod. Mgr. | 03/5/02 - 06/27/06 |

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Chonavel, Fabienne | Marketing Mgr. | 04/10/02 - 08/23/02 |
| Dailey, Christine | VP Prod. Dev. | 05/07/01 - 11/22/02 |
| Feicht, Steve | Artist/Jr. Designer Freelancer | 07/18/02 - Unknown |
| Gillmour, Kami | VP Marketing | 05/24/99 - 07/14/00 |
| Hardouin, Christopher | Project Mgr. | 06/04/01 - 07/23/04 |
| Hitch, Martin | VP Int'l Sales | 01/04/01 - 06/04/02 |
| Ho, Jeff | Sr. Prod. Artist Freelancer | Unknown - 10/04 |
| Huntley, James | Independent Contractor - Miuchiz; | 08/17/06 - Unknown; |
| | VP Marketing | 5/23/05 - 08/16/06 |
| Kagan, Randi | Marketing Dir. | 09/23/02 - 07/22/03 |
| Koch, Andreas | Prod. Mgr. | 10/18/99 - 01/41/01 |
| Leahy, Margaret | Sr. Sculptor | Temp To Perm. Eff. 4/4/05 - 03/06/07 |
| Mayer, Lyn Carol | Fabric Artist | 07/21/03 - 05/05/05 |
| McBride, Susan | Prod. Dir., Games | 06/03/02 - 01/25/07 |
| Mils, Frank | Mgr. of Quality Assurance | 03/20/06 - 07/07/06 |
| Nguyen, Xuanlan T | Pattern Maker | 05/19/03 - 01/03/05 |
| O'Brien, Gary Thomas | Field Sales Dir. | 05/10/04 - 07/22/04 |

MATTEL'S SEPARATE STMT ISO MTC RESPONSE TO INTERROGATORIES

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Otero, Jose | Web Designer | 08/11/03 - 2/1/06 |
| Owen, Dan | Sr. Playset Mgr. | 08/23/04 - 12/13/05 |
| Parasole, Nicolletta | Gr. Designer | 01/05/04 - 6/27/05 |
| Parkinson, Ana Mancia | Dev. Designer | 05/10/04 - 01/03/07 |
| Rambeau, Roger | VP Operations | 05/13/96 - 04/03/98 |
| Ramirez, Andrea | Key Account Mgr. | 04/05/05 - 12/12/06 |
| Reed, Wendy | Soft Goods Spec. | 11/06/00 - 01/12/01 |
| Reyes, Scot Anthony | Sm. Doll Designer | 05/23/04 - 3/11/05 |
| Rhee, Anna | Doll Face Design Freelancer | 1/4/07 - 2/13/07 |
| Ross, Lon | Marketing Dir. | 11/13/00 - 08/03/01 |
| Schwartz, Dena | Sr. Prod. Mgr. | 05/21/01 - 04/08/02 |
| Shaver, Brandi | Gr. Designer | 05/03/04 - 06/30/06 |
| Stinnett, Holly | Sr. Brand Mgr. | 07/21/03 - 1/12/05 |
| Tawil, Lisa | Licensing Coord. | 04/08/02 - 07/18/03 |
| Terry, Gord | Dir. of Sales | 10/01/01 - 06/06/02 |
| Ward, Mercedeh | Sr. Prod. Designer | 10/00-1/01; 3/7/05-8/5/05 |
| Whitaker, Joseph | Consultant | 11/05/96 - 03/97 |

07209/2331985.1

MATTEL'S SEPARATE STMT ISO MTC RESPONSE TO INTERROGATORIES

| FORMER EMPLOYEES/FREELANCERS | MGA POSITION | DATES |
|---|---|---|
| Williams, Patrick | SVP Sales | 01/07/01 - 05/29/01 |
| Wong, Tong | Dev. Designer | 03/10/03 - 05/16/03 |
| Wright, Cherrise | Soft Goods Mgr. | 05/03/04 - 8/24/05 |
| Zbojniewicz, Dave | Dir.    Bus.Planning/ Independent Contractor | 04/04- 09/04 |

**B.**    <u>MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide A Complete Response To Interrogatory No. 41</u>

Interrogatory No. 41 asks MGA to "IDENTIFY" all former Mattel employees "who are now or have been employed" by MGA since January 1, 1999.[9] MGA does not dispute the relevance of this information, and in fact provided a partial response containing what it claims is every former Mattel employee which has been employed by MGA at any time since January 1, 1999, his/her job title(s) and the dates of their employment.[10]  However, this answer is clearly incomplete. For example, the interrogatory asks that MGA provide both the date "on which YOU first had contact with such PERSON regarding potential employment or contracting" as well as that on which "such PERSON was interviewed for possible employment or contracting,"[11] but MGA's response provides no such information. At the parties' meet and confers, MGA promised that it would look into these

---

[9]   Mattel, Inc.'s Third Revised Set of Interrogatories, dated September 21, 2007, at 13, Proctor Dec., Exh. 7.

[10]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007 at 63-70, Proctor Dec., Exh. 21.

[11]   Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007, at 13, Proctor Dec., Exh. 7.

1  deficiencies and consider supplementing, but then never responded.[12]  MGA should

2  be compelled to provide a full and complete response.

3  **III.   MATTEL'S INTERROGATORIES SEEKING DATES ON WHICH**

4  **THE PRODUCTS MGA ALLEGES WERE COPIED OR INFRINGED**

5  **ORIGINATED**

6      **A.     Interogatory Nos. 43 and 44**

7  **INTERROGATORY NO. 43:**

8      For each concept, design, product, product packaging or other matter

9  that YOU contend MATTEL copied or infringed, including but not limited to those

10  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

11  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

12  Supplemental Responses to such Interrogatory), state the date that each such

13  concept, design, product, product packaging or other matter was conceived, and

14  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

15  OR RELATE TO, the foregoing.

16  **RESPONSE TO INTERROGATORY NO. 43:**

17      MGA incorporates by reference its General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection No. 7 (regarding Definitions), including without limitation its

20  objections to the terms IDENTIFY and REFER OR RELATE.

21      MGA also objects to this interrogatory to the extent it seeks

22  information that is not subject to disclosure under any applicable privilege, doctrine

23  or immunity, including without limitation the attorney-client privilege, the work

24  product doctrine, the right of privacy, and all other privileges recognized under the

25  constitutional, statutory or decisional law of the United States of America, the State

26  

27  [12]  Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec.,

28  Exh. 5.

1  of California or any other applicable jurisdiction.  MGA further objects to the

2  interrogatory to the extent it calls for a legal conclusion.

3      MGA also objects to this interrogatory on the ground that it is

4  premature because the invention, creation, conception, or reduction to practice of

5  Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

6  objects to this interrogatory to the extent it seeks to limit the expert testimony that

7  MGA may seek to introduce at trial.  MGA will identify its experts and make related

8  disclosures in accordance with the Court's orders and applicable rules.

9      MGA further objects to this interrogatory to the extent that it seeks

10  information that is not relevant to the claims or defenses of any party to this action

11  and is not reasonably calculated to lead to the discovery of admissible evidence; the

12  term "conceived" is not a legal term of art that is relevant to MGA's affirmative

13  claims for false designation of origin, affiliation, association or sponsorship, unfair

14  competition, dilution, and unjust enrichment.

15      MGA further objects to the extent that this interrogatory seeks

16  information that is outside MGA's knowledge and is not in MGA's possession,

17  custody, or control.  In particular, MGA objects to this interrogatory to the extent

18  that it requests that MGA "IDENTIFY *all* PERSONS .... and *all* DOCUMENTS"

19  (emphasis added).

20      MGA further objects to this interrogatory because Mattel has

21  propounded more than 50 interrogatories.   Under Judge Larson's order of

22  February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case

23  Nos. CV 04-04049-SGL and CV 05-02727]."

24      Subject to and without waiving the foregoing objections, MGA

25  responds as follows: MGA is willing to meet and confer with Mattel regarding this

26  interrogatory and the obligation of Mattel to supplement its responses to MGA's

27  First Set of Interrogatories.

28

1  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 43:**





**INTERROGATORY NO. 44:**

For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied or infringed, including but not limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other matter was first fixed in any tangible medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

**RESPONSE TO INTERROGATORY NO. 44:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objections to the terms IDENTIFY and REFER OR RELATE. MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of

1 │ the United States of America, the State of California or any other applicable
2 │ jurisdiction. MGA also objects to this interrogatory to the extent that it calls for a
3 │ legal conclusion.

4 │     MGA also objects to this interrogatory on the ground that it is
5 │ premature because the invention, creation, conception, or reduction to practice of
6 │ Bratz (and related issues) will be the subject of expert testimony at trial. MGA
7 │ objects to this interrogatory to the extent it seeks to limit the expert testimony that
8 │ MGA may seek to introduce at trial. MGA will identify its experts and make related
9 │ disclosures in accordance with the Court's orders and applicable rules.

10 │     MGA further objects to this interrogatory to the extent that it seeks
11 │ information that is not relevant to the claims or defenses of any party to this action
12 │ and not reasonably calculated to lead to the discovery of admissible evidence
13 │ because the phrase "fixed in a tangible medium of expression" is a legal term of art
14 │ that does not have relevance to MGA's affirmative claims, which are for false
15 │ designation of origin, affiliation, association or sponsorship, unfair competition,
16 │ dilution, and unjust enrichment.

17 │     MGA further objects to the extent that this interrogatory seeks
18 │ information that is outside MGA's knowledge and is not in MGA's possession,
19 │ custody, or control. In particular, MGA objects to this interrogatory to the extent
20 │ that it requests that MGA "IDENTIFY all PERSONS ... and all DOCUMENTS"
21 │ (emphasis added).

22 │     MGA further objects to this interrogatory because Mattel has
23 │ propounded more than 50 interrogatories. Under Judge Larson's order of
24 │ February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case
25 │ Nos. CV 04-04049-SGL and CV 05-02727]."

26 │     Subject to and without waiving the foregoing objections, MGA
27 │ responds as follows: MGA is willing to meet and confer with Mattel regarding this
28 │

1  interrogatory and the obligation of Mattel to supplement its responses to MGA's

2  First Set of Interrogatories.

3  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 44:**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



B.  **MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 43 and 44**

Interrogatory Nos. 43 and 44 request dates on which each "concept, design, product, product packaging or other matter that YOU contend Mattel copied or infringed" was (1) "conceived" and (2) "first fixed in any tangible medium of expression."[13]  For its own claims, MGA has alleged that certain of its products have been copied or infringed by certain Mattel products.[14]  One of Mattel's defenses is that Mattel was the one that came up with relevant matters first -- before MGA -- and that MGA was the one who copied or stole from Mattel.[15]  For example, in response to MGA's allegation that Mattel copied its "Wintertime Wonderland" doll

---

[13]  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7-8, Proctor Dec., Exh. 9.
[14]  Complaint of MGA Entertainment, Inc., dated April 13, 2005, ¶¶ 101-123, Proctor Dec., Exh. 48.
[15]  Court Order Regarding Mattel's Motion for Leave to Amend, dated January 12, 2007, at 24, Proctor Dec., Exh. 57.