1  theme, Mattel has asserted that although it did "release a doll called 'Chillin Out!,'"
2  it "has released such themed dolls over the course of many years" and "denies that
3  MGA originated such a theme."[16]  Accordingly, timing is key.   Knowing when
4  MGA's purportedly copied or infringed concepts and products originated is
5  information necessary to determine whether such concepts and products were
6  actually copied or infringed.

7         MGA provided a partial response to this interrogatory.   However, the
8  answer MGA has provided is non-responsive.   Interrogatory Nos. 43 and 44 request
9  the date the MGA products at issue were "conceived" and "first fixed in any tangible
10 medium of expression," respectively.[17]   MGA's answers simply refer Mattel to its
11 responses to Interrogatory No. 3 of Mattel's First Set of Interrogatories Re Claims of
12 Unfair Competition, which requested different information -- the dates on which the
13 products were first "disclosed to any PERSON not employed by MGA" and first
14 "made available for sale."[18]    Thus, MGA's current answers do not provide
15 responsive information.   MGA should be compelled to provide full and complete
16 responses.

17
18
19
20
21
22
23
24

25  [16]   Mattel, Inc.'s Second Amended Answer and Counterclaims, dated July 12, 2007, ¶ 48, Proctor Dec., Exh. 41.
26  [17]   Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7-8, Proctor Dec., Exh. 9.
27  [18]   Mattel's First Set of Interrogatories Re Claims of Unfair Competition, dated
28  March 2, 2007, at 10, Proctor Dec., Exh. 49.

## IV. MATTEL'S INTERROGATORIES ABOUT THE TRADE DRESS MGA CLAIMS MATTEL PRODUCTS INFRINGE

### A. Interrogatory Nos. 48 and 49

**INTERROGATORY NO. 48:**

Separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in THIS ACTION.

**RESPONSE TO INTERROGATORY NO. 48:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definitions of the terms "IDENTIFY" and "SOLD." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

MGA further objects because the interrogatory additionally contains discrete subparts. that require separate, distinct and multiple responses through defined terms. Specifically, Mattel's definitions of the terms "IDENTIFY" and "IDENTITY" as applied to trade dress would require MGA to provide separate, distinct, and multiple responses. For example, Mattel's definition of the term "IDENTIFY" in the context of this interrogatory purports to require MGA to "IDENTIFY" discrete facts for each copied, infringed or diluted trade dress, including: (a) each and every element that makes up the claimed trade dress; and (b) each and every product or product packaging SOLD that embodies, uses or employs the claimed trade dress. This interrogatory is further compounded by

1  Mattel's definition of "IDENTITY," which purports to require MGA to provide the
2  following information for each of the product or product packing requested to be
3  identified as part of Mattel's definition of "IDENTIFY," above: (1) the full name of
4  the product, or in the case of packaging, the product or item with which the
5  packaging is used; (2) the SKU number or any other applicable unique identifier or
6  designation of the product or, in the case of packaging, the product or item with
7  which the packaging is used; (3) the time period during which the product was, has
8  been or will be SOLD or, in the case of product packaging, the time period during
9  which the product packaging was, has been or will be used; and (4) the IDENTITY
10  of each PERSON who has licensed from YOU the right to SELL such product or, in
11  the case of product packaging, the IDENTITY of the PERSON who has licensed
12  from YOU the right to use the packaging or to SELL the products with which the
13  packaging is used.  This interrogatory is further compounded by Mattel's definition
14  of "IDENTITY," which purports to require MGA to provide the following
15  information for each of the persons requested to be identified as part of Mattel's
16  definition of "IDENTIFY," above: (1) the individual's name; (2) any known
17  business title; (3) the current or last known business affiliation; (4) the current or last
18  known residential address; (5) the current or last known business address; (6) the
19  current or last known relationship to MGA; and (7) the current or last known
20  telephone number.   Additionally, through Mattel's definition of "YOU," this
21  interrogatory asks for all of the foregoing information about contentions regarding
22  trade dress by each of the multiple separate responding parties to this set of
23  interrogatories.

24        MGA further objects to the extent this interrogatory seeks information
25  that is beyond MGA's personal knowledge and is not in MGA's possession, custody,
26  or control.   MGA also objects to this interrogatory to the extent it calls for
27  information already produced in this litigation or more easily obtainable from other
28  sources. MGA objects to providing responses to interrogatories that can be derived

1  from documents that have or will be produced (when requested in compliance with

2  Rule 26) and where the burden to derive such information is substantially the same

3  for Mattel as it is for MGA.

4     MGA objects to this interrogatory because Mattel has propounded more

5  than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

6  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

7  SGL and CV 05-02727.]"

8     MGA further objects to this interrogatory on the ground that it is

9  premature because MGA's trade dress (and other legal concepts that may be

10  relevant) will be the subject of expert testimony at trial. MGA objects to this

11  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

12  to introduce at trial. MGA will identify its experts and make related disclosures in

13  accordance with the Court's orders and applicable rules.

14     Subject to and without waiving the foregoing objections, MGA

15  responds as follows: MGA is willing to meet and confer with Mattel regarding this

16  interrogatory.

17  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 48:**

18     MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection No. 7 (regarding Definitions), including without limitation its

21  objection to the definitions of the terms "IDENTIFY" and "SOLD." MGA also

22  objects to this interrogatory to the extent it seeks information that is not subject to

23  disclosure under any applicable privilege, doctrine or immunity, including without

24  limitation the attorney-client privilege, the work product doctrine, the right of

25  privacy, and all other privileges recognized under the constitutional, statutory or

26  decisional law of the United States of America, the State of California or any other

27  applicable jurisdiction.

28

MGA further objects because the interrogatory additionally contains discrete subparts that require separate, distinct and multiple responses through defined terms.  Specifically, Mattel's definitions of the terms "IDENTIFY" and "IDENTITY" as applied to trade dress would require MGA to provide separate, distinct, and multiple responses.  For example, Mattel's definition of the term "IDENTIFY" in the context of this interrogatory purports to require MGA to "IDENTIFY" discrete facts for each copied, infringed or diluted trade dress, including: (a) each and every element that makes up the claimed trade dress; and (b) each and every product or product packaging SOLD that embodies, uses or employs the claimed trade dress.  This interrogatory is further compounded by Mattel's definition of "IDENTITY," which purports to require MGA to provide the following information for each of the product or product packing requested to be identified as part of Mattel's definition of "IDENTIFY," above: (1) the full name of the product, or in the case of packaging, the product or item with which the packaging is used; (2) the SITU number or any other applicable unique identifier or designation of the product or, in the case of packaging, the product or item with which the packaging is used, (3) the time period during which the product was, has been or will be SOLD or, in the case of product packaging, the time period during which the product packaging was, has been or will be used; and (4) the IDENTITY of each PERSON who has licensed from YOU the right to SELL such product or, in the case of product packaging, the IDENTITY of the PERSON who has licensed from YOU the right to use the packaging or to SELL the products with which the packaging is used.  This interrogatory is further compounded by Mattel's definition of "IDENTITY," which purports to require MGA to provide the following information for each of the persons requested to be identified as part of Mattel's definition of "IDENTIFY," above: (1) the individual's name; (2) any known business title; (3) the current. or last known business affiliation; (4) the current or last known residential address; (5) the current or last known business address;

1   (6) the current or last known relationship to MGA; and (7) the current or last known

2   telephone number.   Additionally, through Mattel's definition of "YOU," this

3   interrogatory asks for all of the foregoing information about contentions regarding

4   trade dress by each of the multiple separate responding parties to this set of

5   interrogatories.

6           MGA further objects to the extent this interrogatory seeks information

7   that is beyond MGA's personal knowledge and is not in MGA's possession, custody,

8   or control.   MGA also objects to this interrogatory to the extent it calls for

9   information already produced. in this litigation or more easily obtainable from other

10  sources.  MGA objects to providing responses to interrogatories that can be derived

11  from documents that have or will be produced (when requested in compliance with.

12  Rule 26) and where.the burden to derive such information is substantially the same

13  for Mattel as it is for MGA.

14          MGA further objects to this interrogatory on the ground that it is

15  premature because MGA's trade dress (and other legal concepts that may be

16  relevant) will be the subject of expert testimony at trial.   MGA objects to this

17  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

18  to introduce at trial.  MGA will identify its experts and make related disclosures in

19  accordance with the Court's orders and applicable rules.

20          Subject to and without waiving the foregoing objections, MGA

21  provides the following supplemental response:

22          The unique and distinctive trade dress of MGA's "Gratz" line of dolls

23  that Mattel has copied, infringed, and diluted is comprised of the following

24  elements:

25          •       the unique, unusual geometric-shaped packaging, with increased

26                  transparency including transparent open sides, and with a "flying

27                  banner" style slogan;

28

1       •    the proportions and special arrangements of the eyes, noses,'

2           mouths and hairlines;

3       •    the shape of the eyes, faces, heads and lips;

4       •    the unique face paint, design, and color scheme depicting facial

5           features;

6       •    the disproportionately oversized heads;

7       •    the oversized shoes; and

8       •    the trendy, hip clothing and hair styles.

9       The unique and distinctive trade dress of MGA's "Brad Petz" line of

10 dolls that Mattel has copied, infringed and diluted is comprised of the following

11 elements:

12       •    the open box packaging with no top cover and with partial side

13           panels that slope from a narrow front panel to a higher back

14           panel;

15       •    the large, humanlike, artfully made-up. eyes with long eyelashes

16           that sweep out and away from the outer corner of the eye;

17       •    the disproportionately oversized heads; and

18       •    the trendy human clothing.

19 **INTERROGATORY NO. 49:**

20       For each trade dress identified in response to Interrogatory No. 48,

21 separately and fully IDENTIFY each and every MATTEL product, packaging or

22 other matter that YOU contend copies, infringes or dilutes such trade dress,

23 including without limitation by describing fully and separately, for each such

24 MATTEL product, packaging or other matter, each and every element of the

25 claimed trade dress that YOU contend MATTEL has copied, infringed or diluted.

26 **RESPONSE TO INTERROGATORY NO. 49:**

27       MGA incorporates by reference its General Response and General

28 Objections above, as though fully set forth herein and specifically incorporates

1  General Objection No. 7 (regarding Definitions), including without limitation its
2  objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and
3  "IDENTIFY" insofar as it is used to refer to "product or packaging."  MGA also
4  objects to this interrogatory to the extent it seeks information that is not subject to
5  disclosure under any applicable privilege, doctrine or immunity, including without
6  limitation the attorney-client privilege, the work product doctrine, the right of
7  privacy, and all other privileges recognized under the constitutional, statutory or
8  decisional law of the United States of America, the State of California or any other
9  applicable jurisdiction.

10       MGA objects because the interrogatory is compound on its face.  MGA
11  further objects because the interrogatory additionally contains discrete subparts that
12  require separate, distinct and multiple responses through defined terms.
13  Specifically, Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it
14  pertains to "product or packaging" requires MGA to provide separate, distinct, and
15  multiple responses.  For example, Mattel's definition of the term "IDENTIFY" in the
16  context of this interrogatory purports to require MGA to provide a multitude of
17  discrete facts for each infringing or diluting product, packaging or other matter,
18  including: (1) the full name of the product, or in the case of packaging, the product
19  or item with which the packaging is used; (2) the SKU number or any other
20  applicable unique identifier or designation of the product or, in the case of
21  packaging, the product or item with which the packaging is used; (3) the time period
22  during which the product was, has been or will be SOLD or, in the case of product
23  packaging, the time period during which the product packaging was, has been or
24  will be used; and (4) the IDENTITY of each PERSON who has licensed from YOU
25  the right to SELL such product or, in the case of product packaging, the IDENTITY
26  of the PERSON who has licensed from YOU the right to use the packaging or to
27  SELL the products with which the packaging is used.  This interrogatory is further
28  compounded by Mattel's definition of "IDENTITY," which purports to require

MGA to provide the following information for each of the persons requested to be identified as part of Mattel's definition of "IDENTIFY," above: (1) the individual's name; (2) any known business title; (3) the current or last known business affiliation; (4) the current or last known residential address; (5) the current or last known business address; (6) the current or last known relationship to MGA; and (7) the current or last known telephone number. Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of the foregoing information about contentions regarding trade dress by each of the multiple separate responding parties to this set of interrogatories.

MGA further objects to the extent this interrogatory seeks information that is beyond MGA's personal knowledge and is not in MGA's possession, custody, or control. MGA also objects to this interrogatory to the extent it calls for information already produced in this litigation or more easily obtainable from other sources. MGA objects to providing responses to interrogatories that can be derived from documents that have or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA.

MGA objects to this interrogatory because Mattel has propounded more than 50 interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727.]"

MGA further objects to this interrogatory on the ground that it is premature because MGA's trade dress (and other legal concepts that may be relevant) will be the subject of expert testimony at trial. MGA objects to this interrogatory to the extent it seeks to limit the expert testimony that MGA may seek to introduce at trial. MGA will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.

1    Subject to and without waiving the foregoing objections, MGA

2  responds as follows: MGA is willing to meet and confer with Mattel regarding this

3  interrogatory.

4  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 49:**

5    MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection No. 7 (regarding Definitions), including without limitation its

8  objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and

9  "IDENTIFY" insofar as it is used to refer to "product or packaging."  MGA also

10  objects to this interrogatory to the extent it seeks information that is not subject to

11  disclosure under any applicable privilege, doctrine or immunity, including without

12  limitation the attorney-client privilege, the work product doctrine, the right of

13  privacy, and all other privileges recognized under the constitutional, statutory or

14  decisional law of the United States of America, the State of California or any other

15  applicable jurisdiction.

16    MGA objects because the interrogatory is compound on its face.  MGA

17  further objects because the interrogatory additionally contains discrete subparts that

18  require separate, distinct and multiple responses through defined terms.

19  Specifically, Mattel's definition of the term "IDENTIFY" (Definitions ¶ 10(c)) as it

20  pertains to "product or packaging" requires MGA to provide separate, distinct, and

21  multiple responses.  For example, Mattel's definition of the term "IDENTIFY" in the

22  context of this interrogatory purports to require MGA to provide a multitude of

23  discrete facts for each infringing or diluting product, packaging or other matter,

24  including: (1) the full name of the product, or in the case of packaging, the product

25  or item with which the packaging is used; (2) the SKU number or any other

26  applicable unique identifier or designation of the product or, in the case of

27  packaging, the product or item with which the packaging is used; (3) the time period

28  during which the product was, has been or will be SOLD or, in the case of product

packaging, the time period during which the product packaging was, has been or will be used; and (4) the IDENTITY of each PERSON who has licensed from YOU the right to SELL such product or, in the case of product packaging, the IDENTITY of the PERSON who has licensed from YOU the right to use the packaging or to SELL the products with which the packaging is used.  This interrogatory is further compounded by Mattel's definition of "IDENTITY," which pm-ports to require MGA to provide the following information for each of the persons requested to be identified as part of Mattel's definition of "IDENTIFY," above: (1) the individual's name; (2) any known business title; (3) the current or last known business affiliation; (4) the current or last known residential address; (5) the current or last known business address; (6) the current or last known relationship to MGA; and (7) the current or last known telephone number.  Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of the foregoing information about contentions regarding trade dress by each of the multiple separate responding parties to this set of interrogatories.

MGA further objects to the extent this interrogatory seeks information that is beyond MGA's personal knowledge and is not in MGA's possession, custody, or control.  MGA also objects to this interrogatory to the extent it calls for information already produced in this litigation or more easily obtainable from other sources: MGA objects to providing responses to interrogatories that can be derived from documents that have or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA.

MGA further objects to this interrogatory on the ground that it is premature because MGA's trade dress (and other legal concepts that may be relevant) will be the subject of expert testimony at trial.  MGA objects to this interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

1   to introduce at trial. MGA will identify its experts and make related disclosures in
2   accordance with the Court's orders and applicable rules.

3       Subject to and without waiving the foregoing objections, MGA
4   provides the following supplemental response:

5       Each of Mattel's "My Scene" fashion dolls copied, infringed and
6   diluted:

7      • the unique, unusual geometric-shaped packaging, with increased
8       transparency including transparent open sides, and with a "flying
9       banner" style slogan;

10      • the proportions and special arrangements of the eyes, noses,
11       mouths and hairlines;

12      • the shape of the eyes, faces, heads and lips;

13      • the unique face paint, design, and color scheme depicting facial
14       features;

15      • the disproportionately oversized heads;

16      • the oversized shoes; and

17      • the trendy, hip clothing and hair styles.

18   Each of Mattel's "My Scene" pet dolls copied, infringed and diluted:

19      • the large, humanlike, artfully made-up eyes with long eyelashes
20       that sweep out and away from the outer corner of the eye;

21      • the disproportionately oversized heads;

22      • the trendy human clothing; and

23      • the open box packaging with no top cover and with partial side
24       panels that slope from a narrow front panel to a higher back
25       panel.

26

27

28

**B.**    **MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide Complete Responses To Interrogatory Nos. 48 and 49**

Interrogatory Nos. 48 and 49 ask MGA to "separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted" and to "separately and fully IDENTIFY each and every MATTEL product, packaging or other matter that YOU contend copies, infringes or dilutes such trade dress."[19] These interrogatories seek the core contentions underlying MGA's trade dress infringement claims and are clearly proper.[20]    Recognizing that, MGA has provided partial responses.    However, as with MGA's other supplemental responses, MGA has merely provided what it claims are the "basic facts," without any details.[21] Thus, MGA's response to No. 48 did not identify with specificity a single product that MGA alleges was infringed, let alone every product.    MGA also stated that its answer to No. 48 was limited by the fact that its answer "may be incomplete" as the subject matter of this interrogatory will be the source of expert testimony, and an expert may identify additional facts that support MGA's contentions.[22]    Such a limitation is improper because it would allow MGA to sandbag Mattel by introducing new products into the litigation in expert disclosures, after fact discovery has closed.[23]    MGA has no basis for failing to provide full and complete responses to Interrogatory Nos. 48 and 49.

---

[19]    Mattel, Inc.'s Seventh Set of Interrogatories, dated October 25, 2007, at 7, Proctor Dec., Exh. 12.

[20]    MGA has brought claims against Mattel for False Designation of Origin, Unfair Competition, Dilution and Unjust Enrichment.    See Complaint of MGA Entertainment, Inc., dated April 13, 2005, Proctor Dec., Exh. 48.

[21]    Letter from Proctor to Miller, dated December 13, 2007, at 4, Proctor Dec., Exh. 5.

[22]    Id. at 4.

[23]    Id. at 4.

## V.   MATTEL'S INTERROGATORY ABOUT THE IDENTITY OF MGA'S BANK ACCOUNTS

### A.   Interrogatory No. 39

**INTERROGATORY NO. 39:**

IDENTIFY each and every bank or financial institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR benefit, since January 1, 1999.

**RESPONSE TO INTERROGATORY NO. 39:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY and REFERS OR RELATES TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the teems YOU and YOUR. MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this interrogatory as premature asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no judgment for the payment of money pending against MGA. MGA further objects on the grounds that it is overbroad, not relevant to the claims or defenses of any party to the action and not reasonably calculated to lead to the discovery of admissible evidence.

**B.**     MGA's Objections Should Be Overruled And MGA Should Be Compelled To Provide A Complete Response To Interrogatory No. 39

Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or financial institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or for YOUR benefit, since January 1, 1999."[24]  MGA objects to this interrogatory as seeking information "not relevant to the claims or defenses of any party to the action and not reasonably calculated to lead to the discovery of admissible evidence."[25]  This objection is unsupportable.

This information is clearly discoverable.   MGA's bank account information may lead to direct evidence of liability regarding Mattel's allegations of commercial bribery (which are explicitly alleged as RICO predicate acts) against MGA and Larian.[26]  Payments made to Bryant and to other then-Mattel employees from MGA's bank accounts would establish commercial bribery and other tortious conduct.   The timing of such payments would also bear on the timing of Bryant's first involvement with MGA.  Similarly, the timing and amounts of payments made to other former Mattel employees who MGA and other defendants are accused of conspiring with to steal Mattel trade secrets would be critical evidence on both Mattel's claims and MGA's claims, and indeed the Discovery Master so held in compelling Bryant to produce his financial information.[27]  Evidence of payments to

---

[24]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 13, Proctor Dec., Exh. 7.

[25]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec., Exh. 21.

[26]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, ¶ 94-97, Prayers ¶ 12, Proctor Dec., Exh. 41.

[27]   See Order of January 25, 2007, at 14:13-17 ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation.  Payments could (footnote continued)

1   any of the numerous witnesses in this case, including Bryant, are also obviously
2   relevant to issues of bias.

3           Mattel also has punitive damage claims against MGA.[28]  In assessing
4   punitive damages, the jury is entitled to consider MGA's net worth.  See, e.g., U.S.
5   Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL
6   307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is relevant
7   under Rule 26(b) to plaintiff's claims for damages and punitive damages"); Oakes,
8   179 F.R.D. at 286 ("The discovery of financial information relevant to a punitive
9   damages claim is permissible under the Federal Rules of Civil Procedure, whether
10  or not such evidence would be admissible at trial.").  Indeed, under California law
11  Mattel is required to introduce evidence of MGA's financial condition to obtain an
12  award of punitive damages against MGA.  See Morgan v. Woessner, 997 F.2d 1244,
13  1259 (9th Cir. 1993) (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)).  MGA's
14  bank account information from recent years is, quite obviously, likely to lead to
15  discoverable information about MGA's financial condition.  See Britton v. Car
16  Toys, Inc., 2007 WL 1395290, at *3 (D. Colo. 2007) ("Evidence regarding a
17  defendant's earnings and assets may be relevant in proving punitive damages.");
18  North Dakota Fair Housing Council, Inc. v. Allen, 298 F. Supp. 2d 897, 899
19  (D.N.D. 2004) ("The discovery of financial records of a defendant in order to
20  prepare a case on the issue of punitive damages is permissible."); Bessier v. Precise
21  Tool & Eng'g Co., Inc., 778 F.Supp. 1509, 1514 (W.D. Mo. 1991) (a plaintiff is
22  "clearly entitled to the discovery of financial records of defendant in order to
23  prepare a case on the issue of punitive damages").

24  _____

25  show when and what trade secret information Bryant and other defendants allegedly
26  misappropriated from Mattel.  Any proof of trade secret theft is also relevant to
    Mattel's defense against MGA's unfair competition claims."), Proctor Dec., Exh. 54.
27  [28]   See, e.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and
28  Counter-Claims, dated July 12, 2007, Prayers ¶¶ 11-13, Proctor Dec. Exh. 41.

-52-

1       For these reasons, the Court has already held precisely that

2   Mr. Larian's bank account information is discoverable. <u>See</u> Court's Order Granting

3   in Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses

4   Pursuant to Third Notice of Deposition Under <u>Rule</u> 30(b)(6), dated September 25,

5   2007 (compelling MGA to produce a witness on the topic of payments to Larian,

6   including the accounts to which such payments were made, because "MGA's

7   payments to Isaac Larian may be relevant to Mattel's claim for punitive damages").

8   Nevertheless, MGA still refuses to respond.[29]

9       In its objections, MGA asserts that this interrogatory is "premature

10   asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no

11   judgment for the payment of money pending against MGA."[30]   This objection fails.

12   First, <u>Rule</u> 69(a), which allows a judgment creditor to obtain discovery in aid of a

13   judgment or execution, simply has no application here.  <u>See Fed. R. Civ. P.</u> 69(a).

14   Nothing in the <u>Rule</u> precludes a party from seeking discovery pertaining to issues of

15   liability, bias and punitive damages as Mattel seeks here.  <u>See id.</u>  Second, both the

16   Discovery Master and the District Court have ruled that Mattel may properly seek

17   such discovery.  MGA's net worth was among the topics noticed in Mattel's Second

18   Notice of Deposition Under <u>Rule</u> 30(b)(6).[31]   Concluding that information relating

19   to MGA's net worth was properly the subject of discovery, the Discovery Master

20   ordered MGA to produce a witness responsive to this topic in his May 16, 2007

21

22

23

---

24   [29]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
     Exh. 5.

25   [30]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s

26   Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec.,
     Exh. 21.

27   [31]   Mattel's Second Notice of Deposition Under <u>Rule</u> 30(b)(6), dated February 1,

28   2007, Proctor Dec., Exh. 42.

1  Order.[32]   MGA then objected to the Discovery Master's Order on the grounds,
2  among others, that such discovery was premature.[33]   Judge Larson rejected that
3  argument and affirmed the Discovery Master's May 16, 2007 Order, stating that:

4      [a]lthough MGA's net worth may not be known to it, MGA does not
5      contend that the information is not readily available.  That net worth is
6      generally the subject of expert testimony at trial -- a proposition
7      disputed by neither Mattel nor the Court -- does not render it an
8      improper subject for a Rule 30(b)(6).[34]

9      And, as noted, Mattel's Third Notice of Deposition Under Rule
10  30(b)(6) included a topic addressing payments of money made by MGA to Larian
11  since January 1, 1999, including information related to bank or financial institution
12  accounts to which any such payments were made.[35]   MGA objected to this topic on
13  a number of bases, including by contending that "Mattel is not entitled to conduct
14  discovery regarding Isaac Larian's net worth at this time."[36]   Rejecting MGA's
15  arguments, the Discovery Master held:

16      MGA's payments to Isaac Larian . . . are relevant to the claims and
17      defenses in the case.  Payments to Isaac Larian . . . may also show
18      possible bias and be used for impeachment purposes.   Moreover,

19

20    [32]   Court's Order Granting Mattel's Motion to Compel MGA to Produce
21  Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Proctor
22  Dec., Exh. 43.
  [33]   MGA's Memorandum of Points and Authorities in Support of its Motion
23  Objecting to Portions of the Discovery Master's May 16, 2007 Order, dated May 31,
24  2007, at 5-6, Proctor Dec., Exh. 44.
  [34]   Court's July 2, 2007 Minute Order, at 5, Proctor Dec., Exh. 45.
25    [35]   Mattel's Third Notice of Deposition Under Rule 30(b)(6), dated June 5, 2007,
26  Proctor Dec., Exh. 46.
  [36]   Court's Order Granting in Part and Denying in Part Mattel's Motion to
27  Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under
28  Rule 30(b)(6), dated September 25, 2007, at 11-12, Proctor Dec., Exh. 47.

MGA's payments to Isaac Larian may be relevant to Mattel's claim for punitive damages. Payments to Isaac Larian are a component of his net worth, even if they represent one source of income. The burden of producing such information does not outweigh its relevance, taking into consideration the circumstances of this case. Furthermore, there is no stay on discovery pertaining to punitive damages.[37]

MGA's refusal to answer this interrogatory at all, even in light of this Order, is improper. A complete response should be ordered.

## VI.   MATTEL'S CONTENTION INTERROGATORIES

   A.   **Interrogatory Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 42 and 50**

**INTERROGATORY NO. 30:**

State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**RESPONSE TO INTERROGATORY NO. 30:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTION, INVENTIONS AGREEMENT, IDENTIFY and REFER OR RELATE TO. MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all

---

[37] Id.

1    other privileges recognized under the constitutional, statutory or decisional law of

2    the United States of America, the State of California or any other applicable

3    jurisdiction.  MGA further objects to this interrogatory to the extent it calls for a

4    legal conclusion.  MGA further objects to the extent that this interrogatory seeks

5    information that is outside MGA's knowledge and is not in MGA's possession,

6    custody, or control.  In particular, MGA objects to this interrogatory to the extent

7    that it requests MGA to "state *all* facts. ... and IDENTIFY *all* PERSONS. ... and *all*

8    DOCUMENTS" (emphasis added).

9            MGA further objects to the interrogatory on the grounds that it is

10   vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

11   hypothetical and therefore proceeds from the false premise that Bryant assigned

12   rights in the Bratz line of dolls to Mattel and that all terns of the INVENTIONS

13   AGREEMENT are binding and enforceable.  *See e.g., Kendrick v. Sullivan,* 125

14   F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

15   interrogatories directed at hypothetical scenarios).   Any response to this

16   interrogatory depends on, among other factual and legal factors, specifically which

17   BRATZ INVENTION it is hypothetically assumed that Bryant assigned rights in to

18   MGA and which rights he assigned, which information is not provided in the

19   incomplete hypothetical scenario posited in this interrogatory.

20           MGA further objects to the interrogatory on the ground that it is

21   premature because the invention, creation, conception, or reduction to practice of

22   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

23   objects to this interrogatory to the extent it seeks to limit the expert testimony that

24   MGA may seek to introduce at trial.  MGA further objects on the grounds that the

25   interrogatory seeks information not relevant to any claim or defense in the action

26   and is not reasonably calculated to the discovery of admissible evidence because

27   MGA denies that Bryant assigned any such rights to Mattel.

28

1    MGA objects to this interrogatory because Mattel has propounded more

2    than 50 interrogatories.    Under Judge Larson's order of February 22, 2007;

3    "Interrogatories are to be limited to 50 for each side for both [Case Nos. CV 04-

4    04049-SGL and CV 05-02727]."

5    **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 30:**

6    MGA incorporates by reference its General Response and General

7    Objections above, as though fully set forth herein and specifically incorporates

8    General Objection No. 7 (regarding Definitions), including but not limited to its

9    objections to the definitions of the terms BRATZ INVENTION, INVENTIONS

10   AGREEMENT, IDENTIFY and REFER OR RELATE TO.   MGA also objects to

11   this interrogatory to the extent it seeks information that is not subject to disclosure

12   under any applicable privilege, doctrine or immunity, including without limitation

13   the attorney-client privilege, the work product doctrine, the right of privacy, and all

14   other privileges recognized under the constitutional, statutory or decisional law of

15   the United States of America, the State of California or any other applicable

16   jurisdiction.   MGA further objects to this interrogatory to the extent it calls for a

17   legal conclusion.   MGA further objects to the extent that this interrogatory seeks

18   information that is outside MGA's knowledge and is not in MGA's possession,

19   custody, or control.   In particular, MGA objects to this interrogatory to the extent

20   that it requests MGA to "state *all* facts ... and IDENTIFY *all* PERSONS. ... and *all*

21   DOCUMENTS" (emphasis added).

22   MGA further objects to the interrogatory on the grounds that it is

23   vague, ambiguous and threatens to mislead the trier of fact in that it is stated in the

24   hypothetical and therefore proceeds from the false premise that Bryant assigned

25   rights in the Bratz line of dolls to Mattel and that all terms of the INVENTIONS

26   AGREEMENT are binding and enforceable.   *See e.g., Kendrick v. Sullivan,* 125

27   F.R..D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

28   interrogatories directed at hypothetical scenarios.  Any response to this interrogatory

1   depends on, among other factual and legal factors, specifically which BRATZ

2   INVENTION it is hypothetically assumed that Bryant assigned rights in to MGA

3   and which rights he assigned, which information is not provided in the incomplete

4   hypothetical scenario posited in this interrogatory.

5       MGA further objects to the interrogatory on the ground that it is

6   premature because the invention, creation, conception, or reduction to practice of

7   Bratz (and related issues) will be the subject of expert testimony at trial.  MGA

8   objects to this interrogatory to the extent it seeks to limit the expert testimony that

9   MGA may seek to introduce at trial.  MGA further objects on the grounds that the

10  interrogatory seeks information not relevant to any claim or defense in the action

11  and is not reasonably calculated to the discovery of admissible evidence because

12  MGA denies that Bryant assigned any such rights to Mattel.

13      Subject to and without waiving the foregoing objections, MGA

14  responds as follows:

15      MGA incorporates by reference its supplemental responses to

16  Interrogatory Nos. 27, 28, 29 and 31 as though fully set forth herein, and responds

17  further that, assuming Bryant assigned rights to inventions related to Bratz pursuant

18  to the "INVENTIONS AGREEMENT," (i.e. under the terms of said Agreement and

19  for inventions conceived of and/or reduced to practice during the period of Bryant's

20  employment with Mattel to which said Agreement relates), MGA would have

21  superior rights in the Bratz dolls because: (i) there were no "inventions" related to

22  Bratz covered by the "INVENTIONS AGREEMENT;" (ii) the Bratz dolls were

23  neither substantially similar to, nor a copy of, nor derivative of, Mattel's

24  hypothetical rights; and (iii) Mattel waived any rights it may have had due to laches

25  and the statute of limitations.

26  **INTERROGATORY NO. 31:**

27      State all facts that support YOUR contention, if YOU so contend, that

28  the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all

1   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
2   RELATE TO such facts.

3   **RESPONSE TO INTERROGATORY NO. 31:**

4   MGA incorporates by reference its General Response and General
5   Objections above, as though fully set forth herein and specifically incorporates
6   General Objection No. 7 (regarding Definitions), including but not limited to its
7   objections to the definitions of the terms INVENTIONS AGREEMENT,
8   IDENTIFY and REFER OR RELATE TO. MGA also objects to this interrogatory
9   to the extent it seeks information that is not subject to disclosure under any
10  applicable privilege, doctrine or immunity, including without limitation the
11  attorney-client privilege, the work product doctrine, the right of privacy, and all
12  other privileges recognized under the constitutional, statutory or decisional law of
13  the United States of America, the State of California or any other applicable
14  jurisdiction. MGA also objects to this interrogatory to the extent that it calls for a
15  legal conclusion.

16  MGA objects that this interrogatory is an overbroad and unduly
17  burdensome contention interrogatory to the extent it asks for "all facts" which
18  supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*,
19  181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all
20  facts, documents, and witnesses that support the denial of a statement or allegation
21  of fact" because the "universe of potentially responsive information is almost
22  endless"). MGA further objects to the extent that this interrogatory seeks
23  information outside of MGA's personal knowledge and is not in MGA's possession,
24  custody or control. In particular, MGA objects to this interrogatory to the extent
25  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*
26  DOCUMENTS" (emphasis added).

27  MGA objects to this interrogatory because Mattel has propounded more
28  than 50 interrogatories. Under Judge Larson's order of February 22, 2007,

1  "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-
2  SGL and CV 05-02727]."

3       Subject to and without waiving the foregoing objections, MGA
4  responds as follows:  MGA is willing to meet and confer with Mattel regarding this
5  interrogatory and the obligation of Mattel to supplement its responses to MGA's
6  First Set of Interrogatories.

7  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 31:**

8       MGA incorporates by reference its General Response and General
9  Objections above, as though fully set forth herein and specifically incorporates
10 General Objection No. 7 (regarding Definitions), including but not limited to its
11 objections to the definitions of the terms INVENTIONS AGREEMENT,
12 IDENTIFY and REFER OR RELATE TO.  MGA also objects to this interrogatory
13 to the extent it seeks information that is not subject to disclosure under any
14 applicable privilege, doctrine or immunity, including without limitation the
15 attorney-client privilege, the work product doctrine, the right of privacy, and all
16 other privileges recognized under the constitutional, statutory or decisional law of
17 the United States of America, the State of California or any other applicable
18 jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a
19 legal conclusion.

20      MGA objects that this interrogatory is an overbroad and unduly
21 burdensome contention interrogatory to the extent it asks for "all facts" which
22 supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*,
23 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all
24 facts, documents, and witnesses that support the denial of a statement or allegation
25 of fact" because the "universe of potentially responsive information is almost
26 endless").  MGA further objects to the extent that this interrogatory seeks
27 information outside of MGA's personal knowledge and is not in MGA's possession,
28 custody or control.  In particular, MGA objects to this interrogatory to the extent

1  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*
2  DOCUMENTS" (emphasis added).

3           Subject to and without waiving the foregoing objections, MGA
4  responds as follows:

5           MGA contends that Paragraph 3-a of the "INVENTIONS
6  AGREEMENT" is unenforceable based on the equitable doctrine of laches, and the
7  statute of limitations, in that Mattel intentionally delayed in taking legal action
8  against MGA or Carter Bryant for several years in the belief that Mattel would be
9  able to drive Bratz out of the marketplace through the introduction of a copycat line
10 of My Scene Barbie doll.  Mattel only took legal action well after MGA had
11 invested substantial amounts of capital and creative and innovative human effort in
12 the Bratz line of dolls and had experienced enormous success in the market place,
13 changing the fashion doll business forever.  In addition, many Mattel employees
14 knew following the introduction of the first generation of Bratz dolls to the market
15 that Carter Bryant was the originator of the idea that led to the first generation of
16 Bratz dolls.

17          The "INVENTIONS AGREEMENT" is also invalid and unenforceable
18 insofar as it purports to prohibit Bryant from engaging in good faith and reasonable
19 efforts to seek professional opportunities with Mattel competitors while still
20 employed by Mattel.

21          These contentions are based on the following facts and circumstances:
22 MGA is informed and believes that it was common knowledge at Mattel that many
23 Mattel employees employed in the Mattel design center worked on a freelance basis
24 for third parties, including Mattel competitors.  Despite knowledge of this activity,
25 Mattel rarely, if ever, enforced any rights it may have had to prohibit such
26 freelancing.  Mattel has therefore waived any right it may have had to enforce
27 Paragraph 3-a of the "INVENTIONS AGREEMENT" against Carter Bryant by
28 virtue of course-of-conduct contract law principles.

-61-

1    The following persons have knowledge of the facts and circumstances
2   supporting this contention:  current and former members of Mattel management,
3   current and former members of Mattel's legal department, current and former
4   employees in Mattel's Design Center, including, Robert Eckert, Alan Kaye, Matt
5   Bousquette, Adrienne Fontanella, Richard De Anda, Ivy Ross and Margaret Leahy.

6    The following documents may be relevant to these facts: the
7   "INVENTIONS AGREEMENT;" Mattel documents referring or relating to Mattel's
8   enforcement, or lack thereof, of the provisions of similar agreements between Mattel
9   and its employees; Mattel documents referring or relating to Mattel's knowledge or
10  investigation of suspected violations of similar agreements between Mattel and its
11  employees; Mattel's internal emails that have not been produced; documents from
12  Mattel's Zeus computer systems; documents referring or relating to Mattel's market
13  research; documents referring or relating to Mattel's public relations efforts;
14  documents referring or relating to Mattel's advertising and advertising strategies.
15  Mattel has produced very few documents in this action in response to MGA's
16  outstanding request.  MGA recently served additional requests for production of
17  documents.  MGA reserves the right to supplement this response and all of its other
18  responses after Mattel has completed its production.

19    This response is without prejudice to MGA's position that the
20  "INVENTIONS AGREEMENT" as a whole is invalid and unenforceable as a
21  violation of public policy.

22  **INTERROGATORY NO. 32:**

23    State all facts that support YOUR contention, if YOU so contend, that
24  MATTEL is not or would not be entitled to injunctive relief as requested in its
25  COMPLAINT and/or COUNTERCLAIMS if it is ultimately determined that
26  MATTEL owns one or more BRATZ INVENTIONS, and IDENTIFY all
27  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
28  RELATE TO such facts.

-62-

**RESPONSE TO INTERROGATORY NO. 32:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOUR, YOU, MATTEL. MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the interrogatory on the ground that it is premature because matters affecting Mattel's ability to obtain injunctive relief may be the subject of expert testimony at trial. MGA objects to this interrogatory to the extent it seeks to limit the expert testimony that MGA may seek to introduce at trial. MGA will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.

MGA notes that the issue of injunctive relief will be decided by the Court after the conclusion of all jury deliberation relevant to the issue. MGA believes accordingly that the Court's review of injunctive relief issue will not occur until the conclusion of Phase 2.

MGA further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R..D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a

1    statement or allegation of fact" because the "universe of potentially responsive

2    information is almost endless").

3        MGA further objects to the extent that this interrogatory seeks

4    information that is outside MGA's knowledge and is not in MGA's possession,

5    custody, or control.  In particular, MGA objects to this interrogatory to the extent

6    that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*

7    DOCUMENTS" (emphasis added).

8        MGA further objects to this interrogatory as it asks MGA to assume

9    facts contrary to evidence, and further asks it to base any response on an incomplete

10   and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v. Sullivan*, 125

11   F.R.D. 1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention

12   interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or

13   would or would not be "entitled to injunctive relief" depends on, among other

14   factual and legal factors, which specific "BRATZ INVENTION" Mattel is

15   hypothetically found to own, and whether and/or to what extent it is determined that

16   any Bratz products that have been produced and sold are derivative works of any

17   such BRATZ INVENTIONS, which information is not provided in the incomplete

18   hypothetical scenario posited in this interrogatory.  MGA also objects to this

19   interrogatory on the grounds that Mattel - not MGA - bears the burden of proof to

20   show that it is entitled to injunctive relief, it if is ultimately determined that Mattel

21   owns one or more BRATZ INVENTIONS.

22       MGA further objects to this interrogatory because Mattel has

23   propounded more than 50 interrogatories.  Under Judge Larson's order of

24   February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case

25   Nos. CV 04-04049-SGL and CV 05-02727]."

26   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 32:**

27       MGA incorporates by reference its General Response and General

28   Objections above, as though fully set forth herein and specifically incorporates

1 General Objection No. 7 (regarding Definitions), including but not limited to its
2 objections to the definitions of the terms BRATZ INVENTIONS, IDENTIFY and
3 REFER OR RELATE TO, and further objects on the ground that the interrogatory is
4 overbroad, unduly burdensome, vague and ambiguous both generally and
5 specifically with respect to the terms YOUR, YOU, MATTEL. MGA also objects
6 to this interrogatory to the extent it seeks information that is not subject to disclosure
7 under any applicable privilege, doctrine or immunity, including without limitation
8 the attorney-client privilege, the work product doctrine, the right of privacy, and all
9 other privileges recognized under the constitutional, statutory or decisional law of
10 the United States of America, the State of California or any other applicable
11 jurisdiction. MGA further objects to the interrogatory on the ground that it is
12 premature because matters affecting Mattel's ability to obtain injunctive relief may
13 be the subject of expert testimony at trial. MGA objects to this interrogatory to the
14 extent it seeks to limit the expert testimony that MGA may seek to introduce at trial.
15 MGA will identify its experts and make related disclosures in accordance with the
16 Court's orders and applicable rules.

17 MGA notes that the issue of injunctive relief will be decided by the
18 Court after the conclusion of all jury deliberation relevant to the issue. MGA
19 believes accordingly that the Court's review of injunctive relief issue will not occur
20 until the conclusion of Phase 2.

21 MGA further objects on the ground that this interrogatory is an
22 overbroad and unduly burdensome contention interrogatory to the extent it asks for
23 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
24 *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
25 requests seeking "all facts, documents, and witnesses that support the denial of a
26 statement or allegation of fact" because the "universe of potentially responsive
27 information is almost endless").

28

1      MGA further objects to the extent that this interrogatory seeks
2  information that is outside MGA's knowledge and is not in MGA's possession,
3  custody, or control.  In particular, MGA objects to this interrogatory to the extent
4  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*
5  DOCUMENTS" (emphasis added).

6      MGA further objects to this interrogatory as it asks MGA to assume
7  facts contrary to evidence, and further asks it to base any response on an incomplete
8  and incomprehensible hypothetical scenario.  *See, e.g., Kendrick v. Sullivan*, 125
9  F.R.D.  1, 3 (D. D.C. 1989) (holding that Rule 33 does not permit contention
10  interrogatories directed at hypothetical scenarios).  Whether or not Mattel is or
11  would or would not be "entitled to injunctive relief" depends on, among other
12  factual and legal factors, which specific "BRATZ INVENTION" Mattel is
13  hypothetically found to own, and whether and/or to what extent it is determined that
14  any Bratz products that have been produced and sold are derivative works of any
15  such BRATZ INVENTIONS, which information is not provided in the incomplete
16  hypothetical scenario posited in this interrogatory.  MGA also objects to this
17  interrogatory on the grounds that Mattel - not MGA - bears the burden of proof to
18  show that it is entitled to injunctive relief, it if is ultimately determined that Mattel
19  owns one or more BRATZ INVENTIONS.

20      Subject to and without waiving the foregoing objections, MGA
21  responds as follows:

22      Mattel is not entitled to injunctive relief for the following reasons:

23      (a)    Mattel is not entitled to injunctive relief in accordance with the
24  principles established by the United States Supreme Court in <u>eBay v.</u>
25  <u>MercExchange</u>, 126 S Ct. 1837 (2006).

26      (b)    The original concepts contributed by Bryant to the creation of the
27  Bratz dolls represent only one of the many factors that combined to make Bratz one
28  of the most successful fashion dolls on the market.  The contributions made by

1  MGA to the Bratz dolls far outweigh any contributions made by Bryant prior to
2  October 21, 2000 in terms of the overall factors that contributed to the commercial
3  success of Bratz.

4        (c)    Mattel played no role in the creation and/or selection of the Bratz
5  slogan, "The Girls with a Passion for Fashion!" or the brand name "Bratz."

6        (d)    Mattel played no role in the development of the Bratz line of
7  dolls' innovative and trend-setting packaging.

8        (e)    Mattel played no role in MGA's improvements, enhancements
9  and changes to the Bratz dolls in the months and years on and/or after October 21,
10 2000.

11       (f)    Mattel played no role in MGA's development of the fashions for
12 the Bratz dolls.

13       (g)    Mattel played no role in the development of Bratz Kidz, Bratz
14 Petz, Bratz Babyz and other successful additions to the Bratz doll family.

15       (h)    Mattel played no role in the development of the myriad of
16 accessories for the Bratz dolls.

17       (i)    Mattel played no role in the development of the successful
18 themes that have enhanced the popularity of the Bratz dolls.

19       (j)    Mattel played no role in the development of the Bratz animated
20 TV series, Bratz TV commercials, or Bratz the movie.

21       (k)    Mattel played no role in the development of the Bratz brand.

22       (l)    If in 2000 Mattel had been presented with the opportunity to
23 develop Bryant's idea for a line of fashion dolls, Mattel would not have pursued said
24 opportunity because of a perceived threat to Mattel's Barbie franchise.

25       (m)    Mattel's inequitable conduct through years of efforts to eliminate
26 competition to its lines of fashion dolls.

27       (n)    Mattel's inequitable conduct through specific acts of unfair
28 competition, as previously set forth in MGA's Responses and Supplemental

1  Responses to Mattel's First Set of Interrogatories Re: Claims of Unfair Competition
2  No. 5, 6, 8, 9 and 10.

3          (o)     The equitable doctrine of laches, in that Mattel intentionally
4  delayed in taking legal action against MGA or Carter Bryant for several years in the
5  belief that Mattel would be able to drive Bratz out of the marketplace through the
6  introduction of a copycat line of My Scene Barbie doll.  Mattel only took legal
7  action well after MGA had invested substantial amounts of capital and creative and
8  innovative human effort in the Bratz line of dolls and had experienced enormous
9  success in the marketplace, changing the fashion doll business forever.

10          (p)     The statute of limitations.

11          The persons who have knowledge of the facts and circumstances
12 supporting these contentions of inequitable conduct by Mattel have already been
13 provided in MGA's supplemental responses to Interrogatory No. 27, 28, and 31.

14          To the extent that Mattel's interrogatory could be interpreted to require
15 MGA to identify all documents that "REFER OR RELATE TO" substantially all
16 facets of MGA's business, these documents are too numerous to identify
17 individually without undue burden to MGA.  The following categories of documents
18 may be relevant to these facts: Mattel's Brand Directional Outlines; analyses and
19 assessments of Mattel's marketing strategies prepared and/or produced by Young
20 and Rubicam Brands; Mattel's Marketing Department assessments of Mattel's
21 advertising and branding strategies; Mattel's Creative Briefs; and publicly available
22 documents evidencing MGA's trademarks, patents, and copyrights.

23 **INTERROGATORY NO. 33:**

24          State all facts that support YOUR contention, if YOU so contend, that
25 MATTEL is not entitled to an award of punitive or exemplary damages against
26 YOU, and IDENTIFY all PERSONS with knowledge of such facts and all
27 DOCUMENTS that REFER OR RELATE TO such facts.

28

**RESPONSE TO INTERROGATORY NO. 33:**

1             MGA incorporates by reference its General Response and General
2 objections above, as though fully set forth herein and specifically incorporates
3 General Objection No. 7 (regarding Definitions), including but not limited to its
4 objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,
5 and further objects on the ground that the interrogatory is overbroad, unduly
6 burdensome, vague and ambiguous both generally and specifically with respect to
7 the terms YOUR, YOU, and MATTEL.  In particular, by way of example, the term
8 YOU as defined by Mattel could be read to require MGA to state all facts
9 supporting why Mattel is not entitled to an award of punitive damages against each
10 of the responding parties in this litigation, thereby rendering the interrogatory
11 impermissibly compound.  MGA also objects to this interrogatory to the extent it
12 seeks information that is not subject to disclosure under any applicable privilege,
13 doctrine or immunity, including without limitation the attorney-client privilege, the
14 work product doctrine, the right of privacy, and all other privileges recognized under
15 the constitutional, statutory or decisional law of the United States of America, the
16 State of California or any other applicable jurisdiction.  MGA further objects to the
17 interrogatory to the extent it calls for a legal conclusion.

18             MGA further objects on the ground that this interrogatory is an
19 overbroad and unduly burdensome contention interrogatory to the extent it asks for
20 "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
21 *Am. v. Rawstron,* 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
22 requests seeking "all facts, documents, and witnesses that support the denial of a
23 statement or allegation of fact" because the "universe of potentially responsive
24 information is almost endless").

25             MGA further objects to the extent that this interrogatory seeks
26 information that is outside MGA's knowledge and is not in MGA's possession,
27 custody, or control.  In particular, MGA objects to this interrogatory to the extent

1  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and all

2  DOCUMENTS" (emphasis added).

3          MGA also objects to this interrogatory on the grounds that Mattel - not

4  MGA - bears the burden of proof to show that it is entitled to an award of punitive

5  or exemplary damages.

6          MGA further objects to this interrogatory because Mattel has

7  propounded more than 50 interrogatories.   Under Judge Larson's order of

8  February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case

9  Nos. CV 04-04049-SGL and CV 05-02727]."

10          Subject to and without waiving the foregoing objections, MGA

11  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

12  interrogatory and the obligation of Mattel to supplement its responses to MGA's

13  First Set of Interrogatories.

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 33:**

15          MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including but not limited to its

18  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

19  and further objects on the ground that the interrogatory is overbroad, unduly

20  burdensome, vague and ambiguous both generally and specifically with respect to

21  the terms YOUR, YOU, and MATTEL. In particular, by way of example, the term

22  YOU as defined by Mattel could be read to require MGA to state all facts

23  supporting why Mattel is not entitled to an award of punitive damages against each

24  of the responding parties in this litigation, thereby rendering the interrogatory

25  impermissibly compound. MGA also objects to this interrogatory to the extent it

26  seeks information that is not subject to disclosure under any applicable privilege,

27  doctrine or immunity, including without limitation the attorney-client privilege, the

28  work product doctrine, the right of privacy, and all other privileges recognized under

1    the constitutional, statutory or decisional law of the United States of America, the
2    State of California or any other applicable jurisdiction.  MGA further objects to the
3    interrogatory to the extent it calls for a legal conclusion.

4           MGA further objects on the ground that this interrogatory is an
5    overbroad and unduly burdensome contention interrogatory to the extent it asks for
6    "all facts" which supports the denial of a statement or allegatio.  *See e.g., Safeco of*
7    *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
8    requests seeking "all facts, documents, and witnesses that support the denial of a
9    statement or allegation of fact" because the "universe of potentially responsive
10   information is almost endless").

11          MGA further objects to the extent that this interrogatory seeks
12   information that is outside MGA's knowledge and is not in MGA's possession,
13   custody, or control.  In particular, MGA objects to this interrogatory to the extent
14   that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*
15   DOCUMENTS" (emphasis added).

16          MGA also objects to this interrogatory on the grounds that Mattel - not
17   MGA - bears the burden of proof to show that it is entitled to an award of punitive
18   or exemplary damages.

19          Subject to and without waiving the foregoing objections, MGA
20   responds as follows:

21          Mattel is not entitled to an award of punitive or exemplary damages
22   against MGA because: (i) Mattel does not own any rights in the Bratz dolls; (ii)
23   MGA has not violated or infringed any rights of Mattel with respect to the Bratz
24   dolls; (iii) Mattel has not shown that MGA acted in bad faith; and (iv) Mattel has not
25   presented any evidence to support the requirements for such an award against MGA.
26   **INTERROGATORY NO. 34:**

27          State all facts that support YOUR contention, if YOU so contend, that
28   YOU did not intentionally interfere with the INVENTIONS AGREEMENT when

1  BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to
2  BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all
3  DOCUMENTS that REFER OR RELATE TO such facts.

4  **RESPONSE TO INTERROGATORY NO. 34:**

5  MGA incorporates by reference its General Response and General
6  Objections above, as though fully set forth herein and specifically incorporates
7  General Objection No. 7 (regarding Definitions), including but not limited to its
8  objections to the definitions of the terms INVENTIONS AGREEMENT,
9  IDENTIFY and REFER OR RELATE TO, and further objects on the ground that
10  the interrogatory is overbroad, unduly burdensome, vague and ambiguous both
11  generally and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,
12  TRANSFER and ACQUIRE. In particular, by way of example, the term YOU as
13  defined by Mattel could be read to require MGA to state all facts supporting why
14  each of the responding parties did not "intentionally interfere with the
15  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly
16  compound. MGA also objects to this interrogatory to the extent it seeks information
17  that is not subject to disclosure under any applicable privilege, doctrine or
18  immunity, including without limitation the attorney-client privilege, the work
19  product doctrine, the right of privacy, and all other privileges recognized under the
20  constitutional, statutory or decisional law of the United States of America, the State
21  of California or any other applicable jurisdiction. MGA further objects to the
22  interrogatory to the extent it calls for a legal conclusion.

23  MGA further objects on the ground that this interrogatory is an
24  overbroad and unduly burdensome contention interrogatory to the extent it asks for
25  "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
26  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
27  requests seeking "all facts, documents, and witnesses that support the denial of a
28

1  statement or allegation of fact" because the "universe of potentially responsive
2  information is almost endless").

3  　　　　MGA further objects to the extent that this interrogatory seeks
4  information that is outside MGA's knowledge and is not in MGA's possession,
5  custody, or control.  In particular, MGA objects to this interrogatory to the extent
6  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all*
7  DOCUMENTS" (emphasis added).

8  　　　　MGA further objects to this interrogatory because Mattel has
9  propounded more than 50 interrogatories.   Under Judge Larson's order of
10  February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case
11  Nos. CV 04-04049-SGL and CV 05-02727]."

12  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 34:**

13  　　　　MGA incorporates by reference its General Response and General
14  Objections above, as though fully set forth herein and specifically incorporates
15  General Objection No. 7 (regarding Definitions), including but not limited to its
16  objections to the definitions of the terms INVENTIONS AGREEMENT,
17  IDENTIFY and REFER OR RELATE TO, and further objects on the ground that
18  the interrogatory is overbroad, unduly burdensome, vague and ambiguous both
19  generally and specifically with respect to the terms YOUR, YOU, BRYANT, MGA,
20  TRANSFER and ACQUIRE.  In particular, by way of example, the term YOU as
21  defined by Mattel could be read to require MGA to state all facts supporting why
22  each of the responding parties did not "intentionally interfere with the
23  INVENTIONS AGREEMENT," thereby rendering the interrogatory impermissibly
24  compound. MGA also objects to this interrogatory to the extent it seeks information
25  that is not subject to disclosure under any applicable privilege, doctrine or
26  immunity, including without limitation the attorney-client privilege, the work
27  product doctrine, the right of privacy, and all other privileges recognized under the
28  constitutional, statutory or decisional law of the United States of America, the State

1 │ of California or any other applicable jurisdiction. MGA further objects to the
2 │ interrogatory to the extent it calls for a legal conclusion.

3 │       MGA further objects on the ground that this interrogatory is an
4 │ overbroad and unduly burdensome contention interrogatory to the extent it asks for
5 │ "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of*
6 │ *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery
7 │ requests seeking "all facts, documents, and witnesses that support the denial of a
8 │ statement or allegation of fact" because the "universe of potentially responsive
9 │ information is almost endless").

10 │       MGA further objects to the extent that this interrogatory seeks
11 │ information that is outside MGA's knowledge and is not in MGA's possession,
12 │ custody, or control. In particular, MGA objects to this interrogatory to the extent
13 │ that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSON ... and *all*
14 │ DOCUMENTS" (emphasis added).

15 │       Subject to and without waiving the foregoing objections, MGA
16 │ responds as follows:

17 │       MGA incorporates by reference its supplemental responses to
18 │ Interrogatory No. 33 as though fully set forth herein, and further responds that MGA
19 │ did not know, despite fair inquiry, that Carter Bryant had entered into the
20 │ "INVENTIONS AGREEMENT." MGA responds further that MGA did not
21 │ intentionally induce Bryant to breach any agreement (known or unknown) with
22 │ Mattel, but instead it was Bryant who, through an intermediary, approached MGA,
23 │ and pitched the Bratz concept to MGA. In addition, MGA does not believe that
24 │ Bryant has breached the "INVENTIONS AGREEMENT" or any other agreement
25 │ with Mattel, or breached any duties or obligations to Mattel.

26 │       The persons who have knowledge of the facts and circumstances
27 │ supporting this contention that MGA did not intentionally interfere with the
28 │ INVENTIONS AGREEMENT when Bryant transferred his rights in Bratz to MGA

1  have already been identified in the supplemental responses to Interrogatory Nos. 27,

2  28, and 31.

3         Documents responsive to this interrogatory are protected by the

4  attorney-client privileged or work product doctrine.  MGA previously offered to

5  stipulate to a limited waiver of these privileges and protections to permit inspection

6  of such documents, but Mattel refuse.  Subject to these objections, MGA responds

7  that the following documents may be relevant to these facts: all documents showing

8  Bryant's work on his "pitch" materials; documents evidencing Bryant's desire to be a

9  freelance artist; documents evidencing Bryant's interactions with MGA prior to the

10  execution of the October 4, 2000 agreement between Bryant and MGA; and the

11  October 4, 2000 agreement between Bryant and MGA.

12  **INTERROGATORY NO. 35:**

13         State all facts that support YOUR contention, if YOU so contend, that

14  YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by

15  BRYANT to MATTEL when BRYANT performed work or services with or for

16  MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS

17  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

18  such facts.

19  **RESPONSE TO INTERROGATORY NO. 35:**

20         MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection No. 7 (regarding Definitions), including but not limited to its

23  objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO,

24  and further objects on the ground that the interrogatory is overbroad, unduly

25  burdensome, vague and ambiguous both generally and specifically with respect to

26  the terms YOU, BRYANT, MGA and MATTEL.  In particular, by way of example,

27  the term YOU as defined by Mattel could be read to require MGA to state all facts

28  supporting why each of the responding parties "did not aid or abet any breach of

fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby rendering the interrogatory impermissibly compound. MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

MGA further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless").

MGA further objects to the extent that this interrogatory seeks information that is outside MGA's knowledge and is not in MGA's possession, custody, or control. In particular, MGA objects to this interrogatory to the extent that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all* DOCUMENTS" (emphasis added).

MGA further objects to this interrogatory because Mattel has propounded more than 50 interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 35:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates

General Objection No. 7 (regarding Definitions), including but not limited to its objections to the definitions of the terms IDENTIFY and REFER OR RELATE TO, and further objects on the ground that the interrogatory is overbroad, unduly burdensome, vague and ambiguous both generally and specifically with respect to the terms YOU, BRYANT, MGA and MATTEL. In particular, by way of example, the term YOU as defined by Mattel could be read to require MGA to state all facts supporting why each of the responding parties "did not aid or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL," thereby rendering the interrogatory impermissibly compound. MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the, State of California or any other applicable jurisdiction. MGA further objects to the interrogatory to the extent it calls for a legal conclusion.

MGA further objects on the ground that this interrogatory is an overbroad and unduly burdensome contention interrogatory to the extent it asks for "all facts" which supports the denial of a statement or allegation. *See e.g., Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery requests seeking "all facts, documents, and witnesses that support the denial of a statement or allegation of fact" because the "universe of potentially responsive information is almost endless").

MGA further objects to the extent that this interrogatory seeks information that is outside MGA's knowledge and is not in MGA's possession, custody, or control. In particular, MGA objects to this interrogatory to the extent that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS ... and *all* DOCUMENTS" (emphasis added).

1    Subject to and without waiving the foregoing objections, MGA

2  responds as follows:

3    MGA incorporates by reference its supplemental responses to

4  Interrogatory Nos. 34 and 38 as though fully set forth herein.  In addition, MGA

5  denies that Bryant was a fiduciary with respect to his efforts to become a freelance

6  artist.

7  **INTERROGATORY NO. 36:**

8    State all facts that support YOUR contention, if YOU so contend, that

9  YOU acted with an innocent state of mind or reasonably believed that MATTEL did

10  not own any rights in any BRATZ INVENTION when BRYANT purported to

11  TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY

12  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

13  RELATE TO such facts.

14  **RESPONSE TO INTERROGATORY NO. 36:**

15    MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including but not limited to its

18  objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR

19  RELATE TO, and further objects on the grounds that the interrogatory is overbroad,

20  unduly burdensome, vague and ambiguous both generally and specifically with

21  respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and

22  ACQUIRE.  In particular, by way of example, the term YOU as defined by Mattel

23  could be read to require MGA to state all facts supporting why each of the

24  responding parties "acted with an innocent state of mind," thereby rendering the

25  interrogatory impermissibly compound.  MGA also objects to this interrogatory to

26  the extent it seeks information that is not subject to disclosure under any applicable

27  privilege, doctrine or immunity, including without limitation the attorney-client

28  privilege, the work product doctrine, the right of privacy, and all other privileges

1 recognized under the constitutional, statutory or decisional law of the United States
2 of America, the State of California or any other applicable jurisdiction.

3 Subject to and without waiving the foregoing objections, MGA
4 responds as follows: MGA is willing to meet and confer with Mattel regarding this
5 interrogatory and the obligation of Mattel to supplement its responses to MGA's
6 First Set of Interrogatories.

7 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 36:**

8 MGA incorporates by reference its General Response and General
9 Objections above, as though fully set forth herein and specifically incorporates
10 General Objection No. 7 (regarding Definitions), including but not limited to its
11 objections to the definitions of BRATZ INVENTION, IDENTIFY and REFER OR
12 RELATE TO, and further objects on the grounds that the interrogatory is overbroad,
13 unduly burdensome, vague and ambiguous both generally and specifically with
14 respect to the terms YOU, BRYANT, MGA, TRANSFER, MATTEL and
15 ACQUIRE. In particular, by way of example, the term YOU as defined by Mattel
16 could be read to require MGA to state all facts supporting why each of the
17 responding parties "acted with an innocent state of mind," thereby rendering the
18 interrogatory impermissibly compound. MGA also objects to this interrogatory to
19 the extent it seeks information that is not subject to disclosure under any applicable
20 privilege, doctrine or immunity, including without limitation the attorney-client
21 privilege, the work product doctrine, the right of privacy, and all other privileges
22 recognized under the constitutional, statutory or decisional law of the United States
23 of America, the State of California or any other applicable jurisdiction.

24 Subject to and, without waiving the foregoing objections, MGA
25 responds as follows:

26 Mattel cannot show that MGA acted in bad faith when Bryant
27 transferred and MGA acquired all rights to the Bratz concept on October 4, 2000,
28 because of the following facts of which MGA was aware in the September to