KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                              Plaintiff,<br><br>          v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>                              Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**CARTER BRYANT'S OPPOSITION TO MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND OBJECTIONS TO DISCOVERY MASTER ORDER OF SEPTEMBER 28, 2007**<br><br>Date:       January 7, 2008<br>Time:      10:00AM<br>Dept:      Courtroom 1<br>Judge:    Hon. Stephen G. Larson<br><br>Date Comp. Filed:  April 13, 2005<br><br>Discovery Cut-Off: Jan. 28, 2008<br>Pre-Trial Conference:  May 5, 2008<br>Trial Date: May 27, 2008 |

408085.01

CARTER BRYANT'S OPPOSITION TO MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY AND OBJECTIONS TO DISCOVERY MASTER ORDER OF SEPTEMBER 28, 2007
CASE NO. CV 04-09049 SGL (RNBx)

# I.   INTRODUCTION

This is now the *third* time that Mattel has brought a motion seeking additional time to depose Carter Bryant.  Such redundancy would be objectionable in any case.  It is particularly so here, because Mattel *won* the motion the first two times, and is nonetheless back before the Court in the guise of Oliver Twist, asking if it can once again "have some more."  Enough is enough.

Accordingly, Bryant respectfully requests that this Court deny Mattel's Motion for Leave to Take Additional Discovery.  Bryant joins in MGA's opposition to Mattel's motion, but writes separately to address Mattel's Objections to the Discovery Master's Order and request for additional deposition time with Carter Bryant.

# II.   FACTUAL BACKGROUND

In 2004, Mattel made the tactical decision to depose Carter Bryant at the outset of the case, when the parties had barely begun document discovery.  That is a tactical choice every litigant faces, as regards every witness:  take his deposition early, before he knows the evidence and testimony from other sources, or take it towards the end of discovery, when the record is fuller but the witness is better prepared?  Mattel chose to take Mr. Bryant "right out of the box," and deposed Mr. Bryant for three full days.

Nearly three years later, Mattel sought—and received—a small second bite of the apple.  In February of this year, it moved to compel a further deposition of Mr. Bryant based on a number of instructions not to answer based on privilege grounds ("Mattel's February Motion").  Page Decl. Exh. 1.  Judge Infante, on March 7, granted that motion, overruling some of counsel's instructions and ordering Mr. Bryant to sit for an additional two hours to answer those specific questions.  But instead of scheduling that deposition, Mattel went back to Judge Infante seeking more.  Having gotten two hours of nose under the tent, Mattel reargued the same motion in an attempt to push through an incredible *twenty-one*

1

1    *hours* worth of camel. ("Mattel's August Motion").  Page Decl. Exh. 2.

2         In that second iteration of this motion, Mattel attempted to dress up and

3    revive the February Motion in the hyperbolic clothing of "recently produced" or

4    "improperly withheld" documents.  *Id.* at 1, 4.  Those claims, however, did not

5    survive scrutiny.  Judge Infante reviewed the record,[1] held argument, and found

6    Mattel's demand for 21 additional hours "excessive."  Order, Proctor Decl. Exh.

7    43, at 8.

8         Specifically, Judge Infante found that, although a number of new claims had

9    been added to this case since Mr. Bryant had been deposed, "there is a significant

10   factual overlap between the factual bases for Mattel's claims against Bryant and

11   the newly added claims and Bryant has already been deposed for seventeen hours."

12   *Id.*  Moreover, even if those new claims were an entirely new and unrelated

13   lawsuit, Mattel's demands exceeded Rule 30(d)(2)'s limits "by a factor of three."

14   *Id.*

15        As regards Mattel's claim to be entitled to additional time based on

16   documents produced since Mr. Bryant's deposition, Judge Infante correctly

17   recognized that "Mattel made the tactical decision to depose Bryant very early in

18   the case, when the parties had barely begun document discovery."  Accordingly,

19   "the circumstances Mattel now faces are partially due to its tactical choices."  *Id.*

20   Accordingly, Judge Infante ordered an additional seven hours of deposition time,

21   instead of the twenty-one hours Mattel sought.

22        Before digesting its *second* bite of the apple, however, Mattel is now before

23   this Court for a *third*.  Rather than schedule Mr. Bryant's deposition, Mattel now

24   brings the same motion anew, asking this Court to ignore Judge Infante's ruling

25   and order.  Although captioned as an "objection" to Judge Infante's Order, it is

26   nothing of the sort.  It is nothing more than yet another "do over."

27

28   ---

[1] For the Court's convenience, we attached Bryant's brief on the merits hereto, rather than repeat those arguments.  Page Decl. Exh. 3.

CARTER BRYANT'S OPPOSITION TO MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL
DISCOVERY AND OBJECTIONS TO DISCOVERY MASTER ORDER OF SEPTEMBER 28, 2007
CASE NO. CV 04-09049 SGL (RNBx)

# III.   ARGUMENT

In appointing Judge Infante as the Discovery Master for these proceedings, the Court made clear "The Discovery Master's orders resolving discovery disputes . . . shall be treated as rulings made by a Magistrate Judge of the United States District Court." December 6, 2007 Stipulation and Order.  The standard for objections to a Magistrate's ruling—mentioned nowhere in Mattel's brief—is set forth in Fed. R. Civ. P. 72(a):  "clearly erroneous or contrary to law." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007).  Moreover, when reviewing discovery disputes, "'the Magistrate is afforded broad discretion, which will be overruled only if abused." *Id.* at 446 *citing Wright v. FBI*, 385 F.Supp.2d 1038, 1041 (C.D. Cal. 2005); *Geophysical Sys. Corp v. Raytheon Co., Inc.* 117 F.R.D. 646, 647 (C.D. Cal. 1987).

But Mattel makes no effort to meet that standard.  To the contrary, Mattel affirmatively *agrees* with Judge Infante on the facts:  rather than identify any clear error of fact, Mattel "*does not contest the Discovery Master's factual findings in any way.  To the contrary, the underlying factual findings were clearly correct.*" Motion at 20 (emphasis added).[2]

Nor does Mattel make any effort to identify any error of law by Judge Infante.  The decision whether to expand Rule 30(d)(2)'s limits, and by how much, was clearly within Judge Infante's discretion, and Mattel fails to explain how that exercise of discretion was "contrary to law," as Rule 72(a) requires.  Instead, Mattel's entire assignment of legal error consists of the naked assertion that Judge Infante's ruling is "clearly erroneous" and the lament that "this is unfair." *See generally Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1415 (9th Cir. 1991) (rejecting plaintiff's argument that discovery sanctions imposed by magistrate was

---

[2] The clearly erroneous standard is "significantly deferential" to magistrate judge's findings of fact, which should only be overturned if the district court has "'a definite and firm conviction that a mistake has been committed.'" *W.E. Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003) *citing Concrete Pipe & Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

3

408085.01

1    excessive).

2          Nonsense.  What is "unfair" is being able to depose key witnesses at the

3    outset of a case, and then again at the close of discovery.  What is also "unfair" is

4    dragging Mr. Bryant into court three times in a row on the same motion, each time

5    seeking more and more until a Court finally puts a stop to it.[3]

6          Mattel made its choice to depose Mr. Bryant early in this case.  It has now

7    been granted an additional nine hours of deposition, on top of the three days it has

8    already had.  The judge's order did not limit the topics that Mattel could cover

9    during those nine additional hours.  Mattel can identify no error of either fact or

10   law in Judge Infante's ruling, and instead simply asks this Court for a second

11   opinion, hoping to get still more.

### IV.   CONCLUSION

12

13         This Court should reject that request out of hand, and deny Mattel's motion.

14

15   Dated:  December 24, 2007                    KEKER & VAN NEST, LLP

16

17

18                                               By:   /s/ Matthew W. Werdegar
                                                      MATTHEW WEREDEGAR
19                                                    Attorneys for Plaintiff
                                                      CARTER BRYANT

20

21

22

23

24

25

26

27   _____
     [3] And what is also unfair is Mattel's apparent view that, while it is free to ask this Court for more
     time than Judge Infante allowed, the first seven hours are set in stone.  We submit that, should
28   the Court decide to re-decide Mattel's August Motion, it should feel free to depart downward
     from seven hours, not upward.

408085.01