# EXHIBIT F

**quinn emanuel** trial lawyers | los angeles
865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100



DEC 0 5 2007

November 30, 2007

**VIA FACSIMILE AND U.S. MAIL**

Alexander H. Cote
Overland Borenstein Scheper & Kim, LLP
300 South Grand Avenue, Suite 2750
Los Angeles, California 90071

Re:   Mattel v. Bryant, Case No. CV 04-9049 SGL (RNBx)

Dear Mr. Cote:

I write pursuant to paragraph 5 of the Discovery Master Stipulation to request a meeting of counsel regarding the deficiencies in Carlos Gustavo Machado Gomez's ("Machado") Objections to Mattel, Inc.'s First Set of Requests for Documents and Things dated October 15, 2007. The deficiencies are specified below.

I.    **Improper General Objections**

**General Objection No. 3:**

Machado's invocation of the Fifth Amendment privilege to be free from self-incrimination is misplaced. The Fifth Amendment does not shield Machado from producing documents created voluntarily by him. See United States v. Doe, 465 U.S. 605, 610 (1984); In re Grand Jury Proceedings, 759 F.2d 1418, 1419 (9th Cir. 1983) ("[T]he Supreme Court has now made clear that regardless of the precise characterization of the disputed papers, the contents of such documents are not privileged under the fifth amendment in the absence of some showing that creation of the documents was the product of compulsion."). Further, corporate records, such as those sought by Mattel requests here, "are not private and therefore are not protected by the Fifth Amendment." Braswell v. United States, 487 U.S. 99, 109 (1988). Nor has Machado demonstrated that the mere act of producing the requested documents poses a realistic threat of incriminating him. See, e.g., Jain v. Jain, 152 F.3d 930 (9th Cir. 1998). Therefore, Machado's

**quinn emanuel urquhart oliver & hedges, llp**
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2258000.2

Fifth Amendment contentions do not excuse him from complying with his discovery obligations in this litigation.

### General Objection No. 4:

Machado's objection that Mattel's Requests seek documents that are in MGA's possession or control and, therefore, Machado will only produce documents in "his exclusive possession or control" is an improper limitation. <u>Federal Rule of Civil Procedure</u> 34 expressly requires the production of documents that are in the "possession, custody or control of the party upon whom the requests is served." Please be prepared to discuss the manner in which Machado has limited his search for and production of responsive documents based on this limitation.

### General Objection Nos. 9 and 13:

Machado's objection to Mattel's definition of "RELATING OR REFERRING TO" on the grounds that it is subjective, vague, and subject to varying interpretations has no merit. Similarly, Machado objects to Mattel's definition of "REFERS" and "RELATES" for the same reasons. Please be prepared to identify and discuss any Requests where Machado has limited his search for or production of responsive documents based on these general objections.

### General Objection No. 12:

Machado's objection that Mattel's Requests seek documents protected by a right of privacy is also meritless. The Court has entered a Protective Order in this action. Given this, one would be hard pressed to hypothesize a set of facts that would infringe upon Machado's privacy interests. Indeed, as the Discovery Master previously ruled with respect to personnel files for example, the Protective Order in place in this case is sufficient to alleviate any privacy concerns. <u>See</u> Order Dated May 15, 2007 at 11, n.4.

II.    <u>Requests To Which Machado Has Improperly Limited His Response (Request Nos. 1-55, 58-66, 69-79, 81 and 83-85)</u>

In agreeing to produce documents, Machado states that he "will produce any relevant, responsive and non-privileged documents in his exclusive possession or control, that have not already been turned over to Mattel, its agents or its attorneys . . . ." There are a number of problems with this boilerplate response.

First, Machado's limitation to "relevant" documents is wholly inadequate and fails to satisfy even the minimum requirements of <u>Federal Rule of Civil Procedure</u> 34(b), which provides that the written response to an inspection demand shall "[s]tate, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. <u>If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.</u>" (emphasis added). As written, Machado's responses permit him to withhold entire categories of responsive documents he unilaterally deems to be not "relevant" without providing Mattel the

slightest hint as to what those documents might be. For all Mattel knows, Machado deems all documents responsive to particular requests to be not "relevant" and has no intention of producing anything. Even if Machado intends to produce some responsive documents, these responses are inconsistent with discoverability standards and thwart Mattel's ability to evaluate the propriety of Machado's decision to withhold other, undisclosed responsive documents.

The Discovery Master has already found MGA's virtually identical limitation to be improper for these very reasons:

> As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to "relevant and responsive non-objectionable documents" or documents "sufficient" to show when events relating to Bratz occurred. These restrictions suggest that MGA might be excluding documents that are responsive to the request based upon its unilateral determination of what is "relevant" or "sufficient." [MGA] shall provide the responses to document requests ordered herein without these restrictions.[1]

Therefore, consistent, with the Discovery Master's Order, Machado should withdraw this limitation and produce all responsive, non-privileged documents.

Second, Rule 34 expressly requires the production of documents that are in the "possession, custody or control of the party upon whom the request is served." Machado's unilateral limitation to produce only documents in his "exclusive possession," therefore, contravenes the express language of Rule 34. Mattel requests that Machado comply with Rule 34 by producing all requested documents in his "possession, custody or control."

Finally, Machado's limitation that he will produce documents to the extent they have not already been turned over to Mattel is equally improper. The fact that MGA may have produced certain documents to Mattel that correlate with the documents sought by these Requests does not relieve Machado of his discovery obligation under the Federal Rules of Civil Procedure to produce the requested documents.

### III. Requests To Which Machado Has Refused To Produce Any Responsive Documents (Request Nos. 56, 57, 67, 68, 80 and 82)

With respect to Request Nos. 56, 57, 67, 68, 80 and 82, Machado objects on grounds that the requested documents may be protected by the attorney-client privilege or work product doctrine. Machado's claims of attorney-client privilege and work product doctrine have no basis or are

---

[1] Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA dated May 15, 2007 at 8.

premature because Mattel is not asking for the production of any documents that are legitimately privileged. Rather, if Machado has a good faith basis for asserting that these protections apply, then all protected documents should be listed in Machado's privilege log. Further, Machado's claim of Fifth Amendment protection is misplaced for the reasons stated in Section I, *supra*. The additional deficiencies in Machado's objections are detailed below.

**Request Nos. 39 and 40:**

These Requests seek Machado's phone records from January 1, 2002 through the present and documents that show Machado's telephone providers in Mexico and the United States. Machado objects on the ground that the Requests are "overly broad, burdensome and/or harassing." Mattel's Request Nos. 39 and 40 are narrowly tailored. As for Machado's objection to Request No. 40 that it is oppressive because the Request is not limited to a specified time frame, Mattel limits Request No. 40 to January 1, 2002 to present. Machado's additional objections regarding privilege and the Fifth Amendment are meritless for the reasons already discussed. Accordingly, these documents should be produced.

**Request No. 56:**

This Request seeks documents regarding efforts to destroy or disable the ability to access any Mattel computer or electronic storage device. Mattel is uncertain as to what Machado means by his statement that "the Request as worded . . . requires Machado to assume a factual predicate . . . .which is incorrect or untrue." Please clarify what factual predicate Machado is referencing. Machado also objects on the ground that this Request seeks documents that are already in the possession of Mattel. Machado's "go fish" response is contrary to his discovery obligations in this matter and indeed is frivolous, and the requested documents should be produced.

**Request No. 57:**

This Request seeks all Mattel-authored documents referenced or used by Machado or other MGA employees, including Trueba and Vargas. Here, too, Machado objects on the ground that the Request seeks documents that are already in the possession of Mattel. The response is groundless and does not excuse Machado from producing the documents. With respect to Machado's assertion that the phrase "Mattel authored" is vague and ambiguous, this phrase means documents generated or produced by Mattel, its employees, vendors, agents, or anyone acting on Mattel's behalf. If Machado believes this clarification is insufficient, please let us know and we will be happy to further clarify the phrase "Mattel authored." Machado's assertion that it need not produce documents which are equally available to Mattel through its discovery requests to MGA is mistaken. The fact that MGA may have produced or have possession of certain documents that correlate with the documents sought by these Requests does not relieve Machado of his obligation to produce the requested documents that are in his possession, custody or control. See Fed. R. Civ. Proc. 34. Finally, Mattel is uncertain as to what Machado means by asserting that "the Request as worded ... requires Machado to assume a factual predicate ... which is incorrect or untrue." Please clarify what factual predicate Machado is referencing.

**Request Nos. 67 and 68:**

Request No. 67 seeks documents showing email addresses created, used, accessed or monitored by Machado. Request No. 68 seeks documents related to travel by Machado to Los Angeles, California between January 1, 2004 and April 20, 2004. Machado purports to object to these requests on grounds of attorney-client privilege and/or work product doctrine, Fifth Amendment, the documents are already in Mattel's possession, and the Requests are overbroad and unduly burdensome. These objections are without merit for reasons discussed above. Moreover, the time period involved is not oppressive. Because the wrongdoing set forth in Mattel's counterclaims may have occurred at anytime over this period, the specified time limitation in Request No. 67 is both reasonable and necessary. Further, as to Request No. 68, please clarify the factual predicate that Machado asserts in incorrect or untrue.

**Request No. 80:**

This Request seeks documents regarding communications pertaining to the retention or destruction of documents or digital information between January 1, 2003 and the present. This Request seeks information that is relevant to numerous issues in this lawsuit, including the conception, creation and design of Bratz and the timing thereof. Machado's statement that the Request is nonsensical is, therefore, itself puzzling. If there is something you do not understand about the Request, please let us know what it is and we will be happy to clarify it. Notably, MGA has conceded that it must produce, or MGA has been ordered to produce, all responsive, non-privileged documents in response to almost identical requests propounded by Mattel upon MGA.[2] Machado's additional objections are meritless for the same reasons already discussed.

**Request No. 82:**

This Request seeks documents relating to facts underlying Mattel's counterclaims. Machado has no plausible grounds for refusing to produce these documents. Indeed, the Discovery Master has already held that a request almost identical to Request No. 82 was proper. See Request No. 166 to Mattel's First Set of Requests for Production of Documents and Things Re Claims for Unfair Competition to MGA Entertainment, Inc. and the Discovery Master's Order dated August 13, 2007 regarding the same at 11-12. Mattel's Request No. 82 also does not call for a legal conclusion, which in any event is not a proper objection to document requests. The remainder of Machado' objections are meritless for the same reasons already discussed.

---

[2] See Mattel's First Set of Request for Production of Documents and Things re claims for Unfair Competition to MGA, Request No. 77; MGA's Supplemental Response to Request For Production No. 163 to Mattel's First Set of Requests for Production of Documents and Things Re Unfair Competition; Discovery Master's Order dated August 13, 2007 at 12.

Please let me know when Machado's counsel is available to meet and confer on these issues within the time required. I look forward to hearing from you.

Very truly yours,

*Jon D. Corey*

Jon D. Corey