KEKER & VAN NEST, LLP
JOHN W. KEKER - #49092
jkeker@kvn.com
MICHAEL H. PAGE - #154913
mpage@kvn.com
CHRISTA M. ANDERSON - #184325
canderson@kvn.com
MATTHEW M. WERDEGAR - #200470
mwerdegar@kvn.com
JOHN E. TRINIDAD - #250468
jtrinidad@kvn.com
AUDREY WALTON-HADLOCK- #250574
awaltonhadlock@kvn.com
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff
CARTER BRYANT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC. a Delaware Corporation,<br><br>Defendant.<br><br>CONSOLIDATED WITH MATTEL, INC., v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No. CV 04-09049 SGL (RNBx) (consolidated with CV 04-9059 & 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard by Discovery Master Hon. Edward Infante (Ret.)]<br><br>**CARTER BRYANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH MATTEL'S DEPOSITION SUBPOENA TO LITTLER MENDELSON, P.C.**<br><br>Date:      January 3, 2007<br>Time:      1:30 p.m.<br>Judge:     Hon. Stephen G. Larson<br>Date Comp. Filed: April 13, 2005<br>Discovery Cut-Off: Jan. 28, 2008<br>Trial Date: May 27, 2008 |

CARTER BRYANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH MATTEL'S DEPOSITION SUBPOENA TO LITTLER MENDELSON, P.C.
CASE NO. CV 04-09049 SGL (RNBx)

408420.01

Bryant will not try the Court's patience by repeating all the reasons Mattel is not entitled to depose his former counsel in this litigation, Littler Mendelson, P.C. ("Littler"). Bryant's opposition to Mattel's motion to compel Littler's deposition and Bryant's own motion to quash amply show that the *Shelton* test applies here, and that Mattel cannot satisfy its affirmative burden of proof under that test. Bryant asks only that the Court consider the following additional points.

*First*, Mattel offers no evidence or explanation to support its claim that it must depose Littler to know whether the 2004 forensic images of Bryant's computers—which Mattel admits it has in its possession—are complete and authentic. Mattel also admits that Bryant has made the original drives available to Mattel for inspection. That inspection, and the images Mattel itself has taken, should allow Mattel to confirm that the 2004 images match the drives, and to explain precisely any alleged discrepancies requiring further inquiry. Mattel has offered no such explanation, let alone evidence, and should not be permitted to depose Bryant's counsel based on its vague suspicions.

*Second*, the presence of Evidence Eliminator on Bryant's computers does not justify deposing Littler. Despite all of its heated accusations on this subject (addressed in more detail in Bryant's opposition to Mattel's motion to compel), Mattel does not offer any actual evidence or explanation linking Littler to the program. Indeed, as already explained to the Court (and Mattel) in August 2007, the program was installed on Bryant's desktop in July 2002, long before this lawsuit began and Littler began working with Mr. Bryant. *See* August 15, 2007 Declaration of Christa M. Anderson In Opposition to Mattel's Motion for Additional Time/To Re-Open Deposition of Carter Bryant, Exh. 9 (Evidence Eliminator install log). Also, Mattel conspicuously fails to mention that it has at least another nine hours to depose Mr. Bryant, in which it can investigate this topic further if it sees fit. Mattel has both failed to exhaust less intrusive means of discovery and failed to show any concrete link to Littler, and cannot satisfy the

1

CARTER BRYANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH MATTEL'S DEPOSITION SUBPOENA TO LITTLER MENDELSON, P.C.
CASE NO. CV 04-09049 SGL (RNBx)

408420.01

*Shelton* test.

*Finally*, as discussed in more detail in Bryant's opposition to Mattel's motion to compel Littler's deposition, Mattel seeks to mislead the Court about the significance of expert Erich Speckin's testing of Bryant's original drawings, by repeating (without any supporting evidence) claims of spoliation that the Court has already rejected. Judge Larson has already ruled that the so-called "destructive" testing Mr. Speckin conducted on Bryant's original drawings—as explained in Mr. Speckin's own declaration—did not affect the drawings' evidentiary value or integrity, and thus was not spoliation. *See* Zeller Decl. Exs. 31, 35. Thus, Mattel's disingenuous assertions that the drawings were "damaged" (Mattel Opp. at 13) do not support Mattel's claimed need to depose Littler.

For all these reasons and the reasons stated in Bryant's opposition to Mattel's motion to compel, and as revealed in Mattel's own briefing, Mattel cannot carry its burden of proving each element of the *Shelton* test. Thus, Mattel is not entitled to depose Littler. Bryant respectfully requests that the Court QUASH Mattel's deposition subpoena to Littler in its entirety, and ORDER Mattel to refrain from further harassing discovery attempts directed at Bryant's litigation counsel.

Dated: December 24, 2007

Respectfully submitted,

KEKER & VAN NEST, LLP

By: /s/ Michael Page /mmw
MICHAEL H. PAGE
Attorneys for Plaintiff
CARTER BRYANT

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On December 24, 2007, I served the following document(s):

**CARTER BRYANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO QUASH MATTEL'S DEPOSITION SUBPOENA TO LITTLER MENDELSON, P.C.**

by **FEDERAL EXPRESS**, by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for correspondence for delivery by FedEx Corporation. According to that practice, items are retrieved daily by a FedEx Corporation employee for overnight delivery;

by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Hon. Edward A. Infante
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Tel:   415/774-2649
Fax:   415/982-5287
Email: schan@jamsadr.com

John B. Quinn
Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel:   213/443-3000
Fax:   213/443-3100
Email: johnquinn@quinnemanuel.com
Email: michaelzeller@quinnemanuel.com

Thomas J. Nolan
Skadden Arps Slate Meagher & Flom
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel:   213/687-5000
Fax:   213/687-5600
Email: tnolan@skadden.com

Executed on December 24, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Maureen L. Stone*
Maureen L. Stone