THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600
E-mail:      tnolan@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
Telephone:   (212) 735-3000
Facsimile:   (212) 735-2000
E-mail:      kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC.,
ISAAC LARIAN, MGA
ENTERTAINMENT (HK) LIMITED,
and MGAE de MEXICO S.R.L. de
C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>_____<br><br>Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**MGA DEFENDANTS' RESPONSE TO MATTEL, INC.'S MOTION FOR AN ORDER CONFIRMING THAT THE DISCOVERY MASTER HEARS AND RESOLVES ALL DISCOVERY DISPUTES**<br><br>Date:  January 7, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 1<br>Judge:  Hon. Stephen G. Larson |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................... ii

I.    INTRODUCTION ....................................................................1

II.   BACKGROUND .....................................................................1

III.  MATTEL'S ABUSIVE THIRD PARTY DISCOVERY PRACTICES
      MUST BE STOPPED. ...............................................................3

IV.   CONCLUSION........................................................................5

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Statutes</u>                                                                                                    <u>Page(s)</u>

3

4

Fed. R. Civ. Proc. 45(c)(1) ........................................................................................5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA DEFENDANTS' RESPONSE TO MATTEL'S MOTION RE SCOPE OF DISCOVERY MASTER ORDER

## I.   **INTRODUCTION**

Present counsel for counter-defendants MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA Defendants") did not participate in the negotiation and preparation of the Stipulation and Order Appointing Discovery Master.  Thus, they can take no position as to the intent of prior counsel in entering into that Stipulation. The MGA Defendants note that various third parties have objected to the suggestion that they are bound by the Stipulation and that the Discovery Master has the authority to adjudicate disputes between them and Mattel.  The MGA Defendants also are mindful that during a recent telephone conference, the Discovery Master stated that he has jurisdiction to hear and decide such disputes.

While the MGA Defendants take no position as to who should decide discovery disputes between Mattel and non-parties in this case, the MGA Defendants submit that with less than 40 days left to the close of Phase I fact discovery, efficiency should be of paramount concern.  Thus, the MGA Defendants support any ruling on this motion that will most efficiently permit a judicial officer to put an end to Mattel's abusive discovery practices and allow for the expeditious completion of Phase I fact discovery.

## II.   **BACKGROUND**

Despite the Court's repeatedly stated expectation that the parties should be winding down discovery, Mattel has spent the last two months ramping up its non-party discovery.  In the last two months, Mattel has subpoenaed at least five entities (including banks, tax advisors and auditors) that provide financial services to MGA and Mr. Larian, as well as two trusts established by Mr. Larian, seeking vast amounts of largely irrelevant financial and other information relating to MGA, all of its current and former employees, Mr. Larian, and all of his relatives.  At around the same time, Mattel also issued subpoenas to a number of MGA and Mr. Larian's

1  current or former attorneys, as well as non-parties that have done business with

2  MGA.  (Park Decl., ¶ 8 & Ex. 8.)

3      On October 25, 2007, Mattel issued identical subpoenas to MGA's auditors,

4  Ernst & Young and Deloitte & Touche.  (Park Decl., Exs. 1, 2.)  The subpoenas

5  demanded all documents related to MGA audits, including all "accounting records,

6  audit programs, audit reports and drafts thereof, tax returns, work papers, worksheets,

7  payroll records, financial projections, pro formas and budgets."  (*Id*. at Request 1.)

8      On October 25, 2007, Mattel subpoenaed Wachovia, one of MGA's lenders.

9  (Park Decl., Ex. 3.)  The subpoena sought all documents related to any loan agreement

10  with MGA, including "accounting records, tax returns, pro formas, expense records,

11  financial projections, budgets or business plans."  (*Id*. at Requests 1-5.)

12      On November 20, 2007, Mattel subpoenaed MGA's bank Wells Fargo,

13  broadly requesting all documents related to MGA during a nine-year period from

14  1999 to the present.  (Park Decl., Ex. 4 at Request 1.)  Mattel also requested all

15  documents from the same nine-year period related in any way to any MGA account

16  with Wells Fargo, including "statements, monthly statements, annual statements,

17  daily transaction history reports, monthly transaction history reports, deposit reports,

18  deposit slips, canceled checks, [and] signature cards."  (*Id*. at Requests 2-5.)

19      On November 26, 2007, Mattel subpoenaed Isaac Larian's tax accounting firm,

20  Moss Adams, for all documents related to MGA, Isaac or Farhad Larian, any of their

21  relatives, and two trusts established by Isaac Larian—the Isaac Larian Annuity Trust

22  and the Isaac and Angela Larian Trust (collectively, the "Larian Trusts")—during a

23  nine-year period from 1999 to the present.  (Park Decl., Ex. 5 at Requests 1-5, 12.)

24  The documents requested by Mattel included "accounting records, tax returns and

25  schedules (including without limitation Form 1040, Form 1099, Form 1120,

26  Schedule E and Schedule K-1) and drafts thereof, W-2s, work papers, worksheets,

27  payroll records, financial statements (audited and unaudited), pro formas, budgets,

28  account information and account statements."  (*Id*. at Requests 1-5.)

On December 14, 2007, Mattel issued identical subpoenas to the Larian Trusts. (Park Decl., Exs. 6, 7.)  The subpoenas demanded a host of documents covering virtually every aspect of the Larian Trusts, including: all of their actual and draft formation documents (*id.* at Request 1); all documents relating in any way to the Larian Trusts' tax liabilities, including all actual and draft tax returns and schedules from 1999 to the present (*id.* at Requests 2-3); and documents showing all trustees, beneficiaries, disbursements made, assets owned, or liabilities owed since 1999 (*id.* at Requests 4-8).

In September and October, 2007, Mattel also served subpoenas on a number of MGA's and Isaac Larian's current or former attorneys and law firms, including Kaye Scholer, David Rosenbaum, Lucy Arant and Russ, August & Kabat. (Park Decl., Ex. 8.)  Mattel also served non-parties that have done business with MGA but are not involved in this litigation, including ConsumerQuest, a market research firm.  (*Id.*)

Mattel's improper non-party discovery tactics have become so severe that the MGA Defendants recently filed a motion with the Discovery Master seeking to reign in Mattel's abusive practices.

## III.   MATTEL'S ABUSIVE THIRD PARTY DISCOVERY PRACTICES MUST BE STOPPED.

In its motion, Mattel contends that its discovery disputes with non-parties regarding Mattel's subpoenas are part of "defendants' efforts to stymie Mattel's discovery efforts." (Mot. at 10.)  The MGA Defendants, however, are not to blame. Rather, the culprit is Mattel, which has used non-party discovery as a means to harass and intimidate non-parties and party-opponents, and not really for the purpose of gathering relevant, non-duplicative information.  Whichever judicial officer this Court determines should decide disputes between Mattel and third parties, one thing is abundantly clear – Mattel's abusive discovery practices must be stopped.

Mattel's subpoenas literally demand all of MGA and Mr. Larian's financial records for the past nine years.  (*See, e.g.*, Park Decl., Ex. 4 (Wells Fargo Subpoena)

1  at Request 1 ("[a]ll DOCUMENTS REFERRING OR RELATING TO MGA from

2  January 1, 1999 to the present, inclusive.") and Requests 2-3 (all of MGA's

3  "statements, monthly statements, annual statements, daily transaction history reports,

4  monthly transaction history reports, deposit reports, deposit slips, canceled checks,

5  [and] signature cards."); Ex. 5 (Moss Adams Subpoena) at Requests 1, 2 (demanding

6  "[a]ll DOCUMENTS RELATING TO MGA [and] ISAAC LARIAN, including

7  without limitation accounting records, tax returns and schedules … and drafts thereof,

8  W-2s, work papers, worksheets, payroll records, financial statements (audited and

9  unaudited), pro formas, budgets, account information and account statements.").)

10          Mattel's subpoenas do not stop at MGA and Mr. Larian, but demand that the

11  non-parties produce financial records for many other non-parties, including the

12  Larian Trusts and Farhad Larian, who have absolutely no involvement in this case.

13  (*See, e.g.,* Park Decl., Ex. 5 (Moss Adams Subpoena) at Requests 3-5, 12; Exs. 6, 7

14  (Larian Trusts Subpoenas) at Requests 1-8.)  The Larian Trusts and Farhad Larian

15  are not parties to this litigation and are not alleged to have participated in any of the

16  wrongful acts charged by Mattel.

17          Mattel has also demanded that the non-parties produce financial records for

18  numerous other non-parties by using overly broad definitions of "MGA" and

19  "ISAAC LARIAN" that include all of their current or former employees, attorneys,

20  agents, or representatives, as well as all of Mr. Larian's relatives, whether by blood

21  or marriage.  (*See, e.g.,* Park Decl., Ex. 4 (Wells Fargo Subpoena) at 1; Ex. 5 (Moss

22  Adams Subpoena) at 1.)  Thus, for example, when Mattel demands that Wells Fargo

23  and Moss Adams produce every financial record relating to MGA and Mr. Larian

24  since 1999, Mattel is in fact requesting the production of all financial records over

25  that nine-year period for every person who has ever done any work for MGA or Mr.

26  Larian, every person who has ever represented MGA or Mr. Larian, Mr. Larian's

27  wife and children, and every other conceivable relative of Mr. Larian.

28

1    Mattel is obligated to take reasonable steps to tailor its subpoenas to exclude

2  matter that is irrelevant or duplicative of other discovery and to avoid unduly

3  burdening non-parties.  *See* Fed.R.Civ.P. 45(c)(1) ("A party or attorney responsible

4  for issuing and serving a subpoena must take reasonable steps to avoid imposing

5  undue burden or expense on a person subject to [that] subpoena.").  However, it is

6  readily apparent from its unconscionably broad subpoenas that not only has Mattel

7  failed to take such steps, but it also has deliberately tried to increase the burden

8  imposed on the non-parties by drafting its subpoenas to be as broad as possible.

9  Mattel's subpoenas in this case evidence a pattern of trying to harass and intimidate

10  the MGA Defendants by using oppressively drawn subpoenas targeted at non-parties

11  who have personal, financial or business relationships with the MGA Defendants but

12  who have nothing to do with this litigation.

13  **IV.    CONCLUSION.**

14    In view of the foregoing, Mattel's assertion that the MGA Defendants are to

15  blame for Mattel's disputes with numerous non-parties is without merit.  Mattel has

16  created these problems itself by engaging in abusive and harassing non-party

17  discovery tactics.  On the eve of Phase I fact discovery cut-off, efficiency and

18  practicality call for an end to Mattel's abuses.  The MGA Defendants support any

19  ruling on this motion that will most efficiently allow for an appropriate judicial

20  officer to do so.

21  DATED:  December 24, 2007

22                     SKADDEN, ARPS, SLATE, MEAGHER &
                       FLOM, LLP

24                     By:  /s/ Thomas J. Nolan
25                          Thomas J. Nolan

26                     Attorneys for Counter-Defendants, MGA
                       ENTERTAINMENT, INC., ISAAC
27                     LARIAN, MGA ENTERTAINMENT (HK)
                       LIMITED, and MGAE de MEXICO S.R.L.
28                     de C.V.