# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

                          EASTERN DIVISION

                              - - -

          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

                              - - -

CARTER BRYANT,                  )
                                )
                    PLAINTIFF,  )
                                )
          VS.                   )   NO. ED CV 04-09049
                                )   (LEAD LOW NUMBER)
MATTEL, INC.,                   )
                                )
                    DEFENDANTS. )   STATUS/SCHEDULING
_____)         CONFERENCE
AND RELATED ACTIONS,            )
                                )
_____)


                 REPORTER'S TRANSCRIPT OF PROCEEDINGS

                       RIVERSIDE, CALIFORNIA

                     MONDAY, FEBRUARY 12, 2007

                            1:49 P.M.


                           CERTIFIED COPY



                     THERESA A. LANZA, RPR, CSR
                   FEDERAL OFFICIAL COURT REPORTER
                     3470 12TH STREET, RM. 134
                   RIVERSIDE, CALIFORNIA   92501
                         (951) 274-0844
                     CSR11457@SBCGLOBAL.NET
```

2-12-07                                        CV 04-09049

**Exhibit 1**
**Page 1**

8

```
1    HARD TO SOLVE AT THIS POINT.
2          MR. QUINN:  BECAUSE THE OTHER ACTS OF THEFT REALLY --
3    THE RACKETEERING ACTS, THE PATTERN -- ALL RELATE TO THEFT OF
4    TRADE SECRETS THAT DON'T FALL ONE WAY OR ANOTHER ON THE ISSUE
5    OF WHO OWNS BRATZ.                                                01:58
6          THAT WOULD BE MY PITCH, YOUR HONOR, TO THE EXTENT THE
7    COURT IS INCLINED TO MAKE A DECISION NOW.
8          AND AS WE INDICATED IN OUR PAPERS, WE REALLY THINK
9    IT'S KIND OF PREMATURE AT THIS STAGE TO TRY TO STRUCTURE THE
10   TRIAL; THAT THERE ISN'T A REASON TO TRY TO DECIDE THAT RIGHT      01:58
11   NOW.  BOTH SIDES HAVE SUBMITTED PROPOSALS THAT DISCOVERY ON
12   BOTH CASES GO FORWARD FOR THE TIME BEING.
13         THE DEFENDANTS HAVE A DIFFERENT VIEW ON WHEN
14   DISCOVERY OUGHT TO CUT OFF AS TO THE FIRST STAGE, BUT BOTH
15   SIDES HAVE PRESENTED PROPOSALS THAT DISCOVERY SHOULD GO FORWARD   01:58
16   ON BOTH CASES AT THE SAME TIME.  AND WE WOULD SUGGEST, YOUR
17   HONOR, THAT THERE REALLY ISN'T A GOOD REASON RIGHT NOW TO TRY
18   TO BIFURCATE THE TRIAL.
19         THE COURT:  SPEAKING OF DISCOVERY -- AND THIS IS PART
20   OF WHAT GIVES THE COURT SO MUCH PAUSE IN TERMS OF CONTINUING TO   01:58
21   LET THIS CASE GO ON WITHOUT SOME KIND OF PARAMETERS -- THAT IS
22   THE MUTUAL REQUEST FOR NO LIMIT ON THE NUMBER OF EXPERT
23   DEPOSITIONS.  YOU'RE ASKING FOR 40 NONEXPERT DEPOSITIONS WITH
24   NO LIMIT ON THE NUMBER OF RULE 30(B) WITNESSES.
25         THAT IS DISCONCERTING.                                      01:59
```

```
 1         MR. QUINN:  I UNDERSTAND WHY THAT WOULD BE
 2   DISCONCERTING TO THE COURT, YOUR HONOR.
 3         THE COURT:  WE'VE GOT A SPECIAL MASTER NOW.  I HAVE
 4   THESE VISIONS OF THIS CASE, AND HAVING SEEN WHAT'S GONE THROUGH
 5   TO THE SPECIAL MASTER, I --                                        01:59
 6         MR. QUINN:  THINGS ARE MOVING NOW.
 7         JUDGE INFANTE, ALTHOUGH HE'S VERY MUCH IN DEMAND AND
 8   HE HAS A BUSY CALENDAR, WE CAN GET ON HIS CALENDAR AND HE MAKES
 9   DECISIONS; SO WE'RE OPTIMISTIC NOW THAT WE ARE AT LAST GOING TO
10   BE ABLE TO MOVE FORWARD IN DISCOVERY.                              01:59
11         BUT THIS IS A CASE THAT, IF WE'RE LOOKING AT ALL OF
12   THE PLEADINGS AND ALL OF THE CLAIMS, COVER A VERY, VERY BROAD
13   SCOPE OF ACTIVITY.  I DON'T THINK EITHER SIDE IS GRATUITOUSLY
14   REQUESTING --
15         THE COURT:  AND I'M NOT SUGGESTING THAT, COUNSEL, BUT        02:00
16   I AM GOING TO PUT A LIMIT ON THEM, AND I DON'T LIKE TO JUST
17   COME UP WITH A NUMBER.  I'D RATHER ONE BE SUGGESTED.
18         AT THIS POINT, YOU CERTAINLY HAVE TO HAVE SOME SENSE
19   OF GENERAL AREAS WHERE YOU'RE GOING TO HAVE EXPERT WITNESSES.
20   AN OUTER LIMIT OF THAT WOULD BE WHAT?                              02:00
21         INFINITY JUST DOESN'T WORK.
22         MR. QUINN:  YOUR HONOR, I'M SURE WE COULD COME UP
23   WITH AN OUTER LIMIT.  WE HAVE EVERYTHING FROM VARIOUS TYPES OF
24   MARKETING EXPERTS, TRADE SECRET EXPERTS, TO VALUING OF TRADE
25   SECRET INFORMATION; SEVERAL DIFFERENT CATEGORIES OF                02:00
```

| | | |
|---|---|---|
| 1 | INFORMATION.  AS THE COURT KNOWS, WE HAVE INK-QUESTIONED | |
| 2 | DOCUMENT-ANALYSIS-TYPE EXPERTS.  I THINK THERE ARE GOOD REASONS | |
| 3 | TO THINK THAT THERE MIGHT BE, ON BOTH SIDES, SOME | |
| 4 | SIGNIFICANT -- WHAT THE NUMBER IS, FIVE TO TEN?  SOMEWHERE IN | |
| 5 | THERE. | 02:01 |
| 6 |         THE COURT:  MY LAW CLERK AND I DURING THE LUNCH HOUR | |
| 7 | WERE ABLE TO COME UP WITH A NUMBER IN THE HIGH TEENS, BUT IT'S | |
| 8 | STILL NOT AN INFINITE NUMBER. | |
| 9 |         MR. QUINN:  I'M SURE WE COULD COME UP WITH A | |
| 10 | NOT-TO-EXCEED NUMBER, IF THAT WOULD BE HELPFUL AT THIS POINT. | 02:01 |
| 11 | BUT THIS IS A CASE WHERE, IN A RECENT INTERROGATORY ANSWER | |
| 12 | ABOUT PERSONS KNOWLEDGEABLE, THERE WERE SOME 70 PERSONS | |
| 13 | IDENTIFIED IN AN ANSWER TO AN INTERROGATORY. | |
| 14 |         THIS IS REALLY NOT A CASE WHERE -- | |
| 15 |         THE COURT:  I PRESUME THOSE WERE THE PERSONS | 02:01 |
| 16 | KNOWLEDGEABLE AND NOT NECESSARILY THE PERSONS MOST | |
| 17 | KNOWLEDGEABLE. | |
| 18 |         MR. QUINN:  NOT NECESSARILY PERSONS MOST | |
| 19 | KNOWLEDGEABLE, BUT FACT WITNESSES; PERSONS HAVING KNOWLEDGE OF | |
| 20 | CERTAIN KINDS OF FACTS. | 02:01 |
| 21 |         PART OF THE PROBLEM IN THIS CASE, YOUR HONOR -- AND I | |
| 22 | KNOW THIS IS THE LAST THING THE COURT WANTS TO HEAR OR GET INTO | |
| 23 | AT THIS POINT, AND IT'S NOT SOMETHING I TAKE ANY PLEASURE IN | |
| 24 | BRINGING UP, BUT I'LL JUST SAY THAT IT HAS BEEN VERY, VERY | |
| 25 | DIFFICULT TO GET DISCOVERY GOING IN THIS CASE. | 02:01 |

```
 1   WITNESSES AND INTERROGATORIES AND THE LIKE.
 2            AS FAR AS 05-2727, THE JURY TRIAL DATE WILL BE
 3   JULY 1, 2008; THE HEARING ON ANY MOTIONS IN LIMINE WILL BE
 4   JUNE 23, 2008, 10:00 A.M.; THE FINAL PRE-TRIAL CONFERENCE WILL
 5   BE JUNE 2, 2008, 11:00 A.M.; THE LAST DATE TO CONDUCT A               02:18
 6   SETTLEMENT CONFERENCE IN THAT CASE WILL BE APRIL 21, 2008; THE
 7   LAST DATE FOR HEARING DISPOSITIVE MOTIONS IN THAT CASE WILL BE
 8   APRIL 7, 2008, 10:00 A.M.; DISCOVERY CUTOFF WILL BE MARCH 3,
 9   2008.
10            ANY FURTHER AMENDMENTS OR THE ADDITION OF PARTIES IN         02:19
11   EITHER OF THESE CASES IS GOING TO REQUIRE LEAVE OF COURT.
12            THESE ARE THE LIMITS I'M GOING TO PUT ON EXPERT
13   DEPOSITIONS AND INTERROGATORIES.  NOW, THESE LIMITS ARE -- I
14   DON'T WANT TO SAY THEY ARE SOFT LIMITS, BUT THEY ARE LIMITS
15   WHICH THE COURT WOULD CERTAINLY UNDERSTAND OR WOULD INVITE            02:20
16   COUNSEL TO SUBMIT A MOTION TO EXPAND, IF THERE'S REASON TO.
17   BUT I JUST WANT TO HAVE SOME PARAMETERS PLACED ON THIS AT THE
18   OUTSET.
19            AS FAR AS NONEXPERT DEPOSITIONS, I'M GOING TO LIMIT
20   EACH SIDE TO 24; SO THAT WILL BE A TOTAL OF 48 BETWEEN THE TWO        02:20
21   SIDES, WHICH WOULD HOPEFULLY CAPTURE MOST OF THE INDIVIDUALS
22   WHO HAVE SOME INFORMATION TO PROVIDE IN THIS CASE.  I'M GOING
23   TO LIMIT THE NUMBER OF EXPERT WITNESSES TO 20 ON EACH SIDE, AND
24   THEN THE TOTAL NUMBER OF INTERROGATORIES TO A TOTAL NUMBER OF
25   50 TO EACH SIDE.                                                      02:20
```

```
1        AGAIN, IF YOU GET TO THE POINT WHERE YOU NEED 21
2   EXPERT WITNESSES FOR SOME REASON, OR YOU NEED 25 FACT
3   WITNESSES, YOU CAN MAKE APPLICATION TO THIS COURT AND THE COURT
4   WILL CONSIDER THAT AFTER YOU, OF COURSE, HAVE MET AND CONFERRED
5   AND TRIED TO WORK THAT OUT ON YOUR OWN.  BUT WE HAVE TO HAVE         02:20
6   SOME PARAMETERS ON THIS.
7        ARE THERE ANY QUESTIONS?
8        THE COURT WILL BE ISSUING ITS SCHEMATIC WHICH WILL
9   HAVE ALL THESE DATES AND THE COURT'S SCHEDULING ORDERS AND
10  CALCULATIONS, BUT ARE THERE ANY GENERAL QUESTIONS ABOUT WHAT         02:21
11  THE COURT IS TRYING TO ACCOMPLISH HERE?
12       MS. TORRES:  YOUR HONOR, YOU JUST SAID 50
13  INTERROGATORIES EACH SIDE.  THE FEDERAL RULES ORDINARILY
14  PROVIDE FOR INTERROGATORIES TO PARTIES, AND THERE ARE A NUMBER
15  OF PARTIES THAT THEY ARE TRYING TO SERVE, WHO THEY MAY HAVE          02:21
16  ALREADY SERVED, I DON'T KNOW.
17       ARE THOSE PARTIES INCLUDED IN THAT 50 LIMIT?
18       THE COURT:  THERE'S ONE PARTY, ESSENTIALLY, ON THE
19  OTHER SIDE, AND YOU HAVE TWO PARTIES.
20       MS. TORRES:  WELL, THEY HAVE ALSO NAMED -- ACTUALLY             02:21
21  WE HAVE THREE PARTIES NOW; THEY SUED OUR CEO ISAAC LARIAN AND
22  THEY HAVE NAMED ANOTHER EMPLOYEE AND TWO INDIRECT SUBSIDIARIES.
23       THE COURT:  WELL, MR. JACOBY, YOU'RE HERE ON BEHALF
24  OF MR. BRYANT.  WOULD YOU REALLY NEED ANOTHER 50
25  INTERROGATORIES BEYOND WHAT MGA WOULD BE SUBMITTING ON THESE         02:22
```