# EXHIBIT 2

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5514
DIRECT FAX
(213) 621-5514
EMAIL ADDRESS
MMUMFORD@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 10, 2007

**VIA FACSIMILE AND U.S. MAIL**

Jon Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

      RE: *Bryant v. Mattel, Inc.*

Dear Jon:

      I write in response to your December 4, 2007 letter concerning deposition dates. As you know, MGA has been requesting dates for these depositions for several months, in some cases over a year. Yet, despite the fact that Mattel agreed at our November 16 meet and confer to provide dates for these witnesses promptly within a reasonable range of dates proposed by MGA, in all but one instance, Mattel has been unwilling to accommodate the requested date, and in many instances has not provided any dates.

      MGA noticed the deposition of Adrienne Fontanella on September 5, 2007. At the November 16 meet and confer, Mattel stated that she was reasonably available. On November 26, MGA requested a date for the week of December 17, 2007. At the meet and confers of November 29 and December 6, 2007, MGA reiterated its request for a deposition date. Your December 4 letter does not even mention Ms. Fontanella. Please provide a date in December for this deposition immediately.

      MGA noticed the deposition of Tina Patel on September 5, 2007. At the November 16 meet and confer, Mattel stated that she was reasonably available. On November 26, MGA requested a date for the week of December 10. Without any explanation, your December 4 letter states that Tina Patel is available on Tuesdays in January 2008 and is not available on January 7. We will take her deposition on Tuesday, January 8, 2007.

**Exhibit 2
Page 7**

Jon Corey, Esq.
December 10, 2007
Page 2

MGA noticed the deposition of Matt Bousquette on November 22, 2006. At the November 16 meet and confer, Mattel stated that he was reasonably available. Mattel raised the status of MGA's unfair competition document production, but the parties agreed that Mattel would provide a date, and that MGA would confirm, prior to the deposition, that its unfair competition document production was substantially complete. On November 26, MGA requested a date the week of December 17. Mattel refused to confirm or even suggest a possible date for the deposition until it had MGA's confirmation in hand. That was contrary to the parties' agreement. Nevertheless, MGA can confirm that its document production with respect to its unfair competition claims is substantially complete. There is no reason for any more delay in this matter. Please provide a date in December for this deposition immediately.

MGA noticed the deposition of Ivy Ross on November 22, 2006. At the November 16 meet and confer, Mattel stated that she was unavailable, because she was in China, until January 17, 2008. On November 26, we confirmed that date, and, because Mattel had indicated that it was going to designate Ivy Ross as a Rule 30(b)(6) deponent on a number of topics, confirmed the date of January 18 to depose Ms. Ross on the designated 30(b)(6) topics.

On December 3, 2007, we informed you that we had reason to believe that, contrary to what Mattel represented on November 16, Ms. Ross was in the United States, and we asked you to reconfirm that Ivy Ross was in fact in China and not available for her deposition until January 17 and 18th. Your letter of December 4 confirmed that Ms. Ross was "not available" in December, but omitted any mention of China. We assume this is because, in fact, she is in the United States, and Mattel is simply unwilling to produce her earlier.

Your letter states that Mattel is unwilling to produce Ms. Ross for a 30(b)(6) deposition "unless MGA can make a showing that seven-hours is not sufficient." That position is contrary to Rule 30(b)(6), which, as you know, "does not preclude taking a deposition by any other procedure authorized in these rules." MGA will take its noticed deposition of Ms. Ross on January 17. Mattel promised a letter last week confirming the topics for which Ms. Ross will be designated to testify on its behalf. Please send that letter immediately so that we may assess the sufficiency of Mattel's outstanding 30(b)(6) designations. Also, if January 18 is an unacceptable date, we request that you propose another immediately.

MGA noticed the deposition of Richard De Anda on September 5, 2007. In reply to your December 4 letter, MGA confirmed that Mr. De Anda's deposition will take place December 19, 2007, at our offices, beginning at 9:00 a.m. You have indicated that Mattel also intends to designate Mr. De Anda on certain Rule 30(b)(6) topics. Please confirm which topic(s) and provide additional dates in December (other than December 19) for him to testify on them.

Exhibit 2
Page 8

Jon Corey, Esq.
December 10, 2007
Page 3

      On other matters, MGA finally received on Saturday, December 8, Mattel's supplemental response to MGA's First Set of Interrogatories. Mattel failed to live up to previous agreements to supplement these responses by October 4, October 11, and November 30, 2007. And Mattel still has not provided the supplemental responses it agreed to provide to Carter Bryant's interrogatories by November 30.

      The above reflects a developing pattern of delay and noncompliance on the part of Mattel in responding to discovery requests. Since the October 31, 2007 status hearing before Judge Larson, where you opposed a 90-day stay, it has become clear that Mattel is engaged in a delay strategy to run out the discovery clock on MGA. This has manifest itself even in the depositions of third parties, where notwithstanding Judge Larson's admonition – "I trust it will be scheduled some time in the next two to three weeks, counsel.... I don't want to hear in two to three weeks' time that that deposition has not been completed" (12/3/07 Hrg. Tr. at 34-35) – your firm has still not provided a date for the deposition of Kumi Croom at Young & Rubicam. That deposition has been outstanding since November 15, 2007. It is unacceptable that Mattel is still obstructing it.

      If we do not receive the requested deposition dates by the close of business tomorrow, we will have no choice but to seek ex parte assistance from the court. Please let me know if you have any questions, or if I can be of any help resolving the above matters.

                                   Sincerely,

                                   Marcus R. Mumford

**Exhibit 2**
**Page 9**