# EXHIBIT 3

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br>　　　　Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br>　　　　Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>JOINT REPORT OF PARTIES PURSUANT TO RULE 26(f)<br><br>Scheduling Conference:<br>　　　　February 12, 2007<br>Time: 1:30 p.m.<br>Place: Courtroom One<br><br>Discovery Cut-off: None Set<br>Pre-trial Conference: None Set<br>Trial Date: None Set |

JOINT REPORT OF PARTIES PURSUANT TO RULE 26(f)

Exhibit 3
Page 10

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's Order of January 12, 2007, the parties respectfully submit this Joint Report. The matters specified in Rules 16 and 26(f) and Local Rule 26-1 were discussed by counsel for the parties, Michael T. Zeller and Timothy L. Alger of Quinn Emanuel Urquhart Oliver & Hedges, LLP, on behalf of Mattel, Inc. ("Mattel"), Diana M. Torres of O'Melveny & Myers LLP, on behalf of MGA Entertainment, Inc. ("MGA"), and Douglas A. Wickham of Littler Mendelson, P.C., on behalf of defendant Carter Bryant ("Bryant"), on January 29 and 30, 2007.

1. **Description of the Case.**

   (a) Mattel's views regarding the status and management of the case, and proposals regarding severance, bifurcation or other ordering of proof are as follows:

   Mattel proposes that discovery proceed in one phase on all claims and defenses. Mattel also respectfully submits that any decision on trial sequencing or bifurcation be deferred. If the Court inclined to bifurcate liability issues for trial at this juncture, however, Mattel asks that the first trial encompass at least all claims that turn on Bryant's conduct, including those in the Amended Counterclaims and those against the other counter-defendants, including MGA, MGA Hong Kong and Isaac Larian.

   Moreover, Mattel does not believe the discovery cutoff, pretrial dates, and trial date proposed by MGA and Bryant are feasible, and will deprive Mattel of necessary discovery.

Mattel is providing a detailed discussion of these issues and scheduling in a separate filing, the contents of which are incorporated herein by reference.[1]

(b)  MGA's and Bryant's views regarding the status and management of the case, and proposals regarding severance, bifurcation or other ordering of proof are as follows:

In its January 12, 2007, Order, this Court stated that "the Court believes a two-track scheduling order wherein the 04-9059 matter's discovery cut off and trial date are set well-ahead of those in 05-2727 makes the most sense," noted that a scheduling order was "woefully overdue," and ordered the parties to submit a joint report pursuant to Federal Rule of Civil Procedure 26(f).[2] Order at 21, 22. For the reasons stated in the Court's Order, as well as those detailed below, MGA and Bryant propose that discovery on the issues in the Bryant case should end in July 2007, with trial to follow on that case's narrow issues alone in November 2007, consistent with MGA and Bryant's proposed schedules. MGA and Bryant further propose that the parties continue discovery on the other issues until May 2008, with trial on those issues in late September 2008.

First, as this Court noted, resolution of issues in the Bryant case should moot, or at least curtail substantially, many of the other claims, including Mattel's copyright infringement claim and at least portions of its civil RICO claims. Order at 21. Thus, an earlier discovery cut-off for the issues in the Bryant case could greatly truncate discovery on the remaining issues. Moreover, allowing the claims to be adjudicated together would prejudice Bryant by having the issues in the Bryant case muddied by many claims that Mattel admits are entirely unrelated to the claims

---

[1] See Mattel's Portions of Rule 26(f) Report, submitted concurrently under separate cover.

[2] For convenience, Bryant and MGA will refer to 04-9059 as the "Bryant case."

-2-
JOINT REPORT OF PARTIES PURSUANT TO RULE 26(f)

Exhibit 3
Page 12

1  originally asserted against Bryant. Order at 18-19. Indeed, the Court itself noted
2  that Mattel's newly asserted claims "would radically alter the litigation in that case
3  to include far ranging disputes involving multiple parties and concerning events not
4  connected with the BRATZ ownership issue." Order at 18.

5        Second, Mattel's proposal would serve only to delay resolution of the
6  issues in the Bryant case for another two years – to almost five years after it first
7  filed suit. It is clear that Mattel's proposals are merely an attempt to extend and
8  drag out the present litigation for as long as possible, in the hopes that Mattel, a
9  multi-billion dollar corporation, can make things as expensive as possible for MGA
10 and Bryant, given that Mattel has resources that far exceed those of MGA and
11 Bryant. Carter Bryant and MGA should not be forced to have a cloud of doubt
12 hanging over their rights to the Bratz property, while it continues to develop that
13 property into a tremendously successful franchise, for such an extended period of
14 time.

15       Finally, Mattel has had ample opportunity to conduct discovery on the
16 claims alleged in the Bryant case[3] and should not be permitted to delay resolution of
17 those claims any further. Mattel filed suit against Bryant in Los Angeles Superior
18 Court on April 27, 2004, asserting a variety of purportedly employment-related
19 claims. Discovery began in approximately June 2004 and was ongoing until the
20 Honorable Nora M. Manella stayed discovery over one year later on May 20, 2005,
21 when Mattel decided to pursue an appeal of Judge Manella's Order to the 9th circuit.
22 Although the discovery stay was in place for one year, it was lifted approximately
23 nine months ago and Mattel was free to resume discovery at that time. Mattel,
24 however, sought virtually no further discovery until the end of 2006. Moreover,
25 shortly after the stay was imposed, MGA and Bryant, to avoid any further prejudice

---

[3] Indeed, the Court noted that the parties have engaged in extensive discovery on the ownership issue. Order at 20-21.

-3-
JOINT REPORT OF PARTIES PURSUANT TO RULE 26(f)

Exhibit 3
Page 13

from the passage of time, proposed to Mattel that the parties jointly ask the Court to lift the stay of discovery and appoint a special master to avoid burdening the Court with any discovery disputes. Mattel, however, refused the offered stipulation.

Accordingly, for the reasons set forth above, the Court should impose a schedule with a discovery cut-off for the Bryant case substantially in advance of the discovery cut-off for the other claims in the consolidated cases.

### 2. Basis for the Court's Subject Matter Jurisdiction.

On May 2, 2006, the Ninth Circuit held that Mattel's suit against Bryant (Case No. CV 04-09059), with MGA as a party defendant, was properly in this Court based on diversity. MGA's complaint in Case No. CV 05-02727, filed April 13, 2005, alleges violation of the Lanham Act, 15 U.S.C. § 1125(a), and federal dilution, 15 U.S.C. § 1125(c), which raise federal questions. Mattel's counterclaims in that case, filed on January 12, 2007, also raise federal questions by alleging violation of the Copyright Act, 17 U.S.C. §§ 101 *et. seq.*, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964.

### 3. Initial Disclosures Under Rule 26(a)(1).

Mattel and MGA agreed to make initial disclosures on January 5, 2007. On that day, Mattel and MGA disclosed witnesses and documents. Bryant took the position that he fulfilled his disclosure obligations in June 2004. Mattel has brought a motion to compel further disclosures by MGA pursuant to Rule 26(a), which is scheduled to be heard by the Discovery Master on February 13, 2007.

On January 12, 2007, Mattel filed its Amended Answer and Counterclaims. MGA and Bryant dispute Mattel's contention that the disclosures on January 5, 2007, related to anything other than MGA's affirmative claims. MGA and Bryant propose the parties make supplemental initial disclosures based on Mattel's amended answer and counterclaims on March 1, 2007.

-4-

### 4. Discovery Plan.

The parties have agreed to a Stipulated Protective Order, which was entered by the Court on June 4, 2005. At the parties' joint request, the Court appointed a Discovery Master, the Honorable Edward A. Infante (Ret.), on December 6, 2006.

The parties have been unable to agree as to a discovery plan.

Mattel's Proposal. Mattel proposes that discovery should be taken on all issues, including liability, damages and affirmative defenses, and that discovery not be conducted in phases. Mattel proposes that fact discovery conclude in about June 2008, followed by a trial as to all claims in about December 2008.

Alternatively, if the Court believes that the action should be bifurcated at this juncture, Mattel proposes that discovery should be taken on all issues, including liability, damages and affirmative defenses, and that fact discovery not be conducted in phases. Under this alternative proposal, trial of the claims that turn on Bryant's conduct, if bifurcated, would be held in May 2008, followed by trial of the remaining claims in December 2008. During the period between the first and second trials, the parties would conduct expert discovery only, relating to the remaining claims.

Mattel proposes that each side be permitted to take 40 depositions, not including expert depositions and depositions pursuant to Rule 30(b)(6), for which there would be no limit as to number or duration. Mattel further proposes that each side be permitted to propound 50 interrogatories. The depositions already taken, and the interrogatories already propounded, in the consolidated action would be counted against these deposition and interrogatory limits.

MGA and Bryant's Proposal. MGA and Bryant propose that discovery should be taken on all issues, including liability, damages and affirmative defenses, but that the cut-off for discovery be conducted in phases. MGA and Bryant

-5-
JOINT REPORT OF PARTIES PURSUANT TO RULE 26(f)

Exhibit 3
Page 15

proposed that discovery on the Bryant case alone conclude on July 13, 2007, followed by a trial on the Bryant case alone beginning on November 13, 2007, to the extent such schedule would be consistent with the Court's calendar. MGA and Bryant further propose that discovery for all other issues be concluded by May 23, 2008, followed by a trial as to those remaining issues beginning on September 30, 2008, to the extent such schedule would be consistent with the Court's calendar.

MGA and Bryant propose that each side be permitted to take a total of 24 depositions, not including expert depositions, for which there would be no limit as to number. Depositions taken pursuant to Rule 30(b)(6) would count towards the total number of depositions permitted per side, consistent with the Federal Rules of Civil Procedure. MGA and Bryant further propose that the parties be permitted to propound 25 interrogatories each, as would be the case if the second-filed case were a separate case. The depositions already taken and the interrogatories already propounded would be counted against these deposition and interrogatory limits, respectively.

### 5. Other Items.

With respect to the additional matters specified in Local Rule 26-1, the parties agree or respectfully recommend as follows:

(a) <u>Complex Case</u>. This is not a complex case that would require utilization of any of the procedures of the Manual for Complex Litigation.

(b) <u>Currently Contemplated Motions</u> (Other Than Discovery Motions) and Motion Schedule. At this point, the parties contemplate filing motions for summary judgment and motions in limine as to some issues. MGA and Bryant have indicated an intention to move to dismiss certain of Mattel's claims pursuant to <u>Rule</u> 12(b)(6).

(c) <u>Trial</u>. Trial will be by jury. Based on the information available at this time, MGA and Bryant estimate that trial of the claims that turn on

1  Bryant's conduct, if bifurcated, will require approximately 2-3 weeks for trial, and
2  the remaining issues will require approximately 4-6 weeks for trial. Based on the
3  information available at this time, Mattel believes the first trial will require at least
4  four weeks.
5         The attorneys who will try the case include John B. Quinn and
6  Michael T. Zeller of Quinn Emanuel Urquhart Oliver & Hedges, LLP, on behalf of
7  Mattel; Diana M. Torres and Dale Cendali of O'Melveny & Myers LLP, and
8  Patricia Glaser of Christensen, Glaser, Fink, Jacobs, Weil and Shapiro, LLP, on
9  behalf of MGA, and Douglas A. Wickham and Keith A. Jacoby of Littler
10 Mendelson, P.C., on behalf of defendant Bryant.
11        (d)   <u>Amendments to Pleadings and Additional Parties</u>. Mattel
12 does not currently anticipate amending its pleadings or adding parties to this suit,
13 subject to the parties' ongoing discussions regarding whether amendment of
14 Mattel's claims would obviate at least some of the issues MGA and Bryant have
15 indicated an intention to raise by way of a <u>Rule</u> 12(b)(6) motion to dismiss. MGA is
16 considering amending its claims in the 05-2727 litigation to add claims and possibly
17 parties based on allegations of anti-competitive behavior by Mattel.
18        (e)   <u>Settlement</u>. The parties have been unable to agree on a
19 settlement procedure. Mattel prefers Settlement Procedure No. 3 (participation in a
20 non-judicial mediation), from the list provided in <u>Local Rule</u> 16-15.4. MGA and
21 Bryant prefer Settlement Procedure No. 1 (reference to a District Judge or
22 Magistrate Judge). MGA and Bryant will, however, agree to a non-judicial
23 mediation if such is preferred by the Court.
24
25
26
27
28

-7-
JOINT REPORT OF PARTIES PURSUANT TO RULE 26(f)

Exhibit 3
Page 17

(f)  <u>Magistrate Judge</u>.  The parties do not consent to the designation of a Magistrate Judge to conduct trial or other dispositive matters.

DATED: February 5, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By *John B. Quinn (TA)*
John B. Quinn
Attorneys for Mattel, Inc.

DATED: February 5, 2007

O'MELVENY & MYERS LLP

By *Diana M. Torres (TA)*
Diana M. Torres
Attorneys for MGA Entertainment, Inc.

DATED: February 5, 2007

LITTLER MENDELSON

By *Keith Jacoby (TA)*
Keith Jacoby
Attorneys for Carter Bryant

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On February 5, 2007, I served true copies of the following document(s) described as:

### JOINT REPORT OF PARTIES PURSUANT TO RULE 26(f)

on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>O'Melveny & Myers<br>400 So. Hope Street<br>Los Angeles, CA 90071<br>Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 | Keith A. Jacoby, Esq.<br>Littler Mendelson<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA 90067-3107<br>Telephone: (310) 553-0308<br>Facsimile: (310) 553-5583 |

[√] [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on February 1, 2007, at Los Angeles, California.

*/s/ David Quintana*
David Quintana

07209/2049684.1

-1-

Case No. SACV 05-00953 JVS (ANx)
PROOF OF SERVICE

Exhibit 3
Page 19