# EXHIBIT 4

```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
 2    johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
 5    (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 6  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
 7  Facsimile: (213) 443-3100
```

Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of B. Dylan Proctor filed concurrently herewith]<br><br>Hearing Date: November 5, 2007<br>Time: 10:00 a.m.<br>Courtroom: 1<br><br>**Phase 1:**<br>Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |

7209/2220479.1

-1-

MATTEL'S MOTION FOR LEAVE TO SERVE INTERROGATORY RE AFFIRMATIVE DEFENSES

Exhibit 4
Page 20

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 5, 2007, at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of The Honorable Stephen G. Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for leave to serve a supplemental interrogatory to Defendants Carter Bryant, MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA Hong Kong"), MGAE de Mexico S.R.L. de C.V. ("MGA Mexico"), Isaac Larian and Carlos Gustavo Machado Gomez, seeking the bases for their affirmative defenses.

This Motion is made pursuant to the Court's February 12, 2007 Minute Order and <u>Federal Rule of Civil Procedure</u> 26 and 33 on the grounds that there is good cause to allow Mattel to serve an interrogatory to learn the bases for the myriad affirmative defenses asserted by the Defendants in this case, but Mattel cannot do so within the limits established by the Court to date.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

### Statement of Local Rule 7-3 Compliance

The parties met and conferred regarding the disputes at issue in this motion on July 10, 2007 and times thereafter.

DATED: September 21, 2007           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
John B. Quinn
Attorneys for Mattel, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

In its scheduling order dated February 12, 2007, the Court limited "each side"—Mattel on the one hand, and Carter Bryant, MGA, MGA Hong Kong, MGA Mexico, Isaac Larian, and Carlos Gustavo Machado Gomez on the other—to fifty interrogatories. The six Defendants on the other side have filed a total of six answers to date, asserting over one hundred affirmative defenses in total in these consolidated cases, 37 of which are unique and non-duplicative. Meanwhile, the Discovery Master has ruled that a contention interrogatory asking a party to state the facts supporting any two of its defenses would count as two interrogatories—one for each defense. Thus, based purely on numbers, Mattel cannot learn the bases of Defendants' affirmative defenses within the fifty interrogatory limit set by the Court—to do so would use up more than two-thirds of Mattel's allotted interrogatories.

Accordingly, Mattel respectfully requests leave to serve Defendants with a single interrogatory requiring each to state the bases for each of his or its affirmative defenses, as follows:

> "State all facts which support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts."

Mattel also requests that this supplemental interrogatory not count towards Mattel's 50 interrogatory limit.

### Factual Background

**Defendants' Answers to Mattel's Pleadings.** Defendants have asserted a total of 139 affirmative defenses to date. On May 14, 2004, Carter Bryant answered Mattel's original claims with a general denial, and asserted nineteen

affirmative defenses.[1] On December 4, 2004, MGA intervened in the lawsuit and filed its own answer, asserting twenty of its own defenses.[2]

      Mattel then filed its Counterclaims in the MGA v. Mattel case. On August 10, 2007, Machado filed his answer to Mattel's Second Amended Answer and Counterclaims, asserting sixteen affirmative defenses.[3] On August 13, 2007, MGA, MGA Hong Kong and MGA Mexico served their own (combined) answer, asserting twenty-one defenses,[4] and Isaac Larian served his answer, asserting twenty-one affirmative defenses of his own.[5] On August 13, 2007, Carter Bryant filed his own Reply to Mattel's Counterclaims, asserting twenty-two defenses.[6] MGA, MGA Hong Kong, MGA Mexico and Bryant then filed amended answers to Mattel's Counterclaims on September 12, 2007 and September 19, 2007.[7] The MGA parties added affirmative defenses in their amended answers, now asserting a

---

[1] Answer To Plaintiff's Unverified Complaint, Declaration of B. Dylan Proctor in Support of Mattel, Inc.'s Motion for Leave to Serve Interrogatory Regarding Defendants' Affirmative Defenses ("Proctor Dec."), Exh. 1.

[2] MGA Entertainment, Inc.'s Answer In Intervention To Plaintiff's Unverified Complaint, Proctor Dec., Exh. 2.

[3] Carlos Gustavo Machado Gomez's Answer to Mattel Inc.'s Second Amended Answer and Counterclaims, dated August 10, 2007, Proctor Dec., Exh. 10.

[4] Answer and Affirmative Defenses of MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. to Mattel Inc.'s Second Amended Answer and Counterclaims, dated August 13, 2007, Proctor Dec., Exh. 12.

[5] Isaac Larian's Answer and Affirmative Defenses to Mattel Inc.'s Second Amended Answer and Counterclaims, dated August 13, 2007, Proctor Dec., Exh. 11.

[6] Carter Bryant's Reply to Mattel's Counterclaims, dated August 13, 2007, Proctor Dec., Exh. 18.

[7] Amended Answer and Affirmative Defenses of MGA Entertainment Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. to Mattel, Inc.'s Second Amended Answer and Counterclaims, dated September 19, 2007, Proctor Dec., Exh. 19; Carter Bryant's Amended Reply to Mattel's Counterclaims, dated September 12, 2007, Proctor Dec., Exh. 13.

total of twenty-two, and Bryant asserted a total of seventeen affirmative defenses in his amended answer.[8]

Hence, as of today Defendants have 120 affirmative defenses on file in this action. Although many of Defendants' affirmative defenses duplicate one another, at least 37 are unique and non-duplicative, including alleged defenses of: (1) Lack of Standing, (2) Unclean Hands, (3) Laches, (4) Statute of Limitations, (5) Good Faith, (6) Information Readily Ascertainable, (7) Acts or Omissions of Others/Lack of Causation, (8) Res Judicata, (9) Estoppel, (10) Acquiescence, (11) Lack of Ownership, (12) Invalid Copyrights, (13) Failure to Mitigate, (14) No Statutory Damages or Attorneys' Fees, (15) Innocent Intent, (16) Waiver, (17) Abandonment, (18) *De Minimus* Use, (19) Joint Authorship, (20) Consent, (21) No Legal Duty to Plaintiff (Or No Breach), (22) Satisfaction of Legal Duty, (23) Preemption By The Federal Copyright Act, (24) Failure to State a Claim, (25) Compliance With The Laws, (26) Plaintiff's Own Acts Caused Its Harm, (27) Lack of Consideration/Failure of Contract, (28) Breach Excused By Plaintiff's Acts, (29) No Injunctive Relief, (30) Alleged Duties Contrary to Law, (31) No Punitive Damages, (32) Duress/Unconscionability, (33) *Bona Fide* Purchaser for Value, (34) 17 U.S.C. § 205(d), (35) Competition Privilege/Justification, (36) Lack of Authority, and (37) Undiscovered Defenses.

**Mattel's Early Sets of Interrogatories.** Before this Court held the scheduling conference in February of this year, Mattel had served four sets of interrogatories on MGA and Bryant:

- On December 27, 2004, Mattel served Bryant and with its First Sets of Interrogatories, propounding two interrogatories to Bryant and four to MGA.[9]

---

[8] Id.
[9] Mattel's First Set of Interrogatories to Bryant, Proctor Dec., Exh. 3; and Mattel's First Set of Interrogatories to MGA, Proctor Dec., Exh. 4.

These six interrogatories sought basic information, including regarding payments by MGA to Bryant made while Bryant was employed by Mattel,[10] and revenues or profits MGA derived from Bryant's work while he was employed by Mattel.[11]

- On April 28, 2005, Mattel served Bryant and MGA with its Second Sets of Interrogatories.[12] That set propounded four interrogatories to Bryant and seven to MGA.[13] Of these, three interrogatories to Bryant were identical to three interrogatories to MGA, so Mattel served a total of eight non-identical interrogatories in the Second Set. This set again sought basic information related, for example, to the specific work Bryant had done in creating the Bratz dolls, and the names of other individuals involved in their development.[14]

- On December 20, 2006, after MGA filed its unfair competition suit, Mattel served a set of ten additional interrogatories related to MGA's claims of unfair competition on MGA.[15] These interrogatories included requests seeking to discover the specific products Mattel allegedly copied or infringed, the specific individuals involved in the creation of the dolls, the specific aspects of the dolls MGA alleges Mattel had copied or infringed, and other such fundamental unfair competition interrogatories.[16]

---

[10] Mattel's First Set of Interrogatories to Bryant, Nos. 1-2, Proctor Dec., Exh. 3; and Mattel's First Set of Interrogatories to MGA, Nos. 1-2, Proctor Dec., Exh. 4.
[11] Mattel's First Set of Interrogatories to MGA, Nos. 3-4, Proctor Dec., Exh. 4.
[12] Mattel's Second Set of Interrogatories to Bryant, Proctor Dec., Exh. 5; and Mattel's Second Set of Interrogatories to MGA, Proctor Dec., Exh. 6.
[13] Id.
[14] Mattel's Second Set of Interrogatories to Bryant, Nos. 4, 6, Proctor Dec., Exh. 5; and Mattel's Second Set of Interrogatories to MGA, No. 5 Proctor Dec., Exh. 6.
[15] Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition To MGA Entertainment, Inc., Proctor Dec., Exh. 7.
[16] Id., Nos. 1, 2, 6.

Accordingly, as of the beginning of this year, Mattel had served a total of twenty-four non-identical interrogatories on Defendants. Judge Infante later ruled, on September 5, 2007, that two of those were compound, so Mattel's total number of interrogatories prior to this year was twenty-six.[17]

**On February 12, 2007, the Court rules that each side can propound a total of 50 interrogatories.** The Federal Rules permit a party to serve up to twenty-five interrogatories on each other party. Thus, in the normal course the Rules would permit each of the six Defendants in this case to serve up to twenty-five interrogatories on Mattel, requiring Mattel to answer a total of 150 interrogatories. Fed. R. Civ. P. 33(a). Apparently mindful of this potential burden on Mattel the Court ordered that "[i]nterrogatories are limited to 50 for each side for both cases" during a scheduling conference on February 12, 2007.[18] When MGA questioned whether all Defendants would count as one "side" under the Court's order given that the Federal Rules speak of "per party" limits, the Court confirmed that was its intent, and questioned whether Defendants would need to serve more than fifty interrogatories collectively on Mattel.[19]

The Court also made it clear that either side could return to the Court if it felt it needed more interrogatories. The Court stated, "let's try to work within the confines of the 50 interrogatories, and if you need more, again, the court is going to be forthcoming, if there's a need for it."[20] The Court asked the parties to try to

---

[17] Order Granting Joint Motion for Protective Order Regarding Mattel's Interrogatories; Denying Mattel's Motion to Compel Interrogatory Responses, dated September 5, 2007, Proctor Dec., Exh. 15, at p. 8.
[18] February 12, 2007 Minute Order, Proctor Dec., Exh. 8; Tr. of February 12, 2007 Sched. Conf., Proctor Dec., Exh. 9 at 22:19-24:23.
[19] Tr. of Feb. 12, 2007 Scheduling Conf., Proctor Dec., Exh. 9 at 23:12-24:1.
[20] Id. at 24:5-7.

stipulate on this subject, if possible. Mattel sought Defendants' agreement to the request at bar, but Defendants refused.[21]

### Mattel's Third Set of Interrogatories and Revised Third Set.

On June 7, 2007, Mattel served its Third Set of Interrogatories on MGA, MGA Hong Kong, Larian, and Bryant.[22] That set contained nineteen interrogatories, each of which was propounded on all responding Defendants, individually.[23] These interrogatories sought crucial information on a variety of subjects, including:

- Defendants' contentions about the dates of creation of the Bratz works at issue in this case.[24]
- Defendants' contentions that Bryant's agreements with Mattel are unenforceable.[25]
- Defendants' contentions that MGA has priority of ownership over the Bratz dolls, despite Bryant's assignment of rights to Mattel.[26]
- The dates of creation of the specific dolls and toys MGA alleges Mattel infringed.[27]
- The specific elements which MGA claims as a protectable trade dress right.[28]
- Defendants' contentions regarding a handful of their affirmative defenses, grouped by topic.[29]

Defendants objected to these interrogatories and moved for a protective order, claiming that Mattel had exceeded the Court's fifty interrogatory limit. In an

---

[21] Proctor Dec., ¶ 18; Letter from Dylan Proctor to Diana Torres, Jennifer Glad, Michael Page, and James Spertus, on September 14, 2007, Proctor Dec., Exh. 17.
[22] Mattel Inc.'s Third Set of Interrogatories, Proctor Dec., Exh. 14.
[23] Id.
[24] Id., Nos. 12-14.
[25] Id., No. 15.
[26] Id., No. 14.
[27] Id., No. 28.
[28] Id., No. 29.
[29] Id., Nos. 17-20.

Order dated September 5, 2007, the Discovery Master rejected most of defendants' arguments, holding that an identical interrogatory served on multiple defendants (as were all the interrogatories in Mattel's Third Set) counts as a single interrogatory, and that an interrogatory asking a defendant to "state all facts" supporting a particular contention, "identify all persons with knowledge of such facts," and "identify all documents" relevant to such facts also constitutes a single interrogatory.[30] However, the Discovery Master also ruled that an interrogatory asking a party to state the facts supporting different affirmative defenses constitutes more than one interrogatory—for example, an interrogatory seeking the basis for MGA's unclean hands, waiver, estoppel and consent defenses would constitute four separate interrogatories, one for each defense.[31] Thus, under the September 5 Order, Mattel would need to use 37 interrogatories to simply learn the facts underlying Defendants' various non-duplicative affirmative defenses.

Since that Order was issued, Mattel has served a Revised Third Set of Interrogatories, including a total of fifteen interrogatories.[32] In addition to the 26 interrogatories served by Mattel prior to the February 12, 2007 Scheduling Order, that brings the total number of interrogatories served by Mattel to forty-one. Mattel's Revised Third Set, like the prior ones, does not address defendants' affirmative defenses since serving an interrogatory on those defenses would, as noted above, count as thirty-seven interrogatories under the Discovery Master's ruling.

---

[30] Order Granting Joint Motion for Protective Order Regarding Mattel's Interrogatories; Denying Mattel's Motion to Compel Interrogatory Responses, dated September 5, 2007, Proctor Dec., Exh. 15, at pp. 5, 6.
[31] Id. at p. 7.
[32] Mattel Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007, Proctor Dec., Exh. 16.

## Argument

### Mattel Should Be Permitted To Serve An Interrogatory To Discover The Facts Supporting The Numerous Affirmative Defenses Defendants Have Asserted

As set forth in Mattel's Proposed Supplemental Interrogatory, attached hereto, Mattel seeks leave to serve the following single interrogatory on all Defendants: "State all facts which support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts." This interrogatory clearly seeks relevant information Mattel is entitled to discover. Because it cannot be asked and answered within the limits previously set by the Court, the Court should grant Mattel leave to propound this interrogatory as a stand-alone, supplemental interrogatory that does not count towards the fifty interrogatory limit.

As matters stand, Mattel cannot discern the basis for Defendants' defenses. Defendants' pleadings themselves, even where amended, provide minimal notice of the nature or substance of their defenses. For example, for their good faith defense, the MGA Defendants merely state that "Mattel's counterclaims are barred in whole or in part because the MGA Defendants acted in good faith."[33] They do not identify any facts that allegedly show they acted in good faith. Many of defendants' recently added defenses also interject wholly new issues into this already complex litigation. For example, Mattel has no idea why Machado apparently believes Mattel's hands are "unclean" in some way relevant to him, what Mattel allegedly did to "waive" its claims against him, or how Mattel's claims

---

[33] Amended Answer and Affirmative Defenses of MGA Entertainment Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. to Mattel, Inc.'s Second Amended Answer and Counterclaims, dated September 19, 2007, Proctor Dec., Exh. 19, at 25.

against him even arguably could be time-barred.[34] As to MGA's joint authorship defense, Mattel does not even know what purportedly was jointly authored.[35]

Contention interrogatories are the only adequate method by which Mattel can gather full and complete information about these defenses. Other potential methods of gaining the same information—such as Rule 30(b)(6) depositions—are far inferior. See, e.g., Wilson v. Lakner, 228 F.R.D. 524, 529 n.8 (D. Md. 2005) ("Whereas the facts of a relevant incident or incidents are proper for 30(b)(6) inquiry, the contentions, i.e. theories and legal positions, of an organizational party may be more suitably explored by way of interrogatories and the Court may properly order (as the Magistrate Judge did here) that contentions only be inquired into in this fashion."); U.S. v. Taylor, 166 F.R.D. 356, 363 n. 7 (M.D.N.C. 1996) ("[s]ome inquiries are better answered through contention interrogatories [rather than 30(b)(6) depositions] wherein the client can have the assistance of the attorney in answering complicated questions involving legal issues.").

Under the Court's orders, Mattel would require at least 37 interrogatories to simply discover Defendants' contentions regarding their affirmative defenses—more than two thirds of the total number allocated to Mattel, twenty-eight more than Mattel currently possesses, and thirteen more than Mattel possessed when the Court first issued its February 12, 2007 Order limiting the parties to 50 interrogatories per side. Mattel is entitled to learn Defendants' contentions about their defenses but cannot do so within the limits established by the

---

[34] Carlos Gustavo Machado Gomez's Answer to Mattel Inc.'s Second Amended Answer and Counterclaims, dated August 10, 2007, Proctor Dec., Exh. 10, at 19-20.
[35] Amended Answer and Affirmative Defenses of MGA Entertainment Inc., MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. to Mattel, Inc.'s Second Amended Answer and Counterclaims, dated September 19, 2007, Proctor Dec., Exh. 19, at 25.

1  Court. Accordingly, Mattel should be permitted to serve a supplemental
2  interrogatory to discover the bases for Defendants' affirmative defenses.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel leave to serve a supplemental interrogatory, above and beyond the fifty interrogatories Mattel has been allotted, in the form attached hereto.

DATED: September 21, 2007     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ John Quinn
John B. Quinn
Attorneys for Mattel, Inc.

09/2220479.1

-10-
MATTEL'S MOTION FOR LEAVE TO SERVE INTERROGATORY RE AFFIRMATIVE DEFENSES

Exhibit 4
Page 31

Exhibit A

Exhibit 4
Page 32

```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
 2    johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
 5    (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 6  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
 7  Facsimile: (213) 443-3100

 8  Attorneys for Plaintiff Mattel, Inc.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | |
| | Phase 1 |
| AND CONSOLIDATED ACTIONS | Discovery Cut-off: January 14, 2008 |
| | Pre-trial Conference: April 7, 2008 |
| | Trial Date: April 29, 2008 |
| | Phase 2 |
| | Discovery Cutoff: March 3, 2008 |
| | Final Pretrial Conf.: June 2, 2008 |
| | Trial Date: July 1, 2008 |

PROPOUNDING PARTY: Mattel, Inc.

RESPONDING PARTIES: MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez

SET NO.: SUPPLEMENTAL

9/22227746.1

MATTEL'S SUPPLEMENTAL INTERROGATORY RE DEFENDANTS' AFFIRMATIVE DEFENSES

Exhibit 4
Page 33

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatory separately and fully, in writing and under oath, within 30 days after service hereof. The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

## Definitions

1. "YOU" and "YOUR" mean each of the Responding Parties.

2. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

3. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the

foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

4. "REFER OR RELATE TO" a given subject matter means relate to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify, state, deal with, comment on, respond to, describe, analyze, support, refute, contradict, or in any way pertain to that subject matter, either directly or indirectly.

5. "IDENTIFY" or "IDENTITY" means the following:

(a) with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to MGA, and current or last known telephone number.

(b) with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(C) with reference to any DOCUMENT or DOCUMENTS, means to describe each DOCUMENT by Bates number. In the event that a DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each such DOCUMENT, to provide a complete description of it such that it may be the subject of a request for the production of documents, including by stating the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.

6. "Any" as used in these interrogatories includes the word "all," and the word "all" as used in these interrogatories includes the word "any."

7. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## Instructions

A. When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives, attorneys and experts. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

## Interrogatory

SUPPLEMENTAL INTERROGATORY:

State all facts which support YOUR affirmative defenses, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE to such facts.

DATED: September 21, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On September 21, 2007, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR LEAVE TO SERVE A SUPPLEMENTAL INTERROGATORY REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES; AND MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

| | |
|---|---|
| Diana M. Torres, Esq.<br>**O'MELVENY & MYERS, LLP**<br>400 S. Hope Street<br>Los Angeles, CA 90071<br>*Attorneys for MGA ENTERTAINMENT, INC.* | John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christina M. Anderson, Esq.<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>*Attorneys for Carter Bryant* |
| Patricia Glaser, Esq.<br>**Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP**<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067<br>*Attorney for MGA Entertainment* | James Spertus<br>**Law Offices of James W. Spertus**<br>12100 Wilshire Blvd., Suite 620<br>Los Angeles, CA 90025 |

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

Exhibit 4
Page 37