# EXHIBIT 8

LAW OFFICES

# KEKER & VAN NEST
L.L.P.

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

MICHAEL H. PAGE
MPAGE@KVN.COM

June 14, 2007

**VIA FACSIMILE & U.S. MAIL (213) 443-3100**

Susan Wines
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

RE: Mattel, Inc. v. Carter Bryant, CV 04-9049 (and consolidated cases)

Dear Susan:

Pursuant to paragraph 5 of the Order appointing a Discovery Master, I write to request a meet and confer regarding a motion that Brooke Gilbert and Carter Bryant contemplate filing to quash the subpoena served by you, or in the alternative to limit the time of Ms. Gilbert's deposition.

The subpoena is flawed in multiple respects. First, the subpoena places an undue burden on Ms. Gilbert by setting Los Angeles as the location of the deposition. Ms. Gilbert – a pregnant mother of two – resides and is employed in Missouri, and conducts no business in California. Requesting that a nonparty travel over 100 miles from their residence, place of employment, or place where they regularly transact business is inappropriate, and grounds for quashing the subpoena. Fed. R. Civ. P. 45(c)(3)(A)(ii). Forcing our client to travel to Los Angeles for this deposition places on undue burden on her and is unacceptable.

Moreover, in our e-mail correspondence of June 9 and 11, you expressly agreed that Ms. Gilbert's deposition would be noticed in Missouri, and our agreement to accept service of that subpoena was expressly conditioned on that promise. A subpoena must be issued by the court of the district in which the deposition is to be taken, yet the subpoena you attempt to serve on our client was issued by the U.S. District Court for the Central District of California. As such the subpoena is void contrary to our agreement.

Finally, as we have previously stated, we believe that he subpoena amounts to nothing more than harassment. There is no reason to believe that Ms. Gilbert has any personal knowledge of any facts relevant to this case. Mattel's only basis for targeting Ms. Gilbert is that

397351.01

**Exhibit 8
Page 52**

Susan Wines
June 14, 2007
Page 2

she, at one point, accepted a gift computer from her uncle, Carter Bryant. And for that sole reason, Mattel now attempts to drag her to Los Angeles for a deposition.

While there are ample and solid grounds for quashing the subpoena, we will, in the alternative, request that the court limit the deposition to two hours. Given her limited scope of knowledge, we see no reason why a deposition of this nonparty should be longer.

Please let me know when you are available to meet and confer on this issue.

Regards,

Michael H. Page

MHP/blc

cc:   Diana Torres

397351.01

**Exhibit 8**
**Page 53**